SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ------------------------------ | x | |
| In re | : | Chapter 11 |
| DELPHI NY HOLDING CORPORATION, | : | Case No. 05-_____ (___) |
| Debtor. | : | |
| ------------------------------ | x | |
| In re | : | Chapter 11 |
| DELPHI CORPORATION, | : | Case No. 05-_____ (___) |
| Debtor. | : | |
| ------------------------------ | x | |

| | | |
|---|---|---|
| ------------------------------ | x | |
| In re | : | Chapter 11 |
| ASEC MANUFACTURING GENERAL PARTNERSHIP, Debtor. | : | Case No. 05-_____ (___) |
| ------------------------------ | x | |
| In re | : | Chapter 11 |
| DELPHI MEDICAL SYSTEMS COLORADO CORPORATION, Debtor. | : | Case No. 05-_____ (___) |
| ------------------------------ | x | |
| In re | : | Chapter 11 |
| DELPHI CHINA LLC, Debtor. | : | Case No. 05-_____ (___) |
| ------------------------------ | x | |
| In re | : | Chapter 11 |
| ASEC SALES GENERAL PARTNERSHIP, Debtor. | : | Case No. 05-_____ (___) |
| ------------------------------ | x | |
| In re | : | Chapter 11 |
| DELPHI MEDICAL SYSTEMS TEXAS CORPORATION, Debtor. | : | Case No. 05-_____ (___) |
| ------------------------------ | x | |

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI AUTOMOTIVE SYSTEMS OVERSEAS CORPORATION, Debtor. | Case No. 05-_____ (___) |
| In re | Chapter 11 |
| DELPHI AUTOMOTIVE SYSTEMS KOREA, INC., Debtor. | Case No. 05-_____ (___) |
| In re | Chapter 11 |
| DELPHI AUTOMOTIVE SYSTEMS INTERNATIONAL, INC., Debtor. | Case No. 05-_____ (___) |
| In re | Chapter 11 |
| DELPHI INTERNATIONAL HOLDINGS CORP., Debtor. | Case No. 05-_____ (___) |
| In re | Chapter 11 |
| ASPIRE, INC., Debtor. | Case No. 05-_____ (___) |

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CONNECTION SYSTEMS, | : | Case No. 05-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI INTERNATIONAL SERVICES, INC., | : | Case No. 05-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| ENVIRONMENTAL CATALYSTS, LLC, | : | Case No. 05-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| SPECIALTY ELECTRONICS INTERNATIONAL LTD., | : | Case No. 05-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI AUTOMOTIVE SYSTEMS THAILAND, INC., | : | Case No. 05-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| ------------------------------ | x | |
| In re | : | Chapter 11 |
| DELCO ELECTRONICS OVERSEAS CORPORATION, | : | Case No. 05-_____ (___) |
| Debtor. | : | |
| ------------------------------ | x | |
| In re | : | Chapter 11 |
| DELPHI TECHNOLOGIES, INC., | : | Case No. 05-_____ (___) |
| Debtor. | : | |
| ------------------------------ | x | |
| In re | : | Chapter 11 |
| DELPHI AUTOMOTIVE SYSTEMS (HOLDING), INC., | : | Case No. 05-_____ (___) |
| Debtor. | : | |
| ------------------------------ | x | |
| In re | : | Chapter 11 |
| EXHAUST SYSTEMS CORPORATION, | : | Case No. 05-_____ (___) |
| Debtor. | : | |
| ------------------------------ | x | |
| In re | : | Chapter 11 |
| DELPHI MEDICAL SYSTEMS CORPORATION, | : | Case No. 05-_____ (___) |
| Debtor. | : | |
| ------------------------------ | x | |

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI DIESEL SYSTEMS CORP., | : | Case No. 05-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI INTEGRATED SERVICE SOLUTIONS, INC., | : | Case No. 05-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| PACKARD HUGHES INTERCONNECT COMPANY, | : | Case No. 05-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI ELECTRONICS (HOLDING) LLC, | : | Case No. 05-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI MECHATRONIC SYSTEMS, INC., | : | Case No. 05-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| SPECIALTY ELECTRONICS, INC., | : | Case No. 05-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI AUTOMOTIVE SYSTEMS TENNESSEE, INC., | : | Case No. 05-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI LLC, | : | Case No. 05-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DREAL, INC., | : | Case No. 05-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI AUTOMOTIVE SYSTEMS RISK MANAGEMENT CORP., | : | Case No. 05-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI AUTOMOTIVE SYSTEMS SERVICES LLC<br>Debtor. | : | Case No. 05-_____ (___) |

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI LIQUIDATION HOLDING COMPANY,<br>Debtor. | : | Case No. 05-_____ (___) |

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI FOREIGN SALES CORPORATION,<br>Debtor. | : | Case No. 05-_____ (___) |

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI SERVICES HOLDING CORPORATION,<br>Debtor. | : | Case No. 05-_____ (___) |

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI AUTOMOTIVE SYSTEMS HUMAN RESOURCES LLC,<br>Debtor. | : | Case No. 05-_____ (___) |

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI AUTOMOTIVE SYSTEMS GLOBAL (HOLDING), INC., Debtor. | : | Case No. 05-_____ (___) |
| In re | : | Chapter 11 |
| DELPHI AUTOMOTIVE SYSTEMS LLC, Debtor. | : | Case No. 05-_____ (___) |

MOTION FOR ORDER UNDER FED. R. BANKR. P.
1015(b) AUTHORIZING JOINT ADMINISTRATION

("JOINT ADMINISTRATION MOTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"),[1] debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this motion (the "Motion") for an order authorizing the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only.

[1] In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holding Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

In support of this Motion, the Debtors submit the Affidavit of Robert S. Miller, Jr. In Support of Chapter 11 Petitions and First Day Orders, sworn to October 8, 2005. In further support of this Motion, the Debtors respectfully represent as follows:

## Background

### A. The Chapter 11 Filings

1. On October 8, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. No trustee, examiner, or creditors' committee has been appointed in the Debtors' cases.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

4. The statutory predicate for the relief requested herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### B. Current Business Operations Of The Debtors

5. With more than 180,000 employees worldwide, global 2004 revenues of approximately $28.6 billion and global assets as of August 31, 2005 of approximately $17.1 billion,[2] Delphi ranks as the fifth largest public company business reorganization in terms of

[2] The aggregated financial data used in this Motion generally consists of consolidated information from Delphi and its worldwide subsidiaries and affiliates.

revenues, and the thirteenth largest public company business reorganization in terms of assets. Delphi's non-U.S. subsidiaries are not chapter 11 debtors, will continue their business operations without supervision from the Bankruptcy Court, and will not be subject to the chapter 11 requirements of the U.S. Bankruptcy Code.

6. Over the past century, the operations which are now owned by Delphi have become a leading global technology innovator with significant engineering resources and technical competencies in a variety of disciplines. Today, the Company is arguably the single largest global supplier of vehicle electronics, transportation components, integrated systems and modules, and other electronic technology. The Company's technologies and products are present in more than 75 million vehicles on the road worldwide. The Company supplies products to nearly every major global automotive original equipment manufacturer with 2004 sales to its former parent, General Motors Corporation, equaling approximately $15.4 billion and sales to each of Ford Motor Company, DaimlerChrysler Corporation, Renault/Nissan Motor Company, Ltd., and Volkswagen Group exceeding $850 million.

7. As part of its growth strategy, Delphi has established an expansive global presence with a network of manufacturing sites, technical centers, sales offices, and joint ventures located in every major region of the world. In the U.S., the Debtors employ approximately 50,600 people. Those employees work in approximately 44 manufacturing sites and 13 technical centers across the country, and in Delphi's worldwide headquarters and customer center located in Troy, Michigan. Approximately 34,750 of these individuals are hourly employees, 96% of whom are represented by approximately 49 different international and local unions. Outside the United States, the Company's foreign entities employ more than

134,000 people, supporting 120 manufacturing sites and 20 technical centers across nearly 40 countries worldwide.

8. Delphi was incorporated in Delaware in 1998 as a wholly-owned subsidiary of GM. Prior to January 1, 1999, GM conducted the Company's business through various divisions and subsidiaries. Effective January 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to Delphi and its subsidiaries and affiliates in accordance with the terms of a Master Separation Agreement between Delphi and GM. In connection with these transactions, Delphi accelerated its evolution from a North American-based, captive automotive supplier to a global supplier of components, integrated systems, and modules for a wide range of customers and applications. Although GM is still the Company's single largest customer, today more than half of Delphi's revenue is generated from non-GM sources.

9. Due to the significant planning that goes into each vehicle model, Delphi's efforts to generate new business do not immediately affect its financial results, because supplier selection in the auto industry is generally finalized several years prior to the start of production of the vehicle. When awarding new business, which is the foundation for the Company's forward revenue base, customers are increasingly concerned with the financial stability of their supply base. The Debtors believe that they will maximize stakeholder value and the Company's future prospects if they stabilize their businesses and continue to diversify their customer base. The Debtors also believe that this must be accomplished in advance of the expiration of certain benefit guarantees between GM and certain of Delphi's unions representing most of its U.S. hourly employees which coincides with the expiration of the Company's U.S. collective bargaining agreements in the fall of 2007.

C. Events Leading To Chapter 11 Filing

10. In the first two years following Delphi's separation from GM, the Company generated more than $2 billion in net income. Every year thereafter, however, with the exception of 2002, the Company has suffered losses. In calendar year 2004, the Company reported a net operating loss of $482 million on $28.6 billion in net sales. Reflective of a downturn in the marketplace, Delphi's financial condition has deteriorated further in the first six months of 2005. The Company experienced net operating losses of $608 million for the first six months of calendar year 2005 on six-month net sales of $13.9 billion, which is approximately $1 billion less in sales than during the same time period in calendar year 2004.[3]

11. The Debtors believe that three significant issues have largely contributed to the deterioration of the Company's financial performance: (a) increasingly unsustainable U.S. legacy liabilities and operational restrictions driven by collectively bargained agreements, including restrictions preventing the Debtors from exiting non-strategic, non-profitable operations, all of which have the effect of creating largely fixed labor costs, (b) a competitive U.S. vehicle production environment for domestic OEMs resulting in the reduced number of motor vehicles that GM produces annually in the United States and related pricing pressures, and (c) increasing commodity prices.

12. In light of these factors, the Company determined that it would be imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product portfolio, operational issues and forward looking revenue requirements. Having concluded that pre-filing discussions with its Unions and GM were not leading to the implementation of a plan

[3] Reported net losses in calendar year 2004 were $4.8 billion, reflecting a $4.1 billion tax charge, primarily related to the recording of a valuation allowance on the U.S. deferred tax assets as of December 31, 2004.

sufficient to address the Debtors' issues on a timely basis, the Company determined to commence these chapter 11 cases for its U.S. businesses to complete the Debtors' transformation plan and preserve value.

13. Through the reorganization process, the Debtors intend to achieve competitiveness for Delphi's core U.S. operations by modifying or eliminating non-competitive legacy liabilities and burdensome restrictions under current labor agreements and realigning Delphi's global product portfolio and manufacturing footprint to preserve the Company's core businesses. This will require negotiation with key stakeholders over their respective contributions to the restructuring plan or, absent consensual participation, the utilization of the chapter 11 process to achieve the necessary cost savings and operational effectiveness envisioned in the Company's transformation plan. The Debtors believe that a substantial segment of Delphi's U.S. business operations must be divested, consolidated, or wound-down through the chapter 11 process.

14. Upon the conclusion of this process, the Debtors expect to emerge from chapter 11 as a stronger, more financially sound business with viable U.S. operations that are well-positioned to advance global enterprise objectives. In the meantime, Delphi will marshal all of its resources to continue to deliver value and high-quality products to its customers globally. Additionally, the Company will preserve and continue the strategic growth of its non-U.S. operations and maintain its prominence as the world's premier auto supplier.

## Relief Requested

15. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and such affiliates. The Debtors in these proceedings

include Delphi and 38 of its domestic subsidiaries and affiliates. As reflected in the corporate organization chart attached hereto as Exhibit A, Delphi is the direct or indirect parent of all of the Affiliate Debtors. Thus, Delphi and the Affiliate Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Thus, joint administration of the Debtors' chapter 11 cases is appropriate under Bankruptcy Rule 1015(b).

16. The joint administration of the Debtors' chapter 11 cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties-in-interest of the Debtors' respective estates. Indeed, the Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these chapter 11 cases will affect several of the Debtors.

17. Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties-in-interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file the papers in one case rather than in multiple cases. Finally, joint administration will protect parties-in-interest by ensuring that parties in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before this Court in these chapter 11 cases.

18. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these chapter 11 cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other parties-in-interest will maintain whatever claims or rights it has against the particular estate in which it allegedly has a claim or right.

19. In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

| | | |
|---|---|---|
| ------------------------------ | x | |
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-_____ (___) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| ------------------------------ | x | |

20. The Debtors submit that use of this simplified caption, without reference to their respective states of incorporation and tax identification numbers, will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

21. The Debtors also seek this Court's direction that a notation substantially similar to the following be entered on the docket of each of the Debtors' cases to reflect the joint administration of these chapter 11 cases:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Delphi Corporation; ASEC Manufacturing General Partnership; ASEC Sales General Partnership; Aspire, Inc.; Delco Electronics Overseas Corporation; Delphi Automotive Systems Global (Holding), Inc.; Delphi Automotive Systems (Holding), Inc.; Delphi Automotive Systems Human Resources LLC; Delphi Automotive Systems International, Inc.; Delphi Automotive Systems Korea, Inc.; Delphi Automotive Systems LLC; Delphi Automotive Systems Overseas Corporation; Delphi Automotive Systems Risk Management Corp.; Delphi Automotive Systems Services LLC; Delphi Automotive Systems Tennessee, Inc.; Delphi Automotive Systems Thailand, Inc.; Delphi China LLC; Delphi Connection Systems; Delphi Diesel Systems Corp.; Delphi Electronics (Holding) LLC; Delphi Foreign Sales Corporation; Delphi Integrated Service Solutions, Inc.; Delphi International Holdings Corp.; Delphi International Services, Inc.; Delphi

Liquidation Holding Company; Delphi LLC; Delphi Mechatronic Systems, Inc.; Delphi Medical Systems Colorado Corporation; Delphi Medical Systems Corporation; Delphi Medical Systems Texas Corporation; Delphi NY Holding Corporation; Delphi Services Holding Corporation; Delphi Technologies, Inc.; DREAL, Inc.; Environmental Catalysts, LLC; Exhaust Systems Corporation; Packard Hughes Interconnect Company; Specialty Electronics, Inc.; and Specialty Electronics International Ltd. The docket in Case No. 05-_________ (   ) should be consulted for all matters affecting this case.

Notice

22. Notice of this Motion has been provided by facsimile, electronic transmission, overnight delivery, or hand delivery to (a) the Office of the United States Trustee, (b) the Debtors' 50 largest unsecured creditors, (c) counsel for the agent under the Debtors' prepetition credit facility, and (d) counsel for the agent under the Debtors' proposed postpetition credit facility. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

Memorandum Of Law

23. Because the legal points and authorities upon which this Motion relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, the Debtors respectfully request that this Court enter an order (a) authorizing the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
October 8, 2005

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ John Wm. Butler, Jr.
John Wm. Butler, Jr. (pro hac vice motion pending)
John K. Lyons
Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession