SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ x
                                 :
In re                             :   Chapter 11
                                 :
DELPHI CORPORATION, et al.,     :   Case No. 05-_____ (____)
                                 :
                    Debtors.  :   (Jointly Administered)
                                 :
------------------------------ x

MOTION UNDER LOCAL BANKRUPTCY
RULE 2090-1(b) FOR ADMISSION *PRO HAC VICE*

("PRO HAC VICE MOTION")

1. Kayalyn A. Marafioti ("Movant"), a member in good standing of the Bar of the State of New York, an attorney admitted to practice before the United States Bankruptcy Court for the Southern District of New York and a partner with Skadden, Arps, Slate, Meagher and Flom LLP ("Skadden"), hereby submits this motion (the "Motion") to this Court for an order permitting Charles E. Brown and Joseph E. Papelian, attorneys for Delphi Corporation ("Delphi"), (collectively, the "Admittees") to practice pro hac vice before the United States Bankruptcy Court for the Southern District of New York to appear and represent Delphi Corporation and certain of its subsidiaries and affiliates, the debtors and debtors-in-possession (collectively, the "Debtors"), under Rule 2090-1(b) of the Local Bankruptcy Rules of the Southern District of New York(the "Local Rules")

2. In support of the Motion, the Movant states as follows:

3. Charles E. Brown is an attorney at Delphi. Based on the annexed certification, Mr. Brown is admitted, practicing, and in good standing as a member of the bar of the State of Michigan and the United States District Court for the Eastern District of Michigan, and also a member in good standing of the state bars of Georgia and California having been admitted in those respective states in 1975 and 1978. In addition, Mr. Brown is a member of the bars of United States District Court for the Northern District of Georgia, the Unites States Eleventh Circuit Court of Appeals and the United States Supreme Court. Mr. Brown has been practicing law since 1975. There are no disciplinary proceedings pending against Mr. Brown nor have any such proceedings ever been instituted against him.

4. Joseph E. Papelian is the Assistant General Counsel for Litigation at Delphi. Based on the annexed certification, Mr. Papelian is admitted, practicing, and in good standing as a member of the bar of the State of Michigan, the United States District Court for the Eastern

2

District of Michigan and the Sixth Circuit Court of Appeals. Mr. Papelian has been practicing law since 1976. There are no disciplinary proceedings pending against Mr. Papelian.

5. The Movant requests that this Court allow this Motion so that the Admittees may file pleadings and appear and be heard at hearings in these chapter 11 cases.

6. Pursuant to the annexed certificates, the Admittees submit to the disciplinary jurisdiction of this Court for any alleged misconduct that occurs in the course, or the preparation, of these cases. In addition, as indicated on the certificates, the Admittees have acquired or have access to a copy of the Local Bankruptcy Rules and are generally familiar with such rules.

7. The Admittees agree to pay a fee of $25 on entry of an order granting admission to practice pro hac vice.

## Memorandum Of Law

8. Because the legal points and authorities upon which this Motion relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

WHEREFORE, the Movant respectfully requests that this Court enter an order, (i) permitting the Admittees to appear pro hac vice in association with the Movant as counsel for the Debtors in these chapter 11 cases and (ii) granting the Debtors such other and further relief as is just.

Dated: New York, New York
October 8, 2005

                                      SKADDEN, ARPS, SLATE, MEAGHER
                                          & FLOM LLP

                                      By: s/ Kayalyn A. Marafioti
                                            Kayalyn A. Marafioti (KM 9632)
                                        Four Times Square
                                        New York, New York 10036
                                        (212) 735-3000

                                      Attorneys for Delphi Corporation, et al.,
                                          Debtors and Debtors-in-Possession

# CERTIFICATE

       The undersigned certifies that he is eligible for admission to this Court, is admitted to practice, and is in good standing in the jurisdictions set forth in the Motion, submits to the disciplinary jurisdiction of this Court for any alleged misconduct that arises in the course, or the preparation of, these chapter 11 cases pursuant to Local Bankruptcy Rules for the Southern District of New York, and has acquired or has access to a copy of such rules and is generally familiar with such rules.

Dated: Troy, Michigan
       October 7, 2005

                                        s/ Charles E. Brown
                                        Charles E. Brown
                                        DELPHI CORPORATION
                                        5725 Delphi Drive
                                        Troy, Michigan 48098-2815

## CERTIFICATE

      The undersigned certifies that he is eligible for admission to this Court, is admitted to practice, and is in good standing in the jurisdictions set forth in the Motion, submits to the disciplinary jurisdiction of this Court for any alleged misconduct that arises in the course, or the preparation of, these chapter 11 cases pursuant to Local Bankruptcy Rules for the Southern District of New York, and has acquired or has access to a copy of such rules and is generally familiar with such rules.

Dated: Troy, Michigan
       October 8, 2005

                                                  s/ Joseph E. Papelian
                                                  Joseph E. Papelian
                                                  DELPHI CORPORATION
                                                  5725 Delphi Drive
                                                  Troy, Michigan 48098-2815