<u>EXHIBIT A</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :

In re                            :     Chapter 11
                              :

DELPHI CORPORATION,     :     Case No. 05-_____ (___)
                              :

                Debtor.    :
                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER SCHEDULING EXPEDITED HEARING
ON "FIRST DAY MOTIONS"

("EXPEDITED HEARING ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates,[1] debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for (a) an order scheduling expedited

hearing on "first day motions" (collectively, the "First Day Motions") and (b) bridge orders (the

"Motion"); and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions

And First Day Orders, sworn to October 8, 2005; and this Court having determined that the relief

requested in the Motion is essential to the operations of the Debtors' businesses and is in the best

---

[1]     In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufacturing
General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas
Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding),
Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc.,
Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems
Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems
Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc.,
Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics
(Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi
International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company,
Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi
Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holding
Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc.,
Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company,
Specialty Electronics, Inc., and Specialty Electronics International Ltd.

interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it

appearing that proper and adequate notice of the Motion has been given and that no other or

further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    This Court shall hear the First Day Motions at **[time]** on October **[●]**, 2005

at Courtroom **[●]**, United States Bankruptcy Court for the Southern District of New York,

Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408.

3.    The notice requirements of Rule 9013-1(c) of the Local Bankruptcy Rules

for the United States Bankruptcy Court for the Southern District of New York (the "Local

Bankruptcy Rules") are hereby waived for the Motion and the First Day Motions.  Except as set

forth below, the Notice of the First Day Motions and the first day hearing already given, as

described in the Motion, is adequate and appropriate notice under the circumstances of these

chapter 11 cases.

4.    This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

5.    The requirement under Local Bankruptcy Rule 9013-1(b) of the Local

Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New

York for the service and filing of a separate memorandum of law is deemed satisfied by the

Motion.

Dated:    New York, New York
          October 8, 2005


                                   _____
                                   UNITED STATES BANKRUPTCY JUDGE

EXHIBIT B

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
    In re                                   :  Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :  Case No. 05-_____ (___)
                                            :
                            Debtors.        :  (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PROPOSED FIRST DAY AGENDA

Location Of Hearings:          United States Bankruptcy Court for the Southern District of New
                               York, Alexander Hamilton Custom House, One Bowling Green,
                               New York, New York 10004-1408

I.      INTRODUCTION AND REQUEST FOR FIRST DAY HEARING[1]

1.      **"Joint Administration"** – Motion For Order Under Fed. R. Bankr. P. 1015(b) Authorizing Joint Administration (Final Order)

2.      **"Skadden Pro Hac Vice"** – Motion Under Local Bankruptcy Rule 2090-1(b) For Admission Pro Hac Vice (Final Order)

3.      **"Delphi Pro Hac Vice"** – Motion Under Local Bankruptcy Rule 2090-1(b) For Admission Pro Hac Vice (Final Order)

4.      **"First Day Affidavit"** – Affidavit Of Robert S. Miller, Jr. Under Local Bankruptcy Rule 1007-2 And In Support Of Chapter 11 Petitions And Various First Day Applications And Motions

5.      **"Bridge Orders"** – Motion For (I) Order Scheduling Expedited Hearing On "First Day Motions" And (II) Bridge Orders (Final Order) (This Motion seeks bridge relief for Agenda items numbered 10, 15, 16, 18, 20, 22, 23, 24, 28, and 30)

*      Introductory Presentation

II.     FIRST DAY MATTERS

A.      Motions Re: Administrative And Procedural Matters

6.      **"Consolidated Lists"** – Motion For Order Under 11 U.S.C. § 521 And Fed. R. Bankr. P. 1007(a) Authorizing Debtors To (I) Prepare Consolidated List Of Creditors And  Equity Security Holders In Lieu Of Mailing Matrix, (II) File Consolidated List Of 50 Largest Unsecured Creditors, And (III) Mail Initial Notices (Final Order)

7.      **"Extension For Schedules"** – Motion For Order Under 11 U.S.C. § 521(l) And Fed. R. Bankr. P. 1007 And 9006(b) Granting Extension Of Time For Debtors To File Schedules And Statements (Final Order)

8.      **"Case Management"** – Motion For Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, And (III) Scheduling Initial Case Conference In Accordance With Local Bankr. R. 1007-2(e) (Final Order)

---

[1] The "Bridge Orders" Motion will be heard prior to the First Day Hearing.

9.      **"Interim Compensation"** – Motion For Administrative Order Under 11 U.S.C. § 331 (I) Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals And (II) Setting A Final Hearing Thereon (Interim and Final Orders)

B.      Motions Re: Human Capital

10.     **"Human Capital Obligations"** – Motion For Order Under 11 U.S.C. §§105(a), 363, 507, 1107, And 1108 (I) Authorizing Debtors To Pay Prepetition Wages And Salaries To Employees And Independent Contractors, (II) Authorizing Debtors To Pay Prepetition Benefits And Continue Maintenance Of Human Capital Benefit Programs In The Ordinary Course, And (III) Directing Banks To Honor Prepetition Checks For Payment Of Prepetition Human Capital Obligations (Bridge and Final Orders)

11.     **"KECP Motion"** - Motion For Order Under §§ 105 And 363 Authorizing The Debtors To Implement A Key Employee Compensation Program (Scheduling Order Only)

12.     **"Section 1113 And 1114 Scheduling Order"** – Motion For **Scheduling Order** On Debtors' Motions To (I) Reject Collective Bargaining Agreements Under Section 1113(c) And (II) Eliminate Retiree Medical And Life Insurance Benefits For Union-Represented Retirees Under Section 1114(g) (Final Only)

13.     **"Retiree Committee"** – Motion For Order (I) Appointing Unions As Authorized Representatives  For Union-Represented Retirees Under 11 U.S.C. §§ 1114(c) And 1114(d) Or, In The Alternative, (II) Establishing Procedures For Solicitation, Nomination, And Appointment Of Committee Of Retired Employees (Final Order)

14.     **"Protective Order"** – Motion For Protective Order Under 11 U.S.C. §§1113(d)(3) And 1114(k)(3) (Final Order)

C.      Motions Re: Continuing Supplier Relations

15.     **"Essential Suppliers"** – Motion For Order Under 11 U.S.C. §§105(a), 363, 364, 1107, And 1108 And Fed. R.  Bankr. P. 6004 And 9019 Authorizing Continuation Of Vendor Rescue Program And Payment Of Prepetition Claims Of Financially-Distressed Sole Source Suppliers And Vendors Without Contracts (Bridge and Final Orders)

16. **"Foreign Creditors"** – Motion For Order Under 11 U.S.C. §§ 105(a), 363, 1107, And 1108 Authorizing (I) Payment Of Prepetition Obligations To Foreign Creditors And (II) Financial Institutions To Honor And Process Related Checks And Transfers (Bridge and Final Orders)

17. **"Non-Debtor Global Affiliates Notice"** – Motion For Order Under 11 U.S.C. §105 Enforcing Protections Of 11 U.S.C. §§ 362 And 525 And Approving Notice To Customers, Suppliers, And Other Stakeholders Of Debtors' Non-Debtor Global Affiliates (Final Order)

18. **"Administrative Expense"** – Motion For Order Under 11 U.S.C. § 503(b) Confirming Grant Of Administrative Expense Status To Obligations Arising From Postpetition Delivery Of Goods And Authorizing Debtors To Pay Such Obligations In The Ordinary Course Of Business (Bridge and Final Orders)

19. **"Reclamation"** – Motion For Order Under 11 U.S.C. §§ 362, 503, And 546 And Fed. R. Bankr. P. 9019 Establishing Procedures For Treatment Of Reclamation Claims (Final Order)

20. **"Shipping And Customs"** – Motion For Order Under 11 U.S.C. §§ 105, 363(b), 1107, And 1108 Authorizing Payment Of Certain Prepetition (I) Shipping And Delivery Charges For Goods In Transit And (II) Customs Duties (Bridge and Final Orders)

21. **"Lien Claimants"** – Motion For Order Under 11 U.S.C. §§ 105, 363(b), 546(b), 1107 And 1108 Authorizing Payment Of Contractors And Service Providers In Satisfaction Of Liens (Final Order)

D.    Motions Re: Business Operations Of The Debtors

Cash Management

22. **"Cash Management"** – Motion For Order Under 11 U.S.C. §§ 363 And 553 Authorizing (I) Continued Maintenance Of Existing Bank Accounts, (II) Continued Use Of Existing Cash Management System, (III) Continued Use Of Existing Business Forms, (IV) Preservation And Exercise Of Intercompany Setoff Rights, And (V) Grant Of Administrative Status For Postpetition Intercompany Transactions (Bridge and Final Orders)

23. **"Investment Guidelines"** – Motion For Order Under 11 U.S.C. § 345 Authorizing Continued Use Of Existing Investment Guidelines (Bridge and Final Orders)

4

Customer Practices

24.    **"Customer Programs"** – Motion For Order Under 11 U.S.C. §§ 105(a), 363, 1107, And 1108 Authorizing Debtors To Honor Prepetition Obligations To Customers And Otherwise Continue Customer Programs In the Ordinary Course Of Business (Bridge and Final Orders)

Taxes And Related Matters

25.    **"Taxes"** – Motion For Order Under 11 U.S.C. §§ 105(a), 363(b), 507(a)(8), 541, 1107, And 1108 Authorizing Debtors To Pay Prepetition Sales, Use, Trust Fund, And Other Taxes And Related Obligations (Final Order)

26.    **"Claims Trading"** – Motion For Order Under 11 U.S.C. §§ 105, 362, And 541 And Fed.R. Bankr. P. 3001 Establishing Notification And Hearing Procedures For Trading In Claims And Equity Securities (Interim and Final Orders)

Utilities

27.    **"Utilities"** – Motion For Interim And Final Orders Under 11 U.S.C. §§ 105, 366, 503, And 507 (I) Prohibiting Utilities From Altering, Refusing, Or Discontinuing Services On Account Of Prepetition Invoices And (II) Establishing Procedures For Determining Requests For Additional Assurance (Interim and Final Order)

E.    Motions Re: Financing

28.    **"DIP Financing"** – Motion For Order Under 11 U.S.C. §§ 105, 361, 362, 363, 364(c), 364(d) And 364(e) And Fed. R. Bankr. P. 2002, 4001, And 9014 (I) Authorizing Debtors To Obtain Secured Postpetition Financing On Superpriority Secured And Priming Basis, (II) Authorizing Use Of Cash Collateral, (III) Granting Adequate Protection To Prepetition Secured Lenders, (IV) Granting Interim Relief, And (V) Scheduling A Final Hearing Under Fed. R. Bankr. P. 4001 (b) and (c) (Bridge Cash Collateral; Interim And Final DIP Financing Orders)

29.    **"Insurance Financing"** – Motion For Order Under 11 U.S.C. §§ 361 And 363(b) And Fed. R. Bankr. P. 4001(c) Authorizing Debtors To Continue Honoring Prepetition Insurance Premium Finance Agreement And Continue Grant Of Security Interest To Insurance Premium Finance Company (Scheduling Order Only)

30.    **"Derivative Contracts"** – Motion For Order Under 11 U.S.C. §§ 105, 363, 1107, And 1108 And Fed. R. Bankr. P. 4001 Authorizing Debtors To Enter Into, Continue Performance Under, And Provide Credit Support Under Derivative Contracts (Bridge and Final Orders)

F.    <u>Applications And Motion Re: Retention Of Debtors' Professionals</u>

31.    **"Skadden Retention"** – Application For Order Under 11 U.S.C. §§ 327(a) And 329 And Fed. R. Bankr. P. 2014 And 2016 (I) Authorizing Employment And Retention Of Skadden, Arps, Slate, Meagher & Flom LLP And Affiliates As Attorneys For Debtors-in-Possession And (II) Scheduling A Final Hearing Thereon (Interim and Final Orders)

32.    **"Togut Segal Retention"** – Application For Order Under 11 U.S.C. § 327(a) And Fed. R. Bankr. P. 2014(a) (I) Authorizing Employment And Retention Of Togut, Segal & Segal LLP As Conflicts Counsel For Debtors And (II) Scheduling Final Hearing Thereon (Interim and Final Orders)

33.    **"Shearman Retention"** – Application For Order Under 11 U.S.C. § 327(e) And Fed. R. Bankr. P. 2014 (I) Authorizing Employment And Retention Of Shearman & Sterling LLP As Special Counsel To Debtors And (II) Scheduling A Final Hearing Thereon (Interim and Final Orders)

34.    **"Groom Law Group Retention"** – Application For Order Under 11 U.S.C. §§ 327(e) And 1107(a) (I) Authorizing Employment And Retention Of Groom Law Group Chartered As Special Employee Benefits Counsel To Debtors And (II) Scheduling Final Hearing Thereon (Interim and Final Orders)

35.    **"O'Melveny & Myers Retention"** – Application For Order Under 11 U.S.C. §§ 327(e) And 1107(a) (I) Authorizing Employment And Retention Of O'Melveny & Myers LLP As Special Labor Counsel To Debtors And (II) Scheduling Final Hearing Thereon (Interim and Final Orders)

36.    **"Rothschild Retention"** – Application For Order Under 11 U.S.C. §§ 327(a) And 328 (I) Authorizing Employment And Retention Of Rothschild Inc. As Financial Advisor And Investment Banker To Debtors And (II) Scheduling Final Hearing Thereon (Interim and Final Orders)

37.    **"FTI Retention"** – Application For Order Under 11 U.S.C. § 327(a) And Fed. R. Bankr. P. 2014 And 2016 (I) Authorizing Employment And Retention Of FTI Consulting, Inc. As Restructuring And Financial Advisors To Debtors And (II) Scheduling Final Hearing Thereon (Interim and Final Orders)

38.    **"KCC Retention"** – Application For Order Under 28 U.S.C. § 156(c) Authorizing Retention And Appointment Of Kurtzman Carson Consultants LLC As Claims, Noticing, And Balloting Agent For Clerk Of Bankruptcy Court (Interim and Final Orders)

39.    **"Ordinary Course Professionals"** – Motion For Order Under 11 U.S.C. §§ 327, 330, And 331 Authorizing Retention Of Professionals Utilized By Debtors In Ordinary Course Of Business (Interim and Final Orders)

Dated:  New York, New York
          October 8, 2005

SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP

By: s/ *John Wm. Butler, Jr.*
    John Wm. Butler, Jr. (pro hac vice motion pending)
    John K. Lyons
    Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

        - and -

By: s/ *Kayalyn A. Marafioti*
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

## EXHIBIT C

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
            In re                                 :    Chapter 11
                                                  :
DELPHI CORPORATION, et al.,                       :    Case No. 05-_____ (___)
                                                  :
                            Debtors.              :    (Jointly Administered)
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BANKRUPTCY RULE 9011 CERTIFICATION REGARDING
REQUEST FOR EMERGENCY HEARING

      1.    I hereby certify, as a member of the Bar of this Court, that I have carefully

examined this matter, and that there is a true necessity for an emergency hearing.

2.    I certify further that the necessity for this emergency hearing has not been

caused by any lack of due diligence or intentional action or failure to act on my part or by my

client, but has been brought about only by the circumstances of this case.

3.    I certify that this matter cannot be resolved without a hearing, in that the

exigency of the situation, as described in the attached Motion For (I) Order Scheduling

Expedited Hearing On "First Day Motions" And (II) Bridge Orders," requires that this Court

immediately consider the relief requested therein.

Dated:  New York, New York
        October 8, 2005

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.
    Debtors and Debtors-in-Possession

2

EXHIBIT D

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :
        In re                            :     Chapter 11
                                         :
DELPHI CORPORATION, et al.,              :     Case No. 05-_____ (___)
                                         :
                      Debtors.           :
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF CHAPTER 11 FILING AND OF "FIRST DAY MOTIONS"

PLEASE TAKE NOTICE THAT:

      1.    On October 8, 2005, Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 title 11 of United States Code, 11 U.S.C. §§ 101-1330, with the United States Bankruptcy Court for the Southern District of New York (the "Court").

      2.    Together with their petitions, the Debtors also filed and requested a prompt Court hearing ("First Day Hearing") on the "first day motions" ("First Day Motions") listed on the proposed first day agenda attached hereto and requested the entry of bridge orders with respect to certain of the First Day Motions pending the Court's disposition of the First Day Motions at the First Day Hearing.

      3.    The Court scheduled the First Day Hearing on October 11, 2005 at **[time]** a.m. in Courtroom **[●]** at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408.

      4.    A copy of each of the First Day Motions can be viewed on www.delphidocket.com and on the Court's website www.ecf.nysb.uscourts.gov.

      **Your rights may be affected. You should read these papers carefully and discuss them with your attorney if you have one in this bankruptcy case. (If you do not have one in this bankruptcy case, you may wish to consult one.)**

      If you do not want the Court to grant the relief requested in the First Day Motions, or if you want the Court to consider your view on the First Day Motions, you or your attorney must attend the First Day Hearing. **If you or your attorney do not attend the First Day Hearing, the Court may grant the relief requested in the First Day Motions.**

Dated: October 8, 2005

Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates

Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession

<u>EXHIBIT E</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                        :
        In re                           :   Chapter 11
                                        :
DELPHI CORPORATION, <u>et al.</u>,          :   Case No. 05-_____ (___)
                                        :
                Debtors.                :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - -   x

BRIDGE ORDER UNDER 11 U.S.C. §§ 363 AND 553 AUTHORIZING (I) CONTINUED
MAINTENANCE OF EXISTING BANK ACCOUNTS, (II) CONTINUED USE OF EXISTING
CASH MANAGEMENT SYSTEM, (III) CONTINUED USE OF EXISTING BUSINESS
FORMS, (IV) PRESERVATION AND EXERCISE OF INTERCOMPANY
SETOFF RIGHTS, AND (V) GRANT OF ADMINISTRATIVE PRIORITY
<u>STATUS FOR POSTPETITION INTERCOMPANY TRANSACTIONS</u>

("CASH MANAGEMENT BRIDGE ORDER")

Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day Motions" and

(II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1] debtors and debtors-in-

---

[1]   In addition to Delphi, the following entities are debtors in these related cases:  ASEC Manufacturing
General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas
Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding),
Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc.,
Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems
Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems
Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc.,
Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics
(Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi
International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company,
Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi
Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holding
Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc.,
Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company,
Specialty Electronics, Inc., and Specialty Electronics International Ltd.

possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other

things, entry of a bridge order granting the relief requested in the Debtors' Motion For Order

Under 11 U.S.C. § 363 And 553 Authorizing (I) Continued Maintenance Of Existing Bank

Accounts, (II) Continued Use Of Existing Cash Management Systems, (III) Continued Use Of

Existing Business Forms, (IV) Preservation And Exercise Of Intercompany Setoff Rights, And

(V) Grant Of Administrative Priority Status For Postpetition Intercompany Transactions, dated

October 8, 2005 (the "Motion"), on an interim basis pending this Court's disposition of the

Motion on its merits after notice and a hearing; and this Court having determined that it has

jurisdiction over the matters raised in the Expedited Hearing Motion and the Motion pursuant to

28 U.S.C. §§ 157 and 1334, this is a core proceeding under 28 U.S.C. § 157(b)(2), and the relief

requested in the Expedited Hearing Motion and the Motion is essential to the continued

operations of the Debtors' businesses and is in the best interests of the Debtors, their estates, their

creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the

Expedited Hearing Motion has been given and that no other or further notice is necessary; and

after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

A.    Maintenance Of Bank Accounts.

1.    Pursuant to section 363 of the Bankruptcy Code, the Debtors, in their

discretion, are authorized and empowered to:  (a) designate, maintain, and continue to use any

and all of their respective miscellaneous depository, receipt, concentration, payroll

disbursement, and nonpayroll disbursement accounts (collectively, the "Prepetition Bank

Accounts" or "Bank Accounts") in existence as of October 8, 2005 (the "Petition Date"), with

the same account numbers, including, without limitation, the accounts identified in Exhibit A

attached to the Motion at the financial institutions identified therein (collectively, the "Banks"),

2

irrespective of whether such financial institutions are designated depositories in the Southern District of New York and (b) treat the Bank Accounts for all purposes as accounts of the Debtors in their capacity as debtors-in-possession.

B.   Use Of Business Forms

2.   The Debtors are authorized to continue to use their existing business forms without alteration or change and without the designation "Debtor-in-Possession" or a "debtor-in-possession case number" imprinted upon them.

C.   Cash Management Systems

3.   The Debtors are authorized to continue to use their existing cash management systems, as generally delineated in the flow charts attached as Exhibit B to the Motion, and shall maintain through the use thereof detailed records reflecting all transfers of funds, including intercompany services and corresponding transfers among appropriate intercompany accounts (collectively, the "Intercompany Transactions"), under the terms and conditions provided for by the existing agreements with the institutions participating in the Debtors' cash management systems, except as modified by this Order.  In connection with the ongoing utilization of their cash management systems, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions, including Intercompany Transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts.

4.   After the Petition Date, and subject to the terms of this Order, all banks at which the Bank Accounts are maintained are authorized and directed to continue to administer the Bank Accounts as such accounts were maintained prepetition, without interruption and in the usual and ordinary course, and to pay any and all checks, wire transfers, automated clearing house ("ACH") transfers, electronic fund transfers, or other items presented, issued, or drawn

3

on the Bank Accounts; provided, however, that unless otherwise ordered by this Court, no

checks, drafts, ACH transfers (excluding any ACH transfer the banks are obligated to settle), or

other items presented, issued, or drawn on the Bank Accounts prior to the Petition Date shall be

honored.

        5.   Each Bank at which a disbursement account is maintained shall implement

reasonable handling procedures designed to effectuate the terms of this Order. No Bank that

implements such handling procedures and then honors a prepetition check or other item drawn

on any account that is the subject of this Order either (a) at the direction of the Debtors to honor

such prepetition check or item or (b) in good faith belief that this Court has authorized such

prepetition check or item to be honored or (c) as a result of an innocent mistake made despite

implementation of such handling procedures, shall be deemed to be liable to the Debtors or

their estates or otherwise in violation of this Order.

        6.   Subject to the provisions of this Order, the banks are authorized and directed

to honor all representations from the Debtors as to which checks should be honored or

dishonored and any final payment made by a Bank prior to the Petition Date (including any

ACH transfer the banks are or become obligated to settle) against any of the Bank Accounts, or

any instrument issued by a Bank on behalf of any Debtor pursuant to a "midnight deadline" or

otherwise, shall be deemed to be paid prepetition, whether or not actually debited from the

Bank Accounts prepetition.

        7.   All third party service providers with whom the Debtors directly or

indirectly have contracted to provide services in connection with the operation of their cash

management systems are authorized and directed to continue to provide to the Debtors those

services they provided prior to the Petition Date until further order of this Court.

8.   The Debtors are authorized, from and after the Petition Date, to continue to engage in the Intercompany Transactions in the ordinary course of the Debtors' businesses.

9.   All intercompany claims for trade indebtedness and intercompany loans incurred in the ordinary course of business by and among the Debtors and any of their non-Debtor affiliates arising after the Petition Date are accorded administrative priority status pursuant to section 507(a)(1) of the Bankruptcy Code.

10.   The Debtors are hereby authorized to execute any additional documents as may be required to carry out the intent and purpose of this Order.

11.   This Order is effective only from the date of entry through this Court's disposition of the Motion on its merits.  This Court's ultimate disposition of the Motion shall not impair any action taken pursuant to this Order.

12.   This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

13.   The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
         October __, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

5

EXHIBIT F

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                          :
        In re                   :     Chapter 11
                          :
DELPHI CORPORATION, et al.,    :     Case No. 05-_____ (___)
                          :
               Debtors.  :
                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

BRIDGE ORDER UNDER 11 U.S.C. § 345
AUTHORIZING CONTINUED USE OF EXISTING INVESTMENT GUIDELINES

("INVESTMENT GUIDELINES BRIDGE ORDER")

Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day

Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of

Delphi Corporation (Delphi) and certain of its subsidiaries and affiliates,[1] debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other

things, entry of a bridge order granting the relief requested in the Debtors' Motion For Order

Under 11 U.S.C. § 345 Authorizing Continued Use Of Existing Investment Guidelines dated

---

[1]     In addition to Delphi, the following entities are debtors in these related cases:  ASEC Manufacturing
General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas
Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding),
Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc.,
Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems
Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems
Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc.,
Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics
(Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi
International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company,
Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi
Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holding
Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc.,
Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company,
Specialty Electronics, Inc., and Specialty Electronics International Ltd.

October 8, 2005 (the "Motion"), on an interim basis pending this Court's disposition of the

Motion on its merits after notice and a hearing; and this Court having determined that it has

jurisdiction over the matters raised in the Expedited Hearing Motion and the Motion pursuant to

28 U.S.C. §§ 157 and 1334, this is a core proceeding under 28 U.S.C.

§ 157(b)(2), and the relief requested in the Expedited Hearing Motion and the Motion is essential

to the continued operations of the Debtors' businesses and is in the best interests of the Debtors,

their estates, their creditors, and other parties-in-interest; and it appearing that proper and

adequate notice of the Expedited Hearing Motion has been given and that no other or further

notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing

therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    Cause exists for waiving the investment and deposit requirements set forth

in section 345(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the

"Bankruptcy Code"), and the Debtors' obligation to comply with that section is hereby waived.

The Debtors are authorized to continue to invest monies of their estates in accordance with their

existing investment guidelines attached to the Motion as Exhibit A (the "Investment

Guidelines"). Pursuant to the Investment Guidelines, the Debtors will continue to invest their

cash in their sole discretion in accordance with the Investment Guidelines and in accordance

with section 345 of the Bankruptcy Code.

2.    The Debtors' compliance with the Investment Guidelines shall be deemed to

constitute compliance with section 345 of the Bankruptcy Code and the Debtors are relieved of

the obligations under section 345(b) of the Bankruptcy Code to obtain a bond from any entity

with which money is deposited or invested in accordance with the Investment Guidelines.

3.    The Debtors are hereby authorized to execute any additional documents as may be required to carry out the intent and purpose of this Order.

4.    This Order is effective only from the date of entry through this Court's disposition of the Motion on its merits.  This Court's ultimate disposition of the Motion shall not impair any action taken pursuant to this Order.

5.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

6.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          October __, 2005


_____
UNITED STATES BANKRUPTCY JUDGE

3

EXHIBIT G

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
        In re                                 :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-_____ (___)
                                              :
                                Debtors.      :
                                              :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

BRIDGE ORDER UNDER 11 U.S.C. §§ 105(a), 363, 1107, AND 1108
AUTHORIZING THE DEBTORS TO HONOR PREPETITION OBLIGATIONS TO
CUSTOMERS AND TO OTHERWISE CONTINUE CUSTOMER PROGRAMS
IN ORDINARY COURSE OF BUSINESS

("CUSTOMER PROGRAMS BRIDGE ORDER")

Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day

Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1] debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other

things, entry of a bridge order granting the relief requested in the granting the relief requested in

the Debtors' Motion For Order Under 11 U.S.C. §§ 105(a), 363, 1107, and 1108 Authorizing

Debtors To Honor Prepetition Obligations To Customers And To Otherwise Continue Customer

---

[1]    In addition to Delphi, the following entities are debtors in these related cases:  ASEC Manufacturing
General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas
Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding),
Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc.,
Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems
Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems
Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc.,
Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics
(Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi
International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company,
Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi
Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holding
Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc.,
Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company,
Specialty Electronics, Inc., and Specialty Electronics International Ltd.

Programs In Ordinary Course Of Business dated October 8, 2005 (the "Motion"), on an interim

basis pending this Court's disposition of the Motion on its merits after notice and a hearing; and

this Court having determined that it has jurisdiction over the matters raised in the Expedited

Hearing Motion and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, this is a core proceeding

under 28 U.S.C. § 157(b)(2), and the relief requested in the Expedited Hearing Motion and the

Motion is essential to the continued operations of the Debtors' businesses and is in the best

interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it

appearing that proper and adequate notice of the Expedited Hearing Motion has been given and

that no other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Debtors be, and they hereby are, authorized but not directed in their

business judgment, to perform certain of their prepetition obligations related to certain customer

programs (collectively, the "Customer Programs") as they determine advisable.

2.    Nothing contained in the Motion or in this Order shall be deemed to

constitute an approval, assumption or rejection of any executory contract or agreement between

the Debtors and any third party.

3.    Nothing contained in the Motion or in this Order shall constitute, or shall

be construed as, an admission by the Debtors that the full term of the Debtors' prepetition

warranty programs which provide that the components supplied to the Debtors' original

equipment manufacturer ("OEM") customers and integrated into such customers' products, or the

service parts supplied to the Debtors' original equipment manufacturer customers, will be, inter

alia, free from defects in material and workmanship is enforceable.

2

4.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

5.      This Order is effective only from the date of entry through this Court's disposition of the Motion on its merits.  This Court's ultimate disposition of the Motion shall not impair any action taken pursuant to this Order.

6.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

7.      The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:      New York, New York
            October __, 2005


                              _____
                              UNITED STATES BANKRUPTCY JUDGE

3

EXHIBIT H

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
        In re                                       :    Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :    Case No. 05-_____ (___)
                                                    :
                        Debtors.                    :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

BRIDGE ORDER UNDER 11 U.S.C. §§ 105(a), 363, 364, 1107, AND 1108 AND FED. R.
BANKR. P. 6004 AND 9019 AUTHORIZING CONTINUATION OF VENDOR RESCUE
PROGRAM AND PAYMENT OF PREPETITION CLAIMS OF FINANCIALLY-
DISTRESSED SOLE SOURCE SUPPLIERS AND VENDORS WITHOUT CONTRACTS

("ESSENTIAL SUPPLIERS BRIDGE ORDER")

Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day

Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1] debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other

things, entry of a bridge order under sections 105(a), 363, 364, 1107, And 1108 of title 11 of the

---

[1]    In addition to Delphi, the following entities are debtors in these related cases:  ASEC Manufacturing
       General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas
       Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding),
       Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc.,
       Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems
       Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems
       Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc.,
       Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics
       (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi
       International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company,
       Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi
       Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holding
       Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc.,
       Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company,
       Specialty Electronics, Inc., and Specialty Electronics International Ltd.

United States Code, 11 U.S.C. §§ 101 - 1330 (as amended, the "Bankruptcy Code") granting the

relief requested in the Debtors' Motion For Order Under 11 U.S.C. §§ 105(a), 363, 364, 1107,

and 1108 and Fed. R. Bankr. P. 6004 and 9019 Authorizing Continuation Of Vendor Rescue

Program And Payment Of Prepetition Claims Of Financially-Distressed Sole Source Suppliers

And Vendors Without Contracts dated October 8, 2005 (the "Motion"), on an interim basis

pending this Court's disposition of the Motion on its merits after notice and a hearing; and this

Court having determined that it has jurisdiction over the matters raised in the Expedited Hearing

Motion and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, this is a core proceeding under

28 U.S.C. § 157(b)(2), and the relief requested in the Expedited Hearing Motion and the Motion

is essential to the continued operations of the Debtors' businesses and is in the best interests of

the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that

proper and adequate notice of the Expedited Hearing Motion has been given and that no other or

further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby

> ORDERED, ADJUDGED, AND DECREED THAT:

> 1.    The Debtors be, and they hereby are, authorized but not directed in the

reasonable exercise of their business judgment, to pay all, a portion, or none of the prepetition

claims (the "Essential Supplier Claims") owing to certain of the Debtors' suppliers that are

essential to the uninterrupted functioning of the Debtors' business operations (the "Essential

Suppliers") up to an aggregate amount of $45 million (the "Interim Essential Supplier Claims

Cap") upon such terms and in the manner provided in this Order and subject to the provisions of

the Debtors' postpetition financing agreement.

2.    The Debtors shall undertake appropriate efforts to cause Essential Suppliers to enter into an agreement with the Debtors substantially similar to <u>Exhibit A</u> to the Motion as a condition of payment of their Essential Supplier Claims, which agreement shall include, but not be limited to, the following terms:

(a)    the amount of such Essential Supplier's estimated Essential Supplier Claims, accounting for any setoffs, other credits, and discounts thereto, shall be as mutually determined in good faith by the Essential Supplier and the Debtors (but such amount shall be used only for the purposes of determining such Essential Supplier's claim under this Order and shall not be deemed a claim allowed by this Court and the rights of all interested persons to object to such claim shall be fully preserved until further order of this Court, unless such claim is waived by the Essential Supplier pursuant to the terms of the letter);

(b)    MNS-2 payment terms and those other terms and conditions as are embodied in the Delphi's General Terms and Conditions or such other more favorable trade terms, practices, and programs in effect between such supplier and the Debtors in the twelve months prior to the Petition Date (the "Customary Trade Terms") between such Essential Supplier and the Debtors, or such other favorable terms as the Essential Suppliers and the Debtors may agree, and the Essential Supplier's agreement to provide goods and services in accordance with such terms;

(c)    the Essential Supplier's agreement to provide goods and services to the Debtors based upon Customary Trade Terms or on such other favorable terms as the Debtors and the Essential Supplier may otherwise agree for a period of no less than the greater of (i) two years from the Petition Date or (ii) the remaining term of the Essential Supplier's agreement with the Debtors and the Debtors' agreement to pay for such goods in accordance with such terms;

(d)    the Essential Supplier's agreement not to file or otherwise assert against any or all of the Debtors, their estates, or any other person or entity or any of their respective assets or property (real or personal) any lien (a "Lien"), regardless of the statute or other legal authority upon which such Lien is asserted, related in any way to any remaining prepetition amounts allegedly owed to the Essential Supplier by the Debtors arising from agreements or other arrangements entered into prior to the Petition Date, and, to the extent the Essential Supplier has already obtained or otherwise asserted such a Lien, the Essential Supplier shall take whatever actions are necessary to remove such Lien;

3

(e)     the Essential Supplier's acknowledgment that it has reviewed the terms
and provisions of the Order and consents to be bound thereby; and

(f)     the Essential Supplier's agreement that it will not separately seek payment
for reclamation claims outside the terms of this Order unless the Essential
Supplier's participation in the program to pay Essential Supplier Claims
pursuant to this Order is terminated; provided, however, that such
reclamation claims shall, if thereafter raised by the Essential Supplier as
permitted by this Order, be treated as though raised on the later of (i) the
date of this Order and (ii) the date on which the Trade Agreement is
executed by both parties.

An agreement executed by and between the Debtors and an Essential Supplier as set forth in this

paragraph shall be referred to as a "Trade Agreement." This Order is intended to authorize, but

shall not require, the Debtors to enter into Trade Agreements, it being the express intention of

this Court that the Debtors shall enter into Trade Agreements only when the Debtors determine,

in their sole discretion, that it is appropriate to do so.

3.    The Debtors are authorized, in their sole discretion, to make payments on

account of Essential Supplier Claims in the absence of a Trade Agreement after the Debtors have

undertaken diligent efforts to cause the Essential Supplier to execute a Trade Agreement and if

the Debtors determine, in their sole discretion, that failure to pay the Essential Supplier Claim is

likely to result in irreparable harm to the Debtors' business operations.

4.    If an Essential Supplier refuses to supply goods and/or services to the Debtors

on Customary Trade Terms following receipt of payment on its Essential Supplier Claim

(regardless of whether such Essential Supplier has entered into a Trade Agreement), or fails to

comply with any Trade Agreement entered into between such Essential Supplier and the Debtors,

then the Debtors may, in their sole discretion and without further order of this Court, (a) declare

that any Trade Agreement between the Debtors and such Essential Supplier is terminated (if

applicable) and (b) declare that the payments made to the Essential Supplier on account of its

Essential Supplier Claim be deemed to have been made in payment of then-outstanding

4

postpetition claims of such suppliers without further order of this Court or action by any person

or entity.  In the event that such events occur, an Essential Supplier shall then immediately repay

to the Debtors any payment made to it on account of its Essential Supplier Claims to the extent

that payments on account of such Essential Supplier Claims exceed the postpetition claims of

such suppliers then outstanding without giving effect to any rights of setoff, claims, provision for

payment of reclamation or trust fund claims, or otherwise.  In the event that a Trade Agreement

is terminated or an Essential Supplier refuses to supply goods and/or services to the Debtors on

Customary Trade Terms following receipt of payment on its Essential Supplier Claim (regardless

of whether such Essential Supplier has entered into a Trade Agreement), it is the explicit

intention of this Court to return the parties to their position immediately prior to the entry of this

Order with respect to all prepetition claims.

     5.    The Debtors may, in their sole discretion, reinstate a Trade Agreement if:

     (a)    the Debtors determination to terminate a Trade Agreement is subsequently
reversed by this Court, after notice and a hearing following a motion by
the Essential Supplier, for good cause shown that the determination was
materially incorrect;

     (b)    the underlying default under the Trade Agreement was fully cured by the
Essential Supplier not later than five business days following the Debtors'
notification to the Essential Supplier that a default had occurred; or

     (c)    the Debtors, in their discretion, reach a favorable alternative agreement
with the Essential Supplier.

     6.    The Debtors are hereby authorized, but not the directed, to elect, in their sole

discretion, to waive the conditions of this Order for payment of a claim under the Interim

Essential Supplier Claims Cap (the "Waiver") and to conditionally pay the claim of such

threatening supplier (the "Rogue Supplier"), subject to the following procedures:

     (a)    In the event that the Debtors grant a Waiver to a Rogue Supplier, the
Debtors shall file a Notice of Waiver, in substantially the form attached
hereto as Exhibit B (the "Notice of Waiver"), and a proposed Order to

5

Show Cause, in substantially the form attached hereto as <u>Exhibit C</u> (the "Order to Show Cause"), with this Court within three business days of the payment pursuant to the Waiver and serve such Notice of Waiver and Order to Show Cause on (i) the Rogue Supplier, (ii) the Office of the United States Trustee, (iii) counsel for the official committee of unsecured creditors appointed in these cases (the "Creditors' Committee"), and (iv) counsel for the agent under Debtors' proposed postpetition credit facility; <u>provided</u>, <u>however</u>, that the Debtors will not be required to file a Notice of Waiver and an Order to Show Cause if, within three business days following the grant of the Waiver, the Creditors' Committee ratifies the Waiver in writing to the Debtors.

(b)    At the first regularly-scheduled hearing occurring at least five business days following entry of the Order to Show Cause by this Court, the Rogue Supplier shall be required to appear before this Court and demonstrate that such Rogue Supplier should not be held in violation of the automatic stay.

(c)    Should this Court determine that, by its conduct, the Rogue Supplier has violated the automatic stay, the Rogue Supplier shall be required to disgorge the amount of the payment made by the Debtors pursuant to the Waiver, plus attorneys' fees and interest accrued on such amount at the rate specified under the relevant agreements governing the Debtors' debtor-in-possession credit facility or such other higher rate as this Court specifies, within three business days of entry of the order holding such Rogue Supplier in violation of the automatic stay.

(d)    Nothing contained herein shall limit the Debtors' right to file any motions, adversary complaints, or other pleadings that they determine in their sole and absolute discretion are necessary or appropriate to pursue other remedies, including, without limitation, injunctive relief.

7.    The form of Notice of Waiver attached to the Motion as <u>Exhibit B</u> and the form of Order to Show Cause attached to the Motion as <u>Exhibit C</u> are hereby approved by this Court in all respects for use in accordance with the provisions of the foregoing paragraph.

8.    The Debtors are hereby authorized, but not the directed, to continue their prepetition vendor rescue program (the "Vendor Rescue Program") in the ordinary course of business, including, without limitation, by providing the following forms of support to those suppliers (the "Troubled Suppliers") which the Debtors determine, in the exercise of their business judgment, require such support to maintain their operations:

(a)    the Debtors may purchase, on behalf of a Troubled Supplier, the raw
materials necessary to manufacture the Debtors' parts when a Troubled
Supplier lacks the available credit to purchase such materials for its own
account;

(b)    the Debtors may provide a lump sum subsidy to a Troubled Supplier when
the Supplier is faced with an acute short-term economic problem;

(c)    the Debtors may lend funds to a Troubled Supplier, either by purchasing a
participation in the Troubled Supplier's existing credit facility or by
lending funds under a promissory note;

(d)    the Debtors may agree to pay their obligations under invoices from a
Troubled Supplier on an accelerated basis;

(e)    the Debtors may agree to provide the Troubled Supplier with operational
assistance, either through the Debtors' own personnel or through use of an
outside consulting firm; and

(f)    the Debtors may enter into agreements necessary to effectuate the
transactions entered into with Troubled Suppliers as part of the Vendor
Rescue Program, including, without limitation, accommodation
agreements, inventory repurchase agreements, and access agreements.

9.    Nothing herein shall be construed to limit, or in any way affect, the Debtors'

ability to dispute any Essential Supplier Claim or as a waiver by any of the Debtors of their

rights to contest any invoice of an Essential Supplier under applicable non-bankruptcy law.

10.    Nothing contained in the Motion or in this Order shall be deemed to

constitute an assumption, adoption, or rejection of any executory contract or agreement between

the Debtors and any third party or to require the Debtors to make any of the payments authorized

herein.

11.    Notwithstanding the relief granted herein and any actions taken hereunder,

nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status

of any claim held by, any person.

7

12.     Notwithstanding any provision of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon signature.

13.     This Order is effective only from the date of entry through this Court's disposition of the Motion on its merits.  This Court's ultimate disposition of the Motion shall not impair any action taken pursuant to this Order.

14.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

15.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:     New York, New York
           October __, 2005


_____
UNITED STATES BANKRUPTCY JUDGE

8

EXHIBIT I

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                      :

In re                     :     Chapter 11
                      :

DELPHI CORPORATION et al.,     :     Case No. 05-_____ (___)
                      :

            Debtors.  :
                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BRIDGE ORDER UNDER 11 U.S.C. §§ 105(a) AND 363(b) AUTHORIZING (I) PAYMENT
OF PREPETITION OBLIGATIONS TO FOREIGN CREDITORS AND (II) FINANCIAL
INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS

("FOREIGN CREDITORS BRIDGE ORDER")

      Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day

Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1] debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other

things, entry of a bridge order under sections 105 and 363 of title 11 of the United States Code,

11 U.S.C. §§ 101 – 1330 (as amended the "Bankruptcy Code"), granting the relief requested in

---

[1]    In addition to Delphi, the following entities are debtors in these related cases:  ASEC Manufacturing
General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas
Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding),
Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc.,
Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems
Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems
Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc.,
Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics
(Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi
International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company,
Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi
Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holding
Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc.,
Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company,
Specialty Electronics, Inc., and Specialty Electronics International Ltd.

the Debtors' Motion For Order Under 11 U.S.C. §§ 105(a) and 363(b) Authorizing (I) Payment

Of Prepetition Obligations To Foreign Creditors And (II) Financial Institutions To Honor And

Process Related Checks And Transfers Dated October 8, 2005 (the "Motion"), on an interim

basis pending this Court's disposition of the Motion on its merits after notice and a hearing; and

this Court having determined that it has jurisdiction over the matters raised in the Expedited

Hearing Motion and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, this is a core proceeding

under 28 U.S.C. § 157(b)(2), and the relief requested in the Expedited Hearing Motion and the

Motion is essential to the continued operations of the Debtors' businesses and is in the best

interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it

appearing that proper and adequate notice of the Expedited Hearing Motion has been given and

that no other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.   The Debtors are hereby authorized, but not required, to pay, in their

discretion and in the ordinary course of business, as and when due, any claim held by a certain

vendors, service providers, regulatory agencies, and governments located in foreign

jurisdictions (collectively, the "Foreign Creditors"); provided, however, that the terms "Foreign

Creditor" and "Foreign Creditors" shall not include foreign vendors, service providers, or other

non-governmental entities if such entities are known to have assets within the United States that

would be subject to the jurisdiction of this Court and that would be available to satisfy a

judgment entered by this Court if such entities were to violate the automatic stay provisions of

section 362 of the Bankruptcy Code or otherwise take any action contrary to an order of this

Court or the provisions of the Bankruptcy Code; provided, further, however, that,

notwithstanding the foregoing clause, the terms "Foreign Creditor" and "Foreign Creditors"

2

shall include foreign vendors, service providers, or other entities that are located in
jurisdictions, including, without limitation, Brazil, where the Debtors' failure to pay such
entities' prepetition claims could cause such entity to lose its legal ability to export goods to the
Debtors.

2.    In return for payment of the Foreign Claims in the ordinary course of
business, unless otherwise waived by the Debtors in their sole discretion, the Foreign Creditors
are hereby required to continue to provide goods and services to the Debtors on the most
favorable terms in effect between such supplier and the Debtors in the twelve months prior to
the Petition Date or on such other favorable terms as the Debtors and the Foreign Creditor may
otherwise agree ("Customary Trade Terms").  The Customary Trade Terms shall apply for the
remaining term of the Foreign Creditor's agreement with the Debtors, as long as the Debtors
agree to pay for such goods in accordance with such terms.

3.    If any Foreign Creditor accepts payment on account of a prepetition
obligation of the Debtors and thereafter does not continue to provide services to the Debtors on
Customary Trade Terms, any payments made shall be deemed an avoidable postpetition transfer
under section 549 of the Bankruptcy Code and shall be recoverable by the Debtors in cash upon
written request.  Upon recovery by the Debtors, the claim shall be reinstated as a prepetition
claim in the amount so recovered.  The Debtors are hereby authorized but not directed to obtain
written verification, before issuing payment to a Foreign Creditor, that such Foreign Creditor
will, if relevant, continue to provide goods and services to the Debtors on Customary Trade
Terms for the remaining term of the Foreign Creditor's agreement with the Debtors; provided,
however, that the absence of such written verification will not limit the Debtors' rights
hereunder.

3

4.    All applicable banks and other financial institutions are hereby authorized
and required to receive, process, honor, and pay any and all checks and transfer requests
evidencing amounts paid by the Debtors under this Order whether presented prior to or after the
Petition Date.  Such banks and financial institutions are authorized to rely on the representations
of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order.

5.    Notwithstanding the relief granted herein and any actions taken hereunder,
nothing contained herein shall constitute, nor is it intended to constitute, the assumption or
adoption of any contract or agreement under 11 U.S.C. § 365.

6.    Notwithstanding the relief granted herein and any actions taken hereunder,
nothing contained herein shall create, nor is it intended to create, any rights in favor of, or
enhance the status of any claim held by, any person.

7.    Notwithstanding any provision of the Bankruptcy Code or the Federal Rules
of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon
signature.

8.    This Order is effective only from the date of entry through this Court's
disposition of the Motion on its merits.  This Court's ultimate disposition of the Motion shall
not impair any action taken pursuant to this Order.

9.    This Court shall retain jurisdiction to hear and determine all matters arising
from the implementation of this Order.

4

10.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          October ___, 2005


_____
UNITED STATES BANKRUPTCY JUDGE

5

## EXHIBIT J

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                        :
       In re                      :     Chapter 11
                                                        :
DELPHI CORPORATION, et al.,     :     Case No. 05-_____ (___)
                                                        :
                Debtors.  :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x

BRIDGE ORDER UNDER 11 U.S.C. § 503(b) CONFIRMING GRANT OF
ADMINISTRATIVE EXPENSE STATUS TO OBLIGATIONS
ARISING FROM POSTPETITION DELIVERY OF GOODS AND AUTHORIZING
DEBTORS TO PAY SUCH OBLIGATIONS IN ORDINARY COURSE OF BUSINESS

("ADMINISTRATIVE EXPENSE BRIDGE ORDER")

        Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day

Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1] debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other

things, entry of a bridge order under sections 503(b) of title 11 of the United States Code, 11

U.S.C. §§ 101 - 1330 (as amended the "Bankruptcy Code"), granting the relief requested in the

---

[1]      In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufacturing
General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas
Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding),
Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc.,
Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems
Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems
Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc.,
Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics
(Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi
International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company,
Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi
Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holding
Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc.,
Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company,
Specialty Electronics, Inc., and Specialty Electronics International Ltd.

Debtors' Motion For Order Under 11 U.S.C. § 503(b) Confirming Grant Of Administrative

Expense Status To Obligations Arising From Postpetition Delivery Of Goods And Authorizing

The Debtors To Pay Such Obligations In Ordinary Course Of Business, dated October 8, 2005

(the "Motion"), on an interim basis pending this Court's disposition of the Motion on its merits

after notice and a hearing; and this Court having determined that it has jurisdiction over the

matters raised in the Expedited Hearing Motion and the Motion pursuant to 28 U.S.C. §§ 157

and 1334, this is a core proceeding under 28 U.S.C. § 157(b)(2), and the relief requested in the

Expedited Hearing Motion and the Motion is essential to the continued operations of the Debtors'

businesses and is in the best interests of the Debtors, their estates, their creditors, and other

parties-in-interest; and it appearing that proper and adequate notice of the Expedited Hearing

Motion has been given and that no other or further notice is necessary; and after due deliberation

thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The subcontractors, suppliers, and vendors shall have administrative

expense priority claims under 11 U.S.C. § 503(b) for those undisputed obligations arising from

prepetition purchase orders outstanding on the Petition Date relating to materials, supplies,

goods, products, and related items received and accepted by the Debtors on or subsequent to the

Petition Date.

2.    The Debtors are authorized but not directed to honor or pay those

obligations arising from the postpetition delivery of goods ordered by the Debtors before the

Petition Date. For purposes of this Order, goods shall be deemed to be delivered to the Debtors

postpetition (a) if possession or control of such goods is transferred to the Debtors on or after

the Petition Date or (b) if, pursuant to a contract or applicable nonbankruptcy law, risk of loss

of such goods passes to the Debtors on or after the Petition Date.

2

3.    The payment of an obligation arising from the Outstanding Orders shall not preclude the Debtors from contesting the validity of such amounts claimed to be due.

4.    Notwithstanding any provision of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon signature.

5.    Nothing contained in the Motion or in this Order shall be deemed to constitute an assumption, adoption, or rejection of any executory contract or agreement between the Debtors and any third party.

6.    This Order is effective only from the date of entry through this Court's disposition of the Motion on its merits.  This Court's ultimate disposition of the Motion shall not impair any action taken pursuant to this Order.

7.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

8.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          October __, 2005


_____
    UNITED STATES BANKRUPTCY JUDGE

<u>EXHIBIT K</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, <u>et al.</u>, | : | Case No. 05-_____ (___) |
|  | : |  |
| Debtors. | : |  |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

BRIDGE ORDER UNDER 11 U.S.C. §§ 105 AND 363(b), 1107, AND 1108 AUTHORIZING
PAYMENT OF CERTAIN PREPETITION (I) SHIPPING AND
<u>DELIVERY CHARGES FOR GOODS IN TRANSIT AND (II) CUSTOMS DUTIES</u>

("SHIPPING AND CUSTOMS BRIDGE ORDER")

Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day

Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1] debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other

things, entry of a bridge order under sections 105, 363(b), 1107, and 1108 of title 11 of the

United States Code, 11 U.S.C. §§ 101 - 1330 (as amended, the "Bankruptcy Code"), granting the

relief requested in the Debtors' Motion For Order Under 11 U.S.C. §§ 105 And 363(B)

Authorizing Payment Of Certain Prepetition (I) Shipping And Delivery Charges For Goods In

---

[1]     In addition to Delphi, the following entities are debtors in these related cases:  ASEC Manufacturing
General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas
Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding),
Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc.,
Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems
Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems
Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc.,
Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics
(Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi
International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company,
Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi
Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holding
Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc.,
Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company,
Specialty Electronics, Inc., and Specialty Electronics International Ltd.

Transit And (II) Customs Duties dated October 8, 2005 (the "Motion"), on an interim basis

pending this Court's disposition of the Motion on its merits after notice and a hearing; and this

Court having determined that it has jurisdiction over the matters raised in the Expedited Hearing

Motion and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, this is a core proceeding under

28 U.S.C. § 157(b)(2), and the relief requested in the Expedited Hearing Motion and the Motion

is essential to the continued operations of the Debtors' businesses and is in the best interests of

the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that

proper and adequate notice of the Expedited Hearing Motion has been given and that no other or

further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Debtors are authorized but not directed to make such payments to

(a) domestic and foreign commercial common carriers, movers, shippers, freight

forwarders/consolidators, delivery services, customs brokers, shipping auditing services,

deconsolidators, distributors, logistics management companies, and certain other third party

service providers (collectively, the "Shippers") and (b) third party warehouses (collectively, the

"Warehousemen") as the Debtors determine, in the exercise of their business judgment, to be

necessary or appropriate to obtain the release of raw materials, parts, components, certain

finished goods, indirect materials, tooling, machinery, and equipment held by such Shippers

and Warehousemen (such payments, the "Shipping and Warehousing Charges").

2.    With respect to any payments that are made on account of prepetition

obligations, in return for payment of the Shipping and Warehousing Charges in the ordinary

course of business, unless otherwise waived by the Debtors, in their sole discretion, the

Shippers and Warehousemen shall (a) continue to provide services to the Debtors during the

pendency of these chapter 11 cases on the most favorable terms that existed prior to October 8,

2005 (the "Petition Date") and (b) agree that they shall not be permitted to cancel on less than 90-days notice any contract or agreement pursuant to which they provide services to the Debtors. If any Shipper or Warehouseman then accepts payment pursuant to this Order on account of a prepetition obligation of the Debtors and thereafter does not continue to provide services to the Debtors on the most favorable prepetition trade terms, any payments made under this Order shall be deemed an avoidable postpetition transfer under section 549 of the Bankruptcy Code, as amended, and therefore shall be recoverable by the Debtors in cash upon written request. Upon recovery by the Debtors, the claim shall be reinstated as a prepetition claim in the amount so recovered. Nothing in this paragraph, however, shall preclude a Shipper or Warehouseman from contesting such treatment by making a written request to the Debtors to schedule a hearing before this Court, which hearing the Debtors shall set for the next regularly-scheduled omnibus hearing date occurring more than ten days after the date of such Shipper's or Warehouseman's request.

3.    The Debtors are authorized but not directed to obtain written verification, before issuing payment hereunder, that a Shipper and Warehouseman shall (a) continue to provide services to the Debtors during the pendency of these chapter 11 cases on the most favorable terms that existed prior to Petition Date and (b) agree that they shall not be permitted to cancel on less than 90-days notice any contract or agreement pursuant to which they provide services to the Debtors, provided, however, that the absence of such written verification shall not limit the Debtors' rights hereunder.

4.    The Debtors and their customs brokers, as Debtors' agents, are hereby authorized but not directed to make payments to the U.S. Customs Border Protection Agency and to non-U.S. customs authorities in satisfaction of prepetition customs duties and other incidental import expenses.

5.    All applicable banks and other financial institutions are hereby authorized and directed to receive, process, honor, and pay any and all checks and electronic transfers evidencing amounts paid by the Debtors pursuant to the Motion, whether they were issued before or after the Petition Date.

6.    Nothing herein shall be deemed (a) an assumption, adoption, or authorization to assume any contracts or other agreements with any of the Shippers or Warehousemen pursuant to 11 U.S.C. § 365, (b) a requirement that the Debtors make any of the payments authorized herein, or (c) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

7.    Notwithstanding any provision of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon signature.

8.    This Order is effective only from the date of entry through this Court's disposition of the Motion on its merits.  This Court's ultimate disposition of the Motion shall not impair any action taken pursuant to this Order.

9.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

10.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          October __, 2005


_____
UNITED STATES BANKRUPTCY JUDGE

4

EXHIBIT L

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
        In re                           :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-_____ (___)
                                        :
                    Debtors.            :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


BRIDGE ORDER UNDER 11 U.S.C. §§ 105(a), 363, 507, 1107, AND 1108 (I)
AUTHORIZING DEBTORS TO PAY PREPETITION WAGES AND SALARIES TO
EMPLOYEES AND INDEPENDENT CONTRACTORS,
(II) AUTHORIZING DEBTORS TO PAY PREPETITION BENEFITS AND CONTINUE
MAINTENANCE OF HUMAN CAPITAL BENEFIT PROGRAMS IN ORDINARY COURSE,
AND (III) DIRECTING BANKS TO HONOR PREPETITION CHECKS FOR
PAYMENT OF PREPETITION HUMAN CAPITAL OBLIGATIONS

("HUMAN CAPITAL OBLIGATIONS BRIDGE ORDER")

Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day

Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1] debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other

---

[1]    In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufacturing
General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas
Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding),
Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc.,
Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems
Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems
Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc.,
Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics
(Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi
International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company,
Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi
Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holding
Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc.,
Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company,
Specialty Electronics, Inc., and Specialty Electronics International Ltd.

things, entry of a bridge order under sections 105(a), 363, 507, 1107, and 1108 of title 11 of the

United States Code, 11 U.S.C. §§ 101 – 1330 (as amended, the "Bankruptcy Code"), granting the

relief requested in the Debtors' Motion For Order Under 11 U.S.C. §§ 105(a), 363, 507, 1107,

and 1108 (I) Authorizing Debtors To Pay Prepetition Wages And Salaries To Employees And

Independent Contractors, (II) Authorizing Debtors To Pay Prepetition Benefits And Continue

Maintenance Of Human Capital Benefit Programs In Ordinary Course, And (III) Directing

Banks To Honor Prepetition Checks For Payment Of Prepetition Human Capital Obligations,

dated October 8, 2005 (the "Motion"), on an interim basis pending this Court's disposition of the

Motion on its merits after notice and a hearing; and this Court having determined that it has

jurisdiction over the matters raised in the Expedited Hearing Motion and the Motion pursuant to

28 U.S.C. §§ 157 and 1334, this is a core proceeding under 28 U.S.C. § 157(b)(2), and the relief

requested in the Expedited Hearing Motion and the Motion is essential to the continued

operations of the Debtors' businesses and is in the best interests of the Debtors, their estates, their

creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the

Expedited Hearing Motion has been given and that no other or further notice is necessary; and

after due deliberation thereon; and good and sufficient appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Debtors are authorized but not directed to pay or otherwise honor the

Debtors' various human capital benefit plans and programs, the most significant of which are

described in the Motion (collectively, the "Prepetition Human Capital Obligations"), as described

in the Motion, to, or for the benefit of, the Debtors' domestic active and inactive employees, any

independent contractors, including those provided by employee supplier agreements, who

currently are under formal or informal contracts (collectively, and solely for the purposes of the

2

Motion, the "Employees"), and those prepetition claims on account of health and pension benefits to be provided to any of the Debtors' retirees and their surviving spouses (collectively, the "Retirees"), and to continue each of the foregoing Employee programs in the ordinary course of business; provided, however, that such payment, continuance of such Employee program, other honoring of such Prepetition Human Capital Obligations, or entry of this Order shall not make such obligations administrative expenses of the estates entitled to priority status under sections 503 and 507 of the Bankruptcy Code.

2.    The financial institutions upon which any checks are drawn in payment of the Prepetition Human Capital Obligations, either before, on, or after the date on which the Debtors filed these chapter 11 cases, are hereby authorized and directed to honor, upon presentation, any such checks.

3.    Such financial institutions are authorized and directed to rely upon the representations of the Debtors as to which checks are in payment of the Prepetition Human Capital Obligations.

4.    The Debtors may pay all federal, state, local, and foreign income withholding, payroll, employment, unemployment, social security, and similar taxes (including, but not limited to, taxes relating to the Federal Insurance Contributions Act ("FICA")) whether withheld from Employees' wages or paid directly by the Debtors to governmental authorities, as well as other Employee withholdings including, but not limited to, pension plan contributions, union dues, charitable contributions, and garnishment contributions, if any.

5.    The Debtors are authorized but not directed to pay any and all costs incident to maintaining or paying third parties to maintain and provide record-keeping relating to the

various Employee benefit programs and any trusts related thereto that may be outstanding as of

the Petition Date in the ordinary course of business.

    6. Any party receiving payment from the Debtors is authorized and directed to

rely upon the representations of the Debtors as to which payments are authorized by this Order.

    7. Neither the provisions of this Order, nor any payments made by the Debtors

pursuant to the Motion or this Order, shall be deemed to change the classification of any claim or

to in any way change the rights or create new rights of any Employee or other person, including,

without limitation, the creation of any right to payment entitled to administrative expense priority

pursuant to sections 503 and 507 of the Bankruptcy Code.

    8. Notwithstanding any provision of the Bankruptcy Code or the Federal Rules

of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon signature.

    9. This Order is effective only from the date of entry through this Court's

disposition of the Motion on its merits.  This Court's ultimate disposition of the Motion shall not

impair any action taken pursuant to this Order.

    10. This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

11.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
         October __, 2005


_____
UNITED STATES BANKRUPTCY JUDGE

EXHIBIT M

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-_____ (___)
                                          :
                      Debtors.            :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x


BRIDGE ORDER UNDER 11 U.S.C. §§ 361, 362, AND 363 AUTHORIZING USE OF CASH
COLLATERAL AND ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES

("CASH COLLATERAL BRIDGE ORDER")

Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day

Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1] debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other

things, entry of a bridge order under sections 361, 362, and 363 of title 11 of the United States

Code, 11 U.S.C. §§ 101 – 1330 (as amended, the "Bankruptcy Code"), granting the relief

---

[1]    In addition to Delphi, the following entities are debtors in these related cases:  ASEC Manufacturing
       General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas
       Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding),
       Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc.,
       Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems
       Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems
       Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc.,
       Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics
       (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi
       International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company,
       Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi
       Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holding
       Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc.,
       Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company,
       Specialty Electronics, Inc., and Specialty Electronics International Ltd.

requested in the Debtors' Motion For Orders Under U.S.C. §§ 361, 362, 363, 364(c), And 364(d)

(I) Authorizing Debtors To Obtain Secured Postpetition Financing On A Superpriority Secured

And Priming Basis, (II) Authorizing Use Of Cash Collateral, (III) Granting Adequate Protection

To Prepetition Lenders, (IV) Granting Interim Relief, And (V) Scheduling A Final Hearing

Under Fed. R. Bankr. P. 4001(c) dated October 8, 2005 (the "Motion"), on an interim basis

pending this Court's disposition of the Motion on its merits after notice and a hearing; and this

Court having determined that it has jurisdiction over the matters raised in the Expedited Hearing

Motion and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, this is a core proceeding under

28 U.S.C. § 157(b)(2), and the relief requested in the Expedited Hearing Motion and the Motion

is essential to the continued operations of the Debtors' businesses and is in the best interests of

the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that

proper and adequate notice of the Expedited Hearing Motion has been given and that no other or

further notice is necessary; and after due deliberation thereon; and good and sufficient appearing

therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Debtors are authorized to use the cash collateral and all other collateral

of the prepetition secured lenders solely in the ordinary course of business in order to maintain

and finance their ongoing operations in the ordinary course of their business.

2.    The prepetition secured lenders are hereby granted, as adequate protection

for any diminution in the value of their interest in Debtors' property, including the cash

collateral, a replacement lien on all property of the Debtors acquired after the date of filing of

the chapter 11 petitions (the "Petition Date") that would have constituted "Collateral" (as

defined in the prepetition loan documents) but for the operation of section 552(a) of the

2

Bankruptcy Code as to which the prepetition liens of the secured lenders were properly

perfected prior to the Petition Date and which replacement liens shall be deemed perfected as of

the entry of this Order without the necessity of any further action by any party.

        3.   The Debtors are hereby authorized to execute any additional documents as

may be required to carry out the intent and purpose of this Order.

        4.   Notwithstanding any provision of the Bankruptcy Code or the Federal Rules

of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon

signature.

        5.   This Order is effective only from the date of entry through this Court's

disposition of the Motion on its merits.  This Court's ultimate disposition of the Motion shall

not impair any action taken pursuant to this Order.

        6.   This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

        7.   The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:     New York, New York
           October __, 2005

                                      _____
                                      UNITED STATES BANKRUPTCY JUDGE

<u>EXHIBIT N</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re                                     :    Chapter 11
                                          :
DELPHI CORPORATION, <u>et al.</u>,           :    Case No. 05-_____ (___)
                                          :
                         Debtors.         :
                                          :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

BRIDGE ORDER UNDER 11 U.S.C. §§ 105, 363, 1107, AND 1108 AND FED. R. BANKR. P.
4001 AUTHORIZING DEBTORS TO ENTER INTO, CONTINUE PERFORMANCE UNDER,
<u>AND PROVIDE CREDIT SUPPORT UNDER DERIVATIVE CONTRACTS</u>

("DERIVATIVE CONTRACTS BRIDGE ORDER")

Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day

Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1] debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other

things, entry of a bridge order under sections 105, 363, 1107, and 1108 of title 11 of the United

States Code, 11 U.S.C. §§ 101- 1330 (as amended, the "Bankruptcy Code"), granting the relief

---

[1]    In addition to Delphi, the following entities are debtors in these related cases:  ASEC Manufacturing
General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas
Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding),
Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc.,
Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems
Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems
Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc.,
Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics
(Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi
International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company,
Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi
Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holding
Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc.,
Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company,
Specialty Electronics, Inc., and Specialty Electronics International Ltd.

requested in the Debtors' Motion For Order Under 11 U.S.C. §§ 105, 363, 1107, And 1108 And

Fed. R. Bankr. P. 4001 Authorizing Debtors To Enter Into, Continue Performance Under, And

Provide Credit Support Under Derivative Contracts dated October 8, 2005 (the "Motion"), on an

interim basis pending this Court's disposition of the Motion on its merits after notice and a

hearing; and this Court having determined that it has jurisdiction over the matters raised in the

Expedited Hearing Motion and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, this is a core

proceeding under 28 U.S.C. § 157(b)(2), and the relief requested in the Expedited Hearing

Motion and the Motion is essential to the continued operations of the Debtors' businesses and is

in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and

it appearing that proper and adequate notice of the Expedited Hearing Motion has been given and

that no other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.   Pursuant to sections 105, 363, 1107, and 1108 of the Bankruptcy Code, the

Debtors are authorized but not directed to honor their existing prepetition financial contracts,

the values of which are based on the price of a traditional security such as a stock or bond, as

asset such as a commodity or currency, or a market index (collectively, the "Derivative

Contracts") in accordance with their past practices, and to continue "rolling over," adjusting and

settling, from time to time, Derivative Contracts, without further order of this Court.

2.   Pursuant to sections 105, 363, 1107, and 1108 of the Bankruptcy Code, the

Debtors are authorized but not directed to perform all such other actions necessary or

appropriate to implement, execute, and perform under the Derivative Contracts, including, but

not limited to, posting collateral or margin, and delivery of settlement, on account of Derivative

Contracts, without further order of this Court.

2

3.     Notwithstanding any provision of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon signature.

4.     This Order is effective only from the date of entry through this Court's disposition of the Motion on its merits.  This Court's ultimate disposition of the Motion shall not impair any action taken pursuant to this Order.

5.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

6.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:     New York, New York
           October ___, 2005


_____
UNITED STATES BANKRUPTCY JUDGE