SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                      :
        In re                                         :    Chapter 11
                                                      :
DELPHI CORPORATION, et al.,                           :    Case No. 05-_____ (___)
                                                      :
                                                      :    (Jointly Administered)
                                 Debtors.             :
- - - - - - - - - - - - - - - - - - - - - - - - - -  x

MOTION FOR ORDER UNDER 11 U.S.C. §§ 102(1) AND 105 AND FED. R.
BANKR. P. 2002(m), 9006, 9007, AND 9014 ESTABLISHING (I) OMNIBUS
HEARING DATES, (II) CERTAIN NOTICE, CASE MANAGEMENT, AND
ADMINISTRATIVE PROCEDURES, AND (III) SCHEDULING INITIAL CASE
CONFERENCE IN ACCORDANCE WITH LOCAL BANKR. R. 1007-2(e)

("CASE MANAGEMENT MOTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and

affiliates (the "Affiliate Debtors"),[1] debtors and debtors-in-possession in the above-

captioned cases (collectively, the "Debtors"), hereby submit this motion (the "Motion")

for an order (the "Procedures Order") under 11 U.S.C. §§ 102(1), 105(a), and 105(d)

and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 establishing (a) omnibus hearing

dates, (b) certain notice, case management, and administrative procedures in the

Debtors' chapter 11 cases, and (c) scheduling an initial case conference in accordance

with Rule 1007-2(e) of the Local Rules for the United States Bankruptcy Court for the

---

[1]    In addition to Delphi, the following entities are debtors in these related cases: ASEC
Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco
Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi
Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources
LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea,
Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation,
Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services
LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand,
Inc., Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi
Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service
Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc.,
Delphi Liquidation Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc.,
Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi
Medical Systems Texas Corporation, Delphi NY Holdings Corporation, Delphi Services
Holding Corporation, Delphi Technologies, Inc., DREAL, Inc., Environmental Catalysts,
LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty
Electronics, Inc., and Specialty Electronics International Ltd.

2

Southern District of New York (the "Local Rules"). In support of this Motion, the

Debtors submit the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11

Petitions And First Day Orders, sworn to October 8, 2005. In further support of this

Motion, the Debtors respectfully represent as follows:

Background

A.    The Chapter 11 Filings

       1.      On October 8, 2005 (the "Petition Date"), each of the Debtors

filed a voluntary petition in this Court for reorganization relief under chapter 11 of title

11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy

Code"). The Debtors continue to operate their businesses and manage their properties

as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code. The Debtors have moved this Court for an order for joint administration of

these chapter 11 cases.

       2.      No trustee, examiner, or creditors' committee has been

appointed in the Debtors' cases.

       3.      This Court has jurisdiction over this matter pursuant to 28

U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

       4.      The statutory predicates for the relief requested herein are

sections 102(1), 105(a), and 105(d) of the Bankruptcy Code, Rules 2002(m), 9006,

3

9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Local Rule 1007-2(e).

B.      Current Business Operations Of The Debtors

5.      With more than 180,000 employees worldwide, global 2004

revenues of approximately $28.6 billion and global assets as of August 31, 2005 of

approximately $17.1 billion,[2] Delphi ranks as the fifth largest public company

business reorganization in terms of revenues, and the thirteenth largest public company

business reorganization in terms of assets. Delphi's non-U.S. subsidiaries are not

chapter 11 debtors, will continue their business operations without supervision from

the Bankruptcy Court, and will not be subject to the chapter 11 requirements of the

U.S. Bankruptcy Code.

6.      Over the past century, the operations which are now owned by

Delphi have become a leading global technology innovator with significant

engineering resources and technical competencies in a variety of disciplines. Today,

the Company is arguably the single largest global supplier of vehicle electronics,

transportation components, integrated systems and modules, and other electronic

technology. The Company's technologies and products are present in more than 75

million vehicles on the road worldwide. The Company supplies products to nearly

every major global automotive original equipment manufacturer with 2004 sales to its

---

[2]      The aggregated financial data used in this Motion generally consists of consolidated
information from Delphi and its worldwide subsidiaries and affiliates.

4

former parent, General Motors Corporation, equaling approximately $15.4 billion and sales to each of Ford Motor Company, DaimlerChrysler Corporation, Renault/Nissan Motor Company, Ltd., and Volkswagen Group exceeding $850 million.

7.      As part of its growth strategy, Delphi has established an expansive global presence with a network of manufacturing sites, technical centers, sales offices, and joint ventures located in every major region of the world. In the U.S., the Debtors employ approximately 50,600 people. Those employees work in approximately 44 manufacturing sites and 13 technical centers across the country, and in Delphi's worldwide headquarters and customer center located in Troy, Michigan. Approximately 34,750 of these individuals are hourly employees, 96% of whom are represented by approximately 49 different international and local unions. Outside the United States, the Company's foreign entities employ more than 134,000 people, supporting 120 manufacturing sites and 20 technical centers across nearly 40 countries worldwide.

8.      Delphi was incorporated in Delaware in 1998 as a wholly-owned subsidiary of GM. Prior to January 1, 1999, GM conducted the Company's business through various divisions and subsidiaries. Effective January 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to Delphi and its subsidiaries and affiliates in accordance with the terms of a Master Separation Agreement between Delphi and GM. In connection with these transactions, Delphi accelerated its evolution from a North American-based, captive automotive

5

supplier to a global supplier of components, integrated systems, and modules for a

wide range of customers and applications. Although GM is still the Company's single

largest customer, today more than half of Delphi's revenue is generated from non-GM

sources.

9.    Due to the significant planning that goes into each vehicle

model, Delphi's efforts to generate new business do not immediately affect its financial

results, because supplier selection in the auto industry is generally finalized several

years prior to the start of production of the vehicle. When awarding new business,

which is the foundation for the Company's forward revenue base, customers are

increasingly concerned with the financial stability of their supply base. The Debtors

believe that they will maximize stakeholder value and the Company's future prospects

if they stabilize their businesses and continue to diversify their customer base. The

Debtors also believe that this must be accomplished in advance of the expiration of

certain benefit guarantees between GM and certain of Delphi's unions representing

most of its U.S. hourly employees which coincides with the expiration of the

Company's U.S. collective bargaining agreements in the fall of 2007.

C.    Events Leading To The Chapter 11 Filings

10.    In the first two years following Delphi's separation from GM,

the Company generated more than $2 billion in net income. Every year thereafter,

however, with the exception of 2002, the Company has suffered losses. In calendar

year 2004, the Company reported a net operating loss of $482 million on $28.6 billion

6

in net sales. Reflective of a downturn in the marketplace, Delphi's financial condition

has deteriorated further in the first six months of 2005. The Company experienced net

operating losses of $608 million for the first six months of calendar year 2005 on

six-month net sales of $13.9 billion, which is approximately $1 billion less in sales

than during the same time period in calendar year 2004.[3]

      11.    The Debtors believe that three significant issues have largely

contributed to the deterioration of the Company's financial performance: (a)

increasingly unsustainable U.S. legacy liabilities and operational restrictions driven by

collectively bargained agreements, including restrictions preventing the Debtors from

exiting non-strategic, non-profitable operations, all of which have the effect of creating

largely fixed labor costs, (b) a competitive U.S. vehicle production environment for

domestic OEMs resulting in the reduced number of motor vehicles that GM produces

annually in the United States and related pricing pressures, and (c) increasing

commodity prices.

      12.    In light of these factors, the Company determined that it would

be imprudent and irresponsible to defer addressing and resolving its U.S. legacy

liabilities, product portfolio, operational issues and forward looking revenue

requirements. Having concluded that pre-filing discussions with its Unions and GM

were not leading to the implementation of a plan sufficient to address the Debtors'

---

[3]      Reported net losses in calendar year 2004 were $4.8 billion, reflecting a $4.1 billion tax
charge, primarily related to the recording of a valuation allowance on the U.S. deferred tax
assets as of December 31, 2004.

7

issues on a timely basis, the Company determined to commence these chapter 11 cases for its U.S. businesses to complete the Debtors' transformation plan and preserve value.

13.    Through the reorganization process, the Debtors intend to achieve competitiveness for Delphi's core U.S. operations by modifying or eliminating non-competitive legacy liabilities and burdensome restrictions under current labor agreements and realigning Delphi's global product portfolio and manufacturing footprint to preserve the Company's core businesses. This will require negotiation with key stakeholders over their respective contributions to the restructuring plan or, absent consensual participation, the utilization of the chapter 11 process to achieve the necessary cost savings and operational effectiveness envisioned in the Company's transformation plan. The Debtors believe that a substantial segment of Delphi's U.S. business operations must be divested, consolidated, or wound-down through the chapter 11 process.

14.    Upon the conclusion of this process, the Debtors expect to emerge from chapter 11 as a stronger, more financially sound business with viable U.S. operations that are well-positioned to advance global enterprise objectives. In the meantime, Delphi will marshal all of its resources to continue to deliver value and high-quality products to its customers globally. Additionally, the Company will preserve and continue the strategic growth of its non-U.S. operations and maintain its prominence as the world's premier auto supplier.

8

Relief Requested

15.    By this Motion, the Debtors seek an order under sections 102(1),

105(a), and 105(d) of the Bankruptcy Code, Bankruptcy Rules 2002(m), 9006, 9007,

and 9014, and Local Rule 1007-2(e) establishing certain notice, case management, and

administrative procedures, all subject to further order of this Court.  Specifically, the

Debtors request entry of an order, including: (a) directing that all matters be heard at

regular monthly hearings to be scheduled in advance (the "Omnibus Hearing Dates"),

(b) establishing notice and scheduling procedures for evidentiary hearings pursuant to

Bankruptcy Rule 9014, (c) providing procedures for the timely filing of pleadings so

that the underlying matters will be scheduled to be heard at the appropriate Omnibus

Hearing Date, (d) limiting notice procedures, and (e) establishing procedures for

responding to requests for copies of filings.  In addition, the Debtors seek to schedule

an initial case management conference in accordance with Local Rule 1007-2(e).

Basis For Relief

A.    Scheduling Matters

16.    The Debtors estimate that they have tens of thousands of

creditors and other parties-in-interest.  The Debtors anticipate that many of these

parties will file motions and applications in these cases in pursuit of various forms of

relief.  To efficiently manage this process, the Debtors propose that every notice,

motion, or application, and all briefs, memoranda, affidavits, declarations, or other

9

documents filed in these cases (collectively, the "Filings") be subject to the case

management procedures described below.

<u>Omnibus Hearing Dates</u>

17.    In light of the number of interested parties and the size and

complexity of these cases, the Debtors request entry of an order scheduling regular,

monthly Omnibus Hearing Dates at which all matters will be heard, unless for good

cause shown this Court orders otherwise.  Specifically, the Debtors request that this

Court schedule the dates and times for the first six monthly omnibus hearings.  No

later than the last scheduled Omnibus Hearing Date, the Debtors intend to request that

further Omnibus Hearing Dates be set, if necessary.

18.    By scheduling monthly Omnibus Hearing Dates, this Court will

facilitate the Debtors' reorganization efforts by enabling both the Debtors and other

parties-in-interest to prepare and present motions or applications on an orderly and

timely basis.  If Omnibus Hearing Dates are known in advance, parties will be better

able to plan for hearings, thus reducing the need for emergency hearings and/or

expedited relief and fostering the consensual resolution of important matters.

Accordingly, such relief will likely minimize the costs and expenses associated with

the otherwise numerous, and potentially irregularly scheduled, hearing dates.

19.    The establishment of Omnibus Hearing Dates will facilitate the

expeditious and economical administration of these large, complex cases while

permitting parties to retain their rights to obtain emergency hearings on motions and

applications, when appropriate, in accordance with applicable Bankruptcy Rules and

Local Rules. The Omnibus Hearing Dates, combined with parties' right to obtain

emergency hearings in appropriate circumstances, will ensure the just, speedy, and

inexpensive determination of every proceeding in these cases.

Scheduling Of Evidentiary Hearings

20.    Bankruptcy Rule 9014(e) requires that "[t]he court shall provide

procedures that enable parties to ascertain at a reasonable time before any scheduled

hearing whether the hearing will be an evidentiary hearing at which witnesses may

testify." Local Rule 9014-2(f) provides that "[t]he first scheduled hearing in a

contested matter will not be an evidentiary hearing at which witnesses may testify,

unless . . . the Court, by general order, has directed that the first scheduled hearing with

respect to the type of relief requested in the motion shall be an evidentiary hearing at

which witnesses may testify."

21.    Accordingly, the Debtors request that if an objection or other

responsive pleading is filed in response to a Filing, then the hearing on such matter be

deemed an evidentiary hearing at which witnesses may testify, unless the Debtors'

proposed agenda otherwise provides. The Debtors further request that if the objecting

party intends to introduce evidence or witnesses, it must identify with reasonable

particularity its proposed evidence and witnesses in its objection or other responsive

pleading. The Debtors also request that the party making the Filing be required to

identify its proposed evidence and witnesses within two business days of a written

11

request therefor by the objecting party, or such later time as agreed to in writing by the parties. Such request may be made in the objection or other responsive pleading.

22.     The Debtors further propose that any document identifying such evidence and witnesses must be served on (a) any opposing party, (b) the Debtors' counsel, (c) counsel for any statutory committee appointed in these chapter 11 cases (each, a "Committee"), (d) counsel for the agent under the Debtors' prepetition credit facility, (e) counsel for the agent under the Debtors' proposed postpetition credit facility, and (f) the Office of the United States Trustee. The Debtors propose that such documents need not be filed with this Court, unless the document is an objection or other responsive pleading, but must be made available to the Court by the serving party in the event of a dispute. The Debtors request that any party who fails to identify its evidence or witnesses as provided for by these procedures be precluded from presenting such evidence or witnesses at the hearing on the matter. Under this proposal, nothing would preclude any party from presenting proffers in connection with uncontested matters, or agreeing with an opposing party to present proffers in any contested matter in lieu of the direct testimony of any witness or otherwise stipulating to facts or documentary evidence.

23.     Finally, the Debtors propose that they be required to describe the status of contested evidentiary hearings on the proposed hearing agendas submitted to this Court in connection with each hearing.

12

24.     The forgoing procedures are designed for identifying contested

evidentiary hearings and such procedures will promote the efficiency of these cases

and fulfill the requirements of amended Bankruptcy Rule 9014. Parties-in-interest,

including the Debtors, will be required to identify their evidence and witnesses in

advance, thereby affording notice and making it less likely that a hearing on a

contested matter will be unnecessarily delayed.

Filing Procedures And Deadlines: Motions, Applications, Objections, And Responses

25.     Electronic Filing.  The Debtors propose that under this Court's

General Order #M-242 (Revised Electronic Filing Electronic Procedures), dated

January 19, 2001 ("General Order #M-242"), and Section II(A) of the Revised

Administrative Electronic Procedures for Electronically Filed Cases (the "Electronic

Procedures"), every Filing and Adversary Pleading (as defined below) shall be

electronically filed on this Court's Electronic Filing System, except for documents

which may be filed under seal pursuant to an order of this Court.

26.     Consent To Electronic Notice.  The Debtors request that, under

General Order #M-242 and the Electronic Procedures, each party who files a notice of

appearance and a request for service of papers (a "Notice Request")[4] be deemed to

---

[4]     The Debtors request that a valid Notice Request be required to include: (a) the party's name
and address, (b) the name of the client (unless the party is appearing solely on its own
behalf), (c) an e-mail address at which the requesting party can be served, (d) an address at
which the requesting party may be served by U.S. mail, hand delivery, and overnight
delivery, and (e) a facsimile number for the requesting party. Furthermore, the Debtors
request that notwithstanding Bankruptcy Rules 2002 and 9010(b), no Notice Request be
deemed effective unless (x) it was made after entry of an order approving this Motion and (y)
(continued...)

have consented to electronic service of Filings and Adversary Pleadings, in accordance

with Section II(B) of the Electronic Procedures, except for: (a) the Debtors and their

undersigned counsel, (b) parties on the Master Service List (as defined below), (c) each

Committee, and prior to the appointment of an official committee of unsecured

creditors established in these cases pursuant to section 1102 of the Bankruptcy Code,

the Debtors' 50 largest unsecured creditors on a consolidated basis, (d) any department

or agency of the United States of America, including the Office of the United States

Attorney, as may be required in accordance with Section II(B)(3) of the Electronic

Procedures, or in accordance with a subsequent order of this Court, and (e) any party

who, in its Notice Request, (i) asks to be exempt from electronic service and (ii) files a

certification stating the reasons why the party does not want to receive notice by

electronic means (those parties listed in (a)-(e) above, collectively, the "E-mail Exempt

Parties"). No party may send notice to, or communicate with, the Office of the United

States Attorney by electronic means.

27.     Filing Deadline. Except as otherwise provided by the

Bankruptcy Code or the Bankruptcy Rules, the Debtors propose that for a Filing (other

than a motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)) to be

heard at the next-scheduled Omnibus Hearing Date, a movant or applicant must make

such Filing with this Court at least ten days prior to the next-scheduled Omnibus

---

[4]      (...continued)
         all of the foregoing requirements are satisfied.

Hearing Date (the "Filing Deadline"), and must serve such filing in accordance with the Notice Procedures (as defined below). Subject to paragraph 20 below, if such Filing is filed and served <u>fewer than ten days prior</u> to the next-scheduled Omnibus Hearing Date, the Debtors request that the hearing with respect to such Filing take place on the next Omnibus Hearing Date thereafter.

28.     In the event that a party cannot comply with the Filing Deadline and the Notice Procedures, the Debtors propose that such party be permitted to shorten the Filing Deadline and modify the Notice Procedures and have a Filing heard on the next Omnibus Hearing Date if and only if, for cause shown, this Court shortens such time and modifies the Notice Procedures under Fed. R. Bankr. P. 9006.

29.     <u>Scheduling Of Automatic Stay Motions</u>. Unless this Court orders otherwise, for good cause shown, when the Filing is a motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and when such motion is filed <u>more than 14 days before</u> the upcoming Omnibus Hearing Date, then the preliminary hearing date for such matter shall be set on such upcoming Omnibus Hearing Date. When the Filing in such matter is filed <u>fewer than 14 days before</u> the upcoming Omnibus Hearing Date, then the preliminary hearing for such matter shall be set at the Omnibus Hearing Date following the upcoming Omnibus Hearing Date. Except as specifically set forth herein, all other procedures for such motions shall otherwise conform to the Local Rules and the Bankruptcy Rules.

30.    <u>Objection Deadline</u>.  In the event that a Filing is a motion or

application for relief, the Debtors request any objection be filed (the "Objection

Deadline"):

    (a)    on the seventh calendar date before the applicable
Omnibus Hearing Date (or such other date upon which
the Court will consider the Filing) if the Filing is served
at least 20 days prior to the applicable Omnibus Hearing
Date; or

    (b)    on the third calendar date or the second business date,
whichever date occurs first, before the applicable
Omnibus Hearing Date (or such other date upon which
the Court will consider the Filing) if the Filing is served
fewer  than 20 but at least ten days prior to the applicable
Omnibus Hearing Date; or

    (c)    as otherwise ordered by this Court.

31.    In accordance with Local Rule 9074-1(c)(3), the Debtors

propose that the relief requested in a Filing be granted without a hearing if no

objection is timely filed.  The Debtors further request that, should a timely objection to

a Filing be submitted, the movant be allowed but not required to file a reply to such

objection or other responsive pleading at any time prior to the applicable Omnibus

Hearing Date.

B.    <u>Proposed Notice Procedures</u>

32.    To facilitate the Omnibus Hearing Date process, the Debtors

propose that every Filing be subject to the filing and notice procedures described

herein (the "Notice Procedures").  Specifically, the Debtors propose that all Filings

shall be served by overnight mail, courier, or by hand upon all parties with a

16

particularized interest in the subject of the Filing as well as the following parties or

entities (the "Master Service List"):[5]

      (a)    the Debtors and their counsel;

      (b)    the Office of the United States Trustee;

      (c)    the members of and counsel for each Committee;

      (d)    counsel for the agent under the Debtors' prepetition credit facility;

      (e)    counsel for the agent under the Debtors' proposed postpetition credit facility; and

      (f)    those parties who may be added to the Master Service List by the Debtors upon written request to the Debtors or as may be otherwise ordered by this Court for good and sufficient cause pursuant to the Local Rules and as required hereby.

33.    The Debtors, or their Court-appointed claims agent, will update

the Master Service List on a monthly basis to include the name, address, and e-mail

address of any party-in-interest who has made a written request for notice since the

preceding month. In the event that there has been a change to the Master Service List

since the prior month, an updated Master Service List will be filed with this Court on

the first business day of the following month. In addition, the Master Service List will

be provided to third parties upon request.

---

[5]    As described in more detail below (see paragraph 28 Service On 2002 List Parties), the Debtors propose that all other parties requesting notice be given only a notice of the filing and an opportunity to obtain the filing itself from the Debtors' or the court's web site, http://www.delphidocket.com and www.nysb.uscourts.gov, respectively, at such requesting party's sole cost and expense.

34.   <u>Additional Notice Parties</u>.  In addition to serving the parties on

the Master Service List, the Debtors propose that Filings for which particular notices

are required by Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6006, 6007, or 9019

be served in accordance with the following procedures, unless otherwise authorized by

this Court:

    (a)   filings related to the use, sale, lease, or abandonment of property other than in the ordinary course of business will be served on each entity asserting an interest in the property;

    (b)   filings related to relief from, or otherwise related to, the automatic stay will be served on each entity asserting a lien or encumbrance on the affected property;

    (c)   filings relating to the use of cash collateral or obtaining credit will be served on each adversely affected entity asserting an interest in the cash collateral or each adversely affected entity asserting a lien or other interest in property on which a lien is proposed to be granted;

    (d)   filings relating to approval of proposed compromises or settlements will be served on any entity that is a party to the compromise or settlement or which may be directly adversely affected thereby;

    (e)   filings relating to rights under section 365 of the Bankruptcy Code will be served on each party to the executory contract(s) or unexpired lease(s) affected thereby;

    (f)   filings relating to applications for payment of compensation or reimbursement of expenses shall be served on each professional person who is seeking payment of compensation or reimbursement of expenses and whose retention has been authorized by the Court in these cases; and

18

(g)     filings relating to the commencement of a case, the
        meeting of creditors under section 341 or 1104(b) of the
        Bankruptcy Code, the time for filing objections and the
        hearing to consider approval of a disclosure statement or
        a hearing to consider confirmation of a plan shall require
        notice in accordance with Bankruptcy Rule 2002.

(h)     notice of other matters for which the Bankruptcy Rules
        specifically require notice to all parties-in-interest will
        be served on all creditors and equity security holders of
        the Debtors and parties-in-interest, except as set forth
        herein or as otherwise authorized by this Court.

35.     Except as set forth herein or as otherwise authorized by this

Court, proceedings described in Bankruptcy Rule 2002 will be noticed in accordance

with the applicable provisions of such rules, as set forth more fully in the form of

proposed order attached hereto.

36.     Service On 2002 List Parties. The Debtors further propose that

any entity submitting a Filing be required to serve only a notice (the "Notice") of such

Filing by U.S. Mail or electronic mail, at the filing party's discretion (unless such party

has properly requested to be exempt from electronic service, in which case the filing

party must effect service by U.S. Mail), on all parties that filed a notice of appearance

or request for notice in these cases (the "2002 List Parties"). The Debtors propose that

the Notice be required to include the title of the Filing, the time and date of any

Objection Deadline, and the Omnibus Hearing Date (or other hearing date as ordered

by the Court) at which the Court will consider the Filing. The Debtors will update the

2002 List Parties on a periodic basis and provide such list upon request.

19

37.     Adversary Proceedings. Additionally, the Debtors request that

all initial Filings, complaints, and other pleadings filed in any adversary proceeding

commenced in these cases (the "Adversary Pleadings") be served by overnight mail,

courier, or hand delivery on (a) the Debtors and their counsel, (b) the Office of the

United States Trustee, (c) counsel for each Committee, (d) counsel for the agent under

the Debtors' prepetition credit facility, (e) counsel for the agent under the Debtors'

proposed postpetition credit facility, and (f) any parties required to be served under any

applicable Bankruptcy Rule or Local Rule.

38.     Service Of Responses. The Debtors request that all objections,

responses, or statements in support of Filings as well as any replies thereto

(collectively "Responses") need only be served by overnight mail, courier, or hand

delivery on the counsel who served such Filings plus (a) the Debtors and their counsel,

(b) the Office of the United States Trustee, (c) counsel to each Committee, (d) counsel

for the agent under the Debtors' prepetition credit facility, and (e) counsel for the agent

under the Debtors' proposed postpetition facility, provided that all such Responses are

served so as to be actually received by such parties on or prior to the applicable filing

deadline, as set forth herein.

### Notice Requests

39.     All timely filed Notice Requests for automatic receipt of copies

of Filings, Responses, Adversary Pleadings, and other documents or writings filed in

these cases and any adversary proceeding (collectively, the "Documents") will be accommodated as set forth herein.

40.    The Debtors propose that any party who files a Notice Request or notice of appearance in these cases will be added to the 2002 List Parties and will receive all Notices of Filings in these cases.

41.    In addition, the Debtors request that parties who have filed notices of appearance and who desire to be added to the Master Service List be required to make a written request to that effect to the Debtors. In the written request, the requesting party shall advise the Debtors of the party's interest in the bankruptcy cases and why cause exists for the party's inclusion on the Master Service List. The Debtors shall have 20 days to consider such request. If the Debtors either decline or fail to respond to the request within such 20-day period, the requesting party may move this Court in accordance with the Notice Procedures, for good cause shown, to be added to the Master Service List.

42.    On the last day of each calendar month, or as soon thereafter as is practicable, a copy of the Procedures Order, as may be modified or amended from time to time, shall be served by the Debtors on each party that has filed a notice of appearance or Notice Request in these cases during the preceding calender month.

### Failure To Comply With Notice Procedures

43.    If any person makes any Filing in contravention of the Notice Procedures by, among other things, setting a hearing on such Filing for a date and time

21

other than an Omnibus Hearing Date without an order from this Court authorizing such

hearing for cause, the Debtors propose to forward a copy of the Procedures Order to

such person within three business days after receipt. If such Filing is filed at least 20

days prior to the next scheduled Omnibus Hearing Date, then the Debtors propose that

the hearing with respect to such Filing be deemed scheduled for such Omnibus

Hearing Date. If such Filing is filed fewer than 20 days prior to the next Omnibus

Hearing Date, then the hearing with respect to such Filing would be the next Omnibus

Hearing Date thereafter.

44.     The foregoing procedures are designed to promote the goals of

the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules to secure the

expeditious, economical, and inexpensive determination of every matter, and to afford

specific notice to all parties-in-interest of applicable deadlines and hearing dates well

in advance of such deadlines and dates. Such procedures will also minimize the

amount of time at hearing dates that is devoted to scheduling matters and

continuances. Finally, such procedures should assist all parties-in-interest by affording

the parties and this Court reasonable time to prepare for hearing dates and hopefully

narrow the issues raised in their Filings. Hence, notice given in accordance with these

Notice Procedures should be deemed adequate pursuant to the Bankruptcy Code, the

Bankruptcy Rules, and the Local Rules.

45.     Nothing shall prejudice (a) the rights of any party-in-interest to

move the Court to further limit or expand notice of such matters and proceedings upon

22

a showing of good cause, including, but not limited to, the right to file a motion

seeking emergency ex parte consideration or consideration upon shortened time or (b)

the rights of any party to seek an enlargement or reduction of a time period under

Bankruptcy Rule 9006(b) or 9006(c).

C.   Copies Of Filings

46.   All Filings in these cases are available on the internet at

http://www.delphidocket.com and www.nysb.uscourts.gov (a PACER login and

password are required to access the Court's PACER system) and may be downloaded

for viewing or printing with Adobe® Acrobat® Reader.

47.   Upon request of any party, the Debtors will provide copies of

any Filings in these cases at the expense of the requesting party.

D.   Initial Case Conference

48.   The Debtors propose that the Court schedule, and the Debtors

provide notice of, an initial case management conference pursuant to section 105(d) of

the Bankruptcy Code and in accordance with Local Rule 1007-2(e) to consider the

efficient administration of the case, potentially including, among other things, such

topics as retention of professionals, creation of a committee to review budget and fee

requests, use of alternative dispute resolution, timetables, and scheduling of additional

case management conferences.  The Debtors will give notice by mail of the

aforementioned conference and any proposed order at least seven days prior to the

23

scheduled conference to each committee appointed to serve in the case pursuant to 11

U.S.C. § 1102 (or, if no committee has been appointed, to the holders of the ten largest

unsecured claims), the holders of the five largest secured claims, any postpetition

lender to the Debtor, and the Office of the United States Trustee, and shall promptly

file electronically a proof of service of such notice with the Clerk of the Court.

Applicable Authority

49.     Section 105(a) of the Bankruptcy Code grants bankruptcy courts

broad authority and discretion to enforce the provisions of the Bankruptcy Code either

under specific statutory fiat or under equitable common law principles.  Specifically,

section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or
> appropriate to carry out the provisions of this title.  No provision of this
> title providing for the raising of an issue by a party-in-interest shall be
> construed to preclude the court from, sua sponte, taking any action or
> making any determination necessary or appropriate to enforce or
> implement court orders or rules, or to prevent the abuse of process.

11 U.S.C. § 105(a).

50.     The Debtors believe that adopting the Omnibus Hearing Date

process and the Notice Procedures will substantially reduce administrative burdens and

result in substantial cost savings to the Debtors' estates because of the reduction of

time and money the Debtors will have to expend on the numerous hearings that would

be held before this Court.  The Debtors further believe that adopting the Omnibus

Hearing Date process and Notice Procedures will also significantly reduce the

24

administrative and economic burden placed on creditors and parties-in-interest when filing and serving the documents in these cases and appearing at hearings.

51.    The establishment of Omnibus Hearing Dates in particular will promote the efficient and orderly administration of these cases.  Early notice to all parties-in-interest of regular, monthly hearings will enable everyone to plan efficiently for the use of hearing time, will avoid much of the need for emergency hearings, and will lessen the burden on the Court and on the Debtors' estates.  For these reasons, the Debtors believe that a schedule of monthly Omnibus Hearing Dates is in the best interests of the Debtors' estates.

52.    In addition, the Debtors believe that adopting procedures for notice of evidentiary hearings will promote the efficiency of these cases and fulfill the requirements of amended Rule 9014.  By requiring parties-in-interest, including the Debtors, to identify their evidence and witnesses in advance, all parties will have adequate notice of the nature of the proceeding and it will be less likely that the hearing on the contested matter would be unnecessarily delayed.

53.    Bankruptcy Rule 2002(a) provides that, unless otherwise ordered by the court, notice of certain matters must be given to, among others, all of the Debtors' creditors, equity security holders, and other parties-in-interest.  The Bankruptcy Rules, further provide, however, that "[t]he Court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these

rules." Fed. R. Bankr. P. 2002(m); Fed. R. Bankr. P. 9007 ("[W]hen notice is to be given under these rules, the Court shall designate, if not otherwise specified herein, . . . the form and manner in which the notice shall be given.").

54.     Section 102(l) of the Bankruptcy Code provides that when the statute permits an action to occur "after notice and a hearing," such action may occur "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances . . . ." 11 U.S.C. § 102(l)(A).

55.     As explained above, this case is large and complex, is expected to be fast-moving, and involves tens of thousands of creditors and parties-in-interest. Many of these parties may have various issues of concern that may be brought to this Court for redress. The Debtors expect numerous parties to file Notice Requests and Filings as these cases proceed. The costs and burdens associated with the possibility of numerous, fragmented hearings, plus the costs associated with copying and mailing or otherwise serving all Filings to parties without the limitation proposed herein, will impose an administrative and economic burden on the Debtors' estates, this Court, and the parties-in-interest.

56.     Indeed, mass mailings would be extraordinarily costly to the Debtors' estates and would require the Debtors to divert limited resources to comply with all administrative requirements. For example, the cost of copying and serving a 25-page motion on 450 parties by first-class mail would exceed $1,500. Additionally,

26

the continual drafting and filing of motions to limit notice for each use, sale, or lease

of the Debtors' property out of the ordinary course of business and for various

compromises and settlements would increase the administrative and economic burden

on the Debtors' estates.

57.    Pursuant to the terms of the Omnibus Hearing Date, process,

and Notice Procedures, all parties-in-interest who may be directly affected by the relief

sought by a particular Filing, objection, or Adversary Pleading will receive notice of

such Filing, objection, or Adversary Pleading directly from the party submitting such

documents to the Court well in advance of the applicable Hearing Date.  Under the

proposed Notice Procedures, all parties will be assured of receiving appropriate notice

of matters affecting their interests and an ample opportunity to prepare and respond.

Thus, no party will be adversely affected by such procedures.

58.    Limited notice procedures are routinely granted by bankruptcy

courts in large chapter 11 cases in this jurisdiction and others so as to reduce the

expense of the administration of the estate. See, e.g., In re Tower Auto., Inc., Case No.

05-10578 (ALG) (Bankr. S.D.N.Y. 2005); In re Spiegel, Inc., Case No. 03-11540 (CB)

(Bankr. S.D.N.Y. 2003); In re WorldCom, Inc., Case No. 02-13533 (AJG), 2002 WL

1732647 (Bankr. S.D.N.Y. July 22, 2002); In re The Warnaco Group, Inc., Case No.

01-41643 (RLB) (Bankr. S.D.N.Y. 2001); In re The Singer Company N.V., Case Nos.

99-10578 through 99-10607 (BRL), 99-10613 (BRL), 99-10616 through 99-10629

(BRL) and 00-10423 (BRL) (Bankr. S.D.N.Y. 1999);  see also In re Kmart Corp., Case

27

No. 02-02474 (SPS) (Bankr. N.D. Ill. 2002); In re Comdisco, Inc., Case No. 01-24795

(RB) (Bankr. N.D. Ill. 2001). For these reasons, the Debtors believe the scheduling

and Notice Procedures are appropriate and should be approved and implemented in

these cases.

Notice

59.    Notice of this Motion has been provided by facsimile, electronic

transmission, overnight delivery or hand delivery to (a) the Office of the United States

Trustee, (b) the Debtors' 50 largest unsecured creditors, (c) counsel for the agent under

the Debtors' prepetition credit facility, and (d) counsel for the agent under Debtors'

proposed postpetition credit facility. In light of the nature of the relief requested, the

Debtors submit that no other or further notice is necessary.

Memorandum Of Law

60.    Because the legal points and authorities upon which this Motion

relies are incorporated herein, the Debtors respectfully request that the requirement of

the service and filing of a separate memorandum of law under Local Rule 9013-1(b) be

deemed satisfied.

WHEREFORE, the Debtors respectfully request that the Court enter an

order (a) directing that all matters in these chapter 11 cases be heard at monthly

hearings to be scheduled in advance by the Court, (b) establishing notice procedures

for evidentiary hearings, (c) providing procedures for timely filing pleadings so that the

underlying matters will be scheduled to be heard by the Court at an appropriate

28

Omnibus Hearing Date, (d) limiting the notice procedures in these chapter 11 cases,

(e) establishing procedures for responding to requests for copies of filings in these

chapter 11 cases, (f) scheduling an initial case conference, and (g) granting the Debtors

such other and further relief as is just.

Dated:  New York, New York
        October 8, 2005


                        SKADDEN, ARPS, SLATE, MEAGHER
                        & FLOM LLP


                        By:  s/ John Wm. Butler, Jr.
                             John Wm. Butler, Jr. (pro hac vice motion pending)
                             John K. Lyons
                             Ron E. Meisler
                        333 West Wacker Drive, Suite 2100
                        Chicago, Illinois  60606
                        (312) 407-0700

                                - and -

                        By:  s/ Kayalyn A. Marafioti
                             Kayalyn A. Marafioti (KM 9632)
                             Thomas J. Matz (TM 5986)
                        Four Times Square
                        New York, New York 10036
                        (212) 735-3000

                        Attorneys for Delphi Corporation, et al.,
                            Debtors and Debtors-in-Possession


                                  29