UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                                                                 :
         In re                                                   :
                                                                 :   Chapter 11
DELPHI CORPORATION, et al.,                                      :
                                                                 :   Case No. 05 – _____ (___)
                                                                 :
                                     Debtors.                    :   (Jointly Administered)
                                                                 :
---------------------------------------------------------------- x

## INTERIM ORDER UNDER 11 U.S.C. § 331 (I) ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS AND (II) SETTING A FINAL HEARING THEREON

("INTERIM COMPENSATION INTERIM ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"),[1] of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an interim order (the "Order") under section 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), (a) establishing procedures for interim compensation and reimbursement of expenses of court-approved professionals (the "Chapter 11 Professionals") and (b) setting a final herein thereon; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it

---

[1]    Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. Except as may otherwise be provided in subsequent orders of this Court authorizing the retention of Chapter 11 Professionals, all professionals in these cases may seek interim compensation and reimbursement of expenses in accordance with the following procedure:

(a) On or before the last day of the month following each calendar month for which compensation is sought, each professional will serve a monthly statement by hand or overnight delivery upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098, Att'n: General Counsel, (ii) Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606, Att'n: John Wm. Butler, Jr., Esq., (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10044, Att'n: Alicia M. Leonhard, Esq. (the "U.S. Trustee"), (iv) counsel for any official committee appointed in these cases, (v) counsel for the agent under the Debtors' prepetition credit facility, and (vi) counsel for the agent under the Debtors' postpetition credit facility (collectively, the "Notice Parties").

(b) The monthly statement need not be filed with this Court and a courtesy copy need not be delivered to the presiding judge's chambers because this Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code, and the Chapter 11 Professionals are still required to serve and file interim and

2

final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules for the United States Bankruptcy Court, Southern District of New York (the "Local Rules").

       (c)    Each monthly fee statement must contain a list of the individuals and their respective titles (e.g., attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour. No professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to this Court's Administrative Orders, dated June 24, 1991 and April 21, 1995, or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, dated January 30, 1996.

       (d)    Each person receiving a statement will have at least 15 days after its receipt to review it. In the event that he or she has an objection to the compensation or reimbursement sought in a particular statement, he or she will, by no later than the 45th day following the month for which compensation is sought, serve upon the professional whose statement is objected to, and the Notice Parties, a written "Notice Of Objection To Fee Statement" setting forth the nature of the objection and the amount of fees or expenses at issue.

       (e)    At the expiration of the 45-day period, the Debtors will promptly pay 80% of the fees and 100% of the expenses identified in each monthly statement to which no objection has been served in accordance with paragraph (d). Any disbursements from the

holdback amount shall be made in accordance with the recommendation of the Fee Committee and/or as may be determined by this Court.

(f) If the Debtors receive an objection to a particular fee statement, they shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e).

(g) Similarly, if the parties to an objection are able to resolve their dispute following the service of a Notice Of Objection To Fee Statement, and if the party whose statement was objected to serves upon all of the Notice Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtors will promptly pay, in accordance with paragraph (e), that portion of the fee statement which is no longer subject to an objection.

(h) All objections that are not resolved by the parties will be preserved and presented to this Court at the next interim or final fee application hearing to be heard by this Court (see paragraph (j) below).

(i) The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to this Court in accordance with the Bankruptcy Code on any ground, whether raised in the objection or not. Furthermore, the decision by any party not to object to a fee statement will not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to this Court in accordance with the Bankruptcy Code.

(j) Approximately every 120 days, but no more than every 150 days, each of the Chapter 11 Professionals will serve and file with this Court an application for interim

or final court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code, as the case may be, of the compensation and reimbursement of expenses requested.

(k) Any professional who fails to file when due an application seeking approval of compensation and expenses previously paid under these procedures when due (i) shall be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of this Court and (ii) may be required to disgorge any fees paid since his or her retention or the last fee application, whichever is later.

(l) The pendency of an application or an order that payment of compensation or reimbursement of expenses was improper as to a particular statement will not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by this Court.

(m) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any of the Chapter 11 Professionals.

(n) In the event of the administrative insolvency of the Debtors, the Creditors' Committee or the U.S. Trustee may seek contribution of any unapplied retainers to fund pro rata payments to retained professionals whose claims are not paid through any carve-out amount that had been established by a financing order in these cases and the rights of all retained professionals holding such retainers shall be fully reserved with respect to any such application.

(o) Counsel for each official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the committee he or

she represents; provided, however, that such committee counsel ensures that these reimbursement requests comply with this Court's Administrative Orders, dated June 24, 1991 and April 21, 1995.

3. Each professional may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and reimbursement for expenses incurred during the period beginning on the date of the professional's retention and ending on November 30, 2005.

4. The Debtors shall include all payments to professionals on their monthly operating reports, detailed so as to state the amount paid to each of the professionals.

5. Any party-in-interest may object to requests for a monthly payment made pursuant to this Order on the grounds, among others, that the Debtors have not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists, by seeking further order of this Court. Otherwise, this Order shall continue and shall remain in effect during the pendency of these cases.

6. All fees and expenses paid to Chapter 11 Professionals under these compensation procedures are subject to disgorgement until final allowance by this Court.

7. Service of interim fee applications and final fee applications (collectively, the "Applications") may be limited to the Notice Parties.

8. All other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases shall be entitled to receive only notice of hearing on the Applications.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. This Court hereby directs that, on or before November 15, 2005, each of the U.S. Trustee, the Debtors, and the Creditors' Committee advise the Debtors' attorneys of the identity of and contact information for its appointee(s) to the Fee Committee. On or before December 15, 2005, the Fee Committee will submit to this Court for its approval a protocol regarding the Fee Committee, its composition, mandate, and procedures, generally in the form of the suggested model protocol attached as <u>Exhibit A</u> hereto.

11. This Court hereby authorizes the Fee Committee to retain such professionals, including, without limitation, separate counsel and a fee examiner, as it reasonably determines necessary and such professionals shall be authorized to provide such services as the Fee Committee reasonably determines will allow it to fulfill its duties economically and effectively.

12. This Order shall remain in full force and effect until such time as this Court approves a final order.

13. The Debtors shall serve a notice of the final hearing to approve the Application (the "Notice"), substantially in the form attached hereto as <u>Exhibit B</u>, on (a) the Office of the United States Trustee, (b) the Debtors' 50 largest unsecured creditors, (c) counsel for the agent under the Debtors' prepetition credit facility, (d) counsel for the agent under the Debtors' proposed postpetition credit facility, and (e) any committee appointed under section 1102 of the Bankruptcy Code. Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid. No further notice of the final hearing to approve the Motion or of the entry of this Order need be served by the Debtors.

14. Objections, if any, to approval of the Motion on a final basis must be in writing and filed timely in accordance with the requirements set forth in the Notice. If timely

written objections are received, there shall be a hearing held on ●, 2005 at **[time]** to determine whether to approve, on a final basis, the relief requested in the Motion.

15. If no written objections to the relief requested in the Motion are filed timely, sent, and received in accordance with the Notice and this Order, a final order will be submitted which will provide that the Motion shall be granted in its entirety.

16. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

17. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

(a) In the event of the administrative insolvency of the Debtors, the Creditors' Committee or the U.S. Trustee may seek contribution of any unapplied retainers to fund pro rata payments to retained professionals whose claims are not paid through any carve-out amount that had been established by a financing order in these cases and the rights of all retained professionals holding such retainers shall be fully reserved with respect to any such application.

Dated:   New York, New York
         October__, 2005

                                              _____
                                              UNITED STATES BANKRUPTCY JUDGE