UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05 –_____ (___) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SCHEDULING ORDER ON DEBTORS' MOTIONS TO
(I) REJECT COLLECTIVE BARGAINING AGREEMENTS UNDER SECTION 1113(c) AND
(II) ELIMINATE RETIREE MEDICAL AND LIFE INSURANCE BENEFITS
FOR UNION-REPRESENTED RETIREES UNDER SECTION 1114(g)

("SECTION 1113 AND 1114 SCHEDULING ORDER")

Upon the Motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation

and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C.

§§ 1113 and 1114 of the Bankruptcy Code[1] and Fed. R. Bankr. P. 2002(m) and 9006 (the

"Bankruptcy Rules") establishing notice procedures, briefing schedule, and hearing date

regarding the Debtors' Motions To (a) Reject Collective Bargaining Agreements Under Section

1113(c) And (b) Eliminate Retiree Medical And Life Insurance Benefits For Union-Represented

Retirees Under Section 1114(g) (the "1113/1114 Motions"); and upon the Affidavit Of Robert S.

Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005;

and upon the record of the hearing held on the Motion; and this Court having determined that the

relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors,

---

[1]    As used herein, the term "Bankruptcy Code" means chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended.

and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED.

2.      On or before October 21, 2005, the Debtors shall provide their International Unions[2] with written postpetition proposals pursuant to 11 U.S.C. § 1113 for modifications to their existing national collective bargaining agreements with the Debtors that are necessary to accomplish the Debtors' reorganization, as well as relevant information necessary for those International Unions to evaluate the proposals.

3.      In the event that the parties are unable to reach agreement on modification to the national agreements by November 18, 2005, the Debtors shall serve proposals to modify all of the local agreements as well.

4.      On November 18, 2005, if they have not already done so, the Debtors shall provide any "authorized representative"[3] of the retirees (including any Retiree Committee or International Union which elects to represent its retirees) with written postpetition proposals pursuant to 11 U.S.C. § 1114 for elimination of their retiree medical and life insurance benefits, as well as relevant information necessary for the authorized representatives to evaluate the proposals.

---

[2]      The International Unions, as that term is used herein, are the United Auto Workers, the International Union Of Electronic, Electrical, Salaried, Machine And Furniture Workers-Communications Workers Of America, the United Steelworkers Of America, the International Association Of Machinists And Aerospace Workers, the International Brotherhood Of Electrical Workers, and the International Union of Operating Engineers.

[3]      As used herein, the term "authorized representative" is as defined in 11 U.S.C. § 1114(b).

2

5.      The Debtors shall file and serve upon the relevant International Unions and their counsel the 1113/1114 Motions, with a copy to this Court's chambers, so as to be received no later than 5:00 p.m. on December 16, 2005.

6.      Any opposition to the 1113/1114 Motions shall be filed and served upon the Debtors and their counsel, with a copy to this Court's chambers, so as to be received no later than 5:00 p.m. on January 4, 2006.

7.      Any reply by the Debtors to any opposition to the 1113/1114 Motions shall be filed and served upon the relevant International Unions and their counsel, with a copy to this Court's chambers, so as to be received no later than 5:00 p.m. on January 11, 2006.

8.      This Court shall conduct a hearing on the Debtors' 1113/1114 Motions beginning at 10:00 a.m. on January 17, 2006.

9.      Copies of the 1113/1114 Motions shall be served, along with notice of hearing, via facsimile or overnight mail on (a) the relevant International Unions, (b) the Office of the United States Trustee, (c) the Debtors' 50 largest unsecured creditors, (d) counsel for the agent under the Debtors' prepetition credit facility, and (e) counsel for the agent under the Debtors' proposed postpetition credit facility.  In light of the nature of the relief requested, no other or further notice is necessary.

10.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

11.        The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Motion.

Dated:        New York, New York
            October __, 2005


_____
UNITED STATES BANKRUPTCY JUDGE