UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x
                                            :

In re                        :     Chapter 11

DELPHI CORPORATION, et al.,   :     Case No. 05-_____ (___)

                   Debtors.   :     (Jointly Administered)

------------------------------ x

ORDER (I) APPOINTING UNIONS AS AUTHORIZED REPRESENTATIVES FOR UNION-REPRESENTED RETIREES UNDER 11 U.S.C. §§ 1114(c) AND 1114(d) OR, IN THE ALTERNATIVE, (II) ESTABLISHING PROCEDURES FOR SOLICITATION, NOMINATION, AND APPOINTMENT OF COMMITTEE OF RETIRED EMPLOYEES

("RETIREE COMMITTEE ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. § 1114 and Fed. R. Bankr. P. 2002(m) and 9006 (the "Bankruptcy Rules") (a) appointing the International Unions[1] as authorized representatives[2] for Union-represented retirees under sections 1114(c) and (d) of the Bankruptcy Code,[3] or, in the alternative, (b) establishing procedures for solicitation, nomination, and appointment of a committee of retired hourly employees to serve as the authorized representative of those retired hourly employees of the Debtor who are entitled to receive "retiree benefits" within the meaning of section 1114(a) of the

---

[1]     The International Unions, as that term is used herein, are the United Auto Workers, the International Union Of Electronic, Electrical, Salaried, Machine And Furniture Workers-Communications Workers Of America, the United Steelworkers Of America, the International Association Of Machinists And Aerospace Workers, the International Brotherhood Of Electrical Workers, and the International Union of Operating Engineers.

[2]     As used herein, the term "authorized representative" is as defined in 11 U.S.C. § 1114(b).

[3]     As used herein, the term "Bankruptcy Code" means chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended.

Bankruptcy Code, and who are not represented in these bankruptcy cases by a labor organization acting as their authorized representative (the "Retiree Committee"); and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED.

2. Retirees (and, to the extent applicable, their surviving spouses, dependants, and beneficiaries)[4] whose retiree medical and life insurance benefits[5] were initially conferred by a collective bargaining agreement between the Debtors and an International Union ("Union Retirees") shall be deemed to be represented by their respective International Unions as their authorized representative for purposes of section 1114, and shall not be a member of any Retiree Committee appointed in these cases, until further order of this Court, unless any such International Union gives written notice to the Debtors that it will not serve as such retirees' authorized representative, such written

---

[4] Section 1114(a) includes payments to surviving spouses and dependents of retired employees.

[5] 11 U.S.C. § 1114(a) defines "retiree benefits" which shall be referred to herein as "retiree medical and life insurance benefits" to mean: payments to any entity or person for the purpose of providing or reimbursing payments for retired employees and their spouses and dependents, for medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, or death under any plan, fund, or program (through the purchase of insurance or otherwise) maintained or established in whole or in part by the debtor prior to filing a petition commencing a case under this title. 11 U.S.C. § 1114(a).

notice being delivered so as to be actually received by the Debtors' counsel (and others as set forth in paragraph 3, below) on or before October 18, 2005.

3. The International Unions shall give such notice of their election to the Debtors, their counsel, and the U.S. Trustee via overnight mail or facsimile at the following addresses:

    Kevin M. Butler
    Vice President, Human Resource Management
    Delphi Corporation
    5725 Delphi Drive
    Troy, Michigan 48098-2815
    Facsimile: (248) 813-2670

    John Wm. Butler, Jr.
    John K. Lyons
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    333 West Wacker Drive, Suite 2100
    Chicago, Illinois 60606
    Facsimile: (312) 407-0411

    Robert Siegel
    Tom Jerman
    O'MELVENY & MYERS LLP
    1625 Eye Street, NW
    Washington, DC  20006
    Facsimile: (202) 383-5414

    Alicia M. Leonhard
    Office of the United States Trustee
    33 Whitehall Street, 21st Floor
    New York, New York 10004
    Facsimile: (212) 668-2255

4. In the event that an International Union elects not to represent its respective Union Retirees for purposes of section 1114, and gives notice of such election in accordance with the foregoing paragraphs 2 and 3, the Debtors shall solicit Union Retirees from each such "Unrepresented Union" to serve as an authorized representative

on the Retiree Committee. Nominations for representative(s) shall be solicited from all Union Retirees for each Unrepresented Union (the "Unrepresented Union Retirees").

5. The form of the "Request for Nominations to Retiree Committee" and "Response to Request for Nominations to Retiree Committee," attached hereto as <u>Exhibit A</u>, are hereby approved and shall be served by regular mail to all "Unrepresented Union Retirees" on or before October 21, 2005, if necessary.

6. Unrepresented Union Retirees receiving retiree medical and life insurance benefits covered by a collective bargaining agreement shall have until November 4, 2005, to submit to the Debtors a Response to Request for Nominations to Retiree Committee.

7. Once the Debtors have received nominations for representatives from any Unrepresented Union Retirees, the Debtors shall review the nominations with the Office of the United States Trustee (the "U.S. Trustee"), who may choose to recommend nominees to the Court. The Debtors shall consult with the U.S. Trustee to determine the appropriate membership of the Retiree Committee to best reflect the composition of the retirees to be represented by the Retiree Committee.

8. On or before November 8, 2005, the Debtors shall file with this Court a list of proposed candidates to serve on the Retiree Committee for appointment by this Court. All Unrepresented Union Retirees shall have received a notice substantially in the form of <u>Exhibit A</u>, attached hereto, indicating that the list of proposed candidates will be available at www.delphidocket.com or may be obtained by contacting the Debtors' claim agent, whose contact information shall be contained in the notice. In addition, service of such list shall be made to the Debtors' International Unions, the U.S. Trustee, the official

committee of unsecured creditors (the "Creditors' Committee"), and other parties that have requested service of all pleadings on these cases.

9. If no party files an objection to the proposed slate of candidates and serves such objection upon the Debtors, the U.S. Trustee, and the Creditors' Committee on or before November 15, 2005, this Court will order the appointment of such candidates to a single Retiree Committee to represent all Unrepresented Union Retirees under section 1114 of the Bankruptcy Code without further notice or hearing.

10. If any objection is filed and such objection is served upon the Debtors, the U.S. Trustee, and the Creditors' Committee, then this Court may order an expedited hearing to determine the composition of the Retiree Committee.

11. The appointment of an International Union and/or a Retiree Committee pursuant to the procedures set forth hereunder shall be for the sole purpose of representing retirees in connection with their rights arising under sections 1114 and 1129(a)(13) of the Bankruptcy Code and for no other purpose.

12. This court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

13. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
         October __, 2005

_____
UNITED STATES BANKRUPTCY JUDGE