UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :
In re                                 :    Chapter 11
                                      :
DELPHI CORPORATION, et al.,           :    Case No. 05 – _____ (___)
                                      :
            Debtors.                  :    (Jointly Administered)
                                      :
------------------------------------- x

PROTECTIVE ORDER
UNDER 11 U.S.C. §§ 1113(d)(3) AND 1114(k)(3)

("PROTECTIVE ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the bove-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 1113(d)(3) and 1114(k)(3) of the Bankruptcy Code to expedite the disclosure of information in this proceeding in a manner consistent with the need to protect the confidentiality of certain elements of that disclosure; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005; and upon the record of the hearing held on the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. This Protective Order governs the handling of "relevant information" to the Debtors' proposal for modifications to the collective bargaining agreements between the Debtors and "authorized representatives" of the Debtors' employees (as that term is used in sections 1113 and 1114). "Relevant information" consists of (a) any and all information that is obtained or exchanged between the Debtors and authorized representatives of the Debtors' employees (collectively, the "Parties") in furtherance of (i) any negotiations between the Debtors and authorized representatives of the Debtors' employees or retirees and (ii) any and all proceedings within the scope of section 1113 or section 1114 (individually, a "Section 1113 Matter" or "Section 1114 Matter," and collectively, the "Sections 1113 and 1114 Matters"); (b) documents, deposition testimony, answers to interrogatories, and answers to requests for admissions (including any information derived from those documents, deposition testimony, answers to interrogatories, and answers to requests for admissions) that are obtained in connection with any Section 1113 Matter or Section 1114 Matter; and (c) any and all information that is disclosed through an order of the Court or a stipulation approved by the Court in connection with a Section 1113 Matter or Section 1114 Matter. "Relevant information" may also include documents exchanged pursuant to a formal or informal request.

3. Some relevant information may constitute confidential, commercial, proprietary, or otherwise non-public information qualifying for protective treatment pursuant to sections 1113(d)(3) or 1114(k)(3) of the Bankruptcy Code. To this end, the Parties shall designate such material as "confidential material" and shall handle such material in a manner consistent with the terms of this Order.

2

4.  The Parties shall endeavor at a later date to establish stipulated procedures for the designation and handling of confidential material during depositions and at hearings related to a Section 1113 Matter or Section 1114 Matter.

5.  All relevant information shall be used by the Parties to a matter, or by any other entity subject to the terms of this Order, solely for the preparation and hearing(s) of, or resolution of the Section 1113 Matter or Section 1114 Matter and for no other purpose.

6.  If a Party to a matter believes that the relevant information to be disclosed constitutes confidential material, it may so designate that material by stamping or otherwise marking that material with the legend "CONFIDENTIAL" or, in the case of relevant information produced pursuant to a discovery request or a subpoena to a non-Party, by sending a letter to the other Parties so designating the material as confidential.

7.  In the absence of written permission from the disclosing Party or an order of the Court, confidential material (and any information derived therefrom) may be reviewed or inspected by, or otherwise disclosed only to, the following persons:

    (a)  the authorized representatives and counsel listed at the conclusion of this Order (the "parties of record"), as may be modified at the discretion of the Court pursuant to any future application by any of the Parties;

    (b)  employees of, or attorneys affiliated with, the parties of record who are assisting with the preparation and prosecution of the Section 1113 Matter or Section 1114 Matter;

    (c)  bona fide experts assisting the parties of record, <u>provided, however,</u> that they agree in advance in writing to be bound by the terms of this Order;

3

   (d) qualified persons (<u>e.g.</u>, court reporters) recording testimony involving such documents or information and necessary stenographic and clerical personnel thereof; and

   (e) this Court and its staff on this matter.

  8. Before any confidential material is reviewed or inspected by or otherwise disclosed to any person listed in paragraphs 7(b) or 7(c), the party of record being assisted by those persons shall be responsible for ensuring that those persons are familiar with the terms of this Order and for otherwise taking reasonable steps to ensure that those persons comply with the terms of this Order.

  9. Any Party may object to the designation of confidential material. Such objection shall be made by a letter to the Party claiming confidentiality, which letter shall identify the confidential material to which the objection is addressed and the grounds for the objection. Within a reasonable period of time after receiving such letter from the objecting Party, the Party claiming confidentiality shall either inform the objecting Party of the basis for its assertion of confidentiality or withdraw the designation of confidentiality. If the dispute is not resolved thereafter through consultation, the objecting Party shall send the Party claiming confidentiality a letter stating that consultation has been ineffective. The Party claiming confidentiality shall then apply to the Court, within 14 days after receiving such letter, for a ruling that the material sought to be protected is entitled to such status and protection. The Party claiming protection shall have the burden of showing good cause for protecting the material. In the event of a dispute concerning the designation of confidential material as to which application to the Court is filed within the requisite time period, the material designated as confidential shall be treated as such under this Order until the Court orders to the contrary.

10. Nothwithstanding the provisions of paragraph 9, any Party may, within ten business days of receipt of confidential material, file with the Court a motion seeking modification of the terms of this Order as applied to such confidential material.

11. If any Party wishes to file with the Court any confidential material or any information derived therefrom, such material or information shall be filed with the Court under seal so as to be accorded treatment consistent with the terms of this Order. Upon consultation, this requirement may be waived by the Party that disclosed the material or information, and the Parties shall be reasonable in granting such waivers as necessary to avoid needlessly burdening the record with materials and papers filed under seal.

12. Within 30 days after final termination of all Sections 1113 and 1114 Matters, including all appeals between the Debtors and an authorized representative of the Debtors' employees, each Party shall either (a) return all confidential material to the producing Party (including any copies, extracts, or summaries thereof or documents containing information taken therefrom, but excluding any materials which in the judgment of counsel reflect the work product of the recipient) or (b) destroy all such material and deliver to the producing Party an affidavit indicating that such destruction of material has occurred.

13. The final termination of all Sections 1113 and 1114 Matters shall not relieve any person who has received or reviewed confidential materials from the obligations imposed by this Order, and the Court shall retain jurisdiction after such final termination to modify or enforce the provisions of this Order.

14. This Order does not prejudice the right of any party to seek additional protection of any relevant information, including an order that certain materials need not be disclosed.

15. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. Moreover, the failure to designate confidential material in accordance with the provisions of this Order, or the failure to object to such designation at any given time, shall not preclude the later filing of a motion seeking to obtain such designation or challenging the propriety thereof. The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and shall not relieve any party of the obligation of producing information in the course of discovery.

16. Inadvertent disclosure of any privileged or work product material shall not be deemed to waive or impair any otherwise valid claim of privilege or protection, including, but not limited to, the attorney-client privilege and the protection afforded to work product materials. The parties will work in good faith to arrange for an appropriate procedure to handle assertions that a party has inadvertently disclosed purportedly privileged documents.

17. In the event that any Party discloses confidential material and inadvertently fails to designate it as such, the Party may notify the recipient and substitute a properly designated copy or copies, at which time the recipient shall destroy the earlier, undesignated version and deliver to the disclosing party an affidavit indicating that such destruction of the material has occurred.

18. This Protective Order is not intended to create, expand, or contract substantive rights or privileges. It is intended solely to provide a procedural mechanism to enable the Parties to raise claims and preserve issues in a format which facilitates the disclosure process.

19. "Parties of record" includes:

>DELPHI CORPORATION
>5725 Delphi Drive
>Troy, Michigan 48908
>
>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
>333 West Wacker Drive
>Chicago, Illinois 60606
>
>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
>Four Times Square
>New York, New York 10036
>
>SHEARMAN & STERLING LLP
>599 Lexington Avenue
>New York, New York 10022
>
>O'MELVENY & MYERS LLP
>1625 Eye Street, NW
>Washington, D.C. 20006
>
>UNITED AUTO WORKERS (UAW)
>8000 East Jefferson Avenue
>Detroit, Michigan 48214
>
>INTERNATIONAL UNION OF ELECTRONIC, ELECTRICAL, SALARIED, MACHINE AND FURNITURE WORKERS-COMMUNICATIONS WORKERS OF AMERICA (IUE-CWA)
>501 Third Street, NW, Sixth Floor
>Washington, D.C. 20001
>
>UNITED STEELWORKERS OF AMERICA (USWA)
>Five Gateway Center
>Pittsburgh, Pennsylvania 15222
>
>INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS (IAM)
>9000 Machinists Place
>Upper Marlboro, Maryland 20772-2687
>
>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS (IBEW)
>900 Seventh Street, NW
>Washington, D.C. 20001

       INTERNATIONAL UNION OF OPERATING ENGINEERS (IUOE)
       1125 17th St., NW
       Washington D.C. 20036

20.   The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

21.   The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
           October __, 2005

                                           _____
                                           UNITED STATES BANKRUPTCY JUDGE