<u>Exhibit A</u>

_____, 2005

TO:   [Essential Trade Creditor]
      [Name]
      [Address]

Dear Valued Supplier:

   As you are no doubt aware, on October 8, 2005 (the "<u>Petition Date</u>"), Delphi Corporation ("<u>Delphi</u>"), together with certain of its U.S. affiliates (collectively, the "<u>Debtors</u>"), filed voluntary petitions under chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§ 101-1330, as amended) in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Cases</u>" and the "<u>Bankruptcy Court</u>," respectively). On the Petition Date, we requested the Bankruptcy Court's authority to pay certain suppliers in recognition of the importance of continuity in our business operations and our desire that the Bankruptcy Cases have as little effect on our operations as possible. On October __, 2005, the Bankruptcy Court entered an order (the "<u>Order</u>") authorizing us, under certain conditions, to pay pre-bankruptcy claims of certain suppliers that agree to the terms set forth below and to be bound by the terms of the Order. A copy of the Order is enclosed.

   To receive payment on pre-bankruptcy claims, each selected supplier must agree to continue supplying goods to the Debtors based on "Customary Trade Terms." In the Order, Customary Trade Terms are defined as MNS-2 payment terms and those other terms and conditions as are embodied in the Delphi's General Terms and Conditions or such other more favorable trade terms, practices and programs (including, but not limited to, credit limits, pricing, cash discounts, timing of payments, allowance, rebates, coupon reconciliation, normal product mix and availability, and other applicable terms and programs) in effect between such supplier and the Debtors in the twelve months prior to the Petition Date.

   For purposes of administration of this trade program as authorized by the Bankruptcy Court, the Debtors and you agree as follows:

   (a) The estimated balance of the prepetition trade claim (net of any setoffs, credits or discounts (the "<u>Trade Claim</u>") that the Debtors will provisionally pay you is $_____.

   (b) You will provide MNS-2 payment terms or such other more favorable payment terms in effect between such supplier and the Debtors in the twelve months prior to the Petition Date as follows: (if more space is required, attach continuation pages) (as necessary).

   (c) In consideration for the payment described herein, you agree not to file or otherwise assert against any or all of the Debtors, their estates, or any other person or

entity or any of their respective assets or property (real or personal) any lien (regardless of the statute or other legal authority upon which such lien is asserted) related in any way to any remaining prepetition amounts allegedly owed to you by the Debtors arising from agreements entered into prior to the Petition Date. Furthermore, if you have taken steps to file or assert such a lien prior to entering into this letter agreement, you agree to take all necessary steps to remove such lien as soon as possible.

    (d) You will hereafter extend to the Debtors all Customary Trade Terms (as defined in the Order).

    Payment of your Trade Claim in the manner set forth in the Order may occur only upon execution of this letter by a duly authorized representative of your company and the return of this letter to the Debtors. Your execution of this letter agreement and return of the same to the Debtors constitutes an agreement by you and the Debtors:

    (a) to the Customary Trade Terms and, subject to the reservations contained in the Order, to the amount of the Trade Claim set forth above;

    (b) that, for the remaining term of the purchase orders or other supply agreements governing your supply of goods to the Debtors, you will continue to supply the Debtors with goods, pursuant to the Customary Trade Terms, and that the Debtors will pay for such goods in accordance with Customary Trade Terms;

    (c) that you have reviewed the terms and provisions of the Order and that you consent to be bound by such terms;

    (d) that you will not separately seek payment for reclamation and similar claims outside the terms of the Order unless your participation in the trade payment program authorized by the Order (the "Trade Payment Program") is terminated; and

    (e) that if either the Trade Payment Program or your participation therein terminates as provided in the Order, any payments received by you on account of your Trade Claim will be deemed to have been in payment of then outstanding postpetition obligations owed to you and that you will immediately repay to the Debtors any payments made to you on account of your Trade claim to the extent that the aggregate amount of such payments exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provision for payment of reclamation, or trust fund claims, or otherwise.

    The Debtors and you also hereby agree that any dispute with respect to this agreement, the Order, and/or your participation in the Trade Payment Program shall be determined by the Bankruptcy Court.

    You hereby agree that you will keep the terms of this Agreement together with all related settlement discussions strictly confidential. You may disclose the terms of this Agreement only to your management personnel that need to know such information to implement the terms of this Agreement and legal counsel and other advisors with whom you

2

have a recognized legal privilege; <u>provided</u> that all such parties have been informed of the confidentiality restrictions contained herein. You further agree that you will be responsible and liable for any breach of the confidentiality provisions set forth in this Agreement by your management personnel, legal counsel and other advisors. You acknowledge that failure to honor the confidentiality provisions contained herein would cause significant economic harm to the Debtors. Any discussions by you with any third parties, including the press or media or consultants, regarding this Agreement and its terms are expressly prohibited.

You also hereby acknowledge and agree that you continue to be bound by the terms of each purchase order or supply agreement between you and one or more of the Debtors, including, without limitation, the general terms and conditions applicable thereto, except to the extent modified by the terms of this agreement and the United States Bankruptcy Code.

The Debtors expressly reserve all of their rights at law and in equity, including, without limitation, all of their rights as debtors-in-possession under the United States Bankruptcy Code. Without limiting the generality of the foregoing sentence, this agreement, and any payment made hereunder, does not constitute (a) a waiver of the Debtors' rights (i) to dispute any claim, (ii) to reject any agreement, contract, purchase order, or other document under section 365 of the United States Bankruptcy Code, or (iii) to take, or refrain from taking, any other action under any applicable section of the United States Bankruptcy Code or any other applicable law or (b) an approval, adoption, or assumption of any agreement, contract, purchase order, or other document under section 365 of the United States Bankruptcy Code or any other applicable law, all of the Debtors' rights with respect to which are expressly reserved.

If you have any questions about this Agreement or our financial restructuring, please do not hesitate to call (___) _____ or (___) _____.

Sincerely,

[DELPHI AUTOMOTIVE SYSTEMS LLC]


By: _____
      Its:

Agreed and Accepted by:
[Name of Trade Vendor]


By: _____
      Its:

Dated: _____, 2005

3