UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
    In re                                   :
                                            : Chapter 11
    DELPHI CORPORATION, et al.,             :
                                            : Case No. 05 – _____ (___)
                Debtors.                    :
                                            : (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 105 ENFORCING PROTECTIONS
OF 11 U.S.C. §§ 362 AND 525 AND APPROVING NOTICE TO
CUSTOMERS, SUPPLIERS, AND OTHER STAKEHOLDERS OF
DEBTORS' NON-DEBTOR GLOBAL AFFILIATES

("NON-DEBTOR GLOBAL AFFILIATES NOTICE ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation ("Delphi") and certain subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (the "Order") under section 105 of the Bankruptcy Code (a) enforcing the protections of sections 362 and 525 of the Bankruptcy Code and (b) approving notice to customers, suppliers, and other stakeholders of the Debtors' non-debtor global subsidiaries and affiliates (the "non-Debtor Global Affiliates"); and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that

proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    All persons (including individuals, partnerships, and corporations, and all those acting for or on their behalf), and all foreign or domestic governmental units (and all those acting for or on their behalf) are hereby stayed, restrained, and enjoined from:

(a)    Commencing or continuing any judicial, administrative, or other proceeding against the Debtors, including the issuance or employment of process that was or could have been commenced before any of the Debtors' chapter 11 cases were commenced, or recovering a claim against any of the Debtors that arose before the commencement of any of their chapter 11 cases;

(b)    Enforcing a judgment obtained before the commencement of any of the Debtors' chapter 11 cases against any of the Debtors or against property of any of the Debtors;

(c)    Taking any action to obtain possession of property of any of the Debtors or of property from any of the Debtors;

(d)    Taking any action to create, perfect, or enforce any lien against property of any of the Debtors, to the extent that such lien secures a claim that

2

arose before the commencement of any of the Debtors' chapter 11 cases;

(e) Taking any action to collect, assess, or recover a claim against any of the Debtors that arose before the commencement of any of their chapter 11 cases; and

(f) Offsetting any debt owing to any of the Debtors that arose before the commencement of any of the Debtors' chapter 11 cases against any claim against any of the Debtors.

3. All persons and all foreign and domestic governmental units, and all those acting on their behalf, including sheriffs, marshals, constables, and other or similar law enforcement officers and officials are stayed, restrained, and enjoined from in any way, seizing, attaching, foreclosing upon, levying against, or in any other way interfering with, any and all of the property of any of the Debtors, wherever located.

4. This Order shall not affect the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

5. Pursuant to section 525 of the Bankruptcy Code, all governmental units are prohibited and enjoined from denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to, condition such a grant to, or discriminate with respect to such a grant against, any of the Debtors solely because one or all of the Debtors (a) are debtors under the Bankruptcy Code, (b) may

3

have been insolvent before the commencement of the Debtors' chapter 11 cases, or (c) may be insolvent during the pendency of the Debtors' chapter 11 cases.

6. The non-Debtor Global Affiliates have not filed for protection under chapter 11 of the Bankruptcy Code and may continue to operate their businesses, without regard to the provisions and restrictions of the Bankruptcy Code.

7. The form of notice, substantially in the form of the notice attached as Exhibit A, is approved.

8. The Debtors are authorized to cause the notice attached as Exhibit A to be translated into as many languages as may be deemed necessary and to distribute such notice as the Debtors deem appropriate.

9. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

10. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:  New York, New York
        October __, 2005

_____
UNITED STATES BANKRUPTCY JUDGE