UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :
         In re                           :    Chapter 11
                                         :
DELPHI CORPORATION, et al.,              :    Case No. 05-_____ (___)
                                         :
                   Debtors.    :    (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

ORDER UNDER 11 U.S.C. §§ 105, 363(b), 546(b), 1107, AND 1108
AUTHORIZING PAYMENT OF CONTRACTORS
AND SERVICE PROVIDERS IN SATISFACTION OF LIENS

("LIEN CLAIMANTS ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C.

§§ 105, 363(b), 546(b), 1107, and 1108 (a) authorizing but not directing the Debtors to pay, in

the ordinary course of the Debtors' businesses, the claims of all third-party tool builders, project

managers, contractors, and maintenance companies (collectively, the "Contractors," and the

claims of such Contractors being the "Contractor Claims") that have given or could give rise to

state mechanics', repairmans', materialmans', tool builders', and shipping liens (collectively, the

"Liens") against the Debtors' assets, properties, and/or offices and (b) authorizing and directing

all applicable banks and other financial institutions to receive, process, honor, and pay any and

all checks drawn on the Debtors' accounts to pay the Contractor Claims; and upon the Affidavit

Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to

October 8, 2005; and upon the record of the hearing held on the Motion; and this Court having

determined that the relief requested in the Motion is in the best interests of the Debtors, their

estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate

notice of the Motion has been given and that no other or further notice is necessary; and after due

deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    The Debtors are authorized but not directed, in their sole discretion, to pay

Contractor Claims in the ordinary course of the Debtors' businesses; provided, however, that

with respect to each Contractor Claim, (a) the Debtors shall not be authorized to pay a Contractor

Claim unless the Contractor has perfected or, in the Debtors' judgment, is capable of perfecting

or might be capable of perfecting in the future one or more Liens in respect of such Contractor

Claim, (b) such payment shall not be deemed to be a waiver of rights regarding the extent,

validity, perfection, or possible avoidance of the related Liens, and (c) the Contractor agrees to

release promptly any Liens upon payment of such Contractor Claim; provided, however, that

should the Contractor fail to release promptly such Liens upon payment by the Debtors, any such

Liens shall be deemed released and expunged, without necessity of further action, and this Order

shall be all that is required to evidence such release and expungement.

3.    With respect to any payments that are made on account of prepetition

obligations, in return for payment of the Contractor Claims in the ordinary course of business,

the Debtors may require that the Contractors continue to provide services to the Debtors during

the pendency of these chapter 11 cases on the most favorable terms that existed prior to the

Petition Date. If any Contractor then accepts payment pursuant to this Order on account of a

prepetition obligation of the Debtors and thereafter does not continue to provide services to the

Debtors on the most favorable prepetition trade terms, any payment made under this Order shall

2

be deemed an avoidable postpetition transfer under section 549 of title 11 of the United States

Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code") and, therefore, shall be

recoverable by the Debtors in cash upon written request. Upon recovery by the Debtors, the

Contractor Claim shall be reinstated as a prepetition claim in the amount so recovered. Nothing

in this paragraph shall preclude a Contractor from contesting such treatment by making a written

request to the Debtors to schedule a hearing before this Court, which hearing the Debtors shall

set for the next regularly-scheduled omnibus hearing date occurring more than ten days after the

date of such Contractor's request.

    4. The Debtors are authorized but not directed, in their sole discretion, to obtain

written verification, before issuing payment hereunder, that a Contractor will continue to provide

services to the Debtors during the pendency of these chapter 11 cases on the most favorable

terms that existed prior to Petition Date and otherwise comply with the terms of this Order;

provided, however, that the absence of such written verification shall not limit the Debtors' rights

hereunder.

    5. All applicable banks and other financial institutions are authorized and

directed to receive, process, honor, and pay any and all checks drawn on the Debtors' accounts or

electronic transfers authorized by the Debtors to pay Contractor Claims, whether such checks

were presented or transfers were made prior to, on, or after the Petition Date, provided that

sufficient funds are available in the applicable accounts to make such payments.

    6. Nothing herein shall be deemed (a) an assumption, adoption, or rejection of

any executory contract or agreement pursuant to 11 U.S.C. § 365, (b) a requirement that the

Debtors make any of the payments authorized herein, or (c) a waiver of the Debtors' rights under

the Bankruptcy Code or any other applicable law.

3

7.   Notwithstanding the relief granted herein and any actions taken hereunder,
nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status
of any claim held by, any person.

8.   Any payments by the Debtors to the Contractors pursuant to this Order shall
be without prejudice to the Debtors to pursue any claims under the Bankruptcy Code or
applicable nonbankruptcy law against the Contractors.

9.   This Court shall retain jurisdiction to hear and determine all matters arising
from the implementation of this Order.

10.   The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for
the United States Bankruptcy Court for the Southern District of New York for the service and
filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
         October ___, 2005


_____
UNITED STATES BANKRUPTCY JUDGE