UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
    In re                                   :    Chapter 11
:
DELPHI CORPORATION et al.,          :    Case No. 05-44481
:
                    Debtors.    :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BRIDGE ORDER UNDER 11 U.S.C. §§ 105(a) AND 363(b) AUTHORIZING (I) PAYMENT
OF PREPETITION OBLIGATIONS TO FOREIGN CREDITORS AND (II) FINANCIAL
INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS

("FOREIGN CREDITORS BRIDGE ORDER")

Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1] debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other things, entry of a bridge order under sections 105 and 363 of title 11 of the United States Code,

---

[1]    In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holding Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

11 U.S.C. §§ 101 – 1330 (as amended the "Bankruptcy Code"), granting the relief requested in

the Debtors' Motion For Order Under 11 U.S.C. §§ 105(a) and 363(b) Authorizing (I) Payment

Of Prepetition Obligations To Foreign Creditors And (II) Financial Institutions To Honor And

Process Related Checks And Transfers Dated October 8, 2005 (the "Motion"), on an interim

basis pending this Court's disposition of the Motion on its merits after notice and a hearing; and

this Court having determined that it has jurisdiction over the matters raised in the Expedited

Hearing Motion and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, this is a core proceeding

under 28 U.S.C. § 157(b)(2), and the relief requested in the Expedited Hearing Motion and the

Motion is essential to the continued operations of the Debtors' businesses and is in the best

interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it

appearing that proper and adequate notice of the Expedited Hearing Motion has been given and

that no other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

> ORDERED, ADJUDGED, AND DECREED THAT:

> 1. The Debtors are hereby authorized, but not required, to pay, in their

discretion and in the ordinary course of business, as and when due, any claim held by a certain

vendors, service providers, regulatory agencies, and governments located in foreign

jurisdictions (collectively, the "Foreign Creditors"); provided, however, that the terms "Foreign

Creditor" and "Foreign Creditors" shall not include foreign vendors, service providers, or other

non-governmental entities if such entities are known to have assets within the United States that

would be subject to the jurisdiction of this Court and that would be available to satisfy a

judgment entered by this Court if such entities were to violate the automatic stay provisions of

section 362 of the Bankruptcy Code or otherwise take any action contrary to an order of this

Court or the provisions of the Bankruptcy Code; provided, further, however, that,

2

notwithstanding the foregoing clause, the terms "Foreign Creditor" and "Foreign Creditors" shall include foreign vendors, service providers, or other entities that are located in jurisdictions, including, without limitation, Brazil, where the Debtors' failure to pay such entities' prepetition claims could cause such entity to lose its legal ability to export goods to the Debtors.

        2.      In return for payment of the Foreign Claims in the ordinary course of business, unless otherwise waived by the Debtors in their sole discretion, the Foreign Creditors are hereby required to continue to provide goods and services to the Debtors on the most favorable terms in effect between such supplier and the Debtors in the twelve months prior to the Petition Date or on such other favorable terms as the Debtors and the Foreign Creditor may otherwise agree ("Customary Trade Terms").  The Customary Trade Terms shall apply for the remaining term of the Foreign Creditor's agreement with the Debtors, as long as the Debtors agree to pay for such goods in accordance with such terms.

        3.      If any Foreign Creditor accepts payment on account of a prepetition obligation of the Debtors and thereafter does not continue to provide services to the Debtors on Customary Trade Terms, any payments made shall be deemed an avoidable postpetition transfer under section 549 of the Bankruptcy Code and shall be recoverable by the Debtors in cash upon written request.  Upon recovery by the Debtors, the claim shall be reinstated as a prepetition claim in the amount so recovered.  The Debtors are hereby authorized but not directed to obtain written verification, before issuing payment to a Foreign Creditor, that such Foreign Creditor will, if relevant, continue to provide goods and services to the Debtors on Customary Trade Terms for the remaining term of the Foreign Creditor's agreement with the Debtors; <u>provided</u>,

3

<u>however</u>, that the absence of such written verification will not limit the Debtors' rights hereunder.

4. All applicable banks and other financial institutions are hereby authorized and required to receive, process, honor, and pay any and all checks and transfer requests evidencing amounts paid by the Debtors under this Order whether presented prior to or after the Petition Date. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order.

5. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is it intended to constitute, the assumption or adoption of any contract or agreement under 11 U.S.C. § 365.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

7. Notwithstanding any provision of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon signature.

8. This Order is effective only through the conclusion of the first-day motion hearing, unless otherwise extended by the case-assigned Judge. This Court's ultimate disposition of the Motion shall not impair any action taken pursuant to this Order.

9. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

10. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
         October 8, 2005

*s/ Arthur J. Gonzalez*
UNITED STATES BANKRUPTCY JUDGE