UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
            :
   In re      :   Chapter 11
            :
DELPHI CORPORATION, et al.,  :   Case No. 05-44481
            :
                       Debtors.   :
            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BRIDGE ORDER UNDER 11 U.S.C. § 503(b) CONFIRMING GRANT OF
ADMINISTRATIVE EXPENSE STATUS TO OBLIGATIONS
ARISING FROM POSTPETITION DELIVERY OF GOODS AND AUTHORIZING
DEBTORS TO PAY SUCH OBLIGATIONS IN ORDINARY COURSE OF BUSINESS

("ADMINISTRATIVE EXPENSE BRIDGE ORDER")

Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1] debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other things, entry of a bridge order under sections 503(b) of title 11 of the United States Code, 11

---

[1] In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holding Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

U.S.C. §§ 101 - 1330 (as amended the "Bankruptcy Code"), granting the relief requested in the Debtors' Motion For Order Under 11 U.S.C. § 503(b) Confirming Grant Of Administrative Expense Status To Obligations Arising From Postpetition Delivery Of Goods And Authorizing The Debtors To Pay Such Obligations In Ordinary Course Of Business, dated October 8, 2005 (the "Motion"), on an interim basis pending this Court's disposition of the Motion on its merits after notice and a hearing; and this Court having determined that it has jurisdiction over the matters raised in the Expedited Hearing Motion and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, this is a core proceeding under 28 U.S.C. § 157(b)(2), and the relief requested in the Expedited Hearing Motion and the Motion is essential to the continued operations of the Debtors' businesses and is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Expedited Hearing Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The subcontractors, suppliers, and vendors shall have administrative expense priority claims under 11 U.S.C. § 503(b) for those undisputed obligations arising from prepetition purchase orders outstanding on the Petition Date relating to materials, supplies, goods, products, and related items received and accepted by the Debtors on or subsequent to the Petition Date.

2. The Debtors are authorized but not directed to honor or pay those obligations arising from the postpetition delivery of goods ordered by the Debtors before the Petition Date. For purposes of this Order, goods shall be deemed to be delivered to the Debtors postpetition (a) if possession or control of such goods is transferred to the Debtors on or after the Petition Date or (b) if, pursuant to a contract or applicable nonbankruptcy law, risk of loss of such goods passes to the Debtors on or after the Petition Date.

2

3. The payment of an obligation arising from the Outstanding Orders shall not preclude the Debtors from contesting the validity of such amounts claimed to be due.

4. Notwithstanding any provision of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon signature.

5. Nothing contained in the Motion or in this Order shall be deemed to constitute an assumption, adoption, or rejection of any executory contract or agreement between the Debtors and any third party.

6. This Order is effective only through the conclusion of the first-day motion hearing, unless otherwise extended by the case-assigned Judge. This Court's ultimate disposition of the Motion shall not impair any action taken pursuant to this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

8. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          October 8, 2005

                                            *s/ Arthur J. Gonzalez*
                                            UNITED STATES BANKRUPTCY JUDGE