UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                  :
    In re                         :    Chapter 11
                                                  :
DELPHI CORPORATION, et al.,                       :    Case No. 05-44481
                                                  :
                       Debtors.        :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BRIDGE ORDER UNDER 11 U.S.C. §§ 363 AND 553 AUTHORIZING (I) CONTINUED
MAINTENANCE OF EXISTING BANK ACCOUNTS, (II) CONTINUED USE OF EXISTING
CASH MANAGEMENT SYSTEM, (III) CONTINUED USE OF EXISTING BUSINESS
FORMS, (IV) PRESERVATION AND EXERCISE OF INTERCOMPANY
SETOFF RIGHTS, AND (V) GRANT OF ADMINISTRATIVE PRIORITY
<u>STATUS FOR POSTPETITION INTERCOMPANY TRANSACTIONS</u>

("CASH MANAGEMENT BRIDGE ORDER")

Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1] debtors and debtors-in-

---

[1] In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holding Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other things, entry of a bridge order granting the relief requested in the Debtors' Motion For Order Under 11 U.S.C. § 363 And 553 Authorizing (I) Continued Maintenance Of Existing Bank Accounts, (II) Continued Use Of Existing Cash Management Systems, (III) Continued Use Of Existing Business Forms, (IV) Preservation And Exercise Of Intercompany Setoff Rights, And (V) Grant Of Administrative Priority Status For Postpetition Intercompany Transactions, dated October 8, 2005 (the "Motion"), on an interim basis pending this Court's disposition of the Motion on its merits after notice and a hearing; and this Court having determined that it has jurisdiction over the matters raised in the Expedited Hearing Motion and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, this is a core proceeding under 28 U.S.C. § 157(b)(2), and the relief requested in the Expedited Hearing Motion and the Motion is essential to the continued operations of the Debtors' businesses and is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Expedited Hearing Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

A.  **Maintenance Of Bank Accounts.**

1.  Pursuant to section 363 of the Bankruptcy Code, the Debtors, in their discretion, are authorized and empowered to: (a) designate, maintain, and continue to use any and all of their respective miscellaneous depository, receipt, concentration, payroll disbursement, and nonpayroll disbursement accounts (collectively, the "Prepetition Bank Accounts" or "Bank Accounts") in existence as of October 8, 2005 (the "Petition Date"), with the same account numbers, including, without limitation, the accounts identified in <u>Exhibit A</u> attached to the Motion at the financial institutions identified therein (collectively, the "Banks"), irrespective of whether such financial institutions are designated depositories in the Southern District of New York and (b) treat the Bank Accounts for all purposes as accounts of the Debtors in their capacity as debtors-in-possession.

B.  <u>Use Of Business Forms</u>

2.  The Debtors have agreed to alter their business checks to insert the legend "Debtor-in-Possession" as soon as practicable during the existence of this bridge Order.

C.  <u>Cash Management Systems</u>

3.  The Debtors are authorized to continue to use their existing cash management systems, as generally delineated in the flow charts attached as <u>Exhibit B</u> to the Motion, and shall maintain through the use thereof detailed records reflecting all transfers of funds, including intercompany services and corresponding transfers among appropriate intercompany accounts (collectively, the "Intercompany Transactions"), under the terms and conditions provided for by the existing agreements with the institutions participating in the Debtors' cash management systems, except as modified by this Order.  In connection with the ongoing utilization of their cash management systems, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions, including Intercompany Transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts.

4.  After the Petition Date, and subject to the terms of this Order, all banks at which the Bank Accounts are maintained are authorized and directed to continue to administer the Bank Accounts as such accounts were maintained prepetition, without interruption and in the usual and ordinary course, and to pay any and all checks, wire transfers, automated clearing house ("ACH") transfers, electronic fund transfers, or other items presented, issued, or drawn on the Bank Accounts; <u>provided</u>, <u>however</u>, that unless otherwise ordered by this Court, no checks, drafts, ACH transfers (excluding any ACH transfer the banks are obligated to settle), or other items presented, issued, or drawn on the Bank Accounts prior to the Petition Date shall be honored.

5.  Each Bank at which a disbursement account is maintained shall implement reasonable handling procedures designed to effectuate the terms of this Order.  No Bank that implements such handling procedures and then honors a prepetition check or other item drawn on any account that is the subject of this Order either (a) at the direction of the Debtors to honor such prepetition check or item or (b) in good faith belief that this Court has authorized such prepetition check or item to be honored or (c) as a result of an innocent mistake made despite implementation of such handling procedures, shall be deemed to be liable to the Debtors or their estates or otherwise in violation of this Order.

6.  Subject to the provisions of this Order, the banks are authorized and directed to honor all representations from the Debtors as to which checks

3

    should be honored or dishonored and any final payment made by a Bank prior to the Petition Date (including any ACH transfer the banks are or become obligated to settle) against any of the Bank Accounts, or any instrument issued by a Bank on behalf of any Debtor pursuant to a "midnight deadline" or otherwise, shall be deemed to be paid prepetition, whether or not actually debited from the Bank Accounts prepetition.

7. All third party service providers with whom the Debtors directly or indirectly have contracted to provide services in connection with the operation of their cash management systems are authorized and directed to continue to provide to the Debtors those services they provided prior to the Petition Date until further order of this Court.

8. The Debtors are authorized, from and after the Petition Date, to continue to engage in the Intercompany Transactions in the ordinary course of the Debtors' businesses.

9. All intercompany claims for trade indebtedness and intercompany loans incurred in the ordinary course of business by and among the Debtors and any of their non-Debtor affiliates arising after the Petition Date are accorded administrative priority status pursuant to section 507(a)(1) of the Bankruptcy Code.

10. The Debtors are hereby authorized to execute any additional documents as may be required to carry out the intent and purpose of this Order.

11. This Order is effective only through the conclusion of the first-day motion hearing, unless otherwise extended by the case-assigned Judge. This Court's ultimate disposition of the Motion shall not impair any action taken pursuant to this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

13. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
            October 8, 2005

                                        *s/ Arthur J. Gonzalez*
                                        UNITED STATES BANKRUPTCY JUDGE