UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
        In re                               :      Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :      Case No. 05-44481
                                            :
                            Debtors.         :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BRIDGE ORDER UNDER 11 U.S.C. § 345
AUTHORIZING CONTINUED USE OF EXISTING INVESTMENT GUIDELINES

("INVESTMENT GUIDELINES BRIDGE ORDER")

Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day

Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of

Delphi Corporation (Delphi) and certain of its subsidiaries and affiliates,[1] debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other

things, entry of a bridge order granting the relief requested in the Debtors' Motion For Order

Under 11 U.S.C. § 345 Authorizing Continued Use Of Existing Investment Guidelines dated

_____

[1]      In addition to Delphi, the following entities are debtors in these related cases:  ASEC
        Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco
        Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi
        Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human
        Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive
        Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems
        Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi
        Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi
        Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems,
        Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales
        Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings
        Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi
        LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation,
        Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation,
        Delphi NY Holding Corporation, Delphi Services Holding Corporation, Delphi
        Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems
        Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and
        Specialty Electronics International Ltd.

October 8, 2005 (the "Motion"), on an interim basis pending this Court's disposition of the

Motion on its merits after notice and a hearing; and this Court having determined that it has

jurisdiction over the matters raised in the Expedited Hearing Motion and the Motion pursuant to

28 U.S.C. §§ 157 and 1334, this is a core proceeding under 28 U.S.C. § 157(b)(2), and the relief

requested in the Expedited Hearing Motion and the Motion is essential to the continued

operations of the Debtors' businesses and is in the best interests of the Debtors, their estates, their

creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the

Expedited Hearing Motion has been given and that no other or further notice is necessary; and

after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      Cause exists for waiving the investment and deposit requirements set forth

in section 345(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the

"Bankruptcy Code"), and the Debtors' obligation to comply with that section is hereby waived.

The Debtors are authorized to continue to invest monies of their estates in accordance with their

existing investment guidelines attached to the Motion as Exhibit A (the "Investment

Guidelines").  Pursuant to the Investment Guidelines, the Debtors will continue to invest their

cash in their sole discretion in accordance with the Investment Guidelines and in accordance

with section 345 of the Bankruptcy Code.

2.      The Debtors' compliance with the Investment Guidelines shall be deemed

to constitute compliance with section 345 of the Bankruptcy Code and the Debtors are relieved

of the obligations under section 345(b) of the Bankruptcy Code to obtain a bond from any

entity with which money is deposited or invested in accordance with the Investment

Guidelines.

3.      The Debtors are hereby authorized to execute any additional documents as

may be required to carry out the intent and purpose of this Order.

2

4.      This Order is effective only through the conclusion of the first-day motion

hearing, unless otherwise extended by the case-assigned Judge.  This Court's ultimate disposition

of the Motion shall not impair any action taken pursuant to this Order.

5.      This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Order.

6.      The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          October 8, 2005


                                        *s/ Arthur J. Gonzalez*
                                        UNITED STATES BANKRUPTCY JUDGE