UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                       :

    In re                                 :      Chapter 11
                                         :
DELPHI CORPORATION, et al.,          :      Case No. 05-44481
                                         :
                   Debtors.   :
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BRIDGE ORDER UNDER 11 U.S.C. §§ 105(a), 363, 1107, AND 1108
AUTHORIZING THE DEBTORS TO HONOR PREPETITION OBLIGATIONS TO
CUSTOMERS AND TO OTHERWISE CONTINUE CUSTOMER PROGRAMS
<u>IN ORDINARY COURSE OF BUSINESS</u>

("CUSTOMER PROGRAMS BRIDGE ORDER")

Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1] debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other

---

[1] In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holding Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

things, entry of a bridge order granting the relief requested in the granting the relief requested in the Debtors' Motion For Order Under 11 U.S.C. §§ 105(a), 363, 1107, and 1108 Authorizing Debtors To Honor Prepetition Obligations To Customers And To Otherwise Continue Customer Programs In Ordinary Course Of Business dated October 8, 2005 (the "Motion"), on an interim basis pending this Court's disposition of the Motion on its merits after notice and a hearing; and this Court having determined that it has jurisdiction over the matters raised in the Expedited Hearing Motion and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, this is a core proceeding under 28 U.S.C. § 157(b)(2), and the relief requested in the Expedited Hearing Motion and the Motion is essential to the continued operations of the Debtors' businesses and is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Expedited Hearing Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Debtors be, and they hereby are, authorized but not directed in their business judgment, to perform certain of their prepetition obligations related to certain customer programs (collectively, the "Customer Programs") as they determine advisable.

2. Nothing contained in the Motion or in this Order shall be deemed to constitute an approval, assumption or rejection of any executory contract or agreement between the Debtors and any third party.

3. Nothing contained in the Motion or in this Order shall constitute, or shall be construed as, an admission by the Debtors that the full term of the Debtors' prepetition warranty programs which provide that the components supplied to the Debtors' original equipment manufacturer ("OEM") customers and integrated into such customers' products, or the

service parts supplied to the Debtors' original equipment manufacturer customers, will be, <u>inter alia</u>, free from defects in material and workmanship is enforceable.

4. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

5. This Order is effective only from the date of entry through the conclusion of the first-day motion hearing, unless otherwise extended by the case-assigned Judge. This Court's ultimate disposition of the Motion shall not impair any action taken pursuant to this Order.

6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

7. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          October 8, 2005

                                       *s/ Arthur J. Gonzalez*
                                  UNITED STATES BANKRUPTCY JUDGE