UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                        :
    In re                         :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481
                                        :
                    Debtors.    :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BRIDGE ORDER UNDER 11 U.S.C. §§ 105 AND 363(b), 1107, AND 1108 AUTHORIZING
PAYMENT OF CERTAIN PREPETITION (I) SHIPPING AND
DELIVERY CHARGES FOR GOODS IN TRANSIT AND (II) CUSTOMS DUTIES

("SHIPPING AND CUSTOMS BRIDGE ORDER")

Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1] debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other things, entry of a bridge order under sections 105, 363(b), 1107, and 1108 of title 11 of the

---

[1] In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holding Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

United States Code, 11 U.S.C. §§ 101 - 1330 (as amended, the "Bankruptcy Code"), granting the relief requested in the Debtors' Motion For Order Under 11 U.S.C. §§ 105 And 363(B) Authorizing Payment Of Certain Prepetition (I) Shipping And Delivery Charges For Goods In Transit And (II) Customs Duties dated October 8, 2005 (the "Motion"), on an interim basis pending this Court's disposition of the Motion on its merits after notice and a hearing; and this Court having determined that it has jurisdiction over the matters raised in the Expedited Hearing Motion and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, this is a core proceeding under 28 U.S.C. § 157(b)(2), and the relief requested in the Expedited Hearing Motion and the Motion is essential to the continued operations of the Debtors' businesses and is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Expedited Hearing Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

      ORDERED, ADJUDGED, AND DECREED THAT:

    1.   The Debtors are authorized but not directed to make such payments to (a) domestic and foreign commercial common carriers, movers, shippers, freight forwarders/consolidators, delivery services, customs brokers, shipping auditing services, deconsolidators, distributors, logistics management companies, and certain other third party service providers (collectively, the "Shippers") and (b) third party warehouses (collectively, the "Warehousemen") as the Debtors determine, in the exercise of their business judgment, to be necessary or appropriate to obtain the release of raw materials, parts, components, certain finished goods, indirect materials, tooling, machinery, and equipment held by such Shippers and Warehousemen (such payments, the "Shipping and Warehousing Charges").

2. With respect to any payments that are made on account of prepetition obligations, in return for payment of the Shipping and Warehousing Charges in the ordinary course of business, unless otherwise waived by the Debtors, in their sole discretion, the Shippers and Warehousemen shall (a) continue to provide services to the Debtors during the pendency of these chapter 11 cases on the most favorable terms that existed prior to October 8, 2005 (the "Petition Date") and (b) agree that they shall not be permitted to cancel on less than 90-days notice any contract or agreement pursuant to which they provide services to the Debtors. If any Shipper or Warehouseman then accepts payment pursuant to this Order on account of a prepetition obligation of the Debtors and thereafter does not continue to provide services to the Debtors on the most favorable prepetition trade terms, any payments made under this Order shall be deemed an avoidable postpetition transfer under section 549 of the Bankruptcy Code, as amended, and therefore shall be recoverable by the Debtors in cash upon written request. Upon recovery by the Debtors, the claim shall be reinstated as a prepetition claim in the amount so recovered. Nothing in this paragraph, however, shall preclude a Shipper or Warehouseman from contesting such treatment by making a written request to the Debtors to schedule a hearing before this Court, which hearing the Debtors shall set for the next regularly-scheduled omnibus hearing date occurring more than ten days after the date of such Shipper's or Warehouseman's request.

3. The Debtors are authorized but not directed to obtain written verification, before issuing payment hereunder, that a Shipper and Warehouseman shall (a) continue to provide services to the Debtors during the pendency of these chapter 11 cases on the most favorable terms that existed prior to Petition Date and (b) agree that they shall not be permitted to cancel on less than 90-days notice any contract or agreement pursuant to which they provide

services to the Debtors, provided, however, that the absence of such written verification shall not limit the Debtors' rights hereunder.

4. The Debtors and their customs brokers, as Debtors' agents, are hereby authorized but not directed to make payments to the U.S. Customs Border Protection Agency and to non-U.S. customs authorities in satisfaction of prepetition customs duties and other incidental import expenses.

5. All applicable banks and other financial institutions are hereby authorized and directed to receive, process, honor, and pay any and all checks and electronic transfers evidencing amounts paid by the Debtors pursuant to the Motion, whether they were issued before or after the Petition Date.

6. Nothing herein shall be deemed (a) an assumption, adoption, or authorization to assume any contracts or other agreements with any of the Shippers or Warehousemen pursuant to 11 U.S.C. § 365, (b) a requirement that the Debtors make any of the payments authorized herein, or (c) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

7. Notwithstanding any provision of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon signature.

8. This Order is effective only through the conclusion of the first-day motion hearing, unless otherwise extended by the case-assigned Judge. This Court's ultimate disposition of the Motion shall not impair any action taken pursuant to this Order.

9. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

10. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          October 8, 2005

                                              *s/ Arthur J. Gonzalez*
                                      UNITED STATES BANKRUPTCY JUDGE