UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x
                                          :
     In re                          :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,    :    Case No. 05-_____ (___)
                                          :
                        Debtors.   :    (Jointly Administered)
                                          :
------------------------------ x

<u>INTERIM ORDER UNDER 11 U.S.C. §§ 105, 366, 503, AND 507
PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR
DISCONTINUING SERVICES ON ACCOUNT OF PREPETITION INVOICES</u>

("UTILITIES INTERIM ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for interim and final orders (this interim order being referred to hereinafter as the "Interim Order") under 11 U.S.C. §§ 105, 366, 503, and 507 (a) prohibiting utilities from altering, refusing, or discontinuing services on account of nonpayment of prepetition invoices and (b) establishing procedures for determining requests for additional adequate assurance; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED on an interim basis.

2. The Debtors shall pay on a timely basis in accordance with their prepetition practices all undisputed invoices for postpetition utility services provided by the Utility Companies to the Debtors.

3. Absent any further order of this Court, each of the utility companies that provides natural gas, water, electric, telephone, fuel, sewer, cable, telecommunications, internet, paging, cellular phone, and other similar services to the Debtors (the "Utility Companies"), whether under direct relationship with the Debtors or through the Debtors' landlords or other third parties, including but not limited to the list of Utility Companies contained in Exhibit 1 hereto, enjoined from (a) altering, refusing, or discontinuing service to, or discriminating against, the Debtors solely on the basis of the commencement of these chapter 11 cases or on account of any unpaid invoice for service provided prior to October 8, 2005 or (b) requiring the payment of a deposit or other security in connection with such Utility Company's continued provision of utility services, including, but not limited to, the furnishing of gas, heat, electricity, water, sewer, cable, telephone, telecommunications, internet, paging, cell phone, or any other service of like kind.

4. Until further order of this Court, the Debtors' record of timely payment of prepetition utility bills, demonstrated ability to pay future utility bills, and, with respect to those Utility Companies that provide natural gas to the Debtors through GM accounts, such Utility Companies' agreements with GM, constitute adequate assurance of future payment for utility services pursuant to 11 U.S.C. § 366(b).

5. The Debtors shall serve by first-class mail, postage prepaid, within five business days of the entry of this Interim Order: (a) a copy of this Interim Order, and (b) a notice, substantially in the form of notice attached as Exhibit 2 hereto, setting forth the date

2

and time for filing objections to the proposed final order. Upon request of any party, the Debtors will provide copies of any filings in these cases at the expense of the requesting party.

6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

7. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
        October __, 2005

                                                                     UNITED STATES BANKRUPTCY JUDGE