UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
        In re                                   :   Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :   Case No. 05-_____ (___)
                                              :
               Debtors.   :   (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

**FINAL ORDER UNDER 11 U.S.C. §§ 105, 366, 503, AND 507 (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES ON ACCOUNT OF PREPETITION INVOICES AND (II) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ASSURANCE**

**("UTILITIES ORDER")**

Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-

captioned cases (collectively, the "Debtors"), for interim and final orders (this final order being

referred to hereinafter as the "Final Order") under 11 U.S.C. §§ 105, 366, 503, and 507

(a) prohibiting utilities from altering, refusing, or discontinuing services on account of

nonpayment of prepetition invoices and (b) establishing procedures for determining requests for

additional adequate assurance; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of

Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005; and upon the record of the

hearing held on the Motion; and this Court having determined that the relief requested in the

Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-

interest; and it appearing that proper and adequate notice of the Motion has been given and that

no other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED on a final basis.

2.    The Debtors shall pay on a timely basis in accordance with their prepetition practices all undisputed invoices for postpetition utility services provided by the Utility Companies to the Debtors.

3.    Absent any further order of this Court, each of the utility companies that provides natural gas, water, electric, telephone, fuel, sewer, cable, telecommunications, internet, paging, cellular phone, and other similar services to the Debtors (the "Utility Companies"), whether under direct relationship with the Debtors or through the Debtors' landlords or other third parties, including but not limited to the list of Utility Companies contained in Exhibit 1 hereto, enjoined from (a) altering, refusing, or discontinuing service to, or discriminating against, the Debtors solely on the basis of the commencement of these chapter 11 cases or on account of any unpaid invoice for service provided prior to October 8, 2005 or (b) requiring the payment of a deposit or other security in connection with such Utility Company's continued provision of utility services, including, but not limited to, the furnishing of gas, heat, electricity, water, sewer, cable, telephone, telecommunications, internet, paging, cell phone, or any other service of like kind.

4.    The Debtors' record of timely payment of prepetition utility bills, demonstrated ability to pay future utility bills, and, with respect to those Utility Companies that provide natural gas to the Debtors through GM accounts, such Utility Companies' agreements with GM, constitute adequate assurance of future payment for utility services pursuant to 11 U.S.C. § 366(b).

5.    The Debtors shall serve a copy of the Motion and this Final Order on each

Utility Company set forth on Exhibit 1 hereto by overnight mail within five business days of the

entry of this Final Order.

6.    This Final Order is without prejudice to the rights of any of the Utility

Companies to make a request for adequate assurance from the Debtors (a "Request") in the form

of deposits or other security within 25 days of the date of service hereof (the "Request

Deadline").  Any such Request must be in writing and set forth the location for which the utility

services are provided, a payment history for the most recent six months, and a description of any

prior material payment delinquency or irregularity.  Any Request received by the Debtors after

the Request Deadline or which otherwise fails to comply with this Final Order (including failure

to specify prior material delinquent or irregular payment) shall be deemed untimely and invalid,

and any Utility Company making such a Request shall be deemed to have adequate assurance

under 11 U.S.C. § 366.

7.    In the event the Debtors believe that a timely Request for additional

assurance made by any of the Utility Companies is unreasonable and no consensual resolution of

the Request is reached, the Debtors shall file a motion for determination of adequate assurance of

payment with respect to such Request (the "Determination Motion") within 45 days of receiving

such Request and set such Motion for hearing (the "Determination Hearing").

8.    If a Determination Hearing is scheduled in accordance with the immediately

preceding paragraph, the Utility Companies shall be deemed to have adequate assurance of

payment until an order of this Court is entered in connection with such Determination Hearing.

9.    Any Utility Company not listed on Exhibit 1 hereto but subsequently

identified shall be served with a copy of this Final Order and be afforded 25 days from the date

of service to make a Request, if any, from the Debtors. Such a Request must otherwise comply

with the requirements of this Final Order or shall be deemed an untimely and invalid adequate

assurance request.

10.    If additional Utility Companies are identified by the Debtors, the Debtors

shall file with this Court a supplement to Exhibit 1 hereto adding the names of the Utility

Companies so served, and this Final Order shall be deemed to apply to such Utility Companies

from the date of such service, subject to a later order of this Court on a Determination Motion, if

any.

11.    This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Final Order.

12.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          October __, 2005


                                                              _____

                                              UNITED STATES BANKRUPTCY JUDGE