UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x
:
    In re                                  :        Chapter 11
:
DELPHI CORPORATION, et al.,     :        Case No. 05-_____ (___)
:
                     Debtors.    :        (Jointly Administered)
:
------------------------------ x

ORDER UNDER 11 U.S.C. §§ 105, 363, 1107, AND 1108 AND
FED. R. BANKR. P. 4001 AUTHORIZING DEBTORS
TO ENTER INTO, CONTINUE PERFORMANCE UNDER, AND
<u>PROVIDE CREDIT SUPPORT UNDER DERIVATIVE CONTRACTS</u>

("DERIVATIVE CONTRACTS ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 105, 363, 1107, and 1108 and Rule 4001 of the Federal Rule of Bankruptcy Procedures authorizing the Debtors to enter into, continue performance under, and provide credit support under financial contracts, the values of which are based on the price of a traditional security such as a stock or bond, an asset such as a commodity, or a market index (collectively, the "Derivative Contracts"); and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. Pursuant to sections 105, 363, 1107, and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), the Debtors are authorized but not directed to honor their existing prepetition Derivative Contracts in accordance with their past practices, and to continue entering into, "rolling over," adjusting, modifying, and settling, from time to time, Derivative Contracts, without further order of this Court.

3. Pursuant to sections 105, 363, 1107, and 1108 of the Bankruptcy Code, the Debtors are authorized but not directed to perform all such other actions necessary or appropriate to implement, execute, and perform under the Derivative Contracts, including, but not limited to, posting collateral or margin, and delivery of settlement, on account of Derivative Contracts, without further order of this Court.

4. The entry of this Order is final; provided, however, that (a) within ten days after the official committee of unsecured creditors (the "Creditors' Committee") has been formed and retained counsel, the Creditors' Committee may object to the prospective application of this Order from and after the date of such objection, (b) if any such objection is timely made, it shall be heard at the next regularly-scheduled omnibus hearing in these cases, and (c) pending such hearing, this Order shall remain in full force and effect.

5. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

6. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:  New York, New York
        October __, 2005

_____
UNITED STATES BANKRUPTCY JUDGE