UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x
: 
In re                          :  Chapter 11
:
DELPHI CORPORATION, et al.,    :  Case No. 05-_____ (___)
:
          Debtors.             :  (Jointly Administered)
:
------------------------------ x

ORDER UNDER 11 U.S.C. §§ 361 AND 363(b) AND FED. R. BANKR. P. 4001(c) AUTHORIZING DEBTORS TO CONTINUE HONORING PREPETITION INSURANCE PREMIUM FINANCE AGREEMENT AND CONTINUE GRANT OF SECURITY INTEREST TO INSURANCE PREMIUM FINANCE COMPANY

("INSURANCE FINANCING ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (the "Order") under 11 U.S.C. §§ 361 and 363(b) and Rule 4001(c) of the Federal Rules of Bankruptcy Procedure authorizing the Debtors to continue honoring their obligations pursuant to a prepetition insurance premium finance agreement for the purpose of financing the purchase of several forms of insurance coverage, and continue the grant of a security interest to the insurance premium finance company in all sums payable to Delphi under the financed insurance policies; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and

adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized but not directed in their sole discretion, to continue honoring their obligations pursuant to that certain Commercial Insurance Premium Finance and Security Agreement between Delphi and Cananwill, Inc. ("Cananwill"), dated February 21, 2005 (the "Finance Agreement"), including, but not limited to, making periodic payments to Cananwill pursuant to the terms of the Finance Agreement.

3. The Debtors are authorized but not directed in their sole discretion, to grant to Cananwill, and the Debtors' obligations under the Finance Agreement shall be secured by, a first priority lien in all sums that may become payable to Delphi under those insurance policies (the "Insurance Policies") financed pursuant to the Finance Agreement, including any gross return premiums that would be payable in the event of cancellation of the Insurance Policies (the "Unearned Premiums") and loss payments that reduce the Unearned Premiums. No further action by Cananwill shall be required to perfect its security interest.

4. Nothing in this Order or the Motion shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Debtors' Insurance Policies.

5. Nothing herein shall be deemed an assumption, adoption, or an authorization to assume any contracts or other agreements, under section 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended or otherwise, with Cananwill or parties to whom amounts under the Finance Agreement may be owed.

2

6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

7. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
       October ___, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

3