UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                            :
    In re                          :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,      :    Case No. 05-44481
                                            :
                         Debtors.      :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

BRIDGE ORDER UNDER 11 U.S.C. §§ 105, 363, 1107, AND 1108 AND FED. R.
BANKR. P. 4001 AUTHORIZING DEBTORS TO ENTER INTO, CONTINUE
PERFORMANCE UNDER,
<u>AND PROVIDE CREDIT SUPPORT UNDER DERIVATIVE CONTRACTS</u>

("DERIVATIVE CONTRACTS BRIDGE ORDER")

Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1]

---

[1]  In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holding Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other things, entry of a bridge order under sections 105, 363, 1107, and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101- 1330 (as amended, the "Bankruptcy Code"), granting the relief requested in the Debtors' Motion For Order Under 11 U.S.C. §§ 105, 363, 1107, And 1108 And Fed. R. Bankr. P. 4001 Authorizing Debtors To Enter Into, Continue Performance Under, And Provide Credit Support Under Derivative Contracts dated October 8, 2005 (the "Motion"), on an interim basis pending this Court's disposition of the Motion on its merits after notice and a hearing; and this Court having determined that it has jurisdiction over the matters raised in the Expedited Hearing Motion and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, this is a core proceeding under 28 U.S.C. § 157(b)(2), and the relief requested in the Expedited Hearing Motion and the Motion is essential to the continued operations of the Debtors' businesses and is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Expedited Hearing Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

                ORDERED, ADJUDGED, AND DECREED THAT:

        1.    Pursuant to sections 105, 363, 1107, and 1108 of the Bankruptcy Code, the Debtors are authorized but not directed to honor their existing prepetition financial contracts, the values of which are based on the price of a traditional security such as a stock or bond, as asset such as a commodity or currency, or a market index (collectively, the "Derivative Contracts") in accordance with their past practices, and to

continue "rolling over," adjusting and settling, from time to time, Derivative Contracts, without further order of this Court.

2. Pursuant to sections 105, 363, 1107, and 1108 of the Bankruptcy Code, the Debtors are authorized but not directed to perform all such other actions necessary or appropriate to implement, execute, and perform under the Derivative Contracts, including, but not limited to, posting collateral or margin, and delivery of settlement, on account of Derivative Contracts, without further order of this Court. Notwithstanding any provision of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon signature.

3. This Order is effective only through the conclusion of the first-day motion hearing, unless otherwise extended by the case-assigned Judge. This Court's ultimate disposition of the Motion shall not impair any action taken pursuant to this Order.

4. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

5. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          October 8, 2005

*s/ Arthur J. Gonzalez*
UNITED STATES BANKRUPTCY JUDGE