UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
    In re                               :       Chapter 11
:
DELPHI CORPORATION, et al.,      :       Case No. 05-44481
:
                    Debtors.   :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BRIDGE ORDER UNDER 11 U.S.C. §§ 361, 362, AND 363 AUTHORIZING USE OF
CASH
<u>COLLATERAL AND ADEQUATE PROTECTION TO PREPETITION SECURED
PARTIES</u>

("CASH COLLATERAL BRIDGE ORDER")

         Upon the motion for (I) Order Scheduling Expedited Hearing on "First

Day Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing

Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1]

---

[1]      In addition to Delphi, the following entities are debtors in these related cases:
ASEC Manufacturing General Partnership, ASEC Sales General Partnership,
Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive
Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc.,
Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems
International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive
Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi
Automotive Systems Risk Management Corp., Delphi Automotive Systems
Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive
Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi
Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales
Corporation, Delphi Integrated Service Solutions, Inc., Delphi International
Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding
Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical
Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi
Medical Systems Texas Corporation, Delphi NY Holding Corporation, Delphi
Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc.,
Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes
Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics
International Ltd.

debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"), seeking, among other things, entry of a bridge order under sections 361, 362,

and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1330 (as amended, the

"Bankruptcy Code"), granting the relief requested in the Debtors' Motion For Orders

Under U.S.C. §§ 361, 362, 363, 364(c), And 364(d) (I) Authorizing Debtors To Obtain

Secured Postpetition Financing On A Superpriority Secured And Priming Basis, (II)

Authorizing Use Of Cash Collateral, (III) Granting Adequate Protection To Prepetition

Lenders, (IV) Granting Interim Relief, And (V) Scheduling A Final Hearing Under Fed.

R. Bankr. P. 4001(c) dated October 8, 2005 (the "Motion"), on an interim basis pending

this Court's disposition of the Motion on its merits after notice and a hearing; and this

Court having determined that it has jurisdiction over the matters raised in the Expedited

Hearing Motion and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, this is a core

proceeding under 28 U.S.C. § 157(b)(2), and the relief requested in the Expedited

Hearing Motion and the Motion is essential to the continued operations of the Debtors'

businesses and is in the best interests of the Debtors, their estates, their creditors, and

other parties-in-interest; and it appearing that proper and adequate notice of the Expedited

Hearing Motion has been given and that no other or further notice is necessary; and after

due deliberation thereon; and good and sufficient appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.   The Debtors are authorized to use the cash collateral and all other

collateral of the prepetition secured lenders solely in the ordinary course of business in

order to maintain and finance their ongoing operations in the ordinary course of their

business.

2.      The prepetition secured lenders are hereby granted, as adequate

protection for any diminution in the value of their interest in Debtors' property,

including the cash collateral, a replacement lien on all property of the Debtors acquired

after the date of filing of the chapter 11 petitions (the "Petition Date") that would have

constituted "Collateral" (as defined in the prepetition loan documents) but for the

operation of section 552(a) of the Bankruptcy Code as to which the prepetition liens of

the secured lenders were properly perfected prior to the Petition Date and which

replacement liens shall be deemed perfected as of the entry of this Order without the

necessity of any further action by any party.

3.      The Debtors are hereby authorized to execute any additional

documents as may be required to carry out the intent and purpose of this Order.

4.      Notwithstanding any provision of the Bankruptcy Code or the

Federal Rules of Bankruptcy Procedure to the contrary, this Order shall take effect

immediately upon signature.

5.      This Order is effective only through the conclusion of the first-day

motion hearing, unless otherwise extended by the case-assigned Judge.  This Court's

ultimate disposition of the Motion shall not impair any action taken pursuant to this

Order.

6.      This Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order.

7.      The requirement under Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York for

the service and filing of a separate memorandum of law is deemed satisfied by the

Motion.

Dated:      New York, New York
            October 8, 2005


                                        *s/ Arthur J. Gonzalez*
                              _____
                              UNITED STATES BANKRUPTCY JUDGE