SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-_____ (__) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DECLARATION OF JOHN WM. BUTLER, JR. IN SUPPORT OF APPLICATION
FOR ORDER UNDER 11 U.S.C. §§ 327(a) AND 329 AND FED.R. BANKR. P. 2014
AND 2016 AUTHORIZING EMPLOYMENT AND RETENTION OF SKADDEN,
ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
AS ATTORNEYS FOR DEBTORS-IN-POSSESSION

I, JOHN WM. BUTLER, JR., declare that:

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

1.    I am a member of the firm of Skadden, Arps, Slate, Meagher &
Flom LLP, which maintains an office for the practice of law at 333 West Wacker Drive,
Chicago, Illinois 60606-1225.  I am a member in good standing of the bars of, and am
admitted to practice in, the States of Illinois and Michigan, the United States District
Courts for the Northern District of Illinois and the Eastern and Western Districts of
Michigan, the United States Court of Appeals for the Sixth and Seventh Circuits, and the
United States Supreme Court.  I submit this declaration pursuant to 11 U.S.C. §§ 327 and
329 and Fed. R. Bank. P. 2014 and 2016 in support of the Application for Order Pursuant
to 11 U.S.C. §§ 327(a) and 329 Authorizing the Employment and Retention of Skadden,
Arps, Slate, Meagher & Flom LLP and Affiliates as Attorneys for the Debt-
ors-in-Possession (the "Application"), filed contemporaneously herewith by the Debtors.
Except as otherwise indicated, I have personal knowledge of the matters set forth herein
and if called as a witness, would testify competently thereto.[1]

## QUALIFICATION OF PROFESSIONALS

2.    As of July 12, 2005, Skadden, Arps, Slate, Meagher & Flom LLP
and its affiliates (collectively, "Skadden" or the "Firm") began representing Delphi
Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate

---

[1]    Certain of the disclosures herein relate to matters within the knowledge of other attorneys at
Skadden (as defined below) and are based on information provided by them.

Debtors,")[2] , debtors and debtors in possession in the above-captioned cases, (collectively,

the "Debtors") in their present efforts to restructure their businesses pursuant to an

engagement agreement with Skadden dated as of July 12, 2005 (the "Engagement

Agreement"), a copy of which is attached hereto as Exhibit A.

> 3.    Skadden believes it has assembled a highly qualified, dedicated

team of attorneys that have committed, and will continue to commit, a concentrated effort

to the Engagement to represent the Debtors during their reorganization efforts.  I am the

co-leader of Skadden's worldwide corporate restructuring practice and have served as

counsel in transactional work with debtors, sellers, purchasers, and creditors of finan-

cially troubled companies, in nonjudicial restructurings and in chapter 11 reorganization

cases in several hundred transactions across North America, and in international transac-

tions located in Asia, Australia, Europe, South America, and the Middle East.  I am a

Fellow of the American College of Bankruptcy and the International Insolvency Institute,

served as Chairman of the Turnaround Management Association in 1996 and 1997 and as

director from 1991-99 and again from 2001-04, was President and Chairman of the

---

[2]    In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufactur-
ing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics
Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems
Global (Holding), Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive
Systems International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems
LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk
Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive Systems
Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connec-
tion Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign
Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings Corp.,
Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi LLC, Delphi
Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical
Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holdings Corpora-
tion, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc., Environmen-
tal Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company,
Specialty Electronics, Inc., and Specialty Electronics International Ltd.

American Board of Certification from 1995-97, was a director of the American Bank-

ruptcy Institute from 1991-98, was Chairman of the Governing Board of the Commercial

Finance Association Education Foundation from 1994-96, and was Associate General

Counsel of the Commercial Finance Association from 1996-2000.

      4.     Peter Allan Atkins and I will coordinate Skadden's overall repre-

sentation of the Debtors.  Other Skadden partners with principal responsibilities in the

Engagement matters are Eric L. Cochran, N. Lynn Hiestand, John K. Lyons and Kayalyn

A. Marafioti.  Mr. Atkins, a corporate partner resident in the New York office, concen-

trates on corporate, securities, and financial practice areas, including extensive involve-

ment in the mergers and acquisitions field.  Mr. Cochran, a corporate partner resident in

the New York office, has extensive experience in international transactions, mergers and

acquisitions, and corporate governance matters.  Ms. Hiestand, a corporate restructuring

partner resident in the London office, represents buyers, sellers, borrowers and lenders,

debtors, creditors, and financial advisors in a variety of international transactions,

primarily those involving financially troubled companies and will lead the legal efforts in

connection with international initiatives and issues.  Mr. Lyons, a corporate restructuring

partner resident in the Chicago office, represents debtors, creditors, sellers, purchasers,

and other financial advisors in all stages of complex restructuring transactions from

chapter 11 reorganizations to out of court negotiations, workouts and divestitures, and

will be primarily responsible advising the Debtors at their worldwide headquarters on

general aspects of the reorganization.  Ms. Marafioti, a corporate restructuring partner

resident in the New York office, who represents creditors, debtors, committees, equity

security holders, and foreign liquidators in a wide range of restructuring transactions and

bankruptcy litigation, will be responsible for general aspects of the reorganization
including coordination of the chapter 11 cases in this Court.

5.      Other Skadden partners presently with engagement responsibilities
include Lawrence D. Frishman (finance), John P. Furfaro (labor), Cliff Gross (tax), Neil
M. Leff (executive compensation), Marian P. Wexler (real estate) and George
Zimmerman (litigation).  Additional lawyers will be added to Skadden's representation of
the Debtors in these chapter 11 cases on an as needed basis.

6.      As a result of its representation of the Debtors, Skadden has
become informed about the Debtors and their businesses, and is generally familiar with
the Debtors' capital structure and those material agreements relating to Skadden's
engagement as disclosed to us by the Debtors.

<u>SERVICES TO BE RENDERED</u>

7.      The Debtors have requested that Skadden render the following
services in connection with these cases:

 (a) advise the Debtors with respect to their powers and duties as
debtors and debtors-in-possession in the continued management
and operation of their businesses and properties;

 (b) attend meetings and negotiate with representatives of creditors and
other parties-in-interest;

 (c) advise and consult on the conduct of the case, including all of the
legal and administrative requirements of operating in chapter 11;

 (d) advise the Debtors in connection with any contemplated sales of
assets or business combinations, including the negotiation of asset,
stock purchase, merger or joint venture agreements, formulate and
implement bidding procedures, evaluate competing offers, draft
appropriate corporate documents with respect to the proposed
sales, and counsel the Debtors in connection with the closing of
such sales;

(e)    advise the Debtors on matters relating to the evaluation of the
assumption, rejection or assignment of unexpired leases and execu-
tory contracts;

(f)    provide advice to the Debtors with respect to legal issues arising in
or relating to the Debtors' ordinary course of businesses, including
attendance at senior management meetings, meetings with the
Debtors' financial advisors, meetings of the board of directors, and
advice on employee, workers' compensation, employee benefits,
executive compensation, tax, environmental, banking, insurance,
securities, corporate, business operation, contracts, joint ventures,
real property, press/public affairs, and regulatory matters, and
advise the Debtors with respect to continuing disclosure and re-
porting obligations, if any, under securities laws;

(g)    take all necessary action to protect and preserve the Debtors' es-
tates, including the prosecution of actions on their behalf, the
defense of any actions commenced against those estates, negotia-
tions concerning all litigation in which the Debtors may be in-
volved and objections to claims filed against the estates;

(h)    negotiate and prepare on the Debtors' behalf plan(s) of reorganiza-
tion, disclosure statement(s) and all related agreements and/or
documents and take any necessary action on behalf of the Debtors
to obtain confirmation of such plan(s);

(i)    prepare on the Debtors' behalf all petitions, motions, applications,
answers, orders, reports, and papers necessary to the administration
of the estates;

(j)    attend meetings with third parties and participate in negotiations
with respect to the above matters;

(k)    appear before this Court, any appellate courts, and the U.S.
Trustee, and protect the interests of the Debtors' estates before such
courts and the U.S. Trustee; and

(l)    perform all other necessary legal services and provide all other
necessary legal advice to the Debtors in connection with these
chapter 11 cases and bring the Debtors' chapter 11 cases to a
conclusion.

8.      Subject to this Court's approval of the Application, Skadden is willing to serve as the Debtors' counsel and to perform the services described above.

DISINTERESTEDNESS OF SKADDEN

9.      Except as otherwise set forth herein, the partners, counsel, and associates of Skadden (a) do not have any connection with the Debtors or their affiliates, their creditors, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, or any other party in interest, or their respective attorneys and accountants, (b) are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, and (c) do not hold or represent any interest adverse to the estates.

10.      Skadden represented, represents, and in the future likely will represent, certain creditors of the Debtors and other parties-in-interest in matters unre-lated to the Debtors, the Debtors' reorganization cases, or such entities' claims against or interests in the Debtors.  Of the Debtors' (a) affiliates, (b) officers and directors, (c) joint owners of Debtors' affiliates, (d) fifty largest unsecured creditors (on a consolidated basis as of September 2005 as determined by the Debtors), (e) counterparties to major con-tracts, (f) major lenders, (g) shareholders who own over 5% of the Debtors' shares, (h) professionals, (i) counterparties to major leases, (j) insurance providers, (k) major vendors, (l) major customers, (m) non-Debtor parties to collective bargaining agreements with the Debtors, (n) indenture trustees, (o) underwriters of securities, (p) major litigation parties, (r) state and governmental agencies, and (s) Judges and United States Trustees for the United States Bankruptcy Court for the Southern District of New York, Skadden currently represents or has represented the following entities (or in some cases their affiliates as indicated):

11.    <u>Officers and Directors</u>:  The current and former directors and officers of the Debtors include Jose Maria Alapont, J.T. Battenberg III, R. H. Brust, Alan S. Dawes, Richard Erwin, Robert Katz, Jeffrey Krause, Robert Steve Miller Jr., Rodney O'Neal, Brian O'Neill, John D. Opie, Roger S. Penske, John D. Sheehan, John Short and Robert Sparks.  In addition, John D. Opie is an outside director of NBC, Inc., an affiliate of GE; R. H. Brust is an executive director of Eastman Kodak Co., Robert S. Miller Jr. is a current outside director of Symantec Corporation and UAL Corp. and a former outside director of Federal-Mogul Corp. and DaimlerChrysler Motors Corp.; Rodney O'Neal is an outside director of Goodyear Tire & Rubber Co.; Roger S. Penske is on the board of directors of Penske Corp. and GE Co.; Alan S. Dawes is an outside director of Autonation, Inc.; Brian O'Neill is director of Prudential International Assurance Public Ltd. Co.; J. T. Battenberg III is outside director of Sara Lee Corporation; Jeffrey Krause is executive of First Interstate Insurance Agency of Oregon; Jose Maria Alapont is Executive of Federal-Mogul Corporation; Richard Erwin is a Managing Director of Roche OY; Robert Katz is President of Liberty Supply, Inc.  Skadden currently represents or has represented NBC, Inc., Eastman Kodak Co, Federal-Mogul Corp., Symantec Corporation, DaimlerChrysler Motors Corp., Waste Management, Inc., UAL Corp., Goodyear Tire & Rubber Co., Penske Corp., GE Co., Autonation, Inc., The Williams Companies Inc., Prudential International Assurance Public Ltd. Co., Sara Lee Corporation, First Interstate Insurance Agency of Oregon, Atlas Processing Company, Roche OY, and Liberty Supply, Inc. or their affiliates in matters unrelated to the Debtors.

12.    Skadden represents Robert S. "Steve" Miller, Jr., Delphi's Chairman and Chief Executive Officer, on a matter unrelated to the Company involving Mr.

Miller's directorship of Waste Management, Inc.  In addition, prior to the Petition Date

and with the prior knowledge and consent of the Company, Skadden provided advice to

John D. Sheehan, the Company's Vice President and Chief Restructuring Officer, in

connection with meetings, interviews, testimony, and submissions relating to the investi-

gation of the Company by the Securities and Exchange Commission as well as the

internal investigation completed prior to July 2005 on a basis that was not adverse to the

Company.

13.    <u>Joint Owners of Debtors' affiliates</u>:  Skadden currently represents

RS Investment Management in matters unrelated to the Debtors and their chapter 11

cases.  In addition, Skadden currently represents or in the past has represented Palm, Inc.

and Royce & Assocs, believed to be affiliates of some of the Debtors' joint owners of

their affiliates in matters unrelated to the Debtors and their chapter 11 cases.

14.    <u>Fifty Largest Unsecured Creditors</u>:  Skadden currently represents

or has represented the following fifty largest unsecured creditors or their affiliates in

matters unrelated to the Debtors and their chapter 11 cases: AK Steel Corporation;

affiliates of American Axle and Manufacturing Holdings Inc.; and an affiliate of Autocam

Corp; the parent company of Autoliv Asp Inc.; Engelhard Corporation and some affili-

ates; affiliates of Freescale Semiconductor Inc.; General Motors Corp. and affiliates[3];

affiliates of HSBC Bank USA, N.A.; affiliates of Infineon Technologies AG; Ispat Inland,

---

[3]    As of the date of this Affidavit, Skadden does not represent GM and will not represent GM in the
future prior to the termination of the Engagement except on unrelated matters in accordance with
the terms of Skadden's Engagement Agreement and after disclosure to the Debtors, the United
States Trustee and the Court of the fact of any such engagement.  Skadden currently represents a
subsidiary of and certain financial advisors to GM on certain limited matters unrelated to the
Debtors, but is free to represent the Debtors on a basis adverse to GM in the chapter 11 cases
without any notice to or further consent from GM.

Inc.; Johnson Electric Holdings Ltd.; affiliates of Molex Inc.; affiliates of NEC Electron-

ics Inc.; Olin Corp. and an affiliate; an affiliate of Panasonic Automotive; an affiliate of

Pechiney Rolled Products LLC.; an affiliate of Robert Bosch Corporation; SGS

Thomson; affiliates of Siemens Automotive Ltd.; affiliates of TRW Automotive; Tyco

International Ltd. and affiliates; an affiliate of Waupaca Foundry Inc.

   15. <u>Counterparties to Major Contracts</u>:  Skadden currently represents

or has represented the following counterparties to major contracts or their affiliates in

matters unrelated to the Debtors and their chapter 11 cases: Alltel Corporation and an

affiliate; affiliates of American Electric Power (AEP); affiliates of Ameritech Information

Systems, Inc.; AT&T Corporation and an affiliate; AT&T Wireless and affiliates;

affiliates of Cardinal Health, Inc.; Cellco Partnership (d/b/a Verizon Wireless) and

affiliates; the parent company of Cinergy PSI IN; Consumers Energy Company and

affiliates; Consumers Power Company and affiliates; an affiliate of the Deparment of

Commerce/National Institute of Standards and Technology (DOC/NIST); an affiliate of

the Department of Defense/Tank-Automotive and Armaments Command

(DOD/TACOM); an affiliate of the Department of Energy/National Energy Technology

Laboratory (DOE/NETL); an affiliate of the Department of Transportation; an affiliate of

DPL Energy Resources, Inc.; affiliates of DTE Energy Co.; Entergy (MS Power & Light)

USA and affiliates; affiliates of El Paso Electric Co.; an affiliate of Georgia Power

Company; Honeywell International; an affiliate of Indiana Michigan Power Company;

affiliates of Indiana-American Water Company; affiliates of Indianapolis Power & Light

Company; an affiliate of Kokomo Gas & Fuel Co.; KPL (Western Resourses); affiliates

of Mississippi Power Company; an affiliate of National Aeronautics and Space Adminis-

tration (NASA); Nextel Communications, Inc.; OneOK Energy Marketing and affiliates;

affiliates of Pepco Energy Services; affiliates of PSE&G; affiliates of SBC Ameritech;

affiliates of SBC Global Services, Inc.; affiliates of SkyTel; an affiliate of Southern

California Edison; affiliates of Sprint United; an affiliate of Tennessee Valley Authority;

affiliates of Time Warner, Inc.; affiliates of Verizon; and an affiliate of Wisconsin

Electric Power Co.

      16.    Major Lenders:[4]  Skadden currently represents or has represented

the following major lenders or their affiliates in matters unrelated to the Debtors and their

chapter 11 cases: several affiliates of ABN Amro Bank N.V.; Amaranth Partners LLC;

affiliates of Banc One Capital Markets, Inc.; Bank of China Luxembourg S.A.; Bank of

New York; Bank of Nova Scotia and affiliates; The Bank of Tokyo-Mitsubishi, Ltd. and

affiliates; Barclays Bank plc. and affiliates; affiliates of Bear Stearns Investment Prod-

ucts; BNP Paribas and affiliates; Calyon NY Branch (f/k/a Credit Lyonnais) and affili-

ates; affiliates of Cargill Financial Services International, Inc.; an affiliate of Cede & Co.;

Citibank N.A. and affiliates; affiliates of Citicorp Securities, Inc.; affiliates of Citicorp

Vendor Finance, Inc.; Citigroup Financial Products Inc. and affiliates; affiliates of

Comerica Bank; Commerzbank A.G. and affiliates; and affiliates of Compaq Financial

Services Corp.; an affiliate of Dai-Ichi Kangyo Trust Co. of New York; Deutsche Bank

A.G. and affiliates; Deutsche Bank Trust Company; Fifth Third Bank; several affiliates of

First Chicago Capital Markets, Inc.; Goldman Sachs Credit Partners L.P.; an affiliate of

---

[4]     Each of the lenders included in this category is limited to a $10 million commitment. Skadden
may have represented or may represent certain of the lenders below the $10 million threshold in
matters unrelated to the Debtors and their chapter 11 cases. Skadden is in the process of conduct-
ing disclosure research with respect to the voluminous number of lenders who have extended credit
to the Debtors in an amount below this threshold and will include these results in a supplemental
declaration after completion.

HBK Master Fund L.P.; J.P. Morgan Chase Bank, N.A. and several of its affiliates[5];

affiliates of KeyBank National Association; affiliates of Lehman Commercial Paper, Inc.;

Mizhuo Corporate Bank Ltd. (f/k/a DKB); affiliates of Morgan Stanley Senior Fundings,

Inc.; the parent company and affiliates of Regions Bank; Societe Generale S.A. and

affiliates; Sumitomo Mitsui Banking Corporation and an affiliate; UBS AG and several of

its affiliates; an affiliate of UFJ Bank Limited; Wachovia Bank, N.A. and affiliates; an

affiliate of Whitney National Bank.

17.    <u>Major Shareholders</u>: Skadden currently represents or has repre-

sented the following major shareholders or affiliates of such major shareholders in

matters unrelated to the Debtors and their chapter 11 cases: affiliates of Capital Group

International, Inc.; Capital Research & Management Co.; affiliates of Dodge & Cox; and

State Street Bank and Trust Co.

18.    <u>Professionals</u>: Skadden currently represents or has represented the

following professionals or affiliates of such professionals in matters unrelated to the

Debtors and their chapter 11 cases: BBK Ltd.; an affiliate of Corporate Executive Board

Co.; Ernst & Young LLP and an affiliate; affiliates of Fidelity Employer Services

Company LLC; FTI Consulting, Inc.; KPMG LLP and affiliates; Salomon Smith Barney

---

[5]    Skadden also represented JP Morgan Chase Bank, N.A. in connection with a Receivables Purchase
Agreement, dated as of March 31, 2003, as amended from time to time, among Delphi Receivables
LLC as Seller, Delphi Corporation as Servicer, JP Morgan, Falcon Asset Securitization Corpora-
tion, ABN AMRO Bank N.V., Amsterdam Funding Corporation, The Bank of Tokyo-Mitsubishi,
Ltd., and Gotham Funding Corporation. On October 6, 2005, the Debtors gave notice of their
election to terminate the U.S. Facility Program pursuant to the terms of the relevant agreements
upon the earlier of October 11, 2005 and the occurrence of an amortization event. The commence-
ment of these chapter 11 cases has constituted such an amortization event and the U.S. Facility
Program has terminated.   As of the Petition Date, there were no borrowings under the U.S.
Facility Program.

Inc. (a/k/a Citigroup) and several affiliates; affiliates of Sedgwick Claims Management

Services, Inc.; and Sitrick & Company, Inc.

19.    <u>Counterparties to Major Leases</u>:  Skadden represents or has

represented the following counterparties to major leases or affiliates of such

counterparties to major leases in matters unrelated to the Debtors and their chapter 11

cases: affiliates of Ford Motor Land Development Corporation; an affiliate of Kilroy

Relaty, L.P. (b/k/a Limar Realty Corp.); and LaSalle National Bank.

20.    <u>Insurance Providers</u>:  Skadden represents or has represented the

following insurance providers or affiliates of such insurance providers in matters

unrelated to the Debtors and their chapter 11 cases: an affiliate of ACE American

Insurance Company; ACE USA and an affiliate of ACE USA; affiliates of AIG Excess

Casualty North America; affiliates of AIU, Inc.; Allianz of America Corp. and affiliates;

affiliates of American Home Assurance Co.; affiliates of American International Group,

Inc. (AIG); the parent company of AON (Bermuda) Limited; the ultimate company of

AON UK; an affiliate of Arch Insurance Group Inc. (U.S.); Blue Cross Blue Shield of

Michigan; affiliates of Canawill, Inc.; the parent company and an affiliate of CIGNA

Behavioral Health; CIGNA Corp.; Continental Casualty Co. (C.N.A.); an affiliate of

Delta Dental Plans Association; affiliates of Great American Insurance Co.; affiliates of

Gulf Underwriters Insurance Company; affiliates of Hewitt Associates; affiliates of Ins.

Co. of the State of Pennsylvania (AIG); Liberty Mutual Insurance Company; affiliates of

Marsh USA, Inc.; an affiliate of Medco Health Solutions, Inc.; the parent company of The

Medstat Group Inc.; Metropolitan Life Insurance Co. (MetLife) and some of its affiliates;

National Union Fire Ins. Co. (AIG) and affiliates; affiliates of Pacific Employers Insur-

ance Co. (ACE USA); PriceWaterhouseCoopers International Ltd.; affiliates of St. Paul

Fire & Marine Insurance Company; affiliates of Steadfast Insurance Company (Zurich);

Swiss Re Company and affiliates; affiliates of Twin City Fire Insurance (Hartford);

United Health Group; affiliates of United State Aviation Insurance Group (USAIG); an

affiliate of Watson Wyatt & Co.; XL Global Reinsurance Company, Ltd.; and the parent

company of Zurich American Insurance Company.

21.    <u>Major Vendors</u>:  Skadden represents or has represented the

following major vendors or affiliates of such vendors in matters unrelated to the Debtors

and their chapter 11 cases: 3M Company; affiliates of Advanced Micro Devices, Inc.;

affiliates of Advanced Polymer Systems, Inc. (n/k/a AP Pharma Inc.); Alcoa Inc. and an

affiliate; affiliates of Analog Devices Inc.; Basell USA Inc.; an affiliate of Bayer AG;

Best Buy Co.; affiliates of Carpenter Technology Corporation; Circuit City Stores Inc.

and affiliates; Dana Corporation; Deloitte & Touche USA LLP and some of its affiliates;

affiliates of Dura Automotive Systems Inc; an affiliate of ECO-BAT America LLC;

Electronic Data Systems Corporation (EDS); Exxon Mobil Corp. and an affiliate; an

affiliate of Federal Environmental Protection Agency; affiliate of The Furukawa Electric

Co.; General Electric Capital Co. and several of its affiliates; General Electric Co. and

several of its affiliates; affiliates of Georgia Gulf Corp.; Hayes Lemmerz International

Inc.; affiliates of Henkel KGAA; affiliates of Hitachi Ltd.; Hub Group Inc.; an affiliate of

Hyatt Legal Plans Inc.; an affiliate of Illinois Tool Works Inc.; an affiliate of International

Wire Group, Inc.; affiliates of Internet Corp.; an affiliate of Kyocera Corp.; Mahle

GMBH; Martinrea International Inc.; affiliates of Microchip Technology Inc.; an affiliate

of Mittal Steel (b/k/a ISPAT International Ltd.); affiliates of Motorola Automotive;

14

Motorola Inc. and an affiliate; affiliates of National Semiconductor Corp.; NEC Corp.

and affiliates; an affiliate of Plymouth Rubber Company; PricewaterhouseCoopers LLP;

an affiliate of RLI Surety; an affiliate of Robert Stiftung Bosch GMBH;  RSR Corpora-

tion; Safeco Insurance Co. and affiliates; affiliates of Seiko Epson Corporation; an

affiliate of Sequa Corp.; affiliates of Shell Oil; an affiliate of Spartech Corp.; SPX Corp;

affiliates of Standard Motor Products Inc.; an affiliate of Steel Technologies Inc.; Texas

Pacific Group Ltd.; Textron Inc. and an affiliate; an affiliate of Thyssenkrupp AG;

affiliates of Tower Automotive Inc.; the parent company of Trico Products Corporation;

affiliates of Tyco Electronics Corp; Unigraphics Solutions Inc.; US Steel Corporation and

an affiliate; and Visteon Automotive Systems, Inc.

        22.    Major Customers:  Skadden represents or has represented the

following customers or affiliates of such customers in matters unrelated to the Debtors

and their chapter 11 cases: affiliates of Aftermarket Technology Corp.; affiliates of

Agilent Technologies Inc.; affiliates of Arvinmeritor Inc.; affiliate of AZ Automotive

Corp.; an affiliate of Michael Baker, Corp.; Benteler Industries, Inc.; Brite Smile and

affiliates; an affiliate of Cambrex Bio Science Inc.; affiliates of Cardinal Health Inc.;

affiliates of Caterpillar Inc.; affiliates of Coinstar, Inc.; affiliates of Cummins, Inc.;

DaimlerChrysler AG; Fiat Group and affiliates; Ford Motor Company; an affiliate of

Harley Davidson, Inc.; Hewlett-Packard Co. and affiliates; affiliates of HP Financial

Services; Hyundai Motor America; INO Therapeutics LLC; an affiliate of International

Truck & Engine Corporation; an affiliate of Intier Automotive Inc.; Johnson Controls

Inc.; the parent company of Kautex Textron;  affiliates of KLA Tencor Corp.; an affiliate

of L-3 Communications Holdings Inc.; affiliates of Lear Corporation Automotive

Systems; and affiliates of Magna International Inc.; affiliates of Matco Tools; affiliates of

Medrad Inc.; Medtronic Inc.; Mitsubishi Motors of America Credit Co.; Navistar

International Corporation; affiliates of NuVasive, Inc.; affiliates of StorageTek (a/k/a

Starage Technology Corp.); Sunrise Medical Ltd. and an affiliate; an affiliate of Verilink

Corporation; and an affiliate of Volvo Parts North America, Inc.

23.    <u>Non-Debtor Parties to Collective Bargaining Agreements</u>:
Skadden has not previously represented any of the non-Debtor parties to collective

bargaining agreements.

24.    <u>Indenture Trustees</u>:  Skadden represents or has represented the

following indenture trustees or affiliates of such indenture trustees in matters unrelated to

the Debtors and their chapter 11 cases:  Bank One Trust Company N.A. and affiliates;

First National Bank of Chicago (a/k/a Bank One, N.A.) and several of its affiliates.; J.P.

Morgan Chase; and J.P. Morgan Trust Company, N.A. and affiliates.

25.    <u>Underwriters of Securities</u>:  Skadden represents or has represented

the following underwriters of securities or affiliates of such underwriters in matters

unrelated to the Debtors and their chapter 11 cases:  A.G. Edwards & Sons, Inc.; ABN

AMRO Incorporated and affiliates; Advest, Inc. and affiliates; Banc of America Securi-

ties LLC and affiliates; Barclays Capital Inc. and affiliates; BNP Paribas Securities Corp.

and affiliates; Citigroup Global Markets Inc. and affiliates; an affiliate of Comerica

Securities Inc.; Credit Suisse First Boston LLC and affiliates, Deutsche Bank Securities

Inc. and affiliates; HSBC Securities (USA) Inc. and affiliates; J.P. Morgan Securities Inc.

and affiliates; an affiliate of Janney Montgomery Scott LLC; McDonald Ivestments Inc.,

affiliates of Merrill Lynch, Pierce, Fenner & Smith Inc.; Morgan Stanley & Co. Incorpo-

16

rated and affiliates; Oppenheimer & Co. Inc. and affiliates; affiliates of Quick & Reilly,

Inc.; RBC Dain Rauscher Inc. and affiliates; The Royal Bank of Scotland plc. and

affiliates; Scotia Capital (USA) Inc. and affiliates; SG Cowen Securities Corp. and

affiliates; Stifel, Nicolaus & Co., Inc.; UBS Securities LLC and affiliates; US Bancorp

Piper Jaffray Inc. and an affiliate; Utendahl Capital Partners, L.P. and an affiliate; and

Wachovia Capital Markets, LLC and affiliates.

26.    <u>Major Litigation Parties</u>:  Skadden represents or has represented

the following major litigation parties or affiliates of such parties in matters unrelated to

the Debtors and their chapter 11 cases:  an affiliate of Altria Corporate Services, a client

of the firm; James Arnold Jr., who is Secretary of a company whose affiliates are clients

of the firm; affiliates of Building Materials Holding Corp (d/b/a BMC West Corp.);

James Burdette, who is president of Lockwood Financial Services Inc., affiliates of which

company are clients of the firm, and President of Bank of New York, a client of the firm;

an affiliate of The Chamberlain Group, Inc.; an affiliate of DSL Net Inc.; Eaton Corpora-

tion and affiliates; William P. Edwards, who is the President of Vendome, and an affiliate

of which company is a client; affiliates of Elco textro Fastening Systems; affiliates of

Elco Textron, Inc.; Terrence Evans, who is VP of Newark Road Realty Co., affiliates of

which company are clients of the firm; Faurecia Exhaust Systems, Inc.; Greystone & Co.;

John Harden, who is Vice President of Macquarie Aviation North America 2 Inc., an

affiliate of Honeywell ACS Sensing & Control; Robert Hillman, who is President of a

company, affiliates of which company are clients of the firm; Linda Hudson, who is

President of General Dynamics Armament and Technical Products, Inc., affiliate of

General Dynamics Corporation, a client of the firm; an affiliate of IMSS (Instituto

Mexicano del Seguro Social); an affiliate of INFONAVIT (Instituto del Fondo Nacional

de la Vivienda para los Trabajadores); William Jensen is the President of Fidelity

National Home Warranty, affiliates of which company are clients; Steven Kramer, who

serves as executive to Thermo Vision Colorado, an affiliate of which company is a client

of the firm; affiliates of Land Rover; Lockheed Martin Corp.; an affiliate of Mahle

Sistemas de Filtracion de Mexico; MCI Telecommunications Corporation; an affiliate of

Mercedes Benz US International (MBUSI); an affiliate of Open Hungaru (GMPT); Jerry

Peter, who is President of A&M Cleaning Products, Inc, an affiliate to a Great Lakes

Chemical Corporation, a client of the firm; Republic Waste Industries, Inc. (a/k/a

Autonation); affiliates of Siemens VDO Automotive AG (SVDO); affiliates of

SouthTrust Bank; affiliates of State of New York; affiliates of Strattec Security Corpora-

tion; Kenneth Taylor is Treasurer of Navigan International Southeast Inc., an affiliate to

Navigant International, Inc., a former client of the firm; an affiliate of Tenneco Automo-

tive Inc.; an affiliate of Gorg Warner Inc.; Anthony Whitehead, who is the Marketing

Executive of Gray Texas L.P., an affiliate of which company is a client; Chris Wong, who

is managing director of GT Management, affiliates of which company are clients of the

firm; and Karl L. Young, who is an executive of Altria Group.

27.   <u>State and Governmental Agencies</u>:  Skadden represents or has

represented the following state and governmental agencies or affiliates of such state and

governmental agencies in matters unrelated to the Debtors and their chapter 11 cases: an

affiliate of California Environmental Protection Agency (Cal EPA); an affiliate of

Integrated Waste Management Board (IWMB) (California); affiliates of New York State

Department of Environmental Conservation (NYSDEC); an entity related to the Occupa-

18

tional Safety and Health Administration (OSHA); and an affiliate of U.S. Department of

Transportation.

28.     <u>Judges and United States Trustees for the United States Bank-</u>

<u>ruptcy Court for the Southern District of New York</u>:  I am not related, and to the best of

my knowledge, no attorney at the Firm is related, to any United States District Judge or

United States Bankruptcy Judge in the Southern District of New York or to the United

States Trustee for such district or any employee in the office thereof, except that Adlai S.

Hardin III, a Corporate Restructuring associate employed by Skadden in its New York

office, is the son of Judge Adlai Hardin.

29.     Many of the firm's representations of the above clients consist of

representations in episodic transactional matters.  Skadden's representation of the above

entities will not affect the firm's representation of the Debtors in these cases.  Skadden

does not presently represent the above entities in any matters adverse and/or related to the

Debtors.

30.     Skadden is one of the largest law firms in the world and has a

diverse client base.  Indeed, for the period beginning September 1, 2004, and ending

August 31, 2005, no single client accounted for more than 3.655% of Skadden's total

value of time billed to client matters for that period.  With the exception of Citigroup,

Inc., Credit Suisse First Boston Corporation, Daimler Chrysler AG, Deloitte Touche

Tohmatsu, Deutsche Bank AG, and JP Morgan Chase, no single client referenced in this

Declaration accounted for more than 1% of Skadden's total value of time billed during

that same period and, of the above group, only Citigroup, Inc. and JP Morgan Chase

accounted for more than 1.8% of Skadden's total value of time billed.

19

31.     Neither Skadden nor any attorney at the firm holds or represents an interest adverse to the estates.

32.     Except as set forth herein, neither Skadden nor any attorney at Firm is or was a creditor, an equity holder, or an insider of the Debtors, except that Skadden rendered legal services to the Debtors for which it was compensated.  Certain Skadden partners may own Delphi common stock, either directly or indirectly.  Also, partners of the firm may hold Delphi common stock in managed accounts over which they have no control over investment decisions pertaining to holdings in such accounts.  Pursuant to the internal policy of Skadden, the Debtors have been placed on the firm's "restricted list" and no sale or purchase of securities or claims relating to the Debtors will be authorized or permitted during the pendency of our retention as the Debtors' counsel in the chapter 11 cases.[6]

33.     Neither Skadden nor any attorney at the Firm is or was an investment banker for any outstanding security of the Debtors.

34.     Neither Skadden nor any attorney at the Firm is or was, within three years before the filing of the Debtors' chapter 11 cases, an investment banker for any

---

[6]     It is Skadden's written Firm policy that (i) Firm personnel are not permitted to purchase any debt or equity securities of, or claims against, any company which is a debtor in a case under the U.S. Bankruptcy Code or similar proceeding under state law or the laws of foreign jurisdictions or has publicly announced that it is contemplating such action; and (ii) if Firm personnel have acquired a debt or equity security of or a claim against a company prior to a company's filing or contemplation of a chapter 11 case and the Firm subsequently concludes that the individual's ownership of such a security or claim may interfere with the Firm's retention or compensation in connection with the case, the Firm may require the individual to divest the claim or security.  If the claim or security to be divested cannot be sold in the market (e.g., because the Firm is in possession of material inside information), Firm personnel may be required to divest the claim or security without receiving any consideration therefor.

security of the Debtors, or an attorney for an investment banker in connection with the
offer, sale or issuance of any security of the Debtors.

35.    Neither Skadden nor any attorney at the Firm is or was, within two
years before the Petition Date, a director, officer or employee of the Debtors or of an
investment banker of the Debtors.

36.    Skadden does not have an interest materially adverse to the
interests of the estates or of any class of creditors or equity security holders by reason of
any direct or indirect relationship to, connection with, or interest in the Debtors or an
investment banker specified in the foregoing paragraphs, or for any other reason.

37.    Pursuant to the Engagement Agreement, the Debtors waived
certain non-disqualifying conflicts and agreed that Skadden may represent other present
and future clients of the Firm on a basis adverse to the Debtors, including litigation, legal
or other proceedings, so long as Skadden was not then and had not previously been
engaged by the Debtors in the matter.  However, during the pendency of the chapter 11
cases, Skadden will not represent present or future clients of the firm on matters adverse
to the Debtors in these chapter 11 cases.

38.    In view of the foregoing, Skadden is a "disinterested person"
within the meaning of section 101(14) of the Bankruptcy Code.

<u>PROFESSIONAL COMPENSATION</u>

39.    The Engagement Agreement provided for the implementation of a
retainer program pursuant to which the Debtors paid an initial retainer of $500,000 for
professional services rendered and to be rendered and charges and disbursements incurred
to Skadden on behalf of the Debtors in connection with those services described in the

Engagement Agreement (the "Initial Retainer").  Thereafter, Skadden periodically

invoiced the Debtors and drew down the Initial Retainer in payment of such invoices and

was paid certain supplemental amounts in order to replenish the Initial Retainer (collec-

tively, the "Supplemental Retainer") in the following amounts and on the following dates:

$1,600,000 on August 19, 2005, $2,000,000 on September 8, 2005, and $1,750,000 on

September 27, 2005.

   40. Pursuant to the Engagement Agreement, Skadden received a filing

retainer of $4,000,000 to be utilized in accordance with the Engagement Agreement to

cover a portion of the projected fees, charges and disbursements to be incurred during the

reorganization cases (the "Filing Retainer," and, together with the Initial Retainer and the

Supplemental Retainer, the "Retainer").

   41. Pursuant to the Engagement Agreement, Skadden will apply the

Retainer to pay any fees, charges and disbursements which remain unpaid as of the

Petition Date and will retain the remainder of the Retainer to be applied to any fees,

charges and disbursements which remain unpaid at the end of the reorganization cases.

As of October 7, 2005 (the last date on which the firm's books and records were reviewed

in connection with the preparation of this declaration), after application of all prepetition

fees, charges and disbursements incurred and posted as of that date (including estimated

fees, charges and disbursements billed as of October 8, 2005 prior to the commencement

of these cases), the amount of the Retainer was $4,033,019.

   42. According to Skadden's books and records, for the period July 12,

2005 through October 8, 2005, the total amount of services billed to the Debtors in

connection with contingency planning was $2,845,087 with an additional $227,668 in

charges and disbursements. During the same period, the total aggregate amount of all

services billed was $5,500,654 plus charges and disbursements in the amount of

$315,327. Skadden's books and records further reflect that for the period July 12, 2005

through October 8, 2005, Skadden received an aggregate of $9,850,000 from the Debtors,

including payments received for services rendered prior to the filing on October 8, 2005,

and is inclusive of the Retainer balance of $4,033,019. The aggregate amount applied to

fees, charges and disbursements for the same period was $5,816,981, exclusive of the

Retainer balance of $4,033,019. Any portion of the prepetition amounts received by

Skadden that has not yet been applied to prepetition fees and expenses will be applied

when such amounts are identified. Should any balance remain after such application, the

remainder will be held as a retainer for and be applied against postpetition fees and

expenses that are allowed by this Court.

43.    Pursuant to the Engagement Agreement, Skadden provides the

Debtors with periodic (no less frequently than monthly) statements for services rendered

and charges and disbursements incurred. During the course of the reorganization cases,

the issuance of periodic statements shall constitute a request for an interim payment

against the reasonable fees to be determined at the conclusion of the representation. For

professional services, Skadden's fees are based in part on its guideline hourly rates which

are periodically adjusted. Skadden will be providing professional services to the Debtors

under its standard bundled rate schedule and, therefore, Skadden will not be seeking to be

separately compensated for certain staff, clerical and resource charges. Presently, as set

forth on Exhibit B, the hourly rates under the bundled rate structure range from $585 to

$835 for partners and of counsel, $560 to $640 for counsel and special counsel, $295 to

$540 for associates, and $90 to $230 for legal assistants and support staff. The hourly

rates set forth above are subject to periodic increases in the normal course of the Firm's

business, often due to the increased experience of a particular professional.

44.    Skadden intends to apply to this Court for allowance of compensa-

tion for professional services rendered and reimbursement of charges and disbursements

incurred in these chapter 11 cases in accordance with applicable provisions of the

Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the Southern District of

New York, and the United States Trustee Guidelines. Skadden will seek compensation

for the services of each attorney and paraprofessional acting on behalf of the Debtors in

these cases at the then-current bundled rate charged for such services on a non-bankruptcy

matter.

45.    The hourly rates set forth above are the Firm's standard bundled

hourly rates for work of this nature. These rates are set at a level designed to compensate

Skadden fairly for the work of its attorneys and legal assistants and to cover fixed and

routine overhead expenses including those items billed separately to other clients under

the Firm's standard unbundled rate structure. Consistent with the Firm's policy with

respect to other clients, Skadden will continue to charge the Debtors for all other services

provided and for other charges and disbursements incurred in the rendition of services.

These charges and disbursements include, among other things, costs for telephone

charges, photocopying (at a reduced rate of $0.10 per page for black and white copies and

higher commensurate charges for color copies), travel, business meals, computerized

research, messengers, couriers, postage, witness fees, and other fees related to trials and

hearings. Charges and disbursements are invoiced pursuant to Skadden's Policy State-

ment Concerning Charges and Disbursements.  (The "Policy Statement Concerning

Charges and Disbursements" is attached as Exhibit B to the Engagement Agreement.)

Certain charges and disbursements are not separately charged for under the bundled rate

structure as described in the Engagement Agreement.

46.    Skadden has agreed to accept as compensation such sums as may

be allowed by this Court on the basis of the professional time spent, the rates charged for

such services, the necessity of such services to the administration of the estate, the

reasonableness of the time within which the services were performed in relation to the

results achieved, and the complexity, importance, and nature of the problems, issues, or

tasks addressed in these cases.

47.    Other than as set forth above, no arrangement is proposed between

the Debtors and Skadden for compensation to be paid in these cases.

48.    Except for such sharing arrangements among Skadden, Arps, Slate,

Meagher & Flom LLP, its affiliates, and their respective members, Skadden has no

agreement with any other entity to share any compensation received, nor will any be

made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

49.    Skadden has instituted and is carrying on further inquiries of its

partners and associates with respect to the matters contained herein, including the

approximately 1,600 attorneys in the firm's 23 domestic and international offices.

Skadden will file supplemental declarations regarding this retention if any additional

relevant information comes to its attention.  Additionally, as a matter of retention and

disclosure policy, Skadden will periodically review its past and present connections with

entities materially participating in these cases from time to time and will file supplemen-

25

tal disclosure declarations, if warranted, contemporaneously with the filing of its profes-

sional interim fee applications.

I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct to the best of my knowledge, information,

and belief.

Executed on October 8, 2005, at New York, New York.


    s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr.