UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re : Chapter 11
: 
DELPHI CORPORATION, et al., : Case No. 05-_____ (___)
: 
Debtors. : (Jointly Administered)
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

INTERIM ORDER UNDER 11 U.S.C. §§ 327(a) AND 329 AND
FED. R. BANKR. P. 2014 AND 2016 (A) AUTHORIZING EMPLOYMENT AND
RETENTION OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND
AFFILIATES AS ATTORNEYS FOR DEBTORS-IN-POSSESSION AND
(B) SCHEDULING A FINAL HEARING THEREON

("SKADDEN RETENTION APPLICATION INTERIM ORDER")

Upon the application, dated October 8, 2005, (the "Application"),[1] of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (the "Interim Order") under 11 U.S.C. §§ 327(a) and 329 and Fed. R. Bankr. P. 2014 and 2016, (a) authorizing each of the Debtors to employ and retain the law firm of Skadden, Arps, Slate, Meagher & Flom LLP and its affiliates ("Skadden" or the "Firm") under a general retainer as their attorneys and (b) scheduling a final hearing thereon; and upon the Declaration Of John Wm. Butler, Jr. (the "Butler Declaration"), a member of the Firm and the Affidavit Of Robert S. Miller, Jr. In Support of Chapter 11

---

[1]  Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Application.

Petitions And First Day Orders, sworn to October 8, 2005; and this Court being satisfied with the representations made in the Application and the Butler Declaration that such attorneys represent no interest adverse to any of the Debtors' estates, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and would be in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Application is GRANTED on an interim basis.

2. Pursuant to sections 327(a) and 329 of the Bankruptcy Code and Rules 2014 and 2016 of the Bankruptcy Rules, each of the Debtors, as a debtor-in-possession, is authorized to employ and retain Skadden on an interim basis as its attorneys as of the Petition Date to perform the services as set forth in the Application.

3. Skadden shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules and Local Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court.

4. This interim order shall remain in full force and effect until such time as this Court approves a final order.

5. The Debtors shall serve a notice of the final hearing to approve the Application (the "Notice"), substantially in the form attached hereto as <u>Exhibit A</u>, on (i) the Office of the United States Trustee, (ii) the Debtors' fifty (50) largest unsecured creditors, (iii) counsel to the agent to the Debtors' prepetition credit facility, (iv) counsel for the agent to the Debtors' proposed post-petition credit facility, and (v) any committee appointed under section 1102 of the Bankruptcy Code. Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid. No further notice of the final hearing to approve the Application or of the entry of this Interim Order need be served by the Debtors.

6. Objections, if any, to approval of the Application on a final basis must be in writing and filed timely in accordance with the requirements set forth in the Notice. There shall be a hearing held on _____, 2005 at ____ __.m. to determine whether to approve, on a final basis, the retention of Skadden on the terms described in the Application.

7. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

8. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:   New York, New York
         October __, 2005

_____
UNITED STATES BANKRUPTCY JUDGE