UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
        In re                          :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-_____ (___)
                                              :
                    Debtors.     :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### FINAL ORDER UNDER 11 U.S.C. §§ 327(a) AND 329 AND FED. R. BANKR. P. 2014 AND 2016 AUTHORIZING EMPLOYMENT AND RETENTION OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES AS ATTORNEYS FOR DEBTORS-IN-POSSESSION

### ("SKADDEN RETENTION APPLICATION FINAL ORDER")

Upon the application, dated October 8, 2005, (the "Application"),[1] of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for

entry of an order (the "Final Order") under 11 U.S.C. §§ 327(a) and 329 and Fed. R.

Bankr. P. 2014 and 2016, authorizing each of the Debtors to employ and retain the law

firm of Skadden, Arps, Slate, Meagher & Flom LLP and its affiliates ("Skadden" or the

"Firm") under a general retainer as their attorneys; and upon the Declaration Of John

Wm. Butler, Jr. (the "Butler Declaration"), a member of the Firm and the Affidavit of

Robert S. Miller, Jr. in Support of Chapter 11 Petitions and First Day Orders, sworn to

---

[1]     Unless otherwise defined herein, all capitalized terms shall have the meaning
ascribed to them in the Application.

October 8, 2005; and this Court being satisfied with the representations made in the

Application and the Butler Declaration that such attorneys represent no interest adverse

to any of the Debtors' estates, that they are disinterested persons as that term is defined

under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the

Bankruptcy Code, and that their employment is necessary and would be in the best

interests of the Debtors, their estates, their creditors and other parties-in-interest; and it

appearing that proper and adequate notice of the Application has been given and that no

other or further notice is necessary; and after due deliberation thereon, and good and

sufficient cause appearing therefor, it is hereby,

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Application is GRANTED on a final basis.

2.    Pursuant to sections 327(a) and 329 of the Bankruptcy Code and

Rules 2014 and 2016 of the Bankruptcy Rules, each of the Debtors, as a debtor-in-

possession, is authorized to employ and retain Skadden as its attorneys as of the Petition

Date to perform the services as set forth in the Application, effective as of the date of

the Application.

3.    Skadden shall be compensated in accordance with the procedures

set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules,

Local Rules and United States Trustee Guidelines as may then be applicable, from time

to time, and such procedures as may be fixed by order of this Court.

2

4.     Skadden is authorized to apply the Retainer to pay any fees,

charges and disbursements relating to services rendered to the Debtors prior to the

Petition Date that remain unpaid as of such date and shall hold the remaining portion of

the Retainer for application to fees, charges and disbursements relating to services

rendered subsequent to the Petition Date as may be further ordered by this Court.

5.     The Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Final Order.

6.     The requirement under Local Rule 9013-1(b) for the service and

filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:     New York, New York
           October __, 2005


                                            _____
                                            UNITED STATES BANKRUPTCY JUDGE