UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ x
                                  :
        In re                       :    Chapter 11
                                  :
DELPHI CORPORATION, et al.,  :    Case No. 05-_____ (___)
                                  :
                       Debtors.  :    (Jointly Administered)
                                  :
------------------------------ x

DECLARATION OF ALBERT TOGUT IN SUPPORT OF APPLICATION
FOR ORDER UNDER 11 U.S.C. § 327(a) AND FED R. BANKR. P. 2014(a)
(I) AUTHORIZING RETENTION OF TOGUT, SEGAL & SEGAL LLP
AS CONFLICTS COUNSEL FOR DEBTORS AND
(II) SCHEDULING FINAL HEARING THEREON

Albert Togut states the following under penalty of perjury:

1. I am the senior member of Togut, Segal & Segal LLP ("TS&S"), located at One Penn Plaza, New York, New York 10119. I am a member in good standing of the Bar of the State of New York and am admitted to practice in the Southern District of New York and the Eastern District of New York.

2. I am in all respects competent to make this declaration (the "Declaration") in support of the Application For Order Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) (I) Authorizing The Retention Of Togut, Segal & Segal LLP As Conflicts Counsel For The Debtors And (II) Scheduling A Final Hearing Thereon (the "Application") filed contemporaneously herewith by Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

## Disinterestedness

3.  Based on the conflicts search conducted to date by TS&S and described herein, to the best of my knowledge, neither TS&S, nor any partner, including myself, counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors, or any other parties-in-interest, or their respective attorneys and accountants, nor with the office of the United States Trustee for the Southern District of New York (the "United States Trustee") or any person employed by the United States Trustee, except as disclosed herein.

4.  TS&S is a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), as modified by section 1107(b) of the Bankruptcy Code, in that TS&S, its partners, counsel, and associates, except as disclosed herein:

   (a)   are not creditors, equity security holders, or insiders of the Debtors;

   (b)   are not and were not investment bankers for any outstanding security of the Debtors;

   (c)   have not been, within three years before the date of the filing of these chapter 11 cases, (i) investment bankers for a security of the Debtors or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors;

   (d)   are not and were not, within two years before the date of filing of these chapter 11 cases, a director, officer, or employee of the Debtors or of any investment banker as specified in subparagraph (b) or (c) of this paragraph; and

   (e)   do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker specified in subparagraph (b) or (c) of this paragraph, or for any other reason.

5. I am not related, and to the best of my knowledge, no attorney at TS&S is related, to any United States Bankruptcy Judge in the Southern District of New York or to the United States Trustee or any employee thereof.

6. Pursuant to section 327(c) of the Bankruptcy Code, TS&S is not disqualified from acting as the Debtors' counsel merely because it represents creditors, equity security holders, and/or other parties-in-interest in matters unrelated to these chapter 11 cases.

7. TS&S will periodically review its files during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, TS&S will use its reasonable efforts to identify any such further developments and will promptly file a supplemental declaration as required by Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

8. As of the Petition Date, TS&S was not owed any amounts by the Debtors for legal services rendered prior to the Petition Date.

### TS&S's Connections With Parties-In-Interest In Matters Unrelated To These Chapter 11 Cases

9. TS&S and certain of its partners, counsel, and associates may have in the past represented, and may likely in the future represent, parties-in-interest of the Debtors in connection with matters unrelated to the Debtors and these chapter 11 cases. TS&S has reviewed the list of interested parties prepared by Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") in connection with the Debtors' application to retain Skadden, which list included the Debtors' affiliates and non-debtor subsidiaries, significant unsecured creditors, significant secured creditors, former and current officers and directors, significant lenders under credit facilities, professionals, insurers, parties to litigation, as well as certain other parties-in-interest

3

for any connection it may have to those parties and, except as noted below, it has found none. In the event any new facts or relationships are subsequently discovered during the pendency of these chapter 11 cases, TS&S will supplement this Declaration and file the same with the Court.

10. By order dated February 28, 2005, TS&S was retained as conflicts counsel in the chapter 11 case of Tower Automotive, Inc. ("Tower") and its affiliated debtor entities (the "Tower Debtors") pending in the Southern District of New York before Bankruptcy Judge Allan Gropper. The primary bankruptcy counsel for the Tower Debtors is Kirkland & Ellis ("K&E"). In its disclosure affidavits filed with the Bankruptcy Court, K&E identifed General Motors as a K&E client, and TS&S has handled matters in which the Tower Debtors are adverse to General Motors. K&E has not identified the Debtors as a K&E client in any affidavits filed with the Bankruptcy Court. Consequently, K&E, and not TS&S, can handle any matters concerning the Debtors in the chapter 11 cases of the Tower Debtors, and TS&S' involvement will not be required. Moreover, Delphi Automotive Systems, LLC has filed a proof of claim against the Tower Debtors for approximately $7.9 million out of total indebtedness of approximately $1.3 billion.

11. Although various entities with the word "Daewoo" in their name are identified as interested parties in connection with the Debtors' chapter 11 cases (as foreign subsidiaries, parties to litigation, major suppliers, customers, and/or vendors), Daewoo International (America) Inc. ("DWA") does not appear to be listed. DWA, however, is a wholly-owned subsidiary of Daewoo International Corp., which is a public company listed on the Korean stock exchange and appears to be listed as "Daewoo International." TS&S represented DWA as bankruptcy counsel in its chapter 11 case, which was commenced in March, 2000 and concluded in December 2002 with a confirmed and fully-consummated chapter 11 plan. During the pendency of the chapter 11 case, Delphi Automotive Systems Corporation ("DASC") was a

4

member of the DWA official unsecured creditors' committee appointed by the United States Trustee and DASC's claims against DWA were resolved consensually pursuant to a Stipulation approved by the Bankruptcy Court. Recently, TS&S was retained by DWA in connection with a matter wholly unrelated to the Debtors or these chapter 11 cases.

12. TS&S has been advised that CIGNA Behavioral Healthcare and CIGNA Healthcare (together, "CIGNA") provide or have provided insurance coverage to one or more of the Debtors. TS&S served as local counsel for CIGNA in the defense of a preference action commenced against CIGNA by the post-confirmation Estate Representative of Teligent Services, Inc., et al. in adversary proceeding no. 03-03296 (SMB) in this Court (the "Adversary Proceeding"). The Adversary Proceeding was dismissed by the Bankruptcy Court (which dismissal was affirmed by the United States District Court). Subsequently, the Teligent Estate Representative withdrew all claims against CIGNA. TS&S's representation of CIGNA ended during the second quarter of 2005 and it has no claim against CIGNA for fees or expenses. TS&S does not represent CIGNA in any other matters.

13. The Debtors have also advised that WHX Corp. supplies goods and/or services to the Debtors. During the summer of 2005, TS&S was retained by Steel Partners II, L.P. ("Steel") to defend it in depositions that had been noticed by parties-in-interest in the WHX Corp. chapter 11 case pending in this Court, Case No. 05-11444 (ALG). Steel was the holder of senior unsecured notes that had been issued by WHX Corp. The disputes that were to be the subject of those proposed depositions were settled, the depositions were never conducted, and the WHX Corp. Chapter 11 Plan was confirmed during August 2005. Steel or one of its affiliates may now be a member of the WHX Corp. board of directors and/or it may be a shareholder of WHX Corp. TS&S's representation of Steel concluded more than thirty (30) days ago. TS&S does not represent Steel in any other matters.

5

## Services To Be Rendered

14. The Debtors seek court approval, pursuant to sections 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(d), to employ and retain TS&S as their conflicts counsel in connection with these chapter 11 cases to handle matters which Skadden cannot handle involving the clients detailed in the Declaration of John Wm. Butler, Jr., a member of Skadden, in support of Skadden's retention order and to perform such other discrete duties as are assigned by TS&S as generally described in the Application and this Declaration. This will avoid unnecessary litigation and reduce the overall expenses of administering these cases. Pursuant to section 328(a) of the Bankruptcy Code, the Debtors, as debtors-in-possession, request that the Court approve the retention of TS&S, under a general retainer, as their attorneys, to perform services that will be necessary during these chapter 11 cases in accordance with TS&S's normal hourly rates and policies in effect when TS&S renders the services or incurs the expenses.

15. TS&S will render professional services to the Debtors for certain discrete matters, which may include, but are not limited to the following:

(a) advise the Debtors regarding their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

(b) attend meetings and negotiate with representatives of creditors and other parties in interest;

(c) take all necessary action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors and representing the Debtors' interests in negotiations concerning litigation in which the Debtors are involved, including, but not limited to, objections to claims filed against the estates;

(d) prepare on the Debtors' behalf motions, applications, answers, orders, reports and papers necessary to the administration of the estates;

(e) appear before this Court and any appellate courts and protect the interests of the Debtors' estates before these Courts; and

6

    (f)    perform all other necessary legal services and provide all other necessary legal advice to the Debtors in connection with these chapter 11 cases.

### Professional Compensation

16. Subject to annual adjustment in January, in accordance with the firm's billing practices, the rates to be charged by TS&S for services to be rendered to the Debtors shall be the same rates charged to other clients, which are currently in the range of $630 to $765 per hour for partners, $125 to $525 per hour for paralegals and associates, and $545 for counsel to the Firm. TS&S intends to apply for compensation for professional services rendered in connection with these chapter 11 cases, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), further Orders of this Court, and guidelines established by the United States Trustee on an hourly basis, plus reimbursement of actual and necessary expenses and other charges that TS&S incurs. TS&S will charge the Debtors hourly rates consistent with the rates it charges in other matters of this type.

17. It is TS&S's policy to charge its clients for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, certain necessary secretarial and other overtime expenses, filing and recordation fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals" and telecopier charges. TS&S will charge the Debtors for these expenses in a manner and at rates consistent with those it generally charges its other clients and in accordance with the Local Rules and United States Trustee guidelines. TS&S believes that it is fairer to charge these expenses to the particular client on whose behalf they are incurred rather than to increase its hourly rates and spread these expenses among all of its clients.

7

18. No promises have been received by TS&S nor by any partner, counsel, or associate thereof as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code. TS&S has no agreement with any other entity to share with such entity any compensation received by TS&S in connection with these chapter 11 cases.

19. TS&S further states pursuant to Bankruptcy Rule 2016(b) that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel and associates of TS&S or (b) any compensation another person or party has received or may receive.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

    s/ Albert Togut
ALBERT TOGUT (AT-9759)