UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ x
:
    In re                              :    Chapter 11
:
DELPHI CORPORATION, et al.,    :    Case No. 05-____ (___)
:
                       Debtors.    :    (Jointly Administered)
:
------------------------------ x

INTERIM ORDER UNDER 11 U.S.C. § 327(a) AND
FED. R. BANKR. P. 2014(a) (I) AUTHORIZING THE EMPLOYMENT AND
RETENTION OF TOGUT, SEGAL & SEGAL LLP AS CONFLICTS COUNSEL
FOR THE DEBTORS AND (II) SCHEDULING FINAL HEARING THEREON

("TOGUT RETENTION INTERIM ORDER")

Upon the application, dated October 8, 2005 (the "Application"),[1] of Delphi Corporation and certain its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an interim order (the "Interim Order") under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) authorizing the employment and retention of Togut, Segal & Segal ("TS&S") as conflicts counsel in these chapter 11 cases pursuant to the engagement letter, dated October 5, 2005 (the "Engagement Letter"), attached to the Application as <u>Exhibit B</u> and (b) scheduling a final hearing thereon; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005, and the Declaration of Albert Togut in support of the Application; and upon the record of the hearing held on the Application; and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Application

---

[1]     Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Application.

has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Application is GRANTED on an interim basis.

2. Subject to the terms of this Interim Order, the Application and the Engagement Letter are approved in all respects.

3. In accordance with section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), each of the Debtors, as a debtor-in-possession, is authorized to employ and retain TS&S as its conflicts counsel, effective as of the date of the Application, to perform the services described in the Application and as set forth in the Engagement Letters.

4. In accordance with section 327(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain TS&S as their conflicts counsel (a) to perform services on the bankruptcy-related matters for which Skadden Arps Slate Meagher & Flom LLP ("Skadden") cannot handle because such matters involve its clients (each, a "Client," and collectively, the "Clients") and could present conflicts of interest and (b) to perform other discrete duties as are assigned by Skadden to TS&S as generally described in the Application and the Togut Declaration.

5. When a bankruptcy-related matter concerning any Client is identified in the Debtors' cases, Skadden shall promptly notify TS&S of that fact so that TS&S may immediately advise the Debtors.

2

6. If the Debtors are adverse to any Client, TS&S and not Skadden shall represent the Debtors in such matter.

7. TS&S shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines promulgated by the Office of the United States Trustee, and further orders of this Court.

8. This Interim Order shall remain in full force and effect until such time as this Court approves a final order.

9. The Debtors shall serve a notice of the final hearing to approve the Application (the "Notice"), substantially in the form attached hereto as Exhibit 1, on (a) the Office of the United States Trustee, (b) the Debtors' 50 largest unsecured creditors, (c) counsel for the agent under the Debtors' prepetition credit facility, (d) counsel for the agent under the Debtors' proposed postpetition credit facility, and (e) any committee appointed under section 1102 of the Bankruptcy Code. Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid. No further notice of the final hearing to approve the Application or of the entry of this Interim Order need be served by the Debtors.

10. Objections, if any, to approval of the Application on a final basis must be in writing and filed timely in accordance with the requirements set forth in the Notice. If timely written objections are received, there shall be a hearing held on [●], 2005 at [time] to determine whether to approve, on a final basis, the retention of TS&S on the terms described in the Application.

3

11. If no written objections to TS&S retention are filed timely and received in accordance with the Notice and this Interim Order, a final order will be submitted which will provide that the Application shall be granted in its entirety.

12. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

13. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:   New York, New York
         October __, 2005


                                              _____
                                              UNITED STATES BANKRUPTCY JUDGE