UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x
:
In re                          :   Chapter 11
:
DELPHI CORPORATION, et al.,    :   Case No. 05-____ (___)
:
                   Debtors.    :   (Jointly Administered)
:
------------------------------ x

AFFIDAVIT OF LONIE A. HASSEL IN SUPPORT OF
APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(e) AND
1107(a) (I) AUTHORIZING EMPLOYMENT AND RETENTION OF
GROOM LAW GROUP CHARTERED AS SPECIAL EMPLOYEE BENEFITS
COUNSEL TO DEBTORS AND (II) SCHEDULING FINAL HEARING THEREON

CITY OF WASHINGTON        )
                          ) SS:
DISTRICT OF COLUMBIA      )

Lonie A. Hassel, being duly sworn, deposes and states as follows:

1. I am an attorney admitted to practice before the courts of the District of Columbia. I am a principal in the law firm of Groom Law Group Chartered ("Groom"), proposed special employee benefits counsel for Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors").

2. I submit this affidavit (the "Affidavit")[1] in support of the Application For Order Under 11 U.S.C. §§ 327(e) and 1107(a) (I) Authorizing Employment And Retention Of Groom Law Group Chartered As Special Employee Benefits Counsel To Debtors And (II) Scheduling Final Hearing Thereon (the "Application"), filed concurrently herewith.

3. The name, address and telephone number of Groom are as follows:

---

[1]   Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Application.

2

> Groom Law Group Chartered
> 1701 Pennsylvania Avenue, NW
> Washington, DC 20006-5893
> Telephone: (202) 857-0620
> Facsimile: (202) 659-4503

4. Groom is well qualified to assist the Debtors in the manner described in the Application. Attached hereto as <u>Exhibit A</u> is a copy of the professional biographies and backgrounds of the Groom attorneys who will have primary responsibility for providing to the Debtors the services listed below.

5. Groom believes that it is the largest employee benefits specialty firm in the country with approximately 50 attorneys who handle a wide range of sophisticated benefits and tax matters for some of the nation's largest companies and non-profit organizations. Most importantly for present purposes, several members of Groom have extensive experience in employee benefits law and its interplay with restructuring and bankruptcy law. Accordingly, the Debtors believe that Groom is well qualified to serve as special employee benefits counsel in these chapter 11 cases in an efficient and effective manner.

6. Groom has advised the Debtors regarding employee benefits matters. Groom is thoroughly familiar with the Debtors' corporate structure, the nature of their financial status, and certain legal matters relating to the Debtors based on the services that Groom has rendered to the Debtors.

7. Generally, in connection with the Debtors' cases, Groom intends to provide to the Debtors the following types of professional services:

    (a)    legal advice concerning the Debtors' employee benefit plans, including, but not limited to, the application of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1330, and relevant provisions of the Internal Revenue Code;

(b) representation of the Debtors in connection with any information inquiries, investigations, or proceedings brought by the Pension Benefit Guaranty Corporation, the Department of Labor, or the Internal Revenue Service, which are three federal agencies with regulatory authority over the Debtors' employee benefit plans; and

(c) appearances on behalf of the Debtors before this Court, any appellate court, and the U.S. Trustee in connection with matters relating to the Debtors' employee benefit plans.

8. In light of certain existing client representations on unrelated matters, the proposed engagement of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden") as bankruptcy counsel, the proposed engagement of Shearman & Sterling LLP ("Shearman") as special counsel, and the proposed engagement of O'Melveny & Myers LLP ("O'Melveny") as special labor counsel (all, as addressed below), Groom will not be responsible for or undertake any representation with respect to (a) advising the Debtors concerning specific contracts and claims of certain of Groom's existing clients and (b) reviewing, interpreting or commenting on the specific contracts and claims of certain of Groom's existing clients. These existing client relationships, and the scope of the carve-out from Groom's retention, are discussed more fully below.

9. It is Groom's understanding that the Debtors may request that Groom undertake specific matters beyond the limited scope of the responsibilities set forth above. Should Groom agree in its discretion to undertake any such matter, it is Groom's understanding that the Debtors shall seek further order of this Court.

10. Groom is making efforts, together with the Debtors' proposed bankruptcy counsel, Skadden, proposed special counsel, Shearman, and proposed special labor counsel, O'Melveny, to ensure that there is no duplication of effort or work between Skadden, Shearman, O'Melveny, and Groom. It is Groom's intention that the estates should receive the best value

4

possible from the efficient coordination of work among its counsel. Groom believes that its lawyers, Skadden, Shearman, and O'Melveny have to date delineated clearly, and will continue to delineate clearly, the division of work between them, so as to avoid any duplication of effort and to maximize the efficiencies of the proposed arrangement.

11. Groom has received approximately $148,943 from the Debtors in the past 90 days for services rendered and expenses incurred for the prepetition employee benefits-related legal work performed by Groom. In addition, the Debtors have provided $33,036 as a retainer. There are no arrangements between Groom and any other entity to share compensation received or to be received in connection with these chapter 11 cases.

12. Groom has agreed to accept as compensation for the services rendered in connection with its representation of the Debtors: (a) Groom's standard hourly rates reduced by 10%; and (b) any such additional sums as may be allowed by this Court based on the time spent and services rendered, the result achieved, the difficulty and complexity encountered, and other appropriate factors. Groom intends to request allowance and payment of fees and expenses at its standard hourly rates discounted by 10% and to request allowance and reimbursement of its expenses according to Groom's customary reimbursement policies, subject to the approval of this Court. A list of standard hourly rates for those members of Groom who are expected primarily to render services in connection with the Debtors' cases is attached hereto as <u>Exhibit B</u>. These hourly rates are subject to annual adjustment in accordance with Groom's standard policies. Groom will not be paid any additional compensation by the Debtors except upon application to and approval by this Court after notice and a hearing.

13. Groom acknowledges that all amounts paid to Groom during these chapter 11 cases are subject to final allowance by this Court. In the event that any fees or expenses paid

to Groom during these cases are disallowed by this Court, the fees and expenses will be disgorged by Groom and returned to the Debtors or as otherwise ordered by this Court.

14. Groom categorizes its billings by subject matter, in compliance with the applicable guidelines of the Office of the United States Trustee (the "U.S. Trustee Guidelines"). Groom acknowledges its compensation in the Debtors' cases is subject to approval of this Court in accordance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, and the U.S. Trustee Guidelines.

15. Groom has conducted a check for conflicts of interest and other conflicts and connections with respect to the Debtors' bankruptcy cases. Groom maintains a database containing the names of current, former, and potential clients and other principal parties related to such clients. I caused Groom to review and analyze the conflict database to determine whether Groom has any connection with the principal parties-in-interest in these chapter 11 cases, using information provided to Groom by the Debtors and Skadden and information contained in the database, including (a) the names of the Debtors' prepetition lenders, (b) the names of significant creditors of the Debtors, and (c) the names of firms that the Debtors intend to or may employ during their chapter 11 cases.

16. Based upon this research, I have determined that Groom has in the past represented, currently represents, and will likely represent in the future, certain of the Debtors' creditors and other parties-in-interest in matters unrelated to the Debtors or these chapter 11 cases. I do not believe that the foregoing raise any actual or potential conflicts of interest of Groom relating to the representation of the Debtors in these chapter 11 cases, but such relationships are disclosed out of an abundance of caution.

17. It is my intention that if Groom becomes aware of any other connections of which it presently is unaware, Groom will bring them to the attention of this Court and the U.S. Trustee.

18. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:   Washington, DC
         October 8, 2005


                                        By: /s/ Lonie A. Hassel
                                            Lonie A. Hassel
                                            Principal



Sworn to before me on
this 7th day of October, 2005


/s/ Belkis A. Cueto
Notary Public, District of Columbia
My commission Expires August 31, 2012

7

# EXHIBIT A

ATTORNEY BIOGRAPHIES

## GARY FORD

**Areas of Specialization**
- PBGC issues
- Benefit plan treatment in bankruptcies
- Restructuring outside bankruptcy
- Actuarial litigation
- Multiemployer plan legislation and litigation

**Previous Experience**
- General Counsel, Pension Benefit Guaranty Corporation
- ERISA Counsel, Senate Committee on Labor and Human Resources

**Education**
- J.D., Boston University, 1977
- B.A., *magna cum laude*, Harvard University


## THOMAS GIGOT

**Areas of Specialization**
- ERISA Title IV
- Fiduciary litigation and employee classification litigation
- Employer stock and actuarial litigation
- PBGC and corporate transactions

**Previous Experience**
- Assistant General Counsel, UMWA Health and Retirement Funds

**Education**
- J.D., Georgetown University Law Center, 1984
- B.S., *magna cum laude* and *Phi Beta Kappa*, Marquette University, 1980


## LONIE HASSEL

**Areas of Specialization**
- Plan Funding and Termination
- PBGC/Title IV of ERISA
- Fiduciary and Claims litigation

- Fiduciary Advice
- Public Plans
- Employee Benefits in Bankruptcy
- Employee Benefits in Mergers and acquisitions

**Previous Experience**
- Assistant General Counsel, Pension Benefit Guaranty Corporation

**Education**
- J.D., University of Virginia School of Law, 1980
- B.A., *summa cum laude* and *Phi Beta Kappa*, Catholic University, 1977


CHRISTINE KELLER

**Areas of Specialization**
- Defined contribution health plans
- COBRA
- Cafeteria plans
- Family and Medical Leave Act

**Previous Experience**
- Office of Chief Counsel, Tax Exempt and Government Entities Division, Internal Revenue Service

**Education**
- LL.M., Taxation, with distinction, and Certificate in Employee Benefits, Georgetown University Law Center, 2000
- J.D., State University of New York at Buffalo Law School, 1995
- B.S., *cum laude*, Alfred University (Major in Business Administration and Minor in Industrial Engineering)


MARK LOFGREN

**Areas of Specialization**
- Defined benefit plans
- Cash balance plans
- Qualified plan compliance reviews
- 401(k) testing issues

**Previous Experience**
- Private practice, Minneapolis, MN
- Certified Public Accountant

2

**Education**
- J.D., William and Mary
- B.S., Accounting, University of Maryland


JOHN MCGUINESS

**Areas of Specialization**
- Nonqualified plans
- Equity compensation
- Qualified retirement plans

**Previous Experience**
- Private practice, Philadelphia, PA
- C.P.A., Price Waterhouse, New York City
- C.P.A., Cox Enterprises, Atlanta

**Education**
- J.D., William and Mary, 1993
- B.S., with distinction, University of Virginia, 1987


CHARLES SHERMAN

**Areas of Specialization**
- Qualified plans
- ESOPs
- Welfare plans
- Executive compensation plans

**Previous Experience**
- Private practice, large multi-national firm

**Education**
- J.D., University of California at Berkeley
- Undergraduate education at Yale University and Florida State University


ANDRÉE ST. MARTIN

**Areas of Specialization**
- ERISA Title I
- Financial institutions
- Prohibited transaction issues
- DOL advisory opinions

3

- Service provider contracts and fees
- Investment products

**Previous Experience**
- ERISA Title I specialist in private practice
- Associate General Counsel, United Mine Workers of America Health and Retirement Funds
- Litigator, Department of Labor's Plan Benefit Security Division

**Education**
- J.D., *cum laude*, Harvard Law School, 1983
- B.A., Spring Hill College (First in Class), 1980

4

EXHIBIT B

STANDARD HOURLY RATES

**Billing Rates Effective January 1, 2005**

| | |
|---|---|
| Ford | $695 |
| Sherman | $570 |
| Hassel | $535 |
| Gigot | $535 |
| St. Martin | $535 |
| Lofgren | $515 |
| McGuiness | $470 |
| Keller | $455 |