UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x
                               :
    In re                      :    Chapter 11
                               :
DELPHI CORPORATION, et al.,    :    Case No. 05-____ (___)
                               :
                    Debtors.   :    (Jointly Administered)
                               :
------------------------------ x

INTERIM ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(a)
(I) AUTHORIZING EMPLOYMENT AND RETENTION OF RETAIN GROOM LAW
GROUP CHARTERED AS SPECIAL EMPLOYEE BENEFITS COUNSEL TO
DEBTORS AND (II) SCHEDULING FINAL HEARING THEREON

("GROOM LAW GROUP RETENTION INTERIM ORDER")

Upon the application, dated October 8, 2005 (the "Application"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of interim and final orders (the interim order being referred to hereinafter as the "Interim Order") under 11 U.S.C. §§ 327(e) and 1107(a) and Fed. R. Bankr. P. 2014 and 2016 (a) authorizing the employment and retention of Groom Law Group Chartered ("Groom") as special employee benefits counsel to the Debtors and (b) scheduling a final hearing thereon; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005, and upon the Affidavit of Lonie A. Hassel in support of the Application (the "Hassel Affidavit"); and this Court being satisfied with the representations made in the Application and the Hassel Affidavit that Groom does not represent or hold any interest adverse to any of the Debtors' estates or the Debtors with respect to the matters on which Groom is to be employed, and that Groom's employment is necessary and would be in the best interests of each of the Debtors' estates; and it appearing that proper and adequate notice has been given and that no other or further notice is necessary; and

upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Application is GRANTED on an interim basis.

2. Subject to the terms of this Interim Order, the Debtors' employment of Groom as their special employee benefits counsel, pursuant to the engagement letter attached hereto as Exhibit 1, is approved under sections 327(e) and 1107(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), with approval of such employment being effective as of the date of the Application.

3. Groom shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court.

4. This Interim Order shall remain in full force and effect until such time as this Court approves a final order.

5. The Debtors shall serve a notice of the final hearing to approve the Application (the "Notice"), substantially in the form attached hereto as Exhibit 2, on (a) the Office of the United States Trustee, (b) the Debtors' 50 largest unsecured creditors, (c) counsel for the agent under the Debtors' prepetition credit facility, (d) counsel for the agent under the Debtors' proposed postpetition credit facility, and (e) any committee appointed under section 1102 of the Bankruptcy Code. Notice served pursuant to the preceding sentence shall be via first

class mail, postage prepaid. No further notice of the final hearing to approve the Application or of the entry of this Interim Order need be served by the Debtors.

6. Objections, if any, to approval of the Application on a final basis must be in writing and filed timely in accordance with the requirements set forth in the Notice. If timely written objections are received, there shall be a hearing held on ●, 2005 at [time] to determine whether to approve, on a final basis, the retention of Groom on the terms described in the Application.

7. If no written objections to Groom's retention are filed timely, sent, and received in accordance with the Notice and this Interim Order, a final order will be submitted which will provide that the Application shall be granted in its entirety.

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

9. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:    New York, New York
         October ●, 2005

                                           _____
                                           UNITED STATES BANKRUPTCY JUDGE