UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                     :

In re                      :     Chapter 11
                     :

DELPHI CORPORATION, et al.,    :     Case No. 05-_____ (___)
                     :

            Debtors.    :     (Jointly Administered)
                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

INTERIM ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(a)
(I) AUTHORIZING EMPLOYMENT AND RETENTION
OF O'MELVENY & MYERS LLP AS SPECIAL LABOR COUNSEL
TO DEBTORS AND (II) SCHEDULING FINAL HEARING THEREON

("O'MELVENY & MYERS RETENTION INTERIM ORDER")

Upon the application, dated October 8, 2005 (the "Application"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for interim and final orders (the interim

order being referred to hereinafter as the "Interim Order") under 11 U.S.C. §§ 327(e) and 1107(a)

and Fed. R. Bankr. P. 2014 and 2016 (a) authorizing the employment and retention of O'Melveny

& Myers LLP ("O'Melveny") as special labor counsel to the Debtors and (b) scheduling a final

hearing thereon; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11

Petitions And First Day Orders, sworn to October 8, 2005, and on the Affidavit of Tom A.

Jerman in support of the Application (the "Jerman Affidavit"); and this Court being satisfied with

the representations made in the Application and the Jerman Affidavit that O'Melveny does not

represent or hold any interest adverse to any of the Debtors' estates or the Debtors with respect to

the matters on which O'Melveny is to be employed, and that O'Melveny's employment is

necessary and would be in the best interests of each of the Debtors' estates; and it appearing that

proper and adequate notice has been given and that no other or further notice is necessary; and

upon the record herein; and after due deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Application is GRANTED on an interim basis.

2.    Subject to the terms of this Interim Order, the Debtors' employment of

O'Melveny as their special labor counsel, to perform the services set forth in the Application and

in accordance with the engagement letter attached hereto as Exhibit 1, is approved under sections

327(e) and 1107(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended

(the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), effective as of the date of the Application.

3.    All compensation to be paid by the Debtors to O'Melveny, including any

discretionary payments or success fees, shall be paid in accordance with the standards and

procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable

Bankruptcy Rules, Local Bankruptcy Rules for the Southern District of New York, guidelines

established by the Office of the United States Trustee, and further orders of this Court.

4.    This Interim Order shall remain in full force and effect until such time as this

Court approves a final order.

5.    The Debtors shall serve a notice of the final hearing to approve the

Application (the "Notice"), substantially in the form attached hereto as Exhibit 2, on (a) the

Office of the United States Trustee, (b) the Debtors' 50 largest unsecured creditors, (c) counsel

for the agent under the Debtors' prepetition credit facility, (d) counsel for the agent under the

Debtors' proposed postpetition credit facility, and (e) any committee appointed under section

1102 of the Bankruptcy Code.  Notice served pursuant to the preceding sentence shall be via first

class mail, postage prepaid.  No further notice of the final hearing to approve the Application or of the entry of this Interim Order need be served by the Debtors.

6.    Objections, if any, to approval of the Application on a final basis must be in writing and filed timely in accordance with the requirements set forth in the Notice.  If timely written objections are received, there shall be a hearing held on ●, 2005 at **[time]** to determine whether to approve, on a final basis, the retention of O'Melveny on the terms described in the Application.

7.    If no written objections to O'Melveny's retention are filed timely, sent, and received in accordance with the Notice and this Interim Order, a final order will be submitted which will provide that the Application shall be granted in its entirety.

8.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

9.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:    New York, New York
          October ●, 2005


_____
UNITED STATES BANKRUPTCY JUDGE