UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                       :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-_____ (___) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF TOM A. JERMAN IN SUPPORT OF DEBTORS' APPLICATION
FOR ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(a)
(I) AUTHORIZING EMPLOYMENT AND RETENTION
OF O'MELVENY & MYERS LLP AS SPECIAL LABOR COUNSEL
TO DEBTORS AND (II) SCHEDULING FINAL HEARING THEREON

TOM A. JERMAN, being duly sworn, deposes and states as follows:

1.    I am a partner in the law firm of O'Melveny & Myers LLP ("O'Melveny"),
proposed special labor counsel for Delphi Corporation ("Delphi") and certain of its subsidiaries
and affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively,
the "Debtors").

2.    I submit this affidavit (the "Affidavit") in support of the Debtors' Application
For Order Under 11 U.S.C. §§ 327(e) And 1107(a) (I) Authorizing Employment And Retention
Of O'Melveny & Myers LLP As Special Labor Counsel To Debtors And (II) Scheduling Final
Hearing Thereon (the "Application"),[1] filed concurrently herewith.

3.    The name, addresses, and telephone numbers of O'Melveny include the
following:

---

[1]    Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the
Application.

O'Melveny & Myers, LLP                 O'Melveny & Myers LLP
Times Square Tower                     1625 Eye Street, N.W.
7 Times Square                         Washington, D.C. 20006
New York, New York 10036               Telephone:  (202) 383-5300
Telephone:  (212) 326-2000             Facsimile:   (202) 383-5414
Facsimile:  (212) 326-2061

O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, California 90071
Telephone:  (213) 430-6000
Facsimile:   (213) 430-6407

  4. O'Melveny is well qualified to assist the Debtors in the manner described in

the Application.  Attached hereto as Exhibit A is a copy of the professional biographies and

backgrounds of the O'Melveny attorneys who will have primary responsibility for providing to

the Debtors the services listed below.

  5. O'Melveny is a full service international law firm with more than 900 lawyers

throughout 12 offices located in the United States and abroad.  Attorneys at O'Melveny provide

legal services in virtually every major practice area, including corporate and securities, litigation,

intellectual property, banking, tax, employee benefits, government regulation, and international

trade.

  6. Most importantly for present purposes, certain members of O'Melveny have

extensive experience in labor law and its interplay with restructuring and bankruptcy law.

O'Melveny's representations have included collective bargaining negotiations, federal court

litigation, and proceedings under the National Labor Relations Act, the Railway Labor Act, and

the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA")

with regard to issues arising under section 1113 of the Bankruptcy Code as well as retiree

benefits and pension termination issues arising under section 1114 of the Bankruptcy Code.

7.    Generally, in connection with the Debtors' cases, O'Melveny intends to render to the Debtors the following types of professional services:

    (a)    general labor advice and services;

    (b)    advice regarding sections 1113 and 1114 of the Bankruptcy Code and the National Labor Relations Act;

    (c)    advice and services with respect to employee benefits and other employment-related matters;

    (d)    advice regarding regulatory matters before federal agencies and other domestic and foreign regulatory bodies; and

    (e)    such other necessary advice and services as the Debtors may require in connection with their cases.

8.    In light of certain existing client representations on unrelated matters, the proposed engagement of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden") as bankruptcy counsel, the proposed engagement of Shearman & Sterling LLP ("Shearman") as special counsel, and the proposed engagement of Groom Law Group Chartered ("Groom") as special employee benefits counsel (all, as addressed below), O'Melveny will not be responsible for or undertake any representation with respect to (a) advising the Debtors concerning specific contracts and claims of certain of O'Melveny's existing clients and (b) reviewing, interpreting, or commenting on the specific contracts and claims of certain of O'Melveny's existing clients. These existing client relationships, and the scope of the carve-out from O'Melveny's retention, are discussed more fully below.

9.    It is O'Melveny's understanding that the Debtors may request that O'Melveny undertake specific matters beyond the limited scope of the responsibilities set forth above. Should O'Melveny agree in its discretion to undertake any such matter, it is O'Melveny's understanding that the Debtors shall seek further order of this Court.

10.    O'Melveny is making efforts, together with the Debtors, proposed bankruptcy counsel, Skadden, proposed special counsel, Shearman, and proposed special employee benefits counsel, Groom to ensure that there is no duplication of effort or work between Skadden, Shearman, Groom, and O'Melveny.  It is O'Melveny's intention that the estates should receive the best value possible from the efficient coordination of work among its counsel.  O'Melveny believes that its lawyers, Skadden, Shearman, and Groom have to date delineated clearly, and will continue to delineate clearly, the division of work between them, so as to avoid any duplication of effort and to maximize the efficiencies of the proposed arrangement.

11.    O'Melveny has received approximately $466,003 from the Debtors in the past 90 days for services rendered and expenses incurred for the prepetition labor-related legal work performed by O'Melveny.  In addition, the Debtors have provided $300,000 as a retainer. There are no arrangements between O'Melveny and any other entity to share compensation received or to be received in connection with these chapter 11 cases.

12.    O'Melveny has agreed to accept as compensation for the services rendered in connection with its representation of the Debtors:  (a) O'Melveny's standard hourly rates; and (b) any such additional sums as may be allowed by this Court based on the time spent and services rendered, the result achieved, the difficulty and complexity encountered, and other appropriate factors.  O'Melveny intends to request allowance and payment of fees and expenses at its standard hourly rates and to request allowance and reimbursement of its expenses according to O'Melveny's customary reimbursement policies, subject to the approval of this Court.  A list of standard hourly rates for those members of O'Melveny who are expected to render services in connection with the Debtors' cases is attached hereto as Exhibit B.  These hourly rates are subject

4

to annual adjustment in accordance with O'Melveny's standard policies.  O'Melveny will not be

paid any additional compensation by the Debtors except upon application to and approval by this

Court after notice and a hearing.

        13.    Pursuant to the Engagement Letter, if O'Melveny's legal services contribute

to an exceptionally successful result, the Debtors have agreed to consider paying O'Melveny

(without any advance commitment from the Debtors) an additional fee based on the nature and

quality of O'Melveny's contribution to the results achieved rather than a fee based solely on the

time expended.  The Debtors have agreed to consider such factors as the actual result, the

Debtors' subjective view of O'Melveny's contribution, efficiency, and cost containment efforts,

and the Debtors' perception of O'Melveny's success in integrating with and utilizing the Debtors'

in-house team.

        14.    O'Melveny acknowledges that all amounts paid to O'Melveny during these

chapter 11 cases are subject to final allowance by this Court.  In the event that any fees or

expenses paid to O'Melveny during these cases are disallowed by this Court, the fees and

expenses will be disgorged by O'Melveny and returned to the Debtors or as otherwise ordered by

this Court.

        15.    O'Melveny categorizes its billings by subject matter, in compliance with the

applicable guidelines of the U.S. Trustee (the "U.S. Trustee Guidelines").  O'Melveny

acknowledges its compensation in the Debtors' cases is subject to approval of this Court in

accordance with section 330 of the Bankruptcy Code, Fed. R. Bankr. P. 2016 and the U.S.

Trustee Guidelines.

        16.    O'Melveny has conducted a check for conflicts of interest and other

conflicts and connections with respect to the Debtors' chapter 11 cases.  O'Melveny maintains a

database containing the names of current, former, and potential clients and other principal parties

related to such clients.  O'Melveny has a department devoted to the research and analysis of

conflicts of interest and other conflict issues.  I caused O'Melveny to review and analyze the

conflict database to determine whether O'Melveny has any connection with the principal

parties-in-interest in these chapter 11 cases, using information provided to O'Melveny by the

Debtors and Skadden and information contained in the database, including (a) the names of the

Debtors' prepetition lenders, (b) the names of significant creditors of the Debtors, and (c) the

names of firms that the Debtors intend to or may employ during their bankruptcy cases.

17.    Based upon this research, I have determined that O'Melveny has in the past

represented, currently represents, and will likely represent in the future, certain of the Debtors'

creditors and other parties-in-interest in matters unrelated to the Debtors or their chapter 11

cases.  I do not believe that the foregoing raises any actual or potential conflict of interest of

O'Melveny relating to the representation of the Debtors in these chapter 11 cases, but such

relationships are disclosed out of an abundance of caution.  In particular, O'Melveny has

represented General Motors in the past, but no longer represents General Motors in any active

matter.  O'Melveny also currently represents GMAC or its GMAC affiliates in O'Melveny's

Shanghai and Tokyo offices in corporate matters.

18.    In addition, O'Melveny currently represents Alan S. Dawes, Delphi's Vice

Chairman and Chief Financial Officer, in connection with the Securities and Exchange

Commission investigation captioned In the Matter of Delphi Corporation.  O'Melveny also

represents Mr. Dawes in Glinka v. Delphi Corp., No. 05-71291 (E.D. Mich).  The complaint

alleges various violations of ERISA as a result of the purchase and holding of Delphi common

stock by the Delphi Savings-Stock Purchase Program for Salaried Employees of the United

States.  Both representations of Mr. Dawes are subject to an indemnification agreement by which

Delphi is funding O'Melveny's defense of Mr. Dawes.  O'Melveny will not assist Mr. Dawes in

connection with discussions with the Debtors involving termination of his employment, and

O'Melveny has erected a wall between the attorneys working on the existing Dawes matters and

those who will be serving as special labor counsel to the Debtors.

19.    The Debtors have (a) agreed that O'Melveny can continue to represent, or

can in the future represent, existing or new clients in any matter, including litigation or other

adversarial proceedings, so long as the matter is not related substantially to O'Melveny's work for

the Debtors in these chapter 11 cases, even if those other clients' interests are adverse to the

Debtors in the other matter, (b) acknowledged that O'Melveny might obtain confidential

information of interest to the Debtors in those other matters that O'Melveny cannot share with

the Debtors, and (c) waived any conflict of interest that might arise from any of such

engagements, and agreed not seek to disqualify O'Melveny or assert a conflict with respect to

any of those engagements.

20.    It is my intention that if O'Melveny becomes aware of any other connections

of which it presently is unaware, O'Melveny will bring them to the attention of this Court and the

U.S. Trustee.

I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:    Washington, D.C.
          October 7, 2005

/s/ Tom A. Jerman
          Tom A. Jerman

Sworn to before me on
this 7th day of October, 2005

/s/ Wanda Hayes
Notary Public, State of Michigan
County of Macomb
My Commission Expires Sep. 4, 2011
Acting in the County of Wayne

Exhibit A

O'MELVENY & MYERS LLP

PROFESSIONAL BIOGRAPHIES

## Robert A. Siegel



**Department**
Adversarial

**Practice**
Labor &
Employment

**Resident Office**
400 South Hope Street
Los Angeles, CA
90071-2899

Telephone
**213-430-6005**
Facsimile
**213-430-6407**
E-Mail
**rsiegel@omm.com**

**Bob Siegel** is a partner in O'Melveny & Myers LLP's Los Angeles office. Bob is Vice-Chair of O'Melveny & Myers, a member of the firm's Office of the Chair, and Co-Chair of the firm's Adversarial Department.

Bob is a labor lawyer who specializes in representing airlines. He has represented **United Airlines, US Airways, Alaska Air, Pan Am, America West, Northwest, AMR Eagle, American Airlines, Atlas Air, Flying Tigers, Federal Express, PSA, Polar Air, Astar Air Cargo, Mesa,** and **StatesWest** in employment law litigation and counseling, and also in labor negotiations, National Mediation Board matters, arbitrations, and litigation under the *Railway Labor Act*. Bob has also been labor counsel to several airlines regarding mergers, asset acquisitions, and ESOP transactions. Bob is a past Co-Chairman of the American Bar Association's Railway and Airline Labor Law Committee, and is a Senior Editor of *The Railway Labor Act* (BNA).

Bob has argued significant labor law cases before the U.S. Second, Third, Seventh, Ninth, Tenth, Eleventh, and District of Columbia Court of Appeals, and the Colorado Supreme Court. During the 2001-2002 term, he represented **US Airways** before the U.S. Supreme Court in *US Airways, Inc. v. Barnett,* a case involving reasonable accommodation requirements under the *Americans with Disabilities Act*. He currently serves on the Board of Governors of The College of Labor and Employment Lawyers, Inc.

**Illustrative Professional Experience**

- *US Airways, Inc. v. Barnett*, 535 U.S. 391, 122 S.Ct. 1516, 152 L.Ed.2d 589 (U.S. Apr. 29, 2002) – Represented **US Airways** before the U.S. Supreme Court in a landmark action deciding that employers ordinarily have no obligation under the *Americans with Disabilities Act* to violate a seniority-based bidding system in order to accommodate an employee with a disability.

- *In re US Airways Group, Inc.* (Jan. 6, 2005) – Successfully represented **US Airways** in action under Section 1113(c) of Bankruptcy Code for rejection of labor contracts (first time in airline industry).

- *International Ass'n of Machinists v. US Airways, Inc.*, 358 F.3d 255 (3rd Cir. 2004) – Successfully represented **US Airways** before the Third Circuit in an action alleging that the outsourcing of aircraft maintenance constituted a "major dispute" under the RLA.

- *In re US Airways Group, Inc.* (E.D. Va. 2002) – Represented **US Airways** in actions seeking rejection of collective bargaining agreements under the U.S. Bankruptcy Code, ultimately resulting in successful negotiations of restructured collective bargaining agreements for nine employee groups.

- *United Air Lines, Inc. v. International Ass'n of Machinists*, 243 F.3d 349 (7th Cir. 2001) – Successfully represented **United** before the Seventh Circuit in an action

against its mechanics' union seeking injunctive relief under the RLA against a
unlawful slowdown campaign by United mechanics.

- *Bishop v. Air Line Pilots Association*, 2000 U.S. App. Lexis 3270 (9th Cir. 2000) –
  Successfully represented **American Eagle** in the defense of a putative class action
  against the carrier and the pilots' union challenging a novel ratification  procedure for
  a new collective bargaining agreement.

- *US Airways, Inc. v. National Mediation Board*, 177 F.3d 985 (D.C. Cir. 1999) –
  Successfully represented **US Airways** in the first case ever to invalidate a
  representation certificate issued by the NMB on the basis that the carrier had been
  denied its First Amendment rights during the organizing campaign.  This case
  established two major legal precedents – the right of the federal courts to invalidate
  an NMB certificate on Constitutional grounds, and a carrier's right to engage in free
  speech during a representation election.

- *America West Airlines, Inc. v. National Mediation Board*, 119 F.3d 772 (9th Cir.
  1997) – Represented **America West Airlines** in an effort to invalidate a certification
  issued by the NMB on the basis that the Board had allowed former employees to vote
  in the representation election.

- *Pilkington v. United Airlines, Inc.*, 112 F.3d 1532 (11th Cir. 1997) – Successfully
  represented **United Airlines** in the defense of a multiple-plaintiff lawsuit alleging
  that United had failed to protect pilots who worked during a 1985 strike from
  harassment by the pilots' union, extending the preemption doctrine established in the
  *Fry* decision discussed below to strike replacements.

- *Fry v. Air Line Pilots Association*, 88 F.3d 831 (10th Cir. 1996) – Successfully
  represented **United Airlines** in a multiple-plaintiff action similar to *Pilkington*,
  establishing that the doctrine of Railway Labor Act preemption bars a claim by cross-
  over pilots that the carrier took insufficient actions to protect them from post-strike
  harassment.

- *Pyles v. United Air Lines, Inc.*, 79 F. 3d 1046 (11th Cir. 1996) – Represented **United
  Airlines** in the successful defense of a claim that United unlawfully failed to hire a
  former Pam Am pilot because he had undergone eye surgery, establishing that the
  claims were preempted by the Railway Labor Act and federal Aviation Act.

- *Lancaster v. Air Line Pilots Association*, 76 F. 3d 1509 (10th Cir. 1996) –
  Represented **United Airlines** in a claim against United and the pilots' union alleging
  that the plaintiff had been unlawfully terminated for failure to pay union dues.

- *Association of Flight Attendants v. United Airlines, Inc.*, 71 F.3d 915 (D.C. Cir.
  1995) – Represented **United Airlines** in a dispute over the application of United's
  flight attendant agreement to flight attendants employed by a subsidiary corporation.

- *Tee v. UAL Corp.*, 91 F.3d 163 (11th Cir. 1996) – Represented **United Airlines** in a
  class challenge by unrepresented employees to United's 1994 ESOP transaction,
  establishing that the employees had no standing to object to the terms of the
  agreement between United and its unions.

- *Long v. Flying Tiger Line, Inc.*, 994 F.2d 692 (9th Cir. 1993) – Successfully represented **The Flying Tiger Line, Inc.** in an ERISA dispute, establishing the legal principle that a grievance before the System Board of Adjustment was the exclusive method to challenge the carrier's calculation of pension benefits.

- *America West Airlines, Inc. v. National Mediation Board*, 986 F.2d 1252 (9th Cir. 1992) – Successfully represented **America West Airlines** in an action to enjoin the NMB from distributing a notice to the carrier's employees as a remedy in a carrier interference case, establishing the legal principle that NMB had no authority to adjudicate or remedy alleged violations of the Railway Labor Act.

- *Rakestraw v. United Airlines, Inc.*, 981 F.2d 1524 (7th Cir. 1992) – Successfully represented **United Airlines** in a multiple-plaintiff challenge to a collective bargaining agreement that altered the plaintiffs' seniority rights, establishing the legal standard for carrier liability in a duty of fair representation case.

- *Association of Flight Attendants v. United Airlines, Inc.*, 976 F.2d 102 (2nd Cir. 1992) – Successfully represented **United Airlines** in a dispute with the flight attendants' union over establishment of a Paris domicile, obtaining an expedited reversal of the district court's injunction on the ground that the carrier's actions constituted a "minor dispute" subject to arbitration under the Railway Labor Act.

- *Air Line Pilots Association v. UAL Corp.*, 897 F.2d 1394 (7th Cir. 1990) and 874 F.2d 439 (7th Cir. 1989) – Represented **United Airlines** in an action by the pilots' union regarding poison pill provisions in a labor contract.

- *Connors v. America West Airlines. Inc.* (D. Ariz. 1995) – Successfully defended **America West Airlines** in lawsuit by 400 former mechanics challenging their terminations in connection with subcontracting of maintenance operations.

- *Pollock v. Continental Airlines, Inc.* (W.D. Wash. 1995) – Defended **America West** Airlines in action by 200 former employees of Continental Airlines alleging that they were replaced by younger employees of America West at various stations throughout the U.S.

- *Gantchar v. United Airlines, Inc.* (N.D. Ill. 1993) – Represented **United Airlines** in lawsuit by 32 flight attendants alleging sex and national origin discrimination; obtained summary judgment on majority of claims, and settled remainder on highly favorable terms.

- *Judice v. United Airlines, Inc.* (C.D. Cal. 1993) – Successfully defended **United Airlines** in action by 222 former skycaps alleging that subcontracting of skycap work, and termination of skycaps, constituted discrimination.

**Education**

**University of Michigan Law School,** J.D., 1974:  *magna cum laude*; Order of the Coif
**University of California at Berkeley,** B.A., 1971:  Phi Beta Kappa*; with great distinction

**Professional Activities**

**Member:**  ABA Litigation and Labor and Employment Law Sections; Governing Board,

The College of Labor and Employment Lawyers, Inc.
**Teacher/Lecturer:**  ALI-ABA, the American Arbitration Association; Practicing Law
Institute

## Tom A. Jerman



**Practice**
Labor and
Employment

**Resident Office**
1625 Eye Street,
NW
Washington, D.C.
20006-4001

Telephone
**202-383-5233**
Facsimile
**202-383-5414**
E-Mail
**tjerman@
omm.com**

**Tom Jerman** is a partner in O'Melveny & Myers LLP's Washington, D.C. office, where he heads the Labor and Employment practice. He has extensive experience representing employers in all aspects of labor relations and employment law, including union organizing campaigns and representation proceedings; collective bargaining negotiations; wrongful discharge litigation; employment discrimination claims; sexual harassment litigation; wage and hour cases; arbitrations; and advising employers regarding personnel policies, employee discipline and discharge, and labor relations. Tom has represented employers in the retail, healthcare, automotive, hotel, financial, aerospace, utility, and manufacturing industries, among others.

Tom has particular expertise in employment discrimination class actions; the representation of air carriers under the Railway Labor Act; and the representation of debtors in labor issues arising out of bankruptcy proceedings. Tom's experience in employment class actions includes the representation of United Airlines, US Airways, and Ford Motor Company in both putative and certified class actions under Title VII, the Age Discrimination in Employment Act, the Family and Medical Leave Act, and the Labor-Management Relations Act.

Tom's airline labor and employment experience includes the representation of five of the eight largest carriers in the U.S., as well as a number of small passenger and cargo carriers. His experience also includes representation proceedings and carrier interference cases before the National Mediation Board; labor protective cases before the Department of Transportation; federal court litigation with unions; individual and class action claims under the Railway Labor Act; system board of adjustment cases; collective bargaining negotiations; wrongful termination and discrimination litigation in state and federal courts; advising regarding mergers, acquisitions, and ESOP transactions.

### Illustrative Professional Experience

- *In re US Airways Group, Inc.* (E.D. Va. 2004). Represented **US Airways, Inc.,** in actions seeking rejection of collective bargaining agreements under the U.S. Bankruptcy Code and distress termination of the Company's pension plans, ultimately resulting in negotiations of restructured collective bargaining agreements and termination of three defined benefit plans.

- *United Airlines Negotiations from 2002-04 under Section 1113 of U.S. Bankruptcy Code.* Represented **United Airlines, Inc.** in negotiations for cost-reduction agreements and pension plan termination under Section 1113 of the U.S. Bankruptcy Code.

- *In re US Airways Group, Inc.* (E.D. Va. 2002). Represented **US Airways** in actions seeking rejection of collective bargaining agreements under the U.S. Bankruptcy Code, ultimately resulting in successful negotiations of restructured collective bargaining agreements for nine employee groups

- *Barnett v. US Airways, Inc.* (U.S. S.Ct. 2002). Represented **US Airways** before the U.S. Supreme Court in landmark action deciding that employers ordinarily have no obligation under the Americans With Disabilities Act to violate a seniority-based bidding system in order to accommodate an employee with a disability

- *United Air Lines, Inc.,* v. *International Association of Machinists* (7th Cir. 2001). Successfully represented **United Airlines** in action against its mechanics union

seeking injunction relief against a work slowdown in violation of the Railway Labor Act, establishing principle that unions must "exert every reasonable effort" to end work slowdowns

- *Frank v. United Airlines, Inc.* (9th Cir. 2000). Represented **United Airlines** in a class action on behalf of 18,000 United flight attendants alleging that weight program discriminated on the bases of sex, age and disability

- *Ball v. US Airways, Inc.* (M.D. Fla. 2000) and *Vazquez v. US Airways, Inc.* (S.D. Fla. 1999). Successfully represented **US Airways** in defeating class certification in two related actions alleging a pattern of discrimination in violation of the Age Discrimination in Employment Act and the Family and Medical Leave Act.

- *Scott v. Ford Motor Company* (8th Cir. 1998). Successfully represented **Ford Motor Company** in a Section 301/Duty of Fair Representation putative class action alleging failure to comply with health and safety provisions of a collective bargaining agreement.

- *Stephens v. US Airways, Inc.* (W.D. Ohio). Represented **US Airways** in a putative class action on behalf of retired pilots alleging breach of fiduciary duty under ERISA in administration of pilot pension plan.

- *US Airways, Inc. v. National Mediation Board* (D.C. Cir. 1999). Represented **US Airways** in the first case ever to invalidate a representation certificate issued by the NMB on the basis that the carrier had been denied its First Amendment rights during the organizing campaign.

- *America West Airlines, Inc. v. National Mediation Board*. (9th Cir. 1997). Represented **America West Airlines** in an effort to invalidate a certification issued by the NMB on the basis that the Board had allowed former employees to vote in the representation election.

- *Pilkington v. United Airlines, Inc.* (11th Cir. 1997). Successfully represented **United Airlines** in the defense of a multiple-plaintiff lawsuit alleging that United had failed to protect pilots who worked during a 1985 strike from harassment by the pilots' union.

- *Tee v. UAL Corp.* (11th Cir. 1996). Represented **United Airlines** in a class challenge by unrepresented employees to United's 1994 ESOP transaction, establishing that the employees had no standing to object to the terms of the agreement between United and its unions.

**Education**

**University of Utah,** J.D., 1981: Order of the Coif; *Utah Law Review*, Executive Editor
**University of Utah,** B.S., Philosophy, 1978: *magna cum laude*
**University of Utah,** B.S., Journalism, 1978: *magna cum laude*

**Professional Activities**

**Admitted to Bar:** Washington, D.C.; California (inactive)
**Admitted to Practice:** U.S. District Court, District of Columbia; U.S. District Court, Central, Northern, Southern and Eastern Districts of California; U.S. District Court

Arizona; U.S. District Court ,Maryland; U.S. Court of Appeals, District of Columbia,
Second, Fourth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits; U.S. Supreme
Court

**Former Management Co-Chair:**  ABA Labor Section of Labor and Employment Law,
Railway and Airline Labor Law Committee

**Fellow:** American College of Labor and Employment Lawyers

**Senior Editor:**  *The Railway Labor Act* (BNA 1995)

**Speaker:**  ALI-ABA Conferences on Railway and Airline Labor Law

**Member:**  ABA, Section of Labor and Employment Law, Section of Litigation.

## Rachel S. Janger



**Department**
Adversarial

**Practice**
Labor &
Employment

**Resident Office**
1625 Eye Street, N.W.
Washington, D.C.
20006

Telephone
**(202) 383-5357**
Facsimile
**(202) 383-5414**
E-Mail
**rjanger@omm.com**

**Rachel Janger** is a counsel in O'Melveny & Myers LLP's Washington, D.C. office.

Rachel has had extensive involvement in all aspects of the firm's representation of clients in Title VII, Americans with Disabilities Act, Family and Medical Leave Act, employee benefits and wrongful discharge litigation.  In addition, she is involved in the firm's representation of employers in labor arbitrations and Railway Labor Act litigation.  She has also counseled clients on compliance with the Worker Adjustment Retraining and Notification Act and state and federal anti-discrimination laws.  Rachel regularly assists clients in handling termination and discipline decisions, drafts employment agreements and handbooks, and has conducted internal investigations of alleged discrimination.

### Education

**New York University School of Law**, J.D., 1998:  *cum laude;* Associate Editor, *New York University Law Review*
**University of Pennsylvania**, B.A., International Relations, 1993:  *cum laude*
**Professional Activities**

**Law Clerk:**  Honorable Michael W. Farrell, U.S. Court of Appeals, District of Columbia
**Admitted to Bar:**  Washington, D.C., New York

# Jessica Kastin

**Department**
Adversarial

**Practice**
Labor &
Employment

**Resident Office**
Times Square Tower
7 Times Square
New York, NY 10036

Telephone
**212-326-2169**

Facsimile
**212-326-2061**

E-Mail
**jkastin@omm.com**

**Jessica Kastin** is an associate in O'Melveny & Myers LLP's New York office and a member of the Adversarial Department as part its the Labor and Employment practice. She is experienced in representing employers in a wide variety of labor and employment matters including defending against claims of discrimination and harassment, litigating restrictive covenant and breach of contract disputes and arbitrating employee and union grievances. In addition, Jessica regularly counsels clients on a broad range of employment issues such as terminations and hiring, reductions in force, implementation of employment policies, employee benefits, labor relations and other related issues arising in the context of corporate mergers and acquisitions and the bankruptcy of unionized employers. She also has extensive experience handling issues arising under the National Labor Relations Act, including union elections and representation proceedings, unfair labor practice charges and collective bargaining.

## Education

**George Washington University,** J.D., with honors, 2001; Managing Editor, *George Washington University International Law Review*, 2000 – 01; Laurence Siebel Memorial Award for Excellence in Labor and Employment Law; Member, Moot Court Board
**Cornell University,** B.S., Industrial and Labor Relations, 1998

## Professional Activities

**Admitted to Bar:** New York
**Member:** The Association of the Bar of the City of New York

## Heejung Heidi Son



**Department**
Labor and Employment

**Resident Office**
1625 Eye Street, NW
Washington, D.C.
20006

Telephone
**(202) 383-5204**
Facsimile
**(202) 383-5414**
E-Mail
**hson@omm.com**

**Heejung Heidi Son** is an associate in O'Melveny & Myers LLP's Washington, D.C. office and a member of *The American Lawyer's* "Litigation Department of the Year.". Heidi's practice focuses on representation of clients on employment discrimination matters related to Title VII, Americans With Disabilities Act, Family and Medical Leave Act, and Age Discrimination in Employment Act. In addition, she has been involved in various ERISA-related matters.

### Education

**Georgetown University,** J.D., 2000: *magna cum laude;* Member, *Law and Policy in International Business Journal;* Recipient, CALI-Excellence for the Future Award
**Duke University,** B.A., 1997: *magna cum laude*; Departmental Distinction

### Professional Activities

**Judicial Extern:** The Honorable Colleen Kollar-Kotelly, U.S. District Court for the District of Columbia
**Admitted to Bar:** Washington, D.C.; California
**Languages:** Korean; knowledge of Japanese

<u>Exhibit B</u>

HOURLY FEES OF

CERTAIN O'MELVENY & MYERS LLP PERSONNEL

AS OF OCTOBER 8, 2005

| <u>Attorney</u> | <u>Practice Area</u> | <u>Rate*</u> |
|---|---|---|
| ● Robert A. Siegel, Partner | Labor | $690 |
| ● Tom A. Jerman, Partner | Labor | $680 |
| ● Rachel S. Janger, Counsel | Labor | $460 |
| ● Jessica Kastin, Associate | Labor | $465 |
| ● Heejung Heidi Son, Associate | Labor | $400 |
| ● First or Second Year Associate | Labor | $205 - $300 |

* These hourly rates are also subject to annual adjustment in accordance with O'Melveny & Myers LLP's standard practices and policies.