SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-_____ (___) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

NOTICE OF APPLICATION AND ENTRY OF INTERIM ORDER
UNDER 11 U.S.C. §§ 327(a) AND 328 (I) AUTHORIZING EMPLOYMENT AND
RETENTION OF ROTHSCHILD INC. AS FINANCIAL ADVISOR AND INVESTMENT
<u>BANKER TO DEBTORS AND (II) SCHEDULING FINAL HEARING THEREON</u>

TO:    ALL KNOWN CREDITORS OF THE DEBTORS AND THE UNITED STATES
        TRUSTEE FOR THE SOUTHERN DISTRICT OF NEW YORK

PLEASE TAKE NOTICE that on October 8, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Company" or the "Debtors"), filed the Application For Order Under 11 U.S.C. §§ 327(a) And 328 (I) Authorizing Employment And Retention Of Rothschild Inc. ("Rothschild") As Financial Advisor And Investment Banker To The Debtors And (II) Scheduling A Final Hearing Thereon (the "Application").

PLEASE TAKE FURTHER NOTICE that the Honorable ● of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has entered an Interim Order Under 11 U.S.C. §§ 327(a) And 328 (I) Authorizing Employment And Retention Of Rothschild Inc. As Financial Advisor And Investment Banker To Debtors And (II) Scheduling Final Hearing Thereon (the "Interim Order") on an interim basis pending a final hearing on the Application.

PLEASE TAKE FURTHER NOTICE that if no written objections to Rothschild's retention are filed timely, served, and received in accordance with the requirements set forth below, a final order will be submitted that will provide that the Application shall be granted in its entirety.  If written objections are filed timely, served, and received, a hearing to consider approval of the Application on a final basis will be held at **10:00 a.m. Eastern Time on ●, 2005** before the Honorable ●, United States Bankruptcy Judge, in the Bankruptcy Court, Courtroom ●, One Bowling Green, New York, New York 10004-1408 (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to approval of the Application on a final basis must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, (c) be filed with the Bankruptcy Court in accordance with General Order M-242, as amended

2

(registered users of the Bankruptcy Court's case filing system must file electronically and all other parties-in-interest must file on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable ●, United States Bankruptcy Judge, and (e) served upon (i) the Debtors at Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n:  General Counsel), (ii) Rothschild Inc., 1251 Avenue of the Americas, New York, New York 10020, (Att'n:  David L. Resnick), (iii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n:  John Wm. Butler, Jr.), (iv) special counsel to the Debtors, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022 (Att'n:  Douglas P. Bartner), (v) counsel to the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n:  Marissa Wesley), (vi) counsel to the agent under the Debtors' proposed postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York 10017 (Att'n:  Marlane Melican), (vii) counsel to any official committee formed in these cases, (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10044 (Att'n:  Deirdre A. Martini, Esq.), and (ix) the indenture trustees for the Debtors' outstanding debt securities, Wilmington Trust Company, 1100 North Market Street, Rodney Square North, Wilmington, Delaware 19890 (Att'n:  Corporate Trust Office) and Law Debenture Trust Company of New York, 780 Third Avenue, 31st Floor, New York, New York 10017 (Att'n:  Corporate Trust Office), in each case so as to be **received** no later than **4:00 p.m. Eastern Time on ●, 2005** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that pursuant to the Application, the Debtors seek to retain Rothschild, pursuant to that certain letter agreement, dated as of May 1, 2005, by and among Rothschild, Rohatyn Associates LLC,[1] and Delphi (the "Engagement Letter"),[2] to perform, among others, the following services:

(a) to the extent deemed desirable by the Company, identifying, reviewing, evaluating, and initiating potential Transactions, M&A Transactions, New Capital Raises, or other transactions;

(b) to the extent Rothschild deems necessary, appropriate, and feasible, or as the Company may request, reviewing and analyzing the Company's assets and the operating and financial strategies of the Company;

(c) assisting the Company in developing and evaluating a range of strategic alternatives to restructure the Company's legacy liabilities, including without limitation the Company's current labor costs, liabilities for pension, and other post-employment benefits;

(d) reviewing and analyzing the business plans and financial projections prepared by the Company including, but not limited to, testing assumptions and comparing those assumptions to historical Company and industry trends;

(e) evaluating the Company's debt capacity in light of its projected cash flows and assisting in the determination of an appropriate capital structure for the Company;

(f) assisting the Company and its other professionals in reviewing and evaluating the terms of any proposed Transaction, M&A Transaction, New Capital Raise, or other transaction in responding thereto and, if directed, in developing and evaluating alternative proposals for a Transaction, M&A Transaction, New Capital Raise, or other transaction, whether in connection with a plan of reorganization or otherwise;

(g) determining values and/or ranges of values (as appropriate) for the Company and any securities that the Company offers or proposes to offer in connection with a Transaction, M&A Transaction, New Capital Raise, or other transaction;

---

[1] Effective October 2, 2005, the employment of Rohatyn Associates LLC under the Engagement Letter was terminated by mutual agreement.

[2] Capitalized terms used but not defined herein shall have the meanings assigned to them in the Engagement Letter.

4

(h) determining and evaluating the risks and benefits of considering, initiating, and consummating any Transaction, M&A Transaction, New Capital Raise, or other transaction, including, without limitation, the risks and benefits with respect to the Company's intermediate and long-term business prospects and strategic alternatives to maximize the business enterprise value of the Company, whether pursuant to a plan of reorganization or otherwise;

(i) reviewing and analyzing any proposals the Company receives from third parties in connection with a Transaction, M&A Transaction, New Capital Raise, or other transaction, including, without limitation, any proposals for debtor-in-possession financing, as appropriate;

(j) assisting or participating in negotiations with the parties-in-interest, including, without limitation, any current or prospective creditors of, or holders of equity in, or claimants against the Company and/or their respective representatives in connection with a Transaction, M&A Transaction, New Capital Raise, or other transaction;

(k) advising and attending meetings of the Company's Board of Directors, creditor groups, official constituencies, and other interested parties, as the Company determines to be necessary or desirable;

(l) if requested by the Company, participating in hearings before this Court and providing relevant testimony with respect to the matters described in the Engagement Letter and with respect to issues arising in connection with any proposed plan of reorganization;

(m) rendering to the Company's Board of Directors an opinion (the "Opinion") of Rothschild as to the fairness from a financial point of view of the consideration to be received pursuant to a Transaction of the kind described in paragraph (b) of the definition thereof (as defined in the Engagement Letter) or any M&A Transaction, which is not consummated or otherwise entered into pursuant to or in connection with a plan of reorganization (if Rothschild is asked to render an Opinion, the nature and scope of the analysis as well as the form and substance of the Opinion shall be as Rothschild reasonably deems appropriate);

(n) assisting the Company's internal and external counsel to enable such counsel to provide legal advice to the Company, as contemplated under Section 7 of the Engagement Letter; and

(o) rendering such other financial advisory and investment banking services as reasonably may be requested by the Company in connection with any of the foregoing.

5

PLEASE TAKE FURTHER NOTICE that, if its retention is approved, Rothschild will, unless such terms prove to have been improvident in light of developments not capable of being anticipated at the time of the hearing, be entitled to receive compensation as set forth in the Engagement Letter.  In summary, Rothschild will be entitled to receive the following:

(a)  A $250,000 per month cash advisory fee (the "Monthly Fee"), payable in advance on the first day of each month.  The initial Monthly Fee shall be pro-rated based on the commencement of services as of the Engagement Letter Date and shall be due and payable by the Company upon the execution of the Engagement Letter.

(b)  A fee of $15 million (the "Completion Fee"), due and payable in cash upon the earlier of (i) the effective date of a plan of reorganization that provides for, pursuant to the terms of a binding written agreement, the consummation of a Transaction or (ii) the closing of another Transaction; provided, that Rothschild has agreed to credit against the Completion Fee (a) 50% of any M&A Fees indefeasibly paid (the "M&A Fee Credit"); (b) 50% of any New Capital Fees indefeasibly paid (the "New Capital Fee Credit"); and (c) to the extent not otherwise applied against the fees and expenses of Rothschild under the terms of the Engagement Letter, the Retainer; provided that the sum of the M&A Fee Credit and the New Capital Fee Credit shall not exceed the Completion Fee.

(c)  In the case of any M&A Transaction for which Rothschild is designated by the Company as the Company's primary advisor and investment banker and does not arise out of a Transaction for which a Completion Fee is due under the immediately preceding paragraph, a fee (the "M&A Fee") equal to the product of (i) the Aggregate Consideration times (ii) the applicable M&A Fee Percentage, each as specified in Exhibit C to the Engagement Letter, which M&A Fee shall be due and payable in cash at the closing of such M&A Transaction.

(d)  A new capital fee (the "New Capital Fee") equal to (i) 1.0% of any senior secured debt raised, (ii) 3.0% of the face amount of any junior secured or senior or subordinated unsecured debt (including any convertible debt) raised, and (iii) 5.0% of any equity or hybrid capital raised (each a "New Capital Raise"), in each case, in which Rothschild is designated by the Company as the Company's primary advisor and investment banker.  The New Capital Fee shall be due and payable in cash at the closing of any New Capital Raise; provided, that no New Capital Fee shall become payable in respect of any new capital raised (x) in the event the Company files a chapter 11 case, any debtor-in-possession financing arrangements, (y) from an entity not otherwise participating in or having expressed an interest in participating in a Transaction, or (z) from an Acquirer or an

                entity having expressed an interest in becoming an Acquirer in connection with the consummation of a Transaction which is intended to occur simultaneously with or within a reasonable period after the closing of such New Capital Raise.

(e)      An opinion fee, payable in cash upon notification to the Company that Rothschild is prepared to deliver its Opinion, in an amount to be negotiated in good faith at the time such Opinion is requested by the Company based upon customary fees for such services.

(f)      To the extent the Company requests that Rothschild perform additional services not contemplated by the Engagement Letter, such additional fees as shall be mutually agreed upon by Rothschild and the Company, in writing, in advance.

(g)      The Company will reimburse Rothschild for its reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, and the enforcement of the Engagement Letter, including without limitation the reasonable fees, disbursements and other charges of Rothschild's counsel; provided, that the retention of any such counsel shall only be made with the Company's consent, which shall not be unreasonably withheld except in the case of legal services which are not customarily required in connection with the performance of the services to be provided under the Engagement Letter. Reasonable expenses shall also include, but not be limited to, expenses incurred in connection with travel and lodging, data processing and communication charges, research, and courier services. The Company shall promptly reimburse Rothschild for expenses upon presentation of an invoice or other similar documentation with reasonable detail.

        PLEASE TAKE FURTHER NOTICE that if the Application is granted, the Debtors will indemnify and hold Rothschild harmless against liabilities arising out of or in connection with its retention by Debtors except for any such liability for losses, claims, damages or liabilities incurred by the Debtors that are finally judicially determined by a court of competent jurisdiction to have primarily resulted from the bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct of Rothschild.

        PLEASE TAKE FURTHER NOTICE that the foregoing summary of certain elements of the retention is not complete and that the full terms of the retention are contained in the Application and the Engagement Letter, which are available for inspection at the clerk's

7

office for the Bankruptcy Court and on the Bankruptcy Court's Internet site at

www.nysb.uscourts.gov, through an account obtained from Pacer Service Center at 1-800-676-

6856.  To the extent that the summary of the retention terms set forth in this notice conflict with

the terms of the Engagement Letter, the terms of the Engagement Letter control.

Dated:  New York, New York
       October __, 2005

                SKADDEN, ARPS, SLATE, MEAGHER
                      & FLOM LLP

            By: _____
                John Wm. Butler, Jr.
                John K. Lyons
                Ron E. Meisler
            333 West Wacker Drive, Suite 2100
            Chicago, Illinois  60606
            (312) 407-0700

              - and -

            By: _____
                Kayalyn A. Marafioti (KM 9632)
                Thomas J. Matz (TM 5986)
            Four Times Square
            New York, New York 10036
            (212) 735-3000

            Attorneys for Delphi Corporation, et al.,
              Debtors and Debtors-in-Possession