UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
   In re                                     :        Chapter 11
:
DELPHI CORPORATION, et al.,        :        Case No. 05-_____ (___)
:
                      Debtors.    :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

INTERIM ORDER UNDER 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014
AND 2016 (I) AUTHORIZING EMPLOYMENT AND RETENTION OF
FTI CONSULTING, INC. AS RESTRUCTURING AND FINANCIAL ADVISORS
TO DEBTORS AND (II) SCHEDULING FINAL HEARING THEREON

("FTI RETENTION INTERIM ORDER")

        Upon the application, dated October 8, 2005 (the "Application"), of Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for interim and final orders (the interim order being referred to hereinafter as the "Interim Order") under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 and 2016 (a) authorizing the employment and retention of FTI Consulting, Inc. (together with its wholly owned subsidiaries, agents, independent contractors, and employees, "FTI") as restructuring and financial advisors to the Debtors and (b) scheduling a final hearing thereon; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005, and on the Affidavit of Randall S. Eisenberg in support of the Application; and upon the record of the hearing held on the Application; and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Application has been given

and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Application is GRANTED on an interim basis.

2. Subject to the terms of this Interim Order, the Debtors' employment of FTI as their restructuring and financial advisors, in accordance with the letter agreement attached hereto as <u>Exhibit 1</u>, the dispute resolution procedures attached hereto as <u>Exhibit 2</u>, and this Interim Order, is approved pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), effective as of the date of the Application.

3. FTI shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court; <u>provided</u>, <u>however</u>, that with regard to assistance rendered postpetition to the Debtors in responding to and tracking calls received from suppliers in a vendor communication room, including the production of various management reports reflecting call center activity, FTI shall only be required to maintain contemporaneous time records in half-hour increments

4. To the extent accrued during this interim retention, FTI shall receive only (a) its hourly fees and (b) reimbursement of FTI's expenses.

2

5. Any requests by FTI for indemnification or other payments from the Debtors shall be made by means of an application (interim or final, as the case may be) to this Court and shall be subject to review by this Court; provided, however, that in no event shall FTI be indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

6. In no event shall FTI be indemnified nor shall its liability be limited if the Debtors or a representative of their estates asserts a claim for, and a court determines by final order that such claim arose out of, FTI's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

7. In the event that FTI seeks reimbursement for attorneys' fees from the Debtors pursuant to the Application, the invoices and supporting time records from such attorneys shall be included in FTI's own applications (both interim and final) and such invoices and time records shall be subject to the Office of the United States Trustee's guidelines for compensation and reimbursement of expenses and approval of this Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

8. This Interim Order shall remain in full force and effect until such time as this Court approves a final order.

9. The Debtors shall serve a notice of the final hearing to approve the Application (the "Notice"), substantially in the form attached hereto as Exhibit 3, on (a) the Office of the United States Trustee, (b) the Debtors' 50 largest unsecured creditors, (c) counsel for the agent under the Debtors' prepetition credit facility, (d) counsel for the agent under the

Debtors' proposed postpetition credit facility, and (e) any committee appointed under section 1102 of the Bankruptcy Code.  Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid.  No further notice of the final hearing to approve the Application or of the entry of this Interim Order need be served by the Debtors.

    10. Objections, if any, to approval of the Application on a final basis must be in writing and filed timely in accordance with the requirements set forth in the Notice.  If timely written objections are received, there shall be a hearing held on ●, 2005 at **[time]** to determine whether to approve, on a final basis, the retention of FTI on the terms described in the Application.

    11. If no written objections to FTI's retention are filed timely, sent, and received in accordance with the Notice and this Interim Order, a final order will be submitted that will provide that the Application shall be granted in its entirety.

    12. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

    13. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated: New York, New York
    October __, 2005

                    _____
                    UNITED STATES BANKRUPTCY JUDGE