UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-_____ (___) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF ERIC S. KURTZMAN IN SUPPORT OF APPLICATION
FOR ORDER UNDER 28 U.S.C. § 156(c) AUTHORIZING RETENTION AND
APPOINTMENT OF KURTZMAN CARSON CONSULTANTS LLC
AS CLAIMS, NOTICING AND BALLOTING AGENT
FOR CLERK OF BANKRUPTCY COURT

STATE OF MICHIGAN    )
                     ) SS:
COUNTY OF OAKLAND    )

Eric S. Kurtzman, being duly sworn, deposes and states as follows:

1. I am Chief Executive Officer of Kurtzman Carson Consultants LLC ("KCC"), which maintains an office at 12910 Culver Boulevard, Suite I, Los Angeles, CA, 90066, and I am authorized to execute this declaration on behalf of KCC. I submit this declaration in support of the Application For Order Under 28 U.S.C. § 156(c) Authorizing Retention And Appointment Of Kurtzman Carson Consultants LLC As Claims, Noticing And Balloting Agent For Clerk Of Bankruptcy Court (the "Application"),[1] filed contemporaneously herewith by Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"). Except as otherwise indicated, I have

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Application.

personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.[2]

2.  As claims, noticing and balloting agent, the services my firm proposes to render to the office of the Clerk of the Bankruptcy Court for the Southern District of New York, Manhattan Division (the "Clerk's Office") and the Debtors include, if necessary, the following:

(a)  notifying all potential creditors of the filing of the Debtors' bankruptcy petitions and of the setting of the first meeting of creditors, pursuant to section 341(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 1330, as amended (the "Bankruptcy Code"), under the proper provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules");

(b)  maintaining an official copy of the Debtors' schedules of assets and liabilities and statement of financial affairs (collectively, the "Schedules"), listing the Debtors' known creditors and the amounts owed thereto;

(c)  notifying all potential creditors of the existence and amount of their respective claims as evidenced by the Debtors' books and records and as set forth in the Schedules;

(d)  furnishing a notice of the last date for the filing of proofs of claims and a form for the filing of a proof of claim, after such notice and form are approved by this Court;

(e)  filing with the Clerk an affidavit or certificate of service with a copy of the notice, a list of persons to whom it was mailed (in alphabetical order), and the date the notice was mailed, within ten days of service;

(f)  docketing all claims received, maintaining the official claims registers (the "Claims Registers") for each Debtor on behalf of the Clerk, and providing the Clerk with certified duplicate unofficial Claims Registers on a monthly basis, unless otherwise directed;

(g)  specifying, in the applicable Claims Register, the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and, if applicable, the

---

[2] Certain of the disclosures herein relate to matters within the knowledge of other employees at KCC and are based on information provided by them.

    agent who filed the claim, and (iv) the classification(s) of the claim (e.g., secured, unsecured, priority, etc.);

(h)  relocating, by messenger, all of the actual proofs of claim filed with KCC, not less than weekly;

(i)  recording all transfers of claims and providing any notices of such transfers required by Bankruptcy Rule 3001;

(j)  making changes in the Claims Registers pursuant to orders of this Court;

(k)  upon completion of the docketing process for all claims received to date by the Clerk's office, turning over to the Clerk copies of the Claims Registers for the Clerk's review;

(l)  maintaining the official mailing list for each Debtor of all entities that have filed a proof of claim, which list shall be available upon request by a party-in-interest or the Clerk;

(m)  assisting with, among other things, solicitation and calculation of votes and distribution as required in furtherance of confirmation of plan(s) of reorganization;

(n)  30 days prior to the close of these chapter 11 cases, submitting an order dismissing KCC as the Claims Agent and terminating the services of KCC as the Claims Agent upon completion of its duties and responsibilities and upon the closing of these chapter 11 cases; and

(o)  at the close of these chapter 11 cases, boxing and transporting all original documents in proper format, as provided by the Clerk's office, to the Federal and Record Administration.

3.  On behalf of KCC, I hereby represent that:

(a)  KCC will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the claims, noticing, and balloting agent in these chapter 11 cases;

(b)  By accepting employment in these chapter 11 cases, KCC waives any right to receive compensation from the United States government;

(c)  In its capacity as the claims, noticing and balloting agent in these chapter 11 cases, KCC will not be an agent of the United States and will not act on behalf of the United States; and

3

(d) KCC will not employ any past or present employees of the Debtors in connection with its work as the claims, noticing and balloting agent in these chapter 11 cases.

KCC has assisted and advised numerous chapter 11 debtors in connection with noticing, claims administration and reconciliation, and the administration of plan votes. KCC has provided identical or substantially similar services in other chapter 11 cases, including In re Collins & Aikman Corp., Case No. 05-55927 (E.D. Mich. 2005); In re Ultimate Elecs., Case No. 05-10104 (Bankr. D. Del. 2005); In re Interstate Bakeries Corp., Case No. 04-45814 (Bankr. W.D. Mo. 2004); In re Haynes Int'l, Inc., Case No. 04-05364 (Bankr. S.D. Ind. 2004); In re NorthWestern Corp., Case No. 03-12872 (Bankr. D. Del. 2003); In re National Equip. Services, Case No. 03-27626 (Bankr. N.D. Ill. 2003); In re NRG Energy, Inc., Case No. 03-13024 (Bankr. S.D.N.Y. 2003); In re Newcor, Inc., Case No. 02-10575 (Bankr. D. Del. 2002); and In re Cold Metal Prods., Inc., Case No. 02-43619 (Bankr. N.D. Ohio 2002).

4. KCC is the court appointed claims and noticing agent for the case of In re Collins & Aikman Corp., Case No. 05-55927 currently pending in the United States Bankruptcy Court, Eastern District Michigan. Collins & Aikman Corporation is a customer of the Debtors. Notwithstanding the foregoing, to the best of my knowledge, neither KCC nor any employee thereof has any connection with the Debtors, their creditors or any other party in interest herein. To the best of my knowledge, neither KCC, nor any employee thereof, represents any interest adverse to the Debtors' estates with respect to the matters upon which KCC is to be engaged.

5. KCC will notify promptly the Clerk, the bankruptcy judge presiding over these chapter 11 cases, and the Debtors in the event that KCC or any affiliate of KCC becomes a creditor or party-in-interest in these chapter 11 cases.

6. In performing these services, KCC will charge the rates set forth in the services agreement annexed as <u>Exhibit 1</u> to the proposed order. These rates are at least as favorable as the prices KCC charges in chapter 11 cases in which the firm has been retained to perform similar services.

7. In the 90 days leading up to the Petition Date, the Debtors paid to KCC approximately $80,000 in fees and expenses for services rendered to the Debtors. KCC is not owed any amounts with respect to its prepetition fees and expenses. KCC will maintain a general retainer in the amount of $150,000 for postpetition services; this retainer will not be segregated by KCC in a separate account, and will be held in trust by KCC until the end of these chapter 11 cases to secure the timely payment of fees.

8. KCC will comply with all requests of the Clerk of the Court and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: Troy, Michigan
      October 5, 2005

                         KURTZMAN CARSON CONSULTANTS LLC

                         /s/ Eric S. Kurtzman
                         Eric S. Kurtzman

Sworn to before me on
this 5th day of October, 2005


/s/ Michele Piscitelli
Michele Piscitelli
Notary Public State of MI
Qualified in the County of Oakland

My Commission expires on <u>September 22, 2007</u>