UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
     In re                            :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-_____ (___)
                                          :
             Debtors.         :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 28 U.S.C. § 156(c) AUTHORIZING RETENTION AND APPOINTMENT
OF KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS, NOTICING, AND
BALLOTING AGENT FOR CLERK OF BANKRUPTCY COURT

("KCC RETENTION ORDER")

        Upon the application, dated October 8, 2005 (the "Application"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 28 U.S.C.

§ 156(c) authorizing the retention and employment of Kurtzman Carson Consultants LLC

(collectively with its servants, agents, employees, licensees, and subcontractors, "KCC") as

claims, noticing, and balloting agent (the "Claims Agent") of the Clerk of the Bankruptcy Court

for the Southern District of New York, Manhattan Division (the "Clerk"), pursuant to the terms

of the Agreement For Services attached hereto as Exhibit 1 (the "Services Agreement"), to

among other things, (a) distribute required notices to parties-in-interest, (b) receive, maintain,

docket, and otherwise administer the proofs of claims filed in the these chapter 11 cases,

(c) tabulate acceptances and rejections of the Debtors' plan(s) of reorganization, and (d) provide

such other administrative services that the Debtors may require; and upon the Affidavit Of

Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October

8, 2005, and on the Affidavit of Eric S. Kurtzman in support of the Application; and upon the

record of the hearing held on the Application; and this Court having determined that the relief

requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Application is GRANTED.

2.    Pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 28 U.S.C. § 156(c), each of the Debtors is authorized to retain KCC, effective as of the date of the Application, to perform the services set forth in the Application, pursuant to the terms of the Services Agreement, and to receive, maintain, record, and otherwise administer the proofs of claim filed in these chapter 11 cases.

3.    KCC is appointed as agent for the Clerk and as custodian of court records and, as such, is designated as the authorized repository for all proofs of claim filed in these chapter 11 cases and is authorized and directed to maintain official claims registers for each of the Debtors, and to provide the Clerk access to the electronic record maintained by KCC or as with a certified duplicate thereof on a weekly basis unless otherwise directed by the Clerk.

4.    KCC is authorized and directed to perform all services related to processing the proofs of claim and maintaining a claims register, which services include, without limitation:

(a)    notifying all potential creditors of the filing of the Debtors' bankruptcy petitions and of the setting of the first meeting of creditors, pursuant to section 341(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), under the proper provisions of the Bankruptcy Code and the Bankruptcy Rules;

(b)    maintaining an official copy of the Debtors' schedules of assets and liabilities and statement of financial affairs (collectively, the "Schedules"), listing the Debtors' known creditors and the amounts owed thereto;

(c)     notifying all potential creditors of the existence and amount of their respective claims as evidenced by the Debtors' books and records and as set forth in the Schedules;

(d)     furnishing a notice of the last date for the filing of proofs of claims and a form for the filing of a proof of claim, after such notice and form are approved by this Court;

(e)     filing with the Clerk an affidavit or certificate of service with a copy of the notice, a list of persons to whom it was mailed (in alphabetical order), and the date the notice was mailed, within ten days of service;

(f)     docketing all claims received, maintaining the official claims registers (the "Claims Registers") for each Debtor on behalf of the Clerk, and providing the Clerk with access to the electronic record maintained by KCC, unless otherwise directed;

(g)     specifying, in the applicable Claims Register, the following information for each claim docketed:  (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and, if applicable, the agent who filed the claim, and (iv) the classification(s) of the claim (e.g., secured, unsecured, priority, etc.);

(h)     relocating, by messenger, all of the actual proofs of claim filed from the court to KCC, not less than weekly;

(i)     recording all transfers of claims and providing any notices of such transfers required by Bankruptcy Rule 3001;

(j)     making changes in the Claims Registers pursuant to orders of this Court;

(k)     upon completion of the docketing process for all claims received to date by the Clerk's office, turning over to the Clerk all electronic records of the Claims Registers for the Clerk's review;

(l)     maintaining the official mailing list for each Debtor of all entities that have filed a proof of claim, and notices of appearances which list shall be available upon request by a party-in-interest or the Clerk;

(m)     assisting with, among other things, solicitation and calculation of votes and distribution as required in furtherance of confirmation of plan(s) of reorganization;

(n)     30 days prior to the close of these chapter 11 cases, submitting an order dismissing KCC as the Claims Agent and terminating the services of KCC as the Claims Agent upon completion of its duties and responsibilities and upon the closing of these chapter 11 cases; and

(o)   at the close of these chapter 11 cases, boxing and transporting all original documents in proper format, as provided by the Clerk's office, to the Federal and Records Administration.

5.   The Debtors are authorized and directed to obtain a special post office box for the receipt of proofs of claim

6.   KCC is authorized to take such other action as is necessary to comply with all duties set forth in the Application.

7.   The Debtors are authorized to compensate KCC on a monthly basis, in accordance with the Services Agreement, upon the receipt of reasonably detailed invoices setting forth the services provided by KCC in the prior month and the rates charged for each, and to reimburse KCC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation.

8.   KCC shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court.

9.   If any of these chapter 11 cases convert to cases under chapter 7 of the Bankruptcy Code, KCC will continue to be paid for its services until the claims filed in the chapter 11 cases have been processed completely; if claims agent representation is necessary in the converted chapter 7 case(s), KCC will continue to be paid in accordance with 28 U.S.C. §156(c) under the terms set out herein.

10.   In the event that KCC is unable to provide the services set out in this Order, KCC immediately will notify the Clerk and Debtors' counsel and cause to have all original

proofs of claim and computer information turned over to another claims agent with the advice

and consent of the Clerk and Debtors' counsel.

11.   KCC shall notify promptly the Clerk, the bankruptcy judge presiding over

these cases, and the Debtors in the event that KCC or any affiliate of KCC becomes a creditor or

party-in-interest in these chapter 11 cases.

12.   This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

13.   The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Application.

Dated:   New York, New York
         October __, 2005


_____
UNITED STATES BANKRUPTCY JUDGE