BARNES & THORNBURG LLP
Attorneys for Autocam Corporation
300 Ottawa Avenue, NW, Suite 500
Grand Rapids, Michigan  49503
(616) 742-3936
Patrick E. Mears (PM-6473)

United States Bankruptcy Court
Southern District of New York

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 Case |
| DELPHI CORPORATION, *et al*. | ) | No. 05-44481 |
| Debtors. | ) |  |

**OBJECTION OF AUTOCAM CORPORATION TO MOTION FOR ORDER UNDER
11 U.S.C. §§ 105(a), 363, 364, 1107, AND 1108 AND FED. R. BANKR. P. 6004 AND 9019
AUTHORIZING CONTINUATION OF VENDOR RESCUE PROGRAM AND
PAYMENT OF PREPETITION CLAIMS OF FINANCIALLY-DISTRESSED
SOLE SOURCE SUPPLIERS AND VENDORS WITHOUT CONTRACTS**

Autocam Corporation ("Autocam")[1], by and through its undersigned counsel, hereby files this Objection to the Motion for Order Under 11 U.S.C. 105(a), 363, 364, 1107, and 1108 and Fed. R. Bankr. P. 6004 and 9019 Authorizing Continuation of Vendor Rescue Program and Payment of Prepetition Claims of Financially-Distressed Sole Source Suppliers and Vendors Without Contracts (the "Motion").  Autocam objects to the Motion on the following grounds: (i) the proposed treatment by Delphi Corporation, *et al*. (the "Debtors") of Rogue Suppliers discriminates against the rights of suppliers under the Bankruptcy Code and applicable state law; and (ii) the Debtors' proposed treatment of Prefunded Suppliers fails to clearly set forth the extent of the proposed waiver of the Debtors' causes of action under section 547 of the Bankruptcy Code.

---

[1] All terms not defined herein shall have the meanings ascribed to them in the Motion.

1. The Debtors commenced these cases by filing separate voluntary petitions for relief under Chapter 11 of the Bankruptcy Code with this Court on October 8, 2005 (the "Petition Date").

2. The Debtors filed several motions on the Petition Date, including the Motion. The Motion requests the entry of an order authorizing the Debtors, at their sole discretion, to pay prepetition claims owing to certain of the Debtors' suppliers which are "essential to the uninterrupted functioning of the Debtors' business operations." (Motion at ¶ 15.)

3. As part of the relief sought in the Motion, the Debtors seek to conditionally pay the claims of any Rogue Supplier. (Motion at ¶ 33.) Upon payment of those claims, the Debtors propose that they be allowed to file a Notice of Waiver and an Order to Show Cause, which shall require the Rogue Supplier to appear before this Court and demonstrate why the Rogue Supplier has not violated the automatic stay provisions of section 362 of the Bankruptcy Code. *Id*.

4. By requesting the proposed relief against Rogue Suppliers, the Debtors are essentially asking this Court to circumvent any protections afforded to suppliers under the Bankruptcy Code and applicable state law. If the relief requested in the Motion is granted, any supplier alleged to be a Rogue Supplier would have the burden of proving that the automatic stay provisions of section 362(a) were not violated by the supplier's conduct. The Debtors would, in effect, not be required to plead any facts relating to the alleged violation of the automatic stay.

5. Moreover, the Debtors seem to be proposing that a supplier's refusal to ship or a supplier's reliance on the terms of its contract with the Debtors would render the supplier a Rogue Supplier subject to the terms of the Motion. As such, the relief requested by the Debtors will circumvent the protections afforded suppliers of goods under the provisions under their contract and applicable law, including section 365 of the Bankruptcy Code and section 2-609 of

the Uniform Commercial Code, which allows a seller of goods to suspend performance when a reasonable grounds for insecurity arise. U.C.C. § 2-609(1).

6.   The Motion also proposes special treatment for Prefunded Suppliers (i.e., those critical vendors receiving payment prior to the Petition Date). According to the Motion, any supplier deemed to be a Prefunded Supplier shall have an opportunity to execute the Waiver in exchange for a waiver and release of any rights that the Debtors or their estates may have under section 547 of the Bankruptcy Code to avoid the Prefunding Transfers. . ." (Motion at ¶ 31.) While the express language of the Motion seems to indicate that only the Prefunding Transfers will not be subject to avoidance pursuant to section 547 of the Bankruptcy Code, it is not entirely clear whether the Debtors are seeking to grant a waiver and release to Prefunded Suppliers with respect to only the payments designated Prefunded Transfers, or any payments that qualify for avoidance under section 547 of the Bankruptcy Code. Furthermore, it is unclear exactly how the Debtors will distinguish between Prefunded Transfers and non-Prefunded Transfers.

7.   Because the Motion may be extremely prejudicial to suppliers, this Court should require the Debtors to modify their Motion and clarify their intentions with respect to the treatment of Essential Vendors, Prefunded Suppliers and Rogue Suppliers.

4

WHEREFORE, Autocam respectfully requests that this Court (a) deny the relief requested in the Motion insofar as it prejudices the rights of the Debtors' suppliers and (b) grant such other and further relief as may be just and proper under the circumstances.

Dated: October 11, 2005

        BARNES & THORNBURG LLP
        Counsel to Autocam Corporation


        By:   /s/Patrick E. Mears
             Patrick E. Mears (PM-6473)
        Business Address:
        300 Ottawa Avenue, NW
        Suite 500
        Grand Rapids, Michigan  49503
        (616) 742-3936