Allan S. Brilliant (AB 8455)
Brian W. Harvey (BH 2518)
GOODWIN PROCTER LLP
Counsel for the Ad Hoc Committee
599 Lexington Avenue
New York, New York 10022
(212) 813-8800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
In re:                                              :
                                                    :       Chapter 11
                                                    :
DELPHI CORPORATION, et al.                          :       Case No. 05-44481
                                                    :
                         Debtors.                   :       Jointly Administered
                                                    :
-------------------------------------------------------------x

**LIMITED OBJECTION OF AD HOC COMMITTEE OF PREPETITION SECURED
LENDERS TO DEBTORS' MOTION FOR POSTPETITION FINANCING**

The Ad Hoc Committee of Prepetition Secured Lenders (each as defined below) hereby submits this objection (the "Objection") to the motion, dated October 8, 2005, of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for an order, among other things, authorizing the Debtors to obtain secured postpetition financing on a superpriority and priming basis, authorizing use of cash collateral, and granting adequate protection (the "Motion"). The Ad Hoc Committee respectfully represents as follows:

**Jurisdiction**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2.     On October 8, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  On the Petition Date, the Debtors also filed the Motion.  A hearing to consider entry of an order approving the Motion on an interim basis is scheduled for October 11, 2005.

3.     This Objection is made by a group of lenders, including funds managed by DK Acquisition Partners LP and Latigo Partners (the "Ad Hoc Committee"), each of which are "Lenders" as defined in that certain Third Amended and Restated Credit Agreement, dated as of June 14, 2005, among Delphi Corporation ("Delphi"), the lenders from time to time party thereto (the "Prepetition Secured Lenders"), JPMorgan Chase Bank, N.A., as administrative agent (the "Prepetition Agent"), and the other parties named therein (the "Prepetition Credit Agreement").

**Objection**

4.     The Ad Hoc Committee requests that the hearing to consider approval of the Motion on an interim basis be adjourned for a short period of time to allow the Ad Hoc Committee and the other Prepetition Secured Lenders an opportunity to study the Debtors' postpetition financing request and to discuss with the Prepetition Agent and the Debtors the terms under which the Prepetition Secured Lenders would consent to the Debtors incurring indebtedness on a priming basis.  Although there was much publicity about the Debtors intention to file chapter 11, the actual time of the filing came as a surprise to the members of the Ad Hoc Committee.  Moreover, the Debtors did not share the terms of the Debtors' proposed postpetition financing or its adequate protection proposal with the Prepetition Secured Lenders at any time prior to the commencement of these cases.  Discussions, if any, were solely with the Prepetition

Agent, which is hopelessly conflicted because it is also the agent in respect of the Debtors' proposed postpetition financing.  In addition, due in part to these cases being commenced during a holiday weekend, members of the Ad Hoc Committee as well as other Prepetition Secured Creditors have not had sufficient time to examine the financing – which would, if approved, put $950 million of financing ahead of such lenders on an interim basis – and discuss related concerns with the Prepetition Agent or the Debtors.  Such discussions have only begun this morning and will continue in earnest over the next several days.  If granted, the priming, which is an extraordinary remedy, would occur with virtually no meaningful negotiation with or notice to the affected group.  Given that the Debtors have approximately $500 million of cash on hand in the United States, and the Debtors' foreign subsidiaries and affiliates possess approximately $1 billion in cash on hand, see Affidavit of Robert S. Miller, Jr. Under Local Bankruptcy Rule 1007-2 and In Support of Chapter 11 Petitions and Various First Day Applications and Motions, ¶ 26, the Debtors should not suffer any irreparable harm if the hearing were adjourned for several days so that the Prepetition Lenders can get up to speed.

      5.      The Ad Hoc Committee also believes that the Debtors have not – and cannot – satisfy their burden of proof with respect to the need to incur postpetition indebtedness on a senior secured basis under section 364(d) of the Bankruptcy Code.  The priming of secured parties by senior liens is an extraordinary remedy that is available to a debtor who desires to obtain postpetition credit only if (a) the debtor is unable to obtain such credit otherwise, and (b) there is adequate protection of existing lien holders.  See 11 U.S.C. § 364(d)(1); see also Bland v. Farmworker Creditors, 308 B.R. 109, 115 (S.D. Ga. 2003) ("the § 364(d) process is considered rare and extraordinary") (internal quotations omitted); Collier on Bankruptcy, ¶ 364.05 (15th ed. Rev 2001) ("The ability to prime an exiting lien is extraordinary.").  Here, the Debtors cannot

meet their burden of proof under section 364(d). For one, by their own admission, the Debtors obtained eight different financing proposals, four of which would have refinanced in full all indebtedness outstanding under the Prepetition Credit Agreement. <u>See</u> <u>Motion</u> ¶ 21. Although the Debtors allege that these alternative financing proposals were not as "favorable" as the proposal for which they are seeking approval, the Debtors have acknowledged that credit is otherwise available without priming. Given that alternative credit is available without priming the Prepetition Secured Lenders' liens, albeit on less favorable terms to the Debtors, the Debtors have not satisfied the requirements of section 364(d)(1)(A). <u>See</u> <u>In re Ames Dep't Stores, Inc.</u>, 115 B.R. 34, 37 (Bankr. S.D.N.Y. 1990) ("[O]btaining credit under section 364(d) may not be authorized if it appears that credit can be obtained under the other subsections of 364.").

6. Moreover, the Debtors' interim request of $950 million appears disproportionate with their immediate cash needs. In their own pleadings, the Debtors have indicated that they only expect to borrow only $200 million during the first 30 days of their chapter 11 cases. <u>See</u> <u>Miller Affidavit</u>, Schedule 12 (annexed hereto at Exhibit A). Should the Court decide to grant the Motion on an interim basis, the Debtors should only be permitted to incur indebtedness on a postpetition interim basis sufficient to avoid irreparable harm to their businesses. Given the Debtors' current cash position and their expected borrowing needs over the near term, it is highly unlikely that the Debtors' businesses would suffer any harm by substantially reducing the amount of indebtedness the Debtors may incur on an interim basis. Accordingly, the Debtors' maximum interim borrowing authority should be limited to their publicly disclosed borrowing needs of $200 million plus an additional $50 million to provide for exigencies.

7. The Ad Hoc Committee reserves its right to make such other and further

4

objections as they deem appropriate with respect to the entry of an order approving the Motion on a final basis, or any other relief requested by the Debtors whether related to the Motion or otherwise.

## Waiver of Memorandum of Law

20. Because this Objection presents no novel issues of law and the authorities relied upon by the Ad Hoc Committee are set forth herein, the Ad Hoc Committee respectfully requests that the Court waive the requirement for the filing of a separate memorandum of law in support of this Objection pursuant to Local Bankruptcy Rule 9013-1(b).

## Notice

21. Notice of this Objection will be given to the Debtors and those parties who formally appear and request service in these cases in accordance with Bankruptcy Rule 2002. The Ad Hoc Committee submits that, under the circumstances, no other or further notice is required.

## No Previous Request

22. No previous motion or application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Ad Hoc Committee respectfully requests that this Court enter an order granting the relief requested herein and such other relief as may be just and proper.

Dated: New York, New York
October 11, 2005

GOODWIN PROCTER LLP

By: /s/ Allan S. Brilliant

Allan S. Brilliant (AB 8455)
Brian W. Harvey (BH 2518)
599 Lexington Avenue
New York, New York 10022
(212) 813-8800
Counsel for the Ad Hoc Committee

LIBNY/4468664.3

<u>EXHIBIT A</u>

LIBNY/4468664.3

# SCHEDULE 12

**Schedule of 30-Day Estimated Cash Receipts and Disbursements, Net Cash Gain or Loss, and Accrued Obligations and Receivables (Excluding Professional Fees)**[1]

Pursuant to Local Bankruptcy Rule 1007-2(b)(3), the following schedule provides, for the 30-day period following the filing of the Debtors' chapter 11 petitions, the estimated cash receipts and disbursements, and net cash gain or loss, other than professional fees, for the Debtors[1] on a consolidated basis:

*($ in millions)*

| | |
|---|---:|
| Cash/Investments[2] | $ 500 |
| Total Receipts | $ 1,800 |
| Total Disbursements | (2,425) |
| DIP Facility Draw / (Repayment) | $ 200 |
| Total Change in Cash | (425) |
| Ending Cash/Investments | 75 |
| Available DIP Facility Line[3] | 1,800 |
| Total Liquidity | $ 1,875 |

---

[1] Amounts include all US entities, excluding checks in transit and non "cash pool" entities including Delphi Integrated Service Solutions, Specialty Electronics U.S. and Delphi Medical Systems Colorado Co. These entities had cash balances less than $8 million as of the end of September 2005

[2] Estimated as of October 8, 2005

[3] Assumes total interim DIP facility size of $950 million, increasing to the full facility size of $2.0 billion the week ending November, 11 2005