UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :
      In re                              :
                                         :  Chapter 11
                                         :
  DELPHI CORPORATION, et al.,            :
                                         :  Case No. 05–44481 (RDD)
                        Debtors.         :
                                         :  (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

INTERIM ORDER UNDER 11 U.S.C. §§ 105, 362, AND 541 AND BANKRUPTCY
RULE 3001 (A) ESTABLISHING NOTIFICATION PROCEDURES APPLICABLE TO
SUBSTANTIAL HOLDERS OF CLAIMS AND EQUITY SECURITIES AND (B)
ESTABLISHING NOTIFICATION AND HEARING PROCEDURES
FOR TRADING IN CLAIMS AND EQUITY SECURITIES ("CLAIMS TRADING
ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"),[1] of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate

Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively,

the "Debtors"), for an interim order (the "Order") under 11 U.S.C. §§ 105, 362, and 541

and Bankruptcy Rule 3001(e) establishing notice and hearing procedures for trading in

claims against, and equity securities in, the Debtors; and upon the Affidavit Of Robert S.

Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders; sworn to October 8,

2005; and upon the record of the hearings held on the Motion; and this Court having

determined that the relief requested in the Motion is in the best interests of the Debtors,

their estates, their creditors, and other parties-in-interest; while at the same time

preserving, to the greatest extent possible, a liquid trading market in the claims against

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

the Debtor; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED on an interim basis as provided herein, pending a further order by this Court with provisions with respect to claims trading described in paragraph 4(f).

2. Except as provided in paragraph 4(f), below, any purchase, sale, or other transfer of claims against, or equity securities in, the Debtors in violation of the procedures set forth herein (including the notice requirements set forth in paragraphs 3(a) and 4(a) below) shall be null and void <u>ab initio</u> as an act in violation of the automatic stay under U.S.C. §§ 362 and 105(a) of the Bankruptcy Code.

3. The following procedure shall apply to trading in equity securities of Delphi:

(a) Any person or entity who currently is or becomes a Substantial Equityholder (as defined in paragraph (e) below) shall file with this Court, and serve on the Debtors and counsel to the Debtors, a notice of such status, in the form attached hereto as <u>Exhibit 1A</u>, on or before the later of (A) 40 days after the effective date of the notice of entry of this Order or (B) ten days after becoming a Substantial Equityholder.

(b) Prior to effectuating any transfer of equity securities (including options to acquire stock, as defined in paragraph (e) below) that would result in an increase in the amount of common stock of Delphi beneficially owned by a Substantial Equityholder or would result in a person or entity's becoming a Substantial Equityholder, such Substantial Equityholder shall file with this Court, and serve on the Debtors and counsel to the Debtors, advance written notice, in the form attached hereto as <u>Exhibit 1B</u>, of the intended transfer of equity securities.

(c) Prior to effectuating any transfer of equity securities (including options to acquire stock) that would result in a decrease in the amount of common stock of Delphi beneficially owned by a Substantial Equityholder or would result in a person or entity's ceasing to be a Substantial Equityholder, such Substantial

2

Equityholder shall file with this Court, and serve on the Debtors and counsel to the Debtors, advance written notice, in the form attached hereto as <u>Exhibit 1C</u>, of the intended transfer of equity securities.

    (d) The Debtors shall have 30 calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Equityholder an objection to any proposed transfer of equity securities described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such transaction will not be effective unless approved by a final and nonappealable order of this Court. If the Debtors do not object within such 30-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 30-day waiting period.

    (e) For purposes of this Order, (A) a "Substantial Equityholder" is any person or entity which beneficially owns at least 14,000,000 shares (representing approximately 2.5% of all issued and outstanding shares) of the common stock of Delphi, (B) "beneficial ownership" of equity securities includes direct and indirect ownership (<u>e.g.</u>, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock, and ownership of shares which such holder has an option to acquire, and (C) an "option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

    4. The following procedure shall apply to trading in claims against the Debtors:

    (a) Any person or entity who currently is or becomes a Substantial Claimholder (as defined in paragraph (e) below) shall file with this Court, and serve on the Debtors and counsel to the Debtors, a notice of such status, in the form attached hereto as <u>Exhibit 2A</u>, on or before the later of (A) 40 days after the effective date of the notice of entry of this Order or (B) ten days after becoming a Substantial Claimholder.

    (b) Except as provided in paragraph 4(f), below, prior to effectuating any transfer of claims that would result in an increase in the amount of aggregate principal claims beneficially owned by a Substantial Claimholder or would result in a person or entity's becoming a Substantial Claimholder, such Substantial Claimholder shall file with this Court, and serve on the Debtors and counsel to the Debtors, advance written notice, in the form attached hereto as <u>Exhibit 2B</u>, of the intended transfer of claims, regardless of whether such transfer would be subject to the filing, notice and hearing requirements of Bankruptcy Rule 3001.

(c)     Except as provided in paragraph 4(f), below, prior to effectuating any transfer of claims that would result in a decrease in the amount of aggregate principal claims beneficially owned by a Substantial Claimholder or would result in a person or entity's ceasing to be a Substantial Claimholder, such Substantial Claimholder shall file with this Court, and serve on the Debtors and counsel to the Debtors, advance written notice, in the form attached hereto as Exhibit 2C, of the intended transfer of claims, regardless of whether such transfer would be subject to the filing, notice and hearing requirements of Bankruptcy Rule 3001.

(d)     The Debtors shall have 30 calendar days after receipt of such Notice of Proposed Transfer to file with this Court and serve on such Substantial Claimholder an objection to any proposed transfer of claims described in a Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection, such transaction will not be effective unless approved by a final and nonappealable order of this Court.  If the Debtors do not object within such 30-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 30-day waiting period.

(e)     For purposes of this Order:  (1) a "Substantial Claimholder" is any person or entity that beneficially owns an aggregate principal amount of claims against the Debtors equal to or exceeding $100,000,000 or any controlled entity through which a Substantial Claimholder beneficially owns an indirect interest in claims against the Debtors, (2) "beneficial ownership" of claims includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all claims owned or acquired by its subsidiaries), ownership by family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of claims, and ownership of claims which such holder has an option to acquire, and (3) an "option" to acquire claims includes any contingent purchase, put, contract to acquire a claim(s) or similar interest, regardless of whether it is contingent or otherwise not currently exercisable, provided, however, that solely for purposes of this Order, claims against the Debtors shall not include any claims pursuant to the 5-Year Third Amended and Restated Credit Agreement among, inter alia, Delphi Corporation, as Borrower, and JPMorgan Chase Bank, N.A. as Administrative Agent, dated as of June 14, 2005, or the Revolving Credit, Term Loan and Guaranty Agreement among inter alia, Delphi Corporation, a Debtor and a Debtor-in-Possesion under chapter 11 of the Bankruptcy Code, as Borrower, and JPMorgan Chase Bank, N.A., as Adminsitrative Agent, dated as of October __, 2005.

(f)     Notwithstanding paragraphs (b) and (c) above, no transfer of claims to or from any person or entity listed on Schedule A, attached hereto, or any affiliate thereof shall be subject to any requirements under this Order, and no such transfer shall be rendered void ab initio for any reason under this Order.  Any person or entity not currently listed on Schedule A may elect to be added thereto upon providing written request to the Debtors and counsel to the Debtors, at the addresses specified on Exhibit 2A, without further order of this Court, and the Debtors shall respond to each

4

Pg 5 of 8

such request by the end of the business day following the business day of receipt thereof, and shall not unreasonably refuse to add any such person or entity to Schedule A. The persons and entities listed on Schedule A are hereby informed of the Debtors' intention to formulate a final claims trading order that may require such entities and persons to dispose of claims against the Debtors to the extent necessary and proper to protect the Debtors' tax attributes under Section 382(l)(5) of the Internal Revenue Code and in a manner calculated to satisfy the requirements of Treas. Reg. § 1.382-9(d)(3), <u>provided, however</u> that no such entity or person will be required to reduce its holdings below the greater of (i) the threshold for being a Substantial Claimholder under this Order; and (ii) the amount of claims against the Debtors of which the entity had beneficial ownership on October 8, 2005, plus the amount of claims against the debtors acquired by such entity after such date pursuant to binding contracts entered into on or before such date. Furthermore, in relying on the benefits of this paragraph 4(f), the entities and persons listed on Schedule A agree that they will cooperate in good faith and work with the Debtors to formulate such a final claims trading order.

5. Any notice required by the proposed order to be served by Substantial Claimholders (as defined in the proposed order), if effected prior to the filing of a proof of claim by a Substantial Claimholder, will not limit the right of a creditor to assert any and all claims, whether or not such claims are in addition to or differ from those listed on the notice, in a proof of claim filed in accordance with any future orders of this Court.

6. The Debtors may waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notification procedures contained in this Order.

7. The Debtors shall serve a notice of the entry of this Order setting forth the procedures authorized herein substantially in the form annexed hereto as Exhibit 3 (the "Notice of Order") on (a) the Office of the United States Trustee, (b) counsel to any statutory committee appointed in these cases, (c) counsel to the agents for the prepetition and postpetition lenders, (d) the Debtors' 50 largest secured creditors, (e) the indenture trustees or transfer agents for any class of common stock of Delphi or any bonds or debentures of the Debtors, (f) the Securities and Exchange Commission, and (g)

the Internal Revenue Service. Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid. Additionally, the Debtors shall publish the Notice of Order in the Wall Street Journal. No further notice of entry of this Order need be served by the Debtors.

8. Any indenture trustee(s) or transfer agent(s) for any bonds or debentures of the Debtors or any stock of Delphi having notice hereof shall provide such Notice of Order to all holders of such bonds or debentures in excess of $50,000,000 or stock in excess of 7,000,000 shares registered with such indenture trustee or transfer agent; provided that, if any indenture trustee or transfer agent provides the Debtors with the name and addresses of all holders of such bonds, debentures, or stock, the Debtors shall deliver the Notice of Order to such holders. Any such registered holder must, in turn, provide such Notice of Order to any holder for whose account such registered holder holds such bonds or debentures in excess of $50,000,000 or stock in excess of 7,000,000 shares, and so on down the chain of ownership. Except in the case of transfers exempted under paragraph 4(f) of this Order, any person or entity or broker or agent acting on their behalf which sells claims against the Debtors in the aggregate principal amount of at least $10,000,000 to another person or entity shall provide notification of the existence of this Order or its contents to such purchaser of such claims or to any broker or agent acting on such purchaser's behalf, to the extent reasonably feasible.

9. Any person or entity or broker or agent acting on such person or entity's behalf who sells an aggregate amount of at least 2,000,000 shares of stock of Delphi, or an option with respect thereto, to another person or entity shall provide a copy

of the Notice of Order to such purchaser of such stock or to any broker or agent acting on such purchaser's behalf.

10. This Order shall be effective until the court issues a final order with provisions with respect to claims trading described in paragraph 4(f).

11. The requirements set forth in this Order are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

12. The requirement of Local Bankruptcy Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
         October 12, 2005

                                                /s/ ROBERT D. DRAIN
                                               UNITED STATES BANKRUPTCY JUDGE

## SCHEDULE A

Citigroup Inc.
Lehman Brothers Inc.
Merrill Lynch & Co.
Morgan Stanley & Co.
Credit Suisse First Boston
JPMorgan Chase & Co.
Bear Stearns Companies Inc.
The Goldman Sachs Group, Inc.