# EXHIBIT C



**U.S. Department of Justice**

Office of the United States Trustee

*Region 2/Southern District of New York*

33 Whitehall Street, Suite 2100          Phone: 212-510-0500
New York, NY 10004                       Fax:  212-668-2255

October 8, 2005

To the largest unsecured creditors of:

### *DELPHI CORP., et al.*, Case No. 05-44481 (jointly administered)

**NOTICE IS HEREBY GIVEN** that the Office of the United States Trustee for the Southern District of New York will hold an organizational meeting for unsecured creditors in the above-referenced bankruptcy case on **Monday, October 17, 2005, at 11:00 a.m. (E.S.T.)** at the following location:

**Marriott Marquis New York – Astor Ballroom
Times Square, 1535 Broadway
New York 10036
(212.398.1900)**

The sole purpose of the meeting will be to form a committee or committees of unsecured creditors in this case.  This is not the meeting of creditors pursuant to Section 341 of the Bankruptcy Code.  However, a representative of the Debtor will attend and provide background information regarding the case.

If you wish to be considered for membership on any committee that is formed, please complete the enclosed "CREDITORS COMMITTEE ACCEPTANCE FORM" and return it to the Office of the United States Trustee via facsimile, Attention: Alicia M. Leonhard, Trial Attorney, no later than 12:00 noon on Thursday, October 13, 2005.  Please send a representative to the organizational meeting who is authorized to act on your behalf.

If you do not wish to serve on a creditors committee, your presence at the meeting is not required.  Please note that your presence at this meeting is not required for the purpose of submitting a claim against the Debtor.

Very truly yours,

DEIRDRE A. MARTINI
UNITED STATES TRUSTEE

By: /s/ Alicia M. Leonhard
    Alicia M. Leonhard
    Trial Attorney

**OFFICE OF THE UNITED STATES TRUSTEE FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
**33 Whitehall Street, 21st Floor**
**New York, New York  10004**
**Tel. No. (212) 510-0500**
**Fax No. (212) 668-2255**

AML

**CREDITORS' COMMITTEE ACCEPTANCE FORM**

Re:    ***DELPHI CORP., et al.*, CASE NO. 05-44481 (jointly administered)**

**PLEASE TYPE OR PRINT NEATLY AND CLEARLY:**

The undersigned creditor is willing to serve on the Committee of Unsecured Creditors of the Debtors:

A.    UNSECURED CREDITOR'S NAME, ADDRESS, TELEPHONE AND TELECOPY NUMBERS:

_____

_____

B.    NAME OF COUNSEL (if any) FOR CREDITOR, ADDRESS, TELEPHONE AND TELECOPY NUMBERS:

_____

_____

C.    IF YOU ARE REPRESENTED BY COUNSEL, DOES YOUR ATTORNEY REPRESENT ANY OTHER PARTIES IN THIS CASE. Please check one of the following:  ____ YES. ___ NO. ____ I DO NOT KNOW.

D.    PLEASE INDICATE WHETHER YOU HAVE GIVEN A PROXY TO YOUR ATTORNEY IN CONNECTION WITH YOUR CLAIM.    ____ YES. ___ NO.  (If you have given a proxy to your attorney, please provide a photocopy of the proxy to the United States Trustee along with this creditor committee acceptance form on or before the organizational meeting.)

F.    AMOUNT OF UNSECURED CLAIM:    $_____.

G.    TO DATE, HAVE YOU OR YOUR ATTORNEY ENTERED INTO A SETTLEMENT AGREEMENT WITH THE DEBTOR REGARDING RESOLUTION OF YOUR CLAIM? ____ YES. ___ NO.

H.      TYPE OF CLAIM.  PLEASE CHECK ONE OF THE FOLLOWING: _____ TRADE. _____ BOND. _____ OTHER.  IF YOU ANSWERED "OTHER", PLEASE DESCRIBE THE NATURE OF YOUR CLAIM BELOW.

_____

I.      ARE YOU A HOLDER OF A CLAIM ARISING OUT OF YOUR ROLE AS AN OFFICER OR DIRECTOR OF THE DEBTOR. ____ YES. ___ NO.  IF YOUR ANSWER IS YES, PLEASE INDICATE THE POSITION: _____

J.      ARE YOU RELATED TO AN OFFICER OR DIRECTOR OF THE DEBTOR, OR A PERSON IN CONTROL OF THE DEBTOR.    ____ YES. ___ NO.  IF YOUR ANSWER IS YES, PLEASE DESCRIBE THE RELATIONSHIP:

_____

K.      ARE YOU SITTING ON ANY UNOFFICIAL AD HOC COMMITTEE[S] OR OFFICIAL EQUITY OR UNSECURED CREDITORS' COMMITTEE[S] IN ANY OTHER BANKRUPTCY CASES OF DEBTORS IN THE SAME INDUSTRY AS DELPHI? ____ YES. ____NO.
IF YES, PLEASE STATE THE NAME AND NUMBER OF THE CASE, THE TYPE OF COMMITTEE, AND THE COURT IN WHICH THE CASE IS PENDING

_____

L.      PLEASE CLARIFY WHETHER YOUR COUNSEL REPRESENTS ANY PARTY SITTING ON ANY COMMITTEES IN ANY OTHER BANKRUPTCY CASES OF DEBTORS IN THE SAME INDUSTRY AS DELPHI? ____ YES. ____NO.
IF YES, PLEASE STATE THE NAME AND NUMBER OF THE CASE, THE TYPE OF COMMITTEE, AND THE COURT IN WHICH IT IS PENDING

_____

**DATE:** _____
**SIGNATURE:** _____
**PRINT NAME AND TITLE OF**
**PERSON COMPLETING FORM:** _____

•       KINDLY ANSWER ALL QUESTIONS SO THAT THIS FORM CAN BE PROCESSED PROPERLY WITHOUT DELAY.
•       **PLEASE RETURN TO THE UNITED STATES TRUSTEE BY TELECOPIER, ATTN: ALICIA M. LEONHARD, TRIAL ATTORNEY, BY 12:00 P.M. ON THURSDAY, OCTOBER 13, 2005.**
•       THIS IS NOT A PROOF OF CLAIM FORM.  PROOFS OF CLAIM ARE FILED WITH THE CLERK OF THE BANKRUPTCY COURT, NOT WITH THE UNITED STATES TRUSTEE.

# **EXHIBIT D**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
     In re                           :     Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :     Case No. 05-44481
                                          :
                      Debtors.                     :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BRIDGE ORDER UNDER 11 U.S.C. §§ 105 AND 363(b), 1107, AND 1108 AUTHORIZING
PAYMENT OF CERTAIN PREPETITION (I) SHIPPING AND
DELIVERY CHARGES FOR GOODS IN TRANSIT AND (II) CUSTOMS DUTIES

("SHIPPING AND CUSTOMS BRIDGE ORDER")

Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day

Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1] debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other

things, entry of a bridge order under sections 105, 363(b), 1107, and 1108 of title 11 of the

---

[1]       In addition to Delphi, the following entities are debtors in these related cases:  ASEC
Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco
Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi
Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human
Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive
Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems
Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi
Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi
Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems,
Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales
Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings
Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi
LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation,
Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation,
Delphi NY Holding Corporation, Delphi Services Holding Corporation, Delphi
Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems
Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and
Specialty Electronics International Ltd.

United States Code, 11 U.S.C. §§ 101 - 1330 (as amended, the "Bankruptcy Code"), granting the

relief requested in the Debtors' Motion For Order Under 11 U.S.C. §§ 105 And 363(B)

Authorizing Payment Of Certain Prepetition (I) Shipping And Delivery Charges For Goods In

Transit And (II) Customs Duties dated October 8, 2005 (the "Motion"), on an interim basis

pending this Court's disposition of the Motion on its merits after notice and a hearing; and this

Court having determined that it has jurisdiction over the matters raised in the Expedited Hearing

Motion and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, this is a core proceeding under

28 U.S.C. § 157(b)(2), and the relief requested in the Expedited Hearing Motion and the Motion

is essential to the continued operations of the Debtors' businesses and is in the best interests of

the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that

proper and adequate notice of the Expedited Hearing Motion has been given and that no other or

further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Debtors are authorized but not directed to make such payments to

(a) domestic and foreign commercial common carriers, movers, shippers, freight

forwarders/consolidators, delivery services, customs brokers, shipping auditing services,

deconsolidators, distributors, logistics management companies, and certain other third party

service providers (collectively, the "Shippers") and (b) third party warehouses (collectively, the

"Warehousemen") as the Debtors determine, in the exercise of their business judgment, to be

necessary or appropriate to obtain the release of raw materials, parts, components, certain

finished goods, indirect materials, tooling, machinery, and equipment held by such Shippers

and Warehousemen (such payments, the "Shipping and Warehousing Charges").

2.    With respect to any payments that are made on account of prepetition obligations, in return for payment of the Shipping and Warehousing Charges in the ordinary course of business, unless otherwise waived by the Debtors, in their sole discretion, the Shippers and Warehousemen shall (a) continue to provide services to the Debtors during the pendency of these chapter 11 cases on the most favorable terms that existed prior to October 8, 2005 (the "Petition Date") and (b) agree that they shall not be permitted to cancel on less than 90-days notice any contract or agreement pursuant to which they provide services to the Debtors.  If any Shipper or Warehouseman then accepts payment pursuant to this Order on account of a prepetition obligation of the Debtors and thereafter does not continue to provide services to the Debtors on the most favorable prepetition trade terms, any payments made under this Order shall be deemed an avoidable postpetition transfer under section 549 of the Bankruptcy Code, as amended, and therefore shall be recoverable by the Debtors in cash upon written request.  Upon recovery by the Debtors, the claim shall be reinstated as a prepetition claim in the amount so recovered.  Nothing in this paragraph, however, shall preclude a Shipper or Warehouseman from contesting such treatment by making a written request to the Debtors to schedule a hearing before this Court, which hearing the Debtors shall set for the next regularly-scheduled omnibus hearing date occurring more than ten days after the date of such Shipper's or Warehouseman's request.

3.    The Debtors are authorized but not directed to obtain written verification, before issuing payment hereunder, that a Shipper and Warehouseman shall (a) continue to provide services to the Debtors during the pendency of these chapter 11 cases on the most favorable terms that existed prior to Petition Date and (b) agree that they shall not be permitted to cancel on less than 90-days notice any contract or agreement pursuant to which they provide

services to the Debtors, _provided_, _however_, that the absence of such written verification shall not limit the Debtors' rights hereunder.

4.    The Debtors and their customs brokers, as Debtors' agents, are hereby authorized but not directed to make payments to the U.S. Customs Border Protection Agency and to non-U.S. customs authorities in satisfaction of prepetition customs duties and other incidental import expenses.

5.    All applicable banks and other financial institutions are hereby authorized and directed to receive, process, honor, and pay any and all checks and electronic transfers evidencing amounts paid by the Debtors pursuant to the Motion, whether they were issued before or after the Petition Date.

6.    Nothing herein shall be deemed (a) an assumption, adoption, or authorization to assume any contracts or other agreements with any of the Shippers or Warehousemen pursuant to 11 U.S.C. § 365, (b) a requirement that the Debtors make any of the payments authorized herein, or (c) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

7.    Notwithstanding any provision of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon signature.

8.    This Order is effective only through the conclusion of the first-day motion hearing, unless otherwise extended by the case-assigned Judge.  This Court's ultimate disposition of the Motion shall not impair any action taken pursuant to this Order.

9.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

10.  The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          October 8, 2005


                              *s/ Arthur J. Gonzalez*
                              UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT E

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
     In re                              :     Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :     Case No. 05-44481
                                          :
                    Debtors.     :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BRIDGE ORDER UNDER 11 U.S.C. §§ 363 AND 553 AUTHORIZING (I) CONTINUED
MAINTENANCE OF EXISTING BANK ACCOUNTS, (II) CONTINUED USE OF EXISTING
CASH MANAGEMENT SYSTEM, (III) CONTINUED USE OF EXISTING BUSINESS
FORMS, (IV) PRESERVATION AND EXERCISE OF INTERCOMPANY
SETOFF RIGHTS, AND (V) GRANT OF ADMINISTRATIVE PRIORITY
<u>STATUS FOR POSTPETITION INTERCOMPANY TRANSACTIONS</u>

("CASH MANAGEMENT BRIDGE ORDER")

Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day Motions" and

(II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1] debtors and debtors-in-

---

[1]     In addition to Delphi, the following entities are debtors in these related cases:  ASEC
Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco
Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi
Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human
Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive
Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems
Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi
Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi
Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems,
Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales
Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings
Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi
LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation,
Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation,
Delphi NY Holding Corporation, Delphi Services Holding Corporation, Delphi
Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems
Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and
Specialty Electronics International Ltd.

possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other

things, entry of a bridge order granting the relief requested in the Debtors' Motion For Order

Under 11 U.S.C. § 363 And 553 Authorizing (I) Continued Maintenance Of Existing Bank

Accounts, (II) Continued Use Of Existing Cash Management Systems, (III) Continued Use Of

Existing Business Forms, (IV) Preservation And Exercise Of Intercompany Setoff Rights, And

(V) Grant Of Administrative Priority Status For Postpetition Intercompany Transactions, dated

October 8, 2005 (the "Motion"), on an interim basis pending this Court's disposition of the

Motion on its merits after notice and a hearing; and this Court having determined that it has

jurisdiction over the matters raised in the Expedited Hearing Motion and the Motion pursuant to

28 U.S.C. §§ 157 and 1334, this is a core proceeding under 28 U.S.C. § 157(b)(2), and the relief

requested in the Expedited Hearing Motion and the Motion is essential to the continued

operations of the Debtors' businesses and is in the best interests of the Debtors, their estates, their

creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the

Expedited Hearing Motion has been given and that no other or further notice is necessary; and

after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

A.    Maintenance Of Bank Accounts.

1.    Pursuant to section 363 of the Bankruptcy Code, the Debtors, in their
discretion, are authorized and empowered to:  (a) designate, maintain, and
continue to use any and all of their respective miscellaneous depository,
receipt, concentration, payroll disbursement, and nonpayroll disbursement
accounts (collectively, the "Prepetition Bank Accounts" or "Bank
Accounts") in existence as of October 8, 2005 (the "Petition Date"), with
the same account numbers, including, without limitation, the accounts
identified in Exhibit A attached to the Motion at the financial institutions
identified therein (collectively, the "Banks"), irrespective of whether such
financial institutions are designated depositories in the Southern District of
New York and (b) treat the Bank Accounts for all purposes as accounts of
the Debtors in their capacity as debtors-in-possession.

B.      Use Of Business Forms

2.      The Debtors have agreed to alter their business checks to insert the legend "Debtor-in-Possession" as soon as practicable during the existence of this bridge Order.

C.      Cash Management Systems

3.      The Debtors are authorized to continue to use their existing cash management systems, as generally delineated in the flow charts attached as Exhibit B to the Motion, and shall maintain through the use thereof detailed records reflecting all transfers of funds, including intercompany services and corresponding transfers among appropriate intercompany accounts (collectively, the "Intercompany Transactions"), under the terms and conditions provided for by the existing agreements with the institutions participating in the Debtors' cash management systems, except as modified by this Order.  In connection with the ongoing utilization of their cash management systems, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions, including Intercompany Transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts.

4.      After the Petition Date, and subject to the terms of this Order, all banks at which the Bank Accounts are maintained are authorized and directed to continue to administer the Bank Accounts as such accounts were maintained prepetition, without interruption and in the usual and ordinary course, and to pay any and all checks, wire transfers, automated clearing house ("ACH") transfers, electronic fund transfers, or other items presented, issued, or drawn on the Bank Accounts; provided, however, that unless otherwise ordered by this Court, no checks, wire transfers, drafts, ACH transfers (excluding any ACH transfer the banks are obligated to settle), or other items presented, issued, or drawn on the Bank Accounts prior to the Petition Date shall be honored.

5.      Each Bank at which a disbursement account is maintained shall implement reasonable handling procedures designed to effectuate the terms of this Order.  No Bank that implements such handling procedures and then honors a prepetition check or other item drawn on any account that is the subject of this Order either (a) at the direction of the Debtors to honor such prepetition check or item or (b) in good faith belief that this Court has authorized such prepetition check or item to be honored or (c) as a result of an innocent mistake made despite implementation of such handling procedures, shall be deemed to be liable to the Debtors or their estates or otherwise in violation of this Order.

6.      Subject to the provisions of this Order, the banks are authorized and directed to honor all representations from the Debtors as to which checks

should be honored or dishonored and any final payment made by a Bank prior to the Petition Date (including any ACH transfer the banks are or become obligated to settle) against any of the Bank Accounts, or any instrument issued by a Bank on behalf of any Debtor pursuant to a "midnight deadline" or otherwise, shall be deemed to be paid prepetition, whether or not actually debited from the Bank Accounts prepetition.

7.    All third party service providers with whom the Debtors directly or indirectly have contracted to provide services in connection with the operation of their cash management systems are authorized and directed to continue to provide to the Debtors those services they provided prior to the Petition Date until further order of this Court.

8.    The Debtors are authorized, from and after the Petition Date, to continue to engage in the Intercompany Transactions in the ordinary course of the Debtors' businesses.

9.    All intercompany claims for trade indebtedness and intercompany loans incurred in the ordinary course of business by and among the Debtors and any of their non-Debtor affiliates arising after the Petition Date are accorded administrative priority status pursuant to section 507(a)(1) of the Bankruptcy Code.

10.    The Debtors are hereby authorized to execute any additional documents as may be required to carry out the intent and purpose of this Order.

11.    This Order is effective only through the conclusion of the first-day motion hearing, unless otherwise extended by the case-assigned Judge.  This Court's ultimate disposition of the Motion shall not impair any action taken pursuant to this Order.

12.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

13.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
October 8, 2005

s/ Arthur J. Gonzalez
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT F**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                   :

In re                     :     Chapter 11

                   :

DELPHI CORPORATION, et al.,    :     Case No. 05-44481

                   :

             Debtors.   :

                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BRIDGE ORDER UNDER 11 U.S.C. § 345
AUTHORIZING CONTINUED USE OF EXISTING INVESTMENT GUIDELINES

("INVESTMENT GUIDELINES BRIDGE ORDER")

Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day

Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of

Delphi Corporation (Delphi) and certain of its subsidiaries and affiliates,[1] debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other

things, entry of a bridge order granting the relief requested in the Debtors' Motion For Order

Under 11 U.S.C. § 345 Authorizing Continued Use Of Existing Investment Guidelines dated

---

[1]     In addition to Delphi, the following entities are debtors in these related cases: ASEC
Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco
Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi
Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human
Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive
Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems
Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi
Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi
Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems,
Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales
Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings
Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi
LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation,
Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation,
Delphi NY Holding Corporation, Delphi Services Holding Corporation, Delphi
Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems
Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and
Specialty Electronics International Ltd.

October 8, 2005 (the "Motion"), on an interim basis pending this Court's disposition of the

Motion on its merits after notice and a hearing; and this Court having determined that it has

jurisdiction over the matters raised in the Expedited Hearing Motion and the Motion pursuant to

28 U.S.C. §§ 157 and 1334, this is a core proceeding under 28 U.S.C. § 157(b)(2), and the relief

requested in the Expedited Hearing Motion and the Motion is essential to the continued

operations of the Debtors' businesses and is in the best interests of the Debtors, their estates, their

creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the

Expedited Hearing Motion has been given and that no other or further notice is necessary; and

after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      Cause exists for waiving the investment and deposit requirements set forth

in section 345(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the

"Bankruptcy Code"), and the Debtors' obligation to comply with that section is hereby waived.

The Debtors are authorized to continue to invest monies of their estates in accordance with their

existing investment guidelines attached to the Motion as Exhibit A (the "Investment

Guidelines").  Pursuant to the Investment Guidelines, the Debtors will continue to invest their

cash in their sole discretion in accordance with the Investment Guidelines and in accordance

with section 345 of the Bankruptcy Code.

2.      The Debtors' compliance with the Investment Guidelines shall be deemed

to constitute compliance with section 345 of the Bankruptcy Code and the Debtors are relieved

of the obligations under section 345(b) of the Bankruptcy Code to obtain a bond from any

entity with which money is deposited or invested in accordance with the Investment

Guidelines.

3.      The Debtors are hereby authorized to execute any additional documents as

may be required to carry out the intent and purpose of this Order.

2

4.      This Order is effective only through the conclusion of the first-day motion hearing, unless otherwise extended by the case-assigned Judge.  This Court's ultimate disposition of the Motion shall not impair any action taken pursuant to this Order.

5.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

6.      The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:      New York, New York
            October 8, 2005


                                    *s/ Arthur J. Gonzalez*
                            UNITED STATES BANKRUPTCY JUDGE

# **<u>EXHIBIT G</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                         :
      In re                              :    Chapter 11
                                         :
DELPHI CORPORATION, et al.,              :    Case No. 05-44481
                                         :
                    Debtors.       :
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BRIDGE ORDER UNDER 11 U.S.C. §§ 105(a), 363, 507, 1107, AND 1108 (I)
AUTHORIZING DEBTORS TO PAY PREPETITION WAGES AND SALARIES TO
EMPLOYEES AND INDEPENDENT CONTRACTORS,
(II) AUTHORIZING DEBTORS TO PAY PREPETITION BENEFITS AND CONTINUE
MAINTENANCE OF HUMAN CAPITAL BENEFIT PROGRAMS IN ORDINARY COURSE,
AND (III) DIRECTING BANKS TO HONOR PREPETITION CHECKS FOR
PAYMENT OF PREPETITION HUMAN CAPITAL OBLIGATIONS

("HUMAN CAPITAL OBLIGATIONS BRIDGE ORDER")

Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day

Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1] debtors and debtors-

---

[1]      In addition to Delphi, the following entities are debtors in these related cases:  ASEC
Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco
Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi
Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human
Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive
Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems
Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi
Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi
Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems,
Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales
Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings
Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi
LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation,
Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation,
Delphi NY Holding Corporation, Delphi Services Holding Corporation, Delphi
Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems

in-possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other

things, entry of a bridge order under sections 105(a), 363, 507, 1107, and 1108 of title 11 of the

United States Code, 11 U.S.C. §§ 101 – 1330 (as amended, the "Bankruptcy Code"), granting the

relief requested in the Debtors' Motion For Order Under 11 U.S.C. §§ 105(a), 363, 507, 1107,

and 1108 (I) Authorizing Debtors To Pay Prepetition Wages And Salaries To Employees And

Independent Contractors, (II) Authorizing Debtors To Pay Prepetition Benefits And Continue

Maintenance Of Human Capital Benefit Programs In Ordinary Course, And (III) Directing

Banks To Honor Prepetition Checks For Payment Of Prepetition Human Capital Obligations,

dated October 8, 2005 (the "Motion"), on an interim basis pending this Court's disposition of the

Motion on its merits after notice and a hearing; and this Court having determined that it has

jurisdiction over the matters raised in the Expedited Hearing Motion and the Motion pursuant to

28 U.S.C. §§ 157 and 1334, this is a core proceeding under 28 U.S.C. § 157(b)(2), and the relief

requested in the Expedited Hearing Motion and the Motion is essential to the continued

operations of the Debtors' businesses and is in the best interests of the Debtors, their estates, their

creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the

Expedited Hearing Motion has been given and that no other or further notice is necessary; and

after due deliberation thereon; and good and sufficient appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Debtors are authorized but not directed to pay or otherwise honor the

Debtors' various human capital benefit plans and programs, the most significant of which are

described in the Motion (collectively, the "Prepetition Human Capital Obligations"), as described

in the Motion, to, or for the benefit of, the Debtors' domestic active and inactive employees, any

Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and
Specialty Electronics International Ltd.

independent contractors, including those provided by employee supplier agreements, who

currently are under formal or informal contracts (collectively, and solely for the purposes of the

Motion, the "Employees"), and those prepetition claims on account of health and pension

benefits to be provided to any of the Debtors' retirees and their surviving spouses (collectively,

the "Retirees"), and to continue each of the foregoing Employee programs in the ordinary course

of business; provided, however, that such payment, continuance of such Employee program,

other honoring of such Prepetition Human Capital Obligations, or entry of this Order shall not

make such obligations administrative expenses of the estates entitled to priority status under

sections 503 and 507 of the Bankruptcy Code.

> 2.      The financial institutions upon which any checks are drawn in payment of

the Prepetition Human Capital Obligations, either before, on, or after the date on which the

Debtors filed these chapter 11 cases, are hereby authorized and directed to honor, upon

presentation, any such checks.

> 3.      Such financial institutions are authorized and directed to rely upon the

representations of the Debtors as to which checks are in payment of the Prepetition Human

Capital Obligations.

> 4.      The Debtors may pay all federal, state, local, and foreign income

withholding, payroll, employment, unemployment, social security, and similar taxes (including,

but not limited to, taxes relating to the Federal Insurance Contributions Act ("FICA")) whether

withheld from Employees' wages or paid directly by the Debtors to governmental authorities, as

well as other Employee withholdings including, but not limited to, pension plan contributions,

union dues, charitable contributions, and garnishment contributions, if any.

5.      The Debtors are authorized but not directed to pay any and all costs incident to maintaining or paying third parties to maintain and provide record-keeping relating to the various Employee benefit programs and any trusts related thereto that may be outstanding as of the Petition Date in the ordinary course of business.

6.      Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Order.

7.      Neither the provisions of this Order, nor any payments made by the Debtors pursuant to the Motion or this Order, shall be deemed to change the classification of any claim or to in any way change the rights or create new rights of any Employee or other person, including, without limitation, the creation of any right to payment entitled to administrative expense priority pursuant to sections 503 and 507 of the Bankruptcy Code.

8.      Notwithstanding any provision of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon signature.

9.      This Order is effective only through the conclusion of the first-day motion hearing, unless otherwise extended by the case-assigned Judge.  This Court's ultimate disposition of the Motion shall not impair any action taken pursuant to this Order.

10.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

11.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for
the United States Bankruptcy Court for the Southern District of New York for the service and
filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          October 8, 2005


                                                  *s/ Arthur J. Gonzalez*
                                         UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT H**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
     In re                            :      Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :      Case No. 05-44481
                                            :
            Debtors.          :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BRIDGE ORDER UNDER 11 U.S.C. §§ 361, 362, AND 363 AUTHORIZING USE OF
CASH
COLLATERAL AND ADEQUATE PROTECTION TO PREPETITION SECURED
PARTIES

("CASH COLLATERAL BRIDGE ORDER")

        Upon the motion for (I) Order Scheduling Expedited Hearing on "First

Day Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing

Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1]

---

[1]     In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holding Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"), seeking, among other things, entry of a bridge order under sections 361, 362,

and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1330 (as amended, the

"Bankruptcy Code"), granting the relief requested in the Debtors' Motion For Orders

Under U.S.C. §§ 361, 362, 363, 364(c), And 364(d) (I) Authorizing Debtors To Obtain

Secured Postpetition Financing On A Superpriority Secured And Priming Basis, (II)

Authorizing Use Of Cash Collateral, (III) Granting Adequate Protection To Prepetition

Lenders, (IV) Granting Interim Relief, And (V) Scheduling A Final Hearing Under Fed.

R. Bankr. P. 4001(c) dated October 8, 2005 (the "Motion"), on an interim basis pending

this Court's disposition of the Motion on its merits after notice and a hearing; and this

Court having determined that it has jurisdiction over the matters raised in the Expedited

Hearing Motion and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, this is a core

proceeding under 28 U.S.C. § 157(b)(2), and the relief requested in the Expedited

Hearing Motion and the Motion is essential to the continued operations of the Debtors'

businesses and is in the best interests of the Debtors, their estates, their creditors, and

other parties-in-interest; and it appearing that proper and adequate notice of the Expedited

Hearing Motion has been given and that no other or further notice is necessary; and after

due deliberation thereon; and good and sufficient appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

    1.   The Debtors are authorized to use the cash collateral and all other

collateral of the prepetition secured lenders solely in the ordinary course of business in

order to maintain and finance their ongoing operations in the ordinary course of their

business.

2.      The prepetition secured lenders are hereby granted, as adequate

protection for any diminution in the value of their interest in Debtors' property,

including the cash collateral, a replacement lien on all property of the Debtors acquired

after the date of filing of the chapter 11 petitions (the "Petition Date") that would have

constituted "Collateral" (as defined in the prepetition loan documents) but for the

operation of section 552(a) of the Bankruptcy Code as to which the prepetition liens of

the secured lenders were properly perfected prior to the Petition Date and which

replacement liens shall be deemed perfected as of the entry of this Order without the

necessity of any further action by any party.

3.      The Debtors are hereby authorized to execute any additional

documents as may be required to carry out the intent and purpose of this Order.

4.      Notwithstanding any provision of the Bankruptcy Code or the

Federal Rules of Bankruptcy Procedure to the contrary, this Order shall take effect

immediately upon signature.

5.      This Order is effective only through the conclusion of the first-day

motion hearing, unless otherwise extended by the case-assigned Judge.  This Court's

ultimate disposition of the Motion shall not impair any action taken pursuant to this

Order.

6.      This Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order.

7.      The requirement under Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York for

the service and filing of a separate memorandum of law is deemed satisfied by the

Motion.

Dated:      New York, New York
            October 8, 2005


                                        *s/ Arthur J. Gonzalez*
                                        UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT I**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                          :
        In re                             :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :        Case No. 05-44481
                                          :
                        Debtors.          :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

BRIDGE ORDER UNDER 11 U.S.C. §§ 105, 363, 1107, AND 1108 AND FED. R.
BANKR. P. 4001 AUTHORIZING DEBTORS TO ENTER INTO, CONTINUE
PERFORMANCE UNDER,
AND PROVIDE CREDIT SUPPORT UNDER DERIVATIVE CONTRACTS

("DERIVATIVE CONTRACTS BRIDGE ORDER")

Upon the motion for (I) Order Scheduling Expedited Hearing on "First

Day Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing

Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1]

---

[1]    In addition to Delphi, the following entities are debtors in these related cases:
       ASEC Manufacturing General Partnership, ASEC Sales General Partnership,
       Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive
       Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc.,
       Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems
       International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive
       Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi
       Automotive Systems Risk Management Corp., Delphi Automotive Systems
       Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive
       Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi
       Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales
       Corporation, Delphi Integrated Service Solutions, Inc., Delphi International
       Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding
       Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical
       Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi
       Medical Systems Texas Corporation, Delphi NY Holding Corporation, Delphi
       Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc.,
       Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes
       Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics
       International Ltd.

debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"), seeking, among other things, entry of a bridge order under sections 105, 363,

1107, and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101- 1330 (as

amended, the "Bankruptcy Code"), granting the relief requested in the Debtors' Motion

For Order Under 11 U.S.C. §§ 105, 363, 1107, And 1108 And Fed. R. Bankr. P. 4001

Authorizing Debtors To Enter Into, Continue Performance Under, And Provide Credit

Support Under Derivative Contracts dated October 8, 2005 (the "Motion"), on an interim

basis pending this Court's disposition of the Motion on its merits after notice and a

hearing; and this Court having determined that it has jurisdiction over the matters raised

in the Expedited Hearing Motion and the Motion pursuant to 28 U.S.C. §§ 157 and 1334,

this is a core proceeding under 28 U.S.C. § 157(b)(2), and the relief requested in the

Expedited Hearing Motion and the Motion is essential to the continued operations of the

Debtors' businesses and is in the best interests of the Debtors, their estates, their creditors,

and other parties-in-interest; and it appearing that proper and adequate notice of the

Expedited Hearing Motion has been given and that no other or further notice is necessary;

and after due deliberation thereon; and good and sufficient cause appearing therefor, it is

hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    Pursuant to sections 105, 363, 1107, and 1108 of the Bankruptcy

Code, the Debtors are authorized but not directed to honor their existing prepetition

financial contracts, the values of which are based on the price of a traditional security

such as a stock or bond, as asset such as a commodity or currency, or a market index

(collectively, the "Derivative Contracts") in accordance with their past practices, and to

2

continue "rolling over," adjusting and settling, from time to time, Derivative Contracts,

without further order of this Court.

2.          Pursuant to sections 105, 363, 1107, and 1108 of the Bankruptcy

Code, the Debtors are authorized but not directed to perform all such other actions

necessary or appropriate to implement, execute, and perform under the Derivative

Contracts, including, but not limited to, posting collateral or margin, and delivery of

settlement, on account of Derivative Contracts, without further order of this Court.

Notwithstanding any provision of the Bankruptcy Code or the Federal Rules of

Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon

signature.

3.          This Order is effective only through the conclusion of the first-day

motion hearing, unless otherwise extended by the case-assigned Judge.  This Court's

ultimate disposition of the Motion shall not impair any action taken pursuant to this

Order.

4.          This Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order.

5.          The requirement under Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York for

the service and filing of a separate memorandum of law is deemed satisfied by the

Motion.

Dated:      New York, New York
            October 8, 2005

_s/ Arthur J. Gonzalez_
UNITED STATES BANKRUPTCY JUDGE

# **<u>EXHIBIT J</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :
      In re                        :        Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :        Case No. 05-44481
                                    :
                 Debtors.        :
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BRIDGE ORDER UNDER 11 U.S.C. §§ 105(a), 363, 1107, AND 1108
AUTHORIZING THE DEBTORS TO HONOR PREPETITION OBLIGATIONS TO
CUSTOMERS AND TO OTHERWISE CONTINUE CUSTOMER PROGRAMS
IN ORDINARY COURSE OF BUSINESS

("CUSTOMER PROGRAMS BRIDGE ORDER")

      Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day

Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1] debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other

---

[1]      In addition to Delphi, the following entities are debtors in these related cases:  ASEC
Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco
Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi
Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human
Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive
Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems
Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi
Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi
Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems,
Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales
Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings
Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi
LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation,
Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation,
Delphi NY Holding Corporation, Delphi Services Holding Corporation, Delphi
Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems
Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and
Specialty Electronics International Ltd.

things, entry of a bridge order granting the relief requested in the granting the relief requested in

the Debtors' Motion For Order Under 11 U.S.C. §§ 105(a), 363, 1107, and 1108 Authorizing

Debtors To Honor Prepetition Obligations To Customers And To Otherwise Continue Customer

Programs In Ordinary Course Of Business dated October 8, 2005 (the "Motion"), on an interim

basis pending this Court's disposition of the Motion on its merits after notice and a hearing; and

this Court having determined that it has jurisdiction over the matters raised in the Expedited

Hearing Motion and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, this is a core proceeding

under 28 U.S.C. § 157(b)(2), and the relief requested in the Expedited Hearing Motion and the

Motion is essential to the continued operations of the Debtors' businesses and is in the best

interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it

appearing that proper and adequate notice of the Expedited Hearing Motion has been given and

that no other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Debtors be, and they hereby are, authorized but not directed in

their business judgment, to perform certain of their prepetition obligations related to certain

customer programs (collectively, the "Customer Programs") as they determine advisable.

2.      Nothing contained in the Motion or in this Order shall be deemed

to constitute an approval, assumption or rejection of any executory contract or agreement

between the Debtors and any third party.

3.      Nothing contained in the Motion or in this Order shall constitute,

or shall be construed as, an admission by the Debtors that the full term of the Debtors' prepetition

warranty programs which provide that the components supplied to the Debtors' original

equipment manufacturer ("OEM") customers and integrated into such customers' products, or the

2

service parts supplied to the Debtors' original equipment manufacturer customers, will be, <u>inter</u>

<u>alia</u>, free from defects in material and workmanship is enforceable.

       4.      Notwithstanding the relief granted herein and any actions taken

hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance

the status of any claim held by, any person.

       5.      This Order is effective only from the date of entry through the

conclusion of the first-day motion hearing, unless otherwise extended by the case-assigned

Judge.  This Court's ultimate disposition of the Motion shall not impair any action taken pursuant

to this Order.

       6.      This Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order.

       7.      The requirement under Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York for the

service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:     New York, New York
            October 8, 2005

                            *s/ Arthur J. Gonzalez*
                         UNITED STATES BANKRUPTCY JUDGE

# **<u>EXHIBIT K</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                       :
    In re                    :     Chapter 11
                       :
DELPHI CORPORATION, et al.,  :     Case No. 05-44481
                       :
            Debtors.  :
                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### BRIDGE ORDER UNDER 11 U.S.C. § 503(b) CONFIRMING GRANT OF ADMINISTRATIVE EXPENSE STATUS TO OBLIGATIONS ARISING FROM POSTPETITION DELIVERY OF GOODS AND AUTHORIZING DEBTORS TO PAY SUCH OBLIGATIONS IN ORDINARY COURSE OF BUSINESS

### ("ADMINISTRATIVE EXPENSE BRIDGE ORDER")

Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1] debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other things, entry of a bridge order under sections 503(b) of title 11 of the United States Code, 11

---

[1]    In addition to Delphi, the following entities are debtors in these related cases:  ASEC Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holding Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

U.S.C. §§ 101 - 1330 (as amended the "Bankruptcy Code"), granting the relief requested in the

Debtors' Motion For Order Under 11 U.S.C. § 503(b) Confirming Grant Of Administrative

Expense Status To Obligations Arising From Postpetition Delivery Of Goods And Authorizing

The Debtors To Pay Such Obligations In Ordinary Course Of Business, dated October 8, 2005

(the "Motion"), on an interim basis pending this Court's disposition of the Motion on its merits

after notice and a hearing; and this Court having determined that it has jurisdiction over the

matters raised in the Expedited Hearing Motion and the Motion pursuant to 28 U.S.C. §§ 157

and 1334, this is a core proceeding under 28 U.S.C. § 157(b)(2), and the relief requested in the

Expedited Hearing Motion and the Motion is essential to the continued operations of the Debtors'

businesses and is in the best interests of the Debtors, their estates, their creditors, and other

parties-in-interest; and it appearing that proper and adequate notice of the Expedited Hearing

Motion has been given and that no other or further notice is necessary;  and after due deliberation

thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The subcontractors, suppliers, and vendors shall have administrative

expense priority claims under 11 U.S.C. § 503(b) for those undisputed obligations arising from

prepetition purchase orders outstanding on the Petition Date relating to materials, supplies,

goods, products, and related items received and accepted by the Debtors on or subsequent to the

Petition Date.

2.    The Debtors are authorized but not directed to honor or pay those

obligations arising from the postpetition delivery of goods ordered by the Debtors before the

Petition Date.  For purposes of this Order, goods shall be deemed to be delivered to the Debtors

postpetition (a) if possession or control of such goods is transferred to the Debtors on or after

the Petition Date or (b) if, pursuant to a contract or applicable nonbankruptcy law, risk of loss

of such goods passes to the Debtors on or after the Petition Date.

2

3.      The payment of an obligation arising from the Outstanding Orders shall not preclude the Debtors from contesting the validity of such amounts claimed to be due.

4.      Notwithstanding any provision of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon signature.

5.      Nothing contained in the Motion or in this Order shall be deemed to constitute an assumption, adoption, or rejection of any executory contract or agreement between the Debtors and any third party.

6.      This Order is effective only through the conclusion of the first-day motion hearing, unless otherwise extended by the case-assigned Judge.  This Court's ultimate disposition of the Motion shall not impair any action taken pursuant to this Order.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

8.      The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:      New York, New York
            October 8, 2005


                              s/ Arthur J. Gonzalez
                              UNITED STATES BANKRUPTCY JUDGE

3

# EXHIBIT L

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :
      In re                         :      Chapter 11
                                    :
DELPHI CORPORATION et al.,          :      Case No. 05-44481
                                    :
                  Debtors.          :
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BRIDGE ORDER UNDER 11 U.S.C. §§ 105(a) AND 363(b) AUTHORIZING (I) PAYMENT
OF PREPETITION OBLIGATIONS TO FOREIGN CREDITORS AND (II) FINANCIAL
INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS

("FOREIGN CREDITORS BRIDGE ORDER")

Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day

Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1] debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other

things, entry of a bridge order under sections 105 and 363 of title 11 of the United States Code,

---

[1]    In addition to Delphi, the following entities are debtors in these related cases:  ASEC
       Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco
       Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi
       Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human
       Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive
       Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems
       Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi
       Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi
       Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems,
       Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales
       Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings
       Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi
       LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation,
       Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation,
       Delphi NY Holding Corporation, Delphi Services Holding Corporation, Delphi
       Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems
       Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and
       Specialty Electronics International Ltd.

11 U.S.C. §§ 101 – 1330 (as amended the "Bankruptcy Code"), granting the relief requested in

the Debtors' Motion For Order Under 11 U.S.C. §§ 105(a) and 363(b) Authorizing (I) Payment

Of Prepetition Obligations To Foreign Creditors And (II) Financial Institutions To Honor And

Process Related Checks And Transfers Dated October 8, 2005 (the "Motion"), on an interim

basis pending this Court's disposition of the Motion on its merits after notice and a hearing; and

this Court having determined that it has jurisdiction over the matters raised in the Expedited

Hearing Motion and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, this is a core proceeding

under 28 U.S.C. § 157(b)(2), and the relief requested in the Expedited Hearing Motion and the

Motion is essential to the continued operations of the Debtors' businesses and is in the best

interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it

appearing that proper and adequate notice of the Expedited Hearing Motion has been given and

that no other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Debtors are hereby authorized, but not required, to pay, in their

discretion and in the ordinary course of business, as and when due, any claim held by a certain

vendors, service providers, regulatory agencies, and governments located in foreign

jurisdictions (collectively, the "Foreign Creditors"); provided, however, that the terms "Foreign

Creditor" and "Foreign Creditors" shall not include foreign vendors, service providers, or other

non-governmental entities if such entities are known to have assets within the United States that

would be subject to the jurisdiction of this Court and that would be available to satisfy a

judgment entered by this Court if such entities were to violate the automatic stay provisions of

section 362 of the Bankruptcy Code or otherwise take any action contrary to an order of this

Court or the provisions of the Bankruptcy Code; provided, further, however, that,

notwithstanding the foregoing clause, the terms "Foreign Creditor" and "Foreign Creditors"
shall include foreign vendors, service providers, or other entities that are located in
jurisdictions, including, without limitation, Brazil, where the Debtors' failure to pay such
entities' prepetition claims could cause such entity to lose its legal ability to export goods to the
Debtors.

2.      In return for payment of the Foreign Claims in the ordinary course of
business, unless otherwise waived by the Debtors in their sole discretion, the Foreign Creditors
are hereby required to continue to provide goods and services to the Debtors on the most
favorable terms in effect between such supplier and the Debtors in the twelve months prior to
the Petition Date or on such other favorable terms as the Debtors and the Foreign Creditor may
otherwise agree ("Customary Trade Terms").  The Customary Trade Terms shall apply for the
remaining term of the Foreign Creditor's agreement with the Debtors, as long as the Debtors
agree to pay for such goods in accordance with such terms.

3.      If any Foreign Creditor accepts payment on account of a prepetition
obligation of the Debtors and thereafter does not continue to provide services to the Debtors on
Customary Trade Terms, any payments made shall be deemed an avoidable postpetition transfer
under section 549 of the Bankruptcy Code and shall be recoverable by the Debtors in cash upon
written request.  Upon recovery by the Debtors, the claim shall be reinstated as a prepetition
claim in the amount so recovered.  The Debtors are hereby authorized but not directed to obtain
written verification, before issuing payment to a Foreign Creditor, that such Foreign Creditor
will, if relevant, continue to provide goods and services to the Debtors on Customary Trade
Terms for the remaining term of the Foreign Creditor's agreement with the Debtors; provided,

3

<u>however</u>, that the absence of such written verification will not limit the Debtors' rights

hereunder.

        4.     All applicable banks and other financial institutions are hereby authorized

and required to receive, process, honor, and pay any and all checks and transfer requests

evidencing amounts paid by the Debtors under this Order whether presented prior to or after the

Petition Date.  Such banks and financial institutions are authorized to rely on the representations

of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order.

        5.     Notwithstanding the relief granted herein and any actions taken hereunder,

nothing contained herein shall constitute, nor is it intended to constitute, the assumption or

adoption of any contract or agreement under 11 U.S.C. § 365.

        6.     Notwithstanding the relief granted herein and any actions taken hereunder,

nothing contained herein shall create, nor is it intended to create, any rights in favor of, or

enhance the status of any claim held by, any person.

        7.     Notwithstanding any provision of the Bankruptcy Code or the Federal

Rules of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon

signature.

        8.     This Order is effective only through the conclusion of the first-day motion

hearing, unless otherwise extended by the case-assigned Judge.  This Court's ultimate disposition

of the Motion shall not impair any action taken pursuant to this Order.

        9.     This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Order.

10.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:      New York, New York
            October 8, 2005


                                    *s/ Arthur J. Gonzalez*
                                    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT M

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                            :
      In re                      :     Chapter 11
                            :
DELPHI CORPORATION, et al.,     :     Case No. 05-44481
                            :
                  Debtors.   :
                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BRIDGE ORDER UNDER 11 U.S.C. §§ 105(a), 363, 364, 1107, AND 1108 AND FED. R.
BANKR. P. 6004 AND 9019 AUTHORIZING CONTINUATION OF VENDOR RESCUE
PROGRAM AND PAYMENT OF PREPETITION CLAIMS OF FINANCIALLY-
DISTRESSED SOLE SOURCE SUPPLIERS AND VENDORS WITHOUT CONTRACTS

("ESSENTIAL SUPPLIERS BRIDGE ORDER")

        Upon the motion for (I) Order Scheduling Expedited Hearing on "First Day

Motions" and (II) Bridge Orders, dated October 8, 2005 (the "Expedited Hearing Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,[1] debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), seeking, among other

---

[1]     In addition to Delphi, the following entities are debtors in these related cases:  ASEC
Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco
Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi
Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human
Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive
Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems
Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi
Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi
Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems,
Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales
Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings
Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi
LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation,
Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation,
Delphi NY Holding Corporation, Delphi Services Holding Corporation, Delphi
Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems
Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and
Specialty Electronics International Ltd.

things, entry of a bridge order under sections 105(a), 363, 364, 1107, And 1108 of title 11 of the

United States Code, 11 U.S.C. §§ 101 - 1330 (as amended, the "Bankruptcy Code") granting the

relief requested in the Debtors' Motion For Order Under 11 U.S.C. §§ 105(a), 363, 364, 1107,

and 1108 and Fed. R.  Bankr. P. 6004 and 9019 Authorizing Continuation Of Vendor Rescue

Program And Payment Of Prepetition Claims Of Financially-Distressed Sole Source Suppliers

And Vendors Without Contracts dated October 8, 2005 (the "Motion"), on an interim basis

pending this Court's disposition of the Motion on its merits after notice and a hearing; and this

Court having determined that it has jurisdiction over the matters raised in the Expedited Hearing

Motion and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, this is a core proceeding under

28 U.S.C. § 157(b)(2), and the relief requested in the Expedited Hearing Motion and the Motion

is essential to the continued operations of the Debtors' businesses and is in the best interests of

the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that

proper and adequate notice of the Expedited Hearing Motion has been given and that no other or

further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Debtors be, and they hereby are, authorized but not directed in the

reasonable exercise of their business judgment, to pay all, a portion, or none of the prepetition

claims (the "Essential Supplier Claims") owing to certain of the Debtors' suppliers that are

essential to the uninterrupted functioning of the Debtors' business operations (the "Essential

Suppliers") up to an aggregate amount of $45 million (the "Interim Essential Supplier Claims

Cap") upon such terms and in the manner provided in this Order and subject to the provisions of

the Debtors' postpetition financing agreement.

2.      The Debtors shall undertake appropriate efforts to cause Essential

Suppliers to enter into an agreement with the Debtors substantially similar to <u>Exhibit A</u> to the

Motion as a condition of payment of their Essential Supplier Claims, which agreement shall

include, but not be limited to, the following terms:

a.      the amount of such Essential Supplier's estimated Essential Supplier Claims, accounting for any setoffs, other credits, and discounts thereto, shall be as mutually determined in good faith by the Essential Supplier and the Debtors (but such amount shall be used only for the purposes of determining such Essential Supplier's claim under this Order and shall not be deemed a claim allowed by this Court and the rights of all interested persons to object to such claim shall be fully preserved until further order of this Court, unless such claim is waived by the Essential Supplier pursuant to the terms of the letter);

b.      MNS-2 payment terms and those other terms and conditions as are embodied in the Delphi's General Terms and Conditions or such other more favorable trade terms, practices, and programs in effect between such supplier and the Debtors in the twelve months prior to the Petition Date (the "Customary Trade Terms") between such Essential Supplier and the Debtors, or such other favorable terms as the Essential Suppliers and the Debtors may agree, and the Essential Supplier's agreement to provide goods and services in accordance with such terms;

c.      the Essential Supplier's agreement to provide goods and services to the Debtors based upon Customary Trade Terms or on such other favorable terms as the Debtors and the Essential Supplier may otherwise agree for a period of no less than the greater of (i) two years from the Petition Date or (ii) the remaining term of the Essential Supplier's agreement with the Debtors and the Debtors' agreement to pay for such goods in accordance with such terms;

d.      the Essential Supplier's agreement not to file or otherwise assert against any or all of the Debtors, their estates, or any other person or entity or any of their respective assets or property (real or personal) any lien (a "Lien"), regardless of the statute or other legal authority upon which such Lien is asserted, related in any way to any remaining prepetition amounts allegedly owed to the Essential Supplier by the Debtors arising from agreements or other arrangements entered into prior to the Petition Date, and, to the extent the Essential Supplier has already obtained or otherwise asserted such a Lien, the Essential Supplier shall take whatever actions are necessary to remove such Lien;

3

e.      the Essential Supplier's acknowledgment that it has reviewed the terms and provisions of the Order and consents to be bound thereby; and

f.      the Essential Supplier's agreement that it will not separately seek payment for reclamation claims outside the terms of this Order unless the Essential Supplier's participation in the program to pay Essential Supplier Claims pursuant to this Order is terminated; provided, however, that such reclamation claims shall, if thereafter raised by the Essential Supplier as permitted by this Order, be treated as though raised on the later of (i) the date of this Order and (ii) the date on which the Trade Agreement is executed by both parties.

3.      An agreement executed by and between the Debtors and an Essential Supplier as set forth in this paragraph shall be referred to as a "Trade Agreement." This Order is intended to authorize, but shall not require, the Debtors to enter into Trade Agreements, it being the express intention of this Court that the Debtors shall enter into Trade Agreements only when the Debtors determine, in their sole discretion, that it is appropriate to do so.

4.      The Debtors are authorized, in their sole discretion, to make payments on account of Essential Supplier Claims in the absence of a Trade Agreement after the Debtors have undertaken diligent efforts to cause the Essential Supplier to execute a Trade Agreement and if the Debtors determine, in their sole discretion, that failure to pay the Essential Supplier Claim is likely to result in irreparable harm to the Debtors' business operations.

5.      If an Essential Supplier refuses to supply goods and/or services to the Debtors on Customary Trade Terms following receipt of payment on its Essential Supplier Claim (regardless of whether such Essential Supplier has entered into a Trade Agreement), or fails to comply with any Trade Agreement entered into between such Essential Supplier and the Debtors, then the Debtors may, in their sole discretion and without further order of this Court, (a) declare that any Trade Agreement between the Debtors and such Essential Supplier is terminated (if applicable) and (b) declare that the payments made to the Essential Supplier on account of its

Essential Supplier Claim be deemed to have been made in payment of then-outstanding postpetition claims of such suppliers without further order of this Court or action by any person or entity.  In the event that such events occur, an Essential Supplier shall then immediately repay to the Debtors any payment made to it on account of its Essential Supplier Claims to the extent that payments on account of such Essential Supplier Claims exceed the postpetition claims of such suppliers then outstanding without giving effect to any rights of setoff, claims, provision for payment of reclamation or trust fund claims, or otherwise.  In the event that a Trade Agreement is terminated or an Essential Supplier refuses to supply goods and/or services to the Debtors on Customary Trade Terms following receipt of payment on its Essential Supplier Claim (regardless of whether such Essential Supplier has entered into a Trade Agreement), it is the explicit intention of this Court to return the parties to their position immediately prior to the entry of this Order with respect to all prepetition claims.

6.    The Debtors may, in their sole discretion, reinstate a Trade Agreement if:

a.    the Debtors determination to terminate a Trade Agreement is subsequently reversed by this Court, after notice and a hearing following a motion by the Essential Supplier, for good cause shown that the determination was materially incorrect;

b.    the underlying default under the Trade Agreement was fully cured by the Essential Supplier not later than five business days following the Debtors' notification to the Essential Supplier that a default had occurred; or

c.    the Debtors, in their discretion, reach a favorable alternative agreement with the Essential Supplier.

7.    The Debtors are hereby authorized, but not the directed, to elect, in their sole discretion, to waive the conditions of this Order for payment of a claim under the Interim Essential Supplier Claims Cap (the "Waiver") and to conditionally pay the claim of such non-conforming supplier (the "Non-Conforming Supplier"), subject to the following procedures:

a.      In the event that the Debtors grant a Waiver to a Non-Conforming Supplier, the Debtors shall file a Notice of Waiver, in substantially the form attached hereto as <u>Exhibit B</u> (the "Notice of Waiver"), and a proposed Order to Show Cause, in substantially the form attached hereto as <u>Exhibit C</u> (the "Order to Show Cause"), with this Court within three business days of the payment pursuant to the Waiver and serve such Notice of Waiver and Order to Show Cause on (i) the Non-Conforming Supplier, (ii) the Office of the United States Trustee, (iii) counsel for the official committee of unsecured creditors appointed in these cases (the "Creditors' Committee"), and (iv) counsel for the agent under Debtors' proposed postpetition credit facility; <u>provided</u>, <u>however</u>, that the Debtors will not be required to file a Notice of Waiver and an Order to Show Cause if, within three business days following the grant of the Waiver, the Creditors' Committee ratifies the Waiver in writing to the Debtors.

b.      At the first regularly-scheduled hearing occurring at least five business days following entry of the Order to Show Cause by this Court, the Non-Conforming Supplier shall be required to appear before this Court and demonstrate that such Non-Conforming Supplier should not be held in violation of the automatic stay.

c.      Should this Court determine that, by its conduct, the Non-Conforming Supplier has violated the automatic stay, the Non-Conforming Supplier shall be required to disgorge the amount of the payment made by the Debtors pursuant to the Waiver, plus attorneys' fees and interest accrued on such amount at the rate specified under the relevant agreements governing the Debtors' debtor-in-possession credit facility or such other higher rate as this Court specifies, within three business days of entry of the order holding such Non-Conforming Supplier in violation of the automatic stay.

d.      Nothing contained herein shall limit the Debtors' right to file any motions, adversary complaints, or other pleadings that they determine in their sole and absolute discretion are necessary or appropriate to pursue other remedies, including, without limitation, injunctive relief.

8.      The form of Notice of Waiver attached to the Motion as <u>Exhibit B</u> and the form of Order to Show Cause attached to the Motion as <u>Exhibit C</u> are hereby approved by this Court in all respects for use in accordance with the provisions of the foregoing paragraph.

9.      The Debtors are hereby authorized, but not the directed, to continue their prepetition vendor rescue program (the "Vendor Rescue Program") in the ordinary course of business, including, without limitation, by providing the following forms of support to those

suppliers (the "Troubled Suppliers") which the Debtors determine, in the exercise of their

business judgment, require such support to maintain their operations:

> a.      the Debtors may purchase, on behalf of a Troubled Supplier, the raw materials necessary to manufacture the Debtors' parts when a Troubled Supplier lacks the available credit to purchase such materials for its own account;

> b.      the Debtors may provide a lump sum subsidy to a Troubled Supplier when the Supplier is faced with an acute short-term economic problem;

> c.      the Debtors may lend funds to a Troubled Supplier, either by purchasing a participation in the Troubled Supplier's existing credit facility or by lending funds under a promissory note;

> d.      the Debtors may agree to pay their obligations under invoices from a Troubled Supplier on an accelerated basis;

> e.      the Debtors may agree to provide the Troubled Supplier with operational assistance, either through the Debtors' own personnel or through use of an outside consulting firm; and

> f.      the Debtors may enter into agreements necessary to effectuate the transactions entered into with Troubled Suppliers as part of the Vendor Rescue Program, including, without limitation, accommodation agreements, inventory repurchase agreements, and access agreements.

10.      Nothing herein shall be construed to limit, or in any way affect, the

Debtors' ability to dispute any Essential Supplier Claim or as a waiver by any of the Debtors of

their rights to contest any invoice of an Essential Supplier under applicable non-bankruptcy law.

11.      Nothing contained in the Motion or in this Order shall be deemed to

constitute an assumption, adoption, or rejection of any executory contract or agreement between

the Debtors and any third party or to require the Debtors to make any of the payments authorized

herein.

12.    Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

13.    Notwithstanding any provision of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon signature.

14.    This Order is effective only through the conclusion of the first-day motion hearing, unless otherwise extended by the case-assigned Judge.  This Court's ultimate disposition of the Motion shall not impair any action taken pursuant to this Order.

15.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

16.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          October 8, 2005

                          *s/ Arthur J. Gonzalez*
                          UNITED STATES BANKRUPTCY JUDGE

# **<u>EXHIBIT N</u>**

In re Delphi Corporation, et al.
Top 200

| Company | Contact | Address 1 | Address 2 | City | State | Zip | Country | Fax |
|---|---|---|---|---|---|---|---|---|
| Ab Automotive Inc | Steve Weddle Vp | 2500 Business Hwy 70 East | PO Box 2240 | Smithfield | NC | 27577 | US | 919-934-5186 |
| Abc Group | Clemente Lavie General Manager | Avenue Norte 4 No 7 | | San Juan Del Rio | | 76809 | Mx | 52-427-272-1831 |
| Advanced Micro Devices | Wolgang Schmitz | Rosenheimer Strabe 143b | | Munchen | | 81671 | De | |
| Afx Industries Llc | Jdavid Sommerville | 522 Michigan St | | Port Huron | MI | 48060 | US | 810-966-9522 |
| Alba Lamps Inc | Dan Savocchia | 5230 N Wesley Ct | | Des Plaines | IL | 60018 | US | 847-574-5881 |
| Allegro Microsystems Inc | Deb Mund | 2529 Commerce Dr | Ste G | Kokomo | IN | 46902 | US | 765-854-2262 |
| Alpine Electronics Of America Inc | Richard Fradette | 421 Emmerson Ave | | Greenwood | IN | 46143 | US | 260-461-4516 |
| Alps Automotive Inc | Muneki Mitoh Ishida | 1500 Atlantic Blvd | | Auburn Hills | MI | 48326 | US | 248-391-1564 |
| Aluminum Co Of America | Jeff Lindsey | 36555 Corporate Dr | Ste 185 Md2w | Farmington Hills | MI | 48331 | US | 248-489-4345 |
| American Axle & Mfg Inc | Joel Robinson President Bob Finn | One Dauch Dr | | Detroit | MI | 48211 | US | 313-974-2870 |
| Analog Devices Inc | James F Graves North American Auto | 5128 Wrentham Cove | | Fort Wayne | IN | 46813 | US | 260-434-1520 |
| Android Industries | Gary Caldwell | 50777 Varsity Court | | Wixom | MI | 48393 | US | 810-720-4849 |
| Applied Bio Systems | Ann Wagoner | 850 Lincoln Centre Dr | | Foster City | CA | 94404 | US | 650-638-5998 |
| Ashimori Industry Co Ltd | Akihiko Imaya Group Deputy Gm | 1018 Schrome | | Kitachorie Nishiku | OSAKA | 550-0014 | Jn | 81-6-6533-9290 |
| Ats Automation Tooling Sys | John Leulo | 17515 West Nine Mile Rd | | Southfield | MI | 48075 | US | 248-443-9974 |
| Autocam Corporation | Scott Dekoker | East Paris Ave | | Kentwood | MI | 49512 | US | 616-698-6876 |
| Aw Transmission Eng Aisin Seiki Co | Kenji Ito Vp Larry Khaykin | Metro West Industrial Park | 14933 Keel St | Plymouth | MI | 48170 | US | 734-416-3844 |
| Balzers Inc | Kent Connell | 495 Commerce Dr | | Amherst | NY | 14228 | US | 602-284-5409 |
| Bax Global Inc | Joey Carnes Ceo | 440 Exchange | | Irvine | CA | 92602 | US | 714-442-2900 |
| Behr Hella Thermocontrol | Joe Borruso Ceo | 43811 Plymouth Oaks Blvd | | Plymouth | MI | 48170 | US | 734-414-0911 |
| Behr Industries Corp | Jan Hoetzel President | 1020 Seven Mile Rd | | Comstock Pk | MI | 49321 | US | 616-789-9520 |
| Bei Sensors & Systems Co Inc | Attn General Counsel | 2700 Systron Dr | | Concord | CA | 94518 | US | 925-671-6647 |
| Bend All Manufacturing | Ben Babianbuyer | 575 Waydon Dr Rr1 | | Ayr | ON | NOB1EO | Ca | 519-623-4177 |
| Blissfield Mfg Co | Patrick Farver President | 626 Depot St | | Blissfield | MI | 49228 | US | 517-486-2128 |
| Blue Cross Blue Shield Of Michigan | John Fitzpatrick Gm Control Plan Op | 600 Lafayette East | | Detroit | MI | 48226 | US | 313-225-6767 |
| Brazeway Inc | Chris Hill Sales Manager | 2711 Emaumee St | | Adrian | MI | 49221 | US | 517-266-9561 |
| Cadillac Products Automotive Cmpny | John Brinkman | 5800 Crooks Ste 100 | | Troy | MI | 48098 | US | 248-813-8282 |
| Calsonic N America Inc | Tracy Delcampo | 27000 Hills Tech Court | | Farmington Hills | MI | 48331 | US | 248 848 4850 |
| Camoplast Incorporated | Don Zarek Buyer | 2144 Rue King W Ste 110 | | Sherbrook | QC | J1J 2E8 | Ca | (819) 823-8772 |
| Carlisle Engineered Prods | Bruce A Fassett | 100 Seventh Ave Ste 100 | | Chardon | OH | 44024 | US | 734-367-1431 |
| Carolina Forge Company Llc Eft | Tom B Mcginnis Vice President | 15309 Baldwin St Ext | PO Box 459 | Meaville | PA | 16335 | US | 814-332-8275 |
| Cataler North America Corp | Hironobu Ono | 7800 Chihama | | Kakegawa-City Shizuoka | | | JA | 81-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 |
| Centra Inc | Attn General Counsel | 12225 Stephen Rd | | Warren | MI | 48089 | US | 586-755-5607 |
| Cherry Corp The | Mark Weier | 11200 88th Ave | | Pleasant Prairie | WI | 53158 | US | 262-942-6365 |
| Cherry Gmbh | Peter Bauer Executive | Cherrystr 1 | | Auerbach | BAVARIA | | De | 49.9643.18.1262 |
| Clarion Corp Of America | Paul S Lachner Sr VP Auto Sales | 40200 Grand River Ave | Ste 200 | Novi | MI | 48375 | US | 248-991-3101 |
| Cmac Microcircuits Usa Inc | Attn General Counsel | 1601 Hill Ave | | West Palm Beach | FL | 33407 | US | 561-434-6560 |
| Collins & Aikman Corp | Lewis B Campbell | 250 STEPHENSON HIGHWAY | | TROY | MI | 48083 | US | 401-421-2878 |
| Cordaflex Sa De Cv | Don Zarek Buyer | Carr Panamericana Km 2306 | | Corregidora | QA | 76900 | Mx | 442-225-0246 |
| Corning Incorporated | Ron Rogers Regional Sales Manager | 50 W Big Beaver Rd | | Troy | MI | 48084 | US | 248-680-4715 |
| Corus Lp | Brian Mcgowan Sales Manager | 496 Highway 35 Rr2 | | Pontypool | ON | LOA 1KO | CA | 705-277-9742 |
| Cts Corp | Vinod M Khilnani Cfo | 905 West Blvd North | | Elkhart | IN | 46514 | US | 574-293-6146 |
| Cyro Industries | Stephen Fett | 100 Enterprise Dr | PO Box 5055 | Rockaway | NJ | 07866 | US | 973-442-6983 |
| Dae Sung Electric Co Ltd | Sangkyu Kim | 743 5 Wonsidong Ansancity | | Kyunggido Bl 827 | | 425-090 | Sk | (031) 495-4887 |
| Dae Yong Industry Company | Jung Kim Managering Director | Chungwangdong | | Shiheungshi | | 429-850 | Sk | 82-31-499-3549 |
| Datweiler Ag Gummi Kunststoffe | Attn General Counsel | 15500 Wayzeta Blvd Ste 602 | | Wayzeta | MN | 55391 | US | 843-431-9249 |
| Dayco Products Llc | Tim Hartigan | 6120 South Yale Ave | Ste 900 | Tulsa | OK | 74136 | US | 918-481-2363 |
| Denso Sales Of California | Masaaki Max Adachi President | 3900 Via Oro Ave | | Long Beach | CA | 90810 | US | 310-513-7319 |
| Dmc 2 Canada Corporation | Bill Staron | 2347 Commercial Dr | | Auburn Hills | MI | 48326 | US | 248-340-2471 |
| Dura Automotive Systems | Dave Klein | 1016 E 1st St | | Gladwin | MI | 48624 | US | 248-299-7544 |
| E I Dupont De Nemours | Carolann Haznedar Vp Sales Mrktng | 950 Stephenson Hwy | | Troy | MI | 48083 | US | 248-583-8121 |
| Ecobat America Llc | Bob Finn Ceo | 2777 Stemmons Freeway | Ste 1800 | Dallas | TX | 75207 | US | 214-631-4013 |
| Electric Launch Company Inc | Attn General Counsel | 35 South Washington St | | Athens | NY | 12015 | US | 518-945-1504 |
| Engelhard Corporation | Barry Perry | 101 Wood Ave | | Iselin | NJ | 08830 | US | 732-906-0337 |
| Engineered Materials Solutions | Brucena A Lagreca Mrktng Prdct Mngr | 39 Perry Ave | PO Box 2410 | Attleboro | MA | 02703 | US | 508-342-2115 |
| Essex Group Inc | Richard Fradette Vp Finance | 1601 Wall St | | Fort Wayne | IN | 46801 | US | 260-461-4516 |
| Federal Mogul | Deanna Labudde | 1277 Joe Battle Blvd | | Elpaso | TX | 79936 | US | 877-242-5701 |
| Fischer Holding Gmbh | Mr Peter Trick President | 1084 Doris Rd | | Auburn Hills | MI | 48326 | US | 248-276-1942 |
| Flextronics Intl Asia Pacific | Joe Minville | 2 Robbins Rd | | Westford | MA | 01886 | US | 978-392-3011 |
| Freescale Semiconductor Inc | Paul Grimme | 6501 William Cannon Dr West | | Austin | TX | 78735 | US | 512-895-8746 |
| Fujikoki America Inc | Denis Littwin VP Engineering | 4040 Bronze Way | | Dallas | TX | 75237 | US | 214-330-1015 |

| Company | Contact | Address 1 | Address 2 | City | State | Zip | Country | Fax |
|---|---|---|---|---|---|---|---|---|
| Fujitsu Ten Corporation | Chet Korzeniewski | 46029 Five Mile Rd | | Plymouth | MI | 48170 | US | 734-414-6660 |
| Furukawa Electric North | Shuzo Mihara Senior Vice President | 47677 Galleon Dr | | Plymouth | MI | 48170 | US | 734-254--9350 |
| Futaba Corp Of America | Joe M Dorris President | 2865 Wall Triana Hwy | | Huntsville | AL | 35824 | US | 256-461-7741 |
| General Electric Company | Ted B Opie | Two Towne Square | | Southfield | MI | 48076 | US | 248-262-2663 |
| General Motors Corporation | John Devine | 300 Renaissance Center | PO Box 300 | Detroit | MI | 48265 | US | 517-272-3709 |
| Goodyear Tire & Rubber Co The | Robert Keegan | 1144 East Market St | | Akron | OH | 44316 | US | 330-796-1145 |
| Grand Rapids Controls Co Llc | Attn General Counsel | 825 Northland Dr | | Rockford | MI | 49341 | US | 616-866-1373 |
| Hdk America Inc | Scott Wilhelm Vice President | 2995b Wall Triana Hwy | | Huntsville | AL | 35824 | US | 256-772-3475 |
| Hitachi Automotive | | 34500 Grand River Ave | | Farmington Hills | MI | 48335 | US | 248-474-5097 |
| Hitachi Automotive | Darrell Seitz Senior Acct Mgr | 955 Warwick Rd | | Harrodsburg | KY | 40330 | US | 248-474-5097 |
| Hitachi Chemical Asia Pacific | Hitachi Chemical Asia Pacific | Bedok Plant 20 | Bedock South Rd | Singapore | | 469277 | SG | 5455 407 |
| Hitachi Chemical Asia Pacific | Y Yokoya | Loyang Plant 32 | Loyang Way | Singapore | | 508730 | SG | 5455 407 |
| Hoover Precision Products Inc | Joe Schmenk Ceo | 500 Jonesborough Rd | | Erwin | TN | 37650 | US | 423 743 8050 |
| Hss Llc | David Bader | 5446 Dixie Highway | | Saginaw | MI | 48601 | US | 989-777-4818 |
| Hydro Aluminum Adrian | T Wayne Yielding | 1607 E Maumee St | PO Box 809 | Adrian | MI | 49221 | US | 517-264-2388 |
| Hyo Seong Electric Co Ltd | General Counsel | 10473 Yongsuri Junkwanmyun | | Pusan | | 10473 | Sk | 82-51-728-3698 |
| Ina Usa Corp | Marc Vachon Vp Of Sales | 1750 East Big Beaver Rd | | Troy | MI | 48083 | US | 248-528-4988 |
| Infineon Technologies | Peter Bauer EVP | PO Box 80 09 49 | | Munich | | 81609 | DE | 49-0-89-234-8-52-02 |
| Infineon Technologies | | StMartinStrasse 53 | | Munich | | 81669 | DE | 49-0-89-234-8-52-02 |
| Intermet Corporate | John Rutherford Vice President | 5445 Corporate Dr | | Troy | MI | 48098 | US | 248-952-2501 |
| Intermetstevensville | Tom Winkle | 2800 Yasdick Dr | | Stevensville | MI | 49127 | US | 248-952-1512 |
| International Rectifier | Janice Frank | 1761 E Lincoln Rd | | Kokomo | IN | 46902 | US | 765-453-5583 |
| International Resistive Co | Attn General Counsel | 4222 South Staples St | | Corpus Christie | TX | 78411 | US | 361-992-3377 |
| Invar Manufacturing Ltd | General Counsel | 1 Parry Dr | | Batawa | ON | KOK 1E0 | C | 519.824.8479 |
| Invensys Precision Die Casting | Steve Larkin | 232 Hopkinsville Rd | | Russelville | KY | 42276 | US | 270-726-0571 |
| Isi Of Indiana Inc | Brad Countryman  Salesman | 1212 East Michigan St | | Indianapolis | IN | 46202 | US | 317-631-7981 |
| Itt Industries Inc | Laura Reuter Buyer | Carretera Intl Km 1969 | Colonia Guadalajara Nogales | Empalme Sonora | SO | 85340 | Mx | 248-836-9720 |
| IUE  Comm Workers of America | James D Clark | 501 3rd St NW 6th Floor | | Washington | DC | 20001 | US | |
| Jabil Circuits | Michael A Czarnota | 3800 Giddings Rd | | Auburn Hills | MI | 48326 | US | 248-292-6920 |
| Jeffrey Cohen | Pension Benefit Guaranty Corporation | 1200 K Street NW | Suite 340 | Washington | DC | 20005 | US | |
| Jiffytite Co Inc | Ronald C Diliddo President | 4437 Warren Ave | | Lancaster | NY | 14086 | US | 716 681 7788 |
| John Devine | General Motors Corporation | 300 Renaissance Center | PO Box 300 | Detroit | MI | 48265 | US | |
| Johnson Electric North | Nick Rossi Vice President Marketing | 47660 Halyard Dr | | Plymouth | MI | 48170 | US | 734-392-1020 |
| Judd Wire Inc Eft | Michael Loughmann | 124 Turnpike Rd | | Turner Falls | MA | 01376 | US | 413-863-2305 |
| KANE MAGNETICS ACQUISITION | | 700 ELK AVE | | KANE | PA | 16735 | US | |
| Kaumagraph Flint Corp | Hiroshi Tatsukawa | 1935 Davis Ln | | Marietta | GA | 30067 | US | 770-226-9048 |
| Kds America | Mitsuoki Yamada | 10901 Granada Ln | | Overland Pk | KA | 66211 | US | 913-491-6812 |
| Kemet Electronics Corp | David Maguire | 1900 Billy Mitchell Blvd | | Brownsville | TX | 78521 | US | 864-963-6300 |
| Kensington Capital Corporation | Victor Tatum Account Manager | 5725 Forward Ave | Ste 301 | Pittsburg | PA | 15217 | US | 412-422-9617 |
| Koa Speer | Chris Forbes | Bolivar Dr | | Bradford | PA | 16701 | US | 814-362-8883 |
| Koyo Corp Of Usa | Tom Nemoto Ceo | 1006 Northpoint Blvd | | Blythewood | SC | 29016 | US | 440-835-9347 |
| Krah Rwi | | Markische Straße 4 | | Drolshagen | | D-57489 | De | +49 492761701177 |
| Ladd Industries Inc | Melissa Watkins | 4849 Hempstead Station Dr | | Kettering | OH | 45429 | US | 927-428-9755 |
| Law Debenture Trust Company of NY | Patrick Healy | 780 Third Ave 31st Fl | | New York | NY | 10017 | US | 212-750-1361 |
| Lebelier Queretaro Sa De Cv | Ray Abrahamson | Calle 2 No 18 Fracc | | Queretaro | QA | 76120 | Mx | 442-192-7301 |
| Lemforder Sistemas Automotrice | Tom Gorman General Manager | 15811 Centennial Dr | | Northville | MI | 48167 | US | 734-416-8218 |
| Linamar Corporation | Elizabeth Albert | 287 Speedvale Ave | | Guelph | ON | N1H1C1 | Ca | 519.837.6703 |
| Littelfuse Inc | Michael P Sammons General Mgr Auto | 800 E Northwest Hwy | | Des Plaines | IL | 60016 | US | 847-759-0272 |
| Lunt Manufacturing Co Inc | Jon Miller | 601605 Lunt Ave | | Schaumberg | IL | 60193 | US | 847-524-5659 |
| Macauto | Mr Jj Liao President | 80 Excel Dr | | Rochester | NY | 14621 | US | 585-342-2085 |
| Magnesium Products Of America Inc | Attn General Counsel | 2001 Industrial Dr | | Eaton Rapids | MI | 48827 | US | 517-663-2714 |
| Marquardt Gmbh | Peter Cherry Owner | Schlossstrasse 16 | | Rietheimweilheim | BADENWUERTTEMBERG | | De | 49.74.24.99.2399 |
| Meadville Forge Co | | Po Box 459 | | Meadville | PA | 16335 | US | 814-332-8275 |
| Meadwestvaco Corporation | Joe Swetz Buyer | 1 High Ridge Pk | | Stamford | CT | 06905 | US | 203-461-7675 |
| Methode Electronics Inc | Don Duda President | 7401 W Wilson | | Chicago | IL | 60706 | US | 708-867-3288 |
| Micron Semiconductors | Roger Hawkins | 8000 S Federal Way | | Boise | ID | 83716 | US | 208-368-4617 |
| Midwest Tool & Die Corp | Dave Venderley | 327 Ley Rd | | Fort Wayne | IN | 46825 | US | 219-482-7261 |
| Milliken Co | Tom Nevius Jack Richardson | 201 Lukken Industrial Dr West | Mdc M821 | Lagrange | GA | 30240 | US | 706-88-05115 |
| Miniture Precision Components | Jim Brost President | 100 Wisconsin Sterrt | | Walworth | WI | 53184 | US | 262-275-6346 |
| Mitsubishi Electric | Bruce Beyer | 15603 Centennial Dr | | Northville | MI | 48167 | US | 734-453-6211 |

In re Delphi Corporation, et al
Top 200

| Company | Contact | Address 1 | Address 2 | City | State | Zip | Country | Fax |
|---|---|---|---|---|---|---|---|---|
| Mivrag Cold Forming | Mike Richardson | 43902 Woodward Ave | Ste 280 | Bloomfield Hills | MI | 48302 | US | 248-333-1855 |
| Mj Celco Inc | Michael J Cielak President | 3900 Wesley Terrace | | Schiller Pk | IL | 60176 | US | 847 671 1978 |
| Molex Inc | Ron Schubel | 222 Wellington Court | | Lisle | IL | 60532 | US | 630-813-5888 |
| Motorola | Meredith Nickol VP Sales | 37101 Corporate Dr | | Farmington Hills | MI | 48331 | US | 248-324-9442 |
| Mubea Inc | Karl Biecker Gen Mngr Suspension | 6800 Industrial Rd | | Florence | KY | 41042 | US | 859-727-2885 |
| Mueller Brass Co | David Lockhart Director Of Sales | 2199 Lapeer Av | | Port Huron | MI | 48040 | US | 810 364 6340 |
| Murata Electronics North | David M Mcginnis | 2200 Lake Park Dr | | Smyrna | GA | 30080 | US | 678-842-6625 |
| National Logistics Mgt Co Inc | Attn General Counsel | 14320 Joy Rd | | Detroit | MI | 48228 | US | 248-351-9824 |
| National Semiconductor Corp | Jennifer Schmitt | 10333 N Meridian | Ste 400 | Indianapolis | IN | 46290 | US | 317-705-6515 |
| Ndk America Inc | Mark Schutte | 614 E Poplar | | Kokomo | IN | 46902 | US | 765-455-0339 |
| Nec Electronics Inc | Jim Trent | Three Galleria Tower | 13155 Noel Rd Ste 1100 | Dallas | TX | 75240 | US | 972-655-5133 |
| Niles Usa Inc | Michael Rudnicki | 41129 Jo Dr | | Novi | MI | 48375 | US | 248-427-9701 |
| Noma Inc | General Counsel | 245 Drumlin Circle | | Concord | ON | L4K3B9 | Ca | 905.738.4340 |
| Oberg Industries Inc | Eric Oberg | 208 S Mc Kemy | | Chandler | AZ | 85226 | US | 724-295-0395 |
| Ogura Corporation | John Matthews | 631 Ajax Dr | | Madison Heights | MI | 48071 | US | 248-691-2698 |
| Oki Semiconductor | Garland Miller | 1800 S Plate | | Kokomo | IN | 46902 | US | 765-456-1234 |
| Olin Corp | Devin Denner Sales Manager | 427 N Shamrock St | | East Alton | IL | 62024 | US | 618-258-3481 |
| Olson International | Tim Gleason President | 50 W North Ave | | Lombard | IL | 60148 | US | 630-261-9707 |
| Omron Dualtec Auto | Richard Conlin Sr Account Mgr | 29185 Cabot Dr | | Novi | MI | 48377 | US | 248-488-5430 |
| Pam Dedicated Services Inc | Jack Cantznetta Vp Auto Marketing | 1450 N Bailey Rd North | | Jackson | OH | 44451 | US | 330-270-7926 |
| Panasonic Automotive | Vince Sarrecchia | 26455 American Dr | | Southfield | MI | 48034 | US | 248-447-7008 |
| Pbr Automotive Usa Pacific Group | Gordon Diag | 140 Ellen Dr | | Orion Township | MI | 48359 | US | 248-377-4939 |
| Pechiney Rolled Products | Jim Offer | 39111 W Six Mile Rd | | Livonia | MI | 48152 | US | 734-632-8483 |
| Penn Aluminum Intl Inc Eft | Bruce Kasten Sales Manager | 1117 N Second St | | Murphysboro | IL | 62966 | US | 618-684-3866 |
| Pension Benefit Guaranty Corp | Jeffrey Cohen | 1200 K St NW | | Washington | DC | 20005 | US | 202-326-4112 |
| Penske Transport & Logistics Seq | Julie Kinsbury | 501 Kindleberger Rd | | Kansas City | KS | 66115 | US | 913-342-3395 |
| Philips Enabling Technologies Group | General Counsel | Anton Philipsweg 4 | | Lommel | | | Be | 765-452-9915 |
| Philips Optical Storage | Gerard Kleisterlee | Amstelplein 2 Breitner Ctr | PO Box 77900 1070 Mx | Amsterdam | | | Nl | 31-40-273-8900 |
| Philips Semiconductors | Sam L Trency | 1817 Dogwood Dr | | Kokomo | IN | 46902 | US | 31 40 2786657 |
| Phillips Plastics | Bob Cervanka Ceo Owner | 703 Promed Ln | Ste 201 | Carmel | IN | 46032 | US | 317-573-0525 |
| Pioneer Indl Comp | Auto Electr Sales Inc | | 22630 Haggerty Rd | Farmington | MI | 48335 | US | 248-449-1940 |
| Pioneer Speakers Inc | Brad Garwood | 8701 Siempre Viva Rd | | San Diego | CA | 92154 | US | 317-573-1463 |
| Robert Bosch Corporation | Linda Lynch | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | US | 248-848-6505 |
| Roctel Manufacturing Ltd | Russ Pollack Director Of Sales | 25300 Telegraph Rd Ste 450 | Raleigh Office Ctr | Southfield | MI | 48034 | US | 248-355-3558 |
| Rohm Corp | Tom Scalzo | 3034 Owen Dr | | Antioch | TN | 37013 | US | 765-457-7732 |
| Rsr Corporation | Robert Finn Ceo | 2777 N Stemmons Fwy | Ste 1800 | Dallas | TX | 75207 | US | 214-631-4013 |
| Ryder Intergrated Logistics | Richard Jennings VP Automotive | 37000 W 12 Mile Rd | Ste 115 | Farmington Hills | MI | 48331 | US | 248-553-0167 |
| S & Z Tool & Die Co | Keith Miller Director | 3180 Berea Rd | | Cleveland | OH | 44111 | US | 216-252-7270 |
| Saiaburgess Automotive Inc | Don Van Cott | 303 Gregson Dr | | Cary | NC | 27511 | US | 919-380-2309 |
| Schaeffer Brasil Ltda | Ben Babian Buyer R Dr Jose Fabiano De Christo Gurjao | | | Mogi Mirim | SAO PAULO | 13800000 | Be | 55 19 3805 7432 |
| Semiconductor Components | Lance Williams Director Of Sales | 2000 S County Trail | | East Greenwich | RI | 02818 | US | 734-953-6860 |
| Sensus Precision Die | Steve Larkin President | 232 Hopkinsville Rd | | Russelville | KY | 42276 | US | 270-726-0571 |
| Setech Inc | | Po Box 163 | | West Milton | OH | 45383 | US | 615-216-0936 |
| Sgs Thompson | Scott Shilling Sales Director | Victor Park West | 19575 Victor Parkway | Livonia | MI | 48152 | US | 734-462-4034 |
| Sharp Electronics Corp | Akihiko Imaya Group | Deputy General Manager | 26131 Chinomoto Cho Tenri | Nara | | 632-8567 | JA | 81-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 |
| Siemens Automotive Ltd | Peter H Huizinga | 2400 Executive Hill Blvd | | Auburn Hills | MI | 48326 | US | 248-209-7877 |
| Solectron De Mexico Sa De Cv | Ed Mike Sales Manager | | Solectron Invotronics | Southfield | MI | 48034 | US | 248-263-8701 |
| Source Electronics | Dan Baeton | 26 Clinton Dr | 26525 American Dr | Hollis | NH | 03049 | US | 630-541-0006 |
| SPECIAL DEVICES INC | | 14370 WHITE SAGE RD | | MOORPARK | CA | 93021 | US | |
| Spx Contech | Jim Peters President | 8001 Angling Rd | | Portage | MI | 49024 | US | 269-327-9997 |
| Stanley Electric Sales | John Crego | 2600 Barranca Pkwy | | Irvine | CA | 92606 | US | 714-222-0555 |
| Strattec Security Corp | Harold M Stratton | 3333 West Good Hope Rd | | Milwaukee | WI | 53209 | US | 414-247-3329 |
| Sumitomo Corporation | Masayoshi Morii President | 39555 Orchard Hill Pl | Ste L60 | Novi | MI | 48375 | US | 248 347 9451 |
| Taigene Electric Machinery Co | Joy Chung General Mgr Na | 60001n Adams Rd Ste 125 | Adams Woods Office Plaza | Bloomfield Hills | MI | 48304 | US | 248-593-5749 |
| Tdk Corporation Of America | Frank H Avant President | 1221 Business Center Dr | | Mount Prospect | IL | 60056 | US | 847-803-1125 |
| Tenatronics Limited | General Counsel | 776 Davis Dr E | | Newmarket | ON | L3Y 2R4 | Ca | 905-898-7947 |
| Tesa Ag | General Counsel | Quickbornstr 24 | | Hamburg | | | De | 49-40-4909-2236 |
| Texas Instruments Inc | Brent Mewhinney | 12900 North Meridian St | Suite 175 Ms 4070 | Carmel | IN | 46032 | US | 317-573-6410 |
| Textron Inc | Martin W Schnurr Exec VP Sales | 840 West Long Lake Rd | Ste 450 | Troy | MI | 48098 | US | 248-813-6371 |
| Thyssen Krupp Stahl Company Inc | Attn General Counsel | 111 E Pacific | | Kingsville | MO | 64061 | US | 816-597-3485 |

| Company | Contact | Address 1 | Address 2 | City | State | Zip | Country | Fax |
|---|---|---|---|---|---|---|---|---|
| Ti Group Automotive System | Tim Kuppler Vice President | 12345 E Nine Mile | | Warren | MI | 48090 | US | 586-427-3175 |
| Timken Company | Brian Ruel | 31100 Telegraph Rd Ste 270 | | Bingham Farms | MI | 48025 | US | 248-433-2253 |
| Tokico Usa Inc | Laura Pederson | 17225 Federal Dr Ste 100 | | Allen Pk | MI | 48101 | US | 313-336-2190 |
| Torrington Co | James W Griffith | 1835 Dueber Ave Sw | | Canton | OH | 44706 | US | 330-471-4388 |
| Trans Tron Ltd Div Of Futaba | Garland Miller | 1800 South Plate | | Kokomo | IN | 46902 | US | 765-456-1234 |
| Transgear Manufacturing Inc | Alfred Napolitano | 400 Massey Rd | | Guelph | ON | N1K 1C4 | Ca | 519.763.5370 |
| Traxle Mfg Ltd | Russ Pollack Director Of Sales | 25300 Telegraph Rd Ste 450 | Raleigh Office Center | Southfield | MI | 48034 | US | 262-472-6310 |
| Trostel Ltd | Ric Habeck | 840 Executive Dr | | Whitewater | WI | 53190 | US | 734-266-5704 |
| Trw Automotive | John Nielsen Dir Sales | 12000 Tech Center Dr | | Livonia | MI | 48150 | US | 717-592-7555 |
| Tyco Electronics Corp | | Po Box 3608 | | Harrisburg | PA | 17105-3608 | US | 717-592-7555 |
| Tyco Electronics Corp | Dr Jurgen W Gromer | Amperestrabe 1214 | | Bensheim | | D-64625 | DE | 717-592-7555 |
| Tyco Electronics Corp | Dr Jurgen W Gromer | PO Box 3608 | | Harrisburg | PA | 17105 | US | 717-592-7555 |
| Tyco Electronics Corp | Dr Jurgen W Gromer | PO Box 3608 | | Harrisburg | PA | 17105-3608 | US | 49-0-62-51-133-1-548 |
| United Auto Workers | Richard Shoemaker | 8000 E Jefferson | | Detroit | MI | 48214 | US | 313-823-6016 |
| United Steel Workers | Leo W Gerard | 5 Gateway Center | | Pittsburgh | PA | 15222 | US | 412-562-2484 |
| Vehcom Mfg | Peter Caulfield | 287 Speedvale Ave West | | Guelph | ON | N1H 1C5 | Ca | (519) 837-6703 |
| Viasystems Canada Inc13 | Richard B Kampf VP Sales Marketing | 101 South Hanley Rd | Ste 400 | St Louis | MS | 63105 | US | 341-746-2233 |
| Victory Packaging | Bjoern Goeke | 3555 Timmons Lane | Suite 1440 | Houston | TX | 77027 | US | 713-961-3824 |
| Vishay Dale Electronics | Attn General Counsel | 1122 23rd St | | Columbus | NE | 06860 | US | 402-563-6418 |
| Vishay General Semiconductor Llc | Ann Taylor | 10 Melville Pk Rd | | Melville | NY | 11747 | US | 765-453-0599 |
| Visteon Automotive Systems | Stephen Mcgarry Gm Customer Bus Gp | 40 West 2070 One Village Dr | | Vanburen Town Ship | MI | 48111 | US | 734-736-5547 |
| Wamco Inc | James Snyder | 2978 Main St | | Buffalo | NY | 14214 | US | 716-833-2926 |
| Waupaca Foundry Inc | Gary Thoe Chairman | 311 S Tower Rd | | Waupaca | WI | 54981 | US | 715-258-1712 |
| Wells Fargo Business Credit Inc | Attn General Counsel | 26677 West 12 Mile Rd | | Southfield | MI | 48034 | US | 248-358-8353 |
| Westwood Associates Inc | Ralph Seibt Sales Manager | 612 Willers Farm Rd | | Milford | CT | 06460 | US | 203-283-3100 |
| Wiegel Tool Works Inc | Chris Beall | 935 North Central Ave | | Wood Dale | IL | 60191 | US | 630- 595-6373 |
| Wilmington Trust Company | Steven M Cimalore | 1100 N Market St | Rodney Square N | Wilmington | DE | 19890 | US | 302-636-4143 |
| Woory Industrial Co Ltd | Jin K Yoo Jason Kim | 5161 YoungduckRi | KiheungEub YonginSi | KyongkiDo | | | Sk | 82-31-204-3199 |

In re Delphi Corporation, et al.
Case No. 05-44481

Page 4 of 4

10/10/2005 11:45 AM
Top 200 Service List

In re Delphi Corporation, et al.
Bank List - Overnight

| Company | Contact | Address 1 | Address 2 | City | State | Zip | Country | Fax |
|---|---|---|---|---|---|---|---|---|
| Bank Of America Na | Howe Pete Wheelock Brian Swanson | 335 Madison Ave 9th Fl | | New York | NY | 10017 | US | 212-503-7080 & 704-602-3693 |
| Bank Of Lenawee | Carol Mcintyre | 135 East Maumee | | Adrian | MI | 49221 | US | 517-265-9826 |
| Bank Of New York | Kevin Higgins and Chris Stevenson | Cash Mgmt Div | | New York | NY | 10286 | US | 212-635-7978 |
| Bank One Canada | Richard Huttenlocher David Gerdis | 611 Woodward Ave Ste Mi 1 8074 | 7th Fl | Detroit | MI | 48226 | US | 313-225-2290 & 313-226-1455 |
| Bank One Illinois | Richard Huttenlocher David Gerdis | 611 Woodward Ave Ste Mi 1 8074 | 7th Fl | Detroit | MI | 48226 | US | 313-225-2290 & 313-226-1455 |
| Bank One Michigan | Richard Huttenlocher David Gerdis | 611 Woodward Ave Ste Mi 1 8074 | 7th Fl | Detroit | MI | 48226 | US | 313-225-2290 & 313-226-1455 |
| Branch Banking and Trust Company | Kathy Pike | 301 N Main St | | Greenville | SC | 29601 | US | 864-282-3319 |
| Brunswick Bank And Trust | Kimberly Tokarz | 1060 Aaron Rd | | North Brunswick | NJ | 08902 | US | 732-951-0632 |
| Citibank | Wayne Beckmann and Kathy Collins | 388 Greenwich St 23rd Fl | | New York | NY | 10013 | US | 7-095-725-6700 |
| Citibank | Wayne Beckmann K Collins G Roberts | 388 Greenwich St 23rd Fl | | New York | NY | 10013 | US | 212-816-5702 & 212-816-3107 |
| Citibank | Julia Sadokhina | Gashek St 8 10 | | Moscow | | 125047 | Russia | 212-816-5702 & 212-816-3107 |
| Citibank Na | Taipei Branch | PO Box 3343 | | Taipei | ROC | | | 212-816-5702 & 212-816-3107 |
| Citifunds | Wayne Beckmann and Carol Festa | 125 Broad St 11th Fl | | New York | NY | 10004 | US | 646-862-9621 |
| Comerica Bank | Robert Ramirez & Colleen Hollerbach | PO Box 75000 | Mc 3265 Mc 7618 | Detroit | MI | 48275 | | |
| Comm Banking Cmpny Of Fitzgerald | Sandra Anderson | 102 West Roanoke Dr | PO Box 130 | Fitzgerald | GA | 31750 | US | 229-423-6656 |
| Deutsche Asset Management | John Larkin | 1 South St 18 Fl | | Baltimore | MD | 21202 | US | 410-895-3721 |
| Deutsche Bank | Thomas Maloney and Andreas Rohde | Global Corporate Finance | 60 Wall St 45th Fl | New York | NY | 10005 | US | 212-797-0085 & 49 69 910 22023 |
| Fidelity Investments | Peter Zielinski | 100 Crosby Pkwy Mail Zone Kc1g | | Covington | KY | 41015 | US | 617-385-1738 |
| Fifth Third Bank | Michael Blackburn | Corporate Treasury Mgmt | 1000 Town Ctr Ste 1400 | Southfield | MI | 48075 | US | 248-603-0752 |
| Harris Na | Linda Schmidt and Laura Hunt | 111 W Monroe St 9e | 9th Fl Ctr | Chicago | IL | 60603 | US | 312-461-6339 & 312-293-5222 |
| Hsbc Bank Usa Na | Christopher Samms and Jay Bialecki | 452 Fifth Ave 5th Fl | | New York | NY | 10018 | US | 212-642-4081 & 888-499-3958 |
| Jpmorgan Chase Bank | Richard Huttenlocher David Gerdis | 611 Woodward Ave Ste Mi 1 8074 | 7th Fl | Detroit | MI | 48226 | US | 313-225-2290 |
| Jpmorgan Chase Bank | Richard Huttenlocher Pat Flemister | 611 Woodward Ave Ste Mi 1 8074 | 7th Fl | Detroit | MI | 48226 | US | 313-225-2290 |
| Jpmorgan Chase Bank | Richard Huttenlocher Wm Bitonti | 611 Woodward Ave Ste Mi 1 8074 | 7th Fl | Detroit | MI | 48226 | US | 313-225-2290 & 313-225-1730 |
| Jpmorgan Chase Securities | Richard Huttenlocher Julie Benson | 611 Woodward Ave Ste Mi 1 8074 | 7th Fl | Detroit | MI | 48226 | US | 313-225-2290 & 214-965-2255 |
| Key Bank Na | Peter Moore and Kevin Hennessy | Large Corporate Group | 127 Public Square | Cleveland | OH | 44114 | US | 216-689-4654 & 216-689-4421 |
| Mandi Marshall And Illsley | James Miller | Commercial Banking | Nw18 770 North Water St | Milwaukee | WI | 53202 | US | 414-765-7625 |
| Mellon Na | Robert Ladley | 500 Ross St Ste 1360 | | Pittsburgh | PA | 15262 | US | 412-236-0485 |
| Natwest Bank Luton Market | Jo Pyman | Hill Branch | 31 George St | Luton | | LU1 2AH | Uk | 020 7375 6106 |
| Rbs Securities | Richard Simon | 101 Pk Ave 10th Fl | | New York | NY | 10178 | US | 212-401-3604 |
| Regions Bank | Dawn Smith | PO Box 10247 | 8th Fl | Birmingham | MI | 35203 | US | |
| Reserve Fund | Brandon Semilof | 1250 Broadway 32nd Fl | | New York | NY | 10001 | US | 212-401-5958 |
| Toronto Dominion Bank | Malle Nagy Cash Mgmt Services | 100 Wellington St 27th Fl | West CP Towers | Toronto | ON | M5K 1A2 | Canada | 416-944-5891 |
| Ubs Ag | Michael Walter Schmid | Zuggerstrasse 22 | | Horgen | | 08810 | Switzerland | |
| Umb Bank Na | Kent Workman | 1010 Grand Blvd | | Kansas City | MO | 64106 | US | 816-860-4838 |
| United Bank and Trust | Tammy Hall | 1422 S Winter St | | Adrian | MI | 49221 | US | 517-264-0709 |

In re Delphi Corporation, et al.
Case No. 05-44481

Page 1 of 1

10/10/2005 9:14 AM
Bank Service List