DICONZA LAW, P.C.
  Bankruptcy Counsel for Tyz-All Plastics, Inc.
630 Third Avenue
New York, New York 10017
Tel:  212-682-4940
Fax:  212-682-4942
Gerard DiConza (GD-0890)
Lance A. Schildkraut (LS-9350)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                                   :

In re:                                 :      Chapter 11

DELPHI CORPORATION, *et al.*,  :      Case Nos. 05-44481 (RDD)

                                     :      Jointly Administered
                          Debtors.  :

------------------------------------------------------- x

### NOTICE OF RECLAMATION DEMAND OR, ALTERNATIVELY, REQUEST FOR PRIORITY CLAIM OR LIEN TREATMENT OF TYZ-ALL PLASTICS, INC.

        TYZ-ALL PLASTICS, INC. ("Tyz-All"), by its undersigned attorneys, DiConza Law, P.C., submits this Notice of Reclamation Demand, or Alternatively, for Request for Priority Claim or Lien Treatment, and respectfully states:

        1.      On October 8, 2005 (the "Petition Date"), Delphi Corporation and certain if its affiliates and subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 *et. seq.* (the "Bankruptcy Code").

        2.      Prior to the Petition Date, Tyz-All supplied certain of the Debtors with goods and products used by the Debtors in their business.  The amount due under the invoices is

$195,308.42. Copies of Tyz-All's invoices subject to this Notice are attached hereto as Exhibit "1." Upon information and belief, the Debtors received all goods shipped by Tyz-All that are reflected on the attached invoices. The goods delivered to the Debtors by Tyz-All are too varied and extensive to itemize herein. However, the invoices identify, among other things, Tyz-All's invoices numbers, which is sufficient to enable the Debtors to determine the goods Tyz-All wishes to reclaim.

    3. Pursuant to section 546(c) of the Bankruptcy Code, a seller may make written demand for reclamation of the goods before ten (10) days after receipt by the debtor, or if the ten (10) day period expires after the commencement of the case, before the 20 days after the debtor receives the goods. See 11 U.S.C. § 546(c)(1). If a Court denies a seller's claim for reclamation, it must grant the seller an administrative priority expense or secure the seller's claim with a lien. See 11 U.S.C. § 546(c)(2)(A) and (B); 11 U.S.C. § 503(b) and § 507(a)(1).

    4. The goods were sold to the Debtors in the ordinary course of business. Furthermore, upon information and belief, the Debtors were insolvent when the goods were sold and received.

    5. Wherefore, having satisfied the requirements of section 546(c) of the Bankruptcy Code and § 2-207 of the Uniform Commercial Code, Tyz-All demands reclamation of its goods and products or, in the alternative, a priority claim or lien in the amount of $195,308.42.

    6. Nothing herein shall be construed or deemed to limit or otherwise preclude Tyz-All's right to assert any and all rights under any and all other applicable federal, state or foreign statutes or rules regarding the goods subject to this Notice, including, but not

limited to, any rights of Tyz-All under Orders entered by the Bankruptcy Court authorizing payment of pre-petition claims of essential suppliers.  Tyz-All hereby reserves any and all such rights.

Dated:   New York, New York
         October 13, 2005         DICONZA LAW, P.C.

                        By:   /s/ Gerard DiConza
                               Gerard DiConza (GD-0890)
                               A Member of the Firm
                               630 Third Avenue, 7th Floor
                               New York, New York 10017
                               Tel:  (212) 682-4940
                               Fax:  (212) 682-4942
                               Email:  gdiconza@dlawpc.com

# **CERTIFICATE OF SERVICE**

The undersigned, being duly admitted to practice before the District Court for the Southern District of New York, certifies that on October 13, 2005, a true and correct copy of the foregoing was served, by overnight mail, upon the following:

John Wm. Butler, Jr., Esq.
John K. Lyons, Esq.
Ron E. Meisler, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

Kayalyn A. Marafioti, Esq.
Thomas J. Matz, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Attn: President

Dated: New York, New York
       October 13, 2005

                                                  /s/ Gerard DiConza
                                                  Gerard DiConza (GD-0890)

# EXHIBIT "1"

# TYZ-ALL PLASTICS, INC. RECLAMATION INVOICES