UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                  :

    In re                                    :          Chapter 11

                                                  :

DELPHI CORPORATION, et al.,          :          Case No. 05-44481 (RDD)

                                                  :

                                Debtors.    :          (Jointly Administered)

                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. §§ 105, 363(b), 546(b), 1107, AND 1108
AUTHORIZING PAYMENT OF CONTRACTORS
AND SERVICE PROVIDERS IN SATISFACTION OF LIENS

("LIEN CLAIMANTS ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 105, 363(b), 546(b), 1107, and 1108 (a) authorizing but not directing the Debtors to pay, in the ordinary course of the Debtors' businesses, the claims of all third-party tool builders, project managers, contractors, and maintenance companies (collectively, the "Contractors," and the claims of such Contractors being the "Contractor Claims") that have given or could give rise to state mechanics', repairmans', materialmans', tool builders', and shipping liens (collectively, the "Liens") against the Debtors' assets, properties, and/or offices and (b) authorizing and directing all applicable banks and other financial institutions to receive, process, honor, and pay any and all checks drawn on the Debtors' accounts to pay the Contractor Claims; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their

estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized but not directed, in their sole discretion, to pay Contractor Claims in the ordinary course of the Debtors' businesses; _provided_, _however_, that with respect to each Contractor Claim, (a) the Debtors shall not be authorized to pay a Contractor Claim unless the Contractor has perfected or, in the Debtors' judgment, is capable of perfecting or might be capable of perfecting in the future one or more Liens in respect of such Contractor Claim, (b) such payment shall not be deemed to be a waiver of rights regarding the extent, validity, perfection, or possible avoidance of the related Liens, and (c) the Contractor agrees to release promptly any Liens upon payment of such Contractor Claim; _provided_, _however_, that should the Contractor fail to release promptly such Liens upon payment by the Debtors, any such Liens shall be deemed released and expunged, without necessity of further action, and this Order shall be all that is required to evidence such release and expungement.

3. With respect to any payments that are made on account of prepetition obligations, in return for payment of the Contractor Claims in the ordinary course of business, the Debtors may require that the Contractors continue to provide services to the Debtors during the pendency of these chapter 11 cases on the most favorable terms that existed prior to the Petition Date. If any Contractor then accepts payment pursuant to this Order on account of a prepetition obligation of the Debtors and thereafter does not continue to provide services to the Debtors on the most favorable prepetition trade terms, any payment made under this Order shall

be deemed an avoidable postpetition transfer under section 549 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code") and, therefore, shall be recoverable by the Debtors in cash upon written request.  Upon recovery by the Debtors, the Contractor Claim shall be reinstated as a prepetition claim in the amount so recovered.  Nothing in this paragraph shall preclude a Contractor from contesting such treatment by making a written request to the Debtors to schedule a hearing before this Court, which hearing the Debtors shall set for the next regularly-scheduled omnibus hearing date occurring more than ten days after the date of such Contractor's request.

        4.    The Debtors are authorized but not directed, in their sole discretion, to obtain written verification, before issuing payment hereunder, that a Contractor will continue to provide services to the Debtors during the pendency of these chapter 11 cases on the most favorable terms that existed prior to Petition Date and otherwise comply with the terms of this Order; <u>provided</u>, <u>however</u>, that the absence of such written verification shall not limit the Debtors' rights hereunder.

        5.    All applicable banks and other financial institutions are authorized and directed to receive, process, honor, and pay any and all checks drawn on the Debtors' accounts or electronic transfers authorized by the Debtors to pay Contractor Claims, whether such checks were presented or transfers were made prior to, on, or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make such payments.

        6.    Nothing herein shall be deemed (a) an assumption, adoption, or rejection of any executory contract or agreement pursuant to 11 U.S.C. § 365, (b) a requirement that the Debtors make any of the payments authorized herein, or (c) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

7. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

8. Any payments by the Debtors to the Contractors pursuant to this Order shall be without prejudice to the Debtors to pursue any claims under the Bankruptcy Code or applicable nonbankruptcy law against the Contractors.

9. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

10. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          October 13, 2005

        /s/ ROBERT D. DRAIN
        UNITED STATES BANKRUPTCY JUDGE