UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x
                               :
    In re                      :   Chapter 11
                               :
DELPHI CORPORATION, et al.,    :   Case No. 05-44481 (RDD)
                               :
              Debtors.         :   (Jointly Administered)
                               :
------------------------------ x

ORDER UNDER 11 U.S.C. §§ 327, 330,
AND 331 AUTHORIZING RETENTION OF PROFESSIONALS
UTILIZED BY DEBTORS IN ORDINARY COURSE OF BUSINESS

("ORDINARY COURSE PROFESSIONALS ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 327(a), 330, and 331 authorizing (a) the retention of professionals utilized by the Debtors in the ordinary course of business (collectively, the "Ordinary Course Professionals") and (b) payment of compensation and reimbursement of expenses in the manner customarily made to such Ordinary Course Professionals by the Debtors upon submission to the Debtors of detailed invoices in the ordinary course of business; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.   The Motion is GRANTED.

2.   The Debtors be, and each of them hereby is, authorized but not directed to employ and retain, pursuant to 11 U.S.C. §§ 327, 330, and 331, all Ordinary Course Professionals listed on Exhibit 1 to this Order, as may be supplemented from time to time in accordance with paragraph 10 hereof, without the need to file individual retention applications for each.

3.   The Debtors be, and each of them hereby is, authorized but not directed to make monthly payments for compensation and reimbursement of expenses to each of the Ordinary Course Professionals in the manner customarily made by the Debtors in the full amount billed by any such Ordinary Course Professional, upon receipt therefrom of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' normal right to dispute any such invoices), provided, however, that compensation paid to an Ordinary Course Professional shall not be final until the retention of such professional is authorized as a final matter pursuant to the provisions below.

4.   Except as otherwise provided herein, payments to any Ordinary Course Professional shall not exceed either (a) $60,000 per month per Ordinary Course Professional or (b) $900,000 in the aggregate per Ordinary Course Professional over the life of these chapter 11 cases.

5.   To the extent that fees payable to any Ordinary Course Professional (except a Key Ordinary Course Professional, as defined below) exceed the applicable monthly limit, then such Ordinary Course Professional shall, on or before the 30th day of the month following the month for which compensation is sought (the "Monthly Statement Date"), submit a

2

monthly statement for the additional compensation to (a) the Debtors, at Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (b) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (c) special counsel to the Debtors, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022 (Att'n: Douglas P. Bartner), (d) counsel for the agent under the Debtors' proposed postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York, 10017 (Att'n: Marlane Melican), (e) counsel to the official committee of unsecured creditors (the "Creditors' Committee"), and (f) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, Suite 2100, New York, New York 10044 (Att'n: Deirdre A. Martini, Esq.) (collectively, the "Interested Parties").

      6.      The Interested Parties shall have 20 days after the Monthly Statement Date to review the statement for the additional compensation and object to the additional fees requested by such Ordinary Course Professional. If any of the Interested Parties objects to the payment of fees, then the Ordinary Course Professional shall submit a formal application to this Court for the additional compensation. If no Interested Party timely objects to the payment of fees, then the Debtors shall be deemed authorized but not directed to pay the additional compensation sought.

      7.      Notwithstanding the foregoing, the procedures for payment of fees and disbursements to each of: (a) Baker & Daniels; (b) Butzel, Long; (c) Cadwalader Wickersham & Taft LLP; (d) Covington & Burling LLP; (e) Cantor Colburn LLP; (f) Equis Corporation; (g) Ernst & Young LLP; (h) Howard & Howard Attorneys, P.C.; (i) Jones Day; (j) Jones Lang LaSalle; (k) Price, Heneveld, Cooper, DeWitt; (l) Rader Fishman & Grauer; and (m) Wilmer

Cutler Pickering Hale & Door, LLP (collectively, the "Key Ordinary Course Professionals") shall be the subject of a protocol to be established by the Joint Fee Review Committee, as contemplated by the Motion For Administrative Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Professionals, dated October 8, 2005.  Each of the Key Ordinary Course Professionals be and hereby is (a) authorized to continue to render services to the Debtors pending the establishment of such protocol and (b) not required to file a formal retention application unless required to do so by the Joint Fee Review Committee.

        8.      No later than 60 days after the entry of this Order, each Ordinary Course Professional, excluding any De Minimis Ordinary Course Professional (as defined below), who is an attorney located in the United States, shall file with this Court, and serve on the Interested Parties, an Affidavit of Ordinary Course Professional (the "Affidavit"), substantially in the form of the affidavit attached as <u>Exhibit 2</u> to this Order.

        9.      Ordinary Course Professionals located outside of the United States shall not be required to file and serve an Affidavit, and their retention shall nonetheless be fully effective and final.

        10.      The Debtors are authorized but not directed to employ and retain additional Ordinary Course Professionals in their sole discretion without the need to file individual retention applications for each by filing with this Court a supplement to <u>Exhibit 1</u> to this Order (the "Supplement").  The Supplement shall set forth the name of the additional Ordinary Course Professional and whether such professional is to be a Key Ordinary Course Professional, along with a brief description of the services to be rendered, and shall be served

4

upon the U.S. Trustee, counsel for the Creditors' Committee, and counsel for the agent under the Debtors' proposed postpetition credit facility.

11.     For the purposes of complying with the Rule 2014 affidavit requirement above, the 60-day requirement for the additional Ordinary Course Professionals who are attorneys will run from the Debtors' filing of the Supplement with this Court.

12.     The U.S. Trustee, the Creditors' Committee, and the Debtors' postpetition lenders shall have 20 days after receipt of each Ordinary Course Professional's Affidavit (the "Affidavit Objection Deadline") to object to the retention of such Ordinary Course Professional. Such objections shall be served upon the Interested Parties and the Ordinary Course Professional on or before the Affidavit Objection Deadline. If any such objection cannot be resolved within 20 days after the Affidavit Objection Deadline, the matter shall be scheduled for hearing before this Court at the next regularly-scheduled omnibus hearing or date otherwise agreeable to the Ordinary Course Professional, the Debtors, and the U.S. Trustee. If no objection is submitted on or before the Affidavit Objection Deadline, or if any objection submitted is timely resolved as set forth above, the Debtors shall be authorized, without further order of this Court, to retain such professional as a final matter.

13.     The Debtors are authorized to pay, in the ordinary course of business, those legal professionals whose services do not result in fees and disbursements in excess of $5,000 per month per legal professional (collectively, the "De Minimis Ordinary Course Professionals") without the need to (a) file a formal application to this Court, (b) be scheduled on <u>Exhibit 1</u> hereto or on any Supplement, or (c) file an Affidavit. A De Minimis Ordinary Course Professional may be paid, subject to the limit set forth above, 100% of the fees and

5

disbursements incurred upon submission of appropriate invoices setting forth in reasonable detail the nature of the services rendered and disbursements incurred.

    14. If in any month a De Minimis Ordinary Course Professional exceeds the $5,000 monthly limit, such professional shall be required to (a) complete and serve an Affidavit in accordance with paragraph 8 of this Order and (b) submit a monthly fee statement in accordance with paragraphs 5 and 6 of this Order, to receive further compensation.

    15. The U.S. Trustee shall then have 15 days following such service to notify the Debtors in writing of any objections to the retention of the De Minimis Ordinary Course Professional stemming from the contents of the Affidavit. If after 15 days no objection is filed, the De Minimis Ordinary Course Professional shall be retained as an Ordinary Course Professional and be subject to all provisions in this Order regarding Ordinary Course Professionals. No De Minimis Ordinary Course Professional who has exceeded the applicable limit shall be paid any amounts in excess of such limits for invoiced fees and expense reimbursement until the Affidavit has been filed with this Court and the objection deadline has passed.

    16. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

17. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
         October __, 2005

  
_____
UNITED STATES BANKRUPTCY JUDGE