UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
:
   In re                                                   :
:   Chapter 11
DELPHI CORPORATION, et al.,            :
:   Case No.  05 – 44481 (RDD)
              Debtors.                     :
:   (Jointly Administered)
:
-----------------------------------------------------------x

ORDER UNDER 11 U.S.C. § 503(b) CONFIRMING GRANT OF
ADMINISTRATIVE EXPENSE STATUS TO OBLIGATIONS ARISING FROM
POSTPETITION DELIVERY OF GOODS AND AUTHORIZING DEBTORS TO PAY
SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS

("ADMINISTRATIVE EXPENSE ORDER")

       Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. § 503(b) confirming the grant of administrative expense status to obligations arising from postpetition delivery of goods; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. The subcontractors, suppliers, and vendors shall have administrative expense priority claims under 11 U.S.C. § 503(b) for those undisputed obligations arising from prepetition purchase orders outstanding on the Petition Date relating to materials, supplies, goods, products, and related items received and accepted by the Debtors on or subsequent to the Petition Date.

3. The Debtors are authorized but not directed to honor or pay those obligations arising from the postpetition delivery of goods ordered by the Debtors before the Petition Date. For purposes of this Order, goods shall be deemed to be delivered to the Debtors postpetition (a) if possession or control of such goods is transferred to the Debtors on or after the Petition Date or (b) if, pursuant to a contract or applicable nonbankruptcy law, risk of loss of such goods passes to the Debtors on or after the Petition Date.

4. The payment of an obligation arising from the Outstanding Orders shall not preclude the Debtors from contesting the validity of such amounts claimed to be due.

5. Nothing contained in the Motion or in this Order shall be deemed to constitute an assumption, adoption, or rejection of any executory contract or agreement between the Debtors and any third party.

6. The entry of this Order is final; provided, however, that (a) within ten business days after the official committee of unsecured creditors (the "Creditors' Committee") has been formed and retained counsel, the Creditors' Committee may object to the prospective application of this Order from and after the date of such objection, (b) if any such objection is

timely made, it shall be heard at the next regularly-scheduled omnibus hearing in these cases, and (c) pending such hearing, this Order shall remain in full force and effect.

7. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

8. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
         October 13, 2005

        /s/ ROBERT D. DRAIN
        UNITED STATES BANKRUPTCY JUDGE