UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                              :
    In re                                             :
                                             :   Chapter 11
DELPHI CORPORATION, et al.,               :
                                             :   Case No.  05 – 44481 (RDD)
                          Debtors.       :
                                             :   (Jointly Administered)
                                             :
------------------------------------------------------------x

ORDER UNDER 11 U.S.C. §§ 105(a), 363, 1107, AND 1108
AUTHORIZING DEBTORS TO HONOR PREPETITION
OBLIGATIONS TO CUSTOMERS AND OTHERWISE CONTINUE
<u>CUSTOMER PROGRAMS IN THE ORDINARY COURSE OF BUSINESS</u>

("CUSTOMER PROGRAMS ORDER")

      Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under sections 105, 363, 1107, and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), authorizing the Debtors to honor certain obligations to customers and to otherwise continue certain customer programs (collectively, the "Customer Programs") in the ordinary course of business; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. The Debtors be, and they hereby are, authorized but not directed, in their business judgment to (a) perform certain of their prepetition obligations related to the Customer Programs as they determine advisable and (b) continue, renew, replace, implement new, and/or, terminate those Customer Programs as they see fit, in the ordinary course of business and without further application to this Court.

3. Nothing contained in the Motion or in this Order shall (a) be deemed to constitute an approval, assumption, adoption, or rejection of any executory contract or agreement between the Debtors and any third party or (b) authorize the Debtors or any other party to amend or modify any executory contract without further order of the Court.

4. Nothing contained in the Motion or in this Order shall constitute, or shall be construed as, an admission by the Debtors that the full term of the Debtors' prepetition warranty programs which provide that the components supplied to the Debtors' original equipment manufacturer ("OEM") customers and integrated into such customers' products, or the service parts supplied to the Debtors' original equipment manufacturer customers, will be, inter alia, free from defects in material and workmanship, is enforceable.

5. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

       7.    Service of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

       8.    The entry of this Order is final; <u>provided</u>, <u>however</u>, that (a) within ten business days after the official committee of unsecured creditors (the "Creditors' Committee") has been formed and retained counsel, the Creditors' Committee may object to the prospective application of this Order from and after the date of such objection, (b) if any such objection is timely made, it shall be heard at the next regularly-scheduled omnibus hearing in these cases, and (c) pending such hearing, this Order shall remain in full force and effect.

       9.    The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
            October 13, 2005

            /s/ ROBERT D. DRAIN
            UNITED STATES BANKRUPTCY JUDGE