UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                                          :
    In re                                                           :
                                                                    : Chapter 11
DELPHI CORPORATION, et al.,            :
                                                                    : Case No.  05 – 44481 (RDD)
                        Debtors.                  :
                                                                    : (Jointly Administered)
                                                                    :
------------------------------------------------------------x

ORDER UNDER 11 U.S.C. §§ 105(a), 363, 1107, AND 1108
AUTHORIZING (I) PAYMENT OF PREPETITION OBLIGATIONS
TO FOREIGN CREDITORS AND (II) FINANCIAL INSTITUTIONS
TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS

("FOREIGN CREDITORS ORDER")

        Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under sections 105, 363, 1107, and 1108 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), authorizing (a) the Debtors to pay, in the ordinary course of business, as and when due, any prepetition claims owing to certain vendors, service providers, regulatory agencies, and governments located in foreign jurisdictions (the "Foreign Creditors") and (b) financial institutions to honor any prepetition checks drawn or fund transfer requests made for payment of claims owing to Foreign Creditors; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day

Orders, sworn to October 8, 2005; and upon the record of the hearing held on the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.  The Motion is GRANTED as provided herein.

2.  The Debtors are hereby authorized but not required to pay, in their discretion and in the ordinary course of business, as and when due, any claim held by a Foreign Creditor (the "Foreign Claims"); provided, however, that the terms "Foreign Creditor" and "Foreign Creditors" shall not include foreign vendors, service providers, or other non-governmental entities if such entities are known to have assets within the United States that would be subject to the jurisdiction of this Court and that would be available to satisfy a judgment entered by this Court if such entities were to violate the automatic stay provisions of section 362 of the Bankruptcy Code or otherwise take any action contrary to an order of this Court or the provisions of the Bankruptcy Code; provided further, however, that, notwithstanding the foregoing clause, the terms "Foreign Creditor" and "Foreign Creditors" shall include foreign vendors, service providers, or other entities that are located in jurisdictions, including,

without limitation, Brazil, where the Debtors' failure to pay such entities' prepetition claims could cause such entity to lose its legal ability to export goods to the Debtors.

3.  In return for payment of the Foreign Claims in the ordinary course of business, unless otherwise waived by the Debtors in their sole discretion, the Foreign Creditors are hereby required to continue to provide goods and services to the Debtors on the most favorable terms in effect between such supplier and the Debtors in the twelve months prior to the Petition Date or on such other favorable terms as the Debtors and the Foreign Creditor may otherwise agree ("Customary Trade Terms").  The Customary Trade Terms shall apply for the remaining term of the Foreign Creditor's agreement with the Debtors, as long as the Debtors agree to pay for such goods in accordance with such terms.

4.  If any Foreign Creditor accepts payment on account of a prepetition obligation of the Debtors and thereafter does not continue to provide services to the Debtors on Customary Trade Terms, any payments made shall be deemed an avoidable postpetition transfer under section 549 of the Bankruptcy Code and shall be recoverable by the Debtors in cash upon written request.  Upon recovery by the Debtors, the claim shall be reinstated as a prepetition claim in the amount so recovered.  The Debtors are hereby authorized but not directed to obtain written verification, before issuing payment to a Foreign Creditor, that such Foreign Creditor will, if relevant, continue to provide goods and services to the Debtors on Customary Trade Terms for the remaining term of the Foreign Creditor's agreement with the

Debtors; provided, however, that the absence of such written verification will not limit the Debtors' rights hereunder.

    5. All applicable banks and other financial institutions are hereby authorized and required to receive, process, honor, and pay any and all checks and transfer requests evidencing amounts paid by the Debtors under this Order whether presented prior to or after the Petition Date. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order.

    6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is it intended to constitute, the assumption or adoption of any contract or agreement under 11 U.S.C. § 365.

    7. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

    8. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order, and the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

    9. The entry of this Order is final; provided, however, that (a) within ten business days after the official committee of unsecured creditors (the

"Creditors' Committee") has been formed and retained counsel, the Creditors' Committee may object to the prospective application of this Order from and after the date of such objection, and (b) within ten business days of the date of entry hereof, the agent for the Debtors' prepetition banks (the "Agent") may object to the prospective application of this Order from and after the date of such objection; provided further, that if any such objection is timely made by the Creditors' Committee or the Agent, such objection shall be heard at the next regularly-scheduled omnibus hearing in these cases, and (c) pending such hearing, this Order shall remain in full force and effect.

10. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

11. Service of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

12. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
         October 13, 2005

/s/ ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE