UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                            :
   In re                                   :
                                            :  Chapter 11
DELPHI CORPORATION, et al.,                 :
                                            :  Case No.  05 – 44481 (RDD)
                   Debtors.              :
                                            :  (Jointly Administered)
                                            :
------------------------------------------------------------x

INTERIM ORDER UNDER 11 U.S.C. §§ 363 AND 553 AUTHORIZING
(I) CONTINUED MAINTENANCE OF EXISTING BANK ACCOUNTS, (II) CONTINUED
USE OF EXISTING CASH MANAGEMENT SYSTEM, (III) CONTINUED USE OF
EXISTING BUSINESS FORMS, (IV) PRESERVATION AND EXERCISE OF
INTERCOMPANY SETOFF RIGHTS, AND (V) GRANT OF ADMINISTRATIVE
<u>STATUS FOR POSTPETITION INTERCOMPANY TRANSACTIONS</u>

("CASH MANAGEMENT ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"),[1] of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Interim Order") under sections 363 and 553 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), authorizing the (a) continued maintenance of existing bank accounts, (b) continued use of existing cash management systems, (c) continued use of existing business forms, (d) preservation and exercise of intercompany setoff rights, and (e) grant of administrative status for postpetition intercompany transactions; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005; and upon the record of the hearing held on the Motion; and the Court

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED on an interim basis as provided herein.

2. <u>Maintenance Of Bank Accounts</u>. Pursuant to section 363 of the Bankruptcy Code, the Debtors, in their discretion, are authorized and empowered to: (a) designate, maintain, and continue to use any and all of their respective miscellaneous depository, receipt, concentration, payroll disbursement, and nonpayroll disbursement accounts (collectively, the "Prepetition Bank Accounts") in existence as of October 8, 2005 (the "Petition Date"), with the same account numbers, including, without limitation, the accounts identified in <u>Exhibit A</u> attached hereto at the financial institutions identified therein (collectively, the "Banks"), regardless of whether such financial institutions are designated depositories in the Southern District of New York, (b) if necessary, open new accounts and give the Office of the United States Trustee (the "U.S. Trustee") and the statutory committee of unsecured creditors prompt notice of each such newly-opened account, wherever it is needed, regardless of whether the financial institution maintaining such account is a designated depository in the Southern District of New York (such new accounts, together with the Prepetition Bank Accounts, are hereinafter referred to as the "Bank Accounts"), (c) treat the Bank Accounts and any such newly-opened accounts for all purposes as accounts of the Debtors in their capacity as debtors-in-possession, and (d) close any Bank Account; <u>provided</u>, <u>however</u>, that the Debtors and the U.S. Trustee shall

have until February 7, 2006 to reach a consensual agreement with respect to the Debtors use of accounts at financial institutions that are not designated depositories in the Southern District of New York (the "Reserved Issue"); provided, further, that, if the Debtors and the U.S. Trustee have not reached an agreement with respect to the Reserved Issue by February 7, 2006, the U.S. Trustee may, but shall not be required to, file a statement or motion by February 2, 2006, in accordance with this Court's Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, And (III) Scheduling Initial Case Conference In Accordance With Local Bankr. R. 1007-2(e), requesting this Court to resolve the Reserved Issue at the next regularly-scheduled omnibus hearing.

       3. Checks. The Debtors shall, as soon as reasonably practicable, cause the phrase "Debtor-in-Possession" to be included on their checks issued within the United States.

       4. Cash Management Systems. The Debtors are authorized to continue to use their existing cash management systems, as generally delineated in the flow charts attached as Exhibit B hereto, and shall maintain through the use thereof detailed records reflecting all transfers of funds, including intercompany services and corresponding transfers among appropriate intercompany accounts (collectively, the "Intercompany Transactions"), under the terms and conditions provided for by the existing agreements with the institutions participating in the Debtors' cash management systems, except as modified by this Order. In connection with the ongoing utilization of their cash management systems, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions, including Intercompany Transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts.

5. After the Petition Date, and subject to the terms of this Order, all banks at which the Bank Accounts are maintained are authorized and directed to continue to administer the Bank Accounts as such accounts were maintained prepetition, without interruption and in the usual and ordinary course, and to pay any and all checks, wire transfers, automated clearing house ("ACH") transfers, electronic fund transfers, or other items presented, issued, or drawn on any of the Bank Accounts; <u>provided</u>, <u>however</u>, that unless otherwise ordered by this Court, no checks, drafts, ACH transfers (excluding any ACH transfer the banks are obligated to settle), or other items presented, issued, or drawn on any of the Bank Accounts prior to the Petition Date shall be honored.

6. Each Bank at which a disbursement account is maintained shall implement reasonable handling procedures designed to effectuate the terms of this Order.  No Bank which implements such handling procedures and then honors a prepetition check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtors to honor such prepetition check or item,  (b) in good faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as a result of an innocent mistake made despite implementation of such handling procedures, shall be deemed to be liable to the Debtors or their estates or otherwise in violation of this Order.

7. Subject to the provisions of this Order, the Banks are authorized and directed to honor all representations from the Debtors as to which checks should be honored or dishonored and any final payment made by a Bank prior to the Petition Date (including any ACH transfer that the Banks are or become obligated to settle) against any of the Bank Accounts, or any instrument issued by a Bank on behalf of any Debtor pursuant to a "midnight deadline" or

4

otherwise, shall be deemed to be paid prepetition, whether or not actually debited from any Bank Account prepetition.

8. All third party service providers with whom the Debtors directly or indirectly have contracted to provide services in connection with the operation of their cash management systems are authorized and directed to continue to provide to the Debtors those services they provided prior to the Petition Date, until further order of this Court.

9. The Debtors shall indemnify, defend, and hold harmless General Motors Corporation ("GM"), its directors, officers, employees, and agents from and against any losses, claims, damages, costs, expenses, liabilities, or actions (including reasonable attorneys' fees) arising out of the performance or failure to perform vendor and payroll disbursement processing services under that certain Financial Services Supply Agreement between GM and Delphi Automotive Systems LLC dated as of December 16, 1998 (the "FSS Agreement"), except that no indemnification shall be provided by the Debtors under this Order or under the FSS Agreement to the extent that GM has committed gross negligence or willful misconduct.

10. <u>Intercompany Transfers And Setoff</u>. The Debtors are authorized, from and after the Petition Date, to continue to engage in the Intercompany Transactions in the ordinary course of the Debtors' businesses.

11. Notwithstanding anything to the contrary set forth in the Motion, all intercompany claims for trade indebtedness and intercompany loans incurred in the ordinary course of business by and among the Debtors and any of their non-Debtor affiliates arising after the Petition Date are accorded administrative priority status pursuant to section 507(a)(1) of the Bankruptcy Code.

12. The Debtors and their non-Debtor affiliates are authorized to set off prepetition obligations arising on account of Intercompany Transactions between a Debtor and another Debtor, or between a Debtor and a non-Debtor, in accordance with their existing practices regarding the monthly netting of intercompany payables and receivables.

13. The Debtors are hereby authorized to execute any additional documents as may be required to carry out the intent and purpose of this Order.

14. The Debtors shall serve a copy of this Order and a notice of the final hearing on the Motion, currently scheduled for October 27, 2005 at 10:00 a.m., (i) by overnight mail on each of the Banks and the Pension Benefit Guaranty Corporation within two business days of the entry of this Order and (ii) on all other parties in interest in accordance with the Case Management Order.

15. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

16. This Interim Order shall remain in full force and effect until such time as this Court enters an order ruling on the Motion on a final basis.

17. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

18. Each of the banks at which the Bank Accounts are maintained is hereby authorized to credit, debit, and/or refund amounts in the ordinary course of business to and/or from the Bank Accounts it maintains in respect of returned items, chargebacks, or other cash

management losses and unpaid fees regardless of whether any such returned items, chargebacks,

losses, or unpaid fees were incurred or first became due prior to or after the Petition Date.

Dated:  New York, New York
        October 14, 2005

                                         /s/ ROBERT D. DRAIN
                                         UNITED STATES BANKRUPTCY JUDGE