```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                        :
         In re                          :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                        Debtors.        :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

INTERIM ORDER UNDER 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014
AND 2016 (I) AUTHORIZING EMPLOYMENT AND RETENTION OF
FTI CONSULTING, INC. AS RESTRUCTURING AND FINANCIAL ADVISORS
TO DEBTORS AND (II) SCHEDULING FINAL HEARING THEREON

("FTI RETENTION INTERIM ORDER")

Upon the application, dated October 8, 2005 (the "Application"), of Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an interim order (the "Interim Order") under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 and 2016 (a) authorizing the employment and retention of FTI Consulting, Inc. (together with its wholly owned subsidiaries, agents, independent contractors, and employees, "FTI") as restructuring and financial advisors to the Debtors and (b) scheduling a final hearing thereon; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005, and upon the Affidavit of Randall S. Eisenberg, sworn to October 7, 2005, in support of the Application; and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Application is GRANTED on an interim basis.

2. Subject to the terms of this Interim Order, the Debtors' employment of FTI as their restructuring and financial advisors, in accordance with the letter agreement attached hereto as <u>Exhibit 1</u>, the dispute resolution procedures attached hereto as <u>Exhibit 2</u>, and this Interim Order, is approved pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), effective as of the date of the Application.

3. FTI shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court; <u>provided</u>, <u>however</u>, that with regard to assistance rendered postpetition to the Debtors in responding to and tracking calls received from suppliers in a vendor communication room, including the production of various management reports reflecting call center activity, FTI shall only be required to maintain contemporaneous time records in half-hour increments.

4. To the extent accrued during this interim retention, FTI shall receive only (a) its hourly fees and (b) reimbursement of FTI's expenses.

5. Any requests by FTI for indemnification or other payments from the Debtors shall be made by means of an application (interim or final, as the case may be) to this Court and shall be subject to review by this Court; <u>provided</u>, <u>however</u>, that in no event shall FTI be

2

indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

      6.    In no event shall FTI be indemnified nor shall its liability be limited if the Debtors or a representative of their estates asserts a claim for, and a court determines by final order that such claim arose out of, FTI's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

      7.    In the event that FTI seeks reimbursement for attorneys' fees from the Debtors pursuant to the Application, the invoices and supporting time records from such attorneys shall be included in FTI's own applications (both interim and final) and such invoices and time records shall be subject to the Office of the United States Trustee's guidelines for compensation and reimbursement of expenses and approval of this Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

      8.    This Interim Order shall remain in full force and effect until such time as this Court enters an order ruling on the Application on a final basis.

      9.    The Debtors shall serve a notice of the final hearing to approve the Application (the "Notice"), substantially in the form attached hereto as Exhibit 3, on (a) the Office of the United States Trustee, (b) the Debtors' 50 largest unsecured creditors, (c) counsel for the agent under the Debtors' prepetition credit facility, (d) counsel for the agent under the Debtors' proposed postpetition credit facility, and (e) any committee appointed under section 1102 of the Bankruptcy Code. Notice served pursuant to the preceding sentence shall be via first

class mail, postage prepaid. No further notice of the final hearing to approve the Application or of the entry of this Interim Order need be served by the Debtors.

10. Objections, if any, to approval of the Application on a final basis must be in writing and filed timely in accordance with the requirements set forth in the Notice. There shall be a hearing held on October 27, 2005 at 10:00 a.m. (Prevailing Eastern Time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, to determine whether to approve, on a final basis, the retention of FTI on the terms described in the Application.

11. Any party-in-interest shall have the right to raise the issue of the application of FTI's prepetition retainer to postpetition fees and expenses incurred at any time.

12. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

13. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated: New York, New York
       October 14, 2005

                                              /s/ ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

ENGAGEMENT LETTER

SEE SEPARATELY ATTACHED EXHIBIT.

# EXHIBIT 2

D<span style="font-variant:small-caps">ispute</span> R<span style="font-variant:small-caps">esolution</span> P<span style="font-variant:small-caps">rocedures</span>

## **Dispute Resolution Procedures**

The following procedures shall be used to resolve any controversy or claim ("dispute") as provided in this Agreement.  If any of these provisions are determined to be invalid or unenforceable, the remaining provisions shall remain in effect and binding the parties to the fullest extent permitted by law.

**Mediation**
A dispute shall be submitted to mediation by written notice to the other party or parties.  In the mediation process, the parties will try to resolve their differences voluntarily with the aid of an impartial mediator, who will attempt to facilitate negotiations.  The mediator will be selected by agreement of the parties.  If the parties cannot agree on a mediator, a mediator will be designated by the American Arbitration Association ("AAA") or JAMS/Endispute at the request of a party.  Any mediator so designated must be acceptable to all parties.

The mediation will be conducted as specified by the mediator and agreed upon by the parties.  The parties agree to discuss their differences in good faith and to attempt, with the assistance of the mediator, to reach an amicable resolution of the dispute.

The mediation will be treated as a settlement discussion and therefore will be confidential.  The mediator may not testify for either party in any later proceeding relating to the dispute.  No recording or transcript of shall be made of the mediation proceedings.

Each party will bear its own costs in mediation.  The fees and expenses of the mediator will be shared equally by the parties.

**Arbitration**
If a dispute has not been resolved within 90 days after the written notice beginning the mediation process (or a longer period, if the parties agree to extend the mediation), the mediation shall terminate and the dispute will be settled by arbitration and judgment on the award rendered by the arbitration may be entered in any court having jurisdiction thereof.  The arbitration will be conducted in accordance with the procedures in this document and the Arbitration Rules for Professional Accounting and Related Services Disputes of the AAA ("AAA Rules").

## EXHIBIT 3
NOTICE

        **Hearing Date: October 27, 2005, 10:00 a.m.**
        **Objection Deadline: October 24, 2005, 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                     :
    In re                           :        Chapter 11
                                     :
DELPHI CORPORATION, et al.,     :        Case No. 05-44481 (RDD)
                                     :
                  Debtors.    :        (Jointly Administered)
                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

           NOTICE OF APPLICATION AND ENTRY OF INTERIM
       ORDER UNDER 11 U.S.C. § 327(a) AND FED. R. BANKR. P.
    2014 AND 2016 (I) AUTHORIZING RETENTION AND EMPLOYMENT OF FTI
          CONSULTING, INC. AS RESTRUCTURING AND FINANCIAL
  <u>ADVISORS TO DEBTORS AND (II) SCHEDULING  FINAL HEARING THEREON</u>

PLEASE TAKE NOTICE that on October 8, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed the Application For Order Under 11 U.S.C. §327(a) And Fed. R. Bankr. P. 2014 And 2016 (I) Authorizing Employment And Retention Of FTI Consulting, Inc. As Restructuring And Financial Advisors To Debtors And (II) Scheduling Final Hearing Thereon (the "Application").

PLEASE TAKE FURTHER NOTICE that on October __, 2005, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an interim order granting the relief requested in the Application, a copy of which is enclosed herewith.

PLEASE TAKE FURTHER NOTICE that a hearing ("the Hearing") to consider approval of the Application on a final basis will be held on October 27, 2005, at 10:00 a.m. (Prevailing Eastern Time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that objections, if any, to approval of the Application on a final basis must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties in interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, and (e) be served

Note:  To the extent a listed entity has filed for chapter 11, FTI may represent the Company, its lenders or Unsecured Creditors' Committee.

upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) FTI Consulting, Inc., 3 Times Square, 11th Floor, New York, New York 10036 (Att'n: Randall S. Eisenberg), (iv) special counsel to the Debtors, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022 (Att'n: Douglas P. Bartner), (v) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n: Marissa Wesley), (vi) counsel for the agent under the Debtors' proposed postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Marlane Melican), (vii) counsel to any official committee formed in these cases, and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be **received** no later than **4:00 p.m. (Prevailing Eastern Time)** on **October 24, 2005** (the "Objection Deadline").

Note: To the extent a listed entity has filed for chapter 11, FTI may represent the Company, its lenders or Unsecured Creditors' Committee.

PLEASE TAKE FURTHER NOTICE that only those objections made in writing and filed timely and received by the Objection Deadline will be considered by the Bankruptcy Court at the Hearing. If no objections to the Application are filed timely and served in accordance with the procedures set forth herein, the Bankruptcy Court may enter a final order granting the Application without further notice.

Dated:  New York, New York
        October __, 2005

           SKADDEN, ARPS, SLATE, MEAGHER
            & FLOM LLP

           By: _____
            John Wm. Butler, Jr.
            John K. Lyons
            Ron E. Meisler
           333 West Wacker Drive, Suite 2100
           Chicago, Illinois  60606
           (312) 407-0700

            - and -

           By: _____
            Kayalyn A. Marafioti (KM 9632)
            Thomas J. Matz (TM 5986)
           Four Times Square
           New York, New York 10036
           (212) 735-3000

           Attorneys for Delphi Corporation, et al.,
            Debtors and Debtors-in-Possession

Note:  To the extent a listed entity has filed for chapter 11, FTI may represent the Company, its lenders or Unsecured Creditors' Committee.