UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
          In re                           :     Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :     Case No. 05-44481 (RDD)
                                          :
                          Debtors.        :     (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

INTERIM ORDER UNDER 28 U.S.C. § 156(c) AUTHORIZING RETENTION AND
APPOINTMENT OF KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS,
NOTICING, AND BALLOTING AGENT FOR CLERK OF BANKRUPTCY COURT

("KCC RETENTION INTERIM ORDER")

          Upon the application, dated October 8, 2005 (the "Application"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an interim order (the "Interim Order")

under 28 U.S.C. § 156(c) authorizing the retention and employment of Kurtzman Carson

Consultants LLC (collectively with its servants, agents, employees, licensees, and

subcontractors, "KCC") as claims, noticing, and balloting agent (the "Claims Agent") of the

Clerk of the Bankruptcy Court for the Southern District of New York, Manhattan Division (the

"Clerk"), pursuant to the terms of the Agreement For Services attached hereto as Exhibit 1 (the

"Services Agreement"), to among other things (a) distribute required notices to parties-in-

interest, (b) receive, maintain, docket, and otherwise administer the proofs of claims filed in the

these chapter 11 cases, (c) tabulate acceptances and rejections of the Debtors' plan(s) of

reorganization, and (d) provide such other administrative services that the Debtors may require;

and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day

Orders, sworn to October 8, 2005, and upon the affidavit of Eric S. Kurtzman, sworn to October

5, 2005, in support of the Application; and this Court having determined that the relief requested

in the Application is in the best interests of the Debtors, their estates, their creditors, and other

parties-in-interest; and it appearing that proper and adequate notice of the Application has been

given and that no other or further notice is necessary; and after due deliberation thereon; and

good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Application is GRANTED on an interim basis.

2.      Subject to the terms of this Interim Order and pursuant to Rule 2002 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 28 U.S.C. § 156(c), each

of the Debtors is authorized to retain KCC, effective as of the date of the Application, to perform

the services set forth in the Application, pursuant to the terms of the Services Agreement, and to

receive, maintain, record, and otherwise administer the proofs of claim filed in these chapter 11

cases.

3.      KCC is appointed as agent for the Clerk and as custodian of court records

and, as such, is designated as the authorized repository for all proofs of claim filed in these

chapter 11 cases and is authorized and directed to maintain official claims registers for each of

the Debtors, and to provide the Clerk access to the electronic record maintained by KCC or as

with a certified duplicate thereof on a weekly basis unless otherwise directed by the Clerk.

4.      KCC is authorized and directed to perform all services related to

processing the proofs of claim and maintaining a claims register, which services include, without

limitation:

(a)     notifying all potential creditors of the filing of the Debtors' bankruptcy
        petitions and of the setting of the first meeting of creditors, pursuant to
        section 341(a) of title 11 of the United States Code, 11 U.S.C.
        §§ 101-1330, as amended (the "Bankruptcy Code"), under the proper
        provisions of the Bankruptcy Code and the Bankruptcy Rules;

(b)    maintaining an official copy of the Debtors' schedules of assets and liabilities and statement of financial affairs (collectively, the "Schedules"), listing the Debtors' known creditors and the amounts owed thereto;

(c)    notifying all potential creditors of the existence and amount of their respective claims as evidenced by the Debtors' books and records and as set forth in the Schedules;

(d)    furnishing a notice of the last date for the filing of proofs of claims and a form for the filing of a proof of claim, after such notice and form are approved by this Court;

(e)    filing with the Clerk an affidavit or certificate of service with a copy of the notice, a list of persons to whom it was mailed (in alphabetical order), and the date the notice was mailed, within ten days of service;

(f)    docketing all claims received, maintaining the official claims registers (the "Claims Registers") for each Debtor on behalf of the Clerk, and providing the Clerk with access to the electronic record maintained by KCC, unless otherwise directed;

(g)    specifying, in the applicable Claims Register, the following information for each claim docketed:  (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and, if applicable, the agent who filed the claim, and (iv) the classification(s) of the claim (e.g., secured, unsecured, priority, etc.);

(h)    relocating, by messenger, all of the actual proofs of claim filed from the court to KCC, not less than weekly;

(i)    recording all transfers of claims and providing any notices of such transfers required by Bankruptcy Rule 3001;

(j)    making changes in the Claims Registers pursuant to orders of this Court;

(k)    upon completion of the docketing process for all claims received to date by the Clerk's office, turning over to the Clerk all electronic records of the Claims Registers for the Clerk's review;

(l)    maintaining the official mailing list for each Debtor of all entities that have filed a proof of claim, and notices of appearances which list shall be available upon request by a party-in-interest or the Clerk;

(m)    assisting with, among other things, solicitation and calculation of votes and distribution as required in furtherance of confirmation of plan(s) of reorganization;

(n)     30 days prior to the close of these chapter 11 cases, submitting an order dismissing KCC as the Claims Agent and terminating the services of KCC as the Claims Agent upon completion of its duties and responsibilities and upon the closing of these chapter 11 cases; and

(o)     at the close of these chapter 11 cases, boxing and transporting all original documents in proper format, as provided by the Clerk's office, to the Federal and Records Administration.

5.      The Debtors are authorized and directed to obtain a special post office box for the receipt of proofs of claim.

6.      KCC is authorized to take such other action as is necessary to comply with all duties set forth in the Application.

7.      The Debtors are authorized to compensate KCC on a monthly basis, in accordance with the Services Agreement, upon the receipt of reasonably detailed invoices setting forth the services provided by KCC in the prior month and the rates charged for each, and to reimburse KCC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation; provided that KCC shall not charge in excess of the amounts that would be charged by the Clerk for services that would otherwise be performed by the Clerk.

8.      If any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, KCC will continue to be paid for its services until the claims filed in the chapter 11 cases have been processed completely; if claims agent representation is necessary in the converted chapter 7 case(s), KCC will continue to be paid in accordance with 28 U.S.C. §156(c) under the terms set out herein.

9.      In the event that KCC is unable to provide the services set out in this Interim Order, KCC immediately shall notify the Clerk and Debtors' counsel and cause to have all original proofs of claim and computer information turned over to another claims agent with the advice and consent of the Clerk and Debtors' counsel.

10.     KCC shall notify promptly the Clerk, the Court, and the Debtors in the event that KCC or any affiliate of KCC becomes a creditor or party-in-interest in these chapter 11 cases.

11.     The Debtors shall serve a notice of the final hearing to approve the Application (the "Notice"), substantially in the form attached hereto as <u>Exhibit 2</u>, on (a) the Office of the United States Trustee, (b) the Debtors' 50 largest unsecured creditors, (c) counsel for the agent under the Debtors' prepetition credit facility, (d) counsel for the agent under the Debtors' proposed postpetition credit facility, and (e) any committee appointed under section 1102 of the Bankruptcy Code.  Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid.  No further notice of the final hearing to approve the Application or of the entry of this Interim Order need be served by the Debtors.

12.     Objections, if any, to approval of the Application on a final basis must be in writing and filed timely in accordance with the requirements set forth in the Notice.  There shall be a hearing held on October 27, 2005 at 10:00 a.m. (Prevailing Eastern Time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, to determine whether to approve, on a final basis, the retention of KCC on the terms described in the Application.

13.     Any party-in-interest shall have the right to raise the issue of the application of KCC's prepetition retainer to postpetition fees and expenses incurred at any time.

14.     This Court shall retain jurisdiction, to the extent authorized by law, to hear and determine all matters arising from the implementation of this Order.

15.     This Interim Order shall remain in full force and effect until such time as this Court enters an order ruling on the Application on a final basis.

      16.     The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Application.

Dated:     New York, New York
             October 14, 2005

                       /s/ ROBERT D. DRAIN

                       UNITED STATES BANKRUPTCY JUDGE

<u>EXHIBIT 1</u>

Services Agreement

See separately attached exhibit.

<u>EXHIBIT 2</u>

Notice

**Hearing Date: October 27, 2005, 10:00 a.m.**
**Objection Deadline: October 24, 2005, 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
        In re                               :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                    Debtors.                :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NOTICE OF APPLICATION AND ENTRY OF INTERIM ORDER
UNDER 28 U.S.C. § 156(c) AUTHORIZING RETENTION AND APPOINTMENT OF
KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS, NOTICING, AND
BALLOTING AGENT FOR CLERK OF BANKRUPTCY COURT

PLEASE TAKE NOTICE that on October 8, 2005, Delphi Corporation ("Delphi")

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-

captioned cases (collectively, the "Debtors"), filed the Application For Order Under 28 U.S.C.

§156(c) Authorizing Retention And Appointment Of Kurtzman Carson Consultants LLC As

Claims, Noticing, And Balloting Agent For Clerk Of Bankruptcy Court (the "Application").

PLEASE TAKE FURTHER NOTICE that on October __, 2005, the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an

interim order granting the relief requested in the Application, a copy of which is enclosed

herewith.

PLEASE TAKE FURTHER NOTICE that a hearing ("the Hearing") to consider

approval of the Application on a final basis will be held on October 27, 2005, at 10:00 a.m.

(Prevailing Eastern Time) before the Honorable Robert D. Drain, United States Bankruptcy

Court for the Southern District of New York, One Bowling Green, Room 610, New York, New

York 10004.

PLEASE TAKE FURTHER NOTICE that objections, if any, to approval of the

Application on a final basis must (a) be in writing, (b) conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York,

(c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) –

registered users of the Bankruptcy Court's case filing system must file electronically, and all

other parties in interest must file on a 3.5 inch disk (preferably in Portable Document Format

(PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in

hard-copy form directly to the chambers of the Honorable Robert D. Drain, and (e) be served

upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General

Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West

Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) Kurtzman

Carson Consultants LLC, 12910 Culver Boulevard, Suite I, Los Angeles, California 90066

(Att'n:  Eric S. Kurtzman), (iv) special counsel to the Debtors, Shearman & Sterling LLP, 599

Lexington Avenue, New York, New York 10022 (Att'n:  Douglas P. Bartner), (v) counsel for the

agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425

Lexington Avenue, New York, New York 10017 (Att'n:  Marissa Wesley), (vi) counsel for the

agent under the Debtors' proposed postpetition credit facility, Davis Polk & Wardell, 450

Lexington Avenue, New York, New York 10017 (Att'n:  Marlane Melican), (vii) counsel to any

official committee formed in these cases, and (viii) the Office of the United States Trustee for the

Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004

(Att'n:  Alicia M. Leonhard), in each case so as to be **received** no later than **4:00 p.m.**

**(Prevailing Eastern Time)** on **October 24, 2005** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections made in writing
and filed timely and received by the Objection Deadline will be considered by the Bankruptcy
Court at the Hearing.  If no objections to the Application are filed timely and served in
accordance with the procedures set forth herein, the Bankruptcy Court may enter a final order
granting the Application **without further notice.**

Dated:  New York, New York
        October __, 2005

                        SKADDEN, ARPS, SLATE, MEAGHER
                            & FLOM LLP

                        By: _____
                            John Wm. Butler, Jr.
                            John K. Lyons
                            Ron E. Meisler
                        333 West Wacker Drive, Suite 2100
                        Chicago, Illinois  60606
                        (312) 407-0700

                            - and -

                        By: _____
                            Kayalyn A. Marafioti (KM 9632)
                            Thomas J. Matz (TM 5986)
                        Four Times Square
                        New York, New York 10036
                        (212) 735-3000

                        Attorneys for Delphi Corporation, et al.,
                            Debtors and Debtors-in-Possession