UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                         :
       In re                    :     Chapter 11
                         :
DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)
                         :
             Debtors.   :     (Jointly Administered)
                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

INTERIM ORDER UNDER 11 U.S.C. §§ 327(a) AND 328
(I) AUTHORIZING EMPLOYMENT AND RETENTION OF
ROTHSCHILD INC. AS FINANCIAL ADVISOR AND INVESTMENT
<u>BANKER TO DEBTORS AND (II) SCHEDULING FINAL HEARING THEREON</u>

("ROTHSCHILD RETENTION INTERIM ORDER")

           Upon the application, dated October 8, 2005 (the "Application"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an interim

order (the "Interim Order") under 11 U.S.C. §§ 327(a) and 328 (a) authorizing the employment and

retention of Rothschild Inc. ("Rothschild") as financial advisor and investment banker to the

Debtors as of October 8, 2005 (the "Petition Date") and (b) scheduling a final hearing thereon;

and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day

Orders, sworn to October 8, 2005, and upon the Declaration and Statement of David L. Resnick,

a Managing Director at Rothschild, sworn to October 6, 2005, in support of the Application; and

this Court having determined that the relief requested in the Application is in the best interests of

the Debtors, their estates, their creditors, and other parties-in-interest; and this Court being

satisfied that Rothschild is disinterested and represents no interest adverse to the Debtors or their

estates as to the matters upon which Rothschild is to be engaged; and it appearing that proper and

adequate notice of the Application has been given and that no other or further notice is

necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Application is GRANTED on an interim basis.

2.    The Debtors are authorized, effective as of the Petition Date, to employ and retain Rothschild on an interim basis pending a final hearing upon adequate notice as the Debtors' financial advisor and investment banker, on the terms set forth in that certain letter agreement, dated as of May 1, 2005, by and among Rothschild, Rohatyn Associates LLC, and Delphi attached hereto as Exhibit 1 (the "Engagement Letter"), except that Rothschild acknowledges and agrees, notwithstanding any statement to the contrary in the Engagement Letter, that it is not being engaged as and shall not be deemed to be an independent contractor, it being understood that Rothschild shall have no authority to bind, represent, or otherwise act as agent, executor, administrator, trustee, lawyer, or guardian for the Debtors, nor shall Rothschild have the authority to manage money or property of the Debtors, nor shall Rothschild seek any postpetition "opinion fee," notwithstanding the Engagement Letter.

3.    Rothschild will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), any applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), any orders of this Court, and any procedures as may be fixed by order of this Court.

2

4.    To the extent accrued during this interim retention, Rothschild shall receive only (a) its $250,000 per month cash advisory fee and (b) reimbursement of Rothschild's expenses, which, subject to the following paragraph, shall not hereafter be subject to challenge except under the standard of review under section 328(a) of the Bankruptcy Code.

5.    The Office of the United States Trustee retains all rights to object to Rothschild's fee applications (including expense reimbursements) in respect of fees and expenses accruing during the interim period, on all grounds, including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6.    Rothschild shall apply previously unallocated portions of the $250,000 retainer, first, to unpaid prepetition fees and expenses, if any, and second, to postpetition fees and expenses approved by this Court.

7.    All requests of Rothschild for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by this Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based on the circumstances of the litigation or settlement in respect of which such indemnity is sought.

8.    In no event shall Rothschild be indemnified if the Debtors or a representative of their estates asserts a claim for, and a court determines by a final order that such claim arose out of, Rothschild's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

9.    In the event that Rothschild seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Rothschild's own applications (both interim and final), and such

3

invoices and time records shall be subject to the Office of the United States Trustee's guidelines

for compensation and reimbursement of expenses and the approval of this Court under the

standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such

attorneys have been retained under section 327 of the Bankruptcy Code and without regard to

whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

10.    To the extent that any term of this Interim Order is inconsistent with the

Engagement Letter, such term of this Interim Order shall govern.

11.    This Interim Order shall remain in full force and effect until such time as

this Court enters an order ruling on the Application on a final basis.

12.    The Debtors shall serve a notice of the final hearing to approve the

Application (the "Notice"), substantially in the form attached hereto as Exhibit 2, on all known

creditors in these chapter 11 cases.  Notice served pursuant to the preceding sentence shall be via

first class mail, postage prepaid.  No further notice of the final hearing to approve the

Application or of the entry of the Interim Order need be served by the Debtors.

13.    Objections, if any, to approval of the Application on a final basis must be in

writing and filed timely in accordance with the requirements set forth in the Notice.  There shall

be a hearing held on November 29, 2005 at 10:00 a.m. (Prevailing Eastern Time) before the

Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New

York, One Bowling Green, Room 610, New York, New York 10004, to determine whether to

approve, on a final basis, the retention of Rothschild on the terms described in the Application.

14.    Any party-in-interest shall have the right to raise the issue of the application

of Rothschild's prepetition retainer to postpetition fees and expenses incurred at any time.

15. Notwithstanding anything to the contrary in the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, any orders of this Court, or any guidelines regarding

submission and approval of fee applications, Rothschild and its professionals (a) shall only be

required to maintain contemporaneous time records, for services rendered postpetition, in

one-hour increments and (b) shall not be required to conform to or provide any schedule of

hourly rates.

16. This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Interim Order.

17. The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Application.

Dated:    New York, New York
          October 14, 2005


                                        /s/ ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1

ENGAGEMENT LETTER

SEE SEPARATELY ATTACHED EXHIBIT.

## EXHIBIT 2

NOTICE

**Hearing Date: November 29, 2005, 10:00 a.m.**
**Objection Deadline: November 22, 2005, 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                 :
    In re                      :    Chapter 11
                                  :
DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                                :
                Debtors.    :    (Jointly Administered)
                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NOTICE OF APPLICATION AND ENTRY OF INTERIM ORDER
UNDER 11 U.S.C. §§ 327(a) AND 328 (I) AUTHORIZING EMPLOYMENT AND RETENTION
OF ROTHSCHILD INC. AS FINANCIAL ADVISOR AND INVESTMENT <u>BANKER TO
DEBTORS AND (II) SCHEDULING FINAL HEARING THEREON</u>

PLEASE TAKE NOTICE that on October 8, 2005, Delphi Corporation ("Delphi")
and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-
captioned cases (collectively, the "Company" or the "Debtors"), filed the Application For Order
Under 11 U.S.C. §§ 327(a) And 328 (I) Authorizing Employment And Retention Of Rothschild
Inc. As Financial Advisor And Investment Banker To Debtors And (II) Scheduling Final Hearing
Thereon (the "Application").

PLEASE TAKE FURTHER NOTICE that on October __, 2005, the Honorable
Robert D. Drain of the United States Bankruptcy Court for the Southern District of New York
(the "Bankruptcy Court") entered an Interim Order Under 11 U.S.C. §§ 327(a) And 328 (I)
Authorizing Employment And Retention Of Rothschild Inc. As Financial Advisor And
Investment Banker To Debtors And (II) Scheduling Final Hearing Thereon (the "Interim Order")
on an interim basis pending a final hearing on the Application.

PLEASE TAKE FURTHER NOTICE that a hearing ("the Hearing") to consider
approval of the Application on a final basis will be held on November 29, 2005, at 10:00 a.m.
(Prevailing Eastern Time) before the Honorable Robert D. Drain, United States Bankruptcy
Court for the Southern District of New York, One Bowling Green, Room 610, New York, New
York 10004.

PLEASE TAKE FURTHER NOTICE that objections, if any, to approval of the
Application on a final basis must (a) be in writing, (b) conform to the Federal Rules of
Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York,
(c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) –
registered users of the Bankruptcy Court's case filing system must file electronically, and all
other parties in interest must file on a 3.5 inch disk (preferably in Portable Document Format

2

(PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in

hard-copy form directly to the chambers of the Honorable Robert D. Drain, and (e) be served

upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General

Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West

Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) Rothschild

Inc., 1251 Avenue of the Americas, New York, New York 10020, (Att'n:  David L. Resnick),

(iv) special counsel to the Debtors, Shearman & Sterling LLP, 599 Lexington Avenue, New

York, New York 10022 (Att'n:  Douglas P. Bartner), (v) counsel for the agent under the Debtors'

prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York,

New York 10017 (Att'n:  Marissa Wesley), (vi) counsel for the agent under the Debtors'

proposed postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York,

New York 10017 (Att'n:  Marlane Melican), (vii) counsel to any official committee formed in

these cases, and (viii) the Office of the United States Trustee for the Southern District of New

York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M.

Leonhard), in each case so as to be **received** no later than **4:00 p.m. (Prevailing Eastern Time)**

on **November 22, 2005** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that pursuant to the Application, the

Debtors seek to retain Rothschild, pursuant to that certain letter agreement, dated as of May 1,

2005, by and among Rothschild, Rohatyn Associates LLC,[1] and Delphi (the "Engagement

Letter"),[2] to perform, among others, the following services:

(a)    to the extent deemed desirable by the Company, identifying, reviewing, evaluating, and initiating potential Transactions, M&A Transactions, New Capital Raises, or other transactions;

(b)    to the extent Rothschild deems necessary, appropriate, and feasible, or as the Company may request, reviewing and analyzing the Company's assets and the operating and financial strategies of the Company;

(c)    assisting the Company in developing and evaluating a range of strategic alternatives to restructure the Company's legacy liabilities, including without limitation the Company's current labor costs, liabilities for pension, and other post-employment benefits;

(d)    reviewing and analyzing the business plans and financial projections prepared by the Company including, but not limited to, testing assumptions and comparing those assumptions to historical Company and industry trends;

(e)    evaluating the Company's debt capacity in light of its projected cash flows and assisting in the determination of an appropriate capital structure for the Company;

(f)    assisting the Company and its other professionals in reviewing and evaluating the terms of any proposed Transaction, M&A Transaction, New Capital Raise, or other transaction in responding thereto and, if directed, in developing and evaluating alternative proposals for a Transaction, M&A Transaction, New Capital Raise, or other transaction, whether in connection with a plan of reorganization or otherwise;

(g)    determining values and/or ranges of values (as appropriate) for the Company and any securities that the Company offers or proposes to offer in connection with a Transaction, M&A Transaction, New Capital Raise, or other transaction;

---

[1]    Effective October 2, 2005, the employment of Rohatyn Associates LLC under the Engagement Letter was terminated by mutual agreement.

[2]    Capitalized terms used but not defined herein shall have the meanings assigned to them in the Engagement Letter.

4

(h)     determining and evaluating the risks and benefits of considering, initiating, and consummating any Transaction, M&A Transaction, New Capital Raise, or other transaction, including, without limitation, the risks and benefits with respect to the Company's intermediate and long-term business prospects and strategic alternatives to maximize the business enterprise value of the Company, whether pursuant to a plan of reorganization or otherwise;

(i)     reviewing and analyzing any proposals the Company receives from third parties in connection with a Transaction, M&A Transaction, New Capital Raise, or other transaction, including, without limitation, any proposals for debtor-in-possession financing, as appropriate;

(j)     assisting or participating in negotiations with the parties-in-interest, including, without limitation, any current or prospective creditors of, or holders of equity in, or claimants against the Company and/or their respective representatives in connection with a Transaction, M&A Transaction, New Capital Raise, or other transaction;

(k)     advising and attending meetings of the Company's Board of Directors, creditor groups, official constituencies, and other interested parties, as the Company determines to be necessary or desirable;

(l)     if requested by the Company, participating in hearings before this Court and providing relevant testimony with respect to the matters described in the Engagement Letter and with respect to issues arising in connection with any proposed plan of reorganization;

(m)     assisting the Company's internal and external counsel to enable such counsel to provide legal advice to the Company, as contemplated under Section 7 of the Engagement Letter; and

(n)     rendering such other financial advisory and investment banking services as reasonably may be requested by the Company in connection with any of the foregoing.

PLEASE TAKE FURTHER NOTICE that, if its retention is approved, Rothschild will, unless such terms prove to have been improvident in light of developments not capable of being anticipated at the time of the hearing, be entitled to receive compensation as set forth in the Engagement Letter.  In summary, Rothschild will be entitled to receive the following:

(a)     A $250,000 per month cash advisory fee (the "Monthly Fee"), payable in advance on the first day of each month.  The initial Monthly Fee will be pro-rated based on the commencement of services as of the Engagement

5

Letter Date and will be due and payable by the Company upon the execution of the Engagement Letter.

(b)     A fee of $15 million (the "Completion Fee"), due and payable in cash upon the earlier of (i) the effective date of a plan of reorganization that provides for, pursuant to the terms of a binding written agreement, the consummation of a Transaction or (ii) the closing of another Transaction; provided, that Rothschild has agreed to credit against the Completion Fee (a) 50% of any M&A Fees indefeasibly paid (the "M&A Fee Credit"); (b) 50% of any New Capital Fees indefeasibly paid (the "New Capital Fee Credit"); and (c) to the extent not otherwise applied against the fees and expenses of Rothschild under the terms of the Engagement Letter, the Retainer; provided that the sum of the M&A Fee Credit and the New Capital Fee Credit will not exceed the Completion Fee.

(c)     In the case of any M&A Transaction for which Rothschild is designated by the Company as the Company's primary advisor and investment banker and does not arise out of a Transaction for which a Completion Fee is due under the immediately preceding paragraph, a fee (the "M&A Fee") equal to the product of (i) the Aggregate Consideration times (ii) the applicable M&A Fee Percentage, each as specified in Exhibit C to the Engagement Letter, which M&A Fee will be due and payable in cash at the closing of such M&A Transaction.

(d)     A new capital fee (the "New Capital Fee") equal to (i) 1.0% of any senior secured debt raised, (ii) 3.0% of the face amount of any junior secured or senior or subordinated unsecured debt (including any convertible debt) raised, and (iii) 5.0% of any equity or hybrid capital raised (each a "New Capital Raise"), in each case, in which Rothschild is designated by the Company as the Company's primary advisor and investment banker.  The New Capital Fee will be due and payable in cash at the closing of any New Capital Raise; provided, that no New Capital Fee shall become payable in respect of any new capital raised (x) in the event the Company files a chapter 11 case, any debtor-in-possession financing arrangements, (y) from an entity not otherwise participating in or having expressed an interest in participating in a Transaction, or (z) from an Acquirer or an entity having expressed an interest in becoming an Acquirer in connection with the consummation of a Transaction which is intended to occur simultaneously with or within a reasonable period after the closing of such New Capital Raise.

(e)     To the extent the Company requests that Rothschild perform additional services not contemplated by the Engagement Letter, such additional fees as may be mutually agreed upon by Rothschild and the Company, in writing, in advance.

(f)    The Company will reimburse Rothschild for its reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, and the enforcement of the Engagement Letter, including without limitation the reasonable fees, disbursements and other charges of Rothschild's counsel; provided, that the retention of any such counsel will be made only with the Company's consent, which will not be unreasonably withheld except in the case of legal services which are not customarily required in connection with the performance of the services to be provided under the Engagement Letter.  Reasonable expenses will also include, but not be limited to, expenses incurred in connection with travel and lodging, data processing and communication charges, research, and courier services.  The Company will promptly reimburse Rothschild for expenses upon presentation of an invoice or other similar documentation with reasonable detail.

PLEASE TAKE FURTHER NOTICE that if the Application is granted, the Debtors will indemnify and hold Rothschild harmless against liabilities arising out of or in connection with its retention by Debtors except for any such liability for losses, claims, damages or liabilities incurred by the Debtors that are finally judicially determined by a court of competent jurisdiction to have primarily resulted from the bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct of Rothschild.

PLEASE TAKE FURTHER NOTICE that the foregoing summary of certain elements of the retention is not complete and that the full terms of the retention are contained in the Application and the Engagement Letter, which are available for inspection at the clerk's office for the Bankruptcy Court and on the Bankruptcy Court's Internet site at www.nysb.uscourts.gov, through an account obtained from Pacer Service Center at 1-800-676-6856, or on www.delphidocket.com.  To the extent that the summary of the retention terms set forth in this notice conflict with the terms of the Engagement Letter, the terms of the Engagement Letter control.

7

PLEASE TAKE FURTHER NOTICE that only those objections made in writing and filed timely and received by the Objection Deadline will be considered by the Bankruptcy Court at the Hearing.  If no objections to the Application are filed timely and served in accordance with the procedures set forth herein, the Bankruptcy Court may enter a final order granting the Application **without further notice.**

Dated:  New York, New York
　　　　October __, 2005

SKADDEN, ARPS, SLATE, MEAGHER
　& FLOM LLP

By: _____
　　John Wm. Butler, Jr.
　　John K. Lyons
　　Ron E. Meisler
　333 West Wacker Drive, Suite 2100
　Chicago, Illinois  60606
　(312) 407-0700

　　- and -

By: _____
　　Kayalyn A. Marafioti (KM 9632)
　　Thomas J. Matz (TM 5986)
　Four Times Square
　New York, New York 10036
　(212) 735-3000

　Attorneys for Delphi Corporation, et al.,
　　Debtors and Debtors-in-Possession