UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :

      In re                                     :        Chapter 11
                                           :
DELPHI CORPORATION, et al.,             :        Case No. 05-44481 (RDD)
                                           :
                           Debtors.        :        (Jointly Administered)
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

INTERIM ORDER UNDER 11 U.S.C. §§ 327(a) AND 329 AND
FED. R. BANKR. P. 2014 AND 2016 (I) AUTHORIZING EMPLOYMENT AND
RETENTION OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND
AFFILIATES AS ATTORNEYS FOR DEBTORS-IN-POSSESSION AND
(II) SCHEDULING A FINAL HEARING THEREON

("SKADDEN RETENTION INTERIM ORDER")

Upon the application, dated October 8, 2005 (the "Application"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an

interim order (the "Interim Order") under 11 U.S.C. §§ 327(a) and 329 and Fed. R. Bankr.

P. 2014 and 2016, (a) authorizing each of the Debtors to employ and retain the law firm

of Skadden, Arps, Slate, Meagher & Flom LLP and affiliates ("Skadden" or the "Firm")

under a general retainer as their attorneys and (b) scheduling a final hearing thereon; and

upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First

Day Orders, sworn to October 8, 2005, and upon the Declaration Of John Wm. Butler,

Jr., a member of the Firm, dated October 8, 2005, in support of the Application (the

"Butler Declaration"); and this Court being satisfied with the representations made in the Application and the Butler Declaration that such attorneys represent no interest adverse to any of the Debtors' estates, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and would be in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Application is GRANTED on an interim basis.

2. Pursuant to sections 327(a) and 329 of the Bankruptcy Code and Rules 2014 and 2016 of the Bankruptcy Rules, each of the Debtors, as a debtor-in-possession, is authorized to employ and retain Skadden on an interim basis as its attorneys as of the Petition Date to perform the services as set forth in the Application.

3. Skadden shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules and Local Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court.

4. This Interim Order shall remain in full force and effect until such time as this Court enters an order ruling on the Application on a final basis.

5. The Debtors shall serve a notice of the final hearing to approve the Application (the "Notice"), substantially in the form attached hereto as Exhibit A, on (a) the Office of the United States Trustee, (b) the Debtors' 50 largest unsecured creditors, (c) counsel for the agent under the Debtors' prepetition credit facility, (d) counsel for the agent under the Debtors' proposed postpetition credit facility, and (e) any committee appointed under section 1102 of the Bankruptcy Code. Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid. No further notice of the final hearing to approve the Application or of the entry of this Interim Order need be served by the Debtors.

6. Objections, if any, to approval of the Application on a final basis must be in writing and filed timely in accordance with the requirements set forth in the Notice. There shall be a hearing held on October 27, 2005 at 10:00 a.m. (Prevailing Eastern Time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, to determine whether to approve, on a final basis, the retention of Skadden on the terms described in the Application.

7. Any party-in-interest shall have the right to raise the issue of the application of Skadden's prepetition retainer to postpetition fees and expenses incurred at any time.

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

9. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:    New York, New York
         October 14, 2005

                                          /s/ ROBERT D. DRAIN
                                          UNITED STATES BANKRUPTCY JUDGE

Exhibit A
Notice