UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matters of: | Case No. 05-44481 (RDD) |
| | (Chapter 11 – Jointly Administered) |
| DELPHI CORPORATION, et al. | |
| Debtors-in-Possession. | Hon. Robert D. Drain |

## SPECMO ENTERPRISES' BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM STAY TO EFFECT SETOFF

NOW COMES a creditor of the Debtor, Specmo Enterprises, Inc. ("Specmo"), by and through its attorneys, Strobl Cunningham & Sharp, P.C., and submits the following Brief in Support of its Motion for Relief From Stay to Effect Setoff.

### Introduction

Specmo requests relief from the automatic stay provisions of 11 U.S.C. § 362 in order to, pursuant to 11 U.S.C. § 553, exercise its state law right to setoff a mutual Pre-Petition debt owing from the Debtor to Specmo against a Pre-Petition debt owing from Specmo to the Debtor.

### Summary of Facts

On October 8, 2005 (the "Petition Date"), Delphi Corporation (the "Debtor") and thirty-eight of its U.S. subsidiaries and affiliated corporations filed Voluntary Petitions for Relief Under Chapter 11 of the Bankruptcy Code with this Bankruptcy Court. Pursuant to on order entered by this Bankruptcy Court, these cases are being jointly administered.

Prior to the Petition Date, pursuant to certain purchase orders (the "Debtor Purchase Orders"), the Debtor purchased both products and services from Specmo.

RECEIVED OCT 13 2005 U.S. BANKRUPTCY COURT SO. DIST. OF NEW YORK

Also prior to the Petition Date, pursuant to the Debtor Purchase Orders, Specmo remains unpaid in the amount of $528,328.93 (the "Debtor Pre-Petition Debt").

Pursuant to certain purchase orders (the "Specmo Purchase Orders"), Specmo purchased goods from the Debtor. Prior to the Petition Date, pursuant to the Specmo Purchase Orders, the Debtor remains unpaid in the amount of $367,429.97 (the "Specmo Pre-Petition Debt").

The entire amount of the Debtor Pre-Petition Debt was incurred by the Debtor pre-petition. The entire amount of the Specmo Pre-Petition Debt was incurred by Specmo pre-petition. Under 11 U.S.C. § 553(a), Specmo has a right to setoff the Debtor Pre-petition Debt against the Specmo Pre-Petition Debt. However, Specmo has not taken a setoff nor has the Debtor in any way compensated Specmo for the Debtor Pre-Petition Debt because of the automatic stay which became effective as of the Petition Date.

## Argument

Specmo has a state law right to exercise a setoff of the Specmo Pre-Petition Debt against the Debtor Pre-petition Debt.[1]  Section 553 of the Bankruptcy Code specifically preserves a creditor's right to take a setoff against a debtor:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case...

The purpose of section 553 is to allow "entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making

---

[1] The Specmo Purchase Orders and the Debtor Purchase Orders are governed by Michigan law. The

2

A pay B when B owes A." Westinghouse Credit Corp. v. D'Urso, 278 F.3d 138, 149 (2nd Cir. 2002); U.S. v. Gordon Sel-Way, Inc., 239 B.R. 741, 750 (E.D. Mich. 1999), aff'd, 270 F.3d 280 (6th Cir. 2001). In order to exercise the right of setoff the party seeking setoff must show that: (a) the debt owing to the debtor and the debt owing from the debtor arose pre-petition; and (b) the debts are mutual. 11 U.S.C. § 553; Sentinel Products Corp. v. Dennison Manufacturing Co., Inc., 192 B.R. 41, 45 (Bankr. N.D. N.Y. 1996); Gordon Sel-Way, 239 B.R. at 751-52 (E.D. Mich. 1999); In re New Haven Foundry, Inc., 285 B.R. 646, 647 (Bankr. E.D. Mich. 2002).

I.  Both the Debtor Pre-Petition Debt and the Specmo Pre-Petition Debt were Incurred Pre-Petition

Both the Debtor Pre-Petition Debt and the Specmo Pre-Petition Debt were incurred pre-petition. Therefore, Specmo has satisfied the first element.

II. The Debtor Pre-Petition Debt and the Specmo Pre-Petition Debt are Mutual

The Debtor Pre-Petition Debt and the Specmo Pre-Petition Debt are "mutual."

> Debts are mutual when the debts and credits are in the same right and are between the same parties, standing in the same capacity.

Scherling v. Hellman Electric Corp. (In re Westchester Structures, Inc.), 181 B.R. 730, 739 (Bankr. S.D. N.Y.1995).

Both the Debtor Pre-Petition Debt and the Specmo Pre-Petition Debt were incurred in the ordinary course of business of the Debtor and Specmo, acting on behalf of themselves, only, not on behalf of any third parties. Thus, the Debtor Pre-Petition Debt and the Specmo Pre-Petition Debt are between the same parties, standing in the same capacities. Therefore, the Debtor Pre-Petition Debt and the

---

equitable right of setoff is recognized under Michigan common law. Ellis v. Phillip, 363 Mich. 587 (1961).

3

Specmo Pre-Petition Debt are mutual and Specmo has a valid right of setoff.

III. **SPECMO IS ENTITLED TO RELIEF FROM THE STAY**

Once a creditor has established that it has a valid right of setoff, the creditor's claim is secured to the extent of the amount subject to setoff. In re Bucherer, 216 B.R. 332, 337 (Bankr. E.D. N.Y. 1997); In re Goodyear, 218 B.R. 718, 719 at fn. 2 (Bankr. D. Vt. 1998); In re Stienes, 285 B.R. 360, 362 (Bankr. D. N.J. 2002). Thus, Specmo has a secured claim for the Debtor Pre-Petition Debt to the extent of the amount of the Specmo Pre-Petition Debt and is entitled to adequate protection for its security interest.

Section 362(d)(1) provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest...

Specmo is entitled to relief from the automatic stay because its security interest in the Debtor Pre-Petition Debt is not being adequately protected. Specmo has a security interest in the Specmo Pre-Petition Debt to the extent of the amount of the Debtor Pre-Petition Debt and the amounts that Specmo owes to the Debtor serve as collateral for the amounts owing to Specmo by the Debtor. Thus, if Specmo were to pay the Specmo Pre-Petition Debt, its collateral will be dissipated. The Debtor does not have the means to provide Specmo with any other form of adequate protection for Specmo's security interest. Therefore, the only means by which the Debtor can provide adequate protection for Specmo's security interest is through the allowance of

4

the setoff. See, In re Stienes, 285 B.R. at 362-363 (Bankr. D. N.J. 2002).

## Conclusion

For the reasons stated above, Specmo is entitled to relief from the automatic stay provisions of 11 U.S.C. § 362 in order to, pursuant to 11 U.S.C. § 553, exercise its state law right to offset a mutual pre-petition debt owing from Specmo to the Debtor against a pre-petition debt owing from the Debtor to Specmo.

Respectfully submitted,

STROBL CUNNINGHAM & SHARP, P.C.

By: *[signature]*
Gary H. Cunningham (P35451)
Attorneys for Specmo Enterprises
300 E. Long Lake Road, Suite 200
Bloomfield Hills, MI 48304
(248) 540-2300

Dated: October 12, 2005

J:\DOCS\16298\001\bankrupt\SB156574.DOC

5