UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
    In re                          :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                                  Debtors.   :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 365(a) AUTHORIZING
REJECTION OF LICENSE AGREEMENT WITH DURASWITCH INDUSTRIES, INC.

("DURASWITCH REJECTION ORDER")

Upon the motion, dated October 17, 2005 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. § 365(a) authorizing the Debtors to reject the License Agreement between Delphi Automotive Systems LLC and DuraSwitch Industries, Inc., dated April 20, 2000 (the "DuraSwitch License Agreement"); and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

        ORDERED, ADJUDGED, AND DECREED THAT:

        1.  The Motion is GRANTED.

        2.  The DuraSwitch License Agreement is hereby rejected under section 365(a) of the Bankruptcy Code.

3. The rejection of the DuraSwitch License Agreement shall be effective as of October 17, 2005.

4. Notwithstanding any provision of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, or of the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon signature.

5. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

6. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          October __, 2005

                                        HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE