| | Name, Address, Phone and Fax No. of Creditor | Person(s) Familiar with Debtors' Account | Nature of Claim | Contingent, Unliquidated and/or Disputed | Approximate Amount of Claim |
|---|---|---|---|---|---|
| 4. | United Auto Workers 8000 E. Jefferson Detroit, MI 48214 Tel: 313-926-5000 Fax: 313-823-6016 | Richard Shoemaker, Vice President & Director GM Department | Wages and Benefits | Contingent and Unliquidated | Unknown |
| 5. | United Steel Workers 5 Gateway Center Pittsburgh, PA 15222 Tel: 412-562-2400 Fax: 412-562-2484 | Leo W. Gerard, President | Wages and Benefits | Contingent and Unliquidated | Unknown |
| 6. | Wilmington Trust Company Corporate Trust Office 1100 North Market Street Rodney Square North, Wilmington, DE 19890 Tel: 302-636-6058 Fax: 302-636-4143 | Steven M. Cimalore, Vice President | Notes | | $2,000,000,000 |
| 7. | Law Debenture Trust Company of New York Corporate Trust Office 780 Third Ave, 31st Floor New York, NY 10017 Tel: 212-750-6474 Fax: 212-750-1361 and Wilmington Trust Company Corporate Trust Office 1100 North Market Street Rodney Square North, Wilmington, DE 19890 Tel: 302-636-6058 Fax: 302-636-4143 | Patrick Healy, Vice President and Steven M. Cimalore, Vice President | Junior Subordinated Notes | | $412,371,975 |

| | Name, Address, Phone and Fax No. of Creditor | Person(s) Familiar with Debtors Account | Nature of Claim | Contingent Unliquidated and/or Disputed | Approximate Amount of Claim |
|---|---|---|---|---|---|
| 8. | Flextronics International Asia Pacific 2 Robbins Road Westford, MA 01886<br><br>Tel: 978-392-3015 Fax: 978-392-3011 | Joe Minville, Sr. Director, Business Development, Global Automotive Markets | Trade | | $40,781,535 |
| 9. | Freescale Semiconductor Inc 6501 William Cannon Drive West Austin, TX 78735-8598<br><br>Tel: 512-895-2093 Fax: 512-895-8746 | Paul Grimme, Senior Vice President and General Manager, Transportation and Standard Products Group | Trade | | $22,710,027 |
| 10. | Robert Bosch Corporation 38000 Hills Tech Drive Farmington Hills, MI 48331-3417<br><br>Tel: 248-848-2555 Fax: 248-848-6505 | Linda Lynch, Sales Manager, General Motors N.A. | Trade | | $15,069,265 |
| 11. | Siemens Automotive Ltd 2400 Executive Hill Blvd. Auburn Hills, MI 48326-2980<br><br>Tel: 248-209-5874 Fax: 248-209-7877 | Peter H. Huizinga, Sales Manager, North American Sales | Trade | | $13,619,300 |
| 12. | PBR Automotive USA Pacific Group Ltd 140 Ellen Drive Orion Township, MI 48359<br><br>Tel: 248-340-1290 Fax: 248-377-4939 | Gordon Diag, VP | Trade | | $10,542,285 |
| 13. | DMC 2 Canada Corporation 2347 Commercial Drive Auburn Hills, MI 48326<br><br>Tel: 248-292-2261 Fax: 248-340-2471 | Bill Staron, Senior VP | Trade | | $8,976,696 |

| | Name, Address, Phone and Fax No. of Creditor | Person(s) Familiar with Debtors' Account | Nature of Claim | Contingent Unliquidated and/or Disputed | Approximate Amount of Claim |
|---|---|---|---|---|---|
| 14. | NEC Electronics Inc<br>Three Galleria Tower<br>13155 Noel Road, Ste 1100<br>Dallas, TX 75240<br><br>Tel: 972-855-5126<br>Fax: 972-655-5133 | Jim Trent, General Manager, Automotive SBU | Trade | | $8,896,819 |
| 15. | HSS LLC<br>5446 Dixie Highway<br>Saginaw, MI 48601<br><br>Tel: 989-777-2983<br>Fax: 989-777-4818 | David Bader, President | Trade | | $8,296,550 |
| 16. | Tyco Electronics Corp<br><br>Amperestrabe 12-14<br>Bensheim, Germany D-64625<br><br>Tel: 49-0-62-51-133-1-202<br>Fax: 49-0-62-51-133-1-548<br><br>and<br><br>P.O. Box 3608<br>Harrisburg, PA 17105-3608<br><br>Tel: 717-592-2298<br>Fax: 717-592-7555 | Dr. Jurgen W. Gromer, Vice President Tyco International Ltd., President and CEO Tyco Electronics Corp. | Trade | | $8,278,304 |
| 17. | Molex Inc<br>222 Wellington Court<br>Lisle, IL 60532-1682<br><br>Tel: 630-718-5888<br>Fax: 630-813-5888 | Ron Schubel, Executive Vice President, President Americas Region | Trade | | $8,014,656 |
| 18. | Panasonic Automotive<br>26455 American Drive<br>Southfield, MI 48034<br><br>Tel: 248-447-7111<br>Fax: 248-447-7008 | Vince Sarrecchia, President, Headquarters | Trade | | $7,429,854 |

| | Name, Address, Phone and Fax No. of Creditor | Person(s) Familiar with Debtors Account | Nature of Claim | Contingent, Unliquidated and/or Disputed | Approximate Amount of Claim |
|---|---|---|---|---|---|
| 19. | Olin Corp<br>427 N Shamrock Street<br>East Alton, IL 62024-1174<br><br>Tel: 618-258-26664<br>Fax: 618-258-3481 | Devin Denner, Sales Manager | Trade | | $7,231,721 |
| 20. | Methode Electronics Inc<br>7401 W. Wilson<br>Chicago, IL 60706<br><br>Tel: 708-867-6777<br>Fax: 708-867-3288 | Don Duda, President | Trade | | $6,397,471 |
| 21. | SGS Thompson<br>Victor Park West<br>19575 Victor Parkway<br>Livonia, MI 48152<br><br>Tel: 734-953-1711<br>Fax: 734-462-4034 | Scott Shilling, Sales Director | Trade | | $6,386,126 |
| 22. | Philips Semiconductors<br>1817 Dogwood Drive<br>Kokomo, IN 46902<br><br>Tel: 765-868-3861<br>Fax: 765-452-9915 | Sam L. Trency, Global Account Manager, Kokomo | Trade | | $6,242,258 |
| 23. | Infineon Technologies<br><br>P.O. Box 80 09 49<br>Munich, Germany 81609<br><br>Tel: 49-0-89-234-8-52-00<br>Fax: 49-0-89-234-8-52-02<br><br>and<br><br>St.-Martin-Strasse 53<br>Munich, Germany 81669 | Peter Bauer, Executive Vice President | Trade | | $5,582,352 |

| | Name, Address, Phone and Fax No. of Creditor | Person(s) Familiar with Debtors' Account | Nature of Claim | Contingent, Unliquidated and/or Disputed | Approximate Amount of Claim |
|---|---|---|---|---|---|
| 24. | Aw Transmission Engineering Aisin Seiki Co Ltd Metro West Industrial Park 14933 Keel St Plymouth, MI 48170 Tel: 734-416-1162 Fax: 734-416-3844 | Ryo Ishibashi, Sales Contact and Kenji Ito, VP and Larry Khaykin, Sr. Sales Manager | Trade | | $5,509,700 |
| 25. | Applied Bio Systems 850 Lincoln Centre Drive Foster City, CA 94404 Tel: 650-638-6431 Fax: 650-638-5998 | Ann Wagoner | Trade | | $5,491,366 |
| 26. | Alps Automotive Inc 1500 Atlantic Blvd. Auburn Hills, MI 48326 Tel: 248-393-7626 Fax: 248-391-1564 | Muneki Ishida, General Sales Manager | Trade | | $5,182,441 |
| 27. | Texas Instruments Inc 12900 North Meridian Street Suite 175 Ms 4070 Carmel, IN 46032 Tel: 317-574-2626 Fax: 317-573-6410 | Brent Mewhinney, US Automotive Sales Manager | Trade | | $5,041,608 |
| 28. | Hitachi Automotive 955 Warwick Rd Harrodsburg, KY 40330 Tel: 248-482-0085 Fax: 248-474-5097 and 34500 Grand River Avenue Farmington Hills, MI 48335 | Darrell Seitz, Senior Account Manager | Trade | | $4,979,093 |

| | Name, Address, Phone and Fax No. of Creditor | Person(s) Familiar with Debtors' Account | Nature of Claim | Contingent Unliquidated and/or Disputed | Approximate Amount of Claim |
|---|---|---|---|---|---|
| 29. | Sharp Electronics Corp<br>2613-1, Chinomoto, Cho, Tenri<br>Nara, Japan  632-8567<br><br>Tel: 81-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<br>Fax: 81-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 | Akihiko Imaya, Group Deputy General Manager | Trade | | $4,974,247 |
| 30. | Semiconductor Components<br>2000 S County Trail<br>East Greenwich, RI  02818<br><br>Tel: 734-953-6848<br>Fax: 734-953-6860 | Lance Williams, Director of Sales | Trade | | $4,865,672 |
| 31. | TRW Automotive<br>12000 Tech Center Drive<br>Livonia, MI  48150<br><br>Tel: 734-266-3507<br>Fax: 734-266-5704 | John Nielsen, Director, Sales | Trade | | $4,821,907 |
| 32. | ISI of Indiana Inc<br>1212 East Michigan St.<br>Indianapolis, IN  46202<br><br>Tel: 317-631-7980<br>Fax: 317-631-7981 | Brad Countryman | Trade | | $4,760,039 |
| 33. | Traxle Manufacturing Ltd<br>25300 Telegraph Rd.<br>Ste 450 Raleigh Office Center<br>Southfield, MI  48034<br><br>Tel: 248-355-3533<br>Fax: 248-355-3558 | Russ Pollack, Director of Sales | Trade | | $4,744,747 |
| 34. | Waupaca Foundry Inc<br>311 S Tower Rd<br>Waupaca, WI  54981-0249<br><br>Tel: 715-258-6611<br>Fax: 715-258-1712 | Gary Thoe, Chairman | Trade | | $4,684,195 |

| | Name, Address, Phone and Fax No. of Creditor | Person(s) Familiar with Debtors' Account | Nature of Claim | Contingent Unliquidated and/or Disputed | Approximate Amount of Claim |
|---|---|---|---|---|---|
| 35. | Hitachi Chemical Asia Pacific<br><br>Bedok Plant: 20, Bedock South Road Singapore, Singapore  469277<br><br>Tel: 6241-9811<br>Fax: 5455-407<br><br>and<br><br>Loyang Plant: 32, Loyang Way Singapore, Singapore  508730<br><br>Tel: 6542-8511 | Y. Yokoya, Deputy Managing Director | Trade | | $4,562,688 |
| 36. | American Axle & Manufacturing Inc.<br>One Dauch Drive<br>Detroit, MI  48211-1198<br><br>Tel: 313-758-4217<br>Fax: 313-974-2870 | Joel Robinson President<br><br>and<br><br>Bob Finn, CEO | Trade | | $4,525,561 |
| 37. | TDK Corporation Of America<br>1221 Business Center Drive<br>Mount Prospect, IL  60056<br><br>Tel: 847-803-6100<br>Fax: 847-803-1125 | Frank H. Avant, President | Trade | | $4,466,206 |
| 38. | Pioneer Industrial Components (Pioneer Automotive Electronics Sales, Inc.)<br>22630 Haggerty Road<br>Farmington, MI  48335<br><br>Tel: 248-449-6799<br>Fax: 248-449-1940 | Kevin M. Martin Senior VP, Sales | Trade | | $4,189,855 |
| 39. | Fujitsu Ten Corporation<br>46029 Five Mile Road<br>Plymouth, MI  48170<br><br>Tel: 734-414-6651<br>Fax: 734-414-6660 | Chet Korzeniewski V.P., Sales and Marketing | Trade | | $4,156,580 |

| | Name, Address, Phone and Fax No. of Creditor | Person(s) Familiar with Debtors' Account | Nature of Claim | Contingent Unliquidated and/or Disputed | Approximate Amount of Claim |
|---|---|---|---|---|---|
| 40. | Solectron De Mexico SA de CV Solectron Invotronics 26525 American Drive Southfield, MI 48034  Tel: 248-263-8714 Fax: 248-263-8701 | Ed Mike, Sales Manager | Trade | | $4,129,744 |
| 41. | TI Group Automotive System 12345 E Nine Mile Warren, MI 48090  Tel: 586-755-8312 Fax: 586-427-3175 | Tim Kuppler, Vice President | Trade | | $3,990,388 |
| 42. | Timken Company 31100 Telegraph Road, Suite 270 Bingham Farms, MI 48025  Tel: 248-554-4882 Fax: 248-433-2253 | Brian Ruel, Director, Sales | Trade | | $3,619,957 |
| 43. | Engelhard Corporation 101 Wood Ave Iselin, NJ 08830  Tel: 732-205-6497 Fax: 732-906-0337 | Barry Perry, Chairman & CEO | Trade | | $3,577,915 |
| 44. | Cataler North America Corp. 7800 Chihama Kakegawa-City Shizuoka, Japan  Tel: 81-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 Fax: 81-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 | Hironobu Ono, President | Trade | | $3,462,855 |
| 45. | Pechiney Rolled Products 39111 W Six Mile Rd. Livonia, MI 48152  Tel: 734-632-8484 Fax: 734-632-8483 | Jim Offer, Sales Manager | Trade | | $3,393,879 |
| 46. | Autocam Corporation East Paris Avenue Kentwood, MI 49512  Tel: 616-541-8551 Fax: 616-698-6876 | Scott Dekoker, Customer Manager | Trade | | $3,352,518 |

| | Name, Address, Phone and Fax No. of Creditor | Person(s) Familiar with Debtors' Account | Nature of Claim | Contingent, Unliquidated and/or Disputed | Approximate Amount of Claim |
|---|---|---|---|---|---|
| 47. | Futaba Corp Of America 2865 Wall Triana Hwy Huntsville, AL 35824 Tel: 256-461-7348 Fax: 256-461-7741 | Joe M. Dorris, President | Trade | | $3,350,622 |
| 48. | Victory Packaging 3555 Timmons Lane Suite 1440 Houston, TX 77027 Tel: 713-961-3299 Fax: 713-961-3824 | Robert Egan, President | Trade | | $3,327,441 |
| 49. | Murata Electronics North 2200 Lake Park Drive Smyrna, GA 30080-7604 Tel: 770-433-7846 Fax: 678-842-6625 | David M. McGinnis, Director Automotive Sales | Trade | | $3,234,841 |
| 50. | Niles USA Inc 41129 Jo Drive Novi, MI 48375 Tel: 248-427-9700 Fax: 248-427-9701 | Michael Rudnicki, Account Manager and Scot McColl, Business Unit Manager | Trade | | $3,171,181 |

## DECLARATION CONCERNING THE DEBTOR'S LIST OF CREDITORS
## HOLDING THE FIFTY LARGEST UNSECURED CLAIMS

      I, John D. Sheehan, am the Vice President and Chief Restructuring Officer of Delphi Corporation and in such capacity am familiar with the financial affairs of the Debtors. I have reviewed the foregoing List of Creditors Holding the Fifty Largest Unsecured Claims, and declare that the information contained therein is true and correct to the best of my knowledge, belief and understanding.

Dated: October 8, 2005

                               s/ John D. Sheehan
                               John D. Sheehan
                               Vice President and Chief
                                      Restructuring Officer

                               Delphi Corporation

# EXHIBIT C

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                    :

      In re                           :     Chapter 11
                                      :

DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)
                                      :

                 Debtors.    :     (Jointly Administered)
                                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                      :

      In re                           :     Chapter 11
                                      :

DELPHI FURUKAWA WIRING     :     Case No. 05-_____ (RDD)
SYSTEMS LLC,                :
                                      :

                 Debtor.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - -  x

```
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                          :
    In re                                 :    Chapter 11
                                          :
DELPHI RECEIVABLES LLC,                   :    Case No. 05-_____ (RDD)
                                          :
                        Debtor.           :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                          :
    In re                                 :    Chapter 11
                                          :
MOBILEARIA, INC.,                         :    Case No. 05-_____ (RDD)
                                          :
                        Debtor.           :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

## MOTION FOR ORDER UNDER FED. R. BANKR. P. 1015(b) AUTHORIZING JOINT ADMINISTRATION

### ("SECOND JOINT ADMINISTRATION MOTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors" and, together with Delphi, the "Initial Debtors"), Delphi Furukawa Wiring Systems LLC ("Furukawa"), Delphi Receivables LLC ("Receivables"), and MobileAria, Inc. (together with Furukawa and Receivables, the "Additional Debtors") (the Initial Debtors and the Additional Debtors, collectively, the "Debtors"), debtors and debtors-in-possession in the above-captioned cases, hereby submit this motion (the "Motion") for an order authorizing the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only.  In support of this Motion, the Debtors respectfully represent as follows:

### Background

A.    The Chapter 11 Filings

1.    On October 8, 2005 (the "Petition Date"), each of the Initial Debtors filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the

United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). On that

same date, this Court entered an order directing the joint administration of the Initial Debtors'

chapter 11 cases (Docket No. 28) (the "Initial Joint Administration Order"). On October 14,

2005, each of the Additional Debtors filed a voluntary petition in this Court for relief under

chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and

manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

2.    No trustee, examiner, or creditors' committee has been appointed in the

Debtors' cases.

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

4.    The statutory predicate for the relief requested herein is Rule 1015(b) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.    Current Business Operations Of The Debtors

5.    With more than 180,000 employees worldwide, global 2004 revenues of

approximately $28.6 billion, and global assets as of August 31, 2005 of approximately $17.1

billion,[1] Delphi ranks as the fifth largest public company business reorganization in terms of

revenues and the thirteenth largest public company business reorganization in terms of assets.

Delphi's non-U.S. subsidiaries are not chapter 11 debtors, will continue their business

---

[1]    The aggregated financial data used in this Motion generally consists of consolidated information from
Delphi and its worldwide subsidiaries and affiliates.

3

operations without supervision from the Bankruptcy Court, and will not be subject to the chapter 11 requirements of the U.S. Bankruptcy Code.

6.   Over the past century, the operations which are now owned by Delphi have become a leading global technology innovator with significant engineering resources and technical competencies in a variety of disciplines.  Today, the Company is arguably the single largest global supplier of vehicle electronics, transportation components, integrated systems and modules, and other electronic technology.  The Company's technologies and products are present in more than 75 million vehicles on the road worldwide.  The Company supplies products to nearly every major global automotive original equipment manufacturer with 2004 sales to its former parent, General Motors Corporation, equaling approximately $15.4 billion and sales to each of Ford Motor Company, DaimlerChrysler Corporation, Renault/Nissan Motor Company, Ltd., and Volkswagen Group exceeding $850 million.

7.   As part of its growth strategy, Delphi has established an expansive global presence with a network of manufacturing sites, technical centers, sales offices, and joint ventures located in every major region of the world.  In the U.S., the Debtors employ approximately 50,600 people.  Those employees work in approximately 44 manufacturing sites and 13 technical centers across the country, and in Delphi's worldwide headquarters and customer center located in Troy, Michigan.  Approximately 34,750 of these individuals are hourly employees, 96% of whom are represented by approximately 49 different international and local unions.  Outside the United States, the Company's foreign entities employ more than 134,000 people, supporting 120 manufacturing sites and 20 technical centers across nearly 40 countries worldwide.

8.    Delphi was incorporated in Delaware in 1998 as a wholly-owned subsidiary of GM.  Prior to January 1, 1999, GM conducted the Company's business through various divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to Delphi and its subsidiaries and affiliates in accordance with the terms of a Master Separation Agreement between Delphi and GM.  In connection with these transactions, Delphi accelerated its evolution from a North American-based, captive automotive supplier to a global supplier of components, integrated systems, and modules for a wide range of customers and applications.  Although GM is still the Company's single largest customer, today more than half of Delphi's revenue is generated from non-GM sources.

9.    Due to the significant planning that goes into each vehicle model, Delphi's efforts to generate new business do not immediately affect its financial results because supplier selection in the auto industry is generally finalized several years prior to the start of production of the vehicle.  When awarding new business, which is the foundation for the Company's forward revenue base, customers are increasingly concerned with the financial stability of their supply base.  The Debtors believe that they will maximize stakeholder value and the Company's future prospects if they stabilize their businesses and continue to diversify their customer base. The Debtors also believe that this must be accomplished in advance of the expiration of certain benefit guarantees between GM and certain of Delphi's unions representing most of its U.S. hourly employees which coincides with the expiration of the Company's U.S. collective bargaining agreements in the fall of 2007.

C.    Events Leading To Chapter 11 Filing

10.    In the first two years following Delphi's separation from GM, the Company

generated more than $2 billion in net income.  Every year thereafter, however, with the

exception of 2002, the Company has suffered losses.  In calendar year 2004, the Company

reported a net operating loss of $482 million on $28.6 billion in net sales.  Reflective of a

downturn in the marketplace, Delphi's financial condition has deteriorated further in the first six

months of 2005.  The Company experienced net operating losses of $608 million for the first

six months of calendar year 2005 on six-month net sales of $13.9 billion, which is

approximately $1 billion less in sales than during the same time period in calendar year 2004.[2]

11.    The Debtors believe that three significant issues have largely contributed to

the deterioration of the Company's financial performance: (a) increasingly unsustainable U.S.

legacy liabilities and operational restrictions driven by collectively bargained agreements,

including restrictions preventing the Debtors from exiting non-strategic, non-profitable

operations, all of which have the effect of creating largely fixed labor costs, (b) a competitive

U.S. vehicle production environment for domestic OEMs resulting in the reduced number of

motor vehicles that GM produces annually in the United States and related pricing pressures,

and (c) increasing commodity prices.

12.    In light of these factors, the Company determined that it would be

imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product

portfolio and operational issues, and forward looking revenue requirements.  Having concluded

that pre-filing discussions with its Unions and GM were not leading to the implementation of a

---

[2]        Reported net losses in calendar year 2004 were $4.8 billion, reflecting a $4.1 billion tax charge, primarily
related to the recording of a valuation allowance on the U.S. deferred tax assets as of December 31, 2004.

plan sufficient to address the Debtors' issues on a timely basis, the Company determined to

commence these chapter 11 cases for its U.S. businesses to complete the Debtors'

transformation plan and preserve value.

13.    Through the reorganization process, the Debtors intend to achieve

competitiveness for Delphi's core U.S. operations by modifying or eliminating non-competitive

legacy liabilities and burdensome restrictions under current labor agreements and realigning

Delphi's global product portfolio and manufacturing footprint to preserve the Company's core

businesses.  This will require negotiation with key stakeholders over their respective

contributions to the restructuring plan or, absent consensual participation, the utilization of the

chapter 11 process to achieve the necessary cost savings and operational effectiveness

envisioned in the Company's transformation plan.  The Debtors believe that a substantial

segment of Delphi's U.S. business operations must be divested, consolidated, or wound-down

through the chapter 11 process.

14.    Upon the conclusion of this process, the Debtors expect to emerge from

chapter 11 as a stronger, more financially sound business with viable U.S. operations that are

well-positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal

all of its resources to continue to deliver value and high-quality products to its customers

globally.  Additionally, the Company will preserve and continue the strategic growth of its non-

U.S. operations and maintain its prominence as the world's premier auto supplier.

<u>Relief Requested</u>

15.    Bankruptcy Rule 1015(b) provides that if two or more petitions are

pending in the same court by or against a debtor and an affiliate, the court may order joint

administration of the estates of the debtor and such affiliates.  This Court entered the Initial

7

Joint Administration Order, procedurally consolidating the jointly administered chapter 11

cases of Delphi and the 38 Affiliate Debtors, on the basis that Delphi is the direct or indirect

parent of all of the Affiliate Debtors.  As reflected in the corporate organization chart attached

hereto as Exhibit A, Delphi is also the indirect parent of each of the Additional Debtors.  Thus,

Delphi, the Affiliate Debtors, and the Additional Debtors are "affiliates" as that term is defined

in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b).  Thus, joint

administration of the Initial Debtors' and the Additional Debtors' respective chapter 11 cases is

appropriate under Bankruptcy Rule 1015(b).

16.    The joint administration of the Initial Debtors' and the Additional Debtors'

respective chapter 11 cases will permit the Clerk of the Court to use a single general docket for

each of those cases and to combine notices to creditors and other parties-in-interest of the

Debtors' and the Additional Debtors' respective estates.  Indeed, the Debtors anticipate that

numerous notices, applications, motions, other pleadings, hearings, and orders in these

chapter 11 cases will affect several of the Initial Debtors and the Additional Debtors.

17.    Joint administration will also save time and money and avoid duplicative

and potentially confusing filings by permitting counsel for all parties-in-interest to (a) use a

single caption on the numerous documents that will be served and filed herein and (b) file the

papers in one case rather than in multiple cases.  Finally, joint administration will protect

parties-in-interest by ensuring that parties in each of the Initial Debtors' and the Additional

Debtors' chapter 11 cases will be apprised of the various matters before this Court in these

chapter 11 cases.

18.    The rights of the respective creditors of each of the Debtors will not be

adversely affected by joint administration of these chapter 11 cases inasmuch as the relief

8

sought is purely procedural and is in no way intended to affect substantive rights. Each of the

creditors and other parties-in-interest will maintain whatever claims or rights it has against the

particular estate in which it allegedly has a claim or right.

19.    In furtherance of the foregoing, the Debtors request that the official caption

to be used by all parties in all pleadings in the jointly administered cases be as follows:

```
- - - - - - - - - - - - - - - - - - - - - - - - -  x
                                              :
       In re                                  :     Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :     Case No. 05-44481 (RDD)
                                              :
                          Debtors.            :     (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - -  x
```

20.    The Debtors submit that use of this simplified caption, without reference to

the Debtors' respective states of incorporation and tax identification numbers, will eliminate

cumbersome and confusing procedures and ensure a uniformity of pleading identification.

21.    The Debtors also seek this Court's direction that a notation substantially

similar to the following be entered on the docket of each of the Additional Debtors' chapter 11

cases to reflect the joint administration of these chapter 11 cases:

> An Order has been entered in this case directing the procedural
> consolidation and joint administration of the chapter 11 cases of
> Delphi Furukawa Wiring Systems LLC, MobileAria, Inc., and
> Delphi Receivables LLC, and the jointly-administerd cases of:
> Delphi Corporation; ASEC Manufacturing General Partnership;
> ASEC Sales General Partnership; Aspire, Inc.; Delco Electronics
> Overseas Corporation; Delphi Automotive Systems Global
> (Holding), Inc.; Delphi Automotive Systems (Holding), Inc.;
> Delphi Automotive Systems Human Resources LLC; Delphi
> Automotive Systems International, Inc.; Delphi Automotive
> Systems Korea, Inc.; Delphi Automotive Systems LLC; Delphi

Automotive Systems Overseas Corporation; Delphi Automotive Systems Risk Management Corp.; Delphi Automotive Systems Services LLC; Delphi Automotive Systems Tennessee, Inc.; Delphi Automotive Systems Thailand, Inc.; Delphi China LLC; Delphi Connection Systems; Delphi Diesel Systems Corp.; Delphi Electronics (Holding) LLC; Delphi Foreign Sales Corporation; Delphi Integrated Service Solutions, Inc.; Delphi International Holdings Corp.; Delphi International Services, Inc.; Delphi Liquidation Holding Company; Delphi LLC; Delphi Mechatronic Systems, Inc.; Delphi Medical Systems Colorado Corporation; Delphi Medical Systems Corporation; Delphi Medical Systems Texas Corporation; Delphi NY Holding Corporation; Delphi Services Holding Corporation; Delphi Technologies, Inc.; DREAL, Inc.; Environmental Catalysts, LLC; Exhaust Systems Corporation; Packard Hughes Interconnect Company; Specialty Electronics, Inc.; and Specialty Electronics International Ltd.  The docket in Case No. 05-44481 (RDD) should be consulted for all matters affecting this case.

### Notice

22.    Notice of this Motion has been provided by facsimile, electronic transmission, overnight delivery, or hand delivery to (a) the Office of the United States Trustee, (b) the Debtors' 50 largest unsecured creditors, (c) counsel for the agent under the Debtors' prepetition credit facility, and (d) counsel for the agent under the Debtors' proposed postpetition credit facility.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

### Memorandum Of Law

23.    Because the legal points and authorities upon which this Motion relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, the Debtors respectfully request that this Court enter an order (a) authorizing the joint administration of the Initial Debtors' and the Additional Debtors' separate chapter 11 cases for procedural purposes only and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
      October 14, 2005

> SKADDEN, ARPS, SLATE, MEAGHER
> & FLOM LLP
> By: s/ John Wm. Butler, Jr.
>     John Wm. Butler, Jr. (JB 4711)
>     John K. Lyons (JL 4951)
>     Ron E. Meisler (RM 3026)
> 333 West Wacker Drive, Suite 2100
> Chicago, Illinois 60606
> (312) 407-0700
>
>    - and -
>
> By: s/Kayalyn A. Marafioti
>     Kayalyn A. Marafioti (KM 9632)
>     Thomas J. Matz (TM 5986)
> Four Times Square
> New York, New York 10036
> (212) 735-3000
>
> Attorneys for Delphi Corporation, et al.,
>     Debtors and Debtors-in-Possession



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                            :

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI FURUKAWA WIRING SYSTEMS LLC, | : | Case No. 05-_____ (RDD) |
|  | : |  |
| Debtor. | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI RECEIVABLES LLC, | : | Case No. 05-_____ (RDD) |
|  | : |  |
| Debtor. | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| MOBILEARIA, INC., | : | Case No. 05-_____ (RDD) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

## ORDER AUTHORIZING JOINT ADMINISTRATION

## ("SECOND JOINT ADMINISTRATION ORDER")

        Upon the motion, dated October 14, 2005 (the "Motion"), of Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors" and, together with

Delphi, the "Initial Debtors"), Delphi Furukawa Wiring Systems LLC ("Furukawa"), Delphi

Receivables LLC ("Receivables"), and MobileAria, Inc. (together with Furukawa and

1

Receivables, the "Additional Debtors") (the Initial Debtors and the Additional Debtors,

collectively, the "Debtors"), debtors and debtors-in-possession in the above-captioned cases, for

an order authorizing the joint administration of the Initial Debtors' and the Additional Debtors'

separate chapter 11 cases for procedural purposes only; and this Court having determined that the

relief requested in the Motion is in the best interests of the Debtors and their respective estates,

creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the

Motion has been given and that no other or further notice is necessary; and after due deliberation

thereon; and good and sufficient cause appearing therefor, it is hereby

          ORDERED, ADJUDGED, AND DECREED THAT:

          1.    The Motion is GRANTED.

          2.    The above-captioned cases are consolidated for procedural purposes only and

shall be administered jointly under Case No. 05-44481 in accordance with the provisions of Rule

1015 of the Federal Rules of Bankruptcy Procedure, and the joint caption of the cases shall read

as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :
      In re                  :     Chapter 11
                              :
DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                              :
               Debtors.    :     (Jointly Administered)
                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

          3.    All original pleadings shall be captioned as indicated in the preceding decretal

paragraph and all original docket entries shall be made in the case of Delphi Corporation, et al.,

Case No. 05-44481, and a docket entry shall be made in each of the Additional Debtors' chapter

11 cases substantially as follows:

> An Order has been entered in this case directing the procedural
> consolidation and joint administration of the chapter 11 cases of
> Delphi Furukawa Wiring Systems LLC, MobileAria, Inc., and
> Delphi Receivables LLC, and the jointly-administerd cases of:
> Delphi Corporation; ASEC Manufacturing General Partnership;
> ASEC Sales General Partnership; Aspire, Inc.; Delco Electronics
> Overseas Corporation; Delphi Automotive Systems Global
> (Holding), Inc.; Delphi Automotive Systems (Holding), Inc.;
> Delphi Automotive Systems Human Resources LLC; Delphi
> Automotive Systems International, Inc.; Delphi Automotive
> Systems Korea, Inc.; Delphi Automotive Systems LLC; Delphi
> Automotive Systems Overseas Corporation; Delphi Automotive
> Systems Risk Management Corp.; Delphi Automotive Systems
> Services LLC; Delphi Automotive Systems Tennessee, Inc.;
> Delphi Automotive Systems Thailand, Inc.; Delphi China LLC;
> Delphi Connection Systems; Delphi Diesel Systems Corp.; Delphi
> Electronics (Holding) LLC; Delphi Foreign Sales Corporation;
> Delphi Integrated Service Solutions, Inc.; Delphi International
> Holdings Corp.; Delphi International Services, Inc.; Delphi
> Liquidation Holding Company; Delphi LLC; Delphi Mechatronic
> Systems, Inc.; Delphi Medical Systems Colorado Corporation;
> Delphi Medical Systems Corporation; Delphi Medical Systems
> Texas Corporation; Delphi NY Holding Corporation; Delphi
> Services Holding Corporation; Delphi Technologies, Inc.;
> DREAL, Inc.; Environmental Catalysts, LLC; Exhaust Systems
> Corporation; Packard Hughes Interconnect Company; Specialty
> Electronics, Inc.; and Specialty Electronics International Ltd.  The
> docket in Case No. 05-44481 (RDD) should be consulted for all
> matters affecting this case.

4.   Nothing contained in this Order shall be deemed or construed as directing or

otherwise effecting the substantive consolidation of any of the above-captioned cases.

5.   This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

6.    The requirement under Local Bankruptcy Rule 9013-1(b) of the Local

Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York

for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          October ___, 2005


_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

# **<u>EXHIBIT D</u>**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
     Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
          In re                               :     Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :     Case No. 05-44481 (RDD)
                                              :
                              Debtors.        :     (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOTION FOR INTERIM AND FINAL ORDERS UNDER 11 U.S.C.§ 105(a) DIRECTING
THAT CERTAIN ORDERS IN CHAPTER 11 CASES OF DELPHI CORPORATION, ET AL.
BE MADE APPLICABLE TO DELPHI FURUKAWA WIRING SYSTEMS LLC,
DELPHI RECEIVABLES LLC, AND MOBILEARIA, INC.

("ADDITIONAL DEBTORS MOTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates

(the "Affiliate Debtors" and, together with Delphi, the "Initial Debtors"), Delphi Furukawa

Wiring Systems LLC ("Furukawa"), Delphi Receivables LLC ("Receivables"), and MobileAria,

Inc. (together with Furukawa and Receivables, the "Additional Debtors") (the Initial Debtors and

the Additional Debtors, collectively, the "Debtors"), debtors and debtors-in-possession in the

above-captioned cases, hereby submit this motion (the "Motion") for interim and final orders

directing that certain orders in the jointly-administered chapter 11 cases of In re Delphi

Corporation, et al., Case No. 05-44481 (RDD), be made applicable to the Additional Debtors.  In

support of this Motion, the Debtors respectfully represent as follows:

Background

A.    The Chapter 11 Filings

      1.    On October 8, 2005 (the "Petition Date"), each of the Initial Debtors filed a

voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the

United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").  On that

same date this Court entered an order directing the joint administration of the Initial Debtors'

chapter 11 cases (Docket No. 28).  On October 14, 2005, each of the Additional Debtors filed a

voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The

Debtors continue to operate their businesses and manage their properties as debtors-in-

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

      2.    No trustee, examiner, or creditors' committee has been appointed in the

Debtors' cases.

2

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

4.     The statutory predicate for the relief requested herein is section 105(a) of the Bankruptcy Code.

B.     Current Business Operations Of The Debtors

5.     With more than 180,000 employees worldwide, global 2004 revenues of approximately $28.6 billion, and global assets as of August 31, 2005 of approximately $17.1 billion,[1] Delphi ranks as the fifth largest public company business reorganization in terms of revenues and the thirteenth largest public company business reorganization in terms of assets.  Delphi's non-U.S. subsidiaries are not chapter 11 debtors, will continue their business operations without supervision from the Bankruptcy Court, and will not be subject to the chapter 11 requirements of the U.S. Bankruptcy Code.

6.     Over the past century, the operations which are now owned by Delphi have become a leading global technology innovator with significant engineering resources and technical competencies in a variety of disciplines.  Today, the Company is arguably the single largest global supplier of vehicle electronics, transportation components, integrated systems and modules, and other electronic technology.  The Company's technologies and products are present in more than 75 million vehicles on the road worldwide.  The Company supplies products to nearly every major global automotive original equipment manufacturer with 2004 sales to its former parent, General Motors Corporation, equaling approximately $15.4 billion

---

[1]     The aggregated financial data used in this Motion generally consists of consolidated information from Delphi and its worldwide subsidiaries and affiliates.

3

and sales to each of Ford Motor Company, DaimlerChrysler Corporation, Renault/Nissan

Motor Company, Ltd., and Volkswagen Group exceeding $850 million.

7.    As part of its growth strategy, Delphi has established an expansive global

presence with a network of manufacturing sites, technical centers, sales offices, and joint

ventures located in every major region of the world.  In the U.S., the Debtors employ

approximately 50,600 people.  Those employees work in approximately 44 manufacturing sites

and 13 technical centers across the country, and in Delphi's worldwide headquarters and

customer center located in Troy, Michigan.  Approximately 34,750 of these individuals are

hourly employees, 96% of whom are represented by approximately 49 different international

and local unions.  Outside the United States, the Company's foreign entities employ more than

134,000 people, supporting 120 manufacturing sites and 20 technical centers across nearly 40

countries worldwide.

8.    Delphi was incorporated in Delaware in 1998 as a wholly-owned subsidiary

of GM.  Prior to January 1, 1999, GM conducted the Company's business through various

divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these

divisions and subsidiaries were transferred to Delphi and its subsidiaries and affiliates in

accordance with the terms of a Master Separation Agreement between Delphi and GM.  In

connection with these transactions, Delphi accelerated its evolution from a North American-

based, captive automotive supplier to a global supplier of components, integrated systems, and

modules for a wide range of customers and applications.  Although GM is still the Company's

single largest customer, today more than half of Delphi's revenue is generated from non-GM

sources.

9.    Due to the significant planning that goes into each vehicle model, Delphi's efforts to generate new business do not immediately affect its financial results, because supplier selection in the auto industry is generally finalized several years prior to the start of production of the vehicle.  When awarding new business, which is the foundation for the Company's forward revenue base, customers are increasingly concerned with the financial stability of their supply base.  The Debtors believe that they will maximize stakeholder value and the Company's future prospects if they stabilize their businesses and continue to diversify their customer base. The Debtors also believe that this must be accomplished in advance of the expiration of certain benefit guarantees between GM and certain of Delphi's unions representing most of its U.S. hourly employees which coincides with the expiration of the Company's U.S. collective bargaining agreements in the fall of 2007.

C.    Events Leading To Chapter 11 Filing

10.    In the first two years following Delphi's separation from GM, the Company generated more than $2 billion in net income.  Every year thereafter, however, with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the Company reported a net operating loss of $482 million on $28.6 billion in net sales.  Reflective of a downturn in the marketplace, Delphi's financial condition has deteriorated further in the first six months of 2005.  The Company experienced net operating losses of $608 million for the first six months of calendar year 2005 on six-month net sales of $13.9 billion, which is approximately $1 billion less in sales than during the same time period in calendar year 2004.[2]

---

[2]    Reported net losses in calendar year 2004 were $4.8 billion, reflecting a $4.1 billion tax charge, primarily related to the recording of a valuation allowance on the U.S. deferred tax assets as of December 31, 2004.

11.    The Debtors believe that three significant issues have largely contributed to the deterioration of the Company's financial performance: (a) increasingly unsustainable U.S. legacy liabilities and operational restrictions driven by collectively bargained agreements, including restrictions preventing the Debtors from exiting non-strategic, non-profitable operations, all of which have the effect of creating largely fixed labor costs, (b) a competitive U.S. vehicle production environment for domestic OEMs resulting in the reduced number of motor vehicles that GM produces annually in the United States and related pricing pressures, and (c) increasing commodity prices.

12.    In light of these factors, the Company determined that it would be imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product portfolio and operational issues, and forward looking revenue requirements.  Having concluded that pre-filing discussions with its Unions and GM were not leading to the implementation of a plan sufficient to address the Debtors' issues on a timely basis, the Company determined to commence these chapter 11 cases for its U.S. businesses to complete the Debtors' transformation plan and preserve value.

13.    Through the reorganization process, the Debtors intend to achieve competitiveness for Delphi's core U.S. operations by modifying or eliminating non-competitive legacy liabilities and burdensome restrictions under current labor agreements and realigning Delphi's global product portfolio and manufacturing footprint to preserve the Company's core businesses.  This will require negotiation with key stakeholders over their respective contributions to the restructuring plan or, absent consensual participation, the utilization of the chapter 11 process to achieve the necessary cost savings and operational effectiveness envisioned in the Company's transformation plan.  The Debtors believe that a substantial

6

segment of Delphi's U.S. business operations must be divested, consolidated, or wound-down

through the chapter 11 process.

14.    Upon the conclusion of this process, the Debtors expect to emerge from

chapter 11 as a stronger, more financially sound business with viable U.S. operations that are

well-positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal

all of its resources to continue to deliver value and high-quality products to its customers

globally.  Additionally, the Company will preserve and continue the strategic growth of its non-

U.S. operations and maintain its prominence as the world's premier auto supplier.

<u>Relief Requested</u>

15.    On October 14, 2005, the Additional Debtors filed a motion for an order

under Rule 1015(a) of the Federal Rules of Bankruptcy Procedure directing the joint

administration of their chapter 11 cases with those of the Initial Debtors (the "Second Joint

Administration Motion").  Also on October 14, 2005, the Additional Debtors filed this Motion

for interim and final orders under section 105(a) of the Bankruptcy Code directing that certain

orders entered in the chapter 11 cases of the Initial Debtors be made applicable to the

Additional Debtors.

16.    By this Motion, the Debtors seek interim and final orders under section

105(a) of the Bankruptcy Code directing that all generally applicable orders previously

approved or entered by this Court, as set forth on <u>Exhibit 1</u> to the proposed order, and any

generally proposed orders pending before this Court, in the Initial Debtors' chapter 11 cases

(collectively, the "Initial Debtors' Orders") be made applicable to the Additional Debtors.

Specifically, the Debtors seek to have (a) previously approved or entered orders apply to the

Additional Debtors effective as of the entry of the order requested by this Motion or the entry of

the previously approved order, as applicable and (b) proposed orders currently pending,
effective as of the dates of entry of such orders.

17.    In other words, assuming joint administration of the Additional Debtors'
cases with the Initial Debtors' cases, the Additional Debtors seek application of the Initial
Debtors' Orders as if the Additional Debtors were among the Initial Debtors identified therein;
provided, however, that such orders be effective as of the dates set forth above.

Basis For Relief

18.    Section 105(a) of the Bankruptcy Code provides, in relevant part: "The
court may issue any order, process, or judgment that is necessary or appropriate to carry out the
provisions of this title." 11 U.S.C. § 105(a). Pursuant to this provision, this Court has expansive
equitable powers to fashion any order or decree that is in the interest of preserving or protecting
the value of a debtor's assets.  See, e.g., In re Chinichian, 784 F.2d 1440, 1443 (9th Cir. 1986)
("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant
to the purposes of the Bankruptcy Code."); Bird v. Crown Convenience (In re NWFX, Inc.),
864 F.2d 588, 590 (8th Cir. 1988) ("The overriding consideration in bankruptcy . . . is that
equitable principles govern."); In re Cooper Properties Liquidating Trust, Inc., 61 B.R. 531, 537
(Bankr. W.D. Tenn. 1986) ("the Bankruptcy Court is one of equity and as such it has a duty to
protect whatever equities a debtor may have in property for the benefit of its creditors as long as
that protection is implemented in a manner consistent with the bankruptcy laws.").

19.    Entry of an order directing that the Initial Debtors' Orders be made
applicable to the Additional Debtors will obviate the need for duplicative notices, motions,
applications, and orders to be filed in these chapter 11 cases. The Debtors seek to save
considerable time and expense for their estates and to reduce the burden on this Court and all

8

parties-in-interest by proceeding in this manner. The Additional Debtors require the protections

and authorizations that are set forth in the Initial Debtors' Orders to facilitate a smooth entry

into chapter 11 and to maintain their ability to reorganize successfully.  If this Motion is not

granted, the Additional Debtors would seek substantially the same substantive relief  as that

granted in the Initial Debtors' Orders.  Those orders address many of the matters that most large

debtors must deal with, such as, among other things, retention and compensation of

professionals, bank accounts, investment guidelines, cash management, and case management

procedures.

       20.    Had the Additional Debtors filed at the same time as the Initial Debtors,

each would have been a movant with respect to all of the motions and applications seeking

entry of the Initial Debtors' Orders.  By proceeding in the manner of this Motion, the Additional

Debtors seek to streamline the motion practice for requesting such relief, while at the same time

providing the same requisite facts and justification for such relief as if the Additional Debtors

had filed such motions and applications.

       21.    The Debtors believe that the relief requested herein is appropriate to carry

out the provisions of the Bankruptcy Code. Similar procedures have been authorized in other

complex chapter 11 cases.  See, e.g., In re Worldcom, Inc., Case No. 02-13533 (Bankr.

S.D.N.Y. 2002); In re Adelphia Business Solutions, Inc., Case No. 02-11389  (Bankr. S.D.N.Y.

2002); In re Enron Corp., Case No. 01-16034 (Bankr. S.D.N.Y. 2002).

<u>Notice</u>

       22.    Notice of this Motion has been provided by facsimile, electronic

transmission, overnight delivery, or hand delivery to (a) the Office of the United States Trustee,

(b) the Debtors' 50 largest unsecured creditors, (c) counsel for the agent under the Debtors'

9

prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York,

New York 10017 (Att'n:  Marissa Wesley) and (d) counsel for the agent under the Debtors'

proposed postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York,

New York, 10017 (Att'n: Marlane Melican).  In light of the nature of the relief requested, the

Debtors submit that no other or further notice is necessary.

Memorandum Of Law

   23. Because the legal points and authorities upon which this Motion relies are

incorporated herein, the Debtors respectfully request that the requirement of the service and

filing a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York be deemed

satisfied.

WHEREFORE, the Debtors respectfully request that this Court enter interim and final orders (a) directing that Initial Debtors' Orders be made applicable to the Additional Debtors on the terms set forth herein and (b) granting the Debtors such other and further relief as is just.

Dated:  New York, New York
       October 14, 2005

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

   - and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
     In re                                :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                   Debtors.           :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

INTERIM ORDER UNDER 11 U.S.C.§ 105(a) DIRECTING THAT CERTAIN ORDERS IN
CHAPTER 11 CASES OF DELPHI CORPORATION, ET AL. BE MADE
APPLICABLE TO DELPHI FURUKAWA WIRING SYSTEMS LLC,
<u>DELPHI RECEIVABLES LLC, AND MOBILEARIA, INC.</u>

("ADDITIONAL DEBTORS INTERIM ORDER")

          Upon the motion, dated October 14, 2005 (the "Motion"), of Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors" and, together with

Delphi, the "Initial Debtors"), Delphi Furukawa Wiring Systems LLC ("Furukawa"), Delphi

Receivables LLC ("Receivables"), and MobileAria, Inc. (together with Furukawa and

Receivables, the "Additional Debtors") (the Initial Debtors and the Additional Debtors,

collectively, the "Debtors"), debtors and debtors-in-possession in the above-captioned cases, for

interim and final orders (this interim order being referred to hereinafter as the "Interim Order")

directing that certain orders in the jointly-administered chapter 11 cases of <u>In re Delphi</u>

<u>Corporation, et al.</u>, Case No. 05-44481 (RDD) be made applicable to the Additional Debtors; and

this Court having determined that the relief requested in the Motion is in the best interests of the

Debtors and their respective estates, creditors, and other parties-in-interest; and it appearing that

proper and adequate notice of the Motion has been given and that no other or further notice is

necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it

is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED on an interim basis.

2.    Any and all generally applicable orders heretofore approved or entered in the Initial Debtors' chapter 11 cases and which are identified on Exhibit 1 hereto, are applicable to the Additional Debtors, effective as of the date of entry hereof or the date of entry of the order, as applicable, and as if the Additional Debtors were Debtors as set forth in such orders; provided, however, that, to the extent inadvertently omitted from Exhibit 1, any generally applicable orders heretofore approved or entered in the Initial Debtors' chapter 11 cases, shall be deemed included in Exhibit 1 by the filing of a supplement to Exhibit 1 without further order of this Court.

3.    Any and all generally applicable orders hereafter entered in the Initial Debtors' chapter 11 cases in respect of requests for relief pending before this Court on the date hereof shall be applicable to the Additional Debtors, effective as of the dates of entry of such orders in the Initial Debtors' chapter 11 cases, and as if the Additional Debtors were Debtors as set forth in such orders.

4.    The Debtors shall serve by first-class mail, postage prepaid, within five business days of the entry of this Interim Order:  (a) a copy of this Interim Order, and (b) a notice, substantially in the form of notice attached as Exhibit 2 hereto, setting forth the date and time for filing objections to the proposed final order.  Upon request of any party, the Debtors will provide copies of any filings in these cases at the expense of the requesting party.

5.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

      6.   The requirement under Local Bankruptcy Rule 9013-1(b) of the Local

Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York

for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          October __, 2005


                        _____
                        HONORABLE ROBERT D. DRAIN
                        UNITED STATES BANKRUPTCY JUDGE

Exhibit 2

NOTICE

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                          :
        In re                             :     Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :     Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :     (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

NOTICE OF MOTION AND ENTRY OF INTERIM ORDER UNDER
11 U.S.C.§ 105(a) DIRECTING THAT CERTAIN ORDERS IN THE
CHAPTER 11 CASES OF DELPHI CORPORATION, ET AL. BE MADE
APPLICABLE TO DELPHI FURUKAWA WIRING SYSTEMS LLC,
<u>DELPHI RECEIVABLES LLC, AND MOBILEARIA, INC.</u>

PLEASE TAKE NOTICE that on October 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Furukawa Wiring Systems LLC, Delphi Receivables LLC, and MobileAria, Inc., debtors and debtors-in-possession in the above-captioned cases, (collectively, the "Debtors") filed the Motion For Interim And Final Orders Under 11 U.S.C.§ 105(a) Directing That Certain Orders In The Chapter 11 Cases Of Delphi Corporation, et al. Be Made Applicable To Delphi Furukawa Wiring Systems LLC, Delphi Receivables LLC, And MobileAria, Inc. (the "Motion").

PLEASE TAKE FURTHER NOTICE that on October ●, 2005, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an interim order granting the relief requested in the Motion, a copy of which is enclosed herewith.

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Motion on a final basis will be held on **November ●, 2005** at **10:00 a.m. (Prevailing Eastern Time)** (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Judge, in the Bankruptcy Court, Courtroom 610, One Bowling Green, New York, New York 10004-1408.

PLEASE TAKE FURTHER NOTICE that objections, if any, to approval of the Motion on a final basis (a) must be in writing, (b) must conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, (c) must be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) must be submitted in hard-copy form directly to the chambers of

2

the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) must be served upon

(i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n:  General Counsel), (ii)

counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive,

Suite 2100, Chicago, Illinois 60606 (Att'n:  John Wm. Butler, Jr.), (iii) special counsel to the

Debtors, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022 (Att'n:

Douglas P. Bartner), (iv) counsel for the agent under the Debtors' prepetition credit facility,

Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n:

Marissa Wesley), (v) counsel for the agent under the Debtors' proposed postpetition credit

facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York 10017 (Att'n:

Marlane Melican), (vi) counsel to any official committee formed in these cases, and (vii) the

Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street,

Suite 2100, New York, New York 10044 (Att'n:  Alicia M. Leonhard), in each case so as to be

**received** no later than **4:00 p.m. (Prevailing Eastern Time)** on ●, **2005** (the "Objection

Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections made in writing and timely filed and received by the Objection Deadline will be considered by the Bankruptcy Court at the Hearing.  If no objections to the Motion are timely filed and served in accordance with the procedures set forth herein, the Bankruptcy Court may enter a final order granting the Motion **without further notice.**

Dated:  New York, New York
      October __, 2005

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By: _____
   John Wm. Butler, Jr. (JB 4711)
   John K. Lyons (JL 4951)
   Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

  - and -

By: _____
   Kayalyn A. Marafioti (KM 9632)
   Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Exhibit 2

NOTICE

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                          :
        In re                             :      Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :      Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :      (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

NOTICE OF MOTION AND ENTRY OF INTERIM ORDER UNDER
11 U.S.C.§ 105(a) DIRECTING THAT CERTAIN ORDERS IN THE
CHAPTER 11 CASES OF DELPHI CORPORATION, ET AL. BE MADE
APPLICABLE TO DELPHI FURUKAWA WIRING SYSTEMS LLC,
DELPHI RECEIVABLES LLC, AND MOBILEARIA, INC.

PLEASE TAKE NOTICE that on October 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Furukawa Wiring Systems LLC, Delphi Receivables LLC, and MobileAria, Inc., debtors and debtors-in-possession in the above-captioned cases, (collectively, the "Debtors") filed the Motion For Interim And Final Orders Under 11 U.S.C.§ 105(a) Directing That Certain Orders In The Chapter 11 Cases Of Delphi Corporation, et al. Be Made Applicable To Delphi Furukawa Wiring Systems LLC, Delphi Receivables LLC, And MobileAria, Inc. (the "Motion").

PLEASE TAKE FURTHER NOTICE that on October ●, 2005, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an interim order granting the relief requested in the Motion, a copy of which is enclosed herewith.

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Motion on a final basis will be held on **November ●, 2005** at **10:00 a.m. (Prevailing Eastern Time)** (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Judge, in the Bankruptcy Court, Courtroom 610, One Bowling Green, New York, New York 10004-1408.

PLEASE TAKE FURTHER NOTICE that objections, if any, to approval of the Motion on a final basis (a) must be in writing, (b) must conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, (c) must be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) must be submitted in hard-copy form directly to the chambers of

2

the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) must be served upon

(i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n:  General Counsel), (ii)

counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive,

Suite 2100, Chicago, Illinois 60606 (Att'n:  John Wm. Butler, Jr.), (iii) special counsel to the

Debtors, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022 (Att'n:

Douglas P. Bartner), (iv) counsel for the agent under the Debtors' prepetition credit facility,

Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n:

Marissa Wesley), (v) counsel for the agent under the Debtors' proposed postpetition credit

facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York 10017 (Att'n:

Marlane Melican), (vi) counsel to any official committee formed in these cases, and (vii) the

Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street,

Suite 2100, New York, New York 10044 (Att'n:  Alicia M. Leonhard), in each case so as to be

**received** no later than **4:00 p.m. (Prevailing Eastern Time)** on ●, 2005 (the "Objection

Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections made in writing and timely filed and received by the Objection Deadline will be considered by the Bankruptcy Court at the Hearing.  If no objections to the Motion are timely filed and served in accordance with the procedures set forth herein, the Bankruptcy Court may enter a final order granting the Motion **without further notice.**

Dated:  New York, New York
      October __, 2005

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By: _____
   John Wm. Butler, Jr. (JB 4711)
   John K. Lyons (JL 4951)
   Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

   - and -

By: _____
   Kayalyn A. Marafioti (KM 9632)
   Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
      In re                 :    Chapter 11
                                                :
DELPHI CORPORATION, et al.,                     :    Case No. 05-44481 (RDD)
                                                :
                  Debtors.    :    (Jointly Administered)
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FINAL ORDER UNDER 11 U.S.C.§ 105(a) DIRECTING THAT CERTAIN ORDERS IN
CHAPTER 11 CASES OF DELPHI CORPORATION, ET AL. BE MADE
APPLICABLE TO DELPHI FURUKAWA WIRING SYSTEMS LLC,
<u>DELPHI RECEIVABLES LLC, AND MOBILEARIA, INC.</u>

("ADDITIONAL DEBTORS ORDER")

        Upon the motion, dated October 14, 2005 (the "Motion"), of Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors" and, together with

Delphi, the "Initial Debtors"), Delphi Furukawa Wiring Systems LLC ("Furukawa"), Delphi

Receivables LLC ("Receivables"), and MobileAria, Inc. (together with Furukawa and

Receivables, the "Additional Debtors") (the Initial Debtors and the Additional Debtors,

collectively, the "Debtors"), debtors and debtors-in-possession in the above-captioned cases, for

interim and final orders  (this final order being referred to hereinafter as the "Final Order")

directing that certain orders in the jointly-administered chapter 11 cases of <u>In re Delphi

Corporation, et al.</u>, Case No. 05-44481 (RDD) be made applicable to the Additional Debtors; and

this Court having determined that the relief requested in the Motion is in the best interests of the

Debtors and their respective estates, creditors, and other parties-in-interest; and it appearing that

proper and adequate notice of the Motion has been given and that no other or further notice is

necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it

is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    Any and all generally applicable orders heretofore approved or entered in the Initial Debtors' chapter 11 cases and which are identified on Exhibit 1 hereto, are applicable to the Additional Debtors, effective as of the date of entry hereof or the date of entry of the order, as applicable, and as if the Additional Debtors were Debtors as set forth in such orders; provided, however, that, to the extent inadvertently omitted from Exhibit 1, any generally applicable orders heretofore approved or entered in the Initial Debtors' chapter 11 cases, shall be deemed included in Exhibit 1 by the filing of a supplement to Exhibit 1 without further order of this Court.

3.    Any and all generally applicable orders hereafter entered in the Initial Debtors' chapter 11 cases in respect of requests for relief pending before this Court on the date hereof shall be applicable to the Additional Debtors, effective as of the dates of entry of such orders in the Initial Debtors' chapter 11 cases, and as if the Additional Debtors were Debtors as set forth in such orders.

4. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

5.    The requirement under Local Bankruptcy Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
            October __, 2005

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

2