# **EXHIBIT E**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :
    In re                            :     Chapter 11
                                   :
DELPHI CORPORATION, et al.,    :     Case No. 05-44481(RDD)
                                 :
               Debtors.   :     (Jointly Administered)
                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOTION FOR ADMINISTRATIVE ORDER UNDER 11 U.S.C. § 331
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

("INTERIM COMPENSATION MOTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"),[1] debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this motion (the "Motion") for an order under 11 U.S.C. § 331 establishing procedures for interim compensation and reimbursement of expenses of court-approved professionals.  In support of this Motion, the Debtors submit the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005.  In further support of this Motion, the Debtors respectfully represent as follows:

<u>Background</u>

A.    <u>The Chapter 11 Filings</u>

1.    On October 8, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors have moved this Court for an order for joint administration of these chapter 11 cases.

---

[1]    In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holdings Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

.

2

2.      No trustee, examiner, or creditors' committee has been appointed in the Debtors' cases.

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.      The statutory predicate for the relief requested herein is section 331 of the Bankruptcy Code.

B.      <u>Current Business Operations Of The Debtors</u>

5.      With more than 180,000 employees worldwide, global 2004 revenues of approximately $28.6 billion and global assets as of August 31, 2005 of approximately $17.1 billion,[2] Delphi ranks as the fifth largest public company business reorganization in terms of revenues, and the thirteenth largest public company business reorganization in terms of assets. Delphi's non-U.S. subsidiaries are not chapter 11 debtors, will continue their business operations without supervision from the Bankruptcy Court, and will not be subject to the chapter 11 requirements of the U.S. Bankruptcy Code.

6.      Over the past century, the operations which are now owned by Delphi have become a leading global technology innovator with significant engineering resources and technical competencies in a variety of disciplines.  Today, the Company is arguably the single largest global supplier of vehicle electronics, transportation components, integrated systems and modules, and other electronic technology. The Company's technologies and products are present in more than 75 million vehicles on the road worldwide.  The Company supplies products to nearly every major global automotive original equipment manufacturer with 2004 sales to its

---

[2]      The aggregated financial data used in this Motion generally consists of consolidated information from Delphi and its worldwide subsidiaries and affiliates.

former parent, General Motors Corporation, equaling approximately $15.4 billion and sales to

each of Ford Motor Company, DaimlerChrysler Corporation, Renault/Nissan Motor Company,

Ltd., and Volkswagen Group exceeding $850 million.

   7.  As part of its growth strategy, Delphi has established an expansive global

presence with a network of manufacturing sites, technical centers, sales offices, and joint

ventures located in every major region of the world.  In the U.S., the Debtors employ

approximately 50,600 people.  Those employees work in approximately 44 manufacturing sites

and 13 technical centers across the country, and in Delphi's worldwide headquarters and

customer center located in Troy, Michigan.  Approximately 34,750 of these individuals are

hourly employees, 96% of whom are represented by approximately 49 different international and

local unions.  Outside the United States, the Company's foreign entities employ more than

134,000 people, supporting 120 manufacturing sites and 20 technical centers across nearly 40

countries worldwide.

   8.  Delphi was incorporated in Delaware in 1998 as a wholly-owned

subsidiary of GM.  Prior to January 1, 1999, GM conducted the Company's business through

various divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these

divisions and subsidiaries were transferred to Delphi and its subsidiaries and affiliates in

accordance with the terms of a Master Separation Agreement between Delphi and GM.  In

connection with these transactions, Delphi accelerated its evolution from a North American-

based, captive automotive supplier to a global supplier of components, integrated systems, and

modules for a wide range of customers and applications.  Although GM is still the Company's

single largest customer, today more than half of Delphi's revenue is generated from non-GM

sources.

9.     Due to the significant planning that goes into each vehicle model, Delphi's efforts to generate new business do not immediately affect its financial results, because supplier selection in the auto industry is generally finalized several years prior to the start of production of the vehicle.  When awarding new business, which is the foundation for the Company's forward revenue base, customers are increasingly concerned with the financial stability of their supply base.  The Debtors believe that they will maximize stakeholder value and the Company's future prospects if they stabilize their businesses and continue to diversify their customer base. The Debtors also believe that this must be accomplished in advance of  the expiration of certain benefit guarantees between GM and certain of Delphi's unions representing most of its U.S. hourly employees which coincides with the expiration of the Company's U.S. collective bargaining agreements in the fall of 2007.

C.     Events Leading To The Chapter 11 Filing

10.     In the first two years following Delphi's separation from GM, the Company generated more than $2 billion in net income.  Every year thereafter, however, with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the Company reported a net operating loss of $482 million on $28.6 billion in net sales.  Reflective of a downturn in the marketplace, Delphi's financial condition has deteriorated further in the first six months of 2005.  The Company experienced net operating losses of $608 million for the first six months of calendar year 2005 on six-month net sales of $13.9 billion, which is approximately $1 billion less in sales than during the same time period in calendar year 2004.[3]

11.     The Debtors believe that three significant issues have largely contributed to the deterioration of the Company's financial performance: (a) increasingly unsustainable U.S.

---

[3]     Reported net losses in calendar year 2004 were $4.8 billion, reflecting a $4.1 billion tax charge, primarily related to the recording of a valuation allowance on the U.S. deferred tax assets as of December 31, 2004.

legacy liabilities and operational restrictions driven by collectively bargained agreements, including restrictions preventing the Debtors from exiting non-strategic, non-profitable operations, all of which have the effect of creating largely fixed labor costs, (b) a competitive U.S. vehicle production environment for domestic OEMs resulting in the reduced number of motor vehicles that GM produces annually in the United States and related pricing pressures, and (c) increasing commodity prices.

12.     In light of these factors, the Company determined that it would be imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product portfolio, operational issues and forward looking revenue requirements.  Having concluded that pre-filing discussions with its Unions and GM were not leading to the implementation of a plan sufficient to address the Debtors' issues on a timely basis, the Company determined to commence these chapter 11 cases for its U.S. businesses to complete the Debtors' transformation plan and preserve value.

13.     Through the reorganization process, the Debtors intend to achieve competitiveness for Delphi's core U.S. operations by modifying or eliminating non-competitive legacy liabilities and burdensome restrictions under current labor agreements and realigning Delphi's global product portfolio and manufacturing footprint to preserve the Company's core businesses.  This will require negotiation with key stakeholders over their respective contributions to the restructuring plan or, absent consensual participation, the utilization of the chapter 11 process to achieve the necessary cost savings and operational effectiveness envisioned in the Company's transformation plan.  The Debtors believe that a substantial segment of Delphi's U.S. business operations must be divested, consolidated, or wound-down through the chapter 11 process.

6

14. Upon the conclusion of this process, the Debtors expect to emerge from chapter 11 as a stronger, more financially sound business with viable U.S. operations that are well-positioned to advance global enterprise objectives. In the meantime, Delphi will marshal all of its resources to continue to deliver value and high-quality products to its customers globally. Additionally, the Company will preserve and continue the strategic growth of its non-U.S. operations and maintain its prominence as the world's premier auto supplier.

<u>Relief Requested</u>

15. Contemporaneously with the filing of this Motion, or soon thereafter, the Debtors expect to seek approval of the employment of (a) Skadden, Arps, Slate, Meagher & Flom LLP as restructuring and bankruptcy counsel, (b) Shearman & Sterling LLP as special counsel, (c) O'Melveny & Myers LLP as special labor counsel, (d) Groom Law Group Chartered as special employee benefits counsel, (e) Togut, Segal & Segal LLP as conflicts counsel, (f) Rothschild Inc. as financial advisors and investment bankers, and (g) FTI Consulting, Inc. as restructuring and financial advisors.[4] The Debtors may seek to retain other professionals to assist them in these cases as the need arises (collectively, the "Debtors' Professionals"). In addition, a statutory committee of unsecured creditors (the "Creditors' Committee") and possibly other statutory committees likely will be appointed in these cases, and likely will retain counsel, and possibly other professionals, to assist them (collectively with the Debtors' Professionals, the "Chapter 11 Professionals").

---

[4]    In addition to these professionals, the Debtors expect to seek approval of the employment of Kurtzman Carson Consultants LLC ("KCC"), pursuant to 28 U.S.C. § 156, to serve as claims, noticing, and balloting agent in these cases. Although KCC will not be retained under section 327 of the Bankruptcy Code, its compensation will be subject to 11 U.S.C. § 330. Contemporaneously herewith, the Debtors have also filed the Motion For Order Under 11 U.S.C. §§ 105, 327, 330, And 331 Authorizing Retention Of Professionals Utilized By Debtors In Ordinary Course of Business.

16.    Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if this Court permits.  Accordingly, the Debtors request the establishment of procedures (a) for compensating and reimbursing the Chapter 11 Professionals on a monthly basis and (b) governing the interim and final fee application process.  In addition, pursuant to section 503(b)(3)(F) of the Bankruptcy Code, the Debtors seek to establish a mechanism by which members of the Creditors' Committee (and members of any other statutory committees) may be reimbursed for expenses incurred in the performance of their duties.

17.    The specific relief requested by the Debtors conforms substantially with the professional and committee payment procedures approved by General Order of the United States Bankruptcy Court for the Southern District of New York, dated January 24, 2000, entitled "In the Matter of Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals."  Such relief will permit this Court and all other parties to more effectively monitor the professional fees incurred in these Chapter 11 cases.

18.    Accordingly, the Debtors propose that the interim payment of compensation and reimbursement of expenses to the chapter 11 Professionals be permitted as follows:

a.    On or before the last day of the month following each month for which compensation is sought, each professional will serve a monthly statement by hand or overnight delivery upon (a) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098, Att'n: General Counsel, (b) Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606, Att'n: John Wm. Butler, Jr., Esq., (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10044, Att'n:  Alicia M. Leonhard, Esq. (the "U.S. Trustee"), (d) counsel for any official committee appointed in these cases, (e) counsel for the agent under the Debtors' prepetition credit facility, and (f) counsel for the agent under the Debtors' postpetition credit facility (collectively, the "Notice Parties").

8

b.      The monthly statement need not be filed with this Court and a courtesy copy need not be delivered to the presiding judge's chambers. The procedures are not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code, and the Chapter 11 Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.

c.      Each monthly fee statement must contain a list of the individuals and their respective titles (e.g., attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour. No professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to this Court's Administrative Orders, dated June 24, 1991 and April 21, 1995, or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, dated January 30, 1996.

d.      Each person receiving a statement will have at least 15 days after its receipt to review it. In the event that he or she has an objection to the compensation or reimbursement sought in a particular statement, he or she will, by no later than the 45th day following the month for which compensation is sought, serve upon the professional whose statement is objected to, and the Notice Parties, a written "Notice Of Objection To Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue.

e.      At the expiration of the 45-day period, the Debtors will promptly pay 80% of the fees and 100% of the expenses identified in each monthly statement to which no objection has been served in accordance with paragraph (d). Any disbursements from the holdback amount shall be made in accordance with the recommendation of the "Fee Committee" (defined below) and/or as may be determined by this Court.

f.      If the Debtors receive an objection to a particular fee statement, they will withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e).

g.      Similarly, if the parties to an objection are able to resolve their dispute following the service of a Notice Of Objection To Fee Statement, and if the party whose statement was objected to serves upon all of the Notice Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtors will promptly pay, in accordance with paragraph (e), that portion of the fee statement which is no longer subject to an objection.

9

h.    All objections that are not resolved by the parties will be preserved and presented to this Court at the next interim or final fee application hearing to be heard by this Court (see paragraph (j) below).

i.    The service of an objection in accordance with paragraph (d) will not prejudice the objecting party's right to object to any fee application made to this Court in accordance with the Bankruptcy Code on any ground, whether raised in the objection or not.  Furthermore, the decision by any party not to object to a fee statement will not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to this Court in accordance with the Bankruptcy Code.

j.    Approximately every 120 days, but no more than every 150 days, each of the Chapter 11 Professionals will serve and file with this Court an application for interim or final court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested.

k.    Any professional who fails to file when due an application seeking approval of compensation and expenses previously paid under these procedures (a) will be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of this Court and (b) may be required to disgorge any fees paid since his or her retention or the last fee application, whichever is later.

l.    The pendency of an application or an order that payment of compensation or reimbursement of expenses was improper as to a particular statement will not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by this Court.

m.    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein will have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any of the Chapter 11 Professionals.

n.    In the event of the administrative insolvency of the Debtors, the Creditors' Committee or the U.S. Trustee may seek contribution of any unapplied retainers to fund pro rata payments to retained professionals whose claims are not paid through any carve-out amount that had been established by a financing order in these cases and the rights of all retained professionals holding such retainers shall be fully reserved with respect to any such application.

19.    The Debtors further request that this Court limit the notice of hearings to consider interim fee applications and the final fee applications to the Notice Parties and all other parties who have filed notice of appearance and/or requested notice in these chapter 11 cases.

Such notice should apprise the parties most active in these cases and will save the expense of undue duplication and mailing.

20.    The Debtors propose that a Joint Fee Review Committee (the "Fee Committee") be established in these cases comprised of (a) the U.S. Trustee, (b) two representatives appointed by the Debtors,[5] and (c) two representatives appointed by the Creditors' Committee.  The Debtors propose that, on or prior to November 15, 2005, each constituent group identified in the preceding sentence advise the Debtors' attorneys of the identity of and contact information for its appointee to the Fee Committee.  On or before December 15, 2005, the Debtors propose that the Fee Committee submit a protocol to this Court for its approval substantially in the form of Exhibit A attached hereto.  See In re Adelphia Communications Corp., Case No. 02-41729 (REG) (Bankr. S.D.N.Y. Mar. 7, 2003); In re Adelphia Bus. Solutions, Inc., Case No. 02-11389 (REG) (Bankr. S.D.N.Y. May 20, 2002); In re The Singer Co., N.V., Case Nos. 99-10578 through 99-10607, 99-10613, 99-10616 through 99-10629 and 00-10423 (BRL) (Bankr. S.D.N.Y. Sept. 13, 1999); see also In re US Airways Group, Inc., Case No. 02-83984 (SSM) (Bankr. E.D. Va. Aug. 16, 2002); In re Kmart Corp., Case No. 02-02474 (SPS) (Bankr. N.D. Ill. Mar. 20, 2002); In re Service Merchandise Co., Case No. 99-02649 (Bankr. M.D. Tenn. 1999).

21.    In cases of this magnitude, the volume of fee and expense requests are such that the Fee Committee will not have the resources to thoroughly review such requests without the assistance of dedicated outside professionals.  These outside professionals provide valuable services which will allow the Fee Committee to fulfill its duties economically and effectively, such as preparation of computer-generated analyses of the Chapter 11 Professionals'

---

[5]    The Debtors shall be entitled to appoint one legal representative and one business representative.

monthly fee statements and fee applications, preparation of reports to the Fee Committee on such statements and applications, and coordination of discussions with the Chapter 11 Professionals on any fee or expense issues, as directed by the Fee Committee.  The Debtors believe that the cost of such professionals' services will be more than offset by the value to the Fee Committee of the services to be provided.  Therefore, the Debtors request that the Fee Committee be authorized to retain an outside fee examiner and separate legal counsel of its choosing.  Fee committees appointed in other large chapter 11 cases have regularly utilized the services of such professionals.  See, e.g., In re Adelphia Communications Corp., Case No. 02-41729 (REG) (Bankr. S.D.N.Y. June 25, 2003); In re WorldCom, Inc., Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. July 29, 2003); In re Kmart Corp., Case No. 02-02474 (SPS) (Bankr. N.D. Ill. June 3, 2003); In re Enron Corp., Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. June 5, 2002).

22.    With respect to the reimbursement of expenses of members of any statutory committees, it is proposed that counsel for each committee, in accordance with the foregoing procedure for monthly compensation and reimbursement of Chapter 11 Professionals, collect and submit statements of expenses, with supporting vouchers, from members of the committee he or she represents.  Each counsel would be responsible for ensuring that the reimbursement requests comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995.  The interim and final application process would also be applicable to committee member expenses.

23.    The Debtors believe that establishing procedures for compensation and reimbursement of expenses will enable all parties-in-interest to monitor closely the costs of administration, maintain a level cash flow, and implement efficient cash management procedures.  Moreover, on the Petition Date, the Debtors requested that this Court enter an order

approving a postpetition credit facility that will enable the Debtors to meet all of their postpetition working capital requirements, including the interim compensation and reimbursement of expenses of professionals sought to be retained by the Debtors.  The Debtors are administratively solvent and believe that these procedures are in the best interests of the Debtors, their estates, and their creditors and will leave sufficient liquidity in these chapter 11 cases to meet all obligations proposed herein.  Moreover, such procedures are consistent with the procedures established in other complex cases in this district.  See, e.g., In re Delta Air Lines, Inc., Case No. 05-17923 (PCB) (Bankr. S.D.N.Y. Oct. 6, 2005); In re Winn-Dixie Stores, Inc., Case No. 05-11063 (RDD) (Bankr. S.D.N.Y. Mar. 15, 2005); In re Spiegel, Inc., Case No. 03-11540 (CB) (Bankr. S.D.N.Y. Apr. 10, 2003); In re WorldCom, Inc., Case No. 02-13533 (Bankr. S.D.N.Y. Aug. 13, 2002); In re Global Crossing, Ltd., Case No. 02-40187 (Bankr. S.D.N.Y. Jan. 28, 2002).

### Notice

24.    Notice of this Motion has been provided by facsimile, electronic transmission, overnight delivery, or hand delivery to (a) the Office of the United States Trustee, (b) the Debtors' 50 largest unsecured creditors, (c) counsel for the agent under the Debtors' prepetition credit facility, and (d) counsel for the agent under the Debtors' proposed postpetition credit facility.  In light of the nature of the relief requested, under the Debtors submit that no other or further notice is necessary.

### Memorandum Of Law

25.    Because the legal points and authorities upon which this Motion relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

WHEREFORE, the Debtors respectfully request that this Court enter an order (a) establishing procedures for compensating and reimbursing Chapter 11 Professionals on a monthly basis and governing the interim and final fee application process, (b) establishing a Fee Committee, (c) authorizing retention of outside professionals by the Fee Committee, and (d) granting the Debtors such other and further relief as is just.

Dated:  New York, New York
       October 13, 2005

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By: s/ John Wm. Butler, Jr._____
    John Wm. Butler, Jr. (pro hac vice motion pending)
    John K. Lyons
    Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

    - and -

By: s/ Kayalyn A.  Marafioti_____
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

14

Exhibit A

Model Fee Committee And Fee Procedures Protocol

Fee Committee

In an effort to monitor the fees incurred in these chapter 11 cases, a fee committee (the "Fee Committee") is hereby appointed, nunc pro tunc to October 8, 2005. The Fee Committee is authorized to review and analyze fee statements and interim and final fee applications submitted by professionals appointed by this Court in these chapter 11 cases (the "Retained Professionals") and verify compliance with the other procedures described herein.

The procedures described herein are supplementary to the procedures and requirements established in this Court's October ●, 2005 Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals (the "Fee Order"). In the event of a conflict between the provisions of the procedures and requirements described herein and those in the Fee Order, the Fee Committee Order (as defined below) shall control. The Fee Committee may, upon application to this Court, seek modifications to this protocol to assist the Fee Committee is discharging its duties.

All capitalized terms not defined herein shall have the meanings ascribed to them in the Fee Order.

Composition Of Committee

The Fee Committee will consist of two people appointed by and representative of each of the Creditors' Committee and the Debtors and one person appointed by and representative of the U.S. Trustee. Each member of the Fee Committee will have one vote on all Fee Committee matters.

Within ___ calendar days of entry of an Order approving the establishment of the Fee Committee and these procedures (the "Fee Committee Order"), each constituent group identified above shall advise the Debtors' attorneys of the identity of and contact information for its appointee to the Fee Committee and the designated contact person for each of such constituent group's professionals.[1]  At the expiration of such period, the Debtors' attorneys will provide each appointee with: (i) a list of all appointees to the Fee Committee, including their contact information; (ii) a list of all designated contact persons for each of the Retained Professionals, including their contact information; (iii) a copy of each Retained Professional's

---

[1]   Each member of the constituent groups that will comprise the Fee Committee reserves its respective rights to object to the nominations of other such constituent groups.

retention application; and (iv) fee statements and interim fee applications filed by each Retained Professional,[2] as applicable.

The Fee Committee shall elect one member to serve as Chairperson. The Chairperson shall be responsible for, among other things, scheduling meetings, and collecting and distributing fee statements and applications. The attorneys who are retained professionals for each member of the Fee Committee shall be responsible for submitting and prosecuting expense reimbursement applications for such member of the Fee Committee. In the event that the Fee Dispute is with respect to the attorneys who are Retained Professionals for the Chairperson, an alternate member selected by the Fee Committee shall act in place of the Chairperson with respect to that Fee Dispute and be represented by such member's attorneys who are Retained Professionals.

In appointing their representative to the Fee Committee, each constituent group is requested to appoint a senior businessperson with final decision-making authority on fee issues, but whose service on the Fee Committee will not adversely affect or disrupt such businessperson's organization.

In the event that a member of the Fee Committee resigns, the constituent group represented by that resigning member may designate a successor member. The Chairperson will be responsible for distributing contact information for the successor member. The Court may alter the membership of the Fee Committee at any time.

Compensation Of Committee Members

Members of the Fee Committee will receive no compensation for their service on the Fee Committee or time expended on Fee Committee matters. All members of the Fee Committee are entitled to reimbursement for reasonable, documented out-of pocket costs and expenses from the estates. Such Fee Committee expenses include travel and lodging expenses for attendance at Fee Committee meetings. Such Fee Committee expenses do not include professional fees incurred by professionals advising Fee Committee members (which fees are included in fee applications and are otherwise compensable).

Service on the Fee Committee will not entitle any member thereof to compensation under section 503(b) of the Bankruptcy Code, and any right to such claim is expressly waived.

Budgets

At the time set forth below, each Retained Professional shall prepare a budget of the fees it expects to incur over the course of each two-month period during the pendency of these chapter 11 cases (a "Budget"). Each Budget shall set forth in reasonable detail the services anticipated to be provided over the next two-month period and the approximate aggregate fees to

---

[2]    Fee statements and interim fee applications of the Retained Professionals will only begin to be circulated after [•].

2

be incurred in connection with the rendition thereof. Such services shall be allocated by task codes established by the Fee Committee.[3] Such task codes shall only apply to future services. Each Budget shall state whether the Retained Professional's client has approved the Budget. To the extent a Budget includes a variance in excess of 25% in respect of a given month contained in a previous Budget, such Budget should include an explanation of such variance.

Within ___ calendar days of entry of the Fee Committee Order, counsel for the Chairperson shall serve on each Retained Professional a (i) timetable for the submission of all Budgets, (ii) a description of how the Fee Committee will assess the reasonableness of each fee application, (iii) and a description of any additional information or particular format that the Fee Committee may desire for Budgets, each of which shall be determined by the Fee Committee. The first of such Budgets will be due 30 calendar days after the Fee Committee has approved the task codes and given notice of the task codes to the Retained Professionals, and each subsequent Budget will be due by no later than the first business day of every other month thereafter.

Nothing herein shall require a Retained Professional to provide any information that would disclose privileged information or anything (including potential strategies) that in the Retained Professional's reasonable discretion could be damaging to its constituency. To preserve confidentiality, all Budgets or other information provided by any of the Retained Professionals shall be submitted on a confidential basis, subject only to (i) the Fee Committee's right to use the Budget on prior notice in connection with any fee dispute and (ii) the Retained Professional's right to seek a protective order or similar protection of information it claims confidential.

Even if actual fees significantly deviate from the amount of fees that have been budgeted by a Retained Professional, such deviation may not be the sole basis for the Fee Committee to object to a Retained Professional's fees. Instead, budgets will be submitted and analyzed with the understanding that they are based on assumptions and that it is not possible to predict the volume or course of the multitude of matters or issues that arise in chapter 11 cases and related litigation. Upon the filing by a Retained Professional of its interim fee application, it shall provide the Fee Committee with a written explanation of the major reasons for differences between its budgeted fees for a given month and its actual fees where such differences exceed 25% of the total fees requested. Such explanation shall be held in strict confidence by the Fee Committee and each member thereof and shall not be disclosed to any other party including such member's constituency or its advisors. On the submission of a monthly fee statement, interim fee application or final fee application, the Fee Committee shall discuss with such Retained Professional any variance between the fees actually incurred and those projected to be incurred in the Budget.

---

[3]   The task codes established by the Fee Committee shall not be the only task codes utilized in these cases. To the extent that certain of the Retained Professionals require unique task codes for services that do not apply to other Retained Professionals, such Retained Professionals may continue to allocate fees to separate, customized task codes.

## Monthly Statements And Fee Applications

Each monthly statement and interim or final fee application, as applicable, shall be served upon each member of the Fee Committee in accordance with the timing provisions of the Fee Order.

## Fee Disputes

The Fee Committee may contact the designee of any Retained Professional with respect to concerns it may have with respect to any fee statement or fee application to discuss, among other things, variances from such Retained Professional's Budget. The Fee Committee, by majority vote in accordance with the procedures set forth above, may distribute a confidential written statement to that Retained Professional describing any concern the Fee Committee may have with such Retained Professional's monthly statement or interim or final fee application ("Fee Committee Statement"). The Fee Committee and the Retained Professional served with such Fee Committee Statement shall endeavor to reach a mutually acceptable resolution of the issues raised by the Fee Committee. The Debtors' representative to the Fee Committee shall keep the Debtors apprised of any disputes and resolutions thereof to assure compliance with the provisions of the Fee Order. Pending such resolution, the Debtors shall compensate such Retained Professional for any amount otherwise due and payable that is not the subject of the Fee Committee Statement. In the event that the Fee Committee and the Retained Professional cannot reach a resolution with respect to the issues raised by the Fee Committee Statement within a reasonable period of time (which shall not exceed 45 days), such disputed portion of the fee statement or fee application may be submitted by the Retained Professional to the Court for resolution. The timing and effect with respect to responses to any Fee Committee Statement shall be governed by the procedures set forth in the Fee Order for objections.

If a disputed fee matter arising out of or relating to fees and/or expenses of any Retained Professional is filed with the Court (a "Fee Dispute"), the Fee Committee, by majority vote, may issue a Fee Committee Statement with respect to the Fee Dispute. Upon request of the Court, any member of the Fee Committee duly authorized by the Fee Committee, on behalf of the Fee Committee, may act as an expert witness only with respect to (a) any Fee Committee Statement issued in relation to the Fee Dispute, (b) any objection to such Fee Committee Statement, and (c) the fee applications or statements implicated thereby. If the Fee Committee does not issue a Fee Committee Statement with respect to the Fee Dispute, upon request of the Court, the Chairperson, on behalf of the Fee Committee may make such recommendations to the Court as are authorized by the Fee Committee with respect to the matters raised in the Fee Dispute.

Nothing contained herein shall affect the right of any party in interest to object or otherwise respond to any monthly statement or interim or final fee application.

## Subsequent Retentions

Any professional retained by order of the Court subsequent to the date hereof shall be bound by the Fee Committee Order and the Fee Order and shall immediately contact the

Fee Committee to establish the submission of Budgets and fee statements or fee applications. The Fee Committee Order shall not be applicable to Ordinary Course Professionals.

Subject to further order of the Court, the Fee Committee may be authorized, upon appropriate application, to retain any professionals required to effectively discharge the duties described herein.

Committee Exculpation And Indemnification

The Fee Committee and each member thereof are hereby appointed officers of the Court with respect to the performance of their duties on the Fee Committee and provided the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of their duties and powers on the Fee Committee. No person or entity shall commence an action against the Fee Committee or any member thereof in connection with Fee Committee matters except in this Court.

The Fee Committee and each member thereof are hereby indemnified by the Debtors' estates for losses or costs of defense incurred as a result of acts taken or omitted, in each case in good faith, in the performance of their duties as a member of the Fee Committee.

Any and all claims or causes of action not instituted against the Fee Committee or any member thereof (solely in their capacity as a member of the Fee Committee) prior to the tenth calendar day after entry of an order determining the last final fee application in these cases shall be barred forever and discharged and all persons and entities shall be enjoined from prosecuting such claims in any manner thereafter.

Each Retained Professional may seek an Order on appropriate notice seeking relief from any of the provisions of the Fee Committee Order.

5

Hearing Date: October 27, 2005, 10:00 a.m.
Objection Deadline: October 24, 2005, 4:00 p.m.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                      :
     In re                  :   Chapter 11
                      :
   DELPHI CORPORATION, et al.,    :   Case No. 05- 44481 (RDD)
                      :
            Debtors.  :   (Jointly Administered)
                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF MOTION FOR ADMINISTRATIVE ORDER
UNDER 11 U.S.C. § 331 ESTABLISHING PROCEDURES FOR
INTERIM COMPENSATION AND REIMBURSEMENT
OF EXPENSES OF PROFESSIONALS

PLEASE TAKE NOTICE that on October 8, 2005, Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in

the above-captioned cases filed the Motion For Administrative Order Under 11 U.S.C.

§331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses

Of Professionals (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of

the Motion on a final basis will be held on October 27, 2005, at 10:00 a.m. (Prevailing

Eastern Time) ("the Hearing") before the Honorable Robert D. Drain, United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York, 10004.

PLEASE TAKE FURTHER NOTICE that objections, if any, to approval of

the Motion on a final basis (a) must be in writing, (b) must conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New

York, (c) must be filed with the Bankruptcy Court in accordance with General Order M-242

(as amended) – registered users of the Bankruptcy Court's case filing system must file

electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word

processing format), (d) must be submitted in hard-copy form directly to the chambers of the

Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) and must be served

upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General

2

Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333

West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.),

(iii) special counsel to the Debtors, Shearman & Sterling LLP, 599 Lexington Avenue, New

York, New York 10022 (Att'n:  Douglas P. Bartner), (iv) counsel for the agent under the

Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington

Avenue, New York, New York 10017 (Att'n:  Marissa Wesley), (v) counsel for the agent

under the Debtors' proposed postpetition credit facility, Davis Polk & Wardell, 450

Lexington Avenue, New York, New York 10017 (Att'n:  Marlane Melican), (vi) counsel to

any official committee formed in these cases, and (vii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York,

New York 10004 (Att'n:  Alicia M. Leonhard), in each case so as to be **received** no later

than **4:00 p.m. (Prevailing Eastern Time)** on **October 24, 2005** (the "Objection Dead-

line").

PLEASE TAKE FURTHER NOTICE that only those objections made in writing and timely filed and received by the Objection Deadline will be considered by the Bankruptcy Court at the Hearing.  If no objections to the Motion are timely filed and served in accordance with the procedures set forth herein, the Bankruptcy Court may enter a final order granting the Motion **without further notice.**

Dated: New York, New York
      October 13, 2005

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:  s/ John Wm. Butler, Jr.
  John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By:  s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------  x
                                                              :
          In re                                               :
                                                              :   Chapter 11
DELPHI CORPORATION, et al.,                                   :
                                                              :   Case No.  05–44481(RDD)
                                                              :
                                        Debtors.              :   (Jointly Administered)
                                                              :
------------------------------------------------------------  x
```

ORDER UNDER 11 U.S.C. § 331
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

("INTERIM COMPENSATION ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"),[1] of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under section 331

of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy

Code"), establishing procedures for interim compensation and reimbursement of expenses of

court-approved professionals (the "Chapter 11 Professionals"); and upon the Affidavit Of Robert

S. Miller, Jr.  In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8,

2005; and upon the record of the hearing held on the Motion; and this Court having determined

that the relief requested in the Motion is in the best interests of the Debtors, their estates, their

creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the

Motion has been given and that no other or further notice is necessary; and upon the record

---

[1]        Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the
Motion.

herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED.

2.      Except as may otherwise be provided in subsequent orders of this Court authorizing the retention of Chapter 11 Professionals, all professionals in these cases may seek interim compensation and reimbursement of expenses in accordance with the following procedure:

(a)     On or before the last day of the month following each calendar month for which compensation is sought, each professional shall serve a monthly statement by hand or overnight delivery upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098, Att'n: General Counsel, (ii) Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606, Att'n: John Wm. Butler, Jr., Esq., (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004, Att'n: Alicia M. Leonhard, Esq. (the "U.S. Trustee"), (iv) counsel for any official committee appointed in these cases, (v) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York, 10017 (Att'n: Marissa Wesley), and (vi) counsel for the agent under the Debtors' postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York, 10017 (Att'n: Marlane Melican) (collectively, the "Notice Parties").

(b)     The monthly statement need not be filed with this Court and a courtesy copy need not be delivered to the presiding judge's chambers because this Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the

Bankruptcy Code, and the Chapter 11 Professionals are still required to serve and file interim and

final applications for approval of fees and expenses in accordance with the relevant provisions of

the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

the Local Rules for the United States Bankruptcy Court, Southern District of New York (the

"Local Rules").

        (c)    Each monthly fee statement must contain a list of the individuals and

their respective titles (e.g., attorney, accountant, or paralegal) who provided services during the

statement period, their respective billing rates, the aggregate hours spent by each individual, a

reasonably detailed breakdown of the disbursements incurred, and contemporaneously

maintained time entries for each individual in increments of tenths (1/10) of an hour.  No

professional may seek reimbursement of an expense that would otherwise not be allowed

pursuant to this Court's Administrative Orders, dated June 24, 1991 and April 21, 1995, or the

United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed under 11 U.S.C. § 330, dated January 30, 1996.

        (d)    Each person receiving a statement shall have at least 15 days after its

receipt to review it.  In the event such person has an objection to the compensation or

reimbursement sought in a particular statement, such person shall, by no later than the 45th day

following the month for which compensation is sought, serve upon the professional whose

statement is objected to, and the Notice Parties, a written "Notice Of Objection To Fee

Statement" setting forth the nature of the objection and the amount of fees or expenses at issue.

        (e)    At the expiration of the 45-day period, the Debtors shall promptly

pay 80% of the fees and 100% of the expenses identified in each monthly statement to which no

objection has been served in accordance with paragraph (d).  Any disbursements from the

holdback amount shall be made in accordance with the recommendation of the Fee Committee
and/or as may be determined by this Court.

(f)     If the Debtors receive an objection to a particular fee statement, they
shall withhold payment of that portion of the fee statement to which the objection is directed and
promptly pay the remainder of the fees and disbursements in the percentages set forth in
paragraph (e) hereof.

(g)     Similarly, if the parties to an objection are able to resolve their
dispute following the service of a Notice Of Objection To Fee Statement, and if the party whose
statement was objected to serves upon all of the Notice Parties a statement indicating that the
objection is withdrawn and describing in detail the terms of the resolution, then the Debtors shall
promptly pay, in accordance with paragraph (e), that portion of the fee statement which is no
longer subject to an objection.

(h)     All objections that are not resolved by the parties shall be preserved
and presented to this Court at the next interim or final fee application hearing to be heard by this
Court (see paragraph (j) below).

(i)     The service of an objection in accordance with paragraph (d) shall
not prejudice the objecting party's right to object to any fee application made to this Court in
accordance with the Bankruptcy Code on any ground, whether raised in the objection or not.
Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of
any kind or prejudice that party's right to object to any fee application subsequently made to this
Court in accordance with the Bankruptcy Code.

(j)     Approximately every 120 days, but no more than every 150 days,
each of the Chapter 11 Professionals shall serve and file with this Court an application for

4

interim or final court approval and allowance, pursuant to sections 330 and 331 of the

Bankruptcy Code, as the case may be, of the compensation and reimbursement of expenses

requested.

(k)    Any professional who fails to file when due an application seeking

approval of compensation and expenses previously paid under these procedures when due (i)

shall be ineligible to receive further monthly payments of fees or expenses as provided herein

until further order of this Court and (ii) may be required to disgorge any fees paid since his or her

retention or the last fee application, whichever is later.

(l)    The pendency of an application or an order that payment of

compensation or reimbursement of expenses was improper as to a particular statement shall not

disqualify a professional from the future payment of compensation or reimbursement of expenses

as set forth above, unless otherwise ordered by this Court.

(m)    Neither the payment of, nor the failure to pay, in whole or in part,

monthly compensation and reimbursement as provided herein shall have any effect on this

Court's interim or final allowance of compensation and reimbursement of expenses of any of the

Chapter 11 Professionals.

(n)    In the event of the administrative insolvency of the Debtors, the

Creditors' Committee or the U.S. Trustee may seek contribution of any unapplied retainers to

fund pro rata payments to retained professionals whose claims are not paid through any carve-out

amount that had been established by a financing order in these cases and the rights of all retained

professionals holding such retainers shall be fully reserved with respect to any such application.

(o)    Counsel for each official committee may, in accordance with the

foregoing procedure for monthly compensation and reimbursement of professionals, collect and

5

submit statements of expenses, with supporting vouchers, from members of the committee he or she represents; provided, however, that such committee counsel ensures that these reimbursement requests comply with this Court's Administrative Orders, dated June 24, 1991 and April 21, 1995.

3.      Each professional may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and reimbursement for expenses incurred during the period beginning on the date of the professional's retention and ending on November 30, 2005.

4.      The Debtors shall include all payments to professionals on their monthly operating reports, detailed so as to state the amount paid to each of the professionals.

5.      Any party-in-interest may object to requests for a monthly payment made pursuant to this Order on the grounds, among others, that the Debtors have not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists, by seeking further order of this Court.  Otherwise, this Order shall continue and shall remain in effect during the pendency of these cases.

6.      All fees and expenses paid to Chapter 11 Professionals under these compensation procedures are subject to disgorgement until final allowance by this Court.

7.      Service of interim fee applications and final fee applications (collectively, the "Applications") may be limited to the Notice Parties.

8.      All other parties who have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases shall be entitled to receive only notice of hearing on the Applications.

9.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10.    This Court hereby directs that, on or before November 15, 2005, each of the U.S. Trustee, the Debtors, and the Creditors' Committee advise the Debtors' attorneys of the identity of and contact information for its appointee(s) to the Fee Committee.  On or before December 15, 2005, the Fee Committee shall submit to this Court for its approval a protocol regarding the Fee Committee, its composition, mandate, and procedures, generally in the form of the suggested model protocol attached as Exhibit A hereto.

11.    This Court hereby authorizes the Fee Committee to retain such professionals, including without limitation separate counsel and a fee examiner, as it reasonably determines necessary and such professionals shall be authorized to provide such services as the Fee Committee reasonably determines will allow it to fulfill its duties economically and effectively.

12.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

13.    The requirement under Rule 9013-1(b) the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

7

14.    In the event of the administrative insolvency of the Debtors, the Creditors'

Committee or the U.S. Trustee may seek contribution of any unapplied retainers to fund pro rata

payments to retained professionals whose claims are not paid through any carve-out amount that

had been established by a financing order in these cases and the rights of all retained

professionals holding such retainers shall be fully reserved with respect to any such application.


Dated:        New York, New York
              October__, 2005


                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT F**

| Company | Contact | Address 1 | Address 2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| Abate | | Tax Id 382374804 | PO Box 67000 | Detroit | MI | 482670409 | |
| Adams and Adams | | PO Box 1014 | Pretoria 0001 | | | | |
| Adelson Testan Bruno | | 100 Ocean Gate Ste 830 | | Long Beach | CA | 90802 | US |
| Alvarez Notzon and Gutierrez Llp | | 415 Shiloh Dr | | Laredo | TX | 78045 | US |
| American Appraisal Associates | | 411 East Wisconsin Ave | Ste 1900 | Milwaukee | WI | 53201 | US |
| Anne Murphy Patent Services | | Name Chnge Lof 9/96 | PO Box 2128 Eads St Sta | Arlington | VA | 22202 | |
| Antonelli Terry Stout and Kraus | | Llp | 1300 N 17th St Ste 1800 | Arlington | VA | 22209 | US |
| Arent Fox Kintner Plotkin & | | Kahn | 1050 Connecticut Ave Nw | Washington | DC | 20036 | US |
| Artz John A Pc | | 28333 Telegraph Rd Ste 250 | | Southfield | MI | 48034 | US |
| Ask Services Inc | | 42180 Ford Rd Ste 101 | | Canton | MI | 48187 | US |
| Asset Management Resources Inc | | 26211 Central Pk Blvd | | Southfield | MI | 48076 | US |
| Baker and Botts Llp | | 1299 Pennsylvania Ave Nw | | Washington | DC | 20004 | US |
| Baker and Botts Llp | | 1600 San Jacinto Ctr | 98 San Jacinto Blvd | Austin | TX | 78701 | US |
| Baker and Botts Llp | | PO Box 201626 | | Houston | TX | 77216-1626 | |
| Baker and Daniels | | 300 N Meridian St Ste 2700 | Remit Updt 8 01 Csp | Indianapolis | IN | 46204 | US |
| Baker and Mckenzie | | 660 Hansen Wy | | Palo Alto | CA | 94304 | US |
| Baker and Mckenzie | | Addr Chnge Lof 9/96 | 701 Brickell Ave Ste 1600 | Miami | FL | 33131 | US |
| Baker and Mckenzie | | Add Chg 12/28/04 Ah | One Prudential Plaza | Chicago | IL | 60601 | US |
| Baker and Mckenzie | | 130 E Randolph Ste 2500 | | Chicago | IL | 60601 | US |
| Baker and Mckenzie | | 805 3rd Ave | | New York | NY | 10022 | US |
| Baker and Mckenzie | | Societe Davocats | 32 Ave Kleber Bp 2112 | | | | FR |
| Baker and Mckenzie | | PO Box 10220 | | El Paso | TX | 79995 | US |
| Baker and Mckenzie Abogados Sc | | Pl Trinunfo De La Republica 3304 | Piso 2 | Juarez Chihuahua | | 32330 | MX |
| Baker and Mckenzie Abogados Sc | | Add Chg 8 97 | PO Box 10220 | El Paso | TX | 79995 | US |
| Baker and Mckenzie Llp | | 815 Connecticut Ave Nw | | Washington | DC | 20006 | US |
| Baker and Mckenzie Llp | | One Prudential Plaza | 130 East Randolph | Chicago | IL | 60601 | US |
| Baker and Mckenzie Llp | | 100 New Bridge St | | London | | EC4V 6JA | GE |
| Baker and Mckenzie M 287 | | Jet Cargo International | Avenida Francisco De Miranda | Caracas Venezuela | | | VE |
| Balch and Bingham | | PO Box 306 | | Birmingham | AL | 35201 | |
| Banner and Witcoff Ltd | | 10 S Wacker Dr Ste 3000 | | Chicago | IL | 60606 | US |
| Barnes and Thornburg | | C/o J Kyle 1313 Merchants Bk | 11 S Meridian St | Indianapolis | IN | 46204 | US |
| Barnes and Thornburg | | 11 S Meridian | 1313 Merchants Bank Bldg | Indianapolis | IN | 46204 | US |
| Barnett Associates Inc | | 61 Hilton Ave | | Garden City | NY | 11530 | US |
| Bell Anderson and Sanders Llc | | 496 Broadway | | Laguna Beach | CA | 92651 | US |
| Beusse Brownlee Wolter Mora & | | Maire Pa | 390 N Orange Ave Ste 2500 | Orlando | FL | 32801 | US |
| Bliss Mcglynn Pc | | 2075 W Big Beaver Rd Ste 600 | | Troy | MI | 48084 | US |
| Bnp Paribas Securities Corp | | 787 7th Ave | | New York | NY | 10019 | US |
| Bowman and Brooke | | 160 W Santa Clara St Ste 1150 | | San Jose | CA | 95113 | US |
| Bowman and Brooke | | 150 S 5th St Ste 2600 | | Minneapolis | MN | 55402 | US |
| Bowman and Brooke | | Riverfront Plaza West Tower | 901 E Byrd St Ste 1500 | Richmond | VA | 23219 | US |
| Bowman and Brooke | | PO Box 1414 Ncb 13 | | Minneapolis | MN | 554801414 | |
| Bowman and Brooke | | Add Chg 4 98 | PO Box 1414 Ncb 13 | Minneapolis | MN | 554801414 | |
| Braun Kendrick Finkbeiner | | Plc | 101 N Washington St Ste 812 | Saginaw | MI | 48607 | US |
| Braun Kendrick Finkbeiner Plc | | Second National Bank Building | 101 Fashion Square Blvd | Saginaw | MI | 48603 | US |
| Braun Kendrick Finkbeiner Plc | | Second National Bank Bldg | Ste 812 101 N Washington Ave | Saginaw | MI | 48607 | US |
| Braun Kendrick Finkbeiner Plc | | 4301 Fashion Square Blvd | | Saginaw | MI | 48603 | US |
| Braun Kendrick Finkbeiner Plc | | 812 Second National Bank Bldg | | Saginaw | MI | 48607 | US |
| Brubaker and Associates Inc | | PO Box 412000 | | St Louis | MO | 631412000 | |

| Company | Contact | Address 1 | Address 2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| Bsi America Inc | | 13910 Collections Ctr Dr | | Chicago | IL | 60693 | US |
| Bsi America Inc | | British Standards Institution | 12110 Sunset Hills Rd Ste 140 | Reston | VA | 20190 | US |
| Bsi America Inc | | Bsi Management Systems | 12110 Sunset Hills Rd Ste 200 | Reston | VA | 20190 | US |
| Bsi America Inc | | Frmly British Standards Instit | Fmly Bsi Uptd Ltr 8 99 12 99 | Reston | VA | 20170 | US |
| Bsi America Inc | | 12110 Sunset Hills Rd | Ste 140 | Reston | VA | 20190 | US |
| Bsi Management Systems | | 13910 Collections Ctr Dr | | Chicago | IL | 60693 | US |
| Bugbee and Conkle Esq | | 405 Madison Ave Ste 1300 | | Toledo | OH | 43604 | US |
| Butzel Long Pc | | 150 W Jefferson Ste 900 | | Detroit | MI | 48226 | US |
| C&s Patent and Law Service | | Name Updte 2 99 | KPO Box 103 | | | | |
| Cabinet Poupon Michel | | 3 Rue Ferdinand Brunot | 88026 Epinal Cedex | | | | FR |
| Cadwalader Wickersham and Taft | | Llp | 1201 F St Nw | Washington | DC | 20004 | US |
| Cadwalader Wickersham and Taft | | 1201 F St Nw | | Washington | DC | 20004 | US |
| Cantor Colburn Llp | | 55 Griffin Rd South | Remit Uptd 3 2000 Letter | Bloomfield | CT | 06002 | US |
| Cardinal Law Group Ltd | | Old 364401732 | 1603 Orrington Ave Ste 2000 | Evanston | IL | 60201 | US |
| Cattel Tuyn and Rudzewicz Pllc | | Governers Pl | 33 Bloomfield Hills Pkwy | Bloomfield Hills | MI | 48304 | US |
| Cherry Edson And Kelly | | 175 Fulton Ave | | Hempstead | NY | 11550 | US |
| Chester Willcox and Saxbe Llp | | 65 E State St Ste 1000 | | Columbus | OH | 43215 | US |
| Chevez Abogados Sc | | Bosque De Ciruelos 168 | 6 Piso | Df Mexico | | 11700 | MX |
| China Patent Agent Hk Ltd | | Bank Of China Harbour Rd | A C No 01288490000778 | Hong Kong | | | HK |
| China Patent Agent Hk Ltd | | Add Chg 4/02 Mh | 23 Harbour Rd | Hong Kong | | | HK |
| Christie Parker and Hale Llp | | 350 W Colorado Blvd Ste 500 | | Pasadena | CA | 91109 | US |
| Christopher Levasseur | | Attorney At Law | 111 W Long Lake Rd Ste 202 | Troy | MI | 48098 | US |
| Clark Consulting | | 101 Constitution Ave Nw | | Washington | DC | 20001 | US |
| Clark Hill Plc | | 1600 First Federal Bldg | 1001 Woodward Ave | Detroit | MI | 48226 | US |
| Clark Hill Plc | | 500 Woodard Ave Ste 3500 | Update Zip 6/20/05 Am | Detroit | MI | 48226 | US |
| Clark Thomas and Winters Pc | | PO Box 1148 | | Austin | TX | 78767 | |
| Consortium Industriel | | Commercial and Maritime | 19 Blvd Imam Ali | Kenitra | | | MA |
| Conway Mackenzie and Dunleavy | | 401 S Old Woodward Ste 340 | | Birmingham | MI | 48009 | US |
| Coolidge Wall Womsley & | | Lombard Trust Acct | 33 W 1st St Ste 600 | Dayton | OH | 45402 | US |
| Coolidge Wall Womsley & | | Lombardo Co Lpa P Merrill | Coolidge Wall Etal | Dayton | OH | 45402 | US |
| Couch White Brenner | | 540 Broadway | | Albany | NY | 12204 | US |
| Couch White Llp | | Dba Multiple Intervenors | Attn Accounting | Albany | NY | 12201 | US |
| Couch White Llp | | 540 Broadway | | Albany | NY | 12201 | US |
| Covington and Burling | | 1201 Pennsylvania Ve | | Washington | DC | 20044 | US |
| Cramer and Laws | | Hubertusstrasse 15 | | Brilon | | D-59929 | DE |
| Crew Buchanan and Lowe | | 2580 Kettering Tower | | Dayton | OH | 45423 | US |
| Crowley Stringer and Fenske Llp | | Fmly Cyril and Crowley Llp | 456 Montgomery St 17th Fl | San Francisco | CA | 94104 | US |
| Customs Network Ltd | | 36 Pk Rd | Benfleet | Essex | | SS7 3PP | GE |
| David Levasseur | | 3656 Seven Mile Rd | | Bay City | MI | 48706 | US |
| Dechert Llp | | 30 Rockefeller Plaza | | New York | NY | 10112 | US |
| Deloitte and Touche | | 4214 Collection Ctr Dr | | Chicago | IL | 60693 | US |
| Deloitte and Touche | | Ste 900 | 600 Renaissance Ctr | Detroit | MI | 48243 | US |
| Deloitte and Touche | | 600 Renaissance Ctr | Ste 900 | Detroit | MI | 48243 | US |
| Deloitte and Touche | | 400 One Financial Plaza | 120 S 6th St | Minneapolis | MN | 55407 | US |
| Deloitte and Touche | | Ias Conference | Two Hilton Court | Parsippany | NJ | 07054 | US |
| Deloitte and Touche | | 6 Shenton Way 32 00 | Dbs Building Tower Two | Singapore | | 068809 | SG |
| Deloitte and Touche | | Wisma Antara 17th and 18th Fl | Jl Medan Merdeka Selatan 17 | Jakarta | | 10110 | ID |
| Deloitte and Touche | | Deloitte and Touche Consulting G | 1 Stonecutter St Stoncutter Ct | London | | EC4A 4TR | GE |

| Company | Contact | Address 1 | Address 2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| Deloitte and Touche | | 4 Water St | Martins Building | Liverpool | | L28UY | GE |
| Deloitte and Touche | | 180 Strand | Wc2r 18l London | London | | | GE |
| Deloitte and Touche | | 185 Ave Charles De Gaulle | | Neuilly | | 92200 | FR |
| Deloitte and Touche | | 102 Kuang Fu South Rd 7th Flr | | Taipei Roc | | | CN |
| Deloitte and Touche | | Mec Ivor 226 | Casilla 3147 | Santiago Chile | | | CL |
| Deloitte and Touche | | 181 Ave Charles De Gaulle | 92205 Neuilly Sur Seine Cedes | | | | FR |
| Deloitte and Touche | | Amoreiras Torre 1 15 | 1070 101 Lisboa | | | | PT |
| Deloitte and Touche | | Hill House | 1 Little New St | London | | | GE |
| Deloitte and Touche | | Dept 77393 | PO Box 77000 | Detroit | MI | 482770393 | |
| Depenning and Depenning | | 10 Government Pl East | Kolkata 700 069 | | | | DE |
| Det Norske Veritas | | 3 Cathedral St | Palace House | London | | SE19DE | GE |
| Det Norske Veritas | | Co Banque Nationale De Paris | 77 Blvd Richelieu | | | | FR |
| Det Norske Veritas Certificati | | Dnv Certification | 16340 Pk Ten Pl Ste 100 | Houston | TX | 77084 | US |
| Det Norske Veritas Certificati | | Dnvqa | 64 Ave D Haifa | Marseille | | 13008 | FR |
| Det Norske Veritas Holding Usa | | 16340 Pk Ten Pl Ste 100 | | Houston | TX | 77084 | US |
| Det Norske Veritas Indus | | Frmly Dnv Certification Inc | 16340 Pk Ten Pl Ste 100 | Houston | TX | 77084 | US |
| Dickinson Wright | | Forest Waste Admin Acct | Dickinson Wright Susan Betka | Detroit | MI | 48226 | US |
| Dierker and Associates Pc | | 3331 W Big Beaver Rd Ste 109 | | Troy | MI | 48084 | US |
| Drew and Napier | | 20 Raffles Pl No 17 00 | Ocean Towers | Singapore | | 048620 | SG |
| Drew Eckl and Farnham Llp | | Drew Eckl and Farnham Llp | 880 W Peachtree St Nw | Atlanta | GA | 30357 | US |
| Drew Eckl and Farnham Llp | | 880 W Peachtree St | | Atlanta | GA | 30357 | US |
| Drinker Biddle and Reath Llp | | Add Chg 11 01 | 1 Logan Square | Philadelphia | PA | 19103 | US |
| Due Doyle Fanning Ewing and Metzger | | 55 Monument Circle | 900 Circle Tower Building | Indianapolis | IN | | US |
| Dykema Gossett Pllc | | Zip Corr 06/14/05 Cp | 400 Renaissance Ctr | Detroit | MI | 48243 | US |
| Dykema Gossett Pllc | | 400 Renaissance Ctr | Drawer 1787 | Detroit | MI | 48243 | US |
| Eldridge Cooper Steichen & | | Leach Pllc | 110 W 7th St Ste 200 | Tulsa | OK | 74119 | US |
| Equis Corporation | | 161 North Clark St | Ste 2400 | Chicago | IL | 60601 | US |
| Evans Pletkoic and Rhodes Pc | | 26125 Woodward Ave | | Huntington Woods | MI | 48070 | US |
| Eyster Key Tubb Weaver and Roth | | 402 E Moulton St Sd | | Decatur | AL | 35601 | US |
| Eyster Key Tubb Weaver and Roth | | PO Box 1607 | | Decatur | AL | 356021607 | |
| Falkowski Pllc | | PO Box 650 | | Novi | MI | 483760650 | |
| Ford Howard and Cornett Pc | | PO Box 388 | | Gadsden | AL | 359020388 | |
| Foster Swift Collins and Smith | | Pc | 313 S Washington Sq | Lansing | MI | 48933 | US |
| Foster Swift Collins and Smith | | Acct Of Robert Murvine | Case Gc 2008 89 | Lansing | MI | 37740 | US |
| Foster Swift Collins and Smith | | 313 S Waghington Square | | Lansing | MI | 48933 | US |
| Fulbright and Jaworski Llp | | 666 Fifth Ave | | New York | NY | 10103 | US |
| Gable and Gotwals | | 1100 Oneok Plaza | 100 West Fifth St | Tulsa | OK | 74103 | US |
| Genzink Appraisal Company | | Add Corr 04/18/05 Cp | 2120 44th St Se No 301 | Grand Rapids | MI | 49508 | US |
| Gielowski And Steiner Llp | | 135 Delaware Ave Ste 405 | | Buffalo | NY | 14202 | US |
| Global Quality Institute Inc | | 37 Marotta Ave | | Brampton | ON | L6X 4W9 | CN |
| Goldberg Segalla Llp | | Rmt Chng 04/20/04 Qz859y | 665 Main St Ste 400 | Buffalo | NY | 14203 | US |
| Gowling Lafleur Henderson Llp | | 160 Elgin St Ste 2600 | | Ottawa | ON | K1P 1C3 | CN |
| Gowling Lafleur Henderson Llp | | Box 466 Station D | | Ottawa | | ON K1P 1C3 | CN |
| Groves Decker Pc | | 2413 South Linden Rd | | Flint | MI | 48532 | US |
| Gwinn and Roby | | 4100 Renaissance Twr | 1201 Elm St | Dallas | TX | 75270 | US |
| Hack Piro Oday Merklinger | | Wallace and Mckenna Pa | 30 Columbia Tkp | Florham Pk | NJ | 07932 | US |
| Haley and Aldrich Of Michigan | | Inc | 44808 Helm St | Plymouth | MI | 48170 | US |
| Haley and Aldrich Of Michigan In | | Haley and Aldrich | 44808 Helm St | Plymouth | MI | 48170 | US |

| Company | Contact | Address 1 | Address 2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| Hamberger and Weiss | | 1725 Statler Towers | 107 Delaware Ave | Buffalo | NY | 14202 | US |
| Harlan And Harlan | | 1360 S Fifth St | | St Charles | MO | 63301 | US |
| Hartman and Hartman Pc | | 15 North Franklin | Ste 250 | Valparaiso | IN | 48383 | US |
| Hartman and Hartman Pc Eft | | Patent and Trademark Practice | 552 E 700 N | Valparaiso | IN | 46383 | US |
| Heller Ehrman White & | | Mcauliffe Llp | 7 Time Square | New York | NY | 10036 | US |
| Heller Ehrman White and Mcauliffe | | 120 West 45th St | 21st Fl | New York | NY | 10036 | US |
| Heller Ehrman White and Mcauliffe | | PO Box 60000 | | San Francisco | CA | 94160-3536 | |
| Hensler Ralph | | Corr St 12/16/04 Cp | 1623 Third Ave 20g | New York | NY | 10128 | US |
| Hewitt Associates Llc | | 100 Half Day Rd | Chg Rmt Add 08/04/03 Vc | Lincolnshire | IL | 60069 | US |
| Hewitt Associates Llc | | Hewitt Assoc | 101 W Big Beaver Rd Ste 300 | Troy | MI | 48084 | US |
| Hewitt Associates Llc | | PO Box 95135 | | Chicago | IL | 60694-5135 | |
| Hogan and Hartson Llp | | 555 Thirteenth St Nm | | Washington | DC | 02004 | US |
| Holloway Dobson and Bachmanpc | | Nm Corr Per W9 1/9/02 Cp | 211 N Robinson Ste 900 | Oklahoma City | OK | 73102 | US |
| Honigman Miller Schwartz & | | Cohn Trust Acct C O J Dunsky | 2290 First National Bldg | Detroit | MI | 48226 | US |
| Honigman Miller Schwartz & | | Cohn Client Trust Acct | C/o C Dunsky Honigman Miller | Detroit | MI | 48226 | US |
| Honigman Miller Schwartz & | | Cohn Client Trust Acct Rsrg | S Vasich 2290 1st Natl | Detroit | MI | 48226 | US |
| Honigman Miller Schwartz And | | Cohn Llp | 222 N Washington Sq Ste 400 | Lansing | MI | 48933 | US |
| Honigman Miller Schwartz and Cohn | | 2290 First National Building | 660 Woodward Ave | Detroit | MI | 48226 | US |
| Honigman Miller Schwartz And Cohn | | 222 N Washington Square | | Lansing | MI | 48933 | US |
| Honigman Miller Schwartz Et Al | | 660 Woodward Ave | | Detroit | MI | 48226 | US |
| Horwood Marcus and Berk | | Chartered | 180 N Lasalle Ste 3700 | Chicago | IL | 60601 | US |
| Horwood Marcus and Berk Chartered | | 180 N Lasalle St | | Chicago | IL | 60601 | US |
| Howard and Howard Attorneys | | Pinehurst Office Ctr Ste 101 | 39400 Woodward Ave | Bloomfield Hills | MI | 48304 | US |
| Howard and Howard Attorneys Pc | | C/o Chris Danikolas | 1400 N Woodward Ave Ste 250 | Bloomfield Hills | MI | 48304 | US |
| Howard and Howard Attorneys Pc | | 1400 N Woodward Ave Ste 101 | | Bloomfield Hills | MI | 48304 | US |
| Hudson Potts and Bernstein Llp | | P O Drawer 3008 | 130 Desiard St | Monroe | LA | 71210 | US |
| Huron Consulting Services Llc | | 550 W Van Buren St | | Chicago | IL | 60607 | US |
| Indiec Indiana Industrial | | Energy Consumers Inc | 1700 One American Sq Box 82053 | Indianapolis | IN | 46282 | US |
| Jaeckle Fleischman and Mugel Llp | | Add Chg 08/21/04 Ah | Fleet Bank Building | Buffalo | NY | 14202 | US |
| Jaeckle Fleischman and Mugel Llp | | 190 Linden Oaks | | Rochester | NY | 14625 | US |
| Jaffe Raitt Heuer and Weiss Pc | | 27777 Franklin Rd Ste 2500 | Add Chg Per W9 05/23/05 Cp | Southfield | MI | 48034 | US |
| Jm Robertson Intellectual Property | | 233 South Pine St | | Spartanburg | SC | 29302 | US |
| Johnston Barton Proctor & | | Powell | 1901 6th Ave N Ste 2900 | Birmingham | AL | 35203 | US |
| Johnston Barton Proctor & | | Powell | 2900 Amsouth Harbert Plaza | Birmingham | AL | 35203 | US |
| Johnston Barton Proctor & | | Powell Llp | Attnruwena Healy | Birmingham | AL | 35203 | US |
| Jones Day | | 501 Chng 11/02/04 Oneil | 901 Lakeside Ave | Cleveland | OH | 44114 | US |
| Jones Day | | Frmly Jones Day Reavis and Pogue | 901 Lakeside Ave | Cleveland | OH | 44114 | US |
| Jones Day | | W9 Rec 1/21 On Afc 341367837 | 901 Lakeside Ave | Cleveland | OH | 44114 | US |
| Jones Day Reavis and Pogue | | Addr Chnge Lof 10/96 | North Point 901 Lakeside Ave | Cleveland | OH | 44114 | US |
| Jones Lang Lasalle Americas Inc | | 200 E Randolph Dr | Ste 4300 | Chicago | IL | 60601 | US |
| Keating Muething and Klekamp | | 1400 Provident Tower | 1 E 4th St | Cincinnati | OH | 45202 | US |
| Kim and Chang | | Seyang Building 223 | Naeja Dong Jongno Gu | Seoul | | | SK |
| Kim and Chang | | Seyang Bldg | 223 Naeja Dong Chongro Du | Seoul 11o | | | SK |
| Kirton and Mcconkie | | Zip Corr 9/15/03 | 60 E S Temple No 1800 | Salt Lake City | UT | 84145 | US |
| Kpmg Llp | | National Independent Statisica | 303 E Wacker Dr | Chicago | IL | 60601 | US |
| Kpmg Llp | | 77 West St Ste 300 | | Annapolis | MD | 21401 | US |
| Kpmg Llp | | 150 West Jefferson Ste 1200 | | Detroit | MI | 48226 | US |
| Kpmg Llp | | 345 Pk Ave | | New York | NY | 10154 | US |

| Company | Contact | Address 1 | Address 2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| Kpmg Llp | | 717 North Harwood St Ste 3100 | | Dallas | TX | 75201 | US |
| Kpmg Llp | | 1 Puddle Dock | Ec4v 3pd London | London | | | GE |
| Kpmg Llp | | PO Box 120001 Dept 0593 | See Dcn 10377132/w9 Add | Dallas | TX | 753120593 | |
| Kpmg Llp | | Add Chg 08/20/04 Ah | PO Box 120001 Dept 0970 | Dallas | TX | 753120970 | |
| Kpmg Llp | | Dept 0918 PO Box 120001 | | Dallas | TX | 753120918 | |
| Kronish Lieb Weiner and Hellman Llp | | 1114 Ave Of The Americas | Ste 4600 | New York | NY | 10036 | US |
| Lamothe and Hamilton Aplc | | 601 Poydras St Ste 2750 | | New Orleans | LA | 70130 | US |
| Lathrop and Gage Lc | | 2345 Grand Blvd | | Kansas City | MO | 64108 | US |
| Lavin Coleman Oneil Ricci | | Add Chg 9 97 | Finarelli and Gray | Mount Laurel | NJ | 08054 | US |
| Lavin Coleman Oniel Ricci | | Finarelli and Gray | 780 3rd Ave | New York | NY | 10017 | US |
| Lavin Oneil Ricci Cedrone & | | Disipio Nm Chg 7/15/04 Cp | Ste 500 Add Chg 6/29/04 Cp | Philadelphia | PA | 19106 | US |
| Lavoie Marylou J | | 1 Banks Rd | | Simsbury | CT | 06070 | US |
| Law Office Of Robert E Wilyard | | 600 W Santa Ana Blvd No 101 | | Santa Ana | CA | 92701 | US |
| Lc Begin and Associates Pllc | | 510 Highland Ave Pmb 403 | | Milford | MI | 48381 | US |
| Leger Robic Richard Llp | | Centre Cdp Capital | 1001 Victoria Sq Bloc E 8th Fl | Montreal | PQ | H2Z 2B7 | CN |
| Lenox Socey Wilgus Formidoni Brown | | 3131 Princeton Pike 1b | | Trenton | NJ | 08648 | US |
| Lesley C Levasseur | | 1514 So Monroe St | | Bay City | MI | 48708 | US |
| Letson Griffith Woodall | | Lavelle and Rosenberg Co Lpa | PO Box 151 | Warren | OH | 444820151 | |
| Letson Griffith Woodall Lavelle and | | 155 South Pk Ave | | Warren | OH | 44482 | US |
| Levasseur and Levasseur | | 28105 Greenfield Rd | Ste 120 | Southfield | MI | 48076 | US |
| Lewis and Kappes | | C/o Jon P Wickes Jr | PO Box 82053 | Indianapolis | IN | 46282 | |
| Lewis J Gordon | | Dba J Gordon Lewis Pllc | 441 N Evansdale Dr | Bloomfield Hills | MI | 48304 | US |
| Lippert Humphreys Campbell | | Dust and Humphreys Pc | Ste 410 Plaza North | Saginaw | MI | 48604 | US |
| Locke Reynolds Llp | | Remit Chg 4/12/05 Cp | 201 N Illinois St Ste 1000 | Indianapolis | IN | 46244 | US |
| Manitz and Finsterwald and Partner | | Postfach 31 02 20 | 80102 Munchen | | | | DE |
| Maria Luisa Flores Garciadiego | | Avenida Universidad 2014 | Edificio Paraguay Ground Fl 4 | Delegacion Coyoacan | DF MEXICO | | MX |
| Marilyn M Jones and Associates | | Ltd | PO Box 1103 | Michigan City | IN | 46361 | |
| Marshall Gerstein and Borun | | 6300 Sears Tower | 233 S Wacker Dr | Chicago | IL | 60606 | US |
| Martin Brown and Sullivan Ltd | | 321 S Plymouth Ct 10th Fl | | Chicago | IL | 60604 | US |
| Mccarter and English | | Mellon Bank Ctr Ste 700 | 1735 Market St | Philadelphia | PA | 19103 | US |
| Mccarthy Lebit Crystal & | | Liffman Co Lpa Uptd Per Goi Gj | 1800 Midland Building 04/18/5 | Cleveland | OH | 44115 | US |
| Mccarthy Tetrault | | Ste 4700 Toronto Dominion | Bank Tower | Toronto | ON | M5K 1E6 | CN |
| Mcdermott Will and Emery Llp | | Nm/add Chg 06/08/05 Cp | 28 State St | Boston | MA | 02109 | US |
| Mcelroy Deutsch Mulvaney And Carpen | | 100 Mulberry St | | Newark | NJ | 07102 | US |
| Mcgann Bartlett And Brown | | 111 Founders Plaza | Ste 1201 | East Hartford | CT | 06108 | US |
| Mcglynn and Luther | | 500 N Broadway Ste 1515 | | Saint Louis | MO | 63102 | US |
| Mckenna Long and Aldridge Llp | | Frmly Mckenna and Cuneo Llp | 1900 K St N W | Washington | DC | 20006 | US |
| Mcnees Wallace and Nurick | | PO Box 1166 | 100 Pine St | Harrisburg | PA | 171081166 | |
| Micheal Best And Fredrick Llp | | 100 East Wisconsin Ave | S300 | Milwaukee | WI | 53202 | US |
| Miller Canfield Paddock & | | Stone | 150 W Jefferson Ste 2500 | Detroit | MI | 48226 | US |
| Miller Canfield Paddock and Stone Plc | | Po Drawer 64348 | | Detroit | MI | 48264-0348 | |
| Mintz Levin Cohn Ferris | | Glovsky and Popeo Pc | 1 Financial Ctr | Boston | MA | 02111 | US |
| Momsen Leonardos and Cia Eft | | Rua Teofilo Otoni 63 | 10 Andar Centro Rio De Janeiro | | | | FR |
| Moore Hansen and Sumner | | 225 S Sixth St Ste 4850 | Add Chg 01/06/05 Cp | Minneapolis | MN | 55402 | US |
| Mounce Green Myers Safi & | | Galatzan | 100 N Stanton Ste 1700 | El Paso | TX | 79901 | US |
| Naciri and Associates Gide L Nouel | | 52 Blvd Zerktouni | Espace Erreda 5eme Etage | Casablanca | | 20000 | MA |
| Navarre Mark A | | 200 S Main St | | Urbana | OH | 43078 | US |
| Navarre Mark A | | Dba Law Office Of Mark Navarre | PO Box 537 | Urbana | OH | 43078 | |

In re Delphi Corporation, et al.
Ordinary Course Professional
Overnight Mail

| Company | Contact | Address 1 | Address 2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| Neal Gerber and Eisenberg | | 2 North Lasalle St | | Chicago | IL | 60602 | US |
| O Brien and Bails | | 141 E Michigan Ste 601 | Add Updated 02/17/05 Ah | Kalamazoo | MI | 49007 | US |
| Ogne Alberts and Stuart Pc | | 1869 E Maple Rd | Update Per Goi 11/15/04 Am | Troy | MI | 48083 | US |
| Okabe International Patent | | Office | 602 Fuji Bldg 2 3 Marunouchi | 100 0005 | | | JP |
| Pack Wesley D Jr | | 16533 E Campbell | | Gilbert | AZ | 85234 | US |
| Pack Wesley D Jr | | 201 Donna Mae Ln | | Leonard | MI | 48367 | US |
| Parker And Irwin | | 348 West Hospitality Ln | | San Bernadino | CA | 92408 | US |
| Paul E Riegel Esq | | 2525 N 124th St | | Brookfield | WI | 53005 | US |
| Paul Hastings Jafonsky and Wal | | 600 Peachtree St Ne Ste 2400 | | Atlanta | GA | 30308 | US |
| Paul Hastings Janofsky and Eft | | Walker Llp | 600 Peachtree St Ne Ste 2400 | Atlanta | GA | 30308 | US |
| Pauls Brian C | | Law Offices Of Brian C Pauls | 919 S Harrison St Ste 320 | Fort Wayne | IN | 46802 | US |
| Pedersen Keenan King Wachsberg | | and Andrzejak Pc | 4057 Pioneer Dr Ste 300 | Commerce Township | MI | 48390 | US |
| Pelaez Alonso Sc | | Colonia Del Valle | Cp 03100 | Df Mexico | | | MX |
| Pepper Hamilton Llp | | 1201 Market St Ste 1600 | | Wilmington | DE | 19801 | US |
| Phelps Dunbar Llp | | Canal Pl | 365 Canal St 2000 | New Orleans | LA | 70130 | US |
| Phelps Dunbar Llp | | 111 East Capitol Ste 600 | Update Rm 9/20/04 Am | Jackson | MS | 39225 | US |
| Phelps Dunbar Llp | | PO Box 23066 | | Jackson | MS | 39255-3066 | |
| Phifer and White Pc | | Lb Kind Building Ste 500 | 1274 Library St | Detroit | MI | 48246 | US |
| Phillips Ormonde And | | Fitzpatrick | PO Box 323 | | | | |
| Phillips Ormonde and Fitzpatrick | | Level 21/22 367 Collins St | | Melbourne | | 03000 | AU |
| Pillsbury Winthrop Shaw | | Pittman Llp Nm Chg 4/07/05cp | 2 Houston Ctr | Houston | TX | 77010 | US |
| Pillsbury Winthrop Shaw | | PO Box 60000 | | San Francisco | CA | 94160-2391 | |
| Pinheiro Neto Advogados | | Scs Quadra 1 Bloco I 6 Andar | Cep 70304 900 Brasilia Df | | | | BR |
| Pinhiero Neto Advogados | | Rua Boa Vista 254 9 | | Sao Paulo | | 01014-901 | BR |
| Plews Shadley Racher and Braun | | 1346 N Delaware St | | Indianapolis | IN | 46202 | US |
| Plunkett and Cooney Pc | | Ste 210 | 1695 Woodward Ave | Bloomfield Hls | MI | 48013 | US |
| Plunkett and Cooney Pc | | 900 Marquette Bldg | 243 W Congress Ste 800 | Detroit | MI | 48226 | US |
| Plunkett and Cooney Pc | | 38505 Woodward Ste 2000 | | Bloomfield Hills | MI | 48304 | US |
| Porterfield Harper and Mills Pa | | Rm Chg Per Goi 04/20/04 Am | Ste 600 | Birmingham | AL | 35242 | US |
| Porterfield Harper and Mills Pa | | PO Box 530790 | | Birmingham | AL | 35253-0790 | |
| Price Heneveld Cooper Dewitt & | | Litton   6169499610 | 695 Kenmore Ave Se | Grand Rapids | MI | 49546 | US |
| Price Heneveld Cooper Dewitt & | | Litton | PO Box 2567 | Grand Rapids | MI | 48071 | |
| Pricewaterhouse Coopers | | Tour Aig | 34 Pl Des Corrolles | | | | FR |
| Pricewaterhouse Coopers Llp | | North American Ctr | 5700 Yonge St Ste 1900 | North York | ON | M2M 4K7 | CN |
| Pricewaterhousecooper Eft | | Av Tecnologico 100 Pisco 6 | 76030 Queretaro Qro | | | | MX |
| Pricewaterhousecoopers | | 1301 K St Nw | Ste 800w | Washington | DC | 20005 | US |
| Pricewaterhousecoopers | | Marino Escobedo 573 | Col Rincon Del Bosque | Mexico Df | | 11580 | MX |
| Pricewaterhousecoopers | | Ave John F Kennedy | Edificio Banco Nova Scotia | Santo Domingo Rep Do | | | DO |
| Pricewaterhousecoopers | | 202 Hi Bin Rd | | Shanghai | | 200021 | CN |
| Pricewaterhousecoopers | | 5700younge St | Ste 1900 | North York | ON | M2M 4K7 | CN |
| Pricewaterhousecoopers Llp | | Chg Corr 5/05/04 Cp | 1900 K St Nw Ste 900 | Washington | DC | 20006 | US |
| Pricewaterhousecoopers Llp | | Technology Knowledge Organizat | 9399 W Higgins Rd Ste 1100 | Rosemont | IL | 60018 | US |
| Pricewaterhousecoopers Llp | | 200 E Randolph Dr | | Chicago | IL | 60601 | US |
| Pricewaterhousecoopers Llp | | 400 Campus Dr | | Florham Pk | NJ | 07932 | US |
| Pricewaterhousecoopers Llp | | Bp Tower 27th Fl | 200 Public Square | Cleveland | OH | 44114 | US |
| Pricewaterhousecoopers Llp | | PO Box 75647 | | Chicago | IL | 60675 | |
| Pricewaterhousecoopers Llp | | PO Box 65640 | | Charlotte | NC | 282650640 | |
| Prichard Hawkins Davis & | | Young Llp Upt/goi 3/24/04 Vc | 10101 Reunion Pl Ste 600 | San Antonio | TX | 78216 | US |

| Company | Contact | Address 1 | Address 2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| Quattlebaum Grooms Tull & | | Burrow Pllc | 111 Ctr St Ste 1900 | Little Rock | AR | 72201 | US |
| Quinn Emanuel Urquhart Oliver and H | | 865 S Figueroa St | 10th Fl | Los Angeles | CA | 90017 | US |
| Real Levasseur | | 25508 Thomas Dr | | Warren | MI | 48091 | |
| Real Levasseur and Betsy | | Levasseur Jt Ten | 25508 Thomas Dr | Warren | MI | 48091 | US |
| Reising Ethington Barnes | | Kisselle Pc | 201 W Big Beaver Ste 400 | Troy | MI | 48084 | US |
| Robert Half Finance and Acctg | | File 73484 | PO Box 60000 | San Fransisco | CA | 94160-3484 | |
| Robert Half International Eft | | Inc | 1130 Lake Cook Rd | Buffalo Grove | IL | 60089 | US |
| Robert Half Of New York Inc | | 2994 Sand Hill Rd 200 | | Menlo Pk | CA | 94025 | US |
| Robin Carmack And Gonia Llp | | 14771 Plaza Dr Ste D | | Tustin | CA | 92780 | US |
| Roetzel And Andress | | 222 S Main St | | Akron | OH | 43308 | US |
| Rogitz and Associates | | 750 B St Ste 3120 Symphony Twr | | San Diego | CA | 92101 | US |
| Sager And Savage | | 5152 Katella Ave Ste 104 | | Los Alamitos | CA | 90720 | US |
| Scheuer Mackin and Breslin Llc | | 11025 Reed Hartman Hwy | | Cincinnati | OH | 45242 | US |
| Schloff Michael D | | Dba Michael D Schloff Pllc | 6905 Telegraph Rd Ste 215 | Bloomfield Hills | MI | 48301 | US |
| Secrest Wardle Lynch Hampton | | Truex and Morley Pc | 30903 Northwestern Hwy | Farmington Hills | MI | 48334 | US |
| Secrest Wardle Lynch Hampton | | PO Box 634213 | | Cincinnati | OH | 45263-4213 | |
| Segar And Sciortino | | 400 Meridian Centre | Ste 320 | Rochester | NY | 14618 | US |
| Shainin Llc | | 13955 Farmington Rd | | Livonia | MI | 48154 | US |
| Shainin Llc | | Fmly Shainin Technologies Inc | 3115 T Ave | Anacortes | WA | 98221 | US |
| Shainin Llc | | 3115 T Ave | | Anacortes | WA | 98221 | US |
| Shainin Llc | | PO Box 20977 | | Carson City | NV | 89721 | |
| Shainin Llc | | PO Box 4500 | Unit 20 | Portland | OR | 972084500 | |
| Sidley Austin Brown and Wood Llp | | Square De Meeus 35 | B 1000 | Brussells | | | DE |
| Slagle Bernard and Gorman Pc | | 4600 Madison Ste 600 | | Kansas City | MO | 64112 | US |
| Smiley Smith and Bright Cpas Llc | | 4250 Lomac St | | Montgomery | AL | 36106 | US |
| Smith Gambrell and Russell Llp | | 1850 M St Ne | Ste 800 | Washington | DC | 20036 | US |
| Smith Gambrell and Russell Llp | | 1230 Peachtree St Ne Ste 3100 | | Atlanta | GA | 30309 | US |
| Snell and Wilmer Llp | | 1500 Citibank Tower | 1 S Church Ave | Tucson | AZ | 85701 | US |
| Snell and Wilmer Llp | | Ad Chg Per Goi 3/31/05 Am | One Arizona Ctr | Phoenix | AZ | 85004 | US |
| Snell and Wilmer Llp | | 400 E Van Buren 10th Fl | | Phoenix | AZ | 85004 | US |
| Solution Strategies Inc Eft | | 15985 Windmill Pointe Dr | | Grosse Pointe Pk | MO | 48230 | US |
| Solutions Stratagies Inc | | 4083 Princeton Ridge Dr | | Wildwood | MO | 63025 | US |
| Sonnenschein Nath and Rosenthal | | 233 S Wacker Dr Ste 8000 | | Chicago | IL | 60606 | US |
| Squire Sanders and Dempsey | | 1300 Huntington Ctr | 41 S High St | Columbus | OH | 43215 | US |
| Squire Sanders and Dempsey | | PO Box 643051 | | Cincinnati | OH | 45264-3051 | |
| Squire Sanders and Dempsey Llp | | 1201 Pennsylvania Ave Nw 5th | PO Box 407 | Washington | DC | 20004 | US |
| Stockwell Harris Widom And Wooly | | 3580 Wilshire Blvd No 1900 | | Los Angeles | CA | 90010 | US |
| Stout Risius Ross Inc | | 32255 Northwestern Hwy Ste 201 | | Farmington Hills | MI | 48334 | US |
| Suri and Company | | Flat No 12 Golf Apts | Sujan Singh Pk Maharishi Raman | New Delhi | | 110003 | IN |
| Swift Currie Mcghee and Hiers | | Llp | 1355 Peachtree St Ne Ste 300 | Atlanta | GA | 30309 | US |
| Thompson and Knight Llp | | 1700 Pacific Ave Ste 3300 | | Dallas | TX | 75201 | US |
| Thompson Hine and Flory Llp | | 2000 Courthouse Plaza Ne | PO Box 8801 | Dayton | OH | 45401 | US |
| Thompson Hine and Flory Llp | | 2000 Courthouse Plaza Ne | PO Box 8801 | Dayton | OH | 45401 | |
| Tsar and Tsai | | Update 7/21/05 Am | 8th Fl 245 Dunhua S Rd | Roc | | | CN |
| Turner Reid Duncan Loomer & | | Patton Pc Attm Cjer | 1355 E Bradford Pkwy Ste A | Springfield | MO | 65804 | US |
| Uhy Mann Frankfort Stein & | | Lipp Advisors Inc | 12 Greenway Plaza 8th Fl | Houston | TX | 77046 | US |
| Veenstra Charles K | | 631 Windsor Run | | Bloomfield Hills | MI | 48304 | US |
| Vereenigde | | PO Box 87930 | 2508 Dh Den Haag | | | | |

| Company | Contact | Address 1 | Address 2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| Von Kreisler Selting Werner | | PO Box 102241 | D 50462 Koln | | | | |
| Vorys Sater Seymour And | | Pease Llp | 52 E Gay St | Columbus | OH | 43215 | US |
| Vorys Sater Seymour and Pease Llp | | 52 East Gray St | PO Box 1008 | Columbus | OH | 43216 | US |
| Vorys Sater Seymour and Pease Llp | | 52 East Gray St | PO Box 1008 | Columbus | OH | 43216 | |
| Ward Norris Heller and Reidy Llp | | Uptd 05/26/05 Gj | 300 State St | Rochester | NY | 14614 | US |
| Washington Patent Services Inc | | Add Chng Ltr Mw 593189362 | The Office Complex Of Pasadena | South Pasadena | FL | 33707 | US |
| Wax Law Group | | 2118 Wilshire Blvd Ste 407 | | Santa Monica | CA | 90403 | US |
| Webb Law Firm | | Fmly Webb Ziesenheim Logsdon | Orkin and Hanson Pc Chg 8/15/05 | Pittsburgh | PA | 15219 | US |
| Weldon Kevin P | | 5935 Westchester St | | Alexandria | VA | 22310 | US |
| Wells Anderson and Race Llc | | 1700 Broadway Ste 1020 | | Denver | CO | 80290 | US |
| White and Williams Llp | | 1800 One Liberty Pl | | Philadelphia | PA | 19103 | US |
| Wieg Inc | | Wisconsin Industrial Energy Gr | Nino Amato Executive Director | Madison Chg Rmt Vc | WI | 53703 | US |
| Williams And Williams | | 40 Court St | | Buffalo | NY | 14202 | US |
| Wilmer Cutler Pickering Hale | | and Dorr Llp  Old 530220117 | Fmly Wilmer Cutler and Pickering | Washington | DC | 20037 | US |
| Wise Carter Child & | | Caraway Professional Assoc | 401 E Capitol St Ste 600 | Jackson | MS | 39201 | US |
| Wise Carter Child and Caraway Pa | | PO Box 651 | | Jackson | MS | 39205 | |
| Wood And Richmond | | 3300 Vickery Rd | | N Syracuse | NY | 13212 | US |
| Wood Herron and Evans Llp | | 2700 Carew Tower | 441 Vine St | Cincinnati | OH | 45202 | US |
| Wooden and Mclaughlin Llp | | 1 Indiana Sq Ste 1800 | Add Chg 5/6/03 Cp | Indianapolis | IN | 46204 | US |
| Wright Lindsey and Jennings Llp | | 200 W Capitol Ave Ste 2300 | | Little Rock | AR | 72201 | US |
| Young and Basile Pc | | Law Offices | 3001 W Big Beaver Rd Ste 624 | Troy | MI | 48084 | US |
| Young and Basile Pc | | 3001 W Big Beaver Rd Ste 624 | | Troy | MI | 48582 | US |
| Yuasa and Hara | | Section 206 New Ohtemachi Bldg 2 1 | Ohtemachi 2 Chome | Tokyo | | 100-0004 | JP |
| Yuasa And Hara | | CPO Box 714 | Tokyo 100 8692 | | | | Japan |
| Zeanah Hust and Summerford | | 2300 University Blvd | 7th Fl Am South Building | Tuscaloosa | AL | 35401 | US |
| Zeanah Hust Summerford Davis & | | Williamson Llc | 2320 University Blvd | Tuscaloosa | AL | 35401 | US |

# **EXHIBIT G**

In re Delphi Corporation, et al.
Insurance - Overnight Mail

| Company | Contact | Address 1 | Address 2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| AON Risk Services of Michigan | | 3000 Town Center | Suite 3000 | Southfield | MI | 48075 | US |
| Cananwill Inc | Robert McGann | 1000 Milwaukee Ave | | Glenview | IL | 60025 | US |
| Cananwill Inc | | 1234 Market St | Ste 340 | Philadelphia | PA | 19107 | US |

In re Delphi Corporation, et al.
Case No. 05-44481                          Page 1 of 1

10/10/2005 9:33 AM
Insurance Cananwill Service List