## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
    In re                             :       Chapter 11
                                            :
DELPHI CORPORATION <u>et al.</u>,           :       Case No. 05-44481 (rdd)
                                            :
               Debtors.    :       (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### AFFIDAVIT OF SERVICE

I, Amber M. Cerveny, being duly sworn according to law, deposes and says that I am employed by Kurtzman Carson Consultants, LLC, proposed claims and noticing agent for the Debtors in the above-captioned cases.

On October 13, 2005, under my direction and under my supervision, employees of KCC caused to be served, via first class US mail the documents listed in Section 1 on the parties attached hereto as <u>Exhibit A;</u>

### *Section 1*

**I.**    Order under Fed. R. Bankr. P. 1015(b) Authorizing Joint Administration **(Docket No. 28) [Attached hereto as Exhibit B]**

**II.**    Order Authorizing Admission of Pro Hac Vice of Charles E Brown and Joseph E Papilian **(Docket No. 34) [Attached hereto as Exhibit C]**

**III.**    Order Authorizing Admission of Pro Hac Vice of John Wm. Butler Jr., Ron Meisler, and John K. Lyons **(Docket No. 33) [Attached hereto as Exhibit D]**

**IV.**    Order (I) Authorizing the Debtors to Pay Prepetition Wages and Salaries to Employees and Independent Contractors; (II) Authorizing the Debtors to Pay Certain Prepetition Benefits and Continue the Maintenance of Human Capital Benefit Programs in the Ordinary Course; and (III) Directing Banks to Honor Prepetition Checks for Payment of Prepetition Human Capital Obligations ("Human Capital Obligations") **(Docket No. 198) [Attached hereto as Exhibit E]**

**V.**    Order under 11 U.S.C. §§ 105(a), 363, 364, 1107, and 1108 and Fed. R. Bankr. P. 6004 and 9019 Authorizing Continuation of Vendor Rescue Program and Payment of Prepetition Claims of Financially-distressed Sole Source Suppliers and Vendors Without Contracts ("Essential Suppliers") **(Docket No. 197) [Attached hereto as Exhibit F]**

**VI.**    Order under 11 U.S.C. § 105 Enforcing the Protections of 11 U.S.C. §§ 362 and 525 and Approving Notice to Customers, Suppliers and Other Stakeholders of the Debtors' Non-Debtor Global Affiliates ("Non-Debtor Global Affiliates Notice") **(Docket No. 201) [Attached hereto as Exhibit G]**

VII.   Order under 11 U.S.C. §§ 105 and 363(b) Authorizing Payment of Certain
       Prepetition (A) Shipping and Delivery Charges for Goods in Transit and (B)
       Customs Duties ("Shipping and Customs") **(Docket No. 202) [Attached hereto
       as Exhibit H]**

VIII.   Order under 11 U.S.C. §§ 105, 363(b), 503(b) and 546(b) Authorizing Payment
        of Contractors and Service Providers in Satisfaction of Liens ("Lien Claimants")
        **(Docket No. 199) [Attached hereto as Exhibit I]**


On October 13, 2005, under my direction and under my supervision,
employees of KCC caused to be served, via first class US mail the documents listed
in Section 2 on the parties attached hereto as Exhibit J;

### *Section 2*

I.   Order under 11 U.S.C. §§ 105 and 363(b) Authorizing Payment of Certain
     Prepetition (A) Shipping and Delivery Charges for Goods in Transit and (B)
     Customs Duties ("Shipping and Customs") **(Docket No. 202) [Attached hereto
     as Exhibit H]**

II.   Order (I) Authorizing the Debtors to Pay Prepetition Wages and Salaries to
      Employees and Independent Contractors; (II) Authorizing the Debtors to Pay
      Certain Prepetition Benefits and Continue the Maintenance of Human Capital
      Benefit Programs in the Ordinary Course; and (III) Directing Banks to Honor
      Prepetition Checks for Payment of Prepetition Human Capital Obligations
      ("Human Capital Obligations") **(Docket No. 198) [Attached hereto as Exhibit
      E]**


On October 13, 2005, under my direction and under my supervision,
employees of KCC caused to be served, via first class US mail the documents listed
in Section 3 on the parties attached hereto as Exhibit K;

### *Section 3*

I. Order under 11 U.S.C. §§ 105, 363(b), 503(b) and 546(b) Authorizing Payment of
   Contractors and Service Providers in Satisfaction of Liens ("Lien Claimants")
   **(Docket No. 199) [Attached hereto as Exhibit I]**


Dated: October 20, 2005

                                          *Amber M. Cerveny*
                                          Amber M. Cerveny

Sworn to and subscribed before
me on October 20, 2005

*Evan J. Gershbein*
Notary Public

My Commission Expires:      1/19/07

2

# EXHIBIT A

| Contact | Company | Address 1 | Address 2 | City | State | Zip | Country | Fax |
|---|---|---|---|---|---|---|---|---|
| Akihiko Imaya Group | Sharp Electronics Corp | Deputy General Manager | 26131 Chinomoto Cho Tenri | Nara | | 632-8567 | Japan | 81-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 |
| Albert Togut | Togut Segal & Segal LLP | One Penn Plaza | Suite 3335 | New York | NY | 10119 | US | 212-967-4258 |
| Alps Automotive Inc | Muneki Mitch Ishida | 1500 Atlantic Blvd | | Auburn Hills | MI | 48326 | US | 248-391-1564 |
| Ann Wagoner | Applied Bio Systems | 850 Lincoln Centre Dr | | Foster City | CA | 94404 | US | 650-638-5998 |
| Attn Insolvency Department | Internal Revenue Service | 290 Broadway | 5th Floor | New York | NY | 10007 | US | |
| Attorney General Eliot Spitzer | Office of New York State | 120 Broadway | | New York City | NY | 10271 | US | |
| Barry Perry | Engelhard Corporation | 101 Wood Ave | | Iselin | NJ | 08830 | US | 732-906-0337 |
| Bill Staron | Dmc 2 Canada Corporation | 2347 Commercial Dr | | Auburn Hills | MI | 48326 | US | 248-340-2471 |
| Bjoern Goeke | Victory Packaging | 3555 Timmons Lane | Suite 1440 | Houston | TX | 77027 | US | 713-961-3824 |
| Brad Countryman  Salesman | Isi Of Indiana Inc | 1212 East Michigan St | | Indianapolis | IN | 46202 | US | 317-631-7981 |
| Brent Mewhinney | Texas Instruments Inc | 12900 North Meridian St | Suite 175 Ms 4070 | Carmel | IN | 46032 | US | 317-573-6410 |
| Brian Mcgowan Sales Manager | Corus Lp | 496 Highway 35 Rr2 | | Pontypool | ON | LOA 1KO | Canada | 705-277-9742 |
| Brian Ruel | Timken Company | 31100 Telegraph Rd Ste 270 | | Bingham Farms | MI | 48025 | US | 248-433-2253 |
| Bruce A Fassett | Carlisle Engineered Prods | 100 Seventh Ave Ste 100 | | Chardon | OH | 44024 | US | 734-367-1431 |
| Burr & Forman LLP | Michael Leo Hal | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | US | |
| Chet Korzeniewski | Fujitsu Ten Corporation | 46029 Five Mile Rd | | Plymouth | MI | 48170 | US | 734-414-6660 |
| Clifford Trapani | JPMorgan Chase Bank NA | Loan and Agency Services Group | 1111 Fannin 10th Floor | Houston | TX | 77002 | US | 713-750-2948 |
| Darrell Seitz Senior Acct Mgr | Hitachi Automotive | 955 Warwick Rd | | Harrodsburg | KY | 40330 | US | 248-474-5097 |
| David Bader | Hss Llc | 5446 Dixie Highway | | Saginaw | MI | 48601 | US | 989-777-4818 |
| David L Resnick | Rothchild Inc | 1251 Avenue of the Americas | | New York | NY | 10020 | US | 212-403-5454 |
| David M Mcginnis | Murata Electronics North | 2200 Lake Park Dr | | Smyrna | GA | 30080 | US | 678-842-6625 |
| Deirdre A Martin | United States Trustee | 33 Whitehall Street | Suite 2100 | New York | NY | 10004 | US | 212-668-2256 |
| Devin Denner Sales Manager | Olin Corp | 427 N Shamrock St | | East Alton | IL | 62024 | US | 618-258-3481 |
| Don Duda President | Methode Electronics Inc | 7401 W Wilson | | Chicago | IL | 60706 | US | 708-867-3288 |
| Donald Bernstein | Davis Polk & Wardwell | 450 Lexington Avenue | | New York | NY | 10017 | US | 212-450-3092 |
| Douglas Bartner Jill Frizzley | Shearman & Sterling LLP | 599 Lexington Avenue | | New York | NY | 10022 | US | 212-848-7179 |
| Dr Jurgen W Gromer | Tyco Electronics Corp | PO Box 3608 | | Harrisburg | PA | 17105 | US | 717-592-7555 |
| Dr Jurgen W Gromer | Tyco Electronics Corp | PO Box 3608 | | Harrisburg | PA | 17105-3608 | US | 717-592-7555 |
| Dr Jurgen W Gromer | Tyco Electronics Corp | Amperestrabe 1214 | | Bensheim | D-64625 | | Germany | 49-0-62-51-133-1-548 |
| Ed Mike Sales Manager | Solectron De Mexico Sa De Cv | Solectron Invotronics | 26525 American Dr | Southfield | MI | 48034 | US | 248-263-8701 |
| Frank H Avant  President | Tdk Corporation Of America | 1221 Business Center Dr | | Mount Prospect | IL | 60056 | US | 847-803-1125 |
| Gary Thoe Chairman | Waupaca Foundry Inc | 311 S Tower Rd | | Waupaca | WI | 54981 | US | 715-258-1712 |
| Gordon Diag | Pbr Automotive Usa Pacific Group | 140 Ellen Dr | | Orion Township | MI | 48359 | US | 248-377-4939 |
| Harold M Stratton | Strattec Security Corp | 3333 West Good Hope Rd | | Milwaukee | WI | 53209 | US | 414-247-3329 |
| Hironobu Ono | Cataler North America Corp | 7800 Chihama | | Kakegawa-City Shizuoka | | | Japan | 81-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 |
| Hitachi Automotive | | 34500 Grand River Ave | | Farmington Hills | MI | 48335 | US | 248-474-5097 |
| Hitachi Chemical Asia Pacific | Hitachi Chemical Asia Pacific | Bedok Plant 20 | Bedock South Rd | Singapore | | 469277 | Singapore | 656-444-6002 |
| Infineon Technologies | | StMartinStrasse 53 | | Munich | | 81669 | Germany | 49-0-89-234-8-52-02 |
| James D Clark | IUE  Comm Workers of America | 501 3rd St NW 6th Floor | | Washington | DC | 20001 | US | 202-434-1343 |
| James Le | Kurtzman Carson Consultants | 12910 Culver Blvd | Suite I | Los Angeles | CA | 90066 | US | 310-751-1561 |
| Jeffrey Cohen | Pension Benefit Guaranty Corporation | 1200 K Street NW | Suite 340 | Washington | DC | 20005 | US | 202-326-4112 |
| Jeffrey Cohen | Pension Benefit Guaranty Corp | 1200 K St NW | | Washington | DC | 20005 | US | 202-326-4112 |
| Jim Offer | Pechiney Rolled Products | 39111 W Six Mile Rd | | Livonia | MI | 48152 | US | 734-632-8483 |
| Jim Trent | Nec Electronics Inc | Three Galleria Tower | 13155 Noel Rd Ste 1100 | Dallas | TX | 75240 | US | 972-655-5133 |
| Joe M Dorris President | Futaba Corp Of America | 2865 Wall Triana Hwy | | Huntsville | AL | 35824 | US | 256-461-7741 |
| Joe Minville | Flextronics Intl Asia Pacific | 2 Robbins Rd | | Westford | MA | 01886 | US | 978-392-3011 |
| Joel Robinson President Bob Finn | American Axle & Mfg Inc | One Dauch Dr | | Detroit | MI | 48211 | US | 313-974-2870 |
| John Devine | General Motors Corporation | 300 Renaissance Center | PO Box 300 | Detroit | MI | 48265 | US | 517-272-3709 |
| John Devine | General Motors Corporation | 300 Renaissance Center | PO Box 300 | Detroit | MI | 48265 | US | 517-272-3709 |
| John Nielsen Dir Sales | Trw Automotive | 12000 Tech Center Dr | | Livonia | MI | 48150 | US | 734-266-5704 |
| John Wm Butler J Lyons R Meisler | Skadden Arps Slate Meagher & Flom | 333 W Wacker Dr | Suite 2100 | Chicago | IL | 60606 | US | 312-407-0411 |
| Kayalyn A Marafioti Thomas J Matz | Skadden Arps Slate Meagher & Flom | 4 Times Square | | New York | NY | 10036 | US | 212-735-2000 |
| Kenji Ito Vp Larry Khaykin | Aw Transmission Eng Aisin Seiki Co | Metro West Industrial Park | 14933 Keel St | Plymouth | MI | 48170 | US | 734-416-3844 |
| Kenneth S Ziman Robert H Trust | Simpson Thatcher & Bartlett LLP | 425 Lexington Avenue | | New York | NY | 10017 | US | 212-455-2502 |
| Khuyen Ta | JPMorgan Chase Bank NA | Agent Bank Services Group | 1111 Fannin 10th Floor | Houston | TX | 77002 | US | 713-750-2938 |
| Lance Williams Director Of Sales | Semiconductor Components | 2000 S County Trail | | East Greenwich | RI | 02818 | US | 734-953-6860 |
| Leo W Gerard | United Steel Workers | 5 Gateway Center | | Pittsburgh | PA | 15222 | US | 412-562-2484 |
| Linda Lynch | Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | US | 248-848-6505 |
| Lonie A Hassel | Groom Law Group | 1701 Pennsylvania Avenue NW | | Washington | DC | 20006 | US | 202-659-4503 |
| Martin J Bienenstock | Weil Gotshal & Manges LLP | 767 Fifth Avenue | | New York | NY | 10153 | US | 212-310-8007 |
| Michael Rudnicki | Niles Usa Inc | 41129 Jo Dr | | Novi | MI | 48375 | US | 248-427-9701 |
| Patrick Healy | Law Debenture Trust Company of NY | 780 Third Ave 31st Fl | | New York | NY | 10017 | US | 212-750-1361 |
| Paul Grimme | Freescale Semiconductor Inc | 6501 William Cannon Dr West | | Austin | TX | 78735 | US | 512-895-8746 |
| Peter Bauer EVP | Infineon Technologies | PO Box 80 09 49 | | Munich | | 81609 | Germany | 49-0-89-234-8-52-02 |
| Peter Bauer, EVP | Infineon Technologies | PO Box 80 09 49 | | Munich | | 81609 | Germany | 49-0-89-234-8-52-02 |
| Peter H Huizinga | Siemens Automotive Ltd | 2400 Executive Hill Blvd | | Auburn Hills | MI | 48326 | US | 248-209-7877 |
| Pioneer Indl Comp | Auto Electr Sales Inc | Kevin M Martin SVP | 22630 Haggerty Rd | Farmington | MI | 48335 | US | 248-449-1940 |
| Ralph Seibt Sales Manager | Westwood Associates Inc | 612 Willers Farm Rd | | Milford | CT | 06460 | US | 203-283-3100 |
| Randall S Eisenberg | FTI Consulting Inc | 3 Times Square | 11th Floor | New York | NY | 10036 | US | 212-841-9350 |

Master Service List

| Contact | Company | Address 1 | Address 2 | City | State | Zip | Country | Fax |
|---|---|---|---|---|---|---|---|---|
| Reorganization Branch | Securities and Exchange Commission | 233 Broadway | | New York | NY | 10279 | US | |
| Richard Shoemaker | United Auto Workers | 8000 E Jefferson | | Detroit | MI | 48214 | US | 313-823-6016 |
| Robert Caruso | FTI Consulting Inc | 333 West Wacker Drive | Suite 600 | Chicago | IL | 60606 | US | 312-759-8119 |
| Robert Siegel | O'Melveny & Meyer LLP | 400 South Hope Street | | Los Angeles | CA | 90071 | US | 213-430-6407 |
| Russ Pollack Director Of Sales | Traxle Mfg Ltd | 25300 Telegraph Rd Ste 450 | Raleigh Office Center | Southfield | MI | 48034 | US | 248-355-3558 |
| Sam L Trency | Philips Semiconductors | 1817 Dogwood Dr | | Kokomo | IN | 46902 | US | 765-452-9915 |
| Scott Dekoker | Autocam Corporation | East Paris Ave | | Kentwood | MI | 49512 | US | 616-698-6876 |
| Scott King | FTI Consulting Inc | Park One Center | 6100 Oaktree Blvd Suite 200 | Cleveland | OH | 44131 | US | 216-986-2749 |
| Scott Shilling Sales Director | Sgs Thompson | Victor Park West | 19575 Victor Parkway | Livonia | MI | 48152 | US | 734-462-4034 |
| Sean Corcoran Karen Craft | Delphi Corporation | 5725 Delphi Drive | | Troy | MI | 48098 | US | 248-813-2670 |
| Steven M Cimalore | Wilmington Trust Company | 1100 N Market St | Rodney Square N | Wilmington | DE | 19890 | US | 302-636-4143 |
| Ted B Opie | General Electric Company | Two Towne Square | | Southfield | MI | 48076 | US | 248-262-2663 |
| Thomas F Maher R Duker G Russello | JPMorgan Chase Bank NA | 270 Park Avenue | | New York | NY | 10017 | US | 212-270-0430 |
| Tim Kuppler Vice President | Ti Group Automotive System | 12345 E Nine Mile | | Warren | MI | 48090 | US | 586-427-3175 |
| Tom A Jerman Rachel Janger | O'Melveny & Meyer LLP | 1625 Eye Street NW | | Washington | DC | 20006 | US | 202-383-5414 |
| Tracy Delcampo | Calsonic N America Inc | 27000 Hills Tech Court | | Farmington Hills | MI | 48331 | US | 248-848-4850 |
| Vilma Francis | JPMorgan Chase Bank NA | 270 Park Avenue | | New York | NY | 10017 | US | 212-270-5484 |
| Vince Sarrecchia | Panasonic Automotive | 26455 American Dr | | Southfield | MI | 48034 | US | 248-447-7008 |
| Y Yokoya | Hitachi Chemical Asia Pacific | Loyang Plant 32 | Loyang Way | Singapore | | 508730 | Singapore | 656-546-2842 |

# **EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
        In re                                   :   Chapter 11
                                                :
DELPHI NY HOLDING CORPORATION,                  :   Case No. 05-44481
                                                :
                            Debtor.             :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
        In re                                   :   Chapter 11
                                                :
DELPHI CORPORATION,                             :   Case No. 05-_____ (___)
                                                :
                            Debtor.             :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
        In re                                   :   Chapter 11
                                                :
ASEC MANUFACTURING GENERAL                      :   Case No. 05-_____ (___)
PARTNERSHIP,                                    :
                            Debtor.             :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
        In re                                   :   Chapter 11
                                                :
DELPHI MEDICAL SYSTEMS                          :   Case No. 05-_____ (___)
COLORADO CORPORATION,                           :
                            Debtor.             :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
        In re                                   :   Chapter 11
                                                :
DELPHI CHINA LLC,                               :   Case No. 05-_____ (___)
                                                :
                            Debtor.             :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


0544481051008000000000006

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                      :
        In re                         :    Chapter 11
                                      :
ASEC SALES GENERAL                    :    Case No. 05-_____ (___)
PARTNERSHIP,                          :
                         Debtor.      :
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                      :
        In re                         :    Chapter 11
                                      :
DELPHI MEDICAL SYSTEMS TEXAS          :    Case No. 05-_____ (___)
CORPORATION,                          :
                         Debtor.      :
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                      :
        In re                         :    Chapter 11
                                      :
DELPHI AUTOMOTIVE SYSTEMS             :    Case No. 05-_____ (___)
OVERSEAS CORPORATION,                 :
                         Debtor.      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                      :
        In re                         :    Chapter 11
                                      :
DELPHI AUTOMOTIVE SYSTEMS             :    Case No. 05-_____ (___)
KOREA, INC.,                          :
                         Debtor.      :
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                      :
        In re                         :    Chapter 11
                                      :
DELPHI AUTOMOTIVE SYSTEMS             :    Case No. 05-_____ (___)
INTERNATIONAL, INC.,                  :
                         Debtor.      :
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

2

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
           In re                            :        Chapter 11
                                            :
    DELPHI INTERNATIONAL HOLDINGS            :        Case No. 05-_____ (___)
    CORP.,                                   :
                           Debtor.           :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
           In re                            :        Chapter 11
                                            :
    ASPIRE, INC.,                            :        Case No. 05-_____ (___)
                                            :
                           Debtor.           :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
           In re                            :        Chapter 11
                                            :
    DELPHI CONNECTION SYSTEMS,               :        Case No. 05-_____ (___)
                                            :
                           Debtor.           :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
           In re                            :        Chapter 11
                                            :
    DELPHI INTERNATIONAL SERVICES,           :        Case No. 05-_____ (___)
    INC.,                                    :
                           Debtor.           :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
           In re                            :        Chapter 11
                                            :
    ENVIRONMENTAL CATALYSTS, LLC,            :        Case No. 05-_____ (___)
                                            :
                           Debtor.           :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

3

- - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
     In re                                 :   Chapter 11
                                          :
SPECIALTY ELECTRONICS                     :   Case No. 05-_____ (___)
INTERNATIONAL LTD.,                       :
              Debtor.       :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
     In re                                 :   Chapter 11
                                          :
DELPHI AUTOMOTIVE SYSTEMS                 :   Case No. 05-_____ (___)
THAILAND, INC.,                           :
              Debtor.       :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
     In re                                 :   Chapter 11
                                          :
DELCO ELECTRONICS OVERSEAS                :   Case No. 05-_____ (___)
CORPORATION,                              :
              Debtor.       :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
     In re                                 :   Chapter 11
                                          :
DELPHI TECHNOLOGIES, INC.,                :   Case No. 05-_____ (___)
                                          :
              Debtor.       :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
     In re                                 :   Chapter 11
                                          :
DELPHI AUTOMOTIVE SYSTEMS                 :   Case No. 05-_____ (___)
(HOLDING), INC.,                          :
              Debtor.       :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                           :

In re                            :      Chapter 11
                           :

EXHAUST SYSTEMS CORPORATION,    :      Case No. 05-_____ (___)
                           :

             Debtor.     :
                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                           :

In re                            :      Chapter 11
                           :

DELPHI MEDICAL SYSTEMS      :      Case No. 05-_____ (___)
CORPORATION,                   :

             Debtor.     :
                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                           :

In re                            :      Chapter 11
                           :

DELPHI DIESEL SYSTEMS CORP.,     :      Case No. 05-_____ (___)
                           :

             Debtor.     :
                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                           :

In re                            :      Chapter 11
                           :

DELPHI INTEGRATED SERVICE     :      Case No. 05-_____ (___)
SOLUTIONS, INC.,               :

             Debtor.     :
                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                           :

In re                            :      Chapter 11
                           :

PACKARD HUGHES INTERCONNECT   :      Case No. 05-_____ (___)
COMPANY,                      :

             Debtor.     :
                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :    Chapter 11
                                          :
DELPHI ELECTRONICS (HOLDING)              :    Case No. 05-_____ (___)
LLC,                                      :
                    Debtor.               :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
        In re                             :    Chapter 11
                                          :
DELPHI MECHATRONIC SYSTEMS,               :    Case No. 05-_____ (___)
INC.,                                     :
                    Debtor.               :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
        In re                             :    Chapter 11
                                          :
SPECIALTY ELECTRONICS, INC.,              :    Case No. 05-_____ (___)
                                          :
                    Debtor.               :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
        In re                             :    Chapter 11
                                          :
DELPHI AUTOMOTIVE SYSTEMS                 :    Case No. 05-_____ (___)
TENNESSEE, INC.,                          :
                    Debtor.               :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
        In re                             :    Chapter 11
                                          :
DELPHI LLC,                               :    Case No. 05-_____ (___)
                                          :
                    Debtor.               :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

6

- - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                              :
        In re                                 :    Chapter 11
                                              :
DREAL, INC.,                                  :    Case No. 05-_____ (___)
                                              :
                Debtor.                       :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                              :
        In re                                 :    Chapter 11
                                              :
DELPHI AUTOMOTIVE SYSTEMS RISK                :    Case No. 05-_____ (___)
MANAGEMENT CORP.,                             :
                Debtor.                       :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                              :
        In re                                 :    Chapter 11
                                              :
DELPHI AUTOMOTIVE SYSTEMS                     :    Case No. 05-_____ (___)
SERVICES LLC                                  :
                Debtor.                       :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - -
                                              :
        In re                                 :    Chapter 11
                                              :
DELPHI LIQUIDATION HOLDING                    :    Case No. 05-_____ (___)
COMPANY,                                      :
                Debtor.                       :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                              :
        In re                                 :    Chapter 11
                                              :
DELPHI FOREIGN SALES                          :    Case No. 05-_____ (___)
CORPORATION,                                  :
                Debtor.                       :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x

```
- - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
        In re                               :       Chapter 11
                                            :
DELPHI SERVICES HOLDING                     :       Case No. 05-_____ (___)
CORPORATION,                                :
                          Debtor.           :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
        In re                               :       Chapter 11
                                            :
DELPHI AUTOMOTIVE SYSTEMS                    :       Case No. 05-_____ (___)
HUMAN RESOURCES LLC,                        :
                          Debtor.           :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
        In re                               :       Chapter 11
                                            :
DELPHI AUTOMOTIVE SYSTEMS                    :       Case No. 05-_____ (___)
GLOBAL (HOLDING), INC.,                     :
                          Debtor.           :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
        In re                               :       Chapter 11
                                            :
DELPHI AUTOMOTIVE SYSTEMS LLC,              :       Case No. 05-_____ (___)
                                            :
                          Debtor.           :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

## ORDER AUTHORIZING JOINT ADMINISTRATION

## ("JOINT ADMINISTRATION ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"),[1] debtors and

---

[1]     In addition to Delphi, the following entities are debtors in these related cases:  ASEC Manufacturing
        General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas
        Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding),
        Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc.,
        Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order

authorizing the joint administration of the Debtors' separate chapter 11 cases for procedural

purposes only; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions

And First Day Orders, sworn to October 8, 2005; and this Court having determined that the relief

requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and

other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been

given and that no other or further notice is necessary; and after due deliberation thereon, and

good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    The above-captioned cases are consolidated for procedural purposes only

and shall be administered jointly under Case No. 05-44481 in accordance with the provisions of

Rule 1015 of the Federal Rules of Bankruptcy Procedure, and the joint caption of the cases

shall read as follows:

---

Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems
Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc.,
Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics
(Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi
International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company,
Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi
Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holding
Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc.,
Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company,
Specialty Electronics, Inc., and Specialty Electronics International Ltd.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                              :
       In re                                 :        Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :        Case No. 05-44481
                                              :
                        Debtors.       :        (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


           3.    All original pleadings shall be captioned as indicated in the preceding

decretal paragraph and all original docket entries shall be made in the case of Delphi

Corporation, et al., Case No. 05-044481, and a docket entry shall be made in the other Debtors'

chapter 11 cases substantially as follows:

> An Order has been entered in this case directing the procedural
> consolidation and joint administration of the chapter 11 cases of
> Delphi Corporation; ASEC Manufacturing General Partnership;
> ASEC Sales General Partnership; Aspire, Inc.; Delco Electronics
> Overseas Corporation; Delphi Automotive Systems Global
> (Holding), Inc.; Delphi Automotive Systems (Holding), Inc.;
> Delphi Automotive Systems Human Resources LLC; Delphi
> Automotive Systems International, Inc.; Delphi Automotive
> Systems Korea, Inc.; Delphi Automotive Systems LLC; Delphi
> Automotive Systems Overseas Corporation; Delphi Automotive
> Systems Risk Management Corp.; Delphi Automotive Systems
> Services LLC; Delphi Automotive Systems Tennessee, Inc.;
> Delphi Automotive Systems Thailand, Inc.; Delphi China LLC;
> Delphi Connection Systems; Delphi Diesel Systems Corp.; Delphi
> Electronics (Holding) LLC; Delphi Foreign Sales Corporation;
> Delphi Integrated Service Solutions, Inc.; Delphi International
> Holdings Corp.; Delphi International Services, Inc.; Delphi
> Liquidation Holding Company; Delphi LLC; Delphi Mechatronic
> Systems, Inc.; Delphi Medical Systems Colorado Corporation;
> Delphi Medical Systems Corporation; Delphi Medical Systems
> Texas Corporation; Delphi NY Holding Corporation; Delphi
> Services Holding Corporation; Delphi Technologies, Inc.;
> DREAL, Inc.; Environmental Catalysts, LLC; Exhaust Systems
> Corporation; Packard Hughes Interconnect Company; Specialty
> Electronics, Inc.; and Specialty Electronics International Ltd. The

docket in Case No. 05-044481 should be consulted for all matters affecting this case.

     4.   Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of any of the above-captioned cases.

     5.   This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

     6.   The requirement under Local Bankruptcy Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
         October 8, 2005

                    _s/ Arthur J. Gonzalez_____
                    UNITED STATES BANKRUPTCY JUDGE

# **<u>EXHIBIT C</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
In re:                                           Chapter 11

DELPHI CORPORATION, et al.,                      Case No. 05-44481

                        Debtors.
-------------------------------------------------X

## ORDER AUTHORIZING ADMISSION *PRO HAC VICE*
## OF CHARLES E. BROWN and JOSEPH E. PAPELIAN


UPON the motion of Kayalyn A. Marafioti dated October 8, 2005, for admission *pro hac vice*

in this bankruptcy proceeding; it is hereby

ORDERED, that Charles E. Brown and Joseph E. Papelian are admitted to practice, *pro hac*

*vice* in the above referenced bankruptcy proceeding, in the United States Bankruptcy Court, Southern

District of New York, subject to payment of the filing fees.


Dated:  October 8, 2005
        New York, New York

                                    _s/ Arthur J. Gonzalez_____
                                    UNITED STATES BANKRUPTCY JUDGE

0544481051008000000000005

# **<u>EXHIBIT D</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
In re:                                           Chapter 11

DELPHI CORPORATION, et al.,                      Case No. 05-44481

                        Debtors.
-------------------------------------------------X

## ORDER AUTHORIZING ADMISSION *PRO HAC VICE* OF JOHN WM. BUTLER, JR., JOHN K. LYONS and RON E. MEISLER

UPON the motion of Kayalyn A. Marafioti dated October 8, 2005, for admission *pro hac vice*

in this bankruptcy proceeding; it is hereby

ORDERED, that John Wm. Butler, Jr., John K. Lyons and Ron E. Meisler are admitted to

practice, *pro hac vice* in the above referenced bankruptcy proceeding, in the United States Bankruptcy

Court, Southern District of New York, subject to payment of the filing fees.

Dated:  October 8, 2005
        New York, New York

                        s/ *Arthur J. Gonzalez*
                        UNITED STATES BANKRUPTCY JUDGE

0544481051008000000000004

# **EXHIBIT E**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                              :
          In re                               :
                                              :   Chapter 11
DELPHI CORPORATION, et al.,                   :
                                              :   Case No.  05 – 44481(RDD)
                    Debtors.                  :
                                              :   (Jointly Administered)
                                              :
------------------------------------------------------------x
```

ORDER UNDER 11 U.S.C. §§ 105(a), 363, 507, 1107, AND 1108
(I) AUTHORIZING DEBTORS TO PAY PREPETITION WAGES AND SALARIES
TO EMPLOYEES AND INDEPENDENT CONTRACTORS; (II) AUTHORIZING DEBTORS
TO PAY PREPETITION BENEFITS AND CONTINUE MAINTENANCE
OF HUMAN CAPITAL BENEFIT PROGRAMS IN THE ORDINARY COURSE;
AND (III) DIRECTING BANKS TO HONOR PREPETITION CHECKS FOR
PAYMENT OF PREPETITION HUMAN CAPITAL OBLIGATIONS

("HUMAN CAPITAL OBLIGATIONS ORDER")

Upon the motion dated October 8, 2005 (the "Motion"),[1] wherein Delphi
Corporation ("Delphi") and certain of its domestic subsidiaries and affiliates (the "Affiliate
Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the
"Debtors"), moved for entry of an order, under sections 105(a), 363, 507(a)(3), 507(a)(4), 541,
1107, and 1108 of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors to pay all
human capital obligations of the Debtors, including prepetition claims of the Debtors' domestic
active and inactive employees, any independent contractors, including those provided by
employee supplier agreements, who currently are under formal or informal contracts,
(collectively, and solely for the purposes of this Motion, the "Employees"), and those prepetition

---

[1]    Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the
       Motion.

claims on account of benefits to be provided to any of the Debtors' retirees and their surviving

spouses (collectively, the "Retirees"), (ii) authorizing, but not directing, the Debtors to pay

prepetition benefits and continue the Debtors' various human capital benefit plans and programs

(collectively, the "Prepetition Human Capital Obligations"), and (iii) directing all banks to honor

prepetition checks for payment of Prepetition Human Capital Obligations and prohibiting banks

from placing any holds on, or attempting to reverse, any automatic transfers to Employees'

accounts for Prepetition Human Capital Obligations; and upon the Affidavit Of Robert S. Miller,

Jr. In Support Of Chapter 11 Petitions and First Day Orders; and upon the record of the hearing

held on the Motion; and the Court having determined that the relief requested in the Motion is in

the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it

appearing that proper and adequate notice of the Motion has been given and that no other or

further notice is necessary; and after due deliberation thereon, and good and sufficient cause

appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED.

2.      The Debtors are authorized, but not directed, to pay or otherwise honor the

Prepetition Human Capital Obligations, as described in the Motion, including, but not limited to,

Employees' prepetition and postpetition wages and salaries, including any commissions and

bonuses for which the Employees are eligible; outstanding fees to members of the Debtors'

Board of Directors; vacation, sick leave, personal leave, expense reimbursements, and severance;

health, insurance, retirement, and other employee benefit programs; defined contribution, defined

benefit, tax-qualified, and non-tax-qualified retirement plans; workers' compensation programs;

and other benefits to, or for the benefit of, the Employees, and to continue each of the foregoing

2

Employee programs in the ordinary course of business; provided, however, that such payment,
continuance of such Employee program, other honoring of such Prepetition Human Capital
Obligations, or entry of this Order shall not make such obligations administrative expenses of the
estates entitled to priority status under sections 503 and 507 of the Bankruptcy Code.

3.      With respect to former officers and directors, the authority granted
hereunder on account of Prepetition Human Capital Obligations is limited to advancement of
litigation expenses, as subject to an aggregate cap of $5 million, health benefits, basic life
insurance benefits, long-term disability benefits, and benefits provided under the Delphi
Supplemental Executive Retirement Program, as limited to no more than $5,000 per month per
eligible officer or director.

4.      The Debtors shall pay no Performance Achievement Plan Awards under the
Debtors 2003-2005 Long-Term Incentive Plan prior to November 30, 2005.

5.      The financial institutions upon which any checks are drawn in payment of
the Prepetition Human Capital Obligations, either before, on, or after the date on which the
Debtors filed these chapter 11 cases, are hereby authorized and directed to honor, upon
presentation, any such checks.

6.      Such financial institutions are authorized and directed to rely upon the
representations of the Debtors as to which checks are in payment of the Prepetition Human
Capital Obligations.

7.      The Debtors may pay all federal, state, local, and foreign income
withholding, payroll, employment, unemployment, social security, and similar taxes (including,
but not limited to, taxes relating to the Federal Insurance Contributions Act ("FICA")), whether
withheld from Employees' wages or paid directly by the Debtors to governmental authorities, as

3

well as other Employee withholdings including, but not limited to, pension plan contributions,
union dues, charitable contributions, and garnishment contributions, if any.

8.    The Debtors are authorized, but not directed, to pay any and all costs
incident to maintaining or paying third parties to maintain and provide record-keeping relating to
the various Employee benefit programs and any trusts related thereto that may be outstanding as
of the Petition Date in the ordinary course of business.

9.    Any party receiving payment from the Debtors is authorized and directed to
rely upon the representations of the Debtors as to which payments are authorized by this Order.

10.    Neither the provisions of this Order, nor any payments made by the Debtors
pursuant to the Motion or this Order, shall be deemed to change the classification of any claim or
to in any way change the rights or create new rights of any Employee or other person, including,
without limitation, the creation of any right to payment entitled to administrative expense priority
pursuant to sections 503 and 507 of the Bankruptcy Code.

11.    Notwithstanding any provision in the Federal Rules of Bankruptcy
Procedure to the contrary, the Debtors are not subject to any stay in the implementation,
enforcement or realization of the relief granted in this Order, and the Debtors may, in their
discretion and without further delay, take any action and perform any act authorized under this
Order.

12.    The entry of this Order is final; provided, however, that (a) within ten
business days after the official committee of unsecured creditors (the "Creditors' Committee")
has been formed and retained counsel, the Creditors' Committee may object to the prospective
application of this Order from and after the date of such objection, and (b) within ten business
days of the date of entry hereof, the agent for the Debtors' prepetition banks (the "Agent") may

4

object to the prospective application of this Order from and after the date of such objection;

provided further, that if such objection is timely made by the Creditors' Committee or the Agent,

such objection shall be heard at the next regularly-scheduled omnibus hearing in these cases, and

(c) pending such hearing, this Order shall remain in full force and effect.

13.    The Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

14.    The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          October 13, 2005


                                        /s/ ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT F

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
     In re                                      :
:   Chapter 11
DELPHI CORPORATION, et al.,            :
:   Case No.  05–44481 (RDD)
                  Debtors.     :
:   (Jointly Administered)
:
------------------------------------------------------------x

ORDER UNDER 11 U.S.C. §§ 105(a), 363, 364, 1107, AND 1108 AND
FED. R.  BANKR. P. 6004 AND 9019 AUTHORIZING CONTINUATION OF VENDOR
RESCUE PROGRAM AND PAYMENT OF PREPETITION CLAIMS OF FINANCIALLY-
DISTRESSED SOLE SOURCE SUPPLIERS AND VENDORS WITHOUT CONTRACTS

("ESSENTIAL SUPPLIER ORDER")

           Upon the motion, dated October 8, 2005 (the "Motion"),[1] of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under

sections 105, 363, 1107, and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330,

as amended (the "Bankruptcy Code"), and Fed. R. Bankr. P. 6004 and 9019, authorizing the

continuation of the Debtors' prepetition vendor rescue program and the payment of prepetition

claims of financially-distressed sole source suppliers and vendors without enforceable contracts;

and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day

Orders, sworn to October 8, 2005; and upon the record of the hearing held on the Motion; and

this Court having determined that the relief requested in the Motion is in the best interests of the

---

[1]       Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in
the Motion.

Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper

and adequate notice of the Motion has been given and that no other or further notice is necessary;

and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    The Debtors be, and they hereby are, authorized but not directed in the

reasonable exercise of their business judgment, to pay all, a portion, or none of the prepetition

claims (the "Essential Supplier Claims") owing to certain of the Debtors' suppliers that are

essential to the uninterrupted functioning of the Debtors' business operations (the "Essential

Suppliers") up to an aggregate amount of $90 million (the "Essential Supplier Claims Cap,"

which amount includes any amounts paid by the Debtors under the Bridge Order Under 11

U.S.C. §§ 105(a), 363, 364, 1107, And 1108 And Fed. R. Bankr. P. 6004 And 9019 Authorizing

Continuation Of Vendor Rescue Program And Payment Of Prepetition Claims Of Financially-

Distressed Sole Source Suppliers And Vendors Without Contracts entered on October 8, 2005)

upon such terms and in the manner provided in this Order and subject to the provisions of the

Debtors' postpetition financing agreement.

3.    The Debtors shall undertake appropriate efforts to cause Essential Suppliers

to enter into an agreement with the Debtors substantially similar to Exhibit A hereto as a

condition of payment of their Essential Supplier Claims, which agreement shall include, but not

be limited to, the following terms:

(a)    The amount of such Essential Supplier's estimated Essential Supplier
Claims, accounting for any setoffs, other credits, and discounts thereto, shall be as mutually
determined in good faith by the Essential Supplier and the Debtors (but such amount shall be
used only for the purposes of determining such Essential Supplier's claim under the Order and
shall not be deemed a claim allowed by the Court and the rights of all interested persons to object

2

to such claim shall be fully preserved until further order of the Court, unless such claim is waived by the Essential Supplier pursuant to the terms of the letter);

(b)   MNS-2 payment terms and those other terms and conditions as are embodied in the Delphi's General Terms and Conditions or such other more favorable trade terms, practices, and programs in effect between such supplier and the Debtors in the twelve months prior to the Petition Date (the "Customary Trade Terms") between such Essential Supplier and the Debtors, or such other favorable terms as the Essential Suppliers and the Debtors may agree, and the Essential Supplier's agreement to provide goods and services in accordance with such terms;

(c)   The Essential Supplier's agreement to provide goods and services to the Debtors based upon Customary Trade Terms or on such other favorable terms to the Debtors as the Debtors and the Essential Supplier may otherwise agree for the remaining term of the Essential Supplier's agreement with the Debtors, and the Debtors' agreement to pay for such goods in accordance with such terms;

(d)   The Essential Supplier's agreement not to file or otherwise assert against any or all of the Debtors, their estates, or any other person or entity or any of their respective assets or property (real or personal) any lien (a "Lien"), regardless of the statute or other legal authority upon which such Lien is asserted related in any way to any remaining prepetition amounts allegedly owed to the Essential Supplier by the Debtors arising from agreements or other arrangements entered into prior to the Petition Date, and, to the extent the Essential Supplier has already obtained or otherwise asserted such a Lien, the Essential Supplier shall take whatever actions are necessary to remove such Lien;

(e)   The Essential Supplier's acknowledgment that it has reviewed the terms and provisions of the Order and consents to be bound thereby; and

(f)   The Essential Supplier's agreement that it will not separately seek payment for reclamation claims outside the terms of the Order unless the Essential Supplier's participation in the program to pay Essential Supplier Claims pursuant to the Order is terminated; provided, however, that such reclamation claims shall, if thereafter raised by the Essential Supplier as permitted by the Order, be treated as though raised on the later of (i) the date of the Order and (ii) the date on which the Trade Agreement is executed by both parties.

An agreement executed by and between the Debtors and an Essential Supplier as set forth in this

paragraph shall be referred to as a "Trade Agreement."  This Order is intended to authorize, but

shall not require, the Debtors to enter into Trade Agreements, it being the express intention of

this Court that the Debtors shall enter into Trade Agreements only when the Debtors determine,

in their sole discretion, that it is appropriate to do so.

3

4. The Debtors are authorized, in their sole discretion, to make payments on account of Essential Supplier Claims in the absence of a Trade Agreement after the Debtors have undertaken diligent efforts to cause the Essential Supplier to execute a Trade Agreement and if the Debtors determine, in their sole discretion, that failure to pay the Essential Supplier Claim is likely to result in irreparable harm to the Debtors' business operations.

5. If an Essential Supplier refuses to supply goods and/or services to the Debtors on Customary Trade Terms following receipt of payment on its Essential Supplier Claim (regardless of whether such Essential Supplier has entered into a Trade Agreement), or fails to comply with any Trade Agreement entered into between such Essential Supplier and the Debtors, then the Debtors may, in their sole discretion and without further order of this Court, (a) declare that any Trade Agreement between the Debtors and such Essential Supplier is terminated (if applicable) and (b) declare that the payments made to the Essential Supplier on account of its Essential Supplier Claim be deemed to have been made in payment of then-outstanding postpetition claims of such suppliers without further order of this Court or action by any person or entity.  In the event that such events occur, an Essential Supplier shall then immediately repay to the Debtors any payment made to it on account of its Essential Supplier Claims to the extent that payments on account of such Essential Supplier Claims exceed the postpetition claims of such suppliers then outstanding without giving effect to any rights of setoff, claims, provision for payment of reclamation or trust fund claims, or otherwise.  In the event that a Trade Agreement is terminated or an Essential Supplier refuses to supply goods and/or services to the Debtors on Customary Trade Terms following receipt of payment on its Essential Supplier Claim (regardless of whether such Essential Supplier has entered into a Trade Agreement), it is the explicit

4

intention of this Court to return the parties to their position immediately prior to the entry of this

Order with respect to all prepetition claims.

      6.    The Debtors may, in their sole discretion, reinstate a Trade Agreement if:

      (a)   the Debtors determination to terminate a Trade Agreement is subsequently reversed by this Court, after notice and a hearing following a motion by the Essential Supplier, for good cause shown that the determination was materially incorrect;

      (b)   the underlying default under the Trade Agreement was fully cured by the Essential Supplier not later than five business days following the Debtors' notification to the Essential Supplier that a default had occurred; or

      (c)   the Debtors, in their discretion, reach a favorable alternative agreement with the Essential Supplier.

      7.    The Debtors are hereby authorized but not directed to waive and release their

rights, and the rights of their respective estates, under section 547 of the Bankruptcy Code to

avoid a prepetition transfers (each a "Prefunding Transfer") on account of the prefunding of

obligations to a supplier (each a "Prefunded Suppliers") if, on or before November 7, 2005, such

Prefunded Supplier enters into a Trade Agreement.  For the avoidance of doubt, nothing

contained herein shall constitute a waiver or release of any of the Debtors' or their estates' rights

under section 547 of the Bankruptcy Code with respect to any Prefunding Transfer absent the

Debtors' express written agreement to waive and release their rights and the rights of their estates

under section 547 of the Bankruptcy Code, the Debtors' entry into which shall only be authorized

in accordance with the terms of the immediately-preceding sentence.

      8.    The Debtors are hereby authorized but not the directed to elect, in their sole

discretion, to waive the conditions of this Order for payment of a claim under the Essential

Supplier Claims Cap (the "Waiver") and to conditionally pay the claim of such threatening

supplier (the "Non-Conforming Supplier"), subject to the following procedures:

      (a)   In the event that the Debtors grant a Waiver to a Non-Conforming Supplier, the Debtors shall, within three business days of payment pursuant to the Waiver (the

5

"Filing Deadline"), file with this Court (i) a Notice of Waiver, in substantially the form attached hereto as <u>Exhibit B</u> (the "Notice of Waiver"), and (ii) a proposed Order to Show Cause, in substantially the form attached hereto as <u>Exhibit C</u> (the "Order to Show Cause"), and shall serve such Notice of Waiver and Order to Show Cause on (v) the Non-Conforming Supplier, (w) the Office of the United States Trustee, (x) counsel for the official committee of unsecured creditors appointed in these cases (the "Creditors' Committee"), (y) counsel for the agent under the Debtors' prepetition credit facility, and (z) counsel for the agent under Debtors' proposed postpetition credit facility; <u>provided</u>, <u>however</u>, that the Debtors will not be required to file or serve a Notice of Waiver and an Order to Show Cause if, prior to the Filing Deadline, the Creditors' Committee ratifies the Waiver in writing to the Debtors.

(b)    At the first regularly-scheduled hearing occurring at least five business days following entry of the Order to Show Cause by this Court, the Non-Conforming Supplier shall be required to appear before this Court and demonstrate that such Non-Conforming Supplier should not be held in violation of the automatic stay.

(c)    Should the Court determine that, by its conduct, the Non-Conforming Supplier has violated the automatic stay, the Non-Conforming Supplier shall be required to disgorge the amount of the payment made by the Debtors pursuant to the Waiver, plus attorneys' fees and interest accrued on such amount at the rate specified under the relevant agreements governing the Debtors' debtor-in-possession credit facility or such other higher rate as this Court specifies, within three business days of entry of the order holding such Non-Conforming Supplier in violation of the automatic stay.

(d)    Nothing contained herein shall limit the Debtors' right to file any motions, adversary complaints, or other pleadings that they determine in their sole and absolute discretion are necessary or appropriate to pursue other remedies, including, without limitation, injunctive relief, or alter the burden of proof as to any violation of the automatic stay.

9.    The form of Notice of Waiver attached hereto as <u>Exhibit B</u> and the form of Order to Show Cause attached hereto as <u>Exhibit C</u> are hereby approved by this Court in all respects for use in accordance with the provisions of the foregoing paragraph.

10.    The Debtors are hereby authorized but not the directed to continue their prepetition vendor rescue program (the "Vendor Rescue Program") in the ordinary course of business, including, without limitation, by providing the following forms of support to those suppliers (the "Troubled Suppliers") which the Debtors determine, in the exercise of their business judgment, require such support to maintain their operations:

(a)    the Debtors may purchase, on behalf of a Troubled Supplier, the raw materials necessary to manufacture the Debtors' parts when a Troubled Supplier lacks the available credit to purchase such materials for its own account;

(b)    the Debtors may provide a lump sum subsidy to a Troubled Supplier when the Supplier is faced with an acute short-term economic problem;

(c)    the Debtors may lend funds to a Troubled Supplier, either by purchasing a participation in the Troubled Supplier's existing credit facility or by lending funds under a promissory note;

(d)    the Debtors may agree to pay their obligations under invoices from a Troubled Supplier on an accelerated basis;

(e)    the Debtors may agree to provide the Troubled Supplier with operational assistance, either through the Debtors' own personnel or through use of an outside consulting firm; and

(f)    the Debtors may enter into agreements necessary to effectuate the transactions entered into with Troubled Suppliers as part of the Vendor Rescue Program, including, without limitation, accommodation agreements, inventory repurchase agreements, and access agreements.

11.    The Debtors shall provide periodic reports to the Creditors' Committee which shall reflect payments of prepetition claims made to the Debtors' suppliers pursuant to this Order.

12.    Nothing herein shall be construed to limit, or in any way affect, the Debtors' ability to dispute any Essential Supplier Claim or as a waiver by any of the Debtors of their rights to contest any invoice of an Essential Supplier under applicable non-bankruptcy law.

13.    Nothing contained in the Motion or in this Order shall be deemed to constitute an assumption, adoption, or rejection of any executory contract or agreement between the Debtors and any third party or to require the Debtors to make any of the payments authorized herein.

14.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

15.     Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order, and the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

16.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

17.     Service of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

18.     The entry of this Order is final; provided, however, that (a) within ten business days after the Creditors' Committee has been formed and retained counsel, the Creditors' Committee may object to the prospective application of this Order from and after the date of such objection, and (b) within ten business days of the date of entry hereof, the agent for the Debtors' prepetition banks (the "Agent") may object to the prospective application of this Order from and after the date of such objection; provided further that if any such objection is timely made by the Creditors' Committee or the Agent, such objection shall be heard at the next regularly-scheduled omnibus hearing in these cases, and (c) pending such hearing, this Order shall remain in full force and effect.

19.    The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Motion.


Dated:        New York, New York
              October 13, 2005



                                        /s/ ROBERT D. DRAIN
                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

<u>Exhibit A</u>

_____, 2005

TO:    [Essential Trade Creditor]
       [Name]
       [Address]

Dear Valued Supplier:

As you are no doubt aware, on October 8, 2005 (the "<u>Petition Date</u>"), Delphi Corporation ("<u>Delphi</u>"), together with certain of its U.S. affiliates (collectively, the "<u>Debtors</u>"), filed voluntary petitions under chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§ 101-1330, as amended) in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Cases</u>" and the "<u>Bankruptcy Court</u>," respectively).  On the Petition Date, we requested the Bankruptcy Court's authority to pay certain suppliers in recognition of the importance of continuity in our business operations and our desire that the Bankruptcy Cases have as little effect on our operations as possible.  On October __, 2005, the Bankruptcy Court entered an order (the "<u>Order</u>") authorizing us, under certain conditions, to pay pre-bankruptcy claims of certain suppliers that agree to the terms set forth below and to be bound by the terms of the Order.  A copy of the Order is enclosed.

To receive payment on pre-bankruptcy claims, each selected supplier must agree to continue supplying goods to the Debtors based on "Customary Trade Terms."  In the Order, Customary Trade Terms are defined as MNS-2 payment terms and those other terms and conditions as are embodied in the Delphi's General Terms and Conditions or such other more favorable trade terms, practices and programs (including, but not limited to, credit limits, pricing, cash discounts, timing of payments, allowance, rebates, coupon reconciliation, normal product mix and availability, and other applicable terms and programs) in effect between such supplier and the Debtors in the twelve months prior to the Petition Date.

For purposes of administration of this trade program as authorized by the Bankruptcy Court, the Debtors and you agree as follows:

(a)    The estimated balance of the prepetition trade claim (net of any setoffs, credits or discounts (the "<u>Trade Claim</u>") that the Debtors will provisionally pay you is $_____.

(b)    You will provide MNS-2 payment terms or such other more favorable payment terms in effect between such supplier and the Debtors in the twelve months prior to the Petition Date as follows: (if more space is required, attach continuation pages) (as necessary).

(c)    In consideration for the payment described herein, you agree not to file or otherwise assert against any or all of the Debtors, their estates, or any other person or

entity or any of their respective assets or property (real or personal) any lien (regardless of the statute or other legal authority upon which such lien is asserted) related in any way to any remaining prepetition amounts allegedly owed to you by the Debtors arising from agreements entered into prior to the Petition Date. Furthermore, if you have taken steps to file or assert such a lien prior to entering into this letter agreement, you agree to take all necessary steps to remove such lien as soon as possible.

(d)    You will hereafter extend to the Debtors all Customary Trade Terms (as defined in the Order).

Payment of your Trade Claim in the manner set forth in the Order may occur only upon execution of this letter by a duly authorized representative of your company and the return of this letter to the Debtors. Your execution of this letter agreement and return of the same to the Debtors constitutes an agreement by you and the Debtors:

(a)    to the Customary Trade Terms and, subject to the reservations contained in the Order, to the amount of the Trade Claim set forth above;

(b)    that, for the remaining term of the purchase orders or other supply agreements governing your supply of goods to the Debtors, you will continue to supply the Debtors with goods, pursuant to the Customary Trade Terms, and that the Debtors will pay for such goods in accordance with Customary Trade Terms;

(c)    that you have reviewed the terms and provisions of the Order and that you consent to be bound by such terms;

(d)    that you will not separately seek payment for reclamation and similar claims outside the terms of the Order unless your participation in the trade payment program authorized by the Order (the "Trade Payment Program") is terminated; and

(e)    that if either the Trade Payment Program or your participation therein terminates as provided in the Order, any payments received by you on account of your Trade Claim will be deemed to have been in payment of then outstanding postpetition obligations owed to you and that you will immediately repay to the Debtors any payments made to you on account of your Trade claim to the extent that the aggregate amount of such payments exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provision for payment of reclamation, or trust fund claims, or otherwise.

The Debtors and you also hereby agree that any dispute with respect to this agreement, the Order, and/or your participation in the Trade Payment Program shall be determined by the Bankruptcy Court.

You hereby agree that you will keep the terms of this Agreement together with all related settlement discussions strictly confidential. You may disclose the terms of this Agreement only to your management personnel that need to know such information to implement the terms of this Agreement and legal counsel and other advisors with whom you

2

have a recognized legal privilege; <u>provided</u> that all such parties have been informed of the confidentiality restrictions contained herein.  You further agree that you will be responsible and liable for any breach of the confidentiality provisions set forth in this Agreement by your management personnel, legal counsel and other advisors.  You acknowledge that failure to honor the confidentiality provisions contained herein would cause significant economic harm to the Debtors.  Any discussions by you with any third parties, including the press or media or consultants, regarding this Agreement and its terms are expressly prohibited.

You also hereby acknowledge and agree that you continue to be bound by the terms of each purchase order or supply agreement between you and one or more of the Debtors, including, without limitation, the general terms and conditions applicable thereto, except to the extent modified by the terms of this agreement and the United States Bankruptcy Code.

The Debtors expressly reserve all of their rights at law and in equity, including, without limitation, all of their rights as debtors-in-possession under the United States Bankruptcy Code.  Without limiting the generality of the foregoing sentence, this agreement, and any payment made hereunder, does not constitute (a) a waiver of the Debtors' rights (i) to dispute any claim, (ii) to reject any agreement, contract, purchase order, or other document under section 365 of the United States Bankruptcy Code, or (iii) to take, or refrain from taking, any other action under any applicable section of the United States Bankruptcy Code or any other applicable law or (b) an approval, adoption, or assumption of any agreement, contract, purchase order, or other document under section 365 of the United States Bankruptcy Code or any other applicable law, all of the Debtors' rights with respect to which are expressly reserved.

If you have any questions about this Agreement or our financial restructuring, please do not hesitate to call (___) _____ or (___) _____.

Sincerely,

[DELPHI AUTOMOTIVE SYSTEMS LLC]

_____
By:
    Its:

Agreed and Accepted by:
[Name of Trade Vendor]

_____
By:
    Its:

Dated: _____, 2005

3

Exhibit B

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :
        In re                       :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :    Case No. 05-44481 (RDD)
                                    :
                        Debtors.    :    (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NOTICE OF WAIVER

        PLEASE TAKE NOTICE that on October 8, 2005, Delphi Corporation ("Delphi")

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-

captioned cases (collectively, the "Debtors"), filed the Motion For Order Under 11 U.S.C. §§

105(a), 363, 364, 1107, And 1108 And Fed. R.  Bankr. P. 6004 And 9019 Authorizing

Continuation Of Vendor Rescue Program And Payment Of Prepetition Claims Of Financially-

Distressed Sole Source Suppliers And Vendors Without Contracts (the "Motion").

PLEASE TAKE FURTHER NOTICE that on October __, 2005, the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an

order granting the relief requested in the Motion (the "Order").

PLEASE TAKE FURTHER NOTICE that, pursuant to the authority granted to

the Debtors pursuant to paragraph 8 of the Order, the Debtors have determined to waive the

conditions for payment of a prepetition claim under the Essential Supplier Claims Cap (as

defined in the Motion) with respect to **[INSERT NAME OF SUPPLIER]** ("Supplier") and

conditionally paid prepetition claims of Supplier in the amount of $_____ on **[DATE]**.

2

PLEASE TAKE FURTHER NOTICE that contemporaneously herewith the

Debtors are filing a proposed Order to Show Cause requesting that the Bankruptcy Court order

Supplier to appear before the Bankruptcy Court at a hearing to be held at **10:00 a.m. Eastern**

**Time on [DATE]** before the Honorable Robert D. Drain, United States Bankruptcy Judge, in the

Bankruptcy Court, Courtroom 610, One Bowling Green, New York, New York 10004-1408 (the

"Hearing") and demonstrate why Supplier should not be held in violation of the automatic stay

provisions of 11 U.S.C. § 362.

Dated:  New York, New York
      October __, 2005

                    SKADDEN, ARPS, SLATE, MEAGHER
                      & FLOM LLP

                    By: _____
                      John Wm. Butler, Jr.
                      John K. Lyons
                      Ron E. Meisler
                    333 West Wacker Drive, Suite 2100
                    Chicago, Illinois  60606
                    (312) 407-0700

                      - and -

                    By: _____
                      Kayalyn A. Marafioti (KM 9632)
                      Thomas J. Matz (TM 5986)
                    Four Times Square
                    New York, New York 10036
                    (212) 735-3000

                    Attorneys for Delphi Corporation, et al.,
                      Debtors and Debtors-in-Possession

3

Exhibit C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
              In re                                         :
                                                            :    Chapter 11
DELPHI CORPORATION, et al.,                                 :
                                                            :    Case No.  05 – 44481 (RDD)
                                   Debtors.                  :
                                                            :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

ORDER TO SHOW CAUSE

Upon the motion, dated October 8, 2005 (the "Motion"),[1] of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under

sections 105, 363, 1107, and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330,

as amended (the "Bankruptcy Code"), and Fed. R. Bankr. P. 6004 and 9019 authorizing the

continuation of the Debtors' prepetition vendor rescue program and the payment of prepetition

claims of financially-distressed sole source suppliers and vendors without enforceable contracts;

and upon the order of this Court, entered October ?, 2005 (the "Order"), granting the relief

requested in the Motion; and upon the Debtors' notice of waiver, dated ?, 2005, with respect to

**[NAME OF SUPPLIER]** ("Supplier"); and it appearing that proper and adequate notice of the

Debtors' request for entry of this Order to Show Cause (the "Show Cause Order") has been given

---

[1]      Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in
the Motion.

and that no other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

20.    The Debtors have complied with the procedures provided in paragraph 8 of

the Order in determining to waive the conditions for payment of a prepetition claim under the

Essential Supplier Claims Cap (as defined in the Motion) with respect to Supplier and

conditionally paying prepetition claims of Supplier in the amount of $_____ on **[DATE]**.

21.    Supplier is hereby ordered to show cause before this Court at a hearing to be

held at **10:00 a.m. Eastern Time on [DATE]** before the Honorable Robert D. Drain,, United

States Bankruptcy Judge, in the Bankruptcy Court, Courtroom 610, One Bowling Green, New

York, New York 10004-1408 (the "Hearing") why the Supplier should not be held in violation of

the automatic stay provisions of 11 U.S.C. § 362 for willfully threatening to withhold essential

goods from the Debtors under one or more contracts between the Debtors and Supplier, which

action was automatically stayed by the Debtors' filing of voluntary petitions in this Court for

reorganization relief under chapter 11 of the Bankruptcy Code.

22.    Service of this Order to Show Cause is to be made by service upon (a) the

Supplier, (b) the Office of the United States Trustee, (c) counsel for the official committee of

unsecured creditors appointed in these cases pursuant to section 1102 of the Bankruptcy Code,

(d) counsel for the agent under the Debtors' prepetition credit facility, and (e) counsel for the

agent under Debtors' proposed postpetition credit facility.  Notice served pursuant to the

preceding sentence shall be via first class mail, postage prepaid.  No further notice of the Hearing

or of the entry of this Order to Show Cause need be served by the Debtors.

2

      23.    This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

Dated:       New York, New York
               October __, 2005

_____
     UNITED STATES BANKRUPTCY JUDGE