BURR & FORMAN LLP
420 North 20th Street
Suite 3100
Birmingham, Alabama 35203
(205) 251-3000
Michael Leo Hall

Attorneys for Creditor
MERCEDES-BENZ U.S. INTERNATIONAL, INC.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-----------------------------------------------

### LIMITED OBJECTION OF MERCEDES-BENZ INTERNATIONAL, INC. TO DEBTORS' MOTION FOR AN ORDER AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING AND FOR RELATED RELIEF

Mercedes-Benz U.S. International, Inc. ("MBUSI"), by and through its undersigned counsel, herby objects (the "Limited Objection") to certain limited aspects of the motion of Delphi Corporation ("Delphi") and certain of its subsidiaries (the "Subsidiaries"),[1] as debtors and debtors in possession (collectively, the "Debtors"), for an order (i) authorizing the Debtors to

---

[1] In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources, LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Services Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc, Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

1405423

obtain secured post post-petition financing on a superpriority secured and priming basis, (ii) authorizing the use of cash collateral, (iii) granting adequate protection to pre-petition secured lenders, (iv) granting interim relief, and (v) scheduling a final hearing under Fed. R. Bankr. P. 4001(b) and (c).  In support of this Limited Objection, MBUSI relies on the record, the contemporaneously filed affidavit of Joachim Hofmann, and states the following:

## Background

1.      MBUSI is an Alabama Corporation, having its principal office and place of business at 1 Mercedes Drive, Vance, Alabama 35490 (the "Vance Plant").  MBUSI is a wholly owned subsidiary of Daimler Chrysler North America Holding, which is a wholly owned subsidiary of DaimlerChrysler AG, and is an original equipment manufacturer ("OEM") customer of the Debtors.  MBUSI purchases approximately three hundred million dollars worth of automotive systems, components, and/or parts (the "Products") from Delphi and its subsidiaries each year.

2.      MBUSI has executed contracts with Delphi and/or certain of its subsidiaries (the "Supply Agreements"), pursuant to which certain of the Debtors would develop and supply the Products directly to MBUSI.

3.      Prior to filing bankruptcy, Delphi and/or certain of its subsidiaries caused monetary damages to MBUSI, some of which out arose of breaches of the Supply Agreements. MBUSI's pre-petition contractual damages resulted from, among other things, the failure of certain of the Debtors to timely and fully procure the Products under the terms of the Supply Agreements.  A large component of MBUSI's damage claims arise from the Debtors' failure to ship parts on Friday, October 7, 2005.  As a result, MBUSI was forced to shut down its lines at the Vance Plant, resulting in significant damages to MBUSI.

1405423                                                   2

4.     Based on the breaches of the Supply Agreements and other pre-petition monetary damages caused MBUSI by certain of the Delphi and/or certain of its subsidiaries, MBUSI has pre-petition rights of setoff, and/or recoupment,[2] in respect of pre-petition payables, for which payment is not yet due.[3]

5.     On October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").  On the Petition Date, this Court entered an order directing the procedural consolidation and joint administration of the Debtors' Chapter 11 cases.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

6.     On the Petition Date, the Debtors also filed certain motions (the "First Day Motions"), seeking various forms of relief from this Court.  One of these motions sought an order (i) authorizing the Debtors to obtain secured post post-petition financing on a superpriority secured and priming basis, (ii) authorizing the use of cash collateral, (iii) granting adequate protection to pre-petition secured lenders, (iv) granting interim relief, and (v) scheduling a final hearing under Fed. R. Bankr. P. 4001(b) and (c) (the "DIP Financing Motion").

7.     On October 11, 2005, this Court conducted hearings on Debtors' First Day Motions and, on October 12, 2005, entered various orders (the "First Day Orders"), including an

---

[2] To the extent that the pre-petition payables of the Debtors and MBUSI's contract damages claims arise out of the same contract, MBUSI has the right of recoupment. Although many of the offsets held by MBUSI qualify as recoupment, and not just setoff, MBUSI has some claims that clearly constitute setoffs only. In addition, MBUSI does not waive the right to assert that said pre-petition obligations are not owed.

[3] Because payments are not yet due, there can be no contention that MBUSI is in violation of the automatic stay by withholding pre-petition payables at this time. In addition, where the requirements for setoff found in 11 U.S.C. § 553 are met, it does not constitute a violation of the automatic stay to place an administrative hold on funds subject to setoff, see Citizens Bank of Maryland v. Strumpf, 516 U.S. 16 (1995), and there is no requirement to turn over such funds under 11 U.S.C. § 542. Also, withholding funds for the purposes of recoupment is not a violation of the automatic stay. See In re Malinowski, 156 F.3d 131(2d Cir. 1998).

1405423                                              3

order (the "Interim DIP Financing Order") authorizing, on an interim basis, the relief sought in the DIP Financing Motion. The final hearing on the DIP Financing Motion is scheduled for October 27, 2005.

8.  Although MBUSI supports the Debtors' efforts to obtain debtor-in-possession financing, there are certain provisions in the Interim DIP Financing Order and the proposed financing agreement (the "DIP Credit Agreement"), which should not, and cannot, be approved by this Court. Specifically, MBUSI objects to those provisions of the proposed final DIP Financing Order and the DIP Credit Agreement which effect the rights of creditors holding secured setoff claims.

## LIMITED OBJECTION

9.  Paragraph 18 of the Interim DIP Financing Order provides that any person who has a valid, perfected, enforceable, and non-avoidable right to set off in respect of its pre-petition payables as of the Petition Date, such person shall be granted a replacement lien under section 361(2) of the Bankruptcy Code in all of the Debtors' right, title, and interest in, to and under the Collateral securing the Debtors' Obligations under the DIP Credit Agreement, subject and subordinate (i) to the Carve Out, (ii) to any liens and security interests granted hereunder or under any DIP Document to or for the benefit of the Agent and the DIP Lenders and (iii) to the Adequate Protection Liens granted to the Pre-Petition Agent and the Pre-Petition Secured Lenders (the "Anti-Setoff Provision"). MBUSI objects to this provision for the following reasons:

**A.   The Adequate Protection Offered to Creditors Secured by Setoff Rights Is Illusory.**

10. Pursuant to section 506(a) of the Bankruptcy Code, a claim of a creditor "that is subject to setoff under section 553 of the Bankruptcy Code is a secured claim…to the extent of the amount subject to set off." 11 U.S.C. § 506.

1405423                                                4

11. 11 U.S.C. § 553 provides:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that--

(1) the claim of such creditor against the debtor is disallowed;

(2) such claim was transferred, by an entity other than the debtor, to such creditor--

(A) after the commencement of the case; or

(B)(i) after 90 days before the date of the filing of the petition; and

(ii) while the debtor was insolvent (except for a setoff of a kind described in section 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 555, 556, 559, 560, or 561); or

(3) the debt owed to the debtor by such creditor was incurred by such creditor--

(A) after 90 days before the date of the filing of the petition;

(B) while the debtor was insolvent; and

(C) for the purpose of obtaining a right of setoff against the debtor (except for a setoff of a kind described in section 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 555, 556, 559, 560, or 561).

12. In the instant case, the claims of MBUSI satisfy the requirements of section 553—the pre-petition payables of the Debtor and the damage claims of MBUSI constitute mutual obligations arising pre-petition; the claims of MBUSI have not been disallowed; the claims were not transferred to MBUSI; and the claims of MBUSI were not incurred for the purpose of obtaining setoff rights against the Debtor, but resulted from pre-petition contractual breaches by certain of the Debtors. As such, MBUSI has a secured setoff claim, entitled to priority.

13. Because the Debtors' claims satisfy the definition of setoff, MBUSI's rights to withhold payment based on its setoff rights are being eliminated by the Anti-Setoff Provision of

the DIP Credit Agreement.[4] Therefore, MBUSI objects to the Setoff Provision of the DIP Financing Order to the extent that it does not adequately protect MBUSI's secured rights of setoff.

14. Section 364(d) of the Bankruptcy Code requires adequate protection of a creditor's secured claim in the event that said claim is to be subordinated to the claim of a creditor providing post-petition financing. 11 U.S.C. § 364(d).

15. The Debtors bear the burden of demonstrating that all of the requirements under Section 364(d) have been met. *See, e.g.*, In re Mosello, 195 B.R. 277, 287 (Bankr. S.D.N.Y. 1996).

16. "The purpose of adequate protection for a creditor is to insure that the creditor receives the value for which he bargained prebankruptcy[, and t]he goal of adequate protection is to safeguard the secured creditor from diminution in the value of its interest during the Chapter 11 reorganization." Mossello, 195 B.R. at 288. (citations omitted).

17. Adequate protection required under Section 364(d) of the Bankruptcy Code may be provided by (1) requiring a cash payment or periodic cash payments to the extent that any grant of a lien under Section 364 results in a decrease in the value of the property securing the secured creditor's interest; (2) providing to the secured creditor an additional or replacement lien to the extent that such a grant results in a decrease in the value of such entity's interests in such property; or (3) granting such other relief, other than entitling the secured creditor to compensation allowable under Section 503(b)(1) as an administrative expense, as will result in

---

[4] To the extent that said claims may be recouped against monies owed the Debtors, MBUSI maintains that the Setoff Provision would not eliminate any right of recoupment. However, if the Anti-Setoff Provision is meant to apply to recoupment, then MBUSI objects to that as well.

the realization of the indubitable equivalent in the secured creditor's interest in such property. 11 U.S.C. § 361.

18.     The proposed order eliminates MBUSI's setoff rights against the pre-petition payables and replaces it with a fourth priority lien in all of the Collateral, which Collateral includes pre-petition receivables of the Debtors. The holders of this third priority lien are the pre-petition lenders of the Debtors (the "Pre-Petition Secured Lenders"). The Pre-Petition Secured Lenders will need the benefit of the Anti-Setoff Provision only if they consume the other Collateral in full and still have a deficiency. This deficiency would be collected by taking advantage of the Anti-Setoff Provision. The only supposed adequate protection given to MBUSI for the loss of its setoff rights is a fourth priority position in the Collateral. However, this fourth position in the Collateral necessarily is worthless because it comes into play only when the Pre-Petition Secured Lenders have already consumed this Collateral in full.

19.     The purported offer of adequate protection to MBUSI and other creditors secured by setoff rights is illusory. It necessarily offers these creditors no value.

20.     Ultimately, there is no evidence that these liens are sufficient to protect the interests of a fully, or even partially, secured setoff creditor. As such, granting a fourth priority, "junior" lien is not sufficient to protect a creditor, who would otherwise hold an enforceable setoff claim against the Debtors, from diminution of its secured claim. Because MBUSI has no other collateral to secure its pre-petition claims, its secured setoff claims are not adequately protected, and, therefore, the Anti-Setoff Provision does not satisfy the requirements of section 364.

**B.    The Proposed Anti-Setoff Provision is Prohibited by §553 of the Bankruptcy Code**

21.     The Bankruptcy Code also bars the Anti-Setoff Provision on a separate and independent basis.

22. Section 553(a) of the Code quoted above provides that the Bankruptcy Code does not affect the right of setoff except in certain limited circumstances, as set forth in §§ 553, 362, and 363. Those limited exceptions to the "does not affect any right of a creditor to offset a mutual debt" provision of § 553 do not encompass or allow for the Anti-Setoff Provision sought by the DIP Lenders. Thus, the Anti-Setoff Provision constitutes an impermissible attempt by the post-petition lenders (the "DIP Lenders") to "affect" creditors' protected rights to offset mutual debts.

23. MBUSI has not found any authority that permits the DIP Lenders to eliminate or subordinate the rights of creditors secured by setoff rights.

24. MBUSI submits that the plain language of the Code prohibits the inclusion of the Anti-Setoff Provision in any financing agreement or order.

### Conclusion

25. MBUSI respectfully requests that the DIP Financing Order be entered, with the objectionable provisions deleted, or amended to allow enforcement by MBUSI of any secured, pre-petition setoff claim which it may shown to have.

26. In the alternative, MBUSI requests adequate protection for the loss of its setoff rights.

Dated: Birmingham, Alabama
       October 20, 2005

                                                          BURR & FORMAN LLP

                                                          By:/s/ Michael Leo Hall
                                                              Michael Leo Hall (pro hac vice
                                                              motion pending)
                                                              Shannon Elizabeth Hoff (pro hac
                                                              vice motion pending)

1405423                                    8

420 North 20th Street  
Suite 3100  
Birmingham, Alabama 35203  
(205) 251-3000  

Attorneys for Creditor  
MERCEDES-BENZ U.S. INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

  I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing and by fax or email on the below listed parties before 4:00 p.m. Eastern on this the 20th day of October, 2005:

John Wm. Butler, Jr., Esq.
Attorney for the Debtors
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Chicago, Illinois 60606
fax: (312) 407-0411
jbutler@skadden.com

Douglas P. Bartner, Esq.
Attorney for the Debtors
Shearman & Sterling LLP
599 Lexington Avenue
New York, New York 10022
fax: (212) 848-7179
dbartner@shearman.com

Donald S. Bernstein, Esq.
Attorney for the Agent and the Joint Lead Arrangers
Davis, Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
fax: (212) 450-3800
donald.bernstein@dpw.com

Kenneth S. Ziman, Esq.
Robert H. Trust, Esq.
Attorneys for the Pre-Petition Agent
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017
fax: (212) 455-2502
kziman@stblaw.com
rtrust@stblaw.com

Office of the United States Trustee for the
Southern District of New York
Attn: Alicia M. Leonhard, Esq.
33 Whitehall Street
New York, NY 10004
fax: (212) 668-2255

/s/ Michael Leo Hall
OF COUNSEL