BOULT, CUMMINGS, CONNERS, & BERRY, PLC
1600 Division Street, Suite 700
Nashville, Tennessee 37203
(615) 252-2323
Roger G. Jones (*pro hac vice* motion pending)
Austin L. McMullen (admitted *pro hac vice*)

Attorneys for Calsonic Kansei North America, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                              :
   In re                                    :    Chapter 11
                                              :
DELPHI CORPORATION, et al.                    :    Case No. 05-44481 (RDD)
                                              :
               Debtors.                :    (Jointly Administered)
                                              :
---------------------------------------------------------------x

### LIMITED OBJECTION BY CALSONIC KANSEI NORTH AMERICA, INC. TO FINANCING MOTION AND INTERIM DIP FINANCING ORDER

Comes now Calsonic Kansei North America, Inc. ("Calsonic"), by and through counsel, and hereby files this limited objection to the Financing Motion dated October 8, 2005, filed by debtors Delphi Corporation, *et al.* (collectively, "Debtors") and the Interim DIP Financing Order dated October 12, 2005. Calsonic objects to the Financing Motion and the Interim DIP Financing Order because they improperly attempt to impair Calsonic's pre-petition setoff rights.

**Background**

1.    Debtors filed their voluntary bankruptcy petitions on October 8, 2005. Debtors continue to operate their business and manage their affairs as debtors in possession pursuant to Chapter 11 of the Bankruptcy Code.

2.    Calsonic is a supplier and a customer of Debtors. As of the petition date, Debtors were indebted to Calsonic and Calsonic was indebted to Debtors. Pursuant to applicable non-

bankruptcy law and 11 U.S.C. § 553, Calsonic is entitled to exercise its rights of setoff in connection with the mutual debts owing between the parties.

3. On October 8, 2005, Debtors filed a "Financing Motion" requesting approval of an interim and a final DIP financing order. On October 12, 2005, this Court entered the Interim DIP Financing Order.

4. The Financing Motion and the Interim DIP Financing Order subordinate Calsonic's pre-petition setoff rights to the following: (1) the "Carve Out;" (2) any liens and security interests granted in the Interim DIP Financing Order or under any DIP Document to or for the benefit of the Agent and the DIP Lenders; and (3) the Adequate Protection Liens granted to the Pre-Petition Agent and the Pre-Petition Lenders. Paragraph 18 of the Interim DIP Financing Order provides as follows:

> 18. *Junior Adequate Protection Liens.* To the extent any person has a valid, perfected, enforceable, and non-avoidable right to set off in respect of its pre-petition payables as of the Petition Date, such person shall be granted a replacement lien (a "Junior Adequate Protection Lien") under section 36 1(2) of the Bankruptcy Code in all of the Debtors' right, title, and interest in, to and under the Collateral securing the Debtors' Obligations under the DIP Credit Agreement, subject and subordinate (i) to the Carve Out, (ii) to any liens and security interests granted hereunder or under any DIP Document to or for the benefit of the Agent and the DIP Lenders and (iii) to the Adequate Protection Liens granted to the Pre-Petition Agent and the Pre-Petition Secured Lenders. Prior to the entry of the Final Order, nothing contained in this Order shall affect the rights of such person to request further or different adequate protection under section 361 of the Bankruptcy Code; provided, however, that the Debtors or any other party may contest any such request, including the continuation of the adequate protection liens granted hereby to such person.

*(See* Interim DIP Financing Order at ¶ 18.)

5.    Calsonic objects to the Financing Motion and the Interim DIP Financing Order because they impermissibly impair Calsonic's pre-petition setoff rights.

**Argument**

6.    As of the petition date, Calsonic's setoff rights were superior to the claims of the pre-petition secured lenders and other parties.  Section 553 of the Bankruptcy Code expressly provides that, with certain exceptions not applicable here, "this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case."  While 11 U.S.C § 364(d) provides for the granting senior liens on property of the estate, it does not provide for the impairment of pre-petition setoff rights that are expressly preserved under Section 553.

7.    Even if Section 364 permits the impairment of Calsonic's pre-petition setoff rights, Debtors must prove that Calsonic's interest are adequately protected.  11 U.S.C. § 364(d)(l)(B).  Debtors bear the burden of proof on that issue.  11 U.S.C. § 364(d)(2).  Debtors cannot meet their burden of proving that Calsonic is adequately protected.  Therefore, Debtors' attempt to impair Calsonic's pre-petition setoff rights must be denied.

WHEREFORE, Calsonic prays that this Court deny the Financing Motion to the extent it seeks to impair or subordinate Calsonic's pre-petition setoff rights and that the Court grant Calsonic such other and further relief as may be just and proper.

Dated: October 20, 2005.

                        BOULT, CUMMINGS, CONNERS & BERRY, PLC

                        By:  /s/ Austin L. McMullen
                               Roger G. Jones (*pro hac vice* motion pending)
                               Austin L. McMullen (admitted *pro hac vice*)
                               1600 Division Street, Suite 700
                               Nashville, TN  37203
                               Ph:    (615) 252-2323
                               Fax:   (615) 252-6323
                               rjones@bccb.com, amcmulle@bccb.com

                        *Attorneys for Calsonic Kansei North America, Inc.*