Jay Selanders  (JS2483)
DANIELS & KAPLAN, P.C.
2405 Grand Boulevard
Suite 900
Kansas City, MO 64108
816-221-3000

Attorneys for DaimlerChrysler Motors Company
 and affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

DELPHI CORPORATION, et al.,

                              Debtors.

In re: Case No. 05-44481-RDD
Chapter 11
(Jointly Administered)

---------------------------------------------------------------X

**LIMITED OBJECTION OF DAIMLERCHRYSLER CORPORATION
TO INTERIM DIP FINANCING ORDER**

     DaimlerChrysler Corporation, on behalf of itself, DaimlerChrysler Motors Company, LLC, and DaimlerChrysler Canada Inc. (collectively for purposes of this Objection "DaimlerChrysler"), objects to certain terms of the Interim DIP Financing Order entered by the Court on October 12, 2005, and states as follows:

**Jurisdiction**

     1.    The Court has jurisdiction to consider the matter pursuant to 28 U.S.C §1334. this is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

**Background**

     2.    On October 8, 2005 the Debtors filed a motion seeking to obtain secured post-petition financing on superpriority basis, authorization to use cash collateral, and

granting adequate protection to pre-petition secured lenders (the "Motion"). On the same day, the Court entered a Cash Collateral Bridge Order allowing the use of cash collateral and granting certain replacement liens.

3. On October 12, 2005, the Court entered the Interim DIP Financing Order

4. This objection is made by DaimlerChrysler, an Original Equipment Manufacturer customer of the Debtors. DaimlerChrysler purchases approximately $185 Million Dollars worth of systems, components, and parts from the Debtors each year.

5. Pursuant to applicable non-bankruptcy law and well as section 553 of the Bankruptcy Code, DaimlerChrysler is entitled to exercise any rights of setoff and recoupment it may have with respect to mutual debts owing between the parties.

**Objection**

6. The Interim DIP Financing Order sets forth in paragraph 19 the establishment of certain Junior Adequate Protection Liens. Presumably, these liens apply only to those persons who have a "perfected, enforceable, and non-avoidable right to set off in respect to pre-petition payables as of the Petition Date." This provision subordinates DaimlerChrysler's secured setoff rights to the Carve Out and to all other lien rights, effectively taking away DaimlerChrylser's pre-petition setoff rights without otherwise offering adequate protection to DaimlerChrysler.

7. The Junior Adequate Protection Liens were apparently added to the Interim DIP Financing Order after the Motion was filed as neither the Motion, form of Proposed Interim DIP Financing Order, the Cash Collateral Bridge Order, nor the Loan Documents mention or refer to such liens.

8. Section 506(a) of the Bankruptcy Code states that a claim of a creditor "that is subject to setoff under section 553 of the Bankruptcy Code is a secured claim…to the extent of the amount of setoff." 11 U.S.C. §506.

9.      Section 364(d)(1)(b) of the Bankruptcy Code allows subordination of liens in connection with post-petition financing <u>only</u> if the lienholder receives adequate protection. Subordination of a secured right of setoff, which as provided by Section 9-404(a)(2) of the Uniform Commercial Code is superior to the claims of pre-petition secured lenders, and granting an inferior security position for the same, does not constitute adequate protection.

10.     The Debtors recently litigated their right to setoff against a secured lender in *In Re U.S. Aeroteam, Inc.; U.S. Aeroteam, Inc. v Delphi Automotive Systems, LLC*, 2005 Bankr. LEXIS 1900 (Bankr. S.D. Ohio 2005), and the court found (at [*46]), that Delphi's setoff rights prevailed over the secured creditor's security interest in the debtor's accounts receivable.

11.     Further, the Debtors recognize the importance of a customer's rights, and have specifically asked that such rights be maintained as evidenced by their Motion to Honor Pre-Petition Obligations to Customers filed herein on October 8, 2005, wherein they state at paragraph 19 thereof: "…In particular, the Debtors' goodwill and ongoing business relationships may suffer if their customers perceive that the Debtors are unable or unwilling to fulfill their prepetition promises…".

12.     The Interim DIP Financing Order essentially eliminates any right of setoff DaimlerChrysler might have and replaces it with a fourth priority lien on the Collateral.  This position only has value, and thus only provides DaimlerChrysler and any similarly situated creditors, with adequate protection, after the satisfaction—<u>in full</u>—of all of the Debtors' secured creditors.  There is no evidence that any such value exists.  DaimlerChrysler's secured setoff rights are not adequately protected and the requirements of section 364 are not met.

13.     The Bankruptcy Code, as set forth in section 553, does not (except as provided in sections 362 and 363-which are not applicable here), affect a creditor's offset

3

rights, and there is no stated reason or requirement for the Interim DIP Financing Order to do so.

14.     DaimlerChrysler objects to any provision in an order allowing DIP financing that would subordinate, eliminate, or impair its pre-petition setoff rights, and it reserves any and all rights it may have to such setoffs or recoupments.

## **Conclusion**

DaimlerChrysler objects to Interim DIP Financing Order and any other financing order that impairs or subordinates its setoff rights.  DaimlerChrysler respectfully requests that the Court delete such provisions from its final order, or amend such order to provide for the enforcement of any secured, pre-petition setoff claim which it may have, and that the Court grant such other and further relief as may be just and proper.

Dated:  October 20, 2005                              Respectfully submitted,

                                                  DANIELS & KAPLAN, P.C.


                                                    /s/ Jay Selanders
Jay Selanders   (JS 2483)
2405 Grand Boulevard, Suite 900
Kansas City, Missouri 64108-2519
(816) 221-3000
(816) 221-3006 FAX

ATTORNEYS FOR
DAIMLERCHRYSLER CORPORATION,
DAIMLERCHRYSLER MOTORS
COMPANY, LLC AND
DAIMLERCHRYSLER CANADA INC.

4