BARNES & THORNBURG LLP
Attorneys for Gibbs Die Casting Corporation
11 S. Meridian Street
Indianapolis, IN 46204
Telephone (317) 236-1313
Facsimile (317) 231-7433
Michael K. McCrory (MKM 1287) *pro hac vice*
michael.mccrory@btlaw.com
Wendy D. Brewer (WDB 1158) *pro hac vice*
wendy.brewer@btlaw.com

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 Case |
|  | ) |  |
| DELPHI CORPORATION, *et al.* | ) | No. 05-44481 |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**LIMITED OBJECTION OF GIBBS DIE CASTING CORPORATION
TO MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 361, 362, 363, 364(c), 364(d), AND
364(e) AND FED. R. BANKR. P. 2002, 4001, AND 9014 (I)
AUTHORIZING DEBTORS TO OBTAIN SECURED POSTPETITION FINANCING ON
SUPERPRIORITY SECURED AND PRIMING BASIS, (II) AUTHORIZING USE OF
CASH COLLATERAL, (III) GRANTING ADEQUATE PROTECTION TO
PREPETITION SECURED LENDERS, (IV) GRANTING INTERIM RELIEF, AND
(V) SCHEDULING A FINAL HEARING UNDER FED. R. BANKR. P. 4001(b) AND (c),
AND REQUEST FOR ADEQUATE PROTECTION OF PRE-PETITION SETOFF AND
STATUTORY LIEN RIGHTS**

Gibbs Die Casting Corporation ("Gibbs")[1] hereby files this objection (the "Objection") to

the Motion for Order Under 11 U.S.C. 105, 361, 362, 363, 364(c), 364(d), and 364(e) and Fed.

R. Bankr. P. 2002, 4001, and 9014 (i) Authorizing Debtors to Obtain Secured Postpetition

Financing on Superpriority Secured and Priming Basis, (ii) Authorizing Use of Cash Collateral,

(iii) Granting Adequate Protection to Prepetition Secured Lenders, (iv) Granting Interim Relief,

---

[1] All terms not herein defined shall have the meanings ascribed to them in the Postpetition Financing Motion and Interim Order.

and (v) Scheduling a Final Hearing Under Fed. R. Bankr. P. 4001(b) and (c) (the "Postpetition Financing Motion"), filed by Delphi Corporation, *et al.* (the "Debtors"). In support of the Objection, Gibbs states as follows:

## BACKGROUND

1. Prior to the Petition Date (as defined below), Gibbs and the Debtors engaged in business for the sale of various goods and supplies.

2. On October 8, 2005 (the "Petition Date"), the Debtors filed a voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. In addition to numerous other "first-day" pleadings, the Debtors filed their Postpetition Financing Motion on the Petition Date. On October, 12, 2005, this Court entered an order granting the relief requested in the Postpetition Financing Motion on an interim basis (the "Interim Order"). The Interim Order set October 20, 2005 at 4:00 p.m. as the deadline for parties in interest to file objections to the relief requested in the Postpetition Financing Motion. The Interim Order also scheduled a final hearing on the Postpetition Financing Motion for October 27, 2005.

4. According to section 553 of the Bankruptcy Code and applicable non-bankruptcy law, Gibbs may be entitled to exercise certain rights of setoff (and/or recoupment) in connection with potential mutual debts owed by the Debtors to Gibbs and vice versa. To the extent that Gibbs determines it is entitled to assert rights of setoff against the Debtors, the Postpetition Financing Motion and the Interim Order have the effect of impairing the rights of Gibbs to exercise its rights of setoff. In particular, Gibbs objects to Paragraph 18 of the Interim Order because any setoff rights of Gibbs, to the extent it has such rights, would be subordinated to (i) the Carve Out, (ii) any liens and security interests granted by the Interim Order for the benefit of

the Agent and post-petition lenders, and (iii) the Adequate Protection Liens granted to the Pre-Petition Agent and the prepetition lenders. (*See* Interim Order at ¶ 18.) To the extent that Gibbs' potential rights of setoff may be affected, Gibbs would not be receiving adequate protection in exchange for the subordination of its setoff rights. Therefore, the Postpetition Financing Motion and Interim Order should be modified to provide adequate protection to Gibbs in the form of a superior replacement lien should Gibbs seek to assert its potential rights of setoff.

## OBJECTION

5. Gibbs objects to the Postpetition Financing Motion and Interim Order because the effect will be to impair any potential rights of setoff that Gibbs may have against the Debtors by subordinating such rights to the three (3) categories of liens identified in Paragraph 18 of the Interim Order. Any subordination of Gibbs' potential setoff rights should be contingent on the Debtors providing adequate protection to Gibbs.

6. As of the Petition Date, any setoff rights held by Gibbs would be considered superior to the claims of the prepetition secured lenders and other parties holding prepetition security interests. It is generally recognized that section 9-404 of the Uniform Commercial Code provides that a secured party's rights in collateral are subject and subordinate to any setoff defense, so long as the setoff claim arose prior to the account debtor receives notification of the assignment. *See* UCC § 9-404(a)(2); *see also U.S. Aeroteam, Inc. v. Delphi Automotive Systems, LLC*, 327 B.R. 852, 871 (Bankr. S.D. Ohio 2005).

7. According to section 364(d) of the Bankruptcy Code, a party's liens may not be subordinated in connection with the extension of post-petition credit unless such party receives adequate protection. 11 U.S.C. § 364(d)(1)(B). In light of the fact that the Debtors bear the

3

burden of proof with respect to adequate protection under section 364(d), the Debtors have not demonstrated that any potential setoff rights would be adequately protected. Rather, Paragraph 18 of the Interim Order would grant to Gibbs a Junior Adequate Protection Lien, which lien would be subordinate to (i) the Carve Out, (ii) any liens and security interests granted by the Interim Order for the benefit of the Agent and post-petition lenders, and (iii) the Adequate Protection Liens granted to the Pre-Petition Agent and the prepetition lenders. (Interim Order at ¶ 18.)

8.  To the extent that Gibbs determines it has rights of setoff, Paragraph 18 of the Interim Order would be prejudicial to such rights, as the Debtors have not provided adequate protection of Gibbs' setoff rights. Therefore, relief requested in the Postpetition Financing Motion should either be denied or modified to provide an appropriate form of adequate protection to parties possessing valid rights of setoff against the Debtors, such as Gibbs.

9.  Finally, Paragraph 7(b) and (c) of the Interim Order purport to preserve statutory liens such as those addressed under section 546(b) of the Bankruptcy Code, including liens on tools and molds, and leave them unaffected. However, to the extent that the Postpetition Financing Motion and Interim Order in any way attempt to subordinate or otherwise modify the rights of lienholders with liens arising by operation of law, including special tooling and mold liens, Gibbs objects to such subordination or modification and specifically requests adequate protection of Gibbs' interest in such tooling and molds.

WHEREFORE, Gibbs respectfully requests that this Court enter an Order (i) denying the relief requested in the Postpetition Financing Motion and Interim Order on a final basis or, in the alternative, modifying the terms of the Postpetition Financing Motions and Interim Order to provide appropriate adequate protection of Gibbs' right of setoff, and statutory lien interests; and (ii) granting such other and further relief as the Court may deem appropriate under the circumstances.

Dated: October 20, 2005

BARNES & THORNBURG LLP
Counsel to Gibbs Die Casting Corporation

By:   /s/ Michael K. McCrory
Michael K. McCrory, *pro hac vice*
Wendy D. Brewer, *pro hac vice*
11 S. Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
Email: michael.mccrory@btlaw.com and wendy.brewer@btlaw.com