BOSE MCKINNEY & EVANS LLP
135 North Pennsylvania Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 684-5296
Facsimile:  (317) 223-0296
Jeannette Eisan Hinshaw, Esq.  (Indiana Bar 8238-49A)
Counsel for LORENTSON MANUFACTURING COMPANY, INC.


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DELPHI CORPORATION, | ) | Case No. 05-44481 |
| | ) | |
| Debtor. | ) | |


**LIMITED OBJECTION BY LORENTSON MANUFACTURING COMPANY, INC.
TO FINANCING MOTION AND INTERIM DIP FINANCING ORDER,
AND REQUEST BY LORENTSON FOR ADEQUATE
PROTECTION FOR PRE-PETITION SETOFF RIGHTS**

LORENTSON MANUFACTURING COMPANY, INC. ("Lorentson"), hereby files this limited objection to the Financing Motion dated October 8, 2005 filed by debtors Delphi Corporation, *et al* (collectively, "Debtors") and the Interim DIP Financing Order dated October 12, 2005. Lorentson objects to the Financing Motion and the Interim DIP Financing Order because they improperly attempt to subordinate pre-petition setoff rights. In addition, Lorentson requests that it be granted a superior replacement lien as adequate protection for its pre-petition setoff rights.


**Background**

1.    Debtors filed their voluntary bankruptcy petitions on October 8, 2005. Debtors continue to operate their business and manage their affairs as debtors in possession pursuant to Chapter 11 of the Bankruptcy Code.

1

2.      Lorentson is a supplier to and customer of Debtors. As of the petition date, Debtors owed Lorentson an amount that is yet to be determined on account, and Lorentson owed Debtors an amount that is yet to be determined on account.

3.      Pursuant to applicable non-bankruptcy law as well as Section 553 of the Bankruptcy Code, Lorentson is entitled to exercise its rights of setoff and recoupment in connection with the mutual debt owing between the parties.

4.      On October 8, 2005, Debtors filed a "Financing Motion" requesting that this Court approve an interim and a final DIP financing order. On October 12, 2005, this Court entered the Interim DIP Financing Order.

5.      Lorentson objects to the Financing Motion and the Interim DIP Financing Order because they attempt to impair pre-petition setoff rights,[1] including those of Lorentson. More specifically, Paragraph 18 of the Interim DIP Financing Order seeks to impair pre-petition setoff rights by making them subordinate to the following: (1) the "Carve Out;" (2) any liens and security interests granted in the Interim DIP Financing Order or under any DIP Document to or for the benefit of the Agent and the DIP Lenders; and (3) the Adequate Protection Liens granted to the Pre-Petition Agent and the Pre-Petition Lenders. Paragraph 18 provides in its entirety as follows:

> 18. *Junior Adequate Protection Liens.* To the extent any person has a valid, perfected, enforceable, and non-avoidable right to set off in respect of its pre-petition payables as of the Petition Date, such person shall be granted a replacement lien (a "Junior Adequate Protection Lien") under section 361(2) of the Bankruptcy Code in all of the Debtors' right, title, and interest in, to and under the Collateral securing the Debtors' Obligations under the DIP Credit Agreement, subject and subordinate (i) to the Carve Out, (ii) to any liens and security interests granted hereunder or under any DIP Document to or for the benefit of the Agent and the DIP Lenders and (iii) to the Adequate Protection Liens granted

---

[1] ' The Financing Motion and Paragraph 18 of the Interim DIP Financing Order only address setoff rights and not recoupment rights. Lorentson's recoupment rights therefore are unaffected by the Interim DIP Financing Order and they would not be affected by any final order approving the Financing Motion.

2

>to the Pre-Petition Agent and the Pre-Petition Secured Lenders. Prior to the entry of the Final Order, nothing contained in this Order shall affect the rights of such person to request further or different adequate protection under section 361 of the Bankruptcy Code; provided, however, that the Debtors or any other party may contest any such request, including the continuation of the adequate protection liens granted hereby to such person.

*(See* Interim DIP Financing Order at ¶ 18.)

6. As explained below, Lorentson objects to the provisions of the Financing Motion and Paragraph 18 of the Interim DIP Financing Order insofar as they address pre-petition setoff rights because Lorentson lacks adequate protection due to the proposed subordination of its setoff rights. Further, Lorentson seeks adequate protection for its setoff rights as authorized by Paragraph 18 of the Interim DIP Financing Order in the form of a superior replacement lien on Debtors' right to recover pre-petition amounts actually or allegedly owing from Lorentson to Debtors.

## Argument

A. **The Interim DIP Financing Order Improperly Subordinates Pre-Petition Setoff Rights Without Providing Adequate Protection to Lorentson.**

7. Lorentson objects to the Financing Motion and the Interim DIP Financing Order because they attempt to impair pre-petition setoff rights by making those rights subordinate to three other categories of liens and claims. Debtors cannot subordinate those setoff rights because they have not provided adequate protection to Lorentson.

8. As of the petition date, Lorentson's setoff rights were superior to the claims of the pre-petition secured lenders and other parties. Section 9-404(a)(2) of the Uniform Commercial Code generally provides that a secured party's rights in collateral are subject and subordinate to any setoff defense, such as Lorentson's setoff rights, so long as the setoff claim arose prior to the time the account debtor received a notification of the assignment

3

authenticated by the assignor or assignee. Lorentson did not receive any such authenticated notification and therefore its setoff rights have priority over prior perfected security interests. Indeed, debtor Delphi Automotive Systems, LLC has recently litigated this issue and it agrees that pre-petition setoff rights take priority over prior perfected security interests. *See In re US. Aeroteam, Inc. (U.S. Aeroteam, Inc. v. Delphi Automotive Systems, LLC),* 327 B.R. 852, 871 (Bankr. S.D. Ohio 2005) ("Furthermore, Delphi's setoff rights prevail over Provident Bank's security interest and [debtor's] accounts receivable.")

9. Section 364 of the Bankruptcy Code prohibits subordination of liens in connection with obtaining post-petition credit unless adequate protection is given to the lienholder. 11 U.S.C. § 364(d)(1)(B). Debtors bear the burden of proof on that issue. 11 U.S.C. § 364(d)(2). Debtors cannot meet their burden of proof in this instance because Lorentson is not being provided with adequate protection. As explained above, Lorentson currently has pre-petition setoff rights that are superior to the interests of all other third parties. That changes dramatically, however, under Paragraph 18 of the Interim DIP Financing Order. That paragraph grants holders of setoff rights a "Junior Adequate Protection Lien," but that lien would not provide Lorentson with adequate protection because it would subject and subordinate Lorentson's setoff rights to three other liens or claims: (a) the Carve Out; (2) any liens and security interests granted in the Interim DIP Financing Order or under any DIP Document to or for the benefit of the Agent and the DIP Lenders; and (3) the Adequate Protection Liens granted to the Pre-Petition Agent and the Pre-Petition Lenders.

10. Consequently, Paragraph 18 of the Interim DIP Financing Order impairs Lorentson's existing setoff rights by subordinating them to three other categories of liens or claims. Debtors cannot satisfy their burden of showing that Lorentson has been provided with adequate protection, and therefore Debtors' attempt to subordinate setoff rights must be denied.

      **B.**      **Lorentson Requests That It Be Granted Adequate Protection Consisting of a Superior Lien on Debtors' Right to Recover Pre-Petition Amounts Actually or Allegedly Owing from Lorentson to the Debtors.**

      11.      As explained above, any impairment or subordination of setoff rights is improper and should not be allowed. As authorized by Paragraph 18 of the Interim DIP Financing Order,[2] Lorentson hereby requests adequate protection for its pre-petition setoff and recoupment rights. Lorentson currently maintains a superior lien on Debtors' right to recover pre-petition amounts actually or allegedly owing from Lorentson to Debtor, and Lorentson requests adequate protection in the form of a superior replacement lien on that same collateral. That is simply maintaining the status quo and Lorentson is entitled to that relief as adequate protection under Section 364(d) of the Bankruptcy Code.

      12.      For the reasons set forth above, Lorentson objects to the Financing Motion, the Interim DIP Financing Motion and any proposed final DIP financing order that will subordinate or otherwise impair Lorentson's pre-petition setoff rights. In addition, Lorentson requests that it be granted adequate protection for its pre-petition setoff and recoupment rights in the form of the Court granting a superior replacement lien on Debtors' right to recover pre-petition amounts actually or allegedly owing from Lorentson to Debtors.

WHEREFORE, Lorentson objects to the Financing Motion, the Interim DIP Financing Order and any proposed final DIP financing order to the extent they impair or subordinate the setoff rights of Lorentson. In addition, Lorentson requests that the Court grant Lorentson adequate protection in the form of a superior replacement lien on Debtors' rights to recover pre-petition amounts actually or allegedly owing from Lorentson to Debtors (whether liquidated or unliquidated, fixed or contingent, disputed or undisputed) and that the Court

---

[2] Paragraph 18 of the Interim DIP Financing Order states that "nothing contained in this Order shall affect the rights of [any holder of setoff rights] to request further or different adequate protection under section 361 of the Bankruptcy Code ...."

grant Lorentson such other and further relief as may be just and proper.

|  |  |
|---|---|
| Dated: October 20, 2005 | BOSE McKINNEY & EVANS LLP |
|  | By: s/ Jeannette Eisan Hinshaw<br>(Admitted *Pro Hac Vice)*<br>Bose McKinney & Evans LLP<br>135 N. Pennsylvania Street,<br>Suite 2700<br>Indianapolis, IN  4204<br>Ph:  (317) 684-5296<br>Fax:  (317) 223-0296 |
|  | Attorneys for LORENTSON MANUFACTURING COMPANY, INC. |

657590