BARNES & THORNBURG LLP
Attorneys for Autocam Corporation
300 Ottawa Avenue, NW, Suite 500
Grand Rapids, Michigan  49503
Telephone: (616) 742-3930
Facsimile: (616) 742-3999

John T. Gregg, Esq.
Telephone:  (616) 742-3930
Email:  john.gregg@btlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 Case |
| DELPHI CORPORATION, *et al*. | ) | No. 05-44481 |
| Debtors. | ) | (Jointly Administered) |

**LIMITED OBJECTION OF AUTOCAM CORPORATION TO MOTION
FOR ORDER UNDER 11 U.S.C. §§ 105, 361, 362, 363, 364(c), 364(d), AND 364(e)
AND FED. R. BANKR. P. 2002, 4001, AND 9014 (I) AUTHORIZING DEBTORS
TO OBTAIN SECURED POSTPETITION FINANCING ON SUPERPRIORITY
SECURED AND PRIMING BASIS, (II) AUTHORIZING USE OF CASH
COLLATERAL, (III) GRANTING ADEQUATE PROTECTION TO PREPETITION
SECURED LENDERS, (IV) GRANTING INTERIM RELIEF, AND (V) SCHEDULING A
FINAL HEARING UNDER FED. R. BANKR. P. 4001(b) AND (c)**

Autocam Corporation ("Autocam")[1] hereby files this objection (the "Objection") to the Motion for Order Under 11 U.S.C. 105, 361, 362, 363, 364(c), 364(d), and 364(e) and Fed. R. Bankr. P. 2002, 4001, and 9014 (i) Authorizing Debtors to Obtain Secured Postpetition Financing on Superpriority Secured and Priming Basis, (ii) Authorizing Use of Cash Collateral, (iii) Granting Adequate Protection to Prepetition Secured Lenders, (iv) Granting Interim Relief, and (v) Scheduling a Final Hearing Under Fed. R. Bankr. P. 4001(b) and (c) (the "Postpetition

---

[1] All terms not herein defined shall have the meanings ascribed to them in the Postpetition Financing Motion and Interim Order.

Financing Motion"), filed by Delphi Corporation, *et al.* (the "Debtors"). In support of the Objection, Autocam states as follows:

## BACKGROUND

1. Prior to the Petition Date (as defined below), Autocam and the Debtors engaged in business for various goods and supplies.

2. On October 8, 2005 (the "Petition Date"), the Debtors filed a voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3. In addition to numerous other "first-day" pleadings, the Debtors filed their Postpetition Financing Motion on the Petition Date. On October, 12, 2005, this Court entered an order granting the relief requested in the Postpetition Financing Motion on interim basis (the "Interim Order"). The Interim Order set October 20, 2005 at 4:00 p.m. as the deadline for parties in interest to file objections to the relief requested in the Postpetition Financing Motion. The Interim Order also scheduled a final hearing on the Postpetition Financing Motion for October 28, 2005.

4. According to section 553 of the Bankruptcy Code and applicable non-bankruptcy law, Autocam may be entitled to exercise certain rights of setoff (and/or recoupment) in connection with potential mutual debts owed by the Debtors to Autocam and vice versa. To the extent that Autocam determines it is entitled to assert rights of setoff against the Debtors, the Postpetition Financing Motion and the Interim Order have the effect of impairing the rights of Autocam to exercise its rights of setoff. In particular, Autocam objects to Paragraph 18 of the Interim Order because any setoff rights of Autocam, but only to the extent it has such rights, would be subordinate to (i) the Carve Out, (ii) any liens and security interests granted by the Interim Order for the benefit of the Agent and post-petition lenders, and (iii) the Adequate

2

Protection Liens granted to the Pre-Petition Agent and the prepetition lenders. (*See* Interim Order at ¶ 18.)  To the extent that Autocam's potential rights of setoff may be affected, Autocam would not be receiving adequate protection in exchange for the subordination of its setoff rights. Therefore, the Postpetition Financing Motion and Interim Order should be modified to provide adequate protection to Autocam in the form of a superior replacement lien should Autocam seek to assert its potential rights of setoff.

## **OBJECTION**

5.   Autocam objects to the Postpetition Financing Motion and Interim Order because the effect will be to impair any potential rights of setoff that Autocam may have against the Debtors by subordinating such rights to the three (3) categories of liens identified in Paragraph 18 of the Interim Order.  Any subordination of Autocam's potential setoff rights should be contingent on the Debtors providing adequate protection to Autocam.

6.   As of the Petition Date, any setoff rights held by Autocam would be considered superior to the claims of the prepetition secured lenders and other parties holding prepetition security interests.  It is generally recognized that section 9-404 of the Uniform Commercial Code provides that a secured party's rights in collateral are subject and subordinate to any setoff defense, so long as the setoff claim arose prior to the account debtor receives notification of the assignment. *See* UCC § 9-404(a)(2); *see also U.S. Aeroteam, Inc. v. Delphi Automotive Systems, LLC*, 327 B.R. 852, 871 (Bankr. S.D. Ohio 2005).

7.   According to section 364(d) of the Bankruptcy Code, a party's liens may not be subordinated in connection with the extension of post-petition credit unless such party receives adequate protection.  11 U.S.C. § 364(d)(1)(B).  In light of the fact that the Debtors bear the burden of proof with respect to adequate protection under section 364(d), the Debtors have not

3

demonstrated that any potential setoff rights would be adequately protected. Rather, Paragraph 18 of the Interim Order would grant to Autocam a Junior Adequate Protection Lien, which lien would be subordinate to (i) the Carve Out, (ii) any liens and security interests granted by the Interim Order for the benefit of the Agent and post-petition lenders, and (iii) the Adequate Protection Liens granted to the Pre-Petition Agent and the prepetition lenders. (Interim Order at ¶ 18.)

8. To the extent that Autocam determines it has rights of setoff, Paragraph 18 of the Interim Order would be prejudicial to such rights, as the Debtors have not provided adequate protection. Therefore, the relief requested in the Postpetition Financing Motion should either be denied or modified to provide an appropriate form of adequate protection to parties possessing valid rights of setoff against the Debtors.

9. Finally, Paragraph 7(b) and (c) of the Interim Order purport to preserve statutory liens such as those addressed under section 546(b) of the Bankruptcy Code, including liens on tools and molds, and leave them unaffected. However, to the extent that the Postpetition Financing Motion and Interim Order in any way attempt to subordinate or otherwise modify the rights of lienholders with liens arising by operation of law, including special tooling and mold liens, Autocam objects to such subordination or modification and specifically requests adequate protection of Autocam's interest in such tooling and molds.

WHEREFORE, Autocam respectfully requests that this Court enter an Order (i) denying the Postpetition Financing Motion and Interim Order on a final basis or, in the alternative, modifying the terms of the Postpetition Financing Motions and Interim Order to provide adequate protection; and (ii) granting such other and further relief as the Court may deem appropriate under the circumstances.

Dated:  October 20, 2005

                                                     BARNES & THORNBURG LLP
Counsel to Autocam Corporation


By:    /s/John T. Gregg
       John T. Gregg  (JG-3127)
Business Address:
300 Ottawa Avenue, NW
Suite 500
Grand Rapids, Michigan  49503
Telephone:(616) 742-3930
Facsimile: (616) 742-3999
john.gregg@btlaw.com

GRDS01 JGREGG 324309v1