MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 496-7997
Jonathan S. Green (P33140)(pro hac vice motion pending)
green@millercanfield.com
Timothy A. Fusco (P13768)(pro hac vice)
fusco@millercanfield.com

Attorneys for Ford Motor Company

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------
                                              :
In re                                         :    Chapter 11
                                              :
DELPHI CORPORATION et al.,                    :    Case No. 05-44481 (RDD)
                                              :
        Debtors. [1]                          :    (Jointly Administered)
---------------------------------------------

**LIMITED OBJECTION OF FORD MOTOR COMPANY TO INTERIM ORDER
UNDER 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), AND 364(e)
AND FED.BANKR.P. 2002, 4001 AND 9014 (I) AUTHORIZING DEBTORS TO OBTAIN
POSTPETITION FINANCING, (II) TO UTILIZE CASH COLLATERAL, (III)
GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES
AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES
4001(b) AND (c)**

Ford Motor Company ("Ford"), by its counsel, Miller Canfield, Paddock and Stone,

P.L.C., objects to paragraph 18 of the Interim Order Under 11 U.S.C. §§ 105, 361, 362,

---

[1] In addition to Delphi Corporation, the following entities are debtors in these related cases: ASEC Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources, LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Services Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc, Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and Fed.R.Bankr.P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) To Utilize Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) ("Interim DIP Order") and certain related provisions of the Interim DIP Order because it and the proposed Final Order, among other things, (1) impermissibly prime the pre-petition setoff rights of Ford in respect of its pre-petition payables without satisfying section 364(d) of title 11 of the United States Code ("Bankruptcy Code"); (2) impermissibly subordinate the pre-petition setoff rights of Ford in respect of its pre-petition payables to the Adequate Protection Liens[2] granted to the Pre-Petition Agent and the Pre-Petition Secured Lenders as adequate protection for liens that were subordinate and junior to the pre-petition setoff rights of Ford as of the Petition Date; (3) violate section 553 of the Bankruptcy Code; and (4) are inconsistent with the priority of the DIP Liens granted to Agent and DIP Lenders pursuant to section 7(b) of the Interim DIP Order, rendering paragraphs 7(b) and 18 circular when read together.  In support of this Limited Objection, Ford states as follows:

**Background**

1.      Ford is an original equipment manufacturer ("OEM") customer of the Debtors. Ford owes pre-petition amounts to the Debtors for the production and delivery to Ford of automotive systems, components and/or parts ("Products") from the Debtors.

2.      Prior to the Petition Date, the Debtors caused millions of dollars of monetary damage to Ford.  Ford's pre-petition contractual damages resulted from, among other things, certain warranty spike claims in connection with radios manufactured by the Debtors for Ford.

---

[2] All capitalized terms used but not defined in this Limited Objection shall have the meanings ascribed to those terms in the Interim DIP Order.

Ford is obligated to provide warranty service to its customers with respect to defects in the radios manufactured by Delphi.

3.    These warranty spike claims and other pre-petition monetary damages caused by certain of the Debtors give rise, as a matter of non-bankruptcy law, to pre-petition rights of setoff and/or recoupment[3] in respect of pre-petition payables for which payment has not yet been made.[4]

4.    Ford did not receive notification of any assignment granted to the Pre-Petition Agent or Pre-Petition Secured Lenders authenticated by any of the Debtors or the Pre-Petition Agent or Pre-Petition Secured Lenders, as required by section 9-404(a)(2) of the Uniform Commercial Code ("UCC"), at any time before the Petition Date. Consequently, any right of Ford to offset its damage claims against its pre-petition payables is senior to any right of the Agent, Pre-Petition Secured Lenders or any other entity in those pre-petition payables. Ford's right of recoupment is unaffected by section 9-404(a)(2).

5.    Ford's setoff claim is treated as a secured claim under section 506(a) of the Bankruptcy Code. Ford is the holder of a secured claim to the extent of the value of the pre-petition payables it may owe to the Debtors for any pre-petition damage claims incurred by Ford. The Interim DIP Order purports to subordinate Ford's secured claim to the claims of the Pre-Petition Secured Lenders and the DIP Lenders.

---

[3] To the extent that the pre-petition payables of the Debtors and Ford's contract damages claims arise out of the same contract or transaction, Ford has the right of recoupment. Although many of the claims held by Ford qualify as recoupment, Ford may have some claims that clearly constitute setoffs only. In addition, Ford does not waive its right to assert that the pre-petition payables are not owed for other and additional reasons.

[4] Where the requirements for setoff found in 11 U.S.C. § 553 are met, it does not constitute a violation of the automatic stay to place an administrative hold on funds subject to setoff, *see* Citizens Bank of Maryland v. Strumpf, 516 U.S. 16 (1995), and there is no requirement to turn over such funds under 11 U.S.C. § 542. Also, withholding funds for the purposes of recoupment is not a violation of the automatic stay. *See* In re Malinowski, 156 F.3d 131(2d Cir. 1998).

6.     There is no better or more valuable collateral for obligations owed by the Debtors to Ford than Ford's own obligations owed to the Debtors.  Permitting the setoff or providing for a cash payment to Ford in an amount equal to the setoff is adequate protection under section 361 of the Bankruptcy Code; a subordinated fourth priority lien, which may well be valueless, is not.

7.     Ford supports the Debtors' efforts to obtain debtor in possession financing. However, there are certain provisions in the Interim DIP Order and the proposed financing agreement (the "DIP Credit Agreement"), which should not, and cannot, be approved by this Court.  Specifically, Ford objects to paragraph 18 of the Interim DIP Order and those other provisions of the Interim DIP Order, the proposed Final Order and the DIP Credit Agreement which affect the rights of creditors holding secured setoff claims.

## LIMITED OBJECTION

8.     Paragraph 18 of the Interim DIP Order provides in pertinent part as follows:

> 18.     *Junior Adequate Protection Liens*.    To the extent that any person who has a valid, perfected, enforceable, and non-avoidable right to set off in respect of its pre-petition payables as of the Petition Date, such person shall be granted a replacement lien ( a "Junior Adequate Protection Lien") under section 361(2) of the Bankruptcy Code in all of the Debtors' right, title, and interest in, to and under the Collateral securing the Debtors' Obligations under the DIP Credit Agreement, subject and subordinate (i) to the Carve Out, (ii) to any liens and security interests granted hereunder or under any DIP Document to or for the benefit of the Agent and the DIP Lenders and (iii) to the Adequate Protection Liens granted to the Pre-Petition Agent and the Pre-Petition Secured Lenders.

Ford objects to this provision for the following reasons:

1405646                                                          4

I.  **The Interim DIP Order Improperly Subordinates Senior Pre-Petition Setoff Rights Held by Ford Without Providing Adequate Protection to Ford as Required Under Section 364(d) of the Bankruptcy Code**

9. Pursuant to section 506(a) of the Bankruptcy Code, a claim of a creditor "that is subject to setoff under section 553 of the Bankruptcy Code is a secured claim…to the extent of the amount subject to set off."  11 U.S.C. § 506.

10. In this case, the claims of Ford satisfy the requirements of section 553.  As such, Ford has a setoff claim, treated as a secured claim under the Bankruptcy Code, entitled to first priority.

11. Ford's right to withhold payment based on its setoff right is being deeply subordinated, if not wholly eliminated, by paragraph 18 of the Interim DIP Order.  Ford objects to paragraph 18 because it does not adequately protect this right.  Paragraph 18 attempts to subordinate Ford's setoff rights to three groups of creditors: (a) holders of the Carve Out; (b) the DIP Agent and DIP Liens; and (c) the Pre-Petition Agent and the Adequate Protection Liens that replace the pre-petition liens of the Pre-Petition Agent and Pre-Petition Secured Lenders.

12. As of the Petition Date, and in the absence of a notification pursuant to section 9-404(a)(2) of the UCC, Ford's setoff rights have priority over prior perfected security interests, including those of the Pre-Petition Agent and Pre-Petition Secured Lenders.

13. Section 364(d) of the Bankruptcy Code requires adequate protection of a creditor's secured claim in the event that the claim is to be subordinated to the claim of a creditor providing post-petition financing,  11 U.S.C. § 364(d); in this case, the DIP Agent and the DIP Lenders.

14. The Debtors bear the burden of demonstrating that all of the requirements under Section 364(d) have been met.  *See, e.g.*, In re Mosello, 195 B.R. 277, 287 (Bankr. S.D.N.Y. 1996).  "The purpose of adequate protection for a creditor is to insure that the creditor receives

the value for which he bargained prebankruptcy [, and t]he goal of adequate protection is to safeguard the secured creditor from diminution in the value of its interest during the Chapter 11 reorganization." Mossello, 195 B.R. at 288. (citations omitted).

15. Paragraph 18 of the Interim DIP Order eliminates Ford's setoff rights against the pre-petition payables and replaces it with a *fourth* priority lien in all of the Collateral, which Collateral includes pre-petition receivables of the Debtors. The offered fourth priority replacement lien is in the same collateral that secures the DIP Obligations, the Carve Out and the Adequate Protection Obligations, nothing more and nothing less. As a result, all the lien holders, including Ford, are to look to exactly the same collateral and value for payment.

16. Paragraph 18 reverses priorities in the right to realize that value by taking Ford's first and senior setoff right and dropping it down to the fourth priority position. If it turns out that there is enough value for all four types of liens, then paragraph 18 was wholly unnecessary because there would have been enough value to pay the Pre-Petition Secured Lenders (the third priority lien claimant under paragraph 18) in full without the subordination effected by paragraph 18. However, if there is not enough value to pay all four types of liens in full, then the shortfall will be borne by Ford (and other parties holding subordinated setoff rights) and, as a result, Ford's setoff rights will not have been adequately protected within the meaning of section 361[5]. In other words, because of the multiple claims secured by a co-extensive pool of Collateral, either paragraph 18 is not necessary to protect the rights of any of the claimants because there is enough value for all, or Ford, the party with the first and senior lien initially but the party with the fourth priority secured claim pursuant to paragraph 18, will suffer the shortfall, in which case its secured setoff right will not have been adequately protected. In this instance, the fourth

---

[5] Because of the reordering of the pre-petition priorities, Ford assumes all the risk that the Collateral pool will be insufficient to pay all of the holders of secured claims.

1405646                                              6

position in the Collateral is essentially worthless because it comes into play only when the Pre-Petition Secured Lenders have already consumed the Collateral in full.

17.   Ultimately, there is no evidence that these liens are sufficient to protect the interests of a fully, or even partially, secured setoff creditor. As such, granting a fourth priority, "junior" lien is not sufficient to protect a creditor that would otherwise hold an enforceable setoff claim against the Debtors from diminution of its secured claim. Because Ford has no other collateral to secure its pre-petition claims, its secured setoff claims are not adequately protected, and, therefore, paragraph 18 does not satisfy the requirements of section 364.

II.   **Apart from the Lack of Adequate Protection, There is no Basis in the Bankruptcy Code to Rearrange the Priorities Between Two Pre-Petition Secured Parties as A Matter of Adequate Protection or Otherwise**

18.   Furthermore, section 364(d) of the Bankruptcy Code requires that the Court find that "adequate protection" has been afforded to the holders of junior liens before a Court can grant a "priming lien" under section 364(d) to secure the "obtaining of credit or incurring of debt." In other words, even if the factual predicate for a section 364(d) lien could be shown, it applies only to liens granted to those who provide new, post-petition financing; in this case, the DIP Agent and DIP Lenders.

19.   Section 364(d) is not available to permit the Court to reverse the priorities between two pre-petition secured creditors, whether as a matter of adequate protection or otherwise. This is especially true in light section 9-404 of the UCC.

20.   Under section 9-404 of the UCC, Ford's setoff rights are senior to the liens of the Pre-Petition Agent and Pre-Petition Secured Lenders in any pre-petition payables that may be owed by Ford. Nothing in section 364(d) or elsewhere permits the Court to re-order those

priorities under the guise of adequate protection. To attempt to do so by virtue of paragraph 18 of the DIP Order is not permitted under the Bankruptcy Code or otherwise.

**III.   Paragraph 18 of the Interim DIP Order is also Prohibited by §553 of the Bankruptcy Code as a Matter of Law**

21.   Section 553(a) of the Bankruptcy Code provides that the Bankruptcy Code does not affect the right of setoff except in certain limited circumstances, as set forth in §§ 553, 362, and 363. Those limited exceptions to the "does not affect any right of a creditor to offset a mutual debt" provision of § 553 do not encompass or allow for the subordination effected by paragraph 18 of the Interim DIP Order. Paragraph 18 constitutes an impermissible attempt to "affect" creditors' protected rights to offset mutual debts.

22.   Although section 364(d) may provide for the granting of senior liens on property of the estate in certain circumstances and upon a certain showing, it does not provide for the impairment of pre-petition setoff rights that are expressly preserved under section 553 of the Bankruptcy Code.

23.   The plain language of the Bankruptcy Code prohibits the inclusion of paragraph 18 in any financing agreement or order.

**IV.   Paragraph 18 of the Interim DIP Order is Inconsistent with Paragraph 7(b) of the Interim DIP Order and, When Read Together, the Provisions are Circular**

24.   Paragraph 7(b) of the Interim DIP Order provides that the DIP Liens granted to the DIP Agent in all pre-petition and post-petition property of the Debtors "shall be subject and subordinate to (i) the Carve Out (except as provided in paragraph 6 hereof), and (ii) *any valid, perfected and unavoidable interests of other parties arising out of liens, if any, on such property existing immediately prior to the Petition Date*" . . . . (emphasis added).

1405646                                       8

25. On the Petition Date, Ford held a valid, perfected, unavoidable setoff right for its pre-petition claims against the Debtors against pre-petition payables that may be owed by Ford to the Debtors.

26. Under paragraph 7(b) the DIP Liens are subordinate to Ford's secured setoff rights, but under paragraph 18, the DIP Liens are senior (together with the Carve-Out and the Adequate Protection Liens of the Pre-Petition Agent and Pre-Petition Secure Lenders) to that setoff right.

**V.  The Re-Ordering of Pre-Petition Priorities Effected By Paragraph 18 is Wholly Improper Under the Bankruptcy Code and, As a Result, the Pre-Petition Agent and Pre-Petition Secured Lenders Should Not be Afforded "Good Faith" Protection for their Adequate Protection Obligations**

27. To the extent the secured setoff claims of Ford were senior to the liens of the Pre-Petition Agent and Pre-Petition Lenders as a matter of non-bankruptcy law on the Petition Date, replacing those junior liens with an Adequate Protection Lien that is senior to the liens securing the secured setoff claims of Ford and senior in priority to the lien that it replaced, is improper for the reasons discussed in sections II. and III. above.

28. As such, the Pre-Petition Agent and Pre-Petition Secured Lenders may not be afforded the "good faith" protections of section 364(e) of the Bankruptcy Code. *See In re EDC Holding Co*, 676 F.2d 945 (7th Cir. 1982).

29. Furthermore, section 364(e) applies only to new money extensions of credit and not to adequate protection granted to the holders of pre-petition security interests and other liens. As a result, in the event the Interim DIP Order is modified, the Pre-Petition Agent and Pre-Petition Secured Lenders are not entitled to the protections of section 364(e), notwithstanding paragraph 15(c) of the Interim DIP Order.

**VI.     Concurrence in Objections of other Holders of Secured Setoff Claims**

30.     Ford also concurs in the objections in respect of paragraph 18 of the Interim DIP Order filed by (a) Mercedes-Benz U.S. International, Inc.; (b) Gibbs Die Casting Corporation; (c) Autocam Corporation; (d) Robert Bosch Corporation; (e) Venture Plastics, Inc.; (f) Calsonic Kansei North America, Inc.; (g) Decatur Plastic Products, Inc.; (h) Lorentson Manufacturing Company, Inc.; and (i) DaimlerChrysler Corporation.

## REQUEST FOR DIFFERENT ADEQUATE PROTECTION

31.     Other than permitting Ford to immediately exercise it right of setoff, or the payment to Ford of the amount of Ford's claims secured by its pre-petition payables, the only treatment that would afford Ford adequate protection of, and preserve, Ford's right of setoff would be to grant Ford a first and senior replacement lien in all amounts which are presently or are hereafter owed by Ford to the Debtors during the case, with the replacement lien to be senior to the Carve-Out, the DIP Liens, the Adequate Protection Liens and any other claims, to secure all of Ford's pre-petition claims up to the amount of the pre-petition payables owed by Ford to the Debtors as of the Petition Date.

32.     As of the Petition Date, Ford's setoff right was senior to the rights of the Pre-Petition Agent and the Pre-Petition Lenders and all other creditors and there were no DIP Liens or Carve Out claims.  This proposed form of adequate protection preserves those rights and protects Ford's priority.

## CONCLUSION

33.     Ford respectfully requests that the Final Order be entered, with the objectionable provisions deleted or amended to allow enforcement by Ford of any secured, pre-petition setoff

claim to which it may be entitled.  In addition, Ford requests that the Court grant Ford adequate protection in the form of a first and senior replacement lien on all amounts Ford now or hereafter owes to the Debtors to secure all of Ford's pre-petition claims up to the amount of the pre-petition payables owed by Ford to the Debtors as of the Petition Date, and that the Court grant Ford such other and further relief as may be just and proper.

Dated:  Detroit, Michigan
       October 21, 2005

    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.


By: \s\ Timothy A. Fusco
    Jonathan S. Green (pro hac vice motion pending)
    Timothy A. Fusco (pro hac vice)

150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 496-7997

Attorneys for Ford Motor Company

DELIB:2671077.2\029982-00276

1405646

11