**Hearing Date: 10/27/05**
                                                        **Time: 10:00 a.m.**

SANFORD P. ROSEN & ASSOCIATES, P.C.
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen (SR-4966)
Kenneth M. Lewis (KL-7679)

SCHAFER AND WEINER, PLLC
40950 Woodward Ave. Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340
Daniel J. Weiner
Ryan D. Heilman

Attorneys for Omega Tool Corp.,
  L&W Engineering Co.,
  Southtec, LLC, DOTT Industries, Inc.,
  ALPS Automotive, Inc.,
  Pioneer Automotive Technologies, Inc.,
  Lakeside Plastics Limited, Android
  Industries, Inc., Ai-Doraville, LLC,
  and Ai-Genesee, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re
                                         Case No. 05-44481(RDD)
DELPHI CORPORATION, et al.,       (Jointly Administered)

                          Debtors.    Chapter 11
------------------------------------x

**LIMITED OBJECTION OF OMEGA TOOL CORP., L&W ENGINEERING CO., SOUTHTEC, LLC, DOTT INDUSTRIES, INC., ALPS AUTOMOTIVE, INC., PIONEER AUTOMOTIVE TECHNOLOGIES, INC., LAKESIDE PLASTICS LIMITED, ANDROID INDUSTRIES, INC., AI-DORAVILLE, LLC, AND AI-GENESEE, LLC TO ENTRY OF A FINAL ORDER AUTHORIZING POSTPETITION FINANCING AND THE USE OF CASH COLLATERAL, <u>AND GRANTING ADEQUATE PROTECTION</u>**

Omega Tool Corp., L&W Engineering Co., Southtec, LLC, DOTT Industries, Inc., ALPS Automotive, Inc., Pioneer Automotive Technologies, Inc., Lakeside Plastics Limited, Android Industries, Inc., Ai-Doraville, LLC, and Ai-Genesee, LLC (collectively, the "**Objecting Parties**"), by their undersigned attorneys, respectfully submit this limited objection to the entry of a final order authorizing postpetition financing and the use of cash collateral, and granting adequate protection to prepetition secured parties, as follows:

## BACKGROUND

1. On October 8, 2005, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Objecting Parties each assert claims against one or more of the Debtors secured by non-consensual pre-petition liens on property of the Debtors' estates, which liens arise primarily under applicable state laws granting them possessory and/or non-possessory liens in tooling used by or built by the Objecting Parties, for all amounts owed on parts manufactured with the tooling and for the manufacture of the tooling itself.

2

3.   Further, certain of the Objecting Parties, including ALPS Automotive, Inc., Pioneer Automotive Technologies, Inc., Android Industries, Inc., Ai-Doraville, LLC, and Ai-Genesee, LLC, have claims that are subject to setoff, which are treated as secured claims under section 506(a) of the Bankruptcy Code.

### TIMELINESS OF THE LIMITED OBJECTION

4.   The Debtors filed their financing motion (the "**Motion**") on October 8, 2005 and on October 12, 2005, the court entered an order granting the Motion on an interim basis.  The court scheduled a final hearing for October 27, 2005, and set a deadline for filing objections to the entry of a final order for October 20, 2005, only eight days after entry of the interim order, and only 12 days after the cases were filed.

5.   As discussed below, the Debtors' requested relief would improperly grant the Debtors' postpetition lenders a security interest with priority over the Objecting Parties' pre-petition liens and would diminish the Objecting Parties' rights under 11 U.S.C. § 546(b), without providing adequate protection as required by 11 U.S.C. § 364(d).

6.   Accordingly, each of the Objecting Parties was entitled to receive notice of the Motion, the interim hearing

3

and the final hearing.  However, most of the Objecting Parties never received any notice from the Debtors, and learned of the terms of the proposed relief only recently.  While some of the Objecting Parties received notice, they were only given 8 days to interpose objections.  Given the complexity of the Motion and the serious implications to their rights, it is respectfully requested that this Objection be deemed timely as to all Objecting Parties.

**OBJECTIONABLE TERMS OF THE FINANCING ORDER**

7.    Under the Motion, the Debtors would grant secured claims and/or adequate protection claims with priority over all other claims against the Debtors, including any non-consensual liens.  However, as mentioned, adequate protection would not be provided to the Objecting Parties as required under 11 U.S.C. § 364(d).

8.    The final order would also grant liens to the postpetition lenders and pre-petition lenders which would be superior to any liens arising after the petition date, even though such liens would otherwise be entitled to first priority under state law and section 546(b) of the Bankruptcy Code.  The Objecting Parties entered into transactions with the Debtors in

4

reliance on the existence of these first-priority state law liens.  This provision would substantially dilute these rights.

9.   The Objecting Parties object to any further order to the extent that it primes or otherwise impairs the Objecting Parties' pre-petition liens and rights under section 546.  Accordingly, the Objecting Parties request that the final order either (i) provide that the liens and claims granted thereunder do not have priority over the Objecting Parties' pre-existing liens and rights under section 546, or (ii) provide adequate protection to the Objecting Parties.

10.  Finally, the final order would subordinate the Objecting Parties' setoff rights without providing any adequate protection.  The Objecting Parties are entitled either (i) to retain the priority of their setoff claims, or (ii) adequate protection.

WHEREFORE, the Objecting Parties respectfully request that any final order either (i) provide that the liens and claims granted thereunder do not have priority over the Objecting Parties' pre-petition liens and secured claims and rights under section 546, or (ii) provide adequate protection to

5

the Objecting Parties.

Dated: New York, New York
       October 24, 2005

                                      SANFORD P. ROSEN & ASSOCIATES, P.C.
                                      Local Counsel for the Objecting
                                        Parties

                                    By: /s/ Kenneth M. Lewis
                                        Kenneth M. Lewis (KL-7679)

                                    747 Third Avenue
                                    New York, NY 10017-2803
                                    (212) 223-1100

                                    SCHAFER AND WEINER, PLLC
                                    Attorneys for the Objecting Parties

                                    By: /s/ Daniel J. Weiner
                                        Daniel J. Weiner
                                        Ryan D. Heilman

                                    40950 Woodward Ave. Ste. 100
                                    Bloomfield Hills, MI 48304
                                    (248) 540-3340

SANFORD P. ROSEN & ASSOCIATES, P.C.
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen (SR-4966)
Kenneth M. Lewis (KL-7679)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re
                                        Case No. 05-44481(RDD)
DELPHI CORPORATION, et al.,      (Jointly Administered)

                         Debtors.      Chapter 11
------------------------------------x

**CERTIFICATE OF SERVICE OF LIMITED OBJECTION OF OMEGA TOOL CORP., L&W ENGINEERING CO., SOUTHTEC, LLC, DOTT INDUSTRIES, INC., ALPS AUTOMOTIVE, INC., PIONEER AUTOMOTIVE TECHNOLOGIES, INC., LAKESIDE PLASTICS ANDROID INDUSTRIES, INC., AI-DORAVILLE, LLC, AND AI-GENESEE, LLC TO ENTRY OF A FINAL ORDER AUTHORIZING POSTPETITION FINANCING AND THE USE OF CASH COLLATERAL, AND <u>GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES</u>**

        The undersigned, under penalty of perjury, hereby certifies as follows:

        I am over 18 years of age, reside in Waccabuc, New York and am not a party to this proceeding.

        On the 24th day of October 2005, I served the prefixed Limited Objection of Omega Tool Corp., L&W Engineering Co., Southtec, LLC, DOTT Industries, Inc., ALPS Automotive, Inc., Pioneer Automotive Technologies, Inc., Lakeside Plastics Android Industries, Inc., Ai-Doraville, LLC, and Ai-Genesee, LLC to Entry of a Final Order Authorizing Postpetition Financing and

the Use of Cash Collateral, and Granting Adequate Protection to Prepetition Secured Parties upon the parties whose names and facsimile numbers are set forth below by causing copies of same to be transmitted by facsimile to said parties at their respective telephone numbers designated therefor.

    Skadden, Arps, Slate, Meager & Flom, LLP
    Attorneys for the Debtors
      Attn.: John Wm. Butler, Jr., Esq.
    Facsimile No. (312) 407-8501

    Shearman & Sterling LLP
    Attorneys for the Debtors
      Attn.: Douglas P. Bartner, Esq.
    Facsimile No. (646) 848-8190

    Davis Polk & Wardwell
    Attorneys for the Agent and the Joint
      Lead  Arrangers
      Attn.: Donald S. Bernstein, Esq.
    Facsimile No. (212) 450-2502

    Simpson Thacher & Bartlett LLP
    Attorneys for Pre-Petition Agent
    Attn.: Kenneth S. Ziman, Esq.
        Robert H. Trust, Esq.
    Facsimile No. (212) 455-2502

    Office of the U.S Trustee
      Attn.: Alicia M. Leonhard, Esq
    Facsimile No. (212) 668-2255

Dated:  New York, New York
       October 24, 2005

                                        /s/ Kenneth M. Lewis
                                        Kenneth M. Lewis