Timothy W. Walsh (TW-7409)
DLA Piper Rudnick Gray Cary US LLP
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone:    (212) 835-6000
Facsimile:    (212) 835-6001

Richard M. Kremen, Esquire
Maria Ellena Chavez-Ruark, Esquire
DLA Piper Rudnick Gray Cary US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
Telephone:    (410) 580-3000
Facsimile:    (410) 580-3001

Attorneys for Constellation NewEnergy, Inc.

Hearing Date:    October 27, 2005
Hearing Time:    10:00 a.m.
Objections Due:    October 24, 2005
Related Pleadings:    Dkt. Nos. 41 and 234

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re:                                              *

DELPHI CORPORATION, *et al.*,    *    Case Nos. 05-12685 *et al.*
                                                         (Jointly Administered)
    Debtors.                                 *    Chapter 11

*    *    *    *    *    *    *    *    *    *    *    *

RESPONSE OF CONSTELLATION NEWENERGY, INC. TO MOTION FOR FINAL
ORDER UNDER 11 U.S.C. §§ 105, 366, 503 AND 507 (I) PROHIBITING UTILITIES
FROM ALTERING, REFUSING OR DISCONTINUING SERVICES ON ACCOUNT
OF PREPETITION INVOICES AND (II) ESTABLISHING PROCEDURES FOR
<u>DETERMINING REQUESTS FOR ADDITIONAL ASSURANCE</u>

Constellation NewEnergy, Inc. ("Constellation"), a party in interest, hereby responds to

the Motion for Final Order Under 11 U.S.C. §§ 105, 366, 503 and 507 (I) Prohibiting Utilities

from Altering, Refusing or Discontinuing Services on Account of Prepetition Invoices and

(II) Establishing Procedures for Determining Requests for Additional Assurance (the "Motion")

filed by Delphi Corporation ("Delphi") and its related debtors and debtors-in-possession (collectively with Delphi, the "Debtors") as follows:

1. On October 8, 2005, the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to Section 1107(a) and 1108 of the Bankruptcy Code.

2. Constellation and Delphi are parties to the following agreements for the supply of gas and electricity: (i) an Electricity Supply Agreement, New York (the "New York Electricity Supply Agreement"), (ii) a Master Electricity Supply Agreement, Illinois (the "Illinois Electricity Supply Agreement"), and (iii) a Gas Sale, Transportation, and Management Contract, Contract No. AEM03002 (the "Gas Supply Agreement") (collectively, the "Supply Agreements"). The New York Electricity Supply Agreement expires in January 2006, the Illinois Electricity Supply Agreement is a month-to-month agreement, and the Gas Supply Agreement expires in February 2008. The Supply Agreements contain confidential and proprietary information and therefore are not attached hereto. Redacted copies of the Supply Agreements are available upon request.

3. The Supply Agreements are forward contracts, and Constellation is a forward contract merchant. *See* 11 U.S.C. §§ 101(25) and 101(26) (defining "forward contract" and "forward contract merchant"); *In the Matter of Olympic Natural Gas Co.*, 294 F.3d 737 (5th Cir. 2002) (a contract for purchase and sale of energy commodities for forward delivery constitutes a "forward contract"); *In re Mirant Corp. v. Kern Oil & Refining Co.*, 310 B.R. 548 (Bankr. N.D. Tex 2004) (persons who engage in forward contracts for profit are forward contract merchants).

The Supply Agreement provides that the commencement of a bankruptcy proceeding or Delphi's insolvency is an "event of default" permitting Constellation to terminate the Supply Agreements.

4. Section 556 of the Bankruptcy Code provides that "[t]he contractual right of a … forward contract merchant to cause the liquidation of a … forward contract because of a condition of the kind specified in Section 365(e)(1) of this title shall not be stayed, avoided or otherwise limited by operation of any provision of this title or by order of a court in any proceeding under this title." Accordingly, Constellation's contractual right to terminate the Supply Agreements because Delphi commenced this bankruptcy proceeding is not stayed, avoided or otherwise limited by any order of this Court, including an order granting the relief sought in the Motion.

5. Constellation does not oppose the relief sought in the Motion but wishes to preserve its rights as a forward contract merchant under Section 556. Constellation files this Response out of an abundance of caution to ensure that it is clear that Constellation is not waiving its rights as a forward contract merchant.

For these reasons and the reasons that may be stated at the hearing on the Motion, Constellation requests that this Court grant the Motion subject to Constellation's rights as a forward contract merchant and grant such other and further relief as is just and appropriate.

Dated:  New York, New York           DLA PIPER RUDNICK GRAY CARY US LLP
        October 24, 2005

                                     By:    /s/ Timothy W. Walsh
                                             Timothy W. Walsh (TW-7409)
                                             1251 Avenue of the Americas
                                             New York, New York 10020-1104
                                             Telephone:    (212) 835-6000
                                             Facsimile:    (212) 835-6001

    and

    Richard M. Kremen, Esquire
    Maria Ellena Chavez-Ruark, Esquire
    DLA Piper Rudnick Gray Cary US LLP
    6225 Smith Avenue
    Baltimore, Maryland 21209-3600
    Telephone:    (410) 580-3000
    Facsimile:    (410) 580-3001

    Attorneys for Constellation NewEnergy, Inc.