UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                          : Chapter 11
                                                                :
                                                                : Case No. 05-44481 (RDD)
DELPHI CORP., *et al.*,                                          : (Jointly Administered)
                                                                :
                Debtors.                                        :
                                                                :
-------------------------------------------------------------X

### JOINDER OF HITACHI AUTOMOTIVE PRODUCTS (USA), INC. IN LIMITED OBJECTIONS TO DIP FINANCING MOTION AND INTERIM DIP FINANCING ORDER, AND REQUEST FOR ADEQUATE PROTECTION FOR PRE-PETITION SETOFF RIGHTS AS WELL AS PRESERVATION OF RECLAMATION RIGHTS

Hitachi Automotive Products (USA), Inc. ("HAP") hereby joins in the limited objections filed with respect to the Debtors' Motion[1] for Financing, dated October 8, 2005 (Dkt. No. 42), and the Interim Order Under 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Post-Petition Financing, (II) to Utilize Cash Collateral, (III) Granting Adequate Protection to Pre-Petition Secured Parties and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c), dated October 12, 2005 (Dkt. No. 164) (the "Interim DIP Financing Order"), and requests adequate protection for its pre-petition setoff rights as well as preservation of its reclamation rights.

---

[1] All capitalized terms used herein and not otherwise defined shall have the meaning given to such terms in the Interim DIP Financing Motion (as defined below).

**PRESERVATION OF SETOFF RIGHTS**

1. HAP is a supplier to one or more of the Debtors. In the ordinary course of business, one or more of the Debtors are indebted to HAP for goods manufactured and sold by HAP to one or more of the Debtors, and HAP, without conceding any liability, and for the limited purpose of this objection, acknowledges that it may be indebted to one or more of the Debtors for various credits, overpayments, or other sums, in certain amounts, some of which are yet to be determined.[2] As such, because these claims arise pre-petition and satisfy the mutuality requirement, HAP has a valid right of setoff with respect to such claims involving one or more of the Debtors.

2. HAP joins in the limited objections filed by Robert Bosch Corporation and affiliates (Dkt. No. 428); Mercedes-Benz U.S. International, Inc. (Dkt. No. 435); Venture Plastics, Inc. (Dkt. No. 436); Calsonic Kansei North America, Inc. (Dkt. No. 442); DaimlerChrysler Motors Company (Dkt. No. 450: Decatur Plastic Products, Inc. (Dkt. No. 451); Gibbs Die Casting Corporation (Dkt. No. 455); Lorentson Manufacturing Company, Inc. (Dkt. No. 458); Autocam Corporation (Dkt. No. 459); Lorentson Manufacturing Company Southwest, Inc. (Dkt. No. 461); and Freescale Semiconductor, Inc. (Dkt. No. 501) (collectively, the "Limited Objections") with respect to their request that the right of setoff be preserved for all suppliers to the Debtors. HAP's right of setoff should be adequately protected in the form of priority over the liens and claims to be granted to the Agent, the DIP Lenders, the Pre-Petition Agent and the Pre-Petition Secured Lenders pursuant to the Motion and the Financing. HAP objects to the relief requested in the Motion to the extent that its

---

[2] In addition to its pre-petition setoff claims, HAP will likely have post-petition setoff claims arise against one or more of the Debtors in the ordinary course of business.

present or future rights of setoff are modified or eliminated in any respect.

## PRESERVATION OF RECLAMATION RIGHTS

3.    On October 18, 2005, pursuant to the Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures for the Treatment of Reclamation Claims dated October 13, 2005, HAP made a demand for reclamation of goods sold by it to one or more of the Debtors before 20 days after receipt of such goods by one or more of the Debtors (the "Reclamation Claim").  The Reclamation Claim was asserted pursuant to HAP's rights under section 546(c) of the Bankruptcy Code, Section 2-702 of the Uniform Commercial Code and applicable state law, and covers approximately $2,633,930.66 worth of goods received by one or more of the Debtors.

4.    To the extent the relief sought in the Motion modifies or eliminates the Reclamation Claim, HAP requests that the Final Order specifically provide that the relief granted therein, and pursuant to the Motion and the Financing, does not impact in any way any valid reclamation claim of HAP that existed as of the Petition Date or otherwise.

[Remainder of this Page Left Blank Intentionally]

WHEREFORE, for the reasons set forth herein, HAP respectfully requests that this Court grant the Motion, but modify the Final Order to expressly provide that the relief granted therein does not impact or subordinate HAP's setoff right or Reclamation Claim, by adding the following language to the Final Order:

> *Setoff Right and Reclamation Claims of Pre-Petition Suppliers.* Notwithstanding anything set forth in this Order, the relief granted does not (i) impair or impact the setoff rights of the Debtors' pre-petition suppliers, or (ii) impair or impact the valid reclamation claims of reclamation claimants.

The Court should grant such other and further relief as it deems just and proper.

SPECTOR & EHRENWORTH, P.C.
Attorneys for Hitachi Automotive Products (USA), Inc.

By: /s/ Brian D. Spector
Brian D. Spector, Esq. (BS/7343)
30 Columbia Turnpike
Florham Park, New Jersey 07932
Tel: (973) 593-4800
Fax: (973) 593-4848
E-mail: bspector@selawfirm.com

Dated: Florham Park, New Jersey
October 24, 2005