Daniel D. Doyle (*pro hac* pending)
Nicholas A. Franke (*pro hac* pending)
David M. Brown (*pro hac* pending)
SPENCER FANE BRITT & BROWNE, LLP
1 North Brentwood Boulevard, Tenth Floor
St. Louis, MO 63105
(314) 863-7733 – telephone
(314) 862-4656 – facsimile

J. Brian McTigue  (*pro hac* pending)
Cornish F. Hitchcock (*pro hac* pending)
MCTIGUE LAW FIRM
5301 Wisconsin Ave. N.W., Suite 350
Washington, DC  20015
(202) 364-6900 - telephone
(202) 364-9960 - fax

COUNSEL FOR MICHAEL BEARD, RUSSELL DETWILER, FLOYD JONES AND JOHN M. MCGRATH, as retirees not covered by the collective bargaining agreement.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) CASE No. 05-44481 (RDD) |
| | ) Jointly Administered |
| DELPHI CORPORATION, et al., | ) |
| | ) Chapter 11 |
| Debtors. | ) |

**MOTION TO VACATE OR AMEND ORDER (I) APPOINTED UNIONS AS AUTHORIZED REPRESENTATIVES FOR UNION-REPRESENTED RETIREES UNDER 11 U.S.C. §§ 1114(C) OR 1114(D) OR, IN THE ALTERNATIVE, (II) ESTABLISHING PROCEDURES FOR SOLICITATION, NOMINATION, AND APPOINTMENT OF COMMITTEE OF RETIRED EMPLOYEES (THE RETIREE COMMITTEE ORDER)**

Michael Beard, Russell Detwiler, Floyd Jones, and John M. McGrath ("Movants"), non-hourly retirees of Delphi Corporation or one of its subsidiaries or affiliates that have filed for relief in these Chapter 11 proceedings (the "Debtors"), through their attorneys, Spencer Fane Britt & Browne LLP and McTigue Law Firm, request that the Retirees Committee Order be vacated or amended in part, and respectfully states:

191641.1

1. The Debtors filed their Chapter 11 petitions on October 8, 2005 ("Petition Date"). On the same date, the Debtors filed their Motion for Order (I) Appointing Unions as Authorized Representatives for Union-Represented Retirees Under 11 U.S.C. §§ 114(c) or 1114(d) or, in the Alternative, (II) Establishing Procedures for Solicitation, Nomination, and Appointment of Committee of Retirees ("Retiree Committee Motion" or "Motion").

2. The Motion states it was not served on a representative of any non-union retiree, including the Movants.

3. The Retiree Committee Motion sought, among other relief, to establish procedures for appointment of a Retiree Committee to represent both union retirees (should their unions elect not to represent them in the case), as well as non-hourly, salaried retirees.

4. The procedures would allow the Debtors to solicit, collect, and review nominations to the Retirees Committee with the Office of the United States Trustee, who may recommend nominees to the Court for the inclusion on the Retirees Committee.

5. Movants are retirees under the age of 65 who receives retiree health, life or disability benefits from the Debtors.

6. The Motion incorrectly states that the "Debtors have the right unilaterally to eliminate health care for retirees" who are not covered by a collective bargaining agreement, which implies non-union retirees will never need representation on the Retirees Committee. Motion ¶ 18.

7. Even if a pre-petition reservation of rights exists, the Debtors cannot unilaterally modify benefits for non-hourly retirees in this case without following the procedures mandated by Section 1114. S. REP. NO. 100-119, at 5 (1988) (Section 1114 "makes it clear that when a Chapter 11 petition is filed, retiree benefit payments must be continued without change until and unless a modification is agreed to by the parties or ordered by the court. *Section 1114(e)(1) rejects any other*

191641.1

*basis for trustees to cease or modify retiree benefit payments.*" S. REP. NO. 100-119, at 5 (1988) (Emphasis added.); *In re Farmland Industries, Inc.*, 294 B.R. 903 (Bankr. W.D. Mo. 2003) (plain language of § 1114 prohibits debtor's actions to modify retiree benefits pursuant to reserved rights); *In re Ionosphere Clubs, Inc.,* 134 B.R. 515, 523 (S.D.N.Y. 1991) (Section 1114 requires a debtor "to refrain from modifying any retiree benefits until a determination is made as to what modifications are 'necessary to permit the reorganization of the debtor'.").

8. Although the Retirees Committee Motion at first glance seems to deal exclusively with unrepresented union retirees, the Order would have a substantive impact on the rights of non-hourly, salaried retirees to be represented by a Retiree Committee in this case: The Retiree Committee could effectively be hand-picked by the Debtors without input from any representatives of non-union retirees; the Retiree Committee would have no salaried retirees, which would work an injustice if the Debtors, later attempt to reduce or eliminate retiree benefits to non-union retirees; and would provide for only one Retiree Committee during the course of this case, regardless of later attempts by the Debtors to reduce or eliminate the benefits of retirees not covered by collective bargaining agreements.

9. This Court entered an Order (the "Retiree Committee Order" or "Order") on October 18, 2005, setting the procedures for establishing the Retiree Committee "for the sole purpose of representing *retirees* in connection with their rights under sections 1114 and 1129(a)(13) of the Bankruptcy Code and for no other purpose." Order ¶ 11. (Emphasis added).

10. The Court should vacate or amend the Order because:

(A) There is no statutory basis for the Debtors to screen, review, or solicit nominations for the Retirees Committee, just as there is no authorization in the Bankruptcy Code allowing the Debtors to screen potential members of the Official Committee of Unsecured Creditors. Not

surprisingly, the revisions to 11 U.S.C. § 1114(d), which went into effect the day before the entry of the Order, clarifies that the United States Trustee shall appoint the Retiree Committee;

(B)   Notice to non-union, salaried retirees, whose rights would be implicated by the Motion and Order in the case, was non-existent or at least inadequate; and

(C)   The Order affects the rights of retirees not covered by a collective bargaining agreement to seek establishment of a Retirees Committee under 11 U.S.C. § 1114(d) in this case to safeguard their retiree benefits.

### Notice

11.   Notice of this Motion has been provided electronically or by U.S. Mail to the Office of the United States Trustee, counsel for the Debtors, the relevant unions, proposed counsel for the Official Committee of Unsecured Creditors, and counsel for the agent under Debtors' post-petition credit facility.

### Memorandum of Law

12.   Movant respectfully requests that the requirement of service and filing a separate memorandum under Local Rule 9013-1 be deemed satisfied by the incorporation of legal points and authorities in this Motion.

### Prayer for Relief

WHEREFORE, Movant requests that this Court enter an Order vacating in part and amending the Retiree Committee Order to (1) prohibit the Debtors from screening or reviewing Retiree Committee nominations and requiring the United States Trustee solely to review and recommend to the Court the retirees who should join the Retirees Committee; (2) provide notice of the formation of the Retirees Committee and the opportunity for nominations to the Committee by retirees not covered by collective bargaining agreements; (3) provide a minimum of three positions

on the Retirees Committee for non-hourly retirees; and (4) provide such other and further relief as is just and proper.

DATED: October 24, 2005.   SPENCER FANE BRITT & BROWNE LLP

By /s/ Daniel D. Doyle
   Daniel D. Doyle (pro hac pending)
   Nicholas Franke (pro hac pending)
   David M. Brown (pro hac pending)
   1 North Brentwood Boulevard, Tenth Floor
   St. Louis, MO 63105
   (314) 863-7733 – telephone
   (314) 862-4656 – facsimile

   ddoyle@spencerfane.com
   nfranke@spencerfane.com
   dbrown@spencerfane.com

      and

MCTIGUE LAW FIRM

By /s/ Cornish F. Hitchcock
   J. Brian McTigue (pro hac pending)
   Cornish F. Hitchcock (pro hac pending)
   McTigue Law Firm
   5301 Wisconsin Ave. N.W., Suite 350
   Washington, DC 20015
   mctigue@mctiguelaw.com
   (202) 364-6900 - telephone
   (202) 364-9960 - fax

   bmctigue@mctiguelaw.com
   conh@mctiguelaw.com

ATTORNEYS FOR MOVANTS