**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :
        In re                      :     Chapter 11
                                   :
DELPHI CORPORATION et al.,         :     Case No. 05-44581 (rdd)
                                   :
                    Debtors.       :     (Jointly Administered)
                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## AFFIDAVIT OF SERVICE

I, Amber M. Cerveny, being duly sworn according to law, deposes and says that I am employed by Kurtzman Carson Consultants, LLC, proposed claims and noticing agent for the Debtors in the above-captioned cases.

On October 14, 2005, under my direction and under my supervision, employees of KCC caused to be served, via first class US mail the documents listed in Section 1 on the parties attached hereto as Exhibit A;

### *Section 1*

I.  Scheduling Order on Debtors' Motion to (I) Reject Collective Bargaining Agreements Under Section 113(c) and (II) Eliminate Retiree Medical and Life Insurance Benefits for Union-Represented Retirees Under Section 1114(g) (Administrative Expense Order) **(Docket No. 218) [Attached hereto as Exhibit B]**

II.  Order Under 11 U.S.C. §§ 102(1) and 105 and Fed.R.Bankr.P. 2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and Administrative Procedures, and (III) Scheduling Initial Case Conference in Accordance with Local Bankr.P. 1007-2(e) (Case Management Order) **(Docket No. 245) [Attached hereto as Exhibit C]**

III.  Order Under 11 U.S.C. § 521 and Fed.R.Bankr.P. 1007(a) Authorizing Debtors to (I) Prepare Consolidated List of Creditors and Equity Security Holders in Lieu of Mailing Matrix, (II) File Consolidated List of 50 Largest Creditors, and (III) Mail Initial Notices (Consolidated Lists Order) **(Docket No. 219) [Attached hereto as Exhibit D]**

IV.  Order Under 11 U.S.C. §§ 105(a), 363, 1107, and 1108 Authorizing Debtors to Honor Prepetition Obligations to Customers and Otherwise Continue Customer Programs in the Ordinary Course of Business ("Customer Programs Order") **(Docket No. 221) [Attached hereto as Exhibit E]**

V.  Order Under 11 U.S.C. §§ 105(a), 363, 1107, and 1108 and Fed.R.Bankr.P. 4001 Authorizing Debtors to Enter Into, Continue Performance Under, and Provide Credit

Support Under Derivative Contracts ("Derivate Contracts Order") **(Docket No. 222)** **[Attached hereto as Exhibit F]**

VI.   Order Under 11 U.S.C. §§ 105(a), 363, 1107, and 1108 Authorizing (I) Payment of Prepetition Obligations to Foreign Creditors and (II) Financial Institutions to Honor and Process Related Checks and Transfers ("Foreign Creditors Order") **(Docket No. 224)** **[Attached hereto as Exhibit G]**

VII.   Order Under 11 U.S.C. § 345 Authorizing Continued Use of Existing Investment Guidelines ("Investment Guidelines Order") **(Docket No. 226) [Attached hereto as Exhibit H]**

VIII.   Protective Order Under 11 U.S.C. §§ 1113(d)(3) and 1114(k)(3) ("Protective Order") **(Docket No. 228) [Attached hereto as Exhibit I]**

IX.   Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed.R.Bankr.P. 9019 Establishing Procedures for the Treatment of Reclamation Claims ("Reclamation Order") **(Docket No. 230) [Attached hereto as Exhibit J]**

X.   Order (I) Appointing Unions as Authorized Representatives for Union-Represented Retirees Under 11 U.S.C. §§ 1114(c) and 1114(d) or, in the Alternative, (II) Establishing Procedures for Solicitation, Nomination, and Appointment of Committee of Retired Employees ("Retiree Committee Order") **(Docket No. 231) [Attached hereto as Exhibit K]**

XI.   Order Under 11 U.S.C. § 521(1) and Fed.R.Bank.R.P. 1007 and 9006(b) Granting Extension of Time to Debtors to File Schedules and Statements ("Extension for Schedules Order") **(Docket No. 223) [Attached hereto as Exhibit L]**

XII.   Order Under 11 U.S.C. §§ 105, 363(b), 507(a)(8), 541, 1107 and 1108 Authorizing Debtors to Pay Prepetition Sales, Use, Trust Fund and Other Taxes and Related Obligations ("Taxes Order") **(Docket No. 233) [Attached hereto as Exhibit M]**

XIII.   Interim Order Under 11 U.S.C. §§ 105, 366, 503, and 507 Prohibiting Utilities From Altering, Refusing, or Discontinuing Services on Account of Prepetition Invoices ("Utilities Interim Order") **(Docket No. 234) [Attached hereto as Exhibit N]**

XIV.   Interim Order Under 11 U.S.C. § 327(a) and Fed.R.Bankr.P. 2014(a) (I) Authorizing the Employment and Retention of Togut, Segal & Segal LLP as Conflicts Counsel for the Debtors and (II) Scheduling Final Hearing Thereon ("Togut Retention Interim Order") **(Docket No. 275) [Attached hereto as Exhibit O]**

XV.   Interim Order Under 11 U.S.C. §§ 327(a) and 329 and Fed.R.Bankr.P. 2014 and 2016 (I) Authorizing Employment and Retention of Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates as Attorneys for Debtors-In-Possession and (II) Scheduling a Final Hearing Thereon ("Skadden Retention Interim Order") **(Docket No. 274) [Attached hereto as Exhibit P]**

XVI.   Interim Order Under 11 U.S.C. § 327(e) and Fed.R.Bankr.P. 2014 (I) Authorizing Employment and Retention of Shearman & Sterling LLP as Special Counsel to Debtors

and (II) Scheduling Final Hearing Thereon ("Shearman & Sterling Retention Interim Order") **(Docket No. 273) [Attached hereto as Exhibit Q]**

XVII.  Interim Order Under 11 U.S.C. §§ 327(a) and 328 (I) Authorizing Employment and Retention of Rothschild Inc. as Financial Advisor and Investment Banker to Debtors and (II) Scheduling a Final Hearing Thereon ("Rothschild Retention Interim Order") **(Docket No. 272) [Attached hereto as Exhibit R]**

XVIII.  Interim Order Under 11 U.S.C. §§ 327(e) and 1107(a) (I) Authorizing Employment and Retention of O'Melveny & Myers LLP as Special Labor Counsel to Debtors and (II) Scheduling Final Hearing Thereon ("O'Melveny & Myers Retention Interim Order") **(Docket No. 271) [Attached hereto as Exhibit S]**

XIX.  Interim Order Under 28 U.S.C. § 156(c) Authorizing Retention and Appointment of Kurtzman Carson Consultants LLC as Claims, Noticing, and Balloting Agent for Clerk of Bankruptcy Court ("KCC Retention Interim Order") **(Docket No. 270) [Attached hereto as Exhibit T]**

XX.  Interim Order Under 11 U.S.C. §§ 327 (e) and 1107(a) (I) Authorizing Employment and Retention of Retain Groom Law Group Chartered as Special Employee Benefits Counsel to Debtors and (II) Scheduling Final Hearing Thereon ("Groom Law Group Retention Interim Order") **(Docket No. 269) [Attached hereto as Exhibit U]**

XXI.  Interim Order Under 11 U.S.C. § 327(a) and Fed.R.Bankr.P. 2014 and 2016 (I) Authorizing Employment and Retention of FTI Consulting, Inc. as Restructuring and Financial Advisors to Debtors and (II) Scheduling Final Hearing Thereon ("FTI Retention Interim Order") **(Docket No. 268) [Attached hereto as Exhibit V]**

XXII.  Scheduling Order on Debtors' Motions to (I) Reject Collective Bargaining Agreements Under Section 1113 (c) and (II) Eliminate Retiree Medical and Life Insurance Benefits for Union-Represented Retirees Under Section 1114(g) ("1113 and 1114 Scheduling Order") **(Docket No. 232) [Attached hereto as Exhibit W]**

On October 14, 2005, under my direction and under my supervision, employees of KCC caused to be served, via overnight delivery the document listed in Section 2 on the parties attached hereto as <u>Exhibits A, Y & EE</u>

### *Section 2*

I.  Interim Order Under 11 U.S.C. §§ 363 and 553 Authorizing (I) Continued Maintenance of Existing Bank Accounts, (II) Continued Use of Existing Cash Management System, (III) Continued Use of Existing Business Forms, (IV) Preservation and Exercise of Intercompany Setoff Rights, and (V) Grant of Administrative Status for Postpetition Intercompany Transactions (Cash Management) **(Docket No. 240) [Attached hereto as Exhibit X]**

On October 14, 2005, under my direction and under my supervision, employees of KCC caused to be served, via first class US mail the document listed in Section 3 on the parties attached hereto as <u>Exhibit Z;</u>

### *Section 3*

I.   Interim Order Under 11 U.S.C. §§ 105, 366, 503, and 507 Prohibiting Utilities From Altering, Refusing, or Discontinuing Services on Account of Prepetition Invoices ("Utilities Interim Order") **(Docket No. 234) [Attached hereto as Exhibit N]**

On October 14, 2005, under my direction and under my supervision, employees of KCC caused to be served, via first class US mail the documents listed in Section 3 on the parties attached hereto as Exhibit AA;

### *Section 4*

I.   Order Under 11 U.S.C. §§ 105, 363(b), 507(a)(8), 541, 1107 and 1108 Authorizing Debtors to Pay Prepetition Sales, Use, Trust Fund and Other Taxes and Related Obligations ("Taxes Order") **(Docket No. 233) [Attached hereto as Exhibit M]**

On October 14, 2005, under my direction and under my supervision, employees of KCC caused to be served, via first class US mail the documents listed in Section 4 on the parties attached hereto as Exhibit BB;

### *Section 5*

I.   Order (I) Appointing Unions as Authorized Representatives for Union-Represented Retirees Under 11 U.S.C. §§ 1114(c) and 1114(d) or, in the Alternative, (II) Establishing Procedures for Solicitation, Nomination, and Appointment of Committee of Retired Employees ("Retiree Committee Order") **(Docket No. 231) [Attached hereto as Exhibit K]**

II.  Protective Order Under 11 U.S.C. §§ 1113(d)(3) and 1114(k)(3) ("Protective Order") **(Docket No. 228) [Attached hereto as Exhibit I]**

III. Scheduling Order on Debtors' Motions to (I) Reject Collective Bargaining Agreements Under Section 1113 (c) and (II) Eliminate Retiree Medical and Life Insurance Benefits for Union-Represented Retirees Under Section 1114(g) ("1113 and 1114 Scheduling Order") **(Docket No. 232) [Attached hereto as Exhibit W]**

On October 14, 2005, under my direction and under my supervision, employees of KCC caused to be served, via first class US mail the documents listed in Section 6 on the parties attached hereto as Exhibit CC;

### *Section 6*

I.   Protective Order Under 11 U.S.C. §§ 1113(d)(3) and 1114(k)(3) ("Protective Order") **(Docket No. 228) [Attached hereto as Exhibit I]**

II.  Scheduling Order on Debtors' Motions to (I) Reject Collective Bargaining Agreements Under Section 1113 (c) and (II) Eliminate Retiree Medical and Life Insurance Benefits for Union-Represented Retirees Under Section 1114(g) ("1113 and 1114 Scheduling Order") **(Docket No. 232) [Attached hereto as Exhibit W]**

On October 14, 2005, under my direction and under my supervision, employees of KCC caused to be served, via first class US mail the document listed in Section 7 on the parties attached hereto as <u>Exhibit DD;</u>

### *Section 7*

I.  Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed.R.Bankr.P. 9019 Establishing Procedures for the Treatment of Reclamation Claims ("Reclamation Order") **(Docket No. 230) [Attached hereto as Exhibit J]**

On October 14, 2005, under my direction and under my supervision, employees of KCC caused to be served, via first class US mail the document listed in Section 8 on the parties attached hereto as <u>Exhibit EE</u>

### *Section 8*

I.  Order Under 11 U.S.C. §§ 105, 363(b), 507(a)(8), 541, 1107 and 1108 Authorizing Debtors to Pay Prepetition Sales, Use, Trust Fund and Other Taxes and Related Obligations ("Taxes Order") **(Docket No. 233) [Attached hereto as Exhibit M**

II. Order Under 11 U.S.C. § 345 Authorizing Continued Use of Existing Investment Guidelines ("Investment Guidelines Order") **(Docket No. 226) [Attached hereto as Exhibit H**

Dated: October 25, 2005

<u>*Amber M. Cerveny*</u>
Amber M. Cerveny

Sworn to and subscribed before
me on October 25, 2005

<u>*Evan J. Gershbein*</u>
Notary Public

My Commission Expires: ___1/19/07_____

# EXHIBIT A

| Contact | Company | Address 1 | Address 2 | City | State | Zip | Country | Fax |
|---|---|---|---|---|---|---|---|---|
| Akihiko Imaya Group | Sharp Electronics Corp | Deputy General Manager | 26131 Chinomoto Cho Tenri | Nara | | 632-8567 | Japan | 81-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 |
| Albert Togut | Togut Segal & Segal LLP | One Penn Plaza | Suite 3335 | New York | NY | 10119 | US | 212-967-4258 |
| Alps Automotive Inc | Muneki Mitch Ishida | 1500 Atlantic Blvd | | Auburn Hills | MI | 48326 | US | 248-391-1564 |
| Ann Wagoner | Applied Bio Systems | 850 Lincoln Centre Dr | | Foster City | CA | 94404 | US | 650-638-5998 |
| Barry Perry | Engelhard Corporation | 101 Wood Ave | | Iselin | NJ | 08830 | US | 732-906-0337 |
| Bill Staron | Dmc 2 Canada Corporation | 2347 Commercial Dr | | Auburn Hills | MI | 48326 | US | 248-340-2471 |
| Bjoern Goeke | Victory Packaging | 3555 Timmons Lane | Suite 1440 | Houston | TX | 77027 | US | 713-961-3824 |
| Brad Countryman  Salesman | Isi Of Indiana Inc | 1212 East Michigan St | | Indianapolis | IN | 46202 | US | 317-631-7981 |
| Brent Mewhinney | Texas Instruments Inc | 12900 North Meridian St | Suite 175 Ms 4070 | Carmel | IN | 46032 | US | 317-573-8410 |
| Brian Mcgowan Sales Manager | Corus Lp | 496 Highway 35 Rr2 | | Pontypool | ON | LOA 1KO | Canada | 705-277-9742 |
| Brian Ruel | Timken Company | 31100 Telegraph Rd Ste 270 | | Bingham Farms | MI | 48025 | US | 248-433-2253 |
| Bruce A Fassett | Carlisle Engineered Prods | 100 Seventh Ave Ste 100 | | Chardon | OH | 44024 | US | 734-367-1431 |
| Chet Korzeniewski | Fujitsu Ten Corporation | 46029 Five Mile Rd | | Plymouth | MI | 48170 | US | 734-414-6660 |
| Clifford Trapani | JPMorgan Chase Bank NA | Loan and Agency Services Group | 1111 Fannin 10th Floor | Houston | TX | 77002 | US | 713-750-2948 |
| Darrell Seitz Senior Acct Mgr | Hitachi Automotive | 955 Warwick Rd | | Harrodsburg | KY | 40330 | US | 248-474-5097 |
| David Bader | Hss Llc | 5446 Dixie Highway | | Saginaw | MI | 48601 | US | 989-777-4818 |
| David L Resnick | Rothchild Inc | 1251 Avenue of the Americas | | New York | NY | 10020 | US | 212-403-5454 |
| David M Mcginnis | Murata Electronics North | 2200 Lake Park Dr | | Smyrna | GA | 30080 | US | 678-842-6625 |
| Deirdre A Martini | United States Trustee | 33 Whitehall Street | Suite 2100 | New York | NY | 10004 | US | 212-668-2256 |
| Denver Denver Sales Manager | Olin Corp | 427 N Shamrock St | | East Alton | IL | 62024 | US | 618-258-3481 |
| Don Duda President | Methode Electronics Inc | 7401 W Wilson | | Chicago | IL | 60706 | US | 708-867-3288 |
| Donald Bernstein | Davis Polk & Wardwell | 450 Lexington Avenue | | New York | NY | 10017 | US | 212-450-3092 |
| Douglas Bartner Jill Frizzley | Shearman & Sterling LLP | 599 Lexington Avenue | | New York | NY | 10022 | US | 212-848-7179 |
| Dr Jurgen W Gromer | Tyco Electronics Corp | PO Box 3608 | | Harrisburg | PA | 17105 | US | 717-592-7555 |
| Dr Jurgen W Gromer | Tyco Electronics Corp | PO Box 3608 | | Harrisburg | PA | 17105-3608 | US | 717-592-7555 |
| Dr Jurgen W Gromer | Tyco Electronics Corp | Amperestrabe 1214 | | Bensheim | | D-64625 | Germany | 49-0-62-51-133-1-548 |
| Ed Mike Sales Manager | Solectron De Mexico Sa De Cv | Solectron Invotronics | 26525 American Dr | Southfield | MI | 48034 | US | 248-263-8701 |
| Frank H Avant  President | Tdk Corporation Of America | 1221 Business Center Dr | | Mount Prospect | IL | 60056 | US | 847-803-1125 |
| Gary Thoe Chairman | Waupaca Foundry Inc | 311 S Tower Rd | | Waupaca | WI | 54981 | US | 715-258-1712 |
| Gordon Diag | Pbr Automotive Usa Pacific Group | 140 Ellen Dr | | Orion Township | MI | 48359 | US | 248-377-4939 |
| Harold M Stratton | Strattec Security Corp | 3333 West Good Hope Rd | | Milwaukee | WI | 53209 | US | 414-247-3329 |
| Hironobu Ono | Cataler North America Corp | 7800 Chihama | | Kakegawa-City Shizuoka | | | Japan | 81-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 |
| Hitachi Automotive | | 34500 Grand River Ave | | Farmington Hills | MI | 48335 | US | 248-474-5097 |
| Hitachi Chemical Asia Pacific | Hitachi Chemical Asia Pacific | Bedok Plant 20 | Bedock South Rd | Singapore | | 469277 | Singapore | 656-444-6002 |
| Infineon Technologies | | StMartinStrasse 53 | | Munich | | 81669 | Germany | 49-0-89-234-8-52-02 |
| James D Clark | IUE  Comm Workers of America | 501 3rd St NW 6th Floor | | Washington | DC | 20001 | US | 202-434-1343 |
| James Le | Kurtzman Carson Consultants | 12910 Culver Blvd | Suite I | Los Angeles | CA | 90066 | US | 310-751-1561 |
| Jeffrey Cohen | Pension Benefit Guaranty Corporation | 1200 K Street NW | Suite 340 | Washington | DC | 20005 | US | 202-326-4112 |
| Jeffrey Cohen | Pension Benefit Guaranty Corp | 1200 K St NW | | Washington | DC | 20005 | US | 202-326-4112 |
| Jim Offer | Pechiney Rolled Products | 39111 W Six Mile Rd | | Livonia | MI | 48152 | US | 734-632-8483 |
| Jim Trent | Nec Electronics Inc | Three Galleria Tower | 13155 Noel Rd Ste 1100 | Dallas | TX | 75240 | US | 972-655-5133 |
| Joe M Dorris President | Futaba Corp Of America | 2865 Wall Triana Hwy | | Huntsville | AL | 35824 | US | 256-461-7741 |
| Joe Minville | Flextronics Intl Asia Pacific | 2 Robbins Rd | | Westford | MA | 01886 | US | 978-392-3011 |
| Joel Robinson President Bob Finn | American Axle & Mfg Inc | One Dauch Dr | | Detroit | MI | 48211 | US | 313-974-2870 |
| John Devine | General Motors Corporation | 300 Renaissance Center | PO Box 300 | Detroit | MI | 48265 | US | 517-272-3709 |
| John Devine | General Motors Corporation | 300 Renaissance Center | PO Box 300 | Detroit | MI | 48265 | US | 517-272-3709 |
| John Nielsen Dir Sales | Trw Automotive | 12000 Tech Center Dr | | Livonia | MI | 48150 | US | 734-266-5704 |
| John Wm Butler J Lyons R Meisler | Skadden Arps Slate Meagher & Flom | 333 W Wacker Dr | Suite 2100 | Chicago | IL | 60606 | US | 312-407-0411 |
| Kayalyn A Marafioti Thomas J Matz | Skadden Arps Slate Meagher & Flom | 4 Times Square | | New York | NY | 10036 | US | 212-735-2000 |
| Kenji Ito Vp Larry Khaykin | Aw Transmission Eng Asian Seiki Co | Metro West Industrial Park | 14933 Keel St | Plymouth | MI | 48170 | US | 734-416-3844 |
| Kenneth S Ziman Robert H Trust | Simpson Thatcher & Bartlett LLP | 425 Lexington Avenue | | New York | NY | 10017 | US | 212-455-2502 |
| Khuyen Ta | JPMorgan Chase Bank NA | Agent Bank Services Group | 1111 Fannin 10th Floor | Houston | TX | 77002 | US | 713-750-2938 |
| Lance Williams Director Of Sales | Semiconductor Components | 2000 S County Trail | | East Greenwich | RI | 02818 | US | 734-953-6860 |
| Leo W Gerard | United Steel Workers | 5 Gateway Center | | Pittsburgh | PA | 15222 | US | 412-562-2484 |
| Linda Lynch | Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | US | 248-848-6505 |
| Lonie A Hassel | Groom Law Group | 1701 Pennsylvania Avenue NW | | Washington | DC | 20006 | US | 202-659-4503 |
| Martin J Bienenstock | Weil Gotshal & Manges LLP | 767 Fifth Avenue | | New York | NY | 10153 | US | 212-310-8007 |
| Michael Rudnicki | Niles Usa Inc | 41129 Jo Dr | | Novi | MI | 48375 | US | 248-427-9701 |
| Patrick Healy | Law Debenture Trust Company of NY | 780 Third Ave 31st Fl | | New York | NY | 10017 | US | 212-750-1361 |
| Paul Grimme | Freescale Semiconductor Inc | 6501 William Cannon Dr West | | Austin | TX | 78735 | US | 512-895-8746 |
| Peter Bauer EVP | Infineon Technologies | PO Box 80 09 49 | | Munich | | 81609 | Germany | 49-0-89-234-8-52-02 |
| Peter Bauer, EVP | Infineon Technologies | PO Box 80 09 49 | | Munich | | 81609 | Germany | 49-0-89-234-8-52-02 |
| Petr H Huizinga | Siemens Automotive Ltd | 2400 Executive Hill Blvd | | Auburn Hills | MI | 48326 | US | 248-209-7877 |
| Pioneer Indl Comp | Auto Electr Sales Inc | Kevin M Martin SVP | 22630 Haggerty Rd | Farmington | MI | 48335 | US | 248-449-1940 |
| Ralph Seibt Sales Manager | Westwood Associates Inc | 612 Willers Farm Rd | | Milford | CT | 06460 | US | 203-283-3100 |
| Randall S Eisenberg | FTI Consulting Inc | 3 Times Square | 11th Floor | New York | NY | 10036 | US | 212-841-9350 |
| Richard Shoemaker | United Auto Workers | 8000 E Jefferson | | Detroit | MI | 48214 | US | 313-823-6016 |
| Robert Caruso | FTI Consulting Inc | 333 West Wacker Drive | Suite 600 | Chicago | IL | 60606 | US | 312-759-8119 |
| Robert Siegel | O'Melveny & Meyer LLP | 400 South Hope Street | | Los Angeles | CA | 90071 | US | 213-430-6407 |

Master Service List

| Contact | Company | Address 1 | Address 2 | City | State | Zip | Country | Fax |
|---|---|---|---|---|---|---|---|---|
| Ron Schubel | Molex Inc | 222 Wellington Court | | Lisle | IL | 60532 | US | 630-813-5888 |
| Russ Pollack Director Of Sales | Traxle Mfg Ltd | 25300 Telegraph Rd Ste 450 | Raleigh Office Center | Southfield | MI | 48034 | US | 248-355-3558 |
| Sam L Trency | Philips Semiconductors | 1817 Dogwood Dr | | Kokomo | IN | 46902 | US | 765-452-9915 |
| Scott Dekoker | Autocam Corporation | East Paris Ave | | Kentwood | MI | 49512 | US | 616-698-6876 |
| Scott King | FTI Consulting Inc | Park One Center | 6100 Oaktree Blvd Suite 200 | Cleveland | OH | 44131 | US | 216-986-2749 |
| Scott Shilling Sales Director | Sgs Thompson | Victor Park West | 19575 Victor Parkway | Livonia | MI | 48152 | US | 734-462-4034 |
| Sean Corcoran Karen Craft | Delphi Corporation | 5725 Delphi Drive | | Troy | MI | 48098 | US | 248-813-2670 |
| Steven M Cimalore | Wilmington Trust Company | 1100 N Market St | Rodney Square N | Wilmington | DE | 19890 | US | 302-636-4143 |
| Ted B Opie | General Electric Company | Two Towne Square | | Southfield | MI | 48076 | US | 248-262-2663 |
| Thomas F Maher R Duker G Russello | JPMorgan Chase Bank NA | 270 Park Avenue | | New York | NY | 10017 | US | 212-270-0430 |
| Tim Kuppler Vice President | Ti Group Automotive System | 12345 E Nine Mile | | Warren | MI | 48090 | US | 586-427-3175 |
| Tom A Jerman Rachel Janger | O'Melveny & Meyer LLP | 1625 Eye Street NW | | Washington | DC | 20006 | US | 202-383-5414 |
| Tracy Delcampo | Calsonic N America Inc | 27000 Hills Tech Court | | Farmington Hills | MI | 48331 | US | 248-848-4850 |
| Vilma Francis | JPMorgan Chase Bank NA | 270 Park Avenue | | New York | NY | 10017 | US | 212-270-5484 |
| Vince Sarrecchia | Panasonic Automotive | 26455 American Dr | | Southfield | MI | 48034 | US | 248-447-7008 |
| Y Yokoya | Hitachi Chemical Asia Pacific | Loyang Plant 32 | Loyang Way | Singapore | | 508730 | Singapore | 656-546-2842 |

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                           :

In re                          :

                           :    Chapter 11

DELPHI CORPORATION, et al.,      :

                           :    Case No.  05 – 44481 (RDD)

              Debtors.       :

                           :    (Jointly Administered)

                           :

---------------------------------------------------------x

### ORDER UNDER 11 U.S.C. § 503(b) CONFIRMING GRANT OF ADMINISTRATIVE EXPENSE STATUS TO OBLIGATIONS ARISING FROM POSTPETITION DELIVERY OF GOODS AND AUTHORIZING DEBTORS TO PAY <u>SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS</u>

### ("ADMINISTRATIVE EXPENSE ORDER")

        Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation

and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11

U.S.C. § 503(b) confirming the grant of administrative expense status to obligations arising

from postpetition delivery of goods; and upon the Affidavit Of Robert S. Miller, Jr. In

Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005; and upon

the record of the hearing held on the Motion; and this Court having determined that the relief

requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and

other parties-in-interest; and it appearing that proper and adequate notice of the Motion has

been given and that no other or further notice is necessary; and after due deliberation thereon;

and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    The subcontractors, suppliers, and vendors shall have administrative expense priority claims under 11 U.S.C. § 503(b) for those undisputed obligations arising from prepetition purchase orders outstanding on the Petition Date relating to materials, supplies, goods, products, and related items received and accepted by the Debtors on or subsequent to the Petition Date.

3.    The Debtors are authorized but not directed to honor or pay those obligations arising from the postpetition delivery of goods ordered by the Debtors before the Petition Date.  For purposes of this Order, goods shall be deemed to be delivered to the Debtors postpetition (a) if possession or control of such goods is transferred to the Debtors on or after the Petition Date or (b) if, pursuant to a contract or applicable nonbankruptcy law, risk of loss of such goods passes to the Debtors on or after the Petition Date.

4.    The payment of an obligation arising from the Outstanding Orders shall not preclude the Debtors from contesting the validity of such amounts claimed to be due.

5.    Nothing contained in the Motion or in this Order shall be deemed to constitute an assumption, adoption, or rejection of any executory contract or agreement between the Debtors and any third party.

6.    The entry of this Order is final; provided, however, that (a) within ten business days after the official committee of unsecured creditors (the "Creditors' Committee") has been formed and retained counsel, the Creditors' Committee may object to the prospective application of this Order from and after the date of such objection, (b) if any such objection is

2

timely made, it shall be heard at the next regularly-scheduled omnibus hearing in these cases,

and (c) pending such hearing, this Order shall remain in full force and effect.

       7.   The Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

       8.   The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Motion.

Dated:     New York, New York
           October 13, 2005


               /s/ ROBERT D. DRAIN
               UNITED STATES BANKRUPTCY JUDGE

# **<u>EXHIBIT C</u>**

UNITED STATES BANK
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - -

|                              |   |                          |
|------------------------------|---|--------------------------|
|                              | : |                          |
| In re                        | : |                          |
|                              | : | Chapter 11               |
| DELPHI CORPORATION, et al.,   | : |                          |
|                              | : | Case No. 05–44481 (RDD)  |
| Debtors.                     | : |                          |
|                              | : | (Jointly Administered)   |
|                              | : |                          |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - -

ORDER UNDER 11 U.S.C. §§ 102(1) AND 105 AND FED. R. BANKR. P.  2002(m),
9006, 9007, AND 9014 ESTABLISHING (I) OMNIBUS HEARING DATES, (II)
CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE
PROCEDURES, AND (III) SCHEDULING AN INITIAL CASE CONFERENCE IN
ACCORDANCE WITH LOCAL BANKR. R. 1007-2(e)

("CASE MANAGEMENT ORDER")

Upon the motion dated October 8, 2005 (the "Motion")[1] of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"),

debtors and debtors-in-possession in the above captioned cases (collectively, the

"Debtors"), for an order under 11 U.S.C. §§ 102(1),  105(a), and 105(d) and Fed. R.

Bankr. P. 2002(m), 9006, 9007, and 9014 establishing (a) omnibus hearing dates, (b)

certain notice, case management, and administrative procedures in the Debtors' chapter 11

---

[1]     Unless otherwise defined herein, all capitalized terms shall have the meaning
ascribed to them in the Motion.

cases, and (c) scheduling an initial case conference in accordance with Rule 1007-2(e) of

the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern

District of New York (the "Local Rules"), and upon the Affidavit Of Robert S. Miller, Jr.

In Support Of Chapter 11 Petitions And First Day Orders, sworn to on October 8, 2005;

and upon the record of the hearing held on the Motion; and this Court having determined

that the relief requested in the Motion is in the best interests of the Debtors, their estates,

their creditors, and other parties-in-interest; and it appearing that proper and adequate

notice of the Motion has been given and that no other or further notice is necessary; and

after due deliberation thereon, and good and sufficient cause appearing therefor, it is

hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED as provided herein.

A.    <u>Scheduling Matters</u>

2.    At present, it is estimated that the Debtors have tens of thousands

of creditors and other parties-in-interest.  The Debtors anticipate that many of these parties

will file numerous motions and applications in these cases in pursuit of various forms of

relief.  In order to efficiently manage this process, every notice, motion, or application, and

all briefs, memoranda, affidavits, declarations, or other documents filed concurrently

2

therewith in these cases (collectively, the "Filings") shall be subject to the case management procedures described below.

<u>Omnibus Hearing Dates</u>

3.        This Court shall conduct the following Omnibus Hearings on a monthly basis in these cases (the "Omnibus Hearing Dates"), to be held in Courtroom 610, United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 unless the Debtors are otherwise notified by the Court.  The following dates and times have been scheduled as Omnibus Hearing Dates in these chapter 11 cases:

> October 27, 2005 at 10:00 a.m. (Prevailing Eastern Time)
>
> November 29, 2005 at 10:00 a.m. (Prevailing Eastern Time)
>
> January 5, 2006 at 10:00 a.m. (Prevailing Eastern Time)
>
> February 9, 2006 at 10:00 a.m. (Prevailing Eastern Time)
>
> March 9, 2006 at 10:00 a.m. (Prevailing Eastern Time)
>
> April 7, 2006 at 10:00 a.m. (Prevailing Eastern Time)

4.        Omnibus Hearing Dates will occur thereafter as may be scheduled by this Court.  All matters requiring a hearing in these cases shall be set for and be heard on Omnibus Hearing Dates unless alternative hearing dates are approved by the Court for good cause shown.

<u>Scheduling Of Evidentiary Hearings</u>

5.       If an objection or other responsive pleading is filed in response to

a Filing, then the hearing on such matter shall be deemed an evidentiary hearing at which

witnesses may testify, unless the Debtors' proposed agenda otherwise provides or the

Court informs the parties that it has determined to hold a pre-hearing conference on such

date.  Within a reasonable time after an objection or other responsive pleading is filed but

prior to the hearing of the matter, the Debtors or such other party that has filed with the

Court the Filing seeking relief (the "Movant") and the party filing the objection or other

responsive pleading (the "Objecting Party") shall meet and confer to discuss a possible

resolution of the objection or the issues raised in the responsive pleading.  If the objection

or issues raised in the responsive pleading cannot be resolved, then the Movant and the

Objecting Party shall meet and confer to discuss the process for identification of the

proposed evidence to be introduced and witnesses to be called by the Movant and the

Objecting Party so that the hearing can be conducted in an orderly manner.

6.       Any document identifying such evidence and witnesses must be

served on (a) the Movant and/or any opposing party, as applicable, (b) the Debtors'

counsel, (c) counsel for any statutory committee appointed in these cases (each, a

"Committee"), (d) counsel for the agent under the Debtors' prepetition credit facility, (e)

counsel for the agent under the Debtors' proposed postpetition credit facility, and (f) the

4

Office of the United States Trustee.  Such documents need not be filed with the Court,

unless the document is an objection or other responsive pleading, but they must be made

available to the Court by the serving party in the event of a dispute.  Any party that fails to

identify its evidence or witnesses as provided for herein may be precluded from presenting

such evidence or witnesses at the hearing on the matter.  Nothing shall preclude any party

from presenting proffers, on direct, in connection with uncontested matters, or agreeing

with an opposing party to present proffers in any contested matter in lieu of the direct

testimony of any witness or otherwise stipulating to facts or documentary evidence.

       7.     The Debtors are required to describe the status of contested

evidentiary hearings on the proposed hearing agendas submitted to the Court in connection

with each hearing.  If a Movant and Objecting Party agree that a hearing will not be an

evidentiary hearing, the Debtors shall advise the Court's chambers not less than three days

before such scheduled hearing in the proposed hearing agenda.

Filing Procedures And Deadlines:  Motions,<br>Applications, Objections, And Responses

       8.     Electronic Filing.  Every notice, motion, or application, and all

briefs, memoranda, affidavits, declarations, or other documents filed in these cases

(collectively, the "Filings") and Adversary Pleading shall be electronically filed on this

Court's Electronic Filing System except with regard to documents which may be filed

under seal pursuant to Court order.

5

9.      <u>Consent To Electronic Filing.</u>  Each party that files a notice of

appearance and a request for service of papers (a "Notice Request")[2] shall be deemed to

have consented to electronic service of Filings and Adversary Proceedings, in accordance

with Section II(B) of the Electronic Procedures, except for (a) the Debtors and their

undersigned counsel, (b) parties on the Master Service List, (c) each Committee, and

prior to the appointment of an official committee of unsecured creditors established in

these cases pursuant to section 1102 of United States Code, 11U.S.C. §§ 101-1330 (the

"Bankruptcy Code"), the Debtors' 50 largest unsecured creditors on a consolidated basis,

(d) any department or agency of the United States of America, including the Office of the

United States Attorney, as may be required in accordance with Section II(B)(3) of the

Electronic Procedures, or in accordance with a subsequent order of this Court, and (e)

parties who, in their Notice Request, (i) ask to be exempt from electronic service and (ii)

file a certification stating the reasons why the party does not want to receive notice by

electronic means.  <u>No party may send notice to, or communicate with, the Office of the</u>

<u>United States Trustee, by electronic means</u>.

---

[2]      A valid Notice Request shall include: (a) the party's name and address, (b) the
name of the client (unless the party is appearing solely on its own behalf), (c) an e-
mail address at which the requesting party can be served, (d) an address at which
the requesting party may be served by U.S. mail, hand delivery, and overnight
delivery, and (e) a facsimile number for the requesting party.  No Notice Request
shall be deemed effective unless all of the foregoing requirements are satisfied.

6

10.    <u>Filing Deadline</u>.  Except as otherwise provided by the Bankruptcy Code or the Bankruptcy Rules, in order for a Filing (other than a motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)) to be heard at the next-scheduled Omnibus Hearing Date, a movant or applicant must file such a Filing with this Court <u>at least ten days prior</u> to the next-scheduled Omnibus Hearing Date (the "Filing Deadline"), and must serve such filing in accordance with the Notice Procedures.  Subject to paragraph 11 below, if such Filing is filed and served <u>less than ten days prior</u> to the next scheduled Omnibus Hearing Date, the hearing with respect to such Filing shall be the Omnibus Hearing Date thereafter.

11.    In the event a party cannot comply with the Filing Deadline and the Notice Procedures, such party may shorten the Filing Deadline and modify the Notice Procedures and have a Filing heard on the next Omnibus Hearing Date, if, and only if, for cause shown, this Court shortens such time and modifies the Notice Procedures.

12.    <u>Scheduling Of Automatic Stay Motions</u>.  Unless this Court orders otherwise, for good cause shown, where the Filing is a motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and where such motion is filed <u>more than 14 days before</u> the upcoming Omnibus Hearing Date, then the preliminary hearing date for such matter shall be set on such upcoming Omnibus Hearing Date.  Where the Filing in such matter is filed <u>less than 14 days before</u> the upcoming Omnibus Hearing Date, then the

7

preliminary hearing for such matter shall be set at the Omnibus Hearing Date following the

upcoming Omnibus Hearing Date.  Except as specifically set forth herein, all other

procedures for such motions shall otherwise conform to the Local Rules and the

Bankruptcy Rules.

13.    <u>Objection Deadline</u>.  In the event that a Filing is a motion or

application for relief, any objection shall be filed (the "Objection Deadline"):

(a)    on the seventh calendar date before the applicable
Omnibus Hearing Date (or such other date upon which the
Court will consider the Filing) if the Filing is served at least
20 days prior to the applicable Omnibus Hearing Date;
<u>provided</u> <u>that</u> such Filing is not of a type requiring more
than ten days notice under the Bankruptcy Code, the
Bankruptcy Rules or the Local Rules of this Court; or

(b)    on the third calendar date or the second business date,
whichever date occurs first, before the applicable
Omnibus Hearing Date (or such other date upon which the
Court will consider the Filing) if the Filing is served less
than 20 but at least ten days prior to the applicable
Omnibus Hearing Date; or

(c)    as otherwise ordered by the Court.

14.    The relief requested in the Filing may be granted without a hearing

if no objection is timely filed.  Should a timely objection be submitted, the party filing the

initial motion shall be allowed, but not required, to file a reply to such objection or other

8

responsive pleading on or before 4:00 p.m. on the day immediately prior to the applicable

Omnibus Hearing Date or such other date and time that the Court allows.

B.      Notice Procedures

15.     Every Filing shall be subject to the filing and notice procedures

described herein (the "Notice Procedures").  All Filings shall be served via overnight mail

upon all parties with a particularized interest in the subject of the Filing, with a hard copy

to chambers, as well as the following list (the "Master Service List") of parties or entities[3]:

> (a)    The Debtors and their counsel;
>
> (b)    The Office of the United States Trustee;
>
> (c)    The members of and counsel for each Committee;
>
> (d)    Counsel for the agent under the Debtors' prepetition credit facility;
>
> (e)    Counsel for the agent under the Debtors' proposed postpetition credit facility; and
>
> (f)    Those parties that may be added to the Master Service List by the Debtors upon written request to the Debtors or as may be otherwise ordered by the Court for good

---

[3]     As described in more detail below (see Service on 2002 List Parties), all other parties requesting notice shall simply receive a notice of the filing and an opportunity to obtain the filing itself from the Debtors and/or the court's web site, http://www.delphidocket.com and www.nysb.uscourts.gov, respectively, at such requesting party's sole cost and expense, thereby easing the administration of these cases and dramatically reducing the economic burdens on the Debtors' estates as well as other parties-in-interest.

9

and sufficient cause pursuant to the Local Rules and as
required hereby.

16.     The Debtors (or their Court-appointed claims agent) shall update

the Master Service List on a monthly basis to include the name and address of any party in

interest that has made a written request for notice since the preceding month.  In the event

that there has been a change to the Master Service List since the prior month, an updated

Master Service List shall be filed with the Court on the first business day of the following

month.  In addition, the Master Service List will be provided to third-parties upon request.


17.     <u>Additional Notice Parties</u>.  In addition to serving the parties on the

Master Service List, filings for which particular notices are required by Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") 2002(a)(2) and (3), 4001, 6004, 6006,

6007, or 9019, shall be served in accordance with the following procedures, unless

otherwise authorized by the Court:

> (a)     Filings related to the use, sale, lease, or abandonment of
> property other than in the ordinary course of business shall
> be served on each entity asserting an interest in the
> property.

> (b)     Filings related to relief from, or otherwise related to, the
> automatic stay shall be served on each entity asserting a
> lien or encumbrance on the affected property.

10

(c)    Filings relating to the use of cash collateral or obtaining credit shall be served on each adversely affected entity asserting an interest in the cash collateral or each adversely affected entity asserting a lien or other interest in property on which a lien is proposed to be granted.

(d)    Filings relating to approval of proposed compromises or settlements shall be served on any entity that is a party to the compromise or settlement or which may be directly adversely affected thereby.

(e)    Filings relating to rights under section 365 of the Bankruptcy Code shall be served on each party to the executory contract(s) or unexpired lease(s) affected thereby.

(f)    filings relating to applications for payment of compensation or reimbursement of expenses shall be served on each professional person who is seeking payment of compensation or reimbursement of expenses and whose retention has been authorized by the Court in these cases.

(g)    filings relating to the commencement of a case, the meeting of creditors under section 341 or 1104(b) of the Bankruptcy Code, the time for filing objections and the hearing to consider approval of a disclosure statement or a hearing to consider confirmation of a plan shall require notice in accordance with Bankruptcy Rule 2002.

(h)    Notice of other matters for which the Bankruptcy Rules specifically require notice to all parties-in-interest shall be served on all creditors and equity security holders of the Debtors and parties-in-interest, except as set forth herein or as otherwise authorized by this Court.

11

18.    Except as set forth herein or as otherwise authorized by this Court, proceedings described in Bankruptcy Rule 2002 shall be noticed in accordance with the applicable provisions of such rules.

19.    Service On 2002 List Parties.  Any entity submitting a Filing shall be required to serve only a notice (the "Notice") of such Filing by U.S. Mail or electronic mail, at the filing party's discretion (unless such party has properly requested to be exempt from electronic service, in which case the filing party must effect service by U.S. Mail) on all parties that filed a notice of appearance or request for notice in these cases (the "2002 List Parties").  The Notice should include the title of the Filing, the time and date of any Objection Deadline, and the Omnibus Hearing Date (or other hearing date as ordered by the Court) at which this Court will consider the Filing.  The Debtors will update the 2002 List Parties on a periodic basis and provide such list upon request.

20.    Adversary Proceedings.  All initial Filings, complaints, and other pleadings filed in any adversary proceeding commenced in these cases (the "Adversary Proceeding") shall be served by overnight mail, courier, or hand delivery on (a) the Debtors and their counsel, (b) the Office of the United States Trustee, (c) counsel to each Committee, (d) counsel for the agent under the Debtors' prepetition credit facility,  (e) counsel for the agent under the Debtors' proposed postpetition credit facility, and (f) any parties required to be served under any applicable Bankruptcy Rule or Local Rule.

12

21.   <u>Service of Responses</u>.  All objections, responses, or statements in support of Filings as well as any replies thereto (collectively "Responses") need only be served via overnight mail, courier, or hand delivery on the counsel who served such Filings plus (a) the Debtors and their counsel, (b) the Office of the United States Trustee, (c) counsel to each Committee, (d) counsel for the agent under the Debtors' prepetition credit facility, and (e) counsel for the agent under the Debtors' proposed postpetition facility, with a hard copy to chambers, provided that all such Responses shall be served so as to be actually <u>received</u> by such parties on or prior to the applicable filing deadline, as set forth herein.

<u>Notice Requests</u>

22.   All requests for notice (the "Notice Requests") for automatic receipt of copies of Filings, Responses, Adversary Pleadings, and other documents or writings filed in these cases and any adversary proceeding (collectively, the "Documents") will be accommodated as set forth herein.

23.   Any party who files a Notice Request or notice of appearance in these cases will be added to the 2002 List Parties, and will receive all Notices of Filings in these cases.

24.   Parties who have filed notices of appearance and who desire to be added to the Master Service List should make a written request to that effect to the

13

Debtors.  In the written request, the requesting party shall advise the Debtors of the party's

interest in the bankruptcy cases and why cause exists for the party's inclusion on the

Master Service List.  The Debtors shall have 20 days to consider such request.  If the

Debtors either decline or fail to respond to the request within such 20 day period, the

requesting party may move this Court in accordance with the Notice Procedures, for good

cause shown, to be added to the Master Service List.

        25.     On the last day of each calendar month, or as soon thereafter as is

practicable, a copy of the Procedures Order, as may be modified or amended from time

to time, shall be served by the Debtors on each party that has filed a notice of appearance

or a Notice Request in these cases during the preceding calender month.

<u>Failure To Comply With Notice Procedures</u>

        26.     If any person makes any Filing in contravention of the Notice

Procedures by, among other things, setting a hearing on such Filing for a date and time

other than an Omnibus Hearing Date without an order from this Court authorizing such

hearing for cause, the Debtors shall forward a copy of the Procedures Order to such

person within three business days after receipt.  If such Filing is filed at least twenty 20

days prior to the next scheduled Omnibus Hearing Date, then the hearing with respect to

such Filing shall be deemed to be on such Omnibus Hearing Date.  If such Filing is filed

14

less than 20 days prior to the next Omnibus Hearing Date, then the hearing with respect to

such Filing shall be the next Omnibus Hearing Date thereafter.

27.    Nothing shall prejudice (a) the rights of any party-in-interest to

move this Court to further limit or expand notice of such matters and proceedings upon a

showing of good cause, including, but not limited to, the right to file a motion seeking

emergency ex parte consideration or consideration upon shortened time; or (b) the rights

of any party to seek an enlargement or reduction of a time period under Bankruptcy Rule

9006(b) or 9006(c).

C.    Copies Of Filings

28.    All Filings in these cases are available on the internet for a small

fee at http://www.delphidocket.com and www.nysb.uscourts.gov (a PACER login and

password are required to access the Court's PACER system), and may be downloaded

for viewing or printing with Adobe® Acrobat® Reader.

29.    Upon request of any party, the Debtors will provide copies of any

Filings in these cases at the expense of the requesting party.

D.    Initial Case Conference

30.    An initial case management conference pursuant to section 105(d)

of the Bankruptcy Code and in accordance with Local Rule 1007-2(e) shall be conducted

by the undersigned Bankruptcy Judge in Room 610,  United States Bankruptcy Court,

15

Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004

shall be scheduled for October 27, 2005, at 10:00 a.m. (Prevailing Eastern Time) to

consider the efficient administration of the case, potentially including, inter alia, such topics

as retention of professionals, creation of a committee to review budget and fee requests,

use of alternative dispute resolution, timetables, and scheduling of additional case

management conferences.

31.    The Debtors will give notice by mail of the aforementioned

conference and any order at least seven days prior to the scheduled conference to each

committee appointed to serve in the case pursuant to 11 U.S.C. § 1102 (or, if no

committee has been appointed, to the holders of the ten largest unsecured claims), the

holders of the five largest secured claims, any postpetition lender to the Debtor, and the

Office of United States Trustee, and shall promptly file electronically a proof of service of

such notice with the Clerk of the Court.

32.    The Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Order.

        33.      The requirement under Local Rule 9013-1(b) for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:        New York, New York
                October 14, 2005

                        /s/ ROBERT D. DRAIN
                        UNITED STATES BANKRUPTCY JUDGE

# **<u>EXHIBIT D</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                              :

In re                         :     Chapter 11
                              :

DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)
                              :

                  Debtors.    :     (Jointly Administered)
                              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. § 521 AND FED. R. BANKR. P. 1007(a)
AUTHORIZING DEBTORS TO (I) PREPARE CONSOLIDATED
LIST OF CREDITORS AND EQUITY SECURITY HOLDERS IN
LIEU OF MAILING MATRIX, (II) FILE CONSOLIDATED LIST OF
50 LARGEST UNSECURED CREDITORS, AND (III) MAIL INITIAL NOTICES

("CONSOLIDATED LISTS ORDER")

        Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation

and certain of its subsidiaries and affiliates debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §

521, Fed. R. Bankr. P. 1007(a), and Rule 1007-1 of the Local Bankruptcy Rules for the United

States Bankruptcy Court for the Southern District of New York (the "Local Rules") authorizing

the Debtors to (a) prepare a consolidated list of creditors and equity security holders in lieu of a

mailing matrix, (b) file a consolidated list of the 50 largest unsecured creditors, and (c) mail

initial notices; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions

And First Day Orders, sworn to October 8, 2005; and upon the record of the hearing held on the

Motion; and this Court having determined that the relief requested in the Motion is in the best

interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it

appearing that proper and adequate notice of the Motion has been given and that no other or

further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.   The Motion is GRANTED.

2.   Notwithstanding Rule 1007(d) of the Federal Rules of Bankruptcy Procedure
and Local Rule 1007-1, the Debtors are authorized to prepare a consolidated list of creditors and
equity security holders in a computer-readable format that is acceptable to the Clerk of this Court
and to make such list available only upon request.

3.   The Debtors are authorized to file a consolidated list of their 50 largest
unsecured creditors.

4.   The Debtors, with the assistance of Kurtzman Carson Consultants LLC
("KCC") (upon this Court's authorization of the Debtors' engagement of KCC as the Debtors'
claims, noticing, and balloting agent (the "Notice and Claims Agent")), are directed to mail
initial notices to the consolidated list of creditors and equity security holders, such as (a) a notice
of filing of the chapter 11 cases, (b) a notice of a meeting of creditors under section 341 of
title 11 of the United States Code, and (c) notice of the time fixed for filing objections to and the
hearing to consider approval of a disclosure statement or consider confirmation of a plan, and
(d) any correspondence the Debtors may wish to send to creditors and equity security holders as
part of the Debtors' communication efforts to keep their creditors and equity security holders
informed with respect to the status of these chapter 11 cases.

5.   The Debtors, with the assistance of the Notice and Claims Agent, are directed
to undertake all mailings directed by this Court, the Office of the United States Trustee, or as
required by 11 U.S.C. §§ 101-1330, as amended, including, but not limited to, the notices described
in paragraph 4 of this Order.

2

6.    This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

7.    The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Motion.

Dated:      New York, New York
            October 13, 2005


                                    /s/ ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE

# **<u>EXHIBIT E</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                 :
          In re                                  :
                                                 :   Chapter 11
DELPHI CORPORATION, et al.,                      :
                                                 :   Case No.  05 – 44481 (RDD)
                               Debtors.          :
                                                 :   (Jointly Administered)
                                                 :
------------------------------------------------------------x

ORDER UNDER 11 U.S.C. §§ 105(a), 363, 1107, AND 1108
AUTHORIZING DEBTORS TO HONOR PREPETITION
OBLIGATIONS TO CUSTOMERS AND OTHERWISE CONTINUE
CUSTOMER PROGRAMS IN THE ORDINARY COURSE OF BUSINESS

("CUSTOMER PROGRAMS ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under

sections 105, 363, 1107, and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330,

as amended (the "Bankruptcy Code"), authorizing the Debtors to honor certain obligations to

customers and to otherwise continue certain customer programs (collectively, the "Customer

Programs") in the ordinary course of business; and upon the Affidavit Of Robert S. Miller, Jr. In

Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005; and upon the

record of the hearing held on the Motion; and this Court having determined that the relief

requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and

other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been

given and that no other or further notice is necessary; and after due deliberation thereon; and

good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    The Debtors be, and they hereby are, authorized but not directed, in their business judgment to (a) perform certain of their prepetition obligations related to the Customer Programs as they determine advisable and (b) continue, renew, replace, implement new, and/or, terminate those Customer Programs as they see fit, in the ordinary course of business and without further application to this Court.

3.    Nothing contained in the Motion or in this Order shall (a) be deemed to constitute an approval, assumption, adoption, or rejection of any executory contract or agreement between the Debtors and any third party or (b) authorize the Debtors or any other party to amend or modify any executory contract without further order of the Court.

4.    Nothing contained in the Motion or in this Order shall constitute, or shall be construed as, an admission by the Debtors that the full term of the Debtors' prepetition warranty programs which provide that the components supplied to the Debtors' original equipment manufacturer ("OEM") customers and integrated into such customers' products, or the service parts supplied to the Debtors' original equipment manufacturer customers, will be, inter alia, free from defects in material and workmanship, is enforceable.

5.    Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

6.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

2

7.    Service of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

8.    The entry of this Order is final; provided, however, that (a) within ten business days after the official committee of unsecured creditors (the "Creditors' Committee") has been formed and retained counsel, the Creditors' Committee may object to the prospective application of this Order from and after the date of such objection, (b) if any such objection is timely made, it shall be heard at the next regularly-scheduled omnibus hearing in these cases, and (c) pending such hearing, this Order shall remain in full force and effect.

9.    The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.


Dated:    New York, New York
          October 13, 2005


                                    /s/ ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT F**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                        :
     In re                        :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05- 44481 (RDD)
                                        :
               Debtors.    :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## ORDER UNDER 11 U.S.C. §§ 105, 363, 1107, AND 1108 AND FED. R. BANKR. P. 4001 AUTHORIZING DEBTORS TO ENTER INTO, CONTINUE PERFORMANCE UNDER, AND PROVIDE CREDIT SUPPORT UNDER DERIVATIVE CONTRACTS

### ("DERIVATIVE CONTRACTS ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 105, 363, 1107, and 1108 and Rule 4001 of the Federal Rule of Bankruptcy Procedures authorizing the Debtors to enter into, continue performance under, and provide credit support under financial contracts, the values of which are based on the price of a traditional security such as a stock or bond, an asset such as a commodity, or a market index (collectively, the "Derivative Contracts"); and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    Pursuant to sections 105, 363, 1107, and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), the Debtors are authorized but not directed to honor their existing prepetition Derivative Contracts in accordance with their past practices, and to continue entering into, "rolling over," adjusting, modifying, and settling, from time to time, Derivative Contracts, without further order of this Court.

3.    Pursuant to sections 105, 363, 1107, and 1108 of the Bankruptcy Code, the Debtors are authorized but not directed to perform all such other actions necessary or appropriate to implement, execute, and perform under the Derivative Contracts, including, but not limited to, posting collateral or margin, and delivery of settlement, on account of Derivative Contracts, without further order of this Court.

4.    The entry of this Order is final; provided, however, that (a) within ten business days after the official committee of unsecured creditors (the "Creditors' Committee") has been formed and retained counsel, the Creditors' Committee may object to the prospective application of this Order from and after the date of such objection, (b) if any such objection is timely made, it shall be heard at the next regularly-scheduled omnibus hearing in these cases, and (c) pending such hearing, this Order shall remain in full force and effect.

5.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

6.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the

United States Bankruptcy Court for the Southern District of New York for the service and filing

of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
            October 13, 2005

/s/ ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT G**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                              :
           In re                              :
                                              :   Chapter 11
DELPHI CORPORATION, et al.,                   :
                                              :   Case No.  05 – 44481 (RDD)
                        Debtors.              :
                                              :   (Jointly Administered)
                                              :
------------------------------------------------------------x
```

ORDER UNDER 11 U.S.C. §§ 105(a), 363, 1107, AND 1108
AUTHORIZING (I) PAYMENT OF PREPETITION OBLIGATIONS
TO FOREIGN CREDITORS AND (II) FINANCIAL INSTITUTIONS
<u>TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS</u>

("FOREIGN CREDITORS ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for

an order (the "Order") under sections 105, 363, 1107, and 1108 of Title 11 of the

United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"),

authorizing (a) the Debtors to pay, in the ordinary course of business, as and when

due, any prepetition claims owing to certain vendors, service providers, regulatory

agencies, and governments located in foreign jurisdictions (the "Foreign Creditors")

and (b) financial institutions to honor any prepetition checks drawn or fund transfer

requests made for payment of claims owing to Foreign Creditors; and upon the

Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day

Orders, sworn to October 8, 2005; and upon the record of the hearing held on the

Motion; and the Court having determined that the relief requested in the Motion is in

the best interests of the Debtors, their estates, their creditors and other parties-in-

interest; and it appearing that proper and adequate notice of the Motion has been

given and that no other or further notice is necessary; and upon the record herein; and

after due deliberation thereon; and good and sufficient cause appearing therefor, it is

hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED as provided herein.

2.      The Debtors are hereby authorized but not required to pay, in

their discretion and in the ordinary course of business, as and when due, any claim

held by a Foreign Creditor (the "Foreign Claims"); provided, however, that the terms

"Foreign Creditor" and "Foreign Creditors" shall not include foreign vendors, service

providers, or other non-governmental entities if such entities are known to have assets

within the United States that would be subject to the jurisdiction of this Court and that

would be available to satisfy a judgment entered by this Court if such entities were to

violate the automatic stay provisions of section 362 of the Bankruptcy Code or

otherwise take any action contrary to an order of this Court or the provisions of the

Bankruptcy Code; provided further, however, that, notwithstanding the foregoing

clause, the terms "Foreign Creditor" and "Foreign Creditors" shall include foreign

vendors, service providers, or other entities that are located in jurisdictions, including,

2

without limitation, Brazil, where the Debtors' failure to pay such entities' prepetition

claims could cause such entity to lose its legal ability to export goods to the Debtors.

        3.     In return for payment of the Foreign Claims in the ordinary

course of business, unless otherwise waived by the Debtors in their sole discretion,

the Foreign Creditors are hereby required to continue to provide goods and services to

the Debtors on the most favorable terms in effect between such supplier and the

Debtors in the twelve months prior to the Petition Date or on such other favorable

terms as the Debtors and the Foreign Creditor may otherwise agree ("Customary

Trade Terms").  The Customary Trade Terms shall apply for the remaining term of

the Foreign Creditor's agreement with the Debtors, as long as the Debtors agree to

pay for such goods in accordance with such terms.

        4.     If any Foreign Creditor accepts payment on account of a

prepetition obligation of the Debtors and thereafter does not continue to provide

services to the Debtors on Customary Trade Terms, any payments made shall be

deemed an avoidable postpetition transfer under section 549 of the Bankruptcy Code

and shall be recoverable by the Debtors in cash upon written request.  Upon recovery

by the Debtors, the claim shall be reinstated as a prepetition claim in the amount so

recovered.  The Debtors are hereby authorized but not directed to obtain written

verification, before issuing payment to a Foreign Creditor, that such Foreign Creditor

will, if relevant, continue to provide goods and services to the Debtors on Customary

Trade Terms for the remaining term of the Foreign Creditor's agreement with the

Debtors; provided, however, that the absence of such written verification will not limit the Debtors' rights hereunder.

5.      All applicable banks and other financial institutions are hereby authorized and required to receive, process, honor, and pay any and all checks and transfer requests evidencing amounts paid by the Debtors under this Order whether presented prior to or after the Petition Date.  Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order.

6.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is it intended to constitute, the assumption or adoption of any contract or agreement under 11 U.S.C. § 365.

7.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

8.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order, and the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

9.      The entry of this Order is final; provided, however, that (a) within ten business days after the official committee of unsecured creditors (the

4

"Creditors' Committee") has been formed and retained counsel, the Creditors'

Committee may object to the prospective application of this Order from and after the

date of such objection, and (b) within ten business days of the date of entry hereof,

the agent for the Debtors' prepetition banks (the "Agent") may object to the

prospective application of this Order from and after the date of such objection;

provided further, that if any such objection is timely made by the Creditors'

Committee or the Agent, such objection shall be heard at the next regularly-scheduled

omnibus hearing in these cases, and (c) pending such hearing, this Order shall remain

in full force and effect.

       10.    The Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order.

       11.    Service of the Motion as provided therein shall be deemed good

and sufficient notice of such Motion.

       12.    The requirement under Local Rule 9013-1(b) for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:     New York, New York
           October 13, 2005

                         /s/ ROBERT D. DRAIN
                         UNITED STATES BANKRUPTCY JUDGE