# **<u>EXHIBIT H</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                           :

       In re                      :      Chapter 11
                           :

DELPHI CORPORATION, et al.,      :      Case No. 05-44481 (RDD)
                           :

             Debtors.     :      (Jointly Administered)
                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. § 345 AUTHORIZING CONTINUED
USE OF EXISTING INVESTMENT GUIDELINES

("INVESTMENT GUIDELINES ORDER")

         Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order  (the "Order") under 11 U.S.C. §

345 authorizing continued use of existing investment guidelines; and upon the Affidavit Of

Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October

8, 2005; and upon the record of the hearing held on the Motion; and this Court having

determined that the relief requested in the Motion is in the best interests of the Debtors, their

estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate

notice of the Motion has been given and that no other or further notice is necessary; and upon the

record herein; and after due deliberation thereon; and good and sufficient cause appearing

therefor, it is hereby

         ORDERED, ADJUDGED, AND DECREED THAT:

         1.     The Motion is GRANTED as provided herein.

         2.     Cause exists for waiving the investment and deposit requirements set forth in

section 345(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the

"Bankruptcy Code"), and the Debtors' obligation to comply with that section is hereby waived. The Debtors are authorized to continue to invest monies of their estates in accordance with their existing investment guidelines attached hereto as <u>Exhibit A</u> (the "Investment Guidelines"). Pursuant to the Investment Guidelines, the Debtors will continue to invest their cash in their sole discretion in accordance with the Investment Guidelines and in accordance with section 345 of the Bankruptcy Code; <u>provided</u>, <u>however</u>, that, notwithstanding anything set forth in the Motion or this Order, the official committee(s) established in these cases pursuant to section 1102 of the Bankruptcy Code, or any other committee established in these chapter 11 cases shall not be deemed to have waived any of their rights to file a motion with this Court that seeks to modify the Investment Guidelines; <u>provided</u>, <u>further</u>, <u>however</u>, that the Debtors and the Office of the United States Trustee (the "U.S. Trustee") shall have until April 6, 2006 to reach a consensual agreement with respect to the Investment Guidelines (the "Reserved Issue"); <u>provided</u>, <u>further</u> that, if the Debtors and the U.S. Trustee have not reached an agreement with respect to the Reserved Issue by April 10, 2006, the U.S. Trustee may, but shall not be required to, file a statement or motion by March 30, 2006, in accordance with this Court's Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, And (III) Scheduling Initial Case Conference In Accordance With Local Bankr. R. 1007-2(e), requesting this Court to resolve the Reserved Issue at the next regularly-scheduled omnibus hearing.

3.     The Debtors' compliance with the Investment Guidelines shall be deemed to constitute compliance with section 345 of the Bankruptcy Code and the Debtors are relieved of

the obligations under section 345(b) of the Bankruptcy Code to obtain a bond from any entity

with which money is deposited or invested in accordance with the Investment Guidelines.

      4.    The Debtors are hereby authorized to execute any additional documents as

may be required to carry out the intent and purpose of this Order.

      5.    Notwithstanding any provision of the Bankruptcy Code or the Federal Rules

of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon signature.

      6.    This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

      7.    The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Motion.

Dated:     New York, New York
          October 13, 2005

                /s/ ROBERT D. DRAIN
                UNITED STATES BANKRUPTCY JUDGE

<u>EXHIBIT A</u>

INVESTMENT GUIDELINES

# Delphi Automotive Systems
## U.S. Short-Term Cash Investment Guidelines

| Investment Sector (1) | Sector Limits | Required Credit Rating | Issue / Sub-sector Limit | Authorized Instruments |
|---|---|---|---|---|
| US Treasuries | No limit | None | None | Treasury Bills, Notes |
| US Government Agencies | No limit | None | None | Agencies: Federal debt backed by US government. |
| Bank Obligations | Maximum 80% of portfolio at time of settlement excluding investments under 5 business days | Fitch individual bank rating C or above. | Limit of up to $50 million in any one name. | Domestic CDs<br>Yankee CDs & TDs<br>Euro CDs of domestic banks<br>Euro CDs of foreign banks<br>Offshore TDs |
| Corporate Obligations | A1/P1 – Maximum 80% of portfolio<br>A2/P2- Maximum 40% of portfolio<br>Combined A1/P1 & A2/P2 holdings not to exceed 80% of portfolio | A1/P1 & Baa/BBB+, A2/P2 & BBB/Baa2 or higher (not negative outlook). | A1/P1 – No greater than $50 million in any one name<br>A2/P2 - No greater than $30 million in any one name. | CP (corp., euro )<br>Bonds (domestic, yankee, euro)<br>Notes (medium term, asset backed, 144A)<br>Preferreds (money market) |
| Asset Backed Securities | Maximum 20% of portfolio | AA Securities<br>A1/P1 rating from S&P/Moody's for Asset Backed Commercial Paper. Must be 100% Bank line backed. | ABS securities restricted to programs greater than $1Billion. No greater than $100 million in any one name. | Asset Backed Securities<br>Fixed or Floating<br>Asset Backed CP |
| Money Market Mutual Funds | Maximum $250 million with any one institution. | AAA or Aaa by Moody's, S&P or Fitch. | Not to exceed 5% of total assets under management in any one fund. | No synthetically created instruments or instruments denominated in foreign currency. |

Footnotes:
1. Investments must have a maturity of 45 days or less.
2. All investments must be denominated in USD.
3. Auction rate securities not permitted.

Approved by: _____

John Arle
Vice President & Treasurer

Last Revision Date: 3/20/00

CONFIDENTIAL

# **<u>EXHIBIT I</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                    :
    In re                                           :         Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :         Case No.  05 – 44481 (RDD)
                                                    :
                        Debtors.                    :         (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PROTECTIVE ORDER
UNDER 11 U.S.C. §§ 1113(d)(3) AND 1114(k)(3)

("PROTECTIVE ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C.

§§ 1113(d)(3) and 1114(k)(3) of the Bankruptcy Code to expedite the disclosure of information

in this proceeding in a manner consistent with the need to protect the confidentiality of certain

elements of that disclosure; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of

Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005; and upon the record of the

hearing held on the Motion; and the Court having determined that the relief requested in the

Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-

interest; and it appearing that proper and adequate notice of the Motion has been given and that

no other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    This Protective Order governs the handling of "relevant information" to the

Debtors' proposal for modifications to the collective bargaining agreements between the Debtors

and "authorized representatives" of the Debtors' employees (as that term is used in sections 1113

and 1114).  "Relevant information" consists of (a) any and all information that is obtained or

exchanged between the Debtors and authorized representatives of the Debtors' employees

(collectively, the "Parties") in furtherance of (i) any negotiations between the Debtors and

authorized representatives of the Debtors' employees or retirees and (ii) any and all proceedings

within the scope of section 1113 or section 1114 (individually, a "Section 1113 Matter" or

"Section 1114 Matter," and collectively, the "Sections 1113 and 1114  Matters"); (b) documents,

deposition testimony, answers to interrogatories, and answers to requests for admissions

(including any information derived from those documents, deposition testimony, answers to

interrogatories, and answers to requests for admissions) that are obtained in connection with any

Section 1113 Matter or Section 1114 Matter; and (c) any and all information that is disclosed

through an order of the Court or a stipulation approved by the Court in connection with a Section

1113 Matter or Section 1114 Matter.  "Relevant information" may also include documents

exchanged pursuant to a formal or informal request.

2

3.    Some relevant information may constitute confidential, commercial,
proprietary, or otherwise non-public information qualifying for protective treatment pursuant to
sections 1113(d)(3) or 1114(k)(3) of the Bankruptcy Code.  To this end, the Parties shall
designate such material as "confidential material" and shall handle such material in a manner
consistent with the terms of this Order.

4.    The Parties shall endeavor at a later date to establish stipulated procedures
for the designation and handling of confidential material during depositions and at hearings
related to a Section 1113 Matter or Section 1114 Matter.

5.    All relevant information shall be used by the Parties to a matter, or by any
other entity subject to the terms of this Order, solely for the preparation and hearing(s) of, or
resolution of the Section 1113 Matter or Section 1114 Matter and for no other purpose.
Notwithstanding the foregoing, the Debtors agree that the union(s) shall be permitted to (a)
discuss with bargaining unit employees the general nature of the confidential material, or the
conclusions drawn from it by the union's agents, in fulfilling its duty to represent such employees
fairly and/or (b) disclose confidential materials that become generally available to the public or
as a result of discovery other than as a result of a disclosure in violation of the confidentiality
obligations imposed by this Order.  Subject to the foregoing exception, any union that obtains
confidential material agrees that it will obtain the Debtors' consent before disclosing to
individual employees, other than those who are members of the Local Union's bargaining
committee, the details of any confidential material.

3

6.    If a Party to a matter believes that the relevant information to be disclosed constitutes confidential material, it may so designate that material by stamping or otherwise marking that material with the legend "CONFIDENTIAL" or, in the case of relevant information produced pursuant to a discovery request or a subpoena to a non-Party, by sending a letter to the other Parties so designating the material as confidential.

7.    In the absence of written permission from the disclosing Party, an order of the Court or an exception in this Order, confidential material (and any information derived therefrom) may be reviewed or inspected by, or otherwise disclosed only to, the following persons:

(a)    the authorized representatives and counsel listed at the conclusion of this Order (the "parties of record"), as may be modified at the discretion of the Court pursuant to any future application by any of the Parties;

(b)    employees of, or attorneys affiliated with, the parties of record who are assisting with the preparation and prosecution of the Section 1113 Matter or Section 1114 Matter;

(c)    bona fide experts assisting the parties of record, provided, however, that they agree in advance in writing to be bound by the terms of this Order;

(d)    qualified persons (e.g., court reporters) recording testimony involving such documents or information and necessary stenographic and clerical personnel thereof;

4

(e)    those who are engaged in negotiations with respect to the Section 1113 Matter or a Section 1114 Matter or the agreements implicated thereby; and

(f)    this Court and its staff on this matter.

8.    Before any confidential material is reviewed or inspected by or otherwise disclosed to any person listed in paragraphs 7(b) or 7(c), the party of record being assisted by those persons shall be responsible for ensuring that those persons are familiar with the terms of this Order and for otherwise taking reasonable steps to ensure that those persons comply with the terms of this Order.

9.    Any Party may object to the designation of confidential material.  Such objection shall be made by a letter to the Party claiming confidentiality, which letter shall identify the confidential material to which the objection is addressed and the grounds for the objection.  Within a reasonable period of time after receiving such letter from the objecting Party, the Party claiming confidentiality shall either inform the objecting Party of the basis for its assertion of confidentiality or withdraw the designation of confidentiality.  If the dispute is not resolved thereafter through consultation, the objecting Party shall send the Party claiming confidentiality a letter stating that consultation has been ineffective.  The Party claiming confidentiality shall then apply to the Court, within 14 days after receiving such letter, for a ruling that the material sought to be protected is entitled to such status and protection.  The Party claiming protection shall have the burden of showing good cause for protecting the material.  In the event of a dispute concerning the designation of confidential material as to which application

5

to the Court is filed within the requisite time period, the material designated as confidential shall
be treated as such under this Order until the Court orders to the contrary.

10.    Notwithstanding the provisions of paragraph 9, any Party may, within ten
business days of receipt of confidential material, file with the Court a motion seeking
modification of the terms of this Order as applied to such confidential material.

11.    If any Party wishes to file with the Court any confidential material or any
information derived therefrom, such material or information shall be filed with the Court under
seal so as to be accorded treatment consistent with the terms of this Order.  Upon consultation,
this requirement may be waived by the Party that disclosed the material or information, and the
Parties shall be reasonable in granting such waivers as necessary to avoid needlessly burdening
the record with materials and papers filed under seal.

12.    Within 30 days after final termination of all Sections 1113 and 1114
Matters, including all appeals between the Debtors and an authorized representative of the
Debtors' employees, each Party shall either (a) return all confidential material to the producing
Party (including any copies, extracts, or summaries thereof or documents containing information
taken therefrom, but excluding any materials which in the judgment of counsel reflect the work
product of the recipient) or (b) destroy all such material and deliver to the producing Party an
affidavit indicating that such destruction of material has occurred.

13.    The final termination of all Sections 1113 and 1114 Matters shall not
relieve any person who has received or reviewed confidential materials from the obligations

6

imposed by this Order, and the Court shall retain jurisdiction after such final termination to modify or enforce the provisions of this Order.

14.    This Order does not prejudice the right of any party to seek additional protection of any relevant information, including an order that certain materials need not be disclosed.

15.    Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.  Moreover, the failure to designate confidential material in accordance with the provisions of this Order, or the failure to object to such designation at any given time, shall not preclude the later filing of a motion seeking to obtain such designation or challenging the propriety thereof.  The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and shall not relieve any party of the obligation of producing information in the course of discovery.

16.    Inadvertent disclosure of any privileged or work product material shall not be deemed to waive or impair any otherwise valid claim of privilege or protection, including, but not limited to, the attorney-client privilege and the protection afforded to work product materials. The parties will work in good faith to arrange for an appropriate procedure to handle assertions that a party has inadvertently disclosed purportedly privileged documents.

17.    In the event that any Party discloses confidential material and inadvertently fails to designate it as such, the Party may notify the recipient and substitute a properly designated copy or copies, at which time the recipient shall destroy the earlier, undesignated

7

version and deliver to the disclosing party an affidavit indicating that such destruction of the

material has occurred.

18.    This Protective Order is not intended to create, expand, or contract

substantive rights or privileges.  It is intended solely to provide a procedural mechanism to

enable the Parties to raise claims and preserve issues in a format which facilitates the disclosure

process.

19.    "Parties of record" includes:

DELPHI CORPORATION
5725 Delphi Drive
Troy, Michigan 48908

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive
Chicago, Illinois 60606

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022

O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006

UNITED AUTO WORKERS (UAW)
8000 East Jefferson Avenue
Detroit, Michigan 48214

INTERNATIONAL UNION OF ELECTRONIC, ELECTRICAL,
SALARIED, MACHINE AND FURNITURE WORKERS-
COMMUNICATIONS WORKERS OF AMERICA (IUE-CWA)
501 Third Street, NW, Sixth Floor

Washington, D.C.  20001

UNITED STEELWORKERS OF AMERICA (USWA)
Five Gateway Center
Pittsburgh, Pennsylvania 15222

INTERNATIONAL ASSOCIATION OF MACHINISTS AND
AEROSPACE WORKERS (IAM)
9000 Machinists Place
Upper Marlboro, Maryland 20772-2687

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS
(IBEW)
900 Seventh Street, NW
Washington, D.C. 20001

INTERNATIONAL UNION OF OPERATING ENGINEERS (IUOE)
1125 17th St., NW
Washington D.C.  20036

20.    The Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

21.    The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Motion.


Dated:    New York, New York
          October 13, 2005



                                  ROBERT D. DRAIN
                                  UNITED STATES BANKRUPTCY JUDGE

9

# EXHIBIT J

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
                                                          :
          In re                                           :
                                                          :   Chapter 11
DELPHI CORPORATION, et al.,                               :
                                                          :   Case No.  05–44481 (RDD)
                    Debtors.                               :
                                                          :   (Jointly Administered)
                                                          :
----------------------------------------------------------x

ORDER UNDER 11 U.S.C. §§ 362, 503, AND 546 AND FED. R. BANKER. P. 9019
<u>ESTABLISHING PROCEDURES FOR THE TREATMENT OF RECLAMATION CLAIMS</u>

("RECLAMATION ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"),[1] of Delphi Corporation

("Delphi") and certain of its domestic subsidiaries and affiliates (the "Affiliate Debtors"), debtors

and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order

under sections 362, 503, and 546 of the Bankruptcy Code authorizing the Debtors to establish

procedures for the resolution and payment of reclamation claims; and upon the Affidavit Of

Robert J. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October

8, 2005; and upon the record of the hearing held on the Motion; and the Court having determined

that the relief requested in the Motion is in the best interests of the Debtors, their estates, their

creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the

Motion has been given and that no other or further notice is necessary; and after due deliberation

thereon; and good and sufficient cause appearing therefor, it is hereby

---

[1]    Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the
Motion.

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED as provided herein.

2.    The Debtors be and hereby are authorized, pursuant to sections 362, 503,

and 546 of the Bankruptcy Code, to resolve Reclamation Claims in accordance with the

Reclamation Procedures set forth below:

(a)    Reclamation Demands:

(i)    All Sellers seeking to reclaim Goods from the
Debtors shall be required to submit a written demand
(a "Reclamation Demand"):

(1)    before 10 days after receipt of such Goods by
the Debtors; or

(2)    if such 10-day period expires after the Petition
Date, before 20 days after receipt of such
Goods by the Debtors.

(ii)    Such a Reclamation Demand must identify with
specificity the goods for which reclamation is sought
and the basis for the Reclamation Claim.

(iii)    Any Seller who fails to timely submit a Reclamation
Demand pursuant to section 546 of the Bankruptcy
Code shall be deemed to have waived its right to
payment on any purported Reclamation Claim.

(b)    The Statement Of Reclamation:

(i)    Within 90 days after the Petition Date or receipt of a
timely Reclamation Demand, whichever is later, the
Debtors shall provide the Seller with a copy of the
Reclamation Order and a statement of reclamation
(the "Statement Of Reclamation" or the "Statement").

(ii)    The Statement Of Reclamation shall set forth the
extent and basis, if any, upon which the Debtors
believe the underlying Reclamation Claim is not
legally valid (the "Reconciled Reclamation Claim").
In addition, the Statement shall identify any defenses
that the Debtors choose to reserve, not withstanding
any payment of the Reconciled Reclamation Claim
(the "Reserved Defenses").

2

(iii)    Sellers who are in agreement with the Reconciled Reclamation Claim as contained in the Statement Of Reclamation may indicate such assent on the Statement Of Reclamation and return the Statement to the Debtors' representative as set forth in such Statement, with copies to Skadden, Arps, Slate, Meager & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons, Esq. and Allison Verderber Herriott, Esq.) within 60 days after the date of receipt of the Statement Of Reclamation (the "Reconciliation Deadline").

(iv)    Sellers who are in disagreement with the Reconciled Reclamation Claim as contained in the Statement Of Reclamation (the "Dissenting Sellers") must indicate such dissent on the Statement Of Reclamation and return the Statement by the Reconciliation Deadline as provided in subparagraph (c) above.  A Statement Of Reclamation returned under this subparagraph must be accompanied by:

(1)    a copy of the Reclamation Demand together with any evidence of the date such Reclamation Demand was sent and received;

(2)    the identity of the Debtor that ordered the products and the identity of the Seller from whom the Goods were ordered;

(3)    any evidence demonstrating when the Goods were shipped and received;

(4)    copies of the respective Debtor's and Seller's purchase orders, invoices, and proofs of delivery together with a description of the Goods shipped; and

(5)    a statement identifying which information on the Debtors' Statement Of Reclamation is incorrect, specifying the correct information and stating any legal basis for the objection.

(v)    The failure of a Dissenting Seller to materially comply with subparagraph (d) above shall constitute a waiver of such Dissenting Seller's right to object to the proposed treatment and allowed amount of such Reclamation Claim unless the Court orders otherwise.

3

(vi)     Any Seller who fails to return the Statement Of
Reclamation by the Reconciliation Deadline or who
returns the Statement Of Reclamation by the
Reconciliation Deadline but fails to indicate assent or
dissent shall be deemed to have assented to the
Reconciled Reclamation Claim.

(c)     Fixing The Amount Of The Reclamation Claim:

(i)     The Reclamation Claims of (i) all Sellers who return
the Statement Of Reclamation by the Reconciliation
Deadline and indicate their assent to the Reconciled
Reclamation Claim as contained in the Statement Of
Reclamation, (ii) all Sellers who fail to return the
Statement Of Reclamation by the Reconciliation
Deadline, and (iii) all Sellers who return the
Statement Of Reclamation by the Reconciliation
Deadline but who fail to indicate either assent or
dissent shall be deemed an Allowed Reclamation
Claim in the amount of the Reconciled Reclamation
Claim.

(ii)     The Debtors are authorized to negotiate with all
Dissenting Sellers and to adjust the Reconciled
Reclamation Claim either upward or downward to
reach an agreement regarding the Dissenting Seller's
Reclamation Claim.  The Debtors are also authorized
to include any Reserved Defenses as part of any such
agreement.  In the event the Debtors and a Dissenting
Seller are able to settle on the amount and/or
treatment of the Dissenting Seller's Reclamation
Claim, the Reclamation Claim shall be deemed an
Allowed Reclamation Claim in the settled amount.

(iii)     In the event that no consensual resolution of the
Dissenting Seller's Reclamation Demand is reached
within 60 days of the Reconciliation Deadline (or
such later date as the parties agree), the Debtors shall
file a motion for determination of the Dissenting
Seller's Reclamation Claim and set such motion for
hearing at the next regularly-scheduled omnibus
hearing occurring more than 20 days after the filing of
the motion for determination, unless another hearing
date is agreed to by the parties or ordered by the
Court (the "Determination Hearing").  The Dissenting
Seller's Reclamation Claim, if any, shall be deemed
an Allowed Reclamation Claim as fixed by the Court

4

in the Determination Hearing or as agreed to by the Debtors and the Dissenting Seller prior to a determination by the Court in the Determination Hearing.

(d)    Treatment Of Allowed Reclamation Claims:

(i)    The Debtors may at any point in these Reclamation Procedures satisfy in full any Reclamation Claim or Allowed Reclamation Claim by making the Goods at issue available for pick-up by the Seller or Dissenting Seller.

(ii)    All Allowed Reclamation Claims for which the Debtors choose not to make the Goods available for pick-up shall be paid in full as an administrative expense at any time during these chapter 11 cases in the sole discretion of the Debtors or pursuant to a confirmed plan of reorganization, in either case if and to the extent that such allowed reclamation claims constitute administrative expenses under applicable law.

3.    All adversary proceedings, except those proceedings brought by the Debtors in accordance with these procedures (the "Reclamation Procedures"), in these cases relating to Reclamation Claims, whether currently pending or initiated in the future, shall be, and hereby are, stayed, and the claims asserted therein shall be subject to the Reclamation Procedures set forth herein.

4.    In accordance with the foregoing and pursuant to section 503(b) of the Bankruptcy Code, vendors shall have administrative expense priority status for those undisputed obligations arising from shipments of goods received and accepted by the Debtors on or after the Petition Date.

5.    To the extent necessary or appropriate, the Debtors shall seek Court approval of any settlements and compromises with trade vendors with respect to payments of reclamation claims.

6.      Nothing in this Order shall constitute a waiver of any of the Debtors' claims against any vendor, including claims relating to preferential or fraudulent transfers and other potential claims, counterclaims, or offsets.  The Debtors expressly reserve their rights to pursue such claims.

7.      Nothing herein shall constitute a waiver by the agent under the Debtors' prepetition credit facility of its right to contest the allowance of any reclamation claim.

8.      The entry of this Order is final; provided, however, that (a) within ten business days after the official committee of unsecured creditors (the "Creditors' Committee") has been formed and retained counsel, the Creditors' Committee or any holder of an alleged reclamation claim may object to the procedures set forth in this Order, (b) if any such objection is timely made, it shall be heard at the next regularly-scheduled omnibus hearing in these cases, and (c) pending such hearing, this Order shall remain in full force and effect.

9.      Nothing herein shall preclude the holder of an Allowed Reclamation Claim from seeking payment of such claim in a manner other than that set forth in this Order.

10.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

11.     The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:       New York, New York
             October 13, 2005


                              /s/ ROBERT D. DRAIN
                              UNITED STATES BANKRUPTCY JUDGE

6

# **EXHIBIT K**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
        In re                             :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER (I) APPOINTING UNIONS AS AUTHORIZED REPRESENTATIVES FOR UNION-
REPRESENTED RETIREES UNDER 11 U.S.C. §§ 1114(c) AND 1114(d) OR, IN THE
ALTERNATIVE, (II) ESTABLISHING PROCEDURES FOR SOLICITATION,
NOMINATION, AND APPOINTMENT OF COMMITTEE OF RETIRED EMPLOYEES

("RETIREE COMMITTEE ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation

and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §

1114 and Fed. R. Bankr. P. 2002(m) and 9006 (the "Bankruptcy Rules") (a) appointing the

International Unions[1] as authorized representatives[2] for Union-represented retirees under

sections 1114(c) and (d) of the Bankruptcy Code,[3] or, in the alternative, (b) establishing

procedures for solicitation, nomination, and appointment of a committee of retired hourly

employees to serve as the authorized representative of those retired hourly employees of the

Debtor who are entitled to receive "retiree benefits" within the meaning of section 1114(a) of the

---

[1]     The International Unions, as that term is used herein, are the United Auto Workers, the International Union
Of Electronic, Electrical, Salaried, Machine And Furniture Workers-Communications Workers Of
America, the United Steelworkers Of America, the International Association Of Machinists And Aerospace
Workers, the International Brotherhood Of Electrical Workers, and the International Union of Operating
Engineers.

[2]     As used herein, the term "authorized representative" is as defined in 11 U.S.C. § 1114(b).

[3]     As used herein, the term "Bankruptcy Code" means title 11 of the United States Code, 11 U.S.C. §§ 101-
1330, as amended.

Bankruptcy Code, and who are not represented in these bankruptcy cases by a labor organization

acting as their authorized representative (the "Retiree Committee"); and upon the Affidavit Of

Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October

8, 2005; and upon the record of the hearing held on the Motion; and this Court having

determined that the relief requested in the Motion is in the best interests of the Debtors, their

estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate

notice of the Motion has been given and that no other or further notice is necessary; and after due

deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.    The Motion is GRANTED as provided herein.

2.    Retirees (and, to the extent applicable, their surviving spouses, dependants,

and beneficiaries)[4] whose retiree medical and life insurance benefits[5] were initially

conferred by a collective bargaining agreement between the Debtors and an International

Union ("Union Retirees") shall be deemed to be represented by their respective

International Unions as their authorized representatives for purposes of section 1114, and

shall not be a member of any Retiree Committee appointed in these cases, until further

order of this Court, unless any such International Union gives written notice to the

Debtors that it will not serve as such retirees' authorized representative, such written

---

[4]        Section 1114(a) includes payments to surviving spouses and dependents of retired employees.

[5]        11 U.S.C. § 1114(a) defines "retiree benefits" which shall be referred to herein as "retiree medical and life insurance benefits" to mean: payments to any entity or person for the purpose of providing or reimbursing payments for retired employees and their spouses and dependents, for medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, or death under any plan, fund, or program (through the purchase of insurance or otherwise) maintained or established in whole or in part by the debtor prior to filing a petition commencing a case under this title. 11 U.S.C. § 1114(a).

notice being delivered so as to be actually received by the Debtors' counsel (and others

as set forth in paragraph 3, below) on or before October 21, 2005.

3.   The International Unions shall give such notice of their election to the

Debtors, their counsel, and the U.S. Trustee via overnight mail or facsimile at the

following addresses:

> Kevin M. Butler
> Vice President, Human Resource Management
> Delphi Corporation
> 5725 Delphi Drive
> Troy, Michigan 48098-2815
> Facsimile: (248) 813-2670
>
> John Wm. Butler, Jr.
> John K. Lyons
> SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
> 333 West Wacker Drive, Suite 2100
> Chicago, Illinois 60606
> Facsimile: (312) 407-0411
>
> Robert Siegel
> Tom Jerman
> O'MELVENY & MYERS LLP
> 1625 Eye Street, NW
> Washington, DC  20006
> Facsimile: (202) 383-5414
>
> Alicia M. Leonhard
> Office of the United States Trustee
> 33 Whitehall Street, 21st Floor
> New York, New York 10004
> Facsimile: (212) 668-2255

4.   In the event that an International Union elects not to represent its respective

Union Retirees for purposes of section 1114, and gives notice of such election in

accordance with the foregoing paragraphs 2 and 3, the Debtors shall solicit Union

Retirees from each such "Unrepresented Union" to serve as an authorized representative

on the Retiree Committee.  Nominations for representative(s) shall be solicited from all Union Retirees for each Unrepresented Union (the "Unrepresented Union Retirees").

5.    The form of the "Request for Nominations to Retiree Committee" and "Response to Request for Nominations to Retiree Committee," attached hereto as <u>Exhibit A</u>, are hereby approved, subject to the U.S. Trustee's right to modify them, and shall be served by regular mail to all "Unrepresented Union Retirees" on or before October 21, 2005, if necessary.

6.    Unrepresented Union Retirees receiving retiree medical and life insurance benefits covered by a collective bargaining agreement shall have until November 4, 2005, to submit to the Debtors a Response to Request for Nominations to Retiree Committee.

7.    Once the Debtors have received nominations for representatives from any Unrepresented Union Retirees, the Debtors shall review the nominations with the Office of the United States Trustee (the "U.S. Trustee"), who may choose to recommend nominees to the Court.  The Debtors shall consult with the U.S. Trustee to determine the appropriate membership of the Retiree Committee to best reflect the composition of the retirees to be represented by the Retiree Committee.

8.    On or before November 8, 2005, the Debtors shall file with this Court a list of proposed candidates to serve on the Retiree Committee for appointment by this Court. All Unrepresented Union Retirees shall have received a notice, subject to paragraph 5 herein, substantially in the form of <u>Exhibit A</u>, attached hereto, indicating that the list of proposed candidates will be available at www.delphidocket.com or may be obtained by contacting the Debtors' claim agent, whose contact information shall be contained in the notice.  In addition, service of such list shall be made to the Debtors' International

Unions, the U.S. Trustee, the official committee of unsecured creditors (the "Creditors'

Committee"), and other parties that have requested service of all pleadings on these cases.

9.    If no party files an objection to the proposed slate of candidates and serves

such objection upon the Debtors, the U.S. Trustee, and the Creditors' Committee on or

before November 15, 2005, this Court may order the appointment of such candidates to

a single Retiree Committee to represent all Unrepresented Union Retirees under section

1114 of the Bankruptcy Code without further notice or hearing.

10. If any objection is filed and such objection is served upon the Debtors, the

U.S. Trustee, and the Creditors' Committee, then this Court may order an expedited

hearing to determine the composition of the Retiree Committee.

11. The appointment of an International Union and/or a Retiree Committee

pursuant to the procedures set forth hereunder shall be for the sole purpose of

representing retirees in connection with their rights arising under sections 1114 and

1129(a)(13) of the Bankruptcy Code and for no other purpose.

12. This court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

13. The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          October 13, 2005

                          /s/ ROBERT D. DRAIN
                          UNITED STATES BANKRUPTCY JUDGE

EXHIBIT A

Request For Nominations To Retiree Committee
In re Delphi Corporation, et al., Case No. 05-44481 (RDD)

Attention Delphi Union Retirees:

Delphi has announced that it may seek to eliminate its retiree medical and life insurance
benefits pursuant to section 1114 of the United States Bankruptcy Code. We regret having to
make this decision, but we've determined that these changes are necessary to reorganize
successfully.

In the event it elects to seek elimination of retiree medical and life insurance benefits under
section 1114, Delphi will negotiate with a committee composed of "authorized
representative(s)" of the various employee groups, as provided for in Section 1114 of the
Bankruptcy Code.  It is expected that negotiations will take place over several weeks after
the bankruptcy court appoints the Committee and that Committee members will need to be
available for the entire timeframe.

**Representatives Of Union Retirees**
Section 1114 generally provides that the union is the authorized representative of individuals
who retired from a job classification represented by that union.
In Delphi's case**, [---]** have elected to represent their retirees.   If the job classification you
retired from is now represented by one of these unions, that union will serve as your
authorized representative.

[---] have declined to serve as an "authorized representative;" accordingly, if the job
classification you retired from is now represented by one of these unions, you are eligible to
seek to serve on the Committee.

**The Application Process For Eligible Retirees**
Although the bankruptcy court will appoint a Retiree Committee, Delphi will furnish this Court
with a list of eligible union retirees who have expressed an interest in serving on the Retiree
Committee for the Court's consideration and recommend to this court specific nominees to be
appointed as members. If you are a retired employee receiving medical and life insurance
benefits pursuant to a collective bargaining agreement to which one of the unions listed above
is a signatory, and would be interested in serving on such a committee, please complete the
attached response form and send it to _____ by facsimile ((###) ###-####) or by
e-mail to (_____@___.com).

**TO BE CONSIDERED FOR SERVICE ON SUCH A COMMITTEE, YOU MUST RETURN
THE ATTACHED RESPONSE FROM SO THAT IT IS RECEIVED BY DELPHI NO
LATER THAN NOVEMBER 4, 2005.**

The list of proposed candidates will be available for your review at www.delphidocket.com
or may be obtained by contacting the Debtors' notice and claims agent, Kurtzman Carson
Consultants, LLC, at (310) 751-1500 on and after November 8, 2005.  The Court's order
appointing the Retiree Committee will also be available through these sources following the
Court's entry of the order.

Thank you for your interest in the section 1114 process.

Response to Request for Nominations to Retiree Committee

IN RE DELPHI CORPORATION, et al.      CASE NO. 05-44481 (RDD)

1.     NAME AND ADDRESS (Please Print):

    Name          Address      Phone Number, Fax And E-Mail

    _____

2.     JOB TITLE HELD WITH DELPHI AT TIME OF RETIREMENT:

    _____

3.     EMPLOYEE NUMBER:  _____

4.     YEARS OF SERVICE WITH DELPHI:  _____

5.     DATE AND REASON FOR TERMINATION WITH DELPHI:  _____
    _____

6.      ARE YOU CURRENTLY RECEIVING RETIREE BENEFITS
    FROM DELPHI?  _____

7.      PLEASE PROVIDE ANY OTHER INFORMATION OR
    BACKGROUND AS TO WHY YOU SHOULD BE APPOINTED
    TO THE SECTION 1114(d) COMMITTEE INCLUDING ANY
    SPECIFIC SKILLS THAT YOU HAVE THAT WOULD BE
    VALUABLE TO THE COMMITTEE.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

Signature: _____

Print Name: _____

# **EXHIBIT L**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                        :
      In re                         :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
              Debtors.        :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. § 521(l) AND FED. R. BANKR. P. 1007
AND 9006(b) GRANTING EXTENSION OF
<u>TIME TO DEBTORS TO FILE SCHEDULES AND STATEMENTS</u>

("EXTENSION FOR SCHEDULES ORDER")

      Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §

521(l) and Fed. R. Bankr. P. 1007 and 9006(b) granting the Debtors until January 22, 2006 to file

(a) a schedule of assets, liabilities, and executory contracts and unexpired leases, (b) a statement

of financial affairs, and (c) a list of equity security holders (collectively, the "Schedules and

Statements"); and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions

And First Day Orders, sworn to October 8, 2005; and upon the record of the hearing held on the

Motion; and this Court having determined that the relief requested in the Motion is in the best

interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it

appearing that proper and adequate notice of the Motion has been given and that no other or

further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    Each of the Debtors' time to file its respective Schedules and Statements as required by section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, and by Rules 1007 and 9006 of the Federal Rules of Bankruptcy Procedure, is hereby extended to January 22, 2006.

3.    The entry of this Order shall be without prejudice to the Debtors' right to seek further extensions of time within which to file the Schedules and Statements, or to seek waiver of the requirement to make such a filing.

4.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

5.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:  New York, New York
          October 13, 2005

/s/ ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

# **<u>EXHIBIT M</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :
     In re                        :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,          :    Case No. 05-44481 (RDD)
                                    :
               Debtors.       :    (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. §§ 105, 363(b), 507(a)(8), 541, 1107, AND 1108
AUTHORIZING DEBTORS TO PAY PREPETITION SALES, USE,
TRUST FUND, AND OTHER TAXES AND RELATED OBLIGATIONS

("TAXES ORDER")

        Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§

105, 363(b), 507(a)(8), 541, 1107, and 1108 authorizing the Debtors to pay the Prepetition

Taxes[1] to various taxing, licensing, and other government authorities (the "Taxing Authorities");

and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day

Orders, sworn to October 8, 2005; and upon the record of the hearing held on the Motion; and

this Court having determined that the relief requested in the Motion is in the best interests of the

Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper

and adequate notice of the Motion has been given and that no other or further notice is necessary;

and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

---

[1]      "Prepetition Taxes" includes the following taxes:  (a) state and local sales and gross receipts taxes, (b) use
taxes, (c) the Michigan Single Business Tax, (d) the Wisconsin Partnership Withholding Tax, (e) franchise
taxes and de minimis registration fees, (f) business license fees and report taxes, (g) the Ohio Kilowatt-
Hour Tax, and (h) other similar taxes.

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    The Debtors be, and they hereby are, authorized but not directed to pay all Prepetition Taxes to the Taxing Authorities in the ordinary course of their businesses.

3.    All applicable banks and other financial institutions are hereby authorized and directed to receive, process, honor, and pay any and all checks and electronic transfers evidencing amounts paid by the Debtors pursuant to the Motion, whether they were issued before or after the October 8, 2005, the date of the Debtors' chapter 11 filings.

4.    To the extent the Taxing Authorities have otherwise not received payment for all Prepetition Taxes owed, the Debtors are authorized to issue checks, or to provide for another means of payment, to the Taxing Authorities, to the extent necessary to pay all outstanding Prepetition Taxes.

5.    This Order is without prejudice to the Debtors' rights to contest the amounts of any Prepetition Taxes on any grounds they deem appropriate.

6.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

7.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
         October 13, 2005


                                    /s/ ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE