UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                    :
     In re                     :     Chapter 11
                    :
DELPHI CORPORATION, et al.,  :     Case No. 05-44481 (RDD)
                    :
             Debtors.   :     (Jointly Administered)
                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

INTERIM ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(a)
(I) AUTHORIZING EMPLOYMENT AND RETENTION OF RETAIN GROOM LAW
GROUP CHARTERED AS SPECIAL EMPLOYEE BENEFITS COUNSEL TO
DEBTORS AND (II) SCHEDULING FINAL HEARING THEREON

("GROOM LAW GROUP RETENTION INTERIM ORDER")

      Upon the application, dated October 8, 2005 (the "Application"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an interim order (the "Interim Order")

under 11 U.S.C. §§ 327(e) and 1107(a) and Fed. R. Bankr. P. 2014 and 2016 (a) authorizing the

employment and retention of Groom Law Group Chartered ("Groom") as special employee

benefits counsel to the Debtors and (b) scheduling a final hearing thereon; and upon the Affidavit

Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to

October 8, 2005, and upon the Affidavit of Lonie A. Hassel, sworn to October 5, 2005, in

support of the Application (the "Hassel Affidavit"); and this Court being satisfied with the

representations made in the Application and the Hassel Affidavit that Groom does not represent

or hold any interest adverse to any of the Debtors' estates or the Debtors with respect to the

matters on which Groom is to be employed, and that Groom's employment is necessary and

would be in the best interests of each of the Debtors' estates; and it appearing that proper and

adequate notice has been given and that no other or further notice is necessary; and upon the

record herein; and after due deliberation thereon; and good and sufficient cause appearing

therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Application is GRANTED on an interim basis.

2.    Subject to the terms of this Interim Order, the Debtors' employment of Groom

as their special employee benefits counsel, pursuant to the engagement letter attached hereto as

Exhibit 1, is approved under sections 327(e) and 1107(a) of title 11 of the United States Code,

11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), with approval of such employment being

effective as of the date of the Application.

3.    Groom shall be compensated in accordance with the standards and procedures

set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules,

Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New

York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and

further orders of this Court.

4.    This Interim Order shall remain in full force and effect until such time as this

Court enters an order ruling on the Application on a final basis.

5.    The Debtors shall serve a notice of the final hearing to approve the

Application (the "Notice"), substantially in the form attached hereto as Exhibit 2, on (a) the

Office of the United States Trustee, (b) the Debtors' 50 largest unsecured creditors, (c) counsel

for the agent under the Debtors' prepetition credit facility, (d) counsel for the agent under the

Debtors' proposed postpetition credit facility, and (e) any committee appointed under section

1102 of the Bankruptcy Code.  Notice served pursuant to the preceding sentence shall be via first

2

class mail, postage prepaid.  No further notice of the final hearing to approve the Application or

of the entry of this Interim Order need be served by the Debtors.

6.    Objections, if any, to approval of the Application on a final basis must be in

writing and filed timely in accordance with the requirements set forth in the Notice.  There shall

be a hearing held on October 27, 2005 at 10:00 a.m. (Prevailing Eastern Time) before the

Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New

York, One Bowling Green, Room 610, New York, New York 10004, to determine whether to

approve, on a final basis, the retention of Groom on the terms described in the Application.

7.    Any party-in-interest shall have the right to raise the issue of the application

of Groom's prepetition retainer to postpetition fees and expenses incurred at any time.

8.    This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Interim Order.

9.    The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Application.

Dated:    New York, New York
          October 14, 2005


                                        /s/ ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

<u>EXHIBIT 1</u>

Engagement Letter

See separately attached exhibit.

Exhibit 2

NOTICE

**Hearing Date: October 27, 2005, 10:00 a.m.**
**Objection Deadline: October 24, 2005, 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                           :
        In re                     :      Chapter 11
                           :
DELPHI CORPORATION, et al.,     :      Case No. 05-44481 (RDD)
                           :
                 Debtors.     :      (Jointly Administered)
                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

NOTICE OF APPLICATION AND ENTRY OF INTERIM
ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(a) (I) AUTHORIZING
EMPLOYMENT AND RETENTION OF GROOM LAW
GROUP CHARTERED AS SPECIAL EMPLOYEE BENEFITS COUNSEL
TO DEBTORS AND (II) SCHEDULING FINAL HEARING THEREON

PLEASE TAKE NOTICE that on October 8, 2005, Delphi Corporation ("Delphi")

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-

captioned cases (collectively, the "Debtors"), filed the Application For Order Under 11 U.S.C.

§§327(e) And 1107(a) (I) Authorizing Employment And Retention Of Groom Law Group

Chartered As Special Employee Benefits Counsel To Debtors And (II) Scheduling Final Hearing

Thereon (the "Application").

PLEASE TAKE FURTHER NOTICE that on October __, 2005, the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an

interim order granting the relief requested in the Application, a copy of which is enclosed

herewith.

PLEASE TAKE FURTHER NOTICE that a hearing ("the Hearing") to consider

approval of the Application on a final basis will be held on October 27, 2005, at 10:00 a.m.

(Prevailing Eastern Time) before the Honorable Robert D. Drain, United States Bankruptcy

Court for the Southern District of New York, One Bowling Green, Room 610, New York, New

York 10004.

PLEASE TAKE FURTHER NOTICE that objections, if any, to approval of the

Application on a final basis must (a) be in writing, (b) conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York,

(c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) –

registered users of the Bankruptcy Court's case filing system must file electronically, and all

other parties in interest must file on a 3.5 inch disk (preferably in Portable Document Format

(PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in

hard-copy form directly to the chambers of the Honorable Robert D. Drain, and (e) be served

upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General

Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West

Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) Groom

Law Group Chartered, 1701 Pennsylvania Avenue, N.W., Washington D.C. 20006, (Att'n:

Lonie A. Hassel), (iv) special counsel to the Debtors, Shearman & Sterling LLP, 599 Lexington

Avenue, New York, New York 10022 (Att'n:  Douglas P. Bartner), (v) counsel for the agent

under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington

Avenue, New York, New York 10017 (Att'n:  Marissa Wesley), (vi) counsel for the agent under

the Debtors' proposed postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue,

New York, New York 10017 (Att'n:  Marlane Melican), (vii) counsel to any official committee

formed in these cases, and (viii) the Office of the United States Trustee for the Southern District

of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M.

Leonhard), in each case so as to be **received** no later than **4:00 p.m. (Prevailing Eastern Time)**

on **October 24, 2005** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections made in writing and filed timely and received by the Objection Deadline will be considered by the Bankruptcy Court at the Hearing.  If no objections to the Application are filed timely and served in accordance with the procedures set forth herein, the Bankruptcy Court may enter a final order granting the Application **without further notice.**

Dated:  New York, New York
        October __, 2005

                 SKADDEN, ARPS, SLATE, MEAGHER
                   & FLOM LLP

                 By: _____
                   John Wm. Butler, Jr.
                   John K. Lyons
                   Ron E. Meisler
                 333 West Wacker Drive, Suite 2100
                 Chicago, Illinois  60606
                 (312) 407-0700

                   - and -

                 By: _____
                   Kayalyn A. Marafioti (KM 9632)
                   Thomas J. Matz (TM 5986)
                 Four Times Square
                 New York, New York 10036
                 (212) 735-3000

                 Attorneys for Delphi Corporation, et al.,
                   Debtors and Debtors-in-Possession

# GROOM
## LAW GROUP

RECEIVED BY

SEP 2 . 2005

GROOM LAW GROU*

Lonie A. Hassel
(202) 861-6634
lah@groom.com

September 16, 2005

THEODORE R. GROOM
LOUIS T. MAZAWEY
GARY M. FORD
ROBERT GALLAGHER
STEPHEN M. SAXON
DOUGLAS W. ELL
CHARLES W. SHERMAN, JR.
THOMAS F. FITZGERALD
IAN D. LANOFF
LONIE A. HASSEL
THOMAS S. GIGOT
WILLIAM M. EVANS
ANDRÉE M. ST. MARTIN
JON W. BREYFOGLE
DAVID W. POWELL
ROBERTA J. UFFORD
MARK L. LOFGREN
EDWARD A. SCALLET
BRIGEN L WINTERS
MICHAEL J. PRAME
ELIZABETH THOMAS DOLD
RICHARD K. MATTA

CHRISTINE L. KELLER
DAVID N. LEVINE
CHRISTY A. TINNES
LARS C. GOLUMBIC
ELLEN M. GOODWIN
JENNIFER E. ELLER
ELENA C. BARONE
AUGUST A. IMHOLTZ III**
CHRISTA D. HAAS
ANNA DRIGGS*
ROBERT A. IMES
JON BOURGAULT

WILLIAM F. HANRAHAN
JOHN P. McALLISTER
MICHAEL A. THRASHER
ROBERT D. VALER
ALVARO I. ANILLO
KENDALL W. DAINES
JOHN F. McGUINESS
KATHERINE S. KAMEN
JAMES V. COLE II

OF COUNSEL

* ADMITTED ONLY IN WASHINGTON STATE. SUPERVISION BY PRINCIPALS
OF THE FIRM, WHO ARE MEMBERS OF THE DC BAR.

** ADMITTED ONLY IN PENNSYLVANIA. SUPERVISION BY
PRINCIPALS OF THE FIRM, MEMBERS OF THE DC BAR

Beth Sax, Esq.
Assistant General Counsel, Labor
Delphi Corp.
5825 Delphi Dr.
Troy, MI  48098

     Re:    Engagement of Groom Law Group, Chartered

Dear Beth:

    We are pleased that you have given us the opportunity to provide legal services to Delphi Corp. (the "Company"). This letter describes our understanding of the services contemplated and describes the basis for our fees and other terms of our representation.

    1. Scope of Services. You have asked us to assist the Company on issues involving the Company's employee benefit plans.

    We may also agree to assist you with additional employee benefit related matters that you refer to us and this letter will apply to services we provide in connection with those additional matters.

    2. Staffing and Responsibilities. I will be the attorney primarily responsible for the representation. Other firm attorneys also will be involved in providing legal services to the Company. In this regard, one of our firm's strengths is our attorneys' depth of experience in employee benefits matters; we may hold internal conferences with other firm attorneys who have relevant expertise from time to time in the course of providing services. We believe this approach improves our ability to provide quality legal services in an efficient, economical matter.

Groom Law Group, Chartered
1701 Pennsylvania Ave., N.W. • Washington, D.C. 20006-5811 • 202-857-0620 • Fax 202-659-4503
www.groom.com

# GROOM
## LAW GROUP

Beth Sax, Esq.
September 16, 2005
Page 2

Paralegals, who are not attorneys but are experienced in the preparation of documents and the completion of various tasks, may also be involved in providing services to the Company.

We will provide legal counsel and assistance to you in accordance with this letter, keep you reasonably informed of progress and developments, and respond to your inquiries. We will rely on you to fully and accurately disclose to us all relevant facts, to keep us apprised of any developments relating to the matter, and to assist and cooperate with us as appropriate in providing services to the Company.

Our clients often expect us to communicate electronically with them or with outside parties during the course of our representation. While e-mail is a fast and convenient way to communicate, e-mail travels over the public Internet, which is not a secure means of communication. This means that confidentiality could be compromised. Unless you direct us to not communicate electronically, you agree that we may use e-mail and other electronic methods to transmit and receive information, including confidential information, in communications with you and with other parties in connection with our services.

3. Fees and Billings. Our billing rates are based on various factors, which include years of experience, specialization in training and practice, level of professional attainment, and type of representation. Our preferred attorney billing rates range from $285 to $530 per hour. My preferred billing rate is $460. For debtor representation in bankruptcy cases, we bill at our standard hourly rates discounted by 10%. Our standard hourly rates range from $285 to $695. My standard hourly rate is $535 per hour. The hourly rate multiplied by the time spent on the Company's behalf, measured in tenths of an hour (less the 10% discount, if applicable) will be the basis for determining our fees. Our billing rates typically are adjusted each January.

Our bills include reimbursement of expenses at cost incurred in connection with our services. Our expenses may include photocopying, postage, messenger/delivery service, travel (including mileage, parking, coach airfare, lodging, meals and ground transportation), long distance telephone, computer aided research, court costs, court reporter and filing fees, administrative filing fees, overtime secretarial services,

# GROOM
## LAW GROUP

Beth Sax, Esq.
September 16, 2005
Page 3

deposition expenses, expert and consultant fees, and any other reasonable expenses incurred.

Unless other arrangements are made, we will send you monthly statements indicating our fees and expenses incurred in providing services to you and the current status of your account. Our statements include a detailed description of work performed, fees, expenses and disbursements for the month. All statements are, of course, subject to your verification of the services and amounts indicated thereon.

You agree to advance $50,000 with us for the fees and the disbursements and other charges in connection with our representation. This amount will be held in our general account and will be applied by us against our fees as services are performed, subject to your review upon receipt of our monthly statement. You must replenish the advance upon receipt of our monthly statement unless we agree otherwise. If it appears that our fees and charges will exceed your advance, we may request a further deposit and, if the additional deposit is not promptly paid, we reserve the right to stop work and withdraw from this engagement.

4. <u>Other Matters</u>. We represent many other companies and individuals with respect to various legal matters. It is possible that, during the time we are representing the Company, one of our current or future clients may have transactions or disputes with the Company. For example, we represent financial institutions or other service providers who may provide services to you. You agree that we may continue to represent, or undertake in the future to represent, our current or future clients in any matter, including litigation, even if the interests of such other clients in these other matters are directly adverse to the Company, so long as those matters are not substantially related to our work for the Company.

In addition, as noted, you have asked us to represent the Company in its capacity as "settlor" to the plan, and not in its capacity as fiduciary for the plan. To the extent that our services are for the benefit of the Company acting as settlor, our fees generally may not be paid from plan assets. If requested, we will also provide services for the Company as fiduciary. In that event, it is possible for a conflict of positions to develop that could affect our representation of the Company as settlor or as fiduciary, or both.

# GROOM
## LAW GROUP

Beth Sax, Esq.
September 16, 2005
Page 4

Further, if we jointly represent the plan sponsor and fiduciary in a specific matter, we may have a duty to disclose information we receive from one to the other. Also, some courts have adopted a "plan exception" to the attorney-client privilege under which the privilege may not protect some communications between legal counsel and a plan sponsor from discovery by plan participants and beneficiaries in litigation, to the extent the plan sponsor was acting as a fiduciary. In an effort to address these potential issues, we generally will treat each matter referred to us during this engagement as a representation of the plan sponsor, unless you indicate that a specific matter should be treated as joint representation of the plan sponsor and fiduciary or of the fiduciary alone.

\*      \*      \*      \*      \*

If you agree to the terms of our representation as described by this letter, please confirm your acceptance by signing below and returning this letter, with your retainer to Michelle Walsh at Groom Law Group, Chartered, 1701 Pennsylvania Ave. N.W., Suite 1200, Washington, DC 20006. If this letter is not signed and returned, you will be obligated to pay us the reasonable value of any services we may have performed on your behalf. Upon your acceptance, this letter applies retroactively to the date we first performed services for you.

We are pleased to have this opportunity to be of service and to work with you. Please contact me anytime during the course of this representation if you have questions about our services, staffing, billings or other aspects of our representation. My direct telephone number is (202) 861-6634.

Sincerely,

Lonie A. Hassel

# GROOM
## LAW GROUP

Beth Sax, Esq.
September 16, 2005
Page 5

On behalf of Delphi Corp., I agree to the terms and conditions set forth in this letter.

By: _M. Beth Sax_

Title: _Assistant General Counsel_

_19_ day of _September_ , 2005

# EXHIBIT V

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
                In re                     :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                          Debtors.        :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

INTERIM ORDER UNDER 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014
AND 2016 (I) AUTHORIZING EMPLOYMENT AND RETENTION OF
FTI CONSULTING, INC. AS RESTRUCTURING AND FINANCIAL ADVISORS
TO DEBTORS AND (II) SCHEDULING FINAL HEARING THEREON

("FTI RETENTION INTERIM ORDER")

Upon the application, dated October 8, 2005 (the "Application"), of Delphi

Corporation and certain of its domestic subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an interim

order (the "Interim Order") under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 and 2016

(a) authorizing the employment and retention of FTI Consulting, Inc. (together with its wholly

owned subsidiaries, agents, independent contractors, and employees, "FTI") as restructuring and

financial advisors to the Debtors and (b) scheduling a final hearing thereon; and upon the

Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders,

sworn to October 8, 2005, and upon the Affidavit of Randall S. Eisenberg, sworn to October 7,

2005, in support of the Application; and this Court having determined that the relief requested in

the Application is in the best interests of the Debtors, their estates, their creditors, and other

parties-in-interest; and it appearing that proper and adequate notice of the Application has been

given and that no other or further notice is necessary; and after due deliberation thereon; and

good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Application is GRANTED on an interim basis.

2.    Subject to the terms of this Interim Order, the Debtors' employment of FTI as their restructuring and financial advisors, in accordance with the letter agreement attached hereto as Exhibit 1, the dispute resolution procedures attached hereto as Exhibit 2, and this Interim Order, is approved pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), effective as of the date of the Application.

3.    FTI shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court; provided, however, that with regard to assistance rendered postpetition to the Debtors in responding to and tracking calls received from suppliers in a vendor communication room, including the production of various management reports reflecting call center activity, FTI shall only be required to maintain contemporaneous time records in half-hour increments.

4.    To the extent accrued during this interim retention, FTI shall receive only (a) its hourly fees and (b) reimbursement of FTI's expenses.

5.    Any requests by FTI for indemnification or other payments from the Debtors shall be made by means of an application (interim or final, as the case may be) to this Court and shall be subject to review by this Court; provided, however, that in no event shall FTI be

2

indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross

negligence, or willful misconduct.

6.    In no event shall FTI be indemnified nor shall its liability be limited if the

Debtors or a representative of their estates asserts a claim for, and a court determines by final

order that such claim arose out of, FTI's own bad faith, self-dealing, breach of fiduciary duty (if

any), gross negligence, or willful misconduct.

7.    In the event that FTI seeks reimbursement for attorneys' fees from the

Debtors pursuant to the Application, the invoices and supporting time records from such

attorneys shall be included in FTI's own applications (both interim and final) and such invoices

and time records shall be subject to the Office of the United States Trustee's guidelines for

compensation and reimbursement of expenses and approval of this Court under the standards of

sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been

retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys'

services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

8.    This Interim Order shall remain in full force and effect until such time as this

Court enters an order ruling on the Application on a final basis.

9.    The Debtors shall serve a notice of the final hearing to approve the

Application (the "Notice"), substantially in the form attached hereto as Exhibit 3, on (a) the

Office of the United States Trustee, (b) the Debtors' 50 largest unsecured creditors, (c) counsel

for the agent under the Debtors' prepetition credit facility, (d) counsel for the agent under the

Debtors' proposed postpetition credit facility, and (e) any committee appointed under section

1102 of the Bankruptcy Code.  Notice served pursuant to the preceding sentence shall be via first

class mail, postage prepaid.  No further notice of the final hearing to approve the Application or

of the entry of this Interim Order need be served by the Debtors.

       10.    Objections, if any, to approval of the Application on a final basis must be in

writing and filed timely in accordance with the requirements set forth in the Notice.  There shall

be a hearing held on October 27, 2005 at 10:00 a.m. (Prevailing Eastern Time) before the

Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New

York, One Bowling Green, Room 610, New York, New York  10004, to determine whether to

approve, on a final basis, the retention of FTI on the terms described in the Application.

       11.    Any party-in-interest shall have the right to raise the issue of the application

of FTI's prepetition retainer to postpetition fees and expenses incurred at any time.

       12.    This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Interim Order.

       13.    The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Application.

Dated:    New York, New York
          October 14, 2005

                /s/ ROBERT D. DRAIN
                UNITED STATES BANKRUPTCY JUDGE

EXHIBIT 1

ENGAGEMENT LETTER

SEE SEPARATELY ATTACHED EXHIBIT.

## EXHIBIT 2

DISPUTE RESOLUTION PROCEDURES

## Dispute Resolution Procedures

The following procedures shall be used to resolve any controversy or claim ("dispute") as provided in this Agreement.  If any of these provisions are determined to be invalid or unenforceable, the remaining provisions shall remain in effect and binding the parties to the fullest extent permitted by law.

### Mediation

A dispute shall be submitted to mediation by written notice to the other party or parties.  In the mediation process, the parties will try to resolve their differences voluntarily with the aid of an impartial mediator, who will attempt to facilitate negotiations.  The mediator will be selected by agreement of the parties.  If the parties cannot agree on a mediator, a mediator will be designated by the American Arbitration Association ("AAA") or JAMS/Endispute at the request of a party.  Any mediator so designated must be acceptable to all parties.

The mediation will be conducted as specified by the mediator and agreed upon by the parties.  The parties agree to discuss their differences in good faith and to attempt, with the assistance of the mediator, to reach an amicable resolution of the dispute.

The mediation will be treated as a settlement discussion and therefore will be confidential.  The mediator may not testify for either party in any later proceeding relating to the dispute.  No recording or transcript of shall be made of the mediation proceedings.

Each party will bear its own costs in mediation.  The fees and expenses of the mediator will be shared equally by the parties.

### Arbitration

If a dispute has not been resolved within 90 days after the written notice beginning the mediation process (or a longer period, if the parties agree to extend the mediation), the mediation shall terminate and the dispute will be settled by arbitration and judgment on the award rendered by the arbitration may be entered in any court having jurisdiction thereof.  The arbitration will be conducted in accordance with the procedures in this document and the Arbitration Rules for Professional Accounting and Related Services Disputes of the AAA ("AAA Rules").

## EXHIBIT 3

NOTICE

**Hearing Date: October 27, 2005, 10:00 a.m.**
**Objection Deadline: October 24, 2005, 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

       - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
       In re                                :      Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :      Case No. 05-44481 (RDD)
                                            :
                          Debtors.          :      (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NOTICE OF APPLICATION AND ENTRY OF INTERIM
ORDER UNDER 11 U.S.C. § 327(a) AND FED. R. BANKR. P.
2014 AND 2016 (I) AUTHORIZING RETENTION AND EMPLOYMENT OF FTI
CONSULTING, INC. AS RESTRUCTURING AND FINANCIAL
ADVISORS TO DEBTORS AND (II) SCHEDULING  FINAL HEARING THEREON

PLEASE TAKE NOTICE that on October 8, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed the Application For Order Under 11 U.S.C. §327(a) And Fed. R. Bankr. P. 2014 And 2016 (I) Authorizing Employment And Retention Of FTI Consulting, Inc. As Restructuring And Financial Advisors To Debtors And (II) Scheduling Final Hearing Thereon (the "Application").

PLEASE TAKE FURTHER NOTICE that on October __, 2005, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an interim order granting the relief requested in the Application, a copy of which is enclosed herewith.

PLEASE TAKE FURTHER NOTICE that a hearing ("the Hearing") to consider approval of the Application on a final basis will be held on October 27, 2005, at 10:00 a.m. (Prevailing Eastern Time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that objections, if any, to approval of the Application on a final basis must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties in interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, and (e) be served

Note:  To the extent a listed entity has filed for chapter 11, FTI may represent the Company, its lenders or Unsecured Creditors' Committee.

upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General

Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West

Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) FTI

Consulting, Inc., 3 Times Square, 11th Floor, New York, New York 10036 (Att'n:  Randall S.

Eisenberg), (iv) special counsel to the Debtors, Shearman & Sterling LLP, 599 Lexington

Avenue, New York, New York 10022 (Att'n:  Douglas P. Bartner), (v) counsel for the agent

under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington

Avenue, New York, New York 10017 (Att'n:  Marissa Wesley), (vi) counsel for the agent under

the Debtors' proposed postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue,

New York, New York 10017 (Att'n:  Marlane Melican), (vii) counsel to any official committee

formed in these cases, and (viii) the Office of the United States Trustee for the Southern District

of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M.

Leonhard), in each case so as to be **received** no later than **4:00 p.m. (Prevailing Eastern Time)**

on **October 24, 2005** (the "Objection Deadline").

Note:  To the extent a listed entity has filed for chapter 11, FTI may represent the Company, its
       lenders or Unsecured Creditors' Committee.

PLEASE TAKE FURTHER NOTICE that only those objections made in writing and filed timely and received by the Objection Deadline will be considered by the Bankruptcy Court at the Hearing.  If no objections to the Application are filed timely and served in accordance with the procedures set forth herein, the Bankruptcy Court may enter a final order granting the Application without further notice.

Dated:  New York, New York
      October __, 2005

           SKADDEN, ARPS, SLATE, MEAGHER
             & FLOM LLP

           By: _____
             John Wm. Butler, Jr.
             John K. Lyons
             Ron E. Meisler
           333 West Wacker Drive, Suite 2100
           Chicago, Illinois  60606
           (312) 407-0700

             - and -

           By: _____
             Kayalyn A. Marafioti (KM 9632)
             Thomas J. Matz (TM 5986)
           Four Times Square
           New York, New York 10036
           (212) 735-3000

           Attorneys for Delphi Corporation, et al.,
             Debtors and Debtors-in-Possession

Note:  To the extent a listed entity has filed for chapter 11, FTI may represent the Company, its lenders or Unsecured Creditors' Committee.

## EXHIBIT 1

Engagement Letter



FTI Consulting
Park One Center
6100 Oak Tree Blvd., Suite 200
Cleveland, OH 44131

216.986.2750 telephone
216.986.2749 facsimile
www.fticonsulting.com

PRIVATE & CONFIDENTIAL

As of August 1, 2005

John Wm. Butler, Jr., Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
333 W. Wacker Drive, Suite 2100
Chicago, Illinois 60606

Re: Delphi Corporation -- Financial Advisory Services

Dear Mr. Butler:

1.   **Introduction**

This letter confirms that we, FTI Consulting, Inc. ("FTI"), have been retained by you, Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), to provide certain financial advisory and consulting services (the "Services") set out below, to Delphi Corporation and its subsidiaries (collectively, the "Company") as intended third party beneficiaries hereof (herein, "you," "your" and related terms will refer to the Company, "we," "our" and "us" and related terms will refer to FTI). This letter of engagement (the "Engagement") and the related Standard Terms and Conditions constitute the engagement contract (the "Engagement Contract") pursuant to which such Services will be provided.

2.   **Scope of Services**

At Skadden's direction, the scope of services to be performed will be related to assisting the Company in its restructuring efforts that the Company requests from time to time. The Services, as outlined above, are subject to change as mutually agreed between us.

FTI is engaged by Skadden to provide financial advisory and consulting services only. Accordingly, while we may from time to time suggest options which may be available to Skadden or the Company, and further give our professional evaluation of these options, the ultimate decision as to which, if any, of these options to implement rests with the Company, its management and board of directors. FTI and its employees will not make any management decisions for the Company and will not be responsible for communicating information concerning the Company to the public, the Company's shareholders or others.

As part of our Services, FTI may be requested by Skadden to assist the Company (and its legal or other advisors) in negotiating with the Company's creditors and equity holders and with other interested parties. In the event that we participate in such negotiations, the representations made and the positions advanced will be those of the Company and its management, not FTI or its employees.

1

Skadden, Arps, Slate, Meagher & Flom LLP
As of August 1, 2005

3.    **Fees**

Fees in connection with this Engagement will be based upon the time incurred providing the
Services, multiplied by our standard hourly rates, summarized as follows:

| | Per Hour |
|---|---|
| Senior Managing Directors | $580 - 630 |
| Directors / Managing Directors | 440 - 560 |
| Associates / Consultants | 235 - 385 |
| Paraprofessionals | 95 - 168 |

Hourly rates are generally revised periodically. We will notify Skadden and the Company and
obtain the Company's concurrence in advance of any such changes to our rates with respect to
any rate increase for 2005 and any annual rate increase thereafter in excess of 5% of the then
applicable hourly rates. Note that we do not provide any assurance regarding the outcome of
our work and our fees will not be contingent on the results of such work. In addition to the
hourly rates and subject to the approval of the Bankruptcy Court in the event that a chapter 11
case is commenced, the Company agrees to consider, in its sole discretion, a value-added fee
at the conclusion of the Engagement that would be based upon our contribution to the
successful restructuring of the Company.

In addition to the fees outlined above and consistent with the Company's reimbursement
guidelines provided to FTI by the Company concurrently with execution of this Agreement,
FTI will bill for reasonable expenses which are likely to be incurred on your behalf during this
Engagement, including, but not limited to, airfare, meals, hotel accommodations, telephone,
industry research, duplicating and printing (at not more than $0.10 per page), etc. FTI will not
charge any markup, overhead, profit or other fees on the reimbursable expenses.

Based on our initial understanding of the matter and our scope of work, our retainer in this
matter has been sized at $300,000. The retainer, which is to be paid by the Company upon the
execution of this Engagement Contract, is typically held and applied to our final bill for the
Services, with any excess amounts refunded to the Company. We reserve the right, however,
to apply the retainer to our fees as the Engagement proceeds. The retainer is not intended to
be an estimate for the total cost of the work to be performed. We may request an increase to
this retainer depending upon the level of services provided and course to be taken to
implement the restructuring. On or prior to September 9, 2005, FTI agrees to provide an
estimate of project fees to be incurred by the Company in connection with the Engagement by
project category and engagement phase.

Invoices for fees and expenses incurred in connection with this Engagement will be billed
weekly, and are due upon receipt by wire transfer. If we do not receive payments accordingly,
we shall be entitled, without prejudice to any other rights that we may have, to immediately
suspend provision of the Services until all sums due are paid in full. In no event shall Skadden
be liable for any of our invoices in connection with the Engagement.

Skadden, Arps, Slate, Meagher & Flom LLP
As of August 1, 2005

4.    **Terms and Conditions**

The attached Standard Terms and Conditions, set forth the duties of each party with respect to the Services. Further, this letter and the Standard Terms and Conditions attached comprise the entire Engagement Contract for the provision of the Services to the exclusion of any other express or implied terms, whether expressed orally or in writing, including any conditions, warranties and representations, and shall supersede all previous proposals, letters of engagement, undertakings, agreements, understandings, correspondence and other communications, whether written or oral, regarding the Services.

5.    **Conflicts of Interest**

Based on the list of interested parties (the "Potentially Interested Parties"), provided by Skadden and the Company, we have undertaken a limited review of our records to determine FTI's professional relationships with the Company and its stakeholders. As the Company is aware, FTI is regularly retained by the administrative agent and/or other members of the Company's lending group (or law firms retained by the administrative agent or lending group members). However, during the term of this engagement, such representations will only be in matters unrelated to the Company. In addition, FTI has previously represented JP Morgan Chase in connection with the Company's accounts receivables securitizations. Based upon our review, FTI has not been engaged to represent any other client over the past twelve months in relation to the Company, except to the extent that our representation of another client has incidentally related to Delphi on an indirect basis and was not material to the scope of the particular engagement. Should the Company become a debtor under the Bankruptcy Code, FTI agrees to provide services to the Company until its retention is approved or our Services are fully transitioned to another firm irrespective of whether we are compensated for such services and notwithstanding any other provision of this agreement.

From the results of such review, we are not aware of any conflicts of interest or additional relationships that we believe would preclude us from performing the Services. As you know, we are a large consulting firm with numerous offices throughout the United States. We are regularly engaged by new clients, which may include one or more of the Potentially Interested Parties. However, we will not accept an engagement that directly conflicts with this Engagement without your prior written consent.

6.    **Personnel**

Randall Eisenberg and I will coordinate all engagement matters on behalf of FTI and we agree to make a substantial portion of time available for the engagement. We have agreed to the Company's request that, to the extent practicable under the circumstances and exigencies facing the Company, we will staff the engagement with a working group of professionals that are prepared to commit a concentrated effort to the engagement as the Company believes that there are efficiencies of identification with, and dedication to the engagement. We have also agreed to provide Skadden and the Company with an organizational chart of professionals assigned to the engagement and to promptly update the organizational chart as to any changes in staffing as to which we agree to consult with and obtain the concurrence of the Company.

Skadden, Arps, Slate, Meagher & Flom LLP
As of August 1, 2005

All of FTI's agents and employees furnished by FTI to perform the Services (collectively, "Personnel") are and will remain FTI's employees and, under no circumstances, will any Personnel furnished by FTI be deemed to be Company's employees. FTI is solely responsible, at FTI's sole cost and expense, for (i) the fulfillment of all obligations to Personnel and (ii) the compliance by FTI and Personnel with this Agreement and all laws, regulations, orders and other governmental requirements applicable to performance of the Services.

FTI will require all Personnel who are performing any work on the Company's premises to comply with all of the Company's regulations and policies as provided in writing by the Company to FTI. The Company, in its sole discretion, has the right to: (a) bar any of Personnel from the Company's premises for failure to observe the Company's regulations or policies, (b) require that FTI promptly remove from the Company's premises any Personnel who violate any of the Company's regulations or policies, and (c) require that FTI cease using any Personnel to perform the services who are reasonably unacceptable to the Company. The Company will confer with FTI to discuss the Company's concerns prior to requiring removal of any Personnel. FTI will replace any barred or removed Personnel with Personnel reasonably acceptable to the Company.

[Remainder of page intentionally left blank]

-4-

Skadden, Arps, Slate, Meagher & Flom LLP
As of August 1, 2005

7.    **Acknowledgement and Acceptance**

Please acknowledge your acceptance of the terms of this Engagement Contract by signing both the confirmation below and the attached Standard Terms and Conditions and returning a copy of each to us at the above address.

If you have any questions regarding this letter or the attached Standard Terms and Conditions, please do not hesitate to contact Randall S. Eisenberg at 212-499-3614 or Scott King at 216-986-2755.

Yours faithfully,

FTI CONSULTING, INC.

By:  _____
    Scott H. King
    Senior Managing Director

Attachment – As stated

Confirmation of Terms of Engagement

Skadden agrees to engage FTI Consulting, Inc. upon the terms set forth herein and in the attached Standard Terms and Conditions.

Signed: John Wm. Butler, Jr., Esq.
On behalf of Skadden, Arps, Slate, Meagher & Flom LLP

Date:    As of August 1, 2005

Confirmation of Terms and Obligations of Payment

Company agrees to this Agreement and acknowledges its duties specified herein.

Signed: Mr. John D. Sheehan
On behalf of Delphi Corporation

Date:    As of August 1, 2005

**FTI CONSULTING, INC.**

**STANDARD TERMS AND CONDITIONS**

The following are the Standard Terms and Conditions on which we will provide the Services to you set forth within the attached letter of engagement dated as of August 1, 2005. The Engagement letter and the Standard Terms and Conditions (collectively the "Engagement Contract") form the entire agreement between us relating to the Services and replace and supersede any previous proposals, letters of engagement, undertakings, agreements, understandings, correspondence and other communications, whether written or oral, regarding the Services. The headings and titles in the Engagement Contract are included to make it easier to read but do not form part of the Engagement Contract.

1.    **Reports and Advice**

1.1    **Reliance on drafts** – You acknowledge that no reliance shall be placed on draft reports, conclusion or advice, whether oral or written, issued by us as the same may be subject to further work, revision and other factors which may mean that such drafts are substantially different from any final report or advice issued.

1.2    **Our responsibility for final reports** – In the event we will be acting as independent experts, our reports or advice must be objective and impartial. While we will be prepared to discuss draft reports, which do not constitute our final opinion, the content of our final report is a matter for us alone.

1.3    **Use and purpose of advice and reports** – Any advice given or report issued by us is provided solely for the use and benefit of Skadden and the Company and only in connection with the purpose in respect of which the Services are provided. Unless required by law, the Company shall not provide any advice given or report issued by us to any third party, or refer to us or the Services, without our prior written consent (which will not be unreasonably withheld or delayed). In no event, regardless of whether consent has been provided, shall we assume any responsibility to any third party to which any advice or report is disclosed or otherwise made available.

2.    **Information and Assistance**

2.1    **Provision of information and assistance** – Our performance of the Services is dependent upon the Company providing us with such information and assistance as we may reasonably require from time to time.

2.2    **Punctual and accurate information** – The Company's personnel shall use reasonable skill, care and attention to ensure that all information we may reasonably require is provided on a timely basis and is accurate and complete and relevant for the purpose for which it is required. The Company shall also notify us if you subsequently learn that the information provided is incorrect or inaccurate or otherwise should not be relied upon.

2.3    **No assurance on financial data** – While our work may include an analysis of financial and accounting data, the Services will not include an audit, compilation or review of any kind of any financial statements or components thereof. Company management will be responsible for any and all financial information they provide to us during the course of this Engagement, and we will not examine or compile or verify any such financial information. Moreover, the circumstances of the Engagement may cause our advice to be limited in certain respects based upon, among other matters, the extent of sufficient and available data and the opportunity for supporting investigations in the time period. Accordingly, as part of this Engagement, we will not express any opinion or other form of assurance on financial statements of the Company.

6

2.4    **Prospective financial information** - In the event the Services involve prospective financial information, our work will not constitute an examination or compilation, or apply agreed-upon procedures, in accordance with standards established by the American Institute of Certified Public Accountants or otherwise, and we will express no assurance of any kind on such information. There will usually be differences between estimated and actual results, because events and circumstances frequently do not occur as expected, and those differences may be material. We will take no responsibility for the achievability of results or events projected or anticipated by the management of the Company.

3.    **Additional Services**

3.1    **Responsibility for other parties** – You shall be solely responsible for the work and fees of any other party engaged by you to provide services in connection with the Engagement regardless of whether such party was introduced to you by us. Except as provided in this Engagement Contract, we shall not be responsible for providing or reviewing the advice or services of any such third party, including advice as to legal, regulatory, accounting or taxation matters. Further, we acknowledge that we are not authorized under our Engagement Contract to engage any third party to provide services or advice to Skadden or the Company without Skadden's and the Company's written authorization.

4.    **Confidentiality**
We acknowledge a separate Confidentiality Agreement will be entered into (the "Confidentiality Agreement") setting forth obligations with respect to confidential information.

5.    **Termination**

5.1    **Termination of Engagement with notice** – You may terminate the Engagement Contract for whatever reason upon written notice to us. Upon receipt of such notice, we will stop all work immediately but the Company will be responsible for all fees and expenses incurred by us through the date termination notice is received.

5.2    **Continuation of terms** – The terms of the Engagement that by their context are intended to be performed after termination or expiration of this Engagement Contract, including but not limited to, Clauses 3 and 4 of the Engagement letter, and Clauses 1.3, 6 and 7 of the Standard Terms and Conditions, are intended to survive such termination or expiration and shall continue to bind all parties.

6.    **Liability Limitation; Waiver of Jury Trial**

6.1    **Limitation of liability** – The Company agrees that FTI and any of its subsidiaries and affiliates, officers, directors, shareholders, agents, employees, subcontractors and/or independent contractors furnished by FTI to perform the Services (collectively, "Personnel") shall not have any liability to the Company or to any third party claim as a result of Skadden's retention of FTI, the execution and delivery of this Engagement Contract, the provision of Services or other matters relating to or arising from this Engagement Contract, other than liabilities that shall have been determined by a final non-appealable order of a court of competent jurisdiction to have resulted from the gross negligence or willful misconduct of FTI or its Personnel in respect of whom such liability is asserted or as otherwise set forth herein or in a separate document. Without limiting the generality of the foregoing, in no event shall FTI or its Personnel be liable for consequential, indirect or punitive damages, damages for lost profits or opportunities or other like damages or claims of any kind.

6.2    **WAIVER OF JURY TRIAL** –TO FACILITATE JUDICIAL RESOLUTION AND SAVE TIME AND EXPENSE, THE COMPANY AND FTI IRREVOCABLY AND UNCONDITIONALLY AGREE NOT TO DEMAND A TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THE SERVICES OR ANY SUCH OTHER MATTER.

7.    **Governing Law and Jurisdiction**–The Engagement Contract shall be governed by and interpreted in accordance with the laws of the State of New York, without giving effect to the choice of law provisions thereof.  The United States District Court for the Southern District of New York and the appropriate Courts of the State of New York sitting in the Borough of Manhattan, City of New York shall have exclusive jurisdiction in relation to any claim, dispute or difference concerning the Engagement Contract and any matter arising from it. The parties submit to the jurisdiction of such Courts and irrevocably waive any right they may have to object to any action being brought in these Courts, to claim that the action has been brought in an inconvenient forum or to claim that those Courts do not have jurisdiction.  Notwithstanding the foregoing, in the event that the Company shall become a debtor under the Bankruptcy Code, the Bankruptcy Court having jurisdiction over the administration of the Company's bankruptcy cases shall have exclusive jurisdiction over the Engagement Contract and all references to other courts in this paragraph shall be deemed to be apply to the Bankruptcy Court only.

*FTI CONSULTING, INC.*

*Confirmation of Standard Terms and Conditions*

Skadden agrees to engage FTI Consulting, Inc. upon the terms set forth in these Terms and Conditions as outlined above.

Signed: John Wm. Butler, Jr., Esq.
On behalf of Skadden, Arps, Slate, Meagher & Flom LLP

Date:    As of August 1, 2005

The Company acknowledges these Terms and Conditions as outlined above.

Signed: Mr. John D. Sheehan
On behalf of Delphi Corporation

Date:    As of August 1, 2005

# **<u>EXHIBIT W</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                                 :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No.  05 – 44481 (RDD)
                                          :
                    Debtors.              :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


SCHEDULING ORDER ON DEBTORS' MOTIONS TO
(I) REJECT COLLECTIVE BARGAINING AGREEMENTS UNDER SECTION 1113(c) AND
(II) ELIMINATE RETIREE MEDICAL AND LIFE INSURANCE BENEFITS
FOR UNION-REPRESENTED RETIREES UNDER SECTION 1114(g)

("SECTION 1113 AND 1114 SCHEDULING ORDER")

            Upon the Motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation

and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§

1113 and 1114 of the Bankruptcy Code[1] and Fed. R. Bankr. P. 2002(m) and 9006 (the

"Bankruptcy Rules") establishing notice procedures, briefing schedule, and hearing date

regarding the Debtors' Motions To (a) Reject Collective Bargaining Agreements Under Section

1113(c) And (b) Eliminate Retiree Medical And Life Insurance Benefits For Union-Represented

Retirees Under Section 1114(g) (the "1113/1114 Motions"); and upon the Affidavit Of Robert S.

Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005;

and upon the record of the hearing held on the Motion; and this Court having determined that the

relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors,

---

[1]         As used herein, the term "Bankruptcy Code" means title 11 of the United States Code, 11 U.S.C. §§ 101-
            1330, as amended.

and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has

been given and that no other or further notice is necessary; and after due deliberation thereon;

and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED as provided herein.

2.    On or before October 21, 2005, the Debtors shall provide their International

Unions[2] with written postpetition proposals pursuant to 11 U.S.C. § 1113 for modifications to

their existing national collective bargaining agreements with the Debtors that are necessary to

accomplish the Debtors' reorganization, as well as relevant information necessary for those

International Unions to evaluate the proposals.

3.    In the event that the parties are unable to reach agreement on modification to the

national agreements by November 18, 2005 or such earlier date as any International Union may

request upon three business days' notice, the Debtors shall serve proposals to modify all of the

applicable local agreements as well.

4.    On November 18, 2005, if they have not already done so, the Debtors shall

provide any "authorized representative"[3] of the retirees (including any Retiree Committee or

International Union which elects to represent its retirees) with written postpetition proposals

pursuant to 11 U.S.C. § 1114 for elimination of their retiree medical and life insurance benefits, as

well as relevant information necessary for the authorized representatives to evaluate the

proposals.

---

[2]    The International Unions, as that term is used herein, are the United Auto Workers, the International Union
Of Electronic, Electrical, Salaried, Machine And Furniture Workers-Communications Workers Of
America, the United Steelworkers Of America, the International Association Of Machinists And Aerospace
Workers, the International Brotherhood Of Electrical Workers, and the International Union of Operating
Engineers.

[3]    As used herein, the term "authorized representative" is as defined in 11 U.S.C. § 1114(b).

2

5.      The Debtors shall file and serve upon the relevant International Unions and their counsel the 1113/1114 Motions, with a copy to this Court's chambers, so as to be received no later than 5:00 p.m. (Prevailing Eastern Time) on December 16, 2005.

6.      Any opposition to the 1113/1114 Motions shall be filed and served upon the Debtors and their counsel, with a copy to this Court's chambers, so as to be received no later than 5:00 p.m. (Prevailing Eastern Time) on January 11, 2006.

7.      Any reply by the Debtors to any opposition to the 1113/1114 Motions shall be filed and served upon the relevant International Unions and their counsel, with a copy to this Court's chambers, so as to be received no later than 5:00 p.m. (Prevailing Eastern Time) on January 18, 2006.

8.      This Court shall conduct a hearing on the Debtors' 1113/1114 Motions beginning at 10:00 a.m. (Prevailing Eastern Time) on January 24, 2006.

9.      Copies of the 1113/1114 Motions shall be served, along with notice of hearing, via facsimile or overnight mail on (a) the relevant International Unions, (b) the Office of the United States Trustee, (c) the Debtors' 50 largest unsecured creditors, (d) counsel for the agent under the Debtors' prepetition credit facility, and (e) counsel for the agent under the Debtors' proposed postpetition credit facility.  In light of the nature of the relief requested, no other or further notice is necessary.

10.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

11.        The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Motion.

Dated:        New York, New York
              October 13, 2005


                              /s/ ROBERT D. DRAIN
                              _____
                              UNITED STATES BANKRUPTCY JUDGE