### IN THE UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
          In re                           :    Chapter 11
                                          :
DELPHI CORPORATION et al.,                :    Case No. 05-44481 (rdd)
                                          :
                          Debtors.        :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

### AFFIDAVIT OF SERVICE

I, Amber M. Cerveny, being duly sworn according to law, deposes and says that I am employed by Kurtzman Carson Consultants, LLC, proposed claims and noticing agent for the Debtors in the above-captioned cases.

On October 17, 2005, under my direction and under my supervision, employees of KCC caused to be served, via overnight mail the documents listed in Section 1 on the parties attached hereto as Exhibits A & B:

### *Section 1*

I. Notice of Motion for an Order Under 11 U.S.C. § 363 Approving Procedures to Sell Certain De Minimis Assets Free and Clear of Liens, Claims, and Encumbrances and to Pay Market Rate Broker Commissions in Connection with Such Sales Without Further Court Approval **(Docket No. 327) [Attached hereto as Exhibit C]**

II. Motion for an Order Under 11 U.S.C. § 363 Approving Procedures to Sell Certain De Minimis Assets Free and Clear of Liens, Claims, and Encumbrances and to Pay Market Rate Broker Commissions in Connection with Such Sales Without Further Court Approval **(Docket No. 327) [Attached hereto as Exhibit D]**

III. Notice of Motion for Order Under 11 U.S.C. § 365(a) Authorizing Rejection of Lease Agreement With Duraswitch Industries, Inc. **(Docket No. 327) [Attached hereto as Exhibit E]**

IV. Motion for Order Under 11 U.S.C. § 365(a) Authorizing Rejection of Lease Agreement With Duraswitch Industries, Inc. **(Docket No. 327) [Attached hereto as Exhibit F]**

V. Notice of Motion for Order Under 11 U.S.C. § 365(a) Authorizing Rejection of Pacific Rim Lease **(Docket No. 325) [Attached hereto as Exhibit G]**

VI. Motion for Order Under 11 U.S.C. § 365(a) Authorizing Rejection of Pacific Rim Lease **(Docket No. 325) [Attached hereto as Exhibit H]**

VII. Notice of Motion for Order Under 11 U.S.C. §§ 105, 363, 364, and 365(a) Authorizing Debtors to Assume or Otherwise Take Actions Necessary to Cure and Continue to Use

of Purchase Card Agreement and Travel Card Agreement with HSBC Bank USA, National Association Used for Low-Cost, Business-Related Goods, Services, and Travel **(Docket No. 324) [Attached hereto as Exhibit I]**

VIII.   Motion for Order Under 11 U.S.C. §§ 105, 363, 364, and 365(a) Authorizing Debtors to Assume or Otherwise Take Actions Necessary to Cure and Continue to Use of Purchase Card Agreement and Travel Card Agreement with HSBC Bank USA, National Association Used for Low-Cost, Business-Related Goods, Services, and Travel **(Docket No. 324) [Attached hereto as Exhibit J]**

IX.   Notice of Filing of Amended Exhibits in Connection with Application for Order Under 11 U.S.C. §§ 327(a) and 328 (I) Authorizing Employment and Retention of Rothschild Inc. as Financial Advisor and Investment Banker to Debtors and (II) Scheduling Final Hearing **(Docket No. 331) [Attached hereto as Exhibit K]**

On October 13, 2005, under my direction and under my supervision, employees of KCC caused to be served, via overnight mail the documents listed in Section 2 on the parties attached hereto as Exhibit L

### *Section 2*

I.   Notice of Motion for Order Under 11 U.S.C. § 365(a) Authorizing Rejection of Lease Agreement With Duraswitch Industries, Inc. **(Docket No. 329) [Attached hereto as Exhibit E]**

II.   Motion for Order Under 11 U.S.C. § 365(a) Authorizing Rejection of Lease Agreement With Duraswitch Industries, Inc. **(Docket No. 329) [Attached hereto as Exhibit F]**

On October 13, 2005, under my direction and under my supervision, employees of KCC caused to be served, via overnight mail the documents listed in Section 3 on the parties attached hereto as Exhibit M

### *Section 3*

I.   Notice of Motion for Order Under 11 U.S.C. §§ 105, 363, 364, and 365(a) Authorizing Debtors to Assume or Otherwise Take Actions Necessary to Cure and Continue to Use of Purchase Card Agreement and Travel Card Agreement with HSBC Bank USA, National Association Used for Low-Cost, Business-Related Goods, Services, and Travel **(Docket No. 324) [Attached hereto as Exhibit I]**

II.   Motion for Order Under 11 U.S.C. §§ 105, 363, 364, and 365(a) Authorizing Debtors to Assume or Otherwise Take Actions Necessary to Cure and Continue to Use of Purchase Card Agreement and Travel Card Agreement with HSBC Bank USA, National Association Used for Low-Cost, Business-Related Goods, Services, and Travel **(Docket No. 324) [Attached hereto as Exhibit J]**

On October 13, 2005, under my direction and under my supervision, employees of KCC caused to be served, via overnight mail the documents listed in Section 4 on the parties attached hereto as Exhibit N

### *Section 4*

**I.** Notice of Motion for Order Under 11 U.S.C. § 365(a) Authorizing Rejection of Pacific Rim Lease **(Docket No. 325) [Attached hereto as Exhibit G]**

**II.** Motion for Order Under 11 U.S.C. § 365(a) Authorizing Rejection of Pacific Rim Lease **(Docket No. 325) [Attached hereto as Exhibit H]**

Dated: October 25, 2005

*/s/ Amber M. Cerveny*
Amber M. Cerveny

Sworn to and subscribed before
me on October 25, 2005

/s/ *Evan J. Gershbein*
Notary Public

My Commission Expires:   1/19/07

# EXHIBIT A

| NAME | COMPANY | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIPCODE | PARTYFUNCTION |
|---|---|---|---|---|---|---|---|
| Albert Togut | Togut Segal & Segal LLP | One Penn Plaza | Suite 3335 | New York | NY | 10119 | Conflicts Counsel to the Debtors |
| Attn: Insolvency Department | Internal Revenue Service | 290 Broadway | 5th Floor | New York | NY | 10007 | IRS |
| Attorney General Eliot Spitzer | Office of New York State | 120 Broadway | | New York City | NY | 10271 | New York Attorney General's Office |
| Chester B Salomon Constantine D Pourakis | Stevens & Lee PC | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | Counsel for Wamco Inc |
| Clifford Trapani | JPMorgan Chase Bank NA | Loan and Agency Services Group | 1111 Fannin 10th Floor | Houston | TX | 77002 | Postpetition Administrative Agent |
| David L Resnick | Rothchild Inc | 1251 Avenue of the Americas | | New York | NY | 10020 | Financial Advisor |
| Deirdre A Martini | United States Trustee | 33 Whitehall Street | Suite 2100 | New York | NY | 10004 | United States Trustee |
| Donald Bernstein | Davis Polk & Wardwell | 450 Lexington Avenue | | New York | NY | 10017 | Postpetition Administrative Agent |
| Douglas Bartner Jill Frizzley | Shearman & Sterling LLP | 599 Lexington Avenue | | New York | NY | 10022 | Local Counsel to the Debtors |
| Hexcel Corporation | Stephen H Gross | Hodgson Russ LLP | 152 West 57th Street 35th Floor | New York | NY | | Counsel for Hexcel Corporation |
| James Le | Kurtzman Carson Consultants | 12910 Culver Blvd | Suite I | Los Angeles | CA | 90066 | Noticing and Claims Agent: |
| Jeffrey Cohen | Pension Benefit Guaranty Corporation | 1200 K Street NW | Suite 340 | Washington | DC | 20005 | Counsel for Pension Benefit Guaranty Corporation |
| John Devine | General Motors Corporation | 300 Renaissance Center | PO Box 300 | Detroit | MI | 48265 | General Motors Corporation |
| John Wm Butler John K Lyons Ron E Meisler | Skadden Arps Slate Meagher & Flom LLP | 333 W Wacker Dr | Suite 2100 | Chicago | IL | 60606 | Counsel to the Debtor |
| Joseph T Moldovan Esq | Morrison Cohen LLP | 909 Third Avenue | | New York | NY | 10022 | Counsel for Blue Cross and Blue Shield of Michigan |
| Kayalyn A Marafioti Thomas J Matz | Skadden Arps Slate Meagher & Flom LLP | 4 Times Square | | New York | NY | 10036 | Counsel to the Debtor |
| Kenneth S Ziman Robert H Trust | Simpson Thatcher & Bartlett LLP | 425 Lexington Avenue | | New York | NY | 10017 | Prepetition Administrative Agent |
| Khuyen Ta | JPMorgan Chase Bank NA | Agent Bank Services Group | 1111 Fannin 10th Floor | Houston | TX | 77002 | Postpetition Administrative Agent |
| Lonie A Hassel | Groom Law Group | 1701 Pennsylvania Avenue NW | | Washington | DC | 20006 | Counsel for Employee Benefits |
| Martin J Bienenstock | Weil Gotshal & Manges LLP | 767 Fifth Avenue | | New York | NY | 10153 | Counsel to General Motors Corporation |
| Ralph L Landy | Pension Benefit Guaranty Corporation | 1200 K Street NW | Suite 340 | Washington | DC | 20005-4026 | Chief Counsel for the Pension Benefit Guaranty Corporation |
| Randall S Eisenberg | FTI Consulting Inc | 3 Times Square | 11th Floor | New York | NY | 10036 | Financial Advisors to Debtors |
| Reorganization Branch | Securities and Exchange Commission | 233 Broadway | | New York | NY | 10279 | Securities and Exchange Commission |
| Robert Caruso | FTI Consulting Inc | 333 West Wacker Drive | Suite 600 | Chicago | IL | 60606 | Financial Advisors to Debtors |
| Robert Siegel | O'Melveny & Meyer LLP | 400 South Hope Street | | Los Angeles | CA | 90071 | Special Labor Counsel |
| Robert W Dremluck | Seyfarth Shaw LLP | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | Counsel for Murata Electroncs North |
| Sandra A Riemer | Phillips Nizer LLP | 666 Fifth Avenue | | New York | NY | 10103 | Counsel for Freescale Semiconductor Inc f/k/a Motorola Semiconductor Systems |
| Scott King | FTI Consulting Inc | Park One Center | 6100 Oaktree Blvd Suite 200 | Cleveland | OH | 44131 | Financial Advisors to Debtors |
| Sean Corcoran Karen Craft | Delphi Corporation | 5725 Delphi Drive | | Troy | MI | 48098 | Debtors |
| Steven J Reisman | Curtis MalletPrevost Colt & mosle LLP | 101 Park Avenue | | New York | NY | 10178-0061 | Counsel for Flextronics International USA Inc |
| Thomas F Maher Richard Duker Gianni Russello | JPMorgan Chase Bank NA | 270 Park Avenue | | New York | NY | 10017 | Postpetition Administrative Agent |
| Tom A Jerman Rachel Janger | O'Melveny & Meyer LLP | 1625 Eye Street NW | | Washington | DC | 20006 | Special Labor Counsel |
| Vilma Francis | JPMorgan Chase Bank NA | 270 Park Avenue | | New York | NY | 10017 | Prepetition Administrative Agent |

# **<u>EXHIBIT B</u>**

2002
051017

| NAME | COMPANY | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIPCODE | PARTYFUNCTION |
|---|---|---|---|---|---|---|---|
| Alan D Halperin Christopher JBattaglia | Halperin Battaglia Raicht LLP | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | Counsel to Pacific Gas Turbine Center LLC and Chromalloy Gas Turbine Corporation |
| Albert Togut Esq | Togut Segal & Segal LLP | One Penn Plaza | Suite 3335 | New York | NY | 10119 | Conflicts counsel to Debtors |
| Alyssa Englund Esq | Orrick Herrington & Sutcliffe LLP | 666 Fifth Avenue | | New York | NY | 10103 | Counsel to America President Lines Ltd And APL Co Pte Ltd |
| Andrew C Kassner | Drinker Biddle & Reath LLP | 18th and Cherry Streets | | Philadelphia | PA | 19103 | Counsel to Penske Truck Leasing Co LP |
| Andrew Herenstein | Quadrangle Debt Recovery Advisors LLC | 375 Park Avenue 14th Floor | | New York | NY | 10152 | Counsel to Quadrangle Debt Recovery Advisors LLC |
| Brett S Moore Esq | Porzio Bromberg & Newman PC | 100 Southgate Parkway | PO Box 1997 | Morristown | NJ | 07960 | |
| Brian D Spector Esq | Spector & Ehrenworth PC | 30 Columbia Turnpike | | Florham Park | NJ | 07102 | Counsel to Hitachi Automotive Products (USA) Inc |
| Carol Sowa | Denso International America Inc | 24777 Denso Drive | | Southfield | MI | 48086 | Counsel to Denso International America Inc |
| Charles E Boulbol PC | Russell Reynolds Associates Inc | 26 Broadway 17th Floor | | New York | NY | 10004 | Counsel to Russell Reynolds Associates Inc |
| Charles J Filardi Jr Esq | Pepe & Hazard LLP | 30 Jelliff Lane | | Southport | CT | 06890 | Counsel to FedEx Trade Networks Transport & Brokerage Inc |
| Cherie Macdonald J Patrick Bradley | Greensfelder Hemker & Gale PC | 10 S Broadway | Suite 200 | St Louis | MO | 63102 | Counsel for ARC Automotive Inc |
| Cheryl R Storie | Hodgson Russ LLP | One M&T Plaza | Suite 2000 | Buffalo | NY | 14203 | Counsel for Hexcel Corporation |
| Chester B Salomon Esq | Stevens & Lee | 485 Madison Avenue 20th Floor | | New York | NY | 10022 | Counsel to Tonolli Canada Ltd; VJ Technologies Inc and VJ ElectroniX Inc |
| Chester B Salomon Esq Constantine D Pourakis Esq | Stevens & Lee PC | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | Counsel to Wamco Inc |
| Constantine D Pourakis Esq | Stevens & Lee | 485 Madison Avenue 20th Floor | | New York | NY | 10022 | Counsel to Tonolli Canada Ltd; VJ Technologies Inc and VJ ElectroniX Inc |
| Craig P Rieders Esq | Genovese Joblove & Battista PA | 100 SE 2nd Street | Suite 4400 | Miami | FL | 33131 | Counsel for Ryder Integrated Logistics Inc |
| Darryl S Laddin | Arnall Golden Gregory LLP | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | Counsel to Daishinku (America) Corp d/b/a KDS America ("Daishinku") |
| David B Aaronson | Drinker Biddle & Reath LLP | 18th and Cherry Streets | | Philadelphia | PA | 19103 | Counsel to Penske Truck Leasing Co LP |
| David E Lemke Esq | Waller Lansden Dortch & Davis PLLC | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | Counsel to Nissan North America Inc |
| David J Adler Jr Esq | McCarter & English LLP | 245 Park Avenue 27th Floor | | New York | NY | 10167 | Counsel to Ward Products LLC |
| David Jury Esq | United Steel Paper and Forestry Rubber Manufacturing Energy Allied Industrial and Service Workers International Union (USW) AFLCIO | Five Gateway Center | Suite 807 | Pittsburgh | PA | 15222 | Counsel to United Steel Paper and Forestry Rubber Manufacturing Energy Allied Industrial and Service Workers International Union (USW) AFL-CIO |
| Diane W Sanders | Linebarger Goggan Blair & Sampson LLP | 1949 South IH 35 (78741) | PO Box 17428 | Austin | TX | 78760-7428 | Counsel to Cameron County Brownsville ISD |
| Edward M Fox | Kirkpatrick & Lockhart Nicholson Graham LLP | 599 Lexington Avenue | | New York | NY | 10022 | Counsel to Wilmington Trust Company as indenture trustee |
| Elizabeth L Abdelmasieh Esq | Norris McLaughlin & Marcus | 721 Route 202206 | PO Box 1018 | Somerville | NJ | 08876 | Counsel for Rotor Clip Company Inc |
| Elizabeth Weller | Linebarger Goggan Blair & Sampson LLP | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | Counsel for Dallas County and Tarrant County |
| Eric Wainer | Gazes LLC | 32 Avenue of the Americas | Suite 1800 | New York | NY | 10013 | Counsel to Setech Inc |
| Frank L Gorman Esq | Honigman Miller Schwartz and Cohn LLP | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | Counsel to General Motors Corporation |
| Fred Stevens | Fox Rothschild LLP | 13 East 37th Street | Suite 800 | New York | NY | 10016 | Counsel to M&Q Plastic Products Inc |
| Frederick D Holden Jr Esq | Orrick Herrington & Sutcliffe LLP | 405 Howard Street | | San Francisco | CA | 94105 | Counsel to America President Lines Ltd And APL Co Pte Ltd |

| NAME | COMPANY | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIPCODE | PARTYFUNCTION |
|------|---------|----------|----------|------|-------|---------|---------------|
| Gerard DiConza Esq | DiConza Law PC | 630 Third Avenue 7th Floor | | New York | NY | 10017 | Counsel to Tyz-All Plastics Inc |
| Gordon J Toering | Warner Norcross & Judd LLP | 900 Fifth Third Center | 111 Lyon Street NW | Grand Rapids | MI | 49503 | Counsel for Robert Bosch Corporation |
| Heath J Vicente | Arnall Golden Gregory LLP | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | Counsel to Daishinku (America) Corp d/b/a KDS America ("Daishinku") |
| Ian J Gazes | Gazes LLC | 32 Avenue of the Americas | | New York | NY | 10013 | Counsel to Setech Inc |
| James M Sullivan | McDermott Will & Emery LLP | 50 Rockefeller Plaza | | New York | NY | 10020 | Counsel to Linear Technology Corporation |
| Jason Pickering Esq | QAD Inc | 10000 Midlantic Drive | | Mt Laurel | NJ | 8054 | Counsel to QAD Inc |
| Jeannette Eisan Hinshaw | Bose McKinney & Evans LLP | 135 N Pennslyvania Street | Suite 2700 | Indianapolis | IN | 46204 | Counsel for Decatur Plastics Products Inc |
| Jeannette Eisan Hinshaw | Bose McKinney & Evans LLP | 135 N Pennslyvania Street | Suite 2700 | Indianapolis | IN | 46204 | Counsel for Eikenberry & Associates Inc |
| Jeffrey Bernstein Esq | McElroy Deutsch Mulvaney & Carpenter LLP | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | Counsel to New Jersey Self-Insurers Guaranty Association |
| Jeffrey L Tanenbaum Esq | Weil Gotshal & Manges LLP | 767 Fifth Avenue | | New York | NY | 10153 | Counsel to General Motors Corporation |
| Jeffrey M Levinson Esq Leah M Caplan Esq | Margulies & Levinson LLP | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | Counsel for Venture Plastics |
| Jennifer L Adamy | Shipman & Goodwin LLP | One Constitution Plaza | | Hartford | CT | 06103-1919 | Counsel to Fortune Plastics Company of Illinois Inc; Universal Metal Hose Co |
| Jill Levi Esq | Todd & Levi LLP | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | Counsel to Bank of Lincolnwood |
| John England Esq | Linear Technology Corporation | 1630 McCarthy Blvd | | Milpitas | CA | 95035-7417 | Counsel to Linear Technology Corporation |
| John P Sieger Esq | Katten Muchin Rosenman LLP | 525 West Monroe Street | | Chicago | IL | 60661 | Counsel to TDK Corporation America and MEMC Electronic Materials Inc |
| John S Mairo Esq | Porzio Bromberg & Newman PC | 100 Southgate Parkway | PO Box 1997 | Morristown | NJ | 07960 | Counsel to Neuman Aluminum Automotive Inc and Neuman Aluminum Impact Extrusion Inc |
| John T Gregg | Barnes & Thornburg LLP | 300 Ottawa Avenue NW | Suite 500 | Grand Rapids | MI | 49503 | Counsel to Priority Health |
| Joseph J Vitale | Cohen Weiss & Simon LLP | 330 West 42nd Street | | New York | NY | 10036 | Counsel for International Union United Automobile Areospace and Agriculture Implement Works of America (UAW) |
| Joseph Lapinsky | Republic Engineered Products Inc | 3770 Embassy Parkway | | Akron | OH | 44333 | Counsel to Republic Engineered Products Inc |
| Joseph T Moldovan Michael R Dal Lago | Morrison Cohen LLP | 909 Third Avenue | | New York | NY | 10022 | Counsel to Blue Cross and Blue Shield of Michigan |
| Kathleen M Miller | Smith Katzenstein & Furlow LLP | 800 Delaware Avenue 7th Floor | PO Box 410 | Wilmington | DE | 19899 | Counsel for Airgas Inc |
| Kenneth S Ziman Esq | Simpson Thacher & Bartlett LLP | 425 Lexington Avenue | | New York | NY | 10017 | Counsel to JPMorgan Chase Bank NA |
| Kevin J Walsh Rocco N Covino | Lord Bissel & Brook LLP | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | Counsel to Sedgwick Claims Management Services Inc |
| Kevin J Walsh Rocco N Covino | Lord Bissel & Brook LLP | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | Counsel to Methode Electronics Inc |
| Lowell Peterson Esq | Meyer Suozzi English & Klein PC | 1350 Broadway | Suite 501 | New York | NY | 10018 | Counsel to United Steel Paper and Forestry Rubber Manufacturing Energy Allied Industrial and Service Workers International Union (USW) AFL-CIO |
| Madison LCashman | Stites & Harbison PLLC | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | Counsel to Setech Inc |
| Margery N Reed Esq | Duane Morris LLP | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | Counsel to ACE American Insurance Company |
| Mark A Shaiken | Stinson Morrison Hecker LLP | 1201 Walnut Street | | Kansas City | MO | 64106 | Counsel to Thyssenkrupp Waupaca Inc and Thyssenkrupp Stahl Company |
| Mark Lee Janice Stanton Bill Raine Seth Lax | Contrarian Capital Management LLC | 411 West Putnam Avenue | Suite 225 | Greenwich | CT | 06830 | Counsel to Contrarian Capital Management LLC |

| NAME | COMPANY | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIPCODE | PARTYFUNCTION |
|------|---------|----------|----------|------|-------|---------|---------------|
| Martin J Bienstock Esq | Weil Gotshal & Manges LLP | 767 Fifth Avenue | | New York | NY | 10153 | Counsel to General Motors Corporation |
| Michael G Cruse | Warner Norcross & Judd LLP | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | Counsel to Compuware Corporation |
| Michael J Viscount Jr | Fox Rothschild LLP | 1301 Atlantic Avenue | Suite 400 | Atlantic City | NJ | 08401-7212 | Counsel to M&Q Plastic Products Inc |
| Michael K McCrory Wendy D Brewer | Barnes & Thornburg LLP | 11 S Meridian Street | | Indianapolis | IN | 46204 | Counsel for Gibbs Die Casting Corporation |
| Michael Leo Hal | Burr & Forman LLP | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | Counsel to Mercedes-Benz US International Inc |
| Michael Leo Hal | Burr & Forman LLP | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | Counsel to Mercedes-Benz US International Inc |
| Michael P Kessler Esq | Weil Gotshal & Manges LLP | 767 Fifth Avenue | | New York | NY | 10153 | Counsel to General Motors Corporation |
| Patrick Bartels | Quadrangle Group LLC | 375 Park Avenue 14th Floor | | New York | NY | 10152 | Counsel to Quadrangle Group LLC |
| Patrick E Mears | Barnes & Thornburg LLP | 300 Ottawa Avenue NW | Suite 500 | Grand Rapids | MI | 49503 | Counsel to Armada Rubber Manufacturing Company Bank of America Leasing & Leasing & Capital LLC & AutoCam Corporation |
| Paul M Baisier | Seyfarth Shaw LLP | 1545 Peachtree Street NE | Suite 700 | Atlanta | GA | 30309-2401 | Counsel for Murata Electroncs North |
| Paul M Baisier Esq | Seyfarth Shaw LLP | 1545 Peachtree Street NE | Suite 700 | Atlanta | GA | 30309-2401 | Counsel to Murata Electronics North America Inc; Fujikura America Inc |
| Peter D Bilowz | Goulston & Storrs PC | 400 Atlantic Avenue | | Boston | MA | 02110-333 | Counsel to Thermotech Company |
| Ralph L Landy | Pension Benefit Guaranty Corporation | 1200 K Street NW | | Washington | DC | 20005-4026 | Counsel to Pension Benefit Guaranty Corporation |
| Raymond J Urbanik Esq Joseph J Wielebinski Esq and Davor Rukavina Esq | Munsch Hardt Kopf & Harr PC | 4000 Fountain Place | 1445 Ross Avenue | Dallas | RX | 75202-2790 | Counsel for Texas Instruments Incorporated |
| Richard M Kreman Maria Ellena ChavezRuark | DLA Piper Rudnick Gray Cary US LLP | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | Counsel for Constellation NewEnergy Inc & Constellation NewEnergy - Gas Division LLC |
| Richard W Esterkin Esq | Morgan Lewis & Bockius LLP | 300 South Grand Avenue | | Los Angeles | CA | 90017 | Counsel to Sumitomo Corporation |
| Rob Charles Esq | Lewis and Roca LLP | One South Church Street | Suite 700 | Tucson | AZ | 85701 | Counsel to Freescale Semiconductor Inc f/k/a Motorola Semiconductor Systems (USA) Inc |
| Robert B Weiss Esq | Honigman Miller Schwartz and Cohn LLP | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | Counsel to General Motors Corporation |
| Robert C Goodrich Jr | Stites & Harbison PLLC | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | Counsel to Setech Inc |
| Robert J Sidman Esq | Vorys Sater Seymour and Pease LLP | 52 East Gay Street | PO Box 1008 | Columbus | OH | 43216-1008 | |
| Robert J Welhoelter Esq | Waller Lansden Dortch & Davis PLLC | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | Counsel to Nissan North America Inc |
| Robert Usadi | Cahill Gordon & Reindel LLP | 80 Pine Street | | New York | NY | 10005 | Counsel to Engelhard Corporation |
| Robert W Dremluk | Seyfarth Shaw LLP | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | Counsel to Murata Electronics North |
| Robert W Dremluk Esq | Seyfarth Shaw LLP | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | Counsel to Murata Electronics North America Inc; Fujikura America Inc |
| Sam O Simmerman | Krugliak Wilkins Griffiths & Dougherty CO LPA | 4775 Munson Street NW | PO Box 36963 | Canton | OH | 44735-6963 | Counsel for Millwood Inc |
| Sandra A Riemer Esq | Phillips Nizer LLP | 666 Fifth Avenue | | New York | NY | 10103 | Counsel to Freescale Semiconductor Inc f/k/a Motorola Semiconductor Systems (USA) Inc |
| Scott D Rosen Esq | Cohn Birnbaum & Shea PC | 100 Pearl Street 12th Floor | | Hartford | CT | 06103 | Counsel to Floyd Manufacturing Co Inc |
| Scott N Opincar Esq | McDonald Hopkins Co LPA | 600 Superior Avenue E | Suite 2100 | Cleveland | OH | 44114 | Counsel to Republic Engineered Products Inc |
| Shawn M Riley Esq | McDonald Hopkins Co LPA | 600 Superior Avenue E | Suite 2100 | Cleveland | OH | 44114 | Counsel to Republic Engineered Products Inc |

2002
051017

| NAME | COMPANY | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIPCODE | PARTYFUNCTION |
|------|---------|----------|----------|------|-------|---------|---------------|
| Stephen H Gross Esq | Hodgson Russ LLP | Carnegie Hall Tower | 152 West 57th Street 35th Street | New York | NY | 10019 | Counsel to Hexcel Corporation |
| Steve Kieselstein | Kieselstein Lawfirm PLLC | 43 British American Boulevard | | Latham | NY | 12110 | Counsel to NEC Electronics America Inc |
| Steven J Reisman | Curtis MalletPrevost Colt & Mosle LLP | 101 Park Avenue | | New York | NY | 10178-0061 | Counsel for Flextronics International USA Inc |
| Steven J Reisman Andrew M Thau | Curtis MalletPrevost Colt & Mosle LLP | 101 Park Avenue | | New York | NY | 10178-0061 | Counsel for Flextronics International Inc |
| Susan M Freeman Esq | Lewis and Roca LLP | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | Counsel to Freescale Semiconductor Inc f/k/a Motorola Semiconductor Systems (USA) Inc |
| Thomas P Sarb Robert D Wolford | Miller Johnson | 250 Monroe Avenue NW | Suite 800 PO Box 306 | Grand Rapids | MI | 49501-0306 | Counsel to Pridgeon & Clay Inc |
| Tillie Lim Esq | HAL/ERCLegal | 50 Prospect Avenue | | Tarrytown | NY | 10591 | Counsel to Hitachi Automotive Products (USA) Inc |
| Timothy S McFadden | Lord Bissel & Brook | 115 South LaSalle Street | | Chicago | IL | 60603 | Counsel for Methode Electronics Inc |
| Timothy W Brink | Lord Bissel & Brook | 115 South LaSalle Street | | Chicago | IL | 60603 | Counsel for Sedgwick Claims Management Services Inc |
| W Robinson Bears Esq | Stites & Harbison PLLC | 400 West market Street | | Louisville | KY | 40202 | Counsel to WAKO Electronics (USA) Inc and Ambrake Corporation |
| Wendy M Simkulak Esq | Duane Morris LLP | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | Counsel to ACE American Insurance Company |
| William C Heuer Esq | Morgan Lewis & Bockius LLP | 101 Park Avenue | | New York | NY | 10178-0060 | Counsel to Sumitomo Corporation |
| William T Russell Jr Esq | Simpson Thacher & Bartlett LLP | 425 Lexington Avenue | | New York | NY | 10017 | Counsel to JPMorgan Chase Bank NA |

# **EXHIBIT C**

**Hearing Date: October 27, 2005, 10:00 a.m.**
**Objection Deadline: October 24, 2005, 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
            In re                                           :    Chapter 11
                                                            :
DELPHI CORPORATION, et al.,                                 :    Case No. 05- 44481 (RDD)
                                                            :
                            Debtors.                        :    (Jointly Administered)
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF MOTION FOR AN ORDER UNDER 11 U.S.C.§ 363 APPROVING
PROCEDURES TO SELL CERTAIN <u>DE MINIMUS</u> ASSETS
FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES AND
TO PAY MARKET RATE BROKER COMMISSIONS IN CONNECTION
<u>WITH SUCH SALES WITHOUT FURTHER COURT APPROVAL</u>

PLEASE TAKE NOTICE that on October 17, 2005, Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in

the above-captioned cases filed the Motion For An Order Under 11 U.S.C. § 363 Approv-

ing Procedures To Sell Certain De Minimus Assets Free And Clear Of Liens, Claims, And

Encumbrances And To Pay Market Rate Broker Commissions Iin Connection With Such

Sales Without Further Court Approval (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of

the Motion on a final basis will be held on October 27, 2005, at 10:00 a.m. (Prevailing

Eastern Time) ("the Hearing") before the Honorable Robert D. Drain, United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York, 10004.

PLEASE TAKE FURTHER NOTICE that objections, if any, to approval of

the Motion on a final basis (a) must be in writing, (b) must conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New

York, (c) must be filed with the Bankruptcy Court in accordance with General Order M-

242 (as amended) – registered users of the Bankruptcy Court's case filing system must file

electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word

processing format), (d) must be submitted in hard-copy form directly to the chambers of

2

the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) and must be

served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n:

General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP,

333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.),

(iii) special counsel to the Debtors, Shearman & Sterling LLP, 599 Lexington Avenue,

New York, New York 10022 (Att'n:  Douglas P. Bartner), (iv) counsel for the agent under

the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington

Avenue, New York, New York 10017 (Att'n:  Marissa Wesley), (v) counsel for the agent

under the Debtors' proposed postpetition credit facility, Davis Polk & Wardell, 450

Lexington Avenue, New York, New York 10017 (Att'n:  Marlane Melican), (vi) counsel to

any official committee formed in these cases, and (vii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York,

New York 10004 (Att'n:  Alicia M. Leonhard), in each case so as to be **received** no later

than **4:00 p.m. (Prevailing Eastern Time)** on **October 24, 2005** (the "Objection Dead-

line").

PLEASE TAKE FURTHER NOTICE that only those objections made in writing and timely filed and received by the Objection Deadline will be considered by the Bankruptcy Court at the Hearing.  If no objections to the Motion are timely filed and served in accordance with the procedures set forth herein, the Bankruptcy Court may enter a final order granting the Motion **without further notice.**

Dated: New York, New York
   October 17, 2005

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: _s/ John Wm. Butler, Jr._
   John Wm. Butler, Jr. (JB 4711)
   John K. Lyons (JL 4951)
  Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

   - and -

By: _s/ Kayalyn A. Marafioti_
   Kayalyn A. Marafioti (KM 9632)
   Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

# EXHIBIT D

**Hearing Date and Time: October 27, 2005 at 10:00 a.m.**
**Objection Deadline: October 24, 2005 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

　　- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
　　Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
　　　　　　　　　　　　　　　　　　　　　　:
　　　　In re　　　　　　　　　　　　　　:　Chapter 11
　　　　　　　　　　　　　　　　　　　　　　:
DELPHI CORPORATION et al.,　　　　:　Case No. 05-44481 (RDD)
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Debtors.　　　:　(Jointly Administered)
　　　　　　　　　　　　　　　　　　　　　　:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOTION FOR AN ORDER UNDER 11 U.S.C. § 363
APPROVING PROCEDURES TO SELL CERTAIN DE MINIMIS ASSETS
FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES AND
TO PAY MARKET RATE BROKER COMMISSIONS IN CONNECTION
WITH SUCH SALES WITHOUT FURTHER COURT APPROVAL

("DE MINIMIS ASSET SALE MOTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession (collectively, the "Debtors"), hereby submit this motion (the "Motion") for an order under 11 U.S.C. § 363 approving procedures to sell certain de minimis assets free and clear of liens, claims, and encumbrances and to pay market rate broker commissions in connection with such sales without further Court approval.  In support of this Motion, the Debtors respectfully represent as follows:

BACKGROUND

A.    The Chapter 11 Filings

1.    On October 8, 2005 (the "Petition Date"), 39 of 42 Debtors, and on October 14, 2005, the remaining Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Also on the Petition Date, this Court entered an order directing the joint administration of the Debtors' chapter 11 cases. (Docket No. 28)

2.    No trustee, examiner, or creditors' committee has been appointed in the Debtors' cases.

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.      The statutory predicate for the relief requested herein is section
363 of the Bankruptcy Code.

B.      Current Business Operations Of The Debtors

5.      With more than 180,000 employees worldwide, global 2004
revenues of approximately $28.6 billion, and global assets as of August 31, 2005 of
approximately $17.1 billion,[1] Delphi ranks as the fifth largest public company business
reorganization in terms of revenues, and the thirteenth largest public company business
reorganization in terms of assets.  Delphi's non-U.S. subsidiaries are not chapter 11
debtors, will continue their business operations without supervision from the Bankruptcy
Court, and will not be subject to the chapter 11 requirements of the U.S. Bankruptcy
Code.

6.      Over the past century, the operations which are now owned by
Delphi have become a leading global technology innovator with significant engineering
resources and technical competencies in a variety of disciplines.  Today, the Company (as
described below) is arguably the single largest global supplier of vehicle electronics,
transportation components, integrated systems and modules, and other electronic
technology. The Company's technologies and products are present in more than 75
million vehicles on the road worldwide.  The Company supplies products to nearly every
major global automotive original equipment manufacturer with 2004 sales to its former
parent, General Motors Corporation, equaling approximately $15.4 billion and sales to
each of Ford Motor Company, DaimlerChrysler Corporation, Renault/Nissan Motor
Company, Ltd., and Volkswagen Group exceeding $850 million.

---

[1]      The aggregated financial data used in this Motion generally consists of consolidated information
from Delphi and its worldwide subsidiaries and affiliates.

3

7.      As part of its growth strategy, Delphi has established an expansive global presence with a network of manufacturing sites, technical centers, sales offices, and joint ventures located in every major region of the world.  In the U.S., the Debtors employ approximately 50,600 people.  Those employees work in approximately 44 manufacturing sites and 13 technical centers across the country, and in Delphi's worldwide headquarters and customer center located in Troy, Michigan.  Approximately 34,750 of these individuals are hourly employees, 96% of whom are represented by approximately 49 different international and local unions.  Outside the United States, the Company's foreign entities employ more than 134,000 people, supporting 120 manufacturing sites and 20 technical centers across nearly 40 countries worldwide.

8.      Delphi was incorporated in Delaware in 1998 as a wholly-owned subsidiary of GM.  Prior to January 1, 1999, GM conducted the Company's business through various divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to Delphi and its subsidiaries and affiliates (collectively, the "Company") in accordance with the terms of a Master Separation Agreement between Delphi and GM.  In connection with these transactions, Delphi accelerated its evolution from a North American-based, captive automotive supplier to a global supplier of components, integrated systems, and modules for a wide range of customers and applications.  Although GM is still the Company's single largest customer, today more than half of Delphi's revenue is generated from non-GM sources.

9.      Due to the significant planning that goes into each vehicle model, Delphi's efforts to generate new business do not immediately affect its financial results,

4

because supplier selection in the auto industry is generally finalized several years prior to

the start of production of the vehicle.  When awarding new business, which is the

foundation for the Company's forward revenue base, customers are increasingly

concerned with the financial stability of their supply base.  The Debtors believe that they

will maximize stakeholder value and the Company's future prospects if they stabilize

their businesses and continue to diversify their customer base.  The Debtors also believe

that this must be accomplished in advance of  the expiration of certain benefit guarantees

between GM and certain of Delphi's unions representing most of its U.S. hourly

employees which coincides with the expiration of the Company's U.S. collective

bargaining agreements in the fall of 2007.

C.      Events Leading To The Chapter 11 Filing

                10.      In the first two years following Delphi's separation from GM, the

Company generated more than $2 billion in net income.  Every year thereafter, however,

with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the

Company reported a net operating loss of $482 million on $28.6 billion in net sales.

Reflective of a downturn in the marketplace, Delphi's financial condition has deteriorated

further in the first six months of 2005.  The Company experienced net operating losses of

$608 million for the first six months of calendar year 2005 on six-month net sales of

$13.9 billion, which is approximately $1 billion less in sales than during the same time

period in calendar year 2004.[2]

---

[2]      Reported net losses in calendar year 2004 were $4.8 billion, reflecting a $4.1
        billion tax charge, primarily related to the recording of a valuation allowance on
        the U.S. deferred tax assets as of December 31, 2004.

11.    The Debtors believe that three significant issues have largely contributed to the deterioration of the Company's financial performance: (a) increasingly unsustainable U.S. legacy liabilities and operational restrictions driven by collectively bargained agreements, including restrictions preventing the Debtors from exiting non-strategic, non-profitable operations, all of which have the effect of creating largely fixed labor costs, (b) a competitive U.S. vehicle production environment for domestic OEMs resulting in the reduced number of motor vehicles that GM produces annually in the United States and related pricing pressures, and (c) increasing commodity prices.

12.    In light of these factors, the Company determined that it would be imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product portfolio, operational issues, and forward looking revenue requirements.  Having concluded that pre-filing discussions with its Unions and GM were not leading to the implementation of a plan sufficient to address the Debtors' issues on a timely basis, the Company determined to commence these chapter 11 cases for its U.S. businesses to complete the Debtors' transformation plan and preserve value.

13.    Through the reorganization process, the Debtors intend to achieve competitiveness for Delphi's core U.S. operations by modifying or eliminating non-competitive legacy liabilities and burdensome restrictions under current labor agreements and realigning Delphi's global product portfolio and manufacturing footprint to preserve the Company's core businesses.  This will require negotiation with key stakeholders over their respective contributions to the restructuring plan or, absent consensual participation, the utilization of the chapter 11 process to achieve the necessary cost savings and operational effectiveness envisioned in the Company's transformation plan.  The Debtors

6

believe that a substantial segment of Delphi's U.S. business operations must be divested, consolidated, or wound-down through the chapter 11 process.

14.     Upon the conclusion of this process, the Debtors expect to emerge from chapter 11 as a stronger, more financially sound business with viable U.S. operations that are well-positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal all of its resources to continue to deliver value and high-quality products to its customers globally.  Additionally, the Company will preserve and continue the strategic growth of its non-U.S. operations and maintain its prominence as the world's premier auto supplier.

### Relief Requested

15.     By this Motion, the Debtors request authority to implement procedures by which the Debtors may sell miscellaneous surplus, non-core assets from time to time and pay applicable broker commissions in the ordinary course of business in connection with such sales without need for further Court approval, but subject to the notice procedures set forth below.

### Basis For Relief

16.     Prior to the Petition Date, and in furtherance of their reorganization efforts, the Debtors strove to streamline their operations by eliminating unnecessary operating expenses by exiting certain non-core business lines and dispensing of surplus assets.  For example, as part of this strategy the Debtors (a) sold their interest in CEI Co., Ltd., a manufacturer of flat-pack and servo motor actuators, thermo control units, and backplate assemblies, (b) sold their interest in AMBRAKE Corporation, a manufacturer of base brake assemblies and components, and its subsidiaries, (c) over the course of the last few years, periodically sold various miscellaneous assets in connection with the

7

disposition of their generator business line, (d) sold various parcels of real property, including real property located in Anaheim, California and Olathe, Kansas, and (e) have actively marketed certain other assets and their interests in certain other subsidiaries and affiliates involved in other businesses identified by the Debtors as unnecessary to their overall business strategy.  The Debtors also continue to assess and evaluate numerous executory contracts and opportunities for further asset dispositions in an effort to optimize cash flow, maximize the value of the estates, and minimize excessive costs.

17.    In connection with these and other actions related to the Debtors' restructuring efforts, the Debtors will need to dispose of excess real and personal property in and outside the ordinary course of their businesses.  The quantum of these assets is de minimis when considered in comparison to the size and scope of the Debtors' overall business enterprise.  Moreover, the Debtors anticipate that such dispositions will involve numerous small transactions or a related series of transactions in which the consideration that the Debtors receive will be equal to or less than $10 million for each transaction (the "de minimis Assets").  The Debtors believe that the use of brokers will significantly aid in the timely disposition and realization of the maximum possible value for many such assets.  Accordingly, the Debtors seek approval to pay applicable market rate broker commissions (the "Broker Commissions") for brokers utilized in the ordinary course of the Debtors' businesses in connection with certain dispositions of de minimis Assets.

18.    The Debtors expect that a proposed buyer's offer with respect to such assets will necessarily be conditioned on the utilization of a streamlined process that can be completed in an expedited time frame and at a cost commensurate with the remuneration to be received by the Debtors and their estates.  Accordingly, the Debtors

8

have concluded that it would be more efficient, and the proceeds realized with respect to

such transactions will be maximized, if the Debtors are authorized to implement

procedures which allow them to sell de minimis Assets, or groups of such assets, with a

purchase price of $10 million or less, and pay any applicable Broker Commissions in

connection with such dispositions, on an expedited basis without incurring the delay and

costs of preparing, filing, serving, and having hearings on motions for approval of each

such sale.

19.    The de minimis Assets are subject to the lien(s) of the Debtors'

debtor-in-possession lenders (the "DIP Lenders") pursuant to the terms of the debtor-in-

possession financing agreements (collectively, the "DIP Agreement") approved by this

Court in an interim order entered as of October 12, 2005, and subsequently set for a

further hearing on October 27, 2005 (the "Interim DIP Order").  In addition, other

creditors may have a lien against certain of the de minimis Assets (to the extent such liens

are valid and properly perfected, the "Other Liens").  Any and all proceeds from the sales

of de minimis Assets would be utilized consistent with the provisions of the DIP

Agreement, the Interim DIP Order, and any final order with respect to the DIP

Agreement, entered in these cases and, with respect to Other Liens, to the extent

permitted by the Bankruptcy Code.

Sale And Notice Procedures

20.    The Debtors propose that for the sale of de minimis Assets outside

of the ordinary course of business, which otherwise would require Court approval

pursuant to section 363 of the Bankruptcy Code, the following procedures (the "Notice

Procedures") be approved and implemented in lieu of a separate notice and a hearing for

each such sale:

9

(a)    The Debtors would give notice of each proposed sale (the "Sale Notice") to (i) the Office of the United States Trustee (the "U.S. Trustee"), (ii) counsel to any official committees appointed in these cases (the "Committee(s)"), (iii) counsel for the agent to the DIP Lenders, (iv) any other known holder of a lien, claim, or encumbrance against the specific property to be sold, and (v) any known interested party in the subject de minimis Assets (collectively, the "Notice Parties").  The Sale Notice would be served by facsimile, if possible, so as to be received by 5:00 p.m. (Eastern Time) on the date of service and by overnight mail.  The Sale Notice would specify (i) the assets to be sold, (ii) the identity of the proposed purchaser (including a statement that the proposed purchaser is not an "insider" as defined in section 101(31) of the Bankruptcy Code ), (iii) the proposed sale price, (iv) a copy of any documentation executed in contemplation of the transaction, and (v) an affidavit of the broker, if any, pursuant to rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), that identifies the broker, the amount of the Broker Commission, and contains the disclosures required by Bankruptcy Rule 2014.

(b)    The Notice Parties would have five business days following initial receipt of the Sale Notice to object to or request additional time to evaluate the proposed transaction and the Broker Commission.  If counsel to the Debtors receives no written objection or written request for additional time prior to the expiration of such five business day period, the Debtors would be authorized to consummate the proposed sale transaction and to take such actions as are necessary to close the transaction and collect the proceeds of such sale, including, without limitation, payment of the Broker Commission.

(c)    If a Notice Party objects to the proposed transaction and/or the Broker Commission within five business days after the Sale Notice is received, the Debtors and such objecting Notice Party would use good faith efforts to resolve the objection consensually.  If the Debtors and the objecting Notice Party are unable to achieve a consensual resolution, the Debtors would not take any further steps to consummate the proposed transaction without first obtaining Bankruptcy Court approval of the proposed transaction, including retention of any broker, upon notice and a hearing.

(d)    To the extent that a competing bid is received for the purchase of the de minimis Assets, which in the Debtor's sole discretion, in the exercise of their business judgment and in consultation with their processionals, materially exceeds the value of the purchase price contained in the Sale Notice, then the Debtors shall re-notice the proposed sale to the subsequent bidder pursuant to the Notice Procedures, provided that the proposed purchase price is still less than or equal to $10 million, and to the extent the proposed purchase price is greater than $10 million, then the Debtors would file a motion with this Court in accordance with the Case Management Order (Docket No. 164) to obtain approval for the proposed transaction.

(e)     Any valid and enforceable liens would attach to the net proceeds of the sale, subject to any claims and defenses the Debtors may possess with respect thereto, and any amounts in excess of such liens would be utilized by the Debtors in accordance with the terms of the DIP Agreement (if approved by the Court).

21.     Nothing in the foregoing procedures would prevent the Debtors, in their sole and absolute discretion, from seeking Bankruptcy Court approval at any time of any proposed transaction upon notice and a hearing, or if necessary, to comfort a purchaser, to submit a separate order to the Court along with a certificate of no objection to be entered without need for a hearing on the matter.

<u>Applicable Authority</u>

22.     Section 363(b) of the Bankruptcy Code provides that a debtor "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  A debtor must demonstrate a sound business justification for a sale or use of assets outside the ordinary course of business.  <u>See</u>, <u>e.g.</u>, <u>Licensing By Paolo, Inc. v. Sinatra</u> (In re Gucci), 126 F.3d 380, 387 (2d Cir. 1997); <u>Committee of Equity Sec. Holders v. Lionel Corp.</u> (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983); <u>In re Global Crossing Ltd.</u>, 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003); <u>In re Ionosphere Clubs, Inc.</u>, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989).  As described herein, sound business reasons exist to justify selling the <u>de minimis</u> Assets upon the procedures set forth herein.  Indeed, allowing the Debtors to sell assets in this manner constitutes the most efficient and cost-effective means of maximizing the value realized for their assets and thus is in the best interests of the Debtors' estates and their creditors.

23.     Obtaining Court approval of each such sale transaction and Broker Commission would result in administrative expenses for drafting, serving, and filing

11

pleadings, as well as time incurred by attorneys for appearing at Court hearings. The

Debtors believe that the proceeds that will be generated by many of the aforementioned

sale transactions do not warrant incurring such expenses.

24.    The expedited procedures set forth herein would permit the

Debtors to be responsive to the needs of interested purchasers, thereby guarding against

lost sales due to delay, while still providing for a review of the proposed transaction by

the (a) U.S. Trustee, (b) counsel to the Committee(s), (c) counsel to the agent to the DIP

Lenders, (c) any other known holder of a lien, claim, or encumbrance against the specific

property to be sold, and (d) known interested parties in the subject de minimis Assets.

Without an expedited process for closing the Debtors' sales, these estates will, at best,

incur added and unnecessary expenses and will, at worst, both be deprived of income

from these sales and forced to continue to operate businesses that the Debtors have

determined are neither necessary nor beneficial to their overall restructuring strategy.

25.    Moreover, pursuant to section 363(f) of the Bankruptcy Code, the

Court may authorize the sale of assets free and clear of existing liens, claims, and

encumbrances if (a) applicable non-bankruptcy law permits the sale of such property free

and clear of such interest, (b) the entity holding the lien, claim, or encumbrance consents

to the proposed sale, (c) such interest is a lien and the price at which such property is to

be sold is greater than the aggregate value of all liens on such property, (d) such interest

is in bona fide dispute, or (e) such entity could be compelled in a legal or equitable

proceeding to accept a money satisfaction of such interest.

26.    The Debtors believe that the Notice Procedures set forth above

satisfy the requirements of section 363(f). If a holder of a lien, claim, or encumbrance

receives the requisite notice and does not object within the prescribed time period, the

Debtors request that such holder be deemed to have consented to the proposed sale and

that the property then may be sold free and clear of such holder's liens, claims, or

encumbrances.

        27.     Section 363(m) of the Bankruptcy Code also provides:

> The reversal or modification on appeal of an authorization
> under subsection (b) or (c) of this section of a sale or lease of
> property does not affect the validity of a sale or lease under such
> authorization to an entity that purchased or leased such property in
> good faith, whether or not such entity knew of the pendency of the
> appeal, unless such authorization and such sale or lease were
> stayed pending appeal.

11 U.S.C. § 363(m).  Although the Bankruptcy Code does not define "good faith," the

Second Circuit Court of Appeals in In re Gucci held that the:

> Good faith of a purchaser is shown by the integrity of his conduct
> during the course of the sale proceedings; where there is a lack of
> such integrity, a good faith finding may not be made.  A
> purchaser's good faith is lost by 'fraud, collusion between the
> purchaser and other bidders or the trustee, or an attempt to take
> grossly unfair advantage of other bidders.'

126 F.3d at 390 (quoting In re Rock Industries Machinery Corp., 572 F.2d 1195, 1198

(7th Cir. 1978) (interpreting Bankruptcy Rule 805, the precursor of section 363(m))); see

also Evergreen Int'l Airlines Inc. v. Pan Am Corp. (In re Pam Am Corp.), Case Nos. 91

Civ. 8319 (LMM) to 91 Civ. 8324 (LMM), 1992 WL 154200 at *4 (S.D.N.Y. June 18,

1992); In re Sasson Jeans, Inc., 90 B.R. 608, 610 (S.D.N.Y. 1988).  The Debtors submit

that any agreement reached as a result of a sale of de minimis Assets will be an arm's-

length transaction entitled to the protections of section 363(m) of the Bankruptcy Code.

        28.     Additionally, the procedures set forth herein would not apply to

sales of de minimis Assets to an "insider" as defined in section 101(31) of the Bankruptcy

Code.  Any such sale would continue to require an individual hearing as prescribed by section 363(b) of the Bankruptcy Code.

29.    The Debtors seek this Court's authority to sell de minimis Assets to reduce indebtedness and improve liquidity, thereby facilitating the formation and ultimate confirmation of a plan of reorganization and yielding the highest possible returns to the Debtors' creditors.  In light of the foregoing, the Debtors respectfully submit that dispositions of de minimis Assets are necessary and in the best interest of their creditors.

30.    Procedures to dispose of de minimis assets, similar to the procedures proposed herein, have been approved in other large, complex chapter 11 cases. See, e.g., In re Delta Air Lines, Inc., Case No. 05-17923 (PCB) (Bankr. S.D.N.Y. Oct. 6, 2005) (approval of procedures governing sales of up to $10 million in assets in a single transaction); In re Fleming Cos., Case No. 03-10945 (MFW) (Bankr. D. Del. May 21, 2003) (approval of procedures governing sales of up to $6.5 million in assets in a single transaction or series of related transactions); In re UAL Corp., Case No. 02-48191 (ERW) (Bankr. N.D. Ill. Jan. 17, 2003) (approval of procedures governing sales of up to $15 million in assets in a single transaction or series of related transactions); In re WorldCom, Inc., Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. Oct. 22, 2002) (approval of procedures governing sales of up to $10 million in assets in a single transaction or series of related transactions); In re Exide Technologies, Case No. 02-11125 (JCA) (Bankr. D. Del. May 10, 2002) (approval of procedures governing sales of up to $5 million in assets in a single transaction or series of related transactions).

31.    For the foregoing reasons, the Debtors believe that the relief requested herein is in the best interests of the estates and should be granted.

<u>Notice</u>

32.     Notice of this Motion has been provided in accordance with the

Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007,

And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case

Management, And Administrative Procedures, And (III) Scheduling An Initial Case

Conference In Accordance With Local Bankr. R. 1007-2(e) entered by this Court on

October 14, 2005 (Docket No. 245).  In light of the nature of the relief requested, the

Debtors submit that no other or further notice is necessary.

<u>Memorandum Of Law</u>

33.     Because the legal points and authorities upon which this Motion

relies are incorporated herein, the Debtors respectfully request that the requirement of the

service and filing of a separate memorandum of law under Local Rule 9013-1(b) be

deemed satisfied.

WHEREFORE, the Debtors respectfully request that the Court enter an

order (a) authorizing the Debtors to sell certain de minimis Assets without further Court

approval, subject to the Notice Procedures set forth herein, and (b) granting the Debtors

such other and further relief as is just.

Dated: New York, New York
       October 17, 2005

               SKADDEN, ARPS, SLATE, MEAGHER
               & FLOM LLP

               By: s/ John Wm. Butler, Jr. _____
                  John Wm. Butler, Jr. (JB 4711)
                  John K. Lyons (JL 4951)
                  Ron E. Meisler (RM 3026)
               333 West Wacker Drive, Suite 2100
               Chicago, Illinois  60606
               (312) 407-0700

                      - and -

               By: s/Kayalyn A. Marafioti _____
                  Kayalyn A. Marafioti (KM 9632)
                  Thomas J. Matz (TM 5986)
                Four Times Square
               New York, New York 10036
               (212) 735-3000

               Attorneys for Delphi Corporation, et al.,
                 Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
                                                             :
          In re                                              :
                                                             :   Chapter 11
DELPHI CORPORATION, et al.,                                  :
                                                             :   Case No.  05 – 44481 (RDD)
                              Debtors.                       :
                                                             :   (Jointly Administered)
                                                             :
------------------------------------------------------------ x
```

ORDER UNDER 11 U.S.C. § 363
APPROVING PROCEDURES TO SELL CERTAIN DE MINIMIS ASSETS
FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES AND
TO PAY MARKET RATE BROKER COMMISSIONS IN CONNECTION
WITH SUCH SALES WITHOUT FURTHER COURT APPROVAL

("DE MINIMIS ASSET SALE ORDER")

Upon the motion, dated October 17, 2005 (the "Motion"), of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order under section 363 of title 11 of

the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"),

authorizing the Debtors to sell certain de minimis assets outside the ordinary course of business

free and clear of liens, claims, and encumbrances and to pay market rate broker commissions in

connection with such dispositions without further Court approval; and upon the record of the

hearing held on the Motion; and this Court having determined that the relief requested in the

Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-

interest; and it appearing that proper and adequate notice of the Motion has been given and that

no other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    The Debtors hereby are authorized to consummate, without further Court

approval, sales of real and personal property outside of the ordinary course of business when the

purchase price is $10 million or less for each transaction or in the aggregate for a related series of

transactions (the "de minimis Assets"), free and clear of all liens, claims, and encumbrances,

with any such liens, claims, and encumbrances attaching to the sale proceeds, subject to the

notice procedures set forth below.

3.    The Debtors hereby are authorized to pay, without further Court approval,

market rate broker commissions (the "Broker Commissions") for brokers utilized in the ordinary

course of the Debtors' business in connection with any sales of de minimis Assets upon

satisfaction of the disclosure requirements provided for herein.

4.    Sales of de minimis Assets are subject to the following notice procedures (the

"Notice Procedures"):

(a)    The Debtors shall give notice of each proposed sale (the "Sale Notice") to (i)
the Office of the United States Trustee, (ii) counsel to any official committees appointed
in these cases (the "Committee(s)"), (iii) counsel for the agent under the Debtor's debtor-
in-possession lenders (the "DIP Lenders"), (iv) any other known holder of a lien, claim,
or encumbrance against the specific property to be sold, and (v) any known interested
party in the subject de minimis Assets (collectively, the "Notice Parties").  The Sale
Notice shall be served by facsimile, if possible, so as to be received by 5:00 p.m. (Eastern
Time) on the date of service and by overnight mail.  The Sale Notice shall specify (i) the
assets to be sold, (ii) the identity of the proposed purchaser (including a statement that the
proposed purchaser is not an "insider" as defined in section 101(31) of the Bankruptcy
Code ), (iii) the proposed sale price, (iv) a copy of any documentation executed in
contemplation of the transaction, and (v) an affidavit of the broker, if any, pursuant to
rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), that

2

identifies the broker, the amount of the Broker Commission, and contains the disclosures required by Bankruptcy Rule 2014.

(b)    The Notice Parties shall have five business days following initial receipt of the Sale Notice to object to or request additional time to evaluate the proposed transaction and the Broker Commission.  If counsel to the Debtors receives no written objection or written request for additional time prior to the expiration of such five business day period, the Debtors shall be authorized to consummate the proposed sale transaction and to take such actions as are necessary to close the transaction and collect the proceeds of such sale, including, without limitation, payment of the Broker Commission.

(c)    If a Notice Party objects to the proposed transaction and/or the Broker Commission within five business days after the Sale Notice is received, the Debtors and such objecting Notice Party shall use good faith efforts to consensually resolve the objection.  If the Debtors and the objecting Notice Party are unable to achieve a consensual resolution, the Debtors shall not take any further steps to consummate the proposed transaction without first obtaining Bankruptcy Court approval of the proposed transaction, including retention of any broker, upon notice and a hearing.

(d)    To the extent that a competing bid is received for the purchase of the de minimis Assets, which in the Debtor's sole discretion, in the exercise of their business judgment and in consultation with their processionals, materially exceeds the value of the purchase price contained in the Sale Notice, then the Debtors shall re-notice the proposed sale to the subsequent bidder pursuant to the Notice Procedures, provided that the proposed purchase price is still less than or equal to $10 million, and to the extent the proposed purchase price is greater than $10 million, then the Debtors shall file a motion with this Court in accordance with the Case Management Order (Docket No. 164) to obtain approval for the proposed transaction.

(e)    Any valid and enforceable liens shall attach to the net proceeds of the sale, subject to any claims and defenses the Debtors may possess with respect thereto, and any amounts in excess of such liens shall be utilized by the Debtors in accordance with the terms of the debtor-in-possession financing agreements (collectively, the "DIP Agreement") (if approved by this Court).

5.    Nothing in the foregoing procedures shall prevent the Debtors, in their sole and absolute discretion, from seeking Bankruptcy Court approval at any time of any proposed transaction upon notice and a hearing, or if necessary, to comfort a purchaser, to submit a separate order to this Court along with a certificate of no objection to be entered without need for a hearing on the matter.

3

6.    The Notice Procedures set forth herein shall not apply to sales of assets that involve an "insider," as defined in section 101(31) of the Bankruptcy Code.  Any such sale shall continue to require an individual hearing as prescribed by section 363(b) of the Bankruptcy Code.

7.    Sales of de minimis Assets shall be arm's-length transactions entitled to the protections of section 363(m) of the Bankruptcy Code.

8.    The Debtors and their respective officers, employees, and agents are authorized to perform all of their obligations, take whatever actions necessary, and issue, execute, and deliver whatever documents may be necessary or appropriate to implement and effectuate any dispositions of de minimis Assets.

9.    Each and every federal State and local government agency or department is hereby directed to accept any and all documents and instruments necessary or appropriate to consummate the dispositions of de minimis Assets.  The register or recorder of deeds (or other similar recording agency) is hereby directed to accept and include a certified copy of this Order along with any other appropriate conveyance documents used to record and index the transfer of any de minimis Assets in the appropriate public records.

10.    Pursuant to the terms of the DIP Agreement and the interim order approving such DIP Agreement on an interim basis, entered on October 12, 2005, and subject to the final approval of  the DIP Agreement, the DIP Lenders hold valid, duly perfected security interests in and liens upon the de minimis Assets.  Subject to the final approval of the DIP Agreement, any and all proceeds obtained by the Debtors from any sales of such de minimis Assets will be applied as required by the DIP Agreement.  Nothing contained herein shall be deemed a waiver

4

by the DIP Lenders of any required approval or disapproval of any sale, whether pursuant to this Order or otherwise.

11.    All other holders of valid and perfected liens shall be treated in accordance with section 363(f) of the Bankruptcy Code.

12.    Nothing in this Order alters or modifies the Debtors obligation to file a motion pursuant to section 365 of the Bankruptcy Code to assume and/or assign any lease.

13.    No further orders of this Court are necessary to effectuate the terms set forth herein for transactions or related series of transactions completed in good faith.

14.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

15.    The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.


Dated:    New York, New York
          October __, 2005


_____
    UNITED STATES BANKRUPTCY JUDGE

5

# **EXHIBIT E**

**Hearing Date: October 27, 2005, 10:00 a.m.**
**Objection Deadline: October 24, 2005, 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
            In re                                         :    Chapter 11
                                                          :
DELPHI CORPORATION, et al.,                               :    Case No. 05- 44481 (RDD)
                                                          :
                              Debtors.                    :    (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF MOTION FOR ORDER UNDER 11 U.S.C. § 365(a)
AUTHORIZING REJECTION OF LEASE AGREEMENT
WITH DURASWITCH INDUSTRIES, INC.

PLEASE TAKE NOTICE that on October 17, 2005, Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in

the above-captioned cases filed the Motion For Order Under 11 U.S.C. § 365(a) Authoriz-

ing Rejection Of Lease Agreement With Duraswitch Industries, Inc. (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of

the Motion on a final basis will be held on October 27, 2005, at 10:00 a.m. (Prevailing

Eastern Time) (the "Hearing") before the Honorable Robert D. Drain, United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York, 10004.

PLEASE TAKE FURTHER NOTICE that objections, if any, to approval of

the Motion on a final basis (a) must be in writing, (b) must conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New

York, (c) must be filed with the Bankruptcy Court in accordance with General Order M-

242 (as amended) – registered users of the Bankruptcy Court's case filing system must file

electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word

processing format), (d) must be submitted in hard-copy form directly to the chambers of

the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) and must be

served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n:

General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP,

2

333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.),

(iii) special counsel to the Debtors, Shearman & Sterling LLP, 599 Lexington Avenue,

New York, New York 10022 (Att'n:  Douglas P. Bartner), (iv) counsel for the agent under

the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington

Avenue, New York, New York 10017 (Att'n:  Marissa Wesley), (v) counsel for the agent

under the Debtors' proposed postpetition credit facility, Davis Polk & Wardell, 450

Lexington Avenue, New York, New York 10017 (Att'n:  Marlane Melican), (vi) counsel to

any official committee formed in these cases, and (vii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York,

New York 10004 (Att'n:  Alicia M. Leonhard), in each case so as to be **received** no later

than **4:00 p.m. (Prevailing Eastern Time)** on **October 24, 2005** (the "Objection Dead-

line").

PLEASE TAKE FURTHER NOTICE that only those objections made in writing and timely filed and received by the Objection Deadline will be considered by the Bankruptcy Court at the Hearing.  If no objections to the Motion are timely filed and served in accordance with the procedures set forth herein, the Bankruptcy Court may enter a final order granting the Motion **without further notice.**

Dated: New York, New York
      October 17, 2005

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP


By:  s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
  Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By:  s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession