**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (*pro hac vice* application pending)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
    mitchell.seider@lw.com
    mark.broude@lw.com

Proposed Attorneys for The Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 362, 503 AND 546 AND FED. R. BANKR. P. 9019 ESTABLISHING PROCEDURES FOR TREATMENT OF RECLAMATION CLAIMS**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Delphi Corporation and certain of its affiliates (collectively, the "Debtors"), by and through its proposed counsel, hereby submits this objection (this "Objection") to the Debtors' Motion for Order Under 11 U.S.C. §§ 362, 503 and 546 and FED. R. BANKR. P. 9019 Establishing Procedures for Treatment of Reclamation Claims (the "Motion")[1]. In support of this Objection, the Committee respectfully states as follows:

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

NY\1075380.3

**BACKGROUND**

**I.    FORMATION OF THE COMMITTEE**

1.    On October 8, 2005 (the "Petition Date"), thirty-nine of the Debtors filed with this Court voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"). On October 14, 2005, the three remaining Debtors filed voluntary petitions. Since the Petition Date, this Court entered several orders granting, at least on an emergency preliminary basis, certain relief requested by the Debtors.

2.    The Committee was appointed nine days after the Petition Date, on October 17, 2005.[2] That same evening, the Committee selected Latham & Watkins LLP as its proposed counsel. Shortly thereafter, the Committee selected Mesirow Financial Consulting LLC as its proposed financial advisor and Jefferies & Company, Inc. as its proposed investment banker.

**II.    THE MOTION AND ORDER**

3.    By the Motion, the Debtors seek entry of an order (i) providing administrative treatment for certain holders of valid reclamation claims and (ii) establishing procedures for the resolution and payment of valid reclamation claims against the Debtors.

4.    On October 13, 2005, and prior to the appointment of the Committee, this Court entered an order approving the relief sought in the Motion (the "Order"). The Order contains a proviso that within ten business days after the Committee has been formed and retained counsel, it may object to the prospective application of the Order. The Order further provides that if an objection to the Motion is "timely made" by the Committee, such objection shall be heard at the

---

[2] The members of the Committee are: (a) Capital Research and Management Company; (b) Electronic Data Systems Corp.; (c) Flextronics International Asia-Pacific, Ltd.; (d) Freescale Semiconductor, Inc.; (e) General Electric Company; (f) IUE-CWA and (g) Wilmington Trust Company, as Indenture Trustee.

2

next regularly-scheduled omnibus hearing.  However, the Order provides that pending such hearing, it "shall remain in full force and effect."

5. After October 27, the next scheduled omnibus hearing in these cases is November 29, 2005.  Although its deadline to file this Objection is October 31, the Committee cannot allow the Order in its current form to remain in full force and effect until the conclusion of the November 29 hearing.  Before filing this Objection, the Committee's counsel had contacted Debtors' counsel in an effort to resolve the Committee's concerns with respect to the Motion.  Accordingly, the Committee hereby files this Objection to preserve its rights with respect to the Motion and Order, and to request that this Court address the Committee's concerns during the October 27 hearing.  Nevertheless, the Committee is hopeful that it will be able to engage in productive dialogue with the Debtors about the Motion and Order, and achieve a resolution of the Committee's concerns, prior to the October 27 hearing.

## OBJECTION

6. The Committee supports the establishment of procedures to govern the Reclamation Claims made in these chapter 11 cases.  The Committee, however, objects to the relief sought in the Motion because the Reclamation Procedures established therein provide the Debtors with *carte blanche* oversight of the treatment and payment of Reclamation Claims without adequately preserving the rights of the Committee and other parties in interest or providing such parties the opportunity to participate in the process of settling and paying Reclamation Claims.

7. As noted by the Debtors in the Motion, a substantial number of vendors have already submitted Reclamation Claims pursuant to section 546(c) of the Bankruptcy Code.  The Reclamation Procedures do not preserve the *status quo* but rather authorize the Debtors

3

NY\1075380.3

immediately to begin analyzing such Reclamation Claims and making payments in connection therewith without any involvement of the Committee or other parties in interest.  The Debtors are not required to provide this Court, the Committee or any other party in interest with notice of their decisions as to asserted Reclamation Claims and the reasons therefor.  This will deprive the Committee in particular of the ability, in furtherance of its fiduciary duties, to review and, if appropriate, object to such decisions.

8. To address these concerns, the Reclamation Procedures should be modified to require the Debtors to file a "Reclamation Report" after receipt and review of all reclamation demands.  The Reclamation Report should include: (i) a list of each reclamation vendor asserting a Reclamation Claim, (ii) a summary of the assertions of each reclamation vendor and the amount of each Reclamation Claim, and (iii) a summary of the Debtors' appraisal of the validity of, and the proposed treatment of, each Reclamation Claim.

9. The Committee, and other parties in interest, should then be given a reasonable amount of time within which to object to the Debtors' proposed resolution of, or treatment of, any Reclamation Claim.  The Reclamation Procedures should also provide that, until the Debtors have filed a Reclamation Report and interested parties have had a meaningful opportunity to object to any proposed payments, the Debtors should be prohibited from granting administrative claims or making any payments in connection with any Reclamation Claim.

10. These modifications would make the Reclamation Procedures consistent with standard practice in this district.  See, e.g., In re Northwest Airlines Corp., Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. Oct. 19, 2005); In re Spring Air Partners – N. Am., Inc., Case No. 04-11139 (RDD) (Bankr. S.D.N.Y. Apr. 8, 2004).  The Reclamation Procedures, as so modified,

4

NY\1075380.3

would allow appropriate review by all parties in interest of the Debtors' decisions with respect to the Reclamation Claims, while preserving and protecting the rights of all parties.

**WHEREFORE,** the Committee respectfully requests that this Court (a) deny the Motion to the extent it seeks relief to which the Committee hereby objects and (b) grant the Committee such other relief as is just and proper.

Dated: October 25, 2005
New York, New York

**LATHAM & WATKINS LLP**

By: /s/ Robert J. Rosenberg
    Robert J. Rosenberg (RR-9585)
    Mitchell A. Seider
    Mark A. Broude (MB-1902)
    885 Third Avenue, Suite 1000
    New York, New York 10022
    Telephone: (212) 906-1200

Proposed Attorneys for the Official
Committee of Unsecured Creditors

5