**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (*pro hac vice* application pending)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
    mitchell.seider@lw.com
    mark.broude@lw.com

Proposed Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN RESPONSE TO (A) DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a), 363, 364, 1107 AND 1108 AND FED. R. BANKR. P. 6004 AND 9019 AUTHORIZING CONTINUATION OF VENDOR RESCUE PROGRAM AND PAYMENT OF PREPETITION CLAIMS OF FINANCIALLY DISTRESSED SOLE SOURCE SUPPLIERS WITHOUT CONTRACTS AND (B) MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a), 363, 1107, AND 1108 AUTHORIZING (I) PAYMENT OF PREPETITION OBLIGATIONS TO FOREIGN CREDITORS AND (II) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFER**

The Official Committee of Unsecured Creditors (the "Committee") of Delphi Corporation, *et al.* (the "Debtors"), by and through its proposed counsel, hereby files this statement (this "Statement") in response to the Debtors' Motion for Order under 11 U.S.C. §§ 105(a), 363, 364, 1107 and 1108 and Fed. R. Bankr. P. 6004 and 9019 Authorizing Continuation of Vendor Rescue Program and Payment of Prepetition Claims of Financially Distressed Sole

NY\1075492.2

Source Suppliers Without Contracts (the "Vendor Motion") and the Motion for Order under 11 U.S.C. §§ 105(a)(, 363, 1107, and 1008 Authorizing (I) Payment of Prepetition Obligations to Foreign Creditors and (II) Financial Institutions to Honor and Process related Checks and Transfers (the "Foreign Vendor Motion, and together with the Vendor Motion, the "Motions")[1].

BACKGROUND

1. On October 8, 2005 (the "Petition Date"), thirty-nine of the Debtors filed with this Court voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"). On October 14, 2005, the three remaining Debtors filed voluntary petitions. Since the Petition Date, this Court entered several orders granting, at least on an emergency preliminary basis, certain relief requested by the Debtors.

2. The Committee was appointed nine days later, on October 17, 2005.[2] That same evening, the Committee selected Latham & Watkins LLP as its proposed counsel. Shortly thereafter, the Committee selected Mesirow Financial Consulting LLC as its proposed financial advisor and Jefferies & Company, Inc. as its proposed investment banker.

3. Since its appointment, the Committee and its proposed advisors have worked tirelessly to examine and understand the myriad complex issues facing the Debtors, including the legal and factual circumstances surrounding the multiple motions currently pending before this Court. Based on the relatively limited investigation the Committee has been able to undertake in the few days since its formation, the Committee understands and supports the Debtors' efforts to stabilize their business operations and to implement or continue meaningful programs and initiatives.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

[2] The members of the Committee are: (a) Capital Research and Management Company; (b) Electronic Data Systems Corp.; (c) Flextronics International Asia-Pacific, Ltd.; (d) Freescale Semiconductor, Inc.; (e) General Electric Company; (f) IUE-CWA and (g) Wilmington Trust Company, as Indenture Trustee.

2

4. Given the size and complexity of these cases, however, the Committee has not yet had the opportunity to fully examine and understand all of the various initiatives the Debtors have proposed to date, or to engage in meaningful and appropriate discussions and, where necessary, negotiations with the Debtors with respect thereto.

## THE MOTIONS

5. Through the Motions, the Debtors sought entry of orders, among other things, authorizing (i) approximately $90 million in payments on account of pre-petition claims of "Essential Suppliers," (ii) the waiver of potential causes of action against certain suppliers for receipt of approximately $76 million in potentially preferential payments, (iii) the continuation of certain "Vendor Rescue Programs," and (iv) the payment of an unstated amount to certain "Foreign Creditors."[3]

6. On October 13, 2005, this Court entered orders approving the relief sought in the Motions (the "Orders"), but in each case allowing the Committee to object to such Orders within ten business days after the Committee's formation and retention of counsel. The Orders further provide that if an objection to either of the Motions is "timely made" by the Committee, such objection will be heard at the next regularly-scheduled omnibus hearing, and that pending such hearing, the relevant Order "shall remain in full force and effect." Because November 29 is the next scheduled omnibus hearing after October 27, and the continued application of the Orders through the end of November could be extremely prejudicial to the Committee's interests,

---

[3] While the Foreign Vendor Motion states that Foreign Creditors are owed "approximately $40 million," the order granting that Motion contains no specific dollar cap on the payments being authorized.

3

the Committee files this Statement to ensure consideration hereof by the Court on October 27, 2005.[4]

## COMMITTEE CONCERNS

7.  The Committee does not wish to terminate or postpone the implementation of any of the vendor related initiatives identified in the Motions, but rather simply to ensure appropriate transparency and input from the Committee. In fact, the Committee supports the Debtors' efforts to take necessary steps to stabilize its business in the early stages of these cases. The Committee worked hard to evaluate the merits of the relief requested in the Motions, as well as the multitude of other motions, applications, and initiatives in these cases. Due to the extraordinarily short amount of time between the Committee's formation and the objection deadline (and hearing) on the Motions, though, the Committee was simply unable to fully evaluate the facts, circumstances, and legal issues underlying all of the relief requested in the each of the motions filed in these cases, while at the same time examining and analyzing the fundamental aspects of the Debtors' business.

8.  More critically, the Debtors have not, to date, been willing to share with the Committee some critical information related to the implementation of these vendor related programs. Among other things, the Debtors have thus far refused to identify the parties receiving these payments, the amounts paid to each such vendor, and the justification therefor. Clearly, the Debtors are not entitled to unfettered discretion to distribute significant amounts of money on account of pre-petition obligations with no input from the Committee or oversight from the Court.

---

[4] Before filing this Statement, the Committee contacted the Debtors in an effort to resolve the Committee's concerns consensually.

9. Based on the multiple meetings, calls, and other communications between the Debtors' professionals and the Committee's professionals, the Committee does not object to the relief sought in the Motions regarding payments of "Essential Supplier Claims," the payments to "Foreign Creditors," or the continuation of the Vendor Rescue Programs, as long as each payment and transfer is subject to reasonable oversight and transparency. In addition, the Committee's financial advisor should be notified in advance of (i) any such payment or transfer over $1 million or (ii) any payment or transfer made in excess of the aggregate identified in the respective Motion ($90 million for Essential Vendor claims and $40 million for Foreign Vendor claims), and provided with the information upon which the Debtors relied in determining to make such payment or transfer.

10. Further, the Committee does not believe that it is appropriate at this time to waive any claims of the estates, as there is no economic exigency that requires such immediate waiver. The payments in question have already been made, and the absence of a waiver at this stage will not be economically detrimental to any party. Thus, no harm will befall affected suppliers or the Debtors from providing the Committee an appropriate amount of time to analyze the proposed waivers.

**WHEREFORE,** the Committee respectfully requests that this Court (a) grant the Motions, subject to the provisions identified above, with respect to the payments to Essential Suppliers, Foreign Vendors, and Vendor Rescue Programs, (b) deny the Motions to the extent it seeks relief related to (i) the waiver of any claims and (ii) the continuation of the Vendor Rescue Programs, and (c) grant such other relief as is just and proper under the circumstances.

Dated: October 25, 2005
      New York, New York

                                **LATHAM & WATKINS LLP**

                                By: /s/ Robert J. Rosenberg
                                    Robert J. Rosenberg (RR-9585)
                                    Mitchell A. Seider
                                    Mark A. Broude (MB-1902)
                                    885 Third Avenue, Suite 1000
                                    New York, New York 10022
                                    Telephone: (212) 906-1200

                                Proposed Attorneys for the Official
                                Committee of Unsecured Creditors