**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (*pro hac vice* application pending)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
　　　　mitchell.seider@lw.com
　　　　mark.broude@lw.com

Proposed Attorneys for The Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**STATEMENT OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS IN RESPONSE TO DEBTORS' MOTION FOR ORDER
UNDER 11 U.S.C §§ 363 AND 553 AUTHORIZING (I) CONTINUED MAINTENANCE
OF EXISTING BANK ACCOUNTS, (II) CONTINUED USE OF EXISTING CASH
MANAGEMENT SYSTEM, (III) CONTINUED USE OF EXISTING BUSINESS FORMS,
(IV) PRESERVATION AND EXERCISE OF INTERCOMPANY SETOFF RIGHTS, AND
(V) GRANT OF ADMINISTRATIVE STATUS FOR POSTPETITION
<u>INTERCOMPANY TRANSACTIONS</u>**

　　　　The Official Committee of Unsecured Creditors (the "Committee") appointed in the

chapter 11 cases of Delphi Corporation, *et al.* (the "Debtors"), by and through its proposed

counsel, hereby submits this statement (the "Statement") to the Motion for Order under 11 U.S.C

§§ 363 And 553 Authorizing (I) Continued Maintenance of Existing Bank Accounts, (II)

Continued Use of Existing Cash Management System, (III) Continued Use of Existing Business

Forms, (IV) Preservation and Exercise of Intercompany Setoff Rights, and (V) Grant of

NY\1075517.2

Administrative Status for Postpetition Intercompany Transactions (the "Motion").[1]  In support of this Statement, the Committee respectfully states as follows:

## BACKGROUND

1. On October 8, 2005 (the "Petition Date"), thirty-nine of the Debtors filed with this Court voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code").  On October 14, 2005, the three remaining Debtors filed voluntary petitions.  Since the Petition Date, this Court entered several orders granting, at least on an emergency preliminary basis, certain relief requested by the Debtors.

2. The Committee was appointed nine days after the Petition Date, on October 17, 2005.[2]  That same evening, the Committee selected Latham & Watkins LLP as its proposed counsel.  Shortly thereafter, the Committee selected Mesirow Financial Consulting LLC as its proposed financial advisor and Jefferies & Company, Inc. as its proposed investment banker.

3. Since its appointment, the Committee and its proposed advisors have worked tirelessly to examine and understand the myriad complex issues facing the Debtors, including the legal and factual circumstances surrounding the multiple motions currently pending before this Court.  Given the size and complexity of these cases, however, the Committee has not yet had the opportunity to fully examine and understand all of the various initiatives the Debtors have proposed to date, or to engage in meaningful and appropriate discussions and, where necessary, negotiations with the Debtors with respect thereto.

---

[1] Capitalized terms used but not otherwise defined in this Statement shall have the meanings ascribed to them in the Motion.

[2] The members of the Committee are: (a) Capital Research and Management Company; (b) Electronic Data Systems Corp.; (c) Flextronics International Asia-Pacific, Ltd.; (d) Freescale Semiconductor, Inc.; (e) General Electric Company; (f) IUE-CWA and (g) Wilmington Trust Company, as Indenture Trustee.

2

NY\1075517.2

## **STATEMENT**

4. The Committee understands and supports the Debtors' efforts to stabilize their business operations and to implement or continue meaningful programs and initiatives to achieve that goal. The Committee recognizes that it is essential that the Debtors' be permitted to continue to utilize their prepetition cash management systems and procedures (the "Cash Management System") to avoid any disruption to the Debtors' business and to allow for their successful reorganization. Nevertheless, at this early stage in these cases, the Debtors and this Court must ensure that no irreconcilable harm is done to creditors in granting any first-day relief in these cases.

5. By the Motion, the Debtors seek authority to continue to operate utilizing the Cash Management System. As part of the Cash Management System, the Debtors request that they be allowed to continue to transfer funds among the various Debtors and certain non-Debtor affiliates (the "Intercompany Transactions"), which Intercompany Transactions are to be recorded and either repaid or setoff against other Intercompany Transactions through the Debtors' "Major Netting" process. The Debtors represent in the Motion that they can and will accurately track all moneys flowing through the Cash Management System, including any Intercompany Transactions.

6. In the Motion, the Debtors recognize that each individual Debtor must not, at the expense of its creditors, fund the operations of any affiliate. As a result, the Debtors requested that all claims arising as a result of Intercompany Transactions be granted superpriority administrative expense status.[3]

---

[3] In paragraph 57 of the Motion, the Debtors specifically request that "pursuant to section 364(c)(1) of the Bankruptcy Code, all Intercompany Transactions arising after the Petition Date be accorded superpriority status, with priority over any and all administrative expenses of the kind specified in sections 503(b) and 507(b) of the

3

7.      The Committee agrees with the Debtors' position that it is inappropriate for the creditors of any particular Debtor entity to bear the risk and cost of funding any other entity. However, the Committee does not believe that superpriority administrative expense claims are sufficient to protect against this risk.  Rather, to preserve the status quo as of the Petition Date, the Committee believes that claims arising from Intercompany Transactions occurring on or after the Petition Date should be secured by liens (the "Intercompany Liens") against all assets of the transferees of such Intercompany Transactions, and such liens should be junior, subject and subordinate only to the superpriority claims and liens (the "DIP Claims and Liens"), as applicable, granted to the postpetition lenders (the "DIP Lenders") under the Debtors' proposed debtor-in-possession financing facility (the "DIP Facility"), and to any claims and liens against the Debtors that are expressly senior to, or carved out from, such DIP Claims and Liens granted to the DIP Lenders under the DIP Facility.  Given that holders of prepetition claims and liens cannot properly expect to reap the benefits of any postpetition Intercompany Transaction, such parties cannot claim to be prejudiced by the proposed Intercompany Liens arising from Intercompany Transactions.[4]

8.      Moreover, the Debtors and their financial advisors must also be required to provide to the Committee and its professionals reasonable assurance of the ability of any proposed recipient to repay any Intercompany Transaction prior to such Intercompany Transaction being made by the Debtors.

---

Bankruptcy Code, subject and subordinate to only the priorities, liens, claims, and security interests, if any, granted under any debtor-in-possession financing facility to which the Debtors may become a party and other valid liens." Motion at ¶ 57. However, this Court's Interim Order granting the Motion granted such Intercompany Transactions only administrative priority status under section 507(a)(1) of the Bankruptcy Code.

[4] The Committee has expressed the same concerns in its response to the proposed final order with respect to the Debtors' DIP Facility.

NY\1075517.2

9. A final hearing with respect to the Cash Management Systems Motion is scheduled for October 27, 2005 (the "Hearing"), and the deadline to object to the relief sought therein is October 25, 2005. Due to the very short period between the time that the Committee's professionals were able to begin their work reviewing and analyzing the Debtors' numerous motions and today's objection deadline, the Committee is compelled to file this Statement to preserve its rights, pending further review of the Motion and related discussions with the Debtors. The Committee is hopeful that it will be able to address its concerns about the Motion with the Debtors, and to resolve these concerns prior to the Hearing.

**WHEREFORE,** the Committee respectfully requests that this Court (a) deny the Motion to the extent that the Debtors seek relief contrary to the position of the Committee set forth herein, and (b) grant the Committee such other relief as is just and proper.

Dated:  October 25, 2005
         New York, New York

**LATHAM & WATKINS LLP**

By: /s/ Robert J. Rosenberg
    Robert J. Rosenberg (RR-9585)
    Mitchell A. Seider
    Mark A. Broude (MB-1902)
    885 Third Avenue, Suite 1000
    New York, New York 10022
    Telephone:  (212) 906-1200

Proposed Attorneys for the Official
Committee of Unsecured Creditors

5

NY\1075517.2