**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (*pro hac vice* application pending)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
   mitchell.seider@lw.com
   mark.broude@lw.com

Proposed Attorneys for The Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS (I) IN SUPPORT OF THE MOTION FOR ORDER
AUTHORIZING THE DEBTORS TO PAY PREPETITION WAGES,
SALARIES AND BENEFITS TO THEIR EMPLOYEES AND INDEPENDENT
CONTRACTORS AND (II) REQUESTING ADJOURNMENT OF HEARING
SOLELY WITH RESPECT TO CERTAIN RELIEF SOUGHT IN THE
MOTION TO THE NOVEMBER 29, 2005 OMNIBUS HEARING DATE**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Delphi Corporation ("Delphi") and certain of its affiliates (collectively, the "Debtors"), by and through its proposed counsel, hereby submits this statement (this "Statement") in support of the Motion for Order Under 11 U.S.C. §§ 105(a), 363, 507, 1107, and 1108 (I) Authorizing Debtors to Pay Prepetition Wages and Salaries to Employees and Independent Contractors, (II) Authorizing Debtors to Pay Prepetition Benefits and Continue Maintenance of Human Capital Benefit Programs in the Ordinary Course, and (III) Directing

NY\1075280.4

Banks to Honor Prepetition Checks for Payment of Prepetition Human Capital Obligations (the "Motion"). By this Statement, the Committee expresses its support of Debtors' request to pay all prepetition obligations owed to their hourly employees, as well as prepetition salaries and vacation, sick and personal leave obligations to their salaried employees. The Committee only requests that this Court prohibit the Debtors from paying other prepetition obligations to their Directors, Officers and Executives (as those terms are defined in the Motion), and salaried employees until (a) the Committee has had a more meaningful opportunity to review and discuss such payments with the Debtors or (b) further order of the Court after the November 29, 2005 omnibus hearing. The Committee respectfully states as follows:

## BACKGROUND

1.     On October 8, 2005 (the "Petition Date"), thirty-nine of the Debtors filed with this Court voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"). On October 14, 2005, the three remaining Debtors filed voluntary petitions. Since the Petition Date, this Court entered several orders granting, at least on an emergency preliminary basis, certain relief requested by the Debtors.

2.     The Committee was appointed nine days after the Petition Date, on October 17, 2005.[1] That same evening, the Committee selected Latham & Watkins LLP as its proposed counsel. Shortly thereafter, the Committee selected Mesirow Financial Consulting LLC as its proposed financial advisor and Jefferies & Company, Inc. as its proposed investment banker.

3.     Since its appointment, the Committee and its proposed advisors have worked tirelessly to examine and understand the myriad complex issues facing the Debtors, including the

---

[1] The members of the Committee are: (a) Capital Research and Management Company; (b) Electronic Data Systems Corp.; (c) Flextronics International Asia-Pacific, Ltd.; (d) Freescale Semiconductor, Inc.; (e) General Electric Company; (f) IUE-CWA and (g) Wilmington Trust Company, as Indenture Trustee.

2

NY\1075280.4

legal and factual circumstances surrounding the multiple motions currently pending before this Court.  Based on the relatively limited investigation the Committee has been able to undertake in the few days since its formation, the Committee understands and supports the Debtors' efforts to stabilize their business operations and to implement or continue meaningful programs and initiatives.

4. Given the size and complexity of these cases, however, the Committee has not yet had the opportunity to fully examine and understand all of the various initiatives the Debtors have proposed to date, or to engage in meaningful and appropriate discussions and, where necessary, negotiations with the Debtors with respect thereto.

## STATEMENT

5. As stated above, the Committee supports the Debtors' request to pay all prepetition obligations owed to their hourly employees.  In addition, the Committee supports the Debtors' request to pay the prepetition salaries and vacation, sick and personal leave obligations to their salaried employees.  The Committee does not object to the entry of a final order granting the Motion with respect to these obligations.

6. However, in the Motion, the Debtors also seek authority to pay prepetition obligations other than those described in the paragraph above (collectively, the "Other Prepetition Obligations"), which include incentive plans, severance programs, board of directors fees and indemnification to Directors, Officers, Executives and certain salaried employees.

7. To carry out its fiduciary duties to the Debtors' unsecured creditors, the Committee needs a meaningful opportunity to examine and understand the business need for the Debtors to pay the Other Prepetition Obligations.

3

8. On October 13, 2005, this Court entered an order approving the relief sought in the Motion (the "Order"). The Order contains a proviso that within ten business days after the Committee has been formed and retained counsel, it may object to the prospective application of the Order. The Order further provides that if an objection to the Motion is "timely made" by the Creditors' Committee, such objection shall be heard at the next regularly-scheduled omnibus hearing. However, the Order provides that pending such hearing, it "shall remain in full force and effect."[2]

9. After October 27, the next scheduled omnibus hearing in these cases is November 29, 2005. Although its deadline to file any objection to the Motion is October 31, the Committee files this Statement now to request the cessation of all payments in connection with the Other Prepetition Obligations while the Committee has a meaningful opportunity to address its concerns with the Debtors and, to the extent necessary, raise any of those concerns to this Court. The Committee expects to engage in productive dialogue with the Debtors and to achieve a resolution of the Committee's concerns.

10. The Committee reserves the right to object by November 27, 2005 to the payment of any Other Prepetition Obligations. The Committee also reserves the right to seek the recovery of any amounts that the Debtors paid in connection with the Other Prepetition Obligations after the Petition Date.

**WHEREFORE,** the Committee respectfully requests that this Court (a) grant the Motion to the extent the Debtors seek to pay prepetition obligations to their hourly employees and prepetition salaries, vacation, sick and personal leave obligations to their salaried employees, (b) prohibit the Debtors from paying any Other Prepetition Obligations until (i) the Committee has

---

[2] Before filing this Statement, the Committee's counsel contacted the Debtors' counsel in an effort to resolve the Committee's concerns consensually.

4

NY\1075280.4

had a more meaningful opportunity to review and discuss such payments with the Debtors or (ii) further order of the Court after the November 29, 2005 omnibus hearing and (c) grant the Committee such other relief as is just and proper.

Dated:  October 25, 2005
        New York, New York

**LATHAM & WATKINS LLP**

By: /s/ Robert J. Rosenberg
    Robert J. Rosenberg (RR-9585)
    Mitchell A. Seider
    Mark A. Broude (MB-1902)
    885 Third Avenue, Suite 1000
    New York, New York 10022
    Telephone:  (212) 906-1200

Proposed Attorneys for the Official
Committee of Unsecured Creditors

5

NY\1075280.4