# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                             :
   In re                                      :
                                                             :  Chapter 11
DELPHI CORPORATION, <u>et al.</u>,                           :
                                                             :  Case No.  05–44481 (RDD)
         Debtors. :
                                                             :  (Jointly Administered)
                                                             :
------------------------------------------------------------ x

### NOTICE OF (A) NOTIFICATION PROCEDURES APPLICABLE TO SUBSTANTIAL HOLDERS OF CLAIMS AND EQUITY SECURITIES AND (B) NOTIFICATION AND HEARING PROCEDURES FOR <u>TRADING IN CLAIMS AND EQUITY SECURITIES</u>

TO ALL PERSONS OR ENTITIES WITH CLAIMS[1] AGAINST OR EQUITY
INTERESTS IN THE DEBTORS[2]:

PLEASE TAKE NOTICE that on October 8, 2005 ("Petition Date"),
Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate
Debtors," and together with Delphi, the "Debtors"), commenced cases under chapter 11
of title 11 of the United States Code 11 U.S.C. §§ 101-1330, as amended (the
"Bankruptcy Code").  Subject to certain exceptions, section 362 of the Bankruptcy Code
operates as a stay of any act to obtain possession of property of the Debtors' estates or of
property from the Debtors' estates or to exercise control over property of the Debtors'
estates.

PLEASE TAKE FURTHER NOTICE that on October 8, 2005, the
Debtors filed a motion seeking entry of an order pursuant to sections 105, 362, and 541 of
the Bankruptcy Code establishing notification procedures and approving restrictions on
certain transfers of claims against and equity securities in the Debtors and their estates
(the "Motion").

PLEASE TAKE FURTHER NOTICE THAT on October 12, 2005, the
United States Bankruptcy Court for the Southern District of New York (the "Court")

---

[1]     References to "claims" herein are made in accordance with the definition of
"claim" in section 101(5) of the Bankruptcy Code and includes a lessor's right to
any current or future payment under or arising out of any lease with respect to
which the Debtor or one or more of the Affiliate is a lessee.

[2]     The Debtors are the following entities:  Delphi Corporation, ASEC
Manufacturing General Partnership, ASEC Sales General Partnership, Aspire,
Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems
(Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi
Automotive Systems Human Resources LLC, Delphi Automotive Systems
International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive
Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi
Automotive Systems Risk Management Corp., Delphi Automotive Systems
Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive
Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi
Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales
Corporation, Delphi Integrated Service Solutions, Inc., Delphi International
Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding
Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical
Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi
Medical Systems Texas Corporation, Delphi NY Holdings Corporation, Delphi
Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc.,
Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes
Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics
International Ltd.

entered an order approving the procedures set forth below in order to preserve the Debtors' net operating losses and certain other tax attributes ("Tax Attributes") pursuant to sections 105, 362, and 541 of the Bankruptcy Code (the "Order"). **Except as otherwise provided in the Order, any sale or other transfer of claims against or equity securities in the Debtors in violation of the procedures set forth below shall be null and void ab initio as an act in violation of the automatic stay under section 362 of the Bankruptcy Code**.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the following procedures shall apply to holding and trading in EQUITY SECURITIES OF DELPHI:

(a)     Any person[3] or entity who currently is or becomes a Substantial Equityholder (as defined in paragraph (e) below) must file with the Court, and serve upon the Debtors and counsel to the Debtors, a notice of such status ("Notice of Status as a Substantial Equityholder") on or before the later of (A) 40 days after the effective date of the notice of entry of the Order or (B) ten days after becoming a Substantial Equityholder.

(b)     Prior to effectuating any transfer of equity securities (including options to acquire stock, as defined in paragraph (e) below) that would result in an increase in the amount of common stock of Delphi beneficially owned by a Substantial Equityholder or would result in a person or entity becoming a Substantial Equityholder, such Substantial Equityholder must file with the Court, and serve on the Debtors and counsel to the Debtors, advance written notice ("Notice of Intent to Purchase, Acquire or Otherwise Accumulate"), of the intended transfer of equity securities.

(c)     Prior to effectuating any transfer of equity securities (including options to acquire stock) that would result in a decrease in the amount of common stock of Delphi beneficially owned by a Substantial Equityholder or would result in a person or entity ceasing to be a Substantial Equityholder, such Substantial Equityholder must file with the Court, and serve on the Debtors and counsel to the Debtors, advance written notice ("Notice of Intent to Sell, Trade, or Otherwise Transfer")[4], of the intended transfer of equity securities.

(d)     The Debtors shall have 30 calendar days after receipt of a Notice of Proposed Transfer to file with the Court and serve on such Substantial Equityholder an objection to any proposed transfer of equity securities described in the

---

[3]     References to "person" herein are made in accordance with the definition of "person" in section 101(41) of the Bankruptcy Code.

[4]     A Notice of Intent to Sell, Trade, or Otherwise Transfer, together with a Notice of Intent to Purchase, Acquire, or Accumulate, is hereinafter collectively referred to as a "Notice of Proposed Transfer.

Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection, such transaction shall not be effective unless approved by a final and nonappealable order of the Court.  If the Debtors file an objection, such transfer shall not be effective unless approved by a final and nonappealable order of the Court.  If the Debtors do not object within such 30-day period, such transfer may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein with an additional 30-day waiting period.

   (e) For purposes of this Notice, (A) a "Substantial Equityholder" is any person or entity that beneficially owns at least 14,000,000 shares of the common stock of Delphi, (B) "beneficial ownership" of equity securities includes direct and indirect ownership (<u>e.g.</u>, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock, and ownership of shares which such holder has an option to acquire, and (C) an "option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

   PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, except as otherwise provided therein, the following procedures shall apply to holding and trading in CLAIMS AGAINST ANY OF THE DEBTORS:

   (a) Any person[5] or entity who currently is or becomes a Substantial Claimholder (as defined in paragraph (e) below) must file with the Court, and serve the Debtors and counsel to the Debtors, a notice of such status ("Notice of Status as a Substantial Claimholder") on or before the later of (A) 40 days after the effective date of the notice of entry of the Order or (B) ten days after becoming a Substantial Claimholder.

   (b) Prior to effectuating any transfer of claims that would result in an increase in the amount of aggregate principal claims beneficially owned by a Substantial Claimholder or would result in a person or entity's becoming a Substantial Claimholder, such Substantial Claimholder must file with the Court, and serve on the Debtors and counsel to the Debtors, advance written notice ("Notice of Intent to Purchase, Acquire, or Otherwise Accumulate"), of the intended transfer of claims, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements of Bankruptcy Rule 3001.

   (c) Prior to effectuating any transfer of claims that would result in a decrease in the amount of aggregate principal claims beneficially owned by a

---

[5] References to "person" herein are made in accordance with the definition of "person" in section 101(41) of the Bankruptcy Code.

Substantial Claimholder or would result in a person or entity's ceasing to be a Substantial Claimholder, such Substantial Claimholder must file with the Court, and serve on the Debtors and counsel to the Debtors, advance written notice ("Notice of Intent to Sell, Trade, or Otherwise Transfer")[6], of the intended transfer of claims, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements of Bankruptcy Rule 3001.

(d)    The Debtors shall have 30 calendar days after receipt of a Notice of Proposed Transfer to file with the Court and serve on such Substantial Claimholder an objection to any proposed transfer of claims described in a Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection, such transaction will not be effective unless approved by a final and nonappealable order of the Court.  If the Debtors file an objection, such transfer will not be effective unless approved by a final and nonappealable order of the Court.  If the Debtors do not object within such 30-day period, such transfer may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein with an additional 30-day waiting period.

(e)    For purposes of this Notice: (A) a "Substantial Claimholder" is any person or entity which beneficially owns an aggregate principal amount of claims against the debtors equal to or exceeding $100,000,000 or any controlled entity through which a Substantial Claimholder beneficially owns an indirect interest in claims against the Debtors, (B) "beneficial ownership" of claims includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all claims owned or acquired by its subsidiaries), ownership by family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of claims, and ownership of claims which such holder has an option to acquire, and (C) an "option" to acquire claims includes any contingent purchase, put, contract to acquire a claim(s), or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

PLEASE TAKE FURTHER NOTICE that, upon the request of any person, counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606-1285, Att'n John K. Lyons and Randall G. Reese, will provide a form of each of the required notices described above.

PLEASE TAKE FURTHER NOTICE that, upon the request of any person, Kurtzman Carson Consultants LLC (the "Official Copy Service"), 12910 Culver Boulevard, Suite I, Los Angeles, California, telephone: (310) 823-9000, fax: (310) 823-9133, shall supply a copy of the Order.  The Official Copy Service shall supply a copy of the Order at a cost to be paid by the person requesting it at the prevailing fee being

---

[6]    A Notice of Intent to Sell, Trade, or Otherwise Transfer, together with a Notice of Intent to Purchase, Acquire, or Accumulate, is hereinafter collectively referred to as a "Notice of Proposed Transfer."

charged by the Official Copy Service.  The Official Copy Service shall accommodate document requests during normal business hours, Monday to Friday (excluding recognized holidays).[7]

       **FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PRESCRIBED BY  SECTION 362 OF THE BANKRUPTCY CODE.**

       **ANY PROHIBITED PURCHASE, SALE, TRADE, OR OTHER TRANSFER OF CLAIMS AGAINST, OR EQUITY SECURITIES IN, THE DEBTORS IN VIOLATION OF THE ORDER SHALL BE NULL AND VOID <u>AB INITIO</u> AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE BANKRUPTCY COURT.**

       **THE DEBTORS PLAN OF REORGANIZATION MAY PROVIDE FOR THE DISALLOWANCE OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS TO THE EXTENT THAT THEY WOULD ENTITLE THE HOLDERS THEREOF TO A DISTRIBUTION OF 5% OR MORE OF THE VALUE OF THE REORGANIZED DEBTORS.**

---

[7]    Normal business hours for the Official Copy Service are from 7:00 a.m. to 6:00 p.m. (prevailing Pacific Time).

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

Dated:    October 12, 2005

Delphi Corporation
5725 Delphi Drive
Troy, Michigan  48098-2815
Attn: General Counsel and Chief Tax Officer

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

## EXHIBIT C

**Hearing Date: November 29, 2005, 10:00 a.m.**
**Objection Deadline: November 22, 2005, 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
        In re                                           :    Chapter 11
                                                        :
DELPHI CORPORATION, et al.,                             :    Case No. 05-44481 (RDD)
                                                        :
                        Debtors.                        :    (Jointly Administered)
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF APPLICATION AND ENTRY OF INTERIM ORDER
UNDER 11 U.S.C. §§ 327(a) AND 328 (I) AUTHORIZING EMPLOYMENT AND RETENTION
OF ROTHSCHILD INC. AS FINANCIAL ADVISOR AND INVESTMENT <u>BANKER TO
DEBTORS AND (II) SCHEDULING FINAL HEARING THEREON</u>

PLEASE TAKE NOTICE that on October 8, 2005, Delphi Corporation ("Delphi")
and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-
captioned cases (collectively, the "Company" or the "Debtors"), filed the Application For Order
Under 11 U.S.C. §§ 327(a) And 328 (I) Authorizing Employment And Retention Of Rothschild
Inc. As Financial Advisor And Investment Banker To Debtors And (II) Scheduling Final Hearing
Thereon (the "Application").

PLEASE TAKE FURTHER NOTICE that on October __, 2005, the Honorable
Robert D. Drain of the United States Bankruptcy Court for the Southern District of New York
(the "Bankruptcy Court") entered an Interim Order Under 11 U.S.C. §§ 327(a) And 328 (I)
Authorizing Employment And Retention Of Rothschild Inc. As Financial Advisor And
Investment Banker To Debtors And (II) Scheduling Final Hearing Thereon (the "Interim Order")
on an interim basis pending a final hearing on the Application.

PLEASE TAKE FURTHER NOTICE that a hearing ("the Hearing") to consider
approval of the Application on a final basis will be held on November 29, 2005, at 10:00 a.m.
(Prevailing Eastern Time) before the Honorable Robert D. Drain, United States Bankruptcy
Court for the Southern District of New York, One Bowling Green, Room 610, New York, New
York 10004.

PLEASE TAKE FURTHER NOTICE that objections, if any, to approval of the
Application on a final basis must (a) be in writing, (b) conform to the Federal Rules of
Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York,
(c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) –
registered users of the Bankruptcy Court's case filing system must file electronically, and all
other parties in interest must file on a 3.5 inch disk (preferably in Portable Document Format

2

(PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in

hard-copy form directly to the chambers of the Honorable Robert D. Drain, and (e) be served

upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General

Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West

Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) Rothschild

Inc., 1251 Avenue of the Americas, New York, New York 10020, (Att'n:  David L. Resnick),

(iv) special counsel to the Debtors, Shearman & Sterling LLP, 599 Lexington Avenue, New

York, New York 10022 (Att'n:  Douglas P. Bartner), (v) counsel for the agent under the Debtors'

prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York,

New York 10017 (Att'n:  Marissa Wesley), (vi) counsel for the agent under the Debtors'

proposed postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York,

New York 10017 (Att'n:  Marlane Melican), (vii) counsel to any official committee formed in

these cases, and (viii) the Office of the United States Trustee for the Southern District of New

York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M.

Leonhard), in each case so as to be **received** no later than **4:00 p.m. (Prevailing Eastern Time)**

on **November 22, 2005** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that pursuant to the Application, the

Debtors seek to retain Rothschild, pursuant to that certain letter agreement, dated as of May 1,

2005, by and among Rothschild, Rohatyn Associates LLC,[1] and Delphi (the "Engagement

Letter"),[2] to perform, among others, the following services:

(a)   to the extent deemed desirable by the Company, identifying, reviewing, evaluating, and initiating potential Transactions, M&A Transactions, New Capital Raises, or other transactions;

(b)   to the extent Rothschild deems necessary, appropriate, and feasible, or as the Company may request, reviewing and analyzing the Company's assets and the operating and financial strategies of the Company;

(c)   assisting the Company in developing and evaluating a range of strategic alternatives to restructure the Company's legacy liabilities, including without limitation the Company's current labor costs, liabilities for pension, and other post-employment benefits;

(d)   reviewing and analyzing the business plans and financial projections prepared by the Company including, but not limited to, testing assumptions and comparing those assumptions to historical Company and industry trends;

(e)   evaluating the Company's debt capacity in light of its projected cash flows and assisting in the determination of an appropriate capital structure for the Company;

(f)   assisting the Company and its other professionals in reviewing and evaluating the terms of any proposed Transaction, M&A Transaction, New Capital Raise, or other transaction in responding thereto and, if directed, in developing and evaluating alternative proposals for a Transaction, M&A Transaction, New Capital Raise, or other transaction, whether in connection with a plan of reorganization or otherwise;

(g)   determining values and/or ranges of values (as appropriate) for the Company and any securities that the Company offers or proposes to offer in connection with a Transaction, M&A Transaction, New Capital Raise, or other transaction;

---

[1]   Effective October 2, 2005, the employment of Rohatyn Associates LLC under the Engagement Letter was terminated by mutual agreement.

[2]   Capitalized terms used but not defined herein shall have the meanings assigned to them in the Engagement Letter.

4

(h)    determining and evaluating the risks and benefits of considering, initiating, and consummating any Transaction, M&A Transaction, New Capital Raise, or other transaction, including, without limitation, the risks and benefits with respect to the Company's intermediate and long-term business prospects and strategic alternatives to maximize the business enterprise value of the Company, whether pursuant to a plan of reorganization or otherwise;

(i)    reviewing and analyzing any proposals the Company receives from third parties in connection with a Transaction, M&A Transaction, New Capital Raise, or other transaction, including, without limitation, any proposals for debtor-in-possession financing, as appropriate;

(j)    assisting or participating in negotiations with the parties-in-interest, including, without limitation, any current or prospective creditors of, or holders of equity in, or claimants against the Company and/or their respective representatives in connection with a Transaction, M&A Transaction, New Capital Raise, or other transaction;

(k)    advising and attending meetings of the Company's Board of Directors, creditor groups, official constituencies, and other interested parties, as the Company determines to be necessary or desirable;

(l)    if requested by the Company, participating in hearings before this Court and providing relevant testimony with respect to the matters described in the Engagement Letter and with respect to issues arising in connection with any proposed plan of reorganization;

(m)    assisting the Company's internal and external counsel to enable such counsel to provide legal advice to the Company, as contemplated under Section 7 of the Engagement Letter; and

(n)    rendering such other financial advisory and investment banking services as reasonably may be requested by the Company in connection with any of the foregoing.

PLEASE TAKE FURTHER NOTICE that, if its retention is approved, Rothschild will, unless such terms prove to have been improvident in light of developments not capable of being anticipated at the time of the hearing, be entitled to receive compensation as set forth in the Engagement Letter.  In summary, Rothschild will be entitled to receive the following:

(a)    A $250,000 per month cash advisory fee (the "Monthly Fee"), payable in advance on the first day of each month.  The initial Monthly Fee will be pro-rated based on the commencement of services as of the Engagement

5

Letter Date and will be due and payable by the Company upon the execution of the Engagement Letter.

(b)     A fee of $15 million (the "Completion Fee"), due and payable in cash upon the earlier of (i) the effective date of a plan of reorganization that provides for, pursuant to the terms of a binding written agreement, the consummation of a Transaction or (ii) the closing of another Transaction; provided, that Rothschild has agreed to credit against the Completion Fee (a) 50% of any M&A Fees indefeasibly paid (the "M&A Fee Credit"); (b) 50% of any New Capital Fees indefeasibly paid (the "New Capital Fee Credit"); and (c) to the extent not otherwise applied against the fees and expenses of Rothschild under the terms of the Engagement Letter, the Retainer; provided that the sum of the M&A Fee Credit and the New Capital Fee Credit will not exceed the Completion Fee.

(c)     In the case of any M&A Transaction for which Rothschild is designated by the Company as the Company's primary advisor and investment banker and does not arise out of a Transaction for which a Completion Fee is due under the immediately preceding paragraph, a fee (the "M&A Fee") equal to the product of (i) the Aggregate Consideration times (ii) the applicable M&A Fee Percentage, each as specified in Exhibit C to the Engagement Letter, which M&A Fee will be due and payable in cash at the closing of such M&A Transaction.

(d)     A new capital fee (the "New Capital Fee") equal to (i) 1.0% of any senior secured debt raised, (ii) 3.0% of the face amount of any junior secured or senior or subordinated unsecured debt (including any convertible debt) raised, and (iii) 5.0% of any equity or hybrid capital raised (each a "New Capital Raise"), in each case, in which Rothschild is designated by the Company as the Company's primary advisor and investment banker.  The New Capital Fee will be due and payable in cash at the closing of any New Capital Raise; provided, that no New Capital Fee shall become payable in respect of any new capital raised (x) in the event the Company files a chapter 11 case, any debtor-in-possession financing arrangements, (y) from an entity not otherwise participating in or having expressed an interest in participating in a Transaction, or (z) from an Acquirer or an entity having expressed an interest in becoming an Acquirer in connection with the consummation of a Transaction which is intended to occur simultaneously with or within a reasonable period after the closing of such New Capital Raise.

(e)     To the extent the Company requests that Rothschild perform additional services not contemplated by the Engagement Letter, such additional fees as may be mutually agreed upon by Rothschild and the Company, in writing, in advance.

6

(f)  The Company will reimburse Rothschild for its reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, and the enforcement of the Engagement Letter, including without limitation the reasonable fees, disbursements and other charges of Rothschild's counsel; provided, that the retention of any such counsel will be made only with the Company's consent, which will not be unreasonably withheld except in the case of legal services which are not customarily required in connection with the performance of the services to be provided under the Engagement Letter.  Reasonable expenses will also include, but not be limited to, expenses incurred in connection with travel and lodging, data processing and communication charges, research, and courier services.  The Company will promptly reimburse Rothschild for expenses upon presentation of an invoice or other similar documentation with reasonable detail.

PLEASE TAKE FURTHER NOTICE that if the Application is granted, the Debtors will indemnify and hold Rothschild harmless against liabilities arising out of or in connection with its retention by Debtors except for any such liability for losses, claims, damages or liabilities incurred by the Debtors that are finally judicially determined by a court of competent jurisdiction to have primarily resulted from the bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct of Rothschild.

PLEASE TAKE FURTHER NOTICE that the foregoing summary of certain elements of the retention is not complete and that the full terms of the retention are contained in the Application and the Engagement Letter, which are available for inspection at the clerk's office for the Bankruptcy Court and on the Bankruptcy Court's Internet site at www.nysb.uscourts.gov, through an account obtained from Pacer Service Center at 1-800-676-6856, or on www.delphidocket.com.  To the extent that the summary of the retention terms set forth in this notice conflict with the terms of the Engagement Letter, the terms of the Engagement Letter control.

PLEASE TAKE FURTHER NOTICE that only those objections made in writing

and filed timely and received by the Objection Deadline will be considered by the Bankruptcy

Court at the Hearing.  If no objections to the Application are filed timely and served in

accordance with the procedures set forth herein, the Bankruptcy Court may enter a final order

granting the Application **without further notice.**

Dated:  New York, New York
        October __, 2005

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By: _____
    John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

    - and -

By: _____
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession