# EXHIBIT C

## SUMMARY OF OBJECTIONS TO ORGANIZED BY NATURE OF OBJECTION[1]

**(Late objections are indicated in BOLD)**

A.  **Objection by Goodwin Procter Group[2]**

|   | OBJECTION ASSERTED | OBJECTION DOCKET NO. | RESPONSE |
|---|---|---|---|
| 1. | Priming prepetition lenders should not be allowed because sufficient postpetition financing is available on a nonpriming basis and priming the liens of the prepetition lenders without their consent is an extraordinary remedy that implicates their constitutionally protected property rights. | 553 | The Debtors have proposed providing: (a) the Ad Hoc lenders (and the other Pre-Petition Secured Lenders) liens junior to the DIP Agent, but pari passu with holders of valid setoff rights in prepetition collateral that was not included as part of the prepetition lenders' collateral under the applicable credit agreement; (b) replacement liens on new collateral junior only to the DIP Agent; (c) section 507(b) priority to such parties' prepetition secured claims; (d) payment of current interest at the contract rate; (e) access to Collateral to the Pre-Petition Agent; and (f) access to certain financial information to be provided to the Pre-Petition Agent. |

---

[1] Terms used but not defined herein shall have the meanings ascribed to them in the Final DIP Order.

[2] Prepetition Agent, JPMorgan Chase filed a pleading indicating that it is not objecting to the Final DIP Order subject to its confirmation that the Order incorporates the changes agreed to by JPMorgan Chase and the Debtors and is otherwise in satisfactory form and substance and that no other changes are adverse to the interests of JPMorgan Chase (Docket #612).

| | **OBJECTION ASSERTED** | **OBJECTION DOCKET NO.** | **RESPONSE** |
|---|---|---|---|
| | The objection also asserts that the debtors have not met their burden under 364(d)(1) to establish that (1) the debtors cannot obtain credit otherwise, and (2) existing lienholders are adequately protected. | | |
| | The prepetition lenders are not adequately protected by junior replacement liens and less than current pay of the contract rate of interest due under the credit agreement. | | |
| | Requested adequate protection package:<br>(1) Requesting that debtors pay interest at the default rate (applicable rate plus 2%) and principal amortization for adequate protection;<br>(2) Debtors should reduce prepetition debt by $25 million per quarter;<br>(3) 100% of asset sales outside of the ordinary course should go to premanently reduce the DIP facility;<br>(4) repayment of all reimbursable expenses of the Prepetition Lenders;<br>(5) Prepetition Lenders should be granted liens and security interests in all of the Debtors remaining assets including a pledge of the Excluded Stock (100% of stock in foreign subsidiaries unless Debtors can show that the tax consequences significantly outweigh the benefit to the Prepetition Lenders);<br>(6) The Final Order should not include any waiver of the right to object to any relief sought by the Debtors (sale, assignment or release) in respect of the property comprising the Collateral, whether as parties-in-interest in the Debtors' chapter 11 cases or as holders of interests in such Collateral under section 363(f) of the Bankruptcy | | |

2

| | **OBJECTION ASSERTED** | **OBJECTION DOCKET NO.** | **RESPONSE** |
|---|---|---|---|
| | Code;<br>(7) the Final Order should expressly reserve the rights of the Prepetition Agent and the Prepetition Lenders to request further or different adequate protection under sections 361, 363(e) and 364(d)(2) of the Bankruptcy Code; and<br>(8) The Interim Order should be clarified to reflect that the Junior Adequate Protection Liens granted to any person in respect of any valid and non-avoidable right to setoff in respect of its prepetition payables as of the Petition Date shall be subject and subordinate to (and shall not prime) all valid, enforceable, non-avoidable and fully-perfected first priority liens in existence as of the Petition Date, including the liens of the Prepetition Lenders in the Prepetition Collateral and the replacement liens granted to the Prepetition Lenders in the Collateral. | | |

3

B.  **Objection by Setoff/Lien Claimants**

|   | **OBJECTION ASSERTED** | **OBJECTION DOCKET NO.** | **RESPONSE** |
|---|---|---|---|
| 1. | Objection on the grounds that it impairs vendor's prepetition setoff rights without providing adequate protection. Vendor requests that it be granted a superior replacement lien as adequate protection for its prepetition setoff rights. | 428, 435, 436, 442, 450, 451, 458, 461, 495 and 623, 501, 503, 577, 590, 634, 646, 651, 658 | The Debtors have proposed providing the following (the "Setoff Party Proposal"): **(a)** the Debtors shall provide to each holder of a valid setoff claim (each, a "Setoff Party"), subject to the payment of the Carve Out, a superpriority claim as provided for in section 507(b) of the Bankruptcy Code, with the limitations set forth in ordering paragraph 12(b) of the proposed Final Order; plus **(b)** if a Setoff Party makes payment to the Debtors on account of an ordinary course prepetition debt owed to the Debtors which amount could rightfully have been setoff by the Setoff Party (assuming such party received approval under 11 U.S.C. § 553) then the Debtors shall grant such Setoff Party a lien in its post-petition payables in the amount of such setoff, which liens shall be junior only to the liens of the DIP Agent and DIP Lenders; plus **(c)** the Debtors shall grant the Setoff Party liens in collateral of the Pre-Petition Secured Lenders, which liens shall be junior to the DIP Agent, the DIP Lenders and the Pre-Petition Secured Lenders, but senior to all other parties; plus **(d)** the Debtors shall grant such party liens in assets owned by the Debtors that were not pledged as collateral to the Pre-Petition Secured Lenders, which liens shall be junior only to the DIP Agent and DIP Lenders and shall be pari passu with the adequate protection liens granted to the Pre-Petition Secured Lenders; plus **(e)** the Debtors shall allow the Setoff Party to setoff its valid prepetition claims against the Debtors against postpetition payables owed to the Debtors, provided that such prepetition claims arose in the ordinary course of the Debtors' business. |

| | **OBJECTION ASSERTED** | **OBJECTION DOCKET NO.** | **RESPONSE** |
|---|---|---|---|
| 2. | Vendor objects to the DIP motion on the ground that it impairs vendor's prepetition setoff rights without providing adequate protection. To the extent that the DIP motion in any way attempts to subordinate or otherwise modify the rights of lienholders with liens arising by operation of law, including special tooling and mold liens, vendor objects to such subordination or modification and specifically requests adequate protection of its interest in such tooling and molds. | 455, 459, 551, 600, 632 | With respect to setoff rights, the see the Setoff Party Proposal: With respect to the party's request to preserve liens arising by operation of law, the Debtors propose the language incorporated in paragraph 7(b), which provides that the DIP Agent's liens are subject to, among other things, (i) any valid, perfected and unavoidable interests in such property arising out of liens to which the liens of the Pre-Petition Secured Lenders become subject subsequent to the Petition Date as permitted by section 546(b) of the Bankruptcy Code and (ii) statutory liens or security interests arising after the Petition Date and permitted under the DIP Credit Agreement that by operation of law would have priority over a previously perfected security interest in such liens. |
| 3. | Vendor objects to the DIP motion to the extent that it seeks to subordinate prepetition setoff rights absent adequate protection.<br><br>Vendor requests that it be granted a superior replacement lien as adequate protection for its prepetition setoff rights.<br><br>Objection also provides adequate protection of its reclamation rights. | 506 and 648, 507 and 649, 511, 512, 589, 591, 619, 631, 643 | With respect to the issue of setoff, see Setoff Party Proposal.<br><br>With respect to the party's request to preserve its reclamation right, the Debtors' request the Court to deny such relief on the grounds that (a) objector failed to raise the issue with sufficient specificity to alert the Debtors as to the nexus of the issue; and (b) the Debtors do not believe that the Final DIP Order affects the party's reclamation rights in a way that contradicts the law. |

C.    **Objection by PBGC**

|  | OBJECTION ASSERTED | OBJECTION DOCKET NO. | RESPONSE |
|---|---|---|---|
| 1. | DIP motion fails to adequately protect "lender" Debtors in connection with financing provided to "borrower" Debtors on account of intercompany advances.<br><br>Requests that the Court modify the cash management order and DIP order to grant to each lender Debtor junior liens and junior superpriority administrative expense claims against the estate of any corresponding borrower Debtor to the extent of any intercompany advances rendered. | 437 | The Debtors and the PBGC agreed to the following: (a) in connection with intercompany loans where the borrower is a chapter 11 debtor, a lending entity shall be entitled to an administrative claim in the borrowing entity's chapter 11 case for each dollar lent to such borrower and (b) the Debtors have added clarifying language to the Cash Management Order, which provides that to the extent there is a conflict between the Final DIP Order and the Cash Management Order as it relates to intercompany transactions, the Final DIP Order controls. |

6

D. **Objection by Aircraft Leasors**

| | OBJECTION ASSERTED | OBJECTION DOCKET NO. | RESPONSE |
|---|---|---|---|
| 1. | Bank of America objects to the Motion on the following grounds: (i) the Debtors should not grant any lien or security interest whatsoever in the aircraft leases between Bank of America, as lessor, and Delphi Automotive Systems Human Resources LLC ("Delphi HR") nor in any of the personal property subject to these leases; and (ii) if any such lien or interest in Delphi HR's leasehold interests is granted pursuant to the Motion, such interest should only attach to Delphi HR's interests therein and should be subordinate and junior in all respects to the interests of Bank of America.<br><br>In addition, Bank of America objects to the grant of any DIP Liens in the Management Agreement and the Charter Agreement and any revenues generated therefrom unless they are deemed junior and subordinate to the liens held by Bank of America in these assets and unless Bank of America's liens in these assets are granted adequate protection.<br><br>Finally, Bank of America objects to any attempt in the Motion and the proposed financing order to encumber in any fashion Bank of America's rights and interests under a certain foreign exchange swap agreement with Delphi Corporation, which is a guarantor of the aircraft leases.<br><br>Bank of America objects to the grant of any liens or | 565 | (a) The Debtors shall not grant the DIP Agent or DIP Lenders liens on aircrafts;<br>(b) Setoff: Bank of America is protected by Bankruptcy Code "safe harbor"; Bank of America is protected to the extent its swap is collateralized |

7

| | OBJECTION ASSERTED | OBJECTION DOCKET NO. | RESPONSE |
|---|---|---|---|
| | security interests, including the DIP Liens and any adequate protection liens, in any of Bank of America's collateral serving as security for the obligations of Delphi HR and the two lease guarantors which collateral includes cash collateral under section 363(a) of the Federal Bankruptcy Code. Objects to the proposed Financing Order for the use of Bank of America's collateral without granting adequate protection. | | |

8

E. **Objection by Creditors' Committee**

|  | OBJECTION ASSERTED | OBJECTION DOCKET NO. | RESPONSE |
|---|---|---|---|
| 1. | Creditors' Committee is seeking the following changes: (1) payments of postpetition interest, fees and expenses for the pre-petition secured lenders as adequate protection should be subject to recharacterization as payments of principal in the event that the secured lenders are not oversecured; | 641 | There is nothing in the order that precludes the right of the Creditors' Committee to seek to recharacterize the payments of post petition interest, fees and expenses as a repayment of principal in the event that the court determines that the Pre-Petition Secured Lenders were not oversecured. |
|  | (2) preserve the requirements of § 506(b) as to the Pre-Petition Secured Lenders and their claims against the estate; |  | There is nothing in the order that contravenes the requirements of section 506(b). The Pre-Petition Secured Lenders will be entitled to receive and retain post petition interest, fees and expenses as such only to the extent that they are oversecured. The Creditors' Committee is not bound, subject to the 90 day period contained in paragraph 16 of the order, by the Debtors stipulations in paragraphs 3 and 10 to the effect that the Pre-Petition Secured Lenders. |
|  | (3) and any claim that the Pre-Petition Secured Lenders may have under section 507(b) should not have recourse to the Debtors' claims and causes of action under sections 502(d), 510, 544, 545, 547, 548, 549 and 550 of the Bankruptcy Code, or any other avoidance actions or to any proceeds recovered on account of successful avoidance actions; |  | Under 507(b) of the Bankruptcy Code any claim for the inadequacy of adequate protection is granted priority over all other administrative claims and by extension all other unsecured claims. There is nothing in the Bankruptcy Code that would require that avoidance actions be carved out of this protection. |

9

|   | OBJECTION ASSERTED | OBJECTION DOCKET NO. | RESPONSE |
|---|---|---|---|
|   | (4) request for the expansion of the 90 day deadline (upon a motion by the Creditors' Committee showing good cause) for the Creditors' Committee to contest the binding nature of certain provisions of the DIP; |   | The 90 day deadline is common practice in this district and provides in this case adequate time for the Creditors' Committee to conduct its investigations and due diligence and be in a position to either (i) confirm the stipulations made by the debtor and contained in the order, (ii) commence an action to preserve its rights, (iii) seek a consensual extension of the 90 days or (iv) return to court to show cause why the deadline should not be extended under the particular circumstances. |
|   | (5) opposes the grant of a full release to the Pre-Petition Secured Lenders; |   | During the 90 day period, the Creditors' Committee will have an ample opportunity to determine the appropriateness of the full release. |
|   | (6) the Creditors' Committee should receive all financial information provided to the lenders at the same time; |   | The Debtors have agreed with the Creditors' Committee and has provided for the delivery of such information in paragraph 12(e). |
|   | (7) clarification that defined terms apply only to persons in such capacity; |   | The Debtors agree that this is the appropriate way to interpret the order and no further clarification is necessary. |
|   | (8) Creditors' Committee should get notice of any amendments affecting liquidity (e.g., borrowing base, covenants, etc.) and in the event the Creditors' Committee objects, the Debtors should be required to get Court approval for such amendment; |   | The Debtors have agreed with the Creditors' Committee regarding amendments to the financial covenants in section 6.04 of the DIP agreement to the extent such amendments would be more restrictive on the Debtors and have so provided in paragraph 5(b)(ii) of the order. The DIP agent will not accept a third party's attempt to manage matters related to the borrowing base thereto. |
|   | (9) the adequate protection liens and junior adequate protection liens should be subject and subordinate to section 551; |   | To the extent that there is a recovery on any avoidance action on the prepetition lenders' collateral, the priority of the prepetition lenders security interest in that collateral should not be altered. To the extent that the recovery is in respect of property that was not the prepetition lenders' collateral, the recovery would be for the benefit of the estate. |

| | OBJECTION ASSERTED | OBJECTION DOCKET NO. | RESPONSE |
|---|---|---|---|
| | (10) 5 business days prior notice of enforcement against collateral must be provided to Creditors' Committee; | | Section 7.01 of the credit agreement requires that such notice be given to the Creditors' Committee and the Debtors have agreed not to modify such notice provision without court approval as provided in paragraph 5(b)(ii) of the Order. |
| | (11) the Debtors should not waive their rights under 11 U.S.C. § 506(c) in favor of the Pre-Petition Secured Lenders; | | The Pre-Petition Secured Lenders' security interest in their prepetition collateral is being primed and the Debtors have the right to use and sell such collateral without applying the proceeds of such use or sale to the repayment of the prepetition obligations. In exchange for and as part of the adequate protection for the prepetition lenders, the Debtors believe that it is reasonable and appropriate in such circumstances to agree to the 506(c) waiver. |
| | (12) the carve out should include all allowed and unpaid professional fees and disbursements incurred or accrued by the debtors or any Creditors' Committees prior to the debtors' or any Creditors' Committees' actual receipt of written notice that an Event of Default has occurred; and | | The DIP agent has refused to further burden the exercise of its remedies by giving notice to any parties other than the Debtors. However, the Debtors will agree to notify the Creditors' Committees' counsel upon receipt of any such notice. |
| | (13) intercompany claims should be secured by liens subordinate only to the DIP liens and any other superpriority claims. | | None of the parties being provided with adequate protection under the DIP order will consent to such arrangement. In addition, the Debtors believe that it would be unusual for the intercompany claims to have priority over other parties' adequate protection rights. |

11

**DIP OBJECTORS**
**BY DOCKET NUMBER**

|    | Docket No. | Objecting Party |
|----|------------|-----------------|
| 1  | 428 | Robert Bosch Corporation |
| 2  | 435 | Mercedes-Benz U.S. International, Inc. |
| 3  | 436 | Venture Plastics, Inc. |
| 4  | 437 | Pension Benefit Guaranty Corporation |
| 5  | 442 | Calsonic Kansei North America, Inc. |
| 6  | 450 | DaimlerChrysler Corporation, on behalf of itself, DaimlerChrysler Motors Company, LLC and DaimlerChrysler Canada Inc. |
| 7  | 451 | Decatur Plastic Products, Inc. |
| 8  | 455 | Gibbs Die Casting Corporation |
| 9  | 458 | Lorentson Manufacturing Company, Inc. |
| 10 | 459 | Autocam Corporation |
| 11 | 461 | Lorentson Manufacturing Company Southwest, Inc. |
| 12 | **495 and 623** | **Ford Motor Company** |
| 13 | **501** | **Freescale Semiconductor, Inc.** |
| 14 | **503** | **Nissan North America, Inc.** |
| 15 | **506 and 648** | **Fujikura America, Inc.** |
| 16 | **507 and 649** | **Murata Electronics North America, Inc.** |
| 17 | **511** | **Flextronics International Asia Pacific Ltd. And Flextronics Technology (M Sdn. Bhd.** |
| 18 | **512** | **Multek Flexible Circuits, Inc., Sheldahl de Mexico S.A. de C.V. and Northfield Acquisition Co.** |
| 19 | **551** | **Omega Tool Corp., L&W Engineering Co., Southtec, LLC, DOTT Industries, Inc., ALPS Automotive, Inc., Pioneer Automotive Technologies, Inc., Lakeside Plastics Limited, Android Industries, Inc., Ai-Doraville, LLC, and Ai-Genesee, LLC** |
| 20 | 553 | Ad Hoc Committee of Lenders |
| 21 | 565 | Bank of America N.A. |
| 22 | **577** | **Honda of America Manufacturing, Inc.** |
| 23 | 589 | OSRAM Opto Semiconductors Inc. |
| 24 | **590** | **Worthington Steel Company and Worthington Steel of Michigan, Inc.** |
| 25 | **591** | **Hitachi Automotive Products** |

|    | Docket No. | Objecting Party |
|----|------------|-----------------|
| 26 | 600 | **National Molding Corp and Security Plastics Division/NMC, LLC** |
| 27 | 612 | JPMorgan Chase Bank, N.A. (as administrative agent to approx. 250 senior secured lenders |
| 28 | 619 | **Arneses Electronics Automotrices, S.A. de C.V. and Cordaflex, S.A. de C.V.** |
| 29 | 631 | **Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc.** |
| 30 | 632 | **Magna International, Inc. and certain of its foreign and domestic affiliates** |
| 31 | 634 | **A. Schulman, Inc.** |
| 32 | 641 | Official Committee of Unsecured Creditors |
| 33 | 643 | **Textron Fastening Systems, Inc.** |
| 34 | 646 | **ARC Automotive, Inc.** |
| 35 | 651 | **XM Satellite Radio Inc.** |
| 36 | 658 | General Motors Corporation |