Allan S. Brilliant (AB 8455)
Emanuel C. Grillo (EG 1538)
Brian W. Harvey (BH 2518)
GOODWIN PROCTER LLP
Counsel for the Ad Hoc Committee
599 Lexington Avenue
New York, New York 10022
(212) 813-8800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:                                              :
                                                    :      Chapter 11
                                                    :
DELPHI CORPORATION, et al.                          :      Case No. 05-44481
                                                    :
                          Debtors.                  :      Jointly Administered
                                                    :
----------------------------------------------------------------x

### NOTICE OF AMENDMENT TO OBJECTION OF AD HOC COMMITTEE OF PREPETITION LENDERS TO DEBTORS' MOTION FOR POSTPETITION FINANCING

TO ALL PARTIES IN INTEREST:

PLEASE TAKE NOTICE that on October 24, 2005, the undersigned, on behalf of the Ad Hoc Committee, filed that certain Objection of Ad Hoc Committee of Prepetition Lenders to Debtors' Motion for Postpetition Financing (the "Objection").  Capitalized terms not defined herein have the meanings given to them in the Objection.

PLEASE TAKE FURTHER NOTICE that Footnote 1 of the Objection is hereby amended and restated in its entirety in the form below, and a page marked to show changes thereto is annexed hereto at Exhibit A:

> The Ad Hoc Committee consists of certain funds and managed accounts managed by DK Acquisition Partners LP, Latigo Partners, LP, Quadrangle Master Funding Ltd., Cyrus Capital Partners, Canyon Capital Partners, Concordia Advisors LLC, Avenue Capital Group, Special Situations Investing Group, Inc., D. E. Shaw Laminar Portfolios, L.L.C., L.P.,

Longacre Fund Management LLC, Springfield Associates, LLC and
Kensington International Limited, which hold or have economic interests
in, directly or indirectly, in the aggregate, approximately $443,250,000 of
Prepetition Debt (as defined below).

PLEASE TAKE FURTHER NOTICE that Paragraph 2 of the Objection is hereby

amended and restated in its entirety in the form below, and a page marked to show changes

thereto is annexed hereto at Exhibit B:

Immediately prior to the Petition Date, Delphi was paying interest on the
Loans at a rate of (a) 500 basis points above the London Interbank
Borrowing Rate ("LIBOR") with respect to the Revolving Loan and (b)
650 basis points above LIBOR with respect to the Term Loan. Section
2.12(b) of the Prepetition Credit Agreement provides that the Majority
Facility Lenders may, upon an Event of Default, elect to discontinue
Eurodollars Loans. This converts such Loans into ABR Loans. Interest
on ABR Loans is payable at the rate of (a) 400 basis points above the
Prime Rate with respect to the Revolving Loan and (b) 550 basis points
above the Prime Rate with respect to the Term Loan. In addition, Section
2.14 of the Prepetition Credit Agreement provides that Loans bear interest
at the applicable rate plus 2.0% if all or a portion of the Loans are not paid
when due, whether by acceleration or otherwise. Pursuant to Section 8 of
the Prepetition Credit Agreement, the Loans automatically accelerated
upon the commencement of these cases.

.

Dated: New York, New York
       October 26, 2005

                                    GOODWIN PROCTER LLP


                                    By:  /s/ Brian W. Harvey

                                    Allan S. Brilliant (AB 8455)
                                    Emanuel C. Grillo (EG 1538)
                                    Brian W. Harvey (BH 2518)
                                    GOODWIN PROCTER LLP
                                    599 Lexington Avenue
                                    New York, New York 10022
                                    (212) 813-8800
                                    Counsel for the Ad Hoc Committee

## EXHIBIT A

Allan S. Brilliant (AB 8455)
Emanuel C. Grillo (EG 1538)
Brian W. Harvey (BH 2518)
GOODWIN PROCTER LLP
Counsel for the Ad Hoc Committee
599 Lexington Avenue
New York, New York 10022
(212) 813-8800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
In re:                                                  :
                                                        :
                                                        :
DELPHI CORPORATION, et al.                              :
                                                        :
                            Debtors.                    :
                                                        :
-------------------------------------------------------------x

HEARING DATE:  October 247 2005
HEARING TIME:   10:00 AM

Chapter 11

Case No. 05-44481 (RDD)

Jointly Administered

## OBJECTION OF AD HOC COMMITTEE OF PREPETITION
## LENDERS TO DEBTORS' MOTION FOR POSTPETITION FINANCING

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

The Ad Hoc Committee of lenders (the "Ad Hoc Committee")[1], by their

undersigned counsel, under that certain Third Amended and Restated Credit Agreement (the

"Prepetition Credit Agreement"), dated as of June 14, 2005, among Delphi Corporation, as

borrower ("Delphi"), the lenders from time to time party thereto (the "Prepetition Lenders"),

JPMorgan Chase Bank, N.A., as administrative agent (the "Prepetition Agent"), and the other

parties named therein  as and for its objection (this "Objection") to the motion (the "DIP

---

[1]      The Ad Hoc Committee consists of certain funds and managed accounts managed by DK Acquisition
         Partners LP, Latigo Partners, LP, Quadrangle Master Funding Ltd., Cyrus Capital Partners, Canyon Capital
         Partners, Concordia Advisors LLC, Avenue Capital Group, Special Situations Investing Group, Inc., D. E.
         Shaw & Co**Laminar Portfolios, L.L.C**., L.P., Longacre Fund Management  LLC and Elliot &**,
         Springfield** Associates, **LLC and Kensington International Limited,** which hold or have economic

Motion"), dated October 8, 2005, of the above-captioned debtors and debtors-in-possession

(collectively, the "Debtors") for an order, among other things, authorizing the Debtors to obtain

secured postpetition financing on a superpriority and priming basis, authorizing use of cash

collateral, and granting adequate protection, respectfully represents as follows:

## PRELIMINARY STATEMENT

In order to fund their huge cash losses, the Debtors through the DIP Motion seek

to violate the constitutionally protected property rights of the Prepetition Lenders through a

priming lien rather than obtaining more expensive alternate financing that is available to them on

a junior basis. Specifically, the Debtors cavalierly seek to subordinate the $2.58 billion of senior

secured indebtedness owed to the Prepetition Lenders to another $2 billion of debtor-in-

possession financing. By priming the Prepetition Lenders, the Debtors would have the Court

shift the risk of default from the DIP Lenders to the Prepetition Lenders without their consent,

without compensation, and without compliance with section 364(d) of the Bankruptcy Code.

The record is clear that the Debtors have the ability to obtain adequate

postpetition financing by either borrowing money with a first lien on unencumbered assets and a

junior lien on encumbered assets, or through a loan which refinances the Prepetition Lenders. In

fact, the Debtors have admitted this in the DIP Motion, in the affidavit of Robert S. Miller, Jr.,

and at the "first day" hearing in these cases. Apparently, in order to save interest expense, the

Debtors would prefer to have the Court transform the first lien Prepetition Lenders into second

lien lenders without their consent. Section 364(d) of the Bankruptcy Code, however, consistent

---

interests in, directly or indirectly, in the aggregate, approximately $443,250,000 of Prepetition Debt (as
defined below).

2

## EXHIBIT B

LIBNY/4471164.1

Stock"), and certain receivables with a face value of approximately $1.2 billion (the "Excluded Receivables"). See DIP Motion ¶ 16. In addition, a portion of the Revolving Loans are not secured by certain domestic manufacturing property of the Debtors and shares of stock or indebtedness of any domestic subsidiary of Delphi that owns such property (together, the "Excluded Manufacturing Assets," and together with the Excluded Stock and Excluded Receivables, the "Excluded Collateral"). The Debtors allege that this Excluded Collateral is equal in value to the amount by which the Revolving Loans, when taken together with all other senior secured debt of Delphi and its subsidiaries, exceeds 15% of Delphi's and its subsidiaries' consolidated net tangible assets.

2.    Immediately prior to the Petition Date, Delphi was paying interest on the Loans at a rate of (a) 400**500** basis points above the London Interbank Borrowing Rate ("LIBOR") with respect to the Revolving Loan and (b) 650 basis points above LIBOR with respect to the Term Loan. Section 2.12(b) of the Prepetition Credit Agreement provides that the Majority Facility Lenders may, upon an Event of Default, elect to discontinue Eurodollars Loans. This converts such Loans into ABR Loans. Interest on ABR Loans is payable at the rate of (a) 500**400** basis points above the Prime Rate with respect to the Revolving Loan and (b) 550 basis points above the Prime Rate with respect to the Term Loan. In addition, Section 2.14 of the Prepetition Credit Agreement provides that Loans bear interest at the applicable rate plus 2.0% if all or a portion of the Loans are not paid when due, whether by acceleration or otherwise. Pursuant to Section 8 of the Prepetition Credit Agreement, the Loans automatically accelerated upon the commencement of these cases.

3.    The Term Loan was fully drawn as of June 30, 2005, and the Debtors drew down $1.5 billion in Revolving Loans on August 3, 2005. As of October 8, 2005, the

4