Hearing Date: October 27, 2005 at 10:00 a.m.

BODMAN LLP
Robert J. Diehl, Jr (P31264)
Ralph E. McDowell (P39235) (Pro Hac Vice Pending)
100 Renaissance Center, 34th Floor
Detroit, Michigan 48243
(313) 259-7777

Attorneys for American Axle & Manufacturing, Inc

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____/

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

_____/

### LIMITED OBJECTION OF
### AMERICAN AXLE & MANUFACTURING, INC. TO FINANCING MOTION

American Axle & Manufacturing, Inc. ("AAM") files this limited objection to the Financing Motion and the Interim Financing Order (both defined below)

AAM's objection is limited to the issue of whether the Financing Motion or Interim Financing Order limits or impairs any setoff rights of AAM under Section 553 of the Bankruptcy Code and other applicable non-bankruptcy law.

### BACKGROUND

1. On October 8, 2005 (the "Petition Date"), Debtors filed voluntary petitions for bankruptcy relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq.

(the "Bankruptcy Code"). Debtors continue to operate their businesses and manage their affairs as debtors in possession under 11 U.S.C. §§ 1107 and 1108.

2. On the Petition Date, the Debtors filed a Motion for Order Under 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and Fed. Bankr. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) to Utilize Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) ("Financing Motion") (docket number 42).

3. The Financing Motion does not request any relief as to any setoff or recoupment rights of AAM or any other creditor.

4. Attached to the Financing Motion was a proposed Interim Order Under 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and Fed. Bankr. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) to Utilize Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) (the "Proposed Interim Financing Order"). The Proposed Interim Financing Order contained no language addressing the setoff or recoupment rights of AAM or any other creditor.

5. AAM had no notice that additional language apparently was added to the Proposed Interim Financing Order relating to the setoff or recoupment rights of AAM prior to the initial hearing on the Financing Motion.

6. On October 12, 2005, this Court entered an Interim Order Under 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and Fed. Bankr. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) to Utilize Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) (the "Interim Financing Order") (docket number 164).

7. The Interim Financing Order contained a new ¶ 18 relating to setoff rights.

## OBJECTIONS

8. Under Section 553 of the Bankruptcy Code and applicable non-bankruptcy law, AAM is entitled to retain any prepetition setoff rights it may have with respect to debts owing between AAM and its affiliates and Debtors and their affiliates.

9. New ¶ 18 of the Interim Financing Order attempts to impair the setoff rights of AAM. AAM had no notice of the provisions of new ¶ 18 and the attempted priming, without notice or consent, is not allowed under § 364 of the Bankruptcy Code.

10. For the reasons contained in the objections of the dozens of other creditors that have objected to new ¶ 18, AAM objects to the ¶ 18 of the Interim Financing Order. AAM concurs in, joins, adopts and incorporates by reference the arguments contained in all other objections to ¶ 18.

11. In addition, AAM objects to the Financing Motion to the extent it now seeks a final order incorporating ¶ 18 or similar provisions.

12. Debtors did not provide AAM (nor, to AAM's knowledge any other adversely affected party) with proper notice of their intent to seek the priming provided in ¶ 18. Neither the Financing Motion, nor the Proposed Interim Financing Order, places any party on notice that their setoff rights would be primed by an order approving the Financing Motion. Neither pleading mentions third party setoff rights.

13. The foregoing is subject to AAM's reservation of its recoupment rights. That is, all or part of AAM's rights may best be described as recoupment rights (as opposed to setoff rights). To that extent, the contractual obligations of AAM and its affiliates to pay any amount to Debtors and their affiliates is limited to the net amount due, and cannot be affected by the proposed language regarding setoff rights in the Interim Financing Order.

### RELIEF REQUESTED

AAM requests that paragraph 18 be stricken nunc pro tunc from the Interim Financing Order and not be included in any final financing order.

Dated: October 26, 2005          BODMAN LLP

By:  /s/   Ralph E. McDowell
Robert J. Diehl, Jr. (P31264)
Ralph E. McDowell (P39235)
 (Pro Hac Vice Pending)
100 Renaissance Center, 34th Floor
Detroit, Michigan 48243
(313) 259-7777
rmcdowell@bodmanllp.com

Attorneys for American Axle & Manufacturing, Inc.