### Section 8.04    Not Responsible for Recitals or Issuance of Securities

The recitals contained herein and in the Trust Securities Certificates shall not be taken as the statements of the Trustees, and the Trustees do not assume any responsibility for their correctness. The Trustees shall not be accountable for the use or application by the Sponsor of the proceeds of the Notes.

### Section 8.05    May Hold Securities

Except as provided in the definition of the term "Outstanding" in Article 1, any Trustee or any other agent of any Trustee or the Trust, in its individual or any other capacity, may become the owner or pledgee of Trust Securities and, subject to Sections 8.08 and 8.12, may otherwise deal with the Trust with the same rights it would have if it were not a Trustee or such other agent.

### Section 8.06    Compensation; Indemnity; Fees

The Sponsor agrees:

(a) to pay the Trustees from time to time such compensation for all services rendered by them hereunder as the parties shall agree from time to time in writing (which compensation shall not be limited by any provision of law in regard to the compensation of a trustee of an express trust);

(b) except as otherwise expressly provided herein, to reimburse the Trustees upon request for all reasonable expenses, disbursements and advances incurred or made by the Trustees in accordance with any provision of this Declaration (including the reasonable compensation and the expenses and disbursements of its agents and counsel), except any such expense, disbursement or advance determined by a court of competent jurisdiction to have been caused by its own negligence or willful misconduct; and

(c) to the fullest extent permitted by applicable law, to fully indemnify and hold harmless (i) each Trustee, (ii) any Affiliate of any Trustee, (iii) any officer, director, shareholder, employee, representative or agent of any Trustee, and (iv) any employee or agent of the Trust or its Affiliates (referred to herein as an "Indemnified Person") from and against any and all loss, damage, liability, tax, penalty, expense (including legal fees and expenses) or claim of any kind or nature whatsoever incurred by such Indemnified Person by reason of the creation, administration, operation or termination of the Trust or any act or omission performed or omitted by such Indemnified Person in good faith on behalf of the Trust and in a manner such Indemnified Person reasonably believed to be within the scope of authority conferred on such Indemnified Person by this Declaration, including the costs and expenses of defending itself against any claim or liability in connection with the exercise or performance of any of its powers or duties hereunder, except that no Indemnified Person shall be entitled to be indemnified in respect of any loss, damage or claim determined by a court of competent jurisdiction to have been caused by such Indemnified Person's own negligence or willful misconduct with respect

44

to such acts or omissions (or, in the case of the Administrative Trustees and the Delaware Trustee, any such loss, damage or claim as may be attributable to its, his or her gross negligence or willful misconduct), and the Trustees' right to compensation, reimbursement for its costs an expenses and indemnification shall survive its resignation or removal and the termination of this Declaration.

No Trustee may claim any lien or charge on any Trust Property as a result of any amount due pursuant to this Section 8.06.

### Section 8.07    Property Trustee Required; Eligibility of Trustees

(a) There shall at all times be a Property Trustee hereunder with respect to the Trust Securities. The Property Trustee shall be a Person that is eligible pursuant to the Trust Indenture Act to act as such, shall not be an Affiliate of the Sponsor and shall have a combined capital and surplus of at least $50,000,000. If any such Person publishes reports of condition at least annually, pursuant to law or to the requirements of its supervising or examining authority, then for the purposes of this Section, the combined capital and surplus of such Person shall be deemed to be its combined capital and surplus as set forth in its most recent report of condition so published. If at any time the Property Trustee with respect to the Trust Securities shall cease to be eligible in accordance with the provisions of this Section, it shall resign immediately in the manner and with the effect hereinafter specified in this Article.

(b) There shall at all times be one or more Administrative Trustees hereunder with respect to the Trust Securities. Each Administrative Trustee shall be either a natural person who is at least 21 years of age or a legal entity that shall act through one or more persons authorized to bind that entity.

(c) There shall at all times be a Delaware Trustee with respect to the Trust Securities. The Delaware Trustee shall be either (i) a natural person who is at least 21 years of age and a resident of the State of Delaware or (ii) a legal entity with its principal place of business in the State of Delaware and that otherwise meets the requirements of applicable Delaware law that shall act through one or more persons authorized to bind such entity.

### Section 8.08    Conflicting Interests; Guarantee Described

(a) If the Property Trustee has or shall acquire a conflicting interest within the meaning of the Trust Indenture Act, the Property Trustee shall either eliminate such interest or resign, to the extent and in the manner provided by, and subject to the provisions of, the Trust Indenture Act and this Declaration.

(b) The Guarantee shall be deemed to be specifically described in this Declaration for purposes of clause (i) of the first provision contained in Section 310(b) of the Trust Indenture Act.

45

Section 8.09    <u>Resignation and Removal; Appointment of Successor</u>

(a) Subject to Sections 8.09(b) and 8.09(c), any Trustee (the "Relevant Trustee") may be appointed or removed without cause at any time:

(i)    until the issuance of any Trust Securities, by written instrument executed by the Sponsor; and

(ii)    after the issuance of any Securities, by vote of the Holders of a majority in Liquidation Amount of the Common Securities voting as a class.

(b) The Trustee that acts as Property Trustee shall not be removed in accordance with Section 8.09(a) until a successor possessing the qualifications to act as a Property Trustee under Section 8.07 (a "Successor Property Trustee") has been appointed and has accepted such appointment by instrument executed by such Successor Property Trustee and delivered to the Trust, the Sponsor and the removed Property Trustee.

(c) The Trustee that acts as Delaware Trustee shall not be removed in accordance with Section 8.09(a) until a successor possessing the qualifications to act as Delaware Trustee under Section 8.07 (a "Successor Delaware Trustee") has been appointed and has accepted such appointment by instrument executed by such Successor Delaware Trustee and delivered to the Trust, the Sponsor and the removed Delaware Trustee.

(d) A Trustee appointed to office shall hold office until his, her or its successor shall have been appointed or until his, her or its death, removal, resignation, dissolution or liquidation.    Any Trustee may resign from office (without need for prior or subsequent accounting) by an instrument in writing signed by the Trustee and delivered to the Sponsor and the Trust, which resignation shall take effect upon such delivery or upon such later date as is specified therein; provided, however, that:

(i)    No such resignation of the Trustee that acts as the Property Trustee shall be effective:

(A) until a Successor Property Trustee has been appointed and has accepted such appointment by instrument executed by such Successor Property Trustee and delivered to the Trust, the Sponsor and the resigning Property Trustee; or

(B) until the assets of the Trust have been completely liquidated and the proceeds thereof distributed to the Holders of the Trust Securities; and

(ii)    no such resignation of the Trustee that acts as the Delaware Trustee shall be effective until a Successor Delaware Trustee has been appointed and has accepted such appointment by instrument executed by such Successor Delaware Trustee and delivered to the Trust, the Sponsor and the resigning Delaware Trustee.

46

(e) The Holders of the Common Securities shall use their best efforts promptly to appoint a Successor Property Trustee or Successor Delaware Trustee, as the case may be, if the Property Trustee or the Delaware Trustee delivers an instrument of resignation in accordance with Section 8.09(d).

(f) If no Successor Property Trustee or Successor Delaware Trustee shall have been appointed and accepted appointment as provided in this Section 8.09 within 60 days after delivery pursuant to this Section 8.09 of an instrument of resignation or removal, the Property Trustee or Delaware Trustee resigning or being removed, as applicable, may petition, at the expense of the Sponsor, any court of competent jurisdiction for appointment of a Successor Property Trustee or Successor Delaware Trustee. Such court may thereupon, after prescribing such notice, if any, as it may deem proper, appoint a Successor Property Trustee or Successor Delaware Trustee, as the case may be.

(g) No Property Trustee or Delaware Trustee shall be liable for the acts or omissions to act of any Successor Property Trustee or Successor Delaware Trustee, as the case may be.

(h) The Property Trustee shall give notice of each resignation and each removal of a Trustee and each appointment of a Successor Trustee to all Securityholders in the manner provided in Section 10.08 and shall give notice to the Sponsor. Each notice shall include the name of the Successor Trustee and the address of its Corporate Trust Office if it is the Successor Property Trustee.

(i) Notwithstanding the foregoing or any other provision of this Declaration, in the event any Administrative Trustee or a Delaware Trustee who is a natural person dies or becomes, solely in the opinion of the Sponsor, incompetent or incapacitated, the vacancy created by such death, incompetence or incapacity may be filled by (i) the unanimous act of the remaining Administrative Trustees if there are at least two of them or (ii) otherwise by the Sponsor (with the successor in each case being a Person who satisfies the eligibility requirement for Administrative Trustees or the Delaware Trustee, as the case may be, set forth in Section 8.07).

(j) The indemnity provided to a Trustee under Section 8.06 shall survive any Trustee's resignation or removal and the termination of this Declaration.

Section 8.10    Acceptance of Appointment by Successor

(a) In case of the appointment hereunder of a Successor Trustee, such Successor Trustee so appointed shall execute, acknowledge and deliver to the Trust and to the retiring Trustee an instrument accepting such appointment, and thereupon the resignation or removal of the retiring Trustee shall become effective and such successor Trustee, without any further act, deed or conveyance, shall become vested with all the rights, powers, trusts and duties of the retiring Trustee; but, on the request of the Sponsor or the Successor Trustee, such retiring Trustee shall, upon payment of its charges, execute and deliver an instrument transferring to such Successor Trustee all the rights, powers and trusts of the retiring Trustee and if the Property

47

Trustee is the resigning Trustee shall duly assign, transfer and deliver to the Successor Trustee all property and money held by such retiring Property Trustee hereunder.

(b) In case of the appointment hereunder of a Successor Trustee, the retiring Relevant Trustee and each Successor Trustee shall execute and deliver an amendment hereto wherein each Successor Trustee shall accept such appointment and which shall contain such provisions as shall be necessary or desirable to transfer and confirm to, and to vest in, each Successor Trustee all the rights, powers, trusts and duties of the retiring Relevant Trustee and upon the execution and delivery of such amendment the resignation or removal of the retiring Relevant Trustee shall become effective to the extent provided therein and each such Successor Trustee, without any further act, deed or conveyance, shall become vested with all the rights, powers, trusts and duties of the retiring Relevant Trustee; but, on request of the Trust or any Successor Trustee, such retiring Relevant Trustee shall duly assign, transfer and deliver to such Successor Trustee all Trust Property, all proceeds thereof and money held by such retiring Relevant Trustee hereunder.

(c) Upon request of any such Successor Trustee, the Trust shall execute any and all instruments for more fully and certainly vesting in and confirming to such Successor Trustee all such rights, powers and trusts referred to in Sections 8.10(a) or 8.10(b), as the case may be.

(d) No Successor Trustee shall accept its appointment unless at the time of such acceptance such Successor Trustee shall be qualified and eligible under this Article.

Section 8.11    Merger, Conversion, Consolidation or Succession to Business

Any Person into which the Property Trustee, the Delaware Trustee or any Administrative Trustee that is not a natural person may be merged or converted or with which it may be consolidated, or any Person resulting from any merger, conversion or consolidation to which such Relevant Trustee shall be a party, or any Person succeeding to all or substantially all the corporate trust business of such Relevant Trustee, shall be the successor of such Relevant Trustee hereunder, provided such Person shall be otherwise qualified and eligible under this Article, without the execution or filing of any paper or any further act on the part of any of the parties hereto.

Section 8.12    Preferential Collection of Claims Against Sponsor or Trust

If and when the Property Trustee shall be or become a creditor of the Sponsor or the Trust (or any other obligor upon the Notes or the Trust Securities), the Property Trustee shall be subject to and shall take all actions necessary in order to comply with the provisions of the Trust Indenture Act regarding the collection of claims against the Sponsor or Trust (or any such other obligor).

Section 8.13    Reports by Property Trustee

(a) To the extent required by the Trust Indenture Act, within 60 days after May 15 of each year commencing with May 15, 2004, the Property Trustee shall transmit to all

48

Securityholders in accordance with Section 10.08 and to the Sponsor, a brief report dated as of such May 15 with respect to:

(i)    its eligibility under Section 8.07 or, in lieu thereof, if to the best of its knowledge it has continued to be eligible under said Section, a written statement to such effect;

(ii)    a statement that the Property Trustee has complied with all of its obligations under this Declaration during the twelve-month period (or, in the case of the initial report, the period since the Closing Date) ending with such May 15 or, if the Property Trustee has not complied in any material respects with such obligations, a description of such noncompliance; and

(iii)    any change in the property and funds in its possession as Property Trustee since the date of its last report and any action taken by the Property Trustee in the performance of its duties hereunder which it has not previously reported and which in its opinion materially affects the Trust Securities.

(b) In addition, the Property Trustee shall transmit to Securityholders such reports concerning the Property Trustee and its actions under this Declaration as may be required pursuant to the Trust Indenture Act at the times and in the manner provided pursuant thereto.

(c) A copy of such report shall, at the time of such transmissions to Holders, be filed by the Property Trustee with each national securities exchange or self-regulatory organization upon which the Trust Securities are listed, with the Commission and with the Sponsor.

Section 8.14    Reports to the Property Trustee

The Sponsor and the Administrative Trustees on behalf of the Trust shall provide to the Property Trustee such documents, reports and information as required by Section 314 of the Trust Indenture Act (if any) and the compliance certificate required by Section 314(a) of the Trust Indenture Act in the form, in the manner and at the times required by Section 314 of the Trust Indenture Act. Delivery of such reports, information and documents to the Property Trustee is for informational purposes only and the Property Trustee's receipt of such shall not constitute constructive notice of any information contained therein or determinable from information contained therein, including the Sponsor's compliance with any of its covenants hereunder (as to which the Property Trustee is entitled to rely exclusively on Officers' Certificates).

Section 8.15    Evidence of Compliance with Conditions Precedent

Each of the Sponsor and the Administrative Trustees on behalf of the Trust shall provide to the Property Trustee such evidence of compliance with any conditions precedent, if any, provided for in this Declaration that relate to any of the matters set forth in Section 314(e) of the Trust Indenture Act. Any certificate or opinion required to be given by an officer pursuant

49

to Section 314(c)(1) of the Trust Indenture Act shall be given in the form of an Officers' Certificate.

Section 8.16    Number of Trustees

(a) The number of Trustees shall be four, provided that the Holder of all of the Common Securities by written instrument may increase or decrease the number of Administrative Trustees. The Property Trustee and the Delaware Trustee may be the same Person.

(b) If a Trustee ceases to hold office for any reason and the number of Administrative Trustees is not reduced pursuant to Section 8.16(a), or if the number of Trustees is increased pursuant to Section 8.16(a), a vacancy shall occur. The vacancy shall be filled by a Successor Trustee appointed in accordance with Section 8.09.

(c) The death, resignation, retirement, removal, bankruptcy, incompetence or incapacity to perform the duties of a Trustee shall not operate to annul the Trust.

Section 8.17    Delegation of Power

(a) Any Administrative Trustee may, by power of attorney consistent with applicable law, delegate to any other natural person over the age of 21 his or her power for the purpose of executing any documents contemplated in Section 2.07(a), including any registration statement or amendment thereof filed with the Commission, or making any other governmental filing.

(b) The Administrative Trustees shall have power to delegate from time to time to such of their number or to the Sponsor the doing of such things and the execution of such instruments either in the name of the Trust or the names of the Administrative Trustees or otherwise as the Administrative Trustees may deem expedient, to the extent such delegation is not prohibited by applicable law or contrary to the provisions of the Trust, as set forth herein.

Section 8.18    Appointment of Administrative Trustees

(a) The Administrative Trustees shall initially be J.T. Battenberg III, an individual, and Alan S. Dawes, an individual, and their successors shall be appointed by the Holders of a majority in Liquidation Amount of the Common Securities. Any Administrative Trustee may resign or be removed by the Holders of a majority in Liquidation Amount of the Common Securities at any time. Upon any resignation or removal, the Sponsor shall appoint a successor Administrative Trustee. If at any time there is no Administrative Trustee, the Property Trustee or any Holder who has been a Holder of Trust Securities for at least six months may petition any court of competent jurisdiction for the appointment of one or more Administrative Trustees.

(b) Whenever a vacancy in the number of Administrative Trustees shall occur, until such vacancy is filled by the appointment of an Administrative Trustee in accordance with this Section 8.18 or Section 8.09, the Administrative Trustees in office, regardless of their

50

number (and not withstanding any other provision of this Agreement), shall have all the powers granted to the Administrative Trustees and shall discharge all the duties imposed upon the Administrative Trustees by this Declaration.

(c) Notwithstanding the foregoing or any other provision of this Declaration, if any Administrative Trustee who is a natural person dies or becomes, in the opinion of the Holders of a majority in Liquidation Amount of the Common Securities, incompetent or incapacitated, the vacancy created by such death, incompetence or incapacity may be filled by the unanimous act of the remaining Administrative Trustees, if there were at least two of them prior to such vacancy, and by the Sponsor, if there were not two such Administrative Trustees immediately prior to such vacancy (with the successor being a Person who satisfies the eligibility requirement for Administrative Trustees set forth in Section 8.07).

Section 8.19    Administrative Trustee Meetings

Meetings of the Administrative Trustees shall be held from time to time upon the call of any Administrative Trustee. Regular meetings of the Administrative Trustees may be held at a time and place fixed by resolution of the Administrative Trustees. Notice of any in-person meetings of the Administrative Trustees shall be hand delivered or otherwise delivered in writing (including by facsimile, with a hard copy by overnight courier) not less than 48 hours before such meeting. Notice of any telephonic meetings of the Administrative Trustees or any committee thereof shall be hand delivered or otherwise delivered in writing (including by facsimile, with a hard copy by overnight courier) not less than 24 hours before a meeting. Notices shall contain a brief statement of the time, place and anticipated purposes of the meeting. The presence (whether in person or by telephone) of a Administrative Trustee at a meeting shall constitute a waiver of notice of such meeting except where a Administrative Trustee attends a meeting for the express purpose of objecting to the transaction of any activity on the ground that the meeting has not been lawfully called or convened. Unless provided otherwise in this Declaration, any action of the Administrative Trustees may be taken at a meeting by vote of a majority of the Administrative Trustees present (whether in person or by telephone) and eligible to vote with respect to such matter, provided that a quorum is present, or without a meeting by the unanimous written consent of the Administrative Trustees or may be taken without a meeting and without prior notice if a consent in writing setting forth the action so taken is signed by Administrative Trustees having not less than the minimum number of votes that would be necessary to authorize or take that action at a meeting at which all Administrative Trustees entitled to vote on that action were present and voted. A majority of the Administrative Trustees or, if there are only one or two Administrative Trustees, all of the Administrative Trustees shall constitute a quorum. In the event there is only one Administrative Trustee, any and all action of such Administrative Trustee shall be evidenced by a written consent of such Administrative Trustee.

Section 8.20    Outside Businesses

Any Covered Person, the Sponsor, the Delaware Trustee and the Property Trustee may engage in or possess an interest in other business ventures of any nature or description, independently or with others, similar or dissimilar to the business of the Trust, and the Trust and

51

the Holders of Trust Securities shall have no rights by virtue of this Declaration in and to such independent ventures or the income or profits derived therefrom and the pursuit of any such venture, even if competitive with the business of the Trust, shall not be deemed wrongful or improper. No Covered Person, the Sponsor, the Delaware Trustee, or the Property Trustee shall be obligated to present any particular investment or other opportunity to the Trust even if such opportunity is of a character that, if presented to the Trust, could be taken by the Trust, and any Covered Person, the Sponsor, the Delaware Trustee and the Property Trustee shall have the right to take for its own account (individually or as a partner or fiduciary) or to recommend to others any such particular investment or other opportunity. Any Covered Person, the Delaware Trustee and the Property Trustee may engage or be interested in any financial or other transaction with the Sponsor or any Affiliate of the Sponsor, or may act as a depositary for trustee or agent for, or act on any committee or body of holders of, securities or other obligations of the Sponsor or its Affiliates.

## ARTICLE IX

## TERMINATION, LIQUIDATION AND MERGER

### Section 9.01   Dissolution upon Expiration Date

Unless earlier dissolved, the Trust shall automatically dissolve on October 15, 2033 (the "Expiration Date").

### Section 9.02   Early Termination

The Trust shall dissolve upon the first to occur of any of the following events (each an "Early Termination Event"):

(a) the occurrence of a Bankruptcy Event in respect of, or the dissolution or liquidation of, the Sponsor;

(b) receipt by the Property Trustee of written notice from the Sponsor at any time (which notice is optional and wholly within the discretion of the Sponsor) of its intention to dissolve the Trust and distribute the Notes in exchange for the Trust Securities;

(c) the redemption of all of the Trust Securities; and

(d) an order for dissolution of the Trust shall have been entered by a court of competent jurisdiction.

### Section 9.03   Termination

The respective obligations and responsibilities of the Trustees and the Trust continued hereby shall terminate upon the latest to occur of the following:

(a) the distribution by the Property Trustee to Securityholders upon the liquidation of the Trust pursuant to Section 9.04, or upon the redemption of all of the

52

Trust Securities pursuant to Section 4.02, of all amounts required to be distributed hereunder upon the final payment of the Trust Securities;

(b) the payment of all expenses owed by the Trust;

(c) the discharge of all administrative duties of the Administrative Trustees, including the performance of any tax reporting obligations with respect to the Trust or the Securityholders; and

(d) the filing of a certificate of cancellation canceling the Trust's certificate of trust with the Secretary of State of the State of Delaware.

Section 9.04    Liquidation

(a) If an Early Termination Event specified in clause (a), (b) or (d) of Section 9.02 occurs or upon the Expiration Date, the Trust shall be liquidated by the Trustees as expeditiously as the Trustees determine to be possible by distributing, after satisfaction of liabilities to creditors of the Trust as provided by applicable law, to each applicable Securityholder an aggregate principal amount of Notes equal to the aggregate Liquidation Amount of Trust Securities held by such Holder, subject to Section 9.04(d). Notice of liquidation shall be given by the Property Trustee by first-class mail, postage prepaid, mailed not later than 30 nor more than 60 days prior to the Liquidation Date to each Holder of Trust Securities at such Holder's address as it appears in the Security Register or the most recent list provided to the Property Trustee. All notices of liquidation shall:

(i)    state the Liquidation Date;

(ii)    state that, from and after the Liquidation Date, the Trust Securities will no longer be deemed to be Outstanding and any Trust Securities Certificates not surrendered for exchange will be deemed to represent a Like Amount of Notes; and

(iii)    provide such information with respect to the mechanics by which Holders may exchange Trust Securities Certificates for Notes, or, if Section 9.04(d) applies, receive a Liquidation Distribution, as the Administrative Trustees or the Property Trustee shall deem appropriate.

(b) Except where Section 9.02(c) or 9.04(d) applies, in order to effect the liquidation of the Trust and distribution of the Notes to Securityholders, the Property Trustee shall establish a record date for such distribution (which shall be not more than 45 days prior to the Liquidation Date) and, either itself acting as exchange agent or through the appointment of a separate exchange agent, shall establish such procedures as it shall deem appropriate to effect the distribution of Notes in exchange for the Outstanding Trust Securities.

(c) Except where Section 9.02(c) or 9.04(d) applies, after the Liquidation Date, (i) the Trust Securities will no longer be deemed to be Outstanding, (ii) the Clearing Agency or its nominee, as the record Holder of such Preferred Securities, will receive a registered global certificate or certificates representing the Notes to be delivered upon such distribution, (iii) any

53

⋮

Preferred Securities Certificates not held by the Clearing Agency will be deemed to represent a Like Amount of Notes, and bearing accrued and unpaid interest in an amount equal to the accrued and unpaid Distributions on such Preferred Securities until such Preferred Securities Certificates are presented to the Security Registrar for transfer or reissuance, (iv) certificates representing a Like Amount of Notes will be issued to the Sponsor upon surrender of all Common Securities Certificates to the Security Registrar for exchange, and (v) all rights of Securityholders holding Trust Securities will cease, except the right of such Securityholders to receive Notes upon surrender of Trust Securities Certificates.

(d) If, notwithstanding the other provisions of this Section 9.04, whether because of an order for dissolution entered by a court of competent jurisdiction or otherwise, distribution of the Notes in the manner provided herein is determined by the Property Trustee not to be practicable, the Trust Property shall be liquidated, and the Trust shall be dissolved, wound-up or terminated, by the Property Trustee in such manner as the Property Trustee determines. In such event, on the date of the dissolution, winding up or other termination of the Trust, Securityholders will be entitled to receive out of the assets of the Trust available for distribution to Securityholders, after satisfaction of liabilities to creditors of the Trust as provided by applicable law, an amount equal to the Liquidation Amount per Trust Security plus accrued and unpaid Distributions thereon to the date of payment (such amount being the "Liquidation Distribution"). If, upon any such dissolution, winding-up or termination, the Liquidation Distribution can be paid only in part because the Trust has insufficient assets available to pay in full the aggregate Liquidation Distribution, then, subject to the next succeeding sentence, the amounts payable by the Trust on the Trust Securities shall be paid on a pro rata basis (based upon Liquidation Amounts). The Holder of the Common Securities will be entitled to receive Liquidation Distributions upon any such dissolution, winding-up or termination pro rata (determined as aforesaid) with Holders of Preferred Securities, except that, if a Note Event of Default has occurred and is continuing, the Preferred Securities shall have a priority over the Common Securities.

Section 9.05    Mergers, Consolidations, Amalgamations or Replacements of the Trust

The Trust may not merge with or into, consolidate, amalgamate, or be replaced by, or convey, transfer or lease its properties and assets substantially as an entirety to any corporation or other Person, except pursuant to this Section 9.05. At the request of the Sponsor, with the consent of the Administrative Trustees and without the consent of the Property Trustee, the Delaware Trustee or the Holders of the Preferred Securities, the Trust may merge with or into, consolidate, amalgamate, be replaced by or convey, transfer or lease its properties and assets substantially as an entirety to a trust organized as such under the laws of any state; provided, that (i) such successor entity either (a) expressly assumes all of the obligations of the Trust with respect to the Trust Securities or (b) substitutes for the Preferred Securities other securities having substantially the same terms as the Preferred Securities (the "Successor Securities") so long as the Successor Securities rank the same as the Preferred Securities in priority with respect to Distributions and payments upon liquidation, redemption and otherwise, (ii) the Sponsor expressly appoints a trustee of such successor entity, possessing the same powers and duties as the Property Trustee, as the holder of the Notes, (iii) the Preferred Securities (or

54

any Successor Securities) are listed, or any Successor Securities will be listed upon notice of issuance, on any national securities exchange or other organization on which the Preferred Securities are then listed or quoted, (iv) such merger, consolidation, amalgamation, replacement, conveyance, transfer or lease does not cause the Preferred Securities (including any Successor Securities) to be downgraded, placed under surveillance or review or withdrawn by any nationally recognized statistical rating organization, (v) such merger, consolidation, amalgamation, replacement, conveyance, transfer or lease does not adversely affect the rights, preferences and privileges of the Holders of the Preferred Securities (including any Successor Securities) in any material respect, (vi) such successor entity has a purpose identical to that of the Trust, (vii) prior to such merger, consolidation, amalgamation, replacement, conveyance, transfer or lease the Sponsor and the Administrative Trustees have received an Opinion of Counsel to the effect that (a) such merger, consolidation, amalgamation, replacement, conveyance, transfer or lease does not adversely affect the rights, preferences and privileges of the Holders of the Preferred Securities (including any Successor Securities) in any material respect (other than with respect to any dilution of the Holder's interest in the new entity) and (b) following such merger, consolidation, amalgamation, replacement, conveyance, transfer or lease neither the Trust nor such successor entity will be required to register as an "investment company" under the 1940 Act and (viii) the Sponsor or any permitted successor or assignee owns all of the Common Securities of such successor entity and guarantees the obligations of such successor entity under the Successor Securities at least to the extent provided by the Guarantee. Notwithstanding the foregoing, the Trust shall not, except with the consent of Holders of 100% in aggregate Liquidation Amount of the Preferred Securities, consolidate, amalgamate, merge with or into, be replaced by or convey, transfer or lease its properties and assets substantially as an entirety to any other entity or permit any other entity to consolidate, amalgamate, merge with or into, or replace it if such consolidation, amalgamation, merger, replacement, conveyance, transfer or lease would cause the Trust or the successor entity to be classified as other than a grantor trust for United States federal income tax purposes.

## ARTICLE X

## MISCELLANEOUS PROVISIONS

Section 10.01    Limitation of Rights of Securityholders

The death or incapacity of any person having an interest, beneficial or otherwise, in Trust Securities shall not operate to terminate this Declaration, nor entitle the legal representatives or heirs of such person or any Securityholder for such person to claim an accounting, take any action or bring any proceeding in any court for a partition or winding-up of the arrangements contemplated hereby, nor otherwise affect the rights, obligations and liabilities of the parties hereto or any of them.

Section 10.02    Amendment

(a) This Declaration may be amended from time to time by the Trustees and the Sponsor, without the consent of any Securityholders, (i) to cure any ambiguity, correct or supplement any provision herein that may be inconsistent with any other provision herein, or to

55

make any other provisions with respect to matters or questions arising under this Declaration, which shall not be inconsistent with the other provisions of this Declaration, (ii) to modify, eliminate or add to any provisions of this Declaration to such extent as shall be necessary to ensure that the Trust will be classified for United States federal income tax purposes as a grantor trust at all times that any Trust Securities are Outstanding or to ensure that the Trust will not be required to register as an "investment company" under the 1940 Act or (iii) to maintain the qualification of this Declaration under the Trust Indenture Act; provided, however, that in the case of clause (i), such action shall not adversely affect in any material respect the interests of any Securityholder, and, in the case of any of the foregoing, any amendments of this Declaration shall become effective when notice thereof is given to the Securityholders.

(b) Except as provided in Section 10.02(c) hereof, any provision of this Declaration may be amended by the Trustees and the Sponsor with (i) the consent of Holders representing not less than a majority (based upon Liquidation Amounts) of the Trust Securities then Outstanding, acting as a single class, and (ii) receipt by the Trustees of an Opinion of Counsel to the effect that such amendment or the exercise of any power granted to the Trustees in accordance with such amendment will not affect the Trust's status as a grantor trust for United States federal income tax purposes or the Trust's exemption from the status of an "investment company" under the 1940 Act, provided, however, if any amendment or proposal that would adversely affect only the Preferred Securities or only the Common Securities, then only the affected class will be entitled to vote on such amendment or proposal and such amendment or proposal shall not be effective except with the approval of a majority in Liquidation Amount of such class of Trust Securities.

(c) In addition to and notwithstanding any other provision in this Declaration, without the consent of each affected Securityholder (such consent being obtained in accordance with Section 6.03 or 6.06 hereof), this Declaration may not be amended to (i) change the amount or timing of any Distribution on the Trust Securities or otherwise adversely affect the amount of any Distribution required to be made in respect of the Trust Securities as of a specified date, (ii) restrict the right of a Securityholder to institute suit for the enforcement of any such payment on or after such date or (iii) reduce the percentage (in Liquidation Amount) of Holders of Trust Preferred Securities required to consent to an amendment under this Section 10.02 or a waiver of a default. Notwithstanding any other provision herein, without the unanimous consent of the Securityholders (such consent being obtained in accordance with Section 6.03 or 6.06 hereof), this paragraph (c) of this Section 10.02 may not be amended.

(d) Notwithstanding any other provisions of this Declaration, no Trustee shall enter into or consent to any amendment to this Declaration which would cause the Trust to fail or cease to qualify for the exemption from the status of an "investment company" under the 1940 Act or be classified as other than a grantor trust for United States federal income tax purposes.

(e) Notwithstanding anything in this Declaration to the contrary, without the consent of the Sponsor, this Declaration may not be amended in a manner which imposes any additional obligation on the Sponsor.

56

(f) If any amendment to this Declaration is made, the Administrative Trustees shall promptly provide to the Sponsor a copy of such amendment.

(g) Neither the Property Trustee nor the Delaware Trustee shall be required to enter into any amendment to this Declaration which affects its own rights, duties or immunities under this Declaration. The Property Trustee shall be provided with an Opinion of Counsel and an Officers' Certificate stating that any amendment to this Declaration is in compliance with this Declaration and does not violate Section 10.02(d) hereof.

Section 10.03    Separability

In case any provision in this Declaration or in the Trust Securities Certificates shall be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

Section 10.04    Governing Law

THIS DECLARATION AND THE RIGHTS OF THE PARTIES HEREUNDER SHALL BE GOVERNED BY AND INTERPRETED IN ACCORDANCE WITH THE LAWS OF THE STATE OF DELAWARE AND ALL RIGHTS AND REMEDIES SHALL BE GOVERNED BY SUCH LAWS WITHOUT REGARD TO THE PRINCIPLES OF CONFLICT OF LAWS OF THE STATE OF DELAWARE OR ANY OTHER JURISDICTION THAT WOULD CALL FOR THE APPLICATION OF THE LAW OF ANY JURISDICTION OTHER THAN THE STATE OF DELAWARE; PROVIDED, HOWEVER, THAT THERE SHALL NOT BE APPLICABLE TO THE PARTIES HEREUNDER OR THIS DECLARATION ANY PROVISION OF THE LAWS (STATUTORY OR COMMON) OF THE STATE OF DELAWARE PERTAINING TO TRUSTS THAT RELATE TO OR REGULATE, IN A MANNER INCONSISTENT WITH THE TERMS HEREOF (A) THE FILING WITH ANY COURT OR GOVERNMENTAL BODY OR AGENCY OF TRUSTEE ACCOUNTS OR SCHEDULES OF TRUSTEE FEES AND CHARGES, (B) AFFIRMATIVE REQUIREMENTS TO POST BONDS FOR TRUSTEES, OFFICERS, AGENTS OR EMPLOYEES OF A TRUST, (C) THE NECESSITY FOR OBTAINING COURT OR OTHER GOVERNMENTAL APPROVAL CONCERNING THE ACQUISITION, HOLDING OR DISPOSITION OF REAL OR PERSONAL PROPERTY, (D) FEES OR OTHER SUMS PAYABLE TO TRUSTEES, OFFICERS, AGENTS OR EMPLOYEES OF A TRUST, (E) THE ALLOCATION OF RECEIPTS AND EXPENDITURES TO INCOME OR PRINCIPAL, (F) RESTRICTIONS OR LIMITATIONS ON THE PERMISSIBLE NATURE, AMOUNT OR CONCENTRATION OF TRUST INVESTMENTS OR REQUIREMENTS RELATING TO THE TITLING, STORAGE OR OTHER MANNER OF HOLDING OR INVESTING TRUST ASSETS OR (G) THE ESTABLISHMENT OF FIDUCIARY OR OTHER STANDARDS OF RESPONSIBILITY OR LIMITATIONS ON THE ACTS OR POWERS OF TRUSTEES THAT ARE INCONSISTENT WITH THE LIMITATIONS OR LIABILITIES OR AUTHORITIES AND POWERS OF THE TRUSTEES HEREUNDER AS SET FORTH OR REFERENCED IN THIS DECLARATION. SECTIONS 3540 AND 3561 OF TITLE 12 OF THE DELAWARE CODE SHALL NOT APPLY TO THE TRUST.

57

## Section 10.05 Payments Due on Non-Business Day

If the date fixed for any payment on any Trust Security shall be a day which is not a Business Day, then such payment need not be made on such date but may be made on the next succeeding day which is a Business Day, with the same force and effect as though made on the date fixed for such payment, and no interest shall accrue thereon for the period after such date.

## Section 10.06 Successors

This Declaration shall be binding upon and shall inure to the benefit of any successor to the Sponsor, the Trust or the Relevant Trustee, including any successor by operation of law. Except in connection with a consolidation, merger or sale involving the Sponsor that is permitted under Article 8 of the Indenture and pursuant to which the assignee agrees in writing to perform the Sponsor's obligations hereunder, the Sponsor shall not assign its obligations hereunder.

## Section 10.07 Headings

The Article and Section headings are for convenience only and shall not affect the construction of this Declaration.

## Section 10.08 Reports, Notices and Demands

(a) Any report, notice, demand or other communications which by any provision of this Declaration is required or permitted to be given or served to or upon any Holder of Preferred Securities or the Sponsor may be given or served in writing by deposit thereof, first-class postage prepaid, in the United States mail, hand delivery or facsimile transmission, in each case, addressed, (a) in the case of a Holder of Preferred Securities, to such Holder as such Holder's name and address may appear on the Security Register; and (b) in the case of the Sponsor, to Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098; Attention: Secretary. Any notice to Preferred Securityholders shall also be given to such Owners as have, within two years preceding the giving of such notice, filed their names and addresses with the Property Trustee for that purpose. Such notice, demand or other communication to or upon a Securityholder shall be deemed to have been sufficiently given, or made, for all purposes, upon hand delivery, mailing or transmission.

(b) Any notice, demand or other communication which by any provision of this Declaration is required or permitted to be given or served to or upon the Trust, the Property Trustee, the Delaware Trustee or the Administrative Trustees shall be given in writing (which may be by facsimile transmission) addressed (until another address is published by the Trust) as follows: (a) with respect to the Property Trustee, to Bank One Trust Company, N.A., 1111 Polaris Parkway, Mail Suite OH1-0181, Columbus, Ohio 43240-0181, Attention: Global Corporate Trust Services, (b) with respect to the Delaware Trustee, to Bank One Delaware, Inc., Three Christina Centre, 201 Walnut Street, Wilmington, Delaware 19801, Attention: Global Corporate Trust Services, with a copy of any such notice to the Property Trustee at its address above, and (c) with respect to the Administrative Trustees, to them at the address for notices to

58

the Sponsor, marked "Attention: Secretary." Such notice, demand or other communication to or upon the Trust or the Property Trustee shall be deemed to have been sufficiently given or made only upon actual receipt of the writing by the Trust or the Property Trustee.

Section 10.09  Trust Indenture Act; Conflict with Trust Indenture Act

(a) This Declaration is subject to the provisions of the Trust Indenture Act that are required or deemed to be part of this Declaration and shall, to the extent applicable, be governed by such provisions.

(b) The Property Trustee shall be the only Trustee which is a trustee for the purposes of the Trust Indenture Act.

(c) If any provision hereof limits, qualifies or conflicts with another provision hereof which is required or deemed to be included in this Declaration by any of the provisions of the Trust Indenture Act, such required or deemed provision shall control. If any provision of this Declaration modifies or excludes any provision of the Trust Indenture Act which may be so modified or excluded, the latter provision shall be deemed to apply to this Declaration as so modified or to be excluded, as the case may be.

(d) The application of the Trust Indenture Act to this Declaration shall not affect the nature of the Trust Securities as equity securities representing undivided beneficial interests in the assets of the Trust.

Section 10.10  Acceptance of Terms of Declaration, Guarantee and Indenture

THE RECEIPT AND ACCEPTANCE OF A TRUST SECURITY OR ANY INTEREST THEREIN BY OR ON BEHALF OF A SECURITYHOLDER OR BENEFICIAL OWNER, WITHOUT ANY SIGNATURE OR FURTHER MANIFESTATION OF ASSENT, SHALL CONSTITUTE THE UNCONDITIONAL ACCEPTANCE BY THE SECURITYHOLDER AND ALL OTHERS HAVING A BENEFICIAL INTEREST IN SUCH TRUST SECURITY OF ALL THE TERMS AND PROVISIONS OF THIS DECLARATION AND THE PROVISIONS AND OTHER TERMS OF THE GUARANTEE AND THE INDENTURE, AND SHALL CONSTITUTE THE AGREEMENT OF THE TRUST, SUCH SECURITYHOLDER AND SUCH OTHERS THAT THE TERMS AND PROVISIONS OF THIS DECLARATION SHALL BE BINDING, OPERATIVE AND EFFECTIVE AS TO THE TRUST AND SUCH SECURITYHOLDER AND SUCH OTHERS.

Section 10.11  Counterparts

This Declaration may contain more than one counterpart of the signature page and this Declaration may be executed by the affixing of the signature of each of the Trustees to one of such counterpart signature pages. All of such counterpart signature pages shall be read as though one, and they shall have the same force and effect as though all of the signers had signed a single signature page.

IN WITNESS WHEREOF, the parties hereto have caused this Declaration to be duly executed as of the day and year first above written.

DELPHI CORPORATION,
as Sponsor

By: _____
    Name: _____
    Title: _____

BANK ONE TRUST COMPANY, N.A.,
as Property Trustee

By: _____
    Name: _____
    Title: _____

BANK ONE DELAWARE, INC., as Delaware
Trustee

By: _____
    Name: _____
    Title: _____

_____
J.T. Battenberg III, as Administrative Trustee

_____
Alan S. Dawes, as Administrative Trustee

IN WITNESS WHEREOF, the parties hereto have caused this Declaration to be duly executed as of the day and year first above written.

DELPHI CORPORATION,
as Sponsor

By: _____
    Name: _____
    Title: _____

BANK ONE TRUST COMPANY, N.A.,
as Property Trustee

By: _____Marla S. Roth_____
    Name: _____Marla S. Roth_____
    Title: _____VICE PRESIDENT_____

BANK ONE DELAWARE, INC., as Delaware
Trustee

By: _____Marla S. Roth_____
    Name: _____Marla S. Roth_____
    Title: _____VICE PRESIDENT_____

_____
J.T. Battenberg III, as Administrative Trustee

_____
Alan S. Dawes, as Administrative Trustee

## EXHIBIT A

### FORM OF COMMON SECURITIES CERTIFICATE

**THIS CERTIFICATE IS NOT TRANSFERABLE EXCEPT AS PROVIDED UNDER APPLICABLE LAW AND THE AMENDED AND RESTATED DECLARATION OF TRUST**

Certificate Number                    Number of Common Securities
_____                    _____

### Certificate Evidencing Common Securities
### of
### Delphi Trust I
### Common Securities
### (liquidation amount $25 per Common Security)

   Delphi Trust I, a statutory trust formed under the laws of the State of Delaware (the "Trust"), hereby certifies that Delphi Corporation (the "Holder") is the registered owner of _____ common securities of the Trust representing undivided beneficial interests in the assets of the Trust (the "Common Securities"). In accordance with Section 5.10 of the Declaration (as defined below), to the fullest extent permitted by law, the Common Securities are not transferable and any attempted transfer hereof shall be void, other than a transfer to certain successors that are permitted by the Indenture to succeed to the Holder's ownership of the Common Securities. The designations, rights, privileges, restrictions, preferences and other terms and provisions of the Common Securities are set forth in, and this certificate and the Common Securities represented hereby are issued and shall in all respects be subject to the terms and provisions of, the Amended and Restated Declaration of Trust of the Trust dated as of October 28, 2003, as the same may be amended from time to time (the "Declaration"), including the designation of the terms of the Common Securities as set forth therein. Capitalized terms used herein but not defined herein shall have the meaning given them in the Declaration. The Trust will furnish a copy of the Declaration to the Holder without charge upon written request to the Trust at its principal place of business or registered office.

   Upon receipt of this certificate, the Holder is bound by the Declaration and is entitled to the benefits thereunder.

   By acceptance the Holder agrees to treat, for United States federal income tax purposes, the Notes as indebtedness of the Sponsor.

IN WITNESS WHEREOF, one of the Administrative Trustees of the Trust has executed this certificate this ____ day of _____, 2003.

DELPHI TRUST I

By: _____

Name: _____

As Administrative Trustee

2

## EXHIBIT B

### FORM OF PREFERRED SECURITIES CERTIFICATE

[FORM OF FACE OF PREFERRED SECURITIES CERTIFICATE]

[If this Preferred Securities Certificate is a Global Certificate, insert: THIS PREFERRED
SECURITIES CERTIFICATE IS A GLOBAL CERTIFICATE WITHIN THE MEANING OF
THE DECLARATION HEREINAFTER REFERRED TO AND IS REGISTERED IN THE
NAME OF THE DEPOSITORY TRUST COMPANY (THE "CLEARING AGENCY") OR A
NOMINEE OF THE CLEARING AGENCY. THIS PREFERRED SECURITIES
CERTIFICATE IS EXCHANGEABLE FOR ONE OR MORE PREFERRED SECURITIES
CERTIFICATES REGISTERED IN THE NAME OF A PERSON OTHER THAN THE
CLEARING AGENCY OR ITS NOMINEE ONLY IN THE LIMITED CIRCUMSTANCES
DESCRIBED IN THE DECLARATION AND NO TRANSFER OF THIS PREFERRED
SECURITIES CERTIFICATE (OTHER THAN A TRANSFER OF THIS PREFERRED
SECURITIES CERTIFICATE AS A WHOLE BY THE CLEARING AGENCY TO A
NOMINEE OF THE CLEARING AGENCY OR BY A NOMINEE OF THE CLEARING
AGENCY TO THE CLEARING AGENCY OR ANOTHER NOMINEE OF THE CLEARING
AGENCY) MAY BE REGISTERED EXCEPT IN LIMITED CIRCUMSTANCES.

UNLESS THIS PREFERRED SECURITIES CERTIFICATE IS PRESENTED BY AN
AUTHORIZED REPRESENTATIVE OF THE CLEARING AGENCY TO DELPHI TRUST I
OR ITS AGENT FOR REGISTRATION OF TRANSFER, EXCHANGE OR PAYMENT, AND
ANY PREFERRED SECURITIES CERTIFICATE ISSUED IS REGISTERED IN THE NAME
OF CEDE & CO. OR SUCH OTHER NAME AS IS REQUESTED BY AN AUTHORIZED
REPRESENTATIVE OF THE CLEARING AGENCY (AND ANY PAYMENT IS MADE TO
CEDE & CO. OR TO SUCH OTHER ENTITY AS IS REQUESTED BY AN AUTHORIZED
REPRESENTATIVE OF THE CLEARING AGENCY), ANY TRANSFER, PLEDGE OR
OTHER USE HEREOF FOR VALUE OR OTHERWISE BY OR TO ANY PERSON IS
WRONGFUL INASMUCH AS THE REGISTERED OWNER HEREOF, CEDE & CO., HAS
AN INTEREST HEREIN.]

Certificate Number                    Number of Preferred Securities

_____                    _____

CUSIP No. _____

$_____

## Certificate Evidencing Preferred Securities
### of
### Delphi Trust I
### 8.25% Trust Preferred Securities
### (liquidation amount $25 per Preferred Security)

Delphi Trust I, a statutory trust formed under the laws of the State of Delaware (the "Trust"), hereby certifies that Cede & Co. (the "Holder") is the registered owner of _____ preferred securities of the Trust representing an undivided beneficial interest in the assets of the Trust and designated the Delphi Trust I 8.25% Trust Preferred Securities (liquidation amount $25 per Preferred Security) (the "Preferred Securities"). The Preferred Securities are transferable on the books and records of the Trust, in person or by a duly authorized attorney, upon surrender of this certificate duly endorsed and in proper form for transfer as provided in Section 5.4 of the Declaration (as defined below). The designations, rights, privileges, restrictions, preferences and other terms and provisions of the Preferred Securities are set forth in, and this certificate and the Preferred Securities represented hereby are issued and shall in all respects be subject to the terms and provisions of, the Amended and Restated Declaration of Trust of the Trust dated as of October 28, 2003, as the same may be amended from time to time (the "Declaration"), including the designation of the terms of Preferred Securities as set forth therein. The Holder is entitled to the benefits of the Guarantee Agreement entered into by Delphi Corporation, a Delaware corporation, and Bank One Trust Company, N.A., as Guarantee Trustee, dated as of October 28, 2003 (the "Guarantee"), to the extent provided therein. The Trust will furnish a copy of the Declaration and the Guarantee to the Holder without charge upon written request to the Trust at its principal place of business or registered office.

Upon receipt of this certificate, the Holder is bound by the Declaration and is entitled to the benefits thereunder.

By acceptance, the Holder agrees to treat, for United States federal income tax purposes, the Notes as indebtedness of the Sponsor.

2

IN WITNESS WHEREOF, one of the Administrative Trustees of the Trust has executed this certificate this _____ day of _____ 2003.

DELPHI TRUST I

By: _____
        Name: _____
        As Administrative Trustee

## PROPERTY TRUSTEE'S CERTIFICATE OF AUTHENTICATION

This is one of the Preferred Securities referred to in the within-mentioned Declaration.

Dated: _____

Bank One Trust Company, N.A.,
as Property Trustee

By: _____
        Authorized Signatory

3

[If this Preferred Securities Certificate is a Global Certificate, insert:

## SCHEDULE A

The initial liquidation amount of this Global Certificate shall be $_____.
The following increases or decreases in the liquidation amount of this Global Certificate have been made:

| Date Made | Amount of increase in Liquidation Amount of this Global Certificate | Amount of decrease in Liquidation Amount of this Global Certificate | Liquidation Amount of this Global Certificate following such decrease or increase | Signature of authorized officer of Trustee or Securities Custodian |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

i

[FORM OF REVERSE OF PREFERRED SECURITIES CERTIFICATE]

ASSIGNMENT

FOR VALUE RECEIVED, the undersigned assigns and transfers this Preferred Securities Certificate to:

_____

_____

(Insert assignee's social security or tax identification number)

_____

_____

(Insert address and zip code of assignee)

and irrevocably appoints

_____

_____

agent to transfer this Preferred Securities Certificate on the books of the Trust.  The agent may substitute another to act for him or her.

Date: _____

Signature: _____

  (Sign exactly as your name appears on the other side of this Preferred Securities Certificate)

Signature Guarantee: _____

Signatures must be guaranteed by an "eligible guarantor institution" meeting the requirements of the Security Registrar, which requirements include membership or participation in the Security Transfer Agent Medallion Program ("STAMP") or such other "signature guarantee program" as may be determined by the Security Registrar in addition to, or in substitution for, STAMP, all in accordance with the Securities Exchange Act of 1934, as amended.

4

**Exhibit C**