**EXECUTION VERSION**

INSTRUMENT OF RESIGNATION, APPOINTMENT AND ACCEPTANCE, dated as of September 16, 2005 (this "*Instrument*"), by and among DELPHI CORPORATION ("*Delphi*"), a corporation duly organized and existing under the laws of the State of Delaware, having its principal office at 5725 Delphi Drive, Troy, Michigan 48098, as the Corporation under the Indenture (as defined below), the Sponsor and the holder of the Common Securities under the Declarations (as defined below) and the Guarantor under the Guarantees (as defined below), J.P. MORGAN TRUST COMPANY, N.A. (successor in interest to Bank One Trust Company, N.A.) ("*JPMorgan*"), a national banking association duly organized and existing under the laws of the United States, having its corporate trust office at 611 Woodward Avenue, Detroit, Michigan 48226, as resigning Trustee under the Indenture, resigning Property Trustee under the Declarations and resigning Guarantee Trustee under the Guarantees, LAW DEBENTURE TRUST COMPANY OF NEW YORK ("*Law Debenture*"), a limited purpose trust company duly organized and existing under the laws of the State of New York, having its corporate trust office at 780 Third Avenue, 31st Floor, New York, New York 10017, as successor Trustee under the Indenture, successor Property Trustee under the Declarations and successor Guarantee Trustee under the Guarantees, and ROBERT S. MILLER, an individual, and JOHN D. SHEEHAN, an individual, each of whose address is c/o Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098, as successor Administrative Trustees for each of the DELPHI TRUSTS (as defined below) (each, an "*Administrative Trustee*" and together, the "*Administrative Trustees*").

## RECITALS

WHEREAS, there are presently outstanding the following two issues of notes under an Indenture, dated as of October 28, 2003 (the "Indenture"), between Delphi and JPMorgan, as Trustee: (i) $257,731,975 in aggregate principal amount of Delphi's 8.25% Junior Subordinated Notes due 2033 (the "*8.25% Notes*"); and (ii) $154,640,000 in aggregate principal amount of Delphi's Adjustable Rate Junior Subordinated Notes due 2033 (the "*AR Notes*" and, together with the 8.25% Notes, the "*Notes*"); and

WHEREAS, the 8.25% Notes are presently held by and payable to Delphi Trust I ("*Trust I*"), which was established pursuant to an Amended and Restated Declaration of Trust, dated as of October 28, 2003 (the "*Trust I Declaration*"), by and among Delphi, as Sponsor, Chase Manhattan Bank USA, N.A. (successor in interest to Bank One Delaware, Inc.), as Delaware Trustee, JPMorgan, as Property Trustee, and the Administrative Trustees; and

WHEREAS, the AR Notes are presently held by and payable to Delphi Trust II ("*Trust II*" and, together with Trust I, the "*Delphi Trusts*"), which was established pursuant to an Amended and Restated Declaration of Trust, dated as of November 21, 2003 (the "*Trust II Declaration*" and, together with the Trust I Declaration, the "*Declarations*"), by and among Delphi, as Sponsor, Chase Manhattan Bank USA, N.A. (successor in interest to Bank One Delaware, Inc.), as Delaware Trustee, JPMorgan, as Property Trustee, and the Administrative Trustees; and

WHEREAS, there are presently outstanding: (i) 10,000,000 of Trust I's 8.25% Cumulative Trust Preferred Securities, having an aggregate liquidation amount of $250,000,000 (the "*Trust I Preferred Securities*"); and (ii) 309,279 of Trust I's Common Securities, having an aggregate liquidation amount of $7,731,975 (the "*Trust I Common Securities*"). The Trust I

Preferred Securities are guaranteed by Delphi, as Guarantor, pursuant to the Guarantee Agreement, dated as of October 28, 2003 (the "*Trust I Guarantee*"), between Delphi, as Guarantor, and JPMorgan, as Guarantee Trustee; and

WHEREAS, there are presently outstanding: (i) 150,000 of Trust II's Adjustable Rate Trust Preferred Securities, having an aggregate liquidation amount of $150,000,000 (the "*Trust II Preferred Securities*" and, together with Trust I Preferred Securities, the "*Preferred Securities*"); and (ii) 4,640 of Trust II's Common Securities, having an aggregate liquidation amount of $4,640,000 (the "*Trust II Common Securities*" and, together with Trust I Common Securities, the "*Common Securities*"). The Trust II Preferred Securities are guaranteed by Delphi, as Guarantor, pursuant to the Guarantee Agreement, dated as of November 21, 2003 (the "*Trust II Guarantee*" and, together with the Trust I Guarantee, the "*Guarantees*"), between Delphi, as Guarantor, and JPMorgan, as Guarantee Trustee; and

WHEREAS, JPMorgan is party to a Calculation Agent Agreement, dated as of November 21, 2003 (the "*Calculation Agent Agreement*"), among Delphi, Trust II and JPMorgan, as Calculation Agent, with respect to the Trust II Preferred Securities; and

WHEREAS, JPMorgan wishes to resign as: (i) Trustee, Security Registrar, Paying Agent and the office or agency where notices and demands to or upon Delphi in respect of the Notes or the Indenture may be served (the "*Indenture Agent*") under the Indenture; (ii) Property Trustee, Security Registrar, Paying Agent and the office or agency where notices and demands to or upon the Trustees in respect of the Trust Securities Certificates may be served (the "*Declarations Agent*") under the Declarations; (iii) Guarantee Trustee under the Guarantees; and (iv) Calculation Agent under the Calculation Agent Agreement; and

WHEREAS, Delphi (i) as the Corporation under the Indenture, wishes to appoint Law Debenture to succeed JPMorgan as Trustee, Security Registrar, Paying Agent and Indenture Agent under the Indenture; (ii) as the sole holder of the Common Securities, wishes to appoint Law Debenture to succeed JPMorgan as Property Trustee under the Declarations; (iii) as Guarantor under the Guarantees, wishes to appoint Law Debenture to succeed JPMorgan as Guarantee Trustee under the Guarantees; and (iv) wishes to appoint Law Debenture to succeed JPMorgan as Calculation Agent under the Calculation Agent Agreement; and

WHEREAS, the Administrative Trustees wish to appoint Law Debenture to succeed JPMorgan as Security Registrar, Paying Agent and Declarations Agent under the Declarations; and

WHEREAS, Law Debenture wishes to accept appointment as: (i) Trustee, Security Registrar, Paying Agent and Indenture Agent under the Indenture; (ii) Property Trustee, Security Registrar, Paying Agent and Declarations Agent under the Declarations; (iii) Guarantee Trustee under the Guarantees; and (iv) Calculation Agent under the Calculation Agent Agreement.

NOW, THEREFORE, in consideration of the mutual covenants and promises herein, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## ARTICLE ONE
## JPMORGAN

Section 101.  Pursuant to Section 7.10(a) of the Indenture, JPMorgan hereby notifies Delphi, as the Corporation under the Indenture, that JPMorgan is hereby resigning as Trustee under the Indenture.  JPMorgan hereby resigns as Security Registrar, Paying Agent and Indenture Agent under the Indenture.

Section 102.  Pursuant to Section 8.09(d) of each of the Declarations, JPMorgan hereby notifies Delphi, as Sponsor under the Declarations, and the Delphi Trusts that JPMorgan is hereby resigning as Property Trustee under each of the Declarations.  Pursuant to Section 5.09 of each of the Declarations, JPMorgan hereby notifies Delphi, as Sponsor under the Declarations, the Property Trustee and the Administrative Trustees that JPMorgan is hereby resigning as Paying Agent under each of the Declarations.  JPMorgan hereby notifies Delphi, as Sponsor under the Declarations, the Administrative Trustees and the Delphi Trusts that JPMorgan is hereby resigning as Security Registrar and the Declarations Agent under each of the Declarations.

Section 103.  Pursuant to Section 4.2(d) of each of the Guarantees, JPMorgan hereby notifies Delphi, as Guarantor under the Guarantees, that JPMorgan is hereby resigning as Guarantee Trustee under each of the Guarantees.

Section 104.  Pursuant to Section 4(a) of the Calculation Agent Agreement, JPMorgan hereby notifies Delphi that JPMorgan is hereby resigning as Calculation Agent under the Calculation Agent Agreement.

Section 105.  JPMorgan hereby represents and warrants to Law Debenture that:

(a)  No covenant or condition contained in the Indenture, the Declarations or the Guarantees has been waived by JPMorgan.

(b)  There is no action, suit or proceeding pending or, to the best of the knowledge of the responsible officers of JPMorgan assigned to its corporate trust department, threatened against JPMorgan before any court or governmental authority arising out of any action or omission by JPMorgan in its trusteeships or other roles under the Indenture, the Declarations, the Guarantees or the Calculation Agent Agreement.

(c)  This Instrument has been duly authorized, executed and delivered on behalf of JPMorgan.

(d)  (i) $257,731,975 in aggregate principal amount of the 8.25% Notes, (ii) $154,640,000 in aggregate principal amount of the AR Notes, (iii) 10,000,000 Trust I Preferred Securities and (iv) 150,000 Trust II Preferred Securities are outstanding.

(e)  (i) Interest on the 8.25% Notes has been paid through July 15, 2005, (ii) interest on the AR Notes has been paid through May 15, 2005, (iii) Distributions on the Trust I Preferred Securities have been made through July 15,

2005 and (iv) Distributions on the Trust II Preferred Securities have been made through May 15, 2005.

(f) JPMorgan has made, or promptly will make, available to Law Debenture originals, if available, or copies in its possession, of all documents relating to the Indenture, the Notes, the Declarations, the Delphi Trusts, the Preferred Securities, the Common Securities, the Guarantees and the Calculation Agent Agreement, as well as other information in the possession of its corporate trust department relating to the administration and status of the Delphi Trusts.

(g) As of or promptly after the effective date of this Instrument, JPMorgan will not hold any property under the Indenture, the Declarations, the Guarantees or the Calculation Agent Agreement.

Section 106. JPMorgan, as resigning Trustee under the Indenture, resigning Property Trustee under each of the Declarations and resigning Guarantee Trustee under each of the Guarantees, hereby assigns, transfers, delivers and confirms to Law Debenture all right, title and interest of JPMorgan in and to the trusts created under the Indenture, the Declarations and the Guarantees, all the rights and powers of the Trustee under the Indenture, Property Trustee under each of the Declarations and Guarantee Trustee under each of the Guarantees, and all property and money held by JPMorgan under the Indenture, the Declarations and the Guarantees, with like effect as if Law Debenture was originally appointed Trustee under the Indenture, Property Trustee under each of the Declarations and Guarantee Trustee under each of the Guarantees. JPMorgan shall execute and deliver such further instruments and shall do such other things as Law Debenture may reasonably require so as to more fully and certainly vest and confirm in Law Debenture all the rights and powers hereby assigned, transferred, delivered and confirmed to Law Debenture.

Section 107. JPMorgan agrees to pay or indemnify Law Debenture and save Law Debenture harmless from and against any and all costs, claims, liabilities, losses or damages whatsoever (including the reasonable fees, expenses and disbursements of Law Debenture's counsel and other advisors), that Law Debenture suffers or incurs without negligence or bad faith on its part arising out of actions or omissions of JPMorgan as Trustee under the Indenture, Property Trustee under the Declarations and Guarantee Trustee under the Guarantees. Law Debenture will furnish to JPMorgan, promptly after receipt, all papers with respect to any action the outcome of which would make operative the indemnity provided for in this Section. Law Debenture shall notify JPMorgan promptly in writing (and, in any event, within no later than 10 days) of any claim for which it may seek indemnity. JPMorgan shall have the option to defend the claim and Law Debenture shall cooperate fully in the defense. If JPMorgan shall assume the defense, then JPMorgan shall not pay for separate counsel of Law Debenture. JPMorgan shall not be obligated to pay for any settlement made without its consent.

ARTICLE TWO
DELPHI

Section 201. Delphi hereby certifies that Exhibit A annexed hereto is a copy of the resolutions which were duly adopted by the Board of Directors of Delphi, which are in full force and effect on the date hereof, and which appoint a special committee of Delphi's Board of

Directors to: (a) select and approve a successor trustee or trustees under the Indenture; and (b) execute and deliver such agreements and other instruments as may be necessary or desirable to effectuate the succession of a successor trustee as Trustee under the Indenture. Also attached as Exhibit A is a copy of the resolutions which were duly adopted by the Successor Trustee Committee.

Section 202. Delphi hereby accepts the resignation of JPMorgan as Trustee, Security Registrar, Paying Agent and Indenture Agent under the Indenture and waives the sixty (60) day notice requirement set forth in Section 7.10(a) of the Indenture. Pursuant to Section 7.10(a) of the Indenture, Delphi, as the Corporation under the Indenture, hereby appoints Law Debenture as Trustee under the Indenture and confirms to Law Debenture all the rights and powers of the Trustee under the Indenture and with respect to all property and money held or to be held under the Indenture, with like effect as if Law Debenture was originally appointed Trustee under the Indenture. Delphi shall execute and deliver such further instruments and shall do such other things as Law Debenture may reasonably require so as to more fully and certainly vest and confirm in Law Debenture all the rights and powers hereby assigned, transferred, delivered and confirmed to Law Debenture.

Section 203. Delphi hereby appoints Law Debenture as Security Registrar, Paying Agent and Indenture Agent under the Indenture.

Section 204. Delphi hereby accepts the resignation of JPMorgan as Property Trustee and Paying Agent under each of the Declarations and waives the thirty (30) day notice requirement set forth in Section 5.09 of each of the Declarations. Pursuant to Section 8.09(e) of each of the Declarations, Delphi, as the sole Holder of the Common Securities, hereby appoints Law Debenture as Property Trustee under each of the Declarations and confirms to Law Debenture all the rights, powers and trusts of the Property Trustee under each of the Declarations and with respect to all property and money held or to be held under the Declarations, with like effect as if Law Debenture was originally appointed Property Trustee under each of the Declarations. Delphi shall execute and deliver such further instruments and shall do such other things as Law Debenture may reasonably require so as to more fully and certainly vest and confirm in Law Debenture all the rights, powers and trusts hereby assigned, transferred, delivered and confirmed to Law Debenture.

Section 205. Delphi hereby accepts the resignation of JPMorgan as Guarantee Trustee under each of the Guarantees. Pursuant to Section 4.2(d) of each of the Guarantees, Delphi, as Guarantor under each of the Guarantees, hereby appoints Law Debenture as Guarantee Trustee under each of the Guarantees and confirms to Law Debenture all the rights and powers of the Guarantee Trustee under each of the Guarantees, with like effect as if Law Debenture was originally appointed Guarantee Trustee under each of the Guarantees. Delphi shall execute and deliver such further instruments and shall do such other things as Law Debenture may reasonably require so as to more fully and certainly vest and confirm in Law Debenture all the rights and powers hereby assigned, transferred, delivered and confirmed to Law Debenture.

Section 206. Delphi hereby accepts the resignation of JPMorgan as Calculation Agent under the Calculation Agent Agreement and waives the sixty (60) day notice requirement set forth in Section 4(a) of the Calculation Agent Agreement. Pursuant to Section 4(a) of the

Calculation Agent Agreement, Delphi hereby appoints Law Debenture as Calculation Agent under the Calculation Agent Agreement and confirms to Law Debenture all the rights and powers of the Calculation Agent under the Calculation Agent Agreement, with like effect as if Law Debenture was originally appointed Calculation Agent under the Calculation Agent Agreement. Delphi shall execute and deliver such further instruments and shall do such other things as Law Debenture may reasonably require so as to more fully and certainly vest and confirm in Law Debenture all the rights and powers hereby assigned, transferred, delivered and confirmed to Law Debenture.

Section 207. Delphi hereby consents to the Administrative Trustees' appointment of Law Debenture as Security Registrar, Paying Agent and Declarations Agent under each of the Declarations.

Section 208. Delphi hereby represents and warrants to JPMorgan and Law Debenture that:

(a) Delphi has been duly incorporated and is validly existing as a corporation pursuant to the general corporation laws of Delaware.

(b) Each of the Indenture, the Declarations, the Guarantees and the Calculation Agent Agreement was duly authorized, executed and delivered by Delphi, have not been amended or modified and are in full force and effect.

(c) The Notes are validly issued securities of Delphi. As of the effective date of this Instrument, Delphi has not deferred the payment of interest on either of the Notes.

(d) The Preferred Securities and the Common Securities are validly issued securities of the Delphi Trusts.

(e) No Event of Default and no other event has occurred and is continuing which is, or after notice or lapse of time would become, an Event of Default under any of the Indenture, the Declarations or the Guarantees.

(f) No covenant or condition contained in the Indenture, the Declarations or the Guarantees or with respect to any of the Notes or the Preferred Securities has been waived by Delphi or by the holders of the percentage in aggregate principal amount of the Notes, the Preferred Securities or the Common Securities required to effect any such waiver.

(g) There is no action, suit or proceeding pending or, to the best of Delphi's knowledge, threatened against Delphi before any court or any governmental authority arising out of any action or omission by Delphi under the Indenture, the Declarations or the Guarantees or with respect to any of the Notes or the Preferred Securities.

(h) Delphi is the sole holder of Common Securities under each of the Declarations.

(i)  This Instrument has been duly authorized, executed and delivered on behalf of Delphi.

ARTICLE THREE
ADMINISTRATIVE TRUSTEES

Section 301.  The Administrative Trustees hereby accept the resignation of JPMorgan as Security Registrar, Paying Agent and Declarations Agent under each of the Declarations and waive the thirty (30) day notice requirement set forth in Section 5.09 of each of the Declarations.  Pursuant to Sections 5.04 and 5.09 of each of the Declarations, the Administrative Trustees hereby appoint Law Debenture as Security Registrar and Paying Agent under each of the Declarations and confirm to Law Debenture all the rights and powers of the Security Registrar and Paying Agent under each of the Declarations and with respect to all property and money held or to be held under the Declarations.  The Administrative Trustees shall execute and deliver such further instruments and shall do such other things as Law Debenture may reasonably require so as to more fully and certainly vest and confirm in Law Debenture all the rights and powers hereby assigned, transferred, delivered and confirmed to Law Debenture.

Section 302.  The Administrative Trustees hereby appoint Law Debenture as Declarations Agent under each of the Declarations.

Section 303.  The Administrative Trustees hereby consent to Delphi's appointment of Law Debenture as Property Trustee under each of the Declarations, as well as Guarantee Trustee under the Guarantees and Calculation Agent under the Calculation Agent Agreement.

ARTICLE FOUR
LAW DEBENTURE

Section 401.  Law Debenture hereby represents and warrants to JPMorgan, Delphi and the Administrative Trustees that:

(a)  Law Debenture is qualified and eligible under (i) Sections 7.08 and 7.09 of the Indenture to act as Trustee under the Indenture, (ii) Sections 8.07 and 8.08 of each of the Declarations to act as Property Trustee under each of the Declarations and (iii) Section 4.1(a) of each of the Guarantees to act as Guarantee Trustee under each of the Guarantees.

(b)  This Instrument has been duly authorized, executed and delivered on behalf of Law Debenture.

Section 402.  Pursuant to Section 7.11 of the Indenture, Law Debenture hereby accepts its appointment as Trustee under the Indenture and shall hereby be vested with all the rights and powers of the Trustee under the Indenture and with respect to all property and money held or to be held under the Indenture, with like effect as if Law Debenture was originally appointed Trustee under the Indenture.

Section 403. Law Debenture hereby accepts its appointment as Security Registrar, Paying Agent and Indenture Agent under the Indenture.

Section 404. Pursuant to Section 8.10(a) of each of the Declarations, Law Debenture hereby accepts its appointment as Property Trustee under each of the Declarations and shall hereby be vested with all the rights, powers and trusts of the Property Trustee under each of the Declarations and with respect to all property and money held or to be held under the Declarations, with like effect as if Law Debenture was originally appointed Property Trustee under the Declarations.

Section 405. Law Debenture hereby accepts its appointment as Security Registrar, Paying Agent and Declarations Agent under each of the Declarations. Pursuant to Section 5.08 of each of the Declarations, Law Debenture, as successor Security Registrar under each of the Declarations, hereby notifies Delphi, as Sponsor, that the Security Register and the office or agency where Preferred Securities Certificates may be surrendered for registration of transfer or exchange and where notices and demands to or upon the Trustees in respect of the Trust Securities Certificates may be served will now be: 780 Third Avenue, 31st Floor, New York, New York 10017, Attention: Patrick J. Healy. The Declarations are hereby deemed amended pursuant to Section 10.02(a) to the extent that they provide for the Security Registrar, Paying Agent or Declarations Agent to maintain an office outside of New York, New York. Pursuant to Section 5.09 of each of the Declarations, Law Debenture, as successor Paying Agent under each of the Declarations, hereby agrees with the Trustees that, as Paying Agent, Law Debenture will hold all sums, if any, held by it for payment to the Securityholders in trust for the benefit of the Securityholders entitled thereto until such sums shall be paid to each Securityholder.

Section 406. Pursuant to Section 4.2(d) of each of the Guarantees, Law Debenture hereby accepts its appointment as Guarantee Trustee under each of the Guarantees and shall hereby be vested with all the rights and powers of the Guarantee Trustee under each of the Guarantees, with like effect as if Law Debenture was originally appointed Guarantee Trustee under the Guarantees.

Section 407. Pursuant to Section 4(b) of the Calculation Agent Agreement, Law Debenture hereby accepts its appointment as Calculation Agent under the Calculation Agent Agreement and shall hereby be vested with all the rights and powers of the Calculation Agent under the Calculation Agent Agreement, with like effect as if Law Debenture was originally appointed Calculation Agent under the Calculation Agent Agreement.

Section 408. Promptly after the execution and delivery of this Instrument, Law Debenture shall:

(a) on behalf of Delphi, cause a notice, the form of which is annexed hereto marked Exhibit B, to be sent to each holder of the Notes in accordance with Section 7.11 of the Indenture; and

(b) cause notices, the forms of which are annexed hereto marked Exhibits C and D, to be sent to each holder of the Preferred Securities in accordance with Sections 5.08 and 8.09(h) of each of the Declarations.

# ARTICLE FIVE
## MISCELLANEOUS

Section 501. Except as otherwise expressly provided or unless the context otherwise requires, (i) all terms used herein which are defined in the Indenture shall have the meanings assigned to them in the Indenture, (ii) all terms used herein which are defined in the Declarations shall have the meanings assigned to them in the Declarations and (iii) all terms used herein which are defined in the Guarantees shall have the meanings assigned to them in the Guarantees, as the case may be.

Section 502. This Instrument and the resignations, appointments and acceptances effected hereby shall be effective as of the close of business on the date first above written; *provided*, that the resignation of JPMorgan and the appointment of Law Debenture as (i) Security Registrar, Paying Agent and Indenture Agent under the Indenture, (ii) Security Registrar, Paying Agent and Declarations Agent under the Declarations and (iii) Calculation Agent under the Calculation Agent Agreement shall be effective 10 business days after the date first above written.

Section 503. Notwithstanding the resignation of JPMorgan effected hereby, Delphi shall remain obligated under Section 7.06 of the Indenture, Section 8.06 of each of the Declarations and Sections 8.1 and 8.2 of each of the Guarantees to compensate, reimburse and indemnify JPMorgan in connection with its prior trusteeships under each of the Indenture, the Declarations and the Guarantees. Delphi also acknowledges and reaffirms its obligations to Law Debenture as set forth in Section 7.06 of the Indenture, Section 8.06 of each of the Declarations and Sections 8.1 and 8.2 of each of the Guarantees, which obligations shall survive the execution hereof, including payments to be made in accordance with the fee schedule annexed hereto as Exhibit E. Delphi shall also remain obligated under Section 3(a) of the Calculation Agent Agreement to compensate, reimburse and indemnify JPMorgan in connection with its role as Calculation Agent under the Calculation Agent Agreement. Delphi also acknowledges and reaffirms its obligations to Law Debenture as set forth in Section 3(a) of the Calculation Agent Agreement, which obligations shall survive the execution hereof, including payments to be made in accordance with the fee schedule annexed hereto as Exhibit E.

Section 504. This Instrument shall be governed by and construed in accordance with the laws governing the Indenture and its construction.

Section 505. This Instrument may be executed in any number of counterparts each of which shall be an original, but such counterparts shall together constitute one and the same instrument.

Section 506. This Instrument shall constitute an amendment to each of the Declarations, pursuant to Section 8.10(b) of each of the Declarations.

Section 507. All notices, whether faxed or mailed, will be deemed received when sent pursuant to the following instructions:

TO JPMORGAN:
     Ms. Nan Packard
     Vice President

9

J.P. Morgan Trust Company, N.A.
Worldwide Securities Services
611 Woodward Avenue
Detroit, MI 48226
Fax: (313) 225-3420
Tel: (313) 225-3189

TO LAW DEBENTURE:
Patrick J. Healy
Vice President
Law Debenture Trust Company of New York
780 Third Avenue
31st Floor
New York, New York 10017
Fax: (212) 750-1361
Tel: (212) 750-6474

TO DELPHI:
Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
Attention: General Counsel
Fax: (248) 813-2491
Tel.: (248) 813-2490

TO TRUST I AND THE ADMINISTRATIVE TRUSTEES:
Robert S. Miller
John D. Sheehan
Delphi Trust I
c/o Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
Fax: (248) 813-2505 (Miller)/ (248) 813-2612 (Sheehan)
Tel.: (248) 813-2500 (Miller)/ (248) 813-2606 (Sheehan)

TO TRUST II AND THE ADMINISTRATIVE TRUSTEES:
Robert S. Miller
John D. Sheehan
Delphi Trust II
c/o Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
Fax: (248) 813-2505 (Miller)/ (248) 813-2612 (Sheehan)
Tel.: (248) 813-2500 (Miller)/ (248) 813-2606 (Sheehan)

[Reminder of Page Intentionally Left Blank]

NY01/MALIA/1042004.8

IN WITNESS WHEREOF, the parties hereto have caused this Instrument of Resignation, Appointment and Acceptance to be duly executed as of the day and year first above written.

DELPHI CORPORATION

By:_____

    Name:  John Arle
    Title:   Vice President and Treasurer


J.P. MORGAN TRUST COMPANY, N.A.


By _____

    Name:
    Title:


LAW DEBENTURE TRUST COMPANY OF NEW YORK


By _____

    Name:
    Title:


DELPHI TRUST I

By _____

    John Arle, for Robert S. Miller, as
    Administrative Trustee


By_____

    John Arle, for John D. Sheehan, as
    Administrative Trustee

IN WITNESS WHEREOF, the parties hereto have caused this Instrument of Resignation, Appointment and Acceptance to be duly executed as of the day and year first above written.

DELPHI CORPORATION

By:_____
    Name:
    Title:


J.P. MORGAN TRUST COMPANY, N.A.

By _____
    Name: J.R. Lewis
    Title:  Authorized Officer


LAW DEBENTURE TRUST COMPANY OF NEW YORK

By _____
    Name:
    Title:


DELPHI TRUST I

By _____
    John Arle, for Robert S. Miller, as
    Administrative Trustee


By_____
    John Arle, for John D. Sheehan, as
    Administrative Trustee

IN WITNESS WHEREOF, the parties hereto have caused this Instrument of Resignation, Appointment and Acceptance to be duly executed as of the day and year first above written.

DELPHI CORPORATION

By:_____
    Name:
    Title:

J.P. MORGAN TRUST COMPANY, N.A.

By _____
    Name:
    Title:

LAW DEBENTURE TRUST COMPANY OF NEW YORK

By _____
    Name:    Daniel R. Fisher
    Title:    Senior Vice President

DELPHI TRUST I

By _____
    John Arle, for Robert S. Miller, as
    Administrative Trustee

By_____
    John Arle, for John D. Sheehan, as
    Administrative Trustee

DELPHI TRUST II

By _____

John Arle, for Robert S. Miller, as
Administrative Trustee

By_____

John Arle, for John D. Sheehan, as
Administrative Trustee

<u>EXHIBIT A</u>

[see next page]

CERTIFIED COPY
OF
RESOLUTIONS OF THE BOARD OF DIRECTORS OF DELPHI CORPORATION

The undersigned, Marjorie Harris Loeb, hereby certifies that she is the duly appointed, qualified and acting Assistant Secretary of Delphi Corporation, a corporation duly incorporated and validly existing under the laws of the State of Delaware (the "Corporation"), and further certifies that the following is a true and correct copy of certain resolutions duly adopted by the Board of Directors of said Corporation on September 8, 2005 and that said resolutions have not been amended, modified or rescinded:

RESOLVED, that a special committee of the Board, to be known as the Successor Trustee Committee, consisting of the Chairman of the Board & CEO is hereby authorized and directed in the name of and on behalf of the Corporation to select and approve a successor trustee or trustees for those debt securities issuances of the Corporation where J.P. Morgan Trust Company, N.A. is Trustee, Security Registrar, Agent and Paying Agent;

FURTHER RESOLVED, that the Chairman of the Board & CEO is hereby authorized in the name of and on behalf of the Corporation to perform any and all acts as may be necessary or desirable to execute and deliver all agreements, instruments and other documents contemplated by the foregoing resolutions and to take any and all further action that he may deem necessary or desirable to effectuate any action authorized by these resolutions and otherwise to carry out the purposes and intent of the foregoing resolutions; and the execution by him of any such documents or the performance by him of any such act in connection with the foregoing matters shall conclusively establish this authority therefore from the Corporation and the approval and ratification by the Corporation of the documents so executed and the actions so taken.

IN WITNESS WHEREOF, I have hereunto set my hand as Assistant Secretary of the Corporation this 9th day of September, 2005.

By: _____

Print Name: Marjorie Harris Loeb

Its: Assistant Secretary

### Resolutions of Delphi Corporation Board of Directors Successor Trustee Committee
### <u>Regarding Delphi Trusts and Law Debenture Trust Company</u>

WHEREAS, there are presently outstanding under an Indenture, dated as of October 28, 2003 (the "Indenture"), between Delphi Corporation (the "Company") and JP Morgan Trust Company N.A., as Trustee ("JP Morgan") (i) $257,731,975 in aggregate principal amount of Delphi's 8.25% Junior Subordinated Notes due 2033 and (ii) $154,640,000 in aggregate principal amount of Delphi's Adjustable Rate Junior Subordinated Notes due 2033;

WHEREAS, there are presently outstanding under an Amended and Restated Declaration of Trust, dated as of October 28, 2003 (the "Trust I Declaration"), by and among the Company, as Sponsor, Chase Manhattan Bank USA, N.A. (a controlled affiliate of JP Morgan Trust Company successor in interest to Bank One Delaware, Inc.), as Delaware Trustee ("Chase"), JP Morgan, as Property Trustee, and the Administrative Trustees named therein, (i) 10,000,000 of Delphi Trust I's ("Trust I") 8.25% Cumulative Trust Preferred Securities (the "Trust I Preferred Securities") and (ii) 309,279 of Trust I's Common Securities (the "Trust I Common Securities"). The Trust I Preferred Securities are guaranteed by the Company, as Guarantor, pursuant to the Guarantee Agreement, dated as of October 28, 2003 (the "Trust I Guarantee"), between the Company, as Guarantor, and JP Morgan, as Guarantee Trustee;

WHEREAS, there are presently outstanding under an Amended and Restated Declaration of Trust, dated as of November 21, 2003 (the "Trust II Declaration", and together with the Trust I Declaration, the "Declarations"), by and among the Company, as Sponsor, Chase, as Delaware Trustee, JP Morgan, as Property Trustee, and the Administrative Trustees named therein, (i) 150,000 of Delphi Trust II's ("Trust II", and together with Trust I, the "Delphi Trusts") Adjustable Rate Trust Preferred Securities (the "Trust II Preferred Securities", and together with Trust I Preferred Securities, the "Preferred Securities"), and (ii) 4,640 of Trust II's Common Securities (the "Trust II Common Securities", and together with Trust I Common Securities, the "Common Securities"). The Trust II Preferred Securities are guaranteed by the Company, as Guarantor, pursuant to the Guarantee Agreement, dated as of November 21, 2003 (the "Trust II Guarantee", and together with the Trust I Guarantee, the "Guarantees"), between the Company, as Guarantor, and JP Morgan, as Guarantee Trustee;

WHEREAS, JP Morgan is party to a Calculation Agent Agreement, dated as of November 21, 2003 (the "Calculation Agent Agreement"), among the Company, Trust II and JP Morgan, as Calculation Agent, with respect to the Trust II Preferred Securities;

WHEREAS, JP Morgan wishes to resign as (i) Trustee, Security Registrar, Paying Agent and Indenture Agent under the Indenture, (ii) Property Trustee, Security Registrar, Paying Agent and Declarations Agent under the Declarations, (iii) Guarantee Trustee under the Guarantees, and (iv) Calculation Agent under the Calculation Agent Agreement; and

WHEREAS, the Company (i) as the Corporation under the Indenture, wishes to appoint Law Debenture Trust Company ("Law Debenture") to succeed JP Morgan as Trustee, Security Registrar, Paying Agent and Indenture Agent under the Indenture, (ii) as the sole holder of the

Common Securities, wishes to appoint Law Debenture to succeed JP Morgan as Property Trustee under the Declarations, (iii) as Guarantor under the Guarantees, wishes to appoint Law Debenture to succeed JP Morgan as Guarantee Trustee under the Guarantees, and (iv) wishes to appoint Law Debenture to succeed JP Morgan as Calculation Agent under the Calculation Agent Agreement.

NOW, THEREFORE, BE IT RESOLVED, that the Company appoints Law Debenture as (i) successor Trustee, Security Registrar, Paying Agent and Indenture Agent under the Indenture, (ii) successor Property Trustee, Security Registrar, Paying Agent and Declarations Agent under the Declarations, (iii) successor Guarantee Trustee under the Guarantees, and (iv) successor Calculation Agent under the Calculation Agent Agreement; that the Company accept the resignation of the JP Morgan as (i) Trustee, Security Registrar, Paying Agent and Indenture Agent under the Indenture (ii) Property Trustee, Security Registrar, Paying Agent and Declarations Agent under the Declarations, (iii) Guarantee Trustee under the Guarantees, and (iv) Calculation Agent under the Calculation Agent Agreement, such resignation to be effective upon the execution and delivery by Law Debenture to the Company of an instrument or instruments accepting such appointment as (i) successor Trustee, Security Registrar, Paying Agent and Indenture Agent under the Indenture, (ii) successor Property Trustee, Security Registrar, Paying Agent and Declarations Agent under the Declarations, (iii) successor Guarantee Trustee under the Guarantees, and (iv) successor Calculation Agent under the Calculation Agent Agreement; and

BE IT FURTHER RESOLVED, the Chairman & CEO and the Treasurer of the Company be, and each of them hereby is, severally authorized, empowered and directed to execute and deliver in the name and on behalf of the Company an instrument or instruments appointing the Law Debenture as (i) the successor Trustee, Security Registrar, Paying Agent and Indenture Agent under the Indenture, (ii) successor Property Trustee, Security Registrar, Paying Agent and Declarations Agent under the Declarations, (iii) successor Guarantee Trustee under the Guarantees and (iv) successor Calculation Agent under the Calculation Agent Agreement; and

BE IT FURTHER RESOLVED, that the Chairman & CEO and the Treasurer of the Company are hereby severally authorized, empowered and directed to do or cause to be done all such acts or things, and to execute and deliver, or cause to be executed or delivered, any and all such other agreements, amendments, instruments, certificates, documents or papers (including, without limitation, any and all notices and certificates required or permitted to be given or made on behalf of the Company), under the terms of any of the executed instruments in connection with the resignation of JP Morgan, and the appointment of Law Debenture, in the name and on behalf of the Company as such officer, in his/her discretion, may deem necessary or advisable to effectuate or carry out the purposes and intent of the foregoing resolutions; and to exercise any of the Company's obligations under the instruments and agreements executed on behalf of the Company in connection with the aforementioned resignations of JP Morgan and the aforementioned appointments of Law Debenture.

C:\Documents and Settings\ng1srf\Local Settings\Temporary Internet Files\OLK1\\corp  resolution  successor trustee law debenture 20050908.doc

2 of 3

Dated as of September 9, 2005

DELPHI CORPORATION

By: _Robt S Miller_

Print Name:_ Robert S. Miller _

Its:_ Chairman of the Board & CEO _

C:\Documents and Settings\miller\Local Settings\Temporary Internet Files\OLK11\corp resolution  successor trustee law debenture 20050908.doc

3 of 3

## EXHIBIT B

Notice to Holders of Delphi Corporation's (the "*Company*") 8.25% Junior Subordinated Notes due 2033 and Adjustable Rate Junior Subordinated Notes due 2033 (together, the "*Notes*"):

We hereby notify you of the resignation of J.P. Morgan Trust Company, N.A. as Trustee, Security Registrar, Paying Agent and the office or agency where notices and demands to or upon the Company in respect of the Notes or the Indenture may be served (the "*Agent*") under the Indenture, dated as of October 28, 2003 (the "*Indenture*"), pursuant to which your Notes were issued and are outstanding.

The Company has appointed Law Debenture Trust Company of New York, whose corporate trust office is located at 780 Third Avenue, 31st Floor, New York, New York 10017, as successor Trustee, Security Registrar, Paying Agent and Agent under the Indenture, which appointment has been accepted and has become effective.

LAW DEBENTURE TRUST COMPANY OF NEW YORK, as successor Trustee

By: _____

Name:
Title:

Dated: _____, 2005

## EXHIBIT C

Notice to Holders of Delphi Trust I's (the "*Trust*") 8.25% Cumulative Trust Preferred Securities (the "*Securities*"):

We hereby notify you of the resignation of J.P. Morgan Trust Company, N.A. as Property Trustee, Security Registrar, Paying Agent and the office or agency where notices and demands to or upon the Trustees in respect of the Trust Securities Certificates may be served (the "*Agent*") under the Amended and Restated Declaration of Trust, dated as of October 28, 2003 (the "*Declaration*"), pursuant to which your Securities were issued and are outstanding.

Law Debenture Trust Company of New York, whose corporate trust office is located at 780 Third Avenue, 31st Floor, New York, New York 10017, has been appointed as successor Property Trustee, Security Registrar, Paying Agent and Agent under the Declaration, which appointment has been accepted and has become effective. The Security Register and the office or agency where Preferred Securities Certificates may be surrendered for registration of transfer or exchange and where notices and demands to or upon the Trustees in respect of the Trust Securities Certificates may be served will now be: 780 Third Avenue, 31st Floor, New York, New York 10017, Attention: Patrick J. Healy.

LAW DEBENTURE TRUST COMPANY OF
NEW YORK, as successor Trustee

By: _____

       Name:
       Title:

Dated: _____, 2005

<u>EXHIBIT D</u>

Notice to Holders of Delphi Trust II's (the "*Trust*") Adjustable Rate Trust Preferred Securities (the "*Securities*"):

      We hereby notify you of the resignation of J.P. Morgan Trust Company, N.A. as Property Trustee, Security Registrar, Paying Agent and the office or agency where notices and demands to or upon the Trustees in respect of the Trust Securities Certificates may be served (the "*Agent*") under the Amended and Restated Declaration of Trust, dated as of November 21, 2003 (the "*Declaration*"), pursuant to which your Securities were issued and are outstanding.

      Law Debenture Trust Company of New York, whose corporate trust office is located at 780 Third Avenue, 31st Floor, New York, New York 10017, has been appointed as successor Property Trustee, Security Registrar, Paying Agent and Agent under the Declaration, which appointment has been accepted and has become effective.  The Security Register and the office or agency where Preferred Securities Certificates may be surrendered for registration of transfer or exchange and where notices and demands to or upon the Trustees in respect of the Trust Securities Certificates may be served will now be:  780 Third Avenue, 31st Floor, New York, New York 10017, Attention:  Patrick J. Healy.

                              LAW DEBENTURE TRUST COMPANY OF
                              NEW YORK, as successor Trustee

                      By:   _____
                              Name:
                              Title:

Dated: _____, 2005

<u>EXHIBIT E</u>

# Law Debenture Trust Company of New York

**767 Third Avenue, New York, New York 10017**
Telephone: 212 750 6474   Fax: 212 750 1361  email: Patrick.healy@lawdeb.com

September 13, 2005

Julie Jiang

Capital Markets

Treasurer's Office

Delphi Corporation

**Re:    Delphi Corporation**
**Delphi Trust I**
**Delphi Trust II**

Dear Julie,

On behalf of Law Debenture Trust Company of New York ("LDTCNY"), thank you for the
opportunity to present our schedule of fees for the above referenced debt of Delphi Corporation.
The following is our schedule of fees:

**Schedule of Fees to act as**

**Trustee, Security Registrar, Paying Agent and Indenture Agent under the Indenture**
**Property Trustee, Security Registrar, Paying Agent and Declarations Agent under the**
**Declarations**
**Guarantee Trustee under the Guarantees**
**Calculation Agent under the Calculation Agent Agreement.**

**For**

**Delphi Trust I**
**Delphi Trust II**

**Acceptance fee:**                        Waived

**Trust Preferred Annual fee:**    $6,500.00 per issue (Payable annually)
*Due and payable annually on each anniversary date of the tripartite agreement.*

**Transaction fees:**    Not Applicable

**Default/Bankruptcy
Administration fee:**    $375.00 per hour

**Legal fees during a
Non- Default/Bankruptcy
Environment:**    At cost (Estimated to be $5,000)

**Assumptions:** Involved parties will provide due diligence documentation as required by the Office of Foreign Assets Control and/or other regulatory agencies.

If you are in agreement with this fee arrangement, please acknowledge your agreement by signing below. Please feel free to contact me if you should have any questions,.

Best Regards,                              Acknowledged by

                                           Name:
Patrick J. Healy                           Title:
Vice President