Leslie A. Plaskon (NY 7227)
Kristine M. Shryock (GA 644130)
Paul Hastings Janofsky & Walker, LLP
75 East 55th Street
New York, NY  10022
Ph. (212) 318-6000
Fax (212) 319-4090

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>DELPHI CORPORATION, <u>et</u> <u>al</u>. | Chapter 11<br><br>Jointly Administered under<br>Case No.: 05-44481 (RSD) |

## NON-PARTY'S MOTION TO QUASH SUBPOENA

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-Party Rafael De Paoli and / or GE Corporate Financial Services (collectively, "Movant") respectfully move to quash the subpoena commanding Mr. De Paoli to appear in the Courtroom of the Honorable Robert D. Drain, Alexander Hamilton Custom House, One Bowling Green, Courtroom 601, New York, NY 10004 on October 27, 2005 at 10:00 a.m.  As is set forth more fully below, the subpoena fails to allow reasonable time for compliance, is unduly burdensome, fails to identify the scope, or nature of the testimony sought and is on less than twenty (20) hours' notice. Movant is also unavailable on October 27, 2005 at 10:00 a.m..  Accordingly, Movant requests that the Subpoena be quashed.

### A.     The Subpoena Fails to Allow Reasonable Time for Compliance

Although the subpoena is dated October 25, 2005, Movant was not personally

served until October 26, 2005 at 2:25 p.m.  The fact that Movant has less than twenty hours notice, violates Fed. R. Civ. P. 45(3)(A)(i) which requires "a reasonable time for compliance".  Movant is not a party in the In re: Delphi Corporation, et. al. bankruptcy case (the "Bankruptcy Case") and therefore it is unreasonable to command Movant's appearance to testify in the Bankruptcy Case.

        **B.**        **The Subpoena Fails to Disclose the Scope and Subject Matter**

The subpoena is signed by Emanuel C. Gillo at Goodwin Procter, LLP as counsel for the "Ad Hoc Committee".  No other information is identified in the subpoena related to the party commanding the appearance, scope of testimony or even subject matter of testimony.  Furthermore, although Mr. De Paoli is commanded to appear, it is not clear whether the subpoena is directing his appearance as an individual or an employee of GE Corporate Financial Services.  In any event, Movant is not a party in the Bankruptcy Case, it subjects Movant undue burden to attend a hearing to testify on any matter requested by that of the "Ad Hoc Committee".

It has not been established that Movant has any personal knowledge of the facts and transactions at issue in this action.  Any general knowledge Movant may have would be simply duplicative of information that can be more readily obtained from people who were actually involved in the matter.  Accordingly, because the subpoena is unduly burdensome, Movant requests that the Court quash the subpoena.

        **C.**        **This Subpoena May Require Disclosure of Privileged or Other Protected Matter**

Because the "Ad Hoc Committee" fails to identify the scope, nature, or subject matter of the testimony sought, the subpoena may violate Fed. R. Civ. P. 45(3)(A)(iii) by

requesting disclosure of privileged or other protected matter.

### D. Movant is Unavailable on October 27, 2005 at 10:00 a.m.

In addition to the reasons stated above, the subpoena should be quashed because on less than twenty hours notice, Movant is unavailable to attend the hearing on October 27, 2005 at 10:00 a.m. Particularly in light of the fact that Movant is not a party to the case, requiring him to comply with this subpoena on such short notice would pose an undue burden. As courts have recognized, "the status of a witness as a non-party to the underlying litigation 'entitles [the witness] to consideration regarding . . . inconvenience'" arising from a subpoena. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996). Indeed, "[t]he court may consider a movant's non-party status when weighing the burdens imposed in connection with the subpoena at issue." *SEC v. Seahawk Deep Ocean Tech., Inc.*, 166 F.R.D. 268, 269 (D. Conn. 1996).

### E. Reservation of Rights

Movant respectfully reserves the right to amend or supplement this Motion based upon the short amount of time between the service of the Subpoena and the command for appearance.

### F. Memorandum of Law

This Motion includes citations to the applicable authorities and a discussion of this application to this Motion. Accordingly, the Movant respectfully submit that such citations and discussion satisfy the requirement that the Movant submit a separate memorandum of law in support of this Motion pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York

### G. <u>Notice</u>

Notice of this Motion has been given to (a) counsel to the issuing officer of the Subpoena, (b) the United States Trustee and (c) counsel to the Debtors. In light of the nature of the relief required, Movant submits that no further notice is required.

### H. <u>No Prior Request</u>

No prior request of the relief sough in this Motion has been made to this or any other court.

WHEREFORE, Movant respectfully requests that this Court:

(a)  grant the Motion and quash the subpoena;

(b)  grant Movant's reasonable attorney fees incurred in connection with the subpoena pursuant to Fed. R. Civ. P. 45(c)(1); and

(c)  such other relief as the Court determines is just and proper.

Dated: October 26, 2005                     Paul Hastings Janofsky & Walker, LLP

By:  /s Leslie A. Plaskon
Leslie A. Plaskon (NY 7227)
Kristine M. Shryock (GA 644130)
75 East 55th Street
New York, NY 10022
Ph. (212) 318-6000
Fax (212) 319-4090

Counsel to Movant