John J. Dawson, Esq. (NY Bar #478197)
John A. Harris, Esq. (AZ Bar # 014459)
Scott Goldberg, Esq. (AZ Bar #015082)
QUARLES & BRADY STREICH LANG LLP
Renaissance One
2 North Central Avenue
Phoenix, Arizona 85004-2391
(602) 229-5407
sgoldber@quarles.com

Attorneys for Semiconductor Components, L.L.C.,
a subsidiary of ON Semiconductor Corp.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DELPHI CORPORATION, et al.,<br><br>Debtor. | In Proceedings Under Chapter 11<br><br>Case No. 05-44481(RDD)<br><br>(Jointly Administered)<br><br>**Hearing Date: 10/27/2005**<br>**Hearing Time: 10:00 a.m.** |

**LIMITED JOINDER OF SEMICONDUCTOR COMPONENTS**
**INDUSTRIES, L.L.C. TO CERTAIN OBJECTIONS TO THE**
**DEBTOR'S FINANCING MOTION AND RELATED ORDERS**

Semiconductor Components Industries, L.L.C., a subsidiary of ON Semiconductor Corporation ("SCCI"), hereby files this "Joinder" in support of certain objections that have been filed to the Debtors' "Motion For Order Under 11 U.S.C. §§105, 361, 362. 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) And Federal Rules of Bankruptcy Procedure 2002, 4001, and 9014 (I) Authorizing Debtors to Obtain Secured Postpetition Financing on Super-priority, Secured and Priming Basis, (II) Authorizing Use of Cash Collateral, (III) Granting Adequate

QBPHX\143789.00045\1966387.2

1  Protection to Prepetition Secured Lenders, (IV) Granting Interim Relief, and (V) Scheduling A
2  Final Hearing Under Fed. R. Bankr.P. 4001(b) and (c)" (the "Financing Motion"). This Joinder is
3  supported by the: (i) "Limited Objection Of Honda Entities To Financing Motion" ("Honda
4  Objection")[Docket #577]; (ii) "Limited Objection Of Daimler Chrysler Corporation to Interim
5  DIP Financing Order" (the "DaimlerChrysler Objection") [Docket #496]; (iii) "Limited Objection
6  By Robert Bosch Corporation and Affiliates To Financing Motion and Interim DIP Financing
7  Order")(the "Bosch Objection")[Docket # 428]; (iv) "Limited Objection of Mercedes-Benz
8  International Inc. To Debtor's Motion For An Order Authorizing Debtors To Obtain Post-Petition
9  Financing" ("the "Mercedes-Benz Objection")[Docket # 435); (v) "Joinder of OSRAM Opto
10 Semiconductors Inc. In Limited Objections To DIP Financing Motion" ("OSRAM
11 Objection")[Docket # 589); (vi) "Joinder In Limited Objections To Financing Motion by
12 Freescale Semiconductor Inc." ("Freescale Objection")[Docket # 501]; (vii) "Limited Objection
13 of Worthington Steel Company to Financing Motion" ("Worthington Objection")[Docket # 590];
14 (viii) all other related objections to the Financing Motion, and (ix) the entire record in the
15 Debtors' bankruptcy case, and (x) the attached "Memorandum of Points and Authorities".

RESPECTFULLY SUBMITTED this 26th day of October 2005.

QUARLES & BRADY STREICH LANG LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391


By _____
John J. Dawson, Esq.
John A. Harris, Esq.
Scott R. Goldberg, Esq.

Attorneys for Semiconductor Components
Industries, L.L.C., a subsidiary of ON
Semiconductor Corporation.

## MEMORANDUM OF POINTS AND AUTHORITIES

1.  SCCI is a long-standing and substantial supplier to the Debtor of computer-based and electronic components. SCCI holds a pre-petition claim in excess of $5 million against the Debtors arising from product delivered to the Debtors prior to the petition date of these cases. SCCI has made a timely reclamation claim, and had filed notice of same, with regard to product SCCI delivered and the Debtors received in the ten (10) day period preceding the petition date of the Debtors' cases.

2.  Since the filing of the Debtors' cases, SCCI has continued to perform and deliver substantial amounts of product to the Debtors' on a post-petition basis. SCCI holds, among other things, an administrative claim for all such post-petition deliveries.[1]

3.  SCCI files this limited joinder to the Objections as follows:

(a) The Financing Motion should not be approved on a final basis unless the Debtors can establish that, under the proposed DIP financing, the Debtors will retain the financial resources to pay in full the reclamation claim asserted by SCCI, and the existing and accruing administrative claim held by SCCI for post-petition product delivery to the Debtors.

(b) The Financing Motion should not be approved on a final basis unless the Debtors can establish that, under the proposed DIP financing, the fourth priority lien granted to creditors that hold set-off claims (see, Paragraph 18 of the Interim DIP financing order) is sufficient to ensure full payment of any set-off claim held by SCCI.[2]

---

[1] SCCI reserves all of its rights under Bankruptcy Code §365, and all other applicable provisions of the Bankruptcy Code and applicable non-bankruptcy law, regarding continued delivery of product to the Debtors. These rights include, but are not limited to, SCCI's right to require adequate assurance of the Debtors' ability to perform and pay for all post-petition product deliveries.

[2] If the Debtors assert that SCCI received any overpayment with respect to pre-petition product SCCI delivered to the Debtors, SCCI is entitled to set-off any such alleged overpayment against the pre-petition claim owing to SCCI by the Debtors. It is not known whether any such overpayment will be asserted by the Debtors and SSCI reserves all of its rights regarding any such demands (if ever made). In all events, SCCI's set-off right regarding any such claim (if any) cannot be subordinated to a fourth position unless the Debtors establish that SCCI's rights with respect to any such claim are not impaired by such treatment.

| | |
|---|---|
| 1 | RESPECTFULLY SUBMITTED this 26th day of October 2005. |

QUARLES & BRADY STREICH LANG LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391

By _____
John J. Dawson, Esq.
John A. Harris, Esq.
Scott R. Goldberg, Esq.

Attorneys for Semiconductor Components Industries, L.L.C., a subsidiary of ON Semiconductor Corporation.