letter of credit and other fees at the non-default contract rate applicable under the Existing

Agreements, *provided* that, without prejudice to the rights of the Debtors or any other party

to contest such assertion, the Pre-Petition Secured Lenders reserve their rights to assert

claims for the payment of additional interest calculated at any other applicable rate of

interest (including, without limitation, default rates), or on any other basis provided for in

the Existing Agreements, and for the payment of any other amounts provided for in the

Existing Agreements, and ~~(iv)~~ **(iv)** current cash payment of all reasonable out-of-pocket

expenses of the members of any steering committee of Pre-Petition Secured Lenders, in

their capacity as such~~:~~ **(but excluding any fees and disbursements of counsel, financial**

**or other consultants to such steering committee).  The Debtors shall pay the fees and**

**expenses provided for in the preceding clause (ii) or clause (iv) only after reasonably**

**detailed invoices for such fees and expenses shall have been submitted to the Debtors**

**and counsel to the official committee of unsecured creditors (the "Creditors'**

**Committee").**

       (d)   <u>Access To Collateral</u>.  The Pre-Petition Agent (for the benefit of the

Pre-Petition Secured Lenders) and their experts and advisors shall be given reasonable

access for purposes of monitoring the business of the Debtors and the value of the

Collateral; and

       (e)   <u>Information</u>.  The Debtors shall provide the Pre-Petition Agent **and**

**the Creditors' Committee** with any written financial information or periodic reporting

that is provided to, or required to be provided to, the Agent or the DIP Lenders**; *provided,***

*however*, **that to the extent such information is provided to the Creditors' Committee, the Debtors shall be entitled to restrict access to such information solely to professionals retained by such committee.  The Debtors shall also provide the Agent and the Pre-Petition Agent with information related to payments made to and setoffs taken by the Debtors' suppliers in respect of any pre-petition claims to the extent such information is provided to the Creditors' Committee or is otherwise required to be supplied pursuant to the DIP Documents.**

**(f)     Pre-Petition Letters of Credit.  Subject to the terms and conditions of the DIP Documents, letters of credit issued and outstanding under the Pre-Petition Credit Agreement shall be replaced by letters of credit issued under the DIP Documents at the earlier of the stated expiry of such letters of credit and the next notice date for non-renewal of such letters of credit.  The Pre-Petition Agent, in consultation with and after prior notice to the Debtors, is authorized to provide notice of non-renewal to letter of credit beneficiaries to prevent the automatic renewal of "evergreen" Letters of Credit.**

13.     *Reservation of Rights of Pre-Petition Secured Lenders*.  Under the circumstances and given that the above described adequate protection is consistent with the Bankruptcy Code, the Court finds that the adequate protection provided herein is reasonable and sufficient to protect the interests of the Pre-Petition Secured Lenders. Except as expressly provided herein, nothing contained in this Order (including, without limitation, the authorization of the use of any Cash Collateral and the granting of any

31

**Replacement Liens or** Junior Adequate Protection Liens) shall impair or modify any

rights, claims or defenses available in law or equity, including, without limitation, any right

to propose, subject to the provisions of Section 1121 of the Bankruptcy Code, a Chapter 11

plan or plans of reorganization, to the Pre-Petition Agent, any Pre-Petition Secured Lender,

the Agent or any DIP Lender including, without limitation, rights of a party to a swap

agreement, securities contract, commodity contract, forward contract or repurchase

agreement with a Debtor to assert rights of setoff or other rights with respect thereto as

permitted by law (or the right of a Debtor to contest such assertion).   **The Pre-Petition**

**Agent and the Pre-Petition Secured Lenders shall have the right to** ~~any person has a~~

~~valid, perfected, enforceable, and non-avoidable right to set off in respect of its pre-petition~~

~~payables as of the Petition Date, such person shall be granted a replacement lien (a "Junior~~

~~Adequate Protection Lien") under section 361(2) of the Bankruptcy Code in all of the~~

~~Debtors' right, title, and interest in, to and under the Collateral securing the Debtors'~~

~~Obligations under the DIP Credit Agreement, subject and subordinate (i) to the Carve Out,~~

~~(ii) to any liens and security interests granted hereunder or under any DIP Document to or~~

~~for the benefit of the Agent and the DIP Lenders and (iii) to the Adequate Protection Liens~~

~~granted to the Pre-Petition Agent and the Pre-Petition Secured Lenders.  Prior to the entry~~

~~of the Final Order, nothing contained in this Order shall affect the rights of  such person to~~

request further or different adequate protection under ~~section 361 of the Bankruptcy Code;~~

~~provided, however, that the Debtors or any other party may contest any such request,~~

~~including the continuation of the adequate protection liens granted hereby to such~~

32

~~person.~~**sections 361, 363(e) and 364(d)(2) of the Bankruptcy Code following the occurrence of any event after the Petition Date, that (i) would reasonably be expected to have a Material Adverse Effect (as defined in the DIP Credit Agreement but without regard to clause (y) of the proviso of said definition) and (ii) either (A) the Debtors are not able to repay or refinance the Pre-Petition Obligations in full in cash under a Chapter 11 plan of reorganization or (B) the Debtors are not able to satisfy the Adequate Protection Obligations.  The Debtors or any other party in interest may object to any such request, and with respect to such objections nothing herein shall operate to shift any applicable burdens of proof from those set forth in the Bankruptcy Code.**

14.   *Perfection Of DIP Liens And Adequate Protection Liens.*

(a)   Subject to the provisions of paragraph 8(a) above, the Agent and the Pre-Petition Agent are hereby authorized, but not required, to file or record financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments in any jurisdiction or take any other action in order to validate and perfect the liens and security interests granted to them hereunder.  Whether or not the Agent on behalf of the DIP Lenders or the Pre-Petition Agent on behalf of the Pre-Petition Secured Lenders shall, in their sole discretion, choose to file such financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments or otherwise confirm perfection of the liens and security interests granted to them hereunder, such liens and security interests shall be deemed valid, perfected, allowed, enforceable, non-avoidable

33

and not subject to challenge dispute or subordination, at the time and as of the date of entry of this Order.  Upon the request of the Agent, each of the Pre-Petition Agent and Pre-Petition Secured Lenders, without any further consent of any party, is authorized to take, execute and deliver such instruments (in each case without representation or warranty of any kind) to enable the Agent to further validate, perfect, preserve and enforce DIP Liens.

(b)    A certified copy of this Order may, in the discretion of the Agent, be filed with or recorded in filing or recording offices in addition to or in lieu of such financing statements, mortgages, notices of lien or similar instruments, and all filing offices are hereby authorized to accept such certified copy of this Order for filing and recording.

(c)    Any provision of any lease or other license, contract or other agreement that requires (i) the consent or approval of one or more landlords or other parties or (ii) the payment of any fees or obligations to any governmental entity, in order for any Debtor to pledge, grant, sell, assign, or otherwise transfer any such leasehold interest, or the proceeds thereof, or other post-petition collateral related thereto, is hereby deemed to be inconsistent with the applicable provisions of the Bankruptcy Code.  Any such provision shall have no force and effect with respect to the transactions granting post-petition liens, in such leasehold interest or the proceeds of any assignment and/or sale thereof by any Debtor, in favor of the DIP Lenders in accordance with the terms of the DIP Credit Agreement or this Order.

34

15.    *Preservation Of Rights Granted Under The Order.*

(a)    No claim or lien having a priority superior to or *pari passu* with those granted by this Order to the Agent and the DIP Lenders or to the Pre-Petition Agent and**,** the Pre-Petition Secured Lenders **and the Setoff Claimants**, respectively, shall be granted or allowed while any portion of the Financing (or any refinancing thereof) or the Commitments thereunder or the DIP Obligations or the Adequate Protection Obligations remain outstanding, and the DIP Liens**, the Adequate Protection Liens, the Replacement Liens** and the **Junior** Adequate Protection Liens shall not be (i) subject or junior to any lien or security interest that is avoided and preserved for the benefit of the Debtors' estates under section 551 of the Bankruptcy Code or (ii) subordinated to or made pari passu with any other lien or security interest, whether under section 364(d) of the Bankruptcy Code or otherwise**. (other than as specifically provided for in this Order). Nothing in this paragraph 15(a) shall limit (x) the rights of the Debtors to refinance the Financing in compliance with the DIP Credit Agreement or (y) the rights of any party in interest with respect to any such refinancing.**

(b)    Unless all DIP Obligations shall have been paid in full (and, with respect to outstanding letters of credit issued pursuant to the DIP Credit Agreement, cash collateralized in accordance with the provisions of the DIP Credit Agreement) and the Adequate Protection Obligations shall have been paid in full, the Debtors shall not seek, and it shall constitute an Event of Default and a termination of the right to use Cash Collateral if any of the Debtors seek, or if there is entered, (i) any modifications or

35

extensions of this Order without the prior written consent of the Agent, and no such

consent shall be implied by any other action, inaction or acquiescence by the Agent, or (ii)

an order dismissing any of the Cases.  If an order dismissing any of the Cases under section

1112 of the Bankruptcy Code or otherwise is at any time entered, such order shall provide

(in accordance with sections 105 and 349 of the Bankruptcy Code) that ~~(i)~~**(x)** the

Superpriority Claims, priming liens, security interests and replacement security interests

granted to the Agent and, as applicable, the Pre-Petition Agent **or the Setoff Claimants**

pursuant to this Order shall continue in full force and effect and shall maintain their

priorities as provided in this Order until all DIP Obligations and Adequate Protection

Obligations shall have been paid and satisfied in full (and that such Superpriority Claims,

priming liens and replacement security interests, shall, notwithstanding such dismissal,

remain binding on all parties in interest) and ~~(ii)~~**(y)** this Court shall retain jurisdiction,

notwithstanding such dismissal, for the purposes of enforcing the claims, liens and security

interests referred to in (~~i~~**x**) above.

(c)    If any or all of the provisions of this Order are hereafter reversed,

modified, vacated or stayed, such reversal, stay, modification or vacation shall not affect

(i) the validity of any DIP Obligations or Adequate Protection Obligations incurred prior to

the actual receipt of written notice by the Agent or Pre-Petition Agent, as applicable, of the

effective date of such reversal, stay, modification or vacation or (ii) the validity or

enforceability of any lien or priority authorized or created hereby or pursuant to the DIP

Credit Agreement with respect to any DIP Obligations or Adequate Protection Obligations.

NYDOCS03/785799.9

Notwithstanding any such reversal, stay, modification or vacation, any use of Cash

Collateral, or DIP Obligations or Adequate Protection Obligations incurred by the Debtors

to the Agent, the DIP Lenders, the Pre-Petition Agent or the Pre-Petition Secured Lenders

prior to the actual receipt of written notice by the Agent and Pre-Petition Agent of the

effective date of such reversal, stay, modification or vacation shall be governed in all

respects by the original provisions of this Order, and the Agent, DIP Lenders, Pre-Petition

Agent and Pre-Petition Secured Lenders shall be entitled to all the rights, remedies,

privileges and benefits granted in section 364(e) of the Bankruptcy Code, this Order and

pursuant to the DIP Documents with respect to all uses of Cash Collateral, DIP Obligations

and Adequate Protection Obligations.

(d)    Except as expressly provided in this Order or in the DIP Documents,

the DIP Liens, the Superpriority Claims and all other rights and remedies of the Agent and

the DIP Lenders granted by the provisions of this Order and the DIP Documents shall

survive, and shall not be modified, impaired or discharged by (i) the entry of an order

converting any of the Cases to a case under chapter 7, dismissing any of the Cases,

terminating the joint administration of these Cases or by any other act or omission, or (ii)

the entry of an order confirming a plan of reorganization in any of the Cases and, pursuant

to section 1141(d)(4) of the Bankruptcy Code, the Debtors have waived any discharge as to

any remaining DIP Obligations.  The terms and provisions of this Order and the DIP

Documents shall continue in these Cases, in any successor cases if these Cases cease to be

jointly administered, or in any superseding chapter 7 cases under the Bankruptcy Code, and

NYDOCS03/785799.9

the DIP Liens, the Superpriority Claims and all other rights and remedies of the Agent and the DIP Lenders granted by the provisions of this Order and the DIP Documents shall continue in full force and effect until the DIP Obligations are indefeasibly paid in full.

16.    *Effect Of Stipulations On Third Parties*.  Subject to the reservation of rights set forth in this paragraph 16, the stipulations and admissions contained in paragraphs 3 and 10 of this Order shall be binding upon the Debtors in all circumstances.  The stipulations and admissions contained in paragraphs 3 and 10 of this Order shall be binding upon all other parties in interest, including, without limitation, any**the Creditors'** Committee, unless (a) a party-in-interest has timely filed an adversary proceeding or contested matter**, or commenced litigation for authorization to commence such litigation,** (subject to the limitations contained herein, including, *inter alia*, in paragraph 17) by no later than the date that is 90 days after the initial selection of counsel by the Official Committee of Unsecured Creditors (the "Creditors' Committee") in the Cases**January 16, 2006** (or such later date (x) as has been agreed to, in writing, by the Pre-Petition Agent in its sole discretion or (y) as has been ordered by the Court) (i) challenging the validity, enforceability, priority or extent of the Pre-Petition Debt or the Pre-Petition Agent's or the Pre-Petition Secured Lenders' liens on the Pre-Petition Collateral or (ii)**, (ii) seeking a determination that the Pre-Petition Debt was under-secured as of the Petition Date, or (iii)** otherwise asserting or prosecuting any Avoidance Actions or any other any claims, counterclaims or causes of action , objections, contests or defenses (collectively, "Claims and Defenses") against the Pre-Petition Agent

38

NYDOCS03/785799.9

or any of the Pre-Petition Secured Lenders or their respective affiliates, subsidiaries,

directors, officers, representatives, attorneys or advisors in connection with matters related

to the Existing Agreements, the Pre-Petition Debt, or the Pre-Petition Collateral, and (b)

there is a final order in favor of the plaintiff sustaining any such challenge or claim in any

such timely filed adversary proceeding or contested matter, *provided* that as to the Debtors,

all such Claims and Defenses are hereby irrevocably waived and relinquished as of the

Petition Date other than any such Claims and Defenses as they relate to the

**appropriateness of any interest rate charged or claimed by the Pre-Petition Secured**

**Lenders, including the** allowance of any claim for default interest under Section 2.14 of

the Pre-Petition Credit Agreement or **the allowance of any claim** for any prepayment

premium under Sections 2.10 or 2.11 of the Pre-Petition Credit Agreement.  Subject in

each case to the reservation of the Debtors' rights **set forth above** to contest the allowance

of any claim for default interest on the Pre-Petition Debt or any prepayment premium, if no

such adversary proceeding or contested matter is timely filed **(or motion or other request**

**for authorization to commence such litigation)**, (x) the Pre-Petition Debt and all related

obligations of the Debtors (the "Pre-Petition Obligations") shall constitute allowed claims,

not subject to counterclaim, setoff, subordination, recharacterization, defense or avoidance,

for all purposes in the Cases and any subsequent chapter 7 cases, (y) the Pre-Petition

Agent's and the Pre-Petition Secured Lenders' liens on the Pre-Petition Collateral shall be

deemed to have been, as of the Petition Date, legal, valid, binding and perfected, not

subject to defense, counterclaim, recharacterization, subordination or avoidance and (z) the

39

NYDOCS03/785799.9

Pre-Petition Obligations, the Pre-Petition Agent's and the Pre-Petition Secured Lenders'
liens on the Pre-Petition Collateral and the Pre-Petition Agent and the Pre-Petition Secured
Lenders shall not be subject to any other or further challenge by any party-in-interest, and
any such party-in-interest shall be enjoined from, seeking to exercise the rights of the
Debtors' estates, including, without limitation, any successor thereto (including, without
limitation, any estate representative or a chapter 7 or 11 trustee appointed or elected for any
of the Debtors).  If any such adversary proceeding or contested matter **(or motion or other
request for authorization to commence such litigation)** is timely filed, the stipulations
and admissions contained in paragraphs 3  and 10 of this Order shall nonetheless remain
binding and preclusive (as provided in the second sentence of this paragraph) on any
official committee (including the Creditors' Committee) and on any other person or entity,
except to the extent that such findings and admissions were expressly challenged in such
adversary proceeding or contested matter **(or motion or other request for authorization
to commence such litigation)**.  Nothing in this Order vests or confers on any Person (as
defined in the Bankruptcy Code), including ~~any~~**the Creditors'** Committee, standing or
authority to pursue any cause of action belonging to the Debtors or their estates, including,
without limitation, Claims and Defenses with respect to the Existing Agreements or the
Pre-Petition Obligations.

17.    *Limitation On Use Of Financing Proceeds And Collateral.*
Notwithstanding anything herein or in any other order by this Court to the contrary, no
borrowings, letters of credit, Cash Collateral, Pre-Petition Collateral, Collateral or the

40

NYDOCS03/785799.9

Carve Out may be used to (a) object, contest or raise any defense to, the validity, perfection,

priority, extent or enforceability of any amount due under the DIP Documents or the

Existing Agreements, or the liens or claims granted under this Order, the DIP Documents

or the Existing Agreements, (b) assert any Claims and Defenses or any other causes of

action against the Agent, the DIP Lenders, the Pre-Petition Agent or the Pre-Petition

Secured Lenders or their respective agents, affiliates, representatives, attorneys or advisors,

(c) prevent, hinder or otherwise delay the Agent's or the Pre-Petition Agent's assertion,

enforcement or realization on the Cash Collateral or the Collateral in accordance with the

DIP Documents, the Existing Agreements or this Order, (d) seek to modify any of the

rights granted to the Agent, the DIP Lenders, the Pre-Petition Agent or the Pre-Petition

Secured Lenders hereunder or under the DIP Documents or the Existing Agreements, in

each of the foregoing cases without such parties' prior written consent or (e) pay any

amount on account of any claims arising prior to the Petition Date unless such payments

are (i) approved by an Order of this Court and (ii) in accordance with the DIP Credit

Agreement or otherwise approved by the Agent in its sole discretion; *provided* that,

notwithstanding anything to the contrary herein, ~~any statutory committee appointed by~~ the

~~U.S.~~ **Creditors'** ~~Trustee~~**Committee** shall be limited to $~~250,000, in the aggregate for all~~

~~such committees,~~ **250,000** to perform the investigations contemplated hereby **and no other**

**official committee shall be authorized to perform such investigations**.

    18.    ***Setoff, Replacement Liens and*** *Junior Adequate Protection Liens*.  To the

extent ~~any person has a valid, perfected, enforceable, and non-avoidable right to set off in~~

41

respect of its pre-petition payables as of the Petition Date, such person shall be granted a replacement lien (a "Junior Adequate Protection Lien") under section 361(2) of the Bankruptcy Code in all of the Debtors' right, title, and interest in, to and under the Collateral securing the Debtors' Obligations under the DIP Credit Agreement, subject and subordinate (i) to the Carve Out, (ii) to any liens and security interests granted hereunder or under any DIP Document to or for the benefit of the Agent and the DIP Lenders and (iii) to the Adequate Protection Liens granted to the Pre-Petition Agent and the Pre-Petition Secured Lenders.  Prior to the entry of the Final Order, nothing contained in this Order shall affect the rights of  such person to request further or different adequate protection under section 361 of the Bankruptcy Code; provided, however, that the Debtors or any other party may contest any such request, including the continuation of the adequate protection liens granted hereby to such person.**that a customer or supplier of the Debtors that has an allowable setoff claim under section 506 or 553 of the Bankruptcy Code in respect of its payables owed to any Debtor as of the Petition Date ("Pre-Petition Payables") or a valid right of recoupment that arose prior to the Petition Date (such setoff claim or right of recoupment, "Setoff"), such customer or supplier (a "Setoff Claimant") is hereby provided with adequate protection as described below.  For the avoidance of doubt, nothing herein shall be construed to be an admission or acknowledgement, or an increase or decrease in the monetary amount of the pre-petition setoff rights of any person, under the Bankruptcy Code,**

42

**applicable non-bankruptcy law or otherwise, as such rights existed as of the Petition Date.**

        **(a)**      **Exercise of Set Off.  (1) Notwithstanding the effect of the stay imposed by section 362(a) of the Bankruptcy Code and except as hereinafter provided, a Setoff Claimant shall be entitled to exercise its Setoff solely in respect of its Pre-Petition Payables that arose in the ordinary course of business as determined pursuant to this paragraph for any claims or recoupment defenses ("Qualifying Claims and Defenses") arising from or related to the Debtors' prepetition warranty programs, customer adjustments, customer rebates and allowances, overpricing claims, claims for short shipments and damaged goods and other similar claims arising in the ordinary course of business of the relevant parties other than any such claims or recoupment defenses arising as a result of the filing of the cases (a "Setoff Right").  A Setoff Right shall not include any claims or recoupment defenses arising from or related to employee or employee benefit matters, retiree benefit or pension matters, including, without limitation, any related indemnities or guarantees, the rejection of executory contracts, or consequential or punitive damages.  The determination as to whether a Qualifying Claim or Defense gives rise to a "Setoff Right" will be made solely by (i) the agreement of the Setoff Claimant, the Creditors' Committee and the Debtors, (ii) pursuant to the procedures hereinafter set forth or (iii) order of the Court.**

**NYDOCS03/785799.9**

**(2)**      **Any Setoff Claimant seeking to exercise a Setoff Right against payables during any month (whether against Pre-Petition Payables or post-petition payables) shall submit to the Debtors and the Creditors' Committee (with a copy to the Agent) a written request to exercise such Setoff Right, the basis for such Setoff Right and reasonably detailed documentation supporting such Setoff Right.  If the Setoff Claimant, the Creditors' Committee and the Debtors fail to agree in writing that any amount is included in a Setoff Right within 10 Business Days after submission of such information to the Debtors and the Creditors' Committee (the "Agreement Deadline"), the Debtors and such Setoff Claimant shall (unless all such parties agree to extend such 10 Business Day period) seek resolution of such matter through a mediator agreed to by the Debtors and such Setoff Claimant or appointed by this Court.  Such mediation shall end not later than 30 days after the appointment of such mediator unless such period is extended by agreement of the Debtors and such Setoff Claimant.  If the Debtors and such Setoff Claimant cannot resolve the matter through such mediation, then such matter will be submitted to binding arbitration to a single arbitrator agreed to by all such parties or appointed by this Court, and such parties shall request that such arbitrator issue its ruling within 90 days after the Agreement Deadline.  Notwithstanding any award in any such arbitration, in no event shall the Setoff Claimant be permitted to exercise its Setoff Right against any payables other than Pre-Petition Payables except to the extent expressly permitted by the Debtors, as hereinafter set forth.**

44

**(3)** **In the event any Setoff Claimants (the "Non-Exercising Setoff Claimants") have not exercised their asserted Setoff Rights in respect of their respective Pre-Petition Payables and have instead paid their Pre-Petition Payables to the Debtors, in addition to any other adequate protection provided to such Non-Exercising Setoff Claimants herein, the Non-Exercising Setoff Claimants may exercise Setoff Rights established in accordance with this paragraph against post-petition payables owed by such Non-Exercising Setoff Claimants to the Debtor or Debtors against which such Non-Exercising Setoff Claimants have their Setoff Rights; *provided* that (a) in the case of the exercise of any Setoff Rights by General Motors Corporation or any of its affiliates ("GM"), the aggregate amount of Setoff Rights that the Debtors may authorize to be exercised pursuant to this subparagraph (3) against post-petition payables owed by GM to the Debtors during any month shall not exceed $35 million (the "Aggregate Monthly Cap Amount") and (c) to the extent Setoff Rights are recognized in accordance with this Order in excess of the Setoff Rights that are permitted to be exercised pursuant to such limitations, Setoff Claimants may carry forward their Setoff Right to succeeding months, subject to the applicable monthly limitations, if any, until such Setoff Rights have been fully exercised.**

**(4)** **Except as set forth above, and subject to the adequate protection provided to Setoff Claimants as herein set forth, Setoff Claimants shall not be permitted to exercise any Setoff until the later of (x) the effective date of the**

45

**Debtors' confirmed plan of reorganization and (y) allowance of the Setoff as a claim in these Cases.  Any exercise of Setoff pursuant to (x) or (y) above is subject to the treatment afforded to such Setoff under a plan of reorganization confirmed by the Bankruptcy Court.  Nothing contained herein shall (i) limit the discretion of the Debtors to pay warranty and/or product recall claims in accordance with orders of the Court or (ii) limit the right of any party in interest to exercise a post-petition Setoff Right against a post-petition payable in respect of a Qualifying Claim or Defense arising after the commencement of the Cases.**

**(b)      Adequate Protection.  Setoff Claimant is entitled, pursuant to sections 361, 362(e) and 364(d)(1) of the Bankruptcy Code, to adequate protection of its Setoff Rights in its Pre-Petition Payables to the extent it does not exercise such Setoff Right and remits the amount subject to such Setoff Right to the Debtors.  As adequate protection, Setoff Claimant is hereby granted, effective upon payment to the Debtors of the amount subject to such Setoff Right, the following (collectively, the "Junior Adequate Protection Liens"):**

**(i)      A replacement lien (the "Replacement Lien") on such Setoff Claimant's post-petition payables to the extent that it is determined that such Setoff Claimant had a Setoff Right in respect of the Pre-Petition Payables that have been remitted to the Debtors, which Replacement Lien is limited to the Setoff that could have been validly asserted at the time such Pre-Petition Payable was due and owing; *provided, however*, that (i) the Debtors reserve their rights to any and all Claims and**

46

**Defenses that may be asserted with respect to such Setoff Rights and (ii) the Replacement Liens are subject and subordinate to and only to (x) the security interests and liens granted to the Agent for the benefit of the DIP Lenders in this Order and pursuant to the DIP Documents and any liens to which such liens so granted to the Agent are junior and (y) the Carve-Out.**

**(ii)        As further adequate protection to protect the Setoff Claimant against any diminution in the value of its Replacement Lien, the Setoff Claimant is hereby granted a security interest in and lien upon all the other Collateral, subject and subordinate to and only to (A) the security interests and liens granted to the Agent for the benefit of the DIP Lenders in this Order and pursuant to the DIP Documents and any liens to which such liens so granted to the Agent are junior,  (B) the Carve Out and (C) Pre-Petition Secured Lenders' liens on the Pre-Petition Collateral and the Adequate Protection Liens granted to the Pre-Petition Agent and the Pre-Petition Secured Lenders, *provided* that the Setoff Claimant's security interest in and lien upon Collateral which is not (x) Pre-Petition Collateral, (y) Collateral that would have constituted Pre-Petition Collateral in which the Pre-Petition Agent would have had a valid and perfected security interest or lien but for the commencement of these cases and without further action or (z) subject to the Replacement Lien shall be *pari passu* with the Adequate Protection Liens granted to the Pre-Petition Agent and the Pre-Petition Secured Lenders in such Collateral.**

47

(iii)    **As further Adequate Protection, to the extent that the post-petition payables in respect of which the Setoff Claimant is granted a Replacement Lien are less than the Setoff Rights of such Setoff Claimant, such Setoff Claimant is hereby granted an administrative claim under section 507(b) of the Bankruptcy Code in the amount of such deficiency subject to the Carve Out and equal in priority to the administrative claim granted as adequate protection to the Pre-Petition Secured Lenders in Paragraph 12(b) above; *provided, however,* that the Setoff Claimant shall not receive or retain any payments, property or other amounts in respect of the claims under section 507(b) of the Bankruptcy Code granted hereunder unless and until the DIP Obligations have indefeasibly been paid in cash in full.**

**19.    *Debtor Reimbursement Claims and Debtor Liens*.  Without limiting the joint and several liability of each of the Debtors for the DIP Obligations, the Debtors shall use their reasonable best efforts to ensure that Debtors that receive the benefit of funds advanced under the Financing repay their share thereof on a dollar for dollar basis.  To the extent a Debtor (i) incurs any of the DIP Obligations (including as a result of intercompany balances incurred after the Petition Date to the extent such balances arise from the incurrence of DIP Obligations) or (ii) receives a postpetition intercompany loan or transfer (including as a result of the Debtors' cash management system or otherwise) (each a "Beneficiary Debtor"), and such DIP Obligations were repaid or such postpetition intercompany loan or transfer is made**

48

**(including from cash collateral) (each an "Advance") by (A) any other Debtor that is a Borrower or Guarantor under the Financings or (B) any non-Debtor affiliate participating in the cash management system (together (A) and (B) an "Adequately Protected Entity"), the Adequately Protected Entity shall have, subject to the limitations set forth in paragraph 20 below (a) an allowed claim under sections 364(c)(1) and 507(b) of the Bankruptcy Code against the Beneficiary Debtor for the amount of such Advance, having priority over any and all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code, which claim shall bear interest at a rate agreed between the Debtors from time to time for the period accruing from and after the date such claim arises until repayment thereof (collectively, the "Debtor Reimbursement Claim") and (b) a lien on all Collateral under section 364(c)(3) of the Bankruptcy Code securing such Debtor Reimbursement Claim (a "Debtor Lien").**

**20.    All Debtor Reimbursement Claims and Debtor Liens shall be junior, subject and subordinate to and only to the Superpriority Claims, the DIP Liens, the Adequate Protection Obligations, Junior Adequate Protection Liens, the Replacement Liens and to any claims against such Beneficiary Debtor that are expressly senior to, and on a parity with, or carved out from the Superpriority Claims, the DIP Liens, the Adequate Protection Obligations, Junior Adequate Protection Liens or the Replacement Liens.  All Debtor Liens shall be "silent" liens and the Adequately Protected Entity shall forbear from exercising, and shall not be**

49

**NYDOCS03/785799.9**

**entitled to exercise, any right or remedy relating to any Debtor Reimbursement Claim or Debtor Lien, including, without limitation, taking any of the actions that the Pre-Petition Agent, the Pre-Petition Secured Lenders and holders of Replacement Liens and Junior Adequate Protection Liens are prohibited from taking pursuant to paragraph 8, including, without limitation, seeking relief from the automatic stay, or seeking any sale, foreclosure, realization upon repossession or liquidation of any property of another Debtor, or taking any position with respect to any disposition of the property, the business operations, or the reorganization of another Debtor. The Agent shall have the exclusive right to manage, perform and enforce all rights and remedies described in the preceding sentence and in the DIP Documents.  The Debtor Lien of the Adequately Protected Entity automatically, and without further action of any person or entity of any kind, shall be released or otherwise terminated to the extent that property subject to such Debtor Lien is sold or otherwise disposed of by or on behalf of the Agent or any other Debtor or to the extent that such property is subject to a lien prior to the DIP Liens and such lien is permitted under the DIP Documents.**

**21.      With respect to the effect of Debtor Liens on any sale of property by the Debtors, (a) the Debtors may sell property, in accordance with section 363 of the Bankruptcy Code, free and clear of any Debtor Lien, with such lien attaching to the proceeds of sale in the same priority and subject to the same limitations and**

50

**restrictions as existed in respect of the property sold and (b) the provisions of section 363(k) of the Bankruptcy Code shall not apply.**

**22.** ~~19.~~ *JPMCB As Collateral Agent.*  To the extent JPMCB, in its role as Collateral Agent under the Existing Agreements, is the secured party under any Control Agreements (as defined in the Existing Agreements), listed as loss payee under the Debtors' insurance policies as required under the Guarantee and Collateral Agreement or is the secured party under any other Existing Agreement, JPMCB, in its role as Collateral Agent under the DIP Credit Agreement, is also deemed to be the secured party under such Control Agreements, loss payee under the Debtors' insurance policies and the secured party under any other Existing Agreement and shall act in that capacity and distribute any proceeds recovered or received <u>first</u>, for the benefit of the DIP Lenders in accordance with the DIP Credit Agreement and <u>second</u>, subsequent to indefeasible payment in full of all DIP Obligations, for the benefit of the Pre-Petition Secured Lenders under the Existing Agreements.

**23.** ~~20.~~ *Order Governs.*  In the event of any inconsistency between the provisions of this Order and the DIP Documents, the provisions of this Order shall govern.

~~21.~~ ~~*Prior Cash Collateral Order Superseded.*~~  ~~Upon entry of this Order, this Order shall supersede in all respects the Bridge Order Under 11 U.S.C. §§ 361, 362, and 363 Authorizing Use of Cash Collateral and Adequate Protection to Prepetition Secured Parties, dated October 8, 2005, which Order shall be of no further force or effect.~~

51

**24.** ~~22.~~ *Binding Effect; Successors And Assigns.*  The DIP Documents and the provisions of this Order, including all findings herein, shall be binding upon all parties in interest in these Cases, including, without limitation, the Agent, the DIP Lenders, the Pre-Petition Agent, the Pre-Petition Secured Lenders, any party granted a Junior Adequate Protection Lien hereunder, any Committee appointed in these Cases, and the Debtors, for themselves and not for their estates, and their respective successors and assigns and shall inure to the benefit of the Agent, the DIP Lenders, the Pre-Petition Agent, the Pre-Petition Secured Lenders, any party granted a **Replacement Lien or** Junior Adequate Protection Lien, and the Debtors and their respective successors and assigns; *provided*, *however*, that the Agent, the Pre-Petition Agent, the DIP Lenders and the Pre-Petition Secured Lenders shall have no obligation to permit the use of Cash Collateral or extend any financing to any chapter 7 trustee or similar responsible person appointed for the estates of the Debtors.  In determining to make any loan under the DIP Credit Agreement, permitting the use of Cash Collateral or in exercising any rights or remedies as and when permitted pursuant to this Order or the DIP Documents, the Agent, the Pre-Petition Agent, the DIP Lenders and the Pre-Petition Secured Lenders shall not be deemed to be in control of the operations of the Debtors or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtors (as such terms, or any similar terms, are used in the United States Comprehensive Environmental Response, Compensation and Liability Act, 29 U.S.C. §§ 9601 et seq. as amended, or any similar federal or state statute).

52

23.    *Final Hearing*.  The Final Hearing is scheduled for October 27, 2005 at 10:00 a.m. before this Court.

The Debtors shall promptly mail copies of this Order (which shall constitute adequate notice of Final Hearing, including without limitation, notice that the Debtors will seek approval at the Final Hearing of a waiver of rights under section 506(c) of the Bankruptcy Code) to the parties having been given notice of the Interim Hearing, and to any other party that has filed a request for notices with this Court and to any Committee after the same has been appointed, or Committee counsel, if the same shall have been appointed.  Any party-in-interest objecting to the relief sought at the Final Hearing shall serve and file written objections; which objections shall be served upon (a) Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Chicago, Illinois 60606, Att'n: John Wm. Butler, Jr., Esq., attorneys for the Debtors; (b) Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022, Att'n: Douglas P. Bartner, Esq., attorneys for the Debtors; (c) Davis Polk & Wardwell, 450 Lexington Avenue, New York, NY 10017, Att'n: Donald S. Bernstein, Esq., attorneys for the Agent and the Joint Lead Arrangers; (d) Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Att'n: Kenneth S. Ziman, Esq., and Robert H. Trust, Esq., attorneys for the Pre-Petition Agent and (e) the Office of the United States Trustee for the Southern District of New York, Att'n: Alicia M. Leonhard, Esq. and shall be filed with the Clerk of the United States Bankruptcy Court, Southern District of New York, in each case to allow

53

~~actual receipt by the foregoing no later than October 20, 2005 at 4:00 p.m., prevailing~~
~~Eastern time.~~

**25.** *Aircraft Leases.* **Notwithstanding anything to the contrary contained in this Order, no DIP Liens or any other liens or interests granted, authorized or contemplated herein shall attach to any interests of Delphi Automotive Systems Human Resources, LLC ("Delphi HR") in two leases of aircraft, both of which are dated March 30, 2001 between Bank of America, N.A., and Delphi HR (the "Aircraft Leases"), or in any personal property that is the subject of the Aircraft Leases. The terms of this Order shall govern to the extent of any inconsistency between this Order and that certain Cash Management Order dated October 14, 2005, including, without limitation, with respect to the matters set forth in paragraphs 19 to 21 of this Order.**

**26.** *Objections Overruled.* **Any Objection which has not been withdrawn or resolved is, to the extent not resolved, hereby overruled.**

**27.** *Committee Notices.* **All notices to be provided to the Creditors' Committee shall be sent to Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, NY 10022-4834, Attn: Robert Rosenberg, Esq.**

Dated:   October __, 2005
      New York, New York

                        _____

                        UNITED STATES BANKRUPTCY JUDGE

54

Document comparison done by DeltaView on Wednesday, October 26, 2005 11:46:43

| Input: | |
|---|---|
| Document 1 | pcdocs://NYDOCS03/785923/785923 |
| Document 2 | pcdocs://NYDOCS03/785799/9 |
| Rendering set | Shearman & Sterling |

| Legend: | |
|---|---|
| **Insertion** | |
| Deletion | |
| Moved from | |
| Moved to | |
| Format change | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Redline Summary: | | |
|---|---|---|
| No. | Change | Text |
| 1 | Insertion | NYDOCS03/785799.9 |
| 2 | Insertion | NYDOCS03/785799.9 |
| 3-4 | Change | "INTERIM ORDER" changed to "FINAL ORDER" |
| 5-6 | Change | "COLLATERAL, (III)" changed to "COLLATERAL AND (III)" |
| 7 | Change | "PARTIES AND (III)...RULES 4001(b) AND (c)" changed to "PARTIES" |
| 8-9 | Change | "("INTERIM DIP FINANCING" changed to "("FINAL DIP FINANCING" |
| 10-11 | Change | "described herein; and" changed to "described therein; and" |
| 12-13 | Insertion | The Interim Hearing...filed with this Court. |
| 14 | Insertion | The Final Hearing having...27, 2005 at 10:00 a.m. |
| 15 | Change | "therein and the" changed to "therein, the Interim Hearing and the" |
| 16-17 | Change | "and the Interim Hearing" changed to "and the Final Hearing" |
| 18-19 | Moved from | The Interim Hearing...11, 2005 at 4:00 p.m. |
| 20 | Insertion | Objections to the Motion...the "Objections"). |
| 21 | Change | "Hearing and after" changed to "Hearing and |

| | | the Final Hearing, and after" |
|---|---|---|
| 22 | Change | "Motion and the" changed to "Motion, the Interim Hearing, and the" |
| 23-24 | Change | "and the Interim Hearing" changed to "and the Final Hearing" |
| 25 | Change | "therewith as provided" changed to "therewith including,...Agreement), as provided" |
| 26-27 | Change | "of this Interim Order." changed to "of this Final Order." |
| 28-29 | Change | "Debtors have an immediate...to obtain the Financing" changed to "Debtors require the remainder of the Financing" |
| 30 | Change | "forth in this Order" changed to "forth in the Interim Order, this Order" |
| 31-32 | Change | "Motion (the "DIP" changed to "Motion, as amended by the...(as so amended, the "DIP" |
| 33-34 | Change | "authorized to enter into the DIP" changed to "authorized to be a party to the DIP" |
| 35 | Change | "amount of $" changed to "amount, inclusive of...the Interim Order, of $" |
| 36-37 | Change | "of $950,000,000 (plus" changed to "of $2,000,000,000 (plus" |
| 38-39 | Change | "iii) below," changed to "iv) below," |
| 40-41 | Change | "thereunder).  Notwithstanding" changed to "thereunder, amend the...Notwithstanding" |
| 42 | Change | "any time prior" changed to "any time (x) prior" |
| 43-49 | Change | "to the Final Hearing, (A)...by the Fee Letter" changed to "to the Successful...and Restated Fee Letter" |
| 50-53 | Change | "dated September 22, 2005 among" changed to "dated October 14, 2005 among" |
| 54 | Change | "Arrangers (permitting" changed to "Arrangers (the "Fee...Fee Letter (permitting" |
| 55-59 | Change | "syndication) or (B) as" changed to "syndication), and (y) as" |
| 60-61 | Change | "Amendment (as defined in...DIP Credit Agreement)," changed to "Amendment." |
| 62-63 | Insertion | (iii)              In addition,...(b) to read as follows: |
| 64 | Insertion | "If on any date the...DIP Credit Agreement." |
| 65 | Insertion | The following related...DIP Credit Agreement: |
| 66 | Insertion | "Asset Sale":  any...(viii) of Section 6.10). |
| 67 | Insertion | "Disposition":  with...correlative meanings. |
| 68 | Insertion | "Net Cash Proceeds":  in...is at least $10,000,000. |

| 69 | Insertion | "Recovery Event":  any...in excess of $5,000,000. |
|---|---|---|
| 70-71 | Change | "(iii) the non" changed to "(iv)        the non" |
| 72-73 | Change | "(iv) the performance" changed to "(v)      the performance" |
| 74-75 | Change | "Upon execution and delivery of the DIP Documents" changed to "The DIP Documents" |
| 76 | Change | "Documents, the DIP Documents shall constitute" changed to "Documents constitute" |
| 77 | Change | "Obligations and Junior" changed to "Obligations, Replacement Liens and Junior" |
| 78-79 | Change | "date of this Order" changed to "date of entry of the Interim Order" |
| 80-81 | Change | "permitted by Section 546(b)" changed to "permitted by section 546(b)" |
| 82 | Change | "foregoing provided," changed to "foregoing, provided," |
| 83 | Change | "hereof), and (ii) any" changed to "hereof), (ii) any" |
| 84-85 | Change | "Date, or to any valid," changed to "Date, (iii) any valid," |
| 86 | Change | "Bankruptcy Code." changed to "Bankruptcy Code and (iv)...security interest." |
| 87 | Change | "Code, a valid," changed to "Code, valid," |
| 88 | Change | "liens in existence" changed to "liens and, as to...defined) in existence" |
| 89 | Change | "liens." changed to "liens and Setoffs." |
| 90-91 | Change | "Liens (as defined below), and the" changed to "Liens, the Replacement Liens and the" |
| 92 | Change | "Liens shall" changed to "Liens (each as defined below) shall" |
| 93 | Change | "Lenders, and holders" changed to "Lenders, the holders of...Liens and holders" |
| 94 | Change | "Documents and" changed to "Documents, provided that...of any Collateral and" |
| 95-96 | Change | "of the Filing Date.  Nothing" changed to "of the Petition Date....DIP Lenders.  Nothing" |
| 97 | Change | "holders of Junior" changed to "holders of Replacement Liens or Junior" |
| 98 | Change | "applicable law." changed to "applicable law. This...rights on the Debtors." |
| 99 | Change | "holders of Junior" changed to "holders of Replacement Liens or Junior" |
| 100 | Change | "waive their" changed to "waive in such capacities,...unsecured claims, their" |

| 101 | Change | "holders of Junior" changed to "holders of Replacement Liens or Junior" |
| 102-103 | Change | "Subject to and effective...relief, except to the" changed to "Except to the" |
| 104 | Change | "including the Cash Collateral," changed to "including Cash Collateral," |
| 105 | Change | "Lenders, and" changed to "Lenders and of the...Protection Liens, and" |
| 106 | Change | "Lenders are directed" changed to "Lenders and the holders...Liens are directed" |
| 107 | Change | "Lenders are granted" changed to "Lenders and the holders...Liens are granted" |
| 108-109 | Change | "perfected upon the" changed to "perfected as of the" |
| 110-111 | Change | "the date of this Order and without" changed to "the Petition Date and without" |
| 112-114 | Change | "junior and" changed to "junior, (ii) the...hereinafter defined) and" |
| 115-116 | Change | "and (ii) the Carve" changed to "and (iii) the Carve" |
| 117 | Change | "Carve Out (the "Adequate" changed to "Carve Out, provided that...Order (the "Adequate" |
| 118 | Change | "Bankruptcy Code, limited" changed to "Bankruptcy Code equal in...18(b) below, limited" |
| 119 | Change | "at the rates" changed to "at the non-default contract rates" |
| 120 | Change | "limited to, fees owed" changed to "limited to, reasonable fees owed" |
| 121 | Change | "Agreements and" changed to "Agreements, and" |
| 122-123 | Change | "and (iv)  current" changed to "and (iv)  current" |
| 124-125 | Change | "as such;" changed to "as such (but excluding..."Creditors' Committee")." |
| 126 | Change | "Agent with any" changed to "Agent and the Creditors' Committee with any" |
| 127-128 | Change | "Lenders." changed to "Lenders; provided,...to the DIP Documents." |
| 129-130 | Insertion | (f)        Pre-Petition Letters...Letters of Credit. |
| 131 | Change | "of any Junior" changed to "of any Replacement Liens or Junior" |
| 132-134 | Insertion | The Pre-Petition Agent...in the Bankruptcy Code. |
| 135-136 | Change | "Agent and the Pre-Petition" changed to "Agent, the Pre-Petition" |

| 137 | Change | "Lenders, respectively," changed to "Lenders and the Setoff Claimants, respectively," |
|---|---|---|
| 138 | Change | "Liens and the" changed to "Liens, the Adequate...Liens and the" |
| 139 | Change | "and the Adequate" changed to "and the Junior Adequate" |
| 140-141 | Change | "otherwise." changed to "otherwise (other than as...to any such refinancing." |
| 142 | Change | "Agreement) and the...been paid in full, the" changed to "Agreement), the" |
| 143-144 | Change | "Code) that (i) the Superpriority" changed to "Code) that (x) the Superpriority" |
| 145 | Change | "Agent pursuant" changed to "Agent or the Setoff Claimants pursuant" |
| 146-147 | Change | "interest) and (ii) this Court" changed to "interest) and (y) this Court" |
| 148-149 | Change | "in (i) above." changed to "in (x) above." |
| 150-151 | Change | "limitation, any Committee," changed to "limitation, the Creditors' Committee," |
| 152 | Change | "matter (subject" changed to "matter, or commenced...litigation, (subject" |
| 153-154 | Change | "later than the date that...in the Cases (or such" changed to "later than January 16, 2006 (or such" |
| 155-157 | Change | "Collateral or (ii) otherwise" changed to "Collateral, (ii) seeking...Date, or (iii) otherwise" |
| 158 | Change | "to the allowance" changed to "to the appropriateness of...including the allowance" |
| 159 | Change | "Agreement or for any" changed to "Agreement or the allowance of any claim for any" |
| 160 | Change | "rights to contest" changed to "rights set forth above to contest" |
| 161 | Change | "filed, (x)" changed to "filed (or motion or other...such litigation), (x)" |
| 162 | Change | "matter is timely" changed to "matter (or motion or...litigation) is timely" |
| 163 | Change | "matter." changed to "matter (or motion or...such litigation)." |
| 164-165 | Change | "including any Committee," changed to "including the Creditors' Committee," |
| 166-170 | Change | "herein, any statutory...the U.S. Trustee shall" changed to "herein, the Creditors' Committee shall" |
| 171-172 | Change | "to $250,000, in the...committees, to perform" changed to "to $250,000 to perform" |

| 173 | Change | "hereby." changed to "hereby and no other...such investigations." |
|---|---|---|
| 174 | Change | "Junior" changed to "Setoff, Replacement Liens and Junior" |
| 175-178 | Change | "extent any person has a...hereby to such person." changed to "extent that a customer or...as of the Petition Date." |
| 179-180 | Insertion | (a)      Exercise of Set Off. ...order of the Court. |
| 181-182 | Insertion | (2)      Any Setoff Claimant...hereinafter set forth. |
| 183-184 | Insertion | (3)      In the event any...been fully exercised. |
| 185-186 | Insertion | (4)      Except as set forth...of the Cases. |
| 187-188 | Insertion | (b)      Adequate Protection. ...Protection Liens"): |
| 189-190 | Insertion | (i)      A replacement lien...and (y) the Carve-Out. |
| 191-192 | Insertion | (ii)      As further adequate...in such Collateral. |
| 193-194 | Insertion | (iii)      As further Adequate...paid in cash in full. |
| 195-196 | Insertion | 19.      Debtor Reimbursement...Claim (a "Debtor Lien"). |
| 197-198 | Insertion | 20.      All Debtor...under the DIP Documents. |
| 199-200 | Insertion | 21.      With respect to the...Code shall not apply. |
| 201-202 | Change | "19. JPMCB" changed to "22.      JPMCB" |
| 203-204 | Change | "20. Order" changed to "23.      Order" |
| 205-206 | Deletion | 21.      Prior Cash Collateral...further force or effect. |
| 207-208 | Change | "22. Binding" changed to "24.      Binding" |
| 209 | Change | "granted a Junior" changed to "granted a Replacement Lien or Junior" |
| 210-211 | Deletion | 23.      Final Hearing.  The...a.m. before this Court. |
| 212-214 | Deletion | The Debtors shall...prevailing Eastern time. |
| 215-216 | Insertion | 25.      Aircraft Leases. ...19 to 21 of this Order. |
| 217-218 | Insertion | 26.      Objections Overruled....hereby overruled. |
| 219-220 | Insertion | 27.      Committee Notices. ...Robert Rosenberg, Esq. |

| Statistics: | | |
|---|---|---|
|  | Count | % of content |
| Insertions | 158 | 31.68% |
| Deletions | 78 | 4.51% |
| Moves | 2 | 0.13% |

| Matched | 109 | 63.68% |
|---|---|---|
| Format changed | 0 | 0.00% |