## EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-1.    Robert Bosch Corporation  (Docket No. 428)<br><br>Gordon J. Toering<br>Warner Norcross & Judd LLP<br>900 Fifth Third Center<br>111 Lyon St. NW<br>Grand Rapids, MI 49503-2487<br>(616) 752-2185 | Bosch objects to the DIP motion on the ground that it impairs Bosch's prepetition setoff rights without providing adequate protection.  Bosch requests that it be granted a superior replacement lien as adequate protection for its prepetition setoff rights. | The Debtors have proposed providing the following (the "Setoff Party Proposal"):<br>**(a)** the Debtors shall provide to each holder of a valid setoff claim (each, a "Setoff Party"), subject to the payment of the Carve Out, a superpriority claim as provided for in section 507(b) of the Bankruptcy Code, with the limitations set forth in ordering paragraph 12(b) of the proposed Final Order; plus **(b)** if a Setoff Party makes payment to the Debtors on account of an ordinary course prepetition debt owed to the Debtors which amount could rightfully have been setoff by the Setoff Party (assuming such party received approval under 11 U.S.C. § 553) then the Debtors shall grant such Setoff Party a lien in its post-petition payables in the amount of such setoff, which liens shall be junior only to the liens of the DIP Agent and DIP Lenders; plus **(c)** the Debtors shall grant the Setoff Party liens in collateral of the Pre-Petition Secured Lenders, which liens shall be junior to the DIP Agent, the DIP Lenders and the Prepetition Secured Lenders, but senior to all other parties; plus **(d)** the Debtors shall grant such party liens in assets owned by the Debtors that were not pledged as collateral to the Pre-Petition Secured Lenders, which liens shall be junior only to the DIP Agent and DIP Lenders and shall be pari passu with the adequate protection liens granted to the Pre-Petition Secured Lenders; plus **(e)** the | See paragraph 18 |

# EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
**(Docket Order)**

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| | | Debtors shall allow the Setoff Party to setoff its valid prepetition claims against the Debtors against postpetition payables owed to the Debtors, provided that such prepetition claims arose in the ordinary course of the Debtors' business. | |
| A-2.    Mercedes-Benz U.S. International, Inc. (Docket No. 435)  Michael Leo Hall Burr & Forman LLP 420 North 20th Street Suite 3100 Birmingham, Alabama 35203 (205) 251-3000 | Mercedes-Benz objects to the DIP motion on the ground that it impairs Mercedes-Benz's prepetition setoff rights without providing adequate protection.  Mercedes-Benz also objects to the motion on the ground that there is no authority for the DIP lenders to eliminate or subordinate the rights of creditors secured by setoff rights. | See the Setoff Party Proposal. | See paragraph 18 |
| A-3.    Venture Plastics, Inc. (Docket No. 436)  Jeffrey M. Levinson Margulies & Levinson LLP 30100 Chagrin Boulevard Cleveland, Ohio 44124 (216) 514-4935 | Venture Plastics objects to the DIP motion on the ground that it impairs Venture Plastics's prepetition setoff rights without providing adequate protection.  Venture Plastics requests that it be granted a superior replacement lien as adequate protection for its prepetition setoff rights.  Venture Plastics adopts and incorporates by reference the limited objection of Bosch. | See the Setoff Party Proposal. | See paragraph 18 |

## EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
**(Docket Order)**

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-4.    Pension Benefit Guaranty Corporation (Docket No. 437)<br><br>Merrill Stone<br>Kelly Drye & Warren LLP<br>101 Park Avenue<br>New York, NY 10178<br>(212) 808-7800<br><br>Jeffrey Cohen<br>PBGC<br>1200 K Street, NW, Suite 340<br>Washington, D.C. 20005-4026<br>(202) 326-4020 | The PBGC objects to the DIP motion on the ground that it fails to adequately protect "lender" Debtors in connection with financing provided to "borrower" Debtors on account of intercompany advances. | The Debtors and the PBGC agreed to the following: in connection with intercompany loans where the borrower is a chapter 11 debtor, a lending entity shall be entitled to an administrative claim in the borrowing entity's chapter 11 case for each dollar lent to such borrower. | See paragraphs 19 & 20 |
| | The PBGC requests that the Court modify the cash management order and DIP order to grant to each lender Debtor junior liens and junior superpriority administrative expense claims against the estate of any corresponding borrower Debtor to the extent of any intercompany advances rendered. | The Debtors have added clarifying language to the Cash Management Order, which provides that to the extent there is a conflict between the Final DIP Order and the Cash Management Order as it relates to intercompany transactions, the Final DIP Order controls. | See paragraphs 19 & 20 |

## EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-5.  Calsonic Kansei North America, Inc. (Docket No. 442)<br><br>Roger Jones<br>Austin McMullen<br>Boult, Cummings, Conners, & Berry, PLC<br>1600 Division Street, Suite 700<br>Nashville, TN 37203<br>(615) 252-2323 | Calsonic Kansei objects to the DIP motion on the ground that it impairs Calsonic Kansei's prepetition setoff rights.  Calsonic Kansei further argues that the Debtors cannot meet their burden of proving that Calsonic Kansei is adequately protected. | See the Setoff Party Proposal. | See paragraph 18 |
| A-6.  DaimlerChrysler Corporation, on behalf of itself, DaimlerChrysler Motors Company, LLC and DaimlerChrysler Canada Inc. (Docket No. 450)<br><br>Jay Selanders<br>Daniels & Kaplan, P.C.<br>2405 Grand Boulevard<br>Suite 900<br>Kansas City, MO 64108 | DaimlerChrysler objects to the DIP motion on the ground that it impairs DaimlerChrysler's prepetition setoff rights without providing adequate protection. | See the Setoff Party Proposal. | See paragraph 18 |

# EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-7.  Decatur Plastic Products, Inc.  (Docket No. 451)<br><br>Jeannette Eisan Hinshaw<br>Bose McKinney & Evans LLP<br>135 North Pennsylvania Street, Suite 2700<br>Indianapolis, Indiana 46204<br>(317) 684-5296 | Decatur Plastic objects to the DIP motion on the ground that it impairs Decatur Plastic's prepetition setoff rights without providing adequate protection.  Decatur Plastic requests that it be granted a superior replacement lien as adequate protection for its prepetition setoff rights. | See the Setoff Party Proposal. | See paragraph 18 |
| A-8.  Gibbs Die Casting Corporation (Docket No. 455)<br><br>Michael McCrory<br>Wendy Brewer<br>Barnes & Thornburg LLP<br>11 S. Meridian Street<br>Indianapolis, IN 46204<br>(317) 236-1313 | Gibbs objects to the DIP motion on the ground that it impairs Gibbs's prepetition setoff rights without providing adequate protection. | See the Setoff Party Proposal. | See paragraph 18 |
|  | To the extent that the DIP motion in any way attempts to subordinate or otherwise modify the rights of lienholders with liens arising by operation of law, including special tooling and mold liens, Gibbs objects to such subordination or modification and specifically requests adequate protection of Gibbs's interest in such tooling and molds. | With respect to the party's request to preserve liens arising by operation of law, the Debtors propose the language incorporated in paragraph 7(b), which provides that the DIP Agent's liens are subject to, among other things, (i) any valid, perfected and unavoidable interests in such property arising out of liens to which the liens of the Pre-Petition Secured Lenders become subject subsequent to the Petition Date as permitted by section 546(b) of the Bankruptcy Code and (ii) statutory liens or security interests arising after the Petition Date and permitted under the DIP Credit Agreement that by opera- | See paragraph 7(b) |

## EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
**(Docket Order)**

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| | | tion of law would have priority over a previously perfected security interest in such liens (the "Springing Lien Proposal"). | |
| A-9.    Lorentson Manufacturing Company, Inc. (Docket No. 458)<br><br>Jeannette Eisan Hinshaw<br>Bose McKinney & Evans LLP<br>135 North Pennsylvania Street, Suite 2700<br>Indianapolis, Indiana 46204<br>(317) 684-5296 | Lorentson objects to the DIP motion on the ground that it impairs Lorentson's prepetition setoff rights without providing adequate protection.  Lorentson requests that it be granted a superior replacement lien as adequate protection for its prepetition setoff rights. | See the Setoff Party Proposal. | See paragraph 18 |
| A-10.    Autocam Corporation (Docket No. 459)<br><br>John Gregg<br>Barnes & Thornburg LLP<br>300 Ottawa Avenue, NW, Suite 500<br>Grand Rapids, MI 49503<br>(616) 742-3930 | Autocam objects to the DIP motion on the ground that it impairs Autocam's prepetition setoff rights without providing adequate protection. | See the Setoff Party Proposal. | See paragraph 18 |
| | To the extent that the DIP motion in any way attempts to subordinate or otherwise modify the rights of lienholders with liens arising by operation of law, including special tooling and mold liens, Autocam objects to such subordination or modification and specifically requests adequate protection of Autocam's interest in such tooling and molds. | See the Springing Lien Proposal. | See paragraph 7(b) |

## EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-11.  Lorentson Manufacturing Company Southwest, Inc. (Docket No. 461)<br><br>Jeannette Eisan Hinshaw<br>Bose McKinney & Evans LLP<br>135 North Pennsylvania Street, Suite 2700<br>Indianapolis, Indiana 46204<br>(317) 684-5296 | Lorentson Southwest objects to the DIP motion on the ground that it impairs Lorentson Southwest's prepetition setoff rights without providing adequate protection.  Lorentson Southwest requests that it be granted a superior replacement lien as adequate protection for its prepetition setoff rights. | See the Setoff Party Proposal. | See paragraph 18 |
| A-12.  Ford Motor Company (Docket No. 495 and 623)<br><br>Jonathan S. Green<br>Timothy A. Fusco<br>Miller, Canfield, Paddock and Stone, P.L.C.<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226 | Ford objects to the DIP motion on the grounds that (i) it impairs Ford's prepetition setoff rights without providing adequate protection, (ii) there is no authority in the Bankruptcy Code for reordering priorities between two prepetition secured parties as a matter of adequate protection or otherwise, (iii) Ford's prepetition setoff rights expressly are preserved under section 553 of the Bankruptcy Code, and (iv) in the event that the interim DIP order is modified, the prepetition agent and Pre-Petition Secured Lenders should not be afforded section 364(e) "good faith" protections because the reordering of priorities between prepetition secured parties is wholly improper under the Bankruptcy Code.<br><br>Ford concurs in the objections filed by Mercedes-Benz, Gibbs Die Casting, Autocam, Bosch, Venture Plastics, Calsonic Kansei, Decatur Plastics, Lorentson Manufacturing, and DaimlerChrysler. | See the Setoff Party Proposal. | See paragraph 18 |

## EXHIBIT B

### SUMMARY OF OBJECTIONS TO DIP
#### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| | In the event that its objections are overruled, Ford requests adequate protection in the form of first and senior replacement lien in all amounts are presently or hereafter owed to Debtors with the replacement lien to be senior to the Carve-Out, the DIP liens, the Adequate Protection liens and any other liens. | | |
| A-13.    Freescale Semiconductor, Inc. (Docket No. 501)<br><br>Sandra A. Riemer<br>Candice Frost<br>Phillips Nizer LLP<br>666 Fifth Avenue<br>New York, New York 10103<br>(212) 977-9700 | Freescale joins in the limited objections filed by Bosch, Mercedes-Benz, Venture Plastics, Calsonic Kansei, DaimlerChrysler, Decatur Plastics, Gibbs Die Casting, Lorentson Manufacturing, Autocam, and Lorentson Southwest in objecting to the DIP motion with respect to their setoff rights.<br><br>Freescale requests that its rights of setoff be adequately protected through priority over the liens and claims granted to the DIP lenders and the Pre-Petition Secured Lenders. | See the Setoff Party Proposal. | See paragraph 18 |
| A-14.    Nissan North America, Inc. (Docket No. 503)<br><br>David E. Lemke<br>Robert J. Welhoelter<br>Waller Lansden Dortch & Davis, PLLC<br>511 Union St., Suite 2700<br>Nashville, Tennessee 37219<br>(615) 244-6380 | Nissan joins the objections of Mercedes-Benz, DaimlerChrysler, Calsonic Kansei, Decatur Plastics, Autocam, Lorentson Manufacturing, Lorentson Southwest, Bosch, and Gibbs Die Casting in objecting to the DIP motion.<br><br>Nissan requests that the DIP motion be denied to the extent it seeks to prime or subordinate any of Nissan's setoff and/or recoupment rights, and that the order be clarified to reflect that none of Nissan's setoff and/or recoupment rights are primed or subordinated. | See the Setoff Party Proposal. | See paragraph 18 |

## EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-15.    Fujikura America, Inc. (Docket No. 506 and 648)<br><br>Robert W. Dremluk<br>Paul M. Baisier<br>Seyfarth Shaw LLP<br>1270 Avenue of the Americas, Suite 2500<br>New York, New York 10020<br>(212) 218-5500 | Fujikura joins the objections of Bosch, Mercedes-Benz, Venture Plastics, Calsonic Kansei, DaimlerChrysler, Decatur Plastics, Gibbs Die Casting, Lorentson Manufacturing, Autocam, and Lorentson Southwest in objecting to the DIP motion to the extent that it seeks to subordinate any of Fujikura's prepetition setoff rights absent adequate protection.<br><br>Fujikura requests that it be granted a superior replacement lien as adequate protection for its prepetition setoff rights. | See the Setoff Party Proposal. | See paragraph 18 |
| | This objection requests protection of Fujikura's reclamation rights. | With respect to the party's request to preserve its reclamation right, the Debtors' request the Court to deny such relief on the grounds that (a) objector failed to raise the issue with sufficient specificity to alert the Debtors as to the nexus of the issue; and (b) the Debtors do not believe that the Final DIP Order affects the party's reclamation rights in a way that contradicts the law (the "Reclamation Proposal"). | N/A |

## EXHIBIT B

### SUMMARY OF OBJECTIONS TO DIP
**(Docket Order)**

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-16.  Murata Electronics North America, Inc. (Docket No. 507 and 649)<br><br>Robert W. Dremluk<br>Paul M. Baisier<br>Seyfarth Shaw LLP<br>1270 Avenue of the Americas, Suite 2500<br>New York, New York 10020<br>(212) 218-5500 | Murata joins the objections of Bosch, Mercedes-Benz, Venture Plastics, Calsonic Kansei, DaimlerChrysler, Decatur Plastics, Gibbs Die Casting, Lorentson Manufacturing, Autocam, and Lorentson Southwest in objecting to the DIP motion to the extent that it seeks to subordinate any of Murata's prepetition setoff rights absent adequate protection.<br><br>Murata requests that it be granted a superior replacement lien as adequate protection for its prepetition setoff rights. | See the Setoff Party Proposal. | See paragraph 18 |
| | This objection requests protection of Murata's reclamation rights. | See the Reclamation Proposal. | N/A |
| A-17.  Flextronics International Asia Pacific Ltd. And Flextronics Technology (M) Sdn. Bhd.  (Docket No. 511)<br><br>Steven Reisman<br>sreisman@cm-p.com<br>Curtis, Mallet-Prevost, Colt and Mosle LLP<br>101 Park Ave<br>NY, NY 10178<br>Tel: (212) 696-6000<br>Fax: (212) 697-1559 | Flextronics joins in with other limited objections and requests adequate protection for their prepetition setoff right. | See the Setoff Party Proposal. | See paragraph 18 |
| | Flextronics requests the preservation of their reclamation rights. | See the Reclamation Proposal. | |

## <u>EXHIBIT B</u>

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-18.    Multek Flexible Circuits, Inc., Sheldahl de Mexico S.A. de C.V. and Northfield Acquisition Co.  (Docket No. 512)<br><br>Steven Reisman<br>sreisman@cm-p.com<br>Curtis, Mallet-Prevost, Colt and Mosle LLP<br>101 Park Ave<br>NY, NY 10178<br>Tel: (212) 696-6000<br>Fax: (212) 697-1559 | Multek Flexible joins Flextronics International's limited objection and request for adequate protection for prepetition setoff rights. | See the Setoff Party Proposal. | See paragraph18 |
| | Multek requests the  preservation of reclamation rights. | See the Reclamation Response. | |

## EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-19.  Omega Tool Corp., L&W Engineering Co., Southtec, LLC, DOTT Industries, Inc., ALPS Automotive, Inc., Pioneer Automotive Technologies, Inc., Lakeside Plastics Limited, Android Industries, Inc., Ai-Doraville, LLC, and Ai-Genesee, LLC (Docket No. 551)<br><br>Sanford P. Rosen<br>Kenneth M. Lewis<br>SANFORD P. ROSEN & ASSOCIATES, P.C.<br>747 Third Avenue<br>New York, NY 10017-2803<br>(212) 223-1100<br><br>Daniel J. Weiner<br>Ryan D. Heilman<br>SCHAFER AND WEINER, PLLC<br>40950 Woodward Ave. Ste. 100<br>Bloomfield Hills, MI 48304<br>(248) 540-3340 | Omega, et al., object to the order to the extent that it primes or otherwise impairs the rights of the objecting parties in connection with their prepetition liens and any of their rights under 546(b).  The objection requests that the Final Order either (i) provide that the liens and claims granted thereunder do not have priority over the objecting parties' pre-existing liens and rights under section 546, or (ii) provide adequate protection to the objecting parties. | See the Springing Lien Proposal. | See paragraph 7(b) |
| | Object to the Order to the extent that it seeks to subordinate any of the objecting parties' prepetition setoff rights absent adequate protection. | See the Setoff Party Proposal. | See paragraph 18 |

## EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed. Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-20.  Ad Hoc Committee of Lenders (Docket No. 553)<br><br>Allan S. Brilliant<br>Emanuel C. Grillo<br>Brian W. Harvey<br>GOODWIN PROCTER LLP<br>Counsel for the Ad Hoc Committee<br>599 Lexington Avenue<br>New York, New York 10022<br>(212) 813-8800 | Priming the Prepetition Lenders should not be allowed because sufficient postpetition financing is available on a nonpriming basis and priming the liens of the prepetition lenders without their consent is an extraordinary remedy that implicates their constitutionally protected property rights.<br><br>The objection also asserts that the Debtors have not met their burden under 364(d)(1) to establish that (1) the Debtors cannot obtain credit otherwise, and (2) existing lienholders are adequately protected.<br><br>The prepetition lenders are not adequately protected by junior replacement liens and less than current pay of the contract rate of interest due under the credit agreement. | The Debtors have proposed providing: (a) the Ad Hoc lenders (and the other Pre-Petition Secured Lenders) liens junior to the DIP Agent, but pari passu with holders of valid setoff rights in prepetition collateral that was not included as part of the prepetition lenders' collateral under the applicable credit agreement; (b) replacement liens on new collateral junior only to the DIP Agent; (c) section 507(b) priority to such parties' prepetition secured claims; (d) payment of current interest at the contract rate; (e) access to Collateral to the Pre-Petition Agent; and (f) access to certain financial information to be provided to the Pre-Petition Agent. | See paragraphs 12 & 13 |

# EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed. Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| | Requested adequate protection package:<br>(1) Requesting that Debtors pay interest at the default rate (applicable rate plus 2%) and principal amortization for adequate protection;<br>(2) Debtors should reduce prepetition debt by $25 million per quarter;<br>(3) 100% of asset sales outside of the ordinary course should go to premanently reduce the DIP facility;<br>(4) repayment of all reimbursable expenses of the Prepetition Lenders;<br>(5) Prepetition Lenders should be granted liens and security interests in all of the Debtors remaining assets including a pledge of the Excluded Stock (100% of stock in foreign subsidiaries unless Debtors can show that the tax consequences significantly outweigh the benefit to the Prepetition Lenders);<br>(6) The Final Order should not include any waiver of the right to object to any relief sought by the Debtors (sale, assignment or release) in respect of the property comprising the Collateral, whether as parties-in-interest in the Debtors' chapter 11 cases or as holders of interests in such Collateral under section 363(f) of the Bankruptcy Code;<br>(7) the Final Order should expressly reserve the rights of the Prepetition Agent and the Prepetition Lenders to request further or different adequate protection under sections 361, 363(e) and 364(d)(2) of the Bankruptcy Code; and<br>(8) The Interim Order should be clarified to reflect that the Junior Adequate Protection Liens granted to any person in respect of its valid and non-avoidable right to setoff in respect of its prepetition payables as of the Petition Date shall be subject and subordinate to (and shall not prime) all valid, enforceable, non-avoidable and fully-perfected first priority liens in existence as of the Petition Date, including the liens of the Prepetition Lenders in the Prepetition Collateral and the replacement liens granted to the Prepetition Lenders in the Collateral. | | |

# EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-21.    Bank of America N.A. (Docket No. 565)<br><br>Patrick E. Mears<br>BARNES & THORNBURG LLP<br>Attorneys for Bank of America, N.A.<br>300 Ottawa Avenue, NW, Suite 500<br>Grand Rapids, Michigan 49503<br>Telephone: (616) 742-3936<br>Facsimile: (616) 742-3999<br>Email: pmears@btlaw.com | Bank of America objects to the Motion on the following grounds: (i) the Debtors should not grant any lien or security interest whatsoever in the aircraft leases between Bank of America, as lessor, and Delphi Automotive Systems Human Resources LLC ("Delphi HR") nor in any of the personal property subject to these leases; and (ii) if any such lien or interest in Delphi HR's leasehold interests is granted pursuant to the Motion, such interest should only attach to Delphi HR's interests therein and should be subordinate and junior in all respects to the interests of Bank of America. | The Debtors shall not grant the DIP Agent or DIP Lenders liens on aircrafts. | See paragraph 25 |
| | In addition, Bank of America objects to the grant of any DIP Liens in the Management Agreement and the Charter Agreement and any revenues generated therefrom unless they are deemed junior and subordinate to the liens held by Bank of America in these assets and unless Bank of America's liens in these assets are granted adequate protection. | | |
| | Bank of America objects to any attempt in the Motion and the proposed financing order to encumber in any fashion Bank of America's rights and interests under a certain foreign exchange swap agreement with Delphi Corporation, which is a guarantor of the aircraft leases. | Setoff: Bank of America is protected by Bankruptcy Code "safe harbor"; Bank of America is protected to the extent its swap is collateralized | See paragraph 3(a) |
| | Bank of America objects to the grant of any liens or security interests, including the DIP Liens and any adequate protection liens, in any of Bank of America's collateral serving as security for the obligations of Delphi HR and the two lease guarantors which collateral includes cash collateral under section 363(a) of the Federal Bankruptcy Code. | | |
| | The Bank also objects to the proposed Financing Order for the use of Bank of America's collateral without granting adequate protection. | | |

# EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-22.  Honda of America Manufacturing, Inc. (Docket No. 577)<br><br>Robert J. Sidman<br>Robert A. Bell<br>VORYS, SATER, SEYMOUR AND PEASE LLP<br>52 East Gay Street<br>P.O. Box 1008<br>Columbus, Ohio 43215<br>(614) 464-6422 | Honda joins the objection of Mercedes-Benz International, Inc., DaimlerChrysler Corporation, Robert Bosch Corporation in objecting to the any impairment of its setoff rights.  Honda objects to entering the Order with the current setoff provision. | See the Setoff Party Proposal. | See paragraph 18 |
| A-23.  OSRAM Opto Semiconductors Inc. (Docket No. 589)<br><br>Robert L. Eisenbach III<br>Gregg S. Kleiner<br>101 California Street,<br>5th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 693-2000<br>Facsimile: (415) 693-2222<br>Email:reisenbach@cooley.com | OSRAM requests that the Court modify the Final Order to expressly provide that the relief granted does not impair or subordinate OSRAM's setoff rights. | See the Setoff Party Proposal. | See paragraph 18 |
|  | OSRAM requests that the relief granted does not impair or subordinate its reclamation rights. | See the Reclamation Response. |  |

## EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-24.  Worthington Steel Company and Worthington Steel of Michigan, Inc. (Docket No. 590)<br><br>Tiffany Strelow Cobb VORYS, SATER, SEYMOUR AND PEASE LLP<br>52 East Gay Street<br>P.O. Box 1008<br>Columbus, Ohio 43215<br>(614) 464-8322 | Worthington joins the objection of Mercedes-Benz International, Inc., DaimlerChrysler Corporation, Robert Bosch Corporation in objecting to the any impairment of its setoff rights.  Worthington objects to entering the Final Order with the current setoff provision. | See the Setoff Party Proposal. | See paragraph 18 |
| A-25.  Hitachi Automotive Products (Docket No. 591)<br><br>Brian D. Spector, Esq.<br>30 Columbia Turnpike<br>Florham Park, New Jersey 07932<br>Tel: (973) 593-4800<br>Fax: (973) 593-4848<br>E-mail: bspector@selawfirm.com | Hitachi joins in the limited objections filed by other creditors with respect to their request that the right of setoff be preserved for all suppliers to the Debtors.<br><br>Hitachi's right of setoff should be adequately protected in the form of priority over the liens and claims to be granted to the Agent, the DIP Lenders, the Pre-Petition Agent and the Pre-Petition Secured Lenders pursuant to the Motion and the Financing. | See the Setoff Party Proposal. | See paragraph 18 |
| | Hitachi requests that the Final Order specifically provide that the relief granted therein, does not impact in any way any valid reclamation claim of Hitachi that existed as of the Petition Date or otherwise. | See the Reclamation Proposal. | N/A |

## EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
**(Docket Order)**

A total of 36 objections were filed. Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-26. National Molding Corp and Security Plastics Division/NMC, LLC (Docket No. 600)<br><br>PRYOR & MANDELUP, L.L.P.<br>Kenneth A. Reynolds, Esq.<br>675 Old Country Road<br>Westbury, New York 11590<br>(516) 997-0999<br>kar@pryormandelup.com | National Molding Corp. and Security Plastics Division/NMC, LLC join the objections of Omega Tool Corp., L&W Engineering Co., Southtec, LLC, Dott Industries, Inc., ALPS Automotive, Inc., Pioneer Automotive Technologies, Inc., Lakeside Plastics Limited, Android Industries, Inc., AI-Doraville, LLC and AI-Genesee, LLC requesting for adequate protection for pre-petition set off rights. | See the Setoff Party Proposal. | See paragraph 18 |
|  | The objecting parties are also asking for preservation of reclamation rights. | See the Springing Lien Response. | See paragraph 7(b) |
| A-27. JPMorgan Chase Bank, N.A. (as administrative agent to approx. 250 senior secured lenders (Docket No. 612)<br><br>Bruce D. Angiolillo<br>Kenneth S. Ziman<br>William T. Russell, Jr.<br>SIMPSON THACHER & BART-LETT LLP<br>425 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 455-2000<br>Fax: (212) 455-2502 | JPMorgan Chase is not objecting to the Final DIP Order subject to its confirmation that the Order incorporates the changes agreed to by JPMorgan Chase and the Debtors and is otherwise in satisfactory form and substance and that no other changes are adverse to the interests of JPMorgan Chase. | N/A | N/A |

## EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-28.    Arneses Electronics Automotrices, S.A. de C.V. and Cordaflex, S.A. de C.V.  (Docket No. 619)<br><br>Deborah M. Buell<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>212-225-2770 (telephone)<br>212-225-3999 (fax) | Request that Order be modified to expressly provide that the relief granted therein does not impair or subordinate its setoff rights.<br><br>Join other limited objections filed by other creditors with respect to the request that setoff rights be preserved. | See the Setoff Party Proposal. | See paragraph 18 |
|  | Request that Order be modified to expressly provide that the relief granted therein does not impair or subordinate its reclamation rights. | See the Reclamation Response. |  |

# EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-29.    Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. (Docket No. 631)<br><br>John S. Mairo<br>Brett S. Moore<br>PORZIO, BROMBERG & NEWMAN, P.C.<br>(Mail to) P.O. Box 1997, Morristown, NJ 07962-1997<br>(Delivery to) 100 Southgate Parkway, Morristown, NJ 07960<br>Telephone (973) 538-4006<br>Facsimile (973) 538-5146<br>-and-<br>156 West 56th Street<br>New York, NY 10019 | Neuman is requesting adequate protection for pre-petition set off rights and joins the other limited objections. | See the Setoff Party Proposal. | See paragraph 18 |
|  | Neuman is requesting the preservation of reclamation rights. | See the Reclamation Response. |  |

# EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed. Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-30.  Magna International, Inc. and certain of its foreign and domestic affiliates (Docket No. 632)<br><br>SANFORD P. ROSEN & ASSOCIATES, P.C.<br>747 Third Avenue<br>New York, NY 10017-2803<br>(212) 223-1100<br>Sanford P. Rosen<br>Kenneth M. Lewis<br><br>SCHAFER AND WEINER, PLLC<br>40950 Woodward Ave. Ste. 100<br>Bloomfield Hills, MI 48304<br>(248) 540-3340<br>Daniel J. Weiner<br>Ryan D. Heilman | Magna joins in the Limited Objection of Omega Tool Corp., L&W Engineering Co., Southtec, LLC, DOTT Industries, Inc., ALPS Automotive, Inc., Pioneer Automotive Technologies, Inc., Lakeside Plastics Limited, Android Industries, Inc., Ai-Doraville, LLC, and Ai-Genesee, LLC to Entry of a Final Order Authorizing Postpetition Financing and the Use of Cash Collateral, and Granting Adequate Protection, specifically as it relates to the preservation of setoff rights. | See the Setoff Party Proposal. | See paragraph 18 |

## EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-31.    A. Schulman, Inc. (Docket No. 634) <br><br> VORYS, SATER, SEYMOUR AND PEASE LLP <br> 2100 One Cleveland Center <br> 1375 East Ninth Street <br> Cleveland, Ohio 44114 <br> Telephone: (216) 479-6100 <br> Carrie M. Caldwell | Schulman joins the objection of Mercedes-Benz International, Inc., DaimlerChrysler Corporation, Robert Bosch Corporation in objecting to the any impairment of its setoff rights. | See the Setoff Party Proposal. | See paragraph 18 |
| | Schulman objects to entering the Final Order with the current setoff provision. | | |
| A-32.    Official Committee of Unsecured Creditors (Docket No. 641) <br><br> LATHAM & WATKINS LLP <br> 885 Third Avenue <br> New York, NY 10022-4802 <br> (212) 906-1200 <br> Robert J. Rosenberg <br> Mitchell A. Seider <br> Mark A. Broude <br> Email: robert.rosenberg@lw.com <br> mitchell.seider@lw.com <br> mark.broude@lw.com | Creditors' Committee is seeking the following changes: <br> (1) payments of postpetition interest, fees and expenses for the pre-petition secured lenders as adequate protection should be subject to recharacterization as payments of principal in the event that the secured lenders are not oversecured; | There is nothing in the order that precludes the right of the Creditors' Committee to seek to recharacterize the payments of post petition interest, fees and expenses as a repayment of principal in the event that the court determines that the Pre-Petition Secured Lenders were not oversecured. | N/A |
| | (2) preserve the requirements of § 506(b) as to the Pre-Petition Secured Lenders and their claims against the estate; | There is nothing in the order that contravenes the requirements of section 506(b).  The Pre-Petition Secured Lenders will be entitled to receive and retain post petition interest, fees and expenses as such only to the extent that they are oversecured.  The Creditors' Committee is not bound, subject to the 90 day period contained in paragraph 16 of the order,  by the Debtors stipulations in paragraphs 3 and 10 to the effect that the Pre-Petition Secured Lenders. | N/A |

# EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
**(Docket Order)**

A total of 36 objections were filed. Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| | (3) and any claim that the Pre-Petition Secured Lenders may have under section 507(b) should not have recourse to the Debtors' claims and causes of action under sections 502(d), 510, 544, 545, 547, 548, 549 and 550 of the Bankruptcy Code, or any other avoidance actions or to any proceeds recovered on account of successful avoidance actions; | Under 507(b) of the Bankruptcy Code any claim for the inadequacy of adequate protection is granted priority over all other administrative claims and by extension all other unsecured claims. There is nothing in the Bankruptcy Code that would require that avoidance actions be carved out of this protection. | N/A |
| | (4) request for the expansion of the 90 day deadline (upon a motion by the Creditors' Committee showing good cause) for the Creditors' Committee to contest the binding nature of certain provisions of the DIP; | The 90 day deadline is common practice in this district and provides in this case adequate time for the Creditors' Committee to conduct its investigations and due diligence and be in a position to either (i) confirm the stipulations made by the debtor and contained in the order, (ii) commence an action to preserve its rights, (iii) seek a consensual extension of the 90 days or (iv) return to court to show cause why the deadline should not be extended under the particular circumstances. | N/A |
| | (5) opposes the grant of a full release to the Pre-Petition Secured Lenders; | During the 90 day period, the Creditors' Committee will have an ample opportunity to determine the appropriateness of the full release. | N/A |
| | (6) the Creditors' Committee should receive all financial information provided to the lenders at the same time; | The Debtors have agreed with the Creditors' Committee and has provided for the delivery of such information in paragraph 12(e). | See paragraph 12(e) |
| | (7) clarification that defined terms apply only to persons in such capacity; | The Debtors agree that this is the appropriate way to interpret the order and no further clarification is necessary. | N/A |

## EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| | (8) Creditors' Committee should get notice of any amendments affecting liquidity (e.g., borrowing base, covenants, etc.) and in the event the Creditors' Committee objects, the Debtors should be required to get Court approval for such amendment; | The Debtors have agreed with the Creditors' Committee regarding amendments to the financial covenants in section 6.04 of the DIP agreement to the extent such amendments would be more restrictive on the Debtors and have so provided in paragraph 5(b)(ii) of the order.  The DIP agent will not accept a third party's attempt to manage matters related to the borrowing base thereto. | See Paragraph 5(b)(ii) |
| | (9) the adequate protection liens and junior adequate protection liens should be subject and subordinate to section 551; | To the extent that there is a recovery on any avoidance action on the prepetition lenders' collateral, the priority of the prepetition lenders security interest in that collateral should not be altered.  To the extent that the recovery is in respect of property that was not the prepetition lenders' collateral, the recovery would be for the benefit of the estate. | N/A |
| | (10) 5 business days prior notice of enforcement against collateral must be provided to Creditors' Committee; | Section 7.01 of the credit agreement requires that such notice be given to the Creditors' Committee and the Debtors have agreed not to modify such notice provision without court approval as provided in paragraph 5(b)(ii) of the Order. | See Paragraph 5(b)(ii) |
| | (11) the Debtors should not waive their rights under 11 U.S.C. § 506(c) in favor of the Pre-Petition Secured Lenders; | The Pre-Petition Secured Lenders' security interest in their prepetition collateral is being primed and the Debtors have the right to use and sell such collateral without applying the proceeds of such use or sale to the repayment of the prepetition obligations.  In exchange for and | N/A |

## EXHIBIT B

### SUMMARY OF OBJECTIONS TO DIP
**(Docket Order)**

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| | | as part of the adequate protection for the prepetition lenders, the Debtors believe that it is reasonable and appropriate in such circumstances to agree to the 506(c) waiver. | |
| | (12) the carve out should include all allowed and unpaid professional fees and disbursements incurred or accrued by the Debtors or any Creditors' Committees prior to the Debtors' or any Creditors' Committees' actual receipt of written notice that an Event of Default has occurred; | The DIP agent has refused to further burden the exercise of its remedies by giving notice to any parties other than the Debtors.  However, the Debtors will agree to notify the Creditors' Committees' counsel upon receipt of any such notice. | N/A |
| | (13) intercompany claims should be secured by liens subordinate only to the DIP liens and any other superpriority claims. | None of the parties being provided with adequate protection under the DIP order will consent to such arrangement.  In addition, the Debtors believe that it would be unusual for the intercompany claims to have priority over other parties' adequate protection rights. | N/A |
| A-33.    Textron Fastening Systems, Inc. (Docket No. 643)<br><br>KLESTADT & WINTERS, LLP<br>Tracy L. Klestadt<br>292 Madison Avenue, 17th Floor<br>Hearing Date:<br>New York, NY 10017-6314<br>(212) 972-3000 | Textron joins other limited objections filed by other creditors with respect to the request that setoff rights be preserved. | See the Setoff Party Proposal. | See paragraph 18 |
| | Textron also joins in the limited objection filed by Flextronics regarding the preservation of its reclamation rights. | See the Reclamation Response. | N/A |

## **EXHIBIT B**

## **SUMMARY OF OBJECTIONS TO DIP**
### **(Docket Order)**

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-34.    ARC Automotive, Inc. (Docket No. 646)<br><br>Cherie Macdonald, Esq.<br>J. Patrick Bradley, Esq.<br>GREENSFELDER, HEMKER & GALE, P.C.<br>12 Wolf Creek Drive, Suite 100<br>Swansea, Illinois 62226<br><br>Alan D. Halperin<br>Christopher J. Battaglia<br>HALPERIN BATTAGLIA RAICHT, LLP<br>555 Madison Avenue – 9th Floor<br>New York, New York 10022<br>(212) 765-9100 | ARC Automotive, Inc.  hereby joins in the limited objections filed by other creditors with respect to the request that the right of setoff be preserved for all suppliers to the Debtors. | See the Setoff Party Proposal. | See paragraph 18 |
| A-35.    XM Satellite Radio Inc. (Docket No. 651)<br><br>HOGAN & HARTSON, L.L.P.<br>Scott A. Golden, Esq.<br>875 Third Avenue<br>New York, NY 10022<br>(212) 918-3000 | XM Satellite Radio joins in the limited objections filed by other creditors and requests that the Court modify the proposed final order to expressly provide that the relief granted therein does not impair or subordinate any setoff rights that XM may have. | See the Setoff Party Proposal. | See paragraph 18 |

# EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-36.    General Motors Corporation (Docket No. 658)<br><br>Martin J. Bienenstock, Esq.<br>Michael P. Kessler, Esq.<br>Jeffrey L. Tanenbaum, Esq.<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>Robert B. Weiss, Esq.<br>Frank L. Gorman, Esq.<br>HONIGMAN MILLER SCHWARTZ & COHN, LLP<br>2290 First National Building<br>660 Woodward Avenue<br>Detrpit, MI 48226<br>Telephone: (313) 465-7000<br>Facsimile: (313) 465-8000 | GM conditionally objects to the DIP, subject to review of the language of the Final Order, to preserve its rights in the event GM finds the language of the Final Order to impair its prepetition setoff rights without providing adequate protection.  In particular, GM seeks two forms of adequate protection: (1) an administrative claim secured by a lien on all assets of the Debtors' estates junior only to the DIP Lenders' liens; and (2) the delivery by the Debtors to GM of certain financial information to allow GM to evaluate the status of and risk to its adequate protection. | See the Setoff Party Proposal. | See paragraph 18. |

## EXHIBIT C

## SUMMARY OF OBJECTIONS TO
## ORGANIZED BY NATURE OF OBJECTION[1]

**(Late objections are indicated in BOLD)**

A.    **Objection by Goodwin Procter Group[2]**

| | OBJECTION ASSERTED | OBJECTION DOCKET NO. | RESPONSE |
|---|---|---|---|
| 1. | Priming prepetition lenders should not be allowed because sufficient postpetition financing is available on a nonpriming basis and priming the liens of the prepetition lenders without their consent is an extraordinary remedy that implicates their constitutionally protected property rights. | 553 | The Debtors have proposed providing: (a) the Ad Hoc lenders (and the other Pre-Petition Secured Lenders) liens junior to the DIP Agent, but pari passu with holders of valid setoff rights in prepetition collateral that was not included as part of the prepetition lenders' collateral under the applicable credit agreement; (b) replacement liens on new collateral junior only to the DIP Agent;  (c) section 507(b) priority to such parties' prepetition secured claims; (d) payment of current interest at the contract rate; (e) access to Collateral to the Pre-Petition Agent; and (f) access to certain financial information to be provided to the Pre-Petition Agent. |

---

[1] Terms used but not defined herein shall have the meanings ascribed to them in the Final DIP Order.

[2] Prepetition Agent, JPMorgan Chase filed a pleading indicating that it is not objecting to the Final DIP Order subject to its confirmation that the Order incorporates the changes agreed to by JPMorgan Chase and the Debtors and is otherwise in satisfactory form and substance and that no other changes are adverse to the interests of JPMorgan Chase (Docket #612).

| | **OBJECTION ASSERTED** | **OBJECTION DOCKET NO.** | **RESPONSE** |
|---|---|---|---|
| | The objection also asserts that the debtors have not met their burden under 364(d)(1) to establish that (1) the debtors cannot obtain credit otherwise, and (2) existing lienholders are adequately protected. | | |
| | The prepetition lenders are not adequately protected by junior replacement liens and less than current pay of the contract rate of interest due under the credit agreement. | | |
| | Requested adequate protection package: (1) Requesting that debtors pay interest at the default rate (applicable rate plus 2%) and principal amortization for adequate protection; (2) Debtors should reduce prepetition debt by $25 million per quarter; (3) 100% of asset sales outside of the ordinary course should go to premanently reduce the DIP facility; (4) repayment of all reimbursable expenses of the Prepetition Lenders; (5) Prepetition Lenders should be granted liens and security interests in all of the Debtors remaining assets including a pledge of the Excluded Stock (100% of stock in foreign subsidiaries unless Debtors can show that the tax consequences significantly outweigh the benefit to the Prepetition Lenders); (6) The Final Order should not include any waiver of the right to object to any relief sought by the Debtors (sale, assignment or release) in respect of the property comprising the Collateral, whether as parties-in-interest in the Debtors' chapter 11 cases or as holders of interests in such Collateral under section 363(f) of the Bankruptcy | | |

| | OBJECTION ASSERTED | OBJECTION DOCKET NO. | RESPONSE |
|---|---|---|---|
| | Code; (7) the Final Order should expressly reserve the rights of the Prepetition Agent and the Prepetition Lenders to request further or different adequate protection under sections 361, 363(e) and 364(d)(2) of the Bankruptcy Code; and (8) The Interim Order should be clarified to reflect that the Junior Adequate Protection Liens granted to any person in respect of any valid and non-avoidable right to setoff in respect of its prepetition payables as of the Petition Date shall be subject and subordinate to (and shall not prime) all valid, enforceable, non-avoidable and fully-perfected first priority liens in existence as of the Petition Date, including the liens of the Prepetition Lenders in the Prepetition Collateral and the replacement liens granted to the Prepetition Lenders in the Collateral. | | |

3

**B.**        <u>Objection by Setoff/Lien Claimants</u>

|   | OBJECTION ASSERTED | OBJECTION DOCKET NO. | RESPONSE |
|---|---|---|---|
| 1. | Objection on the grounds that it impairs vendor's prepetition setoff rights without providing adequate protection. Vendor requests that it be granted a superior replacement lien as adequate protection for its prepetition setoff rights. | 428, 435, 436, 442, 450, 451, 458, 461, 495 and 623, 501, 503, 577, 590, 634, 646, 651, 658 | The Debtors have proposed providing the following (the "Setoff Party Proposal"):**(a)** the Debtors shall provide to each holder of a valid setoff claim (each, a "Setoff Party"), subject to the payment of the Carve Out, a superpriority claim as provided for in section 507(b) of the Bankruptcy Code, with the limitations set forth in ordering paragraph 12(b) of the proposed Final Order; plus **(b)** if a Setoff Party makes payment to the Debtors on account of an ordinary course prepetition debt owed to the Debtors which amount could rightfully have been setoff by the Setoff Party (assuming such party received approval under 11 U.S.C. § 553) then the Debtors shall grant such Setoff Party a lien in its post-petition payables in the amount of such setoff, which liens shall be junior only to the liens of the DIP Agent and DIP Lenders; plus **(c)** the Debtors shall grant the Setoff Party liens in collateral of the Pre-Petition Secured Lenders, which liens shall be junior to the DIP Agent, the DIP Lenders and the Pre-Petition Secured Lenders, but senior to all other parties; plus **(d)** the Debtors shall grant such party liens in assets owned by the Debtors that were not pledged as collateral to the Pre-Petition Secured Lenders, which liens shall be junior only to the DIP Agent and DIP Lenders and shall be pari passu with the adequate protection liens granted to the Pre-Petition Secured Lenders; plus **(e)** the Debtors shall allow the Setoff Party to setoff its valid prepetition claims against the Debtors against postpetition payables owed to the Debtors, provided that such prepetition claims arose in the ordinary course of the Debtors' business. |

| | OBJECTION ASSERTED | OBJECTION DOCKET NO. | RESPONSE |
|---|---|---|---|
| 2. | Vendor objects to the DIP motion on the ground that it impairs vendor's prepetition setoff rights without providing adequate protection.  To the extent that the DIP motion in any way attempts to subordinate or otherwise modify the rights of lienholders with liens arising by operation of law, including special tooling and mold liens, vendor objects to such subordination or modification and specifically requests adequate protection of its interest in such tooling and molds. | 455, 459, 551, 600, 632 | With respect to setoff rights, the see the Setoff Party Proposal: With respect to the party's request to preserve liens arising by operation of law, the Debtors propose the language incorporated in paragraph 7(b), which provides that the DIP Agent's liens are subject to, among other things, (i) any valid, perfected and unavoidable interests in such property arising out of liens to which the liens of the Pre-Petition Secured Lenders become subject subsequent to the Petition Date as permitted by section 546(b) of the Bankruptcy Code and (ii) statutory liens or security interests arising after the Petition Date and permitted under the DIP Credit Agreement that by operation of law would have priority over a previously perfected security interest in such liens. |
| 3. | Vendor objects to the DIP motion to the extent that it seeks to subordinate prepetition setoff rights absent adequate protection.<br><br>Vendor requests that it be granted a superior replacement lien as adequate protection for its prepetition setoff rights.<br><br>Objection also provides adequate protection of its reclamation rights. | 506 and 648, 507 and 649, 511, 512, 589, 591, 619, 631, 643 | With respect to the issue of setoff, see Setoff Party Proposal.<br><br>With respect to the party's request to preserve its reclamation right, the Debtors' request the Court to deny such relief on the grounds that (a) objector failed to raise the issue with sufficient specificity to alert the Debtors as to the nexus of the issue; and (b) the Debtors do not believe that the Final DIP Order affects the party's reclamation rights in a way that contradicts the law. |

5

**C.**     **Objection by PBGC**

| | OBJECTION ASSERTED | OBJECTION DOCKET NO. | RESPONSE |
|---|---|---|---|
| 1. | DIP motion fails to adequately protect "lender" Debtors in connection with financing provided to "borrower" Debtors on account of intercompany advances.<br><br>Requests that the Court modify the cash management order and DIP order to grant to each lender Debtor junior liens and junior superpriority administrative expense claims against the estate of any corresponding borrower Debtor to the extent of any intercompany advances rendered. | 437 | The Debtors and the PBGC agreed to the following: (a) in connection with intercompany loans where the borrower is a chapter 11 debtor, a lending entity shall be entitled to an administrative claim in the borrowing entity's chapter 11 case for each dollar lent to such borrower and (b) the Debtors have added clarifying language to the Cash Management Order, which provides that to the extent there is a conflict between the Final DIP Order and the Cash Management Order as it relates to intercompany transactions, the Final DIP Order controls. |

**D.    Objection by Aircraft Leasors**

| | OBJECTION ASSERTED | OBJECTION DOCKET NO. | RESPONSE |
|---|---|---|---|
| 1. | Bank of America objects to the Motion on the following grounds: (i) the Debtors should not grant any lien or security interest whatsoever in the aircraft leases between Bank of America, as lessor, and Delphi Automotive Systems Human Resources LLC ("Delphi HR") nor in any of the personal property subject to these leases; and (ii) if any such lien or interest in Delphi HR's leasehold interests is granted pursuant to the Motion, such interest should only attach to Delphi HR's interests therein and should be subordinate and junior in all respects to the interests of Bank of America.<br><br>In addition, Bank of America objects to the grant of any DIP Liens in the Management Agreement and the Charter Agreement and any revenues generated therefrom unless they are deemed junior and subordinate to the liens held by Bank of America in these assets and unless Bank of America's liens in these assets are granted adequate protection.<br><br>Finally, Bank of America objects to any attempt in the Motion and the proposed financing order to encumber in any fashion Bank of America's rights and interests under a certain foreign exchange swap agreement with Delphi Corporation, which is a guarantor of the aircraft leases.<br><br>Bank of America objects to the grant of any liens or | 565 | (a) The Debtors shall not grant the DIP Agent or DIP Lenders liens on aircrafts;<br>(b) Setoff: Bank of America is protected by Bankruptcy Code "safe harbor"; Bank of America is protected to the extent its swap is collateralized |

| | OBJECTION ASSERTED | OBJECTION DOCKET NO. | RESPONSE |
|---|---|---|---|
| | security interests, including the DIP Liens and any adequate protection liens, in any of Bank of America's collateral serving as security for the obligations of Delphi HR and the two lease guarantors which collateral includes cash collateral under section 363(a) of the Federal Bankruptcy Code.<br><br>Objects to the proposed Financing Order for the use of Bank of America's collateral without granting adequate protection. | | |

E.    **Objection by Creditors' Committee**

|  | OBJECTION ASSERTED | OBJECTION DOCKET NO. | RESPONSE |
|---|---|---|---|
| 1. | Creditors' Committee is seeking the following changes: (1) payments of postpetition interest, fees and expenses for the pre-petition secured lenders as adequate protection should be subject to recharacterization as payments of principal in the event that the secured lenders are not oversecured; | 641 | There is nothing in the order that precludes the right of the Creditors' Committee to seek to recharacterize the payments of post petition interest, fees and expenses as a repayment of principal in the event that the court determines that the Pre-Petition Secured Lenders were not oversecured. |
|  | (2) preserve the requirements of § 506(b) as to the Pre-Petition Secured Lenders and their claims against the estate; |  | There is nothing in the order that contravenes the requirements of section 506(b). The Pre-Petition Secured Lenders will be entitled to receive and retain post petition interest, fees and expenses as such only to the extent that they are oversecured. The Creditors' Committee is not bound, subject to the 90 day period contained in paragraph 16 of the order, by the Debtors stipulations in paragraphs 3 and 10 to the effect that the Pre-Petition Secured Lenders. |
|  | (3) and any claim that the Pre-Petition Secured Lenders may have under section 507(b) should not have recourse to the Debtors' claims and causes of action under sections 502(d), 510, 544, 545, 547, 548, 549 and 550 of the Bankruptcy Code, or any other avoidance actions or to any proceeds recovered on account of successful avoidance actions; |  | Under 507(b) of the Bankruptcy Code any claim for the inadequacy of adequate protection is granted priority over all other administrative claims and by extension all other unsecured claims. There is nothing in the Bankruptcy Code that would require that avoidance actions be carved out of this protection. |

| | OBJECTION ASSERTED | OBJECTION DOCKET NO. | RESPONSE |
|---|---|---|---|
| | (4) request for the expansion of the 90 day deadline (upon a motion by the Creditors' Committee showing good cause) for the Creditors' Committee to contest the binding nature of certain provisions of the DIP; | | The 90 day deadline is common practice in this district and provides in this case adequate time for the Creditors' Committee to conduct its investigations and due diligence and be in a position to either (i) confirm the stipulations made by the debtor and contained in the order, (ii) commence an action to preserve its rights, (iii) seek a consensual extension of the 90 days or (iv) return to court to show cause why the deadline should not be extended under the particular circumstances. |
| | (5) opposes the grant of a full release to the Pre-Petition Secured Lenders; | | During the 90 day period, the Creditors' Committee will have an ample opportunity to determine the appropriateness of the full release. |
| | (6) the Creditors' Committee should receive all financial information provided to the lenders at the same time; | | The Debtors have agreed with the Creditors' Committee and has provided for the delivery of such information in paragraph 12(e). |
| | (7) clarification that defined terms apply only to persons in such capacity; | | The Debtors agree that this is the appropriate way to interpret the order and no further clarification is necessary. |
| | (8) Creditors' Committee should get notice of any amendments affecting liquidity (e.g., borrowing base, covenants, etc.) and in the event the Creditors' Committee objects, the Debtors should be required to get Court approval for such amendment; | | The Debtors have agreed with the Creditors' Committee regarding amendments to the financial covenants in section 6.04 of the DIP agreement to the extent such amendments would be more restrictive on the Debtors and have so provided in paragraph 5(b)(ii) of the order.  The DIP agent will not accept a third party's attempt to manage matters related to the borrowing base thereto. |
| | (9) the adequate protection liens and junior adequate protection liens should be subject and subordinate to section 551; | | To the extent that there is a recovery on any avoidance action on the prepetition lenders' collateral, the priority of the prepetition lenders security interest in that collateral should not be altered.  To the extent that the recovery is in respect of property that was not the prepetition lenders' collateral, the recovery would be for the benefit of the estate. |

10

| | OBJECTION ASSERTED | OBJECTION DOCKET NO. | RESPONSE |
|---|---|---|---|
| | (10) 5 business days prior notice of enforcement against collateral must be provided to Creditors' Committee; | | Section 7.01 of the credit agreement requires that such notice be given to the Creditors' Committee and the Debtors have agreed not to modify such notice provision without court approval as provided in paragraph 5(b)(ii) of the Order. |
| | (11) the Debtors should not waive their rights under 11 U.S.C. § 506(c) in favor of the Pre-Petition Secured Lenders; | | The Pre-Petition Secured Lenders' security interest in their prepetition collateral is being primed and the Debtors have the right to use and sell such collateral without applying the proceeds of such use or sale to the repayment of the prepetition obligations.  In exchange for and as part of the adequate protection for the prepetition lenders, the Debtors believe that it is reasonable and appropriate in such circumstances to agree to the 506(c) waiver. |
| | (12) the carve out should include all allowed and unpaid professional fees and disbursements incurred or accrued by the debtors or any Creditors' Committees prior to the debtors' or any Creditors' Committees' actual receipt of written notice that an Event of Default has occurred; and | | The DIP agent has refused to further burden the exercise of its remedies by giving notice to any parties other than the Debtors.  However, the Debtors will agree to notify the Creditors' Committees' counsel upon receipt of any such notice. |
| | (13) intercompany claims should be secured by liens subordinate only to the DIP liens and any other superpriority claims. | | None of the parties being provided with adequate protection under the DIP order will consent to such arrangement.  In addition, the Debtors believe that it would be unusual for the intercompany claims to have priority over other parties' adequate protection rights. |

**DIP OBJECTORS
BY DOCKET NUMBER**

|  | Docket No. | Objecting Party |
|---|---|---|
| 1 | 428 | Robert Bosch Corporation |
| 2 | 435 | Mercedes-Benz U.S. International, Inc. |
| 3 | 436 | Venture Plastics, Inc. |
| 4 | 437 | Pension Benefit Guaranty Corporation |
| 5 | 442 | Calsonic Kansei North America, Inc. |
| 6 | 450 | DaimlerChrysler Corporation, on behalf of itself, DaimlerChrysler Motors Company, LLC and DaimlerChrysler Canada Inc. |
| 7 | 451 | Decatur Plastic Products, Inc. |
| 8 | 455 | Gibbs Die Casting Corporation |
| 9 | 458 | Lorentson Manufacturing Company, Inc. |
| 10 | 459 | Autocam Corporation |
| 11 | 461 | Lorentson Manufacturing Company Southwest, Inc. |
| 12 | **495 and 623** | **Ford Motor Company** |
| 13 | **501** | **Freescale Semiconductor, Inc.** |
| 14 | **503** | **Nissan North America, Inc.** |
| 15 | **506 and 648** | **Fujikura America, Inc.** |
| 16 | **507and 649** | **Murata Electronics North America, Inc.** |
| 17 | **511** | **Flextronics International Asia Pacific Ltd. And Flextronics Technology (M Sdn. Bhd.** |
| 18 | **512** | **Multek Flexible Circuits, Inc., Sheldahl de Mexico S.A. de C.V. and Northfield Acquisition Co.** |
| 19 | **551** | **Omega Tool Corp., L&W Engineering Co., Southtec, LLC, DOTT Industries, Inc., ALPS Automotive, Inc., Pioneer Automotive Technologies, Inc., Lakeside Plastics Limited, Android Industries, Inc., Ai-Doraville, LLC, and Ai-Genesee, LLC** |
| 20 | 553 | Ad Hoc Committee of Lenders |
| 21 | 565 | Bank of America N.A. |
| 22 | **577** | **Honda of America Manufacturing, Inc.** |
| 23 | **589** | **OSRAM Opto Semiconductors Inc.** |
| 24 | **590** | **Worthington Steel Company and Worthington Steel of Michigan, Inc.** |
| 25 | **591** | **Hitachi Automotive Products** |

12

| | Docket No. | Objecting Party |
|---|---|---|
| 26 | **600** | **National Molding Corp and Security Plastics Division/NMC, LLC** |
| 27 | 612 | JPMorgan Chase Bank, N.A. (as administrative agent to approx. 250 senior secured lenders |
| 28 | **619** | **Arneses Electronics Automotrices, S.A. de C.V. and Cordaflex, S.A. de C.V.** |
| 29 | **631** | **Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc.** |
| 30 | **632** | **Magna International, Inc. and certain of its foreign and domestic affiliates** |
| 31 | **634** | **A. Schulman, Inc.** |
| 32 | 641 | Official Committee of Unsecured Creditors |
| 33 | **643** | **Textron Fastening Systems, Inc.** |
| 34 | **646** | **ARC Automotive, Inc.** |
| 35 | **651** | **XM Satellite Radio Inc.** |
| 36 | 658 | General Motors Corporation |