WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Howard S. Beltzer (HB-5721)
Sheron Korpus (SK-3351)
Attorneys for Deutsche Bank Securities, Inc.,
Mark B. Cohen, and Thomas J. Maloney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| Delphi Corporation, et al., | : | Case No. 05-44481 |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |

------------------------------------------------------------x

**MOTION OF DEUTSCHE BANK SECURITIES, INC., MARK B. COHEN, AND
THOMAS J. MALONEY FOR AN ORDER QUASHING THE
SUBPOENAS SERVED UPON MR. COHEN AND MR. MALONEY
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45(c)(3)(A)(i).**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Deutsche Bank Securities, Inc. ("DBSI"), Mark B. Cohen ("Cohen"), and Thomas J. Maloney ("Maloney" and collectively with DBSI and Cohen, the "Deutsche Bank Parties"), by and through their undersigned counsel, hereby move this Court pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(i) for the entry of an order quashing the subpoenas mandating that Mr. Cohen and Mr. Maloney appear before the Honorable Robert D. Drain on October 27, 2005 at 10:00 A.M. In support of their Motion, the Deutsche Bank Parties respectfully allege as follows:

**JURISDICTION**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is Federal Rule of

Civil Procedure 45(c)(3)(A)(i), which is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9016.

## BACKGROUND

2.      On October 8, 2005 (the "Petition Date"), each of the above captioned debtors and debtors-in-possession (the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  On the Petition Date, the Debtors also filed a motion for an order, among other things, authorizing the Debtors to obtain secured post petition financing on a super priority and priming basis, authorizing the use of cash collateral, and granting adequate protection (the "DIP Financing Motion").

3.      On October 26, 2004 at 12:35 P.M., counsel for the Ad Hoc Committee served subpoenas on Cohen and Maloney directing that Cohen and Maloney appear to offer testimony on October 27, 2005, at 10:00 A.M.  (True and exact copies of the subpoenas are attached hereto as Exhibits A and B respectively.)  The subject matter of the testimony that will be elicited is not specified.

## RELIEF REQUESTED

4.      By this Motion, the Debtor seeks an Order, in substantially the form annexed hereto as Exhibit C, quashing the subpoenas mandating that Mr. Cohen and Mr. Maloney appear before the Honorable Robert D. Drain on October 27, 2005 at 10:00 A.M.

## BASIS FOR RELIEF

5.      Federal Rule of Civil Procedure 45(c)(3)(A)(i), which is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9016, states that "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . fails to allow reasonable time for compliance."  Fed. R. Civ. P. 45(c)(3)(A)(i).  Here, the subpoena clearly fails to provide Cohen and Maloney with reasonable time to comply.  Indeed, Cohen and Maloney

received less than 24 hours notice. Due to this fact, they have not had an opportunity to meet or speak with counsel or familiarize themselves with the relevant documents, including the pleadings filed in connection with the DIP Financing Motion.

6. It is clear that the Ad Hoc Committee has been aware since October 8, 2005 that the Debtors entered into negotiations regarding debtor-in-possession financing with lenders other than JP Morgan Chase Bank, N.A., including lenders who were parties to the Debtors' pre-petition credit facility. (See Miller Aff., dated Oct. 8, 2005, ¶ 25 (Docket No. 7) ("Prior to Petition Date, the Debtors surveyed various sources of postpetition financing from both new and existing lenders to create a competitive process ...[and] the Debtors obtained proposals from debtor in financing from various global financial institutions.").) Thus, the Ad Hoc Committee has known since at least October 8, 2005 that DBSI, affiliate(s) of which are party to the pre-petition credit facility, may have information that is relevant to the negotiation of debtor-in-possession financing. The failure of the Ad Hoc Committee (i) to obtain information about the identity of the parties to these negotiations at an earlier time by, for example, seeking discovery from the Debtors or (ii) to inquire with DBSI concerning potential negotiations is inexcusable and does not warrant an imposition on the Deutsche Bank Parties.

7. Courts have recognized that, because the Deutsche Bank Parties are not parties to this proceeding, any inconvenience suffered by them must be considered in determining whether the subpoena should be quashed. See, e.g., Concord Board Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996) ("[T]he status of a witness as a non-party to the underlying litigation 'entitles [the witness] to consideration regarding . . . inconvenience."); SEC v. Seahawk Deep Ocean Tech, Inc., 166 F.R.D. 268, 269 (D. Conn. 1996) ("The court may consider a

movant's non-party status when weighing the burdens imposed in connection with the subpoena at issue.").

## WAIVER OF MEMORANDUM OF LAW

8.     Pursuant to Local Bankruptcy Rule 9013-1(b), because there are no novel issues of law presented in this Motion, the Deutsche Bank Parties respectfully request that the Court waive the requirement that the Deutsche Bank Parties file a separate memorandum of law in support of this Motion.

## NOTICE

9.     Notice of this Motion will be given to the Ad Hoc Committee, the Debtors, and those parties who have formally appeared and required service in these cases in accordance with Bankruptcy Rule 2002.  The Deutsche Bank Parties submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

10.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court (i) dismissing the Rule 3018 Motion, and (ii) grant such further relief as the Court deems proper.

Dated:  New York, New York
        October 26, 2005

WHITE & CASE LLP

By:  /s/  Sheron Korpus
Howard S. Beltzer (HB-5721)
Sheron Korpus (SK-3351)
1155 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 819-8200

Attorneys for Deutsche Bank Securities, Inc., Mark B. Cohen, and Thomas J. Maloney