# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE                                   :
                                        : Chapter 11
SILVER CINEMAS INTERNATIONAL,           :
INC., et al.,                           :
                                        : Case No. 00-1978 JJF
        Debtors.                        :

## MEMORANDUM ORDER

Presently before the Court is the Debtors' Motion for Authority to Obtain Secured Postpetition Financing, Use Cash Collateral, and Repay Prepetition Secured Claim (D.I. 17). By way of their motion, the Debtors request that the Court enter an interim order permitting the Debtors to: (1) obtain secured postpetition financing; (2) repay prepetition secured debt; and (3) use cash collateral until such refinancing has been completed.

The United States Trustee ("the Trustee") has filed an objection to this application. (D.I. 114). The Trustee objects to an order which would authorize the Debtors from obtaining secured postpetition financing from Foothill Capital Corporation ("Foothill"). In support of her motion, the Trustee argues that the Debtors are unable to adequately secure the new borrowings through assets other than the avoidance actions. Emphasizing that federal courts routinely reject liens on avoidance actions, or the proceeds thereof, the Trustee objects to the entry of a Final Debtor-in-Possession Financing Order ("DIP") that would provide Foothill with

261

any lien or priority position on avoidance actions. (D.I. 114 at ¶ 7).

Section 364 of Title 11 of the United States Bankruptcy Code authorizes the trustee or debtor in possession, with court approval, to obtain credit or incur debt with: "(1) a superpriority over any or all administrative expenses; (2) security in the form of a lien on free assets; or (3) security in the form of a junior lien on assets that are already encumbered." 3 Lawrence P. King, Collier on Bankruptcy ¶ 364.04 (15th ed. 1999).[1]

In evaluating requests under section 364(c), courts generally apply a three part test requiring a showing that: (1) the debtor cannot obtain credit unencumbered or without superpriority status; (2) the credit transactions are necessary to preserve assets of the estate; and (3) the terms of the credit agreements are fair, reasonable, and adequate. Collier's at ¶ 364.04[1]; see also In re

---

[1] Section 364(c) provides in relevant part that:

> [T]he court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt--
>
> (1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;
>
> (2) secured by a lien on property of the estate that is not otherwise subject to a lien; or
>
> (3) secured by a junior lien on property of the estate that is subject to a lien.

2

Crouse Group, Inc., 71 B.R. 544 (Bankr. E.D. Pa.), aff'd, 75 B.R. 553 (E.D. Pa. 1987).

The issue here is whether liens on avoidance actions are appropriate. By way of her objection, the Trustee does not assert that the Debtors have failed to meet the three part test outlined above; rather, the Trustee argues that liens on avoidance actions have been routinely rejected by federal courts as inappropriate and overreaching. (D.I. 114 at ¶ 6). Consequently, the Trustee urges that the Court deny the Debtors' motion for entry of the interim and final orders authorizing postpetition financing.

After reviewing the written submissions and considering the various positions presented at the June 14 hearing, the Court concludes that financing proposed by the Debtors does not exceed the intended scope of section 364 and that the Debtors' application should be granted.

In enacting section 364, Congress recognized the natural reluctance of lenders to extend credit to a company in bankruptcy, and, therefore, designed the statute to provide "incentives to the creditor to extend post-petition credit." Unsecured Creditors' Comm. v. First Nat'l Bank & Trust Co. of Escanaba (In re Ellingsen MacClean Oil Co.), 834 F.2d 599, 603 (6th Cir. 1987), cert. denied, 488 U.S. 817, 109 S. Ct. 55, 102 L.Ed.2d 33 (1988). Specifically, the language of section 364 was formulated to encourage post-petition financing by providing lenders with security in the debtor's assets

3

and priority over administrative costs. In particular, courts have maintained that, because Chapter 11 envisions the continued operation of a debtor's business, limiting the protections offered by section 364 undercuts the goals of bankruptcy and would cause a chilling effect on DIP lending. In re Florida West Gateway, Inc., 147 B.R. 817 (Bankr. S.D. Fla. 1992). Finally, in evaluating orders which authorize the use of cash collateral, federal courts have consistently found that postpetition liens may be extended to avoidance actions. See Unsecured Creditors' Comm. v. Jones Truck Lines, Inc. 156 B.R. 608, 614 (W.D. Ark. 1992); Official Unsecured Creditors' Comm. v. Northern Trust Co. (In re Ellingsen MacLean Oil Co.), 98 B.R. 284, 291-92 (Bankr. W.D. Mich. 1989);.

This Chapter 11 case has every prospect of reorganization, or, at the very least, a sale that would benefit the entire estate. The lifeline of the estate is the DIP financing, for, without it, the estate cannot operate and manage expansion. Through the proposed financing, the Debtor can remain fluid and work toward a plan of reorganization. While the Court recognizes that fluidity also carries with it apprehension, it is the Court's view that without the benefit of the additional financing, the Debtors will not be able to continue to operate and work toward stability.

NOW, THEREFORE, IT IS HEREBY ORDERED this 11th day of August, 2000, that the Motion for Authority to Obtain Secured Postpetition

4

Financing, Use Cash Collateral, and Repay Prepetition Secured Claim (D.I. 17) is **GRANTED**.

                                         *Joseph J. Farnan Jr.*
                                    UNITED STATES DISTRICT JUDGE

5