William M. Hawkins (WH 1865)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-0037
212-407-4000

Attorneys for Kyocera Industrial Ceramics Corp.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- X
In re:                                           :    Chapter 11
                                                 :
DELPHI CORPORATION et al.,                       :    Case No. 05-44481 (RDD)
                                                 :
            Debtors.                             :    (Jointly Administered)
------------------------------------------------------------- X

**MOTION OF KYOCERA INDUSTRIAL CERAMICS CORP.**
**FOR ADEQUATE PROTECTION AS CONTEMPLATED UNDER**
**PARAGRAPH 18 OF INTERIM FINANCING ORDER**

Kyocera Industrial Ceramics Corp. ("Kyocera"), by its undersigned attorneys, as contemplated by paragraph 18 of the Interim Order Under 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) To Utilize Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) dated October 12, 2005 ("Interim Financing Order"), hereby moves this Court ("Motion") for an order providing additional and different adequate protection as described below. In support of its request, Kyocera states as follows:

1.   Jurisdiction and venue of this Court over this Motion and these cases is appropriate pursuant to, among others, 28 U.S.C. §§ 1334 and 1408.

2. Paragraph 18 of the Interim Financing Order grants Kyocera, to the extent of its valid, perfected, enforceable, and non-avoidable right to setoff in respect of its prepetition payables, a fourth priority replacement lien that purports to constitute adequate protection of Kyocera's first priority right of setoff. Such a deeply subordinated lien cannot constitute adequate protection of the priority setoff right, preserved under 11 U.S.C. § 553. Paragraph 18 also states, however, that creditors may "request further or different adequate protection under section 361 of the Bankruptcy Code" prior to entry of the Final Order (as defined in the Interim Financing Order). It appears, then, that paragraph 18 of the Interim Financing Order is intended to bar Kyocera from seeking further or different adequate protection after entry of the Final Order.

3. Kyocera – like many other creditors – finds paragraph 18 of the Interim Financing Order objectionable, and believes that the Court will and should sustain the many objections filed against this provision.

4. Out of an abundance of caution, however, Kyocera hereby requests that, as adequate protection of its right of setoff as it existed as of the petition date in these cases, Kyocera be granted the first and senior replacement lien in all amounts, if any, which are presently or hereafter owed by Kyocera or its affiliates to Debtors (as defined in the Interim Financing Order) or their affiliates during these cases, with the replacement lien to be senior to the Carve-Out, the DIP Liens, the Adequate Protection Liens (all as defined in the Interim Financing Order) and any other liens and claims, to secure all of Kyocera's prepetition claims up to any amounts owed by Kyocera or its affiliates to Debtors or their affiliates as of the petition date in these cases.

      5.    Kyocera also hereby reserves its recoupment rights.

Dated:    October 27, 2005

                                LOEB & LOEB LLP

                                By  /s/ _____
                                     William M. Hawkins (WH 1865)
                                     345 Park Avenue
                                     New York, New York 10154-0037
                                     212-407-4000

                                     Attorneys for Kyocera Industrial Ceramics
                                     Corp.