UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
: 
    In re                              :        Chapter 11
:
DELPHI CORPORATION, et al.,        :        Case No. 05- 44481 (RDD)
:
                         Debtors.    :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FINAL ORDER UNDER 11 U.S.C. §§ 105, 366, 503, AND 507 (I) PROHIBITING UTILITIES
FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES ON ACCOUNT OF
PREPETITION INVOICES AND (II) ESTABLISHING PROCEDURES
FOR DETERMINING REQUESTS FOR ADDITIONAL ASSURANCE

("UTILITIES ORDER")

        Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for interim and final orders (this final order being referred to hereinafter as the "Final Order") under 11 U.S.C. §§ 105, 366, 503, and 507 (a) prohibiting utilities from altering, refusing, or discontinuing services on account of nonpayment of prepetition invoices and (b) establishing procedures for determining requests for additional adequate assurance; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

A. This Court has jurisdiction over the matters raised in the Motion.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. AT&T, Entergy Mississippi, Inc., SBC Communications Inc., American Electric Power, Dominion East Ohio, New York State Electric And Gas Corporation, Niagara Mohawk Power Corporation, Public Services And Electric Gas Company, And Rochester Gas & Electric Corporation (collectively, the "Objecting Utilities") have filed objections (collectively, the "Objections") to the Motion.

D. The hearing with respect to the Objecting Utilities has been continued to November 29, 2005, and the deadline for the Debtors to respond to the objections filed by the Objecting Utilities shall be on or before 12:00 p.m. on November 28, 2005, or, if the hearing is further continued, on or before 12:00 p.m. on the day immediately prior to the applicable hearing date as set forth in paragraph 14 of the Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance With Local Bankr. R. 1007(e).

E. Constellation NewEnergy, Inc. ("Constellation") has filed a response to the Motion which has been resolved.

F. No other objections and responses to the Motion have been filed.

ORDERED, ADJUDGED, AND DECREED THAT:

1. Except with respect to the Objecting Utilities, the Motion is GRANTED on a final basis as provided herein.

2. The Debtors shall pay on a timely basis in accordance with their prepetition practices all undisputed invoices for postpetition utility services provided by the Utility Companies to the Debtors.

3. Absent any further order of this Court, each of the utility companies that provides natural gas, water, electric, telephone, fuel, sewer, cable, telecommunications, internet, paging, cellular phone, and other similar services to the Debtors, (the "Utility Companies"), whether under direct relationship with the Debtors or through the Debtors' landlords or other third parties, including but not limited to the list of Utility Companies contained in Exhibit 1 hereto, enjoined from (a) altering, refusing, or discontinuing service to, or discriminating against, the Debtors solely on the basis of the commencement of these chapter 11 cases or on account of any unpaid invoice for service provided prior to October 8, 2005 or (b) requiring the payment of a deposit or other security in connection with such Utility Company's continued provision of utility services, including, but not limited to, the furnishing of gas, heat, electricity, water, sewer, cable, telephone, telecommunications, internet, paging, cell phone, or any other service of like kind.

4. The Debtors' record of timely payment of prepetition utility bills, demonstrated ability to pay future utility bills, and, with respect to those Utility Companies that provide natural gas to the Debtors through GM accounts, such Utility Companies' agreements with GM, constitute adequate assurance of future payment for utility services pursuant to 11 U.S.C. § 366(b).

5. The Debtors shall serve a copy of the Motion and this Final Order on each Utility Company set forth on Exhibit 1 hereto by overnight mail within five business days of the entry of this Final Order.

6.      This Final Order is without prejudice to the rights of any of the Utility Companies to make a request for adequate assurance from the Debtors (a "Request") in the form of deposits or other security based on materially changed circumstances from the date hereof. Any such Request must be in writing and set forth the location for which the utility services are provided, a payment history for the most recent six months, and a description of any prior material payment delinquency or irregularity.  Any Request received by the Debtors after the Request Deadline or which otherwise fails to comply with this Final Order (including failure to specify prior material delinquent or irregular payment) shall be deemed untimely and invalid, and any Utility Company making such a Request shall be deemed to have adequate assurance under 11 U.S.C. § 366.

7.      In the event the Debtors believe that a timely Request for additional assurance made by any of the Utility Companies is unreasonable and no consensual resolution of the Request is reached, the Debtors shall file a motion for determination of adequate assurance of payment with respect to such Request (the "Determination Motion") within 45 days of receiving such Request and set such Motion for hearing (the "Determination Hearing").  Consistent with the Court's Case Management Order, any of the Utility Companies may seek an earlier Determination Hearing.

8.      If a Determination Hearing is scheduled in accordance with the immediately preceding paragraph, the Utility Company shall be deemed to have adequate assurance of payment until an order of this Court is entered in connection with a Determination Hearing.

9.      Any Utility Company not listed on <u>Exhibit 1</u> hereto but subsequently identified shall be served with a copy of this Final Order and be afforded 25 days from the date

of service to make a Request, if any, from the Debtors. Such a Request must otherwise comply with the requirements of this Final Order or shall be deemed an untimely and invalid adequate assurance request, precluding a Utility Company from unilaterally terminating service; provided, however, that the Utility Company and the Debtors shall then be governed by paragraphs 6-8 hereof.

10. To the extent that the Electricity Supply Agreement (New York), Master Electricity Supply Agreement (Illinois), and Gas Sale, Transportation, and Management Contract (Contract No. AEM03002) (collectively, the "Supply Agreements") between the Debtors and Constellation are "forward contracts" and Constellation is a "forward contract merchant," as those terms are defined in 11 U.S.C. sec 101(25) and (26), respectively, nothing in this Final Order is intended to limit or impair Constellation's rights under section 556 of the Bankruptcy Code as a forward contract merchant, nor shall this Final Order limit or impair the Debtors' right to argue that Constellation is not a forward contract merchant, that the Supply Agreements are not forward contracts, or that Constellation is not entitled to exercise any rights it may have under section 556 of the Bankruptcy Code, or otherwise.

11. If additional Utility Companies are identified by the Debtors, the Debtors shall file with this Court a supplement to <u>Exhibit 1</u> hereto adding the names of the Utility Companies so served, and this Final Order shall be deemed to apply to such Utility Companies from the date of such service, subject to a later order of this Court on a Determination Motion, if any.

12. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

13. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
         October 27, 2005

/s/ Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE