```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                           :
        In re                              :    Chapter 11
                                           :
DELPHI CORPORATION, et al.,                :    Case No. 05-44481 (RDD)
                                           :
                        Debtors.           :    (Jointly Administered)
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

ORDER UNDER 11 U.S.C. § 365(a) AUTHORIZING
REJECTION OF LICENSE AGREEMENT WITH DURASWITCH INDUSTRIES, INC.

("DURASWITCH REJECTION ORDER")

Upon the motion, dated October 17, 2005 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. § 365(a) authorizing the Debtors to reject the License Agreement between Delphi Automotive Systems LLC and DuraSwitch Industries, Inc., dated April 20, 2000 (the "DuraSwitch License Agreement"); and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. The DuraSwitch License Agreement is hereby rejected under section 365(a) of the Bankruptcy Code.

3. The rejection of the DuraSwitch License Agreement, including all exclusive and non-exclusive licenses granted thereby, shall be effective as of October 17, 2005.

4. Effective as of October 17, 2005, Delphi acknowledges that it is no longer authorized to issue any sublicenses, sell any Licensed Products (as defined in the DuraSwitch License Agreement), or use the technology that is the subject of the DuraSwitch License Agreement, and Delphi will not object to any license, sublicense, sale, or other use by DuraSwitch with respect to the technology, including DuraSwitch's issuance of licenses to any other party.

5. Nothing provided herein shall prejudice DuraSwitch's right to assert any and all claims against the Debtors, including, but not limited to, damages for rejection of the DuraSwitch License Agreement and/or any other claim arising under the DuraSwitch License Agreement, other agreement between DuraSwitch and the Debtors, or otherwise, and the Debtors preserve any and all rights in law or equity to object to such claims, all subject to further applicable orders of this Court.

6. Notwithstanding any provision of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, or of the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon signature.

7. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

        8.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
            October 27, 2005

    /s/ Robert D. Drain
    HONORABLE ROBERT D. DRAIN
    UNITED STATES BANKRUPTCY JUDGE