UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                              :
        In re                                 :
                                              :   Chapter 11
DELPHI CORPORATION, et al.,                   :
                                              :   Case No.  05 – 44481 (RDD)
                        Debtors.              :
                                              :   (Jointly Administered)
                                              :
------------------------------------------------------------x
```

ORDER UNDER 11 U.S.C. § 363
APPROVING PROCEDURES TO SELL CERTAIN DE MINIMIS ASSETS
FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES AND
TO PAY MARKET RATE BROKER COMMISSIONS IN CONNECTION
WITH SUCH SALES WITHOUT FURTHER COURT APPROVAL

("DE MINIMIS ASSET SALE ORDER")

          Upon the motion, dated October 17, 2005 (the "Motion"), of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order under section 363 of title 11 of

the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"),

authorizing the Debtors to sell certain de minimis assets outside the ordinary course of business

free and clear of liens, claims, and encumbrances and to pay market rate broker commissions in

connection with such dispositions without further Court approval; and upon the record of the

hearing held on the Motion; and this Court having determined that the relief requested in the

Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-

interest; and it appearing that proper and adequate notice of the Motion has been given and that

no other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    The Debtors are authorized to consummate, without further Court approval,

arms-length sales of real and personal property outside of the ordinary course of business when

the purchase price is $10 million or less for each transaction or in the aggregate for a related

series of transactions (the "de minimis Assets"), free and clear of all liens, claims, and

encumbrances, with any such liens, claims, and encumbrances attaching to the sale proceeds with

same force, validity, priority, perfection and effect as such liens had on the property immediately

prior to the sale, subject to the notice procedures and other terms of this Order set forth below.

3.    The Debtors hereby are authorized to pay, without further Court approval,

market rate broker commissions (the "Broker Commissions") for brokers utilized in the ordinary

course of the Debtors' business in connection with any sales of de minimis Assets upon

satisfaction of the disclosure requirements provided for herein.

4.    Sales of de minimis Assets are subject to the following notice procedures (the

"Notice Procedures"):

(a)    The Debtors shall give notice of each proposed sale (the "Sale Notice") to (i)
the Office of the United States Trustee, (ii) counsel to any official committees appointed
in these cases (the "Committee(s)"), (iii) counsel for the agent under the Debtor's debtor-
in-possession lenders (the "DIP Lenders"), (iv) counsel for the agent under the Debtors'
prepetition credit facility; (v) any other known holder of a lien, claim, or encumbrance
against the specific property to be sold, and (vi) any known interested party in the subject
de minimis Assets (collectively, the "Notice Parties"). The Sale Notice shall be served by
facsimile, if possible, so as to be received by 5:00 p.m. (Eastern Time) on the date of
service and by overnight mail. The Sale Notice shall specify (i) the assets to be sold, (ii)
the identity of the proposed purchaser (including a statement that the proposed purchaser
is not an "insider" as defined in section 101(31) of the Bankruptcy Code ), (iii) the
proposed sale price, (iv) a copy of any documentation executed in contemplation of the

transaction, and (v) an affidavit of the broker, if any, pursuant to rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), that identifies the broker, the amount of the Broker Commission, affirms based on such broker's reasonable knowledge and belief, that the commission is at or lower than the market commission for similar sales and contains the disclosures required by Bankruptcy Rule 2014.

(b)    The Notice Parties shall have five business days following initial receipt of the Sale Notice to object to or request additional time to evaluate the proposed transaction and the Broker Commission.  If counsel to the Debtors receives no written objection or written request for additional time prior to the expiration of such five business day period, the Debtors shall be authorized to consummate the proposed sale transaction and to take such actions as are necessary to close the transaction and collect the proceeds of such sale, including, without limitation, payment of the Broker Commission.

(c)    If a Notice Party objects to the proposed transaction and/or the Broker Commission within five business days after the Sale Notice is received, the Debtors and such objecting Notice Party shall use good faith efforts to consensually resolve the objection.  If the Debtors and the objecting Notice Party are unable to achieve a consensual resolution, the Debtors shall not take any further steps to consummate the proposed transaction without first obtaining Bankruptcy Court approval of the proposed transaction, including retention of any broker, *nunc pro tunc*, upon notice and a hearing.

(d)    To the extent that a competing bid is received for the purchase of the <u>de minimis</u> Assets, which in the Debtor's sole discretion, in the exercise of their business judgment and in consultation with their processionals, materially exceeds the value of the purchase price contained in the Sale Notice, the Debtors shall re-notice the proposed sale to the subsequent bidder pursuant to the Notice Procedures; *provided* that the proposed purchase price is still less than or equal to $10 million, and to the extent the proposed purchase price is greater than $10 million, the Debtors shall file a motion with this Court in accordance with the Case Management Order (Docket No. 164) to obtain approval for the proposed transaction.

(e)    Any valid and enforceable liens shall attach to the net proceeds of the sale with same force, validity, priority, perfection and effect as such liens had on the property immediately prior to the sale, subject to any claims and defenses the Debtors may possess with respect thereto, and any amounts in excess of such liens shall be utilized by the Debtors in accordance with the terms of the debtor-in-possession financing agreements (collectively, the "DIP Agreement") (if approved by this Court) or any order entered by this Court.

5.    Nothing in the foregoing procedures shall prevent the Debtors, in their sole

and absolute discretion, from seeking Bankruptcy Court approval at any time of any proposed

transaction upon notice and a hearing, or if necessary, to comfort a purchaser, to submit a

separate order to this Court along with a certificate of no objection to be entered without need for a hearing on the matter.

6.    The Notice Procedures set forth herein shall not apply to sales of assets that involve an "insider," as defined in section 101(31) of the Bankruptcy Code or any sale that, because of the integral nature of the asset, would require the Debtors subsequently to sell additional assets for an aggregate sum in excess of $10 million.  Any such sale shall continue to require an individual hearing as prescribed by section 363(b) of the Bankruptcy Code.

7.    Sales of de minimis Assets shall be arm's-length transactions entitled to the protections of section 363(m) of the Bankruptcy Code.

8.    The Debtors and their respective officers, employees, and agents are authorized to perform all of their obligations, take whatever actions necessary, and issue, execute, and deliver whatever documents may be necessary or appropriate to implement and effectuate any dispositions of de minimis Assets.

9.    Each and every federal State and local government agency or department is hereby directed to accept any and all documents and instruments necessary or appropriate to consummate the dispositions of de minimis Assets.  The register or recorder of deeds (or other similar recording agency) is hereby directed to accept and include a certified copy of this Order along with any other appropriate conveyance documents used to record and index the transfer of any de minimis Assets in the appropriate public records.

10.    Pursuant to the terms of the DIP Agreement and the interim order approving such DIP Agreement on an interim basis, entered on October 12, 2005, and subject to the final approval of the DIP Agreement, the DIP Lenders hold valid, duly perfected security interests in and liens upon the de minimis Assets.  Subject to the final approval of the DIP Agreement, any

and all proceeds obtained by the Debtors from any sales of such de minimis Assets will be applied as required by the DIP Agreement or any order entered by this Court.  Nothing contained herein shall be deemed a waiver by the DIP Lenders of any required approval or disapproval of any sale, whether pursuant to this Order or otherwise.

11.    All other holders of valid and perfected liens shall be treated in accordance with section 363(f) of the Bankruptcy Code.

12.    Nothing in this Order alters or modifies the Debtors' obligation to file a motion pursuant to section 365 of the Bankruptcy Code to assume and/or assign any lease.

13.    No further orders of this Court are necessary to effectuate the terms set forth herein for transactions or related series of transactions completed in good faith.

14.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

15.    The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.


Dated:    New York, New York
          October 27, 2005


                                        /s/ Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE