Hearing Date: November 29, 2005, 10:00 a.m.
Objection Deadline: November 22, 2005

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
                                                        :
In re                                                   :    Chapter 11
                                                        :
DELPHI CORPORATION, et al.,                             :    Case No. 05-44481
                                                        :
                        Debtors.                        :    (Jointly Administered)
------------------------------------------------------- x

## TRICON INDUSTRIES, INC.'S MOTION FOR MODIFICATION OF AUTOMATIC STAY FOR LIMITED PURPOSE OF EFFECTUATING SETOFF

TRICON INDUSTRIES, INC. ("Tricon") through its attorneys, moves this Court for an order to modify the automatic stay for the limited purpose of effectuating a setoff of amounts owed by Tricon to one of the debtors against amounts owed by that debtor to Tricon. In support of this Motion, Tricon respectfully states:

### INTRODUCTION

1.  On October 8, 2005 (the "Petition Date"), Delphi Corporation and certain of its subsidiaries and affiliates (the "Debtors") commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  The statutory predicates for the relief sought in this Motion are sections 362 and 553 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.  Tricon is the sole-source manufacturer of insert molded (metal and plastic) electrical components (the "Components") for four North American business divisions of Debtor

Delphi Corporation ("Delphi"). Prior to the Petition Date, Tricon and Delphi entered into a series of agreements whereby Tricon agreed to manufacture and Delphi agreed to purchase the Components (collectively, the "Contracts").

4. As of the Petition Date, Delphi owed $644,677.01 (the "Claim") to Tricon under the terms of the Contracts. A schedule of the unpaid invoices making up the Claim is attached hereto as Exhibit A.

5. As of the Petition Date, as a result of certain overpayments, credits and accounts payable due to Delphi, Tricon in turn owed Delphi $627,184.19 (the "Debt"). A schedule detailing the overpayments, credits and payables owed to Delphi by Tricon is attached hereto as Exhibit B.

6. Since the Petition Date, Tricon has continued to support the Debtors by supplying goods on credit terms.

## RELIEF REQUESTED

7. For the reasons set forth herein, Tricon requests relief from the automatic stay for the limited purpose of effectuating a setoff with Delphi.

## BASIS FOR RELIEF REQUESTED

### A. Right of Setoff

8. Section 553 of the Bankruptcy Code preserves any rights of setoff that may exist between a creditor and debtor. *See also Citizens Bank of Maryland v. Strumpf* 516 U.S. 16, 18 (1995) (holding that 11 U.S.C. § 553(a) "provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy"). This right of setoff is intended to avoid "the absurdity of making A pay B when B owes A." Id. at 18 (1995) (quoting *Studley v. Boylston Nat. Bank*, 229 U.S. 523, 528 (1913)). Section 553 of the Bankruptcy Code states in pertinent part:

> (a) Except as otherwise provided in this section and in sections 362 and 353 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case...

11 U.S.C. § 553(a). "In general, the right of setoff allows parties who have prepetition debts to each other to assert the amounts owed on these debts, subtract one from the other, and then pay only the balance." *In re Johnson*, 216 B.R. 381, 385 (Bankr. N.D. Ill. 1997) (citations omitted).

9. As stated in *In re Johnson*, "[s]ection 553(a) recognizes and preserves rights of setoff where four conditions exist: (1) the creditor holds a 'claim' against the debtor that arose before the commencement of the case; (2) the creditor owes a 'debt' to the debtor that also arose before the commencement of the case; (3) the claim and debt are 'mutual'; and (4) the claim and debt are each valid and enforceable. *Id*. All four of these requirements are satisfied in the case at bar, and thus a valid right of setoff exists in favor of Tricon.

10. First, Tricon clearly holds a "claim" against Delphi that arose before the-commencement of the case. The term 'claim' is defined in section 101 of the Bankruptcy Code as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured ..." 11 U.S.C. § 101(5)(A). As stated above, Delphi owed Tricon $644,677.01 as of the Petition Date under the terms of the Contracts.

11. For the same reason, Tricon clearly owes a "debt" to Delphi. As stated above, Tricon owed Delphi $627,184.19 as of the Petition Date on account of certain overpayments, credits and payables.

12. Additionally, the claim and the debt are "mutual" as is required by the provisions of the Bankruptcy Code for creation of a setoff right under section 553. Generally, debts are

715270-1                                    3

considered "mutual" if the claims are "due to and from the same person in the same capacity." *Packaging Ind. Group v. Dennison Mfg. Co., Inc. (In re Sentinel Prods*.), 192 B.R. 41, 45 (N.D.N.Y. 1996) (citations omitted). Clearly, this requirement is met in the case at bar, as Delphi owes Tricon funds pursuant to the Contracts, and Tricon owes Delphi funds pursuant to the Contracts.

13. Furthermore, both the claim and the debt in this case are valid and enforceable. Generally, a claim and debt are both valid and enforceable for purposes of setoff unless a setoff of such debt would be invalid under either (i) applicable nonbankruptcy law or (ii) applicable provisions of the Bankruptcy Code. *Collier Bankruptcy Manual* 553.02[4], p. 553-18 (3d ed. 2001). In this instance, there are no provisions of the Bankruptcy Code, or any other law, that would make the contemplated setoff invalid.

14. Finally, it is important to note that while section 553 allows the exercise of a setoff right if the above conditions are satisfied, the Bankruptcy Code does not itself create a right of setoff, but rather merely preserves any rights of setoff that exist under federal or state law. *See Strumpf*, 516 U.S. at 18. The Contracts are governed by the laws of the State of Michigan, which recognizes a common law right of setoff. *In re New Haven Foundry, Inc.*, 285 B.R. 646, 648 (E.D. Mich. 2020); *Siciliano v. Mueller*, 2001 WL 1699801, *6 (Mich. Ct. App. Dec. 28, 2001); *Walker v. Farmers Ins. Exchange*, 572 N.W.2d 17, 19 (Mich. Ct. App. 1997).

15. Therefore, given the fact that an independent right of setoff exists outside of the Bankruptcy Code, and the exercise of this right meets all the conditions required for setoffs preserved under section 553, the right of Tricon to setoff the Debt against the Claim is established.

**B.      Relief from Stay**

15.     While the Bankruptcy Code preserves creditors' rights of setoff, the exercise of such rights is subject to a grant of relief from stay from the Court. Specifically, the automatic stay protects against the delineated acts set forth in 11 U.S.C. § 362(a), which states, in pertinent part:

> (a)     Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--
>
> (7)     the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor ...

11 U.S.C. § 362(a)(7).

16.     While the automatic stay is intended to protect a debtor from interference with an orderly liquidation or rehabilitation, to forestall the depletion of a debtor's assets due to legal costs in defending legal proceedings against it and to prevent certain creditors from gaining a preference for their claims against the debtor, "the stay is not meant to be indefinite or absolute, and in appropriate instances, relief may be granted." *Izzarelli v. Rexent Prods. Co.* (In re Rexene Prods. Co.), 141 B.R. 574, 576 (Bankr. D. Del. 1992). 11 U.S.C. § 362 provides, in pertinent part, that:

> (d)     On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay ---
>
> (1)     for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2)     with respect to a stay of an act against property under subsection (a) of this section, if ---
>
> (A)     the debtor does not have an equity in such property; and

          (B)    such property is not necessary to an effect reorganization;

11 U.S.C. §362(a)(7).

17. Tricon is entitled to relief from stay under section 362(d)(1) of the Bankruptcy Code for cause in order to set off the pre-petition balance owing from Delphi to Tricon under the Contracts against the debt owed to Delphi under the Contracts.

18. No prior motion for the relief requested herein has been made to this Court or any other court.

19. Notice of this Motion has been provided by electronic transmission through the Court's electronic filing system, overnight delivery or first class mail to chambers, the parties on the Master Service List and the 2002 List Parties, pursuant to the Case Management Order entered on October 14, 2005 and as indicated on the Certificate of Service, filed contemporaneously herewith.

20. Because the legal points and authorities upon which this Motion relies are incorporated herein, Tricon respectfully requests that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

**WHEREFORE**, Tricon Industries, Inc. debtor herein, respectfully requests the entry of an order, whereby the automatic stay will be modified for the limited purpose of permitting Tricon Industries, Inc. to setoff the pre-petition balance owed to it by Delphi Corporation under

the Contracts against the debts it owes to Delphi Corporation, as well as such other and further relief as the Court deems just and proper.

Dated: October 31, 2005

        Respectfully Submitted,

        **UNGARETTI & HARRIS LLP**

        By:   /s/ Alex Pirogovsky
            Gregg E. Szilagyi (ARDC No. 6198555)
            Alex Pirogovsky (ARDC No. 6256978)
            Ungaretti & Harris LLP
            3500 Three First National Plaza
            Chicago, Illinois 60602
            Telephone: (312) 977-4400
            Facsimile: (312) 977-4405
            *Attorneys for Tricon Industries, Inc.*