"Collateral"), subject, only in the event of the occurrence and during the continuance of

an Event of Default, to the payment of the Carve Out (all such liens and security interests

granted to the Agent, for its benefit and for the benefit of the DIP Lenders, pursuant to

this Order and the DIP Documents, the "DIP Liens"):

        (a)      First Lien On Cash Balances And Unencumbered Property.

Pursuant to section 364(c)(2) of the Bankruptcy Code, a valid, binding, continuing,

enforceable, fully-perfected first priority senior security interest in and lien upon all pre-

petition and post-petition property of the Debtors, whether existing on the Petition Date

or thereafter acquired, to the extent not subject to valid, perfected, non-avoidable and

enforceable liens in existence as of the Petition Date or valid liens in existence as of the

Petition Date that are perfected subsequent to such date to the extent permitted by section

546(b) of the Bankruptcy Code (collectively, "Unencumbered Property"), including

without limitation, all cash and cash collateral of the Debtors (whether maintained with

the Agent or otherwise) and any investment of such cash and cash collateral, inventory,

accounts receivable, other rights to payment whether arising before or after the Petition

Date, contracts, properties, plants, equipment, general intangibles, documents,

instruments, interests in leaseholds, real properties, patents, copyrights, trademarks, trade

names, other intellectual property, capital stock of subsidiaries, and the proceeds of all

the foregoing, *provided*, *however*, that the Borrower and the Guarantors shall not be

required to pledge to the Agent in excess of 65% of the voting capital stock of its direct

Foreign Subsidiaries or any of the capital stock or interests of its indirect Foreign

21

Subsidiaries (if, in the good faith judgment of the Borrower, adverse tax consequences would result to the Borrower). Unencumbered Property shall exclude the Debtors' claims and causes of action under sections 502(d), 544, 545, 547, 548, 549, 550 and 553(b) of the Bankruptcy Code, or any other avoidance actions under the Bankruptcy Code (collectively, "Avoidance Actions"), and any proceeds or property recovered, unencumbered or otherwise the subject of successful Avoidance Actions.

        (b)     <u>Liens Priming Pre-Petition Secured Lenders' Liens</u>. Pursuant to section 364(d)(1) of the Bankruptcy Code, a valid, binding, continuing, enforceable, fully-perfected first priority senior priming security interest in and lien upon all pre-petition and post-petition property of the Debtors (including, without limitation, cash collateral, inventory, accounts receivable, other rights to payment whether arising before or after the Petition Date, contracts, properties, plants, equipment, general intangibles, documents, instruments, interests in leaseholds, real properties, patents, copyrights, trademarks, trade names, other intellectual property, capital stock of subsidiaries, and the proceeds of all the foregoing), whether now existing or hereafter acquired, that is subject to the existing liens presently securing the Pre-Petition Debt (including in respect of issued but undrawn letters of credit). Such security interests and liens shall be senior in all respects to the interests in such property of the Pre-Petition Secured Lenders arising from current and future liens of the Pre-Petition Secured Lenders (including, without limitation, adequate protection liens granted hereunder), and shall be subject and subordinate to (i) the Carve Out (except as provided in paragraph 6 hereof), (ii) any valid,

22

perfected and unavoidable interests of other parties arising out of liens, if any, on such

property existing immediately prior to the Petition Date, (iii) any valid, perfected and

unavoidable interests in such property arising out of liens to which the liens of the Pre-

Petition Secured Lenders become subject subsequent to the Petition Date as permitted by

section 546(b) of the Bankruptcy Code and (iv) statutory liens or security interests arising

after the Petition Date and permitted under the DIP Credit Agreement that by operation of

law would have priority over a previously perfected security interest.

(c)    <u>Liens Junior To Certain Other Liens</u>.  Pursuant to section 364(c)(3)

of the Bankruptcy Code, valid, binding, continuing, enforceable, fully-perfected security

interests in and liens upon all pre-petition and post-petition property of the Debtors (other

than the property described in clauses (a) or (b) of this paragraph 7, as to which the liens

and security interests in favor of the Agent will be as described in such clauses), whether

now existing or hereafter acquired, that is subject to valid, perfected and unavoidable

liens and, as to Pre-Petition Payables and Setoffs (each as defined below) in existence

immediately prior to the Petition Date or to valid and unavoidable liens in existence

immediately prior to the Petition Date that are perfected subsequent to the Petition Date

as permitted by section 546(b) of the Bankruptcy Code, which security interests and liens

in favor of the Agent and the Lenders are junior to such valid, perfected and unavoidable

liens and Setoffs.

(d)    <u>Liens Senior To Certain Other Liens</u>.  The DIP Liens, the

Adequate Protection Liens, the Replacement Liens and the Junior Adequate Protection

Liens (each as defined below) shall not be subject or subordinate to (i) solely in the case

of the DIP Liens, any lien or security interest that is avoided and preserved for the benefit

of the Debtors and their estates under section 551 of the Bankruptcy Code or (ii) any liens

arising after the Petition Date including, without limitation, any liens or security interests

granted in favor of any federal, state, municipal or other governmental unit, commission,

board or court for any liability of the Debtors other than with respect to any liens or

security interests arising after the Petition Date and permitted under the DIP Credit

Agreement to be senior to the DIP Liens.

       8.    *Protection Of DIP Lenders' Rights.*

      (a)    So long as there are any borrowings or letters of credit or other

amounts (other than contingent indemnity obligations as to which no claim has been

asserted when all other amounts have been paid and no letters or credit are outstanding)

outstanding, or the DIP Lenders have any Commitment (as defined in the DIP Credit

Agreement) under the DIP Credit Agreement, the Pre-Petition Agent, the Pre-Petition

Secured Lenders, the holders of Replacement Liens, the holders of Junior Adequate

Protection Liens and the holders of Debtor Liens (as defined below) shall (i) take no

action to foreclose upon or recover in connection with the liens granted thereto pursuant

to the Existing Agreements or this Order, or otherwise exercise remedies against any

Collateral, except to the extent authorized by an order of this Court and (ii) be deemed to

have consented to any release of Collateral authorized under the DIP Documents,

*provided* that the Pre-Petition Agent and any Pre-Petition Secured Lender may appear

24

and be heard as a party in interest in connection with any proceeding relating to the sale,

transfer or other disposition of any Collateral and (iii) not file any further financing

statements, trademark filings, copyright filings, mortgages, notices of lien or similar

instruments, or otherwise take any action to perfect their security interests in the

Collateral unless solely as to this clause (iii), the DIP Lenders file financing statements or

other documents to perfect the liens granted pursuant to this Order, or as may be required

by applicable state law to continue the perfection of valid and unavoidable liens or

security interests as of the Petition Date. Notwithstanding the foregoing, the Pre-Petition

Secured Lenders shall be permitted to file pleadings with respect to any proposed sale,

transfer or other disposition of the Collateral by the Debtors outside the ordinary course

of business so long as such pleadings do not contravene the provisions of this paragraph 8

and do not otherwise interfere with the exercise of any right or remedy by the Agent or

the DIP Lenders.  Nothing herein shall be read to permit the Pre-Petition Agent, the Pre-

Petition Secured Lenders, or the holders of Replacement Liens, the holders of Junior

Adequate Protection Liens or the holders of Debtor Liens to take any action in violation

of the Bankruptcy Code or other applicable law.  This paragraph 8(a) defines the relative

rights of the DIP Agent and the DIP Lenders, on the one hand, and the Pre-Petition Agent

and the Pre-Petition Secured Lenders, on the other, and is not intended to confer any

rights on the Debtors except with respect to the Debtor Liens.

> (b)    The automatic stay provisions of section 362 of the Bankruptcy
Code are vacated and modified to the extent necessary to permit the Agent and the DIP

25

Lenders to exercise, (i) immediately upon the occurrence of an Event of Default, all

rights and remedies under the DIP Documents other than those rights and remedies

against the Collateral as provided in clause (ii) below, and (ii) upon the occurrence and

during the continuance of an Event of Default and the giving of five business days prior

written notice to the extent provided for in the DIP Credit Agreement (promptly upon

receipt of such notice, the Debtors shall provide a copy of such notice to counsel for the

Creditors' Committee), all rights and remedies against the Collateral provided for in the

DIP Documents (including, without limitation, the right to setoff monies of the Debtors

in accounts maintained with the Agent or any DIP Lender).  In any hearing regarding any

exercise of rights or remedies, the only issue that may be raised by any party in

opposition thereto shall be whether, in fact, an Event of Default has occurred and is

continuing, and the Debtors, the Pre-Petition Agent, the Pre-Petition Secured Lenders,

and the holders of Replacement Liens or Junior Adequate Protection Liens hereby waive

in such capacities, but not in capacities as holders of general unsecured claims, their right

to seek relief, including, without limitation, under section 105 of the Bankruptcy Code, to

the extent such relief would in any way impair or restrict the rights and remedies of the

Agent or the DIP Lenders set forth in this Order or the DIP Documents.  In no event shall

the Agent, the DIP Lenders, the Pre-Petition Agent, the Pre-Petition Secured Lenders, or

the holders of Replacement Liens or Junior Adequate Protection Liens be subject to the

equitable doctrine of "marshaling" or any similar doctrine with respect to the Collateral.

26

9.      *Limitation On Charging Expenses Against Collateral*.  Except to the extent of the Carve Out, no expenses of administration of the Cases or any future proceeding that may result therefrom, including liquidation in bankruptcy or other proceedings under the Bankruptcy Code, shall be charged against or recovered from the Collateral pursuant to section 506(c) of the Bankruptcy Code or any similar principle of law, without the prior written consent of the Agent or the Pre-Petition Agent, as the case may be, and no such consent shall be implied from any other action, inaction, or acquiescence by the Agent, the DIP Lenders, the Pre-Petition Agent or the Pre-Petition Secured Lenders.

10.     *The Cash Collateral*.  To the extent any funds of any Debtor party to the Existing Agreements (other than funds in accounts subject to lock-box arrangements under the Debtors' receivables financing) were on deposit with the Pre-Petition Secured Lenders as of the Petition Date, including, without limitation, all such funds deposited in, or credited to, an account of any Debtor party to the Existing Agreements with any Pre-Petition Secured Lender immediately prior to the filing of the Debtors' bankruptcy petitions (the "Petition Time") (regardless of whether, as of the Petition Time, such funds had been collected or made available for withdrawal by any such Debtor), such funds (the "Deposited Funds") are subject to rights of setoff.  By virtue of such setoff rights, the Deposited Funds are subject to a lien in favor of such Pre-Petition Secured Lenders pursuant to sections 506(a) and 553 of the Bankruptcy Code.  The Pre-Petition Secured Lenders are obligated, to the extent provided in the Existing Agreements, to share the

27

benefit of such liens and setoff rights with the other Pre-Petition Secured Lenders party to

such Existing Agreements.  The cash of the Debtors party to the Existing Agreements,

including, without limitation, the Deposited Funds or any other funds on deposit at the

Pre-Petition Secured Lenders as of the Petition Date, and any proceeds generated by the

collection of accounts receivable, sale of inventory or other disposition of the Pre-Petition

Collateral are cash collateral of the Pre-Petition Secured Lenders within the meaning of

section 363(a) of the Bankruptcy Code, and all such "cash collateral" is referred to herein

as "Cash Collateral."  The Pre-Petition Secured Lenders have objected to the use by the

Debtors of the Pre-Petition Collateral, including Cash Collateral, except on the terms of

this Order.

      11.    *Use Of Cash Collateral.*  The Debtors are hereby authorized to use all

Cash Collateral of the Pre-Petition Secured Lenders and of the holders of Replacement

Liens or Junior Adequate Protection Liens, and the Pre-Petition Secured Lenders and the

holders of Replacement Liens or Adequate Protection Liens are directed promptly to turn

over to the Debtors all Cash Collateral received or held by them, *provided* that the Pre-

Petition Secured Lenders and the holders of Replacement Liens or Adequate Protection

Liens are granted adequate protection as hereinafter set forth.  The Debtors' right to use

Cash Collateral shall terminate automatically upon the occurrence of the Termination

Date or the voluntary reduction by the Borrower of the Total Commitments to zero (as

each such term is defined in the DIP Credit Agreement).

28

12.    *Adequate Protection*.  The Pre-Petition Secured Lenders are entitled,

pursuant to sections 361, 363(e) and 364(d)(1) of the Bankruptcy Code, to adequate

protection of their interest in the Pre-Petition Collateral, including the Cash Collateral, for

and equal in amount to the aggregate diminution in the value of their interest in the Pre-

Petition Secured Lenders' Pre-Petition Collateral, including, without limitation, any such

diminution resulting from the sale, lease or use by the Debtors (or other decline in value)

of Cash Collateral and any other Pre-Petition Collateral, the priming of the Pre-Petition

Agent's security interests and liens in the Pre-Petition Collateral by the Agent and the

DIP Lenders pursuant to the DIP Documents and this Order, and the imposition of the

automatic stay pursuant to section 362 of the Bankruptcy Code.  As adequate protection,

the Pre-Petition Agent and the Pre-Petition Secured Lenders are hereby granted the

following (collectively, the "Adequate Protection Obligations"), to the extent of such

diminution:

(a)    <u>Adequate Protection Liens</u>.  As security for the payment of the

Adequate Protection Obligations, the Pre-Petition Agent (for itself and for the benefit of

the Pre-Petition Secured Lenders) is hereby granted (effective and perfected as of the

Petition Date and without the necessity of the execution by the Debtors of mortgages,

security agreements, pledge agreements, financing statements or other agreements) a

replacement security interest in and lien upon all the Collateral, subject and subordinate

only to (i) the security interests and liens granted to the Agent for the benefit of the DIP

Lenders in this Order and pursuant to the DIP Documents and any liens on the Collateral

29

to which such liens so granted to the Agent are junior, (ii) the Replacement Lien (as

hereinafter defined) and (iii) the Carve Out, *provided* that the security interest in and lien

granted to the Pre-Petition Agent pursuant to this paragraph 12(a) upon Collateral that is

not (x) Pre-Petition Collateral or (y) Collateral that would have constituted Pre-Petition

Collateral but for the operation of section 552(a) of the Bankruptcy Code as to which,

without further action, the Pre-Petition Agent would have had a valid and perfected

security interest or lien shall be *pari passu* with the Junior Adequate Protection Liens

granted to any Setoff Claimant in such Collateral pursuant to this Order (the "Adequate

Protection Liens");

(b)      Section 507(b) Claim.  The Pre-Petition Agent and the Pre-Petition

Secured Lenders are hereby granted, subject to the payment of the Carve Out and to the

payment of all reasonable fees, costs and expenses (including the professional fees and

expenses) incurred by or on behalf of the Debtors' estates in the pursuit of Avoidance

Actions, a superpriority claim as provided for in section 507(b) of the Bankruptcy Code

equal in priority to the priority granted to the Setoff Claimants in paragraph 18(b) below,

limited in amount to the aggregate diminution in value of the Pre-Petition Secured

Lenders' interest in the Pre-Petition Collateral, including, without limitation, any such

diminution resulting from the sale, lease or use by the Debtors (or other decline in value)

of Cash Collateral and any other Pre-Petition Collateral, the priming of the Pre-Petition

Agent's security interests and liens in the Pre-Petition Collateral by the Agent and the

DIP Lenders pursuant to the DIP Documents and this Order, and the imposition of the

30

automatic stay pursuant to section 362 of the Bankruptcy Code, immediately junior to the

claims under section 364(c)(1) of the Bankruptcy Code held by the Agent and the DIP

Lenders; *provided*, *however*, that the Pre-Petition Agent and the Pre-Petition Secured

Lenders shall not receive or retain any payments, property or other amounts in respect of

the superpriority claims under section 507(b) of the Bankruptcy Code granted hereunder

or under the Existing Agreements unless and until the DIP Obligations have indefeasibly

been paid in cash in full;

               (c)        <u>Interest, Fees, And Expenses</u>.  The Pre-Petition Agent shall receive

from the Debtors (i) immediate cash payment of all accrued and unpaid interest on the

Pre-Petition Debt and letter of credit fees at the non-default contract rates provided for in

the Existing Agreements, and all other accrued and unpaid fees and disbursements

payable to or for the benefit of the Pre-Petition Agent under the Existing Agreements and

incurred prior to the Petition Date, including, but not limited to, reasonable fees owed and

amounts to be paid or reimbursed for counsel, financial and other consultants for the Pre-

Petition Agent pursuant to Section 10.6 of the Pre-Petition Credit Agreement, (ii) current

cash payments of all fees and expenses payable to the Pre-Petition Agent under the

Existing Agreements, including, but not limited to, the reasonable fees and disbursements

of counsel, financial and other consultants for the Pre-Petition Agent,  (iii) on the first

business day of each month, all accrued but unpaid interest on the Pre-Petition Debt, and

letter of credit and other fees at the non-default contract rate (including at the option of

the Borrower, the Eurodollar Rate plus the Applicable Margin (each as defined in the

31

Pre-Petition Credit Agreement)) applicable under the Existing Agreements, *provided* that,
(x) without prejudice to the rights of the Debtors or any other party to contest such
assertion, the Pre-Petition Secured Lenders reserve their rights to assert claims for the
payment of additional interest calculated at any other applicable rate of interest
(including, without limitation, default rates), or on any other basis provided for in the
Existing Agreements, and for the payment of any other amounts provided for in the
Existing Agreements, and (y) notwithstanding anything to the contrary in this Order or
the Pre-Petition Credit Agreement, as to each Pre-Petition Secured Lender which
executes and delivers a written consent in the form to be provided by the Pre-Petition
Agent (which consent shall be in form and substance reasonably satisfactory to the
Borrower), waiving and releasing all claims, if any, in respect of default interest and any
claims related to the early prepayment of the loans, including, without limitation, any
prepayment premiums under the Pre-Petition Credit Agreement, interest shall accrue and
be paid by the Borrower to such Pre-Petition Secured Lender and its assignee(s) on the
first business day of each month at ABR (as defined in the Pre-Petition Credit
Agreement) plus the Applicable Margin in respect of the pre-petition loans held by such
Pre-Petition Secured Lender from and after the later of (a) the expiry of existing LIBOR
contracts and (b) the delivery of such release and waiver, (iv) current cash payment of all
reasonable out-of-pocket expenses of the members of any steering committee of Pre-
Petition Secured Lenders, in their capacity as such (but excluding any fees and
disbursements of counsel, financial or other consultants to such steering committee).  The

32

Debtors shall pay the fees and expenses provided for in the preceding clause (ii) or clause
(iv) only after reasonably detailed invoices for such fees and expenses shall have been
submitted to the Debtors and counsel to the official committee of unsecured creditors (the
"Creditors' Committee").  The rights of all parties in interest with respect to the
application of such payments in clauses (ii), (iii) and (iv) above shall be preserved in
accordance with Paragraph 16 below.  The Debtors shall pay the reasonable and
documented fees and expenses of counsel to the Ad Hoc Committee of Pre-Petition
Secured Lenders in connection with the Motion through the date of the Final Hearing in
an aggregate amount not to exceed the cap previously agreed upon by the Debtors and
such counsel.  The Creditors' Committee shall be provided an opportunity to review such
fees and expenses prior to the payment thereof.  During the pendency of the Chapter 11
Cases, and except as otherwise set forth in any confirmed reorganization plan, the Pre-
Petition Debt of any Pre-Petition Secured Lender shall not be repaid or refinanced in
whole unless (x) it is part of a transaction in which the obligations under the DIP Credit
Agreement and the Pre-Petition Credit Agreement are repaid or refinanced in whole, or
(y) such Pre-Petition Secured Lender consents to such repayment.

(d)    <u>Access To Collateral</u>.  The Pre-Petition Agent (for the benefit of
the Pre-Petition Secured Lenders) and their experts and advisors shall be given
reasonable access for purposes of monitoring the business of the Debtors and the value of
the Collateral; and

33

(e)    <u>Information</u>.  The Debtors shall provide the Pre-Petition Agent and

the Creditors' Committee with any written financial information or periodic reporting that

is provided to, or required to be provided to, the Agent or the DIP Lenders; *provided,*

*however*, that to the extent such information is provided to the Creditors' Committee, the

Debtors shall be entitled to reasonably restrict access to such information solely to

professionals retained by such committee.  The Debtors shall also provide the Agent and

the Pre-Petition Agent with information related to payments made to and setoffs taken by

the Debtors' suppliers in respect of any pre-petition claims to the extent such information

is provided to the Creditors' Committee or is otherwise required to be supplied pursuant

to the DIP Documents.

(f)    <u>Pre-Petition Letters of Credit</u>.  Subject to the terms and conditions

of the DIP Documents, letters of credit issued and outstanding under the Pre-Petition

Credit Agreement shall be replaced by letters of credit issued under the DIP Documents

at the earlier of the stated expiry of such letters of credit and the next notice date for non-

renewal of such letters of credit.  The Pre-Petition Agent, in consultation with and after

prior notice to the Debtors, is authorized to provide notice of non-renewal to letter of

credit beneficiaries to prevent the automatic renewal of "evergreen" Letters of Credit.

13.    *Reservation of Rights of Pre-Petition Secured Lenders*.  Under the

circumstances and given that the above described adequate protection is consistent with

the Bankruptcy Code, the Court finds that the adequate protection provided herein is

reasonable and sufficient to protect the interests of the Pre-Petition Secured Lenders.

34

Except as expressly provided herein, nothing contained in this Order (including, without limitation, the authorization of the use of any Cash Collateral and the granting of any Replacement Liens or Junior Adequate Protection Liens) shall impair or modify any rights, claims or defenses available in law or equity, including, without limitation, any right to propose, subject to the provisions of Section 1121 of the Bankruptcy Code, a Chapter 11 plan or plans of reorganization, to the Pre-Petition Agent, any Pre-Petition Secured Lender, the Agent or any DIP Lender including, without limitation, rights of a party to a swap agreement, securities contract, commodity contract, forward contract or repurchase agreement with a Debtor to assert rights of setoff or other rights with respect thereto as permitted by law (or the right of a Debtor to contest such assertion). The Pre-Petition Agent and the Pre-Petition Secured Lenders shall have the right to request further or different adequate protection under sections 361, 363(e) and 364(d)(2) of the Bankruptcy Code following the occurrence of any event after the Petition Date, that could reasonably be expected to have a material adverse effect on (A) the Debtors' ability to repay or refinance the Pre-Petition Obligations in full in cash under a Chapter 11 plan of reorganization or (B) the Debtors' ability to satisfy the Adequate Protection Obligations. The Debtors or any other party in interest may object to any such request, and with respect to such objections nothing herein shall operate to shift any applicable burdens of proof from those set forth in the Bankruptcy Code.

14.    *Perfection Of DIP Liens And Adequate Protection Liens.*

(a)    Subject to the provisions of paragraph 8(a) above, the Agent and the Pre-Petition Agent are hereby authorized, but not required, to file or record financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments in any jurisdiction or take any other action in order to validate and perfect the liens and security interests granted to them hereunder.  Whether or not the Agent on behalf of the DIP Lenders or the Pre-Petition Agent on behalf of the Pre-Petition Secured Lenders shall, in their sole discretion, choose to file such financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments or otherwise confirm perfection of the liens and security interests granted to them hereunder, such liens and security interests shall be deemed valid, perfected, allowed, enforceable, non-avoidable and not subject to challenge dispute or subordination, at the time and as of the date of entry of this Order.  Upon the request of the Agent, each of the Pre-Petition Agent and Pre-Petition Secured Lenders, without any further consent of any party, is authorized to take, execute and deliver such instruments (in each case without representation or warranty of any kind) to enable the Agent to further validate, perfect, preserve and enforce DIP Liens.

(b)    A certified copy of this Order may, in the discretion of the Agent, be filed with or recorded in filing or recording offices in addition to or in lieu of such financing statements, mortgages, notices of lien or similar instruments, and all filing

36

offices are hereby authorized to accept such certified copy of this Order for filing and recording.

(c)        Any provision of any lease or other license, contract or other agreement that requires (i) the consent or approval of one or more landlords or other parties or (ii) the payment of any fees or obligations to any governmental entity, in order for any Debtor to pledge, grant, sell, assign, or otherwise transfer any such leasehold interest, or the proceeds thereof, or other post-petition collateral related thereto, is hereby deemed to be inconsistent with the applicable provisions of the Bankruptcy Code.  Any such provision shall have no force and effect with respect to the transactions granting post-petition liens, in such leasehold interest or the proceeds of any assignment and/or sale thereof by any Debtor, in favor of the DIP Lenders in accordance with the terms of the DIP Credit Agreement or this Order.

15.    *Preservation Of Rights Granted Under The Order.*

(a)        No claim or lien having a priority superior to or *pari passu* with those granted by this Order to the Agent and the DIP Lenders or to the Pre-Petition Agent, the Pre-Petition Secured Lenders and the Setoff Claimants, respectively, shall be granted or allowed while any portion of the Financing (or any refinancing thereof) or the Commitments thereunder or the DIP Obligations or the Adequate Protection Obligations remain outstanding, and the DIP Liens, the Adequate Protection Liens, the Replacement Liens and the Junior Adequate Protection Liens shall not be (i) solely in the case of the DIP Liens, subject or junior to any lien or security interest that is avoided and preserved

37

for the benefit of the Debtors' estates under section 551 of the Bankruptcy Code or (ii)

subordinated to or made pari passu with any other lien or security interest, whether under

section 364(d) of the Bankruptcy Code or otherwise (other than as specifically provided

for in this Order).  Nothing in this paragraph 15(a) shall limit (x) the rights of the Debtors

to refinance the Financing in compliance with the DIP Credit Agreement or (y) the rights

of any party in interest with respect to any such refinancing.

          (b)      Unless all DIP Obligations shall have been paid in full (and, with

respect to outstanding letters of credit issued pursuant to the DIP Credit Agreement, cash

collateralized in accordance with the provisions of the DIP Credit Agreement), the

Debtors shall not seek, and it shall constitute an Event of Default and a termination of the

right to use Cash Collateral if any of the Debtors seek, or if there is entered, (i) any

modifications or extensions of this Order without the prior written consent of the Agent,

and no such consent shall be implied by any other action, inaction or acquiescence by the

Agent, or (ii) an order dismissing any of the Cases.  If an order dismissing any of the

Cases under section 1112 of the Bankruptcy Code or otherwise is at any time entered,

such order shall provide (in accordance with sections 105 and 349 of the Bankruptcy

Code) that (x) the Superpriority Claims, priming liens, security interests and replacement

security interests granted to the Agent and, as applicable, the Pre-Petition Agent, the

Setoff Claimants or the holders of the Debtor Liens pursuant to this Order shall continue

in full force and effect and shall maintain their priorities as provided in this Order until all

DIP Obligations and Adequate Protection Obligations shall have been paid and satisfied

38

in full (and that such Superpriority Claims, priming liens and replacement security

interests, shall, notwithstanding such dismissal, remain binding on all parties in interest)

and (y) this Court shall retain jurisdiction, notwithstanding such dismissal, for the

purposes of enforcing the claims, liens and security interests referred to in (x) above.

        (c)     If any or all of the provisions of this Order are hereafter reversed,

modified, vacated or stayed, such reversal, stay, modification or vacation shall not affect

(i) the validity of any DIP Obligations or Adequate Protection Obligations incurred prior

to the actual receipt of written notice by the Agent or Pre-Petition Agent, as applicable, of

the effective date of such reversal, stay, modification or vacation or (ii) the validity or

enforceability of any lien or priority authorized or created hereby or pursuant to the DIP

Credit Agreement with respect to any DIP Obligations or Adequate Protection

Obligations.  Notwithstanding any such reversal, stay, modification or vacation, any use

of Cash Collateral, or DIP Obligations or Adequate Protection Obligations incurred by

the Debtors to the Agent, the DIP Lenders, the Pre-Petition Agent or the Pre-Petition

Secured Lenders prior to the actual receipt of written notice by the Agent and Pre-Petition

Agent of the effective date of such reversal, stay, modification or vacation shall be

governed in all respects by the original provisions of this Order, and the Agent, DIP

Lenders, Pre-Petition Agent and Pre-Petition Secured Lenders shall be entitled to all the

rights, remedies, privileges and benefits granted in section 364(e) of the Bankruptcy

Code, this Order and pursuant to the DIP Documents with respect to all uses of Cash

Collateral, DIP Obligations and Adequate Protection Obligations.

(d)    Except as expressly provided in this Order or in the DIP Documents, the DIP Liens, the Superpriority Claims and all other rights and remedies of the Agent and the DIP Lenders granted by the provisions of this Order and the DIP Documents shall survive, and shall not be modified, impaired or discharged by (i) the entry of an order converting any of the Cases to a case under chapter 7, dismissing any of the Cases, terminating the joint administration of these Cases or by any other act or omission, or (ii) the entry of an order confirming a plan of reorganization in any of the Cases and, pursuant to section 1141(d)(4) of the Bankruptcy Code, the Debtors have waived any discharge as to any remaining DIP Obligations.  The terms and provisions of this Order and the DIP Documents shall continue in these Cases, in any successor cases if these Cases cease to be jointly administered, or in any superseding chapter 7 cases under the Bankruptcy Code, and the DIP Liens, the Superpriority Claims and all other rights and remedies of the Agent and the DIP Lenders granted by the provisions of this Order and the DIP Documents shall continue in full force and effect until the DIP Obligations are indefeasibly paid in full.

16.    *Effect Of Stipulations On Third Parties*.  Subject to the reservation of rights set forth in this paragraph 16, the stipulations and admissions contained in paragraphs 3 and 10 of this Order shall be binding upon the Debtors in all circumstances. The stipulations and admissions contained in paragraphs 3 and 10 of this Order shall be binding upon all other parties in interest, including, without limitation, the Creditors' Committee, unless (a) a party-in-interest has timely filed an adversary proceeding or

40

contested matter, or commenced litigation for authorization to commence such adversary

proceeding or contested matter ("Authorization Motion"), (subject to the limitations

contained herein, including, *inter alia*, in paragraph 17) by no later than January 16, 2006

in the case of clause (i) below and April 17, 2006 in the case of clauses (ii) and (iii)

below (or, in each case, such later date (x) as has been agreed to, in writing, by the Pre-

Petition Agent in its sole discretion or (y) as has been ordered by the Court) (i)

challenging the validity, enforceability, priority or extent of the Pre-Petition Debt or the

Pre-Petition Agent's or the Pre-Petition Secured Lenders' liens on the Pre-Petition

Collateral, (ii) seeking a determination that the Pre-Petition Debt was under-secured as of

the Petition Date, or (iii) otherwise asserting or prosecuting any Avoidance Actions or

any other any claims, counterclaims or causes of action , objections, contests or defenses

(collectively, "Claims and Defenses") against the Pre-Petition Agent or any of the Pre-

Petition Secured Lenders or their respective affiliates, subsidiaries, directors, officers,

representatives, attorneys or advisors in connection with matters related to the Existing

Agreements, the Pre-Petition Debt, or the Pre-Petition Collateral, and (b) there is a final

order in favor of the plaintiff sustaining any such challenge or claim in any such timely

filed adversary proceeding or contested matter, *provided* that as to the Debtors, all such

Claims and Defenses are hereby irrevocably waived and relinquished as of the Petition

Date other than any such Claims and Defenses as they relate to the appropriateness of any

interest rate, fees or expenses charged or claimed by the Pre-Petition Secured Lenders

(except with respect to the payments of interest at ABR plus the Applicable Margin to

41

any Pre-Petition Secured Lender who has executed and delivered the release and waiver, and the other fees and expenses, all as provided in paragraph 12(c) of this Order), including, without limitation, the allowance of any claim for default interest under Section 2.14 of the Pre-Petition Credit Agreement or the allowance of any claim for any prepayment premium under Sections 2.10 or 2.11 of the Pre-Petition Credit Agreement. Subject in each case to the reservation of the Debtors' rights set forth above to contest the allowance of any claim for default interest on the Pre-Petition Debt or any prepayment premium, if no such adversary proceeding or contested matter is timely filed (it being understood that such adversary proceeding or contested matter is commenced promptly following a disposition in favor of a movant of an Authorization Motion), (x) the Pre-Petition Debt and all related obligations of the Debtors (the "Pre-Petition Obligations") shall constitute allowed claims, not subject to counterclaim, setoff, subordination, recharacterization, defense or avoidance, for all purposes in the Cases and any subsequent chapter 7 cases, (y) the Pre-Petition Agent's and the Pre-Petition Secured Lenders' liens on the Pre-Petition Collateral shall be deemed to have been, as of the Petition Date, legal, valid, binding and perfected, not subject to defense, counterclaim, recharacterization, subordination or avoidance and (z) the Pre-Petition Obligations, the Pre-Petition Agent's and the Pre-Petition Secured Lenders' liens on the Pre-Petition Collateral and the Pre-Petition Agent and the Pre-Petition Secured Lenders shall not be subject to any other or further challenge by any party-in-interest, and any such party-in-interest shall be enjoined from, seeking to exercise the rights of the Debtors' estates, including, without limitation,

42

any successor thereto (including, without limitation, any estate representative or a chapter 7 or 11 trustee appointed or elected for any of the Debtors).  If any such adversary proceeding or contested matter is timely filed (it being understood that such adversary proceeding or contested matter is commenced promptly following a disposition in favor of a movant of an Authorization Motion), the stipulations and admissions contained in paragraphs 3 and 10 of this Order shall nonetheless remain binding and preclusive (as provided in the second sentence of this paragraph) on any official committee (including the Creditors' Committee) and on any other person or entity, except to the extent that such findings and admissions were expressly challenged in such adversary proceeding or contested matter (it being understood that such adversary proceeding or contested matter is commenced promptly following a disposition in favor of a movant of an Authorization Motion).  Nothing in this Order vests or confers on any Person (as defined in the Bankruptcy Code), standing or authority to pursue any cause of action belonging to the Debtors or their estates, including, without limitation, Claims and Defenses with respect to the Existing Agreements or the Pre-Petition Debt other than the Creditors' Committee, which is hereby vested with standing and authority to pursue any cause of action arising from or related to the Debtors' stipulations and admissions in paragraphs 3 and 10 of this Order.

17.    *Limitation On Use Of Financing Proceeds And Collateral*.

Notwithstanding anything herein or in any other order by this Court to the contrary, no borrowings, letters of credit, Cash Collateral, Pre-Petition Collateral, Collateral or the

Carve Out may be used to (a) object, contest or raise any defense to, the validity, perfection, priority, extent or enforceability of any amount due under the DIP Documents or the Existing Agreements, or the liens or claims granted under this Order, the DIP Documents or the Existing Agreements, (b) assert any Claims and Defenses or any other causes of action against the Agent, the DIP Lenders, the Pre-Petition Agent or the Pre-Petition Secured Lenders or their respective agents, affiliates, representatives, attorneys or advisors, (c) prevent, hinder or otherwise delay the Agent's or the Pre-Petition Agent's assertion, enforcement or realization on the Cash Collateral or the Collateral in accordance with the DIP Documents, the Existing Agreements or this Order, (d) seek to modify any of the rights granted to the Agent, the DIP Lenders, the Pre-Petition Agent or the Pre-Petition Secured Lenders hereunder or under the DIP Documents or the Existing Agreements, in each of the foregoing cases without such parties' prior written consent or (e) pay any amount on account of any claims arising prior to the Petition Date unless such payments are (i) approved by an Order of this Court and (ii) in accordance with the DIP Credit Agreement or otherwise approved by the Agent in its sole discretion; *provided* that, notwithstanding anything to the contrary herein, the Creditors' Committee shall be limited to $250,000 to perform the investigations contemplated hereby and no other official committee shall be authorized to perform such investigations; *provided, further*, that such $250,000 limit shall not include the fees and expenses of an investment banker in connection with the investigations contemplated by clause (a)(ii) of paragraph 16 of this Order.

44

18.    *Setoff, Replacement Liens and Junior Adequate Protection Liens*.  To the extent that a customer or supplier of the Debtors that has an allowable setoff claim under section 506 or 553 of the Bankruptcy Code in respect of its payables owed to any Debtor as of the Petition Date ("Pre-Petition Payables") or a valid right of recoupment that arose prior to the Petition Date (such setoff claim or right of recoupment, "Setoff"), such customer or supplier (a "Setoff Claimant") is hereby provided with certain rights and adequate protection as described below.  For the avoidance of doubt, nothing herein shall be construed to be an admission or acknowledgement, or an increase or decrease in the monetary amount of the pre-petition setoff or recoupment rights of any person, under the Bankruptcy Code, applicable non-bankruptcy law or otherwise.

(a)    Exercise of Set Off.  (1)  Any exercise of a Setoff Right (as defined below) in accordance with this Order shall not be stayed by section 362 of the Bankruptcy Code.  Any exercise of any right of Setoff other than in accordance with this Order is subject to section 362 of the Bankruptcy Code.  Nothing in this Order shall prevent any holder of a right of Setoff from seeking relief from the automatic stay with respect to such Setoff, or prevent the Debtors or any party in interest from objecting or being heard with respect to any such request.  A Setoff Claimant shall, in accordance with this paragraph, be entitled to exercise its Setoff that arose in the ordinary course of business for any claims or recoupment defenses arising from or related to the claims for prepetition warranty and/or product recall claims, customer adjustments, customer rebates and allowances, overpricing claims, claims for short shipments and damaged

45

goods, customer/supplier netting and other similar claims arising in the ordinary course

of business of the relevant parties other than any such claims or recoupment defenses

arising as a result of the filing of the cases (a "Setoff Right").  A Setoff Right shall not

include any claims or recoupment defenses arising from or related to employee or

employee benefit matters, retiree benefit or pension matters, including, without limitation,

any related indemnities or guarantees, the rejection of executory contracts, or

consequential or punitive damages.  The determination as to whether a Setoff Claimant

may exercise a "Setoff Right" will be made solely by (i) the agreement of the Setoff

Claimant, the Creditors' Committee and the Debtors, (ii) pursuant to the procedures

hereinafter set forth or (iii) order of the Court.

> (2)    Any Setoff Claimant seeking to exercise a Setoff Right against

payables during any month (whether against Pre-Petition Payables or post-petition

payables) shall submit to the Debtors and the Creditors' Committee (with a copy to the

Agent) a written request to exercise such Setoff Right, the basis for such Setoff Right and

reasonably detailed documentation supporting such Setoff Right.  If the Setoff Claimant,

the Creditors' Committee and the Debtors fail to agree in writing that any amount is

included in a Setoff Right within 10 business days after submission of such information

to the Debtors and the Creditors' Committee (the "Agreement Deadline"), the Debtors

and such Setoff Claimant shall (unless all such parties agree to extend such 10 business

day period) seek resolution of such matter through a mediator agreed to by the Debtors

and such Setoff Claimant or appointed by this Court.  Such mediation shall end not later

46

than 30 days after the Agreement Deadline unless such period is extended by agreement

of the Debtors and such Setoff Claimant.  If the Debtors and such Setoff Claimant cannot

resolve the matter through such mediation, then such matter may be submitted to binding

arbitration to a single arbitrator agreed to by all such parties or appointed by this Court,

and such parties shall request that such arbitrator issue its ruling within 90 days after the

Agreement Deadline.  Notwithstanding any award in any such arbitration, in no event

shall the Setoff Claimant be permitted to exercise its Setoff Right against any payables

other than Pre-Petition Payables except as set forth in this paragraph 18.

     (3)     In the event any Setoff Claimants (the "Non-Exercising Setoff

Claimants") have not exercised their asserted Setoff Rights in respect of their respective

Pre-Petition Payables and have instead paid their Pre-Petition Payables to the Debtors, in

addition to any other adequate protection provided to such Non-Exercising Setoff

Claimants herein, the Non-Exercising Setoff Claimants may exercise Setoff Rights

established in accordance with this paragraph against post-petition payables owed by

such Non-Exercising Setoff Claimants to the Debtor or Debtors against which such Non-

Exercising Setoff Claimants have their Setoff Rights; *provided* that (a) in the case of the

exercise of any Setoff Rights by General Motors Corporation or any of its affiliates

("GM"), the aggregate amount of Setoff Rights that may be exercised pursuant to this

subparagraph (3) against Pre-Petition Payables or post-petition payables owed by GM to

the Debtors during any month shall not exceed $35 million (the "Aggregate Monthly Cap

Amount") and (b) to the extent Setoff Rights are recognized in accordance with this

47

Order in excess of the Setoff Rights that are permitted to be exercised pursuant to such limitations, Setoff Claimants may carry forward their Setoff Right to succeeding months, subject to the applicable monthly limitations, if any, until such Setoff Rights have been fully exercised.

(4)    (a) Except as set forth above, and subject to the adequate protection provided to Setoff Claimants as herein set forth, Setoff Claimants shall not be permitted to exercise any Setoff until the later of (x) the effective date of the Debtors' confirmed plan of reorganization and (y) allowance of the Setoff as a claim in these Cases.  Any exercise of Setoff pursuant to (x) or (y) above is subject to the treatment afforded to such Setoff under a plan of reorganization confirmed by the Bankruptcy Court.  Nothing contained herein shall limit (i) the discretion of the Debtors to pay warranty and/or product recall claims in accordance with orders of the Court, (ii) the right of any party in interest to exercise a post-petition setoff or recoupment against a post-petition payable or (iii) the right of a Setoff Claimant to request further adequate protection (or the Debtors or any party in interest to oppose any such request).

(b)    <u>Adequate Protection</u>.  A Setoff Claimant is entitled, pursuant to sections 361, 362(e) and 364(d)(1) of the Bankruptcy Code, to adequate protection of its Setoff to the extent it does not exercise such Setoff and remits the amount of such Pre-Petition Payables not setoff or recouped.  As adequate protection therefor, each such Setoff Claimant is hereby granted, effective upon payment to the Debtors of the amount

48

subject to such Setoff, the following (collectively, the "Junior Adequate Protection Liens"), such Junior Adequate Protection Liens to be effective and perfected without the necessity of the execution by the Debtors of mortgages, security agreements, pledge agreements, financing statements or other agreements:

(i)    A replacement lien (the "Replacement Lien") on such Setoff Claimant's post-petition payables to the extent that it is determined that such Setoff Claimant had a Setoff in respect of the Pre-Petition Payables that have been remitted to the Debtors, which Replacement Lien is limited to the amount of the Setoff; *provided, however*, that (i) the Debtors reserve their rights to any and all Claims and Defenses that may be asserted with respect to such Setoff and (ii) the Replacement Liens are subject and subordinate to and only to (x) the security interests and liens granted to the Agent for the benefit of the DIP Lenders in this Order and pursuant to the DIP Documents and any liens to which such liens so granted to the Agent are junior and (y) the Carve-Out.

(ii)    As further adequate protection to protect the Setoff Claimant against any diminution in the value of its Replacement Lien, the Setoff Claimant is hereby granted a security interest in and lien upon all the other Collateral, subject and subordinate to and only to (A) the security interests and liens granted to the Agent for the benefit of the DIP Lenders in this Order and pursuant to the DIP Documents and any liens to which such liens so granted to the Agent are junior,  (B) the Carve Out and (C) Pre-Petition Secured Lenders' liens on the Pre-Petition Collateral and the Adequate Protection Liens granted to the Pre-Petition Agent and the Pre-Petition Secured Lenders,

49

*provided* that the Setoff Claimant's security interest in and lien upon Collateral which is not (x) Pre-Petition Collateral, (y) Collateral that would have constituted Pre-Petition Collateral but for the operation of section 552(a) of the Bankruptcy Code as to which, without further action, the Pre-Petition Agent would have had a valid and perfected security interest or lien or (z) subject to the Replacement Lien shall be *pari passu* with the Adequate Protection Liens granted to the Pre-Petition Agent and the Pre-Petition Secured Lenders in such Collateral.

       (iii)    As further Adequate Protection, to the extent that the post-petition payables in respect of which the Setoff Claimant is granted a Replacement Lien are less than the Setoff of such Setoff Claimant, such Setoff Claimant is hereby granted an administrative claim under section 507(b) of the Bankruptcy Code in the amount of such deficiency subject to the Carve Out and equal in priority to the administrative claim granted as adequate protection to the Pre-Petition Secured Lenders in Paragraph 12(b) above; *provided, however*, that the Setoff Claimant shall not receive or retain any payments, property or other amounts in respect of the claims under section 507(b) of the Bankruptcy Code granted hereunder unless and until the DIP Obligations have indefeasibly been paid in cash in full.

       19.    *Debtor Reimbursement Claims and Debtor Liens.*  Without limiting the joint and several liability of each of the Debtors for the DIP Obligations, the Debtors shall use their reasonable best efforts to ensure that Debtors that receive the benefit of funds advanced under the Financing repay their share thereof on a dollar for dollar basis.

To the extent a Debtor (i) incurs any of the DIP Obligations (including as a result of

intercompany balances incurred after the Petition Date to the extent such balances arise

from the incurrence of DIP Obligations) or (ii) receives a postpetition intercompany loan

or transfer (including as a result of the Debtors' cash management system or otherwise)

(each a "Beneficiary Debtor"), and such DIP Obligations were repaid or such postpetition

intercompany loan or transfer is made (including from cash collateral) (each an

"Advance") by (A) any other Debtor that is a Borrower or Guarantor under the

Financings or (B) any non-Debtor affiliate (together (A) and (B) an "Adequately

Protected Entity"), the Adequately Protected Entity shall have, subject to the limitations

set forth in paragraph 20 below (a) an allowed claim under sections 364(c)(1) and 507(b)

of the Bankruptcy Code against the Beneficiary Debtor for the amount of such Advance,

having priority over any and all administrative expenses of the kind specified in sections

503(b) and 507(b) of the Bankruptcy Code, which claim shall bear interest at a rate

agreed between the Debtors from time to time for the period accruing from and after the

date such claim arises until repayment thereof (collectively, the "Debtor Reimbursement

Claim") and (b) a lien on all Collateral under section 364(c)(3) of the Bankruptcy Code

securing such Debtor Reimbursement Claim (a "Debtor Lien").  All Debtor Liens are

effective and perfected without the necessity of the execution by the Debtors of

mortgages, security agreements, pledge agreements, financing statements or other

agreements.

51

20.     All Debtor Reimbursement Claims and Debtor Liens shall be junior, subject and subordinate to and only to the Superpriority Claims, the DIP Liens, the Adequate Protection Obligations, Junior Adequate Protection Liens, the Replacement Liens and to any claims against such Beneficiary Debtor that are expressly senior to, and on a parity with, or carved out from the Superpriority Claims, the DIP Liens, the Adequate Protection Obligations, Junior Adequate Protection Liens or the Replacement Liens.  All Debtor Liens shall be "silent" liens and the Adequately Protected Entity shall forbear from exercising, and shall not be entitled to exercise, any right or remedy relating to any Debtor Reimbursement Claim or Debtor Lien, including, without limitation, taking any of the actions that the Pre-Petition Agent, the Pre-Petition Secured Lenders and holders of Replacement Liens and Junior Adequate Protection Liens are prohibited from taking pursuant to paragraph 8, including, without limitation, as to seeking relief from the automatic stay, or seeking any sale, foreclosure, realization upon repossession or liquidation of any property of another Debtor, or taking any position with respect to any disposition of the property, the business operations, or the reorganization of another Debtor. The Agent shall have the exclusive right to manage, perform and enforce all rights and remedies described in the DIP Documents.  The Debtor Lien of the Adequately Protected Entity automatically, and without further action of any person or entity of any kind, shall be released or otherwise terminated to the extent that property subject to such Debtor Lien is sold or otherwise disposed of by or on behalf of the Agent or any other

Debtor or to the extent that such property is subject to a lien prior to the DIP Liens and such lien is permitted under the DIP Documents.

21.    With respect to the effect of Debtor Liens on any sale of property by the Debtors, (a) the Debtors may sell property, in accordance with section 363 of the Bankruptcy Code, free and clear of any Debtor Lien, with such lien attaching to the proceeds of sale in the same priority and subject to the same limitations and restrictions as existed in respect of the property sold and (b) the provisions of section 363(k) of the Bankruptcy Code shall not apply.

22.    *JPMCB As Collateral Agent*.  To the extent JPMCB, in its role as Collateral Agent under the Existing Agreements, is the secured party under any Control Agreements (as defined in the Existing Agreements), listed as loss payee under the Debtors' insurance policies as required under the Guarantee and Collateral Agreement or is the secured party under any other Existing Agreement, JPMCB, in its role as Collateral Agent under the DIP Credit Agreement, is also deemed to be the secured party under such Control Agreements, loss payee under the Debtors' insurance policies and the secured party under any other Existing Agreement and shall act in that capacity and distribute any proceeds recovered or received <u>first</u>, for the benefit of the DIP Lenders in accordance with the DIP Credit Agreement and <u>second</u>, subsequent to indefeasible payment in full of all DIP Obligations, for the benefit of the Pre-Petition Secured Lenders under the Existing Agreements.

53

23.    *Order Governs*.  In the event of any inconsistency between the provisions of this Order and the DIP Documents, the provisions of this Order shall govern.  The terms of this Order shall govern to the extent of any inconsistency between this Order and that certain Cash Management Order dated October 14, 2005, including, without limitation, with respect to the matters set forth in paragraphs 19 to 21 of this Order.

24.    *Binding Effect; Successors And Assigns*.  The DIP Documents and the provisions of this Order, including all findings herein, shall be binding upon all parties in interest in these Cases, including, without limitation, the Agent, the DIP Lenders, the Pre-Petition Agent, the Pre-Petition Secured Lenders, any party granted a Junior Adequate Protection Lien hereunder, any Committee appointed in these Cases, and the Debtors, for themselves and not for their estates, and their respective successors and assigns and shall inure to the benefit of the Agent, the DIP Lenders, the Pre-Petition Agent, the Pre-Petition Secured Lenders, any party granted a Replacement Lien or Junior Adequate Protection Lien, and the Debtors and their respective successors and assigns; *provided*, *however*, that the Agent, the Pre-Petition Agent, the DIP Lenders and the Pre-Petition Secured Lenders shall have no obligation to permit the use of Cash Collateral or extend any financing to any chapter 7 trustee or similar responsible person appointed for the estates of the Debtors.  In determining to make any loan under the DIP Credit Agreement, permitting the use of Cash Collateral or in exercising any rights or remedies as and when permitted pursuant to this Order or the DIP Documents, the Agent, the Pre-Petition Agent, the DIP Lenders and the Pre-Petition Secured Lenders shall not be deemed to be

54

in control of the operations of the Debtors or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtors (as such terms, or any similar terms, are used in the United States Comprehensive Environmental Response, Compensation and Liability Act, 29 U.S.C. §§ 9601 et seq. as amended, or any similar federal or state statute).

25.    *Aircraft Leases.*  Notwithstanding anything to the contrary contained in this Order, no DIP Liens or any other liens or interests granted, authorized or contemplated herein shall attach to any interests of Delphi Automotive Systems Human Resources, LLC ("Delphi HR") in two leases of aircraft, both of which are dated March 30, 2001 between Bank of America, N.A., and Delphi HR (the "Aircraft Leases"), or in any personal property that is the subject of the Aircraft Leases.

26.    *Objections Overruled.*  Any Objection which has not been withdrawn or resolved is, to the extent not resolved, hereby overruled.

27.    *Committee Notices.*  All notices to be provided to the Creditors' Committee shall be sent to Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, NY 10022-4834, Attn: Robert Rosenberg, Esq.


Dated:    October 28, 2005
          New York, New York

                          /s/ ROBERT D. DRAIN
                          UNITED STATES BANKRUPTCY JUDGE

55

# **<u>EXHIBIT K</u>**

| Company | Contact | Address 1 | Address 2 | City | State | Zip | Fax | Email |
|---|---|---|---|---|---|---|---|---|
| Warner Norcross & Judd LLP | Gordon J Toering | 900 Fifth Third Center | 111 Lyon St NW | Grand Rapids | MI | 49503 | 616-222-2185 | gtoering@wnj.com |
| Burr & Forman LLP | Michael Leo Hall | 420 North 20th St | Suite 3100 | Birmingham | AL | 35203 | 205-244-5651 | mhall@burr.com |
| Margulies & Levinson LLP | Jeffrey M Levinson | 30100 Chargrin Boulevard | | Cleveland | OH | 44124 | 216-514-4936 | jml@ml-legal.com |
| Merrill Stone | Kelly Drye & Warren LLP | 101 Park Ave | | New York | NY | 10178 | 212-808-7898 | |
| PBGC | Jeffrey Cohen | 1200 K Street NW | Suite 340 | Washington | DC | 20005 | 202-326-4112 | |
| Boult Cummings Conners & Berry PLC | Roger Jones Austin McMullen | 1600 Division St | Suite 700 | Nashville | TN | 37203 | 615-252-6323 615-252-6307 | rjones@bccb.com |
| Daniels & Kaplan PC | Jay Selanders | 2405 Grand Blvd | Suite 900 | Kansas City | MO | 64108 | 816-221-3006 | selanders@danielsandkaplan.com |
| Bose McKinney & Evans LLP | Jeannette Eisan Hinshaw | 135 North Pennsylvania St | Suite 2700 | Indianapolis | IN | 46204 | 317-223-0296 | jhinshaw@boselaw.com |
| Barnes & Thornburg LLP | Michael McCrory Wendy Brewer | 11 S Meridian St | | Indianapolis | IN | 46204 | 317-231-7433 | michael.mccrory@btlaw.com |
| Bose McKinney & Evans LLP | Jeannette Eisan Hinshaw | 135 North Pennsylvania St | Suite 2700 | Indianapolis | IN | 46204 | 317-223-0296 | jhinshaw@boselaw.com |
| Barnes & Thornburg LLP | John Gregg | 300 Ottawa Ave NW | Suite 500 | Grand Rapids | MI | 49503 | 616-742-3999 | jgregg@btlaw.com |
| Bose McKinney & Evans LLP | Jeannette Eisan Hinshaw | 135 North Pennsylvania St | Suite 2700 | Indianapolis | IN | 46204 | 317-223-0296 | jhinshaw@boselaw.com |
| Miller Canfield Paddock & Stone PLC | Jonathan S Green Timothy A Fusco | 150 W Jefferson | Suite 2500 | Detroit | MI | 48226 | 313-496-8450 313-496-8453 | fusco@millercanfield.com |
| Phillips Nizer LLP | Sandra A Riember Candice Frost | 666 Fifth Ave | | New York | NY | 10103 | 212-262-5152 | sriemer@phillipsnizer.com |
| Waller Lansden Dortch & Davis PLLC | David E Lemke Robert J Wholetter | 511 Union St | | Nashville | TN | 37219 | 615-244-6804 | david.lemke@wallerlaw.com |
| Seyfarth Shaw LLP | Robert W Dremluk Paul M Baisier | 1270 Ave of the Americas | Suite 2500 | New York | NY | 10020 | 212-218-5526 | rdremluk@seyfarth.com |
| Seyfarth Shaw LLP | Robert W Dremluk Paul M Baisier | 1270 Ave of the Americas | Suite 2500 | New York | NY | 10020 | 404-892-7056 | pbaiser@seyfarth.com |
| Curtis Mallet Prevost Colt & Mosle LLP | Steven Reisman | 101 Park Ave | | New York | NY | 10178 | 212-697-1559 | sreisman@cm-p.com |
| Curtis Mallet Prevost Colt & Mosle LLP | Steven Reisman | 101 Park Ave | | New York | NY | 10178 | 212-697-1559 | sreisman@cm-p.com |
| Sanford P Rosen & Associates PC | Sanford P Rosen & Kenneth M Lewis | 747 Third Ave | | New York | NY | 10017 | 212-223-1102 | klweis@rosenpc.com |
| Schafer & Weiner PLLC | Daniel J Weiner Ryan D Heilman | 40950 Woodward Ave | Suite 100 | Bloomfield Hills | MI | 48304 | 248-642-2127 | |
| Goodwin Procter LLP | Allan G Brilliant Emanuel C Grillo Brian W Harvey | 599 Lexington Ave | | New York | NY | 10022 | 212-355-3333 | bharvey@goodwinprocter.com |
| Barnes & Thornburg LLP | Patric E Mears | 300 Ottawa Ave NW | Suite 500 | Grand Rapids | MI | 49503 | 616-742-3999 | pmears@btlaw.com |
| Vorys Sater Seymour & Pease LLP | Robert J Sidman Robert A Bell | 52 East Gay St | PO Box 1008 | Columbus | OH | 43215 | 614-719-4962 | |
| Robert L Eisenbach III | Gregg S Kleiner | 101 California ST | 5th Fl | San Francisco | CA | 94111 | 415-693-2222 | reisenbach@cooley.com |
| Vorys Sater Seymour & Pease LLP | Tiffany Strelow | 52 East Gay St | PO Box 1008 | Columbus | OH | 43215 | 614-719-4663 | |
| Brian D Spector | | 30 Columbia Tumpike | | Florham Park | NJ | 7932 | 973-593-4848 | bspector@selawfirm.com |
| Pryor & Mandelup LLP | Kenneth Reynolds | 675 Old Country Road | | Westbury | NY | 11590 | 516-333-7333 | kar@pryormandelup.com |
| Simpson Thacher & Bartlett LLP | Brude D Angiolillo Kenneth Ziman William T Russell Jr | 425 Lexington Ave | | New York | NY | 10017 | 212-455-2502 | |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M Buell | One Liberty Plaza | | New York | NY | 10006 | 212-225-3999 | maxilling@cgsh.com |
| Porzio Bromberg & Newman PC | John S Mairo Brett S Moore | 100 Southgate Parkway | | Morristown | NJ | 7960 | 973-538-5146 | jsmairo@pbnlaw.com |
| Sanford P Rosen & Associates PC | Sanford P Rosen & Kenneth M Lewis | 747 Third Ave | | New York | NY | 10017 | 212-223-1102 | klweis@rosenpc.com |
| Schafer & Weiner PLLC | Daniel J Weiner Ryan D Heilman | 40950 Woodward Ave | Suite 100 | Bloomfield Hills | MI | 48304 | 248-642-2127 | |
| Vorys Sater Seymour & Pease LLP | Carrie M Caldwell | 2100 One Cleveland Center | 1375 East Ninth St | Cleveland | OH | 44114 | 216-937-3719 | |
| Latham & Watkins LLP | Robert J Rosenberg Mitchell A Seider Mark A Broude | 885 Third Ave | | New York | NY | 10022 | 212-751-4864 | robert.rosenberg@lw.com; mitchell.seider@lw.com; mark.broude@lw.com |
| Klestadt & Winters LLP | Tracy L Klestadt | 292 Madison Ave | 17th Fl | New York | NY | 10017 | 212-972-2245 | tklestadt@klestadt.com |
| Greensfelder Hemker & Gale PC | Cherie Macdonald J Patrick Bradley | 12 Wolf Creek Drive | Suite 100 | Swansea | IL | 62226 | 618-257-7353 314-241-8624 | |
| Halperin Battaglia Raicht LLP | Alan D Halperin Christoper J Battaglia | 555 Madison Ave | 9th Fl | New York | NY | 10022 | 212-765-0964 | ahalperin@halperinlaw.net |
| Hogan & Hartson LLP | Scott Golden | 875 Third Ave | | New York | NY | 10022 | 212-918-3100 | sagolden@hhlaw.com |

# **<u>EXHIBIT L</u>**

| Company | Contact | Address 1 | Address 2 | City | State | Zip | Fax | Email |
|---|---|---|---|---|---|---|---|---|
| Warner Norcross & Judd LLP | Gordon J Toering | 900 Fifth Third Center | 111 Lyon St NW | Grand Rapids | MI | 49503 | 616-222-2185 | gtoering@wnj.com |
| Burr & Forman LLP | Michael Leo Hall | 420 North 20th St | Suite 3100 | Birmingham | AL | 35203 | 205-244-5651 | mhall@burr.com |
| Margulies & Levinson LLP | Jeffrey M Levinson | 30100 Chargrin Boulevard | | Cleveland | OH | 44124 | 216-514-4936 | jml@ml-legal.com |
| Merrill Stone | Kelly Drye & Warren LLP | 101 Park Ave | | New York | NY | 10178 | 212-808-7898 | |
| PBGC | Jeffrey Cohen | 1200 K Street NW | Suite 340 | Washington | DC | 20005 | 202-326-4112 | |
| Boult Cummings Conners & Berry PLC | Roger Jones Austin McMullen | 1600 Division St | Suite 700 | Nashville | TN | 37203 | 615-252-6323 615-252-6307 | rjones@bccb.com |
| Daniels & Kaplan PC | Jay Selanders | 2405 Grand Blvd | Suite 900 | Kansas City | MO | 64108 | 816-221-3006 | selanders@danielsandkaplan.com |
| Bose McKinney & Evans LLP | Jeannette Eisan Hinshaw | 135 North Pennsylvania St | Suite 2700 | Indianapolis | IN | 46204 | 317-223-0296 | jhinshaw@boselaw.com |
| Barnes & Thornburg LLP | Michael McCrory Wendy Brewer | 11 S Meridian St | | Indianapolis | IN | 46204 | 317-231-7433 | michael.mccrory@btlaw.com |
| Bose McKinney & Evans LLP | Jeannette Eisan Hinshaw | 135 North Pennsylvania St | Suite 2700 | Indianapolis | IN | 46204 | 317-223-0296 | jhinshaw@boselaw.com |
| Barnes & Thornburg LLP | John Gregg | 300 Ottawa Ave NW | Suite 500 | Grand Rapids | MI | 49503 | 616-742-3999 | jgregg@btlaw.com |
| Bose McKinney & Evans LLP | Jeannette Eisan Hinshaw | 135 North Pennsylvania St | Suite 2700 | Indianapolis | IN | 46204 | 317-223-0296 | jhinshaw@boselaw.com |
| Miller Canfield Paddock & Stone PLC | Jonathan S Green Timothy A Fusco | 150 W Jefferson | Suite 2500 | Detroit | MI | 48226 | 313-496-8450 313-496-8453 | fusco@millercanfield.com |
| Phillips Nizer LLP | Sandra A Riember Candice Frost | 666 Fifth Ave | | New York | NY | 10103 | 212-262-5152 | sriemer@phillipsnizer.com |
| Waller Lansden Dortch & Davis PLLC | David E Lemke Robert J Wihoelter | 511 Union St | | Nashville | TN | 37219 | 615-244-6804 | david.lemke@wallerlaw.com |
| Seyfarth Shaw LLP | Robert W Dremluk Paul M Baisier | 1270 Ave of the Americas | Suite 2500 | New York | NY | 10020 | 212-218-5526 | rdremluk@seyfarth.com |
| Seyfarth Shaw LLP | Robert W Dremluk Paul M Baisier | 1270 Ave of the Americas | Suite 2500 | New York | NY | 10020 | 404-892-7056 | pbaiser@seyfarth.com |
| Curtis Mallet Prevost Colt & Mosle LLP | Steven Reisman | 101 Park Ave | | New York | NY | 10178 | 212-697-1559 | sreisman@cm-p.com |
| Curtis Mallet Prevost Colt & Mosle LLP | Steven Reisman | 101 Park Ave | | New York | NY | 10178 | 212-697-1559 | sreisman@cm-p.com |
| Sanford P Rosen & Associates PC | Sanford P Rosen & Kenneth M Lewis | 747 Third Ave | | New York | NY | 10017 | 212-223-1102 | klweis@rosenpc.com |
| Schafer & Weiner PLLC | Daniel J Weiner Ryan D Heilman | 40950 Woodward Ave | Suite 100 | Bloomfield Hills | MI | 48304 | 248-642-2127 | |
| Goodwin Procter LLP | Allan S Brilliant Emanuel C Grillo Brian W Harvey | 599 Lexington Ave | | New York | NY | 10022 | 212-355-3333 | bharvey@goodwinprocter.com |
| Barnes & Thornburg LLP | Patric E Mears | 300 Ottawa Ave NW | Suite 500 | Grand Rapids | MI | 49503 | 616-742-3999 | pmears@btlaw.com |
| Vorys Sater Seymour & Pease LLP | Robert J Sidman Robert A Bell | 52 East Gay St | PO Box 1008 | Columbus | OH | 43215 | 614-719-4962 | |
| Robert L Eisenbach III | Gregg S Kleiner | 101 California ST | 5th Fl | San Francisco | CA | 94111 | 415-693-2222 | reisenbach@cooley.com |
| Vorys Sater Seymour & Pease LLP | Tiffany Strelow | 52 East Gay St | PO Box 1008 | Columbus | OH | 43215 | 614-719-4663 | |
| Brian D Spector | | 30 Columbia Turnpike | | Florham Park | NJ | 7932 | 973-593-4848 | bspector@selawfirm.com |
| Pryor & Mandelup LLP | Kenneth Reynolds | 675 Old Country Road | | Westbury | NY | 11590 | 516-333-7333 | kar@pryormandelup.com |
| Simpson Thacher & Bartlett LLP | Brude D Angiolillo Kenneth Ziman William T Russell Jr | 425 Lexington Ave | | New York | NY | 10017 | 212-455-2502 | |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M Buell | One Liberty Plaza | | New York | NY | 10006 | 212-225-3999 | maolling@cgsh.com |
| Porzio Bromberg & Newman PC | John S Mairo Brett S Moore | 100 Southgate Parkway | | Morristown | NJ | 7960 | 973-538-5146 | jsmairo@pbnlaw.com |
| Sanford P Rosen & Associates PC | Sanford P Rosen & Kenneth M Lewis | 747 Third Ave | | New York | NY | 10017 | 212-223-1102 | klweis@rosenpc.com |
| Schafer & Weiner PLLC | Daniel J Weiner Ryan D Heilman | 40950 Woodward Ave | Suite 100 | Bloomfield Hills | MI | 48304 | 248-642-2127 | |
| Vorys Sater Seymour & Pease LLP | Carrie M Caldwell | 2100 One Cleveland Center | 1375 East Ninth St | Cleveland | OH | 44114 | 216-937-3719 | |
| Latham & Watkins LLP | Robert J Rosenberg Mitchell A Seider Mark A Broude | 885 Third Ave | | New York | NY | 10022 | 212-751-4864 | robert.rosenberg@lw.com; mitchell.seider@lw.com; mark.broude@lw.com |
| Klestadt & Winters LLP | Tracy L Klestadt | 292 Madison Ave | 17th Fl | New York | NY | 10017 | 212-972-2245 | tklestadt@klestadt.com |
| Greensfelder Hemker & Gale PC | Cherie Macdonald J Patrick Bradley | 12 Wolf Creek Drive | Suite 100 | Swansea | IL | 62226 | 618-257-7353 314-241-8624 | |
| Halperin Battaglia Raicht LLP | Alan D Halperin Christoper J Battaglia | 555 Madison Ave | 9th Fl | New York | NY | 10022 | 212-765-0964 | ahalperin@halperinlaw.net |
| Hogan & Hartson LLP | Scott Golden | 875 Third Ave | | New York | NY | 10022 | 212-918-3100 | sagolden@hhlaw.com |

# EXHIBIT M

In re Delphi Corporation, et al.
Utilities

| COMPANY | CONTACT | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP | COUNTRY | FAX |
|---|---|---|---|---|---|---|---|---|
| Adrian City Of | | Treasurers Office | 100 E Church St | Adrian | MI | 49221 | US | |
| Adrian City Of | | Treasurers Office | 100 E Church St | Adrian | MI | 49221 | US | |
| Aep Public Svc Co Oklahoma | | PO Box 24421 | | Canton | OH | 44701 | US | |
| Alabama Gas Corparation | | PO Box 2224 | | Birmingham | AL | 35246 | US | |
| Alabama Power Co | | PO Box 11407 | | Birmingham | AL | 35246 | US | |
| Alltel | | Building 4 Fifth Fl | | Little Rock | AR | 72202 | US | |
| Amherst Commerce Park | | 4508 Main St | | Amherst | NY | 14226 | US | |
| Anderson City Utilities | | 120 East 8th St | | Anderson | IN | 46016 | US | |
| Anr Pipeline Company | Transportation Services | 9 Greenway Plaza | | Houston | TX | 77046 | US | |
| Anxe | | 2000 Town Ctr | Ste 2050 | Southfield | MI | 48075 | US | |
| Aquila Inc | Aquila Networks Mgu | Burt Watkins Principal Account Exec | 1708 Eaton Dr | Grand Haven | MI | 49417 | US | |
| Aquila Inc | | 20 West 9th St | | Kansas City | MO | 64105 | US | |
| Aquila Inc | Gas Supply Division | Attention Deb Langle | 7101 Mercy Rd | Omaha | NE | 68106 | US | |
| At and T Agn | | 30500 Van Dyke Ave | Ste 610 | Warren | MI | 48093 | US | |
| At and T Business Solutions | | 30500 Van Dyke Ave | Ste 610 | Warren | MI | 48093 | US | |
| At and t Wireless | | 30500 Van Dyke Ave | Ste 610 | Warren | MI | 48093 | US | |
| Avaya | | 17225 Federal Dr Room | Ste 180 | Allen Pk | MI | 48101 | US | |
| Brookhaven City Of | | Water Dept | PO Box 560 | Brookhaven | MS | 39602 | US | 601-833-1412 |
| Buena Vista Wtr and Swr Dept | | 1160 S Outer Dr | | Saginaw | MI | 48601 | US | |
| Burton City Of Mi | | 4303 S Ctr Rd | | Burton | MI | 48519 | US | |
| Centerpoint Energy Entex | | PO Box 4981 | | Houston | TX | 77210 | US | |
| Central Power and Light Co | | Cpl Retail Energy | PO Box 22136 | Tulsa | OK | 74121 | US | |
| Chemical Reclamation Svcs Inc | | 405 Powell St | | Avalon | TX | 76623 | US | |
| Cinergy Psi | | PO Box 740399 | | Cincinnati | OH | 45274 | US | |
| Cinergy Psi | | PO Box 740399 | | Cincinatti | OH | 45274 | US | |
| Citizens Gas and Coke Utility | | PO Box 7056 | | Indianapolis | IN | 46207 | US | |
| Citizens Gas Fuel Company | | 127 North Main St | | Adrian | MI | 49221 | US | |
| Clinton City Of | | PO Box 156 | | Clinton | MS | 39060 | US | 601-925-4605 |
| Coenergy Trading Company | Attn Contract Admin | 414 S Main St Ste 200 | | Ann Arbor | MI | 48104 | US | |
| Coenergy Trading Company | Attn Deal Assistant | 414 S Main St Ste 200 | | Ann Arbor | MI | 48104 | US | |
| Coenergy Trading Company | Attn Gas Accounting | 414 S Main St Ste 200 | | Ann Arbor | MI | 48104 | US | |
| Colliers Turley Martin Tckr | | Colliers Turley Martin Tucker | 4678 World Pkwy Circle | St Louis | MO | 63134 | US | |
| Columbia Gas Of Ohio | Director Gas Transport Marketing | 200 Civic Ctr Dr | PO Box 117 | Columbus | OH | 43216 | US | |
| Columbia Gas Ohio Sequent Energy Mg | Attn Contract Admin | 1200 Smith Ste 900 | | Houston | TX | 77002 | US | |
| Columbia Gas Ohio Sequent Energy Mg | Gas Accounting | 1200 Smith Ste 900 | | Houston | TX | 77002 | US | |
| Columbia Gas Ohio Sequent Energy Mg | Confirmations | 1200 Smith Ste 900 | | Houston | TX | 77002 | US | |
| Columbia Gas Transmission Corp | Director Transportation And Exchange | PO Box 1273 | | Charleston | WV | 25325 | US | 800-628-4867 |
| Columbia Pwr and Wtr Systems | | PO Box 379 | | Columbia | TN | 38402 | US | 573-443-6875 |
| Columbus City Of | | PO Box 182882 | | Columbus | OH | 43218 | US | |
| Commonwealth Edison | | Bill Payment Ctr | | Chicago | IL | 60668 | US | |
| Conocophillips Co | Steve Salato | Attn Natural Gas Accounting | PO Box 2197 | Houston | TX | 77252-2197 | US | |
| Conocophillips Co | Steve Salato | Attn Contract Administration Gas and Power | PO Box 2197 | Houston | TX | 77252-2197 | US | 281-293-5914 |
| Conocophillips Co | Steve Salato | Attn Conoco Phillips Gas and Power | PO Box 2197 | Houston | TX | 77252 | US | 281-293-5914 |
| Constellation Newenergy | | Dept 4073 | PO Box 2088 | Milwaukee | WI | 53201 | US | 262-506-6611 |
| Constellation Newenergy Gas | | Section 2059 | | Carol Stream | IL | 60132 | US | |
| Constellation Newenergy Gas | | Section 2059 | | Carol Stream | IL | 60132 | US | |
| Consteln Newengy | | PO Box 642399 | | Pittsburgh | PA | 15264 | US | 410-230-4659 |
| Consumers Energy | | PO Box 30090 | | Lansing | MI | 48909 | US | 800-363-4806 |
| Consumers Energy | | Account Receivables Dept | | Lansing | MI | 48937 | US | |
| Consumers Energy | | 1945 W Parnall Rd | Room P 11 433 | Jackson | MI | 49201 | US | |
| Consumers Power | | Account Receivables Dept | | Lansing | MI | 48937 | US | |
| Coopersville City Of | | 289 Danforth | | Coopersville | MI | 49404 | US | |
| Coral Energy Resources Lp | Randy Ward | Attn Gas Accounting | 909 Fannin Ste 700 | Houston | TX | 77010 | US | |
| Coral Energy Resources Lp | Attn Energy Admin | 909 Fannin Ste 700 | | Houston | TX | 77010 | US | |
| Coral Energy Resources Lp | Randy Ward | Attn Energy Admin | 909 Fannin Ste 700 | Houston | TX | 77010 | US | |
| Cortland City Of | | 400 N High St | | Cortland | OH | 44410 | US | |
| Covad | | 110 Rio Robles | | San Jose | CA | 95134 | US | |
| Dayton Power and Light | | PO Box 2631 | | Dayton | OH | 45401 | US | |
| Dayton Power and Light Co | | PO Box 740598 | | Cincinnati | OH | 45274 | US | |
| Dayton Water Dept City Of | | PO Box 740575 | | Cincinnati | OH | 45274 | US | 937-333-2833 |

| COMPANY | CONTACT | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP | COUNTRY | FAX |
|---|---|---|---|---|---|---|---|---|
| Detroit Edison Co | | PO Box 67 069a | | Detroit | MI | 48267 | US | |
| Dominion East Ohio | | PO Box 26785 | | Richmond | VA | 23261 | US | |
| Downers Grove Sanitary Dist | | 2710 Curtiss St | PO Box 1412 | Downers Grove | IL | 60515 | US | |
| Downers Grove Village Of | | Civic Ctr | 801 Burlington Ave | Downers Grove | IL | 60515 | US | |
| Dpl Energy Resources | | 1065 Woodman Dr | | Dayton | OH | 45432 | US | |
| Dte Energy | | PO Box 2859 | | Detroit | MI | 48260 | US | |
| Dte Energy | | PO Box 67 069a | | Detroit | MI | 48267 | US | |
| East Ohio | Director Large Volume Sales | The East Ohio Gas Company | 1717 East Ninth St | Cleveland | OH | 44101 | US | |
| Eds | Eds Delphi Infrastructure | Client Delivery | Ms 1a 5055 Corporate Dr | Troy | MI | 48084 | US | |
| El Paso Electric Co | | PO Box 20982 | | El Paso | TX | 79998 | US | |
| El Paso Water Utils Pub Svc | | PO Box 511 | | El Paso | TX | 79961 | US | |
| Entergy Ms Power and Light | | PO Box 61825 | | New Orleans | LA | 70161 | US | |
| Eq Heritage | | 8720 Robbins Rd | | Indianapolis | IN | 46268 | US | |
| Erie Cnty Dept Environ Serv | | 2900 Columbus Ave Annex | PO Box 549 | Sandusky | OH | 44871 | US | |
| Erie Cnty Water Authority | | PO Box 5148 | 350 Ellicott Sq Bl | Buffalo | NY | 14240 | US | |
| Fitzgerald Wtr Lgt and bond Com | | Po Drawer F | | Fitzgerald | GA | 31750 | US | 229-4265443 |
| Flint City Of | | PO Box 1950 | | Flint | MI | 48501 | US | 810-766-7032 |
| General Oil Company Inc | | 31478 Industrial Rd | Ste 100 | Livonia | MI | 48150 | US | |
| Genesee County Drain Comm | | Water and Waste Services | G 4610 Beecher Rd | Flint | MI | 48532 | US | |
| Georgia Power Company | | PO Box 102473 | 68 Annex | Atlanta | GA | 30368 | US | 404-506-3771 |
| Henrietta Town Of | | 475 Calkins Rd | | Henrieta | NY | 14467 | US | |
| Henry County Remc | | PO Box D | 201 N 6th St | New Castle | IN | 47362 | US | |
| Heritage Crystal Clean Llc | | PO Box 68123 | | Indianapolis | IN | 46268 | US | 847-836-5677 |
| Heritage Interactive Services | | 8720 Robbins Rd | | Indianapolis | IN | 46268 | US | |
| Hesco Houston Energy Svcs Co | | PO Box 3989 | | Mcallen | TX | 78502 | US | 713-463-5032 |
| Icg Communications | Reseller Of Qwest Colorado Facility | 161 Inverness Dr West | | Englewood | CO | 80112 | US | |
| Indiana American Water Comp | | PO Box 5127 | | Carol Stream | IL | 60197 | US | |
| Indiana Michigan Power Comp | | PO Box 24412 | | Canton | OH | 44701 | US | |
| Indianapolis Power and Light Co | | PO Box 110 | | Indianapolis | IN | 46206 | US | |
| Indianapolis Water Company | | PO Box 1990 | | Indianapolis | IN | 46206 | US | 317-263-6414 |
| Intercall | | 542 Oak Tree Court | | Simi Valley | CA | 93065 | US | |
| Irvine Ranch Water District | | PO Box 57500 | | Irvine | CA | 92619 | US | |
| Irwin Electric Membership Corp | | PO Box 125 | | Ocilla | GA | 31774 | US | 229-468-7415 |
| Kinder Morgan | | PO Box 3000 | | Scottsbluff | NE | 69363 | US | |
| Kokomo Gas and Fuel Company | | 900 East Blvd | PO Box 9015 | Kokomo | IN | 46904 | US | |
| Kokomo Wastewatercity Of | | PO Box 1209 | | Kokomo | IN | 46903 | US | |
| Laurel Pub Utilcity Of | | PO Box 647 | | Laurel | MS | 39441 | US | |
| Ldmi Telecommunication Ideal Tech | | 27777 Franklin Rd | Ste 500 | Southfield | MI | 48034 | US | |
| Lea Land Inc | | 1300 West Main St | | Oklahoma City | OK | 73106 | US | |
| Limestone County Commission | | 310 W Washington St | | Athens | AL | 35611 | US | |
| Limestone County Wtr and Swr | | PO Box 110 | | Athens | AL | 35612 | US | 256-233-8036 |
| Little Thompson Water District | | 835 East Hwy 56 | | Berthoud | CO | 80513 | US | |
| Lockport City Of | | One Locks Plaza | | Lockport | NY | 14094 | US | |
| Lockport Energy Associates | | 5087 Junction Rd | | Lockport | NY | 14094 | US | |
| Lockport Town Of | | 6560 Dysinger Rd | | Lockport | NY | 14094 | US | |
| Magic Valley Electric Coop | | PO Box 267 | | Mercedes | TX | 78570 | US | |
| Marquette County Of | | Sawyer Business Ctr | 417 A Ave | Gwinn | MI | 49841 | US | |
| Mci | | One Towne Square | Ste 900 | Southfield | MI | 48076 | US | |
| Michigan Consolidated | Vice President Marketing And Sales | 500 Griswold St | | Detroit | MI | 48226 | US | |
| Military Highway Wsc | | PO Box 250 | | Progreso | TX | 78579 | US | |
| Mississippi Power Company | | PO Box 245 | | Birmingham | AL | 35201 | US | |
| Mississippi Valley Gas Co | | PO Box 9001949 | | Louisville | KY | 40290 | US | |
| Monroe Cnty Water Authority | | PO Box 41999 | | Rochester | NY | 14614 | US | 585-442-0220 |
| Montgomery Cnty San Eng Dept | | 1850 Spaulding Rd | PO Box 817601 | Dayton | OH | 45481 | US | |
| Nao North American Operations | | Dept 78056 | PO Box 78000 | Detroit | MI | 48278 | US | |
| National Fuel Resources | | 165 Lawrence Bell Dr Ste 120 | | Williamsville | NY | 14221 | US | |
| National Fuel Resources Inc | | PO Box 5161 | | Buffalo | NY | 14240 | US | 716-630-6798 |
| Ncl Natural Resources Llc | | 25231 Grogans Mill Rd | | The Woodlands | TX | 77380 | US | |
| New Brunswick City Of | | PO Box 269 | | New Brunswick | NJ | 08903 | US | 732-214-1941 |
| New Castle City Of | | 227 N Main St | | New Castle | IN | 47362 | US | |

In re Delphi Corporation, et al.
Utilities

| COMPANY | CONTACT | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP | COUNTRY | FAX |
|---|---|---|---|---|---|---|---|---|
| New York Power Authority | | 4 Chase Metrotech Ctr | 7th Fl East Lockbox 5253 | Brooklyn | NY | 11245 | US | |
| New York State Elec and Gas | | PO Box 5550 | | Ithaca | NY | 14852 | US | |
| Nextel | | 27755 Stansburry Blvd | | Farmington Hills | MI | 48334 | US | |
| Niagara Mohawk | | 300 Erie Blvd West | | Syracuse | NY | 13252 | US | |
| Nicor Gas | | PO Box 632 | | Aurora | IL | 60507 | US | 630-983-4229 |
| North Alabama Gas District | | PO Box 2590 | | Muscle Shoals | AL | 35662 | US | 256-386-0627 |
| Ny State Elec and Gas | | PO Box 5240 | | Binghamtom | NY | 13902 | US | |
| Nyseg Gas | | 150 Erie St | | Lancaster | NY | 14086 | US | |
| Nyseg Gas | Attn Gas Transportation and Billing | 18 Link Dr | PO Box 5224 | Binghomton | NY | 13902 | US | |
| Oak Creek City Of | | PO Box 68 9975 | | Milwaukee | WI | 53268 | US | 414-768-9587 |
| Ohio Edison Company | | PO Box 3637 | | Akron | OH | 44309 | US | |
| Ohio Edison Company | | PO Box 3687 | | Akron | OH | 44309 | US | |
| Oil Chem Inc | | PO Box 7438 711 W 12th St | | Flint | MI | 48503 | US | |
| Oklahoma Natural Gas Co | | PO Box 871 | | Tulsa | OK | 74102 | US | |
| Olathe City Of | | 1385 S Robinson Dr | PO Box 2100 | Olathe | KS | 66051 | US | |
| Oneok Energy Marketing | | PO Box 502890 | | St Louis | MO | 63150 | US | |
| Onyx Environmental Svcs Llc | | PO Box 73709 | | Chicago | IL | 60673 | US | |
| Orion Charter Township | | 2525 Joslyn Rd | | Lake Orion | MI | 48360 | US | |
| Panhandle Eastern Pipeline Company | | 5400 Westheimer Ct | | Houston | TX | 77056 | US | |
| Pepco Energy Services | | 1300 N 17th St | Ste 1600 | Arlington | VA | 22209 | US | |
| Portage Cnty Wtr Resources | | 449 S Meridian St | PO Box 1217 | Ravenna | OH | 44266 | US | |
| Pse and g | | PO Box 14101 | | New Brunswick | NJ | 08906 | US | |
| Qwest | | 20750 Civic Ctr Dr | | Southfield | MI | 48076 | US | |
| Qwest Colorado Facility | | Payment Ctr | | Denver | CO | 80244 | US | |
| Qwest Interprises | | Payment Ctr | | Denver | CO | 80244 | US | |
| Ravenna City Of | | PO Box 1215 | | Ravenna | OH | 44266 | US | 330-297-2164 |
| Rineco Chemical Industries | | 819 Vulcan Rd | PO Box 729 | Benton | AR | 72015 | US | |
| Rochester City Of | | PO Box 14270 | | Rochester | NY | 14614 | US | |
| Rochester Gas and Electric | | PO Box 5000 | | Ithaca | NY | 14852 | US | |
| Rochester Gas and Electric | Manager Gas Supply Services | Rochester Gas and Electric Corp | 89 East Ave | Rochester | NY | 14649 | US | |
| Rootstown Water Service Co | | PO Box 94 | 4332 Tallmadge Rd | Rootstown | OH | 44272 | US | |
| Safety Kleen Oil Services | | 601 Riley Rd East | | Chicago | IN | 46312 | US | |
| Saginaw City Of Wtr and Swr | | Treasurer | PO Box 5079 | Saginaw | MI | 48605 | US | 989-759-1467 |
| Sbc | | 35275 Industrial Rd | | Livonia | MI | 48150 | US | |
| Sbc Pagers | | 32255 North Western Hwy | | Farmington Hills | MI | 48334 | US | |
| Semcoenergy Gas Company | | PO Box 79001 | | Detroit | MI | 48279 | US | |
| Seminole Energy Services | Attn Joe Cuzalina | 1323 E 71st St Ste 300 | | Tulsa | OK | 74136 | US | |
| Seminole Energy Services | Attn David Inman | 1323 E 71st St Ste 300 | | Tulsa | OK | 74136 | US | |
| Seminole Energy Services | Mark Wolf | 1323 E 71st St Ste 300 | | Tulsa | OK | 74136 | US | |
| Seminole Energy Services | Payments | Dept 1886 | | Tulsa | OK | 74182 | US | |
| Sequent Energy Management | Attn Contract Admin | 1200 Smith Ste 900 | | Houston | TX | 77002 | US | |
| Sequent Energy Management | Attn Deal Assistant | 1200 Smith Ste 900 | | Houston | TX | 77002 | US | |
| Sequent Energy Management | Attn Gas Accounting | 1200 Smith Ste 900 | | Houston | TX | 77002 | US | |
| Shelby Twp Dept Of Pub Wks | | 6333 23 Mile Rd | | Shelby Twp | MI | 48316 | US | |
| Skytel | | 1 Towne Square | | Southfield | MI | 48076 | US | |
| Southern California Edison | | PO Box 600 | | Rosemead | CA | 91771 | US | |
| Southern California Gas Co | | PO Box C | | Monterey Pk | CA | 91756 | US | |
| Sprint United | | 38701 W Seven Mile Rd | Ste 400 | Livonia | MI | 48152 | US | |
| St Vrain Sanitation District | | 11307 Busiess Pk Circle | | Firestone | CO | 80504 | US | |
| Tennessee Valley Authority | | PO Box 1000 Dept 87 | | Memphis | TN | 38148 | US | |
| Teris Llc Dba Ensco | | PO Box 751563 | | Charlotte | NC | 28275 | US | 870-864-3870 |
| Texas Gas Service | | PO Box 269042 | | Oklahoma City | OK | 73126 | US | |
| The Water Works and Sewer Brd | | PO Box 800 | | Gadsden | AL | 35902 | US | 256-549-4678 |
| Town Of Frederick | | PO Box 435 | | Frederick | CO | 80530 | US | 303 833-3817 |
| Troy City Of | | Drawer 0103 | PO Box 33321 | Detroit | MI | 48232 | US | |
| Trumbull County Wtr and Swr | | Accounts Receivables Dept | 842 Youngstown Kingsville Rd | Vienna | OH | 44473 | US | |
| Tulsa Utils Svc City Of | | Utilities Services | | Tulsa | OK | 74187 | US | |
| Tuscaloosa City Of | | Water and Sewer Dept | PO Box 2090 | Tuscaloosa | AL | 35403 | US | |
| Txu Energy | | PO Box 660161 | | Dallas | TX | 75266 | US | |
| Txu Energy Retail Company | | PO Box 910015 | | Dallas | TX | 75391 | US | 877-460-4261 |

In re Delphi Corporation, et al.
Case No. 05-44481

Page 3 of 8

10/10/2005 9:55 AM
Utilities Service List

In re Delphi Corporation, et al.
Utilities

| COMPANY | CONTACT | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP | COUNTRY | FAX |
|---|---|---|---|---|---|---|---|---|
| Txu Lone Star Pipeline | | PO Box 910255 | | Dallas | TX | 75391 | US | |
| Txu Lone Star Pipeline | Attn Transportation Contract Admin | 301 S Harwood St Ste 801 North | | Dallas | TX | 75201 | US | |
| Ugi Energy Services | Attn Teresa Price | 1100 Berkshire Blvd Ste 305 | | Wyomissing | PA | 19610 | US | |
| United Cities Gas Company | | PO Box 660062 | | Dallas | TX | 75265 | US | |
| United Power | | Dept 535 | | Denver | CO | 80281 | US | |
| United Water | | PO Box 6548 | | Laredo | TX | 78042 | US | |
| Upper Peninsula Power Co | | PO Box 19076 | | Green Bay | WI | 54307 | US | |
| Vandalia City Of | | 333 James E Bohanan Memrial Dr | | Vandalia | OH | 45377 | US | |
| Vectren Energy Delivery | | PO Box 6248 | | Indianapolis | IN | 46206 | US | |
| Vectren Energy Delivery | | PO Box 6262 | | Indianapolis | IN | 46206 | US | |
| Vectren Energy Delivery Of Ohio | | 20 N W Fourth St | PO Box 569 | Evansville | IN | 47741 | US | |
| Vectren Energy Indiana Gas | | 1630 North Meridian St | | Indianapolis | IN | 46202 | US | |
| Verizon | | 375 Pearl St | | New York | NY | 10038 | US | |
| Verizon Wireless | | 26935 Northwestern Hwy | Ste 100 | Southfield | MI | 48034 | US | |
| Verizon Wireless Messaging | | PO Box 1510 | | Albany | NY | 12203 | US | |
| Warren City Of Pollution Control | | Sewerage Revenue Fund | 2323 MAIN AVE | Warren | OH | 44481 | US | |
| Warren City Ofutil Srvcs | | 580 Laird Ave Se | PO Box 670 | Warren | OH | 44482 | US | |
| Waste Mgmt Of Orange County | | PO Box 78261 | | Pheonix | AZ | 86062 | US | |
| Westar Energy | | PO Box 758500 | | Topeka | KS | 66675 | US | |
| Western Disposal | | Dept 52 | | Denver | CO | 80281 | US | |
| Westfield Public Works | | 2728 E 171st St | | Westfield | IN | 46074 | US | |
| Wichita Falls City Of | | PO Box 1440 | | Wichita Falls | TX | 76307 | US | |
| Wisconsin Electric Gas | Gas Operations Lake Geneva | 120 East Sheridan Springs Rd | | Lake Geneva | WI | 53147 | US | |
| Wisconsin Electric Power Co | | PO Box 2089 | | Milwaukee | WI | 53201 | US | |
| Wyoming City Of | | PO Box 630422 | | CINCINNATI | OH | 45263 | US | 616-530-3177 |

In re Delphi Corporation, et al.
Case No. 05-44481

Page 4 of 8

10/10/2005 9:55 AM
Utilities Service List

# **<u>EXHIBIT N</u>**

In re Delphi Corporation, et al.
Insurance - Overnight Mail

| Company | Contact | Address 1 | Address 2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| AON Risk Services of Michigan | | 3000 Town Center | Suite 3000 | Southfield | MI | 48075 | US |
| Cananwill Inc | Robert McGann | 1000 Milwaukee Ave | | Glenview | IL | 60025 | US |
| Cananwill Inc | | 1234 Market St | Ste 340 | Philadelphia | PA | 19107 | US |

In re Delphi Corporation, et al.
Case No. 05-44481

Page 1 of 1

10/31/2005 4:27 PM
Insurance Cananwill Service List

# **EXHIBIT O**

Pacific Rim Service

| Company | Contact | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Bank of Lincolnwood | | 4433 W Touhy Ave | | Lincolnwood | IL | 60712 |
| Pacific Rim Capital Inc | | One Jenner | Suite 170 | Irvine | CA | 92618 |

# **EXHIBIT P**

HSBC Service

| Company | Contact | Address 1 | Address 2 | City | State | Zip |
|---------|---------|-----------|-----------|------|-------|-----|
| Phillips Lytle LLP | Alan Hill | 437 Madison Ave | 34th Fl | New York | NY | 10022 |
| Phillips Lytle LLP | William J Brown | 3400 HSBC Center | | Buffalo | NY | 14203 |
| HSBC  Bank USA National Association | Office of the General Counsel | One HSBC Center | | Buffalo | NY | 14203 |

# **<u>EXHIBIT Q</u>**

DuraSwitch Service

| Company | Contact | Address 1 | Address 2 | City | State | Zip |
|---------|---------|-----------|-----------|------|-------|-----|
| DuraSwitch Industries Inc | Bob Brilon | 234 South Extension | Section 103 | Mesa | AZ | 85210 |