Hearing Date:  November 29, 2005 at 10:00 a.m.
Objection Deadline:  November 22, 2005 at 5:00 p.m.

SCHIFF HARDIN LLP
623 Fifth Avenue, 28th Floor
New York, New York  10022
Telephone:     (212) 753-5000
Facsimile:     (212) 753-5044
A. Peter Lubitz (APL 7267)

6600 Sears Tower
Chicago, Illinois  60606
Telephone:     (312) 258-5500
Facsimile:     (312) 258-5600
William I. Kohn
Michael Yetnikoff

ATTORNEYS FOR MEANS INDUSTRIES

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 Case |
| DELPHI CORPORATION, <u>et al</u>., | ) Case No. 05-44481(RDD) |
| Debtors. | ) Jointly Administered |

**MEANS INDUSTRIES' MOTION TO SET OFF
PRE-PETITION PAYMENT AGAINST PRE-PETITION CLAIMS**

TO:   THE HONORABLE JUDGE ROBERT D. DRAIN
        UNITED STATES BANKRUPTCY JUDGE:

Means Industries Inc. ("Means"), for its Motion to Set Off Pre-Petition Payment Against Pre-Petition Claims, pursuant to section 553(a) of the Bankruptcy Code, states as follows:

**Jurisdiction**

1.     This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1048 and 1409.

**Background**

2. On October 8, 2005 (the "Commencement Date"), the captioned debtors (collectively, the "Debtors") filed petitions for relief under chapter 11 of the Bankruptcy Code (the "Code"). These cases are being jointly administered under the captioned case heading.

3. The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On or about October 20, 2005, an official unsecured creditors' committee was appointed. No trustee has been appointed.

**Relief Requested**

4. Means is a significant supplier to the Debtors, with net sales to the Debtors of several hundred thousand dollars per month. On or about October 4, 2005, Means received a payment in the amount of $1,243,150.59 from the Debtors (the "Overpayment"). The Overpayment included some duplicate payments of invoices previously paid, as well as payment of $118,322.71 for certain outstanding pre-petition invoices.

5. By this Motion, Means seeks authority, pursuant to section 553(a) of the Code, to apply a portion of the Overpayment to an equivalent amount of unpaid pre-petition invoices due from Delphi to Means ("Unpaid Invoices"). The Unpaid Invoices are for goods shipped by Means to Delphi in the ordinary course of business prior to the Commencement Date.

6. Means does not believe that relief from the automatic stay imposed by section 362 of the Code is necessary to accomplish the proposed setoff. To the extent any such relief is deemed necessary, however, Means hereby seeks relief from the automatic stay to set off the Unpaid Invoices against the Overpayment.

**Means Has a Right to Set Off Under Section 553(a) of the Bankruptcy Code**

7. Under section 553(a) of the Code, a creditor such as Means may, subject to certain exceptions not applicable here, "offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against the claim of such creditor against the debtor that arose before the commencement of the case." 11 U.S.C. § 553(a).

8. As set forth in the proposed set-off summary attached hereto as Exhibit A, Delphi is indebted to Means (prior to the proposed setoff) in the amount of $1,093,356.60 for goods shipped to Delphi and invoiced under the Unpaid Invoices on or before October 7, 2005.[1] Under the plain language of section 553(a), a creditor such as Means is entitled (subject to certain exceptions) to offset a pre-petition amount due to it, against pre-petition obligations it may owe to a debtor. Accordingly, Means is entitled to offset the pre-petition Overpayment against the Unpaid Invoices.

**The Exceptions in 553(a) Do Not Apply**

9. Section 553(a) contains an exception which prohibits setoff of a pre-petition obligation if that obligation was incurred within ninety days of the Commencement Date, while the debtor was insolvent, and "for the purpose of obtaining a right of setoff against the debtor." 11 U.S.C. § 553(a)(3). This exception does not apply, for two reasons. First, there has been no showing or indication of any sort that these Debtors are insolvent. Second, the Unpaid Invoices represent goods ordered by and delivered to Delphi in the ordinary course of business, and thus do not constitute debts incurred "for the purpose of obtaining a right of setoff."

---

[1] This amount is the difference between (a) the Overpayment of $1,243,150.59 and (b) the net account credit balance of $149,793.99 after application of the Overpayment to the Unpaid Invoices. These figures are shown on the final page of Exhibit A.

3

10. In addition, section 553(a) does not apply if the creditor's claim is disallowed. 11 U.S.C. § 553(a)(1). Because the Unpaid Invoices are for goods shipped by Means to Delphi in the ordinary course of business prior to the Commencement Date, Means would have an allowable claim for the amount of the Unpaid Invoices. Therefore, neither of the exceptions contained in section 553(a) apply.

### Conclusion

11. Under the plain language of section 553(a) of the Code, Means may offset any pre-petition obligation to repay the Overpayment to Delphi, against the pre-petition Unpaid Invoices. No exception to section 553(a) is applicable. Moreover, to the extent Delphi has any future right to recover any of the offset pursuant to section 553(b) of the Code or otherwise, Delphi's right to do so is unaffected by the relief sought herein. For all these reasons, the proposed setoff is appropriate, and should be permitted.

### Waiver of Memorandum of Law and Notice

12. This Motion does not raise any novel issues of law and, accordingly, Means respectfully requests that this Court waive the requirement contained in Rule 9013-1(b) of the local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted in support of this Motion.

13. Notice of this Motion has been or will be provided pursuant to this Court's Order dated October 14, 2005 establishing notice procedures in these chapter 11 cases. No further or other notice need be provided. No previous motion for the relief sought herein has been made to this or any other Court.

WHEREFORE, Means respectfully requests that this Court enter an order authorizing it to apply the Overpayment to the pre-petition Unpaid Invoices, as set forth in

Exhibit A hereto, pursuant to section 553(a) of the Code, and further requests this Court grant it such other and further relief as may be appropriate.

Dated: October 31, 2005
Chicago, Illinois

/s/   Michael Yetnikoff
William I. Kohn
Michael Yetnikoff
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois  60606
Telephone:    (312) 258-5500
Facsimile:    (312) 258-5600

/s/ A. Peter Lubitz
A. Peter Lubitz (APL 7267)
SCHIFF HARDIN LLP
623 Fifth Avenue, 28th Floor
New York, New York  10022
Telephone:    (212) 753-5000
Facsimile:    (212) 753-5044

Counsel for Means Industries

CH2\ 1316964.1