**Hearing Date: November 4, 2005**
                    **Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

  - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' RESPONSE TO THE OBJECTION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS TO DEBTORS' MOTION FOR ORDER UNDER
11 U.S.C. §§ 362, 503, AND 546 AND FED. R. BANKR. P. 9019 ESTABLISHING
PROCEDURES FOR TREATMENT OF RECLAMATION CLAIMS

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this response (the "Response") to the Objection (the "Objection") of the Official Committee of Unsecured Creditors ("Committee") to Debtors' Motion for Order under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures for Treatment of Reclamation Claims (the "Motion"). In support of this Response, the Debtors respectfully represent as follows:[1]

Preliminary Statement

1. On October 8, 2005 (the "Petition Date"), the Debtors filed the Motion for Order under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures for Treatment of Reclamation Claims. Pursuant to the Motion, the Debtors sought authority (i) to provide administrative treatment for certain holders of valid reclamation claims and (ii) to establish procedures for the resolution and payment of valid reclamation claims against the Debtors. See, e.g., In re Winn-Dixie Stores, Inc., Case No. 05-11063 (RDD) (Bankr. S.D.N.Y. Feb. 23, 2005); In re Ultimate Elecs., Inc., Case No. 05-10104 (PJW) (Bankr. D. Del. 2005); In re Fleming Cos., Case No. 03-10945 (Bankr. D. Del. April 22, 2003); In re Eagle Food Ctrs., Inc., Case No. 03-15299 (Bankr. N.D. Ill. April 7, 2003); In re Genuity Inc., Case No. 02-43558 (Bankr. S.D.N.Y. Dec. 2, 2002); In re Kmart Corp., Case No. 02-02474 (SPS) (Bankr. N.D. Ill. Jan. 25, 2002 and Feb. 22, 2002).

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

2.  The Court conducted a hearing on the Motion on October 11, 2005, at which time the Court granted the Motions, subject to limited "look back" rights granted to the Committee, once appointed. Although 474 parties were served with notice of the Motion as of October 28, 2005, including the Debtors' top 50 creditors, the agent to the Debtors' prepetition and postpetition facilities, and the Debtors' unions, only the Committee filed a written in opposition to the Motion.[2]

3.  In accordance with the Committee's right to review the order approving the Motion (the "Reclamation Order"), on October 25, 2005, the Committee filed its Objection. Although the Committee generally supports the establishment of procedures to govern the resolution of Reclamation Claims, the Committee has requested that it be granted an opportunity to participate in the process of settling and paying Reclamation Claims. Specifically, the Committee proposed that the Reclamation Procedures be modified to require the Debtors to file a "Reclamation Report" after receipt and review of all reclamation demands. The Committee demands that the Reclamation Report include: (i) a list of each reclamation vendor asserting a Reclamation Claim, (ii) a summary of the assertions of each reclamation vendor and the amount of each Reclamation Claim, and (iii) a summary of the Debtors' appraisal of the validity of, and the proposed treatment of, each Reclamation Claim. After receipt of the Reclamation Report, the Committee requests that it and other parties in interest be given a reasonable amount of time within which to object to the Debtors' proposed resolution of, or treatment of, any Reclamation Claim. Finally, the Committee requests that the Reclamation Procedures require that, until the Debtors have filed a Reclamation Report and interested parties have had a meaningful

---

[2] Any holder of an alleged reclamation claim had "look back" rights similar to the Committee, but no other objection to the Motion was filed.

opportunity to object to any proposed payments, the Debtors should be prohibited from granting administrative claims or making any payments in connection with any Reclamation Claim.

        4.      The Debtors believe that the Committee's Objection, if granted, would constitute an undue burden upon the Debtors' efforts to administer the reclamation process. Further, the additional time and effort required to administer the reclamation process would be harmful to the Debtors' efforts to reorganize and maximize value for the benefit of all stakeholders by diverting resources away from the reorganization process.

Argument

The Committee's Request For Modified Reclamation Procedures Should Be Denied

        5.      The Debtor's have received more than 800 reclamation demands comprised of more than 81,000 invoices.  The Debtors believe that it would be extremely costly and administratively burdensome to provide all of the information requested by the Committee for each claim.  Moreover, the additional time and effort required to administer the reclamation process would be harmful to the Debtors' efforts to maximize value for the benefit of all stakeholders because  it would divert resources away from the reorganization process.

        6.      To address the concerns of the Committee, however, the Debtors propose to add the following mechanic to the Reclamation Procedures:

> Prior to the allowance or payment of any Reclamation Claim, the Debtors shall provide the Creditors' Committee with the first of one or more "Reclamation Reports," the first of which shall cover at least 75% of the face value of all Reclamation Claims against the Debtors. Each Reclamation Report shall include (a) a list of each reclamation vendor asserting a Reclamation Claim, (b) a summary of the assertions of each reclamation vendor and the amount of each Reclamation Claim, and (c) a summary of the Debtors' appraisal of the validity of, and the proposed treatment of, each Reclamation Claim.  Provided that the Creditors' Committee does not file an Objection to a Reclamation Report with this Court within ten business days of receipt of a Reclamation Report (which objection, if filed, shall be set for hearing for the next applicable monthly omnibus hearing and noticed by the Creditors' Committee, both in accordance

4

with the Case Management Order), the Debtors may allow and pay Reclamation Claims described in the particular Reclamation Report as otherwise provided in this Order.

7. The Debtors believe that the foregoing provision grants the Committee ample rights to participate in and oversee the reclamation process without placing an undue burden on the Debtors.

WHEREFORE the Debtors respectfully request that this Court enter orders (a) overruling the Objection, (b) amending the prior order to include the language provided herein, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
November 3, 2005

> SKADDEN, ARPS, SLATE, MEAGHER
> & FLOM LLP
>
> By: /s/ John Wm. Butler, Jr.
> John Wm. Butler, Jr. (JB 4711)
> John K. Lyons (JL 4951)
> Ron E. Meisler (RM 3026)
> 333 West Wacker Drive, Suite 2100
> Chicago, Illinois  60606
> (312) 407-0700
>
> - and -
>
> By: /s/ Kayalyn A. Marafioti
> Kayalyn A. Marafioti (KM 9632)
> Thomas J. Matz (TM 5986)
> Four Times Square
> New York, New York  10036
> (212) 735-3000
>
> Attorneys for Delphi Corporation, et al.,
> Debtors and Debtors-in-Possession