# Exhibit 1

| Utility Provider | Account Number | Utility |
|---|---|---|
| Kokomo Gas & Fuel Company<br>900 EAST BLVD<br>PO BOX 9015<br>KOKOMO, IN 469049015 | 901422100406 | Natural Gas |
| Kokomo Gas & Fuel Company<br>900 EAST BLVD<br>PO BOX 9015<br>KOKOMO, IN 469049015 | 901422110445 | Natural Gas |
| Kokomo Gas & Fuel Company<br>900 EAST BLVD<br>PO BOX 9015<br>KOKOMO, IN 469049015 | DELPHIKOKOMO | Natural Gas |
| Kokomo Wastewater(City of)<br>PO BOX 1209<br>KOKOMO, IN 469031209 | 145374 | Sewerage Only |
| Kokomo Wastewater(City of)<br>PO BOX 1209<br>KOKOMO, IN 469031209 | 14743795 | Sewerage Only |
| Laurel Pub Util(City of)<br>PO BOX 647<br>LAUREL, MS 394410647 | 900584100 | Water SVC |
| LDMI Telecommunication/ Ideal Technology<br>27777 Franklin Road<br>Suite 500<br>SOUTHFIELD, MI 48034 | 4092623 | Access Line |
| Lea Land Inc<br>1300 WEST MAIN STREET<br>OKLAHAMA CITY, OK 73106 | MX-CU-05-163-03 | Waste |
| Limestone County Commission<br>310 W WASHINGTON ST<br>ATHENS, AL 35611 | 28 | Sewerage Only |
| Limestone County Wtr & Swr<br>PO BOX 110<br>ATHENS, AL 356120100 | 8170 | Water Only |
| Limestone County Wtr & Swr<br>PO BOX 110<br>ATHENS, AL 356120100 | 8171 | Water Only |
| Limestone County Wtr & Swr<br>PO BOX 110<br>ATHENS, AL 356120100 | 8173 | Water Only |
| Little Thompson Water District<br>835 East Hwy 56<br>BERTHOUD, CO 80513 | 4797 | Water |
| Lockport (City of)<br>ONE LOCKS PLAZA<br>LOCKPORT, NY 14094 | 2900001860 | Sewerage Only |
| Lockport (City of)<br>ONE LOCKS PLAZA<br>LOCKPORT, NY 14094 | 2900001880 | Water Only |
| Lockport (Town of)<br>6560 DYSINGER RD<br>LOCKPORT, NY 14094 | 49000101 | Water Only |
| Lockport (Town of)<br>6560 DYSINGER RD<br>LOCKPORT, NY 14094 | 490014A | Water SVC |
| Lockport Energy Associates<br>5087 JUNCTION ROAD<br>LOCKPORT, NY 14094 | 01DELPHI | Electricity |
| Lockport Energy Associates<br>5087 JUNCTION RD<br>LOCKPORT, NY 14094 | 02DELPHI | Steam |
| Magic Valley Electric Coop<br>PO BOX 267<br>MERCEDES, TX 785700267 | 146084001 | Electricity |

Exhibit 1

| Utility Provider | Account Number | Utility |
|---|---|---|
| Marquette (County of)<br>SAWYER BUSINESS CENTER<br>417 A AVENUE<br>GWINN, MI 49841 | 84 | Water SVC |
| Marquette (County of)<br>SAWYER BUSINESS CENTER<br>417 A AVENUE<br>GWINN, MI 49841 | 85 | Water Only |
| Marquette (County of)<br>SAWYER BUSINESS CENTER<br>417 A AVENUE<br>GWINN, MI 49841 | DELP000510000001 | Water SVC |
| Marquette (County of)<br>SAWYER BUSINESS CENTER<br>417 A AVENUE<br>GWINN, MI 49841 | DELP000520000001 | Water SVC |
| Marquette (County of)<br>SAWYER BUSINESS CENTER<br>417 A AVENUE<br>GWINN, MI 49841 | DELP000520000101 | Water SVC |
| Marquette (County of)<br>SAWYER BUSINESS CENTER<br>417 A AVENUE<br>GWINN, MI 49841 | DELP000520000201 | Water SVC |
| Marquette (County of)<br>SAWYER BUSINESS CENTER<br>417 A AVENUE<br>GWINN, MI 49841 | HYDR026543000005 | Water Only |
| MCI<br>One Towne Square<br>Suite 900<br>SOUTHFIELD, MI 48076 | VN93001033 | Calling Cards |
| Military Highway WSC<br>PO BOX 250<br>PROGRESO, TX 78579 | 65480300 | Water SVC |
| Military Highway WSC<br>PO BOX 250<br>PROGRESO, TX 78579 | 65480600 | Water SVC |
| Military Highway WSC<br>PO BOX 250<br>PROGRESO, TX 78579 | 65480700 | Water Only |
| Mississippi Power Company<br>PO BOX 245<br>BIRMINGHAM, AL 352010245 | 0224168003 | Electricity |
| Mississippi Valley Gas Co<br>PO BOX 9001949<br>LOUISVILLE, KY 402901949 | 7000071286004621327 | Natural Gas |
| Mississippi Valley Gas Co<br>PO BOX 9001949<br>LOUISVILLE, KY 402901949 | 7000071286004632069 | Natural Gas |
| Monroe Cnty Water Authority<br>PO BOX 41999<br>ROCHESTER, NY 146044999 | 0039937 | Water Only |
| Monroe Cnty Water Authority<br>PO BOX 41999<br>ROCHESTER, NY 146044999 | 0382054 | Water Only |
| Monroe Cnty Water Authority<br>PO BOX 41999<br>ROCHESTER, NY 146044999 | 0382055 | Water Only |
| Monroe Cnty Water Authority<br>PO BOX 41999<br>ROCHESTER, NY 146044999 | 0390384 | Water Only |
| Monroe Cnty Water Authority<br>PO BOX 41999<br>ROCHESTER, NY 146044999 | 0391431 | Water Only |
| Monroe Cnty Water Authority<br>PO BOX 41999<br>ROCHESTER, NY 146044999 | 0391635 | Water Only |

Exhibit 1

| Utility Provider | Account Number | Utility |
|---|---|---|
| Monroe Cnty Water Authority<br>PO BOX 41999<br>ROCHESTER, NY 146044999 | DELPHIGROUNDWATER | Sewerage Only |
| Montgomery Cnty San Eng Dept<br>1850 SPAULDING ROAD<br>PO BOX 817601<br>DAYTON, OH 454817601 | 194029570938 | Water Only |
| Montgomery Cnty San Eng Dept<br>1850 SPAULDING ROAD<br>PO BOX 817601<br>DAYTON, OH 454817601 | 194029645260 | Water SVC |
| Montgomery Cnty San Eng Dept<br>1850 SPAULDING ROAD<br>PO BOX 817601<br>DAYTON, OH 454817601 | 207519550828 | Water Only |
| Montgomery Cnty San Eng Dept<br>1850 SPAULDING ROAD<br>PO BOX 817601<br>DAYTON, OH 454817601 | 207519550830 | Sewerage Only |
| Montgomery Cnty San Eng Dept<br>1850 SPAULDING ROAD<br>PO BOX 817601<br>DAYTON, OH 454817601 | 207519550832 | Water Only |
| Montgomery Cnty San Eng Dept<br>1850 SPAULDING ROAD<br>PO BOX 817601<br>DAYTON, OH 454817601 | 207519570702 | Water SVC |
| NAO North American Operations<br>DEPT # 78056<br>PO BOX 78000<br>DETROIT, MI 482780056 | 500043559000 | Sewerage Only |
| National Fuel Resources Inc<br>PO BOX 5161<br>BUFFALO, NY 142405161 | 5688426 | Natural Gas |
| National Fuel Resources Inc<br>PO BOX 5161<br>BUFFALO, NY 142405161 | 5688427 | Natural Gas |
| National Fuel Resources Inc<br>PO BOX 5161<br>BUFFALO, NY 142405161 | 5688428 | Natural Gas |
| National Fuel Resources Inc<br>PO BOX 5161<br>BUFFALO, NY 142405161 | 5977985 | Natural Gas |
| New Brunswick (City of)<br>PO BOX 269<br>NEW BRUNSWICK, NJ 08903 | 779600 | Water SVC |
| New Brunswick (City of)<br>PO BOX 269<br>NEW BRUNSWICK, NJ 08903 | M29000197 | Water SVC |
| New Brunswick (City of)<br>PO BOX 269<br>NEW BRUNSWICK, NJ 08903 | N29001961 | Sewerage Only |
| New Brunswick (City of)<br>PO BOX 269<br>NEW BRUNSWICK, NJ 08903 | WM29000196 | Water Only |
| New Castle (City of)<br>227 N MAIN ST<br>NEW CASTLE, IN 47362 | 122444002 | Water SVC |
| New Castle (City of)<br>227 N MAIN ST<br>NEW CASTLE, IN 47362 | 122445002 | Water Only |
| New Castle (City of)<br>227 N MAIN ST<br>NEW CASTLE, IN 47362 | 122446002 | Water Only |
| New York Power Authority<br>4 CHASE METROTECH CTR<br>7TH FLOOR EAST LOCKBOX 5253<br>BROOKLYN, NY 11245 | 3203145 | Electricity |

Exhibit 1

| Utility Provider | Account Number | Utility |
|---|---|---|
| New York Power Authority<br>4 CHASE METROTECH CTR<br>7TH FLOOR EAST LOCKBOX 5253<br>BROOKLYN, NY 11245 | 3203984 | Electricity |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 921233514 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 426581128 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 934528324 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 702984223 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 670396028 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 300396025 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 861347024 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 889815518 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 241396029 | Cellular service |

## Exhibit 1

| Utility Provider | Account Number | Utility |
|---|---|---|
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 685765026 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 659861620 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 433761621 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 560033516 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 490590511 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 687522516 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 464526223 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 215793321 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 857770028 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 423740012 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 839001519 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 662490822 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 403280513 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 399301018 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 919290518 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 833676512 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 739133516 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 195990519 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 941419327 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 330711510 | Cellular service |

Exhibit 1

| Utility Provider | Account Number | Utility |
|---|---|---|
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 683991515 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 277440314 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 618940313 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 680301515 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 137243115 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 574101518 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 729412524 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 632666514 | Cellular service |
| Nextel<br>27755 Stansburry Blvd<br>FARMINGTON HILLS, MI 48334-3861 | 233554422 | Cellular service |
| NICOR Gas<br>PO BOX 632<br>AURORA, IL 605070632 | 3341400327 | Natural Gas |
| North Alabama Gas District<br>PO BOX 2590<br>MUSCLE SHOALS, AL 35662 | DELPHISAGINAW | Natural Gas |
| Oak Creek (City of)<br>PO BOX 68-9975<br>MILWAUKEE, WI 532689975 | 813900730100 | Water SVC |
| Oak Creek (City of)<br>PO BOX 68-9975<br>MILWAUKEE, WI 532689975 | 813900730200 | Water SVC |
| Ohio Edison Company<br>PO BOX 3637<br>AKRON, OH 443093637 | 110010003538 | Electricity |
| Ohio Edison Company<br>PO BOX 3637<br>AKRON, OH 443093637 | 110010466529ELEC | Electricity |
| Ohio Edison Company<br>PO BOX 3637<br>AKRON, OH 443093637 | 110010466529LGHT | Electricity |
| Ohio Edison Company<br>PO BOX 3637<br>AKRON, OH 443093637 | 110014641747 | Electricity |

## Exhibit 1

| Utility Provider | Account Number | Utility |
|---|---|---|
| Ohio Edison Company<br>PO BOX 3637<br>AKRON, OH 443093637 | 110015144204 | Electricity |
| Ohio Edison Company<br>PO BOX 3637<br>AKRON, OH 443093637 | 110015145474 | Electricity |
| Ohio Edison Company<br>PO BOX 3637<br>AKRON, OH 443093637 | 110015146720 | Electricity |
| Ohio Edison Company<br>PO BOX 3637<br>AKRON, OH 443093637 | 110015146795 | Electricity |
| Ohio Edison Company<br>PO BOX 3637<br>AKRON, OH 443093637 | 110015146878 | Electricity |
| Ohio Edison Company<br>PO BOX 3637<br>AKRON, OH 443093637 | 110015417170 | Electricity |
| Ohio Edison Company<br>PO BOX 3637<br>AKRON, OH 443093637 | 110015550244 | Electricity |
| Ohio Edison Company<br>PO BOX 3637<br>AKRON, OH 443093637 | 110015577734 | Electricity |
| Ohio Edison Company<br>PO BOX 3637<br>AKRON, OH 443093637 | 110015845438 | Electricity |
| Ohio Edison Company<br>PO BOX 3637<br>AKRON, OH 443093637 | 110017019222 | Electricity |
| Ohio Edison Company<br>PO BOX 3687<br>AKRON, OH 443093687 | 120000003554NRIVERRD | Electricity |
| Oil Chem Inc<br>PO BOX 7438 711 W 12TH ST<br>FLINT, MI 48503 | US-MI-09-223-00 | Waste |
| Oklahoma Natural Gas Co<br>PO BOX 871<br>TULSA, OK 741020871 | 1112570038010 | Natural Gas |
| Olathe (City of)<br>1385 S ROBINSON DR<br>PO BOX 2100<br>OLATHE, KS 660512100 | 2300795002 | Water SVC |
| OneOK Energy Marketing<br>PO BOX 502890<br>ST LOUIS, MO 631502890 | DELPHIL00064 | Natural Gas |
| Onyx Environmental Svcs LLC<br>PO BOX 73709<br>CHICAGO, IL 60673 | US-OH-01-185-00 | Waste |
| Onyx Environmental Svcs LLC<br>PO BOX 73709<br>CHICAGO, IL 60673 | US-OH-05-185-00 | Waste |
| Orion (Charter Township)<br>2525 JOSLYN RD<br>LAKE ORION, MI 48360 | LAP1004872000002 | Water SVC |
| Pepco Energy Services<br>1300 N 17TH STREET<br>SUITE 1600<br>ARLINGTON, VA 222093801 | 1034064 | Electricity |
| Portage Cnty Wtr Resources<br>449 S MERIDIAN ST<br>PO BOX 1217<br>RAVENNA, OH 442661217 | 3991830000 | Sewerage Only |

Exhibit 1

| Utility Provider | Account Number | Utility |
|---|---|---|
| Qwest<br>20750 Civic Center Drive<br>SOUTHFIELD, MI 48076 | 360-574-6806 | Telecommunications |
| Qwest (Colorado Facility)<br>Payment Center<br>DENVER, CO 80244 | 970-535-4467-802B | Local Telephone Service |
| Qwest (Colorado Facility)<br>Payment Center<br>DENVER, CO 80244 | 303-772-6800-667B | Local Telephone Service |
| Qwest (Colorado Facility)<br>Payment Center<br>DENVER, CO 80244 | 303-678-0216-764B | Local Telephone Service |
| Qwest Interprises<br>Payment Center<br>DENVER, CO 80244 | 303-D08-7433-733 | Local Telephone Service |
| Ravenna (City of)<br>PO BOX 1215<br>RAVENNA, OH 442661215 | 9940201 | Sewerage Only |
| Rineco Chemical Industries<br>819 VULCAN ROAD<br>PO BOX 729<br>BENTON, AR 72015 | MX-TX-06-155-01 | Waste |
| Rochester (City of)<br>PO BOX 14270<br>ROCHESTER, NY 146140270 | W6001660002 | Water Only |
| Rochester (City of)<br>PO BOX 14270<br>ROCHESTER, NY 146140270 | W6001680008 | Water Only |
| Rochester (City of)<br>PO BOX 14270<br>ROCHESTER, NY 146140270 | W6001690004 | Water Only |
| Rochester (City of)<br>PO BOX 14270<br>ROCHESTER, NY 146140270 | W6001700003 | Water Only |
| Rochester (City of)<br>PO BOX 14270<br>ROCHESTER, NY 146140270 | W6040270006 | Water Only |
| Rochester (City of)<br>PO BOX 14270<br>ROCHESTER, NY 146140270 | W6040280002 | Water Only |
| Rochester (City of)<br>PO BOX 14270<br>ROCHESTER, NY 146140270 | W6040290002 | Water Only |
| Rochester (City of)<br>PO BOX 14270<br>ROCHESTER, NY 146140270 | W6040500201 | Water Only |

Exhibit 1

| Utility Provider | Account Number | Utility |
|---|---|---|
| Rootstown Water Service Co<br>PO BOX 94<br>4332 TALLMADGE ROAD<br>ROOTSTOWN, OH 44272 | 0185A | Water Only |
| Safety Kleen Oil Services<br>601 RILEY ROAD EAST<br>CHICAGO, IN 46312 | US-OH-08-153-06 | Waste |
| Saginaw (City of) Wtr & Swr<br>TREASURER<br>PO BOX 5079<br>SAGINAW, MI 486055079 | 1124160520 | Water SVC |
| Saginaw (City of) Wtr & Swr<br>TREASURER<br>PO BOX 5079<br>SAGINAW, MI 486055079 | 1124160524 | Water SVC |
| Saginaw (City of) Wtr & Swr<br>TREASURER<br>PO BOX 5079<br>SAGINAW, MI 486055079 | 1124160536 | Water SVC |
| Saginaw (City of) Wtr & Swr<br>TREASURER<br>PO BOX 5079<br>SAGINAW, MI 486055079 | 1124160538 | Water Only |
| Saginaw (City of) Wtr & Swr<br>TREASURER<br>PO BOX 5079<br>SAGINAW, MI 486055079 | 1124160540 | Water Only |
| Saginaw (City of) Wtr & Swr<br>TREASURER<br>PO BOX 5079<br>SAGINAW, MI 486055079 | 1124160542 | Water Only |
| Saginaw (City of) Wtr & Swr<br>TREASURER<br>PO BOX 5079<br>SAGINAW, MI 486055079 | 1124160544 | Water Only |
| Saginaw (City of) Wtr & Swr<br>TREASURER<br>PO BOX 5079<br>SAGINAW, MI 486055079 | 1124160546 | Water Only |
| Saginaw (City of) Wtr & Swr<br>TREASURER<br>PO BOX 5079<br>SAGINAW, MI 486055079 | 1124160548 | Water Only |
| Saginaw (City of) Wtr & Swr<br>TREASURER<br>PO BOX 5079<br>SAGINAW, MI 486055079 | 3366155644 | Sewerage Only |
| Saginaw (City of) Wtr & Swr<br>TREASURER<br>PO BOX 5079<br>SAGINAW, MI 486055079 | 3366155718 | Water Only |
| Saginaw (City of) Wtr & Swr<br>TREASURER<br>PO BOX 5079<br>SAGINAW, MI 486055079 | 3366155720 | Water Only |
| Saginaw (City of) Wtr & Swr<br>TREASURER<br>PO BOX 5079<br>SAGINAW, MI 486055079 | 5438534946 | Water SVC |
| Saginaw (City of) Wtr & Swr<br>TREASURER<br>SAGINAW, MI 486055079 | 5438762050 | Water Only |
| SemcoEnergy Gas Company<br>PO BOX 79001<br>DETROIT, MI 482791722 | 709V45005100010 | Natural Gas |
| SemcoEnergy Gas Company<br>PO BOX 79001<br>DETROIT, MI 482791722 | 709V45005200011 | Natural Gas |
| SemcoEnergy Gas Company<br>PO BOX 79001<br>DETROIT, MI 482791722 | 709V45005210010 | Natural Gas |
| Shelby Twp Dept of Pub Wks<br>6333 23 MILE RD<br>SHELBY TWP, MI 483164405 | 214084000 | Water SVC |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 181111 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2018935 | Pager Services |

Exhibit 1

| Utility Provider | Account Number | Utility |
|---|---|---|
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2046646 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2252670 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2310096 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2320625 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2345195 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2391119 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2425106 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2428954 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2430373 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2435433 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2436297 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2437356 | Pager Services |

| Utility Provider | Account Number | Utility |
|---|---|---|
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2437597 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2437789 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2445961 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2445962 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2448724 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2461720 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2465825 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2477737 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2477738 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2477793 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2482237 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2483775 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2485519 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2488339 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2489642 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2490839 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2497777 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2500747 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2501481 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2504698 | Pager Services |

Exhibit 1

| Utility Provider | Account Number | Utility |
|---|---|---|
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2504710 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2506291 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2509384 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2512059 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2512940 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2513436 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2516361 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2521481 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2524049 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2535378 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2541044 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2541974 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2557301 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2564761 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2566441 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2567072 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2569678 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2575294 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2579791 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2581779 | Pager Services |

Exhibit 1

| Utility Provider | Account Number | Utility |
|---|---|---|
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2581785 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2598777 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2601967 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2601973 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2602301 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2603533 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2604134 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2608298 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2609194 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2612344 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2612899 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2612902 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2616154 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2617495 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2617903 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2620013 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2622043 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2622045 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2628886 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2658178 | Pager Services |

Exhibit 1

| Utility Provider | Account Number | Utility |
|---|---|---|
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2659336 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2663619 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2663623 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2663782 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2665641 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2674775 | Pager Services |
| SkyTel<br>1 Towne Square<br>SOUTHFIELD, MI 48076-3700 | 2676749 | Pager Services |
| Southern California Edison<br>PO BOX 600<br>ROSEMEAD, CA 917710001 | 2199730037 | Electricity |
| Southern California Edison<br>PO BOX 600<br>ROSEMEAD, CA 917710001 | 3001304799 | Electricity |
| Southern California Edison<br>PO BOX 600<br>ROSEMEAD, CA 917710001 | 3021596522 | Electricity |
| Southern California Gas Co<br>PO BOX C<br>MONTEREY PARK, CA 91756 | 0459127232 | Natural Gas |
| Southern California Gas Co<br>PO BOX C<br>MONTEREY PARK, CA 91756 | 12450781005 | Natural Gas |
| Sprint United<br>38701 W Seven Mile Road<br>Suite 400<br>LIVONIA, MI 48152-1091 | 330-373-2121-032 | PBX for Delphi Packard |
| Sprint United<br>38701 W Seven Mile Road<br>Suite 400<br>LIVONIA, MI 48152-1091 | 330-127-1000-604 | PBX for Delphi Packard |
| Sprint United<br>38701 W Seven Mile Road<br>Suite 400<br>LIVONIA, MI 48152-1091 | 330-367-6000-102 | PBX for Delphi Packard |
| Sprint United<br>38701 W Seven Mile Road<br>Suite 400<br>LIVONIA, MI 48152-1091 | 24955700 | PBX for Delphi Packard |
| St. Vrain Sanitation District<br>11307 Busiess Park Circle<br>FIRESTONE, CO 80504 | A000098 | Sewer |
| St. Vrain Sanitation District<br>11307 Busiess Park Circle<br>FIRESTONE, CO 80504 | A002263 | Sewer |
| Tennessee Valley Authority<br>PO BOX 1000 DEPT 87<br>MEMPHIS, TN 381480087 | 0617 | Electricity |
| Teris LLC - dba Ensco<br>PO BOX 751563<br>CHARLOTTE, NC 28275 | US-NY-05-184-01 | Waste |

Exhibit 1

| Utility Provider | Account Number | Utility |
|---|---|---|
| Texas Gas Service<br>PO BOX 269042<br>OKLAHOMA CITY, OK 731269042 | 910307793123432409 | Natural Gas |
| Texas Gas Service<br>PO BOX 269042<br>OKLAHOMA CITY, OK 731269042 | 910307793146248100 | Natural Gas |
| The Water Works & Sewer Brd<br>PO BOX 800<br>GADSDEN, AL 359020800 | 13150004520079020 | Water SVC |
| The Water Works & Sewer Brd<br>PO BOX 800<br>GADSDEN, AL 359020800 | 13150004530079021 | Water Only |
| Town of Frederick<br>PO Box 435<br>FREDERICK, CO 80530-0435 | 06-2015-000 | Water |
| Town of Frederick<br>PO Box 435<br>FREDERICK, CO 80530-0435 | 06-2014-000 | Water |
| Troy (City of )<br>DRAWER # 0103<br>PO BOX 33321<br>DETROIT, MI 482325321 | 1110145 | Water SVC |
| Troy (City of )<br>DRAWER # 0103<br>PO BOX 33321<br>DETROIT, MI 482325321 | 1600779 | Water SVC |
| Troy (City of )<br>DRAWER # 0103<br>PO BOX 33321<br>DETROIT, MI 482325321 | 2930090 | Water SVC |
| Troy (City of )<br>DRAWER # 0103<br>PO BOX 33321<br>DETROIT, MI 482325321 | 2930091 | Water SVC |
| Troy (City of )<br>DRAWER # 0103<br>PO BOX 33321<br>DETROIT, MI 482325321 | 2930092 | Water SVC |
| Troy (City of )<br>DRAWER # 0103<br>PO BOX 33321<br>DETROIT, MI 482325321 | 2930102 | Water SVC |
| Trumbull County Wtr & Swr<br>ACCOUNTS RECEIVABLES DEPT<br>842 YOUNGSTOWN KINGSVILLE RD<br>VIENNA, OH 444739737 | 070100030980000 | Water SVC |
| Trumbull County Wtr & Swr<br>ACCOUNTS RECEIVABLES DEPT<br>842 YOUNGSTOWN KINGSVILLE RD<br>VIENNA, OH 444739737 | 100304776100000 | Sewerage Only |
| Trumbull County Wtr & Swr<br>ACCOUNTS RECEIVABLES DEPT<br>842 YOUNGSTOWN KINGSVILLE RD<br>VIENNA, OH 444739737 | 190300020770000 | Water SVC |
| Trumbull County Wtr & Swr<br>ACCOUNTS RECEIVABLES DEPT<br>842 YOUNGSTOWN KINGSVILLE RD<br>VIENNA, OH 444739737 | 280300020770000 | Water Only |
| Tulsa Utils Svc (City of)<br>UTILITIES SERVICES<br>TULSA, OK 741870002 | 103686689 | Water SVC |
| Tuscaloosa (City of)<br>WATER & SEWER DEPT<br>PO BOX 2090<br>TUSCALOOSA, AL 354032090 | 10877676095490 | Water SVC |
| Tuscaloosa (City of)<br>WATER & SEWER DEPT<br>PO BOX 2090<br>TUSCALOOSA, AL 354032090 | 1800928552920 | Water SVC |
| Tuscaloosa (City of)<br>WATER & SEWER DEPT<br>PO BOX 2090<br>TUSCALOOSA, AL 354032090 | 3251359644100 | Water SVC |

Exhibit 1

| Utility Provider | Account Number | Utility |
|---|---|---|
| TXU Energy<br>PO BOX 660161<br>DALLAS, TX 752660161 | 47841000004 | Electricity |
| TXU Energy Retail Company<br>PO BOX 910015<br>DALLAS, TX 753910015 | 45088705079 | Electricity |
| TXU Energy Retail Company<br>PO BOX 910015<br>DALLAS, TX 753910015 | 57986483907 | Electricity |
| TXU Energy Retail Company<br>PO BOX 910015<br>DALLAS, TX 753910015 | 92176147640 | Electricity |
| United Cities Gas Company<br>PO BOX 660062<br>DALLAS, TX 752650205 | 5000455227424573613 | Natural Gas |
| United Power<br>Dept 535<br>DENVER, CO 80281-0535 | 368102 | Electricity |
| United Power<br>Dept 535<br>DENVER, CO 80281-0535 | 80007701 | Electricity |
| United Power<br>Dept 535<br>DENVER, CO 80281-0535 | 144503 | Electricity |
| United Water<br>PO BOX 6548<br>LAREDO, TX 78042 | T355280560841 | Refuse |
| Upper Peninsula Power Co<br>PO BOX 19076<br>GREEN BAY, WI 543079076 | 2623194 | Electricity |
| Upper Peninsula Power Co<br>PO BOX 19076<br>GREEN BAY, WI 543079076 | 2623198 | Electricity |
| Upper Peninsula Power Co<br>PO BOX 19076<br>GREEN BAY, WI 543079076 | 2623204 | Electricity |
| Vandalia (City of)<br>333 JAMES E BOHANAN MEMRIAL DR<br>VANDALIA, OH 453772394 | 315422 | Water Only |
| Vandalia (City of)<br>333 JAMES E BOHANAN MEMRIAL DR<br>VANDALIA, OH 453772394 | 315432 | Water SVC |
| Vandalia (City of)<br>333 JAMES E BOHANAN MEMRIAL DR<br>VANDALIA, OH 453772394 | 315442 | Water SVC |
| Vandalia (City of)<br>333 JAMES E BOHANAN MEMRIAL DR<br>VANDALIA, OH 453772394 | 315452 | Sewerage Only |
| Vandalia (City of)<br>333 JAMES E BOHANAN MEMRIAL DR<br>VANDALIA, OH 453772394 | DELPHIVANDALIA-SEWER | Sewerage Only |
| Vectren Energy Delivery<br>PO BOX 6248<br>INDIANAPOLIS, IN 462066248 | 0260050528751558873 | Natural Gas |
| Vectren Energy Delivery<br>PO BOX 6248<br>INDIANAPOLIS, IN 462066248 | 0260069451654453787 | Natural Gas |
| Vectren Energy Delivery<br>PO BOX 6248<br>INDIANAPOLIS, IN 462066248 | 0262031129050725682 | Natural Gas |
| Vectren Energy Delivery<br>PO BOX 6248<br>INDIANAPOLIS, IN 462066248 | 0262031129054053926 | Natural Gas |

Exhibit 1

| Utility Provider | Account Number | Utility |
|---|---|---|
| Vectren Energy Delivery<br>PO BOX 6262<br>INDIANAPOLIS, IN 462066262 | 0340038754423872471 | Natural Gas |
| Verizon<br>375 Pearl Street<br>NY, NY 10038-1432 | 315-463-5530 402 25 5 | Local Exchange Carrier |
| Verizon Wireless<br>26935 Northwestern Hwy<br>Suite 100<br>SOUTHFIELD, MI 48034 | V21DASCR | Cellular service |
| Verizon Wireless<br>26935 Northwestern Hwy<br>Suite 100<br>SOUTHFIELD, MI 48034 | V21DELPH | Cellular service |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | Y2-428135 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | Y2-420197 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 152965 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 178284 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 611511 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 611512 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 133193 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 420197 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 428135 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 429677 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 798159 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 577410 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 152957 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 152959 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 152968 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 153323 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 169460 | Pager Services |

Exhibit 1

| Utility Provider | Account Number | Utility |
|---|---|---|
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 731940 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 008080 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 008081 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 008215 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 8166 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 8283 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 7916 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 8352 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 152343 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 15112 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 7516 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 683932 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 732049 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 612426 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 180238 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 182100 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 182102 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 187070 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 197628 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 197651 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 510378 | Pager Services |

Exhibit 1

| Utility Provider | Account Number | Utility |
|---|---|---|
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 176089 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 176813 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 208087 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 208062 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 175809 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 289681 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 050554 | Pager Services |
| Verizon Wireless Messaging<br>PO BOX 1510<br>ALBANY, NY 12203 | 15745 | Pager Services |
| Warren (City of)Util Srvcs<br>580 LAIRD AVE SE<br>PO BOX 670<br>WARREN, OH 444820670 | M03477610 | Water Only |
| Warren (City of)Util Srvcs<br>580 LAIRD AVE SE<br>PO BOX 670<br>WARREN, OH 444820670 | M03477620 | Water Only |
| Warren (City of)Util Srvcs<br>580 LAIRD AVE SE<br>PO BOX 670<br>WARREN, OH 444820670 | M03479400 | Water SVC |
| Warren (City of)Util Srvcs<br>580 LAIRD AVE SE<br>PO BOX 670<br>WARREN, OH 444820670 | M03479450 | Water SVC |
| Warren (City of)Util Srvcs<br>580 LAIRD AVE SE<br>PO BOX 670<br>WARREN, OH 444820670 | M03479500 | Water SVC |
| Warren (City of)Util Srvcs<br>580 LAIRD AVE SE<br>PO BOX 670<br>WARREN, OH 444820670 | M03479900 | Water SVC |
| Warren (City of)Util Srvcs<br>580 LAIRD AVE SE<br>PO BOX 670<br>WARREN, OH 444820670 | M03480000 | Water Only |
| Warren (City of)Util Srvcs<br>580 LAIRD AVE SE<br>PO BOX 670<br>WARREN, OH 444820670 | M03480050 | Water SVC |
| Warren (City of)Util Srvcs<br>580 LAIRD AVE SE<br>PO BOX 670<br>WARREN, OH 444820670 | M03480150 | Water Only |
| Warren (City of)Util Srvcs<br>580 LAIRD AVE SE<br>PO BOX 670<br>WARREN, OH 444820670 | M05494350 | Water Only |
| Warren (City of)Util Srvcs<br>580 LAIRD AVE SE<br>PO BOX 670<br>WARREN, OH 444820670 | M05494600 | Water Only |
| Warren (City of)Util Srvcs<br>580 LAIRD AVE SE<br>PO BOX 670<br>WARREN, OH 444820670 | STW00038048143 | Sewerage Only |
| Warren (City of)Util Srvcs<br>580 LAIRD AVE SE<br>PO BOX 670<br>WARREN, OH 444820670 | STW00038548144 | Sewerage Only |

Exhibit 1

| Utility Provider | Account Number | Utility |
|---|---|---|
| Warren (City of)Util Srvcs<br>580 LAIRD AVE SE<br>PO BOX 670<br>WARREN, OH 444820670 | STW00039048145 | Sewerage Only |
| Warren (City of)Util Srvcs<br>580 LAIRD AVE SE<br>PO BOX 670<br>WARREN, OH 444820670 | STW20066049360 | Sewerage Only |
| Warren City of Pollution Control<br>SEWERAGE REVENUE FUND<br>2323 MAIN AVE<br>WARREN, OH 44481 | M0549461001 | Sewerage Only |
| Waste Mgmt of Orange County<br>PO BOX 78261<br>PHEONIX, AZ 860628251 | US-CA-08-183-00 | Waste |
| Westar Energy<br>PO BOX 758500<br>TOPEKA, KS 666758500 | 0481340041 | Electricity |
| Western Disposal<br>Dept 52<br>DENVER, CO 80281-0052 | 3510 | Trash |
| Westfield Public Works<br>2728 E 171ST STREET<br>WESTFIELD, IN 46074 | 130658000 | Water SVC |
| Westfield Public Works<br>2728 E 171ST STREET<br>WESTFIELD, IN 46074 | 130659000 | Water SVC |
| Wichita Falls (City of)<br>PO BOX 1440<br>WICHITA FALLS, TX 763077532 | 4033640233 | Water SVC |
| Wisconsin Electric Power Co<br>PO BOX 2089<br>MILWAUKEE, WI 53201 | 7483212029 | Electricity |
| Wyoming (City of)<br>PO BOX 630422<br>CINCINNATI, OH 452630422 | 22381 | Water SVC |

**GM Brokered Gas Contracts**

| Provider | Address | Type of Contract |
|---|---|---|
| Columbia Gas of Ohio | 200 Civic Center Drive, PO Box 117 Columbus, Ohio 43216-0117 | Gas Transport - Local Distribution |
| Columbia Gas Transmission Corp | Director, Transportation and Exchange, P.O. Box 1273, Charleston, WV 25325-1273 | Gas Transport - Pipeline |
| Sequent Energy Management | 1200 Smith, Suite 900, Attn: Contract Admin., Houston, TX 77002 | Gas Purchase |
| ANR Pipeline Company | 9 Greenway Plaza, Houston, TX 77046-0995 | Gas Transport - Pipeline |
| Consumers Energy | 1945 W. Parnall Rd., Room P-11-433, Jackson, MI 49201 | Gas Transport - Local Distribution |
| CoEnergy Trading Company | 414 S. Main Street, Suite 200, Attn: Contract Admin., Ann Arbor, MI 48104 | Gas Purchase & Pipeline |
| Michigan Consolidated | Vice President, Marketing and Sales 500 Griswold Street Detroit, MI 48226 | Gas Transport - Local Distribution |
| Sequent Energy Management | 1200 Smith, Suite 900, Attn: Contract Admin., Houston, TX 77002 | Gas Purchase |
| Vectren Energy Delivery of Ohio | 20 N. W. Fourth Street PO Box 569 Evansville, Indiana 47741 | Gas Transport - Local Distribution |
| Vectren Energy (Indiana Gas) | 1630 North Meridian Street Indianapolis, IN 46202-1496 | Gas Transport - Local Distribution |
| Coral Energy Resources, L.P. | 909 Fannin, Suite #700, Attn: Energy Admin., Houston, TX 77010 | Gas Purchase |
| TXU Lone Star Pipeline | 301 S. Harwood Street, Suite 801 North, Dallas, TX 75201, Attn: Transportation Contract Admin. | Gas Transport - Pipeline & Local Distribution |
| UGI Energy Services | Attn: Teresa Price, 1100 Berkshire Blvd., Suite 305, Wyomissing, PA 19610 | Gas Purchase & Pipeline Transporation |
| Rochester Gas & Electric | Manager, Gas Supply Services; Rochester Gas & Electric Corp., 89 East Avenue, Rochester, NY 14649 | Transporation - Local Distribution |
| Wisconsin Electric Gas | Gas Operations - Lake Geneva, 120 East Sheridan Springs Rd. Lake Geneva, WI 53147 | Transporation - Local Distribution |
| NCL Natural Resources, LLC | 25231 Grogan's Mill Road, The Woodlands, TX 77380 | Gas Transport - Local Distribution (No Pipeline Transportation) |

**GM Brokered Gas Contracts**

| Provider | Address | Type of Contract |
|---|---|---|
| East Ohio | The East Ohio Gas Company 1717 East Ninth Street, P.O. Box 5759, Cleveland, Ohio 44101-0759 | Gas Transport - Pipeline |
| Coral Energy Resources, L.P. | 909 Fannin, Suite #700, Attn: Energy Admin., Houston, TX 77010 | Gas Transport - Local Distribution |
| Panhandle Eastern Pipeline Company | 5400 Westheimer Ct., Houston, TX, 77056-5310 | Gas Purchase |
| Citizen's Gas Fuel Company | 127 North Main Street, Adrian, MI 49221 | Gas Purchase & Pipeline Transporation |
| National Fuel Resources | 165 Lawrence Bell Drive, Suite 120, Williamsville, NY 14221 | Gas Transport - Local Distribution |
| NYSEG Gas | 18 Link Drive, P.O. Box 5224, Binghamton, NY, 13902-5224, Attn: Gas Transportation & Billing | Gas Transport - Local Distribution |
| Aquila Inc. | Aquila Networks - MGU Attention: Burt Watkins, Principal Account Executive, 1708 Eaton Drive, Grand Haven, MI 49417 | Gas Purchase |

# **EXHIBIT H**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FINAL ORDER UNDER 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), AND 364(e) AND FED. R. BANKR. P. 2002, 4001 AND 9014 (I) AUTHORIZING DEBTORS TO OBTAIN POSTPETITION FINANCING, (II) TO UTILIZE CASH COLLATERAL AND (III) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES

("FINAL DIP FINANCING ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation

(the "Borrower") and certain of its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), for interim and

final orders under sections 105, 361, 362, 363(c), 364(c)(1), 364(c)(2), 364(c)(3),

364(d)(1) and 364(e) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the

"Bankruptcy Code"), and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), seeking, among other things:

(1)  authorization for the Borrower to obtain post petition financing

(the "Financing"), and for all of the other Debtors (the "Guarantors") to

guaranty the Borrower's obligations in connection with the Financing, up

to the aggregate principal amount of $2,000,000,000 (the actual available

principal amount at any time being subject to those conditions set forth in

the DIP Documents (as defined below)), pursuant to a credit facility with

JPMorgan Chase Bank, N.A. ("JPMCB"), acting as Administrative Agent

(in such capacity, the "Agent") for itself and a syndicate of financial

institutions (together with JPMCB and including the fronting and issuing

banks for the letters of credit, the "DIP Lenders"), and Citicorp USA, Inc.

("CUSA") as Syndication Agent, to be arranged by J.P. Morgan Securities

Inc. and Citigroup Global Markets, Inc. (the "Joint Lead Arrangers");

(2)  authorization for the Debtors to execute and enter into the DIP

Documents and to perform such other and further acts as may be required

in connection with the DIP Documents;

(3)  the granting of adequate protection to the lenders (the "Pre-

Petition Secured Lenders") under that certain Third Amended and

Restated Credit Agreement, dated as of June 14, 2005 (as heretofore

amended, supplemented or otherwise modified, the "Pre-Petition Credit

Agreement"), among the Borrower, the several lenders from time to time

party thereto, and JPMCB, as administrative agent for the Pre-Petition

Secured Lenders (in such capacity, the "Pre-Petition Agent"), and in

connection with that certain Guarantee and Collateral Agreement, dated as

of June 14, 2005, by the Borrower and certain of its subsidiaries, in favor

of the Pre-Petition Agent (as heretofore amended, supplemented or

otherwise modified, the "Guarantee and Collateral Agreement" and,

2

collectively with the Pre-Petition Credit Agreement, and the mortgages and all other documentation executed in connection therewith, the "Existing Agreements"), whose liens and security interests are being primed by the Financing;

(4)  authorization for the Debtors to use cash collateral (as such term is defined in the Bankruptcy Code) in which the Pre-Petition Secured Lenders have an interest, and the granting of adequate protection to the Pre-Petition Secured Lenders with respect to, *inter alia*, such use of their cash collateral and all use and diminution in the value of their interest in the Pre-Petition Collateral (as defined below);

(5)  approval of certain stipulations by the Debtors with respect to the Existing Agreements and the liens and security interests arising therefrom, that are "Extraordinary Provisions" (each an "Extraordinary Provision") under General Order No. M-274 of the United States Bankruptcy Court for the Southern District of New York (the "General Order");

(6)  permission to accelerate Borrowings and the termination of the Commitments under the DIP Credit Agreement upon (a) a Change of Control (as each such term is defined in the DIP Credit Agreement) or (b) the entry of an order or orders granting relief from the automatic stay applicable under section 362 of the Bankruptcy Code to the holder or

3

holders of any security interest to permit foreclosure (or the granting of a

deed in lieu of foreclosure or the like) on any assets of the Borrower or

any of the Guarantors which have a value in excess of $20 million in the

aggregate, which are Extraordinary Provisions under the General Order;

(7) subject and only effective upon the entry of a final order

granting such relief, the limitation of the Debtors' right to surcharge

against collateral pursuant to section 506(c) of the Bankruptcy Code,

which is an Extraordinary Provision under the General Order;

(8) pursuant to Bankruptcy Rule 4001, that an interim hearing (the

"Interim Hearing") on the Motion be held before this Court to consider

entry of the proposed interim order annexed to the Motion (the "Interim

Order") (a) authorizing the Borrower, on an interim basis, to forthwith

borrow or obtain letters of credit from the DIP Lenders under the DIP

Documents up to an aggregate principal or face amount not to exceed

$950,000,000 (subject to any limitations of borrowings under the DIP

Documents), (b) authorizing the Debtors' use of cash collateral, and (c)

granting the adequate protection described therein; and

(9)  that this Court schedule a final hearing (the "Final Hearing") to

be held within 45 days of the entry of the Interim Order to consider entry

of a final order authorizing the balance of the borrowings and letter of

credit issuances under the DIP Documents on a final basis, as set forth in

4

the Motion and the DIP Documents filed with this Court (the "Final Order").

The Interim Hearing having been held by this Court on October 11, 2005, at which the Court issued and entered the Interim Order among other things (a) authorizing the Borrower to borrow or obtain letters of credit up to an aggregate principal or face amount of $950,000,000 of the Financing from the DIP Lenders as provided for in the Interim Order and (b) scheduling the Final Hearing to consider entry of an order authorizing the balance of the Financing, all as set forth in the Motion, the Interim Order, this Final Order and the loan documentation filed with this Court; and

the Final Hearing having been held by this Court on October 27, 2005 at 10:00 a.m.; and

due and appropriate notice of the Motion, the relief requested therein, the Interim Hearing and the Final Hearing having been served by the Debtors on the fifty largest unsecured creditors of the Debtors, on the Agent, the DIP Lenders, the Prepetition Agent, the Prepetition Secured Lenders, the indenture trustee for the Debtors' senior noteholders, known holders of prepetition liens against the Debtors' property and the United States Trustee for the Southern District of New York; and

objections to the Motion having been filed by Bank of America Leasing & Capital (Docket Nos. 70 and 565), LLC, the Ad Hoc Committee of Prepetition Secured Lenders (Docket Nos. 101 and 553), Venture Plastics, Inc. (Docket No. 436), Gibbs Die Casting Corporation (Docket No. 455), DaimlerChrysler Corporation (Docket No. 450),

5

Mercedes-Benz U.S. International, Inc. (Docket No. 436), Autocam Corporation (Docket

No. 459), Lorentson Manufacturing Company Southwest, Inc. (Docket No. 461),

Lorentson Manufacturing Company, Inc. (Docket No. 458), Calsonic Kansei North

America, Inc. (442), Decatur Plastic Products, Inc. (Docket No. 451), Pension Benefit

Guaranty Corporation (Docket No. 437), Ford Motor Company (Docket Nos. 495 and

623), Freescale Semiconductor, Inc. (Docket No. 501), Nissan North America, Inc.

(Docket No. 503), Fujikura America, Inc. (Docket Nos. 506 and 648), Murata Electronics

North America, Inc. (Docket Nos. 507 and 649), Flextronics International Asia Pacific

Ltd. and Flextronics Technology (M) Sdn. Bhd. (Docket No. 511) Multek Flexible

Circuits, Inc., Sheldahl de Mexico S.A. de C.V. and Northfield Acquisition Co. (Docket

No. 512) , Omega Tool Corp., L&W Engineering Co., Southtec, LLC, DOTT Industries,

Inc., ALPS Automotive, Inc., Pioneer Automotive Technologies, Inc., Lakeside Plastics

Limited, Android Industries, Inc., Ai-Doraville, LLC, and Ai-Genesee, LLC (Docket No.

551), Honda of America Manufacturing, Inc. (Docket No. 577), OSRAM Opto

Semiconductors Inc. (Docket No. 589), Worthington Steel Company and Worthington

Steel of Michigan, Inc. (Docket No. 590), Hitachi Automotive Products (Docket No.

591), National Molding Corp. and Security Plastics Division/NMC, LLC (Docket No.

600), Arneses Electronics Automotrices, S.A. de C.V. and Cordaflex, S.A. de C.V.

(Docket No. 619), Neuman Aluminum Automotive, Inc., Neuman Aluminum Impact

Extrusion, Inc. (Docket No. 631), Magna International, Inc. and certain of its foreign and

domestic affiliates (Docket No. 632), A. Schulman, Inc. (Docket No. 634), the Creditors'

6

Committee (as hereinafter defined) (Docket No. 641), Textron Fastening Systems, Inc.

(Docket No. 643), ARC Automotive, Inc. (Docket No. 646), XM Satellite Radio Inc.

(Docket No. 651), General Motors Corporation (Docket No. 658), Benteler Automotive

Corp. (Docket No. 695), Pentastar Aviation, LLC (Docket Nos. 683 and 684) Lear

Corporation (Docket Nos. 676 and 678), American Axle & Manufacturing, Inc. (Docket

Nos. 679 and 682), Robert Bosch Corporation  (Docket No. 428) and Semiconductor

Components Industries, LLC (Docket No. 701)[1] (and any other objections filed or raised

at the Final Hearing, collectively, the "Objections"); and

upon the record made by the Debtors at the Interim Hearing and the Final

Hearing, including the representations and clarifications on the record by counsel to the

Debtors and for the Agent and the Pre-Petition Agent; and all Objections having been

resolved on the record, and after due deliberation and consideration and sufficient cause

appearing therefor;

IT IS FOUND, DETERMINED, ORDERED AND ADJUDGED, that:

1.      *Jurisdiction*.  This Court has core jurisdiction over the Cases, this Motion,

and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.

Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      *Notice*.  Under the circumstances, the notice given by the Debtors of the

Motion, the Interim Hearing, and the Final Hearing constitutes due and sufficient notice

thereof and complies with Bankruptcy Rules 4001(b) and (c).

---

[1]     Inclusive of objections filed prior to 11:00 p.m. on October 26, 2005.

7

3.      *Debtors' Stipulations*.  Without prejudice to the rights of any other party (but subject to the limitations thereon and the reservation of the Debtors' rights contained in paragraph 16 below), the Debtors, for themselves and not for their estates, admit, stipulate, and agree that:

(a)      (i) as of the filing of the Debtors' chapter 11 petitions (the "Petition Date"), (x) the Borrower was indebted and liable to the Pre-Petition Secured Lenders, without defense, counterclaim or offset of any kind, in the aggregate principal amount of approximately $2,488,329,620.59 in respect of loans made and in the aggregate face amount of approximately $91,453,431.26 in respect of letters of credit issued, in each case, by the Pre-Petition Secured Lenders pursuant to, and in accordance with the terms of, the Existing Agreements, plus, in each case, interest thereon and fees, expenses (including any attorneys', accountants', appraisers' and financial advisors' fees that are chargeable or reimbursable under the Existing Agreements), charges and other obligations incurred in connection therewith including, without limitation, amounts owing under "Specified Swap Agreements" (as defined in the Pre-Petition Credit Agreement), as provided in the Existing Agreements (collectively, the "Pre-Petition Debt"), and (y) each Debtor other than the Borrower was contingently liable to the Pre-Petition Secured Lenders in respect of the Pre-Petition Debt owing by the Borrower pursuant to the Guarantee and Collateral Agreement, (ii) the Pre-Petition Debt constitutes the legal, valid and binding obligation of the Debtors, enforceable in accordance with its terms (other than in respect of the stay of enforcement arising from section 362 of the

8

Bankruptcy Code), (iii) no portion of the Pre-Petition Debt is subject to avoidance,

recharacterization, recovery or subordination pursuant to the Bankruptcy Code or

applicable nonbankruptcy law and (iv) the Debtors do not have, and hereby forever

release, any claims, counterclaims, causes of action, defenses or setoff rights, whether

arising under the Bankruptcy Code or otherwise, against the Pre-Petition Secured

Lenders, the Pre-Petition Agent and their respective affiliates, subsidiaries, agents,

officers, directors, employees and attorneys;

        (b)      the liens and security interests granted to the Pre-Petition Agent

pursuant to and in connection with the Existing Agreements (including, without

limitation, all security agreements, pledge agreements, mortgages, deeds of trust, control

agreements and other security documents executed by any of the Debtors in favor of the

Pre-Petition Agent, for its benefit and for the benefit of the Pre-Petition Secured Lenders)

in connection with the Existing Agreements, are (i) valid, binding, perfected, enforceable,

first-priority liens and security interests in the personal and real property constituting

"Collateral" (as defined in the Existing Agreements) immediately prior to the Petition

Date (the "Pre-Petition Collateral"), (ii) not subject to avoidance, recharacterization or

subordination pursuant to the Bankruptcy Code or applicable nonbankruptcy law and (iii)

subject and subordinate only to (A) the DIP Liens (as defined below), (B) the Carve Out

(as defined below) to which the DIP Liens are subject and (C) valid, perfected and

unavoidable liens permitted under the Existing Agreements to the extent such permitted

9

liens are senior to or pari passu with the liens of the Pre-Petition Agent on the Pre-

Petition Collateral; and

        (c)      the aggregate value of the Pre-Petition Collateral substantially

exceeds the aggregate amount of the Pre-Petition Debt.

        4.      *Findings Regarding The Financing.*

        (a)      Good cause has been shown for the entry of this Final Order.

        (b)      The Debtors require the remainder of the Financing and use of

Cash Collateral (as defined below) in order to permit, among other things, the orderly

continuation of the operation of their businesses, to maintain business relationships with

vendors, suppliers and customers, to make payroll, to make capital expenditures and to

satisfy other working capital and operational needs.  The access of the Debtors to

sufficient working capital and liquidity through the use of Cash Collateral, incurrence of

new indebtedness for borrowed money and other financial accommodations is vital to the

preservation and maintenance of the going concern values of the Debtors and to a

successful reorganization of the Debtors.

        (c)      The Debtors are unable to obtain financing on more favorable

terms from sources other than the DIP Lenders under the DIP Documents and are unable

to obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy

Code as an administrative expense.  The Debtors are also unable to obtain adequate

secured credit allowable under sections 364(c)(1), 364(c)(2) and 364(c)(3) of the

Bankruptcy Code without the Debtors granting to the Agent and the DIP Lenders, subject

10

to the Carve Out as provided for herein, the DIP Liens and the Superpriority Claims (as

defined below) under the terms and conditions set forth in the Interim Order, this Order

and in the DIP Documents.

(d)      The terms of the Financing and the use of Cash Collateral are fair

and reasonable, reflect the Debtors' exercise of prudent business judgment consistent with

their fiduciary duties and constitute reasonably equivalent value and fair consideration.

(e)      The Financing has been negotiated in good faith and at arm's

length between the Debtors, the Agent and the DIP Lenders, and all of the Debtors'

obligations and indebtedness arising under, in respect of or in connection with the

Financing and the DIP Documents, including without limitation, (i) all loans made to, and

all letters of credit issued for the account of, the Debtors pursuant to the Revolving

Credit, Term Loan and Guaranty Agreement substantially in the form attached as Exhibit

A to the Motion, as amended by the Amendment No. 1 thereto dated as of October 27,

2005, a copy of which was filed with the Court prior to commencement of the Final

Hearing (as so amended, the "DIP Credit Agreement"), and (ii) any "Obligations" and all

other "Secured Obligations" (as each such term is defined in the DIP Credit Agreement),

including any hedging obligations of the Debtors permitted under the DIP Credit

Agreement and any Indebtedness (as defined in the DIP Credit Agreement) permitted by

Section 6.03(viii) thereof, in each case owing to JPMCB, any DIP Lender or any of their

respective banking affiliates (all of the foregoing in clauses (i) and (ii) collectively,  the

"DIP Obligations"), shall be deemed to have been extended by the Agent and the DIP

11

Lenders and their affiliates in good faith, as that term is used in section 364(e) of the

Bankruptcy Code and in express reliance upon the protections offered by section 364(e)

of the Bankruptcy Code, and shall be entitled to the full protection of section 364(e) of

the Bankruptcy Code in the event that this Order or any provision hereof is vacated,

reversed or modified, on appeal or otherwise.

(f)      The Debtors have requested entry of this Order pursuant to

Bankruptcy Rules 4001(b)(2) and 4001(c)(2).  Absent granting the relief sought by this

Order, the Debtors' estates will be immediately and irreparably harmed.  Consummation

of the Financing and the use of Cash Collateral in accordance with this Order and the DIP

Documents is therefore in the best interest of the Debtors' estates.

5.      *Authorization Of The Financing And The DIP Documents.*

(a)      The Debtors are hereby authorized to be a party to the DIP

Documents.  The Borrower is hereby authorized to borrow money and obtain letters of

credit pursuant to the DIP Credit Agreement, and the Guarantors are hereby authorized to

guaranty such borrowings and the Borrower's obligations with respect to such letters of

credit, up to an aggregate principal or face amount, inclusive of amounts authorized by

the Interim Order, of $2,000,000,000 (plus interest, fees and other expenses provided for

in the DIP Documents), subject to any limitations of borrowings under the DIP

Documents, and in accordance with the terms of this Order and the DIP Documents,

which shall be used solely for purposes permitted under the DIP Documents, including,

without limitation, to provide working capital for the Borrower and the Guarantors and

12

for other general corporate purposes and to pay interest, fees and expenses in accordance with this Order and the DIP Documents.  In addition to such loans and obligations, the Debtors are authorized to incur overdrafts and related liabilities arising from treasury, depository and cash management services or in connection with any automated clearing house fund transfers provided to or for the benefit of the Debtors by JPMCB, CUSA, any other DIP Lender or any of their respective affiliates; *provided, however*, that nothing herein shall require JPMCB or CUSA or any other party to incur overdrafts or to provide any such services or functions to the Debtors.

(b)    In furtherance of the foregoing and without further approval of this Court, each Debtor is authorized and directed to perform all acts, to make, execute and deliver all instruments and documents (including, without limitation, the execution or recordation of security agreements, mortgages and financing statements), and to pay all fees, that may be reasonably required or necessary for the Debtors' performance of their obligations under the Financing, including, without limitation:

(i)    the execution, delivery and performance of the Loan Documents (as defined in the DIP Credit Agreement) and any exhibits attached thereto, including, without limitation, the DIP Credit Agreement, the Security and Pledge Agreement (as defined in the DIP Credit Agreement) and the mortgages, if any, contemplated thereby (collectively, and together with the letter agreements referred to in clause (iii) below, the "DIP Documents"),

13

(ii)      the execution, delivery and performance of one or more

amendments to the DIP Credit Agreement for, among other things, the purpose of adding

additional financial institutions as DIP Lenders and reallocating the commitments for the

Financing among the DIP Lenders, in each case in such form as the Debtors, the Agent

and the DIP Lenders may agree (it being understood that (A) no further approval of the

Court shall be required for amendments to the DIP Credit Agreement that do not

(i) shorten the maturity of the extensions of credit thereunder, (ii) increase the

commitments, the rate of interest or the letter of credit fees payable thereunder,

(iii) amend the financial covenants in Section 6.04 therein to be more restrictive on the

Debtors or (iv) amend the notice provisions of Section 7.01 therein (i.e., notice of

exercise of remedies after the occurrence of an Event of Default), and (B) the Debtors

shall provide the Creditors' Committee with five (5) business days' prior notice (or such

shorter period as the Creditors' Committee and the Debtors may agree) of any amendment

to the DIP Credit Agreement that causes the Borrowing Base to be decreased).

Notwithstanding any other provision hereof, without further approval of this Court,

amendments to the DIP Documents may be made at any time (x) prior to the Successful

Syndication (as defined in the Second Amended and Restated Fee Letter dated

October 27, 2005 among the Borrower, JPMCB and the Joint Lead Arrangers (the "Fee

Letter")), to the extent contemplated by the Fee Letter (permitting certain modifications

to the DIP Credit Agreement necessary or advisable to ensure a successful syndication),

14

and (y) as contemplated by the DIP Credit Agreement with respect to the Borrowing Base Amendment.

In addition, Section 2.13 of the DIP Credit Agreement shall be amended to provide for the application of net cash proceeds from asset sales to be subject to mandatory prepayments and permanent reductions of commitments under the Facility or to be held in a cash collateral account maintained with the DIP Agent for the benefit of holders of the liens and claims granted hereunder in the manner set forth below. Notwithstanding anything to the contrary in this Order or the DIP Credit Agreement, the amendments to Section 2.13 of the DIP Credit Agreement set forth in this paragraph 5(b)(iii), (x) are intended, in part, for the benefit of the Pre-Petition Agent and the Pre-Petition Secured Lenders, (y) may be enforced by the Pre-Petition Agent and the Pre-Petition Secured Lenders as though they were parties to the DIP Credit Agreement solely for such purposes and (z) shall survive and remain in full force and effect regardless of the permanent repayment in full of the DIP Obligations or the termination of the DIP Credit Agreement or any provision hereof.  This paragraph 5(b)(iii) shall not be amended, supplemented, waived or otherwise modified without the prior written consent of the Pre-Petition Agent.  Specifically, Section 2.13 will be amended to (i) reorder subsection "(b)" to be subsection "(c)" and (ii) adding a new subsection (b) to read as follows:

> "If on any date the Borrower or any Guarantor shall receive Net Cash Proceeds from (i) any Asset Sale or (ii) any Recovery Event (except to the extent that Net Cash Proceeds received in connection with such Recovery Event are applied within 180 days of receipt thereof to the replacement or repair of the assets giving rise thereto), and in each case, the aggregate amount of all Net Cash Proceeds from Asset Sales and Recovery Events

15

received by the Borrower and the Guarantors from Asset Sales and Recovery Events occurring on and after the Closing Date exceeds $125,000,000 then (without duplication of any reduction to the Borrowing Base as a result of such Asset Sale or Recovery Event), an amount equal to 66-2/3% of such Net Cash Proceeds received on such date shall be promptly, and in any event, within 10 days after such date either (i) first, applied to the prepayment of the Tranche B Loans (with a corresponding permanent reduction of the Total Tranche B Commitments) and second, applied to the prepayment of the Tranche A Loans (with a corresponding permanent reduction of the Total Tranche A Commitments) or (ii) deposited into a cash collateral account maintained with the DIP Agent for the benefit of the holders of Liens and claims granted under the Final DIP Order in the order of priority set forth therein; *provided* that the Borrower shall be permitted to request approval of the Bankruptcy Court to use such proceeds in accordance with Section 363 of the Bankruptcy Code so long as such uses are permitted under the DIP Credit Agreement and subject to the rights of parties in interest to contest such request."

The following related definitions will also be added to the DIP Credit Agreement:

"Asset Sale":  any Disposition of property or series of related Dispositions of property by the Borrower or any Guarantor (excluding any such Disposition permitted by clauses (i), (ii), (iii), (v), (vii) and (viii) of Section 6.10).

"Disposition":  with respect to any property, any sale, lease, sale and leaseback, assignment (other than for security or collection in the ordinary course of business), conveyance, transfer or other disposition thereof.  The terms "Dispose" and "Disposed of" shall have correlative meanings.

"Net Cash Proceeds":  in connection with any Asset Sale or any Recovery Event, the proceeds thereof in the form of cash and Permitted Investments, net of attorneys' fees, accountants' fees, investment banking fees, commissions, premiums, amounts required to be applied to the repayment of Indebtedness secured by a Lien permitted hereunder on any asset that is the subject of such Asset Sale or Recovery Event (other than any Lien pursuant to the Security and Pledge Agreement) and other customary fees and expenses actually incurred in connection therewith and net of taxes paid or reasonably estimated to be payable as a result thereof (after taking into account any available tax credits or deductions and any tax sharing arrangements) and a reasonable reserve for purchase price adjustments and indemnification payments that could reasonably be expected to arise during the term of the Tranche A Loans and the Tranche B Loans;

16

*provided* that in the case of any Asset Sale or Recovery Event in respect of which the Net Cash Proceeds do not exceed $2,500,000, such Net Cash Proceeds shall not be deemed to constitute "Net Cash Proceeds" for purposes of Section 2.13 until the aggregate amount of all such excluded Net Cash Proceeds is at least $10,000,000.

"Recovery Event":  any settlement of or payment in respect of any property or casualty insurance claim or any condemnation proceeding relating to any asset of the Borrower or any Guarantor, in each case in an amount in excess of $5,000,000.

(iii)    the non refundable payment to the Agent, the Joint Lead Arrangers or the DIP Lenders, as the case may be, of the fees referred to in the DIP Credit Agreement (and in the separate letter agreements between them in connection with the Financing) and reasonable costs and expenses as may be due from time to time, including, without limitation, reasonable fees and expenses of the professionals retained as provided for in the DIP Documents, and

(iv)    the performance of all other acts required under or in connection with the DIP Documents.

(c)    The DIP Documents constitute valid and binding obligations of the Debtors, enforceable against each Debtor party thereto in accordance with the terms of the DIP Documents.  No obligation, payment, transfer or grant of security under the DIP Documents or this Order shall be stayed, restrained, voidable, or recoverable under the Bankruptcy Code or under any applicable law (including without limitation, under section 502(d) of the Bankruptcy Code), or subject to any defense, reduction, setoff, recoupment or counterclaim.

17

6.      *Superpriority Claims.*

(a)      Pursuant to section 364(c)(1) of the Bankruptcy Code, all of the

DIP Obligations shall constitute allowed claims against the Debtors with priority over

any and all administrative expenses, diminution claims (including all Adequate

Protection Obligations, Replacement Liens and Junior Adequate Protection Liens (each

as defined below)) and all other claims against the Debtors, now existing or hereafter

arising, of any kind whatsoever, including, without limitation, all administrative expenses

of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code, and over any

and all administrative expenses or other claims arising under sections 105, 326, 328, 330,

331, 503(b), 506(c), 507(a), 507(b), 726, 1113 or 1114 of the Bankruptcy Code (the

"Superpriority Claims"), whether or not such expenses or claims may become secured by

a judgment lien or other non-consensual lien, levy or attachment (other than to the extent

of any statutory liens or security interests arising after the Petition Date and permitted

under the DIP Credit Agreement that by operation of law would have priority over a

previously perfected security interest), which allowed claims shall be payable from and

have recourse to all pre-petition and post-petition property of the Debtors and all

proceeds thereof, subject only to the payment of the Carve Out to the extent specifically

provided for herein.

(b)      For purposes hereof, the "Carve Out" means (i) all unpaid fees

required to be paid to the Clerk of the Bankruptcy Court and to the Office of the United

States Trustee under section 1930(a) of title 28 of the United States Code, (ii) all fees and

18

expenses incurred by a trustee under Section 726(b) of the Bankruptcy Code, (iii) after

the occurrence and during the continuance of an Event of Default (as defined in the DIP

Credit Agreement), all allowed and unpaid professional fees and disbursements incurred

by the Debtors and any statutory committees appointed in the Cases (each, a

"Committee"), that remain unpaid subsequent to the payment, pro rata with other

nonpriority administrative creditors, of such fees and expenses from available funds

remaining in the Debtors' estates for such creditors, in an aggregate amount not

exceeding $35,000,000, which amount may be used subject to the terms of this Order,

including, without limitation, paragraph 17 hereof, and (iv) all unpaid professional fees

and disbursements incurred or accrued by the Debtors and any Committees at any time

when no Event of Default is continuing (and promptly upon receipt of a notice of an

Event of Default, the Debtors shall provide a copy of such notice to counsel for the

Creditors' Committee), that remain unpaid subsequent to the payment, pro rata with other

nonpriority administrative creditors, of such fees and expenses from available funds

remaining in the Debtors' estates for such creditors, in an aggregate amount not

exceeding the sum of (x) such unpaid professional fees and disbursements reflected on

the most recent Borrowing Base Certificate (as defined in the DIP Credit Agreement)

delivered to the Agent prior to any Event of Default that is then continuing and (y) such

unpaid professional fees and disbursements incurred or accrued after such Borrowing

Base Certificate (but at a time when no Event of Default is continuing) in an aggregate

amount under this clause (y) not exceeding $5,000,000 (and with amounts included in

19

this clause (y), to be supported by back-up documentation in respect of the amounts and

dates of incurrence of such fees and disbursements), in each of the foregoing clauses (i),

(ii), (iii) and (iv), to the extent allowed by the Bankruptcy Court at any time; *provided*,

*however*, that (1) to the extent the dollar limitation in this clause 6(b) on fees and

disbursements is reduced by any amount as a result of the payment of fees and

disbursements during the continuance of an Event of Default, and such Event of Default

is subsequently cured or waived and no other Event of Default then exists, then effective

as of the effectiveness of such cure or waiver, such dollar limitation shall be increased by

an amount equal to the amount by which it has been so reduced, and (2) (A) nothing

herein shall be construed to impair the ability of any party to object to any of the fees,

expenses, reimbursement or compensation described in clauses (iii) and (iv) above and

(B) following the Termination Date (as defined in the DIP Credit Agreement), cash or

other amounts on deposit in the Letter of Credit Account (as defined in the DIP Credit

Agreement), shall not be subject to the Carve Out.

    7.    *DIP Liens*.

    As security for the DIP Obligations, effective and perfected upon the date of entry

of the Interim Order and without the necessity of the execution, recordation of filings by

the Debtors of mortgages, security agreements, control agreements, pledge agreements,

financing statements or other similar documents, the following security interests and liens

are hereby granted to the Agent for its own benefit and the benefit of the DIP Lenders (all

property identified in clauses (a), (b) and (c) below being collectively referred to as the

"Collateral"), subject, only in the event of the occurrence and during the continuance of

an Event of Default, to the payment of the Carve Out (all such liens and security interests

granted to the Agent, for its benefit and for the benefit of the DIP Lenders, pursuant to

this Order and the DIP Documents, the "DIP Liens"):

(a)    First Lien On Cash Balances And Unencumbered Property.

Pursuant to section 364(c)(2) of the Bankruptcy Code, a valid, binding, continuing,

enforceable, fully-perfected first priority senior security interest in and lien upon all pre-

petition and post-petition property of the Debtors, whether existing on the Petition Date

or thereafter acquired, to the extent not subject to valid, perfected, non-avoidable and

enforceable liens in existence as of the Petition Date or valid liens in existence as of the

Petition Date that are perfected subsequent to such date to the extent permitted by section

546(b) of the Bankruptcy Code (collectively, "Unencumbered Property"), including

without limitation, all cash and cash collateral of the Debtors (whether maintained with

the Agent or otherwise) and any investment of such cash and cash collateral, inventory,

accounts receivable, other rights to payment whether arising before or after the Petition

Date, contracts, properties, plants, equipment, general intangibles, documents,

instruments, interests in leaseholds, real properties, patents, copyrights, trademarks, trade

names, other intellectual property, capital stock of subsidiaries, and the proceeds of all

the foregoing, *provided*, *however*, that the Borrower and the Guarantors shall not be

required to pledge to the Agent in excess of 65% of the voting capital stock of its direct

Foreign Subsidiaries or any of the capital stock or interests of its indirect Foreign

21

Subsidiaries (if, in the good faith judgment of the Borrower, adverse tax consequences

would result to the Borrower).  Unencumbered Property shall exclude the Debtors' claims

and causes of action under sections 502(d), 544, 545, 547, 548, 549, 550 and 553(b) of

the Bankruptcy Code, or any other avoidance actions under the Bankruptcy Code

(collectively, "Avoidance Actions"), and any proceeds or property recovered,

unencumbered or otherwise the subject of successful Avoidance Actions.

        (b)        <u>Liens Priming Pre-Petition Secured Lenders' Liens</u>.  Pursuant to

section 364(d)(1) of the Bankruptcy Code, a valid, binding, continuing, enforceable,

fully-perfected first priority senior priming security interest in and lien upon all pre-

petition and post-petition property of the Debtors (including, without limitation, cash

collateral, inventory, accounts receivable, other rights to payment whether arising before

or after the Petition Date, contracts, properties, plants, equipment, general intangibles,

documents, instruments, interests in leaseholds, real properties, patents, copyrights,

trademarks, trade names, other intellectual property, capital stock of subsidiaries, and the

proceeds of all the foregoing), whether now existing or hereafter acquired, that is subject

to the existing liens presently securing the Pre-Petition Debt (including in respect of

issued but undrawn letters of credit).  Such security interests and liens shall be senior in

all respects to the interests in such property of the Pre-Petition Secured Lenders arising

from current and future liens of the Pre-Petition Secured Lenders (including, without

limitation, adequate protection liens granted hereunder), and shall be subject and

subordinate to (i) the Carve Out (except as provided in paragraph 6 hereof), (ii) any valid,

perfected and unavoidable interests of other parties arising out of liens, if any, on such

property existing immediately prior to the Petition Date, (iii) any valid, perfected and

unavoidable interests in such property arising out of liens to which the liens of the Pre-

Petition Secured Lenders become subject subsequent to the Petition Date as permitted by

section 546(b) of the Bankruptcy Code and (iv) statutory liens or security interests arising

after the Petition Date and permitted under the DIP Credit Agreement that by operation of

law would have priority over a previously perfected security interest.

(c)    <u>Liens Junior To Certain Other Liens</u>.  Pursuant to section 364(c)(3)

of the Bankruptcy Code, valid, binding, continuing, enforceable, fully-perfected security

interests in and liens upon all pre-petition and post-petition property of the Debtors (other

than the property described in clauses (a) or (b) of this paragraph 7, as to which the liens

and security interests in favor of the Agent will be as described in such clauses), whether

now existing or hereafter acquired, that is subject to valid, perfected and unavoidable

liens and, as to Pre-Petition Payables and Setoffs (each as defined below) in existence

immediately prior to the Petition Date or to valid and unavoidable liens in existence

immediately prior to the Petition Date that are perfected subsequent to the Petition Date

as permitted by section 546(b) of the Bankruptcy Code, which security interests and liens

in favor of the Agent and the Lenders are junior to such valid, perfected and unavoidable

liens and Setoffs.

(d)    <u>Liens Senior To Certain Other Liens</u>.  The DIP Liens, the

Adequate Protection Liens, the Replacement Liens and the Junior Adequate Protection

23

Liens (each as defined below) shall not be subject or subordinate to (i) solely in the case

of the DIP Liens, any lien or security interest that is avoided and preserved for the benefit

of the Debtors and their estates under section 551 of the Bankruptcy Code or (ii) any liens

arising after the Petition Date including, without limitation, any liens or security interests

granted in favor of any federal, state, municipal or other governmental unit, commission,

board or court for any liability of the Debtors other than with respect to any liens or

security interests arising after the Petition Date and permitted under the DIP Credit

Agreement to be senior to the DIP Liens.

       8.      *Protection Of DIP Lenders' Rights.*

       (a)      So long as there are any borrowings or letters of credit or other

amounts (other than contingent indemnity obligations as to which no claim has been

asserted when all other amounts have been paid and no letters or credit are outstanding)

outstanding, or the DIP Lenders have any Commitment (as defined in the DIP Credit

Agreement) under the DIP Credit Agreement, the Pre-Petition Agent, the Pre-Petition

Secured Lenders, the holders of Replacement Liens, the holders of Junior Adequate

Protection Liens and the holders of Debtor Liens (as defined below) shall (i) take no

action to foreclose upon or recover in connection with the liens granted thereto pursuant

to the Existing Agreements or this Order, or otherwise exercise remedies against any

Collateral, except to the extent authorized by an order of this Court and (ii) be deemed to

have consented to any release of Collateral authorized under the DIP Documents,

*provided* that the Pre-Petition Agent and any Pre-Petition Secured Lender may appear

24

and be heard as a party in interest in connection with any proceeding relating to the sale,

transfer or other disposition of any Collateral and (iii) not file any further financing

statements, trademark filings, copyright filings, mortgages, notices of lien or similar

instruments, or otherwise take any action to perfect their security interests in the

Collateral unless solely as to this clause (iii), the DIP Lenders file financing statements or

other documents to perfect the liens granted pursuant to this Order, or as may be required

by applicable state law to continue the perfection of valid and unavoidable liens or

security interests as of the Petition Date. Notwithstanding the foregoing, the Pre-Petition

Secured Lenders shall be permitted to file pleadings with respect to any proposed sale,

transfer or other disposition of the Collateral by the Debtors outside the ordinary course

of business so long as such pleadings do not contravene the provisions of this paragraph 8

and do not otherwise interfere with the exercise of any right or remedy by the Agent or

the DIP Lenders.  Nothing herein shall be read to permit the Pre-Petition Agent, the Pre-

Petition Secured Lenders, or the holders of Replacement Liens, the holders of Junior

Adequate Protection Liens or the holders of Debtor Liens to take any action in violation

of the Bankruptcy Code or other applicable law.  This paragraph 8(a) defines the relative

rights of the DIP Agent and the DIP Lenders, on the one hand, and the Pre-Petition Agent

and the Pre-Petition Secured Lenders, on the other, and is not intended to confer any

rights on the Debtors except with respect to the Debtor Liens.

      (b)    The automatic stay provisions of section 362 of the Bankruptcy

Code are vacated and modified to the extent necessary to permit the Agent and the DIP

Lenders to exercise, (i) immediately upon the occurrence of an Event of Default, all

rights and remedies under the DIP Documents other than those rights and remedies

against the Collateral as provided in clause (ii) below, and (ii) upon the occurrence and

during the continuance of an Event of Default and the giving of five business days prior

written notice to the extent provided for in the DIP Credit Agreement (promptly upon

receipt of such notice, the Debtors shall provide a copy of such notice to counsel for the

Creditors' Committee), all rights and remedies against the Collateral provided for in the

DIP Documents (including, without limitation, the right to setoff monies of the Debtors

in accounts maintained with the Agent or any DIP Lender).  In any hearing regarding any

exercise of rights or remedies, the only issue that may be raised by any party in

opposition thereto shall be whether, in fact, an Event of Default has occurred and is

continuing, and the Debtors, the Pre-Petition Agent, the Pre-Petition Secured Lenders,

and the holders of Replacement Liens or Junior Adequate Protection Liens hereby waive

in such capacities, but not in capacities as holders of general unsecured claims, their right

to seek relief, including, without limitation, under section 105 of the Bankruptcy Code, to

the extent such relief would in any way impair or restrict the rights and remedies of the

Agent or the DIP Lenders set forth in this Order or the DIP Documents.  In no event shall

the Agent, the DIP Lenders, the Pre-Petition Agent, the Pre-Petition Secured Lenders, or

the holders of Replacement Liens or Junior Adequate Protection Liens be subject to the

equitable doctrine of "marshaling" or any similar doctrine with respect to the Collateral.

26

9.      *Limitation On Charging Expenses Against Collateral*.  Except to the extent of the Carve Out, no expenses of administration of the Cases or any future proceeding that may result therefrom, including liquidation in bankruptcy or other proceedings under the Bankruptcy Code, shall be charged against or recovered from the Collateral pursuant to section 506(c) of the Bankruptcy Code or any similar principle of law, without the prior written consent of the Agent or the Pre-Petition Agent, as the case may be, and no such consent shall be implied from any other action, inaction, or acquiescence by the Agent, the DIP Lenders, the Pre-Petition Agent or the Pre-Petition Secured Lenders.

10.     *The Cash Collateral*.  To the extent any funds of any Debtor party to the Existing Agreements (other than funds in accounts subject to lock-box arrangements under the Debtors' receivables financing) were on deposit with the Pre-Petition Secured Lenders as of the Petition Date, including, without limitation, all such funds deposited in, or credited to, an account of any Debtor party to the Existing Agreements with any Pre-Petition Secured Lender immediately prior to the filing of the Debtors' bankruptcy petitions (the "Petition Time") (regardless of whether, as of the Petition Time, such funds had been collected or made available for withdrawal by any such Debtor), such funds (the "Deposited Funds") are subject to rights of setoff.  By virtue of such setoff rights, the Deposited Funds are subject to a lien in favor of such Pre-Petition Secured Lenders pursuant to sections 506(a) and 553 of the Bankruptcy Code.  The Pre-Petition Secured Lenders are obligated, to the extent provided in the Existing Agreements, to share the

27