benefit of such liens and setoff rights with the other Pre-Petition Secured Lenders party to

such Existing Agreements.  The cash of the Debtors party to the Existing Agreements,

including, without limitation, the Deposited Funds or any other funds on deposit at the

Pre-Petition Secured Lenders as of the Petition Date, and any proceeds generated by the

collection of accounts receivable, sale of inventory or other disposition of the Pre-Petition

Collateral are cash collateral of the Pre-Petition Secured Lenders within the meaning of

section 363(a) of the Bankruptcy Code, and all such "cash collateral" is referred to herein

as "Cash Collateral."  The Pre-Petition Secured Lenders have objected to the use by the

Debtors of the Pre-Petition Collateral, including Cash Collateral, except on the terms of

this Order.

      11.   *Use Of Cash Collateral.*  The Debtors are hereby authorized to use all

Cash Collateral of the Pre-Petition Secured Lenders and of the holders of Replacement

Liens or Junior Adequate Protection Liens, and the Pre-Petition Secured Lenders and the

holders of Replacement Liens or Adequate Protection Liens are directed promptly to turn

over to the Debtors all Cash Collateral received or held by them, *provided* that the Pre-

Petition Secured Lenders and the holders of Replacement Liens or Adequate Protection

Liens are granted adequate protection as hereinafter set forth.  The Debtors' right to use

Cash Collateral shall terminate automatically upon the occurrence of the Termination

Date or the voluntary reduction by the Borrower of the Total Commitments to zero (as

each such term is defined in the DIP Credit Agreement).

28

12.     *Adequate Protection*.  The Pre-Petition Secured Lenders are entitled, pursuant to sections 361, 363(e) and 364(d)(1) of the Bankruptcy Code, to adequate protection of their interest in the Pre-Petition Collateral, including the Cash Collateral, for and equal in amount to the aggregate diminution in the value of their interest in the Pre-Petition Secured Lenders' Pre-Petition Collateral, including, without limitation, any such diminution resulting from the sale, lease or use by the Debtors (or other decline in value) of Cash Collateral and any other Pre-Petition Collateral, the priming of the Pre-Petition Agent's security interests and liens in the Pre-Petition Collateral by the Agent and the DIP Lenders pursuant to the DIP Documents and this Order, and the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code.  As adequate protection, the Pre-Petition Agent and the Pre-Petition Secured Lenders are hereby granted the following (collectively, the "Adequate Protection Obligations"), to the extent of such diminution:

(a)     <u>Adequate Protection Liens</u>.  As security for the payment of the Adequate Protection Obligations, the Pre-Petition Agent (for itself and for the benefit of the Pre-Petition Secured Lenders) is hereby granted (effective and perfected as of the Petition Date and without the necessity of the execution by the Debtors of mortgages, security agreements, pledge agreements, financing statements or other agreements) a replacement security interest in and lien upon all the Collateral, subject and subordinate only to (i) the security interests and liens granted to the Agent for the benefit of the DIP Lenders in this Order and pursuant to the DIP Documents and any liens on the Collateral

29

to which such liens so granted to the Agent are junior, (ii) the Replacement Lien (as hereinafter defined) and (iii) the Carve Out, *provided* that the security interest in and lien granted to the Pre-Petition Agent pursuant to this paragraph 12(a) upon Collateral that is not (x) Pre-Petition Collateral or (y) Collateral that would have constituted Pre-Petition Collateral but for the operation of section 552(a) of the Bankruptcy Code as to which, without further action, the Pre-Petition Agent would have had a valid and perfected security interest or lien shall be *pari passu* with the Junior Adequate Protection Liens granted to any Setoff Claimant in such Collateral pursuant to this Order (the "Adequate Protection Liens");

      (b)    <u>Section 507(b) Claim</u>.  The Pre-Petition Agent and the Pre-Petition Secured Lenders are hereby granted, subject to the payment of the Carve Out and to the payment of all reasonable fees, costs and expenses (including the professional fees and expenses) incurred by or on behalf of the Debtors' estates in the pursuit of Avoidance Actions, a superpriority claim as provided for in section 507(b) of the Bankruptcy Code equal in priority to the priority granted to the Setoff Claimants in paragraph 18(b) below, limited in amount to the aggregate diminution in value of the Pre-Petition Secured Lenders' interest in the Pre-Petition Collateral, including, without limitation, any such diminution resulting from the sale, lease or use by the Debtors (or other decline in value) of Cash Collateral and any other Pre-Petition Collateral, the priming of the Pre-Petition Agent's security interests and liens in the Pre-Petition Collateral by the Agent and the DIP Lenders pursuant to the DIP Documents and this Order, and the imposition of the

30

automatic stay pursuant to section 362 of the Bankruptcy Code, immediately junior to the

claims under section 364(c)(1) of the Bankruptcy Code held by the Agent and the DIP

Lenders; *provided*, *however*, that the Pre-Petition Agent and the Pre-Petition Secured

Lenders shall not receive or retain any payments, property or other amounts in respect of

the superpriority claims under section 507(b) of the Bankruptcy Code granted hereunder

or under the Existing Agreements unless and until the DIP Obligations have indefeasibly

been paid in cash in full;

(c)      <u>Interest, Fees, And Expenses</u>.  The Pre-Petition Agent shall receive

from the Debtors (i) immediate cash payment of all accrued and unpaid interest on the

Pre-Petition Debt and letter of credit fees at the non-default contract rates provided for in

the Existing Agreements, and all other accrued and unpaid fees and disbursements

payable to or for the benefit of the Pre-Petition Agent under the Existing Agreements and

incurred prior to the Petition Date, including, but not limited to, reasonable fees owed and

amounts to be paid or reimbursed for counsel, financial and other consultants for the Pre-

Petition Agent pursuant to Section 10.6 of the Pre-Petition Credit Agreement, (ii) current

cash payments of all fees and expenses payable to the Pre-Petition Agent under the

Existing Agreements, including, but not limited to, the reasonable fees and disbursements

of counsel, financial and other consultants for the Pre-Petition Agent,  (iii) on the first

business day of each month, all accrued but unpaid interest on the Pre-Petition Debt, and

letter of credit and other fees at the non-default contract rate (including at the option of

the Borrower, the Eurodollar Rate plus the Applicable Margin (each as defined in the

Pre-Petition Credit Agreement)) applicable under the Existing Agreements, *provided* that,

(x) without prejudice to the rights of the Debtors or any other party to contest such

assertion, the Pre-Petition Secured Lenders reserve their rights to assert claims for the

payment of additional interest calculated at any other applicable rate of interest

(including, without limitation, default rates), or on any other basis provided for in the

Existing Agreements, and for the payment of any other amounts provided for in the

Existing Agreements, and (y) notwithstanding anything to the contrary in this Order or

the Pre-Petition Credit Agreement, as to each Pre-Petition Secured Lender which

executes and delivers a written consent in the form to be provided by the Pre-Petition

Agent (which consent shall be in form and substance reasonably satisfactory to the

Borrower), waiving and releasing all claims, if any, in respect of default interest and any

claims related to the early prepayment of the loans, including, without limitation, any

prepayment premiums under the Pre-Petition Credit Agreement, interest shall accrue and

be paid by the Borrower to such Pre-Petition Secured Lender and its assignee(s) on the

first business day of each month at ABR (as defined in the Pre-Petition Credit

Agreement) plus the Applicable Margin in respect of the pre-petition loans held by such

Pre-Petition Secured Lender from and after the later of (a) the expiry of existing LIBOR

contracts and (b) the delivery of such release and waiver, (iv) current cash payment of all

reasonable out-of-pocket expenses of the members of any steering committee of Pre-

Petition Secured Lenders, in their capacity as such (but excluding any fees and

disbursements of counsel, financial or other consultants to such steering committee).  The

32

Debtors shall pay the fees and expenses provided for in the preceding clause (ii) or clause (iv) only after reasonably detailed invoices for such fees and expenses shall have been submitted to the Debtors and counsel to the official committee of unsecured creditors (the "Creditors' Committee").  The rights of all parties in interest with respect to the application of such payments in clauses (ii), (iii) and (iv) above shall be preserved in accordance with Paragraph 16 below.  The Debtors shall pay the reasonable and documented fees and expenses of counsel to the Ad Hoc Committee of Pre-Petition Secured Lenders in connection with the Motion through the date of the Final Hearing in an aggregate amount not to exceed the cap previously agreed upon by the Debtors and such counsel.  The Creditors' Committee shall be provided an opportunity to review such fees and expenses prior to the payment thereof.  During the pendency of the Chapter 11 Cases, and except as otherwise set forth in any confirmed reorganization plan, the Pre-Petition Debt of any Pre-Petition Secured Lender shall not be repaid or refinanced in whole unless (x) it is part of a transaction in which the obligations under the DIP Credit Agreement and the Pre-Petition Credit Agreement are repaid or refinanced in whole, or (y) such Pre-Petition Secured Lender consents to such repayment.

(d)    Access To Collateral.  The Pre-Petition Agent (for the benefit of the Pre-Petition Secured Lenders) and their experts and advisors shall be given reasonable access for purposes of monitoring the business of the Debtors and the value of the Collateral; and

33

(e)    <u>Information</u>.  The Debtors shall provide the Pre-Petition Agent and the Creditors' Committee with any written financial information or periodic reporting that is provided to, or required to be provided to, the Agent or the DIP Lenders; *provided, however*, that to the extent such information is provided to the Creditors' Committee, the Debtors shall be entitled to reasonably restrict access to such information solely to professionals retained by such committee.  The Debtors shall also provide the Agent and the Pre-Petition Agent with information related to payments made to and setoffs taken by the Debtors' suppliers in respect of any pre-petition claims to the extent such information is provided to the Creditors' Committee or is otherwise required to be supplied pursuant to the DIP Documents.

(f)    <u>Pre-Petition Letters of Credit</u>.  Subject to the terms and conditions of the DIP Documents, letters of credit issued and outstanding under the Pre-Petition Credit Agreement shall be replaced by letters of credit issued under the DIP Documents at the earlier of the stated expiry of such letters of credit and the next notice date for non-renewal of such letters of credit.  The Pre-Petition Agent, in consultation with and after prior notice to the Debtors, is authorized to provide notice of non-renewal to letter of credit beneficiaries to prevent the automatic renewal of "evergreen" Letters of Credit.

13.    *Reservation of Rights of Pre-Petition Secured Lenders*.  Under the circumstances and given that the above described adequate protection is consistent with the Bankruptcy Code, the Court finds that the adequate protection provided herein is reasonable and sufficient to protect the interests of the Pre-Petition Secured Lenders.

34

Except as expressly provided herein, nothing contained in this Order (including, without limitation, the authorization of the use of any Cash Collateral and the granting of any Replacement Liens or Junior Adequate Protection Liens) shall impair or modify any rights, claims or defenses available in law or equity, including, without limitation, any right to propose, subject to the provisions of Section 1121 of the Bankruptcy Code, a Chapter 11 plan or plans of reorganization, to the Pre-Petition Agent, any Pre-Petition Secured Lender, the Agent or any DIP Lender including, without limitation, rights of a party to a swap agreement, securities contract, commodity contract, forward contract or repurchase agreement with a Debtor to assert rights of setoff or other rights with respect thereto as permitted by law (or the right of a Debtor to contest such assertion).  The Pre-Petition Agent and the Pre-Petition Secured Lenders shall have the right to request further or different adequate protection under sections 361, 363(e) and 364(d)(2) of the Bankruptcy Code following the occurrence of any event after the Petition Date, that could reasonably be expected to have a material adverse effect on (A) the Debtors' ability to repay or refinance the Pre-Petition Obligations in full in cash under a Chapter 11 plan of reorganization or (B) the Debtors' ability to satisfy the Adequate Protection Obligations. The Debtors or any other party in interest may object to any such request, and with respect to such objections nothing herein shall operate to shift any applicable burdens of proof from those set forth in the Bankruptcy Code.

14.    *Perfection Of DIP Liens And Adequate Protection Liens.*

(a)    Subject to the provisions of paragraph 8(a) above, the Agent and

the Pre-Petition Agent are hereby authorized, but not required, to file or record financing

statements, trademark filings, copyright filings, mortgages, notices of lien or similar

instruments in any jurisdiction or take any other action in order to validate and perfect the

liens and security interests granted to them hereunder.  Whether or not the Agent on

behalf of the DIP Lenders or the Pre-Petition Agent on behalf of the Pre-Petition Secured

Lenders shall, in their sole discretion, choose to file such financing statements, trademark

filings, copyright filings, mortgages, notices of lien or similar instruments or otherwise

confirm perfection of the liens and security interests granted to them hereunder, such

liens and security interests shall be deemed valid, perfected, allowed, enforceable, non-

avoidable and not subject to challenge dispute or subordination, at the time and as of the

date of entry of this Order.  Upon the request of the Agent, each of the Pre-Petition Agent

and Pre-Petition Secured Lenders, without any further consent of any party, is authorized

to take, execute and deliver such instruments (in each case without representation or

warranty of any kind) to enable the Agent to further validate, perfect, preserve and

enforce DIP Liens.

(b)    A certified copy of this Order may, in the discretion of the Agent,

be filed with or recorded in filing or recording offices in addition to or in lieu of such

financing statements, mortgages, notices of lien or similar instruments, and all filing

36

offices are hereby authorized to accept such certified copy of this Order for filing and
recording.

(c)      Any provision of any lease or other license, contract or other
agreement that requires (i) the consent or approval of one or more landlords or other
parties or (ii) the payment of any fees or obligations to any governmental entity, in order
for any Debtor to pledge, grant, sell, assign, or otherwise transfer any such leasehold
interest, or the proceeds thereof, or other post-petition collateral related thereto, is hereby
deemed to be inconsistent with the applicable provisions of the Bankruptcy Code.  Any
such provision shall have no force and effect with respect to the transactions granting
post-petition liens, in such leasehold interest or the proceeds of any assignment and/or
sale thereof by any Debtor, in favor of the DIP Lenders in accordance with the terms of
the DIP Credit Agreement or this Order.

15.      *Preservation Of Rights Granted Under The Order.*

(a)      No claim or lien having a priority superior to or *pari passu* with
those granted by this Order to the Agent and the DIP Lenders or to the Pre-Petition
Agent, the Pre-Petition Secured Lenders and the Setoff Claimants, respectively, shall be
granted or allowed while any portion of the Financing (or any refinancing thereof) or the
Commitments thereunder or the DIP Obligations or the Adequate Protection Obligations
remain outstanding, and the DIP Liens, the Adequate Protection Liens, the Replacement
Liens and the Junior Adequate Protection Liens shall not be (i) solely in the case of the
DIP Liens, subject or junior to any lien or security interest that is avoided and preserved

37

for the benefit of the Debtors' estates under section 551 of the Bankruptcy Code or (ii)

subordinated to or made pari passu with any other lien or security interest, whether under

section 364(d) of the Bankruptcy Code or otherwise (other than as specifically provided

for in this Order).  Nothing in this paragraph 15(a) shall limit (x) the rights of the Debtors

to refinance the Financing in compliance with the DIP Credit Agreement or (y) the rights

of any party in interest with respect to any such refinancing.

        (b)     Unless all DIP Obligations shall have been paid in full (and, with

respect to outstanding letters of credit issued pursuant to the DIP Credit Agreement, cash

collateralized in accordance with the provisions of the DIP Credit Agreement), the

Debtors shall not seek, and it shall constitute an Event of Default and a termination of the

right to use Cash Collateral if any of the Debtors seek, or if there is entered, (i) any

modifications or extensions of this Order without the prior written consent of the Agent,

and no such consent shall be implied by any other action, inaction or acquiescence by the

Agent, or (ii) an order dismissing any of the Cases.  If an order dismissing any of the

Cases under section 1112 of the Bankruptcy Code or otherwise is at any time entered,

such order shall provide (in accordance with sections 105 and 349 of the Bankruptcy

Code) that (x) the Superpriority Claims, priming liens, security interests and replacement

security interests granted to the Agent and, as applicable, the Pre-Petition Agent, the

Setoff Claimants or the holders of the Debtor Liens pursuant to this Order shall continue

in full force and effect and shall maintain their priorities as provided in this Order until all

DIP Obligations and Adequate Protection Obligations shall have been paid and satisfied

in full (and that such Superpriority Claims, priming liens and replacement security interests, shall, notwithstanding such dismissal, remain binding on all parties in interest) and (y) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing the claims, liens and security interests referred to in (x) above.

(c)    If any or all of the provisions of this Order are hereafter reversed, modified, vacated or stayed, such reversal, stay, modification or vacation shall not affect (i) the validity of any DIP Obligations or Adequate Protection Obligations incurred prior to the actual receipt of written notice by the Agent or Pre-Petition Agent, as applicable, of the effective date of such reversal, stay, modification or vacation or (ii) the validity or enforceability of any lien or priority authorized or created hereby or pursuant to the DIP Credit Agreement with respect to any DIP Obligations or Adequate Protection Obligations.  Notwithstanding any such reversal, stay, modification or vacation, any use of Cash Collateral, or DIP Obligations or Adequate Protection Obligations incurred by the Debtors to the Agent, the DIP Lenders, the Pre-Petition Agent or the Pre-Petition Secured Lenders prior to the actual receipt of written notice by the Agent and Pre-Petition Agent of the effective date of such reversal, stay, modification or vacation shall be governed in all respects by the original provisions of this Order, and the Agent, DIP Lenders, Pre-Petition Agent and Pre-Petition Secured Lenders shall be entitled to all the rights, remedies, privileges and benefits granted in section 364(e) of the Bankruptcy Code, this Order and pursuant to the DIP Documents with respect to all uses of Cash Collateral, DIP Obligations and Adequate Protection Obligations.

39

(d)    Except as expressly provided in this Order or in the DIP

Documents, the DIP Liens, the Superpriority Claims and all other rights and remedies of

the Agent and the DIP Lenders granted by the provisions of this Order and the DIP

Documents shall survive, and shall not be modified, impaired or discharged by (i) the

entry of an order converting any of the Cases to a case under chapter 7, dismissing any of

the Cases, terminating the joint administration of these Cases or by any other act or

omission, or (ii) the entry of an order confirming a plan of reorganization in any of the

Cases and, pursuant to section 1141(d)(4) of the Bankruptcy Code, the Debtors have

waived any discharge as to any remaining DIP Obligations.  The terms and provisions of

this Order and the DIP Documents shall continue in these Cases, in any successor cases if

these Cases cease to be jointly administered, or in any superseding chapter 7 cases under

the Bankruptcy Code, and the DIP Liens, the Superpriority Claims and all other rights

and remedies of the Agent and the DIP Lenders granted by the provisions of this Order

and the DIP Documents shall continue in full force and effect until the DIP Obligations

are indefeasibly paid in full.

16.    *Effect Of Stipulations On Third Parties*.  Subject to the reservation of

rights set forth in this paragraph 16, the stipulations and admissions contained in

paragraphs 3 and 10 of this Order shall be binding upon the Debtors in all circumstances.

The stipulations and admissions contained in paragraphs 3 and 10 of this Order shall be

binding upon all other parties in interest, including, without limitation, the Creditors'

Committee, unless (a) a party-in-interest has timely filed an adversary proceeding or

40

contested matter, or commenced litigation for authorization to commence such adversary

proceeding or contested matter ("Authorization Motion"), (subject to the limitations

contained herein, including, *inter alia*, in paragraph 17) by no later than January 16, 2006

in the case of clause (i) below and April 17, 2006 in the case of clauses (ii) and (iii)

below (or, in each case, such later date (x) as has been agreed to, in writing, by the Pre-

Petition Agent in its sole discretion or (y) as has been ordered by the Court) (i)

challenging the validity, enforceability, priority or extent of the Pre-Petition Debt or the

Pre-Petition Agent's or the Pre-Petition Secured Lenders' liens on the Pre-Petition

Collateral, (ii) seeking a determination that the Pre-Petition Debt was under-secured as of

the Petition Date, or (iii) otherwise asserting or prosecuting any Avoidance Actions or

any other any claims, counterclaims or causes of action , objections, contests or defenses

(collectively, "Claims and Defenses") against the Pre-Petition Agent or any of the Pre-

Petition Secured Lenders or their respective affiliates, subsidiaries, directors, officers,

representatives, attorneys or advisors in connection with matters related to the Existing

Agreements, the Pre-Petition Debt, or the Pre-Petition Collateral, and (b) there is a final

order in favor of the plaintiff sustaining any such challenge or claim in any such timely

filed adversary proceeding or contested matter, *provided* that as to the Debtors, all such

Claims and Defenses are hereby irrevocably waived and relinquished as of the Petition

Date other than any such Claims and Defenses as they relate to the appropriateness of any

interest rate, fees or expenses charged or claimed by the Pre-Petition Secured Lenders

(except with respect to the payments of interest at ABR plus the Applicable Margin to

41

any Pre-Petition Secured Lender who has executed and delivered the release and waiver, and the other fees and expenses, all as provided in paragraph 12(c) of this Order), including, without limitation, the allowance of any claim for default interest under Section 2.14 of the Pre-Petition Credit Agreement or the allowance of any claim for any prepayment premium under Sections 2.10 or 2.11 of the Pre-Petition Credit Agreement. Subject in each case to the reservation of the Debtors' rights set forth above to contest the allowance of any claim for default interest on the Pre-Petition Debt or any prepayment premium, if no such adversary proceeding or contested matter is timely filed (it being understood that such adversary proceeding or contested matter is commenced promptly following a disposition in favor of a movant of an Authorization Motion), (x) the Pre-Petition Debt and all related obligations of the Debtors (the "Pre-Petition Obligations") shall constitute allowed claims, not subject to counterclaim, setoff, subordination, recharacterization, defense or avoidance, for all purposes in the Cases and any subsequent chapter 7 cases, (y) the Pre-Petition Agent's and the Pre-Petition Secured Lenders' liens on the Pre-Petition Collateral shall be deemed to have been, as of the Petition Date, legal, valid, binding and perfected, not subject to defense, counterclaim, recharacterization, subordination or avoidance and (z) the Pre-Petition Obligations, the Pre-Petition Agent's and the Pre-Petition Secured Lenders' liens on the Pre-Petition Collateral and the Pre-Petition Agent and the Pre-Petition Secured Lenders shall not be subject to any other or further challenge by any party-in-interest, and any such party-in-interest shall be enjoined from, seeking to exercise the rights of the Debtors' estates, including, without limitation,

42

any successor thereto (including, without limitation, any estate representative or a chapter 7 or 11 trustee appointed or elected for any of the Debtors).  If any such adversary proceeding or contested matter is timely filed (it being understood that such adversary proceeding or contested matter is commenced promptly following a disposition in favor of a movant of an Authorization Motion), the stipulations and admissions contained in paragraphs 3 and 10 of this Order shall nonetheless remain binding and preclusive (as provided in the second sentence of this paragraph) on any official committee (including the Creditors' Committee) and on any other person or entity, except to the extent that such findings and admissions were expressly challenged in such adversary proceeding or contested matter (it being understood that such adversary proceeding or contested matter is commenced promptly following a disposition in favor of a movant of an Authorization Motion).  Nothing in this Order vests or confers on any Person (as defined in the Bankruptcy Code), standing or authority to pursue any cause of action belonging to the Debtors or their estates, including, without limitation, Claims and Defenses with respect to the Existing Agreements or the Pre-Petition Debt other than the Creditors' Committee, which is hereby vested with standing and authority to pursue any cause of action arising from or related to the Debtors' stipulations and admissions in paragraphs 3 and 10 of this Order.

17.    *Limitation On Use Of Financing Proceeds And Collateral.*
Notwithstanding anything herein or in any other order by this Court to the contrary, no borrowings, letters of credit, Cash Collateral, Pre-Petition Collateral, Collateral or the

Carve Out may be used to (a) object, contest or raise any defense to, the validity, perfection, priority, extent or enforceability of any amount due under the DIP Documents or the Existing Agreements, or the liens or claims granted under this Order, the DIP Documents or the Existing Agreements, (b) assert any Claims and Defenses or any other causes of action against the Agent, the DIP Lenders, the Pre-Petition Agent or the Pre-Petition Secured Lenders or their respective agents, affiliates, representatives, attorneys or advisors, (c) prevent, hinder or otherwise delay the Agent's or the Pre-Petition Agent's assertion, enforcement or realization on the Cash Collateral or the Collateral in accordance with the DIP Documents, the Existing Agreements or this Order, (d) seek to modify any of the rights granted to the Agent, the DIP Lenders, the Pre-Petition Agent or the Pre-Petition Secured Lenders hereunder or under the DIP Documents or the Existing Agreements, in each of the foregoing cases without such parties' prior written consent or (e) pay any amount on account of any claims arising prior to the Petition Date unless such payments are (i) approved by an Order of this Court and (ii) in accordance with the DIP Credit Agreement or otherwise approved by the Agent in its sole discretion; *provided* that, notwithstanding anything to the contrary herein, the Creditors' Committee shall be limited to $250,000 to perform the investigations contemplated hereby and no other official committee shall be authorized to perform such investigations; *provided, further*, that such $250,000 limit shall not include the fees and expenses of an investment banker in connection with the investigations contemplated by clause (a)(ii) of paragraph 16 of this Order.

44

18.    *Setoff, Replacement Liens and Junior Adequate Protection Liens*.  To the extent that a customer or supplier of the Debtors that has an allowable setoff claim under section 506 or 553 of the Bankruptcy Code in respect of its payables owed to any Debtor as of the Petition Date ("Pre-Petition Payables") or a valid right of recoupment that arose prior to the Petition Date (such setoff claim or right of recoupment, "Setoff"), such customer or supplier (a "Setoff Claimant") is hereby provided with certain rights and adequate protection as described below.  For the avoidance of doubt, nothing herein shall be construed to be an admission or acknowledgement, or an increase or decrease in the monetary amount of the pre-petition setoff or recoupment rights of any person, under the Bankruptcy Code, applicable non-bankruptcy law or otherwise.

(a)    <u>Exercise of Set Off</u>.  (1)  Any exercise of a Setoff Right (as defined below) in accordance with this Order shall not be stayed by section 362 of the Bankruptcy Code.  Any exercise of any right of Setoff other than in accordance with this Order is subject to section 362 of the Bankruptcy Code.  Nothing in this Order shall prevent any holder of a right of Setoff from seeking relief from the automatic stay with respect to such Setoff, or prevent the Debtors or any party in interest from objecting or being heard with respect to any such request.  A Setoff Claimant shall, in accordance with this paragraph, be entitled to exercise its Setoff that arose in the ordinary course of business for any claims or recoupment defenses arising from or related to the claims for prepetition warranty and/or product recall claims, customer adjustments, customer rebates and allowances, overpricing claims, claims for short shipments and damaged

45

goods, customer/supplier netting and other similar claims arising in the ordinary course

of business of the relevant parties other than any such claims or recoupment defenses

arising as a result of the filing of the cases (a "Setoff Right").  A Setoff Right shall not

include any claims or recoupment defenses arising from or related to employee or

employee benefit matters, retiree benefit or pension matters, including, without limitation,

any related indemnities or guarantees, the rejection of executory contracts, or

consequential or punitive damages.  The determination as to whether a Setoff Claimant

may exercise a "Setoff Right" will be made solely by (i) the agreement of the Setoff

Claimant, the Creditors' Committee and the Debtors, (ii) pursuant to the procedures

hereinafter set forth or (iii) order of the Court.

   (2) Any Setoff Claimant seeking to exercise a Setoff Right against

payables during any month (whether against Pre-Petition Payables or post-petition

payables) shall submit to the Debtors and the Creditors' Committee (with a copy to the

Agent) a written request to exercise such Setoff Right, the basis for such Setoff Right and

reasonably detailed documentation supporting such Setoff Right.  If the Setoff Claimant,

the Creditors' Committee and the Debtors fail to agree in writing that any amount is

included in a Setoff Right within 10 business days after submission of such information

to the Debtors and the Creditors' Committee (the "Agreement Deadline"), the Debtors

and such Setoff Claimant shall (unless all such parties agree to extend such 10 business

day period) seek resolution of such matter through a mediator agreed to by the Debtors

and such Setoff Claimant or appointed by this Court.  Such mediation shall end not later

than 30 days after the Agreement Deadline unless such period is extended by agreement

of the Debtors and such Setoff Claimant.  If the Debtors and such Setoff Claimant cannot

resolve the matter through such mediation, then such matter may be submitted to binding

arbitration to a single arbitrator agreed to by all such parties or appointed by this Court,

and such parties shall request that such arbitrator issue its ruling within 90 days after the

Agreement Deadline.  Notwithstanding any award in any such arbitration, in no event

shall the Setoff Claimant be permitted to exercise its Setoff Right against any payables

other than Pre-Petition Payables except as set forth in this paragraph 18.

(3)      In the event any Setoff Claimants (the "Non-Exercising Setoff

Claimants") have not exercised their asserted Setoff Rights in respect of their respective

Pre-Petition Payables and have instead paid their Pre-Petition Payables to the Debtors, in

addition to any other adequate protection provided to such Non-Exercising Setoff

Claimants herein, the Non-Exercising Setoff Claimants may exercise Setoff Rights

established in accordance with this paragraph against post-petition payables owed by

such Non-Exercising Setoff Claimants to the Debtor or Debtors against which such Non-

Exercising Setoff Claimants have their Setoff Rights; *provided* that (a) in the case of the

exercise of any Setoff Rights by General Motors Corporation or any of its affiliates

("GM"), the aggregate amount of Setoff Rights that may be exercised pursuant to this

subparagraph (3) against Pre-Petition Payables or post-petition payables owed by GM to

the Debtors during any month shall not exceed $35 million (the "Aggregate Monthly Cap

Amount") and (b) to the extent Setoff Rights are recognized in accordance with this

47

Order in excess of the Setoff Rights that are permitted to be exercised pursuant to such limitations, Setoff Claimants may carry forward their Setoff Right to succeeding months, subject to the applicable monthly limitations, if any, until such Setoff Rights have been fully exercised.

(4)    (a) Except as set forth above, and subject to the adequate protection provided to Setoff Claimants as herein set forth, Setoff Claimants shall not be permitted to exercise any Setoff until the later of (x) the effective date of the Debtors' confirmed plan of reorganization and (y) allowance of the Setoff as a claim in these Cases.  Any exercise of Setoff pursuant to (x) or (y) above is subject to the treatment afforded to such Setoff under a plan of reorganization confirmed by the Bankruptcy Court.  Nothing contained herein shall limit (i) the discretion of the Debtors to pay warranty and/or product recall claims in accordance with orders of the Court, (ii) the right of any party in interest to exercise a post-petition setoff or recoupment against a post-petition payable or (iii) the right of a Setoff Claimant to request further adequate protection (or the Debtors or any party in interest to oppose any such request).

(b)    Adequate Protection.  A Setoff Claimant is entitled, pursuant to sections 361, 362(e) and 364(d)(1) of the Bankruptcy Code, to adequate protection of its Setoff to the extent it does not exercise such Setoff and remits the amount of such Pre-Petition Payables not setoff or recouped.  As adequate protection therefor, each such Setoff Claimant is hereby granted, effective upon payment to the Debtors of the amount

48

subject to such Setoff, the following (collectively, the "Junior Adequate Protection Liens"), such Junior Adequate Protection Liens to be effective and perfected without the necessity of the execution by the Debtors of mortgages, security agreements, pledge agreements, financing statements or other agreements:

(i)        A replacement lien (the "Replacement Lien") on such Setoff Claimant's post-petition payables to the extent that it is determined that such Setoff Claimant had a Setoff in respect of the Pre-Petition Payables that have been remitted to the Debtors, which Replacement Lien is limited to the amount of the Setoff; *provided, however*, that (i) the Debtors reserve their rights to any and all Claims and Defenses that may be asserted with respect to such Setoff and (ii) the Replacement Liens are subject and subordinate to and only to (x) the security interests and liens granted to the Agent for the benefit of the DIP Lenders in this Order and pursuant to the DIP Documents and any liens to which such liens so granted to the Agent are junior and (y) the Carve-Out.

(ii)       As further adequate protection to protect the Setoff Claimant against any diminution in the value of its Replacement Lien, the Setoff Claimant is hereby granted a security interest in and lien upon all the other Collateral, subject and subordinate to and only to (A) the security interests and liens granted to the Agent for the benefit of the DIP Lenders in this Order and pursuant to the DIP Documents and any liens to which such liens so granted to the Agent are junior,  (B) the Carve Out and (C) Pre-Petition Secured Lenders' liens on the Pre-Petition Collateral and the Adequate Protection Liens granted to the Pre-Petition Agent and the Pre-Petition Secured Lenders,

49

*provided* that the Setoff Claimant's security interest in and lien upon Collateral which is not (x) Pre-Petition Collateral, (y) Collateral that would have constituted Pre-Petition Collateral but for the operation of section 552(a) of the Bankruptcy Code as to which, without further action, the Pre-Petition Agent would have had a valid and perfected security interest or lien or (z) subject to the Replacement Lien shall be *pari passu* with the Adequate Protection Liens granted to the Pre-Petition Agent and the Pre-Petition Secured Lenders in such Collateral.

       (iii)     As further Adequate Protection, to the extent that the post-petition payables in respect of which the Setoff Claimant is granted a Replacement Lien are less than the Setoff of such Setoff Claimant, such Setoff Claimant is hereby granted an administrative claim under section 507(b) of the Bankruptcy Code in the amount of such deficiency subject to the Carve Out and equal in priority to the administrative claim granted as adequate protection to the Pre-Petition Secured Lenders in Paragraph 12(b) above; *provided, however*, that the Setoff Claimant shall not receive or retain any payments, property or other amounts in respect of the claims under section 507(b) of the Bankruptcy Code granted hereunder unless and until the DIP Obligations have indefeasibly been paid in cash in full.

       19.     *Debtor Reimbursement Claims and Debtor Liens*.  Without limiting the joint and several liability of each of the Debtors for the DIP Obligations, the Debtors shall use their reasonable best efforts to ensure that Debtors that receive the benefit of funds advanced under the Financing repay their share thereof on a dollar for dollar basis.

To the extent a Debtor (i) incurs any of the DIP Obligations (including as a result of

intercompany balances incurred after the Petition Date to the extent such balances arise

from the incurrence of DIP Obligations) or (ii) receives a postpetition intercompany loan

or transfer (including as a result of the Debtors' cash management system or otherwise)

(each a "Beneficiary Debtor"), and such DIP Obligations were repaid or such postpetition

intercompany loan or transfer is made (including from cash collateral) (each an

"Advance") by (A) any other Debtor that is a Borrower or Guarantor under the

Financings or (B) any non-Debtor affiliate (together (A) and (B) an "Adequately

Protected Entity"), the Adequately Protected Entity shall have, subject to the limitations

set forth in paragraph 20 below (a) an allowed claim under sections 364(c)(1) and 507(b)

of the Bankruptcy Code against the Beneficiary Debtor for the amount of such Advance,

having priority over any and all administrative expenses of the kind specified in sections

503(b) and 507(b) of the Bankruptcy Code, which claim shall bear interest at a rate

agreed between the Debtors from time to time for the period accruing from and after the

date such claim arises until repayment thereof (collectively, the "Debtor Reimbursement

Claim") and (b) a lien on all Collateral under section 364(c)(3) of the Bankruptcy Code

securing such Debtor Reimbursement Claim (a "Debtor Lien").  All Debtor Liens are

effective and perfected without the necessity of the execution by the Debtors of

mortgages, security agreements, pledge agreements, financing statements or other

agreements.

20.     All Debtor Reimbursement Claims and Debtor Liens shall be junior, subject and subordinate to and only to the Superpriority Claims, the DIP Liens, the Adequate Protection Obligations, Junior Adequate Protection Liens, the Replacement Liens and to any claims against such Beneficiary Debtor that are expressly senior to, and on a parity with, or carved out from the Superpriority Claims, the DIP Liens, the Adequate Protection Obligations, Junior Adequate Protection Liens or the Replacement Liens.  All Debtor Liens shall be "silent" liens and the Adequately Protected Entity shall forbear from exercising, and shall not be entitled to exercise, any right or remedy relating to any Debtor Reimbursement Claim or Debtor Lien, including, without limitation, taking any of the actions that the Pre-Petition Agent, the Pre-Petition Secured Lenders and holders of Replacement Liens and Junior Adequate Protection Liens are prohibited from taking pursuant to paragraph 8, including, without limitation, as to seeking relief from the automatic stay, or seeking any sale, foreclosure, realization upon repossession or liquidation of any property of another Debtor, or taking any position with respect to any disposition of the property, the business operations, or the reorganization of another Debtor. The Agent shall have the exclusive right to manage, perform and enforce all rights and remedies described in the DIP Documents.  The Debtor Lien of the Adequately Protected Entity automatically, and without further action of any person or entity of any kind, shall be released or otherwise terminated to the extent that property subject to such Debtor Lien is sold or otherwise disposed of by or on behalf of the Agent or any other

Debtor or to the extent that such property is subject to a lien prior to the DIP Liens and such lien is permitted under the DIP Documents.

21.    With respect to the effect of Debtor Liens on any sale of property by the Debtors, (a) the Debtors may sell property, in accordance with section 363 of the Bankruptcy Code, free and clear of any Debtor Lien, with such lien attaching to the proceeds of sale in the same priority and subject to the same limitations and restrictions as existed in respect of the property sold and (b) the provisions of section 363(k) of the Bankruptcy Code shall not apply.

22.    *JPMCB As Collateral Agent*.  To the extent JPMCB, in its role as Collateral Agent under the Existing Agreements, is the secured party under any Control Agreements (as defined in the Existing Agreements), listed as loss payee under the Debtors' insurance policies as required under the Guarantee and Collateral Agreement or is the secured party under any other Existing Agreement, JPMCB, in its role as Collateral Agent under the DIP Credit Agreement, is also deemed to be the secured party under such Control Agreements, loss payee under the Debtors' insurance policies and the secured party under any other Existing Agreement and shall act in that capacity and distribute any proceeds recovered or received first, for the benefit of the DIP Lenders in accordance with the DIP Credit Agreement and second, subsequent to indefeasible payment in full of all DIP Obligations, for the benefit of the Pre-Petition Secured Lenders under the Existing Agreements.

23.     *Order Governs*.  In the event of any inconsistency between the provisions
of this Order and the DIP Documents, the provisions of this Order shall govern.  The
terms of this Order shall govern to the extent of any inconsistency between this Order and
that certain Cash Management Order dated October 14, 2005, including, without
limitation, with respect to the matters set forth in paragraphs 19 to 21 of this Order.

24.     *Binding Effect; Successors And Assigns*.  The DIP Documents and the
provisions of this Order, including all findings herein, shall be binding upon all parties in
interest in these Cases, including, without limitation, the Agent, the DIP Lenders, the Pre-
Petition Agent, the Pre-Petition Secured Lenders, any party granted a Junior Adequate
Protection Lien hereunder, any Committee appointed in these Cases, and the Debtors, for
themselves and not for their estates, and their respective successors and assigns and shall
inure to the benefit of the Agent, the DIP Lenders, the Pre-Petition Agent, the Pre-
Petition Secured Lenders, any party granted a Replacement Lien or Junior Adequate
Protection Lien, and the Debtors and their respective successors and assigns; *provided*,
*however*, that the Agent, the Pre-Petition Agent, the DIP Lenders and the Pre-Petition
Secured Lenders shall have no obligation to permit the use of Cash Collateral or extend
any financing to any chapter 7 trustee or similar responsible person appointed for the
estates of the Debtors.  In determining to make any loan under the DIP Credit Agreement,
permitting the use of Cash Collateral or in exercising any rights or remedies as and when
permitted pursuant to this Order or the DIP Documents, the Agent, the Pre-Petition
Agent, the DIP Lenders and the Pre-Petition Secured Lenders shall not be deemed to be

54

in control of the operations of the Debtors or to be acting as a "responsible person" or

"owner or operator" with respect to the operation or management of the Debtors (as such

terms, or any similar terms, are used in the United States Comprehensive Environmental

Response, Compensation and Liability Act, 29 U.S.C. §§ 9601 et seq. as amended, or any

similar federal or state statute).

25.    *Aircraft Leases.*  Notwithstanding anything to the contrary contained in

this Order, no DIP Liens or any other liens or interests granted, authorized or contemplated

herein shall attach to any interests of Delphi Automotive Systems Human Resources, LLC

("Delphi HR") in two leases of aircraft, both of which are dated March 30, 2001 between

Bank of America, N.A., and Delphi HR (the "Aircraft Leases"), or in any personal property

that is the subject of the Aircraft Leases.

26.    *Objections Overruled.*  Any Objection which has not been withdrawn or

resolved is, to the extent not resolved, hereby overruled.

27.    *Committee Notices.*  All notices to be provided to the Creditors'

Committee shall be sent to Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New

York, NY 10022-4834, Attn: Robert Rosenberg, Esq.


Dated:    October 28, 2005
          New York, New York

                                 /s/ ROBERT D. DRAIN
                                 UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT I**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
:
In re                                                            :        Chapter 11
                                                                 :
DELPHI CORPORATION, et al.,                                      :        Case No. 05-44481 (RDD)
                                                                 :
                                                                 :        (Jointly Administered)
                                              Debtors.           :
----------------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF CHAPTER 11
## BANKRUPTCY CASES AND MEETING OF CREDITORS

On October 8, 2005, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Initial Debtors,"[1] and together with the Additional Debtors, the "Debtors" ) filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors, and their respective addresses, case numbers, and federal tax identification numbers are as follows:

| DEBTOR | ADDRESS | CASE NO. | EID # |
|---|---|---|---|
| Delphi Corporation | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44481 | 38-3430473 |
| ASEC Manufacturing General Partnership | 1301 Main Parkway Catoosa, Oklahoma 74015 | 05-44482 | 73-1474201 |
| ASEC Sales General Partnership | 1301 Main Parkway Catoosa, Oklahoma 74015 | 05-44484 | 73-1474151 |
| Aspire, Inc. | U.S. Route 1 Morrisville, Pennsylvania 19067 | 05-44618 | 36-4392806 |
| Delco Electronics Overseas Corporation | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44610 | 38-2638990 |
| Delphi Automotive Systems (Holding), Inc. | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44596 | 38-3422378 |
| Delphi Automotive Systems Global (Holding), Inc. | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44636 | 38-3547659 |
| Delphi Automotive Systems Human Resources LLC | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44639 | 38-3547664 |
| Delphi Automotive Systems International, Inc. | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44589 | 38-3280289 |
| Delphi Automotive Systems Korea, Inc. | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44580 | 38-2849490 |
| Delphi Automotive Systems LLC | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44640 | 38-3431131 |
| Delphi Automotive Systems Overseas Corporation | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44593 | 38-3318021 |

---

[1]  On October 14, 2005, Delphi Furukawa Wiring Systems LLC, Delphi Receivables LLC, and MobileAria, Inc. (collectively, the "Additional Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").

| DEBTOR | ADDRESS | CASE NO. | EID # |
|---|---|---|---|
| Delphi Automotive Systems Risk Management Corp. | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44570 | 38-3575299 |
| Delphi Automotive Systems Services LLC | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44632 | 38-3568834 |
| Delphi Automotive Systems Tennessee, Inc. | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44558 | 38-3319836 |
| Delphi Automotive Systems Thailand, Inc. | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44586 | 38-3379709 |
| Delphi China LLC | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44577 | 38-3196159 |
| Delphi Connection Systems | 17150 Von Karman Avenue Irvine, California 92614-0901 | 05-44624 | 95-2563022 |
| Delphi Diesel Systems Corp. | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44612 | 38-3505001 |
| Delphi Electronics (Holding), LLC | One Corporate Center Kokomo, Indiana 46904-9005 | 05-44547 | 95-4554161 |
| Delphi Foreign Sales Corporation | Chase Trade, Inc. P.O. Box 309420 55-11 Conacao Gade Charlotte Amalie St. Thomas, US Virgin Islands  00803-9420 | 05-44638 | 66-0564421 |
| Delphi Furukawa Wiring Systems LLC | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-47452 | 20-2478586 |
| Delphi Integrated Service Solutions, Inc. | 1322 Rankin Street Troy, Michigan 48083 | 05-44623 | 38-3473261 |
| Delphi International Holdings Corp. | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44591 | 38-3449527 |
| Delphi International Services, Inc. | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44583 | 38-3439894 |
| Delphi Liquidation Holding Company | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44542 | 95-4359324 |
| Delphi LLC | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44615 | 37-1438255 |
| Delphi Mechatronic Systems, Inc. | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44567 | 38-3589834 |
| Delphi Medical Systems Colorado Corporation | 4300 Road 18 Longmont, Colorado 80504 | 05-44507 | 32-0052827 |
| Delphi Medical Systems Corporation | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44529 | 32-0052827 |
| Delphi Medical Systems Texas Corporation | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44511 | 20-2885110 |
| Delphi NY Holding Corporation | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44480 | 20-3383408 |

| DEBTOR | ADDRESS | CASE NO. | EID # |
|---|---|---|---|
| Delphi Receivables LLC | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-47459 | 61-1446224 |
| Delphi Services Holding Corporation | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44633 | 20-0577653 |
| Delphi Technologies, Inc. | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44554 | 38-3430681 |
| DREAL, Inc. | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44627 | 38-3457411 |
| Environmental Catalysts, LLC | 5725 Delphi Drive Troy, Michigan 48098-2815 | 05-44503 | N/A |
| Exhaust Systems Corporation | 4800 S. Saginaw Street Flint, Michigan 48501 | 05-44573 | 38-3211473 |
| MobileAria, Inc. | 800 West El Camino Real Suite 240 Mountain View, California 94040 | 05-47474 | 31-1695929 |
| Packard Hughes Interconnect Company | 17150 Von Karman Avenue Irvine, California 92614-0901 | 05-44626 | 33-0595219 |
| Specialty Electronics, Inc. | 19200 Asheville Highway PO Box 519 Landrum, SC 29356 | 05-44539 | 57-0755068 |
| Specialty Electronics International Ltd. | 69A Kronprindsens Gade (Third Floor) P.O. Box 1858 St. Thomas, US Virgin Islands  00803-9420 | 05-44536 | 66-0522490 |

DATE, TIME, AND LOCATION OF MEETING OF CREDITORS.  February 3, 2006, at 1:30 p.m., Prevailing Eastern Time, at 80 Broad Street, 2nd Floor, New York, New York 10004.

NAME, ADDRESS, AND TELEPHONE NUMBER OF TRUSTEE.  None appointed to date.

COUNSEL FOR THE DEBTORS.

John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606


        – and –

Kayalyn A. Marafioti
Thomas J. Matz
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036


Delphi Legal Information Hotline: Toll Free: (800) 718-5305; International: (248) 813-2698

<u>COMMENCEMENT OF CASES</u>.  Petitions for relief under chapter 11 of the Bankruptcy Code have been filed in this Court by the Debtors listed above, and orders for relief have been entered.  You will not receive notice of all documents filed in this case.  All documents filed with the Court, including lists of the Debtors property and debts, will be available for inspection at the Office of the Clerk of the Bankruptcy Court.  In addition, such documents may be available at http://www.delphidocket.com or the Court's website, http://www.nysb.uscourts.gov, and can be viewed with a PACER password (to obtain a PACER password, go to the PACER website, http://pacer.psc.uscourts.gov).

<u>PURPOSE OF CHAPTER 11 FILING</u>.  Chapter 11 of the U.S. Bankruptcy Code enables a debtor to reorganize pursuant to a plan.  A plan is not effective unless approved by the court at a confirmation hearing.  Creditors will be given notice concerning any plan, or in the event the case is dismissed or converted to another chapter of the Bankruptcy Code.  The Debtors will remain in possession of their property and will continue to operate any business unless a trustee is appointed.

<u>CREDITORS MAY NOT TAKE CERTAIN ACTIONS</u>.  A creditor is anyone to whom a debtor owes money or property.  Under the Bankruptcy Code, a debtor is granted certain protection against creditors.  Common examples of prohibited actions by creditors are contacting a debtor to demand repayment, taking action against a debtor to collect money owed to creditors or to take property of a debtor, and starting or continuing foreclosure actions or repossessions.  If unauthorized actions are taken by a creditor against a debtor, the Court may penalize that creditor.  A creditor who is considering taking action against a debtor or the property of a debtor should review section 362 of the Bankruptcy Code and may wish to seek legal advice.  <u>The staff of the Clerk of the Bankruptcy Court are not permitted to give legal advice.</u>

<u>MEETING OF CREDITORS</u>.  The Debtors' representative, as specified in Rule 9001(5) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), is required to appear at the meeting of creditors on the date and at the place set forth above for the purpose of being examined under oath.  Attendance by creditors at the meeting is welcomed, but not required.  At the meeting, the creditors may examine the Debtors and transact such other business as may properly come before the meeting.  The meeting may be continued or adjourned from time to time by notice at the meeting, without further written notice to the creditors.

<u>CLAIMS</u>.  Schedules of creditors will be filed pursuant to Bankruptcy Rule 1007.  Any creditor holding a scheduled claim which is not listed as disputed, contingent, or unliquidated as to amount may, but is not required to, file a proof of claim in these cases.  Creditors whose claims are not scheduled or whose claims are listed as disputed, contingent, or unliquidated as to amount and who desire to participate in the cases or share in any distribution must file their proofs of claim.  A creditor who desires to rely on the schedule of creditors has the responsibility for determining that the claim is listed accurately.  **Separate notice of the deadlines to file proofs of claim and proof of claim forms will be provided to the Debtors' known creditors**.  Proof of claim forms are available in the clerk's office of any bankruptcy court.  Proof of claim forms are also available at http://www.delphidocket.com or from the Court's web site at http://www.nysb.uscourts.gov.  Proof of claim forms may be filed at the following address:

|  |  |
|---|---|
| United States Bankruptcy Court | **By hand or overnight courier**: |
| Southern District of New York | United States Bankruptcy Court |
| Delphi Corporation Claim Docketing Center | Southern District of New York |
| P.O. Box 5058 | One Bowling Green |
| Bowling Green Station | Room 534 |
| New York, New York 10274-5058 | New York, New York 10004-1408 |

<u>DISCHARGE OF DEBTS</u>.  Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt.  See section 1141(d) of the Bankruptcy Code.  A discharge means that you may never try to collect the debt from the debtor, except as provided in the plan.

| | | |
|---|---|---|
| For the Court: | Kathleen Farrell-Willoughby | Dated:  October 24, 2005 |
| | Clerk of Court | |
| | United States Bankruptcy Court for the | |
| | Southern District of New York | |

<u>CONTACT INFORMATION</u>.

Delphi Legal Information Hotline: Toll Free: (800) 718-5305; International: (248) 813-2698

Restructuring Information Line: Toll Free: (866) 688-8740; International: (248) 813-2602

Supplier Support Center: Toll Free: (866) 688-8679; International: (248) 813-2601

Kurtzman Carson Consultants LLC (Claims, Noticing, and Balloting Agent):  (888) 249-2691

# **EXHIBIT J**

Hearing Date: October 27, 2005
Hearing Time: 10:00 a.m. (Prevailing Eastern Time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                              :
         In re                                :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                              Debtors.        :    (Jointly Administered)
                                              :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## PROPOSED FIRST OMNIBUS HEARING AGENDA

Location Of Hearing:        United States Bankruptcy Court for the Southern District of New
                            York, Alexander Hamilton Custom House, Room 601, 6th Floor,
                            One Bowling Green, New York, New York 10004-1408

The matters set for hearing are divided into the following categories for the purposes of this Proposed Agenda:

A.    Introduction

B.    Continued or Adjourned Matters (11 Matters)

C.    Uncontested, Agreed, or Settled Matters (6 Matters)

D.    Contested Matters (2 Matters)

**B.    Continued or Adjourned Matters**

1.    **"Interim Compensation"** – Motion For Administrative Order Under 11 U.S.C. § 331 (I) Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals And (II) Setting A Final Hearing Thereon (Docket No. 11)

*Response Filed:*        *None.*

*Reply Filed:*           *None.*

*Related Filing:*        *None.*

*Status:*                *The portion of this matter pertaining to interim compensation is being adjourned to November 4, 2005.  The portion of this matter pertaining to the establishment of a fee committee is being adjourned to November 29, 2005.*

2.    **"Skadden Retention"** – Application For Order Under 11 U.S.C. §§ 327(a) And 329 And Fed. R. Bankr. P. 2014 And 2016 (I) Authorizing Employment And Retention Of Skadden, Arps, Slate, Meagher & Flom LLP And Affiliates As Attorneys For Debtors-in-Possession And (II) Scheduling A Final Hearing Thereon (Docket No. 47)

*Response Filed:*        *None.*

*Reply Filed:*           *None.*

*Related Filing:*        *Interim Order Under 11 U.S.C. §§ 327(a) And 329 And Fed. R. Bankr. P. 2014 And 2016 (I) Authorizing Employment And Retention Of Skadden, Arps, Slate, Meagher & Flom LLP And Affiliates As Attorneys*

2

|  |  |
|---|---|
| | *For Debtors-in-Possession And (II) Scheduling A Final Hearing Thereon (Docket No. 274)* |
| *Status:* | *This matter is being adjourned to November 4, 2005.* |

3.     **"Togut Segal Retention"** – Application For Order Under 11 U.S.C. § 327(a) And Fed. R. Bankr. P. 2014(a) (I) Authorizing Employment And Retention Of Togut, Segal & Segal LLP As Conflicts Counsel For Debtors And (II) Scheduling Final Hearing Thereon (Docket No. 48)

|  |  |
|---|---|
| *Response Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *Interim Order Under 11 U.S.C. § 327(a) And Fed. R. Bankr. P. 2014(a) (I) Authorizing The Employment And Retention Of Togut, Segal & Segal LLP As Conflicts Counsel For The Debtors And (II) Scheduling Final Hearing Thereon (Docket No. 275)* |
| *Status:* | *This matter is being adjourned to November 4, 2005.* |

4.     **"Shearman Retention"** – Application For Order Under 11 U.S.C. § 327(e) And Fed. R. Bankr. P. 2014 (I) Authorizing Employment And Retention Of Shearman & Sterling LLP As Special Counsel To Debtors And (II) Scheduling A Final Hearing Thereon (Docket No. 49)

|  |  |
|---|---|
| *Response Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *Interim Order Under 11 U.S.C. § 327(e) And Fed. R. Bankr. P. 2014 (I) Authorizing Employment And Retention Of Shearman & Sterling LLP As Special Counsel To Debtors And (II) Scheduling A Final Hearing Thereon (Docket No. 273)* |
| *Status:* | *This matter is being adjourned to November 4, 2005.* |

5.     **"Groom Law Group Retention"** – Application For Order Under 11 U.S.C. §§ 327(e) And 1107(a) (I) Authorizing Employment And Retention Of Groom Law Group Chartered As Special Employee Benefits Counsel To Debtors And (II) Scheduling Final Hearing Thereon (Docket No. 50)

|  |  |
|---|---|
| *Response Filed:* | *None.* |
| *Reply Filed:* | *None.* |

| | |
|---|---|
| *Related Filing:* | *Interim Order Under 11 U.S.C. §§ 327(e) And 1107(a) (I) Authorizing Employment And Retention Of Groom Law Group Chartered As Special Employee Benefits Counsel To Debtors And (II) Scheduling Final Hearing Thereon (Docket No. 269)* |
| *Status:* | *This matter is being adjourned to November 4, 2005.* |

6.    **"O'Melveny & Myers Retention"** – Application For Order Under 11 U.S.C. §§ 327(e) And 1107(a) (I) Authorizing Employment And Retention Of O'Melveny & Myers LLP As Special Labor Counsel To Debtors And (II) Scheduling Final Hearing Thereon (Docket No. 51)

| | |
|---|---|
| *Response Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *Interim Order Under 11 U.S.C. §§ 327(e) And 1107(a) (I) Authorizing Employment And Retention Of O'Melveny & Myers LLP As Special Labor Counsel To Debtors And (II) Scheduling Final Hearing Thereon (Docket No. 271)* |
| *Status:* | *This matter is being adjourned to November 4, 2005.* |

7.    **"FTI Retention"** – Application For Order Under 11 U.S.C. § 327(a) And Fed. R. Bankr. P. 2014 And 2016 (I) Authorizing Employment And Retention Of FTI Consulting, Inc. As Restructuring And Financial Advisors To Debtors And (II) Scheduling Final Hearing Thereon (Docket No. 53)

| | |
|---|---|
| *Response Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *Interim Order Under 11 U.S.C. § 327(a) And Fed. R. Bankr. P. 2014 And 2016 (I) Authorizing Employment And Retention Of FTI Consulting, Inc. As Restructuring And Financial Advisors To Debtors And (II) Scheduling Final Hearing Thereon (Docket No. 268)* |
| *Status:* | *This matter is being adjourned to November 4, 2005.* |

8.    **"KCC Retention"** – Application For Order Under 28 U.S.C. § 156(c) Authorizing Retention And Appointment Of Kurtzman Carson Consultants LLC As Claims, Noticing, And Balloting Agent For Clerk Of Bankruptcy Court (Docket No. 54)

| | |
|---|---|
| *Response Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *Interim Order Under 28 U.S.C. § 156(c) Authorizing Retention And Appointment Of Kurtzman Carson Consultants LLC As Claims, Noticing, And Balloting Agent For Clerk Of Bankruptcy Court (Docket No. 270)* |
| *Status:* | *This matter is being adjourned to November 4, 2005.* |

9.  **"Ordinary Course Professionals"** – Motion For Order Under 11 U.S.C. §§ 327, 330, And 331 Authorizing Retention Of Professionals Utilized By Debtors In Ordinary Course Of Business (Docket No. 55)

| | |
|---|---|
| *Response Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *None.* |
| *Status:* | *This matter is being adjourned to November 4, 2005.* |

10. **"Claims Trading"** – Motion For Order Under 11 U.S.C. §§ 105, 362, And 541 And Fed. R. Bankr. P. 3001 Establishing Notification And Hearing Procedures For Trading In Claims And Equity Securities (Docket No. 29)

| | |
|---|---|
| *Responses Filed:* | *Objection to Debtor's Motion for an Order Under 11 U.S.C. Sections 105, 362 and 541 of the Bankruptcy Code and Fed. R. Bankr. P. 3001 Establishing Notification and Hearing Procedures for Trading in Claims and Securities (Docket No. 76); Appaloosa Management L.P.'s (A) Objection to Debtors' Motion for an Order Under 11 U.S.C. Sections 105, 362 and 541 and Fed. R. Bankr. P. 3001 Establishing Notification and Hearing Procedures for Trading in Claims and Equity Securities or, in the Alternative, (B) Motion for Reconsideration Under Fed. R. Bankr. P. 9023 of Interim Trading Order Dated October 12, 2005 (Docket No. 596)* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *Interim Order Under 11 U.S.C. §§ 105, 362, And 541 And Fed. R. Bankr. P. 3001 Establishing Notification And Hearing Procedures For Trading In Claims And Equity Securities (Docket No. 126).* |

| | |
|---|---|
| *Status:* | *This matter is being adjourned to November 29, 2005.* |

11.  **"Rothschild Retention"** – Application For Order Under 11 U.S.C. §§ 327(a) And 328 (I) Authorizing Employment And Retention Of Rothschild Inc. As Financial Advisor And Investment Banker To Debtors And (II) Scheduling Final Hearing Thereon (Docket No. 52)

| | |
|---|---|
| *Response Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *Interim Order Under 11 U.S.C. §§ 327(a) And 328 (I) Authorizing Employment And Retention Of Rothschild Inc. As Financial Advisor And Investment Banker To Debtors And (II) Scheduling Final Hearing Thereon (Docket No. 272)* |
| *Status:* | *This matter has been scheduled for the hearing on November 29, 2005.* |

## C.    Uncontested, Agreed, or Settled Matters

12.  **"Insurance Financing"** – Motion For Order Under 11 U.S.C. §§ 361 And 363(b) And Fed. R. Bankr. P. 4001(c) Authorizing Debtors To Continue Honoring Prepetition Insurance Premium Finance Agreement And Continue Grant Of Security Interest To Insurance Premium Finance Company (Docket No. 44)

| | |
|---|---|
| *Response Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *None.* |
| *Status:* | *An order will be submitted for consideration by the Court.* |

13.  **"HSBC Purchase Card"** – Motion For Order Under 11 U.S.C. §§ 105, 363, 364, And 365(a) Authorizing Debtors To Assume Or Otherwise Take Actions Necessary To Cure And Continue Use Of Purchase Card Agreement And Travel Card Agreement With HSBC Bank USA, National Association Used For Low-Cost, Business-Related Goods, Services, And Travel (Docket No. 324)

| | |
|---|---|
| *Response Filed:* | *None.* |

| | |
|---|---|
| *Reply Filed:* | *None.* |
| *Related Filing:* | *None.* |
| *Status:* | *An order will be submitted for consideration by the Court.* |

14.    **"Pacific Rim"** – Motion For Order Under 11 U.S.C. § 365(a) Authorizing Rejection Of Pacific Rim Lease (Docket No. 325)

| | |
|---|---|
| *Response Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *None.* |
| *Status:* | *An order will be submitted for consideration by the Court.* |

15.    **"De Minimis Assets"** – Motion For An Order Under 11 U.S.C. § 363 Approving Procedures To Sell Certain De Minimis Assets Free And Clear Of Liens, Claims, And Encumbrances And To Pay Market Rate Broker Commissions In Connection With Such Sales Without Further Court Approval (Docket No. 327)

| | |
|---|---|
| *Response Filed:* | *None.* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *None.* |
| *Status:* | *An order will be submitted for consideration by the Court.* |

16.    **"Utilities"** – Motion For Interim And Final Orders Under 11 U.S.C. §§ 105, 366, 503, And 507 (I) Prohibiting Utilities From Altering, Refusing, Or Discontinuing Services On Account Of Prepetition Invoices And (II) Establishing Procedures For Determining Requests For Additional Assurance (Docket No. 41)

| | |
|---|---|
| *Responses Filed:* | *Objection of SBC Communications Inc. to the Debtors' Motion for Final Order Under 11 U.S.C. §§ 105, 366, 503 and 507 (I) Prohibiting Utilities from Altering, Refusing or Discontinuing Services on Account of Prepetition Invoices and (II) Establishing Procedures for Determining Requests for Additional Adequate Assurance (Docket No. 559); Objection of Certain Utility Companies to Motion for Interim and* |

7

*Final Orders Under 11 U.S.C. §§ 105, 366, 503 and 507 (I) Prohibiting Utilities from Altering, Refusing or Discontinuing Services on Account of Prepetition Invoices and (II) Establishing Procedures for Determining Requests for Additional Adequate Assurance (Docket No. 563); Response of Constellation Newenergy, Inc. to Motion for Final Order Under 11 U.S.C. §§ 105, 366, 503 and 507 (I) Prohibiting Utilities from Altering, Refusing or Discontinuing Services on Account of Prepetition Invoices and (II) Establishing Procedures for Determining Requests for Additional Adequate Assurance (Docket No. 568); Objection of AT&T Corp. to Debtors' Motion for an Order Pursuant to Section 366(b) of the Bankruptcy Code Deeming Utilities Adequately Assured of Future Performance (Docket No. 572); Objection of Entergy to Motion of Debtors for Interim and Final Orders Under 11 U.S.C. §§ 105, 366, 503 and 507 (I) Prohibiting Utilities from Altering, Refusing or Discontinuing Services on Account of Prepetition Invoices and (II) Establishing Procedures for Determining Requests for Additional Adequate Assurance (Docket No. 575)*

Reply Filed:    *None.*

Related Filing:    *Interim Order Under 11 U.S.C. §§ 105, 366, 503, And 507 (I) Prohibiting Utilities From Altering, Refusing, Or Discontinuing Services On Account Of Prepetition Invoices (Docket No. 234)*

Status:    *This matter is being adjourned to November 29, 2005 with respect to AT&T Corp., Entergy Mississippi, Inc., SBC Communications Inc., American Electric Power, Dominion East Ohio, New York State Electrical And Gas Corporation, Niagara Mohawk Power Corporation, Public Services Electric And Gas Company, And Rochester Gas & Electric Corporation.  The matter with respect to Constellation Newenergy, Inc. is resolved.  With respect to all other parties, a revised order will be submitted for consideration by the Court.*

17.    **"Duraswitch"** – Motion For Order Under 11 U.S.C. § 365(a) Authorizing Rejection Of License Agreement With Duraswitch Industries, Inc. (Docket No. 329)

| | |
|---|---|
| *Response Filed:* | *Objection Of Duraswitch Industries, Inc. To Debtors' Motion For An Order Under 11 U.S.C. 365(a) Authorizing Rejection Of License Agreement With Duraswitch Industries, Inc. (Docket No. 629)* |
| *Reply Filed:* | *None.* |
| *Related Filing:* | *None.* |
| *Status:* | *A revised order will be submitted for consideration by the Court.* |

## D.   Contested Matters

18.   **"Cash Management"** – Motion For Order Under 11 U.S.C. §§ 363 And 553 Authorizing (I) Continued Maintenance Of Existing Bank Accounts, (II) Continued Use Of Existing Cash Management System, (III) Continued Use Of Existing Business Forms, (IV) Preservation And Exercise Of Intercompany Setoff Rights, And (V) Grant Of Administrative Status For Postpetition Intercompany Transactions (Docket No. 24)

| | |
|---|---|
| *Response Filed:* | *Limited Omnibus Objections of Pension Benefit Guaranty Corporation to (A) Interim Cash Management Order and (B) Debtor in Possession Financing Motion (Docket No. 437); Statement Of The Official Committee Of Unsecured Creditors In Response To Debtors' Motion For Order Under 11 U.S.C Section 363 And 553 Authorizing (I) Continued Maintenance Of Existing Bank Accounts, (II) Continued Use Of Existing Cash Management System, (III) Continued Use Of Existing Business Forms, (IV) Preservation And Exercise Of Intercompany Setoff Rights, And (V) Grant Of Administrative Status For Postpetition Intercompany Transactions (Docket No. 639)* |
| *Reply Filed:* | *None.* |
| *Related Pleading:* | *Bridge Order Under 11 U.S.C. §§ 363 And 553 Authorizing (I) Continued Maintenance Of Existing Bank Accounts, (II) Continued Use Of Existing Cash Management System, (III) Continued Use Of Existing Business Forms, (IV) Preservation And Exercise Of Intercompany Setoff Rights, And (V) Grant Of Administrative Status For Postpetition Intercompany Transactions (Docket No. 36); Interim Order Under 11 U.S.C. §§ 363 And 553 Authorizing (I) Continued Maintenance Of Existing Bank* |

*Accounts, (II) Continued Use Of Existing Cash Management System, (III) Continued Use Of Existing Business Forms, (IV) Preservation And Exercise Of Intercompany Setoff Rights, And (V) Grant Of Administrative Status For Postpetition Intercompany Transactions (Docket No. 240)*

Status:              *A revised order will be submitted for consideration by the Court.*

19.    **"DIP Financing"** – Motion For Order Under 11 U.S.C. §§ 105, 361, 362, 363, 364(c), 364(d) And 364(e) And Fed. R. Bankr. P. 2002, 4001, And 9014 (I) Authorizing Debtors To Obtain Secured Postpetition Financing On Superpriority Secured And Priming Basis, (II) Authorizing Use Of Cash Collateral, (III) Granting Adequate Protection To Prepetition Secured Lenders, (IV) Granting Interim Relief, And (V) Scheduling A Final Hearing Under Fed. R. Bankr. P. 4001 (b) And (c) (Docket No. 42)

*Responses Filed:[1]*

a.  PBGC:              *Limited Omnibus Objections of Pension Benefit Guaranty Corporation to (A) Interim Cash Management Order and (B) Debtor in Possession Financing Motion (Docket No. 437);*

b.  Prepetition Lenders:      *Objection of Ad Hoc Committee of Prepetition Lenders to Debtors' Motion for Postpetition Financing (Docket No. 553); Response and Reservation of Rights of the Prepetition Agent to the Proposed Adequate Protection for the Prepetition Lenders in the Debtor in Possession Financing Motion (Docket No. 612)*

c.  Aircraft Lessors:      *Objection of Bank of America N.A. to Debtors' Motion for Postpetition Financing and for Adequate Protection (Docket No. 565);*

d.  Setoff Claimants:      *Limited Objection by Robert Bosch Corporation and Affiliates to Financing*

---

1 Responses listed in bold were filed after the October 20, 2005 4:00 p.m. (prevailing eastern time) objection deadline established under the *Interim Order Under 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) And 364(e) And Fed. R. Bankr. P. 2002, 4001, And 9014 (I) Authorizing Debtors To Obtain Postpetition Financing, (II) To Utilize Cash Collateral, (III) Granting Adequate Protection To Prepetition Secured Parties And (IV) Scheduling A Final Hearing Under Fed. R. Bankr. P. 4001 (b) And (c)* granted by this Court on October 12, 2005 (Docket No. 164).

*Motion and Interim DIP Financing Order, and Request by Bosch for Adequate Protection for Pre-Petition Setoff Rights (Docket No. 428); Limited Objection of Mercedes-Benz International, Inc. to Debtors' Motion for an Order Authorizing Debtors to Obtain Post-Petition Financing and for Related Relief (Docket No. 435); Limited Objection of Venture Plastics, Inc. to Financing Motion and Interim DIP Financing Order, and Request by Venture Plastics, Inc. for Adequate Protection for Pre-Petition Setoff Rights (Docket No. 436); Limited Objection by Calsonic Kansei North America, Inc. to Financing Motion and Interim DIP Financing Order (Docket No. 442); Limited Objection of DaimlerChrysler Corporation to Interim DIP Financing Order (Docket No. 450); Limited Objection by Decatur Plastic Products, Inc. to Financing Motion and Interim DIP Financing Order, and Request by Decatur for Adequate Protection for Pre-Petition Setoff Rights (Docket No. 451); Limited Objection of Gibbs Die Casting Corporation to Motion For Order Under 11 U.S.C. §§ 105, 361, 362, 363, 364(c), 364(d) And 364(e) And Fed. R. Bankr. P. 2002, 4001, And 9014 (I) Authorizing Debtors To Obtain Secured Postpetition Financing On Superpriority Secured And Priming Basis, (II) Authorizing Use Of Cash Collateral, (III) Granting Adequate Protection To Prepetition Secured Lenders, (IV) Granting Interim Relief, And (V) Scheduling A Final Hearing Under Fed. R. Bankr. P. 4001 (b) And (c), and Request for Adequate Protection of Pre-Petition Setoff and Statutory Lien Rights (Docket No. 455); Limited Objection by Lorentson Manufacturing Company, Inc. to Financing Motion and Interim DIP Financing Order, and Request by Lorentson for Adequate Protection for Pre-Petition Setoff Rights (Docket No. 458); Limited Objection of Autocam Corporation to Motion For Order Under 11 U.S.C. §§ 105, 361, 362, 363,*

*364(c), 364(d) And 364(e) And Fed. R. Bankr.
P. 2002, 4001, And 9014 (I) Authorizing
Debtors To Obtain Secured Postpetition
Financing On Superpriority Secured And
Priming Basis, (II) Authorizing Use Of Cash
Collateral, (III) Granting Adequate
Protection To Prepetition Secured Lenders,
(IV) Granting Interim Relief, And (V)
Scheduling A Final Hearing Under Fed. R.
Bankr. P. 4001 (b) And (c) (Docket No. 459);
Limited Objection by Lorentson
Manufacturing Company Southwest, Inc. to
Financing Motion and Interim DIP
Financing Order, and Request by Lorentson
for Adequate Protection for Pre-Petition
Setoff Rights (Docket No. 461);* ***Limited
Objection of Ford Motor Company to
Interim Order Under 11 U.S.C. §§ 105, 361,
362, 364(c)(1), 364(c)(2), 364(c)(3),
364(d)(1) And 364(e) And Fed. R. Bankr. P.
2002, 4001, And 9014 (I) Authorizing
Debtors To Obtain Postpetition Financing,
(II) To Utilize Cash Collateral, (III)
Granting Adequate Protection To
Prepetition Secured Parties And (IV)
Scheduling A Final Hearing Under Fed. R.
Bankr. P. 4001 (b) And (c) (Docket No. 495);
Joinder in Limited Objections to Financing
Motion and Interim DIP Financing Order,
and Request by Freescale Semiconductor,
Inc. for Adequate Protection for
Pre-Petition Setoff Rights (Docket No. 501);
Joinder by Nissan North America, Inc. to
Certain Responses in Opposition to the
Motion of the Debtors Seeking Postpetition
Financing (Docket No. 503); Joinder of
Fujikura America, Inc. in Limited
Objection to financing Motion and Interim
DIP Financing Order, and Request by
Fujikura America, Inc. for Adequate
Protection for Pre-Petition Setoff Rights
(Docket No. 506); Joinder of Murata
Electronics North America Inc. in Limited
Objections to Financing Motion and
Interim DIP Financing Order, and Request
by Murata Electronics North America, Inc.***

12

*for Adequate Protection for Pre-Petition Setoff Rights (Docket No. 507); Joinder of Flextronics International Asia-Pacific Ltd. and Flextronics Technology (M) SDN. BHD. In Limited Objections to DIP Financing Motion and Interim DIP Financing Order, and Request for Adequate Protection for Pre-Petition Setoff Rights as well as Preservation of Reclamation Rights (Docket No. 511); Joinder of Multek Flexible Circuits, Inc., Sheldahl de Mexico S.A. de C.V., and Northfield Acquisition Co. in Limited Objections to DIP Financing Motion and Interim DIP Financing Order, and Request for Adequate Protection for Pre-Petition Setoff Rights as well as Preservation of Reclamation Rights (Docket No. 512); Limited Objection of Omega Tool Corp., L&W Engineering Co., Southtec, LLC, DOTT Industries, Inc., ALPS Automotive, Inc., Pioneer Automotive Technologies, Inc., Lakeside Plastics Limited, Android Industries, Inc., Ai-Doraville, LLC, and Ai-Genesee, LLC to Entry of a Final Order Authorizing Postpetition Financing and the Use of Cash Collateral, and Granting Adequate Protection (Docket No. 551); Limited Objection of Honda Entities to Financing Motion and Interim and/or Final DIP Financing Order (Docket No. 577); Joinder of Osram Opto Semiconductors Inc. in Limited Objections to DIP Financing Motion and Interim DIP Financing Order, and Request for Adequate Protection for Pre-Petition Setoff Rights as well as Preservation of Reclamation Rights (Docket No. 589); Limited Objection of the Worthington Steel Company and Worthington Steel of Michigan, Inc. to Financing Motion and Interim and/or Final DIP Financing Order (Docket No. 590); Joinder of Hitachi Automotive Products (USA), Inc. in Limited Objections to DIP Financing Motion and Interim DIP Financing Order, and Request*

*for Adequate Protection for Pre-Petition Setoff Rights as well as Preservation of Reclamation Rights (Docket No. 591); Joinder of National Molding Corp. and Security Plastics Division/NMC, LLC in Limited Objections to DIP Financing Motion and Interim DIP Financing Order, and Request for Adequate Protection for Pre-Petition Setoff Rights as well as Preservation of Reclamation Rights (Docket No. 600); Joinder of Arneses Electronics Automotrices, S.A. DE C.V. and Cordaflex, S.A. de C.V. in Limited Objections to DIP Financing Motion and Interim DIP Financing Order, and Request for Adequate Protection for Pre-Petition Setoff Rights as well as Preservation of Reclamation Rights (Docket No. 619); Request of Ford Motor Company for Different Adequate Protection Pursuant to Paragraph 18 of the Interim Order Under 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) And 364(e) And Fed. R. Bankr. P. 2002, 4001, And 9014 (I) Authorizing Debtors To Obtain Postpetition Financing, (II) To Utilize Cash Collateral, (III) Granting Adequate Protection To Prepetition Secured Parties And (IV) Scheduling A Final Hearing Under Fed. R. Bankr. P. 4001 (b) And (c) (Docket No. 623); Objection to Motion for DIP Financing and Interim DIP Financing Order and Request for Adequate Protection for Pre-Petition Setoff Rights as well as Preservation of Reclamation Rights filed by Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. (Docket No. 631); Joinder of Magna International, Inc. and Certain of its Affiliates in Limited Objection of Omega Tool Corp., L&W Engineering Co., Southtec, LLC, Dott Industries, Inc., Alps Automotive, Inc., Pioneer Automotive Technologies, Inc., Lakeside Plastics Limited, Android Industries, Inc., Ai-Doraville, LLC, and Ai-Genesee, LLC to*

14

*Entry of a Final Order Authorizing Postpetition Financing and the Use of Cash Collateral, and Granting Adequate Protection (Docket No. 632); Limited Objection of A. Schulman, Inc. to Financing Motion and Interim and/or Final DIP Financing Order (Docket No. 634); Joinder of Textron Fastening Systems, Inc. in Limited Objections to DIP Financing Motion and Interim DIP Financing Order, and Request for Adequate Protection for Pre-Petition Setoff Rights as Well as Preservation of Reclamation Rights (Docket No. 643); Joinder of ARC Automotive, Inc. in Limited Objections to DIP Financing Motion and Interim DIP Financing Order and Request for Adequate Protection for Pre-Petition Setoff Rights (Docket No. 646); Amended Joinder of Fujikura America, Inc. in Limited Objections to Financing Motion and Interim DIP Financing Order, and Request by Fujikura America, Inc. for Adequate Protection for Pre-Petition Setoff Rights and Preservation of Reclamation Rights (Docket No. 648); Amended Joinder of Murata Electronics North America, Inc. in Limited Objections to Financing Motion and Interim DIP Financing Order, and Request by Fujikura America, Inc. for Adequate Protection for Pre-Petition Setoff Rights and Preservation of Reclamation Rights (Docket No. 649); Joinder of XM Satellite Radio Inc. in Limited Objections to DIP Financing Motion and Interim DIP Financing Order, and Request for Adequate Protection for Pre-Petition Setoff Rights (Docket No. 651);* General Motors Corporation's Conditional Objection to Debtors' Request for Final Order Granting Adequate Protection to Prepetition Lenders by Priming Setoff Rights (Docket No. 658)

e. *Official Committee Of Unsecured Creditors:*

Statement Of The Official Committee Of Unsecured Creditors In Response To

*Debtors' Motion For Order Under 11 U.S.C. Section 105, 361, 362, 363, 364(c), 364(d), And 364(e) And Fed. R. Bankr. P. 2002, 4001, And 9014 (I) Authorizing Debtors To Obtain Secured Postpetition Financing On Superpriority Secured And Priming Basis, (II) Authorizing Use Of Cash Collateral, (III) Granting Adequate Protection To Prepetition Secured Lenders, (IV) Granting Interim Relief, And (V) Scheduling A Final Hearing Under Fed. R. Bankr. P. 4001(b) And (c) (Docket No. 641)*

*Reply Filed:*            *Debtors' Omnibus Reply To Objections To DIP Financing Motion (Undocketed)*

*Related Pleading:*       *Bridge Order Under 11 U.S.C. §§ 105, 361, 362, 363, 364(c), 364(d) And 364(e) And Fed. R. Bankr. P. 2002, 4001, And 9014 (I) Authorizing Debtors To Obtain Secured Postpetition Financing On Superpriority Secured And Priming Basis, (II) Authorizing Use Of Cash Collateral, (III) Granting Adequate Protection To Prepetition Secured Lenders, (IV) Granting Interim Relief, And (V) Scheduling A Final Hearing Under Fed. R. Bankr. P. 4001 (b) And (c) (Docket No. 46); Objection of Bank of America Leasing & Capital, LLC to Debtors' Motion for Postpetition Financing and for Adequate Protection (Docket No. 70); Limited Objection of Ad Hoc Committee of Prepetition Secured Lenders to Debtors' Motion for Postpetition Financing (Docket No. 101); Interim Order Under 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) And 364(e) And Fed. R. Bankr. P. 2002, 4001, And 9014 (I) Authorizing Debtors To Obtain Postpetition Financing, (II) To Utilize Cash Collateral, (III) Granting Adequate Protection To Prepetition Secured Parties And (IV) Scheduling A Final Hearing Under Fed. R. Bankr. P. 4001 (b) And (c) (Docket No. 164)*

16

Status:                 *The hearing with respect to this matter will go*
                        *forward.*


Dated:  New York, New York
        October 26, 2005

                        SKADDEN, ARPS, SLATE, MEAGHER
                            & FLOM LLP

                        By: /s John Wm. Butler, Jr.
                            John Wm. Butler, Jr. (JB 4711)
                            John K. Lyons (JL 4951)
                            Ron E. Meisler (RM 3026)
                        333 West Wacker Drive, Suite 2100
                        Chicago, Illinois  60606
                        (312) 407-0700

                            - and -

                        By: /s Kayalyn A. Marafioti
                            Kayalyn A. Marafioti (KM 9632)
                            Thomas J. Matz (TM 5986)
                        Four Times Square
                        New York, New York 10036
                        (212) 735-3000

                        Attorneys for Delphi Corporation, et al.,
                            Debtors and Debtors-in-Possession