security interests and liens in the Pre-Petition Collateral by the Agent and the DIP Lenders

pursuant to the DIP Documents and this Order, and the imposition of the automatic stay

pursuant to section 362 of the Bankruptcy Code, immediately junior to the claims under

section 364(c)(1) of the Bankruptcy Code held by the Agent and the DIP Lenders *provided*,

*however*, that the Pre-Petition Agent and the Pre-Petition Secured Lenders shall not receive

or retain any payments, property or other amounts in respect of the superpriority claims

under section 507(b) of the Bankruptcy Code granted hereunder or under the Existing

Agreements unless and until the DIP Obligations have indefeasibly been paid in cash in

full;

        (c)    <u>Interest, Fees, And Expenses</u>.  The Pre-Petition Agent shall receive

from the Debtors (i) immediate cash payment of all accrued and unpaid interest on the

Pre-Petition Debt and letter of credit fees at the **<u>non-default contract</u>** rates provided for in

the Existing Agreements, and all other accrued and unpaid fees and disbursements payable

to or for the benefit of the Pre-Petition Agent under the Existing Agreements and incurred

prior to the Petition Date including, but not limited to**<u>, reasonable</u>** fees owed and amounts

to be paid or reimbursed for counsel, financial and other consultants for the Pre-Petition

Agent pursuant to Section 10.6 of the Pre-Petition Credit Agreement, (ii) current cash

payments of all fees and expenses payable to the Pre-Petition Agent under the Existing

Agreements, including, but not limited to, the reasonable fees and disbursements of

counsel, financial and other consultants for the Pre-Petition Agent,  (iii) on the first

business day of each month, all accrued but unpaid interest on the Pre-Petition Debt, and

29

letter of credit and other fees at the non-default contract rate applicable under the Existing

Agreements, *provided* that, without prejudice to the rights of the Debtors or any other party

to contest such assertion, the Pre-Petition Secured Lenders reserve their rights to assert

claims for the payment of additional interest calculated at any other applicable rate of

interest (including, without limitation, default rates), or on any other basis provided for in

the Existing Agreements, and for the payment of any other amounts provided for in the

Existing Agreements**,** and ~~(iv)~~ **(iv)** current cash payment of all reasonable out-of-pocket

expenses of the members of any steering committee of Pre-Petition Secured Lenders, in

their capacity as such**: (but excluding any fees and disbursements of counsel, financial

or other consultants to such steering committee).  The Debtors shall pay the fees and

expenses provided for in the preceding clause (ii) or clause (iv) only after reasonably

detailed invoices for such fees and expenses shall have been submitted to the Debtors

and counsel to the official committee of unsecured creditors (the "Creditors'

Committee").**

> (d)    <u>Access To Collateral</u>.  The Pre-Petition Agent (for the benefit of the
Pre-Petition Secured Lenders) and their experts and advisors shall be given reasonable
access for purposes of monitoring the business of the Debtors and the value of the
Collateral; and

> (e)    <u>Information</u>.  The Debtors shall provide the Pre-Petition Agent **and
the Creditors' Committee** with any written financial information or periodic reporting
that is provided to, or required to be provided to, the Agent or the DIP Lenders**: *provided,***

*however*, **that to the extent such information is provided to the Creditors' Committee, the Debtors shall be entitled to restrict access to such information solely to professionals retained by such committee**.  **The Debtors shall also provide the Agent and the Pre-Petition Agent with information related to payments made to and setoffs taken by the Debtors' suppliers in respect of any pre-petition claims to the extent such information is provided to the Creditors' Committee or is otherwise required to be supplied pursuant to the DIP Documents.**

**(f)      Pre-Petition Letters of Credit.  Subject to the terms and conditions of the DIP Documents, letters of credit issued and outstanding under the Pre-Petition Credit Agreement shall be replaced by letters of credit issued under the DIP Documents at the earlier of the stated expiry of such letters of credit and the next notice date for non-renewal of such letters of credit.  The Pre-Petition Agent, in consultation with and after prior notice to the Debtors, is authorized to provide notice of non-renewal to letter of credit beneficiaries to prevent the automatic renewal of "evergreen" Letters of Credit.**

13.      *Reservation of Rights of Pre-Petition Secured Lenders*.  Under the circumstances and given that the above described adequate protection is consistent with the Bankruptcy Code, the Court finds that the adequate protection provided herein is reasonable and sufficient to protect the interests of the Pre-Petition Secured Lenders. Except as expressly provided herein, nothing contained in this Order (including, without limitation, the authorization of the use of any Cash Collateral and the granting of any

31

**Replacement Liens or** Junior Adequate Protection Liens) shall impair or modify any rights, claims or defenses available in law or equity, including, without limitation, any right to propose, subject to the provisions of Section 1121 of the Bankruptcy Code, a Chapter 11 plan or plans of reorganization, to the Pre-Petition Agent, any Pre-Petition Secured Lender, the Agent or any DIP Lender including, without limitation, rights of a party to a swap agreement, securities contract, commodity contract, forward contract or repurchase agreement with a Debtor to assert rights of setoff or other rights with respect thereto as permitted by law (or the right of a Debtor to contest such assertion).  **The Pre-Petition Agent and the Pre-Petition Secured Lenders shall have the right to** any person has a valid, perfected, enforceable, and non-avoidable right to set off in respect of its pre-petition payables as of the Petition Date, such person shall be granted a replacement lien (a "Junior Adequate Protection Lien") under section 361(2) of the Bankruptcy Code in all of the Debtors' right, title, and interest in, to and under the Collateral securing the Debtors' Obligations under the DIP Credit Agreement, subject and subordinate (i) to the Carve Out, (ii) to any liens and security interests granted hereunder or under any DIP Document to or for the benefit of the Agent and the DIP Lenders and (iii) to the Adequate Protection Liens granted to the Pre-Petition Agent and the Pre-Petition Secured Lenders.  Prior to the entry of the Final Order, nothing contained in this Order shall affect the rights of  such person to request further or different adequate protection under section 361 of the Bankruptcy Code; provided, however, that the Debtors or any other party may contest any such request, including the continuation of the adequate protection liens granted hereby to such

32

~~person.~~**sections 361, 363(e) and 364(d)(2) of the Bankruptcy Code following the occurrence of any event after the Petition Date, that (i) would reasonably be expected to have a Material Adverse Effect (as defined in the DIP Credit Agreement but without regard to clause (y) of the proviso of said definition) and (ii) either (A) the Debtors are not able to repay or refinance the Pre-Petition Obligations in full in cash under a Chapter 11 plan of reorganization or (B) the Debtors are not able to satisfy the Adequate Protection Obligations.  The Debtors or any other party in interest may object to any such request, and with respect to such objections nothing herein shall operate to shift any applicable burdens of proof from those set forth in the Bankruptcy Code.**

14.     *Perfection Of DIP Liens And Adequate Protection Liens.*

(a)     Subject to the provisions of paragraph 8(a) above, the Agent and the Pre-Petition Agent are hereby authorized, but not required, to file or record financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments in any jurisdiction or take any other action in order to validate and perfect the liens and security interests granted to them hereunder.  Whether or not the Agent on behalf of the DIP Lenders or the Pre-Petition Agent on behalf of the Pre-Petition Secured Lenders shall, in their sole discretion, choose to file such financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments or otherwise confirm perfection of the liens and security interests granted to them hereunder, such liens and security interests shall be deemed valid, perfected, allowed, enforceable, non-avoidable

33

and not subject to challenge dispute or subordination, at the time and as of the date of entry of this Order.  Upon the request of the Agent, each of the Pre-Petition Agent and Pre-Petition Secured Lenders, without any further consent of any party, is authorized to take, execute and deliver such instruments (in each case without representation or warranty of any kind) to enable the Agent to further validate, perfect, preserve and enforce DIP Liens.

(b)       A certified copy of this Order may, in the discretion of the Agent, be filed with or recorded in filing or recording offices in addition to or in lieu of such financing statements, mortgages, notices of lien or similar instruments, and all filing offices are hereby authorized to accept such certified copy of this Order for filing and recording.

(c)       Any provision of any lease or other license, contract or other agreement that requires (i) the consent or approval of one or more landlords or other parties or (ii) the payment of any fees or obligations to any governmental entity, in order for any Debtor to pledge, grant, sell, assign, or otherwise transfer any such leasehold interest, or the proceeds thereof, or other post-petition collateral related thereto, is hereby deemed to be inconsistent with the applicable provisions of the Bankruptcy Code.  Any such provision shall have no force and effect with respect to the transactions granting post-petition liens, in such leasehold interest or the proceeds of any assignment and/or sale thereof by any Debtor, in favor of the DIP Lenders in accordance with the terms of the DIP Credit Agreement or this Order.

NYDOCS03/785799.9

15.    *Preservation Of Rights Granted Under The Order.*

(a)    No claim or lien having a priority superior to or *pari passu* with those granted by this Order to the Agent and the DIP Lenders or to the Pre-Petition Agent and**,** the Pre-Petition Secured Lenders **and the Setoff Claimants**, respectively, shall be granted or allowed while any portion of the Financing (or any refinancing thereof) or the Commitments thereunder or the DIP Obligations or the Adequate Protection Obligations remain outstanding, and the DIP Liens**, the Adequate Protection Liens, the Replacement Liens** and the **Junior** Adequate Protection Liens shall not be (i) subject or junior to any lien or security interest that is avoided and preserved for the benefit of the Debtors' estates under section 551 of the Bankruptcy Code or (ii) subordinated to or made pari passu with any other lien or security interest, whether under section 364(d) of the Bankruptcy Code or otherwise**.** **(other than as specifically provided for in this Order). Nothing in this paragraph 15(a) shall limit (x) the rights of the Debtors to refinance the Financing in compliance with the DIP Credit Agreement or (y) the rights of any party in interest with respect to any such refinancing.**

(b)    Unless all DIP Obligations shall have been paid in full (and, with respect to outstanding letters of credit issued pursuant to the DIP Credit Agreement, cash collateralized in accordance with the provisions of the DIP Credit Agreement) and the Adequate Protection Obligations shall have been paid in full, the Debtors shall not seek, and it shall constitute an Event of Default and a termination of the right to use Cash Collateral if any of the Debtors seek, or if there is entered, (i) any modifications or

35

extensions of this Order without the prior written consent of the Agent, and no such

consent shall be implied by any other action, inaction or acquiescence by the Agent, or (ii)

an order dismissing any of the Cases.  If an order dismissing any of the Cases under section

1112 of the Bankruptcy Code or otherwise is at any time entered, such order shall provide

(in accordance with sections 105 and 349 of the Bankruptcy Code) that ~~(i)~~**(x)** the

Superpriority Claims, priming liens, security interests and replacement security interests

granted to the Agent and, as applicable, the Pre-Petition Agent **or the Setoff Claimants**

pursuant to this Order shall continue in full force and effect and shall maintain their

priorities as provided in this Order until all DIP Obligations and Adequate Protection

Obligations shall have been paid and satisfied in full (and that such Superpriority Claims,

priming liens and replacement security interests, shall, notwithstanding such dismissal,

remain binding on all parties in interest) and ~~(ii)~~**(y)** this Court shall retain jurisdiction,

notwithstanding such dismissal, for the purposes of enforcing the claims, liens and security

interests referred to in (~~i~~**x**) above.

(c)    If any or all of the provisions of this Order are hereafter reversed,

modified, vacated or stayed, such reversal, stay, modification or vacation shall not affect

(i) the validity of any DIP Obligations or Adequate Protection Obligations incurred prior to

the actual receipt of written notice by the Agent or Pre-Petition Agent, as applicable, of the

effective date of such reversal, stay, modification or vacation or (ii) the validity or

enforceability of any lien or priority authorized or created hereby or pursuant to the DIP

Credit Agreement with respect to any DIP Obligations or Adequate Protection Obligations.

36

Notwithstanding any such reversal, stay, modification or vacation, any use of Cash Collateral, or DIP Obligations or Adequate Protection Obligations incurred by the Debtors to the Agent, the DIP Lenders, the Pre-Petition Agent or the Pre-Petition Secured Lenders prior to the actual receipt of written notice by the Agent and Pre-Petition Agent of the effective date of such reversal, stay, modification or vacation shall be governed in all respects by the original provisions of this Order, and the Agent, DIP Lenders, Pre-Petition Agent and Pre-Petition Secured Lenders shall be entitled to all the rights, remedies, privileges and benefits granted in section 364(e) of the Bankruptcy Code, this Order and pursuant to the DIP Documents with respect to all uses of Cash Collateral, DIP Obligations and Adequate Protection Obligations.

(d)    Except as expressly provided in this Order or in the DIP Documents, the DIP Liens, the Superpriority Claims and all other rights and remedies of the Agent and the DIP Lenders granted by the provisions of this Order and the DIP Documents shall survive, and shall not be modified, impaired or discharged by (i) the entry of an order converting any of the Cases to a case under chapter 7, dismissing any of the Cases, terminating the joint administration of these Cases or by any other act or omission, or (ii) the entry of an order confirming a plan of reorganization in any of the Cases and, pursuant to section 1141(d)(4) of the Bankruptcy Code, the Debtors have waived any discharge as to any remaining DIP Obligations.  The terms and provisions of this Order and the DIP Documents shall continue in these Cases, in any successor cases if these Cases cease to be jointly administered, or in any superseding chapter 7 cases under the Bankruptcy Code, and

37

the DIP Liens, the Superpriority Claims and all other rights and remedies of the Agent and the DIP Lenders granted by the provisions of this Order and the DIP Documents shall continue in full force and effect until the DIP Obligations are indefeasibly paid in full.

16.    *Effect Of Stipulations On Third Parties*.  Subject to the reservation of rights set forth in this paragraph 16, the stipulations and admissions contained in paragraphs 3 and 10 of this Order shall be binding upon the Debtors in all circumstances.  The stipulations and admissions contained in paragraphs 3 and 10 of this Order shall be binding upon all other parties in interest, including, without limitation, ~~any~~**the Creditors'** Committee, unless (a) a party-in-interest has timely filed an adversary proceeding or contested matter**, or commenced litigation for authorization to commence such litigation,** (subject to the limitations contained herein, including, *inter alia*, in paragraph 17) by no later than ~~the date that is 90 days after the initial selection of counsel by the Official Committee of Unsecured Creditors (the "Creditors' Committee") in the Cases~~**January 16, 2006** (or such later date (x) as has been agreed to, in writing, by the Pre-Petition Agent in its sole discretion or (y) as has been ordered by the Court) (i) challenging the validity, enforceability, priority or extent of the Pre-Petition Debt or the Pre-Petition Agent's or the Pre-Petition Secured Lenders' liens on the Pre-Petition Collateral ~~or (ii)~~**, (ii) seeking a determination that the Pre-Petition Debt was under-secured as of the Petition Date, or (iii)** otherwise asserting or prosecuting any Avoidance Actions or any other any claims, counterclaims or causes of action , objections, contests or defenses (collectively, "Claims and Defenses") against the Pre-Petition Agent

38

**NYDOCS03/785799.9**

or any of the Pre-Petition Secured Lenders or their respective affiliates, subsidiaries,

directors, officers, representatives, attorneys or advisors in connection with matters related

to the Existing Agreements, the Pre-Petition Debt, or the Pre-Petition Collateral, and (b)

there is a final order in favor of the plaintiff sustaining any such challenge or claim in any

such timely filed adversary proceeding or contested matter, *provided* that as to the Debtors,

all such Claims and Defenses are hereby irrevocably waived and relinquished as of the

Petition Date other than any such Claims and Defenses as they relate to the

**appropriateness of any interest rate charged or claimed by the Pre-Petition Secured**

**Lenders, including the** allowance of any claim for default interest under Section 2.14 of

the Pre-Petition Credit Agreement or **the allowance of any claim** for any prepayment

premium under Sections 2.10 or 2.11 of the Pre-Petition Credit Agreement.  Subject in

each case to the reservation of the Debtors' rights **set forth above** to contest the allowance

of any claim for default interest on the Pre-Petition Debt or any prepayment premium, if no

such adversary proceeding or contested matter is timely filed **(or motion or other request**

**for authorization to commence such litigation)**, (x) the Pre-Petition Debt and all related

obligations of the Debtors (the "Pre-Petition Obligations") shall constitute allowed claims,

not subject to counterclaim, setoff, subordination, recharacterization, defense or avoidance,

for all purposes in the Cases and any subsequent chapter 7 cases, (y) the Pre-Petition

Agent's and the Pre-Petition Secured Lenders' liens on the Pre-Petition Collateral shall be

deemed to have been, as of the Petition Date, legal, valid, binding and perfected, not

subject to defense, counterclaim, recharacterization, subordination or avoidance and (z) the

39

NYDOCS03/785799.9

Pre-Petition Obligations, the Pre-Petition Agent's and the Pre-Petition Secured Lenders' liens on the Pre-Petition Collateral and the Pre-Petition Agent and the Pre-Petition Secured Lenders shall not be subject to any other or further challenge by any party-in-interest, and any such party-in-interest shall be enjoined from, seeking to exercise the rights of the Debtors' estates, including, without limitation, any successor thereto (including, without limitation, any estate representative or a chapter 7 or 11 trustee appointed or elected for any of the Debtors).  If any such adversary proceeding or contested matter **(or motion or other request for authorization to commence such litigation)** is timely filed, the stipulations and admissions contained in paragraphs 3  and 10 of this Order shall nonetheless remain binding and preclusive (as provided in the second sentence of this paragraph) on any official committee (including the Creditors' Committee) and on any other person or entity, except to the extent that such findings and admissions were expressly challenged in such adversary proceeding or contested matter **(or motion or other request for authorization to commence such litigation)**.  Nothing in this Order vests or confers on any Person (as defined in the Bankruptcy Code), including ~~any~~**the Creditors'** Committee, standing or authority to pursue any cause of action belonging to the Debtors or their estates, including, without limitation, Claims and Defenses with respect to the Existing Agreements or the Pre-Petition Obligations.

17.    *Limitation On Use Of Financing Proceeds And Collateral*. Notwithstanding anything herein or in any other order by this Court to the contrary, no borrowings, letters of credit, Cash Collateral, Pre-Petition Collateral, Collateral or the

40

Carve Out may be used to (a) object, contest or raise any defense to, the validity, perfection,

priority, extent or enforceability of any amount due under the DIP Documents or the

Existing Agreements, or the liens or claims granted under this Order, the DIP Documents

or the Existing Agreements, (b) assert any Claims and Defenses or any other causes of

action against the Agent, the DIP Lenders, the Pre-Petition Agent or the Pre-Petition

Secured Lenders or their respective agents, affiliates, representatives, attorneys or advisors,

(c) prevent, hinder or otherwise delay the Agent's or the Pre-Petition Agent's assertion,

enforcement or realization on the Cash Collateral or the Collateral in accordance with the

DIP Documents, the Existing Agreements or this Order, (d) seek to modify any of the

rights granted to the Agent, the DIP Lenders, the Pre-Petition Agent or the Pre-Petition

Secured Lenders hereunder or under the DIP Documents or the Existing Agreements, in

each of the foregoing cases without such parties' prior written consent or (e) pay any

amount on account of any claims arising prior to the Petition Date unless such payments

are (i) approved by an Order of this Court and (ii) in accordance with the DIP Credit

Agreement or otherwise approved by the Agent in its sole discretion; *provided* that,

notwithstanding anything to the contrary herein, any statutory committee appointed by the

U.S. **Creditors'** Trustee**Committee** shall be limited to $250,000, in the aggregate for all

such committees, **250,000** to perform the investigations contemplated hereby **and no other**

**official committee shall be authorized to perform such investigations**.

    18.    ***Setoff, Replacement Liens and*** *Junior Adequate Protection Liens*.  To the

extent any person has a valid, perfected, enforceable, and non-avoidable right to set off in

41

respect of its pre-petition payables as of the Petition Date, such person shall be granted a replacement lien (a "Junior Adequate Protection Lien") under section 361(2) of the Bankruptcy Code in all of the Debtors' right, title, and interest in, to and under the Collateral securing the Debtors' Obligations under the DIP Credit Agreement, subject and subordinate (i) to the Carve Out, (ii) to any liens and security interests granted hereunder or under any DIP Document to or for the benefit of the Agent and the DIP Lenders and (iii) to the Adequate Protection Liens granted to the Pre-Petition Agent and the Pre-Petition Secured Lenders.  Prior to the entry of the Final Order, nothing contained in this Order shall affect the rights of  such person to request further or different adequate protection under section 361 of the Bankruptcy Code; provided, however, that the Debtors or any other party may contest any such request, including the continuation of the adequate protection liens granted hereby to such person.**that a customer or supplier of the Debtors that has an allowable setoff claim under section 506 or 553 of the Bankruptcy Code in respect of its payables owed to any Debtor as of the Petition Date ("Pre-Petition Payables") or a valid right of recoupment that arose prior to the Petition Date (such setoff claim or right of recoupment, "Setoff"), such customer or supplier (a "Setoff Claimant") is hereby provided with adequate protection as described below.  For the avoidance of doubt, nothing herein shall be construed to be an admission or acknowledgement, or an increase or decrease in the monetary amount of the pre-petition setoff rights of any person, under the Bankruptcy Code,**

42

**applicable non-bankruptcy law or otherwise, as such rights existed as of the Petition**

**Date.**

                    **(a)**        **Exercise of Set Off.  (1) Notwithstanding the effect of the stay**

**imposed by section 362(a) of the Bankruptcy Code and except as hereinafter**

**provided, a Setoff Claimant shall be entitled to exercise its Setoff solely in respect of**

**its Pre-Petition Payables that arose in the ordinary course of business as determined**

**pursuant to this paragraph for any claims or recoupment defenses ("Qualifying**

**Claims and Defenses") arising from or related to the Debtors' prepetition warranty**

**programs, customer adjustments, customer rebates and allowances, overpricing**

**claims, claims for short shipments and damaged goods and other similar claims**

**arising in the ordinary course of business of the relevant parties other than any such**

**claims or recoupment defenses arising as a result of the filing of the cases (a "Setoff**

**Right").  A Setoff Right shall not include any claims or recoupment defenses arising**

**from or related to employee or employee benefit matters, retiree benefit or pension**

**matters, including, without limitation, any related indemnities or guarantees, the**

**rejection of executory contracts, or consequential or punitive damages.  The**

**determination as to whether a Qualifying Claim or Defense gives rise to a "Setoff**

**Right" will be made solely by (i) the agreement of the Setoff Claimant, the Creditors'**

**Committee and the Debtors, (ii) pursuant to the procedures hereinafter set forth or**

**(iii) order of the Court.**

43

**(2)**        **Any Setoff Claimant seeking to exercise a Setoff Right against payables during any month (whether against Pre-Petition Payables or post-petition payables) shall submit to the Debtors and the Creditors' Committee (with a copy to the Agent) a written request to exercise such Setoff Right, the basis for such Setoff Right and reasonably detailed documentation supporting such Setoff Right.  If the Setoff Claimant, the Creditors' Committee and the Debtors fail to agree in writing that any amount is included in a Setoff Right within 10 Business Days after submission of such information to the Debtors and the Creditors' Committee (the "Agreement Deadline"), the Debtors and such Setoff Claimant shall (unless all such parties agree to extend such 10 Business Day period) seek resolution of such matter through a mediator agreed to by the Debtors and such Setoff Claimant or appointed by this Court.  Such mediation shall end not later than 30 days after the appointment of such mediator unless such period is extended by agreement of the Debtors and such Setoff Claimant.  If the Debtors and such Setoff Claimant cannot resolve the matter through such mediation, then such matter will be submitted to binding arbitration to a single arbitrator agreed to by all such parties or appointed by this Court, and such parties shall request that such arbitrator issue its ruling within 90 days after the Agreement Deadline.  Notwithstanding any award in any such arbitration, in no event shall the Setoff Claimant be permitted to exercise its Setoff Right against any payables other than Pre-Petition Payables except to the extent expressly permitted by the Debtors, as hereinafter set forth.**

**NYDOCS03/785799.9**

(3)    In the event any Setoff Claimants (the "Non-Exercising Setoff Claimants") have not exercised their asserted Setoff Rights in respect of their respective Pre-Petition Payables and have instead paid their Pre-Petition Payables to the Debtors, in addition to any other adequate protection provided to such Non-Exercising Setoff Claimants herein, the Non-Exercising Setoff Claimants may exercise Setoff Rights established in accordance with this paragraph against post-petition payables owed by such Non-Exercising Setoff Claimants to the Debtor or Debtors against which such Non-Exercising Setoff Claimants have their Setoff Rights; *provided* that (a) in the case of the exercise of any Setoff Rights by General Motors Corporation or any of its affiliates ("GM"), the aggregate amount of Setoff Rights that the Debtors may authorize to be exercised pursuant to this subparagraph (3) against post-petition payables owed by GM to the Debtors during any month shall not exceed $35 million (the "Aggregate Monthly Cap Amount") and (c) to the extent Setoff Rights are recognized in accordance with this Order in excess of the Setoff Rights that are permitted to be exercised pursuant to such limitations, Setoff Claimants may carry forward their Setoff Right to succeeding months, subject to the applicable monthly limitations, if any, until such Setoff Rights have been fully exercised.

(4)    Except as set forth above, and subject to the adequate protection provided to Setoff Claimants as herein set forth, Setoff Claimants shall not be permitted to exercise any Setoff until the later of (x) the effective date of the

45

**Debtors' confirmed plan of reorganization and (y) allowance of the Setoff as a claim in these Cases. Any exercise of Setoff pursuant to (x) or (y) above is subject to the treatment afforded to such Setoff under a plan of reorganization confirmed by the Bankruptcy Court. Nothing contained herein shall (i) limit the discretion of the Debtors to pay warranty and/or product recall claims in accordance with orders of the Court or (ii) limit the right of any party in interest to exercise a post-petition Setoff Right against a post-petition payable in respect of a Qualifying Claim or Defense arising after the commencement of the Cases.**

**(b)     Adequate Protection. Setoff Claimant is entitled, pursuant to sections 361, 362(e) and 364(d)(1) of the Bankruptcy Code, to adequate protection of its Setoff Rights in its Pre-Petition Payables to the extent it does not exercise such Setoff Right and remits the amount subject to such Setoff Right to the Debtors. As adequate protection, Setoff Claimant is hereby granted, effective upon payment to the Debtors of the amount subject to such Setoff Right, the following (collectively, the "Junior Adequate Protection Liens"):**

**(i)     A replacement lien (the "Replacement Lien") on such Setoff Claimant's post-petition payables to the extent that it is determined that such Setoff Claimant had a Setoff Right in respect of the Pre-Petition Payables that have been remitted to the Debtors, which Replacement Lien is limited to the Setoff that could have been validly asserted at the time such Pre-Petition Payable was due and owing; *provided, however*, that (i) the Debtors reserve their rights to any and all Claims and**

46

**Defenses that may be asserted with respect to such Setoff Rights and (ii) the Replacement Liens are subject and subordinate to and only to (x) the security interests and liens granted to the Agent for the benefit of the DIP Lenders in this Order and pursuant to the DIP Documents and any liens to which such liens so granted to the Agent are junior and (y) the Carve-Out.**

> **(ii)    As further adequate protection to protect the Setoff Claimant against any diminution in the value of its Replacement Lien, the Setoff Claimant is hereby granted a security interest in and lien upon all the other Collateral, subject and subordinate to and only to (A) the security interests and liens granted to the Agent for the benefit of the DIP Lenders in this Order and pursuant to the DIP Documents and any liens to which such liens so granted to the Agent are junior, (B) the Carve Out and (C) Pre-Petition Secured Lenders' liens on the Pre-Petition Collateral and the Adequate Protection Liens granted to the Pre-Petition Agent and the Pre-Petition Secured Lenders, *provided* that the Setoff Claimant's security interest in and lien upon Collateral which is not (x) Pre-Petition Collateral, (y) Collateral that would have constituted Pre-Petition Collateral in which the Pre-Petition Agent would have had a valid and perfected security interest or lien but for the commencement of these cases and without further action or (z) subject to the Replacement Lien shall be *pari passu* with the Adequate Protection Liens granted to the Pre-Petition Agent and the Pre-Petition Secured Lenders in such Collateral.**

47

**(iii)        As further Adequate Protection, to the extent that the post-petition payables in respect of which the Setoff Claimant is granted a Replacement Lien are less than the Setoff Rights of such Setoff Claimant, such Setoff Claimant is hereby granted an administrative claim under section 507(b) of the Bankruptcy Code in the amount of such deficiency subject to the Carve Out and equal in priority to the administrative claim granted as adequate protection to the Pre-Petition Secured Lenders in Paragraph 12(b) above; *provided, however*, that the Setoff Claimant shall not receive or retain any payments, property or other amounts in respect of the claims under section 507(b) of the Bankruptcy Code granted hereunder unless and until the DIP Obligations have indefeasibly been paid in cash in full.**

**19.        *Debtor Reimbursement Claims and Debtor Liens*.  Without limiting the joint and several liability of each of the Debtors for the DIP Obligations, the Debtors shall use their reasonable best efforts to ensure that Debtors that receive the benefit of funds advanced under the Financing repay their share thereof on a dollar for dollar basis.  To the extent a Debtor (i) incurs any of the DIP Obligations (including as a result of intercompany balances incurred after the Petition Date to the extent such balances arise from the incurrence of DIP Obligations) or (ii) receives a postpetition intercompany loan or transfer (including as a result of the Debtors' cash management system or otherwise) (each a "Beneficiary Debtor"), and such DIP Obligations were repaid or such postpetition intercompany loan or transfer is made**

48

**(including from cash collateral) (each an "Advance") by (A) any other Debtor that is a Borrower or Guarantor under the Financings or (B) any non-Debtor affiliate participating in the cash management system (together (A) and (B) an "Adequately Protected Entity"), the Adequately Protected Entity shall have, subject to the limitations set forth in paragraph 20 below (a) an allowed claim under sections 364(c)(1) and 507(b) of the Bankruptcy Code against the Beneficiary Debtor for the amount of such Advance, having priority over any and all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code, which claim shall bear interest at a rate agreed between the Debtors from time to time for the period accruing from and after the date such claim arises until repayment thereof (collectively, the "Debtor Reimbursement Claim") and (b) a lien on all Collateral under section 364(c)(3) of the Bankruptcy Code securing such Debtor Reimbursement Claim (a "Debtor Lien").**

**20.    All Debtor Reimbursement Claims and Debtor Liens shall be junior, subject and subordinate to and only to the Superpriority Claims, the DIP Liens, the Adequate Protection Obligations, Junior Adequate Protection Liens, the Replacement Liens and to any claims against such Beneficiary Debtor that are expressly senior to, and on a parity with, or carved out from the Superpriority Claims, the DIP Liens, the Adequate Protection Obligations, Junior Adequate Protection Liens or the Replacement Liens.  All Debtor Liens shall be "silent" liens and the Adequately Protected Entity shall forbear from exercising, and shall not be**

49

**NYDOCS03/785799.9**

**entitled to exercise, any right or remedy relating to any Debtor Reimbursement Claim or Debtor Lien, including, without limitation, taking any of the actions that the Pre-Petition Agent, the Pre-Petition Secured Lenders and holders of Replacement Liens and Junior Adequate Protection Liens are prohibited from taking pursuant to paragraph 8, including, without limitation, seeking relief from the automatic stay, or seeking any sale, foreclosure, realization upon repossession or liquidation of any property of another Debtor, or taking any position with respect to any disposition of the property, the business operations, or the reorganization of another Debtor. The Agent shall have the exclusive right to manage, perform and enforce all rights and remedies described in the preceding sentence and in the DIP Documents.  The Debtor Lien of the Adequately Protected Entity automatically, and without further action of any person or entity of any kind, shall be released or otherwise terminated to the extent that property subject to such Debtor Lien is sold or otherwise disposed of by or on behalf of the Agent or any other Debtor or to the extent that such property is subject to a lien prior to the DIP Liens and such lien is permitted under the DIP Documents.**

**21.      With respect to the effect of Debtor Liens on any sale of property by the Debtors, (a) the Debtors may sell property, in accordance with section 363 of the Bankruptcy Code, free and clear of any Debtor Lien, with such lien attaching to the proceeds of sale in the same priority and subject to the same limitations and**

50

**restrictions as existed in respect of the property sold and (b) the provisions of section 363(k) of the Bankruptcy Code shall not apply.**

**22.** ~~19.~~ *JPMCB As Collateral Agent*.  To the extent JPMCB, in its role as Collateral Agent under the Existing Agreements, is the secured party under any Control Agreements (as defined in the Existing Agreements), listed as loss payee under the Debtors' insurance policies as required under the Guarantee and Collateral Agreement or is the secured party under any other Existing Agreement, JPMCB, in its role as Collateral Agent under the DIP Credit Agreement, is also deemed to be the secured party under such Control Agreements, loss payee under the Debtors' insurance policies and the secured party under any other Existing Agreement and shall act in that capacity and distribute any proceeds recovered or received <u>first</u>, for the benefit of the DIP Lenders in accordance with the DIP Credit Agreement and <u>second</u>, subsequent to indefeasible payment in full of all DIP Obligations, for the benefit of the Pre-Petition Secured Lenders under the Existing Agreements.

**23.** ~~20.~~ *Order Governs*.  In the event of any inconsistency between the provisions of this Order and the DIP Documents, the provisions of this Order shall govern.

~~21.    *Prior Cash Collateral Order Superseded*.  Upon entry of this Order, this Order shall supersede in all respects the Bridge Order Under 11 U.S.C. §§ 361, 362, and 363 Authorizing Use of Cash Collateral and Adequate Protection to Prepetition Secured Parties, dated October 8, 2005, which Order shall be of no further force or effect.~~

51

**24.**    ~~22.~~ *Binding Effect; Successors And Assigns*.  The DIP Documents and the provisions of this Order, including all findings herein, shall be binding upon all parties in interest in these Cases, including, without limitation, the Agent, the DIP Lenders, the Pre-Petition Agent, the Pre-Petition Secured Lenders, any party granted a Junior Adequate Protection Lien hereunder, any Committee appointed in these Cases, and the Debtors, for themselves and not for their estates, and their respective successors and assigns and shall inure to the benefit of the Agent, the DIP Lenders, the Pre-Petition Agent, the Pre-Petition Secured Lenders, any party granted a **Replacement Lien or** Junior Adequate Protection Lien, and the Debtors and their respective successors and assigns; *provided*, *however*, that the Agent, the Pre-Petition Agent, the DIP Lenders and the Pre-Petition Secured Lenders shall have no obligation to permit the use of Cash Collateral or extend any financing to any chapter 7 trustee or similar responsible person appointed for the estates of the Debtors.  In determining to make any loan under the DIP Credit Agreement, permitting the use of Cash Collateral or in exercising any rights or remedies as and when permitted pursuant to this Order or the DIP Documents, the Agent, the Pre-Petition Agent, the DIP Lenders and the Pre-Petition Secured Lenders shall not be deemed to be in control of the operations of the Debtors or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtors (as such terms, or any similar terms, are used in the United States Comprehensive Environmental Response, Compensation and Liability Act, 29 U.S.C. §§ 9601 et seq. as amended, or any similar federal or state statute).

52

23.    *Final Hearing*.  The Final Hearing is scheduled for October 27, 2005 at
10:00 a.m. before this Court.

The Debtors shall promptly mail copies of this Order (which shall constitute
adequate notice of Final Hearing, including without limitation, notice that the Debtors will
seek approval at the Final Hearing of a waiver of rights under section 506(c) of the
Bankruptcy Code) to the parties having been given notice of the Interim Hearing, and to
any other party that has filed a request for notices with this Court and to any Committee
after the same has been appointed, or Committee counsel, if the same shall have been
appointed.  Any party-in-interest objecting to the relief sought at the Final Hearing shall
serve and file written objections; which objections shall be served upon (a) Skadden, Arps,
Slate, Meagher & Flom LLP, 333 West Wacker Drive, Chicago, Illinois 60606, Att'n: John
Wm. Butler, Jr., Esq., attorneys for the Debtors; (b) Shearman & Sterling LLP, 599
Lexington Avenue, New York, New York 10022, Att'n: Douglas P. Bartner, Esq.,
attorneys for the Debtors; (c) Davis Polk & Wardwell, 450 Lexington Avenue, New York,
NY 10017, Att'n: Donald S. Bernstein, Esq., attorneys for the Agent and the Joint Lead
Arrangers; (d) Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New
York 10017, Att'n: Kenneth S. Ziman, Esq., and Robert H. Trust, Esq., attorneys for the
Pre-Petition Agent and (e) the Office of the United States Trustee for the Southern District
of New York, Att'n: Alicia M. Leonhard, Esq. and shall be filed with the Clerk of the
United States Bankruptcy Court, Southern District of New York, in each case to allow

53

~~actual receipt by the foregoing no later than October 20, 2005 at 4:00 p.m., prevailing~~
~~Eastern time.~~

**25.    *Aircraft Leases.*  Notwithstanding anything to the contrary contained in this Order, no DIP Liens or any other liens or interests granted, authorized or contemplated herein shall attach to any interests of Delphi Automotive Systems Human Resources, LLC ("Delphi HR") in two leases of aircraft, both of which are dated March 30, 2001 between Bank of America, N.A., and Delphi HR (the "Aircraft Leases"), or in any personal property that is the subject of the Aircraft Leases.  The terms of this Order shall govern to the extent of any inconsistency between this Order and that certain Cash Management Order dated October 14, 2005, including, without limitation, with respect to the matters set forth in paragraphs 19 to 21 of this Order.**

**26.    *Objections Overruled.*  Any Objection which has not been withdrawn or resolved is, to the extent not resolved, hereby overruled.**

**27.    *Committee Notices.*  All notices to be provided to the Creditors' Committee shall be sent to Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, NY 10022-4834, Attn: Robert Rosenberg, Esq.**

Dated:   October __, 2005
          New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

54

Document comparison done by DeltaView on Wednesday, October 26, 2005 11:46:43

| Input: | |
|---|---|
| Document 1 | pcdocs://NYDOCS03/785923/785923 |
| Document 2 | pcdocs://NYDOCS03/785799/9 |
| Rendering set | Shearman & Sterling |

| Legend: | |
|---|---|
| **Insertion** | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Format change | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Redline Summary: | | |
|---|---|---|
| **No.** | **Change** | **Text** |
| 1 | Insertion | NYDOCS03/785799.9 |
| 2 | Insertion | NYDOCS03/785799.9 |
| 3-4 | Change | "INTERIM ORDER" changed to "FINAL ORDER" |
| 5-6 | Change | "COLLATERAL, (III)" changed to "COLLATERAL AND (III)" |
| 7 | Change | "PARTIES AND (III)...RULES 4001(b) AND (c)" changed to "PARTIES" |
| 8-9 | Change | "("INTERIM DIP FINANCING" changed to "("FINAL DIP FINANCING" |
| 10-11 | Change | "described herein; and" changed to "described therein; and" |
| 12-13 | Insertion | The Interim Hearing...filed with this Court. |
| 14 | Insertion | The Final Hearing having...27, 2005 at 10:00 a.m. |
| 15 | Change | "therein and the" changed to "therein, the Interim Hearing and the" |
| 16-17 | Change | "and the Interim Hearing" changed to "and the Final Hearing" |
| 18-19 | Moved from | The Interim Hearing...11, 2005 at 4:00 p.m. |
| 20 | Insertion | Objections to the Motion...the "Objections"). |
| 21 | Change | "Hearing and after" changed to "Hearing and |

| | | |
|---|---|---|
| | | the Final Hearing, and after" |
| 22 | Change | "Motion and the" changed to "Motion, the Interim Hearing, and the" |
| 23-24 | Change | "and the Interim Hearing" changed to "and the Final Hearing" |
| 25 | Change | "therewith as provided" changed to "therewith including,...Agreement), as provided" |
| 26-27 | Change | "of this Interim Order." changed to "of this Final Order." |
| 28-29 | Change | "Debtors have an immediate...to obtain the Financing" changed to "Debtors require the remainder of the Financing" |
| 30 | Change | "forth in this Order" changed to "forth in the Interim Order, this Order" |
| 31-32 | Change | "Motion (the "DIP" changed to "Motion, as amended by the...(as so amended, the "DIP" |
| 33-34 | Change | "authorized to enter into the DIP" changed to "authorized to be a party to the DIP" |
| 35 | Change | "amount of $" changed to "amount, inclusive of...the Interim Order, of $" |
| 36-37 | Change | "of $950,000,000 (plus" changed to "of $2,000,000,000 (plus" |
| 38-39 | Change | "iii) below," changed to "iv) below," |
| 40-41 | Change | "thereunder).  Notwithstanding" changed to "thereunder, amend the...Notwithstanding" |
| 42 | Change | "any time prior" changed to "any time (x) prior" |
| 43-49 | Change | "to the Final Hearing, (A)...by the Fee Letter" changed to "to the Successful...and Restated Fee Letter" |
| 50-53 | Change | "dated September 22, 2005 among" changed to "dated October 14, 2005 among" |
| 54 | Change | "Arrangers (permitting" changed to "Arrangers (the "Fee...Fee Letter (permitting" |
| 55-59 | Change | "syndication) or (B) as" changed to "syndication), and (y) as" |
| 60-61 | Change | "Amendment (as defined in...DIP Credit Agreement)," changed to "Amendment." |
| 62-63 | Insertion | (iii)          In addition,...(b) to read as follows: |
| 64 | Insertion | "If on any date the...DIP Credit Agreement." |
| 65 | Insertion | The following related...DIP Credit Agreement: |
| 66 | Insertion | "Asset Sale":  any...(viii) of Section 6.10). |
| 67 | Insertion | "Disposition":  with...correlative meanings. |
| 68 | Insertion | "Net Cash Proceeds":  in...is at least $10,000,000. |

| 69 | Insertion | "Recovery Event":  any...in excess of $5,000,000. |
|---|---|---|
| 70-71 | Change | "(iii) the non" changed to "(iv)        the non" |
| 72-73 | Change | "(iv) the performance" changed to "(v)     the performance" |
| 74-75 | Change | "Upon execution and delivery of the DIP Documents" changed to "The DIP Documents" |
| 76 | Change | "Documents, the DIP Documents shall constitute" changed to "Documents constitute" |
| 77 | Change | "Obligations and Junior" changed to "Obligations, Replacement Liens and Junior" |
| 78-79 | Change | "date of this Order" changed to "date of entry of the Interim Order" |
| 80-81 | Change | "permitted by Section 546(b)" changed to "permitted by section 546(b)" |
| 82 | Change | "foregoing provided," changed to "foregoing, provided," |
| 83 | Change | "hereof), and (ii) any" changed to "hereof), (ii) any" |
| 84-85 | Change | "Date, or to any valid," changed to "Date, (iii) any valid," |
| 86 | Change | "Bankruptcy Code." changed to "Bankruptcy Code and (iv)...security interest." |
| 87 | Change | "Code, a valid," changed to "Code, valid," |
| 88 | Change | "liens in existence" changed to "liens and, as to...defined) in existence" |
| 89 | Change | "liens." changed to "liens and Setoffs." |
| 90-91 | Change | "Liens (as defined below), and the" changed to "Liens, the Replacement Liens and the" |
| 92 | Change | "Liens shall" changed to "Liens (each as defined below) shall" |
| 93 | Change | "Lenders, and holders" changed to "Lenders, the holders of...Liens and holders" |
| 94 | Change | "Documents and" changed to "Documents, provided that...of any Collateral and" |
| 95-96 | Change | "of the Filing Date.  Nothing" changed to "of the Petition Date....DIP Lenders.  Nothing" |
| 97 | Change | "holders of Junior" changed to "holders of Replacement Liens or Junior" |
| 98 | Change | "applicable law." changed to "applicable law. This...rights on the Debtors." |
| 99 | Change | "holders of Junior" changed to "holders of Replacement Liens or Junior" |
| 100 | Change | "waive their" changed to "waive in such capacities,...unsecured claims, their" |

| 101 | Change | "holders of Junior" changed to "holders of Replacement Liens or Junior" |
| 102-103 | Change | "Subject to and effective...relief, except to the" changed to "Except to the" |
| 104 | Change | "including the Cash Collateral," changed to "including Cash Collateral," |
| 105 | Change | "Lenders, and" changed to "Lenders and of the...Protection Liens, and" |
| 106 | Change | "Lenders are directed" changed to "Lenders and the holders...Liens are directed" |
| 107 | Change | "Lenders are granted" changed to "Lenders and the holders...Liens are granted" |
| 108-109 | Change | "perfected upon the" changed to "perfected as of the" |
| 110-111 | Change | "the date of this Order and without" changed to "the Petition Date and without" |
| 112-114 | Change | "junior and" changed to "junior, (ii) the...hereinafter defined) and" |
| 115-116 | Change | "and (ii) the Carve" changed to "and (iii) the Carve" |
| 117 | Change | "Carve Out (the "Adequate" changed to "Carve Out, provided that...Order (the "Adequate" |
| 118 | Change | "Bankruptcy Code, limited" changed to "Bankruptcy Code equal in...18(b) below, limited" |
| 119 | Change | "at the rates" changed to "at the non-default contract rates" |
| 120 | Change | "limited to, fees owed" changed to "limited to, reasonable fees owed" |
| 121 | Change | "Agreements and" changed to "Agreements, and" |
| 122-123 | Change | "and (iv)  current" changed to "and (iv)  current" |
| 124-125 | Change | "as such;" changed to "as such (but excluding..."Creditors' Committee")." |
| 126 | Change | "Agent with any" changed to "Agent and the Creditors' Committee with any" |
| 127-128 | Change | "Lenders." changed to "Lenders; provided,...to the DIP Documents." |
| 129-130 | Insertion | (f)        Pre-Petition Letters...Letters of Credit. |
| 131 | Change | "of any Junior" changed to "of any Replacement Liens or Junior" |
| 132-134 | Insertion | The Pre-Petition Agent...in the Bankruptcy Code. |
| 135-136 | Change | "Agent and the Pre-Petition" changed to "Agent, the Pre-Petition" |

| 137 | Change | "Lenders, respectively," changed to "Lenders and the Setoff Claimants, respectively," |
|---|---|---|
| 138 | Change | "Liens and the" changed to "Liens, the Adequate...Liens and the" |
| 139 | Change | "and the Adequate" changed to "and the Junior Adequate" |
| 140-141 | Change | "otherwise." changed to "otherwise (other than as...to any such refinancing." |
| 142 | Change | "Agreement) and the...been paid in full, the" changed to "Agreement), the" |
| 143-144 | Change | "Code) that (i) the Superpriority" changed to "Code) that (x) the Superpriority" |
| 145 | Change | "Agent pursuant" changed to "Agent or the Setoff Claimants pursuant" |
| 146-147 | Change | "interest) and (ii) this Court" changed to "interest) and (y) this Court" |
| 148-149 | Change | "in (i) above." changed to "in (x) above." |
| 150-151 | Change | "limitation, any Committee," changed to "limitation, the Creditors' Committee," |
| 152 | Change | "matter (subject" changed to "matter, or commenced...litigation, (subject" |
| 153-154 | Change | "later than the date that...in the Cases (or such" changed to "later than January 16, 2006 (or such" |
| 155-157 | Change | "Collateral or (ii) otherwise" changed to "Collateral, (ii) seeking...Date, or (iii) otherwise" |
| 158 | Change | "to the allowance" changed to "to the appropriateness of...including the allowance" |
| 159 | Change | "Agreement or for any" changed to "Agreement or the allowance of any claim for any" |
| 160 | Change | "rights to contest" changed to "rights set forth above to contest" |
| 161 | Change | "filed, (x)" changed to "filed (or motion or other...such litigation), (x)" |
| 162 | Change | "matter is timely" changed to "matter (or motion or...litigation) is timely" |
| 163 | Change | "matter." changed to "matter (or motion or...such litigation)." |
| 164-165 | Change | "including any Committee," changed to "including the Creditors' Committee," |
| 166-170 | Change | "herein, any statutory...the U.S. Trustee shall" changed to "herein, the Creditors' Committee shall" |
| 171-172 | Change | "to $250,000, in the...committees, to perform" changed to "to $250,000 to perform" |

| 173 | Change | "hereby." changed to "hereby and no other...such investigations." |
|---|---|---|
| 174 | Change | "Junior" changed to "Setoff, Replacement Liens and Junior" |
| 175-178 | Change | "extent any person has a...hereby to such person." changed to "extent that a customer or...as of the Petition Date." |
| 179-180 | Insertion | (a)    Exercise of Set Off. ...order of the Court. |
| 181-182 | Insertion | (2)    Any Setoff Claimant...hereinafter set forth. |
| 183-184 | Insertion | (3)    In the event any...been fully exercised. |
| 185-186 | Insertion | (4)    Except as set forth...of the Cases. |
| 187-188 | Insertion | (b)    Adequate Protection. ...Protection Liens"): |
| 189-190 | Insertion | (i)    A replacement lien...and (y) the Carve-Out. |
| 191-192 | Insertion | (ii)    As further adequate...in such Collateral. |
| 193-194 | Insertion | (iii)    As further Adequate...paid in cash in full. |
| 195-196 | Insertion | 19.    Debtor Reimbursement...Claim (a "Debtor Lien"). |
| 197-198 | Insertion | 20.    All Debtor...under the DIP Documents. |
| 199-200 | Insertion | 21.    With respect to the...Code shall not apply. |
| 201-202 | Change | "19. JPMCB" changed to "22.    JPMCB" |
| 203-204 | Change | "20. Order" changed to "23.    Order" |
| 205-206 | Deletion | 21.    Prior Cash Collateral...further force or effect. |
| 207-208 | Change | "22. Binding" changed to "24.    Binding" |
| 209 | Change | "granted a Junior" changed to "granted a Replacement Lien or Junior" |
| 210-211 | Deletion | 23.    Final Hearing.  The...a.m. before this Court. |
| 212-214 | Deletion | The Debtors shall...prevailing Eastern time. |
| 215-216 | Insertion | 25.    Aircraft Leases. ...19 to 21 of this Order. |
| 217-218 | Insertion | 26.    Objections Overruled....hereby overruled. |
| 219-220 | Insertion | 27.    Committee Notices. ...Robert Rosenberg, Esq. |

| Statistics: | | |
|---|---|---|
|  | Count | % of content |
| Insertions | 158 | 31.68% |
| Deletions | 78 | 4.51% |
| Moves | 2 | 0.13% |

| | | |
|---|---|---|
| Matched | 109 | 63.68% |
| Format changed | 0 | 0.00% |

## EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-1.    Robert Bosch Corporation  (Docket No. 428)<br><br>Gordon J. Toering<br>Warner Norcross & Judd LLP<br>900 Fifth Third Center<br>111 Lyon St. NW<br>Grand Rapids, MI 49503-2487<br>(616) 752-2185 | Bosch objects to the DIP motion on the ground that it impairs Bosch's prepetition setoff rights without providing adequate protection.  Bosch requests that it be granted a superior replacement lien as adequate protection for its prepetition setoff rights. | The Debtors have proposed providing the following (the "Setoff Party Proposal"): **(a)** the Debtors shall provide to each holder of a valid setoff claim (each, a "Setoff Party"), subject to the payment of the Carve Out, a superpriority claim as provided for in section 507(b) of the Bankruptcy Code, with the limitations set forth in ordering paragraph 12(b) of the proposed Final Order; plus **(b)** if a Setoff Party makes payment to the Debtors on account of an ordinary course prepetition debt owed to the Debtors which amount could rightfully have been setoff by the Setoff Party (assuming such party received approval under 11 U.S.C. § 553) then the Debtors shall grant such Setoff Party a lien in its post-petition payables in the amount of such setoff, which liens shall be junior only to the liens of the DIP Agent and DIP Lenders; plus **(c)** the Debtors shall grant the Setoff Party liens in collateral of the Pre-Petition Secured Lenders, which liens shall be junior to the DIP Agent, the DIP Lenders and the Prepetition Secured Lenders, but senior to all other parties; plus **(d)** the Debtors shall grant such party liens in assets owned by the Debtors that were not pledged as collateral to the Pre-Petition Secured Lenders, which liens shall be junior only to the DIP Agent and DIP Lenders and shall be pari passu with the adequate protection liens granted to the Pre-Petition Secured Lenders; plus **(e)** the | See paragraph 18 |

# EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
**(Docket Order)**

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| | | Debtors shall allow the Setoff Party to setoff its valid prepetition claims against the Debtors against postpetition payables owed to the Debtors, provided that such prepetition claims arose in the ordinary course of the Debtors' business. | |
| A-2.    Mercedes-Benz U.S. International, Inc. (Docket No. 435)<br><br>Michael Leo Hall<br>Burr & Forman LLP<br>420 North 20th Street<br>Suite 3100<br>Birmingham, Alabama 35203<br>(205) 251-3000 | Mercedes-Benz objects to the DIP motion on the ground that it impairs Mercedes-Benz's prepetition setoff rights without providing adequate protection.  Mercedes-Benz also objects to the motion on the ground that there is no authority for the DIP lenders to eliminate or subordinate the rights of creditors secured by setoff rights. | See the Setoff Party Proposal. | See paragraph 18 |
| A-3.    Venture Plastics, Inc. (Docket No. 436)<br><br>Jeffrey M. Levinson<br>Margulies & Levinson LLP<br>30100 Chagrin Boulevard<br>Cleveland, Ohio 44124<br>(216) 514-4935 | Venture Plastics objects to the DIP motion on the ground that it impairs Venture Plastics's prepetition setoff rights without providing adequate protection.  Venture Plastics requests that it be granted a superior replacement lien as adequate protection for its prepetition setoff rights.  Venture Plastics adopts and incorporates by reference the limited objection of Bosch. | See the Setoff Party Proposal. | See paragraph 18 |

## EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-4.     Pension Benefit Guaranty Corporation (Docket No. 437)<br><br>Merrill Stone<br>Kelly Drye & Warren LLP<br>101 Park Avenue<br>New York, NY 10178<br>(212) 808-7800<br><br>Jeffrey Cohen<br>PBGC<br>1200 K Street, NW, Suite 340<br>Washington, D.C. 20005-4026<br>(202) 326-4020 | The PBGC objects to the DIP motion on the ground that it fails to adequately protect "lender" Debtors in connection with financing provided to "borrower" Debtors on account of intercompany advances. | The Debtors and the PBGC agreed to the following: in connection with intercompany loans where the borrower is a chapter 11 debtor, a lending entity shall be entitled to an administrative claim in the borrowing entity's chapter 11 case for each dollar lent to such borrower. | See paragraphs 19 & 20 |
| | The PBGC requests that the Court modify the cash management order and DIP order to grant to each lender Debtor junior liens and junior superpriority administrative expense claims against the estate of any corresponding borrower Debtor to the extent of any intercompany advances rendered. | The Debtors have added clarifying language to the Cash Management Order, which provides that to the extent there is a conflict between the Final DIP Order and the Cash Management Order as it relates to intercompany transactions, the Final DIP Order controls. | See paragraphs 19 & 20 |

## EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-5.   Calsonic Kansei North America, Inc. (Docket No. 442)<br><br>Roger Jones<br>Austin McMullen<br>Boult, Cummings, Conners, & Berry, PLC<br>1600 Division Street, Suite 700<br>Nashville, TN 37203<br>(615) 252-2323 | Calsonic Kansei objects to the DIP motion on the ground that it impairs Calsonic Kansei's prepetition setoff rights.  Calsonic Kansei further argues that the Debtors cannot meet their burden of proving that Calsonic Kansei is adequately protected. | See the Setoff Party Proposal. | See paragraph 18 |
| A-6.   DaimlerChrysler Corporation, on behalf of itself, DaimlerChrysler Motors Company, LLC and DaimlerChrysler Canada Inc. (Docket No. 450)<br><br>Jay Selanders<br>Daniels & Kaplan, P.C.<br>2405 Grand Boulevard<br>Suite 900<br>Kansas City, MO 64108 | DaimlerChrysler objects to the DIP motion on the ground that it impairs DaimlerChrysler's prepetition setoff rights without providing adequate protection. | See the Setoff Party Proposal. | See paragraph 18 |

## EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Mod-ification (if any) |
|---|---|---|---|
| A-7.    Decatur Plastic Prod-ucts, Inc.  (Docket No. 451)<br><br>Jeannette Eisan Hinshaw<br>Bose McKinney & Evans LLP<br>135 North Pennsylvania Street, Suite 2700<br>Indianapolis, Indiana 46204<br>(317) 684-5296 | Decatur Plastic objects to the DIP motion on the ground that it impairs Decatur Plastic's prepetition setoff rights without providing adequate protection.  Decatur Plastic requests that it be granted a superior replacement lien as adequate protection for its prepetition setoff rights. | See the Setoff Party Proposal. | See paragraph 18 |
| A-8.    Gibbs Die Casting Cor-poration (Docket No. 455)<br><br>Michael McCrory<br>Wendy Brewer<br>Barnes & Thornburg LLP<br>11 S. Meridian Street<br>Indianapolis, IN 46204<br>(317) 236-1313 | Gibbs objects to the DIP motion on the ground that it impairs Gibbs's prepetition setoff rights without providing adequate protection. | See the Setoff Party Proposal. | See paragraph 18 |
|  | To the extent that the DIP motion in any way attempts to subordinate or otherwise modify the rights of lienholders with liens arising by operation of law, including special tooling and mold liens, Gibbs objects to such subordination or modification and specifically requests adequate protection of Gibbs's interest in such tooling and molds. | With respect to the party's request to preserve liens arising by operation of law, the Debtors propose the language incorporated in paragraph 7(b), which provides that the DIP Agent's liens are subject to, among other things, (i) any valid, perfected and unavoidable interests in such property arising out of liens to which the liens of the Pre-Petition Secured Lenders become subject subsequent to the Petition Date as per-mitted by section 546(b) of the Bankruptcy Code and (ii) statutory liens or security interests arising after the Petition Date and permitted under the DIP Credit Agreement that by opera- | See paragraph 7(b) |

## EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| | | tion of law would have priority over a previously perfected security interest in such liens (the "Springing Lien Proposal"). | |
| A-9.  Lorentson Manufacturing Company, Inc. (Docket No. 458) <br><br> Jeannette Eisan Hinshaw Bose McKinney & Evans LLP 135 North Pennsylvania Street, Suite 2700 Indianapolis, Indiana 46204 (317) 684-5296 | Lorentson objects to the DIP motion on the ground that it impairs Lorentson's prepetition setoff rights without providing adequate protection.  Lorentson requests that it be granted a superior replacement lien as adequate protection for its prepetition setoff rights. | See the Setoff Party Proposal. | See paragraph 18 |
| A-10.  Autocam Corporation (Docket No. 459) <br><br> John Gregg Barnes & Thornburg LLP 300 Ottawa Avenue, NW, Suite 500 Grand Rapids, MI 49503 (616) 742-3930 | Autocam objects to the DIP motion on the ground that it impairs Autocam's prepetition setoff rights without providing adequate protection. | See the Setoff Party Proposal. | See paragraph 18 |
| | To the extent that the DIP motion in any way attempts to subordinate or otherwise modify the rights of lienholders with liens arising by operation of law, including special tooling and mold liens, Autocam objects to such subordination or modification and specifically requests adequate protection of Autocam's interest in such tooling and molds. | See the Springing Lien Proposal. | See paragraph 7(b) |

## EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-11.  Lorentson Manufacturing Company Southwest, Inc. (Docket No. 461)<br><br>Jeannette Eisan Hinshaw<br>Bose McKinney & Evans LLP<br>135 North Pennsylvania Street, Suite 2700<br>Indianapolis, Indiana 46204<br>(317) 684-5296 | Lorentson Southwest objects to the DIP motion on the ground that it impairs Lorentson Southwest's prepetition setoff rights without providing adequate protection.  Lorentson Southwest requests that it be granted a superior replacement lien as adequate protection for its prepetition setoff rights. | See the Setoff Party Proposal. | See paragraph 18 |
| A-12.  Ford Motor Company (Docket No. 495 and 623)<br><br>Jonathan S. Green<br>Timothy A. Fusco<br>Miller, Canfield, Paddock and Stone, P.L.C.<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226 | Ford objects to the DIP motion on the grounds that (i) it impairs Ford's prepetition setoff rights without providing adequate protection, (ii) there is no authority in the Bankruptcy Code for reordering priorities between two prepetition secured parties as a matter of adequate protection or otherwise, (iii) Ford's prepetition setoff rights expressly are preserved under section 553 of the Bankruptcy Code, and (iv) in the event that the interim DIP order is modified, the prepetition agent and Pre-Petition Secured Lenders should not be afforded section 364(e) "good faith" protections because the reordering of priorities between prepetition secured parties is wholly improper under the Bankruptcy Code.<br><br>Ford concurs in the objections filed by Mercedes-Benz, Gibbs Die Casting, Autocam, Bosch, Venture Plastics, Calsonic Kansei, Decatur Plastics, Lorentson Manufacturing, and DaimlerChrysler. | See the Setoff Party Proposal. | See paragraph 18 |

## EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| | In the event that its objections are overruled, Ford requests adequate protection in the form of first and senior replacement lien in all amounts are presently or hereafter owed to Debtors with the replacement lien to be senior to the Carve-Out, the DIP liens, the Adequate Protection liens and any other liens. | | |
| A-13.    Freescale Semiconductor, Inc. (Docket No. 501)<br><br>Sandra A. Riemer<br>Candice Frost<br>Phillips Nizer LLP<br>666 Fifth Avenue<br>New York, New York 10103<br>(212) 977-9700 | Freescale joins in the limited objections filed by Bosch, Mercedes-Benz, Venture Plastics, Calsonic Kansei, DaimlerChrysler, Decatur Plastics, Gibbs Die Casting, Lorentson Manufacturing, Autocam, and Lorentson Southwest in objecting to the DIP motion with respect to their setoff rights.<br><br>Freescale requests that its rights of setoff be adequately protected through priority over the liens and claims granted to the DIP lenders and the Pre-Petition Secured Lenders. | See the Setoff Party Proposal. | See paragraph 18 |
| A-14.    Nissan North America, Inc. (Docket No. 503)<br><br>David E. Lemke<br>Robert J. Welhoelter<br>Waller Lansden Dortch & Davis, PLLC<br>511 Union St., Suite 2700<br>Nashville, Tennessee 37219<br>(615) 244-6380 | Nissan joins the objections of Mercedes-Benz, DaimlerChrysler, Calsonic Kansei, Decatur Plastics, Autocam, Lorentson Manufacturing, Lorentson Southwest, Bosch, and Gibbs Die Casting in objecting to the DIP motion.<br><br>Nissan requests that the DIP motion be denied to the extent it seeks to prime or subordinate any of Nissan's setoff and/or recoupment rights, and that the order be clarified to reflect that none of Nissan's setoff and/or recoupment rights are primed or subordinated. | See the Setoff Party Proposal. | See paragraph 18 |

# EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-15.  Fujikura America, Inc. (Docket No. 506 and 648)<br><br>Robert W. Dremluk<br>Paul M. Baisier<br>Seyfarth Shaw LLP<br>1270 Avenue of the Americas, Suite 2500<br>New York, New York 10020<br>(212) 218-5500 | Fujikura joins the objections of Bosch, Mercedes-Benz, Venture Plastics, Calsonic Kansei, DaimlerChrysler, Decatur Plastics, Gibbs Die Casting, Lorentson Manufacturing, Autocam, and Lorentson Southwest in objecting to the DIP motion to the extent that it seeks to subordinate any of Fujikura's prepetition setoff rights absent adequate protection.<br><br>Fujikura requests that it be granted a superior replacement lien as adequate protection for its prepetition setoff rights. | See the Setoff Party Proposal. | See paragraph 18 |
|  | This objection requests protection of Fujikura's reclamation rights. | With respect to the party's request to preserve its reclamation right, the Debtors' request the Court to deny such relief on the grounds that (a) objector failed to raise the issue with sufficient specificity to alert the Debtors as to the nexus of the issue; and (b) the Debtors do not believe that the Final DIP Order affects the party's reclamation rights in a way that contradicts the law (the "Reclamation Proposal"). | N/A |

9

# EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-16.    Murata Electronics North America, Inc. (Docket No. 507 and 649)<br><br>Robert W. Dremluk<br>Paul M. Baisier<br>Seyfarth Shaw LLP<br>1270 Avenue of the Americas, Suite 2500<br>New York, New York 10020<br>(212) 218-5500 | Murata joins the objections of Bosch, Mercedes-Benz, Venture Plastics, Calsonic Kansei, DaimlerChrysler, Decatur Plastics, Gibbs Die Casting, Lorentson Manufacturing, Autocam, and Lorentson Southwest in objecting to the DIP motion to the extent that it seeks to subordinate any of Murata's prepetition setoff rights absent adequate protection.<br><br>Murata requests that it be granted a superior replacement lien as adequate protection for its prepetition setoff rights. | See the Setoff Party Proposal. | See paragraph 18 |
| | This objection requests protection of Murata's reclamation rights. | See the Reclamation Proposal. | N/A |
| A-17.    Flextronics International Asia Pacific Ltd. And Flextronics Technology (M) Sdn. Bhd.  (Docket No. 511)<br><br>Steven Reisman<br>sreisman@cm-p.com<br>Curtis, Mallet-Prevost, Colt and Mosle LLP<br>101 Park Ave<br>NY, NY 10178<br>Tel: (212) 696-6000<br>Fax: (212) 697-1559 | Flextronics joins in with other limited objections and requests adequate protection for their prepetition setoff right. | See the Setoff Party Proposal. | See paragraph 18 |
| | Flextronics requests the preservation of their reclamation rights. | See the Reclamation Proposal. | |

# EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-18.    Multek Flexible Circuits, Inc., Sheldahl de Mexico S.A. de C.V. and Northfield Acquisition Co.  (Docket No. 512)<br><br>Steven Reisman<br>sreisman@cm-p.com<br>Curtis, Mallet-Prevost, Colt and Mosle LLP<br>101 Park Ave<br>NY, NY 10178<br>Tel: (212) 696-6000<br>Fax: (212) 697-1559 | Multek Flexible joins Flextronics International's limited objection and request for adequate protection for prepetition setoff rights. | See the Setoff Party Proposal. | See paragraph18 |
| | Multek requests the  preservation of reclamation rights. | See the Reclamation Response. | |

# EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-19.   Omega Tool Corp., L&W Engineering Co., Southtec, LLC, DOTT Industries, Inc., ALPS Automotive, Inc., Pioneer Automotive Technologies, Inc., Lakeside Plastics Limited, Android Industries, Inc., Ai-Doraville, LLC, and Ai-Genesee, LLC (Docket No. 551)<br><br>Sanford P. Rosen<br>Kenneth M. Lewis<br>SANFORD P. ROSEN & ASSOCIATES, P.C.<br>747 Third Avenue<br>New York, NY 10017-2803<br>(212) 223-1100<br><br>Daniel J. Weiner<br>Ryan D. Heilman<br>SCHAFER AND WEINER, PLLC<br>40950 Woodward Ave. Ste. 100<br>Bloomfield Hills, MI 48304<br>(248) 540-3340 | Omega, et al., object to the order to the extent that it primes or otherwise impairs the rights of the objecting parties in connection with their prepetition liens and any of their rights under 546(b).  The objection requests that the Final Order either (i) provide that the liens and claims granted thereunder do not have priority over the objecting parties' pre-existing liens and rights under section 546, or (ii) provide adequate protection to the objecting parties. | See the Springing Lien Proposal. | See paragraph 7(b) |
|  | Object to the Order to the extent that it seeks to subordinate any of the objecting parties' prepetition setoff rights absent adequate protection. | See the Setoff Party Proposal. | See paragraph 18 |

## EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-20.    Ad Hoc Committee of Lenders (Docket No. 553)<br><br>Allan S. Brilliant<br>Emanuel C. Grillo<br>Brian W. Harvey<br>GOODWIN PROCTER LLP<br>Counsel for the Ad Hoc Committee<br>599 Lexington Avenue<br>New York, New York 10022<br>(212) 813-8800 | Priming the Prepetition Lenders should not be allowed because sufficient postpetition financing is available on a nonpriming basis and priming the liens of the prepetition lenders without their consent is an extraordinary remedy that implicates their constitutionally protected property rights.<br><br>The objection also asserts that the Debtors have not met their burden under 364(d)(1) to establish that (1) the Debtors cannot obtain credit otherwise, and (2) existing lienholders are adequately protected.<br><br>The prepetition lenders are not adequately protected by junior replacement liens and less than current pay of the contract rate of interest due under the credit agreement. | The Debtors have proposed providing: (a) the Ad Hoc lenders (and the other Pre-Petition Secured Lenders) liens junior to the DIP Agent, but pari passu with holders of valid setoff rights in prepetition collateral that was not included as part of the prepetition lenders' collateral under the applicable credit agreement; (b) replacement liens on new collateral junior only to the DIP Agent; (c) section 507(b) priority to such parties' prepetition secured claims; (d) payment of current interest at the contract rate; (e) access to Collateral to the Pre-Petition Agent; and (f) access to certain financial information to be provided to the Pre-Petition Agent. | See paragraphs 12 & 13 |

# EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
**(Docket Order)**

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| | Requested adequate protection package: (1) Requesting that Debtors pay interest at the default rate (applicable rate plus 2%) and principal amortization for adequate protection; (2) Debtors should reduce prepetition debt by $25 million per quarter; (3) 100% of asset sales outside of the ordinary course should go to premanently reduce the DIP facility; (4) repayment of all reimbursable expenses of the Prepetition Lenders; (5) Prepetition Lenders should be granted liens and security interests in all of the Debtors remaining assets including a pledge of the Excluded Stock (100% of stock in foreign subsidiaries unless Debtors can show that the tax consequences significantly outweigh the benefit to the Prepetition Lenders); (6) The Final Order should not include any waiver of the right to object to any relief sought by the Debtors (sale, assignment or release) in respect of the property comprising the Collateral, whether as parties-in-interest in the Debtors' chapter 11 cases or as holders of interests in such Collateral under section 363(f) of the Bankruptcy Code; (7) the Final Order should expressly reserve the rights of the Prepetition Agent and the Prepetition Lenders to request further or different adequate protection under sections 361, 363(e) and 364(d)(2) of the Bankruptcy Code; and (8) The Interim Order should be clarified to reflect that the Junior Adequate Protection Liens granted to any person in respect of its valid and non-avoidable right to setoff in respect of its prepetition payables as of the Petition Date shall be subject and subordinate to (and shall not prime) all valid, enforceable, non-avoidable and fully-perfected first priority liens in existence as of the Petition Date, including the liens of the Prepetition Lenders in the Prepetition Collateral and the replacement liens granted to the Prepetition Lenders in the Collateral. | | |

## EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-21.    Bank of America N.A. (Docket No. 565)<br><br>Patrick E. Mears<br>BARNES & THORNBURG LLP<br>Attorneys for Bank of America, N.A.<br>300 Ottawa Avenue, NW, Suite 500<br>Grand Rapids, Michigan 49503<br>Telephone: (616) 742-3936<br>Facsimile: (616) 742-3999<br>Email: pmears@btlaw.com | Bank of America objects to the Motion on the following grounds: (i) the Debtors should not grant any lien or security interest whatsoever in the aircraft leases between Bank of America, as lessor, and Delphi Automotive Systems Human Resources LLC ("Delphi HR") nor in any of the personal property subject to these leases; and (ii) if any such lien or interest in Delphi HR's leasehold interests is granted pursuant to the Motion, such interest should only attach to Delphi HR's interests therein and should be subordinate and junior in all respects to the interests of Bank of America. | The Debtors shall not grant the DIP Agent or DIP Lenders liens on aircrafts. | See paragraph 25 |
|  | In addition, Bank of America objects to the grant of any DIP Liens in the Management Agreement and the Charter Agreement and any revenues generated therefrom unless they are deemed junior and subordinate to the liens held by Bank of America in these assets and unless Bank of America's liens in these assets are granted adequate protection. |  |  |
|  | Bank of America objects to any attempt in the Motion and the proposed financing order to encumber in any fashion Bank of America's rights and interests under a certain foreign exchange swap agreement with Delphi Corporation, which is a guarantor of the aircraft leases. | Setoff: Bank of America is protected by Bankruptcy Code "safe harbor"; Bank of America is protected to the extent its swap is collateralized | See paragraph 3(a) |
|  | Bank of America objects to the grant of any liens or security interests, including the DIP Liens and any adequate protection liens, in any of Bank of America's collateral serving as security for the obligations of Delphi HR and the two lease guarantors which collateral includes cash collateral under section 363(a) of the Federal Bankruptcy Code. |  |  |
|  | The Bank also objects to the proposed Financing Order for the use of Bank of America's collateral without granting adequate protection. |  |  |

## EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-22.  Honda of America Manufacturing, Inc. (Docket No. 577)<br><br>Robert J. Sidman<br>Robert A. Bell<br>VORYS, SATER, SEYMOUR AND PEASE LLP<br>52 East Gay Street<br>P.O. Box 1008<br>Columbus, Ohio 43215<br>(614) 464-6422 | Honda joins the objection of Mercedes-Benz International, Inc., DaimlerChrysler Corporation, Robert Bosch Corporation in objecting to the any impairment of its setoff rights.  Honda objects to entering the Order with the current setoff provision. | See the Setoff Party Proposal. | See paragraph 18 |
| A-23.  OSRAM Opto Semiconductors Inc. (Docket No. 589)<br><br>Robert L. Eisenbach III<br>Gregg S. Kleiner<br>101 California Street,<br>5th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 693-2000<br>Facsimile: (415) 693-2222<br>Email:reisenbach@cooley.com | OSRAM requests that the Court modify the Final Order to expressly provide that the relief granted does not impair or subordinate OSRAM's setoff rights. | See the Setoff Party Proposal. | See paragraph 18 |
|  | OSRAM requests that the relief granted does not impair or subordinate its reclamation rights. | See the Reclamation Response. |  |

# EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-24.  Worthington Steel Company and Worthington Steel of Michigan, Inc. (Docket No. 590)<br><br>Tiffany Strelow Cobb VORYS, SATER, SEYMOUR AND PEASE LLP<br>52 East Gay Street<br>P.O. Box 1008<br>Columbus, Ohio 43215<br>(614) 464-8322 | Worthington joins the objection of Mercedes-Benz International, Inc., DaimlerChrysler Corporation, Robert Bosch Corporation in objecting to the any impairment of its setoff rights.  Worthington objects to entering the Final Order with the current setoff provision. | See the Setoff Party Proposal. | See paragraph 18 |
| A-25.  Hitachi Automotive Products (Docket No. 591)<br><br>Brian D. Spector, Esq.<br>30 Columbia Turnpike<br>Florham Park, New Jersey 07932<br>Tel: (973) 593-4800<br>Fax: (973) 593-4848<br>E-mail: bspector@selawfirm.com | Hitachi joins in the limited objections filed by other creditors with respect to their request that the right of setoff be preserved for all suppliers to the Debtors.<br><br>Hitachi's right of setoff should be adequately protected in the form of priority over the liens and claims to be granted to the Agent, the DIP Lenders, the Pre-Petition Agent and the Pre-Petition Secured Lenders pursuant to the Motion and the Financing. | See the Setoff Party Proposal. | See paragraph 18 |
|  | Hitachi requests that the Final Order specifically provide that the relief granted therein, does not impact in any way any valid reclamation claim of Hitachi that existed as of the Petition Date or otherwise. | See the Reclamation Proposal. | N/A |

# EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-26.  National Molding Corp and Security Plastics Division/NMC, LLC (Docket No. 600)<br><br>PRYOR & MANDELUP, L.L.P.<br>Kenneth A. Reynolds, Esq.<br>675 Old Country Road<br>Westbury, New York 11590<br>(516) 997-0999<br>kar@pryormandelup.com | National Molding Corp. and Security Plastics Division/NMC, LLC join the objections of Omega Tool Corp., L&W Engineering Co., Southtec, LLC, Dott Industries, Inc., ALPS Automotive, Inc., Pioneer Automotive Technologies, Inc., Lakeside Plastics Limited, Android Industries, Inc., AI-Doraville, LLC and AI-Genesee, LLC requesting for adequate protection for pre-petition set off rights. | See the Setoff Party Proposal. | See paragraph 18 |
| | The objecting parties are also asking for preservation of reclamation rights. | See the Springing Lien Response. | See paragraph 7(b) |
| A-27.  JPMorgan Chase Bank, N.A. (as administrative agent to approx. 250 senior secured lenders (Docket No. 612)<br><br>Bruce D. Angiolillo<br>Kenneth S. Ziman<br>William T. Russell, Jr.<br>SIMPSON THACHER & BART-LETT LLP<br>425 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 455-2000<br>Fax: (212) 455-2502 | JPMorgan Chase is not objecting to the Final DIP Order subject to its confirmation that the Order incorporates the changes agreed to by JPMorgan Chase and the Debtors and is otherwise in satisfactory form and substance and that no other changes are adverse to the interests of JPMorgan Chase. | N/A | N/A |

## <u>EXHIBIT B</u>

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-28.   Arneses Electronics Automotrices, S.A. de C.V. and Cordaflex, S.A. de C.V.  (Docket No. 619)<br><br>Deborah M. Buell<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>212-225-2770 (telephone)<br>212-225-3999 (fax) | Request that Order be modified to expressly provide that the relief granted therein does not impair or subordinate its setoff rights.<br><br>Join other limited objections filed by other creditors with respect to the request that setoff rights be preserved. | See the Setoff Party Proposal. | See paragraph 18 |
| | Request that Order be modified to expressly provide that the relief granted therein does not impair or subordinate its reclamation rights. | See the Reclamation Response. | |

# EXHIBIT B

## SUMMARY OF OBJECTIONS TO DIP
### (Docket Order)

A total of 36 objections were filed.  Each is summarized herein.

| Objecting Party | Summary of Objection | Resolution, Response or Proposal | DIP Order Modification (if any) |
|---|---|---|---|
| A-29.    Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. (Docket No. 631)<br><br>John S. Mairo<br>Brett S. Moore<br>PORZIO, BROMBERG & NEWMAN, P.C.<br>(Mail to) P.O. Box 1997, Morristown, NJ 07962-1997<br>(Delivery to) 100 Southgate Parkway, Morristown, NJ 07960<br>Telephone (973) 538-4006<br>Facsimile (973) 538-5146<br>-and-<br>156 West 56th Street<br>New York, NY 10019 | Neuman is requesting adequate protection for pre-petition set off rights and joins the other limited objections. | See the Setoff Party Proposal. | See paragraph 18 |
|  | Neuman is requesting the preservation of reclamation rights. | See the Reclamation Response. |  |