UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

DELPHI CORPORATION, *et al.*,

Debtors.

Chapter 11
Case No. 05-44481 (RDD)
Jointly Administered

-------------------------------------------------------------------------------- x

**SUBPOENA**

TO:    **Kevin C. Kelley**
       **JPMorgan Chase Bank, N.A.**
       270 Park Avenue, 39th Floor
       New York, NY 10017

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE of Testimony | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|

**X YOU ARE COMMANDED to produce and permit inspection and copying of documents listed on Annex I or objects at the place, date, and time specified below on Annex I.**

| PLACE | DATE AND TIME |
|---|---|
| Shearman & Sterling LLP<br>599 Lexington Avenue<br>New York, New York 10022<br>(212) 848-4000 | October 25, 2005<br>7:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Lynette C. Kelly | October 25, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**Lynette C. Kelly, Esq. (LK-7971), Shearman & Sterling LLP, Counsel for the Debtors, 599 Lexington Avenue, New York, NY 10022 (212) 848-4000**

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
DATE                                              SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

**Rule 45, Fed.RCiv.P., Parts (c) and (d)  made applicable in cases under Bankruptcy code by Rule 9016, Fed. R. Bankr. P.**

(C)PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) OF THIS RULE, A PERSON COMMANDED TO PRODUCE AND PERMIT INSPECTION AND COPYING MAY, WITHIN 14 DAYS AFTER SERVICE OF THE SUBPOENA OR BEFORE THE TIME SPECIFIED FOR COMPLIANCE IF SUCH TIME IS LESS THAN 14 DAYS AFTER SERVICE, SERVE UPON THE PARTY OR ATTORNEY DESIGNATED IN THE SUBPOENA WRITTEN OBJECTION TO INSPECTION OR COPYING OF ANY OR ALL OF THE DESIGNATED MATERIALS OR OF THE PREMISES.  If OBJECTION is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any item for an order to compel the production Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commended..

(3)(A) On timely motion- the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance:

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place

where that person resides, is employed or regularly transacts Business in person, except that, subject to the provisions of clause (cX3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B)    If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not a the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------------x

In re

DELPHI CORPORATION, *et al.,*.

                                    Debtors.

------------------------------------------------------------------------------------x

Chapter 11
Case No. 05-44481 (RDD)
Jointly Administered

---

## SUBPOENA

---

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
333 WEST WACKER DRIVE, SUITE 2100
CHICAGO, ILLINOIS 60606
(312) 407-0700

-and-

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
FOUR TIMES SQUARE
NEW YORK, NEW YORK 10036
(212) 735-3000

-and-

**SHEARMAN & STERLING LLP**
599 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 848-4000
ATTORNEYS FOR THE DEBTORS

## INSTRUCTIONS AND DEFINITIONS

1.    Unless otherwise indicated, the documents requested to be inspected in this Subpoena include all documents your possession, custody, or control. Without limitation of the terms "possession, custody, or control" as used in the preceding sentence, a document is in your  possession, custody or control if you have actual possession or custody or constructive possession, in that you have the right or the ability to obtain the document or a copy thereof upon demand from another person or public or private entity that has actual physical possession thereof, such as your attorneys.

2.    All documents are to be produced in their entirety, without abbreviation or redaction, and including both front and back thereof.  Requests for documents shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or any other annexes or attachments to the documents, in addition to the document itself.

3.    For each document the production of which is withheld because it is claimed to be privileged, because it is claimed to be attorneys' work product, or because of any other ground of non-production, identify, at the time that documents are produced:

(a)  the nature of the privilege (including work product) or other ground of non-production that is being claimed; and, if the ground of non-production is a privilege, and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's or country's privilege rule being invoked; and

(b)  (i) the type of document; (ii) general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, persons who received copies of the document, and, where not apparent, the relationship of the author and addressee to each other.

If a portion of an otherwise responsive document contains information subject to a claim of privilege, work product or other ground of non-production, those portions of the document subject to such claim shall be deleted or redacted from the document, the material redacted or deleted shall be specified in the privilege log, and the rest of the document shall be produced.

4.    Each paragraph and subparagraph of this subpoena and inspection shall be construed independently and without reference to any other paragraph or subparagraph for the purpose of limitation.

5.    If any document request cannot be complied with in full, it shall be complied with to the fullest extent possible, and an explanation shall be given as to why full compliance is not possible.

6.    For any document requested herein which was formerly in your possession, custody or control but which has been lost or destroyed:

(a) describe in detail the nature of the document and its contents;

(b) identify the person who prepared or authored the document, and, if applicable, the person to whom it was sent;

(c) specify the date on which the document was prepared or transmitted;

(d) specify, if possible, the date on which the document was lost or destroyed and, if destroyed, the manner of and reasons for such destruction and the persons authorizing, performing and having knowledge of the destruction; and

(e) specify in detail all efforts that were made to maintain or preserve the document.

7.    With respect to the documents produced, you shall produce them as they are kept in the usual course of business.

8.    These requests shall be deemed continuing so as to require further and supplemental responses by you in the event that they obtain or discover additional information after the time of their initial response.

9.    Unless otherwise indicated, these Requests seek responsive documents authored, generated, disseminated, drafted, produced, reproduced, or otherwise created or distributed from June 1, 2005 through October 25, 2005.

10.    "Prepetition Agent" means JPMorgan Chase Bank, N.A., as administrative agent under the Prepetition Credit Agreement.

11.    "Prepetition Credit Agreement" means the Third Amended and Restated Credit Agreement, dated as of June 14, 2005, among Delphi Corporation, as borrower, JPMorgan Chase Bank, N.A., as administrative agent, the lenders from time to time party thereto, Citicorp USA, Inc., as syndication agent, Credit Suisse First Boston, Deutsche Bank AG, New York Branch, and HSBC Bank USA, as co-documentation agents for the revolving facility, Deutsche Bank AG, New York Branch, as documentation agent for the term facility, J.P. Morgan Securities Inc. and Citigroup Global Markets Inc., as joint bookrunners for the revolving facility, J.P. Morgan Securities Inc., Citigroup Global Markets, Inc., and Deutsche Bank Securities Inc., as joint bookrunners for the term facility, J.P. Morgan Securities Inc. and Citigroup Global Markets, Inc., as joint lead arrangers.

12.    "Prepetition Secured Lenders" means the lenders from time to time party thereto under the Prepetition Credit Agreement.

Annex I

**Subpoenaed Documents**

Please produce:

1.    All documents with respect to the Prepetition Secured Lenders of record, under the Prepetition Credit Agreement as of the following dates:

A.    October 8, 2005;

B.    October 11, 2005; and

C.    October 25, 2005 or as of the most recent date available.

2.    All documents with respect to Prepetition Secured Lenders who rejected and accepted the prepayment offered by Delphi Corporation in connection with the sale of Delphi Corporation's joint venture interest in Ambrake Corporation on September 9, 2005 and October 7, 2005.

3.    All documents relating to assignments of debt under the Prepetition Credit Agreement that, as of October 25, 2005 have not been recorded on the register.

4.    All documents relating to any possible filing of an objection by the Prepetition Secured Lenders to Delphi Corporation's motion to obtain post-petition financing.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

DELPHI CORPORATION, *et al.*,

                                        Debtors.

Chapter 11
Case No. 05-44481 (RDD)
Jointly Administered

--------------------------------------------------------------------------------- x    **SUBPOENA**

TO:    **Kevin C. Kelley**
       **JPMorgan Chase Bank, N.A.**
       270 Park Avenue, 39th Floor
       New York, NY 10017

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE of Testimony | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|

**X YOU ARE COMMANDED to produce and permit inspection and copying of documents listed on Annex I or objects at the place, date, and time specified below on Annex I.**

| PLACE | DATE AND TIME |
|---|---|
| Shearman & Sterling LLP<br>599 Lexington Avenue<br>New York, New York 10022<br>(212) 848-4000 | October 25, 2005<br>2:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Lynette C. Kelly | October 25, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**Lynette C. Kelly, Esq. (LK-7971), Shearman & Sterling LLP, Counsel for the Debtors, 599 Lexington Avenue, New York, NY 10022 (212) 848-4000**

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

**Rule 45, Fed.RCiv.P., Parts (c) and (d)  made applicable in cases under Bankruptcy code by Rule 9016, Fed. R. Bankr. P.**

(C)PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the patty or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) OF THIS RULE, A PERSON COMMANDED TO PRODUCE AND PERMIT INSPECTION AND COPYING MAY, WITHIN 14 DAYS AFTER SERVICE OF THE SUBPOENA OR BEFORE THE TIME SPECIFIED FOR COMPLIANCE IF SUCH TIME IS LESS THAN 14 DAYS AFTER SERVICE, SERVE UPON THE PARTY OR ATTORNEY DESIGNATED IN THE SUBPOENA WRITTEN OBJECTION TO INSPECTION OR COPYING OF ANY OR ALL OF THE DESIGNATED MATERIALS OR OF THE PREMISES.  if OBJECTION is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any item for an order to compel the production Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commended..

(3)(A) On timely motion- the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance:

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place

where that person resides, is employed or regularly transacts Business in person, except that, subject to the provisions of clause (cX3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B)      If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not a the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they arc kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------x

In re

DELPHI CORPORATION, *et al.*,.

                       Debtors.

-------------------------------------------------------------------------------x

Chapter 11
Case No. 05-44481 (RDD)
Jointly Administered

---

# SUBPOENA

---

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
333 WEST WACKER DRIVE, SUITE 2100
CHICAGO, ILLINOIS 60606
(312) 407-0700

-and-

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
FOUR TIMES SQUARE
NEW YORK, NEW YORK 10036
(212) 735-3000

-and-

**SHEARMAN & STERLING LLP**
599 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 848-4000
ATTORNEYS FOR THE DEBTORS

# **INSTRUCTIONS**

1.    Unless otherwise indicated, the documents requested to be inspected in this Subpoena include all documents your possession, custody, or control. Without limitation of the terms "possession, custody, or control" as used in the preceding sentence, a document is in your possession, custody or control if you have actual possession or custody or constructive possession, in that you have the right or the ability to obtain the document or a copy thereof upon demand from another person or public or private entity that has actual physical possession thereof, such as your attorneys.

2.    All documents are to be produced in their entirety, without abbreviation or redaction, and including both front and back thereof. Requests for documents shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or any other annexes or attachments to the documents, in addition to the document itself.

3.    For each document the production of which is withheld because it is claimed to be privileged, because it is claimed to be attorneys' work product, or because of any other ground of non-production, identify, at the time that documents are produced:

   (a)   the nature of the privilege (including work product) or other ground of non-production that is being claimed; and, if the ground of non-production is a privilege, and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's or country's privilege rule being invoked; and

   (b)   (i) the type of document; (ii) general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, persons who received copies of the document, and, where not apparent, the relationship of the author and addressee to each other.

If a portion of an otherwise responsive document contains information subject to a claim of privilege, work product or other ground of non-production, those portions of the document subject to such claim shall be deleted or redacted from the document, the material redacted or deleted shall be specified in the privilege log, and the rest of the document shall be produced.

4.    Each paragraph and subparagraph of this subpoena and inspection shall be construed independently and without reference to any other paragraph or subparagraph for the purpose of limitation.

5.    If any document request cannot be complied with in full, it shall be complied with to the fullest extent possible, and an explanation shall be given as to why full compliance is not possible.

6.    For any document requested herein which was formerly in your possession, custody or control but which has been lost or destroyed:

(a) describe in detail the nature of the document and its contents;

(b) identify the person who prepared or authored the document, and, if applicable, the person to whom it was sent;

(c) specify the date on which the document was prepared or transmitted;

(d) specify, if possible, the date on which the document was lost or destroyed and, if destroyed, the manner of and reasons for such destruction and the persons authorizing, performing and having knowledge of the destruction; and

(e) specify in detail all efforts that were made to maintain or preserve the document.

7.      With respect to the documents produced, you shall produce them as they are kept in the usual course of business.

8.      These requests shall be deemed continuing so as to require further and supplemental responses by you in the event that they obtain or discover additional information after the time of their initial response.

9.      Unless otherwise indicated, these Requests seek responsive documents authored, generated, disseminated, drafted, produced, reproduced, or otherwise created or distributed from June 1, 2005 through October 25, 2005.

Annex I

## **Subpoenaed Documents**

      1.      Please produce all documents concerning the appraisal and/or value of certain machinery and equipment of Delphi Corporation and its subsidiaries prepared by, or for you, in your capacity as administrative agent under the Revolving Credit, Term Loan and Guaranty Agreement, dated as of October 14, 2005 among Delphi Corporation, as borrower, subsidiaries of Delphi Corporation parties thereto, as guarantors, each a debtor and debtor-in-possession, the several banks and other financial institutions parties to such agreement and JPMorgan Chase Bank, N.A., as administrative agent for such lenders.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

DELPHI CORPORATION, *et al.*,

                   Debtors.

Chapter 11
Case No. 05-44481 (RDD)
Jointly Administered

-------------------------------------------------------------------x

**SUBPOENA**

TO:    **Thomas Maher**
       **JPMorgan Chase Bank, N.A.**
       270 Park Avenue, 39th Floor
       New York, NY 10017

**X YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time
specified below to testify in the above case.**

| PLACE of Testimony | COURTROOM 610 |
|---|---|
| **United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, NY 10004-1408** | DATE AND TIME October 27, 2005, 10:00 a.m. |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a
deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of documents listed on Annex I or
objects at the place, date, and time specified below on Annex I.

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| | 10/26/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**Lynette C. Kelly, Esq. (LK-7971), Shearman & Sterling LLP, Counsel for the Debtors, 599 Lexington
Avenue, New York, NY 10022 (212) 848-4000**

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |
| SERVED BY (PRINT NAME) | TITLE |
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                     DATE                                                    SIGNATURE OF SERVER

                                                                      _____
                                                                      ADDRESS OF SERVER

                                                                      _____

**Rule 45, Fed.RCiv.P., Parts (c) and (d)  made applicable in cases under Bankruptcy code by Rule 9016, Fed. R. Bankr. P.**

(C)PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the patty or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) OF THIS RULE, A PERSON COMMANDED TO PRODUCE AND PERMIT INSPECTION AND COPYING MAY, WITHIN 14 DAYS AFTER SERVICE OF THE SUBPOENA OR BEFORE THE TIME SPECIFIED FOR COMPLIANCE IF SUCH TIME IS LESS THAN 14 DAYS AFTER SERVICE, SERVE UPON THE PARTY OR ATTORNEY DESIGNATED IN THE SUBPOENA WRITTEN OBJECTION TO INSPECTION OR COPYING OF ANY OR ALL OF THE DESIGNATED MATERIALS OR OF THE PREMISES.  if OBJECTION is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any item for an order to compel the production Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commended..

(3)(A) On timely motion- the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts Business in person, except that, subject to the provisions of clause (cX3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B)      If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not a the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they arc kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------x

In re

DELPHI CORPORATION, *et al.*,.

                                    Debtors.

-------------------------------------------------------------------------------x

Chapter 11
Case No. 05-44481 (RDD)
Jointly Administered

---

# SUBPOENA

---

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
333 WEST WACKER DRIVE, SUITE 2100
CHICAGO, ILLINOIS 60606
(312) 407-0700

-and-

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
FOUR TIMES SQUARE
NEW YORK, NEW YORK 10036
(212) 735-3000

-and-

**SHEARMAN & STERLING LLP**
599 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 848-4000
ATTORNEYS FOR THE DEBTORS

# **EXHIBIT O**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                           :
         In re                                             :
                                                           :    Chapter 11
DELPHI CORPORATION, et al.,                                :
                                                           :    Case No.  05 – 44481 (RDD)
                              Debtors.                     :
                                                           :    (Jointly Administered)
                                                           :
---------------------------------------------------------- x

<u>ORDER TO SHOW CAUSE</u>

Upon the motion, dated October 8, 2005 (the "Motion"),[1] of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an

order under sections 105, 363, 1107, and 1108 of title 11 of the United States Code, 11

U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), and Fed. R. Bankr. P. 6004 and

9019 authorizing the continuation of the Debtors' prepetition vendor rescue program

and the payment of prepetition claims of financially-distressed sole source suppliers

and vendors without enforceable contracts; and upon the order of this Court, entered

October 13, 2005 (the "October 13th Order"), granting the relief requested in the Motion;

and upon the Debtors' notice of waiver, dated October 26, 2005, with respect to The Lee

Company ("Supplier"); and it appearing that proper and adequate notice of the Debtors'

request for entry of this Order to Show Cause (the "Show Cause Order") has been given

---

[1]        Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in
the Motion.

and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Debtors have complied with the procedures provided in paragraph 8 of the October 13 Order in determining to waive the conditions for payment of a prepetition claim under the Essential Supplier Claims Cap (as defined in the Motion) with respect to Supplier and conditionally paying prepetition claims of Supplier in the amount of $58,617.80 on or after October 21, 2005.

2.    Supplier is hereby ordered to show cause before this Court at a hearing to be held at **10:00 a.m. Prevailing Eastern Time on November 29, 2005** before the Honorable Robert D. Drain, United States Bankruptcy Judge, in the Bankruptcy Court, Courtroom 610, One Bowling Green, New York, New York 10004-1408 (the "Hearing") why the Supplier should not be held in violation of the automatic stay provisions of 11 U.S.C. § 362 for willfully threatening to withhold essential goods from the Debtors under one or more contracts between the Debtors and Supplier, which action was automatically stayed by the Debtors' filing of voluntary petitions in this Court for reorganization relief under chapter 11 of the Bankruptcy Code.

3.    Service of this Show Cause Order is to be made by service upon (a) the Supplier, (b) the Office of the United States Trustee, (c) counsel for the official committee of unsecured creditors appointed in these cases pursuant to section 1102 of the Bankruptcy Code, (d) counsel for the agent under the Debtors' prepetition credit facility, and (e) counsel for the agent under Debtors' postpetition credit facility.  Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid.

No further notice of the Hearing or of the entry of this Show Cause Order need be
served by the Debtors.

4.    In accordance with the Case Management Order dated October 14,
2005, objections and responses, if any, must (a) be in writing, (b) conform to the Federal
Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern
District of New York, (c) be filed with the Bankruptcy Court in accordance with General
Order M-242, as amended (registered users of the Bankruptcy Court's case filing system
must file electronically and all other parties-in-interest must file on a 3.5 inch disk,
preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-
based word processing format), (d) be submitted in hard-copy form directly to the
chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e)
served upon: (i) conflicts counsel to the Debtors, Togut, Segal & Segal LLP, One Penn
Plaza, Suite 3335, New York, New York 10119 (Attn:  Albert Togut, Esq.), (ii) counsel to
the Debtors, Skadden, Arps, Slate, Meagher & Flom, 333 West Wacker Drive, Suite 2100,
Chicago, Illinois 60606 (Attn:  John Wm. Butler, Jr, Esq.), (iii) counsel to the agent under
the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington
Avenue, New York, New York 10017 (Attn:  Marissa Wesley, Esq.), (iv) counsel to the
agent under the Debtors' postpetition credit facility, Davis Polk & Wardell, 450
Lexington Avenue, New York, New York 10017 (Attn:  Marlane Melican, Esq.), (v)
counsel to the Creditors Committee, Latham Watkins, LLP Latham & Watkins LLP, 885
Third Avenue, Suite 1000, New York, NY 10022-4068 (Attn:  Robert Rosenberg, Esq.);
and (vi) the United States Trustee for the Southern District of New York, 33 Whitehall
Street, Suite 2100, New York, New York 10004 (Attn:  Deirdre A. Martini, Esq.) so as to
be **received** no later than seven (7) calendar days prior to the Hearing.

3

5.    This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Show Cause Order.


Dated:     New York, New York
           October ___, 2005



_____
UNITED STATES BANKRUPTCY JUDGE
ROBERT D. DRAIN

# **EXHIBIT P**

TOGUT SEGAL & SEGAL LLP
One Penn Plaza
Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Frank A. Oswald (FAO-1223)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
      In re                                   :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                            Debtors.          :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>NOTICE OF WAIVER</u>

             PLEASE TAKE NOTICE that on October 8, 2005, Delphi Corporation ("Delphi")

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-

captioned cases (collectively, the "Debtors"), filed the Motion For Order Under 11 U.S.C. §§

105(a), 363, 364, 1107, And 1108 And Fed. R.  Bankr. P. 6004 And 9019 Authorizing

Continuation Of Vendor Rescue Program And Payment Of Prepetition Claims Of Financially-

Distressed Sole Source Suppliers And Vendors Without Contracts (the "Motion").

PLEASE TAKE FURTHER NOTICE that on October 13, 2005, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order granting the relief requested in the Motion (the "Order").

PLEASE TAKE FURTHER NOTICE that, pursuant to the authority granted to the Debtors pursuant to paragraph 8 of the Order, the Debtors have determined to waive the conditions for payment of a prepetition claim under the Essential Supplier Claims Cap (as defined in the Motion) with respect to The Lee Company ("Supplier") and conditionally paid prepetition claims of Supplier in the amount of $58,617.80 on or after October 21, 2005.

PLEASE TAKE FURTHER NOTICE that contemporaneously herewith the Debtors are filing a proposed Order to Show Cause requesting that the Bankruptcy Court order Supplier to appear before the Bankruptcy Court at a hearing to be held at **10:00 a.m. Prevailing Eastern Time on November 29, 2005** before the Honorable Robert D. Drain, United States Bankruptcy Judge, in the Bankruptcy Court, Courtroom 610, One Bowling Green, New York, New York 10004-1408 (the "Hearing") and demonstrate why Supplier should not be held in violation of the automatic stay provisions of 11 U.S.C. § 362.

Dated:  New York, New York
        October 26, 2005

TOGUT SEGAL & SEGAL LLP

By:  _s/ Frank A. Oswald_____
     Albert Togut (AT-9759)
     Frank A. Oswald (FAO-1223)
One Penn Plaza
Suite 3335
New York, New York 10119
(212) 594-5000

Attorneys for Delphi Corporation, et al.,
     Debtors and Debtors-in-Possession

2

# **<u>EXHIBIT Q</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------- x
                                           :
          In re                            :
                                           :    Chapter 11
DELPHI CORPORATION, et al.,                :
                                           :    Case No.  05 – 44481 (RDD)
                       Debtors.            :
                                           :    (Jointly Administered)
                                           :
-------------------------------------------------------- x
```

<u>ORDER TO SHOW CAUSE</u>

Upon the motion, dated October 8, 2005 (the "Motion"),[1] of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an

order under sections 105, 363, 1107, and 1108 of title 11 of the United States Code, 11

U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), and Fed. R. Bankr. P. 6004 and

9019 authorizing the continuation of the Debtors' prepetition vendor rescue program

and the payment of prepetition claims of financially-distressed sole source suppliers

and vendors without enforceable contracts; and upon the order of this Court, entered

October 13, 2005 (the "October 13th Order"), granting the relief requested in the Motion;

and upon the Debtors' notice of waiver, dated October 28, 2005, with respect to Behr

Industries Corporation ("Supplier"); and it appearing that proper and adequate notice of

the Debtors' request for entry of this Order to Show Cause (the "Show Cause Order")

---

[1]       Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in
the Motion.

has been given and that no other or further notice is necessary; and after due

deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Debtors have complied with the procedures provided in

paragraph 8 of the October 13 Order in determining to waive the conditions for

payment of a prepetition claim under the Essential Supplier Claims Cap (as defined in

the Motion) with respect to Supplier and conditionally paying prepetition claims of

Supplier in the amount of $1,061,692.89 on or after October 25, 2005.

2.    Supplier is hereby ordered to show cause before this Court at a

hearing to be held at **10:00 a.m. Prevailing Eastern Time on November 29, 2005** before

the Honorable Robert D. Drain, United States Bankruptcy Judge, in the Bankruptcy

Court, Courtroom 610, One Bowling Green, New York, New York 10004-1408 (the

"Hearing") why the Supplier should not be held in violation of the automatic stay

provisions of 11 U.S.C. § 362 for willfully threatening to withhold essential goods from

the Debtors under one or more contracts between the Debtors and Supplier, which

action was automatically stayed by the Debtors' filing of voluntary petitions in this

Court for reorganization relief under chapter 11 of the Bankruptcy Code.

3.    Service of this Show Cause Order is to be made by service upon (a) the

Supplier, (b) the Office of the United States Trustee, (c) counsel for the official

committee of unsecured creditors appointed in these cases pursuant to section 1102 of

the Bankruptcy Code, (d) counsel for the agent under the Debtors' prepetition credit

facility, and (e) counsel for the agent under Debtors' postpetition credit facility.  Notice

served pursuant to the preceding sentence shall be via first class mail, postage prepaid.

No further notice of the Hearing or of the entry of this Show Cause Order need be served by the Debtors.

4.      In accordance with the Case Management Order dated October 14, 2005, objections and responses, if any, must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, (c) be filed with the Bankruptcy Court in accordance with General Order M-242, as amended (registered users of the Bankruptcy Court's case filing system must file electronically and all other parties-in-interest must file on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) served upon: (i) conflicts counsel to the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119 (Attn:  Albert Togut, Esq.), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn:  John Wm. Butler, Jr, Esq.), (iii) counsel to the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Attn:  Marissa Wesley, Esq.), (iv) counsel to the agent under the Debtors' postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York 10017 (Attn:  Marlane Melican, Esq.), (v) counsel to the Creditors Committee, Latham Watkins, LLP Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, NY 10022-4068 (Attn:  Robert Rosenberg, Esq.); and (vi) the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Attn:  Deirdre A. Martini, Esq.) so as to be **received** no later than seven (7) calendar days prior to the Hearing.

3

5.    This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Show Cause Order.


Dated:    New York, New York
          October __, 2005




_____
UNITED STATES BANKRUPTCY JUDGE
ROBERT D. DRAIN

# **<u>EXHIBIT R</u>**

TOGUT SEGAL & SEGAL LLP
One Penn Plaza
Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Frank A. Oswald (FAO-1223)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                        Debtors.    :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF WAIVER

PLEASE TAKE NOTICE that on October 8, 2005, Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), filed the Motion

For Order Under 11 U.S.C. §§ 105(a), 363, 364, 1107, And 1108 And Fed. R.  Bankr. P.

6004 And 9019 Authorizing Continuation Of Vendor Rescue Program And Payment Of

Prepetition Claims Of Financially-Distressed Sole Source Suppliers And Vendors

Without Contracts (the "Motion").

PLEASE TAKE FURTHER NOTICE that on October 13, 2005, the United

States Bankruptcy Court for the Southern District of New York (the "Bankruptcy

Court") entered an order granting the relief requested in the Motion (the "Order").

PLEASE TAKE FURTHER NOTICE that, pursuant to the authority granted to the Debtors pursuant to paragraph 8 of the Order, the Debtors have determined to waive the conditions for payment of a prepetition claim under the Essential Supplier Claims Cap (as defined in the Motion) with respect to Behr Industries Corporation ("Supplier") and conditionally paid prepetition claims of Supplier in the amount of $1,061,692.89 on or after October 25, 2005.

PLEASE TAKE FURTHER NOTICE that contemporaneously herewith the Debtors are filing a proposed Order to Show Cause requesting that the Bankruptcy Court order Supplier to appear before the Bankruptcy Court at a hearing to be held at **10:00 a.m. Prevailing Eastern Time on November 29. 2005** before the Honorable Robert D. Drain, United States Bankruptcy Judge, in the Bankruptcy Court, Courtroom 610, One Bowling Green, New York, New York 10004-1408 (the "Hearing") and demonstrate why Supplier should not be held in violation of the automatic stay provisions of 11 U.S.C. § 362.

Dated:  New York, New York
      October 28, 2005

TOGUT SEGAL & SEGAL LLP

By: _s/ Frank A. Oswald_____
    Albert Togut (AT-9759)
    Frank A. Oswald (FAO-1223)
One Penn Plaza
Suite 3335
New York, New York 10119
(212) 594-5000

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

# **EXHIBIT S**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
                                                             :
            In re                                            :
                                                             :   Chapter 11
DELPHI CORPORATION, et al.,                                  :
                                                             :   Case No.  05 – 44481 (RDD)
                                  Debtors.                   :
                                                             :   (Jointly Administered)
                                                             :
------------------------------------------------------------ x
```

<u>ORDER TO SHOW CAUSE</u>

Upon the motion, dated October 8, 2005 (the "Motion"),[1] of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an

order under sections 105, 363, 1107, and 1108 of title 11 of the United States Code, 11

U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), and Fed. R. Bankr. P. 6004 and

9019 authorizing the continuation of the Debtors' prepetition vendor rescue program

and the payment of prepetition claims of financially-distressed sole source suppliers

and vendors without enforceable contracts; and upon the order of this Court, entered

October 13, 2005 (the "October 13th Order"), granting the relief requested in the Motion;

and upon the Debtors' notice of waiver, dated October 28, 2005, with respect to Macauto

USA, Inc. ("Supplier"); and it appearing that proper and adequate notice of the Debtors'

request for entry of this Order to Show Cause (the "Show Cause Order") has been given

---

[1]     Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in
the Motion.

and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Debtors have complied with the procedures provided in paragraph 8 of the October 13 Order in determining to waive the conditions for payment of a prepetition claim under the Essential Supplier Claims Cap (as defined in the Motion) with respect to Supplier and conditionally paying prepetition claims of Supplier in the amount of $966,486.00 on or after October 27, 2005.

2.    Supplier is hereby ordered to show cause before this Court at a hearing to be held at **10:00 a.m. Prevailing Eastern Time on November 29, 2005** before the Honorable Robert D. Drain, United States Bankruptcy Judge, in the Bankruptcy Court, Courtroom 610, One Bowling Green, New York, New York 10004-1408 (the "Hearing") why the Supplier should not be held in violation of the automatic stay provisions of 11 U.S.C. § 362 for willfully threatening to withhold essential goods from the Debtors under one or more contracts between the Debtors and Supplier, which action was automatically stayed by the Debtors' filing of voluntary petitions in this Court for reorganization relief under chapter 11 of the Bankruptcy Code.

3.    Service of this Show Cause Order is to be made by service upon (a) the Supplier, (b) the Office of the United States Trustee, (c) counsel for the official committee of unsecured creditors appointed in these cases pursuant to section 1102 of the Bankruptcy Code, (d) counsel for the agent under the Debtors' prepetition credit facility, and (e) counsel for the agent under Debtors' postpetition credit facility.  Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid.

2

No further notice of the Hearing or of the entry of this Show Cause Order need be
served by the Debtors.

4.    In accordance with the Case Management Order dated October 14,
2005, objections and responses, if any, must (a) be in writing, (b) conform to the Federal
Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern
District of New York, (c) be filed with the Bankruptcy Court in accordance with General
Order M-242, as amended (registered users of the Bankruptcy Court's case filing system
must file electronically and all other parties-in-interest must file on a 3.5 inch disk,
preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-
based word processing format), (d) be submitted in hard-copy form directly to the
chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e)
served upon: (i) conflicts counsel to the Debtors, Togut, Segal & Segal LLP, One Penn
Plaza, Suite 3335, New York, New York 10119 (Attn: Albert Togut, Esq.), (ii) counsel to
the Debtors, Skadden, Arps, Slate, Meagher & Flom, 333 West Wacker Drive, Suite 2100,
Chicago, Illinois 60606 (Attn: John Wm. Butler, Jr, Esq.), (iii) counsel to the agent under
the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington
Avenue, New York, New York 10017 (Attn: Marissa Wesley, Esq.), (iv) counsel to the
agent under the Debtors' postpetition credit facility, Davis Polk & Wardell, 450
Lexington Avenue, New York, New York 10017 (Attn: Marlane Melican, Esq.), (v)
counsel to the Creditors Committee, Latham Watkins, LLP Latham & Watkins LLP, 885
Third Avenue, Suite 1000, New York, NY 10022-4068 (Attn: Robert Rosenberg, Esq.);
and (vi) the United States Trustee for the Southern District of New York, 33 Whitehall
Street, Suite 2100, New York, New York 10004 (Attn: Deirdre A. Martini, Esq.) so as to
be **received** no later than seven (7) calendar days prior to the Hearing.

5.    This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Show Cause Order.


Dated:    New York, New York
          October __, 2005


_____
UNITED STATES BANKRUPTCY JUDGE
ROBERT D. DRAIN

# **EXHIBIT T**

TOGUT SEGAL & SEGAL LLP
One Penn Plaza
Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Frank A. Oswald (FAO-1223)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
       In re                        :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :    Case No. 05-44481 (RDD)
                                    :
                      Debtors.      :    (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF WAIVER

PLEASE TAKE NOTICE that on October 8, 2005, Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), filed the Motion

For Order Under 11 U.S.C. §§ 105(a), 363, 364, 1107, And 1108 And Fed. R.  Bankr. P.

6004 And 9019 Authorizing Continuation Of Vendor Rescue Program And Payment Of

Prepetition Claims Of Financially-Distressed Sole Source Suppliers And Vendors

Without Contracts (the "Motion").

PLEASE TAKE FURTHER NOTICE that on October 13, 2005, the United

States Bankruptcy Court for the Southern District of New York (the "Bankruptcy

Court") entered an order granting the relief requested in the Motion (the "Order").

PLEASE TAKE FURTHER NOTICE that, pursuant to the authority granted to the Debtors pursuant to paragraph 8 of the Order, the Debtors have determined to waive the conditions for payment of a prepetition claim under the Essential Supplier Claims Cap (as defined in the Motion) with respect to Macauto USA, Inc. ("Supplier") and conditionally paid prepetition claims of Supplier in the amount of $966,486.00 on or after October 27, 2005.

PLEASE TAKE FURTHER NOTICE that contemporaneously herewith the Debtors are filing a proposed Order to Show Cause requesting that the Bankruptcy Court order Supplier to appear before the Bankruptcy Court at a hearing to be held at **10:00 a.m. Prevailing Eastern Time on November 29, 2005** before the Honorable Robert D. Drain, United States Bankruptcy Judge, in the Bankruptcy Court, Courtroom 610, One Bowling Green, New York, New York 10004-1408 (the "Hearing") and demonstrate why Supplier should not be held in violation of the automatic stay provisions of 11 U.S.C. § 362.

Dated:  New York, New York
        October 28, 2005

                    TOGUT SEGAL & SEGAL LLP

                    By:  s/ Frank A. Oswald
                        Albert Togut (AT-9759)
                        Frank A. Oswald (FAO-1223)
                    One Penn Plaza
                    Suite 3335
                    New York, New York 10119
                    (212) 594-5000

                    Attorneys for Delphi Corporation, et al.,
                     Debtors and Debtors-in-Possession

# **EXHIBIT U**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------- x
                                               :
          In re                                :
                                               :   Chapter 11
DELPHI CORPORATION, et al.,                    :
                                               :   Case No.  05 – 44481 (RDD)
                          Debtors.             :
                                               :   (Jointly Administered)
                                               :
-------------------------------------------------------- x
```

<u>ORDER TO SHOW CAUSE</u>

Upon the motion, dated October 8, 2005 (the "Motion"),[1] of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an

order under sections 105, 363, 1107, and 1108 of title 11 of the United States Code, 11

U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), and Fed. R. Bankr. P. 6004 and

9019 authorizing the continuation of the Debtors' prepetition vendor rescue program

and the payment of prepetition claims of financially-distressed sole source suppliers

and vendors without enforceable contracts; and upon the order of this Court, entered

October 13, 2005 (the "October 13th Order"), granting the relief requested in the Motion;

and upon the Debtors' notice of waiver, dated October 28, 2005, with respect to Macauto

USA, Inc. ("Supplier"); and it appearing that proper and adequate notice of the Debtors'

request for entry of this Order to Show Cause (the "Show Cause Order") has been given

---

[1]    Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

and that no other or further notice is necessary; and after due deliberation thereon; and

good and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Debtors have complied with the procedures provided in

paragraph 8 of the October 13 Order in determining to waive the conditions for

payment of a prepetition claim under the Essential Supplier Claims Cap (as defined in

the Motion) with respect to Supplier and conditionally paying prepetition claims of

Supplier in the amount of $966,486.00 on or after October 27, 2005.

2.    Supplier is hereby ordered to show cause before this Court at a

hearing to be held at **10:00 a.m. Prevailing Eastern Time on November 29, 2005** before

the Honorable Robert D. Drain, United States Bankruptcy Judge, in the Bankruptcy

Court, Courtroom 610, One Bowling Green, New York, New York 10004-1408 (the

"Hearing") why the Supplier should not be held in violation of the automatic stay

provisions of 11 U.S.C. § 362 for willfully threatening to withhold essential goods from

the Debtors under one or more contracts between the Debtors and Supplier, which

action was automatically stayed by the Debtors' filing of voluntary petitions in this

Court for reorganization relief under chapter 11 of the Bankruptcy Code.

3.    Service of this Show Cause Order is to be made by service upon (a) the

Supplier, (b) the Office of the United States Trustee, (c) counsel for the official

committee of unsecured creditors appointed in these cases pursuant to section 1102 of

the Bankruptcy Code, (d) counsel for the agent under the Debtors' prepetition credit

facility, and (e) counsel for the agent under Debtors' postpetition credit facility.  Notice

served pursuant to the preceding sentence shall be via first class mail, postage prepaid.

2

No further notice of the Hearing or of the entry of this Show Cause Order need be served by the Debtors.

    4.   In accordance with the Case Management Order dated October 14, 2005, objections and responses, if any, must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, (c) be filed with the Bankruptcy Court in accordance with General Order M-242, as amended (registered users of the Bankruptcy Court's case filing system must file electronically and all other parties-in-interest must file on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) served upon: (i) conflicts counsel to the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119 (Attn:  Albert Togut, Esq.), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn:  John Wm. Butler, Jr, Esq.), (iii) counsel to the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Attn:  Marissa Wesley, Esq.), (iv) counsel to the agent under the Debtors' postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York 10017 (Attn:  Marlane Melican, Esq.), (v) counsel to the Creditors Committee, Latham Watkins, LLP Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, NY 10022-4068 (Attn:  Robert Rosenberg, Esq.); and (vi) the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Attn:  Deirdre A. Martini, Esq.) so as to be **received** no later than seven (7) calendar days prior to the Hearing.

5.     This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Show Cause Order.


Dated:     New York, New York
           October __, 2005



_____
UNITED STATES BANKRUPTCY JUDGE
ROBERT D. DRAIN