UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
    In re                                                         :
:    Chapter 11
DELPHI CORPORATION, et al.,                    :
:    Case No.  05–44481(RDD)
:
                           Debtors.        :    (Jointly Administered)
:
------------------------------------------------------------x

ORDER UNDER 11 U.S.C. § 331
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

("INTERIM COMPENSATION ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"),[1] of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under section 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), establishing procedures for interim compensation and reimbursement of expenses of court-approved professionals (the "Chapter 11 Professionals"); and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

---

[1]     Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. Except as may otherwise be provided in subsequent orders of this Court authorizing the retention of Chapter 11 Professionals, all professionals in these cases may seek interim compensation and reimbursement of expenses in accordance with the following procedure:

(a) On or before the last day of the month following each calendar month for which compensation is sought, each professional shall serve a monthly statement by hand or overnight delivery upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098, Att'n: General Counsel, (ii) Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606, Att'n: John Wm. Butler, Jr., Esq., (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004, Att'n: Alicia M. Leonhard, Esq. (the "U.S. Trustee"), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York, 10022-4802 (Att'n: Robert J. Rosenberg, Esq.), (v) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York, 10017 (Att'n: Marissa Wesley, Esq.), (vi) counsel for the agent under the Debtors' postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York, 10017 (Att'n: Marlane Melican, Esq.), and (vii) the members of any Committee appointed in these cases for the purpose of reviewing fees and expenses, to the extent not duplicative of the parties listed above (collectively, the "Notice Parties").

(b)  The monthly statement need not be filed with this Court and a courtesy copy need not be delivered to the presiding judge's chambers because this Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code, and the Chapter 11 Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules for the United States Bankruptcy Court, Southern District of New York (the "Local Rules").

(c)  Each monthly fee statement must contain a list of the individuals and their respective titles (e.g., attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour.  No professional may seek reimbursement of an expense that would otherwise not be allowed pursuant to this Court's Administrative Orders, dated June 24, 1991 and April 21, 1995, or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, dated January 30, 1996.

(d)  Each person receiving a statement shall have at least 15 days after its receipt to review it.  In the event such person has an objection to the compensation or reimbursement sought in a particular statement, such person shall, by no later than the 45th day following the month for which compensation is sought, serve upon the professional whose statement is objected to, and the Notice Parties, a written "Notice Of Objection To Fee Statement" setting forth the nature of the objection and the amount of fees or expenses at issue.

(e) At the expiration of the 45-day period, the Debtors shall promptly pay 80% of the fees and 100% of the expenses identified in each monthly statement to which no objection has been served in accordance with paragraph (d). Any disbursements from the holdback amount shall be as may be determined by this Court.

(f) If the Debtors receive an objection to a particular fee statement, they shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) hereof.

(g) Similarly, if the parties to an objection are able to resolve their dispute following the service of a Notice Of Objection To Fee Statement, and if the party whose statement was objected to serves upon all of the Notice Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e), that portion of the fee statement which is no longer subject to an objection.

(h) All objections that are not resolved by the parties shall be preserved and presented to this Court at the next interim or final fee application hearing to be heard by this Court (see paragraph (j) below).

(i) The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to this Court in accordance with the Bankruptcy Code on any ground, whether raised in the objection or not. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to this Court in accordance with the Bankruptcy Code.

        (j)    Approximately every 120 days, but no more than every 150 days, each of the Chapter 11 Professionals shall serve and file with this Court an application for interim or final court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code, as the case may be, of the compensation and reimbursement of expenses requested.

        (k)    Any professional who fails to file when due an application seeking approval of compensation and expenses previously paid under these procedures when due (i) shall be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of this Court and (ii) may be required to disgorge any fees paid since his or her retention or the last fee application, whichever is later.

        (l)    The pendency of an application or an order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by this Court.

        (m)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any of the Chapter 11 Professionals.

        (n)    Counsel for each official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the committee he or she represents; <u>provided</u>, <u>however</u>, that such committee counsel ensures that such reimbursement

5

requests comply with this Court's Administrative Orders, dated June 24, 1991 and April 21, 1995.

3. Each professional may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and reimbursement for expenses incurred during the period beginning on the date of the professional's retention and ending on November 30, 2005.

4. The Debtors shall include all payments to professionals on their monthly operating reports, detailed so as to state the amount paid to each of the professionals.

5. Any party-in-interest may object to requests for a monthly payment made pursuant to this Order on the grounds, among others, that the Debtors have not timely filed monthly operating reports or remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or that a manifest exigency exists, by seeking further order of this Court. Unless the Court orders otherwise, this Order shall continue and shall remain in effect during the pendency of these cases.

6. All fees and expenses paid to Chapter 11 Professionals under these compensation procedures are subject to disgorgement until final allowance by this Court.

7. Service of interim fee applications and final fee applications (collectively, the "Applications") may be limited to the Notice Parties.

8. All other parties who have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases shall be entitled to receive only a notice of the filing (including all exhibits) of and the hearing on the Applications; provided that, if a party-in-interest cannot access the Applications on the Court's web-site or the

Debtors' "virtual docket" web-site, upon request the applicant shall provide a copy of the Application, with all exhibits, to such party.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. The Court intends that a fee committee be appointed to establish reasonable projections for, and to monitor fees and expenses in these cases. The hearing on the portion of the Motion pertaining to the establishment of a fee committee and matters related thereto is adjourned to the omnibus hearing scheduled for November 29, 2005.

11. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

12. The requirement under Rule 9013-1(b) the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
         November 4, 2005

                                    /s/Robert D. Drain
                                    UNITED STATES BANKRUPTCY JUDGE