Daniel D. Doyle (DD 2500)
Nicholas A. Franke (NF 6764 )
David M. Brown (DB 2065)
SPENCER FANE BRITT & BROWNE, LLP
1 North Brentwood Boulevard, Tenth Floor
St. Louis, MO 63105
(314) 863-7733 – telephone
(314) 862-4656 – facsimile

J. Brian McTigue
Cornish F. Hitchcock (CH 0959)
MCTIGUE LAW FIRM
5301 Wisconsin Ave. N.W., Suite 350
Washington, DC  20015
(202) 364-6900 - telephone
(202) 364-9960 - fax

PROPOSED COUNSEL FOR THE
OFFICIAL COMMITTEE OF RETIREES

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | CASE No. 05-44481 (RDD) |
| | ) | Jointly Administered |
| DELPHI CORPORATION, et al., | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | |

**MOTION FOR APPOINTMENT OF OFFICIAL COMMITTEE OF RETIREES
PURSUANT TO 11 U.S.C. § 1114(D) CONSISTING OF PERSONS
RECEIVING RETIREE BENEFITS NOT COVERED
BY A COLLECTIVE BARGAINING AGREEMENT**

Michael Beard, Russell Detwiler, Floyd Jones, and John M. McGrath, as individuals

receiving retiree benefits from the Debtor ("Retiree Movants") respectfully request the Bankruptcy

Court appoint an Official Committee of Retirees ("Retiree Committee") pursuant to 11 U.S.C.

§1114(d), stating:

190918.2

1.      Delphi Corporation and related entities (collectively "Debtor" or "Delphi")

commenced this jointly administered case by filing voluntary petitions on October 8, 2005 ("Petition

Date").

2.      Thousands of retirees and their spouses and dependents receive health, life and

disability benefits pursuant to plans maintained by the Debtor prior to the Petition Date, including

benefits to early retirees to bridge them to Medicare age and reimbursement accounts for Medicare-

eligible retirees. These health, life and disability benefits constitute "retiree benefits" for purposes of

Section 1114 of the Bankruptcy Code.  None of the Retiree Movants receive retiree benefits pursuant

to a collective bargaining agreement.

3.      None of the Retiree Movants has had gross income of $250,000 or more during the

twelve months preceding the Petition Date, or will demonstrate to the Bankruptcy Court that they

could not obtain comparable replacement coverage on the day prior to the Petition Date.

4.      Debtor had $10.4 billion in unfunded retiree benefit liabilities at the end of 2004.

5.      On the Petition Date, Delphi filed a motion to appoint labor unions as authorized

representatives of union retirees for purpose of quickly modifying their retiree benefits under 11

U.S.C. § 1114(c) and (d); and alternatively establishing a retirees committee composed only of union

retirees ( the "Retiree Committee Motion").

6.      According to the Retiree Committee Motion:

   (a) The non-hourly retirees are differently situated from union retirees because the

        Debtor entities "have the unilateral right to eliminate health care for retirees"

        (which Retiree Movants dispute);

   (b) Those retirees are not entitled to benefits under the General Motors benefits

        guarantee (which has not been shown);

(c) Savings from eliminating the pre-65 retiree health care would be offset by Delphi's costs of offering requisite lifetime COBRA benefits (although COBRA benefits would be purchased by retirees at no significant cost to Delphi and expire with entitlement to Medicare coverage);

(d) Delphi may later need to cut these non-union benefits (without disclosing the likely circumstances or possible timing of such a decision); and

(e) Debtor reserves its "right" to seek appointment of a retiree committee for non-union retirees "later in these cases" (although section 1114 allows any party in interest, including the Retiree Movants, to seek appointment of the Committee under section 1114(d) at any appropriate time). Retiree Committee Motion 18.

7.     The Movants have requested this Court's reconsideration of the first-day Order granting the relief sought in the Retiree Committee Motion, arguing that the Debtor should have no role in selecting members of the Committee should the unions fail to elect to represent union retirees under section 1114(c), that notice to salaried retirees was inadequate, and that non-hourly retirees should serve on the Retirees Committee because their benefits will be affected. That request is still pending.

8.     Delphi intends to seek to modify union retiree benefits under sections 1113 and 1114 before December 16, 2005. It is unclear what direct or indirect effect the outcome of these motions might have on the Retiree Movants' benefits, whether through law of the case or otherwise.

9.     It is almost beyond argument, given Delphi's actions and statements to date, that retiree benefits not covered by collective bargaining agreements are in immediate jeopardy.

190918.2

10.     A Retiree Committee composed of non-hourly retirees appropriately should be established now, rather than on the Debtors' strategic timetable for modifying or eliminating those benefits later in the case. Establishing a Committee now would be more efficient that awaiting the Debtors' later rush to modify retiree benefits, with the Retirees Committee similarly rushing to hire professionals, gauge the adequacy of and review Debtor's financial disclosures, and ensure compliance with section 1114(f) procedures.

11.     In any event, the Debtor's assertions in its filings that it has a unilateral right to terminate or modify non-hourly retirees' benefits at any time, coupled with its statement that the GM guaranty does not extend to those benefits, warrants establishment of a Committee of Retirees to investigate those allegations in the context of this case. Efficient case management considerations argue in favor of setting up such a structure now, while the case is still at a somewhat preliminary stage, rather than possibly having to respond after the fact at some future point.

12.     Under these circumstances, a committee comprising the Retiree Movants should be appointed under Section 1114(c) to represent those participants and beneficiaries receiving retiree benefits from the Debtors, particularly when the Debtor has disclosed it intends generally to reduce or eliminate retiree benefits as part of the reorganization process – and asserts and absolute, unilateral right to do so with respect to non-hourly retirees' benefits.

13.     The Retiree Movants respectfully request that the Court appoint a Retiree Committee consisting of the following retirees who have indicated through the attached affirmations their willingness to serve on the Committee:

> Michael Beard, 704 Ingraham, Haines City, FL  33844
> Russell Detwiler, 770 Riverwalk Circle, Corunna, MI  48817
> Floyd W. Jones, 1139 Risecliff, Grand Blanc, MI  48439
> John M. McGrath, 578 North Lakeview Drive, Hale, MI  48739

190918.2

14.    The Retiree Committee members should be appointed by the Bankruptcy Court, with the U.S. Trustee available to advise the Court.

15.    The Retiree Committee will be vested with the rights, powers and duties of committees appointed under Sections 1102 and 1103, and further requests the Court to grant it the power to enforce the rights of persons entitled to retiree benefits not covered by collective bargaining agreements. 11 U.S.C. § 1114(b)(2)

## MEMORANDUM OF LAW

16.    The Retiree Movants respectfully submit that citation of applicable authorities above satisfies the requirement that a memorandum of law be filed in support of this Motion pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York.

## CONCLUSION

WHEREFORE, the Retiree Movants respectfully request that the Court appoint an Official Committee of Retirees pursuant to 11 U.S.C. §1114(d), to vest that Committee with the power to enforce pursuant to 11 U.S.C. § 1114(b)(2) the rights of persons entitled to retiree benefits not covered by collective bargaining agreements, to appoint the previously listed Retiree Movants as members of the Committee, and for such other and further relief as the Court deems just and proper.

DATED:  November 4, 2005.                    SPENCER FANE BRITT & BROWNE LLP


                                             By  /s/ Daniel D. Doyle
                                                 Daniel D. Doyle (DD 2500)
                                                 Nicholas Franke (NF  6764)
                                                 1 North Brentwood Boulevard, Tenth Floor
                                                 St. Louis, MO 63105
                                                 (314) 863-7733  – telephone
                                                 (314) 862-4656 – facsimile
                                                 ddoyle@spencerfane.com
                                                 nfranke@spencerfane.com

190918.2

and

MCTIGUE LAW FIRM

By _____

J. Brian McTigue
Cornish F. Hitchcock (CH 0959)
McTigue Law Firm
5301 Wisconsin Ave. N.W., Suite 350
Washington, DC  20015
mctigue@mctiguelaw.com
(202) 364-6900 - telephone
(202) 364-9960 - fax

bmctigue@mctiguelaw.com
conh@mctiguelaw.com

COUNSEL FOR MOVANT RETIREES AND
PROPOSED COUNSEL FOR THE OFFICIAL
COMMITTEE OF RETIREES

190918.2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the persons on the attached list were served with the foregoing document by electronic mail through the Bankruptcy Court's ECF System or by first-class U.S. mail, postage pre-paid, on the 4th day of November 2005:

_/s/ Kim Collier_____

190918.2

RECEIVED

OCT 2 4 2005

McTigue Law Firm

By signing below I affirm that:

(a)    I am an individual receiving retiree benefits from Delphi Corporation and I am not receiving those benefits pursuant to a collective bargaining agreement.

(b)    I am requesting the Bankruptcy Court to appoint an Official Committee of persons receiving retiree benefits from Delphi Corporation pursuant to Bankruptcy Code

Section 1114, and I am willing to serve as a member of that Committee ("Official Committee of Retirees").

(c)    I am also requesting the Bankruptcy Court to approve the employment of Spencer Fane Britt Browne LLP as counsel and the McTigue Law Firm as co-counsel for the Official Committee of Retirees,

DATED:  October 20, 2005.                By_____
                                                    Floyd Jones

RECEIVED

OCT 2 4 2005

McTigue Law Firm

By signing below I affirm that:

(a)    I am an individual receiving retiree benefits from Delphi Corporation and I am not receiving those benefits pursuant to a collective bargaining agreement.

(b)    I am requesting the Bankruptcy Court to appoint an Official Committee of persons receiving retiree benefits from Delphi Corporation pursuant to Bankruptcy Code Section 1114, and I am willing to serve as a member of that Committee ("Official Committee of Retirees").

(c)    I am also requesting the Bankruptcy Court to approve the employment of Spencer Fane Britt Browne LLP as counsel and the McTigue Law Firm as co-counsel for the Official Committee of Retirees,

DATED: October 20, 2005.          By _____
                                              Russell Detwiler

RECEIVED

OCT 2 4 2005

McTigue Law Firm

By signing below I affirm that:

    (a)    I am an individual receiving retiree benefits from Delphi Corporation and I am not receiving those benefits pursuant to a collective bargaining agreement.

    (b)    I am requesting the Bankruptcy Court to appoint an Official Committee of persons receiving retiree benefits from Delphi Corporation pursuant to Bankruptcy Code

Section 1114, and I am willing to serve as a member of that Committee ("Official Committee of Retirees").

    (c)    I am also requesting the Bankruptcy Court to approve the employment of Spencer Fane Britt Browne LLP as counsel and the McTigue Law Firm as co-counsel for the Official Committee of Retirees,

DATED: October 21, 2005.        By _Michael Beard_____
                                    Michael Beard

RECEIVED

OCT 2 4 2005

McTigue Law Firm

By signing below I affirm that:

(a)   I am an individual receiving retiree benefits from Delphi Corporation and I am not receiving those benefits pursuant to a collective bargaining agreement.

(b)   I am requesting the Bankruptcy Court to appoint an Official Committee of persons receiving retiree benefits from Delphi Corporation pursuant to Bankruptcy Code

Section 1114, and I am willing to serve as a member of that Committee ("Official Committee of Retirees").

(c)   I am also requesting the Bankruptcy Court to approve the employment of Spencer Fane Britt Browne LLP as counsel and the McTigue Law Firm as co-counsel for the Official Committee of Retirees,

DATED: October 21, 2005.                    By _____
                                                        John Michael McGrath