J. Ted Donovan (JTD 1343)
FINKEL GOLDSTEIN ROSENBLOOM & NASH, LLP
Attorneys for Pillarhouse (U.S.A.), Inc.
26 Broadway, Suite 711
New York, New York 10004
Telephone: (212) 344-2929
Facsimile: (212) 422-6836

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                          Chapter 11

Delphi Corporation et al.,                      Hon. Robert D. Drain

                            Debtors.     Case No. 05-44481 (RDD)
                                            (Jointly Administered)

-----------------------------------------------------------x

## MOTION FOR ORDER FIXING A DEADLINE FOR THE DEBTORS TO ASSUME OR REJECT AN EXECUTORY CONTRACT WITH PILLARHOUSE (U.S.A.), INC.

**TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:**

      Pillarhouse (U.S.A.), Inc. ("Movant"), by its attorneys, Finkel Goldstein Rosenbloom & Nash, LLP, as and for its motion seeking an order pursuant to § 365(d)(2) of title 11 of the United States Code (the "Bankruptcy Code") to fix a deadline within which Delphi Corporation et al. (hereinafter collectively referred to as the "Debtors") must assume or reject the executory contract between Movant and the Debtors, represents and shows this court as follows:

## Preliminary Statement

1. By this motion, Movant seeks an early deadline in which the Debtors must decide to assume or reject an executory contract between Movant and the Debtors. Although it is highly unusual to seek such relief this early, the facts and circumstances of this particular contract require prompt intervention by the Bankruptcy Court to preserve the rights and interests of all parties.

2. In particular, as set forth in more detail below, the Debtors have insisted that Movant's performance under the subject contract is crucial to the Debtors' operations, but the Debtors have refused to agree to fulfill their own contractual obligations and pay for that portion of the contract on which Movant has already performed. Absent prior assumption of the contract, there is no protection available to Movant that will guaranty payment by the Debtors, while at the same time Movant faces potential liability for refusing to complete its own performance under the contract.

3. Movant submits that, if the Debtors do, in fact, require performance by Movant, the Debtors should be required to commit to their own performance under the subject contract, by assuming the contract first pursuant to Section 365 of the Bankruptcy Code.

## Background

4. On or about May 19, 2005, the Debtors issued a purchase order to Movant, seeking (i) to purchase from Movant two substantial pieces of equipment, an in-line module pre-heater and in-line module fluxer (the "Equipment"), (ii) to have the Equipment delivered to the Debtors' plant in Mexico; and (iii) to have the Equipment

2

installed by Movant. The purchase order constitutes a contract between the Movant and the Debtors (the "Contract"), enforceable under applicable law. A copy of the purchase order is annexed hereto as Exhibit "A".

5.   As set forth in the purchase order, the Contract price was $77,535.60, including both the purchase price of the equipment and $3,950 in installation charges. An invoice was issued on September 19, 2005, seeking payment due under the Contract. A copy of the invoice is annexed hereto as Exhibit "B".

6.   Subsequently, the Equipment was delivered to the plant in Mexico, and Movant's employee was dispatched to install the Equipment. According to Movant's records, on October 5, 2005, after spending the day on site, Movant's representative was informed that the Debtors were not ready to have the equipment installed, and it was requested that Movant postpone the installation, which request was agreed to by Movant.

7.   Thereafter, the Debtors filed voluntary petitions in bankruptcy on or about October 8, 2005. The cases are being jointly administered.

8.   No portion of the monies due under the Contract have been paid by the Debtors, and Movant remains a creditor of the Debtors for the full amount of the Contract price.

9.   After the commencement of the Chapter 11 cases, representatives of the Debtors contacted Movant and requested that Movant install the Equipment. It is Movant's understanding, based on these conversations, that the Equipment is vital to the future operations of the Debtors' Mexican plant, and that the Debtors will suffer severe negative economic consequences in the event that the Debtors are unable to use the

3

Equipment. The Debtors have also indicated that, although they are prepared to pay for the installation, they are not prepared to pay for the Equipment.

10. Despite repeated requests to the Debtors' plant personnel and general counsel, the Debtors have declined to assume the executory Contract between the Debtors and Movant, or to otherwise make arrangements to pay Movant the monies due to Movant under the Contract.

### Relief Requested

11. Section 365(d)(2) of the Bankruptcy Code provides in relevant part that a debtor may assume or reject an executory contract at any time prior to confirmation of a plan. It further provides that the Court may fix an earlier deadline for such assumption or rejection on the request of a party in interest. By this motion, Movant seeks the fixing of such a deadline.

12. Under normal circumstances, Movant would wait until the Debtors decide under their own schedule whether or not to assume the Contract. The need for the Debtors to have at least the 180 days afforded under Section 1126 of the Bankruptcy Code for the Debtors to file a plan before having to assume or reject an executory contract is manifest, particularly in a proceeding as complex as this one. Movant does not lightly seek to limit the Debtors' period for determining whether to assume or reject so small a Contract in so large a case.

13. However, the Debtors have made it clear that they consider the fulfillment of the Contract to be of immediate consequence. Most importantly, Movant has been impliedly threatened with liability for any damages suffered by the Debtors

4

should Movant decline to fulfill the Contract, which damages could easily affect Movant's own financial stability.

14. However, it is resolutely unfair for the Debtors to compel Movant to complete its performance under the Contract without any commitment by the Debtors to make the payments required of them under the terms of the Contract. Should Movant complete its performance of the Contract without a prior assumption, the Debtors will be able to reject the Contract and treat the balance due to Movant as an unsecured non-priority pre-petition claim. Movant submits that this situation was precisely the reason why Congress gave parties in interest the right to seek protection by limiting the time in which a debtor may assume or reject a contract.

15. For these reasons, Movant respectfully requests that the Court require the Debtors to make a decision on assumption or rejection within a reasonable time, taking into consideration the Debtors' own apparent need for an expeditious resolution of this matter.

WHEREFORE, Movant respectfully prays for relief consistent with the foregoing, together with such other and further relief as may be just and proper.

Dated: New York, New York
November 7, 2005

Finkel Goldstein Rosenbloom & Nash, LLP
Attorneys for Pillarhouse (U.S.A.), Inc.
26 Broadway, Suite 711
New York, New York 10004
(212) 344-2929

By: _____
J. Ted Donovan (JTD 1343)

5