Exhibit 1

List of Ordinary Course Professionals

| NAME OF PROFESSIONAL | ADDRESS OF PROFESSIONAL | DESCRIPTION OF SERVICES TO BE RENDERED |
|---|---|---|
| A.S.K. Services, Inc. | 42180 Ford Rd., Ste. 101<br>Canton, MI 48187 | Legal Services |
| Adams & Adams | PO Box 1014<br>Pretoria 0001<br>South Africa | Legal Services* |
| Adelson Testan Bruno | 100 Ocean Gate, Ste. 830<br>Long Beach, CA 90802 | Legal Services |
| American Appraisal Associates | 411 E. Wisconsin Ave., Ste. 1900<br>Milwaukee, WI 53201 | Tax Consultancy Services |
| Anne Murphy Patent Services | PO Box 2128 Eads St.<br>Arlington, VA 22202 | Legal Services |
| Antonelli Terry Stout & Krause, LLP | 1300 N. 17th St., Ste. 1800<br>Arlington, VA 22209 | Legal Services |
| Arent, Fox, Kintner, Plotkin & Kahn | 1050 Connecticut Ave. N.W.<br>Washington, DC 20036-5339 | Legal Services |
| Asset Management Resources, Inc. | 26211 Central Park Blvd.<br>Southfield, MI 48076 | Tax Consultancy Services |
| Association of Business Advocating Tariff Equity (A.B.A.T.E.) | PO Box 67000<br>Detroit, MI 48267-0409 | Legal Services |

| NAME OF PROFESSIONAL | ADDRESS OF PROFESSIONAL | DESCRIPTION OF SERVICES TO BE RENDERED |
|---|---|---|
| Baker & Daniels | 300 N. Meridian St., Ste. 2700<br>Indianapolis, IN  46204-1782 | Legal Services |
| Baker & McKenzie LLP | 660 Hansen Way<br>Palo Alto, CA  94304<br><br>805 3rd Ave.<br>New York, NY  10022<br><br>815 Connecticut Ave. N.W.<br>Washington, DC  20006-4078<br><br>701 Brickell Ave., Ste. 1600<br>Barnett Tower<br>Miami, FL  33131-2827<br><br>PO Box 10220<br>El Paso, TX  79995<br><br>One Prudential Plaza<br>130 E. Randolph Dr.<br>Chicago, IL  60601-6384<br><br>32 Avenue Kleber BP 2112<br>75771 Paris Cedex 16<br>France | Legal Services * |
| Baker Botts LLP | 1299 Pennsylvania Ave. N.W.<br>Washington, DC  20004-2400<br><br>1600 San Jacinto Ctr.<br>98 San Jacinto Blvd.<br>Austin, TX  78701<br><br>PO Box 201626<br>Houston, TX  77216-1626 | Legal Services |
| Balch & Bingham LLP | PO Box 306<br>Birmingham, AL  35201 | Legal Services |
| Banner & Witcoff, Ltd | 10 S. Wacker Dr., Ste. 3000<br>Chicago, IL  60606 | Legal Services |
| Barnes & Thornburg | 1313 Merchant Bank Bldg.<br>11 S. Meridian St.<br>Indianapolis, IN  46204 | Legal Services |
| Barnett Associates, Inc. | 61 Hilton Ave.<br>Garden City, NY  11530 | Tax Consultancy Services |
| Bell Anderson & Sanders LLC | 496 Broadway<br>Laguna Beach, CA  92651 | Legal Services |

---

\*      Certain of the services indicated by an asterisk (*) are, to some extent, provided by a non-U.S. professional and/or performed outside of the United States.  The Debtors nevertheless submit that such services provide a direct benefit to the Debtors' estates.

| NAME OF PROFESSIONAL | ADDRESS OF PROFESSIONAL | DESCRIPTION OF SERVICES TO BE RENDERED |
|---|---|---|
| Berger & Berger | 555 International Dr., Ste. 800<br>Buffalo, NY 14221 | Legal Services |
| Beusse, Brownlee, Wolter, Mora & Maire, P.A. | 390 N. Orange Ave. Ste. 2500<br>Orlando, FL  32801 | Legal Services |
| Bliss McGlynn P.C. | 2075 W. Big Beaver Rd., Ste. 600<br>Troy, MI  48084-3443 | Legal Services |
| BNP Paribas Securities Corp. | 787 7th Ave.<br>New York, NY  10019 | Investment Banking Services |
| Booth Udall, PLC | 1423 S. Higley Rd., Ste. 110<br>Mesa, AZ 85206 | Legal Services |
| Bowman and Brooke LLP | 50 W. Big Beaver Rd., Ste. 600<br>Troy, MI  48084<br><br>150 S. 5th St., Ste. 2600<br>Minneapolis, MN  55402<br><br>160 W. Santa Clara St., Ste. 1150<br>San Jose, CA  95113-1700<br><br>PO Box 1414 NCB 13<br>Minneapolis, MN  55480-1414<br><br>Riverfront Plaza West Tower<br>901 E. Byrd St., Ste. 1500<br>Richmond, VA  23219-4027 | Legal Services |
| Braun Kendrick Finkbeiner PLC | Second National Bank Bldg.<br>101 Fashion Sq. Blvd.<br>Saginaw, MI  48603 | Legal Services |
| Brown & James, P.C. | Richland Executive Plaza<br>525 West Main, Ste. 200<br>Belleville, IL | Legal Services |
| BSI America Inc | 12110 Sunset Hills Road, Ste. 140<br>Reston, VA  20190-3231<br><br>13910 Collections Center Dr.<br>Chicago, IL  60693 | Auditing Services |
| BSI Management Systems | 12110 Sunset Hills Rd., Ste. 140<br>Reston, VA  20190-3231<br><br>13910 Collections Center Dr.<br>Chicago, IL  60693 | Auditing Services |
| Bugbee & Conkle | National City Bank Bldg.<br>405 Madison, Ste. 1300<br>Toledo, OH  43604-1238 | Legal Services |
| Butzel, Long | 150 W. Jefferson Ave., Ste. 900<br>Detroit, MI  48226-4430 | Legal Services |
| C&S Patent and Law Office | KPO Box 103<br>Seoul 110 601<br>Republic of Korea | Legal Services* |

| NAME OF PROFESSIONAL | ADDRESS OF PROFESSIONAL | DESCRIPTION OF SERVICES TO BE RENDERED |
|---|---|---|
| Cabinet Michel Poupon | 3 Rue Ferdinand Brunot<br>88026 Epinal Cedex<br>France | Legal Services* |
| Cadena Law Firm, P.C. | 1017 Montana Ave.<br>El Paso, TX 79902-5411 | Legal Services |
| Cadwalader Wickersham & Taft LLP | 1201 F St. N.W.<br>Washington, DC  20004<br><br>PO Box 5929<br>New York, NY  10087-5929 | Legal Services |
| Cantor Colburn LLP | 55 Griffin Rd. S.<br>Bloomfield, CT  06002 | Legal Services |
| Cardinal Law Group | 1603 Orrington Ave., Ste. 2000<br>Evanston, IL  60201 | Legal Services |
| Cattel, Tuyn & Rudzewicz, PLLC | Governers Place<br>33 Bloomfield Hills Pkwy, Ste. 120<br>Bloomfield Hills, MI  48304-2945 | Legal Services |
| Charles K. Veenstra | 631 Windsor Run<br>Bloomfield Hills, MI  48304 | Legal Services |
| Cherry, Edson and Kelly | 175 Fulton Ave.<br>Hempstead, NY  11550 | Legal Services |
| Chester Willcox & Saxbe LLP | 65 E. State St. Ste. 1000<br>Columbus, OH  43215 | Legal Services |
| Chevez Abogados, S.C. | Bosque de Ciruelos 168, 6º Piso<br>Bosques de las Lomas<br>11700 Mexico, D.F.  Mexico | Legal Services* |
| China Patent Agent (H.K.) Ltd. | China Patent Agent HK Ltd<br>23 Harbour Rd.<br>Wanchai<br>Hong Kong<br>Hong Kong<br><br>China Patent Agent (HK) Ltd<br>Bank of China Harbour Rd.<br>Hong Kong<br>Hong Kong | Legal Services* |
| Christie, Parker & Hale, LLP | 350 W. Colorado Blvd., Ste. 500<br>Pasadena, CA  91109 | Legal Services |
| Ciara Systems, Inc. | 13112 Ludlow<br>Huntington Woods, MI | Legal Services |
| Clark Consulting | 101 Constitution Ave. N.W.<br>Washington, D.C.  20001 | Legal Services |
| Clark Hill P.L.C. | 500 Woodard Ave., Ste. 3500<br>Detroit, MI  48226-3435<br><br>1600 First Federal Bldg.<br>1001 Woodward Ave.<br>Detroit, MI  48226 | Legal Services |
| Clark, Thomas & Winters, PC | PO Box 1148<br>Austin, TX  78767 | Legal Services |

| NAME OF PROFESSIONAL | ADDRESS OF PROFESSIONAL | DESCRIPTION OF SERVICES TO BE RENDERED |
|---|---|---|
| Consortium Industriel | Commercial & Maritime 19, Boulevard Imam Ali Kenitra, Morocco | Legal Services* |
| Coolidge Wall Womsley & Lombard Co. LPA | 33 W. 1st St., Ste. 600 Dayton, OH  45402-1289 | Legal Services |
| Couch White, LLP | 540 Broadway Albany, NY  12201-2222 | Legal Services |
| Covington & Burling LLP | 1330 Ave. of the Americas New York, NY 10019<br><br>1201 Pennsylvania Ave. PO Box 7566 Washington, DC  20044 | Legal Services |
| Cramer & Laws | Hubertusstrasse 15 D-59929 Brilon, Germany | Legal Services* |
| Crew, Buchanan & Lowe | 2580 Kettering Tower Dayton, OH  45423-2580 | Legal Services |
| Crowell & Moring LLP | 3 Park Plaza Irvine, California 92614 | Legal Services |
| Crowley Stringer & Fenske LLP | 456 Montgomery Street, 17th Fl. San Francisco, CA  94104 | Legal Services |
| Customs Network Ltd. | 36 Park Rd. Benfleet Essex SS7 3PP United Kingdom | Legal Services* |
| Dechert LLP | 30 Rockefeller Plaza New York, NY  10112 | Legal Services |
| DePenning & DePenning | 10 Government Place East Kolkata 700 069 India | Legal Services* |
| Det Norske Veritas | 16340 Park Ten Place, Ste. 100 Houston, TX  77084<br><br>3 Cathedral Street Palace House London SE1 9DE United Kingdom<br><br>CO Banque Nationale de Paris 77 Blvd. Richelieu 92500 Rueil Malmaison France<br><br>64 Avenue D Haifa Hermes Park Bt A Marseille 13008 France | Auditing Services |
| Dewitt Ross & Stevens | Capitol Square Office 2 E. Mifflin St., Ste. 600 Madison, WI 53703-2865 | Legal Services |

| NAME OF PROFESSIONAL | ADDRESS OF PROFESSIONAL | DESCRIPTION OF SERVICES TO BE RENDERED |
|---|---|---|
| Dickinson Wright P.L.L.C. | 500 Woodward Ave., Ste. 4000 Detroit, MI 48226-3425 | Legal Services |
| Dierker & Associates, PC | 3331 W. Big Beaver Rd., Ste. 109 Troy, MI 48084-2813 | Legal Services |
| Drew & Napier | 20 Raffles Place #17-00 Ocean Towers Singapore 048620 Singapore | Tax Consultancy Services* |
| Drew, Eckl & Farnham, LLP | Drew Eckl & Farnham LLP 880 W. Peachtree St. N.W. Atlanta, GA 30357 | Legal Services |
| Drinker Biddle & Reath LLP | 1 Logan Square 18th & Cherry Streets Philadelphia, PA 19103-6996 | Legal Services |
| Due, Doyle, Fanning, Ewing & Metzger, LLP | 55 Monument Circle 900 Circle Tower Bldg. Indianapolis, IN 46204 | Legal Services |
| Dykema Gossett P.L.L.C. | 400 Renaissance Ctr. PO Box 79001, Drawer 1787 Detroit, MI 48243 55 East Monroe Street Chicago, IL 60603 | Legal Services |
| Eldridge Cooper Steichen & Leach, PLLC | 110 W. 7th St., Ste. 200 Tulsa, OK 74119 | Legal Services |
| Equis Corporation1 | 161 North Clark St., Ste. 2400 Chicago, IL 60601 | Real Estate Brokerage Services |
| Ernst & Young LLP | 101 W. Big Beaver Rd., Ste. 1200 Troy, MI 48084 | Advisory Services - Sarbanes-Oxley Compliance |
| Evans, Pletkoic & Rhodes, P.C. | 26125 Woodward Ave. Huntington Woods, MI 48070 | Legal Services |
| Eyster, Key, Tubb, Weaver & Roth | 402 E. Moulton St. S.D. Decatur, AL 35601 PO Box 1607 Decatur, AL 35602-1607 | Legal Services |
| Falkowski PLLC | PO Box 650 Novi, MI 48376-0650 | Legal Services |
| Foley & Lardner LLP | 500 Woodward, Ste. 2700 Detroit, MI 48226-3489 | Legal Services |
| Ford, Howard & Cornett, P.C. | PO Box 388 Gadsden, AL 35902-0388 | Legal Services |

---

[1]    As of the Petition Date the Debtors' retained Equis Corporation ("Equis") as their real estate broker.  Pursuant to its current retention, Equis is obligated to continue to act in such capacity through November 2005.  The Debtors have sought to retain Jones Lang LaSalle Americas Inc. ("Jones Lang LaSalle") to perform this function as of December 2005.  The Debtors do not intend for Equis to perform the services set forth herein after November 2005 or for Jones Lang LaSalle to commence performance of the services set forth herein before December 2005.  Accordingly, the Debtors do not anticipate that there will be any overlap in the services to be provided by each of Equis and Jones Lang LaSalle.

| NAME OF PROFESSIONAL | ADDRESS OF PROFESSIONAL | DESCRIPTION OF SERVICES TO BE RENDERED |
|---|---|---|
| Foster, Swift, Collins & Smith, P.C. | 313 S. Washington Sq. Lansing, MI  48933 | Legal Services |
| Fulbright & Jaworski LLP | 666 5th Ave. New York, NY  10103 | Legal Services |
| Gable & Gotwals Law Firm | 1100 Oneok Plaza 100 W. 5th St., Ste. 100 Tulsa, OK  74103-4217 | Legal Services |
| Genzink Appraisal Company | 2120 44th St. S.E. No. 301 Grand Rapids, MI  49508 | Legal Services |
| Gielowski and Steiner, LLP | 135 Delaware Avenue, Ste. 405 Buffalo, NY  14202 | Legal Services |
| Global Quality Institute | 37 Marotta Ave. Brampton, ON  L6X 4W9 Canada | Auditing Services |
| Goldberg Segalla LLP | 665 Main St., Ste. 400 Buffalo, NY  14203 | Legal Services |
| Gowling Lafleur Henderson LLP | Box 466, Station D Ottowa, ON  K1P 1C3 Canada 160 Elgin St., Ste. 2600 Ottawa, ON  K1P 1C3 Canada | Legal Services* |
| Gresk & Singleton | 950 S. Meridian St., #410 Indianapolis, IN 46225 | Legal Services |
| Groves Decker PC | 2413 S. Linden Rd. Flint, MI  48532 | Legal Services |
| Gwinn & Roby | 4100 Renaissance Twr. 1201 Elm St. Dallas, TX  75270 | Legal Services |
| Hack, Piro, O'Day, Merklinger, Wallace & McKenna, P.A. | 30 Columbia Tkp. Florham Park, NJ  07932 | Legal Services |
| Hamberger & Weiss | 1725 Statler Towers 107 Delaware Ave. Buffalo, NY  14202 | Legal Services |
| Harlan and Harlan | 1360 S. 5th St. St.. Charles, MO  63301 | Legal Services |
| Harris Beach LLP | 99 Garnsey Rd. Pittsford, NY | Legal Services |
| Hartman & Hartman P.C. | 15 N. Franklin, Ste. 250 Valparaiso, IN  48383 552 E. 700 N. Valparaiso, IN  46383 | Legal Services |

| NAME OF PROFESSIONAL | ADDRESS OF PROFESSIONAL | DESCRIPTION OF SERVICES TO BE RENDERED |
|---|---|---|
| Heller Ehrman White & McAuliffe | 120 W. 45th St., 21st Fl.<br>New York, NY  10036-4041<br><br>PO Box 60000<br>San Francisco, CA  94160-3536<br><br>7 Times Square<br>New York, NY  10036 | Legal Services |
| Hewitt & Associates | 101 W. Big Beaver Rd., Ste. 300<br>Troy, MI  48084<br><br>PO Box 95135<br>Chicago, IL  60694-5135<br><br>100 Half Day Rd.<br>Lincolnshire, IL  60069<br><br>PO Box 95135<br>Chicago, IL  60694-5135 | Auditing Services |
| Hogan & Hartson, LLP | 555 13th St. N.W.<br>Washington, D.C.  2004 | Legal Services* |
| Holloway, Dobson, Bachman | 211 N. Robinson, Ste. 900<br>Oklahoma City, OK  73102 | Legal Services |
| Honigman Miller Schwartz and Cohn | 2290 First National Bldg.<br>660 Woodward Ave.<br>Detroit, MI  48226<br><br>222 N. Washington Sq., Ste. 400<br>Lansing, MI  48933-1800 | Legal Services |
| Horwood, Marcus & Berk Chartered | 180 N. Lasalle St.<br>Chicago, IL  60601 | Tax Consultancy Services |
| Howard & Howard Attorneys, P.C. | Pinehurst Office Ctr., Ste. 101<br>39400 Woodward Ave.<br>Bloomfield Hills, MI  48304-5151<br><br>1400 N. Woodward Ave.<br>Bloomfield Hills, MI  48304-2856 | Legal Services |
| Hudson, Potts & Bernstein | 130 Desiard St.<br>Monroe, LA  71210-3008 | Legal Services |
| Huron Consulting Services LLC | 550 W. Van Buren St.<br>Chicago, IL 60607 | Financial Advisory Services |
| Ice Miller | 1 American Sq., #82001<br>Indianapolis, IN 46282 | Legal Services |
| INDIEC Indiana Industrial Energy Consumers, Inc. | 1700 1 American Sq.<br>Box 82053<br>Indianapolis, IN  46282-0003 | Legal Services |
| Ivins, Phillips & Barker Chartered | 1700 Pennsylvania Ave., N.W.<br>Washington, D.C.  20006 | Legal Services |
| J. Gordon Lewis dba J. Gordon Lewis, PLLC | 441 N. Evansdale Dr.<br>Bloomfield Hills, MI  48304 | Legal Services |

| NAME OF PROFESSIONAL | ADDRESS OF PROFESSIONAL | DESCRIPTION OF SERVICES TO BE RENDERED |
|---|---|---|
| J.M. Robertson Intellectual Property Services LLC | 233 S. Pine St. Spartanburg, SC  29302 | Legal Services |
| Jaeckle Fleischmann & Mugel, LLP | 190 Linden Oaks Rochester, NY  14625-2812 <br><br> Fleet Bank Bldg. 12 Fountain Plaza Buffalo, NY  14202-2292 | Legal Services |
| Jaffe Raitt Heuer & Weiss P.C. | 27777 Franklin Rd., Ste. 2500 Southfield, MI  48034 | Legal Services |
| Jefferson Wells | 4000 Town Ctr., Ste. 725 Southfield, MI 48075 | Auditing Services |
| John A. Artz P.C. | 28333 Telegraph Rd., Ste. 250 Southfield, MI  48034 | Legal Services |
| Johnston Barton Proctor & Powell LLP | 1901 6th Ave. N., Ste. 2900 Birmingham, AL  35203 | Legal Services |
| Jones Day | 901 Lakeside Ave. Cleveland, OH  44114 | Legal Services |
| Jones Lang LaSalle Americas Inc | 200 E. Randolph Dr., Ste. 4300 Chicago, IL 60601 | Real Estate Brokerage Services |
| Keating, Muething & Klekamp, P.L.L. | 1400 Provident Twr. 1 E. 4th St. Cincinnati, OH  45202 | Legal Services |
| Keefe and Associates | 24405 Gratiot Ave. Eastpointe, MI  48021 | Legal Services |
| Kenneth Mason | The Book Barn Westbourne Hampshire, PO10 8RS United Kingdom | Legal Services* |
| Kevin P. Weldon | 5935 Westchester St. Alexandria, VA  22310-1134 | Legal Services |
| Kim & Chang | Seyang Bldg. 223 Naeja Dong Chongro Du Seoul 110 Republic of Korea <br><br> Seyang Bldg. 223 Naeja Dong Chongro Ku Seoul Republic of Korea <br><br> Seyang Bldg. 223 Naeja-Dong, Jongno-Gu Seoul Republic of Korea | Legal Services* |
| Kirton & McConkie | 60 E. S. Temple No. 1800 Salt Lake City, UT  84145-0120 | Legal Services |
| Kronish Lieb Weiner & Hellman LLP | 1114 Ave. of the Americas, Ste. 4600 New York, NY  10036 | Legal Services |

| NAME OF PROFESSIONAL | ADDRESS OF PROFESSIONAL | DESCRIPTION OF SERVICES TO BE RENDERED |
|---|---|---|
| L.C. Begin & Associates, PLLC | 510 Highland Ave. PMB 403<br>Milford, MI  48381-1586 | Legal Services |
| Lamothe & Hamilton, APLC | 601 Poydras St., Ste. #2750<br>New Orleans, LA  70130 | Legal Services |
| Lathrop & Gage | 2345 Grand Blvd., Ste. 2800<br>Kansas City, MO  64108-2612 | Legal Services |
| Lavin O'Neil Ricci Cedrone & DiSipio | Suite 500<br>190 N. Independence Mall W.<br>Philadelphia, PA  19106<br><br>8000 Midlantic Dr., Ste. 201 S.<br>Mount Laurel, NJ 08054<br><br>780 3rd Ave.<br>New York, NY  10017 | Legal Services |
| Law Office of Robert E. Wilyard | 600 W. Santa Ana Blvd., #101<br>Santa Ana, CA  92701 | Legal Services |
| Law Offices of Albert M. Gutierrez, P.C. | 111 Soledad, Suite 1310<br>San Antonio, TX  78205 | Legal Services |
| Law Offices of Brian C. Pauls | 919 S. Harrison St., Ste. 320<br>Fort Wayne, IN  46802 | Legal Services |
| Leger Robic Richard, L.L.P. | Centre CDP Capital<br>1001 Victoria Sq. Bloc E. 8th Fl.<br>Montreal, PQ  H2Z 2B7<br>Canada | Legal Services* |
| Lenox, Socey, Wilgus, Formidoni, Brown, Giordano & Casey | 3131 Princeton Pike - 1B<br>Trenton, NJ  08648 | Legal Services |
| Letson, Griffith, Woodall, Lavelle & Rosenberg | 155 S. Park Ave.<br>Warren, OH 44482<br><br>PO Box 151<br>Warren, OH  44482-0151 | Legal Services |
| Levasseur & Levasseur | 28105 Greenfield Rd., Ste. 120<br>Southfield, MI  48076 | Legal Services |
| Lewis & Kappes, P.C. | c/o Jon P Wickes, Jr.<br>PO Box 82053<br>1700 One American Sq.<br>Indianapolis, IN  46282 | Legal Services |
| Lippert, Humphreys, Campbell, Dust & Humphreys, P.C. | Ste. 410 Plaza N.<br>4800 Fashion Sq. Blvd.<br>Saginaw, MI  48604 | Legal Services |
| Locke Reynolds LLP | 201 N. Illinois St., Ste. 1000<br>PO Box 44961<br>Indianapolis, IN  46244-0961 | Legal Services |
| Locker & Lee | 6600 E. Campus Circle Dr., Ste. 310<br>Irving, TX 75063 | Legal Services |
| Manitz, Finsterwald & Partner | Postfach 31 02 20<br>80102 Munchen<br>Germany | Legal Services* |

| NAME OF PROFESSIONAL | ADDRESS OF PROFESSIONAL | DESCRIPTION OF SERVICES TO BE RENDERED |
|---|---|---|
| Maria Luisa Flores Garciadiego | Avenida Universidad 2014 Edificio Paraguay, Ground Fl. #4 Colonia Romero de Terreros C.P. 04310, Delegacion Coyoacan Mexico, D.F. Mexico | Legal Services* |
| Mark A. Navarre | 200 S. Main St. Room B-1 PO Box 537 Urbana, OH  43078 | Legal Services |
| Marshall, Gerstein & Borun | 6300 Sears Twr. 233 S. Wacker Dr. Chicago, IL  60606 | Legal Services |
| Martin Brown & Sullivan Ltd. | 321 S. Plymouth Ct, 10th Fl. Chicago, IL  60604 | Legal Services |
| Marylou J. Lavoie | 1 Banks Rd. Simsbury, CT  06070 | Legal Services |
| Mayer, Brown, Rowe & Maw LLP | 1909 K Street, N.W. Washington, D.C. 20006-1101 | Legal Services |
| McCarter & English | Mellon Bank Ctr., Ste. 700 1735 Market St. Philadelphia, PA  19103-75 | Tax Consultancy Services |
| McCarthy Tetrault LLP | Suite 4700 Toronto Dominion Bank Twr., Box 48 Toronto, ON M5K 1E6 Canada | Legal Services* |
| McCarthy, Lebit, Crystal & Liffman Co., L.P.A. | 1800 Midland Building 101 W. Prospect Ave. Cleveland, OH  44115-1088 | Legal Services |
| McDermott Will & Emery LLP | 28 State St. Boston, MA  02109 | Legal Services |
| McElroy, Deutsch, Mulvaney and Carpenter, LLC | 100 Mulberry St. Newark, NJ  07102 | Legal Services |
| McGann, Bartlett and Brown | 111 Founders Plaza, Ste. 1201 East Hartford, CT  06108 | Legal Services |
| McGlynn & Luther | 500 N. Broadway, Ste. 1515 Saint Louis, MO  63102 | Legal Services |
| McKenna Long & Aldridge LLP | 1900 K St. N.W. Washington, D.C.  20006 | Legal Services |
| McNees Wallace & Nurick LLC | P O Box 1166 100 Pine St. Harrisburg, PA  17108-1166 | Legal Services |
| Michael D. Schloff, PLLC | 6905 Telegraph Rd., Ste. 215 Bloomfield Hills, MI  48301 | Legal Services |
| Micheal, Best and Fredrick LLP | 100 E. Wisconsin Ave., S300 Milwaukee, WI  53202 | Legal Services |
| Miller Canfield Paddock & Stone, PLC | 150 W. Jefferson, Ste. 2500 Detroit, MI  48226-4415 PO Drawer 64348 Detroit, MI  48264-0348 | Legal Services |
| Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC | 1 Financial Ctr. Boston, MA  02111 | Legal Services |

| NAME OF PROFESSIONAL | ADDRESS OF PROFESSIONAL | DESCRIPTION OF SERVICES TO BE RENDERED |
|---|---|---|
| Moffatt Thomas Barrett Rock & Fields - Chartered | 101 South Capitol Blvd., 10th Fl. Boise, Iowa 83702 | Legal Services |
| Momsen, Leonardos & Cia | Rua Teofilo Otoni 63 10 Andar Centro Rio de Janeiro RJ 20090-080 Brazil | Legal Services* |
| Moore Hansen & Sumner | 225 S. 6th St., Ste. 4850 Minneapolis, MN 55402 | Legal Services |
| Mounce, Green, Myers, Safi & Galatzan | 100 N. Stanton, Ste. 1700 El Paso, TX  79901-1448 | Legal Services |
| Naciri & Associates Gide Loyrette Nouel | 52, Boulevard Zerktouni Espace Erreda 5eme etage 20000 Casablanca, Morocco | Legal Services* |
| Neal Gerber & Eisenberg, LLP | 2 N. Lasalle St. Chicago, IL  60602 | Legal Services |
| O'Brien & Bails | 141 E. Michigan St., Ste. 601 Kalamazoo, MI  49007-3943 | Legal Services |
| Ogne, Alberts & Stuart, P.C. | 1869 E. Maple Rd. Troy, MI  48083 | Legal Services |
| Okabe | 602 Fuji Bldg. 2 3 Marunouchi 3 Chome Chiyoda Ku Tokyo 100 0005 Japan | Legal Services* |
| Parker and Irwin | 348 W. Hospitality Lane San Bernadino, CA  92408 | Legal Services |
| Paul E. Riegel, Esq. | 2525 N. 124th St. Brookfield, WI  53005 | Legal Services |
| Paul, Hastings, Janofsky & Walker LLP | 515 S. Flower St., 24th Fl. Los Angeles, CA 90071  600 Peachtree St. N.E., Ste. 2400 Atlanta, GA  30308 | Legal Services |
| Pedersen, Keenan, King, Wachsberg & Andrzejak, P.C. | 4057 Pioneer Dr., Ste. 300 Commerce Township, MI  48390-1363 | Legal Services |
| Pelaez Alonso, S.C. | Colonia del Valle C.P. 03100, Delegacion Benito Juarez Mexico, D.F.  Mexico | Legal Services* |
| Pepper Hamilton LLP | 1201 Market St., Ste. 1600 Wilmington, DE  19801 | Legal Services |
| Phelps Dunbar LLP | Canal Place 365 Canal St. 2000 New Orleans, LA  70130-6534  111 East Capitol, Ste. 600 Jackson, MS  39225-3066  PO Box 23066 Jackson, MS  39255-3066 | Legal Services |

| **NAME OF PROFESSIONAL** | **ADDRESS OF PROFESSIONAL** | **DESCRIPTION OF SERVICES TO BE RENDERED** |
|---|---|---|
| Phifer & White, P.C. | L.B. Kind Building, Ste. 500<br>1274 Library St.<br>Detroit, MI  48246 | Legal Services |
| Phillips Ormonde and Fitzpatrick | 367 Collins St.<br>Melbourne 3000<br>Australia<br><br>PO Box 323<br>Collins St. W. 8007<br>Melbourne<br>Australia | Legal Services* |
| Pillsbury Winthrop Shaw Pittman LLP | 2 Houston Ctr.<br>909 Fannin, 22nd Fl.<br>Houston, TX  77010<br><br>PO Box 60000<br>San Francisco, CA  94160-2391 | Legal Services |
| Pinhiero Neto Advogados | Rua Boa Vista 254 9<br>01014-901 Sao Paulo<br>Brazil<br><br>SCS-Quadra 1 Bloco I 6<br>Andar Cep<br>70304 900 Brasilia DF<br>Brazil | Legal Services* |
| Plews Shadley Racher & Braun | 1346 N. Delaware St.<br>Indianapolis, IN  46202 | Legal Services |
| Plunkett & Cooney, P.C. | 38505 Woodward, Ste. 2000<br>Bloomfield Hills, MI  48304<br><br>900 Marquette Bldg.<br>243 W. Congress, Ste. 800<br>Detroit, MI  48226-3260<br><br>1695 Woodward Ave., Ste. 210<br>Bloomfield Hills, MI  48013 | Legal Services |
| Porterfield, Harper & Mills, P.A. | 22 Inverness Center Pkwy, Ste. 600<br>Birmingham, AL  35242<br><br>PO Box 530790<br>Birmingham, AL  35253-0790 | Legal Services |
| Price, Heneveld, Cooper, DeWitt & Litton | 695 Kenmore Ave. S.E.<br>PO Box 2567<br>Grand Rapids, MI  49501-2567 | Legal Services |

| NAME OF PROFESSIONAL | ADDRESS OF PROFESSIONAL | DESCRIPTION OF SERVICES TO BE RENDERED |
|---|---|---|
| PriceWaterhouseCoopers | 1301 K Street N.W.<br>Suite 800W<br>Washington, DC  20005 | Legal Services |
| | 200 E. Randolph Dr.<br>Chicago, IL  60601-6401 | |
| | 400 Campus Dr.<br>Florham Park, NJ  07932 | |
| | BP Tower 27th Fl.<br>200 Public Sq.<br>Cleveland, OH  44114-2301 | |
| | 1900 K St. N.W., Ste. 900<br>Washington, DC  20006 | |
| | PO Box 65640<br>Charlotte, NC  28265-0640 | |
| | PO Box 75647<br>Chicago, IL  60675 | |
| | 9399 W. Higgins Rd., Ste. 1100<br>Rosemont, IL  60018 | |
| | Marino Escobedo 573<br>Col. Rincon Del Bosque<br>Mexico DF 11580<br>Mexico | Legal Services* |
| | AV Tecnologico 100 Pis o 6<br>76030 Queretaro Qro<br>Mexico | Legal Services* |
| | North American Center<br>5700 Yonge St., Ste. 1900<br>North York, ON M2M 4K7<br>Canada | Legal Services* |
| | 202 Hi Bin Road<br>Shanghai<br>200021<br>China | Legal Services* |
| Quan, Burdette & Perez, P.C. | 5177 Richmond Ave., Ste. 800<br>Houston, TX 77056 | Legal Services |
| Quattlebaum, Grooms, Tull & Burrow PLLC | 111 Center St., Ste. 1900<br>Little Rock, AR  72201 | Legal Services |
| Quinn Emanuel Urquhart Oliver & Hedges LLP | 865 S. Figueroa St., 10th Fl.<br>Los Angeles, CA  90017-2543 | Legal Services |

| NAME OF PROFESSIONAL | ADDRESS OF PROFESSIONAL | DESCRIPTION OF SERVICES TO BE RENDERED |
|---|---|---|
| Rader Fishman & Grauer | 39533 Woodward Ave., Ste. 140 Bloomfield Hills, MI  48304-6756  Reliable Parkway Chicago, IL  60686 | Legal Services |
| Ralph L. Hensler | 1623 3rd Ave. 20G New York, NY  10128 | Legal Services |
| Reising, Ethington, Barnes Kisselle, P.C. | 201 W. Big Beaver Ste. 400 Troy, MI  48084 | Legal Services |
| Richards Spears Kibbe & Orbe LLP | One World Financial Ctr. New York, NY  10281-1003 | Legal Services |
| Robert M. Morgan | Ste. 1125 Ford Bldg. 615 Griswold Detroit, MI  48226 | Legal Services |
| Robin, Carmack and Gonia, LLP | 14771 Plaza Dr., Ste. D Tustin, CA  92780 | Legal Services |
| Roetzel and Andress | 222 S. Main St. Akron, OH  43308 | Legal Services |
| Rogitz & Associates | 750 B St., Ste. 3120 Symphony Twr. San Diego, CA  92101 | Legal Services |
| Rumberger Kirk & Caldwell P.A. | 300 S. Orange Ave. Lincoln Plaza, Ste. 1400 Orlando, FL | Legal Services |
| Russell & Stoychoff | 2855 Coolidge Hwy, #218 Troy, MI 48084 | Legal Services |
| Sager and Savage | 5152 Katella Ave., Ste. 104 Los Alamitos, CA  90720 | Legal Services |
| Scheuer Mackin & Breslin LLC | 11025 Reed Hartman Highway Cincinnati, OH  45242 | Legal Services |
| Schmeiser, Olson & Watts | 18 E. University Dr., Ste. 101 Mesa, AZ 85201  3 Lear Jet Lane, Ste. 201 Latham, NY 12110  125 High Rock Ave. Saratoga Springs, NY 12866 | Legal Services |
| Secrest, Wardle, Lynch, Hampton, Turex and Morley P.C. | 30903 Northwestern Hwy. Farmington Hills, MI  48334  PO Box 634213 Cincinnati, OH  45263-4213 | Legal Services |
| Segar and Sciortino | 400 Meridian Ctr., Ste. 320 Rochester, NY  14618 | Legal Services |
| Sidley Austin Brown & Wood LLP | Square de Meeus 35 B-1000 Brussels, Belgium | Legal Services* |
| Slage, Bernard & Gorman, P.C. | 600 Plaza W. Bldg. 4600 Madison Ave., Ste. 600 Kansas City, MO | Legal Services |

| NAME OF PROFESSIONAL | ADDRESS OF PROFESSIONAL | DESCRIPTION OF SERVICES TO BE RENDERED |
|---|---|---|
| Smiley-Smith & Bright CPAs, LLC | 4250 Lomac St.<br>Montgomery, AL  36106 | Legal Services |
| Smith, Gambrell & Russell, L.L.P. | 1850 M Street N.E., Ste. 800<br>Washington, DC  20036<br><br>1230 Peachtree St. N.E., Ste. 3100<br>Atlanta, GA  30309-3592 | Legal Services |
| Smith, Spires & Peddy, P.C | 2015 2nd Ave. N.<br>Birmingham, AL | Legal Services |
| Snell & Wilmer LLP | One Arizona Ctr.<br>400 E. Van Buren, 10th Fl.<br>Phoenix, AZ  85004-0001<br><br>1500 Citibank Twr.<br>1 S. Church Ave.<br>Tucson, AZ  85701-1612 | Legal Services |
| Sonnenschein Nath & Rosenthal LLP | 1301 K Street, N.W.<br>Ste. 600, E. Twr.<br>Washington, DC  20005<br><br>233 S. Wacker Dr. Ste. 8000<br>Chicago, IL  60606-6404 | Legal Services |
| Squire, Sanders & Dempsey, L.L.P. - DC | 1201 Pennsylvania Ave. N.W. 5th<br>PO Box 407<br>Washington, DC  20004-0407<br><br>1300 Huntington Ctr.<br>41 S. High St.<br>Columbus, OH  43215<br><br>PO Box 643051<br>Cincinnati, OH  45264-3051 | Legal Services |
| Stockwell, Harris, Widom and Woolv | 3580 Wilshire Blvd., #1900<br>Los Angeles, CA  90010 | Legal Services |
| Suri & Company | Flat No. 12 Golf Apartments<br>Sujan Singh Park Maharishi<br>Raman<br>New Delhi 110003, India | Legal Services* |
| Swift Currie McGhee & Hiers, LLP | 1355 Peachtree St. N.E., Ste. 300<br>Atlanta, GA  30309 | Legal Services |
| Thompson & Knight LLP | 1700 Pacific Ave., Ste. 3300<br>Dallas, TX  75201 | Legal Services |
| Thompson, Hine & Flory, LLP | 2000 Courthouse Plaza N.E.<br>PO Box 8801<br>Dayton, OH  45401-8801 | Legal Services |
| Tsar and Tsai | 8th Fl. 245 Dunhua S. Rd.<br>Sec 1 Taipei 106<br>ROC<br>Taiwan, Province of China | Legal Services* |
| Turner Reid Duncan Loomer & Patton P.C. | 1355 E. Bradford Pkwy, Ste.  A<br>Springfield, MO  65804 | Legal Services |

| NAME OF PROFESSIONAL | ADDRESS OF PROFESSIONAL | DESCRIPTION OF SERVICES TO BE RENDERED |
|---|---|---|
| UHY Mann Frankfort Stein & Lipp Advisors, Inc. | 12 Greenway Plaza, 8th Fl. Houston, TX  77046-1291 | Legal Services |
| Vereenigde | PO Box 87930 2508 DH Den Haag Netherlands | Legal Services* |
| Vicky Farah Law Offices | 201 E. Liberty St. Ann Arbor, MI 48104 | Legal Services |
| von Kreisler Selting Werner | PO Box 102241 D-50462 Koln Germany | Legal Services* |
| Vorys, Sater, Seymour & Pease LLP | 52 E. Gay St. P.O. Box 1008 Columbus, OH  43216-1008 | Legal Services |
| Ward Norris Heller & Reidy, LLP | 300 State St. Rochester, NY  14614 | Legal Services |
| Washington Patent Services, Inc. | The Office Complex of Pasadena 933 Oleander Way S., Ste. 3 South Pasadena, FL  33707 | Legal Services |
| Wax Law Group | 2118 Wilshire Blvd., Ste. 407 Santa Monica, CA  90403 | Legal Services |
| Webb Law Firm | 436 7th Ave., Ste. 700 Pittsburgh, PA  15219-1645 | Legal Services |
| Webb Ziesenheim Logsdon Orkin & Hanson, P.C. | 700 Kopper Bldg. 436 7th Ave., Ste. 700 Pittsburgh, PA  15219-1645 | Legal Services |
| Wells, Anderson & Race, LLC | 1700 Broadway, Ste. 1020 Denver, CO  80290 | Legal Services |
| Wesley D. Pack Jr. | 201 Donna Mae Lane Leonard, MI  48367  16533 E. Campbell Gilbert, AZ  85234 | Legal Services |
| White and Williams LLP | 1800 One Liberty Pl. Philadelphia, PA  19103 | Legal Services |
| WIEG, Inc. | 10 E. Doty St., Ste. 800 Madison, WI  53703 | Legal Services |
| Williams and Williams | 40 Court St. Buffalo, NY  14202 | Legal Services |
| Wilmer Cutler Pickering Hale and Dorr, LLP | 2445 M St. Washington, DC  20037 | Legal Services |
| Wimer Law Offices, P.C. | 655 Allegheny Avenue Oakmont, PA | Legal Services |
| Wise, Carter, Child & Caraway | 600 Heritage Bldg. 401 East Capitol St., Ste. 600 Jackson, MS  39201  P O Box 651 Jackson, MS  39205 | Legal Services |
| Wood and Richmond | 3300 Vickery Rd. N. Syracuse, NY  13212 | Legal Services |

| NAME OF PROFESSIONAL | ADDRESS OF PROFESSIONAL | DESCRIPTION OF SERVICES TO BE RENDERED |
|---|---|---|
| Wood, Herron & Evans, L.L.P. | 2700 Carew Twr. 441 Vine St. Cincinnati, OH  45202 | Legal Services |
| Wooden & McLaughlin, LLP | 1 Indiana Sq., Ste. 1800 Indianapolis, IN  46204-2019 | Legal Services |
| Wright Lindsey & Jennings LLP | 200 W. Capitol Ave., Ste. 2300 Little Rock, AR  72201 | Legal Services |
| Young & Basile P.C. | 3001 W. Big Beaver Rd., Ste. 624 Troy, MI  48084-3107 | Legal Services |
| Yuasa & Hara | Section 206 New Ohtemachi Building 2-1 Ohtemachi 2-Chome Chiyoda-Ku Tokyo 100-0004 Japan  CPO Box 714 Tokyo 100 8692 Japan | Legal Services* |
| Zeanah, Hust & Summerford | 2300 University Blvd. 7th Fl., Am. S. Bldg. Tuscaloosa, AL  35401 | Legal Services |

Exhibit 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
In re                                       :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                          Debtors.          :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


AFFIDAVIT OF LEGAL ORDINARY COURSE PROFESSIONAL

STATE OF                              )
                                     )  ss:
COUNTY OF                            )


                    , being duly sworn, deposes and says:

 1. I am a principal of _____ ("_") which firm maintains offices at _____.

 2. Neither I, "__", nor any partner, auditor or other member thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors and debtors-in-possession (the "Debtors"), their creditors, or any other party-in-interest, or their attorneys, except as set forth in this affidavit.

 3. "__", has represented and advised the Debtors in _____ with respect to a broad range of aspects of the Debtors' businesses.

 4. The Debtors have requested, and "__" has agreed, to continue to represent and advise the Debtors pursuant to section 327(e) of title 11 of the United States Code, 11 U.S.C. §§101-1330, as amended (the "Bankruptcy Code"), with respect to such matters.  Additionally, the Debtors have requested, and "___" proposes, to render the following services to the Debtors: **[INSERT SERVICES]**

 5. "__"'s current fees arrangement is _____.

 6. Except as set forth herein, no promises have been received by "___" or any partner, auditor or other member thereof as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, orders of this Court, and the Fee Guidelines promulgated by the Executive Office of the United States Trustee.

7.    "__" has no agreement with any entity to share with such entity any compensation received by "__".

8.    "__" and its partners, auditors, and other members may have in the past represented, currently represent, and may in the future represent entities that are claimants of the Debtors in matters totally unrelated to these pending chapter 11 cases.  "__" does not and will not represent any such entity in connection with these pending chapter 11 cases and does not have any relationship with any such entity, attorneys, or accountants that would be adverse to the Debtors or their estates.

9.    Neither I, "__", nor any partner, auditor or other member thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors, or their estates in the matters upon which "__" is to be engaged.

10.    The foregoing constitutes the statement of "___" pursuant to sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

FURTHER AFFIANT SAYETH NOT

_____
**[INSERT NAME]**

Subscribed and sworn before me
this __ day of _____, 2005

_____
Notary Public

2

Exhibit 3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                   :
In re                                              :    Chapter 11
                                                   :
DELPHI CORPORATION, et al.,                        :    Case No. 05-44481 (RDD)
                                                   :
                                    Debtors.       :    (Jointly Administered)
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


### AFFIDAVIT OF NON-LEGAL ORDINARY COURSE PROFESSIONAL

STATE OF                                     )
                                             )  ss:
COUNTY OF                                    )


                    , being duly sworn, deposes and says:

1.        I am a principal of _____ ("_") which firm maintains offices at _____.

2.        Neither I, "__", nor any partner, auditor or other member thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors and debtors-in-possession (the "Debtors"), their creditors, or any other party-in-interest, or their attorneys, except as set forth in this affidavit.

3.        "__", has represented and advised the Debtors in _____ with respect to a broad range of aspects of the Debtors' businesses.

4.        The Debtors have requested, and "__" has agreed, to continue to represent and advise the Debtors pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§101-1330, as amended (the "Bankruptcy Code"), with respect to such matters.  Additionally, the Debtors have requested, and "___" proposes, to render the following services to the Debtors: **[INSERT SERVICES]**

5.        "__"'s current fees arrangement is _____.

6.        Except as set forth herein, no promises have been received by "___" or any partner, auditor or other member thereof as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, orders of this Court, and the Fee Guidelines promulgated by the Executive Office of the United States Trustee.

7.      "__" has no agreement with any entity to share with such entity any compensation received by "__".

8.      "__" and its partners, auditors, and other members may have in the past represented, currently represent, and may in the future represent entities that are claimants of the Debtors in matters totally unrelated to these pending chapter 11 cases.  "__" does not and will not represent any such entity in connection with these pending chapter 11 cases and does not have any relationship with any such entity, attorneys, or accountants that would be adverse to the Debtors or their estates.

9.      Neither I, "__", nor any partner, auditor or other member thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors, or their estates in the matters upon which "__" is to be engaged.

10.      In view of the foregoing, "__" is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

11.      The foregoing constitutes the statement of "___" pursuant to sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

FURTHER AFFIANT SAYETH NOT

_____
**[INSERT NAME]**

Subscribed and sworn before me
this __ day of _____, 2005

_____
Notary Public

2

# **EXHIBIT G**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
            In re                                           :
                                                            :    Chapter 11
DELPHI CORPORATION, et al.,                                 :
                                                            :    Case No.  05–44481 (RDD)
                        Debtors.                            :
                                                            :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

AMENDED FINAL ORDER UNDER 11 U.S.C. §§ 362, 503, AND 546 AND FED. R.
BANKR. P. 9019 ESTABLISHING PROCEDURES FOR THE TREATMENT OF
RECLAMATION CLAIMS

("AMENDED FINAL RECLAMATION ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"),[1] of Delphi Corporation

("Delphi") and certain of its domestic subsidiaries and affiliates (the "Affiliate Debtors"), debtors

and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order

under sections 362, 503, and 546 of the Bankruptcy Code authorizing the Debtors to establish

procedures for the resolution and payment of reclamation claims; and upon the Affidavit Of

Robert J. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October

8, 2005; and the Court having entered its Final Order on  October 14, 2005 (Docket No. 230)

(the "Prior Order"); and the Official Committee of Unsecured Creditors (the "Creditors'

Committee") having timely filed an objection to the Final Order pursuant to paragraph 8 thereof

on October 25, 2005 (Docket No. 636) (the "Objection"); and the Objection having been set for

hearing on November 4, 2005; and the Debtors and the Creditors' Committee having resolved the

---

[1]        Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the
           Motion.

Objection through the entry of this Order; and upon the record of the hearing held on the Motion;

and the Court having determined that the relief requested in the Motion is in the best interests of

the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that

proper and adequate notice of the Motion has been given and that no other or further notice is

necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it

is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Prior Order is amended and superceded in its entirety as provided

herein.

2.      The Debtors be and hereby are authorized, pursuant to sections 362, 503,

and 546 of the Bankruptcy Code, to resolve Reclamation Claims in accordance with the

Reclamation Procedures set forth below, including paragraph 3 hereof:

      (a)   Reclamation Demands:

         (i)   All Sellers seeking to reclaim Goods from the
Debtors shall be required to submit a written demand
(a "Reclamation Demand"):

            (1)   before 10 days after receipt of such Goods by
the Debtors; or

            (2)   if such 10-day period expires after the Petition
Date, before 20 days after receipt of such
Goods by the Debtors.

        (ii)   Such a Reclamation Demand must identify with
specificity the goods for which reclamation is sought
and the basis for the Reclamation Claim.

       (iii)   Any Seller who fails to timely submit a Reclamation
Demand pursuant to section 546 of the Bankruptcy
Code shall be deemed to have waived its right to
payment on any purported Reclamation Claim.

2

(b)    The Statement Of Reclamation:

(i)    Within 90 days after the Petition Date or receipt of a timely Reclamation Demand, whichever is later, the Debtors shall provide the Seller with a copy of the Reclamation Order and a statement of reclamation (the "Statement Of Reclamation" or the "Statement").

(ii)    The Statement Of Reclamation shall set forth the extent and basis, if any, upon which the Debtors believe the underlying Reclamation Claim is not legally valid (the "Reconciled Reclamation Claim"). In addition, the Statement shall identify any defenses that the Debtors choose to reserve, notwithstanding any payment of the Reconciled Reclamation Claim (the "Reserved Defenses").

(iii)    Sellers who are in agreement with the Reconciled Reclamation Claim as contained in the Statement Of Reclamation may indicate such assent on the Statement Of Reclamation and return the Statement to the Debtors' representative as set forth in such Statement, with copies to Skadden, Arps, Slate, Meager & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons, Esq. and Allison Verderber Herriott, Esq.) within 60 days after the date of receipt of the Statement Of Reclamation (the "Reconciliation Deadline").

(iv)    Sellers who are in disagreement with the Reconciled Reclamation Claim as contained in the Statement Of Reclamation (the "Dissenting Sellers") must indicate such dissent on the Statement Of Reclamation and return the Statement by the Reconciliation Deadline as provided in subparagraph (c) above.  A Statement Of Reclamation returned under this subparagraph must be accompanied by:

(1)    a copy of the Reclamation Demand together with any evidence of the date such Reclamation Demand was sent and received;

(2)    the identity of the Debtor that ordered the products and the identity of the Seller from whom the Goods were ordered;

3

(3)    any evidence demonstrating when the Goods were shipped and received;

(4)    copies of the respective Debtor's and Seller's purchase orders, invoices, and proofs of delivery together with a description of the Goods shipped; and

(5)    a statement identifying which information on the Debtors' Statement Of Reclamation is incorrect, specifying the correct information and stating any legal basis for the objection.

(v)    The failure of a Dissenting Seller to materially comply with subparagraph (d) above shall constitute a waiver of such Dissenting Seller's right to object to the proposed treatment and allowed amount of such Reclamation Claim unless the Court orders otherwise.

(vi)    Any Seller who fails to return the Statement Of Reclamation by the Reconciliation Deadline or who returns the Statement Of Reclamation by the Reconciliation Deadline but fails to indicate assent or dissent shall be deemed to have assented to the Reconciled Reclamation Claim.

(c)    Fixing The Amount Of The Reclamation Claim:

(i)    The Reclamation Claims of (i) all Sellers who return the Statement Of Reclamation by the Reconciliation Deadline and indicate their assent to the Reconciled Reclamation Claim as contained in the Statement Of Reclamation, (ii) all Sellers who fail to return the Statement Of Reclamation by the Reconciliation Deadline, and (iii) all Sellers who return the Statement Of Reclamation by the Reconciliation Deadline but who fail to indicate either assent or dissent shall be deemed an Allowed Reclamation Claim in the amount of the Reconciled Reclamation Claim.

(ii)    The Debtors are authorized to negotiate with all Dissenting Sellers and to adjust the Reconciled Reclamation Claim either upward or downward to reach an agreement regarding the Dissenting Seller's Reclamation Claim.  The Debtors are also authorized to include any Reserved Defenses as part of any such

4

agreement.  In the event the Debtors and a Dissenting Seller are able to settle on the amount and/or treatment of the Dissenting Seller's Reclamation Claim, the Reclamation Claim shall be deemed an Allowed Reclamation Claim in the settled amount.

(iii)    In the event that no consensual resolution of the Dissenting Seller's Reclamation Demand is reached within 60 days of the Reconciliation Deadline (or such later date as the parties agree), the Debtors shall file a motion for determination of the Dissenting Seller's Reclamation Claim and set such motion for hearing at the next regularly-scheduled omnibus hearing occurring more than 20 days after the filing of the motion for determination, unless another hearing date is agreed to by the parties or ordered by the Court (the "Determination Hearing").  The Dissenting Seller's Reclamation Claim, if any, shall be deemed an Allowed Reclamation Claim as fixed by the Court in the Determination Hearing or as agreed to by the Debtors and the Dissenting Seller prior to a determination by the Court in the Determination Hearing.

(d)    Treatment Of Allowed Reclamation Claims:

(i)    The Debtors may at any point in these Reclamation Procedures satisfy in full any Reclamation Claim or Allowed Reclamation Claim by making the Goods at issue available for pick-up by the Seller or Dissenting Seller.

(ii)    All Allowed Reclamation Claims for which the Debtors choose not to make the Goods available for pick-up shall, subject to the review procedures with the Creditors' Committee set forth below, be paid in full as an administrative expense at any time during these chapter 11 cases in the sole discretion of the Debtors or pursuant to a confirmed plan of reorganization, in either case only if and to the extent that such allowed reclamation claims constitute administrative expenses under applicable law.

3.    Notwithstanding anything in this Order to the contrary, prior to the Debtors'

return of any goods in respect of any Reclamation Claim or the Debtors' acceptance or agreement

5

to the allowance of or the payment of any Reclamation Claim, the Debtors shall as promptly as reasonably practicable provide the professionals to the Creditors' Committee with a "Reclamation Report," the first version of which shall cover at least 75% of the face value of all Reclamation Claims asserted against the Debtors and later versions of which shall also cover such additional Reclamation Claims as is reasonably practicable. Each Reclamation Report shall include (a) a list of each reclamation vendor asserting a Reclamation Claim, (b) a summary of the assertions of each reclamation vendor and the amount of each Reclamation Claim, (c) the Debtors' legal analysis of, and position with respect to, any legal issues that relate to the validity and allowability of all or any material portion of the Reclamation Claims, (d) the Debtors' legal analysis of, and position with respect to, any legal issues that relate specifically to one or more Reclamation Claims and (e) the actions (including allowance or payment of a Reclamation Claim and any return of goods subject to a Reclamation Claim) that the Debtors propose to take with respect to each Reclamation Claim. The Creditors' Committee may file a written objection to all or any portion of a Reclamation Report (an "Objection") within ten business days after the Creditors' Committee's receipt of such Reclamation Report (or such later time as the Debtors and the Creditors' Committee shall agree in writing).  Objections shall be set for hearing for the next applicable monthly omnibus hearing and noticed by the Creditors' Committee, both in accordance with the Case Management Order.  If the Creditors' Committee does not timely object to a particular Reclamation Report as provided in this paragraph, the Debtors shall be entitled to take the actions set forth in such Reclamation Report. If the Creditors' Committee files an Objection, the Debtors shall not take any action with respect to the Reclamation Claims covered by the Objection to such Reclamation Report except in accordance with an order of the

6

Court and shall be entitled to take the action set forth in such Reclamation Report with respect to the Reclamation Claims not covered by the Objection.

4.      All adversary proceedings, except those proceedings brought by the Debtors in accordance with these procedures (the "Reclamation Procedures"), in these cases relating to Reclamation Claims, whether currently pending or initiated in the future, shall be, and hereby are, stayed, and the claims asserted therein shall be subject to the Reclamation Procedures set forth herein.

5.      In accordance with the foregoing and pursuant to section 503(b) of the Bankruptcy Code, vendors shall have administrative expense priority status for those undisputed obligations arising from shipments of goods received and accepted by the Debtors on or after the Petition Date.

6.      To the extent necessary or appropriate, the Debtors shall seek Court approval of any settlements and compromises with trade vendors with respect to payments of reclamation claims.

7.      Nothing in this Order shall constitute a waiver of any of the Debtors' claims against any vendor, including claims relating to preferential or fraudulent transfers and other potential claims, counterclaims, or offsets.  The Debtors expressly reserve their rights to pursue such claims.

8.      Nothing herein shall constitute a waiver by the agent under the Debtors' prepetition credit facility of its right to contest the allowance of any reclamation claim.

9.      The entry of this Order is final.

10.      Nothing herein shall preclude the holder of an Allowed Reclamation Claim from seeking payment of such claim in a manner other than that set forth in this Order.

7

11.    The Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

12.    The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Motion.

Dated:  November 4, 2005
        New York, New York


/s/ Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT H**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                        :

      In re                   :        Chapter 11
                        :

DELPHI CORPORATION, <u>et al.</u>,    :        Case No. 05-44481 (RDD)
                        :

            Debtors.    :        (Jointly Administered)
                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FINAL ORDER UNDER 11 U.S.C. §§ 327(a) AND 329
AND FED. R. BANKR. P. 2014 AND 2016 AUTHORIZING EMPLOYMENT
AND RETENTION OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
<u>AND AFFILIATES AS ATTORNEYS TO DEBTORS</u>

("SKADDEN RETENTION FINAL ORDER")

Upon the application, dated October 8, 2005 (the "Application"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for a

final order (the "Final Order") under 11 U.S.C. §§ 327(a) and 329 and Fed. R. Bankr. P.

2014 and 2016, authorizing each of the Debtors to employ and retain the law firm of

Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates ("Skadden") under a general

retainer as their attorneys; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of

Chapter 11 Petitions and First Day Orders, sworn to October 8, 2005, and the

Declaration of John Wm. Butler, Jr., a member of the Firm, dated October 8, 2005, in

support of the Application (the "Butler Declaration"); and this Court being satisfied with

the representations made in the Application and the Butler Declaration that such

attorneys represent no interest adverse to any of the Debtors' estates, that they are

disinterested persons as that term is defined under section 101(14) of the Bankruptcy

Code, as modified by section 1107(b) of the Bankruptcy Code, and that their

employment is necessary and would be in the best interests of each of the Debtors, their

estates, their creditors, and other parties-in-interest; and it appearing that proper and

adequate notice of the Application has been given and that no other or further notice is

necessary; and upon the record herein; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Application is GRANTED on a final basis.

2.      Subject to the terms of this Final Order, the Debtors' employment

of Skadden as their attorneys, effective as of the Application date, to perform the

services set forth in the Application and in the engagement letter attached to the Butler

Declaration as Exhibit A, is approved under sections 327(a) and 329 of the Bankruptcy

Code, and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").

3.      Skadden shall be compensated in accordance with the procedures

set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules,

Local Rules for the United States Bankruptcy Court for the Southern District of New

York (the "Local Rules"), and United States Trustee Guidelines as may then be

2

applicable, from time to time, and such procedures as may be fixed by order of this Court.

4.    Any party-in-interest shall have the right to raise the issue of the application of Skadden's prepetition retainer to postpetition fees and expenses incurred at any time.

5.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

3

6.    The requirement under Local Rule 9013-1(b) for the service and

filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:  November 4, 2005
        New York, New York


/s/  Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

4

# **EXHIBIT I**

Hearing Date: November 29, 2005, 10:00 a.m.
Objection Deadline: November 22, 2005, 4:00 p.m.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
        In re                                             :    Chapter 11
                                                          :
    DELPHI CORPORATION, et al.,                           :    Case No. 05- 44481 (RDD)
                                                          :
                                    Debtors.              :    (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF MOTION FOR ORDER UNDER
§§ 105 AND 363 AUTHORIZING DEBTORS TO
IMPLEMENT A KEY EMPLOYEE COMPENSATION PROGRAM

PLEASE TAKE NOTICE that on October 8, 2005, Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in

the above-captioned cases, filed the Motion For Order Under §§ 105 And 363 Authorizing

The Debtors To Implement A Key Employee Compensation Program (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of

the Motion on a final basis will be held on November 29, 2005, at 10:00 a.m. (Prevailing

Eastern Time) ("the Hearing") before the Honorable Robert D. Drain, United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York, 10004.

PLEASE TAKE FURTHER NOTICE that objections, if any, to approval of

the Motion on a final basis (a) must be in writing, (b) must conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New

York, (c) must be filed with the Bankruptcy Court in accordance with General Order M-242

(as amended) – registered users of the Bankruptcy Court's case filing system must file

electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word

processing format), (d) must be submitted in hard-copy form directly to the chambers of the

Honorable Robert D. Drain, and (e) and must be served upon (i) Delphi Corporation, 5725

Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors,

Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100,

2

Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) special counsel to the Debtors,

Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022 (Att'n:

Douglas P. Bartner), (iv) counsel for the agent under the Debtors' prepetition credit facility,

Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017

(Att'n:  Marissa Wesley), (v) counsel for the agent under the Debtors' proposed postpetition

credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York 10017

(Att'n:  Marlane Melican), (vi) counsel to any official committee formed in these cases, and

(vii) the Office of the United States Trustee for the Southern District of New York, 33

Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M. Leonhard), in

each case so as to be **received** no later than **4:00 p.m. (Prevailing Eastern Time)** on

**November 22, 2005** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections made in writing and timely filed and received by the Objection Deadline will be considered by the Bankruptcy Court at the Hearing.  If no objections to the Motion are timely filed and served in accordance with the procedures set forth herein, the Bankruptcy Court may enter a final order granting the Motion **without further notice.**

Dated: New York, New York
           October 13, 2005

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:   s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr.
        John K. Lyons
        Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

        - and -

By:   s/ Kayalyn A. Marafioti
        Kayalyn A. Marafioti (KM 9632)
        Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
        Debtors and Debtors-in-Possession

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                      :
      In re                  :     Chapter 11
                      :
DELPHI CORPORATION et al.,    :     Case No. 05-44481 (RDD)
                      :
                      :     (Jointly Administered)
             Debtors.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MOTION FOR ORDER UNDER §§ 105 AND 363 AUTHORIZING THE DEBTORS
TO IMPLEMENT A KEY EMPLOYEE COMPENSATION PROGRAM

("KECP MOTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the

"Affiliate Debtors"),[1] debtors and debtors-in-possession in the above-captioned cases (collectively,

the "Debtors"), hereby submit this motion (the "Motion") for an order under 11 U.S.C. §§ 105(a)

and 363(b)(1) authorizing the Debtors to implement a key employee compensation program.  In

support of this Motion, the Debtors submit the Affidavit Of Robert S. Miller, Jr. In Support Of

Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005.  In further support of this

Motion, the Debtors respectfully represent as follows:

<u>Background</u>

A.      <u>The Chapter 11 Filings</u>

1.      On October 8, 2005 (the "Petition Date"), each of the Debtors filed a

voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United

States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").  The Debtors continue

to operate their businesses and manage their properties as debtors-in-possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors have moved this Court for an

order authorizing joint administration of these chapter 11 cases.

2.      No trustee, examiner, or creditors' committee has been appointed in the

Debtors' cases.

---

[1]    In addition to Delphi, the following entities are debtors in these related cases:  ASEC Manufacturing General
Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi
Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive
Systems Human Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems
Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi
Automotive Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive
Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection
Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation,
Delphi Integrated Service Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc.,
Delphi Liquidation Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems
Colorado Corporation, Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi
NY Holdings Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc.,
Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty
Electronics, Inc., and Specialty Electronics International Ltd.

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

4.    The statutory predicate for the relief requested herein is sections 105(a) and 363(b)(1) of the Bankruptcy Code.

B.    Current Business Operations Of The Debtors

5.    With more than 180,000 employees worldwide, global 2004 revenues of approximately $28.6 billion and global assets as of August 31, 2005 of approximately $17.1 billion,[2] Delphi ranks as the fifth largest public company business reorganization in terms of revenues, and the thirteenth largest public company business reorganization in terms of assets. Delphi's non-U.S. subsidiaries are not chapter 11 debtors, will continue their business operations without supervision from the Bankruptcy Court, and will not be subject to the chapter 11 requirements of the U.S. Bankruptcy Code.

6.    Over the past century, the operations which are now owned by Delphi have become a leading global technology innovator with significant engineering resources and technical competencies in a variety of disciplines.  Today, the Company is arguably the single largest global supplier of vehicle electronics, transportation components, integrated systems and modules, and other electronic technology. The Company's technologies and products are present in more than 75 million vehicles on the road worldwide.  The Company supplies products to nearly every major global automotive original equipment manufacturer with 2004 sales to its former parent, General Motors Corporation, equaling approximately $15.4 billion and sales to each of

---

[2]    The aggregated financial data used in this Motion generally consists of consolidated information from Delphi and its worldwide subsidiaries and affiliates.

3

Ford Motor Company, DaimlerChrysler Corporation, Renault/Nissan Motor Company, Ltd., and

Volkswagen Group exceeding $850 million.

7.     As part of its growth strategy, Delphi has established an expansive global

presence with a network of manufacturing sites, technical centers, sales offices, and joint ventures

located in every major region of the world.  In the U.S., the Debtors employ approximately 50,600

people.  Those employees work in approximately 44 manufacturing sites and 13 technical centers

across the country, and in Delphi's worldwide headquarters and customer center located in Troy,

Michigan.  Approximately 34,750 of these individuals are hourly employees, 96% of whom are

represented by approximately 49 different international and local unions.  Outside the United

States, the Company's foreign entities employ more than 134,000 people, supporting 120

manufacturing sites and 20 technical centers across nearly 40 countries worldwide.

8.     Delphi was incorporated in Delaware in 1998 as a wholly-owned subsidiary

of GM.  Prior to January 1, 1999, GM conducted the Company's business through various

divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these divisions

and subsidiaries were transferred to Delphi and its subsidiaries and affiliates in accordance with

the terms of a Master Separation Agreement between Delphi and GM.  In connection with these

transactions, Delphi accelerated its evolution from a North American-based, captive automotive

supplier to a global supplier of components, integrated systems, and modules for a wide range of

customers and applications.  Although GM is still the Company's single largest customer, today

more than half of Delphi's revenue is generated from non-GM sources.

9.     Due to the significant planning that goes into each vehicle model, Delphi's

efforts to generate new business do not immediately affect its financial results, because supplier

selection in the auto industry is generally finalized several years prior to the start of production of

4

the vehicle.  When awarding new business, which is the foundation for the Company's forward revenue base, customers are increasingly concerned with the financial stability of their supply base.  The Debtors believe that they will maximize stakeholder value and the Company's future prospects if they stabilize their businesses and continue to diversify their customer base.  The Debtors also believe that this must be accomplished in advance of the expiration of certain benefit guarantees between GM and certain of Delphi's unions representing most of its U.S. hourly employees which coincides with the expiration of the Company's U.S. collective bargaining agreements in the fall of 2007.

C.      Events Leading To The Chapter 11 Filing

        10.     In the first two years following Delphi's separation from GM, the Company generated more than $2 billion in net income.  Every year thereafter, however, with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the Company reported a net operating loss of $482 million on $28.6 billion in net sales.  Reflective of a downturn in the marketplace, Delphi's financial condition has deteriorated further in the first six months of 2005. The Company experienced net operating losses of $608 million for the first six months of calendar year 2005 on six-month net sales of $13.9 billion, which is approximately $1 billion less in sales than during the same time period in calendar year 2004.[3]

        11.     The Debtors believe that three significant issues have largely contributed to the deterioration of the Company's financial performance: (a) increasingly unsustainable U.S. legacy liabilities and operational restrictions driven by collectively bargained agreements, including restrictions preventing the Debtors from exiting non-strategic, non-profitable operations, all of which have the effect of creating largely fixed labor costs, (b) a competitive U.S.

---

[3]     Reported net losses in calendar year 2004 were $4.8 billion, reflecting a $4.1 billion tax charge, primarily related to the recording of a valuation allowance on the U.S. deferred tax assets as of December 31, 2004.

5

vehicle production environment for domestic OEMs resulting in the reduced number of motor vehicles that GM produces annually in the United States and related pricing pressures, and (c) increasing commodity prices.

12.    In light of these factors, the Company determined that it would be imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product portfolio, operational issues and forward looking revenue requirements.  Having concluded that pre-filing discussions with its Unions and GM were not leading to the implementation of a plan sufficient to address the Debtors' issues on a timely basis, the Company determined to commence these chapter 11 cases for its U.S. businesses to complete the Debtors' transformation plan and preserve value.

13.    Through the reorganization process, the Debtors intend to achieve competitiveness for Delphi's core U.S. operations by modifying or eliminating non-competitive legacy liabilities and burdensome restrictions under current labor agreements and realigning Delphi's global product portfolio and manufacturing footprint to preserve the Company's core businesses.  This will require negotiation with key stakeholders over their respective contributions to the restructuring plan or, absent consensual participation, the utilization of the chapter 11 process to achieve the necessary cost savings and operational effectiveness envisioned in the Company's transformation plan.  The Debtors believe that a substantial segment of Delphi's U.S. business operations must be divested, consolidated, or wound-down through the chapter 11 process.

14.    Upon the conclusion of this process, the Debtors expect to emerge from chapter 11 as a stronger, more financially sound business with viable U.S. operations that are well-positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal all

of its resources to continue to deliver value and high-quality products to its customers globally.

Additionally, the Company will preserve and continue the strategic growth of its non-U.S.

operations and maintain its prominence as the world's premier auto supplier.

## Relief Requested

15.    By this Motion, the Debtors seek authority, under sections 105(a) and

363(b)(1) of the Bankruptcy Code, to implement a key employee compensation program (the "Key

Employee Compensation Program"), as described herein, and as more fully set forth in Exhibit 1 to

the Order.  The purpose of the Key Employee Compensation Program is to retain and incentivize

Covered Employees (as defined below) during the Debtors' restructuring period.

## Basis For Relief

A.    Importance Of Covered Employees

16.    As a result of the Debtors' historical financial performance, many of the

company's incentive based compensation programs failed to provide salaried and executive

workforce with total compensation that is competitive with the industry norm.  As the Debtors

implement their transformation plan, it is imperative that the Debtors' key personnel are

appropriately incentivized to maximize the financial performance of the Debtors' operations.  The

alignment of an incentive program that tracks the Debtors' goals is crucial to the Debtors' ability to

navigate through this process and to emerge successfully from chapter 11.

17.    Moreover, because the Debtors' current salaried and executive total

compensation programs are not competitive in the automotive industry, over the last several

months following the arrival of Robert S. "Steve" Miller, Jr. as Chairman and Chief Executive

Officer, senior management, in consultation with the board of directors of Delphi, decided to

realign its executive compensation program to properly incentivize the Company's personnel who

7

are needed to implement the Company's transformation plan and maximize value for all stakeholders.[4] This point has been particularly lucid as more that 25 executives have left the Company's employ since January 1, 2005.

18.    Further exacerbating the Company's risk of attrition, the commencement of a bankruptcy case heightens employee concerns regarding possible job loss, and often increases employee responsibilities, creates longer hours, and imposes other burdens as a result of an employer's status as a debtor-in-possession.   Thus, at a time when the Debtors most need the continued efforts and loyalty of Covered Employees, the Debtors must take proactive steps to ensure that mechanics are in place to allow their employees to remain loyal, despite potential opportunities with competitors or other employers who may be perceived as providing more stable employment opportunities.   In order to address these concerns, the Debtors designed a special incentive compensation program that aligns the interests of both program participants and the Debtors' stakeholders (the "Key Employee Compensation Program"), which program has been benchmarked against competitive practices in the industry.

B.    Development Of The Key Employee Compensation Program

19.    The Debtors, with input from certain financial advisors, compensation experts and legal advisors, including Watson Wyatt Worldwide ("Watson") and the Debtors' counsel, Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), have evaluated their existing compensation structure and incentive plans and obtained input from their board and senior executives to identify Covered Employees and consider the appropriate incentive levels.

---

[4]    It should be noted that Mr. Miller has "opted out" of the KECP, continues as an employee "at will" without an employment agreement or severance plan, and is not entitled to any material compensation beyond base salary except as determined by the Board of Directors in connection with Mr. Miller's completion of his period of service as Chief Executive Officer.

8

20.     The Key Employee Compensation Program does not include a retention or stay component which differentiates it from other incentive programs and the issues raised in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCA").  The primary reason for the elimination of a retention component and the inclusion of a fully developed exit plan is to focus the Debtors' approximately 486 executives (the "Covered Employees") on achieving certain benchmarks and encourage them to complete an efficient and successful reorganization.

21.     In developing the Key Employee Compensation Program, the Debtors considered specific incentive programs implemented by other companies in chapter 11, including, but not limited to, Federal Mogul and Hayes-Lemmerz, other automotive industry suppliers. Reviewing these and similar programs was helpful in developing a basis from which the Debtors could develop a plan suitable to their needs.  Based on their analysis of the various programs, the Debtors, with the assistance of Watson and Skadden, undertook the development of the Key Employee Compensation Program.

22.     The Debtors determined that they required a program that would not only incentivize Covered Employees to remain in the Debtors' employ during the chapter 11 cases, but which would also align their interests with the Debtors' stakeholders to encourage maximum effort and performance during the cases.  To achieve these goals, the Debtors created an overall incentive program that the Debtors believe incorporate the most effective components of the employee plans the Debtors reviewed.  Thereafter, the Debtors calculated the appropriate levels of compensation that would achieve the Debtors' goal of motivating Covered Employees at competitive rates while also being mindful of the duty to manage these estates in a fiscally responsible manner and maximize stakeholder recoveries.

23.     The Debtors began to develop the Key Employee Compensation Program over the past several months, and the Debtors worked directly with the Compensation Committee of the board of directors (the "Compensation Committee") and the Company's advisors to refine and finalize the Key Employee Compensation Program.  Specifically, the Debtors have crafted the Key Employee Compensation Program to ensure that the appropriate employees were included and were assigned levels of compensation designed to achieve the Debtors' desired goals.  Based on this analysis, the Debtors believe that (a) the Key Employee Compensation Program is reasonable and competitive against other plans approved in similar chapter 11 cases, (b) the value of the Key Employee Compensation Program to the eligible employees and the cost to the Debtors is consistent with other plans implemented by other chapter 11 companies of comparable size, and (c) the Key Employee Compensation Program strikes an appropriate balance between the employees' and the Debtors' concerns.

C.      Summary Of The Key Employee Compensation Program[5]

        Covered Employees

24.     The proposed Key Employee Compensation Program covers the Debtors' executives.  In contrast to the plans of many other chapter 11 debtors, the Debtors' Key Employee Compensation Program does not cover the Debtors' chief executive officer, as Mr. Miller opted not to participate in this program and to be compensated at the discretion of the Compensation Committee, subject to approval of the full Board of Directors, as they deem appropriate at the end of his period of service as Chief Executive Officer based upon the merit of his performance.

25.     The proposed Key Employee Compensation Program is described in Exhibit 1 attached to the Order.  As can be seen in Exhibit 1, the Key Employee Compensation

---

[5]     The description of the Key Employee Compensation Program is intended as a summary only.  The actual terms of the Key Employee Compensation Program set forth in Exhibit 1 to the order shall control.