IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                            :
      In re                                 :   Chapter 11
                                            :
   DELPHI CORPORATION et al.,               :   Case No. 05-44481 (rdd)
                                            :
                              Debtors.      :   (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

## SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Amber M. Cerveny, being duly sworn according to law, deposes and says that I am employed by Kurtzman Carson Consultants, LLC, proposed claims and noticing agent for the Debtors in the above-captioned cases.

On October 27, 2005, under my direction and under my supervision, ADP[1] caused to be served, via first class US mail the document listed in Section 1 on the Bondholders:

### Section 1

I.  Notice of (A) Notification Procedures Applicable to Substantial Holders of Claims and Equity Securities and (B) Notification and Hearing Procedures for Trading in Claims and Equity Securities **(Docket No. 126) [Attached hereto as Exhibit B]**

Dated: November 9, 2005

                                                                     /s/ *Amber M. Cerveny*
                                                                     Amber M. Cerveny

Sworn to and subscribed before
me on November 9, 2005

    /s/ *Evan J. Gershbein*
Notary Public

My Commission Expires:     1/19/07

---

[1] See Exhibit A for Affidavit of Candy Glass, ADP ICS

1

# EXHIBIT A

November 1, 2005

James M. Le
Kurtzman Carson Consultants LLC
12910 Culver Blvd, Suite I
Los Angeles, CA 90066-7066

Dear James:

This Affidavit of Mailing certifies that the package described below was mailed from Farmingdale, New York Post Office 11735.

| | |
|---|---|
| Company Name: | Delphi Corporation |
| Type of mailing: | Notice Of (A) Notification Procedures Applicable To Substantial Holders Of Claims And Equity Securities And (B) Notification And Hearing Procedures For Trading In Claims And Equity Securities |
| Mailing Date: | October 27, 2005 |
| Class of Mail: | First Class |
| Total Pieces: | 4,340 |

Sincerely,

Candy Glass
Manager, ADP ICS

Sworn to before me this 1st
Day of November, 2005

Notary Public

ROSAMARIA ANGILERI
Notary Public, State of New York
Suffolk County
Commission Expires Sept. 18, 2006

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                                                                    :
    In re                                                                                      :
                                                                                                     :   Chapter 11
DELPHI CORPORATION, et al.,                           :
                                                                                                     :   Case No.  05–44481 (RDD)
                                       Debtors.                           :
                                                                                                     :   (Jointly Administered)
                                                                                                     :
------------------------------------------------------------ x

NOTICE OF (A) NOTIFICATION PROCEDURES APPLICABLE TO
SUBSTANTIAL HOLDERS OF CLAIMS AND EQUITY SECURITIES AND (B)
NOTIFICATION AND HEARING PROCEDURES FOR
<u>TRADING IN CLAIMS AND EQUITY SECURITIES</u>

TO ALL PERSONS OR ENTITIES WITH CLAIMS[1] AGAINST OR EQUITY INTERESTS IN THE DEBTORS[2]:

PLEASE TAKE NOTICE that on October 8, 2005 ("Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors," and together with Delphi, the "Debtors"), commenced cases under chapter 11 of title 11 of the United States Code 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

PLEASE TAKE FURTHER NOTICE that on October 8, 2005, the Debtors filed a motion seeking entry of an order pursuant to sections 105, 362, and 541 of the Bankruptcy Code establishing notification procedures and approving restrictions on certain transfers of claims against and equity securities in the Debtors and their estates (the "Motion").

PLEASE TAKE FURTHER NOTICE THAT on October 12, 2005, the United States Bankruptcy Court for the Southern District of New York (the "Court")

---

[1] References to "claims" herein are made in accordance with the definition of "claim" in section 101(5) of the Bankruptcy Code and includes a lessor's right to any current or future payment under or arising out of any lease with respect to which the Debtor or one or more of the Affiliate is a lessee.

[2] The Debtors are the following entities: Delphi Corporation, ASEC Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holdings Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

entered an order approving the procedures set forth below in order to preserve the Debtors' net operating losses and certain other tax attributes ("Tax Attributes") pursuant to sections 105, 362, and 541 of the Bankruptcy Code (the "Order").  **Except as otherwise provided in the Order, any sale or other transfer of claims against or equity securities in the Debtors in violation of the procedures set forth below shall be null and void ab initio as an act in violation of the automatic stay under section 362 of the Bankruptcy Code**.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the following procedures shall apply to holding and trading in EQUITY SECURITIES OF DELPHI:

(a) Any person[3] or entity who currently is or becomes a Substantial Equityholder (as defined in paragraph (e) below) must file with the Court, and serve upon the Debtors and counsel to the Debtors, a notice of such status ("Notice of Status as a Substantial Equityholder") on or before the later of (A) 40 days after the effective date of the notice of entry of the Order or (B) ten days after becoming a Substantial Equityholder.

(b) Prior to effectuating any transfer of equity securities (including options to acquire stock, as defined in paragraph (e) below) that would result in an increase in the amount of common stock of Delphi beneficially owned by a Substantial Equityholder or would result in a person or entity becoming a Substantial Equityholder, such Substantial Equityholder must file with the Court, and serve on the Debtors and counsel to the Debtors, advance written notice ("Notice of Intent to Purchase, Acquire or Otherwise Accumulate"), of the intended transfer of equity securities.

(c) Prior to effectuating any transfer of equity securities (including options to acquire stock) that would result in a decrease in the amount of common stock of Delphi beneficially owned by a Substantial Equityholder or would result in a person or entity ceasing to be a Substantial Equityholder, such Substantial Equityholder must file with the Court, and serve on the Debtors and counsel to the Debtors, advance written notice ("Notice of Intent to Sell, Trade, or Otherwise Transfer")[4], of the intended transfer of equity securities.

(d) The Debtors shall have 30 calendar days after receipt of a Notice of Proposed Transfer to file with the Court and serve on such Substantial Equityholder an objection to any proposed transfer of equity securities described in the

---

[3]  References to "person" herein are made in accordance with the definition of "person" in section 101(41) of the Bankruptcy Code.

[4]  A Notice of Intent to Sell, Trade, or Otherwise Transfer, together with a Notice of Intent to Purchase, Acquire, or Accumulate, is hereinafter collectively referred to as a "Notice of Proposed Transfer.

3

Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such transaction shall not be effective unless approved by a final and nonappealable order of the Court. If the Debtors file an objection, such transfer shall not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such 30-day period, such transfer may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein with an additional 30-day waiting period.

(e) For purposes of this Notice, (A) a "Substantial Equityholder" is any person or entity that beneficially owns at least 14,000,000 shares of the common stock of Delphi, (B) "beneficial ownership" of equity securities includes direct and indirect ownership (<u>e.g.</u>, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock, and ownership of shares which such holder has an option to acquire, and (C) an "option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, except as otherwise provided therein, the following procedures shall apply to holding and trading in CLAIMS AGAINST ANY OF THE DEBTORS:

(a) Any person[5] or entity who currently is or becomes a Substantial Claimholder (as defined in paragraph (e) below) must file with the Court, and serve the Debtors and counsel to the Debtors, a notice of such status ("Notice of Status as a Substantial Claimholder") on or before the later of (A) 40 days after the effective date of the notice of entry of the Order or (B) ten days after becoming a Substantial Claimholder.

(b) Prior to effectuating any transfer of claims that would result in an increase in the amount of aggregate principal claims beneficially owned by a Substantial Claimholder or would result in a person or entity's becoming a Substantial Claimholder, such Substantial Claimholder must file with the Court, and serve on the Debtors and counsel to the Debtors, advance written notice ("Notice of Intent to Purchase, Acquire, or Otherwise Accumulate"), of the intended transfer of claims, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements of Bankruptcy Rule 3001.

(c) Prior to effectuating any transfer of claims that would result in a decrease in the amount of aggregate principal claims beneficially owned by a

---

[5] References to "person" herein are made in accordance with the definition of "person" in section 101(41) of the Bankruptcy Code.

4

Substantial Claimholder or would result in a person or entity's ceasing to be a Substantial Claimholder, such Substantial Claimholder must file with the Court, and serve on the Debtors and counsel to the Debtors, advance written notice ("Notice of Intent to Sell, Trade, or Otherwise Transfer")[6], of the intended transfer of claims, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements of Bankruptcy Rule 3001.

(d)     The Debtors shall have 30 calendar days after receipt of a Notice of Proposed Transfer to file with the Court and serve on such Substantial Claimholder an objection to any proposed transfer of claims described in a Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection, such transaction will not be effective unless approved by a final and nonappealable order of the Court.  If the Debtors file an objection, such transfer will not be effective unless approved by a final and nonappealable order of the Court.  If the Debtors do not object within such 30-day period, such transfer may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein with an additional 30-day waiting period.

(e)     For purposes of this Notice: (A) a "Substantial Claimholder" is any person or entity which beneficially owns an aggregate principal amount of claims against the debtors equal to or exceeding $100,000,000 or any controlled entity through which a Substantial Claimholder beneficially owns an indirect interest in claims against the Debtors, (B) "beneficial ownership" of claims includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all claims owned or acquired by its subsidiaries), ownership by family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of claims, and ownership of claims which such holder has an option to acquire, and (C) an "option" to acquire claims includes any contingent purchase, put, contract to acquire a claim(s), or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

PLEASE TAKE FURTHER NOTICE that, upon the request of any person, counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606-1285, Att'n John K. Lyons and Randall G. Reese, will provide a form of each of the required notices described above.

PLEASE TAKE FURTHER NOTICE that, upon the request of any person, Kurtzman Carson Consultants LLC (the "Official Copy Service"), 12910 Culver Boulevard, Suite I, Los Angeles, California, telephone: (310) 823-9000, fax: (310) 823-9133, shall supply a copy of the Order.  The Official Copy Service shall supply a copy of the Order at a cost to be paid by the person requesting it at the prevailing fee being

---

[6]     A Notice of Intent to Sell, Trade, or Otherwise Transfer, together with a Notice of Intent to Purchase, Acquire, or Accumulate, is hereinafter collectively referred to as a "Notice of Proposed Transfer."

5

charged by the Official Copy Service. The Official Copy Service shall accommodate document requests during normal business hours, Monday to Friday (excluding recognized holidays).[7]

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED PURCHASE, SALE, TRADE, OR OTHER TRANSFER OF CLAIMS AGAINST, OR EQUITY SECURITIES IN, THE DEBTORS IN VIOLATION OF THE ORDER SHALL BE NULL AND VOID <u>AB INITIO</u> AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE BANKRUPTCY COURT.**

**THE DEBTORS PLAN OF REORGANIZATION MAY PROVIDE FOR THE DISALLOWANCE OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS TO THE EXTENT THAT THEY WOULD ENTITLE THE HOLDERS THEREOF TO A DISTRIBUTION OF 5% OR MORE OF THE VALUE OF THE REORGANIZED DEBTORS.**

---

[7]   Normal business hours for the Official Copy Service are from 7:00 a.m. to 6:00 p.m. (prevailing Pacific Time).

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

Dated:   October 12, 2005

>Delphi Corporation
>5725 Delphi Drive
>Troy, Michigan  48098-2815
>Attn: General Counsel and Chief Tax Officer
>
>Skadden, Arps, Slate, Meagher &
>      Flom LLP
>333 West Wacker Drive, Suite 2100
>Chicago, Illinois 60606-1285
>John Wm. Butler, Jr.
>John K. Lyons
>Ron E. Meisler

7