BURR & FORMAN LLP
420 North 20th Street
Suite 3100
Birmingham, Alabama 35203
(205) 251-3000
Michael Leo Hall

Attorneys for Creditor
MERCEDES-BENZ U.S. INTERNATIONAL, INC.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------
                                         :
       In re                             :      Chapter 11
                                         :
DELPHI CORPORATION et al.,[1]            :      Case No. 05-44481 (RDD)
                                         :
       Debtors.                          :      (Jointly Administered)
---------------------------------------------

**MERCEDES-BENZ U.S. INTERNATIONAL, INC.'S MOTION PURSUANT TO
11 U.S.C. § 362 FOR RELIEF FROM THE AUTOMATIC STAY**

**COMES NOW** Mercedes-Benz U.S. International, Inc. ("MBUSI"), and, pursuant to § 362 of 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Fed. R. Bankr. P. 4001, moves (the "Motion") this Court for relief from the automatic stay to permit MBUSI to exercise certain of its pre-petition rights of recoupment and/or setoff against monies owed by MBUSI to bankrupt Delphi entities for products supplied and or services rendered pre-petition, in the amount of

---

[1] In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources, LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Services Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc, Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

$158,314.[2] In order to protect its recoupment and/or setoff rights, MBUSI has temporarily placed an administrative hold on the payment of this amount to bankrupt Delphi entities.[3] In support of this Motion, MBUSI states as follows:

**JURISDICTIONAL INFORMATION**

1.  On October 8, 2005 (the "Petition Date"), Delphi Corporation, and certain of its subsidiaries (the "Subsidiaries"), as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code. On the Petition Date, this Court entered an order directing the procedural consolidation and joint

---

[2] MBUSI would prefer to use the setoff mechanism set forth in paragraph 18 of the Final DIP Financing Order to effectuate the setoff of all of its pre-petition setoff/recoupment claims. However, if MBUSI tenders payment, relinquishing its rights to setoff against pre-petition payables, the setoff mechanism would not permit MBUSI to setoff "non-ordinary course" claims against its post-petition payables until confirmation of plan of reorganization and allowance of the claim. Because this future right to setoff is contingent on confirmation of a plan of reorganization, as well as the existence of post-petition payables at that time, and because the junior replacement liens granted, in and of themselves, are not sufficient to protect MBUSI's pre-petition setoff rights, MBUSI's "non-ordinary" course pre-petition claims, to the extent that its claims are "non-ordinary course," are not adequately protected by the Final DIP Financing Order. Therefore, MBUSI has filed this Motion, as allowed by the Final DIP Financing Order, in order to assure the adequate protection of its pre-petition setoff claims. MBUSI has submitted a request to the Debtors and Unsecured Creditors Committee to allow exercise of its pre-petition claims. In the event the Debtors and Creditors Committee find that all of MBUSI's pre-petition setoff/recoupment claims are ordinary course setoff claims, allowed to be setoff against post-petition payables, MBUSI is willing to tender the withheld funds and withdraw this Motion.

[3] In <u>Citizens Bank of Maryland v. Strumpf</u>, 516 U.S. 16 (1995), the Supreme Court held that a creditor's temporary refusal to pay a debt subject to a debt owed by the bankrupt is not a violation of the automatic stay. <u>Id</u>. at 21. MBUSI has not exercised any right of recoupment or setoff with respect to payment(s) owed bankrupt Delphi entities, but has merely placed an administrative hold on payment of these funds, awaiting this Court's determination as to MBUSI's rights to deduct the monies owed to MBUSI by bankrupt Delphi entities. Of the approximately $30 million owed to bankrupt Delphi entities for pre-petition products supplied and/or services rendered in September 2005, only $158,314 has been withheld. MBUSI has tendered the remainder of the payment, including payables in the amount of $257,360.28, against which MBUSI had other pre-petition setoff/recoupment claims, not included in this Motion. Those claims clearly fall within the definition of "ordinary course" claims; therefore, MBUSI has utilized the mechanism set forth in the Final DIP Financing Order to assert those claims.

1409058                                                    2

administration of the Debtors' Chapter 11 cases. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtors' Chapter 11 cases and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Bankruptcy Code § 362.

**FACTS**

3.      MBUSI is an Alabama Corporation, having its principal office and place of business at 1 Mercedes Drive, Vance, Alabama 35490 (the "Vance Plant"). MBUSI is a wholly owned subsidiary of Daimler Chrysler North America Holding, which is a wholly owned subsidiary of DaimlerChrysler AG, and is an original equipment manufacturer ("OEM") customer of the Debtors. MBUSI purchases approximately three hundred million dollars worth of automotive systems, components, and/or parts from Delphi Corporation and its Subsidiaries each year.

4.      MBUSI has executed multiple contracts (the "Letters of Intent") with Delphi Automotive Systems Deutschland GMBH ("Delphi GMBH") for the development and supply of transmission mounts and hydromounts; wiring harness systems; cockpit modules; SAM rear, SRB front, and SRB rear systems; and other systems, components, and/or parts (collectively, "the Products"). Each of the Letters of Intent is governed by MBUSI's master supply agreement (the "Supply Agreement").

5.      Though Delphi GMBH, a German subsidiary of Delphi Corporation that is not a debtor in this case, signed the Letters of Intent, bankrupt Delphi entities (the "Delphi Suppliers"),

1409058                                    3

have performed all obligations under the Supply Agreement, and payments are made by MBUSI directly to the Delphi Suppliers. Until the Debtors make plain their position as to whether the Delphi-MBUSI contracts are held by bankrupt or non-bankrupt Delphi entities, MBUSI is forced to assert positions on the assumption that these contracts are held by bankrupt entities.

6.     Pursuant to the terms of the Supply Agreement, MBUSI issues to the Delphi Suppliers purchase orders for the Products, and, upon acceptance thereof, the Delphi Suppliers manufacture and ship the Products to MBUSI.

7.     MBUSI ordinarily pays for Products shipped and services provided in the current month on the 25th day of the following month. As such, the debt owed to Delphi Suppliers for Products shipped and services rendered in the month of September would ordinarily be paid on October 25, 2005. And, monies earned and owed to the Delphi Suppliers in October would ordinarily be paid on November 25, 2005.

8.     The Supply Agreement provides that MBUSI may at any time and without notice deduct or setoff the Delphi Suppliers' claims for money due, or to become due, from MBUSI against any claims that MBUSI has or may have against the Delphi Suppliers.

9.     As of the Petition Date, MBUSI had recoupment and/or setoff claims against the Delphi Suppliers for, at least, breach of contract damages, resulting from the shutdown of the manufacturing lines at the Vance Plant on August 26, 2005 and October 7, 2005 (the "Shutdown Claims"), which were caused by the failure of the Delphi Suppliers to supply Products timely and fully under pre-petition purchase orders. MBUSI will soon file an evidentiary submission in support of this Motion.

10.    The damages from the shutdown on August 26, 2005 (the "August Shutdown Claim") amount to $77,568.

11. The damages from the shutdown on October 7, 2005 (the "October Shutdown Claim") amount to $80,746.

12. MBUSI has certain other pre-petition setoff and/or recoupment claims against the Delphi Suppliers. MBUSI has submitted a request (the "Request") to exercise some of these claims pursuant to the mechanism (the "Setoff Mechanism") set forth in the Final DIP Financing Order (the "DIP Order"), executed by this Court on October 28, 2005. MBUSI anticipates that other pre-petition setoff and recoupment claims will ripen during the case.

13. The Request includes MBUSI's pre-petition Shutdown Claims and asserts that these claims are "ordinary course" claims, akin to damages claims for short shipments and damaged goods. However, because it is not clear whether, under the terms of the DIP Order, the Shutdown Claims qualify as "ordinary course" setoff claims, MBUSI has filed this Motion and withheld pre-petition payables of the Delphi Suppliers in order to protect its rights to setoff and/or recoup the Shutdown Claims from these pre-petition payables.

14. If the Shutdown Claims are determined to be "non-ordinary course," MBUSI would not be protected by the Setoff Mechanism. The Setoff Mechanism prohibits a setoff claimant, who has tendered its pre-petition payables, from exercising "non-ordinary course" setoff claims against its post-petition payables until confirmation of plan of reorganization and allowance of the claim. Because this future right to setoff is contingent on confirmation of a plan of reorganization, as well as the existence of post-petition payables at that time, and because the junior replacement liens granted, in and of themselves, are not sufficient to protect MBUSI's pre-petition setoff rights, MBUSI's Shutdown Claims, to the extent they are "non-ordinary course" claims, are not adequately protected by the DIP Order.

15.     The Setoff Mechanism expressly provides that a Setoff Claimant may seek relief from the automatic stay to effect its setoff/recoupment rights.  Nevertheless, in the event the Debtors and Creditors Committee, or this Court, find that all of MBUSI's pre-petition setoff/recoupment claims are ordinary course claims, allowed to be setoff against currently owed post-petition payables pursuant to the Setoff Mechanism, MBUSI is willing to tender the withheld funds and withdraw this Motion.

16.     MBUSI notes that the Shutdown Claims are due to be recouped against payments owed to the Delphi Suppliers for Products and/or services provided to MBUSI pre-petition, and, therefore, court approval is not necessary to deduct these claims from the pre-petition payables. However, in the abundance of caution, MBUSI seeks this Court's approval to recoup its claims from the pre-petition payables owed by MBUSI to the Delphi Suppliers.  Alternatively, MBUSI asserts its right to setoff the pre-petition Shutdown Claims against the pre-petition debt owed to the Delphi Suppliers.

## LEGAL ARGUMENT

**A.    MBUSI Is Entitled to Recoup its Shutdown Claims from the Pre-Petition Debt(s) Owed to the Delphi Suppliers.**

17.     "Recoupment is in the nature of a defense, the purpose of which is to do justice viewing one transaction as a whole." In re Malinowski, 156 F.3d 131, 133 (2d. Cir. 1998).

18.     Although the distinction between recoupment and setoff "retains little significance under the modern rules for asserting counterclaims in pleading," the distinction continues to be important in bankruptcy because, unlike a setoff, a recoupment is not subject to the automatic stay provision of 11 U.S.C. § 362. In re McMahon, 129 F.3d 93, 96 (2d Cir. 1997).  This is "because funds subject to recoupment are not considered the debtor's property." Ferguson v.

Lion Holding, Inc., 312 F. Supp. 2d 484, 502 (S.D. N.Y. 2004) (quoting In re Malinowski, 156 F.3d at 133).

19.     Though bankruptcy courts recognize the equitable defense of recoupment, recoupment rights are generally determined by state law.  In re McMahon, 129 F.3d at 96.  Because MBUSI and Delphi have contractually selected the law of the state of Alabama to govern all questions arising out of or in connection with the Supply Agreement, Alabama law is determinative of MBUSI's recoupment rights.

20.     Recoupment is a recognized equitable defense in Alabama. See, e.g., Norton v. Bumpus, 127 So. 907, 908 (Ala. 1930).  To succeed on a claim for recoupment under Alabama law requires that the subject matter of the plea of recoupment arise out of the same transaction upon which the Debtors claim is based.  See Scroggins v. Alabama Gas Corporation, 158 So. 2d 90, 95 (Ala. 1963).

21.     The Supply Agreement governing the contractual rights of MBUSI and the Delphi Suppliers also gives MBUSI recoupment rights, providing that MBUSI may deduct its claims against the Delphi Suppliers from payments owed to those suppliers.

22.     Even though the right to recoupment exists under applicable state law, and is provided for by the Supply Agreement, the recoupment doctrine is narrowly construed in the bankruptcy context.  In re McMahon, 129 F.3d. at 97.  "Recoupment in bankruptcy may occur only within a single contract or transaction or a single set of transactions."  Id. at 96.  "Where the contract itself contemplates the business to be transacted as discrete and independent units, even claims predicated on a single contract will be ineligible for recoupment," unless arising out of the same discrete transaction.  Westinghouse Credit Corporation v. D'Urso, 278 F.3d 138, 147 (2d Cir. 2002) (quoting In re Malinowski, 156 F.3d at 133 and 135)).

23.     Because the Shutdown Claims and pre-petition payments owed to the Delphi Suppliers arise out of the same contract, they are subject to recoupment.  The failure of the Delphi Suppliers to timely and fully procure the August and October purchase order constituted breaches of the Supply Agreement, giving MBUSI the right to recoup against any payment owed to the Delphi Suppliers under the Supply Agreement.

24.     To the extent that it can be argued that the contract damages arise from discrete and independent business transactions, i.e., the August and October purchase orders, the damages are, at least, due to be recouped from the payments associated with these transactions. Under this construction of the contractual relationship, the October Shutdown Claim would be due to be recouped from the November payment to the Delphi Suppliers and the August Shutdown Claim from the September payment.  Because MBUSI has made the September payment to the Delphi Suppliers, it cannot recoup the August Shutdown Claim from this payment.  However, as explained more fully below, even if this Court holds that the Shutdown Claims are not due to be recouped from the pre-petition payables withheld, MBUSI is entitled to relief from the automatic stay to setoff these claims.

**B.     MBUSI Is Entitled to Setoff Its Shutdown Claims Against Pre-Petition Payables.**

25.     The right to setoff, like recoupment, is determined by nonbankruptcy law. Westinghouse Credit Corporation v. D'Urso, 278 F.3 138, 146 (2d Cir. 2002).  Setoff is a recognized type of cross-action in Alabama. See, e.g., Carolina Portland Cement Co. v. Alabama Construction Co., 50 So. 332 (Ala. 1909). In contrast to recoupment, a setoff may be a separate and independent demand, not connected with the original cause of action. Troy Laundry Machine Co. v. Joyce, 157 So. 214, 215 (Ala. 1934).

26.     Section 362(a)(7) of the Bankruptcy Code stays a creditor from effecting a setoff against a debt owed to the debtor as of the commencement of the case.  A creditor is entitled

from relief from the automatic stay for cause, including lack of adequate protection. 11 U.S.C. § 362(d)(1). In the instant case, cause exists to lift the stay and allow the setoff for the following reasons.

27. Pursuant to section 506(a) of the Bankruptcy Code, a claim of a creditor "that is subject to setoff under section 553 of the Bankruptcy Code is a secured claim…to the extent of the amount subject to set off." 11 U.S.C. § 506.

28. 11 U.S.C. § 553 provides:

> (a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that--
>
> (1) the claim of such creditor against the debtor is disallowed;
>
> (2) such claim was transferred, by an entity other than the debtor, to such creditor--
>
> (A) after the commencement of the case; or
>
> (B)(i) after 90 days before the date of the filing of the petition; and
>
> (ii) while the debtor was insolvent (except for a setoff of a kind described in section 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 555, 556, 559, 560, or 561); or
>
> (3) the debt owed to the debtor by such creditor was incurred by such creditor--
>
> (A) after 90 days before the date of the filing of the petition;
>
> (B) while the debtor was insolvent; and
>
> (C) for the purpose of obtaining a right of setoff against the debtor (except for a setoff of a kind described in section 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 555, 556, 559, 560, or 561).

29. As to the "debt" requirement of § 553, the Bankruptcy Code defines "debt" as "liability on a claim." 11 U.S.C. § 101(12). "Claim" is defined as a "right to payment whether or

not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured."  11 U.S.C. § 101(5)(A).  As such, the Shutdown Claim constitute "debts" owed to MBUSI by the Delphi Suppliers, and MBUSI's obligation to pay the Delphi Suppliers for Products supplied and/or services rendered pre-petition constitutes a "debt" owed to the Delphi Suppliers by MBUSI.

30. Section 553 also requires that the debts of the creditor and debtor arise prior to the commencement of the case.  Because the payment which would generally be paid on October 25th is for Products supplied and/or services rendered by the Delphi Suppliers pre-petition, this debt arose prior to the commencement of the case.  As to the debts owed to MBUSI, it is clear that the Shutdown Claims arose prior to the commencement of the case since the breaches and damages occurred pre-petition.

31. The requirement of mutuality imposed by § 553 requires that the debts be "due to and from the same persons in the came capacity."  <u>Westinghouse Credit Corporation v. D'Urso</u>, 278 F.3 138 at 149.  This requirement is satisfied in the instant case in that the debt of MBUSI is owed to the Delphi Suppliers and the debts of the Delphi Suppliers are owed to MBUSI.

32. Lastly, none of the exceptions to § 553 apply in the instant case.  The claims of MBUSI have not been disallowed; the claims were not transferred to MBUSI; and the claims of MBUSI were not incurred for the purpose of obtaining setoff rights against the Debtor, but resulted from pre-petition contractual breaches by the Delphi Suppliers.

33. Since the requirements of § 553 are satisfied--and none of the exceptions to § 553 apply--MBUSI has a valid, secured claim against the bankruptcy estate for the Shutdown Claims.

34. Because requiring payment of the debt owed to Delphi would effectively eliminate these secured claims, MBUSI's interests are not adequately protected, as required by § 362.

35. In addition, the "adequate protection" afforded non-ordinary course setoff claimants under the terms of the DIP Order are not sufficient. If MBUSI tenders payment, relinquishing its rights to setoff against pre-petition payables, the setoff mechanism would not permit MBUSI to setoff "non-ordinary course" claims against its post-petition payables until confirmation of plan of reorganization and allowance of the claim. Because this future right to setoff is contingent on confirmation of a plan of reorganization, as well as the existence of post-petition payables at that time, and because the junior replacement liens granted, in and of themselves, are not sufficient to protect MBUSI's "non-ordinary" course pre-petition claims, to the extent that its claims are "non-ordinary course," MBUSI's Shutdown Claims are not adequately protected by the DIP Order.

36. Therefore, MBUSI is entitled to relief from the automatic stay to setoff its Shutdown Claims against the pre-petition payables withheld by MBUSI.

## MEMORANDUM OF LAW

37. Because the legal points and authorities upon which this Motion relies are incorporated herein, MBUSI requests that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013(b) be deemed satisfied.


**WHEREFORE**, MBUSI requests that this Court enter an order holding that MBUSI has the right to recoup or setoff the Shutdown Claims, totaling $158,314, from the withheld pre-petition payables, or, in the alternative, determining that MBUSI's Shutdown Claims are "ordinary course" claims under the terms of the DIP Order, entitled to the treatment provided

such claims by the Setoff Mechanism.  MBUSI also requests such other and further relief as this Court deems appropriate.

Dated:  Birmingham, Alabama
       November 9, 2005

                                 BURR & FORMAN LLP

                                 By: /s/ Michael Leo Hall
                                     Michael Leo Hall (pro hac granted)
                                     Shannon Elizabeth Hoff (pro hac granted)

                                 420 North 20th Street
                                 Suite 3100
                                 Birmingham, Alabama 35203
                                 (205) 251-3000

                                 Attorneys for Creditor
                                 MERCEDES-BENZ U.S. INTERNATIONAL, INC.