UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :

    In re                                       :       Chapter 11
                                            :
DELPHI CORPORATION et al.,           :       Case No. 05-44481 (RDD)
                                            :
                       Debtors.    :       (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 105(a), 363, AND 365 AUTHORIZING
THE DEBTORS TO PRESERVE OPTION TO ENTER INTO NEW
POWER CONTRACT WITH PREFERENTIAL RATES WITH
CONSUMERS ENERGY COMPANY AND ANCILLARY
<u>ASSUMPTION OF RELATED POWER CONTRACTS</u>

("ORDER TO PRESERVE PREFERENTIAL RATES WITH CEC")

        Upon the motion, dated November 9, 2005 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 105(a), 363, And 365 Authorizing The Debtors To Preserve Option To Enter Into New Power Contract With Preferential Rates With Consumers Energy Company And Ancillary Assumption Of Related Power Contracts; and upon the affidavit of Donald S. Poole, sworn to November 9, 2005 in support of the Motion; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:

A. The Debtors have exercised reasonable business judgment in deciding to assume that certain Special Manufacturing Contract, dated October 13, 1995, as amended by that Partial Assignment Agreement, dated December 22, 1998 (together, the "Power Contracts") subject to the conditions set forth in this Order.

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. The Power Contracts are assumed, subject to the terms of the Order, as of the date hereof.

3. The Debtors are authorized, but not directed, to pay the cure amount in the amount of approximately $3.6 million (the "Cure Amount"), upon satisfaction of the following conditions, at which time all prepetition defaults shall be deemed cured:

(a) Delphi Automotive Systems LLC ("DAS LLC") being allowed to fully participate in negotiations on the new Transitional Primary Rate and Interruptible Rate I, as published by the Michigan Power Services Commission ("MPSC"), with General Motors and CEC in connection with the procurement of electric power services for the period beginning January 1, 2006;

(b) DAS LLC entering into a new contract (the "New Power Contract") for electric and power services with CEC at rates acceptable to DAS LLC, the acceptability of which shall be determined in DAS LLC's sole discretion; and

(c) Notice of DAS LLC's decision to enter into the New Power Contract and to pay the Cure Amount to be given to all interested parties.

4. Until such time as (a) the Cure Amount is paid or (b) until the assumption is deemed null and void, CEC is deemed adequately assured of payment of the Cure Amount.

5.      In the event DAS LLC determines, in its sole discretion, not to enter into a New Power Contract, or a New Power Contract is not entered into by January 31, 2006 the Cure Amount shall not be paid and the assumption of the Power Contracts will be deemed null and void.

6.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

7.      The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
           November __, 2005

                                              UNITED STATES BANKRUPTCY JUDGE