CHARLES E. BOULBOL (CB-1049)
Attorney for Russell Reynolds Associates, Inc.
26 Broadway 17th Floor
New York, New York 10004
(212) 825-9457- Telephone
(212) 825-9414 - Facsimile

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re:

    DELPHI CORP., et al.,

                       Debtors.

Case No.
**05-B-44481 (RDD)**
**Jointly Administered**

**Chapter 11**

---------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF RUSSELL REYNOLDS ASSOCIATES, INC.'S MOTION TO COMPEL THE DEBTOR TO ASSUME OR REJECT AN EXECUTORY CONTRACT

## Preliminary Statement

Russell Reynolds Associates, Inc. ("RRA") respectfully submits this Memorandum of Law in support of its motion to compel the Debtors to assume or reject an executory contract dated July 12, 2005 between Debtors and RRA (the "Retainer Agreement").

As set forth in greater detail in RRA's Motion and below, the Debtors have insisted that RRA perform its obligations under the Retainer Agreement without providing assurances to RRA that it will be paid for its services.

Unless the contract is assumed or rejected, RRA is in the precarious position of being compelled to perform, and the Debtors will unjustly obtain all of the benefits that can be derived

under the Retainer Agreement, in the absence of any assurances that the Debtors will pay for the benefits it has been receiving and will receive under the Retainer Agreement.

It therefore is respectfully submitted that if Debtors wish to continue to reap the benefits of RRA's performance under the Retainer Agreement then the Debtors should be compelled to decide whether to assume or reject it. In addition, if Debtors decide to reject the Retainer Agreement, then the reasonable value of RRA's post-petition performance should be established.

## Statement of Facts

The facts are set forth in the accompanying motion papers, and the Court is respectfully referred to the motion papers for a full recitation of the facts.

## Argument

11 U.S.C. §365(d)(2) of the Bankruptcy Code provides:

> In a case under Chapter 9, 11, 12 or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of the plan but the Court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

There is no doubt that the Retainer Agreement is an executory contract and, as such, subject to the provisions of Section 365. Although the term "executory contract" is not defined in the Bankruptcy Code, the Supreme Court has stated that "the legislative history of §365(a) indicates that Congress intended the term to mean a contract on which performance remains due to some extent on both sides." National Labor Relations Board v. Bildisco & Bildisco, 465 U.S. 513, 523, 104 S. Ct. 1188, 1194 (1984) (citation omitted).

It is indisputable that significant future performance under the retainer Agreement may be required of both RRA and Debtors. Moreover, performance by both RRA and Debtor under the Retainer Agreement, without regard to Debtor's default in making payments due thereunder, remains incomplete. RRA has been and is at Debtor's insistence continuing to perform all of its obligations on its part to be performed under the Retainer Agreement which include soliciting and vetting candidates for employment by Debtors as their Director of Global Architecture and Infrastructure. The Debtors have conducted post-petition interviews of prospective candidates for the Director of Global Architecture and Infrastructure position and, as such, the estate thereby has obtained significant post-petition value from RRA's efforts. In addition, if the Debtors decide to hire a candidate recommended by RRA, and that candidate leaves Debtor's employ within one year for any reason other than just cause, then RRA will be obligated to conduct a new Executive Search and only bill Debtors for its out-of-pocket recruiting related expenses.

Accordingly, each side has significant obligations under the Retainer Agreement that extend well into the post-petition, and perhaps post-confirmation, period. These continuing duties establish that the Retainer Agreement is an executory contract within the meaning of 11 U.S.C. §365(a). In re Chipwich, Inc., 54 B.R. 427, 430 (Bankr. S.D.N.Y. 1985); see also In re Lady Baltimore Foods, Inc., 2004 Bankr. LEXIS 1413 (Bankr. D. Kansas August 13, 2004).

Because the Retainer Agreement is an executory contract, RRA must follow the procedures specifically set forth in Section 365 to obtain a determination of its rights. See In re Advanced Professional Home Health Care, Inc., 82 B.R. 837 (Bankr. E.D. Mich. 1988). RRA does not have the unilateral right, despite Debtors' failure to make the payments due under the Retainer Agreement, to terminate the Retainer Agreement by reason of the Debtors' defaults thereunder. In

re Monarch Capital Corp., 163 B.R. 899, 907 (Bankr. D. Mass. 1994) (citation omitted).

In light of the post-petition burden that Debtors have imposed upon RRA, its status as a post-petition administrative claimant of Debtor for the services it has continued to perform at Debtors' insistence must be adjudicated. RRA has not located any case which resolves this issue whether RRA is a professional under 11 U.S.C. §327 whose post-petition retention must be approved by the Court. Compare In re Roberts, 58 B.R. 65 (Bankr. D. N.J. 1986) (professionals must be approved by the bankruptcy court); In re Seatrain Lines, Inc., 13 B.R. 980 (Bankr. S.D.N.Y. 1981) (maritime engineers are not professionals that must be approved); In re Keren Limited Partnership, 225 B.R. 303 (S.D.N.Y. 1998), aff'd, 189 F.3d 86 (2d Cir. 1999) (real estate brokers are professionals that must be approved).

Debtors essentially are seeking to compel RRA to render post-petition services, and thereby complete its performance under the Retainer Agreement, without assuming the Retainer Agreement.

If RRA is a professional under §327, then the absence of prior Court approval may mean that RRA will be denied compensation even for its post-petition services. See, e.g., In re Timberline Property Development, Inc., 115 B.R. 787 (Bankr. D. N.J. 1990); see also In re Snowcrest Development Group, Inc., 200 B.R. 473, 479 (Bankr. D. Mass. 1996) (distinguishing administrative expenses under 503(b)(1)(A) and 503(b)(2)). Nevertheless, the Debtors' demand that RRA continue to render post-petition services should entitle RRA to an administrative claim for the value of those services even if the Retainer Agreement ultimately is rejected. See, e.g., In re Chateaugay Corp., 10 F.3d 944, 955 (2d Cir. 1993); In re Jartran, Inc., 732 F.2d 584 (7th Cir. 1984); In re Unishops, Inc., 553 F.2d 305 (2d Cir. 1977).

What cannot and should not happen is that Debtors will hire a Director of Global Architecture and Infrastructure based upon RRA's substantial post-petition efforts and then seek to separate the hiring aspect of the Retainer Agreement from the payment aspect.

Debtors' effort to compel RRA's completion of performance and its concomitant evasion of its payment obligations is nothing less than an improper attempt to assume only those parts of the Retainer Agreement that are favorable to it while at the same time Debtors' preserve their alleged right to reject it. In re Nitec Paper Corp., 43 B.R. 492, 498 (Bankr. S.D.N.Y. 1984); see also In re Atlantic Computer Systems, Inc., 173 B.R. 844, 849 (S.D.N.Y. 1994) ("a debtor may not 'cherry pick' pieces of contracts it wishes to assume").

If the Debtor would like RRA to continue to perform under the Retainer Agreement then it must assume it. If the Debtor no longer intends to hire a Director of Global Architecture and Infrastructure then it should reject the Retainer Agreement. If there is no basis upon which to compensate RRA for its post-petition services then RRA should be free to suspend the Executive Search.

**Conclusion**

WHEREFORE, Russell Reynolds Associates, Inc. respectfully requests an Order compelling the Debtor to assume of reject the Retainer Agreement by a date certain and, if the Retainer Agreement is rejected, granting a hearing to RRA to determine the reasonable value of its services rendered post-petition in accordance with the provisions of 11 U.S.C. §503(b)(1).

Dated: New York, New York
          November 9, 2005

                                        Respectfully submitted,


                                        Charles E. Boulbol, P.C.
                                        Attorneys for Russell Reynolds
                                        Associates, Inc.
                                        26 Broadway 17th Floor
                                        New York, New York 10004
                                        (212) 825-9457


                                        By:_____
                                            Charles E. Boulbol (CB-1049)