UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | ) ) ) | Chapter 11 Case |
| DELPHI CORPORATION, *et al*. | ) ) | No. 05-44481 |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER PURSUANT TO 11 U.S.C. §§ 361, 362(d) AND 363 PROVIDING ADEQUATE PROTECTION TO BANK OF AMERICA, N.A. AND TERMINATING THE AUTOMATIC STAY WITH RESPECT TO CASH COLLATERAL**

Upon the motion, dated November 10, 2005 (the "Motion"), of Bank of America, N.A. ("Bank of America"), for an order (the "Order") under 11 U.S.C. §§ 361, 362(d) and 363 requesting adequate protection of Bank of America's security interests in certain collateral, including cash collateral, and termination of the automatic stay with respect to such cash collateral; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is appropriate under the circumstances; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. As adequate protection of its security interests in collateral securing all obligations due by Delphi Automotive Systems Human Resources LLC ("Delphi HR") arising from and under two leases of aircraft and other related documentation as described in the Motion (collectively, the "Aircraft Leases"), Bank of America is hereby granted replacement liens on all present and after-acquired property of Delphi HR of a type and kind subject to Bank of

America's prepetition security interests granted pursuant to the Aircraft Leases, which property includes (a) a certain management agreement concerning the use and maintenance of the aircraft (the "Management Agreement"); (b) certain charter agreements concerning the aircraft (the "Charter Agreements"); (c) any subleases of the aircraft (the "Subleases"); and (iv) and revenues generated from or related to the foregoing or the Aircraft Leases all as described in the Motion, which revenues constitute "cash collateral" within the meaning of 11 U.S.C. § 363(a).

3. As additional adequate protection of its security interests in property of the estate, the Chapter 11 debtors are hereby directed to deliver to Bank of America within ten (10) days from the date on which this Order is signed, (a) an accounting of all cash collateral, including all revenues and proceeds generated by or arising from the Aircraft Leases, the Management Agreement, the Charter Agreements and any Subleases, from October 8, 2005 to the date of the accounting; and (b) monthly accountings of all cash collateral, including all revenues and proceeds generated by or related to the Aircraft Leases, the Management Agreement, the Charter Agreements and any Subleases from the date of the first such accounting. The accountings described in subparagraph (b) herein must be received by Bank of America by no later than the fifth (5th) day of each month beginning on January 1, 2006.

4. The automatic stay is hereby terminated with respect to the cash collateral described herein and the Chapter 11 debtors are hereby directed to deliver immediately to Bank of America all such cash collateral in their present possession, custody or control and all such cash collateral received by the Chapter 11 debtors during the pendency of these Chapter 11 cases immediately upon debtors' receipt of such cash collateral.

5. The entry of this Order is without prejudice to the rights of Bank of America to seek additional adequate protection or relief from the automatic stay in the future and all other

rights that Bank of America holds under the Bankruptcy Code, other applicable law and the Aircraft Leases including, but not limited to, the right to request payment of administrative expenses and the right to compel assumption or rejection of the Aircraft Leases by a fixed date.

6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

7. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
      November ___, 2005

                                                  UNITED STATES BANKRUPTCY JUDGE