Hearing Date: November 29, 2005 at 10:00 a.m.
Objection Deadline: November 25, 2005 at 4:00 p.m.

Eric Lopez Schnabel (ES5553)
KLETT ROONEY LIEBER & SCHORLING
A Professional Corporation
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
Phone: (302) 552-4200
Email: elschnabel@klettrooney.com
Counsel to Entergy

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION., et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

## MOTION OF ENTERGY FOR (I) RELIEF FROM STAY TO EXERCISE RECOUPMENT AND/OR SETOFF RIGHTS PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE AND (II) OTHER RELATED RELIEF

Entergy Mississippi, Inc. ("Entergy"), by its undersigned counsel, hereby submits this Motion For (I) Relief From Stay to Exercise Recoupment and/or Setoff Rights Pursuant to Section 553 of the Bankruptcy Code and (II) Other Related Relief (the "Motion"). In support of the Motion, Entergy respectfully states as follows:

### INTRODUCTION

1.    On October 8, 2005 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code")[1], in the United States Bankruptcy Court for the Southern District of New York.

---

[1]    The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "2005 Act") amended certain provisions of the Bankruptcy Code, among other statutes. Most of the 2005 Act's amendments to the Bankruptcy Code are effective with respect to chapter 11 cases filed on or after October 17, 2005, nine days after the Petition

490284 v. 3

2.   The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.   No trustee or examiner has been appointed in this Chapter 11 case.

4.   An Official Committee of Unsecured Creditors (the "Committee") was appointed on or about October 17, 2005.

5.   On the Petition Date, the Debtors filed a motion (the "Utility Motion") which requests, among other things: (i) that the Debtors' utility providers, including Entergy (collectively, the "Utility Companies") be enjoined from altering, refusing, or discontinuing services to, or discriminating against, the Debtors on the basis of the commencement of the Debtors' bankruptcy cases or on account of any unpaid pre-petition invoices, (ii) that any Utility Company seeking adequate assurance from the Debtors in the form of a deposit or other security be required to make such request in a writing containing certain information related to the Debtors account(s) with such utility, and (iii) that, if the Debtors file a request for determination with respect to any Utility Company, such Utility Company shall be deemed to have adequate assurance of payment until the Court enters a final order with respect to the motion for determination. See Utility Motion at ¶¶ 15-18.

6.   As set forth more fully below, Entergy is a utility as that term is used in Section 366 of the Bankruptcy Code. In addition, Entergy is also listed as a Utility Company in Exhibit A to the Utility Motion.

7.   On or about October 13, 2005, this Court entered the Interim Order under 11 U.S.C. §§ 105, 366, 503 and 507 Prohibiting Utilities from Altering, Refusing or Discontinuing Services on Account of Prepetition Invoices.

---

Date. Accordingly, unless otherwise noted, all citations and references to sections of the Bankruptcy Code herein are to the pre-2005 Act Bankruptcy Code and relevant case law.

8. Entergy filed an objection the Utility Motion on October 24, 2005. A hearing on Entergy's objection to the Utility Motion is scheduled for November 29, 2005 at 10:00 a.m.

## BACKGROUND OF ENTERGY ACCOUNTS

9. Entergy is, <u>inter alia</u>, a leading provider of electric utility services, including both retail electric service and wholesale transmission services, in several markets including those of the Debtors' operations. Entergy provides electricity services to the Debtors under at least two open accounts with Entergy (the "<u>Entergy Accounts</u>").

10. Pre-petition, the Debtors were required by Entergy under applicable state law to provide some sort of deposit or other form of security to ensure prompt payment of services provided pursuant to the Entergy Accounts. The Debtors provided such security in the form of a $600,000 cash deposit as security for payment of invoices under the Entergy Accounts (the "<u>Security</u>"). In accordance with the deposit agreement by and between the Debtors and Entergy, the Security was pledged to secure all of the Debtors' accounts with Entergy.

11. The Debtors' monthly charges on the Entergy Accounts at times exceed $755,471 per month. The Security did not adequately protect Entergy because, as of the Petition Date, the Entergy Accounts had an aggregate unpaid balance of approximately $963,099.68 (the "<u>Entergy Claim</u>").

## THE FINAL DIP FINANCING ORDER

12. On October 28, 2005, the Court entered the Final Order Under 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and Fed.R.Bankr.P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Post-Petition Financing, (II) to Utilize Cash Collateral and (III) Granting Adequate Protection to Pre-Petition Secured Parties (the "<u>Final DIP Financing Order</u>").

3

13. The Final DIP Financing Order provides in relevant part as follows:

> To the extent that a customer or supplier of the Debtors that has an allowable setoff claim under section 506 or 553 of the Bankruptcy Code in respect of its payables owed to any Debtor as of the Petition Date ("Pre-Petition Payables") or a valid right of recoupment that arose prior to the Petition Date (such setoff claim or right of recoupment, "Setoff"), such customer (a "Setoff Claimant") is hereby provided with certain rights and adequate protection as described below... Any exercise of any right of Setoff other than in accordance with this Order is subject to section 362 of the Bankruptcy Code.

See Final DIP Financing Order, ¶ 18.

14. The language with respect to the exercise of recoupment rights was not included in the originally proposed final order or the Interim DIP Financing Order entered on October 12, 2005. See Debtors' Omnibus Reply, Exhibit A, ¶18 (D.I. No. 667, filed on October 26, 2005) (recoupment language appears in paragraph 18 for the first time); Notice of Filing of Proposed Final DIP Financing Order, Exhibit A, ¶18 (D.I. No. 709, filed on October 27, 2005). Rather, the foregoing language was inserted into the proposed order attached to the Debtors' Omnibus Reply to Objections to DIP Financing Order filed on October 26, 2005, one day prior to the hearing which resulted in the entry of the Final DIP Financing Order. Id.

15. Thus, the Final DIP Financing Order arguably requires holders of recoupment rights to seek relief from the automatic stay, along with holders of setoff rights, prior to exercising such rights.

### RELIEF REQUESTED

16. By this Motion, Entergy seeks an Order of the Court granting it relief from the automatic stay and any stay imposed by the Final DIP Financing Order to allow the immediate exercise of recoupment and/or setoff rights by Entergy of the Entergy Claim against the Security.

4

## BASIS FOR RELIEF

### Entergy is Entitled to Relief From the Automatic Stay
### to Exercise Its Right of Recoupment and/or Setoff

17.     Section 362(a)(7) of the Bankruptcy Code provides that the filing of the Debtors' voluntary petition operates as an automatic stay, applicable to all parties, against "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor." 11 U.S.C. § 362(a)(7). However, Section 362(a)(7) "does not affect the right of" a creditor to setoff. H.R. Rep. No. 595, 95th Cong., 1st Sess., at 342 (1977); S. Rep. No. 989, 95th Cong., 2d Sess., at 51 (1978). Section 362(a)(7) "simply stays its enforcement pending an orderly examination of the debtors' and creditors' rights." Id. Thus, a party may still exercise its right to setoff in a bankruptcy proceeding but must first obtain relief from the automatic stay or obtain an order allowing setoff prior to exercising any right to setoff. In re NTG Industries, Inc., 103 B.R. 195, 197 (Bankr. N.D. Ill. 1989).

18.     In contrast, "[t]he Bankruptcy Code does not contain a recoupment provision." Cooper-Jarrett, Inc. v. Central Transport, Inc., 726 F.2d 93, 96 (3d Cir. 1984). Although the Bankruptcy Code does not specifically provide for recoupment, "[t]he common law doctrine of recoupment provides an exception to setoff in bankruptcy cases." In re University Medical Ctr., 973 F.2d 1065, 1079 (3d Cir. 1992). "Recoupment 'is the setting up of a demand arising from the same transaction as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such claim.'" Id. at 1079 (quoting 4 Collier on Bankruptcy, §553.03 at 553-15 to 553-17); see also Reiter v. Cooper, 113 S.Ct. 1213, 1218 (1993) (defining recoupment as "the setting off against asserted liability of a counterclaim arising out of the same transaction"); In re Jones, 122 B.R. 246, 249 (W.D. Pa. 1990). "[S]o long as the creditor's claim arises out of the identical transaction as the debtor's, that claim may be

5

offset against the debt owed to the debtor, without concern for the limitations put on the doctrine of setoff by Code § 553." In re University Medical Ctr., 973 F.2d 1065, 1080 (3d Cir. 1992); In re Flagstaff Realty Assocs., 1995 WL 447934, at 4 (3d Cir. 7/31/94) (requiring "single integrated transaction"). Therefore, a creditor may assert "recoupment claims 'against pre-petition debts to the debtor, post-petition debts, or some combination of these.'" Reading Co. v. City of Philadelphia, 155 B.R. 890, 910 (E.D. Pa. 1993).

19.  The "typical situation in which equitable recoupment can be invoked involves a credit and debt arising out of a transaction for the same goods or services." In re University Medical Ctr., 973 F.2d at 1080. "[A]n express contractual right is not necessary to effect a recoupment." In re University Medical Ctr., 973 F.2d at 1080.

20.  Thus, "[w]hile recoupment deals with situations in which a single transaction is at issue, setoff applies where the debt and credit arise from different transactions between the same parties." In re Metropolitan Hosp., 131 B.R. 283, 289 (E.D. Pa. 1991). In addition, "recoupment permits no affirmative recovery." In re Rooster, Inc., 127 B.R. 560, 569 (Bankr. E.D. Pa. 1991). Although setoff permits affirmative recovery, e.g., Hill v. Port Auth. Transit Sys., 137 Pa. Commw. 132, 585 A.2d 1129, 1133 (1991), aff'd per curiam without opinion, 613 A. 2d 1206, 1207 (Pa. 1992), recoupment is only an affirmative defense and does not permit affirmative recovery. See In re Flagstaff Realty Assocs., 60 F.3d 1031, 1035 (3d Cir. 1995); In re H. Wolfe Iron & Metal Co., 64 B.R. 754, 758 (Bankr. W.D. Pa. 1986); In re Rooster, Inc., 127 B.R. at 568-69; Household Consumer Discount Co. v. Vespaziani, 490 Pa. 209, 219, 415 A. 2d 689, 694 (1980) ("Recoupment...is a doctrine of an intrinsically defensive nature...").

21.  Although a creditor must obtain relief from the automatic stay to exercise a right of setoff, recoupment constitutes "a non-statutory, equitable exception to the automatic

stay." In re University Medical Ctr., 973 F.2d at 1080; accord In re Rooster, Inc., 127 B.R. at 570. Thus, if not for the entry of the Final DIP Financing Order, Entergy would have the right to recoup $600,000 of the Entergy Claim from the Security without seeking approval of the Court.

22.  By necessitating a motion for relief to effect a setoff, Section 362 creates a mechanism by which setoff, which is usually marked by no event at all other than perhaps an accounting adjustment, can be subject to an orderly examination by the Court and the creditors of the estate. See Matter of Corland Corp., 967 F.2d 1069, 1076 (5th Cir. 1992); In re Women's Technical Institute, Inc., 200 B.R. 77, 82 (Bankr. D. Mass. 1996).

23.  Section 553 of the Bankruptcy Code governs setoffs in bankruptcy. In relevant part, Section 553 provides:

> [T]his title does not affect any right of a creditor to a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.

11 U.S.C. § 553(a). Essentially, the right to setoff allows entities that have mutual obligations to apply their mutual debts against each other, thereby avoiding "the absurdity of making A pay B when B owes A." In re Gordon Sel-Way, Inc., 270 F.3d 280, 290 (5th Cir. 2001) (citing Citizens Bank v. Strumpf, 516 U.S. 16, 18 (1995)).

24.  Thus in order for a creditor to establish its right to setoff, it must demonstrate one of the following:

> (a) a debt exists from the creditor to the debtor and that debt arose prior to the commencement of the case;
>
> (b) the creditor has a claim against the debtor that arose prior to the commencement of the bankruptcy case; and

7

(c) the debt and the claim are mutual obligations.

See, e.g. In re Nerland Oil, Inc., 303 F.3d 911 (8th Cir. 2002); United States v. Gerth, 991 F.2d 1428, 1431 (8th Cir. 1993); Braniff Airways, Inc. v. Exxon Co., U.S.A., 814 F.2d 1030, 1035 (5th Cir. 1987). Debts are mutual when the debts and credits are in the same right and are between the same parties, standing in the same capacity. See In re Bennett Funding Group, Inc., 146 F.3d 136, 139 (2d Cir. 1998); In re Drexel Burnham Lambert Group, Inc., 113 B.R. 830, 847 (Bankr. S.D.N.Y. 1990).

### Entergy Is Entitled to Recoup and/or Setoff the Entergy Claim Against the Security

25. The Entergy Claim and the Security arise out of the same transaction, namely Entergy's pre-petition provision of electricity services to the Debtors under the Entergy Accounts pursuant to the terms of the deposit agreement. The claims and debts qualify as mutual obligations of Entergy on the one hand and the Debtors on the other. Furthermore, both claims and debts arose prior to the commencement of these bankruptcy cases. In addition, Entergy does not know of any substantial dispute as to the amounts due and owing between the parties. Therefore, Entergy is entitled to relief from the automatic stay, so that it may immediately recoup and/or setoff $600,000 of the Entergy Claim against the Security.

### RESERVATION OF RIGHTS

26. The Entergy Claim is approximately $363,099.68 greater than the amount of the Security. Accordingly, after Entergy exercises its recoupment and/or setoff rights, Entergy will be left with a substantial deficiency claim against the Debtors (the "Deficiency Claim"). Entergy reserves all of its rights and or causes of action with respect to the unsatisfied portion of the Entergy Claim, including without limitation, the right to file a proof of claim in the Debtors' chapter 11 cases.

8

## WAIVER OF MEMORANDUM OF LAW

27. This Motion does not raise any novel issues of law and, accordingly, Entergy respectfully requests that this Court waive the requirement contained in Rule 9013-1(b) of the local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted in support of this Motion.

## NOTICE

28. Notice of this Motion will be provided in accordance with this Court's Order dated October 14, 2005 establishing case management and notice procedures in these chapter 11 cases. No further or other notice need be provided. No previous motion for the relief sought herein has been made to this or any other Court.

WHEREFORE, Entergy respectfully requests that this Court enter an order, substantially in the form attached: (i) granting the Motion; (ii) authorizing the immediate exercise of setoff and/or recoupment rights by Entergy the Debtors of the Entergy Claim against the Security; and (iii) granting such further relief as is appropriate.

**KLETT ROONEY LIEBER & SCHORLING**
**A Professional Corporation**

By: /s/ Eric Lopez Schnabel
Eric Lopez Schnabel (ES5553)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
Phone: (302) 552-4200
Email: elschnabel@klettrooney.com

Dated: November 11, 2005                Counsel to Entergy

9