UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
    In re                                 :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                                 Debtors.    :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FINAL ORDER UNDER 11 U.S.C. § 327(a) AND FED. R. BANKR.
P. 2014(a) AUTHORIZING EMPLOYMENT AND RETENTION OF
TOGUT, SEGAL & SEGAL AS CONFLICTS COUNSEL TO DEBTORS

("TOGUT RETENTION FINAL ORDER")

        Upon the application, dated October 8, 2005 (the "Application"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for a final order (the "Final Order") under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 authorizing the employment and retention of Togut, Segal & Segal ("TS&S") as conflicts counsel in these chapter 11 cases pursuant to the engagement letter, dated October 5, 2005 (the "Engagement Letter"), attached to the Application as Exhibit B; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005, and the Declaration of Albert Togut, dated October 8, 2005, the senior member of TS&S, in support of the Application (the "Togut Declaration"), and the Supplemental Affidavit of Albert Togut, dated October 11, 2005, in further support of the Application; and upon the record of the hearing held on the Application; and this Court having determined that the relief requested in the Application is in the best interests of each of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Application has been given and that no other or

further notice is necessary; and after due deliberation thereon; and upon the clarification on the record of paragraph 4 hereof; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Application is GRANTED on a final basis.

2. The Application and the Engagement Letter are approved in all respects.

3. Subject to the terms of this Final Order, the Debtors' employment of TS&S as their conflicts counsel, effective as of the Application date, to perform the services set forth in the Application and in the Engagement Letter, is approved under section 327(a) the Bankruptcy Code, and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. In accordance with section 327(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain TS&S as their conflicts counsel (a) to perform services on bankruptcy-related matters which involve contested hearings, adversary proceedings, or other matters in which the Debtors are adverse to clients of Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates ("Skadden") in excess of the percentage threshold giving rise to the engagement of conflicts counsel in this judicial district and to assist as appropriate under the circumstances with non-threshold Clients (each, a "Client," and collectively, the "Clients") which could present conflicts of interest and (b) to perform other discrete duties as are assigned by Skadden to TS&S as generally described in the Application and the Togut Declaration.

5. As soon as a matter concerning any of Skadden's threshold conflicted Clients is identified in the Debtors' case, Skadden, in addition to any duty imposed under applicable statutes and rules concerning conflicts, shall notify TS&S of that fact so that TS&S may, if necessary, be in a position to immediately advise the Debtors as involves such Client.

6. If the Debtors are or become adverse to any of Skadden's threshold conflicted Clients, TS&S and not Skadden shall represent the Debtors in such matter. Skadden and TS&S shall make reasonable efforts to ensure that the Debtors' estates are not charged for any duplication of work resulting from such procedures.

7. TS&S shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines promulgated by the Office of the United States Trustee, and further orders of this Court.

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

9. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:    New York, New York
          November 4, 2005

                                        /s/ Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE