# EXHIBIT A

05-44481-rdd    Doc 1063-1    Filed 11/15/05    Entered 11/15/05 15:39:35    Exhibit A
Pg 1 of 4

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
                                                    :    Case No. 01-16034 (AJG)
ENRON CORP., *et al.*,                              :
                                                    :    Jointly Administered
Debtors.                                            :
---------------------------------------------------x

### O R D E R REGARDING MOTION TO LIFT THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

Upon consideration of the motions, dated January 24, 2002 and January 31, 2002, filed by the *Tittle* and *Kemper* Plaintiffs for relief from the automatic stay as to Debtor Enron Corporation ("Enron" or "the Company" or "the Debtor") to permit them to liquidate their pre-petition claims against the Company pending in the Southern District of Texas for the Company's alleged breaches of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* ("the Motions"); the objections of the Debtors, dated February 15, 2002; the objections of the Official Committee of Unsecured Creditors, dated February 15, 2002; and oral argument of February 20, 2002, it is hereby and upon the entire record herein; and good and sufficient cause appearing;

ORDERED:

1. The automatic stay is hereby continued until June 21, 2002 except as provided below;

2. Enron will participate in the February 25, 2002 scheduling conference or further scheduling conferences to be held before the Honorable Melinda

Harmon of the Southern District of Texas in the ERISA cases consolidated under the caption *Tittle, et al. v Enron Corp., et al,* No. H-01-3913 (S.D. Tex.), and participate in such discussions with counsel as are necessary to establish a schedule in that action;

3. Following the selection of lead counsel *and* consistent with any order, including scheduling order, entered by Judge Harmon, Enron will produce, subject to attorney client privilege or work product protection: (1) a copy of all documents and materials Enron produced since filing for bankruptcy in connection with any inquir(ies) or investigation(s) into the Company's handling of its ERISA-governed pension plans, that were provided, or that may be provided, pursuant to subpoena (a) by any committee of the Legislative branch of the United States Government, or (b) by the Executive branch of the United States Government, including but not limited to, the Department of Labor; and (2) copies of all transcripts of witness interviews or depositions in Enron's possession, custody, or control given or taken in connection with said inquir(ies) or investigation(s);

4. That the automatic stay as to Enron shall be LIFTED as of June 21, 2002 for all purposes, *provided that* plaintiffs shall not seek to enforce any judgment against the assets of the Debtor without further order of this Court;

5. That, subject to such scheduling orders as Judge Harmon may enter, plaintiffs in the consolidated ERISA actions may serve a Consolidated

Amended Complaint upon, and propound formal discovery to, Enron, *provided that* the Company shall be under no obligation to answer, respond, object or otherwise move until June 21, 2002 or such other later date as established by Judge Harmon;

6. This Order is without prejudice to the right of the Company to seek a reimposition of the stay at any time; and

7. This Order is also without prejudice to the right of the *Kemper* Plaintiffs or such other ERISA plaintiffs to seek a ruling from the Court that the $85 million proceeds of the ERISA Fiduciary Liability Insurance Policy (which is the subject of the Debtors' January 18, 2002 Motion for Authorization and the *Kemper* Plaintiffs' January 31, 2002 Limited Objections thereto) are not assets of the Debtor's estate and should be available, without further order of this Court, to satisfy or partially satisfy any judgment plaintiffs may obtain in the consolidated ERISA actions against Enron.

Dated: New York, New York
February 25, 2002

s/Arthur J. Gonzalez
_____
THE HONORABLE ARTHUR J. GONZALEZ
UNITED STATES BANKRUPTCY JUDGE