# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                      :
                                            :
WORLDCOM, INC., et al.,                     :     Chapter 11
                                            :     Case No. 02-13533 (AJG)
                 Debtors.                   :
                                            :     (Jointly Administered)
-------------------------------------------------------x

## ORDER GRANTING MOTION OF H. CARL McCALL, COMPTROLLER OF THE STATE OF NEW YORK, AS ADMINISTRATIVE HEAD OF THE NEW YORK STATE AND LOCAL RETIREMENT SYSTEMS AND AS TRUSTEE OF THE NEW YORK STATE COMMON RETIREMENT FUND FOR A LIMITED MODIFICATION OF THE AUTOMATIC STAY

Upon consideration of the motion (the "Motion"), dated October 2, 2002, filed on behalf

of H. Carl McCall, Comptroller of the State of New York, as Administrative Head of the New

York State and Local Retirement Systems and as Trustee of the New York State Common

Retirement Fund, as lead plaintiff (the "Lead Plaintiff") in the securities class action captioned *In*

*re WorldCom, Inc. Securities Litigation*, Master File No. 02 Civ. 3288 (DLC) (S.D.N.Y.), for a

limited modification of the automatic stay as to Debtor WorldCom, Inc. ("WorldCom" or the

"Debtor") to obtain copies of (a) all documents and materials WorldCom has produced or

provided, in connection with any inquiries or investigations relating to WorldCom's accounting

practices or business affairs, to any of the following: (i) any committee of the Legislative branch

of the United States Government, (ii) the Executive branch of the United States Government

(including but not limited to the United States Department of Justice and the Securities and

Exchange Commission) or (iii) Wilmer Cutler & Pickering in connection with its representation

of the Special Investigative Committee of WorldCom's Board of Directors; and (b) all transcripts

of witness interviews or depositions in WorldCom's possession, custody or control that were

11/08/2002  .db

taken or conducted in connection with (i) said inquiries or investigations by any of the foregoing governmental bodies, or (ii) said inquiry or investigation conducted by Wilmer Cutler & Pickering; and upon consideration of the objection of the Debtors, dated October 25, 2002, the joinder therein of the Official Committee of Unsecured Creditors of WorldCom, Inc., dated October 25, 2002, and the response of Lead Plaintiff, dated October 28, 2002; and oral argument having been held on October 29, 2002; and upon the entire record herein; and good and sufficient cause appearing; it is hereby

**ORDERED** that:

1.      The motion is granted as provided below.

2.      The automatic stay is hereby modified as set forth below, subject to and consistent with any Order by The Honorable Denise L. Cote, in the United States District Court for the Southern District of New York in *In re WorldCom, Inc. Securities Litigation*, Master File No. 02 Civ. 3288, including an Order determining that the stay of discovery established by Section 21D(b)(3)(B) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78 u-4(b)(3)(B) should be lifted (the "District Court Order").

3.      If permitted by Judge Cote and subject to paragraph 6 below, Lead Plaintiff shall serve a subpoena and the Debtor shall thereafter produce copies of (a) all documents and materials WorldCom has produced or provided through the date of any District Court Order in connection with any inquiries or investigations relating to WorldCom's accounting practices or business affairs, to any of the following: (i) any committee of the Legislative branch of the United States Government, (ii) the Executive branch of the United States Government (including but not limited to the United States Department of Justice) and (iii) the Securities and Exchange Commission.  Prior to any such production, WorldCom will remove from such documents any

-2-

markings, such as bates number prefixes or other control numbers, which would otherwise indicate that particular documents had been produced in response to any grand jury subpoena.

4.      If permitted by Judge Cote and subject to paragraph 6 below, Lead Plaintiff shall serve a subpoena and the Debtor shall thereafter produce copies of all documents and materials WorldCom has produced to Wilmer Cutler & Pickering in connection with its representation of the Special Investigative Committee of WorldCom's Board of Directors, but only after such time as Wilmer Cutler & Pickering has delivered the final report of their investigation to WorldCom's full board of directors.

5.      The Debtor shall not presently be required to produce any transcripts, notes or other records of witness interviews or depositions in WorldCom's possession, custody or control that were taken or conducted in connection with (i) said inquiries or investigations by any of the foregoing governmental bodies, or (ii) said inquiry or investigation conducted by Wilmer Cutler & Pickering.

6.      Any production of documents by the Debtor shall be made subject to the attorney-client privilege, work product protection or any further limitations prescribed by any District Court Order and following a reasonable period for the Debtor to review such documents.

Dated: November 8, 2002
       New York, New York

                          s/ Arthur J. Gonzalez
                          HONORABLE ARTHUR J. GONZALEZ
                          UNITED STATES BANKRUPTCY JUDGE