**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (admitted *pro hac vice*)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
       mitchell.seider@lw.com
       mark.broude@lw.com

Proposed attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| DELPHI CORPORATION, et al., ) | Case No. 05-44481 (RDD) |
| ) | |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND
RETENTION OF LATHAM & WATKINS LLP AS COUNSEL,
NUNC PRO TUNC TO OCTOBER 17, 2005**

The Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "Committee"), hereby applies (the "Application") to the Court for entry of an order authorizing and approving the employment and retention of Latham & Watkins LLP ("Latham & Watkins"), as counsel for the Committee, nunc pro tunc to October 17, 2005, pursuant to sections 328, 504 and 1103 of Title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support hereof, the Committee relies upon the Affidavit of Robert J. Rosenberg attached hereto as Exhibit A and incorporated herein by reference (the "Rosenberg Affidavit"),

sworn to on November 17, 2005. In further support hereof, the Committee respectfully represents as follows:

## BACKGROUND

1. On October 8, 2005 (the "Petition Date"), thirty-nine of the above-captioned debtors (the "Debtors") filed with this Court voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"). On October 14, 2005, three additional Debtors filed voluntary petitions. The Debtors are continuing in possession of their property and are operating their businesses, as a debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On October 17, 2005, the Office of the United States Trustee appointed the Committee, which consists of the following members: (i) Electronic Data Systems Corp, (ii) General Electric Company, (iii) Flextronics International Asia-Pacific, Ltd. ("Flextronics"), (iv) International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers-Communications Workers of America (the "IUE-CWA"), (v) Capital Research and Management Company ("Capital Research"), (vi) Wilmington Trust Company, as Indenture Trustee, and (vii) Freescale Semiconductor, Inc. The Committee selected Flextronics and Capital Research as its co-chairs. The Committee thereafter determined to retain Latham & Watkins as its counsel.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The statutory predicates for the relief sought herein are sections 328, 504 and 1103 of the Bankruptcy Code and Rule Bankruptcy Rules 2014, 2016 and 5002.

NY\1078594.6

### RELIEF REQUESTED AND REASONS THEREFOR

5.  Pursuant to sections 1103(a) and 328(a) of the Bankruptcy Code, the Committee seeks to employ and retain Latham & Watkins as its counsel, subject to entry of an order approving such employment and retention, for the purpose of representing and advising the Committee in all aspects of this bankruptcy proceeding.

### THE RETENTION OF LATHAM & WATKINS

6.  The Committee respectfully submits that it is necessary and appropriate for it to employ and retain Latham & Watkins to provide, among other things, the following services:

   (a) advise the Committee with respect to its rights, duties and powers in these chapter 11 cases;

   (b) assist and advise the Committee in its consultations with the Debtors relative to the administration of these chapter 11 cases;

   (c) assist the Committee in analyzing the claims of the Debtors' creditors and the Debtors' capital structure and in negotiating with holders of claims and equity interests;

   (d) assist the Committee in its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors and of the operation of the Debtors' businesses;

   (e) assist the Committee in its analysis of, and negotiations with, the Debtors or any third party concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, financing of other transactions and the terms of one or more plans of reorganization for the Debtors and accompanying disclosure statements and related plan documents;

   (f) assist and advise the Committee as to its communications to the general creditor body regarding significant matters in these chapter 11 cases;

   (g) represent the Committee at all hearings and other proceedings;

   (h) review and analyze all motions, applications, orders, statements of operations and schedules filed with the Court and advise the Committee as to their propriety, and to the extent deemed appropriate by the Committee's support, join or object thereto;

3

NY\1078594.6

(i) advise and assist the Committee with respect to any legislative or governmental activities;

(j) assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

(k) investigate and analyze any claims against the Debtors' non-debtor affiliates;

(l) prepare, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections or comments in connection with any of the foregoing;

(m) perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law.

7. The Committee selected Latham & Watkins based upon, among other things, Latham & Watkins' considerable experience and knowledge in the field of creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, as well as in other areas of law related to these chapter 11 cases, including, but not limited to, corporate, banking, ERISA and benefits matters. The Committee believes that Latham & Watkins is well qualified to represent it in these chapter 11 cases and requests that the Court approve such retention.

8. The Committee requests that all fees and related costs and expenses incurred by the Committee on account of services rendered by Latham & Watkins in these cases be paid as administrative expenses of the Debtors' estates pursuant to sections 328(a), 330(a), 331, 503(b), 507(a)(1) and 1103(a) of the Bankruptcy Code. Subject to this Court's approval, Latham & Watkins will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to sections 328(a), 1103(a) and 330 of the Bankruptcy Code. The current hourly rates charged by Latham & Watkins for professionals and paraprofessionals employed in its offices are set forth on Exhibit C

4

to the Rosenberg Affidavit.  These hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions.  The Committee submits that such rates are reasonable and should be approved by the Court, subject to a determination of the amounts to be paid to Latham & Watkins upon application for allowance.  Latham & Watkins will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above.  Latham & Watkins will make appropriate applications to this Court for compensation and reimbursement of out-of- pocket expenses in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the District of the Southern District of New York (the "Local Rules") and any applicable orders or procedures fixed by this Court.  Latham & Watkins reserves its right to file an application for an allowance of an enhanced fee award at the end of this proceeding, subject to the discretion of the Committee.

9.      The Latham & Watkins partners who will be most active in these cases are Robert J. Rosenberg, Mitchell A. Seider and Mark A. Broude.  Mr. Rosenberg and Mr. Broude are members in good standing of the New York Bar and are admitted to practice in the United States District Courts for the Southern and Eastern Districts of New York.  Mr. Seider is a member in good standing of both the New York and Texas Bars and is admitted to practice in the United States District Courts for the Northern, Southern and Western Districts of Texas, the United States District Court for the District of Arizona and the United States Court of Appeals for the Fifth Circuit.  Mr. Seider has also been admitted to practice <u>pro hac vice</u> before this Court in these cases.  It will be necessary during the course of these cases for other Latham & Watkins attorneys and professionals to provide services to the Committee.

5

10. Neither Latham & Watkins nor any of its partners and associates, insofar as the Committee has been able to ascertain, represent any interest adverse to the Debtors, their estates or their creditors in the matters upon which Latham & Watkins is to be engaged. As set forth in the Rosenberg Affidavit, Latham & Watkins is a "disinterested person," as the Committee understands this term is defined, pursuant to sections 101(14) and 101(31), as modified by section 1103(b), of the Bankruptcy Code.

11. The Committee believes that Latham & Watkins' attorneys have no connection with the Debtors and their creditors, except as otherwise set forth in the Rosenberg Affidavit. However, Latham & Watkins is a large firm with a national and international practice, and may represent or may have represented certain of the Debtors' creditors, equity holders, related parties or other parties in interest in matters unrelated to these cases, as set forth in greater detail in the Rosenberg Affidavit.

12. Because of the extensive legal services that may be necessary in these chapter 11 cases, and the fact that the full nature and extent of such services are not known at this time, the Committee believes that the employment of Latham & Watkins to provide the services described above is appropriate and in the best interests of the Debtors' estates and their creditors.

13. Since the Committee retained the services of Latham & Watkins on October 17, 2005, and Latham & Watkins immediately began to provide necessary services to the Committee at the Committee's direction, the Committee requests that the Court enter an order authorizing Latham & Watkins' retention effective as of October 17, 2005.

14. No prior application for the relief requested herein has been made by the Committee to this or any other court.

### RESERVATION OF RIGHTS

15. The Committee hereby reserves the right to retain additional professionals as necessary in these cases, subject to Court approval.

### WAIVER OF MEMORANDUM OF LAW

16. Because the relevant facts and law to the relief requested in this Application are detailed herein, the Committee respectfully requests that the Court waive the requirement that the Committee file a separate memorandum of law in support of the Application. The Committee reserves the right to file a brief in reply to any objection to this Application.

### NOTICE

17. No trustee or examiner has been appointed in the Debtors' chapter 11 cases. Notice of this Motion has been provided in accordance with the Order Under 11 U.S.C. § 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (i) Omnibus Hearing Dates, (ii) Certain Notice, Case Management, and Administrative Procedures, and (iii) Scheduling an Initial Case Conference in Accordance with Local Bankr. R. 1007-2(e) entered by this Court on October 14, 2005 (Docket No. 245). In light of the nature of the relief requested, the Committee submits that no further notice is necessary.

WHEREFORE, the Committee respectfully requests the entry of an order (i) authorizing and approving the retention and employment by the Committee of the law firm of Latham & Watkins as its attorneys, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by this Court pursuant to sections 330, 503(b) and 507(a)(1) of the Bankruptcy Code; (ii) directing that copies of all notices, pleadings and other documents filed in these cases and any and all adversary proceedings be

7

served upon Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, NY 10022

(Attn: Robert J. Rosenberg, Esq., Mitchell A. Seider, Esq. and Mark A. Broude, Esq.); and

(iii) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       November 17, 2005

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF DELPHI CORPORATION, ET AL.**

By:    Flextronics International Asia – Pacific, Ltd.

       By: /s/ Terry Zale
          Name: Terry Zale
          Date: November 17, 2005

By:    Capital Research & Management Company

       By: /s/ David Daigle
          Name: David Daigle
          Date: November 17, 2005

NY\1078594.6