## Exhibit A

**LATHAM & WATKINS LLP**

885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (admitted *pro hac vice*)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
        mitchell.seider@lw.com
        mark.broude@lw.com

Proposed attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**AFFIDAVIT OF ROBERT J. ROSENBERG OF LATHAM & WATKINS LLP**
**PURSUANT TO SECTIONS 329, 504 AND 1103 OF THE BANKRUPTCY CODE AND**
**RULES 2014 AND 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | )  ss: |
| COUNTY OF NEW YORK | ) |

        ROBERT J. ROSENBERG, being duly sworn, deposes and says:

        1.      I am a partner in the firm of Latham & Watkins LLP ("Latham & Watkins"),

which maintains offices at 885 Third Avenue, Suite 1000, New York, New York 10022, and

elsewhere.  I am familiar with the matters set forth herein and submit this Affidavit in support of

the annexed application (the "Application") for an order authorizing the retention of Latham &

Watkins as counsel for the official committee of unsecured creditors in the above-captioned

cases (the "Committee"), pursuant to sections 328 and 1103 of the Bankruptcy Code, 11 U.S.C.

§§ 101-1330 (the "Bankruptcy Code"), and to comply with sections 329, 504 and 1103 of the

Bankruptcy Code and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and the Local Bankruptcy Rules for the Southern District of New

York (the "Local Rules").

## SERVICES TO BE RENDERED BY LATHAM & WATKINS

2.      The Committee has requested, and Latham & Watkins has agreed to provide,

among other things, the following services:

(a)     advise the Committee with respect to its rights, duties and powers in these chapter 11 cases;

(b)     assist and advise the Committee in its consultations with the Debtors relative to the administration of these chapter 11 cases;

(c)     assist the Committee in analyzing the claims of the Debtors' creditors and the Debtors' capital structure and in negotiating with holders of claims and equity interests;

(d)     assist the Committee in its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors and of the operation of the Debtors' businesses;

(e)     assist the Committee in its analysis of, and negotiations with, the Debtors or any third party concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, financing of other transactions and the terms of one or more plans of reorganization for the Debtors and accompanying disclosure statements and related plan documents;

(f)     assist and advise the Committee as to its communications to the general creditor body regarding significant matters in these chapter 11 cases;

(g)     represent the Committee at all hearings and other proceedings;

(h)     review and analyze all motions, applications, orders, statements of operations and schedules filed with the Court and advise the Committee as to their propriety, and to the extent deemed appropriate by the Committee's support, join or object thereto;

(i)     advise and assist the Committee with respect to any legislative or governmental activities;

NY\1078594.6

(j) assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

(k) investigate and analyze any claims against the Debtors' non-debtor affiliates;

(l) prepare, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections or comments in connection with any of the foregoing;

(m) perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law.

3.      Based upon, among other things, Latham & Watkins' considerable experience and knowledge in the field of creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, as well as in other areas of law related to these chapter 11 cases, including, but not limited to, corporate, banking, ERISA and benefits matters, I believe that Latham & Watkins is well-qualified to represent the Committee in these chapter 11 cases.

## LATHAM & WATKINS IS NOT PRECLUDED FROM BEING RETAINED IN THESE CASES

4.      To the best of my knowledge and information, neither I nor Latham & Watkins are insiders of the Debtors.  Except as set forth below, neither I nor Latham & Watkins hold directly any claim, debt or equity security of the Debtors.

5.      Latham & Watkins is not and has not been an investment banker for any outstanding security of the Debtors.

6.      To the best of my knowledge and information, Latham & Watkins has not been, within three years of the date of the filing of the Debtors' respective petitions, an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of a security of the Debtors.

7.      To the best of my knowledge and information, no member of Latham & Watkins has been, within two years from the date of the filing of the Debtors' petitions, a director, officer or employee of the Debtors or of an investment banker as specified in subparagraph (B) or (C) of 11 U.S.C. § 101(14).

8.      To the best of my knowledge and information, Latham & Watkins does not have any interest materially adverse to the interests of the Debtors' estates, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker, as specified in subparagraph (B) or (C) of 11 U.S.C. section 101(14), or for any other reason.

9.      Latham & Watkins does not currently represent the Debtors, or to the best of my knowledge and information, any of their affiliates, partners or subsidiaries, and Latham & Watkins will not undertake the representation of the Debtors or any of their affiliates, partners or subsidiaries during this engagement.  Moreover, except as otherwise set forth herein, Latham & Watkins will not undertake the representation of any party other than the Committee in connection with the Debtors' chapter 11 proceedings.

10.      To the best of my knowledge and information, Latham & Watkins neither holds nor represents any interest materially adverse to the Committee, the Debtors, their creditors or other parties in interest, or such parties' respective attorneys and professionals in these chapter 11 cases.  Based upon information available to me, I believe that Latham & Watkins is a "disinterested person" within the meaning of the Bankruptcy Code.

## REPRESENTATION OF PARTIES IN INTEREST

11.      In preparing this Affidavit, I submitted to Latham & Watkins' computer conflict database the names set forth in the schedule attached hereto as Exhibit A, which names were either provided to Latham & Watkins by counsel to the Debtors or identified by Latham &

4

Watkins.  The various categories of parties in interest reviewed by Latham & Watkins in these

cases are set forth in Exhibit A.  Latham & Watkins did not review its connections with all

parties in interest in these cases, but instead reviewed those parties in interest falling within

certain materiality thresholds described in Exhibit A.  Based upon the size and complexity of

these cases, Latham & Watkins believes that its use of these materiality thresholds was

reasonably and necessary under the circumstances, and understands that the use of such

thresholds comports with what was done by certain other professionals in these cases.

12.    The conflicts database maintained by Latham & Watkins is designed to include

information regarding every matter on which the firm is now or has been engaged, including, but

not limited to, the identity of related parties and adverse parties.  It is the policy of Latham &

Watkins that no new matter may be accepted or opened within the firm without completing and

submitting to those charged with maintaining the conflicts database the information necessary to

check each such matter for conflicts, including the identity of the prospective client, the matter,

and related and adverse parties.  Accordingly, Latham & Watkins maintains and systematically

updates this system in the regular course of business of the firm, and it is the regular practice of

the firm to make and maintain these records.

13.    Attached as Exhibit B to this affidavit is a summary schedule of the parties related

to these cases and/or certain affiliates and subsidiaries of such parties which Latham & Watkins

currently represents in matters wholly unrelated to the Debtors' chapter 11 cases (the "Current

Clients"), and the parties and/or certain affiliates or subsidiaries of such parties that Latham &

Watkins has in the past represented in matters wholly unrelated to the Debtors' chapter 11 cases.

To the extent that any actions are to be commenced by the Committee against Latham &

Watkins' Current Clients, Latham & Watkins' will abide by all applicable ethical obligations and rules with respect to its representation of the Committee in any such actions.

14.    Except as otherwise set forth in the table below, Latham & Watkins' services on behalf of the parties in interest identified in <u>Exhibit B</u> constituted, with respect to each such party in interest, less than 1% of Latham & Watkins' annual revenues for the 2004 fiscal year:

| Party in Interest: | Percentage of Latham & Watkins' annual revenue for fiscal year 2004: |
| --- | --- |
| Goldman Sachs and its affiliates | ‹ 3% |
| Credit Suisse First Boston and its affiliates | ‹ 3% |
| Deutsche Bank and its affiliates | ‹ 2% |
| Ernst & Young LLP and its affiliates | ‹ 2% |
| General Electric and its affiliates | ‹ 2% |
| Lehman Brothers and its affiliates | ‹ 2% |

15.    In addition, Latham & Watkins has in the past served as counsel to various parties in other chapter 11 cases in which certain members of the Committee or other parties in interest in these cases may have been, or currently are, involved.

16.    In addition, certain professionals retained and proposed to be retained by the Debtors, the Committee or other parties in interest in these cases are involved in other cases in which Latham & Watkins serves as counsel to various clients.

17.    On or about November 3, 2005, Latham & Watkins solicited information, by firmwide email to its attorneys, to determine if any such persons hold any of the Debtors' common equity or other securities.  To the best of my knowledge and information based upon the responses received to the foregoing information requests: (i) two of Latham & Watkins' attorneys currently hold 10 and 15 shares of the Debtors' common equity, respectively, and (ii) the minor son of one of Latham & Watkins' attorneys holds 3 shares of the Debtors' common equity in a custodial account (for which account the attorney in question does not serve as

NY\1078594.6

custodian).  It is possible that certain Latham attorneys may hold interests in certain passive

investment vehicles (such as mutual funds or other similar funds), which in turn may hold equity

interests or other securities of the Debtors.  It is also possible that a professionally managed

retirement plan on behalf of Latham & Watkins' attorneys, or a 401(k) type plan, may hold

equity interests or other securities of the Debtors.  However, no such investments are known to

me at this time.  If further information respecting holdings becomes known, Latham & Watkins

will file a supplemental affidavit in these cases.

18.    Latham & Watkins has in the past represented one or more of the Debtors and

certain of the Debtors' affiliates in various matters unrelated to these cases.  In particular,

Latham & Watkins has previously provided the following services to the Debtors and certain of

their affiliates:

(a)    Latham & Watkins has in the past provided limited tax related services to
certain of the Debtors or their affiliates, which services were unrelated to
these cases.  This engagement terminated in 2003.

(b)    Latham & Watkins has in the past represented certain of the Debtors'
foreign non-debtor affiliates in matters involving the termination of
individual employment contracts.  This engagement terminated in 2004.

(c)    While at his prior firm, an attorney now at Latham & Watkins defended
one of the Debtors in a products liability matter.  This matter was not
brought to Latham & Watkins by the attorney when he joined the firm in
2004.

19.    Latham & Watkins has in the past represented various parties in matters relating

to Delphi Corporation and certain of its affiliates, including certain matters relating to these

cases.  In particular, Latham & Watkins has previously been involved in the following matters:

(a)    Latham & Watkins in the past represented a lender that financed a trust for
the purpose of leasing an aircraft to one of the Debtors.  It appears that this
lender is an affiliate of certain parties in interest in these cases.  This
engagement terminated in 2002.

7

(b)    Latham & Watkins in the past represented a party interested in entering into a technology related joint venture agreement with the Debtors or their affiliates.  Upon information and belief, this joint venture agreement was never consummated.  Latham ceased to be involved in this engagement in 2002.

(c)    Latham & Watkins in the past represented a potential acquirer of one of the Debtors' business divisions, which potential acquirer is a major supplier and unsecured creditor in these cases.  No transaction was consummated, and the Debtors ceased pursuing such a transaction prior to the commencement of these cases.  Latham & Watkins continues to represent this potential acquirer, and has instituted an ethical wall between its Los Angeles based attorneys and staff working on these cases, and its primarily New York based attorneys and staff working for the potential acquirer.  In the event that the Debtors determine to sell the business division in question in the future, and the potential acquirer seeks to acquire that division, then the Committee will use conflicts counsel to represent the interests of unsecured creditors with respect to any such transaction.

(d)    Latham & Watkins in the past represented another potential acquirer of certain of the Debtors' or their affiliates' businesses and assets.  This acquirer is a counterparty to a major contract with the Debtors in these cases.  The proposed transaction was never consummated, and this engagement terminated in September of 2004.

(e)    Latham & Watkins in the past provided counsel to certain lender participants in a receivables securitization transaction involving the Debtors.  Latham & Watkins' role in this engagement terminated in August of 2005.

(f)    Latham & Watkins in the past advised Ernst & Young LLP ("E&Y LLP") regarding the Debtors' proposed retention of E&Y LLP as a professional in the Debtors' chapter 11 cases, and related issues.  Promptly upon the Committee's selection of Latham & Watkins as its counsel in these cases, and with E&Y LLP's consent, Latham & Watkins ceased providing services to E&Y LLP with respect to these cases.

(g)    Prior to the commencement of these cases, Latham & Watkins advised Citigroup Bank, NA and its affiliates ("Citigroup") with respect to Citigroup's interest in providing debtor-in-possession financing to the Debtors in these cases.  Citigroup was not selected to provide such financing to the Debtors, and Latham's representation of Citigroup with respect of these cases terminated prior to the Petition Date.  Latham & Watkins was paid $173,293.90 by the Debtors pursuant to the Debtors'

agreement with Citigroup during the 90 days prior to the Petition Date in connection with Latham & Watkins' efforts with respect to Citigroup's proposed debtor-in-possession financing facility. At the time of this Application, Latham & Watkins was owed $3,647.09 in connection with the firm's aforementioned services to Citigroup. Latham & Watkins hereby waives any right to payment of this $3,647.09.

(h)    Prior to being selected as counsel to the Committee in these cases, Latham & Watkins received inquiries regarding, and summarized for several clients of the firm, this Court's Interim Order restricting trading of securities and claims.

(i)    Shortly prior to and immediately following the commencement of these cases, Latham & Watkins advised Gentek Inc. ("Gentek") regarding the possible effects of the Debtors' chapter 11 filing on Gentek, and related issues. Promptly upon the Committee's selection of Latham & Watkins as its counsel in these cases, and with Gentek's consent, Latham & Watkins ceased providing services to Gentek with respect to these cases.

(j)    Latham & Watkins has in the past and continues to represent a lawyer for a vendor of the Debtors who has been called to testify as a witness before the United States Securities and Exchange Commission in a matter involving one of the Debtors. An attorney in Latham & Watkins' Chicago office continues to represent this lawyer, and Latham & Watkins has instituted an ethical wall between its Chicago based attorneys and staff working for this lawyer, and its primarily New York based attorneys and staff working on these cases.

20.    Latham & Watkins has in the past and continues to represent General Motors Corporation ("GM") and certain of its affiliates (together with GM, the "GM Entities") in various matters unrelated to these cases.[1] In addition, Latham & Watkins has in the past and continues to represent clients adverse to GM Entities in various matters unrelated to these cases. Finally, certain of the GM Entities have in the past been, and may currently or in the future be, co-parties or related parties to litigation (including environmental litigation) and other matters in which Latham & Watkins represents other clients. Latham & Watkins' annual billings in 2003

---

[1] In 1999, the GM Entities divested themselves of Delphi Corporation and its affiliates.

9

and 2004 for services on behalf of GM Entities amounted to only 0.08% and 0.05%,

respectively, of Latham & Watkins' total billings for all clients.

21.     Latham & Watkins has in the past and continues to represent GMAC Commercial

Credit LLC ("GMAC") and certain of its financing related affiliates (together with GMAC, the

"GMAC Financial Entities") in various matters unrelated to these cases.  In addition, Latham &

Watkins has in the past and continues to represent clients adverse to GMAC Financial Entities in

various matters unrelated to these cases.  Finally, certain of the GMAC Financial Entities have in

the past been, and may currently or in the future be, co-parties or related parties to litigation and

other matters in which Latham & Watkins represents other clients.  Latham & Watkins' annual

billings in 2003 and 2004 for services on behalf of the GMAC Financial Entities amounted to

only 0.05% and 0.13%, respectively, of Latham & Watkins' total billings for all clients.

22.     Latham & Watkins' annual aggregate billings in 2003 and 2004 for services on

behalf of both GM Entities and GMAC Financing Entities amounted to only 0.13% and 0.18%,

respectively, of Latham & Watkins total billings for all clients.  While the GMAC Financing

Entities and GM Entities are affiliates, they are separate and distinct legal entities engaged in

completely different businesses.  Much of Latham & Watkins' work for these clients constitutes

financing related services to GMAC International, GMAC Commercial Credit, LLC, GMAC

Commercial Mortgage, PT GMAC LIPPO Finance and Residential Funding Corporation, which

entities do not appear to be parties in interest in these cases.[2]  Latham & Watkins'

aforementioned relationships with the GM Entities and GMAC Financing Entities are completely

---

[2] Latham & Watkins' review of known parties in interest in these cases indicates that the only known
GMAC Financing Entity listed as a party in interest in these cases appears to be GMACCM Asset
Management de Mexico.  Presumably, GMACCM Asset Management de Mexico is an affiliate or subsidiary of
GMAC.

unrelated to these cases.  Latham & Watkins will not during the course of these cases undertake

any representation of GM Entities and GMAC Financing Entities that is related to the Debtors or

these cases.  Thus, any relationships between Latham & Watkins and GM Entities or GMAC

Financing Entities should have no effect on the firm's ability to be retained and serve the

Committee in these cases.

23.     James M. Millerman, who is currently serving as a law clerk for this Court, was

formerly an associate of Latham & Watkins.  Mr. Millerman was with Latham & Watkins from

1999 through 2003.

24.     The Debtors have requested authority to retain Rothschild Inc. ("Rothschild") as

their financial advisor and investment banker in these cases.  Roger Kimmel, a vice chairman at

Rothschild, was formerly a partner of Latham & Watkins.  Mr. Kimmel was with Latham &

Watkins from 1989 through 2000.  Mr. Kimmel currently holds no interest in Latham &

Watkins, and is due no payments from the firm in the future.

25.     Latham & Watkins may have in the past represented, may currently represent

and/or may in the future represent in matters wholly unrelated to the Debtors' chapter 11 cases,

other entities not currently known to Latham & Watkins who may be creditors of the Debtors.

To the extent that Latham & Watkins discovers any such information or needs to update the

information disclosed herein, Latham & Watkins will disclose such information to the Court, the

Debtors and the United States Trustee by filing a supplemental affidavit in these cases.

26.     I do not believe that any of Latham & Watkins' representations of creditors or

other parties in interest who are involved in these chapter 11 cases comprise a material

component of Latham & Watkins' practice, nor does Latham & Watkins currently represent such

parties on any issue relating to these chapter 11 cases.  To the best of my knowledge and

information, the standard articulated by courts of the Second Circuit regarding the appointment of counsel by a creditors' committee has been met by Latham & Watkins in these cases.  For the reasons stated herein, Latham & Watkins represents no interests materially adverse to the Debtors' individual creditors or the Committee with respect to these cases and, therefore, is eligible to be retained.

27.     Despite the efforts described above to identify and disclose connections with parties in interest in these cases, because the Debtors are a large enterprise with numerous creditors and other relationships, and because many of the names of parties in interest in these cases are common and cannot be confirmed as being related or unrelated to Latham & Watkins' clients, Latham & Watkins is unable to state with certainty that every relevant client representation or other connection of Latham & Watkins with parties in interest in these cases has been disclosed.  In this regard, if Latham & Watkins discovers additional information that requires disclosure, Latham & Watkins will file a supplemental affidavit in these cases.

## STATEMENT RELATING TO COMPENSATION OF LATHAM & WATKINS

28.     Latham & Watkins is willing to be retained by the Committee as its counsel and will make appropriate applications to this Court for compensation and reimbursement of out-of-pocket expenses, all in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the District of the Southern District of New York and any applicable orders of this Court.

29.     Latham & Watkins will bill at its standard hourly rates set forth in Exhibit C hereto.  The current hourly rates charged by Latham & Watkins for certain professionals and paraprofessionals expected to be actively involved in these cases are set forth in Exhibit C hereto.  Latham & Watkins' hourly rates are subject to periodic increase (typically in January of each year) in the normal course of Latham & Watkins' business.  Other attorneys and paralegals

will, from time to time, assist in Latham & Watkins' representation of the Committee in connection with these cases at Latham & Watkins' standard hourly rates in effect for those personnel.  These rates are set at a level designated to fairly compensate Latham & Watkins for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

30.     It is Latham & Watkins' policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll charges, photocopying charges, travel expenses, expenses for "working meals" and computerized research, as well as non-ordinary overhead expenses, such as secretarial overtime.

31.     Latham & Watkins specifically reserves its right to file an application for an allowance of an enhanced fee award at the end of this proceeding, subject to the discretion of the Committee.

## STATEMENT UNDER SECTIONS 329 AND 504 OF THE BANKRUPTCY CODE AND UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 2016

32.     In accordance with sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rule 2016, neither I nor Latham & Watkins has entered into any agreements, express or implied, with any other parties in interest, including the Debtors, any creditor, or any attorney for such party in interest in these cases (i) for the purpose of sharing or fixing fees or other compensation to be paid to any such party in interest or its attorneys for services rendered in connection therewith, (ii) for payment of such compensation from the assets of the estates in excess of the compensation allowed by this Court pursuant to applicable provisions of the Bankruptcy Code, or (iii) for payment of compensation in connection with these cases other than in accordance with applicable provisions of the Bankruptcy Code.

NY\1078594.6

EXECUTED this 17th day of November, 2005 at New York, New York

_____/s/ Robert J. Rosenberg_____
Robert J. Rosenberg

Sworn to before me this
17th day of November, 2005

/s/ Barbara A. Gombert_____
Barbara A. Gombert
Notary Public, State of New York
No. 52-6551110
Qualified in Suffolk County
Commission Expires 10/31/06

14