Lawrence M. Schwab, Esq. (Calif. Bar No. 085600)
Kenneth T. Law, Esq. (Calif. Bar No. 111779)
Patrick M. Costello, Esq. (Calif. Bar No. 117205)
BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 857-9500
Facsimile: (650) 494-2738

Counsel for Creditor
Solectron Manufactura De Mexico, S.A.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
                                                                 :   Hearing Date and Time
                                                                 :   11/29/05 at 10:00 a.m.
**In re:**                                                       :
                                                                 :   **Chapter 11 Case No.**
**DELPHI CORPORATION, et al.;**                                  :
                                                                 :   **05-44481**
        **Debtors.**                                             :
                                                                 :   **(Jointly Administered)**
---------------------------------------------------------------- x

## MOTION FOR ORDER FIXING A DEADLINE FOR THE DEBTORS TO ASSUME OR REJECT AN EXECUTORY CONTRACT WITH SOLECTRON MANUFACTURA DE MEXICO, S.A.

Creditor SOLECTRON MANUFACTURA DE MEXICO, S.A. ("Movant"), by its attorneys, Bialson, Bergen & Schwab, submits the following Motion seeking an Order pursuant to Section 365(d)(2) of the U.S. Bankruptcy Code fixing a deadline within which Debtor DELPHI CORPORATION, and its affiliates and subsidiaries administered jointly herein (hereinafter collectively referred to as the "Debtors"), must assume or reject the executory contract between the Movant and the Debtors.

### Preliminary Statement

1. The Movant's Motion seeks an early deadline from the Court fixing the time by which the Debtors must assume or reject the executory contract between the Movant and the Debtors. Although it is highly unusual to seek such relief this early in the bankruptcy case, the facts and circumstances of this particular contact require prompt intervention by the Court in order to preserve the rights and interests of all parties concerned. The Movant has requested that the Debtors provide some form of assurance that the Debtors intend to continue with the contract between the parties and assume the financial obligations contained therein, but the Debtor has thus far been

unwilling to make such a commitment.

2. The contract between the parties is a long term supply and manufacturing contract ("requirements contract") which is time sensitive. If the Movant is to fulfill its supply and manufacturing obligations under the contract, it must purchase materials and reserve manufacturing floor space far in advance of the scheduled delivery dates under the contract. Thus, the Movant is financially exposed due to the lead times required by the contract at this early stage of the bankruptcy case and it does not know whether the Debtors will eventually assume the contract during the course of the bankruptcy case. Since the Debtors are unwilling to make this commitment, the Movant asks this Court to fix a reasonable time for the Debtors to make such commitment to the Movant in order to reduce the Movant's exposure under the contract between the parties.

3. The Movant, therefore requests that this Court require the Debtors to make a decision upon their future performance under the contract in the form of an election to either assume or reject the contract pursuant to Section 365 of the Bankruptcy Code.

### Background

4. On, or about, August 17, 2001, Solectron Corporation, together with all of its affiliates and subsidiaries ("Movant"), entered into a written contract with Delphi Automotive Systems LLC entitled: "Agreement On General Terms And Conditions" (the "Contract"). The Contract provided that the Debtors would purchase from Movant certain goods, components and products (the "Products") in accordance with written purchase orders submitted to the Movant from time-to-time. As part of the negotiations for the Contract the Debtors bargained for the attachment of Exhibit "A" to the Contract which is the Debtors' "General Terms And Conditions" all of which were subsumed into the Contract. A true and correct copy of the Contract is attached to the supporting Declaration of Richard Schwalbe as Exhibit "A" and they are incorporated herein by such reference.

5. On, or about, June 30, 2004, the Debtors and the Movant entered into an Amendment to the Contract which further refined the terms and conditions of the agreement between the parties. In particular, the Amendment provided the "Material Commitment Authorization" referenced in Section 2.3 of Exhibit "A" of the Contract. Pursuant to the Amendment, the Debtors agreed to accept the liability, and make prompt payment in full, for all outstanding material

purchases by the Movant. A true and correct copy of the Amendment is attached to the supporting Declaration of Richard Schwalbe as Exhibit "B" and it is incorporated herein by such reference.

6. Thereafter, the Movant purchased and delivered Products to the Debtors as required under the Contract. As of October 7, 2005, the Debtors owed the Movant the sum of $10,980,848.00 for pre-petition liabilities under the Contract.

7. On October 8 & 14, 2005, respectively, the Debtors filed Voluntary Petitions in bankruptcy, and requested that the Court jointly administer all such bankruptcy cases.

8. No portion of the monies due under the Contract for pre-petition liabilities have been paid by the Debtors and the Movant remains an unsecured creditor of the Debtors for the full outstanding pre-petition Contract liabilities.

9. After the commencement of the Chapter 11 cases, representatives of the Movant contacted the Debtors and requested that the Debtors make a decision as to whether they intended to assume or reject the Contract. It is the Movant's understanding, based on those conversations, that the Products supplied pursuant to the Contract are vital to the future business operations of the Debtors and that the Debtors will suffer severe negative economic consequences if the Movant is unable to provide the Products according to the time schedule specified in the Contract. The Debtors have indicated that they have sufficient monetary funds to pay for the financial obligations to be incurred under the Contract between the parties.

### Relief Requested

10. Section 365(d)(2) of the Bankruptcy Code provides in relevant part that a Debtor may assume or reject an executory contract at any time prior to the confirmation of a plan of reorganization. It further provides that the Court may fix an earlier deadline for the assumption or rejection of an executory contract based upon the request of a party in interest. By, and through, this Motion, the Movant seeks the fixing of a deadline to assume or reject the executory contract between the parties.

11. Under normal circumstances, the Movant would wait until the Debtors decide as part of their plan of reorganization whether to assume or reject the Contract between the parties. The Movant does not lightly seek an order form this Court limiting the Debtors' period for determining whether to assume or reject executory contracts given the large and complex nature of

this bankruptcy case. The Movant believes, however, that the financial hardship that could be imposed upon the Movant should be Debtors not promptly decide whether to assume or reject the Contract provides the exigent circumstances justifying the imposition of a deadline fixing an earlier time to assume or reject contracts.

12. The fact that the Debtors have indicated that they currently have the financial resources available to assume the Contract, and cure all pre-petition defaults, lessens any potential hardship that might be imposed upon the Debtors in making this decision on an expedited basis.

13. For these reasons, the Movant respectfully requests that the Court require the Debtors to make a decision on assumption or rejection within a reasonable time period, taking into consideration the Debtors' own apparent need for an expeditious resolution of this matter.

WHEREFORE, the Movant respectfully prays for relief consistent with the foregoing, together with such other and further relief as may be just and proper under the circumstances.

Dated: November 17, 2005
    Palo Alto, California

BIALSON, BERGEN & SCHWAB

By: _____
Kenneth T. Law, Esq. (Calif. Bar No. 111779)
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 857-9500
Facsimile: (650) 494-2738
Email: klaw@bbslaw.com

Counsel for Creditor
Solectron Manufactura De Mexico, S.A.