Lawrence M. Schwab, Esq. (Calif. Bar No. 085600)
Kenneth T. Law, Esq. (Calif. Bar No. 111779)
Patrick M. Costello, Esq. (Calif. Bar No. 117205)
BIALSON, BERGEN & SCHWAB
600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 857-9500
Facsimile: (650) 494-2738

Counsel for Creditor
Solectron Manufactura De Mexico, S.A.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x
                                                          :   Hearing Date and Time
                                                          :   11/29/05 at 10:00 a.m.
**In re:**                                                :
                                                          :   **Chapter 11 Case No.**
**DELPHI CORPORATION, et al.;**                           :
                                                          :   **05-44481**
           **Debtors.**                                   :
                                                          :   **(Jointly Administered)**
--------------------------------------------------------- x

**DECLARATION OF RICHARD SCHWALBE IN SUPPORT OF MOTION FOR ORDER FIXING A DEADLINE FOR THE DEBTORS TO ASSUME OR REJECT AN EXECUTORY CONTRACT WITH SOLECTRON MANUFACTURA DE MEXICO, S.A.**

I, Richard Schwalbe, declare:

1.    I am the Global Credit Manager for Solectron Corporation, a Delaware Corporation (hereinafter " Solectron"). Solectron is the parent corporation of its wholly owned subsidiary Solectron Manufactura de Mexico S.A., which is the moving party to this Motion. I am authorized to execute this Declaration in my capacity as the Global Credit Manager for all of the business operations of Solectron, and its subsidiaries. If called upon as witness herein, I could and would competently testify to the facts, events, and transactions set forth herein based upon my own personal knowledge of those facts, events, and transactions.

2     In my official capacity as Global Credit Manager for Solectron, I have access to, and I am familiar with, the documents which are attached to this Declaration as Exhibits "A" and "B", respectively. To the best of my knowledge, these documents were received, generated, recorded, and/or compiled in the ordinary course of business of Solectron. Further, the documents appear to have been prepared at the time of, or near the time, that the information was received or

the events or transactions actually took place. It is my standard operating practice to preserve these documents in a place of safekeeping under my office's control. I have personal access to the documents and their continued safekeeping is maintained under my supervision and direction.

3.  On, or about, August 17, 2001, Solectron Corporation, together with all of its affiliates and subsidiaries (hereinafter collectively the "Movant"), entered into a written contract with Debtor Delphi Automotive Systems LLC ("Debtors"), which was entitled: "Agreement On General Terms And Conditions" (the "Contract"). Even though the Contract was executed by Solectron Corporation and Delphi Automotive Systems LLC, the parties envisioned that the Contract would be performed by various affiliates and subsidiaries of Solectron Corp. and fruits of the contract would be shared and received by numerous of the Debtor entities. The Contract provided that the Debtors would purchase from the Movant certain goods, components, and products (the "Products") in accordance with written purchase orders submitted to the Movant from time-to-time by the various Debtors. As a part of the negotiations for the Contract, the Debtors bargained for the attachment of their "General Terms And Conditions", all of which were subsumed into the Contract. A true and correct copy of the Contract, and all of its exhibits, are attached hereto as Exhibit "A" and they are incorporated herein by such reference.

4.  On, or about, June 30, 2004, the Debtors and the Movant entered into an Amendment to the Contract which further refined the terms and conditions of the agreement between the parties. In particular, the Amendment provided the "Material Commitment Authorization" referenced in Section 2.3 of Exhibit "A" of the Contract. Pursuant to the Amendment, the Debtors agreed to accept liability, and make prompt payment in full, for all outstanding material purchases required under the "requirements contract" with the Movant. A true and correct copy of the Amendment is attached hereto as Exhibit "B" and it is incorporated herein by such reference.

5.  Thereafter, the Movant purchased and delivered Products to the various Debtors as required under the terms and conditions of the Contract.

6.  As of October 7, 2005, the Debtors, in the aggregate, owed the Movant the sum of $10,980,848.00 for pre-petition liabilities under the Contract. No portion of the monies due under the Contract for pre-petition liabilities have been paid by the Debtors and the Movant remains an unsecured creditor of the Debtors for the full outstanding pre-petition Contract liabilities.

7.  The Contract between the parties is essentially a "requirements contract", which requires advance planning and purchasing in order to timely meet the installment nature of the purchases set forth in the Debtors' purchase orders. At any given point in time, the Movant is required to make significant purchases of unique materials and sub-components necessary to sustain the production schedule for the Products being purchased by the Debtor. The Movant is also required as part of the lead time process to reserve very valuable time on the Movant's production lines for assembly and manufacturing of the Products being ordered. The monetary exposure to the Movant at any given point for lead time purchases and commitments is several Million Dollars, which cannot be mitigated if the Debtors fail to perform their financial obligations under the Contract.

8.  In discussions that I have had with representatives of the Debtors, the Debtors have informed me that the Contract is vital to their future business operations and that they will suffer severe negative economic consequences if the Movant is unable provide the Products specified in the Contract on a timely basis. I have also been informed by the Debtors that they currently have sufficient monetary funds to assume the financial obligations to be incurred under the Contract between the parties.

This declaration was executed on November 17, 2005 in San Jose, California. I declare under penalty of perjury and pursuant to the laws of the State of California that the foregoing is true and correct.

_____
Richard Schwalbe