Lawrence M. Schwab, Esq. (Calif. Bar No. 085600)
Kenneth T. Law, Esq. (Calif. Bar No. 111779)
Patrick M. Costello, Esq. (Calif. Bar No. 117205)
BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California  94306
Telephone: (650) 857-9500
Facsimile: (650) 494-2738

Counsel for Creditor
Solectron Manufactura De Mexico, S.A.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Hearing Date and Time 11/29/05 at 10:00 a.m. |
| **DELPHI CORPORATION, et al.;** | **Chapter 11 Case No.** |
| Debtors. | **05-44481** |
| | **(Jointly Administered)** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER FIXING A DEADLINE FOR THE DEBTORS TO ASSUME OR REJECT AN EXECUTORY CONTRACT WITH**
**SOLECTRON MANUFACTURA DE MEXICO, S.A.**

Creditor SOLECTRON MANUFACTURA DE MEXICO, S.A. (hereinafter "Movant") hereby submits this legal brief in support of its "Motion For Order Fixing A Deadline For The Debtors To Assume Or Reject An Executory Contract With Solectron Manufactura De Mexico, S.A." ("Motion") under the provisions of 11 U.S.C. Section 365(d)(2) and Rule 6006 of the Federal Rules of Bankruptcy Procedure.  In support of the Motion, the Movant respectfully represents as follows:

## BACKGROUND

1.     On October 8, 2005, 39 of the 42 Debtors in this case filed Voluntary Petitions in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The remaining 3 Debtors filed Voluntary Petitions with this Court on October 14, 2005. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to the provisions of Sections 1107(a) & 1108 of the Bankruptcy Code. This Court has entered an order directing the joint administration of all of the Debtors' Chapter 11

bankruptcy cases [Docket No. 28].

2    No Trustee or Examiner has been appointed in any of the Debtors' bankruptcy cases. The Office of the U.S. Trustee has appointed a single Official Committee of Unsecured Creditors for all of the Debtors' bankruptcy cases pursuant to 11 U.S.C. Section 1102.

3.    This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 & 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 & 1409. This matter is a "core proceeding" as that term is defined pursuant to 28 U.S.C. § 157(b)(2).

4.    The relief requested by the Movant is based upon the provisions of Sections 105(a) and 365(d)(2) of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure.

**Relief Requested**

I.    **Section 365(d)(2) Of The Bankruptcy Code Allows The Court To Set A Deadline For The Assumption Or Rejection Of Executory Contracts.**

The Bankruptcy Code generally permits the Debtors great latitude over when and whether to assume or reject executory contracts at any time prior to the confirmation of a plan of reorganization. Section 365(d)(2) further provides, however, that an interested party to an executory contract may request an order from the Court compelling a debtor to determine whether to assume or reject the contract within a specified period of time. Section 365(d)(2) provides in pertinent part as follows:

> "In a case under Chapter 9, 11, 12, or 13 of this title, the Trustee may assume or reject an executory contract ... of the debtor at any time before the confirmation of a plan but the court, on request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract ..."
>
> (11 U.S.C. § 365(d)(2))

Congress intended that bankruptcy courts grant such relief from the normal timing constraints of Section 365 in order to "prevent parties in contractual or lease relationships with the debtor from being left in doubt concerning their status vis-a-vis the estate" (In re Univ. Medical Org. (3d Cir. 1992), 973 F2d. 1065; See also, In re Beker Indus. Corp. (Bankr. S.D.N.Y. 1986), 64 B.R. 890, 898; House Report No. 95-595, 95th Cong., 1st Sess. at 348-49 (1977); Senate Report No. 95-989, 95th Cong., 2nd Sess. at 59 (1978).) Indeed, the United States Supreme Court has recognized that "in

certain circumstances, the rights of the non-debtor party ... outweigh the need of the debtor in possession for unlimited flexibility and breathing space". (NLRB v. Bildisco & Bildisco (1984), 465 U.S. 513, 552).

The Bankruptcy Court in this District in In Re Enron Corp. has noted: "the breathing spacing afforded to the debtor for the assumption or rejection of executory contracts is not without limits". (In re Enron Corp. (Bankr. S.D.N.Y. 2002), 279 B.R. 695, 702). Rather the Bankruptcy Court should determine, within its broad discretion, what constitutes a reasonable time for a debtor to decide whether to assume or reject a contract, based upon the particular facts of each case. (In re Burger Boys (2nd Cir. 1996), 94 F.3d 755, 760; Theatre Holding Corp. v. Mauro (2nd Cir. 1982), 681 F.2d 102, 105; In re Adelphia Communications Corp. (Bankr. S.D.N.Y. 2003), 291 B.R. 283, 292; In re Teligent, Inc.. (Bankr. S.D. N.Y. 2001), 268 B.R. 723, 738). Among the factors that these courts have considered in applying their discretion are the following:

(1) The importance of the contracts to the debtors' business and reorganization;

(2) the debtors' failure or ability to satisfy post-petition obligations;

(3) the nature of the interests at stake;

(4) the balance of hurt to the litigants, and the good to be achieved;

(5) whether the debtors have had sufficient time to appraise their financial situation and the potential value of their assets in formulating a plan;

(6) the safeguards afforded the litigants;

(7) the damage the non-debtor will suffer beyond the compensations available under the Bankruptcy Code;

(8) the importance of the contracts to the debtors' business and reorganization;

(9) whether there is a need for judicial determination as to whether an executory contract exists;

(10) whether exclusivity has been terminated;

(11) whether the action to be taken is so in derogation of Congress' scheme that the court may be said to be arbitrary; and,

(12) The purpose of Chapter 11, which is to permit successful rehabilitation of debtors.

(See, In re Burger Boys, Inc., supra, 94 F. 3d at 760; Theatre Holding Corp., supra, 681 F.2d at 105-06; Adelphia, supra, 291, B.R. at 293 (ordering debtors to assume or reject executory contract within three months); Beker, supra, 64 B.R. at 896 (ordering debtor to assume or reject executory contracts); In re Charrington Worldwide Enters., Inc. (Bankr. M.D. Fla. 1989), 98 B.R. 65, 70 (directing debtor to file motion within seven days to assume executory contracts), *affd* 110 B.R. 973 (M.D. Fla. 1990); In re Teligent, supra, 268 B.R. at 738-39).

The weight to be accorded to each factor will depend upon the particular circumstances of each case. (Adelphia, supra, 291 B.R. at 293, 295-300). In this case, the Debtors themselves acknowledged that the contract between the parties is essential to their continued business reorganization. Further, the Debtors have acknowledged that they have sufficient financial resources to assume the contract in question and cure all pre-petition defaults under that contract. The risk by allowing the Debtors to defer a decision on whether to assume or reject this contract is that the Movant will be put in a situation of extreme financial risk, insofar as the Movant must make material and significant financial commitments to suppliers at the present time in order to continue to timely perform under the "requirements contract" between the parties. Thus, if the Debtor elects at a later date to reject the contract, the Movant will have needlessly committed itself to significant post-petition liabilities on behalf of the Debtors which were unwarranted and unnecessary

## Conclusion.

There is no serious dispute that the Bankruptcy Code empowers the Court to fix a deadline by which the Debtors shall assume or reject a particular executory contract based upon good cause. The Movant submits to the Court that there are significant financial considerations posed by the contract in question such that the Debtors should be required to make an early determination as to whether to assume or reject this particular executory contract.

Dated: November 17, 2005       Respectfully submitted,
      Palo Alto, California

                                        BIALSON, BERGEN & SCHWAB

                              By: _____
                                    Kenneth T. Law, Esq. (Calif. Bar No. 111779)
                                    2600 El Camino Real, Suite 300
                                    Palo Alto, California 94306
                                    Telephone: (650) 857-9500
                                    Facsimile: (650) 494-2738
                                    Email: klaw@bbslaw.com

                                    Counsel for Creditor
                                    Solectron Manufactura De Mexico, S.A.