**EXECUTION VERSION**

INSTRUMENT OF RESIGNATION, APPOINTMENT AND ACCEPTANCE, dated as of September 16, 2005 (this "*Instrument*"), by and among DELPHI CORPORATION, a corporation duly organized and existing under the laws of the State of Delaware, having its principal office at 5725 Delphi Drive, Troy, Michigan 48098 (the "*Issuer*"), J.P. MORGAN TRUST COMPANY, N.A. (successor in interest to The First National Bank of Chicago), a national banking association duly organized and existing under the laws of the United States, having its corporate trust office at 611 Woodward Avenue, Detroit, MI 48226, as resigning Trustee (the "*Resigning Trustee*"), and WILMINGTON TRUST COMPANY, a banking corporation duly organized and existing under the laws of the State of Delaware, having its corporate trust office at 1100 North Market Street, Rodney Square North, Wilmington, Delaware, 19890, as successor Trustee (the "*Successor Trustee*").

## RECITALS

WHEREAS, there are presently outstanding under an Indenture, dated as of April 28, 1999, between the Issuer and the Resigning Trustee (the "*Indenture*"), (i) $500,000,000 in aggregate principal amount of the Issuer's 6.55% Notes Due 2006 (the "*2006 Notes*"), (ii) $500,000,000 in aggregate principal amount of the Issuer's 6 ½ % Notes Due May 1, 2009 (the "*2009 Notes*"), (iii) $500,000,000 in aggregate principal amount of the Issuer's 6.50% Notes due 2013 (the "*2013 Notes*") and (iv) $500,000,000 in aggregate principal amount of the Issuer's 7 1/8% Debentures Due May 1, 2029 (the "*2029 Debentures*" and, together with the 2006 Notes, the 2009 Notes and the 2013 Notes, collectively, the "*Notes*"); and

WHEREAS, the Resigning Trustee wishes to resign as Trustee, Security Registrar, the office or agency where notices and demands to or upon the Issuer in respect of the Notes or the Indenture may be served ("*Agent*") and Paying Agent under the Indenture; the Issuer wishes to appoint the Successor Trustee to succeed the Resigning Trustee as Trustee, Security Registrar, Agent and Paying Agent under the Indenture; and the Successor Trustee wishes to accept appointment as Trustee, Security Registrar, Agent and Paying Agent under the Indenture.

NOW, THEREFORE, in consideration of the mutual covenants and promises herein, the receipt and sufficiency of which are hereby acknowledged, the Issuer, the Resigning Trustee and the Successor Trustee agree as follows:

## ARTICLE ONE
## THE RESIGNING TRUSTEE

Section 101. Pursuant to Section 7.10 of the Indenture, the Resigning Trustee hereby notifies the Issuer that the Resigning Trustee is hereby resigning as Trustee under the Indenture.

Section 102. The Resigning Trustee hereby represents and warrants to the Successor Trustee and the Issuer that:

    (a) No covenant or condition contained in the Indenture has been waived by the Resigning Trustee.

(b) There is no action, suit or proceeding pending or, to the best of the knowledge of the Responsible Officers of the Resigning Trustee assigned to its corporate trust department, threatened against the Resigning Trustee before any court or governmental authority arising out of any action or omission by the Resigning Trustee as Trustee under the Indenture.

(c) This Instrument has been duly authorized, executed and delivered on behalf of the Resigning Trustee.

(d) (i) $500,000,000 in aggregate principal amount of the 2006 Notes, (ii) $500,000,000 in aggregate principal amount of the 2009 Notes, (iii) $500,000,000 in aggregate principal amount of the 2013 Notes and (iv) $500,000,000 in aggregate principal amount of the 2029 Debentures are outstanding.

(e) (i) Interest on the 2006 Notes has been paid through June 15, 2005, (ii) interest on the 2009 Notes has been paid through May 1, 2005, (iii) interest on the 2013 Notes has been paid through August 15, 2005 and (iv) interest on the 2029 Debentures has been paid through May 1, 2005.

(f) The Resigning Trustee has made, or promptly will make, available to the Successor Trustee originals, if available, or copies in its possession, of all documents relating to the trust created by the Indenture (the "*Trust*") and all information in the possession of its corporate trust department relating to the administration and status of the Trust.

Section 103. The Resigning Trustee hereby assigns, transfers, delivers and confirms to the Successor Trustee all right, title and interest of the Resigning Trustee in and to the Trust, all the rights and powers of the Resigning Trustee under the Indenture and all property and money held by such Resigning Trustee under the Indenture, with like effect as if the Successor Trustee was originally named as Trustee under the Indenture. The Resigning Trustee shall execute and deliver such further instruments and shall do such other things as the Successor Trustee may reasonably require so as to more fully and certainly vest and confirm in the Successor Trustee all the rights and powers hereby assigned, transferred, delivered and confirmed to the Successor Trustee.

Section 104. The Resigning Trustee agrees to pay or indemnify the Successor Trustee and save the Successor Trustee harmless from and against any and all costs, claims, liabilities, losses or damages whatsoever (including the reasonable fees, expenses and disbursements of the Successor Trustee's counsel and other advisors), that the Successor Trustee suffers or incurs without negligence or bad faith on its part arising out of actions or omissions of the Resigning Trustee. The Successor Trustee will furnish to the Resigning Trustee, promptly after receipt, all papers with respect to any action the outcome of which would make operative the indemnity provided for in this Section. The Successor Trustee shall notify the Resigning Trustee promptly in writing (and, in any event, within no later than 10 days) of any claim for which it may seek indemnity. The Resigning Trustee shall have the option to defend the claim and the Successor Trustee shall cooperate fully in the defense. If the Resigning Trustee shall assume the defense, then the Resigning Trustee shall not pay for separate counsel of the

2

Successor Trustee. The Resigning Trustee shall not be obligated to pay for any settlement made without its consent.

Section 105. The Resigning Trustee hereby resigns as Security Registrar, Agent and Paying Agent under the Indenture.

## ARTICLE TWO
## THE ISSUER

Section 201. The Issuer hereby certifies that Exhibit A annexed hereto is a copy of the resolutions which were duly adopted by the Board of Directors of the Issuer, which are in full force and effect on the date hereof, and which appoint a special committee of the Issuer's Board of Directors to: (a) select and approve a successor trustee or trustees under the Indenture; and (b) execute and deliver such agreements and other instruments as may be necessary or desirable to effectuate the succession of a successor trustee as Trustee under the Indenture. Also attached as Exhibit A is a copy of the resolutions which were duly adopted by the Successor Trustee Committee.

Section 202. The Issuer hereby waives the sixty (60) day notice requirement of Section 7.10 of the Indenture and accepts the resignation of the Resigning Trustee as Trustee, Security Registrar, Agent and Paying Agent under the Indenture. Pursuant to Section 7.10 of the Indenture, the Issuer hereby appoints the Successor Trustee as Trustee under the Indenture and confirms to the Successor Trustee all the rights and powers of the Trustee under the Indenture and with respect to all property and money held or to be held under the Indenture, with like effect as if the Successor Trustee was originally named as Trustee under the Indenture. The Issuer shall execute and deliver such further instruments and shall do such other things as the Successor Trustee may reasonably require so as to more fully and certainly vest and confirm in the Successor Trustee all the rights and powers hereby assigned, transferred, delivered and confirmed to the Successor Trustee.

Section 203. The Issuer hereby represents and warrants to the Successor Trustee and the Resigning Trustee that:

   (a) It has been duly incorporated and is validly existing as a corporation pursuant to the general corporation laws of Delaware.

   (b) The Indenture was duly authorized, executed and delivered by the Issuer, has not been amended or modified and is in full force and effect.

   (c) The Notes are validly issued securities of the Issuer.

   (d) No event has occurred and is continuing which is, or after notice or lapse of time would become, an Event of Default under the Indenture.

   (e) No covenant or condition contained in the Indenture has been waived by the Issuer or by the Holders of the percentage in aggregate principal amount of the Notes required to effect any such waiver.

NY01/FIEDB/1041843.8

(f) There is no action, suit or proceeding pending or, to the best of the Issuer's knowledge, threatened against the Issuer before any court or any governmental authority arising out of any action or omission by the Issuer under the Indenture.

(g) This Instrument has been duly authorized, executed and delivered on behalf of the Issuer and constitutes its legal, valid and binding obligation.

Section 204. The Issuer hereby appoints the Successor Trustee as Security Registrar, Agent and Paying Agent under the Indenture.

## ARTICLE THREE
## THE SUCCESSOR TRUSTEE

Section 301. The Successor Trustee hereby represents and warrants to the Resigning Trustee and to the Issuer that:

(a) This Instrument has been duly authorized, executed and delivered on behalf of the Successor Trustee.

(b) The Successor Trustee is qualified and eligible under Sections 7.08 and 7.09 of the Indenture to act as Trustee under the Indenture.

Section 302. Pursuant to Section 7.11 of the Indenture, the Successor Trustee hereby accepts its appointment as Trustee under the Indenture and hereby assumes all the rights and powers of the Trustee under the Indenture and with respect to all property and money held or to be held under the Indenture, with like effect as if the Successor Trustee was originally named as Trustee under the Indenture.

Section 303. Promptly after the execution and delivery of this Instrument, the Successor Trustee, on behalf of the Issuer, shall cause a notice, the form of which is annexed hereto marked Exhibit B, to be sent to each Holder of the Notes in accordance with Section 7.11 of the Indenture.

Section 304. The Successor Trustee hereby accepts its appointment as Security Registrar, Agent and Paying Agent under the Indenture.

## ARTICLE FOUR
## MISCELLANEOUS

Section 401. Except as otherwise expressly provided or unless the context otherwise requires, all capitalized terms used herein which are defined in the Indenture shall have the meanings assigned to them in the Indenture.

Section 402. This Instrument and the resignation, appointment and acceptance effected hereby shall be effective as of the close of business on the date first above written, upon the execution and delivery hereof by each of the parties hereto; *provided*, that the resignation of the Resigning Trustee and the appointment of the Successor Trustee as Security Registrar, Agent

4

and Paying Agent under the Indenture shall be effective 10 business days after the date first above written.

Section 403. Notwithstanding the resignation of the Resigning Trustee effected hereby, the Issuer shall remain obligated under Section 7.06 of the Indenture to compensate, reimburse and indemnify the Resigning Trustee in connection with its prior trusteeship under the Indenture. The Issuer also acknowledges and reaffirms its obligations to the Successor Trustee as set forth in Section 7.06 of the Indenture, which obligations shall survive the execution hereof, including payments to be made in accordance with the fee schedule annexed hereto as Exhibit C.

Section 404. This Instrument shall be governed by and construed in accordance with the laws of the jurisdiction which govern the Indenture and its construction.

Section 405. This Instrument may be executed in any number of counterparts each of which shall be an original, but such counterparts shall together constitute but one and the same instrument.

Section 406. All notices, whether faxed or mailed, will be deemed received when sent pursuant to the following instructions:

TO THE RESIGNING TRUSTEE:
Ms. Nan Packard
Vice President
J.P. Morgan Trust Company, N.A.
Worldwide Securities Services
611 Woodward Avenue
Detroit, MI 48226
Fax: (313) 225-3420
Tel: (313) 225-3189

TO THE SUCCESSOR TRUSTEE:
Mr. Steven M. Cimalore
Vice President
Wilmington Trust Company
1100 North Market Street
Rodney Square North
Wilmington, DE 19890
Fax: (302) 636-4143
Tel.: (302) 636-6058

TO THE ISSUER:
Delphi Corporation
5725 Delphi Drive
Troy, Michigan, 48098
Attention: General Counsel
Fax: (248) 813-2491
Tel.: (248) 813-2490

5

**EXECUTION VERSION**

IN WITNESS WHEREOF, the parties hereto have caused this Instrument of Resignation, Appointment and Acceptance to be duly executed as of the day and year first above written.

DELPHI CORPORATION

By *[signature]*

Name: John Arle
Title: Vice President and Treasurer

J. P. MORGAN TRUST COMPANY, N.A., as Resigning Trustee

By _____
Name:
Title:

WILMINGTON TRUST COMPANY, as Successor Trustee

By _____
Name:
Title:

EXECUTION VERSION

IN WITNESS WHEREOF, the parties hereto have caused this Instrument of Resignation, Appointment and Acceptance to be duly executed as of the day and year first above written.

DELPHI CORPORATION

By _____
    Name:
    Title:

J. P. MORGAN TRUST COMPANY, N.A., as
Resigning Trustee

By _____*signature*_____
    Name: J.R. Lewis
    Title: Authorized Officer

WILMINGTON TRUST COMPANY, as
Successor Trustee

By _____
    Name:
    Title:

**EXECUTION VERSION**

IN WITNESS WHEREOF, the parties hereto have caused this Instrument of Resignation, Appointment and Acceptance to be duly executed as of the day and year first above written.

          DELPHI CORPORATION

By _____
    Name:
    Title:

          J. P. MORGAN TRUST COMPANY, N.A., as Resigning Trustee

By _____
    Name:
    Title:

          WILMINGTON TRUST COMPANY, as Successor Trustee

By _____
    Name: STEVEN CIMALORE
    Title: VICE PRESIDENT

## EXHIBIT A

[see next page]

CERTIFIED COPY
OF
RESOLUTIONS OF THE BOARD OF DIRECTORS OF DELPHI CORPORATION

The undersigned, Marjorie Harris Loeb, hereby certifies that she is the duly appointed, qualified and acting Assistant Secretary of Delphi Corporation, a corporation duly incorporated and validly existing under the laws of the State of Delaware (the "Corporation"), and further certifies that the following is a true and correct copy of certain resolutions duly adopted by the Board of Directors of said Corporation on September 8, 2005 and that said resolutions have not been amended, modified or rescinded:

RESOLVED, that a special committee of the Board, to be known as the Successor Trustee Committee, consisting of the Chairman of the Board & CEO is hereby authorized and directed in the name of and on behalf of the Corporation to select and approve a successor trustee or trustees for those debt securities issuances of the Corporation where J.P. Morgan Trust Company, N.A. is Trustee, Security Registrar, Agent and Paying Agent;

FURTHER RESOLVED, that the Chairman of the Board & CEO is hereby authorized in the name of and on behalf of the Corporation to perform any and all acts as may be necessary or desirable to execute and deliver all agreements, instruments and other documents contemplated by the foregoing resolutions and to take any and all further action that he may deem necessary or desirable to effectuate any action authorized by these resolutions and otherwise to carry out the purposes and intent of the foregoing resolutions; and the execution by him of any such documents or the performance by him of any such act in connection with the foregoing matters shall conclusively establish this authority therefore from the Corporation and the approval and ratification by the Corporation of the documents so executed and the actions so taken.

IN WITNESS WHEREOF, I have hereunto set my hand as Assistant Secretary of the Corporation this 9th day of September, 2005.

By: _____
Print Name: Marjorie Harris Loeb
Its: Assistant Secretary

## Resolutions of Delphi Corporation Board of Directors
## Successor Trustee Committee Regarding Unsecured Notes

WHEREAS, there are presently outstanding under an Indenture, dated as of April 28, 1999, (the "Indenture") between Delphi Corporation (the "Company") and JP Morgan Trust Company N.A. (the "Resigning Trustee"), (i) $500,000,000 in aggregate principal amount of the Issuer's 6.55% Notes Due 2006, (ii) $500,000,000 in aggregate principal amount of the Issuer's 6 1/2% Notes Due May 1, 2009, (iii) $500,000,000 in aggregate principal amount of the Issuer's 6.50% Notes Due 2013, and (iv) $500,000,000 in aggregate principal amount of the Issuer's 7 1/8% Debentures Due May 1, 2029; and

WHEREAS, the Resigning Trustee wishes to resign as Trustee, Security Registrar, Agent and Paying Agent under the Indenture; the Company wishes to appoint Wilmington Trust Company (the "Successor Trustee") to succeed the Resigning Trustee as Trustee, Security Registrar, Agent and Paying Agent under the Indenture.

NOW, THEREFORE, BE IT RESOLVED, that the Company appoint the Successor Trustee as successor Trustee, Security Registrar, Agent and Paying Agent under the Indenture; that the Company accept the resignation of the Resigning Trustee as Trustee, Security Registrar, Agent and Paying Agent under the Indenture, such resignation to be effective upon the execution and delivery by the Successor Trustee to the Company of an instrument or instruments accepting such appointment as successor Trustee, Security Registrar, Agent and Paying Agent under the Indenture; and

BE IT FURTHER RESOLVED, the Chairman & CEO and the Treasurer of the Company be, and each of them hereby is, severally authorized, empowered and directed to execute and deliver in the name and on behalf of the Company an instrument or instruments appointing the Successor Trustee as the successor Trustee, Security Registrar, Agent and Paying Agent under the Indenture; and

BE IT FURTHER RESOLVED, that the Chairman & CEO and the Treasurer of the Company are hereby severally authorized, empowered and directed to do or cause to be done all such acts or things, and to execute and deliver, or cause to be executed or delivered, any and all such other agreements, amendments, instruments, certificates, documents or papers (including, without limitation, any and all notices and certificates required or permitted to be given or made on behalf of the Company), under the terms of any of the executed instruments in connection with the resignation of the Resigning Trustee, and the appointment of the Successor Trustee, in the name and on behalf of the Company as such officer, in his/her discretion, may deem necessary or advisable to effectuate or carry out the purposes and intent of the foregoing resolutions; and to exercise any of the Company's obligations under the instruments and agreements executed on behalf of the Company in connection with the resignation of the Resigning Trustee and the appointment of the Successor Trustee.

SEP 16 '05 15:41 FR 2488133445         2488133445 TO 912128087897         P.04

Dated as of September 9, 2005             DELPHI CORPORATION

                                          By: _[signature]_____

                                          Print Name: Robert S. Miller

                                          Its: Chairman of the Board & CEO

## EXHIBIT B

Notice to Holders of Delphi Corporation's (the "*Issuer*") (i) 6.55% Notes Due 2006, (ii) 6 ½ % Notes Due May 1, 2009, (iii) 6.50% Notes due 2013 and (iv) 7 1/8% Debentures Due May 1, 2029 (collectively, the "*Notes*"):

We hereby notify you of the resignation of J. P. Morgan Trust Company, N.A. as Trustee under the Indenture, dated as of April 28, 1999 (the "*Indenture*"), pursuant to which your Notes were issued and are outstanding.

The Issuer has appointed Wilmington Trust Company, whose corporate trust office is located at 1100 North Market Street, Rodney Square North, Wilmington, Delaware, 19890, as successor Trustee under the Indenture, which appointment has been accepted and has become effective.

WILMINGTON TRUST
COMPANY, as successor Trustee

By: _____
Name:
Title:

Date: _____, 2005

NY01/FIEDB/1041843.8

2

## EXHIBIT C

Exhibit C to the Tri-Party Agreement contains information that is confidential and proprietary to Wilmington Trust Company, and is therefore not being filed with the Court.