IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
      In re                               :   Chapter 11
                                          :
  DELPHI CORPORATION et al.,              :   Case No. 05-44481 (rdd)
                                          :
                              Debtors.    :   (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## AFFIDAVIT OF SERVICE

    I, Amber M. Cerveny, being duly sworn according to law, deposes and says that I am employed by Kurtzman Carson Consultants, LLC, proposed claims and noticing agent for the Debtors in the above-captioned cases.

    On November 21, 2005, I caused to be served, via overnight mail the documents listed in Section 1 on AMR Industries, Inc., 12734 Branford Street, #20, Arleta, CA 91331, Henry Magid:

### *Section 1*

**I.**  Notice of Waiver **(Docket No. 1090) [Attached hereto as Exhibit A]**

**II.**  Order to Show Cause **(Docket No. 1091) [Attached hereto as Exhibit B]**

Dated: November 21, 2005

                                                                     */s/ Amber M. Cerveny*
                                                                     Amber M. Cerveny

Sworn to and subscribed before
me on November 21, 2005

     */s/ Evan J. Gershbein*
Notary Public

My Commission Expires:    1/19/07

# EXHIBIT A

TOGUT SEGAL & SEGAL LLP
One Penn Plaza
Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Frank A. Oswald (FAO-1223)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF WAIVER

PLEASE TAKE NOTICE that on October 8, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed the Motion For Order Under 11 U.S.C. §§ 105(a), 363, 364, 1107, And 1108 And Fed. R. Bankr. P. 6004 And 9019 Authorizing Continuation Of Vendor Rescue Program And Payment Of Prepetition Claims Of Financially-Distressed Sole Source Suppliers And Vendors Without Contracts (the "Motion").

PLEASE TAKE FURTHER NOTICE that on October 13, 2005, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order granting the relief requested in the Motion (the "Order").

PLEASE TAKE FURTHER NOTICE that, pursuant to the authority granted to the Debtors pursuant to paragraph 8 of the Order, the Debtors have determined to waive the conditions for payment of a prepetition claim under the Essential Supplier Claims Cap (as defined in the Motion) with respect to AMR Industries Inc. ("Supplier") and conditionally paid prepetition claims of Supplier in the amount of $3,784.18 on November 17, 2005.

PLEASE TAKE FURTHER NOTICE that contemporaneously herewith the Debtors are filing a proposed Order to Show Cause requesting that the Bankruptcy Court order Supplier to appear before the Bankruptcy Court at a hearing to be held at **10:00 a.m. Prevailing Eastern Time on January 5, 2006** before the Honorable Robert D. Drain, United States Bankruptcy Judge, in the Bankruptcy Court, Courtroom 610, One Bowling Green, New York, New York 10004-1408 (the "Hearing") and demonstrate why Supplier should not be held in violation of the automatic stay provisions of 11 U.S.C. § 362.

Dated: New York, New York
       November 18, 2005

                TOGUT SEGAL & SEGAL LLP

                By:  s/ Frank A. Oswald
                    Albert Togut (AT-9759)
                    Frank A. Oswald (FAO-1223)
                One Penn Plaza
                Suite 3335
                New York, New York 10119
                (212) 594-5000

                Attorneys for Delphi Corporation, et al.,
                 Debtors and Debtors-in-Possession

# **EXHIBIT B**

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
    In re                                                    :
                                                             :   Chapter 11
DELPHI CORPORATION, et al.,                                  :
                                                             :   Case No.  05 – 44481 (RDD)
                    Debtors.                                 :
                                                             :   (Jointly Administered)
                                                             :
------------------------------------------------------------ x
```

## ORDER TO SHOW CAUSE

Upon the motion, dated October 8, 2005 (the "Motion"),[1] of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under sections 105, 363, 1107, and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), and Fed. R. Bankr. P. 6004 and 9019 authorizing the continuation of the Debtors' prepetition vendor rescue program and the payment of prepetition claims of financially-distressed sole source suppliers and vendors without enforceable contracts; and upon the order of this Court, entered October 13, 2005 (the "October 13th Order"), granting the relief requested in the Motion; and upon the Debtors' notice of waiver, dated November 18, 2005, with respect to AMR Industries Inc. ("Supplier"); and it appearing that proper and adequate notice of the Debtors' request for entry of this Order to Show Cause (the "Show Cause Order") has

---

[1]   Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Debtors have complied with the procedures provided in paragraph 8 of the October 13th Order in determining to waive the conditions for payment of a prepetition claim under the Essential Supplier Claims Cap (as defined in the Motion) with respect to Supplier and conditionally paying prepetition claims of Supplier in the amount of $3,784.18 on November 17, 2005.

2. Supplier is hereby ordered to show cause before this Court at a hearing to be held at **10:00 a.m. Prevailing Eastern Time on January 5, 2006** before the Honorable Robert D. Drain, United States Bankruptcy Judge, in the Bankruptcy Court, Courtroom 610, One Bowling Green, New York, New York 10004-1408 (the "Hearing") why the Supplier should not be held in violation of the automatic stay provisions of 11 U.S.C. § 362 for willfully threatening to withhold essential goods from the Debtors under one or more contracts between the Debtors and Supplier, which action was automatically stayed by the Debtors' filing of voluntary petitions in this Court for reorganization relief under chapter 11 of the Bankruptcy Code.

3. Service of this Show Cause Order is to be made by service upon (a) the Supplier, (b) the Office of the United States Trustee, (c) counsel for the official committee of unsecured creditors appointed in these cases pursuant to section 1102 of the Bankruptcy Code, (d) counsel for the agent under the Debtors' prepetition credit facility, and (e) counsel for the agent under Debtors' post-petition credit facility. Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid.

No further notice of the Hearing or of the entry of this Show Cause Order need be served by the Debtors.

      4.   In accordance with the Case Management Order dated October 14, 2005, objections and responses, if any, must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, (c) be filed with the Bankruptcy Court in accordance with General Order M-242, as amended (registered users of the Bankruptcy Court's case filing system must file electronically and all other parties-in-interest must file on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) served upon: (i) conflicts counsel to the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119 (Attn:  Albert Togut, Esq.), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn:  John Wm. Butler, Jr, Esq.), (iii) counsel to the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Attn:  Marissa Wesley, Esq.), (iv) counsel to the agent under the Debtors' postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York 10017 (Attn:  Marlane Melican, Esq.), (v) counsel to the Creditors Committee, Latham Watkins, LLP Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, NY 10022-4068 (Attn:  Robert Rosenberg, Esq.); and (vi) the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Attn:  Deirdre A. Martini, Esq.) so as to be **received** no later than seven (7) calendar days prior to the Hearing.

5.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Show Cause Order.

Dated: New York, New York
November __, 2005

_____
UNITED STATES BANKRUPTCY JUDGE
ROBERT D. DRAIN

4