Jeffrey C. Wisler, Esq.
Christina M. Thompson, Esq.
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
(302) 658-9141 (phone)
(302) 658-0380 (fax)
ORIX Warren, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al. | ) | Case No. 05-44481 (RRD) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**OBJECTION OF ORIX WARREN, LLC TO MOTION FOR ORDER UNDER 11 U.S.C.
§ 365(d)(4) EXTENDING DEADLINE TO ASSUME OR REJECT
UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY**

ORIX Warren, LLC ("ORIX"), by and through its undersigned counsel, hereby objects to the *Motion for Order Under 11 U.S.C. § 365(d)(4) Extending Deadline to Assume or Reject Unexpired Lease of Nonresidential Real Property* ("Motion"), filed by the above-captioned debtors and debtors-in-possession (collectively, "Debtors") on November 9, 2005. In support of its objection, ORIX respectfully states as follows:

1.    ORIX and Delphi Automotive Systems, LLC ("Delphi Auto"), one of the Debtors, are parties to a certain *Lease* ("Lease") for non-residential real property located at 4551 Research Parkway, Warren, Ohio.

2.    Through the Motion, the Debtors seek an extension of 18 months, through and including June 7, 2007, to decide whether to assume or reject the Lease ("365(d)(4) Period").

3. ORIX objects to the 18 month extension of the 365(d)(4) Period requested by the Debtors. The Debtors are, in reality, asking the Court to grant them an initial extension of the 365(d)(4) Period through plan confirmation. *See* Motion, ¶ 19 (acknowledging that the Debtors plan to emerge from bankruptcy protection in early to mid 2007). Such relief is extraordinary and is not supported by case law, the legislative history, or the facts of this case.

4. Section 365(d)(4) reflects Congressional intent that debtors should have 60 days to determine whether to assume or reject leases. The purpose of this provision is to "protect lessors from delay and uncertainty by forcing a trustee or debtor in possession to decide quickly whether to assume unexpired leases." *In re Harvest Corp. v. Riviera Land Co.*, 868 F.2d 1077, 1079 (9th Cir. 1989); *In re Channel Home Centers, Inc.*, 989 F.2d 682, 686 (3d Cir. 1993); *In re Moreggia & Sons, Inc.*, 852 F.2d 1179 (9th Cir. 1988); *Matter of American Healthcare Management, Inc.*, 900 F.2d 827, 831 (5th Cir. 1990).

5. The legislative history of Section 365 suggests that only in exceptional cases should an extension of time beyond 60 days be granted. 130 Cong.Rec. S 8891, S8894-95, Daily ed. June 29, 1984. As Senator Hatch noted:

> In all but the must complicated reorganization cases, sixty (60) days should be sufficient period to make this determination [to assume or reject]. Even in large reorganization cases, the Debtor presumably knows his own business and understands the value of his assets well enough to make the decision in 60 days.

*Id.* Moreover, the Bankruptcy Abuse Prevention and Consumer Protection Action Act ("BAPCPA") signals current Congressional intent that extensions of this 60 day period be limited. Accordingly, neither former nor current legislative history regarding Section 365(d)(4) supports the Debtors' request to extend the 365(d)(4) Period through plan confirmation.

6. Further, extending the 365(d)(4) Period through plan confirmation shifts the Congressionally mandated burden placed on debtors to show cause to justify extensions. Shifting the burden to ORIX to compel assumption or rejection patently unfair and unreasonable. *See Escondido Mission Village, L.P. v. Best Products, Co., Inc.*, 137 B.R. 114, 117 (S.D.N.Y. 1992) (finding that it was improper to focus on the debtor's desire to formulate and test its business plan without consideration of the expense to landlords).

7. In their Motion, the Debtors cite the alleged "complexities" of this case. However, these problems are not unique to these Debtors and are faced by many debtors in large chapter 11 cases. The Debtors' citation thereto is not a *de facto* showing of cause.

8. Significantly, the Motion acknowledges that the Debtors have no more than 90 leases to evaluate in these cases.[1] This relatively small number of leases weighs against the grant of an 18 month extension. Indeed, each of the cases cited by the Debtors in support of the relief requested involve more than 100 leases and, in most cases, well over 500 leases. *See e.g. In re UAL Corp.*, Case No. 02-B-48191 (ERW) (Bankr. N.D. Ill.) (approximately 500 leases and more than 40,000 executory contracts); *In re WorldCom, Inc.*, Case No. 02-13533 (AJG) (Bankr. S.D.N.Y.) (15,000 leases); *In re Enron Corp.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y.) (1,000 leases); *In re Ames Dep't Stores, Inc.*, Case No. 01-42217 (REG) (Bankr. S.D.N.Y.) (534 leases); *In re Nextwave Personal Commc'ns Inc.*, Case No. 98 B 21529 (ASH) (Bankr. S.D.N.Y.) (209 leases); *In re Maidenform Worldwide, Inc.*, Case No. 97 B 44869 (CB) (Bankr. S.D.N.Y.) (110 leases).

9. Moreover, in the three most recent cases cited by the Debtors, the Court did not initially grant a blanket extension of time through plan confirmation. *See In re UAL Corp.*, Case No. 02-B-48191 (ERW) (Bankr. N.D. Ill.) (initial extension of only 6 months for 500 leases); *In*

---

[1] The schedules of assets and liabilities currently on file appear to reflect only 65 leases.

3

*re WorldCom, Inc.*, Case No. 02-13533 (AJG) (Bankr. S.D.N.Y.) (initial extension of 1 year for 15,000 leases); *In re Enron Corp.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y.) (initial extension of 1 year for 1,000 leases).

10. Finally, the Debtors have failed to demonstrate that they will timely and fully meet all of their obligations under the Lease through the extension period. The conclusory statement contained in the Motion that the Debtors "fully intend to remain current with respect to all outstanding postpetition rental obligations under the Real Property Leases" is not sufficient evidence of the Debtors' ability to perform under the Lease. Further, the proposed form of order attached to the Motion is silent as to the Debtors' continued obligation to timely and fully perform its obligations under the Lease.

11. In sum, the Debtors have failed to demonstrate that any special circumstances exist in this case to justify the grant of the extraordinary relief requested in the Motion. Accordingly, the Debtors' request for an 18 month extension of the 365(d)(4) Period should be denied.

WHEREFORE, ORIX respectfully requests that the Court deny the Motion and grant ORIX such additional and further relief as the Court may deem just and proper.

Dated: November 21, 2005                CONNOLLY BOVE LODGE & HUTZ LLP

**/s/ Jeffrey C. Wisler**
Jeffrey C. Wisler
Christina M. Thompson
Margaret E. Juliano
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
*Attorneys for ORIX Warren, LLC*

#429085

4