Babette A. Ceccotti (BC 2690)
Joseph J. Vitale (JV-0415)
COHEN, WEISS AND SIMON LLP
330 West 42nd Street, 25th Floor
New York, New York 10036-6976
(212) 563-4100

- and -

Niraj R. Ganatra
International Union, UAW
8000 East Jefferson Avenue
Detroit, MI 48214
(313) 926-5216

Attorneys for International Union, UAW

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| DELPHI CORPORATION., *et al.,* | ) 05-44481 (RDD) |
| | ) (Jointly Administered) |
| Debtors. | ) |

**DECLARATION OF STEVE A. GRANDSTAFF IN SUPPORT OF OBJECTION AND MEMORANDUM OF UAW IN OPPOSITION TO DEBTORS' MOTION FOR AN ORDER AUTHORIZING DEBTORS TO IMPLEMENT A KEY EMPLOYEE COMPENSATION PROGRAM**

Steve A. Grandstaff, pursuant to 28 U.S.C. §1746, states:

1.  I am chairman of the Bargaining Committee for UAW Local 651. The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the "International Union, UAW") and its Local 651 (collectively the "UAW") are the authorized collective bargaining representative to approximately 2,800 hourly production and skilled trades employees at Delphi's Flint East plant. I was first elected Local 651 Bargaining Committee Chairman by the UAW Local 651 membership in 2002, and subsequently reelected

to that position in 2004. As chairman of the Local 651 Bargaining Committee, I am responsible for leading local contract negotiations with Delphi over issues such as work rules, employee discipline and the like. The end product of such negotiations is a Local Agreement, which is subject to contract ratification by the Local's membership.

2. Since 1981, I have continuously held positions within UAW Local 651, including the following: (a) Alternate to the District Committeeman; (b) District Committeeman; (c) Shop Committeeman; (d) Product Sourcing Representative; and (e) Chairman of the Bargaining Committee. With the exception of Product Sourcing Representative (which is an appointed position), I was elected by the Local 651 membership to each such position.

3. Delphi has made known, through its concessionary contract proposals and its public statements, that it seeks drastic cuts in hourly employee wages and benefits on top of numerous plant closings for its North American operations. Delphi began its campaign seeking to dramatically cut UAW-represented employees' wages and benefits during this past summer, and the rhetoric intensified with the company's chapter 11 filing.

4. I was made aware of Delphi's Key Employment Compensation Program (the "KECP") shortly after the motion was filed with the Bankruptcy Court. Coming on the heels of Delphi's marked attacks on the UAW labor agreements and Delphi CEO Steve Miller's highly charged and destructive rhetoric, Delphi's KECP request has damaged employee morale. The damage to employee morale--already volatile as a result of the bankruptcy filing and the company's broad, pronounced and very public assault on the labor agreements-- would unduly and unnecessarily complicate an already difficult reorganization by impeding the union's ability to reach a consensual restructuring agreement with Delphi.

5. Since any negotiated modifications to the labor agreements require membership ratification, support of the UAW membership is a necessary and integral requirement to any

- 2 -

05-44481-rdd Doc 1135-1 Filed 11/22/05 Entered 11/22/05 15:48:06 Declaration of Steve A. Grandstaff in Support of Objection and Memorandum of UA Pg 3 of 3

FROM : FAX NO. : Nov. 22 2005 09:28AM P3
11/21/2005 17:10  313-822-4844  UAW LEGAL DEPT  PAGE 04/04

consensual agreement. Word of the KECP has already provoked widespread anger and resentment in the workforce, where the company's message has been that the reorganization will mean difficult economic sacrifices for hourly and non-executive salaried employees. To our membership, Delphi's KECP filing means that sacrifices will be required by the many while a choice few enjoy unparalleled enrichment.

6. I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 22, 2005.

_____
Steve A. Grandstaff