PENSION BENEFIT GUARANTY CORPORATION
Jeffrey B. Cohen, Chief Counsel
Israel Goldowitz, Deputy Chief Counsel
Karen L. Morris, Assistant Chief Counsel
Ralph L. Landy, Attorney
Office of Chief Counsel
1200 K Street, NW, Suite 340
Washington, D.C. 20005-4026
Tel: (202) 326-4020
Fax: (202) 326-4112

KELLEY DRYE & WARREN LLP
Mark I. Bane (MB-4883)
Mark R. Somerstein (MS-9721)
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

Attorneys for Pension Benefit Guaranty Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| In re DELPHI CORPORATION, et al., | ) |
| | ) 05-44481 (RDD) |
| | ) (Joint Administered) |
| Debtors. | ) |

**OBJECTION OF PENSION BENEFIT GUARANTY CORPORATION TO DEBTORS' MOTION FOR ORDER UNDER §§ 105 AND 363 AUTHORIZING DEBTORS TO IMPLEMENT A KEY EMPLOYEE COMPENSATION PROGRAM**

Pension Benefit Guaranty Corporation ("PBGC"), a creditor in the above-captioned case, hereby objects to Debtors' Motion for Order Under §§ 105 and 363 Authorizing Debtors to Implement a Key Employee Compensation Program, dated October 13, 2005 (the "Motion"), and, in support thereof, PBGC respectfully represents as follows:

## Background

1.  PBGC is a wholly-owned United States government corporation that administers the Nation's insurance program for defined benefit pension plans established under Title IV of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1301-1461 (2000 & Supp. II 2002). When an underfunded pension plan terminates, PBGC invariably becomes statutory trustee of the plan and, subject to certain statutory limitations, pays the plan's unfunded benefits with its insurance funds. *See* 29 U.S.C. § 1322.

2.  Debtors maintain several defined benefit pension plans covered by PBGC's insurance program, the two largest of which are the Delphi Retirement Program for Salaried Employees and the Delphi Hourly-Rate Employees Pension Plan (collectively "Plans"). The Plans cover approximately 75,426 participants. PBGC preliminarily estimates that the Plans are underfunded by as much as $10.8 billion, and according to the Debtors, they will owe minimum funding contributions to the Plans of approximately $400 million on January 15, 2006.[1]

## Standard For Reviewing Key Employee Compensation Program

3.  Key employee retention or compensation plans require court approval under section 363(b)(1) of the Bankruptcy Code because they are not an ordinary course of business expense. *See, e.g., In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (Bankr. D. Del. Nov. 24, 1999). Accordingly, under section 363(b)(1), Delphi has the burden of satisfying four criteria to gain court approval of its proposed Key Employee Compensation Plan ("KECP"). First, Delphi must articulate a good business reason for the KECP. *In re Lionel*, 722 F.2d 1063 at 1070, 1071 (2d Cir. 1983).

---

[1] According to Debtors' actuaries, the total amount owed by Debtors for minimum funding contributions to the Plans in 2006 is approximately $1.1 billion.

4.      Second, Delphi must furnish factual evidence of such good business reason. *Id.* at 1071. Mere "insistence" or assertions are not enough to satisfy this criterion. *Id.* at 1070. In reviewing key employee retention plans, courts examine specifically whether key employees have been the targets of competitors' recruitment efforts. *See, e.g., Montgomery Ward*, 242 B.R. at 150 (applying *Lionel*, 722 F.2d at 1071).

5.      Third, Delphi must demonstrate, apart from its articulated business reason, that the particular KECP at issue will aid its reorganization. *Lionel*, 722 F.2d at 1071; *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. May 25, 1989). If Delphi's proposed KECP will have no effect on the reorganization, or it will hinder reorganization, this Court should not approve it.

6.      Lastly, Delphi's KECP must fairly and reasonably balance the equities inherent in a chapter 11 reorganization. *Lionel*, 722 F.2d at 1071.

7.      Delphi has not met its burden under 363(b)(1). Therefore, the court should deny approval of the proposed KECP.

### Debtors Have Neither Articulated a Good Business Reason for the KECP Nor Presented Adequate Evidence That a Good Business Reason Exists

8.      Debtors point to legacy labor costs, including pension and other benefit obligations, competitive supplier costs, and commodity costs as major contributors to its weakened financial performance. *See* the Motion at pp. 5-6. The Motion does not even hint at how the KECP would mitigate these three factors and Debtors have presented the Court with virtually no evidence establishing that the KECP is a sound business decision that will aid in Debtors' financial recovery. In fact, the KECP is limited to rewarding chosen executives by

allocating to these select few millions of dollars in cash and equity before resolving Debtors' central business concerns, including how Debtors will continue to fund and maintain the Plans and reach wage and benefit agreements with rank and file workers.

9. Debtors list pension obligations as being among the legacy costs they must address through a reorganization. *See* Affidavit Of Robert S. Miller, Jr. Under Local Bankruptcy Rule 1007-2 And In Support Of Chapter 11 Petitions and Various First Day Applications and Motions, dated October 8, 2005, paragraphs 15-17, 27. It is unreasonable for the Debtors to propose this generous KECP for their executives while they face a $400 million minimum funding contribution due to the Plans in January 2006. Eliminating or substantially reducing the KECP proposal would facilitate the Debtors ability to meet their minimum funding obligations to the Plans.

10. Further, it is hardly good business justification to propose a KECP intended to retain employee executives when only 25 executives out of approximately 600 have left employment since January 2005.

### The KECP Will Hinder Debtors' Ability to Reorganize

11. Through the mechanism of this KECP, Debtors will allocate millions of dollars in cash and equity to their relatively small group of executives before addressing the means by which they will implement a reorganization plan.

12. The KECP would require Debtors to make expensive payments and shift approximately $400 million in the stock of reorganized Debtors to its executives while Debtors have been in bankruptcy for less than two months. Such significant issues should be considered as part of a negotiation toward developing a plan of reorganization. Most particularly, at this

4

early juncture of the case, this Court should not permit Debtors to reserve such a significant amount of stock of the reorganized Debtor without a detailed analysis of the extent to which unsecured creditors' recovery would be prejudiced.

### Approval of the KECP Will Create an Impermissible Imbalance of Equities

13.     The Debtors seek approval to allocate millions of dollars in cash and equity to their executive-level employees while contemporaneously asking their rank and file workers to take substantial reductions in their pay rates and benefits. Moreover, the Debtors face imminent, significant funding obligations to the Plans. The balance of the equities clearly favors the elimination of the KECP or reduction in the amount of the KECP.

### Memorandum of Law

14. Because the foregoing Objection presents no novel issues of law and the authorities relied upon are set forth herein, PBGC requests that the Court waive the requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York for the filing of a separate memorandum of law.

WHEREFORE, PBGC respectfully requests that this Court deny the Motion and grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
November 22, 2005

Respectfully submitted,

_/s/ Mark R. Somerstein_____
Jeffrey B. Cohen, Chief Counsel
Israel Goldowitz, Deputy Chief Counsel
Karen L. Morris, Assistant Chief Counsel
Ralph L. Landy, Attorney
PENSION BENEFIT GUARANTY CORPORATION
Office of the Chief Counsel
1200 K Street, NW, Suite 340
Washington, D.C. 20005-4026
202-326-4020
202-326-4112 (facsimile)
    - and -
Mark I. Bane (MB-4883)
Mark R. Somerstein (MS-9721)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
212-808-7800
212-808-7897 (facsimile)
Counsel to Pension Benefit Guaranty Corporation