BARBARA S. MEHLSACK (BM 1390)
GORLICK, KRAVITZ & LISTHAUS, P.C.
17 State Street, 4th Floor
New York, New York 10004
(212) 269-2500
bmehlsack@gkllaw.com

MATTHEW R. ROBBINS
JILL M. HARTLEY
TIMOTHY C. HALL
PREVIANT, GOLDBERG, UELMEN,
GRATZ, MILLER & BRUEGGEMAN, S.C.
1555 N. RiverCenter Drive, Suite 202
P. O. Box 12993
Milwaukee, WI 53212
(414)271-4500
mrr@Previant.com
jh@Previant.com
tch@Previant.com


Attorneys for: the International
Brotherhood of Electrical Workers
Local Union No.663 (IBEW Local 663)
and the International Association
of Machinists, AFL-CIO Tool and Die
Makers Local Lodge 78, District 10
(IAM District 10)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, ET AL., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

OBJECTIONS AND MEMORANDUM OF LAW IN SUPPORT OF OBJECTION
OF IBEW LOCAL 663 AND IAM DISTRICT 10 TO MOTION FOR ORDER
<u>AUTHORIZING DEBTORS TO IMPLEMENT A KEY EMPLOYEE COMPENSATION PLAN</u>

The International Brotherhood of Electrical Workers Local Union No. 663 (IBEW Local 663) and the International Association of Machinists, AFL-CIO Tool and Die Makers Local Lodge 78, District 10 (IAM District

10) (hereinafter collectively the "IBEW and IAM Locals"), are labor unions who represent 110 hourly employees of Delphi Corporation, et al. ("Debtor" or "Delphi"). In addition, the IBEW and the IAM Locals are each the "authorized representative," within the meaning of 11 U.S.C. §1114, of former employees of the Debtors receiving retirement benefits pursuant to the respective IBEW and IAM collective bargaining agreements with the Debtors.

The IBEW and IAM Locals hereby join in the respective Objections and Memoranda of Law in Support of Objection to Motion for Order Under §§ 105 and 363 Authorizing the Debtors to Implement a Key Employee Compensation Program ("KECP") filed separately by the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers of America (IUE-CWA), the United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("USW"). IBEW Local 663 and IAM District 10 also submit this Memorandum of Law in Support of their Objection to Debtor's Motion.

Delphi has elected to seek permission from this Court to implement its proposed KECP at an early stage in these proceedings. The KECP would reward several hundred of Delphi's top executives with bonuses and increases in salary. Granting Debtor's Motion at this time would harm Debtor's chances of achieving its own stated objective in entering Chapter 11: securing wage and benefit reductions from its represented workforce. The plan Debtor's Motion seeks to implement is unnecessary and inappropriate. Not only does the plan show unsound

business judgment, it would also poison collective bargaining efforts, and undermine the 11 U.S.C. §§ 1113 and 1114 process. For these reasons, Debtor cannot meet the requirements governing such plans. This Court should therefore deny Debtor's Motion or, in the alternative, defer consideration of it until the end of these Chapter 11 proceedings.

## **Standards**

The Court may not approve KECP Debtor seeks to implement unless it concludes the plan is appropriate and necessary to carry out the provisions of Chapter 11. 11 U.S.C. §105(a). Since the KECP's estimated $600 million expenditure would be well outside the "ordinary course of business," it may not be approved without an evidentiary hearing and findings of fact. 11 U.S.C. §363(b)(1).

A debtor bears the burden of showing good faith, that the plan exhibits good business justification, and that it is necessary for reorganization. In re M Capital Corp., 290 BR 743, 747 (9th Cir., BAP 2003); In re Ionosphere Clubs, Inc., 100 BR 670, 675 (Bankr. S.D. N.Y. 1989). A plan's impact on the plan of reorganization is the critical factor. In re Lionel Corporation, 722 F.2d 1063, 1070 (2nd Cir. 1983).

Bankruptcy courts are courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the reorganization process. In re Momentum Mfg. Corp., 25 F.3d 1132, 1135 (2nd Cir. 1994). For the reasons stated below, this Court should deny or defer Debtor's Motion, as Delphi has failed to meet any of the legal or equitable standards governing implementation of such plans.

## Objections

**1. Approval of the KECP Would Harm Collective Bargaining Efforts and Hamper Development of a Reorganization Plan.**

Debtor's Motion states that it entered Chapter 11 for the primary purpose of securing union consent to wage and benefit reductions. (Motion ¶¶ 12-13) Debtor has filed its Motion after refusing to bargain with either IBEW Local 663 or IAM District 10 regarding Delphi's intentions on that issue. In light of its refusal to bargain, Debtor's present efforts to obtain approval of bonuses and salary increases for top executives while preparing to seek huge sacrifices from its unionized workforce is improper. Success in Debtor's efforts would clearly frustrate the goal of obtaining ratification of wage and benefit cuts from Debtor's unions, as well as undermine the §1113 process.

Courts have found that support of a Debtor's unionized workforce can be equally important to reorganization as support from key employees. In re Geneva Steel Co., 236 BR 770, 773 (Bankr. D. Utah 1999). The purpose of §1113(b)(1)(A)'s equity requirement is to "spread the burdens of saving the company to every constituency while ensuring that all sacrifice to a similar degree." In re Century Brass Products, Inc., 795 F.2d 265, 273 (2nd Cir. 1986), cert. denied, 479 U.S. 949 (1986). Granting Debtor's Motion would cripple the §1113 process before it will even have begun, and thus have a dramatic, negative impact on Debtor's chances of arriving at a viable Chapter 11 plan.

**2. The KECP Shows Unsound Business Judgment in that it Provides No Incentive for Successful Emergence from Chapter 11.**

Courts in Chapter 11 cases commonly defer consideration of bonus awards until after Chapter 11 milestones such as §1113 collective

bargaining, the filing of disclosure statements, and the formulation and confirmation of a reorganization plan. Interco, Inc., 128 BR 229, 233 (Bankr. E.D. Mo. 1991); In re America West Airlines, Inc., 171 BR 674, 677 (Bankr. D. Ariz. 1994); In re New Hampshire Elective Cooperative, Inc., 131 BR 249, 252 (Bankr. D.N.H. 1991). Debtor's Motion is therefore procedurally premature.

In addition to being procedurally premature, Debtor's Motion also shows unsound business judgment. The KECP fails to tie proposed increases to executive job performance, or to successful emergence from Chapter 11. This would provide absolutely no incentive for executives benefitting from the plan in that it guarantees them a handsome reward regardless of what, if anything, they do to assure Delphi's emergence from Chapter 11. The timing of Debtor's Motion therefore works in opposition to its stated goal of securing union concessions and formulating a viable Chapter 11 plan.

Furthermore, Delphi has failed to show that the proposed KECP is necessary or appropriate for Debtor's passage through Chapter 11. Debtor's Motion asserts that compensation of its top executives lies below the industry norm, and that Delphi could prevent their departure by increasing their compensation. Debtor has failed to substantiate either claim. Therefore, it has not shown that the KECP is either necessary or appropriate, but has instead shown that the KECP is the result of highly unsound business judgment.

**3.    This Court Should Consider the KECP in Light of 11 U.S.C. §503(c).**

The provisions of the KECP could not meet the requirements of the recently-enacted Bankruptcy Abuse Prevention and Consumer Protection Act

5

of 2005, which includes 11 U.S.C. §503(c). Although the Act did not take effect until October 17, 2005, this Court should nonetheless judge the proposed KECP against its requirements, as the Act stands as an expression of the legislative will of the United States Congress. In this case, Debtor would not be able to make any of the showings required under §503(c). These include a showing that its proposed increases are essential to executive retention by reason of pending job offers or that the services of covered executives are essential to its survival. Debtor's hurried filing of its Motion prior to passage of the Act should not relieve it of scrutiny which furthers Chapter 11 policy goals.

### Conclusion

In light of the above, Debtor has shown no reason to seek implementation of the KECP. Implementation of the plan would harm, perhaps beyond repair, Delphi's chances of securing the cooperation of its unionized workforce in the area of wage and benefit concessions. The plan would therefore work against formulation of a successful reorganization plan. In addition, Debtor has shown patently unsound business judgment in seeking to retain and reward the same executives who have helped create its present difficulties. For these reasons, Debtor's Motion should be denied, or deferred until the end of Chapter 11 proceedings.

Dated:     New York, NY
           November 22, 2005

                                                           ___s/_____
                                                           MATTHEW R. ROBBINS
                                                           JILL M. HARTLEY
                                                           TIMOTHY C. HALL
                                                           PREVIANT, GOLDBERG, UELMEN,
                                                           GRATZ, MILLER & BRUEGGEMAN, S.C.
                                                           1555 N. RiverCenter Drive, Suite 202
                                                           P. O. Box 12993
                                                           Milwaukee, WI 53212
                                                           (414)271-4500
                                                           Facsimile: (414)271-6308
                                                           mrr@Previant.com
                                                           jh@Previant.com
                                                           tch@previant.com
                                                           Attorneys for IBEW Local 663 and
                                                           IAM District 10


                                                           ___s/ Barbara S. Mehlsack_____
                                                           BARBARA S. MEHLSACK (BM 1390)
                                                           GORLICK, KRAVITZ & LISTHAUS, P.C.
                                                           17 State Street, Fourth Floor
                                                           New York, NY 10004
                                                           Facsimile: (212) 269-2540
                                                           bmehlsack@gkllaw.com