BARBARA S. MEHLSACK (BM 1390)
GORLICK, KRAVITZ & LISTHAUS, P.C.
17 State Street, 4th Floor
New York, New York 10004
(212) 269-2500
bmehlsack@gkllaw.com

RICHARD GRIFFIN, IUOE GENERAL COUNSEL
INTERNATIONAL UNION OF OPERATING ENGINEERS
1125 - 17th Avenue, N.W.
Washington, D.C. 20036
(202) 429-9100
rgriffin@iuoe.org.

Attorneys for the International
Union of Operating Engineers Local Union
Nos. 18,101, and 832

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, ET AL., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**OBJECTIONS AND MEMORANDUM OF LAW OF INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL UNION NOS. 18, 101 AND 832 TO DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO IMPLEMENT A KEY EMPLOYEE COMPENSATION PROGRAM.**

The International Union of Operating Engineers ("IUOE") Local Union Nos. 18, 101 and 832, by their undersigned counsel, hereby object as follows to the Debtors' Motion for an Order, pursuant to 11 U.S.C. §§ Sections 105 and 363, authorizing the Debtors to implement a Key

-1-

Employee Compensation Program ( "KECP") and submit this Memorandum of Law in support of their objections.

## I. Introduction

IUOE Local Union Nos. 18, 101 and 832 (hereinafter collectively the "IUOE Locals") together represent some 20 hourly employees of the Debtors in three states, Ohio, Kansas and New York. In addition, the IUOE Locals serve as the "authorized representative" within the meaning of 11 U.S.C. §1114 of former employees of the Debtors who are receiving retirement benefits pursuant to IUOE Locals' collective bargaining agreements with the Debtors.

The IUOE Locals hereby join, adopt and incorporate by reference the Objections and the Memoranda of Law submitted to the Court by each of the following labor organizations: the United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"), the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers, Communications Workers of America ( IUE-CWA) and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, ("USW"). The IUOE Locals submit the following additional statement in support of their objections to this extraordinary effort by the Debtors to obtain Court authorization to commit substantial sums of cash and a significant percentage of equity of the Debtors to insiders [ including executives at overseas companies who are not subject to the supervision of this Court (Debtors' Motion ¶ 5)] at the commencement of a reorganization proceeding. The Debtors propose to do this without any opportunity for the various stakeholders in this proceeding to investigate the operations, financing

and accounting practices of the Debtors to determine the root causes of their financial losses to date, including the possibility that those causes include missteps by the very management the Debtors propose to "incentivize" to remain at the helm or alternatively to reward upon their departure with significantly increased severance benefits.

The Debtors acknowledge that the reorganization process will require "negotiation with key stakeholders over their respective contributions to their restructuring plan" (Debtor's Motion ¶ 13). By adopting the KECP, the Debtors propose to relieve a select group of management employees of any need to make such contributions while demanding significant sacrifices of their union-represented employees (and likely of the remainder of their salaried non-union employees) and in complete disregard of the interests of their unsecured creditors. Simultaneously with filing their motion for the KECP, the Debtors have filed a motion for an order under 11 U.S.C. §§1113 and 114 to reject their collective bargaining agreements and shed their obligations to retirees. The Debtors motion targets the small IUOE bargaining units as well as the much larger bargaining units of the other labor organizations.

As stated by this Court in another proceeding:

> "Thirty years ago Judge Henry Friendly, sitting on the Second Circuit Court of Appeals declared that the conduct of bankruptcy proceedings not only should be right but must seem right. *Knapp v. Seligson* ( In re Ira Haupt & Co) 361 F.2d. 164, 168 (2d. Cir. 1966). *In this case, the fiduciaries must have blinded themselves to Judge Friendly's counsel.*" (Emphasis supplied)

*In re Biderman Industries U.S. A*, 203 B.R. 547, 549. (Bankr. S.D. N.Y.1997)

In this case too, the Debtors have blinded themselves to Judge Friendly's counsel, and have proceeded in the misguided belief that they can induce the other key stakeholders and especially the labor organizations to convince their various constituencies to agree to make sacrifices in the face of the manifest and unjustified benefits afforded key management employees by the KECP

## II.    The Debtors are not entitled to the business judgement rule's presumption.

The Debtors claim that they have articulated a valid business justification and hence are entitled to the benefit of a presumption that they have acted in good faith and on an informed basis. (Debtor's Motion ¶38). But the business judgment rule's presumption "shields corporate decision makers and their decisions from judicial second guessing when the following elements are present: (1) a business decision, (2) disinterestedness, (3) due care, (4) good faith, and (5) according to some courts and commentators, no abuse of discretion or waste of corporate assets." (Citations omitted) *In re Bidermann Industries, supra* at 552.

As the Objections and Memoranda submitted by the UAW, the IUE-CWA and the USW demonstrate, the Debtor's KECP is entirely lacking in a sound business justification and, in fact, because of the impact upon the union-represented employees and potentially upon the other salaried employees bids fair to make every stage of this proceeding an exercise in acrimony and bitterness. In addition, the Debtors cannot demonstrate due care, good faith and disinterestedness, nor can they show that the KECP is nothing more than a manifest waste of corporate assets. On the one hand the Debtors acknowledge that they have experienced significant losses in four out of the seven years since the Debtor's separation from General Motors. (Debtor's Motion¶ 10). The Debtor's Motion

glosses over these losses, claiming that they are due to 1) operational restrictions and "legacy" liabilities imposed by their collective bargaining agreements; and 2) market conditions. (Debtors' Motion ¶ 11). They claim that the KECP is needed to motivate the same management people who have presided over the Debtors' continuing deterioration without giving the creditors and other stake holders in this proceeding the opportunity to determine whether and what operational, financial and accounting failures of the self same management may have contributed to that deterioration. Nor do the Debtors claim themselves to have done an investigation of management conduct of the enterprise.

Under these circumstances, the Debtors cannot demonstrate due care, informed judgement, good faith or disinterestedness. Hence they are entitled to no presumption whatsoever and the Court must carefully scrutinize the impact of the KECP on the potential for reorganization and with a view to whether or not the KECP meets fundamental standards of fairness and equity. As the Objections and Memoranda of the UAW, IUE-CWA and USW demonstrate, the impact at this stage of the proceeding of such largesse to a select group of management without regard to their actual performance and in the face of the sacrifices demanded of rank and file (and likely other salaried employees) can only be deleterious.

Moreover, absent even the framework of a plan of reorganization, in which the Court and all of the stakeholders can consider the fairness of proposed distributions of cash and equity, to permit the Debtors to commit large amounts of cash and equity in a complete vacuum can serve only to render more difficult any negotiations to arrive at an ultimate plan at a later stage of this proceeding.

**III.    Conclusion**

For the forgoing reasons and for all of the reasons set forth in the Objections and Memoranda of Law of the UAW, the IUE-CWA and the USW, the Court should reject the KECP or in the alternative defer its consideration until a later stage of the proceeding.

Dated:    New York, NY
          November 22, 2005

                                           s/Barbara S. Mehlsack

Barbara S. Mehlsack (BM 1390)
GORLICK, KRAVITZ & LISTHAUS, P.C.
17 State Street, 4th Floor
New York, New York 10004
(212) 269-2500
bmehlsack@gkllaw.com

RICHARD GRIFFIN, IUOE GENERAL COUNSEL
INTERNATIONAL UNION OF OPERATING ENGINEERS
1125 - 17th Avenue, N.W.
Washington, D.C. 20036
(202) 429-9100
rgriffin@iuoe.org

Attorneys for the International
Union of Operating Engineers Local Union.
Nos. 18, 101, and 832