WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503-2487
(616) 752-2185 phone
(616) 222-2185 fax
gtoering@wnj.com

Gordon J. Toering (GT3738)
(Admitted *Pro Hac Vice*)

Attorneys for Robert Bosch Corporation and Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**LIMITED OBJECTION BY ROBERT BOSCH CORPORATION
AND AFFILIATES TO SUPPLIER AGREEMENT
ASSUMPTION PROCEDURES MOTION**

Robert Bosch Corporation, on behalf of itself and its affiliates, hereby makes this limited objection to the "Supplier Agreement Assumption Procedures Motion" dated November 18, 2005 filed by debtors Delphi Corporation, *et al* (collectively, "Debtors"). Bosch states as follows for its limited objection:

**Background**

1.  Debtors filed their voluntary bankruptcy petitions on October 8, 2005 and October 14, 2005. Debtors continue to operate their business and manage their affairs as debtors in possession pursuant to Chapter 11 of the Bankruptcy Code.

2.  Robert Bosch Corporation and its affiliates (including without limitation Robert Bosch GmbH) (collectively, "Bosch") have been and continue to be major suppliers to and major customers of Debtors.

3.  On November 18, 2005, Debtors filed their Supplier Agreement Assumption Procedures Motion. In that Motion, Debtors request that this Court approve certain procedures to allow Debtors to assume various supply agreements. Bosch objects to that Motion on two limited grounds.

4.  Bosch's primary objection arises out of Paragraph 23 of the Motion. That paragraph states that Covered Suppliers[1] could be bound to the terms of an Assumption Agreement even if they do not sign the Assumption Agreement; they can be bound by performance instead. Paragraph 23 states as follows in relevant part:

> [P]rovided, however, that the Debtors further propose that such Covered Suppliers be conclusively deemed to consent to and be irrevocably bound by the Procedures and each of the Required Minimum Provisions, notwithstanding its failure to enter into an Assumption Agreement, upon its first shipment of Goods to the Debtors following the Assumption Date for the relevant assumed Assumable Agreement and payment of the first installment of Cure.

(Motion at page 14)

5.  Bosch objects to the Motion to the extent it seeks to permit acceptance of an Assumption Agreement by performance because a Covered Supplier like Bosch could refuse

---

[1] Capitalized terms not otherwise defined herein are given their meanings as set forth in the Motion.

2

to sign an Assumption Agreement yet it could be bound by the Assignment Agreement if it inadvertently continues performance under the applicable contract. An Assumption Agreement should only be binding when it is executed by an authorized representative of a Covered Supplier rather than by performance.

6. Second, Bosch objects to the Motion because it does not state on whom a proposed Assumption Agreement will be served. Due to the large number of individuals involved in connection with the numerous contracts between Bosch and Delphi, Bosch requests that any proposed Assumption Agreement be served upon counsel for Bosch at the address below. Bosch objects to the service of any proposed Assumption Agreement on any other employee or representative of Bosch.

7. Except as set forth above, Bosch does not object to the entry of an appropriate order approving the Motion.

### Notice

8. Notice of this limited objection has been provided in accordance with the terms of the Notice of Motion for an Order Under 11 U.S.C. Sections 363(b) and 365(a) and Fed. R. Bankr. P. 9019 Approving Procedures to Assume Certain Amended and Restated Sole Source Supplier Agreements.

### Memorandum of Law

9. In light of the limited objection set forth above, Bosch respectfully requests that it not be required to serve and file a separate memorandum of law under Local Rule 9013-1(b).

WHEREFORE, Bosch requests that the Court deny the Supplier Agreement Assumption Procedures Motion unless (a) the Motion is modified so that the Assumption

Agreement can only be accepted by an appropriate representative of a Covered Supplier and cannot be accepted by performance; and (b) counsel for Bosch be provided with any proposed Assumption Agreement directed to Bosch.

Dated:  November 23, 2005                             WARNER NORCROSS & JUDD LLP

By     /s/ Gordon J. Toering
Gordon J. Toering (GT3738)
(Admitted *Pro Hac Vice*)
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI  49503-2487
Ph:  (616) 752-2185
Fax:  (616) 222-2185
gtoering@wnj.com

Attorneys for Robert Bosch Corporation and Affiliates

1194497-1

WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503-2487
(616) 752-2185 phone
(616) 222-2185 fax
gtoering@wnj.com

Gordon J. Toering (GT3738)
(Admitted *Pro Hac Vice*)

Attorneys for Robert Bosch Corporation and Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ -x
                                :
    In re                       :    Chapter 11
                                :
DELPHI CORPORATION, et al.,     :    Case No. 05-44481 (RDD)
                                :
                                :    (Jointly Administered)
                                :
            Debtors.            :
------------------------------ -x

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 23, 2005 a copy of

**LIMITED OBJECTION BY ROBERT BOSCH CORPORATION
AND AFFILIATES TO SUPPLIER AGREEMENT
ASSUMPTION PROCEDURES MOTION**

was served upon the parties listed below electronically and by Federal Express overnight delivery:

| | |
|---|---|
| John Wm. Butler, Jr.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, IL 60606 | General Counsel<br>Delphi Corporation<br>5725 Delphi Drive<br>Troy, Michigan 48098 |
| Marlane Melican<br>Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, NY 10017 | Kenneth S. Ziman<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017 |
| Alicia M. Leonhard<br>Office of United States Trustee<br>Southern District of New York<br>33 Whitehall Street, Suite 2100<br>New York, NY 10004 | Mark A. Broude<br>Latham & Watkins<br>885 Third Avenue<br>New York, NY 10022 |

| | |
|---|---|
| Dated: November 23, 2005 | /s/ Cheryl K. Zylstra<br>Cheryl K. Zylstra, Legal Secretary<br>Warner Norcross & Judd LLP<br>900 Fifth Third Center<br>111 Lyon Street, N.W.<br>Grand Rapids Michigan 49503<br>(616) 752-2000<br>Attorneys for Robert Bosch Corporation and Affiliates |

1180968-2