HONIGMAN MILLER SCHWARTZ AND
COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Judy B. Calton (P38733)
(313) 465-7344
e-mail:  jcalton@honigman.com


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| **DELPHI CORPORATION et al.,** | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------x


### COATERS' OBJECTION TO
### SUPPLIER AGREEMENT ASSUMPTION PROCEDURES MOTION

March Coatings, Inc. ("March"), Serma Coat Limited Liability Co. ("Serma") and Rotor Coaters International, Inc. ("Rotor") (collectively, the "Coaters") by their attorneys Honigman Miller Schwartz and Cohn LLP, for the Coaters' Objection to Supplier Agreement Assumption Procedures Motion states:

1.      Each of the Coaters is a supplier to one or more of the Debtors.  As of the commencement of Debtors' bankruptcy cases, prior to entry into any Essential Supplier Agreements, Debtors owed the Coaters as follows:

    (a)      March, $100,501.00;

    (b)      Serma, $264,694.00; and

   (c)  Rotor, $797.315.00.

   2.  Debtors, in their Motion For An Order Under 11 U.S.C. §§363(b) and 365(a) and Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements (the "Supplier Agreement Assumption Procedures Motion")[1] seek court approval of procedures whereby Debtors can negotiate and enter into assumptions of executory supplier agreements without further motions and court orders.

   3.  Coaters objects to the Supplier Agreement Assumption Procedures Motion to the extent it seeks to bind nondebtor contracting parties (each a "Supplier") to unfavorable assumption agreements without the affirmative knowing consent of the Supplier.[2]

   4.  The Supplier Agreement Assumption Procedures Motion seeks authority for Debtors to negotiate Assumption Agreements with nondebtor contracting parties without further notice, hearing or court order, which Assumption Agreements are unfavorable to the nondebtor contracting parties compared to the rights granted them by the Bankruptcy Code.  For example:

   (a)  Debtors' proposed cure would be only 75% of the default, to be paid over six calendar quarters, with the cure payments terminating if Debtors later exercise their rights to terminate the assumed contracts at will.  This provision is unfavorable to the Supplier because a nondebtor contracting party is entitled, as a condition of assumption, to a cure or prompt cure of all defaults.  11 U.S.C. §365(b)(1)(A).

   (b)  The Supplier must agree to extend the purchase order for two years beyond its expiration on existing payment and other terms.  Delphi's right to assume an

---

[1] Capitalized terms not defined in this Objection have the meaning as defined in the Supplier Agreement Assumption Procedures Motion.

[2] Coaters does not object to the Supplier Agreement Assumption Procedures Motion to the extent the Debtors are seeking "pre-approval" of consensual arrangements to assume executory contracts that fall within the terms specified in the motion.

executory contract is limited to the terms of the contract.  In re Cellnet Data Systems, Inc., 327 F.3d 242, 249 (3rd Cir. 2003).

(c)     The Supplier waives the right to seek additional adequate assurance in the future and agrees that any claim for breach of the assumed executory contract would be an unsecured claim.  Under applicable law, a party to an assumed contract cannot be required to give up these rights and post-assumption breaches are treated as administrative expense claims.  In re Klein Sleep Products, Inc., 78 F.3d 18, 27-28 (2d Cir. 1996).

(d)     Preference claims would not automatically be waived as a result of the assumption, but be waived only in Debtors' sole discretion.  As a matter of law, upon assumption of an executory contract, the Supplier has not received a preference because it would have received the prepetition payments as part of the cure.  In re Kiwi Int'l Air Lines, Inc., 344 F.3d 311 (3d Cir. 2003).

(e)     In the event the Supplier breaches the contract after assumption, in addition to being liable for damages for the breach, the Supplier would be liable as additional damages to return the cure payments and lose the waiver of preference claims. These are additional damage remedies not in the existing executory contract.

5.     If a Supplier, with full notice, voluntarily chooses to agree to the assumption of its executory contract on Debtors' terms, that is acceptable.  Debtors, however, seek to bind Suppliers to these unfavorable assumption terms merely if the Supplier ships goods to Debtors and Debtors send the first quarterly cure payment to the Supplier, regardless of whether the Supplier has actual notice of the Assumption Agreement and actually consents to it.

3

6.      The Supplier Agreement Assumption Procedures Motion provides in pertinent

part:

> 23.    To ensure that the Covered Suppliers that have their
> Assumable Agreements assumed comply with the Procedures and
> the Required Minimum Provisions, the Debtors propose that a
> letter substantially in the form of the letter attached hereto as
> Exhibit A (each such letter, an "Assumption Agreement") be sent
> to such Covered Suppliers along with a copy of the order granting
> this Motion; provided, however, that the Debtors further propose
> that **such Covered Suppliers be conclusively deemed to consent
> to and be irrevocably bound by the Procedures and each of the
> Required Minimum Provisions, notwithstanding its failure to
> enter into an Assumption Agreement, upon its first shipment of
> Goods to the Debtors following the Assumption Date for the
> relevant assumed Assumable Agreement and payment of the
> first installment of Cure.** The Debtors propose that the
> Assumption Agreements include, but not be limited to, the
> Required Minimum Provisions outlined above (emphasis added).

7.      The proposed Order Under 11 U.S.C. §§363(d) and 365(a) And Fed. R. Bankr. P.

9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier

Agreements similarly provides in pertinent part:

> 10.    The Debtors are hereby authorized, but not directed to
> provide an Assumption Agreement substantially in the form of the
> letter attached hereto as Exhibit 1 to each Covered Supplier whose
> Assumable Agreement(s) are being assumed pursuant to the terms
> hereof along with a copy of the order granting this Motion;
> provided, however, that **a Covered Supplier will be conclusively
> deemed to consent to and be irrevocably bound by the terms of
> this Order, notwithstanding its failure to enter into an
> Assumption Agreement, upon its first shipment of Goods to the
> Debtors following the Assumption Date for the relevant
> assumed Assumable Agreement and payment of the first
> installment of Cure.** (emphasis added)

8.      Thus, if the Supplier Agreement Assumption Procedures Motion were granted, a

Covered Supplier would be bound by an Assumption Agreement solely by shipping pursuant to

its executory contract with Debtor and Debtors' sending the Supplier a payment of 12.50% of the

default (one-sixth of 75% of the default amount), regardless of whether Debtors actually served

the Supplier with the proposed Assumption Agreement, regardless of whether the proposed

Assumption Agreement was received by the person entitled to notice at the Supplier or whether

the Supplier actually agreed to the Assumption Agreement.

9.       The proposed deemed acceptance by continued shipment of goods is unfair to the

Supplier.  The Supplier, as the nondebtor contracting party, could be liable in damages to the

Debtors if it breached its executory contracts or an applicable Essential Supplier Agreement by

refusing to ship pursuant to the contract.  Thus, to avoid a deemed acceptance, the Supplier

would have to breach the executory contract and/or obtain emergency relief from the automatic

stay to terminate the executory contract.  In re Charlie Auto Sales, Inc., 336 F.3d 34, 36 (1st Cir.

2003); In re Computer Communications, Inc., 824 F.2d 725 (9th Cir. 1987).

10.     The proposed deemed acceptance would be particularly unfair to any of the

Coaters who have entered into Essential Supplier Agreements, because the proposed Assumption

Agreement would be inconsistent with portions of the Essential Supplier Agreements.

11.     Moreover, Debtors are impermissibly proposing to bind Suppliers to Assumption

Agreements even if they are not served or not properly served.  Under Fed. R. Bankr. P. 6006(a),

a proceeding to assume an executory contract is governed by Fed. R. Bankr. P. 9014. Rule

9014(b) requires that a motion to assume be served in the manner proved for service of a

summons and complaint by Fed.R. Bankr. P. 7004.  While service by first class mail is provided

by Rule 7004(b), the service must be to the attention of an officer, managing or general agent, or

agent authorized by law to accept service.  Rule 7004(b)(3), (7).  Debtors are seeking to bind

Suppliers who are not even mailed Assumption Agreements, and also to bind Suppliers to

Assumption Agreements mailed to the Supplier's sales staff with which Debtors normally deal as

opposed to persons properly authorized to accept service. Moreover, Debtors' proposed

procedure would totally avoid service on the Supplier's counsel of record.

Wherefore, Coaters request that approval of the Supplier Agreement Assumption

Procedures Motion be denied to the extent it seeks to bind Suppliers who do not sign Assumption

Agreements, and for such further relief as is proper and just.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP


By: /s/ Judy B. Calton
    Judy B. Calton (P38733)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7344
e-mail: jcalton@honigman.com

Dated: November 23, 2005


DETROIT.2015859.1