SMITH, GAMBRELL & RUSSELL, LLP
Suite 3100, Promenade II
1230 Peachtree Street, NE
Atlanta, Georgia 30308
(404) 815-3500
(404) 815-3509
bellis-monro@sgrlaw.com

Barbara Ellis-Monro (BEM 8615)
(Admitted *Pro Hac Vice*)

Attorneys for Southwire
Company

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                              :         Chapter 11
In re                                         :
                                              :         Case No. 05-44481 (RDD)
DELPHI CORPORATION, ET AL.,                   :
                                              :
                  Debtors.                    :         (Jointly Administered)
------------------------------------------------------ X

RESPONSE AND OBJECTION OF SOUTHWIRE COMPANY
TO DEBTORS' MOTION FOR AN ORDER UNDER U.S.C. § § 363(b) AND 365(a)
AND FED.R.BANKR.P. 9019 APPROVING PROCEDURES TO ASSUME
CERTAIN AMENDED AND RESTATED SOLE SOURCE SUPPLIER AGREEMENTS

Southwire Company, a creditor and party in interest in the chapter 11 cases of Delphi Corporation and certain of its subsidiaries and affiliates (the "Debtors"), hereby responds and objects to the Debtors' Motion For An Order Under U.S.C. § § 363(b) and 365(a) and Fed.R.Bankr.P. 9019 Approving Procedures To Assume Certain Amended and Restated Sole Source Supplier Agreements (the "Procedures Motion"), showing the Court as follows:

1.      Southwire is a supplier of tolled copper wire used by the Debtors to manufacture wiring for automotive parts and equipment.  Southwire has been selling tolled wire to the

Debtors since 2003 under a series of agreements relating to prices and quantities. Southwire's current agreement with the Debtors sets the prices at which Southwire will sell tolled wire to the Debtors through December 31, 2005. Through a series of correspondence and purchase orders, Southwire and the Debtors may have established terms for continuation of the agreement through December 31, 2006.

2. As of the October 8, 2005 petition date (for the majority of the Debtors), the Debtors owed Southwire Company ("Southwire") a total of $157,669.90.

BASIS FOR OBJECTION

3. Southwire objects to the Procedures Motion because it is impossible to determine whether the proposed procedures apply to the Debtors' agreement with Southwire and because the terms and conditions for assumption violate the requirements of 11 U.S.C. § § 363(b) and 365(a) for assumption of unexpired leases and contracts.

4. The Procedures Motion applies only to contracts with Covered Suppliers, defined in the Procedures Motion as suppliers which are the sole source from which the Debtors can currently obtain sufficient quantities of the goods to avoid interruptions of the Debtors' manufacturing operations. This definition is insufficient to allow Southwire to determine whether it will be subject to the proposed assumption procedures set out in the Procedures Motion and is insufficient for the Court to approve any such proposed assumption. *See In re Cole,* 189 BR 40, 46-47 (Bankr. S.D.N.Y. 1995)(boilerplate plan language purporting to assume all executory contracts not expressly rejected prior to confirmation ineffective to assume leases because it would allow circumvention of §365's requirement of judicial approval). Further, the Debtors seek to bind Covered Suppliers merely by receipt of a proposed Assumption Agreement and any provision of goods by the supplier whether the supplier accepts the terms of such

2

agreement or not. Without specific notice to each affected supplier, the Debtors cannot have provided such suppliers with the required due process necessary to affect such suppliers rights. Thus, the Debtors must be required to list specifically the suppliers it seeks to bind to the terms it proposes.

5. Assuming that the proposed procedures do apply to the Debtors' agreement with Southwire, Southwire further objects to the Procedures Motion because it seeks to modify the existing terms of the Southwire's agreement with the Debtors. One of the benefits of Chapter 11 is the debtor's right to assume or reject unexpired contracts and leases. That right is not as flexible as the Debtors believe, however, and debtors are required to assume or reject executory contracts *in toto*. Debtors cannot pick and choose the terms of such agreements as are favorable to them and reject or unilaterally insert other terms. *NLRB v. Bildisco & Bildisco,* 463 U.S. 513, 531 (1984).

6. Southwire objects to the Required Minimum Provisions for Assumption Agreements as proposed by the Debtors because they unilaterally impose terms and conditions other than those existing in Southwire's contract with the Debtors, and require Southwire to accept amendments to its contract that are for the sole benefit of the Debtors, without opportunity to negotiate such changes to any agreements assumed under the proposed procedures:

(a) 2 year extension – Southwire has not agreed to any extension in excess of one year and objects to the two year extension the Debtors seek to impose.

(b) Treatment of Cure – the Debtors seek to pay only 75% of amounts necessary to cure pre-petition defaults under the agreements, over six quarterly installments starting in March 2006, with the remainder allowable only as an unsecured claim. The party to an assumed contract will not have an opportunity to object to or negotiate the amount of such cure payments.

3

These provisions plainly violate the requirements of § 365(b) which provide that a debtor may not assume a contract unless it cures or provides adequate assurance that it will promptly cure any defaults. *See* 11 U.S.C. §365(b)(1); *See also, Eagle Ins. Co. and Newark Ins. Co. v. Bankvest Capital Corp.,* 360 F.3d 291, 296 (1st Cir. 2004)(recognizing the restrictions placed on power to assume by section 356(b)(1)); *See also, Coleman Oil Co., Inc. v. Circle K Corp. (In re Circle K Corp),* 190 BR 370, 376 (9th Cir.BAP 1996)(allowing exercise of option to renew conditioned on assumption and cure of all pre and postpetition defaults).

(c) Remedies for Termination or Breach - the Debtors seek to limit the damages to which a supplier would be entitled in the event the Debtor terminates or rejects a contract after it has been assumed in violation of §365 of the Code. In the event of such a termination, the debtors will not pay any remaining unpaid quarterly cure payments except as a general unsecured claim under the plan, and termination damages will be limited to the damages to which the creditor would be entitled under provisions for Termination for Convenience in the Debtors' own General Terms and Conditions. If the supplier breaches the contract after assumption, the Debtors propose that it will be entitled to all consequential damages and a disgorgement of any cure payments made as of the time of the breach. The supplier will further be deemed to have consented to injunctive relief to compel specific performance. Southwire objects to these provisions as one-sided and unilateral changes to its agreement and in violation of the Debtor's obligation to assume its executory contracts in full.

(d) Waiver of Adequate Assurance – the Debtors seek to impose a waiver of other adequate assurance of future performance on suppliers whose contracts are assumed under the Debtors' proposed procedures. Southwire object to this as a plain violation of the requirements of § 365(b)(1)(C).

4

(e) Imposition of Delphi's General Terms and Conditions – without regard to conflicting provisions in any supplier's own contracts, the Debtors seek to impose their own General Terms and Conditions on any contract assumed under the proposed procedures. Southwire objects to the unilateral and non-consensual amendment to its agreement with Delphi. The Debtors may not assume and impose terms to the agreement. The only choice the Debtors have is to assume or reject the agreement in full. *See In re Village Rathskeller, Inc.,* 147 BR 665, 671 *(citing, NLRB v. Bildisco & Bildisco,* 463 U.S. 513, 531 (1984)(Bankr. S.D.N.Y. 1992).

(f) Imposition of Credit Terms – again without regard to the provisions of the contracts it seeks to assume, the Debtors propose to impose credit terms defined by the Debtors in its General Terms and Conditions on the suppliers whose contracts it seeks to assume. Southwire again objects to the Debtors' proposed unilateral amendment to its agreement with Delphi and submits that suppliers should not be required to finance the Debtors' operations as a condition to doing business with the Debtors.

7.    Southwire further objects to the Debtors' efforts to bind its suppliers to the Required Minimum Provisions even if they do not enter into an Assumption Agreement upon the first shipment following the Assumption Date and payment of the first installment of cure. This provision attempts to restrict further any efforts of a supplier to negotiate the terms of assumption of its contract and further violates the requirement that a debtor must assume or reject a contract in full.

WHEREFORE, Southwire respectfully requests the Court to consider its arguments, deny the Debtors' motion and the relief sought by it, and grant such other and further relief as the

Court deems just and appropriate.

      This 23rd day of November, 2005.

                Respectfully submitted,

                SMITH, GAMBRELL & RUSSELL, LLP

                /s/Barbara Ellis-Monro_____
                Barbara Ellis-Monro  (BEM 8615)
                Georgia Bar No. 246117
                (admitted pro hac vice)

Suite 3100, Promenade II
1230 Peachtree Street, NE            Attorneys for Southwire Company
Atlanta, Georgia 30309
(404) 815-3500

                                      CORP\1140598.1

SMITH, GAMBRELL & RUSSELL, LLP
Suite 3100, Promenade II
1230 Peachtree Street, NE
Atlanta, Georgia 30308
(404) 815-3500
(404) 815-3509
bellis-monro@sgrlaw.com

Barbara Ellis-Monro (BEM 8615)
(Admitted *Pro Hac Vice*)

Attorneys for Southwire
Company

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                             :       Chapter 11
In re                              :
                                             :       Case No. 05-44481 (RDD)
DELPHI CORPORATION, ET AL.,    :
                                             :
            Debtors.         :       (Jointly Administered)
------------------------------------------------------ X

## CERTIFICATE OF SERVICE

       This is to certify that I have this day served a copy of the Response and Objection of Southwire Company to Debtors' Motion for an Order Under U.S.C. Sections 363(b) and 365(a) and Fed.R.Bankr.P. 9019 Approving Procedures to Assume Certain Amended and Restated Sole Source Supplier Agreements by placing a copy of same in the United States Mail with adequate postage affixed thereon to insure delivery to the following:

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, Michigan 48098

Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Suite 2100
Chicago, Illinois 60606
Attn: John Wm. Butler, Jr.

Simpson Thacher & Bartlett, LLP
425 Lexington Avenue
New York, New York 10017
Attn: Kenneth S. Zimar

Davis Polk & Wardell
450 Lexington Avenue
New York, New York 10017
Attn: Marlane Melican

Latham, Watkins
885 Third Avenue
New York, New York 10022
Attn: Mark A. Broude

Office of the U.S. Trustee
33 Whitehall Street
Suite 2100
New York, New York 10004
Attn: Alicia M. Leonhard

    This 23rd day of November, 2005.

Respectfully submitted,

SMITH, GAMBRELL & RUSSELL, LLP

/s/Barbara Ellis-Monro_____
Barbara Ellis-Monro  (BEM 8615)
Georgia Bar No. 246117
(admitted pro hac vice)

Suite 3100, Promenade II
1230 Peachtree Street, NE    Attorneys for Southwire Company
Atlanta, Georgia 30309
(404) 815-3500