CALINOFF & KATZ LLP
Two Grand Central Tower
140 East 45th Street
17th Floor
New York, NY 10017

MILES & STOCKBRIDGE, P.C.
10 Light Street
Baltimore, MD 21202

Attorneys for Hydro Aluminum Rockledge, Inc. and
Hydro Aluminum Adrian, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- x
                                                     :
        In re                                        :    Chapter 11
                                                     :
DELPHI CORPORATION, et al.,                          :    Case No. 05-44481 (RDD)
                                                     :
                              Debtors.               :    (Jointly Administered)
                                                     :
                                                     :
---------------------------------------------------- x

## LIMITED OBJECTION OF HYDRO ALUMINUM ADRIAN, INC. AND HYDRO ALUMINUM ROCKLEDGE, INC., TO DEBTOR'S SUPPLIER AGREEMENT ASSUMPTION PROCEDURES MOTION

Hydro Aluminum Adrian, Inc. and Hydro Aluminum Rockledge, Inc., which trade as Hydro Aluminum Precision Tubing North America or Hydro PTNA (collectively, "Hydro")[1] by their undersigned counsel, object to the Debtor's Supplier Agreement Assumption Procedures Motion filed by the Debtor on November 18, 2005 (Docket #1099), and in support of their objection state:

---

[1] Several other Hydro affiliates and divisions do business with Delphi. To the extent that Delphi seeks similar relief against any other Hydro affiliate or division, this opposition is intend to address such other affiliates and divisions as well.
BALT01:1031586v2|G4891-000013|11/23/2005

1. Hydro provides aluminum tubing to the Debtor, through its Delphi Saginaw Steering Systems Division, for use in parts manufacturing by the Debtor.

2. Delphi and Hydro generally conduct business pursuant to master purchase orders that establish quantity pricing terms and pricing adjustments and expire on December 31 each year.

3. Hydro has been informed by representatives of Delphi that Delphi categorizes Hydro as a "Covered Supplier" and therefore subject to the Debtor's Supplier Agreement Assumption Procedures Motion.

4. The Supplier Agreement Assumption Procedures Motion establishes a procedure whereby the Debtors seek to extend agreements that will expire on December 31, 2005 and subject them to a series of new terms that were never negotiated or agreed to by the parties.

5. A debtor is not permitted to add, omit or modify terms of a contract when the debtor assumes and executory contract, absent consent of the other party. See, In re Leslie Faye Companies, Inc., 166 B.R. 802 (Bankr. S.D.N.Y. 1994): In re Village of Rathskeller, Inc., 147 B.R. 665 (Bankr. S.D.N.Y. 1992). In particular. "[n]othing in Section 365 gives a debtor the right to extend or vary the terms of an assumed agreement." In re Rigg, 198 B.R. 681, 685 (Bankr. N.D. Tex 1996), citing In re Mellen, 79 B.R. 385, 387 (Bankr. N.D.Ill. 1987).

6. Although the Debtor's motion *implies* that the other party must consent to the changes requested by the Debtor, the Order proposed by the Debtors provides that the new terms set forth in the Debtor's Supply Agreement Assumption Procedures Motion can be "*deemed to have been accepted*" by the non-Debtor party. This is accomplished by paragraphs 2 and 10 of the Proposed Order, which state:

2. The Debtors are hereby authorized, but not directed, to assume each Assumable Agreement pursuant to section 365(a) within a reasonable time prior to the date of expiration of such Assumable Agreement (the "Assumption Date"), without further order of this Court; <u>provided, however</u>, that the Debtors shall not assume any agreements, or pay any prepetition claims related thereto, under which a supplier sold all or some of its prepetition claims arising under such other wise Assumable Agreement to one or more third parties

...

10. The Debtors are hereby authorized, but not directed to provide an Assumption Agreement substantially in the form of the letter attached hereto as <u>Exhibit 1</u> to each Covered Supplier whose Assumable Agreement(s) are being assumed pursuant to the terms hereof along with a copy of the order granting this Motion; <u>provided, however</u>, that a Covered Supplier will be conclusively deemed to consent to and be irrevocably bound by the terms of this Order, notwithstanding its failure to enter into an Assumption Agreement, <u>upon its first shipment of Goods to the Debtors following the Assumption Date for the relevant assumed Assumable Agreement and payment of the first installment of Cure.</u>

7. Hydro anticipates that it will agree with the majority of the terms set forth in the Debtor's proposed Supplier Agreement that is attached as an exhibit to the Supplier Agreement Assumption Procedures Motion. However, there are certain terms as to which Hydro will not agree. In addition, Hydro will require a waiver of preference claims as a condition of entering into the proposed Supplier Agreement, inasmuch as Hydro is a trade creditor that supplied goods to the debtor in the ordinary course and does not want to be subjected to lengthy and expensive preference litigation arising from common commercial transactions which have gone on for years.

8. Hydro objects to the Supplier Agreement Assumption Procedures Motion to the extent that it provides that Hydro's consent they be "deemed" to have been given pursuant to the procedures set forth by the Debtor. The procedures themselves are vague as to when each of the events "triggering" the consent will have taken place, and in any event, no consent should be "deemed" to have been until it has been delivered in writing.

9. This Debtor has routinely threatened suppliers who have sought to withhold shipment pending resolution of genuine commercial disputes with inflated damage claims based on the notion that the Debtor's "just in time" inventory method does not permit the opposing party to cease shipping. The adoption of a procedure that creates an incentive on the part of the non-debtor Party to withhold shipment because there is doubt as to whether it will be deemed to have accepted objectionable is hardly in the Debtor's bets interest.

Wherefore, Hydro respectfully request that the Court deny entry of the Supplier's Assumption Procedures Motion insofar as the Motion to seek the entry of an Order which "deems" consent to have been given to the proposed Supplier Agreement or any other relief requested in the Supplier Agreement Assumption Procedures Motion.

Respectfully Submitted,

Robert A. Calinoff  (RAC 5743)
Calinoff & Katz, LLP
Two Grand Central Tower
140 East 45th Street
17th Floor
New York, NY  10017
(212) 826-8800

Thomas D. Renda
Miles & Stockbridge, P.C.
10 Light Street
Baltimore, MD  21202
(410) 395 3418

Attorneys for Hydro Aluminum
Rockledge, Inc. and Hydro
Aluminum Adrian, Inc.

CALINOFF & KATZ LLP
Two Grand Central Tower
140 East 45th Street
17th Floor
New York, NY 10017

MILES & STOCKBRIDGE, P.C.
10 Light Street
Baltimore, MD 21202

Attorneys for Hydro Aluminum Rockledge, Inc. and
Hydro Aluminum Adrian, Inc.


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
                                                       :
    In re                                          :    Chapter 11
                                                       :
DELPHI CORPORATION, et al.,                            :    Case No. 05-44481 (RDD)
                                                       :
                                 Debtors.       :    (Jointly Administered)
                                                       :
                                                       :
------------------------------------------------------ x


## CERTIFICATE OF SERVICE


    I HEREBY CERTIFY that I caused to be served by facsimile, a true and correct copy of the foregoing *LIMITED OBJECTION OF HYDRO ALUMINUM ADRIAN, INC. AND HYDRO ALUMINUM ROCKLEDGE, INC., TO DEBTOR'S SUPPLIER AGREEMENT ASSUMPTION PROCEDURES MOTION*, this 23rd day of November, 2005, to the following persons:

                                          Delphi Corporation
                                          5725 Delphi Drive
                                          Troy, Michigan 48098
                                          Attn: General Counsel

                                          Skadden, Arps, Slate, Meagher & Flom LLP
                                          333 West Wacker Drive, Suite 2100

Chicago, Illinois 60606
Attn: John William Butler, Jr.

Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Attn: Kenneth S. Zimar

Davis Polk & Wardell
450 Lexington Avenue
New York, NY 10017
Attn: Marlane Melican

Latham & Watkins
885 Third Avenue
New York, NY 10022
Attn: Mark A. Broude

Office of the United States Trustee
 for the Southern District of New York
33 Whitehall Street, Suite 2100
New York, NY 10004
Attn: Alicia M. Leonhard

_____
Robert A. Calinoff (RAC 5743)
Calinoff & Katz, LLP
Two Grand Central Tower
140 East 45th Street
17th Floor
New York, NY 10017