Kevin J. Burke (KB4560)
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York  10005
(212) 701-3000

Attorneys for Engelhard Corporation

**UNITED STATED BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
IN RE                                                          :    Chapter 11
:
DELPHI CORPORATION, ET AL.,                                    :    Case No. 05-44481 (RDD)
:
                                          Debtors.             :    (Jointly Administered)
:
:
---------------------------------------------------------------x

**LIMITED OBJECTION OF ENGELHARD CORPORATION TO DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. §§ 363(b) AND 365(a) AND FED. R. BANKR. P. 9019 APPROVING PROCEDURES TO ASSUME CERTAIN AMENDED AND RESTATED SOLE SOURCE SUPPLIER AGREEMENTS**

Engelhard Corporation ("Engelhard"), hereby respectfully objects to the Debtors' Motion for an Order Under 11 U.S.C. §§ 363(b) and 365(a) of the Bankruptcy Code (the "Code") and Fed. R. Bankr. P. 9019 Approving Procedures to Assume Certain Amended and Restated Sole Source Supplier Agreements ("Supplier Agreement Assumption Procedures Motion" or the "Motion") as follows:

1. Engelhard provides certain parts to Delphi Corporation ("Delphi") pursuant to several prepetition sole source supply agreements that expire at various times over the next few years and which the Debtors may attempt to assume under the procedures sought by this

-2-

Motion. Engelhard has continued to perform its obligations under those agreements according to their terms post-petition.

    2.  The Supplier Agreement Assumption Procedures Motion, if granted as proposed, would vest in the Debtors unprecedented power to force suppliers against their will to accept revised and extended agreements on new terms highly favorable to the Debtors without curing prepetition defaults in full as required by Section 365(b)(1). In actuality, Debtors do not seek to assume existing contracts in accordance with their terms as Section 365 contemplates, but rather seek to have the Court impose a new contract with a new term of years and various debtor-favorable provisions in derogation of Section 365 and unsupported by any other provision of the Code or the case law Debtors cite. Nor does Section 363(b) of the Code in any way allow Debtors to unilaterally impose their will with the Court's assistance on unwilling contractual counterparties as is sought by this Motion. Such a Court-imposed contractual relationship violates both the Code and the United States Constitution and the Motion should not be granted on the terms Debtors seek.

    3.  Although the Debtors claim in paragraph 21 of the Motion that any affected supplier must affirmatively accept the proposed revised agreement before the assumption would be effective, the Motion and Proposed Order provide no mechanism for an affected supplier to decline the terms of the proposed assumption. To the contrary, paragraph 23 of the Motion and paragraph 10 of the Proposed Order state that, notwithstanding the refusal of a supplier to accept the assumption on the new terms, they will be deemed to have accepted the assumption if they make a single shipment of goods under the purportedly assumed contract following the delivery of the assumption letter. Thus, in order to avoid assumption, a supplier with an existing contract would have to breach that agreement and refuse to deliver goods in accordance with the contract in order to avoid the automatic amendment, extension and restatement of its contract.

Such a provision puts the supplier in the untenable position of exposing itself to a damage claim for non-performance, or even a claim by the Debtors that the failure to perform violated the automatic stay under section 362 of the Code.

4. Other problems with the Motion include that the proposed cure payments are spread out over time, but are expressly not administrative obligations of the Debtor. This provision effectively allows the Debtors to borrow from the suppliers on an unsecured, non-interest bearing basis funds they would otherwise have to pay before assuming a contract. That post-petition borrowing does not impose a concomitant post-petition obligation on the Debtors to repay those sums even though the supplier, as conceded by Debtors, by continuing to supply needed goods, will be allowing Debtors to continue to operate.

5. The Motion and Proposed Order (paragraph 8(d)) provide that in the event of an assumption under the motion, the supplier foregoes for all time any request under the Code or any applicable non-bankruptcy law for further or adequate assurance of performance by the Debtors of their obligations regardless of what happens in the future.

6. The Motion contemplates in paragraph 22(f) and paragraph 8(f) of the Proposed Order that Debtors' cure under the assumed supplier agreements will be "*up to* 75%" (emphasis supplied) of prepetition defaults. How the Debtors will determine what cure payment will be imposed on a supplier pursuant to the Motion is unexplained, but could arbitrarily range from 0% to 75%.

7. Pursuant to paragraph 22(h) of the motion and paragraph 9 of the Proposed Order, any breach of the assumed agreement, no matter how trivial, automatically entitles the Debtors to assorted draconian rights and remedies, *e.g.,* any and all consequential damages, ceasing of cure payments, immediate disgorgement of prior cure payments. By inclusion of this

-4-

provision in the Proposed Order, Debtors have created a scheme of remedies that a supplier must automatically comply with under pain of contempt. No materiality threshold is applied and no reciprocal rights for breach by the Debtors, such as automatic acceleration of cure payments, are contemplated.

8. Because the legal issues raised by this objection are basic due process and fundamental issues of fairness, and since the Code provisions relied upon by Debtors on their face spell out the only manner in which an imposed contractual assumption can be accomplished under the Code, Engelhard respectfully requests that the requirement of service and filing of a separate memorandum of law under Local Rule 9013-1(b) be dispensed with or deemed satisfied by this submission.

Dated:  New York, New York
          November 23, 2005

                                    ___s/ Kevin J. Burke_____
                                    Kevin J. Burke (KB4560)
                                    CAHILL GORDON & REINDEL LLP
                                    80 Pine Street
                                    New York, New York  10005
                                    (212) 701-3000

                                    Attorneys for Engelhard Corporation