BODMAN LLP
Ralph E. McDowell (P39235) (Admitted Pro Hac Vice)
rmcdowell@bodmanllp.com
100 Renaissance Center, 34th Floor
Detroit, Michigan 48243
(313) 393-7592

Attorneys for Freudenberg-NOK, General Partnership and
its subsidiaries, Freudenberg-NOK, Inc., Flexitech, Inc. and
Vibracoustic de Mexico, S.A. de C.V.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____/

In re

DELPHI CORPORATION et al.,

        Debtors.
_____/

Chapter 11

Case No. 05-44481 (RDD)

(Jointly Administered)

## OBJECTION OF FREUDENBERG-NOK, GENERAL PARTNERSHIP AND ITS SUBSIDIARIES, FREUDENBERG-NOK, INC., FLEXITECH, INC. AND VIBRACOUSTIC DE MEXICO, S.A. DE C.V. TO DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 363(b) AND 365(a) AND FED. R. BANKR. P. 9019 APPROVING PROCEDURES TO ASSUME CERTAIN AMENDED AND RESTATED SOLE SOURCE SUPPLIER AGREEMENTS

Freudenberg-NOK, General Partnership and its subsidiaries, Freudenberg-NOK, Inc., Flexitech, Inc. and Vibracoustic de Mexico, S.A. de C.V. (collectively, "Freudenberg") object to the Motion for Order Under 11 U.S.C. §§ 363(b) and 365(a) and Fed. R. Bankr. P. 9019 Approving Procedures to Assume Certain Amended and Restated Sole Source Supplier Agreements ("Motion") filed by Debtors on November 18, 2005. Capitalized terms not defined in this objection shall have the meanings provided in the Motion. In support of the objection, Freudenberg states as follows:

Detroit_659439_1

1.   Prepetition, Freudenberg and certain Debtors entered into agreements under which Freudenberg provides parts to Debtors. As described in the Motion, some or all of those agreements may expire by their terms during Debtors' bankruptcy. Upon their expiration, Freudenberg will have no obligation (contractual or otherwise) to produce and ship to Debtors the parts that are the subject of the expiring agreements.

2.   Debtors' proposed procedure for modifying and assuming executory supply agreements is not appropriate because it does not provide that the other party to the supply agreement must affirmatively agree to the proposed modifications in writing for the modification and assumption to occur. Freudenberg does not agree to any modifications of its agreements with Debtors and objects to any procedure that would purport to modify those agreements without its written acceptance.

3.   In general, the Motion requests authority for Debtors to modify and assume executory supply contracts, within certain parameters, without further Court approval.

The Motion also requests, however, the following:

> "23.   To ensure that the Covered Suppliers that have their Assumable Agreements assumed comply with the Procedures and the Required Minimum Provisions, the Debtors propose that a letter substantially in the form of the letter attached hereto as Exhibit A (each such letter, an "Assumption Agreement") be sent to such Covered Suppliers along with a copy of the order granting this Motion; provided, however, that the Debtors further propose that such Covered Suppliers be conclusively deemed to consent to and be irrevocably bound by the Procedures and each of the Required Minimum Provisions, notwithstanding its failure to enter into an Assumption Agreement, upon its first shipment of Goods to the Debtors following the Assumption Date for the relevant assumed Assumable Agreement and payment of the first installment of Cure. The Debtors propose that the Assumption Agreement include, but not be limited to, the Required Minimum Provisions outlined above." Motion, ¶ 23, emphasis added.

4. Freudenberg objects to that portion of the relief requested that "deems" parties to "consent to" be "irrevocably" bound by modified contract terms. This attempted imposition of a <u>two year contract</u> with onerous, one-sided terms violates all notions of due process, contract law, bankruptcy law and equity.

5. Debtors may not assume an executory contract unless "[Debtor] cures, or provides adequate assurance that [Debtor] will promptly cure, such default." 11 U.S.C. 365(b)(1)(A). The Motion states that cure costs will be paid at an amount up to 75% of the outstanding prepetition liabilities of Debtors under the assumed agreements. Debtors are obligated to pay the prepetition liabilities under a contract in full because when Debtors assume a contract under 365(b)(1)(A) they "undertake a legal obligation to cure existing defaults under that agreement, including any arrears." *In re Genuity*, 323 B.R. 79, 84 (Bankr. S.D.N.Y. 2005) citing *Adventure Resources v. Holland,* 137 F.3d 786, 798 (4th Cir. 1997). As the Court stated in *In re Genuity*, "[t]he failure to comply with that legal obligation (*i.e.*, curing defaults) gives rise to a post-petition administrative claim that must be paid in full." 323 B.R. at 84. Any attempt by Debtors to pay less than 100% of the cure costs or to classify the cure claims as unsecured claims is not permitted by the Bankruptcy Code, unless the other party agrees. That agreement should not be implied.

6. Debtors cannot unilaterally modify the agreements they assume under section 365 of the Bankruptcy Code; "[I]t is settled law that a trustee or a debtor in possession 'takes the contracts of the debtor subject to their terms and conditions.'" *In re TSW Stores of Nanuet*, 34 B.R. 299, 304 (Bankr. S.D.N.Y. 1983) quoting *Thompson v. Texas Mexican Railway Co.* 328 U.S. 134, 141 (1946). Debtors' proposal that Freudenberg be "deemed" to have accepted the

Detroit_659439_1

Required Minimum provisions allows Debtors to accept the benefits of the agreements while reducing their own obligations.

7.  An executory contract cannot be assumed by implication "because notice to creditors and court approval is specifically required before contractual burdens can be imposed upon the estate." *In re Enron*, 300 B.R. 201, 214 (Bankr. S.D.N.Y. 2003). In ¶ 23 of the Motion, Debtors seek authority to bind Freudenberg to Debtors' proposed terms if Freudenberg ships goods to the Debtors following the relevant Assumption Date, even if Freudenberg fails to enter into an Assumption Agreement. The Assumption Date is to be chosen by Debtors. Under Debtors' proposed Order, Freudenberg is placed in the untenable position of either being deemed to have agreed to unacceptable contract modifications that it does not accept or refusing to ship goods to Debtors. Depending on the Assumption Date chosen by Debtors, a refusal to ship may result in a breach of the agreements and an alleged violation of the automatic stay.

8.  Paragraph 4 of the proposed order should provide that the Assumable Agreements can only be modified by written agreement, <u>not</u> through performance or otherwise. Similarly, the proviso (in brackets below) in paragraph 10 of the proposed order should be deleted. Paragraph 10 states:

> "10.  The Debtors are hereby authorized, but not directed to provide an Assumption Agreement substantially in the form of the letter attached hereto as <u>Exhibit 1</u> to each Covered Supplier whose Assumable Agreement(s) are being assumed pursuant to the terms hereof along with a copy of the order granting this Motion; [<u>provided</u>, <u>however</u>, that a Covered Supplier will be conclusively deemed to consent to and be irrevocably bound by the terms of this Order, notwithstanding its failure to enter into an Assumption Agreement, upon its first shipment of Goods to the Debtors following the Assumption Date for the relevant assumed Assumable Agreement and payment of the first installment of Cure]." Proposed Order, ¶ 10. Emphasis added.

-4-

9.  Although paragraph 14 of the proposed order appears to attempt to preserve certain rights of suppliers, its impact or application is unclear and its presence does not address the objections raised above.

10. Freudenberg also objects to paragraph 5 of the proposed order which appears to attempt to alter or amend the rights of suppliers under 11 U.S.C. § 365 without proper notice.

11. Finally, Freudenberg objects to the Motion because it does not state on whom a proposed Assumption Agreement will be served. Due to the large number of individuals involved in connection with the numerous contracts between Freudenberg and Delphi, Freudenberg requests that any proposed Assumption Agreement be served upon counsel for Freudenberg at the address below. Freudenberg objects to the service of any proposed Assumption Agreement on any other employee or representative of Freudenberg.

12. Notice of this limited objection has been provided in accordance with the terms of the Notice of Motion for an Order Under 11 U.S.C. Sections 363(b) and 365(a) and Fed. R. Bankr. P 9019 Approving Procedures to Assume Certain Amended and Restated Sole Source Supplier Agreements.

13. In light of the limited objection set forth above, Freudenberg respectfully requests that it not be required to serve and file a separate memorandum of law under Local Rule 9013-1(b).

## RELIEF REQUESTED

Freudenberg requests that the Court deny the Motion or strike those provisions that purport to bind Freudenberg to modification and assumption of its agreements on the terms proposed, absent its written agreement.

Dated: November 23, 2005                BODMAN LLP

By:   /s/   Ralph E. McDowell
        Ralph E. McDowell (P39235)
    (Admitted Pro Hac Vice)
100 Renaissance Center, 34th Floor
Detroit, Michigan 48243
(313) 259-7777
*rmcdowell@bodmanllp.com*

Attorneys for Freudenberg-NOK, General Partnership and its subsidiaries, Freudenberg-NOK, Inc., Flexitech, Inc. and Vibracoustic de Mexico, S.A. de C.V.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

DELPHI CORPORATION et al.,

Debtors.

_____/

Chapter 11

Case No. 05-44481 (RDD)

(Jointly Administered)

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of November, 2005, a copy of the foregoing Objection of Freudenberg-NOK, General Partnership and its subsidiaries, Freudenberg-NOK, Inc., Flexitech, Inc. and Vibracoustic de Mexico, S.A. de C.V. to Debtors' Motion for Order Under 11 U.S.C. §§ 363(B) and 365(A) and Fed. R. Bankr. P. 9019 Approving Procedures to Assume Certain Amended and Restated Sole Source Supplier Agreements was served via Federal Express (Priority Overnight) on the following parties:

Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
Attention: General Counsel

Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017
Attention: Kenneth S. Zimar

Latham & Watkins
885 Third Avenue
New York, New York 10022
Attention: Mark A. Broude

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
Attention: John Wm. Butler, Jr.

Davis Polk & Wardell
450 Lexington Avenue
New York, New York 10017
Attention: Marlane Melican

Office of the United States Trustee for the
 Southern District of New York
33 Whitehall Street, Suite 2100
New York, New York 10004
Attention: Alicia M. Leonhard

/s/ Linda M. Lane
Linda M. Lane, Assistant to Ralph E. McDowell
Bodman LLP
100 Renaissance Center, 34th Floor
Detroit, Michigan 48243
(313) 259-7777
Email: *llane@bodmanllp.com*

Detroit_659445_1