UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
:
In re:                              :    Chapter 11
                                    :
DELPHI CORP., et al.,               :    Case No. 05-44481 (RDD)
                                    :
    Debtors.                        :    Jointly Administered
                                    :
                                    :
------------------------------------x

AFFIDAVIT OF BROCK E. PLUMB IN SUPPORT OF APPLICATION FOR
ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND 1107(b) AUTHORIZING EMPLOYMENT
AND RETENTION OF DELOITTE & TOUCHE LLP AS
INDEPENDENT AUDITORS AND ACCOUNTANTS TO
DEBTORS, EFFECTIVE NUNC PRO TUNC TO OCTOBER 8, 2005

**Brock E. Plumb, being duly sworn, deposes and states as follows:**

1.  I am a partner in the firm of Deloitte & Touche LLP (hereinafter "Deloitte & Touche"), which has an office located at 600 Renaissance Center, Suite 900, Detroit, Michigan 48243-1895.  I submit this affidavit (the "Affidavit") based upon inquiries made by me or on my behalf in support of the Application For Order Under 11 U.S.C. §§ 327(a), 328(a) and § 1107(b) Authorizing Employment And Retention Of Deloitte & Touche LLP As Independent Auditors And Accountants To Debtors, effective nunc pro tunc to October 8, 2005 (the "Retention Application").  The Debtors desire to retain and employ Deloitte & Touche as their independent auditors and accountants so that Deloitte & Touche can continue to provide auditing and accounting services as described herein and consistent with the terms and conditions of the engagement letters attached as Exhibits A and B to the Retention Application (respectively, the "Audit Services Engagement Letter" and the "Government Reports Engagement Letter," and collectively, the "Engagement Letters") and incorporated herein by reference.  Capitalized terms used herein are as defined in the Retention Application unless otherwise specified.

2. To my knowledge based on reasonable inquiry, (1) Deloitte & Touche, and the partners, principals and directors of Deloitte & Touche who are anticipated to provide the services as part of the engagement team (the "Delphi Engagement Team") on the engagement for which Deloitte & Touche is to be retained in these chapter 11 cases (the "Deloitte & Touche Partners/Directors") do not hold or represent any interest adverse to the Debtors with respect to the matters on which Deloitte & Touche is to be retained in these chapter 11 cases, except as is set forth herein or on <u>Attachment A</u> hereto, and (2) Deloitte & Touche and the Deloitte & Touche Partners/Directors have no connections to any of the Debtors, any of the Debtors' significant creditors, other significant parties-in-interest in these chapter 11 cases, or to the attorneys and accountants that are known to me to be assisting the Debtors or various committees in each case as identified to Deloitte & Touche by the Debtors, except as set forth herein or on Attachment A hereto.

3. Deloitte & Touche is a national professional services firm with more than 1,200 partners and principals and thousands of professional staff. Since the inception of their business operations, the Debtors have employed Deloitte & Touche as their independent auditors and accountants and Deloitte & Touche or its affiliates have in the past provided tax and consulting services to the Debtors or their affiliates. On account of these previous engagements by the Debtors, Deloitte & Touche has considerable knowledge concerning the Debtors and is already familiar with the Debtors' business affairs to the extent necessary for the scope of the proposed services. Such experience and knowledge will be valuable to the Debtors in their efforts to reorganize in a cost-effective, efficient, and timely matter. Further, Deloitte & Touche is also well qualified by reason of its experience in delivering accounting and auditing services in chapter 11 cases. Deloitte & Touche thus has significant qualifications and broad and relevant

experience in performing the scope of work described below. At the Debtors' request, Deloitte & Touche has continued to perform necessary audit services since the date of the chapter 11 filing, and hence, the Debtors have requested that the Court authorize Deloitte & Touche's retention effective as of the Petition Date.

4. From time to time, Deloitte & Touche or its affiliates have provided services, currently provide or may currently provide services, and may in the future provide services, to certain creditors of the Debtors and various other parties-in-interest, including, without limitation, parties that may be adverse to the Debtors, and the attorneys or accountants that are assisting the parties-in-interest in these chapter 11 cases, in matters unrelated to these chapter 11 cases. As described below, Deloitte & Touche has undertaken an internal search in an effort to determine, and to disclose, whether it is or has been employed by or has other connections with entities that were listed on a suggested schedule provided to Deloitte & Touche by the Debtors in connection with these chapter 11 cases. Additionally, certain of these creditors, other parties-in-interest, attorneys, or accountants have or may have provided goods or services to, currently provide or may currently provide goods or services to, and may in the future provide goods or services to Deloitte & Touche or its affiliates and the Deloitte & Touche Partners/Directors in matters unrelated to these chapter 11 cases.

5. To check upon and disclose possible relationships with parties-in-interest in these chapter 11 cases, Deloitte & Touche researched its client databases and performed reasonable inquiry to determine whether it or its affiliates had any relationships with certain entities that were listed on a schedule provided to Deloitte & Touche by the Debtors in connection with these chapter 11 cases, which included the following:

- the Debtors and their affiliates;

3

- the Debtors' directors and officers;

- the largest creditors of the Debtors;

- the major shareholders of the Debtors;

- the Debtors' significant bank lenders;

- the largest debt holders of the Debtors;

- the attorneys and certain other professionals that the Debtors have employed in these Chapter 11 cases; and

- various other potential parties-in-interest as identified by the Debtors.

6. From this internal search, Deloitte & Touche has determined that certain relationships should be disclosed as follows:

(a) Deloitte & Touche Tohmatsu ("DTT"), a Swiss Verein, is an association of various member firms including Deloitte & Touche USA LLP, an affiliate of Deloitte & Touche. Certain non-U.S. member firms of DTT or their affiliates (the "DTT Member Firms") have provided, currently provide, or may in the future provide professional services in various situations to certain of the Debtors' affiliates.[1] Certain of the DTT Member Firms will assist Deloitte & Touche in connection with its audit services but these DTT Member Firms will not be retained by or seek payment from the Debtors for such services, but will instead be retained and paid by certain of the applicable Debtors' non-filing affiliates.

(b) Deloitte & Touche is, and has been in the past, the independent auditors for General Motors Corporation ("General Motors"), the former parent of Delphi and a significant creditor in these chapter 11 cases, and to its affiliates, and Deloitte & Touche has also provided and currently provides other services to General Motors or its affiliates.

No member of the Deloitte & Touche engagement team providing audit services to General Motors (the "General Motors Engagement Team") currently provides services to any of the Debtors as part of the Delphi

---

[1] Each of the DTT Member Firms is a separate and independent legal entity. It is not Deloitte & Touche's practice to undertake conflicts checks with DTT Member Firms for the purpose of identifying relationships that they may have with the Debtors and other parties-in-interest, and Deloitte & Touche does not maintain a database for the purpose of identifying all such relationships.

4

Engagement Team[2]. The spouse of an audit partner on the Delphi Engagement Team is an audit partner on the General Motors Acceptance Corporation engagement team. A Senior Manager on the Delphi Engagement Team is married to a Senior Manager on the General Motors Acceptance Corporation engagement team. A Manager on the Delphi Engagement Team is married to an employee of General Motors.

Deloitte & Touche anticipates that it will continue to provide audit and other services to General Motors and it would not accept an engagement to assist either Delphi or General Motors in connection with litigation, if any, between Delphi and General Motors in connection with these chapter 11 cases. Deloitte & Touche has established and intends to continue to maintain an ethical wall and confidentiality safeguards between the General Motors Engagement Team on the one hand, and the Delphi Engagement Team, on the other.

(c)   Certain financial institutions that are included on Attachment A hereto or their affiliates including GE, Bank of America (aka Fleet, Nationsbank, NCNB), Wachovia Bank (aka First Union), Citibank, JP Morgan Chase (aka Bank One), CFSB, Wells Fargo, Bank of Nova Scotia, Barclays Bank, LaSalle Bank (ABN/Amro), HSBC Bank, KeyBank, Lehman Bros. and Safeco are lenders to an affiliate of Deloitte & Touche. Deloitte & Touche is a guarantor of such indebtedness. Certain of these financial institutions have also financed a portion of the capital and capital loan requirements of various partners and principals of Deloitte & Touche.

(d)   Deloitte & Touche or its affiliates have provided, may currently provide and may in the future provide services to certain of the law firms listed herein or on Attachment A hereto, including, without limitation, Skadden, Arps, Slate, Meagher, & Flom ("Skadden, Arps") and Shearman & Sterling LLP ("Shearman"), counsel to the Debtors, and Latham & Watkins LLP ("L&W"), proposed counsel to the Creditors Committee, in matters unrelated to these chapter 11 cases, and each of the law firms listed herein or on Attachment A, including Skadden Arps; Shearman; Butzel, Long; Baker Botts LLP; Pepper Hamilton LLP; Thompson, Hine & Flory LLP and L&W, may, or in certain cases, have provided, or currently are providing and may in the future provide legal services to Deloitte & Touche or its affiliates, in each case, in matters unrelated to these chapter 11 cases.

(e)   In the ordinary course of its business, Deloitte & Touche has business relationships in unrelated matters with its principal competitors, the other large accounting firms, including KPMG LLP, Ernst & Young LLP, and PriceWaterhouse Coopers LLP, which together with their affiliates, have

---

[2] The reference to the term "engagement team" does not include certain national office personnel who may have some involvement with both engagement teams at a consultative level.

5

been identified by the Debtors as potential parties-in-interest in these Chapter 11 cases. For example, from time to time, Deloitte & Touche and one or more of such entities may work on assignments for the same client or may otherwise engage each other for various purposes.

(f) Certain parties-in-interest are or may be adverse to and/or involved in litigation matters with Deloitte & Touche, its affiliates, or DTT Member Firms in connection with matters unrelated to these Chapter 11 cases.

(g) Deloitte & Touche has been named as a defendant in a class action lawsuit against Delphi, among others, which has been recently filed in the United States District Court for the Southern District of New York (In re Delphi Corp. Securities Litigation, Case No. 1:05-CV-2637 (NRB) (the "Class Action Suit")). The Class Action Suit asserts claims under the federal securities laws against numerous defendants, including Deloitte & Touche. Setech, Inc., a named defendant in the Class Action Suit, is a Deloitte & Touche client, as are certain other of the named defendants or their affiliates. Deloitte & Touche was also named as a defendant in an action filed in the United States District Court for the Eastern District of Michigan (Folck v. Delphi Corp., Case No. 2:05-CV-71200 (PDB-MKM), which has been consolidated as In re Delphi Erisa Litigation, master file no. 05-CV-70882 (PDB-SDP). Deloitte & Touche was named as a defendant in a derivative action filed in the Circuit Court for the County of Oakland, Michigan (Weilheimer v. Battenberg, Case No. 05-068931-CK). As is publicly known, the Securities and Exchange Commission has commenced an investigation regarding Delphi; Deloitte & Touche has received subpoenas in such investigation.

(h) An affiliate of Deloitte & Touche, Deloitte & Touche Tax Technologies LLC ("Deloitte & Touche Tax Technologies") has a software licensing agreement with the Debtors and has supplied, currently supplies, and may in the future supply tax return preparation software and related services to the Debtors. Deloitte & Touche understands that the Debtors will not seek to have Deloitte Tax Technologies retained as a professional services provider in light of the incidental and de minimis nature of such services.

(i) Deloitte & Touche or its affiliates provide a range of services for a number of companies in the automotive industry, including Ford Motor Company and Daimler-Chrysler AG.

(j) Deloitte & Touche has provided and may in the future provide audit services to certain benefit plans of the Debtors pursuant to separate engagement letters.

(k) Deloitte Financial Advisory Services LLP, an affiliate of Deloitte & Touche, provides financial advisory services to the Pension Benefit

6

>    Guaranty Corporation (the "PBGC").  The Debtors and their pension plans are not the subject of these services to the PBGC.

7. Despite the efforts described above to identify and disclose Deloitte & Touche's connections with the parties-in-interest in these chapter 11 cases, because Deloitte & Touche is a nationwide firm with thousands of personnel, and because the Debtors are a very large enterprise, Deloitte & Touche is unable to state with certainty that every client relationship or other connection has been disclosed.  In this regard, if Deloitte & Touche discovers additional material information that it determines requires disclosure, it will file a supplemental disclosure promptly with the Court.

8. Insofar as I am aware, no member of the Delphi Engagement Team is a relative of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), or the Bankruptcy Judge presiding in these chapter 11 cases.

9. Except as may be disclosed herein or in any schedules attached hereto, to the best of my knowledge after reasonable inquiry, Deloitte & Touche and the Deloitte & Touche Partners/Directors do not hold or represent any interest adverse to the Debtors in the matters for which Deloitte & Touche is being retained, and I believe that Deloitte & Touche is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code.

## Scope of Services

10. As noted above, prior to the Petition Date, Deloitte & Touche served as the Debtors' independent auditors and accountants.  Deloitte & Touche's retention by the Debtors postpetition will continue to be the same scope of auditing and accounting services (or on such other terms as may be agreed to by the Debtors and Deloitte & Touche, including pursuant to written engagement letters entered into between the Debtors and Deloitte & Touche).  If the

7

Debtors seek to expand the scope of Deloitte & Touche's retention, a supplemental affidavit will be filed with the Court and served on the United States Trustee's Office and the Official Committee of Unsecured Creditors. The nature and extent of the services that Deloitte & Touche proposes to render to the Debtors are as follows:

    (a)    auditing the consolidated annual financial statements of the Debtors for the fiscal year ending December 31, 2005 and thereafter;

    (b)    expressing an opinion on management's assessment of the effectiveness of the Debtors' internal controls over financial reporting as of December 31, 2005 and thereafter;

    (c)    performing reviews of interim financial statements for the three month and nine month period ended September 30, 2005 and thereafter;

    (d)    assisting the Debtors in their preparation of certain mandatory governmental reports as set forth in the Government Reports Engagement Letter attached to the Application as <u>Exhibit B</u>; and

    (e)    as may be agreed to by Deloitte & Touche, rendering such other audit and accounting services, including assistance in connection with reports requested of the Debtors by the Court, the U.S. Trustee or parties in interest, as the Debtors, their attorneys or financial advisors may from time to time request.

11. Deloitte & Touche has significant qualifications and experience in performing the scope of work described above. Deloitte & Touche has been Delphi's independent auditors since Delphi became an independent company in 1999. Deloitte & Touche believes it brings to the services for Delphi unique experience, factual knowledge of the clients' operations and economies of scale that could not be replicated elsewhere, even at substantially greater cost to the Debtors.

12. Deloitte & Touche was paid approximately $5,840,000 by the Debtors within the ninety days prior to the Petition Date and approximately $18,300,000 during the last annual period. Of these amounts, approximately $400,000 constitutes a prepaid retainer which Deloitte

8

& Touche intends to request be applied to the amount it seeks in its first interim fee application. These amounts also include amounts paid by certain benefit plans of the Debtors with respect to services thereto. Deloitte & Touche is owed approximately $62,490 by certain of those benefit plans of the Debtors. Deloitte & Touche will not seek recovery of such amount, subject to and contingent upon Court approval of Deloitte & Touche's retention hereunder.

13. Deloitte & Touche intends to apply to the Court for allowance of compensation and reimbursement of expenses consistent with the terms of the Retention Application and this Affidavit, the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court of the Southern District of New York, guidelines established by the U.S. Trustee, and the Orders of this Court.

14. Subject to this Court's approval, except as specified below, Deloitte & Touche will charge its then-current regular hourly billing rates in performing the aforementioned services. The range of Deloitte & Touche's applicable hourly billing rates by classification of personnel under the Audit Services Engagement Letter currently is as follows:

| Personnel Classification | Hourly Billing Rate |
| --- | --- |
| Partner/Principal/Director | $600 to $750 |
| Senior Manager | $350 to $525 |
| Manager | $340 to $600 |
| Senior Staff | $240 to $390 |
| Staff | $100 to $340 |
| Administrative Staff | $70 to $100 |

Deloitte & Touche's applicable hourly billing rate under the Government Reports Engagement Letter is $75 per hour.

15. The range of billing rates reflects, among other things, differences in experience levels within classifications, geographic differentials and differences between types of services

9

being provided. In the normal course of business, Deloitte & Touche's hourly rates are adjusted from time to time. Accordingly, Deloitte & Touche requests that the aforementioned rates be revised to the hourly rates that will be in effect from time to time. Deloitte & Touche will advise the Debtors no later than thirty days in advance if a rate adjustment is being made by Deloitte & Touche.

16. The professional fees charged for Deloitte & Touche's services are calculated from the actual hours expended in providing the services described herein multiplied by the applicable hourly billing rates for the specific personnel involved. In addition, consistent with the Court's guidelines and those of the U.S. Trustee, expenses, including, without limitation, telephone, computer usage, travel, messengers and photocopying, will be included in the total amount billed.

17. Deloitte & Touche requests that it be permitted to submit monthly invoices for fees and expenses. Such invoices will contain reasonable detail consistent with any rules, guidelines, and/or administrative orders promulgated by the Court that apply to these chapter 11 cases. Deloitte & Touche requests that the invoices, after appropriate review, be paid in a manner consistent with the payment of other retained professionals in these chapter 11 cases, consistent with any administrative orders, if any, that would apply to interim payments.

18. All payments rendered pursuant to Deloitte & Touche's retention by the Debtors must be approved by an Order of this Court and based upon the filing by Deloitte & Touche of appropriate interim and final applications for allowance of compensation and reimbursement of expenses.

19. Deloitte & Touche recently completed a reorganization of some of its business units, including its financial advisory services, tax services, solutions, human capital and

10

outsourcing business functions. This reorganization is intended to align the organizational structure more closely with the manner in which business is conducted. These business functions are now being conducted by entities affiliated with Deloitte & Touche, including Deloitte Financial Advisory Services LLP ("Deloitte FAS"), Deloitte Consulting LLP ("Deloitte Consulting") and Deloitte Tax LLP ("Deloitte Tax"). Accordingly, some services incidental to the tasks to be performed by Deloitte & Touche in these chapter 11 cases may be performed by personnel now employed by or associated with Deloitte FAS, Deloitte Consulting, Deloitte Tax and/or their respective subsidiaries, including subsidiaries located outside of the United States. The relationships of Deloitte FAS, Deloitte Consulting and Deloitte Tax are included herein or in Attachment A hereto. The fees and expenses with respect to such services will be included in the fee applications of Deloitte & Touche.

20. Deloitte & Touche has received no promises regarding compensation in these chapter 11 cases other than in accordance with the Bankruptcy Code and as set forth in this Affidavit. In respect of the services to be provided by Deloitte & Touche to the Debtors in these chapter 11 cases, Deloitte & Touche has no agreement with any nonaffiliated entity to share any revenues from such services, except as set forth herein.

[Signature page follows]

Dated:   New York, New York
         November 9, 2005

                                        By:   /s/ Brock E. Plumb_____
                                              Brock E. Plumb

Sworn to before me on
this 9th day of November, 2005

/s/ Michele Piscitelli_____
Notary Public
State of Michigan, County of Oakland
My commission expires September 22, 2007
Acting in the County of Oakland

ATTACHMENT A

       Parties-in-interest (or certain of their affiliates) for whom Deloitte & Touche LLP or certain of its affiliates (the "Deloitte U.S. Entities") may have provided or may currently be providing services or with whom the Deloitte U.S. Entities may have other relationships, including banking relationships.

3M Company
ABN AMRO Bank N.V.
Air Liquide Industrial
Akebono Brake Industry
Alcoa Inc.
Alps Electric Company Ltd.
American Axle & Mfg Holdings
Ameritech Credit Corporation
Apollo Distressed Investments
Applied Industrial Technologies, Inc.
Applied Industrial Technologies-ABC, Inc.
Applied Industrial Technologies-DBB, Inc.
Applied Industrial Technologies-Dixie, Inc.
Appaloosa Investment Limited Partnership Ltd. I
Banca Bilbao Vizcaya Argentaria, S.A.
Banca Nazionale Del Lavoro
Banco Santander Central Hispano
Bank of America
Bank of China Luxembourg
Bank of New York
Bank of Nova Scotia
Bank of Tokyo Mitsubishi Trust Company
Bank One Trust Company N.A.
Barclays Bank PLC
Bell Microproducts, Inc.
Blackstone Capital Partners
Blahnik, John G.
BNP Paribas
Bosch, Robert Stiftung GmbH
Calsonic Kansei Corp.
Calyon New York Branch
Canon Financial Services Inc.
Capital Group International
Capital Research & Management Company
Cargill Financial Services
Centura Bank
CFSB
Chuo Spring Company Limited
Chuo Spring Company Limited
Cineplex Galaxy Income Fund

CIT Communications Finance Corporation
CIT Technologies Corporation
Citibank
Citicorp Vendor Finance, Inc.
Citigroup or affiliates
CNA
Comerica Bank Michigan
Compaq Financial Services Corporation
Corning Inc.
Credit Industrial et Commercial
Credit Lyonnais
Credit Suisse (CFSB)
Cupertino National Bank c/o Greater Bay Capital
Dana Corporation
Dell Financial Services
Delphi Corporation and its Affiliates
Deutsche Bank AG
Deutsche Bank Trust Company America
Dodge & Cox
Dura Automotive Systems Inc.
E.on AG
EI Dupont de Nemours & Co.
Engelhard Corporation
Federal Environmental Protection Agency
Fifth Third Bank
First National Bank of Chicago
Formosa Plastics Corporation
General Electric Capital Asset Funding
General Electric Capital Corporation
General Electric Company
General Motors Corporation or affiliates
Georgia Workers' Compensation Board
GMACCM Asset Management de Mexico
Goldman Sachs Credit Partners
Grand Central Asset Trust
HBK Master Fund
Heartland Industrial Partners LP or affiliates
Hitachi Credit America Corp.
Hitachi Ltd.
HSBC Bank USA, NA
Hub Group
Huntington National Bank
Illinois Tool Works
Infineon Technologies AG
Intermet Corp
J.P. Morgan Trust Company, N.A.

**Deleted:** NY441713.1¶
66666666666¶
11/03/2005 pgs

Johnson Electric Holdings
JPMorgan Chase Bank or affiliates
Juki Automation Systems, Inc.
Kansas Workers' Compensation Board
KeyBank National Association
Kirkland & Ellis LLP
Koninklijke Philips Electronics
Kyocera Mita America, Inc.
LaSalle Bank
LaSalle National Leasing Corp
Latham & Watkins LLP
Lease Plan USA, Inc.
Lehman Commercial Paper Inc.
Makino Inc.
Matsushita Electric Industrial
Metaldyne Corporation
MetLife Capital LP
Michigan Department of Environmental Quality
Milacron Marketing Company
Minolta Business Solutions, Inc
Molex Inc.
Morgan Stanley Senior Funding
Mori Seiki USA Inc.
Motorola Credit Corporation
Motorola Inc.
Nan Ya Plastics Corporation
NEC Corporation
New Jersey Environmental Protection Agency
New York Workers' Compensation Board
Norsk Hydro ASA
OCE Financial Services, Inc.
OCE North America, Inc.
Oce-USA, Inc.
Ogura Clutch Company
Ohio Environmental Protection Agency
Okuma America Corporation
Peltz Group Inc., The
Pension Benefit Guaranty Corporation
Penske, Roger S.
ProLogis-Juarez (2) Investment LLC
Rave Financial Services Inc.
RLI Surety
Rothschild North America
Royal Bank of Scotland
Safeco Insurance
Sea Pines Funding LLC

**Deleted:** NY441713.1¶
66666666666¶
11/03/2005 pgs

Sequa Corporation
Setech, Inc.
Severn River Master Fund Ltd.
Shearman & Sterling
Shin Kobe Electric Machinery Company Limited
Siemens AG
Simpson Thacher & Bartlett LLP
Skadden, Arps, Slate, Meagher & Flom LLP
Societe Generale SA
Solectron Corporation
State of Kansas, Workers' Compensation Board
State Street Bank & Trust Company
STMicroelectronics
Sumitomo Mitsui Banking Corporation
Tennant Financial Services
Tennessee Valley Authority
Texas Instruments Inc.
Textron
Thyssenkrupp
Timken Company Inc., The
Toronto Dominion Bank
Toshiba American Information Systems Inc.
Toyota Motor Corporation
TRS Callisto (JPMorgan Chase)
TRS Leda (JPMorgan Chase)
TRS Thebe (JPMorgan Chase)
Tyco International
UBS AG
UBS Loan Finance LLC
UMB Bank Colorado, NA
Union Bank of Switzerland
Viasystems Group
Wachovia Bank
Weber, Mark R.
Wells Fargo Bank Northwest
Worthington Industries Inc.
XPEDX

**Deleted:** NY441713.1¶
66666666666¶
11/03/2005 pgs