UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :

    In re                                        :      Chapter 11
                                                         :
DELPHI CORPORATION, et al.,          :      Case No. 05-44481 (RDD)
                                                          :
                                 Debtors.   :      (Jointly Administered)
                                                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND 1107(b) AUTHORIZING
EMPLOYMENT AND RETENTION OF DELOITTE & TOUCHE LLP
AS INDEPENDENT AUDITORS AND ACCOUNTANTS TO DEBTORS,
<u>EFFECTIVE NUNC PRO TUNC TO OCTOBER 8, 2005</u>

("DELOITTE & TOUCHE RETENTION ORDER")

Upon the application dated November 23, 2005 (the "Application") of Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 327(a), 328(a), and 1107(b) and Fed. R. Bankr. P. 2014 authorizing the employment and retention of Deloitte & Touche LLP ("Deloitte & Touche") as independent auditors and accountants to the Debtors, effective <u>nunc pro tunc</u> to October 8, 2005; and upon the Affidavit of Brock E. Plumb, sworn to November 9, 2005, in support of the Application; and upon the record of the hearing held on the Application; and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

        ORDERED, ADJUDGED, AND DECREED THAT:

        1.    The Application is GRANTED on a final basis.

2. Subject to the terms of this Order, the Debtors' employment of Deloitte & Touche as their independent auditors and accountants pursuant to the terms and conditions of the Application (and the engagement letters attached thereto) is approved pursuant to sections 327(a), 328(a), and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), effective nunc pro tunc to October 8, 2005.

3. Deloitte & Touche shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court.

4. All requests of Deloitte & Touche for payment of indemnity pursuant to that certain engagement letter dated January 24, 2005 (the "Government Reports Engagement Letter", and together with the audit services engagement letter dated August 29, 2005, the "Engagement Letters") shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Government Reports Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall Deloitte & Touche be indemnified for its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

5. That in no event shall Deloitte & Touche be indemnified for a claim that a court determines by final order to have arisen out of Deloitte & Touche's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

6. That in the event that Deloitte & Touche seeks reimbursement for attorneys' fees from the Debtors pursuant to the Government Reports Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Deloitte & Touche's own applications (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of §§ 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under § 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy Section 330(a)(3)(C) of the Bankruptcy Code.

7. To the extent this Order is inconsistent with the Engagement Letters, this Order shall govern.

8. Any party-in-interest shall have the right to raise the issue of the application of Deloitte & Touche's prepetition retainer to postpetition fees and expenses.

9. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

10. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:    New York, New York
          November __, 2005

_____
UNITED STATES BANKRUPTCY JUDGE