Hearing Date: November 29, 2005
at 10:00 am.

Blank Rome LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000
Marc E. Richards (MER-9465)

Co-Counsel for DENSO International America, Inc.
and Affiliates.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, *et al..,* | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**OBJECTION OF DENSO INTERNATIONAL AMERICA, INC. AND AFFILIATES
TO SUPPLIER AGREEMENT ASSUMPTION PROCEDURES MOTION**

DENSO International America, Inc. and Affiliates ("DENSO"), by its Co-Counsel, Blank Rome LLP and Plunkett & Cooney, P.C., for its objection to the Supplier Assumption Procedures Motion of Delphi Corporation and its Affiliates (collectively, "Delphi" or "Debtors") dated November 18, 2005 ("Motion") respectfully represents:

1.  DENSO and Delphi purchase automotive component parts from each other pursuant to a multitude of purchase orders, only a portion of which may be affected by the Motion. As of October 8, 2005 (the "Petition Date"), Delphi was indebted to DENSO for several million dollars and DENSO was likewise indebted to Delphi for a lesser amount. DENSO and Delphi have not effectuated a setoff of their pre-petition

1

mutual obligations.  In fact the parties have continued to do business and met as recently as November 21st at Delphi's offices in an effort to resolve some of the extant issues between them.  At the time of that meeting, DENSO was not aware of the relief sought in the Motion.

2.     DENSO has been and continues to be a major supplier to and major customer of Delphi since the Petition Date.

3.     On November 18, 2005, Debtors filed their Supplier Agreement Assumption Procedures Motion.  In that Motion, the Debtors request that this Court approve certain procedures to allow Debtors to assume various supply agreements.  As noted, only a portion of the outstanding purchase orders expire by their own terms at year end.  The balance of the purchase orders between the parties expire over the next two years and DENSO believes would not be impacted by the Motion.  DENSO does object, however, to the Motion on several grounds.

4.     As noted by Robert Bosch Corporation in its objection, Paragraph 23 of the Motion states that Covered Suppliers[1] could be bound to the terms of an Assumption Agreement even if they do not sign the Assumption Agreement; they can be bound by performance instead.  Paragraph 23 states as follows in relevant part:

> [P]rovided, however, that the Debtors further propose that such Covered Suppliers be conclusively deemed to consent to and be irrevocably bound by the Procedures and each of the Required Minimum Provisions, notwithstanding its failure to enter into an Assumption Agreement, upon its first shipment of Goods to the Debtors following the Assumption Date for the relevant assumed Assumable Agreement and payment of the first installment of Cure.

---

[1]    Capitalized terms are the same as set forth in the Motion.

2

5. DENSO objects to the extent it seeks to permit acceptance of an Assumption Agreement because a Covered Supplier could refuse to sign an Assumption Agreement, yet it could be bound by the Assignment Agreement if it inadvertently continues performance under the applicable contract. An Assumption Agreement should only be binding when it is executed by an authorized representative of a Covered Supplier rather than by performance.

6. In addition, DENSO objects that the Covered Supplier unconditionally waives the right to seek additional adequate assurance in the future and agrees that any claim for breach of an Assumed Agreement would be an unsecured claim. In the first instance, what if the Debtors' Final DIP Financing Order is in some fashion terminated or significantly amended? And what if there is work stoppage or strike? These events, however unlikely, would certainly be instances that may warrant an additional form of adequate assurance. Yet, under the Motion the Covered Supplier is precluded from seeking additional assurance under these extraordinary circumstances.

7. DENSO and Delphi are parties to a number of purchase orders which were negotiated at arms length. DENSO reserves any and all of its rights under the purchase orders, the Bankruptcy Code and Rules, to raise other objections to the Motion.

WHEREFORE, DENSO requests that the Court deny the Supplier Agreement Assumption Procedures Motion unless (a) the Motion is modified so that the Assumption Agreement can only be accepted by an appropriate representative of a Covered Supplier and cannot be accepted by performance; and (b) together with such other and further relief as the Court deems appropriate.

BLANK ROME LLP

/s/ Marc. E. Richards
Marc E. Richards (MER-9465)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

and

PLUNKETT & COONEY, P.C.
Douglas C. Bernstein (MI-P 33833)
38505 Woodward Avenue
Suite 2000
Bloomfield Hills, MI 48304
(248) 901-4000

Co-Counsel for DENSO International
America, Inc. and Affiliates

124113.01600/6438789v.2