Hearing Date and Time: November 29, 2005 at 10:00 a.m.
Objection Deadline: November 25, 2005 at 4:00 p.m.

**SEYFARTH SHAW LLP**
1545 Peachtree Street, Suite 700
Atlanta, Georgia 30309
(404) 885-1500
Paul M. Baisier (PB 032825)

-and-

**SEYFARTH SHAW LLP**
1270 Avenue of the Americas, Suite 2500
New York, New York 10020-1801
Tel: (212) 218-5500
Robert W. Dremluk (RD 3109)

*Attorneys for Murata Electronics North America, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al. | ) | Case No. 05-44481 (RDD) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

-----------------------------------------------------X

## LIMITED OBJECTION TO SUPPLIER
## AGREEMENT ASSUMPTION MOTION

TO:   HONORABLE ROBERT D. DRAIN
       UNITED STATES BANKRUPTCY JUDGE:

Murata Electronics North America, Inc. (the "Murata"), by and through its undersigned counsel, hereby objects to the "Motion for an Order Under 11 U.S.C. §§363(b) and 365(a) and Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Amended and Restated Sole Source Supplier Agreement" (the "Motion") filed by the Debtors in the above-captioned bankruptcy proceeding on or about November 18, 2005. As grounds for its Limited Objection, Murata respectfully represents as follows:

NY1 25140821.1

## Background

1.  These cases were commenced by the Debtors (the "Debtors") under Chapter 11 of title 11, United States Code (the "Bankruptcy Code") on October 8, 2005 and October 14, 2005. The Debtors remain in possession. No trustee or examiner has been appointed.

2.  Murata is the recipient of numerous Purchase Orders from one or more of the Debtors, and is a party with one or more of the Debtors to several "Long Term Agreements." Murata is supplying goods to the Debtors on a postpetition basis.

3.  Murata is generally supportive of the Debtors' efforts to continue to assure the supply of critical parts for their operations, and does not oppose the Debtors having the authority to enter into voluntary agreements with their suppliers along the lines proposed in the Motion. The Limited Objection of Murata to this Motion relates only to the potential involuntary imposition by the Debtors on Murata of the relief sought.

## Limited Objection to Motion

4.  In the Motion, the Debtors seem to seek authority to impose the "assumptions with modification" described in the Motion on suppliers on an involuntary basis. To the extent that is part of the relief requested, Murata opposes that aspect of the Motion and believes it to be patently impermissible under Section 365 of the Bankruptcy Code and applicable case law.[1]

5.  For example, the Debtors seek authority to "assume" purchase orders and other agreements (collectively, "Agreements") with certain of their suppliers, subject to certain required "modifications."

---

[1] Certain other parts of the Motion suggest that may not be the intention of the Debtors. For example, the Debtors' do seek authority to enter into agreements that are less favorable that the Required Minimum Provisions, subject to Creditors' Committee Objection (¶21(c)). This would seem to be unnecessary if the Debtors could impose those provisions on suppliers involuntarily.

2

NY1 25140821.1

6.  Although the Motion is styled as a motion to authorize the Debtors to "assume" the relevant Agreements, the Motion stops short in numerous ways of providing the nondebtor party to the relevant Agreement with the benefits that would normally flow from assumption under Section 365 of the Bankruptcy Code. More particularly, the Debtors do not propose to fully and promptly cure all outstanding monetary defaults under an "assumed" Agreement (as required by Section 365(b) of the Bankruptcy Code), nor do the proposed procedures permit the nondebtor party to an "assumed" Agreement to assert an administrative claim for the full amount of its damages should the "assumed" Agreement be later rejected or otherwise breached by the Debtors.

7.  Instead, the Motion proposes to permit the Debtors to pay the nondebtor party seventy-five percent (75%) of its prepetition claim over six (6) quarters, with any cure that is unpaid at the time the Agreement is subsequently rejected by the Debtors constituting only a prepetition unsecured claim. Further, damages incurred by the third party arising from any subsequent rejection or other breach of the "assumed" Agreement would purportedly be limited to the "termination for convenience" damages described in the Debtors' General Terms and Conditions, which themselves may or may not otherwise be a part of the underlying Agreement. Finally, the absolute defense to preference claims under Section 547 of the Bankruptcy Code that would otherwise arise from the true assumption of the Agreement would apparently instead be the subject of negotiation with the Debtors. This form of assumption, on an involuntary basis, is not permitted under Section 365 of the Bankruptcy Code.

8.  The Motion also requires numerous modifications to any Agreement being "assumed," including, without limitation, a two (2) year extension of the Agreement at the

3

current price,[2] the required extension of credit terms without the ability at any point to seek adequate assurance, the incorporation of Delphi's General Terms and Conditions (even if those are not part of the Agreement), and an express assumption of liability for consequential damages. Although the nondebtor party is free to agree to modifications to its Agreement in connection with an assumption, absent actual agreement, it is black letter law that a contract must be assumed *cum onere*.

9.   The Motion in several places suggests that the Debtors can impose this modified form of assumption, including the modified terms, on the nondebtor party whether or not the nondebtor party agrees to them. More particularly, on page 14, the Motion provides that a nondebtor party can be bound *simply by shipping goods* after its receipt of a proposed assumption agreement. This sort of deemed consent should not be authorized or sanctioned, especially given that the nondebtor party may in certain circumstances be contractually bound to make such deliveries.

10.   Because of the similarity of the objections set forth herein and therein, Murata hereby incorporates by reference the arguments and citations set forth in objections filed by Quasar Industries, Inc. [Docket No. 1195] and SKF USA, Inc. [Docket No. 1207], as if fully set forth herein.

## Notice

11.   Notice of this Limited Objection has been provided in accordance with the terms of the Notice of Motion for an Order Under 11 U.S.C. Sections 363(b) and 365(a) and Fed.R.Bankr.P.9019 Approving Procedures to Assume Certain Amended and Restated Sole Source Supplier Agreements.

---

[2]   This is not explicitly stated in the required modifications, but the lower costs associated therewith are cited by the Debtors as a benefit to be obtained from the program (¶32).

4

NY1 25140821.1

## Memorandum of Law

12.  In light of the nature of the Limited Objection, Murata respectfully requests that it not be required to serve and file a separate memorandum of law under Local Rule 9013-1(b).

**WHEREFORE**, Murata respectfully requests that the Court (i) deny the relief requested in the Motion to the extent the Debtors seek an order that requires suppliers of the Debtors, such as Murata, to have any Agreement modified and partially assumed in the fashion outlined in the Motion without the actual and voluntary written agreement of the supplier to such purported assumption and modification, (ii) provide for an express opt-out procedure for suppliers who do not wish to be bound without actual and voluntary written agreement to any assumption or modification of that agreement to any assumption or modification of that agreement, and (iii) grant such other and further relief as is just and proper.

Dated: New York, New York
       November 23, 2005

**SEYFARTH SHAW LLP**

/s/ Robert W. Dremluk
Robert W. Dremluk (RD 3109)
1270 Avenue of the Americas, Suite 2500
New York, New York 10020-1801
212-218-5500
212-218-5526 (FAX)
rdremluk@seyfarth.com

-and-

**SEYFARTH SHAW LLP**
Paul M. Baisier (PB 032825)
1545 Peachtree Street, NE, Suite 700
Atlanta, Georgia 30309
404-885-6715
404-885-6779 (FAX)
pbaisier@seyfarth.com

*Attorneys for Murata Electronics North America, Inc.*

NY1 25140821.1

## CERTIFICATE OF SERVICE

I, Robert W. Dremluk, an attorney, hereby certify that on this 23rd day of November, 2005, a copy of the foregoing Limited Objection to Supplier Agreement Assumption Motion was mailed, first-class, postage prepaid to:

John Wm. Butler. Jr.
Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL 60606-1285
(312) 407-0730
Fax: (312) 407-0411
jbutler@skadden.com

Kayalyn A. Marafioti
Thomas J. Matz
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, NY 10036
(212) 735-3000
Fax: (212) 735-2000
kmarafio@skadden.com
tmatz@skadden.com

Alicia M. Leonhard
U.S. Department of Justice
Office of the United States Trustee
33 Whitehall Street
21st Floor
New York, NY 10004
(212) 510-0500

Robert J. Rosenberg
Latham & Watkins, LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200
F: 212-751-4864
www.robert.rosenberg@lw.com

/s/ Robert W. Dremluk
Robert W. Dremluk (RD-3109)
**SEYFARTH SHAW LLP**
1270 Avenue of the Americas
Suite 2500
New York, New York 10020-1801
Telephone: (212) 218-5500
Facsimile: (212) 218-5526
rdremluk@seyfarth.com
*Attorneys for Murata Electronics North America, Inc.*