**Hearing Date: 11/29/2005**
                         **Time: 10:00 a.m.**

SANFORD P. ROSEN & ASSOCIATES, P.C.
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen (SR-4966)
Kenneth M. Lewis (KL-7679)

SCHAFER AND WEINER, PLLC
40950 Woodward Ave. Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340
Daniel J. Weiner
Ryan D. Heilman

Attorneys for DOTT Industries, Inc.,
ALPS Automotive, Inc., Pioneer Automotive Technologies, Inc.,
Lakeside Plastics Limited, BASF Corporation, and Sumitomo
Corporation of America, et al.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re
                 Case No. 05-44481(RDD)
DELPHI CORPORATION, et al.,    (Jointly Administered)


            Debtors.  Chapter 11
------------------------------------x


**OBJECTION OF DOTT INDUSTRIES, INC., ALPS AUTOMOTIVE, INC.,
PIONEER AUTOMOTIVE TECHNOLOGIES, INC., LAKESIDE PLASTICS
LIMITED, BASF CORPORATION, AND SUMITOMO CORPORATION OF AMERICA,
ET AL. TO DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. §363(b)
AND §365(a) AND FED. R. BANKR. P. 9019 APPROVING PROCEDURES TO
ASSUME CERTAIN AMENDED AND RESTATED
SOLE SOURCE SUPPLIER AGREEMENTS.**

    Dott Industries, Inc., Alps Automotive, Inc., Pioneer

Automotive Technologies, Inc., Lakeside Plastics Limited,

Sumitomo Corporation of America, Sumitomo Corporation, Sumitomo Wiring Systems (U.S.A.), Inc., Die-Namic, Inc., Android Industries, Inc., Ai-Doraville, LLC, Ai-Genesee, LLC, Magna International, Inc., Rotoform, a division of Magna Powertrain Inc., Deco Automotive, a division of Magna International Inc., Vehma International of America, Inc., Modatek, a division of Magna Structural Systems Inc., and Integram St. Louis Seating, a Division of Intier Automotive Seating of America, Inc. (collectively, the "**Objecting Parties**"), hereby object to the Debtors' Motion for an Order Under 11 U.S.C. §363(b) and §365(a) and Fed. R. Bankr. P. 9019 Approving Procedures to Assume Certain Amended and Restated Sole Source Supplier Agreements (the "**Assumption Motion**") for the following reasons:

1. Each of the Objecting Parties believes that it is a "Covered Supplier" under the Assumption Motion.[1]

2. 11 U.S.C. §365 authorizes a debtor-in-possession to assume an executory contract, such as the "Assumable Agreements" only if:

   A. The debtor-in-possession promptly cures <u>all</u> arrearages under the Assumable Agreement; and

---

[1] Unless specified otherwise, all terms used in this objection have the meaning set forth in the Assumption Motion.

2

   B. The debtor-in-possession provides adequate assurance of future performance.

 3. Any assumption of an executory contract must assume the entire contract – the debtor-in-possession may not "cherry pick" only those portions of the contract that are favorable to it.  <u>In re Atlantic Computer Systems</u>, 173 B.R. 844, 854 n. 14 (S.D.N.Y. 1994).

 4. 11 U.S.C. §365 does not authorize a debtor-in-possession to modify the term or duration of an executory contract absent the affirmative consent of the contracting party.

 5. The Objecting Parties object to the Assumption Motion because it violates their rights under 11 U.S.C. §365 in the following respects:

   A. The Assumption Motion does not provide for the curing of arrearages.  Instead, it proposes payments starting in March 2006 of 75% of the liabilities indicated in the Debtors' books and records (an unknown amount that may substantially differ from the amount actually owed under the executory contract).[2]

---

[2] The Debtors have not yet filed Schedules, and are not expected to file them until mid-January 2006.  Accordingly, Covered Suppliers are

      B.   The Assumption Motion requires Covered Suppliers to give consideration immediately (including MNS2 terms and waiver of any right to further adequate assurance) even though the first payment from the Debtors is not due until the very end of March 2006.

      C.   The Assumption Motion does not provide for adequate assurance against further default by the Debtors. Instead, it expressly provides that the Debtors may, for their convenience, default under the Assumable Agreement by deciding to cease performance under the Assumable Agreement and fail to pay the Cure Amount. The Covered Suppliers' only remedy would be a prepetition unsecured claim.

      D.   The Assumption Motion seeks to modify each Assumable Agreement by extending it for 2 additional years.

      E.   Covered Suppliers are required to waive any further adequate assurance of future performance even though the Debtors' circumstances may substantially change. Under the Assumption Motion, Covered Suppliers would be required to give MNS2 terms even if there were a strike, and even if the Debtors' postpetition financing is exhausted or terminated.

---

operating in the dark when guessing the cure amount to be paid to them under the Assumption Motion.

  F. The Assumption Motion would require waiver of reclamation rights and would appear to impair tooling lien rights (as Debtors could assume tooling contracts and pay only 75% of the amounts owed); and

  G. If there is a breach of the Assumable Agreement, damage claims by the Debtors against Covered Suppliers are unlimited. In contrast, if the Debtors breach the Assumable Agreement, Covered Suppliers' claims are severely constrained (and granted only prepetition priority).

  6. The Objecting Parties object on their own behalf, and only to the extent that the Assumption Motion applies to them. Other parties may wish to accept the Debtors' terms, and the Objecting Parties do not object to the grant of relief as to consenting parties.

  7. The Objecting Parties object to the grant of this relief with respect to any non-consenting parties. Under paragraph 23 of the Assumption Motion, Covered Suppliers may be deemed to consent to the "Minimum Provisions" set forth in the Assumption Motion (including credit terms, waiver of adequate

assurance and consent to injunctive relief) if they make a shipment after the purchase orders expire.[3]

8.  Paragraph 23 of the Motion could create chaos. It is very common for Purchase Orders to expire December 31 of a given year, but for them to be automatically renewed on January 1 of the following year. A Covered Supplier who is not fully aware of the provisions of the Assumption Motion and who ships product on January 1 in reliance on the "typical" renewal of the purchase order is deemed to consent to giving substantial credit, and subjects itself to injunctive relief if it refuses to give credit.

9.  In contrast, an informed supplier must cut off all shipments to the Debtors starting on January 1, 2006 on Purchase Orders expiring on December 31 in order to avoid the "deemed consent" set forth in paragraph 23. As noted in paragraph 16 of the Motion, these refusals to ship would devastate the Debtors' business operations.

10. Accordingly, the Objecting Parties believe that the "Minimum Provisions" should only apply to those creditors who have affirmatively consented to the relief requested by the

---

[3] The minimum provisions do not specify an affirmative cure percentage. Instead, it is only "up to" 75%. Accordingly, the Motion is vague as to the cure amount to be paid to "deemed consenting" suppliers.

6

Debtors, and specifically only those who have signed or authenticated an "Assumption Agreement".

WHEREFORE the Objecting Parties respectfully request that this Court deny the Motion solely as:

    A.   It applies to the Objecting Parties; and

    B.   It applies to parties that have not signed an Assumption Agreement.

Dated: New York, New York
      November 23, 2005

                            SANFORD P. ROSEN & ASSOCIATES, P.C.
                            Local Counsel for the Objecting
                              Parties

                            By: /s/ Kenneth M. Lewis
                                Kenneth M. Lewis (KL-7679)

                            747 Third Avenue
                            New York, NY 10017-2803
                            (212) 223-1100

                            SCHAFER AND WEINER, PLLC
                            Attorneys for the Objecting Parties

                            By: /s/ Max J. Newman
                                Daniel J. Weiner
                                Max J. Newman
                                Ryan D. Heilman
                            40950 Woodward Ave. Ste. 100
                            Bloomfield Hills, MI 48304
                            (248) 540-3340

SANFORD P. ROSEN & ASSOCIATES, P.C.
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen (SR-4966)
Kenneth M. Lewis (KL-7679)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re
                                               Case No. 05-44481(RDD)
DELPHI CORPORATION, et al.,      (Jointly Administered)

                                Debtors.     Chapter 11
------------------------------------x

**CERTIFICATE OF SERVICE OF OBJECTION OF DOTT INDUSTRIES, INC., ALPS AUTOMOTIVE, INC., PIONEER AUTOMOTIVE TECHNOLOGIES, INC., LAKESIDE PLASTICS LIMITED, BASF CORPORATION, AND SUMITOMO CORPORATION OF AMERICA, ET AL. TO DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. §363(b) AND §365(a) AND FED. R. BANKR. P. 9019 APPROVING PROCEDURES TO ASSUME CERTAIN AMENDED AND RESTATED SOLE SOURCE SUPPLIER AGREEMENTS**

        The undersigned, under penalty of perjury, hereby certifies as follows:

        I am over 18 years of age, reside in Waccabuc, New York and am not a party to this proceeding.

        On the 23rd day of November, I served the prefixed Objection of Dott Industries, Inc., Alps Automotive, Inc., Pioneer Automotive Technologies, Inc., Lakeside Plastics Limited, BASF Corporation, and Sumitomo Corporation of America, et al. to Debtors' Motion for an Order Under 11 U.S.C. §363(b) and §365(a) and Fed. R. Bankr. P. 9019 Approving Procedures to

Assume Certain Amended and Restated Sole Source Supplier Agreements upon the parties whose names and facsimile numbers are set forth below by causing copies of same to be transmitted by facsimile to said parties at their respective telephone numbers designated therefor.

> Skadden, Arps, Slate, Meager & Flom, LLP
> Attorneys for the Debtors
>    Attn.: John Wm. Butler, Jr., Esq.
> Facsimile No. (312) 407-8501
>
> Davis Polk & Wardwell
> Attorneys for the Agent Under the
>    Postpetition Credit Facility
>    Attn.: Marlene Melican, Esq.
> Facsimile No. (212) 450-3533
>
> Simpson Thacher & Bartlett LLP
> Attorneys for Pre-Petition Agent
> Attn.: Kenneth S. Ziman, Esq.
> Facsimile No. (212) 455-2502
>
> Latham & Watkins
> Attorneys for the Official Committee
>    of Unsecured Creditors
> Attn.: Mark A. Broude, Esq.
> Facsimile No. (212) 751-4864
>
> Office of the U.S Trustee
>    Attn.: Alicia M. Leonhard, Esq.
> Facsimile No. (212) 668-2255

On the 23rd day of November, I also served the prefixed Objection upon the party whose name and address is set forth below by overnight courier service, by depositing a true copy of same in a pre-paid, properly addressed wrapper in an official depository under the exclusive care and custody of Federal Express Corporation within the State of New York.

2

```
               General Counsel
               Delphi Corporation
               5725 Delphi Drive
               Troy, MI 48098

Dated:   New York, New York
         November 23, 2005

                                            /s/ Kenneth M. Lewis
                                            Kenneth M. Lewis
```