Hearing Date and Time: November 29, 2005 at 10:00 a.m.
Objection Deadline: November 25, 2005 at 4:00 p.m.

GODFREY & KAHN, S.C.
780 N. Water Street
Milwaukee, Wisconsin 53202
(414)273-3500
Marie L. Nienhuis (MN-2145)

Attorneys for Miniature Precision
Components, Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, <u>et al.</u>, | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

**OBJECTION OF MINIATURE PRECISION COMPONENTS, INC. TO THE DEBTORS'
MOTION FOR AN ORDER UNDER 11 U.S.C. §§ 363(b) AND 365(a) AND FED. R.
BANKR. P. 9019 APPROVING PROCEDURES TO ASSUME CERTAIN
AMENDED AND RESTATED SOLE SOURCE SUPPLIER AGREEMENTS**

Miniature Precision Components, Inc. ("MPC"), by its counsel, Godfrey & Kahn, S.C., hereby submits its Objection to the Debtors' Motion for An Order Under 11 U.S.C. §§ 363(b) and 365(a) and Fed. R. Bankr. P. 9019 Approving Procedures to Assume Certain Amended and Restated Sole Source Supplier Agreements (the "Motion") and states as follows:

1.    MPC is a supplier to the Debtors of component parts and believes that it is a supplier affected by the Motion based upon the criteria set forth by the Debtors.

2. By means of the Motion, the Debtors seek the Court's approval of procedures whereby the Debtors can negotiate and enter into assumption agreements of executory supplier contracts without further motion or court order.

3. MPC objects to the Motion to the extent that it would bind a nondebtor contracting party (a "Supplier") to unfavorable assumption agreements without the knowledge or affirmative consent of a Supplier.

4. The Motion seeks authority for Debtors to negotiate Assumption Agreements (as defined in the "Motion") with Suppliers without further notice, hearing or court order. The Assumption Agreements proposed by the Debtors do not provide the Suppliers with the same rights that would ordinarily be granted to them under the Bankruptcy Code. For example:

(a) Debtors' proposed cure would be only 75% of the default, to be paid over six calendar quarters, with the cure payments terminating if the Debtors later exercise their rights to terminate the assumed contracts at will. This provision is unfavorable to Suppliers because under law the nondebtor contracting party is entitled, as a condition of assumption, to a cure or prompt cure of <u>all</u> defaults. *See* 11 U.S.C. §365(b)(1)(A).

(b) The Supplier must also agree to extend the purchase order for two years beyond its expiration on existing payment and other terms. Debtors' right to assume an executory contract, however, is limited to the terms of the contract. *In re Cellnet Data Systems, Inc.*, 327 F.3d 242, 249 (3rd Cir. 2003).

(c) The Supplier waives the right to seek additional adequate assurance in the future and agrees that any claim for breach of the assumed executory contract would be an unsecured claim. Under applicable law, a party to an assumed contract cannot be required to give up these rights and post-assumption breaches are treated as

administrative expense claims. *In re Klein Sleep Products, Inc.*, 78 F.3d 18, 27-28 (2nd Cir. 1996).

(d)    Preference claims would not automatically be waived as a result of the assumption, but would be waived only in the Debtors' sole discretion. As a matter of law, upon assumption of an exectory contract, the Supplier has not received a preference because it would have received the prepetition payments as part of the cure. *In re Kiwi Int'l Air Lines, Inc.*, 344 F.3d 311 (3rd Cir. 2003).

(e)    In the event that the Supplier breaches the contract after assumption, in addition to being liable for damages for the breach, the Supplier would be liable as additional damages to return the cure payments and lose the waiver of preference claims. These are additional damage remedies not in the existing executory contract.

5.    If a Supplier, with full notice, voluntarily chooses to agree to the assumption of its executory contract on Debtors' terms, that is acceptable. Debtors, however, seek more than that. The Debtors seek to bind Suppliers to these unfavorable assumption terms merely if the Supplier ships goods to the Debtors and the Debtors send the first quarterly cure payment to the Supplier, regardless of whether the Supplier has actual notice of the Assumption Agreement and actually consented to it.

6.    The Motion provides, in essence, that an affected Supplier would be bound by an Assumption Agreement solely by shipping pursuant to its executory contract with the Debtors and thereafter the Debtors sending the Supplier a payment of 12.50% of the default amount (1/6th of the 76% default amount), regardless of whether Debtors actually served the Supplier with the proposed Assumption Agreement, regardless of whether the proposed Assumption

3

Agreement was received by the person entitled to notice at the Supplier or whether the Supplier actually agreed to the Assumption Agreement.[1]

7. The proposed deemed acceptance by continued shipment of goods is unfair to the Supplier. The Supplier, as the nondebtor contracting party, could be liable in damages to the Debtors if it breached its executory contracts by refusing to ship pursuant to contract. Thus, to avoid a deemed acceptance, the Supplier would have to breach the executory contract and/or obtain emergency relief from the automatic stay to terminate the executory contract. *In re Charlie Auto Sales, Inc.*, 336 F.3d 34, 36 (1st Cir. 2003); *In re Computer Communications, Inc.*, 824 F.2d 725 (9th Cir. 1987).

8. Finally, the Debtors are seeking to impose terms on Suppliers—who may not be served or properly served under the Federal Rules of Bankruptcy Procedure—that they have not been permitted the opportunity to negotiate. Simply because the Debtors have a large number of affected Suppliers and want to keep their costs down should not be reason to impose non-negotiated terms on unsuspecting Suppliers.

---

[1] Indeed, the Motion was sent to an old address for MPC and took days to reach the main business office. This is particularly egregious given the extremely shortened response time permitted for this motion in light of the Thanksgiving holiday falling in the middle of the 7-day period for objection.

4

**WHEREFORE**, MINIATURE PRECISION COMPONENTS, INC. respectfully requests that the Court deny the Motion to the extent that is seeks to bind Suppliers who do not sign the Assumption Agreements and for such other relief as is proper and just.

Dated:  Milwaukee, Wisconsin
November 23, 2005

Respectfully submitted,

GODFREY & KAHN, S.C.

By:____/s/ Marie L. Nienhuis_____
Marie L. Nienhuis, MN-2145
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, WI 53202
Tel: (414) 273-3500
Fax: (414) 273-5198
mnienhuis@gklaw.com

Attorneys for Miniature Precision Components, Inc.

MN 255179v1
zgr/20051123

5