KIESELSTEIN LAWFIRM, PLLC
43 British American Boulevard
Latham, New York  12110
(518) 785-7800
Steve Kieselstein (SK-3658)

Attorneys for NEC Electronics America, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re

        DELPHI CORPORATION, et al.,

                Debtors.

-----------------------------------------------------------X

Chapter 11
Case No. 05-44481 (RDD)

Jointly Administered

### LIMITED OBJECTION TO DEBTORS' SUPPLIER
### AGREEMENT ASSUMPTION PROCEDURES MOTION AND JOINDER
### IN SEPARATE OBJECTIONS TO MOTION

      NEC Electronics America, Inc. ("NEC"), a creditor and party-in-interest in the above Chapter 11 case (the "Case"), hereby objects to the Debtors' Motion For An Order Under 11 U.S.C. §§363(b) and 365(a) and Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Amended and Restated Sole Source Supplier Agreements, dated November 18, 2005  (the "Supplier Agreement Assumption Procedures Motion"[1] or "Motion"), on the following limited grounds:

      1.  NEC is the Debtors' sole source of supply of certain critical electrical components (the "Parts").  As of the commencement of the Debtors' Chapter 11 Cases,

---

[1] All capitalized terms used but not defined in this Limited Objection and Joinder shall have the respective meanings for such terms set forth in the Supplier Agreement Assumption Procedures Motion.

the Debtors were indebted to NEC in respect of Parts delivered by NEC in an amount in excess of $8 million (the "Claim"). More than half of the amount of the Claim is subject to a pending NEC reclamation demand served in accordance with 11 U.S.C. §546(c) (the "Reclamation Claim").

2. NEC has shipped Parts to the Debtors, and the Debtors have historically paid for these Parts, pursuant to purchase order and invoice forms periodically exchanged by the parties.

3. The Supplier Agreement Assumption Procedures Motion threatens conclusively to bind NEC to contractual terms that NEC may not currently be bound by, without NEC's consent.

4. While the Debtors' discretion to assume executory contracts may be broad, it does not include the right to unilaterally modify existing contracts without counterparty consent. See, e.g., In re Rickel Home Centers, Inc., 209 F.3d 291, 298 (3rd Cir. 2000); Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co., 83 F.3d 735, 741 (5th Cir. 1996); cf. In re Network Access Solutions Corp., 330 Bankr. 67, 74 (Bankr. Del. 2005)(amendment of executory employment agreements permitted only after parties to contract consented).

5. The Procedures proposed by the Debtors afford Non-Consenting Suppliers limited notice, but no meaningful opportunity to be heard. These Procedures authorize only the Creditors' Committee to intercede where the Debtors determine to impose their Required Minimum Provisions upon a counterparty, and where the Committee consents or itself fails to object, "the assumption becomes effective on the Assumption Date without further notice or Court order". Motion at ¶21(c). This violates the requirement

under Fed. R. Bankr. P. 6006(a) and 9014(a) that "reasonable notice and an opportunity for hearing shall be afforded <u>the party against whom relief is sought</u>" (emphasis added).

6. Non-Consenting Suppliers risk becoming bound to the Required Minimum Provisions by merely continuing to ship product to the Debtors after the Assumption Date, yet the Assumption Date is itself vaguely defined only as "a reasonable time prior to the expiration of the contract", which expiration date is not even required to be included in the assumption notice.  <u>Motion</u> at ¶21(a), Ex. A.

7. The Motion also unfairly reserves the Debtors' rights to assert applicable non-bankruptcy law defenses against claims of suppliers bound to the Required Minimum Procedures, <u>Motion</u> at ¶24, but does not extend a mutual reservation of rights for the benefit of the Debtor's suppliers.  In NEC's case, such a reservation of rights also would need to extend to its Reclamation Claim, the enforcement of which would still be relevant under the Required Minimum Procedures, since the Debtors are proposing to pay Covered Suppliers less in respect of their claims than these suppliers might otherwise receive in respect of claims entitled to administrative priority treatment pursuant to 11 U.S.C, §§546(c) and 503(b). <u>Motion</u> at ¶22(f).

8. NEC does not object to the Debtors' goal of securing an uninterrupted supply of component parts, and has in fact supported this goal by continuing to ship Parts to the Debtors postpetition without threat of disruption or the benefit of "essential vendor" treatment extended by the Debtors to certain of their suppliers herein.  It does object to the Debtors' attempt to achieve this goal by expanding counterparty contractual obligations without the most rudimentary procedural safeguards.

9. Earlier today, fourteen individual suppliers including Fujitsu Ten Corp. of America filed a separate objection to the Supplier Agreement Assumption Procedures Motion (the "Fujitsu Objection") . NEC hereby joins in, and adopts, the arguments set forth in paragraphs 3, 7, 8 and 9 of the Fujitsu Objection.

10. At a minimum, any Order entered by this Court in respect of the Motion should afford NEC the following procedural protections:

- NEC should be given a reasonable opportunity to be heard on any written objection it files to a proposed Assumption Agreement.
- Each Assumption Agreement proposed to NEC should specifically state the expiration date for any contracts sought to be assumed by the debtor, as well as the proposed Assumption Dates for the contracts encompassed by such Assumption Agreements.
- All NEC defenses to the contract arising under non-bankruptcy law, and NEC's right to continue to seek enforcement of its Reclamation Claim, should be preserved.
- NEC should not be bound to any Required Minimum Provisions that constitute modifications of existing contracts with the Debtors.

11. NEC asks that, in view of the limited nature of its objection and the exigencies of this Motion, it be excused from the requirement under Local Rule 9013-1(b) that it file a separate memorandum of law.

WHEREFORE, NEC respectfully requests the Court to deny the Supplier Agreement Assumption Procedures Motion, and grant to NEC such other and further relief as may be just and proper.

Dated: Latham, New York
November 22, 2005

                              Respectfully submitted,

                              KIESELSTEIN LAW FIRM,
                                 PLLC

                              By:  /s/ Steve Kieselstein
                                   Steve Kieselstein (SK-3658)
                              Airport Park
                              43 British American Boulevard
                              Latham, New York  12110
                              (518) 785-7800
                              E-mail:  sk@kieselaw.com

                              Attorneys for NEC Electronics
                                 America, Inc.