PETER J. GURFEIN (PG-5770)
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone:  310-229-1000
Facsimile:   310-229-1001
Email:  pgurfein@akingump.com

Attorneys for Creditor Wamco, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                                :
   In re:                                          :        Chapter 11
                                                                :
DELPHI CORPORATION, et al.,           :    :        Case No. 05-44481 (RDD)
                                                                :
                                        Debtors.        :        (Jointly Administered)
---------------------------------------------------------------x

**RESPONSE AND REQUEST FOR CLARIFICATION OF WAMCO, INC. TO MOTION
FOR AN ORDER UNDER 11 U.S.C. §§ 363(B) AND 365(A) AND FED.R. BANKR. P. 9019
APPROVING PROCEDURES TO ASSUME CERTAIN AMENDED AND RESTATED
<u>SOLE SOURCE SUPPLIER AGREEMENTS</u>**

Wamco, Inc. ("Wamco") hereby responds to the Motion for an Order under 11 U.S.C. §§ 363(b) and 365(a) and Fed. R. Bankr. P. 9019 Approving Procedures to Assume Certain Amended and Restated Sole Source Supplier Agreements (the "Motion") filed by Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession (collectively, the "Debtors") and requests clarification of the Motion, as set forth below.

5833723 v1                                                 1

I.      **Response and Request for Calrification**

The Debtors' Motion seeks approval of a procedure to assume certain contracts. The contracts to be assumed must have been modified in accordance with the terms set forth in the Motion. See Motion at ¶ 22. Wamco does not object in principle to the assumption of a modified contract to which the contracting parties have consented.

Paragraph 21. of the Motion identifies the contracts to be assumed as "Assumable Agreements." Paragraph 21.(c) contemplates that certain Covered Suppliers (a "Non-Consenting Supplier") may not agree to the modifications set forth in the Motion at paragraph 22. Nevertheless, the Debtor may want to assume an Assumable Agreement with a Non-Consenting Supplier (each, a "Non-Conforming Assumption"). As set forth in the Motion, "Upon the Debtors' election to assume one or more Assumable Agreements of a Non-Consenting Supplier . . ., the Debtors would be required to provide written notice of such Non-Conforming Assumption to designated representatives of the Creditors' Committee . . ." Motion, ¶ 21(c), at 12. The Debtors then would be authorized to enter the Non-Conforming Assumption if the Creditors Committee did not object, or upon order of the Court.

Nowhere in the Motion, however, is it stated that the Non-Consenting Supplier must likewise have consented to the Non-Conforming Assumption. While the implication may be present, the absence of this requirement leaves an ambiguity which Wamco asks be clarified. A contract cannot be assumed if is has been modified, without the consent of the non-debtor third party to the contract.

Under the provisions of Section 365 of the Bankruptcy Code, an executory contract cannot be rejected in part and assumed in part.  Assumption of a contract carries with it all of the burdens as well as all of the benefits of the contract.  *In re City Stores Company,* 21 Bankr. 809 (Bankr. S.D. N.Y. 1982);  *In re Yonkers Hamilton Sanitorium Inc.,* 22 Bankr. 427 (Bankr. S.D. N.Y. 1982).  Furthermore, a debtor does not have the right to extend or vary terms of an assumed executory contract, and a court has no authority to vary terms of a contract assumed under provisions of the law.  *In re Rigg*, 198 B.R. 681 (Bankr. N.D. Tex. 1996); *In re Mellen*, 79 Bankr. 385, 387 (Bankr. N.D. Ill. 1987).

Moreover, Courts consistently have held that they are prohibited from forcing a party to enter into a contract or to modify the terms of an existing contract.  No power exists in the courts to make contracts for people. They must make their own contracts. The courts reach their limit of power when they enforce contracts which parties have made.  *In re Buffalo & E. R. Co.*, 250 N.Y. 275, 165 N.E. 291 (1929); *see*, *also*, *Hendershott v. Dale Leonard Prospecting Co.*, 298 Mich. 367, 373 (1941)(Courts cannot make contract different from the agreement entered into by the parties).  Moreover, the liberty to contract is no right at all if it is not accompanied by freedom not to contract.  *Joseph Martin, Jr. Delicatessen, Inc. v. Schumacher*, 52 N.Y.2d 105, 417 N.E.2d 541 (1981); *see*, *also*, *Evans v. Norris*, 6 Mich. 369, 372 (1859)( freedom of contract entails that courts enforce only obligations assented to by the parties).

## II. Conclusion

For all of the foregoing reasons, Wamco requests that Debtors clarify that the contemplated procedures for assumption of Assumable Agreements include the requirement that Non-Conforming Assumptions may only be authorized with the consent of the Non-Consenting Supplier.

Dated: Los Angeles, California
       November 23, 2005

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: _____/s/ Peter J. Gurfein_____
Peter J. Gurfein (PG-5770)
2029 Century Park East
Los Angeles, California 90067
(310) 229-1000

Attorneys for Wamco, Inc.