| | |
|---|---|
| **TAFT, STETTINIUS & HOLLISTER, LLP** | Hearing Date: November 29, 2005 10:00 a.m. |
| William Stavole (OH Bar #0040828) | Objection Deadline: November 25, 2005 4 p.m. |
| Richard L. Ferrell (OH Bar #0063176) | |
| 425 Walnut Street, Suite 1800 | |
| Cincinnati, Ohio 45240 | |
| (513) 381-2838 (Telephone) | |
| (513) 381-0205 (Fax) | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Case No. 05-44481 |
| | : | |
| DELPHI CORPORATION, *et al.* | : | |
| | : | |
| Debtors. | : | |
| | : | |

## OBJECTION OF WREN INDUSTRIES, INC. AND KOYO CORPORATION TO MOTION OF DEBTORS FOR ORDER UNDER 11 U.S.C. §§363(B) AND 365(A) AND FED. R. BANKR. P. 9019 APPROVING PROCEDURES TO ASSUME CERTAIN SOLE SUPPLIER AGREEMENTS

Wren Industries, Inc. ("Wren") and Koyo Corporation ("Koyo") as and for their objection (the "Objection") to the Debtors' Motion for Order under 11 U.S. C. §§363(b) and 365(a) and Fed. R. Bankr. P. 9019 Approving Procedures to Assume Certain Sole Source Supplier Agreements (the "Motion"), states as follows:

### Introduction

_____1.    Wren and Koyo are both essential, sole source suppliers to the Debtors. Wren has over a dozen on-going purchase orders with the Debtors, and Koyo Corporation has a written supply contract with the Debtors. It is unclear to either Wren or Koyo at this point, whether the Debtors intend to deem Wren and/or Koyo "Covered Suppliers" whom, pursuant to the procedures set forth in the Motion, the Debtors could seek to impose either the Required

{W0685999.1}

Minimum Procedures or the Procedures[1] on without Wren or Koyo's prior written consent, or perhaps over Wren or Koyo's objections. Wren and Koyo join in many of the same objections raised by the dozens of other suppliers who have also filed objections to the Motion.

2. Specifically, Wren and Koyo object, to, without limitation, the following impermissible provisions set forth in the Motion which contravene one or more provisions of the Bankruptcy Code, including, Section 365:

- The Motion purports to give authority to the Debtors to unilaterally (or in concert with the Committee), and without further specific approval from the Court, bind Covered Suppliers to at least the Required Minimum Procedures without the Covered Suppliers' consent by either:

  (i) the Debtors electing to assume the pertinent Assumable Agreement of a Non-Consenting Supplier and providing written notice to the Creditors' Committee, to which the Creditors' Committee does not object (See, ¶21 of the Motion), or

  (ii) the Covered Supplier's shipment of a single order to the Debtors following receipt of proposed Assumption Agreement, and the payment of a single Cure installment by the Debtors (See, ¶23 of the Motion).

- The Motion proposes that the Debtors be permitted to pay only 75% of the Cure costs of assuming any agreements, when the suppliers are entitled to receive 100% of the Cure costs paid upon assumption pursuant to Section 365(b)(1) of the Bankruptcy Code (See, ¶23(f) of the Motion).

- The Motion, if approved, would allow the Debtors to pay any Cure costs over **6-quarterly** installments, rather than pay it all promptly upon assumption as required by Section 365 (See, ¶23(b) of the Motion).

- The Motion proposes to extend any Covered Supplier's Assumable Agreement for a period of 2-years, regardless of the true, applicable expiration dates (See, ¶23(a) of the Motion).

- The Motion would have the Court determine in advance that any Covered Suppliers whose agreements are deemed assumed will also be deemed to waive any right to seek further adequate assurance of performance under Section 365, regardless of any changes in the financial condition of the Debtor, union actions, etc. (See, ¶23(e) of the Motion).

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.
{W0685999.1}

- The Motion, if approved would dictate that any unpaid Cure amounts not yet paid to any Covered Supplier whose agreement is assumed would be relegated to general unsecured claim status (rather than appropriate administrative expense status) in the event of any termination of the agreements- i.e. default actions taken by the Debtors' lenders, conversion to Chapter 7, appointment of a Trustee, etc. (See, ¶23(g) of the Motion).

- The Motion, if approved, would permit the Debtors to have discretion to determine whether, when an agreement is assumed, Chapter 5 avoidance actions, including preference claims are deemed waived, when such a waiver is required by operation of Section 365.

3. For the reasons set forth herein, the Motion cannot be approved, as it could improperly, without due process, strip Wren and Koyo of their rights and remedies set forth in, *inter alia*, Section 365 of the Bankruptcy Code, without Wren and Koyo's prior consent.

## Legal Discussion

4. Section 365(b)(1) of the Bankruptcy Code[2] provides that the debtor may not assume an executory contract where there has been a default unless the debtor:

> (A) cures, or provides adequate assurance that the debtor will promptly cure such default;
>
> (B) compensates, or provides adequate assurance that the debtor will promptly compensate the other party to the contract for any actual pecuniary loss to such party resulting from such default, and
>
> (C) provides adequate assurance of future performance of such contract.

5. A debtor may not obtain the benefits of a contract post-petition, without also being required to accept all the burdens and obligations that the contract imposes. *In re: Texaco, Inc.*, 254 B.R. 536 (Bankr. S.D. N.Y. 2000)("courts have uniformly held that when a debtor continues to derive benefits under the contract or lease, the debtor will also be burdened with the obligations"); *In re: Ionosphere Clubs, Inc.*, 85 F.3d 992 (2nd Cir. 1996)(Congress' intent in

---

[2] Obviously, it is the pre-BAPCPA version of Section 365 which governs the present matter since Delphi's filing was made prior to October 17, 2005..

{W0685999.1}

enacting Section 365 of the Bankruptcy Code was to "insure that the contracting parties receive the ***full benefit of their bargain*** if they are forced to continue to performance); *In re: Neuman*, 55 B.R. 702 (S.D. N.Y. 1985)(a party who receives the benefits under an agreement must also bear the burdens or obligations that it imposes); *In re: Villa West Assoc.*, 146 F.3d 798, 803 (10th Cir. 1998)(a debtor who has voluntarily entered into an executory contract remains bound by its terms even if they prove disadvantageous to it).

6. When a debtor assumes an executory contract, it must assume the contract in full, including all obligations and burdens. *See, In the Matter of JRT, Inc.*, 121 B.R. 314 (Bankr. W.D. MI 1990); *In re: Klein Sleep Products, Inc.*, 78 F.3d 18 (2d Cir. 1996); *In re: Atlantic Computer Systems, Inc.*, 173 B.R. 833 (S.D. N.Y. 1994); *In re: Texaco, Inc.*, 254 B.R. 536 (Bankr. S.D. N.Y. 2000); *In re: Leslie Fay Cos.*, 166 B.R. 802 (S.D. N.Y. 1994).

7. Finally, it is well settled that, upon a debtor's assumption of an executory contract, the right of the debtor to maintain a preference action against the other party to the contract is deemed extinguished. *In re: Telegent,* 324 B.R. 479 (S.D. N.Y. 2005); *In re: Phillips Services, Inc.*, 284 B.R. 541 (Bankr. D. Del. 2002); *In re: Merry-Go-Round Enterprises, Inc.*, 400 F.3d 219 (4th Cir. 2005).

8. The Debtors cannot offer any legal or factual justification for establishing procedures that, in advance, without prior consent of the supplier or due process determination by the Court, give the Debtors the right to (a) strip a supplier of 25% of its entitled cure payments otherwise owed upon assumption, (b) compel a supplier to accept staggered payments of a cure over 6-quarters (a year & one-half), rather than the prompt cure to which Section 365 requires, (c) irrevocably waive a suppliers' right to demand future adequate assurance if circumstances

{W0685999.1}

change and warrant, (d) bind the supplier for a 2-year term regardless of the actual term of the agreements, (e) strip a supplier of its entitlement to treatment of its assumed payment rights as post-petition administrative expenses to unsecured status, and (f) give the discretion to the Debtors to determine whether, following assumption of the agreements, the ability to commence Chapter 5 avoidance actions, including preference actions are waived.

9. These arbitrary deprivations of Wren and Koyo's prospective rights under Section 365 upon assumption do not give Wren or Koyo the benefit of their bargain and are not properly approvable since they contravene the express requirements of Section 365 without Wren and Koyo's consent.

Accordingly, Wren and Koyo request that the Court enter an order (a) denying the Motion, (b) determining that, even if the Motion is approved by the Court in some form, Wren and Koyo are not subject to the procedures or requirements set forth in the Motion, and (c) granting such other and further relief as is just.

Dated: November 25th, 2005

        Respectfully submitted,

        s/Richard L. Ferrell
        Richard L. Ferrell (OH Bar #0063176)
        Taft, Stettinius & Hollister, LLP
        425 Walnut Street, Ste. 1800
        Cincinnati, Ohio 45240
        (513) 381-2838 (Telephone)
        (513) 381-0205 (Fax)
        Ferrell@taftlaw.com
        Attorneys for Wren Industries, Inc.
        and Koyo Corporation

{WW0685999l.1}