| | |
|---|---|
| KLESTADT & WINTERS, LLP | **Hearing Date: November 29, 2005** |
| Tracy L. Klestadt (TK-3591) | **Time: 10:00 a.m. (EST)** |
| Sean C. Southard (SS-2825) | |
| 292 Madison Avenue, 17th Floor | |
| New York, NY 10017-6314 | |

*Counsel for Textron Fastening Systems, Inc., including its subsidiaries and affiliates, and Detroit Heading LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                                                        :
                                                                                    :    Chapter 11
                                                                                    :
DELPHI CORPORATION, et al.,                              :    Case No. 05-44481 (RDD)
                                                                                    :
                              Debtors.                                     :    Jointly Administered
---------------------------------------------------------------x

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF TEXTRON FASTENING SYSTEMS, INC., ITS SUBSIDIARIES AND AFFILIATES, AND DETROIT HEADING LLC WITH RESPECT TO DEBTORS' MOTION FOR AN ORDER APPROVING PROCEDURES TO ASSUME CERTAIN AMENDED AND RESTATED SOLE SOURCE SUPPLIER AGREEMENTS

Textron Fastening Systems, Inc., its subsidiaries and affiliates (collectively referred to as "Textron"), and Detroit Heading LLC ("Detroit"), by and through their counsel, Klestadt & Winters, LLP, hereby object and state certain reservations of rights related to the relief sought by Delphi Corporation and certain of its subsidiaries and affiliates (the "Debtors") under the Motion For An Order Under 11 U.S.C. §§ 363(b), 365(a) and Federal Rule 9019 of the Federal Rules of Bankruptcy Procedure Approving Procedures To Assume Certain Amended and Restated Sole Source Supplier Agreements (the "Motion"):

### Background

1.    Most of the Debtors filed for chapter 11 protection on October 8, 2005 (the "Petition Date"). The Debtors filed the Motion on November 18, 2005, requesting that this Court approve certain

procedures by which the Debtors may assume certain supply agreements, as they propose to modify, which the Debtors have entered into for the provision of certain critical goods from certain sole source suppliers.

2. Textron and Detroit are suppliers of goods to one or more of the Debtors under various purchase orders. Their business relationships have continued during the postpetition period, though the relationships were disrupted by the Debtors' bankruptcy filing and the Debtors' failure to pay certain amounts outstanding to Textron and Detroit.

3. On or prior to October 24, 2005, demands for the reclamation of goods were received by one or more of the Debtors from Textron with respect to goods received by one or more of the Debtors within the ten-day period prior to the Petition Date (collectively, the "Textron Reclamation Claims"). The Textron Reclamation Claims were asserted pursuant to Textron's rights under section 546(c) of the Bankruptcy Code, Section 2-702 of the Uniform Commercial Code and applicable state law.

4. Textron is owed in excess of $7 million by the Debtors on account of goods supplied to the Debtors prior to the Petition Date. Textron believes the Textron Reclamation Claims have a value of in excess of $2 million.

5. On or prior to October 24, 2005, demands for the reclamation of goods were received by one or more of the Debtors from Detroit with respect to goods received by one or more of the Debtors within the ten-day period prior to the Petition Date (collectively, the "Detroit Reclamation Claims" and together with the Textron Reclamation Claims referred to as the "Reclamation Claims"). The Detroit Reclamation Claims were asserted pursuant to Detroit's rights under section 546(c) of the Bankruptcy Code, Section 2-702 of the Uniform Commercial Code and applicable state law.

6. Detroit is a creditor of the Debtors on account of goods supplied to the Debtors prior to the Petition Date. Detroit believes the Detroit Reclamation Claims have a value of in excess of $39,000.

7.      Textron and Detroit are interested, under agreeable terms, in continued business with the Debtors and would like to continue supplying many of the goods that the Debtors require for their continued operations during the chapter 11 process and thereafter.  Textron and Detroit are attempting to negotiate agreeable terms for such a relationship with the Debtors presently.

8.      Textron, in particular, has notified the Debtors on numerous occasion of its long-held intention to close a certain manufacturing facility in Mississippi, which may affect Textron's ability and willingness to provide certain goods to the Debtors once their existing business relationships for those goods expire.  Such circumstances may not allow Textron to agree with the Required Minimum Provisions[1] as outlined by the Motion.

## Limited Objection and Reservation of Rights

9.      The Motion does not identify any of the Covered Suppliers and makes rather ambiguous statements concerning the types of supply relationships that are the subject of the Motion.  Moreover, certain of the requested procedures and definitions, including without limitation, the meanings of Covered Supplier, Assumption Date and Assumable Agreements, require clarification by the Debtors at or prior to the hearing of this Motion.

10.     As a result of the ambiguity, Textron and Detroit are unclear as to whether their business relationships with the Debtors render them Covered Suppliers of Goods in accordance with the definitions contained in the Motion.  Assuming that the Debtors believe their relationships with Textron and Detroit fall within the relevant definitions under the Motion, Textron and Detroit do not object to the entry of a procedures order by this Court that seeks to establish certain agreed terms as between the Debtors and the Creditors' Committee under which the Debtors may then seek to negotiate with Covered Suppliers and later assume the Assumable Agreements without further Court approval.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to the same in the Debtors' Motion.

3

However, Textron and Detroit expressly reserve all rights to negotiate the terms of any assumption of their respective supply relationships with the Debtors.

11. Textron and Detroit are constrained to object to the relief sought under the Motion, to the extent that the Debtors seek:

(a) to in any way bind Textron and/or Detroit to the Required Minimum Provisions without the express written agreement of Textron and/or Detroit, regardless of the dates of any shipments made under existing relationships;

(b) to substitute the judgment of the Creditors' Committee for that of this Court in determining whether the Debtors may assume a non-consenting Covered Supplier's Assumable Agreement;

(c) any finding by this Court that the Required Minimum Provisions satisfy the requirements of sections 365 and 503 of the Bankruptcy Code, including without limitation, the requirements with respect to (i) the amount and timing of cure payments in connection with the proposed assumption, (ii) adequate assurance of future performance with respect to the supply relationships among the Debtors on the one hand, and Textron and/or Detroit on the other, and (iii) the claims rights and priorities of Textron and/or Detroit following assumption and/or rejection; or

(d) to alter the rights or priority of Textron and/or Detroit by and through the Reclamation Claims.

Absent the consent of Textron and/or Detroit, the Debtors have improperly requested this Court to act outside of its jurisdiction and power in order to grant such relief and/or make such findings. Many of the Required Minimum Provisions are expressly contrary to the Bankruptcy Code and may not be forced upon non-consenting parties.

12. Textron and Detroit respectfully join in the recitation of cases cited by various objecting creditors and will not burden the Court with repeating same herein, and request that they not be required to file a separate memorandum of law pursuant to Local Rule 9013-1(b).

WHEREFORE, for the reasons set forth herein, Textron and Detroit respectfully request that this Court modify any order entered granting the relief sought in the Motion to adequately address the objections raised herein, and grant such other and further relief as it deems just and proper.

Dated: New York, New York
November 25, 2005

KLESTADT & WINTERS, LLP
*Counsel for Textron Fastening Systems, Inc., including its subsidiaries and affiliates, and Detroit Heading LLC*

By: __/s/Tracy L. Klestadt_____
Tracy L. Klestadt (TK-3591)
Sean C. Southard (SS-2825)
292 Madison Avenue, 17th Floor
New York, New York 10017
(212) 972-3000