Hearing Date: November 29, 2005
at 10:00 a.m.

HODGSON RUSS LLP
Stephen H. Gross (SG-9904)
Stephen L. Yonaty (SY-1400)
Carnegie Hall Tower
152 W. 57th Street, 35th Floor
New York, New York 10019
sgross@hodgsonruss.com
syonaty@hodgsonruss.com
*Attorneys for Hexcel Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

## OBJECTION OF HEXCEL CORPORATION
## TO SUPPLIER AGREEMENT ASSUMPTION PROCEDURES MOTION

Hexcel Corporation ("Hexcel"), by and through its attorneys, Hodgson Russ LLP, for its objection to the Supplier Assumption Procedures Motion of Delphi Corporation and its Affiliates (collectively, "Delphi") dated November 18, 2005 ("Motion"), respectfully represents:

1. Hexcel has been and continues to be a supplier to Delphi.

2. By means of the Motion, Delphi seeks this Court's approval of certain procedures which would apparently allow Delphi to assume various supply agreements on terms not otherwise contemplated by the relevant provisions of the United States Bankruptcy Code (the "Bankruptcy Code"). Although it is not clear that the Motion necessarily applies to Hexcel, Hexcel files this

objection out of an abundance of caution and in an effort to preserve its rights under applicable bankruptcy and non-bankruptcy law.

3. To the extent that the Motion does apply to Hexcel, Hexcel objects to it on several grounds, most or all of which have been asserted in the multitude of objections to the Motion which have been filed by various parties.

4. Initially, Paragraph 23 of the Motion states that Covered Suppliers[1] could be bound to the terms of an Assumption Agreement even if they do not sign the Assumption Agreement; they can be bound by performance instead. Paragraph 23 states as follows in relevant part:

> [P]rovided, however, that the Debtors further propose that such Covered Suppliers be conclusively deemed to consent to and be irrevocably bound by the Procedures and each of the Required Minimum Provisions, notwithstanding its failure to enter into an Assumption Agreement, upon its first shipment of Goods to the Debtors following the Assumption Date for the relevant assumed Assumable Agreement and payment of the first installment of Cure.

5. Hexcel objects to the Motion to the extent that it seeks to bind a supplier to an assumed contract by any means other than those set forth in Section 365 of the Bankruptcy Code, or as agreed to in writing between Delphi and Hexcel. Considering the circumstances under which suppliers ship goods and supply services to a "just in time" manufacturing operation such as Delphi, performance in and of itself cannot fairly serve as a method for affirmatively consenting to an Assumption Agreement. This is particularly true where such performance is inadvertent. Rather, an Assumption Agreement should only be binding when it is executed by an authorized representative of a Covered Supplier, and such representative is fully aware of the compromises effected by consenting to such Assumption Agreement.

---

[1] Unless otherwise defined, capitalized terms used herein are ascribed the same meaning as set forth in the Motion.

6.     In addition, Hexcel objects to the Motion to the extent that a Covered Supplier unconditionally waives the right to seek additional adequate assurance in the future and agrees that any claim for breach of an Assumed Agreement would be an unsecured claim. Such terms are not only at odds with well established principles of bankruptcy law, but are fairly characterized as overreaching.

7.     Without waiver of its right to object to any other aspect of the Motion, Hexcel further objects to the Motion to the extent that it (i) imposes a two (2) year extension (on current terms) of the applicable contract or agreement, (ii) reduces Delphi's cure obligations with respect to Assumption Agreements from the complete (i.e. 100%) cure contemplated by the Bankruptcy Code to the 75% cure proposed in the Motion, (iii) provides for the payment of cure amounts in installments, (iv) limits damages with respect to rejected Assumption Agreements by relegating such damages to unsecured claims, and (v) fails to comport with established notions of due process with respect to the manner for providing notice of assumption.

8.     In sum, Hexcel opposes the Motion because it turns well established principles of bankruptcy law and fair dealing on their proverbial head. In establishing the prices at which Hexcel sells goods to Delphi, an evaluation is made not only in terms of an anticipated return but with a view toward the degree of risk in likely receipt of payment. To the extent that Delphi seeks to foist its own Terms and Conditions on a vendor, and compounds the injury by unilaterally extending the term and eliminating the right to an administrative claim for damages arising out of Delphi's own breach, the resultant risk may well make doing business with the Delphi untenable and unprofitable. There is no principle of bankruptcy law which sanctions so egregious an effort to undo classic protections such as adequate assurance and retention of cure payments made upon assumption.

9. Hexcel respectfully requests that it not be required to file and serve a separate memorandum of law pursuant to Local Rule 9013-1(b), as this objection does not raise any novel issues of law.

WHEREFORE, Hexcel respectfully requests that the Court issue an order (i) denying the Motion, and (ii) granting such other and further relief as the Court deems just and proper.

HODGSON RUSS LLP
*Attorneys for Hexcel Corporation*

/s/ Stephen L. Yonaty
Stephen H. Gross (SG-9904)
Stephen L. Yonaty (SY-1400)
Carnegie Hall Tower
152 W. 57th Street, 35th Floor
New York, New York 10019
Tel.: 212.751.4300
e-mail: sgross@hodgsonruss.com
e-mail: syonaty@hodgsonruss.com

000160/09100 BFLODOCS 1399905v1