JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350
Ronald R. Peterson (RP 5430)
Andrew S. Nicoll (AN 9687)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
In re                                                      :     Chapter 11
                                                           :
DELPHI CORPORATION, et al.,                                :     Case No. 05-44481 (RDD)
                                                           :
              Debtors.                                     :     (Jointly Administered)
---------------------------------------------------------- X

# OBJECTION BY TENNECO INC. TO SUPPLIER AGREEMENT ASSUMPTION PROCEDURES MOTION

Tenneco Inc. ("Tenneco"), on behalf of itself and its affiliates and subsidiaries, objects to the Supplier Agreement Assumption Procedures Motion (the "Motion") dated November 18, 2005, filed by debtors Delphi Corporation, et al (collectively, "Debtors"), because it attempts to improperly deny certain non-consenting suppliers the opportunity to object to the assumption of their executory contracts, improperly permits the modification of their contracts, is ambiguous and constitutes a frontal assault upon the Bankruptcy Code, the Bankruptcy Rules of Procedure and the case law regarding executory contracts.

## Background

1.  Tenneco and one or more of the Debtors are parties to certain executory contracts whereby Tenneco supplies goods to the Debtors.

2.  On November 18, 2005, Debtors filed the Motion requesting that this Court approve special procedures for the assumption or modification of its executory contracts.

CHICAGO_1341378_1

Unfortunately, the motion does not list which contracts are the victim of the motion, thereby, forcing Tenneco to file a protective objection in the event that its contracts are on some secret list.

3. Tenneco is generally supportive of the Debtors' efforts to continue to assure the supply of critical parts for their operations, and does not oppose the Debtors having the authority to enter into voluntary agreements with their suppliers subject to the supervision of this Court, the over sight of the official creditors committee and the procedures articulated in the bankruptcy code and rules. However, the Debtors' motion constitutes extraordinary over-reaching of what a debtor is permitted to do under 11 U.S.C. §365.

## Argument

4. By its Motion, the Debtors seek permission to assume certain executory supply contracts in instances where the relevant suppliers have entered into an agreement to radically alter the terms of either a pre-petition or post-petition contract. (Motion ¶¶ 15, 21). The proposed contractual modifications include, but are not limited to, a reduction in cure amount, payment of cure overtime, a two year extension of the term of the agreement, and significant limitations to the right of adequate assurance. (Motion ¶ 22). These modifications amount to a dramatic evisceration of the pre-petition rights granted to suppliers upon assumption of their contract. Such modifications are only acceptable where a supplier, with full notice, affirmatively and voluntarily agrees to the assumption of its executory contract conditioned upon these modification, and this Court, upon written application and after notice and a hearing, approves them.

A. **IT IS PATENTLY UNJUST TO DEEM ACCEPTANCE TO CONTRACTUAL MODIFICATION BASED ON A SUPPLIER'S FAILURE TO BREACH THE CONTRACT**

5.      The Debtors ask the Court to hold that a counterparty is deemed to have accepted the radical modification of its contract simply because the party makes just one shipment, even if made in error, after receipt of a notice to an unidentified company employee. (Motion ¶ 23). The proposed order accompanying the Motion (the "Proposed Order") reads:

> 10. The Debtors are hereby authorized, but not directed to provide an Assumption Agreement substantially in the form of the letter attached hereto as Exhibit 1 to each Covered Supplier whose Assumable Agreement(s) are being assumed pursuant to the terms hereof along with a copy of the order granting this Motion; **provided, however, that a Covered Supplier will be conclusively deemed to consent to and be irrevocably bound by the terms of this Order, notwithstanding its failure to enter into an Assumption Agreement, upon its first shipment of Goods to the Debtors following the Assumption Date for the relevant assumed Assumable Agreement and payment of the first installment of Cure.**

(Proposed Order ¶ 10) (emphasis added).

6.      In addition, the Proposed Order allows the Debtor to assume executory contracts on different and undisclosed terms without the non-debtor's consent if the creditors committee on three business days notice fails to object. (Proposed Order ¶ 6).

7.      These provisions are objectionable for the following reasons.

8.      First, it is completely at odds with 11 U.S.C. §365. Absent the explicit consent of the non-debtor party, contracts must be assumed *cum onere.*

9.      Second, Fed. R. Bankr. P. 6005 mandates that any assumption of an executory contract be made pursuant to Fed. R. Bankr. P. 9014. There are no provisions for assumption or modification of executory contracts in secret as proposed by the Motion.

10.     Third, this implied consent provision impermissibly places suppliers on the horns of a dilemma in the event that the Supplier does not wish to be bound by the new odious terms. If the Supplier receives the notice and does not consent, that Supplier must make an election to

3

stop shipping or be stuck with the new terms. If the Supplier stops shipping, it may be in contempt of court. The law requires that suppliers must continue to honor executory contracts, and a supplier that chooses not to honor an executory contract with a debtor in bankruptcy may be violating the automatic stay, *See e.g.*, *In re National Steel Corp.*, 316 B.R. 287, 305 (Bankr. N.D. Ill. 2004) ("The non-debtor party must continue to perform under the contract prior to assumption or rejection . . . ."), and the Court has previously established procedures whereby a supplier that merely threatens to stop shipping goods under an executory contract (a "Non-Conforming Supplier") can be hauled into court on a motion to show cause and be "required to . . . demonstrate that such Non-Conforming Supplier should not be held in violation of the automatic stay." (Essential Supplier Order, Docket No. 197, ¶¶ 8-9). Thus, this provision leaves a supplier with a Hobson's choice: accept the egregious contract modifications or breach the contract and violate the automatic stay. No supplier should be forced into such a predicament.

11.     Fourth, deeming consent based upon shipping goods would encourage non-consenting suppliers to stop making shipments. The Debtors own pleadings to this Court more the adequately describe the destructive effect of supply interruption. For the very reason articulated by the Debtors, this over-reaching implied consent provision will turn vendors who want the debtors to succeed into the involuntary architects of its destruction.

12.     Fifth, these unilateral terms will place an unfair burden on non-debtor suppliers. These suppliers in many cases must make dramatic capital investments, including machinery and tooling to meet the Debtor's contract demands. They often must have a backlog of manufactured goods to satisfy the Debtors' "just in time" inventory demands. If the Debtor can sneak through an implied consent to these proposed new terms, the Debtors can cancel the modified executory

4

with minimal notice leaving innocent suppliers holding a very large bag. Suppliers should only assume that business risk with their actual and not implied consent.

13.     Not surprisingly, the Debtors have cited no authority for such an unreasonable and oppressive provision.

**B.      UNDER THE BANKRUPTCY RULES, COUNTERPARTIES TO EXECUTORY CONTRACTS ARE ENTITLED TO A HEARING REGARDING ASSUMPTION**

14.     The Debtors' Motion, paragraph 21(c), is further ambiguous as to whether the Debtor can effect an assumption of an executory contract without the non-debtor's consent or a court order. Paragraph 21(c) makes reference to a subparagraph c above, but there is no subparagraph c. Next it states that "should a Covered Supplier not consent to entry into an Assumption Agreement or refuse to consent to any Required Minimum Provisions . . . the Debtors shall not be authorized to assume such Supplier's Assumable Agreement or Agreements without prior approval of the Creditors Committee…." What if the Committee consents, can the Debtor unilaterally impose a modified assumed contract on the non-consenting, non-debtor party? The negative implication of paragraph 21(c) certainly suggest as much. The Debtors' Proposed Order does not clarify the ambiguity either

The proposed order reads:

> 6. **Notwithstanding anything to the contrary contained herein, should a Covered Supplier not consent to entry into an Assumption Agreement or refuse to consent to any Required Minimum Provision . . ., the Debtors shall not be authorized to assume such Supplier's Assumable Agreement or Agreements without prior approval of the Creditors' Committee . . . .**

(Proposed Order ¶ 6) (emphasis added).

15.     The Bankruptcy Rules simply do not allow assumption of a contract without the counterparty's consent absent the Court's approval. Section 365(a) of the Bankruptcy Code makes assumption of executory contracts "subject to the court's approval." 11 U.S.C. § 365(a).

5

Fed. R. Bankr. P. 9014, made applicable by Fed. R. Bankr. P. 6006, requires that a counterparty to a contract must be given both reasonable notice of a debtor's intent to assume and "an opportunity for hearing." Fed. R. Bankr. P. 9014. Accordingly, the decision to assume an executory contract over a supplier's objection must be made by the Court and only after the supplier has had an opportunity to be heard.

**C.    ADDITIONAL OBJECTIONS**

16.    In addition, the Motion and its attachments to not clarify to whom the consent letter should be given. Tenneco believes that such notice should only be effective if delivered to suppliers' CEO or such person as the CEO designates and any counsel for that supplier who appears in these proceedings. A supplier should not be bound if notice is delivered to a low level functionary or secretary.

17.    Tenneco further objects to the provisions in Footnote 5 of the Motion. The Debtors in their press releases have already suggested that they may be closing down substantial North American operations. Consequently, Suppliers should always have the right at any time to compel assumption or rejection of their executory contracts as permitted by 11 U.S.C. §365 in the event they deem themselves insecure and can demonstrate to this Court that they will suffer irreparable harm.

18.    Finally, the Motion and Proposed Order purport to give the debtor discretion to waive avoidance actions on contracts that it assumes and withdraw that waiver in the event the Debtor terminates the contract. Such provision is contrary to established case law which provides that assumption of a contract constitutes a full waiver of any preference action even if later rejected. See, *In re Kiwi Int'l Air Lines, Inc*. 344 F. 3d 311 (3d Cir. 2003); *In re Superior Toy* 78 F. 3d 1169 (7th Cir. 1996)

**Memorandum Of Law**

6

19. Because the legal points and authorities upon which this Objection relies are incorporated herein, the Tenneco respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

## Conclusion

Wherefore, Tenneco requests that approval of the Supplier Agreement Assumption Procedures Motion be denied.

Dated: November 25, 2005
Chicago, Illinois

                Respectfully submitted,

                By:  */s/ Ronald R. Peterson*
                     Ronald R. Peterson (RP 5430)
                     One IBM Plaza
                     Chicago IL, 60611
                     (312) 222-9350

                     Counsel Tenneco Inc.

## **CERTIFICATE OF SERVICE**

      I, Ronald R. Peterson, an attorney, hereby certify that on November 25, 2005, I served a copy of the attached **OBJECTION BY TENNECO INC. TO SUPPLIER AGREEMENT ASSUMPTION PROCEDURES MOTION** on the following party by overnight delivery:

    John Wm. Butler, Jr., Esquire
    Skadden, Arps, Slate, Meagher & Flom LLP
    333 West Wacker Drive, Suite 2100
    Chicago, IL 60606

    Robert J. Rosenberg, Partner
    Latham & Watkins LLP
    885 Third Avenue, Suite 1000
    New York, NY 10022-4834

    Alicia M. Leonhard
    U.S. Department of Justice
    Office of the United States Trustee
    33 Whitehall Street, 21st Floor
    New York, NY 10004-2111

    Kenneth S. Zimar
    Simpson Thacher & Bartlett
    425 Lexington Avenue
    New York, New York 10017

    Marlane Melican
    Davis Polk & Wardell
    450 Lexington Avenue
    New York, New York 10017

    Mark A. Broude
    Latham & Watkins
    885 Third Avenue
    New York,
    New York 10022

                                                    */s/ Ronald R. Peterson*
                                                        Ronald R. Peterson