MINTZ LEVIN COHN FERRIS  
  GLOVSKY AND POPEO, P.C.  
666 Third Avenue  
New York, New York 10017  
Tel. No. 212-935-3000  
Fax. No. 212-983-3115  
Michael L. Schein, Esq. (MS 0241)

Return Date: November 29, 2005  
10:00 a.m

*Attorneys for Hitachi Automotive Products (USA), Inc.*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------ x  

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | Jointly Administered |

------------------------------------------------------------ x

### JOINDER OF HITACHI AUTOMOTIVE PRODUCTS (USA), INC. TO SPS TECHNOLOGIES AND QUASAR OBJECTIONS TO DEBTORS' ASSUMPTION PROCEDURES MOTION

    Hitachi Automotive Products (USA), Inc. ("HAP"), by and through its attorneys Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., hereby joins in (this "Joinder") the objections of SPS Technologies and Quasar Industries (collectively, the "Objections") to the relief sought by the above-captioned debtors (the "Debtors") in their motion to establish certain assumption procedures with respect to sole source supplier agreements (the "Assumption Motion"). In support of this Joinder, HAP respectfully represents as follows:

### BACKGROUND

    1.    On October 8, 2005, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

    2.    Through the Assumption Motion, the Debtors seek to establish certain procedures with respect to the assumption of "sole source" supplier agreements, including the requirement that the non-debtor contract party be bound by certain mandatory provisions as a condition of

such assumption, which provisions are, among other things, onerous, overreaching and unjustified under the circumstances of these cases.

3.      HAP is a party to various purchase order agreements with the Debtors (the "HAP Agreements")[1] in respect of the supply of navigations boards and electronic throttle body parts.

**OBJECTION**

4.      HAP hereby joins and incorporates by reference the Objections to the broadest extent permitted and necessary to preserve all of HAP's rights, interests and claims under the HAP Agreements and as a matter of law and equity. Specifically, and without limiting the foregoing, HAP opposes the breadth, scope and enforceability of the mandatory provisions proposed by the Debtors in their Assumption Motion since they would impair and adversely affect HAP's rights and interests as a creditor and non-debtor party to the HAP Agreements.

5.      More specifically, HAP does not agree, among other things, (a) to waive its right to seek, at HAP's sole discretion, the assumption of any of the HAP Agreements, including its right to adequate assurance of future performance, (b) to accept as cure, pursuant to section 365 of the Bankruptcy Code, less than all amounts due and owing under the HAP Agreements, (c) to the characterization of any of the HAP Agreements as "Requirement Contracts" or their conversion through the Debtors' assumption process to Requirement Contracts, (d) to the waiver of any right to administrative claim treatment under section 503 of the Bankruptcy Code or otherwise by virtue of, among other things, the Debtors' failure to make all cure payments or the subsequent rejection after assumption of any of the HAP Agreements, or (e) to any change in current payment terms by the Debtors under any of the HAP Agreements.

6.    Based on HAP's reading of the Assumption Motion, the Debtors are seeking to make suppliers, including potentially HAP, irrevocably and involuntarily bound to onerous and overreaching assumption provisions, which provisions HAP does not consent to or otherwise agree to be bound, and which provisions violate both HAP's rights under the HAP Agreements and pursuant to the Bankruptcy Code.

## RESERVATION OF RIGHTS

7.    HAP reserves all of their rights to raise at the hearing and with respect to any future hearings held in connection with the relief sought in the Debtors' Assumption Motion, as may be amended and/or supplemented by the Debtors, any objections HAP has or may subsequently have with respect thereto.

## CONCLUSION

WHEREFORE, for the foregoing reasons, HAP respectfully requests that this Court (a) deny the relief requested in the Debtors' Assumption Motion as it may relate to the HAP Agreements and (b) grant such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        November 25, 2005

*Attorneys for Hitachi Automotive Products (USA), Inc.*

MINTZ LEVIN COHN FERRIS GLOVSKY
  AND POPEO P.C.

By:        */s/ Michael L. Schein*
        Michael L. Schein (MS-0241)
        666 Third Avenue
        New York, New York  10017-4011
        Tel. No. 212-935-3000

(.......Continued)

[1]  Any statements made in here regarding the HAP Agreements, including, without limitation, their description or legal characterization, are made under a full reservation of rights and shall not constitute an admission or otherwise for any purpose.

-3-

Fax. No. 212-983-3115

NYC 344219v.1

-4-