UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DELPHI CORPORATION, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

## STATEMENT OF POSITION AND RESERVATION OF RIGHTS OF SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C REGARDING SUPPLIER AGREEMENT ASSUMPTION PROCEDURES MOTION

This "Statement of Position and Reservation of Rights" is filed by Semiconductor Components Industries LLC, ("SCI"), a supplier of electronic components to Delphi Corporation ("Debtor"), in response to the Debtor's "Motion for An Order Under 11 U.S.C. §§ 363(b) and 365(a) And Fed. R. Bankr. P. 9019 Approving Procedures to Assume Certain Amended and Restated Sole Supplier Agreements" (the "Motion"). This Statement of Position is supported by the entire record in the Debtor's bankruptcy case, and by the accompanying "Memorandum of Points and Authorities". In support of this Statement of Position, SCI respectfully represents as follows:[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

1. SCI supplies the Debtor with electronic components at a rate of approximately $130,000 per day. SCI is evaluating whether it has an executory contract with the Debtor that the Debtor can assume or reject under Bankruptcy Code §365 or that requires it to continue to deliver product to the Debtor on a post-petition basis. As of the Debtor's bankruptcy filing date of October 8, 2005, SCI has a pre-petition claim of approximately $5,200,000 including SCI's reclamation claim of approximately $1,800,000.

---

[1] Unless otherwise stated, capitalized terms shall have the meanings given to them in the Motion.

QBPHX\99999.99999\1973523.1

2. The Motion purports to establish certain procedures for the Debtor to assume the executory contracts of its sole source suppliers (i.e., the "Covered Suppliers") without the requirement that the Debtor obtain prior Bankruptcy Court approval, subject to the terms and conditions set forth in the Motion, including the requirement that Covered Suppliers be bound by the Debtor's Required Minimum Provisions, and by the Debtor's General Terms and Conditions. In addition, the proposed order ("Proposed Order") approving the Motion appears to bar SCI from seeking adequate protection, adequate assurance of payment, and other relief from this Court regarding its post-petition dealings with the Debtor solely because of the Order that approved the Debtor's post-petition financing.

3. Because SCI is unclear as to whether the Motion is as limited as the Debtor opines it to be, SCI has a few concerns about the Motion and the Proposed Order, which it has expressed to Debtor in an attempt to avoid any misunderstanding and to avoid any unnecessary proceedings before this Court. See Exhibit "A". For example, SCI has requested that the Debtor confirm whether SCI is or is not a Covered Supplier. Of course, if SCI is not subject to the Motion, then it has no objection to it.

4. SCI has also requested that the Debtor confirm that the Motion and the Proposed Order do not in any way affect SCI's rights to compel the Debtor to assume or reject its contract[2], and/or to compel the Debtor to provide SCI with adequate assurance of payment for product delivered to the Debtor post-petition, and that the Financing Order does not act as a bar or limit upon that request. Finally, SCI has requested that the Debtor confirm that SCI will not be bound by the Required Minimum Provisions or by the General Terms and Conditions if SCI

---

[2] Nothing in this Statement of Position shall be deemed an admission by SCI as to the nature and scope of its contractual relationship with the Debtor.

elects to be a Non-Consenting Supplier and declines to enter into an Assumption Agreement with the Debtor.

5.  In summary, SCI has sought assurances from the Debtor that the Motion is entirely procedural in nature, and that nothing in it substantively effects the rights of SCI in any proceeding under Bankruptcy Code §365 or otherwise. SCI is still unclear on this point, and therefore files this Statement of Position as a precautionary matter to reserve all of its rights and remedies to object to the Motion and to the Proposed Order on any substantive basis authorized by law.

6.  The Motion and the Proposed Order permit SCI to file an objection within ten days after the Proposed Order is entered. In filing this Statement of Position, instead of objecting to the Motion on a substantive basis at the present time, SCI is expressly relying on its right to object to the Motion within ten days after the Proposed Order is entered. SCI and the Debtor have enjoyed a very productive relationship in the past, which SCI hopes and expects will continue into the future. As a result, SCI fully supports the Debtor's reorganization efforts and hopes that its concerns about the Motion and the Proposed Order will be resolved consensually without any need for SCI to file a formal objection to the Motion.

|  |  |
|---|---|
| Dated: this 25th day of November, 2005 | Respectfully submitted,<br><br>Quarles & Brady Streich Lang LLP<br>Renaissance One<br>Two North Central Avenue<br>Phoenix, AZ 85004-2391<br>602.229.5200<br>John J. Dawson, New York Bar No. 478197<br>John A. Harris, Arizona Bar No. 014459<br>Scott Goldberg, Arizona Bar No. 015082<br><br>By: _____<br>Attorneys for Semiconductor Components Industries, L.L.C., a subsidiary of ON Semiconductor Corporation |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing "Statement Of Position And Reservation Of Rights Of Semiconductor Components Industries, L.L.C Regarding Supplier Agreement Assumption Procedures Motion" was filed electronically this 25th day of November, 2005 and the foregoing was sent via e-mail to the following parties:

Kayalyn A. Marafioti, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM
Four Times Square
New York, NY 10036
E-mail: kmarafio@skaden.com

John Wm. Butler, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM
333 West Wacker Drive
Suite 2100
Chicago, Illinois 60606
E-mail: jbutler@skadden.com

Mark A. Broude, Esq.
Robert J. Rosenberg, Esq.
LATHAM & WATKINS
885 Third Avenue
New York, NY 10022-4802
E-mail: mark.broude@lw.com
robert.rosenberg@lw.com

Michael D. Warner, Esq.
WARNER STEVENS, L.L.P.
301 Commerce Street
Suite 1700
Fort Worth, TX 76102
Email: bankruptcy@warnerstevens.com

*Lisa Cummings* (signature)