SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | x | |
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | x | |

DECLARATION OF JOHN D. SHEEHAN IN SUPPORT OF MOTION FOR AN ORDER UNDER 11 U.S.C. §§ 363(b) AND 365(a) AND FED. R. BANKR. P. 9019 APPROVING PROCEDURES TO ASSUME CERTAIN AMENDED AND RESTATED SOLE SOURCE SUPPLIER AGREEMENTS

I, John D. Sheehan, declare:

1. I am the Vice President of Corporate Restructuring, Chief Accounting Officer and Controller for Delphi Corporation ("Delphi" and, collectively with those of its subsidiaries and affiliates as are debtors and debtors-in-possession in the above-captioned chapter 11 cases, the "Debtors"). I am familiar with the circumstances giving rise to the Debtors' determination that procedures allowing for the assumption of certain agreements (the "Assumable Agreements"), pursuant to which the Debtors receive goods which the Debtors believe are critical to their on-going manufacturing operations (collectively, the "Goods"), with those of the Debtors' suppliers which are the sole source from which the Debtors can currently obtain sufficient quantities of the Goods to avoid interruptions of the Debtors' manufacturing operations (the "Covered Suppliers") are necessary to the Debtors' successful restructuring. I joined Delphi in July 2002 as Chief Accounting Officer and Controller, and on March 4, 2005, I also assumed the position of acting Chief Financial Officer, an additional position that I held until October 8, 2005, when I was appointed Chief Restructuing Officer. I have a bachelors' degree in accounting from St. Bonaventure University and am a licensed certified public accountant in the states of Connecticut and Michigan. I am also a member of the American Institute of Certified Public Accountants.

2. I submit this declaration in support of the Motion for an Order Under 11 U.S.C. §§ 363(b) and 365(a) and Fed. R. Bankr. P. 9019 Approving Procedures to Assume Certain Amended and Restated Sole Source Supplier Agreements, dated November 18, 2005 (the "Motion"). Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion. Except as otherwise indicated, I have

personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto. I am authorized to submit this declaration.

3. Pursuant to the Motion, the Debtors have requested authority to implement procedures by which they may assume the Assumable Agreements without need for further Court approval, subject to the mandatory contract provisions described therein. The Motion deals exclusively with the adoption of a procedure to amend, restate, and extend expiring contracts without which the Debtors' supply chain would be placed in jeopardy during the Company's restructuring.

4. I have reviewed the declarations of R. David Nelson and Randall S. Eisenberg in support of the Motion (the "Nelson Declaration" and "Eisenberg Declaration" respectively). I am familiar with the contents thereof and believe that each of the Nelson Declaration and the Eisenberg Declaration accurately describe the numerous bases upon which the relief requested in the Motion is in the best interests of the Debtors.

5. As the Debtors' Vice President of Corporate Restructuring, I submit this declaration to further emphasize the importance of the relief requested in the Motion to the Debtors' successful restructuring. The Debtors are, depending on foreign currency exchange rates, either the largest or second largest global supplier of vehicle electronics, transportation components, integrated systems and modules, and other electronic technology. The Debtors produce thousands of separate products and the production of those products requires the timely receipt of components and raw materials from thousands of suppliers. Such components and raw materials are provided to the Debtors pursuant to tens of thousands of separate agreements with their suppliers, many of which have a yearly term.

6. The Debtors estimate that thousands of these supply agreements are due to expire on or about December 31, 2005, absent a further extension. I believe that the lack of a process enabling the Debtors to resolve issues relating to these expiring agreements on a timely and efficient basis would threaten the continuity of supply of Goods to the Debtors and, thereby, the continuity of the Debtors' supply of products to their customers. Without the Goods, I further believe that the Debtors' manufacturing process, and the automotive industry as a whole, could face imminent shutdown following expiration of the Assumable Agreements.

7. I believe that the most efficient and cost effective manner in which to enhance the Debtors' likelihood of a successful restructuring and preserve the Debtors' going-concern value for all constituents is through assumption of the Assumable Agreements in exchange for a package of mandatory minimum provisions from the Covered Suppliers that provide the Debtors' continuity of supply at market terms. I further believe that the continued performance of the Covered Suppliers is crucial to the Debtors' prospects for a successful restructuring, especially in the midst of very difficult restructuring decisions that will have to be made in the upcoming months. In addition to the operational necessity of such relief, I believe that the Debtors' financial position will be strengthened significantly through implementation of the procedures described in the Motion, to the benefit of all constituencies. As such, I believe that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties-in-interest.

8. Finally, the Debtors remain committed to working with the Creditors' Committee and others in developing a process that at once serves the interests

of the Debtors and protects the value of their estates, as the Motion intends to do, and also recognizes and addresses the legitimate concerns of creditor constituencies.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed on November 26, 2005 at Troy, Michigan.

/s/ John D. Sheehan
John D. Sheehan