BARACK FERRAZZANO KIRSCHBAUM              Hearing Date: November 29, 2005
PERLMAN & NAGELBERG LLP                                  10:00 a.m.
333 West Wacker Drive, Suite 2700
Chicago, IL 60606
Tel. No.    312-984-3100
Fax No.    312-984-3150
William J. Barrett (IL 6206424)
Kimberly J. Robinson (IL 6194420)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re | Chapter 11 |
|---|---|
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481 (RDD) |
| Debtors. | Jointly Administered |

## JOINDER OF MOTION INDUSTRIES, INC.
## TO SPS TECHNOLOGIES AND QUASAR OBJECTIONS TO
## DEBTORS' ASSUMPTION PROCEDURES MOTION

Motion Industries, Inc. ("Motion"), by and through its undersigned attorneys, hereby joins in (this "Joinder") the objections of SPS Technologies and Quasar Industries (collectively, the "Objections") to the relief sought by the above-captioned debtors (the "Debtors") in their motion to establish certain assumption procedures with respect to sole source supplier agreements (the "Assumption Motion"). In support of this Joinder, Motion respectfully represents as follows:

### BACKGROUND

1. On October 8, 2005, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United State Code, 11 U.S.C. §§101 *et seq.* (the "Bankruptcy Code").

2. Through the Assumption Motion, the Debtors seek to establish certain procedures with respect to the assumption of "sole source" supplier agreements, including the requirement

that the non-debtor contract party be bound by certain mandatory provisions as a condition of such assumption, which provisions are, among other things, onerous, overreaching and unjustified under the circumstances of these cases.

3. Motion is a party to various purchase order agreements with the Debtors (the "Motion Agreements")[1] in respect to the supply of certain goods and parts.

## OBJECTION

4. Motion hereby joins and incorporates by reference the Objections to the broadest extent permitted and necessary to preserve all of Motion's rights, interests and claims under the Motion Agreements and as a matter of law and equity. Specifically, and without limiting the foregoing, Motion opposes the breadth, scope and enforceability of the mandatory provisions proposed by the Debtors in their Assumption Motion since they would impair and adversely affect Motion's rights and interests as a creditor and non-debtor party to the Motion Agreements.

5. More specifically, Motion does not agree, among other things, (a) to waive its right to seek, at Motion's sole discretion, the assumption of any of the Motion Agreements, including its right to adequate assurance of future performance, (b) to accept as cure, pursuant to section 365 of the Bankruptcy Code, less than all amounts due and owing under the Motion Agreements, (c) to the characterization of any of the Motion Agreements as "Requirement Contracts" or their conversion through the Debtors' assumption process to Requirement Contracts, (d) to the waiver of any right to administrative claim treatment under section 503 of the Bankruptcy Code or otherwise by virtue of, among other things, the Debtors' failure to make all cure payments or the subsequent rejection after assumption of any of the Motion Agreements,

---

[1] Any statements made in here regarding the Motion Agreements, including, without limitation, their description or legal characterization, are made under a full reservation of rights and shall not constitute an admission or otherwise for any purpose. Motion does not believe it would be considered a sole source supplier under the Assumption Motion, but is filing this objection to protect its rights in connection therewith.

323671_1.DOC                                        2

or (e) to any change in current payment terms by the Debtors under any of the Motion Agreements.

6. Based on Motion's reading of the Assumption Motion, the Debtors are seeking to make suppliers, including potentially Motion, irrevocably and involuntarily bound to onerous and overreaching assumption provisions, which provisions Motion does not consent to or otherwise agree to be bound, and which provisions violate both Motion's rights under the Motion Agreements and pursuant to the Bankruptcy Code.

## RESERVATION OF RIGHTS

7. Motion reserves all of its rights to raise at the hearing and with respect to any future hearings held in connection with the relief sought in the Debtors' Assumption Motion, as may be amended and/or supplemented by the Debtors, any objections Motion has or may subsequently have with respect thereto.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Motion respectfully requests that this Court (a) deny the relief requested in the Debtors' Assumption Motion as it may relate to the Motion Agreements and (b) grant such other and further relief as this Court deems just and proper.

Dated:     November 28, 2005 at Chicago, Illinois.

                BARACK FERRAZZANO KIRSCHBAUM
                PERLMAN & NAGELBERG LLP

                By     /s/ William J. Barrett
                     William J. Barrett
                     Kimberly J. Robinson
                     333 West Wacker Drive, Suite 2700
                     Chicago, IL 60606
                     Tel. No.   312-984-3100
                     William.barrett@bfkpn.com
                     Kimberly.robinson@bfkpn.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **Joinder of Motion Industries, Inc. to SPS Technologies and Quasar Objections to Debtors' Assumption Procedures Motion** was filed electronically this 28th day of November, 2005 and the foregoing was sent via e-mail to the following parties:

Kayalyn A. Marafioti, Esq.
Skadden, Arps, Slate, Meagher & Flom
Four Times Square
New York, NY 10036
Email: kmarafio@skadden.com

John Wm. Butler, Esq.
Skadden, Arps, Slate, Meagher & Flom
333 West Wacker Drive
Suite 2100
Chicago, IL 60606
Email: jbutler@skadden.com

Mark A. Broude, Esq.
Robert J. Rosenberg, Esq.
Latham & Watkins
885 Third Avenue
New York, NY 10022-4802
Email: mark.broude@lw.com
robert.rosenberg@lw.com

Michael D. Warner, Esq.
Warner Stevens, L.L.P.
301 Commerce Street
Suite 1700
Fort Worth, TX 76102
Email: bankruptcy@warnerstevens.com

_/s/ Kimberly Johnson_