**Exhibit A**

*Chart of Objections to the Supplier Agreement Assumption Procedures Motion (the "Motion")*
*Organized by Objector[1]*

| | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 1. | Statement Directing Notice Regarding Debtors' Motion For An Order Approving Procedures To Assume Certain Sole Supplier Agreements (Docket No. 1127) | 1A) ARC requests that notice of any kind to ARC related to the Debtors' Motion be directed to their counsel. | See Response to the Bosch Objection, above. | |
| 2. | Limited Objection By Robert Bosch Corporation And Affiliates To Supplier Agreement Assumption Procedures Motion (Docket No. 1160) (the "Bosch Objection") | 2A) Bosch objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>2B) Bosch objects to the Motion because the Motion does not state on whom a proposed Assumption Agreement will be served (the "Service Procedure") and requests that any proposed Assumption Agreement be served upon its counsel. | 2A)  The Debtors will revise the proposed order to be submitted to the Court at the hearing to remove certain language from paragraph 10 thereof<br><br>2B)  The Debtors will direct all communications regarding a proposed Assumption Agreement, if any, upon the supplier's employees that are normally responsible for responding to issues relating to the Debtors' agreements with such supplier, as evidenced by the parties' prior course of business dealings | 2A)  Paragraph 10 of the proposed order will be modified to read:<br><br>"The Debtors are hereby authorized, but not directed, to provide an Assumption Agreement substantially in the form of the letter attached hereto as Exhibit 1 to each Covered Supplier whose Assumable Agreement(s) are being assumed pursuant to the terms hereof along with a copy of the order granting this Motion; provided, however, that a Covered Supplier will be conclusively deemed to consent to and be |

---

[1]    This chart reflects all objections entered on the docket as of 9:00 a.m. (Eastern Standard Time) on November 28, 2005.

| | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| | | | | irrevocably bound by the terms of this Order only in event that the Covered Supplier actually executes and delivers to the Debtors an Assumption Agreement or similar document." |
| 3. | Objection Of SPS Technologies, LLC A/K/A SPS Technologies-Cleveland, NSS Technologies, Inc. SPS Technologies Waterford Company And Greer Stop Nut, Inc. To Debtors Motion For An Order Under 11 U.S.C. §§ 363(b) And 365(a) And Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements (Docket No. 1178) | 3A) SPS objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>3B) SPS also objects to the Motion's Service Procedure. | See Response to the Bosch Objection, above | See Response to the Bosch Objection, above |
| 4. | Quasar's Objection To Supplier Agreement Assumption Procedures Motion (Docket No. 1195) | 4A) Quasar objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>4B) Quasar objects to the Motion's Service Procedure. | See Response to the Bosch Objection, above | See Response to the Bosch Objection, above |

| | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 5. | Coaters' Objection To Supplier Agreement Assumption Procedures Motion (Docket No. 1197) | 5A) Coaters objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>5B) Coaters objects to the Service Procedure. | <u>See</u> Response to the Bosch Objection, above | <u>See</u> Response to the Bosch Objection, above |
| 6. | Limited Objection To Supplier Agreement Assumption Procedures Motion By Fourteen Suppliers (Docket No. 1199)<br><br>Objectors: Fujitsu Ten Corp. of America, GKN Sinter Metals, Inc., Saturn Electronics & Engineering, Inc., Saturn Electronics de Monterrey, S.A., de C.V., Kelsey-Hayes Company, TRW Vehicle Safety Systems Inc., TRW Canada Limited, TRW Electronica Ensambles S.A. de C.V., TRW Automotive U.S. LLC, and TRW Automotive Electronics & Components GmbH & Co. KG., Valeo Climate Control Corp., Valeo Electrical Systems, Inc., Wipers Division, Valeo Electrical Systems, Inc., Motors and Actuators Division, and Valeo Switches & Detection Systems, Inc. | 6A) The parties object to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>6B) The parties object to the Service Procedure. | <u>See</u> Response to the Bosch Objection, above | <u>See</u> Response to the Bosch Objection, above |

| | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 7. | Response And Objection Of Southwire Company To Debtors' Motion For An Order Under U.S.C. §§ 363(b) And 365(a) And Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements (Docket No. 1200) | 7A) Southwire objects to the Motion because it asserts that it is impossible to determine whether the proposed procedures apply to the Debtors' agreement with Southwire<br><br>7B) Southwire objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier. | 7A) Southwire will be provided with a proposed Assumption Agreement if the Debtors determine that some or all of their agreements with Southwire constitute Assumable Agreements.<br><br>7B) <u>See</u> Response to the Bosch Objection, above | 7B) <u>See</u> Response to the Bosch Objection, above |
| 8. | Joinder Of Neuman Aluminum Automotive, Inc. And Neuman Aluminum Impact Extrusion, Inc. In Limited Objection To Supplier Agreement Assumption Procedures Motion (Docket No. 1205) | 8A) Neuman objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>8B) Neuman objects to the Service Procedure. | <u>See</u> Response to the Bosch Objection, above | <u>See</u> Response to the Bosch Objection, above |

| | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 9. | Objection Of SKF USA, Inc. To Debtors' Motion For An Order Under 11 U.S.C. §§ 363(b) And 365(a) And Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements (Docket No. 1207) | 9A) SKF objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>9B) SKF objects to the Service Procedure<br><br>9C) SKF objects to the Procedures on the basis that the Procedures will not provide suppliers with the opportunity to object to the assumption of individual agreements between the Debtors and other suppliers. | 9A) See Response to the Bosch Objection, above.<br><br>9B) See Response to the Bosch Objection, above.<br><br>9C) It is anticipated that the Creditors' Committee will provide meaningful oversight of the implementation and operation of the Procedures, such that all creditors' interests will be protected. In addition, the Debtors have demonstrated that the assumption of the Assumable Agreements is in the best interests of the Debtors, their creditors and their estates. | 9A) See Response to the Bosch Objection, above.<br><br>9C) Paragraph 2 of the proposed order will be modified to include the following additional language:<br><br>"The Debtors shall permit the Creditors' Committee to monitor the Debtors' conduct and performance with respect to this Order by providing continuing access during regular business hours to the global supply management group at the Company's worldwide headquarters by a designated representative of the financial advisor retained by the Creditors' Committee." |
| 10. | Limited Objection Of Hydro Aluminum Adrian, Inc. And Hydro Aluminum Rockledge, Inc., To Debtor's Supplier Agreement Assumption Procedures Motion (Docket Nos. 1208 and 1211) | 10A) Hydro objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier. | See Response to the Bosch Objection, above. | See Response to the Bosch Objection, above. |

|  | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 11. | Limited Objection Of Engelhard Corporation To Debtors' Motion For An Order Under 11 U.S.C. §§ 363(b) And 365(a) And Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements (Docket No. 1210) | 11A) Engelhard objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier. | See Response to the Bosch Objection, above. | See Response to the Bosch Objection, above. |
| 12. | Objection Of Hayes Lemmerz International, Inc. (On Behalf Of Itself And Its Affiliates And Subsidiaries) To Debtors' Motion For Order Under 11 U.S.C. §§ 363(b) And 365(a) And Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements (Docket No. 1214) | 12A) Hayes objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>12B) Hayes objects to the Service Procedure.<br><br>12C) Hayes objects to footnote 5 of the Motion limiting a Covered Supplier's ability to compel assumption of a Previously-Extended Agreement. | 12A) See Response to the Bosch Objection, above<br><br>12B) See Response to the Bosch Objection, above<br><br>12C) As paragraph 5 of the Order makes clear, the limitation on such a Covered Supplier's ability to compel assumption applies only to limit its right to compel assumption under the order and not otherwise. | 12A) See Response to the Bosch Objection, above |
| 13. | Objection Of Niles, USA., Inc. And Wintech, Inc. To Debtor's Supplier Assumption Procedures Motion (Docket No. 1215) | 13A) Niles objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>13B) Niles objects to the Service Procedure. | See Response to the Bosch Objection, above | See Response to the Bosch Objection, above |

| | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 14. | Objection Of Lear Corporation (On Behalf Of Itself And Its Affiliates And Subsidiaries) To Debtors' Motion For Order Under 11 U.S.C. §§ 363(b) And 365(a) And Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements (Docket No. 1217) | 14A) Lear objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>14B) Lear objects to the Service Procedure.<br><br>14C) Lear objects to footnote 5 of the Motion limiting a Covered Supplier's ability to compel assumption of a Previously-Extended Agreement. | 14A) See Response to the Bosch Objection, above<br><br>14B) See Response to the Bosch Objection, above<br><br>14C) As paragraph 5 of the Order makes clear, the limitation on such a Covered Supplier's ability to compel assumption applies only to limit its right to compel assumption under the order and not otherwise. | 14A) See Response to the Bosch Objection, above |
| 15. | Objection Of American Axle & Machinery, Inc. (On Behalf Of Itself And Its Affiliates And Subsidiaries) To Debtor's Motion For Order Under 11 U.S.C. §§ 363(b) And 365(a) And Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements (Docket No. 1219) | 15A) American Axle objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>15B) American Axle objects to the Service Procedure.<br><br>15C) American Axle objects to footnote 5 of the Motion limiting a Covered Supplier's ability to compel assumption of a Previously-Extended Agreement. | 15A) See Response to the Bosch Objection, above<br><br>15B) See Response to the Bosch Objection, above<br><br>15C) As paragraph 5 of the Order makes clear, the limitation on such a Covered Supplier's ability to compel assumption applies only to limit its right to compel assumption under the order and not otherwise. | 15A) See Response to the Bosch Objection, above |

| | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 16. | Objection Of Freudenberg-NOK, General Partnership And Its Subsidiaries, Freudenberg-NOK, Inc., Flexitech, Inc. And Vibracoustic De Mexico, S.A. De C.V. To Debtors' Motion For Order Under 11 U.S.C. §§ 363(b) And 365(a) And Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements (Docket No. 1220) | 16A) Freudenberg objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>16B) Freudenberg objects to the Service Procedure.<br><br>16C) Freudenberg objects to footnote 5 of the Motion limiting a Covered Supplier's ability to compel assumption of a Previously-Extended Agreement. | 16A) <u>See</u> Response to the Bosch Objection, above<br><br>16B) <u>See</u> Response to the Bosch Objection, above<br><br>16C) As paragraph 5 of the Order makes clear, the limitation on such a Covered Supplier's ability to compel assumption applies only to limit its right to compel assumption under the order and not otherwise. | 16A) <u>See</u> Response to the Bosch Objection, above |
| 17. | Objection Of Pentastar Aviation, LLC (On Behalf Of Itself And Its Affiliates And Subsidiaries) To Debtors' Motion For Order Under 11 U.S.C. §§ 363(b) And 365(a) And Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements (Docket No. 1221) | 17A) Pentastar objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>17B) Pentastar objects to the Service Procedure.<br><br>17C) Pentastar objects to footnote 5 of the Motion limiting a Covered Supplier's ability to compel assumption of a Previously-Extended Agreement. | 17A) <u>See</u> Response to the Bosch Objection, above<br><br>17B) <u>See</u> Response to the Bosch Objection, above<br><br>17C) As paragraph 5 of the Order makes clear, the limitation on such a Covered Supplier's ability to compel assumption applies only to limit its right to compel assumption under the order and not otherwise. | 17A) <u>See</u> Response to the Bosch Objection, above |

|  |  | **OBJECTION** | **SUMMARY OF OBJECTION** | **RESOLUTION, RESPONSE OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|---|
| 18. |  | Limited Objection Of Rotor Clip Company Inc. To Debtors' Motion For An Order Under 11 U.S.C. §§ 363(b) And 365(a) And Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements (Docket No. 1223) | 18A) Rotor Clip objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>18B) Rotor Clip objects to the Service Procedure. | <u>See</u> Response to the Bosch Objection, above | <u>See</u> Response to the Bosch Objection, above |
| 19. |  | Objection Of Wilmington Trust Company, As Indenture Trustee, To Debtors' Motion For Order Under 11 U.S.C. §§ 363(b) And 365(a) And Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements (Docket Nos. 1114 and 1224) | 19A) Wilmington asserts that the relief requested in the Motion is inconsistent with the procedures and standards established by applicable law for the assumption of executory contracts and the approval of settlements.<br><br>19B) Wilmington objects to the potential costs associated with the relief requested in the Motion.<br><br>19C) Wilmington further asserts that the Procedures improperly limit judicial and creditor oversight.<br><br>19D) Wilmington asserts that the Debtors have not provided sufficient factual support for the Motion to be a reasonable exercise of their business | 19A) The Debtors assert that the relief requested in the Motion and the Debtors' evidentiary showings with respect thereto meet the requirements under section 365 of the Bankruptcy Code and Fed. R. Bankr. P. 9019.<br><br>19B) The Debtors assert that the potential costs associated with the relief requested may be offset by the benefits of the Required Minimum Provisions and are, in any regard, justified by the significant risks to their businesses and restructuring prospects from not implementing the Procedures.<br><br>19C) The Debtors have modified the proposed order | 19B&C) Paragraph 14 of the proposed order will be modified to provide that the Creditors' Committee and the Prepetition Agent may file a supplemental objection as to the prospective application of the order on or after March 1, 2006 or at any other time prior to March 1, 2006 should the aggregate amount of Cure contractually committed to be paid by the Debtors pursuant to paragraph 8f of the order exceed $150,000,000 exclusive of Cure amounts associated with Non-Conforming Assumptions.<br><br>19C) <u>See</u> Response to the SKF Objection, above. |

| | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| | | judgment.<br><br>19E) Wilmington objects to the Motion to the extent it constitutes the Debtors' request for an advisory declaration concerning the ordinary course character of their contract negotiations.<br><br>19F) Wilmington requests clarification that any payments made pursuant to the relief requested in the Motion not be treated as "reorganization costs" in calculating payments under a key employee compensation plan ("KECP") approved in these chapter 11 cases. | to provide even greater oversight to creditors and the Court. However, the Debtors assert that the Procedures as presented are appropriate and no further oversight or intervention is necessary.<br><br>19D) The Debtors have provided extensive discovery to the Creditors' Committee and Wilmington Trust Company and have also filed additional declarations of Randall S. Eisenberg, R. David Nelson and John D. Sheehan. The Debtors assert that such documentation provides ample justification for the relief sought.<br><br>19E) This relief is necessitated by the oft-stated concern of the Debtors' suppliers regarding the scope of the Debtors' authority. The Debtors assert that entry into these agreements is clearly within the ordinary course of the Debtors' businesses. Thus, this provision constitutes | 19F) The following language will be added to the proposed order:<br><br>"To the extent that this Court subsequently authorizes the Debtors to implement a Key Executive Compensation Program ("KECP") which includes any component that would exclude restructuring expenses from the calculation of incentive payments under such program, the Debtors have stipulated and this Court shall require that the Debtors not classify any expenses under generally accepted accounting principles incurred by the Debtors as a result of the assumption of Assumable Contracts under this Order as restructuring expenses under a KECP." |

| | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| | | | little more than a comfort order such as has previously been entered by this Court with respect to certain provisions of sections 362, 503, and 525 of the Bankruptcy Code.<br><br>19F) The Debtors will stipulate that any such expenses will not be treated as restructuring expenses under a KECP. | |
| 20. | Objection Of The Official Committee Of Unsecured Creditors To Debtors' Motion For An Order Under 11 U.S.C. §§ 363(b) And 365(a) And Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements (Docket No. 1228) | 20A) The Creditors' Committee objects to the potential costs associated with the relief requested in the Motion.<br><br>20B) The Creditors' Committee asserts that the Procedures improperly limit judicial and creditor oversight.<br><br>20C) The Creditors' Committee asserts that the relief requested in the Motion is contrary to bankruptcy law.<br><br>20D) The Creditors' Committee asserts that the Debtors have not provided sufficient factual support for | 20A) The Debtors assert that the potential costs associated with the relief requested may be offset by the benefits of the Required Minimum Provisions and are, in any regard, justified by the significant risks to their businesses and restructuring prospects from not implementing the Procedures.<br><br>20B) The Debtors have modified the proposed order to provide even greater oversight to creditors and the Court. However, the Debtors assert that the Procedures as presented are appropriate and no further | 20A&B) Paragraph 14 of the proposed order will be modified to provide that the Creditors' Committee and the Prepetition Agent may file a supplemental objection as to the prospective application of the order on or after March 1, 2006 or at any other time prior to March 1, 2006 should the aggregate amount of Cure contractually committed to be paid by the Debtors pursuant to paragraph 8f of the order exceed $150,000,000 exclusive of Cure amounts associated with Non-Conforming Assumptions. |

| | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| | | the Motion to be a reasonable exercise of their business judgment. | oversight or intervention is necessary.<br><br>20C) The Debtors assert that the relief requested in the Motion and the Debtors' evidentiary showings with respect thereto meet the requirements under section 365 of the Bankruptcy Code and Fed. R. Bankr. P. 9019.<br><br>20D) The Debtors have provided extensive discovery to the Creditors' Committee and Wilmington Trust Company and have also filed additional declarations of Randall S. Eisenberg, R. David Nelson and John D. Sheehan.  The Debtors assert that such documentation provides ample justification for the relief sought. | 20B) <u>See</u> Response to the SKF Objection, above. |
| 21. | Objection Of DENSO International America, Inc. And Affiliates To Supplier Agreement Assumption Procedures Motion (Docket No. 1229) | 21A) Denso objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier. | <u>See</u> Response to the Bosch Objection, above | <u>See</u> Response to the Bosch Objection, above |

| | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 22. | Le Belier/LBQ Foundry S.A. De C.V.'s Objection To Motion For An Order Under 11 U.S.C. §§ 363(b) And 365(a) And Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements (Docket No. 1234). | 22A) Le Belier objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>22B) Le Belier incorporates by reference the arguments and citations set forth in the objections filed by Quasar Industries, Inc. and SKF USA, Inc. | <u>See</u> Response to the Bosch, Quasar and SKF Objections, above. | <u>See</u> Response to the Bosch, Quasar and SKF Objections, above. |
| 23. | Joinder Of S&Z Tool & Die, Inc. And Robin Industries, Inc. In Limited Objection To Supplier Agreement Assumption Procedures Motion (Docket No. 1236) | 23A) The parties objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>23B) The parties object to the Service Procedure. | <u>See</u> Response to the Bosch Objection, above | <u>See</u> Response to the Bosch Objection, above |

|  | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 24. | Limited Objection To Supplier Agreement Assumption Motion (Docket No. 1237) | 24A) Fujikura America, Inc. objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>24B) Fujikora incorporates by reference the arguments and citations set forth in the objections filed by Quasar Industries, Inc. and SKF USA, Inc. | <u>See</u> Response to the Bosch , Quasar and SKF Objections, above. | <u>See</u> Response to the Bosch, Quasar and SKF Objections, above. |
| 25. | Limited Objection To Supplier Agreement Assumption Motion (Docket No. 1238) | 25A) Murata objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>25B) Murata incorporates by reference the arguments and citations set forth in the objections filed by Quasar Industries, Inc. and SKF USA, Inc. | <u>See</u> Response to the Bosch , Quasar and SKF Objections, above. | <u>See</u> Response to the Bosch, Quasar and SKF Objections, above. |

| | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 26. | Objection Of Dott Industries, Inc., Alps Automotive, Inc., Pioneer Automotive Technologies, Inc., Lakeside Plastics Limited, BASF Corporation, And Sumitomo Corporation Of America, Et Al. To Debtors' Motion For An Order Under 11 U.S.C. § 363(b) And § 365(a) And Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements (Docket No. 1240) | 26A) Dott objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier. | <u>See</u> Response to the Bosch Objection, above. | <u>See</u> Response to the Bosch Objection, above. |
| 27. | Objection, Statement, Joinder Of Baker Hughes Incorporated And Baker Petrolite Corporation To Debtor's Motion For Order Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements (Docket No. 1242) | 27A) Baker joins in the objections of Robert Bosch Corporation, Quasar Industries, Inc., SPS Technologies,LLC, Hydro Aluminum Adrian, Inc., SKF USA, Inc, Southwire Company, and Hayes Lemmerz International, Inc. | <u>See</u> Response to such Objections, above. | <u>See</u> Response to such Objections, above |
| 28. | Objection Of Miniature Precision Components, Inc. To The Debtors' Motion For An Order Under 11 U.S.C. §§ 363(b) And 365(a) And Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements (Docket No. 1243) | 28A) Miniature objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>28B) Miniature objects to the Service Procedure. | <u>See</u> Response to the Bosch Objection, above | <u>See</u> Response to the Bosch Objection, above |

| | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 29. | Limited Objection To Debtors' Supplier Agreement Assumption Procedures Motion And Joinder In Separate Objections To Motion (Docket No. 1245) | 29A) NEC Electronics America ("NEC") objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>29B) NEC objects to the Service Procedure. | <u>See</u> Response to the Bosch Objection, above. | <u>See</u> Response to the Bosch Objection, above. |
| 30. | Objection Of Serigraph, Inc. To The Debtors' Motion For An Order Under 11 U.S.C. §§ 363(b) And 365(a) And Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements (Docket No. 1246) | 30A) Serigraph objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier. | <u>See</u> Response to the Bosch Objection, above. | <u>See</u> Response to the Bosch Objection, above. |
| 31. | Limited Objection To Debtors' Supplier Agreement Assumption Procedures Motion And Joinder In Separate Objections To Motion (Docket No. 1247) | 31A) JAE Electronics, Inc. ("JAE") objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>31B) JAE objects to the Service Procedure. | <u>See</u> Response to the Bosch Objection, above. | <u>See</u> Response to the Bosch Objection, above. |

| | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 32. | Response And Request For Clarification Of Wamco, Inc. To Motion For An Order Under 11 U.S.C. §§ 363(b) And 365(a) And Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements (Docket No. 1248) | 32A) Wamco asks for clarification regarding the extent the Motion seeks to bind nondebtor contracting parties to assumption agreements without the written agreement of Wamco. | 32A) The Debtors will revise the proposed order to be submitted to the Court at the hearing to remove certain language from paragraph 10 thereof | See Response to the Bosch Objection, above. |
| 33. | Objection Of Texas Instruments Incorporated To Debtors' Motion For An Order Under 11 U.S.C. §§ 363(b) And 365(a) And Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements (Docket No. 1249) | 33A) Texas Instruments ("TI") objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>33B) TI objects to the Service Procedure.<br><br>33C) TI requests clarification regarding whether it qualifies as a Covered Supplier.<br><br>33D) TI objects to any limitation on the scope of the waiver of avoidance actions with respect to Assumable Agreements that are actually assumed. | 33A) See Response to the Bosch Objection, above<br><br>33B) See Response to the Bosch Objection, above<br><br>33C) TI will be provided with a proposed Assumption Agreement if the Debtors determine that some or all of their agreements with TI constitute Assumable Agreements.<br><br>33D) Nothing contained in the Motion limits the scope of the waiver of avoidance actions with respect to assumed agreements. | 33A) See Response to the Bosch Objection, above<br><br>33D) Paragraph 12 of the proposed order will be modified to include the following additional language:<br><br>"Upon the occurrence of the Assumption Date as to a particular Assumable Contract, the rights of the Debtors and their respective estates shall be waived under chapter 5 of the Bankruptcy Code to avoid payments made to a Covered Supplier with respect to the Assumable Contracts actually assumed on the Assumption Date." |

| | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 34. | Objection Of Wren Industries, Inc. And Koyo Corporation To Motion Of Debtors For Order Under 11 U.S.C. §§ 363(b) And 365(a) And Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Sole Supplier Agreements (Docket No. 1253) | 34A) Wren objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>34B) Wren objects to the Service Procedure. | See Response to the Bosch Objection, above | See Response to the Bosch Objection, above |
| 35. | Limited Objection And Reservation Of Rights Of Textron Fastening Systems, Inc., Its Subsidiaries And Affiliates, And Detroit Heading LLC With Respect To Debtors' Motion For An Order Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements (Docket No. 1254) | 35A) Textron and Detroit request clarification regarding whether they qualify as Covered Suppliers.<br><br>35B) Textron and Detroit object to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier. | 35A) Textron and Detroit will be provided with a proposed Assumption Agreement if the Debtors determine that some or all of their agreements with Textron and Detroit constitute Assumable Agreements.<br><br>35B) See Response to the Bosch Objection, above | 35B) See Response to the Bosch Objection, above |
| 36. | Objection And Joinder Of Datwyler Entities To Debtors' Supplier Agreement Assumption Procedures Motion (Docket No. 1255) | 36A) The parties join in the objection of Quasar Industries, Inc. and the other previously-filed objections and object to the extent that the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier. | See Response to the Bosch Objection, above. | See Response to the Bosch Objection, above. |

| | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 37. | Limited Objection Of INA USA Inc. To Motion For Order Approving Assumption Procedures (Docket No. 1256) | 37A) INA requests clarification regarding whether they qualify as Covered Suppliers.<br><br>37B) INA objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier. | 37A) INA will be provided with a proposed Assumption Agreement if the Debtors determine that some or all of their agreements with INA constitute Assumable Agreements.<br><br>37B) <u>See</u> Response to the Bosch Objection, above | 37B) <u>See</u> Response to the Bosch Objection, above |
| 38. | Limited Objection Of Molex, Inc. To Motion For Order Approving Assumption Procedures (Docket No. 1257) | 38A) Molex requests clarification regarding whether it qualify as a Covered Supplier.<br><br>38B) Molex objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier. | 38A) Molex will be provided with a proposed Assumption Agreement if the Debtors determine that some or all of their agreements with Molex constitute Assumable Agreements.<br><br>38B) <u>See</u> Response to the Bosch Objection, above | 38B) <u>See</u> Response to the Bosch Objection, above |
| 39. | Objection Of Hexcel Corporation To Supplier Agreement Assumption Procedures Motion (Docket No. 1258) | 39A) Hexcel objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier. | <u>See</u> Response to the Bosch Objection, above. | <u>See</u> Response to the Bosch Objection, above. |

| | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 40. | Objection By Alcan Rolled Products-Ravenswood, LLC To Supplier Agreement Assumption Procedures Motion (Docket No. 1264) | 40A) Alcan requests clarification regarding whether it qualify as a Covered Supplier.<br><br>40B) Alcan objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>40C) Alcan objects to the Service Procedure.<br><br>40D) Alcan objects to footnote 5 of the Motion limiting a Covered Supplier's ability to compel assumption of a Previously-Extended Agreement.<br><br>40E) Alcan objects to any limitation on the scope of the waiver of avoidance actions with respect to Assumable Agreements that are actually assumed. | 40A) Alcan will be provided with a proposed Assumption Agreement if the Debtors determine that some or all of their agreements with Alcan constitute Assumable Agreements.<br><br>40B) See Response to the Bosch Objection, above<br><br>40C) See Response to the Bosch Objection, above<br><br>40D) As paragraph 5 of the Order makes clear, the limitation on such a Covered Supplier's ability to compel assumption applies only to limit its right to compel assumption under the order and not otherwise.<br><br>40E) Nothing contained in the Motion limits the scope of the waiver of avoidance actions with respect to assumed agreements. | 40B) See Response to the Bosch Objection, above<br><br>40E) See Response to the Texas Instruments Objection, above |

|  | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 41. | Objection By SPX Corporation (Contech Division) To Supplier Agreement Assumption Procedures Motion (Docket No. 1265) | 41A) SPX requests clarification regarding whether it qualifies as a Covered Supplier.<br><br>41B) SPX objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>41C) SPX objects to the Service Procedure.<br><br>41D) SPX objects to footnote 5 of the Motion limiting a Covered Supplier's ability to compel assumption of a Previously-Extended Agreement.<br><br>41E) SPX objects to any limitation on the scope of the waiver of avoidance actions with respect to Assumable Agreements that are actually assumed. | 41A) SPX will be provided with a proposed Assumption Agreement if the Debtors determine that some or all of their agreements with SPX constitute Assumable Agreements.<br><br>41B) See Response to the Bosch Objection, above<br><br>41C) See Response to the Bosch Objection, above<br><br>41D) As paragraph 5 of the Order makes clear, the limitation on such a Covered Supplier's ability to compel assumption applies only to limit its right to compel assumption under the order and not otherwise.<br><br>41E) Nothing contained in the Motion limits the scope of the waiver of avoidance actions with respect to assumed agreements. | 41B) See Response to the Bosch Objection, above<br><br>41E) See Response to the Texas Instruments Objection, above |

| | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 42. | Objection By Tenneco Inc. To Supplier Agreement Assumption Procedures Motion (Docket No. 1266) | 42A) Tenneco requests clarification regarding whether it qualifies as a Covered Supplier.<br><br>42B) Tenneco objects to the Motion to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier.<br><br>42C) Tenneco objects to the Service Procedure.<br><br>42D) Tenneco objects to footnote 5 of the Motion limiting a Covered Supplier's ability to compel assumption of a Previously-Extended Agreement.<br><br>42E) Tenneco objects to any limitation on the scope of the waiver of avoidance actions with respect to Assumable Agreements that are actually assumed. | 42A) Tenneco will be provided with a proposed Assumption Agreement if the Debtors determine that some or all of their agreements with Tenneco constitute Assumable Agreements.<br><br>42B) See Response to the Bosch Objection, above<br><br>42C) See Response to the Bosch Objection, above<br><br>42D) As paragraph 5 of the Order makes clear, the limitation on such a Covered Supplier's ability to compel assumption applies only to limit its right to compel assumption under the order and not otherwise.<br><br>42E) Nothing contained in the Motion limits the scope of the waiver of avoidance actions with respect to assumed agreements. | 42B) See Response to the Bosch Objection, above<br><br>42E) See Response to the Texas Instruments Objection, above |
| 43. | Joinder Of Cascade Die Casting Group, Inc. To Objection Of Quasar Industries, Inc. To Debtors.Supplier Agreement Assumption Procedures Motion (Docket No. 1270) | 43A) Cacade joins in the objection to the Motion filed by Quasar Industries, Inc. | See Response to the Quasar Objection, above. | See Response to the Quasar Objection, above. |

|  | OBJECTION | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 44. | Joinder Of Hitachi Automotive Products (USA), Inc. To SPS Technologies And Quasar Objections To Debtors' Assumption Procedures Motion (Docket No. 1272) | 44A) Hitachi joins in the objections to the Motion filed by SPS Technologies and Quasar Industries, Inc. | See Response to the SPS and Quasar Objections, above. | See Response to the SPS and Quasar Objections, above. |
| 45. | Statement Of Position and Reservation of Rights Of Semiconductor Components Industries, LLC Regarding Supplier Agreement Assumption Procedures Motion (Docket No. 1273). | 45A) Semiconductor requests clarification regarding whether it qualifies as a Covered Supplier and how its rights under the Motion will be affected. | See Response to the Bosch Objection, above. | See Response to the Bosch Objection, above. |
| 46. | Joinder of Autocam Corporation to Objection of Quasar Industries, Inc. to Debtors' Supplier Agreement Assumption Procedures Motion (Docket No. 1274) | 46A) Autocam joins in the objection of Quasar Industries, Inc. and objects to the Motion to the extent that the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier. | See Response to the Bosch Objection, above. | See Response to the Bosch Objection, above. |