**Exhibit B**

*Chart of Objections to the Supplier Agreement Assumption Procedures Motion (the "Motion")*
*Organized by Objection[1]*

|   | OBJECTION ASSERTED | OBJECTION DOCKET NUMBER | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 1. | Objection to the extent the Motion seeks to bind nondebtor contracting parties to Assumption Agreements without the written agreement of the supplier. | 1160, 1178, 1195, 1197, 1199, 1200, 1205, 1207, 1208, 1210, 1211, 1214, 1215, 1217, 1219, 1220, 1221, 1223, 1229, 1234, 1236, 1237, 1238, 1240, 1242, 1243, 1245, 1246, 1247, 1249, 1253, 1254, 1255, 1256, 1257, 1258, 1264, 1265, 1266, 1270, 1272, 1274 | The Debtors will revise the proposed order to be submitted to the Court at the hearing to remove certain language from paragraph 10 thereof. | Paragraph 10 of the proposed order will be modified to read:<br><br>"The Debtors are hereby authorized, but not directed, to provide an Assumption Agreement substantially in the form of the letter attached hereto as <u>Exhibit 1</u> to each Covered Supplier whose Assumable Agreement(s) are being assumed pursuant to the terms hereof along with a copy of the order granting this Motion; <u>provided</u>, <u>however</u>, that a Covered Supplier will be conclusively deemed to consent to and be irrevocably bound by the terms of this Order only in event that the Covered Supplier actually executes and delivers to the Debtors an Assumption Agreement or similar document." |

---

[1] This chart reflects all objections entered on the docket as of 9:00 a.m. (Eastern Standard Time) on November 28, 2005.

| | **OBJECTION ASSERTED** | **OBJECTION DOCKET NUMBER** | **RESOLUTION, RESPONSE OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 2. | Objection because the Motion does not state on whom a proposed Assumption Agreement will be served. | 1127, 1160, 1178, 1195, 1197, 1199, 1205, 1207, 1214, 1215, 1217, 1219, 1220, 1221, 1223, 1234, 1236, 1237, 1238, 1242, 1243, 1245, 1247, 1249, 1253, 1255, 1264, 1265, 1266, 1270, 1272, 1274 | The Debtors will direct all communications regarding a proposed Assumption Agreement, if any, upon the supplier's employees that are normally responsible for responding to issues relating to the Debtors' agreements with such supplier, as evidenced by the parties' prior course of business dealings. | |
| 3. | Objection to the Motion based on the assertion that it is impossible to determine whether the proposed procedures apply to the Debtors' agreement with a particular objector/supplier. | 1200, 1242 | Objector will be provided with a proposed Assumption Agreement if the Debtors determine that some or all of their agreements with the objector constitute Assumable Agreements. | |

| | **OBJECTION ASSERTED** | **OBJECTION DOCKET NUMBER** | **RESOLUTION, RESPONSE OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 4. | Objection on the basis that the Procedures will not provide suppliers with the opportunity to object to the assumption of individual agreements between the Debtors and other suppliers. | 1207, 1234, 1237, 1238, 1242 | It is anticipated that the Creditors' Committee will provide meaningful oversight of the implementation and operation of the Procedures, such that all creditors' interests will be protected. In addition, the Debtors have demonstrated that the assumption of the Assumable Agreements is in the best interests of the Debtors, their creditors and their estates. | Paragraph 2 of the proposed order will be modified to include the following additional language:<br><br>"The Debtors shall permit the Creditors' Committee to monitor the Debtors' conduct and performance with respect to this Order by providing continuing access during regular business hours to the global supply management group at the Company's worldwide headquarters by a designated representative of the financial advisor retained by the Creditors' Committee." |
| 5. | Objection asserting that the relief requested in the Motion is inconsistent with the procedures and standards established by applicable law for the assumption of executory contracts and the approval of settlements. | 1224, 1228 | The Debtors assert that the relief requested in the Motion and the Debtors' evidentiary showings with respect thereto meet the requirements under section 365 of the Bankruptcy Code and Fed. R. Bankr. P. 9019. | |

3

| | **OBJECTION ASSERTED** | **OBJECTION DOCKET NUMBER** | **RESOLUTION, RESPONSE OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 6. | Objection to the potential costs associated with the relief requested in the Motion. | 1224, 1228 | The Debtors assert that the potential costs associated with the relief requested may be offset by the benefits of the Required Minimum Provisions and are, in any regard, justified by the significant risks to their businesses and restructuring prospects from not implementing the Procedures. | Paragraph 14 of the proposed order will be modified to provide that the Creditors' Committee and the Prepetition Agent may file a supplemental objection as to the prospective application of the order on or after March 1, 2006 or at any other time prior to March 1, 2006 should the aggregate amount of Cure contractually committed to be paid by the Debtors pursuant to paragraph 8f of the order exceed $150,000,000 exclusive of Cure amounts associated with Non-Conforming Assumptions. |
| 7. | Objection asserting that the Procedures improperly limit judicial and creditor oversight. | 1224, 1228 | The Debtors have modified the proposed order to provide even greater oversight to creditors and the Court. However, the Debtors assert that the Procedures as presented are appropriate and no further oversight or intervention is necessary. | See Order modifications provided with respect to objection nos. 4 and 6 above. |

4

| | **OBJECTION ASSERTED** | **OBJECTION DOCKET NUMBER** | **RESOLUTION, RESPONSE OR PROPOSAL** | **ORDER MODIFICATION (IF ANY)** |
|---|---|---|---|---|
| 8. | Objection asserting that the Debtors have not provided sufficient factual support for the Motion to be a reasonable exercise of their business judgment. | 1224, 1228 | The Debtors have provided extensive discovery to the Creditors' Committee and Wilmington Trust Company and have also filed additional declarations of Randall S. Eisenberg, R. David Nelson and John D. Sheehan.  The Debtors assert that such documentation provides ample justification for the relief sought. | |
| 9. | Objection to the Motion to the extent it constitutes the Debtors' request for an advisory declaration concerning the ordinary course character of their contract negotiations. | 1224 | This relief is necessitated by the oft-stated concern of the Debtors' suppliers regarding the scope of the Debtors' authority. The Debtors assert that entry into these agreements is clearly within the ordinary course of the Debtors' businesses.  Thus, this provision constitutes little more than a comfort order such as has previously been entered by this Court with respect to certain provisions of sections 362, 503, and 525 of the Bankruptcy Code. | |

| | OBJECTION ASSERTED | OBJECTION DOCKET NUMBER | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 10. | Clarification that any payments made pursuant to the relief requested in the Motion not be treated as "reorganization costs" in calculating payments under a key employee compensation plan ("KECP") approved in these chapter 11 cases. | 1224 | The Debtors will stipulate that any such expenses will not be treated as restructuring expenses under a KECP. | The following language will be added to the proposed order:<br><br>"To the extent that this Court subsequently authorizes the Debtors to implement a Key Executive Compensation Program ("KECP") which includes any component that would exclude restructuring expenses from the calculation of incentive payments under such program, the Debtors have stipulated and this Court shall require that the Debtors not classify any expenses under generally accepted accounting principles incurred by the Debtors as a result of the assumption of Assumable Contracts under this Order as restructuring expenses under a KECP." |
| 11. | Objection to footnote 5 of the Motion limiting a Covered Supplier's ability to compel assumption of a Previously-Extended Agreement. | 1214, 1217, 1219, 1220, 1221, 1264, 1265, 1266 | As paragraph 5 of the Order makes clear, the limitation on such a Covered Supplier's ability to compel assumption applies only to limit its right to compel assumption under the Order and not otherwise. | |

6

| | OBJECTION ASSERTED | OBJECTION DOCKET NUMBER | RESOLUTION, RESPONSE OR PROPOSAL | ORDER MODIFICATION (IF ANY) |
|---|---|---|---|---|
| 12. | Clarification regarding the extent the Motion seeks to bind nondebtor contracting parties to assumption agreements without the written agreement of objector. | 1248 | The Debtors will revise the proposed order to be submitted to the Court at the hearing to remove certain language from paragraph 10 thereof. | See Order modifications provided with respect to objection no. 1 above. |
| 13. | Clarification regarding whether particular objectors qualify as Covered Suppliers. | 1249, 1254, 1256, 1257, 1264, 1265, 1266, 1273 | Objector will be provided with a proposed Assumption Agreement if the Debtors determine that some or all of their agreements with objectors constitute Assumable Agreements. | |
| 14. | Objection to any limitation on the scope of the waiver of avoidance actions with respect to Assumable Agreements that are actually assumed. | 1249, 1264, 1265, 1266 | Nothing contained in the Motion limits the scope of the waiver of avoidance action with respect to assumed agreements. | Paragraph 12 of the proposed order will be modified to include the following additional language:<br><br>"Upon the occurrence of the Assumption Date as to a particular Assumable Contract, the rights of the Debtors and their respective estates shall be waived under chapter 5 of the Bankruptcy Code to avoid payments made to a Covered Supplier with respect to the Assumable Contracts actually assumed on the Assumption Date." |

| DOCKET # | OBJECTING PARTY | DOCKET # | OBJECTING PARTY |
|---|---|---|---|
| 1127 | ARC Automotive, Inc. | 1242 | Baker Hughes Incorporated and Baker Petrolite Corporation |
| 1160 | Robert Bosch Corporation and Affiliates | 1243 | Miniature Precision Components, Inc. |
| 1178 | SPS Technologies, LLC A/K/A SPS Technologies-Cleveland, NSS Technologies, Inc. SPS Technologies Waterford Company and Greer Stop Nut, Inc. | 1245 | NEC Electronics America, Inc. |
| | | 1246 | Serigraph, Inc. |
| | | 1247 | JAE Electronics, Inc. |
| 1195 | Quasar Industries, Inc. | 1248 | Wamco, Inc. |
| 1197 | March Coatings, Inc., Serma Coat Limited Liability Co., and Rotor Coaters International, Inc. | 1249 | Texas Instruments Incorporated |
| | | 1253 | Wren Industries, Inc. and Koyo Corporation |
| 1199 | Fujitsu Ten Corp. of America, GKN Sinter Metals, Inc., Saturn Electronics & Engineering, Inc., Saturn Electronics de Monterrey, S.A., de C.V., Kelsey-Hayes Company, TRW Vehicle Safety Systems Inc., TRW Canada Limited, TRW Electronica Ensambles S.A. de C.V., TRW Automotive U.S. LLC, and TRW Automotive Electronics & Components GmbH & Co. KG., Valeo Climate Control Corp., Valeo Electrical Systems, Inc., Wipers Division, Valeo Electrical Systems, Inc., Motors and Actuators Division, and Valeo Switches & Detection Systems, Inc. | 1254 | Textron Fastening Systems, Inc., its Subsidiaries and Affiliates, and Detroit Heading LLC |
| | | 1255 | Datwyler Entities |
| | | 1256 | INA USA Inc. |
| | | 1257 | Molex, Inc. |
| | | 1258 | Hexcel Corporation |
| | | 1264 | Alcan Rolled Products-Ravenswood, LLC |
| | | 1265 | SPX Corporation (Contech Division) |
| | | 1266 | Tenneco Inc. |
| 1200 | Southwire Company | 1270 | Cascade Die Casting Group, Inc. |
| 1205 | Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. | 1272 | Hitachi Automotive Products (USA), Inc. |
| | | 1273 | Semiconductor Components Industries, L.L.C. |
| 1207 | SKF USA, Inc. | 1274 | Autocam Corporation |
| 1208, 1211 | Hydro Aluminum Adrian, Inc. and Hydro Aluminum Rockledge, Inc. | | |
| 1210 | Engelhard Corporation | | |
| 1214 | Hayes Lemmerz International, Inc. | | |
| 1215 | Niles, USA., Inc. and Wintech, Inc. | | |
| 1217 | Lear Corporation | | |
| 1219 | American Axle & Machinery, Inc. | | |
| 1220 | Freudenberg-NOK, General Partnership and its Subsidiaries, Freudenberg-NOK, Inc., Flexitech, Inc. and Vibracoustic De Mexico, S.A. De C.V. | | |
| 1221 | Pentastar Aviation, LLC | | |
| 1223 | Rotor Clip Company Inc. | | |
| 1224 | Wilmington Trust Company, as Indenture Trustee | | |
| 1228 | The Official Committee of Unsecured Creditors | | |
| 1229 | DENSO International America, Inc. and Affiliates | | |
| 1234 | Le Belier/LBQ Foundry S.A. De C.V. | | |
| 1236 | S&Z Tool & Die, Inc. and Robin Industries, Inc. | | |
| 1237 | Fujikura America, Inc. | | |
| 1238 | Murata Electronics North America, Inc. | | |
| 1240 | Dott Industries, Inc., Alps Automotive, Inc., Pioneer Automotive Technologies, Inc., Lakeside Plastics Limited, BASF Corporation, and Sumitomo Corporation Of America, et al. | | |