KELLEY, DRYE & WARREN LLP
James S. Carr (JC 1603)
Debra SuDock (DS 5605)
101 Park Avenue
New York, New York  10178
Tel:  (212) 808-7800
Fax: (212) 808-7897

Attorneys for Hoover Precision Products, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
                                                                            )    Chapter 11
In re:                                                                    )
                                                                            )    Case No. 05-44481 (RDD)
DELPHI CORPORATION, *et al*.,            )
                                                                            )    (Jointly Administered)
                                        Debtors.           )
———————————————————————)

**OBJECTION OF HOOVER PRECISION PRODUCTS, INC.
TO MOTION FOR  AN ORDER UNDER 11 U.S.C. §§ 363(b)
AND 365(a) AND FED. R. BANKR. P. 9019 ESTABLISHING PROCEDURES
FOR THE ASSUMPTION OF EXECUTORY CONTRACTS**

Hoover Precision Products, Inc.  ("Hoover"),  a creditor in these cases, by and through its undersigned counsel, hereby files this objection (the "Objection") to the motion, dated November 18, 2005, of the above-captioned debtors (collectively, the "Debtors") for an order under 11 U.S.C. §§ 363(b) and 365(a) establishing procedures to assume certain amended and restated sole source supplier agreements (the "Motion").  In support of its Objection, Hoover respectfully state as follows:

**BACKGROUND**

1. On October 8, 2005 (the "Petition Date"), each of the above-captioned Debtors filed a voluntary petition for relief under the Bankruptcy Code.  Since the Petition Date, the Debtors have operated their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. Hoover sells to the Debtors, among other things, metal, ceramic and plastic balls used by the Debtors in the manufacturing process (the "Hoover Goods") pursuant to the terms of two supplier agreements, one of which will expire on December 31, 2005 (the "Hoover Contract"). Certain of

the Hoover Goods are custom designed specifically for the Debtors and as such, Hoover may be deemed, by the Debtors, to be a Critical Supplier (as defined in the Motion).

3. On November 18, 2005, the Debtors filed the Motion seeking authorization to approve certain procedures (collectively, the "Assumption Procedures") related to the assumption of certain executory contracts which the Debtors deem critical to their operations and which would otherwise expire by their respective terms.  Among other things, the Debtors seek authorization: (i) to extend the expiration date of certain executory contracts for a period of up to two (2) years, regardless of the terms of the underlying contract; (ii) to limit the cure payment to seventy-five percent (75%) of a vendor's cure claim (the "Cure Claim"); (iii) to pay the Cure Claim over one and one-half (1 ½) years; (iv) to fix prices under the applicable contract at the current pricing rates; and, (v) require vendors to waive the right to seek additional adequate assurance of future performance. [1]

**GROUNDS FOR OBJECTION**

4. Hoover objects to the establishment and implementation of the Assumption Procedures which negatively impact Hoover's rights and remedies, and are in violation of the express protections provided for creditors under section 365 of the Bankruptcy Code.  The relief sought by the Debtors is arbitrary and provides, among other things,  the Debtors with (i) authority to extend the term of the Hoover Contract for up to two-years, without Hoover's consent and/or further court approval, (ii) with unbridled discretion to unilaterally revise the terms of the Hoover Contract without further court approval and without the consent of Hoover, and (iii) the ability to assume the Hoover Contract without providing Hoover with the protections extended to creditors under section 365 of the Bankruptcy Code.

5. Although the Debtors have authority to assume a contract under section 365 of the Bankruptcy Code, such assumption cannot be performed in a vacuum.  The Bankruptcy Code mandates certain minimum requirements that must be satisfied prior to any such assumption, and the Debtors must not be allowed to circumvent the statutory requirements of the Bankruptcy Code.

---

[1] It appears that the Motion relates to only contracts expiring on or before December 31, 2005. As such, this Objection only relates to the Hoover Contract expiring in 2005.

6. At the minimum, the Hoover Contract can only be assumed in accordance with the requirements under section 365 of the Bankruptcy Code. These include, without limitation, (i) extending the term of the Hoover Contract with the consent of Hoover, (ii) modifying the other terms (pricing etc.) of the Hoover Contract which are agreed to by both parties, (iii) assuming the Hoover Contract pursuant to the terms of a separate motion filed with the bankruptcy court, (iii) promptly paying Hoover's Cure Claim at the time of assumption, and (iv) paying Hoover's Cure Claim in full.

**WHEREFORE**, Hoover respectfully requests that the Court (i) deny the Motion as set forth herein, and (ii) grant such other and further relief this Court deems just and proper.

Dated: New York, New York
      November 28, 2005

KELLEY DRYE & WARREN LLP

By: */s/ James S. Carr*_____
    James S. Carr (JC 1603)
    Debra SuDock (DS 5605)
101 Park Avenue
New York, New York 10178
Tel: 212-808-7800
Fax: 212-808-7897

Attorneys for Hoover Precision Products, Inc.

## **CERTIFICATE OF SERVICE**

On November 28, 2005, I caused to be served the OBJECTION OF HOOVER PRECISION PRODUCTS, INC. TO MOTION FOR AN ORDER UNDER 11 U.S.C. §§ 363(b) AND 365(a) AND FED. R. BANKR. P. 9019 ESTABLISHING PROCEDURES FOR THE ASSUMPTION OF EXECUTORY CONTRACTS to those parties listed on the annexed schedule.  Service was made as indicated.

*/s/Debra SuDock*
Debra SuDock

NY01/SUDOD/1065917.1

**SERVICE LIST**

**VIA HAND DELIVERY**
Chambers of The Honorable Robert D. Drain
United States Bankruptcy Court
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

**VIA FAX AND OVERNIGHT DELIVERY**
Alicia M. Leonhard, Esq.
Office of the United States Trustee
Southern District of New York
33 Whitehall Street, Suite 2100
New York, NY 10004
Fax: 212-510-2256

**VIA FAX AND OVERNIGHT DELIVERY**
Mark A. Broude, Esq.
Latham & Watkins
885 Third Avenue
New York, New York 10022
Fax:  212-751-4864

**VIA FAX AND OVERNIGHT DELIVERY**
Marlane Melican, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
Fax: 212-450-3092

**VIA FAX AND OVERNIGHT DELIVERY**
Kenneth S. Zimar, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Fax:  212-455-2502

**VIA FAX AND OVERNIGHT DELIVERY**
John Wm. Butler, Jr., Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL  60606
Fax: 312-407-0411

**VIA OVERNIGHT MAIL**
Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Attn:  General Counsel

**VIA FAX**
Kurtzman Carson Consultants LLC
12910 Culver Boulevard, Suite I
Los Angeles, CA 90066
Fax: 310-823-9133

NY01/SUDOD/1065917.1