PRYOR & MANDELUP, L.L.P.<br>
Kenneth A. Reynolds, Esq.<br>
675 Old Country Road<br>
Westbury, New York 11590<br>
(516) 997-0999<br>
kar@pryormandelup.com<br>
11-3261335<br>
kar3808

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                          :
                                                               :    Chapter 11
DELPHI CORPORATION, *et al.*                                   :
                                                               :    Case No. 05-44481 (ajg)
                                    Debtor.                    :
------------------------------------------------------------------x

### JOINDER OF NATIONAL MOLDING CORP. AND SECURITY PLASTICS DIVISION/NMC, LLC TO SPS TECHNOLOGIES AND QUASAR OBJECTIONS TO DEBTORS' ASSUMPTION PROCEDURES MOTION

National Molding Corp. ("NMC") and Security Plastics Division/NMC, LLC ("SPD") hereby joins in (this "Joinder") the objections of SPS Technologies and Quasar Industries (collectively, the "Objections") to the relief sought by the above-captioned debtors (the "Debtors") in their motion to establish certain assumption procedures with respect to sole source supplier agreements (the "Assumption Motion"). In support of this Joinder, NMC & SPD respectfully represent as follows:

### BACKGROUND

1.    On October 8, 2005, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

2.    Through the Assumption Motion, the Debtors seek to establish certain procedures with respect to the assumption of "sole source" supplier agreements, including the requirement that the non-debtor contract party be bound by certain mandatory provisions as a condition of such assumption, which provisions are, among other things, onerous, overreaching and unjustified under the circumstances of these cases.

    3.  NMC & SPD are parties to various purchase order agreements with the Debtors (the "NMC & SPD Agreements")[1] with respect to the supply of automotive parts, goods and equipment.

**OBJECTION**

    4.  NMC & SPD hereby join and incorporate by reference the Objections to the broadest extent permitted and necessary to preserve all of NMC & SPD's rights, interests and claims under the NMC & SPD Agreements as a matter of law and equity. Specifically, and without limiting the foregoing, NMC & SPD oppose the breadth, scope and enforceability of the mandatory provisions proposed by the Debtors in their Assumption Motion since they would impair and adversely affect NMC & SPD's rights and interests as a creditor and non-debtor party to the NMC & SPD Agreements.

    5.  More specifically, NMC & SPD do not agree, among other things, (a) to waive their right to seek, at NMC & SPD's sole discretion, the assumption of any of the NMC & SPD Agreements, including their right to adequate assurance of future performance, (b) to accept as cure, pursuant to section 365 of the Bankruptcy Code, less than all amounts due and owing under the NMC & SPD Agreements, (c) to the characterization of any of the NMC & SPD Agreements as "Requirement Contracts" or their conversion through the Debtors' assumption process to Requirement Contracts, (d) to the waiver of any right to administrative claim treatment under section 503 of the Bankruptcy Code or otherwise by virtue of, among other things, the Debtors' failure to make all cure payments or the subsequent rejection after assumption of any of the NMC & SPD Agreements, or (e) to any change in current payment terms by the Debtors under any of the NMC & SPD Agreements.

    6.  Based on NMC & SPD's reading of the Assumption Motion, the Debtors are seeking to make suppliers, including potentially NMC & SPD, irrevocably and involuntarily bound to

---

[1] Any statements made herein regarding the NMC & SPD Agreements, including, without limitation, their description or legal characterization, are made under a full reservation of rights and shall not constitute an admission or otherwise for any purpose.

onerous and overreaching assumption provisions, which provisions NMC & SPD do not consent to or otherwise agree to be bound, and which provisions violate both NMC & SPD's rights under the NMC & SPD Agreements and pursuant to the Bankruptcy Code.

7.    NMC & SPD reserve all of their rights to raise at the hearing and with respect to any future hearings held in connection with the relief sought in the Debtors' Assumption Motion, as may be amended and/or supplemented by the Debtors, any objections NMC & SPD has or may subsequently have with respect thereto.

### CONCLUSION

**WHEREFORE,** for the foregoing reasons, NMC & SPD respectfully request that this Court (a) deny the relief requested in the Debtors' Assumption Motion as it may relate to the NMC & SPD Agreements, and (b) grant such other and further relief as this Court deems just and proper.

Dated:  Westbury, New York
             November 28, 2005

PRYOR & MANDELUP, LLP
Attorneys for National Molding Corporation and
Security Plastics Division/NMC, LLC

By:    */s/ Kenneth A. Reynolds*
         Kenneth A. Reynolds (KAR3808)
         675 Old Country Road
         Westbury, New York 11590
         Tel.:   (516) 997-0999
         Fax.:  (516) 333-7333
         Email: kar@pryormandelup.com