CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
**Attorneys for Susan M. Buttitta**
John S. Barnett, Esq. (SB6582)
Stephen V. Falanga, Esq. (SF6414)
Ryan A. McGonigle, Esq. (RM8234)

Hearing Date: January 5, 2006 @ 10:00 a.m.
Objection Deadline: December 29, 2005

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| DELPHI CORPORATION, et al., | Bankr. Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**MEMORANDUM OF LAW IN SUPPORT OF SUSAN M. BUTTITTA'S MOTION FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362 TO CONTINUE CERTAIN PERSONAL INJURY STATE COURT ACTION AGAINST THE DEBTOR**

INTRODUCTION

Plaintiff, Susan M. Buttitta ("Plaintiff" or "Buttitta"), by her attorneys, Connell Foley LLP, respectfully requests relief from the automatic stay under 11 U.S.C. §362(d) to continue prosecution of her claims against the Debtor, Delphi Corporation ("Debtor" or "Delphi"), in a certain personal injury action which is currently pending in the Superior Court of New Jersey, Bergen County, Law Division, including proceeding with necessary discovery from the Debtor. Plaintiff is a creditor of the Debtor and is a party in interest

1662382-02

in these proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On October 8, 2005 (the "Petition Date"), Delphi and thirty-eight of its U.S.-based subsidiaries (hereinafter, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.[1] As set forth in this Court's Order of October 8, 2005, the Debtors' Chapter 11 petitions are being jointly administered pursuant to Bankruptcy Rule 1015.

Susan M. Buttitta is a Plaintiff in a personal injury action now pending in the Superior Court of New Jersey, Law Division, Bergen County entitled, *Susan M. Buttitta, individually and as the Executrix to the Estate of Mark Buttitta v. Allied Signal, Inc., et al.*, BER-L-9592-02 (hereinafter "New Jersey State Court Action"). Debtor, Delphi Corporation, is a named Defendant in that litigation. For all relevant time periods identified by plaintiff, Delphi was a division of General Motors. See General Motors Corporation's Supplemental Responses to Plaintiffs' First Set of Interrogatories Regarding Delphi Automotive Systems, in Susan M. Buttitta v. Allied Signal, Inc. et al., August 2005, annexed to the Certification of John S. Barnett ("Barnett Cert.") as Exhibit "A."

Plaintiff, Susan M. Buttitta filed the original Complaint in the New Jersey State Court Action in November 2002. A Fourth Amended Complaint was filed on September 16, 2004, naming Debtor as a defendant in the New Jersey State Court Action. See Fourth Amended Complaint, annexed to Barnett Cert. as Exhibit "B." The basis of

---

[1] For purposes of clarity, references herein to "Debtor" in the singular will refer only to Delphi Corporation, a defendant in the New Jersey Superior Court action brought by Plaintiff Susan M. Buttitta. Reference herein to "Debtors" in the plural will refer to Delphi Corporation and the thirty-eight U.S.-based subsidiaries and affiliated corporations that filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code with Delphi.

1662382-02                                    2

Plaintiff's case against Debtor is wrongful death and negligence from her spouse, Mark Buttitta's exposure to asbestos and asbestos-containing products manufactured and/or sold by Debtor, from which it is alleged he contracted malignant mesothelioma.

In the New Jersey State Court Action, Debtor is represented by the same counsel as General Motors Corporation ("General Motors"), its predecessor in interest.[2] In that action, the pleadings served on Debtor were answered over the signature of counsel for Debtor in that matter, who also represents General Motors in that matter. See Defendant, Delphi Automotive Systems, LLC, a/k/a Delphi Corporation, LLC's Answer to Plaintiff's Fourth Amended Complaint, annexed to Barnett Cert. as Exhibit "C." Also in that action, all discovery served on Debtor has been answered by and in the name of General Motors. See General Motors Corporation's Supplemental Responses to Plaintiffs' First Set of Interrogatories Regarding Delphi Automotive Systems, in Susan M. Buttitta v. Allied Signal, Inc. et al., August 2005, annexed to Barnett Cert. as Exhibit "A." Notwithstanding this, upon information and belief, materials responsive to Plaintiff's discovery requests remain in the possession of the Debtor. Upon information and belief, General Motors is obligated to defend, indemnify and hold harmless Debtor for all or part of Plaintiff's claims against Debtor in the New Jersey State Court Action.

On July 25, 2005, the Superior Court of New Jersey, Appellate Division granted leave to appeal an interlocutory order to one of Debtor's co-defendants in the New Jersey State Court Action. By separate motion by the same co-defendant, the Superior Court of

---

[2] For General Motors' view on its relationship vis-à-vis the Debtors, see General Motors Corporation's Motion for An Order Granting (i)(a) Adequate Protection of Property Interests and Setoff Rights Pursuant to sections 363(e), 506, and 553 of the Bankruptcy Code and Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure and (b) Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code to Set Off Certain Prepetition Warranty, Overpricing and Ordinary Course Claims or, (ii) In the Alternative, Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code to Set Off Prepetition Amounts Between General Motors Corporation and Delphi Corporation, filed Oct. 28, 2005 in the above-captioned Chapter 11 proceeding.

1662382-02                                                    3

New Jersey, Appellate Division granted a motion to stay all proceedings pending resolution of the interlocutory appeal issue. At the time of this filing, the appeal is still pending.

Notwithstanding the Appellate Division Order staying the proceedings on October 28, 2005, the Superior Court, Law Division, Bergen County, issued an order in the above-referenced litigation dismissing Plaintiff's claims without prejudice, without costs, and subject to restoration, on account of the instant bankruptcy proceeding. See October 28, 2005 Order, annexed to Barnett Cert. as Exhibit "D." The Order provides that Plaintiff must within thirty (30) days of the Order, file a formal application to the United States Bankruptcy Court for the Southern District of New York to proceed, subject to any terms or conditions that may be imposed by this Court. See id.

Accordingly, Plaintiff has filed this motion seeking relief from the automatic stay to continue prosecution of her claims against Delphi in the New Jersey State Court Action, including proceeding with necessary discovery from the Debtor, as and when the same may be allowed.

## LEGAL ARGUMENT

### A.  "Cause" Exists Entitling Plaintiff to Relief from the Automatic Stay Under 11 U.S.C. §362(d)

Buttitta is entitled to relief from the operation of the automatic stay to continue prosecution of her claims against Delphi in the New Jersey State Court Action, including proceeding with necessary discovery from the Debtor. During the pendency of a debtor's Chapter 11 petition, Courts must balance the legitimate concerns of the parties, namely Debtor's efforts at reorganization and Plaintiff's need to resolve her wrongful death and

1662382-02                                                         4

negligence claims for her husband's untimely death from malignant mesothelioma, against parties such as Delphi.

Under 11 U.S.C. §362(d), Bankruptcy Courts are authorized "to lift the stay where cause is shown by a party in interest." In re Makarewicz, 121 B.R. 262 (Bankr. S.D. Fla. 1990)(citing In re McDonald, 755 F.2d 715 (9th Cir. 1985)). Because there is no precise definition of what constitutes "cause," Bankruptcy Courts have the discretion to lift the automatic stay to permit the continuance of a civil suit where three conditions are met. These conditions are: "(1) Whether the litigation causes debtor great prejudice; (2) Whether a balancing of the respective hardships tips in favor of the debtor or creditor, resulting from denial or granting of the relief; [and] (3) Whether public policy supports the type or kind of action the Movant is bringing against the Debtor." In re America West Airlines, 148 B.R. 920, 922-23 (Bankr. D. Ariz. 1993)(citing In re Johnson, 115 B.R. 634, 636 (Bankr. D. Minn. 1989)(additional citation omitted)). Relevant to the Court's consideration of whether "cause" exists to modify the automatic stay are:

(1)   Whether insurance is available to defend debtor or whether the defense of the suit will impose a financial burden;

(2)   Whether judicial economy favors the action to proceed in the court in which it commenced;

(3)   Whether a likelihood exists that resources used to prepare the matter for trial would be wasted due to the stay enjoining the action from proceeding;

(4)   Whether the issues are solely state law actions or whether a special tribunal should use its expertise to hear the issues;

(5)   Whether the litigation involves other parties in which the Bankruptcy Court lacks jurisdiction and whether full relief may be accorded to all non-debtor parties without debtor's presence;

(6)   Whether the creditor has a probability of success on the merits; [and]

(7)   Whether the Bankruptcy Court should first address the threshold

1662382-02                                           5

bankruptcy-law issues."

Id. at 923.

  Here, Debtor is believed to be covered by an indemnification agreement between it and General Motors arising out of or collateral to the formation and spin-off of Delphi from General Motors in 1998. Moreover, insurance is believed to be available for the pre-1998 acts and/or omissions of the Delphi Division of General Motors in manufacturing, selling and/or distributing asbestos-containing products that it knew or should have known were hazardous and that did proximately cause Mark Buttitta's asbestos-related disease, malignant mesothelioma, from which he died. Given the above, it cannot be said that "great prejudice" to Debtor will result from this Court allowing the New Jersey State Court Action to proceed with Debtor as it has since the filing of the Fourth Amended Complaint. See In re McGraw, 18 B.R. 140 (Bankr. W.D. 1982)(noting that "great prejudice" results where the debtor is held personally liable for a civil damage award). In fact, the Debtor cannot argue a hardship exists given it has been represented in the case by General Motors counsel, Debtor answered the Complaint over the signature of counsel for General Motors, and all discovery served on Debtor was answered by and in the name of General Motors.

  Moreover, judicial economy favors the action proceeding in New Jersey with Debtor because the matter has been pending there since 2002 where discovery has already been undertaken by the parties and the Bankruptcy Court lacks jurisdiction to adjudicate personal injury tort and wrongful death claims. See 28 U.S.C. §157(b)(5). Absent stay relief being granted the likelihood exists that resources used to prepare the matter for trial would be wasted, requiring Plaintiff's claims against the Debtor to be litigated in a different forum. Furthermore, the issues in the New Jersey State Court

Action are solely state law causes of action and there are no threshold bankruptcy issues to address.

In an analogous situation on a co-defendant's application for relief from the stay of proceedings under 11 U.S.C. §362, the Court in In re Johns-Manville Corporation, 41 B.R. 926 (S.D.N.Y. 1984) held that "there must be some loosening of the bonds which prevent such litigants from obtaining discovery from [entities that filed Chapter 11 proceedings]." Id. at 932. Moreover, as the Court in In re Johns-Manville noted, debtors such as Delphi, should not be allowed to "indefinitely delay[]" pending litigation by means of a Chapter 11 petition to deny asbestosis plaintiffs, the necessary discovery to resolve their claims for compensation. Id. at 931. Here, Plaintiff wishes to proceed with discovery, which will have little or no effect on Debtor, to obtain: (1) 1998 Asset Purchase Agreement and/or any and all other documents by and between GM and Delphi reflecting (i) transfer and/or retention of assets, (ii) transfer and/or retention of liabilities, and/or (iii) indemnification and/or insurance provisions; (2) discovery of documents related to debtor's sale and manufacture of asbestos and asbestos-containing products before 1998; and (3) testimony by deposition of Debtor's person(s) most knowledgeable regarding the asbestos and asbestos-containing products manufactured and sold by Debtor's predecessor(s) prior to 1998 and GM's responsibilities to indemnify and hold harmless Debtor for claims pertaining to such pre-1998 activities.

Upon information and belief, General Motors Corporation is obligated to defend, indemnify and hold harmless Debtor for all or part of Plaintiffs' claims as against Debtor. Said information and basis for belief are the following: (1) General Motors has certified that Delphi was a division of General Motors during all relevant time periods identified by Plaintiff; (2) Delphi and General Motors are represented by the same counsel in the

1662382-02                                                    7

New Jersey State Court Action; (3) all discovery served by Plaintiff on Delphi in that matter has been answered by and in the name of General Motors; and (4) prior testimony of General Motors representatives after 1998 in other asbestos cases reflects that General Motors has, since 1998 and at its own costs and expense, obtained documents from Delphi facilities which were responsive to discovery requests in asbestos matters. In In re McGraw, the Court noted that "[w]here the claim is one covered by insurance or indemnity, continuation of the (civil) action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff." In re McGraw, supra, 18 B.R. at 142.

If the stay is allowed to remain in full force and effect, the Plaintiff will be denied the ability to fully prosecute her claims against the Debtor, General Motors and the suppliers of asbestos-containing products to Debtor/General Motors, which suppliers are also among the Defendants in the New Jersey State Court Action. This is particularly true because, as General Motors has certified, documents pertaining to General Motors' manufacture and sale of asbestos products are "under the control and ownership of Delphi." In relevant part, General Motors' Answers to Plaintiff's Interrogatories state:

> "GM manufactured asbestos-containing brake shoes at plants operated by Inland Division (Later Delco Products and Delco Chassis and Delphi Chassis Divisions) in Dayton, Ohio fro 1939-1964, and at Vandalia, Ohio from 1962-1998. GM manufactured some of the band material it used for automatic transmissions from 1965-1979 at Delco Moraine Division in Dayton, Ohio. In December 1998, those divisions became part of Delphi Automotive Systems, a corporate entity separate from GM. Most if not all the records relating thereto were transferred to Delphi and remain under the control and ownership of Delphi. For all relevant time periods identified by plaintiffs, Delphi was a division of GM. There is no existing list of the documents and records transferred to Delphi...GM has contacted Delphi and requested a search for any additional information, if any, relevant to plaintiffs' requests. All responsive documents and information located by Delphi, if any, will be provided to plaintiffs."

See Barnett Cert. at Exhibit "A."

1662382-02                                    8

Without intervention from this Bankruptcy Court, responsive documents and other information under the control and ownership of Debtor will be completely shielded from disclosure. The great pain and suffering already endured by Plaintiff by the death of her husband from malignant mesothelioma from exposure to products sold and/or manufactured by Debtor and other Defendants will be compounded.

## CONCLUSION

As stated earlier, Plaintiff's underlying lawsuit was first filed in New Jersey Superior Court in November 2002. Discovery has been ongoing since that time and should be allowed to proceed against Debtor, who possesses indispensable information necessary to the prosecution of Plaintiff's claims. The information sought will not jeopardize Debtor's reorganization efforts or the interests of Debtor's other creditors. The current stay with its concomitant blanket denial of the type and form of discovery requested here will cause irreparable harm to Plaintiff.

Susan M. Buttitta, respectfully requests that the Court enter an order granting her relief from the automatic stay under 11 U.S.C. §362(d) to continue prosecution of her claims against Delphi in the New Jersey State Court Action, including proceeding with necessary discovery from the Debtor.

                                                Respectfully submitted,
                                                CONNELL FOLEY LLP

DATED: November 28, 2005          /s/ Stephen V. Falanga
                                                Stephen V. Falanga, Esq. (SF6414)
                                                A Member of the Bar of this Court
                                                CONNELL FOLEY LLP
                                                85 Livingston Avenue
                                                Roseland, New Jersey 07068
                                                Telephone: (973) 535-0500
                                                Facsimile: (973) 535-9217