CONNELL FOLEY LLP
John S. Barnett, Esq. (JB6852)
Stephen V. Falanga, Esq. (SF6414)
Ryan A. McGonigle, Esq. (RM8234)
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
Attorneys for Susan M. Buttitta

Hearing Date: January 5, 2006 @ 10:00 a.m.
Objection Deadline: December 29, 2005

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> DELPHI CORPORATION, et al., <br><br> Debtors. | Chapter 11 <br><br> Bankr. Case No. 05-44481 (RDD) <br><br> (Jointly Administered) |

CERTIFICATION OF JOHN S. BARNETT IN SUPPORT OF SUSAN M. BUTTITTA'S MOTION TO FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362 TO CONTINUE CERTAIN PERSONAL INJURY STATE COURT ACTION AGAINST THE DEBTOR

I, JOHN S. BARNETT, do hereby certify and say the following:

1. I am an attorney at law of the State of New York admitted to practice before the United States District Court for the Southern District of New York and am of counsel to the law firm of Connell Foley LLP, attorneys for Susan M. Buttitta ("Buttitta") in a certain personal injury action which is currently pending in the Superior Court of New Jersey, Bergen County, Law Division entitled, *Susan M. Buttitta individually and as the Executrix to the Estate of Mark Buttitta v. Allied Signal, Inc. et al.*, BER-L-9592-02 (hereinafter "New Jersey State Court Action"). Debtor, Delphi Corporation ("Delphi" or "Debtor") is a named defendant in the New Jersey State Court Action. As such, I am fully familiar with the facts and proceedings in this

1662523-01

matter. I submit this Certification in support of Buttitta's Motion for Relief from the Automatic Stay of Proceedings pursuant to 11 U.S.C. §362(d).

2. For all relevant time periods identified by Buttitta in the New Jersey State Court Action, Delphi was a division of General Motors Corporation ("GM"). See General Motors Corporation's Supplemental Responses to Plaintiff's First Set of Interrogatories Regarding Delphi Automotive Systems in the New Jersey State Court Action, annexed hereto as Exhibit "A."

3. On September 16, 2004, Buttitta filed a Fourth Amended Complaint in the New Jersey State Court Action, naming Delphi Automotive Systems, LLC, a/k/a Delphi Corporation, LLC as a Defendant. See Plaintiff's Fourth Amended Complaint in the New Jersey State Court Action, annexed hereto as Exhibit "B."

4. The basis for Plaintiff's case against Debtor in the New Jersey State Court Action is wrongful death of her spouse, Mark Buttitta, due to his exposure to asbestos and asbestos-containing products manufactured, distributed and/or sold by Debtor, from which it is alleged he contracted malignant mesothelioma.

5. On or about January 3, 2005, Debtor answered Buttitta's Fourth Amended Complaint. See Defendant, Delphi Automotive Systems, LLC, a/k/a Delphi Corporation, LLC's Answer to Plaintiff's Fourth Amended Complaint, annexed hereto as Exhibit "C."

6. The law firm and counsel representing Debtor in connection with the New Jersey State Court Action is the same as that representing GM in the New Jersey State Court Action. See id.; see also, Exhibit "A."

7. Notwithstanding the fact that Debtor and GM have the same representation, materials responsive to Plaintiff's discovery requests in the New Jersey State Court Action remain in possession of the Debtor.

1662523-01                                                         2

8. However, given the fact that Debtor and GM are represented by the same firm and counsel, Plaintiff believes that GM is obligated to defend, indemnify and hold harmless Debtor for all or part of Plaintiff's claims against Debtor in the New Jersey State Court Action.

9. Currently, proceedings in the New Jersey State Court Action have been stayed by Court Order pending resolution of an interlocutory appeal filed by one of Debtor's co-defendants. At the time of this filing, the appeal is still pending.

10. Notwithstanding the New Jersey Appellate Division's Order staying all proceedings in the New Jersey State Court Action, on October 28, 2005, the Superior Court, Law Division, Bergen County issued an order dismissing Plaintiff's claims against the Debtor without prejudice, without costs, and subject to restoration, on account of the instant Chapter 11 proceeding. See October 28, 2005 Order, annexed hereto as Exhibit "D."

11. The New Jersey Superior Court's October 28, 2005 Order provides that Buttitta must file a formal application within thirty (30) days to the United States Bankruptcy Court for the Southern District of New York to proceed, subject to any terms and conditions that may be imposed by this Court.

12. Accordingly, Buttitta has filed this motion seeking relief from the automatic stay to continue prosecution of her claims against Delphi and other defendants in the New Jersey State Court Action.

I certify under penalty of perjury that the foregoing is true and correct.

_____
JOHN S. BARNETT

Dated: November 28, 2005