**EXHIBIT "B"**

Connell Foley LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
Attorneys for Plaintiff

SUPERIOR COURT BERGEN COUNTY
FILED
SEP 1 6 2004
DEPUTY CLERK

---

| | |
|---|---|
| SUSAN M. BUTTITTA, individually and as the Executrix to the ESTATE OF MARK BUTTITTA,<br><br>                    Plaintiff,<br><br>v.<br><br>ALLIED-SIGNAL, INC.,<br>ALLIED CORPORATION,<br>ALMA PRODUCTS CO.,<br>ASBESTOS CORPORATION, LTD.,<br>ASBESTOS CORP., LTD.,<br>ASBESTOS FIBRE CORP.,<br>BORG-WARNER CORP.,<br>BORG & BECK,<br>C.L. ZIMMERMAN CO.,<br>C.L. ZIMMERMAN OF DELAWARE, a<br>     Successor Corporation to<br>     C.L. ZIMMERMAN COMPANY,<br>GENERAL MOTORS CORP.,<br>HONEYWELL INTERNATIONAL, INC., a<br>     Successor Corporation to<br>     ALLIEDSIGNAL, INC., and as a<br>     Successor in Interest to<br>     HONEYWELL, INTERNATIONAL,<br>     INC., AND BENDIX,<br>LAKE ASBESTOS OF QUEBEC, LTD.,<br>MULTI-CHEVROLET, INC.,<br>NATIONAL GYPSUM CO.,<br>RAYMARK INDUSTRIAL DIVISION,<br>UNION CARBIDE CORP.<br>UNION INSULATING CO.,<br>**ABEX CORPORATION,**<br>**AMCO,**<br>**BONDALL COMPANY,**<br>**C.ITUH & CO. (AMERICA) INC.,**<br>**CARLISLE CORPORATION,**<br>**DAIKIN,**<br>**DELPHI AUTOMOTIVE SYSTEMS, a/k/a**<br>     **DELPHI CORPORATION, LLC,**<br>**EATON BRAKE DIVISION,**<br>**EATON CORPORATION,**<br>**FERODO,** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - BERGEN COUNTY<br><br>DOCKET NO.: BER-L-009592-02<br><br>FOURTH AMENDED COMPLAINT, DEMAND FOR JURY TRIAL |

1392636-03

FRICTION PRODUCTS DIVISION,
ITT AMCO,
JOHN HASSALL, INC.,
KELSEY HAYES COMPANY,
KELSEY PRODUCTS DIVISION,
LUK, INC.,
MARSHALL ECLIPSE,
MULTIBESTOS,
RAYBESTOS MANHATTAN, INC.,
ROCKWELL AXLE DIVISION,
ROCKWELL BRAKE DIVISION,
ROCKWELL INTERNATIONAL,
UNIBOND,
UNIBOND BRAKE, INC.,
UNIVERSAL FRICTION,
WAGNER ELECTRIC CORPORATION, and
JOHN DOES 1-180 (fictitious),

                    Defendants.

Plaintiff, Susan M. Buttitta, Individually, and as the Executrix of the Estate of Mark Buttitta, residing at 353 Ridgewood Avenue, Glen Ridge, New Jersey 07028, by way of Fourth Amended Complaint against defendants, says:

## FIRST COUNT

1.   Plaintiff Susan M. Buttitta is the wife of the decedent, Mark Buttitta (hereafter "Mark Buttitta" or "Plaintiff's Decedent") and mother of their three children.

2.   Mark Buttitta died on December 21, 2002, as a result of contracting mesothelioma. He was 49 years old at the time of his death, the husband of Susan Buttitta, and the father of their three children.

3.   On or about January 15, 2003, Susan M. Buttitta was issued Letters Testamentary for the Estate of Mark Buttitta, by

Joseph P. Brennan, Jr. Surrogate for the County of Essex, State of New Jersey, and she is thereby authorized and empowered to bring the survival action herein in her name as the Executrix of the Estate of Mark Buttitta, whose death and injuries give rise to these claims.

4.   From on or before December 3, 1952 through the 1970's, Frank Buttitta, Sr., Mark Buttitta's father, was employed by General Motors Corporation in Bloomfield, New Jersey and Englewood, New Jersey.

5.   During portions of 1970 and 1971, Frank Buttitta, Jr., Mark Buttitta's brother, was employed by General Motors in Englewood, New Jersey.

6.   Mark Buttitta was exposed to asbestos dust from dust on his father and his father's clothing, from his brother and his brother's clothing, from the clothing of his father's co-workers who carpooled with him, arising out of their respective employments with General Motors Corporation.

7.   Mark Buttitta was also exposed to asbestos between 1970 and 1973 while employed at General Motors Corp. facility in Englewood, New Jersey.

8.   Defendants, ALLIED SIGNAL, INC., ALLIED CORPORATION, ALMA PRODUCTS CO., ASBESTOS CORPORATION, LTD., ASBESTOS CORP., LTD., ASBESTOS FIBRE CORP., BORG-WARNER CORP., BORG & BECK, C.L. ZIMMERMAN CO., C.L. ZIMMERMAN OF DELAWARE, GENERAL MOTORS CORP.,

HONEYWELL INTERNATIONAL, INC., a Successor Corporation to ALLIED
SIGNAL, INC., and as a Successor in Interest to HONEYWELL,
~~INTERNATIONAL, INC., AND BENDIX, LAKE ASBESTOS OF QUEBEC, LTD.,~~
MULTI-CHEVROLET, INC., NATIONAL GYPSUM CO., RAYMARK INDUSTRIAL
DIVISION, UNION CARBIDE CORP., UNION INSULATING CO., **ABEX
CORPORATION, AMCO, BONDALL COMPANY, CANADIAN JOHNS-MANVILLE,
C.ITUH & CO. (AMERICA) INC., CARLISLE CORPORATION, DAIKIN,
DELPHI AUTOMOTIVE SYSTEMS, LLC, a/k/a DELPHI CORPORATION, LLC,
EATON CORPORATION, FERODO, FRICTION PRODUCTS DIVISION, ITT AMCO,
JOHN HASSALL, INC., KELSEY HAYES COMPANY, KELSEY PRODUCTS
DIVISION, LUK, INC., MARSHALL ECLIPSE, MULTIBESTOS, RAYBESTOS
MANHATTAN, INC., ROCKWELL AXLE DIVISION, ROCKWELL BRAKE
DIVISION, ROCKWELL INTERNATIONAL, UNIBOND, UNIBOND BRAKE, INC.,
UNIVERSAL FRICTION, WAGNER ELECTRIC CORPORATION** are corporations
or other business entities organized under the laws of the
various states of the United States of America or the Dominion
of Canada and doing business in the County of Bergen, State of
New Jersey.

9.   John Does 1 through John Doe 25 are the fictitious
names of corporations, business entities or organizations or
individuals whose identities are not presently known and who
owned, maintained, leased, or controlled premises at which
and/or from which Mark Buttitta was exposed to asbestos-
containing products.

1392636-03                          4

10.   John Doe 26 through John Doe 75 are the fictitious names of corporations, business entities or organizations or individuals whose identities are not presently known and who mined, manufactured, sold, marketed, distributed, owned, specified, supplied, packaged, labeled, controlled, installed, disturbed or removed asbestos or asbestos-containing products that Mark Buttitta used and/or to which he was exposed.

11.   John Doe 76 through John Doe 116 are the fictitious names of corporations, business entities or organizations or individuals whose identities are not presently known and who are the alter egos of or otherwise responsible for the conduct or liability of those who mined, manufactured, sold, marketed, controlled, distributed, owned, specified, supplied, packaged, labeled, installed, disturbed or removed asbestos or asbestos-containing products that Mark Buttitta used or to which he was exposed.

12.   John Doe 117 through John Doe 147 are the fictitious names of corporations, business entities or organizations or individuals whose identities are not presently known and who are the alter egos of or otherwise responsible for the conduct or liability of those who designed, sold, distributed, audited, inspected, tested, approved, specified, monitored and/or constructed the material handling and inventory system(s) and/or the workplace environment and equipment and work practices at

any premises at which and/or from which Mark Buttitta was exposed to asbestos-containing products and asbestos dust.

13. John Doe 148 through John Doe 180 are the fictitious names of corporations, business entities or organizations or individuals whose identities are not presently known and who are the alter egos of or otherwise responsible for the conduct or liability of those who performed consulting, contracting, testing, monitoring, inspecting, auditing, cleaning, advisory and/or design services pertaining to the materials handling and inventory system(s) and/or workplace environment and equipment and workplace practices at premises at which and/or from which Mark Buttitta was exposed to asbestos-containing products and asbestos dust.

14. The term "Defendants" is used hereafter to refer to all of the entities named above in paragraphs 7 through 12.

15. Defendants are and at all times relevant hereto were engaged directly or indirectly in the mining, milling, use, manufacturing, producing, processing, importing, compounding, converting, selling, merchandising, supplying, distributing and/or otherwise placing into the stream of commerce asbestos, material containing asbestos, asbestos products and/or asbestos compounds, including but not limited to raw fiber, cement, cloth, sheets, tubing, taping, board, adhesive, roofing paper, pipecovering, block insulation, spray, wicking, rope, blankets,

refractories, fireproofing, brakes, clutches, packings and gaskets (hereinafter "asbestos products") to which Mark Buttitta was exposed.

16.    Defendants knew or in the exercise of reasonable care should have known that Mark Buttitta was exposed to products containing asbestos, asbestos fibers and asbestos dust, which were mined, milled, manufactured, produced, processed, installed, imported, converted, compounded, supplied, distributed, used, sold and/or otherwise placed in the stream of commerce by these defendants.

17.    Defendants named herein have long been in possession of medical and scientific information which clearly indicated that asbestos, asbestos fibers and asbestos dust are hazardous to health and inherently dangerous materials.

18.    Defendants were careless and negligent in that they:

(a)    Failed to provide information or reasonably safe and sufficient safeguards, wearing apparel, proper equipment and appliances necessary to protect Mark Buttitta from being injured, poisoned, disabled, killed, or otherwise harmed by working with, using, handling, coming into contact with, and being exposed to defendants' asbestos products, or by inhalation or ingestion of the asbestos dust and fibers resulting from the ordinary and foreseeable use of defendants' asbestos products;

(b) wrongfully processed, manufactured, packaged, supplied, installed, distributed, used, delivered, disturbed, sold and/or placed into the stream of commerce asbestos products to which Mark Buttitta was exposed;

(c) failed to provide proper, adequate, correct and appropriate warnings, labels, advice, cautions, instructions, and information as to the use of and consequences of exposure to asbestos, its fibers and dusts and failed to use reasonable care as to same;

(d) failed to provide proper and appropriate warnings and cautions to all said persons exposed to asbestos products, fibers and dusts, both known and foreseeable, including Mark Buttitta and his father; and

(e) failed to investigate, impose and comply with reasonable standards and regulations as to the safe use of and exposure to asbestos, asbestos fibers, and asbestos dust.

19. Defendants knew, or in the exercise of reasonable care should have known, that Mark Buttitta would come into contact with and be exposed to their asbestos products and would inhale or ingest asbestos dust and fibers as a result of the ordinary and foreseeable use of defendants' asbestos products.

20. As a direct and proximate result of the aforesaid acts, omissions, carelessness and negligence on the part of defendants, Mark Buttitta became ill with asbestos-related

disease, including malignant mesothelioma, and subsequently died. Mark Buttitta was made to endure great pain and suffering, both physical and mental in nature, was required to spend great sums of money for medical services, was prevented from attending to his regular activities, duties and employment, and was made to suffer lost wages and earnings, and he and his spouse and children were made to suffer pecuniary loss as a direct and proximate cause of the aforesaid acts and/or omissions of a gross, willful, wanton and malicious nature on the part of the defendants.

WHEREFORE, plaintiff Susan M. Buttitta, individually and as the Executrix of the Estate of Mark Buttitta, deceased, demands judgment against defendants jointly, severally and/or in the alternative for such damages as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, costs of suit, and attorneys fees.

## SECOND COUNT

21. All previous paragraphs of this Complaint are repeated as if fully set forth herein.

22. The conditions set forth in the previous paragraphs of this Complaint were proximately caused by the defendants in that they wrongfully processed, manufactured, packaged, distributed, disturbed, used, supplied, installed, stored, delivered, and/or placed into the stream of commerce, various asbestos products

containing asbestos fibers, asbestos dust and the like, and failed to render proper, adequate and correct warnings, advice, instruction, and information, and so acted in a grossly negligent, malicious, willful and wanton manner, with reckless disregard for the health and welfare of Mark Buttitta and others similarly situated, and failed to use reasonable care under all of the circumstances.

23. As a direct and proximate result of the aforesaid, Mark Buttitta became ill with asbestos-related disease, including malignant mesothelioma, and subsequently died. Mark Buttitta was made to endure great pain and suffering, both physical and mental in nature, was required to spend great sums of money for medical services, was prevented from attending to his regular activities, duties and employment, and was made to suffer lost wages and earnings, and he and his spouse and children were made to suffer pecuniary loss as a direct and proximate cause of the aforesaid acts and/or omissions of a gross, willful, wanton and malicious nature on the part of the defendants.

WHEREFORE, plaintiff Susan M. Buttitta, individually and as the Executrix of the Estate of Mark Buttitta, deceased, demands judgment against defendants jointly, severally and/or in the alternative for such damages, both compensatory and punitive, as may be permitted pursuant to the laws of the State of New

Jersey, together with interest thereon, costs of suit, and attorney fees.

## THIRD COUNT

24.   All previous paragraphs of this Complaint are repeated as if fully set forth herein.

25.   At all times relevant hereto, the defendants, as a part of their businesses, manufactured, processed, fashioned, placed, used, installed, sold, distributed, supplied, and delivered asbestos and asbestos products into the stream of commerce in a defective, unsafe and inherently dangerous condition in that, among other things, adequate warnings, instructions and precautions were not given to known and foreseeable users and handlers, including Mark Buttitta, and the products and materials were expected to and did reach such persons, including Mark Buttitta, without substantial change in the condition in which they were sold.

26.   At all times relevant hereto, the asbestos products and materials were used, handled and/or employed for the purposes for which they were mined, processed and manufactured, designed, fashioned, packaged, inspected, tested, sold and intended to be used, and in a manner foreseeable to these defendants.

27.   The injuries and resulting damages to Mark Buttitta were caused by the defective, unsafe and dangerous condition of

the asbestos products and materials which defendants
distributed, supplied, sold, and otherwise placed in the stream
of commerce.

28.  Mark Buttitta became ill with asbestos-related
disease, including malignant mesothelioma, and subsequently
died.  Mark Buttitta was made to endure great pain and
suffering, both physical and mental in nature, was required to
spend great sums of money for medical services, was prevented
from attending to his regular activities, duties and employment,
and was made to suffer lost wages and earnings, and he and his
spouse and children were made to suffer pecuniary loss as a
direct and proximate cause of the aforesaid acts and/or
omissions of a gross, willful, wanton and malicious nature on
the part of the defendants.

WHEREFORE, plaintiff Susan M. Buttitta, individually and as
the Executrix of the Estate of Mark Buttitta, deceased, demands
judgment against defendants jointly and severally and/or in the
alternative for such damages as may be permitted pursuant to the
laws of the State of New Jersey, together with interest thereon,
costs of suit, and attorney fees.

### FOURTH COUNT

29.  All previous paragraphs of this Complaint are repeated
as if fully set forth herein.

30.  Defendants warranted either expressly or impliedly
that said asbestos products and materials were of merchantable
quality, fit and safe for the purpose for which they were mined,
processed, manufactured, fashioned, packaged, inspected, tested,
installed, supplied, distributed, sold, intended, employed,
handled and used.

31.  Defendants breached said warranties in that said
asbestos products and materials were not of merchantable
quality, fit and safe for the purposes for which they were
mined, processed, manufactured, fashioned, packaged, inspected,
tested, distributed, sold, intended and used in that, among
other things, adequate warnings, precautions and instructions
were not provided to users, handlers and persons coming into
contact with said products.

32.  As a direct and proximate result of the breach of said
warranties, Mark Buttitta became ill with asbestos-related
disease, including malignant mesothelioma, and subsequently
died.  Mark Buttitta was made to endure great pain and
suffering, both physical and mental in nature, was required to
spend great sums of money for medical services, was prevented
from attending to his regular activities, duties and employment,
and was made to suffer lost wages and earnings, and he and his
spouse and children were made to suffer pecuniary loss as a
direct and proximate cause of the aforesaid acts and/or

omissions of a gross, willful, wanton and malicious nature on the part of the defendants.

WHEREFORE, plaintiff Susan M. Buttitta, individually and as the Executrix of the Estate of Mark Buttitta, deceased, demands judgment against defendants jointly, severally and/or in the alternative for such damages as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, costs of suit, and attorney fees.

### FIFTH COUNT

33. All previous paragraphs of this Complaint are repeated as if fully set forth herein.

34. Mark Buttitta was exposed to one or some of a number of substantially similar asbestos-containing products in substantially similar fashion during a period or periods of time many years past.

35. Consequently, through circumstances beyond plaintiff's control, it cannot be determined which specific producer(s), manufacturer(s), supplier(s) and/or distributor(s) of asbestos-containing products caused Mark Buttitta's aforesaid injuries.

36. Defendants are all producers, manufacturers, suppliers and/or distributors of substantially similar asbestos-containing products and they represent a substantial share of the relevant market of all producers, manufacturers, suppliers and/or

distributors of such asbestos-containing products to which Mark
Buttitta was exposed.

WHEREFORE, plaintiff Susan M. Buttitta, individually and as
the Executrix of the Estate of Mark Buttitta, deceased, demands
judgment against defendants jointly, severally and/or in the
alternative for such damages as may be permitted pursuant to the
laws of the State of New Jersey, together with interest thereon,
costs of suit and attorney fees.

### SIXTH COUNT

37.   All previous paragraphs of this Complaint are repeated
as if fully set forth herein.

38.   During the course of his working career with defendant
General Motors Corp., Mark Buttitta's father, Frank Buttitta,
Sr. and his co-workers and Frank Buttitta, Jr. were required to
work with and around asbestos and asbestos-containing insulation
products and other products which contained asbestos related to
the defendants.   As a result of work performed by them, Mark
Buttitta was exposed to asbestos dust and fiber from asbestos
and these products.

39.   The asbestos to which Mark Buttitta was exposed via
his father and his co-workers, and his brother, Frank Buttitta,
Jr., was owned, controlled and/or maintained by General Motors
Corp. and/or John Does 1 through 7.

40.   Defendant General Motors Corp. and/or John Does 1-7 failed to institute reasonable industrial hygiene procedures and failed to take precautions to protect Mark Buttitta from the hazards of asbestos and failed to warn Mark Buttitta of said hazards.

41.   As a direct and proximate cause of the aforesaid, Mark Buttitta became ill with asbestos-related disease, including malignant mesothelioma, and subsequently died.  Mark Buttitta was made to endure great pain and suffering, both physical and mental in nature, was required to spend great sums of money for medical services, was prevented from attending to his regular activities, duties and employment, and was made to suffer lost wages and earnings, and he and his spouse and children were made to suffer pecuniary loss as a direct and proximate cause of the aforesaid acts and/or omissions of a gross, willful, wanton and malicious nature on the part of the defendants.

WHEREFORE, plaintiff Susan M. Buttitta, individually and as the Executrix of the Estate of Mark Buttitta, deceased, demands judgment against General Motors and the defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law.

## SEVENTH COUNT

42.   All previous paragraphs of this Complaint are repeated as if fully set forth herein.

43.  Defendant Multi-Chevrolet, Inc. and/or John Does 12-15 is a corporation organized under the State of New Jersey and has its principal place of business in Union, New Jersey.

44.  Mark Buttitta was exposed to asbestos dust while working at premises owned, controlled, and/or maintained by Multi-Chevrolet, Inc. and/or John Does 12-15.

45.  Defendant Multi-Chevrolet and/or John Does 12-15, failed to institute reasonable industrial hygiene procedures and failed to take precautions to protect Mark Buttitta from the hazards of asbestos and failed to warn Mark Buttitta of hazards.

46.  As a direct and proximate cause of the aforesaid, Mark Buttitta became ill with asbestos-related disease, including malignant mesothelioma, and subsequently died.  Mark Buttitta was made to endure great pain and suffering, both physical and mental in nature, was required to spend great sums of money for medical services, was prevented from attending to his regular activities, duties and employment, and was made to suffer lost wages and earnings, and he and his spouse and children were made to suffer pecuniary loss as a direct and proximate cause of the aforesaid acts and/or omissions of a gross, willful, wanton and malicious nature on the part of the defendants.

WHEREFORE, plaintiff Susan M. Buttitta, individually and as the Executrix of the Estate of Mark Buttitta, deceased, demands judgment against defendants and defendant Multi-Chevrolet and/or

John Does 12-15 jointly, severally and/or in the alternative for

such damages, both compensatory and punitive, as may be

~~permitted pursuant to the laws of the State of New Jersey,~~

together wit interest thereon, costs of suit, and attorney fees.

## EIGHTH COUNT

47.  All previous paragraphs of this Complaint are repeated
as if fully set forth herein.

48.  At all times relevant hereto, plaintiff, Susan M.
Buttitta was and is the wife of Mark Buttitta, and was and is
entitled to his care, comfort, companionship, services, advice,
guidance, counsel and consortium.

49.  As a direct and proximate result of the negligence,
wanton and willful acts, marketing, selling and/or distributing
of defective products and/or breach of warranty by defendants,
plaintiff Susan M. Buttitta has and will in the future be
deprived of the care, comfort, companionship, services, advice,
guidance, counsel and consortium of her husband.

WHEREFORE, plaintiff Susan M. Buttitta, individually and as
the Executrix of the Estate of Mark Buttitta, deceased, demands
judgment against defendants jointly, severally, and/or in the
alternative for such damages as may be permitted pursuant to the
laws of the State of New Jersey, together with interest thereon,
costs of suit, and attorneys fees.

## NINTH COUNT

50.    All previous paragraphs of this Complaint are repeated
~~as if fully set forth herein.~~

51.    At all times relevant, plaintiff Susan M. Buttitta,
was the wife of decedent, Mark Buttitta and is his widow and is
presently serving as the Executrix of his Estate.

52.    Plaintiff, Susan M. Buttitta, and their children were
financially dependent upon Mark Buttitta.

53.    As a direct and proximate consequence of the aforesaid
actions of the defendants, plaintiff and their children will
cause to suffer pecuniary losses.

54.    Plaintiff, Susan M. Buttitta, as a representative of
the Estate of Mark Buttitta, hereby seeks compensatory damages
and punitive damages against all defendants under New Jersey's
Wrongful Death Act.

WHEREFORE, plaintiff Susan M. Buttitta, individually and as
the Executrix of the Estate of Mark Buttitta, deceased, demands
judgment against defendants jointly, severally, and/or in the
alternative for such damages as may be permitted pursuant to the
laws of the State of New Jersey, together with interest thereon,
costs of suit, and attorneys fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that to my knowledge the within matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated. I have no knowledge at this time of any non-party who should be joined in this action.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Richard D. Catenacci is hereby designated as trial counsel in this matter.

CONNELL FOLEY LLP
Attorneys for Plaintiff

Dated: September 10, 2004          By: _____
                                       RICHARD D. CATENACCI, ESQ.

1392636-03                              20