# EXHIBIT "C"

**Lavin, O'Neil, Ricci, Cedrone & DiSipio**
307 Fellowship Road
Suite 103
Mt. Laurel, NJ 08054
(856) 778-5544

By:    Frank Friestedt, Esquire
       *Attorney for Defendant, Delphi Automotive Systems*
       *LLC, a/k/a Delphia Corporation, LLC*

| | |
|---|---|
| SUSAN BUTTITTA. individually and as the Executrix to the ESTATE OF MARK BUTTITTA,      Plaintiff,      v.       DELPHI AUTOMOTIVE SYSTEMS, LLC, a/k/a DELPHI CORPORATION, LLC, ET AL.      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION - BERGEN COUNTY<br><br>DOCKET NO.: BER-L-9592-02<br><br>**ANSWER TO FOURTH AMENDED COMPLAINT SEPARATE DEFENSES, CROSSCLAIMS, REQUEST FOR STATEMENT OF DAMAGES, DESIGNATION OF TRIAL COUNSEL, AND DEMAND FOR JURY TRIAL** |

Defendant, Delphi Automotive Systems, LLC, a/ka Delphi Corporation, LLC ("Delphi"),
by and through its attorneys, Lavin, O'Neil, Ricci, Cedrone & DiSipio, in answer to the Fourth
Amended Complaint of plaintiffs, says:

### FIRST COUNT

1.      Denied.    After reasonable investigation, Delphi is without knowledge or
information sufficient to form a belief as to the truth or falsity of the averments in paragraph (1)
and, therefore, said averments are denied.

2.      Denied.    After reasonable investigation, Delphi is without knowledge or
information sufficient to form a belief as to the truth or falsity of the averments in paragraph (2)
and, therefore, said averments are denied.

3.      Denied.    After reasonable investigation, Delphi is without knowledge or
information sufficient to form a belief as to the truth or falsity of the averments in paragraph (3)

and, therefore, said averments are denied. To the extent said averments constitute a conclusion of law, no response is required.

4. Denied. After reasonable investigation, Delphi is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph (4) and, therefore, said averments are denied.

5. Denied. After reasonable investigation, Delphi is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph (5) and, therefore, said averments are denied.

6. Denied. After reasonable investigation, Delphi is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph (5) and, therefore, said averments are denied.

7. Denied. After reasonable investigation, Delphi is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph (5) and, therefore, said averments are denied.

8. Admitted in part, denied in part. It is admitted that Delphi is organized under the laws of Delaware and at all material times did business in New Jersey. All allegations of this paragraph inconsistent therewith are denied. To the extent the averments of paragraph are addressed to defendants other than General Motors Corporation, no response is required.

9. Denied. To the extent the averments contained in this paragraph are addressed to defendants other than Delphi, no response is required. The remainder of said averments are specifically denied and strict proof thereof demanded.

10.    Denied.  To the extent the averments contained in this paragraph are addressed to defendants other than Delphi, no response is required.  The remainder of said averments are specifically denied and strict proof thereof demanded.

11.    Denied.  To the extent the averments contained in this paragraph are addressed to defendants other than Delphi, no response is required.  The remainder of said averments are specifically denied and strict proof thereof demanded.

12.    Denied.  To the extent the averments contained in this paragraph are addressed to defendants other than Delphi, no response is required.  The remainder of said averments are specifically denied and strict proof thereof demanded.

13.    Denied.  To the extent the averments contained in this paragraph are addressed to defendants other than Delphi, no response is required.  The remainder of said averments are specifically denied and strict proof thereof demanded.

14.    The averments contained herein are statements to which no response is required.

15.    Denied.  To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.  As to the remaining averments, Delphi denies each and every averment and states that no act or failure to act by Delphi caused or contributed to any injury complained of by plaintiff, and demands proof of plaintiffs' averments.

16.    Denied.  To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.  As to the remaining averments, Delphi denies each and every averment and states that no act or failure to act by Delphi caused or contributed to any injury complained of by plaintiff, and demands proof of plaintiffs' averments.

17.    Denied.  To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.

3

18(a) to (e).    Denied.    To the extent the averments of paragraphs 18(a) to (e) are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.    As to the remaining averments, Delphi denies each and every averment of paragraphs 18(a) to (e) and states that no act or failure to act by Delphi caused or contributed to any injury complained of by plaintiff, and demands proof of plaintiffs' averments.

19.    Denied.    To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.    As to the remaining averments, Delphi denies each and every averment and states that no act or failure to act by Delphi caused or contributed to any injury complained of by plaintiff, and demands proof of plaintiffs' averments

20.    Denied.    To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.    As to the remaining averments, Delphi denies each and every averment and states that no act or failure to act by Delphi caused or contributed to any injury complained of by plaintiff, and demands proof of plaintiffs' averments.

WHEREFORE, defendant, Delphi demands judgment in its favor and against plaintiffs and all cross-claimants, together with interest, costs of suit, and such further relief as this Court may deem appropriate.

## SECOND COUNT

21.    Delphi incorporates its responses in each of the prior allegations of this Complaint as though fully set forth herein.

22.    Denied.    To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.    As to the remaining averments, plaintiffs have failed to specify the Delphi products to which exposure is alleged, accordingly, the averments are denied. Delphi specifically denies that it distributed, supplied, sold or placed in

4

the stream of commerce asbestos products and materials in a defective, unsafe, and/or dangerous condition, and demands proof of said averments.

23.    Denied.  Delphi incorporates by reference its response to paragraph (22) and specifically denies that any act or failure to act by said defendant caused or contributed to any injury complained of by plaintiffs, and demands proof of said averments.  To the extent said averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.  As to the remainder of plaintiffs' averments relating to injury and loss, after reasonable investigation, Delphi is without knowledge or information sufficient to form a belief as to the truth or falsity of said averments, which are denied.

WHEREFORE, defendant, Delphi demands judgment in its favor and against plaintiffs and all cross-claimants, together with interest, costs of suit, and such further relief as this Court may deem appropriate.

### THIRD COUNT

24.    Delphi incorporates its responses in each of the prior allegations of this Complaint as though fully set forth herein.

25.    Denied.  To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.  As to the remaining averments, plaintiffs have failed to specify the Delphi products to which exposure is alleged, accordingly, the averments are denied. Delphi specifically denies that it distributed, supplied, sold or placed in the stream of commerce asbestos products and materials in a defective, unsafe, and/or dangerous condition, and demands proof of said averments.

26.    Denied.  To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.  As to the remaining averments,

plaintiffs have failed to specify the Delphi products to which exposure is alleged, and after reasonable investigation, Delphi is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments and, therefore, said averments are denied.

27.    Denied.    To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.    As to the remaining averments, plaintiffs have failed to specify the Delphi products to which exposure is alleged, accordingly, the averments are denied. Delphi specifically denies that it distributed, supplied, sold or placed in the stream of commerce asbestos products and materials in a defective, unsafe, and/or dangerous condition, and demands proof of said averments.

28.    Denied. Delphi specifically denies that any act or failure to act by said defendant caused or contributed to any injury complained of by plaintiffs, and demands proof of said averments.    To the extent said averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.    As to the remainder of plaintiffs' averments relating to injury and loss, after reasonable investigation, Delphi is without knowledge or information sufficient to form a belief as to the truth or falsity of said averments, which are denied.

WHEREFORE, defendant, Delphi demands judgment in its favor and against plaintiffs and all cross-claimants, together with interest, costs of suit, and such further relief as this Court may deem appropriate.

## **FOURTH COUNT**

29.    Delphi incorporates its responses in each of the prior allegations of this Complaint as though fully set forth herein.

30.    Denied.  To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.  As to the remaining averments, plaintiffs have failed to specify the Delphi products or any express warranties pertaining to those products to which exposure is alleged, accordingly, the averments are denied.

31.    Denied.  To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.  As to the remaining averments, plaintiffs have failed to specify the Delphi products or any express warranties pertaining to those products to which exposure is alleged, accordingly, the averments are denied.

32.    Denied.  Delphi specifically denies that any act or failure to act by said defendant caused or contributed to any injury complained of by plaintiffs, and demands proof of said averments.  To the extent said averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.  As to the remainder of plaintiffs' averments relating to injury and loss, after reasonable investigation, Delphi is without knowledge or information sufficient to form a belief as to the truth or falsity of said averments, which are denied.

WHEREFORE, defendant, Delphi demands judgment in its favor and against plaintiffs and all cross-claimants, together with interest, costs of suit, and such further relief as this Court may deem appropriate.

## FIFTH COUNT

33.    Delphi incorporates its responses in each of the prior allegations of this Complaint as though fully set forth herein.

34.    Denied.  To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.  As to the remaining averments,

plaintiffs have failed to specify the Delphi products to which exposure is alleged, accordingly, the averments are denied.

35.    Denied.  To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.  By way of further response, Delphi is without knowledge or information sufficient to form a belief as to the truth or falsity of said averments, which are denied.

36.    Denied.  To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.   As to the remaining averments, plaintiffs have failed to specify the Delphi products to which exposure is alleged, accordingly, the averments are denied. Delphi specifically denies that it distributed, supplied, sold or placed in the stream of commerce asbestos products and materials in a defective, unsafe, and/or dangerous condition, and demands proof of said averments.

WHEREFORE, defendant, Delphi demands judgment in its favor and against plaintiffs and all cross-claimants, together with interest, costs of suit, and such further relief as this Court may deem appropriate.

## SIXTH COUNT

37.    Delphi incorporates its responses in each of the prior allegations of this Complaint as though fully set forth herein.

38.    Denied.  To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required. After reasonable investigation, Delphi is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments and, therefore, said averments are denied.  As to the remaining averments,

plaintiffs have failed to specify the Delphi products to which exposure is alleged, accordingly, the averments are denied.

39.     To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.  As to the remaining averments, plaintiffs have failed to specify the Delphi products to which exposure is alleged, accordingly, the averments are denied.

40.     To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.  As to the remaining averments, plaintiffs have failed to specify the Delphi products to which exposure is alleged, accordingly, the averments are denied.

41.     Denied.  Delphi specifically denies that any act or failure to act by said defendant caused or contributed to any injury complained of by plaintiffs, and demands proof of said averments.  To the extent said averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.  As to the remainder of plaintiffs' averments relating to injury and loss, after reasonable investigation, Delphi is without knowledge or information sufficient to form a belief as to the truth or falsity of said averments, which are denied.

WHEREFORE, defendant, Delphi demands judgment in its favor and against plaintiffs and all cross-claimants, together with interest, costs of suit, and such further relief as this Court may deem appropriate.

## SEVENTH COUNT

42.     Delphi incorporates its responses in each of the prior allegations of this Complaint as though fully set forth herein.

43.     Denied.   To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.   The remainder of said averments are specifically denied and strict proof thereof demanded.

44.     Denied.   To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.   The remainder of said averments are specifically denied and strict proof thereof demanded.

45.     Denied.   To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.   The remainder of said averments are specifically denied and strict proof thereof demanded.

46.     Denied.   To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.   The remainder of said averments are specifically denied and strict proof thereof demanded.

WHEREFORE, defendant, Delphi demands judgment in its favor and against plaintiffs and all cross-claimants, together with interest, costs of suit, and such further relief as this Court may deem appropriate.

## EIGHTH COUNT

47.     Delphi incorporates its responses in each of the prior allegations of this Complaint as though fully set forth herein.

48.     Denied.   After reasonable investigation, Delphi is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments and, therefore, said averments are denied.

49.    Denied.  To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.  The remainder of said averments are specifically denied and strict proof thereof demanded.

WHEREFORE, defendant, Delphi demands judgment in its favor and against plaintiffs and all cross-claimants, together with interest, costs of suit, and such further relief as this Court may deem appropriate.

## NINTH COUNT

50.    Delphi incorporates its responses in each of the prior allegations of this Complaint as though fully set forth herein.

51.    Denied.    After reasonable investigation, Delphi is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments and, therefore, said averments are denied.

52.    Denied.    After reasonable investigation, Delphi is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments and, therefore, said averments are denied.

53.    Denied.  To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.  The remainder of said averments are specifically denied and strict proof thereof demanded.

54.    Denied.  To the extent the averments are addressed to defendants other than Delphi or constitute conclusions of law, no response is required.  The remainder of said averments are specifically denied and strict proof thereof demanded.

11

WHEREFORE, defendant, Delphi demands judgment in its favor and against plaintiffs and all cross-claimants, together with interest, costs of suit, and such further relief as this Court may deem appropriate.

## SEPARATE DEFENSES

Delphi sets forth its separate defenses as follows:

### FIRST SEPARATE DEFENSE

The Amended Complaint in whole or in part fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

The applicable statute of limitations prevents this action against Delphi.

### THIRD SEPARATE DEFENSE

Plaintiff's actions may be barred or limited by the applicable statutes of limitation and/or statutes of repose.

### FOURTH SEPARATE DEFENSE

Plaintiff's injuries were caused entirely by, or were contributed to by, the negligence and/or liability producing conduct of individuals and/or entities other than Delphi and beyond Delphi's control.

### FIFTH SEPARATE DEFENSE

Any conduct on the part of Delphi allegedly causing liability was not a substantial contributing or causative factor in connection with plaintiff's alleged injuries or damages.

### SIXTH SEPARATE DEFENSE

Plaintiff's claims for damages are barred or reduced by plaintiff's comparative fault.

## SEVENTH SEPARATE DEFENSE

Plaintiff assumed the risk of his or her activities and/or the risk of a known danger.

## EIGHTH SEPARATE DEFENSE

Plaintiff failed to mitigate damages.

## NINTH SEPARATE DEFENSE

Delphi did not engage in misconduct or willful misconduct.

## TENTH SEPARATE DEFENSE

Delphi did not commit wanton negligence, willful acts and omissions, gross negligence, conscious indifference and utter disregard for the life, health, safety and welfare of plaintiff or any other person.

## ELEVENTH SEPARATE DEFENSE

Delphi did not ignore or cause to be ignored medical and scientific data.

## TWELFTH SEPARATE DEFENSE

Delphi did not cause to be released any reports which were incorrect, incomplete, outdated or misleading.

## THIRTEENTH SEPARATE DEFENSE

Any asbestos products which may have been sold or used by Delphi were not hazardous to health, inherently defective, dangerous, deleterious, poisonous and/or otherwise lethally harmful.

## FOURTEENTH SEPARATE DEFENSE

Any asbestos products which may have been sold or used by Delphi were not unsafe.

## FIFTEENTH SEPARATE DEFENSE

Delphi did not fail to take reasonable precautions or exercise reasonable care.

### SIXTEENTH SEPARATE DEFENSE

Any asbestos products which may have been sold or used by Delphi were not incorrectly packaged.

### SEVENTEENTH SEPARATE DEFENSE

Delphi did not fail to adequately test any asbestos products which it may have sold or used.

### EIGHTEENTH SEPARATE DEFENSE

Delphi did not mine asbestos or asbestos products.

### NINETEENTH SEPARATE DEFENSE

Any asbestos products which may have been sold or used by Delphi were not defective.

### TWENTIETH SEPARATE DEFENSE

Any asbestos products which may have been sold or used by Delphi were not unreasonably dangerous.

### TWENTY-FIRST SEPARATE DEFENSE

Any asbestos products which may have been sold or used by Delphi may have been substantially changed in their condition after said products left the possession of answering defendant.

### TWENTY-SECOND SEPARATE DEFENSE

Delphi provided all necessary, required or adequate warnings and instructions.

### TWENTY-THIRD SEPARATE DEFENSE

The injuries and/or losses alleged to have been sustained were not caused by any product produced, sold or used by Delphi.

### TWENTY-FOURTH SEPARATE DEFENSE

The injuries and/or losses alleged to have been sustained were not caused by the conduct

14

of Delphi.

## TWENTY-FIFTH SEPARATE DEFENSE

Delphi extended no warranty to the plaintiff or any other person, party or entity.

## TWENTY-SIXTH SEPARATE DEFENSE

Delphi did not breach any warranty or warranties that may have been extended.

## TWENTY-SEVENTH SEPARATE DEFENSE

Plaintiff failed to provide Delphi with proper and timely notice of any alleged breach of warranty.

## TWENTY-EIGHTH SEPARATE DEFENSE

Delphi did not conceal any information.

## TWENTY-NINTH SEPARATE DEFENSE

Delphi did not market defective products.

## THIRTIETH SEPARATE DEFENSE

Delphi did not make any misrepresentations and/or commit any fraudulent acts.

## THIRTY-FIRST SEPARATE DEFENSE

Delphi did not make any omissions.

## THIRTY-SECOND SEPARATE DEFENSE

Delphi committed no wanton, malicious, callous and/or intentional act or acts.

## THIRTY-THIRD SEPARATE DEFENSE

Delphi performed each and every duty, if any, owed to the plaintiff and was not negligent.

## THIRTY-FOURTH SEPARATE DEFENSE

Any asbestos products which may have been sold or used by Delphi were not within the exclusive control of Delphi.

15

## THIRTY-FIFTH SEPARATE DEFENSE

Delphi at all material times complied with applicable laws, regulations and standards.

## TWENTY-SIXTH-SEPARATE DEFENSE

Plaintiff's employers are primarily liable for injuries complained of by plaintiffs, and any damages to which plaintiffs may be entitled should be reduced pro tanto by the amount of compensation received from plaintiff's employer, by virtue of common law, statutory law, and regulatory law.

## THIRTY-SEVENTH SEPARATE DEFENSE

Plaintiffs alleged injuries and/or diseases are the result of causes unrelated to exposure to asbestos from Delphi products, including exposure to gases, fumes, smoke, dust, improper diet or other carcinogenic, fibrogenic or toxic material, unrelated to products manufactured or sold Delphi

## THIRTY-EIGHTH SEPARATE DEFENSE

All orders of bankruptcy courts which prevent Delphi from joining indispensable parties, which have included Johns-Manville Corporation, Unarco Industries, Inc., Amatex, Forty-Eight Insulation, Inc., and any other such manufacturer which has declared bankruptcy, has the effect of requiring defendant to defend without those other companies as named parties, which prevents the trier of fact from considering all relevant evidence, which is unconstitutional and otherwise improper.

## THIRTY-NINTH SEPARATE DEFENSE

Delphi products complied with the specifications of plaintiff's employer, a sophisticated purchaser, who knew or should have known of any and all potential harmful effects from the use of such products, and who was fully knowledgeable concerning possible health problems from

asbestos exposure, yet said employer failed to take steps to protect employees from such harm, which is the proximate cause of plaintiff's injuries.

## FORTIETH SEPARATE DEFENSE

Delphi is not liable to plaintiffs as a successor of any other entity for purposes of damages, including punitive damages.

## FORTY-FIRST SEPARATE DEFENSE

Plaintiff's failure to identify exposure to asbestos from Delphi products precludes liability against Delphi.

## FORTY-SECOND SEPARATE DEFENSE

Delphi's asbestos-containing products contained encapsulated and/or bonded asbestos, which prevented release of such fibers under normal conditions of use.

## FORTY-THIRD SEPARATE DEFENSE

Delphi denies that its conduct has been in any way reckless, malicious or intentional, and punitive damages are improper.

## FORTY-FOURTH SEPARATE DEFENSE

Punitive damages violate constitutional prohibitions against excessive fines under the circumstances alleged in this case.

## FORTY-FIFTH SEPARATE DEFENSE

Punitive damages violate constitutional guarantees of equal protection and due process under the circumstances of this case.

## FORTY-SIXTH SEPARATE DEFENSE

Plaintiff's claim is barred by doctrines of latches, waiver and estoppel.

## FORTY-SEVENTH SEPARATE DEFENSE

17

Plaintiff's Complaint fails to state a claim in accordance with the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1 et. seq.

## FORTY-EIGHTH SEPARATE DEFENSE

Plaintiff's claims are barred by application of workmen's compensation laws.

## FORTY-NINTH SEPARATE DEFENSE

Delphi was not incorporated until June 19, 1998 and is not liable to plaintiffs for claims arising during time periods of plaintiff's alleged exposure.

## FIFTIETH SEPARATE DEFENSE

Delphi was not incorporated until June 19, 1998. Prior to that date, Delphi was at all material times a division and/or part of General Motors Corporation which is already a party to this matter, and Delphi is not subject to suit individually or separately for plaintiffs allegations against General Motors Corporation or any of its products including Delphi products during the time periods in issue.

## RESERVATION OF DEFENSES AND OBJECTIONS

PLEASE TAKE NOTICE that defendant hereby reserves the right to interpose such other defenses and/or objections as a continuing investigation may disclose.

## CROSS CLAIM FOR CONTRIBUTION

While Delphi denies any and all liability to the plaintiffs for the occurrence of the subject incident, Delphi hereby demands contribution from all the defendants to this action, pursuant to applicable law, including the Joint Tortfeasor's Contribution Act, N.J.S.A. 2A:53-1 and the Comparative Negligence Act N.J.S.A. 2A:15-5.1.

## CROSS CLAIM FOR INDEMNIFICATION

18

While Delphi denies any and all liability to the defendants for the occurrence of the subject incident, Delphi hereby demands indemnification from all defendants in the event Delphi is found liable to plaintiff in any amount.

## ANSWER TO ALL CROSS CLAIMS

Defendant, Delphi denies all liability to plaintiff and defendants herein and denies all claims for contribution and/or indemnity existing or to be asserted in this action.

## REQUEST FOR DAMAGES

Plaintiff, through his counsel, is hereby requested and required to furnish the undersigned with a statement of the amount of damages claims on each Count of the Complaint within five (5) days of the date hereof pursuant to R. 4:5-2.

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that defendant hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that Frank C. Friestedt, Esquire is designated trial counsel pursuant to R. 4:25-4.

Lavin, O'Neil, Ricci, Cedrone & DiSipio

BY: _____
Frank C. Friestedt, Esquire
307 Fellowship Road
Suite 103
Mt. Laurel, NJ 08054

Dated: January 3, 2005

Attorneys    for    Defendant,    Delphi Automotive Systems, LLC a/k/a Delphi Corporation LLC

19

## CERTIFICATIONS

Pursuant to Rule 4:5-1, I hereby certify that to my knowledge, the within matter in controversy is not the subject of any other action pending in any Court or of a pending Arbitration proceeding and no other action or Arbitration proceeding is contemplated. This is to certify a copy of the attached Answer, Separate Defenses, Designation of Trial Counsel, Request for Statement of Damages, and Jury Demand of defendant, Delphi, to plaintiff's Complaint has been filed of record and served upon counsel within the time period allowed by R. 4:6.

Lavin, O'Neil, Ricci, Cedrone & DiSipio

BY: _____

Frank C. Friestedt, Esquire
307 Fellowship Road
Suite 103
Mt. Laurel, NJ 08054

Dated: January 3, 2005

Attorneys    for    Defendant,    Delphi Automotive Systems, LLC a/k/a Delphi Corporation LLC

20