**MILLER JOHNSON**
250 Monroe Avenue, N.W., Suite 800
PO Box 306
Grand Rapids, Michigan  49501-0306
(616) 831-1700
ecfsarbt@millerjohnson.com

Thomas P. Sarb (TS8282)
Robert D. Wolford (RW1314)
(Admitted *Pro Hac Vice*)

Attorneys for Objecting Creditors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

| | |
|---|---|
| IN RE: | Case No. 05-44481-RDD |
| DELPHI CORPORATION, et al., | Chapter 11 |
|  | (Jointly Administered) |
| Debtors. | |

---------------------------------------------------------x

# LIMITED OBJECTION TO SUPPLIER AGREEMENT ASSUMPTION PROCEDURES MOTION

Cadillac Rubber & Plastics, Inc., d/b/a Avon Automotive, Hitachi Magnetics Corporation, Pridgeon & Clay, Inc., Trans-Matic Mfg. Co., Inc., and Parkview Metal Products, Inc., each on behalf of itself and its affiliates (each, a "Supplier" and collectively, the "Suppliers"), by their attorneys, Miller Johnson, file this limited objection to the November 18, 2005 motion of Delphi Corporation, *et al* (collectively, the "Debtors") to establish certain assumption procedures with respect to sole source supplier agreements (the "Supplier Agreement Assumption Procedures Motion" or the "Motion")[1], and state as follows:

---

[1] Capitalized terms not otherwise defined in this objection are given their meanings set forth in the Motion.

**Background**

1. On October 8, 2005, the Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code.

2. The Suppliers each supply component parts or other goods or services to certain of the Debtors.[2]

3. Through the Supplier Agreement Assumption Procedures Motion, the Debtors seek to establish certain procedures with respect to the assumption of "sole source" supplier agreements, including the requirement that the non-debtor contract party be bound by certain mandatory provisions as a condition of such assumption, which provisions are, among other things onerous, one-sided, overreaching and unjustified under these circumstances.

**Objection**

4. The Suppliers hereby join and incorporate by reference the numerous other objections to the Motion filed by similarly situated suppliers in order to preserve to the broadest extent permitted and necessary all of the Suppliers' rights, interests and claims under each of their agreements with a Debtor and as a matter of law and equity.

5. The Suppliers do not object to the Motion to the extent the Debtor is seeking approval to negotiate consensual arrangements to assume executory contracts

---

[2] Because Suppliers are represented by the same law firm, for cost and efficiency purposes, Suppliers are filing a joint objection to the Supplier Agreement Assumption Procedures Motion. The filing of this joint objection is not intended to suggest that Suppliers, or any of them, have entered into any agreements or have any understandings among themselves regarding this objection or any other matters, and it is intended that this objection be treated for all purposes as if a separate, identical objection had been filed by each individual Supplier.

that fall within the scope of the Required Minimum Provisions. However, Suppliers object to the Motion to the extent it seeks to bind non-debtor contracting parties such as the Suppliers to unfavorable Assumption Agreements without the affirmative, knowing consent and signed agreement and acknowledgement of the applicable Supplier.[3]

6. Paragraph 23 of the Motion states, in relevant part, that Covered Suppliers could be bound to the terms of an Assumption Agreement even if they do not sign the Assumption Agreement:

> [P]rovided, however, that the Debtors further propose that such Covered Suppliers be conclusively deemed to consent to and be irrevocably bound by the Procedures and each of the Required Minimum Provisions, notwithstanding its failure to enter into an Assumption Agreement, upon its first shipment of Goods to the Debtors following the Assumption Date for the relevant assumed Assumable Agreement and payment of the first installment of the cure.

7. If the Motion is granted, a Supplier would be bound by an Assumption Agreement solely by shipping goods pursuant to its agreement with the Debtor and Debtor's sending Supplier a payment of one-sixth of the proposed 75% cure amount, without regard to whether (a) the Debtor actually served the Supplier with the proposed Assumption Agreement, (b) the proposed notion and Assumption Agreement were received by the appropriate Supplier representative, and (c) the Supplier actually and knowingly agreed to the terms of the Assumption Agreement.

8. In addition, many of the Suppliers are large corporations with complex sales and accounting structures and which, due to their size, could release

---

[3] Any statements made in this objection by any Supplier regarding any agreement between a Supplier and a Debtor for the supply of goods or services, including, without limitation, the agreement's description or legal characterization as an executory contract, or otherwise, are made under a full reservation of rights and shall not constitute an admission for any purpose.

shipments of component parts and receive a single cure payment – and thereby be deemed to have accepted and be bound by the Required Minimum Terms – without the knowledge and acceptance of proper senior management.

9. The Debtors' proposal of deeming acceptance based on continued shipment of Goods puts each Supplier in an untenable situation. Each Supplier, as a non-debtor contracting party, could potentially expose itself to significant damages if it breached an executory contract by refusing to ship goods pursuant to the executory contract. The Debtors have consistently reminded their suppliers of this potential in post-petition correspondence. If a Supplier is forced to stop shipment in order to avoid being deemed to have accepted an Assumption Agreement, it would force the Supplier to either breach the contract or seek emergency relief from the automatic stay to fully protect itself prior to withholding shipment. This approach is just not reasonable.

10. The Suppliers also object to the findings in the proposed Order filed with the Motion, in particular paragraphs B and C, to the extent that they may be deemed to apply to Covered Suppliers which have not entered into an Assumption Agreement.

11. The Suppliers also object to the breadth, scope and enforceability of the mandatory provisions proposed by the Debtors in their Motion as these provisions would impair and adversely impact each of the Suppliers rights and interests as a creditor and non-debtor party to their agreements with the Debtors.

12. Specifically, the Suppliers do not agree, absent the written agreement signed by an authorized officer, among other things:

       (a)    To waive their right to seek assumption of any of their agreements with any of the Debtors;

       (b)    To waive their right to seek adequate assurance of future performance under the Uniform Commercial Code;

       (c)    To accept as cure under Section 365 of the Bankruptcy Code, anything less than all amounts due and owing under any assumed executory contract;

       (d)    To the characterization of any agreement between a Supplier and a Debtor as a "Requirements Contract" or their conversion through the Debtors' proposed assumption process to Requirement Contracts;

       (e)    To the waiver of any right to administrative claim treatment under Section 503 of the Bankruptcy Code or otherwise by virtue of the Debtors' failure to make all cure payments or the subsequent rejection after assumption of any agreements between a Supplier and a Debtor;

       (f)    The mandatory extension of any agreement between a Debtor and a Supplier as a condition of assumption; or

       (g)    To any change in current payment terms by the Debtors under any agreement with a Supplier.

       13.    Except as set forth above, the Suppliers do not object to the entry of an appropriate order approving the Motion.

## **Reservation of Rights**

       14.    Each Supplier reserves all of its rights to raise at the hearing and with respect to any future hearings held in connection with the relief sought in the Debtors' Supplier Agreement Assumption Procedures Motion, as may be amended and/or

supplemented by the Debtors, any objections each Supplier has or may subsequently have with respect to the Motion.

### Notice

15. Notice of this objection has been provided in accordance with the terms of the Notice of Motion for an Order Under 11 U.S.C. §§ 363(b) and 365(a) and Fed. R. Bankr. P. 9019 Approving Procedures to Assume Certain Amended and Restated Sole Source Supplier Agreements.

### Memorandum of Law

16. In light of the limited objection set forth above, the Suppliers respectfully request that they not be required to serve and file a separate memorandum of law under Local Rule 9013-1(b).

WHEREFORE, for the reasons set forth above, the Suppliers request that the Court deny the Supplier Assumption Procedures Motion unless the Motion is modified so that an Assumption Agreement (a) may only be accepted by a non-debtor contracting party by the agreement and acknowledgement of an authorized representative of such non-debtor party and (b) cannot be accepted by performance.

    /s/ Thomas P. Sarb
Thomas P. Sarb (TS8282)
Robert D. Wolford (RE1314)
[Admitted *Pro Hac Vice*]
Business Address:
    Miller Johnson
    250 Monroe Avenue, N.W., Suite 800
    PO Box 306
    Grand Rapids, Michigan  49501-0306
Telephone:  (616) 831-1700
ecfsarbt@millerjohnson.com
ecfwolfordr@millerjohnson.com