OTTERBOURG, STEINDLER, HOUSTON
& ROSEN, P.C.
230 Park Avenue
New York, New York 10169
(212) 661-9100
Scott L. Hazan, Esq. (SH-0650)
Melissa A. Hager, Esq. (MH-0900)

Attorneys for Sony Electronics, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al. | Case No. 05-44481 |
| Debtors. | (Jointly Administered) |

-----------------------------------------------------x

**OBJECTION OF SONY ELECTRONICS, INC. TO MOTION FOR AN ORDER UNDER 11 U.S.C. §§ 363(b) AND 365(a) AND FED. R. BANKR. P. 9019 APPROVING PROCEDURES TO ASSUME CERTAIN AMENDED AND RESTATED SOLE SOURCE SUPPLIER AGREEMENTS AND RESERVATION OF RIGHTS**

Sony Electronics, Inc. ("Sony"), as and for its Objection to the Debtors' Motion for an Order Under 11 U.S.C. §§ 363(b) and 365(a) and Fed. R. Bankr. P. 9019 Approving Procedures to Assume Certain Amended and Restated Sole Source Supplier Agreements (the "Motion"[1]) by its attorneys, Otterbourg, Steindler, Houston & Rosen, P.C., respectfully represents:

1.   Sony is currently a party to various purchase order agreements with the Debtors with respect to the supply of certain products and component parts (the "Sony Agreements").[2]

---

1   Unless otherwise defined, all capitalized terms shall have the meanings ascribed to them in the Motion.
2   Any statements made herein with regard to the Sony Agreements, including, without limitation, their

620671.1

2.   The Motion purports to establish certain procedures for the Debtors to assume executory contracts with certain Covered Suppliers who are sole source suppliers without the requirement that the Debtors obtain prior Bankruptcy Court approval, subject to various terms and conditions, including the requirement that Covered Suppliers be bound by the Required Minimum Provisions and by Delphi's General Terms and Conditions. It is unclear from a review of the Motion whether the Debtors propose to assume the Sony Agreements.

3.   The Motion appears to seek authorization to significantly modify the terms of the Debtors' existing agreements. Moreover, it seems that many of the procedures that the Debtors seek to implement are, among other things, onerous, overreaching and contrary to specific provisions and protections afforded under the Bankruptcy Code. For example, contrary to Section 365(b)(1) of the Bankruptcy Code, in connection with any Assumption Agreement, the Debtors propose to cure up to 75% (not 100%) of the outstanding liabilities of the Debtors under such agreement in six equal installments at the end of each of the next six calendar quarters. (See Motion at ¶ 22, pages 12-13). The Debtors also seek to extend the termination date of the Debtors' agreements with suppliers (e.g., December 31, 2005) for two years regardless of whether the applicable contract allows for such treatment. Additionally, the Debtors seek to have Covered Suppliers "conclusively" deemed to consent to and "irrevocably" bound by (See Motion at ¶ 23, page 14) the Procedures and Required Minimum Provisions if the supplier merely ships goods to the Debtors after the Assumption Date and the Debtors remit the first installment of the Cure regardless of whether such supplier has actual notice of the Assumption Agreement and actually consents to it. Accordingly, the Debtors are seeking to make suppliers, including potentially Sony, irrevocably and involuntary bound to onerous and overreaching assumption provisions pursuant to unilaterally modified and revised agreements

---

description or legal characterizations are made under a full reservation of rights and shall not constitute an admission for any purpose.

620671.1

which agreements, by their own terms have expired and include provisions for which no affirmative consent has been obtained.

4. Sony reserves all of its rights to raise at the hearing and with respect to any future hearings held in connection with the relief sought in the Motion, as it may be amended and/or supplemented by the Debtors, any objections Sony has or may subsequently have with respect the requested relief.

WHEREFORE, Sony respectfully requests that this Court (A) deny the relief requested in the Motion as it may relate to Sony and the Sony Agreements, and (B) grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
November 28, 2005

**OTTERBOURG, STEINDLER,
HOUSTON & ROSEN, P.C.**

By: /S/ Scott L. Hazan
   Scott L. Hazan, Esq. (SH-0650)

230 Park Avenue
New York, NY 10169
(212) 661-9100

Attorneys for Sony Electronics, Inc.

620671.1