UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
    In re    :    Chapter 11
:
DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
:
    Debtors.    :    (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND 1107(b) AUTHORIZING
EMPLOYMENT AND RETENTION OF ERNST & YOUNG LLP AS
SARBANES-OXLEY, VALUATION, AND TAX SERVICES PROVIDERS
TO DEBTORS, EFFECTIVE NUNC PRO TUNC TO OCTOBER 8, 2005

("ERNST & YOUNG RETENTION ORDER")

Upon the application dated November 28, 2005 (the "Application") of Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 327(a), 328(a), and 1107(b) and Fed. R. Bankr. P. 2014 authorizing the employment and retention of Ernst & Young LLP ("E&Y") as Sarbanes-Oxley, valuation, and tax services providers to the Debtors, effective nunc pro tunc to October 8, 2005; and upon the Affidavit of Randall J. Miller, sworn to November 28, 2005, in support of the Application; and upon the record of the hearing held on the Application; and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Application is GRANTED on a final basis.

1

2. Subject to the terms of this Order, the Debtors' employment of E&Y as one of their Sarbanes-Oxley, valuation, and tax services providers pursuant to the terms and conditions of the Application is approved pursuant to sections 327(a), 328(a), and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), effective <u>nunc pro tunc</u> to October 8, 2005.

3. E&Y shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court.

4. All requests of E&Y for payment of indemnity pursuant to the engagement letter attached to the Application as <u>Exhibit A</u> (the "Sarbanes-Oxley Engagement Letter"), the engagement letter attached to the Application as <u>Exhibit B</u> (the "Valuation Engagement Letter"), and the engagement letter attached to the Application as <u>Exhibit D</u> (the "Delphi Tax Engagement Letter," and together with the Sarbanes-Oxley Engagement Letter, the Valuation Engagement Letter, and the Skadden tax engagement letter attached to the Application as <u>Exhibit C</u>, the "Engagement Letters") shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Sarbanes-Oxley, Valuation, and Delphi Tax Engagement Letters and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, <u>provided</u>, <u>however</u>, that in no event shall E&Y be indemnified for its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

    5. That in no event shall E&Y be indemnified for a claim that a court determines by final order to have arisen out of E&Y's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

    6. That in the event that E&Y seeks reimbursement for attorneys' fees from the Debtors pursuant to the Sarbanes-Oxley, Valuation, or Delphi Tax Engagement Letters, the invoices and supporting time records from such attorneys shall be included in E&Y's own applications (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

    7. To the extent this Order is inconsistent with the Engagement Letters, this Order shall govern.

    8. With the exception of E&Y, the Ernst & Young Global Limited member firms providing services under the Engagement Letters shall be permitted to use category codes to describe the time spent on services rendered, rather than the more detailed descriptions usually required for fee applications.

    9. Any outstanding balance or balances owed by the Debtors to E&Y for prepetition services rendered and expenses incurred by E&Y that are not satisfied by overpayments made by the Debtors to E&Y, on or before July 1, 2005, hereby are deemed waived, and E&Y shall not have a claim for any such outstanding balance or balances.

10. Any fees and expenses incurred by E&Y in the course of its retention will be compensated in accordance with the fee guidelines established by this Court and the Office of the United States Trustee.

11. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

12. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:   New York, New York
         December __, 2005

 

_____
UNITED STATES BANKRUPTCY JUDGE