**HEARING DATE: January 5, 2006 at 10:00 a.m.**
**RESPONSE DEADLINE: December 30, 2005 at 4:00 p.m.**

LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (admitted *pro hac vice*)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
          mitchell.seider@lw.com
          mark.broude@lw.com

Proposed attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, <u>et al.</u>, | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF HEARING ON APPLICATION OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF ORDER
PURSUANT TO 11 U.S.C. § 328(a), 1103(A) AND 1103(B), FED. R. BANKR. P.
2014(a) AND 2016, AND S.D.N.Y. LBR 2014-1 AUTHORIZING EMPLOYMENT
AND RETENTION OF MESIROW FINANCIAL CONSULTING, LLC AS ITS
FINANCIAL ADVISORS N<u>UNC PRO TUNC</u> TO OCTOBER 19, 2005**

PLEASE TAKE NOTICE that a hearing (the "Hearing") on the Application of the

Official Committee of Unsecured Creditors for Entry of Order Pursuant to 11 U.S.C. § 328(a),

1103 (A) and 1103 (b), Fed. R. Bankr. P. 2014(a) and 2016, and S.D.N.Y 2014-1 Authorizing

Employment and Retention of Mesirow Financial Consulting, LLC as its Financial Advisors

Nunc Pro Tunc to October 19, 2005, (the "Application"), filed by the Official Committee of

Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Delphi Corporation,

et al. (collectively, the "Debtors"), will be held before the Honorable Robert D. Drain on January

5, 2006 at 10:00 a.m. (Eastern Time), or as soon thereafter as counsel may be heard, in the

United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton

Customs House, One Bowling Green, New York, 10004-1408 (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that responses or objections to the Application, if

any, must comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of the

Bankruptcy Court, must be set forth in writing describing the basis therefore, and must be filed

with the Bankruptcy Court electronically in accordance with General Order M-242, as amended

by General Order M-269, by registered users of the Court's electronic case filing system (the

Users' Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov,

the official website for the Bankruptcy Court) and, by all other parties in interest, on a 3-1/2 inch

computer diskette, preferably in Portable Document Format (PDF), or in any other Windows-

based word processing format (with a hard copy delivered directly to Chambers).  Any such

responses or objections must be served in accordance with the Order Under 11 U.S.C. §§ 102(1)

and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007 and 9014 Establishing (I) Omnibus Hearing

Dates, (II) Certain Notice, Case Management, and Administrative Procedures, and (III)

Scheduling an Initial Case Conference in Accordance with Local Bankr. R. 1007-2(e), entered by

the Court in these cases on October 14, 2005, upon each of the following: (i) proposed counsel to

the Committee, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, Attn.:

Robert J. Rosenberg; (ii) the Office of the United States Trustee for the Southern District of New

York, 33 Whitehall Street, 21st Floor, New York, New York  10004, Attn.: Alicia M. Leonard;

(iii) counsel to the Debtors, Skadden, Arps, Slate & Meagher & Flom LLP, 333 West Wacker

Drive, Suite 2100, Chicago, Illinois 60606, Attn.: John Wm. Butler Jr., (iv) special counsel to the

Debtors, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022, Attn.:

Douglas Bartner, (v) counsel for the agent under the Debtors' prepetition credit facility, Simpson

Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017, Attn.: Marissa Wesley,

(v) counsel for the agent under the Debtors' proposed postpetition credit facility, Davis Polk &

Wardell, 450 Lexington Avenue, New York, NY 10017, Attn.: Marlane Melican, and (vi)

counsel for Mesirow Financial Consulting, LLC, Greenberg Traurig LLP, 77 West Wacker

Drive, Suite 2500, Chicago, Illinois 60601, Attn: Nancy A. Peterman, in each case so as to be

received no later than 4:00 p.m. (prevailing Eastern Time) on December 30, 2005 (the

"Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections made in writing and

timely filed and received by the Objection Deadline will be considered by the Bankruptcy Court

during the Hearing.  If no objections to the Application are timely filed and served in accordance

with the procedures set forth herein, the Bankruptcy Court may enter a final order granting the

Application without further notice.

Dated:  November 28, 2005
New York, New York

**LATHAM & WATKINS LLP**

By:  /s/ Robert J. Rosenberg
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (admitted *pro hac vice*)
Mark A. Broude (MB-1902)
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone:  (212) 906-1200

Proposed attorneys for the Official Committee of
Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK (Manhattan)

| | | |
|---|---|---|
| In re: | ) | **Case No. 05-44481 (RDD)** |
| | ) | **(Jointly Administered)** |
| **Delphi Corporation,** *et al.*, | ) | |
| | ) | **Chapter 11** |
| | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |

## APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MESIROW FINANCIAL CONSULTING, LLC AS ITS FINANCIAL ADVISORS *NUNC PRO TUNC* TO OCTOBER 19, 2005

The Official Committee of Unsecured Creditors (the "Committee") appointed in the

Chapter 11 cases of Delphi Corporation ("Delphi") and certain of its subsidiaries,

debtors and debtors-in-possession herein (collectively, the "Debtors"),[1] submits this

application (the "Application") for entry of an order, pursuant to sections 328,

1103(a) and 1103(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330,

as amended (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local

---

[1] In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holdings Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), authorizing the retention and employment of Mesirow Financial Consulting, LLC ("MFC"), as financial advisors to the Committee *nunc pro tunc* to October 19, 2005. In support of this Application, the Committee relies upon the affidavit of Larry Lattig (the "Lattig Affidavit"), which is attached hereto as Exhibit A and incorporated herein by reference, and respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2). Venue of the Debtors' Chapter 11 cases and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 328, 1103(a) and 1103(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016 and 5002 and Local Bankruptcy Rule 2014-1.

### BACKGROUND

3. On October 8, 2005 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. On October 17, 2005, the Office of the United States Trustee appointed the following creditors as members of the Committee: Electronic Data Systems Corp.; General Electric Company; Flextronics International Asia-Pacific, Ltd. represented by Flextronics International USA, Inc.; IUE-CWA; Capital Research and Management Company; Wilmington Trust Company, as Indenture Trustee; and Freescale Semiconductor, Inc.

5.  On October 18, 2005, the Committee requested presentations from several potential financial advisors and after such presentations, due deliberation and a vote, decided to retain MFC as its financial advisors in these Chapter 11 cases.

## RELIEF REQUESTED

6.  By this Application, the Committee requests authorization to retain and employ MFC as its financial advisors in these Chapter 11 cases.   Specifically, the Committee respectfully requests entry of an order pursuant to sections 328, 1103(a) and 1103(b) of the Bankruptcy Code authorizing MFC to perform those financial advisory services that will be necessary during these Chapter 11 cases as more fully described below.

## SERVICES TO BE RENDERED

7.  If the Application is approved, MFC will provide financial advisory services and other related services as may be requested by the Committee, that will include the following:

   (i)    Assisting in the review of reports or filings as required by the Bankruptcy Court or the Office of the United States Trustee, including, but not limited to, schedules of assets and liabilities, statements of financial affairs and monthly operating reports;

   (ii)    Reviewing the Debtors' financial information, including, but not limited to, analyses of cash receipts and disbursements, financial statement items and proposed transactions for which Bankruptcy Court approval is sought or may be sought;

3

(iii)    Reviewing and analyzing the reporting regarding cash collateral and debtor-in-possession financing arrangements and budgets, including changes in the collateral base and impact on availability;

(iv)    Assisting with identifying, analyzing and evaluating potential cost containment and liquidity enhancement opportunities;

(v)    Reviewing and analyzing the Debtors' proposed business plans and the business and financial condition of the Debtors generally, including but not limited to:

   a)  Reviewing, analyzing and assessing the Debtors' global network in terms of operational viability and optimal utilization of assets;

   b)  Reviewing and critiquing the Debtors' financial projections and assumptions;

   c)  Assisting with identifying and analyzing potential operational improvement and facility utilization;

   d)  Analyzing assumption and rejection issues regarding executory contracts and leases;

   e)  Analyzing relationships with major customers;

   f)  Analyzing labor and labor-related costs relative to section 1113 and 1114 activities;

   g)  Analyzing the impact of negotiations and potential resolution of issues with General Motors Corporation;

   h)  Analyzing proposed plant closures and asset sales;

   i)  Analyzing the Debtors' financial results as compared to projected results;

(vi)    Assisting in evaluating the viability of reorganization strategies and alternatives available to the creditors;

(vii)   Analyzing enterprise, asset and liquidation values;

(viii)  Advising and assisting on tax related matters including, but not limited to, consequences of proposed plans of reorganization;

(ix)    Assisting with the claims resolution procedures, including, but not limited to, analyzing creditors' claims by type and entity;

(x)     Assisting with the review of any financial information provided in connection with the plan and disclosure statement;

(xi)    Advising and assisting the Committee and, where appropriate, participating in or attending negotiations and meetings with the Debtors and other parties-in-interest;

(xii)   Providing litigation consulting services and expert witness testimony regarding confirmation issues, avoidance actions, claims issues or any other matters as deemed appropriate by the Committee; and

(xiii)  Performing such other functions as requested by the Committee or its counsel to assist the Committee in these Chapter 11 cases.

8.  Subject to this Court's approval of the Application, MFC is willing to serve as the Committee's financial advisors and to perform the services described above.

9.  In order to perform these services in a cost-effective manner, MFC will endeavor when possible to work with the retained professionals in these cases so as to avoid duplicating work or creating unnecessary work. The Committee is also seeking to retain Jefferies & Company ("Jefferies") to provide financial advisory services complementary to those provided by MFC. Representatives of MFC and Jefferies will meet to address an appropriate and efficient division of responsibilities.

MFC recognizes that it is difficult to predict how these complex cases will proceed, but will undertake to coordinate all of its services to the Committee in order to minimize, wherever possible, any unnecessary duplication of services and any potential burden on the Debtors and their professional advisors.

## QUALIFICATIONS OF PROFESSIONALS

10. The Committee has selected MFC as its financial advisors because of the firm's diverse experience and extensive knowledge in the field of bankruptcy.

11. The Committee needs assistance in collecting and analyzing financial and other information in relation to the Chapter 11 cases. MFC has considerable experience with rendering such services to committees and other parties in numerous Chapter 11 cases. As such, MFC is qualified to perform the work required in these cases.

## DISINTERESTEDNESS OF PROFESSIONALS

12. To the best of the Committee's knowledge and based upon the Lattig Affidavit, MFC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

13. To the best of the Committee's knowledge and based upon the Lattig Affidavit, MFC does not hold or represent an interest adverse to the estates that would impair MFC's ability to objectively perform professional services for the Committee, in accordance with section 1103(b) of the Bankruptcy Code.

14. To the best of the Committee's knowledge and based upon the Lattig Affidavit, (1) MFC's connections with the Debtors, creditors, any other party in interest, or their respective attorneys are disclosed at Exhibit B to the Lattig Affidavit or elsewhere herein; and (2) the MFC staff and professionals working on this matter are not relatives of the United States Trustee of the Southern District of New York

or of any known employee in the office thereof, or any United States Bankruptcy

Judge of the Southern District of New York.

15. MFC has not provided, and will not provide, professional services to the Debtors,

any specific creditors, other parties-in-interest, or their attorneys with regard to

any matter related to these Chapter 11 cases.

## PROFESSIONAL COMPENSATION

16. MFC's requested compensation for professional services rendered to the

Committee will be based upon the hours actually expended by each assigned staff

member at each staff member's hourly billing rate. The Committee has agreed to

compensate MFC for professional services rendered at its normal and customary

hourly rates.

17. In the normal course of business, MFC revises its hourly rates on April 1 of each

year. MFC requests that the rates listed below be revised to the hourly rates that

will be in effect at such time. The customary hourly rates for financial advisory

services to be rendered by MFC and applicable herein are as follows:

| | |
|---|---|
| Senior Managing Directors/Managing Directors | $590 - $650 |
| Senior Vice Presidents | $480 - $570 |
| Vice Presidents | $390 - $450 |
| Senior Associates | $300 - $360 |
| Associates | $190 - $270 |
| Paraprofessionals | $140 |

18. MFC will also seek reimbursement for necessary expenses incurred, which shall

include travel, photocopying, delivery service, postage, vendor charges and other

out-of-pocket expenses incurred in providing professional services.

19. MFC intends to apply to the Court for the allowance of compensation for

professional services rendered and reimbursement of expenses incurred in

accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. MFC has agreed to accept as compensation such sums as may be allowed by the Court. MFC understands that interim and final fee awards are subject to approval by this Court.

## *NUNC PRO TUNC* RELIEF REQUESTED

20. Pursuant to the Committee's request and due to exigent circumstances, MFC commenced this engagement immediately and with assurances that the Committee would seek approval of its employment *nunc pro tunc* to October 19, 2005.

21. Based upon the foregoing, the Committee submits that cause exists to authorize the retention of MFC *nunc pro tunc* to October 19, 2005.

## INDEMNIFICATION

22. By this Application, the Committee requests that the Debtors and their estates agree to indemnify MFC, upon those terms set forth in the Lattig Affidavit.

## NOTICE

23. Notice of this Application and a true and accurate copy of the Application have been provided by overnight delivery to all parties identified on the Master Service List, as defined by the Case Management Order dated October 14, 2005. The Master Service List includes (i) the Debtors and their Counsel; (ii) the Office of the United States Trustee; (iii) the members and proposed counsel for the Committee; (iv) counsel for the Agent under the Debtors' prepetition credit facility; (v) counsel for the Agents under the Debtors' proposed postpetition credit facility; and (vi) those parties added to the Master Service List as of November

8

22, 2005.  Notice of the Application has also been provided to each of the parties

identified as "2002 List Parties" as defined by the Case Management Order.

24. No previous request for the relief sought herein has been made to this or any other

Court.

## MEMORANDUM OF LAW

25. Because the legal points and authorities upon which this Application relies are

incorporated herein, the Committee respectfully requests that the requirement of the

service and filing of a separate memorandum of law under Local Rule 9013-1(b) be

deemed satisfied.

WHEREFORE, the Committee respectfully requests that the Court enter an Order,

substantially in the form attached hereto, (i) granting this Application, (ii) authorizing

the Committee to retain and employ MFC as its financial advisors *nunc pro tunc* as of

October 19, 2005 to perform the services set forth herein, (iii) approving the terms of

the indemnification; and (iv) granting such other and further relief as is just and

proper.

Dated: November 28, 2005

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
DELPHI CORPORATION, et al.

By: /s/ Terry Zale
Terry Zale
Co-Chairperson of the Committee


By: /s/ David Daigle
David Daigle
Co-Chairperson of the Committee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK (Manhattan)

| | | |
|---|---|---|
| In re: | ) | Case No. 05-44481 (RDD) |
| | ) | (Jointly Administered) |
| Delphi Corporation, *et al.*, | ) | |
| | ) | |
| | ) | Chapter 11 |
| | ) | |
| | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |

**AFFIDAVIT OF LARRY LATTIG IN SUPPORT OF THE APPLICATION FOR ENTRY OF ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MESIROW FINANCIAL CONSULTING, LLC AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO OCTOBER 19, 2005**

State of New York    )
                     ) ss:
County of New York  )

I, Larry Lattig being duly sworn, depose and say:

1. I am a Senior Managing Director of Mesirow Financial Consulting, LLC ("MFC"), a professional services firm engaged in the business of providing financial advisory and related professional consulting services. MFC is a wholly-owned subsidiary of Mesirow Financial Holdings, Inc., a diversified financial services firm which also offers services in investment management, insurance services, investment services, investment banking and real estate (collectively "Mesirow Financial"). I submit this

affidavit on behalf of MFC in support of the application (the "Application")[1] of the

Official Committee of Unsecured Creditors (the "Committee") appointed in the

Chapter 11 cases of Delphi Corporation and certain of its subsidiaries,[2] debtors and

debtors-in-possession herein (collectively, the "Debtors"), for entry of an Order,

pursuant to sections 328, 1103(a) and 1103(b) of the United States Bankruptcy Code,

11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), Rules 2014(a) and

2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and

Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court

for the Southern District of New York (the "Local Bankruptcy Rules"), authorizing

the employment and retention of MFC as financial advisors to the Committee *nunc*

*pro tunc* to October 19, 2005. I have personal knowledge of the matters set forth

herein, and if called as a witness, would testify competently thereto.[3]

---

[1]    Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the Application.

[2]    In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holdings Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

[3]    Certain of the disclosures herein relate to matters within the knowledge of other professionals at MFC.

## QUALIFICATIONS OF PROFESSIONALS

2.  MFC is a firm offering financial advisory services to financially distressed and troubled companies.

3.  The Committee has selected MFC as its financial advisors because of the firm's diverse experience and extensive knowledge in the field of bankruptcy.

4.  The Committee needs assistance in collecting and analyzing financial and other information in relation to the Chapter 11 cases.  The professionals of MFC have considerable experience with rendering such services to committees and other parties in numerous Chapter 11 cases.  As such, MFC is qualified to perform the work required in these cases.

## SERVICES TO BE RENDERED

5.  If the Application is approved, MFC will provide financial advisory services and other related services as may be requested by the Committee, that will include the following:

   a.  Assisting in the review of reports or filings as required by the Bankruptcy Court or the Office of the United States Trustee, including, but not limited to, schedules of assets and liabilities, statements of financial affairs and monthly operating reports;

   b.  Reviewing the Debtors' financial information, including, but not limited to, analyses of cash receipts and disbursements, financial statement items and proposed transactions for which Bankruptcy Court approval is sought or may be sought;

3

c. Reviewing and analyzing the reporting regarding cash collateral and debtor-in-possession financing arrangements and budgets, including changes in the collateral base and impact on availability;

d. Assisting with identifying, analyzing and evaluating potential cost containment and liquidity enhancement opportunities;

e. Reviewing and analyzing the Debtors' proposed business plans and the business and financial condition of the Debtors generally, including but not limited to:

   i. Reviewing, analyzing and assessing the Debtors' global network in terms of operational viability and optimal utilization of assets;

   ii. Reviewing and critiquing the Debtors' financial projections and assumptions;

   iii. Assisting with identifying and analyzing potential operational improvement and facility utilization;

   iv. Analyzing assumption and rejection issues regarding executory contracts and leases;

   v. Analyzing relationships with major customers;

   vi. Analyzing labor and labor-related costs relative to section 1113 and 1114 activities;

   vii. Analyzing the impact of negotiations and potential resolution of issues with General Motors Corporation;

   viii. Analyzing proposed plant closures and asset sales;

   ix. Analyzing the Debtors' financial results as compared to projected results;

4

f.  Assisting in evaluating the viability of reorganization strategies and alternatives available to the creditors;

g.  Analyzing enterprise, asset and liquidation values;

h.  Advising and assisting on tax related matters including, but not limited to, consequences of proposed plans of reorganization;

i.  Assisting with the claims resolution procedures, including, but not limited to, analyzing creditors' claims by type and entity;

j.  Assisting with the review of any financial information provided in connection with the plan and disclosure statement;

k.  Advising and assisting the Committee and, where appropriate, participating in or attending negotiations and meetings with the Debtors and other parties-in-interest;

l.  Providing litigation consulting services and expert witness testimony regarding confirmation issues, avoidance actions, claims issues or any other matters as deemed appropriate by the Committee; and

m.  Performing such other functions as requested by the Committee or its counsel to assist the Committee in these Chapter 11 cases.

6.  Subject to this Court's approval of the Application, MFC is willing to serve as the Committee's financial advisors and to perform the services described above.

7.  In order to perform these services in a cost-effective manner, MFC will endeavor when possible to work with the retained professionals in these cases so as to avoid duplicating work or creating unnecessary work. The Committee is also seeking to retain Jefferies & Company ("Jefferies") to provide financial advisory services complementary to those provided by MFC. Representatives of MFC and Jefferies

will meet to address an appropriate and efficient division of responsibilities.  MFC

recognizes that it is difficult to predict how these complex cases will proceed, but will

undertake to coordinate all of their services to Committee in order to minimize,

wherever possible, any unnecessary duplication of services and any potential burden

on the Debtors and their professional advisors.

## DISINTERESTEDNESS OF PROFESSIONALS

8. Based upon information supplied by the Debtors, MFC searched its records and

certain records of Mesirow Financial[4] to identify any connection or relationship with

the following categories of entities, all as specifically set forth on Exhibit A, which is

attached hereto and incorporated herein by reference:

a.  the Debtors and their subsidiaries and affiliates;

b.  the Debtors' directors from August 2004 to the present;

c.  the Debtors' senior executive officers from August 2004 to the Present;

d.  certain employee related creditors, including unions, pension plans and trustees
    and administrators of benefit plans;

e.  Professionals involved in these cases;

f.  Significant insurance related parties;

g.  Significant customers and vendors;

h.  Significant holders of secured debt (and parties related thereto);

i.  Significant holders of unsecured debt (and parties related thereto);

j.  Investment bankers and potential debtor-in-possession and

---

[4]    MFC does not intend to suggest that Bankruptcy Rule 2014 requires that a professional seeking retention under the Bankruptcy Code must disclose any connections that an *affiliate* of the professional may have to the creditors or other parties-in-interest in the bankruptcy case.  Rather, out of an abundance of caution, MFC has searched certain portions of Mesirow Financials database and made appropriate disclosures of relationships, with the exception of those relationships described herein.

k.  Indenture trustees.

9. Based upon the database search described above, MFC does not represent any other entity having an adverse interest in connection with these cases, and does not represent or hold an interest adverse to the interests of the estates with respect to the matters on which MFC will be employed, in accordance with section 328(c) and 1103(b) of the Bankruptcy Code.

10. MFC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, given that, to the best of my information and belief, MFC:

a.  is not a creditor, an equity security holder, or an insider of the Debtors;

b.  is not and was not an investment banker for any outstanding security of the Debtors;

c.  has not been within three years before the commencement of these Chapter 11 cases, an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of a security of the Debtors;

d.  is not and was not, within two years before the commencement of these Chapter 11 cases, a director, officer or employee of the Debtors or of an investment banker specified in (b) or (c) above; and

e.  does not have an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker specified in (b) or (c) above, or for any other reason.

11. To the best of my knowledge, except as set forth herein and in Exhibit B, which is attached hereto and incorporated herein by reference, and subject to the limitations discussed herein (a) MFC has no connections with the Debtors, creditors, or any other party-in-interest, or their respective attorneys and accountants; and (b) the MFC professionals working on this matter are not relatives of the United States Trustee of

7

the Southern District of New York or of any known employee in the office thereof, or

any United States Bankruptcy Judge of the Southern District of New York.

12. MFC, and in some cases Mesirow Financial, has in the past been retained by, and

presently and likely in the future will provide services for, certain creditors of the

Debtors, other parties-in-interest, and their respective attorneys and accountants in

matters unrelated to such parties' claims against the Debtors or interests in these

Chapter 11 cases. MFC currently performs or has previously performed such services

for the entities listed in Exhibit B.

13. As part of its practice, MFC appears in many cases, proceedings, and transactions

involving many different law firms, financial consultants, and investment bankers in

matters unrelated to this bankruptcy. MFC has not identified any material

relationships or connections with any law firm, financial consultant or investment

banker involved in these Chapter 11 cases that would cause it to be adverse to the

Debtors, the Debtors' estates, any creditor or any other party-in-interest, or that would

otherwise affect MFC's judgment or ability to perform services for the Committee.

14. MFC has not received any payments from the Debtors and is not a prepetition creditor

of the Debtors.

15. MFC has not provided, and will not provide, any professional services to the Debtors,

any specific creditors, other parties-in-interest, or their respective attorneys and

accountants with regard to any matter related to these Chapter 11 cases.

16. Mesirow Financial Services, Inc. participated in the sale of 8.25% Cumulative

Preferred Trust Securities of Delphi Trust 1 (the "Trust Securities") in 2003; Delphi

Trust 1 is a Delaware statutory trust that is a variable purpose entity whose primary

8

beneficiaries are the holders of the Trust Securities, not the Debtor(s). The financial statements of Delphi Trust 1 were not consolidated into the financial statements of the Debtors and the Trust is not a debtor in these proceedings. Mesirow Financial Services, Inc. did not act as an investment banker in any capacity for these Debtors including, but not limited to, the issuance, offer or sale of a security of these Debtors.

## ETHICAL WALL AND TRADING WALL PROCEDURES

17. Mesirow Financial has established an "Ethical Wall" between MFC and the other subsidiaries, divisions and units of Mesirow Financial. The Ethical Wall prohibits MFC from sharing confidential or non-public information concerning the Debtors and these cases with any other employees of Mesirow Financial. Likewise, the Ethical Wall prohibits any employees of Mesirow Financial from sharing confidential or non-public information concerning the Debtors and these cases with any employee of MFC. Mesirow Financial and MFC have informed all employees of the Ethical Wall procedures.

18. In addition to the Ethical Wall, Mesirow Financial has also established a "Trading Wall". In the ordinary course of business, Mesirow Financial, Inc. ("MFI"), Mesirow Financial's affiliated broker-dealer, may purchase or sell securities on a principal or agency basis. MFI also executes securities transactions on behalf of clients of introducing broker-dealers or unaffiliated investment advisors.[5] In the ordinary course of business, Mesirow Financial's affiliated investment advisor subsidiaries,

together with MFI (collectively, the "Mesirow BD/IA Subsidiaries"), may purchase securities, sell securities and/or provide investment advice to retail or institutional clients on a non-discretionary or discretionary basis. The securities transacted by the Mesirow BD/IA Subsidiaries may include securities issued by the Debtors, creditors, stakeholders or other parties-in-interest in these cases ("Related Securities").

19. Mesirow Financial has implemented certain "Trading Wall" procedures to ensure that information concerning transactions by the Mesirow BD/IA Subsidiaries in Related Securities, as well as other securities transactions by the Mesirow BD/IA Subsidiaries, will not be available to the employees of MFC. These Trading Wall procedures also permit the Mesirow BD/IA Subsidiaries to act in the best interest of their clients and in accordance with securities laws. The Mesirow BD/IA Subsidiaries are operated as separate and distinct subsidiaries from MFC. Mesirow Financial has informed the employees of the Mesirow BD/IA Subsidiaries and MFC of the Trading Wall procedures.

## INDEMNIFICATION

20. The Committee has agreed to seek a court order requiring that the Debtors and their estates indemnify, defend and hold harmless MFC from and against any and all liabilities suffered by or asserted against MFC in connection with or in any way related to MFC's engagement with the Committee; provided that in no event shall MFC be indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

---

[5]    MFI provides clearing services for introducing broker-dealers as well as custodial and execution services for unaffiliated investment advisors. In connection with these services, all investment decisions occur between the introducing broker-dealer and unaffiliated investment advisor and their respective clients.

21. MFC agrees that the above indemnification shall be modified as follows:

    a.   all requests of MFC for indemnification shall be made by means of an application (interim or final as the case may be) filed with this Court;

    b.   all requests by MFC for indemnification by the Debtors and their estates shall be subject to review by the Court to ensure that payment of such indemnification amounts conforms to the terms of any Order approving this indemnification and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought;

    c.   in no event shall MFC be indemnified if the Committee or a representative of the Committee, asserts a claim for, and a court determines by final order that such claim arose out of, MFC's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct; and

    d.   in the event that MFC seeks reimbursement for attorneys' fees from the Debtors' estate under the indemnification, which shall be permitted, the invoices and supporting time records from such attorneys shall be included in MFC's own applications (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under any provision of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

## PROFESSIONAL COMPENSATION

22. MFC's requested compensation for professional services rendered to the Committee will be based upon the hours actually expended by each assigned staff member at each staff member's hourly billing rate. The Committee has agreed to compensate MFC for professional services rendered at its normal and customary hourly rates.

23. The rates included in this Affidavit are MFC's normal and customary rates for matters of this sort. In the normal course of business, MFC revises its hourly rates on April 1 of each year. MFC requests that the rates listed below be revised to the hourly rates that will be in effect at the time the services are rendered. The normal and customary hourly rates for the services to be rendered by MFC are as follows:

| Level | Rates |
|---|---|
| Senior Managing Director and Managing Director | $590 - $650 |
| Senior Vice-President | $480 - $570 |
| Vice President | $390 - $450 |
| Senior Associate | $300 - $360 |
| Associate | $190 - $270 |
| Paraprofessional | $140 |

24. MFC will also seek reimbursement for necessary expenses incurred, which shall include travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

25. MFC intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any orders of the Court. MFC has agreed to accept as

12

compensation such sums as may be allowed by the Court.  MFC understands that interim and final fee awards are subject to approval by this Court.

26. In accordance with section 504 of the Bankruptcy Code, I hereby state that there is no agreement or understanding between MFC and any other entity for the sharing of compensation received or to be received for services rendered in connection with these cases.

27. This affidavit is provided in accordance with section 328(c) and 1103(b) of the Bankruptcy Code and Bankruptcy Rule 2014(a).

28. I have read the Application, and, to the best of my knowledge, information and belief, the contents of said Application are true and correct.

Larry Lattig
Senior Managing Director
Mesirow Financial Consulting, LLC
666 Third Ave, 21st Floor
New York, New York 10017

Sworn to and subscribed before me this 17th
day of November, 2005

Notary Public

JARED EBER
NOTARY PUBLIC, State of New York
No. 01EB6132929
Qualified in New York County
Commission Expires Sept. 19, 2009

State of  NY

County of  NY

13

## EXHIBIT A

This information is being provided in connection with the Affidavit of Larry Lattig in support the Application for Order Authorizing the Employment and Retention of Mesirow Financial Consulting, LLC as Financial Advisors to the Official Committee of Unsecured Creditors. The following names were compared to Mesirow Financial Consulting LLC's client data base and certain portions of Mesirow Financial Holdings, Inc.'s client database to identify any connection or relationship:

a. **Debtors, Affiliates and Subsidiaries**

Delphi Corporation

ASEC Manufacturing General Partnership
ASEC Sales General Partnership
Aspire, Inc.
Delco Electronics Overseas Corporation
Delphi Automotive Systems (Holding), Inc.
Delphi Automotive Systems Global (Holding), Inc.
Delphi Automotive Systems Human Resources LLC
Delphi Automotive Systems International, Inc.
Delphi Automotive Systems Korea, Inc.
Delphi Automotive Systems LLC
Delphi Automotive Systems Overseas Corporation
Delphi Automotive Systems Risk Management Corp.
Delphi Automotive Systems Services LLC
Delphi Automotive Systems Tennessee, Inc.
Delphi Automotive Systems Thailand, Inc.
Delphi China LLC
Delphi Connection Systems
Delphi Diesel Systems Corp.
Delphi Electronics (Holding) LLC

Delphi Foreign Sales Corporation
Delphi Integrated Service Solutions, Inc.
Delphi International Holdings Corp.
Delphi International Services, Inc.
Delphi Liquidation Holding Company
Delphi LLC, Delphi Mechatronic Systems, Inc.
Delphi Medical Systems Colorado Corporation
Delphi Medical Systems Corporation
Delphi Medical Systems Texas Corporation
Delphi NY Holdings Corporation
Delphi Services Holding Corporation
Delphi Technologies, Inc.
DREAL, Inc.
Environmental Catalysts, LLC
Exhaust Systems Corporation
Packard Hughes Interconnect Company
Specialty Electronics, Inc.
Specialty Electronics International Ltd.

b. **Non filing entities**
Delphi Trust I
Delphi Trust II
Delphi Trust III
Delphi Trust IV
InPlay Technologies, Inc.
EnerDel, Inc.
Delphi Receivables, LLC
Delphi Furukawa Wiring Systems LLC
Delphi Automotive Systems-Ashimori LLC
MobileAria, Inc.
PBR Knoxville LLC
SpaceForm, Inc.
HE Microwave LLC
Delphi Foundation, Inc.

c.      **Directors (August 2004- Present)**

Sheehan, John, D
Miller, Robert, S
Dellinger, Robert, J
Sherbin, David, M
Brust, Robert, H
Colbert, Virgis, W
Neto, Oscar, Paula, Bernardes

Farr, David, N
Gottschalk, Bernd
Irimajiri, Shoichiro
Naylor, Craig, G
O'Neal, Rodney
Opie, John, D

g.   **Senior Executive Officers (August 2004 – Present)**

Edward H. Bastian
Gary L. Beck
Fred Buttrell
Anthony N. Charaf
Paulette Corbin
Richard W. Cordell
Vicki B. Escarra
Gerald Grinstein
Hank Halter
Glen W. Hauenstein
Todd G. Helvie

Brian Leinbach
Joseph C. Kolshak
Lee A. Macenczak
Paul G. Matsen
Michael J. Palumbo
Gregory L. Riggs
Thomas J. Slocum
Ray Valeika
James M. Whitehurst
D. Scott Yohe

h.   **Significant Employee Related Parties (including unions, pension plan trustees and administrators of benefit plans)**

International Association of Electronic, Electrical,
    Salaried Machine and Furniture Workers-
    Communication Workers of America

Pension Benefit Guaranty Corporation
United Auto Workers
United Steel Workers

i.   **Significant Professionals**

FTI Consulting Inc.
Groom Law Group Chartered
Kurtzman Carson Consultants LLC
O'Melveny & Myers LLP
Rothschild Inc.
Shearman & Sterling LLP
Skadden, Arps, Slate, Meagher & Flom LLP
Togut Segal & Segal LLP

l.   **Significant Customers and Vendors**

Alps Automotive
American Axle & Manufacturing Inc.
Applied Bio Systems
Automcam Corporation
Aw Transmission Engineering Aisin Seiki Co Ltd.
Cataler North America Corp.

DMB 2 Canada Corporation
Engelhard Corporation
Flextronics Internation Asia Pacific
Freescale Semiconductor Inc.
Fujitsu Ten Corporation
Futaba Corp of America
General Motors Corporation
Hitachi Chemical Asia Pacific

HSS LLC
Infineon Technologies
ISI of Indiana Inc.
Methode Electronics Inc.
Molex Inc.
Murata Electronics North
NEC Electronics Inc.
Niles USA Inc.
Olin Corp.
Panasonic Automotive
PBR Automotive USA Pacific Group Ltd.
Pechiney Rolled Products
Philips Semiconductors
Pioneer Automotive Electronics Sales Inc.
Pioneer Industrial Components
Robert Bosch Corporation
Semiconductor Components
SGS Thompson

Sharp Electronic Corp.
Siemens Automotive Ltd.
Solectron De Mexico SA de CV
General Motors Corporation
Hitachi Chemical Asia Pacific
HSS LLC
Infineon Technologies
ISI of Indiana Inc.
TDK Corporation of America
Texas Instruments Inc.
TI Group Automotive Systems
Timken Company
Traxle Manufacturing Ltd.
TRW Automotive
Tyco Electronics Corp.
Victory Packaging
Waupaca Foundry Inc.

n.   **Significant Holders of Unsecured Debt (and Parties Related Thereto)**

Dodge & Cox
Capital Research & Management Company
State Street Global Advisors

Brandes Investment Partners LLC

o.   **Significant Banking Relationships (including investment banks, potential DIP Lenders)**

Citibank, N.A.

J.P. Morgan Securities

r.   **Trustees**

**Indenture Trustees**

Law Debenture Trust Company of New York

**Designated Trustees of Unsecured Debt**
Wilmington Trust Company

———————————————

**EXHIBIT B**

This information is being provided in connection with the Affidavit of Larry Lattig in support the Application for Order Authorizing the Employment and Retention of Mesirow Financial Consulting, LLC as Financial Advisors to the Official Committee of Unsecured Creditors.  Mesirow Financial Consulting, LLC or one of its affiliates currently renders or has previously rendered services in matters unrelated to these Chapter 11 cases for the following entities:

| Counterparty | Mesirow Entity/Relationship |
| --- | --- |
| Dodge and Cox | Institutional markets – Fixed Income |
| State Street Associates LLC | Mesirow Financial Insurance and Real Estate |
| State Street Global Advisors | Institutional markets – Fixed Income |
| State Street Capital Markets LLC | Institutional markets – Fixed Income |
| State Street Bank & Trust Co | Listed Equity client |
| Wilmington Trust Company | Mesirow Financial Insurance and Public Finance |
| Capital Research and Management | Institutional markets – Fixed Income |
| HSS LLC | Former KPMG client that did not transfer to Mesirow Financial |
| Tyco Electronics Power Systems Inc. | Mesirow Financial Consulting - Parties to significant actual or known potential litigation |
| TDK Corporation of America | Mesirow Financial Insurance |
| Skadden Arps Slate Meagher & Flom LLP | |
| Togut Segal & Segal LLP | |
| FTI Consulting Inc. | |
| Kurtzman Carson Consultants | |
| Groom Law Group Chartered | |
| Sherbin, David, M | |
| Miller, Robert, S | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| | : | Case No. 05-44481 (RDD) |
| Delphi Corporation, et al., | : | |
| | : | (Jointly Administered) |
| Debtors | : | |

-----------------------------------------------------x

## INTERIM ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
## OF MESIROW FINANCIAL CONSULTING, LLC AS FINANCIAL ADVISORS TO THE
## OFFICIAL COMMITTEE OF UNSECURED CREDITORS
### *NUNC PRO TUNC* TO OCTOBER 19, 2005

Upon the application (the "Application") of the Official Committee of

Unsecured Creditors (the "Committee") appointed in the Chapter 11 cases of

Delphi Corporation ("Delphi") and certain of its subsidiaries, debtors and debtors-

in-possession in the above-captioned Chapter 11 cases (collectively the

"Debtors")[1], for entry of an order, pursuant to sections 328, 1103(a) and 1103(b)

---

[1] In addition to Delphi, the following entities are debtors in these related cases: ASEC
Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco
Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive
Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources LLC, Delphi
Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc., Delphi
Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive
Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive
Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi
Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi
Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings
Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi LLC,
Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi
Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holdings

of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), authorizing the employment and retention of Mesirow Financial Consulting, LLC as financial advisors to the Committee *nunc pro tunc* to October 19, 2005; and upon the Affidavit of Larry Lattig (the "Lattig Affidavit"); and the Court being satisfied, based upon the representations made in the Application and the Lattig Affidavit, that such financial advisors represent no interest adverse to the Debtors' estates or their creditors with respect to the matters upon which they are to be engaged, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, and that their employment is necessary and in the best interests of the Debtors' estates and their creditors; and it appearing that proper and adequate notice has been given and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is granted on an interim basis until such time as the Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

---

Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

ORDERED that notice of the Final Hearing Date shall be provided to the

parties on the master service list and any other party or entity whose specific rights

or interests are directly affected by this matter and the Final Hearing Date shall be

no earlier than _____, 2005; and it is further

ORDERED that, pursuant to

sections 328, 1103(a) and 1103(b) of the Bankruptcy Code, Bankruptcy Rules

2014(a) and 2016, and Local Bankruptcy Rule 2014-1, the Committee is hereby

authorized to employ on an interim basis Mesirow Financial Consulting, LLC as

its financial advisors, *nunc pro tunc* to October 19, 2005, to perform the services

set forth in the Application; and it is further

ORDERED that any objection, and notice thereof, to the relief requested

by the Application on a final basis must be filed with the Court, along with a copy

to Chambers, and be served upon the following parties so as to be received by 4:00

p.m. (NY Time) three days prior to the Final Hearing Date:  (i) counsel for the

Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive,

Suite 2100, Chicago, Illinois 60606, Attn: John Wm. Butler, Jr.; (ii) proposed

counsel for the Committee, Latham & Watkins, 885 Third Avenue, New York,

New York 10022, Attn:  Robert J. Rosenberg, Mitchell A. Seider and Mark A.

Broude; (iii) the Office of the United States Trustee, 33 Whitehall Street, Suite

2100, New York, New York 10004, Attn: Alicia M. Leonhard; (iv) counsel for the

agent under the Debtors' prepetition credit facility, Simpson Thatcher & Bartlett

LLP, 425 Lexington Avenue, New York, New York 10017, Attn: Kenneth S.

Ziman and Robert H. Trust; (v) counsel for the agent under the Debtors' proposed

3

postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New

York, New York 10017, Attn: Donald Bernstein; (vi) counsel for Mesirow

Financial Consulting, LLC, Greenberg Traurig LLP, 77 West Wacker Drive, Suite

2500, Chicago, Illinois 60601, Attn: Nancy A. Peterman; (vii) all other persons

that have requested notice or copies of pleadings filed in these cases under

Bankruptcy Rule 2002, so as to be received not later than 4:00 p.m. on ____

_____, 2005 (NY Time); and it is further

ORDERED that if any supplemental affidavits or declarations are filed and

served after the entry of this Order, absent any objections filed within twenty (20)

days after the filing and service of such supplemental declarations, Mesirow

Financial Consulting, LLC's employment shall continue as authorized pursuant to

this Order; and it is further

ORDERED that all compensation and reimbursement of expenses to be

paid to Mesirow Financial Consulting, LLC shall be subject to prior approval of

this Court in accordance with the requirements under Sections 328, 330 and 331 of

the Bankruptcy Code, such Bankruptcy Rules and Local Bankruptcy Rules as may

then be applicable from time to time and any order of this Court establishing

procedures for monthly compensation and reimbursement of expenses; and it is

further

ORDERED that the Debtors and their estates shall indemnify, defend and

hold harmless Mesirow Financial Consulting, LLC from and against any and all

liabilities suffered by or asserted against Mesirow Financial Consulting, LLC in

connection with or in any way related to Mesirow Financial Consulting, LLC's

engagement with the Committee, provided, however, that in no event shall

Mesirow Financial Consulting, LLC be indemnified in the case of its own willful

misconduct, gross negligence, bad faith, self-dealing or breach of fiduciary duty (if

any); and it is further

ORDERED that all requests of Mesirow Financial Consulting, LLC for

payment of indemnity pursuant to the terms of this Order shall be made by means

of an application (interim or final as the case may be) and shall be subject to

review by the Court to ensure that payment of such indemnity conforms to the

terms set forth herein and is reasonable based upon the circumstances of the

litigation or settlement in respect of which indemnity is sought; and it is further

ORDERED that in no event shall Mesirow Financial Consulting, LLC be

indemnified if the Committee or a representative of the Committee asserts a claim

for, and a court determines by final order that such claim arose out of Mesirow

Financial Consulting, LLC's own willful misconduct, gross negligence, bad faith,

self-dealing or breach of fiduciary duty (if any); and it is further

ORDERED that in the event Mesirow Financial Consulting, LLC seeks

reimbursement for attorneys' fees from the Debtors' estates pursuant to the terms

of this Order, the indemnification, as approved by which shall be permitted, the

invoices and supporting time records from such attorneys shall be included in

Mesirow Financial Consulting, LLC's own applications (both interim and final),

and such invoices and time records shall be subject to the United States Trustee's

guidelines for compensation and reimbursement of expenses and the approval of

the Bankruptcy Court under the standards of sections 330 and 331 of the

Bankruptcy Code without regard to whether such attorney has been retained under any provision of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED that within five (5) days of the entry of this Order, the Committee shall serve a copy of this Order on the Office of the United States Trustee, the Debtors and their counsel, counsel for the agent under the Debtors' prepetition credit facility, counsel for the agent Debtors' proposed postpetition credit facility, those parties on the Master Service List, as defined by the Case Management Order and those parties identified "2002 List Parties," as defined by the Case Management Order; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Committee file a memorandum of law in support of the Application is hereby waived.

Dated: _____, 2005

New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
In re                                          :        Chapter 11
                                               :
                                               :        Case No. 0544481 (RDD)
Delphi Corporation, et al.,                    :
                                               :        (Jointly Administered)
                             Debtors.          :
------------------------------------------------- x


FINAL ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION
OF MESIROW FINANCIAL CONSULTING, LLC AS FINANCIAL
ADVISORS TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
*NUNC PRO TUNC* TO OCTOBER 19, 2005

The matter having come before the Court on the application (the

"Application") of the Official Committee of Unsecured Creditors (the

"Committee") appointed in the Chapter 11 cases of Delphi Corporation ("Delphi")

and certain of its subsidiaries, debtors and debtors-in-possession in the above-

captioned Chapter 11 cases (collectively the "Debtors")[1], for entry of an order,

---

[1] In addition to Delphi, the following entities are debtors in these related cases: ASEC
Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco
Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive
Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources LLC, Delphi
Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc., Delphi
Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive
Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive
Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi
Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi
Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings
Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi LLC,
Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi
Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holdings

1

pursuant to sections 328, 1103(a) and 1103(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), authorizing the employment and retention of Mesirow Financial Consulting, LLC as financial advisors to the Committee *nunc pro tunc* to October 19, 2005; and upon the Affidavit of Larry Lattig (the "Lattig Affidavit"); and the Court being satisfied, based upon the representations made in the Application and the Lattig Affidavit, that such financial advisors represent no interest adverse to the Debtors' estates or their creditors with respect to the matters upon which they are to be engaged, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, and that their employment is necessary and in the best interests of the Debtors' estates and their creditors; and it appearing that proper and adequate notice has been given and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is granted; and it is further

ORDERED that, pursuant to sections 328, 1103(a) and 1103(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy

---

Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

Rule 2014-1, the Committee is hereby authorized to employ Mesirow Financial

Consulting, LLC as its financial advisors, *nunc pro tunc* to October 19, 2005, to

perform the services set forth in the Application; and it is further

ORDERED that if any supplemental affidavits or declarations are filed and

served after the entry of this Order, absent any objections filed within twenty (20)

days after the filing and service of such supplemental declarations, Mesirow

Financial Consulting, LLC's employment shall continue as authorized pursuant to

this Order; and it is further

ORDERED that all compensation and reimbursement of expenses to be

paid to Mesirow Financial Consulting, LLC shall be subject to prior approval of

this Court in accordance with the requirements under Sections 328, 330 and 331 of

the Bankruptcy Code, such Bankruptcy Rules and Local Bankruptcy Rules as may

then be applicable from time to time and any order of this Court establishing

procedures for monthly compensation and reimbursement of expenses; and it is

further

ORDERED that the Debtors and their estates shall indemnify, defend and

hold harmless Mesirow Financial Consulting, LLC from and against any all

liabilities suffered by or asserted against Mesirow Financial Consulting, LLC in

connection with or in any way related to Mesirow Financial Consulting, LLC's

engagement by the Committee, provided, however, that in no event shall Mesirow

Financial Consulting, LLC be indemnified in the case of its own willful

3

misconduct, gross negligence, bad faith, self-dealing or breach of fiduciary duty (if any); and it is further

ORDERED that all requests of Mesirow Financial Consulting, LLC for payment of indemnity pursuant to the terms of this Order shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms set forth herein and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; and it is further

ORDERED that in no event shall Mesirow Financial Consulting, LLC be indemnified if the Committee or a representative of the Committee asserts a claim for, and a court determines by final order that such claim arose out of Mesirow Financial Consulting, LLC's own willful misconduct, gross negligence, bad faith, self-dealing or breach of fiduciary duty (if any); and it is further

ORDERED that in the event Mesirow Financial Consulting, LLC seeks reimbursement for attorneys' fees from the Debtors' estates pursuant to the terms of the indemnification as approved by this Order, which shall be permitted the invoices and supporting time records from such attorneys shall be included in Mesirow Financial Consulting, LLC's own applications (both interim and final), and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under any provision of the Bankruptcy Code and without regard to whether such

4

attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED that within five (5) days of the entry of this Order, the Committee shall serve a copy of this Order on the Office of the United States Trustee, the Debtors and their counsel, counsel for the agent under the Debtors' prepetition credit facility, counsel for the agent Debtors' proposed postpetition credit facility, those parties on the Master Service List, as defined by the Case Management Order and those parties identified "2002 List Parties," as defined by the Case Management Order;  and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Committee file a memorandum of law in support of the Application is hereby waived.


Dated: _____, 2005
New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE