UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                      :

    In re                                     :        Chapter 11
                                                      :
DELPHI CORPORATION, et al.,        :        Case No. 05-44481 (RDD)
                                                      :
                  Debtors.        :        (Jointly Administered)
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 365(d)(4) EXTENDING
DEADLINE TO ASSUME OR REJECT UNEXPIRED
<u>LEASES OF NONRESIDENTIAL REAL PROPERTY</u>

("365(d)(4) DEADLINE EXTENSION ORDER")

       Upon the motion, dated November 9, 2005 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. § 365(d)(4) extending the deadline for the Debtors to assume or reject unexpired leases of nonresidential real property; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and this Court having found that the only objection filed against the Debtors' Motion was the Objection of ORIX Warren, LLC to Motion for Order Under 11 U.S.C. § 365(d)(4) Extending Deadline to Assume or Reject Leases of Nonresidential Real Property (Docket No. 1123) which objection was subsequently resolved pursuant to the terms of this Order; and this Court having further found that no other objections or responses have been timely or properly filed; and it appearing that proper and

adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.  The Motion is GRANTED.

2.  The date by which the Debtors must assume or reject any and all unexpired leases of nonresidential real property (the "Real Property Leases"), except for the Real Property Lease set forth in paragraph 3 below, is extended to and including June 7, 2007.

3.  The date by which the Debtors must assume or reject the lease between Orix Warren, LLC ("Orix") and Delphi Automotive Systems, LLC of non-residential real property located at 4551 Research Parkway, Warren, Ohio (the "Orix Lease") is hereby extended to and including December 7, 2006 (the "Initial Extension"). The Initial Extension shall be further extended for an additional six months to June 7, 2007, without further notice or a hearing (the "Additional Extension"), unless Orix files and serves a notice of objection to the Additional Extension on or prior to October 1, 2006, in which case a hearing with respect to the Orix Lease and the granting of the Additional Extension shall be held at the next omnibus hearing to occur at least 30 days following the October 1, 2006 deadline. In the event of such a hearing, the Debtors shall bear the burden of proof regarding "cause" for such extension, as such term is contemplated under 11 U.S.C. § 365(d)(4) and the Debtors shall file their related pleading at least 10 calendar days prior to the applicable omnibus hearing. Notwithstanding the aforementioned, all filings, service and deadlines related thereto shall be determined pursuant to the Order Under 11 U.S.C. §§ 102(1) and 105 and Fed.R.Bankr.P. 2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and Administrative Procedures, and (III) Scheduling an Initial Case Conference in Accordance with Local Bankr.R. 1007-2(e) ("Case

Management Order") (Docket No. 245). To the extent such hearing occurs after the expiration of the Initial Extension, the deadline to assume or reject the Orix Lease shall be automatically extended until the later of (a) the date set forth in any subsequent order or (b) ten business days after the Court rules on Orix's objection.

4. The entry of this Order shall be without prejudice to (a) the Debtors' right to seek from this Court further extensions of the assumption and rejection deadline with respect to any or all of their Real Property Leases and (b) the right of any party to any Real Property Lease to seek from this Court a shortening of the deadline with respect to any or all of its Real Property Leases for cause shown.

5. Notwithstanding anything contained in this Order, provided that the Debtors file a subsequent motion to extend the section 365(d)(4) deadline in time to be heard prior to the expiration of the applicable section 365(d)(4) deadline for a particular lease, the deadline to assume or reject such lease shall be automatically extended until the later of (a) the date set forth in any subsequent order or (b) three business days after the Court rules on such motion.

6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

7. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
      November 29, 2005

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE