## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                      :

      In re                      :     Chapter 11
                        :

DELPHI CORPORATION et al.,    :     Case No. 05-44481 (rdd)
                        :

                Debtors.   :     (Jointly Administered)
                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### AFFIDAVIT OF SERVICE

      I, Evan Gershbein, being duly sworn according to law, deposes and says that I am employed by Kurtzman Carson Consultants, LLC, proposed claims and noticing agent for the Debtors in the above-captioned cases.

      On November 25, 2005, I caused to be served, via overnight mail the documents listed in Section 1 on the parties attached hereto as Exhibit A, via electronic notification on the parties attached hereto as Exhibit B, and via US Mail on the parties attached hereto as Exhibit C:

### *Section 1*

**I.** Motion for Order Under 11 U.S.C. §363 and Fed. R. Bankr. P. 2002, 6004, and 9013 Authorizing Debtors to Transfer Shares and merge Certain Wholly-Owned, Non-Debtor Subsidiaries ("Motion to Transfer Shares and Merge Subsidiaries") **(Docket No. 1250) [Attached hereto as Exhibit D]**

**II.** Debtors' Objection to the Motion of Bank of America N.A. for (I) Adequate Protection of Security Interests in Collateral; and (II) Termination of the Automatic Stay Regarding Cash Collateral **(Docket No. 1269) [Attached hereto as Exhibit E]**

      On November 25, 2005, I caused to be served, via overnight mail the document listed in Section 2 on the parties attached hereto as Exhibit F and via facsimile on the parties attached hereto as Exhibit G:

### *Section 2*

**III.** Debtors' Objection to the Motion of Bank of America N.A. for (I) Adequate Protection of Security Interests in Collateral; and (II) Termination of the Automatic Stay Regarding Cash Collateral **(Docket No. 1269) [Attached hereto as Exhibit E]**

Dated: November 30, 2005

_/s/ Evan Gershbein_____
Evan Gershbein

Sworn to and subscribed before
me on November 30, 2005

_/s/ Sarah Elizabeth Frankel_____
Notary Public

My Commission Expires: ____*12/23/08*_____

# EXHIBIT A

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Capital Research and Management Company | Michelle Robson | 11100 Santa Monica Blvd | 15th Floor | Los Angeles | CA | 90025 | 310-996-6140 | 310-996-6091 | mlfr@capgroup.com | Creditor Committee Member |
| Cohen Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | b.simon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel for Flextronics International USA, Inc. |
| Davis Polk & Wardwell | Donald Bernstein | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 | 212-450-3092 | donald.bernstein@dpw.com | Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 6328 Monarch Park Place | | Niwot | CO | 80503 | 303-652-4853 | 303-652-4716 | cshiff@flextronics.com | Counsel for Flextronics International |
| Flextronics International | Terry Zale | 6328 Monarch Park Place | | Niwot | CO | 80503 | 303-652-4853 | 303-652-4716 | terryzale@flextronics.com | Counsel for Flextronics International |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | One Plastics Avenue | | Pittsfield | MA | 01201 | 704-992-5075 | 866-585-2386 | | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel for Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 152 West 57th Street | 35th Floor | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel for Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Internal Revenue Service | Attn: Insolvency Department, Mario Valerio | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-298-2015 | 212-298-2016 | | IRS |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | 48226 | 313-628-3648 | 313-628-3602 | | Michigan IRS |
| IUE-CWA | Henry Reichard | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | hreichardiuecwa@aol.com | Creditor Committee Member |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.fmaher@chase.com richard.duker@jpmorgan.com gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | | 212-270-5484 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | James Le | 12910 Culver Blvd. | Suite I | Los Angeles | CA | 90066 | 310-751-1511 | 310-751-1561 | jle@kccllc.com | Noticing and Claims Agent: |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | UCC Professional |
| Law Debenture Trust of New York | Patrick J. Healy | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Daniel R. Fisher | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel for Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel for Recticel North America, Inc. |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Mesirow Financial | Melissa Knolls | 321 N. Clark St. | 13th Floor | Chicago | IL | 60601 | 800-453-0600 | 312-644-8927 | mknoll@mesirowfinancial.com | UCC Professional |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel for Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | | New York Attorney General's Office |
| O'Melveny & Meyer LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Meyer LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov  efile@pbgc.gov | Counsel for Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel for the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel for Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 3

11/30/2005 10:00 AM
MSL

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | 2122185526 | rdremluk@seyfarth.com | Counsel for Murata Electroncs North |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Prepetition Administrative Agent |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel for Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| United States Trustee | Alicia M. Leonard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | United States Trustee |
| United States Trustee | Deirdre A. Martini | 33 Whitehall Street | Suite 2100 | New York | NY | 10004 | 212-510-0500 | 212-668-2256 | deirdre.martini@usdoj.gov | United States Trustee |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeffrey.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

11/30/2005 10:00 AM
MSL

# EXHIBIT B

Delphi Corporation
2002 List - Email

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | 610-230-3064 | 310-687-1052 | david.boyle@airgas.com | Counsel for Airgas, Inc. |
| Ajamie LLP | Thomas A. Ajamie | 711 Louisiana | Suite 2150 | Houston | TX | 77002 | 713-860-1600 | 713-860-1699 | tajamie@ajamie.com | Counsel for SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Ajamie LLP | Wallace A. Showman | 1350 Avenue of the Americas | 29th Floor | New York | NY | 10019 | 212-246-6820 | 212-581-8958 | wshowman@ajamie.com | Counsel for SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Akin Gump Strauss Hauer & Feld, LLP | Peter J. Gurfein | 2029 Centure Park East | Suite 2400 | Los Angeles | CA | 90067 | 310-552-6696 | 310-229-1001 | pgurfein@akingump.com | Counsel for Wamco, Inc. |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | 949-553-1313 | 949-553-8354 | mgreger@allenmatkins.com | Counsel for Kilroy Realty, L.P. |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | 313-758-4868 | | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Andrews Kurth LLP | Monica S. Blacker | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | 214-659-4400 | 214-659-4401 | mblacker@andrewskurth.com | Counsel for  ITW Mortgage Investments IV, Inc. |
| Angelo, Gordon & Co. | Leigh Walzer | 245 Park Avenue | 26th Floor | New York | NY | 10167 | 212-692-8251 | 212-867-6395 | lwalzer@angelogordon.com | |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | 626-535-1900 | 626-577-7764 | mtf@afrct.com | Counsel for Stanley Electric Sales of America, Inc. |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | 404-873-8120 | 404-873-8121 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | Kimberly J. Robinson | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | 312-629-5170 | 312-984-3150 | kim.robinson@bfkpn.com | Counsel for Motion Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | William J. Barrett | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | 312-629-5170 | 312-984-3150 | william.barrett@bfkpn.com | Counsel for Motion Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | 317-236-1313 | 317-231-7433 | alan.mills@btlaw.com | Counsel for Mays Chemical Company |
| Barnes & Thornburg LLP | John T. Gregg | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | 616-742-3930 | 626-742-3999 | john.gregg@btlaw.com | Counsel to Priority Health |
| Barnes & Thornburg LLP | Patrick E. Mears | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | 616-742-3936 | 616-742-3999 | pmears@btlaw.com | Counsel for Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Michael K. McCrory Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | 317-236-1313 | 317-231-7433 | wendy.brewer@btlaw.com michael.mccrory@btlaw.com | Counsel for Gibbs Die Casting Corporation |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | 212-554-1411 | 212-554-1444 | hannah@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

Delphi Corporation
2002 List - Email

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Bernstein Litowitz Berger & Grossman | Mark D. Debrowski | 1285 Avenue of the Americas | | New York | NY | 10019 | 212-554-1492 | 212-554-1444 | markd@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | John P. Coffey | 1285 Avenue of the Americas | | New York | NY | 10019 | 212-554-1409 | 212-554-1444 | sean@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | 650-857-9500 | 650-494-2738 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc. |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | 650-857-9500 | 650-494-2738 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Patrick M. Costello, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | 650-857-9500 | 650-494-2738 | pcostello@bbslaw.com | Solectron Corporation; Solectron de Mexico SA de CV; Solectron Invotronics and Coherent, Inc. |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | 650-857-9500 | 650-494-2738 | tgaa@bbslaw.com | Counsel to Veritas Software Corporation |
| Blank Rome LLP | Bonnie Glantz Fatell | Chase Manhattan Centre | 1201 Market Street, Suite 800 | Wilmington | DE | 19801 | 302-425-6423 | 302-428-5110 | fatell@blankrome.com | Counsel for Special Devices, Inc. |
| Blank Rome LLP | Marc E. Richards | The Chrysler Building | 405 Lexington Avenue | New York | NY | 10174 | 212-885-5000 | 212-885-5002 | mrichards@blankrome.com | Counsel for DENSO International America, Inc. |
| Bolhouse, Vander Hulst, Risko & Baar P.C. | David S. Lefere | 3996 Chicago Drive SW | | Grandville | MI | 49418 | 616-531-7711 | 616-531-7757 | davidl@bolhouselaw.com | Counsel for Eclipse Tool and Die, Inc. |
| Bose McKinney & Evans LLP | Jeannette Eisan Hinshaw | 135 N. Pennslyvania Street | Suite 2700 | Indianapolis | IN | 46204 | 317-684-5296 | 317-684-5173 | jhinshaw@boselaw.com | Counsel for Decatur Plastics Products, Inc. and Eikenberry & Associates, Inc.; Lorentson Manufacturing, Company, Inc.; Lorentson Tooling, Inc.; L & S Tools, Inc.; Hewitt Tool & Die, Inc. |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | 615-252-2307 | 615-252-6307 | amcmullen@bccb.com | Counsel for Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | 615-252-2307 | 615-252-6307 | rjones@bccb.com | Counsel for Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |

Delphi Corporation
2002 List - Email

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Burr & Forman LLP | Michael Leo Hall | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | 205-458-5367 | 205-244-5651 | mhall@burr.com | Counsel to Mercedes-Benz U.S. International, Inc |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | 212-701-3000 | 732-205-6777 | jonathan.greenberg@engelhard.com | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Robert Usadi | 80 Pine Street | | New York | NY | 10005 | 212-701-3000 | 212-269-5420 | rusadi@cahill.com | Counsel to Engelhard Corporation |
| Cahill, Gordon & Reindel, LLP | Jonathan Greenberg | Eighty Pine Street | | New York | NY | 10005-1702 | 212-701-3700 | 212-269-5420 | jonathan.greenberg@engelhard.com | Counsel to Engelhard Corporation |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | 212-732-3200 | 212-732-3232 | cahn@clm.com | Counsel for STMicroelectronics, Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel for Arneses Electricos Automotrices, S.A.de C.V.; Cordaflex, S.A. de C.V. |
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel for Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | 412-297-4706 | 412-209-1837 | tmaxson@cohenlaw.com | Counsel for Nova Chemicals, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale | 330 West 42nd Street | | New York | NY | 10036 | 212-356-0238 | 646-473-8238 | jvitale@cwsny.com | Counsel for International Union, United Automobile, Areospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | 860-493-2200 | 860-727-0361 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | 302-658-9141 | 302-658-0380 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |
| Contrarian Capital Management, L.L.C. | Mark Lee, Janice Stanton, Bill Raine, Seth Lax | 411 West Putnam Avenue | Suite 225 | Greenwich | CT | 06830 | 203-862-8200  230-862-8231 | 203-629-1977  203-629-1977 | mlee@contrariancapital.com jstanton@contrariancapital.com wraine@contrariancapital.com solax@contrariancapital.com | Counsel to Contrarian Capital Management, L.L.C. |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Sylvie J. Derrien | 33 West First Street | Suite 600 | Dayton | OH | 45402 | 937-223-8177 | 937-223-6705 | derrien@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | 937-223-8177 | 937-223-6705 | Pretekin@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |

Delphi Corporation
2002 List - Email

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Coolidge, Wall, Womsley & Lombard Co. LPA | Steven M. Wachstein | 33 West First Street | Suite 600 | Dayton | OH | 45402 | 937-223-8177 | 937-223-6705 | wachstein@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennslyvania Avenue | | Morrisville | PA | 19067 | 215-736-2521 | 215-736-3647 | dpm@curtinheefner.com | Counsel for SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtin & Heefner, LLP | Robert Szwajkos | 250 N. Pennslyvania Avenue | | Morrisville | PA | 19067 | 215-736-2521 | 215-736-3647 | rsz@curtinheefner.com | Counsel for SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Andrew M. Thau | 101 Park Avenue | | New York | NY | 10178-0061 | 212-696-8898 | 917-368-8898 | athau@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | David S. Karp | 101 Park Avenue | | New York | NY | 10178-0061 | 212-696-6065 | 212-697-1559 | dkarp@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 212-696-6065 | 212-697-1559 | sreisman@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| DaimlerChrysler Corporation | Kim Kolb | CIMS 485-13-32 | 1000 Chrysler Drive | Auburn Hills | MI | 48326-2766 | 248-576-5741 | | krk4@daimlerchrysler.com | Counsel for DaimlerChrysler Corporation; DaimlerChrylser Motors Company, LLC; DaimlerChrylser Canada, Inc. |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | 716-856-5500 | 716-856-5510 | wsavino@damonmorey.com | Counsel for Relco, Inc.; The Durham Companies, Inc. |

Delphi Corporation
2002 List - Email

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Daniels & Kaplan, P.C. | Jay Selanders | 2405 Grand Boulevard | Suite 900 | Kansas City | MO | 64108-2519 | 816-221-3086 | 816-221-3006 | selanders@danielsandkaplan.com | Counsel for DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrylser Canada, Inc. |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | 248-372-8531 | 248-350-7772 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | 212-682-4940 | 212-682-4942 | gdiconza@dlawpc.com | Counsel to Tyz-All Plastics, Inc. |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | 513-977-8200 | 513-977-8141 | john.persiani@dinslaw.com | Counsel for The Procter & Gamble Company |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | 410-580-3000 | 410-580-3001 | richard.kremen@dlapiper.com | Counsel for Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | 215-988-2700 | 215-988-2757 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | 215-988-2700 | 215-988-2757 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | 215-979-1000 | 215-979-1020 | dmdelphi@duanemorris.com | Counsel to ACE American Insurance Company |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | 215-979-1000 | 215-979-1020 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | 212-715-9100 | 212-715-8000 | ayala.hassell@eds.com | Representattive for Electronic Data Systems Corporation |
| Erman, Teicher, Miller, Zucker & Freedman, P.C. | David H. Freedman | 400 Galleria Officentre | Ste. 444 | Southfield | MI | 48034 | 248-827-4100 | 248-827-4106 | dfreedman@ermanteicher.com | Counsel for Doshi Prettl International, LLC |
| Erman, Teicher, Miller, Zucker & Freedman, P.C. | Earle I. Erman | 400 Galleria Officentre | Ste. 444 | Southfield | MI | 48034 | 248-827-4100 | 248-827-4106 | eerman@ermanteicher.com | Counsel for Doshi Prettl International, LLC |
| Fagel Haber LLC | Gary E. Green | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | 312-346-7500 | 312-580-2201 | ggreen@fagelhaber.com | Counsel for Aluminum International, Inc. |
| Fagel Haber LLC | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | 312-346-7500 | 312-580-2201 | lnewman@fagelhaber.com | Counsel for Aluminum International, Inc. |
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | 212-344-2929 | 212-422-6836 | tdonovan@finkgold.com | Counsel for Pillarhouse (U.S.A.) Inc. |
| Fox Rothschild LLP | Fred Stevens | 13 East 37th Street | Suite 800 | New York | NY | 10016 | 212-682-7575 | 212-682-4218 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Fox Rothschild LLP | Michael J. Viscount, Jr. | 1301 Atlantic Avenue | Suite 400 | Atlantic City | NJ | 08401-7212 | 609-348-4515 | 609-348-6834 | mviscount@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Gazes LLC | Ian J. Gazes | 32 Avenue of the Americas | | New York | NY | 10013 | 212-765-9000 | 212-765-9675 | ian@gazesllc.com | Counsel to Setech, Inc. |
| Gazes LLC | Eric Wainer | 32 Avenue of the Americas | Suite 1800 | New York | NY | 10013 | 212-765-9000 | 212-765-9675 | office@gazesllc.com | Counsel to Setech, Inc. |
| Genovese Joblove & Battista, P.A. | Craig P. Rieders, Esq. | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | 305-349-2300 | 305-349-2310 | crieders@gjb-law.com | Counsel for Ryder Integrated Logistics, Inc. |
| Gibbons, Del Deo, Dolan, Griffinger & Vecchione | David N. Crapo | One Riverfront Plaza | | Newark | NJ | 07102-5497 | 973-596-4523 | 973-639-6244 | dcrapo@gibbonslaw.com | Counsel for Epcos, Inc. |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | 617-482-1776 | 617-574-4112 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 5 of 17

11/30/2005 10:01 AM
2002 lists 051125

Delphi Corporation
2002 List - Email

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Grant & Eisenhofer P.A. | Geoffrey C. Jarvis | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | 302-622-7000 | 302-622-7100 | gjarvis@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | 212-755-6501 | 212-755-6503 | jeisenhofer@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Sharan Nirmul | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | 302-622-7000 | 302-622-7100 | snirmul@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | 414-271-4500 | 414-271-6308 | jh@previant.com | Counsel for International Brotherod of Electrical Workers Local Unions No. 663 |
| Graydon Head & Ritchey LLP | J. Michael Debbler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | 513-621-6464 | 513-651-3836 | mdebbeler@graydon.com | Counsel for Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | 314-241-9090 | 314-241-8624 | ckm@greensfelder.com jpb@greensfelder.com | Counsel for ARC Automotive, Inc. |
| Guaranty Bank | Herb Reiner | 8333 Douglas Avenue | | Dallas | TX | 75225 | 214-360-2702 | 214-360-1940 | herb.reiner@guarantygroup.com | Counsel for American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | 212-765-9100 | 212-765-0964 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | 212-592-1448 | 212-545-3360 | prubin@herrick.com | Counsel for Canon U.S.A., Inc. |
| Hewlett-Packard Company | Anne Marie Kennelly | 3000 Hanover St., M/S 1050 | | Palo Alto | CA | 94304 | 650-857-6902 | 650-852-8617 | anne.kennelly@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Glen Dumont | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | 908-898-4750 | 908-898-4137 | glen.dumont@hp.com | Counsel for Hewlett-Packard Financial Services Company |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | 714-940-7120 | 740-940-7539 | ken.higman@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | 908-898-4760 | 908-898-4133 | sharon.petrosino@hp.com | Counsel for Hewlett-Packard Financial Services Company |

Delphi Corporation
2002 List - Email

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | 315-425-2716 | 315-425-8576 | echarlton@hiscockbarclay.com | Counsel for GW Plastics, Inc. |
| Hodgson Russ LLP | Cheryl R. Storie | One M&T Plaza | Suite 2000 | Buffalo | NY | 14203 | 716-848-1275 | 716-849-0349 | cstorie@hodgsonruss.com | Counsel for Hexcel Corporation |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | Carnegie Hall Tower | 152 West 57th Street, 35th Street | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | 212-918-3000 | 212-918-3100 | sagolden@hhlaw.com | Counsel for XM Satellite Radio Inc. |
| Holme Roberts & Owen, LLP | Elizabeth K. Flaagan | 1700 Lincoln | Suite 4100 | Denver | CO | 80203 | 303-861-7000 | 303-866-0200 | elizabeth.flaagan@hro.com | Counsel for CoorsTek, Inc.; Corus, L.P. |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | 313-465-7314 | 313-465-7315 | dbaty@honigman.com | Counsel for Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | Robert B. Weiss, Frank L. Gorman | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com  fgorman@honigman.com | Counsel for General Motors Corporation |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | 419-255-4300 | 419-255-9121 | jrhunter@hunterschank.com | Counsel for ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | 419-255-4300 | 419-255-9121 | tomschank@hunterschank.com | Counsel for ZF Group North America Operations, Inc. |
| Hunton & Wiliams LLP | Michael P. Massad, Jr. | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | 214-979-3000 | 214-880-0011 | mmassad@hunton.com | Counsel for RF Monolithics, Inc. |
| Hunton & Wiliams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | 214-979-3000 | 214-880-0011 | sholmes@hunton.com | Counsel for RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | 716-849-8900 | 716-855-0874 | aee@hurwitzfine.com | Counsel for Jiffy-Tite Co., Inc. |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | 408-501-6442 | 408-501-2488 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | 765-454-2146 | 765-456-3836 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| Jaffe, Raitt, Heuer & Weiss, P.C. | Paige E. Barr | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | 248-351-3000 | 248-351-3082 | pbarr@jaffelaw.com | Counsel for Trutron Corporation |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | 212-326-3939 | 212-755-7306 | sjfriedman@jonesday.com | Counsel for WL. Ross & Co., LLC |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | 312-902-5200 | 312-577-4733 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | 614-426-5400 | 614-464-2634 | kcookson@keglerbrown.com | Counsel for Solution Recovery Services |
| Kelley Drye & Warren, LLP | Mark I. Bane | 101 Park Avenue | | New York | NY | 10178 | 212-808-7800 | 212-808-7897 | mbane@kelleydrye.com | Counsel for the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Mark. R. Somerstein | 101 Park Avenue | | New York | NY | 10178 | 212-808-7800 | 212-808-7897 | msomerstein@kelleydrye.com | Counsel for the Pension Benefit Guaranty Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 7 of 17

11/30/2005 10:01 AM
2002 lists 051125

Delphi Corporation
2002 List - Email

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Kennedy, Jennick & Murray | Larry Magarik | 113 University Place | 7th Floor | New York | NY | 10003 | 212-358-1500 | 212-358-0207 | lmagarik@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | 212-358-1500 | 212-358-0207 | sjennik@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | 212-358-1500 | 212-358-0207 | tkennedy@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kieselstein Lawfirm PLLC | Steve Kieselstein | 43 British American Boulevard | | Latham | NY | 12110 | 518-785-7800 | 518-785-7851 | sk@kieselaw.com | Counsel to NEC Electronics America, Inc. |
| King & Spalding, LLP | Alexandra B. Feldman | 1185 Avenue of the Americas | | New York | NY | 10036 | 212-556-2100 | 212-556-2222 | afeldman@kslaw.com | Counsel for Martinrea International, Inc. |
| King & Spalding, LLP | George B. South, III | 1185 Avenue of the Americas | | New York | NY | 10036 | 212-556-2100 | 212-556-2222 | gsouth@kslaw.com | Counsel for Martinrea International, Inc. |
| King & Spalding, LLP | James A. Pardo, Jr. | 191 Peachtree Street | Suite 4900 | Atlanta | GA | 30303-1763 | 404-572-4600 | 404-572-5149 | jpardo@kslaw.com | Councel for Mitsubishi Electric Automobile America, Inc. |
| King & Spalding, LLP | Michelle Carter | 191 Peachtree Street | Suite 4900 | Atlanta | GA | 30303-1763 | 404-572-4600 | 404-572-5149 | mcarter@kslaw.com | Councel for Mitsubishi Electric Automobile America, Inc. |
| Kirkland & Ellis LLP | Geoffrey A. Richards | 200 East Randolph Drive | | Chicago | IL | 60601 | 312-861-2000 | 312-861-2200 | grichards@kirkland.com | Counsel for Lunt Manufucturing Company |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | 212-536-4812 | 212-536-3901 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | 330-497-0700 | 330-497-4020 | sosimmerman@kwgd.com | Counsel to for Millwood, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | 617-542-3000 | 617-542-3001 | ekutchin@kutchinrufo.com | Counsel for Parlex Corporation |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | 989-893-3518 | | smcook@lambertleser.com | Counsel for Linamar Corporation |
| Latham & Watkins | Erika Ruiz | 885 Third Avenue | | New York | NY | 10022 | 212-906-1200 | 212-751-4864 | erika.ruiz@lw.com | UCC Professional |
| Latham & Watkins | Henry P. Baer, Jr. | 885 Third Avenue | | New York | NY | 10022 | 212-906-1200 | 212-751-4864 | henry.baer@lw.com | UCC Professional |
| Latham & Watkins | John W. Weiss | 885 Third Avenue | | New York | NY | 10022 | 212-906-1200 | 212-751-4864 | john.weiss@lw.com | UCC Professional |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | 212-906-1384 | 212-751-4864 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | 212-906-1200 | 212-751-4864 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | 212-906-1200 | 212-751-4864 | mitchell.seider@lw.com | UCC Professional |

Delphi Corporation
2002 List - Email

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | 520-629-4427 | 520-879-4705 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | 602-262-5756 | 602-734-3824 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linear Technology Corporation | John England, Esq. | 1630 McCarthy Blvd. | | Milpitas | CA | 95035-7417 | 408-432-1900 | 408-434-0507 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | 512-447-6675 | 512-443-5114 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | 214-880-0089 | 4692215002 | dallas.bankruptcy@publicans.com | Counsel for Dallas County and Tarrant County |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | 212-407-4000 | 212-407-4990 | whawkins@loeb.com | Counsel for Industrial Ceramics Corporation |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-262-6700 | 212-262-7402 | bnathan@lowenstein.com | Counsel for Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | 212-262-6700 | 212-262-7402 | ilevee@lowenstein.com | Counsel for Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting ABP |
| Lowenstein Sandler PC | Ira M. Levee | 65 Livingston Avenue | | Roseland | NJ | 07068 | 973-597-2500 | 973-597-2481 | ilevee@lowenstein.com | Counsel for Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | 973-597-2500 | 973-597-2400 | krosen@lowenstein.com | Counsel for Cerberus Capital Management, L.P. |
| Lowenstein Sandler PC | Michael S. Etkin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | 212-262-6700 | 212-262-7402 | metkin@lowenstein.com | Counsel for Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Michael S. Etkin | 65 Livingston Avenue | | Roseland | NJ | 07068 | 973-597-2500 | 973-597-2481 | metkin@lowenstein.com | Counsel for Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 9 of 17

11/30/2005 10:01 AM
2002 lists 051125

Delphi Corporation
2002 List - Email

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | 973-597-2500 | 973-597-2400 | scargill@lowenstein.com | Counsel for Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | 973-597-2500 | 973-597-2400 | vdagostino@lowenstein.com | Counsel for AT&T Corporation |
| Margulies & Levinson, LLP | Jeffrey M. Levinson, Esq. Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | 216-514-4935 | 216-514-4936 | jml@ml-legal.com lmc@ml-legal.com | Counsel for Venture Plastics |
| McDermott Will & Emery LLP | James M. Sullivan | 50 Rockefeller Plaza | | New York | NY | 10020 | 212-547-5400 | 212-547-5444 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation, National Semiconductor Corporation; Timken Corporation |
| McDermott Will & Emery LLP | Stephen B. Selbst | 50 Rockefeller Plaza | | New York | NY | 10020 | 212-547-5400 | 212-547-5444 | sselbst@mwe.com | Counsel for National Semiconductor Corporation |
| McDonald Hopkins Co., LPA | Jean R. Robertson, Esq. | 600 Superior Avenue, East | Suite 2100 | Cleveland | OH | 44114 | 216-348-5400 | 216-348-5474 | jrobertson@mcdonaldhopkins.com | Counsel to Brush Engineered materials |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | 216-348-5400 | 216-348-5474 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | 216-348-5400 | 216-348-5474 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | 973-622-7711 | 973-622-5314 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuireWoods LLP | Elizabeth L. Gunn | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | 804-775-1178 | 804-698-2186 | egunn@mcguirewoods.com | Counsel for Siemens Logistics Assembly Systems, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | 212-239-4999 | 212-239-1311 | hkolko@msek.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | 212-239-4999 | 212-239-1311 | lpeterson@msek.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Miller Johnson | Thomas P. Sarb Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | 616-831-1748 616-831-1726 | 616-988-1748 616-988-1726 | sarbt@millerjohnson.com wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | 313-496-8435 | 313-496-8453 | fusco@millercanfield.com | Counsel for Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | 313-496-8452 | 313-496-7997 | greenj@millercanfield.com | Counsel for Wells Operating Partnership, LP |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Michael L. Schein | 666 Third Avenue | | New York | NY | 10017 | 212-935-3000 | 212-983-3115 | mlschein@mintz.com | Counsel to Hitachi Automotive Products (USA), Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 10 of 17

11/30/2005 10:01 AM
2002 lists 051125

Delphi Corporation
2002 List - Email

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Michael L. Schein | 666 Third Avenue | | New York | NY | 10017 | 212-935-3000 | 212-983-3115 | mlschein@mintz.com | Counsel for Conceria Pasubio |
| Mitsubishi Electric & Electronics USA, Inc. | John E. Cipriano | 500 Corporate Woods Parkway | | Vernon Hills | IL | 60061 | 847-478-2383 | 847-478-2281 | john.cipriano@meus.mea.com | Assistant General Counsel for Mitsubishi Electric & Electronics USA, Inc. |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | 630-527-4254 | 630-512-8610 | Jeff.Ott@molex.com | Counsel for Molex Connector Corp |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | 212-309-6000 | 212-309-6001 | agottfried@morganlewis.com | Counsel for ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | 212-309-6000 | 212-309-6001 | mzelmanovitz@morganlewis.com | Counsel for Hitachi Chemical (Singapore) Pte, Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | 213-612-1163 | 213-612-2501 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Morris, Nichols, Arsht and Tunnell | Michael G. Busenkell | PO Box 1347 | | Wilmington | DE | 19899-1347 | 302-658-9200 | 302-658-3989 | mbusenkell@mnat.com | Counsel for Chicago Miniature Optoelectronic Technologies, Inc. |
| Morris, Nichols, Arsht and Tunnell | Robert J. Dehney | PO Box 1347 | | Wilmington | DE | 19899-1347 | 302-658-9200 | 302-658-3989 | rdehney@mnat.com | Counsel for Chicago Miniature Optoelectronnic Technologies, Inc. |
| Morrison Cohen LLP | Joseph T. Moldovan Michael R. Dal Lago | 909 Third Avenue | | New York | NY | 10022 | 212-735-8603 212-735-8757 | 917-522-3103 917-522-3157 | jmoldovan@morrisoncohen.com mdallago@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 4000 Fountain Place | 1445 Ross Avenue | Dallas | RX | 75202-2790 | 214-855-7590 214-855-7561 214-855-7587 | 214-978-4374 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel for Texas Instruments Incorporated |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | 513-455-2390 | 866-298-4481 | lisa.moore2@nationalcity.com | Vice President and Senior Counsel for National City Commercial Capital |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | 803-7255-9425 | 803-256-7500 | george.cauthen@nelsonmullins.com | Counsel for Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| Nix, Patterson & Roach, L.L.P. | Bradley E. Beckworth | 205 Linda Drive | | Daingerfield | TX | 75638 | 903-645-7333 | 903-645-4415 | bbeckworth@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 11 of 17

11/30/2005 10:01 AM
2002 lists 051125

Delphi Corporation
2002 List - Email

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Nix, Patterson & Roach, L.L.P. | Jeffrey J. Angelovich | 205 Linda Drive | | Daingerfield | TX | 75638 | 903-645-7333 | 903-645-4415 | jangelovich@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Susan Whatley | 205 Linda Drive | | Daingerfield | TX | 75638 | 903-645-7333 | 903-645-4415 | susanwhatley@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Norris, McLaughlin & Marcus | Elizabeth L. Abdelmasieh, Esq | 721 Route 202-206 | P.O. Box 1018 | Somerville | NJ | 08876 | 908-722-0700 | 908-722-0755 | eabdelmasieh@nmmlaw.com | Counsel for Rotor Clip Company, Inc. |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | 216-586-3939 | 216-579-0212 | dgheiman@jonesday.com | Counsel for WL. Ross & Co., LLC |
| North Point | Michelle M. Harner | 901 Lakeside Avenue | | Cleveland | OH | 44114 | 216-586-3939 | 216-579-0212 | mmharner@jonesday.com | Counsel for WL. Ross & Co., LLC |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | 212-506-5187 | 212-506-5151 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | 415-773-5700 | 415-773-5759 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Otterbourg, Steindler, Houston & Rosen, P.C. | Melissa A. Hager | 230 Park Avenue | | New York | NY | 10169 | 212-661-9100 | 212-682-6104 | mhager@oshr.com | Counsel for Sharp Electronics Corporation |
| Otterbourg, Steindler, Houston & Rosen, P.C. | Scott L. Hazan | 230 Park Avenue | | New York | NY | 10169 | 212-661-9100 | 212-682-6104 | shazan@oshr.com | Counsel for Sharp Electronics Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Curtis J. Weidler | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | 212-373-3157 | 212-373-2053 | cweidler@paulweiss.com | Counsel for Ambrake Corporation; Akebono Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | 212-373-3000 | 212-757-3990 | ddavis@paulweiss.com | Counsel for Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | 212-373-3000 | 212-757-3990 | emccolm@paulweiss.com | Counsel for Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Stephen J. Shimshak | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | 212-373-3133 | 212-373-2136 | sshimshak@paulweiss.com | Counsel for Ambrake Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K. Street, N.W. | | Washington | DC | 20005-4026 | 202-326-4020 | 202-326-4112 | landy.ralph@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Pepe & Hazard LLP | Charles J. Filardi, Jr., Esq. | 30 Jelliff Lane | | Southport | CT | 06890 | 203-319-4042 | 203-319-4034 | cfilardi@pepehazard.com | Federal Express Corporation |
| Pepper, Hamilton LLP | Anne Marie Aaronson | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | 215-981-4000 | 215-981-4750 | aaronsona@pepperlaw.com | Counsel for Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |

Delphi Corporation
2002 List - Email

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Pepper, Hamilton LLP | Linda J. Casey | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | 215-981-4000 | 215-981-4750 | caseyl@pepperlaw.com | Counsel for SKF USA, Inc. |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | 302-777-6500 | 302-421-8390 | jaffeh@pepperlaw.com | Counsel for SKF USA, Inc. |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | 215-981-4000 | 215-981-4750 | lawallf@pepperlaw.com | Counsel for Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Phillips Nizer LLP | Sandra A. Riemer, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel for Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | 212-858-1000 | 212-858-1500 | karen.dine@pillsburylaw.com | Counsel for Clarion Corporation of America |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | 7th Floor | Costa Mesa | CA | 92626-7122 | 714-436-6800 | 714-436-2800 | mark.houle@pillsburylaw.com | Counsel for Clarion Corporation of America |
| Pitney Hardin LLP | Ronald S. Beacher | 7 Times Square | | New York | NY | 10036 | 212-297-5800 | 212-682-3485 | rbeacher@pitneyhardin.com | Counsel for IBJTC Business Credit Corporation |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | 973-538-4006 | 973-538-5146 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | 973-538-4006 | 973-538-5146 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |
| Pryor & Mandelup, LLP | A. Scott Mandelup, Kenneth A. Reynolds | 675 Old Country Road | | Westbury | NY | 11590 | 516-997-0999 | 516-333-7333 | asm@pryormandelup.com kar@pryormandelup.com | Counsel for National Molding Corporation; Security Plastics Division/NMC LLC |
| QAD, Inc. | Jason Pickering, Esq. | 10,000 Midlantic Drive | | Mt. Laurel | NJ | 08054 | 856-840-2489 | 856-840-2740 | jkp@qad.com | Counsel to QAD, Inc. |
| Quadrangle Debt Recovery Advisors LLC | Andrew Herenstein | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | 212-418-1742 | 866-741-2505 | andrew.herenstein@quadranglegroup.com | Counsel to Quadrangle Debt Recovery Advisors LLC |
| Quadrangle Group LLC | Patrick Bartels | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | 212-418-1748 | 866-552-2052 | patrick.bartels@quadranglegroup.com | Counsel to Quadrangle Group LLC |
| Quarles & Brady Streich Lang LLP | John A. Harris | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | 602-229-5200 | 602-229-5690 | jharris@quarles.com | Counsel for Semiconductor Components Industries, Inc. |
| Quarles & Brady Streich Lang LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | 520-770-8717 | 520-770-2203 | knye@quarles.com | Counsel for Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation |
| Quarles & Brady Streich Lang LLP | Scott R. Goldberg | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | 602-229-5200 | 602-229-5690 | sgoldber@quarles.com | Counsel for Semiconductor Components Industries, Inc. |
| Reed Smith | Elena Lazarou | 599 Lexington Avenue | 29th Street | New York | NY | 10022 | 212-521-5400 | 212-521-5450 | elazarou@reedsmith.com | Counsel for General Electric Capital Corporation, Stategic Asset Finance. |
| Republic Engineered Products, Inc. | Joseph Lapinsky | 3770 Embassy Parkway | | Akron | OH | 44333 | 330-670-3004 | 330-670-3020 | jlapinsky@republicengineered.com | Counsel to Republic Engineered Products, Inc. |

Delphi Corporation
2002 List - Email

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|-----|-------|------------------|
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | 206-624-3600 | 206-389-1708 | jshickich@riddellwilliams.com | Counsel for Microsoft Corporation; Microsoft Licensing, GP |
| Riemer & Braunstein LLP | Mark S. Scott | Three Center Plaza | | Boston | MA | 02108 | 617-523-9000 | 617-880-3456 | mscott@riemerlaw.com | Counsel for ICX Corporation |
| Ropers, Majeski, Kohn & Bentley | Christopher Norgarrd | 515 South Flower Street | Suite 1100 | Los Angeles | CA | 90071 | 213-312-2000 | 213-312-2001 | cnorgaard@ropers.com | Counsel for Brembo S.p.A; Bibielle S.p.A.; AP Racing |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | 212-825-9457 | 212-825-9414 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Sachnoff & Weaver, Ltd | Charles S. Schulman, Arlene N. Gelman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | 312-207-1000 | 312-207-6400 | cschulman@sachnoff.com agelman@sachnoff.com | Counsel for Infineon Technologies North America Corporation |
| Schiff Hardin LLP | Michael Yetnikoff | 623 Fifth Avenue | 28th Floor | New York | NY | 10022 | 212-753-5000 | 212-753-5044 | myetnikoff@schiffhardin.com | Counsel for  Means Industries |
| Schiff Hardin LLP | William I. Kohn | 6600 Sears Tower | | Chicago | IL | 60066 | 312-258-5500 | 312-258-5600 | wkohn@schiffhardin.com | Counsel for  Means Industries |
| Schiffrin & Barroway, LLP | Michael Yarnoff | 280 King of Prussia Road | | Radnor | PA | 19087 | 610-667-7056 | 610-667-7706 | myarnoff@sbclasslaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schiffrin & Barroway, LLP | Sean M. Handler | 280 King of Prussia Road | | Radnor | PA | 19087 | 610-667-7706 | 610-667-7056 | shandler@sbclasslaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schulte Roth & Sabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | 212-756-2273 | 212-593-5955 | james.bentley@srz.com | Counsel for Panasonic Automotive Systems Company of America |
| Schulte Roth & Sabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | 212-765-2000 | 212-595-5955 | michael.cook@srz.com | Counsel for Panasonic Automotive Systems Company of America |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | 404-885-1500 | 404-892-7056 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk, Esq. | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | 617-946-4800 | 617-946-4801 | whanlon@seyfarth.com | Counsel for  le Belier/LBQ Foundry S.A. de C.V. |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | 225-757-2185 | 225-757-7674 | rthibeaux@shergarner.com | Counsel for Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | 504-299-2100 | 504-299-2300 | rthibeaux@shergarner.com | Counsel for Gulf Coast Bank & Trust Company |
| Shipman & Goodwin LLP | Jennifer L. Adamy | One Constitution Plaza | | Hartford | CT | 06103-1919 | 860-251-5811 | 860-251-5218 | bankruptcy@goodwin.com | Counsel for Fortune Plastics Company of Illinois, Inc.; Universal Metal Hose Co., |

Delphi Corporation
2002 List - Email

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | 212-643-7000 | 212-643-6500 | asherman@sillscummis.com | Counsel for Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | 212-643-7000 | 212-643-6500 | jzackin@sillscummis.com | Counsel for Hewlett-Packard Financial Services Company |
| Simpson Thacher & Bartlett LLP | Kenneth S. Ziman, Esq. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | cfox@stblaw.com | Counsel to JPMorgan Chase Bank, N.A. |
| Simpson Thacher & Bartlett LLP | William T. Russell, Jr., Esq. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | cfox@stblaw.com | Counsel to JPMorgan Chase Bank, N.A. |
| Smith, Gambrell & Russell, LLP | Barbara Ellis-Monro | 1230 Peachtree Street, N.E. | Suite 3100 | Atlanta | GA | 30309 | 404-815-3500 | 404-815-3509 | bellis-monro@sgrlaw.com | Counsel for Southwire Company |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | 302-652-8400 | 3026528405 | kmiller@skfdelaware.com | Counsel for Airgas, Inc. |
| Sony Electronics Inc. | Lloyd B. Sarakin - Chief Counsel, Finance and Credit | 1 Sony Drive | MD #1 E-4 | Park Ridge | NJ | 07656 | 201-930-7483 | | lloyd.sarakin@am.sony.com | Counsel to Sony Electronics, Inc. |
| Sotiroff & Abramczyk, P.C. | Robert M. Goldi | 30400 Telegraph Road | Suite 444 | Bingham Farms | MI | 48025 | 248-642-6000 | 248-642-9001 | rgoldi@sotablaw.com | Counsel for  Michigan Heritage Bank; MHB Leasing, Inc. |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | 502-245-0322 | 502-245-0542 | jmbaumann@steeltechnologies.com | Counsel for Steel Technologies, Inc. |
| Stein, Rudser, Cohen & Magid LLP | Robert F. Kidd | 825 Washington Street | Suite 200 | Oakland | CA | 94607 | 510-287-2365 | 510-987-8333 | rkidd@srcm-law.com | Counsel for Excel Global Logistics, Inc. |
| Steinberg Shapiro & Clark | Mark H. Shapiro | 24901 Northwestern Highway | Suite 611 | Southfield | MI | 48075 | 248-352-4700 | 248-352-4488 | shapiro@steinbergshapiro.com | Counsel for Bing Metals Group, Inc.; Central Transport International, Inc.; Crown Enerprises, Inc.; Economy Transport, Inc.; Logistics Insight Corp (LINC); Universal Am-Can, Ltd.; Universal Truckload Services, Inc. |
| Sterns & Weinroth, P.C. | Jeffrey S. Posta | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | 609-3922100 | 609-392-7956 | jposta@sternslaw.com | Counsel for Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Chester B. Salomon, Esq. Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 212-319-8500 | 212-319-8505 | cs@stevenslee.com cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | 816-842-8600 | 816-691-3495 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | 615-244-5200 | 615-782-2371 | madison.cashman@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | 615-244-5200 | 615-782-2371 | robert.goodrich@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | 502-681-0448 | 502-779-8274 | wbeard@stites.com | Counsel to WAKO Electronics (USA), Inc. and Ambrake Corporation |
| Swidler Berlin LLP | Jonathan P. Guy | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | 202-424-7500 | 202-424-7645 | jpguy@swidlaw.com | Counsel for Westwood Associates, Inc.; Sanders Lead Co. |
| Swidler Berlin LLP | Matthew W. Cheney | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | 202-424-7500 | 202-424-7645 | mwcheney@swidlaw.com | Counsel for Westwood Associates, Inc.; Sanders Lead Co. |

Delphi Corporation
2002 List - Email

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Swidler Berlin LLP | Roger Frankel | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | 202-424-7500 | 202-424-7645 | rfrankel@swidlaw.com | Counsel for Sanders Lead Co. |
| Swidler Berlin LLP | Richard H. Wyron | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | 202-424-7737 | 202-424-7645 | rhwyron@swidlaw.com | Counsel for Westwood Associates, Inc. |
| Swidler Berlin LLP | Robert N. Steinwurtzel | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | 202-424-7500 | 202-424-7645 | rnsteinwurtzel@swidlaw.com | Counsel for Sanders Lead Co. |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | 513-381-2838 | | ferrell@taftlaw.com | Counsel for Wren Industries, Inc. |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | 212-912-7679 | 212-912-7751 | jforstot@tpw.com | Counsel for TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | 212-912-7607 | 212-912-7751 | lcurcio@tpw.com | Counsel for TT Electronics, Plc |
| Thelen Reid & Priest LLP | David A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | 212-603-2000 | 212-603-2001 | dlowenthal@thelenreid.com | Counsel for American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | 713-654-1871 | 713-654-1871 | rhett.campbell@tklaw.com | Counsel for STMicroelectronics, Inc. |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 300 | Dallas | TX | 75201 | 214-969-1505 | 214-969-1609 | john.brannon@tklaw.com | Counsel for Victory Packaging |
| Thurman & Phillips, P.C. | Ed Phillips, Jr. | 8000 IH 10 West | Suite 1000 | San Antonio | TX | 78230 | 210-341-2020 | 210-344-6460 | ephillips@thurman-phillips.com | Counsel for Royberg, Inc. d/b/a Precision Mold & Tool and d/b/a Precision Mold and Tool Group |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | 212-308-7400 | | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| Togut, Segal & Segal LLP | Albert Togut, Esq. | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | bmcdonough@teamtogut.com | Conflicts counsel to Debtors |
| Tyler, Cooper & Alcorn, LLP | W. Joe Wilson | City Place | 35th Floor | Hartford | CT | 06103-3488 | 860-725-6200 | 860-278-3802 | jwilson@tylercooper.com | Counsel for Barnes Group, Inc. |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | 585-258-2800 | 585-258-2821 | hzamboni@underbergkessler.com | Counsel for McAlpin Industries, Inc. |
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO | David Jury, Esq. | Five Gateway Center | Suite 807 | Pittsburgh | PA | 15222 | 412-562-2549 | 412-562-2429 | djury@steelworkers-usw.org | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Vorys, Sater, Seymour and Pease LLP | Robert J. Sidman, Esq. | 52 East Gay Street | P.O. Box 1008 | Columbus | OH | 43216-1008 | 614-464-6422 | 614-719-8676 | rjsidman@vssp.com | |
| Wachtell, Lipton, Rosen & Katz | Emil A. Kleinhaus | 51 West 52nd Street | | New York | NY | 10019-6150 | 212-403-1000 | 212-403-2000 | EAKleinhaus@wlrk.com | Counsel for Capital Research and Management Company |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | 212-403-1000 | 212-403-2000 | RGMason@wlrk.com | Counsel for Capital Research and Management Company |
| Waller Lansden Dortch & Davis, PLLC | David E. Lemke, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | 615-244-6380 | 615-244-6804 | david.lemke@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Waller Lansden Dortch & Davis, PLLC | Robert J. Welhoelter, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | 615-244-6380 | 615-244-6804 | robert.welhoelter@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | 616-752-2185 | 616-222-2185 | gtoering@wnj.com | Counsel for Robert Bosch Corporation |

Delphi Corporation
2002 List - Email

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | 248-784-5131 | 248-603-9631 | mcruse@wnj.com | Counsel to Compuware Corporation |
| White & Case LLP | Margarita Mesones-Mori | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | 305-371-2700 | 305-358-5744 | mmesonesmori@whitecase.com | Counsel for Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | 414-273-2100 | 414-223-5000 | barnold@whdlaw.com | Counsel for Schunk Graphite Technology |
| Winstead Sechrest & Minick P.C. | Berry D. Spears | 401 Congress Avenue | Suite 2100 | Austin | TX | 78701 | 512-370-2800 | 512-370-2850 | bspears@winstead.com | Counsel for National Instruments Corporation |
| Winstead Sechrest & Minick P.C. | R. Michael Farquhar | 5400 Renaissance Tower | 1201 Elm Street | Dallas | TX | 75270 | 214-745-5400 | 214-745-5390 | mfarquhar@winstead.com | Counsel for National Instruments Corporation |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | 949-720-4100 | 949-720-4111 | mwinthrop@winthropcouchot.com | Counsel for Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | 949-720-4100 | 949-720-4111 | sokeefe@winthropcouchot.com | Counsel for Metal Surfaces, Inc. |
| WL Ross & Co., LLC | Oscar Iglesias | 600 Lexington Avenue | 19th Floor | New York | NY | 10022 | 212-826-1100 | 212-317-4893 | oiglesias@wlross.com | Counsel for WL. Ross & Co., LLC |
| Zeichner Ellman & Krause LLP | Peter Janovsky | 575 Lexington Avenue | | New York | NY | 10022 | 212-223-0400 | 212-753-0396 | pjanovsky@zeklaw.com | Counsel for Toyota Tsusho America, Inc. |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | 212-223-0400 | 212-753-0396 | skrause@zeklaw.com | Counsel for Toyota Tsusho America, Inc. |

# EXHIBIT C

Delphi Corporation
2002 List - First Class Mail

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Akebono Corporation (North America) | Alan Swiech | 34385 Twelve Mile Road | | Farminton Hills | MI | 48331 | 248-489-7406 | 866-609-0888 | aswiech@akebobo-usa.com | Vice President of Administration for Akebono Corporation |
| Ambrake Corporation | Ronald L. Jones | 300 Ring Road | | Elizabethtown | KY | 42701 | 270-765-0208 | 270-234-2395 | | Representative for Ambrake Corporation |
| Arnall Golden Gregory LLP | Heath J. Vicente | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | 404-873-8682 | 404-873-8683 | heath.vicente@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Bernstein Litowitz Berger & Grossman | Eileen McNerney | 1285 Avenue of the Americas | | New York | NY | 10019 | 212-554-1485 | 212-554-1444 | emcnerney@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | 313-393-7592 | 313-393-7579 | rcmcdowell@bodmanllp.com | Counsel for Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V. |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | 313-259-7777 | | rmcdowell@bodmanllp.com | Counsel for Lear Corporation |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | 313-259-7777 | | rmcdowell@bodmanllp.com | Counsel for American Axle & Manufacturing, Inc. |
| Frank D. Jones | | 158 New York Circle Cr. | | Whitesburg | KY | 41858-9122 | | | | |
| HAL/ERC-Legal | Tillie Lim, Esq. | 50 Prospect Avenue | | Tarrytown | NY | 10591 | | | | Counsel to Hitachi Automotive Products (USA), Inc. |
| Harris D. Leinwand | Harris D. Leinwand | 350 Fifth Avenue | Suite 2418 | New York | NY | 10118 | 212-725-7338 | 212-244-6219 | | Counsel for Baker Hughes Incorporated; Baker Petrolite Corporation |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | 617-542-3000 | 617-542-3001 | knorthrup@kutchinrufo.com | Counsel for Parlex Corporation |
| Lord, Bissel & Brook | Timothy S. McFadden | 115 South LaSalle Street | | Chicago | IL | 60603 | 312-443-0370 | 312-896-6394 | tmcfadden@lordbissel.com | Counsel for Methode Electronics, Inc. |
| Lord, Bissel & Brook | Timothy W. Brink | 115 South LaSalle Street | | Chicago | IL | 60603 | 312-443-1832 | 312-443-896-6432 | tbrink@lordbissel.com | Counsel for Sedgwick Claims Management Services, Inc. |
| Lord, Bissel & Brook LLP | Kevin J. Walsh  Rocco N. Covino | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | 212-947-8304  212-947-8340 | 212-947-1202 | kwalsh@lordbissel.com  rcovino@lordbissel.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | 303-957-4254 | 303-957-2098 | | Representative for Madison Capital Management |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | 212-609-6800 | 212-609-6921 | | Counsel to Ward Products, LLC |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raternink | PO Box 30736 | | Lansing | MI | 48909-7717 | 517-373-1820 | 517-373-2129 | | Assistant Attorney General for Worker's Compensation Agency |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | 517-373-1820 | 517-373-2129 | | Attorney General for Worker's Compensation Agency |
| Morgan, Lewis & Bockius LLP | William C. Heuer, Esq. | 101 Park Avenue | | New York | NY | 10178-0060 | 212-309-6000 | 212-309-6001 | wheuer@morganlewis.com | Counsel to Sumitomo Corporation |
| Noma Company and General Chemical Performance Products LLC | James Imbriaco | 90 East Halsey Road | | Parsippany | NJ | 07054 | 973-884-6952 | 973-515-3244 | | |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | 207-791-1100 | 207-791-1350 | kcunningham@piercewood.com | Counsel for FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 2

11/30/2005 10:02 AM
2002 lists 051125

Delphi Corporation
2002 List - First Class Mail

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| The Timken Corporation BIC - 08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706 | | | | Representative for Timken Corporation |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | 616-752-2158 | | | Counsel for Behr Industries Corp. |
| White & Case LLP | John K. Cunningham | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | 212-819-8200 | | | Counsel for Appaloosa Management, LP |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 2

11/30/2005 10:02 AM
2002 lists 051125

# EXHIBIT D

**Hearing Date and Time: December 16, 2005 at 10:00 a.m.**
**Objection Deadline:  December 9, 2005 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
     Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
        In re                         :     Chapter 11
                                      :
DELPHI CORPORATION, et al.,           :     Case No. 05-44481 (RDD)
                                      :
                   Debtors.           :     (Jointly Administered)
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOTION FOR ORDER UNDER 11 U.S.C. § 363 AND FED. R.
BANKR. P. 2002, 6004, AND 9013 AUTHORIZING  DEBTORS
TO TRANSFER SHARES AND MERGE CERTAIN WHOLLY-
OWNED, NON-DEBTOR SUBSIDIARIES

("MOTION TO TRANSFER SHARES AND MERGE SUBSIDIARIES")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession (collectively, the "Debtors"), hereby submit this motion (the "Motion") for an order under 11 U.S.C. § 363, And Fed. R. Bankr. P. 2002, 6004, And 9013 Authorizing Debtors To Transfer Shares And Merge Certain Wholly-Owned, Non-Debtor Subsidiaries.  In support of this Motion, the Debtors submit the Declaration of Robert H. Sparks, dated November 23, 2005.  In further support of the Motion, the Debtors respectfully represent as follows:

<u>Background</u>

A.    <u>The Chapter 11 Filings</u>

1.    On October 8, 2005, Delphi and certain of its U.S. subsidiaries filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").  On October 14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary petitions in this Court for reorganization relief under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    On October 17, 2005, the Office of the United States Trustee appointed an official committee of unsecured creditors.  No trustee or examiner has been appointed in the Debtors' cases.

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.     The statutory predicate for the relief requested herein is section 363

of the Bankruptcy Code and Rules 2002, 6004, and 9013 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules").

B.     Current Business Operations Of The Debtors

5.     With more than 180,000 employees worldwide, global 2004 revenues

of approximately $28.6 billion, and global assets as of August 31, 2005 of approximately

$17.1 billion,[1] Delphi ranks as the fifth largest public company business reorganization in

terms of revenues, and the thirteenth largest public company business reorganization in

terms of assets.  Delphi's non-U.S. subsidiaries are not chapter 11 debtors, will continue

their business operations without supervision from the Bankruptcy Court, and will not be

subject to the chapter 11 requirements of the U.S. Bankruptcy Code.

6.     Over the past century, the operations which are now owned by

Delphi have developed leading global technology innovations with significant

engineering resources and technical competencies in a variety of disciplines.  Today, the

Company (as defined below) is arguably the single largest global supplier of vehicle

electronics, transportation components, integrated systems and modules, and other

electronic technology.  The Company's technologies and products are present in more

than 75 million vehicles on the road worldwide.  The Company supplies products to

nearly every major global automotive original equipment manufacturer, with 2004 sales

to its former parent, General Motors Corporation, equaling approximately $15.4 billion

---

[1]     The aggregated financial data used in this Motion generally consists of
consolidated information from Delphi and its worldwide subsidiaries and
affiliates.

and sales to each of Ford Motor Company, DaimlerChrysler Corporation, Renault/Nissan Motor Company, Ltd., and Volkswagen Group exceeding $850 million.

7.     As part of its growth strategy, Delphi has established an expansive global presence with a network of manufacturing sites, technical centers, sales offices, and joint ventures located in every major region of the world.  In the U.S., the Debtors employ approximately 50,600 people.  Those employees work in approximately 44 manufacturing sites and 13 technical centers across the country, and in Delphi's worldwide headquarters and customer center located in Troy, Michigan.  Approximately 34,750 of these individuals are hourly employees, 96% of whom are represented by approximately 49 different international and local unions.  Outside the United States, the Company's foreign entities employ more than 134,000 people, supporting 120 manufacturing sites and 20 technical centers across nearly 40 countries worldwide.

8.     Delphi was incorporated in Delaware in 1998 as a wholly-owned subsidiary of GM.  Prior to January 1, 1999, GM conducted the Company's business through various divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to Delphi and its subsidiaries and affiliates (collectively, the "Company") in accordance with the terms of a Master Separation Agreement between Delphi and GM.  In connection with these transactions, Delphi accelerated its evolution from a North American-based, captive automotive supplier to a global supplier of components, integrated systems, and modules for a wide range of customers and applications.  Although GM is still the Company's single largest customer, today more than half of Delphi's revenue is generated from non-GM sources.

4

9.    Due to the significant planning that goes into each vehicle model, Delphi's efforts to generate new business do not immediately affect its financial results, because supplier selection in the auto industry is generally finalized several years prior to the start of production of the vehicle.  When awarding new business, which is the foundation for the Company's forward revenue base, customers are increasingly concerned with the financial stability of their supply base.  The Debtors believe that they will maximize stakeholder value and the Company's future prospects if they stabilize their businesses and continue to diversify their customer base.  The Debtors also believe that this must be accomplished in advance of the expiration of certain benefit guarantees between GM and certain of Delphi's unions representing most of its U.S. hourly employees which coincides with the expiration of the Company's U.S. collective bargaining agreements in the fall of 2007.

C.    Events Leading To Chapter 11 Filing

10.    In the first two years following Delphi's separation from GM, the Company generated more than $2 billion in net income.  Every year thereafter, however, with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the Company reported a net operating loss of $482 million on $28.6 billion in net sales. Reflective of a downturn in the marketplace, Delphi's financial condition has deteriorated further in the first six months of 2005.  The Company experienced net operating losses of $608 million for the first six months of calendar year 2005 on six-month net sales of

$13.9 billion, which is approximately $1 billion less in sales than during the same time

period in calendar year 2004.[2]

11.    The Debtors believe that three significant issues have largely

contributed to the deterioration of the Company's financial performance: (a) increasingly

unsustainable U.S. legacy liabilities and operational restrictions driven by collectively

bargained agreements, including restrictions preventing the Debtors from exiting non-

strategic, non-profitable operations, all of which have the effect of creating largely fixed

labor costs, (b) a competitive U.S. vehicle production environment for domestic OEMs

resulting in the reduced number of motor vehicles that GM produces annually in the

United States and related pricing pressures, and (c) increasing commodity prices.

12.    In light of these factors, the Company determined that it would be

imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities,

product portfolio, operational issues, and forward looking revenue requirements.  Having

concluded that pre-filing discussions with its Unions and GM were not leading to the

implementation of a plan sufficient to address the Debtors' issues on a timely basis, the

Company determined to commence these chapter 11 cases for its U.S. businesses to

complete the Debtors' transformation plan and preserve value.

13.    Through the reorganization process, the Debtors intend to achieve

competitiveness for Delphi's core U.S. operations by modifying or eliminating non-

competitive legacy liabilities and burdensome restrictions under current labor agreements

and realigning Delphi's global product portfolio and manufacturing footprint to preserve

---

[2]        Reported net losses in calendar year 2004 were $4.8 billion, reflecting a $4.1
billion tax charge, primarily related to the recording of a valuation allowance on
the U.S. deferred tax assets as of December 31, 2004.

the Company's core businesses.  This will require negotiation with key stakeholders over

their respective contributions to the restructuring plan or, absent consensual participation,

the utilization of the chapter 11 process to achieve the necessary cost savings and

operational effectiveness envisioned in the Company's transformation plan.  The Debtors

believe that a substantial segment of Delphi's U.S. business operations must be divested,

consolidated, or wound-down through the chapter 11 process.

14.    Upon the conclusion of this process, the Debtors expect to emerge

from chapter 11 as a stronger, more financially sound business with viable U.S.

operations that are well-positioned to advance global enterprise objectives.  In the

meantime, Delphi will marshal all of its resources to continue to deliver value and high-

quality products to its customers globally.  Additionally, the Company will preserve and

continue the strategic growth of its non-U.S. operations and maintain its prominence as

the world's premier auto supplier.

Relief Requested

15.    By this Motion, the Debtors seek entry of an order under 11 U.S.C.

§ 363 authorizing Delphi Automotive Systems (Holding), Inc. (USA) ("DASHI") to (a)

transfer the shares of its direct, wholly-owned, non-Debtor subsidiary Delphi Automotive

Systems Holding GmbH ("DAS Holding") to another indirect, wholly-owned, non-

Debtor subsidiary Delphi Holding GmbH ("Delphi Holding"), and (b) to merge DAS

Holding into Delphi Holding (together, the "Transaction").  The Transaction will allow

the Debtors to eliminate an unnecessary legal entity in Austria, provide for tax

consolidation of Delphi's Austrian operations to make them more tax efficient, and create

a more tax efficient structure for future dividend repatriations to the Debtors.   The

7

Debtors respectfully submit that the decision to complete the Transaction represents a

proper exercise of the Debtors' business judgment.

Basis For Relief

A. The Current Structure

      16.   The Debtor DASHI currently has two indirect, wholly-owned, non-

Debtor operating subsidiaries in Austria: Delphi Packard Austria GmbH & Co KG

("Packard Austria") and Delphi Automotive Systems Vienna GmbH ("DAS Vienna").

The first operating company is DAS Vienna which is owned by DAS Holding.  DAS

Holding is owned directly by DASHI which is a Debtor and a corporation incorporated in

the state of Delaware.  Packard Austria is the second operating company, which is owned

by Delphi Holding.  Delphi Holding, in turn, is owned by Delphi Holdings Luxembourg

Sarl (Luxembourg), which is wholly-owned by Delphi International Holdings

Corporation Luxembourg SCS (Luxembourg) ("Delphi Holdings Luxembourg").  These

entities are not Debtors in the chapter 11 cases.  Delphi Holdings Luxembourg is directly

owned by DASHI.  The diagram below illustrates the current legal relationship of the

relevant entities:

8



17.    As shown in the chart above, the current corporate structure is inefficient from a tax perspective.  Having two Austrian operating companies (Packard Austria and Delphi Vienna) owned by separate holding companies that are owned by separate non-Austrian entities prevents the two operating companies from entering into a tax consolidation in Austria.  A tax consolidation would permit potential losses generated

by either DAS Vienna or Packard Austria in the future to offset the taxable income of the other.

B.    <u>The Proposed Transaction</u>

        18.   By this Motion, the Debtors seek to simplify their corporate structure in Austria and achieve tax efficiencies through the consolidation reflected in the proposed Transaction.  To do so, the Debtors seek to modify the ownership of the two Austrian operating entities to align those operating entities under a single Austrian holding company.  In connection with the proposed Transaction:

    (a)   DASHI will transfer all of its shares of DAS Holding to Delphi Holding for € 1.00 prior to December 31, 2005, and

    (b)   DAS Holding will be merged into Delphi Holding prior to June 30, 2006.

        19.   The Transaction will not affect the operating subsidiaries.  Separate accounting, trial balances, and financial reporting will remain in place for Delphi Vienna and Packard Austria.  The only change is that Delphi Vienna will move from its position as a direct subsidiary of DAS Holding to a direct subsidiary of Delphi Holding.  Delphi Vienna will remain, however, an indirect wholly-owned subsidiary of the Debtor DASHI. In addition, although there will be additional holding companies between Delphi Vienna and DASHI, the value of the shares in the intermediary holding company owned by DASHI will be enhanced by at least the value of DAS Holding shares transferred to it.

        20.   Upon consummation of the Transaction, the resulting corporate structure will be set forth in the following diagram:



<u>Applicable Authority</u>

21.    The Debtors submit that under section 363 of the Bankruptcy Code
and Bankruptcy Rules 2002, 6004, and 9013, as well as 11 U.S.C. § 105, this Court
should authorize the Debtors to enter into the Transaction.

22.    Section 363(b)(1) of the Bankruptcy Code provides, in pertinent part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Although section 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, courts in the Second Circuit and others, in applying this section, have required that it be based upon the sound business judgment of the debtor. See In re Chateaugay Corp., 973 F.2d 141 (2d Cir. 1992) (holding that a judge determining a § 363(b) application must find from the evidence presented before him a good business reason to grant such application); Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983) (same); In re Delaware Hudson Ry. Co., 124 B.R. 169, 179 (Bankr. D. Del. 1991).

23.    Once the debtor articulates a valid business justification, "'[there is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" In re Integrated Resources, Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)); see also In re RCN Corp., June 22, 2004 Hr'g Tr. ¶¶ 51:3–12 (approving exit financing commitments pursuant to 363(b) of the Bankruptcy Code).  Once a valid business judgment is made, the business judgment rule shields a debtor's management from judicial second-guessing. In re Farmland Indus., Inc., 294 B.R. at 913 (quoting In re Johns-Manville Corp., 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986)) ("'[T]he Code favors the continued operation of a

business by a debtor and a presumption of reasonableness attaches to a debtor's

management decisions.'"). Once the Debtors articulate a valid business justification,

"[t]he business judgment rule 'is a presumption that in making a business decision the

directors of a corporation acted on an informed basis, in good faith and in the honest

belief that the action was in the best interests of the company.'" In re Integrated Res., Inc.,

147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872

(Del. 1985)).

   24. Here, the Debtors submit that the Transaction is in the ordinary

course of their businesses and arguably requires no Court authorization. The Debtors

have frequently engaged in restructurings of this type in the past, and such restructurings

are common in multi-national corporations such as Delphi. Moreover, the debtor-in-

possession financing documents, approved by this Court on October 28, 2005, expressly

refers to and authorizes the Debtors to carry out mergers similar to the restructuring

contemplated in the Transaction. In any event, even if not considered to be in the

ordinary course, the approval of the Transaction is warranted under section 363 of the

Bankruptcy Code. The Transaction contemplates the "use" of estate assets by virtue of

the transfer of shares and subsequent merger. In addition, the Transaction also reflects a

valid exercise of the Debtors' business judgment in light of the benefits that will accrue to

the Debtors as a result of the Transaction. See In re Baldwin United Corp., 43 B.R. 888,

890 n.1 (Bankr. S.D. Ohio 1984) (agreeing that the standard of section 363 of the

Bankruptcy Code should govern the determination whether to agree to the dissolution of

the partnership).

13

25.    Moreover, section 105(a) of the Bankruptcy Code also gives this Court broad authority under its equitable powers to fashion any order or decree that would preserve or protect the value of the debtor's assets.  See, e.g., Adelphia Communs. Corp. v. Rigas, 2003 U.S. Dist. LEXIS 9349, at *12 (S.D.N.Y. 2003) ("Section 105 of Title 11 provides the bankruptcy courts with a broad range of equitable powers over cases within its jurisdiction"); Griffin v. Bonapfel (In re All American of Ashburn, Inc.), 805 F.2d 1515, 1517 (11th Cir. 1986) (per curiam) (noting that section 105(a) provides authority for bankruptcy courts to protect estate property).

26.    In light of the benefits expected to accrue to the Debtors by consummating the Transactions, this Court should grant the relief requested in this Motion.  As noted above, the Transactions will bring tangible, important benefits to the Debtors.  In particular, the transaction will allow the Debtors to eliminate an unnecessary legal entity in Austria, provide for tax consolidation of Delphi's Austrian operations to make them more tax efficient, and create a more tax efficient structure for future dividend repatriations.  The transferred shares of Delphi Vienna will be held by Delphi Holding, an indirect wholly-owned subsidiary of the Debtor DASHI.  Additionally, the value of the shares in the intermediate holding company held by DASHI will be enhanced by at least the value of the DAS Holding shares transferred to it.  Accordingly, consummating the Transactions represents a valid exercise of the Debtors' business judgment, is in the best interests of the estates, and should be granted.

## Notice

27.    Notice of this Motion has been provided in accordance with the Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case

Management, And Administrative Procedures, And (III) Scheduling An Initial Case

Conference In Accordance With Local Bankr. R. 1007-2(e), which was entered by this

Court on October 14, 2005 (Docket No. 245).  In light of the nature of the relief requested,

the Debtors submit that no other or further notice is necessary.


<u>Memorandum Of Law</u>

28.    Because the legal points and authorities upon which this Motion

relies are incorporated herein, the Debtors respectfully request that the requirement of the

service and filing of a separate memorandum of law under Local Rule 9013-1(b) be

deemed satisfied.

WHEREFORE, the Debtors respectfully request that this Court enter an order (a)

authorizing the Debtors to transfer shares and merge certain indirect, wholly-owned, non-

Debtor subsidiaries and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       November 23, 2005

                    SKADDEN, ARPS, SLATE, MEAGHER
                      & FLOM LLP

                    By: s/  John Wm. Butler, Jr.
                        John Wm. Butler, Jr. (JB 4711)
                        John K. Lyons (JL 4951)
                        Ron E. Meisler (RM 3026)
                    333 West Wacker Drive, Suite 2100
                    Chicago, Illinois  60606
                    (312) 407-0700

                            - and -

                    By: s/  Kayalyn A. Marafioti
                        Kayalyn A. Marafioti (KM 9632)
                      Thomas J. Matz (TM 5986)
                    Four Times Square
                    New York, New York 10036
                    (212) 735-3000

                    Attorneys for Delphi Corporation, et al.,
                      Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                        :

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 2002, 6004, AND
9013 AUTHORIZING  DEBTORS TO TRANSFER SHARES AND MERGE
CERTAIN WHOLLY-OWNED, NON-DEBTOR SUBSIDIARIES

("ORDER TO TRANSFER SHARES AND MERGE SUBSIDIARIES")

Upon the motion, dated November 23, 2005 (the "Motion"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the

"Order") under 11 U.S.C. § 363, And Fed. R. Bankr. P. 2002, 6004, And 9013

Authorizing Debtors To Transfer Shares And Merge Certain Wholly-Owned, Non-Debtor

Subsidiaries; and upon the declaration of Robert H. Sparks, dated November 23, 2005 in

support of the Motion; and upon the record of the hearing held on the Motion; and this

Court having determined that the relief requested in the Motion is in the best interests of

the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing

that proper and adequate notice of the Motion has been given and that no other or further

notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:

A.      The Debtors have exercised reasonable business judgment in
deciding to (a) transfer the shares of their direct, wholly-owned, non-Debtor subsidiary
Delphi Automotive Systems Holding Vienna GmbH ("DAS Holding") to another indirect,
wholly-owned, non-Debtor subsidiary Delphi Holding GmbH ("Delphi Holding"), and (b)
to merge DAS Holding into Delphi Holding (together, the "Transaction").

B.      The consummation of the Transaction is properly authorized under
all applicable provisions of the Bankruptcy Code, including, without limitation, section
363 of the Bankruptcy Code, and all of the applicable provisions of such section have
been complied with in respect thereof.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED.

2.      The Debtors are authorized to consummate the Transaction under
the terms set forth in the Motion, and that the Transaction is approved pursuant to section
363 of the Bankruptcy Code and Rules 2002, 6004, and 9013 of the Federal Rules of
Bankruptcy Procedure.

3.      This Court shall retain jurisdiction to hear and determine all
matters arising from the implementation of this Order.

4.      The requirement under Rule 9013-1(b) of the Local Bankruptcy
Rules for the United States Bankruptcy Court for the Southern District of New York for
the service and filing of a separate memorandum of law is deemed satisfied by the
Motion.

Dated:    New York, New York
          December __, 2005


_____
UNITED STATES BANKRUPTCY JUDGE

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
        In re                       :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :    Case No. 05-44481 (RDD)
                                    :
                    Debtors.        :    (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DECLARATION OF ROBERT H. SPARKS IN SUPPORT OF
MOTION FOR ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR.
P. 2002, 6004, AND 9013 AUTHORIZING  DEBTORS TO TRANSFER
SHARES AND MERGE CERTAIN WHOLLY-OWNED, NON-
DEBTOR SUBSIDIARIES

I, Robert H. Sparks, declare that the following is true to the best of my knowledge, information, and belief:

1.     I am the General Tax Counsel - International for Delphi Corporation ("Delphi"), debtor and debtor-in-possession in the above-captioned chapter 11 cases. I am familiar with the Debtors' international operations since I am responsible for overseeing the direct and indirect tax affairs of Delphi's subsidiaries outside of the United States. I have held this position in Delphi since 1999.

2.     I submit this declaration in support of the motion for an order under 11 U.S.C. § 363 And 365 Authorizing Debtors To Transfer Shares And Merge Certain Indirect, Wholly-Owned, Non-Debtor Subsidiaries (the "Motion"). Pursuant to the Motion, the Debtors seek entry of an order to (a) transfer the shares of its direct wholly-owned, non-Debtor subsidiary Delphi Automotive Systems Holding GmbH ("DAS Holding") to another indirectly wholly-owned, non-Debtor subsidiary Delphi Holding GmbH ("Delphi Holding"), and (b) to merge DAS Holding into Delphi Holding (together, the "Transaction").

3.     The Transaction will allow the Debtors to eliminate an unnecessary legal entity in Austria, provide for tax consolidation of Delphi's Austrian operations to make them more tax efficient, and create a more tax efficient structure for future dividend repatriations to the Debtors.

The Current Structure

4.     The Debtor DASHI currently has two indirect, wholly-owned, non-Debtor operating subsidiaries in Austria: Delphi Packard Austria GmbH & Co KG ("Packard Austria") and Delphi Automotive System Vienna GmbH ("DAS Vienna"). The first operating company is DAS Vienna, which is owned by DAS Holding. DAS

Holding is owned directly by DASHI, a Debtor incorporated in the state of Delaware.

Packard Austria is the second operating company, which is owned by Delphi Holding.

Delphi Holding in turn is owned by Delphi Holdings Luxembourg Sarl (Luxembourg),

which is wholly-owned by Delphi International Holdings Corporation Luxembourg SCS

(Luxembourg) ("Delphi Holdings Luxembourg").  These entities are not Debtors in the

chapter 11 cases.   Delphi Holdings Luxembourg is directly owned by DASHI.

      5.    The current corporate structure is inefficient from a tax perspective.

Having two Austrian operating companies (Packard Austria and Delphi Vienna) owned

by separate holding companies that are owned by separate non-Austrian entities prevents

the two operating companies from entering into a tax consolidation in Austria.  A tax

consolidation would permit potential losses generated by either DAS Vienna or Packard

Austria in the future to offset the taxable income of the other.

B.    <u>The Proposed Transaction</u>

      6.  Under the proposed Transaction, the Debtors seek to simply their

corporate structure in Austria and achieve tax efficiencies through the consolidation

reflected in the proposed Transaction.  To do so, the Debtors seek to modify the

ownership of operating entities to align those operating entities under a single Austrian

holding company.  In connection with the proposed Transaction:

      (a)    DASHI will transfer all of its shares of DAS Holding to
Delphi Holding for € 1.00 prior to December 31, 2005, and

      (b)    DAS Holding will be merged into Delphi Holding prior to
June 30, 2006.

      7.    The Transaction will not affect the operating subsidiaries.

Separate accounting, trial balances, and financial reporting will remain in place for

Delphi Vienna and Packard Austria.  The only change is that Delphi Vienna will move

from its position as a direct subsidiary of DAS Holding to a direct subsidiary of Delphi

Holding.  Delphi Vienna will remain, however, an indirect wholly-owned subsidiary of

the Debtor DASHI.  In addition, although there will be additional holding companies

between Delphi Vienna and DASHI, the value of the shares in the intermediary holding

company owned by DASHI should be enhanced by  the value of DAS Holding shares

transferred to it.

        8.      I declare, under penalty of perjury, that the foregoing is true and

correct.

 Executed on November 23, 2005.


            _s/  Robert H. Sparks_____
            ROBERT H. SPARKS

**Hearing Date and Time: December 16, 2005 at 10:00 a.m.**
**Objection Deadline:  December 9, 2005 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                  :
        In re                                     :    Chapter 11
                                                  :
    DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                                  :
                              Debtors.            :    (Jointly Administered)
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

NOTICE OF MOTION FOR ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P.
2002, 6004, AND 9013 AUTHORIZING  DEBTORS TO TRANSFER SHARES AND
MERGE CERTAIN WHOLLY-OWNED, NON-DEBTOR SUBSIDIARIES

PLEASE TAKE NOTICE that on November 23, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases, filed the Motion For Order 11 U.S.C. § 363 And Fed. R. Bankr. P. 2002, 6004, And 9013 Authorizing Debtors To Transfer Shares And Merge Certain Wholly-Owned, Non-Debtor Subsidiaries (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Motion will be held on December 16, 2005, at 10:00 a.m. (Prevailing Eastern Time) (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York, 10004.

PLEASE TAKE FURTHER NOTICE that objections, if any, to approval of the Motion (a) must be in writing, (b) must conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York and the Order Under 11 U.S.C. §§ 102 (1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance With Local Bankr. R. 1007-2(e) (the "Case Management Order") (Docket No. 245), (c) must be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) must be submitted in hard-copy form directly to the chambers of the

2

Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) must be served upon

(i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel),

(ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker

Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel for

the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP,

425 Lexington Avenue, New York, New York 10017 (Att'n:  Kenneth S. Ziman), (iv)

counsel for the agent under the Debtors' postpetition credit facility, Davis Polk & Wardell,

450 Lexington Avenue, New York, New York 10017 (Att'n:  Marlane Melican), (v)

counsel for the official committee of unsecured creditors, Latham & Watkins, 885 Third

Avenue, New York, New York, 10022 (Att'n:  Robert J. Rosenberg and Mark A. Broude),

and (vi) the Office of the United States Trustee for the Southern District of New York, 33

Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in

each case so as to be **received** no later than **4:00 p.m. (Prevailing Eastern Time)** on

**December 9, 2005** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections made in writing,

in accordance with the Case Management Order, and timely filed and received by the Objection

Deadline will be considered by the Bankruptcy Court at the Hearing.  If no objections to the

Motion are timely filed and served in accordance with the procedures set forth herein, the

Bankruptcy Court may enter an order granting the Motion **without further notice.**

Dated: New York, New York
      November 23, 2005

                  SKADDEN, ARPS, SLATE, MEAGHER
                    & FLOM LLP

                  By: /s/ John Wm. Butler, Jr.
                     John Wm. Butler, Jr. (JB 4711)
                     John K. Lyons (JL 4951)
                     Ron E. Meisler (RM 3026)
                  333 West Wacker Drive, Suite 2100
                  Chicago, Illinois  60606
                  (312) 407-0700

                        - and -

                  By: /s/ Kayalyn A. Marafioti
                     Kayalyn A. Marafioti (KM 9632)
                     Thomas J. Matz (TM 5986)
                  Four Times Square
                  New York, New York  10036
                  (212) 735-3000

                  Attorneys for Delphi Corporation, et al.,
                   Debtors and Debtors-in-Possession

4

# EXHIBIT E

TOGUT, SEGAL & SEGAL LLP
Co-Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)
Anthony M. Vassallo (AV-3169)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

**HEARING DATE:** 11/29/05
**AT:** 10:00 A.M.

---------------------------------------------------------------x
                             :

In re:                        :

                             :    Chapter 11

DELPHI CORPORATION, *et al.*,    :    Case No. 05-44481 [RDD]

                             :

                 Debtors.    :    Jointly Administered

                             :

---------------------------------------------------------------x

## DEBTORS' OBJECTION TO THE MOTION OF BANK OF AMERICA N.A. FOR (I) ADEQUATE PROTECTION OF SECURITY INTERESTS IN COLLATERAL;  AND (II) TERMINATION OF THE AUTOMATIC STAY REGARDING CASH COLLATERAL

**TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:**

           Delphi Corporation ("Delphi"), Delphi Automotive Systems, LLC and

Delphi Automotive Systems Human Resources, LLC ("Delphi HR"), debtors and

debtors in possession in the above-captioned cases (collectively, the "Debtors"), by their

undersigned counsel, as and for their objection to the motion dated November 11, 2005

(the "Motion") of Bank of America N.A. ("Bank of America") for an Order granting

adequate protection of its asserted interest in certain collateral relating to two aircraft

that are the subject of agreements between Delphi HR and Bank of America, including

Bank of America's demand for (a) the grant of replacement liens to Bank of America in

any similar, after-acquired collateral, including cash collateral;  and (b) terminating the

automatic stay and directing the Debtors to account for and immediately turn over all

cash collateral immediately upon receipt, respectfully state:

## PRELIMINARY STATEMENT

1.    The Debtors maintain manufacturing and business facilities

throughout the United States, and many of those facilities are located in remote areas

that are not serviced by major or regional air carriers.

2.    As part of their continuing efforts to achieve maximum profitability

and to eliminate unnecessary cost and delay, the Debtors use two Aircraft (defined

below) to transport personnel to the airstrips that are located closest to the Debtor's

remote facilities.

3.    Moreover, to defray the costs associated with use of the Aircraft,

the Debtors entered into charter agreements prior to the Filing Date pursuant to which

the Debtors collect charter fees.[1]  Revenue that is generated by the charter agreements

help to satisfy the monthly maintenance and operating expenses of the Aircraft.  Bank

of America consented to those Charter Agreements.

4.    The Debtors' use of the Aircraft is subject to, <u>inter</u> <u>alia</u>, the

agreements with Bank of America, as successor to Fleet National Bank:  the Learjet

---

[1]    The Aircraft are not subject to Bankruptcy Code section 1110.  Section 1110 applies to "an aircraft, aircraft engine, propeller, appliance or spare part . . . that is subject to a security interest granted by, leased to, or conditionally sold to a debtor that, at the time such transaction is entered into, holds an air carrier operating certificate issued pursuant to chapter 44 of title 49 for aircraft capable of carrying 10 or more individuals or 6,000 pounds or more of cargo; . . . ."  11 U.S.C. § 1110(a)(3)(A)(i).  The Debtors do not hold operating certificates to the Aircraft;  the charter companies do.  Therefore, section 1110 does not apply to the Aircraft and related collateral.  Consequently, the Aircraft and other related Agreements are presently governed by section 365 of the Bankruptcy Code.  <u>See</u> <u>In re UAL Corp.</u>, No. 02 B 48191, 2005 WL 3071261 at *3 (Bankr. N.D. Ill. Nov. 15, 2005) (section 365(d)(10) can apply to aircraft leases.)

2

agreement and the Challenger agreement (collectively, the "Agreements").  Pursuant to

the Agreements, Bank of America, maintains title to each of the Aircraft and asserts first

priority liens against the Aircraft, aircraft engines, parts accessories, replacements and

substitutions (the "Collateral"), and all charter revenue (the "Cash Collateral").

5.    Nothing in the October 28, 2005 Final Order (the "Final Order") of

the Court authorizing the Debtors to, *inter alia*, obtain post-petition financing and to use

cash collateral impaired the liens asserted by Bank of America:

> *Aircraft Leases*.  Notwithstanding anything to the contrary contained in this
> Order, no DIP Liens or any other liens or interests granted, authorized or
> contemplated herein shall attach to any interests of Delphi Automotive Systems
> Human Resources, LLC ("Delphi HR") in two leases of aircraft, both of which are
> dated March 30, 2001 between Bank of America, N.A. and Delphi HR (the
> "Aircraft Leases"), or in any personal property that is the subject of the Aircraft
> Leases.

Final Order, para. 25.

6.    In fact, Bank of America objected to entry of the Final Order and

sought the very relief that it now seeks, again, in the Motion:  replacement liens and

delivery of the Cash Collateral as a form of periodic payments.   A copy of Bank of

America's Objection (without exhibits) is annexed hereto as Exhibit "1".  The Court

overruled that Objection, and paragraph 25 of the Final Order was included to confirm

that the liens that were created by the Final Order in favor of the Debtors' post-petition

lenders do not extend to the Collateral or the Cash Collateral.

7.    Bank of America's present Motion is an improper request that the

Court revisit an Objection that has already been overruled and addressed.  A copy of

the pertinent portion of the October 27, 2005 hearing concerning the Final Order is

annexed hereto as Exhibit "2".

8.    The forms of protection that are already provided to Bank of America pursuant to the Agreements, and the others forms of protection proposed by the Debtors, but rejected by Bank of America, including:  (i) monthly payments pursuant to the Agreements, which are paid on cash in advance terms on the 20th of each month;  (ii) segregation of the net proceeds of the charter revenue in a separate account, from which the Debtors cannot disburse sums without either Bank of America's prior consent or Bankruptcy Court Order upon prior notice and a hearing; (iii) the payment over time for the use of the Aircraft during the first 60 days of these cases;  (iv) advance prorated payment for the use of the Aircraft from December 7, 2005, the 61st day after the Filing Date, though December 19, 2005;  and (v) preparation and submission to Bank of America of monthly reports regarding the expenses and income regarding the Aircraft and account activity in the segregated account – all provide Bank of America with the benefit of its pre-Filing Date bargain with the Debtors, and adequate protection as contemplated by Bankruptcy Code section 361.

9.    Based on the foregoing, the Motion should be denied.

## STATEMENT OF FACTS

**The Chapter 11 Cases.**

10.    On October 8, 2005 (the "Filing Date"), 39 of 42 Debtors, and on October 14, 2005, the remaining Debtors, filed voluntary petitions in this Court for reorganization relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  This Court entered Orders directing the joint administration of the Debtors' chapter 11 cases (Docket Nos. 28 and 404).

4

11.    On October 17, 2005, the United States Trustee for the Southern District of New York appointed an official committee of unsecured creditors in these cases, which is represented by Latham & Watkins.  No trustee or examiner has been appointed.

12.    On October 28, 2005, the Court entered the Final Order, and in doing so, overruled Bank of America's Objection and demand for replacement liens and delivery of the Cash Collateral.

**The Debtors' Agreements with Bank of America**

13.    Prior to the Filing Date, Delphi HR and Bank of America entered into Agreements concerning each of the Aircraft.

14.    *The Learjet Agreement.*  Pursuant to this Agreement (the "Learjet Agreement"), the Debtors use, and Bank of America asserts interests in, a Lear 60 aircraft, which includes:  (i)  a Lear 60 aircraft bearing U.S. Registration Mark N699DA and manufacturer's serial number 237;  (ii) two Pratt & Whitney Canada model PW305A aircraft engines, bearing manufacturer's serial numbers PCE-CA0319 and PCE-CA 0318;  (iii) all present and future parts, avionics, accessories, accessions and attachments to the aircraft.  The Learjet Agreement, dated March 30, 2001, commenced on December 20, 2001 and will expire on December 19, 2013.  The present monthly Base Rent (as defined by the Learjet Agreement) is $62,202.53 and it is payable monthly in advance.

15.    On November 26, 2001, Delphi HR entered into a charter agreement with Automotive Air Charter, Inc., to charter the Learjet for use by third parties.  On the same date, Delphi HR entered into an Aircraft Management Agreement with Pentastar Aviation, LLC with respect to the Learjet.  All of the parties to those agreements, including Bank of America, executed a separate Consent to Aircraft

5

Management Agreement and Charter Agreement and Assignment, dated November 27,
2001 and December 16, 2003, pursuant to which Delphi HR granted Bank of America a
first priority security interest in, among other things, all of Delphi HR's rights under the
Management Agreement and Charter Agreements including any sums paid and
payable to Delphi HR pursuant to those agreements.

16.    *The Challenger Agreement.*  Pursuant to this Agreement (the
"Challenger Agreement"), the Debtors use, and Bank of America asserts interests in, a
Bombardier CL-600-2B16 (Variant 604) aircraft, which includes:  (i) a Bombardier CL-
600-2B16 (Variant 604) aircraft bearing U.S. Registration Mark N599DA and
manufacturer's serial number 5498;  (ii) two General Electric CF 34-3B aircraft engines,
bearing manufacturer's serial numbers 873033 and 873034;  (iii) all present and future
parts, avionics, accessories, accessions and attachments to the aircraft.  The Challenger
Agreement, dated March 30, 2001, commenced on December 20, 2001 and will expire on
December 19, 2013.  The present monthly Base Rent (as defined by the Challenger
Agreement) is $130,476.08 and it is payable monthly in advance.

17.    On November 26, 2001, Delphi HR entered into a charter
agreement with Automotive Air Charter, Inc., to charter the Variant 604 for use by third
parties.  On the same date, Delphi HR entered into an Aircraft Management Agreement
with Pentastar Aviation, LLC with respect to the Variant 604.  All of the parties to those
agreements, including Bank of America, executed a separate Consent to Aircraft
Management Agreement and Charter Agreement and Assignment, dated November 27,
2001 and December 16, 2003, pursuant to which Delphi HR granted Bank of America a
first priority security interest in, among other things, all of Delphi HR's rights under the
Management Agreement and Charter Agreements including any sums paid and
payable to Delphi HR pursuant to those agreements.

6

## Bank of America's Demand for Adequate Protection

18.    In its Motion, Bank of America has demanded:  (a) adequate protection as to the Collateral in the form of replacement liens in after-acquired property similar in nature to the Collateral that is subject to the Agreements;  (b) periodic accountings of all Cash Collateral;  and (c) termination of the automatic stay and a requirement that the Debtors deliver to Bank of America all Cash Collateral related to the Aircraft upon receipt:  "to reduce the [post-petition] arrearage and to provide a fund to pay all future lease obligations."[2]  Motion at ¶46.  These are same the forms of adequate protection that Bank of America sought in its Objection to the Final Order, and the Court rejected those demands -- just one month ago.

19.    Bank of America has not asserted or provided any basis to conclude that the value of the Collateral is declining or that the protections in the Agreements and the Final Order are inadequate to protect its interests in the Collateral and Cash Collateral.

## The Debtors Have Provided and Will Provide Adequate Protection to Bank of America

20.    The interests and protections that are created in favor of Bank of America by the Agreements provide adequate protection.  Nonetheless, the additional forms of adequate protection, which the Debtors are prepared to provide, but which have been rejected by Bank of America, are sufficient:

- The Debtors will deposit all post-Filing Date net proceeds of the revenue derived from the charter agreements, less operating expenses (the "Net Proceeds"), into a separate, segregated bank account (the "Segregated Bank Account");

---

[2] The "post-petition arrearage" referred to by Bank of America is comprised of 49 days of use after the Filing Date – 7 days of which will not have accrued as of the Hearing Date for the Motion – and pursuant to Bankruptcy Code section 365(d)(10), the Debtors are not required to make payment for the first 60 days use at this time.

- Provided that the Learjet and Challenger Agreements are still in effect, the Debtors will not use the funds in the Segregated Bank Account absent either prior Bankruptcy Court approval or the affirmative consent of Bank of America;

- Provided that the Learjet and Challenger Agreements are still in effect, the Debtors will pay, or cause to be paid, any unpaid amount of postpetition rent that accrued during the first 60 days of these Chapter 11 cases[3] in equal installments over the subsequent four calendar quarters, payable on the last date or each such quarter, provided that Bank of America does not (a) interfere with the Debtors' quiet enjoyment of the Aircraft, or (b) submit a motion to the Bankruptcy Court requesting a deadline for the Debtors to assume or reject the Agreements;

- The Debtors will provide Bank of America with monthly reports describing charter revenue generated, operating expenses incurred and cash activity in the Segregated Bank Account;  and

- The Debtors will provide Bank of America with ten days' prior notice of its election to either assume or reject one or both of the Agreements.

## ARGUMENT

**A.    There Is No Evidence That The Value Of The Collateral
Is Diminishing And Bank of America Is Not Entitled To
Adequate Protection Payments Pursuant To Section 363(e).**

21.    Section 362(d)(1) permits, under circumstances not present here,

relief from the automatic stay "for cause, including the lack of adequate protection of an

interest in property of such party in interest."  11 U.S.C. § 362(1).  "[T]he `interest in

property' protected by § 362(d)(1) does not include a secured party's right to immediate

foreclosure."  United States Savings Ass'n v. Timbers of Inwood Forrest Assoc., Ltd.,

484 U.S. 365, 371 (1988).  Under the circumstances described herein, Bank of America

has not and cannot establish that it is not adequately protected.  Moreover, its demand

for an immediate foreclosure against the Cash Collateral is premature and should be

denied.

22.    Courts uniformly require a movant which is seeking relief from the automatic stay for lack of adequate protection to demonstrate a decline in value of its collateral.  See In re Continental Airlines, Inc., 146 B.R. 536, 539 (Bankr. D. Del. 1992); In re Forest Ridge II, Ltd., 116 B.R. 937, 950 (Bankr. W.D.N.C. 1990) (undersecured creditor not entitled to adequate protection where collateral was not declining in value); In re The Answer, 115 B.R. 465, 470 (Bankr. S.D.N.Y. 1990) (secured creditor entitled to adequate protection where collateral declining in value).  Bank of America must satisfy the burden of establishing "cause" for relief from the automatic stay under section 362(d)(1).  See In re Morysville Body Works, Inc., 86 B.R. 51, 55 (Bankr. E.D. Pa. 1988); In re Metro Transp. Co., 82 B.R. 351, 353-54 (Bankr. E.D. Pa. 1988);  see also United States v. Northland Assocs. (In re Abrantes Constr. Corp.), 132 B.R. 234 (N.D.N.Y. 1991).

23.    Bank of America's Motion seems to indicate that it demands adequate protection of the Cash Collateral, which totals approximately $50,000 each month after satisfaction of maintenance and other operating expenses that the Debtors are required to satisfy under the Agreements.  To satisfy that request, which Bank of America already made in connection with its objection to the Final Order, the Debtors proposed to deposit the net charter revenue into a segregated bank account, but that proposal did not satisfy Bank of America.  Indeed, the argument that cash held in a segregated account  - subject to Bank of America's disbursement consent or Order of the Court  - would diminish in value is unsupported by any fact or legal authority.

24.    Bank of America has not satisfied its burden of demonstrating any decline in the Collateral or the Cash Collateral.  No showing whatsoever has been made by Bank of America that the value of the Collateral is declining.  In fact, as long as the

---

[3] The Debtors paid for use of the Aircraft for October 8 through October 19, 2005 as part of their pre-Filing Date advance monthly payment to Bank of America.

Debtors maintain the Aircraft and continue to make post-petition payments pursuant to section 365 of the Bankruptcy Code, Bank of America will be adequately protected and it will receive the benefit of its bargain – payments that total substantially the underlying price of each Aircraft.[4]

**B.        Bank of America is Not Entitled to Retroactive
            Adequate Protection Payments.**

25.        Bank of America seeks adequate protection payments retroactive to the Filing Date pursuant to section 363(e) of the Bankruptcy Code.

26.        Pursuant to section 363(e) of the Bankruptcy Code, Bank of America would only be entitled to adequate protection of the value of its interest in the Collateral.  The value of Bank of America's interest in the Collateral is to be assessed in accordance with section 506(a) of the Bankruptcy Code at either an agreed upon rate, or at a rate fixed by the Court after an evidentiary hearing.[5]  However, Bank of America has not submitted any evidence to demonstrate a decline in the value of its interest in the Collateral.

27.        Finally, even assuming, _arguendo_, that the value of the Collateral was declining, Bank of America is entitled to adequate protection only from the date it made its request for adequate protection, _i.e._, the date it filed the Motion (November 11, 2005), and not retroactive to the Filing Date.  See In re Best Products Co., Inc., 138 B.R. 155 (Bankr. S.D.N.Y. 1992), aff'd, 149 B.R. 346 (S.D.N.Y. 1992).

---

[4]        The aggregate amount of the payments under the Learjet Agreement total $10,272,489, which is an amount comparable to the original cost of the jet, $11,125,200.  See Motion at ¶11.  Similarly, the aggregate amount of the payments under the Challenger Agreement total $20,876,867.70, which is an amount comparable to the original cost of the jet, $21,149,760.  See Motion at ¶26.

[5]        The Debtors reserve their rights to assert that:  (a) Bank of America is entitled no more than the fair market value for the use of the Aircraft; (b) the Agreements should be recharacterized as financing agreements so that no use payments are appropriate;  or (c) that the liens asserted by Bank of America are not perfected or are avoidable.  See In re UAL Corp., 2005 WL 3071261 (Bankr. N.D. Ill. Nov. 15, 2005); United Airlines, Inc. v. HSBC Bank U.S.A., N.A., 416 F.3d 609 (7th Cir. 2005).

28.    Bank of America requests not only an accounting of the Cash
Collateral that the Debtors receive through the charter agreements, but also the
turnover of all receipts which Bank of America will hold and then use to offset the
Debtor's liabilities under the Agreements.  See Motion at ¶46.  Nowhere does Bank of
America provide legal support for this branch of its Motion.  Moreover, Bank of
America's Motion is silent as to the disposition of the balance of those funds.  See
Motion at ¶48.   The Debtors' proposal to establish the Segregated Accounts for the
Cash Collateral further adequately protect Bank of America and obviates the need for
any replacement liens.

29.    Bank of America has failed to demonstrate that the value of the
Collateral has declined in value since the date the Motion was filed and, therefore, Bank
of America is not entitled to adequate protection at this time.  Moreover, Bank of
America is not entitled to periodic payments retroactively.

C.    **Bank of America is Not Entitled to Relief from the
       Automatic Stay Pursuant to Bankruptcy Code Section 362(d)(2)**

30.    Bank of America erroneously asserts that it is entitled to relief from
the automatic stay pursuant to Bankruptcy Code section 362(d)(2) when it asserts that
the Debtors have no equity in the Collateral, and that neither the Cash Collateral nor the
Aircraft are necessary for an effective reorganization.  However, Bank of America's
request for relief from the automatic stay is limited to enforcing its right to receive
payment of Cash Collateral.

31.    Generally, the termination of the automatic stay pursuant to section
362(d)(2) is not favored in "the early stages of bankruptcy."  See In re 6200 Ridge, Inc.,
69 B.R. 837, 843 (Bankr. E.D. Pa. 1987).  In Timbers, the Supreme Court held that section
362(d)(2) requires a debtor to show only that "there must be 'a reasonable possibility of

11

a successful reorganization within a reasonable time.'" <u>Timbers</u>, 484 U.S. at 376.  In the early stages of a chapter 11 case, a debtor must show only that a reorganization is plausible.  <u>In re Kent Terminal Corp.</u>, 166 B.R. 555, 561 (Bankr. S.D.N.Y. 1994);  <u>see</u> <u>also</u> <u>Timbers</u>, 484 U.S. at 376.  That is present here.

32.    Section 362(d)(2) of the Bankruptcy Code provides, in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -- . . .
>
> (2)    with respect to a stay of an act against property under subsection (a) of this section, if –
>
> (A)    the debtor does not have an equity in such property; and
>
> (B)    such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

33.    Section 362(d)(2) provides a two-prong test that must be satisfied before a Court may terminate the automatic stay.  First, the debtor must not have any equity in the property.  <u>See</u> 11 U.S.C. § 362(d)(2)(A).  Bank of America, as the moving party, bears the burden of demonstrating that the Debtors have no equity in the Collateral.  <u>See</u> 11 U.S.C. § 362(g)(1).  Bank of America has made no such showing.  Accordingly, the first prong of section 362(d)(2) has not been satisfied.

34.    Second, the debtor bears the burden of demonstrating that the property is necessary to an effective reorganization.  <u>See</u> 11 U.S.C. § 362(d)(2)(B).  On this point, Bank of America incorrectly asserts that the Aircraft are not important to the Debtors' reorganization because they constitute an "extremely small portion of the Debtors' assets, . . . " <u>Motion</u> at ¶49.

12

35.      Property is necessary if it will contribute to a plan of reorganization.  See In re Jug End in the Berkshires, Inc., 46 B.R. 892, 902 (Bankr. D. Mass. 1985); In re Koopmans, 22 B.R. 395 (Bankr. D. Utah 1982).  The Cash Collateral will enable the Debtors to operate the Aircraft and, consequently, assist in their businesses during these chapter 11 cases and, contribute to a plan of reorganization.

36.      The Debtors use the Aircraft in the ordinary course of their businesses to transport personnel to their manufacturing and other business facilities throughout the United States.  Because many of these facilities are located in areas that are not serviced by major or regional airlines, the Debtors achieve increased productivity and savings in time, convenience, and travel expense by having the Aircraft available for such transport.

37.      Moreover, to help defray the costs of maintaining and operating these Aircraft, the Debtors also entered into charter agreements with third parties to operate the Aircraft.  These charter agreements provide revenue to help offset the overall cost of the Aircraft.  Bank of America is aware of the charter agreements and benefits generated by them, and it signed consent agreements, presumably because the monthly payments under the Agreements are supported, directly or indirectly, by the charter agreements.  Consequently, the Collateral and the Cash Collateral are necessary and contribute to an effective reorganization.

## CONCLUSION

38.     Based on the foregoing, Bank of America has failed to establish at this early stage of these cases any basis for relief from the automatic stay, and its second request for adequate protection should be denied.

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order denying the Motion, together with such other and further relief as may be just and proper.

Dated:  New York, New York
        November 25, 2005

DELPHI CORPORATION, *et al.*
By their attorneys,
TOGUT, SEGAL & SEGAL LLP
By:


/s/ Neil Berger
ALBERT TOGUT (AT-9759)
NEIL BERGER (NB-3599)
Members of the Firm
One Penn Plaza
New York, New York 10119
(212) 594-5000

14

# **<u>EXHIBIT A</u>**

BARNES & THORNBURG LLP
Attorneys for Bank of America, N.A.
300 Ottawa Avenue, NW, Suite 500
Grand Rapids, Michigan 49503
Telephone: (616) 742-3930
Facsimile: (616) 742-3999

Patrick E. Mears (PM-6473)
Telephone: (616) 742-3936
Email: pmears@btlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 Case |
| | ) | |
| DELPHI CORPORATION, *et al.* | ) | No. 05-44481 |
| | ) | |
| Debtors. | ) | |
| | ) | |

### OBJECTION OF BANK OF AMERICA N.A.
### TO DEBTORS' MOTION FOR POSTPETITION FINANCING
### AND FOR ADEQUATE PROTECTION

Bank of America N.A. ("Bank of America")[1], by and through its undersigned counsel,

hereby submits this Objection[2] to the Motion of the Chapter 11 Debtors herein (the "Debtors")

for an Order Under 11 U.S.C. §§ 105, 361, 362, 363, 364(c), 364(d), and 364(e) and

Fed.R.Bankr.P. 2002, 4001, and 9014 (I) Authorizing Debtors to Obtain Secured Postpetition

Financing on Superpriority Secured and Priming Basis, (II) Authorizing Use of Cash Collateral,

(III) Granting Adequate Protection to Prepetition Secured Lenders, (IV) Granting Interim Relief,

and (V) Scheduling a Final Hearing under Fed.R.Bankr.P. 4001(b) and (c) (the "Motion").

---

[1]    On October 10, 2005, Bank of America filed and served in these Chapter 11 cases its Objection to Debtors' Motion for Postpetition Financing and for Adequate Protection. This earlier Objection mistakenly identified the lessor of the two aircraft described herein and therein as "Bank of America Leasing & Capital, LLC." The lessor is Bank of America, N.A.

[2]    The Debtor and all other concerned parties consented to an extension of Bank of America's time to file and serve this Objection until 4:00 p.m. (Eastern time on Monday, October 24, 2005).

Bank of America objects to the Motion on the following grounds: (i) the Debtors should not grant any lien or security interest whatsoever in the aircraft leases between Bank of America, as lessor, and Delphi Automotive Systems Human Resources LLC ("Delphi HR") nor in any of the personal property subject to these leases; and (ii) if any such lien or interest in Delphi HR's leasehold interests is granted pursuant to the Motion, such interest should only attach to Delphi HR's interests therein and should be subordinate and junior in all respects to the interests of Bank of America. In addition, Bank of America objects to the grant of any DIP Liens in the Management Agreement and the Charter Agreement and any revenues generated therefrom unless they are deemed junior and subordinate to the liens held by Bank of America in these assets and unless Bank of America's liens in these assets are granted adequate protection. Finally, Bank of America objects to any attempt in the Motion and the proposed financing order to encumber in any fashion Bank of America's rights and interests under a certain foreign exchange swap agreement with Delphi Corporation, which is a guarantor of the aircraft leases.

I.   **The Aircraft Leases and Associated Collateral**

    A.   **The Learjet Lease and Associated Collateral**

    1.   Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi HR (the "Debtors"), commenced these related Chapter 11 cases by filing separate voluntary petitions with this Court on October 8, 2005.

    2.   On or about March 30, 2001, Bank of America's predecessor-in-interest, Fleet National Bank ("Fleet") entered into a certain Aircraft Lease dated such date with Delphi HR's predecessor-in-interest, SM 5105 LLC, a Delaware limited liability company ("SMLLC"), as lessee (the "Learjet Lease"). A copy of the Learjet Lease (with schedules and other attachments) is annexed hereto as Exhibit A.

    3.   The following personal property is the subject of the Learjet Lease:

2

(a)    a certain Learjet 60 aircraft bearing U.S. Registration Mark N699DA and manufacturer's serial number 237 (the "Learjet Aircraft");

(b)    two (2) Pratt & Whitney Canada model number PW305A aircraft engines respectively bearing manufacturer's serial numbers PCE-CA0319 and PCE-CA 0318 (collectively, the "Learjet Engines"); and

(c)    all present and future parts, avionics, accessories, accessions and attachments related to the Learjet Aircraft, the Learjet Engines and any related goods, and all present and future replacements, substitutions and exchanges for the Learjet Aircraft, the Learjet Engines, any related goods (the "Learjet Accessories and Avionics").

4.    Title to the Learjet Aircraft, the Learjet Engines and the Learjet Accessories and Avionics is held by Bank of America, as successor-in-interest to Fleet.  A copy of the Aircraft Bill of Sale from Learjet Inc. to Fleet and recorded with the Federal Aviation Administration ("FAA") on January 29, 2002, is annexed hereto as Exhibit B.  The lessor's cost of the Learjet Aircraft, the Learjet Engines and the Learjet Accessories and Avionics amounted to $11,125,200.00.

5.    Pursuant to the Learjet Lease, the lease term is 144 months beginning on December 20, 2001 and expiring on December 19, 2013.

6.    All of the lessee's obligations under the Learjet Lease are unconditionally guaranteed by Delphi Corporation, formerly known as "Delphi Automotive Systems Corporation", a Delaware corporation, and Delphi Automotive Systems LLC, a Delaware limited liability company, pursuant to the terms of two separate guaranties, both of which are dated March 30, 2001.

3

7.   On January 29, 2002, the Learjet Lease was recorded with the FAA.  A copy of a title search report evidencing this recordation is annexed hereto as <u>Exhibit C</u>.

8.   On November 30, 2001, Fleet filed a UCC financing statement with the Delaware Secretary of State listing the Learjet Aircraft, the Learjet Engines, the Learjet Accessories and Avionics and related property.  A copy of results of a UCC search conducted by the Delaware Secretary of State under the name of SMLLC and dated October 14, 2005, which results contain a copy of this financing statement and is annexed hereto as <u>Exhibit D</u>.

9.   On May 1, 2001, Fleet filed a UCC financing statement with the Michigan Secretary of State listing this same property.  A copy of results of a UCC search conducted by the Michigan Secretary of State under the name of SMLLC and dated October 15, 2005, which results contain a copy of this financing statement, is annexed hereto as <u>Exhibit E</u>.

10.   On or about December 16, 2003, SMLLC assigned its rights and obligations under the Learjet Lease and related documents to Delphi HR pursuant to the terms of a certain Assumption/Assignment Agreement dated such date and recorded with the FAA on February 18, 2004. A copy of this Agreement is attached hereto as <u>Exhibit F</u>.  On March 9, 2004, Fleet filed a new UCC financing statement reflecting this assignment with the Delaware Secretary of State and listing Delphi HR as the debtor.  A copy of this financing statement is contained in the results of a UCC search conducted by the Delaware Secretary of State under the name of Delphi HR, which results are dated October 13, 2004, and are annexed hereto as <u>Exhibit G</u>.

11.   Upon information and belief, lessee and Automotive Air Charter, Inc. ("Charter"), a Delaware corporation, are parties to a Charter Agreement concerning the Learjet Aircraft, the Learjet Engines and the Learjet Accessories and Avionics (the "Learjet Charter Agreement").

12.   Upon information and belief, lessee and Pentastar Aviation, LLC ("Pentastar") are parties to a certain Aircraft Management Agreement under FAR Part 91 concerning the Learjet Aircraft, the Learjet Engines and the Learjet Accessories and Avionics (the "Learjet Management Agreement").

13.   Pursuant to the terms of the Learjet Lease and a certain Consent of Aircraft Management Agreement and Charter Agreement and Assignment executed by Fleet, SMLLC, Pentastar and Charter and dated November 27, 2001 (the "Assignment"), SMLLC granted to Fleet a first priority security interest in all of SMLLC's rights under the Learjet Management Agreement and the Learjet Charter Agreement (and any extensions and renewals thereof) including any sums paid and payable to SMLLC thereunder.  A copy of the Assignment is annexed hereto as Exhibit H.  This security interest has been perfected.

14.   In addition, the Learjet Lease and Assignment granted to Bank of America security interests and liens in other tangible and intangible personal property of Delphi HR including the following:

(a)    the proceeds of insurance payable to Delphi HR under the Learjet Management Agreement and Learjet Charter Agreement;

(b)    all rights and remedies of Delphi HR under the Learjet Management Agreement and all proceeds from the exercise of those rights and remedies;

(c)    any sublease of the Learjet Aircraft, the Learjet Engines and the Learjet Accessories and Avionics, all amounts payable under any such sublease, all insurance payable to Delphi HR under any such sublease and all rights and remedies of Delphi under any such sublease;

5

(d)    true copies of all present and future books and records relating to the Learjet Management Agreement and the Learjet Charter Agreement including, but not limited to, all tapes, cards, computer programs, computer runs and computer data in the possession or control of Delphi HR, any computer service bureau or other third party.

15.    Upon information and belief, neither the Learjet Charter Agreement nor the Learjet Management Agreement have been rejected or terminated.

### B.    The Challenger Lease and Associated Collateral

16.    Also on or about March 30, 2001, Fleet entered into a certain Aircraft Lease dated such date with SMLLC, as lessee (the "Challenger Lease"). A copy of the Challenger Lease is annexed hereto as Exhibit I.

17.    The following personal property is the subject of the Challenger Lease:

(a)    a certain Bombardier Inc. CL-600-2B16 (Variant 604) aircraft bearing U.S. Registration Mark N599DA and manufacturer's serial number 5498 (the "Challenger Aircraft");

(b)    two (2) General Electric CF 34-3B aircraft engines respectively bearing manufacturer's serial numbers 873033 and 873034 (collectively, the "Challenger Engines"); and

(c)    all present and future parts, avionics, accessories, accessions and attachments related to the Challenger Aircraft, the Challenger Engines and any related goods, and all present and future replacements, substitutions and exchanges for the Challenger Aircraft, the Challenger Engines and any related goods (the "Challenger Accessories and Avionics").

18.    Title to the Challenger Aircraft, the Challenger Engines and the Challenger Accessories and Avionics is held by Bank of America, as successor-in-interest to Fleet. A copy of the Aircraft Bill of Sale from Bombardier Aerospace Corporation to Fleet and recorded with the FAA on January 25, 2002, is annexed hereto as Exhibit J. The lessor's cost of the Challenger

6

Aircraft, the Challenger Engines and the Challenger Accessories and Avionics was $24,149,760.00.

19.    Pursuant to the Challenger Lease, the lease term is 144 months beginning on December 20, 2001 and expiring on December 19, 2013.

20.    All of the lessee's obligations under the Challenger Lease are unconditionally guaranteed by Delphi Corporation and Delphi Automotive Systems LLC pursuant to the terms of two (2) separate guaranties, both of which are dated as of March 30, 2001.

21.    On January 25, 2002, the Challenger Lease was recorded with the FAA. A copy of a title search report evidencing this recordation is annexed hereto as <u>Exhibit K</u>.

22.    On November 30, 2001, Fleet filed a UCC financing statement with the Delaware Secretary of State listing the Challenger Aircraft, the Challenger Engines, the Challenger Accessories and Avionics and related property. A copy of the original financing statement is contained in the results of a UCC search conducted by the Delaware Secretary of State under the name SMLLC and dated October 14, 2005, which results have been previously annexed hereto as Exhibit D.

23.    On May 1, 2001, Fleet filed a UCC financing statement with the Michigan Secretary of State listing this same property. A copy of this financing statement is contained in the results of a UCC search conducted by the Michigan Secretary of State and dated October 15, 2005, which results have been previously annexed hereto as Exhibit E.

24.    On or about December 16, 2003, SMLLC assigned all of its rights in the Challenger Lease and related documents to Delphi HR pursuant to the terms of a certain Assumption/Assignment Agreement dated such date and recorded with the FAA on February 18, 2004. A copy of this Agreement is attached hereto as <u>Exhibit L</u>. On March 9, 2004, Fleet filed a

new UCC financing statement reflecting this assignment with the Delaware Secretary of State. A copy of this financing statement is contained in the results of a UCC search conducted by the Delaware Secretary of State under the name of Delphi HR and dated October 13, 2004 which results have been previously annexed hereto as Exhibit F.

25.    On or about November 26, 2001, lessee and Automotive Air Charter, Inc., a Delaware corporation, executed a certain Charter Agreement concerning the Challenger Aircraft, the Challenger Engines and the Challenger Accessories and Avionics, which agreement is dated such date (the "Challenger Charter Agreement").

26.    On November 26, 2001, lessee and Pentastar Aviation, LLC executed a certain Aircraft Management Agreement under FAR Part 91, concerning the Challenger Aircraft, the Challenger Engines and the Challenger Accessories and Avionics, which agreement is dated such date and was thereafter extended/renewed on June 1, 2002 (the "Challenger Management Agreement").

27.    Pursuant to the terms of the Challenger Lease and the Assignment, SMLLC granted to Fleet a first priority security interest in all of SMLLC's rights under the Challenger Management Agreement and the Challenger Charter Agreement (and any extensions and renewals thereof) including any sums paid and payable to SMLLC thereunder.  A copy of the Assignment has been previously annexed hereto as Exhibit G.  This security interest has been perfected.

28.    In addition, the Challenger Lease and the Assignment granted to Bank of America security interests and liens in other tangible and intangible personal property:

(a)    the proceeds of insurance payable to Delphi HR under the Challenger Management Agreement and Challenger Charter Agreement;

8

(b)    all rights and remedies of Delphi HR under the Challenger Management Agreement are all proceeds from the exercise of those rights and remedies;

(c)    any sublease of the Challenger Aircraft, the Challenger Engines and the Challenger Accessories and Avionics, all amounts payable under any such sublease, all insurance payable to Delphi HR under such sublease and all rights and remedies of Delphi under such sublease;

(d)    true copies of all present and future books and records relating to the Challenger Management Agreement and the Challenger Charter Agreement including, but not limited to, all tapes, cards, computer programs, computer runs and computer data in the possession or control of Delphi HR, any computer service bureau or other third party.

29.   Upon information and belief, neither the Challenger Charter Agreement nor the Management Agreement have been rejected or terminated.

## C.    The Swap Agreement

30.   On or about January 18, 1999, Bank of America and Delphi Corporation entered into an ISDA Master Agreement dated such date, which agreement includes all schedules and amendments thereto (the "Swap Agreement").   Pursuant to the Swap Agreement, Bank of America and Delphi Corporation have entered into hundreds of foreign exchange transactions. On the date hereof, more than 300 foreign exchange transactions remain outstanding under the Swap Agreement.  The Swap Agreement has not yet been assumed or rejected by Delphi but is presumably among the subjects of this Court's Derivative Contracts Order dated October 14, 2005, which permits the debtors to honor their "Derivative Contracts" in accordance with past practices and "to continue entering into, 'rolling over', adjusting, modifying and settling, from time to time, Derivative Contracts."

9

31.   The automatic stay provisions of the Bankruptcy Code do not prohibit Bank of America from terminating the Swap Agreement. 11 U.S.C. § 362(b)(17).  In addition, Bank of America may enforce any *ipso facto* clauses in the Swap Agreement pursuant to Section 560 of the Federal Bankruptcy Code.

32.   Upon information and belief, in the event that the Swap Agreement is terminated now, there would be substantial sums estimated in the millions of dollars due to Delphi from the netting process involved.

33.   Any sums due to Delphi arising from a termination of the Swap Agreement (and any unmatured obligations due to the Debtor prior to any such a termination) are and would be subject to Bank of America's right to setoff against all indebtedness due by Delphi to Bank of America (including, but not limited to, the obligations of Delphi under its guaranties of the Learjet Lease and Challenger Lease obligations).

34.   Bank of America, by virtue of these setoff rights, would hold a security interest and lien in "cash collateral" arising from any termination of the Swap Agreement during the pendency of these Chapter 11 cases.

## II.    The Proposed Final DIP Financing Order

35.   On October 12, 2005, this Court entered the Interim DIP Financing Order.  At the hearing on October 14, 2005, Bank of America's prior Objection to the Motion was reserved until the Final Hearing on the Motion.

36.   The proposed Final Order, if approved, will grant to the DIP Lenders[3] first priority security interests and liens as security for the Financing in all of the Debtors' real and personal

---

[3]    The defined terms used herein are those contained in the Interim DIP Financing Order.

property, including leasehold interests and cash collateral either in existence on the Petition Date or acquired by the Debtors thereafter (the "DIP Liens").

37.   The DIP Liens to be granted pursuant to the proposed Final Order will be junior and subordinate to any "valid and unavoidable liens in existence immediately prior to the Petition Date." Nevertheless, the proposed Final Order purports to grant first priority to the DIP Liens in cash collateral subject to Bank of America's preexisting rights, liens and interests in that same property. Interim DIP Financing Order, ¶¶ 7(a), 7(c).

III.   **Bank of America's Objections to the Proposed Final Order**

A.   **Global Objections**

38.   The proposed Final Order, if entered will grant certain adequate protection to the Prepetition Lenders including replacement liens.

39.   The Learjet Lease and the Challenger Lease are true leases of personal property. Therefore, any liens granted to the DIP Lenders pursuant to any financing or adequate protection orders entered in these Chapter 11 cases cannot attach to the property that is being leased by Bank of America to Delphi HR because that property is not "property of the estate" within the meaning of 11 U.S.C. § 541.

40.   Bank of America objects to the grant of any liens of security interests, including the DIP Liens and any adequate protection liens, in Delphi HR's leasehold interests in the Learjet and Challenger aircraft subject to the two leases. The grant of any such liens or interests will unnecessarily restrict the power and judgment of Delphi HR in determining whether to assume or reject these leases and could grant to the holders of any liens a veto power over assumption or rejection. In addition, in the event that either lease is rejected or the stay is modified with respect to either aircraft, Bank of America's ability to terminate the leases and dispose of the aircraft would be unnecessarily burdened if any liens were to attach to these leasehold interests. In

addition, the two leases prohibit the attachment of any liens or interests in the aircraft and Delphi HR's interests therein.  See Section 6(i) and 13(l) of both leases.

41.    Bank of America objects to the grant of any liens or security interests, including the DIP Liens and any adequate protection liens, in any of Bank of America's collateral serving as security for the obligations of Delphi HR and the two lease guarantors which collateral includes "cash collateral" under section 363(a) of the Federal Bankruptcy Code.  Cash collateral includes, but is not limited to, monies payable under the two management agreements, the two charter agreements, any subleases of the aircraft and any cash or right to receive cash held by Bank of America from the termination and netting out the Swap Agreement.  All of this collateral is presently available or will soon be available to reduce any claims that Bank of America arising under the Learjet Lease and the Challenger Lease and any other indebtedness that may be due and owing by any of the debtors to Bank of America.

42.    Bank of America objects to the proposed Financing Order insofar that it permits or purports to permit the debtors to use Bank of America's collateral without granting adequate protection to Bank of America's liens and security interest therein.  Bank of America does not consent to the debtor's proposed use of its collateral.

43.    As described herein, Bank of America holds valid, perfected and first priority security interests and liens in the Management Agreement, the Learjet Charter Agreement, the Challenger Charter Agreement and all proceeds thereof and revenues generated therefrom.  Upon information and belief, Delphi HR is or may be receiving cash revenues from charters of the two aircraft pursuant to the two Charter Agreements.  All of these revenues constitute "cash collateral" under 11 U.S.C. § 363(a) of the Bankruptcy Code.

44.   Bank of America does not consent to the use of this cash collateral by the Debtors in these Chapter 11 cases and Debtors have not offered any adequate protection to Bank of America for any such use.  At a minimum, Bank of America should receive periodic payments on account of any such use and replacement liens in the Charter Payments as a means of adequate protection under 11 U.S.C. § 363(e).

**B.    Specific Objections**

1.    Paragraph 6(a), Pages 12-13.  This provision of the proposed Final Order would grant to the DIP Obligations priority over all administrative expenses incurred by the debtors in these Chapter 11 cases.  Included in these administrative expenses are all postpetition lease obligations of Delphi HR and the two lease guarantors owing to Bank of America.  Bank of America objects to the grant of any such superpriority status to the DIP Obligations in the absence of evidence that such priming is necessary under the present circumstances.

2.    Section 7(a), Pages 15-16.  These provisions of the proposed Final Order purport to grant to the DIP Lenders first priority liens and security interests in all Unencumbered Property including all "cash collateral," "interests in leaseholds," "general intangibles" and "other rights to payment whether arising before or after the Petition Date."  For the reasons previously stated in Paragraphs 39 through 44, herein, Bank of America objects to the grant of any lien or security interest in Delphi HR's leasehold interest in the Learjet lease or the Challenger Lease.  Bank of America also objects to the grant, or any attempt to grant, of a lien or security interest in cash collateral subject to the existing liens and interests held by Bank of America.  This cash collateral includes, but is not limited to, any revenues or other cash proceeds derived from, generated by or arising from the management agreements and the charter agreements.  Bank of America also objects to any grant of any interest in any cash collateral, general intangibles or rights to payment subject to Bank of America's liens, security interests and

13

setoff rights including, but not limited to, any funds or rights to funds that might arise from the termination netting out of the Swap Agreement, which collateral would be subject to setoff rights and other interests held by Bank of America.

3.    Section 7(c), Page 17.  Bank of America objects to the grant of any junior liens in Delphi's leasehold interests and other collateral for the same reasons and to the same extent as set forth in Paragraph 3 herein.

4.    Paragraph 8(a)(ii), Pages 18-19.  This provision of the proposed Final Order should be amended to provide that its provisions do not apply to Bank of America.

5.    Paragraph 10(a), Pages 20-21.  This provision should be amended to clarify that none of Bank of America's cash collateral, including any cash collateral that might arise from the Swap Agreement's termination, is or will be subject to any liens and interests, including setoff rights, of the creditor beneficiaries of this provision.

6.    Paragraph 11, Page 21.  Bank of America objects to this provision of the Final Order insofar as it permits the Debtors' use of cash collateral in the absence of Bank of America's liens and without adequately protecting those liens.

7.    Paragraph 12(a), Pages 21-22.  Bank of America objects to this provision of the Final Order in that it neglects to grant any adequate protection to Bank of America's interests in its collateral.

8.    Paragraph 15(a), Pages 26-27.  Bank of America objects to this provision of the proposed Final Order insofar as it may affect the replacement liens to which Bank of America is entitled to and its setoff rights as previously described herein.

9.    Paragraph 18, Page 33.  Bank of America objects to this provision of the proposed Final Order insofar as it may affect the replacement liens and setoff rights that Bank of

14

America holds and should be granted.  In addition, Bank of America objects to this provision insofar that it does not address or grant any adequate protection to Bank of America with respect to its setoff rights under the Swap Agreement.

WHEREFORE, for the foregoing reasons, Bank of America objects to the relief requested in the Motion unless appropriate protections are granted to Bank of America as requested herein, and award such other and further relief as may be just and proper under the circumstances.

Dated: October 24, 2005

BARNES & THORNBURG LLP
Counsel to Bank of America, N.A.


By:   /s/Patrick E. Mears
        Patrick E. Mears (PM-6473)
Business Address:
300 Ottawa Avenue, NW
Suite 500
Grand Rapids, Michigan  49503
Telephone:  (616) 742-3936
Facsimile:  (616) 742-3999
Email:  pmears@btlaw.com

# **<u>EXHIBIT B</u>**

```
1                     UNITED STATES BANKRUPTCY COURT
                      SOUTHERN DISTRICT OF NEW YORK
2

3                                      .
4   IN RE:                             .   Case No. 05-44481 (RDD)
                                       .
5   DELPHI CORPORATION, et al,         .   New York, New York
                                       .   Thursday, October 27, 2005
6                      Debtors.        .   10:35 a.m.
    . . . . . . . . . . . . . . . . .
7

8                    TRANSCRIPT OF OMNIBUS HEARING
9            BEFORE THE HONORABLE ROBERT D. DRAIN
                  UNITED STATES BANKRUPTCY JUDGE
10

11  APPEARANCES:   (On the Record)

12  For the Debtors:            John Wm. Butler, Jr., Esq.
                                SKADDEN, ARPS, SLATE, MEAGHER
13                               & FLOM, LLP
                                333 West Wacker Drive, Suite 2100
14                              Chicago, Illinois 60606
                                (312)407-0700
15
                                Kayalyn A. Marafioti, Esq.
16                              Thomas J. Matz, Esq.
                                SKADDEN, ARPS, SLATE, MEAGHER
17                               & FLOM, LLP
                                Four Times Square
18                              New York, New York, 10036
                                (212)735-3000
19
    Court Recorder:            Electronically Recorded
20                             by Maria E. Rodriguez

21  Transcription Company:     Rand Transcript Service, Inc.
                               311 Cheyenne Road
22                             Lafayette, New Jersey  07848
                               (973) 383-6977
23
    Proceedings recorded by electronic sound recording, transcript
24  produced by transcription service.

25
```

Omnibus Hearing                                    63

1   least with General Motors, we will do it, and I'm quite sure

2   Delphi will have a counter-record.

3          THE COURT:  Okay.

4          MR. BIENENSTOCK:  Which hopefully will match up.

5          THE COURT:  Okay.

6          MR. BIENENSTOCK:  Thank you, Your Honor.

7          MR. BUTLER:  And I'm not sure I followed exactly how

8   much Mr. Bienenstock got at the conclusion.  I will confirm to

9   the Court on the record that the conclusion he reached is one

10  that the debtors concur with.

11         THE COURT:  Okay.

12         MR. BUTLER:  As the Court also stated.

13         Your Honor, moving now to some other issues, if we

14  may, I think we have resolved -- I don't know -- is Mr.

15  Somerstein still in the courtroom?

16                      (Counsel confer)

17         MR. BUTLER:  I believe he now resolved any issues that

18  the DIP lenders have, the prepetition agent has, the Goodwin

19  Procter Group has as part of the prepetition bank group, the

20  creditors' committee has, and General Motors has as to the

21  order that was filed as the Debtors' 4, with the changes that

22  we have thus far placed on the record.

23         That leaves us with a -- turning to Debtors' --

24  turning to Debtors' 28 and 29, in terms of the objections that

25  are left, that leaves us with objections from various set-off

1   and lien claimants, the vast majority of which have been

2   resolved based on the treatment that we propose here, and

3   others who still want to address the Court.  And I'm going to

4   ask us to get to those in a few moments, but I want to address

5   any other objections first.

6           And I think the only other objection that has not been

7   fully resolved, other than getting off into the set-off bucket,

8   if you will, or basket, is that of Bank of America, as it

9   relates to their interest as an aircraft lessor.  And in that

10  respect, they had filed an objection that wanted to make it

11  clear that the interest being -- the interests that were being

12  given here today did not negatively implicate the aircraft

13  leases and certain personalty and other matters relating to

14  that.

15          And, in fact, there is language in Paragraph 25 of the

16  order, Page 54 of Debtors' 4, that is quite explicit in that

17  regard, and I think frankly stated -- Your Honor stated it at

18  the first day hearing, in terms of Your Honor's expectation

19  with aircraft leases and property that wasn't necessarily

20  property of the estate.  But even beyond that, it is now

21  explicit as to personal property that's subject to aircraft

22  leases and so forth.

23          I believe that that language as it stands is

24  acceptable to Bank of America.  But I believe Mr. Mears is on

25  the phone, and there were other things that they wanted the

Omnibus Hearing                                              65

1   debtors to do beyond this language that I believe Mr. Mears

2   still wanted to address the Court.  We simply couldn't

3   accommodate the needs.

4          THE COURT:  Okay.

5          MR. MEARS:  (Via telephone) Your Honor, thank you very

6   much, this is Pat Mears.

7          We have had long conversations with the debtors

8   counsel.  We've really narrowed the issues down to three:

9          Number one, there are -- there is some ancillary

10  property that includes cash collateral generated by the

11  aircraft that we are asking that it not be subject to a lien,

12  and I think that's the understanding.  We have asked that --

13         THE COURT:  How does the aircraft generate cash

14  collateral --

15         MR. MEARS:  Your Honor, there are --

16         THE COURT:  -- is it leased out?

17         MR. MEARS:  There are charter agreements --

18         THE COURT:  Okay.

19         MR. MEARS:  -- and there are revenues payable under

20  the charter agreements.  There potentially are subleases,

21  although I'm not sure that there are any in existence right

22  now, but the charter agreements are pledged to us as all of the

23  revenues therefrom.

24         THE COURT:  Okay.

25         MR. MEARS:  So what we'd ask is that -- and we

Omnibus Hearing                                      66

1    understand that the debtors are using whatever cash collateral

2    that is, generated by the -- that's generated by the charter

3    agreements.  We just want to make clear, we've asked for the

4    insertion of a phrase in Paragraph 25 that I've sent on to Mr.

5    Butler and also to Davis Polk, just to make sure that the liens

6    do not cover property that is subject to the lease agreements

7    or as security for.  I haven't heard them on that, but I --

8    based on what Mr. Butler says, I think that tells us that he's

9    willing to do that.

10           The second item is we are objecting to the

11   subordination of our 365(b)(10) claim.

12           THE COURT:  Can we take them one -- well, let's take

13   them one at a time, Mr. Mears.

14           MR. MEARS:  Okay.

15           MR. BUTLER:  I think the issue -- and I know counsel

16   for the DIP lenders has risen as well.  I think the issues that

17   the debtors have and we believe that this already is covered by

18   the order, is that as it relates to this particular issue --

19   and I think I have it right -- that if, in fact, there's a

20   valid lien in that particular property, then it is not

21   negatively impacted by this order.

22           THE COURT:  Right.  That's covered by the general

23   language granting the DIP lender a lien.

24           MR. BUTLER:  And therefore, we thought nothing else

25   was needed, and one of the things --

Omnibus Hearing                                                    67

1          THE COURT:  What kind of existing liens are not primed

2   if they were -- as laid out in the graph?  I forget what it is?

3                      (Counsel confer)

4          MR. BUTLER:  There are about seventeen, I believe,

5   Your Honor.

6          UNIDENTIFIED ATTORNEY:  Seventeen.

7          MS. BEDELL:  Sixteen.

8          MR. BUTLER:  7(c), right?  Seven Charlie?

9          MR. MEARS:  Your Honor, on that point -- and, you

10  know, if it's necessary to file a motion for adequate

11  protection, we will, but we would just ask that continuing

12  liens granted on what I'm calling "ancillary property" --

13         THE COURT:  No, the debtors can't use -- can't use

14  collateral without your consent, so -- or showing of adequate

15  protection.  So you're stating to them now you don't consent.

16         MR. MEARS:  That's correct.

17         THE COURT:  So the ball is in your court now, at this

18  point.

19         MR. MEARS:  Okay.  That's fair enough, Your Honor.

20  Thank you.

21         THE COURT:  Okay.

22         MR. MEARS:  Then the only other point is that we are

23  getting to the subordination of our 365(d)(10) claims, any

24  other claims that might be granted pursuant to this order.  The

25  debtor is getting use of the planes during the Chapter 11 case.

Omnibus Hearing                                    68

1   There is an elevated test given to 3659(d)(10) claims, and we

2   wish to have that (indiscernible) --

3        THE COURT:  Well, are these secured -- I thought these

4   were secured -- or are these true leases?

5        MR. MEARS:  These are true leases.  But as security

6   for the lease obligations, there is a small -- a small part of

7   what I call "collateral," the charter remnants, the

8   (indiscernible) agreements, subleases that are separately

9   pledged to secure the lease, the true lease obligations.

10       MR. BUTLER:  Your Honor, the debtors' problem with the

11  language Mr. Mears client wanted him to pursue here is that it

12  really attempted to have the debtors agree with lots of things:

13  That these are true leases; that this part is secure; that this

14  -- and the relationships between them, and we weren't prepared,

15  simply, to do that.  We understand Your Honor's admonition

16  about cash collateral, but I don't believe that this order is

17  drafted -- if Mr. Mears's client has that which he claims that

18  they have -- that they are negatively impacted.

19       MR. MEARS:  No, I -- just to respond, Your Honor, I am

20  not asking for -- I understand Mr. Butler's point.  I guess all

21  I'm asking is that, to the extent that we do have true

22  365(d)(10) claims, then those not be subordinated into any

23  other claims that are -- that would arise from this order.

24                      (Counsel confer)

25       THE COURT:  You know, Mr. Mears, was that a part of

Omnibus Hearing                                                69

1    your objection?  I have to confess, this is -- I have to rely

2    on -- because I didn't look at this issue until about ten

3    seconds ago.

4         MR. BUTLER:  Well, I've never heard that raised by Mr.

5    Mears in your objection.  Was it raised?

6         MR. MEARS:  I think it was raised in discussions.

7         MR. BUTLER:  Well --

8         MR. MEARS:  If we had any objection, certainly in

9    discussions with Mr. (indiscernible) on this.

10         MR. BUTLER:  Because I think what you're asking for is

11   not acceptable, probably, to anybody in the courtroom, in terms

12   of the lenders or anybody else.  And, Your Honor, he didn't

13   raise it in any objection before the Court.

14         THE COURT:  Well, I don't -- I guess I still don't

15   understand the objection.  This isn't as to the specific

16   assignment that you've been given of a lease, because that

17   would be the debtors' -- that wouldn't be covered by 365(10) --

18         MR. MEARS:  (Indiscernible.)

19         THE COURT:  You're talking about in the event that

20   these leases are --

21         MR. MEARS:  No, we are -- Your Honor, we believe these

22   are true leases, and the lease obligations are monthly lease

23   payments that are due the Bank of America by the debtor.  And

24   under 365(d)(10), a performance of lease obligations, at least

25   as to the sixty-day grace period, are given such a priority.

Omnibus Hearing                                    70

1        The DIP order does provide for subordination of

2   administrative expenses.  We are asking that our 365(d)(10)

3   claims, and to the extent that they are made -- this is based

4   on a true lease, would not be subordinated.

5        MR. BUTLER:  Your Honor, I don't know if this is a

6   subordination.  Mr. Mears is saying as though we're giving a

7   super-priority claim to the DIP lenders, and the answer is:

8   You bet.  And it is a super-priority, it's intended to be;

9   they're not going to give it up for this or any other kind of

10  administrative claim outside of what's said in the order.  And

11  this, you know, objection is untimely, among other things, Your

12  Honor.

13       THE COURT:  Yeah.  I'm going to deny this objection

14  for that reason, unless you're prepared to have a whole trial

15  today on the 364(c), which I think highlights the untimeliness

16  of the objection.  This isn't an issue of adequate protection;

17  this is just whether the debtors could get financing on a

18  simple non-priming, non-super-priority basis.

19       MR. MEARS:  Other than that, all of our other

20  objections are withdrawn.

21       THE COURT:  Okay.  All right.

22       MR. BUTLER:  Well, I think -- and just so I ask in the

23  courtroom on the phone, to see if I have missed anyone.  Other

24  than set-off claimants, is there any other party who has an

25  objection to this matter?

# EXHIBIT F

Delphi Corporation
Special Parties - Overnight Mail

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | EMAIL |
|---------|---------|----------|----------|------|-------|-----|-------|
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | rmcdowell@bodmanllp.com |
| Barnes & Thornburg LLP | Patrick E. Mears | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | pmears@btlaw.com |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

11/30/2005 10:03 AM
Objection Special Parties

# EXHIBIT G

Delphi Corporation
Special Parties - Facsimile

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | FAX | EMAIL |
|---|---|---|---|---|---|---|---|---|
| Barnes & Thornburg LLP | Patrick E. Mears | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | 616-742-3999 | pmears@btlaw.com |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

11/30/2005 10:04 AM
Objection Special Parties