UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                            :

In re                        :     Chapter 11
                            :

DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                            :

               Debtors.   :     (Jointly Administered)
                            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

FINAL ORDER UNDER 11 U.S.C. §§ 327(a)
AND 328 AUTHORIZING EMPLOYMENT AND
RETENTION OF ROTHSCHILD INC. AS FINANCIAL
ADVISOR AND INVESTMENT BANKER TO DEBTORS

("ROTHSCHILD RETENTION FINAL ORDER")

Upon the application, dated October 8, 2005 (the "Application"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"),

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Initial

Debtors",[1] together with the Additional Debtors, the "Debtors"), for entry of a final order (the

"Final Order") under 11 U.S.C. §§ 327(a) and 328 authorizing the employment and retention of

Rothschild Inc. ("Rothschild") as financial advisor and investment banker to the Debtors as of

October 8, 2005 (the "Petition Date"); and upon the Affidavit Of Robert S. Miller, Jr. In Support

Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005, and upon the

Declaration and Statement of David L. Resnick, a Managing Director at Rothschild, sworn to

October 6, 2005; in support of the Application; and upon the record of the hearing held on the

---

[1]    On October 14, 2005, Delphi Furukawa Wiring Systems LLC, Delphi Receivables LLC, and MobileAria, Inc.
(collectively, the "Additional Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the
United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").  Pursuant to an Interim Order
Under 11 U.S.C. § 105(a) Directing That Certain Orders In Chapter 11 Cases Of Delphi Corporation, Et Al. Be
Made Applicable To Delphi Furukawa Wiring Systems LLC, Delphi Receivables LLC, And MobileAria, Inc.,
entered by this Court on October 19, 2005, this Order (as defined below) will be applicable to the Additional
Debtors.

Application on November 29, 2005; and this Court having determined that the relief requested in

the Application is in the best interests of the Debtors, their estates, their creditors, and other

parties-in-interest; and this Court being satisfied that Rothschild is disinterested and represents

no interest adverse to the Debtors or their estates as to the matters upon which Rothschild is to be

engaged; and it appearing that proper and adequate notice of the Application has been given and

that no other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

A.   This Court has jurisdiction over the matters raised in the Application.

B.   This is a core proceeding pursuant to 28. U.S.C. §157(b)(2).

C.   The Application sought approval of the employment and retention of

Rothschild as the Debtors' financial advisor and investment banker pursuant to that certain letter

agreement, dated as of May 1, 2005 (the "Prepetition Engagement Letter"), by and among

Rothschild, Rohatyn Associates LLC [2], and Delphi, (collectively, the "Parties").

D.   The Parties have agreed to modify the Prepetition Engagement Letter and

instead to seek approval of the Debtors' retention of Rothschild pursuant to the terms of that

certain restated letter agreement, dated as of October 8, 2005, by and among Rothschild and

Delphi, a copy of which is attached hereto as Exhibit 1 (the "Engagement Letter") and

incorporated herein by reference.

ORDERED, ADJUDGED, AND DECREED THAT:

1.   The Application, as modified by this Order and the Engagement Letter, is

GRANTED on a final basis.

---

[2]    The employment of Rohatyn Associates LLC under the Engagement Letter was terminated by mutual
agreement, effective October 2, 2005.

2.    Pursuant to 11 U.S.C. §§ 327(a) and 328, the Debtors are authorized,

effective as of the Petition Date, to employ and retain Rothschild as the Debtors' financial

advisor and investment banker on the terms set forth in the Engagement Letter, except that

Rothschild acknowledges and agrees, notwithstanding any statement to the contrary in the

Engagement Letter, that it is not being engaged as and shall not be deemed to be an independent

contractor, it being understood that Rothschild shall have no authority to bind, represent, or

otherwise act as agent, executor, administrator, trustee, lawyer, or guardian for the Debtors, nor

shall Rothschild have the authority to manage money or property of the Debtors.

3.    Rothschild will file fee applications for interim and final allowance of

compensation and reimbursement of expenses pursuant to the procedures set forth in sections

330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the

"Bankruptcy Code"), any applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern

District of New York (the "Local Rules"), any orders of this Court, and any procedures as may

be fixed by order of this Court.

4.    Subject to the following paragraph, the compensation and reimbursement of

expenses to be paid to Rothschild shall be in accordance with the terms of the Engagement

Letter, which fees and expense reimbursements shall not hereafter be subject to challenge except

under the standard of review under section 328(a) of the Bankruptcy Code.

5.    The Office of the United States Trustee retains all rights to object to

Rothschild's fee applications (including expense reimbursements) in respect of fees and expenses

accruing during Rothschild's engagement pursuant to this Final Order, on all grounds, including,

3

but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy

Code.

6.    Rothschild shall apply previously unallocated portions of its $250,000

retainer, first, to unpaid prepetition fees and expenses, if any, and second, to postpetition fees and

expenses approved by this Court.

7.    All requests of Rothschild for payment of indemnity pursuant to the

Engagement Letter shall be made by means of an application (interim or final as the case may

be) and shall be subject to review by this Court to ensure that payment of such indemnity

conforms to the terms of the Engagement Letter and is reasonable based on the circumstances of

the litigation or settlement in respect of which such indemnity is sought.

8.    In no event shall Rothschild or any of the Idemnified Parties (as defined in

the Engagement Letter) be indemnified if a court determines by a final order that such claim for

indemnification arose out of Rothschild's or such Idemnified Party's own bad faith, self-dealing,

breach of fiduciary duty (if any), gross negligence, or willful misconduct.

9.    In the event that Rothschild seeks reimbursement for attorneys' fees from the

Debtors pursuant to the Engagement Letter, the invoices and supporting time records from such

attorneys shall be included in Rothschild's own applications (both interim and final), and such

invoices and time records shall be subject to the Office of the United States Trustee's guidelines

for compensation and reimbursement of expenses and the approval of this Court under the

standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such

attorneys have been retained under section 327 of the Bankruptcy Code and without regard to

whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

4

10.    To the extent that any term of this Final Order is inconsistent with the

Engagement Letter, such term of this Final Order shall govern.

11.    Notwithstanding anything to the contrary in the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, any orders of this Court, or any guidelines regarding

submission and approval of fee applications, Rothschild and its professionals (a) shall only be

required to maintain contemporaneous time records for services rendered postpetition, in

one-half-hour increments, and (b) shall not be required to conform to or provide any schedule of

hourly rates.

12.    This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Final Order.

13.    The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Application.

Dated:    New York, New York
          November 30, 2005


                                        /s/ ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

EXHIBIT 1

ENGAGEMENT LETTER