David M. Grogan (DG 2784)                    Hearing Date:
Shumaker, Loop & Kendrick, LLP               November 29, 2005
128 South Tryon Street, Suite 1800           10:00 a.m.
Charlotte, North Carolina  28202
Telephone:  704-375-0057
Counsel for Defendant


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
_____x
                               :
In re                          :   Chapter 11
                               :
DELPHI CORPORATION, et al.,    :   Case No. 05-44481 (RDD)
                               :   (Jointly Administered)
               Debtors.        :
                               :
_____x
```

**OBJECTION OF WELLMAN, INC., TO DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. §§ 363(b) AND 365(a) AND FED. R. BANKR. P. 9019 APPROVING PROCEDURES TO ASSUME CERTAIN AMENDED AND RESTATED SOLE SOURCE SUPPLIER AGREEMENTS**

Wellman, Inc. ("Wellman"), hereby objects to the Debtors' motion for an order under 11 U.S.C. §§ 363(b) and 365(a) and Fed. R. Bankr. P. 9019 approving procedures to assume certain amended and restated sole source supplier agreements (the "Motion") and in support thereof states as follows:

1. Wellman objects to the relief requested in the Motion because it is not authorized by the Bankruptcy Code as more particularly set forth below.

2. Section 365(b)(1) of the Bankruptcy Code provides:

"If there has been a default in an executory contract or unexpired lease of the debtor, **the trustee may not assume such contract or lease unless**, at the time of assumption of such contract or lease the trustee--

"(A) *cures, or provides adequate assurance that the trustee will promptly cure, such default * * *.*" (emphasis added).

3. The Motion fails to comply with this provision of section 365(b)(1) of the Bankruptcy Code in that the Debtors propose, in paragraph 22(f) of the Motion, not to cure all defaults, but to pay only 75 percent of such defaults. If an executory contract is to be assumed, all defaults must be cured, and the debtor must provide adequate assurance of future performance. *In re Pacific Exp., Inc.*, 780 F.2d 1482 (9th Cir 1986); *LJC Corp. v. Boyle*, 768 F.2d 1489 (D.C. Cir. 1985).

4. The Motion fails to comply with this provision of section 365(b)(1) of the Bankruptcy Code in that the Debtors propose, in paragraph 22(b) of the Motion, not to promptly cure all defaults, but to pay such cure payments (which are inadequate in total amount) over a one-year period, with the last payment being on December 31, 2006.

5. The Motion fails to comply with this provision of section 365(b)(1) of the Bankruptcy Code in that the Debtors propose, in paragraph 22(b) of the Motion, not to provided adequate assurance of the curing of all defaults, as such cure payments (which are inadequate in total amount and are not being paid promptly) would be exempted from being treated as administrative expenses. Accordingly, there is no assurance at all that such payments would actually be made or could be enforced against the Debtors.

6. The Motion fails to comply with section 363(a) of the Bankruptcy Code, in that the Motion seeks in paragraph 22(a) to unilaterally modify the provisions of each assumed contract by extending the term of each contract for an additional two years beyond the expiration date of the contract. An executory contract may not be assumed in part and rejected in part; a debtor must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits. *Stewart Title Guaranty Co. v. Old Republic Nat'l Title Ins. Co.*, 83, F.3d 735, 741 (5th Cir. 1996); *City of Covington v. Covington Landing Ltd. Partnership*, 71 F.3d 1221 (6th Cir 1995).

7. The Motion fails to comply with section 363(a) of the Bankruptcy Code, in that the Motion seeks in paragraph 22(d) to unilaterally modify the provisions of each assumed contract by changing the credit terms of each contract to the MNS-2 terms defined in footnote 6.

8. Wellman further objects to the Motion because of paragraph 23, which provides that, even if a Covered Supplier does not sign an Assumption Agreement, it could be bound to the terms of an Assumption Agreement through performance. Thus, even if Wellman expressly refuses to sign an Assumption Agreement, it could be bound by an Assumption Agreement merely by inadvertently sending one shipment of product to the Debtors. An Assumption Agreement

3

should only be binding when it is executed by an authorized representative of a Covered Supplier.

9. Wellman further objects to the Motion because it does not state on whom a proposed Assumption Agreement will be served. Wellman requests that any proposed Assumption Agreement be served on counsel for Wellman at the address set forth below.

10. Wellman reserves the right to contend that an executory contract does not exist between Wellman and the Debtors.

11. If an executory contract does exist between Wellman and the Debtors, it expires no later than December 31, 2005, and Wellman reserves the right to negotiate all terms for any contractual agreement for sales beyond that date.

12. Wellman requests that this objection be deemed to create a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure ("FRBP") and that Wellman be entitled to take discovery in accordance with the provisions of FRBP Rules 7026 through 7034 prior to a final hearing on the Motion.

### Memorandum of Law

13. Because the legal points and authorities upon which this objection relies are incorporated herein, Wellman respectfully request that eh requirements of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

4

WHEREFORE, Wellman objects to the Motion for the reasons set forth herein and requests that the Court grant such relief as is consistent with this objection.

Dated this 23rd day of November, 2005.

*(signature)*

David M. Grogan
N.C. Bar No. 19570
SHUMAKER, LOOP & KENDRICK, LLP
128 South Tryon Street, Suite 1800
Charlotte, North Carolina  28202
Telephone:  704-375-0057
Facsimile:  704-332-1197
E-mail:  dgrogan@slk-law.com

Attorneys for Wellman, Inc.