UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
    In re                                   :        Chapter 11
:
DELPHI CORPORATION, et al.,        :        Case No. 05-44481 (RDD)
:
                        Debtors.    :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AUTHORIZING
EMPLOYMENT AND RETENTION OF WILMER CUTLER
<u>PICKERING HALE AND DORR LLP AS SPECIAL REGULATORY COUNSEL</u>

       Upon the application, dated November 9, 2005 (the "Application"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 and 2016, authorizing the employment and retention of Wilmer Cutler Pickering Hale and Dorr LLP ("WCPHD") to act as special regulatory counsel to the Audit Committee of the Company's Board of Directors (the "Audit Committee"); and upon the Declaration and Disclosure Statement of Charles Davidow, sworn to November 9, 2005, in support of the Application; and upon the record of the hearing held on the Application; and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest, and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Application is GRANTED.

2. The Debtors' retention and employment of WCPHD to act as special regulatory counsel to the Audit Committee, pursuant to the Application, is approved under sections 327(e) and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), with approval of such employment being effective as of October 7, 2005.

3. WCPHD shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, guidelines established by the Office of the United States Trustee, and further orders of this Court.

4. Any party-in-interest shall have the right to raise the issue of the application of WCPHD's postpetition fees and expenses incurred at any time, subject to applicable law and rules of Court.

5. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

6. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:   New York, New York
         December 2, 2005

                                            /s/ ROBERT D. DRAIN
                                            UNITED STATES BANKRUPTCY JUDGE