UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                :
    In re                                               :        Chapter 11
                                                               :
DELPHI CORPORATION, et al.,           :        Case No. 05-44481 (RDD)
                                                              :
                        Debtors.    :        (Jointly Administered)
                                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF PHILMORE H. COLBURN II, IN SUPPORT OF
APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(e) AND
1107(b) AUTHORIZING EMPLOYMENT AND RETENTION OF
CANTOR COLBURN LLP AS PATENT COUNSEL TO DEBTORS

Philmore H. Colburn II being duly sworn, deposes and states as follows:

1. I am the managing partner in the firm of Cantor Colburn LLP ("CCLLP"), proposed patent counsel for Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors").

2. I submit this affidavit (the "Affidavit")[1] in support of the Application For Order Under 11 U.S.C. §§ 327(e) and 1107(b) Authorizing Employment And Retention Of Cantor Colburn LLP As Patent Counsel To Debtors (the "Application"), filed concurrently herewith.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Application.

1

3. The name, address and telephone number of CCLLP are as follows:

CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, Connecticut 06002
(860) 286-2929

4. CCLLP is well qualified to assist the Debtors in the manner described in the Application. CCLLP specializes in intellectual property law. Most importantly for present purposes, several members of CCLLP have extensive experience in patent and intellectual property law, and are familiar with the interplay between these areas and restructuring and bankruptcy law. Accordingly, the Debtors believe that CCLLP is well qualified to serve as patent counsel in these chapter 11 cases in an efficient and effective manner.

5. CCLLP has previously advised the Debtors regarding patent and intellectual property matters. CCLLP is thoroughly familiar with the Debtors' intellectual property portfolio, the manner in which the Debtors desire that their patent applications be prepared and prosecuted, and certain legal matters relating to the Debtors based on the services that CCLLP has rendered to the Debtors.

6. Generally, in connection with the Debtors' cases, CCLLP intends to provide to the Debtors the following types of professional services:

    A. Preparing patent applications in various fields relating to the Debtors' business operations for filing in the United States Patent and Trademark Office, including without limitation applications directed to devices, components, processes and systems relating to inflatable restraints, inflatable cushions, occupant restraints, safety restraints, exhaust treatment, sensors, catalysts, solid oxide fuel cells, fuel control systems and steering systems;

    B. Responding to office actions and otherwise prosecuting patent applications before the United States Patent and Trademark Office in the foregoing fields and as otherwise requested by Debtors;

2

  C. Rendering patentability, infringement, and clearance opinions in the foregoing fields and as otherwise requested by Debtors;

  D. Drafting and negotiating intellectual property acquisitions, transfers or licenses relating to the Debtors' business operations in the foregoing fields and as otherwise requested by the Debtors;

  E. Representing the Debtors in actual and contemplated intellectual property and related litigation; and

  F. Performing such other patent and intellectual property related legal services as the Debtors may from time to time request

7. In light of certain existing client representations on unrelated matters, the engagement of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden, Arps") as bankruptcy counsel, the engagement of Shearman & Sterling LLP ("Shearman") as special counsel, the engagement special labor counsel, and the engagement of special employee benefits counsel (all, as addressed below), CCLLP will not be responsible for or undertake any representation with respect to (a) advising the Debtors concerning specific contracts and claims of certain of CCLLP's existing clients and (b) reviewing, interpreting or commenting on the specific contracts and claims of certain of CCLLP's existing clients. These existing client relationships, and the scope of the carve-out from CCLLP's retention, are discussed more fully below.

8. It is CCLLP's understanding that the Debtors may request that CCLLP undertake specific matters beyond the limited scope of the responsibilities set forth above. Should CCLLP agree in its discretion to undertake any such matter, it is CCLLP's understanding that the Debtors shall seek further order of this Court.

9. CCLLP is making efforts, together with the Debtors' bankruptcy counsel, Skadden, Arps, special counsel, Shearman, special labor counsel, O'Melveny, and special employee benefits counsel, Groom, to ensure that there is no duplication of effort or work between Skadden, Arps, Shearman, O'Melveny, Groom, and CCLLP. It is CCLLP's intention

3

that the estates should receive the best value possible from the efficient coordination of work among its counsel. CCLLP believes that its lawyers, Skadden, Arps, Shearman, and other counsel have to date delineated clearly, and will continue to delineate clearly, the division of work between them, so as to avoid any duplication of effort and to maximize the efficiencies of the proposed arrangement.

10. Prior to the Petition Date, CCLLP was compensated on an hourly basis for services rendered to the Debtors. CCLLP had not been paid, and is not in possession of, any prepetition retainer.

11. CCLLP has agreed to accept as compensation for the services rendered in connection with its representation of the Debtors as follows:

A. CCLLP will be compensated at its usual and customary hourly rates, which range from $150 to $385 per hour, for work performed on Delphi's behalf;

B. Unless otherwise agreed to by the Debtors and CCLLP, the professional service fees charged by CCLLP for preparing a patent application for filing with the United States Patent and Trademark Office will be capped at Five Thousand and 00/100 Dollars ($5,000.00);

C. Unless otherwise agreed to by the Debtors and CCLLP, the professional service fees charged by CCLLP for preparing a response to an office action from the United States Patent and Trademark Office will be capped at One Thousand Six Hundred Fifty and 00/100 Dollars ($1,650.00);

D. In cases where the Debtors and CCLLP agree that work to be performed is beyond the scope of a typical patent application or response to an office action, CCLLP's professional service fee will not be subject to the aforementioned caps; and

4

    A. For matters other than the preparation of patent applications and responses to office actions, CCLLP will earn its fees on an hourly basis.

  12. In addition to paying CCLLP's professional service fees, the Debtors will pay CCLLP for expenses incurred representing the Debtors.  These expenses are in addition to CCLLP's professional service fees, and are not subject to the professional service fee caps described above.  By way of example, but not limitation, expenses include government fees, filing fees, drawing fees, messengers, facsimiles, computerized research, word processing, printing and photocopying, travel, transcripts, parking, filing fees, telephone toll charges, secretarial overtime (where attributable to Delphi's special needs), notary charges, experts and other consultants retained on Delphi's behalf, and other similar costs and expenses.  CCLLP comply with all applicable rules regarding reimbursement of these expenses.

  13. CCLLP acknowledges that all amounts paid to CCLLP during these chapter 11 cases are subject to final allowance by this Court.  In the event that any fees or expenses paid to CCLLP during these cases are disallowed by this Court, the fees and expenses will be disgorged by CCLLP and returned to the Debtors or as otherwise ordered by this Court.

  14. CCLLP categorizes its billings by subject matter, in compliance with the applicable guidelines of the Office of the United States Trustee (the "U.S. Trustee Guidelines"). CCLLP acknowledges its compensation in the Debtors' cases is subject to approval of this Court in accordance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, and the U.S. Trustee Guidelines.

  15. CCLLP has conducted a check for conflicts of interest and other conflicts and connections with respect to the Debtors' reorganization cases.  CCLLP maintains a database containing the names of current, former, and potential clients and other principal parties related

5

to such clients.  I personally reviewed the Suggested List of Interested Parties (Consolidated) and caused employees of CCLLP's billing department who are familiar with CCLLP's database of current, former, and potential clients to review and analyze our database to determine whether CCLLP has any connection with the principal parties-in-interest in these chapter 11 cases, using information provided to CCLLP by the Debtors and Skadden, Arps and information contained in the database, including (a) the names of the Debtors' prepetition lenders, (b) the names of significant creditors of the Debtors, and (c) the names of firms that the Debtors intend to or may employ during their chapter 11 cases.

16.    Based upon this research, I have determined that CCLLP has in the past represented, currently represents, and will likely represent in the future, certain of the Debtors' creditors and other parties-in-interest in matters unrelated to the Debtors or these chapter 11 cases.  I do not believe that the foregoing raise any actual or potential conflicts of interest of CCLLP relating to the representation of the Debtors in these chapter 11 cases, but such relationships are disclosed out of an abundance of caution.  These entities are identified below:

> Aglient Tech. (M) Sdn Bhd
> Bell South
> Delco Remy America (DRA)
> Delphi Technologies, Inc.
> Epsilon
> Furukawa Electric Co. Ltd.
> IBM Corporation
> General Electric Capital Corporation
> General Electric Co Inc
> GE Medical Systems
> General Motors Corporation
> GMNAO
> Henkel KGAA
> Remy International Inc.
> Yuasa & Hara
> Stites & Harbison, PLLC
> Sumitomo Electric Industries Ltd.
> Sung Woo-GPS

6

17. It is my intention that if CCLLP becomes aware of any other connections with the Debtors of which it presently is unaware, CCLLP will bring them to the attention of this Court and the U.S. Trustee.

18. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

/s/ Philmore H. Colburn II_____
Philmore H. Colburn II, Esq.


Sworn to before me

this 6th day of December, 2005


 /s/ Elaine A. Euliano 
Notary Public
My commission expires October 31, 2010