```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                            :
     In re                                  :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                       Debtors.             :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

### AFFIDAVIT OF KEVIN T GRZELAK IN SUPPORT OF APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND RETENTION OF PRICE, HENEVELD, COOPER, DEWITT & LITTON LLP AS INTELLECTUAL PROPERTY COUNSEL TO DEBTORS

STATE OF MICHIGAN

COUNTY OF KENT

KEVIN T. GRZELAK, being duly sworn, deposes and states as follows:

1.    I am a Partner in the law firm of Price, Heneveld, Cooper, DeWitt & Litton LLP ("Price Heneveld"), proposed intellectual property counsel for Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors").

2.    I submit this affidavit (the "Affidavit") in support of the Application For Order Under 11 U.S.C. §§ 327(e) And 1107(b) And Fed. R. Bankr. P. 2014 Authorizing Employment And Retention Of Price, Heneveld, Cooper, DeWitt & Litton LLP As Intellectual Property Counsel To Debtors (the "Application") nunc pro tunc to October 8, 2005, filed concurrently herewith.

3.    The name, business address, and telephone number of Price Heneveld are as follows:

1

>Price, Heneveld, Cooper, DeWitt & Litton LLP
>695 Kenmoor Avenue, S.E.
>P.O. Box 2567
>Grand Rapids, Michigan 49501-2567
>Phone:  616/949-9610
>Facsimile:  616/957-8196

4. Price Heneveld is well qualified to assist the Debtors in the manner described in the Application.  Price Heneveld is a boutique law firm specializing in intellectual property matters with approximately 24 attorneys who handle sophisticated intellectual property matters, including patent, trademark, copyright, and trade secret matters.  Accordingly, the Debtors believe that Price Heneveld is well qualified to serve as legal ordinary course professional counsel in these chapter 11 cases in an efficient and effective manner.

5. Price Heneveld has advised the Debtors regarding intellectual property matters.  Based on the services that Price Heneveld has previously rendered to the Debtors, Price Heneveld is thoroughly familiar with certain legal matters relating to the Debtors' intellectual property.

6. Generally, in connection with the Debtors' cases, Price Heneveld intends to provide the Debtors with the following types of professional services:

    (a)    Legal advice to the Debtors concerning intellectual property, including patent, trademark, copyright, and trade secret matters;

    (b)    Legal advice related to intellectual property issues including, among others, electronics devices, including circuits, controllers, and packages, semiconductor devices and microelectromechanical systems devices and fabrication techniques, sensors, communications systems including radio, entertainment and antenna devices, software related inventions, automotive safety devices, and other automotive related inventions; and

    (c)    Representation of Debtors in connection with intellectual property matters, including preparation and prosecution of applications in the U.S. and foreign countries.

7. In light of certain existing client representations on unrelated matters, the engagement of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden") as the Debtors' bankruptcy counsel, the engagement of Shearman & Sterling LLP ("Shearman") as the Debtors' special counsel, Togut, Segal & Segal LLP ("Togut") as the Debtors' conflicts counsel, and the engagement of other counsel for the Debtors; Price Heneveld will not be responsible for or undertake any representation with respect to (a) advising the Debtors concerning specific contracts and claims of certain of Price Heneveld's existing clients and (b) reviewing, interpreting, or commenting on the specific contracts and claims of certain of Price Heneveld's existing clients. These existing client relationships, and the scope of the carve-out from Price Heneveld's retention, are discussed more fully below.

8. It is Price Heneveld's understanding that the Debtors may request that Price Heneveld undertake specific matters beyond the limited scope of the responsibilities set forth above. Should Price Heneveld agree in its discretion to undertake any such matter, it is Price Heneveld's understanding that the Debtors will seek further order of this Court.

9. Price Heneveld is making efforts, together with the Debtors' other counsel to ensure that there is no duplication of effort or work between such firms and Price Heneveld. It is Price Heneveld's intention that the estates should receive the best value possible from the efficient coordination of work among its counsel. Price Heneveld believes that its lawyers and the rest of the firms retained in these cases have to date delineated clearly, and will continue to delineate clearly, the division of work between them, so as to avoid any duplication of effort and to maximize the efficiencies of the proposed arrangement.

10. Price Heneveld has received approximately $95,110.21 from the Debtors in the past 90 days for services rendered and expenses incurred for the preparation of intellectual property and related legal work performed by Price Heneveld.

11. Price Heneveld has agreed to accept as compensation for the services rendered in connection with its representation of the Debtors Price Heneveld's standard hourly rates and expenses according to Price Heneveld's reimbursement policies. The Price Heneveld attorneys who are expected to be principally responsible for the matters and their respective standard hourly rates are: Kevin Grzelak ($275/hr); Jeff Johnson ($130/hr); Jeff Kapteyn ($220/hr); and Brian Cheslek ($145/hr). These hourly rates are subject to annual adjustment in accordance with Price Heneveld's standard policies. The Debtors have not provided a retainer. There are no arrangements between Price Heneveld and any other entity to share compensation received or to be received in connection with these chapter 11 cases.

12. Price Heneveld acknowledges that all amounts paid to Price Heneveld during these chapter 11 cases are subject to final allowance by this Court. In the event that any fees or expenses paid to Price Heneveld during these cases are disallowed by this Court, the fees and expenses will be disgorged by Price Heneveld and returned to the Debtors or as otherwise ordered by this Court.

13. Price Heneveld categorizes its billings by subject matter, in compliance with the applicable guidelines of the Office of the United States Trustee (the "U.S. Trustee Guidelines"). Price Heneveld acknowledges its compensation in the Debtors' cases is subject to approval of this Court in accordance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, and the U.S. Trustee Guidelines.

14. Price Heneveld has conducted a check for conflicts of interest and other conflicts and connections with respect to the Debtors' bankruptcy cases. Price Heneveld maintains a database containing the names of current, former, and potential clients and other principal parties related to such clients. I caused Price Heneveld to review and analyze the conflict database to determine whether Price Heneveld has any connection with the principal parties-in-interest in these chapter 11 cases, using information provided to Price Heneveld by the Debtors and Skadden and information contained in the database, including (a) the names of the Debtors' prepetition lenders, (b) the names of significant creditors of the Debtors, and (c) the names of firms that the Debtors intend to or may employ during their chapter 11 cases.

15. Based upon this research, I have determined that Price Heneveld has in the past represented, currently represents, and will likely in the future represent certain of the Debtors' creditors and other parties-in-interest in matters unrelated to the Debtors or these chapter 11 cases. I do not believe that the foregoing raises any actual or potential conflicts of interest of Price Heneveld relating to the representation of the Debtors in these chapter 11 cases, but such relationships are disclosed out of an abundance of caution:  Corning Inc., Ford Motor Co., Benteler, Johnson Controls (JCI), and Autocam Corp.

16. It is my intention that if Price Heneveld becomes aware of any other connections of which it presently is unaware, Price Heneveld will bring them to the attention of this Court and the U.S. Trustee.

/s/ Kevin T. Grzelak
Kevin T. Grzelak

Sworn to before me
this 6th day of December, 2005

/s/ Jennifer K. Taylor
Notary Public