## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
        In re                           :   Chapter 11
                                        :
DELPHI CORPORATION et al.,              :   Case No. 05-44481 (rdd)
                                        :
                        Debtors.        :   (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## AFFIDAVIT OF SERVICE

I, Amber M. Cerveny, being duly sworn according to law, deposes and says that I am employed by Kurtzman Carson Consultants, LLC, claims and noticing agent for the Debtors in the above-captioned cases.

On December 6, 2005, I caused to be served, via overnight mail the documents listed in Section 1 on the parties attached hereto as <u>Exhibit A</u>, via electronic notification on the parties attached hereto as <u>Exhibit B</u>, and via US mail the parties attached hereto as <u>Exhibit C</u>:
:

### *Section 1*

**I.**   Application for Order Under 11 U.S.C. §§ 327(e) and 1107(b) and Fed.R.Bankr.P. 2014 Authorizing Employment and Retention of Banner & Witcoff, Ltd. As Intellectual Property Counsel to Debtors ("Banner & Witcoff Retention Application") **(Docket No. 1451) [Attached hereto as Exhibit D]**

**II.**   Notice of Presentment of Order Under 11 U.S.C. §§ 327(e) and 1107(b) and Fed.R.Bankr.P. 2014 Authorizing Employment and Retention of Banner & Witcoff, Ltd. As Intellectual Property Counsel to Debtors **(Docket No. 1452) [Attached hereto as Exhibit E]**

**III.**   Application for Order Under 11 U.S.C. §§ 327(e) and 1107(b) and Fed.R.Bankr.P 2014 Authorizing Employment and Retention of Butzel Long, PC as Commercial and Litigation Counsel to Debtors ("Butzel Long Retention Application") **(Docket No. 1453) [Attached hereto as Exhibit F]**

**IV.**   Notice of Presentment of Order Under 11 U.S.C. §§ 327(e) and 1107(b) and Fed.R.Bankr.P. 2014 Authorizing Employment and Retention of Butzel Long, PC as Local Counsel to Debtors **(Docket No. 1454) [Attached hereto as Exhibit G]**

**V.**   Application for Order Under 11 U.S.C. §§ 327(e) and 1107(b) Authorizing Employment and Retention of Cantor Colburn LLP as Patent Counsel to Debtors ("Cantor Colburn LLP Retention Application") **(Docket No. 1455) [Attached hereto as Exhibit H]**

VI.   Notice of Presentment of Order Under 11 U.S.C. §§ 327(e) and 1107(b) and
Fed.R.Bankr.P. 2014 Authorizing Employment and Retention of Cantor Colburn LLP
as Patent Counsel to Debtors **(Docket No. 1456) [Attached hereto as Exhibit I]**

VII.   Application for Order Under 11 U.S.C. §§ 327(e) and 1107(b) and Fed.R.Bankr.P. 2014
Authorizing Employment and Retention of Howard & Howard Attorneys, PC as
Intellectual Property Counsel to Debtors ("Howard & Howard Retention Application")
**(Docket No. 1459) [Attached hereto as Exhibit J]**

VIII.   Notice of Presentment of Order Under 11 U.S.C. §§ 327(e) and 1107(b) and
Fed.R.Bankr.P. 2014 Authorizing Employment and Retention of Howard and Howard
Attorneys, PC as Intellectual Property Counsel to Debtors **(Docket No. 1460)
[Attached hereto as Exhibit K]**

IX.   Application for Order Under 11 U.S.C. §§ 327(e) and 1107(b) and Fed.R.Bankr.P. 2014
Authorizing Employment and Retention of Price, Heneveld, Cooper, Dewitt & Litton
LLP as Intellectual Property Counsel to Debtors ("Price Heneveld Retention
Application") **(Docket No. 1457) [Attached hereto as Exhibit L]**

X.   Notice of Presentment of Order Under 11 U.S.C. §§ 327(e) and 1107(b) and
Fed.R.Bankr.P. 2014 Authorizing Employment and Retention of Price, Heneveld,
Cooper, Dewitt & Litton LLP as Intellectual Property Counsel to Debtors **(Docket No.
1458) [Attached hereto as Exhibit M]**

Dated:  December 7, 2005

                                            _/s/ Amber M. Cerveny_____
                                            Amber M. Cerveny

Sworn to and subscribed before
me on December 7, 2005

____/s/ Evan J. Gershbein_____
Notary Public

My Commission Expires: ____1/19/07

2

# **EXHIBIT A**

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Capital Research and Management Company | Michelle Robson | 11100 Santa Monica Blvd | 15th Floor | Los Angeles | CA | 90025 | 310-996-6140 | 310-996-6091 | mlfr@capgroup.com | Creditor Committee Member |
| Cohen Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | b.simon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel for Flextronics International USA, Inc. |
| Davis Polk & Wardwell | Donald Bernstein | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 | 212-450-3092 | donald.bernstein@dpw.com | Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 6328 Monarch Park Place | | Niwot | CO | 80503 | 303-652-4853 | 303-652-4716 | cshiff@flextronics.com | Counsel for Flextronics International |
| Flextronics International | Terry Zale | 6328 Monarch Park Place | | Niwot | CO | 80503 | 303-652-4853 | 303-652-4716 | terryzale@flextronics.com | Counsel for Flextronics International |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | One Plastics Avenue | | Pittsfield | MA | 01201 | 704-992-5075 | 866-585-2386 | | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel for Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 152 West 57th Street | 35th Floor | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel for Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Internal Revenue Service | Attn: Insolvency Department, Mario Valerio | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-298-2015 | 212-298-2016 | | IRS |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | 48226 | 313-628-3648 | 313-628-3602 | | Michigan IRS |
| IUE-CWA | Henry Reichard | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | hreichardiuecwa@aol.com | Creditor Committee Member |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.fmaher@chase.com richard.duker@jpmorgan.com gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 3

12/7/2005 12:28 PM
Master

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | James Le | 12910 Culver Blvd. | Suite I | Los Angeles | CA | 90066 | 310-751-1511 | 310-751-1561 | jle@kccllc.com | Noticing and Claims Agent: |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | UCC Professional |
| Law Debenture Trust of New York | Patrick J. Healy | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Daniel R. Fisher | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel for Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel for Recticel North America, Inc. |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Mesirow Financial | Melissa Knolls | 321 N. Clark St. | 13th Floor | Chicago | IL | 60601 | 800-453-0600 | 312-644-8927 | mknoll@mesirowfinancial.com | UCC Professional |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel for Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | | New York Attorney General's Office |
| O'Melveny & Meyer LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Meyer LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov efile@pbgc.gov | Counsel for Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel for the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel for Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 3

12/7/2005 12:28 PM
Master

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | 2122185526 | rdremluk@seyfarth.com | Counsel for Murata Electroncs North |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Prepetition Administrative Agent |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel for Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| United States Trustee | Alicia M. Leonard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | United States Trustee |
| United States Trustee | Deirdre A. Martini | 33 Whitehall Street | Suite 2100 | New York | NY | 10004 | 212-510-0500 | 212-668-2256 | deirdre.martini@usdoj.gov | United States Trustee |
| **Warner Stevens, L.L.P.** | **Michael D. Warner** | **1700 City Center Tower II** | **301 Commerce Street** | **Fort Worth** | **TX** | **76102** | **817-810-5250** | **817-810-5255** | | **Proposed Conflicts Counsel for the Official Committee of Unsecured Creditors** |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeffrey.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

# EXHIBIT B

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | 610-230-3064 | 310-687-1052 | david.boyle@airgas.com | Counsel for Airgas, Inc. |
| Ajamie LLP | Thomas A. Ajamie | 711 Louisiana | Suite 2150 | Houston | TX | 77002 | 713-860-1600 | 713-860-1699 | tajamie@ajamie.com | Counsel for SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Ajamie LLP | Wallace A. Showman | 1350 Avenue of the Americas | 29th Floor | New York | NY | 10019 | 212-246-6820 | 212-581-8958 | wshowman@ajamie.com | Counsel for SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Akin Gump Strauss Hauer & Feld, LLP | Peter J. Gurfein | 2029 Centure Park East | Suite 2400 | Los Angeles | CA | 90067 | 310-552-6696 | 310-229-1001 | pgurfein@akingump.com | Counsel for Wamco, Inc. |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | 949-553-1313 | 949-553-8354 | mgreger@allenmatkins.com | Counsel for Kilroy Realty, L.P. |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | 313-758-4868 | | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Andrews Kurth LLP | Monica S. Blacker | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | 214-659-4400 | 214-659-4401 | mblacker@andrewskurth.com | Counsel for  ITW Mortgage Investments IV, Inc. |
| Angelo, Gordon & Co. | Leigh Walzer | 245 Park Avenue | 26th Floor | New York | NY | 10167 | 212-692-8251 | 212-867-6395 | lwalzer@angelogordon.com | |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | 626-535-1900 | 626-577-7764 | mtf@afrct.com | Counsel for Stanley Electric Sales of America, Inc. |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | 404-873-8120 | 404-873-8121 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | 202-942-5000 | 202-942-5999 | joel_gross@aporter.com | Counsel for CSX Transportation, Inc. |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | Kimberly J. Robinson | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | 312-629-5170 | 312-984-3150 | kim.robinson@bfkpn.com | Counsel for Motion Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | William J. Barrett | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | 312-629-5170 | 312-984-3150 | william.barrett@bfkpn.com | Counsel for Motion Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | 317-236-1313 | 317-231-7433 | alan.mills@btlaw.com | Counsel for Mays Chemical Company |
| Barnes & Thornburg LLP | John T. Gregg | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | 616-742-3930 | 626-742-3999 | john.gregg@btlaw.com | Counsel to Priority Health |
| Barnes & Thornburg LLP | Patrick E. Mears | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | 616-742-3936 | 616-742-3999 | pmears@btlaw.com | Counsel for Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Michael K. McCrory Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | 317-236-1313 | 317-231-7433 | wendy.brewer@btlaw.com michael.mccrory@btlaw.com | Counsel for Gibbs Die Casting Corporation |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | 212-554-1411 | 2125541444 | hannah@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | Mark D. Debrowski | 1285 Avenue of the Americas | | New York | NY | 10019 | 212-554-1492 | 2125541444 | markd@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | John P. Coffey | 1285 Avenue of the Americas | | New York | NY | 10019 | 212-554-1409 | 2125541444 | sean@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | 313-496-1200 | 313-496-1300 | murph@berrymoorman.com | Counsel for Kamax L.P.; Optrex America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 15

12/7/2005 12:31 PM
2002 lists 051206

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | 650-857-9500 | 650-494-2738 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.. |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | 650-857-9500 | 650-494-2738 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Patrick M. Costello, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | 650-857-9500 | 650-494-2738 | pcostello@bbslaw.com | Solectron Corporation; Solectron de Mexico SA de CV; Solectron Invotronics and Coherent, Inc. |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | 650-857-9500 | 650-494-2738 | tgaa@bbslaw.com | Counsel to  Veritas Software Corporation |
| Blank Rome LLP | Bonnie Glantz Fatell | Chase Manhattan Centre | 1201 Market Street, Suite 800 | Wilmington | DE | 19801 | 302-425-6423 | 302-428-5110 | fatell@blankrome.com | Counsel for Special Devices, Inc. |
| Blank Rome LLP | Marc E. Richards | The Chrysler Building | 405 Lexington Avenue | New York | NY | 10174 | 212-885-5000 | 212-885-5002 | mrichards@blankrome.com | Counsel for DENSO International America, Inc. |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | 313-393-7592 | 313-393-7579 | rmcdowell@bodmanllp.com | Counsel for Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |
| Bolhouse, Vander Hulst, Risko & Baar P.C. | David S. Lefere | 3996 Chicago Drive SW | | Grandville | MI | 49418 | 616-531-7711 | 616-531-7757 | davidl@bolhouselaw.com | Counsel for Eclipse Tool and Die, Inc. |
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | 315-218-8000 | 315-218-8100 | chill@bsk.com | Counsel for Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | 315-218-8000 | 315-218-8100 | csullivan@bsk.com | Counsel for Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | 315-218-8000 | 315-218-8100 | sdonato@bsk.com | Counsel for Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Bose McKinney & Evans LLP | Jeannette Eisan Hinshaw | 135 N. Pennsylvania Street | Suite 2700 | Indianapolis | IN | 46204 | 317-684-5296 | 317-684-5173 | jhinshaw@boselaw.com | Counsel for Decatur Plastics Products, Inc. and Eikenberry & Associates, Inc.; Lorentson Manufacturing, Company, Inc.; Lorentson Tooling, Inc.; L & S Tools, Inc.; Hewitt Tool & Die, Inc. |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | 615-252-2307 | 615-252-6307 | amcmullen@bccb.com | Counsel for Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | 615-252-2307 | 615-252-6307 | rjones@bccb.com | Counsel for Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | 415-227-0900 | 415-227-0770 | schristianson@buchalter.com | Counsel for Oracle USA, Inc.; Oracle Credit Corporation |
| Burr & Forman LLP | Michael Leo Hall | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | (205) 458-5367 | (205) 244-5651 | mhall@burr.com | Counsel to Mercedes-Benz U.S. International, Inc. |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | 212-701-3000 | 732-205-6777 | jonathan.greenberg@engelhard.com | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Robert Usadi | 80 Pine Street | | New York | NY | 10005 | 212-701-3000 | 212-269-5420 | rusadi@cahill.com | Counsel to Engelhard Corporation |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | 212-732-3200 | 212-732-3232 | cahn@clm.com | Counsel for STMicroelectronics, Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel for Arneses Electricos Automotrices, S.A.de C.V.; Cordaflex, S.A. de C.V. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 15

12/7/2005 12:31 PM
2002 lists 051206

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel for Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | 412-297-4706 | 412-209-1837 | tmaxson@cohenlaw.com | Counsel for Nova Chemicals, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale | 330 West 42nd Street | | New York | NY | 10036 | 212-356-0238 | 646-473-8238 | jvitale@cwsny.com | Counsel for International Union, United Automobile, Areospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | 860-493-2200 | 860-727-0361 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | 302-658-9141 | 302-658-0380 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |
| Contrarian Capital Management, L.L.C. | Mark Lee, Janice Stanton, Bill Raine, Seth Lax | 411 West Putnam Avenue | Suite 225 | Greenwich | CT | 06830 | 203-862-8200 (230) 862-8231 | 203-629-1977 (203) 629-1977 | mlee@contrariancapital.com jstanton@contrariancapital.com wraine@contrariancapital.com solax@contrariancapital.com | Counsel to Contrarian Capital Management, L.L.C. |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Sylvie J. Derrien | 33 West First Street | Suite 600 | Dayton | OH | 45402 | 937-223-8177 | 937-223-6705 | derrien@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | 937-223-8177 | 937-223-6705 | Pretekin@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Steven M. Wachstein | 33 West First Street | Suite 600 | Dayton | OH | 45402 | 937-223-8177 | 937-223-6705 | wachstein@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | 215-736-2521 | 215-736-3647 | dpm@curtinheefner.com | Counsel for SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtin & Heefner, LLP | Robert  Szwajkos | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | 215-736-2521 | 215-736-3647 | rsz@curtinheefner.com | Counsel for SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Andrew M. Thau | 101 Park Avenue | | New York | NY | 10178-0061 | 212-696-8898 | 917-368-8898 | athau@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | David S. Karp | 101 Park Avenue | | New York | NY | 10178-0061 | 212-696-6065 | 212-697-1559 | dkarp@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 15

12/7/2005 12:31 PM
2002 lists 051206

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 212-696-6065 | 212-697-1559 | sreisman@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| DaimlerChrysler Corporation | Kim Kolb | CIMS 485-13-32 | 1000 Chrysler Drive | Auburn Hills | MI | 48326-2766 | 248-576-5741 | | krk4@daimlerchrysler.com | Counsel for DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrysler Canada, Inc. |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | 716-856-5500 | 716-856-5510 | wsavino@damonmorey.com | Counsel for Relco, Inc.; The Durham Companies, Inc. |
| Daniels & Kaplan, P.C. | Jay Selanders | 2405 Grand Boulevard | Suite 900 | Kansas City | MO | 64108-2519 | 816-221-3086 | 816-221-3006 | selanders@danielsandkaplan.com | Counsel for DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrysler Canada, Inc. |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | 248-372-8531 | 248-350-7772 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | 212-682-4940 | 212-682-4942 | gdiconza@dlawpc.com | Counsel for Tyz-All Plastics, Inc. |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | 513-977-8200 | 513-977-8141 | john.persiani@dinslaw.com | Counsel for The Procter & Gamble Company |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | 410-580-3000 | 410-580-3001 | richard.kremen@dlapiper.com | Counsel for Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | 215-988-2700 | 215-988-2757 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | 215-988-2700 | 215-988-2757 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | 215-979-1000 | 215-979-1020 | dmdelphi@duanemorris.com | Counsel to ACE American Insurance Company |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | 215-979-1000 | 215-979-1020 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | 212-715-9100 | 212-715-8000 | ayala.hassell@eds.com | Representatitive for Electronic Data Systems Corporation |
| Erman, Teicher, Miller, Zucker & Freedman, P.C. | David H. Freedman | 400 Galleria Officentre | Ste. 444 | Southfield | MI | 48034 | 248-827-4100 | 248-827-4106 | dfreedman@ermanteicher.com | Counsel for Doshi Prettl International, LLC |
| Erman, Teicher, Miller, Zucker & Freedman, P.C. | Earle I. Erman | 400 Galleria Officentre | Ste. 444 | Southfield | MI | 48034 | 248-827-4100 | 248-827-4106 | eerman@ermanteicher.com | Counsel for Doshi Prettl International, LLC |
| Fagel Haber LLC | Gary E. Green | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | 312-346-7500 | 312-580-2201 | ggreen@fagelhaber.com | Counsel for Aluminum International, Inc. |
| Fagel Haber LLC | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | 312-346-7500 | 312-580-2201 | lnewman@fagelhaber.com | Counsel for Aluminum International, Inc. |
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | 212-344-2929 | 212-422-6836 | tdonovan@finkgold.com | Counsel for Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | 312-832-4500 | 312-832-4700 | jmurch@foley.com | Counsel for Kuss Corporation |
| Fox Rothschild LLP | Fred Stevens | 13 East 37th Street | Suite 800 | New York | NY | 10016 | 212-682-7575 | 212-682-4218 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Fox Rothschild LLP | Michael J. Viscount, Jr. | 1301 Atlantic Avenue | Suite 400 | Atlantic City | NJ | 08401-7212 | 609-348-4515 | 609-348-6834 | mviscount@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | 608-848-6350 | 608-848-6357 | ftrikkers@rikkerslaw.com | Counsel for Southwest Metal Finishing, Inc. |
| Gazes LLC | Ian J. Gazes | 32 Avenue of the Americas | | New York | NY | 10013 | 212-765-9000 | 212-765-9675 | ian@gazesllc.com | Counsel to Setech, Inc. |
| Gazes LLC | Eric Wainer | 32 Avenue of the Americas | Suite 1800 | New York | NY | 10013 | 212-765-9000 | 212-765-9675 | office@gazesllc.com | Counsel to Setech, Inc. |
| Genovese Joblove & Battista, P.A. | Craig P. Rieders, Esq. | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | 305-349-2300 | 305-349-2310 | crieders@gjb-law.com | Counsel for Ryder Integrated Logistics, Inc. |
| Gibbons, Del Deo, Dolan, Griffinger & Vecchione | David N. Crapo | One Riverfront Plaza | | Newark | NJ | 07102-5497 | 973-596-4523 | 973-639-6244 | dcrapo@gibbonslaw.com | Counsel for Epcos, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 4 of 15

12/7/2005 12:31 PM
2002 lists 051206

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | 212-269-2500 | 212-269-2540 | bmehlsack@gkllaw.com | Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | 617-482-1776 | 617-574-4112 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |
| Grant & Eisenhofer P.A. | Geoffrey C. Jarvis | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | 302-622-7000 | 302-622-7100 | gjarvis@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | 212-755-6501 | 212-755-6503 | jeisenhofer@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Sharan Nirmul | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | 302-622-7000 | 302-622-7100 | snirmul@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | 414-271-4500 | 414-271-6308 | jh@previant.com | **Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10** |
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | 414-271-4500 | 414-271-6308 | mrr@previant.com | Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Gratz, Miller & Brueggeman, S.C. | Timothy C. Hall | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | 414-271-4500 | 414-271-6308 | tch@previant.com | Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | 513-621-6464 | 513-651-3836 | mdebbeler@graydon.com | Counsel for Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | 314-241-9090 | 314-241-8624 | ckm@greensfelder.com jpb@greensfelder.com | Counsel for ARC Automotive, Inc. |
| Guaranty Bank | Herb Reiner | 8333 Douglas Avenue | | Dallas | TX | 75225 | 214-360-2702 | 214-360-1940 | herb.reiner@guarantygroup.com | Counsel for American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | 212-765-9100 | 212-765-0964 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | 212-592-1448 | 212-545-3360 | prubin@herrick.com | Counsel for Canon U.S.A., Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 5 of 15

12/7/2005 12:31 PM
2002 lists 051206

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Hewlett-Packard Company | Anne Marie Kennelly | 3000 Hanover St., M/S 1050 | | Palo Alto | CA | 94304 | 650-857-6902 | 650-852-8617 | anne.kennelly@hp.com | Counsel for Hewlett-Packard Company |
| Hewlett-Packard Company | Glen Dumont | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | 908-898-4750 | 908-898-4137 | glen.dumont@hp.com | Counsel for Hewlett-Packard Financial Services Company |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | 714-940-7120 | 740-940-7539 | ken.higman@hp.com | Counsel for Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | 908-898-4760 | 908-898-4133 | sharon.petrosino@hp.com | Counsel for Hewlett-Packard Financial Services Company |
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | 315-425-2716 | 315-425-8576 | echarlton@hiscockbarclay.com | Counsel for GW Plastics, Inc. |
| Hodgson Russ LLP | Cheryl R. Storie | One M&T Plaza | Suite 2000 | Buffalo | NY | 14203 | 716-848-1275 | 716-849-0349 | cstorie@hodgsonruss.com | Counsel for Hexcel Corporation |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | Carnegie Hall Tower | 152 West 57th Street, 35th Street | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hogan & Hartson L.L.P. | Audrey Moog | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | 202-637-5677 | 202-637-5910 | amoog@hhlaw.com | Counsel for Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | 202-637-5677 | 202-637-5910 | ecdolan@hhlaw.com | Counsel for Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | 212-918-3000 | 212-918-3100 | sagolden@hhlaw.com | Counsel for XM Satellite Radio Inc. |
| Holme Roberts & Owen, LLP | Elizabeth K. Flaagan | 1700 Lincoln | Suite 4100 | Denver | CO | 80203 | 303-861-7000 | 303-866-0200 | elizabeth.flaagan@hro.com | Counsel for CoorsTek, Inc.; Corus, L.P. |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | 313-465-7314 | 313-465-7315 | dbaty@honigman.com | Counsel for Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | Robert B. Weiss, Frank L. Gorman | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com fgorman@honigman.com | Counsel for General Motors Corporation |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | 419-255-4300 | 419-255-9121 | jhunter@hunterschank.com | Counsel for ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | 419-255-4300 | 419-255-9121 | tomschank@hunterschank.com | Counsel for ZF Group North America Operations, Inc. |
| Hunton & Wiliams LLP | Michael P. Massad, Jr. | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | 214-979-3000 | 214-880-0011 | mmassad@hunton.com | Counsel for RF Monolithics, Inc. |
| Hunton & Wiliams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | 214-979-3000 | 214-880-0011 | sholmes@hunton.com | Counsel for RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | 716-849-8900 | 716-855-0874 | aee@hurwitzfine.com | Counsel for Jiffy-Tite Co., Inc. |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | 317-236-2100 | 317-236-2219 | Ben.Caughey@icemiller.com | Counsel for Sumco, Inc. |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | 408-501-6442 | 408-501-2488 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | 765-454-2146 | 765-456-3836 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | 202-429-9100 | 202-778-2641 | rgriffin@iuoe.org | Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 11 |
| Jaffe, Raitt, Heuer & Weiss, P.C. | Paige E. Barr | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | 248-351-3000 | 248-351-3082 | pbarr@jaffelaw.com | Counsel for Trutron Corporation |
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | 312-222-9350 | 312-840-7381 | rpeterson@jenner.com | Counsel for SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC and Tenneco Inc. |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | 212-326-3939 | 212-755-7306 | sjfriedman@jonesday.com | Counsel for WL. Ross & Co., LLC |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | 312-902-5200 | 312-577-4733 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | 614-426-5400 | 614-464-2634 | kcookson@keglerbrown.com | Counsel for Solution Recovery Services |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 6 of 15

12/7/2005 12:31 PM
2002 lists 051206

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Kelley Drye & Warren, LLP | Mark I. Bane | 101 Park Avenue | | New York | NY | 10178 | 212-808-7800 | 212-808-7897 | mbane@kelleydrye.com | Counsel for the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Mark. R. Somerstein | 101 Park Avenue | | New York | NY | 10178 | 212-808-7800 | 212-808-7897 | msomerstein@kelleydrye.com | Counsel for the Pension Benefit Guaranty Corporation |
| Kennedy, Jennick & Murray | Larry Magarik | 113 University Place | 7th Floor | New York | NY | 10003 | 212-358-1500 | 212-358-0207 | lmagarik@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | 212-358-1500 | 212-358-0207 | sjennik@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | 212-358-1500 | 212-358-0207 | tkennedy@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kieselstein Lawfirm PLLC | Steve Kieselstein | 43 British American Boulevard | | Latham | NY | 12110 | 518-785-7800 | 518-785-7851 | sk@kieselaw.com | Counsel to NEC Electronics America, Inc. |
| King & Spalding, LLP | Alexandra B. Feldman | 1185 Avenue of the Americas | | New York | NY | 10036 | 212-556-2100 | 212-556-2222 | afeldman@kslaw.com | Counsel for Martinrea International, Inc. |
| King & Spalding, LLP | George B. South, III | 1185 Avenue of the Americas | | New York | NY | 10036 | 212-556-2100 | 212-556-2222 | gsouth@kslaw.com | Counsel for Martinrea International, Inc. |
| King & Spalding, LLP | James A. Pardo, Jr. | 191 Peachtree Street | Suite 4900 | Atlanta | GA | 30303-1763 | 404-572-4600 | 404-572-5149 | jpardo@kslaw.com | Counsel for Mitsubishi Electric Automobile America, Inc. |
| King & Spalding, LLP | Michelle Carter | 191 Peachtree Street | Suite 4900 | Atlanta | GA | 30303-1763 | 404-572-4600 | 404-572-5149 | mcarter@kslaw.com | Counsel for Mitsubishi Electric Automobile America, Inc. |
| Kirkland & Ellis LLP | Geoffrey A. Richards | 200 East Randolph Drive | | Chicago | IL | 60601 | 312-861-2000 | 312-861-2200 | grichards@kirkland.com | Counsel for Lunt Manufacturing Company |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | 212-536-4812 | 212-536-3901 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | 330-497-0700 | 330-497-4020 | sosimmerman@kwgd.com | Counsel to Millwood, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | 617-542-3000 | 617-542-3001 | ekutchin@kutchinrufo.com | Counsel for Parlex Corporation |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | 617-542-3000 | 617-542-3001 | knorthrup@kutchinrufo.com | Counsel for Parlex Corporation |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | 989-893-3518 | | smcook@lambertleser.com | Counsel for Linamar Corporation |
| Latham & Watkins | Erika Ruiz | 885 Third Avenue | | New York | NY | 10022 | 212-906-1200 | 212-751-4864 | erika.ruiz@lw.com | UCC Professional |
| Latham & Watkins | Henry P. Baer, Jr. | 885 Third Avenue | | New York | NY | 10022 | 212-906-1200 | 212-751-4864 | henry.baer@lw.com | UCC Professional |
| Latham & Watkins | John W. Weiss | 885 Third Avenue | | New York | NY | 10022 | 212-906-1200 | 212-751-4864 | john.weiss@lw.com | UCC Professional |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | 212-906-1384 | 212-751-4864 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | 212-906-1200 | 212-751-4864 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | 212-906-1200 | 212-751-4864 | mitchell.seider@lw.com | UCC Professional |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | 520-629-4427 | 520-879-4705 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | 602-262-5756 | 602-734-3824 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linear Technology Corporation | John England, Esq. | 1630 McCarthy Blvd. | | Milpitas | CA | 95035-7417 | 408-432-1900 | 408-434-0507 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | 512-447-6675 | 512-443-5114 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | 214-880-0089 | 4692215002 | dallas.bankruptcy@publicans.com | Counsel for Dallas County and Tarrant County |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | 212-407-4000 | 212-407-4990 | whawkins@loeb.com | Counsel for Industrial Ceramics Corporation |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-262-6700 | 212-262-7402 | bnathan@lowenstein.com | Counsel for Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | 212-262-6700 | 212-262-7402 | ilevee@lowenstein.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | 973-597-2500 | 973-597-2400 | krosen@lowenstein.com | Counsel for Cerberus Capital Management, L.P. |
| Lowenstein Sandler PC | Michael S. Etkin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | 212-262-6700 | 212-262-7402 | metkin@lowenstein.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | 973-597-2500 | 973-597-2400 | scargill@lowenstein.com | Counsel for Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | 973-597-2500 | 973-597-2400 | vdagostino@lowenstein.com | Counsel for AT&T Corporation |
| Margulies & Levinson, LLP | Jeffrey M. Levinson, Esq. Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | 216-514-4935 | 216-514-4936 | jml@ml-legal.com lmc@ml-legal.com | Counsel for Venture Plastics |
| McDermott Will & Emery LLP | James M. Sullivan | 50 Rockefeller Plaza | | New York | NY | 10020 | 212-547-5400 | 212-547-5444 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation, National Semiconductor Corporation; Timken Corporation |
| McDermott Will & Emery LLP | Stephen B. Selbst | 50 Rockefeller Plaza | | New York | NY | 10020 | 212-547-5400 | 212-547-5444 | sselbst@mwe.com | Counsel for National Semiconductor Corporation |
| McDonald Hopkins Co., LPA | Jean R. Robertson, Esq. | 600 Superior Avenue, East | Suite 2100 | Cleveland | OH | 44114 | 216-348-5400 | 216-348-5474 | jrobertson@mcdonaldhopkins.com | Counsel to Brush Engineered materials |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | 216-348-5400 | 216-348-5474 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | 216-348-5400 | 216-348-5474 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | 973-622-7711 | 973-622-5314 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuirewoods LLP | Elizabeth L. Gunn | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | 804-775-1178 | 804-698-2186 | egunn@mcguirewoods.com | Counsel for Siemens Logistics Assembly Systems, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | 212-239-4999 | 212-239-1311 | hkolko@msek.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | 212-239-4999 | 212-239-1311 | lpeterson@msek.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Miller Johnson | Thomas P. Sarb Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | 616-831-1748 616-831-1726 | 616-988-1748 616-988-1726 | sarbt@millerjohnson.com wolfordr@millerjohnson.com | Counsel for Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | 313-496-8435 | 313-496-8453 | fusco@millercanfield.com | Counsel for Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | 313-496-8452 | 313-496-7997 | greenj@millercanfield.com | Counsel for Wells Operating Partnership, LP |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Michael L. Schein | 666 Third Avenue | | New York | NY | 10017 | 212-935-3000 | 212-983-3115 | mlschein@mintz.com | Counsel to Hitachi Automotive Products (USA), Inc.; Conceria Pasubio |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 8 of 15

12/7/2005 12:31 PM
2002 lists 051206

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Mitsubishi Electric & Electronics USA, Inc. | John E. Cipriano | 500 Corporate Woods Parkway | | Vernon Hills | IL | 60061 | 847-478-2383 | 847-478-2281 | john.cipriano@meus.mea.com | Assistant General Counsel for Mitsubishi Electric & Electronics USA, Inc. |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | 630-527-4254 | 630-512-8610 | Jeff.Ott@molex.com | Counsel for Molex Connector Corp |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | 212-309-6000 | 212-309-6001 | agottfried@morganlewis.com | Counsel for ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | 212-309-6000 | 212-309-6001 | mzelmanovitz@morganlewis.com | Counsel for Hitachi Chemical (Singapore) Pte, Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | 213-612-1163 | 213-612-2501 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Morgan, Lewis & Bockius LLP | William C. Heuer, Esq. | 101 Park Avenue | | New York | NY | 10178-0060 | 212-309-6000 | 212-309-6001 | wheuer@morganlewis.com | Counsel to Sumitomo Corporation |
| Morris, Nichols, Arsht and Tunnell | Michael G. Busenkell | PO Box 1347 | | Wilmington | DE | 19899-1347 | 302-658-9200 | 302-658-3989 | mbusenkell@mnat.com | Counsel for Chicago Miniature Optoelectronic Technologies, Inc. |
| Morris, Nichols, Arsht and Tunnell | Robert J. Dehney | PO Box 1347 | | Wilmington | DE | 19899-1347 | 302-658-9200 | 302-658-3989 | rdehney@mnat.com | Counsel for Chicago Miniature Optoelectronnic Technologies, Inc. |
| Morrison Cohen LLP | Joseph T. Moldovan Michael R. Dal Lago | 909 Third Avenue | | New York | NY | 10022 | 212-735-8603 212-735-8757 | 917-522-3103 917-522-3157 | jmoldovan@morrisoncohen.com mdallago@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 4000 Fountain Place | 1445 Ross Avenue | Dallas | RX | 75202-2790 | 214-855-7590 214-855-7561 214-855-7587 | 214-978-4374 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel for Texas Instruments Incorporated |
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | 248-351-0099 | 248-351-0487 | Knathan@nathanneuman.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Nathan, Neuman & Nathan, P.C. | Susanna C. Brennan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | 248-351-0099 | 248-351-0487 | sbrennan@nathanneuman.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | 513-455-2390 | 866-298-4481 | lisa.moore2@nationalcity.com | Vice President and Senior Counsel for National City Commercial Capital |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | 803-7255-9425 | 803-256-7500 | george.cauthen@nelsonmullins.com | Counsel for Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| Nix, Patterson & Roach, L.L.P. | Bradley E. Beckworth | 205 Linda Drive | | Daingerfield | TX | 75638 | 903-645-7333 | 903-645-4415 | bbeckworth@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Nix, Patterson & Roach, L.L.P. | Jeffrey J. Angelovich | 205 Linda Drive | | Daingerfield | TX | 75638 | 903-645-7333 | 903-645-4415 | jangelovich@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Susan Whatley | 205 Linda Drive | | Daingerfield | TX | 75638 | 903-645-7333 | 903-645-4415 | susanwhatley@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Norris, McLaughlin & Marcus | Elizabeth L. Abdelmasieh, Esq | 721 Route 202-206 | P.O. Box 1018 | Somerville | NJ | 08876 | 908-722-0700 | 908-722-0755 | eabdelmasieh@nmmlaw.com | Counsel for Rotor Clip Company, Inc. |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | 216-586-3939 | 216-579-0212 | dgheiman@jonesday.com | Counsel for WL. Ross & Co., LLC |
| North Point | Michelle M. Harner | 901 Lakeside Avenue | | Cleveland | OH | 44114 | 216-586-3939 | 216-579-0212 | mmharner@jonesday.com | Counsel for WL. Ross & Co., LLC |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | 978-901-5025 | 978-667-9969 | michaelz@orbotech.com | Company |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | 212-506-5187 | 212-506-5151 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | 415-773-5700 | 415-773-5759 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Otterbourg, Steindler, Houston & Rosen, P.C. | Melissa A. Hager | 230 Park Avenue | | New York | NY | 10169 | 212-661-9100 | 212-682-6104 | mhager@oshr.com | Counsel for Sharp Electronics Corporation |
| Otterbourg, Steindler, Houston & Rosen, P.C. | Scott L. Hazan | 230 Park Avenue | | New York | NY | 10169 | 212-661-9100 | 212-682-6104 | shazan@oshr.com | Counsel for Sharp Electronics Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Curtis J. Weidler | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | 212-373-3157 | 212-373-2053 | cweidler@paulweiss.com | Counsel for Ambrake Corporation; Akebono Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | 212-373-3000 | 212-757-3990 | ddavis@paulweiss.com | Counsel for Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | 212-373-3000 | 212-757-3990 | emccolm@paulweiss.com | Counsel for Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Stephen J. Shimshak | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | 212-373-3133 | 212-373-2136 | sshimshak@paulweiss.com | Counsel for Ambrake Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K. Street, N.W. | | Washington | DC | 20005-4026 | 202-326-4020 | 202-326-4112 | landy.ralph@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Pepe & Hazard LLP | Charles J. Filardi, Jr., Esq. | 30 Jelliff Lane | | Southport | CT | 06890 | 203-319-4042 | 203-319-4034 | cfilardi@pepehazard.com | Federal Express Corporation |
| Pepper, Hamilton LLP | Anne Marie Aaronson | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | 215-981-4000 | 215-981-4750 | aaronsona@pepperlaw.com | Counsel for Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse |
| Pepper, Hamilton LLP | Linda J. Casey | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | 215-981-4000 | 215-981-4750 | caseyl@pepperlaw.com | Counsel for SKF USA, Inc. |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | 302-777-6500 | 302-421-8390 | jaffeh@pepperlaw.com | Counsel for SKF USA, Inc. |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | 215-981-4000 | 215-981-4750 | lawallf@pepperlaw.com | Counsel for Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Phillips Nizer LLP | Sandra A. Riemer, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | 207-791-1100 | 207-791-1350 | jmanheimer@pierceatwood.com | Counsel for FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | 212-858-1000 | 212-858-1500 | karen.dine@pillsburylaw.com | Counsel for Clarion Corporation of America |
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | 212-858-1000 | 212-858-1500 | margot.erlich@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | 7th Floor | Costa Mesa | CA | 92626-7122 | 714-436-6800 | 714-436-2800 | mark.houle@pillsburylaw.com | Counsel for Clarion Corporation of America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | 212-858-1000 | 212-858-1500 | richard.epling@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | 212-858-1000 | 212-858-1500 | robin.spear@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pitney Hardin LLP | Ronald S. Beacher | 7 Times Square | | New York | NY | 10036 | 212-297-5800 | 212-682-3485 | rbeacher@pitneyhardin.com | Counsel for IBJTC Business Credit Corporation |
| Pitney Hardin LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | 973-966-6300 | 973-966-1015 | rmeth@pitneyhardin.com | Counsel for Marshall E. Campbell Company |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | 973-538-4006 | 973-538-5146 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | 973-538-4006 | 973-538-5146 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |
| Pryor & Mandelup, LLP | A. Scott Mandelup, Kenneth A. Reynolds | 675 Old Country Road | | Westbury | NY | 11590 | 516-997-0999 | 516-333-7333 | asm@pryormandelup.com kar@pryormandelup.com | Counsel for National Molding Corporation; Security Plastics Division/NMC LLC |
| QAD, Inc. | Jason Pickering, Esq. | 10,000 Midlantic Drive | | Mt. Laurel | NJ | 08054 | 856-840-2489 | 856-840-2740 | jkp@qad.com | Counsel to QAD, Inc. |
| Quadrangle Debt Recovery Advisors LLC | Andrew Herenstein | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | 212-418-1742 | 866-741-2500 | andrew.herenstein@quadranglegroup.com | Counsel to Quadrangle Debt Recovery Advisors LLC |
| Quadrangle Group LLC | Patrick Bartels | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | 212-418-1748 | 866-552-2052 | patrick.bartels@quadranglegroup.com | Counsel to Quadrangle Group LLC |
| Quarles & Brady Streich Lang LLP | John A. Harris | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | 602-229-5200 | 602-229-5690 | jharris@quarles.com | Counsel for Semiconductor Components Industries, Inc. |
| Quarles & Brady Streich Lang LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | 520-770-8717 | 520-770-2203 | knye@quarles.com | Counsel for Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation |
| Quarles & Brady Streich Lang LLP | Scott R. Goldberg | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | 602-229-5200 | 602-229-5690 | sgoldber@quarles.com | Counsel for Semiconductor Components Industries, Inc. |
| Reed Smith | Elena Lazarou | 599 Lexington Avenue | 29th Street | New York | NY | 10022 | 212-521-5400 | 212-521-5450 | elazarou@reedsmith.com | Counsel for General Electric Capital Corporation, Stategic Asset Finance. |
| Republic Engineered Products, Inc. | Joseph Lapinsky | 3770 Embassy Parkway | | Akron | OH | 44333 | 330-670-3004 | 330-670-3020 | jlapinsky@republicengineered.com | Counsel to Republic Engineered Products, Inc. |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | 206-624-3600 | 206-389-1708 | jshickich@riddellwilliams.com | Counsel for Microsoft Corporation; Microsoft Licensing, GP |
| Riemer & Braunstein LLP | Mark S. Scott | Three Center Plaza | | Boston | MA | 02108 | 617-523-9000 | 617-880-3456 | mscott@riemerlaw.com | Counsel for ICX Corporation |

In re: Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 11 of 15

12/7/2005 12:31 PM
2002 lists 051206

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Robinson, McFadden & Moore, P.C. | Annemarie B. Mathews | P.O. Box 944 | | Columbia | SC | 29202 | 803-779-8900 | 803-771-9411 | amathews@robinsonlaw.com | Counsel for Blue Cross Blue Shield of South Carolina |
| Ropers, Majeski, Kohn & Bentley | Christopher Norgaard | 515 South Flower Street | Suite 1100 | Los Angeles | CA | 90071 | 213-312-2000 | 213-312-2001 | cnorgaard@ropers.com | Counsel for Brembo S.p.A; Bibielle S.p.A.; AP Racing |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | 212-825-9457 | 212-825-9414 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Sachnoff & Weaver, Ltd | Charles S. Schulman, Arlene N. Gelman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | 312-207-1000 | 312-207-6400 | cschulman@sachnoff.com agelman@sachnoff.com | Counsel for Infineon Technologies North America Corporation |
| Schiff Hardin LLP | Michael Yetnikoff | 623 Fifth Avenue | 28th Floor | New York | NY | 10022 | 212-753-5000 | 212-753-5044 | myetnikoff@schiffhardin.com | Counsel for  Means Industries |
| Schiff Hardin LLP | William I. Kohn | 6600 Sears Tower | | Chicago | IL | 60066 | 312-258-5500 | 312-258-5600 | wkohn@schiffhardin.com | Counsel for  Means Industries |
| Schiffrin & Barroway, LLP | Michael Yarnoff | 280 King of Prussia Road | | Radnor | PA | 19087 | 610-667-7056 | 610-667-7706 | myarnoff@sbclasslaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schiffrin & Barroway, LLP | Sean M. Handler | 280 King of Prussia Road | | Radnor | PA | 19087 | 610-667-7706 | 610-667-7056 | shandler@sbclasslaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schulte Roth & Sabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | 212-756-2273 | 212-593-5955 | james.bentley@srz.com | Counsel for Panasonic Automotive Systems Company of America |
| Schulte Roth & Sabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | 212-765-2000 | 212-595-5955 | michael.cook@srz.com | Counsel for Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | 404-885-1500 | 404-892-7056 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk, Esq. | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | 617-946-4800 | 617-946-4801 | whanlon@seyfarth.com | Counsel for  le Belier/LBQ Foundry S.A. de C.V. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | 248-358-2460 | 248-358-2740 | lawtoll@comcast.net | Counsel for Milwaukee Investment Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | 225-757-2185 | 225-757-7674 | rthibeaux@shergarner.com | Counsel for Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | 504-299-2100 | 504-299-2300 | rthibeaux@shergarner.com | Counsel for Gulf Coast Bank & Trust Company |
| Shipman & Goodwin LLP | Jennifer L. Adamy | One Constitution Plaza | | Hartford | CT | 06103-1919 | 860-251-5811 | 860-251-5218 | bankruptcy@goodwin.com | Counsel to Fortune Plastics Company of Illinois, Inc.; Universal Metal Hose Co., |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | 212-643-7000 | 212-643-6500 | asherman@sillscummis.com | Counsel for Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | 212-643-7000 | 212-643-6500 | jzackin@sillscummis.com | Counsel for Hewlett-Packard Financial Services Company |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | 203-542-4216 | 203-542-4100 | cfortgang@silverpointcapital.com | Counsel for Silver Point Capital, L.P. |
| Simpson Thacher & Bartlett LLP | Kenneth S. Ziman, Esq. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | cfox@stblaw.com | Counsel to JPMorgan Chase Bank, N.A. |
| Simpson Thacher & Bartlett LLP | William T. Russell, Jr., Esq. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | cfox@stblaw.com | Counsel to JPMorgan Chase Bank, N.A. |
| Smith, Gambrell & Russell, LLP | Barbara Ellis-Monro | 1230 Peachtree Street, N.E. | Suite 3100 | Atlanta | GA | 30309 | 404-815-3500 | 404-815-3509 | bellis-monro@sgrlaw.com | Counsel for Southwire Company |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | 302-652-8400 | 3026528405 | kmiller@skfdelaware.com | Counsel for Airgas, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 12 of 15

12/7/2005 12:31 PM
2002 lists 051206

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Sony Electronics Inc. | Lloyd B. Sarakin - Chief Counsel, Finance and Credit | 1 Sony Drive | MD #1 E-4 | Park Ridge | NJ | 07656 | 201-930-7483 | | lloyd.sarakin@am.sony.com | Counsel to Sony Electronics, Inc. |
| Sotiroff & Abramczyk, P.C. | Robert M. Goldi | 30400 Telegraph Road | Suite 444 | Bingham Farms | MI | 48025 | 248-642-6000 | 248-642-9001 | rgoldi@sotablaw.com | Counsel for  Michigan Heritage Bank; MHB Leasing, Inc. |
| Squire, Sanders & Dempsey L.L.P. | Eric Marcks | One Maritime Plaza | Suite 300 | San Francisco | CA | 94111-3492 | | 415-393-9887 | emarcks@ssd.com | Counsel for Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| Squire, Sanders & Dempsey L.L.P. | Penn Ayers Butler | 600 Hansen Way | | Palo Alto | CA | 94304 | 650-856-6500 | 650-843-8777 | pabutler@ssd.com | Counsel for Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | 502-245-0322 | 502-245-0542 | jmbaumann@steeltechnologies.com | Counsel for Steel Technologies, Inc. |
| Stein, Rudser, Cohen & Magid LLP | Robert F. Kidd | 825 Washington Street | Suite 200 | Oakland | CA | 94607 | 510-287-2365 | 510-987-8333 | rkidd@srcm-law.com | Counsel for Excel Global Logistics, Inc. |
| Steinberg Shapiro & Clark | Mark H. Shapiro | 24901 Northwestern Highway | Suite 611 | Southfield | MI | 48075 | 248-352-4700 | 248-352-4488 | shapiro@steinbergshapiro.com | Counsel for Bing Metals Group, Inc.; Central Transport International, Inc.; Crown Enerprises, Inc.; Economy Transport, Inc.; Logistics Insight Corp (LINC); Universal Am-Can, Ltd.; Universal Truckload Services, Inc. |
| Sterns & Weinroth, P.C. | Jeffrey S. Posta | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | 609-3922100 | 609-392-7956 | jposta@sternslaw.com | Counsel for Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Chester B. Salomon, Esq. Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 212-319-8500 | 212-319-8505 | cs@stevenslee.com  cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | 816-842-8600 | 816-691-3495 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | 615-244-5200 | 615-782-2371 | madison.cashman@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | 615-244-5200 | 615-782-2371 | robert.goodrich@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | 502-681-0448 | 502-779-8274 | wbeard@stites.com | Counsel to WAKO Electronics (USA), Inc. and Ambrake Corporation |
| Stroock & Stroock & Lavan, LLP | Joseph G. Minias | 180 Maiden Lane | | New York | NY | 10038 | 212-806-5400 | 212-806-6006 | jminias@stroock.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Stroock & Stroock & Lavan, LLP | Kristopher M. Hansen | 180 Maiden Lane | | New York | NY | 10038 | 212-806-5400 | 212-806-6006 | khansen@stroock.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Swidler Berlin LLP | Jonathan P. Guy | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | 202-424-7500 | 202-424-7645 | jpguy@swidlaw.com | Counsel for Westwood Associates, Inc.; Sanders Lead Co. |
| Swidler Berlin LLP | Matthew W. Cheney | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | 202-424-7500 | 202-424-7645 | mwcheney@swidlaw.com | Counsel for Westwood Associates, Inc.; Sanders Lead Co. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 13 of 15

12/7/2005 12:31 PM
2002 lists 051206

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Swidler Berlin LLP | Roger Frankel | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | 202-424-7500 | 202-424-7645 | rfrankel@swidlaw.com | Counsel for Sanders Lead Co. |
| Swidler Berlin LLP | Richard H. Wyron | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | 202-424-7737 | 202-424-7645 | rhwyron@swidlaw.com | Counsel for Westwood Associates, Inc. |
| Swidler Berlin LLP | Robert N. Steinwurtzel | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | 202-424-7500 | 202-424-7645 | rnsteinwurtzel@swidlaw.com | Counsel for Sanders Lead Co. |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | 513-381-2838 | | ferrell@taftlaw.com | Counsel for Wren Industries, Inc. |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | 212-912-7679 | 212-912-7751 | jforstot@tpw.com | Counsel for TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | 212-912-7607 | 212-912-7751 | lcurcio@tpw.com | Counsel for TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | Japan | 100-8322 | | 81-3-3286-3919 | niizeki.tetsuhiro@furukawa.co.jp | Legal Department of The Furukawa Electric Co., Ltd. |
| Thelen Reid & Priest LLP | David A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | 212-603-2000 | 212-603-2001 | dlowenthal@thelenreid.com | Counsel for American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | 713-654-1871 | 713-654-1871 | rhett.campbell@tklaw.com | Counsel for STMicroelectronics, Inc. |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 300 | Dallas | TX | 75201 | 214-969-1505 | 214-969-1609 | john.brannon@tklaw.com | Counsel for Victory Packaging |
| Thurman & Phillips, P.C. | Ed Phillips, Jr. | 8000 IH 10 West | Suite 1000 | San Antonio | TX | 78230 | 210-341-2020 | 210-344-6460 | ephillips@thurman-phillips.com | Counsel for Royberg, Inc. d/b/a Precision Mold & Tool and d/b/a Precision Mold and Tool Group |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | 212-308-7400 | | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| Togut, Segal & Segal LLP | Albert Togut, Esq. | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | bmcdonough@teamtogut.com | Conflicts counsel to Debtors |
| Tyler, Cooper & Alcorn, LLP | W. Joe Wilson | City Place | 35th Floor | Hartford | CT | 06103-3488 | 860-725-6200 | 860-278-3802 | jwilson@tylercooper.com | Counsel for Barnes Group, Inc. |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | 585-258-2800 | 585-258-2821 | hzamboni@underbergkessler.com | Counsel for McAlpin Industries, Inc. |
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO | David Jury, Esq. | Five Gateway Center | Suite 807 | Pittsburgh | PA | 15222 | 412-562-2549 | 412-562-2429 | djury@steelworkers-usw.org | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Vorys, Sater, Seymour and Pease LLP | Robert J. Sidman, Esq. | 52 East Gay Street | P.O. Box 1008 | Columbus | OH | 43216-1008 | 614-464-6422 | 614-719-8676 | rjsidman@vssp.com | |
| Wachtell, Lipton, Rosen & Katz | Emil A. Kleinhaus | 51 West 52nd Street | | New York | NY | 10019-6150 | 212-403-1000 | 212-403-2000 | EAKleinhaus@wlrk.com | Counsel for Capital Research and Management Company |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | 212-403-1000 | 212-403-2000 | RGMason@wlrk.com | Counsel for Capital Research and Management Company |
| Waller Lansden Dortch & Davis, PLLC | David E. Lemke, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | 615-244-6380 | 615-244-6804 | david.lemke@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Waller Lansden Dortch & Davis, PLLC | Robert J. Welhoelter, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | 615-244-6380 | 615-244-6804 | robert.welhoelter@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | 616-752-2185 | 616-222-2185 | gtoering@wnj.com | Counsel for Robert Bosch Corporation |
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | | Southfield | MI | 48075 | 248-784-5131 | 248-603-9631 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Weinstein, Eisen & Weiss LLP | Aram Ordubegian | 1925 Century Park East | #1150 | Los Angeles | CA | 90067 | 310-203-9393 | 310-203-8110 | aordubegian@weineisen.com | Counsel for Orbotech, Inc. |
| White & Case LLP | Margarita Mesones-Mori | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | 305-371-2700 | 305-358-5744 | mmesonesmori@whitecase.com | Counsel for Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | 414-273-2100 | 414-223-5000 | barnold@whdlaw.com | Counsel for Schunk Graphite Technology |
| Winstead Sechrest & Minick P.C. | Berry D. Spears | 401 Congress Avenue | Suite 2100 | Austin | TX | 78701 | 512-370-2800 | 512-370-2850 | bspears@winstead.com | Counsel for National Instruments Corporation |
| Winstead Sechrest & Minick P.C. | R. Michael Farquhar | 5400 Renaissance Tower | 1201 Elm Street | Dallas | TX | 75270 | 214-745-5400 | 214-745-5390 | mfarquhar@winstead.com | Counsel for National Instruments Corporation |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | 949-720-4100 | 949-720-4111 | mwinthrop@winthropcouchot.com | Counsel for Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | 949-720-4100 | 949-720-4111 | sokeefe@winthropcouchot.com | Counsel for Metal Surfaces, Inc. |
| WL Ross & Co., LLC | Oscar Iglesias | 600 Lexington Avenue | 19th Floor | New York | NY | 10022 | 212-826-1100 | 212-317-4893 | oiglesias@wlross.com | Counsel for WL. Ross & Co., LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 14 of 15

12/7/2005 12:31 PM
2002 lists 051206

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|-----|-------|------------------|
| Womble Carlyle Sandridge & Rice, PLLC | Lillian H. Pinto | 300 North Greene Street | Suite 1900 | Greensboro | NC | 27402 | 336-574-8058 | 336-574-4528 | lpinto@wcsr.com | Counsel for Armacell |
| Zeichner Ellman & Krause LLP | Peter Janovsky | 575 Lexington Avenue | | New York | NY | 10022 | 212-223-0400 | 212-753-0396 | pjanovsky@zeklaw.com | Counsel for Toyota Tsusho America, Inc. |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | 212-223-0400 | 212-753-0396 | skrause@zeklaw.com | Counsel for Toyota Tsusho America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 15 of 15

12/7/2005 12:31 PM
2002 lists 051206

# **<u>EXHIBIT C</u>**

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Akebono Corporation (North America) | Alan Swiech | 34385 Twelve Mile Road | | Farminton Hills | MI | 48331 | 248-489-7406 | 866-609-0888 | aswiech@akebobo-usa.com | Vice President of Administration for Akebono Corporation |
| Ambrake Corporation | Ronald L. Jones | 300 Ring Road | | Elizabethtown | KY | 42701 | 270-765-0208 | 270-234-2395 | Does not wish to receive electronic mailings | Representative for Ambrake Corporation |
| Andrews Kurth LLP | Gogi Malik | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | 214-659-4400 | 214-659-4401 | | Counsel for ITW Mortgage Investments IV, Inc. |
| Arnall Golden Gregory LLP | Heath J. Vicente | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | 404-873-8682 | 404-8738683 | heath.vicente@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Bernstein Litowitz Berger & Grossman | Eileen McNerney | 1285 Avenue of the Americas | | New York | NY | 10019 | 212-554-1485 | 212-554-1444 | emcnerney@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Cornell University | Nancy H. Pagliaro | Office of University Counsel | 300 CCC Building, Garden Avenue | Ithaca | NY | 14853-2601 | 607-255-5124 | 607-254-3556 | nlph4@cornell.edu | Paralegal/Counsel for Cornell University |
| Frank D. Jones | | 158 New York Circle Cr. | | Whitesburg | KY | 41858-9122 | | | | |
| HAL/ERC-Legal | Tillie Lim, Esq. | 50 Prospect Avenue | | Tarrytown | NY | 10591 | | | | Counsel to Hitachi Automotive Products (USA), Inc. |
| Harris D. Leinwand | Harris D. Leinwand | 350 Fifth Avenue | Suite 2418 | New York | NY | 10118 | 212-725-7338 | 212-244-6219 | | Counsel for Baker Hughes Incorporated; Baker Petrolite Corporation |
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | 313-465-7548 | 313-465-7549 | tsable@honigman.com | Counsel for Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Lord, Bissel & Brook | Timothy W. Brink | 115 South LaSalle Street | | Chicago | IL | 60603 | 312-443-1832 | 312-443-896-6432 | tbrink@lordbissel.com | Counsel for Sedgwick Claims Management Services, Inc. |
| Lord, Bissel & Brook | Timothy S. McFadden | 115 South LaSalle Street | | Chicago | IL | 60603 | 312-443-0370 | 312-896-6394 | tmcfadden@lordbissel.com | Counsel for Methode Electronics, Inc. |
| Lord, Bissel & Brook LLP | Kevin J. Walsh Rocco N. Covino | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | 212-947-8304 212-947-8340 | 212-947-1202 | kwalsh@lordbissel.com rcovino@lordbissel.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | 303-957-4254 | 303-957-2098 | | Representative for Madison Capital Management |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | 212-609-6800 | 212-609-6921 | | Counsel to Ward Products, LLC |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | 301-699-5800 | | Counsel for Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | 301-699-5800 | | Counsel for Prince George County, Maryland |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | 313-456-0140 | | | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raternink | PO Box 30736 | | Lansing | MI | 48909-7717 | 517-373-1820 | 517-373-2129 | | **Assistant Attorney General for Worker's Compensation Agency** |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | 517-373-1820 | 517-373-2129 | | Attorney General for Worker's Compensation Agency |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 2

12/7/2005 12:30 PM
2002 US Mail

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Noma Company and General Chemical Performance Products LLC | James Imbriaco | 90 East Halsey Road | | Parsippanny | NJ | 07054 | 973-884-6952 | 973-515-3244 | | |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | 478-742-8706 | 478-746-4488 | | Office of the Chapter 13 Trustee |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | 313-456-0140 | | | Assistant Attorney General for State of Michigan, Department of Treasury |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | 207-791-1100 | 207-791-1350 | kcunningham@piercewood.com | Counsel for FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | | dweiner@schaferweiner.com | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | | hborin@schaferweiner.com | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Max Newman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | | mnewman@schaferweiner.com | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | | rheilman@schaferweiner.com | Counsel for Dott Industries, Inc. |
| Schulte Roth & Sabel LLP | Carol Weiner Levy | 919 Third Avenue | | New York | NY | 10022 | 212-756-2000 | 212-595-5955 | | Counsel for D.C. Capital Partners, L.P. |
| Sonnenschein Nath & Rosenthal LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | 212-768-6700 | 212-768-6800 | | Counsel for Molex, Inc. and INA USA, Inc. |
| Sonnenschein Nath & Rosenthal LLP | Jo Christine Reed | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | 212-768-6700 | 212-768-6800 | | Counsel for Molex, Inc. and INA USA, Inc. |
| Sonnenschein Nath & Rosenthal LLP | Robert E. Richards | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | 312-876-8000 | 312-876-7934 | | Counsel for Molex, Inc. and INA USA, Inc. |
| The Timpken Corporation BIC - 08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706 | | | | Representative for Timken Corporation |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | 616-752-2158 | | | Counsel for Behr Industries Corp. |
| White & Case LLP | John K. Cunningham | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | 212-819-8200 | | | Counsel for Appaloosa Management, LP |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 2

12/7/2005 12:30 PM
2002 US Mail

# EXHIBIT D

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
    In re                                           :   Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :   Case No. 05-44481 (RDD)
                                                    :
                    Debtors.       :   (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED R.
BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND RETENTION OF
BANNER & WITCOFF, LTD. AS INTELLECTUAL PROPERTY COUNSEL TO DEBTORS

("BANNER & WITCOFF RETENTION APPLICATION")

        Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the

"Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), hereby submit this application (the "Application") for an order

under 11 U.S.C. §§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 authorizing the employment

and retention of Banner & Witcoff, Ltd. ("Banner") as intellectual property counsel to the

Debtors, nunc pro tunc to October 8, 2005.  In support of this Application, the Debtors submit

the Affidavit of Charles W. Shifley, sworn to December 6, 2005 (the "Shifley Affidavit").  In

further support of this Application, the Debtors respectfully represent as follows:

1

Background

A.    The Chapter 11 Filings

1.    On October 8, 2005, Delphi and certain of its U.S. subsidiaries filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1130, as amended (the "Bankruptcy Code").   On October 14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary petitions in this Court for reorganization relief under the Bankruptcy Code.    The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(b) and 1108 of the Bankruptcy Code.   This Court entered orders directing the joint administration of the Debtor's chapter 11 cases (Dockets Nos. 28 and 404).

2.    On October 17, 2005, the Office of the Unites States Trustee appointed an official committee of unsecured creditors.   No trustee or examiner has been appointed in the Debtors' cases.

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.   Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.   This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

4.    The statutory predicates for the relief requested herein are sections 327(e), and 1107(b) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.    Current Business Operations Of The Debtors

5.    With more than 180,000 employees worldwide, global 2004 revenues of approximately $28.6 billion and global assets as of August 31, 2005 of approximately $17.1

billion,[1] Delphi ranks as the fifth largest public company business reorganization in terms of revenues, and the thirteenth largest public company business reorganization in terms of assets. Delphi's non-U.S. subsidiaries are not chapter 11 debtors, will continue their business operations without supervision from the Bankruptcy Court, and will not be subject to the chapter 11 requirements of the U.S. Bankruptcy Code.

6.    Over the past century, the operations which are now owned by Delphi have developed leading global technology innovations with significant engineering resources and technical competencies in a variety of disciplines.  Today, the Company is arguably the single largest global supplier of vehicle electronics, transportation components, integrated systems and modules, and other electronic technology.  The Company's technologies and products are present in more than 75 million vehicles on the road worldwide.  The Company supplies products to nearly every major global automotive original equipment manufacturer with 2004 sales to its former parent, General Motors Corporation, equaling approximately $15.4 billion and sales to each of Ford Motor Company, DaimlerChrysler Corporation, Renault/Nissan Motor Company, Ltd., and Volkswagen Group exceeding $850 million.

7.    As part of its growth strategy, Delphi has established an expansive global presence with a network of manufacturing sites, technical centers, sales offices, and joint ventures located in every major region of the world.   In the U.S., the Debtors employ approximately 50,600 people.  Those employees work in approximately 44 manufacturing sites and 13 technical centers across the country and in Delphi's worldwide headquarters and customer center located in Troy, Michigan.  Approximately 34,750 of these individuals are hourly employees, 96% of whom are represented by approximately 49 different international and local

---

[1]    The aggregated financial data used in this Application generally consists of consolidated information from Delphi and its worldwide subsidiaries and affiliates.

unions.  Outside the United States, the Company's foreign entities employ more than 134,000 people, supporting 120 manufacturing sites and 20 technical centers across nearly 40 countries worldwide.

8.    Delphi was incorporated in Delaware in 1998 as a wholly-owned subsidiary of GM.  Prior to January 1, 1999, GM conducted the Company's business through various divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to Delphi and its subsidiaries and affiliates in accordance with the terms of a Master Separation Agreement between Delphi and GM.  In connection with these transactions, Delphi accelerated its evolution from a North American-based, captive automotive supplier to a global supplier of components, integrated systems, and modules for a wide range of customers and applications.  Although GM is still the Company's single largest customer, today more than half of Delphi's revenue is generated from non-GM sources.

9.    Due to the significant planning that goes into each vehicle model, Delphi's efforts to generate new business do not immediately affect its financial results, because supplier selection in the auto industry is generally finalized several years prior to the start of production of the vehicle.  When awarding new business, which is the foundation for the Company's forward revenue base, customers are increasingly concerned with the financial stability of their supply base.  The Debtors believe that they will maximize stakeholder value and the Company's future prospects if they stabilize their businesses and continue to diversify their customer base. The Debtors also believe that this must be accomplished in advance of the expiration of certain benefit guarantees between GM and certain of Delphi's unions representing most of its U.S. hourly employees which coincides with the expiration of the Company's U.S. collective bargaining agreements in the fall of 2007.

4

C.    Events Leading To The Chapter 11 Filing

10.    In the first two years following Delphi's separation from GM, the Company generated approximately $2 billion in net income.  Every year thereafter, however, with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the Company reported a net operating loss of $482 million on $28.6 billion in net sales.  Reflective of a downturn in the marketplace, Delphi's financial condition has deteriorated further in the first six months of 2005.  The Company experienced net operating losses of $608 million for the first six months of calendar year 2005 on six-month net sales of $13.9 billion, which is approximately $1 billion less in sales than during the same time period in calendar year 2004.[2]

11.    The Debtors believe that three significant issues have largely contributed to the deterioration of the Company's financial performance: (a) increasingly unsustainable U.S. legacy liabilities and operational restrictions driven by collectively bargained agreements, including restrictions preventing the Debtors from exiting non-strategic, non-profitable operations, all of which have the effect of creating largely fixed labor costs, (b) a competitive U.S. vehicle production environment for domestic OEMs resulting in the reduced number of motor vehicles that GM produces annually in the United States and related pricing pressures, and (c) increasing commodity prices.

12.    In light of these factors, the Company determined that it would be imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product portfolio, operational issues, and forward looking revenue requirements.  Having concluded that pre-filing discussions with its Unions and GM were not leading to the implementation of a plan sufficient to address the Debtors' issues on a timely basis, the Company determined to commence

---

[2]    Reported net losses in calendar year 2004 were $4.8 billion, reflecting a $4.1 billion tax charge, primarily related to the recording of a valuation allowance on the U.S. deferred tax assets as of December 31, 2004.

these chapter 11 cases for its U.S. businesses to complete the Debtors' transformation plan and preserve value.

13.    Through the reorganization process, the Debtors intend to achieve competitiveness for Delphi's core U.S. operations by modifying or eliminating non-competitive legacy liabilities and burdensome restrictions under current labor agreements and realigning Delphi's global product portfolio and manufacturing footprint to preserve the Company's core businesses.    This will require negotiation with key stakeholders over their respective contributions to the restructuring plan or, absent consensual participation, the utilization of the chapter 11 process to achieve the necessary cost savings and operational effectiveness envisioned in the Company's transformation plan.    The Debtors believe that a substantial segment of Delphi's U.S. business operations must be divested, consolidated, or wound-down through the chapter 11 process.

14.    Upon the conclusion of this process, the Debtors expect to emerge from chapter 11 as a stronger, more financially sound business with viable U.S. operations that are well-positioned to advance global enterprise objectives.    In the meantime, Delphi will marshal all of its resources to continue to deliver value and high-quality products to its customers globally. Additionally, the Company will preserve and continue the strategic growth of its non-U.S. operations and maintain its prominence as the world's premier auto supplier.

## Relief Requested

15.    By this Application, the Debtors request entry of an order authorizing the Debtors to employ and retain Banner pursuant to certain engagement letters between Delphi and Banner, dated October 7, 2004 and November 19, 2004, copies of which are attached hereto as Exhibit 1 (together, the "Engagement Letters"), as one of the Debtors' intellectual property counsel in these chapter 11 cases.

6

<u>Basis For Relief</u>

16.    The Debtors submit that Banner's proposed retention meets all the prerequisites for retention of special counsel under section 327(e) of the Bankruptcy Code, which permits a debtor-in-possession, with court approval, to employ counsel that has represented the Debtors prior to the commencement of their chapter 11 cases, for a "specified special purpose" if such employment is in the best interest of the Debtors.    Banner is a proposed intellectual property counsel to the Debtors, but not the proposed bankruptcy counsel in these chapter 11 cases, section 327(e) does not require that Banner and its attorneys be "disinterested persons" as defined in section 101(14) of the Bankruptcy Code.    Rather, section 327(e) instead requires that Banner not represent or hold any interest adverse to the estates or the Debtors with respect to the matter on which Banner is to be employed.    As discussed below, the employment of Banner as intellectual property counsel is in the best interests of the Debtors.

<div align="center">

The Debtors' Employment Of Banner
<u>Is In The Best Interests Of The Estates</u>

</div>

17.    The Debtors had retained Banner as an ordinary course professional according to the Order Under 11 U.S.C §§ 327, 330, And 331 Authorizing Retention Of Professionals Utilized By Debtors In Ordinary Course Of Business ("Ordinary Course Professionals Order") (Docket No. 883).    The Debtors, however, are concerned that Banner will exceed the fee cap established in the Ordinary Course Professionals Order.    Therefore, the Debtors request that Banner be formally retained as an intellectual property services provider in these chapter 11 cases.

18.    Banner will serve as an intellectual property counsel to the Debtors during these chapter 11 cases, principally in defending patent infringement cases. Banner has performed similar work for the Debtors in the past and is therefore familiar with the Debtors' businesses and

<div align="center">7</div>

operations.   In particular, Banner is especially attuned to the unique patent, trademark and copyright issues that arise in the Debtors' industry and have faced the Debtors.

19.   Banner is a nationally well-known and respected intellectual property law firm almost all of whose lawyers are experienced, registered patent lawyers with technical degrees and substantial patent infringement case litigation experience. Banner has successfully represented Delphi, and its predecessor in business, General Motors Corporation, in many patent infringement cases.  Banner has also represented Delphi and its predecessor in business, General Motors Corporation, in counseling related to other claims of patent infringement.  Banner has extensive experience in intellectual property law in the Debtors' industry, including patent infringement cases currently pending against Debtors.  Consequently, Banner can economically, successfully, and uniquely represent the Debtors in cases currently pending against them and other related intellectual property matters.  Accordingly, the Debtors believe that Banner is well-qualified to serve as intellectual property counsel in these chapter 11 cases in an efficient and effective manner.

20.   The Debtors believe that the employment of Banner will enhance and will not duplicate the employment of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden"), the Debtors' general bankruptcy counsel, Shearman & Sterling LLP ("Shearman"), the Debtors' special counsel, Togut, Segal & Segal LLP ("Togut"), the Debtors' conflicts counsel, or any of the other professionals retained by the Debtors to perform specific tasks that are unrelated to the work to be performed by Banner as intellectual property counsel to the Debtors.  The Debtors understand that Banner will work with the other professionals retained by the Debtors to avoid any such duplication.

## Services To Be Rendered By Banner

21.   As set forth in the Engagement Letters, the Debtors wish to engage Banner to provide services to the Debtors in connection with intellectual property matters, especially protective and defensive patent cases and opinions.  The Debtors anticipate that such services will include the following:

(a)   representation, both currently and if any appeal were to follow, in Automotive Technologies International, Inc. v. BMW North America, Inc., et al., Appeal No. 06-1013 (Federal Circuit September 29, 2005) and its underlying case, Civil Action No. 01-71700 (April 30, 2001);

(b)   representation in Automotive Technologies International, Inc. v. Delphi Automotive Systems Corporation, et al., Civil Action No. 04-72035 (E.D.Mich. April 30, 2005), a patent infringement case that was stayed during the above-identified appeal;

(c)   preparation of legal opinions involving claims relating to the Debtors' product and patents, as well as claims made by competitors;

(d)   representation of the Debtors regarding a broad scope of intellectual property law services.

22.   Banner has indicated its desire and willingness to represent the Debtors as set forth herein and to render the necessary professional services as intellectual property counsel to the Debtors.

23.   The Debtors may request that Banner undertake specific matters beyond the scope of the responsibilities set forth above.  Should Banner agree in its discretion to undertake any such matter, the Debtors shall seek further order of this Court.

## Disinterestedness Of Professionals

24.    The Shifley Affidavit filed in support of this Application contains information available to date on Banner's connections with other parties-in-interest, as required by Bankruptcy Rule 2014(a).  To the best of the Debtors' knowledge, and based on the information in the attached Shifley Affidavit, Banner, its partners, counsel, and associates do not hold or represent any interest adverse to the Debtors, their creditors, any other party-in-interest in these chapter 11 cases, their respective attorneys and investment advisors, the U.S. Trustee, or any person employed therein, with respect to the matters on which Banner is to be employed.

25.    Banner has disclosed to the Debtors that Banner has in the past represented, currently represents, and will likely in the future represent certain of the Debtors' creditors and other parties-in-interest in matters unrelated to the Debtors or their chapter 11 cases.  Banner does not believe that the foregoing raises any actual or potential conflict of interest of Banner relating to the representation of the Debtors as an intellectual property counsel in these chapter 11 cases, but such relationships are disclosed out of an abundance of caution.  The Debtors understand that, in order to vitiate any actual or potential conflicts of interest, Banner will not assist the Debtors in connection with their analysis, negotiations, and litigation, if any, with parties with whom Banner has existing client relationships, and that Skadden (or other counsel if Skadden has a conflict), instead, will handle these tasks.

## Professional Compensation

26.    Banner intends to apply to this Court for compensation and reimbursement of expenses in accordance with section 330(a) of the Bankruptcy Code, the Bankruptcy Rules, applicable guidelines established by the U.S. Trustee, and orders of this Court.  Banner acknowledges that all compensation will be subject to this Court's review and approval after notice and a hearing.

27.    Under the applicable provisions of the Bankruptcy Code, and subject to the approval of this Court, the Debtors propose to pay Banner as set forth in the Engagement Letters and Shifley Affidavit.

28.    No arrangement is proposed between the Debtors and Banner for compensation to be paid in these chapter 11 cases other than as set forth in the Engagement Letters and Shifley Affidavit.

29.    At the Debtors' request, Banner has continued to assist the Debtors in connection with their intellectual property issues since October 8, 2005 and hence the Debtors request that Banner's retention be effective <u>nunc pro tunc</u> to October 8, 2005.

<div align="center">Conclusion</div>

30.    For the foregoing reasons, the Debtors submit that the employment of Banner as one of the Debtors' intellectual property counsel on the terms set forth herein is in the best interests of the Debtors' estates.

<div align="center">Notice</div>

31.    Notice of this Application has been provided in accordance with the Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance With Local Bankr. R. 1007-2(e) entered by this Court on October 14, 2005 (Docket No. 245).  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

<div align="center">Memorandum Of Law</div>

32.    Because the legal points and authorities upon which this Application relies are incorporated herein, the Debtors respectfully request that the requirement of the service and

<div align="center">11</div>

filing of a separate memorandum of law under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, the Debtors respectfully request that this Court enter an order (a)

authorizing the Debtors to employ and retain Banner as one of their intellectual property counsel

to perform the services set forth herein, and (b) granting the Debtors such other and further relief

as is just.

Dated:    New York, New York
          December 6, 2005

DELPHI CORPORATION, on behalf of itself and
    certain of its subsidiaries and affiliates, as Debtors
    and Debtors-in-possession

By:  /s/ David M. Sherbin
        Name:  David M. Sherbin
        Title:   Vice President, General Counsel, and
                 Chief Compliance Officer

Exhibit 1

# DELPHI

| | |
|---|---|
| Telephone: | (248) 813-3309 |
| Facsimile: | (248) 813-1122 |

*Via E-Mail*

October 7, 2004

Mr. Charles Shifley
BANNER & WITCOFF, LTD.
10 South Wacker Drive, Suite 3000
Chicago, IL 60606

*Re:    ATI Patent Litigation*

Dear Charles:

This confirms that Delphi Corporation has retained Banner & Witcoff to represent Delphi in the following patent infringement cases:

1)   *Automotive Technologies International v. BMW of North America, et al.*
     Case No. 01-CV-71700 (E.D. of MI), Delphi Matter No. 2001-000762 (ATI I); and

2)   *Automotive Technologies International v. Delphi, et al.*
     Case No. 04-60083 (E.D. of MI), Delphi Matter No. 2004-000564 (ATI II)

Except as provided herein, this engagement letter supercedes the previous engagement letter dated August 28, 2002, between Delphi and Banner & Witcoff for the ATI I matter.

I will be responsible for managing these matters and will be your direct contact at Delphi. Please include the Delphi file numbers shown above in all correspondence and invoices with this office. To the extent possible, we request that you bill activities on these matters separately. In situations where the time spent on activities for these matters cannot be conveniently distinguished, please bill commingled time to the ATI I matter. In the event that one or more or these actions become consolidated, we will inform you as to the Delphi matter number under which you should subsequently bill your time.

We have approved a four-person Banner & Witcoff attorney team to work on these matters. Banner & Witcoff has agreed to discount its regular hourly professional rates on these matters as listed below:

Charles Shifley, Esq.
October 7, 2004
Page 2 of 3

| PROFESSIONAL | REGULAR HOURLY RATE | DISCOUNTED RATE |
|---|---|---|
| Charles Shifley | $455 | $435 |
| Binal Patel | $335 | $320 |
| Matt Becker | $310 | $295 |
| Ted Field | $220 | $215 |

Additionally, you agree that the discounted hourly rates will remain in effect through the remainder of these cases. Others from your firm may be necessary to assist us on this litigation, but you have agreed to obtain our written permission before engaging them. No fees will be paid for work performed by others before you have obtained our written permission.

Banner & Witcoff agrees to pay one hundred percent (100%) of the transportation expenses for travel to Detroit incurred by Banner & Witcoff team members on these matters. Additionally, Banner & Witcoff agrees to continue the practice of not billing Delphi for travel time on these matters.

You agree to continue to accrue a 5% credit on all professional billings for the ATI I matter as originally agreed in the engagement letter dated August 28, 2002.

You also agree to accrue a credit to Delphi in the amount of five percent (5%) of your professional billings on the ATI I matter to be used as payment by Delphi for services on any future matter, when and if we retain your firm. This credit shall accrue from the first dollar of ATI II fee billings but shall not vest until fee billings for the ATI II matter exceed $1,000,000. Separate billing of these matters is essential for correct calculations of our credit. It is our intention to process your monthly billing statements promptly, but at times it may take forty-five days or more to process your bill once it has been received.

We expect that the Delphi team assigned to this case will be fully engaged. The Delphi team will manage the document collection, coding and preparation of document chronologies. We also plan to fully participate in discovery, motions, and strategies necessary to successfully defend and prosecute these actions. We wish to do everything we are able to do on these litigations in-house. To help us achieve this, we ask that before your team undertakes an activity, you first review it with us to see if we have the resources available. Please call Joe Papelian or me at any time if you believe we are not able to supply the support needed to successfully litigate these matters

We expect that your hourly billable rates include all overhead and internal charges associated with your practice. A copy of our recently revised billing instructions and limitations is attached and incorporated into this engagement agreement by this reference. Any questions about billing procedures should be addressed to Michele Piscitelli, who can be reached at 248-813-2511.

Charles Shifley, Esq.
October 7, 2004
Page 3 of 3

As you know, we view the relationship between our companies as a "partnership" in which we both work together and communicate well with each other, to serve the best interests of Delphi. Your dedicated work and willingness to provide creative fee arrangements that recognize the financial pressures of the automotive supplier industry has placed Banner & Witcoff on a select counsel list for Delphi's litigation matters.

We request that you endorse this engagement agreement below and return an executed copy for our records.

Please call if you have any questions.

Sincerely,

William Cosnowski, Jr., Esq.
Delphi Legal Staff

WC/cmp
Enclosure

Accepted this ___ day of _____, 2004.

By: _____
        Charles Shifley, Esq.
        BANNER & WITCOFF, LTD.



TEN SOUTH WACKER DRIVE
CHICAGO, ILLINOIS 60606-7407

TEL: 312.463.5000
FAX: 312.463.5001
www.bannerwitcoff.com

**Charles W. Shifley**
Direct Dial: (312) 463-5441
cshifley@bannerwitcoff.com

November 19, 2004

William Cosnowski, Jr., Esq.
**Delphi World Headquarters - Legal Staff**
Delphi Automotive Systems
5825 Delphi Drive
Troy, MI 48098-2815

Dear Will:

We have a few more changes for our engagement together in the ATI cases. Our principal issue is the term of engagement concerning fixing rates for the life of the engagement. We are cautious about the open-endedness of such a term. As an example, I have a case now that has lasted eleven years in district court, and has started into its second appeal. It has potential for several more years of proceedings.

Our primary intent is to maintain and strengthen our relationship. The discounts that are present in the lawyer hourly rates stated in your letter of October 7th are approximately 4% of standard rates. We expect to increase rates in February such that the discount for 2005 will conceivably increase to 8%. In addition, we are agreeing to the 5% credit and transportation terms.

Generally, we are against our rates being fixed. By the terms of your letter, Delphi is gaining significant advantage in receiving the 5% credit, especially with Delphi and the firm agreeing to the 5% being applied from $1. Consistent with our primary intent but also our opposition to rate fixing, especially rate fixing for an indefinite and potentially long time, we can accept the hourly rates as stated in your letter, if fixed until the end of 2005, with rates thereafter being our standard rates. We also propose that the ATI II credit apply to the future litigation from when time billing for the future litigation starts.

We also suggest clarifying that the 5% credit currently accruing and continuing to accrue on ATI I will be for future patent application, patent opinion and other patent-related transactional representation. We also propose that the ATI II credit apply to the fees that accrue on a future litigation, applicable when that future litigation begins.

We also ask that Delphi provide us some flexibility in the attorneys who may represent Delphi in the two cases, by engaging with us in introducing Delphi to more attorneys than on the current list of approved attorneys, especially to possibly include some of our attorneys in our Washington, D.C. office.

CHICAGO
WASHINGTON, D.C.
BOSTON
PORTLAND, OR.

William Cosnowski, Jr., Esq.
**Delphi World Headquarters - Legal Staff**
November 19, 2004
Page 2

      If you can accept these few modifications of the terms proposed in your letter of October 7, 2004, we have an agreement for engagement. I have held our billing for time back to September 1, 2004. I will now bill it at the agreed rates.

      Very truly yours,

Charles W. Shifley

CWS/sls

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                        :
In re                                 :     Chapter 11
                                          :
DELPHI CORPORATION, et al.,       :     Case No. 05-44481 (RDD)
                                          :
                      Debtors.   :     (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

AFFIDAVIT OF CHARLES W. SHIFLEY IN SUPPORT OF APPLICATION FOR ORDER
UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR. P. 2014
AUTHORIZING EMPLOYMENT AND RETENTION OF BANNER & WITCOFF, LTD.
<u>AS AN INTELLECTUAL PROPERTY COUNSEL TO DEBTORS</u>

STATE OF ILLINOIS

COUNTY OF COOK

CHARLES W. SHIFLEY, being duly sworn, deposes and states as follows:

1.    I am a shareholder and Vice President of the law firm of Banner & Witcoff,
Ltd. ("Banner"), proposed intellectual property counsel for Delphi Corporation ("Delphi") and
certain of its subsidiaries and affiliates, the debtors and debtors-in-possession in the above-
captioned cases (collectively, the "Debtors"). I am licensed to practice law principally in the
State of Illinois. I am also licensed by the United States Patent and Trademark Office. I have
nearly thirty years of successful experience in intellectual property matters, including patent
litigation and counseling matters.

2.    I submit this affidavit (the "Affidavit")[1] in support of the Application For
Order Under 11 U.S.C. §§ 327(e) And 1107(b) And Fed R. Bankr. P. 2014 Authorizing

---

[1]    Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the
Application.

Employment And Retention Of Banner & Witcoff, Ltd. As Intellectual Property Counsel To Debtors (the "Application") nunc pro tunc to October 8, 2005, filed concurrently herewith.

3.    The name, business address, and telephone number of Banner & Witcoff, Ltd. are as follows:

> Banner & Witcoff, Ltd.
> 10 South Wacker Drive
> Chicago, Illinois 60606
> 312.463.5000

4.    Banner is well qualified to assist the Debtors in the manner described in the Application. Banner is a nationally well-known and respected intellectual property law firm almost all of whose lawyers are experienced, registered patent lawyers with technical degrees. Banner has successfully represented Delphi and its predecessor, General Motors Corporation, in many patent infringement cases.   Banner has also represented Delphi and its predecessor, General Motors Corporation, in other patent infringement counseling.   Banner enjoys extensive experience in intellectual property law and cases in the Debtors' industry, including currently pending patent infringement cases against Debtors.   Consequently, Banner can economically, successfully, and uniquely represent the Debtors in cases currently pending and similar intellectual property matters. Accordingly, the Debtors believe that Banner is well qualified to serve as an intellectual property counsel in these chapter 11 cases in an efficient and effective manner.

5.    Also, Banner has advised the Debtors regarding other intellectual property matters.   Based on the services that Banner has rendered to the Debtors, Banner is thoroughly familiar with certain intellectual property matters relating to the Debtors.

6.    Generally, in connection with the Debtors' cases, Banner intends to provide to the Debtors with the following types of professional services:

(a)     representation, both currently and if any appeal were to follow, in

        <u>Automotive Technologies International, Inc. v. BMW North America,</u>

        <u>Inc., et al.</u>, Appeal No. 06-1013 (Federal Circuit September 29, 2005) and

        its underlying case, Civil Action No. 01-71700 (April 30, 2001);

(b)     representation in <u>Automotive Technologies International, Inc. v. Delphi</u>

        <u>Automotive Systems Corporation, et al.</u>, Civil Action No. 04-72035

        (E.D.Mich. April 30, 2005), a patent infringement case that was stayed

        during the above-identified appeal;

(c)     preparation of legal opinions involving Debtors' claims relating to the

        Debtors' products and patents, as well as claims made by competitors;

(d)     representation of the Debtors for a broad scope of intellectual property law

        services.

        7.    In light of certain existing client representations on unrelated matters, the
engagement of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden, Arps") as the Debtors'
bankruptcy counsel, the engagement of Shearman & Sterling LLP ("Shearman") as the Debtors'
special counsel, the engagement of Togut, Segal & Segal LLP ("Togut") as the Debtors' conflicts
counsel, and the engagement of other counsel for the Debtors, Banner will not be responsible for
or undertake any representation with respect to (a) advising the Debtors concerning specific
contracts and claims of certain of Banner's existing clients and (b) reviewing, interpreting, or
commenting on the specific contracts and claims of certain of Banner's existing clients.  These
existing client relationships, and the scope of the carve-out from Banner's retention, are
discussed more fully below.

3

8.    It is Banner's understanding that the Debtors may request that Banner undertake specific matters beyond the limited scope of the responsibilities set forth above. Should Banner agree in its discretion to undertake any such matter, it is Banner's understanding that the Debtors will seek further order of this Court.

9.    Banner is making efforts, together with the Debtors' other counsel to ensure that there is no duplication of effort or work between such firms and Banner.  It is Banner's intention that the estates should receive the best value possible from the efficient coordination of work among its counsel.  Banner believes that its lawyers and the rest of the lawyers retained in these cases have to date delineated clearly, and will continue to delineate clearly, the division of work between them, so as to avoid any duplication of effort and to maximize the efficiencies of the proposed arrangement.

10.    Banner has in the past been employed and retained pursuant to certain engagement letters between the Debtors and Banner, dated October 7, 2004 and November 19, 2004 (together, the "Engagement Letters"), and pursuant to additional terms.  The additional terms are that Banner agreed that its discounted hourly rates would remain in effect through the remainder of the cases that are subject to the Engagement Letters, the rates being subject to renegotiation three years after the Engagement Letters if the cases remained pending then. Banner also agreed to represent the Debtors in preparing legal opinions and other matters at standard hourly rates.

11.    Banner agrees to accept as compensation for the services rendered in connection with its representation of the Debtors compensation on the terms set forth in the Engagement Letters and the additional terms identified above.

12.    Banner acknowledges that all amounts paid to Banner during these chapter 11 cases are subject to final allowance by this Court.  In the event that any fees or expenses paid to Banner during these cases are disallowed by this Court, the fees and expenses will be disgorged by Banner and returned to the Debtors or as otherwise ordered by this Court.

13.    Banner categorizes its billings by subject matter, in compliance with the applicable guidelines of the Office of the United States Trustee (the "U.S. Trustee Guidelines"). Banner acknowledges its compensation in the Debtors' cases is subject to approval of this Court in accordance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, and the U.S. Trustee Guidelines.

14.    Banner has conducted a check for conflicts of interest and other conflicts and connections with respect to the Debtors' bankruptcy cases.  Banner maintains a database containing the names of current, former, and potential clients and other principal parties related to such clients.  I caused Banner to review and analyze the conflict database to determine whether Banner has any connection with the principal parties-in-interest in these chapter 11 cases, using information provided to Banner by the Debtors and Skadden, Arps and information contained in the database, including (a) the names of the Debtors' prepetition lenders, (b) the names of significant creditors of the Debtors, and (c) the names of firms that the Debtors intend to or may employ during their chapter 11 cases.

15.    Based upon this research, I have determined that Banner has in the past represented, currently represents, and will likely in the future represent certain of the Debtors' creditors and other parties-in-interest in matters unrelated to the Debtors or these chapter 11 cases.  Banner has represented, currently represents, and will likely in the future represent, such creditors and other parties-in-interest, and their related entities, in such matters, including:

5

General Motors Corporation ("GM"), where Banner has been directed to do so by Delphi as a matter of assisting Delphi in meeting contractual indemnity obligations to GM, with the consent of both companies; Dura Automotive Systems, Inc.; Illinois Tool Works, Inc.; Cargill, Inc.; Allstate Insurance; AT&T, Nokia Corporation; John Hopkins University; Harley Davidson Motor Company; Circuit City Stores, Inc.; Microsoft Corporation; and Technitrol, Inc.  I do not believe that the foregoing raises any actual or potential conflicts of interest of Banner relating to the representation of the Debtors in these chapter 11 cases, but such relationships are disclosed out of an abundance of caution.

16.    It is my intention that if Banner becomes aware of any other connections of which it presently is unaware, Banner will bring them to the attention of this Court and the U.S. Trustee.

/s/ Charles W. Shifley
                Charles W. Shifley

Sworn to before me
this 6th day of December, 2005

/s/ Kathy G. Kessling
Notary Public

6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
      In re                     :     Chapter 11
                                        :
DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                                        :
              Debtors.   :     (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR. P. 2014
AUTHORIZING EMPLOYMENT AND RETENTION OF BANNER & WITCOFF, LTD.
AS INTELLECTUAL PROPERTY COUNSEL TO DEBTORS

("BANNER RETENTION ORDER")

Upon the application, dated December 6, 2005 (the "Application"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C.

§§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014, authorizing the employment and retention of

Banner & Witcoff, Ltd. ("Banner") as an intellectual property counsel to the Debtors; and upon

the Affidavit of Charles W. Shifley, sworn to December 6, 2005, in support of the Application

(the "Shifley Affidavit"); and this Court being satisfied with the representations made in the

Application and the Shifley Affidavit that Banner does not represent or hold any interest adverse

to any of the Debtors' estates or the Debtors with respect to the matters on which Banner is to be

employed, and that Banner's employment is necessary and would be in the best interests of each

of the Debtors' estates; and it appearing that proper and adequate notice has been given and that

no other or further notice is necessary; and upon the record herein; and after due deliberation

thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1

1.   The Application is GRANTED.

2.   The Debtors' employment of Banner as intellectual property counsel, pursuant to the Application, is approved under sections 327(e) and 1107(b) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), with approval of such employment being effective as of the Petition Date, October 8, 2005.

3.   Banner shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court.

4.   This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

5.   The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:   New York, New York
         December__, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

2

# **EXHIBIT E**

**Objections Due: December 16, 2005 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x
                                                   :
                In re                              :    Chapter 11
                                                   :
DELPHI CORPORATION, et al.,                        :    Case No. 05- 44481 (RDD)
                                                   :
                            Debtors.               :    (Jointly Administered)
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF PRESENTMENT OF ORDER UNDER UNDER 11 U.S.C.
§§ 327(e) AND 1107(b) AND FED. R. BANKR. P. 2014 AUTHORIZING
EMPLOYMENT AND RETENTION OF BANNER & WITCOFF, LTD.
AS INTELLECTUAL PROPERTY COUNSEL TO DEBTORS

PLEASE TAKE NOTICE that on December 6, 2005, Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in

the above-captioned cases filed the Application For An Order Under 11 U.S.C. §§ 327(e)

And 1107(b) And Fed. R. Bankr. P. 2014 Authorizing Debtors Employment And Retention

Of Banner & Witcoff, Ltd. As Intellectual Property Counsel To Debtors (the "Applica-

tion").

PLEASE TAKE FURTHER NOTICE that if timely written objections are

filed, served, and received in accordance with this notice, a hearing to consider approval of

the Application will be held on January 5, 2006, at 10:00 a.m. (Prevailing Eastern Time)

(the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for

the Southern District of New York, One Bowling Green, Room 610, New York, New York,

10004.

PLEASE TAKE FURTHER NOTICE that if no written objections to the

Application are timely filed, served, and received, the order filed with the Application and

attached to this notice as Exhibit A will be submitted for signature to the Honorable Robert

D. Drain, United States Bankruptcy Court for the Southern District of New York, One

Bowling Green, Room 610, New York, New York 10004 on December 16, 2005.

PLEASE TAKE FURTHER NOTICE that objections, if any, to approval of

the Application (a) must be in writing, (b) must conform to the Federal Rules of Bank-

2

ruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and

the Order Under 11 U.S.C. §§ 102 (1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case

Management, And Administrative Procedures, And (III) Scheduling An Initial Case

Conference In Accordance With Local Bankr. R. 1007-2(e) (the "Case Management

Order") (Docket No. 245), (c) must be filed with the Bankruptcy Court in accordance with

General Order M-242 (as amended) - registered users of the Bankruptcy Court's case filing

system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk

(preferably in Portable Document Format (PDF), WordPerfect, or any other Win-

dows-based word processing format), (d) must be submitted in hard-copy form directly to

the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e)

and must be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098

(Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher &

Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm.

Butler, Jr.), (iii) counsel for the agent under the Debtors' prepetition credit facility, Simpson

Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n:

Kenneth S. Ziman), (iv) counsel for the agent under the postpetition credit facility, Davis

Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n:  Marlane

Melican), (v) counsel for the Official Committee of Unsecured Creditors, Latham &

Watkins, 885 Third Avenue, New York, New York 10022 (Att'n: Mark A. Broude), (vi)

Banner & Witcoff, Ltd., 10 South Wacker Drive, Chicago, Illinois 60606 (Att'n: Charles

W. Shifley),and (vii) the Office of the United States Trustee for the Southern District of

New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M. Leonhard), in each case so as to be **received** no later than **4:00 p.m. (Prevailing Eastern Time) on December 16, 2005** (the "Objection Deadline").

        PLEASE TAKE FURTHER NOTICE that only those objections made in writing, in accordance with the Case Management Order, and timely filed and received by the Objection Deadline will be considered by the Bankruptcy Court at the Hearing, and that if no objections to the Application are timely filed and served the Bankruptcy Court may enter an order granting the Application **without further notice**.

Dated: New York, New York
       December 6, 2005

                            SKADDEN, ARPS, SLATE, MEAGHER
                            & FLOM LLP

                By: /s/ John Wm. Butler, Jr.
                     John Wm. Butler, Jr. (JB 4711)
                     John K. Lyons (JL 4951)
                     Ron E. Meisler (RM 3026)
                333 West Wacker Drive, Suite 2100
                Chicago, Illinois  60606
                (312) 407-0700

                        - and -

                By: /s/ Kayalyn A. Marafioti
                     Kayalyn A. Marafioti (KM 9632)
                     Thomas J. Matz (TM 5986)
                Four Times Square
                New York, New York  10036
                (212) 735-3000

                Attorneys for Delphi Corporation, et al.,
                    Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
      In re                          :      Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :      Case No. 05-44481 (RDD)
                                          :
                Debtors.      :      (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR. P. 2014
AUTHORIZING EMPLOYMENT AND RETENTION OF BANNER & WITCOFF, LTD.
AS INTELLECTUAL PROPERTY COUNSEL TO DEBTORS

("BANNER RETENTION ORDER")

Upon the application, dated December 6, 2005 (the "Application"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C.

§§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014, authorizing the employment and retention of

Banner & Witcoff, Ltd. ("Banner") as an intellectual property counsel to the Debtors; and upon

the Affidavit of Charles W. Shifley, sworn to December 6, 2005, in support of the Application

(the "Shifley Affidavit"); and this Court being satisfied with the representations made in the

Application and the Shifley Affidavit that Banner does not represent or hold any interest adverse

to any of the Debtors' estates or the Debtors with respect to the matters on which Banner is to be

employed, and that Banner's employment is necessary and would be in the best interests of each

of the Debtors' estates; and it appearing that proper and adequate notice has been given and that

no other or further notice is necessary; and upon the record herein; and after due deliberation

thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1

1.    The Application is GRANTED.

2.    The Debtors' employment of Banner as intellectual property counsel, pursuant
to the Application, is approved under sections 327(e) and 1107(b) of the Bankruptcy Code and
Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), with
approval of such employment being effective as of the Petition Date, October 8, 2005.

3.    Banner shall be compensated in accordance with the standards and procedures
set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules,
Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New
York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and
further orders of this Court.

4.    This Court shall retain jurisdiction to hear and determine all matters arising
from the implementation of this Final Order.

5.    The requirement under Local Rule 9013-1(b) for the service and filing of a
separate memorandum of law is deemed satisfied by the Application.

Dated:    New York, New York
          December__, 2005

 

 

_____
  UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT F</u>**

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                :
      In re                       :      Chapter 11
                                  :
DELPHI CORPORATION, et al.,      :      Case No. 05-44481 (RDD)
                                  :
                  Debtors.    :      (Jointly Administered)
                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED R.
BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND RETENTION OF
BUTZEL LONG, PC AS COMMERCIAL AND LITIGATION COUNSEL TO DEBTORS

("BUTZEL LONG RETENTION APPLICATION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the

"Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), hereby submit this application (the "Application") for an order

under 11 U.S.C. §§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 authorizing the employment

and retention of Butzel Long, PC ("Butzel"), as commercial and litigation counsel to the Debtors

nunc pro tunc to October 8, 2005.  In support of this Application, the Debtors submit the

Affidavit of James G. Derian, sworn to December 6, 2005 (the "Derian Affidavit").  In further

support of this Application, the Debtors respectfully represent as follows:

<u>Background</u>

A.      <u>The Chapter 11 Filings</u>

1.    On October 8, 2005, Delphi and certain of its U.S. subsidiaries filed
voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the
United States Code, 11 U.S.C. §§ 101-1130, as amended (the "Bankruptcy Code").  On October
14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary petitions in this Court for
reorganization relief under the Bankruptcy Code.  The Debtors continue to operate their
businesses and manage their properties as debtors-in-possession pursuant to sections 1107(b) and
1108 of the Bankruptcy Code.  This Court entered orders directing the joint administration of the
Debtor's chapter 11 cases (Dockets Nos. 28 and 404).

2.    On October 17, 2005, the Office of the Unites States Trustee appointed an
official committee of unsecured creditors.  No trustee or examiner has been appointed in the
Debtors' cases.

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157
and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core
proceeding under 28 U.S.C. § 157(b)(2).

4.    The statutory predicates for the relief requested herein are sections 327(e),
and 1107(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy
Procedure (the "Bankruptcy Rules").

B.      <u>Current Business Operations Of The Debtors</u>

5.    With more than 180,000 employees worldwide, global 2004 revenues of
approximately $28.6 billion and global assets as of August 31, 2005 of approximately $17.1

billion,[1] Delphi ranks as the fifth largest public company business reorganization in terms of revenues, and the thirteenth largest public company business reorganization in terms of assets. Delphi's non-U.S. subsidiaries are not chapter 11 debtors, will continue their business operations without supervision from the Bankruptcy Court, and will not be subject to the chapter 11 requirements of the U.S. Bankruptcy Code.

6.    Over the past century, the operations which are now owned by Delphi have developed leading global technology innovations with significant engineering resources and technical competencies in a variety of disciplines.  Today, the Company is arguably the single largest global supplier of vehicle electronics, transportation components, integrated systems and modules, and other electronic technology.  The Company's technologies and products are present in more than 75 million vehicles on the road worldwide.  The Company supplies products to nearly every major global automotive original equipment manufacturer with 2004 sales to its former parent, General Motors Corporation, equaling approximately $15.4 billion and sales to each of Ford Motor Company, DaimlerChrysler Corporation, Renault/Nissan Motor Company, Ltd., and Volkswagen Group exceeding $850 million.

7.    As part of its growth strategy, Delphi has established an expansive global presence with a network of manufacturing sites, technical centers, sales offices, and joint ventures located in every major region of the world.   In the U.S., the Debtors employ approximately 50,600 people.  Those employees work in approximately 44 manufacturing sites and 13 technical centers across the country and in Delphi's worldwide headquarters and customer center located in Troy, Michigan.   Approximately 34,750 of these individuals are hourly employees, 96% of whom are represented by approximately 49 different international and local

---

[1]      The aggregated financial data used in this Application generally consists of consolidated information from Delphi and its worldwide subsidiaries and affiliates.

3

unions.  Outside the United States, the Company's foreign entities employ more than 134,000

people, supporting 120 manufacturing sites and 20 technical centers across nearly 40 countries

worldwide.

8.    Delphi was incorporated in Delaware in 1998 as a wholly-owned subsidiary

of GM.  Prior to January 1, 1999, GM conducted the Company's business through various

divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these divisions

and subsidiaries were transferred to Delphi and its subsidiaries and affiliates in accordance with

the terms of a Master Separation Agreement between Delphi and GM.  In connection with these

transactions, Delphi accelerated its evolution from a North American-based, captive automotive

supplier to a global supplier of components, integrated systems, and modules for a wide range of

customers and applications.  Although GM is still the Company's single largest customer, today

more than half of Delphi's revenue is generated from non-GM sources.

9.    Due to the significant planning that goes into each vehicle model, Delphi's

efforts to generate new business do not immediately affect its financial results, because supplier

selection in the auto industry is generally finalized several years prior to the start of production

of the vehicle.  When awarding new business, which is the foundation for the Company's

forward revenue base, customers are increasingly concerned with the financial stability of their

supply base.  The Debtors believe that they will maximize stakeholder value and the Company's

future prospects if they stabilize their businesses and continue to diversify their customer base.

The Debtors also believe that this must be accomplished in advance of the expiration of certain

benefit guarantees between GM and certain of Delphi's unions representing most of its U.S.

hourly employees which coincides with the expiration of the Company's U.S. collective

bargaining agreements in the fall of 2007.

4

C.    Events Leading To The Chapter 11 Filing

10.    In the first two years following Delphi's separation from GM, the Company generated approximately $2 billion in net income.  Every year thereafter, however, with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the Company reported a net operating loss of $482 million on $28.6 billion in net sales.  Reflective of a downturn in the marketplace, Delphi's financial condition has deteriorated further in the first six months of 2005.  The Company experienced net operating losses of $608 million for the first six months of calendar year 2005 on six-month net sales of $13.9 billion, which is approximately $1 billion less in sales than during the same time period in calendar year 2004.[2]

11.    The Debtors believe that three significant issues have largely contributed to the deterioration of the Company's financial performance: (a) increasingly unsustainable U.S. legacy liabilities and operational restrictions driven by collectively bargained agreements, including restrictions preventing the Debtors from exiting non-strategic, non-profitable operations, all of which have the effect of creating largely fixed labor costs, (b) a competitive U.S. vehicle production environment for domestic OEMs resulting in the reduced number of motor vehicles that GM produces annually in the United States and related pricing pressures, and (c) increasing commodity prices.

12.    In light of these factors, the Company determined that it would be imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product portfolio, operational issues, and forward looking revenue requirements.  Having concluded that pre-filing discussions with its Unions and GM were not leading to the implementation of a plan sufficient to address the Debtors' issues on a timely basis, the Company determined to commence

---

[2]    Reported net losses in calendar year 2004 were $4.8 billion, reflecting a $4.1 billion tax charge, primarily related to the recording of a valuation allowance on the U.S. deferred tax assets as of December 31, 2004.

5

these chapter 11 cases for its U.S. businesses to complete the Debtors' transformation plan and preserve value.

13.    Through the reorganization process, the Debtors intend to achieve competitiveness for Delphi's core U.S. operations by modifying or eliminating non-competitive legacy liabilities and burdensome restrictions under current labor agreements and realigning Delphi's global product portfolio and manufacturing footprint to preserve the Company's core businesses.    This will require negotiation with key stakeholders over their respective contributions to the restructuring plan or, absent consensual participation, the utilization of the chapter 11 process to achieve the necessary cost savings and operational effectiveness envisioned in the Company's transformation plan.    The Debtors believe that a substantial segment of Delphi's U.S. business operations must be divested, consolidated, or wound-down through the chapter 11 process.

14.    Upon the conclusion of this process, the Debtors expect to emerge from chapter 11 as a stronger, more financially sound business with viable U.S. operations that are well-positioned to advance global enterprise objectives.    In the meantime, Delphi will marshal all of its resources to continue to deliver value and high-quality products to its customers globally. Additionally, the Company will preserve and continue the strategic growth of its non-U.S. operations and maintain its prominence as the world's premier auto supplier.

<u>Relief Requested</u>

15.    By this Application, the Debtors request entry of an order authorizing the Debtors to employ and retain Butzel as commercial and litigation counsel in these chapter 11 cases pursuant to an ongoing professional relationship between the Debtors and Butzel.

### Basis For Relief

16.    The Debtors submit that Butzel's proposed retention meets all the prerequisites for retention of special counsel under section 327(e) of the Bankruptcy Code, which permits a debtor-in-possession, with court approval, to employ counsel that has represented the Debtors prior to the commencement of their chapter 11 cases, for a "specified special purpose" if such employment is in the best interest of the Debtors.    Butzel is proposed commercial and litigation counsel to the Debtors, but not the proposed bankruptcy counsel in these chapter 11 cases, section 327(e) does not require that Butzel and its attorneys be "disinterested persons" as defined in section 101(14) of the Bankruptcy Code.    Rather, section 327(e) instead requires that Butzel not represent or hold any interest adverse to the estates or the Debtors with respect to the matter on which Butzel is to be employed.    As discussed below, the employment of Butzel as commercial and litigation counsel is in the best interests of the Debtors.

### The Debtors' Employment Of Butzel Is In The Best Interests Of The Estates

17.    Butzel will serve as commercial and litigation counsel to the Debtors during these chapter 11 cases.    Butzel has performed similar work for the Debtors for the past five years and is therefore very familiar with the Debtors' businesses and operations.    In particular, Butzel is especially attuned to the unique commercial issues that arise in the Debtors' industry.

18.    Butzel believes that it is one of the largest full service law firms in Michigan with over 200 attorneys who handle a wide range of sophisticated commercial and other business matters for some of the nation's largest companies and non-profit organizations. Most importantly for present purposes, several members of Butzel have extensive experience in commercial and general business law and their interplay with restructuring and bankruptcy law.

7

Accordingly, the Debtors believe that Butzel is well qualified to serve as commercial and litigation counsel in these chapter 11 cases in an efficient and effective manner.

19.    The Debtors believe that the employment of Butzel will enhance and will not duplicate the employment of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden"), the Debtors' general bankruptcy counsel, Shearman & Sterling LLP ("Shearman"), the Debtors' special counsel, Togut, Segal & Segal LLP ("Togut"), the Debtors' conflicts counsel, or any other professionals retained by the Debtors to perform specific tasks that are unrelated to the work to be performed by Butzel as commercial and litigation counsel to the Debtors.  The Debtors understand that Butzel will work with the other professionals retained by the Debtors to avoid any such duplication.

<u>Services To Be Rendered By Butzel</u>

20.    The Debtors wish to engage Butzel to provide legal services to the Debtors in connection with local commercial and other business disputes.  The Debtors anticipate that such services will include the following:

(a)    Legal advice and litigation services with respect to tort, contract, and general business disputes within the states of Michigan and Ohio;

(b)    Legal advice and representation with respect to out-of-court commercial workouts;

(c)    Legal advice and representation with respect to collection service disputes;

(d)    Legal advice and representation with respect to financially distressed suppliers;

(e)    Miscellaneous commercial and litigation advice and counsel related to local issues.

21.    Butzel has indicated its desire and willingness to represent the Debtors as set forth herein and to render the necessary professional services as legal counsel to the Debtors.

22.    The Debtors may request that Butzel undertake specific matters beyond the scope of the responsibilities set forth above.  Should Butzel agree in its discretion to undertake any such matter, the Debtors shall seek further order of this Court.

8

## Disinterestedness Of Professionals

23.    The Derian Affidavit filed in support of this Application contains information available to date on Butzel's connections with other parties-in-interest, as required by Bankruptcy Rule 2014(a).   To the best of the Debtors' knowledge, and based on the information in the attached Derian Affidavit, Butzel, its shareholders, counsel and associates do not hold or represent any interest adverse to the Debtors, their creditors, any other party-in-interest in these chapter 11 cases, their respective attorneys and investment advisors, the U.S. Trustee, or any person employed therein, with respect to the matters on which Butzel is to be employed.

24.    Butzel has disclosed to the Debtors that Butzel has in the past represented, currently represents, and will likely in the future represent certain of the Debtors' creditors and other parties-in-interest in matters unrelated to the Debtors or their chapter 11 cases.   Butzel does not believe that the foregoing raises any actual or potential conflict of interest of Butzel relating to the representation of the Debtors as their commercial and litigation counsel in these chapter 11 cases, but such relationships are disclosed out of an abundance of caution.   The Debtors understand that, in order to vitiate any actual or potential conflicts of interest, Butzel will not assist the Debtors in connection with their analysis, negotiations, and litigation, if any, with parties with whom Butzel has existing client relationships, and that Skadden (or other counsel if Skadden has a conflict), instead, will handle these tasks.

## Professional Compensation

25.    Butzel intends to apply to this Court for compensation and reimbursement of expenses in accordance with section 330(a) of the Bankruptcy Code, the Bankruptcy Rules, applicable guidelines established by the U.S. Trustee, and orders of this Court.    Butzel

9

acknowledges that all compensation will be subject to this Court's review and approval, after notice and a hearing.

26.    Under the applicable provisions of the Bankruptcy Code, and subject to the approval of this Court, the Debtors propose to pay Butzel its standard hourly rates reduced by 20% and capped at $250.00 per hour and to reimburse Butzel for expenses according to the Debtors' reimbursement policies.   The Butzel attorneys who are expected to be principally responsible for the matters in these chapter 11 cases and their respective hourly rates are:  James Derian ($265); Paul Hall  ($225); Sara Keough ($210); Thomas Radom ($340); Brent Warner ($150); Matthew Wilkins  ($340).  These hourly rates are subject to annual adjustment according to Butzel's standard policies, subject to the approval of this Court.

27.    No arrangement is proposed between the Debtors and Butzel for compensation to be paid in these chapter 11 cases other than as set forth above and in the Derian Affidavit.

28.    At the Debtors' request, Butzel has continued to assist the debtors' in connection with local commercial and litigation matters since October 8, 2005, and hence the Debtors request that Butzel's retention be effective <u>nunc pro tunc</u> to October 8, 2005.

<div align="center">Conclusion</div>

29.    For the foregoing reasons, the Debtors submit that the employment of Butzel as the Debtors' commercial and litigation counsel on the terms set forth herein is in the best interests of the estates.

<div align="center">Notice</div>

30.    Notice of this Application has been provided in accordance with the Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And

<div align="center">10</div>

Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance

With Local Bankr. R. 1007-2(e) entered by this Court on October 14, 2005 (Docket No. 245).  In

light of the nature of the relief requested, the Debtors submit that no other or further notice is

necessary.

<div align="center">Memorandum Of Law</div>

31.    Because the legal points and authorities upon which this Application relies

are incorporated herein, the Debtors respectfully request that the requirement of the service and

filing of a separate memorandum of law under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, the Debtors respectfully request that this Court enter an order (a) authorizing the Debtors to employ and retain Butzel as their commercial and litigation counsel to perform the services set forth herein and (b) granting the Debtors such other and further relief as is just.

Dated:    New York, New York
          December 6, 2005

                              DELPHI CORPORATION, on behalf of itself and
                              certain of its subsidiaries and affiliates, as Debtors and
                              Debtors-in-possession

                              By:  /s/ David M. Sherbin_____
                                   Name: David M. Sherbin
                                   Title:  Vice President, General Counsel, and
                                           Chief Compliance Officer

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                    :

In re                              :    Chapter 11
                                    :

DELPHI CORPORATION, et al.,     :    Case No. 05-44481 (RDD)
                                    :

                    Debtors.    :    (Jointly Administered)
                                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

**AFFIDAVIT OF JAMES G. DERIAN IN SUPPORT OF
APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R.
BANK. P. 2014 AUTHORIZING EMPLOYMENT AND RETENTION OF BUTZEL LONG,
PC AS COMMERCIAL AND LITIGATION COUNSEL TO DEBTORS**

STATE OF MICHIGAN

COUNTY OF OAKLAND

JAMES G. DERIAN being duly sworn, deposes and states as follows:

1.    I am an attorney admitted to practice before the state and federal courts of the

State of Michigan.  I am a Shareholder in the Law firm of Butzel Long, PC ("Butzel"), proposed

commercial and litigation counsel for Delphi Corporation ("Delphi") and certain of its

subsidiaries and affiliates, the debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors").

2.    I submit this affidavit (the "Affidavit")[1] in support of the Application For

Order Under 11 U.S.C. §§ 327(e) AND 1107(b) and Fed. R. Bankr. P. 2014 Authorizing

Employment And Retention Of Butzel As Commercial And Litigation Counsel To Debtors (the

"Application"), filed concurrently herewith.

---

[1]     Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the
Application.

3.    The addresses and telephone numbers of Butzel's Michigan offices are as follows:

Detroit
Suite 900
150 West Jefferson
Detroit, Michigan 48226
(313) 225-700
 Fax (313) 225-7080
Ann Arbor
Suite 300
235 S. Main Street
Ann Arbor, Michigan
(734) 995-3110
Fax (724) 995-1777
Holland
Suite 200
25 West 8th Street
Holland, Michigan 49423
(616) 396-8860
 Fax (616) 396-1771

Bloomfield Hills
Suite 200
100 Bloomfield Hills Parkway
Bloomfield Hills, Michigan 48302
(248) 258-1616
Fax (248) 258-1439
Lansing
Suite 110
110 West Michigan
Lansing,Michigan 48933
(517) 372-6622
 Fax (517)372-6672

4.    Butzel is well qualified to assist the Debtors in the manner described in the Application.    Attached hereto as Exhibit A is a copy of the professional biographies and backgrounds of the Butzel attorneys who will have primary responsibility for providing to the Debtors the services listed below.

5.    Butzel believes that it is one of the largest full service law firms in Michigan with over 200 attorneys who handle a wide range of sophisticated commercial and other business matters for some of the nation's largest companies and non-profit organizations.    Most importantly for present purposes, several members of Butzel have extensive experience in commercial and general business law, and their interplay with restructuring and bankruptcy law. Accordingly, the Debtors believe that Butzel is well qualified to serve as commercial and litigation counsel in these chapter 11 cases in an efficient and effective manner.

2

6.    Butzel has advised the Debtors regarding commercial and other business matters for the past five years.  Based on the services that Butzel has previously provided to the Debtors, Butzel is thoroughly familiar with the Debtors' corporate structure, the nature of their financial status, and certain legal matters relating to the Debtors.

7.    Generally, in connection with the Debtors' cases, Butzel will continue to provide to the Debtors with the following types of professional services:

    (a)    Legal advice and litigation services with respect to tort, contract, and general business disputes within the states of Michigan and Ohio;

    (b)    Legal advice and representation with respect to out-of-court commercial workouts;

    (c)    Legal advice and representation with respect to collection service disputes;

    (d)    Legal advice and representation with respect to financially distressed suppliers;

    (e)    Miscellaneous commercial and litigation advice and counsel related to local issues.

8.    In light of certain existing client representations on unrelated matters, the engagement of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden") as the Debtors' bankruptcy counsel, the engagement of Shearman & Sterling LLP ("Shearman") as the Debtors' special counsel, the engagement of Togut, Segal & Segal LLP ("Togut") as the Debtors' conflicts counsel, or the engagement of any other counsel for the Debtors', Butzel will not be responsible for or undertake any representation with respect to (a) advising the Debtors concerning specific contracts and claims of certain of Butzel's existing clients and (b) reviewing, interpreting, or commenting on the specific contracts and claims of certain of Butzel's existing clients.  These existing client relationships, and the scope of the carve-out from Butzel's retention, are discussed more fully below.

9.    It is Butzel's understanding that the Debtors may request that Butzel undertake specific matters beyond the limited scope of the responsibilities set forth above.

3

Should Butzel agree in its discretion to undertake any such matter, it is Butzel's understanding that the Debtors will seek further order of this Court.

10.    Butzel is making efforts, together with the Debtors' other counsel, to ensure that there is no duplication of effort or work between such firms and Butzel.  It is Butzel's intention that the estates should receive the best value possible from the efficient coordination of work among its counsel.  Butzel believes that its lawyers, and the rest of the lawyers retained in these cases have to date delineated clearly, and will continue to delineate clearly, the division of work between them, so as to avoid any duplication of effort and to maximize the efficiencies of the proposed arrangement.

11.    Butzel has received approximately $298,000 from the Debtors in the 90-day prepetition period for legal services rendered and expenses incurred by Butzel.  In addition, the Debtors have provided $100,000 as a retainer.  There are no arrangements between Butzel and any entity to share compensation received or to be received in connection with these chapter 11 cases.

12.    Butzel has agreed to accept as compensation for the services rendered in connection with its representation of the Debtors: (a) Butzel's standard hourly rates reduced by 20% and capped at $250.00 per hour; and (b) any such additional sums as may be allowed by this Court based on the time spent and services rendered, the result achieved, the difficulty and complexity encountered, and other appropriate factors.  Butzel intends to request allowance and payment of fees and expenses at its standard hourly rates discounted by 20% and capped at $250.00 per hour, and to request allowance and reimbursement of its expenses according to the Debtors' customary reimbursement policies, subject to the approval of this Court.  A list of standard hourly rates for those members of Butzel who are expected primarily to render services

4

in connection with the Debtors' cases is attached hereto as <u>Exhibit B</u>.  These hourly rates are subject to annual adjustment in accordance with Butzel's standard policies.  Butzel will not be paid any additional compensation by the Debtors except upon application and approval by this Court after notice and a hearing.

13.    Butzel acknowledges that all amounts paid to Butzel during these chapter 11 cases are subject to final allowance by this Court.  In the event that any fees or expenses paid to Butzel during these cases are disallowed by this Court, the fees and expenses will be disgorged by Butzel and returned to the Debtors or as otherwise ordered by this Court.

14.    Butzel categorizes its billings by subject matter, in compliance with the applicable guidelines of the Office of the United States Trustee (the "U.S. Trustee Guidelines").  Butzel acknowledges its compensation in the Debtors' cases is subject to approval of this Court in accordance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, and the U.S. Trustee Guidelines.

15.    Butzel has conducted a check for conflicts of interest and other conflicts and connections with respect to the Debtors' bankruptcy cases.  Butzel maintains a database containing the names of current, former, and potential clients and other principal parties related to such clients.  I caused Butzel to review and analyze the conflict database to determine whether Butzel has any connection with the principal parties-in-interest in these chapter 11 cases, using information provided to Butzel by the Debtors and Skadden and information contained in the database.

16.    Based upon this research, I have determined that Butzel has in the past represented, currently represents, and will likely in the future represent certain of the Debtors' creditors and other parties-in-interest in matters unrelated to the Debtors or these chapter 11

5

cases.  I do not believe that the foregoing raises any actual or potential conflicts of interest of Butzel relating to the representation of the Debtors in these chapter 11 cases, but such relationships are disclosed out of an abundance of caution.

17.    It is my intention that, if Butzel becomes aware of any other connections of which it presently is unaware, Butzel will bring them to the attention of this Court and the U.S. Trustee.

Dated:    Bloomfield Hills, MI
          December 6, 2005

By:  /s/ James G. Derian
     James G. Derian

Sworn to before me this 6th
day of December, 2005

/s/ Bernadette Hackbarth
Notary Public

6

## EXHIBIT A

**ATTORNEY BIOGRAPHIES**

### JAMES G. DERIAN

**Areas of Expertise**
- Commercial contracts
- Commercial and other business litigation
- Product liability
- Insurance coverage
- Construction litigation
- Zoning and real estate litigation

**Professional Experience**
- Private practice, Detroit, MI

**Education**
- B.A., University of Michigan, Ann Arbor, 1977
- J.D., Wayne State University, 1981

### PAULA A. HALL

**Areas of Expertise**
- Bankruptcy and creditors rights
- Commercial workouts
- Collection litigation

**Professional Experience**

- Private practice, Detroit,  MI

**Education**
- A.B., University of Michigan, 1996
- J.D., University of Michigan, 1999

### SARA B. KEOUGH

**Areas of Expertise**
- Commercial and other business litigation
- Insurance litigation
- Tort defense litigation

**Professional Experience**
- Private practice, Detroit, MI

**Education**
- B.A., Duke University, 1992
- J.D., Southern Methodist School of Law, 1995

## THOMAS B. RADOM

**Areas of Expertise**
- Bankruptcy reorganizations and liquidations
- Commercial workouts
- Debtor/creditor rights
- Commercial litigation

**Professional Experience**
- Private Practice, Detroit, MI

**Education**
- A.B., Albion College, 1971
- J.D., Wayne State University, 1974

## BRENT W. WARNER

**Areas of Expertise**
- Commercial Litigation

**Professional Experience**
- Private practice, Detroit, MI

**Education**
- B.S., Alma College, 2001
- J.D., University of Toledo College of Law, 2004

## MATTHEW E. WILKINS

**Areas of Expertise**
- Bankruptcy and creditors' rights
- Out-of-court workouts
- Commercial litigation

**Professional Experience**
- Private practice, Detroit, MI and Chicago, IL

**Education**
- B.A., Vanderbilt University, 1980
- J.D., Indiana University, 1983

## <u>EXHIBIT B</u>

**STANDARD HOURLY RATES**

**Billing Rates Effective January 1, 2005**

| | |
|---|---|
| Derian | $265 |
| Hall | $225 |
| Keough | $210 |
| Radom | $340 |
| Warner | $150 |
| Wilkins | $340 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re                            :      Chapter 11
:
DELPHI CORPORATION, et al.,      :      Case No. 05-44481 (RDD)
:
Debtors.     :      (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR. P. 2014
AUTHORIZING EMPLOYMENT AND RETENTION OF BUTZEL & LONG, P.C.
AS COMMERCIAL AND LITIGATION COUNSEL TO DEBTORS

("BUTZEL LONG RETENTION ORDER")

Upon the application, dated December 6, 2005 (the "Application"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C.

§§ 327(e) and 1107(a) and Fed. R. Bankr. P. 2014 authorizing the employment and retention of

Butzel Long, PC ("Butzel") as commercial and litigation counsel to the Debtors; and upon the

Affidavit of James Derian, sworn to December 6, 2005, in support of the Application (the

"Derian Affidavit"); and this Court being satisfied with the representations made in the

Application and the Derian Affidavit that Butzel does not represent or hold any interest adverse

to any of the Debtors' estates or the Debtors with respect to the matters on which Butzel is to be

employed, and that Butzel's employment is necessary and would be in the best interests of each

of the Debtors' estates; and it appearing that proper and adequate notice has been given and that

no other or further notice is necessary; and upon the record herein; and after due deliberation

thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Application is GRANTED.

2.   The Debtors' employment of Butzel as commercial and litigation counsel, pursuant to the Application, is approved under sections 327(e) and 1107(b) of the Bankruptcy Code, and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), with approval of such employment being effective as of the Petition Date, October 8, 2005.

3.   Butzel shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court.

4.   Any party-in-interest shall have the right to raise the issue of the application of Butzel's postpetition fees and expenses incurred at any time.

5.   This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

6.   The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:   New York, New York
         December ___, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT G**

**Objections Due: December 16, 2005 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                     :
        In re                                        :    Chapter 11
                                                     :
DELPHI CORPORATION, et al.,                          :    Case No. 05- 44481 (RDD)
                                                     :
                                Debtors.             :    (Jointly Administered)
                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF PRESENTMENT OF ORDER UNDER 11 U.S.C. §§ 327(e)
AND 1107(b) AND FED. R. BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND
RETENTION OF BUTZEL LONG, PC AS LOCAL COUNSEL TO DEBTORS

PLEASE TAKE NOTICE that on December 6, 2005, Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in

the above-captioned cases filed the Application For An Order Under 11 U.S.C. §§ 327(e)

And 1107(B) And Fed. R. Bankr. P. 2014 Authorizing Debtors Employment And Retention

Of Butzel Long, PC ("Butzel") As Local Counsel to Debtors (the "Application").

PLEASE TAKE FURTHER NOTICE that if timely written objections are

filed, served, and received in accordance with this notice, a hearing to consider approval of

the Application will be held on January 5, 2006, at 10:00 a.m. (Prevailing Eastern Time)

(the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for

the Southern District of New York, One Bowling Green, Room 610, New York, New York,

10004.

PLEASE TAKE FURTHER NOTICE that if no written objections to the

Application are timely filed, served, and received, the order filed with the Application and

attached to this notice as Exhibit A will be submitted for signature to the Honorable Robert

D. Drain, United States Bankruptcy Court for the Southern District of New York, One

Bowling Green, Room 610, New York, New York 10004 on December 16, 2005.

PLEASE TAKE FURTHER NOTICE that objections, if any, to approval of

the Application (a) must be in writing, (b) must conform to the Federal Rules of Bank-

ruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and

2

the Order Under 11 U.S.C. §§ 102 (1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case

Management, And Administrative Procedures, And (III) Scheduling An Initial Case

Conference In Accordance With Local Bankr. R. 1007-2(e) (the "Case Management

Order") (Docket No. 245), (c) must be filed with the Bankruptcy Court in accordance with

General Order M-242 (as amended) - registered users of the Bankruptcy Court's case filing

system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk

(preferably in Portable Document Format (PDF), WordPerfect, or any other Win-

dows-based word processing format), (d) must be submitted in hard-copy form directly to

the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e)

and must be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098

(Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher &

Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm.

Butler, Jr.), (iii) counsel for the agent under the Debtors' prepetition credit facility, Simpson

Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n:

Kenneth S. Ziman), (iv) counsel for the agent under the postpetition credit facility, Davis

Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n:  Marlane

Melican), (v) counsel for the Official Committee of Unsecured Creditors, Latham &

Watkins, 885 Third Avenue, New York, New York 10022 (Att'n: Mark A. Broude), (vi)

Butzel & Long, P.C., 100 Bloomfield Hills Parkway, Suite 200, Bloomfield Hills, MI

48304 (Att'n: James Darien), and (vii) the Office of the United States Trustee for the

Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York

3

10004 (Att'n:  Alicia M. Leonhard), in each case so as to be **received** no later than **4:00**

**p.m. (Prevailing Eastern Time) on December 16, 2005** (the "Objection Deadline").

        PLEASE TAKE FURTHER NOTICE that only those objections made in

writing, in accordance with the Case Management Order, and timely filed and received by

the Objection Deadline will be considered by the Bankruptcy Court at the Hearing, and

that if no objections to the Application are timely filed and served the Bankruptcy Court

may enter an order granting the Application **without further notice**.

Dated: New York, New York
      December 6, 2005

                  SKADDEN, ARPS, SLATE, MEAGHER
                  & FLOM LLP

              By: /s/ John Wm. Butler, Jr.
                  John Wm. Butler, Jr. (JB 4711)
                  John K. Lyons (JL 4951)
                  Ron E. Meisler (RM 3026)
              333 West Wacker Drive, Suite 2100
              Chicago, Illinois  60606
              (312) 407-0700

                      - and -

              By: /s/ Kayalyn A. Marafioti
                  Kayalyn A. Marafioti (KM 9632)
                  Thomas J. Matz (TM 5986)
               Four Times Square
              New York, New York  10036
              (212) 735-3000

              Attorneys for Delphi Corporation, et al.,
                  Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
      In re                         :      Chapter 11
                                        :
DELPHI CORPORATION, et al.,            :      Case No. 05-44481 (RDD)
                                        :
                 Debtors.    :      (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR. P. 2014
AUTHORIZING EMPLOYMENT AND RETENTION OF BUTZEL & LONG, P.C.
AS COMMERCIAL AND LITIGATION COUNSEL TO DEBTORS

("BUTZEL LONG RETENTION ORDER")

          Upon the application, dated December 6, 2005 (the "Application"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C.

§§ 327(e) and 1107(a) and Fed. R. Bankr. P. 2014 authorizing the employment and retention of

Butzel Long, PC ("Butzel") as commercial and litigation counsel to the Debtors; and upon the

Affidavit of James Derian, sworn to December 6, 2005, in support of the Application (the

"Derian Affidavit"); and this Court being satisfied with the representations made in the

Application and the Derian Affidavit that Butzel does not represent or hold any interest adverse

to any of the Debtors' estates or the Debtors with respect to the matters on which Butzel is to be

employed, and that Butzel's employment is necessary and would be in the best interests of each

of the Debtors' estates; and it appearing that proper and adequate notice has been given and that

no other or further notice is necessary; and upon the record herein; and after due deliberation

thereon; and good and sufficient cause appearing therefor, it is hereby

        ORDERED, ADJUDGED, AND DECREED THAT:

      1.  The Application is GRANTED.

2.    The Debtors' employment of Butzel as commercial and litigation counsel, pursuant to the Application, is approved under sections 327(e) and 1107(b) of the Bankruptcy Code, and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), with approval of such employment being effective as of the Petition Date, October 8, 2005.

3.    Butzel shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court.

4.    Any party-in-interest shall have the right to raise the issue of the application of Butzel's postpetition fees and expenses incurred at any time.

5.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

6.    The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:    New York, New York
          December ___, 2005

_____
  UNITED STATES BANKRUPTCY JUDGE

# **<u>EXHIBIT H</u>**

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                :
      In re                           :     Chapter 11
                                  :
DELPHI CORPORATION, et al.,      :     Case No. 05-44481 (RDD)
                                  :
                    Debtors.   :     (Jointly Administered)
                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b)
AUTHORIZING EMPLOYMENT AND RETENTION OF
CANTOR COLBURN LLP AS PATENT COUNSEL TO DEBTORS

("CANTOR COLBURN LLP RETENTION APPLICATION")

      Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the

"Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), hereby submit this application (the "Application") for an order

under 11 U.S.C. §§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 (a) authorizing the

employment and retention of Cantor Colburn LLP ("CCLLP"), whose business address and

telephone number are 55 Griffin Road South, Bloomfield, Connecticut 06002, (860) 286-2929,

as patent counsel to the Debtors.  In support of this Application, the Debtors submit the Affidavit

of Philmore H. Colburn II, Esq., sworn to December 6, 2005 (the "Colburn Affidavit").  In

further support of this Application, the Debtors respectfully represent as follows:

<u>Background</u>

A.    <u>The Chapter 11 Filings</u>

      1.    On October 8, 2005, Delphi and certain of its U.S. subsidiaries (the "Initial Filers") filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1130, as amended (the "Bankruptcy Code").  On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, collectively, the "Debtors") filed voluntary petitions in this Court for reorganization relief under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(b) and 1108 of the Bankruptcy Code.  This Court entered orders directing the joint administration of the Debtor's chapter 11 cases (Dockets Nos. 28 and 404).

      2.    On October 17, 2005, the Office of the Unites States Trustee appointed an official committee of unsecured creditors (the "Creditors' Committee").  No trustee or examiner, has been appointed in the Debtors' cases.

      3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

      4.    The statutory predicates for the relief requested herein are sections 327(e) and 1107(b) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.    <u>Current Business Operations Of The Debtors</u>

      5.    With more than 180,000 employees worldwide, global 2004 revenues of approximately $28.6 billion and global assets as of August 31, 2005 of approximately $17.1

billion,[1] Delphi ranks as the fifth largest public company business reorganization in terms of

revenues, and the thirteenth largest public company business reorganization in terms of assets.

Delphi's non-U.S. subsidiaries are not chapter 11 debtors, will continue their business operations

without supervision from the Bankruptcy Court, and will not be subject to the chapter 11

requirements of the U.S. Bankruptcy Code.

6.    Over the past century, the operations which are now owned by Delphi have

developed leading global technology innovations with significant engineering resources and

technical competencies in a variety of disciplines.  Today, the Company is arguably the single

largest global supplier of vehicle electronics, transportation components, integrated systems and

modules, and other electronic technology.  The Company's technologies and products are present

in more than 75 million vehicles on the road worldwide.  The Company supplies products to

nearly every major global automotive original equipment manufacturer with 2004 sales to its

former parent, General Motors Corporation, equaling approximately $15.4 billion and sales to

each of Ford Motor Company, DaimlerChrysler Corporation, Renault/Nissan Motor Company,

Ltd., and Volkswagen Group exceeding $850 million.

7.    As part of its growth strategy, Delphi has established an expansive global

presence with a network of manufacturing sites, technical centers, sales offices, and joint

ventures located in every major region of the world.  In the U.S., the Debtors employ

approximately 50,600 people.  Those employees work in approximately 44 manufacturing sites

and 13 technical centers across the country, and in Delphi's worldwide headquarters and

customer center located in Troy, Michigan.  Approximately 34,750 of these individuals are

hourly employees, 96% of whom are represented by approximately 49 different international and

---

[1]    The aggregated financial data used in this Application generally consists of consolidated information from
Delphi and its worldwide subsidiaries and affiliates.

local unions.  Outside the United States, the Company's foreign entities employ more than

134,000 people, supporting 120 manufacturing sites and 20 technical centers across nearly 40

countries worldwide.

8.    Delphi was incorporated in Delaware in 1998 as a wholly-owned subsidiary

of GM.  Prior to January 1, 1999, GM conducted the Company's business through various

divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these divisions

and subsidiaries were transferred to Delphi and its subsidiaries and affiliates in accordance with

the terms of a Master Separation Agreement between Delphi and GM.  In connection with these

transactions, Delphi accelerated its evolution from a North American-based, captive automotive

supplier to a global supplier of components, integrated systems, and modules for a wide range of

customers and applications.  Although GM is still the Company's single largest customer, today

more than half of Delphi's revenue is generated from non-GM sources.

9.    Due to the significant planning that goes into each vehicle model, Delphi's

efforts to generate new business do not immediately affect its financial results, because supplier

selection in the auto industry is generally finalized several years prior to the start of production

of the vehicle.  When awarding new business, which is the foundation for the Company's

forward revenue base, customers are increasingly concerned with the financial stability of their

supply source.  The Debtors believe that they will maximize stakeholder value and the

Company's future prospects if they stabilize their businesses and continue to diversify their

customer base.  The Debtors also believe that this must be accomplished in advance of the

expiration of certain benefit guarantees between GM and certain of Delphi's unions representing

most of its U.S. hourly employees which coincides with the expiration of the Company's U.S.

collective bargaining agreements in the fall of 2007.

C.    Events Leading To The Chapter 11 Filing

10.    In the first two years following Delphi's separation from GM, the Company

generated approximately $2 billion in net income.  Every year thereafter, however, with the

exception of 2002, the Company has suffered losses.  In calendar year 2004, the Company

reported a net operating loss of $482 million on $28.6 billion in net sales.  Reflective of a

downturn in the marketplace, Delphi's financial condition has deteriorated further in the first six

months of 2005.  The Company experienced net operating losses of $608 million for the first six

months of calendar year 2005 on six-month net sales of $13.9 billion, which is approximately $1

billion less in sales than during the same time period in calendar year 2004.[2]

11.    The Debtors believe that three significant issues have largely contributed to

the deterioration of the Company's financial performance: (a) increasingly unsustainable U.S.

legacy liabilities and operational restrictions driven by collectively bargained agreements,

including restrictions preventing the Debtors from exiting non-strategic, non-profitable

operations, all of which have the effect of creating largely fixed labor costs, (b) a competitive

U.S. vehicle production environment for domestic OEMs resulting in the reduced number of

motor vehicles that GM produces annually in the United States and related pricing pressures, and

(c) increasing commodity prices.

12.    In light of these factors, the Company determined that it would be

imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product

portfolio, operational issues, and forward looking revenue requirements.  Having concluded that

pre-filing discussions with its Unions and GM were not leading to the implementation of a plan

sufficient to address the Debtors' issues on a timely basis, the Company determined to commence

---

[2]    Reported net losses in calendar year 2004 were $4.8 billion, reflecting a $4.1 billion tax charge, primarily
related to the recording of a valuation allowance on the U.S. deferred tax assets as of December 31, 2004.

these chapter 11 cases for its U.S. businesses to complete the Debtors' transformation plan and preserve value.

13.     Through the reorganization process, the Debtors intend to achieve competitiveness for Delphi's core U.S. operations by modifying or eliminating non-competitive legacy liabilities and burdensome restrictions under current labor agreements and realigning Delphi's global product portfolio and manufacturing footprint to preserve the Company's core businesses.  This will require negotiation with key stakeholders over their respective contributions to the restructuring plan or, absent consensual participation, the utilization of the chapter 11 process to achieve the necessary cost savings and operational effectiveness envisioned in the Company's transformation plan.  The Debtors believe that a substantial segment of Delphi's U.S. business operations must be divested, consolidated, or wound-down through the chapter 11 process.

14.     Upon the conclusion of this process, the Debtors expect to emerge from chapter 11 as a stronger, more financially sound business with viable U.S. operations that are well-positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal all of its resources to continue to deliver value and high-quality products to its customers globally. Additionally, the Company will preserve and continue the strategic growth of its non-U.S. operations and maintain its prominence as the world's premier auto supplier.

<center>Relief Requested</center>

15.     By this Application, the Debtors request entry of an order authorizing the Debtors to employ and retain CCLLP, pursuant to that certain engagement letter between Delphi and CCLLP, dated November 9, 2005, a copy of which is attached hereto as Exhibit 1 (the "Engagement Letter"), as the Debtors' patent counsel in these chapter 11 cases.

<center>6</center>

<u>Basis For Relief</u>

16.    The Debtors submit that CCLLP's proposed retention meets all the

prerequisites for retention of special counsel under section 327(e) of the Bankruptcy Code, which

permits a debtor-in-possession, with court approval, to employ counsel that has represented the

Debtors prior to the commencement of their chapter 11 cases, for a "specified special purpose" if

such employment is in the best interest of the Debtors.  CCLLP is the proposed patent counsel to

the Debtors, but not the proposed bankruptcy counsel in these chapter 11 cases, section 327(e)

does not require that CCLLP and its attorneys be "disinterested persons" as defined in section

101(14) of the Bankruptcy Code.  Rather, section 327(e) instead requires that CCLLP not

represent or hold any interest adverse to the estates or the Debtors with respect to the matter on

which CCLLP is to be employed.  As discussed below, the employment of CCLLP as patent

counsel is in the best interests of the Debtors.

<div align="center">The Debtors' Employment Of CCLLP<br><u>Is In The Best Interests Of The Estates</u></div>

17.    The Debtors had retained CCLLP as an ordinary course professional

according to the Order Under 11 U.S.C §§ 327, 330, And 331 Authorizing Retention Of

Professionals Utilized By Debtors In Ordinary Course Of Business ("Ordinary Course

Professionals Order") (Docket No. 883).  The Debtors, however, are concerned that CCLLP will

exceed the fee cap established in the Ordinary Course Professionals Order.  Therefore, the

Debtors request that CCLLP be formally retained as patent counsel in these chapter 11 cases.

18.    CCLLP will serve as patent counsel to the Debtors during these chapter 11

cases.  CCLLP has performed similar work for the Debtors in the past and is therefore familiar

with the Debtors' businesses and operations.  In particular, CCLLP is especially attuned to the

unique patent and intellectual property issues that arise in the Debtors' industry.

<div align="center">7</div>

19.    CCLLP specializes in intellectual property law.  Most importantly for
present purposes, several members of CCLLP have extensive experience in patent and
intellectual property law and are familiar with the interplay between these areas and restructuring
and bankruptcy law.  CCLLP is thoroughly familiar with the Debtors' intellectual property
portfolio, the manner in which the Debtors desire that their patent applications be prepared and
prosecuted, and certain legal matters relating to the Debtors based on the services that CCLLP
has rendered to the Debtors.  Accordingly, the Debtors believe that CCLLP is well qualified to
serve as patent counsel in these chapter 11 cases in an efficient and effective manner.

20.    The Debtors believe that the employment of CCLLP will enhance and will
not duplicate the employment of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden"), the
Debtors' general bankruptcy counsel, Shearman & Sterling LLP ("Shearman"), the Debtors'
special counsel, Togut, Segal & Segal LLP ("Togut"), the Debtors' conflicts counsel or any of the
other professionals retained by the Debtors to perform specific tasks that are unrelated to the
work to be performed by CCLLP as patent counsel to the Debtors.  The Debtors understand that
CCLLP will work with the other professionals retained by the Debtors to avoid any such
duplication.

<u>Services To Be Rendered By CCLLP</u>

21.    As set forth in the Engagement Letter, the Debtors wish to engage CCLLP
to provide services to the Debtors in connection with patent matters.  The Debtors anticipate that
such services will include the following:

A.    Preparing patent applications in various fields relating to the
Debtors' business operations for filing in the United States Patent
and Trademark Office, including without limitation applications
directed to devices, components, processes and systems relating to
inflatable restraints, inflatable cushions, occupant restraints, safety
restraints, exhaust treatment, sensors, catalysts, solid oxide fuel
cells, fuel control systems and steering systems;

> B.     Responding to office actions and otherwise prosecuting patent applications before the United States Patent and Trademark Office in the foregoing fields and as otherwise requested by Debtors;
>
> C.     Rendering patentability, infringement, and clearance opinions in the foregoing fields and as otherwise requested by Debtors;
>
> D.     Drafting and negotiating intellectual property acquisitions, transfers or licenses relating to the Debtors' business operations in the foregoing fields and as otherwise requested by the Debtors;
>
> E.     Representing the Debtors in actual and contemplated intellectual property and related litigation; and
>
> F.     Performing such other patent and intellectual property related legal services as the Debtors may from time to time request.

22.    CCLLP has indicated its desire and willingness to represent the Debtors as set forth herein and to render the necessary professional services as patent counsel to the Debtors.

23.    The Debtors may request that CCLLP undertake specific matters beyond the scope of the responsibilities set forth above.  Should CCLLP agree in its discretion to undertake any such matter, the Debtors will seek further order of this Court.

<u>Disinterestedness Of Professionals</u>

24.    The Colburn Affidavit filed in support of this Application contains information available to date on CCLLP's connections with other parties-in-interest in these chapter 11 cases, as required by Bankruptcy Rule 2014(a).  To the best of the Debtors' knowledge, and based on the information in the attached Colburn Affidavit, neither CCLLP nor its partners or associates hold or represent any interest adverse to the Debtors, their creditors, any other party-in-interest in these chapter 11 cases, their respective attorneys and investment advisors, the U.S. Trustee, or any person employed by such parties, with respect to the matters on which CCLLP is to be employed.

9

25.    CCLLP has disclosed to the Debtors that CCLLP has in the past represented, currently represents, and will likely in the future represent certain of the Debtors' creditors and other parties-in-interest in matters unrelated to the Debtors or their chapter 11 cases.  These entities are identified in the Colburn Affidavit.  CCLLP does not believe that the foregoing raises any actual or potential conflict of interest of CCLLP relating to the representation of the Debtors as their patent counsel in these chapter 11 cases, but such relationships are disclosed out of an abundance of caution.  The Debtors understand that, in order to vitiate any actual or potential conflicts of interest, CCLLP will not assist the Debtors in connection with their analysis, negotiations, and litigation, if any, with parties with whom CCLLP has existing client relationships, and that Skadden (or other counsel if Skadden has a conflict), instead, will handle these tasks.

<u>Professional Compensation</u>

26.    CCLLP intends to apply to this Court for compensation and reimbursement of fees and expenses in accordance with section 330(a) of the Bankruptcy Code, the Bankruptcy Rules, applicable guidelines established by the U.S. Trustee, and orders of this Court.  CCLLP acknowledges that all compensation will be subject to this Court's review and approval after notice and a hearing.

27.    Under the applicable provisions of the Bankruptcy Code, and subject to the approval of this Court, the Debtors propose to pay CCLLP's professional service fees as set forth below:

A.    CCLLP will be compensated at its usual and customary hourly rates, which range from $150 to $385 per hour, for work performed on Debtors' behalf;

B.    Unless otherwise agreed to by the Debtors and CCLLP, the professional service fees charged by CCLLP for preparing a patent application for filing before

the United States Patent and Trademark Office will be capped at Five Thousand and 00/100

Dollars ($5,000.00);

        C.      Unless otherwise agreed to by the Debtors and CCLLP, the

professional service fees charged by CCLLP for preparing a response to an office action from the

United States Patent and Trademark Office will be capped at One Thousand Six Hundred Fifty

and 00/100 Dollars ($1,650.00);

        D.      When the Debtors and CCLLP agree that work to be performed is

beyond the scope of a typical patent application or response to an office action, CCLLP's

professional service fee will not be subject to the aforementioned caps; and

        E.      For matters other than the preparation of patent applications and

responses to office actions, CCLLP will earn its fees on an hourly basis.

        28.   In addition to paying CCLLP's professional service fees, the Debtors will

pay CCLLP for expenses incurred representing the Debtors.  These expenses are in addition to

CCLLP's  professional service fees, and are not subject to the professional service fee caps

described above.  By way of example, but not limitation, expenses include government fees,

filing fees, drawing fees, messengers, facsimiles, computerized research, word processing,

printing and photocopying, travel, transcripts, parking, filing fees, telephone toll charges,

secretarial overtime (when attributable to the Debtors' special needs), notary charges, experts and

other consultants retained on the Debtors' behalf, and other similar costs and expenses.  CCLLP

will comply with all applicable rules regarding reimbursement of these expenses.

        29.   No arrangement is proposed between the Debtors and CCLLP for

compensation to be paid in these chapter 11 cases other than as set forth above, in the

Engagement Letter, and in the Colburn Affidavit.

Conclusion

30.    For the foregoing reasons, the Debtors submit that the employment of

CCLLP as the Debtors' patent counsel on the terms set forth herein is in the best interests of the

estates.

Notice

31.    Notice of this Application has been provided in accordance with the Order

Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014

Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And

Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance

With Local Bankr. R. 1007-2(e), entered by this Court on October 14, 2005 (Docket No. 245).

In light of the nature of the relief requested, the Debtors submit that no other or further notice is

necessary.

Memorandum Of Law

32.    Because the legal points and authorities upon which this Application relies

are incorporated herein, the Debtors respectfully request that the requirement of the service and

filing of a separate memorandum of law under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, the Debtors respectfully request that this Court enter an order (a) authorizing the Debtors to employ and retain CCLLP as their patent counsel to perform the services set forth herein and (b) granting the Debtors such other and further relief as is just.

Dated:    New York, New York
          December 6, 2005

DELPHI CORPORATION, on behalf of itself and certain of its subsidiaries and affiliates, as Debtors and Debtors-in-possession

By:    /s/ David M. Sherbin_____
       Name: David M. Sherbin
       Title:   Vice President, General Counsel, and
                Chief Compliance Officer

13

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                           :
In re                           :     Chapter 11
                           :
DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                           :
               Debtors.   :     (Jointly Administered)
                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

### AFFIDAVIT OF PHILMORE H. COLBURN II, IN SUPPORT OF APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AUTHORIZING EMPLOYMENT AND RETENTION OF CANTOR COLBURN LLP AS PATENT COUNSEL TO DEBTORS

Philmore H. Colburn II being duly sworn, deposes and states as follows:

1.    I am the managing partner in the firm of Cantor Colburn LLP ("CCLLP"), proposed patent counsel for Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors").

2.    I submit this affidavit (the "Affidavit")[1] in support of the Application For Order Under 11 U.S.C. §§ 327(e) and 1107(b) Authorizing Employment And Retention Of Cantor Colburn LLP As Patent Counsel To Debtors (the "Application"), filed concurrently herewith.

---

[1]    Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Application.

3.    The name, address and telephone number of CCLLP are as follows:

CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, Connecticut  06002
(860) 286-2929

4.    CCLLP is well qualified to assist the Debtors in the manner described in the

Application.  CCLLP specializes in intellectual property law.  Most importantly for present

purposes, several members of CCLLP have extensive experience in patent and intellectual

property law, and are familiar with the interplay between these areas and restructuring and

bankruptcy law.  Accordingly, the Debtors believe that CCLLP is well qualified to serve as

patent counsel in these chapter 11 cases in an efficient and effective manner.

5.    CCLLP has previously advised the Debtors regarding patent and intellectual

property matters.  CCLLP is thoroughly familiar with the Debtors' intellectual property portfolio,

the manner in which the Debtors desire that their patent applications be prepared and prosecuted,

and certain legal matters relating to the Debtors based on the services that CCLLP has rendered

to the Debtors.

6.    Generally, in connection with the Debtors' cases, CCLLP intends to provide

to the Debtors the following types of professional services:

A.    Preparing patent applications in various fields relating to the
Debtors' business operations for filing in the United States Patent
and Trademark Office, including without limitation applications
directed to devices, components, processes and systems relating to
inflatable restraints, inflatable cushions, occupant restraints, safety
restraints, exhaust treatment, sensors, catalysts, solid oxide fuel
cells, fuel control systems and steering systems;

B.    Responding to office actions and otherwise prosecuting patent
applications before the United States Patent and Trademark Office
in the foregoing fields and as otherwise requested by Debtors;

2

C.    Rendering patentability, infringement, and clearance opinions in the foregoing fields and as otherwise requested by Debtors;

D.    Drafting and negotiating intellectual property acquisitions, transfers or licenses relating to the Debtors' business operations in the foregoing fields and as otherwise requested by the Debtors;

E.    Representing the Debtors in actual and contemplated intellectual property and related litigation; and

F.    Performing such other patent and intellectual property related legal services as the Debtors may from time to time request

7.    In light of certain existing client representations on unrelated matters, the engagement of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden, Arps") as bankruptcy counsel, the engagement of Shearman & Sterling LLP ("Shearman") as special counsel, the engagement special labor counsel, and the engagement of special employee benefits counsel (all, as addressed below), CCLLP will not be responsible for or undertake any representation with respect to (a) advising the Debtors concerning specific contracts and claims of certain of CCLLP's existing clients and (b) reviewing, interpreting or commenting on the specific contracts and claims of certain of CCLLP's existing clients.  These existing client relationships, and the scope of the carve-out from CCLLP's retention, are discussed more fully below.

8.    It is CCLLP's understanding that the Debtors may request that CCLLP undertake specific matters beyond the limited scope of the responsibilities set forth above. Should CCLLP agree in its discretion to undertake any such matter, it is CCLLP's understanding that the Debtors shall seek further order of this Court.

9.    CCLLP is making efforts, together with the Debtors' bankruptcy counsel, Skadden, Arps, special counsel, Shearman, special labor counsel, O'Melveny, and special employee benefits counsel, Groom, to ensure that there is no duplication of effort or work between Skadden, Arps, Shearman, O'Melveny, Groom, and CCLLP.  It is CCLLP's intention

3

that the estates should receive the best value possible from the efficient coordination of work among its counsel.  CCLLP believes that its lawyers, Skadden, Arps, Shearman, and other counsel have to date delineated clearly, and will continue to delineate clearly, the division of work between them, so as to avoid any duplication of effort and to maximize the efficiencies of the proposed arrangement.

10.    Prior to the Petition Date, CCLLP was compensated on an hourly basis for services rendered to the Debtors.  CCLLP had not been paid, and is not in possession of, any prepetition retainer.

11.    CCLLP has agreed to accept as compensation for the services rendered in connection with its representation of the Debtors as follows:

A.    CCLLP will be compensated at its usual and customary hourly rates, which range from $150 to $385 per hour, for work performed on Delphi's behalf;

B.    Unless otherwise agreed to by the Debtors and CCLLP, the professional service fees charged by CCLLP for preparing a patent application for filing with the United States Patent and Trademark Office will be capped at Five Thousand and 00/100 Dollars ($5,000.00);

C.    Unless otherwise agreed to by the Debtors and CCLLP, the professional service fees charged by CCLLP for preparing a response to an office action from the United States Patent and Trademark Office will be capped at One Thousand Six Hundred Fifty and 00/100 Dollars ($1,650.00);

D.    In cases where the Debtors and CCLLP agree that work to be performed is beyond the scope of a typical patent application or response to an office action, CCLLP's professional service fee will not be subject to the aforementioned caps; and

4

A.    For matters other than the preparation of patent applications and responses to office actions, CCLLP will earn its fees on an hourly basis.

12.    In addition to paying CCLLP's professional service fees, the Debtors will pay CCLLP for expenses incurred representing the Debtors.  These expenses are in addition to CCLLP's professional service fees, and are not subject to the professional service fee caps described above.  By way of example, but not limitation, expenses include government fees, filing fees, drawing fees, messengers, facsimiles, computerized research, word processing, printing and photocopying, travel, transcripts, parking, filing fees, telephone toll charges, secretarial overtime (where attributable to Delphi's special needs), notary charges, experts and other consultants retained on Delphi's behalf, and other similar costs and expenses.  CCLLP comply with all applicable rules regarding reimbursement of these expenses.

13.    CCLLP acknowledges that all amounts paid to CCLLP during these chapter 11 cases are subject to final allowance by this Court.  In the event that any fees or expenses paid to CCLLP during these cases are disallowed by this Court, the fees and expenses will be disgorged by CCLLP and returned to the Debtors or as otherwise ordered by this Court.

14.    CCLLP categorizes its billings by subject matter, in compliance with the applicable guidelines of the Office of the United States Trustee (the "U.S. Trustee Guidelines").  CCLLP acknowledges its compensation in the Debtors' cases is subject to approval of this Court in accordance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, and the U.S. Trustee Guidelines.

15.    CCLLP has conducted a check for conflicts of interest and other conflicts and connections with respect to the Debtors' reorganization cases.  CCLLP maintains a database containing the names of current, former, and potential clients and other principal parties related

to such clients.  I personally reviewed the Suggested List of Interested Parties (Consolidated) and

caused employees of CCLLP's billing department who are familiar with CCLLP's database of

current, former, and potential clients to review and analyze our database to determine whether

CCLLP has any connection with the principal parties-in-interest in these chapter 11 cases, using

information provided to CCLLP by the Debtors and Skadden, Arps and information contained in

the database, including (a) the names of the Debtors' prepetition lenders, (b) the names of

significant creditors of the Debtors, and (c) the names of firms that the Debtors intend to or may

employ during their chapter 11 cases.

       16.    Based upon this research, I have determined that CCLLP has in the past

represented, currently represents, and will likely represent in the future, certain of the Debtors'

creditors and other parties-in-interest in matters unrelated to the Debtors or these chapter 11

cases.  I do not believe that the foregoing raise any actual or potential conflicts of interest of

CCLLP relating to the representation of the Debtors in these chapter 11 cases, but such

relationships are disclosed out of an abundance of caution.  These entities are identified below:

> Aglient Tech. (M) Sdn Bhd
> Bell South
> Delco Remy America (DRA)
> Delphi Technologies, Inc.
> Epsilon
> Furukawa Electric Co. Ltd.
> IBM Corporation
> General Electric Capital Corporation
> General Electric Co Inc
> GE Medical Systems
> General Motors Corporation
> GMNAO
> Henkel KGAA
> Remy International Inc.
> Yuasa & Hara
> Stites & Harbison, PLLC
> Sumitomo Electric Industries Ltd.
> Sung Woo-GPS

17.    It is my intention that if CCLLP becomes aware of any other connections

with the Debtors of which it presently is unaware, CCLLP will bring them to the attention of this

Court and the U.S. Trustee.

18.    I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct to the best of my knowledge, information, and

belief.

/s/ Philmore H. Colburn II
Philmore H. Colburn II, Esq.

Sworn to before me

this 6th day of December, 2005

 /s/ Elaine A. Euliano
Notary Public
My commission expires October 31, 2010

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                         :
In re                       :     Chapter 11
                         :
DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                         :
            Debtors.  :     (Jointly Administered)
                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR. P. 2014
AUTHORIZING EMPLOYMENT AND RETENTION OF CANTOR COLBURN LLP
AS PATENT COUNSEL TO DEBTORS

("CANTOR COLBURN LLP RETENTION ORDER")

Upon the application, dated December 6, 2005 (the "Application"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C.

§§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 authorizing the employment and retention of

Cantor Colburn LLP ("CCLLP") as patent counsel to the Debtors; and upon the Affidavit of

Philmore H. Colburn, Esq., sworn to December 6, 2005, in support of the Application (the

"Colburn Affidavit"); and this Court being satisfied with the representations made in the

Application and the Colburn Affidavit that CCLLP does not represent or hold any interest

adverse to any of the Debtors' estates or the Debtors with respect to the matters on which CCLLP

is to be employed, and that CCLLP''s employment is necessary and would be in the best interests

of each of the Debtors' estates; and it appearing that proper and adequate notice has been given

and that no other or further notice is necessary; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Application is GRANTED.

2.    The Debtors' employment of CCLLP as their patent counsel, pursuant to the

Application, is approved under sections 327(e) and 1107(b) of the Bankruptcy Code, and Rule

2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), with approval of

such employment being effective as of the date of the Application.

3.    CCLLP shall be compensated in accordance with the standards and

procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable

Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the

Southern District of New York (the "Local Rules"), guidelines established by the Office of the

United States Trustee, and further orders of this Court.

4.    Any party-in-interest shall have the right to raise the issue of the application

of CCLLP's postpetition fees and expenses incurred at any time.

5.    This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

6.    The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Application.

Dated:    New York, New York
          December___, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

# **<u>EXHIBIT I</u>**

**Objections Due: December 16, 2005 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
            In re                                         :      Chapter 11
                                                          :
    DELPHI CORPORATION, et al.,                           :      Case No. 05- 44481 (RDD)
                                                          :
                            Debtors.      :      (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF PRESENTMENT OF ORDER UNDER 11 U.S.C. §§ 327(e)
AND 1107(b) AND FED. R. BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND
RETENTION OF CANTOR COLBURN LLP AS PATENT COUNSEL TO DEBTORS

PLEASE TAKE NOTICE that on December 6, 2005, Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in

the above-captioned cases filed the Application For An Order Under 11 U.S.C. §§ 327(e)

And 1107(b) And Fed. R. Bankr. P. 2014 Authorizing Debtors Employment And Retention

Of Cantor Colburn LLP ("CCLLP") As Patent Counsel to Debtors (the "Application").

PLEASE TAKE FURTHER NOTICE that if timely written objections are

filed, served, and received in accordance with this notice, a hearing to consider approval of

the Application will be held on January 5, 2006, at 10:00 a.m. (Prevailing Eastern Time)

(the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for

the Southern District of New York, One Bowling Green, Room 610, New York, New York,

10004.

PLEASE TAKE FURTHER NOTICE that if no written objections to

the Application are timely filed, served, and received, the order filed with the Application

and attached to this notice as Exhibit A will be submitted for signature to the Honorable

Robert D. Drain, United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, Room 610, New York, New York 10004 on December 16, 2005.

PLEASE TAKE FURTHER NOTICE that objections, if any, to

approval of the Application (a) must be in writing, (b) must conform to the Federal Rules of

Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York,

and the Order Under 11 U.S.C. §§ 102 (1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

2

9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case

Management, And Administrative Procedures, And (III) Scheduling An Initial Case

Conference In Accordance With Local Bankr. R. 1007-2(e) (the "Case Management

Order") (Docket No. 245), (c) must be filed with the Bankruptcy Court in accordance with

General Order M-242 (as amended) - registered users of the Bankruptcy Court's case filing

system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk

(preferably in Portable Document Format (PDF), WordPerfect, or any other Win-

dows-based word processing format), (d) must be submitted in hard-copy form directly to

the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e)

and must be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098

(Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher &

Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm.

Butler, Jr.), (iii) counsel for the agent under the Debtors' prepetition credit facility, Simpson

Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n:

Kenneth S. Ziman), (iv) counsel for the agent under the postpetition credit facility, Davis

Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n:  Marlane

Melican), (v) counsel for the Official Committee of Unsecured Creditors, Latham &

Watkins, 885 Third Avenue, New York, New York 10022 (Att'n: Mark A. Broude), (vi)

Cantor Colburn LLP, 55 Griffin Road South, Bloomfield, Connecticut  06002 (Att'n:

Philmore H. Colburn II), and (vii) the Office of the United States Trustee for the Southern

District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:

Alicia M. Leonhard), in each case so as to be **received** no later than **4:00 p.m. (Prevailing Eastern Time) on December 16, 2005** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections made in writing, in accordance with the Case Management Order, and timely filed and received by the Objection Deadline will be considered by the Bankruptcy Court at the Hearing, and that if no objections to the Application are timely filed and served the Bankruptcy Court may enter an order granting the Application **without further notice**.

Dated:        New York, New York
              December 6, 2005

                          SKADDEN, ARPS, SLATE, MEAGHER
                          & FLOM LLP

                    By: /s/ John Wm. Butler, Jr.
                        John Wm. Butler, Jr. (JB 4711)
                        John K. Lyons (JL 4951)
                        Ron E. Meisler (RM 3026)
                        333 West Wacker Drive, Suite 2100
                        Chicago, Illinois  60606
                        (312) 407-0700

                              - and -

                    By: /s/ Kayalyn A. Marafioti
                        Kayalyn A. Marafioti (KM 9632)
                        Thomas J. Matz (TM 5986)
                        Four Times Square
                        New York, New York  10036
                        (212) 735-3000

                        Attorneys for Delphi Corporation, et al.,
                            Debtors and Debtors-in-Possession

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
          In re                           :      Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :      Case No. 05-44481 (RDD)
                                          :
                           Debtors.       :      (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR. P. 2014
AUTHORIZING EMPLOYMENT AND RETENTION OF CANTOR COLBURN LLP
AS PATENT COUNSEL TO DEBTORS

("CANTOR COLBURN LLP RETENTION ORDER")

Upon the application, dated December 6, 2005 (the "Application"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C.

§§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 authorizing the employment and retention of

Cantor Colburn LLP ("CCLLP") as patent counsel to the Debtors; and upon the Affidavit of

Philmore H. Colburn, Esq., sworn to December 6, 2005, in support of the Application (the

"Colburn Affidavit"); and this Court being satisfied with the representations made in the

Application and the Colburn Affidavit that CCLLP does not represent or hold any interest

adverse to any of the Debtors' estates or the Debtors with respect to the matters on which CCLLP

is to be employed, and that CCLLP's employment is necessary and would be in the best interests

of each of the Debtors' estates; and it appearing that proper and adequate notice has been given

and that no other or further notice is necessary; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.   The Application is GRANTED.

2.   The Debtors' employment of CCLLP as their patent counsel, pursuant to the

Application, is approved under sections 327(e) and 1107(b) of the Bankruptcy Code, and Rule

2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), with approval of

such employment being effective as of the date of the Application.

3.   CCLLP shall be compensated in accordance with the standards and

procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable

Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the

Southern District of New York (the "Local Rules"), guidelines established by the Office of the

United States Trustee, and further orders of this Court.

4.   Any party-in-interest shall have the right to raise the issue of the application

of CCLLP's postpetition fees and expenses incurred at any time.

5.   This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

6.   The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Application.

Dated:    New York, New York
          December___, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

2

# **<u>EXHIBIT J</u>**

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                         :
     In re                      :    Chapter 11
                                                         :
DELPHI CORPORATION, et al.,                              :    Case No. 05-44481 (RDD)
                                                         :
         Debtors.    :    (Jointly Administered)
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b)
AND FED. R. BANKR. P. 2014 AUTHORIZING EMPLOYMENT
AND RETENTION OF HOWARD & HOWARD ATTORNEYS, P.C.
AS INTELLECTUAL  PROPERTY COUNSEL TO DEBTORS

("HOWARD & HOWARD RETENTION APPLICATION")

     Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the

"Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), hereby submit this application (the "Application") for an order

under 11 U.S.C. §§ 327(e) and 1107(b) And Fed. R. Bankr. P. 2014 authorizing the employment

and retention of Howard & Howard Attorneys, P.C. ("H&H") as intellectual property counsel to

the Debtors nunc pro tunc to October 8, 2005.  In support of this Application, the Debtors submit

the Affidavit of William H. Honaker, sworn to November 17, 2005 (the "Honaker Affidavit").

In further support of this Application, the Debtors respectfully represent as follows:

1

<u>Background</u>

A.    <u>The Chapter 11 Filings</u>

1.    On October 8, 2005, Delphi and certain of its U.S. subsidiaries (the "Initial Filers") filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1130, as amended (the "Bankruptcy Code").  On October 14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary petitions in this Court for reorganization relief under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(b) and 1108 of the Bankruptcy Code.  This Court entered orders directing the joint administration of the Debtor's chapter 11 cases (Dockets Nos. 28 and 404).

2.    On October 17, 2005, the Office of the Unites States Trustee appointed an official committee of unsecured creditors.  No trustee or examiner has been appointed in the Debtors' cases.

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

4.    The statutory predicates for the relief requested herein are sections 327(e), and 1107(b) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.    <u>Current Business Operations Of The Debtors</u>

5.    With more than 180,000 employees worldwide, global 2004 revenues of approximately $28.6 billion and global assets as of August 31, 2005 of approximately $17.1

2

billion,[1] Delphi ranks as the fifth largest public company business reorganization in terms of

revenues, and the thirteenth largest public company business reorganization in terms of assets.

Delphi's non-U.S. subsidiaries are not chapter 11 debtors, will continue their business operations

without supervision from the Bankruptcy Court, and will not be subject to the chapter 11

requirements of the U.S. Bankruptcy Code.

      6.   Over the past century, the operations which are now owned by Delphi have

developed leading global technology innovations with significant engineering resources and

technical competencies in a variety of disciplines.  Today, the Company is arguably the single

largest global supplier of vehicle electronics, transportation components, integrated systems and

modules, and other electronic technology.  The Company's technologies and products are present

in more than 75 million vehicles on the road worldwide.  The Company supplies products to

nearly every major global automotive original equipment manufacturer with 2004 sales to its

former parent, General Motors Corporation, equaling approximately $15.4 billion and sales to

each of Ford Motor Company, DaimlerChrysler Corporation, Renault/Nissan Motor Company,

Ltd., and Volkswagen Group exceeding $850 million.

      7.   As part of its growth strategy, Delphi has established an expansive global

presence with a network of manufacturing sites, technical centers, sales offices, and joint

ventures located in every major region of the world.  In the U.S., the Debtors employ

approximately 50,600 people.  Those employees work in approximately 44 manufacturing sites

and 13 technical centers across the country and in Delphi's worldwide headquarters and customer

center located in Troy, Michigan.  Approximately 34,750 of these individuals are hourly

employees, 96% of whom are represented by approximately 49 different international and local

---

[1]    The aggregated financial data used in this Application generally consists of consolidated information from Delphi and its worldwide subsidiaries and affiliates.

unions.  Outside the United States, the Company's foreign entities employ more than 134,000

people, supporting 120 manufacturing sites and 20 technical centers across nearly 40 countries

worldwide.

8.    Delphi was incorporated in Delaware in 1998 as a wholly-owned subsidiary

of GM.  Prior to January 1, 1999, GM conducted the Company's business through various

divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these divisions

and subsidiaries were transferred to Delphi and its subsidiaries and affiliates in accordance with

the terms of a Master Separation Agreement between Delphi and GM.  In connection with these

transactions, Delphi accelerated its evolution from a North American-based, captive automotive

supplier to a global supplier of components, integrated systems, and modules for a wide range of

customers and applications.  Although GM is still the Company's single largest customer, today

more than half of Delphi's revenue is generated from non-GM sources.

9.    Due to the significant planning that goes into each vehicle model, Delphi's

efforts to generate new business do not immediately affect its financial results, because supplier

selection in the auto industry is generally finalized several years prior to the start of production

of the vehicle.  When awarding new business, which is the foundation for the Company's

forward revenue base, customers are increasingly concerned with the financial stability of their

supply base.  The Debtors believe that they will maximize stakeholder value and the Company's

future prospects if they stabilize their businesses and continue to diversify their customer base.

The Debtors also believe that this must be accomplished in advance of the expiration of certain

benefit guarantees between GM and certain of Delphi's unions representing most of its U.S.

hourly employees which coincides with the expiration of the Company's U.S. collective

bargaining agreements in the fall of 2007.

C.      Events Leading To The Chapter 11 Filing

10.    In the first two years following Delphi's separation from GM, the Company

generated approximately $2 billion in net income.  Every year thereafter, however, with the

exception of 2002, the Company has suffered losses.  In calendar year 2004, the Company

reported a net operating loss of $482 million on $28.6 billion in net sales.  Reflective of a

downturn in the marketplace, Delphi's financial condition has deteriorated further in the first six

months of 2005.  The Company experienced net operating losses of $608 million for the first six

months of calendar year 2005 on six-month net sales of $13.9 billion, which is approximately $1

billion less in sales than during the same time period in calendar year 2004.[2]

11.    The Debtors believe that three significant issues have largely contributed to

the deterioration of the Company's financial performance: (a) increasingly unsustainable U.S.

legacy liabilities and operational restrictions driven by collectively bargained agreements,

including restrictions preventing the Debtors from exiting non-strategic, non-profitable

operations, all of which have the effect of creating largely fixed labor costs, (b) a competitive

U.S. vehicle production environment for domestic OEMs resulting in the reduced number of

motor vehicles that GM produces annually in the United States and related pricing pressures, and

(c) increasing commodity prices.

12.    In light of these factors, the Company determined that it would be

imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product

portfolio, operational issues, and forward looking revenue requirements.  Having concluded that

pre-filing discussions with its Unions and GM were not leading to the implementation of a plan

sufficient to address the Debtors' issues on a timely basis, the Company determined to commence

---

[2]        Reported net losses in calendar year 2004 were $4.8 billion, reflecting a $4.1 billion tax charge, primarily
related to the recording of a valuation allowance on the U.S. deferred tax assets as of December 31, 2004.

these chapter 11 cases for its U.S. businesses to complete the Debtors' transformation plan and preserve value.

13.    Through the reorganization process, the Debtors intend to achieve competitiveness for Delphi's core U.S. operations by modifying or eliminating non-competitive legacy liabilities and burdensome restrictions under current labor agreements and realigning Delphi's global product portfolio and manufacturing footprint to preserve the Company's core businesses.  This will require negotiation with key stakeholders over their respective contributions to the restructuring plan or, absent consensual participation, the utilization of the chapter 11 process to achieve the necessary cost savings and operational effectiveness envisioned in the Company's transformation plan.  The Debtors believe that a substantial segment of Delphi's U.S. business operations must be divested, consolidated, or wound-down through the chapter 11 process.

14.    Upon the conclusion of this process, the Debtors expect to emerge from chapter 11 as a stronger, more financially sound business with viable U.S. operations that are well-positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal all of its resources to continue to deliver value and high-quality products to its customers globally. Additionally, the Company will preserve and continue the strategic growth of its non-U.S. operations and maintain its prominence as the world's premier auto supplier.

<u>Relief Requested</u>

15.    By this Application, the Debtors request entry of an order authorizing the Debtors to employ and retain H&H as an intellectual property counsel to the Debtors in these chapter 11 cases.

6

<u>Basis For Relief</u>

16.    The Debtors submit that H&H's proposed retention meets all the

prerequisites for retention of special counsel under section 327(e) of the Bankruptcy Code, which

permits a debtor-in-possession, with court approval, to employ counsel that has represented the

Debtors prior to the commencement of their chapter 11 cases, for a "specified special purpose" if

such employment is in the best interest of the Debtors.  H&H is a proposed intellectual property

counsel to the Debtors, but not the proposed bankruptcy counsel in these chapter 11 cases.

Section 327(e) of the Bankruptcy Code does not require that H&H and its attorneys be

"disinterested persons" as defined in section 101(14) of the Bankruptcy Code.  Rather, section

327(e) instead requires that H&H not represent or hold any interest adverse to the estates or the

Debtors with respect to the matter on which H&H is to be employed.  As discussed below, the

employment of H&H as special intellectual property counsel is in the best interests of the

Debtors.

<div align="center">The Debtors' Employment Of H&H<br><u>Is In The Best Interests Of The Estates</u></div>

17.    H&H will serve as an intellectual property counsel to the Debtors during

these chapter 11 cases.  H&H has performed similar work for the Debtors in the past and is

therefore familiar with the Debtors' businesses and operations.  In particular, H&H is especially

attuned to the unique intellectual property issues that arise in the Debtors' industry and have

faced the Debtors.

18.    H&H has an extensive intellectual property practice serving many clients in

the automotive industry. Accordingly, the Debtors believe that H&H is well qualified to serve as

an intellectual property counsel in these chapter 11 cases in an efficient and effective manner.

7

19.    The Debtors believe that the employment of H&H will enhance and will not duplicate the employment of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden"), the Debtors' general bankruptcy counsel, Shearman & Sterling LLP ("Shearman"), the Debtors' special counsel, Togut, Segal & Segal LLP ("Togut"), the Debtors' conflicts counsel, or the employment of any other professionals retained by the Debtors to perform specific tasks that are unrelated to the work to be performed by H&H as intellectual property counsel to the Debtors. The Debtors understand that H&H will work with the other professionals retained by the Debtors to avoid any such duplication.

<u>Services To Be Rendered By H&H</u>

20.    The Debtors wish to engage H&H to provide services to the Debtors in connection with intellectual property matters.  The Debtors anticipate that such services will include the following:

(a)    Patent Preparation: review of invention disclosures, preparation of patentability opinions, and preparation and filing of patent applications with U. S. Patent and Trademark Office.

(b)    Patent Preparation: Review of correspondence from U.S. Patent and Trademark Office and preparation of amendments to patent applications to secure the patent.

(c)    Non-Infringement & Clearance Opinions: Review of potential products and inventions, conduct searches for relevant patents and publications, review and analyze uncovered patents and publications, and preparation of opinions.

(d)    Miscellaneous intellectual property advice and counsel related to copyrights, trademarks and know-how and contractual matters involving intellectual property.

21.    H&H has indicated its desire and willingness to represent the Debtors as set forth herein and to render the necessary professional services as intellectual property counsel to the Debtors. H&H has rendered such professional services to the Debtors prior to and continuously after the commencement of these bankruptcy cases.

8

22.    The Debtors may request that H&H undertake specific matters beyond the scope of the responsibilities set forth above.  Should H&H agree in its discretion to undertake any such matter, the Debtors shall seek further order of this Court.

<div align="center">Disinterestedness Of Professionals</div>

23.    The Honaker Affidavit filed in support of this Application contains information available to date on H&H's connections with other parties-in-interest, as required by Bankruptcy Rule 2014(a).  To the best of the Debtors' knowledge, and based on the information in the attached Honaker Affidavit, H&H, its shareholders and associates do not hold or represent any interest adverse to the Debtors, their creditors, any other party-in-interest in these chapter 11 cases, their respective attorneys and investment advisors, the U.S. Trustee, or any person employed therein, with respect to the matters on which H&H is to be employed.

24.    H&H has disclosed to the Debtors that H&H has in the past represented, currently represents, and will likely in the future represent certain of the Debtors' creditors and other parties-in-interest in matters unrelated to the Debtors' chapter 11 cases.  H&H does not believe that the foregoing raises any actual or potential conflict of interest of H&H relating to the representation of the Debtors as intellectual property counsel in these chapter 11 cases, but such relationships are disclosed out of an abundance of caution.  The Debtors understand that, in order to vitiate any actual or potential conflicts of interest, H&H will not assist the Debtors in connection with their analysis, negotiations, and litigation, if any, with parties with whom H&H has existing client relationships, and that Skadden (or other counsel if Skadden has a conflict), instead, will handle these tasks.

<div align="center">Professional Compensation</div>

25.    H&H intends to apply to this Court for compensation and reimbursement of expenses in accordance with section 330(a) of the Bankruptcy Code, the Bankruptcy Rules,

<div align="center">9</div>

applicable guidelines established by the U.S. Trustee, and orders of this Court.  H&H

acknowledges that all compensation will be subject to this Court's review and approval after

notice and a hearing.

26.    In the 90 day period prior to the Petition Date, the Debtors paid to H&H

approximately $395,687.98 in fees and expenses for intellectual property advice and legal

services rendered to the Debtors.

27.    Under the applicable provisions of the Bankruptcy Code, and subject to the

approval of this Court, the Debtors propose to pay H&H as set forth in the Honaker Affidavit.

28.    No arrangement is proposed between the Debtors and H&H for

compensation to be paid in these chapter 11 cases other than as set forth above and in the

Honaker Affidavit.

29.    At the Debtors' request, H&H has continued to assist the Debtors' in

connection with their intellectual property issues since October 8, 2005 and hence the Debtors

request that H&H's retention be effective nunc pro tunc to October 8, 2005.

<u>Conclusion</u>

30.    For the foregoing reasons, the Debtors submit that the employment of H&H

as the Debtors' special intellectual property counsel on the terms set forth herein is in the best

interests of the estates.

<u>Notice</u>

31.    Notice of this Application has been provided in accordance with the Order

Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014

Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And

Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance

With Local Bankr. R. 1007-2(e) entered by this Court on October 14, 2005 (Docket No. 245).  In

10

light of the nature of the relief requested, the Debtors submit that no other or further notice is

necessary.

<div align="center">Memorandum Of Law</div>

32.    Because the legal points and authorities upon which this Application relies

are incorporated herein, the Debtors respectfully request that the requirement of the service and

filing of a separate memorandum of law under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, the Debtors respectfully request that this Court enter an order (a)

authorizing the Debtors to employ and retain H&H as intellectual property counsel to perform

the services set forth herein and (b) granting the Debtors such other and further relief as is just.

Dated:    New York, New York
          December 6, 2005

                              DELPHI CORPORATION, on behalf of itself and
                              certain of its subsidiaries and affiliates, as Debtors and
                              Debtors-in-possession

                              By:    /s/ David M. Sherbin_____
                                     Name: David M. Sherbin
                                     Title:   Vice President, General Counsel, and
                                              Chief Compliance Officer

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                     :
In re                  :    Chapter 11
                     :
DELPHI CORPORATION, et al.,  :    Case No. 05-44481 (RDD)
                     :
           Debtors.  :    (Jointly Administered)
                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF WILLIAM H. HONAKER IN SUPPORT OF
APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(e) AND
1107(b) AND FED. R. BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND
RETENTION OF HOWARD & HOWARD ATTORNEYS, P.C. AS INTELLECTUAL
PROPERTY COUNSEL TO DEBTORS

STATE OF MICHIGAN

COUNTY OF OAKLAND

WILLIAM H. HONAKER, being duly sworn, deposes and states as follows:

1.    I am an attorney admitted to practice before the courts of the State of Michigan and the United States Patent and Trademark Office.  I am a shareholder in the firm of Howard & Howard Attorneys, P.C. ("H&H"), proposed intellectual property counsel for Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors").

2.    I submit this affidavit (the "Affidavit")[1] in support of the Application For Order Under 11 U.S.C. §§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 Authorizing Employment And Retention Of Howard & Howard Attorneys, P.C. As Intellectual Property Counsel To Debtors (the "Application") nunc pro tunc to October 8, 2005, filed concurrently herewith.

---

[1]    Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Application.

3.    The address and the telephone and fax numbers of H&H are as follows:

> 39400 Woodward Ave., Suite 101
> Bloomfield Hills, Michigan 48304
> Telephone: (248) 645-1483
> Facsimile: (248) 645-1568

4.    H&H is well qualified to assist the Debtors in the manner described in the Application. H&H has an extensive intellectual property practice serving many clients in the automotive industry. Thus, H&H is especially attuned to the unique intellectual property issues that arise in the Debtors' industry. Accordingly, the Debtors believe that H&H is well qualified to serve as intellectual property counsel in these chapter 11 cases in an efficient and effective manner.

5.    H&H has continuously performed identical work for the Debtors for several years prior to the filing of these chapter 11 cases and is therefore familiar with the Debtors' businesses and operations as it relates to intellectual property matters.  H&H is generally familiar with the Debtors' corporate structure, the general nature of the Debtors' financial status, and certain legal matters relating to the Debtors based on the intellectual property services that H&H has rendered to the Debtors.

6.    Generally, in connection with the Debtors' cases, H&H has been providing to the Debtors since the filing of these chapter 11 cases and will continue to provide to the Debtors during these chapter 11 cases the following types of professional services:

(a)    Patent Preparation: review of invention disclosures, preparation of patentability opinions, preparation and filing of patent applications with the U. S. Patent and Trademark Office.

(b)    Patent Preparation: Review of correspondence from U.S. Patent and Trademark Office and preparation of amendments to patent applications to secure the patent.

(c)    Non-Infringement & Clearance Opinions: Review of potential products and inventions, conduct searches for relevant patents and publications,

2

review and analyze uncovered patents, and publications and preparation of opinions.

(d)    Miscellaneous intellectual property advice and counsel related to copyrights, trademarks and know-how and contractual matters involving intellectual property.

7.    H&H will not be responsible for or undertake any representation with respect to advising any of the Debtors with respect to any matter relating to any of H&H's existing or future clients.  These existing client relationships, and the scope of the carve-out from H&H's retention, are discussed more fully below.

8.    It is H&H's understanding that the Debtors may request that H&H undertake specific matters beyond the limited scope of the responsibilities set forth above.  Should H&H agree in its discretion to undertake any such matter, it is H&H's understanding that the Debtors shall seek further order of this Court.

9.    H&H is making efforts together with the Debtors' other counsel to ensure that there is no duplication of effort or work between such firms and H&H.  It is H&H's intention that the estates should receive the best value possible from the efficient coordination of work among its counsel.  H&H believes that its lawyers and the rest of the lawyers retained in these cases have to date delineated clearly, and will continue to delineate clearly, the division of work between them, so as to avoid any duplication of effort and to maximize the efficiencies of the proposed arrangement.

10.    In the 90 day period prior to the Petition Date, the Debtors paid to H&H approximately $395,687.98 in fees and expenses for intellectual property advice and legal services rendered to the Debtors. There are no arrangements between H&H and any other entity to share compensation received or to be received in connection with these chapter 11 cases.

3

11.    H&H has agreed to accept compensation for the services rendered in connection with its representation of the Debtors at H&H's standard hourly rates and reimbursement for expenses according to H&H's reimbursement policies subject to approval of the Bankruptcy Court. A list of standard hourly rates for those attorneys and non-attorney personnel who are expected to be rendering services to the Debtor's during these chapter 11 cases and H&H's reimbursement policies are attached hereto as Exhibit A.  The hourly rates are subject to annual adjustment in accordance with H&H's standard policies.  The last annual hourly rate adjustment for all H&H attorneys and non-attorney personnel was as of November 1, 2005.

12.    H&H acknowledges that all amounts paid to H&H during these chapter 11 cases are subject to final allowance by this Court.  In the event that any fees or expenses paid to H&H during these cases are disallowed by this Court, the fees and expenses will be disgorged by H&H and returned to the Debtors or as otherwise ordered by this Court.

13.    H&H categorizes its billings by subject matter, in compliance with the applicable guidelines of the Office of the United States Trustee (the "U.S. Trustee Guidelines"). H&H acknowledges its compensation in the Debtors' cases is subject to approval of this Court in accordance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, and the U.S. Trustee Guidelines.

14.    H&H has conducted a check for conflicts of interest and other conflicts and connections with respect to the Debtors' bankruptcy cases.  H&H maintains a database (the "H&H Database") containing the names of current, former, and potential clients and other principal parties related to such clients.  I caused H&H to review and analyze the conflict database to determine whether H&H has any connection with the principal parties-in-interest in

4

these chapter 11 cases, using information provided to H&H by the Debtors and Skadden and information contained in the database, including (a) the names of the Debtors' prepetition lenders, (b) the names of significant creditors of the Debtors, (c) the names of firms that the Debtors intend to or may employ during their chapter 11 cases, and (d) the names of other interested parties (collectively and in all combinations, "Interested Parties").

15.   Based upon this research, I have determined that H&H has in the past represented, currently represents, and will likely in the future represent certain of the Debtors' creditors and other parties-in-interest in matters unrelated to the Debtors or these chapter 11 cases. Attached hereto as Exhibit B is a list of those Interested Parties that are contained in the H&H Database. I do not believe that the relationship of H&H to any of the Interested Parties listed on Exhibit B raises any actual or potential conflicts of interest of H&H relating to the representation of the Debtors as special intellectual property counsel in these chapter 11 cases, but such relationships are disclosed out of an abundance of caution.

16.   It is my intention that if H&H becomes aware of any other connections of which it presently is unaware, H&H will bring them to the attention of this Court and the U.S. Trustee.

By:  /s/ William H. Honaker_____
     William H. Honaker

Sworn to before me
this 17th day of November, 2005

/s/ Sandra L. Barry_____
Notary Public

5

## EXHIBIT "A"

### Howard and Howard Attorneys Currently Working
### On Delphi Intellectual Property Matters

| ATTORNEYS | | Pre - 11/01/05<br>Hourly Rate | Post - 10/31/05<br>Hourly Rate |
|---|---|---|---|
| 0023 | William H. Honaker | $355.00 | $375.00 |
| 0029 | Harold W. Milton | $375.00 | $400.00 |
| 0041 | Randall L. Shoemaker | $250.00 | $275.00 |
| 0049 | Samuel J. Haidle | $200.00 | $235.00 |
| 0054 | Kristopher K. Hulliberger | $140.00 | $155.00 |
| 0069 | David M. LaPrairie | $200.00 | $235.00 |
| 0070 | Trent K. English | $135.00 | $155.00 |
| 0075 | James R. Yee | $260.00 | $320.00 |
| 0124 | Robert L. Stearns | $325.00 | $345.00 |
| 0141 | Raymond C. Meiers | $175.00 | $205.00 |
| 0165 | Jon E. Shackelford | $275.00 | $295.00 |
| 0172 | Suzanne K. Klein | $135.00 | $160.00 |

**INTERNS AND PARALEGALS**

| | | | |
|---|---|---|---|
| 0093 | Michael G. Shariff | $135.00 | $165.00 |
| 0116 | Matthew Binkowski | $95.00 | $105.00 |
| 0120 | Lisa M. Muhleck | $85.00 | $95.00 |
| 0139 | Brian C. Andress | $95.00 | $105.00 |
| 0174 | Christopher M. Francis | $75.00 | $85.00 |
| 0177 | Julie Kapp | $75.00 | $85.00 |
| 0178 | Stephen J. Kontos | $75.00 | $85.00 |
| 0181 | Michael D. Jones | $100.00 | $110.00 |
| 9903 | Dawn Large ("IP Paralegal") | $95.00 | $95.00 |
| 9903 | Natalya DeVries ("IP Paralegal") | $95.00 | $95.00 |

## EXHBIIT A (Cont'd)

HOWARD & HOWARD
EXPENSE REIMBURSEMENT ON
DELPHI INTELLECTUAL PROPERTY MATTERS

| Description | | Charge* |
|---|---|---|
| 1. | Photocopy Charges (per page) | $  0.10 each |
| 2. | Facsimile Charges (per page) | $  0.50 each |
| 3. | Postage Charges | $  0.00 N/C |
| 4. | Copies – Copy Corps. | |
| 5. | Long Distance Telephone Charges | |
| 6. | USPTO Government Filing Fees | |
| 7. | Delivery Fees (Courier) | |
| 8. | Great Lakes Patent & Trademark Depository Searches | |
| 9. | USPTO International Search Charges | |
| 10. | Washington Associate's fee for conducting Search | |
| 11. | Patent Draftsman Charges (informal and formal) | |
| 12. | Cell Phone Charges (William Honaker) | |
| 13. | Dialog Computer Search & ordering US Patents | |
| 14. | Derwent Patent Search for Delphi Infringement | |
| 15. | United Parcel Service Charges | |
| 16. | Express Mail Charges | |
| 17. | Federal Express Charges | |
| 18. | International Federal Express Charges | |
| 19. | Lexis Research | |
| 20. | On-Line Research - Westlaw | |
| 21. | Mileage Expense | |
| 22. | Travel Expense – Parking and Admission | |
| 23. | Travel Expense – Hotel | |
| 24. | Travel Expense – Meal | |
| 25. | Travel Expense – Airfare | |
| 26. | Travel Expense – Car Rental | |
| 27. | Meal Expense | |
| 28. | Disbursement in obtaining Patent Copies – OptiPat | |
| 29. | Disbursements in obtaining file history | |
| 30. | Filing fees – Information Disclosure Statement | |
| 31. | Disbursements to Foreign Associates | |

* Howard & Howard out-of-pocket cost unless otherwise indicated

## EXHIBIT B

## HOWARD & HOWARD ATTORNEYS, P.C.
## DELPHI INTERESTED PARTIES – H&H MATCHES

**(A)  AFFILIATES AND NON-DEBTOR
      SUBSIDIARIES**

CEI Co., Ltd.
Daewoo Motor Co., Ltd.
Delphi Interior Systems de Mexico, S.A. de C.V.
Delphi Lockheed Automotive Pension Trustees
    Limited
Delphi Technologies, Inc.

**(B)  FORMER OFFICERS AND DIRECTORS
      (FOR THE PAST THREE YEARS)**

Brown, Richard
Burgner, David Allen
Niekamp, Cynthia A.

**(C)  ALL LENDERS (INCLUDING CURRENT
      AND FORMER AGENTS UNDER CREDIT
      FACILITIES AND THEIR COUNSEL AND
      FINANCIAL ADVISORS)**

Ableco Finance LLC
Bank of America, N.A.
Bank of New York
Citibank N.A.
Comerica Bank Michigan
Employers Insurance of Wausau
Fifth Third Bank, Eastern Michigan
General Electric Capital Corporation
Goldman Sachs Credit Partners L.P.
HSBC Bank USA, National Association
KeyBank National Association
Liberty Mutual Ins Company
Morgan Stanley Senior Funding, Inc.
National City Bank
Park Avenue Loan Trust
Principal Life Insurance Company
Redwood Master Fund, Ltd.
Riviera Funding LLC
Robson Trust
Rockwall CDO Ltd.
Saturn Trust
SEI Institutional Managed TST
Seneca Capital, L.P.
Sierra CLO I Ltd.
Sumitomo Mitsui Banking Corporation
SunTrust Bank Atlanta
UBS Loan Finance LLC
Wachovia Bank National Association

Wells Capital Management-12831400
Wells Capital Management-13702900
Wells Capital Management-13823100
Wells Capital Management-13923602
Wells Capital Management-14945000
Wells Capital Management-16017000
Wells Capital Management-16463700
Wells Capital Management-16896700
Wells Capital Management-16959700
Wells Capital Management-17299500

**(D)  INSURERS**

ACE USA
AIU Inc.
Allianz
American Home Assurance Co. (AIMA)
American International Insurance
American International Specialty Lines Insurance
    Company
ANR Pipeline Company
Aon
Arch
AXIS
Bermuda Markets
Cananwill, Inc.
Chubb Custom Insurance
Chubb Specialty Insurance
CNA Financial Insurance
CNA Insurance Companies
Federal Ins. Co. (Chubb)
General Star Indemnity Company
Great American
Hannover Re
Hartford
HDI
IRI
Lexington
Lexington Insurance Company (AIG American
    International Companies)
Liberty Mutual
Lloyds of London
Marsh USA, Inc. (Broker)
National Union Fire Ins. Co. (AIG)
National Union Fire Insurance Company of Pitts.,
    PA (AIG American International Companies)
St. Paul Fire & Marine Insurance Company
St. Paul Surplus Lines Ins. Co.
Steadfast Insurance Company (Zurich)
U.S. Specialty Insurance Company

XL U.S.
Zurich American Insurance Company

**(E)   PROFESSIONALS (ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS FOR THE PAST THREE YEARS) [Excluding those Professionals that Charge less than $100,000.00 in Annual Fees]**

ASI (American Supplier Institute)
ASI Consulting Group LLC
ASI LLC
ASI, Shainin (ICIM)
Asset Management Resources
AT Kearney
AVL North America Inc
Baker & Daniels
Baker & McKenzie LLP
Bliss McGlynn P.C.
Butzel, Long
Carquest
Clark Consulting
Clark Hill P.L.C.
David Cunnigham
Deloitte Touche Tohmatsu
Dickinson Wright P.L.L.C. (Detroit, MI)
Dykema Gossett P.L.L.C.
E&Y
EDS
Electricore Inc
ENSR Corporation
Equis Corporation
Ernst & Young
FedEx Trade Networks Transport and Brokerage, Inc.
Fleishman Hillard Japan, Inc.
Foley & Lardner LLP
Hill & Knowlton
Honigman Miller Schwartz and Cohn
Howard & Howard Attorneys, P.C.
Hunton & Williams LLP
Interim Healthcare Inc.
Paul Hastings Janofsky & Walker LLP
PriceWaterhouseCoopers LLP
Russell Reynolds
Sandler & Travis Trade Advisory Services, Inc
Suri & Company
UBS
Young & Rubicam, Inc.
Yuasa & Hara

**(F)   PARTIES TO LITIGATION AND THEIR COUNSEL (FOR CLAIMS OF AT LEAST $500,000)**

A&O Mold & Engineering, Inc.
Adams, Thomas E.
Allstate Insurance
Brady, Larry
Campbell, Robert R.
Casper & Casper
Citibank Texas, National Association
Covington & Burling
Daewoo International
DaimlerChrysler Corporation
Dana Corp Global Production WHS
Dana Corp Sealing Division
Dynamic Sciences International
Eftec North America, LLC
Epsilon
First Technology
Fitch, Even, Tabin & Flannery
Ford Motor Company
General Motors Daewoo Auto and Technology
GM Daewoo
GM DAT
GM Epsilon
GM Europe Opel
GM & International
Honeywell ACS Sensing & Control
International Truck
Invensys
Irvine
Jenner & Block
Key Plastics
Kirsch, Paul C.
Kowalski, Richard
Locke Liddell & Sapp, LLP
Miro, Weiner & Kramer
NGK
Novak, Barbara Griffin
Parmenter O'Toole
Phelps, John W.
Russell, Thomas
Sanko
Tenneco Automotive
Textron (Kautex)
Timken (Brazil)
Waste Management, Inc.

**(G)   TOP 50 CREDITORS**

3M Co
Abc Group Inc
Akebono Brake Industry Co Ltd
Alcoa Inc
Alps Automotive Inc.
American Axle & Mfg Holdings Inc
Bosch Braking Systems Corp
Bosch, Robert Stiftung GmbH
Buena Vista Township, Michigan

2

City of Flint, Michigan
Clarion Co Ltd
Dana Corp
Delta
Dura Automotive Systems Inc
General Electric Co Inc
Hitachi Ltd
Illinois Tool Works Inc
Intermet Corp
Johnson Electric Holdings Ltd
NEC Corp
Norsk Hydro ASA
State of Michigan
State of Ohio
Texas Instruments Inc
Textron Inc
Worthington Industries Inc

**(H)    HOLDERS OF 5% OR MORE OF ANY
OUTSTANDING EQUITY SECURITY OF
THE COMPANY**

Capital Group International, Inc.

**(I)    RECORD NOTEHOLDERS HOLDING 5%
OR MORE OF ANY OUTSTANDING
ISSUANCE OF NOTES OF THE COMPANY**

Citigroup
Goldman Sachs
Lehman Brothers
SSB

**(J)    INDENTURE TRUSTEES**

Bank One Trust Company N.A.
J.P. Morgan Trust Company, N.A.

**(K)    UNDERWRITERS OF SECURITIES ISSUED
BY THE COMPANY DURING THE PAST
THREE YEARS**

A.G. Edwards & Sons, Inc.
Citigroup Global Markets Inc.
Comerica Securities, Inc.
HSBC Securities (USA) Inc.
J.P. Morgan Securities Inc.
McDonald Investments Inc., a KeyCorp Company
Merrill Lynch, Pierce, Fenner & Smith
    Incorporated
Morgan Stanley & Co. Incorporated
Oppenheimer & Co. Inc.
UBS Securities LLC
Utendahl Capital Partners, L.P.
Wachovia Capital Markets, LLC

**(L)    COUNTERPARTIES TO MAJOR LEASES**

Crown Enterprises, Inc.
Ford Motor Land Development Corporation
General Motors Corporation
LaSalle National Bank, as Trustee under Trust
    No. 115897
Liberty Property Limited Partnership
Pac Rim
QEK Global Solutions
Realty Investment II
Sealy RG Valley Buildings, L.P.
Visteon Corporation

**(M)    COUNTERPARTIES TO MAJOR
CONTRACTS (OVER $100,000)**

Alltel
AT&T Solutions, Inc.
ATT Wireless
Blue Cross Blue Shield
Bridgestone T.G. Australia Pty. Ltd
CIGNA Behavioral Health
CIGNA Healthcare
Cinergy PSI IN
Compuware
Consumers Energy MI (Detroit)
Consumers Power  MI
Consumers Power Company
Delphi Aftermarket France
Delphi Auto Brazil – E&C
Delphi Auto Systems Australia
Delphi Auto Systems Brazil – Harrison
Delphi Auto Systems India Private Limited
    (DASPL)
Delphi Automotive Systems
Delphi Automotive Systems Espana (Logrono)
Delphi Automotive Systems Espana Cadiz
Delphi Automotive Systems France
Delphi Automotive Systems Italia Sri (Diavia)
Delphi Automotive Systems Lockheed UK
    (Aftermarket)
Delphi Automotive Systems Netherlands
    (Aftermarket)
Delphi Automotive Systems Poland Sp. Z.o.o.
Delphi Automotive Systems Portugal (Ponte de
    Sor)
Delphi Automotive Systems Spain
Delphi Automotive Systems Sungwoo
Delphi Delco Electronics Suzhou
Delphi Delco Liverpool
Delphi Diesel Systems England
Delphi Diesel Systems Ltd England
Delphi Diesel Systems Spain
Delphi Diesel Systems Turkey

3

Delphi Diesel Systems UK
Delphi Diesel Systems, S. L. Spain
Delphi Harrison Calsonic (France)
Delphi Lockheed Automotiove France
   (Aftermarket)
Delphi Packard Balcheng, Limited
Delphi Packard Electric Co Ltd (Shanghai)
Delphi Packard Electric Malaysia Sdn Bhd
Delphi Packard Espana
Delphi Saginaw Lingyun Brillance and Palio
Delphi Saginaw Lingyun Jinbel
Delphi Sistemas de Energia (Portugal)
Delphi TVS Diesel Systems Ltd India (Lucas)
Delphi-TVS Diesel Systems Ltd (India)
DOD
DOD TACOM
DTE Energy MI
East Penn Manufacturing Company
Falcon Asset Securitization Corporation
Firma Carl Freudenberg KG
Fitel USA Corp. (assigned by Lucent)
Flint (City of)  MI
General Motors Investment Management
   Corporation
HTC
Intel Corporation
Jupiter Securitization Corporation
Lear Corporation
MCI Worldcom Communications, Inc.
New York Power Authority
Raytheon Company
Saginaw (City of) Wir & Swr MI
State Street Bank and Trust Company
The Regents of the University of Michigan
TI Group
Time Warner
Toyota Motor Company
Toyota Motor Corporation
Troy (City of) MI
UBE Machinery Sales
Verizon
Verizon Wireless
Verizon Wireless
Wayne State University
Wisconsin Electric Power Co WI

**(N)    SECURED FINANCIAL CREDITORS**

    **See (C) above.**

**(O)    LIENHOLDERS AND OTHER
SIGNIFICANT LENDERS**

    Bank One Michigan
    Bank One, NA
    Delphi Automotive Systems Corporation

Fifth Third Bank (Western Michigan)
LaSalle Bank National Association
LaSalle National Leasing Corporation
Motion Industries Inc.
Motorola, Inc.
Omega Tool Corporation
The Huntington National Bank
Toyota Motor Credit Corporation
Wells Fargo Bank Northwest, Trustee

**(P)    MAJOR CUSTOMERS**

    Best Buy Co. Inc.
    Caterpillar
    Honda
    Isuzu Group
    Johnson Controls
    Kautex
    Mitsubishi
    Navistar International
    Nissan
    Paccar
    Rover
    Saab Automobile AB
    Saab Automobile Parts
    Standard Motor Products Inc
    Toyota
    Visteon

**(Q)    MAJOR SUPPLIERS**

    Aluminum Co of America
    Analog Devices GmbH
    Analog Devices Inc
    Asahi Glass Co
    Autoliv ASP Inc
    BBK Ltd
    Benteler Automotive
    Bosch Automotive Systems Corp
    Caterpillar Engine Systems
    Centra Inc
    Deloitte & Touche
    DTE Coal Services
    E I Dupont de Nemours & Co Inc
    Engelhard Corporation
    Epcos AG
    Essex Group Inc
    Federal Mogul Corp
    General Electric Capital
    GKN PLC
    GM – AC Delco
    GM Daewoo Auto & Technology Co
    Handy & Harman
    Hewlett-Packard Co.-Roseville
    Hewlett-Packard Company
    Hewlett-Packard GmbH

4

Hewlett-Packard Singapore
Hewlett-Packard/San Jose
Hitachi Automotive
Hitachi Chemical Asia Pacific
International Truck & Engine
JCI
John Deere
Johnson Matthey Plc
KPMG LLP
Michael Baker, Inc.
Microchip Technology Inc
Microsoft Services
Mitsubishi Electric
Motorola Automotive
MSX International Inc
Nabco Inc
Norandal USA INC
Olin Corp
Panasonic Automotive
Parker Hannifin Corp
Rohm Co Ltd
Schulte & Co Gmbh
Shanghai Ming Fang Autoparts Co Ltd
Siemens Automotive Ltd
SPX Corp
Sunrise Medical HHG, Inc.
Sunrise Medical Ltd
UBS AG
USA Technologies, Inc.
Valeo SA
Vallourec
Viasystems Canada Inc
Visteon Automotive Systems
Yazaki Corp

**(R)    LETTER OF CREDIT ISSUERS AND
BENEFICIARIES**

C.N.A.
Reliance Insurance Company
Safeco Insurance

**(S)    STATE AND OTHER GOVERNMENTAL
AUTHORITIES WITH AN INTEREST IN
THE COMPANY**

Internal Revenue Service
Pension Benefit Guaranty Corporation (PBGC)
U.S. Environmental Protection Agency

**(T)    UNIONS REPRESENTING COMPANY
EMPLOYEES**

**(X)    OTHER MISCELLANEOUS INTERESTED
PARTIES**

5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
      In re                           :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                    Debtors.    :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR. P. 2014
AUTHORIZING EMPLOYMENT AND RETENTION OF HOWARD & HOWARD
ATTORNEYS, P.C. AS INTELLECTUAL PROPERTY COUNSEL TO DEBTORS

("HOWARD & HOWARD RETENTION ORDER")

Upon the application, dated December 6, 2005 (the "Application"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C.

§§ 327(e) and 1107(a) and Fed. R. Bankr. P. 2014 authorizing the employment and retention of

Howard & Howard Attorneys, P.C. ("H&H") as special intellectual property counsel to the

Debtors; and upon the Affidavit of William H. Honaker, sworn to November 17, 2005, in

support of the Application (the "Honaker Affidavit"); and this Court being satisfied with the

representations made in the Application and the Honaker Affidavit that H&H does not represent

or hold any interest adverse to any of the Debtors' estates or the Debtors with respect to the

matters on which H&H is to be employed, and that H&H's employment is necessary and would

be in the best interests of each of the Debtors' estates; and it appearing that proper and adequate

notice has been given and that no other or further notice is necessary; and upon the record herein;

and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1

1.    The Application is GRANTED.

2.    The Debtors' employment of H&H as intellectual property counsel, pursuant to the Application, is approved under sections 327(e) and 1107(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), with approval of such employment being effective the Petition Date, October 8, 2005.

3.    H&H shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court.

4.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

5.    The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:    New York, New York
          December ___, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

2

# **EXHIBIT K**

**Objections Due: December 16, 2005 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                     :
            In re                                    :    Chapter 11
                                                     :
    DELPHI CORPORATION, et al.,                      :    Case No. 05- 44481 (RDD)
                                                     :
                              Debtors.               :    (Jointly Administered)
                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF PRESENTMENT OF ORDER UNDER UNDER 11 U.S.C. §§ 327(e)
AND 1107(b) AND FED. R. BANKR. P. 2014 AUTHORIZING EMPLOYMENT
AND RETENTION OF HOWARD & HOWARD ATTORNEYS, P.C.
<u>AS INTELLECTUAL PROPERTY COUNSEL TO DEBTORS</u>

PLEASE TAKE NOTICE that on December 6, 2005, Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in

the above-captioned cases filed the Application For An Order Under 11 U.S.C. §§ 327(e)

And 1107(b) And Fed. R. Bankr. P. 2014 Authorizing Debtors Employment And Retention

Of Howard & Howard, P.C. As Intellectual Property Counsel To Debtors (the "Applica-

tion").

PLEASE TAKE FURTHER NOTICE that if timely written objections are

filed, served, and received in accordance with this notice, a hearing to consider approval of

the Application will be held on January 5, 2006, at 10:00 a.m. (Prevailing Eastern Time)

(the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for

the Southern District of New York, One Bowling Green, Room 610, New York, New York,

10004.

PLEASE TAKE FURTHER NOTICE that if no written objections to the

Application are timely filed, served, and received, the order filed with the Application and

attached to this notice as <u>Exhibit A</u> will be submitted for signature to the Honorable Robert

D. Drain, United States Bankruptcy Court for the Southern District of New York, One

Bowling Green, Room 610, New York, New York 10004 on December 16, 2005.

PLEASE TAKE FURTHER NOTICE that objections, if any, to approval of

the Application (a) must be in writing, (b) must conform to the Federal Rules of Bank-

2

ruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and

the Order Under 11 U.S.C. §§ 102 (1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case

Management, And Administrative Procedures, And (III) Scheduling An Initial Case

Conference In Accordance With Local Bankr. R. 1007-2(e) (the "Case Management

Order") (Docket No. 245), (c) must be filed with the Bankruptcy Court in accordance with

General Order M-242 (as amended) - registered users of the Bankruptcy Court's case filing

system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk

(preferably in Portable Document Format (PDF), WordPerfect, or any other Win-

dows-based word processing format), (d) must be submitted in hard-copy form directly to

the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e)

and must be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098

(Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher &

Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm.

Butler, Jr.), (iii) counsel for the agent under the Debtors' prepetition credit facility, Simpson

Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n:

Kenneth S. Ziman), (iv) counsel for the agent under the postpetition credit facility, Davis

Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n:  Marlane

Melican), (v) counsel for the Official Committee of Unsecured Creditors, Latham &

Watkins, 885 Third Avenue, New York, New York 10022 (Att'n: Mark A. Broude), (vi)

Howard & Howard Attorneys, P.C, 39400 Woodward Ave., Suite 101, Bloomfield Hills,

Michigan 48304 (Att'n: Robert D. Mollhagen), and (vii) the Office of the United States

3

Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York,

New York 10004 (Att'n:  Alicia M. Leonhard), in each case so as to be **received** no later

than **4:00 p.m. (Prevailing Eastern Time) on December 16, 2005** (the "Objection

Deadline").

> PLEASE TAKE FURTHER NOTICE that only those objections made in

writing, in accordance with the Case Management Order, and timely filed and received by

the Objection Deadline will be considered by the Bankruptcy Court at the Hearing, and

that if no objections to the Application are timely filed and served the Bankruptcy Court

may enter an order granting the Application **without further notice**.

Dated: New York, New York
       December 6, 2005

> SKADDEN, ARPS, SLATE, MEAGHER
> & FLOM LLP
>
> By: /s/ John Wm. Butler, Jr.
>     John Wm. Butler, Jr. (JB 4711)
>     John K. Lyons (JL 4951)
>     Ron E. Meisler (RM 3026)
> 333 West Wacker Drive, Suite 2100
> Chicago, Illinois  60606
> (312) 407-0700
>
>           - and -
>
> By: /s/ Kayalyn A. Marafioti
>     Kayalyn A. Marafioti (KM 9632)
>     Thomas J. Matz (TM 5986)
> Four Times Square
> New York, New York  10036
> (212) 735-3000
>
> Attorneys for Delphi Corporation, et al.,
>     Debtors and Debtors-in-Possession

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -    x
                                                           :
       In re                                        :    Chapter 11
                                                           :
    DELPHI CORPORATION, <u>et</u> <u>al.</u>,                    :    Case No. 05-44481 (RDD)
                                                           :
                      Debtors.    :    (Jointly Administered)
                                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR. P. 2014
AUTHORIZING EMPLOYMENT AND RETENTION OF HOWARD & HOWARD
<u>ATTORNEYS, P.C. AS INTELLECTUAL PROPERTY COUNSEL TO DEBTORS</u>

("HOWARD & HOWARD RETENTION ORDER")

        Upon the application, dated December 6, 2005 (the "Application"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C.

§§ 327(e) and 1107(a) and Fed. R. Bankr. P. 2014 authorizing the employment and retention of

Howard & Howard Attorneys, P.C. ("H&H") as special intellectual property counsel to the

Debtors; and upon the Affidavit of William H. Honaker, sworn to November 17, 2005, in

support of the Application (the "Honaker Affidavit"); and this Court being satisfied with the

representations made in the Application and the Honaker Affidavit that H&H does not represent

or hold any interest adverse to any of the Debtors' estates or the Debtors with respect to the

matters on which H&H is to be employed, and that H&H's employment is necessary and would

be in the best interests of each of the Debtors' estates; and it appearing that proper and adequate

notice has been given and that no other or further notice is necessary; and upon the record herein;

and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

        ORDERED, ADJUDGED, AND DECREED THAT:

1

1.   The Application is GRANTED.

2.   The Debtors' employment of H&H as intellectual property counsel, pursuant

to the Application, is approved under sections 327(e) and 1107(a) of the Bankruptcy Code and

Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), with

approval of such employment being effective the Petition Date, October 8, 2005.

3.   H&H shall be compensated in accordance with the standards and procedures

set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules,

Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New

York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and

further orders of this Court.

4.   This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Final Order.

5.   The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Application.

Dated:    New York, New York
          December ___, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

2

# **EXHIBIT L**

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                     :

In re                            :      Chapter 11
                                     :

DELPHI CORPORATION, et al.,      :      Case No. 05-44481 (RDD)
                                     :

                 Debtors.    :      (Jointly Administered)
                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R.
BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND RETENTION OF PRICE,
HENEVELD, COOPER, DEWITT & LITTON LLP AS INTELLECTUAL PROPERTY
COUNSEL TO DEBTORS

("PRICE HENEVELD RETENTION APPLICATION")

           Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the

"Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), hereby submit this application (the "Application") for an order

under 11 U.S.C. §§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 authorizing the employment

and retention of Price, Heneveld, Cooper, DeWitt & Litton LLP ("Price Heneveld"), as

intellectual property counsel to the Debtors, nunc pro tunc to October 8, 2005.  In support of this

Application, the Debtors submit the Affidavit of Kevin T. Grzelak, sworn to December 6, 2005

(the "Grzelak Affidavit").  In further support of this Application, the Debtors respectfully

represent as follows:

1

<u>Background</u>

A.    <u>The Chapter 11 Filings</u>

1.    On October 8, 2005, Delphi and certain of its U.S. subsidiaries filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1130, as amended (the "Bankruptcy Code").  On October 14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary petitions in this Court for reorganization relief under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(b) and 1108 of the Bankruptcy Code.  This Court entered orders directing the joint administration of the Debtor's chapter 11 cases (Dockets Nos. 28 and 404).

2.    On October 17, 2005, the Office of the Unites States Trustee appointed an official committee of unsecured creditors.  No trustee or examiner has been appointed in the Debtors' cases.

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

4.    The statutory predicates for the relief requested herein are sections 327(e), and 1107(b) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.    <u>Current Business Operations Of The Debtors</u>

5.    With more than 180,000 employees worldwide, global 2004 revenues of approximately $28.6 billion and global assets as of August 31, 2005 of approximately $17.1

billion,[1] Delphi ranks as the fifth largest public company business reorganization in terms of

revenues, and the thirteenth largest public company business reorganization in terms of assets.

Delphi's non-U.S. subsidiaries are not chapter 11 debtors, will continue their business operations

without supervision from the Bankruptcy Court, and will not be subject to the chapter 11

requirements of the U.S. Bankruptcy Code.

6.      Over the past century, the operations which are now owned by Delphi

have developed leading global technology innovations with significant engineering resources and

technical competencies in a variety of disciplines.  Today, the Company is arguably the single

largest global supplier of vehicle electronics, transportation components, integrated systems and

modules, and other electronic technology.  The Company's technologies and products are present

in more than 75 million vehicles on the road worldwide.  The Company supplies products to

nearly every major global automotive original equipment manufacturer with 2004 sales to its

former parent, General Motors Corporation, equaling approximately $15.4 billion and sales to

each of Ford Motor Company, DaimlerChrysler Corporation, Renault/Nissan Motor Company,

Ltd., and Volkswagen Group exceeding $850 million.

7.      As part of its growth strategy, Delphi has established an expansive global

presence with a network of manufacturing sites, technical centers, sales offices, and joint

ventures located in every major region of the world.  In the U.S., the Debtors employ

approximately 50,600 people.  Those employees work in approximately 44 manufacturing sites

and 13 technical centers across the country and in Delphi's worldwide headquarters and customer

center located in Troy, Michigan.  Approximately 34,750 of these individuals are hourly

employees, 96% of whom are represented by approximately 49 different international and local

---

[1]      The aggregated financial data used in this Application generally consists of consolidated information from
Delphi and its worldwide subsidiaries and affiliates.

3

unions. Outside the United States, the Company's foreign entities employ more than 134,000

people, supporting 120 manufacturing sites and 20 technical centers across nearly 40 countries

worldwide.

8.        Delphi was incorporated in Delaware in 1998 as a wholly-owned

subsidiary of GM. Prior to January 1, 1999, GM conducted the Company's business through

various divisions and subsidiaries. Effective January 1, 1999, the assets and liabilities of these

divisions and subsidiaries were transferred to Delphi and its subsidiaries and affiliates in

accordance with the terms of a Master Separation Agreement between Delphi and GM. In

connection with these transactions, Delphi accelerated its evolution from a North American-

based, captive automotive supplier to a global supplier of components, integrated systems, and

modules for a wide range of customers and applications. Although GM is still the Company's

single largest customer, today more than half of Delphi's revenue is generated from non-GM

sources.

9.        Due to the significant planning that goes into each vehicle model, Delphi's

efforts to generate new business do not immediately affect its financial results, because supplier

selection in the auto industry is generally finalized several years prior to the start of production

of the vehicle. When awarding new business, which is the foundation for the Company's

forward revenue base, customers are increasingly concerned with the financial stability of their

supply base. The Debtors believe that they will maximize stakeholder value and the Company's

future prospects if they stabilize their businesses and continue to diversify their customer base.

The Debtors also believe that this must be accomplished in advance of the expiration of certain

benefit guarantees between GM and certain of Delphi's unions representing most of its U.S.

4

hourly employees which coincides with the expiration of the Company's U.S. collective

bargaining agreements in the fall of 2007.

C.     Events Leading To The Chapter 11 Filing

10.     In the first two years following Delphi's separation from GM, the

Company generated approximately $2 billion in net income.  Every year thereafter, however,

with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the

Company reported a net operating loss of $482 million on $28.6 billion in net sales.  Reflective

of a downturn in the marketplace, Delphi's financial condition has deteriorated further in the first

six months of 2005.  The Company experienced net operating losses of $608 million for the first

six months of calendar year 2005 on six-month net sales of $13.9 billion, which is approximately

$1 billion less in sales than during the same time period in calendar year 2004.[2]

11.     The Debtors believe that three significant issues have largely contributed

to the deterioration of the Company's financial performance: (a) increasingly unsustainable U.S.

legacy liabilities and operational restrictions driven by collectively bargained agreements,

including restrictions preventing the Debtors from exiting non-strategic, non-profitable

operations, all of which have the effect of creating largely fixed labor costs, (b) a competitive

U.S. vehicle production environment for domestic OEMs resulting in the reduced number of

motor vehicles that GM produces annually in the United States and related pricing pressures, and

(c) increasing commodity prices.

12.     In light of these factors, the Company determined that it would be

imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product

portfolio, operational issues, and forward looking revenue requirements.  Having concluded that

---

[2]        Reported net losses in calendar year 2004 were $4.8 billion, reflecting a $4.1 billion tax charge, primarily
           related to the recording of a valuation allowance on the U.S. deferred tax assets as of December 31, 2004.

5

pre-filing discussions with its Unions and GM were not leading to the implementation of a plan

sufficient to address the Debtors' issues on a timely basis, the Company determined to commence

these chapter 11 cases for its U.S. businesses to complete the Debtors' transformation plan and

preserve value.

13.    Through the reorganization process, the Debtors intend to achieve

competitiveness for Delphi's core U.S. operations by modifying or eliminating non-competitive

legacy liabilities and burdensome restrictions under current labor agreements and realigning

Delphi's global product portfolio and manufacturing footprint to preserve the Company's core

businesses.  This will require negotiation with key stakeholders over their respective

contributions to the restructuring plan or, absent consensual participation, the utilization of the

chapter 11 process to achieve the necessary cost savings and operational effectiveness envisioned

in the Company's transformation plan.  The Debtors believe that a substantial segment of

Delphi's U.S. business operations must be divested, consolidated, or wound-down through the

chapter 11 process.

14.    Upon the conclusion of this process, the Debtors expect to emerge from

chapter 11 as a stronger, more financially sound business with viable U.S. operations that are

well-positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal all

of its resources to continue to deliver value and high-quality products to its customers globally.

Additionally, the Company will preserve and continue the strategic growth of its non-U.S.

operations and maintain its prominence as the world's premier auto supplier.

<u>Relief Requested</u>

15.    By this Application, the Debtors request entry of an order authorizing the

Debtors to employ and retain Price Heneveld as one of the Debtors' intellectual property counsel

in these chapter 11 cases.

<u>Basis For Relief</u>

16.    The Debtors submit that Price Heneveld's proposed retention meets all the

prerequisites for retention of special counsel under section 327(e) of the Bankruptcy Code, which

permits a debtor-in-possession, with court approval, to employ counsel that has represented the

Debtors prior to the commencement of their chapter 11 cases, for a "specified special purpose" if

such employment is in the best interest of the Debtors.  Price Heneveld is a proposed intellectual

property counsel to the Debtors, but not the proposed bankruptcy counsel in these chapter 11

cases, section 327(e) does not require that Price Heneveld and its attorneys be "disinterested

persons" as defined in section 101(14) of the Bankruptcy Code.  Rather, section 327(e) instead

requires that Price Heneveld not represent or hold any interest adverse to the estates or the

Debtors with respect to the matter on which Price Heneveld is to be employed.  As discussed

below, the employment of Price Heneveld as intellectual property counsel is in the best interests

of the Debtors.

<div align="center">The Debtors' Employment Of Price Heneveld<br><u>Is In The Best Interests Of The Estates</u></div>

17.    The Debtors had retained Price Heneveld as an ordinary course

professional according to the Order Under 11 U.S.C. §§ 327, 330, And 331 Authorizing

Retention Of Professionals Utilized By Debtors In Ordinary Course Of Business ("Ordinary

Course Professionals Order") (Docket No. 883).  The Debtors, however, are concerned that Price

Heneveld will exceed the fee cap established in the Ordinary Course Professionals Order.

7

Therefore, the Debtors request that Price Heneveld be formally retained as an intellectual property legal services provider in these chapter 11 cases.

18.     Price Heneveld will serve as an intellectual property counsel to the Debtors during these chapter 11 cases, principally in intellectual property matters, including preparing and prosecuting patent applications and advising the Debtors in intellectual property matters.  Price Heneveld has performed similar work for the Debtors in the past and is therefore familiar with the Debtors' businesses and operations.  In particular, Price Heneveld is especially attuned to the unique intellectual property issues that arise in the Debtors' industry and have faced the Debtors.

19.     Price Heneveld is a boutique law firm specializing in intellectual property matters with approximately 24 attorneys who handle sophisticated intellectual property matters.  Most importantly for current purposes, several members of Price Heneveld have extensive experience in intellectual property law, including patent law.  Accordingly, the Debtors believe that Price Heneveld is well qualified to serve as intellectual property counsel in these chapter 11 cases in an efficient and effective manner.

20.     The Debtors believe that the employment of Price Heneveld will enhance and will not duplicate the employment of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden"), the Debtors' general bankruptcy counsel, Shearman & Sterling LLP ("Shearman"), the Debtors' special counsel, Togut, Segal & Segal LLP ("Togut"), the Debtors' conflicts counsel, or any of the other professionals retained by the Debtors to perform specific tasks that are unrelated to the work to be performed by Price Heneveld as intellectual property counsel to the Debtors.  The Debtors understand that Price Heneveld will work with the other professionals retained by the Debtors to avoid any such duplication.

8

<u>Services To Be Rendered By Price Heneveld</u>

21.    The Debtors wish to engage Price Heneveld to provide services to the

Debtors in connection with intellectual property matters.  The Debtors anticipate that such

services will include the following:

(a)    Legal advice to the Debtors concerning intellectual property, including
       patent, trademark, copyright, and trade secret matters;

(b)    Legal advice related to intellectual property issues including, among
       others, electronics devices, including circuits, controllers, and packages,
       semiconductor devices and microelectromechanical systems devices and
       fabrication techniques, sensors, communications systems including radio,
       entertainment and antenna devices, software related inventions,
       automotive safety devices, and other automotive related inventions; and

(c)    Representation of Debtors in connection with intellectual property matters,
       including preparation and prosecution of applications in the U.S. and
       foreign countries.

22.    Price Heneveld has indicated its desire and willingness to represent the

Debtors as set forth herein and to render the necessary professional services as legal ordinary

course professional counsel to the Debtors.

23.    The Debtors may request that Price Heneveld undertake specific matters

beyond the scope of the responsibilities set forth above.  Should Price Heneveld agree in its

discretion to undertake any such matter, the Debtors shall seek further order of this Court.

<u>Disinterestedness Of Professionals</u>

24.    The Grzelak Affidavit filed in support of this Application contains

information available to date on Price Heneveld's connections with other parties-in-interest, as

required by Bankruptcy Rule 2014(a).  To the best of the Debtors' knowledge, and based on the

information in the attached Grzelak Affidavit, Price Heneveld, its partners, counsel, and

associates do not hold or represent any interest adverse to the Debtors, their creditors, any other

9

party-in-interest in these chapter 11 cases, their respective attorneys and investment advisors, the

U.S. Trustee, or any person employed therein, with respect to the matters on which Price

Heneveld is to be employed.

          25.    Price Heneveld has disclosed to the Debtors that Price Heneveld has in the

past represented, currently represents, and will likely in the future represent certain of the

Debtors' creditors and other parties-in-interest in matters unrelated to the Debtors or their chapter

11 cases.  Price Heneveld does not believe that the foregoing raises any actual or potential

conflict of interest of Price Heneveld relating to the representation of the Debtors as their legal

ordinary course professional counsel in these chapter 11 cases, but such relationships are

disclosed out of an abundance of caution.  The Debtors understand that, in order to vitiate any

actual or potential conflicts of interest, Price Heneveld will not assist the Debtors in connection

with their analysis, negotiations, and litigation, if any, with parties with whom Price Heneveld

has existing client relationships, and that Skadden (or other counsel if Skadden has a conflict),

instead, will handle these tasks.

<div align="center">Professional Compensation</div>

          26.    Price Heneveld intends to apply to this Court for compensation and

reimbursement of expenses in accordance with section 330(a) of the Bankruptcy Code, the

Bankruptcy Rules, applicable guidelines established by the U.S. Trustee, and orders of this

Court.  Price Heneveld acknowledges that all compensation will be subject to this Court's review

and approval after notice and a hearing.

          27.    Under the applicable provisions of the Bankruptcy Code, and subject to

the approval of this Court, the Debtors propose to pay Price Heneveld its standard hourly rates

and to reimburse Price Heneveld for expenses according to Price Heneveld's reimbursement

<div align="center">10</div>

policies. The Price Heneveld attorneys who are expected to be principally responsible for the matters and their respective standard hourly rates are: Kevin Grzelak ($275/hr); Jeff Johnson ($130/hr); Jeff Kapteyn ($220/hr); and Brian Cheslek ($145/hr). These hourly rates are subject to annual adjustment in accordance with Price Heneveld's standard policies.

28.    No arrangement is proposed between the Debtors and Price Heneveld for compensation to be paid in these chapter 11 cases other than as set forth above, and in the Grzelak Affidavit.

29.    At the Debtors' request, Price Heneveld has continued to assist the Debtors in connection with their intellectual property issues since October 8, 2005 and hence, the Debtors request that Price Heneveld's retention be effective nunc pro tunc to October 8, 2005.

<div align="center">Conclusion</div>

30.    For the foregoing reasons, the Debtors submit that the employment of Price Heneveld as one of the Debtors' intellectual property counsel on the terms set forth herein is in the best interests of the Debtors' estates.

<div align="center">Notice</div>

31.    Notice of this Application has been provided in accordance with the Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance With Local Bankr. R. 1007-2(e), entered by this Court on October 14, 2005 (Docket No. 245). In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

<div align="center">11</div>

<u>Memorandum Of Law</u>

32.     Because the legal points and authorities upon which this Application relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, the Debtors respectfully request that this Court enter an order (a) authorizing the Debtors to employ and retain Price Heneveld as their legal ordinary course professional counsel to perform the services set forth herein and (b) granting the Debtors such other and further relief as is just.

Dated:   New York, New York
         December 6, 2005

                              DELPHI CORPORATION, on behalf of itself and
                              certain of its subsidiaries and affiliates, as Debtors and
                              Debtors-in-possession

                              By:   /s/ David M. Sherbin_____
                                    Name: David M. Sherbin
                                    Title:  Vice President, General Counsel, and
                                            Chief Compliance Officer

<div align="center">12</div>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
    In re                               :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                  Debtors.    :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF KEVIN T GRZELAK IN SUPPORT OF APPLICATION FOR ORDER
UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR. P. 2014 AUTHORIZING
EMPLOYMENT AND RETENTION OF PRICE, HENEVELD, COOPER, DEWITT &
LITTON LLP AS INTELLECTUAL PROPERTY COUNSEL TO DEBTORS

STATE OF MICHIGAN

COUNTY OF KENT

KEVIN T. GRZELAK, being duly sworn, deposes and states as follows:

1.    I am a Partner in the law firm of Price, Heneveld, Cooper, DeWitt & Litton

LLP ("Price Heneveld"), proposed intellectual property counsel for Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, the debtors and debtors-in-possession in

the above-captioned cases (collectively, the "Debtors").

2.    I submit this affidavit (the "Affidavit") in support of the Application For

Order Under 11 U.S.C. §§ 327(e) And 1107(b) And Fed. R. Bankr. P. 2014 Authorizing

Employment And Retention Of Price, Heneveld, Cooper, DeWitt & Litton LLP As Intellectual

Property Counsel To Debtors (the "Application") nunc pro tunc to October 8, 2005, filed

concurrently herewith.

3.    The name, business address, and telephone number of  Price Heneveld are as

follows:

1

Price, Heneveld, Cooper, DeWitt & Litton LLP
695 Kenmoor Avenue, S.E.
P.O. Box 2567
Grand Rapids, Michigan 49501-2567
Phone:  616/949-9610
Facsimile:  616/957-8196

4.   Price Heneveld is well qualified to assist the Debtors in the manner described in the Application.  Price Heneveld is a boutique law firm specializing in intellectual property matters with approximately 24 attorneys who handle sophisticated intellectual property matters, including patent, trademark, copyright, and trade secret matters.  Accordingly, the Debtors believe that Price Heneveld is well qualified to serve as legal ordinary course professional counsel in these chapter 11 cases in an efficient and effective manner.

5.   Price Heneveld has advised the Debtors regarding intellectual property matters.  Based on the services that Price Heneveld has previously rendered to the Debtors, Price Heneveld is thoroughly familiar with certain legal matters relating to the Debtors' intellectual property.

6.   Generally, in connection with the Debtors' cases, Price Heneveld intends to provide the Debtors with the following types of professional services:

(a)    Legal advice to the Debtors concerning intellectual property, including patent, trademark, copyright, and trade secret matters;

(b)    Legal advice related to intellectual property issues including, among others, electronics devices, including circuits, controllers, and packages, semiconductor devices and microelectromechanical systems devices and fabrication techniques, sensors, communications systems including radio, entertainment and antenna devices, software related inventions, automotive safety devices, and other automotive related inventions; and

(c)    Representation of Debtors in connection with intellectual property matters, including preparation and prosecution of applications in the U.S. and foreign countries.

2

7.    In light of certain existing client representations on unrelated matters, the engagement of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden") as the Debtors' bankruptcy counsel, the engagement of Shearman & Sterling LLP ("Shearman") as the Debtors' special counsel, Togut, Segal & Segal LLP ("Togut") as the Debtors' conflicts counsel, and the engagement of other counsel for the Debtors; Price Heneveld will not be responsible for or undertake any representation with respect to (a) advising the Debtors concerning specific contracts and claims of certain of Price Heneveld's existing clients and (b) reviewing, interpreting, or commenting on the specific contracts and claims of certain of Price Heneveld's existing clients.  These existing client relationships, and the scope of the carve-out from Price Heneveld's retention, are discussed more fully below.

8.    It is Price Heneveld's understanding that the Debtors may request that Price Heneveld undertake specific matters beyond the limited scope of the responsibilities set forth above.  Should Price Heneveld agree in its discretion to undertake any such matter, it is Price Heneveld's understanding that the Debtors will seek further order of this Court.

9.    Price Heneveld is making efforts, together with the Debtors' other counsel to ensure that there is no duplication of effort or work between such firms and Price Heneveld.  It is Price Heneveld's intention that the estates should receive the best value possible from the efficient coordination of work among its counsel.  Price Heneveld believes that its lawyers and the rest of the firms retained in these cases have to date delineated clearly, and will continue to delineate clearly, the division of work between them, so as to avoid any duplication of effort and to maximize the efficiencies of the proposed arrangement.

3

10.    Price Heneveld has received approximately $95,110.21 from the Debtors in the past 90 days for services rendered and expenses incurred for the preparation of intellectual property and related legal work performed by Price Heneveld.

11.    Price Heneveld has agreed to accept as compensation for the services rendered in connection with its representation of the Debtors Price Heneveld's standard hourly rates and expenses according to Price Heneveld's reimbursement policies.  The Price Heneveld attorneys who are expected to be principally responsible for the matters and their respective standard hourly rates are: Kevin Grzelak ($275/hr); Jeff Johnson ($130/hr); Jeff Kapteyn ($220/hr); and Brian Cheslek ($145/hr).  These hourly rates are subject to annual adjustment in accordance with Price Heneveld's standard policies.  The Debtors have not provided a retainer. There are no arrangements between Price Heneveld and any other entity to share compensation received or to be received in connection with these chapter 11 cases.

12.    Price Heneveld acknowledges that all amounts paid to Price Heneveld during these chapter 11 cases are subject to final allowance by this Court.  In the event that any fees or expenses paid to Price Heneveld during these cases are disallowed by this Court, the fees and expenses will be disgorged by Price Heneveld and returned to the Debtors or as otherwise ordered by this Court.

13.    Price Heneveld categorizes its billings by subject matter, in compliance with the applicable guidelines of the Office of the United States Trustee (the "U.S. Trustee Guidelines").  Price Heneveld acknowledges its compensation in the Debtors' cases is subject to approval of this Court in accordance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, and the U.S. Trustee Guidelines.

4

14.    Price Heneveld has conducted a check for conflicts of interest and other

conflicts and connections with respect to the Debtors' bankruptcy cases.  Price Heneveld

maintains a database containing the names of current, former, and potential clients and other

principal parties related to such clients.  I caused Price Heneveld to review and analyze the

conflict database to determine whether Price Heneveld has any connection with the principal

parties-in-interest in these chapter 11 cases, using information provided to Price Heneveld by the

Debtors and Skadden and information contained in the database, including (a) the names of the

Debtors' prepetition lenders, (b) the names of significant creditors of the Debtors, and (c) the

names of firms that the Debtors intend to or may employ during their chapter 11 cases.

15.    Based upon this research, I have determined that Price Heneveld has in the

past represented, currently represents, and will likely in the future represent certain of the

Debtors' creditors and other parties-in-interest in matters unrelated to the Debtors or these

chapter 11 cases.  I do not believe that the foregoing raises any actual or potential conflicts of

interest of Price Heneveld relating to the representation of the Debtors in these chapter 11 cases,

but such relationships are disclosed out of an abundance of caution:  Corning Inc., Ford Motor

Co., Benteler, Johnson Controls (JCI), and Autocam Corp.

16.    It is my intention that if Price Heneveld becomes aware of any other connections of which it presently is unaware, Price Heneveld will bring them to the attention of this Court and the U.S. Trustee.

/s/ Kevin T. Grzelak_____
Kevin T. Grzelak

Sworn to before me
this 6th day of December, 2005

/s/ Jennifer K. Taylor_____
Notary Public

6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                       :
In re                             :     Chapter 11
                                       :
DELPHI CORPORATION, et al.,      :     Case No. 05-44481 (RDD)
                                       :
                  Debtors.   :     (Jointly Administered)
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR.
P. 2014 AUTHORIZING EMPLOYMENT AND RETENTION OF
PRICE, HENEVELD, COOPER, DEWITT & LITTON LLP
AS INTELLECTUAL PROPERTY COUNSEL TO DEBTORS

("PRICE HENEVELD RETENTION ORDER")

          Upon the application, dated December 6, 2005 (the "Application"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C.

§§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014, authorizing the employment and retention of

Price, Heneveld, Cooper, DeWitt & Litton LLP ("Price Heneveld") as legal ordinary course

professional counsel to the Debtors; and upon the Affidavit of Kevin T. Grzelak, sworn to

December 6, 2005, in support of the Application (the "Grzelak Affidavit"); and this Court being

satisfied with the representations made in the Application and the Grzelak Affidavit that Price

Heneveld does not represent or hold any interest adverse to any of the Debtors' estates or the

Debtors with respect to the matters on which Price Heneveld is to be employed, and that Price

Heneveld's employment is necessary and would be in the best interests of each of the Debtors'

estates; and it appearing that proper and adequate notice has been given and that no other or

further notice is necessary; and upon the record herein; and after due deliberation thereon; and

good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Application is GRANTED.

2. The Debtors' employment of Price Heneveld as an intellectual property counsel, pursuant to the Application, is approved under sections 327(e) and 1107(b) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), with approval of such employment being effective as of the Petition Date, October 8, 2005.

3. Price Heneveld shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court.

4. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

5. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated: New York, New York
December ___, 2005

____________________________________
UNITED STATES BANKRUPTCY JUDGE

# **<u>EXHIBIT M</u>**

Objections Due: December 16, 2005 at 4:00 p.m.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
            In re                                 :    Chapter 11
                                                  :
    DELPHI CORPORATION, et al.,                   :    Case No. 05- 44481 (RDD)
                                                  :
                            Debtors.    :    (Jointly Administered)
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF PRESENTMENT OF ORDER UNDER UNDER 11 U.S.C. §§ 327(e) AND
1107(b) AND FED. R. BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND
RETENTION OF PRICE, HENEVELD, COOPER, DEWITT & LITTON LLP AS
<u>INTELLECTUAL PROPERTY COUNSEL TO DEBTORS</u>

PLEASE TAKE NOTICE that on December 6, 2005, Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in

the above-captioned cases filed the Application For An Order Under 11 U.S.C. §§ 327(e)

And 1107(b) And Fed. R. Bankr. P. 2014 Authorizing Debtors Employment And Retention

Of Price, Heneveld, Cooper, DeWitt & Litton LLP ("Price Heneveld") As Intellectual

Property Counsel to Debtors (the "Application").

PLEASE TAKE FURTHER NOTICE that if timely written objections are

filed, served, and received in accordance with this notice, a hearing to consider approval of

the Application will be held on January 5, 2006, at 10:00 a.m. (Prevailing Eastern Time)

(the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for

the Southern District of New York, One Bowling Green, Room 610, New York, New York,

10004.

PLEASE TAKE FURTHER NOTICE that if no written objections to the

Application are timely filed, served, and received, the order filed with the Application and

attached to this notice as <u>Exhibit A</u> will be submitted for signature to the Honorable Robert

D. Drain, United States Bankruptcy Court for the Southern District of New York, One

Bowling Green, Room 610, New York, New York 10004 on December 16, 2005.

PLEASE TAKE FURTHER NOTICE that objections, if any, to approval of

the Application (a) must be in writing, (b) must conform to the Federal Rules of Bank-

2

ruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and

the Order Under 11 U.S.C. §§ 102 (1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case

Management, And Administrative Procedures, And (III) Scheduling An Initial Case

Conference In Accordance With Local Bankr. R. 1007-2(e) (the "Case Management

Order") (Docket No. 245), (c) must be filed with the Bankruptcy Court in accordance with

General Order M-242 (as amended) - registered users of the Bankruptcy Court's case filing

system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk

(preferably in Portable Document Format (PDF), WordPerfect, or any other Win-

dows-based word processing format), (d) must be submitted in hard-copy form directly to

the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e)

and must be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098

(Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher &

Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm.

Butler, Jr.), (iii) counsel for the agent under the Debtors' prepetition credit facility, Simpson

Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n:

Kenneth S. Ziman), (v) counsel for the agent under the postpetition credit facility, Davis

Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n:  Marlane

Melican), (vi) counsel for the Official Committee of Unsecured Creditors, Latham &

Watkins, 885 Third Avenue, New York, New York 10022 (Att'n: Mark A. Broude), (vii)

and Price, Heneveld, Cooper, DeWitt & Litton LLP, 695 Kenmoor Avenue, S.E., P.O. Box

2567, Grand Rapids, Michigan 49501-2567 (Att'n: Kevin T. Grzelak), and (viii) the Office

3

of the United States Trustee for the Southern District of New York, 33 Whitehall Street,

Suite 2100, New York, New York 10004 (Att'n:  Alicia M. Leonhard), in each case so as to

be **received** no later than **4:00 p.m. (Prevailing Eastern Time) on December 16, 2005**

(the "Objection Deadline").

> PLEASE TAKE FURTHER NOTICE that only those objections made in
writing, in accordance with the Case Management Order, and timely filed and received by
the Objection Deadline will be considered by the Bankruptcy Court at the Hearing, and
that if no objections to the Application are timely filed and served the Bankruptcy Court
may enter an order granting the Application **without further notice**.

Dated: New York, New York
　　　　December 6, 2005

<div align="center">

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

</div>

By: /s/ John Wm. Butler, Jr.
　　　John Wm. Butler, Jr. (JB 4711)
　　　John K. Lyons (JL 4951)
　　　Ron E. Meisler (RM 3026)
　　333 West Wacker Drive, Suite 2100
　　Chicago, Illinois  60606
　　(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
　　　Kayalyn A. Marafioti (KM 9632)
　　　Thomas J. Matz (TM 5986)
　　Four Times Square
　　New York, New York  10036
　　(212) 735-3000

Attorneys for Delphi Corporation, et al.,
　　Debtors and Debtors-in-Possession

<div align="center">

4

</div>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                          :

In re                      :     Chapter 11
                          :

DELPHI CORPORATION, et al.,  :     Case No. 05-44481 (RDD)
                          :

               Debtors.  :     (Jointly Administered)
                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR.
P. 2014 AUTHORIZING EMPLOYMENT AND RETENTION OF
PRICE, HENEVELD, COOPER, DEWITT & LITTON LLP
AS INTELLECTUAL PROPERTY COUNSEL TO DEBTORS

("PRICE HENEVELD RETENTION ORDER")

Upon the application, dated December 6, 2005 (the "Application"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C.

§§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014, authorizing the employment and retention of

Price, Heneveld, Cooper, DeWitt & Litton LLP ("Price Heneveld") as legal ordinary course

professional counsel to the Debtors; and upon the Affidavit of Kevin T. Grzelak, sworn to

December 6, 2005, in support of the Application (the "Grzelak Affidavit"); and this Court being

satisfied with the representations made in the Application and the Grzelak Affidavit that Price

Heneveld does not represent or hold any interest adverse to any of the Debtors' estates or the

Debtors with respect to the matters on which Price Heneveld is to be employed, and that Price

Heneveld's employment is necessary and would be in the best interests of each of the Debtors'

estates; and it appearing that proper and adequate notice has been given and that no other or

further notice is necessary; and upon the record herein; and after due deliberation thereon; and

good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Application is GRANTED.

2.      The Debtors' employment of Price Heneveld as an intellectual property

counsel, pursuant to the Application, is approved under sections 327(e) and 1107(b) of the

Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), with approval of such employment being effective as of the Petition Date, October 8,

2005.

3.      Price Heneveld shall be compensated in accordance with the standards and

procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable

Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the

Southern District of New York (the "Local Rules"), guidelines established by the Office of the

United States Trustee, and further orders of this Court.

4.      This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Final Order.

5.      The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Application.

Dated:   New York, New York
          December ___, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

2