**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (admitted *pro hac vice*)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
         mitchell.seider@lw.com
         mark.broude@lw.com

Attorneys for The Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**STATEMENT OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS IN RESPONSE TO DEBTORS' MOTION FOR ORDER
UNDER 11 U.S.C § 363 AND FED. R. BANKR. P. 2002, 6004, AND 9013 AUTHORIZING
DEBTORS TO TRANSFER SHARES AND MERGE CERTAIN WHOLLY OWNED,
<u>NON-DEBTOR SUBSIDIARIES</u>**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Delphi Corporation, *et al.* (the "Debtors"), by and through its undersigned counsel, hereby submits the following statement (the "Statement") in response to the Debtors' Motion for Order under 11 U.S.C § 363 and Fed. R. Bankr. P. 2002, 6004, and 9013 Authorizing Debtors to Transfer Shares and Merge Certain Wholly-Owned, Non-Debtor Subsidiaries (the "Motion"):[1]

---

[1] Capitalized terms used but not otherwise defined in this Statement shall have the meanings ascribed to them in the Motion.

NY\1090169.2

## BACKGROUND

1. Delphi Automotive Systems (Holding), Inc. ("DASHI") is one of forty-two Debtors that have filed with this Court voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (as amended the "Bankruptcy Code").

2. According to the Debtors' Motion, DASHI has two indirect, wholly owned, non-Debtor operating subsidiaries in Austria: Delphi Packard Austria GmbH & Co KG ("Packard Austria") and Delphi Automotive Systems Vienna GmbH ("DAS Vienna"). DASHI directly owns Delphi Automotive Systems Holding GmbH ("DAS Holding"), which in turn owns DAS Vienna. DASHI also directly owns Delphi International Holdings Corporation Luxembourg SCS ("Delphi International Holdings"), which in turn owns Delphi Holdings Luxembourg Sarl ("Delphi Holdings Luxembourg"). Delphi Holdings Luxembourg owns Delphi Holding GmbH ("Delphi Holding"), which in turn owns Packard Austria.

## THE PROPOSED TRANSACTION

3. On November 23, 2005, the Debtors filed the Motion seeking authority for DASHI to transfer all shares of DAS Holding to Delphi Holding and then to merge DAS Holding into Delphi Holding (the "Transaction"). A corporate chart reflecting the corporate structure both before and after the Transaction is contained within the Motion.

4. The Debtors assert in the Motion that having two Austrian operating companies owned by two separate holding companies prevents the two companies from realizing potential tax benefits from consolidation under Austrian law. The Debtors further assert that the Transaction will allow Packard Austria to offset its taxable income against projected losses to be generated by DAS Vienna, making the Debtors' Austrian operations more tax efficient,

2

NY\1090169.2

eliminating an unnecessary legal entity in Austria, and creating a more tax efficient structure for dividend repatriations to the Debtors in the future.

## STATEMENT

5. The Committee has been informed that shortly prior to the Petition Date, the Debtors made certain transfers to their foreign non-debtor affiliates totaling approximately $400 million (the "Pre-petition Transfers"). The Committee understands that Delphi Holdings Luxembourg was the recipient of approximately $150 million of such transfers.

6. As a result of the Pre-petition Transfers, the Committee is required to scrutinize carefully all intercompany transactions among the Debtors' non-debtor affiliates to ensure that the transactions will not negatively affect the ability of any of the recipients of the Pre-petition Transfers to repay those transfers. The Committee will need to review each such transaction until such time as all Pre-petition Transfers have been returned to the appropriate Debtor.

7. The proposed Transaction is complex and involves several international Delphi non-Debtor affiliates, as well as foreign tax laws. Shortly after the Motion was filed, the Committee contacted the Debtors and requested certain information to aid in its analysis of the Transaction. In reviewing such information with the Debtors and its professionals, the Committee has concluded that the Transaction proposed in the Motion will in fact be beneficial to the Debtors and their estates from a tax perspective.

8. However, because Delphi Holdings Luxembourg was the recipient of approximately $150 million of the Pre-petition Transfer, the Committee could not limit its review of the Transaction to just the tax impact, even though that was the only stated purpose of the Transaction. The Committee took the analysis one step further to confirm that the Transaction would not have a negative impact on the financial position of Delphi Holdings

Luxembourg. Following due diligence inquiries and discussions with the Debtors, the Committee became comfortable that the Transaction would not have any such negative impact.

**WHEREFORE,** the Committee respectfully requests that this Court (a) grant the relief sought in the Motion, and (b) grant such other relief as is just and proper.

Dated: December 9, 2005
     New York, New York

                            **LATHAM & WATKINS LLP**

                            By: /s/ Mark A. Broude
                                Robert J. Rosenberg (RR-9585)
                                Mitchell A. Seider (admitted *pro hac vice*)
                                Mark A. Broude (MB-1902)
                                885 Third Avenue, Suite 1000
                                New York, New York 10022
                                Telephone: (212) 906-1200

                            Attorneys for the Official Committee of Unsecured Creditors

NY\1090169.2