**Hearing Date: November 29, 2005**
                      **Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                           :
     In re                               :        Chapter 11
                                           :
DELPHI CORPORATION, et al.,      :        Case No. 05-44481 (RDD)
                                         :
                      Debtors.    :        (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OBJECTION TO MOTION TO VACATE OR AMEND ORDER (I) APPOINTING UNIONS AS AUTHORIZED REPRESENTATIVES FOR UNION-REPRESENTED RETIREES UNDER 11 U.S.C. §§ 1114(c) OR 1114(d) OR, IN THE ALTERNATIVE, (II) ESTABLISHING PROCEDURES FOR SOLICITATION, NOMINATION, AND APPOINTMENT OF COMMITTEE OF RETIRED EMPLOYEES

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this objection (the "Objection") to the Motion of Michael Beard, Russell Detwiler, Floyd Jones, and John M. McGrath (the "Movants") to vacate or amend the order, entered October 13, 2005, (i) appointing unions as authorized representatives for union-represented retirees under 11 U.S.C. §§ 1114(c) and 1114(d) or, in the alternative, (ii) establishing procedures for solicitation, nomination, and appointment of committee of retired employees (the "Retiree Committee Order") (Docket No. 595) (the "Motion"). In support of this Objection, the Debtors respectfully represent as follows:[1]

Preliminary Statement

1.  On October 8, 2005 (the "Petition Date"), the Debtors filed a motion seeking entry of the Retiree Committee Order (Docket No. 15) (the "Retiree Committee Motion").

2.  The purpose of the Retiree Committee Motion was simply to meet the requirements of section 1114 of the Bankruptcy Code. As stated in the Retiree Committee Motion, to successfully reorganize, "the Debtors require significant cost reductions and labor modifications, including elimination of retiree medial and life benefits for their hourly active employees and current hourly retirees <u>whose benefits were covered by a collective bargaining</u>

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

agreement." Retiree Committee Motion ¶ 15 (emphasis added). To eliminate retiree medical and life insurance benefits, the Debtors arguably must negotiate with the "authorized representative" of the retirees described above. The Retiree Committee Motion created a procedure for selecting an authorized representative for retirees whose retiree medical and life insurance benefits were initially conferred by a collective bargaining agreement between the Debtors and one of the International Unions.[2]

3.  After a hearing, this Court on October 13, 2005 entered an order (the "Retiree Committee Order") granting the Retiree Committee Motion. Subsequent to the entry of the Retiree Committee Order and in accordance with paragraphs 2 and 3 thereof, the International Unions agreed to serve as the authorized representatives of the retirees (and, to the extent applicable, their surviving spouses, dependants, and beneficiaries) whose retiree medical and life insurance benefits were initially conferred by a collective bargaining agreement between the Debtors and their respective International Union.

4.  Contrary to any allegation in the Motion, neither the Retiree Committee Motion nor the Retiree Committee Order affects the rights and interests of any non-union retired employee of the Debtors. Therefore, the Movants lack standing to seek the relief requested in the Motion. If and when the Debtors seek Bankruptcy Court approval to eliminate or modify the

---

[2]  The International Unions, as that term is used herein, are the United Auto Workers, the International Union Of Electronic, Electrical, Salaried, Machine And Furniture Workers-Communications Workers Of America, the United Steelworkers Of America, the International Association Of Machinists And Aerospace Workers, the International Brotherhood Of Electrical Workers, and the International Union Of Operating Engineers.

3

retiree medical and life insurance benefits of their non-union retired employees, the Debtors will provide the Movants notice of those proceedings.[3]

### Argument

5. The Movants are non-hourly retirees under the age of 65 who allegedly receive retiree health, life, or disability benefits from the Debtors. Because the Movants are not union-retirees, the Movants' benefits were _not_ conferred by a collective bargaining agreement. In the Motion, the Movants seek to amend or vacate the Retiree Committee Order, alleging that "[a]lthough the Retiree Committee Motion at first glance seems to deal exclusively with unrepresented union retirees, the Order would have a substantial impact on the rights of non-hourly, salaried retirees to be represented by a Retiree Committee in this case." Motion ¶ 8.

6. In support of this conclusion, the Movants allege that if and when the Debtors seek to modify or terminate the retiree benefits on the non-union retirees, the Retiree Committee Order allows the committee formed pursuant to the Retiree Committee Order, which is not comprised of any non-union retirees, to act as the authorized representative of the non-union retirees. The Movants' position is wrong.

7. Paragraph 11 of the Retiree Committee Order provides: "The appointment of an International Union and/or a Retiree Committee pursuant to the procedures set forth hereunder shall be for the sole purpose of representing retirees in connection with their rights arising under section 1114 and 1129(a)(13) of the Bankruptcy Code and for no other purpose." Although this paragraph does not specifically refer to the representation of _union_ retirees, the Retiree Committee Motion only discusses union retirees and the Retiree Committee Order

---

[3] The Debtors reserve their rights to modify or terminate the retiree medical and life insurance benefits of their non-union retired employees to the extent that the Debtors have a prepetition right to do so unilaterally.

clearly limits, and is intended to limit, the scope of the appointment of authorized representatives to union retirees.

        8.      Specifically, the Retiree Committee Order establishes a procedure for appointing an authorized representative for retirees "whose retiree medical and life insurance benefits were initially conferred by a collective bargaining agreement between the Debtors and an International Union." <u>Retiree Committee Order</u> ¶ 2. The authorized representatives appointed to serve pursuant to the Retiree Committee Order were not appointed to represent the non-union retirees in any potential negotiations of section 1114 retiree benefits.

        9.      Neither the Retiree Committee Motion nor the Retiree Committee Order affects the substantive rights and interests of any non-union retiree. Because the Retiree Committee Order does not affect the rights and interests of the Movants, the Movants do not have standing to bring the Motion. Therefore, the Motion should be denied with prejudice.

<u>Notice</u>

        10.     Notice of this Objection has been provided in accordance with the Order under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (i) Omnibus Hearing Dates, (ii) Certain Notice, Case Management, and Administrative Procedures, and (iii) Scheduling an Initial Case Conference in Accordance with Local Bankr. R. 1007-2(e), which was entered by this Court on October 14, 2005 (Docket No. 245). In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

Memorandum Of Law

11.    Because the legal points and authorities upon which this Objection relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) denying the Motion and (ii) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       November 22, 2005

        SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP


        By: /s/ John Wm. Butler, Jr.
           John Wm. Butler, Jr. (JB 4711)
           John K. Lyons (JL 4951)
           Ron E. Meisler (RM 3026)
    333 West Wacker Drive, Suite 2100
    Chicago, Illinois 60606
    (312) 407-0700

     - and -


        By: /s/ Kayalyn A. Marafioti
           Kayalyn A. Marafioti (KM 9632)
           Thomas J. Matz (TM 5986)
    Four Times Square
    New York, New York 10036
    (212) 735-3000

    Attorneys for Delphi Corporation, et al.,
      Debtors and Debtors-in-Possession