**Hearing Date: November 29, 2005**
                    **Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

  - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
|   In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|       Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

    DEBTORS' OBJECTION TO MOTION FOR APPOINTMENT OF
 OFFICIAL COMMITTEE OF RETIREES PURSUANT TO 11 U.S.C. § 1114(d)
  CONSISTING OF PERSONS RECEIVING RETIREE BENEFITS NOT
    <u>COVERED BY A COLLECTIVE BARGAINING AGREEMENT</u>

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this objection (the "Objection") to the Motion of Michael Beard, Russell Detwiler, Floyd Jones, and John M. McGrath (the "Movants") for Appointment of Official Committee of Retirees Pursuant to 11 U.S.C. § 1114(d) Consisting of Persons Receiving Retiree Benefits Not Covered by a Collective Bargaining Agreement (Docket No. 874) (the "Motion"). In support of this Objection, the Debtors respectfully represent as follows:[1]

### Preliminary Statement

1.      By the Motion, the Movants seek the appointment of a retiree committee composed of retirees who are receiving retiree benefits that were <u>not</u> initially conferred by a collective bargaining agreement between the Debtors and one of the International Unions.[2] At this time, the Debtors have <u>not</u> determined if, and to what extent, they will seek to modify the retiree medical and life insurance benefits of their non-union retirees.

2.      Until the Debtors seek to modify or terminate the retiree medical and life insurance benefits of its non-union retirees, there is no useful purpose of appointing a retiree

---

[1]   Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

[2]   The International Unions, as that term is used herein, are the United Auto Workers, the International Union Of Electronic, Electrical, Salaried, Machine And Furniture Workers-Communications Workers Of America, the United Steelworkers Of America, the International Association Of Machinists And Aerospace Workers, the International Brotherhood Of Electrical Workers, and the International Union Of Operating Engineers.

committee consisting of persons receiving retiree benefits not covered by a collective bargaining agreement.  Because the Motion is premature, the Motion should be denied without prejudice.[3]

   3. Finally, the Movants did not request the appointment of a committee of non-hourly retirees pursuant to section 1102 of the Bankruptcy Code.  The Movants' interests are adequately represented by the Official Committee of Unsecured Creditors (the "Creditors' Committee"), and the Movants have not presented any evidence to the contrary.  Therefore, even if the Movants were to request that the Court appoint an additional committee pursuant to section 1102 of the Bankruptcy Code, such request should be denied.

Argument

A. This Court Should Not Appoint An Additional Committee Under 11 U.S.C. § 1114(d).

   4. Prior to a debtor's determination to modify retiree benefits, it is not appropriate to appoint a committee pursuant to section 1114 of the Bankruptcy Code.  See In re Winn-Dixie Stores, Inc., 326 B.R. 853, 858-59 (Bankr. M.D. Fla. 2005) ("At this point in the case [where the debtors have not yet attempted to modify or terminate § 1114 benefits], the Court finds such a motion premature."); In re Farmland Industries, Inc., 294 B.R. 903, 920 (Bankr. W.D. Mo. 2003) ("Unless and until [the debtor] seeks to modify or terminate these plans in accordance with the procedures outlined in § 1114, there is no need for the appointment of a committee."); In re Agway, Inc., 297 B.R. 371, 375 (Bankr. N.D.N.Y. 2003) ("At such time as the Debtor determines that it is necessary to modify the retirees' benefits, as defined in [§ 1114],

---

[3] The Debtors take no position at this time on the subject of whether a committee of retirees whose benefits were not initially conferred by a collective bargaining agreement will be necessary if, and when, the Debtors seek Bankruptcy Court approval to modify or terminate the retiree benefits of this group of employees.

3

the Court will again entertain a motion for the appointment of a committee to act as the authorized representative of the retirees.").

5. As the court noted in Farmland, "no useful purpose would be served by the appointment of a committee" prior to the debtors' decision to modify or terminate the retiree benefits of the individuals represented by the purported committee. 294 B.R. at 920. "Appointment of a committee at this time would simply delay things further, at considerable expense to the Debtors, and would not change the final result." Id.

6. In Agway, the court recognized that because the Debtors are required to present a proposal on the modification of retiree benefits to an "authorized representative" of the retirees affected by the proposal, the debtors, from a practical perspective, are in the best position to request the appointment of a committee. 297 B.R. at 376 n.3. Consistent with Agway, the Debtors filed a Motion For Order (i) Appointing Unions As Authorized Representatives For Union-Represented Retirees Under 11 U.S.C. §§ 1114(c) And 1114(d) Or, In The Alternative, (ii) Establishing Procedures For Solicitation, Nomination, And Appointment Of Committee Of Retired Employees (Docket No. 15) (the "Retiree Committee Motion"), because the Debtors have decided to terminate the benefits of the union-represented retirees. The Debtors have not, however, made any such determination at this time regarding the retiree medical and life insurance benefits of its non-union retirees. Thus, the Motion should be denied.

7. If and when the Debtors seek Bankruptcy Court approval to eliminate or modify the retiree medical and life insurance benefits of their non-union retired employees, the Debtors will provide the Movants notice of those proceedings.

B.      This Court Should Not Appoint An Additional Committee Pursuant To 11 U.S.C. § 1102.

8.      Section 1102 of the Bankruptcy Code authorizes the Court to appoint an additional creditors' committee only "if necessary to assure adequate representation of creditors or of equity security holders." The party seeking the appointment of an additional committee bears the burden of proving it is not adequately represented. Agway, 297 B.R. at 374. The appointment of an additional committee is an "extraordinary remedy." In re Enron Corp., 279 B.R. 671, 685 (Bankr. S.D.N.Y. 2002).

9.      Although there is no set framework in the Bankruptcy Code for determining "adequate representation," courts generally have applied similar factors in the analysis of this issue: (1) the ability of the committee to function; (2) the nature of the case; (3) the standing and desires of various constituencies; (4) the ability for creditors to participate in the cases without an official committee and the potential to recover expenses pursuant to 11 U.S.C. § 503(b); (5) whether different classes may be treated differently under a plan and need representation; (6) the motivation of movants; (7) the costs incurred by the appointment of additional committees; and (8) the tasks that a committee or separate committee is to perform. Id.

10.     This Court should not appoint an additional creditors' committee comprised of non-hourly retirees because such a committee would not provide a benefit to the overall administration of the estate. See Winn Dixie, 326 B.R. at 857 (holding that participants in debtors' non-qualified retirement plans were being adequately represented by creditors' committee). At this time, when the Debtors have not sought to modify of terminate the retiree benefits of their non-hourly employees, the interests of the Movants is the same as any other unsecured creditor -- to maximize the value of the Debtors' estates. "The issue is whether the

5

[movants'] interests are adequately represented, not whether they are exclusively represented." Id. at 858.  Therefore, the Motion should be denied without prejudice.

### Notice

11.    Notice of this Objection has been provided in accordance with the Order under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (i) Omnibus Hearing Dates, (ii) Certain Notice, Case Management, and Administrative Procedures, and (iii) Scheduling an Initial Case Conference in Accordance with Local Bankr. R. 1007-2(e), which was entered by this Court on October 14, 2005 (Docket No. 245).  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

### Memorandum Of Law

12.    Because the legal points and authorities upon which this Objection relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) denying the Motion without prejudice and (ii) granting the Debtors such other and further relief as is just.

Dated: New York, New York
November 22, 2005

      SKADDEN, ARPS, SLATE, MEAGHER
        & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession