Mitchell D. Cohen (MC-5767)
Robert M. Hirsh (RH-5499)
ARENT FOX PLLC
1675 Broadway
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990

Attorneys for Pullman Bank and Trust Company

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : |
| | : |
| DELPHI CORPORATION f/k/a DELPHI AUTOMOTIVE SYSTEMS CORPORATION, | : Chapter 11 |
| | : Case No. 05-44481-rdd |
| Debtor. | : |
| | : |
| | : |

**MOTION BY PULLMAN BANK AND TRUST COMPANY FOR
(I) RELIEF FROM THE AUTOMATIC STAY OR ALTERNATIVELY
ADEQUATE PROTECTION AND (II) TO COMPEL ASSUMPTION
OR REJECTION OF UNEXPIRED LEASE OR SHORTENING
TIME IN WHICH LEASES SHALL BE ASSUMED OR
REJECTED AND (III) FOR POST-PETITION LEASE PAYMENTS**

Pursuant to Section 362(d) of Title 11, U.S. Code (the "Bankruptcy Code"), movant Pullman Bank and Trust Company ("Pullman") seeks an order of this Court granting it relief from the automatic stay, with respect to a particular master lease agreement and pursuant to Section 365 of the Bankruptcy Code and Rules 6006 and 9014, compelling Delphi Corporation f/k/a Delphi Automotive Systems Corporation (the "Debtor") to assume or reject a certain unexpired lease agreement and related Schedules (the "Lease") entered into between the Debtor and Pullman's assignor, or setting a deadline within which the Debtor must assume or reject the Lease. It is further requested that until the Lease is assumed or rejected, the Debtor be ordered to make its post-petition rental payments due to Pullman.

NYC/243652.1

Since filing its petition, the Debtor has failed to make full payment of its post-petition rental installments due under the Lease despite the fact that Debtor has retained the exclusive possession of the equipment. Pullman is informed and believes and thereon alleges that the Debtor continues to use the equipment subject to the Lease in the operation of its business.

## BACKGROUND

1. Pre-petition, on or about June 29, 2001, the Debtor agreed to enter into a Master Equipment Lease Agreement (the "MLA"), whereby Pacific Rim Capital, Inc. ("Pacific") agreed to lease to the Debtor certain equipment to the Debtor. A copy of the MLA is annexed to the Declaration of Richard Dunbar as Exhibit "A" filed simultaneously herewith. Pursuant to the terms of the MLA the parties agreed that the Debtor would lease equipment from Pacific as more fully set forth and described in the schedules of the MLA.

2. In accordance with the MLA, on or about August 20, 2003, the Debtor entered into and executed Equipment Schedule No. 3, whereby the Debtor agreed to lease from Pacific certain equipment as more fully described therein. A copy of Schedule No. 3 is annexed to the MLA.

3. In accordance with the MLA, on or about February 25, 2004, the Debtor entered into and executed Equipment Schedule No. 4, whereby the Debtor agreed to lease from Pacific certain equipment as more fully described therein. A copy of Schedule No. 4 is annexed to the MLA.

4. In accordance with the MLA, on or about June 22, 2004, the Debtor entered into and executed Equipment Schedule No. 5, whereby the Debtor agreed to lease from Pacific certain equipment as more fully described therein. A copy of Schedule No. 5 is annexed to the MLA.

5. In accordance with the MLA, on or about September 17, 2004, the Debtor entered into and executed Equipment Schedule No. 6, whereby the Debtor agreed to lease from Pacific

certain equipment as more fully described therein.  A copy of Schedule No. 6 is annexed to the MLA.

6. Pursuant to the MLA and Equipment Schedules Nos. 3, 4, 5, 6 (collectively, the "Schedules"), the Debtor agreed to make certain monthly payments to Pacific.

7. Pursuant to four (4) separate Notices of Acknowledgment and Assignment, Pacific assigned to Pullman all of its rights under the MLA and the Schedules, including all rights to receive rent payments and other sums due under the MLA (collectively, the "Payments"). Copies of the Notices of Acknowledgment and Assignment are collectively annexed to the Declaration of Richard Dunbar as Exhibit "B" filed simultaneously herewith.  Accordingly, Pullman is the proper party-in-interest.

8. On October 8, 2005 (the "Petition Date"), the Debtor filed a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code and an Order for Relief was entered on that date.

9. Since the Petition Date, Pullman has not received full monthly payments which have come due under the MLA and Schedules.  Pullman, believes that its interest in the equipment subject to the Schedules is not being adequately protected and accordingly cause exists to terminate the automatic stay.  Further, under bankruptcy code section 365(d)(10), Pullman is entitled to monthly lease payments as they come due under the Schedules to MLA.

## ARGUMENT

A. **Pullman is entitled to Relief from the Automatic Stay**

11 U.S.C. §362(d) provides for one of the basis under which this Court may terminate, annul, modify, or condition the automatic stay.  11 U.S.C. §362(d)(1) provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –

(1) for cause, including the lack of adequate protection…;

10. Pullman has not received any payments due on certain Schedules and only partial payments on others, and thereby believes that its interests are not adequately protected. As stated above the code provides that Pullman shall be entitled to relief from the automatic stay when its interests are not adequately protected.

11. A creditor's right to equipment is not adequately protected where the equipment is depreciating in value and where the Debtor is not providing compensation therefore. In re Park West Hotel Corp., 64 B.R. 1013, 1018 (Bankr. D. Mass. 1986) *citing,* In re Timbers, 793 F.2d 1380, 1388 (5th Cir. 1986). It is widely accepted that a Debtor must compensate a creditor for the depreciating value of its equipment. Id.

12. The Debtor has not made full post-petition payments to Pullman despite its continued use and possession of the equipment described in the Schedules. Under the Schedules Pullman is still owed $271,291.99, while upon information and belief, the equipment is worth less than the Debtor owes. Moreover, the Equipment continues to depreciate on a monthly basis thereby further eroding any recovery Pullman may hope to obtain. Pullman must be provided with monthly adequate protection payments or alternatively obtain relief from stay so that it may foreclose on the equipment listed in the Schedules.

13. Accordingly, Pullman seeks an order granting it relief from the automatic stay, pursuant to 362(d)(1), so that it may take those steps necessary to mitigate its damages, including taking possession of the equipment covered under the Schedules and selling same.

**B.    In the alternative, The Debtor Should be required
          to Assume or Reject the Schedules to the MLA**

NYC/243652.1                                                4

11 U.S.C. §365(d)(2) provides in relevant part:

> In a case under Chapter . . . 11, . . . of this title, the trustee may assume or reject an executor contract or unexpired lease of . . . personal property of the debtor at any time before the confirmation of a plan but the court, on request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

14. Where a party seeks to compel assumption or rejection of an executory contract, a debtor is permitted a reasonable time in which to make the determination whether assumption or rejection of the contract is beneficial to the estate. Theatre Holding Corp. v. Mauro, 681 F.2d 102 (2d. Cir. 1982). What constitutes "reasonable time" within which to affirm or reject a lease under 11 U.S.C. §365(d)(2) is left to the Bankruptcy Court's discretion in light of all circumstances of the case. In re Monroe Well Services, Inc., 83 B.R. 317 (Bankr. E.D. Penn. 1988);

15. Pullman believes that there is no reason why the Debtor should delay its decision while Pullman's damages continue to accumulate. If the Debtor desires to retain the equipment subject to the Schedules, then it should be directed to assume the MLA and Schedules and pay all the arrears it has accumulated.

16. Even if the Court determines that the Debtor need not make an immediate determination as to assumption or rejection of the Schedules, the Debtor should be compelled to perform its obligations thereunder.

11 U.S.C. §365(d)(10) provides in part that:

> [t]he trustee shall perform all of the obligations of the debtor, except those specified in section 365(b)(2), first arising from or after 60 days after the order for relief in a case under chapter 11 of this title under an unexpired lease of personal property. . ., until such lease is assumed or rejected notwithstanding section 503(b)(1) of this title, unless the court, after notice and a hearing and based on the equities of the case, orders otherwise with respect to the obligations or timely performance thereof.

NYC/243652.1

5

17. More than 60 days has passed since the order for relief was entered. However, to date, the Debtor has failed to make full post-petition payments that have come due. Pursuant to 365(d)(10) the trustee, or in this instance the debtor in possession, has an affirmative duty to timely perform all of the obligations of the debtor, notwithstanding §503(b)(1). Accordingly, the Debtor should be directed to immediately begin making its full monthly payments as required under the Schedules until such time that assumption or rejection occurs.

## **CONCLUSION**

18. Based upon the foregoing, Pullman respectfully requests that the Court enter an order granting Pullman relief from the automatic stay to enforce its rights with respect to the equipment subject to the Schedules, including but not limited to taking possession of the equipment thereunder, selling the equipment and applying the proceeds thereof to the obligations owing to Pullman.

19. Alternatively, with respect to the Schedules under the MLA, Pullman requests that this Court compel the Debtor to assume or reject the Lease and pending such determination that it commence making its monthly lease payments pursuant to §365(d)(10), and for such other and further relief as the Court deems proper.

**WHEREFORE,** Pullman Bank and Trust Company hereby requests that this Court grant it such relief as it deems proper.

Dated: December 14, 2005

    Attorneys for
    PULLMAN BANK AND TRUST COMPANY

    /s/ MITCHELL D. COHEN
By: _____
    Mitchell D. Cohen (MC-5767)
    Robert M. Hirsh (RH-5499)
    ARENT FOX PLLC
    1675 Broadway
    New York, New York 10019
    Telephone No.: (212) 484-3900
    Facsimile No.: (212) 484-3990