Mitchell D. Cohen (MC-5767)
Robert M. Hirsh (RH-5499)
ARENT FOX PLLC
1675 Broadway
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990

Attorneys for Pullman Bank and Trust Company

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : |
| DELPHI CORPORATION f/k/a DELPHI AUTOMOTIVE SYSTEMS CORPORATION, | : Chapter 11 <br> : Case No. 05-44481-rdd |
| Debtor. | : |

**DECLARATION OF RICHARD DUNBAR IN**
**SUPPORT OF MOTION OF PULLMAN BANK AND TRUST COMPANY**

I, RICHARD DUNBAR, declare as follows:

1. I am over eighteen (18) years of age and a resident of the United States of America. I make this declaration based upon my personal knowledge, except as to matters stated herein on my information and belief, and as to those matters, I believe my information to be true and correct. If called upon as a witness, I could and would competently testify thereto.

2. I am a Vice President of Pullman Bank and Trust Company ("Pullman") and in such capacity, I am responsible for the oversight of its various accounts.

3. Pre-petition, on or about June 29, 2001, Delphi Corporation f/k/a Delphi Automotive Systems Corporation (the "Debtor") agreed to enter into a Master Equipment Lease Agreement (the "MLA"), whereby Pacific Rim Capital, Inc. ("Pacific") agreed to lease to the Debtor certain equipment to the Debtor. A copy of the MLA is annexed hereto as Exhibit "A". Pursuant to the

NYC/243712.1

terms of the MLA the parties agreed that the Debtor would lease equipment from Pacific as more fully set forth and described in the schedules of the MLA.

4. In accordance with the MLA, on or about August 20, 2003, the Debtor entered into and executed Equipment Schedule No. 3, whereby the Debtor agreed to lease from Pacific certain equipment as more fully described therein. A copy of Schedule No. 3 is annexed to the MLA.

5. In accordance with the MLA, on or about February 25, 2004, the Debtor entered into and executed Equipment Schedule No. 4, whereby the Debtor agreed to lease from Pacific certain equipment as more fully described therein. A copy of Schedule No. 4 is annexed to the MLA.

6. In accordance with the MLA, on or about June 22, 2004, the Debtor entered into and executed Equipment Schedule No. 5, whereby the Debtor agreed to lease from Pacific certain equipment as more fully described therein. A copy of Schedule No. 5 is annexed to the MLA.

7. In accordance with the MLA, on or about September 17, 2004, the Debtor entered into and executed Equipment Schedule No. 6, whereby the Debtor agreed to lease from Pacific certain equipment as more fully described therein. A copy of Schedule No. 6 is annexed to the MLA.

8. Pursuant to the MLA and Equipment Schedules Nos. 3, 4, 5, 6 (collectively, the "Schedules"), the Debtor agreed to make certain monthly payments to Pacific.

9. Pursuant to four (4) separate Notices of Acknowledgment and Assignment, Pacific assigned to Pullman all of its rights under the MLA and the Schedules, including all rights to receive rent payments and other sums due under the MLA (collectively, the "Payments").

Copies of the Notices of Acknowledgment and Assignment are collectively annexed hereto as Exhibit "B". Accordingly, Pullman is the proper party-in-interest.

10. On October 8, 2005 (the "Petition Date"), the Debtor filed a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code and an Order for Relief was entered on that date.

11. Since the Petition Date, Pullman has not received full monthly payments which have come due under the MLA and Schedules. Pullman, believes that its interest in the equipment subject to the Schedules is not being adequately protected and accordingly cause exists to terminate the automatic stay. Further, under bankruptcy code section 365(d)(10), Pullman is entitled to monthly lease payments as they come due under the Schedules to MLA.

12. Pullman is owed under the Schedules $271,291.99 and believes that the Equipment securing the Schedules has a value less than the amount still due and owing under the Schedules.

13. Moreover, the Equipment continues to depreciate with each passing day thereby further eroding any recovery Pullman may hope to obtain. Pullman must be provided with monthly adequate protection payments or alternatively obtain relief from stay so that it may foreclose on its Equipment.

14. As of December 13, 2005, the total remaining obligation due Pullman under the Schedules to the Master Lease Agreement was $271,291.99, not including late charges, attorney's fees and costs.

15. I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on December 13, 2005 at Mishawaka, Indiana.

_____
RICHARD DUNBAR

Sworn to before me this
13 day of December, 2005.

_____
Notary Public

MARY HERSHBERGER
Elkhart County
My Commission Expires
July 20, 2009