Hearing Date and Time: **January 5, 2006 at 10:00 a.m.**

VARNUM, RIDDERING, SCHMIDT
 & HOWLETT LLP
Michael S. McElwee (P36088)
333 Bridge Street, N.W., Ste. 1700
Grand Rapids, MI 49504
Telephone: (616) 336-6827

DICONZA LAW, P.C.
Gerard DiConza (GD 0890)
630 Third Avenue
New York, New York 10017
Telephone: (212) 682-4940

*Co-counsel for Furukawa Electric North America ADP*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x
In re                                                        :
                                                             :    Chapter 11
                                                             :
DELPHI CORPORATION, *et al.*,                                :
                                                             :    Case No. 05-44481 RDD
                              Debtors.                       :
                                                             :    (Jointly Administered)
                                                             :
-----------------------------------------------------------------------x


**MOTION OF FURUKAWA ELECTRIC NORTH AMERICA APD**
**FOR RELIEF FROM AUTOMATIC STAY TO PERMIT SETOFF OF CLAIMS**


TO:   THE HONORABLE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE


   Furukawa Electric North America ADP ("Furukawa"), by and through its attorneys, hereby moves for relief from the automatic stay, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), to permit Furukawa to setoff certain mutual pre-petition claims, and in support of its motion, states as follows:

**Jurisdiction**

1.     On October 8, 2005 (the "Petition Date"), Delphi Corporation and certain of its subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.     The statutory predicates for the relief sought herein are sections 362(d) and 553 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedures.  This Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).  Venue in this District is proper under 28 U.S.C. § 1409.

**Introduction**

3.     Furukawa is a long-term supplier to Delphi Automotive Systems, Inc. ("DAS"), one of the above-captioned debtors, and at least one of DAS's divisions, Delphi Saginaw.

4.     On September 14, 2005, Furukawa received a payment from the Debtors in the amount of $2,832,045.42.  This payment was accompanied by a remittance advice, applying the funds to particular invoices issued by Furukawa to Delphi Saginaw.  The invoices were all due and payable at the time the payment was made.

5.     On October 4, 2005, Furukawa received a payment from the Debtors in the amount of $2,826,506.66 (the "October 4 Payment").  The October 4 Payment was remitted by the Debtors against essentially the same invoices paid with the September 14, 2005 payment.  The two payments were in slightly different amounts because one invoice for approximately

$34,000 was not included in the second payment, and the October 4 Payment did not take credit for certain prompt-payment discounts.

6. At the time the October 4 Payment was made, Delphi Saginaw had outstanding invoices due and owing to Furukawa in the amount of $3,919,273.37 (the "Pre-petition Claim").

7. After Furukawa received the October 4 Payment, it placed the funds in a "suspension account" pending reconciliation of the Debtors' remittance advices.

8. The Debtors have not corrected their duplicate remittance advice, and have not sent new instructions to Furukawa for application of the October 4 Payment.

**Relief Requested**

9. By this Motion, Furukawa seeks an order, pursuant to section 362(d) of the Bankruptcy Code, granting it relief from the automatic stay to apply the October 4 Payment to an equivalent amount of the unpaid Pre-petition Claim.

**Basis for the Relief Requested**

10. Section 553(a) of the Bankruptcy Code preserves a creditor's right under state law to setoff mutual pre-petition debts owed to and by the creditor and the debtor. 11 U.S.C. § 553(a); *Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16 (1995); *In re Ionosphere Clubs, Inc.*, 164 Bankr. 839, 841 (Bankr. S.D.N.Y. 1994). The right of setoff is intended to avoid "the absurdity of making A pay B when B owes A." *Strumpf, supra,* at *18.* The creditor must show that it has a right to a setoff under the following criteria: (1) "The debtor must owe a debt to the creditor which arose pre-petition;" (2) "The debtor must have a claim against the creditor which arose pre-petition;" and (3) "The debt and the claim must be mutual." *In re Ionosphere Clubs, Inc.,* 164 Bankr. at 841.

11.     The underlying agreements between Furukawa and the Debtors are governed by Michigan law.  In Michigan, a creditor has the absolute right "to apply the unappropriated monies of his debtor, in his hands, in extinguishment of the debts due to him."  *See Whispering Pines AFC Homes, Inc. v. Department of Treasury,* 212 Mich. App. 545; 538 N.W.2d 452 (Mich. App. 1995) (citing *United States v. Munsey Trust Co.,* 332 U.S. 234, 239 (1947) and *Brown v. Lobdell,* 36 Or. App. 397; 585 P.2d 4, 7 (1978)).  Thus, Furukawa has the right under Michigan law to setoff the October 4 Payment against the Pre-petition Claim.

12.     The debts between the Debtors and Furukawa are "mutual," as they are owed by and between the same parties, and they are owed by the parties in their own right, not as fiduciaries or in some other capacity.  *See Packaging Ind. Group v. Dennison Mfg Co., Inc. (In re Sentinel Prods.),* 192 B.R. 41, 45 (N.D.N.Y. 1996) (debts are "mutual" if "due to and from the same person in the same capacity").

13.     Furukawa did not acquire the setoff claim from another creditor either after the commencement of the Debtors' bankruptcy cases or within 90 days before the commencement of the cases while the Debtors were insolvent.  Furukawa also did not become indebted to the Debtors for the purpose of obtaining a right of setoff.  Furukawa therefore has enforceable setoff rights.  *See* 11 U.S.C. § 553(a)(2) and (3).

14.     Furukawa's right of setoff is a secured claim.  "An allowed claim of a creditor . . . that is subject to setoff under § 553 of this Title, is a secured claim . . . to the extent of the amount subject to setoff, . . . and is an unsecured claim to the extent that . . . the amount so subject to setoff is less than the amount of such allowed claim."  11 U.S.C. § 506(a)(1).  If a creditor has a right of setoff, its claim is deemed secured to the extent of the right of setoff.  *Bank of N.Y. v. Treco* (*In re Treco*), 240 F.3d 148 (2d Cir. 2001); *see also Farmers Home Admin v.*

4

*Buckner (In re Buckner)*, 66 F.3d 263, 265 n.3 (10th Cir. 1995) (same); 5 COLLIER ON BANKRUPTCY at 506.03 (15th Ed. Rev. 2005) ("By treating the right of setoff as a secured claim under section 506(a), Congress intended to encourage creditors to refrain from exercising the right immediately before the debtor commences a case under the Code."). Here, Furukawa has refrained from setting off against the Debtors, notwithstanding the Debtors' public disclosures of the possibility it would commence chapter 11 cases. As such, the amounts owed by the Debtors to Furukawa with respect to Furukawa's pre-petition claims, represent collateral for the amounts owed to the Debtors by Furukawa. Since the pre-petition debt owed by the Debtors to Furukawa exceeds the amount of the October 4 Payment, Furukawa's setoff claim is secured in its entirety.

15. While the Bankruptcy Code preserves creditors' rights of setoff, the exercise of such rights is subject to a grant of relief from the automatic stay from the Court.

16. Pursuant to section 362(d) of the Bankruptcy Code, the Court "shall" grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property [of the party requesting relief]." Cause exists here to protect Furukawa's common law setoff rights, as provided in section 553(a) of the Bankruptcy Code, and to assure adequate protection of Furukawa's security interest in the October 4 Payment.

17. The valid exercise of a right of setoff constitutes "cause" for relief from the automatic stay. *See, e.g., United States v. Orlinski (In re Orlinski)*, 140 B.R. 600, 603 (Bankr. S.D. Ga. 1991); *In re Coleman*, 52 B.R. 1, 3 (Bankr. S.D. Ohio 1985); *In re Flanagan Bros., Inc.*, 47 B.R. 299, 303 (Bankr. D.N.J. 1985).

18. Upon establishing its right to setoff, a party "makes a prima facie showing of 'cause' for relief from stay." *In re Orlinski*, 140 B.R. at 603. Courts frequently grant relief from the automatic stay to allow parties to effectuate a setoff of prepetition debts. *See, e.g., U.S.*

5

*Aeroteam v. Delphi Auto. Sys., LLC* (*In re U.S. Aeroteam*), Adv. Case No. 04-3047, 2005 Bankr. LEXIS 1900 (Bankr. S.D. Ohio 2005) (granting creditor relief from stay to set off prepetition debts where creditor owed debtor for prepetition purchases and had prepetition claims against debtor); *In re New Haven Foundry, Inc.*, 285 B.R. 646 (Bankr. E.D. Mich. 2002) (granting creditor relief from stay to set off prepetition receivables owed to creditor by debtor's affiliate against money owed to debtor for parts purchased prepetition); *In re Gibson*, 308 B.R. 763 (Bankr. N.D. Tex. 2002). Accordingly, the relief requested by this Motion may be granted on this basis alone.

### Waiver of Separate Memorandum of Law

19.     Since the statutory predicates and case law in support of the relief requested by this Motion are cited above, Furukawa has not filed a separate memorandum of law in support thereof. Furukawa reserves the right to submit a memorandum of law in support of the relief requested by the Motion.

### Notice

20.     Notice of this Motion has been provided pursuant to the Case Management Order dated October 14, 2005 establishing notice procedures in these cases. No further notice is required. No previous motion for the relief requested herein has been made to this or any other court.

**[continued on the following page]**

**WHEREFORE,** Furukawa respectfully requests that the Court (a) enter an order, substantially in the form annexed hereto, granting it relief from the automatic stay, pursuant to section 362(d) of the Bankruptcy Code, and permitting Furukawa to exercise its setoff rights in the October 4 Payment against the Pre-petition Claim, and (b) granting any other or additional relief the Court deems just and equitable.

Respectfully submitted,

Dated: December 15, 2005
      Grand Rapids, Michigan

VARNUM, RIDDERING, SCHMIDT
  & HOWLETT LLP

By: /s/ Michael S. McElwee
Michael S. McElwee (P36088)
333 Bridge Street, N.W., Ste. 1700
Grand Rapids, MI 49504
(616) 336-6827

and

Dated: December 15, 2005
      New York, New York

DICONZA LAW, P.C.

By: /s/ Gerard DiConza
Gerard DiConza (GD 0890)
630 Third Avenue, 7th Floor
New York, NY 10017
(212) 682-4940

*Co-counsel for Furukawa Electric North America ADP*

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
In re                                                                   :
                                                                        :    Chapter 11
DELPHI CORPORATION, *et al.*,                                           :
                                                                        :    Case No. 05-44481 RDD
                                Debtors.                                :
                                                                        :    (Jointly Administered)
                                                                        :
------------------------------------------------------------------------x

**ORDER GRANTING MOTION OF FURUKAWA ELECTRIC NORTH AMERICA APD FOR RELIEF FROM AUTOMATIC STAY TO PERMIT SETOFF OF CLAIMS**

Upon the motion (the "Motion") dated December 15, 2005 of Furukawa Electric North America ADP ("Furukawa") for an order, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), granting relief from the automatic stay (the "Automatic Stay") to permit Furukawa to effect a setoff of the October 4 Payment (as defined in the Motion) against the unpaid Pre-petition Claim (as defined in the Motion) owed by Delphi Corporation and its affiliated debtor entities (collectively, the "Debtors") to Furukawa; and upon the hearing to consider the Motion and all prior pleadings and proceedings herein, and after due deliberation, it appearing that sufficient cause exists to grant the Motion and modify the Automatic Stay to permit the setoff of the October 4 Payment by Furukawa; and no previous application for the relief sought having been made except as set forth herein; and sufficient cause appearing therefor, it is

2

**ORDERED,** that the Automatic Stay is hereby modified pursuant to section 362(d) of the Bankruptcy Code to permit Furukawa to setoff the October 4 Payment against the pre-petition amounts owed by the Debtors to Furukawa.

Dated:  New York, New York
          January __, 2006

_____
UNITED STATES BANKRUPTCY JUDGE