```
 1                    UNITED STATES BANKRUPTCY COURT
                      SOUTHERN DISTRICT OF NEW YORK
 2

 3
      -----------------------------------------X
 4                                              :
      In Re the Matter of:                      :   05-44481
 5                                              :
              DELPHI CORPORATION,               :   One Bowling Green
 6                                              :   New York, New York
                    Debtors.                    :   October 18, 2005
 7    -----------------------------------------X

 8
                            TRANSCRIPT OF MOTIONS
 9                 BEFORE THE HONORABLE ROBERT D. DRAIN
                     UNITED STATES BANKRUPTCY JUDGE
10

11    APPEARANCES:

12
      For the Debtors:          KAYALYN A. MARAFIOTI, ESQ.
13                              Skadden, Arps, Slate, Meagher
                                 & Flom, LLP
14                              Four Times Square
                                New York, New York  10036
15

16    For the Creditors Com:    MARK A. BROUDE, ESQ.
                                Latham & Watkins
17                              885 Third Avenue
                                New York, New York  10022
18

19    Court Transcriber:        SHARI RIEMER
                                TypeWrite Word Processing Service
20                              356 Eltingville Boulevard
                                Staten Island, New York 10312
21

22

23

24

25

      Proceedings recorded by electronic sound recording,
      transcript produced by transcription service
```

                                                                        2

 1                 MS. MARAFIOTI:  Good afternoon, Your Honor.
 2                 THE COURT:  Good afternoon.
 3                 MS. MARAFIOTI:  Kayalyn Marafioti on behalf of
 4     Delphi Corporation.
 5                 We're here today on a couple of procedural matters.
 6                 Last Friday which was six days after the initial
 7     filing by 39 of the debtors in this case, three additional
 8     debtors sought Chapter 11 relief.  These were Delphi Furukawa
 9     Wiring Systems, LLC, MobileAria, Inc. and Delphia Receivables,
10     LLC.
11                 The first two of these are not wholly-owned by the
12     debtors.  They are eighty percent and 71.25 percent owned by
13     the debtors.  That in part accounted for the delay in the
14     filing.  The third of these is actually a securitization
15     entity that no longer has any assets or liabilities and we
16     pondered a little bit longer whether to file that entity or
17     not.
18                 In any event, Your Honor, we believe that it would
19     be appropriate for the joint administration order that was
20     entered on the 8th of October to be applicable to these three
21     debtors as well.  We think that that would ease the
22     administration of the cases.  They are part of the family of
23     the Delphi Corporation entities and we think that for all the
24     reasons set forth in our papers it would make sense to have
25     these under the umbrella of the joint administration order

                                                                     3

 1   with the same docket number which is 44481 applied to them as
 2   well.
 3              THE COURT:  Okay.
 4              As far as the first two debtors, MobileAria and
 5   Furukawa Wiring, what sort of notice were you able to give?
 6              MS. MARAFIOTI:  With respect to all of them, Your
 7   Honor, on Friday evening notice was sent out, unfortunately,
 8   by regular mail so that probably didn't arrive until we don't
 9   know exactly when.
10              Yesterday, we sent out by overnight mail notice of
11   all of these filings and the motions that are on the calendar
12   this afternoon.
13              THE COURT:  Okay.
14              MS. MARAFIOTI:  We also faxed that notice out to the
15   various parties, Your Honor, as well.
16              THE COURT:  Okay.
17              To the largest creditors of these entities?
18              MS. MARAFIOTI:  That's right, as well as the banks,
19   the pre and post-petition banks --
20              THE COURT:  The master list?
21              MS. MARAFIOTI:  The master list in essence, Your
22   Honor.
23              THE COURT:  Did you receive any objections?
24              MS. MARAFIOTI:  We did not and in fact today in the
25   courtroom you will find counsel for Latham & Watkins which was

                                                                          4

 1    chosen yesterday evening as counsel to the newly appointed

 2    creditors committee and with actually one exception, I think

 3    they have no problems on the papers that we have before you

 4    today.

 5                 THE COURT:  Okay.

 6                 MR. BROUDE:  Good afternoon, Your Honor.

 7                 Mark Broude of Latham & Watkins, proposed counsel

 8    for the official committee of unsecured creditors.

 9                 As Ms. Marafioti noted, last night a committee of

10    seven was appointed.  It consists of General Electric, the

11    International Union of Electrical Salaried Machine and

12    Furniture Workers, Flextronics International, Free Scale

13    Semiconductors, EDS, Wilmington Trust and Capri and last night

14    they selected Latham & Watkins as they're proposed counsel.

15                 We received relatively soon thereafter an e-mail

16    from debtor's counsel with copies of the motion and the

17    proposed orders.  I have reviewed them.  I provided some minor

18    comments in the hallways on one order actually I think that

19    Ms. Marafioti has not yet mentioned and, otherwise, we are

20    fine with it, Your Honor.

21                 THE COURT:  Okay.

22                 Well, I have no problem with the administrative

23    consolidation of these three debtors.

24                 MS. MARAFIOTI:  Very well.

25                 Thank you, Your Honor.

5

1          The second matter before the Court is a motion to in
2   essence cause all of the remaining orders to be applicable to
3   these three debtors as well.
4          Again, they are part of the Delphi Corporation
5   family.  The initial affidavit of the CEO of the company really
6   applies to them as well as to all the other entities and for
7   all the reasons stated in that affidavit we would appreciate
8   the Court's approving the applicability of those orders to
9   these three debtors as well.
10          I think the only exception to that, Your Honor, might
11  be the bridge orders.  At the time that we filed this motion
12  not all of the interim or final orders had been entered on the
13  docket and we weren't sure if some of the bridge orders might
14  continue but in fact to the extent that the bridge orders
15  really don't apply to these three entities we don't need to
16  have them be applicable and I think those bridge orders are
17  listed on the exhibit to the order that we would ask the Court
18  to sign today.
19          THE COURT:  Okay.
20          MS. MARAFIOTI:  But without exception, Your Honor,
21  and with one other comment that we received from the creditors
22  committee this afternoon, we would ask that the order be
23  entered and I could just read aloud, perhaps, the one change
24  that was requested.
25          THE COURT:  Okay.

1              MS. MARAFIOTI:  In the second decretal paragraph of
2    the order it would read as follows:  "Any and all generally
3    applicable orders heretofore approved or entered in the initial
4    debtor's Chapter 11 cases and which are identified on Exhibit 1
5    hereto," and again, Your Honor, we would omit the bridge orders
6    that are currently on Exhibit 1, "are applicable to the
7    additional debtors effective as of" -- and here's the change --
8    "the later of the date of entry hereof or the date of entry of
9    the order as applicable" and then it continues.  The final
10   change, Your Honor, would be that in Exhibit 1 if you have
11   additional orders to add we would do so only after notifying
12   the unsecured creditors committee.
13             The reason why we think it's appropriate to leave in
14   the words "the later of the date of entry hereof or the date of
15   the entry of the order as applicable" is because with the
16   system being down, I think, yesterday and perhaps for us at
17   least today as well, we just aren't absolutely certain that
18   each of the final orders was entered on the docket so we wanted
19   to be safe.
20             THE COURT:  Okay.
21             I know I signed off on them last Friday, right?
22             But we had 6,500 Chapter 7 cases filed last week
23   including over the weekend which is almost half of what we
24   normally get in a year.  So, unfortunately, that's why ECF is
25   overburdened, I think.

7

 1              MS. MARAFIOTI:  It's not surprising in the
 2   circumstances.
 3              THE COURT:  But so this would apply where there are
 4   matters out for final approval like with the investment banker
 5   retentions?
 6              MS. MARAFIOTI:  That's right.
 7              THE COURT:  These would be incorporated in those
 8   automatically?
 9              MS. MARAFIOTI:  Right.  Right.
10              Virtually everything is, as I said, except for the
11   bridge orders.
12              THE COURT:  All right.
13              Have each of these debtors actually agreed to be
14   obligated under the DIP agreement?
15              MS. MARAFIOTI:  That's actually the one exception,
16   Your Honor, and thank you for reminding me and counsel to the
17   pre-petition lenders is in court today and we were discussing
18   this before hearing began.  None of these three entities is a
19   guarantor under the DIP order.
20              THE COURT:  Okay.
21              MS. MARAFIOTI:  So they're really carved out of it
22   altogether.
23              THE COURT:  So the DIP order won't be on the exhibit?
24              MS. MARAFIOTI:  That's right.  We will omit that one
25   from the exhibit as well.

8

```
 1                THE COURT:  Okay.
 2                So there's no issue about priming or --
 3                MS. MARAFIOTI:  No, Your Honor.
 4                THE COURT:  Okay.
 5                Well, on that record, unless anyone else has anything
 6  to say and hearing no one I'll approve the motion as clarified
 7  on the record.
 8                MS. MARAFIOTI:  Thank you, Your Honor.
 9                Should we submit the black-lined order with a revised
10  exhibit to chambers?
11                THE COURT:  Yes.
12                MS. MARAFIOTI:  Very good.
13                THE COURT:  Or you can e-mail it to chambers.
14                MS. MARAFIOTI:  E-mail it?  Okay.
15                THE COURT:  Yes.
16                MS. MARAFIOTI:  Thank you, Your Honor.
17                THE COURT:  Thank you.
18                            *  *  *  *  *
19
20
21
22
23
24
25
```

                                                                        9

 1                              * * * * *
 2       I certify that the foregoing is a transcript from an
 3  electronic sound recording of the proceedings in the above-
 4  entitled matter.
 5
 6                              _____
 7                              SHARI RIEMER
 8
 9  Dated:  November 10, 2005
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25