UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YROK

----------------------------------x
|                                  : |
In re                              : Chapter 11
|                                  : |
DELPHI CORPORATION, et al.,        : Case No. 05-44481 (RDD)
|                                  : |
               Debtors.            : (Jointly Administered)
|                                  : |
----------------------------------x

## AFFIDAVIT OF LEGAL ORDINARY COURSE PROFESSIONAL

STATE OF INDIANA        )
                        ) ss:
COUNTY OF MARION        )

John F. Wickes, Jr., being duly sworn, deposes and says:

1. I am the Executive Director of the Indiana Industrial Energy Consumers, Inc. ("INDIEC") c/o Lewis & Kappes, P.C. ("Lewis & Kappes"), which firm maintains offices at One American Square, Suite 2500, Indianapolis, Indiana 46282.

2. Neither I, Lewis & Kappes, nor any partner, auditor or other member thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors and debtors-in-possession (the "Debtors"), their creditors, or any other party-in-interest, or their attorneys, except as set forth in this affidavit.

3. Lewis & Kappes has represented and advised the Debtors in Indiana with respect to a broad range of aspects of the Debtors' businesses.

4. The Debtors have requested, and Lewis & Kappes has agreed, to continue to represent and advise the Debtors pursuant to section 327(e) of title 11 of the United States Code, 11 U.S.C. §§101-1330, as amended (the "Bankruptcy Code"), with respect to such matters. Additionally, the Debtors have requested, and Lewis & Kappes proposes, to render the following services to the Debtors: INDIEC is an organization of large volume users of energy with manufacturing facilities in the State of Indiana. Debtor is responsible for its share of membership dues and expenses as a member of INDIEC.

5. INDIEC membership dues, at this time of this filing, are as follows:

(a) Annual Dues/Operating and Administrative Expense. Each member of INDIEC shall pay when due its equal share of the projected operating and administrative expenses of INDIEC, as accepted by the general membership at the beginning of each year, provided that such share may not exceed $2,300.00 per member company per year.

(b) Supplemental Dues. Each member of INDIEC shall be responsible for and shall pay when due their share of expenses for efforts on behalf of INDIEC as a result of energy related activities before or involving Indiana's legislative, regulatory or administrative bodies and/or which involve or pertain to Indiana activities. The individual members' assessments for such expenses shall be apportioned on the basis of 25% prorated among all INDIEC member companies equally and 75% on annual BTU usage of electricity and natural gas in Indiana.

6. Except as set forth herein, no promises have been received by Lewis & Kappes or any partner, auditor or other member thereof as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, orders of this Court, and the Fee Guidelines promulgated by the Executive Office of the United States Trustee.

7. Lewis & Kappes has no agreement with any entity to share with such entity any compensation received by Lewis & Kappes.

8. Lewis & Kappes and its partners, auditors, and other members may have in the past represented, currently represent, and may in the future represent entities that are claimants of the Debtors in matters totally unrelated to these pending chapter 11 cases. Lewis & Kappes does not and will not represent any such entity in connection with these pending chapter 11 cases and does not have any relationship with any such entity, attorneys, or accountants that would be adverse to the Debtors or their estates.

9. Neither I, Lewis & Kappes, nor any partner, auditor or other member thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors, or their estates in the matters upon which Lewis & Kappes is to be engaged.

10. The foregoing constitutes the statement of John F. Wickes, Jr. pursuant to sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

FURTHER AFFIANT SAYETH NOT

_____
John F. Wickes, Jr.

Subscribed and sworn before me
this _15_ day of _December_, 2005.

_____
Arlene L. Morris, Notary Public

My Commission Expires: May 23, 2008
Marion County Resident.

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Affidavit has been served upon the following by first class, U.S.mail, postage prepaid, this 15th day of December 2005:

Delphi Corporation
5725 Delphi Drive
Troy, MI  48098
Attn:  General Counsel

Skadden, Arps, Slate, Meagher & Flom
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Attn:  John Wm. Butler, Jr., Esq.

U.S. Trustee
33 Whitehall Street, Suite 2100
New Yrok, NY  10044
Attn:  Alicia M. Leonhard, Esq.

Latham & Watkins
885 Third Avenue
New York, NY  10022
Attn:  Mark A. Broude, Esq.

Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY  10017
Attn:  Marissa Wesley, Esq.

David Polk & Wardell
450 Lexington Avenue
New York, NY  10017
Attn:  Marlane Melican, Esq.

_____
John F. Wickes, Jr.