UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

In re:                                              Chapter 11

Delphi Corporation et al.,                          Hon. Robert D. Drain

                          Debtors.                  Case No. 05-44481 (RDD)
                                                    (Jointly Administered)

--------------------------------------------------------------x

## MEMORANDUM OF LAW

### Preliminary Statement

By this motion, Movant seeks an early deadline in which the Debtors must

decide to assume or reject an executory contract between Movant and the Debtors.

Although it is highly unusual to seek such relief this early, and for such a minor contract,

in such a major case, the facts and circumstances of this particular Contract require

prompt intervention by the Bankruptcy Court to preserve the rights and interests of all

parties. Moreover, the same relief was previously granted by this Court with respect to a

motion made by Pillarhouse, Inc. under identical circumstances earlier in this case.

In particular, as set forth in more detail below, the Debtors have insisted

that Movant's performance under the Contract is crucial to the Debtors' operations, but

the Debtors have refused to agree to fulfill their own contractual obligations and pay for

that portion of the Contract on which Movant has already performed. Absent prior

assumption of the Contract, there is no protection available to Movant that guaranties

payment by the Debtors.  At the same time Movant faces overwhelming potential liability

for refusing to complete its own performance under the Contract.

Movant submits that, if the Debtors do, in fact, require performance by

Movant, the Debtors should be required to commit to their own performance under the

Contract.

## Statement of Facts

The facts are set forth in the accompanying motion papers, and the Court is

respectfully referred to the motion papers for a full recitation of the facts.  All terms

defined in the motion papers as used herein without a repetition of the definition.

## Argument

Section 365(d)(2) of title 11 of the United States Code (the "Bankruptcy

Code") provides that:

> In a case under chapter 9, 11, 12, or 13 of this title, the trustee
> may assume or reject an executory contract or unexpired lease
> of residential real property or of personal property of the
> debtor at any time before the confirmation of a plan but the
> court, on the request of any party to such contract or lease,
> may order the trustee to determine within a specified period
> of time whether to assume or reject such contract or lease.

There is no question that the Contract is executory, subject to the provisions

of Section 365.  Although the term "executory contract" is not defined in the Bankruptcy

Code, the legislative history is clear that an executory contract is one "on which

performance remains due to some extent on both sides."  H.R. Rep. No. 595 95th Cong.,

1st Sess. 347 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 58 (1978).  See also, 3

COLLIER ON BANKRUPTCY, ¶ 365.02[1] (15th Ed. Rev. 2005).  In this instance, the

Contract requires Movant to install the Equipment and the Debtors to pay for the Equipment and the installation. As each side still has to perform under the Contract, the Contract is executory, and subject to the provisions of Section 365.

The question, therefore, is whether the Court should limit the substantial time afforded to debtors under the Bankruptcy Code for analyzing executory contracts. The factors to be considered by the Court in examining the length of time which would be reasonable for assuming or rejecting the subject contract were established by the Second Circuit as including:

(a)    prejudice to the non-debtor party to the contract;

(b)    the relative importance of the contract to the debtor's reorganization;

(c)    whether the debtor has had sufficient time to perform an analysis and formulate a plan; and

(d)    whether exclusivity has been terminated.

Theatre Holding Corp. v. Mauro, 681 F.2d 102, 105 (2nd Cir. 1982). Although Theater Holding was decided in the context of a lease assumption, and the statutory provisions for assumption of leases have changed since it was decided, Theater Holding remains good law in considering executory contracts under Section 365(d)(2). In re Enron Corp., 279 B.R. 695 (Bankr. S.D.N.Y. 2002).

In this case, there is the potential for substantial injury to Movant if the Contract is not assumed. If Movant completes its performance of the Contract without a prior assumption, the Debtors will be able to reject the Contract and treat the balance due to Movant as an unsecured non-priority pre-petition claim. On the other hand, if Movant

3

declines to complete the Contract by installing the Equipment, Movant faces the prospect
of being liable for substantial damages for breach of its contractual obligations.

It appears, from comments made by the Debtors to Movant, that this
Contract is extremely important to the Debtors. If that is the case, then the Debtors
should not need months to decide whether it is worth assuming the Contract and paying
$129,040.00 for that assumption. If the Contract is not as important as Movant has been
led to believe, then the Debtors should wait until they decide whether or not to assume
the Contract before Movant is compelled to complete the required installation of the
Equipment.

It may be that the Debtors are trying to compel Movant into completing its
performance under the contract, while avoiding their own obligation to pay for the
Equipment by attempting to separate the installation portion of the Contract from the
delivery of the Equipment portion of the Contract. This selective enforcement of the
contract is not permissible, as the law has long been well settled that the Debtors are
required to assume or reject the entire contract, not just the parts most favorable to them.
In re Nitec Paper Corp., 43 B.R. 492, 498 (Bankr. S.D.N.Y. 1984). See also, In re
Atlantic Computer Systems, Inc., 173 B.R. 844, 849 (S.D.N.Y. 1994) ("a debtor may not
'cherry pick' pieces of contracts it wishes to assume").

Under any reasonable interpretation of the facts and circumstances of this
case, the time in which the Debtors can decide whether to assume or reject the Contract
should be limited, based on the actual needs of the Debtors. In the meantime, Movant's

obligations under the Contract should be held in suspense, pending a final decision on assumption or rejection.

## CONCLUSION

Movant respectfully requests that an Order be entered limiting the time in which the Debtors may assume or reject the executory Contract between Movant and the Debtors, and granting such other and further relief as may be just and proper.

WHEREFORE, Movant respectfully prays for relief consistent with the foregoing, together with such other and further relief as may be just and proper.

Dated: New York, New York
December 16, 2005

Finkel Goldstein Rosenbloom & Nash, LLP
Attorneys for ESPEC North America, Inc.
26 Broadway, Suite 711
New York, New York 10004
(212) 344-2929

By: _____
J. Ted Donovan (JTD 1343)