UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
    In re                                     :      Chapter 11
:
DELPHI CORPORATION, et al.,      :      Case No. 05-44481 (RDD)
:
                          Debtors.    :      (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 365(a) AND 554 AND
FED. R. BANKR. P. 6006 APPROVING PROCEDURES FOR
REJECTING UNEXPIRED REAL PROPERTY LEASES AND AUTHORIZING
DEBTORS TO ABANDON CERTAIN FURNITURE, FIXTURE, AND EQUIPMENT

("LEASE REJECTION PROCEDURES ORDER")

        Upon the motion, dated December 16, 2005 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 365(a) and 554 and Fed. R. Bankr. P. 6006 approving procedures for rejecting unexpired nonresidential real property leases and subleases (the " Leases") and authorizing the Debtors to abandon certain furniture, fixtures, and equipment (the "Expendable Property") without further court approval; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

        ORDERED, ADJUDGED, AND DECREED THAT:

        1.    The Motion is GRANTED.

2. Subject to the provisions of this Order, the Debtors are hereby authorized but not directed to reject any or all of the Leases and to abandon the Expendable Property without further Court approval.

3. The form of notice attached hereto as <u>Exhibit A</u> (the "Rejection Notice") is hereby approved.

4. The rejection of a Lease, if any, shall become effective as of ten calendar days following the issuance by the Debtors of a Rejection Notice (the "Rejection Date").

5. The Debtors shall serve the Rejection Notice by e-mail, facsimile, overnight delivery, or hand delivery, along with a copy of this Order, on (a) the lessor under the particular Lease (each, a "Lessor") to be rejected (and, to the extent that the Debtor is the sublessor, on the sublessee), (b) any additional parties entitled to notice pursuant to the terms of the rejected Leases, (c) all parties known to the Debtors as having a direct interest in any Expendable Property proposed to be abandoned, (d) the Office of the United States Trustee for the Southern District of New York, (e) counsel for the Official Committee of Unsecured Creditors, (f) counsel for the agent under the Debtors' prepetition credit facility, and (g) counsel for the agent under the postpetition credit facility.

6. The rejection of the Lease and abandonment of Expendable Property shall become effective on the Rejection Date without further Court order unless an objection (the "Objection") thereto and request for hearing is sent so as to be <u>received</u> by the Debtors and their undersigned counsel within the ten-day period referenced in paragraph 4 hereof. In the event that a proper and timely Objection is served in accordance with this paragraph, and the Debtors and the objecting party are not able to reach a consensual resolution of the Objection, the Debtors shall schedule a hearing on the Objection with this Court and provide notice of the

hearing to the objecting party and other parties-in-interest. In the event that this Court overrules the Objection or the Objection relates only to rejection damages or Expendable Property, such Lease shall still be deemed rejected as of the Rejection Date.

7. The Debtors shall have until the later of the Rejection Date or the date provided in each Lease to remove property from the leased premises. To the extent that any Expendable Property remains in the leased premises after the Rejection Date or such later date as provided for in the Lease, the Expendable Property shall be deemed abandoned to the landlord of the Lease, which landlord shall be entitled to remove or dispose of such property in its sole discretion without liability to any party which might claim an interest in the Expendable Property and which was served with a copy of the Rejection Notice.

8. Unless a party serves an Objection in accordance with the procedures set forth above, any expense incurred by a Lessor in the removal or disposal of Expendable Property shall not be treated as an administrative expense under section 503(b)(1) of the Bankruptcy Code. If a party properly serves an Objection, then the nature and priority of any claim asserted by such Objection shall be agreed to consensually by the parties or determined by a subsequent order of this Court. Notwithstanding the foregoing, the Debtors request that the time necessary to resolve any disputes relating to such Expendable Property not alter the effectiveness of the Rejection Date as stated in the applicable Rejection Notice.

9. Parties shall have until the later of the general bar date for filing prepetition general unsecured claims as may be established in these cases or 30 days from the Rejection Date to file a proof of claim for damages arising from such rejection. Any claims not timely filed shall be forever barred.

3

10. The Debtors shall pay rent on a per diem basis as charges accrue under the Lease for the month in which the Rejection Date of a Lease occurs.

11. If any Debtor has deposited monies with a Lessor as a security or other kind of deposit or pursuant to another similar arrangement, such Lessor shall not be permitted to set off or otherwise use the monies from such deposit or other arrangement without the prior order of this Court unless such amounts can be set off pursuant to paragraph 18 of the Order Under 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), And 364(e) and Fed. R. Bankr. P. 2002, 4001, And 9014 (I) Authorizing Debtors To Obtain Postpetition Financing, (II) To Utilize Cash Collateral, And (III) Granting Adequate Protection to Prepetition Secured Parties (Docket No. 797).

12. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

13. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
              January __, 2005

_____
UNITED STATES BANKRUPTCY JUDGE