**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (admitted *pro hac vice*)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
         mitchell.seider@lw.com
         mark.broude@lw.com

Attorneys for The Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| Delphi Corporation, et al., | ) Case No. 05-44481 (RDD) |
| Debtors. | ) Jointly Administered |

**MOTION TO AMEND THE ORDER UNDER 11 U.S.C. §§ 102(1) AND 105 AND FED. R. BANKR. P. 2002(m), 9006, 9007, AND 9014 ESTABLISHING (I) OMNIBUS HEARING DATES, (II) CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES, AND (III) SCHEDULING AN INITIAL CASE CONFERENCE IN ACCORDANCE WITH LOCAL BANKR. R. 1007-2(e)**

("CASE MANAGEMENT AMENDMENT MOTION")

The Official Committee of Unsecured Creditors (the "Committee"), by and through its undersigned counsel, respectfully seeks amendment of this Court's Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (i) Omnibus Hearing Dates, (ii) Certain Notice, Case Management, and Administrative Procedures, and (iii) Scheduling an Initial Case Conference in Accordance with Rule 1007-2(e) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York

NY\1088777.7

(the "Local Rules") entered on October 14, 2005. In support of this motion (the "Amendment Motion") the Committee represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are sections 102(1) and 105(a) of the Bankruptcy Code, and Rules 2002(m), 9006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1007-2(e).

## BACKGROUND

3. On October 8, 2005 (the "Petition Date"), thirty-nine of the above-captioned debtors (the "Debtors") filed with this Court voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"). On October 14, 2005, three additional Debtors filed voluntary petitions. The Debtors are continuing in possession of their property and are operating their businesses, as a debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On October 17, 2005, the Office of the United States Trustee appointed the Committee, which consists of the following members: (i) Electronic Data Systems Corp, (ii) General Electric Company, (iii) Flextronics International Asia-Pacific, Ltd., (iv) International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers-Communications Workers of America, (v) Capital Research and Management Company, (vi) Wilmington Trust Company, as Indenture Trustee, and (vii) Freescale Semiconductor, Inc.

5. Also on October 17, 2005, the Court entered an order (the "Case Management Order") approving the Debtors' Motion (the "Case Management Motion") for Order Under 11

NY\1088777.7

2

U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (i) Omnibus Hearing Dates, (ii) Certain Notice, Case Management, and Administrative Procedures, and (iii) Scheduling an Initial Case Conference in Accordance with Local Bankr. R. 1007-2(e). The Case Management Order includes, among other things, provisions establishing (i) that in order for a motion to be considered at an upcoming Omnibus Hearing Date,[1] that motion has to be filed at least ten days prior to such Omnibus Hearing Date (the "Motion Deadline"), (ii) that the objection deadline (the "Objection Deadline") is the seventh calendar date before the relevant Omnibus Hearing Date for any motion served at least twenty days prior to such Omnibus Hearing Date, and is the third calendar date or the second business date, whichever comes first, before the relevant Omnibus Hearing Date if the motion is served less than twenty but at least ten days prior to such Omnibus Hearing Date, and (iii) that moving parties are required only to serve (the "Service Requirements") a notice of the relevant motion by U.S. Mail or electronic mail, at the filing party's discretion (unless such party has properly requested to be exempt from electronic service, in which case the filing party must effect service by U.S. Mail) on all parties that filed a notice of appearance or request for notice in these cases.

## RELIEF REQUESTED

6.      By this Motion, the Committee seeks to amend the Motion Deadline, Objection Deadline, and Service Requirement provisions of the Case Management Order in order to provide for a more meaningful and appropriate review of critical motions and applications, and to provide for a more efficient and effective administration of these cases. The Committee specifically requests that this Court replace the corresponding provisions in the Case Management Order with the following:

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Case Management Motion.

a. <u>Filing Deadline</u>. In order for a motion, application, or other request for relief (each, a "Motion") to be considered during an Omnibus Hearing Date, such Motion must be filed and served <u>at least twenty days prior</u> to such Omnibus Hearing Date. If such Motion is filed or served less than <u>twenty</u> days prior to an Omnibus Hearing Date, the hearing with respect to such Motion shall be the first Omnibus Hearing Date immediately following such twenty day period. As set forth below, this deadline can be shortened by the Court for a specific Motion for cause shown by sworn affidavit.

b. <u>Objection Deadline</u>. Any objection, statement, or other response (each, an "Objection") to a Motion scheduled for consideration in accordance with these procedures must be filed on or before <u>the sixth business date</u> before the Omnibus Hearing Date on which such Motion will be considered.

c. <u>Service</u>. Each Motion filed in these cases, and any affidavits, exhibits, proposed orders, or other supporting documentation submitted therewith shall be served on (i) all parties on the Master Service List, (ii) all parties that have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure, and (iii) all other interested parties.

d. In the event that the above deadlines are not feasible in a given circumstance, a party can file a Motion to amend the Motion Deadline and Objection Deadline for that specific Motion. Such shortened notice shall be allowed only for good cause shown on sworn affidavit.

## BASIS FOR RELIEF

B. <u>Filing Deadline</u>

7. The procedures set forth in the Case Management Order were purportedly designed to facilitate the common goal of efficient management of these cases. See Case Management Order, ¶ 2. Since the Case Management Order was entered, over 1,300 documents have been filed in these cases, seeking various forms of relief. In light of the tremendous volume of materials presented in these cases, and the extraordinary relief requested in many such filings, it is now clear that the ten day deadline proposed by the Debtors is insufficient to allow for the timely and efficient administration of these cases.

8. Many Motions have been filed and served shortly before midnight on the tenth day prior to an Omnibus Hearing Date—the last possible moment for a timely Motion—leaving

NY\1088777.7

4

parties an inappropriately short amount of time to consider, research, analyze, and respond to critical motions. The Debtors' "Supplier Agreement Assumption Procedures" motion, a motion seeking authority to pay up to $1 billion in pre-petition claims, is an example of the need for the relief requested herein. In that instance, the Debtors knew on or before November 1, 2005 of the issue underlying the motion. The Debtors raised the issue in general terms with the Committee on November 11 and again on November 17, but did not actually file the motion seeking such extraordinary relief until approximately 10 o'clock at night on Friday, November 18 – almost the last possible <u>hour</u> to file a motion and still be heard at the November 29 omnibus hearing. Because of weekends and the Thanksgiving holiday, parties in interest had only four business days before the Objection Deadline and only five business days before the Omnibus Hearing Date to review and analyze the extraordinary relief requested in the motion.

9.     This could happen again under the current Case Management Order. The last date on which Motions can be filed and still heard during the upcoming January 5, 2006 Omnibus Hearing Date is December 26. Due to weekends and holidays, parties will have an unduly small number of working days before the Objection Deadline and the Omnibus Hearing Date. Even without intervening holidays, the current short time period between the filing of any Motion and the relevant Objection Deadline and Omnibus Hearing Date is not necessary and impinges on all parties' interest in a reasonable and meaningful opportunity to examine requested relief and be heard thereon.

10.    Moreover, Motions brought on such a short time frame interfere with the efficient operation of court proceedings. Parties-in-interest have often had to seek extensions of the applicable response deadlines because of time-constraints, and in at least one instance have had to involve the Court in such a timing dispute. Such delays are disruptive both to the Court and to

5

NY\1088777.7

the parties in interest involved (who are equally concerned about making these procedures as efficient as possible), and inevitably escalate the cost and expense to all parties associated with even the most fundamental Motion. Extending the Motion Deadline to twenty days will provide greater opportunities for parties to review, negotiate, and resolve issues prior to a hearing, and will be more consistent with the shared objective of efficient administration of these cases.

11. The relief requested herein is consistent with Local Rule 9006-1 ("Unless the Court orders otherwise, all other motion papers shall be served <u>at least</u> 10 days before the return date" (emphasis added)), and with prior practice in other extremely large and complex cases. See <u>In re Enron Corp.</u>, Case No. 01-16034, Case Management Order (the Court "being cognizant of the size and complexities of these chapter 11 cases" ordered that pleadings be noticed for hearing on the next Hearing Date that is at least twenty-five days after such Motion is filed and notice is served); <u>In re WorldCom, Inc.</u>, Case No. 02-13533, Case Management Order (for the same reasons also ordering that pleadings be noticed for hearing on the next Hearing Date that is at least twenty-five days after such Motion is filed and notice is served).

12. To the extent this deadline is not feasible due to the facts and circumstances of a specific Motion, the party seeking relief under such Motion can seek an order shortening the Motion Deadline and Objection Deadline. Such relief should be granted only for cause shown and pursuant to a sworn affidavit attesting to the circumstances requiring such shortened time frame, and can be considered on 24 hours notice to the Debtors, the Committee, and the office of the United States Trustee.

13. On the morning of December 12, 2005, prior to filing this Motion on December 16, 2005, Committee counsel contacted Debtors' counsel to discuss a consensual amendment to

the Case Management Order. As of the filing of this Motion, Debtors' counsel had not agreed to the proposed amendments.

C.     Objection Deadline

14.    In concert with the proposed changes to the Motion Deadline, and for all the reasons set forth above, the Committee proposes a uniform Objection Deadline of six business days before the applicable Omnibus Hearing Date. This proposal, along with being more reasonable and just, is also consistent with prior practice in other "mega" cases. See *supra* In re Enron Corp., (setting the Objection Deadline at the later of twenty days after the date of filing and service of the Motion and three days prior to the hearing); In re WorldCom, Inc., (setting the Objection Deadline at the later of twenty days after the date of filing and service of the Motion and three business days prior to the hearing).

D.     Service

15.    Finally, the Committee proposes that the Service Requirements be amended to require parties to serve the Motion and all attachments, and not just a notice thereof, on each party on the Master Service List, each party that has requested notice pursuant in these cases, and to each other party in interest. Because service by electronic mail is permitted and utilized in these cases, attaching the actual file to an electronic notice will not place any additional cost or burden on the Debtors or the Debtors' estates. Refusal to offer this standard notice and service is not reasonable or appropriate, and risks the material prejudice to various parties-in-interest in these cases, including but not limited to further time limitations on the material analysis of requested relief due to service inadequacies.

## WAIVER OF MEMORANDUM OF LAW

16. Because the relevant facts and law to the relief requested in this Motion are detailed herein, the Committee respectfully requests that the Court waive the requirement that the Committee file a separate memorandum of law in support of the Motion. The Committee reserves the right to file a brief in reply to any objection to this Motion.

## NOTICE

15. Notice of this Motion has been provided in accordance with the Case Management Order (Docket No.0544481-298), after giving effect to the relief requested herein. In light of the nature of the relief requested, the Committee submits that no other or further notice is necessary.

**WHEREFORE,** the Committee respectfully requests that this Court (i) amend the Case Management Order as requested above, and (ii) grant such other relief as this Court deems just and proper under the circumstances.

Dated:  December 16, 2005
New York, New York

                        **LATHAM & WATKINS LLP**

                        By: ____Robert J. Rosenberg /S/____
                            Robert J. Rosenberg (RR-9585)
                            Mitchell A. Seider
                            Mark A. Broude (MB-1902)
                            885 Third Avenue, Suite 1000
                            New York, New York 10022
                            Telephone:  (212) 906-1200

                            Attorneys for the Official Committee
                            of Unsecured Creditors