UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :

     In re                                    :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,          :        Case No. 05-44481 (RDD)
                                          :
                          Debtors.   :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 362, 363, 365, 1107, AND 1108
AUTHORIZING RENEWAL OF INSURANCE COVERAGE
AND CERTAIN RELATED RELIEF

("INSURANCE AGREEMENT ORDER")

Upon the motion, dated December 16, 2005 (the "Motion")[1], of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 362, 363, 365, 1107, and 1108 authorizing renewal of insurance agreements with ACE American Insurance Company and its affiliates (collectively, the "Insurers") and certain related relief; and upon the Affidavit of William D. Telgen in Support of the Motion, sworn to December 16, 2005; and upon the record of the hearing held on the Motion; and after due deliberation thereon, and sufficient cause appearing therefor,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

IT IS HEREBY FOUND AND DETERMINED THAT:

A.  The Debtors have exercised reasonable business judgment in seeking authorization to assume the agreements and policies between Delphi and the Insurers (collectively, the "Agreements") including, but not limited to the following:

(a)  that certain Multi-Line Deductible Program Agreement effective as of October 1, 2000 by and between Pacific Employers Insurance Company and Delphi (formerly known as Delphi Automotive Systems Corporation) and all amendments and addenda thereto (collectively, the " Multi-Line Deductible Program Agreement");

(b)  All General Liability Policies issued to Delphi or the other Debtors by one or more of the Insurers and all renewals, extensions, and endorsements thereto (collectively, the "General Liability Policy");

(c)  All Automobile Liability Policies issued to Delphi or the other Debtors by one or more of the Insurers and all renewals, extensions, and endorsements thereto (the "Automobile Liability Policy");

(d)  All Workers' Compensation Policies issued to Delphi or the other Debtors by one or more of the Insurers and all renewals, extensions, and endorsements thereto (the "Workers' Compensation Policy" and, collectively with the General Liability Policy and the Automobile Liability Policy, the "Insurance Policies");

(e)  the binder related to the Insurance Policies; and

(f)  the claims administration agreements related to the Insurance Policies.

B.  The Debtors have also exercised reasonable business judgment in seeking the additional relief required to enable them to renew their Insurance Policies.

C.  The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

2

D. The notice given by the Debtors of the Motion and the hearing thereon constitutes due and sufficient notice thereof.

E. Good and sufficient cause has been shown for the entry of this Order.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. The Debtors are hereby authorized, but not directed, to assume the Agreements pursuant to section 365(a) of the Bankruptcy Code, effective as of the date hereof. The assumption of the Agreements shall be evidenced by written notice from the Debtors to the Insurers.

3. The Debtors are hereby authorized, but not directed, to renew or enter into insurance policies and to execute all related documents and agreements between the Debtors and the Insurers and to perform their obligations in connection therewith pursuant to section 363 of the Bankruptcy Code.

4. The Debtors are hereby authorized, but not directed, to replace the $5,388,967 of existing cash collateral (the "Cash Collateral") with a new, irrevocable letter of credit in the same amount as the Cash Collateral, in form and substance acceptable to the Insurers, and issued by a financial institution acceptable to the Insurers (the "New Letter of Credit"). Upon the Insurers' receipt of the New Letter of Credit, the Insurers are directed to return the Cash Collateral to the Debtors promptly thereafter by wire transfer to the Debtors pursuant to the Debtors' written instructions.

5.       The Debtors are hereby authorized, but not directed, to agree to future renewals of the insurance programs and to provide collateral and security pursuant to any such programs without further order of this Court.

6.       The Insurers are hereby authorized, conditioned on the Debtors' assumption of the Agreements, to draw against the collateral, apply the collateral to the Debtors' obligations under the Agreements, and take other actions permitted under applicable non-bankruptcy law and in accordance with the Agreements without further order of this Court (upon prior written notice, not to exceed five business days, to the Debtors and counsel for the official committee of unsecured creditors, if and to the extent that prior notice is required by the applicable rules of this Court; provided that no notice shall be required for draws under letters of credit due to the expiration or non-renewal thereof).

7.       Conditioned on the Debtors' assumption of the Agreements, the automatic stay is hereby lifted pursuant to section 362(d) of the Bankruptcy Code solely for the purpose of effectuating the relief described in paragraph 6 hereof.

8.       Conditioned on the Debtors' assumption of the Agreements, all payment and reimbursement obligations owing to the Insurers from the Debtors under the Agreements are hereby accorded administrative priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

9.       Conditioned on the Debtors' assumption of the Agreements, the Debtors are hereby authorized to pay the Insurers' claims with respect to the Agreements in the ordinary course of their businesses.

10. Neither the terms of this Order, nor the Agreements, shall be altered by any plan of reorganization confirmed in these chapter 11 cases or by subsequent order of this Court.

11. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

12. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:  New York, New York
        January __, 2006

 

                              UNITED STATES BANKRUPTCY JUDGE