UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: : | Chapter 11 |
| DELPHI CORPORATION, et al., : | Case No. 05-44481 (RDD) |
| Debtors. : | (Jointly Administered) |

## AFFIDAVIT OF LEGAL ORDINARY COURSE PROFESSIONAL

STATE OF NEW JERSEY    )
                       ) ss:
COUNTY OF MORRIS       )

Douglas J. McGill, being duly sworn, deposes and says:

1.  I am a partner of Drinker Biddle & Reath LLP ("Drinker Biddle") which firm maintains offices at numerous locations, including One Logan Square, 18th & Cherry Streets, Philadelphia, Pennsylvania 19103-6996 and Suite 1100, 1500 K Street, N.W., Washington, D.C. 20005-1209, and two offices in New Jersey.

2.  Neither I, Drinker Biddle, nor any partner, auditor or other member thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors and debtors-in-possession (the "Debtors"), their creditors, or any other party-in-interest, or their attorneys, except that certain partners and employees of Drinker Biddle own shares of stock in one or more of the Debtors, in each case in an amount less than 5% of the outstanding shares of stock the Debtors, and except as set forth in this Affidavit.

3.  Drinker Biddle has in the past represented the Debtors in connection with a broad range of aspects of the Debtors' businesses, including advising the Debtors in environmental matters in New Jersey and in antitrust matters.

4.  The Debtors have requested, and Drinker Biddle has agreed, to continue to represent and advise the Debtors pursuant to section 327(e) of title 11 of the United States Code, 11 U.S.C. §§101-1330, as amended (the "Bankruptcy Code"), with respect to such matters. Additionally, the Debtors have requested, and Drinker Biddle proposes, to render the following services to the Debtors: advice and counsel on antitrust issues, and also in connection with any environmental matters that may arise in New Jersey or under New Jersey law.

5.  Drinker Biddle's current fees arrangement calls for billing on a monthly basis based upon fixed hourly rates for all lawyers and paraprofessionals.

6.     Except as set forth herein, no promises have been received by Drinker Biddle or any partner, auditor or other member thereof as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, orders of this Court, and the Fee Guidelines promulgated by the Executive Office of the United States Trustee.

7.     Drinker Biddle has no agreement with any entity to share with such entity any compensation received by Drinker Biddle.

8.     Drinker Biddle and its partners, auditors, and other members may have in the past represented, currently represent, and may in the future represent entities that are claimants or auditors of, or attorneys for, the Debtors in matters totally unrelated to these pending chapter 11 cases. Drinker Biddle does not and will not represent any such entity in connection with these pending chapter 11 cases and does not have any relationship with any such entity, attorneys, or accountants that would be adverse to the Debtors or their estates, except:

Drinker Biddle currently represents Penske Truck Leasing Co., L.P., Penske Logistics LLC, QEK Global Solutions (US), Inc. and Quaker Chemical Corporation (collectively, the "Creditors") in these chapter 11 cases in their respective capacities as creditors of the Debtor(s), which matters are unrelated to the discrete and limited matters upon which Drinker Biddle is to be engaged by the Debtors.

The Debtors have consented in writing to Drinker Biddle's representation of the Creditors and other creditors in these cases, so long as the Drinker Biddle lawyers representing the Creditors and any other creditors in these cases are screened in such engagements from those Drinker Biddle lawyers advising the Debtors. Similarly, the Creditors have consented to Drinker Biddle's representation of the Debtors, so long as Drinker Biddle does not advise the Debtors on creditors' rights issues relating to its bankruptcy case.

As a result, Drinker Biddle has instituted a screen between its lawyers advising the Creditors in the Debtors' cases, on the one hand, and its lawyers advising the Debtors, on the other hand. The Drinker Biddle lawyers involved have been advised that they may not communicate with any person on the other side of the screen about matters relating to the Debtors' bankruptcy cases or the claims of the Creditors against the Debtors. Persons on the Debtors' side of the screen are not precluded from doing work for the Creditors on matters unrelated to the Debtors or the Debtors' bankruptcy cases. Persons on the Creditors' side, however, are not permitted to work on any matter for the Debtors.

9.     Except as set forth herein, neither I, Drinker Biddle, nor any partner, auditor of other member thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors, or their estates in the matters upon which Drinker Biddle is to be engaged.

10.    The foregoing constitutes the statement of Drinker Biddle pursuant to sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

FURTHER AFFIANT SAYETH NOT

_____
DOUGLAS J. MCGILL

Subscribed and sworn before me
this 21st day of December, 2005

_____
Notary Public

DIANE MEANEY
A Notary Public of New Jersey
My Commission Expires July 29, 2006

3

SFNJ1 1093609v1