Hearing Date: January 5, 2006 at 10:00 a.m. (Eastern)
Objection Deadline: January 2, 2006 at 4:00 p.m. (Eastern)

Timothy W. Walsh (TW-7409)
DLA Piper Rudnick Gray Cary US LLP
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone:    (212) 835-6000

Maria Ellena Chavez-Ruark, Esquire
DLA Piper Rudnick Gray Cary US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
Telephone:    (410) 580-3000

Attorneys for Constellation NewEnergy, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | * | |
| DELPHI CORPORATION, *et al.*, | * | Case Nos. 05-44481 *et al.* |
| | | (Jointly Administered) |
| Debtors. | * | Chapter 11 |
| *  *  *  *  *  *  *  *  *  *  *  * | | |

**MOTION OF CONSTELLATION NEWENERGY, INC.
FOR (I) RELIEF FROM STAY TO EXERCISE RECOUPMENT
AND/OR SETOFF RIGHTS PURSUANT TO SECTION 553 OF
THE BANKRUPTCY CODE AND (II) OTHER RELATED RELIEF**

Constellation NewEnergy, Inc. ("NewEnergy"), by its undersigned counsel, moves for relief from the automatic stay to exercise its recoupment and/or setoff rights pursuant to sections 362 and 553 of the Bankruptcy Code. In support, NewEnergy respectfully states as follows:

BACKGROUND

1. On October 8, 2005 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") filed voluntary petitions for relief in this Court under

Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code").

2. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been appointed in this Chapter 11 case.

4. An Official Committee of Unsecured Creditors (the "Committee") was appointed on or about October 17, 2005.

5. On or about October 27, 2005, this Court entered a Final Order Under 11 U.S.C. §§ 105, 366, 503, and 507 (I) Prohibiting Utilities From Altering, Refusing, or Discontinuing Services on Account of Prepetition Invoices and (II) Establishing Procedures for Determining Requests for Additional Assurance (the "Utilities Order").[1] The Utilities Order prohibits the Debtors' utility providers (collectively, the "Utility Companies") from altering, refusing or discontinuing services to, or discriminating against, the Debtors on the basis of the commencement of the Debtors' bankruptcy cases or on account of any unpaid pre-petition invoices. The Utilities Order also requires any Utility Company seeking adequate assurance from the Debtors in the form of a deposit or other security to make such request in a writing containing certain information related to the Debtors' account with such utility.

---

[1] The Utilities Order provides: "To the extent that the Electricity Supply Agreement (New York), Master Electricity Supply Agreement (Illinois), and Gas Sale, Transportation, and Management Contract (Contract No. AEM03002) (collectively, the 'Supply Agreements') between the Debtors and [NewEnergy] are 'forward contracts' and [NewEnergy] is a 'forward contract merchant,' as those terms are defined in 11 U.S.C. sec 101(25) and (26), respectively, nothing in this Final Order is intended to limit or impair [NewEnergy's] rights under section 556 of the Bankruptcy Code as a forward contract merchant, nor shall this Final Order limit or impair the Debtors' right to argue that [NewEnergy] is not a forward contract merchant, that the Supply Agreements are not forward contracts, or that [NewEnergy] is not entitled to exercise any rights it may have under section 556 of the Bankruptcy Code or otherwise." Utilities Order at ¶ 10.

6. On October 28, 2005, the Court entered the Final Order Under 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and Fed.R.Bankr.P.2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Post-Petition Financing, (II) to Utilize Cash Collateral and (III) Granting Adequate Protection to Pre-Petition Secured Parties (the "Final DIP Financing Order").

7. The Final DIP Financing Order provides in relevant part:

> To the extent that a customer or supplier of the Debtors that has an allowable setoff claim under section 506 or 553 of the Bankruptcy Code in respect of its payables owed to any Debtor as of the Petition Date ("Pre-Petition Payables") or a valid right of recoupment that arose prior to the Petition Date (such setoff claim or right of recoupment, "Setoff"), such customer (a "Setoff Claimant") is hereby provided with certain rights and adequate protection as described below.
>
> \*   \*   \*
>
> Any exercise of any right of Setoff other than in accordance with this Order is subject to section 362 of the Bankruptcy Code. Nothing in this Order shall prevent any holder of a right of Setoff from seeking relief from the automatic stay with respect to such Setoff, or prevent the Debtors or any party in interest from objecting or being heard with respect to any such request.

Final DIP Financing Order at ¶ 18.[2]

## THE ELECTRICITY SUPPLY AGREEMENT

8. NewEnergy supplies energy to the Debtors pursuant to an Electricity Supply Agreement (the "Supply Agreement").

9. Pursuant to the Supply Agreement, as a condition precedent to NewEnergy's obligation to supply electricity to the Debtors, the Debtors are required to make payments in

---

[2] On December 20, 2005, NewEnergy made a request under the Final DIP Financing Order that it be permitted to exercise its setoff and recoupment rights as described in this Motion.

- 3 -

advance of receiving any quantity of electricity as security for the prompt payment for electricity provided under the Supply Agreements (the "Security").

10. As of the Petition Date, the Debtors were indebted to NewEnergy under the Supply Agreement in the amount of $1,043,411.29 (the "NewEnergy Claim"), and NewEnergy was holding Security in the amount of $250,000. A true and correct copy of an invoice reflecting the NewEnergy Claim and the Security is attached as <u>EXHIBIT A</u> and incorporated herein by reference.

RELIEF REQUESTED

11. By this Motion, NewEnergy seeks an Order of the Court granting it relief from the automatic stay and any stay imposed by the Final DIP Financing Order to allow the immediate exercise of recoupment and/or setoff rights by NewEnergy of the NewEnergy Claim against the Security.

BASIS FOR RELIEF

12. Section 362(a)(7) of the Bankruptcy Code provides that the filing of the Debtors' voluntary petition operates as an automatic stay, applicable to all parties, against "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor." 11 U.S.C. § 362(a)(7). However, section 362(a)(7) does not affect a creditor's setoff rights. H.R. Rep. No. 595, 95th Cong., 1st Sess., at 342 (1977); S. Rep. No. 989, 95th Cong., 2d Sess., at 51 (1978). Section 362(a)(7) "simply stays its enforcement pending an orderly examination of the debtors' and creditors' rights." *Id*. Thus, a party may still exercise its right to setoff in a bankruptcy proceeding if it obtains relief from the automatic stay or obtains an order allowing setoff prior to exercising any right to setoff. *In re NTG Indus., Inc.*, 103 B.R. 195, 197 (Bankr. N.D. Ill. 1989).

13. Section 553 of the Bankruptcy Code governs setoffs in bankruptcy. In relevant part, section 553 provides:

> [T]his title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the Debtor that arose before the commencement of the case.

11 U.S.C. § 553(a). Essentially, the right to setoff allows entities that have mutual obligations "to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18, 116 S. Ct. 286, 289, 133 L.Ed.2d 258 (1995) (quoting *Studley v. Boylston Nat'l Bank*, 229 U.S. 523, 528, 33 S. Ct. 806, 57 L.Ed. 1313 (1913)).

14. Thus in order for a creditor to establish its right to setoff, it must demonstrate one of the following:

(a) a debt exists from the creditor to the debtor and that debt arose prior to the commencement of the case;

(b) the creditor has a claim against the debtor that arose prior to the commencement of the bankruptcy case; and

(c) the debt and the claim are mutual obligations.

*United States v. Gerth*, 991 F.2d 1428, 1431 (8th Cir. 1993); *Braniff Airways, Inc. v. Exxon Co., U.S.A.*, 814 F.2d 1030, 1035 (5th Cir. 1987); *In re Nickerson & Nickerson, Inc.*, 62 B.R. 83, 85 (Bankr. D. Neb. 1986). Debts are mutual when the obligations are in the same right and are between the same parties, standing in the same capacity. *Official Committee of Unsecured Creditors v. Manufacturers & Traders Trust Co. (In re Bennett Funding Group, Inc.)*, 146 F.3d 136, 139 (2d Cir. 1998); *In re Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 847 (Bankr. S.D.N.Y. 1990).

15.     Although the Bankruptcy Code does not specifically provide for recoupment, "[t]he common law doctrine of recoupment provides an exception to setoff in bankruptcy cases." *University Medical Ctr. v. Sullivan (In re University Medical Ctr.)*, 973 F.2d 1065, 1079 (3d Cir. 1992).  "Recoupment 'is the setting off of a demand arising from the *same* transaction as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such claim.'"  *Id.* (quoting 4 *Collier on Bankruptcy* § 553.03 at 553-15 to 553-17 (Lawrence P. King ed., 15th ed. 1992)).  "[S]o long as the creditor's claim arises out of the identical transaction as the debtor's, that claim may be offset against the debt owed to the debtor, without concern for the limitations put on the doctrine of setoff by Code section 553."  *University Medical Ctr.*, 973 F.2d at 1080.  *See also Reiter v. Cooper*, 507 U.S. 258, 264, 113 S. Ct. 1213, 1218, 122 L.Ed.2d 604 (1993) (defining recoupment as "the setting off against asserted liability of a counterclaim arising out of the same transaction").

16.     Although a creditor must obtain relief from the automatic stay to exercise a right of setoff, recoupment constitutes "a non-statutory, equitable exception to the automatic stay." *University Medical Ctr.*, 973 F.2d at 1081.  Because it appears that the Final DIP Financing Order may require a creditor to obtain relief from the automatic stay prior to the exercise of any recoupment rights, NewEnergy files this Motion and requests that it be permitted to recoup $250,000 of the NewEnergy Claim from the Security.

17.     The NewEnergy Claim and the Security arise out of the same contract, *i.e.*, the Supply Agreement.  The obligations between NewEnergy and the Debtors are mutual and arose prior to the commencement of these bankruptcy cases.  Upon information and belief, there is no dispute regarding the amounts of the NewEnergy Claim and the Security.  NewEnergy is entitled

to relief from the automatic stay to allow it to recoup and/or setoff the Security against the NewEnergy Claim.

## RESERVATION OF RIGHTS

18.   The NewEnergy Claim is $793,411.29 greater than the amount of the Security. Accordingly, after NewEnergy exercises its recoupment and/or setoff rights, NewEnergy will be left with a substantial deficiency claim against the Debtors. NewEnergy reserves all of its rights and causes of action with respect to the NewEnergy Claim for any amounts due as of the date of filing after recoupment and/or offset including, without limitation, the right to file a proof of claim in the Debtors' chapter 11 cases.

## WAIVER OF MEMORANDUM OF LAW

19.   This Motion does not raise any novel issues of law. NewEnergy therefore respectfully requests that this Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted in support of this Motion.

## NOTICE

20.   Notice of this Motion will be provided in accordance with this Court's Order dated October 14, 2005 establishing case management and notice procedures in these Chapter 11 cases. No further or other notice need be provided. No previous motion for the relief sought herein has been made to this or any other Court.

WHEREFORE, NewEnergy respectfully requests that this Court enter an order, substantially in the form attached: (i) granting the Motion; (ii) authorizing the immediate exercise of setoff and/or recoupment rights by NewEnergy of the NewEnergy Claim against the Security; and (iii) granting such further relief as is appropriate.

| | |
|---|---|
| Dated: New York, New York<br>December 21, 2005 | DLA PIPER RUDNICK GRAY CARY US LLP<br><br>/s/ Timothy W. Walsh<br>Timothy W. Walsh (TW-7409)<br>1251 Avenue of the Americas<br>New York, New York 10020-1104<br>Telephone: (212) 835-6000<br>Facsimile: (212) 835-6001<br>timothy.walsh@dlapiper.com<br><br>and<br><br>Maria Ellena Chavez-Ruark, Esquire<br>DLA Piper Rudnick Gray Cary US LLP<br>6225 Smith Avenue<br>Baltimore, Maryland 21209-3600<br>Telephone: (410) 580-3000<br>Facsimile: (410) 580-3001<br>richard.kremen@dlapiper.com<br>maria.ruark@dlapiper.com<br><br>Attorneys for Constellation NewEnergy, Inc. |