Beth A. Bangert (2044)
Attorney
Office of the Chief Counsel
PENSION BENEFIT GUARANTY CORPORATION
1200 K Street, N.W.
Washington, D.C. 20005-4026
Phone: (202) 326-4020
Fax: (202) 326-4112
E-mail: bangert.beth@pbgc.gov and efile@pbgc.gov
Attorney for Pension Benefit Guaranty Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
|  | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, *et al.*, |  |
|  | (Jointly Administered) |
| Debtors. |  |

**MOTION FOR ADMISSION TO PRACTICE,**
***PRO HAC VICE*, OF BETH A. BANGERT**

I, Beth A. Bangert, a member in good standing of the bar of the District of Columbia, and the bar of the State of Maryland request admission, *pro hac vice*, before the Honorable Robert D. Drain, to represent the Pension Benefit Guaranty Corporation ("PBGC"), a creditor in the above-referenced case. The grounds for this motion are as follows:

1.  PBGC is a wholly-owned United States government corporation that administers the pension plan termination program established under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), *as amended*, 29 U.S.C. §§ 1301-1461 (2000 & Supp. II 2002).

2. Under the Local Rules of the United States Bankruptcy Court for the Southern District of New York, upon motion to the Court, an attorney "in good standing of the bar of any state or of any United States District Court may be permitted to practice in this Court in a particular case, adversary proceeding, or contested matter." Local Bankruptcy Rule 2090-1(b).

3. My address is Beth A. Bangert, Office of the Chief Counsel, Pension Benefit Guaranty Corporation, 1200 K Street, N.W, Washington, D.C. 20005-4026. My telephone number is 202-326-4020, ext. 3678. My e-mail address is bangert.beth@pbgc.gov

4. As an agency of the United States government under 28 U.S.C. § 451, PBGC is exempt from filing fees.

Dated: December 22, 2005
Washington, D.C.

/s/ Beth A. Bangert
Beth A. Bangert (2044)
Attorney
Office of the Chief Counsel
Pension Benefit Guaranty Corporation
1200 K Street, N.W.
Washington, D.C. 20005-4026
Phone: (202) 326-4020
Fax: (202) 326-4112
E-mail: bangert.beth@pbgc.gov
Attorney for Pension Benefit Guaranty Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ) | Case No. 05-44481 (RDD) |
| ) | |
| DELPHI CORPORATION, *et al.*, ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |

## ORDER

**ORDERED,**

that Beth A. Bangert, Esq., is admitted to practice, *pro hac vice,* in the above referenced case, in the United States Bankruptcy Court, Southern District of New York.

Dated: _____, 2005
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

L. RALPH MECHAM
DIRECTOR

JAMES E. MACKLIN, JR.
DEPUTY DIRECTOR

ADMINISTRATIVE OFFICE OF THE
UNITED STATES COURTS

WASHINGTON, D.C. 20544

WILLIAM R. BURCHILL, JR.
GENERAL COUNSEL

December 17, 1991

Mr. Jay A. Resnick
Assistant General Counsel
Pension Benefit Guaranty Corporation
2020 K Street, N.W.
Washington, D.C. 20006-1860

Dear Mr. Resnick:

I am writing in response to your letter of October 16, 1991, concerning the payment of filing fees and other clerk's fees in bankruptcy court by the Pension Benefit Guaranty Corporation. Based on the information and arguments you have provided, it is my opinion that the PBGC should not be required to pay the fees established under 28 U.S.C. § 1914. The Administrative Office will advise all clerks of court of this new conclusion. Since it reverses an administrative interpretation of long standing, however, I will further advise the clerks that it should be applied prospectively only.

Hitherto, many Federal corporations have been required to pay these fees based on case law holding that these corporations stand in the same shoes as private litigants, do not act on behalf of the United States in court, and are therefore not entitled to the sovereign immunity accorded to entities that are unquestionably agencies of the United States. These corporations generally are granted authority to sue and be sued in their own names, are not entitled to legal representation by the Department of Justice, and do not recoup judgments in the name of the United States. *See, e.g., Reconstruction Finance Corporation v. Menihan*, 312 U.S. 81 (1941); *In Re Clerk's Fees and Cost Bonds*, 49 F. Supp. 1011 (M.D. Tenn. 1943).

The Schedules of Additional Fees prescribed by the Judicial Conference under 28 U.S.C. §§ 1913, 1914, 1926 and 1930 provide that "no fees shall be charged for services rendered [by the clerk] on behalf of the United States." There is no expressed exemption on behalf of the United States from the statutory civil filing fee, nor can the Judicial Conference grant one; however, as a matter of longstanding custom, backed by one or two reported court opinions, the United States attorneys have not been required to pay it.

A TRADITION OF SERVICE TO THE FEDERAL JUDICIARY

Mr. Jay A. Resnick
Page 2

Among the Federal corporations held responsible for the civil filing fee was the Federal Deposit Insurance Corporation. In 1986, however, the United States Court of Appeals for the Fifth Circuit held that the FDIC was a "Federal defendant" entitled to sixty days to answer a complaint, rather than the twenty days in which a private defendant must answer. The court found that the United States had a sufficient proprietary interest in the FDIC to warrant according it the longer time to answer a complaint. *Rauscher Pierce Refsnes Inc. v. FDIC*, 789 F.2d 313 (5th Cir. 1986). Counsel for the FDIC used this decision to argue that the FDIC should not pay a filing fee or the other clerk's fees, even when appearing on its own behalf through private counsel. In this agency's opinion, however, *Rauscher* did not clearly overcome the earlier line of cases imposing liability for the fees based on the statutory waiver of sovereign immunity on behalf of the Federal corporations. Finally, the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 expressly declared that the FDIC is a Federal party within the meaning of 28 U.S.C. § 1345 when appearing in court in any capacity. Public Law 101-73, § 209, August 9, 1989, 103 Stat 216 (12 U.S.C. § 1819(b), as amended). The FDIC is now clearly exempted from the fees under 28 U.S.C. §§ 1913, 1914, 1926 and 1930.

The opinions you cite in your letter support a similar conclusion with respect to the PBGC. As I have stated above, I will advise the clerks of court of this conclusion. The advice of the Administrative Office on this issue is ultimately not binding on the courts, particularly with respect to the fees prescribed directly in the statutes; however, the clerks frequently look to our office for guidance on such matters.

If it is necessary to address this issue further, please feel free to contact this office.

Sincerely,

William R. Burchill, Jr.
General Counsel