BROWNRUDNICK

ROBERT J. STARK
direct dial: 212-209-4862
rstark@brownrudnick.com

Seven
Times
Square
New York
New York
10036
tel 212.209.4800
fax 212.209.4801

November 22, 2005

**BY HAND COURIER**

The Honorable Deirdre Martini
United States Trustee
Office of the United States Trustee
33 Whitehall Street, Suite 2100
New York, New York 10004

**RE: In re Delphi Corporation, *et al.*,**
**Chapter 11 Case No. 05-44481 (Bankr. S.D.N.Y.)**

brownrudnick.com

Dear Deirdre:

As you know, this firm is counsel to Law Debenture Trust Company of New York ("Law Debenture"), successor Indenture Trustee for two notes issued by Delphi Corporation (the "Debtor" and, together with its Chapter 11 affiliates, the "Debtors"): (a) the 8.25% Junior Subordinated Note due 2033 in the aggregate principal amount of $257,731,975; and (b) the Adjustable Rate Junior Subordinated Note due 2033 in the aggregate principal amount of $154,640,000 (together, the "Subordinated Notes"). With unsecured claims exceeding $412 million, the Subordinated Noteholders represent a very significant percentage of the Debtors' total unsecured indebtedness, and also represent a constituency of creditors that is not presently represented by current members of the Official Committee of Unsecured Creditors (the "Committee").

By letter dated October 25, 2005, we requested that you reconsider your decision not to appoint Law Debenture to the Committee. By letter dated November 2, 2005, you solicited the Committee's view on our request, among others. By letter dated November 15, 2005, the Committee stated that you do not need to reconsider your decision not to appoint Law Debenture to the Committee because: "Law Debenture hold[s] or represent[s] claims similar in origin and priority to those of current Committee members," and therefore the Subordinated Noteholders are "fully and fairly represented by the Committee's current members." This bold statement was made without any explanation or analysis. We firmly believe that actual scrutiny of the Committee's membership will prove that there is no present member that can "meaningfully" represent the interests of the holders of Subordinated Notes. See In re Enron Corp., 279 B.R. 671, 685, 687 (Bankr. S.D.N.Y. 2002) (for a creditor party to be adequately represented by an official committee, the party must have a "meaningful voice" on the committee and each creditor group must have a say in the committee's decision-making process).

As you know, the Committee presently consists of four trade creditors, one labor union, and two representatives of bond debt. Contrary to the Committee's letter, none of these creditors hold claims that are of similar origin or priority to those held by the Subordinated Noteholders. The four trade creditors represent unsecured trade debt claims that are purportedly structurally senior to the Subordinated Notes. The labor union represents employee claims and interests that are also purportedly structurally senior to the Subordinated Notes. One of the two representatives of the bond debt, Wilmington Trust Company, is the Indenture Trustee for Senior Notes that are purportedly contractually senior to the Subordinated Notes.

That leaves only Capital Research and Management Company ("Capital Research"), which we presume is the member referenced by the Committee as "hold[ing] or represent[ing] claims similar in origin and priority to" the those represented by Law Debenture. Tellingly, the Committee's letter does not identify Capital Research's holdings of Subordinated Notes or, perhaps more importantly, Senior Notes. Capital Research did, however, file a *Notice of Status as a Substantial Claimholder* on November 11, 2005, in which it disclosed holding unspecified interests in four different issues of Senior Notes, as well as an unspecified interest in the Subordinated Notes.

Because it holds notes that have different origins and different (and, more precisely, purportedly opposing) priorities, Capital Research is hopelessly conflicted. It is almost axiomatic that Capital Research cannot meaningfully represent the interests of the holders of Subordinated Notes while, at the same time, representing the opposing interests of the Senior Notes. This conflict manifests itself in virtually every decision of the Committee since the maximization of return to subordinated indebtedness is fundamentally contrary to the maximization of recovery of senior indebtedness. See In re McLean Industries, Inc., 70 B.R. 852, 861 (Bankr. S.D.N.Y. 1987). The holders of Subordinated Notes should not be made to rely upon a purportedly adverse party to protect and advocate their interests. Only by having their own, non-conflicted, representative on the Committee can the holders of the Subordinated Notes be assured of having meaningful representation on the Committee. See, e.g., Value Merchants 202 B.R. 280 (affirming Bankruptcy Court ruling that the United States Trustee abused its discretion in failing to appoint indenture trustees for subordinated debentures as voting member of the official creditors' committee, where official committee comprised only of trade creditors and equipment financiers was not representative of a large segment of the debtor's unsecured debt).

Based upon the forgoing, we reiterate our request that you appoint Law Debenture to the Committee. We anxiously await your response.

Very truly yours,

Robert J. Stark

Copies: John Wm. Butler, Jr., Esq. (by facsimile)
Robert Rosenberg, Esq. (by facsimile)
Daniel R. Fisher
Patrick J. Healy

# 8120276 v2 -