# BROWNRUDNICK

Peter J. Antoszyk, Esq.
direct dial: (617) 856-8513
pantoszyk@brbilaw.com

One
Financial
Center
Boston
Massachusetts
02111
tel 617.856.8200
fax 617.856.8201

December 5, 2005

**VIA FACSIMILE 212-668-2255**

Alicia M. Leonard, Esquire
US Department of Justice
Office of the United States Trustee
Region 2/Southern District of New York
33 Whitehall Street, Suite 2100
New York, NY 10004

    Re: *Creditors Committee In re: Delphi Corporation, et al.,*
         **Case No. 05-44481(RDD) (Jointly Administered)**

Dear Ms. Leonard:

    As you know, Law Debenture Trust Company of New York ("***Law Debenture***") is successor indenture trustee for two notes issued by Delphi Corporation (the "***Debtor***" and, together with its Chapter 11 affiliates, the "***Debtors***"): (a) the 8.25% Junior Subordinated Note due 2033 in the aggregate principal amount of $257,731,975; and (b) the Adjustable Rate Junior Subordinated Note due 2033 in the aggregate principal amount of $154,640,000 (together, the "***Subordinated Notes***"). The Subordinated Notes are presently payable to Law Debenture as successor property trustee under two different Amended and Restated Declaration of Trusts, one dated October 28, 2203 and one dated November 21, 2003. We are in receipt of a copy of the letter from Debtors' counsel responding to your request for their input on the request of, among others, Law Debenture for membership on the Official Committee of Unsecured Creditors (the "***Official Committee***").

    Law Debenture submits that it is inappropriate for the Debtors to be opining as to the composition of the Official Committee. The Debtors motives for a certain configuration of the Official Committee are not necessarily consonant with the interest of creditors, particularly of those that hold a beneficial interest in the Subordinated Notes, in that, based upon counsel's letter, the Debtors have strategic reasons for advocating a certain configuration of the Official Committee that have nothing to do with a fair representation of the unsecured creditor body.

    Nonetheless, the Debtors assert that Law Debenture should not be afforded a seat on the Official Committee because Capital Research and Management Company ("**CapRe**"), a current member of the Official Committee, can represent the interests of the Subordinated Notes since it

Alicia M. Leonard, Esquire
December 5, 2005
Page 2

holds an investment in the Subordinated Notes. Law Debenture would note that it is the sole holder of Subordinated Notes, as property trustee. As such, it alone can represent the interests of the Subordinated Notes.

More substantively, however, CapRe, assuming that it was actually a holder of Subordinated Notes (either upon dissolution of the trusts or otherwise), does not and cannot adequately represent the interests of the holders of the Subordinated Notes. According to the Debtors and CapRe's filings, CapRe's investment in Senior Notes is many times that of its purported investment in the Subordinated Notes. In its letter to the United States Trustee, the Debtors indicated that CapReholds between 5%-10% of the Subordinated Notes, which would be between approximately 3.5%-7.5% of their combined holdings of Senior Notes and Subordinated Notes (or approximately $20-40 million of Subordinated Notes to over $540 million of Senior Notes). CapRe's relatively small investment in Subordinated Notes, which is holds probably as merely a "hedge" for its investment in the Senior Notes, gives it little incentive to protect the interests of the Subordinated Notes over it much more significant interest in Senior Notes.

More significantly, the Debtors completely ignore the inherent and irreconcilable conflict that we pointed out in our prior correspondence. As we have previously mentioned, because CapRe holds notes that have different origins and different (and, more precisely, purportedly opposing) priorities, CapRe is hopelessly conflicted. CapRe has every incentive to compromise the position of the Subordinated Notes in order to maximize a greater return on the Senior Notes in which it holds a much more significant position. Consequently, they cannot adequately represent the interests of the purportedly junior Subordinated Notes. The Debtors do not address this fatal, but crucial defect, which militates in favor of appointing Law Debenture to the Official Committee.

The Debtors have proposed expanding Official Committee by adding two new members. They are not concerned that adding members to the Official Committee would make the committee to large or unwieldy, and Law Debenture agrees and submits that affording it a seat on the Official Committee would make it more representative. Accordingly, Law Debenture submits that the United States Trustee should reject the Debtors' position and appoint Law Debenture to the Official Committee.

Alicia M. Leonard, Esquire
December 5, 2005
Page 3

Very truly yours,

**BROWN RUDNICK BERLACK ISRAELS LLP**

By: _____
Peter J. Antoszyk

PJA/kmp
cc: Robert Stark, Esquire
    Daniel Fisher
    Patrick Healy
    Robert J. Rosenberg, Esq. (via fax 212-751-4864)
    John Wm. Butler, Jr. (via fax 312-407-8501)

# 1402104 v1 - ANTOSZPJ - 025224/0002