UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: DELPHI CORP.,
    Debtor

Hon. Robert D. Drain

Chapter 11                                                                                            Case #: 05-44481
_____/

| JOHN WILLIAM BUTLER, JR. | ALICIA LEONARD |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP | United States Trustee |
| Attorneys for Debtor | 33 Whitehall St., 21st Flr. |
| 333 W. Wacker Drive | New York, NY 10004 |
| Chicago, IL 60606-1285 | (212) 510-0500 |
| (312) 407-0700 | |
| Fax: (312) 407-0411 | |

_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY IN LIGHT OF HOLD HARMLESS AGREEMENT

    Charles Clark, a potential creditor of Delphi Corp., seeks relief from the automatic stay of this court in light of the fact that a hold harmless agreement protects debtor from any liability to Clark, as detailed below:

1. On April 21, 2005, Charles Clark, a resident of the State of Michigan, filed a Complaint in Macomb County Circuit Court, State of Michigan, for personal injuries against a John Doe corporation.  That corporation was later identified as Delphi Corp., debtor herein, and so the complaint in the Macomb County Circuit Court was amended on July 12, 2005, to name Delphi Corporation as a party defendant.  A copy of that First Amended Complaint is attached as Exhibit 1.  As is evident from the Amended Complaint, Clark suffered an amputation of a portion of his left hand while in the course of his employment with a company called ACC while working with a bonder carousel.  That carousel had been supplied by Delphi to Clark's employer.

2. Soon after the Amended Complaint was served on Delphi, Delphi filed its Chapter 11 petition in this court, thereby triggering the automatic stay.

3. Undersigned counsel for Clark has been informed by counsel representing Delphi in the personal injury case that Clark's employer is contractually bound to hold Delphi harmless from any settlement or judgment, including interest, costs, and attorney fees which Delphi might incur in its defense of the personal-injury lawsuit. Counsel for Delphi in that case has also informed counsel for Clark that he is of the opinion that the automatic stay bars him from producing the hold harmless agreement to undersigned counsel. Therefore, it is not possible for undersigned counsel to produce a copy of the hold harmless agreement for this court.

4. Based on the above representations, it would appear that Clark's personal-injury lawsuit against Delphi will not and cannot result in any transfer or loss of assets by Delphi to Clark or anyone else. Therefore, Clark's personal-injury lawsuit against Delphi will not impair the rights of any of the creditors in the pending bankruptcy proceedings.

5. Because of the distance, time, and expense involved, undersigned counsel requests that this Honorable Court either permit counsel's participation in the hearing via conference call initiated by undersigned counsel, or decide this motion on the briefs.

Charles Clark moves this Honorable Court for entry of an order permitting Clark relief from the automatic stay, specifically, that Clark may proceed with his personal injury lawsuit in Macomb County Circuit Court in the State of Michigan in light of the hold harmless agreement.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

2


This motion is brought pursuant to §362 of the Bankruptcy Code.

    Kelman Loria, PLLC

    By:_____
    Alan B. Posner
    660 Woodward Ave., Suite 1420
    Detroit, MI 48226
    (313) 961-7363 Ext. #229

December 13, 2005

**PROOF OF SERVICE**

**Alan B. Posner** certifies that the above instrument was served on John William Butler, Jr., Attorney for Debtor, Alicia Leonard, United States Trustee as well as counsel in the Michigan personal injury lawsuit, David R. Baxter, 155 West Congress, Suite 300, Detroit, MI 48243 and Douglas L. Toering, 888 West Big Beaver, Suite 750, Troy, MI 48084-4745 at the addresses disclosed on the pleadings on December 13, 2005, by First Class U.S. Mail.

_____
**Alan B. Posner**