UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Case No. 05-44481 (RDD) |
| | ) | |
| DELPHI CORPORATION, et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(a), 328(a) AND 1107(b) AUTHORIZING EMPLOYMENT AND RETENTION OF DELOITTE & TOUCHE LLP AS INDEPENDENT AUDITORS AND ACCOUNTANTS TO DEBTORS, EFFECTIVE NUNC PRO TUNC TO OCTOBER 8, 2005**

The duly-appointed Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors")[1] hereby submits its Limited Objection (the "Objection") of the Official Committee of Unsecured Creditors to the Debtors' Application (the "Application") for Order Under 11 U.S.C. §§ 327(a), 328(a) and 1107(b) Authorizing Employment and Retention of Deloitte & Touche LLP as Independent Auditors and Accountants to Debtors, Effective Nunc Pro Tunc to October 8, 2005. In support of this Objection, the Committee respectfully represents as follows:

---

[1] In addition to Delphi Corporation, the following entities are debtors in these related cases: ASEC Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding) Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc., Dephi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Services Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holdings Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL INC., Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International, Ltd.

## INTRODUCTION

The Committee has reviewed the Application filed by the Debtors requesting the authority to employ Deloitte & Touche LLP ("Deloitte" and collectively with the Debtors and the Committee, the "Parties") to perform certain audit and government services. The Committee, through counsel, has raised its objections to the Application with counsel for Deloitte and counsel for the Debtors and is in the process of negotiating language that would resolve those objections. The Parties, however, have been unable to reach a resolution. Thus, the Committee is forced to file this Limited Objection at this time to preserve its rights. Accordingly, the Committee opposes the approval of the Application unless the following issues are adequately addressed by the Debtors and Deloitte:[2]

(a) Neither the indemnification language in the Government Reports Engagement Letter (as defined in the Application), the provisions in the form of the proposed Order or the fact of employment of Deloitte by the Debtors may be a basis for the conversion of any pre-petition claims or requests of Deloitte for indemnification or reimbursement of administrative claims. Therefore, the Order must be clarified so that any claims for pre-petition services performed by Deloitte are treated as general unsecured claims; and

(b) The proposed Order and the employment of Deloitte cannot be a basis in any manner for the preclusion of avoidance actions under Chapter 5 of the Bankruptcy Code against Deloitte.

## BACKGROUND

1. On October 8, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their property as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. On October 8, 2005, the Court entered an order jointly administering the Debtors' cases.

---

[2] The Debtors and Deloitte have agreed to Wednesday, December 28, 2005 at 4:00 p.m. (eastern) as an extended deadline for the Committee to file and serve its objection to the Application. Furthermore, the objection is timely within

---

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE
APPLICATION FOR ORDER APPROVING EMPLOYMENT OF DELOITTE & TOUCHE LLP**   Page 2 of 5

2. On October 17, 2005, the United States Trustee for the Southern District of New York, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these Chapter 11 Cases.

3. On November 23, 2005, the Debtors filed their Application requesting authority to employ Deloitte to perform certain audit and government accounting services for the Debtors. The Application was filed by Notice of Presentment.

4. On December 2, 2005, the Teachers' Retirement System of Oklahoma, the Public Employees' Retirement System of Mississippi, Raiffeisen Kapitalanlage-Gesellschaft m.b.H. and Stichting Pensioenfonds ABP (collectively, the "Lead Plaintiffs") filed their Lead Plaintiffs' Objection (the "Plaintiffs' Objection") to the Application for Order Under 11 U.S.C. §§ 327(a), 328(a) and 1107(b) Authorizing Employment and Retention of Deloitte & Touche LLP as Independent Auditors and Accountants to Debtors requesting that the Application be denied as retaining Deloitte would create unsustainable conflicts of interest, and further that the Application fails to provide essential information regarding the pre-petition services performed by Deloitte for the Debtors.

## ARGUMENT

5. In support of the Application, the Debtors filed the Government Reports Engagement Letter (as defined in the Application) prepared by Deloitte. The Government Letter is dated January 24, 2005, almost seven (7) months prior to the Petition Date, and contains indemnification language providing that the Debtors shall indemnify Deloitte and its personnel from all claims, liabilities and expenses relating to the engagement. Given that the Government Letter is dated pre-petition, the Committee requests that the Debtors clarify that the indemnification language contained therein will not result in administrative treatment

---

the parameters for objection established by the Case Management Order entered in these bankruptcy cases.
_____

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE
APPLICATION FOR ORDER APPROVING EMPLOYMENT OF DELOITTE & TOUCHE LLP**    **Page 3 of 5**

of any claims by Deloitte for conduct, actions or results that occurred prior to the Petition Date. Specifically, the Committee requests that the following language be incorporated into the proposed order at the end of paragraph numbered 6:

> "Any claim by Deloitte & Touche for reimbursement of attorneys' fees and expenses incurred prior to the Petition Date shall be treated and reviewed as a general unsecured pre-petition claim."

In addition, the Committee requests that the following be added as a new paragraph:

> "Neither the entry of this Order nor the employment of Deloitte & Touche by the Debtors' bankruptcy estates pursuant to the Engagement Letters or this Order, shall convert any claim or request by Deloitte & Touche for indemnification or reimbursement for claims, losses, damages, liabilities and/or expenses for acts, omissions, conduct, events, occurrences or otherwise that occurred or arose on or prior to the Petition Date into a post-petition obligation or administrative expense of the Debtors and their respective estates."

6.      In addition, within the ninety (90) days prior to the Petition Date, Deloitte received over $5 million in transfers from the Debtors. In light of such transfers, the Committee requests that the Debtors clarify that an order granting the Debtors the authority to employ Deloitte, and/or any finding relating thereto, will not preclude any avoidance claims the estate may hold against Deloitte. Specifically, the Committee requests that the following language be added to the proposed order as a new paragraph:

> "Neither the employment of Deloitte & Touche pursuant to the Application or this Order nor any determination that Deloitte & Touche is "disinterested" for purposes of Section 327 of the Bankruptcy Code shall constitute a defense for Deloitte & Touche or any of its affiliates or a bar in the event that Deloitte & Touche or any of its affiliates becomes a defendant in an adversary proceeding commenced by or on behalf of the estates for recovery of a voidable transfer under Chapter 5 of the Bankruptcy Code. This Court makes no determination in connection with entering this Order as to whether or not it would be appropriate for such an adversary proceeding to be commenced."

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court deny the relief requested in the Application and grant the Committee such other and further relief to which it may be justly entitled.

Dated: December 28, 2005

                The Official Committee of Unsecured Creditors
                By its proposed attorneys,

                */s/ MICHAEL D. WARNER*
                Michael D. Warner, Esq. (TX Bar No. 00792304)
                Jeffrey A. Resler (NY Bar No. JAR5668)
                Laura G. Scurlock, Esq. (TX Bar No. 24033168)
                **WARNER STEVENS, L.L.P.**
                301 Commerce Street, Suite 1700
                Fort Worth, TX 76102
                Telephone: 817.810.5250
                Facsimile: 817.810.5255

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of December, 2005, a true and correct copy of the foregoing Limited Objection was served upon the parties on the attached Service List via overnight delivery service and/or electronic mail.

                /s/ MICHAEL D. WARNER
                Michael D. Warner

---

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE**
**APPLICATION FOR ORDER APPROVING EMPLOYMENT OF DELOITTE & TOUCHE LLP**    **Page 5 of 5**