| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: January 5, 2006<br>Hearing Time: 10:00 a.m. |

```
----------------------------------------------
In re:                                        :    Chapter 11
                                              :
DELPHI CORP., et al.,                         :    Case No. 05-44481 (RDD)
                                              :
                    Debtors.                  :    (jointly administered)
----------------------------------------------x
```

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' REQUEST FOR THE APPOINTMENT OF A FEE COMMITTEE CONTAINED IN THE MOTION FOR ADMINISTRATIVE ORDER UNDER 11 U.S.C. § 331 (I) ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS AND (II) SETTING A FINAL HEARING THEREON**

Deirdre A. Martini, United States Trustee for the Southern District of New York (the "United States Trustee"), hereby files her objection (the "Objection") to the Debtors' request for a fee committee contained in the Motion for Administrative Order under 11 U.S.C. § 331 (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and (II) Setting a Final Hearing Thereon (the "Interim Compensation Motion"), filed on October 8, 2005, on the following grounds:

    A.    The complexity of the Delphi cases does not warrant a Fee Committee; and

    B.    A Fee Committee would be an unnecessary administrative expense.

## FACTS

    1.    Delphi Corporation, *et al.* (the "Debtors") filed their chapter 11 cases (the "Delphi Cases") on October 8, 2005.

    2.    The Debtors filed the Interim Compensation Motion on October 8, 2005, as a first day motion, seeking payment of professionals through the Bankruptcy Court's Order Establishing Procedures For Monthly Compensation and Reimbursement of Expenses of Professionals

(General Order M-219).

3. As part of the Interim Compensation Motion, the Debtors requested that the Court order appointment of a Fee Committee to

> review and analyze fee statements and interim and final fee applications submitted by professionals appointed by this court . . . (the "Retained Professionals") and verify compliance with the other procedures described herein.

(Model Fee Committee and Fee Procedures Protocol (the "Fee Committee Protocol"), at 1, Exhibit "A" to the Interim Compensation Motion.) In addition, the Fee Committee is charged with reviewing budgets prepared by the Retained Professionals. (Id.)

4. The Debtors also request that the Court authorize the Fee Committee to hire a fee examiner and separate legal counsel, stating:

> In cases of this magnitude, the volume of fee and expense requests are such that the Fee Committee will not have the resources to thoroughly review such requests without the assistance of dedicated outside professionals. These outside professionals provide valuable services which will allow the Fee Committee to fulfill its duties economically and effectively, such as preparation of computer-generated analyses of the Chapter 11 Professionals' monthly fee statements and fee applications, preparation of reports to the Fee Committee on such statements and applications, and coordination of discussions with the Chapter 11 Professionals on any fee or expense issues, as directed by the Fee Committee. The Debtors believe that the cost of such professionals' services will be more than offset by the value to the Fee Committee of the services to be provided.

(Interim Compensation Motion, at 11-12, ¶ 21.)

5. In addition, each Fee Committee member is entitled to

> reimbursement for reasonable, documented out-of-pocket expenses from the estates. Such Fee Committee expenses include travel and lodging expenses for attendance at Fee Committee meetings. Such Fee Committee expenses do not include professional fees incurred by professionals advising Fee Committee members (which fees are included in fee applications and are otherwise compensable.)

(Fee Committee Protocol, at 2.)

6.    Since the inception of the *Delphi* Cases, the Debtors have retained (or sought to retain) fourteen professionals[1] and the Creditors' Committee has retained or sought to retain three professionals.[2] The Debtors will likely hire more special counsel.

7.    To date, no Retained Professional has submitted any monthly fee statements to the United States Trustee

## ARGUMENT

**I.    The complexity of the *Delphi* cases does not warrant a Fee Committee.**

8.    The Debtors characterize the *Delphi* Cases as so large and complex that only a Fee Committee will have the wherewithal to handle review of fees. The Debtors cite orders authorizing fee committees in the *Enron, Worldcom, Adelphia, Winn Dixie* and *Delta* cases as precedents for the appointment of a Fee Committee in the *Delphi* Cases.

9.    However, no Southern District of New York Bankruptcy Judge approved a fee committee in either *Winn Dixie* or *Delta*. Moreover, the *Delphi* Cases are not of the same magnitude as Enron, Worldcom, or Adelphia.

10.    Although the revenues and debts of the Debtors in this case may be in the billions

---

[1]    Skadden, Arps, bankruptcy counsel; Togut, Segal & Segal, conflicts counsel; Shearman & Sterling, special counsel; Groom Law Group, special counsel; O'Melveny & Myers, special counsel; Rothschild, investment banker; FTI Consulting, financial advisors; Price, Heneveld, Cooper, Dewitt & Litton LLP, as special counsel; Howard & Howard Attorneys, as special counsenl; Cantor Colburn LLP, as special counsel; Butzel Long, PC, as local counsel; Banner & Witcoff, as special counsel; Wilmer Cutler Pickering Hale and Dorr LLP, as special counsel; and Jones Lang LaSalle Americas, Inc. as Real Estate Administrative and Transaction Services Provider to Debtors

[2]    Latham & Watkins, counsel; Warner Stevens, as conflicts counsel, and Meisirow Financial Consulting, as financial advisor.

of dollars, the issues presented are straightforward.[3] The number of professionals is small. The Debtors have, to date, retained fourteen professionals, most of whom are special counsel for limited issues. The Creditors' Committee has retained only three professionals.

11.     The United States Trustee has the capability to review fee statements, fee applications and budgets. In fact, the United States Trustee regularly reviews fee applications mega-cases in the discharge of her duties under 28 U.S.C. § 586. Moreover, the Debtors and the Creditors' Committee should be regularly reviewing fees and objecting if the fees appear unreasonable.[4] The Retained Professionals and the Debtors' managers should not be allowed to abdicate this responsibility to a Fee Committee.

**II.     A Fee Committee would be an unnecessary administrative expense.**

12.     These are cases in which the workers will likely be forced to take pay and benefit cuts that will severely curtail their lives and, perhaps, force many of them into bankruptcy themselves. As a result, all parties, including the Retained Professionals, should work toward limiting administrative expenses.

13.     If a Fee Committee is approved, the Debtors will have to pay, at a minimum, the (a) expenses of the Fee Committee members, including airfare, hotel, and meals; (b) fees and costs of the Retained Professionals who prepare the members' expense reports; (c) fees and costs of a fee examiner; and (d) the fees and costs of counsel for the Fee Committee. The creditors of the Debtors should not be forced to subsidize another layer of administrative expenses.

---

[3]     The Debtors stated goals in Chapter 11 are to trim worker compensation and benefits, streamline operations, and resolve issues with GM over legacy costs.

[4]     Unfortunately, professionals rarely object to each others' fees.

- 4 -

WHEREFORE, the United States Trustee requests that the Court sustain her objections, deny the request for a Fee Committee, and grant other relief as is just.

Dated: New York, NY
       December 30, 2005

                                        Respectfully Submitted,

                                        DEIRDRE A. MARTINI
                                        UNITED STATES TRUSTEE

By:    /s/ Alicia M. Leonhard
        Alicia M. Leonhard (AML-6060)
        Attorney

        33 Whitehall Street
        21st Floor
        New York, New York 10004-2112
        Tel. No. (212) 510-0500
        Fax. No. (212) 668-2255