**Hearing Date and Time: January 5, 2006 at 10:00 a.m.**
                                    **Objection Deadline: December 29, 2005 at 4:00 p.m.**

CONNOLLY BOVE LODGE & HUTZ LLP
Jeffrey C. Wisler
Christina M. Thompson
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

*Attorneys for Orix Warren, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                    :
In re                                         :        Chapter 11
                                                    :
DELPHI CORPORATION, *et al.*,       :        Case No. 05-44481 (RDD)
                                                    :
                    Debtors.           :        (Jointly Administered)
-------------------------------------------------------x

**OBJECTION OF ORIX WARREN, LLC TO MOTION FOR ORDER
UNDER 11 U.S.C. §§ 365(a) AND 554 AND FED. R. BANKR. P. 6006
APPROVING PROCEDURES FOR REJECTING UNEXPIRED REAL
PROPERTY LEASES AND AUTHORIZING DEBTORS TO ABANDON
<u>CERTAIN FURNITURE, FIXTURES, AND EQUIPMENT</u>**

      Orix Warren, LLC ("Orix"), by and through its undersigned counsel, hereby objects

to the *Motion for Order under 11 U.S.C. §§ 365(a) and 554 and Fed. R. Bankr. P. 6006*

*Approving Procedures for Rejecting Unexpired Real Property Leases and Authorizing*

*Debtors to Abandon Certain Furniture, Fixtures, and Equipment* ("Motion"), and in support

thereof, respectfully states as follows:

1. ORIX and Delphi Automotive Systems, LLC ("Delphi Auto"), one of the above-captioned debtors ("Debtors"), are parties to a certain *Lease* ("Lease") for non-residential real property located at 4551 Research Parkway, Warren, Ohio ("Premises"). The Premises is used by the Debtors as a highly specialized testing facility.

2. Through the Motion, the Debtors seek (i) to implement procedures to reject unexpired leases of non-residential real property ("Rejection Procedures") and (ii) authority to abandon certain personal property, including but not limited to, furniture, fixture and equipment ("FF&E") at such rejected lease properties without further Court approval ("Abandonment").

3. Orix objects to the relief requested in the Lease Rejection Procedures Motion because (a) the Rejection Procedures do not adequately protect Orix's rights and interests under the Lease and (b) approval of the Abandonment of the FF&E is not appropriate.

4. <u>The "Notice Parties" Suggested by the Debtors are Inadequate</u>. The Debtors propose to serve the "Rejection Notice" (as defined in the Motion) upon affected lessors by email, facsimile, overnight delivery or hand delivery. The Debtors should also be required to serve the Rejection Notice upon counsel of record for the affected lessors at the same time and in the same manner. Moreover, the Debtors propose to serve only those parties that have a "direct" interest in the Property proposed to be abandoned. To the extent the Debtors have knowledge of parties holding an interest in the Property, whether direct or indirect, the Debtors should be required to provide notice of the proposed Abandonment to such parties.

5. <u>Debtors are Not Permitted to Remove All FF&E From Premises</u>. The proposed Rejection Procedures appear to permit the Debtors to remove FF&E from the

Premises at the sole discretion of the Debtors and without regard to the Lease and/or applicable state law. The Debtors are not permitted to remove, among other things, any FF&E that is affixed to the Premises. Accordingly, the Court should prohibit the Debtors from removing FF&E from the Premises that they are otherwise not permitted to remove pursuant to the terms of the Lease and/or applicable state law.

6. <u>Debtors Must Comply with 11 U.S.C. § 365(d)(3) Until the Date of Rejection.</u> As a condition precedent to rejection, the Debtors must return the leased premises to the lessor in the condition required by the underlying lease. 11 U.S.C. § 365(d)(3). In this case, the Lease requires the Debtors to surrender the Premises in broom clean condition. Accordingly, to the extent not otherwise provided for in the Lease and/or applicable state law, the Debtors are not permitted to leave any non-affixed FF&E at the Premises at the time of rejection. Any order establishing lease rejection procedures should mandate that the Debtors comply with 11 U.S.C. § 365(d)(3) until the date of rejection including, but not limited to, the return of the leased premises to the affected lessor in "broom clean" condition and/or other condition as provided for in the applicable lease.

7. <u>The Proposed Rejection Date is Improper</u>. As currently proposed, a lease will be rejected effective as of ten calendar days following issuance of the Rejection Notice. However, rejection must be preceded by a full and unequivocal surrender of the leased premises. *See Sea Harvest Corp. v. Rivera Land Co.*, 868 F.2d 1077, 1080-81 (9th Cir. 1989) (when a lease is rejected, the trustee or debtor in possession must "immediately surrender" the leased property to the lessor). The Debtors should not be permitted to pick an arbitrary effective date of rejection that is not based upon the actual

3

date of surrender of the leased premises by the Debtors to the landlord.  Otherwise, the Debtors may be permitted to escape their obligations under Section 365(d)(3) for any continued use and occupancy of the leased premises following rejection.  Any order establishing lease rejection procedures should mandate that no rejection is effective until the (i) Debtors have unequivocally vacated and surrendered the leased premises to the lessor (ii) all non-affixed FF&E is removed from the leased premises, and (iii) the leased premises is returned to the lessor in broom clean condition.

8.      <u>To the Extent Non-Affixed FF&E Remains at Leased Premises, Lessor Should Be Granted An Administrative Expense Claim.</u>  Lessors should be granted an allowed administrative expense claim for all costs associated with the removal of non-affixed FF&E left at the leased premises and any clean-up costs resulting from the Debtors failure to return the leased premises to lessor in "broom clean" condition.  *See In re Commercial Envelope Mfg. Co., Inc.,* 1980 Bankr. LEXIS 5030 (Bankr. S.D.N.Y. 1980) (holding that where landlord must clean up after debtor/tenant breaches lease, landlord has an administrative expense claim based on clean-up costs caused post-petition).  Moreover, an affected lessor should not be deemed to have waived its right to seek payment of any expense incurred by such lessor in the removal or disposal of the FF&E as an administrative expense under 11 U.S.C. § 503(b) simply because it does not object to the Abandonment of FF&E at the leased premises.[1]

9.      <u>Fifteen Days Prior Notice of Proposed Abandonment is Required</u>.  The Debtors propose to provide affected parties, including landlords, with ten days notice of the proposed Abandonment.  Rule 6007(a) of the Federal Rules of Bankruptcy Procedure,

---

[1] The Motion currently provides that, unless an affected lessor files and serves an objection to the abandonment of the FF&E, any expense incurred by such landlord in the removal or disposal of the FF&E will not be treated as an administrative expense under 11 U.S.C. § 503(b)(1). *See Motion,* ¶18(g).

4

which governs abandonment of property of the estate, requires the Debtors to provide affected parties with 15 days notice of the proposed abandonment. Accordingly, the Court should require the Debtors to comply with Fed. R. Bankr. P. 6007(a), and provide affected parties with 15 days notice of the proposed Abandonment of FF&E.

10.     <u>Any Abandonment of FF&E Must Be Free and Clear of All Liens, Claims and Encumbrances</u>.    Presently, the Debtors contemplate that an affected lessor will be able to remove and dispose of any abandoned FF&E without liability to any party which might claim an interest in such property, but only to the extent that such party was served with a copy of the Rejection Notice. To the extent that this Court authorizes the Debtors to abandon FF&E, the FF&E must be declared free and clear of any interests, liens, claims or other encumbrances so as to allow the affected lessor to dispose of the FF&E without any liability to the Debtors or their creditors.

WHEREFORE, Orix respectfully requests that the Court deny the Motion or, in the alternative, grant the Motion subject to objections outlined above. Orix further requests that the Court grant it such further relief as the Court may deem just and proper.

Dated: December 29, 2005            CONNOLLY BOVE LODGE & HUTZ LLP

**/s/ Jeffrey C. Wisler**
Jeffrey C. Wisler
Christina M. Thompson
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
*Attorneys for ORIX Warren, LLC*

#436228

5