Hearing Date: January 5, 2006 at 10:00 a.m. (ET)
Objection Deadline: December 29, 2005 at 4:00 p.m. (ET)

HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
(212) 592-1400
Paul Rubin (PR 2097)
Eric H. Horn (EH 2020)

*Counsel to Schmidt Technology GmbH*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
In re:                              :
                                    :  Chapter 11
DELPHI CORPORATION, *et al.*,       :
                                    :  Case No. 05-44481 (RDD)
                         Debtors.   :
                                    :  (Jointly Administered)
------------------------------------x

### SPECIAL AND LIMITED APPEARANCE OF SCHMIDT TECHNOLOGY GmbH REGARDING IMPROPER AND INSUFFICIENT SERVICE OF PROCESS

Schmidt Technology GmbH ("Schmidt GmbH"), by and through its undersigned counsel, hereby makes this special and limited appearance (the "Special Appearance")[1] regarding the Debtors' improper and insufficient service of process of a certain Order to Show Cause (Docket No. 477) issued by Delphi Corporation, *et al.* (collectively, the "Debtors") seeking to hold Schmidt GmbH liable for an alleged violation of the automatic stay imposed pursuant to 11 U.S.C. § 362. In support of this Special Appearance, Schmidt GmbH respectfully states as follows:

---

[1] Schmidt GmbH's filing of this Special Appearance, should in no way be construed as Schmidt GmbH's consent to this Court's jurisdiction and Schmidt GmbH reserves all of its rights in that regard.

**PRELIMINARY STATEMENT**

1.  This Court does not have jurisdiction over Schmidt GmbH due to the Debtors' improper and insufficient service of process. The Debtors' service of the Order to Show Cause on Schmidt GmbH -- a German Corporation -- via overnight mail did not comply with the applicable requirements of the Hague Convention, including the requirement that the document be sent to a "central authority" designated by the German government, that in turn, would effectuate or otherwise arrange for the appropriate service of process. Similarly, the Debtors' service of the Order to Show Cause on Schmidt Technology Corporation ("STC") -- a subsidiary of Schmidt GmbH that is not engaged in the manufacture or sale of airbag sensors, has no connection with Schmidt GmbH's dealings with the Debtors and that is not Schmidt GmbH's registered agent for service of process -- does not confer jurisdiction over Schmidt GmbH. Accordingly, since service was not properly effected on Schmidt GmbH, it is respectfully submitted that this Court does not have jurisdiction over Schmidt GmbH to hear the Order to Show Cause.

**BACKGROUND**

2.  On October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

3.  Schmidt GmbH is a German Corporation with no operations, offices, employees, real property interests or bank accounts in the United States. Schmidt GmbH has in the past supplied the Debtors with sensors for airbags.

4.  On or about October 20, 2005, the Debtors' claims and noticing agent sent to Schmidt GmbH via overnight mail a certain Order to Show Cause, which was not dated, seeking

to hold Schmidt GmbH liable for an alleged violation of the automatic stay imposed pursuant to Section 362 of the Bankruptcy Code. *See* Affidavit of Service of Amber M. Cerveny dated October 25, 2005 annexed hereto as Exhibit A.

5. On November 2, 2005, the Debtors caused a similar Order to Show Cause (dated November 1, 2005) to be delivered to the offices of STC, a Delaware corporation with its principal place of business in Pennsylvania. *See* Affidavit of Tonya Weimer dated November 2, 2005 (the "Weimer Affidavit") annexed hereto as Exhibit B. The Weimer Affidavit indicates that STC is Schmidt GmbH's registered agent.

6. STC, a subsidiary of Schmidt GmbH, is not engaged in the manufacture or sale of airbag sensors, has no connection with Schmidt GmbH's dealings with the Debtors, and is not Schmidt GmbH's registered agent for service of process.

7. Schmidt GmbH has not filed a proof of claim in the Debtors' Chapter 11 cases and has not otherwise consented to this Court's jurisdiction.

## ARGUMENT

### A. This Court Does Not Have Jurisdiction Over Schmidt GmbH

8. This Court does not have jurisdiction over Schmidt GmbH in this matter as the Debtors failed to properly serve Schmidt GmbH in accordance with the applicable requirements of the Hague Convention.[2]

9. It is well-settled that in order for a court to have jurisdiction over a party, proper service of process must be effected. *See, e.g., Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (noting that "[b]efore a federal court may exercise personal

---

[2] Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents dated November 16, 1965, as ratified by the Senate of the United States of America (1967) (the "Hague Convention")

3

jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied"). Rule 7004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding via Bankruptcy Rule 9014, requires that the Debtors' service of the Order to Show Cause on Schmidt GmbH be effected in accordance with the Hague Convention. Indeed, Rule 7004(f) provides that Rule 4 of the Federal Rules of Civil Procedure (the "Federal Rules") is to be followed with respect to the establishment of personal jurisdiction over a party. Rule 4(f) of the Federal Rules (applicable to a foreign corporation via Federal Rule 4(h)(2)[3]) provides in pertinent part as follows:

> service upon an individual from whom a waiver has not been obtained and filed . . . may be effected in a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

Fed. R. Civ. P. 4(f).

10. Pursuant to the Hague Convention, in order to effect proper service on a German corporation, a plaintiff must, among other things, forward the documents to be served to a "central authority" designated by the German government, that in turn, effectuates or otherwise arranges for the appropriate service of process. *See* United States Department of State, *Circular Regarding Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents*

---

[3] Federal Rule 4(h) provides, in pertinent part, as follows:

Service Upon Corporations. Unless otherwise provided by federal law, service upon a . . . foreign corporation . . . shall be effected:

\* \* \*

(2) in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) . . .

4

*in Civil and Commercial Matters* at 2 (2005)[4] (stating that "[t]he Hague Service Convention provision for service by a Central Authority is the exclusive method for service of process in the Federal Republic of Germany"); *Broad v. Mannesmann Anlagenbau AG*, 196 F.3d 1075, 1076-77 (9th Cir. 1999) (noting that "Germany requires requests for service of process to be addressed solely to the designated central authority").

11.     Here, the Debtors' attempt to serve Schmidt GmbH -- a German corporation -- with the Order to Show Cause via overnight mail clearly was insufficient process under the Hague Convention. Indeed, the Debtors failed to send the document to Germany's Central Authority. Accordingly, proper service of the Order to Show Cause on Schmidt GmbH was not effected, and thus, this Court does not have jurisdiction to hear the Order to Show Cause.

### B.     Service On STC Does Not Establish Jurisdiction Over Schmidt GmbH

12.     The Debtors' service of STC -- a subsidiary of Schmidt GmbH that is not engaged in the manufacture or sale of airbag sensors, has no connection with Schmidt GmbH's dealings with the Debtors and is not Schmidt GmbH's registered agent for service of process -- does not give this Court jurisdiction over Schmidt GmbH with respect to the Order to Show Cause.

13.     It is axiomatic that service on a domestic subsidiary (not listed as the registered agent) is insufficient to grant jurisdiction over a foreign parent absent a showing that the subsidiary was completely dominated by the parent. *See, e.g., Darden v. DaimlerChrysler North America Holding Corp.*, 191 F. Supp. 2d 382, 387-88 (S.D.N.Y. 2002) (finding service on US subsidiary did not effect service on German parent corporation under exception to Hague Convention absent a showing that the subsidiary was the parent's agent or completely dominated by the parent); *International Cultural Prop. Soc'y v. Walter De Gruyter & Co.*, Case No.

---

[4]     Internet citation: http://travel.state.gov/law/info/judicial//judicial_686.html.

99Civ.12329 (BSJ), 2000 WL 943319, *1-2 (S.D.N.Y. July 6, 2000) (same). Here, despite the assertion in the Weimer Affidavit, STC is not Schmidt GmbH's agent. Furthermore, the Debtors have not -- and simply cannot -- set forth any evidence showing that STC is dominated by Schmidt GmbH. Accordingly, service of the Order to Show Cause on STC is insufficient to give this Court jurisdiction over Schmidt GmbH.

## CONCLUSION

WHEREFORE, Schmidt GmbH respectfully submits that this Court lacks jurisdiction to hear the Order to Show Cause.

Dated: New York, New York
       December 28, 2005

                                    HERRICK, FEINSTEIN LLP

                                    By:    /s/ Paul Rubin
                                        Paul Rubin (PR 2097)
                                        Eric H. Horn (EH 2020)
                                        2 Park Avenue
                                        New York, NY  10016
                                        (212) 592-1400

                                    *Counsel to Schmidt Technology GmbH*