TOGUT, SEGAL & SEGAL LLP
Co-Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)
Sean McGrath (SM-4676)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT            HEARING DATE:  1/05/06
SOUTHERN DISTRICT OF NEW YORK                          AT:  10:00 A.M.
---------------------------------------------------------------x
In re:                                          :
                                                :   Chapter 11
DELPHI CORPORATION, *et al.*,                   :   Case No. 05-44481 [RDD]
                                                :
                              Debtors.          :   Jointly Administered
                                                :
---------------------------------------------------------------x

### DEBTOR'S OBJECTION TO MOTION OF ENTERGY MISSISSIPPI, INC. FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT RECOUPMENT OR, IN THE ALTERNATIVE, SETOFF

**TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:**

Delphi Corporation ("Delphi") and Delphi Automotive Systems, LLC, debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), by their undersigned counsel, as and for their objection to the motion dated November 11, 2005 (the "Motion") of Entergy Mississippi, Inc. ("Entergy"), for an Order granting relief from the automatic stay to recoup or, in the alternative, setoff its alleged prepetition claim against property of the Debtor's estate, respectfully state:

## **PRELIMINARY STATEMENT**

1. Within 90 days prior to the commencement of Debtors' bankruptcy cases, Entergy demanded and extracted a $600,000 deposit (the "Deposit") to protect itself at the expense of the Debtors' other creditors. Entergy extracted this payment at a time when Debtors' financial distress was widely known and when the Debtors were in an inferior bargaining position.

2. Entergy now seeks the Court's permission to "setoff" its prepetition claim against the Deposit. The claim of setoff fails under Bankruptcy Code section 553(a)(3) because the Deposit was obtained after 90 days before the Filing Date (defined below), while the Debtors were presumed insolvent, and for the purpose of obtaining a right of setoff against the Debtors.

3. Apparently recognizing that its setoff argument fails under the Bankruptcy Code, Entergy also asserts an alternative right of recoupment. However, Entergy is not entitled to recoupment because recoupment may only be asserted as a defense, not an independent cause of action, and no claim has been asserted yet against Entergy for any amounts it may owe to the Debtors.

4. None of these fatal factors are disclosed in the Motion.

5. The Motion also fails to disclose that while Entergy seeks permission to setoff or recoup, Entergy has, without prior notice to or consent from the Court or the Debtors, already impermissibly taken action to deduct its claim from the Deposit that it extracted from the Debtors.

## FACTS

**A.    The Chapter 11 Cases**

6.    On October 8, 2005 (the "Filing Date"), Delphi and certain affiliates each filed a voluntary petition in this Court for reorganization relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").

7.    The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered Orders directing the joint administration of the Debtors' chapter 11 cases (Docket Nos. 28 and 404).

8.    On October 17, 2005, the United States Trustee for the Southern District of New York appointed an official committee of unsecured creditors in these cases, which is represented by Latham & Watkins.  No trustee or examiner has been appointed.

**B.    The Debtor' Agreements with Entergy**

9.    Entergy and the Debtors entered into an agreement for Entergy to provide electrical power to certain of Debtors' facilities (the "Agreement").  The Agreement, as originally entered into, did not require the payment of any deposit by the Debtors.  Affidavit of Donald S. Poole annexed hereto as Exhibit "1" ¶ 3.

10.    Citing the well-publicized deterioration of the Debtors' financial condition, Entergy demanded, and on August 15, 2005, obtained from the Debtors the $600,000 Deposit.  Entergy advised the Debtors that it was seeking this payment to protect it from the financial risk that the Debtors would seek bankruptcy protection and

be unable to meet all of their payment obligations under the Agreement.  See Poole Aff. ¶¶ 4-5 and Exhibit A.

**C.    Entergy's Violation of the Automatic Stay**

11.    By invoice dated October 3, 2005 ("Invoice #1"), five days before the Filing Date, Entergy billed the Debtors in the amount of $196,555.17 to Delphi Packard Electric Systems, Account #17243528 ("Delphi Account-1").  By invoice dated October 6, 2005 ("Invoice #2"), Entergy billed the Debtors in the amount of $1,011,901.86 to Delphi Packard Electric Systems Ubar-1, Account #16464919 ("Delphi Account-2").  Poole Aff. ¶ 6 and Exhibits B and C.

12.    According to invoices attached to Entergy's proof of claim in this case, dated November 8, 2005 and assigned number 813 (the "POC"), Entergy received a payment on account of Invoice #2 of $452,985.65 but received no payment on Invoice#2 in October 2005.  A copy of the Proof of Claim is annexed hereto as Exhibit "2".

13.    Two days later, on October 8, 2005, the Debtors commenced these cases.

14.    According to the POC, on November 1, 2005, after the Filing Date, Entergy sent invoices to Delphi indicating that -- in clear violation of the automatic stay – Entergy had seized and applied the entire Deposit:  (1) invoice #2003190254 ("Invoice #3") to Delphi Account-1, contained a notation of "Deposit Applied" in the amount of $450,000.00; and (2) invoice #2003190365 (Invoice #4) to Delphi Account-2, contained a notation of "Deposit Applied" in the amount of $150,000.00.

15.    In the POC, dated November 8, 2005, Entergy indicated that it had a total claim of $963,099.68 that was secured by collateral of $600,000.  It failed,

- 4 –

however, to indicate that it had already seized that "collateral" in violation of the automatic stay.

16. Entergy filed the Motion on November 11, 2005 seeking "recoupment and/or setoff rights." Entergy failed to inform the Court at that time –or at any time since -- that it had already violated the automatic stay and seized the entire Deposit. Indeed, Entergy characterizes the relief it seeks as entirely prospective. See Motion at p.4, ¶16 ("By this motion, Entergy seeks an order of the Court granting it relief from the automatic stay and any stay imposed by the DIP Financing Order to allow the immediate exercise of recoupment and/or setoff rights to Entergy…. ").[1]

## ARGUMENT

**A.    Entergy Does Not Have A Setoff Right**

Entergy is barred from exercising any purported right to setoff by Bankruptcy Code section 553(a)(3). The Bankruptcy Code permits proper setoffs, but not "a setup for a setoff." In re Multiponics Inc., 622 F.2d 725, 730 (5th Cir. 1980); In re Bennett Funding Group, Inc., Official Committee of Unsecured Creditors v. Manufacturers and Traders Trust Company, 146 F.3d 136 (2nd Cir. 1998) ("[i]If the debt was incurred for the purpose of achieving setoff rights, it is barred").

Entergy's extraction of the Debtor's funds shortly before bankruptcy -- expressly to ensure that Entergy would have funds to setoff against the Debtor's payment obligations -- is precisely the sort of preferential "setup for a setoff" that section 553(a)(3) was intended to expose and prevent.

---

[1] Entergy also demanded and obtained a post-petition deposit pursuant to Bankruptcy Code section 366. That deposit was paid to Entergy during the first week of December 2005, after Entergy had already setoff against the prepetition deposit. When it demanded the post-petition deposit, Entergy failed to advise the Debtors that it had already setoff against the prepetition deposit.

- 5 –

Section 553(a) of the Bankruptcy Code generally preserves whatever rights of setoff a party has under non-bankruptcy law and shields an otherwise valid setoff from avoidance as a preference under section 547. See 11 U.S.C. § 553(a). This protection is not unlimited, however, and an otherwise valid setoff is subject to avoidance under section 553(a)(3) whenever:

> (3) the debt owed to the debtor by such creditor was incurred by such creditor - (A) after 90 days before the date of the filing of the petition; (B) while the debtor was insolvent; and (C) for the purpose of obtaining a right of setoff.

11 U.S.C. § 553(a)(3). All three of these elements for the application of section 553(a)(3) are apparent here:

First, it is beyond dispute that Entergy obtained the Deposit and incurred its corresponding debt to the Debtors, against which it now seeks to setoff, during the 90-day period preceding the Filing Date. See Poole Affidavit §5. Section 553(a)(3)(A) is, therefore, satisfied.

Second, Entergy demanded the Deposit precisely because of the Debtors' widely-known financial distress. Consequently, Entergy cannot credibly dispute that the Debtors were insolvent at the time they delivered the Deposit to Entergy. Moreover, pursuant to Bankruptcy Code section 553(c), "the debtor is presumed to have been insolvent during the 90 days immediately preceding the date of the petition." Accordingly, the requirement of section 553(a)(3)(B) has been satisfied.

Third, the undisputed facts demonstrate that Entergy incurred its obligation to the Debtors for the purpose of obtaining a right of setoff. See Poole Aff. ¶4. Thus, section 553(a)(3)(C) has been satisfied and Entergy may not setoff.

**B.     Entergy's Reliance On The Recoupment Doctrine Is Misplaced**

18.     The common law doctrine of recoupment is a *defense* to an action asserted by a "plaintiff-debtor". In re McMahon, 129 F.3d 93, 96 (2d Cir. 1997) (finding that under New York law recoupment is a defense to an action).  Recoupment may only be asserted in the bankruptcy context by a creditor as a defense or a cross claim if the debtor first asserts claims for the return of funds against the creditor.  As the Second Circuit has explained:

> Recoupment means a deduction from money claims through a process whereby <u>cross demands</u> arising out of the same transaction are allowed to compensate one another and the balance only to be recovered. Of course, such a process does not allow one transaction to be offset against another, <u>but only permits a transaction which is made the subject of suit by a plaintiff to be examined in all its aspects</u>, and judgment to be rendered that does justice in view of the one transaction as a whole.

In re McMahon, 129 F.3d 93, 96 (quoting National Cash Register Co. v. Joseph, 299 N.Y. 200, 86 N.E.2d 561, 562 (1949) (citations omitted) (emphasis added)).[2]

19.     Allowing Entergy to "recoup" its claim before the Debtors have asserted any claim would be tantamount to permitting Entergy to have a super priority over other creditors.  See 5 Collier On Bankruptcy ¶ 553.10, at 553-101 (15th ed. 2002) ("as long as this right of reduction is asserted as a defense and not as an independent claim for relief, it does not constitute a 'claim' nor is there any element of a preference about it.").  This result may not be permitted.

---

[2] See also, this Court's October 28, 2005 Final Order authorizing, among other things, the Debtors to obtain postpetition financing, which addresses "recoupment defenses". (Docket No. 760, para 18).

20. The Debtors have not yet asserted a claim or cause of action for payment against Entergy. As a result, there is no claim giving rise to any recoupment defense in favor of Entergy. Entergy's Motion is premature and must be denied.

## CONCLUSION

Based on the foregoing, Entergy has failed to establish any basis upon which this Court may endorse Entergy's willful and undisclosed violations of the automatic stay, and its attempts to do so must be rejected.

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order denying the Motion, together with such other and further relief as may be just and proper.

Dated: New York, New York
December 29, 2005

DELPHI CORPORATION, *et al.*
By their attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Neil Berger
ALBERT TOGUT (AT-9759)
NEIL BERGER (NB-3599)
Members of the Firm
One Penn Plaza
New York, New York 10119
(212) 594-5000