Exhibit A

Transfer Order

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 2 2005

*RELEASED FOR PUBLICATION*

FILED
CLERK'S OFFICE

*DOCKET NO. 1725*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE DELPHI CORP. SECURITIES, DERIVATIVE AND "ERISA" LITIGATION*

*BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, JOHN F. KEENAN,[*] D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation currently consists of 24 actions listed on the attached Schedule A and pending in three districts as follows: sixteen actions in the Eastern District of Michigan, seven actions in the Southern District of New York, and one action in the Southern District of Florida.[1] Before the Panel is a motion by defendants[2] for centralization, pursuant to 28 U.S.C. § 1407, of all 24 actions in the Southern District of New York. Plaintiff in the Southern District of Florida action opposes transfer of his action, but suggests the Southern District of Florida as an alternative transferee forum. Lead plaintiffs in fifteen consolidated actions in the Eastern District of Michigan claiming violations of the Employee Retirement Income Security Act (ERISA) oppose transfer of their actions; alternatively, these lead plaintiffs suggest the Eastern District of Michigan as an appropriate transferee forum. The remaining responding parties either support or do not oppose defendants' motion.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Michigan will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions share factual questions arising from alleged misrepresentations or omissions concerning Delphi's financial condition. Whether the actions are

---

[*] Judges Hodges and Keenan took no part in the decision of this matter.

[1] The Panel has been notified that an additional action is pending in the Southern District of New York. This action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Delphi Corp. (Delphi); Delphi Board of Directors; Delphi Board of Directors Executive Committee; Delphi Employee Benefits Committee; Delphi Employee Benefits Plan Executive Committee; Delphi Mechatronic Board of Directors; Delphi Trust I; Employee Benefit Plans Committee; J.T. Battenberg, III; John G. Blahnik; Robert H. Brust; Virgis W. Colbert; Alan S. Dawes; Oscar de Paula Bernardes Neto; David N. Farr; Michael S. Fligstein; Bernd Gottschalk; Shoichiro Irimajiri; Susan A. McLaughlin; Craig Naylor; Cynthia A. Niekamp; Rodney O'Neal; John D. Opie; Roger S. Penske; Donald S. Runkle; John D. Sheehan; Thomas Sprunger; Patricia C. Sueltz; James P. Whitson; and Thomas H. Wyman.

-2-

brought by securities holders seeking relief under the federal securities laws, shareholders suing derivatively on behalf of Delphi, or participants in retirement savings plans suing for violations of ERISA, all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The objecting Michigan plaintiffs argue that the ERISA actions should not be centralized in one docket with the securities and derivative actions because the ERISA inquiry entails investigation of facts unique to their ERISA actions. We are unpersuaded by this argument. The governing statute contemplates transfer for "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). Accordingly, we leave the degree and manner of any such coordination or consolidation to the discretion of the transferee judge. Transfer of all related actions to a single judge has the salutary effect of fostering a pretrial program that: i) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and ii) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The transferee judge, of course, may establish separate tracks for discovery and motion practice in any constituent MDL-1725 action or actions, whenever he determines that such an approach is appropriate.

In concluding that the Eastern District of Michigan is an appropriate forum for this docket, we observe that this district has a significant nexus to the litigation. This district is where many relevant documents and witnesses are likely to be found, inasmuch as Delphi's principal place of business is located there. Further, since Michigan is the situs of related state court proceedings (a shareholder derivative action), centralization in the Eastern District of Michigan carries the added benefit of easily coordinating discovery between the federal and state proceedings, should such a need arise.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Michigan are transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable Gerald E. Rosen for coordinated or consolidated pretrial proceedings with the actions pending in that district.

FOR THE PANEL:

D. Lowell Jensen
Acting Chairman

## SCHEDULE A

<u>MDL-1725 -- In re Delphi Corp. Securities, Derivative & "ERISA" Litigation</u>

<u>Southern District of Florida</u>

*Sidney Bernstein v. Delphi Trust I, et al.*, C.A. No. 9:05-80307

<u>Eastern District of Michigan</u>

*Mary M. Brewer, et al. v. Delphi Corp., et al.*, C.A. No. 2:05-70882
*Steven Kramer, et al. v. Delphi Corp., et al.*, C.A. No. 2:05-70940
*Steven Willis, et al. v. Delphi Corp., et al.*, C.A. No. 2:05-71030
*Neal C. Folck v. Delphi Corp., et al.*, C.A. No. 2:05-71200
*Michael Polito, et al. v. Delphi Corp., et al.*, C.A. No. 2:05-71249
*Chris Glinka v. Delphi Corp., et al.*, C.A. No. 2:05-71291
*Kimberly Chase-Orr v. Delphi Corp., et al.*, C.A. No. 2:05-71339
*Clemie Hunter v. Delphi Corp., et al.*, C.A. No. 2:05-71396
*Edward Hammer v. Delphi Corp., et al.*, C.A. No. 2:05-71397
*Thomas A. Reilly, Jr. v. Delphi Corp., et al.*, C.A. No. 2:05-71398
*Greg Bartell v. Delphi Corp., et al.*, C.A. No. 2:05-71437
*Thomas Kessler, et al. v. Delphi Corp., et al.*, C.A. No. 2:05-71508
*Larry A. Williams v. Delphi Corp., et al.*, C.A. No. 2:05-71620
*Daniel Lazor v. Delphi Corp., et al.*, C.A. No. 2:05-71897
*Carolyn Hanners v. Delphi Corp., et al.*, C.A. No. 2:05-72198
*Shawn Dangerfield, etc. v. J.T. Battenberg, III, et al.*, C.A. No. 2:05-72550

<u>Southern District of New York</u>

*In re Delphi Corp. Securities Litigation*, C.A. No. 1:05-2637
*Thomas Morrison v. Delphi Corp., et al.*, C.A. No. 1:05-2656
*Robert Hillman v. Delphi Corp., et al.*, C.A. No. 1:05-2732
*Vanessa Jones v. Delphi Corp., et al.*, C.A. No. 1:05-3323
*Ira Gaines v. Delphi Corp., et al.*, C.A. No. 1:05-3439
*Frank J. Fosbre, Jr., etc. v. J.T. Battenberg, III, et al.*, C.A. No. 1:05-3490
*Policemen's Annuity & Benefit Fund of Chicago v. Delphi Corp., et al.*,
   C.A. No. 1:05-4476