Exhibit C

Kelly Letter

# SHEARMAN & STERLING LLP

599 LEXINGTON AVENUE | NEW YORK | NY | 10022-6069
WWW.SHEARMAN.COM | T +1.212.848.4000 | F +1.212.848.7179

lkelly@shearman.com                                         December 19, 2005
(212) 848-8768

<u>By Facsimile and First Class Mail</u>

Stuart M. Grant
James G. Sabella
Grant & Eisenhofer P.A.
45 Rockefeller Center
15th Floor
630 Fifth Avenue
New York, NY 10111

<u>Discovery Request Relating to Lead Plaintiffs' Objection to Debtors' Application for Order
Under 11 U.S.C. 327(A), 328(A) and 1107(B) Authorizing Employment And Retention, Nunc
Pro Tunc to October 8, 2005, of Deloitte & Touche LLP As Independent Auditors and
Accountants To Debtors ("Lead Plaintiffs' Deloitte Objection")</u>

Dear Counsel:

We are in receipt of your letter dated December 15, 2005. The following sets forth the Debtors' responses and objections to the discovery requests contained therein (the "Discovery Requests") (using your numbering).

    1.    To date, the Debtors have identified the following witnesses that may be called at the hearing in support of the Debtors' application to employ and retain Deloitte & Touche LLP as independent auditors (the "Deloitte Application"):

        Robert Dellinger, Chief Financial Officer, Delphi Corporation
        Brock Plumb, Partner, Deloitte & Touche LLP

If called as a witness, Mr. Dellinger would testify as to the prejudice to the Debtors in the event that the Deloitte Application is denied. Mr. Plumb

ABU DHABI | BEIJING | BRUSSELS | DÜSSELDORF | FRANKFURT | HONG KONG | LONDON | MANNHEIM | MENLO PARK
MUNICH | NEW YORK | PARIS | ROME | SAN FRANCISCO | SAO PAULO | SINGAPORE | TOKYO | TORONTO | WASHINGTON, DC

SHEARMAN & STERLING LLP IS A LIMITED LIABILITY PARTNERSHIP ORGANIZED IN THE UNITED STATES UNDER THE LAWS OF THE STATE OF DELAWARE WHICH LAWS LIMIT THE PERSONAL LIABILITY OF PARTNERS.

James G. Sabella
Stuart M. Grant
Page 2

December 19, 2005

would testify as to Deloitte & Touche's relationships with interested parties in these chapter 11 cases. The Debtors reserve the right not to call these witnesses or to call such additional witnesses as they determine at the time of the hearing.

2. The Debtors object to this interrogatory as overbroad and unduly burdensome to the extent that it seeks the identity of each and every Deloitte & Touche professional that has at any time worked or will work on Deloitte's engagements for the Debtors. Subject to and without waiving these objections, the Debtors respond as follows:

   (a) The principal Deloitte & Touche partners responsible for Deloitte's prepetition Delphi engagements were:
   Nichols Difazio -- 5/1999 to 3/2003
   Duane Higgins -- 3/2003 to 3/2005

   (b) The principal Deloitte & Touche partner who it is anticipated will work on Deloitte's engagement for the Debtors is:
   Brock Plumb -- 3/2005 to present

3. The Debtors object to providing the information in documents sought in request number 3 (including all sub parts thereof) as an apparent but improper attempt to obtain discovery of the Debtors for purposes of *In re Delphi Corp. Securities Litigation* (the "Securities Litigation"), which action has been stayed against the Debtors by operation of Section 362(a) of the Bankruptcy Code and which discovery has been stayed generally by operation of the Private Securities Litigation Reform Act. The matters sought are also beyond the scope of permissible discovery on the Deloitte Application, and the requests are unduly burdensome and oppressive, especially in light of the lack of relevance to the Deloitte Application and the legal standards applicable thereto. The requests are also unduly burdensome to the extent that they seek potentially thousands of documents over a number of years to be produced in approximately one business day. The Debtors further object to the extent that the requests are vague, ambiguous and overbroad, or call for the production of documents that are protected by the attorney-client privilege, the attorney work product doctrine, or that are protected by any other applicable privilege, doctrine or immunity.

James G. Sabella
Stuart M. Grant                                                December 19, 2005
Page 3

    4.    The objections to request number 3 are incorporated herein.

    5.    The objections to request number 3 are incorporated herein.

The Debtors reserve the right to modify this response or to make additional objections to the Discovery Requests.

With respect to your request in the meet and confer on December 15, 2005 that we accept service of trial subpoenas for the members of Delphi's Audit Committee, we confirm that we have authority to accept such service, provided that you do not to seek to depose current or former members of the Audit Committee in connection with the Deloitte Application. You stated in the meet and confer that you would agree to this condition in exchange for our acceptance of service of the trial subpoenas. Please confirm your agreement to this condition. Our agreement to accept service of the trial subpoenas is based on the understanding that the individuals will be deemed to have been personally served in their homes, but without waiving any other objections they or the Debtors have to the subpoenas. As discussed in the meet and confer, the Debtors and the subpoena parties reserve the right to move to quash or modify or otherwise obtain protection from the court with respect to the subpoenas. Please note that the current members of the Audit Committee are Robert H. Brust, Oscar De Paula Bernardes Neto, John D. Opie and John Walker rather than the list identified in your letter.

As also discussed in the meet and confer, the Debtors object to any request for depositions of the members of the Audit Committee, and to the depositions requested in your letter of December 12, 2005, as outside the scope of permissible discovery on the Deloitte Application or duplicative of Mr. Dellinger's testimony.

With respect to the deposition of Robert J. Dellinger, we confirm that Mr. Dellinger will be available for deposition on Tuesday, December 20, 2005 from 1:00 p.m. 5:00 p.m. at the offices of Shearman & Sterling LLP 599 Lexington Ave., New York, NY 10022. However, as discussed in the meet and confer, we are prepared to produce Mr. Dellinger for deposition only in connection with matters relevant to the Deloitte Application and not with regard to matters relating to the Securities Litigation. Your document requests suggest you intend to question Mr. Dellinger regarding matters beyond the scope of permissible discovery on the Deloitte Application. Please be advised that the Debtors will object to any questions regarding such matters, including the subjects of your document requests nos. 3 to 5, and Mr. Dellinger will not provide deposition testimony regarding those matters. Mr. Dellinger will be available as indicated above to testify regarding the subjects that will be addressed in his affidavit to be filed

James G. Sabella
Stuart M. Grant                                              December 19, 2005
Page 4

in support of the Deloitte Application, i.e., the necessity of retaining Deloitte & Touche to complete the 2005 audit and the severe prejudice to the Debtors if the Deloitte Application is denied.

Regards,

Lynette C. Kelly

cc: David E. Springer (via email)
    Matthew J. Micheli (via email)
    Ron E. Meisler (via email)

NYDOCS03/791820.4