**Hearing Date: January 4, 2006 at 10:00 a.m.**
**Objection Deadline: January 3, 2006 at 5:00 p.m.**

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
Douglas P. Bartner (DB-2301)
William J.F. Roll, III (WR-8996)
Andrew V. Tenzer  (AT-2263)

Special Counsel for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 102(1)
AND 105(a), FED. R. BANKR. P. 9006(c) AND LOCAL RULE 9006-1 SHORTENING
TIME PERIOD PRESCRIBED BY THE CASE MANAGEMENT ORDER WITH
RESPECT TO DEBTORS' MOTION (A) TO QUASH TRIAL SUBPOENAS ISSUED TO
MEMBERS OF DEBTORS' AUDIT COMMITTEE AND FOR PROTECTIVE ORDER AND
(B) FOR A PROTECTIVE ORDER TO LIMIT THE SCOPE OF THE DEPOSITION OF
ROBERT DELLINGER TO ONLY THOSE MATTERS PERTAINING DIRECTLY TO
THE DEBTORS' APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT
AND RETENTION OF DELOITTE & TOUCHE LLP

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), file

NYDOCS03/792425.4

this motion (this "Motion to Shorten Notice") for an order pursuant to 11 U.S.C. §§ 102(1) and 105(a), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") shortening the notice required by the case management order in these chapter 11 cases (Docket No. 245) (the "Case Management Order") with respect to the Debtors' Motion (A) To Quash Trial Subpoenas Issued To Members Of Debtors' Audit Committee And For Protective Order And (B) For A Protective Order To Limit The Scope Of The Deposition Of Robert Dellinger To Only Those Matters Pertaining Directly To The Debtors' Application For Order Authorizing Employment And Retention of Deloitte & Touche LLP ("Deloitte & Touche") (the "Motion").  A copy of the Motion is being submitted contemporaneously herewith.  As demonstrated below and in the Affidavit of Andrew V. Tenzer, a copy of which is attached hereto as Exhibit A, the relief requested herein is warranted.  In support of this Motion to Shorten Notice, the Debtors respectfully represent as follows:

Background

A.     <u>The Chapter 11 Filings</u>

        1.    On October 8, 2005, 39 of 42 Debtors, and on October 14, 2005, the remaining Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  This Court entered orders directing the joint administration of the Debtors' chapter 11 cases (Docket Nos. 28 and 404).

2. On October 17, 2005, the Office of the United States Trustee appointed an official committee of unsecured creditors. No trustee or examiner has been appointed in the Debtors' cases.

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are sections 102(1), and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(c), and Local Rule 9006-1.

Relief Requested

5. By this Motion to Shorten Notice, the Debtors seek entry of an order, substantially in the form annexed hereto (the "Proposed Order"), pursuant to sections 102(1) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(c), and Local Rule 9006-1, shortening the notice required to be provided with respect to the Motion under the Case Management Order so as to allow a hearing on the Motion to take place on or before January 5, 2006.

Cause Exists to Shorten Notice with Respect to the Motion

6. Bankruptcy Rule 9006(c) and Local Rule 9006-1 authorize this Court, for cause shown, to reduce the notice period required for a hearing of a motion. See 11 U.S.C. § 102(l) ("after notice and a hearing" is defined as meaning such notice and a hearing as are "appropriate in the particular circumstances."). The Debtors respectfully submit that there is ample cause to reduce the notice periods so as to allow a hearing on the Motion to take place on or before January 5, 2006.

7. On November 23, 2005, the Debtors filed their Application for Order Under 11 U.S.C. §§ 327(a), 328(a), and 1107(b) Authorizing Employment and Retention of Deloitte &

Touche LLP as Independent Auditors and Accountants to Debtors, Effective <u>Nunc</u> <u>Pro</u> <u>Tunc</u> to October 8, 2005 (the "Application").

8. On December 2, 2005, the lead plaintiffs ("Lead Plaintiffs") filed the Lead Plaintiffs' Objection to Debtors' Application for Order Under 11 U.S.C. Sections 327(a), 328(a), and 1107(b) Authorizing Employment and Retention, Nunc Pro Tunc to October 8, 2005, of Deloitte & Touche LLP as Independent Auditors and Accountants to Debtors (the "Objection"). During discovery requested in conjunction with the Objection, the Debtors produced Robert Dellinger to be deposed, and a dispute arose regarding the scope of the deposition. Also in connection with the Objection, the Lead Plaintiffs have subpoenaed members of the Delphi Audit Committee (the "Audit Committee").

9. On December 23, 2005, the Lead Plaintiffs filed the Lead Plaintiffs' Motion To Compel Deposition Testimony And The Production Of Documents In Connection With The Debtors' Application For Order Under 11 U.S.C. §§ 327(a), 328(a), And 1107(b) Authorizing Employment And Retention Of Deloitte & Touche LLP As Independent Auditors And Accountants To Debtors, Effective Nunc Pro Tunc To October 8, 2005 And Objections Filed Thereto (the "Motion to Compel"), which seeks, among other things, answers to questions posed to Mr. Dellinger and to compel the depositions of the Audit Committee. The hearing on both the Application and the Motion to Compel is January 5, 2005.

10. By the Motion, the Debtors seek a protective order to limit the scope of the deposition of Robert Dellinger to only those matters pertaining directly to the Application. By the Motion, the Debtors also ask the Court to quash the Lead Plaintiffs' subpoenas of and deny the related requests for deposition testimony from the Audit Committee.

11. The Motion relates directly to the Application and the Motion to Compel and, as described above, is in response to disputes that arose out of the discovery related thereto. If the Motion is not heard on or before January 5, 2006, when the hearing on the Application and the Motion to Compel will occur, it may be rendered moot. In addition, the trial subpoenas in question were issued for appearance at the January 5, 2006 hearing, and accordingly, it is vital that the motion to quash such subpoenas be heard on shortened time.

12. The Debtors submit that it is critical that the Motion be heard on or before January 5, 2006. Accordingly, the Debtors respectfully submit that shortening the notice period for the Motion is in the best interests of the Debtors' estates, their creditors, and other interested parties.

## Notice

13. In accordance with the Proposed Order attached hereto, notice of this Motion to Shorten Notice is being provided on the date hereof by electronic mail, facsimile, and overnight service as the case may be to all entities entitled to receive notice pursuant to the Case Management Order. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

## Memorandum of Law

14. Because the legal points and authorities upon which this Application relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

## No Prior Request

15. No prior motion for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that this Court enter an order in the form attached hereto granting the relief requested herein, and such other and further relief as may be just.

Dated: New York, New York
December 29, 2005

SHEARMAN & STERLING LLP

By: /s/ Andrew V. Tenzer
    Douglas P. Bartner (DB-2301)
    William J.F. Roll, III (WR-8996)
    Andrew V. Tenzer (AT-2263)
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

Special Counsel for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Exhibit A

Affidavit of Andrew V. Tenzer

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
Douglas P. Bartner (DB-2301)
William J.F. Roll, III (WR-8996)
Andrew V. Tenzer  (AT-2263)

Special Counsel for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

AFFIDAVIT OF ANDREW V. TENZER IN SUPPORT OF MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 102(1) AND 105(a), FED. R. BANKR. P. 9006(c) AND LOCAL RULE 9006-1 SHORTENING TIME PERIOD PRESCRIBED BY THE CASE MANAGEMENT ORDER WITH RESPECT TO DEBTORS' MOTION (A) TO QUASH TRIAL SUBPOENAS ISSUED TO MEMBERS OF DEBTORS' AUDIT COMMITTEE AND FOR PROTECTIVE ORDER AND (B) FOR A PROTECTIVE ORDER TO LIMIT THE SCOPE OF THE DEPOSITION OF ROBERT DELLINGER TO ONLY THOSE MATTERS PERTAINING DIRECTLY TO THE DEBTORS' APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF DELOITTE & TOUCHE LLP

STATE OF NEW YORK     )
                     )     ss.:
COUNTY OF NEW YORK   )

Andrew V. Tenzer, being duly sworn, does hereby declare under penalty of perjury that the following is true and correct:

1. I am an attorney admitted to practice law in the State of New York and before the United States District Court for the Southern District of New York.

2. I am familiar with the matters set forth herein and make this affidavit in support of the motion (the "Motion to Shorten Notice") of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order pursuant to 11 U.S.C. §§ 102(1) and 105(a), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") shortening the notice required by the case management order in these chapter 11 cases (Docket No. 245) with respect to the Debtors' Motion (A) To Quash Trial Subpoenas Issued To Members Of Debtors' Audit Committee And For Protective Order And (B) For A Protective Order To Limit The Scope Of The Deposition Of Robert Dellinger To Only Those Matters Pertaining Directly To The Debtors' Application For Order Authorizing Employment And Retention of Deloitte & Touche LLP (the "Motion").[1]

3. Rule 9006(c) of the Bankruptcy Rules and Rule 9006-1 of the Local Rules authorize the Court, for cause shown, to reduce the notice period required for a hearing of a motion.  See 11 U.S.C. § 102(l) ("after notice and a hearing" is defined as meaning such notice and a hearing as are "appropriate in the particular circumstances.").

4. By the Motion, the Debtors seek a protective order to limit the scope of the deposition of Robert Dellinger to only those matters pertaining directly to the Application.

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings given such terms in the Motion to Shorten Notice.

NYDOCS03/792425.4                                    2

By the Motion, the Debtors also ask the Court to quash the Lead Plaintiffs' subpoenas of and deny the related requests for deposition testimony from the Audit Committee.

5. The Motion relates directly to the Application and the Motion to Compel and was filed in response to disputes that arose out of the discovery requests in connection with the Objection. If the Motion is not heard on or before January 5, 2006, when the hearing on the Application and the Motion to Compel will occur, it may be rendered moot. In addition, the trial subpoenas in question were issued for appearance at the January 5, 2006 hearing, and accordingly, it is vital that the motion to quash such subpoenas be heard on shortened time.

6. I respectfully submit that it is critical that the Motion be heard on or before January 5, 2006. Accordingly, shortening the notice period for the Motion is in the best interests of the Debtors' estates, their creditors, and other interested parties.

7. I declare, under the penalty of perjury, that the above statements are true and correct.

/s/ Andrew V. Tenzer
Andrew V. Tenzer

SUBSCRIBED AND SWORN to
Before me this 29th day of December, 2005

/s/ Erin E. Reilly
Erin E. Reilly
Notary Public State of New York
No.01RE6132794
Qualified in New York County
My commission expires August 29, 2009

NYDOCS03/792425.4                         3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re : Chapter 11
:
DELPHI CORPORATION, et al., : Case No. 05-44481 (RDD)
:
Debtors. : (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. §§ 102(1) AND 105(a), FED. R. BANKR. P. 9006(c) AND LOCAL RULE 9006-1 SHORTENING TIME PERIOD PRESCRIBED BY THE CASE MANAGEMENT ORDER WITH RESPECT TO DEBTORS' MOTION (A) TO QUASH TRIAL SUBPOENAS ISSUED TO MEMBERS OF DEBTORS' AUDIT COMMITTEE AND FOR PROTECTIVE ORDER AND (B) FOR A PROTECTIVE ORDER TO LIMIT THE SCOPE OF THE DEPOSITION OF ROBERT DELLINGER TO ONLY THOSE MATTERS PERTAINING DIRECTLY TO THE DEBTORS' APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF DELOITTE & TOUCHE LLP

Upon the motion dated December 29, 2005 (the "Motion to Shorten Notice") [1] filed by Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), pursuant to 11 U.S.C. §§ 102(1) and 105(a), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") shortening the notice required by the case management order in these chapter 11 cases (Docket No. 245) (the "Case Management Order") with respect to the Debtors' Motion (A) To Quash Trial Subpoenas Issued To Members Of Debtors' Audit Committee And For Protective Order And (B) For A Protective Order To Limit The Scope Of The Deposition Of Robert Dellinger To Only Those Matters Pertaining Directly To The Debtors' Application For Order Authorizing Employment And Retention of Deloitte &

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the Motion to Shorten Notice.

Touche LLP (the "Motion"); and upon the affidavit of Andrew V. Tenzer in support of the Motion to Shorten Notice; and it appearing that this Court has jurisdiction to consider the Motion to Shorten Notice pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these cases and the Motion to Shorten Notice in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that the relief requested in the Motion to Shorten Notice is in the best interests of the Debtors, their estates and creditors; and upon the record herein and after due deliberation thereon; and good and sufficient cause appearing therefor, it is

ORDERED that the Motion to Shorten Notice is granted; and it is further

ORDERED that the Motion shall be heard at a hearing to be held before the Honorable Bankruptcy Judge Robert D. Drain, the United States Bankruptcy Court, One Bowling Green, New York, NY 10004, on _____, 2006 at \_\_:\_\_ \_.m. or as soon thereafter as counsel can be heard; and it is further

ORDERED that the Debtors shall serve this Order, the Motion to Shorten Notice and the Motion promptly after the entry of this Order by facsimile, email and overnight service, as the case may be, on all entities entitled to receive notice pursuant to the Case Management Order and as further provided in the Motion; and it is further

ORDERED that service of this Order, the Motion to Shorten Notice and the Motion in the manner set forth herein shall be good and sufficient service and adequate notice of the requests for relief set forth in the Motion, and that, given the limited nature of the relief requested, no further notice is necessary or required; and it is further

ORDERED that objections, if any, to the Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) set forth the name of the objectant,

2

NYDOCS03/792425.4

the nature and amount of claims or interests held or asserted by the objectant against the Debtors' estates or property, the basis for the objection, and the specific grounds therefore; (d) be filed with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") electronically in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to the chambers of Judge Drain) and served in accordance with General Order M-182; and (e) be further served so that they are RECEIVED no later than **__:__ _.m.** (prevailing Eastern Time) on **January __, 2005** by:  (i) the Debtors at Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n:  General Counsel), (ii) Deloitte & Touche LLP, Suite 900, 600 Renaissance Center, Detroit, Michigan 480243 (Att'n:  Brock E. Plumb), (iii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n:  John Wm. Butler, Jr.), (iv) special counsel to the Debtors, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022 (Att'n:  Douglas P. Bartner), (v) counsel to the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n:  Marissa Wesley), (vi) counsel to the agent under the Debtors' postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n:  Marlane Melican), (vii) counsel to the official committee of unsecured creditors formed in these cases, Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, NY 10022 (Att'n:  Robert J. Rosenberg), (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10044 (Att'n:  Deirdre A. Martini, Esq.),

NYDOCS03/792425.4

and (ix) the indenture trustees for the Debtors' outstanding debt securities, Wilmington Trust Company, 1100 North Market Street, Rodney Square North, Wilmington, Delaware 19890 (Att'n: Corporate Trust Office) and Law Debenture Trust Company of New York, 780 Third Avenue, 31st Floor, New York, New York 10017 (Att'n: Corporate Trust Office); and it is further

ORDERED that the requirement under Rule 9013-1(b) of the Local Bankruptcy Rules of the Southern District of New York for the filing of memorandum of law is waived.

Dated: New York, New York
January __, 2006

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

NYDOCS03/792425.4