Lafonza Earl Washington
7010 Cranwood Drive
Flint, MI  48505
Tel: 810/787-3150
Cell: 810/922-0308


December 17, 2005


TO:  United States Bankruptcy Court
     Southern District of New York
     Kathleen Farrell-Willoughby
     Clerk of the Court
     One Bowling Green
     New York, N.Y.  10004-1408
     Tel: 212/668-2870   Ext: 3610


        RE:  Delphi Corporation Case No. 05-44481 (RDD)
             Renewed Ex Parte Application for disbursements
             to correct the Clerk's omission to record


Greetings Clerk:

   The Clerk's letter dated December 13, 2005, admitts that only the "Claim" was recorded, yet Application for disbursement was inadvertently or suprisingly "NOT" recorded.  Please correct this omission and make the distribution promptly or efficiently as is required by law.  Thank you.

                              In Truth, Justice & Peace,

                              Earl Washington
                              Earl Washington

Enc./cc:

        Department of Justice
        United States Trustee - Region #2
        Manhattan Office
        Deidre Martini, Trustee
        33 Whitehall Street, 21st Floor
        New York, N.Y.  10004
        Tel: 212/510-0500

        Department of Justice
        Executive Office for U.S. Trustees
        Office of the General Counsel
        c/o Roberta DeAngelis
        20 Massachusetts Ave., N.W., Suite 8000
        Washington, D.C.  20530
        202/307-1399


RECEIVED DEC 20 2005 U.S BANKRUPTCY COURT SO DIST OF NEW YORK

Department of Justice
U.S. Attorney's Office
Michael Garcia, U.S. Attorney
Southern District of New York
One St. Andrews Plaza
New York, N.Y.  10007

The Oprah Magazine
Oprah Winfrey
Founder and Editorial Director
c/o Gayle King, Editor At Large
1700 Broadway, 38th Floor
New York, N.Y.  10019

Final Call Newspaper
Minister Louis Farrakan
734 West 79th Street
Chicago, Ill  60620-2424

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler


     - and -


SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- x
                                :
                                :
    In Re                       :    Chapter 11
                                :
DELPHI CORPORATION, et al.,     :    Case No. 05-44481 (RDD)
                                :
              Debtors.          :    (Jointly Administered)
                                :
------------------------------- x

          EX PARTE APPLICATION OF CLAIMANT LAFONZA EARL
          WASHINGTON PRESENTED TO THE CLERK TO CORRECT
          OMMISSIONS OF "NOT" RECORDING THIS EX PARTE
          APPLICATION AND TO DISBURSE $30,000,000.00
          BASED ON THE RECORDED PROOF OF CLAIM DEEMED
          "ALLOWED" RELATED TO THE PREVIOUSLY ENTERED
          OCTOBER 8, 2005, (AGENDA ITEM NO. 10;
          DOCKET NO. 31) AND (AGENDA ITEM NO. 22;
          DOCKET NO. 36) IN A - NUNC PRO TUNC -
          PROCEEDING WHICH DO "NOT" REQUIRE ALLOWANCE
          NOR FURTHER ORDER OF THE COURT AND-BY-LAW-
          IS GRANTABLE OF COURSE BY THE CLERK PAYABLE
          TO LAFONZA EARL WASHINGTON AND CASHABLE
          AT ALL FDIC INSURED BANKS **AND PROOF OF SERVICE**



RECEIVED
DEC 2 0 2005
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

The above-named Claimant in the above-entitled cause makes this Ex Parte Application for the correction of omissions to record this Application - NUNC PRO TUNC - to make immediate disbursements on the grounds that:

1. The attached Proof Of Service dated December 5, 2005, served upon the Clerk including Michael Garcia, U.S. Attorney for the Southern District of New York, David Jones an Assistant U.S. Attorney for this district, Assistant U.S. Trustees Mary Elizabeth Tom and Elizabeth J. Austin etc., evidences that this Application was served upon this Court's Clerk.

2. According to the Federal Rules of Bankruptcy Procedure, Rule 5005(a)(1), "...The clerk shall '<u>NOT</u>' refuse to accept for filing any petition or other paper presented for the purpose of filing solely because it is '<u>NOT</u>' presented in proper form as required by these rules or any local rules or practices."

3. The United States Postal Service "<u>EXPRESS MAIL</u>" next day delivery tracking number EQ-243789498-US also confirms the delivery of this Ex Parte Application for the disbursement of Claimant Lafonza Earl Washington's payment.

4. Pursuant to the Federal Rules of Civil Procedure, Rule 77(c), that is applicable in this Court the proceedings for disbursement on this Claimant's Application do '<u>NOT</u>' require allowance or an additional Order of the Court which related Order was "PREVIOUSLY" entered on October 8, 2005, this application is grantable of course by the Clerk.

5. According to Rule 9013 of Title 11 of the Federal Rules

of Bankruptcy Procedure this Application is authorized by these rules and an 'EX PARTE' Application is '<u>NOT</u>' required to be served by this Applicant who is '<u>NOT</u>' a moving party but is entitled by law to distribution and disbursements as a creditor in compliance with the Voluntary Petition of the Delphi filing which itself constitutes a "<u>STATUTORY ORDER</u>" for relief authorized by the Congress that the judge himself is required to '<u>NOT</u>' interfere with according to separations of power restrictions! Under 28 USCA §§ 2072 and 2075 the Supreme Court has also adopted these Rules for the enactment of Title 11 of the U.S. Code.

6. This Claimant and/or Applicant is '<u>NOT</u>' applying to this Clerk's office to issue any Order but to do this office's duty of granting this Application as a matter of course in the exercise of the Clerk's non-discretionary duties, deriving from the self-executing Order for Relief that did '<u>NOT</u>' require the Order to be made by the judge nor the Bankruptcy Court pursuant to Title 11 U.S.C. § 301 Voluntary Case Requirements.

7. "<u>IN RE</u>" Delphi Corporation, the "<u>IN RE</u>" signified this bankruptcy proceeding where there is "<u>NO</u>" opponent, rather the judicial disposition of this Claimant's claims against this debtor are authorized by statute.

8. According to Rule 9014 of the Federal Rules of Bankruptcy Procedure, contested matters requires relief to be requested by motion; a Voluntary filing and a case where no opponent exists is "<u>NOT</u>" a contested case by law, and requires no motion as the enclosed frauds and decision makings that the Clerk's office is "<u>NOT</u>" vested with clearly shows in the Clerk's letter to this Claimant dated December 13, 2005.

9. The Local Rules cited in the Clerk's letter dated December 13, 2005, giving prohibited legal advice are self-evident violations of the Federal Rules of Civil Procedures (F.R.Civ.P.), Rule 83(a) (1) and (2), by law, and is required to be vacated.

10. The Local Rules of Bankruptcy Procedure does "<u>NOT</u>" apply to this Case No. 05-44481 (RDD) based on the Voluntary "<u>IN RE</u>" filing status self-evidencing that no question of fact nor of law exists against these Acts of Congress nor rules adopted locally that are bound to be "<u>CONSISTENT</u>" with the Acts of Congress that were also adopted by the U.S. Supreme Court to "<u>ALLOW</u>" the Administration "<u>NOT</u>" litigation of this Voluntary case.

11. Pursuant to the F.R.Civ.P., Rule 83(a)(2) the Clerk's "<u>NON-VESTED</u>" power of making the judicial discretions involving any Local Rules are 100% prejudicial, 100% discriminating, a 100% violations of Claimant's Fifth and Fourteenth equal protection of laws etc., guaranteed protections where this rule clearly states, "A local rule imposing a requirement of form '<u>SHALL NOT</u>' be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement", which the Clerk's enclosed prohibited discretions are causing this Claimant 100% losses by!

12. Claimant requests the corrections and omissions be made and to record the Application for the disbursement of this claim, promptly, without further unnecessary delay.

13. This Claimant demands the Trustee to exercise its duties to supervise the prompt and efficient administration of this claim

in manners that the professional administrative fees were "TIMELY" administered by, if any further delay of payment is involved.

14. Violations of the laws of the United States will be self-evidenced and prosecutable by the U.S. Attorney etc., based on extortions, frauds, obstructions of justice etc., and this is 'NOTICE' of the official Complaint sought to be filed if the disbursements are "NOT" paid without further delay as is required by the laws that are applicable and this Claimant has attempted to cite.

This Application is made for the purpose of disbursing - without delay - this Claimant's $30,000,000.00 claim deemed "ALLOWED" by law, and is based on all the pleadings, papers, records and files submitted with the Proof Of Claim.

By: /s/ Lafonza Earl Washington
Claimant

Dated:   December 19, 2005

RECEIVED
DEC 20 2005
U.S BANKRUPTCY COURT
SO DIST OF NEW YORK

<u>PROOF OF SERVICE</u>

STATE OF MICHIGAN )
                  )
COUNTY OF GENESEE )

Lafonza Earl Washington, deposes, states:

That on December 19, 2005, he did serve the below-identified documents upon the below-named parties by First Class mail thru the United States Postal Service with postage prepaid:

    1. Ex Parte Application of Claimant Lafonza Earl Washington Presented To The Clerk To Correct Omissions of "<u>NOT</u>" Recording This Ex Parte Application and to Disburse $30,000,000.00 Based On The Recorded Proof Of Claim Deemed "<u>ALLOWED</u>" Related To The Previously Entered October 8, 2005, (AGENDA ITEM NO. 10; DOCKET NO. 31) and (AGENDA ITEM NO. 22; DOCKET NO. 36) in a - Nunc Pro Tunc - Proceeding Which Do "<u>NOT</u>" Require Allowance Nor Further Order of the Court and - By <u>Law</u> - is Grantable of Course By the Clerk Payable To Lafonza Earl Washington and Cashable At "<u>ALL</u>" FDIC Insured Banks.

    2. Copy of the "<u>UNSTATUTORY</u>", prohibited discretionary letter dated December 13, 2005, from the United States Bankruptcy Court Clerk Kathleen Farrell-Willoughby, admitting, witnessing and self-evidencing the recording of the submitted Proof Of Claim, yet, having received the "<u>EX PARTE APPLICATION</u>" on December 6, 2005, by United States Postal Service next day express mail "<u>SEVEN</u>" days "<u>BEFORE</u>" sending this letter but neglecting to perform the Clerk's recording duties that is bound to be corrected, by law.

    3. Copy of the United States Postal Service Express Mail receipt identified as "<u>EQ 243789498 US</u>" verifying the delivery of the "<u>EX PARTE APPLICATION</u>" to the Clerk of the U.S. Bankruptcy Court for the Southern District of New York.

Please file according to Rule 5005(a)(1) of the Fed.R.Bankr.P., as well as Rule 77(c) of the F.R.Civ.P.  Thank you.

By: /s/ Lafonza Earl Washington

Mailed to:

    UNITED STATES BANKRUPTCY COURT
    SOUTHERN DISTRICT OF NEW YORK
    Kathleen Farrell-Willoughby, Clerk
    One Bowling Green
    New York, N.Y.  10004



RECEIVED DEC 20 2005 U.S. BANKRUPTCY COURT SO. DIST OF NEW YORK

DEPARTMENT OF JUSTICE
U.S. Attorney Office
Michael Garcia, U.S. Attorney
One St. Andrews Plaza
New York, N.Y.  10007

DEPARTMENT OF JUSTICE
U.S. Attorney Office
David Jones, Assistant U.S. Attorney
86 Chambers Street, 3rd Floor
New York, N.Y.  10007

DEPARTMENT OF JUSTICE
United States Trustee - Region #2
Manhattan Office
Deidre Martini, Trustee
33 Whitehall Street, 21st Floor
New york, N.Y.  10004

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR U.S. TRUSTEES
OFFICE OF THE GENERAL COUNSEL
Roberta DeAngelis, Director
20 Massachusetts Ave., N.W., Suite 8000
Washington, D.C.  20530

THE OPRAH MAGAZINE
Oprah Winfrey
Founder and Editorial Director
c/o Gayle King, Editor At Large
1700 Broadway, 38th Floor
New York, N.Y.  10019

FINAL CALL NEWSPAPER
Minister Louis Farrakan
734 West 79th Street
Chicago, Ill  60620-2424

# UNITED STATES BANKRUPTCY COURT

*SOUTHERN DISTRICT OF NEW YORK*
*ONE BOWLING GREEN*
*NEW YORK, NY 10004-1408*

KATHLEEN FARRELL-WILLOUGHBY
CLERK OF COURT
TELEPHONE: (212) 668-2870

December 13, 2005

Mr. LaFonza Earl Washington
7010 Cranwood Drive
Flint, MI 48505

    Re:    Delphi Corporation - 05-44481(RDD)

Dear Mr. Washington:

    We are in receipt of four claims each in the amount of $30,000,000 and filed in the above-referenced bankruptcy matter. Each claim is recorded separately in the consolidated case and noted on the claims register as follows:

    Claim No. 257 filed on October 31, 2005 in Delphi Corporation
    Claim No. 264 filed on November 1, 2005 in Delphi Corporation
    Claim No. 288 filed on November 2, 2005 in Delphi Automotive Systems (Holding), Inc.
    Claim No. 297 filed on November 3, 2005 in Delphi Automotive Systems (Holding), Inc.

    As I explained to you telephonically today, I cannot issue an order to pay any of these claims. The decision whether to enter any orders in this case can be made only by the Bankruptcy Judge assigned to the case or the particular proceeding. If you would like to present a motion to the Judge to request relief, you must, pursuant to Local Rule of Bankruptcy Procedure 5070-1:

    "Unless the Court orders otherwise, prior to serving a motion, cross-motion, or application, the moving party or applicant shall obtain a return date from the assigned Judge's chambers."

Local Rule of Bankruptcy Procedure 9004-2(b) states:

    "The return date obtained under this rule shall be included in the upper right-hand corner of the caption of the motion or application."

    I have included a copy of this Court's Local Rule of Bankruptcy Procedure 9013-1 which addresses the requirements for filing a motion. Also enclosed is a copy of Local Bankruptcy Rule 9078-1, which addresses the need for a Certificate of Service. The motion or application must be served on all parties affected by the motion or application requesting relief.

Mr. LaFonza Earl Washington
Page 2 - December 13, 2005

      This letter and enclosures in no way constitutes all of the information needed to seek relief from the court. If you require additional assistance, you may want to seek the advice of counsel. The Clerk's Office is prohibited from providing legal advice.

      Sincerely,

      Kathleen Farrell-Willoughby
      Clerk of Court

# LOCAL BANKRUPTCY RULES

## Rule 9013-1  MOTION PRACTICE

(a) *Rule or Statutory Basis*. Each motion shall specify the rules and statutory provisions upon which it is predicated. If such specification has not been made, the Court may strike the motion from the calendar.

(b) *Memorandum of Law*. Unless the Court orders otherwise, the moving party shall serve and file with any motion (including a motion brought on by order to show cause) a memorandum of law setting forth the points and authorities relied on in support of the motion, divided under appropriate headings into as many parts as there are points to be determined. Unless the Court orders otherwise, each responding party shall serve and file with its papers in response to the motion an answering memorandum of law, similarly divided, setting forth the points and authorities relied on in response. Failure to comply with this subdivision may be deemed sufficient cause for the denial of the motion or the granting of the motion by default.

(c) *Entities to Receive Notice*. In addition to all entities otherwise entitled to receive notice, notice of a motion shall be given to any entity believed to have or be claiming an interest in the subject matter of the proposed order or who, it is believed, otherwise would be affected by the proposed order.

### Comment

This rule is derived from Former Local Bankruptcy Rule 13.

Local Bankruptcy Rule 7007-1 provides additional requirements for discovery-related motion practice.

Table of Contents

# LOCAL BANKRUPTCY RULES

## Rule 9078-1  CERTIFICATE OF SERVICE

Unless the Court orders otherwise, any party serving a pleading or other document shall file proof of service by the earlier of (i) three days following the date of service, and (ii) the hearing date.

**Comment**

This rule is derived from Former Local Bankruptcy Rule 45(d).

Although Former Local Bankruptcy Rule 45(d) applied only to proofs of service of notices, this rule applies to proofs of service of all pleadings and documents. The general requirements for service of notices are contained in Local Bankruptcy Rule 2002-1.

Table of Contents