UNITED STATES BANKRUPTCY COURT     HEARING DATE: January 5, 2005
SOUTHERN DISTRICT OF NEW YORK     HEARING TIME: 10:00 A.M.
----------------------------------------------------- x
                                                :
In re                                          : Chapter 11
                                              :
Delphi Corporation, et al.,            : Case No. 05 B 44481(RDD)
                                                :
                                                :
                          Debtors.      :
                                                : Jointly Administered
----------------------------------------------------- x

**RESPONSE OF THE UNITED STATES TRUSTEE TO
MOTION OF APPALOOSA MANAGEMENT L.P. PURSUANT TO 11 U.S.C. §
1102(a)(2) FOR AN ORDER DIRECTING THE UNITED STATES TRUSTEE TO
APPOINT AN OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS**

**TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:**

## I.  INTRODUCTION

The United States Trustee for the Southern District of New York (the "United States

Trustee") does hereby submit this response to the Motion of Appaloosa Management L.P.

("Movants") Pursuant to 11 U.S.C. §1102(a)(2) for an Order Directing the United States Trustee

to Appoint an Official Committee of Equity Security Holders (the "Motion").

## II.  FACTS

### A.  The Debtors

1.     On October 8, 2005, Delphi Corporation, et al. ("Delphi" or the "Debtor") filed their

chapter 11 cases.  The Debtors continue to operate their businesses and manage their properties

as debtors-in-possession pursuant to sections 1107(a) and 1108 of Bankruptcy Code.

2.     Delphi is a large public company with global operations in more than 40 countries in

the Americas, Asia and Europe and more than 180,000 employees.  Delphi ranks as the fifth

largest public company business reorganization in terms of revenues, and the thirteenth largest

pubic company business reorganization in terms of assets.  Delphi's non-U.S. subsidiaries are not

chapter 11 debtors.  Delphi is one of the largest, if not the single largest, global supplier of

vehicle electronics, transportation components, integrated systems and modules and other

electronic technology.  Delphi supplies products to nearly every major global automotive original

equipment manufacturer.  Delphi's former parent is General Motors Corporation ("GM").

Effective January 1, 1999, the assets and liabilities of various divisions and subsidiaries of GM

were transferred to Delphi.

     3.    On October 20, 2005, the United States Trustee appointed an official committee of

unsecured creditors (the "Committee") in this case.

     4.    On October 13, 2005, the Court entered an Order Under 11 U.S.C. § 521(l) and

Rules 1007 and 9006(b) of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr.P.")

granting an extension of time to the Debtor until January 22, 2006 to file schedules and

statements.  See ECF Doc. No. 223.

     5.    On November 7, 2005 (the "November 7th Letter"), the United States Trustee

received a letter from White & Case LLP, submitted on behalf of its client, Appaloosa

Management L.P., requesting that the United States Trustee exercise her discretionary authority

under section 1102(a)(1) of the Bankruptcy Code to form an official statutory committee of

equity holders in this case.  A copy of the November 7th Letter is annexed as Exhibit G to the

Motion and incorporated herein by reference.  The November 7th Letter was contemporaneously

sent to counsel to the Debtor and counsel to the Committee.

2

6.    On December 12, 2005, the United States Trustee received a response from counsel to the Committee regarding the November 7th Letter, which is annexed as Exhibit G to the Motion and incorporated herein by reference.  Subsequently, on December 19, 2005, the United States Trustee received a response from the Debtor regarding the November 7th Letter, which is annexed as Exhibit H to the Motion and incorporated herein by reference.

7.    On or about December 20, 2005, the Debtor filed a Current Report (Fom-8-K) with the Securities and Exchange Commission, a copy of which is annexed as Exhibit H to the Motion and incorporated herein by reference.

8.    The United States Trustee's decision regarding whether to appoint an official committee of equity security holders is under advisement.

## ARGUMENT

**I.    THE DECISION WHETHER OR NOT TO APPOINT AN EQUITY COMMITTEE IS UNDER ADVISEMENT AS THE UNITED STATES TRUSTEE IS AWAITING FURTHER FINANCIAL INFORMATION.**

9.    Section 1102(a)(1) of the Bankruptcy Code provides that:

> Except as provided in paragraph (3), as soon as practicable after the order for relied under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity security holders as the United States Trustee deems appropriate.

11 U.S.C. §1102(a)(1).  The statute expressly authorizes the appointment by the United States Trustee of additional committees, including a committee of equity security holders.   The plain language of the statute indicates that the appointment of an equity committee is a discretionary act of the United States Trustee.

10.    In determining whether to appoint an equity committee, the United States Trustee's

analysis includes, but is not limited to, a review of the following:

a.    Examination of the capital structure, organizational structure and financial posture
of the Debtor as reported by them in their verified bankruptcy petitions, schedules,
affidavits and exhibits;

b.    Review of the SEC filings on record at the commencement of these cases
and filed subsequent to the commencement of the cases;

c.    Solicited input from the Debtor, the Creditors' Committee and the SEC
with  regard to the desirability of appointing an equity committee; and

d.    Solicitation and review of written documentation regarding Debtor's
financial position from concerned equity holders and from counsel to the
moving parties.

11.    Section 1102 of the Code vests broad discretion in the United States Trustee with

regard to the appointment of committees other than an unsecured creditors' committee.

12.    The United States Trustee has consulted with the parties regarding this issue and

will consult further as additional financial information is provided.

13.    This Motion was filed prematurely given that the fact that no section 341(a)

meeting has yet been held in this case and the deadline for the Debtor to file their schedules and

statements of financial affairs has been extended to January 22, 2006.

14.    It is the position of the United States Trustee that any decision on whether to

appoint an official committee of equity security holders should be made only after the issue of

insolvency is conclusively determined along with the other relevant criteria established by case

law.  Insolvency can not determined until the Debtor's file verified schedules and statements of

financial affairs with the Court.  Although the Debtor's state that they believe they are

"hopelessly insolvent," in the December 19th Letter, that is annexed to a recent 8K that the

4

Debtor's filed with the Securities and Exchange Committee, two factors pointed out in the

Movants papers appear to contradict that view, i.e., the Debtor's payment of a dividend to

shareholders on August 2, 2005, approximately 2 months prior to the Chapter 11 filing and

representations by the Debtor in the Affidavit of Robert S. Miller, Jr. under Local Bankruptcy

Rule 1007-2 (the "Miller Affidavit"), suggest that Delphi's "insolvency" was not an integral

factor precipitating its October 8, 2005 chapter 11 filing.

15.    Insolvency is not necessarily the determinative factor, but it is indeed a significant

factor.  Therefore, the United States Trustee, the parties and the Court should be afforded

ample opportunity to review all factors necessary to this decision.  Accordingly, because

Movants have not met their burden, the Court should not exercise its discretion and order the

appointment of an equity committee.

## II.    THE MOVANTS HAVE FAILED TO DEMONSTRATE THAT THE APPOINTMENT OF AN EQUITY COMMITTEE IS NECESSARY TO ADEQUATELY REPRESENT EQUITY SECURITY HOLDERS' INTERESTS.

16.    Section 1102(a)(2) of the Bankruptcy Code provides that:

> On request of a party in interest, the court may order the
> appointment of additional committees of ... equity security holders
> if necessary to assure adequate representation of ... equity security
> holders.  The United States trustee shall appoint any such
> committee.

11 U.S.C. §1102(a)(2); see generally, F.R.B.P. 2020.

17.    The express language of section 1102(a)(2) does not require the Court to order the

formation of an equity committee in these cases.  See In re Johns-Manville Corp., 68 B.R. 155,

160 (S.D.N.Y. 1986) ("Congress' desire to protect shareholders in reorganization proceedings

was not strong enough, however, to mandate the creation of equity committees.")

5

**A.      The Record Is Incomplete And, Therefore, the Relevant Criteria for the Appointment of an Equity Committee Cannot Be Established**.

18.      In determining whether the appointment of an equity committee under 11 U.S.C. § 1102(a)(1) is appropriate, Courts consider (i)  whether the interests of shareholders are not otherwise adequately represented; (ii) whether the debtor is insolvent; (iii) whether the case is large and complex; (iv) whether the stock is widely held and actively traded; (v) the timing of the request.  See generally, In re Williams Commc'ns Group, Inc., 281 B.R. 216 (Bankr. S.D.N.Y. 2002); In re Johns-Manville Corp., 68 B.R. 155 (S.D.N.Y. 1986); In re Beker Indus. Corp., 55 B.R. 945 (Bankr. S.D.N.Y. 1985); In re Emons Indus., Inc., 50 B.R. 692 (Bankr. S.D.N.Y. 1985).

19.      As to factor (i), the United States Trustee is of the view that a determination as to the adequacy of the representation is premature.  In re Sharon Steel Corp., 100 B.R. 767, 776 (Bankr. W.D. Pa. 1989); In re McLean Ind., 70 B.R. 852, 856-859 (Bankr. S.D.N.Y. 1987); In re Texaco, 79 B.R. 560, 566 (Bankr. S.D.N.Y. 1987).

20.      The statute sets forth no test of "adequate representation," leaving the Court with discretion to examine the facts of each case to determine if an equity committee is warranted.  See In re Beker Indus. Corp., 55 B.R. 945, 948 (Bankr. S.D.N.Y. 1985) (adequate representation is not defined in the statute, but requires interpretation by the Court);  In re Johns-Manville Corp., 68 B.R. at 159 (the Court has wide discretion in determining whether such an appointment is appropriate.)  The Court shall decide each request based upon the circumstances of each individual case.  Id.  In addition, guidelines have been developed to determine whether an official committee is necessary to provide adequate representation for shareholders.  See generally In re Johns-Manville Corp., 68 B.R. at 159-60 (These guidelines include, but are not

6

limited to, the number of shareholders, the complexity of the case, the debtor's solvency, and whether the cost of an additional committee (including financial cost and the cost of delay) would significantly outweigh the concern for adequate representation; <u>In re Emons Indus., Inc.</u>, 50 B.R. at 694. (same).

21.    If the Court decides, however, to exercise its discretion to make a determination as to the issue of adequate representation, the United States Trustee would point out that the Movants cannot establish that they are not adequately represented in this case that is less than four months old.  In the instant case, equity is not wholly without representation in this case. First, any equity interest holder has standing to be heard pursuant to 11 U.S.C. § 1109(b), on the adequacy of the disclosure statement and the confirmation of the proposed plan.

22.    The shareholders are also not without recourse to the reorganization process as they may form an unofficial ad hoc committee of equity security holders.  To the extent that such an ad hoc committee believes that negotiations can and should take place, it may do so on an unofficial basis.  The ad hoc committee can serve as effectively as an official committee, with a right to be heard under section 1109 of the Bankruptcy Code.  <u>See</u> <u>In re Johns-Manville Corp.</u>, 68 B.R. at 164 ("The right to be heard is, at this point, as important a right as any right ascribed to an official committee.").  And, depending on the ultimate outcome of this case, the ad hoc committee may seek an award of its expenses under section 503(b).  <u>Id.</u>  Thus, the ad hoc committee is free to proceed as an unofficial committee but the estates will not be obliged to bear the corresponding cost unless the Court so determines at a later time.

7

23.     Based upon the foregoing, Movant's have not provided any persuasive evidence that the appointment of an equity committee is necessary at this to assure their adequate representation at this time.

24.     In addition, the United States Trustee has been integrally involved in each of the cases cited by Movants where equity committees have been formed in the Southern District of New York.  Accordingly, we disagree with Movant's assertion that the cost resulting from the appointment of such a committee outweigh the benefit to be derived from the appointment.  An equity committee would be entitled to retain professionals pursuant to section 1103 of the Bankruptcy Code.  See In re Beker Indus. Corp., 55 B.R. at 949 ("the appointment of additional committees is 'closely followed by applications to retain attorneys and accountants'.") (citations omitted).  Given the size of this case, the professional fees would be significant.  For the reasons stated above, there is insufficient justification to cause the estates and the creditors to incur such an unnecessary economic burden at this time.  See In re Emons Indus., Inc., 50 B.R. at 694.

25.     As to factor (iii), the United States Trustee is of the view that although Delphi is one of the largest, if not the largest, supplier of automotive parts in the United States, it does not necessarily follow that this is a large complex case.  Further, accurate information regarding the number of shareholders and the solvency of the Debtor should be provided by them in the form of verified schedules and a statement of financial affairs so that the Court may rely upon current and accurate information.

26.     As stated in paragraphs 13-16 above, the United States Trustee is of the view that due to the lack of information available to the Court and to the United States Trustee, no

8

determination can be made as to whether Movant's have established their burden as to factors

(ii), (iv) and (v) above.

### III. THE COURT, IN THE EXERCISE OF ITS DISCRETION, SHOULD NOT APPOINT A COMMITTEE OF EQUITY HOLDERS IN THESE CASES AT THIS TIME AS THE MOTION WAS FILED PREMATURELY.

27.  As set forth in detail above, the appointment of an official equity committee is

premature based on the current facts and circumstances of this case at this time.  Accordingly, the

Court, in exercising its discretion, should not order the appointment of a committee of equity

security holders in this case at this time.

WHEREFORE, the United States Trustee respectfully requests that the Court sustain the

objections contained herein, and grant such other and further relief as the Court may deem

appropriate and just.

Dated:          New York, New York
                December 30, 2005

                                        Respectfully submitted,

                                        DEIRDRE A. MARTINI
                                        UNITED STATES TRUSTEE

                        By:             /s/ Tracy Hope Davis
                                        Tracy Hope Davis (THD-8154)
                                        Attorney
                                        33 Whitehall Street
                                        Twenty First Floor
                                        New York, New York  10004
                                        Tel. No. (212) 510-0500
                                        Fax No. (212)668-2255