WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York  10019-6150
Telephone:  (212) 403-1000
Richard G. Mason (RM 0698)
Amy R. Wolf (AW 6646)
Emil A. Kleinhaus (EK 6731)

Attorneys for Capital Research and Management Company

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                            :        Chapter 11
                                                  :
DELPHI CORPORATION, et al.,                       :        Case No. 05-44481 (RDD)
                                                  :
                              Debtors.            :        (Jointly Administered)
------------------------------------------------------------x

### STATEMENT OF CAPITAL RESEARCH AND MANAGEMENT COMPANY IN RESPONSE TO MOTION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK REQUESTING AN ORDER TO CHANGE THE MEMBERSHIP OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

In response to the Motion of Law Debenture Trust Company of New York Requesting an Order to Change the Membership of the Official Committee of Unsecured Creditors and the Supplement thereto (collectively, the "Motion"), Capital Research and Management Company and associated funds (collectively, "Cap Re") respectfully state as follows:

1. Cap Re is co-chair of the Debtors' Official Committee of Unsecured Creditors (the "Committee") and the holder of approximately $530 million in principal amount of Delphi Senior and Subordinated Notes.[1]  Cap Re fully concurs with the objection to the

---

[1] Capitalized terms have the same meaning as in the Motion.  As in the Motion, "Subordinated Noteholders" is used to refer to the ultimate beneficiaries of the Subordinated Notes, even though the Subordinated Notes will be held in trust by Law Debenture until such time as the Statutory Trusts are dissolved.

Motion filed by the Committee. This Statement is filed for the limited purpose of correcting and supplementing the factual record presented to the Court by Law Debenture.

2.      In the Motion, Law Debenture asserts that it "made due inquiry into Capital Research's holdings, but Capital Research has refused to make this information available." Motion ¶ 17 n.6. Law Debenture also stated in two letters to the United States Trustee that, according to a "reasonably reliable" source, Cap Re sold its position in the Subordinated Notes. See Ex. A (letter dated December 16, 2005); Ex. B (letter dated December 17, 2005). For the record, the facts regarding Cap Re's communications with Law Debenture and its holdings in the Subordinated Notes are as follows:

3.      Law Debenture has never communicated directly with Cap Re concerning Cap Re's holdings in the Subordinated Notes. Its communications on that subject were made only in its two letters to the United States Trustee, which suggested that Cap Re had sold or was in the process of selling its holdings in the Subordinated Notes. On December 19, 2005, Cap Re confirmed to the United States Trustee that it had not sold, and was not in the process of selling, any of the Subordinated Notes that it held when it filed its Notice of Status as a Substantial Claimholder on November 11, 2005. See Ex. C (letter dated December 19, 2005).

4.      Cap Re's total holdings of Delphi subordinated debt are as follows: Cap Re holds 1,380,045 original par of the securities delineated as 8.25% Cumulative Trust Preferred Securities due 10/15/33 (cusip 24717P207). Cap Re therefore holds over 10% of the interests in Delphi Trust I and over 7% of the total value of the Statutory Trusts. Upon dissolution of the Statutory Trusts, Cap Re will hold approximately $30 million in Subordinated Notes.

5.      In the Supplement to its Motion filed on December 27, 2005, Law Debenture argues that Cap Re's position in General Motors common stock requires rejection of

"any lingering notion that [Cap Re] can serve as the 'voice' for Subordinated Noteholder interests." For the reasons stated in the Committee's objection, including the substantial authority for the proposition that each Committee member is presumed to fulfill its fiduciary duties notwithstanding potential conflicts of interest, this argument is meritless. To ensure that the factual record is complete, Cap Re adds the following:

6. Cap Re and its affiliates are, collectively, among the largest asset managers in the United States. By virtue of its size, Cap Re holds, and will continue to hold, substantial positions in an array of automotive-industry companies, including Delphi and General Motors. Inasmuch as it is coming into possession of non-public information in its capacity as member and co-chair of the Committee, Cap Re has established an "information wall" for the Delphi matter (the "Information Wall"). The rules governing adherence to and enforcement of the Information Wall are laid out in Cap Re's Policies and Procedures Regarding Information Walls (the "Procedures"). On November 30, 2005, Cap Re delivered to the United States Trustee an Acknowledgment signed by David Daigle, Cap Re's representative on the Committee. By signing the Acknowledgment, David Daigle indicated that he is subject to the requirements set forth in the Acknowledgment and the Procedures. See Ex. D (letter from Cap Re to United States Trustee and attachments).

Dated: December 30, 2005
New York, New York

Respectfully submitted,
Capital Research and Management Company

By: WACHTELL, LIPTON, ROSEN & KATZ

/s/ Richard G. Mason
Richard G. Mason (RM 0698)
Amy R. Wolf (AW 6646)
Emil A. Kleinhaus (EK 6731)
51 West 52nd Street
New York, New York  10019-6150
Telephone:  (212) 403-1000
Facsimile:   (212) 403-2000

-3-