KIRKPATRICK & LOCKHART                                       Hearing Date: January 5, 2006
NICHOLSON GRAHAM LLP                                                       10:00 A.M.
Edward M. Fox, Esq. (EF1619)
599 Lexington Avenue
New York, New York 10022
Telephone (212) 536-3900

Attorneys for Wilmington Trust Company,
as Indenture Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                            :        Chapter 11
                                                  :        Case No. 05-44481 (RDD)
DELPHI CORPORATON, *et al.*,                      :        (Jointly Administered)
                                                  :
            Debtors.                              :
                                                  :
---------------------------------------------------------X

**LIMITED OBJECTION OF WILMINGTON TRUST COMPANY, AS INDENTURE
TRUSTEE, TO DEBTORS' PROPOSED FORM OF FINAL TRADING ORDER**

Wilmington Trust Company ("WTC"), in its capacity as indenture trustee with respect to certain senior notes and debentures in the aggregate principal amount of $2 billion issued by Delphi Corporation ("Delphi"), by and through its attorneys, Kirkpatrick & Lockhart Nicholson Graham LLP, hereby files this limited objection to the Debtors' proposed form of Final Order Under 11 U.S.C. §§ 105, 362, and 541 and Bankruptcy Rule 3001 (A) Establishing Notification Procedures Applicable to Substantial Holders of Claims and Equity Securities and (B) Establishing Notification and Hearing Procedures for Trading in Claims and Equity Securities (the "Proposed Final Trading Order"), stating as follows:

1. On October 8, 2005, Delphi and its debtor-subsidiaries and affiliates (collectively, the "Debtors") filed a Motion for Order Under 11 U.S.C. §§ 105, 362, and 541 and

NY-408380 v1

Fed. R. Bankr. P. 3001 Establishing Notification and Hearing Procedures for Trading in Claims and Equity Securities (the "Claims Trading Motion").

2. The stated purpose of the Claims Trading Motion was to establish "procedures for continuously monitoring claims-trading and equity securities-trading" in order to allow the Debtors "to seek substantive relief at the appropriate time if it appears that additional trading may jeopardize the use of their Tax Attributes."[1]

3. On October 12, 2005, this Court entered an Interim Order Under 11 U.S.C. §§ 105, 362, and 541 and Bankruptcy Rule 3001 (A) Establishing Notification Procedures Applicable to Substantial Holders of Claims and Equity Securities and (B) Establishing Notification and Hearing Procedures for Trading in Claims and Equity Securities (the "Interim Trading Order").

4. Both before and after entry of the Interim Order, several of the Debtors' creditors (collectively, the "Objectors") filed written objections to the Claims Trading Motion.

5. On December 23, 2005, the Debtors filed a Notice of Proposed Final Trading Order, and indicated their intention to present the Proposed Final Trading Order to the Court for entry at the January 5, 2005 omnibus hearing.

6. The Proposed Final Trading Order presumably reflects the various accommodations reached by and between the Debtors and the Objectors regarding the relief requested by the Claims Trading Motion.

7. However, the provisions of the Proposed Final Trading Order go beyond resolving the particular objections raised by the Objectors, and purport to grant relief that was

---

[1] Claims Trading Motion, ¶ 16

neither requested, nor justified, by the Claims Trading Motion -- relief that is prejudicial to the rights of other creditors of the Debtors' estate, including the present and future bondholders.

8. Specifically, paragraph 6(b) of the Proposed Final Trading Order includes the following "Participation Restriction":

> Any entity that participates in formulating any chapter 11 plan of reorganization of or on behalf of the Debtors (which shall include, without limitation, making any suggestions or proposals to the Debtors or their advisers with regard to such a plan), shall not do so in a manner that makes evident to the Debtors that any Covered Claims of which such Entity has Tax Ownership are Newly Traded Covered Claims (the "Participation Restriction"). For this purpose, the Debtors acknowledge and agree that the following activities shall not, where such activities do not make evident to the Debtors that the relevant Entity has Tax Ownership of Newly Traded Covered Claims, constitute a violation of the Participation Restriction: filing an objection to a proposed disclosure statement or to confirmation of a proposed plan of reorganization, voting to accept or reject a proposed plan of reorganization, reviewing or commenting on a proposed business plan, membership on a Creditors' Committee or an ad hoc committee, providing information to the Debtors' counsel on a confidential basis, or taking any action required by this Final Order.

9. This proposed Participation Restriction is entirely new, and was not present in any form in the original proposed order submitted with the Claims Trading Motion.

10. While the Claims Trading Motion sought to impose various restrictions on the ability of parties to trade in claims against Debtors, it did not request any restrictions on the ability of creditors to participate in the Debtors' chapter 11 cases in any manner otherwise permitted by the Bankruptcy Code, nor did it contain any explanation regarding why the Debtors' knowledge of the fact that particular creditors hold Newly Traded Covered Claims would justify the imposition of such participation restrictions.

11. Furthermore, given the extensive provisos to the Participation Restriction, which, under certain circumstances, appear to permit disclosure of the precise sorts of

- 3 -

information that the Participation Restriction seeks to hide – including, to the extent required by the Proposed Final Trading Order itself -- it is far from clear precisely what conduct would in fact be prohibited by the Proposed Final Trading Order, let alone why.

12. Finally, even if the Participation Restriction had been requested by the Claims Trading Motion, and its necessity explained, the Proposed Final Trading Order could not be permitted to override the Bankruptcy Code's express recognition of the right of creditors and other parties in interest to participate fully in a debtor's chapter 11 case, regardless of when and how the creditor's claims were acquired. See 11 U.S.C. § 1109(b) ("A party in interest, including . . . a creditor . . . may raise and may appear and be heard on any issue in a case under this chapter."); 11 U.S.C. § 1128(b) ("A party in interest may object to confirmation of a plan.").

13. Ironically, while it is not abundantly clear what conduct is intended to be prohibited by the Participation Restriction, imposition of the Participation Restriction seems most likely to result in two equally inappropriate outcomes: (i) to encourage creditors to hide their status as the holders of Newly Traded Covered Claims, which is facially inconsistent with the stated purpose of the Claims Trading Motion; and (ii) to discourage creditors holding Newly Traded Claims from participating in the Debtors' bankruptcy cases, which is inconsistent with the broad participation rights conferred by the Bankruptcy Code.

14. Accordingly, because the Participation Restriction was not requested by the Claims Trading Motion, is vague and ambiguous in scope, and is facially inconsistent with the specific provisions of the Bankruptcy Code, it should be stricken from the Proposed Final Trading Order.

WHEREFORE, WTC respectfully requests that this Court deny the Debtors' request for imposition of the Participation Restriction, and grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
December 30, 2005

KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP

By: */s/ Edward M. Fox*
    Edward M. Fox (EF1619)
    A Member of the Firm
Attorneys for Wilmington Trust Company,
as Indenture Trustee
599 Lexington Avenue
New York, NY 10022
(212) 536-3900