IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                       :

In re                              :      Chapter 11

                                       :

DELPHI CORPORATION, et al.,       :      Case No. 05-44481 (RDD)

                                       :

                   Debtors.    :      (Jointly Administered)

                                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

      I, Amber M. Cerveny, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants, LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

      On December 29, 2005, I caused to be served the documents listed below (i) upon the parties listed on Exhibit A hereto via overnight delivery, (ii) upon the parties listed on Exhibit B hereto via electronic notification, and (iii) upon the parties listed on Exhibit C hereto via postage pre-paid U.S. mail:

1) Debtors' Objection to Lead Plaintiffs' Motion for Limited Modification of Automatic Stay (Docket No. 1667) [a copy of which is attached hereto as Exhibit D]

2) Motion of the Debtors for an Order Pursuant to 11 U.S.C. §§ 102(1) and 105(a), Fed.R.Bankr.P. 9006(c) and Local Rule 9006-1 Shortening Time Period Prescribed by the Case Management Order with Respect to Debtors' Motion (A) to Quash Trial Subpoenas Issued to Members of Debtors' Audit Committee and for Protective Order and (B) For a Protective Order to Limit the Scope of the Deposition of Robert Dellinger to Only Those Matters Pertaining Directly to the Debtors' Application for Order Authorizing Employment and Retention of Deloitte & Touche LLP, ("Motion") Affidavit of Andrew V Tenzer in Support of Motion of Debtors for an Order Pursuant to 11 U.S.C. §§ 102(1) and 105(a), Fed.R.Bankr.p. 9006(c) and Local Rule 9006-1 Shortening Time Period Prescribed by the Case Management Order with Respect to Debtors' Motion (A) to Quash Trial Subpoenas Issued to Members of Debtors' Audit Committee and for Protective Order and (B) For a Protective Order to Limit the Scope of the Deposition of Robert Dellinger to Only Those Matters Pertaining Directly to the Debtors' Application for Order Authorizing Employment and Retention of Deloitte & Touche LLP ("Affidavit") and Order Pursuant to 11 U.S.C. §§ 102(1) and 105(a), Fed.R.Bankr.p. 9006(c) and Local Rule 9006-1 Shortening Time Period Prescribed by the Case Management Order with Respect to Debtors' Motion (A) to Quash Trial Subpoenas Issued to Members of Debtors' Audit Committee and for Protective Order and (B) For a Protective Order to Limit the Scope of the Deposition of Robert Dellinger to Only Those Matters Pertaining Directly to the Debtors' Application for Order Authorizing

1

Employment and Retention of Deloitte & Touche LLP ("Proposed Order") Notice of Motion of the Debtors for an Order Pursuant to 11 U.S.C. §§ 102(1) and 105(a), Fed.R.Bankr.P. 9006(c) and Local Rule 9006-1 Shortening Time Period Prescribed by the Case Management Order with Respect to Debtors' Motion (A) to Quash Trial Subpoenas Issued to Members of Debtors' Audit Committee and for Protective Order and (B) For a Protective Order to Limit the Scope of the Deposition of Robert Dellinger to Only Those Matters Pertaining Directly to the Debtors' Application for Order Authorizing Employment and Retention of Deloitte & Touche LLP ("Notice") (Docket No. 1666) [a copy of which is attached hereto as Exhibit E]

3)  Debtors' (I) Motion (A) to Quash Trial Subpoenas Issued to Members of Debtors' Audit Committee and for Protective Order and (B) for a Protective Order to Limit the Scope of the Deposition of Robert Dellinger to Only Those Matters Pertaining Directly to the Debtors' Application for Order Authorizing Employment and Retention of Deloitte & Touche LLP and (II) Objection to Lead Plaintiffs' Motion to Compel Deposition Testimony and the Production of Documents in Connection with the Debtors' Application for Order Under 11 U.S.C. §§ 327(a), 328(a), and 1107(b) Authorizing Employment and Retention of Deloitte & Touche LLP as Independent Auditors and Accountants to Debtors, Effective Nunc Pro Tunc to October 8, 2005 and Objection Filed Thereto with Exhibits ("Motion") Declaration of Robert Dellinger in Support of Debtors' (I) Motion to Quash Trial Subpoenas and for a Protective Order and (II) Objection to Lead Plaintiffs' Motion to Compel ("Declaration") (Docket No. 1665) [a copy of which is attached hereto as Exhibit F]

Dated: January 3, 2006

    /s/ Amber M. Cerveny
Amber M. Cerveny

Sworn to and subscribed before
me on January 3, 2006

    /s/ *Evan J. Gershbein*
Notary Public

My Commission Expires:    1/19/07

# **EXHIBIT A**

Responses

| Company | Notice Name | Address 1 | Address 2 | City | State | Zip Code |
|---------|-------------|-----------|-----------|------|-------|----------|
| Lowenstein Sandler PC | Ira Levee | 1251 Avenue of the Americas | 18th Fl | New York | NY | 10020 |
| Lowenstein Sandler PC | Michael Etkin | 1251 Avenue of the Americas | 18th Fl | New York | NY | 10020 |
| Nix Patterson & Roach LLP | Bradley E Beckworth | 205 Linda Drive | | Daingerfield | TX | 75638 |
| Bernstein Litowitz Berger & Grossmann LLP | John P Coffey | 220 St Paul St | | Westfield | NJ | 7090 |
| Bernstein Litowitz Berger & Grossmann LLP | John P Coffey | 1285 Avenue of the Americas | | New York | NY | 10019 |
| Grant Eisenhower PA | Stuart Grant | 1201 N Market St | Suite 2100 | Wilmington | DE | 19801 |
| Grant Eisenhower PA | Jay W Eisenhofer | 1201 N Market St | Suite 2100 | Wilmington | DE | 19801 |
| Schiffrin & Barroway LLP | Michael Yarnoff | 280 King of Prussia Road | | Radnor | PA | 19087 |
| Grant Eisenhower PA | Geoffry C Jarvis | 1201 N Market St | Suite 2100 | Wilmington | DE | 19801 |
| Schiffrin & Barroway LLP | Sean M Handler | 280 King of Prussia Road | | Radnor | PA | 19087 |

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Capital Research and Management Company | Michelle Robson | 11100 Santa Monica Blvd | 15th Floor | Los Angeles | CA | 90025 | 310-996-6140 | 310-996-6091 | mlfr@capgroup.com | Creditor Committee Member |
| Cohen Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | b.simon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel for Flextronics International USA, Inc. |
| Davis Polk & Wardwell | Donald Bernstein | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 | 212-450-3092 | donald.bernstein@dpw.com | Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 6328 Monarch Park Place | | Niwot | CO | 80503 | 303-652-4853 | 303-652-4716 | cshiff@flextronics.com | Counsel for Flextronics International |
| Flextronics International | Terry Zale | 6328 Monarch Park Place | | Niwot | CO | 80503 | 303-652-4853 | 303-652-4716 | terryzale@flextronics.com | Counsel for Flextronics International |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel for Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 152 West 57th Street | 35th Floor | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel for Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Internal Revenue Service | Attn: Insolvency Department, Mario Valerio | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-298-2015 | 212-298-2016 | | IRS |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | 48226 | 313-628-3648 | 313-628-3602 | | Michigan IRS |
| IUE-CWA | Henry Reichard | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | hreichard@iuecwa@aol.com | Creditor Committee Member |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.fmaher@chase.com richard.duker@jpmorgan.com gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | James Le | 12910 Culver Blvd. | Suite I | Los Angeles | CA | 90066 | 310-751-1511 | 310-751-1561 | jle@kccllc.com | Noticing and Claims Agent: |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | UCC Professional |
| Law Debenture Trust of New York | Patrick J. Healy | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Daniel R. Fisher | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel for Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel for Recticel North America, Inc. |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Mesirow Financial | Melissa Knolls | 321 N. Clark St. | 13th Floor | Chicago | IL | 60601 | 800-453-0600 | 312-644-8927 | mknoll@mesirowfinancial.com | UCC Professional |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel for Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | | New York Attorney General's Office |
| O'Melveny & Meyer LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Meyer LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov efile@pbgc.gov | Counsel for Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel for the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel for Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 3

1/3/2006 8:09 AM
Master

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | 2122185526 | rdremluk@seyfarth.com | Counsel for Murata Electroncs North |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Prepetition Administrative Agent |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel for Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| United States Trustee | Alicia M. Leonard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | United States Trustee |
| United States Trustee | Deirdre A. Martini | 33 Whitehall Street | Suite 2100 | New York | NY | 10004 | 212-510-0500 | 212-668-2256 | deirdre.martini@usdoj.gov | United States Trustee |
| **Warner Stevens, L.L.P.** | **Michael D. Warner** | **1700 City Center Tower II** | **301 Commerce Street** | **Fort Worth** | **TX** | **76102** | **817-810-5250** | **817-810-5255** | | **Proposed Conflicts Counsel for the Official Committee of Unsecured Creditors** |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeffrey.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

# **<u>EXHIBIT B</u>**

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Pepper, Hamilton LLP | Anne Marie Aaronson | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | aaronsona@pepperlaw.com | Counsel for Capro, Ltd; Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | 716-855-0874 | aee@hurwitzfine.com | Counsel for Jiffy-Tite Co., Inc. |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | 212-506-5151 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| King & Spalding, LLP | Alexandra B. Feldman | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | 212-556-2222 | afeldman@kslaw.com | Counsel for Martinrea International, Inc. |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | 212-309-6001 | agottfried@morganlewis.com | Counsel for ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | alan.mills@btlaw.com | Counsel for Mays Chemical Company |
| Robinson, McFadden & Moore, P.C. | Annemarie B. Mathews | P.O. Box 944 | | Columbia | SC | 29202 | | 803-779-8900 | 803-771-9411 | amathews@robinsonlaw.com | Counsel for Blue Cross Blue Shield of South Carolina |
| Bouit, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | amcmullen@bccb.com | Counsel for Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Hogan & Hartson L.L.P. | Audrey Moog | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | amoog@hhlaw.com | Counsel for Umicore Autocat Canada Corp. |
| Quadrangle Debt Recovery Advisors LLC | Andrew Herenstein | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1742 | 866-741-2505 | andrew.herenstein@quadranglegroup.com | Counsel to Quadrangle Debt Recovery Advisors LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Hewlett-Packard Company | Anne Marie Kennelly | 3000 Hanover St., M/S 1050 | | Palo Alto | CA | 94304 | | 650-857-6902 | 650-852-8617 | anne.kennelly@hp.com | Counsel to Hewlett-Packard Company |
| Weinstein, Eisen & Weiss LLP | Aram Ordubegian | 1925 Century Park East | #1150 | Los Angeles | CA | 90067 | | 310-203-9393 | 310-203-8110 | aordubegian@weinlesen.com | Counsel for Orbotech, Inc. |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | asherman@sillscummis.com | Counsel for Hewlett-Packard Financial Services Company |
| Pryor & Mandelup, LLP | A. Scott Mandelup, Kenneth A. Reynolds | 675 Old Country Road | | Westbury | NY | 11590 | | 516-997-0999 | 516-333-7333 | asm@pryormandelup.com kar@pryormandelup.com | Counsel for National Molding Corporation; Security Plastics Division/NMC LLC |
| Curtis, Mallet-Prevost, Coit & Mosle LLP | Andrew M. Thau | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-8898 | 917-368-8898 | athau@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | 512-443-5114 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | 212-715-8000 | ayala.hassell@eds.com | Representative for Electronic Data Systems Corporation |
| Shipman & Goodwin LLP | Jennifer L. Adamy | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5811 | 860-251-5218 | bankruptcy@goodwin.com | Counsel to Fortune Plastics Company of Illinois, Inc.; Universal Metal Hose Co., |
| Warner Stevens, L.L.P. | Michael D. Warner | 301 Commerce Street | Suite 1700 | Fort Worth | TX | 76102 | | 817-810-5250 | 817-810-5255 | bankruptcy@warnerstevens.com | Counsel for Electronic Data Systems Corp. and EDS Information Services, L.L.C. |
| Whyte, Hirschboeck Dudek S.C. | Bruce A. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | 414-223-5000 | barnold@whdlaw.com | Counsel for Schunk Graphite Technology |
| Nix, Patterson & Roach, L.L.P. | Bradley E. Beckworth | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | bbeckworth@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Smith, Gambrell & Russell, LLP | Barbara Ellis-Monro | 1230 Peachtree Street, N.E. | Suite 3100 | Atlanta | GA | 30309 | | 404-815-3500 | 404-815-3509 | bellis-monro@sgrlaw.com | Counsel for Southwire Company |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | 317-236-2219 | Ben.Caughey@icemiller.com | Counsel for Sumco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut, Esq. | One Penn Plaza | Suite 3335 | New York | NY | 10119 | | 212-594-5000 | 212-967-4258 | bmcdonough@teamtogut.com | Conflicts counsel to Debtors |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | 212-269-2540 | bmehlsack@gkllaw.com | Counsel for International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | bnathan@lowenstein.com | Counsel for Daewoo International (America) Corp. |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | bsmoore@pbnlaw.com | |
| Winstead Sechrest & Minick P.C. | Berry D. Spears | 401 Congress Avenue | Suite 2100 | Austin | TX | 78701 | | 512-370-2800 | 512-370-2850 | bspears@winstead.com | Counsel for National Instruments Corporation |

2002 Email Service

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | 212-732-3232 | cahn@clm.com | Counsel for STMicroelectronics, Inc. |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | 248-350-7772 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| Pepper, Hamilton LLP | Linda J. Casey | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | caseyl@pepperlaw.com | Counsel for SKF USA, Inc. |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | 212-765-0964 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine |
| Satterlee Stephens Burke & Burke LLP | Christopher R. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |
| Pepe & Hazard LLP | Charles J. Filardi, Jr., Esq. | 30 Jelliff Lane | | Southport | CT | 06890 | | 203-319-4042 | 203-319-4034 | cfilardi@pepehazard.com | Federal Express Corporation |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | 203-542-4100 | cfortgang@silverpointcapital.com | Counsel for Silver Point Capital, L.P. |
| Simpson Thacher & Bartlett LLP | Kenneth S. Ziman, Esq. | 425 Lexington Avenue | | New York | NY | 10017 | | 212-455-2000 | 212-455-2502 | dfox@stblaw.com | Counsel to JPMorgan Chase Bank, N.A. |
| Simpson Thacher & Bartlett LLP | William T. Russell, Jr., | 425 Lexington Avenue | | New York | NY | 10017 | | 212-455-2000 | 212-455-2502 | dfox@stblaw.com | Counsel to JPMorgan Chase Bank, N.A. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | 519-650-6520 | cgalloway@atsautomation.com | Company |
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | chill@bsk.com | Counsel for Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | 314-241-8624 | clm@greensfelder.com jpb@greensfelder.com | Counsel for ARC Automotive, Inc. |
| Ropers, Majeski, Kohn & Bentley | Christopher Norgaard | 515 South Flower Street | Suite 1100 | Los Angeles | CA | 90071 | | 213-312-2000 | 213-312-2001 | cnorgaard@ropers.com | Counsel for Brembo S.p.A; Bibielle S.p.A.; AP Racing |
| Arent Fox PLLC | Mitchell D. Cohen | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Cohen.Mitchell@arentfox.com | Counsel for Pullman Bank and Trust Company |
| Genovese Joblove & Battista, P.A. | Craig P. Rieders, Esq. | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | | 305-349-2300 | 305-349-2310 | crieders@gjb-law.com | Counsel for Ryder Integrated Logistics, Inc. |
| Stevens & Lee, P.C. | Chester B. Salomon, Esq. Constantine D. Pourakis, Esq | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | 212-319-8505 | cs@stevenslee.com cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |
| Sachnoff & Weaver, Ltd | Charles S. Schulman, Arlene N. Gelman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | | 312-207-1000 | 312-207-6400 | cschulman@sachnoff.com agelman@sachnoff.com | Counsel for Infineon Technologies North America Corporation |
| Hodgson Russ LLP | Cheryl R. Storie | One M&T Plaza | Suite 2000 | Buffalo | NY | 14203 | | 716-848-1275 | 716-849-0349 | cstorie@hodgsonruss.com | Counsel for Hexcel Corporation |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | csullivan@bsk.com | Counsel for Diemolding Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Curtis J. Weidler | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3157 | 212-373-2053 | cweidler@paulweiss.com | Counsel for Ambrake Corporation; Akebono Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | 4692215002 | dallas.bankruptcy@publicans.com | Counsel for Dallas County and Tarrant County |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | | 610-230-3064 | 310-687-1052 | david.boyle@airgas.com | Counsel for Airgas, Inc. |
| Waller Lansden Dortch & Davis, PLLC | David E. Lemke, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | david.lemke@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Bolhouse, Vander Hulst, Risko & Baar P.C. | David S. Lefere | 3996 Chicago Drive SW | | Grandville | MI | 49418 | | 616-531-7711 | 616-531-7757 | davd@bolhouselaw.com | Counsel for Eclipse Tool and Die, Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | 313-465-7315 | dbaty@honigman.com | Counsel for Fujitsu Ten Corporation of America |
| Gibbons, Del Deo, Dolan, Griffinger & Vecchione | David N. Crapo | One Riverfront Plaza | | Newark | NJ | 07102-5497 | | 973-596-4523 | 973-639-6244 | dcrapo@gibbonslaw.com | Counsel for Epcos, Inc. |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | ddavis@paulweiss.com | Counsel for Noma Company and General Chemical Performance Products LLC |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Sylvie J. Derrien | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | derrien@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Company |
| Erman, Teicher, Miller, Zucker & Freedman, P.C. | David H. Freedman | 400 Galleria Officentre | Ste. 444 | Southfield | MI | 48034 | | 248-827-4100 | 248-827-4106 | dfreedman@ermanteicher.com | Counsel for Doshi Prettl International, LLC |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | dgheiman@jonesday.com | Counsel for WL. Ross & Co., LLC |
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO | David Jury, Esq. | Five Gateway Center | Suite 807 | Pittsburgh | PA | 15222 | | 412-562-2549 | 412-562-2429 | djury@steelworkers-usw.org | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | David S. Karp | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6065 | 212-697-1559 | dkarp@cm-p.com | Counsel for Flextronics International, Inc.; Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co. |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | 404-873-8121 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"); SBC Telecommunications, Inc. (SBC) |

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Thelen Reid & Priest LLP | David A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | | 212-603-2000 | 212-603-2001 dlowenthal@thelenreid.com | | Counsel for American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Thelen Reid & Priest LLP | Daniel A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | | 212-603-2000 | 212-603-2001 dlowenthal@thelenreid.com | | Counsel for Oki Semiconductor Company |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | 856-853-9933 dludman@brownconnery.com | | Counsel for SAP America, Inc. |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 dmdelphi@duanemorris.com | | Counsel to ACE American Insurance Company |
| Ambrake Corporation | Ronald L. Jones | 300 Ring Road | | Elizabethtown | KY | 42701 | | 270-765-0208 | 270-234-2395 Does not wish to receive electronic mailings | | Representative for Ambrake Corporation |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennslyvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 dpm@curtinheefner.com | | Counsel for SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Norris, McLaughlin & Marcus | Elizabeth L. Abdelmasieh, Esq | 721 Route 202-206 | P.O. Box 1018 | Somerville | NJ | 08876 | | 908-722-0700 | 908-722-0755 eabdelmasieh@nmmlaw.com | | Counsel for Rotor Clip Company, Inc. |
| Wachtell, Lipton, Rosen & Katz | Emil A. Kleinhaus | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 EAKleinhaus@wlrk.com | | Counsel for Capital Research and Management Company |
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 ecdolan@hhlaw.com | | Counsel for Umicore Autocat Canada Corp. |
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | 315-425-8576 echarlton@hiscockbarclay.com | | Counsel for GW Plastics, Inc. |
| Erman, Teicher, Miller, Zucker & Freedman, P.C. | Earle I. Erman | 400 Galleria Officentre | Ste. 444 | Southfield | MI | 48034 | | 248-827-4100 | 248-827-4106 eerman@ermanteicher.com | | Counsel for Doshi Prettl International, LLC |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | 212-536-3901 efox@kl.ng.com | | Counsel to Wilmington Trust Company, as Indenture trustee |
| McGuirewoods LLP | Elizabeth L. Gunn | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1178 | 804-698-2186 egunn@mcguirewoods.com | | Counsel for Siemens Logistics Assembly Systems, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | | 617-542-3000 | 617-542-3001 ekutchin@kutchinrufo.com | | Counsel for Parlex Corporation |
| Reed Smith | Elena Lazarou | 599 Lexington Avenue | 29th Street | New York | NY | 10022 | | 212-521-5400 | 212-521-5450 elazarou@reedsmith.com | | Counsel for General Electric Capital Corporation, Stategic Asset Finance. |
| Holme Roberts & Owen, LLP | Elizabeth K. Flaagan | 1700 Lincoln | Suite 4100 | Denver | CO | 80203 | | 303-861-7000 | 303-866-0200 elizabeth.flaagan@hro.com | | Counsel for CoorsTek, Inc.; Corus, L.P. |
| Conlin, McKenney & Philbrick, P.C. | Bruce N. Elliott | 350 South Main Street | Suite 400 | Ann Arbor | MI | 48104 | | 734-971-9000 | 734-971-9001 Elliott@cmplaw.com | | Counsel to Brazeway, Inc. |
| Squire, Sanders & Dempsey L.L.P. | Eric Marcks | One Maritime Plaza | Suite 300 | San Francisco | CA | 94111-3492 | | | 415-393-9887 emarcks@ssd.com | | Counsel for Furukawa Electric Co., Ltd. And Furukawa Electric North America, |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 emccolm@paulweiss.com | | Counsel for Noma Company and General Chemical Performance Products LLC |
| Thurman & Phillips, P.C. | Ed Phillips, Jr. | 8000 IH 10 West | Suite 1000 | San Antonio | TX | 78230 | | 210-341-2020 | 210-344-6460 ephillips@thurman-phillips.com | | Counsel for Royberg, Inc. d/b/a Precision Mold & Tool and d/b/a Precision Mold and Tool Group |
| Latham & Watkins | Erika Ruiz | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 erika.ruiz@lw.com | | UCC Professional |
| Blank Rome LLP | Bonnie Glantz Fatell | Chase Manhattan Centre | 1201 Market Street, Suite 800 | Wilmington | DE | 19801 | | 302-425-6423 | 302-428-5110 fatell@blankrome.com | | Counsel for Special Devices, Inc. |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | ferrell@taftlaw.com | | Counsel for Wren Industries, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | 415-773-5759 fholden@orrick.com | | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Fox Rothschild LLP | Fred Stevens | 13 East 37th Street | Suite 800 | New York | NY | 10016 | | 212-682-7575 | 212-682-4216 fstevens@foxrothschild.com | | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | 608-848-6357 frikkers@rikkerslaw.com | | Counsel for Southwest Metal Finishing, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | 313-496-8453 fusco@millercanfield.com | | Counsel for Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | | 212-682-4940 | 212-682-4942 gdiconza@dlawpc.com | | Counsel to Tyz-All Plastics, Inc. |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | 803-256-7500 george.cauthen@nelsonmullins.c | | Counsel for Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), |
| Fagel Haber LLC | Gary E. Green | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 ggreen@fagelhaber.com | | Counsel for Aluminum International, Inc. |
| Grant & Eisenhofer P.A. | Geoffrey C. Jarvis | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | 302-622-7100 gjarvis@goelaw.com | | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Hewlett-Packard Company | Glen Dumont | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4750 | 908-898-4137 glen.dumont@hp.com | | Counsel for Hewlett-Packard Financial Services Company |
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | 614-222-2193 gpeters@weltman.com | | Counsel for Seven Seventeen Credit Union |

2002 Email Service

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | 313-496-7997 | greenj@millercanfield.com | Counsel for Wells Operating Partnership, LP |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | 408-501-2488 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Kirkland & Ellis LLP | Geoffrey A. Richards | 200 East Randolph Drive | | Chicago | IL | 60601 | | 312-861-2000 | 312-861-2200 | grichards@kirkland.com | Counsel for Lunt Mannufacturing Company |
| King & Spalding, LLP | George B. South, III | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | 212-556-2222 | gsouth@kslaw.com | Counsel for Martinrea International, Inc. |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | 616-222-2185 | gtoering@wnj.com | |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | 2125541444 | hannah@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Latham & Watkins | Henry P. Baer, Jr. | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | henry.baer@lw.com | UCC Professional |
| Guaranty Bank | Herb Reiner | 8333 Douglas Avenue | | Dallas | TX | 75225 | | 214-360-2702 | 214-360-1940 | herb.reiner@guarantygroup.com | Counsel for American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Hirsh.Robert@arentfox.com | Counsel for Pullman Bank and Trust Company |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | hkolko@msek.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | 713-844-3503 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | 585-258-2821 | hzamboni@underbergkessler.com | Counsel for McAlpin Industries, Inc. |
| Gazes LLC | Ian J. Gazes | 32 Avenue of the Americas | | New York | NY | 10013 | | 212-765-9000 | 212-765-9675 | ian@gazesllc.com | Counsel to Setech, Inc. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | ilevee@lowenstein.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | 302-421-8390 | jaffeh@pepperlaw.com | Counsel for SKF USA, Inc. |
| Schulte Roth & Sabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | 212-593-5955 | james.bentley@srz.com | Counsel for Panasonic Automrotive Systems Company of America |
| Nix, Patterson & Roach, L.L.P. | Jeffrey J. Angelovich | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | jangelovich@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | 973-622-5314 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | 630-512-8610 | Jeff.Ott@molex.com | Counsel for Molex Connector Corp |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | 765-456-3836 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | 212-755-6503 | jeisenhofer@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Linear Technology Corporation | John England, Esq. | 1630 McCarthy Blvd. | | Milpitas | CA | 95035-7417 | | 408-432-1900 | 408-434-0507 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | 212-912-7751 | jforstot@tpw.com | Counsel for TT Electronics, Plc |
| Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | jh@previant.com | Counsel for International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Quarles & Brady Streich Lang LLP | John A. Harris | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | jharris@quarles.com | Counsel for Semiconductor Components Industries, Inc. |
| Bose McKinney & Evans LLP | Jeannette Eisan Hinshaw | 135 N. Pennsylvania Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-684-5296 | 317-684-5173 | hinshaw@boselaw.com | Counsel for Decatur Plastics Products, Inc. and Eikenberry & Associates, Inc.; Lorentson Manufacturing, Company, Inc.; Lorentson Tooling, Inc.; L & S Tools, Inc.; Hewitt Tool & Die, Inc. |
| **Duane Morris LLP** | **Joseph H. Lemkin** | **744 Broad Street** | **Suite 1200** | **Newark** | **NJ** | **07102** | | **973-424-2000** | **973-424-2001** | **jhlemkin@duanemorris.com** | **Counsel for NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; Hosiden America Corporation and Samtech Corporation** |
| QAD, Inc. | Jason Pickering, Esq. | 10,000 Midlantic Drive | | Mt. Laurel | NJ | 08054 | | 856-840-2489 | 856-840-2740 | jkp@qad.com | Counsel to QAD, Inc. |
| Republic Engineered Products, Inc. | Joseph Lapinsky | 3770 Embassy Parkway | | Akron | OH | 44333 | | 330-670-3004 | 330-670-3020 | jlapinsky@republicengineered.com | Counsel to Republic Engineered Products, Inc. |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | jmanheimer@pierceatwood.com | Counsel for FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | 502-245-0542 | jmbaumann@steeltechnologies.com | Counsel for Steel Technologies, Inc. |
| Stroock & Stroock & Lavan, LLP | Joseph G. Minias | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | 212-806-6006 | jminias@stroock.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Margulies & Levinson, LLP | Jeffrey M. Levinson, Esq. Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | 216-514-4936 | jml@ml-legal.com lmc@ml-legal.com | Counsel for Venture Plastics |
| Morrison Cohen LLP | Joseph T. Moldovan Michael R. Dal Lago | 909 Third Avenue | | New York | NY | 10022 | | 212-735-8603 212-735-8757 | 917-522-3103 917-522-3157 | jmoldovan@morrisoncohen.com mdallago@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| McDermott Will & Emery LLP | James M. Sullivan | 50 Rockefeller Plaza | | New York | NY | 10020 | | 212-547-5400 | 212-547-5444 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation, National Semiconductor Corporation; Timken Corporation |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | 312-832-4700 | jmurch@foley.com | Counsel for Kuss Corporation |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | 202-942-5999 | joel_gross@aporter.com | Counsel for CSX Transportation, Inc. |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 300 | Dallas | TX | 75201 | | 214-969-1505 | 214-969-1609 | john.brannon@tklaw.com | Counsel for Victory Packaging |
| Mitsubishi Electric & Electronics USA, Inc. | John C. Cipriano | 500 Corporate Woods Parkway | | Vernon Hills | IL | 60061 | | 847-478-2383 | 847-478-2281 | john.cipriano@meus.mea.com | Assistant General Counsel for Mitsubishi Electric & Electronics USA, Inc. |
| Barnes & Thornburg LLP | John T. Gregg | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3930 | 626-742-3999 | john.gregg@btlaw.com | Counsel to Priority Health |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | 513-977-8141 | john.persiani@dinslaw.com | Counsel for The Procter & Gamble Company |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | 312-577-4733 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Latham & Watkins | John W. Weiss | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | john.weiss@lw.com | UCC Professional |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 732-205-6777 | jonathan.greenberg@engelhard.com | Counsel to Engelhard Corporation |
| King & Spalding, LLP | James A. Pardo, Jr. | 191 Peachtree Street | Suite 4900 | Atlanta | GA | 30303-1763 | | 404-572-4600 | 404-572-5149 | jpardo@kslaw.com | Counsel for Mitsubishi Electric Automobile America, Inc. |
| Swidler Berlin LLP | Jonathan P. Guy | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | | 202-424-7500 | 202-424-7645 | jpguy@swidlaw.com | Counsel for Westwood Associates, Inc.; Sanders Lead Co. |
| Sterns & Weinroth, P.C. | Jeffrey S. Posta | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-3922100 | 609-392-7956 | jposta@sternslaw.com | Counsel for Doosan Infracore America Corp. |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | 419-255-9121 | jrhunter@hunterschank.com | Counsel for ZF Group North America Operations, Inc. |

2002 Email Service

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| McDonald Hopkins Co., LPA | Jean R. Robertson, Esq. | 600 Superior Avenue, East | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | jrobertson@mcdonaldhopkins.com | Counsel for Brush Engineered materials |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | 206-389-1708 | jshickich@riddellwilliams.com | Counsel for Microsoft Corporation; Microsoft Licensing, GP |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | 646-473-8238 | jvitale@cwsny.com | Counsel for International Union, United Automobile, Areospace and Agriculture Implement Works of America (UAW) |
| Tyler, Cooper & Alcorn, LLP | W. Joe Wilson | City Place | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | 860-278-3802 | wilson@tylercooper.com | Counsel for Barnes Group, Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | 302-658-0380 | jwisler@cblh.com | Counsel to ORIX Warner, LLC |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | jzackin@sillscummis.com | Counsel for Hewlett-Packard Financial Services Company |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | karen.dine@pillsburylaw.com | Counsel for Clarion Corporation of America |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | 614-464-2634 | kcookson@keglerbrown.com | Counsel for Solution Recovery Services |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | 740-940-7539 | ken.higman@hp.com | Counsel to Hewlett-Packard Company |
| Stroock & Stroock & Lavan, LLP | Kristopher M. Hansen | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | 212-806-6006 | khansen@stroock.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | Kimberly J. Robinson | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | | 312-629-5170 | 312-984-3150 | kim.robinson@bfkpn.com | Counsel for Motion Industries, Inc. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.. |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | 3026528405 | kmiller@skfdelaware.com | Counsel for Airgas, Inc. |
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | Knathan@nathanneuman.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Quarles & Brady Streich Lang LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | 520-770-2203 | knye@quarles.com | Counsel for Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation |
| DaimlerChrysler Corporation | Kim Kolb | CIMS 485-13-32 | 1000 Chrysler Drive | Auburn Hills | MI | 48326-2766 | | 248-576-5741 | | krk4@daimlerchrysler.com | Counsel for DaimlerChrysler Corporation; DaimlerChrylser Motors Company, LLC; DaimlerChrylser Canada, Inc. |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | krosen@lowenstein.com | Counsel for Cerberus Capital Management, L.P. |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K. Street, N.W. | | Washington | DC | 20005-4026 | | 202-326-4020 | 202-326-4112 | landy.ralph@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | lawallf@pepperlaw.com | Counsel for Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | 248-358-2740 | lawtoll@comcast.net | Counsel for Milwaukee Investment |
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | | lberkoff@moritthock.com | Counsel for Standard Microsystems Corporation and its direct and indirect subsidiaries Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | 212-912-7751 | lcurcio@tpw.com | Counsel for TT Electronics, Plc |

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP | Lei Lei Wang Ekvall | 650 Town Center Drive | Suite 950 | Costa Mesa | CA | 92626 | | 714-966-1000 | 714-966-1002 | lekvall@wgllp.com | Counsel for Toshiba America Electronic Components, Inc. |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | 866-298-4481 | lisa.moore2@nationalcity.com | Vice President and Senior Counsel for National City Commercial Capital |
| Sony Electronics Inc. | Lloyd B. Sarakin - Chief Counsel, Finance and Credit | 1 Sony Drive | MD #1 E-4 | Park Ridge | NJ | 07656 | | 201-930-7483 | | lloyd.sarakin@am.sony.com | Counsel to Sony Electronics, Inc. |
| Kennedy, Jennick & Murray | Larry Magarik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | lmagarik@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communications Workers of America |
| Fagel Haber LLC | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | lnewman@fagelhaber.com | Counsel for Aluminum International, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | lpeterson@mseik.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Womble Carlyle Sandridge & Rice, PLLC | Lillian H. Pinto | 300 North Greene Street | Suite 1900 | Greensboro | NC | 27402 | | 336-574-8058 | 336-574-4528 | lpinto@wcsr.com | Counsel for Armacell |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software |
| Angelo, Gordon & Co. | Leigh Walzer | 245 Park Avenue | 26th Floor | New York | NY | 10167 | | 212-692-8251 | 212-867-6395 | lwalzer@angelogordon.com | |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | madison.cashman@stites.com | Counsel to Setech, Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel for Arneses Electricos Automotrices, S.A.de C.V.; Cordaflex, S.A. de C.V. |
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel for Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | margot.erlich@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | 212-751-4864 | mark.broude@lw.com | UCC Professional |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | 7th Floor | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | 714-436-2800 | mark.houle@pillsburylaw.com | Counsel for Clarion Corporation of America |
| Bernstein Litowitz Berger & Grossman | Mark D. Debrowski | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1492 | 2125541444 | markd@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Kelley Drye & Warren, LLP | Mark I. Bane | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | 212-808-7897 | mbane@kelleydrye.com | Counsel for the Pension Benefit Guaranty Corporation |
| Andrews Kurth LLP | Monica S. Blacker | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | mblacker@andrewskurth.com | Counsel for  ITW Mortgage Investments IV, Inc. |
| Morris, Nichols, Arsht and Tunnell | Michael G. Busenkell | PO Box 1347 | | Wilmington | DE | 19899-1347 | | 302-658-9200 | 302-658-3989 | mbusenkell@mnat.com | Counsel for Chicago Miniature Optoelectronic Technologies, Inc. |
| King & Spalding, LLP | Michelle Carter | 191 Peachtree Street | Suite 4900 | Atlanta | GA | 30303-1763 | | 404-572-4600 | 404-572-5149 | mcarter@kslaw.com | Counsel for Mitsubishi Electric Automobile America, Inc. |
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | 248-603-9631 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Graydon Head & Ritchey LLP | J. Michael Debbler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | 513-651-3836 | mdebbeler@graydon.com | Counsel for Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Lowenstein Sandler PC | Michael S. Etkin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | metkin@lowenstein.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Winstead Sechrest & Minick P.C. | R. Michael Farquhar | 5400 Renaissance Tower | 1201 Elm Street | Dallas | TX | 75270 | | 214-745-5400 | 214-745-5390 | mfarquhar@winstead.com | Counsel for National Instruments Corporation |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | 949-553-8354 | mgreger@allenmatkins.com | Counsel for Kilroy Realty, L.P. |

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Otterbourg, Steindler, Houston & Rosen, | Melissa A. Hager | 230 Park Avenue | | New York | NY | 10169 | | 212-661-9100 | 212-682-6104 | mhager@oshr.com | Counsel for Sharp Electronics Corporation |
| Burr & Forman LLP | Michael Leo Hall | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | | (205) 458-5367 | (205) 244-5651 | mhall@burr.com | Counsel to Mercedes-Benz U.S. International, Inc |
| Schulte Roth & Sabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-765-2000 | 212-595-5955 | michael.cook@srz.com | Counsel for Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | michael.riela@lw.com | UCC Professional |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | 978-667-9969 | michaelz@orbotech.com | Company |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | mitchell.seider@lw.com | UCC Professional |
| Contrarian Capital Management, L.L.C. | Mark Lee, Janice Stanton, Bill Raine, Seth Lax | 411 West Putnam Avenue | Suite 225 | Greenwich | CT | 06830 | | 203-862-8200 | 203-629-1977 | mlee@contrariancapital.com jstanton@contrariancapital.com wraine@contrariancapital.com | Counsel to Contrarian Capital Management, L.L.C. |
| | | | | | | | | (230) 862-8231 | (203) 629-1977 | slax@contrariancapital.com | |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Michael L. Schein | 666 Third Avenue | | New York | NY | 10017 | | 212-935-3000 | 212-983-3115 | mlschein@mintz.com | Counsel to Hitachi Automotive Products (USA), Inc.; Conceria Pasubio |
| Hunton & Wiliams LLP | Michael P. Massad. Jr. | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | mmassad@hunton.com | Counsel for RF Monolithics, Inc. |
| White & Case LLP | Margarita Mesones-Mori | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | 305-358-5744 | mmesonesmori@whitecase.com | Counsel for Appaloosa Management, LP |
| North Point | Michelle M. Harner | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | mmharner@jonesday.com | Counsel for WL. Ross & Co., LLC |
| Blank Rome LLP | Marc E. Richards | The Chrylser Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | 212-885-5002 | mrichards@blankrome.com | Counsel for DENSO International America, Inc. |
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | mrr@previant.com | Counsel for International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Riemer & Braunstein LLP | Mark S. Scott | Three Center Plaza | | Boston | MA | 02108 | | 617-523-9000 | 617-880-3456 | mscott@riemerlaw.com | Counsel for ICX Corporation |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | 816-691-3495 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Varnum, Riddering, Schmidt & Howlett LLp | Michael S. McElwee | Bridgewater Place | P.O. Box 353 | Grand Rapids | MI | 49501-0352 | | 616-336-6827 | 616-336-7000 | msmcelwee@varnumlaw.com | Counsel for Furukawa Electric North America APD |
| Kelley Drye & Warren, LLP | Mark. R. Somerstein | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | 212-808-7897 | msomerstein@kelleydrye.com | Counsel for the Pension Benefit Guaranty Corporation |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | 626-577-7764 | mtf@afrct.com | Counsel for Stanley Electric Sales of America, Inc. |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | | 313-496-1200 | 313-496-1300 | murph@berrymoorman.com | Counsel for Kamax L.P.; Optrex America, Inc. |
| Fox Rothschild LLP | Michael J. Viscount, Jr. | 1301 Atlantic Avenue | Suite 400 | Atlantic City | NJ | 08401-7212 | | 609-348-4515 | 609-348-6834 | mviscount@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Swidler Berlin LLP | Matthew W. Cheney | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | | 202-424-7500 | 202-424-7645 | macheney@swidlaw.com | Counsel for Westwood Associates, Inc.; Sanders Lead Co. |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | mwinthrop@winthropcouchot.com | Counsel for Metal Surfaces, Inc. |
| Schiffrin & Barroway, LLP | Michael Yarnoff | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7056 | 610-667-7706 | myarnoff@sbclasslaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raiffeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Schiff Hardin LLP | Michael Yetnikoff | 623 Fifth Avenue | 28th Floor | New York | NY | 10022 | | 212-753-5000 | 212-753-5044 | myetnikoff@schiffhardin.com | Counsel for  Means Industries |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | 212-309-6001 | mzelmanovitz@morganlewis.com | Counsel for Hitachi Chemical (Singapore) Pte. Ltd. |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | Japan | 100-8322 | | | 81-3-3286-3919 | niizeki.tetsuhiro@furukawa.co.jp | Legal Department of The Furukawa Electric Co., Ltd. |
| Cornell University | Nancy H. Pagliaro | Office of University Counsel | 300 CCG Building, Garden Avenue | Ithaca | NY | 14853-2601 | | 607-255-5124 | 607-254-3556 | nlph4@cornell.edu | Paralegal/Counsel for Cornell University |
| Gazes LLC | Eric Wainer | 32 Avenue of the Americas | Suite 1800 | New York | NY | 10013 | | 212-765-9000 | 212-765-9675 | office@gazesllc.com | Counsel to Setech, Inc. |
| WL Ross & Co., LLC | Oscar Iglesias | 600 Lexington Avenue | 19th Floor | New York | NY | 10022 | | 212-826-1100 | 212-317-4893 | oiglesias@wlross.com | Counsel for WL. Ross & Co., LLC |
| Squire, Sanders & Dempsey L.L.P. | Penn Ayers Butler | 600 Hansen Way | | Palo Alto | CA | 94304 | | 650-856-6500 | 650-843-8777 | pabutler@ssd.com | Counsel for Furukawa Electric Co., Ltd. And Furukawa Electric North America, |
| Quadrangle Group LLC | Patrick Bartels | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1748 | 866-552-2052 | patrick.bartels@quadranglegroup | Counsel to Quadrangle Group LLC |

2002 Email Service

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | 404-892-7056 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Jaffe, Raitt, Heuer & Weiss, P.C. | Paige E. Barr | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | | 248-351-3000 | 248-351-3082 | pbarr@jaffelaw.com | Counsel for Trutron Corporation |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | 617-574-4112 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Bialson, Bergen & Schwab | Patrick M. Costello, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | pcostello@bbslaw.com | Solectron Corporation; Solectron de Mexico SA de CV; Solectron Invotronics and Coherent, Inc. |
| Akin Gump Strauss Hauer & Feld, LLP | Peter J. Gurfein | 2029 Centure Park East | Suite 2400 | Los Angeles | CA | 90067 | | 310-552-6696 | 310-229-1001 | pgurfein@akingump.com | Counsel for Wamco, Inc. |
| Zeichner Ellman & Krause LLP | Peter Janovsky | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | pjanovsky@zeklaw.com | Counsel for Toyota Tsusho America, Inc. |
| Barnes & Thornburg LLP | Patrick E. Mears | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3936 | 616-742-3999 | pmears@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | Pretekin@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Company |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | 212-545-3360 | prubin@herrick.com | Counsel for Canon U.S.A., Inc. |
| Pitney Hardin LLP | Ronald S. Beacher | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | 212-682-3485 | rbeacher@pitneyhardin.com | Counsel for IBJTC Business Credit Corporation |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | 520-879-4705 | rcharles@lrlaw.com | Counsel for Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Morris, Nichols, Arsht and Tunnell | Robert J. Dehney | PO Box 1347 | | Wilmington | DE | 19899-1347 | | 302-658-9200 | 302-658-3989 | rdehney@mnat.com | Counsel for Chicago Miniature Optoelectronic Technologies, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk, Esq. | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | 213-612-2501 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Swidler Berlin LLP | Roger Frankel | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | | 202-424-7500 | 202-424-7645 | rfrankel@swidlaw.com | Counsel for Sanders Lead Co. |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | RGMason@wlrk.com | Counsel for Capital Research and Management Company |
| Sotiroff & Abramczyk, P.C. | Robert M. Goldi | 30400 Telegraph Road | Suite 444 | Bingham Farms | MI | 48025 | | 248-642-6000 | 248-642-9001 | rgoldi@sotablaw.com | Counsel for  Michigan Heritage Bank; MHB Leasing, Inc. |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | 313-965-8252 | rgordon@clarkhill.com | Counsel for ATS Automation Tooling Systems Inc. |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | 202-778-2641 | rgriffin@iuoe.org | Counsel for International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 11 |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | 713-654-1871 | rhett.campbell@tklaw.com | Counsel for STMicroelectronics, Inc. |
| Swidler Berlin LLP | Richard H. Wyron | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | | 202-424-7737 | 202-424-7645 | rhwyron@swidlaw.com | Counsel for Westwood Associates, Inc. |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | richard.epling@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | 410-580-3001 | richard.kremen@dlapiper.com | Counsel for Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | rjones@bccb.com | Counsel for Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Vorys, Sater, Seymour and Pease LLP | Robert J. Sidman, Esq. | 52 East Gay Street | P.O. Box 1008 | Columbus | OH | 43216-1008 | | 614-464-6422 | 614-719-8676 | rjsidman@vssp.com | |
| Stein, Rudser, Cohen & Magid LLP | Robert F. Kidd | 825 Washington Street | Suite 200 | Oakland | CA | 94607 | | 510-287-2365 | 510-987-8333 | rjsidd@srcm-law.com | Counsel for Excel Global Logistics, Inc. |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | 313-393-7579 | rmcdowell@bodmanllp.com | Counsel for Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |
| Pitney Hardin LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | 973-966-1015 | rmeth@pitneyhardin.com | Counsel for Marshall E. Campbell Company |
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | robert.goodrich@stites.com | Counsel to Setech, Inc. |

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Waller Lansden Dortch & Davis, PLLC | Robert J. Welhoelter, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | robert.welhoelter@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | robin.spear@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | 312-840-7381 | rpeterson@jenner.com | Counsel for SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC and Tenneco Inc. |
| Curtin & Heefner, LLP | Robert Szwajkos | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | rsz@curtinheefner.com | Counsel for SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | 225-757-7674 | rthibeaux@shergarner.com | Counsel for Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | 504-299-2300 | rthibeaux@shergarner.com | Counsel for Gulf Coast Bank & Trust Company |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | 212-825-9414 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 4000 Fountain Place | 1445 Ross Avenue | Dallas | RX | 75202-2790 | | 214-855-7590 214-855-7561 214-855-7587 | 214-978-4374 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel for Texas Instruments Incorporated |
| Cahill Gordon & Reindel LLP | Robert Usadi | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 212-269-5420 | rusadi@cahill.com | Counsel to Engelhard Corporation |
| **Carson Fischer, P.L.C.** | **Robert A. Weisberg** | **300 East Maple Road** | **Third Floor** | **Birmingham** | **MI** | **48009-6317** | | **248-644-4840** | **248-644-1832** | **rweisberg@carsonfischer.com** | **Counsel for Cascade Die Casting Group, Inc.** |
| Honigman, Miller, Schwartz and Cohn, LLP | Robert B. Weiss, Frank L. Gorman | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | | 313-465-7000 | 313-465-8000 | rweiss@honigman.com fgorman@honigman.com | Counsel for General Motors Corporation |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | 212-918-3100 | sagolden@hhlaw.com | Counsel for XM Satellite Radio Inc. |
| Miller Johnson | Thomas P. Sarb Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748 616-831-1726 | 616-988-1748 616-988-1726 | sarb@millerjohnson.com wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Nathan, Neuman & Nathan, P.C. | Susanna C. Brennan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | sbrennan@nathanneuman.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership via Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | scargill@lowenstein.com | Counsel for Cerberus Capital Management, L.P.; AT&T Corporation |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | 415-227-0770 | schristianson@buchalter.com | Counsel for Oracle USA, Inc.; Oracle Credit Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | sdonato@bsk.com | Counsel for Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Clark Hill PLC | Seth A. Drucker | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | sdrucker@clarkhill.com | Counsel for BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Bernstein Litowitz Berger & Grossman | John P. Coffey | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1409 | 2125541444 | sean@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Daniels & Kaplan, P.C. | Jay Selanders | 2405 Grand Boulevard | Suite 900 | Kansas City | MO | 64108-2519 | | 816-221-3086 | 816-221-3006 | selanders@danielsandkaplan.com | Counsel for DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrysler Canada, Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | 602-734-3824 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Quarles & Brady Streich Lang LLP | Scott R. Goldberg | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | sgoldber@quarles.com | Counsel for Semiconductor Components Industries, Inc. |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | Carnegie Hall Tower | 152 West 57th Street, 35th Street | New York | NY | 10019 | | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Schiffrin & Barroway, LLP | Sean M. Handler | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7706 | 610-667-7056 | shandler@sbclasslaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Steinberg Shapiro & Clark | Mark H. Shapiro | 24901 Northwestern Highway | Suite 611 | Southfield | MI | 48075 | | 248-352-4700 | 248-352-4488 | shapiro@steinbergshapiro.com | Counsel for Bing Metals Group, Inc.; Gentral Transport International, Inc.; Crown Enerprises, Inc.; Economy Transport, Inc.; Logistics Insight Corp (LINC); Universal Am-Can, Ltd.; Universal |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | 908-898-4133 | sharon.petrosino@hp.com | Counsel for Hewlett-Packard Financial Services Company |
| Otterbourg, Steindler, Houston & Rosen, | Scott L. Hazan | 230 Park Avenue | | New York | NY | 10169 | | 212-661-9100 | 212-682-6104 | shazan@oshr.com | Counsel for Sharp Electronics Corporation |
| Hunton & Wiliams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | sholmes@hunton.com | Counsel for RF Monolithics, Inc. |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | sjennik@kimlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communications Workers of America |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | 212-755-7306 | sjfriedman@jonesday.com | Counsel for WL. Ross & Co., LLC |
| Kieselstein Lawfirm PLLC | Steve Kieselstein | 43 British American Boulevard | | Latham | NY | 12110 | | 518-785-7800 | 518-785-7851 | sk@kieselaw.com | Counsel for NEC Electronics America, Inc. |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | skrause@zeklaw.com | Counsel for Toyota Tsusho America, Inc. |
| Lambert, Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | | smcook@lamberteser.com | Counsel for Linamar Corporation |
| Grant & Eisenhofer P.A. | Sharan Nirnul | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | 302-622-7100 | snirnul@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | sokeefe@winthropcouchot.com | Counsel for Metal Surfaces, Inc. |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | 330-497-4020 | sosimmerman@kwgd.com | Counsel to for Millwood, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6065 | 212-697-1559 | sreisman@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Phillips Nizer LLP | Sandra A. Riemer, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | 860-727-0361 | srosen@cb-shea.com | Counsel for Floyd Manufacturing Co., Inc. |
| McDermott Will & Emery LLP | Stephen B. Selbst | 50 Rockefeller Plaza | | New York | NY | 10020 | | 212-547-5400 | 212-547-5444 | sselbst@mwe.com | Counsel for National Semiconductor Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Stephen J. Shimshak | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3133 | 212-373-2136 | sshimshak@paulweiss.com | Counsel for Ambrake Corporation |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Nix, Patterson & Roach, L.L.P. | Susan Whatley | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | susanwhatley@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employees Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Ajamie LLP | Thomas A. Ajamie | 711 Louisiana | Suite 2150 | Houston | TX | 77002 | | 713-860-1600 | 713-860-1699 | tajamie@ajamie.com | Counsel for SANLUS Rassini International, Inc.; Rassini, S.A. de C.V. |

2002 Email Service

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Gratz, Miller & Brueggeman, S.C. | Timothy C. Hall | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | tch@previant.com | Counsel for International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | 212-422-6836 | tdonovan@finkgold.com | Counsel for Pillarhouse (U.S.A.) Inc. |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | tgaa@bbslaw.com | Counsel to Veritas Software Corporation |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | tkennedy@kimlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | 412-209-1837 | tmaxson@cohenlaw.com | Counsel for Nova Chemicals, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | 419-255-9121 | tomschank@hunterschank.com | Counsel for ZF Group North America Operations, Inc. |
| **Vorys, Sater, Seymour and Pease LLP** | **Tiffany Strelow Cobb** | **52 East Gay Street** | | **Columbus** | **OH** | **43215** | | **614-464-8322** | **614-719-4663** | **tscobb@vssp.com** | **Counsel for America Online, Inc. and its Subsidiaries and Affiliates** |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | vdagostino@lowenstein.com | Counsel for AT&T Corporation |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Steven M. Wachstein | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | swachstein@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Company |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 | 502-779-8274 | wbeard@stites.com | Counsel to WAKO Electronics (USA), Inc. and Ambrake Corporation |
| Barnes & Thornburg LLP | Michael K. McCrory Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | wendy.brewer@btlaw.com michael.mccrory@btlaw.com | Counsel for Gibbs Die Casting Corporation |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | 617-946-4801 | whanlon@seyfarth.com | Counsel for le Belier/LBQ Foundry S.A. de C.V. |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | 212-407-4990 | whawkins@loeb.com | Counsel for Industrial Ceramics Corporation |
| Morgan, Lewis & Bockius LLP | William C. Heuer, Esq. | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | 212-309-6001 | wheuer@morganlewis.com | Counsel to Sumitomo Corporation |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | William J. Barrett | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | | 312-629-5170 | 312-984-3150 | william.barrett@bfkpn.com | Counsel for Motion Industries, Inc. |
| Schiff Hardin LLP | William I. Kohn | 6600 Sears Tower | | Chicago | IL | 60066 | | 312-258-5500 | 312-258-5600 | wkohn@schiffhardin.com | Counsel for Means Industries |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | 716-856-5510 | wsavino@damonmorey.com | Counsel for Relco, Inc.; The Durham Companies, Inc. |
| Ajamie LLP | Wallace A. Showman | 1350 Avenue of the Americas | 29th Floor | New York | NY | 10019 | | 212-246-6820 | 212-581-8958 | wshowman@ajamie.com | Counsel for SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |

# **<u>EXHIBIT C</u>**

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Andrews Kurth LLP | Gogi Malik | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | 214-659-4400 | 214-659-4401 | | Counsel for ITW Mortgage Investments IV, Inc. |
| Cage Williams & Abelman, P.C. | Steven E. Abelman | 1433 Seventeenth Street | | Denver | CO | 80202 | 303-295-0202 | | | Counsel for United Power, Inc. |
| Calinoff & Katz, LLp | Dorothy H. Marinis-Riggio | 140 East 45th Street | 17th Floor | New York | NY | 10017 | 212-826-8800 | 212-644-5123 | | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | 313-965-8300 | 313-965-8252 | | Counsel for BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| **Colbert & Winstead, P.C.** | **Amy Wood Malone** | **1812 Broadway** | | **Nashville** | **TN** | **37203** | **615-321-0555** | **615-321-9555** | | **Counsel for Averitt Express, Inc.** |
| Frank D. Jones | | 158 New York Circle Cr. | | Whitesburg | KY | 41858-9122 | | | | |
| HAL/ERC-Legal | Tillie Lim, Esq. | 50 Prospect Avenue | | Tarrytown | NY | 10591 | | | | Counsel for Hitachi Automotive Products (USA), Inc. |
| Harris D. Leinwand | Harris D. Leinwand | 350 Fifth Avenue | Suite 2418 | New York | NY | 10118 | 212-725-7338 | 212-244-6219 | | Counsel for Baker Hughes Incorporated; Baker Petrolite Corporation |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | 303-957-4254 | 303-957-2098 | | Representative for Madison Capital Management |
| **Masuda Funai Eifert & Mitchell, Ltd.** | **Gary D. Santella** | **203 North LaSalle Street** | **Suite 2500** | **Chicago** | **IL** | **60601-1262** | **312-245-7500** | **312-245-7467** | | **Counsel for NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; Hosiden America Corporation and Samtech Corporation** |
| Mayer, Brown, Rowe & Maw LLP | Raniero D'Aversa, Jr. | 1675 Broadway | | New York | NY | 10019 | 212-262-1910 | 212-506-2500 | | Counsel for Bank of America, N.A. |
| Mayer, Brown, Rowe & Maw LLP | Jeffrey G. Tougas | 1675 Broadway | | New York | NY | 10019 | 212-262-1910 | 212-506-2500 | | Counsel for Bank of America, N.A. |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | 212-609-6800 | 212-609-6921 | | Counsel to Ward Products, LLC |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | 301-699-5800 | | | Counsel for Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | 301-699-5800 | | | Counsel for Prince George County, Maryland |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | 313-456-0140 | | | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raternink | PO Box 30736 | | Lansing | MI | 48909-7717 | 517-373-1820 | 517-373-2129 | | Assistant Attorney General for Worker's Compensation Agency |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | 517-373-1820 | 517-373-2129 | | Attorney General for Worker's Compensation Agency |

In re Delphi Corporation et al.
Case No. 05-44481 (RDD)

1 of 3

1/3/20068:19 AM

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | 410-385-3418 | 410-385-3700 | | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miles & Stockbridge, P.C. | Kerry Hopkins | 10 Light Street | | Baltimore | MD | 21202 | 410-385-3418 | 410-385-3700 | | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | 616-977-0077 | 616-977-0529 | | Counsel for Lankfer Diversified Industries, Inc. |
| Noma Company and General Chemical Performance Products LLC | James Imbriaco | 90 East Halsey Road | | Parsippanny | NJ | 07054 | 973-884-6952 | 973-515-3244 | | |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | 478-742-8706 | 478-746-4488 | | Office of the Chapter 13 Trustee |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | 313-456-0140 | | | Assistant Attorney General for State of Michigan, Department of Treasury |
| Professional Technologies Services | John V. Gorman | P.O. Box #304 | | Frankenmuth | MI | 48734 | 989-385-3230 | 989-754-7690 | | Corporate Secretary for Professional Technologies Services |
| Schulte Roth & Sabel LLP | Carol Weiner Levy | 919 Third Avenue | | New York | NY | 10022 | 212-756-2000 | 212-595-5955 | | Counsel for D.C. Capital Partners, L.P. |
| Sonnenschein Nath & Rosenthal LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | 212-768-6700 | 212-768-6800 | | Counsel for Molex, Inc. and INA USA, Inc. |
| Sonnenschein Nath & Rosenthal LLP | Jo Christine Reed | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | 212-768-6700 | 212-768-6800 | | Counsel for Molex, Inc. and INA USA, Inc. |
| Sonnenschein Nath & Rosenthal LLP | Robert E. Richards | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | 312-876-8000 | 312-876-7934 | | Counsel for Molex, Inc. and INA USA, Inc. |
| The Timpken Corporation BIC - 08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706 | | | | Representative for Timken Corporation |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | 616-752-2158 | | | Counsel for Behr Industries Corp. |
| White & Case LLP | John K. Cunningham | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | 212-819-8200 | | | Counsel for Appaloosa Management, LP |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | 617-542-3000 | 617-542-3001 | knorthrup@ku | Counsel for Parlex Corporation |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | 516-227-6300 | 516-227-6307 | gettelman@e-hlaw.com | Counsel for Jon Ballin |
| Arnall Golden Gregory LLP | Heath J. Vicente | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | 404-873-8682 | 404-8738683 | heath.vicente | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Bernstein Litowitz Berger & Grossman | Eileen McNerney | 1285 Avenue of the Americas | | New York | NY | 10019 | 212-554-1485 | 212-554-1444 | emcnerney@b | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lord, Bissel & Brook LLP | Kevin J. Walsh / Rocco N. Covino | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | 212-947-8304 / 212-947-8340 | 212-947-1202 | kwalsh@lordb issel.com / rcovino@lord bissel.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Lord, Bissel & Brook | Timothy W. Brink | 115 South LaSalle Street | | Chicago | IL | 60603 | 312-443-1832 | 312-443-086-6432 | tbrink@lordbis | Counsel for Sedgwick Claims Management Services, Inc. |
| Lord, Bissel & Brook | Timothy S. McFadden | 115 South LaSalle Street | | Chicago | IL | 60603 | 312-443-0370 | 312-896-6394 | tmcfadden@lo | Counsel for Methode Electronics, Inc. |

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | 313-465-7548 | 313-465-7549 | tsable@honigm | Counsel for Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | 419-867-8900 | 419-867-8909 | egc@leydenlaw.com | Counsel for Metro Fibres, Inc. |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | | hborin@schafe | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Max Newman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | | mnewman@sc | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | | rheilman@sch | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | | dweiner@scha | Counsel for Dott Industries, Inc. |
| Akebono Corporation (North America) | Alan Swiech | 34385 Twelve Mile Road | | Farminton Hills | MI | 48331 | 248-489-7406 | 866-609-0888 | aswiech@ake | Vice President of Administration for Akebono Corporation |
| Miami-Dade County, FL | April Burch | 140 West Flagler Street | Suite 1403 | Miami | FL | 33130 | 305-375-5314 | 305-375-1142 | aburch@miamidade.gove | Paralegal Collection Specialist for Miami-Dade County |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | 207-791-1100 | 207-791-1350 | kcunningham@ | Counsel for FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |

In re Delphi Corporation et al.
Case No. 05-44481 (RDD)

3 of 3

1/3/20068:19 AM

# **<u>EXHIBIT D</u>**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

333 West Wacker Drive, Suite 2100

Chicago, Illinois 60606

(312) 407-0700

John Wm. Butler, Jr. (JB 4711)

David E. Springer (DS 9331)

John K. Lyons (JL 4951)

Ron E. Meisler (RM 3026)

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

Four Times Square

New York, New York 10036

(212) 735-3000

Kayalyn A. Marafioti (KM 9632)

Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:

Toll Free: (800) 718-5305

International: (248) 813-2698

Delphi Legal Information Website:

http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : |  |
|  | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | (Jointly Administered) |
|  | : |  |
| Debtors. | : | Case No. 05-44481 (RDD) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEBTORS' OBJECTION TO LEAD PLAINTIFFS' MOTION FOR
## LIMITED MODIFICATION OF AUTOMATIC STAY

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"), hereby respectfully submit this objection to Lead Plaintiffs' Motion for a

Limited Modification to the Automatic Stay, dated November 15, 2005 (the "Mo-

tion"). In support of this Objection, the Debtors respectfully represent as follows:

### Preliminary Statement

1.    The Teachers' Retirement System of Oklahoma, Public Employ-

ees' Retirement System of Mississippi, Raiffeisen Kapitalanlage-Gesellschaft m.b.H

and Stichting Pensioenfonds ABP, are lead plaintiffs of a putative class (the "Lead

Plaintiffs") in the securities class action entitled In re Delphi Corp. Securities

Litigation, Master File No. 1:05-CV-2637 (NRB)(S.D.N.Y.) (the "Securities Litiga-

tion").[1]

---

[1]    Lead Plaintiffs filed their Consolidated Amended Complaint in the Securities Litigation on
September 30, 2005. It names as defendants, among others, Delphi, John D. Sheehan,
Delphi's Chief Restructuring Officer, and seven of Delphi's current directors: Messrs. Brust,
Bernardes, Opie, Colbert, Farr, Gottschalk, and Irimajiri. On November 18, 2005, Judge
Buchwald, who was then presiding over the Securities Litigation, entered a revised schedul-
ing order calling for the filing of motions to dismiss on or before January 11, 2006. See
Order, In re Delphi Corp. Sec. Lit., Master File No. 1:05-CV-2637 (NRB) (S.D.N.Y. Nov.
18, 2005) (attached hereto under Tab-A). On December 12, 2005, the Judicial Panel on
Multidistrict Litigation ordered that all of the securities cases against Delphi, including the
Securities Litigation theretofore pending before Judge Buchwald, be transferred to the docket
of Hon. Gerald E. Rosen of the United States District Court for the Eastern District of
Michigan for consolidated or coordinated pretrial proceedings. See Order, In re Delphi Corp.
Securities, Derivative & ERISA Litigation, M.D.L. No. 1725 (J.P.M.L. Dec. 12, 2005)
(continued...)

2

2.    On November 30, 2005, Lead Plaintiffs filed the Motion seeking to modify the automatic stay to allow them to obtain (i) copies of all the documents gathered in connection with the internal investigation conducted by the Audit Committee of the Delphi Board of Directors, and (ii) copies of all documents Delphi produced to the government in conjunction with the SEC or FBI's investigations.

3.    The Motion should be denied because Lead Plaintiffs have failed to show sufficient "cause" to modify the automatic stay at this time. The only "cause" for modifying the stay that Lead Plaintiffs have advanced is their claimed need to obtain discovery of the Debtors for purposes of prosecuting the Securities Litigation. That "cause," however, is not one that the law considers valid— at least not now. The Private Securities Litigation Reform Act of 1995 (PSLRA) provides that, in securities class actions, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B).  Lead Plaintiffs' Consolidated Amended Complaint in the Securities Litigation is subject to

---

[1]    (...continued)
(attached hereto under Tab-B).  The court advised the parties that Judge Rosen would issue a notice of a status conference in January 2006, and that counsel should consider the scheduling order issued by Judge Buchwald as suspended.  The Debtors will file their motion to dismiss in accordance with the new schedule that will be set by Judge Rosen at the status conference.

upcoming motions to dismiss.[2] Congress has legislatively determined that securities

class-action plaintiffs may not obtain discovery pending a motion to dismiss except

in narrow circumstances and upon specific findings by the District Court hearing

their case. Accordingly, unless and until they obtain permission to proceed with

discovery from the District Court, Lead Plaintiffs have no legitimate cause to seek

modification of the automatic stay here.

       4.     This Court should deny Lead Plaintiffs' motion without

prejudice and require them first to take up the question of discovery of the Debtors

with the District Court supervising the Securities Litigation. If the District Court

finds—after notice to and an opportunity to be heard by all the parties to the

Securities Litigation—that "particularized discovery" of the Debtors "is necessary to

preserve evidence or to prevent undue prejudice" to Lead Plaintiffs, as required by

the PSLRA, then Lead Plaintiffs may return here. If the Debtors do not agree to

participate in that discovery, in light of the facts and circumstances existing at that

time, then Lead Plaintiffs may renew their present application to this Court. They

---

[2]    The PSLRA Stay comes into effect whenever a defendant indicates that a motion to dismiss
will be filed—as is the case in the Securities Litigation. See Faulkner v. Verizon Communi-
cations, Inc., 156 F. Supp. 2d 384, 402 (S.D.N.Y. 2001) (staying discovery pursuant to
PSLRA based upon defendant's representation of intent to file motion to dismiss); Global
Intellicom, Inc. v. Thomson Kernaghan & Co., No. 99 Civ 342, 1999 WL 223158 at *1
(S.D.N.Y. April 16, 1999) (noting discovery had been stayed because defendant had
indicated that it would be filing motion to dismiss); In re Trump Hotel Shareholder
Derivative Litig., No. 96 Civ. 7820, 1997 WL 442135, at *1-2 (S.D.N.Y. Aug. 5, 1997)
(holding that stay under PSLRA applied when defendant had represented its intent to file
motion to dismiss and delayed filing was on account of schedule that parties agreed to).

may then be able to demonstrate "cause" to modify the stay. It is only then that

Debtors should be called upon to meet their burden of proving that the stay should

remain unmodified. This approach gives effect to the policies underlying the PSLRA,

accords the defendants in the Securities Litigation meaningful notice and an opportu-

nity to be heard regarding Lead Plaintiff's efforts to lift the PSLRA stay, and leaves

the ultimate decision concerning a matter that bears upon the administration of the

Debtors' estates where it belongs–with this Court.

<u>Argument</u>

5.    The automatic stay imposed by section 362 of the Bankruptcy

Code is one of the most fundamental and significant protections that the Bankruptcy

Code affords a debtor. <u>See</u> <u>Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.</u>, 474

U.S. 494, 503 (1986); <u>see</u> <u>also</u> <u>In re Drexel Burnham Lambert Group Inc.</u>, 113 B.R.

830, 837 (Bankr. S.D.N.Y. 1990) ("Automatic stay is key to the collective and

preservative nature of a bankruptcy proceeding."). The automatic stay is designed,

among other things, to give the debtor a breathing spell after the commencement of a

chapter 11 case, to shield debtors from creditor harassment, and to provide them a

refuge from hectoring litigants when their personnel should be focusing on restructur-

ing. <u>See</u> <u>Taylor v. Slick</u>, 178 F.3d 698, 702 (3d Cir. 1999).

5

6.      The automatic stay broadly extends to all matters that may have an effect on a debtor's estate, enabling bankruptcy courts to ensure that debtors have the opportunity to rehabilitate and reorganize their business. See Manville Corp. v. Equity Sec. Holders Comm. (In re Johns-Manville Corp.), 801 F.2d 60, 62-64 (2d Cir. 1986); see also Fid. Mortgage Investors v. Camelia Builders, Inc., 550 F.2d 47, 53 (2d Cir. 1976) ("Such jurisdiction is necessary to exclude any interference by the acts of others or by proceedings in other courts where such activities or proceedings tend to hinder the process of reorganization.'") (citation omitted); AP Indus., Inc. v. SN Phelps & Co. (In re AP Indus., Inc.), 117 B.R. 789, 798 (Bankr. S.D.N.Y. 1990) ("The automatic stay prevents creditors from reaching the assets of the debtor's estate piecemeal and preserves the debtor's estate so that all creditors and their claims can be assembled in the bankruptcy court for a single organized proceeding.").

7.      In Sonnax Indus. v. Tri Component Prods. Corp. (In re Sonnax Indus.), 907 F.2d 1280, 1285 (2d Cir. 1990), the Court of Appeals explained the burden-shifting regime that applies to a motion to modify the automatic stay:

> The burden of proof on a motion to lift or modify the automatic stay is a shifting one. Section 362(d)(1) requires an initial showing of cause by the movant, while Section 362(g) places the burden of proof on the debtor for all issues other than "the debtor's equity in property," 11 U.S.C. § 362(g)(1). See 2 Collier on Bankruptcy para. 362.10, at 362-76. If the movant fails to make an initial showing of cause, however, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection.

6

8.      Because Lead Plaintiffs have failed to make the required thresh-

old showing of a valid "cause" to modify the automatic stay, their motion should be

denied, without requiring any further showing by the Debtors. Even had Lead

Plaintiffs shown a valid cause, however, the pertinent considerations weigh in favor

of preserving the Debtors' continued protection of the automatic stay.

A.      <u>Lead Plaintiffs Have Not Shown Valid Cause To Modify The Automatic
        Stay.</u>

9.      In a tacit concession that they actually have no valid cause, Lead

Plaintiffs' Motion fails expressly to identify the cause they contend warrants

modification of the automatic stay. There is no doubt, however, about the <u>purpose</u>

behind their Motion: they want to obtain documents from the Debtors to use to

prosecute the Securities Litigation. What Lead Plaintiffs have not said—but which is

implicit in their Motion and incontrovertible—is that they want the Debtors'

documents *now* to enable them to resist the motions to dismiss they know are

coming in the Securities Litigation.

10.     Lead Plaintiffs' true purpose can also be seen in other steps they

have taken during this litigation, including, but not limited to, their efforts to obtain

document and deposition discovery purportedly in support of their objections to the

Debtors' application to retain Deloitte & Touche LLP and to the Debtors' KECP

Motion. Lead Plaintiffs have frankly acknowledged that such discovery is intended

7

to help them "get smart"—as they have said—on their case in the Securities Litiga-

tion.  Lead Plaintiffs' Motion and the other objections filed are clearly a coordinated

attempt to circumvent the mandates of the automatic stay and the PSLRA stay and

specifically tailored to further their interests in the Securities Litigation.  Moreover,

"getting smart" about claims about which they should have had sufficient basis before

they filed them—all in the course of evading the operations of an Act of Congress

designed to crack down on abusive securities class actions—should not be a "cause"

that bankruptcy courts recognize as sufficient for purposes of lifting the automatic

stay imposed by section 362.

11.    Providing securities plaintiffs with evidence to use in resisting

motions to dismiss their class action complaint is not, however, a valid cause to

modify the automatic stay. In fact, Congress has declared that purpose invalid by

enacting 15 U.S.C. § 78u-4(b)(3)(B), the stay provision of the PSLRA. Congress

passed this law in response to testimony about two related abuses in securities class

action lawsuits. First, Congress heard testimony that "[t]he cost of discovery often

forces innocent parties to settle frivolous securities class actions." H.R. Conf. Rep.

No. 104-369, at 37 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 736. Second,

Congress learned that "plaintiffs sometimes file frivolous lawsuits in order to conduct

discovery in hopes of finding a sustainable claim not alleged in the complaint." S.

8

Rep. No. 104-98, at 14 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 693. The stay

provision in the PSLRA deters these so-called "strike suits" and "fishing expeditions"

by mandating that, aside from certain exceptional circumstances, "discovery . . . be

permitted . . . only after the court has sustained the sufficiency of the complaint." Id.


12.    Without more, a plaintiff's inability to muster facts sufficient to

survive motions to dismiss is not grounds for lifting the stay on discovery imposed

by the PSLRA. See SG Cowen Sec. Corp. v. United States Dist. Court for the N.

Dist. of Cal., 189 F.3d 909, 912-13 (9th Cir. 1999) ("[T]he district court granted

plaintiffs leave to conduct discovery so that they might uncover facts sufficient to

satisfy the Act's pleading requirements. This is not a permissible reason for lifting

the discovery stay under the Act.").  See Medhekar v. United States Dist. Court for

the N. Dist. of Cali., 99 F.3d 325, 328 (9th Cir. 1996) ("Congress clearly intended

that complaints in these securities actions should stand or fall based on the actual

knowledge of the plaintiffs rather than information produced by the defendants after

the action has been filed."); In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.,

MDL No. 1500, 02 Civ. 5575, at *6 (S.D.N.Y. July 21, 2003) (in denying motion to

lift PSLRA discovery stay, court notes: "Nor can it be assured that plaintiffs will not

attempt to use the discovery materials in opposition to the recently filed motion [to

9

dismiss].") This Court should not, therefore, recognize as "good cause" for modifying

the automatic stay in bankruptcy cases the very same cause that Congress had for

imposing a stay of discovery in securities class-action cases in the first place.

B.      Lead Plaintiffs Should First Obtain Relief From The District Court.

13.    In enacting the stay provision of the PSLRA, Congress also

stipulated the procedure, and standard, that should apply whenever securities class

action plaintiffs seek to obtain discovery pending motions to dismiss.  First, they

must file a "motion" in the District Court, which means that all the parties to the

securities class action receive notice and an opportunity to be heard (in contrast to

Lead Plaintiffs' approach here, under which the other defendants in the Securities

Litigation received neither). Second, plaintiffs' motion must identify the "particular-

ized" discovery that they seek, which means that they cannot simply make a general

request of a party to produce "all documents" relevant to their claims (as Lead

Plaintiffs have done here). Third, they must prove, to the District Court's satisfac-

tion, that the "particularized" discovery is "necessary to preserve evidence or to

prevent undue prejudice" to them (showings that Lead Plaintiffs do not even pretend

to meet here).

14.    Lead Plaintiffs should be required to follow that same procedure

in this case. Before they are heard here, they should first have satisfied the District

Court that the stay of discovery imposed by the PSLRA should be lifted. To do otherwise would subvert the purpose of the PSLRA and enlist this Court in rendering a premature opinion based upon a hypothetical condition that may never come to pass.

15.    Relieving Lead Plaintiffs of their obligation to proceed first in the District Court would also frustrate the purposes of the Bankruptcy Code, for it would effectively result in surrender of this Court's ultimate authority to make decisions concerning the administration of the Debtors' estates. Thus, Lead Plaintiffs say that, once this Court modifies the automatic stay, "[t]he ultimate decision as to whether the Debtor would be required to produce the requested documents would lie with Judge Buchwald [now, Judge Rosen], who is presiding over the Securities Litigation in the District Court." (Motion ¶ 15.)  Lead Plaintiffs have things backwards. The predicate decision of whether Lead Plaintiffs for the putative class should be entitled to ask for discovery of the Debtors lies with the District Court. Under title 11, the "ultimate decision" with regard to whether they should get that discovery—given the facts and circumstances then existing—resides in this Court.

16.    In fact, there should be no doubt but that, were this Court to accede to Lead Plaintiffs' request, this Court's order modifying the automatic stay to allow Lead Plaintiffs' proposed discovery to proceed will be used effectively to

11

render the stay of discovery under the PSLRA a dead letter in this case. Should this

Court grant Lead Plaintiffs' requests here, plaintiffs in the ERISA and derivative

actions against Delphi and its fellow defendants in the Securities Litigation–actions in

which the PSLRA stay may not apply–will request similar relief from this Court.[3]

No principled basis for denying them such relief—while granting it to Lead Plain-

tiffs—is apparent. Lead Plaintiffs will then proceed to the District Court and argue

that this Court's orders bring them within the exception to the stay under the

PSLRA.

      17.   Moreover, if this Court grants Lead Plaintiffs their request, one

can easily envision them saying, "Judge Drain has already ruled that there is no

cognizable burden on the Debtors in producing all the documents we have requested,

so no further particularization of our discovery requests need be made. And since

Judge Drain allowed the ERISA and derivative plaintiffs to get the same documents

we want from the Debtors, we will be 'prejudiced' in the prosecution of our cases,

relative to those other plaintiffs, if we don't get them too." Under this approach,

---

[3]     The Debtors reserve their right to argue that the PSLRA stay applies to discovery requests
made in ERISA litigation. <u>See</u> <u>In re AOL Time Warner, Inc. Sec. and "ERISA" Litig.</u>,
2003 WL22227945, at *2 (S.D.N.Y. Sept. 26, 2003) (held in coordinated securities and
ERISA litigation, it is appropriate to stay discovery on plaintiffs' ERISA claims, given that
providing discovery to counsel for ERISA plaintiffs, who subsequently could share fruits of
their discovery with securities plaintiffs, "would render the PSLRA's stay provision a
nullity").

Lead Plaintiffs will have effectively bootstrapped themselves out of both the automatic stay and the stay imposed by the PSLRA.[4]

C.    <u>In All Events, The Sonnax Factors Weigh Against Modifying The Stay.</u>

18.    Even assuming that Lead Plaintiffs had advanced a valid cause to modify the automatic stay, the relevant considerations still weigh in favor of keeping the stay intact to preclude the discovery of the Debtors in the Securities Litigation—at least for the time being.

19.    In <u>Sonnax Industries</u>, the Second Circuit sets forth twelve factors the Court should consider in determining whether to keep the automatic stay intact and in place:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether

---

[4]    Lead Plaintiffs lay heavy emphasis on Judge Gonzalez's decisions in the <u>Enron</u> and <u>WorldCom</u> cases. Those cases are readily distinguishable on their facts—including the fact that guilty pleas by former executives made the securities defendants' motions to dismiss an outside shot at best. The debtors in Enron and WorldCom also do not appear to have made the same arguments that the Debtors have advanced here. In any event, <u>Enron</u> and <u>WorldCom</u> are not binding. <u>See</u> <u>EEOC v. Pan American World Airways</u>, 576 F. Supp. 1530, 1535 (S.D.N.Y. 1984) (district court decisions are not binding even on other district courts in same district); <u>Daly v. Deptula</u> (In re Carrozzella & Richardson), 255 B.R. 267, 271-272 (Bankr. D. Conn. 2000) (held, decisions of Second Circuit Bankruptcy Appellate Panel (BAP), while highly persuasive, are not binding precedent for bankruptcy courts in Second Circuit and judge of bankruptcy court—a unit of the district court—is not bound by decision of single district court judge).

litigation in another forum would prejudice the interests of other
creditors; (8) whether the judgment claim arising from the other action
is subject to equitable subordination; (9) whether movant's success in
the other proceeding would result in a judicial lien avoidable by the
debtor; (10) the interests of judicial economy and the expeditious and
economical resolution of litigation; (11) whether the parties are ready
for trial in the other proceeding; and (12) impact of the stay on the
parties and the balance of harms.

In re Sonnax Indus., 907 F.2d at 1286. All twelve factors will not be relevant in every

case, Mazzeo v. Lenhart (In re Mazzeo), 167 F.3d 139, 143 (2d Cir. 1999), nor must

the Court afford equal weight to each of the twelve factors.  See Burger Boys, Inc. v.

S. St. Seaport Ltd. P'ship (In re Burger Boys, Inc.), 183 B.R. 682, 688 (S.D.N.Y.

1994). Several of the twelve factors are relevant in this case and, as described below,

all weigh heavily in favor of denying the Motion.

       20.    Chief among the relevant considerations are "the interests of

judicial economy and the expeditious and economical resolution of litigation." This

Court simply should not engage in making decisions about modification of the

automatic stay unless and until the antecedent question of Lead Plaintiffs' entitlement

to obtain discovery from the Debtors is decided by the District Court. If the District

Court denies Lead Plaintiffs' request, then this Court will not have to resolve

anything. If Lead Plaintiffs' Consolidated Amended Complaint fails to withstand

motions to dismiss, this Court will not have to modify the stay. In those circum-

stances, not only will the Court's and the litigants' resources be conserved, but the

14

Debtors will not be put to the immense burden of producing a massive amount of documents.[5]

21.    Modification of the stay as requested by Lead Plaintiffs will not result in even a partial resolution of the Securities Litigation. If anything, it may protract the litigation as Lead Plaintiffs attempt to use the Debtors' documents to fashion a complaint that otherwise should be dismissed. In all events, even if this Court modifies the automatic stay now, Lead Plaintiffs will still have to seek permission from Judge Rosen to lift the PSLRA Stay.

22.    Forcing the Debtors, their management, and their counsel to focus now on the nascent Securities Litigation at this stage of these chapter 11 cases will also interfere with the Debtors' attention to more immediate matters, including their negotiations with their unions and the development and implementation of a plan to realign Delphi's global product portfolio and manufacturing footprint to preserve the Debtors' core businesses. The Debtors need to focus on these immediate

---

[5]    Lead Plaintiffs are incorrect that their discovery demands will impose only a trivial burden on the Debtors. All the documents within the categories that they seek will need to be reviewed again not only for privilege, but also to determine whether they contain confidential business information that should be subject to limiting protective orders. Moreover, providing copies of all the documents gathered in connection with the internal investigation conducted by the Audit Committee of the Delphi Board of Directors would be a massive undertaking that would be incredibly burdensome, involving the review of hundreds of thousands of pages, many of which may not be at all relevant. Nevertheless, to the extent this Court determines that an analysis of burden is critical to its adjudication of this matter, the Debtors reserve their right to supplement this objection and to provide evidence in support of the Debtors' burden of producing the requested documents.

significant tasks and develop a comprehensive restructuring plan for their business

and the several hundred thousand creditors and parties-in-interest in these cases. The

Debtors have a lot of work to do and, absent extraordinary circumstances which have

not been shown, they should not be required to spend the time and money entailed in

dealing with Lead Plaintiffs' discovery demands. See In re Pioneer Commercial

Funding Corp., 114 B.R. 45, 48 (Bankr. S.D.N.Y. 1990). It is, in a word, premature

for the Court to consider modification of the stay with respect to the Securities

Litigation at this time.

23.    The Debtors are parties to a multitude of proceedings in

numerous federal and state courts throughout the country. If the stay is lifted for

Lead Plaintiffs at this early stage of these chapter 11 cases, the inevitable result will

be numerous motions by other parties seeking to obtain relief from the automatic

stay, further diverting the Debtors' resources from their reorganization efforts. See,

e.g., LTV Steel Co. v. Bd. Of Education (In re Chateaugay Corp.), 93 B.R. 26, 30

(S.D.N.Y. 1988) (noting that the automatic stay is intended to prevent a "chaotic and

uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceed-

ings in different courts"). Moreover, if Lead Plaintiffs survive motions to dismiss the

Securities Litigation, they will doubtless be back before this Court seeking further

relief from the stay to obtain additional discovery.

16

24.    The parties in the Securities Litigation are nowhere close to being ready for trial. The Securities Litigation was filed approximately nine months ago. Lead Plaintiffs must first survive motions to dismiss before the Securities Litigation can continue. All of the securities cases against Delphi, including the Securities Litigation, were recently transferred to Judge Rosen to be coordinated or consolidated as the court deems appropriate. The putative class has not been certified – in fact, Lead Plaintiffs have not yet filed a motion for class certification. It is obvious that the Securities Litigation is in its infancy and there will be no prejudice in continuing the automatic stay in effect until Judge Rosen has ruled on all motions to dismiss. See Provincetown Boston Airline, Inc. v. Miller, 52 B.R. 620, 624 (Bankr. M.D. Fla. 1985) (denying request to lift automatic stay early in bankruptcy case when discovery had not started in class action at issue).

25.    The balance of the harms weighs squarely in favor of continuing the automatic stay intact. The Motion was filed only 38 days after, and will be heard by this Court less than 90 days after, the commencement of these cases. The Debtors are currently in the critical process of stabilizing their business and addressing the myriad of issues that normally occur at the beginning of a chapter 11 case. The relief requested herein is premature and will serve only to distract the Debtors from the reorganization process. The Securities Litigation, on the other hand, is currently

17

stayed, where discovery will remain stayed until the District Court rules otherwise or the final motions to dismiss are denied. Maintenance of the automatic stay will in no way prejudice Lead Plaintiffs by denying them discovery to which they would not otherwise be entitled.

Notice

26.     Notice of this Objection has been provided in accordance with the Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, and (III) Scheduling An Initial Case Conference In Accordance With Local Bankr. R. 1007-2(e), entered by this Court on October 14, 2005 (Docket No. 245). In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

Memorandum Of Law

27.     Because the legal points and authorities upon which this Objection relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

18

Conclusion

WHEREFORE the Debtors respectfully request that the Court enter

an order (i) denying the Motion and (ii) granting such other relief as is just.

Dated:      New York, New York
            December 29, 2005

                    SKADDEN, ARPS, SLATE, MEAGHER
                    & FLOM LLP

                    By: s/ John Wm. Butler, Jr.
                        John Wm. Butler, Jr. (JB 4711)
                        David E. Springer (DS 9331)
                        John K. Lyons (JL 4951)
                        Ron E. Meisler (RM 3026)
                    333 West Wacker Drive, Suite 2100
                    Chicago, Illinois 60606
                    (312) 407-0700

                            - and -

                    By: s/ Kayalyn A. Marafioti
                        Kayalyn A. Marafioti (KM 9632)
                        Thomas J. Matz (TM 5986)
                    Four Times Square
                    New York, New York 10036
                    (212) 735-3000

                    Attorneys for Delphi Corporation, et al.,
                        Debtors and Debtors-in-Possession

19

NOV-10-2005   16:58

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/21/05

P.004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE DELPHI CORP. SECURITIES            :
LITIGATION                                :
                                          :    MASTER FILE
This Document Relates To: All Actions     :    1: 05-CV-2637 (NRB)
                                          :
                                          :    REVISED SCHEDULING ORDER
                                          ::
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS Lead Plaintiffs filed a Consolidated Amended Complaint on September 30,

2005 that is more than 250 pages and 790 paragraphs long, and which adds several new

defendants to the litigation; and

WHEREAS one or more of the newly added defendants seek additional time to answer or

otherwise respond to the Consolidated Amended Complaint; and

WHEREAS Lead Plaintiffs consent to the requested extension of time and agree to the

revised briefing schedule set forth below; and

WHEREAS all other parties join in seeking, or consent to, the schedule set forth below;

IT IS HEREBY ORDERED THAT Defendants shall file any responsive pleading and/or

motions to dismiss by no later than January 11, 2006; Lead Plaintiffs shall file any opposition to

Defendants' motions by no later than March 15, 2006; and Defendants shall file any reply in

further support of their motions by no later than April 21, 2006.

IT IS FURTHER ORDERED THAT this schedule shall supersede any schedule

previously entered in this litigation, and it is further

IT IS SO ORDERED.

Dated: November 16, 2005
       New York, New York

HON. NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

NUNC
        ↳ ORDERED that the moving memorandum of any defendant or group of
defendants, shall not exceed twenty-five (25) pages and the reply brief of any
defendant or group of defendants shall not exceed ten (10) pages and that the plaintiffs
answering brief shall not exceed seventy-five (75) pages, and it is further
ORDERED that all memoranda shall be in 12 point type.

```
              ********************************
        ***      ERROR TX REPORT      ***
              ********************************


     TX FUNCTION WAS NOT COMPLETED

     TX/RX NO              3775
     CONNECTION TEL                  912125541444
     CONNECTION ID
     ST. TIME              09/23 16:50
     USAGE T               18'51
     PGS. SENT            13
     RESULT               NG        ##0104
```

# FAX COVER SHEET

**DATE:**    September 23, 2005

**TO:**    John P. Coffey, Esq.
Bernstein Litowitz, et al.
FAX:    212-554-1444

**FROM:**    **CHAMBERS OF THE HON. NAOMI REICE BUCHWALD,
UNITED STATES DISTRICT JUDGE;  PHONE # 212-805-0194**

**RE:**    **In re Delphi Corporation Litigation**

**NUMBER OF PAGES TO FOLLOW:**    12̶  16

**MESSAGE:  PLEASE MAIL OR FAX THE ATTACHED
TO ALL COUNSEL IN THIS ACTION.
THANK YOU.**

WHEREAS, on June 27, 2005, the Court appointed the Teachers' Retirement System of Oklahoma, the Public Employees' Retirement System of Mississippi, Stichting Pensioenfonds ABP and Raiffeisen Kapitalanlage-Gesellschaft m.b.H. as Lead Plaintiffs in the above-captioned actions and all related actions consolidated herewith pursuant to Section 21(D)(a)(3) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B);

WHEREAS, on June 27, 2005, the Court approved Lead Plaintiffs' selection of the law firms of Nix, Patterson & Roach, L.L.P., Bernstein Litowitz Berger & Grossmann LLP, Grant & Eisenhofer, P.A., and Schiffrin & Barroway, LLP as Lead Counsel pursuant to Section 21(D)(a)(3)(B)(v) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B)(v);

WHEREAS, Lead Plaintiffs and defendants Delphi Corporation; J.T. Battenberg, III; Alan S. Dawes; Paul R. Free; John Sheehan; Rodney O'Neal; and John G. Blahnik (collectively referred to as the "Defendants"), through their respective counsel, have reached an agreement regarding the dates by which (a) Lead Plaintiffs shall file a Consolidated Amended Complaint and (b) the parties shall file their respective briefs on any motion to dismiss the Consolidated Amended Complaint; and

WHEREAS, the Parties agree that the efficient management of this litigation would be enhanced by entry of formal consolidation procedures.

IT IS HEREBY STIPULATED AND AGREED, by Lead Plaintiffs and Defendants, through their undersigned counsel, as follows:

## I. CONSOLIDATION

1.      The actions listed on the annexed Schedule A and any related actions hereafter filed in, or transferred to this District, are consolidated for all purposes pursuant to Fed. R. Civ.

1

P. 42(a).  These actions shall be referred to collectively as *In re Delphi Corp. Securities Litigation*, Master File No. 1:05-CV 2637 (NRB).

2.     No action taken hereunder shall have the effect of making any person, firm or corporation a party to any action in which the person or entity has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

## II.  MASTER DOCKET AND SEPARATE ACTION DOCKETS

3.     A Master Docket is hereby established for the consolidated proceedings in the actions consolidated herein and any other actions subsequently consolidated with them either for all purposes or for pretrial purposes (the "Consolidated Actions").  Entries in said Master Docket shall be applicable to the Consolidated Actions, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

4.     When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket.  No further copies need be filed nor other docket entries made.

## III.  MASTER FILE AND SEPARATE ACTION FILES

5.     A Master File is hereby established for the consolidated proceedings in the Consolidated Actions.  The Master File shall be Civil Action No. 1:05-CV-2637 (NRB).  The original of this Order shall be filed by the Clerk in the Master File herein established.  The Clerk shall maintain a separate file for each of the Consolidated Actions and filings shall be made therein in accordance with the regular procedures of the Clerk of this Court except as modified by Section II of this Order.  The Clerk shall file a copy of this Order in each such separate file.  The Clerk shall mail a copy of this Order to counsel of record in each of the Consolidated Actions.

2

## IV. NEWLY FILED OR TRANSFERRED ACTIONS

6.      When a class action that relates to the same subject matter as the Consolidated Action is hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be consolidated with these actions in the same manner as the cases identified in Schedule A (provided that any cases transferred to this Court solely for pretrial proceedings shall be consolidated only to that extent absent further order of this Court), except as provided below, and the Clerk of Court shall:

a.      File a copy of this Order in the separate file for such action.

b.      Mail a copy of the Order of assignment to counsel for each defendant in the Consolidated Actions.

c.      Make an appropriate entry in the Master Docket.

d.      Mail to the attorneys for the plaintiff(s) in the newly filed or transferred case a copy of this Order.

e.      Upon the first appearance of any new defendant(s), mail to the attorneys for such defendant(s) in such newly filed or transferred case a copy of this Order.

7.      This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten days after the date on which the Clerk mails a copy of this Order to counsel for that party. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

3

8.      Unless a plaintiff in a subsequently filed or transferred case is permitted by this
Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise
move with respect to that complaint in any such case.

## V.  CAPTIONS

9.      Every pleading filed in the Consolidated Action, and in any separate action
included therein, shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IN RE DELPHI CORP. SECURITIES            :
LITIGATION                                               :        MASTER FILE
                                                                 :        1: 05-CV-2637   (NRB)
This Document Relates To:                       :
                                                                 :
                                                                 :
                                                                 :
                                                                 :
                                                                 :
-----------------------------------------------------------------x

10.     When a pleading is intended to be applicable to all actions to which this Order
applies, the words "All Actions" shall appear immediately after the words "This Document
Relates To:" in the caption.  When a pleading is intended to apply only to less than all of such
actions, the docket number for each individual action to which it is intended to apply and the
name of the plaintiff in said action shall appear immediately after the words "This Document
Relates To:" in the caption.

## VI.  FILING AND DOCKETING

11.     When a paper is filed and the caption shows that it is applicable to all Actions, the
Clerk shall file it in the Master File and note such filing in the Master Docket.  No other docket
entries need be made nor copies filed in other files.

12.     When a paper is filed and the caption shows that it is applicable to less than All Actions, the Clerk shall file the original of the paper in the Master File and a copy in the file of each separate action to which it applies and shall not such filing in the Master Docket and in the docket of each such separate action.  The party filing such paper shall supply the Clerk with sufficient copies of any paper to permit compliance with this paragraph.

## VII.  SCHEDULE

13.     Lead Plaintiffs shall file their Consolidated Amended Complaint by no later than September 30, 2005; and

14.     Defendants shall file any responsive pleading and/or motions to dismiss by no later than December 2, 2005; Lead Plaintiffs shall file any opposition to Defendants' motions by no later than February 3, 2006; and Defendants shall file any reply in further support of their motions by no later than March 10, 2006.

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

Dated: September 8, 2005

By: _____
John P. Coffey (JC-3832)
Hannah E. Greenwald (HG-5189)
Mark D. Debrowski (MD-3968)
1285 Avenue of the Americas
New York, NY 10019
Telephone:    (212) 554-1400
Facsimile:    (212) 554-1444

*Counsel for the Public Employees' Retirement System of Mississippi and Co-Lead Counsel for the Class*

**NIX, PATTERSON & ROACH, L.L.P.**

Bradley E. Beckworth
Jeffrey J. Angelovich
Susan Whatley
205 Linda Drive
Daingerfield, TX 75638
Telephone:    (903) 645-7333
Facsimile:    (903) 645-4415

*Counsel for the Teachers' Retirement System of Oklahoma and Co-Lead Counsel for the Class*

**GRANT & EISENHOFER, P.A.**

Jay W. Eisenhofer (JE-5503)
Sidney S. Liebesman (SL-8444)
45 Rockefeller Center
650 Fifth Avenue
New York, NY 10111
Telephone:    (212) 755-6501
Facsimile:    (212) 755-6503

- and -

6

Geoffrey C. Jarvis
Sharan Nirmul
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone:    (302) 622-7000
Facsimile:    (302) 622-7100

*Counsel for Stichting Pensioenfonds ABP and Co-Lead Counsel for the Class*

**SCHIFFRIN & BARROWAY, LLP**

David Kessler
Michael Yarnoff
Sean M. Handler
Jodi Murland
280 King of Prussia Road
Radnor, PA 19087
Telephone:    (610) 667-7056
Facsimile:    (610) 667-7706

*Counsel for Raiffeisen Kapitalanlage-Gesellschaft m.b.H and Co-Lead Counsel for the Class*

SHEARMAN & STERLING LLP

Dated: September 8, 2005

By: _____
Stuart J. Baskin (SB-9936)
Brian H. Polovoy (BP-4723)
599 Lexington Avenue
New York, NY 10022-6069
Telephone:    (212) 848-4000
Facsimile:    (212) 848-7179

*Counsel for Defendants Delphi Corp, J.T. Battenberg, III, Alan S. Dawes, John Sheehan, Rodney O'Neal, and John G. Blahnik*

7

Dated: September 8, 2005

**PEPPER HAMILTON LLP**

By: _____

Thomas E. Zemaitis (TZ-7168)
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone:    (215) 981-4000
Facsimile:    (215) 981-4750

*Counsel for Defendant Paul R. Free*

**IT IS SO ORDERED:**

Dated: September 23, 2005

The Honorable Naomi Reice Buchwald, U.S.D.J.

8

## SCHEDULE A

*Cox v. Delphi Corp. (f/k/a Delphi Automotive Systems, LLC), et al.*, No. 1:05-CV-2637 (NRB);

*Hillman v. Delphi Corp., et al.* No. 1:05-CV-2732 (NRB);

*Jones v. Delphi Corp., et al.*, No. 1:05-CV-3323 (BSJ);

*Policemen's Annuity & Benefit Fund of Chicago v. Delphi Corp., et al.*, No. 1:05-CV-4476 (NRB)

*Morrison v. Delphi Corp., et al.*, No. 1:05-CV-2656 (NRB); and

*Gaines v. Delphi Corp., et al.*, No. 1:05-CV-3439 (BSJ).

# **EXHIBIT E**

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
Douglas P. Bartner (DB-2301)
William J.F. Roll, III (WR-8996)
Andrew V. Tenzer  (AT-2263)


Special Counsel for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession


Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698


Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                       :
          In re                                        :      Chapter 11
                                                       :
DELPHI CORPORATION, et al.,                            :      Case No. 05-44481 (RDD)
                                                       :
                                   Debtors.            :      (Jointly Administered)
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x


MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 102(1)
AND 105(a), FED. R. BANKR. P. 9006(c) AND LOCAL RULE 9006-1 SHORTENING
TIME PERIOD PRESCRIBED BY THE CASE MANAGEMENT ORDER WITH
RESPECT TO DEBTORS' MOTION (A) TO QUASH TRIAL SUBPOENAS ISSUED TO
MEMBERS OF DEBTORS' AUDIT COMMITTEE AND FOR PROTECTIVE ORDER AND
(B) FOR A PROTECTIVE ORDER TO LIMIT THE SCOPE OF THE DEPOSITION OF
ROBERT DELLINGER TO ONLY THOSE MATTERS PERTAINING DIRECTLY TO
THE DEBTORS' APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT
AND RETENTION OF DELOITTE & TOUCHE LLP


TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:


          Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), file

this motion (this "Motion to Shorten Notice") for an order pursuant to 11 U.S.C. §§ 102(1) and

105(a), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

and Rule 9006-1 of the Local Rules of the United States Bankruptcy Court for the Southern

District of New York (the "Local Rules") shortening the notice required by the case management

order in these chapter 11 cases (Docket No. 245) (the "Case Management Order") with respect to

the Debtors' Motion (A) To Quash Trial Subpoenas Issued To Members Of Debtors' Audit

Committee And For Protective Order And (B) For A Protective Order To Limit The Scope Of

The Deposition Of Robert Dellinger To Only Those Matters Pertaining Directly To The Debtors'

Application For Order Authorizing Employment And Retention of Deloitte & Touche LLP

("Deloitte & Touche") (the "Motion").  A copy of the Motion is being submitted

contemporaneously herewith.  As demonstrated below and in the Affidavit of Andrew V. Tenzer,

a copy of which is attached hereto as Exhibit A, the relief requested herein is warranted.  In

support of this Motion to Shorten Notice, the Debtors respectfully represent as follows:

<u>Background</u>

A.    <u>The Chapter 11 Filings</u>

1.    On October 8, 2005, 39 of 42 Debtors, and on October 14, 2005, the

remaining Debtors, filed voluntary petitions in this Court for reorganization relief under chapter

11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy

Code").  The Debtors continue to operate their businesses and manage their properties as

debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  This

Court entered orders directing the joint administration of the Debtors' chapter 11 cases

(Docket Nos. 28 and 404).

2.     On October 17, 2005, the Office of the United States Trustee appointed an

official committee of unsecured creditors.  No trustee or examiner has been appointed in the

Debtors' cases.

3.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The statutory predicates for the relief requested herein are sections 102(1),

and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(c), and Local Rule 9006-1.

Relief Requested

5.     By this Motion to Shorten Notice, the Debtors seek entry of an order,

substantially in the form annexed hereto (the "Proposed Order"), pursuant to sections 102(1) and

105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(c), and Local Rule 9006-1, shortening the

notice required to be provided with respect to the Motion under the Case Management Order so

as to allow a hearing on the Motion to take place on or before January 5, 2006.

Cause Exists to Shorten Notice with Respect to the Motion

6.     Bankruptcy Rule 9006(c) and Local Rule 9006-1 authorize this Court, for

cause shown, to reduce the notice period required for a hearing of a motion.  See 11 U.S.C. §

102(l) ("after notice and a hearing" is defined as meaning such notice and a hearing as are

"appropriate in the particular circumstances.").  The Debtors respectfully submit that there is

ample cause to reduce the notice periods so as to allow a hearing on the Motion to take place on

or before January 5, 2006.

7.     On November 23, 2005, the Debtors filed their Application for Order Under

11 U.S.C. §§ 327(a), 328(a), and 1107(b) Authorizing Employment and Retention of Deloitte &

Touche LLP as Independent Auditors and Accountants to Debtors, Effective <u>Nunc</u> <u>Pro</u> <u>Tunc</u> to

October 8, 2005 (the "Application").

8.    On December 2, 2005, the lead plaintiffs ("Lead Plaintiffs") filed the Lead

Plaintiffs' Objection to Debtors' Application for Order Under 11 U.S.C. Sections 327(a), 328(a),

and 1107(b) Authorizing Employment and Retention, Nunc Pro Tunc to October 8, 2005, of

Deloitte & Touche LLP as Independent Auditors and Accountants to Debtors (the "Objection").

During discovery requested in conjunction with the Objection, the Debtors produced Robert

Dellinger to be deposed, and a dispute arose regarding the scope of the deposition.  Also in

connection with the Objection, the Lead Plaintiffs have subpoenaed members of the Delphi

Audit Committee (the "Audit Committee").

9.    On December 23, 2005, the Lead Plaintiffs filed the Lead Plaintiffs' Motion

To Compel Deposition Testimony And The Production Of Documents In Connection With The

Debtors' Application For Order Under 11 U.S.C. §§ 327(a), 328(a), And 1107(b) Authorizing

Employment And Retention Of Deloitte & Touche LLP As Independent Auditors And

Accountants To Debtors, Effective Nunc Pro Tunc To October 8, 2005 And Objections Filed

Thereto (the "Motion to Compel"), which seeks, among other things, answers to questions posed

to Mr. Dellinger and to compel the depositions of the Audit Committee.  The hearing on both the

Application and the Motion to Compel is January 5, 2005.

10.    By the Motion, the Debtors seek a protective order to limit the scope of the

deposition of Robert Dellinger to only those matters pertaining directly to the Application.  By

the Motion, the Debtors also ask the Court to quash the Lead Plaintiffs' subpoenas of and deny

the related requests for deposition testimony from the Audit Committee.

11.    The Motion relates directly to the Application and the Motion to Compel and, as described above, is in response to disputes that arose out of the discovery related thereto. If the Motion is not heard on or before January 5, 2006, when the hearing on the Application and the Motion to Compel will occur, it may be rendered moot.  In addition, the trial subpoenas in question were issued for appearance at the January 5, 2006 hearing, and accordingly, it is vital that the motion to quash such subpoenas be heard on shortened time.

12.    The Debtors submit that it is critical that the Motion be heard on or before January 5, 2006.  Accordingly, the Debtors respectfully submit that shortening the notice period for the Motion is in the best interests of the Debtors' estates, their creditors, and other interested parties.

<u>Notice</u>

13.    In accordance with the Proposed Order attached hereto, notice of this Motion to Shorten Notice is being provided on the date hereof by electronic mail, facsimile, and overnight service as the case may be to all entities entitled to receive notice pursuant to the Case Management Order.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

<u>Memorandum of Law</u>

14.    Because the legal points and authorities upon which this Application relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

<u>No Prior Request</u>

15.    No prior motion for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that this Court enter an order in

the form attached hereto granting the relief requested herein, and such other and further relief as

may be just.

Dated: New York, New York
　　　December 29, 2005

　　　　　　　　　　　　　　SHEARMAN & STERLING LLP

　　　　　　　　　　　　　　By: /s/ Andrew V. Tenzer_____
　　　　　　　　　　　　　　　　Douglas P. Bartner (DB-2301)
　　　　　　　　　　　　　　　　William J.F. Roll, III (WR-8996)
　　　　　　　　　　　　　　　　Andrew V. Tenzer  (AT-2263)
　　　　　　　　　　　　　　599 Lexington Avenue
　　　　　　　　　　　　　　New York, NY 10022-6069
　　　　　　　　　　　　　　Telephone:  (212) 848-4000
　　　　　　　　　　　　　　Facsimile:  (212) 848-7179

　　　　　　　　　　　　　　Special Counsel for Delphi Corporation, et al.,
　　　　　　　　　　　　　　　　Debtors and Debtors-in-Possession

Exhibit A

Affidavit of Andrew V. Tenzer

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
Douglas P. Bartner (DB-2301)
William J.F. Roll, III (WR-8996)
Andrew V. Tenzer  (AT-2263)


Special Counsel for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession


Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698


Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
     In re                         :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                 Debtors.    :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AFFIDAVIT OF ANDREW V. TENZER IN SUPPORT OF MOTION OF THE DEBTORS
FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 102(1) AND 105(a), FED. R. BANKR. P.
9006(c) AND LOCAL RULE 9006-1 SHORTENING TIME PERIOD PRESCRIBED BY THE
CASE MANAGEMENT ORDER WITH RESPECT TO DEBTORS' MOTION (A) TO QUASH
TRIAL SUBPOENAS ISSUED TO MEMBERS OF DEBTORS' AUDIT COMMITTEE AND
FOR PROTECTIVE ORDER AND (B) FOR A PROTECTIVE ORDER TO LIMIT THE
SCOPE OF THE DEPOSITION OF ROBERT DELLINGER TO ONLY THOSE MATTERS
PERTAINING DIRECTLY TO THE DEBTORS' APPLICATION FOR ORDER
AUTHORIZING EMPLOYMENT AND RETENTION OF DELOITTE & TOUCHE LLP**


STATE OF NEW YORK      )
                       )      ss.:
COUNTY OF NEW YORK   )

Andrew V. Tenzer, being duly sworn, does hereby declare under penalty of perjury that the following is true and correct:

1.      I am an attorney admitted to practice law in the State of New York and before the United States District Court for the Southern District of New York.

2.      I am familiar with the matters set forth herein and make this affidavit in support of the motion (the "Motion to Shorten Notice") of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order pursuant to 11 U.S.C. §§ 102(1) and 105(a), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") shortening the notice required by the case management order in these chapter 11 cases (Docket No. 245) with respect to the Debtors' Motion (A) To Quash Trial Subpoenas Issued To Members Of Debtors' Audit Committee And For Protective Order And (B) For A Protective Order To Limit The Scope Of The Deposition Of Robert Dellinger To Only Those Matters Pertaining Directly To The Debtors' Application For Order Authorizing Employment And Retention of Deloitte & Touche LLP (the "Motion").[1]

3.      Rule 9006(c) of the Bankruptcy Rules and Rule 9006-1 of the Local Rules authorize the Court, for cause shown, to reduce the notice period required for a hearing of a motion.  See 11 U.S.C. § 102(l) ("after notice and a hearing" is defined as meaning such notice and a hearing as are "appropriate in the particular circumstances.").

4.      By the Motion, the Debtors seek a protective order to limit the scope of the deposition of Robert Dellinger to only those matters pertaining directly to the Application.

---

[1]      Capitalized terms used herein and not otherwise defined herein shall have the meanings given such terms in the Motion to Shorten Notice.

By the Motion, the Debtors also ask the Court to quash the Lead Plaintiffs' subpoenas of and deny the related requests for deposition testimony from the Audit Committee.

5.     The Motion relates directly to the Application and the Motion to Compel and was filed in response to disputes that arose out of the discovery requests in connection with the Objection.  If the Motion is not heard on or before January 5, 2006, when the hearing on the Application and the Motion to Compel will occur, it may be rendered moot.    In addition, the trial subpoenas in question were issued for appearance at the January 5, 2006 hearing, and accordingly, it is vital that the motion to quash such subpoenas be heard on shortened time.

6.     I respectfully submit that it is critical that the Motion be heard on or before January 5, 2006.  Accordingly, shortening the notice period for the Motion is in the best interests of the Debtors' estates, their creditors, and other interested parties.

7.     I declare, under the penalty of perjury, that the above statements are true and correct.

/s/ Andrew V. Tenzer_____
Andrew V. Tenzer

SUBSCRIBED AND SWORN to
Before me this 29th day of December, 2005

/s/ Erin E. Reilly_____
Erin E. Reilly
Notary Public State of New York
No.01RE6132794
Qualified in New York County
My commission expires August 29, 2009

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                      :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                    Debtors.    :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. §§ 102(1) AND 105(a), FED. R. BANKR. P. 9006(c)
AND LOCAL RULE 9006-1 SHORTENING TIME PERIOD PRESCRIBED BY THE CASE
MANAGEMENT ORDER WITH RESPECT TO DEBTORS' MOTION (A) TO QUASH
TRIAL SUBPOENAS ISSUED TO MEMBERS OF DEBTORS' AUDIT COMMITTEE AND
FOR PROTECTIVE ORDER AND (B) FOR A PROTECTIVE ORDER TO LIMIT THE
SCOPE OF THE DEPOSITION OF ROBERT DELLINGER TO ONLY THOSE MATTERS
PERTAINING DIRECTLY TO THE DEBTORS' APPLICATION FOR ORDER
AUTHORIZING EMPLOYMENT AND RETENTION OF DELOITTE & TOUCHE LLP

Upon the motion dated December 29, 2005 (the "Motion to Shorten Notice") [1]

filed by Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), pursuant to 11 U.S.C. §§

102(1) and 105(a), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Rule 9006-1 of the Local Rules of the United States Bankruptcy Court for the

Southern District of New York (the "Local Rules") shortening the notice required by the case

management order in these chapter 11 cases (Docket No. 245) (the "Case Management Order")

with respect to the Debtors' Motion (A) To Quash Trial Subpoenas Issued To Members Of

Debtors' Audit Committee And For Protective Order And (B) For A Protective Order To Limit

The Scope Of The Deposition Of Robert Dellinger To Only Those Matters Pertaining Directly

To The Debtors' Application For Order Authorizing Employment And Retention of Deloitte &

---

[1]      Capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the
Motion to Shorten Notice.

Touche LLP (the "Motion"); and upon the affidavit of Andrew V. Tenzer in support of the

Motion to Shorten Notice; and it appearing that this Court has jurisdiction to consider the Motion

to Shorten Notice pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these

cases and the Motion to Shorten Notice in this district is proper pursuant to 28 U.S.C. §§ 1408

and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b);

and it appearing that the relief requested in the Motion to Shorten Notice is in the best interests

of the Debtors, their estates and creditors; and upon the record herein and after due deliberation

thereon; and good and sufficient cause appearing therefor, it is

ORDERED that the Motion to Shorten Notice is granted; and it is further

ORDERED that the Motion shall be heard at a hearing to be held before the

Honorable Bankruptcy Judge Robert D. Drain, the United States Bankruptcy Court, One

Bowling Green, New York, NY 10004, on _____, 2006 at __:__ _.m. or as soon thereafter as

counsel can be heard; and it is further

ORDERED that the Debtors shall serve this Order, the Motion to Shorten Notice

and the Motion promptly after the entry of this Order by facsimile, email and overnight service,

as the case may be, on all entities entitled to receive notice pursuant to the Case Management

Order and as further provided in the Motion; and it is further

ORDERED that service of this Order, the Motion to Shorten Notice and the

Motion in the manner set forth herein shall be good and sufficient service and adequate notice of

the requests for relief set forth in the Motion, and that, given the limited nature of the relief

requested, no further notice is necessary or required; and it is further

ORDERED that objections, if any, to the Motion must: (a) be in writing; (b)

comply with the Bankruptcy Rules and the Local Rules; (c) set forth the name of the objectant,

the nature and amount of claims or interests held or asserted by the objectant against the Debtors'

estates or property, the basis for the objection, and the specific grounds therefore; (d) be filed

with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy

Court") electronically in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and, by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with a hard copy delivered

directly to the chambers of Judge Drain) and served in accordance with General Order M-182;

and (e) be further served so that they are RECEIVED no later than __:__ _.m. (prevailing

Eastern Time) on **January __, 2005** by:  (i) the Debtors at Delphi Corporation, 5725 Delphi

Drive, Troy, Michigan 48098 (Att'n:  General Counsel), (ii) Deloitte & Touche LLP, Suite 900,

600 Renaissance Center, Detroit, Michigan 480243 (Att'n:  Brock E. Plumb), (iii) counsel to the

Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100,

Chicago, Illinois 60606 (Att'n:  John Wm. Butler, Jr.), (iv) special counsel to the Debtors,

Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022 (Att'n:  Douglas

P. Bartner), (v) counsel to the agent under the Debtors' prepetition credit facility, Simpson

Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n:  Marissa

Wesley), (vi) counsel to the agent under the Debtors' postpetition credit facility, Davis Polk &

Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n:  Marlane Melican),

(vii) counsel to the official committee of unsecured creditors formed in these cases, Latham &

Watkins LLP, 885 Third Avenue, Suite 1000, New York, NY 10022 (Att'n:  Robert J.

Rosenberg), (viii) the Office of the United States Trustee for the Southern District of New York,

33 Whitehall Street, Suite 2100, New York, New York 10044 (Att'n:  Deirdre A. Martini, Esq.),

and (ix) the indenture trustees for the Debtors' outstanding debt securities, Wilmington Trust

Company, 1100 North Market Street, Rodney Square North, Wilmington, Delaware 19890

(Att'n:  Corporate Trust Office) and Law Debenture Trust Company of New York, 780 Third

Avenue, 31st Floor, New York, New York 10017 (Att'n:  Corporate Trust Office); and it is

further

ORDERED that the requirement under Rule 9013-1(b) of the Local Bankruptcy

Rules of the Southern District of New York for the filing of memorandum of law is waived.

Dated:  New York, New York
      January ___, 2006

_____

HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

4

SHEARMAN & STERLING LLP

599 Lexington Avenue

New York, New York 10022

Telephone: (212) 848-4000

Facsimile:  (212) 848-7179

Douglas P. Bartner (DB-2301)

William J.F. Roll, III  (WR-8996)

Andrew V. Tenzer  (AT-2263)

Special Counsel for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:

Toll Free:  (800) 718-5305

International:  (248) 813-2698

Delphi Legal Information Website:

http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :
        In re                    :      Chapter 11
                              :
DELPHI CORPORATION, et al.,      :      Case No. 05-44481 (RDD)
                              :
                    Debtors.    :      (Jointly Administered)
                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF  DEBTORS' MOTION TO SHORTEN TIME AND DEBTORS' (I) MOTION
TO SHORTEN TIME AND (III) MOTION (A) TO QUASH TRIAL SUBPOENAS ISSUED
TO MEMBERS OF DEBTORS' AUDIT COMMITTEE AND FOR PROTECTIVE ORDER
AND (B) FOR A PROTECTIVE ORDER TO LIMIT THE SCOPE OF THE DEPOSITION
OF ROBERT DELLINGER TO ONLY THOSE MATTERS PERTAINING DIRECTLY TO
THE DEBTORS' APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT AND
RETENTION OF DELOITTE & TOUCHE LLP AND (II) OBJECTION TO LEAD
PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY AND THE
PRODUCTION OF DOCUMENTS IN CONNECTION WITH THE DEBTORS'
APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND 1107(b)
AUTHORIZING EMPLOYMENT AND RETENTION OF DELOITTE & TOUCHE LLP

AS INDEPENDENT AUDITORS AND ACCOUNTANTS TO DEBTORS, EFFECTIVE
NUNC PRO TUNC TO OCTOBER 8, 2005 AND OBJECTIONS FILED THERETO

PLEASE TAKE NOTICE that on December 29, 2005, Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), filed the Debtors' (I) Motion (A) To Quash

Trial Subpoenas Issued To Members Of Debtors' Audit Committee And For Protective Order

And (B) For A Protective Order To Limit The Scope Of The Deposition Of Robert Dellinger To

Only Those Matters Pertaining Directly To The Debtors' Application For Order Authorizing

Employment And Retention of Deloitte & Touche LLP And (II) Objection To Lead Plaintiffs'

Motion To Compel Deposition Testimony And The Production Of Documents In Connection

With The Debtors' Application For Order Under 11 U.S.C. §§ 327(a), 328(a), And 1107(b)

Authorizing Employment And Retention Of Deloitte & Touche LLP As Independent Auditors

And Accountants to Debtors, Effective Nunc Pro Tunc To October 8, 2005 And Objections Filed

Thereto (the "Motion"), and the motion to shorten time related thereto (the "Shorten Time

Motion").

PLEASE TAKE FURTHER NOTICE that if no written objections to the Shorten

Time Motion or the Motion are filed timely, served, and received in accordance with the

requirements set forth below, an order (substantially in the form enclosed herewith) will be

submitted that will provide that the Shorten Time Motion and/or the Motion, as applicable, shall

be granted in their entirety.  If written objections are filed timely, served, and received, a hearing

to consider approval of the Shorten Time Motion and/or the Motion, as applicable, on a final

basis will be held at **10:00 a.m. Eastern Time on January 4, 2006** before the Honorable Robert

D. Drain, United States Bankruptcy Judge, in the Bankruptcy Court, Courtroom 610, One

Bowling Green, New York, New York 10004-1408 (the "Hearing").

2

PLEASE TAKE FURTHER NOTICE that objections, if any, to approval of the

Shorten Time Motion and the Motion on a final basis must (a) be in writing, (b) conform to the

Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District

of New York, (c) be filed with the Bankruptcy Court in accordance with General Order M-242,

as amended (registered users of the Bankruptcy Court's case filing system must file

electronically and all other parties-in-interest must file on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format),

(d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain,

United States Bankruptcy Judge, and (e) served upon (i) the Debtors at Delphi Corporation, 5725

Delphi Drive, Troy, Michigan 48098 (Att'n:  General Counsel), (ii) Deloitte & Touche LLP,

Suite 900, 600 Renaissance Center, Detroit, Michigan 480243 (Att'n:  Brock E. Plumb), (iii)

counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive,

Suite 2100, Chicago, Illinois 60606 (Att'n:  John Wm. Butler, Jr.), (iv) special counsel to the

Debtors, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022 (Att'n:

Douglas P. Bartner), (v) counsel to the agent under the Debtors' prepetition credit facility,

Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n:

Marissa Wesley), (vi) counsel to the agent under the Debtors' postpetition credit facility, Davis

Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n:  Marlane

Melican), (vii) counsel to the official committee of unsecured creditors formed in these cases,

Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, NY 10022 (Att'n:  Robert J.

Rosenberg), (viii) the Office of the United States Trustee for the Southern District of New York,

33 Whitehall Street, Suite 2100, New York, New York 10044 (Att'n:  Deirdre A. Martini, Esq.),

and (ix) the indenture trustees for the Debtors' outstanding debt securities, Wilmington Trust

Company, 1100 North Market Street, Rodney Square North, Wilmington, Delaware 19890

(Att'n:  Corporate Trust Office) and Law Debenture Trust Company of New York, 780 Third

Avenue, 31st Floor, New York, New York 10017 (Att'n:  Corporate Trust Office), in each case

so as to be **received** no later than **5:00 p.m. Eastern Time on January 3, 2006** (the "Objection

Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections made in writing

and filed timely and received by the Objection Deadline will be considered by the Bankruptcy

Court at the Hearing, and that if no objections to the Shorten Time Motion and/or the Motion are

filed timely and served in accordance with the procedures set forth herein, the Bankruptcy Court

may enter a final order granting the Shorten Time Motion or the Motion, as applicable, **without**

**further notice.**

Dated:  New York, New York
        December 29, 2005

SHEARMAN & STERLING LLP

By: /s/ Andrew V. Tenzer
    Douglas P. Bartner (DB-2301)
    William J.F. Roll, III  (WR-8996)
    Andrew V. Tenzer  (AT-2263)
599 Lexington Avenue
New York, NY 10022-6069
Telephone:  (212) 848-4000
Facsimile:  (212) 848-7179

Special Counsel for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
         In re                                            :    Chapter 11
                                                          :
DELPHI CORPORATION, et al.,                               :    Case No. 05-44481 (RDD)
                                                          :
                                   Debtors.               :    (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO FED. R. BANKR. P. 7026, 7030 AND 9016 (A) QUASHING TRIAL
SUBPOENAS ISSUED TO MEMBERS OF DEBTORS' AUDIT COMMITTEE AND ISSUING
PROTECTIVE ORDER RELATED THERETO, (B) ISSUING A PROTECTIVE ORDER TO
LIMIT THE SCOPE OF THE DEPOSITION OF ROBERT DELLINGER TO ONLY THOSE
MATTERS PERTAINING DIRECTLY TO THE DEBTORS' MOTION FOR ORDER
AUTHORIZING EMPLOYMENT AND RETENTION OF DELOITTE & TOUCHE LLP, AND
(C) DENYING LEAD PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY
AND THE PRODUCTION OF DOCUMENTS IN CONNECTION WITH THE DEBTORS'
MOTION FOR ORDER UNDER 11 U.S.C. §§ 327(A), 328(A), AND 1107(B) AUTHORIZING
EMPLOYMENT AND RETENTION OF DELOITTE & TOUCHE LLP AS INDEPENDENT
AUDITORS AND ACCOUNTANTS TO DEBTORS, EFFECTIVE NUNC PRO TUNC TO
OCTOBER 8, 2005 AND OBJECTIONS FILED THERETO


                    Upon the Debtors' (I) Motion (A) To Quash Trial Subpoenas Issued To Members

Of Debtors' Audit Committee And For Protective Order And (B) For A Protective Order To

Limit The Scope Of The Deposition Of Robert Dellinger To Only Those Matters Pertaining

Directly To The Debtors' Motion For Order Authorizing Employment And Retention of Deloitte

& Touche LLP And (II) Objection To Lead Plaintiffs' Motion To Compel Deposition Testimony

And The Production Of Documents In Connection With The Debtors' Motion For Order Under

11 U.S.C. §§ 327(A), 328(A), And 1107(B) Authorizing Employment And Retention Of Deloitte

& Touche LLP As Independent Auditors And Accountants To Debtors, Effective Nunc Pro Tunc

To October 8, 2005 And Objections Filed Thereto, dated December 29, 2005 (the "Motion") [1]

filed by Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), pursuant to Federal Rules

of Civil Procedure 26(c), 30(d)(4) and 45, made applicable in these bankruptcy proceedings

through Rules 7026, 7030 and 9016, respectively, of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"); and upon the record of the hearing held on the Motion; and this Court

having determined that the relief requested in the Motion is in the best interests of the Debtors,

their estates, their creditors, and other parties-in-interest; and it appearing that proper and

adequate notice of the Motion has been given and that no other or further notice is necessary; and

after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Lead Plaintiffs' Motion to Compel is hereby DENIED.

2.    The Subpoenas issued to Robert H. Brust, Oscar De Paula Bernardes Neto,

John D. Opie, and John Walker, members of Delphi's Audit Committee, are hereby QUASHED

and a protective order is hereby issued to prevent the Lead Plaintiffs from obtaining testimony or

information they are otherwise barred from obtaining related thereto.

3.    A PROTECTIVE ORDER is hereby ISSUED from this Court disallowing the

Lead Plaintiffs to engage in any further deposition of Mr. Dellinger, and requiring that the Lead

Plaintiffs forego any answers to those questions as to which Mr. Dellinger refused to answer on

the basis of their being outside the proper scope of discovery for this matter.

4.    This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the
Motion.

     5.    The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Motion.

Dated:     New York, New York
            January __, 2006


_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT F**

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York  10022
Telephone: (212) 848-4000
Facsimile:  (212) 848-7179
Douglas P. Bartner (DB-2301)
William J.F. Roll, III  (WR-8996)
Andrew V. Tenzer  (AT-2263)

Special Counsel for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                          :
        In re                                             :        Chapter 11
                                                          :
DELPHI CORPORATION, et al.,                               :        Case No. 05-44481 (RDD)
                                                          :
                                Debtors.                  :        (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

DEBTORS' (I) MOTION (A) TO QUASH TRIAL SUBPOENAS ISSUED TO MEMBERS
OF DEBTORS' AUDIT COMMITTEE AND FOR PROTECTIVE ORDER AND (B) FOR
A PROTECTIVE ORDER TO LIMIT THE SCOPE OF THE DEPOSITION OF ROBERT
DELLINGER TO ONLY THOSE MATTERS PERTAINING DIRECTLY TO THE
DEBTORS' APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT AND
RETENTION OF DELOITTE & TOUCHE LLP AND (II) OBJECTION TO LEAD
PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY AND THE
PRODUCTION OF DOCUMENTS IN CONNECTION WITH THE DEBTORS'
APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND 1107(b)
AUTHORIZING EMPLOYMENT AND RETENTION OF DELOITTE & TOUCHE LLP
AS INDEPENDENT AUDITORS AND ACCOUNTANTS TO DEBTORS, EFFECTIVE
NUNC PRO TUNC TO OCTOBER 8, 2005 AND OBJECTIONS FILED THERETO

        Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

respectfully (I) move this Court (A) pursuant to Rule 45 of the Federal Rules of Civil Procedure

(the "Federal Rules"), for an order quashing the trial subpoenas served by the Lead Plaintiffs (as

defined below) upon Robert H. Brust, Oscar De Paula Bernardes Neto, John D. Opie, and John

Walker, members of Delphi's Audit Committee (collectively, the "Subpoenas") and for a

protective order related thereto and (B) pursuant to Federal Rules 26(c) and 30(d)(4), for an order

limiting the scope of the deposition of Mr. Robert Dellinger and (II) object to the motion (the

"Motion to Compel") of the Lead Plaintiffs to compel deposition testimony and production of

documents, filed on December 23, 2005.  Federal Rules 26(c), 30(d)(4) and 45 are made

applicable in these bankruptcy proceedings through Rules 7026, 7030 and 9016, respectively, of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  In support of this Motion,

the Debtors respectfully represent as follows:

<u>Preliminary Statement</u>

1.      On November 23, 2005, the Debtors filed an Application for Order Under

U.S.C. §§ 327(a), 328(a), and 1107(b) Authorizing Employment and Retention of Deloitte &

Touche LLP as Independent Auditors and Accountants to Debtors, Effective *Nunc Pro Tunc* to

October 8, 2005 (the "Application"), which seeks to retain Deloitte & Touche LLP ("Deloitte")

as their independent auditors and accountants *nunc pro tunc* to October 8, 2005.  The official

committee of unsecured creditors appointed in these cases has filed an objection to the

Application that is limited to isolated issues, not to the Application as a whole.  The Debtors

continue to work toward a resolution of these discrete matters.  No other individual creditor,

shareholder, employee or other stakeholder has filed an objection to the Application.  The

Debtors have discussed the Application with the United States trustee and, based on those

discussions and certain additional information the Debtors have provided, believe that the United

States trustee does not oppose the Application.

2.      The only objection to the Application in its entirety has been filed by a

group identifying themselves not as creditors or interest holders of the Debtors' estates but as

"the Court-appointed Lead Plaintiffs" in the consolidated securities class action entitled *In re

Delphi Corp. Securities Litigation,* Master File No. 1:05-CV-2637 (NRB) (S.D.N.Y. 2005) (the

"Securities Litigation").  Lead Plaintiffs' Objection to Debtors' Application for Order Under 11

U.S.C. §§ 327(a), 328(a), and 1107(b) Authorizing Employment and Retention, Nunc Pro Tunc

to October 8, 2005, of Deloitte & Touche LLP as Independent Auditors and Accountants to

Debtors, filed December 2, 2005 (the "Retention Objection"), at 1.  As Lead Plaintiffs, their

Retention Objection and subsequent discovery requests are aimed not at protecting the Debtors'

estates but at using the chapter 11 process to assist them in the Securities Litigation.[1]  While the

discovery requests all purportedly arise in connection with the Application, the entire Retention

Objection is premised on the presumption that the allegations made against the defendants in the

Securities Litigation, including Deloitte, are true.  However, no party has admitted any

wrongdoing or liability in the Securities Litigation.  Discovery in connection with the Securities

Litigation is currently stayed under both section 362 of chapter 11 of title 11 of the United States

Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), and the Private Securities

Litigation Reform Act, 15 U.S.C. § 77z-1(b) (1995) ("PSLRA").  Unable to obtain discovery in

the Securities Litigation via proper channels, the Lead Plaintiffs filed the Retention Objection

and are seeking a broad range of depositions, documents and trial testimony.  The Lead

---

[1].     On December 12, 2005, the Judicial Panel on Multi District Litigation ordered the Securities Litigation
transferred to the Eastern District of Michigan, where the ERISA cases are pending.  The Judicial Panel
also transferred these cases to the Honorable Gerald E. Rosen of the Eastern District of Michigan.  The
Debtors expect Judge Rosen to hold a status conference soon.

Plaintiffs' discovery requests are obvious attempts to circumvent the stays arising under the

Bankruptcy Code and the PSLRA to obtain information and strategic advantages for the

Securities Litigation. The Court should not countenance such tactics and should deny the Lead

Plaintiffs' efforts to obtain further discovery.

        3.     Nor should the Court sanction the Lead Plaintiffs' accusations that the

Debtors' are stonewalling by refusing to accede to the Lead Plaintiffs' inappropriate discovery

demands. The Debtors' respectfully submit that, in considering the Application, the primary

inquiry is whether Deloitte holds or represents an interest adverse to the estate, and is a

disinterested person, as required by section 327(a) of the Bankruptcy Code. The Debtors have

submitted an affidavit of Deloitte setting forth Deloitte's disinterestedness and, at the request of

the United States trustee, Deloitte intends to file a supplement to such affidavit. The Lead

Plaintiffs, however, are concerned barely, if at all, by the requirements of the Bankruptcy Code.

Instead, the Lead Plaintiffs want extensive information about numerous matters -- the Debtors'

accounting procedures, internal controls, accounting safeguards, 2005 restatement of earnings

and the results of the outside investigations into Deloitte's audits, as well as the conduct of the

Delphi Audit Committee (the "Audit Committee") regarding these matters, Motion to Compel ¶

23 -- that have a substantial relationship only to the allegations underlying the Securities

Litigation. The Lead Plaintiffs could prosecute an objection to the Application even without

having any information regarding these matters, but discovery with a proper scope would not

advantage the Lead Plaintiffs in the Securities Litigation.

        4.     The Court also should quash the Lead Plaintiffs' Subpoenas and deny the

related requests for deposition testimony from members of the Audit Committee. The Debtors

are seeking to retain Deloitte in connection with audit functions and thus made available for

deposition Mr. Dellinger, the Executive Vice President and Chief Financial Officer of Delphi,

the most senior officer of the Debtors with responsibility for the Debtors' audits and auditors.

Mr. Dellinger has sufficient experience in the audit function, and the selection and retaining of

auditors, for large public companies.  Mr. Dellinger knows and meets regularly with the senior

Deloitte personnel that would lead Deloitte's engagement if the Application is approved.  Mr.

Dellinger can -- and, in his deposition, did -- explain why Deloitte's retention is being sought for

the 2005 audit and why it would be difficult, if not impossible, to replace Deloitte for the 2005

audit.  Mr. Dellinger is the appropriate person to testify in support of the Application.

5.      Mr. Dellinger's testimony cannot, however, cover matters subject to the

attorney-client privilege.  The Lead Plaintiffs take an unreasonably narrow view of privilege in

arguing that the Debtors' counsel somehow attempted to "shield" information from the Lead

Plaintiffs.  Motion to Compel ¶ 42.  For example, Lead Plaintiffs' counsel mistakenly believes

that individualized facts discussed in the context of briefings with counsel are not protected.  Mr.

Dellinger cannot be compelled to testify as to privileged matters.

6.      The Lead Plaintiffs also have argued, disingenuously, that the Debtors'

concerns regarding use of information in the Securities Litigation have been addressed by a

confidentiality stipulation.  The Lead Plaintiffs' agreement not to use such information does not

give them *carte blanche* to ask for whatever they want from whomever they want, regardless of

the stays imposed by the PSLRA and the Bankruptcy Code.  More importantly, information

related to the Securities Litigation may have strategic or tactical value to the Lead Plaintiffs even

if it is not specifically utilized in the litigation.  The Lead Plaintiffs should not be permitted to

exploit the Application process to further their own selfish interest in matters that have little or

anything to do with the Application.

5

7.      Finally, it should be noted that the Lead Plaintiffs' discovery requests have expanded even while some of the purported concerns raised in their Application have been addressed.  In the Retention Objection, the Lead Plaintiffs request the denial of the Application or, alternatively, confirmation that no senior member of Deloitte's postpetition audit team was involved in prepetition audits of the Debtors.  Retention Objection at 2.  Subsequent to the filing of the Application, the Debtors made the business decision to replace Deloitte as their auditors on a going forward basis; thus, the relief sought in the Application is now limited to Deloitte's retention for 2005.  Moreover, as Mr. Dellinger testified in his deposition, a new leadership team was put in place by Deloitte, and the postpetition audit team will be different from the team in place prior to the prepetition restatement of the Debtors' financial statements.  Notwithstanding the narrower scope of the Application, as well as the information provided to the Lead Plaintiffs in Mr. Dellinger's deposition, which should address the Lead Plaintiffs' professed concerns, the Lead Plaintiffs have continued to press for broad discovery that has no legitimate relation to the Application.  All such discovery requests should be denied.

## Background

8.      On October 8, 2005, Delphi and certain of its U.S. subsidiaries filed voluntary petitions in this Court for reorganization relief under the Bankruptcy Code.  On October 14, 2005, three additional U.S. subsidiaries of Delphi also filed voluntary petitions in this Court for reorganization relief under the Bankruptcy Code.  The filing of those petitions invoked the automatic stay under section 362(a) of the Bankruptcy Code.  That stay effectively halted, as against the Debtors, the continuance of a series of lawsuits that had been filed against the Debtors and other parties in several different courts around the country, including, in particular, the Securities Litigation.  Furthermore, any discovery in the Securities Litigation has also been stayed pursuant to the express provisions of the PSLRA.  Thus, with respect to the

6

Debtors, *any* action taken in furtherance of the prosecution of the Securities Litigation or in an attempt to obtain discovery from the Debtors in that case is completely barred.

9.      On December 12, 2005, the Judicial Panel on Multidistrict Litigation directed that the Securities Litigation and twenty-three other pending lawsuits be transferred to the Eastern District of Michigan.  *See* Transfer Order, Docket No. 1725, Before the Judicial Panel on Multidistrict Litigation, In re Delphi Corp. Securities, Derivative and "ERISA" Litigation, December 12, 2005 (the "Transfer Order"), attached hereto as Exhibit A.  Thus, the ERISA cases and the Securities Litigation are before the Honorable Gerald E. Rosen of the Eastern District of Michigan.

10.      Prior to entry of the Transfer Order, on November 23, 2005, the Debtors filed the Application.  On December 2, 2005, the Teachers' Retirement System of Oklahoma, the Public Employees' Retirement System of Mississippi, Raiffeisen Kapitalanlage-Gesellschaft m.b.H. and Stichting Pensioenfonds ABP, plaintiffs in the Securities Litigation (collectively, the "Lead Plaintiffs"), filed the Retention Objection to Debtors' Application.  Although the Retention Objection purports to raise issues regarding the competence and disinterestedness of Deloitte, it is clear from a cursory reading of the Retention Objection, as well as recent actions of the Lead Plaintiffs, that the true purpose of the Retention Objection is to gain information for use in the Securities Litigation.

11.      The Debtors' concerns with respect to the motivation for this Retention Objection were heightened some 10 days after the Retention Objection was filed when, in a letter dated December 12, 2005, the Lead Plaintiffs (identifying themselves as such, and not in their capacities as creditors or shareholders in these chapter 11 cases) made known their desire to depose six people they believed to be members of the Audit Committee.

7

12.    During a meet-and-confer on December 15, 2005, in accordance with the

Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014

Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and

Administrative Procedures, and (III) Scheduling an Initial Case Conference in Accordance with

Local Bankr. R. 1007-2(e), entered by this Court on October 14, 2005, the Debtors' counsel

objected to producing the members of the Audit Committee to the Lead Plaintiffs for depositions

in connection with the Application.  Nevertheless, in a good faith effort to accommodate any

legitimate discovery needs of the Lead Plaintiffs with respect to the Application, the Debtors

agreed to the deposition of Mr. Dellinger, who will be submitting an affidavit in support of the

Application and who may well be a witness at the hearing on the Application.  But later that

same day, the Debtors' concerns as to the purpose of the Retention Objection were realized once

again when the Lead Plaintiffs requested by letter literally thousands of documents in connection

with that deposition.  *See* December 15, 2005 Letter from James G. Sabella to John Wm Butler,

Jr., et al. (the "Sabella Letter"), a copy of which is attached hereto as Exhibit B.  The documents

requested spanned several years and encompassed subjects well beyond the proper scope of

discovery relating to the Application, and were to be produced, according to the Lead Plaintiffs,

in a single business day.

13.    In a letter dated December 19, 2005, the Debtors confirmed their

agreement to the deposition of Mr. Dellinger, but did not, because of the obvious overbreadth

and undue burden inherent in the request set forth above, provide the requested documents.  *See*

December 19, 2005 Letter from Lynette C. Kelly to Stuart M. Grant and James G. Sabella (the

"Kelly Letter"), a copy of which is attached hereto as Exhibit C.  During the deposition on

December 20, on several occasions, counsel for the Lead Plaintiffs propounded questions to Mr.

8

Dellinger seeking information completely irrelevant to the Application and therefore well outside

the legitimate scope of the deposition.  *See* Deposition of Robert Dellinger, dated December 20,

2005 (the "Dellinger Dep."), at 42:1-3, 49:12-15, 50:4-11, 50:23-25, 55:7-9, 56:15-16, 68:7-14,

69:21-24, 75:10-16, attached hereto as Exhibit D.  Special counsel for the Debtors objected on

each of those occasions, and on five instances instructed Mr. Dellinger not to respond to those

questions as being beyond the scope of the deposition.  *See*, *e.g.*, *id.* at 68:21-22, 69:24-25,

70:8-9, 70:18-19, 75:16-17.  Special counsel for the Debtors made clear on several occasions that

it would be making this motion for a protective order, as is its right under Bankruptcy Rule 7030,

to prevent such discovery from taking place.  *Id.* at 49:17-19, 50:13-17, 56:16-19, 68:15-18,

69:24-25, 75:18-19.

14.    The Debtors have met and conferred with the Lead Plaintiffs in a good

faith attempt to resolve the dispute between the parties as to the scope of the deposition, but

those discussions have come to no avail.  *See* Affidavit of Lynette C. Kelly, Pursuant To Local

Bankruptcy Rule 7007-1(A), In Support Of Debtors' (I) Motion (A) To Quash Trial Subpoenas

And (B) For A Protective Order And (II) Objection To Lead Plaintiffs' Motion To Compel (the

"Kelly Affidavit") ¶¶ 2-3, attached hereto as Exhibit E.  Thus, given the Lead Plaintiffs' refusal

to conduct the deposition in good faith and seek only that information relevant to the

Application, the Debtors have been forced to seek this Court's intervention to limit the scope of

acceptable questions pursuant to Federal Rules 30(d)(4) and 26(c).

15.    On December 22, 2005, the Lead Plaintiffs served the four Subpoenas on

Robert H. Brust, Oscar De Paula Bernardes Neto (who resides in Brazil), John D. Opie, and John

Walker, seeking trial testimony from every member of the Audit Committee, even though two

days earlier the Debtors had deposed Mr. Dellinger.  Of the subpoenaed individuals, all but Mr.

Walker, who recently was hired by Delphi, are defendants in the Securities Litigation.

16.      As a matter of professional courtesy, special counsel to the Debtors

subsequently agreed to accept service of the Subpoenas on behalf of the subpoenaed individuals

on the Audit Committee members, but without waiving any other objections the Debtors or the

subpoenaed individuals may have to the Subpoenas.  Having reserved their rights, the Debtors

seek to quash the Subpoenas.

17.      On December 23, 2005, the Lead Plaintiffs filed the Motion to Compel.

Through this motion, the Lead Plaintiffs once again are seeking to obtain from the Debtors,

among other things, thousands of documents, responses to interrogatories, a second deposition of

Mr. Dellinger or another deponent to provide information regarding various matters and the

deposition of the members of the Audit Committee, all of which only would provide the Lead

Plaintiffs with information that is wholly irrelevant to the Application before this Court or

duplicative to information they already received and should not be compelled.

<u>Relief Requested</u>

18.      By this Motion, the Debtors request entry of (a) an order quashing the

Subpoenas issued to Robert H. Brust, Oscar De Paula Bernardes Neto, John D. Opie, and John

Walker, members of Delphi's Audit Committee and a protective order to prevent the Lead

Plaintiffs from obtaining testimony or information they are otherwise barred from obtaining

related thereto, (b) a protective order requiring that the Lead Plaintiffs forego those deposition

questions posed to Mr. Dellinger as to which Mr. Dellinger has been instructed not to answer on

the basis of their being outside the proper scope of discovery for this matter or, in the alternative,

that the Lead Plaintiffs sufficiently narrow the scope of the deposition questions propounded to

Mr. Dellinger only to those matters directly pertaining to the Application, *i.e.*, the qualifications,

disinterestedness and compensation of Deloitte, as well as the harm and prejudice to the Debtors

of having the Application denied and (c) an order denying the Motion to Compel.[2]

Basis For Relief

A.      Quashing the Subpoenas

19.      Under Rule 45(c)(3) of the Federal Rules, on motion, "the court by which

a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of

privileged or *other protected matter* and no exception or waiver applies, or … subjects a person

to undue burden."  Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv) (emphasis added).  Pursuant to this rule,

the Subpoenas should be quashed in their entirety because they are cumulative and they subject

the members of the Audit Committee to substantial undue burden in that they seek testimony on

matters clearly outside the scope of the Application and relating to the Securities Litigation, in

direct contravention of the automatic stay provision of the Bankruptcy Code and the general stay

on discovery in that action pursuant to the PSLRA.

20.      Plainly, the Lead Plaintiffs' Retention Objection is nothing more than a

thinly-veiled and improper attempt to obtain information from the Debtors relating to the

Securities Litigation, as revealed during the deposition of Mr. Dellinger on December 20, 2005.

During that deposition, counsel for the Lead Plaintiffs propounded many questions to Mr.

Dellinger seeking information completely irrelevant to the Application and therefore well outside

the legitimate scope of the deposition.[3]  The Debtors objected to those questions, and the Lead

---

[2]      Debtors are required, pursuant to Federal Rules 26(c) and 30(d)(4), to move for a protective order relating
to those portions of Mr. Dellinger's deposition as to which they seek to limit discovery by the Lead
Plaintiffs.  Nonetheless, to the extent that this Court's decision to deny the Lead Plaintiffs' Motion to
Compel would render that order moot, Debtors would be satisfied with such relief.

[3]      *See* Dellinger Dep. (Ex. D) at 67:15-25, 68:1-22, 69:17-25, 70:2-20, 75:8-19, in which, for example, Lead
Plaintiffs sought information regarding internal controls in the years 2002 and 2003 and regarding the
decision not to appoint the previous acting Chief Financial Officer as the permanent Chief Financial

11

Plaintiffs' unwillingness to withdraw those questions in five such instances have forced the

Debtors to seek a protective order related thereto, as described below.

21.    The true purpose behind the Subpoenas is similar to that of certain

discovery requests that were denied in *In re Worldcom, Inc.*, 311 B.R. 151 (Bankr. S.D.N.Y.

2004).  In *Worldcom*, a group of States that, in separate litigation, were challenging the debtors'

tax treatment of certain royalty charges brought a motion to disqualify the estates' accountants

on the grounds that the accountants were involved in formulating the tax strategy the States were

contesting.  The States sought discovery, purportedly in connection with their disqualification

motion.  The debtors' objected to the discovery requests as overbroad and not germane to the

disqualification motion.  The court agreed, ruling that

> the discovery requests made by the States were extremely broad and primarily
> focused on the litigation over the validity of the Royalty Charges rather than on
> the Disqualification Motion.  If such discovery was appropriate at all, it would be
> in the context of any litigation regarding the Royalty Charges and not in a motion
> to disqualify.

*Id.* at 172.  To allow the States to obtain discovery in those circumstances was not appropriate or

warranted because "the discovery requests sought focused on material which would assist in the

underlying tax controversy and it is the Court's overall view that the States brought this motion

as a litigation tactic." *Id.*  As in *Worldcom*, it is entirely appropriate for the Court to quash the

Subpoenas because the Lead Plaintiffs are seeking information to be used in the Securities

Litigation, not their Retention Objection to the Application.

22.    The Debtors have twice met and conferred with the Lead Plaintiffs in a

good faith attempt to resolve the dispute between the parties as to the issuance of these

---

Officer.  The information Lead Plaintiffs sought has no bearing whatsoever on the proceedings surrounding
the Application.

Subpoenas, but those discussions have not produced a resolution of the dispute.  *See* Kelly

Affidavit ¶¶ 2-3, Ex. E.

23.    The Lead Plaintiffs' attempt to obtain testimony and information from all

four members of the Audit Committee is in direct contravention of the automatic stay provisions

of the Bankruptcy Code and the operation of the stay of discovery of the PSLRA.

24.    The Debtors thus seek this Court's intervention to quash the Subpoenas

and issue a protective order to prevent the Lead Plaintiffs' improper attempt to make an end run

around the Bankruptcy Code and the PSLRA to get information and testimony they are otherwise

barred from obtaining.

25.    In addition, the Lead Plaintiffs have subpoenaed every member of the

Audit Committee, the testimony from whom clearly would be cumulative.  Furthermore, one

Audit Committee member, Oscar De Paula Bernardes Neto, resides in Brazil, and it would be

unduly burdensome for him to appear.  Three of the Audit Committee members, not surprisingly,

also are defendants in the Securities Litigation.  In seeking the testimony of five individuals,

including Mr. Dellinger, which the Debtors already have produced for several hours, the true

purpose behind these Subpoenas becomes clear; the Lead Plaintiffs are attempting to obtain

information for the Securities Litigation.

B.    Limiting Scope of Dellinger Deposition

26.    Rule 30(d)(1) of the Federal Rules provides that a "person may instruct a

deponent not to answer … to present a motion under Rule 30(d)(4)."  Fed. R. Civ. P. 30(d)(1).

Federal Rule 30(d)(4) permits a party, upon a showing that the deposition is being conducted in

"bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress the deponent," to

seek an order of the court to "limit the scope and manner of the … deposition as provided in

Rule 26(c)."  Fed. R. Civ. P. 30(d)(4).  Under Federal Rule 26(c), the Court may "for good cause

13

shown … make any order which justice requires to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense…."  Fed. R. Civ. P. 26(c).  In fact, Rule

26(c)(4) specifically authorizes a protective order to require that "certain matters not be inquired

into, or that the scope of … discovery be limited to certain matters."  Fed. R. Civ. P. 26(c)(4).

27.    The burden of establishing "good cause" rests with the party seeking the

protective order.  *In re Akropan Shipping Corp.*, No. 86 Civ. 4873 (JFK), 1990 U.S. Dist. LEXIS

1545 (S.D.N.Y. Feb. 14, 1990).  To satisfy that burden, the Debtors must simply show that there

are facts that militate in favor of granting the protective order.  *Am. Booksellers Ass'n v.*

*Houghton Mifflin Co.*, No. 94 Civ. 8566 (JFK), 1995 WL 72376, at *1 (S.D.N.Y. Feb. 22, 1995)

(citing *Akropan*, 1990 U.S. Dist. LEXIS 1545).  The Debtors meet that burden.

28.    "[F]requent or persistent inquiry into matters outside the permissible scope

of discovery" qualifies as the sort of bad faith discovery practice meriting an order limiting the

scope of the deposition.  *W.R. Grace & Co. v. Pullman Inc.*, 74 F.R.D. 80, 84 (W.D. Okla. 1977);

*see Hanlin v. Mitchelson*, 623 F. Supp. 452, 454 (S.D.N.Y. 1985) (denying plaintiff's motions to

compel a second deposition where transcript revealed a "vexatious, repetitive and haranguing

inquisition *beyond the scope of the issues in the case*") (emphasis added), *aff'd in part, rev'd in*

*part on other grounds*, 794 F.2d 834 (2d Cir. 1986); *see also Laurens Mills v. John J. Ryan &*

*Sons, Inc.*, 14 F.R.D. 191, 192 (S.D.N.Y. 1953) (granting plaintiff's motion to compel answers to

deposition questions, but noting that defendant had failed to establish that plaintiff's inquiries

were "sought in bad faith" or that they were "clearly not relevant").  Indeed, several courts have

held that a showing that the discovery sought is irrelevant can satisfy the good cause requirement

for issuance of a protective order.  *E.g.*, *Smith v. Dowson*, 158 F.R.D. 138, 140-41 (D. Minn.

1994).

29.    Here, the Lead Plaintiffs have engaged in exactly the kind of oppressive and annoying deposition tactics meant to be prevented by Federal Rules 30(d)(4) and 26(c). The Lead Plaintiffs' vast document requests, s*ee* Sabella Letter, and persistent, improper deposition questions into matters wholly irrelevant to the Application make clear that they have engaged in this deposition not to bolster their Retention Objection to the retention of Deloitte, but rather in a bad faith effort to garner information relating to the Securities Litigation—discovery of which they are explicitly prevented from obtaining due to the stays in effect pursuant to the operation of the Bankruptcy Code and the PSLRA.

30.    As noted above, counsel for the Lead Plaintiffs has propounded numerous questions to Mr. Dellinger that are well outside of the relevant scope of the Lead Plaintiffs' Retention Objection. *See* Dellinger Dep. (Ex. D). For example, counsel for the Lead Plaintiffs persisted in his questioning of Mr. Dellinger regarding internal controls in place at Delphi during 2002-2003. *Id.* at 66:21-23, 67:15-24, 69:9-12, 69:17-20, 70:2-7. While whatever internal controls were in place at Delphi during that time *might* bear on claims related to those years -- and it is therefore no surprise that such information would be sought out by the Lead Plaintiffs in the Securities Litigation -- they have no bearing whatsoever on Deloitte's ability to be employed and retained as the Debtors' independent auditor now.

31.    Given the total irrelevance of numerous questions asked of Mr. Dellinger in determining the merits of the Application -- questions to which special counsel for the Debtors scrupulously objected -- it is clear that there is good cause to protect the deponent from answering those questions as currently phrased. Furthermore, if Mr. Dellinger is forced to answer those questions, despite being wholly irrelevant to the Application, the Lead Plaintiffs will have been given the power to circumvent the express protections of section 362(a) of the

15

Bankruptcy Code, as well as the operation of the PSLRA's general stay of discovery.  If that is

the case, the Debtors suspect that this Court can expect many further fishing expeditions by the

Lead Plaintiffs in order to obtain as much information relating to the Securities Litigation as they

can wring out of the proceedings.

C.    Denying Motion to Compel

32.    In furthering their Motion to Compel, the Lead Plaintiffs attempt to

portray the Debtors' attempts to protect their rights under the Bankruptcy Code, the PSLRA and

the attorney-client privilege as "obstructionist."  Motion to Compel ¶ 6.  Not only is such an

assertion unfounded and untrue, the Lead Plaintiffs, indeed, are the ones attempting to obstruct

the retention of a professional for limited purposes and compelling the Debtors' estates to expend

numerous resources so they can, without proper authority, further their own ends.

i.    *The Debtors properly objected to discovery requests.*

33.    First, the Lead Plaintiffs loosely contend that the discovery requests set

forth in the Sabella Letter are "narrowly tailored" and "go directly to the heart of whether

Debtors properly considered Deloitte's highly suspect pre-petition conduct in applying to retain

the auditors for 2005."  Motion to Compel ¶¶ 25, 28.  It is difficult to determine how, for

example, "[a]ll minutes of meetings of the Audit Committee from January 1, 1999 to date," "[a]ll

documents relating to any inquiry or investigation conducted by the Company into the

transactions that were restated in the Restatement," and "[a]ll documents relied upon by the

Company in reaching the conclusion expressed in the Company's Form 10-K . . . that "Delphi

had not maintained effective internal controls over financial reporting at December 31, 2004"

and "Delphi's disclosure controls and procedures were also ineffective," *see* Sabella Letter ¶¶

3(e), 3(q), 3(c), are narrowly tailored requests or go to the heart of retaining Deloitte for the year

2005 audit.  In any event, such requests are unduly burdensome.  Although the Lead Plaintiffs

16

point out that Federal Rule 26(b)(1) provides that a party may obtain discovery "regarding any matter, not privileged, which is *relevant* to the subject matter involved in [the] pending action . . . . ," Fed. R. Civ. P. 26(b)(1) (subdiv. notes) (emphasis added); *see* Motion to Compel ¶ 28, the Lead Plaintiffs fail to provide adequate support for the relevance requirement.

34.     Similarly, it is unclear how a request for the identification of Deloitte professional personnel who have worked, and who it is anticipated will work, on the Delphi engagements, *see* Sabella Letter ¶ 2, could be viewed as narrowly tailored.  In respect of such request, the Debtors provided the Lead Plaintiffs with the names of the principals of Deloitte who have worked and will work on the Delphi engagements.  *See* Kelly Letter ¶ 2.  Furthermore, Mr. Dellinger testified in his deposition that there will be a new engagement partner for the year 2005 audit.  Dellinger Dep. (Ex. D) at 63:24-25, 64:1-6.  There is no need for the names of each and every Deloitte professional in connection with the Application, particularly given Mr. Dellinger's testimony.

35.     **[REDACTED PURSUANT TO CONFIDENTIALITY STIPULATION]**

ii.     *The Confidentiality Stipulation does not sufficiently protect the Debtors*

36.     The Lead Plaintiffs next essentially argue that, given the Stipulation and Agreed Protective Order Governing Production and Use of Confidential and Highly Confidential Information in Connection with the Debtors' Application for Order Under 11 U.S.C. §§ 327(a), 328(a), and 1107(b) Authorizing Employment and Retention of Deloitte & Touche LLP as Independent Auditors and Accountants to Debtors, Effective Nunc Pro Tunc to October 8, 2005 and Objections Filed Thereto, and Lead Plaintiff's Objection (the "Confidentiality Stipulation"), attached hereto as Exhibit F, which prevents the Lead Plaintiffs from using any discovery

17

obtained in connection with the Application from being used in the Securities Litigation, they

can violate the discovery stay provisions of the PSLRA.  Specifically, the Lead Plaintiffs argue

that the Debtors' concerns regarding the Lead Plaintiffs' attempts to obtain information they

otherwise would not be entitled to receive pursuant to the PSLRA have been addressed by the

use restrictions contained in the Confidentiality Stipulation.  Motion to Compel ¶¶ 18-19, 31-32.

The Lead Plaintiffs ignore, however, that information related to the Securities Litigation has

value to the Lead Plaintiffs even if it not specifically utilized in the litigation.  The same law

firms listed on the Retention Objection also are lead counsel in the Securities Litigation.  Even if

counsel cannot use the information as such, having any such information (if it exists) would

allow the Lead Plaintiffs to formulate tactics and strategy in the Securities Litigation if it

proceeds.  The Lead Plaintiffs' agreement not to use such information does not give them *carte*

*blanche* to ask for whatever they want from whomever they want.

      37.    Furthermore, the Lead Plaintiffs' request is inappropriate both because the

Securities Litigation is presently stayed and any such information could be used to assert claims

against the Debtors' estates.  Although the Lead Plaintiffs are correct in providing that "the mere

fact that Lead Plaintiffs are prosecuting the Securities Litigation does not preclude them, as

creditors and parties in interest in this Chapter 11 proceedings, from demanding *relevant*

information in connection with their bona fide objection to the Deloitte Application," Motion to

Compel ¶ 32 (emphasis added), again, the key here is whether the information they are

requesting is "relevant."  The information sought in connection with the Application clearly does

not fall within that category.  While the Lead Plaintiffs may never be entitled to the information

and depositions they seek, they certainly are not entitled to it as part of a purported Retention

Objection to an application to retain accountants.

iii.    *The depositions of the Audit Committee members are
        not relevant to the Application*

38.    The Lead Plaintiffs, in arguing the need to depose all four members of the

Audit Committee to determine the "competency" and "disinterestedness" of Deloitte, *see* Motion

to Compel ¶ 33, ignore the requirements of the Bankruptcy Code and relevant case law.  Section

327 of the Bankruptcy Code allows a debtor in possession, with the court's approval, to employ

professionals that do not "hold or represent an interest adverse to the estate, and that are

disinterested persons, to represent or assist the trustee in carrying out the debtor's duties."  11

U.S.C. § 327(a).  Section 101(14) of the Bankruptcy Code defines a "disinterested person" as

one that:

> (A) is not a creditor, an equity security holder, or an insider;
>
> (B) is not and was not an investment banker for any outstanding security of the
> debtor;
>
> (C) has not been, within three years before the date of the filing of the petition, an
> investment banker for a security of the debtor, or an attorney for such an
> investment banker in connection with the offer, sale, or issuance of a security of
> the debtor;
>
> (D) is not and was not, within two years before the date of the filing of the
> petition, a director, officer, or employee of the debtor or of an investment banker
> specified in subparagraph (B) or (C) of this paragraph; and
>
> (E) does not have an interest materially adverse to the interest of the estate or of
> any class of creditors or equity security holders, by reason of any direct or indirect
> relationship to, connection with, or interest in, the debtor or an investment banker
> specified in subparagraph (B) or (C) of this paragraph, or for any other reason.

11 U.S.C. § 101(14).

39.    Because the Bankruptcy Code does not define the term "interest adverse to

the estate," courts determine the existence of an adverse interest on a case by case basis.  *In re

Caldor, Inc.*, 193 B.R. 165, 170 (Bankr. S.D.N.Y. 1996).  The Second Circuit has held that to

hold or represent an interest adverse to the estate means "(1) to possess or assert any economic

interest that would tend to lessen the value of the bankruptcy estate or that would create either an

actual or potential dispute in which the estate is a rival claimant; or (2) to possess a

predisposition under circumstances that render such a bias against the estate." *In re AroChem*

*Corp.*, 176 F.3d 610, 623 (2d Cir. 1999); *In re WorldCom, Inc.*, 311 B.R. 151, 163 (Bankr.

S.D.N.Y. 2004).  Courts in this district have made clear, however, that "interests are not

considered 'adverse' merely because it is possible to conceive a set of circumstances under

which they might clash." *In re Leslie Fay Cos., Inc.*, 175 B.R. 525, 532 (Bankr. S.D.N.Y. 1994)

(citing *TWI Int'l v. Vanguard Oil & Serv. Co.*, 162 B.R. 672, 675 (S.D.N.Y. 1994)).  As the

Second Circuit has consistently stated in the context of motions to disqualify professionals under

section 327, attempts to deprive debtors of the professionals of their choosing must be viewed

with some skepticism because "disqualification has an immediate adverse effect on the client by

separating him from counsel of his choice . . ., disqualification motions are often interposed for

tactical reasons . . ., [a]nd even when made in the best of faith, such motions inevitably cause

delay." *Armstrong v. McAlpin*, 625 F.2d 433, 444 (2d Cir. 1980), *vacated by*, 449 U.S. 1106

(1981).  *See also Harker v. Comm'r of Internal Revenue*, 82 F.3d 806, 808 (8th Cir. 1996)

("Because of the potential for abuse by opposing counsel, 'disqualification motions should be

subjected to "particularly strict judicial scrutiny."'") (citing cases).

      40.    Courts have construed the "disinterested person" and the "no interest

adverse to the estate" requirements of section 327(a) of the Bankruptcy Code as a single test.

*WorldCom*, 311 B.R. at 164 (noting that the "interest adverse to the estate" language in section

327(a) overlaps with the "materially adverse interest" standard under the definition of

disinterested person to form a "single test to judge conflicts"); *Caldor*, 193 B.R. at 171

("[b]ecause §§ 101(14) and 327(a) overlap, the two prongs of § 327(a) are satisfied when the

20

professional to be retained is found to be a 'disinterested person'"); *Leslie Fay*, 175 B.R. at 532

(quoting *In re Martin*, 817 F.2d 175, 180 (1st Cir. 1987) to state that the "'twin requirements of

disinterestedness and lack of adversity telescope into a single hallmark'").  In applying this test,

courts generally look to the totality of the circumstances and exercise their discretion in

determining whether a party is disinterested and does not hold or represent an interest adverse to

the estate.  *See, e.g.*, *Caldor*, 193 B.R. at 172.

       41.    Deloitte is a disinterested person as that term applies under each prong of

section 101(14).  First, Deloitte is disinterested pursuant to section 101(14)(A) of the Bankruptcy

Code in that it is neither a creditor, an equity security holder, nor an insider of the Debtors.

Although Deloitte could otherwise assert a prepetition claim against the Debtors, Deloitte has

agreed to waive that claim upon this Court's approval of the Application.  Second, Deloitte is

disinterested pursuant to section 101(14)(B) of the Bankruptcy Code in that it is not an

investment banker for any outstanding security of the debtors.  Third, Deloitte is disinterested

pursuant to section 101(14)(C) of the Bankruptcy Code in that it has not been, within the three

years prior to the petition date, an investment banker for a security of the Debtors, or an attorney

for such an investment banker in connection with the offer, sale or issuance of a security of the

Debtors.  Fourth, Deloitte is disinterested pursuant to section 101(14)(D) of the Bankruptcy Code

in that it is not, and was not within the two years prior to the petition date, a director, officer or

employee of the Debtors or of an investment banker specified in subparagraph (B) or (C).  Fifth,

Deloitte is disinterested under section 101(14)(E) of the Bankruptcy Code in that it does not hold

an interest materially adverse to the interest of the estate or any class of creditors or equity

holders, by reason of any direct or indirect relationship to, connection with, or interest in the

Debtors or an investment banker in subparagraph (B) or (C), or for any other reason.

42.    The Lead Plaintiffs seek to depose the Audit Committee members as the

"primary decision-makers regarding matters relating to the retention of outside auditors," *see*

Motion to Compel ¶ 33.  In support of their request, the Lead Plaintiffs argue that Mr. Dellinger

was "unable to provide critical information," such as information surrounding, and his

involvement in, the decision to retain Deloitte.  *Id.* ¶¶ 35-39.  Nowhere in the Bankruptcy Code

or the applicable case law is there a requirement that a debtor put forth evidence regarding the

decision process to retain a professional.  While the scope of deliberations in retaining Deloitte

likely would be a relevant factor in connection with the Securities Litigation, any such testimony

would be irrelevant to the Application and, therefore, the Lead Plaintiffs should not be permitted

to depose the Audit Committee members.

43.    Moreover, Mr. Dellinger testified as to the reason to retain Deloitte for the

year 2005 audit.  Specifically, Mr. Dellinger explained, the "timing on an auditor transition is

typically in the first quarter," "[i]t is very difficult, if not impossible, to change audit firms late in

the year," and to bring in a new audit firm in December would result in the firm operating under

"an extremely compressed time period and probably impossible for them to complete within the

time frame required for SCC [sic] reporting."  Dellinger Dep. (Ex. D) at 22:21-25, 23:1-20,

24:17-25, 25:1-7; *see also* 26:7-23.  He further described that an audit firm starts its work in the

first quarter and continues through the second, third and fourth, with a large focus on the year-

end audit.  *Id.* at 22:21-25, 23:1-2.  In respect of Deloitte specifically, Mr. Dellinger testified that

the firm has been working with the Debtors for 10-11 months, "all of that time and effort is part

of the 2005 audit."  *Id.* at 26:10-18.

44.    Mr. Dellinger also testified as to the hardship the Debtors would face if

forced to secure a new auditor so late in the year.  He stated that "an attempt to do that would

22

take at least six months . . . [and] would be extremely disruptive." Dellinger Dep. (Ex. D) at

23:9-11. In addition, it would be difficult to clear the independence requirements on any of the

largest firms, and there would be "transition costs, expenses, and complexities." *Id.* at 23:11-17.

Through his testimony, Mr. Dellinger has provided a rational business justification for retaining

Deloitte, which should satisfy the inquiries of any party in interest with reasonable concerns

regarding such retention under the circumstances.

45. Mr. Dellinger also is the most appropriate individual to testify in

connection with the Application. As Mr. Dellinger testified, a portion of his responsibilities

includes supervising the preparation of and signing-off on the Debtors' financial statements, he

meets regularly with Deloitte regarding disclosure issues and he has had discussions with

Deloitte regarding weaknesses in the internal controls in connection with corrective actions being

implemented. Dellinger Dep. (Ex. D) at 11:21-25, 72:3-10, 73:9-13.

46. Finally, as described above, deposing every member of the Audit

Committee would be cumulative and unduly burdensome for at least one member. Given that

the only benefit to permitting the Lead Plaintiffs to depose the Audit Committee members would

be to assist them with their Securities Litigation, the depositions should not be permitted.

      iv.    *The Lead Plaintiffs are not entitled to information that is protected by the attorney client privilege*

47. Finally, the Lead Plaintiffs assert that the Debtors' counsel sought to "shield"

information from the Lead Plaintiffs regarding the decision to retain Deloitte by "baselessly

invoking the attorney-client privilege" with respect to certain questions posed to Robert

Dellinger during his deposition. Motion to Compel ¶ 42. This is simply not the case. In the first

place, Federal Rule 30(d)(1), as applied through Bankruptcy Rule 7030, allows counsel to

instruct a client not to answer a question, as the Lead Plaintiffs concede, "when necessary to

23

preserve a privilege." Fed. R. Civ. P. 30(d)(1). Thus, special counsel for the Debtors'

instructions not to answer some questions in order to preserve the attorney-client privilege

clearly are not "flagrant violations" of that rule, but rather are provided for specifically by that

rule. Motion to Compel ¶ 48. Second, in numerous instances—including several sections of the

deposition transcript to which the Lead Plaintiffs' misleadingly cite as exemplar of the kind of

"shielding" to which they object—Mr. Dellinger was able to provide an answer without

implicating the privilege on the basis of which special counsel for the Debtors had objected.[4]

*See*, *e.g.*, Dellinger Dep. (Ex. D) at 19:13-19; 21:15-21; 28:11-19; 29:2-3, 22-24; 34:13-16; 60:3-

4; 66:18-20. Third, despite the Lead Plaintiffs' argument to the contrary, the few instances in

which Mr. Dellinger did not answer on the basis of the attorney-client privilege were not based

"merely" on the fact that counsel was present during the discussions. *See* Declaration of Robert

Dellinger ("Dellinger Decl."), attached hereto as Exhibit G.

       48. The Second Circuit has held that the attorney-client privilege protects

confidential communications between a lawyer, acting in his capacity as such, and a client,

relating to legal advice being sought from that lawyer. *See In re Grand Jury Subpoena Duces

Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1036-37 (2d Cir. 1984). The same court has also

found that although that privilege can be complicated by situations involving in-house counsel,

communications with them relating to legal advice—as opposed to business advice—are still

covered. *See TVT Records v. Island Def Jam Music Group*, 214 F.R.D. 143, 144 (S.D.N.Y.

2003). Mr. Dellinger stated several times during his deposition that his knowledge of the

---

[4]    It should also be noted that the Lead Plaintiffs have apparently taken the liberty of expanding on the
deposition testimony of Mr. Dellinger at paragraph forty-three of their Motion to Compel, adding an extra
sentence and some bold-facing that the Debtors' have not been able to find anywhere in the transcript of the
deposition they possess, nor particularly at 16 (to which page the Lead Plaintiffs cite). Motion to Compel ¶
43 ("**I instruct the witness not to answer** as the question calls for the disclosure of communications
protected by the attorney client [sic] privilege.") (emphasis in original). The Debtors submit that this
language is not a part of the official deposition transcript of Mr. Dellinger.

internal investigation conducted by the Audit Committee prior to the restatement of certain

financial statements is limited solely to his discussions and briefings with counsel.[5]  *See, e.g.*,

Dellinger Dep. (Ex. D) at 22:15-16; 46:18-24; 48:2-7; 49:3-5; 51:12-13, 21-23; 54:20-21; 55:19-

23.  Despite the Lead Plaintiffs' insinuation that such "repeated objections" have no merit, the

discussions as to which Mr. Dellinger refused to provide information were engaged in expressly

for the purpose of discussing and formulating an ongoing legal strategy with respect to the

restated financial statements and the investigation into the events leading up to those restated

financials.  Dellinger Decl. (Ex. G) ¶¶ 3-4.  Such discussions were held with members of the

Audit Committee, in-house counsel and, in several instances, also with outside counsel, but not

in the presence of any third parties given the sensitive nature of the discussions.  *Id.* ¶¶ 3, 5.

Accordingly, any testimony related to those discussions would be protected by the attorney-

client privilege.

49. The Lead Plaintiffs' attempt to portray Debtors' objections on the basis of the

attorney-client privilege during the Dellinger Deposition as improper simply cannot withstand

scrutiny, and therefore, the Lead Plaintiffs' Motion to Compel should be denied as it relates to

the attorney-client privileged portions of the testimony of Robert Dellinger.

---

[5]    It has since come to the attention of the Debtors that, on one occasion, Mr. Dellinger was involved in a meeting with counsel and members of the SEC and other attorneys during which certain aspects of the internal investigation were discussed.  Dellinger Decl. (Ex. G) ¶ 3(d).  However, the purpose of that meeting was not to discuss any past practices of Deloitte (and no such discussions were had), but rather to discuss Delphi's ongoing efforts to implement certain corrective measures and introduce new Delphi executives, such as Mr. Dellinger, to the members of the SEC.  *Id.*  All briefings of Mr. Dellinger during which past practices of Deloitte may have been discussed, were conducted with in-house counsel or outside counsel or their agents present expressly for the purpose of providing legal advice.  To the extent that any portion of the discussions held at this meeting relate to any questions posed by the Lead Plaintiffs during Mr. Dellinger's deposition -- and this is not at all clear -- the Debtors submit that such matters fall well outside the proper scope of the deposition, and therefore should be protected from any further discovery pursuant to the arguments made above for a protective order limiting the scope of the deposition.

<u>Waiver Of Memorandum Of Law</u>

50.    Because there are no novel issues of law presented herein and that the

legal authority for the relief being sought is set forth herein, the Debtors respectfully request that

this Court waive the requirement that the Debtors file a memorandum of law in support of this

Motion as provided in Rule 9013-1(b) of the Local Bankruptcy Rules for the United States

Bankruptcy Court for the Southern District of New York.

<u>Conclusion</u>

WHEREFORE, the Debtors respectfully request that this Court enter an order

granting the relief requested herein, and such other and further relief as may be just.

Dated:   New York, New York
         December  29, 2005


                                        _/s/ Douglas P. Bartner_____
                                        Douglas P. Bartner (DB-2301)
                                        William J.F. Roll, III  (WR-8996)
                                        Andrew V. Tenzer  (AT-2263)

                                        SHEARMAN & STERLING LLP
                                        599 Lexington Avenue
                                        New York, New York 10022-6069
                                        Telephone:  (212) 848-4000
                                        Facsimile:  (212) 848-7179

                                        *Special Counsel for Debtors*

Exhibit A

Transfer Order

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 2 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1725*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE DELPHI CORP. SECURITIES, DERIVATIVE AND "ERISA" LITIGATION

### BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, JOHN F. KEENAN,[*] D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation currently consists of 24 actions listed on the attached Schedule A and pending in three districts as follows: sixteen actions in the Eastern District of Michigan, seven actions in the Southern District of New York, and one action in the Southern District of Florida.[1] Before the Panel is a motion by defendants[2] for centralization, pursuant to 28 U.S.C. § 1407, of all 24 actions in the Southern District of New York. Plaintiff in the Southern District of Florida action opposes transfer of his action, but suggests the Southern District of Florida as an alternative transferee forum. Lead plaintiffs in fifteen consolidated actions in the Eastern District of Michigan claiming violations of the Employee Retirement Income Security Act (ERISA) oppose transfer of their actions; alternatively, these lead plaintiffs suggest the Eastern District of Michigan as an appropriate transferee forum. The remaining responding parties either support or do not oppose defendants' motion.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Michigan will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions share factual questions arising from alleged misrepresentations or omissions concerning Delphi's financial condition. Whether the actions are

---

[*] Judges Hodges and Keenan took no part in the decision of this matter.

[1] The Panel has been notified that an additional action is pending in the Southern District of New York. This action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Delphi Corp. (Delphi); Delphi Board of Directors; Delphi Board of Directors Executive Committee; Delphi Employee Benefits Committee; Delphi Employee Benefits Plan Executive Committee; Delphi Mechatronic Board of Directors; Delphi Trust I; Employee Benefit Plans Committee; J.T. Battenberg, III; John G. Blahnik; Robert H. Brust; Virgis W. Colbert; Alan S. Dawes; Oscar de Paula Bernardes Neto; David N. Farr; Michael S. Fligstein; Bernd Gottschalk; Shoichiro Irimajiri; Susan A. McLaughlin; Craig Naylor; Cynthia A. Niekamp; Rodney O'Neal; John D. Opie; Roger S. Penske; Donald S. Runkle; John D. Sheehan; Thomas Sprunger; Patricia C. Sueltz; James P. Whitson; and Thomas H. Wyman.

- 2 -

brought by securities holders seeking relief under the federal securities laws, shareholders suing derivatively on behalf of Delphi, or participants in retirement savings plans suing for violations of ERISA, all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The objecting Michigan plaintiffs argue that the ERISA actions should not be centralized in one docket with the securities and derivative actions because the ERISA inquiry entails investigation of facts unique to their ERISA actions. We are unpersuaded by this argument. The governing statute contemplates transfer for "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). Accordingly, we leave the degree and manner of any such coordination or consolidation to the discretion of the transferee judge. Transfer of all related actions to a single judge has the salutary effect of fostering a pretrial program that: i) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and ii) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The transferee judge, of course, may establish separate tracks for discovery and motion practice in any constituent MDL-1725 action or actions, whenever he determines that such an approach is appropriate.

In concluding that the Eastern District of Michigan is an appropriate forum for this docket, we observe that this district has a significant nexus to the litigation. This district is where many relevant documents and witnesses are likely to be found, inasmuch as Delphi's principal place of business is located there. Further, since Michigan is the situs of related state court proceedings (a shareholder derivative action), centralization in the Eastern District of Michigan carries the added benefit of easily coordinating discovery between the federal and state proceedings, should such a need arise.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Michigan are transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable Gerald E. Rosen for coordinated or consolidated pretrial proceedings with the actions pending in that district.

FOR THE PANEL:

D. Lowell Jensen
Acting Chairman

# SCHEDULE A

<u>MDL-1725 -- In re Delphi Corp. Securities, Derivative & "ERISA" Litigation</u>

### <u>Southern District of Florida</u>

*Sidney Bernstein v. Delphi Trust I, et al.*, C.A. No. 9:05-80307

### <u>Eastern District of Michigan</u>

*Mary M. Brewer, et al. v. Delphi Corp., et al.*, C.A. No. 2:05-70882
*Steven Kramer, et al. v. Delphi Corp., et al.*, C.A. No. 2:05-70940
*Steven Willis, et al. v. Delphi Corp., et al.*, C.A. No. 2:05-71030
*Neal C. Folck v. Delphi Corp., et al.*, C.A. No. 2:05-71200
*Michael Polito, et al. v. Delphi Corp., et al.*, C.A. No. 2:05-71249
*Chris Glinka v. Delphi Corp., et al.*, C.A. No. 2:05-71291
*Kimberly Chase-Orr v. Delphi Corp., et al.*, C.A. No. 2:05-71339
*Clemie Hunter v. Delphi Corp., et al.*, C.A. No. 2:05-71396
*Edward Hammer v. Delphi Corp., et al.*, C.A. No. 2:05-71397
*Thomas A. Reilly, Jr. v. Delphi Corp., et al.*, C.A. No. 2:05-71398
*Greg Bartell v. Delphi Corp., et al.*, C.A. No. 2:05-71437
*Thomas Kessler, et al. v. Delphi Corp., et al.*, C.A. No. 2:05-71508
*Larry A. Williams v. Delphi Corp., et al.*, C.A. No. 2:05-71620
*Daniel Lazor v. Delphi Corp., et al.*, C.A. No. 2:05-71897
*Carolyn Hanners v. Delphi Corp., et al.*, C.A. No. 2:05-72198
*Shawn Dangerfield, etc. v. J.T. Battenberg, III, et al.*, C.A. No. 2:05-72550

### <u>Southern District of New York</u>

*In re Delphi Corp. Securities Litigation*, C.A. No. 1:05-2637
*Thomas Morrison v. Delphi Corp., et al.*, C.A. No. 1:05-2656
*Robert Hillman v. Delphi Corp., et al.*, C.A. No. 1:05-2732
*Vanessa Jones v. Delphi Corp., et al.*, C.A. No. 1:05-3323
*Ira Gaines v. Delphi Corp., et al.*, C.A. No. 1:05-3439
*Frank J. Fosbre, Jr., etc. v. J.T. Battenberg, III, et al.*, C.A. No. 1:05-3490
*Policemen's Annuity & Benefit Fund of Chicago v. Delphi Corp., et al.*,
  C.A. No. 1:05-4476

Exhibit B

Sabella Letter



## Grant & Eisenhofer P.A.

Jay W. Eisenhofer
Stuart M. Grant
Megan D. McIntyre
Geoffrey C. Jarvis
Sidney S. Liebesman
John C. Kairis
Michael J. Barry
James J. Sabella*
David E. Sallinger**

Stephen G. Grygiel*
Diane T. Zilka

Chase Manhattan Centre
1201 North Market Street
Wilmington, DE 19801
Tel: 302-622-7000 • Fax: 302-622-7100

45 Rockefeller Center, 15th Floor
630 Fifth Avenue
New York, NY 10111
Tel: 646-722-8500 • Fax: 646-722-8501

www.gelaw.com

Direct Dial: 646-722-8520
Email: jsabella@gelaw.com

Jill Agro
Jeff A. Almeida▫
Nauman A. Amjed
Peter B. Andrews
James R. Banko
Jacqueline Bryks*
Cynthia A. Calder
P. Bradford deLeeuw*
Lydia Ferrarese*
Benjamin J. Hinerfeld◊
Gregg S. Levin†
Christine Mackintosh◊
James P. McEvilly, III□

Sharon Nirmul
Russell D. Paul
Catherine Pratsinakis▫
Brian M. Rostocki
Lauren E. Wagner
Marc D. Weinberg◊
Kimberly L. Wierzel
Michelle T. Wirtner

▫ Admitted in NJ & PA Only
I Admitted in MA & DC Only
◊ Admitted in ME & MA Only
♦ Admitted in NY Only
** Admitted in MD, NY & DC Only
⅄ Admitted in NY & Italy Only
ε Admitted in PA Only

December 15, 2005

Via Facsimile Transmission
and First Class Mail

John Wm. Butler, Jr., Esq.
John K. Lyons, Esq.
Ron E. Meisler, Esq.
David E. Springer, Esq.
Matthew J. Micheli, Esq.
Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

Stuart J. Baskin, Esq.
Brian H. Polovoy, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, New York 10022-6069

Re:    Discovery Request Relating to Lead Plaintiffs' Objection to Debtors'
       Application for Order Under 11 U.S.C. §§ 327(A), 328(A) And 1107(B)
       Authorizing Employment And Retention, Nunc Pro Tunc to October 8, 2005, of
       Deloitte & Touche LLP As Independent Auditors and Accountants To Debtors
       ("Lead Plaintiff's Deloitte Objection")

Dear Counsel:

       We represent the Teachers' Retirement System of Oklahoma, the Public Employees'
Retirement System of Mississippi, Raiffeisen Kapitalanlage-Gesellschaft m.b.H. and
Stichting Pensioenfonds ABP (collectively, "Lead Plaintiffs"), the Court appointed Lead

❖

John Wm. Butler, Jr. Esq. *et al.*
December 15, 2005
Page 2

Plaintiffs in the consolidated securities class action entitled *In re Delphi Corp. Securities Litigation*, Master File No. 1:05-CV-2637 (NRB)(SDNY).

This confirms your agreement to make Robert J. Dellinger available for deposition on Tuesday, December 20, 2005 from 1pm to 5pm at the offices of Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York in connection with the Objection.[1]  In anticipation of Mr Dellinger's deposition and in connection with the Objection, we request that you produce the following documents and answer the following interrogatories by no later than noon on Monday, December 19, 2005:[2]

1.  Please identify each witness that you intend to call at the hearing in support of the Deloitte Application and a summary of each such witness's expected testimony;

2.  Please identify the following persons:

    (a) Deloitte professional personnel who worked on Deloitte's pre-petition Delphi engagements;

    (b) Deloitte professional personnel who it is anticipated will work on Deloitte's engagements for the Debtor;

3.  Please produce the following documents:

    (a) All documents relied on by Delphi's Audit Committee in reaching its conclusions, as reported in the Form 8-K filed with the SEC on or about March 4, 2005 ("March 4, 2005 8-K") that the Company "did not have effective controls related to the administration and accounting for contracts" and that it "does not have adequate controls to identify and analyze the terms and conditions, both written and unwritten, of new contracts;"

    (b) All documents relied on by the Company in reaching its conclusion, as reported in the March 4, 2005 Form 8-K that "the audited financial statements

---

[1] The term "Objection" means Lead Plaintiffs' Objection to Debtors' Application for Order Under 11 U.S.C. §§ 327(A), 328(A) And 1107(B) Authorizing Employment And Retention, Nunc Pro Tunc to October 8, 2005, of Deloitte & Touche LLP As Independent Auditors and Accountants To Debtors.

[2] For purposes of Debtors' response to this letter, the Uniform Definitions in Discovery Requests set forth in Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern District of New York, incorporated by reference in Rule 7026-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") shall apply to this request for information and documents. Further, the requirements of Rules 7033-1 and 7034-1 of the Local Rules are incorporated herein.  The term "Delphi" and the "Company" shall refer to Delphi Corporation. The term "Deloitte" shall refer to Deloitte & Touche LLP. Reference to the "Deloitte Application" means the Application for an Order Under 11 U.S.C. §§ 327(A), 328(A) And 1107(B) Authorizing Employment And Retention, Nunc Pro Tunc to October 8, 2005, of Deloitte & Touche LLP As Independent Auditors and Accountants To Debtors.

John Wm. Butler, Jr. Esq. *et al*
December 15, 2005
Page 3

and related independent auditors' reports for 2001 and subsequent periods ...
should no longer be relied upon and a restatement will be required;"

(c) All documents relied upon by the Company in reaching the conclusion
expressed in the Company's Form 10-K for the year ended December 31,
2004, filed with the SEC on June 30, 2005 (the "Restatement'), that "Delphi
had not maintained effective internal controls over financial reporting at
December 31, 2004" and "Delphi's disclosure controls and procedures were
also ineffective;"

(d) All memoranda on internal controls, management letters and similar
documents submitted by Deloitte to the Company or its Audit Committee
from January 1, 1999 to date;

(e) All minutes of meetings of the Audit Committee from January 1, 1999 to date;

(f) All memoranda and reports submitted by Deloitte to the Audit Committee
from January 1, 1999 to date;

(g) All memoranda and reports submitted by Deloitte to the Company relating to
problems encountered during any of Deloitte's audits of the Company's
financial statements;

(h) All documents relied on by the Company in preparing the Restatement
including all documents supporting the following statements set forth in the
Restatement:

    i.  Delphi did not recognize certain liabilities or appropriately defer
recognition of payments and credits that were received in conjunction
with agreements for future information technology services. In
addition, the investigation identified other rebate transactions
occurring between 1999 and 2004 in which the payments and credits
received by Delphi from suppliers were tied to agreements for the
provision of future services or products, and for which Delphi
recognized the payment or credit when received rather than as the
services were performed or products were purchased. In addition, in
certain of these transactions, credits were accrued without sufficient
certainty of the collectibility of the amount recorded. The impact of
these adjustments on originally reported retained earnings at December
31, 2001 and on 2002 and 2003 pre-tax income is $(86) million, $15
million and $8 million, respectively;

    ii.  Delphi improperly deferred recognition of approximately $22 million
of payments made for system implementation services in 2002. These
payments should have been recorded as expense when services were
rendered, rather than deferred and recorded as an expense in later
periods;

John Wm. Butler, Jr. Esq. *et al.*
December 15, 2005
Page 4

 iii. In 1999 and 2000, Delphi improperly recorded asset dispositions, in a series of transactions, amounting to approximately $145 million of indirect materials to an indirect material management company. Delphi recorded pre-tax income of approximately $60 million in 1999 and an additional $16 million in 2000 from the transactions. The transactions should not have been accounted for as asset dispositions but rather as financing transactions, principally because Delphi had an obligation to repurchase such materials. The gain recognized at the time of sale and subsequent expense recognized in periods when materials were repurchased has been eliminated. The pre-tax operating income effect primarily reflects earlier recognition of valuation allowances related to this material resulting in a decrease in retained earnings at December 31, 2001 of $50 million and a reduction of $45 million in the pre-tax loss for 2003. The cash flow effect of accounting for these transactions as financings is to reclassify approximately $138 million and $33 million of cash flow from operations to cash flow from financing activities in 1999 and 2000, respectively. In 2002 and 2003, Delphi repurchased certain indirect materials from the indirect material management company, recording a portion of the material repurchased as assets and writing-off the remainder;

 iv. In 2000 and 2001, Delphi entered into several transactions, in each case improperly recording the transaction as a disposal of inventory to a third party and repurchasing the same inventories in subsequent periods. Each of these transactions should have been accounted for as a financing transaction, not a disposal. Specifically, in the fourth quarter of 2000, Delphi entered into transactions, one for approximately $70 million, a second to a different third party for approximately $200 million, and a third, also with a different third party, for approximately $7 million. In the first transaction, Delphi recorded a disposal of inventory at book value; in the second, which involved precious metals, Delphi recorded a disposal of inventory at a gain of approximately $6 million, and in the third, Delphi recorded a disposal of inventory of a gain of approximately $1 million. In the first and fourth quarters of 2001, Delphi disposed of $10 million and $9 million, respectively of inventory at book value. Recording the fourth quarter transactions as inventory disposals resulted in the recognition of LIFO inventory gains that increased pre-tax income for the year ended December 31, 2000 by approximately $100 million. Finally, in the case of the $70 million transaction in 2000 and each of the transactions in 2001, Delphi recorded an account receivable for the purchase price, and then allowed the third party to settle the account receivable using cash received through financing arranged by Delphi. As a result, Delphi received no increased cash flow in the quarter the inventory was sold. Because Delphi changed its accounting for inventories from the LIFO method to the first-in-first-out method

John Wm. Butler, Jr. Esq. *et al*
December 15, 2005
Page 5

(FIFO) in 2003, and generally accepted accounting principles required the restatement of its historical financial statements to give retroactive effect to the accounting change, the transactions' impact on LIFO reserves had been previously eliminated. Accordingly, the impact of these transactions on originally reported pre-tax income was to reduce 2000 pre-tax income by approximately $7 million and increase 2001 pre-tax income by approximately $6 million. The cash flow statement impact on originally reported results is to reclassify approximately $200 million included in 2000 cash flow from operations to cash provided by financing activities and to conversely increase 2001 cash flow from operations and cash used for financing activities each by approximately $200 million;

v. Delphi improperly accounted for $202 million in cash payments made to its former parent in calendar year 2000 as a pension settlement agreement. The payment should have been accounted for as a settlement of warranty claims and should have been expensed or charged against the warranty accrual in 2000 rather than reflected as an adjustment to post retirement obligations and amortized over future periods. Furthermore, with respect to $85 million in credits received in 2001 from its former parent, Delphi determined that $30 million of such credits were improperly recorded as a reduction to expense in 2001 and 2002. The credits should have been recognized as a reduction to warranty obligations when utilized. The net effect of these changes is to reduce 2001 pre-tax income by $30 million, reduce 2002 pre-tax income by $20 million and increase 2003 pre-tax income by $20 million. In addition, in conjunction with a separate agreement, Delphi should have recognized a $10 million warranty obligation to its former parent in the first quarter of 2003. This adjustment has the effect of reducing 2003 pre-tax earnings by $10 million. The income impact of the warranty settlement adjustments is partially offset by the reversal of a portion of pension expense being recognized in conjunction with the original accounting treatment, $7 million, $0 and $18 million in 2001, 2002 and 2003 respectively;

vi. Delphi identified obligations that were not properly accrued for at the end of an accounting period. Delphi also identified other accounting adjustments that were not recorded in the proper period. These out of period adjustments were not material to the financial statements as originally reported; however, as part of the restatement, are being recognized in the period in which the underlying transaction occurred. The impact of these adjustments on originally reported pre-tax income for 2002 and 2003 is $(14) million and $(34) million, respectively;

John Wm. Butler, Jr. Esq. *et al.*
December 15, 2005
Page 6

(i) All documents supporting any additional adjustments to the financial statements that were included in the Restatement, not specifically identified in question 2(i) above;

(j) All internal accounting papers reviewed by or provided to Deloitte relating to the transactions that are the subject of the Restatement;

(k) All documents evidencing any compensation paid to Deloitte or affiliate of Deloitte, including Deloitte FAS, Deloitte Consulting, or Deloitte Tax, for fiscal year ended December 31, 2004 for audit and/or non-audit related services;

(l) All engagement letters relating to the retention of Deloitte or affiliates of Deloitte, including Deloitte FAS, Deloitte Consulting, or Deloitte Tax, for audit or non-audit related services;

(m) Any and all documents evidencing Deloitte's consideration during the period covered by the Restatement of the following "red flags" of potential accounting misfeasance:

    i. Management compensation incentives specifically tied to the Company' financial metrics and huge annual bonuses for achieving these measures of success;

    ii. Delphi's adoption of an "aggressive inventory management" program in 2000 and other cost-cutting initiatives;

    iii. Delphi's management's display and/or communication of an appropriate attitude regarding internal controls and the financial reporting process;

    iv. The competency and/or qualifications of Delphi's accounting, information technology, or internal auditing staff;

    v. Large transactions not in the ordinary course of business, such as Delphi's inventory and asset disposal transactions with Setech, BBK and Bank One;

    vi. Delphi's accounting for transactions with GM, including the accounting for pension benefits and warranty obligations;

(n) All documents concerning Deloitte's retention to design and implement SAP or any other financial information system in 1999 and 2000;

(o) All documents reflecting Deloitte's review of the Company's financial reporting systems in connection with its development and/or design of a financial reporting system for the Company in 1999 and 2000;

John Wm. Butler, Jr. Esq. *et al.*
December 15, 2005
Page 7

    (p) All documents constituting the Company's assessment of Deloitte's performance of its audit and/or non-audit related services pre-petition including all communications by the Audit Committee to management concerning any assessment of Deloitte's performance;

    (q) All documents relating to any inquiry or investigation conducted by the Company into the transactions that were restated in the Restatement;

    (r) All documents constituting communications between the Company and Deloitte relating to the Restatement;

    (s) All documents reflecting any measures taken by Deloitte to modify its audit plan in response to the Restatement; and

    (t) All documents evidencing any discussions between Deloitte and the Company prior to and following the filing of the Company's Chapter 11 petition, relating to the retention of Deloitte for any post-petition services.

4. All documents relating to the Company's decision not to engage Deloitte for the audit of the Company's financial statements for the year ending December 31, 2006;

5. All documents relating to the Company's decision to hire Ernst & Young LLP as its outside auditor for year ending December 31, 2006.

    In addition, as you agreed in today's meet and confer in connection with the Objection, we look forward to your informing us on Monday whether you have authority to accept trial subpoenas for the members of Delphi's audit committee, including the following individuals: Robert H. Brust, Oscar De Paula Bernardes Neto, Cynthia A. Niekamp, John D. Opie, and Thomas H. Wyman.

                Sincerely,

                James. G. Sabella

cc:    Michael Etkin. Esq. (Via Facsimile)
       Brad Beckworth, Esq. (Via Facsimile)
       Michael Yarnoff, Esq. (Via Facsimile)
       John P. Coffey, Esq. (Via Facsimile)

Exhibit C

Kelly Letter

# SHEARMAN & STERLING LLP

599 LEXINGTON AVENUE | NEW YORK | NY | 10022-6069

WWW.SHEARMAN.COM | T +1.212.848.4000 | F +1.212.848.7179

lkelly@shearman.com                                          December 19, 2005
(212) 848-8768

<u>By Facsimile and First Class Mail</u>

Stuart M. Grant
James G. Sabella
Grant & Eisenhofer P.A.
45 Rockefeller Center
15th Floor
630 Fifth Avenue
New York, NY 10111

Discovery Request Relating to Lead Plaintiffs' Objection to Debtors' Application for Order
Under 11 U.S.C. 327(A), 328(A) and 1107(B) Authorizing Employment And Retention, Nunc
Pro Tunc to October 8, 2005, of Deloitte & Touche LLP As Independent Auditors and
<u>Accountants To Debtors ("Lead Plaintiffs' Deloitte Objection")</u>

Dear Counsel:

We are in receipt of your letter dated December 15, 2005.  The following sets forth the Debtors'
responses and objections to the discovery requests contained therein (the "Discovery Requests")
(using your numbering).

    1.    To date, the Debtors have identified the following witnesses that may be
called at the hearing in support of the Debtors' application to employ and
retain Deloitte & Touche LLP as independent auditors (the "Deloitte
Application"):

        Robert Dellinger, Chief Financial Officer, Delphi Corporation
        Brock Plumb, Partner, Deloitte & Touche LLP

    If called as a witness, Mr. Dellinger would testify as to the prejudice to the
Debtors in the event that the Deloitte Application is denied.  Mr. Plumb

ABU DHABI  |  BEIJING  |  BRUSSELS  |  DÜSSELDORF  |  FRANKFURT  |  HONG KONG  |  LONDON  |  MANNHEIM  |  MENLO PARK
MUNICH  |  NEW YORK  |  PARIS  |  ROME  |  SAN FRANCISCO  |  SÃO PAULO  |  SINGAPORE  |  TOKYO  |  TORONTO  |  WASHINGTON, DC

SHEARMAN & STERLING LLP IS A LIMITED LIABILITY PARTNERSHIP ORGANIZED IN THE UNITED STATES UNDER THE LAWS OF THE STATE OF DELAWARE WHICH LAWS LIMIT THE PERSONAL LIABILITY OF PARTNERS.

12/19/2005 13:12 FAX  7488              S & S LLP 10TH FL                          ☒003/005

James G. Sabella                                          December 19, 2005
Stuart M. Grant
Page 2


would testify as to Deloitte & Touche's relationships with interested
parties in these chapter 11 cases. The Debtors reserve the right not to call
these witnesses or to call such additional witnesses as they determine at
the time of the hearing.

2.   The Debtors object to this interrogatory as overbroad and unduly
burdensome to the extent that it seeks the identity of each and every
Deloitte & Touche professional that has at any time worked or will work
on Deloitte's engagements for the Debtors. Subject to and without
waiving these objections, the Debtors respond as follows:

    (a)   The principal Deloitte & Touche partners responsible for
Deloitte's prepetition Delphi engagements were:
        Nichols Difazio – 5/1999 to 3/2003
        Duane Higgins – 3/2003 to 3/2005

    (b)   The principal Deloitte & Touche partner who it is
anticipated will work on Deloitte's engagement for the Debtors is:
        Brock Plumb – 3/2005 to present

3.   The Debtors object to providing the information in documents sought in
request number 3 (including all sub parts thereof) as an apparent but
improper attempt to obtain discovery of the Debtors for purposes of *In re
Delphi Corp. Securities Litigation* (the "Securities Litigation"), which
action has been stayed against the Debtors by operation of Section 362(a)
of the Bankruptcy Code and which discovery has been stayed generally by
operation of the Private Securities Litigation Reform Act. The matters
sought are also beyond the scope of permissible discovery on the Deloitte
Application, and the requests are unduly burdensome and oppressive,
especially in light of the lack of relevance to the Deloitte Application and
the legal standards applicable thereto. The requests are also unduly
burdensome to the extent that they seek potentially thousands of
documents over a number of years to be produced in approximately one
business day. The Debtors further object to the extent that the requests are
vague, ambiguous and overbroad, or call for the production of documents
that are protected by the attorney-client privilege, the attorney work
product doctrine, or that are protected by any other applicable privilege,
doctrine or immunity.

James G. Sabella                                                    December 19, 2005
Stuart M. Grant
Page 3


4.    The objections to request number 3 are incorporated herein.

5.    The objections to request number 3 are incorporated herein.

The Debtors reserve the right to modify this response or to make additional objections to the Discovery Requests.

With respect to your request in the meet and confer on December 15, 2005 that we accept service of trial subpoenas for the members of Delphi's Audit Committee, we confirm that we have authority to accept such service, provided that you do not to seek to depose current or former members of the Audit Committee in connection with the Deloitte Application. You stated in the meet and confer that you would agree to this condition in exchange for our acceptance of service of the trial subpoenas. Please confirm your agreement to this condition. Our agreement to accept service of the trial subpoenas is based on the understanding that the individuals will be deemed to have been personally served in their homes, but without waiving any other objections they or the Debtors have to the subpoenas. As discussed in the meet and confer, the Debtors and the subpoena parties reserve the right to move to quash or modify or otherwise obtain protection from the court with respect to the subpoenas. Please note that the current members of the Audit Committee are Robert H. Brust, Oscar De Paula Bernardes Neto, John D. Opie and John Walker rather than the list identified in your letter.

As also discussed in the meet and confer, the Debtors object to any request for depositions of the members of the Audit Committee, and to the depositions requested in your letter of December 12, 2005, as outside the scope of permissible discovery on the Deloitte Application or duplicative of Mr. Dellinger's testimony.

With respect to the deposition of Robert J. Dellinger, we confirm that Mr. Dellinger will be available for deposition on Tuesday, December 20, 2005 from 1:00 p.m. 5:00 p.m. at the offices of Shearman & Sterling LLP 599 Lexington Ave., New York, NY 10022. However, as discussed in the meet and confer, we are prepared to produce Mr. Dellinger for deposition only in connection with matters relevant to the Deloitte Application and not with regard to matters relating to the Securities Litigation. Your document requests suggest you intend to question Mr. Dellinger regarding matters beyond the scope of permissible discovery on the Deloitte Application. Please be advised that the Debtors will object to any questions regarding such matters, including the subjects of your document requests nos. 3 to 5, and Mr. Dellinger will not provide deposition testimony regarding those matters. Mr. Dellinger will be available as indicated above to testify regarding the subjects that will be addressed in his affidavit to be filed

James G. Sabella                                            December 19, 2005
Stuart M. Grant
Page 4


in support of the Deloitte Application, i.e., the necessity of retaining Deloitte & Touche to
complete the 2005 audit and the severe prejudice to the Debtors if the Deloitte Application is
denied.

Regards,

Lynette C. Kelly


cc:  David E. Springer (via email)
     Matthew J. Micheli (via email)
     Ron E. Meisler (via email)


NYDOCS03/791820.4

Exhibit D

Redacted pursuant to Confidentiality Stipulation

Exhibit E

Kelly Affidavit

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                               :

       In re                        :    Chapter 11
                                 :
DELPHI CORPORATION, <u>et al.</u>,    :    Case No. 05-44481 (RDD)
                               :
                  Debtors.    :    (Jointly Administered)
                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF LYNETTE C. KELLY, PURSUANT TO LOCAL BANKRUPTCY RULE 7007-1(a), IN
SUPPORT OF DEBTORS' (I) MOTION (A) TO QUASH TRIAL SUBPOENAS AND (B) FOR A
<u>PROTECTIVE ORDER AND (II) OBJECTION TO LEAD PLAINTIFFS' MOTION TO COMPEL</u>

Lynette C. Kelly, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

          1.     I am counsel with the law firm of Shearman & Sterling LLP ("Shearman"),

special counsel for Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors").  I

submit this affidavit in support of Debtors' (I) Motion (A) To Quash Trial Subpoenas Issued To

Members Of Debtors' Audit Committee And For Protective Order And (B) For A Protective Order

To Limit The Scope Of The Deposition Of Robert Dellinger To Only Those Matters Pertaining

Directly To The Debtors' Application For Order Authorizing Employment And Retention of Deloitte

& Touche LLP And (II) Objection To Lead Plaintiffs' Motion To Compel Deposition Testimony

And The Production Of Documents In Connection With The Debtors' Application For Order Under

11 U.S.C. §§ 327(a), 328(a), And 1107(b) Authorizing Employment And Retention Of Deloitte &

Touche LLP As Independent Auditors And Accountants to Debtors, Effective <u>Nunc</u> <u>Pro</u> <u>Tunc</u> To

October 8, 2005 And Objections Filed Thereto (the "Motion"), and in compliance with Rule 26(c)

of the Federal Rules of Civil Procedure and Local Bankruptcy Rule 7007-1(a).

          2.     Immediately prior to the deposition on December 20, 2005, of Robert

Dellinger, the Chief Financial Officer of Delphi, I sought agreement from counsel for the Lead

Plaintiffs (as defined in the Motion) to a stipulation to limit the scope of the deposition to those

topics directly relating to the Application.  Counsel for the Lead Plaintiffs refused the offered

stipulation.

      3.      On December 22, 2005, I met with counsel for the Lead Plaintiffs again to

confer in a good faith effort to resolve by agreement the disputed scope of the deposition.

Specifically, we conferred on five questions posed to Mr. Dellinger as to which I instructed him

not to answer on the basis of their being outside the proper scope of the deposition.  Unfortunately,

that meeting did not result in a mutually satisfactory agreement between the parties, thus resulting

in the need to seek the intervention of this Court.


      I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 22nd day of December, 2005
New York, New York




                /s/ Lynette C. Kelly
                   Lynette C. Kelly


Sworn to before me this 22nd day of December, 2005

/s/ Marian D. Luketic
      Marian D. Luketic
      Notary Public State of New York
      No. 02LU5083644
      Qualified in Nassau County
      Commission Expires August 18, 2009

Exhibit F

Confidentiality Stipulation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - x
                       :
         In re              :    Chapter 11
                       :
DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                       :
            Debtors :    (Jointly Administered)
                       :
- - - - - - - - - - - - - - - - - - - - - - - - x

### STIPULATION AND AGREED PROTECTIVE ORDER GOVERNING PRODUCTION AND USE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION IN CONNECTION WITH THE DEBTORS' APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND 1107(b) AUTHORIZING EMPLOYMENT AND RETENTION OF DELOITTE & TOUCHE LLP AS INDEPENDENT AUDITORS AND ACCOUNTANTS TO DEBTORS, EFFECTIVE NUNC PRO TUNC TO OCTOBER 8, 2005 AND OBJECTIONS FILED THERETO

This Stipulation and Agreed Protective Order is entered into and submitted to the

Court in accordance with the agreement of counsel for Delphi Corporation ("Delphi") and

certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-

captioned cases (the "Debtors"), on the one hand, and the undersigned parties in interest,

on the other hand (the Debtors and the signatories to this Stipulation and Agreed

Protective Order being collectively the "Parties"), that discovery requested and other

information provided in connection with the Debtors' Application for Order Under

11 U.S.C. §§ 327(a), 328(a), and 1107(b) Authorizing Employment and Retention of

Deloitte & Touche LLP as Independent Auditors and Accountants to Debtors, Effective

Nunc Pro Tunc to October 8, 2005 (Docket No. 1222) and objections filed thereto (the

"D&T Application") may involve the production of information considered sensitive,

confidential, personal, proprietary, and/or protected by statutory or other legal privilege,

and it appearing to the Court that there is good and sufficient cause that the relief should

be granted,

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1    The terms of this stipulation and agreed protective order (the "Stipulation and Protective Order") shall take full force and effect upon execution by the Parties

2    Pursuant to Federal Rules of Civil Procedure 26(c), made applicable here through Federal Rules of Bankruptcy Procedure 7026 and Local Rule 7026-1, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and sections 105 and 107 of the Bankruptcy Code, 11 U S.C §§ 101-1330, as amended (the "Bankruptcy Code"), this Stipulation and Protective Order shall govern all discovery relating to the D&T Application.

3.    Any signatory to this Stipulation and Protective Order may designate as "Highly Confidential" any document, deposition testimony, or other information given by or on behalf of the Parties, and all information derived therefrom that a Party reasonably believes reflects non-public trade secrets, competitively sensitive business or development plans, forward-looking financial information, or personal information (the "Highly Confidential Information"). In addition, any signatory may designate as "Confidential" any other non-public information in any document, deposition testimony, or other information given by or on behalf of the Parties (the "Confidential Information") that the Party reasonably believes contains confidential information the distribution and use of which should be restricted in accordance with the terms of this Stipulation and Protective Order   Documents shall be designated as Confidential or Highly Confidential (a) by placing or affixing the words "Confidential" or "Highly Confidential" on each such

2

document, (b) by written notice to other Parties, or (c) by virtue of the fact that any such

document is otherwise already labeled as Confidential or Highly Confidential.

Deposition testimony or deposition exhibits may be designated as Confidential or Highly

Confidential either on the record during the deposition itself or by written notice (which

may be by email) delivered within two (2) business days following receipt of the

transcript by the Party who seeks to designate such deposition testimony as Confidential

or Highly Confidential. Where deposition testimony or exhibits are designated as

Confidential or Highly Confidential, the deposition transcript or deposition exhibits shall

be so marked as Confidential or Highly Confidential, as appropriate.

> 4.    Inadvertent failure to designate materials as Confidential or Highly

Confidential at the time of production or at the time of a deposition may be remedied at

any time thereafter by supplemental written notice (which may be by email) delivered

within two (2) business days after the production of such materials. Upon the service of

such notice, the identified materials shall be fully subject to this Stipulation and

Protective Order as if the materials had been initially designated as Confidential or

Highly Confidential.

> 5.    Material designated as Confidential pursuant to this Stipulation and

Protective Order shall only be inspected by and disseminated to the following persons:

> > a.    the Court and its staff;

> > b.    the Parties and counsel of record to the Parties, and clerical,

secretarial, and paralegal staff employed by such counsel;

> > d.    the Parties' retained professional advisors in the above-captioned

cases;

e.    any deponent, counsel for the deponent, and clerical, secretarial, and paralegal staff employed by such counsel; and

f.    court reporters and videographers engaged for recording testimony of a deposition relating to the D&T Application

6.    Material designated as Highly Confidential pursuant to this Stipulation and Protective Order shall only be inspected by and disseminated to the following persons:

a.    the Court and its staff;

b.    those counsel of record to the Parties, and clerical, secretarial, and paralegal staff employed by such counsel, who are involved in the litigation or negotiation of the D&T Application;

d.    the Parties' retained professional advisors in the above-captioned cases, to the extent they are involved in the litigation or negotiation of the D&T Application;

e.    any deponent, counsel for the deponent, and clerical, secretarial, and paralegal staff employed by such counsel, to the extent such deponent is actually shown Highly Confidential Information in connection with a deposition taken in connection with the D&T Application; and

f.    court reporters and videographers engaged for recording testimony of a deposition relating to the D&T Application.

7.    Confidential Information and Highly Confidential Information, or any information derived therefrom, shall be used or disclosed by a receiving Party solely for the purpose of the D&T Application, including litigation or negotiation of any

4

objections thereto, and not for any other purpose whatsoever  For the avoidance of

doubt, Confidential Information and Highly Confidential Information, or any information

derived therefrom, shall not be used or disclosed in connection with *In re Delphi Corp.*

*Securities Litigation*, Master File No. 1:05-CV-2637 (NRB)(SDNY).  Any person

receiving Confidential Information or Highly Confidential Information shall not reveal or

discuss such information to or with any person who is not entitled to receive such

information

       8.   The inadvertent production of any Confidential or Highly

Confidential document, material, or other information subject to a claim of attorney-

client privilege, attorney work product, or any other privilege or discovery exemption

shall not be deemed to be a waiver of any claim of privilege, confidentiality, or other

protection with respect to that or any other document, material, or information.  In the

event that any document or material that is subject to a claim that it is confidential,

privileged, or protected from discovery on any other ground is inadvertently produced,

the Party who received the inadvertently produced document or material shall return it

and all copies of it to the producing Party within three (3) business days after it receives

written notice (by letter or email) from the producing Party that the document or material

was inadvertently produced.  In the case of Confidential or Highly Confidential

documents or materials that were inadvertently produced without the appropriate

designation but that were otherwise intended to be produced, the producing Party shall

return to the Party to whom the documents or materials were inadvertently produced

copies of the documents and materials containing the appropriate designation within three

(3) business days of receipt of the returned documents or materials.

9.    If at any time a Party objects to the designation of documents or
information produced or testimony given as Confidential or Highly Confidential under
this Stipulation and Protective Order, the objecting Party shall notify the designating
Party in writing (which may be by email). The objecting Party shall identify the
documents or information in question and shall specify in reasonable detail the reasons
for the objection. Within two (2) business days of the receipt of such notice, the
disclosing and objecting Parties shall meet and confer in an effort to resolve their
differences. If the Parties cannot resolve their differences, the disclosing Party may apply
within two (2) days thereafter, or such longer time as the Parties may agree, for a ruling
from the Court on the propriety of the designation. While any such application is
pending the documents or information that are subject to the application shall remain
Confidential or Highly Confidential, as the case may be, until the Court rules. If the
disclosing Party does not apply to the Court for a ruling on the propriety of the
designation within two (2) days after the conclusion of the meet and confer, or within
such time as the Parties may agree, the documents or information that are subject of the
dispute will no longer be deemed Confidential or Highly Confidential. The disclosing
Party shall have the burden of proving to the Court's satisfaction and by a preponderance
of the evidence, that the document or information qualifies as sufficiently confidential,
under Rule 26(c) of the Federal Rules of Civil Procedure and/or Rule 9018 of the Federal
Rules of Bankruptcy Procedure, that its dissemination and use should be restricted in
accordance with the terms of this Stipulation and Protective Order.

10.    Nothing in this Stipulation and Protective Order shall be construed
as preventing any Party from objecting to the designation of any document or information

6

as Confidential or Highly Confidential or preventing any Party from seeking further

protection from the Court for any materials or information it produces in discovery.

      11.    Within thirty (30) days after the entry of an order by this Court

confirming a plan of reorganization or dismissing the cases, whichever first occurs, all

documents and other material designated as Confidential or Highly Confidential pursuant

to this Stipulation and Protective Order, and all copies thereof, including but not limited

to any notes or other transcriptions made therefrom, shall either be (a) returned to the

producing Party or Party creating such information, or (b) destroyed.  If the receiving

Party chooses to destroy any such documents or materials, then that Party shall deliver a

certificate attesting to that destruction to the Party who produced the Confidential or

Highly Confidential documents or materials within thirty (30) days after the entry of an

order by this Court confirming a plan of reorganization or dismissal of the cases, as the

case may be.

      12.    If documents, materials or information (including portions of

deposition transcripts) designated as Highly Confidential are to be included in any papers

to be filed in this Court or any other court, counsel filing such documents shall file with

such documents, and include on any copies it serves on other Parties, a notice that the

documents are, or are claimed to be, subject to this Stipulation and Protective Order,

identifying this Stipulation and Protective Order by date   Such papers shall be filed in a

sealed envelope bearing a label which contains the case caption, docket number, title of

paper being filed, and a legend that reads: "HIGHLY CONFIDENTIAL: FILED UNDER

SEAL."

      13.    This Stipulation and Protective Order shall not be construed to affect

7

in any way the admissibility of any document, testimony, or other evidence at a hearing on the D&T Application

14    Nothing in this Stipulation and Protective Order shall be construed to limit any disclosing Party's use or disclosure of its own documents, materials, or information. In addition, nothing in this Stipulation and Protective Order shall prevent or in any way limit disclosure, use, or dissemination of any information or documents that are in the public domain. This Stipulation and Order shall not prejudice in any way the rights of any Party to introduce into evidence or use at a hearing on the D&T Application any document, testimony, or other information that is subject to this Stipulation and Protective Order

15.    Any non-Party producing discovery materials in connection with the D&T Application may be included in this Stipulation and Protective Order by endorsing a copy of this Stipulation and Protective Order and delivering it to the requesting Party who, in turn, will serve it upon counsel for the other Parties and file it with the Court. The Parties to the D&T Application may designate discovery materials produced by a non-Party to the D&T Application as Confidential or Highly Confidential in accordance and consistent with the terms and provisions of this Stipulation and Protective Order.

16.    This Stipulation and Protective Order shall not prevent any Party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Protective Order, or from agreeing with other Parties to modify this Stipulation and Protective Order, subject to the approval of the Court.

17.    This Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Stipulation and Protective Order upon appropriate motion

8

by a party in interest

So Ordered in New York, New York, this __ day of _____, 2005

_____

Honorable Robert D. Drain
United States Bankruptcy Judge

9

AGREED TO AND
APPROVED FOR ENTRY:

Lynette C. Kelly
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

Attorneys for Delphi Corporation, et al.,
and Debtors and Debtors-in-Possession

10

LOWENSTEIN SANDLER PC

By: _____

Michael S. Etkin, Esq. (ME 0570)
Ira M. Levee, Esq. (IL 9958)
1251 Avenue of the Americas, 18th Floor
New York, New York 10019
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)
and
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2481 (Facsimile)

*Bankruptcy Counsel for Lead Plaintiffs and
the Prospective Class*

NIX, PATTERSON & ROACH, L.L.P.

By: _____

Jeffrey J. Angelovich
Bradley E. Beckworth
Susan Whatley
205 Linda Drive
Daingerfield, Texas 75638
Telephone:    (903) 645-7333
Facsimile:    (903) 645-4415

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP

By: _____

John P. Coffey (JC-3832)
Hannah E. Greenwald (HG-5180)
Mark D. Debrowski (MD-3968)
1285 Avenue of the Americas
New York, NY 10019
Telephone:    (212) 554-1400
Facsimile:    (212) 554-1444

**LOWENSTEIN SANDLER PC**

By:_____
Michael S. Etkin, Esq. (ME 0570)
Ira M. Levee, Esq. (IL 9958)
1251 Avenue of the Americas, 18th Floor
New York, New York 10019
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)
                    and
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2481 (Facsimile)

*Bankruptcy Counsel for Lead Plaintiffs and
the Prospective Class*


**NIX, PATTERSON & ROACH, L.L.P.**

By:_____
Jeffrey J. Angelovich
Bradley E. Beckworth
Susan Whatley
205 Linda Drive
Daingerfield, Texas 75638
Telephone:    (903) 645-7333
Facsimile:    (903) 645-4415


**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**

By: _____
John P. Coffey (JC-3832)
Hannah E. Greenwald (HG-5180)
Mark D. Debrowski (MD-3968)
1285 Avenue of the Americas
New York, NY 10019
Telephone:    (212) 554-1400
Facsimile:    (212) 554-1444

**GRANT & EISENHOFER, P.A.**

By: _____ (JS5454)
Jay W. Eisenhofer (JE-5503)
45 Rockefeller Center
650 Fifth Avenue
New York, NY 10111
Telephone:    (212) 755-6501
Facsimile:    (212) 755-6503
-and-
Geoffrey C. Jarvis
Sharan Nirmul
Jim Sabella
Ben Hinerfeld
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone:    (302) 622-7000
Facsimile:    (302) 622-7100


**SCHIFFRIN & BARROWAY, L.L.P.**

By: _____
Mi Yarnoff
Sean M. Handler
Jodi Murland
280 King of Prussia Road
Radnor, PA 19087
Telephone:    (610) 667-7056
Facsimile:    (610) 667-7706

*Co-Lead Counsel for Lead Plaintiffs and the
Prospective Class*

**GRANT & EISENHOFER, P.A.**

By:_____
Jay W. Eisenhofer (JE-5503)
45 Rockefeller Center
650 Fifth Avenue
New York, NY 10111
Telephone:     (212) 755-6501
Facsimile:     (212) 755-6503
-and-
Geoffrey C. Jarvis
Sharan Nirmul
Jim Sabella
Ben Hinerfeld
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone:     (302) 622-7000
Facsimile:     (302) 622-7100


**SCHIFFRIN & BARROWAY, L.L.P.**

By:_____
M. Yarnoff
Sean M. Handler
Jodi Murland
280 King of Prussia Road
Radnor, PA 19087
Telephone:     (610) 667-7056
Facsimile:     (610) 667-7706

*Co-Lead Counsel for Lead Plaintiffs and the
Prospective Class*

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York  10022
Telephone: (212) 848-4000
Facsimile:  (212) 848-7179
Douglas P. Bartner (DB-2301)
William J.F. Roll, III  (WR-8996)
Andrew V. Tenzer  (AT-2263)


Special Counsel for Delphi Corporation, et al.,
     Debtors and Debtors-in-Possession


Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698


Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
     In re                                   :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                                Debtors.      :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x


DECLARATION OF ROBERT DELLINGER IN SUPPORT OF DEBTORS' (I) MOTION TO
QUASH TRIAL SUBPOENAS AND FOR A PROTECTIVE ORDER AND (II) OBJECTION
TO LEAD PLAINTIFFS' MOTION TO COMPEL

Robert Dellinger, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

        1.    I am the Executive Vice-President and Chief Financial Officer ("CFO")

for Delphi Corporation ("Delphi").  I submit this affidavit in support of Debtors' (I) Motion (A)

To Quash Trial Subpoenas Issued To Members Of Debtors' Audit Committee And For

Protective Order And (B) For A Protective Order To Limit The Scope Of The Deposition Of

Robert Dellinger To Only Those Matters Pertaining Directly To The Debtors' Application For

1

Order Authorizing Employment And Retention Of Deloitte & Touche LLP And (II) Objection

To Lead Plaintiffs' Motion To Compel Deposition Testimony And The Production Of

Documents In Connection With The Debtors' Application For Order Under 11 U.S.C. §§

327(A), 328(A), And 1107(B) Authorizing Employment And Retention Of Deloitte & Touche

LLP As Independent Auditors And Accountants To Debtors, Effective Nunc Pro Tunc To

October 8, 2005 And Objections Filed Thereto (the "Motion").

       2.     I was appointed as CFO for Delphi on October 8, 2005, and began work

for Delphi on October 10, 2005.  As CFO, I am responsible for the complete range of finance

functions of Delphi, including accounting operations and financial filings.  As such, I was made

aware of an internal investigation into the restatement of certain financial statements by Delphi

made public earlier this year.  I have not participated in that investigation, however, as it was

undertaken prior to the beginning of my tenure with Delphi.

       3.     As part of my duties as CFO, I have engaged in discussions with members

of Delphi's Audit Committee and others.  Some of those discussions have related to the internal

investigation into the restatement of certain financial statements of Delphi that occurred earlier

this year.  In particular, I recall four discussions and/or meetings relating to that topic on or

around October 17, 2005, October 21, 2005, November 3, 2005 and November 14, 2005, all of

which were held in various offices behind closed door:

         a.    On Oct 17, 2005, I met with Al Vondra in Troy, Michigan.  Mr. Vondra is a

              partner at PriceWaterhouseCoopers ("PwC").  PwC was retained by Wilmer

              Cutler Pickering Hale & Dorr LLP ("Wilmer Cutler") to lead the forensic

              accounting and assist counsel in Wilmer Cutler's investigation (Wilmer Cutler

had been retained by Delphi's Audit Committee).  Mr. Vondra briefed me on the findings obtained while acting as an agent of Wilmer Cutler.

b.    On October 21, 2005, David Sherbin, Vice President and General Counsel of Delphi and I met with Robert Brust, the Chairman of Delphi's Audit Committee. The meeting took place in Rochester, New York.  The purposes of the meeting were to brief us on the investigation, to discuss corrective actions, and the role that Mr. Sherbin and I would play in driving implementation of the corrective actions and monitoring the progress.

c.    On November 3, 2005 in Troy, Michigan, I met with Charles Davidow and David Wilson of Wilmer Cutler, who led the investigation for the Audit Committee, and Joe Papelian, David Sherbin and Marjorie Loeb, in-house counsel at Delphi. During that meeting, we were briefed on key findings from the investigation and a status update of discussions with the SEC.

d.    On November 14, 2005, in Washington, D.C., David Sherbin and I met with members of the SEC, along with Chuck Davidow and David Wilson of Wilmer Cutler, Al Vondra of PwC and other counsel representing Delphi's Audit Committee.  The purposes of that meeting were to present new Delphi leadership to the SEC and to discuss our commitment to taking corrective actions to address the findings from the investigation.  The purpose of the meeting was not intended to discuss Deloitte & Touche LLP's past rendering of audit services and no such discussion was had.

4.    Except for the meeting with the SEC, both in-house counsel and outside counsel to Delphi or their retained professionals were present and participated significantly in

3

assisting to formulate Delphi's ongoing legal strategy relating to the investigation and underlying

issues surrounding Delphi's restatement of certain financial statements, including some resulting

litigation.

5.      With the exception of the meeting with the SEC, no third parties, unrelated

to Delphi, participated in any discussions relating to the results of the internal investigation.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 29 day of December, 2005
New York, New York


      /s/Robert Dellinger_____
            Robert Dellinger