# EXHIBIT A

### SUPPLEMENTAL PLUMB DECLARATION

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| x | |
| In re:<br><br>DELPHI CORP., et. al.,<br><br>Debtors. | Chapter 11<br>Case No. 05-44481 (RDD)<br><br>Jointly Administered |
| x | |

## SUPPLEMENTAL DECLARATION OF BROCK E. PLUMB IN SUPPORT OF APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(a), 328 (a) AND 1107(b) AUTHORIZING EMPLOYMENT AND RETENTION OF DELOITTE & TOUCHE LLP AS INDEPENDENT AUDITORS AND ACCOUNTANTS TO DEBTORS EFFECTIVE NUNC PRO TUNC TO OCTOBER 8, 2005

Brock E. Plumb, states under penalty of perjury that the foregoing is true and correct:

1. I am a partner in the firm of Deloitte & Touche LLP ("Deloitte & Touche"), which has an office located at 600 Renaissance Center, Suite 900, Detroit, Michigan 48243-1895. I submit this Supplemental Declaration (the "Supplemental Declaration") based upon inquiries made by me or on my behalf in support of the Application for Order Under 11 U.S.C. §§327(a), 328 (a) and 1107(b) Authorizing Employment and Retention of Deloitte & Touche LLP as Independent Auditors and Accountants To Debtors, effective nunc pro tunc to October 8, 2005 (the "Retention Application"). This Supplemental Declaration provides additional clarification and information with respect to matters set forth in my Affidavit dated November 9, 2005 and submitted in support of the Retention Application (the "Plumb

Affidavit"). Capitalized terms used herein are as defined in the Retention Application unless otherwise specified.

2. Paragraph 6(g) of the Plumb Affidavit described certain litigation against Deloitte & Touche. As noted therein, Deloitte & Touche has been named as a defendant in three private lawsuits related to Delphi Corporation ("Delphi"). The three suits are: (1) a consolidated securities class action pending in the United States District Court for the Southern District of New York, (2) a putative class action that has been consolidated into a larger ERISA action in the United States District Court for the Eastern District of Michigan, and (3) a shareholder's derivative suit that is pending in Michigan state court. Deloitte & Touche considers these lawsuits to be without merit and denies the material allegations.

    (a)    <u>The Consolidated Securities Litigation:</u> <u>In re Delphi Corp. Sec. Litig.</u>, No. 05-CV-2637 (NRB) (S.D.N.Y.)

On September 30, 2005, plaintiffs filed a Consolidated Amended Class Action Complaint asserting Rule 10-b(5), Section 11, Section 12, Section 15 and Section 20 claims under the federal securities laws against 37 defendants. In their complaint, plaintiffs allege that Delphi (1) improperly accounted for inventory transactions as sales even though they were actually financing transactions, (2) improperly accounted for more than $260 million in transactions with General Motors Corporation ("GM") by improperly classifying and recording a $202 million payment to GM as an adjustment to Delphi post-retirement benefit as opposed to a warranty adjustment, (3) prematurely recognized warranty credits that it received from GM in 2001, (4) failed to recognize a $10 million warranty obligation to GM in the first quarter of 2003, (5) improperly accounted for $110 million in transactions with suppliers by improperly recognizing

rebates and credits, (6) failed to accrue for obligations and recorded adjustments in the wrong periods, (7) did not accurately disclose the extent of its use of European credit facilities for financing, and (8) understated its inventory balances, and inflated its reported income, by failing to establish appropriate environmental reserves.

With respect to Deloitte & Touche, plaintiffs assert that the firm's opinions on Delphi's financial statements for fiscal years 1999 through 2003, as incorporated in the Form 10-K that Delphi filed annually with the SEC, "falsely stated that [Deloitte & Touche] had conducted its audits in accordance with GAAS and that, in [Deloitte & Touche's] opinion, Delphi's financial statements were prepared in accordance with GAAP," that Deloitte & Touche either knowingly or recklessly disregarded the alleged "fraudulent scheme" perpetrated by Delphi and supported by other defendants, ignored material internal control deficiencies and "red flags" at Delphi, failed to comply with professional standards, and "disregarded facts that indicated it had failed to obtain sufficient competent evidential matter to afford a reasonable basis for expressing unqualified opinions on Delphi's financial statements." Deloitte & Touche intends to file a motion to dismiss plaintiffs' complaint as to it.

 (b) The ERISA Litigation: Folck v. Delphi Corp., No. 05-CV-71200 (E.D. Mich.)

On March 28, 2005, a complaint was filed, purportedly on behalf of five Delphi employee benefit plans that invested in the Delphi Common Stock Fund (the "Fund"), as well as the individual Delphi employees who participated in those plans. The employee benefit plans and the Fund were registered with the SEC pursuant to registration statements on Form S-8 filed with the SEC. The suit is one of fifteen actions

consolidated as In re Delphi ERISA Litigation, No. 05-CV-70882, by Judge Borman in the Eastern District of Michigan. None of the other consolidated actions names Deloitte & Touche as a defendant and Deloitte & Touche is named in the above-referenced action only in a securities law count, not in any ERISA claim.

As to Deloitte & Touche, plaintiffs allege that (1) defendants, including Deloitte & Touche, signed the registration statements on Form S-8, that those registration statements expressly incorporated Delphi's future Exchange Act filings (including reports on Forms 10-K, 10-Q, and 8-K), and that those filings contained material misrepresentations and omissions, and (2) Delphi's financial results were misstated because of improper accounting for transactions involving rebates, credits, or other payments from suppliers, and off-balance-sheet financing of certain indirect materials and inventory. The Complaint does not specifically allege how Deloitte & Touche purportedly participated in the allegedly improper accounting.

On June 18, 2005, during a status conference in the various ERISA actions consolidated before Judge Borman, lead counsel for the plaintiffs stated that when a consolidated ERISA complaint is filed, no Section 11 Securities Act claim would be included and the consolidated complaint would not include claims for violations of the securities laws. Those claims excluded are the claims in which Deloitte & Touche was named.

(c)     The State Court Derivative Action: Weilheimer v. Battenberg, No. 2005 068931 CK (Oakland County (Mich.) Cir. Ct.)

On September 2, 2005, the above suit was filed as a shareholder derivative action on behalf of Delphi. Deloitte & Touche is named as a defendant in the text of the

Pg 6 of 8

complaint, but it is not named as a defendant in either the caption or the summons. Deloitte & Touche has not been served with a copy of the summons or complaint. The Weilheimer complaint alleges (1) that Deloitte & Touche and the individual defendants failed to maintain adequate accounting controls, employed improper accounting and auditing practices and procedures, and allowed Delphi to issue misleading press releases and public filings, with the result that Delphi has been sued, lost market share, and suffered damage to its reputation, (2) that Delphi might be liable to other persons "by virtue of the same facts and circumstances as are alleged herein to give rise to defendants' liability to Delphi," with such liability arising "in whole or in part, from the knowing, reckless, disloyal and/or bad faith acts or omissions of defendants," and (3) that the defendants caused materially false and misleading statements to be included in the proxy materials Delphi sent to shareholders by misrepresenting or omitting Delphi's true financial results and business prospects.

On October 27, 2005, this Court entered an administrative order closing the case, without prejudice, because of the commencement of Delphi's bankruptcy case.

3. Paragraph 6(b) of the Plumb Affidavit provides information concerning the Deloitte & Touche personnel anticipated to provide post-petition audit services to the Debtors (the "Delphi Engagement Team"). That information is supplemented as follows: Prior to the completion of the restatement of the financial statements of Delphi on June 30, 2005 (the "Restatement"), all of those audit partners and members of the senior audit staff of Deloitte & Touche who had worked on the audit or review of the material accounting entries that were being considered for restatement had rotated off of the

Delphi Engagement Team. As a result, during the process of the Restatement, I became the new lead client service partner and lead audit partner and Robert Steiner assumed the role of concurring partner. Two partners on the audit team who participated in the process of the Restatement, Jeff Aughton and Mark Crowley, remained from the prior audit team. They were not previously involved in the audit work on the material transactions at issue in the Restatement.

4. Paragraph 6(b) of the Plumb Affidavit provides disclosure regarding Deloitte & Touche's connections to GM. That information is supplemented as follows: GM is a long-standing client of Deloitte & Touche and its affiliates. A predecessor to Deloitte & Touche began providing services to GM prior to World War II. Currently, Deloitte & Touche and/or its affiliates provide (i) audit and audit-related services, (ii) tax compliance, tax planning and tax advice services (including preparation of tax returns, assistance with tax audits and appeals, and tax advice related to mergers and acquisitions) and (iii) services related to project management, process improvements and assistance with information technology systems projects not associated with financial statements. With respect to Deloitte & Touche's last fiscal year, the revenues from these services represent less than 1% of the combined net revenues of Deloitte & Touche and its affiliates. Similarly, with respect to Deloitte & Touche's last fiscal year, the revenues from the services provided to the Debtors by Deloitte & Touche and its affiliates represent less than 1% of the combined net revenues of Deloitte & Touche and its affiliates.

| Dated: December 29, 2005 | |
|---|---|
| | By: /s/ Brock E. Plumb<br>Brock E. Plumb |

7