Hearing Date: February 9, 2006 at 10 a.m.
Objection Deadline: February 2, 2006 at 5 p.m.

Babette A. Ceccotti (BC 2690)
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100

Attorneys for International Union, United
Automobile, Aerospace and Agricultural
Implement Workers of America (UAW)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
DELPHI CORPORATION, et al.,                                      :
                                                                 :    Case No. 05-44481 (RDD)
                                                                 :    (Jointly Administered)
                                    Debtors.                     :
                                                                 :
-----------------------------------------------------------------X

## MOTION AND MEMORANDUM OF INTERNATIONAL UNION, UAW FOR AN ORDER DIRECTING ITS APPOINTMENT TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), by and through its undersigned counsel, hereby submits this motion requesting an order directing the Office of United States Trustee ("U.S. Trustee") to appoint UAW to the Delphi Official Committee of Unsecured Creditors. In support of its motion, the UAW respectfully states as follows:

### PRELIMINARY STATEMENT

1.  The UAW is the exclusive collective bargaining representative of approximately 24,000 employees of the Debtors located at twenty-one production facilities throughout the country. The UAW represents the largest contingent of hourly employees of

00084623.DOC.2

Debtors Delphi Corporation, *et al.* ("Delphi") who are represented by labor organizations.  UAW is also the "authorized representative," as defined under 11 U.S.C. § 1114(c), of approximately 9,800 retirees receiving collectively bargained retiree health benefits.  UAW has estimated claims against the Debtors, at the time of the bankruptcy filings, totaling $30.25 million in accrued vacation and other paid time off obligations and $4.6 billion in retiree health benefits.  UAW is one of the largest unsecured creditors in the case.  Notwithstanding the size of the UAW-represented workforce and the magnitude of its claims against the debtors, the U.S. Trustee rejected UAW's request for appointment to the Delphi Official Committee of Unsecured Creditors ("Committee").  UAW received the U.S. Trustee's letter concluding her review of UAW's request on December 14, 2005.  Because the Committee does not consist of the creditors holding the largest unsecured claims and does not adequately represent the diverse interests in the case, UAW seeks Court review of the U.S. Trustee's appointment decision and an order directing the appointment of UAW to the Committee.

## JURISDICTION

2.  The Court has jurisdiction of the motion pursuant to 28 U.S.C. §§157(b) and 1334.  The motion constitutes a core proceeding under 28 U.S.C. §157(b)(2).

## BACKGROUND

<u>The UAW</u>

3.  UAW is the exclusive collective bargaining representative of some 24,000 employees of Delphi, nearly half of the Debtors' domestic workforce.  UAW-represented employees are employed in some twenty-one facilities that manufacture and produce products ranging from automotive steering components, fuel systems, climate control systems, instrument panels, batteries and related battery components, valvetrains, and electronic devices such as audio systems and ignition and steering electronics.  In addition, UAW is the "authorized

representative," as that term is defined in 11 U.S.C. § 1114(c), of approximately 9,800 retirees and their surviving spouses currently receiving collectively bargained retiree health benefits. UAW applied for appointment to the Committee at the time of the organizational meeting conducted by the U.S. Trustee on October 17, 2005. (Exhibit A is UAW's letter and questionnaire). UAW estimated $30.25 million in accrued vacation and other paid time off obligations, and $4.6 billion in retiree health insurance benefits, UAW is thus one of the largest unsecured creditors in the case, as recognized by Delphi.

4. Since the outset of the Chapter 11 case, the Debtors have repeatedly emphasized their intention to restructure their labor cost obligations through deep wage cuts, work rule changes, retiree cost reductions, and elimination of plants employing thousands of employees. The implications of the Debtors' proposed restructuring affecting a significant portion of the Debtors' workforce present issues of major significance for the bankruptcy case, the success of which may well depend on a consensual resolution of these matters.

The Official Committee

5. The U.S. Trustee has appointed a seven member committee, consisting of four trade creditors, one labor organization (the IUE-CWA), the Indenture Trustee for the Senior Notes, and an institutional investor in the Debtors' bond debt.[1] By letter dated October 20, 2005, UAW, through counsel, asked the U.S. Trustee to reconsider the decision not to appoint the UAW to the Committee. A copy of UAW's letter is attached hereto as Exhibit B.

6. After a series of exchanges following UAW's request for reconsideration, and a meeting with the U.S. Trustee, UAW received the U.S. Trustee's final letter setting forth her decision on December 14, 2005 (attached hereto as Exhibit C) declining to change the

---

[1] The members are: Electronic Data Systems Corp.; General Electric Company; Flextronics International Asia-Pacific, Ltd.; Freescale Semiconductor, Inc.; IUE-CWA; Wilmington Trust Company; and Capital Research and Management Company. The IUE-CWA represents approximately 9,000 employees, who are concentrated primarily in the Debtors' electronic components sector.

- 3 -

composition of the Committee.[2] The U.S. Trustee offered no specific rationale for declining UAW's request to be appointed to the Committee, stating only that "it appears the claims of the UAW . . . are adequately represented by the Creditors Committee as constituted." Further efforts by UAW to resolve the matter since December 14, 2005 have been unsuccessful.

## RELIEF REQUESTED

7.  By this Motion, the UAW requests that the Court enter an Order directing the U.S. Trustee to appoint UAW as a member of the Committee.

## STANDARD OF REVIEW

The Court is Authorized to Review Committee
Appointments By The United States Trustee

8.  Bankruptcy Code Section 1102(a)(1) provides in pertinent part that "as soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims." 11 U.S.C. § 1102(a)(1). Section 1102(b)(1) states that "[a] committee appointed under subsection (a) of this section shall ordinarily consist of the persons, willing to serve, that hold the seven largest claims against the debtor of the kinds represented by the committee." 11 U.S.C. § 1102(b)(1).

9.  The 1986 Amendments to the Bankruptcy Code transferred the administrative task of appointing creditors committees from the bankruptcy courts to the U.S. Trustee. Before that statutory change, the courts appointed the creditors committee.[3] In transferring the appointment task to the U.S. Trustee, the 1986 Amendments also deleted what was 11 U.S.C. § 1102(c) of the Code, which provided that the court could change the

---

[2] In a letter dated December 2, 2005 to the U.S. Trustee, the Debtors expressed their support for appointment of the UAW to the Committee. See Letter dated December 2, 2005 from Skadden, Arps, Slate, Meagher & Flom to Alicia M. Leanhard (the "Skadden Arps Letter"), attached as part of Exhibit C. In their letter, the Debtors expressed support for appointment of UAW to the Committee, among other reasons, to "facilitate and promote the successful reorganization of the Debtors' estates and to promote the interests of justice." Skadden Arps Letter, p. 3.

[3] Bankruptcy Judges, United States Trustees and Family Farmer Bankruptcy Act of 1986, Pub. L. No. 99-554, §221, 100 stat. 3101 (October 27, 1986).

- 4 -

composition of a committee if the membership did not adequately represent claims and interests in the case. *See In re Lykes Bros. Steamship Co.,* 200 B.R. 933, 939-40 (N.D. Fla. 1996) (describing legislative change); *see also In re Mercury Finance Co.,* 240 B.R. 270, 275-75 (N.D. Ill. 1999) (same, quoting repealed Section 1102(c)).

10. As the courts have noted, the legislative change created some confusion regarding the court's authority to change the size of membership of a committee. *See Mercury Finance,* 240 B.R. at 275-76; *Lykes Bros.,* 200 B.R. at 939-40. Some courts have concluded that the elimination of former Section 1102(c) leaves the appointment of an *additional* committee as the sole remedy under Section 1102(a).[4] However, the vast majority of courts considering the legislative change and current statutory provisions have concluded that the 1986 Amendments did not vest sole and unreviewable appointment authority to the U.S. Trustee and eliminate the court's ability to change the composition of a single committee. Indeed, the transfer of initial appointment authority to the U.S. Trustee is entirely separate from the issue of the court's authority to review the appointment. *See Columbia Gas System, Inc.,* 133 B.R. 174, 175 (Bankr. D. Del. 1991) (deletion of former subsection 1102(c) was a "housekeeping matter" and "does not address" the issue of the court's power to review the U.S. Trustee's selection process); *see also In re Public Service Co. of New Hampshire*, 89 B.R. 1014, 1021 (court "necessarily has the inherent power to provide a 'lesser included remedy' of simply directing expansion of the existing committee"). Blind adherence to literalism in the language of Section 1102(a)(2) would lead to illogical and costly results if courts were not permitted to change the membership of a single committee -- considered the "norm" in a bankruptcy case, *see In re Sharon Steel Corp.*,

---

[4] *See* 11 U.S.C. § 1102(a)(2) ("on request of a party in interest, the court may order the appointment of additional committees of creditors . . . if necessary to assure adequate representation of creditors. . . .").

- 5 -

100 B.R. 767, 778 (Bankr. W.D. Pa 1989) -- but were instead restricted to the remedy of imposing the costs of an additional committee on the estate. *See id*.

11. The courts have overwhelmingly concluded that the legislative change did not extinguish the court's ability to review committee membership and alter the composition of the existing committee. *E.g., Mercury Finance,* 240 B.R. at 277 (adopting majority view that courts have inherent authority under 11 U.S.C. § 105(a) to review the U.S. Trustee's decisions regarding committee membership). *Lykes Bros.,* 200 B.R. at 940; *In re Barney's, Inc.*, 197 B.R. 431, 439 (Bankr. S.D.N.Y. 1996) (Section 105(b) authorizes review of U.S. Trustee's committee appointment decisions); *In re Plabell Rubber Products,* 140 B.R. 179, 180 (N.D. Ohio 1992); *In re Texaco Inc.*, 79 RR. 560, 566 (Bankr. S.D.N.Y. 1987) (Section 1102(a)(2) of the Bankruptcy Court authorized the court to order the expansion of a committee). As summarized by the court in *Lykes Bros.,* court review precludes the U.S. Trustee from exercising "unbridled discretion over the appointment of creditors committees," leaving an affected party no adequate forum to challenge the committee determination. *Lykes Bros.,* 200 B.R. at 940.[5]

12. In reaching the conclusion that the 1986 Amendments did not eliminate court review of committee appointments, the courts have relied upon a strong presumption in favor of judicial review of agency administrative actions. *E.g., Bowen v. Michigan Academy of Family Physicians,* 476 U.S. 667, 670-72 (1986). This presumption can only be overcome by clear and convincing evidence of a contrary intent. *Id.* No such intent is evident in the 1986 Amendments. *See Mercury Finance,* 240 B.R. at 278; *See also Lykes Bros.,* 200 B.R. at 933. *See also* Rule 2020 of the Federal Rules of Bankruptcy Procedure, which provides that a proceeding

---

[5] Courts in the Southern District of New York have reached different conclusions regarding the 1986 change. *Compare In re Drexel Burnham Lambert Group, Inc.,* 118 B.R. 209 (Bankr. S.D.N.Y. 1990) (Section 1102 does not permit change in membership) *with In re Barney's Inc.*, 197 B.R. at 439 (applying Section 105 to review committee appointment). But courts such as the *Drexel* court are in the distinct minority. *See Mercury Finance,* 240 B.R. at 277.

- 6 -

to "contest any act or failure to act by the United States Trustee is governed by Rule 9014" and Fed. R. Bank. Proc. 2007 (providing for court review of committees appointed by the U.S. Trustee consisting of members organized pre-petition).

13. Indeed, some courts, including the court in *Enron,* have held that adequacy of representation is an issue to be reviewed by the court *de novo*. *See In re Enron*, 279 B.R. 671, 684 (Bankr. S.D.N.Y. 2002) (court reviews adequacy of representation under Section 1102(a)(2) *de novo); Texaco*, 70 B.R. at 566 (applying *de novo* standard after the task of appointing the committee is performed); *In re McLean Industries, Inc.*, 70 B.R. 852, 860-863 (Bankr. S.D.N.Y. 1987) (concluding that abuse of discretion standard does not apply the adequate representation is a legal issue that must be judicially resolved). *See also In re First Republic Bank Corp.*, 95 B.R. 58, 59 (Bankr. N.D. Tex 1988) (applying *de novo* standard of review to determine adequacy of representation).

14. Further support for the court's ability to review and reconstitute a single committee is evident by the restoration of the explicit provision removed in 1986 under the 2005 Bankruptcy Amendments under new 11 U.S.C. § 1102(a)(4), effective for cases commenced after October 17, 2005.[6] Restoring the provision provides strong evidence that Congress had not intended to eliminate the court's authority to review and change committee composition through the 1986 Amendments, particularly given the clear weight of authority favoring such review. Moreover, the new amendment supports *de novo* review because the language expressly requires the court to review the committee's composition for adequacy of representation.

15. In sum, the Court is authorized to review the U.S. Trustee's determinations regarding their appointment of the Committee. Under any level of scrutiny, *e.g.,*

---

[6] The Bankruptcy Abuse Prevention and Consumer protection Act, Pub. L. No. 109-8 §405, 119 stat. 23 (April 20, 2005), *codified as* 11 U.S.C. § 1102(a)(4) provides that ". . . the court may order the United States Trustee to change the membership of a committee appointed under this subsection, if the court determines that the change is necessary to ensure adequate representation of creditors or equity security holders."

*Lykes Bros.,* 200 B.R. at 939 (applying abuse of discretion standard), the failure to appoint UAW was error and should be remedied.

<u>The UAW is Entitled to Membership on the Committee</u>

16.   As confirmed by the Debtors in their December 2, 2005, letter the UAW is among the seven largest unsecured creditors of the Debtors. *See* Skadden Arps Letter, p. 2. UAW thus falls squarely within the statutory description set forth at Section 1102(b)(1) of the Bankruptcy Code that the Committee "shall ordinarily consist" of the persons holding the "seven largest claims" against the debtor. *See also In re Altair Airlines, Inc.*, 727 F.3d 88, 91 (3d Cir. 1984) (noting that creditors' committee should include a union creditor holding the second largest unsecured claim).

17.   The failure to appoint UAW to the Delphi Committee is surprising given the Debtors' pronounced emphasis on labor cost restructuring as a "principal objective" of their reorganization case. *See* Skadden Arps Letter, p. 4. Only one labor organization, the IUE-CWA, representing approximately 9,000 employees employed primarily in the Debtors' electronic components sector, was appointed to the seven member Committee even though labor costs are heavily targeted by the Debtors, and the Debtors have clearly signaled their intent to reconfigure their core, non-electronics automotive parts operations.

18.   As the Debtors have emphasized, "[t]here are few, if any, comparable chapter 11 cases where 'social contract' issues have been so clearly at the fulcrum of the reorganization." The Debtors were aware of no cases presenting such issues where the "principal union or unions have been unable to participate on the creditors' committee." Skadden Arps Letter, p. 5. In other chapter 11 cases where debtors have made known from the very outset that labor cost restructuring is a major focus of the case, the affected labor unions – certainly those holding the largest claims – are routinely appointed. When more than one labor

- 8 -

union represents significant numbers of employees, then as many unions as adequately reflect the reach of the debtors' labor cost restructuring are appointed. *E.g., In re Northwest Airlines Corporation*, No. 05-17930 (S.D.N.Y.) (unions representing pilots and fleet and passenger service employees appointed to a 9-member committee); *In re UAL Corp.*, No. 02-48191 (N.D. Ill.) (three labor unions appointed to a 13-member committee); *In re Collins & Aikman*, No. 05-55927 (E.D. Mich.) (UAW and United Steelworkers appointed to a 9-member committee); *In re US Airways*, *I* No. 02-83984 (E.D. Va.) (three labor unions appointed to a 14-member committee); *In re US Airways II*, No. 04-13819 (E.D. Va.) (four labor unions appointed to a 13-member committee); *see also In re Bethlehem Steel Co.*, No. 01-15288 (S.D.N.Y.) (steelworkers union, representing the largest contingent of hourly employees, appointed to a 9-member committee).

19. In *United*, for example, unions representing pilots, flight attendants and ground personnel were all appointed to the creditors' committee.[7] United's far-reaching plan to transform its business through significant labor cost restructurings affected its different labor groups in significant and distinct ways and the committee composition thus reflected the significant impact of the labor claims against the estate. In cases where an employer's financial and operational restructuring plan can cause severe disruption and pose serious economic consequences for its workers, labor organizations are necessarily key stakeholders. *See e.g., In re Geneva Steel Company*, 236 B.R. 770, 773 (Bankr. D. Utah 1999) (noting that support of labor union was critical to the company's reorganization). Here, as Delphi's letter in support of UAW's appointment makes clear, the "principal objective" of the reorganization is essentially aimed at Delphi's workforce. The potential impact on the hourly-represented employees and

---

[7] See First Amended Disclosure Statement for Reorganizing Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code, dated October 20, 2005 ("United Disclosure Statement") available at, http:// www. pd-ual.com , pp. 101 (listing members of the creditors' committee), 46 (describing labor cost restructuring issues).

retirees is an important element of the case that deserves representation on the Committee by more than one affected labor union. The U.S. Trustee's failure to appoint the UAW to the Committee under these circumstances constituted error. UAW's appointment is thus necessary to assure that the Committee adequately represents the employee stakeholders in this case.

20. The Committee's position regarding expansion of its membership is made clear in its November 15, 2005 letter from Latham & Watkins to Deirdre A. Martini, attached to Exhibit C ("Latham & Watkins Letter"). It is perhaps understandable that the Committee is now accustomed to its current membership and does not wish absorb new members. *See* Latham & Watkins Letter, stating the Committee's view that "altering its voting composition will not improve its ability to advance the interests of all unsecured creditors." But the Committee's collegial working relationship and its "voting composition" do not satisfy the requirement that the Committee adequately represent the diverse interests in the case. Nor does the fact that the UAW may be "well-represented" in the case bear upon whether the Committee meets the statutory requirement in the absence of UAW's participation. UAW seeks membership on the Committee because of the "unique" role that committees play in Chapter 11 cases. *See In re Northeast Dairy Co-op. Federation*, 59 B.R. 531, 534 (Bankr. N.D.N.Y. 1986). The Committee's rationale for declining to support the expansion of the Committee to include UAW does not bear upon the statutory requirement that the Committee must adequately represent the interests in the case. For the reasons set forth above, the Committee should be expanded to include additional representation for the diverse labor interests that are at stake here.

## **CONCLUSION**

**WHEREFORE,** the UAW respectfully requests that the Court enter an order directing the United States Trustee to appoint UAW to the Delphi Committee, and granting such other relief as may be just and appropriate under the circumstances.

Dated: New York, New York
       January 3, 2006

     /s/ Babette A. Ceccotti
Babette A. Ceccotti (BC 2690)
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, NY  10036
(212) 563-4100

    - and -

Niraj R. Ganatra
International Union, UAW
8000 East Jefferson Avenue
Detroit, MI  48214
(313) 926-5216

Attorneys for International Union, UAW