# Exhibit A

# COHEN, WEISS AND SIMON LLP

SAMUEL J. COHEN (1908-1991)
HENRY WEISS (1910-2004)

BRUCE H. SIMON
ROBERT S. SAVELSON
STEPHEN B. MOLDOF
MICHAEL E. ABRAM
KEITH E. SECULAR
PETER HERMAN
RICHARD M. SELTZER
JAMES L. LINSEY*
JANI K. RACHELSON
BABETTE CECCOTTI*
SUSAN DAVIS*
MICHAEL L. WINSTON
THOMAS N. CIANTRA
JOSEPH J. VITALE*
PETER D. DeCHIARA
LISA M. GOMEZ*
BRUCE S. LEVINE
JAMES R. GRISI*

COUNSELLORS AT LAW
330 WEST 42ND STREET
NEW YORK, N.Y. 10036-6976
———
(212) 563-4100
TELECOPIER (212) 695-5436

WRITER'S DIRECT DIAL
212-356-0238

October 13, 2005

COUNSEL
STANLEY M. BERMAN
MANLIO DiPRETA
———
ELIZABETH O'LEARY
EYAD ASAD
ROBIN H. GISE
TRAVIS M. MASTRODDI
ORIANA VIGLIOTTI
DAVID R. HOCK*
AVI BERNSTEIN*
ZACHARY N. LEEDS
MOLLY BROOKS**

NEW JERSEY OFFICE
206 CLAREMONT AVENUE
MONTCLAIR, N.J. 07042
(973) 509-0011
  * ALSO ADMITTED IN NJ
 ** ADMITTED IN MA ONLY

By Facsimile

Alicia M. Leonhard
Office of the United States Trustee
Southern District of New York
33 Whitehall Street, 21st Floor
New York, New York 10004

      Re:   In Re Delphi, Case No. 05-44481

Dear Ms. Leonhard:

      This office represents the International Union, UAW ("UAW") in the above-referenced bankruptcy. I am writing to request that the UAW be appointed as a member of the Official Committee of Unsecured Creditors to be formed in the above case. I enclose a copy of the Statement distributed by your office indicating the UAW's interest in serving on the Committee.

      The UAW is the exclusive collective bargaining representative of approximately 24,000 active employees employed under the terms of collective bargaining agreements (the "CBAs") in effect between the debtor and the UAW. For approximately 9,800 retirees currently receiving retiree health benefits pursuant to UAW CBAs, the UAW also serves as the "authorized representative." The 24,000 UAW-represented employees are employed at twenty-one of the debtors' facilities located throughout the nation.

      As the courts have established, the collective bargaining representative of a debtor's employees is a creditor entitled to appointment to the creditors' committee. *See In re Altair Airlines, Inc.,* 727 F.2d 88 (3d Cir. 1984); *In re Enduro Stainless, Inc.,* 59 B.R. 603 (Bankr. N.D. Ohio 1984); *In re Northeast Dairy Cooperative Federation, Inc.,* 59 B.R. 531, 534 (Bankr. N.D.N.Y. 1986); *see also* 2 *Collier on Bankruptcy,* ¶101.09 at 101-51 (15th Ed. Rev. 2005).

COHEN, WEISS AND SIMON LLP

Alicia M. Leonhard
October 13, 2005
Page 2

        Based upon the information available to date, the debtors are obligated to the UAW
and UAW-represented persons for pre-petition compensation, including accrued sick leave, in
addition to health benefits, accrued vacation, savings plan and related benefits as of the date of
the petition. UAW currently estimates that the debtors owe $30.25 million for accrued and
unused vacation, personal and other paid time-off, as well as $4.6 billion in retiree health
insurance benefits. These amounts would constitute general unsecured claims.[1] The "first day"
wage order obtained by the debtors does not affect the UAW's request for membership because
the debtors' authority to make the payments authorized by the order is, by its terms,
discretionary. Moreover, to the extent UAW-represented individuals receive payments as the
case progresses, UAW would (as any other creditor) evaluate its position with respect to its
creditor interests. As of the time of this request, UAW is a creditor with respect to the pre-
petition CBA obligations. In addition, UAW is a creditor with respect to any contingent claim
that may arise in the event of a change in retiree health obligations owed to UAW-represented
retirees and in the event of a change in the current CBAs. The UAW does not presently have
information sufficient to permit an estimate of these contingent obligations.

        The appointment of the UAW as a member of the Committee is necessary for the
Committee to be representative of the different kinds of claims to be represented, as required by
Section 1102(b)(1) of the Bankruptcy Code. *See In re Altair Airlines*, 727 F.3d 88, 90 (3d Cir.
1984). The debtors have approximately 50,600 employees in the US, of which 34,750 are hourly
employees, 96% of whom are represented by unions. Of the 33,360 represented employees,
24,000 are represented by the UAW at 21 plants. Hence, the UAW covers nearly half the
debtors' entire workforce and 72% of the debtors' represented, hourly workforce. Moreover, it
is evident from the early court filings that the debtors are engaged in a thorough review of their
operations and the cooperation of their employees, especially UAW-represented employees, will
be essential to an orderly process.

        Unions are often appointed to committees in Chapter 11 cases in this district. *See,
e.g., Northwest Airlines,* Case No. 05-17930; *Horsehead Indus.,* Case No. 02-14024; *Tower Air,
Inc.*, Case No. 00-1280; *Pan American World Airways,* Case No. 91-10081; *Ionosphere Clubs
(Eastern Airlines),* Case No. 89 B. 10449; *LTV (In re Chateaugay)*, Case No. 86 B 11270. The
UAW is an experienced participant in Chapter 11 cases and has served on many creditors'

---

        [1] While certain, limited sums would constitute priority claims under the Bankruptcy Code,
the classification of a portion of the claims as priority claims does not affect the UAW's
eligibility for Creditors' Committee membership. *See In re Plabell Rubber Products*, 140 B.R.
179, 181 (N.D. Ohio 1992); *In re Northeast Dairy Cooperative Federation, Inc.*, 59 B.R. 531,
534 (N.D.N.Y. 1986).



COHEN, WEISS AND SIMON LLP

Alicia M. Leonhard
October 13, 2005
Page 3

committees. *See, e.g., In re A.B. Dick* (04-12002) (D. Del.); *In re Murray, Inc.*, (04-13611)
(M.D. Tenn.); *In re Collins & Aikman* (05-55927) (E.D. Mich.); *In re Meridian Automotive
Systems* (05-11168) (D. Del.). The latter two are automotive supplier bankruptcies.

For all of the reasons noted above, the UAW respectfully requests appointment to the
Creditors' Committee. The UAW's designee is Niraj Ganatra who is a member of the Union's
legal department and who would also serve as one of the Union's principal representatives in
coordinating among the Local UAW unions at the affected locations and the International. This
office would serve as counsel.

Please let me know if you have any questions or if I can provide any further
information.

Very truly yours,

Joseph J. Vitale

JJV:
Enclosure

cc:    N. Ganatra, esq.



OCT-13-05 09:04 FROM:COHEN WEISS SIMON          ID:2122398759          PAGE  2/3

**OFFICE OF THE UNITED STATES TRUSTEE FOR THE
SOUTHERN DISTRICT OF NEW YORK**
33 Whitehall Street, 21st Floor
New York, New York 10004
Tel. No. (212) 510-0500
Fax No. (212) 668-2255

AML

## CREDITORS' COMMITTEE ACCEPTANCE FORM

Re:    *DELPHI CORP., et al.*, CASE NO. 05-44481 (jointly administered)

## PLEASE TYPE OR PRINT NEATLY AND CLEARLY:

The undersigned creditor is willing to serve on the Committee of Unsecured Creditors of the Debtors:

A.    UNSECURED CREDITOR'S NAME, ADDRESS, TELEPHONE AND TELECOPY NUMBERS:

    International Union, UAW

                                        (313) 926-5216 (phone)
    8000 East Jefferson Avenue, Detroit, MI  48214 (313) 926-5240 (fax)

B.    NAME OF COUNSEL (if any) FOR CREDITOR, ADDRESS, TELEPHONE AND TELECOPY NUMBERS:
    Joseph J. Vitale   COHEN, WEISS and SIMON LLP

                                        (212) 356-0238 (phone)
    330 West 42nd Street, New York, NY 10036-6976 (646) 473-8238 (fax)

C.    IF YOU ARE REPRESENTED BY COUNSEL, DOES YOUR ATTORNEY REPRESENT ANY OTHER PARTIES IN THIS CASE. Please check one of the following: ____ YES. _
    X NO. ____ I DO NOT KNOW.

D.    PLEASE INDICATE WHETHER YOU HAVE GIVEN A PROXY TO YOUR ATTORNEY IN CONNECTION WITH YOUR CLAIM.   ____ YES. _X_ NO. (If you have given a proxy to your attorney, please provide a photocopy of the proxy to the United States Trustee along with this creditor committee acceptance form on or before the organizational meeting.)

F.    AMOUNT OF UNSECURED CLAIM:    $    4.6 billion (estimated)

G.    TO DATE, HAVE YOU OR YOUR ATTORNEY ENTERED INTO A SETTLEMENT AGREEMENT WITH THE DEBTOR REGARDING RESOLUTION OF YOUR CLAIM?
    ____ YES. _X_ NO.



H.    TYPE OF CLAIM.  PLEASE CHECK ONE OF THE FOLLOWING: ____ TRADE.
      ____ BOND. _x_ OTHER. IF YOU ANSWERED "OTHER", PLEASE DESCRIBE
      THE NATURE OF YOUR CLAIM BELOW.
      __Employee/Retiree Obligations - services rendered to Debtors__

I.    ARE YOU A HOLDER OF A CLAIM ARISING OUT OF YOUR ROLE AS AN
      OFFICER OR DIRECTOR OF THE DEBTOR. ____ YES. _x_ NO. IF YOUR
      ANSWER IS YES, PLEASE INDICATE THE POSITION: _____

J.    ARE YOU RELATED TO AN OFFICER OR DIRECTOR OF THE DEBTOR, OR A
      PERSON IN CONTROL OF THE DEBTOR. ____ YES. _X_ NO. IF YOUR
      ANSWER IS YES, PLEASE DESCRIBE THE RELATIONSHIP:

      _____

K.    ARE YOU SITTING ON ANY UNOFFICIAL AD HOC COMMITTEE[S] OR OFFICIAL
      EQUITY OR UNSECURED CREDITORS' COMMITTEE[S] IN ANY OTHER
      BANKRUPTCY CASES OF DEBTORS IN THE SAME INDUSTRY AS DELPHI? _x_
      YES. ___ NO.
      IF YES, PLEASE STATE THE NAME AND NUMBER OF THE CASE, THE TYPE OF
      COMMITTEE, AND THE COURT IN WHICH THE CASE IS PENDING
      In re Collins & Aikman, Case No. 05-55927, OCUC, (E.D. Mich.)
      In re Meridian Automotive Sys., Case No. 05-11168, OCUC, (D. Del.)

L.    PLEASE CLARIFY WHETHER YOUR COUNSEL REPRESENTS ANY PARTY
      SITTING ON ANY COMMITTEES IN ANY OTHER BANKRUPTCY CASES OF
      DEBTORS IN THE SAME INDUSTRY AS DELPHI? _X_ YES. ___ NO.
      IF YES, PLEASE STATE THE NAME AND NUMBER OF THE CASE, THE TYPE OF
      COMMITTEE, AND THE COURT IN WHICH IT IS PENDING

      In re Meridian Automotive Sys., Case No. 05-11168, OCUC, (D. Del.)

DATE: _10/13/2005_
SIGNATURE: _____
PRINT NAME AND TITLE OF
PERSON COMPLETING FORM: _NIRAJ R. GANATRA, ASSOCIATE GENERAL COUNSEL, UAW_

•    KINDLY ANSWER ALL QUESTIONS SO THAT THIS FORM CAN BE PROCESSED
     PROPERLY WITHOUT DELAY.
•    PLEASE RETURN TO THE UNITED STATES TRUSTEE BY TELECOPIER,
     ATTN: ALICIA M. LEONHARD, TRIAL ATTORNEY, BY 12:00 P.M. ON
     THURSDAY, OCTOBER 13, 2005.
•    THIS IS NOT A PROOF OF CLAIM FORM. PROOFS OF CLAIM ARE FILED WITH
     THE CLERK OF THE BANKRUPTCY COURT, NOT WITH THE UNITED STATES
     TRUSTEE.

# Exhibit B

# COHEN, WEISS AND SIMON LLP

## COUNSELLORS AT LAW

### 330 WEST 42ᴺᴰ STREET

### NEW YORK, N.Y. 10036-6976

(212) 563-4100

TELECOPIER (212) 695-5436

SAMUEL J. COHEN (1908-1991)
HENRY WEISS (1910-2004)

BRUCE H. SIMON
ROBERT S. SAVELSON
STEPHEN B. MOLDOF
MICHAEL E. ABRAM
KEITH E. SECULAR
PETER HERMAN
RICHARD M. SELTZER
JAMES L. LINSEY*
JANI K. RACHELSON
BABETTE CECCOTTI*
SUSAN DAVIS*
MICHAEL L. WINSTON
THOMAS N. CIANTRA
JOSEPH J. VITALE*
PETER D. DECHIARA
LISA M. GOMEZ*
BRUCE S. LEVINE
JAMES R. GRISI*

COUNSEL

STANLEY M. BERMAN
MANLIO DIPRETA

ELIZABETH O'LEARY
EYAD ASAD
ROBIN H. GISE
TRAVIS M. MASTRODDI
ORIANA VIGLIOTTI
DAVID R. HOCK*
AVI BERNSTEIN*
ZACHARY N. LEEDS
MOLLY BROOKS**

NEW JERSEY OFFICE
206 CLAREMONT AVENUE
MONTCLAIR, N.J. 07042
(973) 509-0011
  * ALSO ADMITTED IN NJ
 ** ADMITTED IN MA ONLY

WRITER'S DIRECT DIAL
212-356-0238

October 20, 2005

By Hand Delivery and Facsimile

Elizabeth Austin
Assistant U.S. Trustee
Office of the United States Trustee
33 Whitehall Street, Suite 2100
New York, New York 10004

Re:    In re Delphi Corporation, *et al.*; Case No. 05-44481 (RDD)

Dear Ms. Austin:

      This office represents the International Union, UAW ("UAW") in the above-referenced Chapter 11 case.  I write to request that the U.S. Trustee reconsider the decision declining to appoint the UAW to the official committee of unsecured creditors appointed on October 17, 2005.

      The UAW is the exclusive collective bargaining representative of approximately 24,000 employees of Delphi, nearly half of the debtors' total workforce.  In addition, UAW is the "authorized representative" of approximately 9,800 retirees receiving collectively bargained retiree health insurance benefits.  With claims estimated at $30.25 million in accrued vacation and other paid time off, and $4.6 billion in retiree health insurance benefits, the UAW is one of the largest unsecured creditors in the case, a position confirmed by Delphi's consolidated list of its largest creditors.[1]

---

[1] While the U.S. Trustee may have been influenced by the existence of the UAW-negotiated Benefit Guarantee with General Motors concerning certain pension and retiree healthcare obligations of Delphi, it is important to clarify that the Guarantee is not a complete backstop to Delphi's Accumulated Post-employment Benefit Obligations.  By its terms, the Guarantee does not cover benefit obligations to UAW-represented Delphi hourly employees hired after May 28, 1999 (currently numbering approximately 4,185 employees).



00081511.DOC.1

COHEN, WEISS AND SIMON LLP

Elizabeth Austin
October 20, 2005
Page 2

The UAW's claim falls squarely within the statutory description set forth at Section 1102(b)(1) of the Bankruptcy Code that the Committee "shall ordinarily consist" of the persons holding the "seven largest claims" against the debtor. The UAW holds one of the seven largest claims in the case. *See also In re Altair Airlines, Inc.*, 727 F.3d 88, 91 (3d Cir. 1984) (noting that creditors' committee should include a union creditor holding the second largest unsecured claim).

As has been widely reported, and is disclosed the initial court filings, the debtors have been engaged in discussions with the UAW and have made known their intention to pursue labor cost restructuring as one of their early initiatives in the bankruptcy. In other, prominent Chapter 11 cases where labor costs have been a significant early focus, the creditors' committees have reflected the anticipated engagement of and participation by the unions through the appointment of multiple unions (including the union representing the largest contingent of the workforce) to the committees. *E.g., In re Northwest Airlines Corporation*, No. 05-17930 (S.D.N.Y.) (unions representing pilots and fleet and passenger service employees appointed to a 9-member committee); *In re UAL Corp.*, No. 02-48191 (N.D. Ill.) (three labor unions appointed to a 13-member committee); *In re Collins & Aikman*, No. 05-55927 (E.D. Mich.) (UAW and United Steelworkers appointed to a 9-member committee); *In re US Airways, I* No. 02-83984 (E.D. Va.) (three labor unions appointed to a 14-member committee); *In re US Airways II*, No. 04-13819 (E.D. Va.) (four labor unions appointed to a 13-member committee); *see also In re Bethlehem Steel Co.*, No. 01-15288 (S.D.N.Y.) (steelworkers union, representing the largest contingent of hourly employees, appointed to a 9-member committee).

The appointment of IUE-CWA alone, therefore, is not sufficient to adequately represent the employee and retiree interests. The debtors have announced a broadly aimed effort to restructure their labor costs, including wage rates, work rules, retiree costs, and the elimination of plants now employing thousands of employees. As further clarified and demonstrated herein, appointment of the UAW, the union representing the largest constituent group, assures adequate representation of the kinds of claims in this case. The UAW represents employees in 21 facilities that manufacture and produce products ranging from automotive steering components, fuel systems, climate control systems, instrument panels, batteries and related battery components, valvetrains, and electronic devices such as audio systems and ignition and steering electronics.[2] Because labor costs are heavily targeted by the debtor and the debtor has made known its desire to reconfigure its core non-electronics automotive parts operations, the UAW's appointment is necessary to assure that the committee fairly represents the claims in the case.

Moreover, for the 24,000 employees represented by UAW, the failure to include the union on the creditors' committee may be viewed as an indication that their participation in the reorganization is not valued to the same extent as other employee groups or segments of the

---

[2] By contrast, the membership of IUE-CWA is concentrated in the debtors' electric and electronics sector.

COHEN, WEISS AND SIMON LLP

Elizabeth Austin
October 20, 2005
Page 3

debtors' business. This unfortunate consequence, particularly given the UAW's unquestionably large claim, presents a needless distraction at a time when the employees are facing the difficult challenges that this case poses.

For the foregoing reasons, and based on these clarifications, the UAW respectfully requests that the U.S. Trustee reconsider its appointment decision and appoint the UAW to the creditors' committee. In light of the importance of full participation in the organizational phase of a creditors' committee, the UAW respectfully requests that the U.S. Trustee consider this request as promptly as possible. To that end, we are prepared to meet with your office if such a meeting would assist in the resolution of this matter.

Please contact us if you require any additional information or wish to schedule a meeting.[3]

Thank you for your consideration.

Very truly yours,

Bruce H. Simon

Bruce H. Simon

cc:    N. Ganatra, Esq.

---

[3] UAW was not informed of the reason that the U.S. Trustee declined to name the union to the committee. During the interview with the Trustee, we believe that the information requested by the Trustee was provided and no deficiencies in that regard were noted. As expressed during the interview on Monday, UAW is prepared to implement any restrictions that may apply regarding information flow in connection with other automotive supplier committee appointments.

# Exhibit C



**U.S. Department of Justice**

Office of the United States Trustee

*Southern District of New York*

| | |
|---|---|
| 33 Whitehall Street, Suite 2100<br>New York, NY 10004 | Phone: 212-510-0500<br>Fax:  212-668-2255 |

**VIA EMAIL**

December 14, 2005

Robert Stark, Esq.
Peter J. Antoscyk, Esq.
Brown Rudnick
One Financial Center
Boston, MA 02111
rstark@brownrudnick.com
pantoscyk@brownrudnick.com

Richard J.  Suminski
Vice President, General Counsel
and Secretary
Tyco Electronics
P. O. Box 3608
Harrisburg, PA 17105
rsuminski@tycoelectronics.com

Jeffrey B. Cohen, Esq.
Pension Benefit Guaranty Corp.
1200 K Street, N.W.
Washington, D.C. 20005
morris.karen@pbgc.gov
cohen.jeffrey@pbgc.gov

Bruce H. Simon, Esq.
Cohen, Weiss and Simon
330 West 42nd Street
New York, NY 10036
bsimon@cwsny.com

Re: *Delphi Corporation*, Case No. 05-44481 (RDD) (jointly administered)

Dear Gentlemen:

        This letter is in response to your letters requesting that the United States Trustee reconstitute the Official Committee of Unsecured Creditors (the "Creditors' Committee") in the Delphi case and appoint representatives of your clients to the Creditors' Committee as follows:

1.      Letter, dated October 19, 2005, from Richard J. Siminski, Vice President, General Counsel and Secretary of Tyco Electronics ("Tyco");
2.      Letter, dated October 20, 2005, from Bruce H. Simon, of Cohen Weiss & Simon LLP, on behalf of the United Auto Workers ("UAW");
3.      Letter, dated October 21, 2005, from Jeffrey B. Cohen, Chief Counsel of the Pension Benefit Guaranty Corporation ("PBGC"); and
4.      Letters, dated October 25, 2005 and November 29, 2005, from Robert Stark and Peter J. Antoscyk, respectively, of Brown Rudnick, on behalf of Law Debenture Trust Company of New York, as Indenture Trustee ("Law Debenture").

On November 2, 2005, the United States Trustee sent letters to the Delphi Corporation (the "Debtors") and the Creditors' Committee, requesting their positions on the issues raised in your letters. On November 15, 2005, the Creditors' Committee responded to your clients' concerns, and on December 2, 2005, the United States Trustee received the Debtors' response. Copies of both letters are enclosed.

The policy of the United States Trustee is to appoint a committee of unsecured creditors that is representative of all types of unsecured claims against the estate. On October 17, 2005, the United States Trustee appointed the following creditors to the Creditors' Committee: Freescale Semiconductor, Inc., Wilmington Trust Company, as Indenture Trustee, Capital Research and Management Company, IUE-CWA, Flextronics International Asia-Pacific, Ltd., General Electric Company, and Electronic Data Systems Corp.

Based upon a review of the information provided by your clients, the Debtors, and the Committee, it appears the claims of the UAW, the PBGC, and Tyco are adequately represented by the Creditors' Committee as constituted. Moreover, the current members of the Committee owe a fiduciary duty to act in the best interests of all unsecured creditors, including your clients.

Therefore, the United States Trustee has determined not to reconstitute the Creditors' Committee as requested by Tyco, the UAW and the PBGC. The request of Law Debenture is still under advisement. If you have any additional information that you wish the United States Trustee to consider, please do not hesitate to contact me by letter.

Very truly yours,

DEIRDRE A. MARTINI
UNITED STATES TRUSTEE

By: _Alicia M. Leonhard_
    Alicia M. Leonhard
    Trial Attorney

Enclosures (2)

cc:    Jack Butler, Esq. (jbutler@skadden.com) (w/o encl.)
       Kayalyn Marafioti, Esq. (kmarafio@skadden.com) (w/o encl.)
       Robert Rosenberg, Esq. (robert.rosenberg@lw.com) (w/o encl.)

Robert J. Rosenberg
Direct Dial: (212) 906-1370

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: (212) 906-1200  Fax: (212) 751-4864
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Boston | New York |
| Brussels | Northern Virginia |
| Chicago | Orange County |
| Frankfurt | Paris |
| Hamburg | San Diego |
| Hong Kong | San Francisco |
| London | Shanghai |
| Los Angeles | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| New Jersey | Washington, D.C. |

November 15, 2005

Deirdre A. Martini, Esq.
United States Trustee
33 Whitehall Street, Suite 2100
New York, NY 10004

      Re: In re Delphi Corporation

Dear Ms. Martini:

      We are in receipt of your letter dated November 2, 2005. As you requested, the Official Unsecured Creditors' Committee of Delphi Corporation (the "Committee") has reviewed the requests made of you by the International Union, UAW (the "UAW"), the Pension Benefit Guaranty Corporation (the "PBGC"), Tyco Electronics Corporation ("Tyco"), and Law Debenture Trust Company of New York ("Law Debenture") to reconsider your decision not to appoint each as a member of the Committee. The Committee spent a significant amount of time discussing the request of each of these four entities. For the reasons set forth below, the Committee sees no need for you to reconsider your decision.

      The UAW and PBGC are both separately and well represented in these cases. The Committee, through its co-chairs, is reaching out to the UAW and the PBGC for the purpose of arranging a meeting or, the Committee hopes, a series of meetings for the UAW and the PBGC to discuss with the Committee their respective issues and concerns regarding the Debtors and to open an ongoing dialogue between each and the Committee. To the extent the UAW and PBGC are willing to do so, the Committee will work with each to facilitate the Debtors' reorganization.

      Both Tyco and Law Debenture hold or represent claims similar in origin and priority to those of current Committee members. The Committee believes that the unsecured creditors are fully and fairly represented by the Committee's current members.

      We are pleased to report that the Committee is well balanced and has functioned extremely well to date through its current seven members. The Committee believes that altering its voting composition will not improve its ability to advance the interests of all unsecured creditors.

DEIRDRE A. MARTINI
November 18, 2005
Page 2

**LATHAM&WATKINS**LLP

I would, of course, be happy to discuss any of this with you further.  Please do not hesitate to contact me if you have any questions regarding this or any other matter.

Sincerely yours,

Robert J. Rosenberg
of LATHAM & WATKINS LLP

cc:    Alicia M. Leonhard, Esq.
       Official Unsecured Creditors'
       Committee of Delphi Corporation
       Jack Butler, Esq.
       Kayalyn Marafioti, Esq.
       Robert J. Stark, Esq.
       Jeffrey B. Cohen, Esq.
       Bruce H. Simon, Esq.
       Richard J. Suminski, Esq.

NY\1082569.2

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

333 WEST WACKER DRIVE

CHICAGO, ILLINOIS 60606-1285
———
(312) 407-0700

Fax: (312) 407-0411

http://www.skadden.com

DIRECT DIAL
(312) 407-0730
DIRECT FAX
(312) 407-8501
EMAIL ADDRESS
JBUTLER@SKADDEN.COM

AFFILIATE OFFICES
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 2, 2005

Alicia M. Leonhard, Esq.
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
Region 2/Southern District of New York
33 Whitehall Street, Suite 2100
New York, New York 10004

> Re:    Creditors' Committee Composition in *In re Delphi Corporation, et al.,* Case No. 05-44481 (RDD) (Jointly Administered)

Dear Alicia:

We are writing on behalf of Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors") in response to your letter dated November 2, 2005, requesting input from the Debtors regarding issues raised in four letters received from creditors in the Debtors' chapter 11 cases regarding the composition and membership of the Official Committee of Unsecured Creditors (the "Creditors' Committee"). The four letters were submitted on behalf of Law Debenture Trust Company of New York ("Law Debenture"), the Pension Benefit Guaranty Corporation ("PBGC"), Tyco Electronics Corporation ("Tyco"), and the International Union, UAW ("UAW") (collectively, "Creditors").

On October 17, 2005, the United States Trustee for Region 2 (the "UST") conducted an organizational meeting of the Debtors' general unsecured creditors holding larger claims against one or more of the Debtors and thereafter appointed seven creditors to the Creditors' Committee. In their letters, the

Alicia M. Leonhard, Esq.
December 2, 2005
Page 2


Creditors assert that the Creditors' Committee, as currently composed, does not
adequately represent the interests of creditors as Section 1102(b)(1) of the
Bankruptcy Code requires.

Each of the Creditors also implicitly suggests that any alleged
defect in the present composition of the Creditors' Committee would be reme-
died if only that particular entity were appointed by the UST to membership on
the Creditors' Committee. Law Debenture would represent the interests of
subordinated noteholders; PBGC would represent the interests of "all classes of
unsecured claims" that may be affected by the Debtors' actions including with
respect to legacy costs (such as its underfunded pension plans) and is explicitly
eligible to serve on the Creditors' Committee pursuant to Section 101(41)(B) of
the Bankruptcy Code; Tyco Electronics would represent the interests of compo-
nent trade creditors; and UAW would represent employee and retiree interests
as the exclusive collective bargaining representative of approximately 24,000
employees of the Debtors and as the "authorized representative" of approxi-
mately 9,800 retirees receiving collectively bargained retiree health insurance
benefits. Each of Law Debenture, PBGC, and UAW (but not Tyco) are also
listed among the top seven general unsecured creditors on the consolidated list
of unsecured creditors filed by the Debtors with their chapter 11 petitions and at
least two of the Creditors point to the language of Section 1102(b)(1) of the
Bankruptcy Code which provides that the Creditors' Committee "shall ordi-
narily consist of the persons, willing to serve, that hold the seven largest claims
against the debtor of the kinds represented on the committee."

The Debtors' review of the Creditors' letters, the composition of
the Debtors' unsecured creditors' claims generally, the circumstances of these
chapter 11 cases and applicable law does not support the conclusion that the
UST abused her discretion when she formed the Creditors' Committee either in
terms of the procedure that she followed or the decision that she made. As with
virtually all larger chapter 11 cases filed across the federal bankruptcy system,
creditors' committees are seldom comprised of the seven largest claims holders
but are instead formed with a view toward being generally representative of the
kinds of claims included in the general creditor body. The Debtors believe that
the UST achieved this objective when she formed the current Creditors' Com-
mittee.

Alicia M. Leonhard, Esq.
December 2, 2005
Page 3

        The four trade creditors currently appointed to the Creditors'
Committee should be able to adequately represent all trade creditors even
though they may not hold component trade claims; the IUE-CWA is the Debt-
ors' second largest collective bargaining representative and should be able to
adequately represent the interests of employee and retiree interests; the interests
of subordinated noteholders should be adequately represented through Capital
Research and Management Company which, upon information and belief, holds
between 5% and 10% of the interests in the subordinated notes and Wilmington
Trust Company, which is the Delaware Trustee for the statutory trusts in which
the subordinated notes are held until the distribution of the notes to beneficial
interests is completed as required by the commencement of the Debtors' chapter
11 cases; and all seven members of the Creditors' Committee should be able to
adequately represent all classes of unsecured claims with respect to the multi-
billion dollar legacy costs, the resolution of which is, as PBGC correctly
observes, central to the Debtors' reorganization.

        Accordingly, the Debtors believe that the UST did not abuse her
discretion when she formed the Creditors' Committee and that the Creditors'
Committee that she organized is adequately representative of, and should be
able to adequately represent, the interests of general unsecured creditors.
However, the Debtors also believe that the analysis does not end with that
conclusion.  There is a second level of inquiry which the Debtors believe must
be explored and which is absolutely critical to the particular and unique circum-
stances of the Debtors' chapter 11 cases: would the addition of any of the
Creditors facilitate and promote the successful reorganization of the Debtors'
estates and be in the interests of justice?

        This second level of inquiry has been explored by the Debtors'
executive management, including Mr. Miller, and discussed with the Debtors'
Board of Directors.  The Debtors believe that the answer to the question is
emphatically "yes" with respect to two of the Creditors and respectfully request
that the UST exercise her discretion to expand the Creditors' Committee from
seven to nine members by appointing PBGC and UAW to the Creditors' Com-
mittee.

        Delphi has more than 180,000 employees worldwide, global 2004
revenues of approximately $28.6 billion and global assets as of August 31, 2005

Alicia M. Leonhard, Esq.
December 2, 2005
Page 4

of approximately $17.1 billion (based on aggregated consolidated financial
data). The Debtors' chapter 11 cases represent the largest manufacturing and
technology filing in the history of the federal bankruptcy system and ranked on
the petition date as the fifth largest public company business reorganization in
terms of revenues, and the thirteenth largest public company reorganization in
terms of assets. Today, Delphi is the first or second largest global supplier of
vehicle electronics, transportation components, integrated systems and modules,
and other electronic technology. The Debtors' principal objective in their
chapter 11 reorganization is to achieve competitiveness for Delphi's core U.S.
operations by modifying or eliminating non-competitive legacy liabilities and
burdensome restrictions under current labor agreements and realigning Delphi's
global product portfolio and manufacturing footprint to preserve Delphi's core
businesses. The Debtors believe that a substantial segment of Delphi's U.S.
business operations must be divested, consolidated or wound-down through the
chapter 11 process.

PBGC asserts that the Debtors commenced their chapter 11 cases
with one of the largest levels of pension underfunding – if not the largest – in
history. While fully reserving their rights in all respects, the Debtors' acknowl-
edged the general scope of PBGC's contingent claims when PBGC was included
in the top seven creditors in the consolidated list of creditors. Irrespective of
whether the Debtors can preserve their pension plans as part of the Debtors'
ultimate reorganization, PBGC also has broad powers to affect the Debtors'
pension scheme on an involuntary basis should PBGC determine it is in its
interests to do so and can meet the statutory requirements. PBGC can also
attempt to impact Delphi's global business activities through its alleged joint
and several control group liability claims against Delphi's debtor and non-
debtor affiliates.

The Debtors believe that the range of outcomes between the
Debtors and PBGC (and therefore the prospects of a successful chapter 11
reorganization) will be substantially enhanced if PBGC is permitted to serve on
the Creditors' Committee and be fundamentally involved in weaving the fabric
of debtor-Creditors' Committee relationships and negotiated outcomes through-
out the chapter 11 cases. Based on the past experience of the Debtors' profes-
sionals, the Debtors are also completely satisfied that PBGC can appropriately
discharge its fiduciary duties as a member of the Creditors' Committee to

Alicia M. Leonhard, Esq.
December 2, 2005
Page 5

represent the interests of all creditors and, importantly, contribute its expertise
in employee benefits and other substantive areas to the Creditors' Committee.

      As for UAW, it has justifiably expressed to the UST its very
legitimate concern that its failure to be appointed to the Creditors' Committee
could be viewed by the Debtors' 24,000 employees represented by the UAW as
an indication that the participation of the UAW in the reorganization is not
valued to the same extent as other employee groups or segments of the Debtors'
business. Rather than simply the "distraction" characterized by UAW in its
letter, the Debtors believe that UAW's continuing isolation would make it far
more difficult to obtain either a negotiated resolution with the UAW leadership
or employee ratification of a negotiated resolution. As with PBGC, the Debtors
believe that the range of consensual outcomes between the Debtors and UAW
(and therefore the prospects of a successful chapter 11 reorganization) will be
substantially enhanced if UAW is also permitted to participate on the Creditors'
Committee. There are few, if any, comparable chapter 11 cases where "social
contract" issues have been so clearly at the fulcrum of the reorganization and, to
the Debtors' knowledge, none where the Debtors' principal union or unions
have been unable to participate on the creditors' committee.

      The Debtors are thoroughly convinced that the prospects for their
successful reorganization would be enhanced and the interests of justice would
be served by the UST exercising her discretion to appoint both PBGC and UAW
to membership on the Creditors' Committee. While the Debtors supported both
entities for appointment to the Creditors' Committee at the organizational
meeting, the passage of time and the evolving circumstances and events in the
Debtors' chapter 11 cases have starkly underscored the compelling and justified
rationale for their appointment at this important juncture in the reorganization.
The UST need only consider the docket to date in the Debtors' chapter 11 cases
and the publicly reported discourse among the Debtors' stakeholders to find
additional support for this conclusion.

      On a separate but perhaps related matter, the Debtors believe that
it is appropriate to disclose to the UST in connection with this response that a
current member of the Creditors' Committee that holds a Delphi non-debtor
guaranty of prepetition indebtedness owed by one or more of the Debtors has
very recently made demand upon the non-debtor entity for payment. Upon the

Alicia M. Leonhard, Esq.
December 2, 2005
Page 6


non-debtor entity's performance of its guaranty obligations, which is in process,
the Debtors anticipate that the creditor receiving payment and satisfaction of its
prepetition claims should voluntarily resign from the Creditors' Committee.

       In closing, the Debtors appreciate having been given the opportu-
nity to consider the Creditors' letters and submit this letter to you as Trial
Attorney for the UST.  The Debtors further appreciate the extension of time
afforded to the Debtors beyond the initial November 15, 2005 response date to
complete their analysis and this response.

       Please let the undersigned know whether you believe any further
information from the Debtors is required or desirable.

       With kind regards,

                Sincerely yours,

                John Wm. Butler, Jr.

cc:   Mr. Robert S. Miller
      David Sherbin, Esq.
      Robert J. Rosenberg, Esq.
      Jeffrey B. Cohen, Esq.
      Robert J. Stark, Esq.
      Bruce H. Simon, Esq.
      Richard J. Suminski, Esq.