Hearing Date: February 9, 2006, 10:00 a.m.
Objection Deadline: February 2, 2006

ROACH & CARPENTER, P.C.
24 School Street
Boston, MA 02108
M. Ellen Carpenter, Esq. (MA BBO#554142)
*mec@ rc-law.com*
(617) 720-1800
(617) 720-0720 (fax)

    -and-

MORITT HOCK HAMROFF & HOROWITZ LLP
400 Garden City Plaza
Garden City, NY 11530
Leslie A. Berkoff, Esq. (LB-4584)
Douglas Bilotti, Esq. (DB-6143)
*lberkoff@moritthock.com*
*dbilotti@moritthock.com*
(516) 873-2000
(516) 873-2010 (fax)

Attorneys for Movant Thermo NITON Analyzers LLC
formerly known as Niton, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | Chapter 11 |
| DELPHI CORPORATION, <u>et al.</u>, | Case No., 05-44481(RDD) |
|     Debtors. | (Jointly Administered) |

## NOTICE OF MOTION BY THERMO NITON ANALYZERS LLC FOR RELIEF FROM STAY TO EFFECT SETOFF

**PLEASE TAKE NOTICE**, that that on February 9, 2006 at 10:00 a.m., or as soon as thereafter

as counsel can be heard, Thermo NITON Analyzers LLC, formerly known as Niton, LLC

("NITON"), by its attorneys, Roach & Carpenter, P.C. and Moritt Hock Hamroff & Horowitz

LLP, will move this Court before the Honorable Robert D. Drain at the United States Bankruptcy

Court for the Southern District of New York located the Alexander Hamilton Custom House,

One Bowling Green, New York, New York 10004, for an entry of an Order pursuant to 11

U.S.C. §§362 and 553, for relief from the stay to effect setoff.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the Motion shall be in

writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the

Bankruptcy Court, shall state the name of the objectant, the basis of the objection and state with

particularity the grounds therefor and shall be filed with the Bankruptcy Court electronically as

follows:  (a)(i) through the Bankruptcy Court's electronic filing system (in accordance with

Order M-242), which may be accessed  through the Internet at the Bankruptcy Court's website:

www.nysb.uscourts.gov, using Netscape Navigator software version 3.0 or higher and (ii) in

portable document format (PDF) using Adobe Exchange software for conversion; or (b) if a

party is unavailable to file electronically, such party shall submit the objection in PDF format on

a diskette in an envelope with the case name, case number, type and title of document, document

number to which the objection refers and the file name on the outside of the envelope; or (c) if a

party is unable to file electronically or use PDF format, such party shall submit the response or

objection on a diskette in either Word, WordPerfect, or DOS text (ASCII) format.  A response or

objection filed by a party with no legal representation shall comply with section (b) or (c) as set

forth in this paragraph.  Responses or objections shall be filed, and a hard copy of the objection,

whether filed pursuant to section (a), (b) or (c) as set forth in this paragraph, shall also be

delivered to the Chambers of the Honorable Robert D. Drain and served on the undersigned

counsel, at the address set forth below, so as to be

received no later than 2 p.m. on February 2, 2006, as per the Case Management Order.  Only

those responses or objections that are timely filed, served and received will be considered by the

Bankruptcy Court.


Respectfully submitted,


 /s/ Leslie A. Berkoff
Leslie A. Berkoff (LB-4584)
Douglas Bilotti (DB-6143)
MORITT HOCK HAMROFF &
 HOROWITZ LLP
400 Garden City Plaza
Garden City, NY 11530
(516) 873-2000

-and-

M. Ellen Carpenter (BBO #554142)
ROACH & CARPENTER, P.C.
24 School Street
Boston, MA 02108
(617) 720-1800


To:      All parties as per Case Management Order

ROACH & CARPENTER, P.C.
24 School Street
Boston, MA 02108
M. Ellen Carpenter, Esq. (MA BBO#554142)
*mec@ rc-law.com*
(617) 720-1800
(617) 720-0720 (fax)

    -and-

MORITT HOCK HAMROFF & HOROWITZ, LLP
400 Garden City Plaza
Garden City, NY 11530
Leslie A. Berkoff, Esq. (LB-4584)
Douglas Bilotti, Esq. (DB-6143)
*lberkoff@moritthock.com*
*dbilotti@moritthock.com*
(516) 873-2000
(516) 873-2010 (fax)

Counsel for Thermo NITON Analyzers LLC
formerly known as Niton, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | Chapter 11 |
| DELPHI CORPORATION, <u>et al.</u>, | Case No., 05-44481(RDD) |
| Debtors. | (Jointly Administered) |

**THERMO NITON ANALYZERS LLC'S MOTION FOR RELIEF FROM
AUTOMATIC STAY FOR LIMITED PURPOSE OF EFFECTUATING
SETOFF OF PRE-PETITION AMOUNTS BETWEEN NITON AND DEBTOR**

Thermo NITON Analyzers LLC, formerly known as Niton, LLC ("*Niton*"), by its

undersigned counsel, respectfully moves this Court for an order to modify the automatic stay for

the limited purpose of effectuating a setoff of amounts owed by Niton to one of the debtors

against amounts owed by that debtor to Niton, pursuant to 11 U.S.C. §§362 and 553 of the

4

Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure.  In support of

this Motion, Niton respectfully states:

<u>INTRODUCTION</u>

1.        On October 8, 2005 (the "*Petition Date*"), Delphi Corporation and certain of its

subsidiaries and affiliates (the "*Debtors*") commenced their respective reorganization cases by

filing voluntary petitions for relief under chapter 11 of 11 U.S.C. §§ 101 et seq., as amended

(the "*Bankruptcy Code*").

2.        The Debtors continue to operate their businesses and manage their properties as

debtors-in-possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.        Niton is a Delaware limited liability corporation with a principal place of business

located at 900 Middlesex Turnpike, Building 8, Billerica, Massachusetts.  It is a developer and

producer of portable x-ray fluorescence technology used in various applications including

quality assurance and quality control in various manufacturing processes.

4.        Prior to the Petition Date, on June 24, 2002, Niton and Debtor Delphi Medical

Systems Colorado Corporation ("*Delphi Colorado*")[1] entered into a Contract Manufacturing

Agreement whereby Delphi Colorado agreed to manufacture and Niton agreed to purchase

certain products for Niton (the "*Contract*").  A copy of the Contract is attached as *Exhibit A*.

5.        Under the terms of the Contract, Delphi Colorado purchased from Niton certain

components to manufacture the products.

6.        Under the terms of the Contract, the Contract is to be construed and enforced in

accordance with the laws of the State of Colorado.  Contract ¶ 23.

---

[1]  The contract was executed between Niton, LLC and Peak Industries, Inc.  On December 7, 2004, Peak Industries, Inc., filed an Article of Amendment changing its name to Delphi Medical Systems Colorado Corporation.

5

7.        As of the Petition Date, as a result of certain overpayments, credits and accounts payable due to Delphi Colorado, Niton owed Delphi Colorado $517,177.13 (the "*Debt*").

8.        As of the Petition Date, Delphi Colorado in turn owed $173,555.26 (the "*Claim*") to Niton under the terms of the Contract.  A schedule of the Niton's relevant unpaid invoices for Delphi Colorado's purchase orders is attached hereto as *Exhibit B*.

9.        Since the Petition Date, Niton has continued to support the Debtor by supplying goods on credit terms, and has paid the Debtor the sum of $343,621.87 representing the difference between the Debt and the Claim.

<u>RELIEF REQUESTED</u>

10.        For the reasons set forth herein, Niton requests relief from the automatic stay for the limited purpose of effectuating a setoff with Delphi Colorado.

<u>BASIS FOR RELIEF REQUESTED</u>
A. Right of Setoff

11.        Section 553 of the Bankruptcy Code preserves any rights of setoff that may exist between a creditor and debtor.   "The right of setoff ... allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.' (citation omitted)"  *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995).  There must be mutuality, *i.e.*, the debts must be due and owing to the same two parties and must have arisen prepetition.  *See*, *Scherling v. Hellman Elec. Corp. (In re Westchester Structures)*, 181 B.R. 730, 739 (Bankr. S.D. N.Y. 1995). "In general, the right of setoff allows parties who have prepetition debts to each other to assert the amounts owed on these debts, subtract one from the other, and then pay only the balance." *In re Johnson*, 216 B.R. 381, 385 (Bankr. N.D. Ill. 1997) (citations omitted).

6

12.        "Under § 553, a creditor with an independent right of setoff may setoff a debtor's

obligations only if the creditor satisfies three elements.  First, the creditor must owe a debt to the

debtor that 'arose before the commencement of' the bankruptcy proceedings.  Second, the

creditor must have a claim against the debtor that 'arose before the commencement of' the

bankruptcy proceedings.  Third, the creditor's and debtor's obligations must be mutual.

(citations omitted.)"  *U.S. v. Myers (In re Myers)*, 362 F. 3d 667, 672 (10th Cir. 2004).  *See also,*

*Scherling*, 181 B.R. at 739.

13.        First, Niton clearly owes a "debt" to Delphi Colorado.  As stated above, Niton

owed Delphi Colorado $517,177.13 as of the Petition Date on account of certain overpayments,

credits and payables.

14.        For the same reason, Niton clearly holds a valid and enforceable "claim" against

Delphi Colorado that arose before the-commencement of the case.  11 U.S.C. § 101(5)(A).[2]  As

stated above, Delphi Colorado owed Niton $173,555.26 as of the Petition Date under the terms

of the Contract. In *Johnson v. Home State Bank,* 505 U.S. 78, 83, 111 S.Ct. 2150 (1991) the

Supreme Court stated a "right to payment" means "nothing more nor less than an enforceable

obligation." (internal quotation omitted).  Accordingly, a claim arises pre-petition for set-off

purposes when some "right to payment" exists pre-petition; that is, when an enforceable

obligation exists at the time the debtor files his bankruptcy petition.

15.        Here, Niton had a right to payment from Delphi Colorado at the time of shipment

of the components to Delphi Colorado.  Further, Delphi Colorado's pre-petition acceptance of

---

[2]  Section 101 of the Bankruptcy Code defines "claim" as any "right of payment, whether or not such right is
reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal,
equitable, secured, or unsecured . . ."  11 U.S.C. § 101(5).

the components gave Niton a pre-petition right to payment for set-off purposes pursuant to

Article 2 of the Uniform Commercial Code as adopted by Colorado.  See Colo.Rev.Stat. See §§

4-2-507(1), 4-2-606(1); 4-2-607(1).[3]

16.    Finally, the claim and the debt are "mutual" as they are "due to and from the same

person in the same capacity."  *Packaging Ind. Group v. Dennison Mfg. Co., Inc. (In re Sentinel

Prods.)*, 192 B.R. 41, 45 (N.D.N.Y. 1996) (citations omitted).  Clearly, this requirement is here,

as Delphi Colorado owes Niton funds pursuant to the Contract, and Niton owes Delphi Colorado

funds pursuant to the same Contract.

17.    The Bankruptcy Code does not itself create a right of setoff, but rather merely

preserves any rights of setoff that exist under federal or state law.  *See Strumpf*, 516 U.S. at 18.

The Contract is governed by the law of the State of Colorado, which recognizes a common law

right of setoff.  *Eckles v. Petco, Inc., Interstate (In re Balducci)*, 33 B.R. 847, 850 (Bankr. D.

Colo. 1983)("In Colorado, the doctrine of setoff has long been recognized") citing *Thatcher v.

Rockwell*, 4 Colo. 375, appeal dismissed, 105 U.S. 467 (1878); *Walter E. Heller & Co. v.

Lindsey,* 146 Colo. 452, 361 P.2d. 979 (1961).

---

[3] *§ 2-507. Effect of Seller's Tender*
(1) Tender of delivery is a condition to the buyer's duty to accept the goods and, unless
otherwise agreed, to his duty to pay for them. Tender entitles the seller to acceptance of
the goods and to payment according to the contract.

*§ 2-606. What Constitutes Acceptance of Goods.*
(1) Acceptance of goods occurs when the buyer
(a) after a reasonable opportunity to inspect the goods signifies to the seller that the
goods are conforming or that he will take or retain them in spite of their non-conformity;
or
(b) Fails to make an effective rejection  . . .
(c) Does any act inconsistent with the seller's ownership  . . .

*§ 2-607. Effect of Acceptance*
(1) The buyer must pay at the contract rate for any goods accepted.

8

18.        Therefore, given Colorado law recognizes a right of setoff and the exercise of this

right meets all the conditions required for a setoff under Section 553 of the Code, Niton has the

right to setoff the debt against the claim.

B. Relief from Stay

19.        Because Delphi Colorado sought the protection of the Bankruptcy Code, the

automatic stay prevents Niton from setting off the amount it owes to Delphi Colorado.  11

U.S.C. §362(a)(7).  Niton is therefore seeking relief from the automatic stay pursuant to Section

362(d)(1) for "cause."

20.        Although "cause" is not defined in the Bankruptcy Code, in deciding whether to

grant relief from the stay, courts look to "the policies underlying the automatic stay in addition

to the competing interests of the debtor and the movant."  *In re Continental Airlines, Inc.*, 152

B.R. 420, 424 (Bankr. D. Del. 1993).

21.        Niton submits that cause exists to grant it relief.  It has established that it has the

right of setoff under the applicable state law.  It should be permitted to exercise that right.

22.        No prior motion for the relief requested herein has been made to this Court or any

other court.

23.        Notice of this Motion will be provided by electronic transmission through the

Court's electronic filing system, overnight delivery or first class mail to chambers, the parties on

the Master Service List and the 2002 List Parties, pursuant to the Case Management Order

entered on October 14, 2005.  (See the Affidavit of Service to be filed with the Court)

24.        Niton respectfully requests that the requirement of the service and filing of a

separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied because all of the

points and authorities on which it is relying are set forth herein.

9

WHEREFORE, Nition LLC, respectfully requests the entry of an order, a copy of which is annexed as Exhibit "C", whereby the automatic stay will be modified for the limited purpose of permitting it to setoff the pre-petition balance owed to it by Delphi Medical Systems of Colorado Corporation under the Contract against the debt it owes to Delphi Medical Systems of Colorado Corporation, as well as such other and further relief as the Court deems just and proper.

Dated:  January 3, 2006

Respectfully submitted,

 /s/ Leslie A. Berkoff
Leslie A. Berkoff (LB-4584)
Douglas Bilotti (DB-6143)
MORITT HOCK HAMROFF &
  HOROWITZ, LLP
400 Garden City Plaza
Garden City, NY 11530
(516) 873-2000

-and-

M. Ellen Carpenter (BBO #554142)
ROACH & CARPENTER, P.C.
24 School Street
Boston, MA 02108
(617) 720-1800 (phone)

10