Presentment Date: January 12, 2006 at 12:00 noon (prevailing Eastern time)
Objection Deadline: January 12, 2006 at 11:30 a.m. (prevailing Eastern time)

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
Douglas P. Bartner (DB-2301)
William J.F. Roll, III (WR-8996)
Andrew V. Tenzer (AT-2263)
Lynette C. Kelly (LK-7971)

Special Counsel for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
    In re                           :   Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :   Case No. 05-44481 (RDD)
                                    :
                    Debtors.        :   (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF PRESENTMENT OF STIPULATION AND AGREED PROTECTIVE ORDER
GOVERNING PRODUCTION AND USE OF CONFIDENTIAL AND HIGHLY
CONFIDENTIAL INFORMATION IN CONNECTION WITH THE DEBTORS'
APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND 1107(b)
AUTHORIZING EMPLOYMENT AND RETENTION OF DELOITTE & TOUCHE LLP AS
INDEPENDENT AUDITORS AND ACCOUNTANTS TO DEBTORS, EFFECTIVE *NUNC
PRO TUNC* TO OCTOBER 8, 2005 AND OBJECTIONS FILED THERETO

        PLEASE TAKE NOTICE that, unless written objections are filed timely, served,

and received in accordance with this notice, Delphi Corporation and certain of its subsidiaries

and affiliates, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"),

will present the attached proposed Stipulation And Agreed Protective Order Governing

Production And Use Of Confidential And Highly Confidential Information In Connection With The Debtors' Application For Order Under 11 U.S.C. §§ 327(a), 328(a), And 1107(b) Authorizing Employment And Retention Of Deloitte & Touche LLP As Independent Auditors And Accountants To Debtors, Effective *Nunc Pro Tunc* To October 8, 2005 And Objections Filed Thereto (the "Stipulation And Order") to the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York, 10004 (the "Bankruptcy Court") for signature on January 12, 2006, at 12:00 p.m. (prevailing Eastern time).

PLEASE TAKE FURTHER NOTICE that if written objections are filed timely, served, and received in accordance with this notice, a hearing to consider approval of the Stipulation And Order will be held on February 9, 2006, at 10:00 a.m. (prevailing Eastern time) (the "Hearing") before the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that objections, if any, to approval of the Stipulation And Order (a) must be in writing, (b) must conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Order Under 11 U.S.C. §§ 102(l) And 105 And Fed. R. Bank. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance With Local Bankr. R. 1007-2(e) (Docket No. 245) (the "Case Management Order"), (c) must be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) must be

submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) must be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) Deloitte & Touche LLP, Suite 900, 600 Renaissance Center, Detroit, Michigan 480243 (Att'n: Brock E. Plumb), (iii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iv) special counsel to the Debtors, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022 (Att'n: Douglas P. Bartner), (v) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n: Kenneth S. Ziman), (vi) counsel for the agent under the Debtors' postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Marlane Melican), (vii) counsel for the Official Committee of Unsecured Creditors, Latham & Watkins, 885 Third Avenue, New York, New York 10022 (Att'n: Mark A. Broude), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to be **received** no later than **11:30 a.m. (prevailing Eastern time) on January 12, 2006** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections made in writing, in accordance with the Case Management Order, and timely filed and received by the Objection Deadline will be considered by the Bankruptcy Court at the Hearing, and that if no objections to the Confirmation Order are filed timely and served, the Bankruptcy Court may enter an order granting the Confirmation Order **without further notice**.

Dated:  New York, New York
            January 4, 2006

                         SHEARMAN & STERLING LLP

                   By: /s/ Lynette C. Kelly
                        Douglas P. Bartner (DB 2301)
                        William J.F Roll, III (WR-8996)
                        Andrew V. Tenzer (AT-2263)
                        Lynette C. Kelly (LK-7971)
                 599 Lexington Avenue
                 New York, NY 10022-6069
                 Telephone:  (212) 848-4000
                 Facsimile:  (212) 848-7179

                 Special Counsel for Delphi Corporation, et al.,
                     Debtors and Debtors-in-Possession

# EXHIBIT A

Stipulation And Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
       In re                  :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,     :    Case No. 05-44481 (RDD)
                                            :
                        Debtors.:    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

STIPULATION AND AGREED PROTECTIVE ORDER GOVERNING
PRODUCTION AND USE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL
INFORMATION IN CONNECTION WITH THE DEBTORS' APPLICATION FOR
ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND 1107(b) AUTHORIZING
EMPLOYMENT AND RETENTION OF DELOITTE & TOUCHE LLP AS
INDEPENDENT AUDITORS AND ACCOUNTANTS TO DEBTORS, EFFECTIVE
NUNC PRO TUNC TO OCTOBER 8, 2005 AND OBJECTIONS FILED THERETO

This Stipulation and Agreed Protective Order is entered into and submitted to the Court in accordance with the agreement of counsel for Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), on the one hand, and the undersigned parties in interest, on the other hand (the Debtors and the signatories to this Stipulation and Agreed Protective Order being collectively the "Parties"), that discovery requested and other information provided in connection with the Debtors' Application for Order Under 11 U.S.C. §§ 327(a), 328(a), and 1107(b) Authorizing Employment and Retention of Deloitte & Touche LLP as Independent Auditors and Accountants to Debtors, Effective Nunc Pro Tunc to October 8, 2005 (Docket No. 1222) and objections filed thereto (the "D&T Application") may involve the production of information considered sensitive, confidential, personal, proprietary, and/or protected by statutory or other legal privilege, and it appearing to the Court that there is good and sufficient cause that the relief should

be granted,

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1. The terms of this stipulation and agreed protective order (the "Stipulation and Protective Order") shall take full force and effect upon execution by the Parties.

2. Pursuant to Federal Rules of Civil Procedure 26(c), made applicable here through Federal Rules of Bankruptcy Procedure 7026 and Local Rule 7026-1, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and sections 105 and 107 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), this Stipulation and Protective Order shall govern all discovery relating to the D&T Application.

3. Any signatory to this Stipulation and Protective Order may designate as "Highly Confidential" any document, deposition testimony, or other information given by or on behalf of the Parties, and all information derived therefrom that a Party reasonably believes reflects non-public trade secrets, competitively sensitive business or development plans, forward-looking financial information, or personal information (the "Highly Confidential Information"). In addition, any signatory may designate as "Confidential" any other non-public information in any document, deposition testimony, or other information given by or on behalf of the Parties (the "Confidential Information") that the Party reasonably believes contains confidential information the distribution and use of which should be restricted in accordance with the terms of this Stipulation and Protective Order. Documents shall be designated as Confidential or Highly Confidential (a) by placing or affixing the words "Confidential" or "Highly Confidential" on each such

2

document, (b) by written notice to other Parties, or (c) by virtue of the fact that any such document is otherwise already labeled as Confidential or Highly Confidential. Deposition testimony or deposition exhibits may be designated as Confidential or Highly Confidential either on the record during the deposition itself or by written notice (which may be by email) delivered within two (2) business days following receipt of the transcript by the Party who seeks to designate such deposition testimony as Confidential or Highly Confidential. Where deposition testimony or exhibits are designated as Confidential or Highly Confidential, the deposition transcript or deposition exhibits shall be so marked as Confidential or Highly Confidential, as appropriate.

4. Inadvertent failure to designate materials as Confidential or Highly Confidential at the time of production or at the time of a deposition may be remedied at any time thereafter by supplemental written notice (which may be by email) delivered within two (2) business days after the production of such materials. Upon the service of such notice, the identified materials shall be fully subject to this Stipulation and Protective Order as if the materials had been initially designated as Confidential or Highly Confidential.

5. Material designated as Confidential pursuant to this Stipulation and Protective Order shall only be inspected by and disseminated to the following persons:

   a. the Court and its staff;

   b. the Parties and counsel of record to the Parties, and clerical, secretarial, and paralegal staff employed by such counsel;

   d. the Parties' retained professional advisors in the above-captioned cases;

  e. any deponent, counsel for the deponent, and clerical, secretarial, and paralegal staff employed by such counsel; and

  f. court reporters and videographers engaged for recording testimony of a deposition relating to the D&T Application.

 6. Material designated as Highly Confidential pursuant to this Stipulation and Protective Order shall only be inspected by and disseminated to the following persons:

  a. the Court and its staff;

  b. those counsel of record to the Parties, and clerical, secretarial, and paralegal staff employed by such counsel, who are involved in the litigation or negotiation of the D&T Application;

  d. the Parties' retained professional advisors in the above-captioned cases, to the extent they are involved in the litigation or negotiation of the D&T Application;

  e. any deponent, counsel for the deponent, and clerical, secretarial, and paralegal staff employed by such counsel, to the extent such deponent is actually shown Highly Confidential Information in connection with a deposition taken in connection with the D&T Application; and

  f. court reporters and videographers engaged for recording testimony of a deposition relating to the D&T Application.

 7. Confidential Information and Highly Confidential Information, or any information derived therefrom, shall be used or disclosed by a receiving Party solely for the purpose of the D&T Application, including litigation or negotiation of any

4

objections thereto, and not for any other purpose whatsoever. For the avoidance of doubt, Confidential Information and Highly Confidential Information, or any information derived therefrom, shall not be used or disclosed in connection with *In re Delphi Corp. Securities Litigation*, Master File No. 1:05-CV-2637 (NRB)(SDNY). Any person receiving Confidential Information or Highly Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information.

        8. The inadvertent production of any Confidential or Highly Confidential document, material, or other information subject to a claim of attorney-client privilege, attorney work product, or any other privilege or discovery exemption shall not be deemed to be a waiver of any claim of privilege, confidentiality, or other protection with respect to that or any other document, material, or information. In the event that any document or material that is subject to a claim that it is confidential, privileged, or protected from discovery on any other ground is inadvertently produced, the Party who received the inadvertently produced document or material shall return it and all copies of it to the producing Party within three (3) business days after it receives written notice (by letter or email) from the producing Party that the document or material was inadvertently produced. In the case of Confidential or Highly Confidential documents or materials that were inadvertently produced without the appropriate designation but that were otherwise intended to be produced, the producing Party shall return to the Party to whom the documents or materials were inadvertently produced copies of the documents and materials containing the appropriate designation within three (3) business days of receipt of the returned documents or materials.

9.  If at any time a Party objects to the designation of documents or information produced or testimony given as Confidential or Highly Confidential under this Stipulation and Protective Order, the objecting Party shall notify the designating Party in writing (which may be by email). The objecting Party shall identify the documents or information in question and shall specify in reasonable detail the reasons for the objection. Within two (2) business days of the receipt of such notice, the disclosing and objecting Parties shall meet and confer in an effort to resolve their differences. If the Parties cannot resolve their differences, the disclosing Party may apply within two (2) days thereafter, or such longer time as the Parties may agree, for a ruling from the Court on the propriety of the designation. While any such application is pending the documents or information that are subject to the application shall remain Confidential or Highly Confidential, as the case may be, until the Court rules. If the disclosing Party does not apply to the Court for a ruling on the propriety of the designation within two (2) days after the conclusion of the meet and confer, or within such time as the Parties may agree, the documents or information that are subject of the dispute will no longer be deemed Confidential or Highly Confidential. The disclosing Party shall have the burden of proving to the Court's satisfaction and by a preponderance of the evidence, that the document or information qualifies as sufficiently confidential, under Rule 26(c) of the Federal Rules of Civil Procedure and/or Rule 9018 of the Federal Rules of Bankruptcy Procedure, that its dissemination and use should be restricted in accordance with the terms of this Stipulation and Protective Order.

10. Nothing in this Stipulation and Protective Order shall be construed as preventing any Party from objecting to the designation of any document or information

as Confidential or Highly Confidential or preventing any Party from seeking further protection from the Court for any materials or information it produces in discovery.

11. Within thirty (30) days after the entry of an order by this Court confirming a plan of reorganization or dismissing the cases, whichever first occurs, all documents and other material designated as Confidential or Highly Confidential pursuant to this Stipulation and Protective Order, and all copies thereof, including but not limited to any notes or other transcriptions made therefrom, shall either be (a) returned to the producing Party or Party creating such information, or (b) destroyed. If the receiving Party chooses to destroy any such documents or materials, then that Party shall deliver a certificate attesting to that destruction to the Party who produced the Confidential or Highly Confidential documents or materials within thirty (30) days after the entry of an order by this Court confirming a plan of reorganization or dismissal of the cases, as the case may be.

12. If documents, materials or information (including portions of deposition transcripts) designated as Highly Confidential are to be included in any papers to be filed in this Court or any other court, counsel filing such documents shall file with such documents, and include on any copies it serves on other Parties, a notice that the documents are, or are claimed to be, subject to this Stipulation and Protective Order, identifying this Stipulation and Protective Order by date. Such papers shall be filed in a sealed envelope bearing a label which contains the case caption, docket number, title of paper being filed, and a legend that reads: "HIGHLY CONFIDENTIAL: FILED UNDER SEAL."

13. This Stipulation and Protective Order shall not be construed to affect

in any way the admissibility of any document, testimony, or other evidence at a hearing on the D&T Application.

14. Nothing in this Stipulation and Protective Order shall be construed to limit any disclosing Party's use or disclosure of its own documents, materials, or information. In addition, nothing in this Stipulation and Protective Order shall prevent or in any way limit disclosure, use, or dissemination of any information or documents that are in the public domain. This Stipulation and Order shall not prejudice in any way the rights of any Party to introduce into evidence or use at a hearing on the D&T Application any document, testimony, or other information that is subject to this Stipulation and Protective Order.

15. Any non-Party producing discovery materials in connection with the D&T Application may be included in this Stipulation and Protective Order by endorsing a copy of this Stipulation and Protective Order and delivering it to the requesting Party who, in turn, will serve it upon counsel for the other Parties and file it with the Court. The Parties to the D&T Application may designate discovery materials produced by a non-Party to the D&T Application as Confidential or Highly Confidential in accordance and consistent with the terms and provisions of this Stipulation and Protective Order.

16. This Stipulation and Protective Order shall not prevent any Party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Protective Order, or from agreeing with other Parties to modify this Stipulation and Protective Order, subject to the approval of the Court.

17. This Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Stipulation and Protective Order upon appropriate motion

by a party in interest.

    So Ordered in New York, New York, this __ day of _____, 2005

_____
Honorable Robert D. Drain
United States Bankruptcy Judge

9

AGREED TO AND
APPROVED FOR ENTRY:

_____
Lynette C. Kelly
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

Attorneys for Delphi Corporation, et al.,
and Debtors and Debtors-in-Possession

10

LOWENSTEIN SANDLER PC

By: _____
Michael S. Etkin, Esq. (ME 0570)
Ira M. Levee, Esq. (IL 9958)
1251 Avenue of the Americas, 18th Floor
New York, New York 10019
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)
            and
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2481 (Facsimile)

*Bankruptcy Counsel for Lead Plaintiffs and the Prospective Class*


NIX, PATTERSON & ROACH, L.L.P.

By: _____   w/ permission
Jeffrey J. Angelovich                        JML
Bradley E. Beckworth
Susan Whatley
205 Linda Drive
Daingerfield, Texas 75638
Telephone:   (903) 645-7333
Facsimile:   (903) 645-4415


BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

By: _____
John P. Coffey (JC-3832)
Hannah E. Greenwald (HG-5180)
Mark D. Debrowski (MD-3968)
1285 Avenue of the Americas
New York, NY 10019
Telephone:   (212) 554-1400
Facsimile:   (212) 554-1444

**LOWENSTEIN SANDLER PC**

By:_____
Michael S. Etkin, Esq. (ME 0570)
Ira M. Levee, Esq. (IL 9958)
1251 Avenue of the Americas, 18th Floor
New York, New York 10019
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)
 and
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2481 (Facsimile)

*Bankruptcy Counsel for Lead Plaintiffs and the Prospective Class*

**NIX, PATTERSON & ROACH, L.L.P.**

By:_____
Jeffrey J. Angelovich
Bradley E. Beckworth
Susan Whatley
205 Linda Drive
Daingerfield, Texas 75638
Telephone: (903) 645-7333
Facsimile: (903) 645-4415

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: *[signature]*
John P. Coffey (JC-3832)
Hannah E. Greenwald (HG-5180)
Mark D. Debrowski (MD-3968)
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

**GRANT & EISENHOFER, P.A.**

By: _/s/ Jms/whh (JS5454)_
Jay W. Eisenhofer (JE-5503)
45 Rockefeller Center
650 Fifth Avenue
New York, NY 10111
Telephone:    (212) 755-6501
Facsimile:    (212) 755-6503
-and-
Geoffrey C. Jarvis
Sharan Nirmul
Jim Sabella
Ben Hinerfeld
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone:    (302) 622-7000
Facsimile:    (302) 622-7100


**SCHIFFRIN & BARROWAY, L.L.P.**

By:_____
Mi Yarnoff
Sean M. Handler
Jodi Murland
280 King of Prussia Road
Radnor, PA 19087
Telephone:    (610) 667-7056
Facsimile:    (610) 667-7706

*Co-Lead Counsel for Lead Plaintiffs and the
Prospective Class*

**GRANT & EISENHOFER, P.A.**

By:_____
Jay W. Eisenhofer (JE-5503)
45 Rockefeller Center
650 Fifth Avenue
New York, NY 10111
Telephone:    (212) 755-6501
Facsimile:    (212) 755-6503
-and-
Geoffrey C. Jarvis
Sharan Nirmul
Jim Sabella
Ben Hinerfeld
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone:    (302) 622-7000
Facsimile:    (302) 622-7100


**SCHIFFRIN & BARROWAY, L.L.P.**

By:_____
M. Yarnoff
Sean M. Handler
Jodi Murland
280 King of Prussia Road
Radnor, PA 19087
Telephone:    (610) 667-7056
Facsimile:    (610) 667-7706

*Co-Lead Counsel for Lead Plaintiffs and the Prospective Class*