**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| DELPHI CORPORATION, et al., ) | Case No. 05-44481 (RDD) |
| ) | |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |

**FINAL ORDER AUTHORIZING EMPLOYMENT AND
RETENTION OF LATHAM & WATKINS AS COUNSEL FOR
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

This matter coming on to be heard on the Application (the "Application")[1] for an Order Authorizing and Approving the Employment and Retention of Latham & Watkins LLP as Counsel for the Official Committee of Unsecured Creditors (the "Committee") pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), nunc pro tunc to October 17, 2005; the Court having reviewed the Application and the Affidavit of Robert J. Rosenberg, Esq. (the "Rosenberg Affidavit") of the firm of Latham & Watkins LLP ("Latham & Watkins") and having heard the statements of counsel in support of the relief requested therein at a hearing thereon (the "Hearing"); the Court on November 30, 2005, having entered that certain Interim Order Authorizing Employment and Retention of Latham & Watkins as Counsel for the Official Committee of Unsecured Creditors (Docket No. 1346); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) said law firm does not hold or represent any interest materially adverse to the Debtors, any creditors of

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Application.

the Debtors, the United States Trustee for this District or any person employed in the United States Trustee's office, or any other party in interest with respect to the matters upon which said firm is to be engaged, (d) said firm is a "disinterested person" and has no adverse interest in connection with these cases as contemplated by the Bankruptcy Code, and (e) such retention is in the best interests of the Committee; the Court finding that notice of the Application given by the Committee was sufficient under the circumstances; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Application, the Rosenberg Affidavit and at the Hearing on the Application establish just cause for the relief herein granted;

      IT IS HEREBY ORDERED THAT:

1.    The employment and retention of Latham & Watkins, as counsel for the Committee shall be, and the same hereby is, approved on a final basis, effective as of October 17, 2005.

2.    Latham & Watkins shall be employed in accordance with its ordinary and customary rates, to perform the necessary legal services required by the Committee.

3.    The compensation to be paid to Latham & Watkins for legal services rendered and reimbursement of expenses incurred on behalf of the Committee shall be fixed by the Court upon appropriate application therefor in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders or procedures fixed by this Court.

4.    Copies of all notices, pleadings and other documents filed in these cases and any and all adversary proceedings shall be served upon the Committee by serving Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, NY 10022 (attn: Robert J. Rosenberg, Esq., Mitchell A. Seider, Esq., and Mark A. Broude, Esq.).

5. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:   New York, New York
         January 6, 2006

                                            /s/ Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE