UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　In re　　　　　　　　　　　　　　　　　　 :　　Chapter 11
　　　　　　　　　　　　　　　　　　　　　　　　:
DELPHI CORPORATION et al.,　　　　　　　　　　 :　　Case No. 05-44481 (RDD)
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　Debtors.　　　　　　:　　(Jointly Administered)
　　　　　　　　　　　　　　　　　　　　　　　　:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. §§ 105(a) AND 365
AUTHORIZING THE DEBTORS TO OBTAIN PREFERENTIAL POWER RATES
PURSUANT TO LETTER AGREEMENT WITH NIAGARA MOHAWK POWER
CORPORATION AND ASSUMPTION THEREOF

("MOTION TO OBTAIN PREFERENTIAL POWER RATES WITH NIAGARA
MOHAWK LETTER AGREEMENT")

　　　　　Upon the motion, dated November 9, 2005 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 105(a) And 365 Authorizing the Debtors to Obtain Preferential Power Rates Pursuant to the Letter Agreement With Niagara Mohawk Power Corporation ("NIMO") and the Assumption Thereof; and upon the Affidavit Of Matthew Zarnosky in support of the Motion; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:

A. The Debtors have exercised reasonable business judgment in deciding to assume that certain letter agreement, dated September 20, 2005, between Delphi Automotive Systems LLC and NIMO (the "Letter Agreement").

B. The assumption of the Letter Agreement, the payment of $60,000 (the "Assumption Price") in consideration for NIMO's assent to the assignment, and the cure of the existing defaults under the Power Contracts (as defined below) underlying the Letter Agreement are reasonable and appropriate under the circumstances.

C. The cure of the outstanding prepetition obligations under the Power Contracts, together with the Debtors' financial wherewithal, satisfy the statutory requirements of section 365(b)(1) of the Bankruptcy Code.

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized to take any and all actions necessary or desirable to assume the Letter Agreement between Delphi Automotive Systems LLC and NIMO, which provides for the assumption of all rights and obligations of Ultra Tool & Plastics, Inc. under the following contracts (collectively, the "Power Contracts"):

>   (a) Replacement Power Allocation Agreement among NIMO, Power Authority of the State of New York ("NYPA"), and Ultra Tool, dated May 1, 1988,
>
>   (b) Expansion Power Allocation and Service Agreement among NYPA, NIMO, and Ultra Tool, dated July 13, 1992,
>
>   (c) Replacement Power Agreement between NYPA and Ultra Tool, dated October 17, 1994, and
>
>   (d) Power For Jobs Service Allocation Agreement between NYPA and Ultra Tool, dated May 21, 1999.

3. The Debtors are authorized to pay the existing defaults under the Power Contracts, which equals no more than $103,000.00 plus the Assumption Price (collectively, the "Cure Amounts"). Upon payment of the Cure Amounts all prepetition defaults shall be deemed cured.

4. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

5. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
         January 6, 2006

                                              /s/ Robert D. Drain
                                              UNITED STATES BANKRUPTCY JUDGE