<u>**Exhibit 1A**</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------x
----

|  |  |  |
|---|---|---|
|  | : |  |
| **In re:** | : | **Chapter 11** |
|  | : |  |
| **DELPHI CORPORATION, <u>et al.</u>,** | : | **Case No.  05–44481 (RDD)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |

--------------------------------------------------x
----

<u>**NOTICE OF STATUS AS A SUBSTANTIAL EQUITYHOLDER**</u>

   PLEASE TAKE NOTICE that, as of _____, 200[ ], [Name] has Tax Ownership[1] of _____shares of the common stock of Delphi Corporation (the "**Stock**").

   PLEASE TAKE FURTHER NOTICE that pursuant to the Final Order, this notice is being (i) filed with the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, and (ii) served upon (A) the Debtors, Delphi Corporation, 5725 Delphi Drive, Troy, Michigan  48098-2815, Att'n General Counsel and Chief Tax Officer, (B) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606-1285, Att'n John K. Lyons and Randall G. Reese, and (C) counsel to the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, New York 10022-4834, Att'n. Mitchell A. Seider.

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Final Order Under 11 U.S.C. §§ 105, 362, And 541 And Bankruptcy Rule 3001 (A) Establishing Notification Procedures Applicable To Substantial Holders Of Claims And Equity Securities And (B) Establishing Notification and Hearing Procedures For Trading in Claims and Equity Securities dated January [ ], 2006 (the "**Final Order**").

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

_____
[Name]

[Address]
[Telephone]
[Facsimile]

Dated: [city, state]
_____, 200[ ]

**Exhibit 1B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------- x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
DELPHI CORPORATION, et al.,                             :    Case No.  05–44481 (RDD)
                                                        :
Debtors.                                                :    (Jointly Administered)
                                                        :
                                                        :
------------------------------------------------------- x
```

### NOTICE OF INTENT TO PURCHASE, ACQUIRE OR
### OTHERWISE OBTAIN TAX OWNERSHIP OF STOCK

        PLEASE TAKE NOTICE that [Name] intends to purchase, acquire or otherwise obtain Tax Ownership[1] of _____ shares of the common stock of Delphi Corporation (the "**Proposed Transaction**" and the "**Stock**").

        PLEASE TAKE FURTHER NOTICE that, prior to giving effect to the Proposed Transaction, [Name] has Tax Ownership of _____ shares of the Stock.

        PLEASE TAKE FURTHER NOTICE that, after giving effect to the Proposed Transaction, [Name] would have Tax Ownership of _____ shares of the Stock.

        PLEASE TAKE FURTHER NOTICE that pursuant to the Final Order this notice is being (i) filed with the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, and (ii) served upon (A) the Debtors, Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098-2815, Att'n General Counsel and Chief Tax Officer, (B) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606-1285, Att'n John K. Lyons and Randall G. Reese, and (C) counsel to

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Final Order Under 11 U.S.C. §§ 105, 362, And 541 And Bankruptcy Rule 3001 (A) Establishing Notification Procedures Applicable To Substantial Holders Of Claims And Equity Securities And (B) Establishing Notification and Hearing Procedures For Trading in Claims and Equity Securities dated January [ ], 2006 (the "**Final Order**").

the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, New York 10022-4834, Att'n Mitchell A. Seider.

[Name] further acknowledges and agrees that (i) if the Debtors object to the Proposed Transaction and seek an order from the Court prohibiting the Proposed Transaction within 15 calendar days of receiving this notice, then the Proposed Transaction may not be consummated unless the Court issues a final and nonappealable order denying the order sought by the Debtors or the Debtors withdraw their objection, (ii) any transaction purportedly consummated in violation of the Final Order will be void ab initio and will result in the imposition of sanctions as provided in the Final Order, and (iii) any further transactions contemplated by [Name] that may result in [Name] purchasing, acquiring or otherwise obtaining Tax Ownership of additional Stock will each require an additional notice be filed with the Court and served in the same manner as this notice.

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

[Name]

[Address]
[Telephone]
[Facsimile]

Dated: [city, state]
_____, 200[ ]

**Exhibit 1C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------- x
                                          :
In re:                                    :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No.  05–44481 (RDD)
                                          :
Debtors.                                  :    (Jointly Administered)
                                          :
-----------------------------------------------------x
----
```

**NOTICE OF INTENT TO SELL, EXCHANGE OR**
**OTHERWISE DISPOSE OF TAX OWNERSHIP OF STOCK**

PLEASE TAKE NOTICE that [Name] intends to sell, exchange or otherwise dispose of Tax Ownership[1] of _____ shares of the common stock of Delphi Corporation (the "**Proposed Transaction**" and the "**Stock**").

PLEASE TAKE FURTHER NOTICE that, before giving effect to the Proposed Transaction, [Name] has Tax Ownership of _____ shares of the Stock.

PLEASE TAKE FURTHER NOTICE that, after giving effect to the Proposed Transaction, [Name] would have Tax Ownership of _____ shares of the Stock.

PLEASE TAKE FURTHER NOTICE that pursuant to the Final Order this notice is being (i) filed with the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, and (ii) served upon (A) the Debtors, Delphi Corporation, 5725 Delphi Drive, Troy, Michigan  48098-2815, Att'n General Counsel and Chief Tax Officer, (B) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606-1285, Att'n John K. Lyons and Randall G. Reese, and (C) counsel to

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Final Order Under 11 U.S.C. §§ 105, 362, And 541 And Bankruptcy Rule 3001 (A) Establishing Notification Procedures Applicable To Substantial Holders Of Claims And Equity Securities And (B) Establishing Notification and Hearing Procedures For Trading in Claims and Equity Securities dated January [ ], 2006 (the "**Final Order**").

the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, New York 10022-4834, Att'n Mitchell A. Seider.

[Name] further acknowledges and agrees that (i) if the Debtors object to the Proposed Transaction and seek an order from the Court prohibiting the Proposed Transaction within 15 calendar days of receiving this notice, then the Proposed Transaction may not be consummated unless the Court issues a final and nonappealable order denying the order sought by the Debtors or the Debtors withdraw their objection, (ii) any transaction purportedly consummated in violation of the Final Order will be void ab initio and will result in the imposition of sanctions as provided in the Final Order, and (iii) any further transactions contemplated by [Name] that may result in [Name] selling, exchanging or otherwise disposing of Tax Ownership of additional Stock will each require an additional notice be filed with the Court and served in the same manner as this notice.

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

[Name]

[Address]
[Telephone]
[Facsimile]

Dated: [city, state]
_____, 200[ ]

**Exhibit 2A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------    x
                                                            :
In re:                                                      :    Chapter 11
                                                            :
DELPHI CORPORATION, et al.,                                 :    Case No.  05–44481 (RDD)
                                                            :
Debtors.                                                    :    (Jointly Administered)
                                                            :
--------------------------------------------------------    x
```

**NOTICE OF CONSENT**

      PLEASE TAKE NOTICE that [Name] (i) has read the Final Order Under 11 U.S.C. §§ 105, 362, And 541 And Bankruptcy Rule 3001 (A) Establishing Notification Procedures Applicable To Substantial Holders Of Claims And Equity Securities And (B) Establishing Notification and Hearing Procedures For Trading in Claims and Equity Securities (the "**Final Order**"),[1] (ii) consulted with counsel as [Name] deems appropriate, (iii) understands the Participation Restriction, (iv) acknowledges that [Name] may be required to sell Covered Claims or to refrain from purchasing Covered Claims pursuant to the procedures set out in paragraph 7 of the Final Order, and (v) agrees to fully and timely comply with the procedures set out in paragraph 7 of the Final Order, including sending a Notice of Completed Sell Down, and (vi) accepts that failure to comply with the obligations and procedures set out in paragraph 7 of  the Final Order could subject [Name] to the Equity Forfeiture Provisions.

      PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Final Order, this notice is being served upon (i) the Debtors, Delphi Corporation, 5725 Delphi Drive, Troy, Michigan  48098-2815, Att'n General Counsel and Chief Tax Officer, (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606-1285, Att'n John K. Lyons and Randall G. Reese, and (iii) counsel to the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, New York 10022-4834, Att'n Mitchell A. Seider.

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Final Order.

PLEASE TAKE FURTHER NOTICE THAT, this Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

[Name]

[Address]
[Telephone]
[Facsimile]

Dated: [city, state]
_____, 200[ ]

**Exhibit 2B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| -------------------------------------------------------- x | |
| : | |
| In re : | Chapter 11 |
| : | |
| DELPHI CORPORATION, et al., : | Case No.  05–44481 (RDD) |
| : | |
| Debtors. : | (Jointly Administered) |
| : | |
| -------------------------------------------------------- x | |

## SUBSTANTIAL CLAIMHOLDER NOTICE

PLEASE TAKE NOTICE that [Name] has Tax Ownership[1] of an aggregate amount of Covered Claims that equals or exceeds the Threshold Amount, measured, where appropriate, by principal and accrued interest as of the Petition Date. As of _____ 200[ ], [Name] has Tax Ownership of the following Covered Claims:

| Debtor | Description of Covered Claim | Amount of Covered Claim | Directly Owned ? |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

PLEASE TAKE FURTHER NOTICE that pursuant to the Final Order, this notice is being served upon (i) the Debtors, Delphi Corporation, 5725 Delphi Drive, Troy, Michigan  48098-2815, Att'n General Counsel and Chief Tax Officer, (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606-1285, Att'n John K. Lyons and Randall G. Reese, and (iii) counsel to the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, New York 10022-4834, Att'n Mitchell A. Seider.

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Final Order Under 11 U.S.C. §§ 105, 362, And 541 And Bankruptcy Rule 3001 (A) Establishing Notification Procedures Applicable To Substantial Holders Of Claims And Equity Securities And (B) Establishing Notification and Hearing Procedures For Trading in Claims and Equity Securities dated January [ ], 2006 (the "**Final Order**").

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

[Name]

[Address]
[Telephone]
[Facsimile]

Dated: [city, state]
_____, 200[ ]

**Exhibit 2C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------  x
                                                          :
In re:                                                    :    Chapter 11
                                                          :
DELPHI CORPORATION, et al.,                               :    Case No.  05–44481 (RDD)
                                                          :
Debtors.                                                  :    (Jointly Administered)
                                                          :
--------------------------------------------------------  x
```

**NOTICE OF COMPLETED SELL DOWN**

   PLEASE TAKE NOTICE that [Name] has transferred Tax Ownership[1] of Covered Claims as required by the final Sell Down Notice applicable to it (the "**Sell Down**").

   PLEASE TAKE FURTHER NOTICE that, after giving effect to the Sell Down, [Name] has Tax Ownership of Covered Claims, as set forth below:

| Debtor | Description of Covered Claim | Amount of Covered Claim | Directly Owned ? |
|--------|------------------------------|-------------------------|------------------|
|        |                              |                         |                  |
|        |                              |                         |                  |
|        |                              |                         |                  |
|        |                              |                         |                  |

   PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, this notice is being served upon (i) the Debtors, Delphi Corporation, 5725 Delphi Drive, Troy, Michigan  48098-2815, Att'n General Counsel and Chief Tax Officer, (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606-1285, Att'n John K. Lyons and Randall G. Reese, and (iii) counsel to the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, New York 10022-4834, Att'n Mitchell A. Seider.

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Final Order Under 11 U.S.C. §§ 105, 362, And 541 And Bankruptcy Rule 3001 (A) Establishing Notification Procedures Applicable To Substantial Holders Of Claims And Equity Securities And (B) Establishing Notification and Hearing Procedures For Trading in Claims and Equity Securities dated January [ ], 2006 (the "**Final Order**").

PLEASE TAKE FURTHER NOTICE that [Name] acknowledges and agrees that, pursuant to the Final Order, (i) any further transactions contemplated by [Name] that result in [Name's] purchasing, acquiring or otherwise obtaining Tax Ownership of additional Covered Claims may be prohibited, and (ii) failure to comply with the obligations and procedures set out in paragraph 7 of the Final Order could subject [Name] to the Equity Forfeiture Provisions.

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

[Name]

[Address]
[Telephone]
[Facsimile]

Dated: [city, state]
_____, 200[ ]

<u>**Exhibit 2D**</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
                                                         :
In re                                                    :    Chapter 11
                                                         :
DELPHI CORPORATION, <u>et al.</u>,                       :    Case No.  05–44481 (RDD)
                                                         :
Debtors.                                                 :    (Jointly Administered)
                                                         :
-------------------------------------------------------- x

**PROPOSED COVERED CLAIM TRANSACTION NOTICE**

       PLEASE TAKE NOTICE that [Name] intends to purchase, acquire or otherwise obtain Tax Ownership[1] of $_____ of Covered Claims (the "**Proposed Transaction**"), as set forth below:

| Debtor | Description of Covered Claim | Amount of Covered Claim | Directly Acquired? |
|--------|------------------------------|-------------------------|--------------------|
|        |                              |                         |                    |
|        |                              |                         |                    |
|        |                              |                         |                    |
|        |                              |                         |                    |

       PLEASE TAKE FURTHER NOTICE that, before giving effect to the Proposed Transaction, [Name] has Tax Ownership of $ _____of Covered Claims, as set forth below:

| Debtor | Description of Covered Claim | Amount of Covered Claim | Directly Acquired? |
|--------|------------------------------|-------------------------|--------------------|
|        |                              |                         |                    |
|        |                              |                         |                    |
|        |                              |                         |                    |
|        |                              |                         |                    |
|        |                              |                         |                    |

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Final Order Under 11 U.S.C. §§ 105, 362, And 541 And Bankruptcy Rule 3001 (A) Establishing Notification Procedures Applicable To Substantial Holders Of Claims And Equity Securities And (B) Establishing Notification and Hearing Procedures For Trading in Claims and Equity Securities dated January [ ], 2006 (the "**Final Order**").

PLEASE TAKE FURTHER NOTICE that, after giving effect to the Proposed Transaction, [Name] would have Tax Ownership of $ _____ of Covered Claims.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, this notice is being served upon (i) the Debtors, Delphi Corporation, 5725 Delphi Drive, Troy, Michigan  48098-2815, Att'n General Counsel and Chief Tax Officer, (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606-1285, Att'n John K. Lyons and Randall G. Reese, and (iii) counsel to the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, Suite 1000 New York, New York 10022-4834, Att'n Mitchell A. Seider.

[Name] further acknowledges and agrees that (i) if the Debtors do not provide written approval of the Proposed Transaction, the Proposed Transaction may not be consummated unless approved by a final and nonappealable order of the Court, and (ii) that any unapproved acquisition of Covered Claims may result in [Name's] being subject to the Equity Forfeiture Provisions, and (iii) any further transactions contemplated by [Name] that may result in [Name] purchasing, acquiring or otherwise obtaining Tax Ownership of additional Covered Claims may require an additional notice be filed with the Court and served in the same manner as this notice.

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

[Name]

[Address]
[Telephone]
[Facsimile]

Dated: [city, state]
_____, 200[ ]

**Exhibit 3**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------- x
-------

                                                :

    In re                                       :

                                                :  Chapter 11

DELPHI CORPORATION, et al.,            :

                                                :  Case No.  05–44481 (RDD)

                    Debtors.         :

                                                  :  (Jointly Administered)

                                                  :

-------------------------------------------------- x
-------

NOTICE OF ENTRY OF  FINAL ORDER UNDER 11 U.S.C. §§ 105,
362, AND 541 AND FED. R. BANKR. P. 3001 (A) ESTABLISHING
NOTIFICATION PROCEDURES APPLICABLE TO SUBSTANTIAL
HOLDERS OF CLAIMS AND EQUITY SECURITIES AND (B)
ESTABLISHING NOTIFICATION AND HEARING PROCEDURES
FOR TRADING IN CLAIMS AND EQUITY SECURITIES

TO ALL PERSONS OR ENTITIES WITH CLAIMS[1] AGAINST OR EQUITY
INTERESTS IN THE DEBTORS[2]:

---

[1]      References to "claims" herein mean "claims" as defined in section 101(5) of the Bankruptcy Code
(as defined below) and include a lessor's right to any current or future payment under or arising out of any
lease with respect to which one or more of the Debtors is a lessee.

[2]      The Debtors are the following entities:  Delphi Corporation, ASEC Manufacturing General
Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi
Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi
Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc., Delphi
Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas
Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services
LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi
China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC,
Delphi Foreign Sales Corporation, Delphi Furukawa Wiring Systems LLC, Delphi Integrated Service
Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation
Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado
Corporation, Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY
Holdings Corporation, Delphi Receivables LLC, Delphi Services Holding Corporation, Delphi Technologies,
Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems Corporation, MobilAria, Inc., Packard
Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

PLEASE TAKE NOTICE THAT on October 8, 2005 ("Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors") commenced cases under chapter 11 of title 11 of the United States Code 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi (collectively with Delphi and the Affiliate Debtors, the "Debtors") commenced cases under chapter 11 of title 11 of the Bankruptcy Code. Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

PLEASE TAKE FURTHER NOTICE THAT on October 8, 2005, the Debtors filed a motion seeking entry of an order pursuant to sections 105, 362, and 541 of the Bankruptcy Code establishing notification procedures and approving restrictions on certain transfers of claims against and equity securities in the Debtors and their estates (the "Motion").

PLEASE TAKE FURTHER NOTICE THAT on October 12, 2005, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an interim order approving certain procedures to preserve the Debtors' net operating losses and certain other tax attributes ("Tax Attributes") pursuant to sections 105, 362, and 541 of the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE THAT on January 5, 2006, the Court entered a final order approving the procedures set forth below to preserve the Debtors' net operating losses and certain other tax attributes ("Tax Attributes") pursuant to sections 105, 362, and 541 of the Bankruptcy Code (the "Final Order"). **Except as otherwise provided in the Final Order, (a) any sale, purchase, or other transfer of equity securities in the Debtors in violation of the procedures set forth below and in the Final Order shall be null and void ab initio and (b) any sale, purchase, or other transfer of claims in violation of the procedures set forth below and in the Final Order shall be subject to sanction (including loss of equity to which the holders of such claims would otherwise be entitled) as imposed by the Court, in each case as an act in violation of the automatic stay under section 362 of the Bankruptcy Code**.

PLEASE TAKE FURTHER NOTICE THAT pursuant to the Final Order, the following procedures shall apply to holding and trading in **EQUITY SECURITIES OF DELPHI**:

(a)    A Substantial Equityholder, if it has not already done so, must file with the Court and serve on the Debtors and counsel to Debtors a Notice of Status as a Substantial Equityholder.

(b)    Prior to effectuating any transfer of Stock that would result in an increase or decrease in the Tax Ownership of Stock by a Substantial Equityholder or would result in an Entity's becoming a Substantial Equityholder, such Substantial Equityholder must file

with the Court, and serve on the Debtors and counsel to the Debtors, advance written notice (a "Proposed Stock Transaction Notice") of the intended transfer of Stock.

       (c)    The Debtors shall have 15 calendar days after receipt of a Proposed Stock Transaction Notice to file with the Court and serve on such Substantial Equityholder an objection to the proposed transfer of Stock described in the Proposed Stock Transaction Notice and seek an order of the Court prohibiting such proposed transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection and seek such an order, the Court shall hold a hearing on the matter and such transaction shall not be effective unless either the Court issues a final and nonappealable order denying the order sought by the Debtors or the objection is withdrawn.  If the Debtors do not object within such 15 calendar day period, such transfer may proceed solely as set forth in the Proposed Stock Transaction Notice.  Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein with an additional 15 calendar day waiting period.

       PLEASE TAKE FURTHER NOTICE THAT pursuant to the Final Order, the following procedures shall apply to holding and trading in **CLAIMS AGAINST THE DEBTORS**:

       (a)    Any Entity which (i) is not a Substantial Claimholder and purchases or otherwise acquires Tax Ownership of an amount of Covered Claims that causes the Entity to become a Substantial Claimholder or (ii) is a Substantial Claimholder and purchases or otherwise acquires Tax Ownership of any additional Covered Claims, shall have an obligation, in the event that the Court authorizes the issuance of Sell Down Notices (as described below), to comply with the terms of any Sell Down Notice issued to it (subject to any rights of objection described in the Final Order).  Any Entity which enters into a transaction described in (i) or (ii) is required to serve on the Debtors, counsel for Debtors, and counsel for the Creditors' Committee a notice confirming that such Entity has read the Final Order and understands the rules, restrictions, and possible sanctions contained therein.  Such notice must be served not later than the later of (A) 15 calendar days following the transaction and (B) 15 calendar days following the date of entry of this Final Order; provided; however, that in some circumstances, such notice must be served within 5 calendar days of the transaction.

       (b)    Any Entity which participates in formulating any chapter 11 plan of reorganization of or on behalf of the Debtors, shall not, and shall not be asked to, disclose (or otherwise make evident) to the Debtors that any Covered Claims of which such Entity has Tax Ownership are Newly Traded Covered Claims.

       (c)    If necessary to assess the feasibility of implementing a 382(l)(5) Plan and the need for petitioning the Court for a Sell Down Order, the Debtors may file with the Court and further publish a notice (the "Reporting Notice") requiring each Substantial Claimholder, within 30 calendar days of the Debtors' filing such notice, to serve on the

Debtors, counsel for the Debtors, and counsel for the Creditors' Committee, a notice (a "Substantial Claimholder Notice") that sets forth certain specified information with respect to such Substantial Claimholder's holdings of Covered Claims.

(d)    After filing a 382(l)(5) Plan and Disclosure Statement with respect thereto with the Court, but no later than the expiration of the 75-day period beginning with the date on which the Debtors file a Reporting Notice with the Court, the Debtors may file a motion with the Court for the issuance of an order (the "Sell Down Order") that (i) authorizes the Debtors to issue Sell Down Notices to each Entity that has timely filed a Substantial Claimholder Notice showing Tax Ownership of Covered Claims that, pursuant to the terms of the 382(l)(5) Plan (and prior to giving effect to the Sell Down Order), would entitle such Entity to acquire Tax Ownership of more than the 4.75% of the equity of the reorganized Debtors (assuming only one class of common equity of the reorganized Debtors is issued) (a "Potentially Substantial New Equityholder") and (ii) provides that any Entity other than a Potentially Substantial New Equityholder shall not be entitled to acquire Tax Ownership of more than 4.75% of the equity of the reorganized Debtors (assuming only one class of common equity of the reorganized Debtors is issued).

(e)    Each Sell Down Notice will indicate (i) the Debtors' calculation of the percentage of the equity of the reorganized Debtors of which the Potentially Substantial New Equityholder would otherwise acquire Tax Ownership under the terms of the 382(l)(5) Plan, based on the Substantial Claimholder Notice filed by such person (such person's "Preliminary Percentage") and (ii) the percentage of equity of the reorganized Debtors of which such person will be permitted to acquire Tax Ownership under the 382(l)(5) Plan, based on a proportionate reduction to the Preliminary Percentage of each Potentially Substantial New Equityholder.  No Entity will be required to sell Covered Claims that would result in such Entity having Tax Ownership of an aggregate amount of Covered Claims that is less than the greater of (A) $190 million (subject to certain adjustments) or (B) the amount of Covered Claims such Entity held on October 12, 2005 (subject to certain adjustments).

(f)    A Potentially Substantial New Equityholder in receipt of a Sell Down Notice will be permitted to object on any one or more of certain grounds for objection set forth in the Final Order.

(g)    Each transfer of Covered Claims required by a final Sell Down Notice shall occur prior to the later of (i) the date that is ten calendar days after the date of confirmation of the 382(l)(5) Plan, (ii) the date that is 60 calendar days after receipt of the Sell Down Notice and (iii) the date specified in the Sell Down Notices.  Once a Potentially Substantial New Equityholder has transferred its Covered Claims, such Entity (i) must serve notice of such transfer, no later than five calendar days following the latest date for completing such transfer in accordance with the preceding sentence, on the Debtors, counsel for the Debtors, and counsel for the Creditors' Committee and (ii) under no circumstances may acquire additional Covered Claims in a manner that would increase the amount of the reorganized Debtors' equity to which such Entity would be entitled, pursuant to the

implementation of the 382(l)(5) Plan, above the percentage specified in the Sell Down Notice applicable to such Entity.

(h)     If the Debtors determine, based on the Substantial Claimholder Notices filed in response to the Reporting Notice, that no Sell Down Notices appear necessary to implement the 382(l)(5) Plan, the Debtors may move the Court for an order requiring advance notice of certain acquisitions of Covered Claims (the "Claims Trading Notice Order"). Under the Claims Trading Notice Order, (i) any Potentially Substantial New Equityholder proposing to acquire Covered Claims in a transaction following which such Entity would have Tax Ownership of Covered Claims which, pursuant to the terms of the 382(l)(5) Plan, would entitle such Entity to receive equity of the reorganized Debtors in excess of the amount of equity to which such Entity would have been entitled based on the holdings reported on such Entity's Substantial Claimholder Notice and (ii) any Entity which would become a Potentially Substantial New Equityholder by virtue of a proposed acquisition of Covered Claims will be required, prior to the consummation of any such transaction, to serve on the Debtors, counsel for the Debtors, and counsel for the Creditors' Committee, a notice (a "Proposed Covered Claim Transaction Notice").  Generally, the same procedures applicable to a Proposed Stock Transaction Notice described in paragraph (c), above, will apply with respect to a Proposed Covered Claim Transaction Notice.

PLEASE TAKE FURTHER NOTICE THAT pursuant to the Final Order, the following shall apply to holding and trading in **BOTH EQUITY SECURITIES OF DELPHI AND CLAIMS AGAINST THE DEBTORS:**

(a)     Sanctions, including forfeiture of equity, may be imposed on Entities for violating the terms and restrictions of the Final Order.  Additionally, transactions in violation of the restrictions and procedures described in paragraphs (b) and (c), above, shall be void ab initio.

(b)     For purposes of this Notice:

(i)     "**382(l)(5) Plan**" means a plan of reorganization for the Debtors under chapter 11 of the Bankruptcy Code pursuant to which there is a reasonable possibility that section 382(l)(5) of the Internal Revenue Code will be utilized and which provides that transfers of Tax Ownership of the reorganized Debtors' equity will be subject to reasonable restrictions for not less than two years after the reorganization;

(ii)     "**Covered Claims**" means generally any claims within the meaning of section 101(5) of the Bankruptcy Code against one or more Debtors that are not first priority claims;

(iii)    "**Entity**" means a person or entity for purposes of the rules under section 382 of the Internal Revenue Code;

(iv)    "**Newly Traded Covered Claims** " means Covered Claims (a) of which an Entity acquired Tax Ownership after the date that was 18 months before October 8, 2005 and (b) that are not "ordinary course" claims, within the meaning of Treasury regulations section 1.382 9(d)(2)(iv), of which the same Entity has always had Tax Ownership;

(v)    "**Stock**" means the common stock of Delphi Corporation;

(vi)    "**Substantial Claimholder**" means generally an Entity that has Tax Ownership of an aggregate amount of Covered Claims measured where applicable by principal and accrued interest as of the Petition Date, that equals or exceeds the $190 million (as determined from time to time);

(vii)    "**Substantial Equityholder**" means an Entity that has Tax Ownership of at least 26.5 million shares of Stock (representing approximately 4.75% of the outstanding Stock); and

(viii)    "**Tax Ownership**" means beneficial ownership of a Covered Claim or of Stock as determined in accordance with applicable rules under section 382 and, to the extent provided in those rules shall include, but not be limited to, direct and indirect ownership (e.g., a holding company would be considered to have Tax Ownership of all shares owned or acquired by its 100% owned subsidiaries), ownership by members of a person's family and persons acting in concert and, in certain cases, the creation or issuance of an option (in any form).  Any variation of the term Tax Ownership shall have the same meaning and an "option" to acquire stock or claims shall include any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.  Tax Ownership of Covered Claims shall be determined as if such Covered Claims were stock of the Debtors.

PLEASE TAKE FURTHER NOTICE that, upon the request of any person, counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606-1285, Att'n John K. Lyons and Randall G. Reese, will provide a form of each of the required notices described above.

PLEASE TAKE FURTHER NOTICE that the Final Order can be obtained (i) at no cost on www.delphidocket.com, (ii) from the Court's website, or (iii) upon the request of any person, from Kurtzman Carson Consultants LLC (the "Official Copy Service"), 12910 Culver Boulevard, Suite I, Los Angeles, California, telephone: (310) 823-9000, fax: (310) 823-9133, at the expense of the person requesting it at the prevailing fee being charged by the Official Copy Service (the Official Copy Service shall accommodate document requests during normal business hours, Monday to Friday (excluding recognized holidays)).[1]

PLEASE TAKE FURTHER NOTICE THAT **THE DEBTORS' PLAN OF REORGANIZATION MAY PROVIDE FOR THE DISALLOWANCE OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS TO THE EXTENT THAT THEY WOULD ENTITLE THE HOLDERS THEREOF TO A DISTRIBUTION OF 4.75% OR MORE OF THE VALUE OF THE REORGANIZED DEBTORS.**

PLEASE TAKE FURTHER NOTICE THAT **THE FINAL ORDER AFFECTS YOUR RIGHTS AS A HOLDER OF EQUITY OR DEBT SECURITIES OF THE DEBTORS.  IF YOU HAVE ANY QUESTIONS ABOUT THE ORDER OR ITS EFFECT ON YOUR RIGHTS YOU SHOULD CONSULT A LAWYER.**

PLEASE TAKE FURTHER NOTICE THAT **FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

PLEASE TAKE FURTHER NOTICE THAT **ANY PROHIBITED PURCHASE, SALE, TRADE, OR OTHER TRANSFER OF CLAIMS AGAINST, OR EQUITY SECURITIES IN, THE DEBTORS IN VIOLATION OF THE ORDER SHALL BE NULL AND VOID AB INITIO (IN THE CASE OF EQUITY SECURITIES) AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS (INCLUDING LOSS OF EQUITY) IMPOSED BY THE BANKRUPTCY COURT.**

---

[1]    Normal business hours for the Official Copy Service are from 7:00 a.m. to 6:00 p.m. (prevailing Pacific Time).

PLEASE TAKE FURTHER NOTICE THAT the requirements set forth in this Notice are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

Dated:  [Date] 2006

DELPHI CORPORATION
5725 Delphi Drive
Troy, Michigan  48098-2815
Att'n: General Counsel and Chief Tax Officer

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
Att'n: John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
    -and-
Four Times Square
New York, New York 10036-6522
Att'n: Kayalyn A. Marafioti
    Thomas J. Matz