**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| DELPHI CORPORATION, <u>et</u> <u>al</u>., ) | Case No. 05-44481 (RDD) |
| ) | |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |

# ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF STEVEN HALL & PARTNERS AS COMPENSATION AND EMPLOYMENT AGREEMENT ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

This matter coming on to be heard on the application (the "Application")[1] for an order authorizing and approving the Employment and Retention of Steven Hall & Partners, LLC ("Steven Hall") as Compensation and Employment Agreement Advisor for the Official Committee of Unsecured Creditors (the "Committee") pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), <u>nunc</u> <u>pro</u> <u>tunc</u> to November 7, 2005; the Court having reviewed the Application and the affidavit of Pearl Meyer (the "Meyer Affidavit") and having heard the statements of counsel in support of the relief requested therein at a hearing thereon (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) said firm does not hold or represent any interest materially adverse to the Debtors, any creditors of the Debtors, the United States Trustee for this District or any person employed in the United States Trustee's office, or any other party in interest with respect to the matters upon which said firm is to be engaged, (d) said firm is a "disinterested

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Application.

person" and has no adverse interest in connection with these cases as contemplated by the Bankruptcy Code, and (e) such retention is in the best interests of the Committee; the Court finding that notice of the Application given by the Committee was sufficient under the circumstances; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Application, the Meyer Affidavit and at the Hearing on the Application establish just cause for the relief herein granted;

IT IS HEREBY ORDERED THAT:

1. The employment and retention of Steven Hall, as compensation and employment agreement advisor for the Committee shall be, and the same hereby is, approved pursuant to the terms set forth in the Application, effective as of November 7, 2005, *provided*, however, that the indemnity provisions set forth in the Application have been voluntarily removed by Steven Hall, and are, therefore, not approved hereby.

2. The compensation to be paid to Steven Hall for services rendered and reimbursement of expenses incurred on behalf of the Committee shall be fixed by the Court upon appropriate application therefor in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders or procedures fixed by this Court.

3. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:    New York, New York
          January 10, 2006

                                        /s/ Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE