UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
: 
      In re                         :     Chapter 11
: 
DELPHI CORPORATION, <u>et al.</u>,    :     Case No. 05-44481 (RDD)
: 
                Debtors.    :     (Jointly Administered)
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO FED. R. BANKR. P. 7026, 7030 AND 9016 (a) GRANTING IN
PART AND DENYING IN PART LEAD PLAINTIFFS' MOTION TO COMPEL
DEPOSITION TESTIMONY AND THE PRODUCTION OF DOCUMENTS IN
CONNECTION WITH THE DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§
327(A), 328(A) AND 1107(B) AUTHORIZING EMPLOYMENT AND RETENTION OF
DELOITTE & TOUCHE LLP AS INDEPENDENT AUDITORS AND ACCOUNTANTS TO
DEBTORS, EFFECTIVE <u>NUNC PRO TUNC</u> TO OCTOBER 8, 2005 AND OBJECTIONS
FILED THERETO, AND (b) GRANTING IN PART AND DENYING IN PART THE
DEBTORS' MOTION TO QUASH TRIAL SUBPOENAS ISSUED TO MEMBERS OF
DEBTORS' AUDIT COMMITTEE AND FOR A PROTECTIVE ORDER RELATED
THERETO AND FOR A PROTECTIVE ORDER TO LIMIT THE SCOPE OF THE
DEPOSITION OF ROBERT DELLINGER TO ONLY THOSE MATTERS PERTAINING
DIRECTLY TO THE DEBTORS' MOTION FOR ORDER AUTHORIZING EMPLOYMENT
AND <u>RETENTION OF DELOITTE & TOUCHE LLP</u>

        Upon the motion to compel deposition testimony and the production of

documents in connection with the Debtors' Motion for Order under 11 U.S.C. §§ 327(a), 328(a)

and 1107(b) Authorizing Employment and Retention of Deloitte & Touche LLP as Independent

Auditors and Accountants to Debtors, effective <u>nunc pro tunc</u> to October 8, 2005 and Objections

Filed Thereto, dated December 23, 2005(the "Motion to Compel"), filed by the Lead Plaintiffs in

the action styled *In re Delphi Securities Litigation*, Mast. File No. 1:05-CV-2637 (NRB)

(S.D.N.Y.), pursuant to Fed. R. Civ. P. 37(a) and Rules 7034, 7037 and 9014(c) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Debtors' (I) Motion (A) to

Quash Trial Subpoenas Issued to Members of Debtors' Audit Committee and for Protective

Order and (B) for a Protective Order to Limit the Scope of the Deposition of Robert Dellinger to

Only Those Matters Pertaining Directly to the Debtors' Motion for Order Authorizing

Employment and Retention of Deloitte & Touche LLP And (II) Objection to Lead Plaintiffs'

Motion to Compel Deposition Testimony and the Production of Documents in connection with

the Debtors' Motion for order under 11 U.S.C. §§ 327(a), 328(a), and 1107(b) Authorizing

Employment and Retention of Deloitte & Touche LLP as Independent Auditors and Accountants

to Debtors, effective nunc pro tunc to October 8, 2005 and Objections filed thereto, dated

December 29, 2005 (the "Motion to Quash"), filed by Delphi Corporation and certain of its

subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), pursuant to Federal Rules of Civil Procedure 26(c), 30(d)(4) and

45, made applicable in these bankruptcy proceedings through Bankruptcy Rules 7026, 7030 and

9016, respectively (the Motion to Compel and the Motion to Quash are, collectively, the

"Motions"); and upon the record of the hearing held on the Motions; and it appearing that proper

and adequate notice of the Motion has been given and that no other or further notice is necessary;

and after due deliberation thereon; and good and sufficient cause appearing therefor, as set forth

in the Court's bench ruling at the close of the January 5, 2006 hearing on the Motions, it is

hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.    The Motion to Compel is hereby DENIED, except that the Debtors shall

produce for deposition one member of Delphi's Audit Committee with knowledge of information

relating to the scope of the deposition, as described in the next sentence.  The scope of the

deposition shall be limited to the decision to replace Deloitte & Touche LLP as the Debtors'

auditors for their financial statements for the year ended December 31, 2006 and thereafter and

the decision to continue to retain Deloitte & Touche LLP as the Debtors' auditors for their

financial statements for the year ended December 31, 2005.  The deposition shall not inquire into

the details of the Audit Committee's investigation of Deloitte & Touche LLP, if any, or the

details of Deloitte & Touche LLP's past history with the Debtors.  All rights to object on grounds

of privilege or otherwise are preserved.  This Order is without prejudice to the Lead Plaintiffs'

and Debtors' rights, to raise in a telephonic conference with the Court, during the deposition of

the Audit Committee member, any disputes regarding instructions not to answer on the basis of

privilege, and the Debtors' right to oppose such arguments.

       2.   Except as provided in paragraph 1 above, the Debtors' Motion to Quash the

Subpoenas issued to Robert H. Brust, Oscar De Paula Bernardes Neto, John D. Opie and John

Walker, members of Delphi's Audit Committee, is hereby GRANTED and a PROTECTIVE

ORDER is hereby ISSUED to prevent the Lead Plaintiffs from obtaining testimony or

information related thereto that they otherwise are barred from obtaining, except as provided in

paragraph 1 above.

       3.   The Motion to Compel is DENIED, a protective order is hereby ISSUED

from this Court disallowing the Lead Plaintiffs to engage in any further deposition of Mr.

Dellinger; provided, that the Lead Plaintiffs may, following depositions referred to in paragraph

1 above, request a telephone conference with the Court to argue that, as a result the information

elicited at the such deposition Mr. Dellinger shall be required to respond to questions that he

declined to answer in his deposition on grounds of privilege, without prejudice to the Debtors'

rights to oppose such argument.

       4.   This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

5.    The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Motions.

Dated:        New York, New York
              January 10, 2006


                                        /s/ Robert D. Drain
                                        HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE