IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                      :

In re                     :    Chapter 11
                      :

DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
                      :

             Debtors.   :    (Jointly Administered)
                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

     I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants, LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

     On January 9, 2006, I caused to be served the documents listed below (i) upon the parties listed on Exhibit A hereto via overnight delivery, (ii) upon the parties listed on Exhibit B hereto via electronic notification, and (iii) upon the parties listed on Exhibit C hereto via postage pre-paid U.S. mail:

    1)   Final Order Under 11 U.S.C. §§ 105, 362, and 541 and Fed.R.Bankr.P. 3001 (A) Establishing Notification Procedures Applicable to Substantial Holders of Claims and Equity Securities and (B) Establishing Notification and Hearing Procedures for Trading in Claims and Equity Securities ("Final Trading Order") (Docket No. 1780) [a copy of which is attached hereto as Exhibit D]

    2)   Notice of Entry of Final Order Under 11 U.S.C. §§ 105, 362, and 541 and Fed. R. Bankr. P. 3001 (A) Establishing Notification Procedures Applicable to Substantial Holders of Claims and Equity Securities and (B) Establishing Notification and Hearing Procedures for Trading in Claims and Equity Securities [a copy of which is attached hereto as Exhibit E]

     On January 9, 2006, I submitted the document listed below (i) upon the parties listed on Exhibit F hereto via electronic notification for publication on the Bloomberg newswire service, and (ii) upon the parties listed on Exhibit G hereto via electronic notification for publication on the Depository Trust Company Legal Notice System (also known as LENS):

    3)   Notice of Entry of Final Order Under 11 U.S.C. §§ 105, 362, and 541 and Fed. R. Bankr. P. 3001 (A) Establishing Notification Procedures Applicable to Substantial Holders of Claims and Equity Securities and (B) Establishing Notification and Hearing Procedures for Trading in Claims and Equity Securities [a copy of which is attached hereto as Exhibit E]

Dated: January 10, 2006

_/s/ Evan Gershbein_____
Evan Gershbein

Sworn to and subscribed before
me on January 10, 2006

___/s/ Amy Lee Huh____
Notary Public

My Commission Expires: ____3/15/09_____

# EXHIBIT A

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Capital Research and Management Company | Michelle Robson | 11100 Santa Monica Blvd | 15th Floor | Los Angeles | CA | 90025 | 310-996-6140 | 310-996-6091 | mlfr@capgroup.com | Creditor Committee Member |
| Cohen Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | b.simon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel for Flextronics International USA, Inc. |
| Davis Polk & Wardwell | Donald Bernstein | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 | 212-450-3092 | donald.bernstein@dpw.com | Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com  karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 6328 Monarch Park Place | | Niwot | CO | 80503 | 303-652-4853 | 303-652-4716 | cshiff@flextronics.com | Counsel for Flextronics International |
| Flextronics International | Terry Zale | 6328 Monarch Park Place | | Niwot | CO | 80503 | 303-652-4853 | 303-652-4716 | terryzale@flextronics.com | Counsel for Flextronics International |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-6300 | trey.chambers@freescale.com | Creditor Committee Member |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel for Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 152 West 57th Street | 35th Floor | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel for Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Internal Revenue Service | Attn: Insolvency Department, Mario Valerio | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-298-2015 | 212-298-2016 | | IRS |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | 48226 | 313-628-3648 | 313-628-3602 | | Michigan IRS |
| IUE-CWA | Henry Reichard | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | hreichardiuecwa@aol.com | Creditor Committee Member |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.fmaher@chase.com  richard.duker@jpmorgan.com  gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | James Le | 12910 Culver Blvd. | Suite I | Los Angeles | CA | 90066 | 310-751-1511 | 310-751-1561 | jle@kccllc.com | Noticing and Claims Agent: |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | UCC Professional |
| Law Debenture Trust of New York | Patrick J. Healy | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Daniel R. Fisher | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel for Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel for Recticel North America, Inc. |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Mesirow Financial | Melissa Knolls | 321 N. Clark St. | 13th Floor | Chicago | IL | 60601 | 800-453-0600 | 312-644-8927 | mknoll@mesirowfinancial.com | UCC Professional |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel for Blue Cross and Blue Shield of Michigan |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 2

1/10/2006 9:27 AM
MSL lists fedex and email

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | | New York Attorney General's Office |
| O'Melveny & Meyer LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Meyer LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov<br>efile@pbgc.gov | Counsel for Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel for the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel for Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | 2122185526 | rdremluk@seyfarth.com | Counsel for Murata Electroncs North |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com<br>jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth Z. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com<br>rtrust@stblaw.com<br>wrussell@stblaw.com | Prepetition Administrative Agent |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com<br>jlyonsch@skadden.com<br>rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com<br>tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com<br>cs@stevenslee.com | Counsel for Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| United States Trustee | Alicia M. Leonard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | United States Trustee |
| United States Trustee | Deirdre A. Martini | 33 Whitehall Street | | New York | NY | 10004 | 212-510-0500 | 212-668-2256 | deirdre.martini@usdoj.gov | United States Trustee |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | | Proposed Conflicts Counsel for the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeffrey.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 2

1/10/2006 9:27 AM
MSL lists fedex and email

Delphi Corporation
Final Trading Order Special Parties

| Name | Company | Address 1 | Address 2 | City | State | Zip Code |
|---|---|---|---|---|---|---|
| Michael Lukas | General Motors Corporatio | 767 Fifth St | 14th Fl | New York | NY | 10153 |
| Paul G Haaga Jr | Capital Researh & Management Company | 333 S Hope St | 55th FL | Los Angeles | CA | 90071 |
| Patrick J Healy | Law Debenture Trust Company | 767 Third Ave | 31st Fl | New York | NY | 10017 |
| Victor J Mastromarco | Mastromarco & Jahn PC | 1024 N Michigan Ave | HE Services Company | Saginaw | MI | 48605 |
| Victor J Mastromarco | Mastromarco & Jahn PC | 1024 N Michigan Ave | Robert Mackie | Saginaw | MI | 48605 |
| Gerard Uzzi | Appaloosa Management LP | 1155 Avenue of the Americas | White & Case LLP | New York | NY | 10036 |
| Richard G. Mason | Wachtell, Lipton, Rosen & Katz | 51 West 52nd Street | | New York | NY | 10019-6150 |

# EXHIBIT B

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Capital Research and Management Company | Michelle Robson | 11100 Santa Monica Blvd | 15th Floor | Los Angeles | CA | 90025 | 310-996-6140 | 310-996-6091 | mlr@capgroup.com | Creditor Committee Member |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel for Flextronics International |
| Davis Polk & Wardwell | Donald Bernstein | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 | 212-450-3092 | donald.bernstein@dpw.com | Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com / karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Terry Zale | 6328 Monarch Park Place | | Niwot | CO | 80503 | 303-652-4853 | 303-652-4716 | terryzale@flextronics.com | Counsel for Flextronics International |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel for Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 152 West 57th Street | 35th Floor | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel for Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| IUE-CWA | Henry Reichard | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | hreichardiuecwa@aol.com | Creditor Committee Member |
| Jefferies & Company, Inc. | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | richard.duker@jpmorgan.com / gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | James Le | 12910 Culver Blvd. | Suite I | Los Angeles | CA | 90066 | 310-751-1511 | 310-751-1561 | jle@kccllc.com | Noticing and Claims Agent; |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | UCC Professional |
| Law Debenture Trust of New York | Daniel R. Fisher | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel for Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel for Recticel North America, Inc. |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Mesirow Financial | Melissa Knolls | 321 N. Clark St. | 13th Floor | Chicago | IL | 60601 | 800-453-0600 | 312-644-8927 | mknoll@mesirowfinancial.com | UCC Professional |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel for Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| O'Melveny & Meyer LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Meyer LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov / efile@pbgc.gov | Counsel for Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel for the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel for Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)
Page 1 of 2
1/10/2006 9:28 AM
MSL lists fedex and email

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | 2122185526 | rdremluk@seyfarth.com | Counsel for Murata Electroncs North |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com / jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com / rtrust@stblaw.com / wrussell@stblaw.com | Prepetition Administrative Agent |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com / jlyonsch@skadden.com / rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com / tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com / cs@stevenslee.com | |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel for Wamco, Inc. |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 2

1/10/2006 9:28 AM
MSL lists fedex and email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | | 610-230-3064 | 310-687-1052 | david.boyle@airgas.com | Counsel for Airgas, Inc. |
| Ajamie LLP | Thomas A. Ajamie | 711 Louisiana | Suite 2150 | Houston | TX | 77002 | | 713-860-1600 | 713-860-1699 | tajamie@ajamie.com | Counsel for SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Ajamie LLP | Wallace A. Showman | 1350 Avenue of the Americas | 29th Floor | New York | NY | 10019 | | 212-246-6820 | 212-581-8958 | wshowman@ajamie.com | Counsel for SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Akin Gump Strauss Hauer & Feld, LLP | Peter J. Gurfein | 2029 Century Park East | Suite 2400 | Los Angeles | CA | 90067 | | 310-552-6696 | 310-229-1001 | pgurfein@akingump.com | Counsel for Wamco, Inc. |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | 949-553-8354 | mgreger@allenmatkins.com | Counsel for Kilroy Realty, L.P. |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 4E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Andrews Kurth LLP | Monica S. Blacker | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | mblacker@andrewskurth.com | Counsel for ITW Mortgage Investments IV, Inc. |
| Angelo, Gordon & Co. | Leigh Walzer | 245 Park Avenue | | New York | NY | 10167 | | 212-692-8251 | 212-867-6395 | lwalzer@angelogordon.com | |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | 626-577-7764 | mtf@afrct.com | Counsel for Stanley Electric Sales of America, Inc. |
| Arent Fox PLLC | Mitchell D. Cohen | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Cohen.Mitchell@arentfox.com | Counsel for Pullman Bank and Trust Company |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Hirsh.Robert@arentfox.com | Counsel for Pullman Bank and Trust Company |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | 404-873-8121 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | 202-942-5999 | joel_gross@aporter.com | Counsel for CSX Transportation, Inc. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | 519-650-6520 | cgalloway@atsautomation.com | Company |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | Kimberly J. Robinson | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | | 312-629-5170 | 312-984-3150 | kim.robinson@bfkpn.com | Counsel for Motion Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | William J. Barrett | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | | 312-629-5170 | 312-984-3150 | william.barrett@bfkpn.com | Counsel for Motion Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | alan.mills@btlaw.com | Counsel for Mays Chemical Company |
| Barnes & Thornburg LLP | John T. Gregg | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3930 | 626-742-3999 | john.gregg@btlaw.com | Counsel to Priority Health |
| Barnes & Thornburg LLP | Patrick E. Mears | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3936 | 616-742-3999 | pmears@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Michael K. McCrory Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | wendy.brewer@btlaw.com michael.mccrory@btlaw.com | Counsel for Gibbs Die Casting Corporation |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | 2125541444 | hannah@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | Mark D. Debrowski | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1492 | 2125541444 | markd@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | John P. Coffey | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1409 | 2125541444 | sean@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | | 313-496-1200 | 313-496-1300 | murph@berrymoorman.com | Counsel for Kamax L.P.; Optrex America, Inc. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc. |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Patrick M. Costello, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | pcostello@bbslaw.com | Solectron Corporation; Solectron de Mexico SA de CV; Solectron Invotronics and Coherent, Inc. |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | tgaa@bbslaw.com | Counsel to  Veritas Software Corporation |
| Blank Rome LLP | Bonnie Glantz Fatell | Chase Manhattan Centre | 1201 Market Street, Suite 800 | Wilmington | DE | 19801 | | 302-425-6423 | 302-428-5110 | fatell@blankrome.com | Counsel for Bosca Dies, Inc. |
| Blank Rome LLP | Marc E. Richards | The Chrylser Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | 212-885-5002 | mrichards@blankrome.com | Counsel for DENSO International America, Inc. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | 313-393-7579 | rmcdowell@bodmanllp.com | Counsel for Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |
| Bolhouse, Vander Hulst, Risko & Baar P.C. | David S. Lefere | 3996 Chicago Drive SW | | Grandville | MI | 49418 | | 616-531-7711 | 616-531-7757 | davidl@bolhouselaw.com | Counsel for Eclipse Tool and Die, Inc. |
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | chill@bsk.com | Counsel for Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | csullivan@bsk.com | Counsel for Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | sdonato@bsk.com | Counsel for Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Bose McKinney & Evans LLP | Jeannette Eisan Hinshaw | 135 N. Pennsylvania Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-684-5296 | 317-684-5173 | jhinshaw@boselaw.com | Counsel for Decatur Plastics Products, Inc. and Eikenberry & Associates, Inc.; Lorentson Manufacturing, Company, Inc.; Lorentson Tooling, Inc.; L & S Tools, Inc.; Hewitt Tool & Die, Inc. |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | amcmullen@bccb.com | Counsel for Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | rjones@bccb.com | Counsel for Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | 856-853-9933 | dludman@brownconnery.com | Counsel for SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | 415-227-0770 | schristianson@buchalter.com | Counsel for Oracle USA, Inc.; Oracle Credit Corporation |
| Burr & Forman LLP | Michael Leo Hall | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | | (205) 458-5367 | (205) 244-5651 | mhall@burr.com | Counsel to Mercedes-Benz U.S. International, Inc. |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 732-205-6777 | jonathan.greenberg@engelhard.com | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Robert Usadi | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 212-269-5420 | rusadi@cahill.com | Counsel to Engelhard Corporation |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 300 East Maple Road | Third Floor | Birmingham | MI | 48009-6317 | | 248-644-4840 | 248-644-1832 | rweisberg@carsonfischer.com | Counsel for Cascade Die Casting Group, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | 212-732-3232 | cahn@clm.com | Counsel for STMicroelectronics, Inc. |
| Clark Hill PLC | Seth A. Drucker | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | sdrucker@clarkhill.com | Counsel for BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | 313-965-8252 | rgordon@clarkhill.com | Counsel for ATS Automation Tooling Systems Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel for Arneses Electricos Automotrices, S.A.de C.V.; Cordaflex, S.A. de C.V. |
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel for Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | 412-209-1837 | tmaxson@cohenlaw.com | Counsel for Nova Chemicals, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | 646-473-8238 | jvitale@cwsny.com | Counsel for International Union, United Automobile, Arecspace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th floor | | Hartford | CT | 06103 | | 860-493-2200 | 860-727-0361 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Conlin, McKenney & Philbrick, P.C. | Bruce N. Elliott | 350 South Main Street | Suite 400 | Ann Arbor | MI | 48104 | | 734-971-9000 | 734-971-9001 | Elliott@cmplaw.com | Counsel to Brazeway, Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | 302-658-0380 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |
| Contrarian Capital Management, L.L.C. | Mark Lee, Janice Stanton, Bill Raine, Seth Lax | 411 West Putnam Avenue | Suite 225 | Greenwich | CT | 06830 | | 203-862-8200 (230) 862-8231 | 203-629-1977 (203) 629-1977 | mlee@contrariancapital.com jstanton@contrariancapital.com wraine@contrariancapital.com solax@contrariancapital.com | Counsel to Contrarian Capital Management, L.L.C. |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Sylvie J. Derrien | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | derrien@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Company |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | Pretekin@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Company |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Steven M. Wachstein | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | wachstein@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Company |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | dpm@curtinheefner.com | Counsel for SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 11

1/10/2006 9:42 AM

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Curtin & Heefner, LLP | Robert Szwajkos | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | rsz@curtinheefner.com | Counsel for SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Andrew M. Thau | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-8898 | 917-368-8898 | athau@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | David S. Karp | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6065 | 212-697-1559 | dkarp@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6065 | 212-697-1559 | sreisman@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| DaimlerChrysler Corporation | Kim Kolb | CIMS 485-13-32 | 1000 Chrysler Drive | Auburn Hills | MI | 48326-2766 | | 248-576-5741 | | krk4@daimlerchrysler.com | Counsel for DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrysler Canada, Inc. |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | 716-856-5510 | wsavino@damonmorey.com | Counsel for Relco, Inc.; The Durham Companies, Inc. |
| Daniels & Kaplan, P.C. | Jay Selanders | 2405 Grand Boulevard | Suite 900 | Kansas City | MO | 64108-2519 | | 816-221-3086 | 816-221-3006 | selanders@danielsandkaplan.com | Counsel for DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrysler Canada, Inc. |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | 248-350-7772 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | | 212-682-4940 | 212-682-4942 | gdiconza@dlawpc.com | Counsel to Tyz-All Plastics, Inc. |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | 513-977-8141 | john.persiani@dinslaw.com | Counsel for The Procter & Gamble Company |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | 410-580-3001 | richard.kremen@dlapiper.com | Counsel for Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | dmdelphi@duanemorris.com | Counsel to ACE American Insurance Company |
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | 973-424-2001 | jhlemkin@duanemorris.com | Counsel for NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; Hosiden America Corporation and Samtech Corporation |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | 212-715-8000 | ayala.hassell@eds.com | Representative for Electronic Data Systems Corporation |
| Erman, Teicher, Miller, Zucker & Freedman, P.C. | David H. Freedman | 400 Galleria Officentre | Ste. 444 | Southfield | MI | 48034 | | 248-827-4100 | 248-827-4106 | dfreedman@ermanteicher.com | Counsel for Doshi Prettl International, LLC |
| Erman, Teicher, Miller, Zucker & Freedman, P.C. | Earle I. Erman | 400 Galleria Officentre | Ste. 444 | Southfield | MI | 48034 | | 248-827-4100 | 248-827-4106 | eerman@ermanteicher.com | Counsel for Doshi Prettl International, LLC |
| Fagel Haber LLC | Gary E. Green | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | ggreen@fagelhaber.com | Counsel for Aluminum International, Inc. |
| Fagel Haber LLC | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | lnewman@fagelhaber.com | Counsel for Aluminum International, Inc. |
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | 212-422-6836 | tdonovan@finkgold.com | Counsel for Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | 312-832-4700 | jmurch@foley.com | Counsel for Kuss Corporation |
| Fox Rothschild LLP | Fred Stevens | 13 East 37th Street | Suite 800 | New York | NY | 10016 | | 212-682-7575 | 212-682-4218 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Fox Rothschild LLP | Michael J. Viscount, Jr. | 1301 Atlantic Avenue | Suite 400 | Atlantic City | NJ | 08401-7212 | | 609-348-4515 | 609-348-6834 | mviscount@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | 608-848-6357 | ftrikkers@rikkerslaw.com | Counsel for Southwest Metal Finishing, Inc. |
| Gazes LLC | Ian J. Gazes | 32 Avenue of the Americas | | New York | NY | 10013 | | 212-765-9000 | 212-765-9675 | ian@gazesllc.com | Counsel to Setech, Inc. |
| Gazes LLC | Eric Wainer | 32 Avenue of the Americas | Suite 1800 | New York | NY | 10013 | | 212-765-9000 | 212-765-9675 | office@gazesllc.com | Counsel to Setech, Inc. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Genovese Joblove & Battista, P.A. | Craig P. Rieders, Esq. | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | | 305-349-2300 | 305-349-2310 | crieders@gjb-law.com | Counsel for Ryder Integrated Logistics, Inc. |
| Gibbons, Del Deo, Dolan, Griffinger & Vecchione | David N. Crapo | One Riverfront Plaza | | Newark | NJ | 07102-5497 | | 973-596-4523 | 973-639-6244 | dcrapo@gibbonslaw.com | Counsel for Epcos, Inc. |
| Goodwin Proctor LLP | Allan S. Brilliant | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | abrilliant@goodwinproctor.com | Counsel for UGS Corp. |
| Goodwin Proctor LLP | Craig P. Druehl | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | cdruehl@goodwinproctor.com | Counsel for UGS Corp. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | 212-269-2540 | bmehlsack@gkllaw.com | Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | 617-574-4112 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |
| Grant & Eisenhofer P.A. | Geoffrey C. Jarvis | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | 302-622-7100 | gjarvis@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | 212-755-6503 | jeisenhofer@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Sharan Nirmul | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | 302-622-7100 | snirmul@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | jh@previant.com | Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | mrr@previant.com | Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Gratz, Miller & Brueggeman, S.C. | Timothy C. Hall | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | tch@previant.com | Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbeler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | 513-651-3836 | mdebbeler@graydon.com | Counsel for Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | 314-241-8624 | ckm@greensfelder.com jpb@greensfelder.com | Counsel for ARC Automotive, Inc. |
| Guaranty Bank | Herb Reiner | 8333 Douglas Avenue | | Dallas | TX | 75225 | | 214-360-2702 | 214-360-1940 | herb.reiner@guarantygroup.com | Counsel for American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | 212-765-0964 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | 212-545-3360 | prubin@herrick.com | Counsel for Canon U.S.A., Inc. and Schmidt Technology GmbH |
| Hewlett-Packard Company | Anne Marie Kennelly | 3000 Hanover St., M/S 1050 | | Palo Alto | CA | 94304 | | 650-857-6902 | 650-852-8617 | anne.kennelly@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Glen Dumont | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4750 | 908-898-4137 | glen.dumont@hp.com | Counsel for Hewlett-Packard Financial Services Company |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | 740-940-7539 | ken.higman@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | 908-898-4137 | sharon.petrosino@hp.com | Counsel for Hewlett-Packard Financial Services Company |
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | 315-425-8576 | echarlton@hiscockbarclay.com | Counsel for GW Plastics, Inc. |
| Hodgson Russ LLP | Cheryl R. Storie | One M&T Plaza | Suite 2000 | Buffalo | NY | 14203 | | 716-848-1275 | 716-849-0349 | cstorie@hodgsonruss.com | Counsel for Hexcel Corporation |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | Carnegie Hall Tower | 152 West 57th Street, 35th Street | New York | NY | 10019 | | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel for Hexcel Corporation |
| Hogan & Hartson L.L.P. | Audrey Moog | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | amoog@hhlaw.com | Counsel for Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | ecdolan@hhlaw.com | Counsel for Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | 212-918-3100 | sagolden@hhlaw.com | Counsel for XM Satellite Radio Inc. |
| Holme Roberts & Owen, LLP | Elizabeth K. Flaagan | 1700 Lincoln | Suite 4100 | Denver | CO | 80203 | | 303-861-7000 | 303-866-0200 | elizabeth.flaagan@hro.com | Counsel for CoorsTek, Inc.; Corus, L.P. |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 4 of 11

1/10/2006 9:42 AM

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | 313-465-7315 | dbaty@honigman.com | Counsel for Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | Robert B. Weiss, Frank L. Gorman | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | | 313-465-7000 | 313-465-8000 | rweiss@honigman.com fgorman@honigman.com | Counsel for General Motors Corporation |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | 419-255-9121 | jrhunter@hunterschank.com | Counsel for ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | 419-255-9121 | tomschank@hunterschank.com | Counsel for ZF Group North America Operations, Inc. |
| Hunton & Wiliams LLP | Michael P. Massad, Jr. | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | mmassad@hunton.com | Counsel for RF Monolithics, Inc. |
| Hunton & Wiliams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | sholmes@hunton.com | Counsel for RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | 716-855-0874 | aee@hurwitzfine.com | Counsel for Jiffy-Tite Co., Inc. |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | 317-236-2219 | Ben.Caughey@icemiller.com | Counsel for Sumco, Inc. |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | 408-501-2488 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | 765-456-3836 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | 202-778-2641 | rgriffin@iuoe.org | Counsel for International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 11 |
| Jaffe, Raitt, Heuer & Weiss, P.C. | Paige E. Barr | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | | 248-351-3000 | 248-351-3082 | pbarr@jaffelaw.com | Counsel for Trutron Corporation |
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | 312-840-7381 | rpeterson@jenner.com | Counsel for SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC and Timreco Inc. |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | 212-755-7306 | sjfriedman@jonesday.com | Counsel for WL. Ross & Co., LLC |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | 312-577-4733 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | 614-464-2634 | kcookson@keglerbrown.com | Counsel for Solution Recovery Services |
| Kelley Drye & Warren, LLP | Mark I. Bane | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | 212-808-7897 | mbane@kelleydrye.com | Counsel for the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Mark. R. Somerstein | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | 212-808-7897 | msomerstein@kelleydrye.com | Counsel for the Pension Benefit Guaranty Corporation |
| Kennedy, Jennick & Murray | Larry Magarik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | lmagarik@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | sjennik@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | tkennedy@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kieselstein Lawfirm PLLC | Steve Kieselstein | 43 British American Boulevard | | Latham | NY | 12110 | | 518-785-7800 | 518-785-7851 | sk@kieselaw.com | Counsel to NEC Electronics America, Inc. |
| King & Spalding, LLP | Alexandra B. Feldman | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | 212-556-2222 | afeldman@kslaw.com | Counsel for Martinrea International, Inc. |
| King & Spalding, LLP | George B. South, III | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | 212-556-2222 | gsouth@kslaw.com | Counsel for Martinrea International, Inc. |
| Kirkland & Ellis LLP | Geoffrey A. Richards | 200 East Randolph Drive | | Chicago | IL | 60601 | | 312-861-2000 | 312-861-2200 | grichards@kirkland.com | Counsel for Lunt Mannufacturing Company |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | 212-536-3901 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | 330-497-4020 | sosimmerman@kwgd.com | Counsel to for Millwood, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | | 617-542-3000 | 617-542-3001 | ekutchin@kutchinrufo.com | Counsel for Parlex Corporation |
| Lambert, Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | | smcook@lambertleser.com | Counsel for Linamar Corporation |
| Latham & Watkins | Erika Ruiz | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | erika.ruiz@lw.com | UCC Professional |
| Latham & Watkins | Henry P. Baer, Jr. | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | henry.baer@lw.com | UCC Professional |
| Latham & Watkins | John W. Weiss | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | john.weiss@lw.com | UCC Professional |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | 212-751-4864 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | mitchell.seider@lw.com | UCC Professional |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | 520-879-4705 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | 602-734-3824 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linear Technology Corporation | John England, Esq. | 1630 McCarthy Blvd. | | Milpitas | CA | 95035-7417 | | 408-432-1900 | 408-434-0507 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | 512-443-5114 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | 4692215002 | dallas.bankruptcy@publicans.com | Counsel for Dallas County and Tarrant County |
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | 713-844-3503 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | 212-407-4990 | whawkins@loeb.com | Counsel for Industrial Ceramics Corporation |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | bnathan@lowenstein.com | Counsel for Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | ilevee@lowenstein.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | krosen@lowenstein.com | Counsel for Cerberus Capital Management, L.P. |
| Lowenstein Sandler PC | Michael S. Etkin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | metkin@lowenstein.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | scargill@lowenstein.com | Counsel for Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | vdagostino@lowenstein.com | Counsel for AT&T Corporation |
| MacDonald, Illig, Jones & Britton LLP | Richard J. Parks | 100 State Street | Suite 700 | Erie | PA | 16507-1459 | | 814-870-7754 | 814-454-4647 | rparks@mijb.com | Counsel for Ideal Tool Company, Inc. |
| Margulies & Levinson, LLP | Jeffrey M. Levinson, Esq. Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | 216-514-4936 | jml@ml-legal.com lmc@ml-legal.com | Counsel for Venture Plastics |
| McDermott Will & Emery LLP | James M. Sullivan | 50 Rockefeller Plaza | | New York | NY | 10020 | | 212-547-5400 | 212-547-5444 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation, National Semiconductor Corporation; Timken Corporation |
| McDermott Will & Emery LLP | Stephen B. Selbst | 50 Rockefeller Plaza | | New York | NY | 10020 | | 212-547-5400 | 212-547-5444 | sselbst@mwe.com | Counsel for National Semiconductor Corporation |
| McDonald Hopkins Co., LPA | Jean R. Robertson, Esq. | 600 Superior Avenue, East | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | jrobertson@mcdonaldhopkins.com | Counsel to Brush Engineered materials |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | 973-622-5314 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuirewoods LLP | Elizabeth L. Gunn | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1178 | 804-698-2186 | egunn@mcguirewoods.com | Counsel for Siemens Logistics Assembly Systems, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | hkolko@msek.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | lpeterson@msek.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Miller Johnson | Thomas P. Sarb Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748 616-831-1726 | 616-988-1748 616-988-1726 | sarbt@millerjohnson.com wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | 313-496-8453 | fusco@millercanfield.com | Counsel for Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | 313-496-7997 | greenj@millercanfield.com | Counsel for Wells Operating Partnership, LP |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Michael L. Schein | 666 Third Avenue | | New York | NY | 10017 | | 212-935-3000 | 212-983-3115 | mlschein@mintz.com | Counsel to Hitachi Automotive Products (USA), Inc.; Conceria Pasubio |
| Mitsubishi Electric & Electronics USA, Inc. | John E. Cipriano | 500 Corporate Woods Parkway | | Vernon Hills | IL | 60061 | | 847-478-2383 | 847-478-2281 | john.cipriano@meus.mea.com | Assistant General Counsel for Mitsubishi Electric & Electronics USA, Inc. |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | 630-512-8610 | Jeff.Ott@molex.com | Counsel for Molex Connector Corp |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | 212-309-6001 | agottfried@morganlewis.com | Counsel for ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | 212-309-6001 | mzelmanovitz@morganlewis.com | Counsel to Hitachi Chemical (Singapore) Pte. Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | 213-612-2501 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | | lberkoff@moritthock.com | Counsel for Standard Microsystems Corporation and its direct and indirect subsidiares Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-intest to Oasis Silicon Systems, Inc.) |
| Morris, Nichols, Arsht and Tunnell | Michael G. Busenkell | PO Box 1347 | | Wilmington | DE | 19899-1347 | | 302-658-9200 | 302-658-3989 | mbusenkell@mnat.com | Counsel for Chicago Miniature Optoelectronic Technologies, Inc. |
| Morris, Nichols, Arsht and Tunnell | Robert J. Dehney | PO Box 1347 | | Wilmington | DE | 19899-1347 | | 302-658-9200 | 302-658-3989 | rdehney@mnat.com | Counsel for Chicago Miniature Optoelectronic Technologies, Inc. |
| Morrison Cohen LLP | Joseph T. Moldovan Michael R. Dal Lago | 909 Third Avenue | | New York | NY | 10022 | | 212-735-8603 212-735-8757 | 917-522-3103 917-522-3157 | jmoldovan@morrisoncohen.com mdallago@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 4000 Fountain Place | 1445 Ross Avenue | Dallas | RX | 75202-2790 | | 214-855-7500 214-855-7587 214-855-7587 | 214-978-4374 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel for Texas Instruments Incorporated |
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | Knathan@nathanneuman.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Nathan, Neuman & Nathan, P.C. | Susanna C. Brennan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | sbrennan@nathanneuman.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | 866-298-4481 | lisa.moore2@nationalcity.com | Vice President and Senior Counsel for National City Commercial Capital |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | 803-256-7500 | george.cauthen@nelsonmullins.co | Counsel for Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| Nix, Patterson & Roach, L.L.P. | Bradley E. Beckworth | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | bbeckworth@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Jeffrey J. Angelovich | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | jangelovich@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Susan Whatley | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | susanwhatley@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Norris, McLaughlin & Marcus | Elizabeth L. Abdelmasieh, Esq | 721 Route 202-206 | P.O. Box 1018 | Somerville | NJ | 08876 | | 908-722-0700 | 908-722-0755 | eabdelmasieh@nmmlaw.com | Counsel for Rotor Clip Company, Inc. |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | dgheiman@jonesday.com | Counsel for WL. Ross & Co., LLC |
| North Point | Michelle M. Harner | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | mmharner@jonesday.com | Counsel for WL. Ross & Co., LLC |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | 978-667-9969 | michaelz@orbotech.com | Company |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | 212-506-5151 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | 415-773-5759 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Otterbourg, Steindler, Houston & Rosen, P.C. | Melissa A. Hager | 230 Park Avenue | | New York | NY | 10169 | | 212-661-9100 | 212-682-6104 | mhager@oshr.com | Counsel for Sharp Electronics Corporation |
| Otterbourg, Steindler, Houston & Rosen, P.C. | Scott L. Hazan | 230 Park Avenue | | New York | NY | 10169 | | 212-661-9100 | 212-682-6104 | shazan@oshr.com | Counsel for Sharp Electronics Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Curtis J. Weidler | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3157 | 212-373-2053 | cweidler@paulweiss.com | Counsel for Ambrake Corporation; Akebono Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | ddavis@paulweiss.com | Counsel for Noma Company and General Chemical Performance Products LLC |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | emccolm@paulweiss.com | Counsel for Norma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Stephen J. Shimshak | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3133 | 212-373-2136 | sshimshak@paulweiss.com | Counsel for Ambrake Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K. Street, N.W. | | Washington | DC | 20005-4026 | | 202-326-4020 | 202-326-4112 | landy.ralph@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Pepe & Hazard LLP | Charles J. Filardi, Jr., Esq. | 30 Jelliff Lane | | Southport | CT | 06890 | | 203-319-4042 | 203-319-4034 | cfilardi@pepehazard.com | Federal Express Corporation |
| Pepper, Hamilton LLP | Anne Marie Aaronson | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | aaronsona@pepperlaw.com | Counsel for Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Linda J. Casey | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | caseyl@pepperlaw.com | Counsel for SKF USA, Inc. |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | 302-421-8390 | jaffeh@pepperlaw.com | Counsel for SKF USA, Inc. |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | lawallf@pepperlaw.com | Counsel for Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Phillips Nizer LLP | Sandra A. Riemer, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | jmanheimer@pierceatwood.com | Counsel for FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | karen.dine@pillsburylaw.com | Counsel for Clarion Corporation of America |
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | margot.erlich@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | 7th Floor | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | 714-436-2800 | mark.houle@pillsburylaw.com | Counsel for Clarion Corporation of America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | richard.epling@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | robin.spear@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pitney Hardin LLP | Ronald S. Beacher | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | 212-682-3485 | rbeacher@pitneyhardin.com | Counsel for IBJTC Business Credit Corporation |
| Pitney Hardin LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | 973-966-1015 | rmeth@pitneyhardin.com | Counsel for Marshall E. Campbell Company |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |
| Pryor & Mandelup, LLP | A. Scott Mandelup, Kenneth A. Reynolds | 675 Old Country Road | | Westbury | NY | 11590 | | 516-997-0999 | 516-333-7333 | asm@pryormandelup.com; kar@pryormandelup.com | Counsel for National Molding Corporation; Security Plastics Division/NMC LLC |
| QAD, Inc. | Jason Pickering, Esq. | 10,000 Midlantic Drive | | Mt. Laurel | NJ | 08054 | | 856-840-2489 | 856-840-2740 | jkp@qad.com | Counsel to QAD, Inc. |
| Quadrangle Debt Recovery Advisors LLC | Andrew Herenstein | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1742 | 866-741-2505 | andrew.herenstein@quadranglegroup.com | Counsel to Quadrangle Debt Recovery Advisors LLC |
| Quadrangle Group LLC | Patrick Bartels | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1748 | 866-552-2052 | patrick.bartels@quadranglegroup.com | Counsel to Quadrangle Group LLC |
| Quarles & Brady Streich Lang LLP | John A. Harris | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | jharris@quarles.com | Counsel for Semiconductor Components Industries, Inc. |
| Quarles & Brady Streich Lang LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | 520-770-2203 | knye@quarles.com | Counsel for Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation |
| Quarles & Brady Streich Lang LLP | Scott R. Goldberg | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | sgoldber@quarles.com | Counsel for Semiconductor Components Industries, Inc. |
| Reed Smith | Elena Lazarou | 599 Lexington Avenue | 29th Street | New York | NY | 10022 | | 212-521-5400 | 212-521-5450 | elazarou@reedsmith.com | Counsel for General Electric Capital Corporation, Stategic Asset Finance. |
| Republic Engineered Products, Inc. | Joseph Lapinsky | 3770 Embassy Parkway | | Akron | OH | 44333 | | 330-670-3004 | 330-670-3020 | jlapinsky@republicengineered.com | Counsel to Republic Engineered Products, Inc. |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | 206-389-1708 | jshickich@riddellwilliams.com | Counsel for Microsoft Corporation; Microsoft Licensing, GP |
| Riemer & Braunstein LLP | Mark S. Scott | Three Center Plaza | | Boston | MA | 02108 | | 617-523-9000 | 617-880-3456 | mscott@riemerlaw.com | Counsel for ICX Corporation |
| Robinson, McFadden & Moore, P.C. | Annemarie B. Mathews | P.O. Box 944 | | Columbia | SC | 29202 | | 803-779-8900 | 803-771-9411 | amathews@robinsonlaw.com | Counsel for Blue Cross Blue Shield of South Carolina |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 8 of 11

1/10/2006 9:42 AM

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Ropers, Majeski, Kohn & Bentley | Christopher Norgaard | 515 South Flower Street | Suite 1100 | Los Angeles | CA | 90071 | | 213-312-2000 | 213-312-2001 | cnorgaard@ropers.com | Counsel for Brembo S.p.A; Bibielle S.p.A.; AP Racing |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | 212-825-9414 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Sachnoff & Weaver, Ltd | Charles S. Schulman, Arlene N. Gelman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | | 312-207-1000 | 312-207-6400 | cschulman@sachnoff.com agelman@sachnoff.com | Counsel for Infineon Technologies North America Corporation |
| Satterlee Stephens Burke & Burke LLP | Christopher R. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Schiff Hardin LLP | Michael Yetnikoff | 623 Fifth Avenue | 28th Floor | New York | NY | 10022 | | 212-753-5000 | 212-753-5044 | myetnikoff@schiffhardin.com | Counsel for  Means Industries |
| Schiff Hardin LLP | William I. Kohn | 6600 Sears Tower | | Chicago | IL | 60066 | | 312-258-5500 | 312-258-5600 | wkohn@schiffhardin.com | Counsel for  Means Industries |
| Schiffrin & Barroway, LLP | Michael Yarnoff | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7056 | 610-667-7706 | myarnoff@sbclasslaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schiffrin & Barroway, LLP | Sean M. Handler | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7706 | 610-667-7056 | shandler@sbclasslaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schulte Roth & Sabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | 212-593-5955 | james.bentley@srz.com | Counsel for Panasonic Automomtive Systems Company of America |
| Schulte Roth & Sabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | michael.cook@srz.com | Counsel for Panasonic Automotive Systems Company of America, D.L. Capital Partners, L.P. |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | 404-892-7056 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk, Esq. | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | 617-946-4801 | whanlon@seyfarth.com | Counsel for  le Belier/LBQ Foundry S.A. de C.V. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | 248-358-2740 | lawtoll@comcast.net | Counsel for Milwaukee Investment Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | 225-757-7674 | rthibeaux@shergarner.com | Counsel for Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | 504-299-2300 | rthibeaux@shergarner.com | Counsel for Gulf Coast Bank & Trust Company |
| Shipman & Goodwin LLP | Jennifer L. Adamy | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5811 | 860-251-5218 | bankruptcy@goodwin.com | Counsel for Fortune Plastics Company of Illinois, Inc.; Universal Metal Hose Co., |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | asherman@sillscummis.com | Counsel for Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | jzackin@sillscummis.com | Counsel for Hewlett-Packard Financial Services Company |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | 203-542-4100 | cfortgang@silverpointcapital.com | Counsel for Silver Point Capital, L.P. |
| Simpson Thacher & Bartlett LLP | Kenneth S. Ziman, Esq. | 425 Lexington Avenue | | New York | NY | 10017 | | 212-455-2000 | 212-455-2502 | cfox@stblaw.com | Counsel to JPMorgan Chase Bank, N.A. |
| Simpson Thacher & Bartlett LLP | William T. Russell, Jr., Esq. | 425 Lexington Avenue | | New York | NY | 10017 | | 212-455-2000 | 212-455-2502 | cfox@stblaw.com | Counsel to JPMorgan Chase Bank, N.A. |
| Smith, Gambrell & Russell, LLP | Barbara Ellis-Monro | 1230 Peachtree Street, N.E. | Suite 3100 | Atlanta | GA | 30309 | | 404-815-3500 | 404-815-3509 | bellis-monro@sgrlaw.com | Counsel for Southwire Company |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | 3026528405 | kmiller@skfdelaware.com | Counsel for Airgas, Inc. |
| Sony Electronics Inc. | Lloyd B. Sarakin - Chief Counsel, Finance and Credit | 1 Sony Drive | MD #1 E-4 | Park Ridge | NJ | 07656 | | 201-930-7483 | | lloyd.sarakin@am.sony.com | Counsel to Sony Electronics, Inc. |
| Sotiroff & Abramczyk, P.C. | Robert M. Goldi | 30400 Telegraph Road | Suite 444 | Bingham Farms | MI | 48025 | | 248-642-6000 | 248-642-9001 | rgoldi@sotablaw.com | Counsel for  Michigan Heritage Bank; MHB Leasing, Inc. |
| Squire, Sanders & Dempsey L.L.P. | Eric Marcks | One Maritime Plaza | Suite 300 | San Francisco | CA | 94111-3492 | | | 415-393-9887 | emarcks@ssd.com | Counsel for Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| Squire, Sanders & Dempsey L.L.P. | Penn Ayers Butler | 600 Hansen Way | | Palo Alto | CA | 94304 | | 650-856-6500 | 650-843-8777 | pabutler@ssd.com | Counsel for Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | 502-245-0542 | jmbaumann@steeltechnologies.com | Counsel for Steel Technologies, Inc. |
| Stein, Rudser, Cohen & Magid LLP | Robert F. Kidd | 825 Washington Street | Suite 200 | Oakland | CA | 94607 | | 510-287-2365 | 510-987-8333 | rkidd@srcm-law.com | Counsel for Excel Global Logistics, Inc. |
| Steinberg Shapiro & Clark | Mark H. Shapiro | 24901 Northwestern Highway | Suite 611 | Southfield | MI | 48075 | | 248-352-4700 | 248-352-4488 | shapiro@steinbergshapiro.com | Counsel for Bing Metals Group, Inc.; Central Transport International, Inc.; Crown Enerprises, Inc.; Economy Transport, Inc.; Logistics Insight Corp (LINC); Universal Am-Can, Ltd.; Universal Truckload Services, Inc. |
| Sterns & Weinroth, P.C. | Jeffrey S. Posta | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-3922100 | 609-392-7956 | jposta@sternslaw.com | Counsel for Doosan Infracore America Corp. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 9 of 11

1/10/2006 9:42 AM

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Stevens & Lee, P.C. | Chester B. Salomon, Esq. Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | 212-319-8505 | cs@stevenslee.com cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | 816-691-3495 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | madison.cashman@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | robert.goodrich@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 | 502-779-8274 | wbeard@stites.com | Counsel to WAKO Electronics (USA), Inc. and Ambrake Corporation |
| Stroock & Stroock & Lavan, LLP | Joseph G. Minias | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | 212-806-6006 | jminias@stroock.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership c/o Etkin Associates Limited Partnership 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Stroock & Stroock & Lavan, LLP | Kristopher M. Hansen | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | 212-806-6006 | khansen@stroock.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Swidler Berlin LLP | Jonathan P. Guy | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | | 202-424-7500 | 202-424-7645 | jpguy@swidlaw.com | Counsel for Westwood Associates, Inc.; Sanders Lead Co. |
| Swidler Berlin LLP | Matthew W. Cheney | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | | 202-424-7500 | 202-424-7645 | mwcheney@swidlaw.com | Counsel for Westwood Associates, Inc.; Sanders Lead Co. |
| Swidler Berlin LLP | Roger Frankel | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | | 202-424-7500 | 202-424-7645 | rfrankel@swidlaw.com | Counsel for Sanders Lead Co. |
| Swidler Berlin LLP | Richard H. Wyron | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | | 202-424-7737 | 202-424-7645 | rhwyron@swidlaw.com | Counsel for Sanders Lead Co. |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | | ferrell@taftlaw.com | Counsel for Wren Industries, Inc. |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | 212-912-7751 | jforstot@tpw.com | Counsel for TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | 212-912-7751 | lcurcio@tpw.com | Counsel for TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | | 100-8322 | Japan | | 81-3-3286-3919 | niizeki.tetsuhiro@furukawa.co.jp | Legal Department of The Furukawa Electric Co., Ltd. |
| Thelen Reid & Priest LLP | David A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | | 212-603-2000 | 212-603-2001 | dlowenthal@thelenreid.com | Counsel for American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Thelen Reid & Priest LLP | Daniel A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | | 212-603-2000 | 212-603-2001 | dlowenthal@thelenreid.com | Counsel for Oki Semiconductor Company |
| Thompson & Knight | Rhett G. Campbell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | 713-654-1871 | rhett.campbell@tklaw.com | Counsel for STMicroelectronics, Inc. |
| Thompson & Knight | John S. Brannon | 1700 Pacific Avenue | Suite 300 | Dallas | TX | 75201 | | 214-969-1505 | 214-969-1609 | john.brannon@tklaw.com | Counsel for Victory Packaging |
| Thurman & Phillips, P.C. | Ed Phillips, Jr. | 8000 IH 10 West | Suite 1000 | San Antonio | TX | 78230 | | 210-341-2020 | 210-344-6460 | ephillips@thurman-phillips.com | Counsel for Royberg, Inc. d/b/a Precision Mold & Tool and d/b/a Precision Mold and Tool Group |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| Togut, Segal & Segal LLP | Albert Togut, Esq. | One Penn Plaza | Suite 3335 | New York | NY | 10119 | | 212-594-5000 | 212-967-4258 | bmcdonough@teamtogut.com | Conflicts counsel to Debtors |
| Tyler, Cooper & Alcorn, LLP | W. Joe Wilson | City Place | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | 860-278-3802 | jwilson@tylercooper.com | Counsel for Barnes Group, Inc. |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | 585-258-2821 | hzamboni@underbergkessler.com | Counsel for McAlpin Industries, Inc. |
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO | David Jury, Esq. | Five Gateway Center | Suite 807 | Pittsburgh | PA | 15222 | | 412-562-2549 | 412-562-2429 | djury@steelworkers-usw.org | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Varnum, Riddering, Schmidt & Howlett LLp | Michael S. McElwee | Bridgewater Place | P.O. Box 353 | Grand Rapids | MI | 49501-0352 | | 616-336-6827 | 616-336-7000 | msmcelwee@varnumlaw.com | Counsel for Furukawa Electric North America APD |
| Vorys, Sater, Seymour and Pease LLP | Robert J. Sidman, Esq. | 52 East Gay Street | P.O. Box 1008 | Columbus | OH | 43216-1008 | | 614-464-6422 | 614-719-8676 | rjsidman@vssp.com | |
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | | 614-464-8322 | 614-719-4663 | tscobb@vssp.com | Counsel for America Online, Inc. and its Subsidiaries and Affiliates |
| Wachtell, Lipton, Rosen & Katz | Emil A. Kleinhaus | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | EAKleinhaus@wlrk.com | Counsel for Capital Research and Management Company |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | RGMason@wlrk.com | Counsel for Capital Research and Management Company |
| Waller Lansden Dortch & Davis, PLLC | David E. Lemke, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | david.lemke@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Waller Lansden Dortch & Davis, PLLC | Robert J. Welhoefer, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | robert.welhoefer@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | 616-222-2185 | gtoering@wnj.com | Counsel for Robert Bosch Corporation |

In re: Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 10 of 11

1/10/2006 9:42 AM

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | 248-603-9631 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Stevens, L.L.P. | Michael D. Warner | 301 Commerce Street | Suite 1700 | Fort Worth | TX | 76102 | | 817-810-5250 | 817-810-5255 | bankruptcy@warnerstevens.com | Counsel for Electronic Data Systems Corp. and EDS Information Services, L.L.C. |
| Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP | Lei Lei Wang Ekvall | 650 Town Center Drive | Suite 950 | Costa Mesa | CA | 92626 | | 714-966-1000 | 714-966-1002 | lekvall@wgllp.com | Counsel for Toshiba America Electronic Components, Inc. |
| Weinstein, Eisen & Weiss LLP | Aram Ordubegian | 1925 Century Park East | #1150 | Los Angeles | CA | 90067 | | 310-203-9393 | 310-203-8110 | aordubegian@weineisen.com | Counsel for Orbotech, Inc. |
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | 614-222-2193 | gpeters@weltman.com | Counsel to Seven Seventeen Credit Union |
| White & Case LLP | Margarita Mesones-Mori | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | 305-358-5744 | mmesonesmori@whitecase.com | Counsel for Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | 414-223-5000 | barnold@whdlaw.com | Counsel for Schunk Graphite Technology |
| Winstead Sechrest & Minick P.C. | Berry D. Spears | 401 Congress Avenue | Suite 2100 | Austin | TX | 78701 | | 512-370-2800 | 512-370-2850 | bspears@winstead.com | Counsel for National Instruments Corporation |
| Winstead Sechrest & Minick P.C. | R. Michael Farquhar | 5400 Renaissance Tower | 1201 Elm Street | Dallas | TX | 75270 | | 214-745-5400 | 214-745-5390 | mfarquhar@winstead.com | Counsel for National Instruments Corporation |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | mwinthrop@winthropcouchot.com | Counsel for Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | sokeefe@winthropcouchot.com | Counsel for Metal Surfaces, Inc. |
| WL Ross & Co., LLC | Oscar Iglesias | 600 Lexington Avenue | 19th Floor | New York | NY | 10022 | | 212-826-1100 | 212-317-4893 | oiglesias@wlross.com | Counsel for WL. Ross & Co., LLC |
| Womble Carlyle Sandridge & Rice, PLLC | Lillian H. Pinto | 300 North Greene Street | Suite 1900 | Greensboro | NC | 27402 | | 336-574-8058 | 336-574-4528 | lpinto@wcsr.com | Counsel for Armacell |
| Zeichner Ellman & Krause LLP | Peter Janovsky | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | pjanovsky@zeklaw.com | Counsel for Toyota Tsusho America, Inc. |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | skrause@zeklaw.com | Counsel for Toyota Tsusho America, Inc. |

# EXHIBIT C

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Akebono Corporation (North America) | Alan Swiech | 34385 Twelve Mile Road | | Farminton Hills | MI | 48331 | 248-489-7406 | 866-609-0888 | Vice President of Administration for Akebono Corporation |
| Ambrake Corporation | Ronald L. Jones | 300 Ring Road | | Elizabethtown | KY | 42701 | 270-765-0208 | 270-234-2395 | Representative for Ambrake Corporation |
| Andrews Kurth LLP | Gogi Malik | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | 214-659-4400 | 214-659-4401 | Counsel for ITW Mortgage Investments IV, Inc. |
| Arnall Golden Gregory LLP | Heath J. Vicente | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | 404-873-8682 | 404-8738683 | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Bernstein Litowitz Berger & Grossman | Eileen McNerney | 1285 Avenue of the Americas | | New York | NY | 10019 | 212-554-1485 | 212-554-1444 | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Cage Williams & Abelman, P.C. | Steven E. Abelman | 1433 Seventeenth Street | | Denver | CO | 80202 | 303-295-0202 | | Counsel for United Power, Inc. |
| Calinoff & Katz, LLp | Dorothy H. Marinis-Riggio | 140 East 45th Street | 17th Floor | New York | NY | 10017 | 212-826-8800 | 212-644-5123 | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | 313-965-8300 | 313-965-8252 | Counsel for BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Colbert & Winstead, P.C. | Amy Wood Malone | 1812 Broadway | | Nashville | TN | 37203 | 615-321-0555 | 615-321-9555 | Counsel for Averitt Express, Inc. |
| Cornell University | Nancy H. Pagliaro | Office of University Counsel | 300 CCC Building, Garden Avenue | Ithaca | NY | 14853-2601 | 607-255-5124 | 607-254-3556 | Paralegal/Counsel for Cornell University |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | 516-227-6300 | 516-227-6307 | Counsel for Jon Ballin |
| Frank D. Jones | | 158 New York Circle Cr. | | Whitesburg | KY | 41858-9122 | | | |
| HAL/ERC-Legal | Tillie Lim, Esq. | 50 Prospect Avenue | | Tarrytown | NY | 10591 | | | Counsel to Hitachi Automotive Products (USA), Inc. |
| Harris D. Leinwand | Harris D. Leinwand | 350 Fifth Avenue | Suite 2418 | New York | NY | 10118 | 212-725-7338 | 212-244-6219 | Counsel for Baker Hughes Incorporated; Baker Petrolite Corporation |
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | 313-465-7548 | 313-465-7549 | Counsel for Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | 617-542-3000 | 617-542-3001 | Counsel for Parlex Corporation |
| Lord, Bissel & Brook | Timothy W. Brink | 115 South LaSalle Street | | Chicago | IL | 60603 | 312-443-1832 | 312-443-896-6432 | Counsel for Sedgwick Claims Management Services, Inc. |
| Lord, Bissel & Brook | Timothy S. McFadden | 115 South LaSalle Street | | Chicago | IL | 60603 | 312-443-0370 | 312-896-6394 | Counsel for Methode Electronics, Inc. |
| Lord, Bissel & Brook LLP | Kevin J. Walsh<br>Rocco N. Covino | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | 212-947-8304<br>212-947-8304 | 212-947-1202 | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | 419-867-8900 | 419-867-8909 | Counsel for Metro Fibres, Inc. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | 303-957-4254 | 303-957-2098 | Representative for Madison Capital Management |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | 312-245-7500 | 312-245-7467 | Counsel for NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; Hosiden America Corporation and Samtech Corporation |
| Mayer, Brown, Rowe & Maw LLP | Raniero D'Aversa, Jr. | 1675 Broadway | | New York | NY | 10019 | 212-262-1910 | 212-506-2500 | Counsel for Bank of America, N.A. |
| Mayer, Brown, Rowe & Maw LLP | Jeffrey G. Tougas | 1675 Broadway | | New York | NY | 10019 | 212-262-1910 | 212-506-2500 | Counsel for Bank of America, N.A. |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th | | New York | NY | 10167 | 212-609-6800 | 212-609-6921 | Counsel to Ward Products, LLC |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | 301-699-5800 | | Counsel for Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | 301-699-5800 | | Counsel for Prince George County, Maryland |
| Miami-Dade County, FL | April Burch | 140 West Flagler Street | Suite 1403 | Miami | FL | 33130 | 305-375-5314 | 305-375-1142 | Paralegal Collection Specialist for Miami-Dade County |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | 313-456-0140 | | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raternink | PO Box 30736 | | Lansing | MI | 48909-7717 | 517-373-1820 | 517-373-2129 | Assistant Attorney General for Worker's Compensation Agency |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | 517-373-1820 | 517-373-2129 | Attorney General for Worker's Compensation Agency |
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | 410-385-3418 | 410-385-3700 | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miles & Stockbridge, P.C. | Kerry Hopkins | 10 Light Street | | Baltimore | MD | 21202 | 410-385-3418 | 410-385-3700 | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Morgan, Lewis & Bockius LLP | William C. Heuer, Esq. | 101 Park Avenue | | New York | NY | 10178-0060 | 212-309-6000 | 212-309-6001 | Counsel to Sumitomo Corporation |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | 616-977-0077 | 616-977-0529 | Counsel for Lankfer Diversified Industries, Inc. |
| Noma Company and General Chemical Performance Products LLC | James Imbriaco | 90 East Halsey Road | | Parsippanny | NJ | 07054 | 973-884-6952 | 973-515-3244 | |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | 478-742-8706 | 478-746-4488 | Office of the Chapter 13 Trustee |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | 313-456-0140 | | Assistant Attorney General for State of Michigan, Department of Treasury |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | 207-791-1100 | 207-791-1350 | Counsel for FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Professional Technologies Services | John V. Gorman | P.O. Box #304 | | Frankenmuth | MI | 48734 | 989-385-3230 | 989-754-7690 | Corporate Secretary for Professional Technologies Services |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Max Newman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | | Counsel for Dott Industries, Inc. |
| Schulte Roth & Sabel LLP | Carol Weiner Levy | 919 Third Avenue | | New York | NY | 10022 | 212-756-2000 | 212-595-5955 | Counsel for D.C. Capital Partners, L.P. |
| Sonnenschein Nath & Rosenthal LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | 212-768-6700 | 212-768-6800 | Counsel for Molex, Inc. and INA USA, Inc. |
| Sonnenschein Nath & Rosenthal LLP | Jo Christine Reed | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | 212-768-6700 | 212-768-6800 | Counsel for Molex, Inc. and INA USA, Inc. |
| Sonnenschein Nath & Rosenthal LLP | Robert E. Richards | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | 312-876-8000 | 312-876-7934 | Counsel for Molex, Inc. and INA USA, Inc. |
| The Timken Corporation BIC - 08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706 | | | Representative for Timken Corporation |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | 616-752-2158 | | Counsel for Behr Industries Corp. |
| White & Case LLP | John K. Cunningham | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | 212-819-8200 | | Counsel for Appaloosa Management, LP |

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x
                      :
     In re                   :
                      :  Chapter 11
 DELPHI CORPORATION, et al.,    :
                      :  Case No.  05–44481 (RDD)
          Debtors.      :
                      :  (Jointly Administered)
                      :
--------------------------------------------------------x

FINAL ORDER UNDER 11 U.S.C. §§ 105, 362, AND 541 AND FED. R.
BANKR. P. 3001 (A) ESTABLISHING NOTIFICATION PROCEDURES
APPLICABLE TO SUBSTANTIAL HOLDERS OF CLAIMS AND EQUITY
SECURITIES AND (B) ESTABLISHING NOTIFICATION AND HEARING
PROCEDURES FOR TRADING IN CLAIMS AND EQUITY SECURITIES
("FINAL TRADING ORDER")

       Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation ("Delphi")

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above

captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 105, 362, and 541

and Fed. R. Bankr. P. 3001(e) establishing notice and hearing procedures for trading in claims

against, and equity securities in, the Debtors; and upon the Affidavit Of Robert S. Miller, Jr. In

Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005; and upon the

record of the hearing held on the Motion; and this Court having determined that the relief

requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and

other parties-in-interest, while at the same time preserving, to the greatest extent possible, a

liquid trading market in the claims against the Debtor; and it appearing that proper and adequate

notice of the Motion has been given and that no other or further notice is necessary; and after due

deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.    The Motion is GRANTED and approved in accordance with the terms set forth below on

a final basis.

2.    This final order (the "Final Order") shall supersede the Interim Order Under 11 U.S.C. §§

105, 362, And 541 And Bankruptcy Rule 3001 (A) Establishing Notification Procedures

Applicable To Substantial Holders Of Claims And Equity Securities And (B) Establishing

Notification And Hearing Procedures For Trading In Claims And Equity Securities entered by

this Court on October 12, 2005 (the "Interim Order") from the time of entry of this Final Order

(the "Order Time").  There shall be no sanction for any violation of the Interim Order that would

not have been a violation of this Final Order.

3.    All objections to the Motion not previously withdrawn are overruled.

4.    Notice of Status as a Substantial Equityholder.  This order does not extend the time for

serving on the Debtors and their counsel a notice as required by paragraph 3(a) of the Interim

Order (a "Notice of Status as a Substantial Equityholder").  Any Entity that is currently a

Substantial Equityholder (as defined herein) should have already served such a notice on the

Debtors and their counsel.  Failure to comply with this obligation may result in the imposition of

sanctions. Attached hereto as Exhibit 1A is a form for filing a Notice of Status as a Substantial

Equityholder.  No Entity may become a Substantial Equityholder without following the

procedures set forth in paragraph 5 of this Final Order.

5.    Restrictions and Procedures for Trading in Stock.  Any Entity that, after the Order Time,

(a)      is not a Substantial Equityholder and wishes to purchase or otherwise acquire Tax Ownership of an amount of Stock that would cause the Entity to become a Substantial Equityholder;

(b)      is a Substantial Equityholder and wishes to purchase or otherwise acquire Tax Ownership of any additional Stock; or

(c)      is a Substantial Equityholder and wishes to sell or otherwise dispose of Tax Ownership of any Stock,

must, prior to the consummation of any such transaction, file with the Court (at the Entity's

election, in a redacted form that does not include such Entity's taxpayer identification number

and the aggregate principal amount of Stock that such Entity beneficially owns), and serve on the

Debtors, their counsel, and counsel for the Creditors' Committee, an unredacted notice in the

form attached hereto as Exhibit 1B, in the case of a proposed acquisition of Stock, or Exhibit 1C,

in the case of a proposed disposition of Stock (either such notice, a "Proposed Stock Transaction

Notice" and such notices together with the Notice of Status as a Substantial Equityholder, the

"Notices").  The Debtors shall consult with counsel for the Creditors' Committee prior to

responding to any Proposed Stock Transaction Notice.  The Debtors shall have 15 calendar days

after receipt of a Proposed Stock Transaction Notice to file with this Court and serve on such

Substantial Equityholder an objection to any proposed transfer of equity securities described in

the Proposed Stock Transaction Notice and seek an order of this Court prohibiting such proposed

transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their

Tax Attributes.  If the Debtors file an objection and seek an order of this Court prohibiting such

proposed transfer, this Court shall hold a hearing on such order no later than the earlier of the

next omnibus hearing date (provided that service of the objection and request for a hearing

thereon is made in accordance with the service and notice requirements of the case management

3

order) or 30 calendar days after the Debtors file such objection, and the transaction will not be

effective unless and until either this Court issues a final and nonappealable order denying the

order sought by the Debtors or the objection is withdrawn.  If the Debtors do not object within

such 15 calendar day period, such transaction may proceed solely as set forth in the Proposed

Stock Transaction Notice.  Further transactions within the scope of this paragraph must be the

subject of additional notices as set forth herein, with an additional 15 calendar day waiting period.

6.    Restrictions and Procedures for Trading in Covered Claims.

    (a)    Any Entity that, after the Order Time,

        (i)    is not a Substantial Claimholder and purchases or otherwise acquires Tax Ownership of an amount of Covered Claims that causes the Entity to become a Substantial Claimholder; or

        (ii)    is a Substantial Claimholder and purchases or otherwise acquires Tax Ownership of any additional Covered Claims,

will have an obligation, in the event that the Court issues a Sell Down Order at the request of the

Debtors pursuant to paragraph 7, to sell or otherwise transfer Tax Ownership of an aggregate

amount of Covered Claims sufficient to prevent such Entity from having Tax Ownership of an

amount of the reorganized Debtors' stock as a result of the implementation of the 382(l)(5) Plan

that exceeds the greater of (A) the Applicable Percentage or (B) the percentage specified in the

Sell Down Notice applicable to such Entity pursuant to paragraph 7; provided, however, that

such Entity shall not be required to make any sale or other transfer of Tax Ownership of Covered

Claims that would result in such Entity having Tax Ownership of an aggregate amount of

Covered Claims that is less than the greater of (A) the Threshold Amount, as revised from time

to time; and (B) such Entity's Protected Amount.

4

(b)        In order to permit reliance by the Debtors upon Treasury Regulation section
1.382-9(d)(3), any Entity that participates in formulating any chapter 11 plan of reorganization of
or on behalf of the Debtors (which shall include, without limitation, making any suggestions or
proposals to the Debtors or their advisers with regard to such a plan), shall not, and shall not be
asked to, disclose (or otherwise make evident) to the Debtors that any Covered Claims of which
such Entity has Tax Ownership are Newly Traded Covered Claims (the "Participation
Restriction").  For this purpose, the Debtors acknowledge and agree that the following activities
shall not, where in pursuing such activities the relevant Entity does not disclose (or otherwise
make evident) to the Debtors that such Entity has Tax Ownership of  Newly Traded Covered
Claims, constitute a violation of the Participation Restriction: filing an objection to a proposed
disclosure statement or to confirmation of a proposed plan of reorganization, negotiating the
terms of, or voting to accept or reject, a proposed plan of reorganization, reviewing or
commenting on a proposed business plan, membership on a Creditors' Committee or an ad hoc
committee, providing information to the Debtors' counsel on a confidential basis, or taking any
action required by the Interim Order or this Final Order.  Any Entity found by the Court to have
willfully violated the Participation Restriction, and who, as a result, would prevent the Debtors
from implementing a 382(l)(5) Plan, shall be required to dispose of Newly Traded Covered
Claims of which such Entity has Tax Ownership (subject to the Equity Forfeiture Provision
described in paragraph 9) to the extent necessary to protect the Debtors' ability to effect
successful implementation of the 382(l)(5) Plan.  For the avoidance of doubt, but subject to the
proviso in paragraph 6(a) above, (i) such Entity shall not be permitted to retain Tax Ownership
of any Newly Traded Covered Claims if a Sell Down Order has been or is subsequently issued

5

pursuant to paragraph 7(b), and (ii) if a Claims Trading Notice Order has been issued pursuant to

paragraph 7(e), such Entity shall only be permitted to retain Tax Ownership of Newly Traded

Covered Claims to the extent that such retention would not impair the reasonable "cushions"

referred to in paragraph 7(c).  Prior to taking any action to enforce the foregoing two sentences,

the Debtors shall consult with counsel for the Creditors' Committee.

(c)        Any Entity that for the first time enters into a transaction described in

subparagraphs (a)(i) or (a)(ii) of this paragraph 6 shall, not later than the later of (i) 15 calendar

days following the transaction and (ii) 15 calendar days following the date of entry of this Final

Order, serve on the Debtors, counsel for the Debtors, and counsel for the Creditors' Committee a

notice in the form attached hereto as Exhibit 2A (a "Notice of Consent" and such Entity a

"Consenting Claimholder"); provided, however, that if the transaction occurs after the Debtors

have moved the Court for entry of a Sell Down Order pursuant to paragraph 7(b) or a Claims

Trading Notice Order pursuant to paragraph 7(e), the Consenting Claimholder shall serve the

Notice of Consent on the Debtors, their counsel, and counsel for the Creditors' Committee no

later than five (5) calendar days following the transaction.  An Entity may file a Notice of

Consent at any time prior to entering into any transaction described in subparagraphs (a)(i) or

(a)(ii).  Any Entity that does not wish to file a Notice of Consent may not enter into a transaction

described in subparagraphs (a)(i) or (a)(ii).  For the avoidance of doubt, an Entity shall be

required to file only one Notice of Consent.

7.        Sell Down Procedures.

(a)        Reporting of Substantial Claimholder Status.  If necessary to assess the feasibility

of implementing a 382(l)(5) Plan and the need for petitioning the Court for a Sell Down Order

6

(as defined below), the Debtors, after consultation with and provision of such information as is

reasonably requested by counsel for the Creditors' Committee, may file with the Court and

further publish and serve in the manner specified in paragraph 12 a notice (the "Reporting

Notice") requiring each Substantial Claimholder, within 30 calendar days of the Debtors' filing

of the Reporting Notice with the Court, to serve on the Debtors, their counsel, and counsel for

the Creditors' Committee, a notice in the form attached hereto as Exhibit 2B (a "Substantial

Claimholder Notice").  Additionally, the Debtors shall serve the Reporting Notice on each

Consenting Claimholder on the day of the Debtors' filing of the Reporting Notice with the Court.

An Entity that is uncertain whether or not it is a Substantial Claimholder may serve a Substantial

Claimholder Notice in the manner described above in order to preserve its rights under this Final

Order.  An Entity serving a Substantial Claimholder Notice in the manner described above shall

not be required to file the Substantial Claimholder Notice with the Court.  For the avoidance of

doubt, the Debtors will not be precluded from filing more than one Reporting Notice pursuant to

this subparagraph (a).

      (b)       <u>Petition for Sell Down Order and Notification Procedures</u>.  After filing a 382(l)(5)

Plan and Disclosure Statement with respect thereto with the Court, but no later than the

expiration of the 75-day period beginning with the date on which the Debtors file a Reporting

Notice with the Court, the Debtors may, in consultation with counsel for the Creditors'

Committee, file a motion with the Court for the issuance of an order (the "Sell Down Order")

that, subject to the proviso in paragraph 6(a), (i) authorizes the Debtors to issue Sell Down

Notices to each Entity that has timely filed a Substantial Claimholder Notice showing Tax

Ownership of Covered Claims that, pursuant to the terms of the 382(l)(5) Plan (and prior to

7

giving effect to the Sell Down Order), would entitle such Entity to acquire Tax Ownership of more than the Applicable Percentage of the equity of the reorganized Debtors (a "Potentially Substantial New Equityholder") and (ii) provides that any Entity other than a Potentially Substantial New Equityholder shall not be entitled to acquire Tax Ownership of more than the Applicable Percentage of the equity of the reorganized Debtors (or consideration in lieu thereof) if the 382(l)(5) Plan is consummated.  The motion for a Sell Down Order shall be published and served in the manner described in paragraph 12.  Each Potentially Substantial New Equityholder shall be served with a copy of the motion and the Sell Down Notice applicable to such Entity. Counsel for the Creditors' Committee shall be served with a copy of the motion and all Sell Down Notices.  For the avoidance of doubt, the Debtors will not be precluded from filing more than one motion for the issuance of a Sell Down Order pursuant to this subparagraph (b).

Each Sell Down Notice shall indicate (i) the Debtors' calculation of the percentage of the equity of the reorganized Debtors of which the Potentially Substantial New Equityholder would otherwise acquire Tax Ownership under the terms of the 382(l)(5) Plan, based on the Substantial Claimholder Notice filed by such person (such person's "Preliminary Percentage"), and (ii) the percentage of equity of the reorganized Debtors of which such person will be permitted to acquire Tax Ownership under the 382(l)(5) Plan, based on a proportionate reduction to the Preliminary Percentage of each Potentially Substantial New Equityholder (except to the extent that the Debtors determine that such a reduction would result in the requirement that a Potentially Substantial New Equityholder sell or otherwise transfer Covered Claims that are not Newly Traded Covered Claims).  For instance, if Potentially Substantial New Equityholders are required to reduce their Preliminary Percentage by 20%, a Potentially Substantial New

Equityholder whose Preliminary Percentage was 15% generally would be required to sell

Covered Claims such that the Substantial Equityholder would be entitled to receive no more than

12% of the equity of the reorganized Debtors under the 382(l)(5) Plan.  If a Potentially

Substantial New Equityholder holds more than one category of Covered Claims, the category or

categories of Covered Claims to be sold in order to comply with the Proposed Sell Down Notice

will be left to the discretion of the Potentially Substantial New Equityholder.

      (c)      Procedures for Objection to a Sell Down Notice.  A Potentially Substantial New

Equityholder in receipt of a Sell Down Notice will be permitted to object on any one or more of

the following grounds: (i) the Sell Down Notice applicable to it contains a mathematical error, (ii)

compliance with the Sell Down Notice applicable to it would require the Potentially Substantial

New Equityholder to reduce its Tax Ownership of Covered Claims below its Protected Amount

or would require it to transfer Tax Ownership of Covered Claims that are not Newly Traded

Covered Claims, and (iii) the Debtors' decision to protect the ability to implement a plan utilizing

section 382(l)(5) of the Internal Revenue Code through the issuance of the Sell Down Notices is

not a reasonable exercise of the Debtors' business judgment.  If an objection described in clause

(i) or (ii) is filed, the Debtors shall be permitted to serve new Sell Down Notices to any

Potentially Substantial New Equityholder (including the objecting Potentially Substantial New

Equityholder) and such new Sell Down Notices shall also be subject to the procedures of this

paragraph 6(c).  If an objection described in clause (iii) is raised by a Potentially Substantial New

Equityholder or by the Creditors' Committee, the Debtors will be required to present to the Court

evidence regarding:

9

(A)     the reasonably expected range of tax attributes available to be carried over under the 382(l)(5) Plan to reduce the future U.S. federal income tax liabilities of the Debtors, taking into account, among other things, anticipated reductions in tax attributes under section 108(b) of the Internal Revenue Code that will occur as a result of the implementation of the 382(l)(5) Plan, anticipated deductions arising from payments made under the 382(l)(5) Plan, the extent to which the Debtors anticipate future U.S. federal income tax liability that could be reduced by such tax attributes, and the reasonable likelihood that such tax attributes could be used prior to expiration;

(B)     the basis for the Debtors' belief that the reduction in holdings required by the Sell Down Order (and implemented by the Sell Down Notices) are reasonably necessary and appropriate to ensure that the ownership requirements of section 382(l)(5) of the Internal Revenue Code will be satisfied in connection with the 382(l)(5) Plan; and

(C)     the basis for the Debtors' belief that there is a reasonable possibility that utilization of section 382(l)(5) of the Internal Revenue Code will be more beneficial to the Debtors and their estates than utilizing section 382(l)(6) of the Internal Revenue Code.

In evaluating the evidence presented by the Debtors with respect to the appropriateness of the reductions in holdings required by the Sell Down Order, substantial deference will be given to the Debtors' determination that reasonable "cushions" are appropriate in making determinations regarding satisfaction of the ownership requirements of section 382(l)(5) of the Internal Revenue Code. For instance, in order reasonably to ensure that a particular Substantial Claimholder will acquire Tax Ownership of less than 5% of the equity of the reorganized Debtors under the terms of the 382(l)(5) Plan, an Applicable Percentage of 4.75% will be presumed reasonable if the 382(l)(5) Plan provides for the issuance of only one class of equity of the reorganized Debtors, and substantial deference will be given to the Debtors' determinations regarding the Applicable Percentage if the 382(l)(5) Plan contemplates the issuance of more than one class of equity of the reorganized Debtors. In addition, in order reasonably to ensure that

10

more than 50% of the equity of the reorganized Debtors will be held by holders of "pre-change"

equity interests or "qualified creditors" in respect of their holdings of "pre-change" equity

interests or "qualified indebtedness" (within the meaning of Treasury Regulations section

1.382-9(d)), it will be presumed reasonable if the Sell Down Notices are intended to ensure that

55% of the equity of the reorganized Debtors would be expected to be held by a combination of

(i) holders with Tax Ownership of less than the Applicable Percentage of such equity and (ii)

holders whose receipt of such equity is clearly in respect of "qualified claims" or "pre-change"

equity interests.

In evaluating the evidence presented by the Debtors with respect to the relative benefits

of utilization of section 382(l)(5) of the Internal Revenue Code, it shall be the Debtors' burden of

proof to demonstrate to the satisfaction of this Court that the Debtors' determination should be

upheld by this Court.

Unless the Court determines otherwise for good cause shown, a Sell Down Order and the

related Sell Down Notices will remain effective notwithstanding amendments to the 382(l)(5)

Plan; provided, however, that if the Debtors withdraw the 382(l)(5) Plan or if there is no longer a

reasonable possibility that Section 382(l)(5) of the Internal Revenue Code will be utilized, the

Sell Down Notices will have no further effect.  In the event that the Debtors withdraw the

382(l)(5) Plan or determine that there is no longer a reasonable possibility that Section 382(l)(5)

of the Internal Revenue Code will be utilized, the Debtors shall promptly post a notice of such

withdrawal or determination on the Case Information Website.

11

(d)    Procedures for Implementing a Sell Down Order.  Each transfer of Covered

Claims required by a final Sell Down Notice shall occur prior to the later of (i) the date that is ten

calendar days after the date of confirmation of the 382(l)(5) Plan, (ii) the date that is 60 calendar

days after receipt of the Sell Down Notice and (iii) the date specified in all of the Sell Down

Notices.

Once a Potentially Substantial New Equityholder has transferred its Covered Claims in

accordance with the preceding paragraph, such Entity (i) shall, no later than five calendar days

following the latest date for completing such transfer in accordance with the preceding paragraph,

serve on the Debtors, their counsel, and counsel for the Creditors' Committee a notice in the form

attached hereto as Exhibit 2C (a "Notice of Completed Sell Down") and (ii) under no

circumstances shall acquire additional Covered Claims in a manner that would increase the

amount of the reorganized Debtors' equity to which such Entity would be entitled, pursuant to

the implementation of the 382(l)(5) Plan, above the percentage specified in the Sell Down Notice

applicable to such Entity.

(e)    Procedure if no Sell Down Notices are Required.  If the Debtors determine, based

on the Substantial Claimholder Notices filed in response to the Reporting Notice, that no Sell

Down Notices appear necessary in order to implement the 382(l)(5) Plan, the Debtors may move

the Court for an order requiring advance notice of certain acquisitions of Covered Claims (the

"Claims Trading Notice Order"). Under the Claims Trading Notice Order,

(i)    any Potentially Substantial New Equityholder proposing to acquire
Covered Claims in a transaction following which such Entity would have Tax Ownership of
Covered Claims that, pursuant to the terms of the 382(l)(5) Plan, would entitle such Entity to
receive equity of the reorganized Debtors in excess of the amount of equity to which such Entity

12

would have been entitled based on the holdings reported on such Entity's Substantial
Claimholder Notice, and

           (ii)      any Entity that would become a Potentially Substantial New Equityholder
by virtue of a proposed acquisition of Covered Claims

will be required, prior to the consummation of any such transaction, to serve on the Debtors,

their counsel, and counsel for the Creditors' Committee, a notice in the form attached hereto as

Exhibit 2D (a "Proposed Covered Claim Transaction Notice").  The same procedures applicable

to a Proposed Stock Transaction Notice will apply with respect to a Proposed Covered Claim

Transaction Notice.  If the Debtors do not give written consent to the proposed transaction and

the Entity that has delivered the Proposed Covered Claim Transaction Notice requests a hearing,

the procedures and standards of proof described in subparagraph (c) of this paragraph 7 will

apply.

       In addition, the Claims Trading Notice Order will require any Entity that has acquired

Tax Ownership of Covered Claims as to which a notice would have been required under the

preceding paragraph, but for the fact that such acquisition occurred prior to the entry of the

Claims Trading Notice Order, to serve notice of such fact on the Debtors, their counsel, and

counsel for the Creditors' Committee within fifteen (15) calendar days of the entry of the Claims

Trading Notice Order.  If the Debtors determine that the retention by such Entity of such

Covered Claims could jeopardize the implementation of the 382(l)(5) Plan, they will serve a Sell

Down Notice on such Entity, in which case the procedures and standards of proof described in

subparagraph (c) of this paragraph 7 will apply.

8.      <u>Confidentiality</u>.

13

The Debtors, their counsel, and counsel for the Creditors' Committee shall keep all information provided in Notices delivered pursuant to this Final Order strictly confidential and shall not disclose the contents thereof to any person (including any member of any Creditors' Committee), except (i) to the extent necessary to respond to a petition or objection filed with the Court, (ii) to the extent otherwise required by law, or (iii) to the extent that the information contained therein is already public; provided, however, that the Debtors may disclose the contents thereof to their financial advisers who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person subject to further Court order. To the extent information subject to the confidentiality provisions of this paragraph 8 is necessary to respond to a petition or objection filed with the Court, such confidential information shall be filed under seal or in redacted form. For the avoidance of doubt, the foregoing provisions shall not preclude the Debtors or the Creditors Committee from including in their unredacted, unsealed filings with the Court summary information regarding the amount of equity of the reorganized Debtors that Potentially Substantial New Equityholders (not identified by name or otherwise) would be expected to receive under the terms of the 382(l)(5) Plan before and after the implementation of the Sell Down Order.

9.      Sanctions for Noncompliance.

(a)      Noncompliance Relating to Stock. Acquisitions and dispositions of Tax Ownership of Stock in violation of the restrictions and procedures set forth in paragraph 5 shall be void ab initio, and the sanction for violating paragraph 5 shall be reversal of the noncompliant transaction or such other (or additional) measures as the Court may consider appropriate.

14

      (b)    <u>Noncompliance Relating to a Sell Down Notice or a Claims Trading Notice Order</u>.

In the event that any Entity fails to comply with a final Sell Down Notice applicable to it, such

Entity shall not be entitled to acquire Tax Ownership of any equity of the reorganized Debtors

(or consideration in lieu thereof) in connection with the implementation of the 382(l)(5) Plan in

excess of the percent specified on such Sell Down Notice.  Any Entity that did not file a

Substantial Claimholder Notice shall not be entitled to acquire Tax Ownership of any equity of

the reorganized Debtors (or consideration in lieu thereof) in excess of the Applicable Percentage

in connection with the implementation of the 382(l)(5) Plan.  Any Entity that acquires Covered

Claims in violation of a Sell Down Order or a Claims Trading Notice Order shall not be entitled

to acquire Tax Ownership of any equity of the reorganized Debtors (or consideration in lieu

thereof) in connection with the implementation of the 382(l)(5) Plan in excess of the percentage

of equity to which such Entity would have been entitled had it not acquired such Covered Claims.

Prior to the time the foregoing sanctions (the "Equity Forfeiture Provisions") are made effective,

the Debtors shall give notice to the Entity upon whom such sanctions are to be imposed.  Such

Entity will then have ten days to obtain an injunction by this Court to prevent the imposition of

such sanctions.  If an injunction is not obtained within such ten day period, then the sanctions

shall be effective without further order of the Court.  If such injunction is obtained, then the

matter shall be disposed of as determined by the Court.  Any purported acquisition of Tax

Ownership of stock of the reorganized Debtors pursuant to the implementation of the 382(l)(5)

Plan that is precluded by the Equity Forfeiture Provisions (such stock the "Forfeited Equity")

shall be void <u>ab</u> <u>initio</u>.  Any Entity that receives Forfeited Equity shall, immediately upon

becoming aware of such fact, return the Forfeited Equity to the Debtors or, if all of the shares

15

properly issued to such Entity and all or any portion of such Forfeited Equity have been sold

prior to the time such Entity becomes aware of such fact, such Entity shall return to the Debtors

(i) any Forfeited Equity still held by such Entity and (ii) the proceeds attributable to the sale of

Forfeited Equity, calculated by treating the most recently sold shares as Forfeited Equity.  Any

Entity that receives Forfeited Equity and deliberately fails to comply with the preceding sentence

shall be subject to such additional sanctions as the Court may determine.  In no event, however,

shall an acquisition or disposition of Tax Ownership of Covered Claims be rendered void or

unenforceable by reason of this Final Order.  The Debtors shall distribute any Forfeited Equity in

accordance with the 382(l)(5) Plan.

10.    Special Rule.  An Entity acquiring or disposing of Tax Ownership of Stock or Covered

Claims in the capacity of Agent of another Entity shall not be treated as a Substantial

Equityholder or Substantial Claimholder solely to the extent acting in the capacity of Agent, and

shall not have an affirmative duty to inquire whether the account, customer, investment fund,

principal, trust, or beneficiary is subject to any restrictions or requirements under this Final Order;

provided, however, that the account, customer, fund, principal, trust, or beneficiary shall not be

excluded from this Final Order by reason of this paragraph.  Specifically and for the avoidance

of doubt, the trustee of any trust, any indenture trustee, owner trustee, pass-through trustee,

subordination agent, registrar, paying agent or transfer agent, in each case for any ownership

interests, bonds, debentures, or other debt securities (collectively, "Debt Securities") (a) issued

by any of the Debtors, (b) issued by any governmental or quasi-governmental authority for the

benefit of any of the Debtors, or (c) secured by assets of any of the Debtors or agreements with

respect to such assets (any such person, an "Indenture Trustee"), shall not be treated as a

16

"Substantial Claimholder" solely to the extent acting in the capacity described above; provided, however, that neither any transferee of Claims nor any Entity for whom an Indenture Trustee acts shall be excluded solely by reason of this provision.

11.    Other Available Remedies.  Nothing in this Final Order shall be interpreted to prevent a secured party or Indenture Trustee from exercising the remedies available to it (whether arising under law or contract and including the exercise by such secured party or Indenture Trustee, as the case may be, of any foreclosure rights), to the extent such remedies are not otherwise prohibited by law.

12.    Notice of this Final Order. Within 24 hours of the entry of this Final Order, the Debtors shall (i) submit a notice of the entry of this Final Order (substantially in the form attached hereto as Exhibit 3) (the "Notice of Entry") for publication on the Bloomberg newswire service and the Depository Trust Company Legal Notice System (also known as LENS); (ii) post the Notice of Entry together with a copy of this Final Order on the Case Information Website, as described in the Case Management Order, for posting of documents in the Debtors' cases; (iii) serve the Notice of Entry on (1) the Office of the United States Trustee for the Southern District of New York; (2) all indenture trustees for the Covered Claims; (3) counsel for the Creditors' Committee; (4) any identified Substantial Equityholders and Substantial Claimholders; (5) the Internal Revenue Service; and (6) the Master Service List and the 2002 List (each, as defined in the Case Management Order); and (iv) file a copy of such Final Order as an exhibit to a Report on Form 8-K filed with the Securities and Exchange Commission.  In addition, as soon as practicable after the entry of this Final Order, the Debtors shall cause the Notice of Entry to be published in the national edition of either the New York Times or the Wall Street Journal.

17

13.     Any notice required by this Final Order to be served by Substantial Claimholders, if effected prior to the filing of a proof of claim by a Substantial Claimholder, shall not limit the right of a creditor to assert any and all claims, whether or not such claims are in addition to or differ from those listed on the notice, in a proof of claim filed in accordance with any future orders of this Court.

14.     The Debtors may waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notification procedures contained in this Final Order.

15.     The requirements set forth in this Final Order are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate and other laws, and do not excuse compliance therewith.

16.     The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Final Order.

17.     The requirement under Rule 9013 1(b) of the Local Bankruptcy Rules for the Southern District of New York for the filing of a memorandum of law is waived.

18.     <u>Definitions</u>.  For purposes of this Final Order, the following definitions shall apply:

       "**382(l)(5) Plan**" means a plan of reorganization for the Debtors under chapter 11 of the Bankruptcy Code pursuant to which there is a reasonable possibility that section 382(l)(5) of the Internal Revenue Code will be utilized and which provides that transfers of Tax Ownership of the reorganized Debtors' equity will be subject to reasonable restrictions for not less than two years after the reorganization.

18

"**Agent**" means a broker, account manager, agent, custodian, nominee, prime broker, clearinghouse, or trustee (including an Indenture Trustee but not including a trustee qualified under section 401(a) of the Internal Revenue Code).

"**Applicable Percentage**" means, if only one class of common equity of the reorganized Debtors is to be issued pursuant to the terms of a 382(l)(5) Plan, 4.75% of the number of such shares that the Debtors reasonably estimate will be issued at the effective time of such 382(l)(5) Plan.  If more than one class of equity of the reorganized Debtors is to be distributed pursuant to the terms of a 382(l)(5) Plan, the Applicable Percentage shall be determined by the Debtors in their reasonable judgment in a manner consistent with the estimated range of values for the equity to be distributed reflected in the valuation analysis set forth in the Disclosure Statement, and shall be expressed in a manner that makes clear how many shares of common equity would constitute the Applicable Percentage.

"**Bankruptcy Code**" means title 11 of the United States Code.

"**Claims Trading Notice Order**" has the meaning given in paragraph 7(e).

"**Consenting Claimholder**" has the meaning given in paragraph 6(c).

"**Covered Claims**" means any claims within the meaning of section 101(5) of the Bankruptcy Code against one or more Debtors that is not a first priority claim, provided that, that solely for purposes of this Final Order, Covered Claims shall not include any (a) claims pursuant to the 5-Year Third Amended and Restated Credit Agreement among, inter alia, Delphi Corporation, as Borrower, and JPMorgan Chase Bank, N.A. as Administrative Agent, dated as of June 14,

19

2005, or the Revolving Credit, Term Loan and Guaranty Agreement among <u>inter alia</u>, Delphi Corporation, a Debtor and a Debtor-in-Possession under chapter 11 of the Bankruptcy Code, as Borrower, and JPMorgan Chase Bank, N.A., as Administrative Agent, dated as of October 14, 2005, and as amended as of October 27, 2005.

**"Creditors' Committee"** means the official committee of unsecured creditors that has been appointed in these cases.

**"Debtors"** has the meaning given in the first paragraph hereof.

**"Debt Securities"** has the meaning given in paragraph 11.

**"Disclosure Statement"** means a disclosure statement filed with the Court relating to a proposed plan of reorganization for the Debtors under chapter 11.

**"Effective Time"** means the time of effectiveness of the Interim Order.

**"Entity"** means a person or entity for purposes of the rules under section 382 of the Internal Revenue Code.

**"Equity Forfeiture Provision"** has the meaning given in paragraph 9(b).

**"Forfeited Equity"** has the meaning given in paragraph 9(b).

**"Indenture Trustee"** has the meaning given in paragraph 11.

**"Internal Revenue Code"** means the Internal Revenue Code of 1986, as amended.

**"Interim Order"** has the meaning given in paragraph 2.

**"Final Order"** has the meaning given in paragraph 2.

**"Motion"** has the meaning given in the first paragraph hereof.

20

"**Newly Traded Covered Claims**" means Covered Claims (a) of which an Entity acquired Tax Ownership after the date that was 18 months before the Petition Date; and (b) that are not "ordinary course" claims, within the meaning of Treasury regulations section 1.382-9(d)(2)(iv), of which the same Entity has always had Tax Ownership.

"**Notice**" has the meaning given in paragraph 5.

"**Notice of Completed Sell Down**" has the meaning given in paragraph 7(d).

"**Notice of Consent**" has the meaning given in paragraph 6(c).

"**Notice of Status as a Substantial Equityholder**" has the meaning given in paragraph 4.

"**Order Time**" has the meaning given in paragraph 2.

"**Participation Restriction**" has the meaning given in paragraph 6(b).

"**Petition Date**" means October 8, 2005.

"**Potentially Substantial New Equityholder**" has the meaning given in paragraph 7(b).

"**Preliminary Percentage**" has the meaning given in paragraph 7(b).

"**Proposed Covered Claim Transaction Notice**" has the meaning given in paragraph 8(e).

"**Proposed Stock Transaction Notice**" has the meaning given in paragraph 5.

21

"**Protected Amount**" means the amount of Covered Claims of which an

Entity has Tax Ownership at the Effective Time,

(i)    *increased by* (A) the amount of Covered Claims of which such Entity acquires Tax Ownership pursuant to contracts entered into before the Effective Time and (B) the amount of Covered Claims of which such Entity acquires Tax Ownership after the Effective Time pursuant to the exercise of rights under a secured debt instrument (including a voluntary foreclosure) of which such Entity has Tax Ownership before the Effective Time, *minus* the amount of Covered Claims of which such Entity disposes pursuant to contracts entered into before the Effective Time;

(ii)    *increased* by an amount of Covered Claims (the "**Acquired Covered Claims**") of which such Entity ("**Acquiror**") acquires Tax Ownership from another Entity ("**Transferor**") if and only to the extent that Acquiror establishes by clear and convincing evidence, following the receipt of a Sell Down Notice, that:

(A)    Transferor is bound by a written agreement to reduce its Protected Amount by an amount equal to the increase in Acquiror's Protected Amount pursuant to this clause (ii) (the "**Additional Protected Amount**") and

(B)    if Transferor had retained Tax Ownership of the Acquired Covered Claims and any other Covered Claims of which it had Tax Ownership as of the date of transfer of the Acquired Covered Claims, (x) its Protected Amount would have been equal to or greater than the Additional Protected Amount, (y) the Acquired Covered Claims would have been Newly Traded Covered Claims as to Transferor, and (z) it would have been entitled under the terms of the 382(l)(5) Plan (after compliance with a Sell Down Notice properly applicable to it) to acquire Tax Ownership of five percent or more of the equity of the reorganized Debtors;

(iii)    *decreased by* (A) the amount of Covered Claims held by such Entity as of the Effective Time that are not Newly Traded Covered Claims in the hands of such Entity and that are subsequently disposed of by such Entity and (B) the amount of Covered Claims of which the Entity had Tax Ownership at the Effective Time (as adjusted under (i) and (iii)(A) above), if such Entity acquires Acquired Covered Claims (and meets the requirements set forth in (ii) above) such that the Entity's aggregate Tax Ownership of Covered Claims would (absent the application of this (iii)(B)) entitle the Entity under the terms of the 382(l)(5) Plan to acquire Tax Ownership of five percent or more of the equity of the reorganized Debtors and such Entity would not have otherwise have been entitled under the terms of the 382(l)(5) Plan to five percent or more of the equity of the reorganized Debtors but for the acquisition of the Acquired Covered Claims.

22

"**Reporting Notice**" has the meaning given in paragraph 7(a).

"**Sell Down Notice**" means a notice to a Potentially Substantial New Equityholder requiring the Potentially Substantial New Equityholder to transfer Covered Claims in accordance with paragraphs 6 and 7.

"**Sell Down Order**" has the meaning given in paragraph 7(b).

"**Stock**" means the common stock of Delphi Corporation.

"**Substantial Claimholder**" means an Entity that has Tax Ownership of an aggregate amount of Covered Claims measured where applicable by principal and accrued interest as of the Petition Date, that equals or exceeds the Threshold Amount (as determined from time to time).

"**Substantial Claimholder Notice**" has the meaning given in paragraph 7(a).

"**Substantial Equityholder**" means an Entity that has Tax Ownership of at least 26.5 million shares of Stock (representing approximately 4.75% of the outstanding Stock).

"**Substantial Equityholder Notice**" has the meaning given in paragraph 4.

"**Tax Ownership**" means beneficial ownership of a Covered Claim or of Stock as determined in accordance with applicable rules under section 382 and, to the extent provided in those rules shall include, but not be limited to, direct and indirect ownership (e.g., a holding company would be considered to have Tax Ownership of all shares owned or acquired by its 100% owned subsidiaries), ownership by members of a person's family and persons acting in concert and, in

23

certain cases, the creation or issuance of an option (in any form).  Any variation

of the term Tax Ownership shall have the same meaning and an "option" to

acquire stock or claims shall include any contingent purchase, warrant,

convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock

or similar interest, regardless of whether it is contingent or otherwise not currently

exercisable.  Tax Ownership of Covered Claims shall be determined as if such

Covered Claims were stock of the Debtors.

      **"Threshold Amount**" means, as an initial matter, $190 million.  The

Debtors will periodically review the definition of the Threshold Amount, in

consultation with the Creditors' Committee, to ensure the reasonableness thereof,

but in no event shall the Threshold Amount be decreased with retroactive effect.

Any proposed changes to the definition of the term Threshold Amount will be

filed with the Court and served and published in the manner described in

paragraph 12.  Any such proposed changes to the definition of the term Threshold

Amount will become effective ten days following the filing of such proposed

change with this Court; provided, however, that if any objection is filed with

respect to such proposed change the matter will be disposed of as determined by

the Court at the next omnibus hearing.

Dated:  New York, New York
       January 6, 2006

                       /s/ Robert D. Drain
                UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
----

|  |  |  |
|---|---|---|
|  | : |  |
| **In re:** | : | **Chapter 11** |
|  | : |  |
| **DELPHI CORPORATION, et al.,** | : | **Case No. 05–44481 (RDD)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |

------------------------------------------------------x
----

### NOTICE OF STATUS AS A SUBSTANTIAL EQUITYHOLDER

PLEASE TAKE NOTICE that, as of _____, 200[ ], [Name] has Tax Ownership[1] of _____shares of the common stock of Delphi Corporation (the "**Stock**").

PLEASE TAKE FURTHER NOTICE that pursuant to the Final Order, this notice is being (i) filed with the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, and (ii) served upon (A) the Debtors, Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098-2815, Att'n General Counsel and Chief Tax Officer, (B) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606-1285, Att'n John K. Lyons and Randall G. Reese, and (C) counsel to the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, New York 10022-4834, Att'n. Mitchell A. Seider.

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Final Order Under 11 U.S.C. §§ 105, 362, And 541 And Bankruptcy Rule 3001 (A) Establishing Notification Procedures Applicable To Substantial Holders Of Claims And Equity Securities And (B) Establishing Notification and Hearing Procedures For Trading in Claims and Equity Securities dated January [ ], 2006 (the "**Final Order**").

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

_____

[Name]

[Address]
[Telephone]
[Facsimile]

Dated: [city, state]
        _____, 200[ ]

**Exhibit 1B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
                                                         :
**In re:**                                               :    **Chapter 11**
                                                         :
**DELPHI CORPORATION, et al.,**                          :    **Case No.  05–44481 (RDD)**
                                                         :
**Debtors.**                                             :    **(Jointly Administered)**
                                                         :
                                                         :
-------------------------------------------------------- x

## NOTICE OF INTENT TO PURCHASE, ACQUIRE OR OTHERWISE OBTAIN TAX OWNERSHIP OF STOCK

PLEASE TAKE NOTICE that [Name] intends to purchase, acquire or otherwise obtain Tax Ownership[1] of _____ shares of the common stock of Delphi Corporation (the "**Proposed Transaction**" and the "**Stock**").

PLEASE TAKE FURTHER NOTICE that, prior to giving effect to the Proposed Transaction, [Name] has Tax Ownership of  _____ shares of the Stock.

PLEASE TAKE FURTHER NOTICE that, after giving effect to the Proposed Transaction, [Name] would have Tax Ownership of _____ shares of the Stock.

PLEASE TAKE FURTHER NOTICE that pursuant to the Final Order this notice is being (i) filed with the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, and (ii) served upon (A) the Debtors, Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098-2815, Att'n General Counsel and Chief Tax Officer, (B) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606-1285, Att'n John K. Lyons and Randall G. Reese, and (C) counsel to

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Final Order Under 11 U.S.C. §§ 105, 362, And 541 And Bankruptcy Rule 3001 (A) Establishing Notification Procedures Applicable To Substantial Holders Of Claims And Equity Securities And (B) Establishing Notification and Hearing Procedures For Trading in Claims and Equity Securities dated January [ ], 2006 (the "**Final Order**").

the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, New York 10022-4834, Att'n Mitchell A. Seider.

[Name] further acknowledges and agrees that (i) if the Debtors object to the Proposed Transaction and seek an order from the Court prohibiting the Proposed Transaction within 15 calendar days of receiving this notice, then the Proposed Transaction may not be consummated unless the Court issues a final and nonappealable order denying the order sought by the Debtors or the Debtors withdraw their objection, (ii) any transaction purportedly consummated in violation of the Final Order will be void ab initio and will result in the imposition of sanctions as provided in the Final Order, and (iii) any further transactions contemplated by [Name] that may result in [Name] purchasing, acquiring or otherwise obtaining Tax Ownership of additional Stock will each require an additional notice be filed with the Court and served in the same manner as this notice.

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

[Name]

[Address]
[Telephone]
[Facsimile]

Dated: [city, state]
_____, 200[ ]

**Exhibit 1C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
                                                         :
In re:                                                   :    **Chapter 11**
                                                         :
**DELPHI CORPORATION, et al.,**                          :    **Case No.  05–44481 (RDD)**
                                                         :
**Debtors.**                                             :    **(Jointly Administered)**
                                                         :
--------------------------------------------------------x
----

**NOTICE OF INTENT TO SELL, EXCHANGE OR**
**OTHERWISE DISPOSE OF TAX OWNERSHIP OF STOCK**

PLEASE TAKE NOTICE that [Name] intends to sell, exchange or otherwise dispose of Tax Ownership[1] of _____ shares of the common stock of Delphi Corporation (the "**Proposed Transaction**" and the "**Stock**").

PLEASE TAKE FURTHER NOTICE that, before giving effect to the Proposed Transaction, [Name] has Tax Ownership of _____ shares of the Stock.

PLEASE TAKE FURTHER NOTICE that, after giving effect to the Proposed Transaction, [Name] would have Tax Ownership of _____ shares of the Stock.

PLEASE TAKE FURTHER NOTICE that pursuant to the Final Order this notice is being (i) filed with the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, and (ii) served upon (A) the Debtors, Delphi Corporation, 5725 Delphi Drive, Troy, Michigan  48098-2815, Att'n General Counsel and Chief Tax Officer, (B) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606-1285, Att'n John K. Lyons and Randall G. Reese, and (C) counsel to

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Final Order Under 11 U.S.C. §§ 105, 362, And 541 And Bankruptcy Rule 3001 (A) Establishing Notification Procedures Applicable To Substantial Holders Of Claims And Equity Securities And (B) Establishing Notification and Hearing Procedures For Trading in Claims and Equity Securities dated January [ ], 2006 (the "**Final Order**").

the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, New York 10022-4834, Att'n Mitchell A. Seider.

       [Name] further acknowledges and agrees that (i) if the Debtors object to the Proposed Transaction and seek an order from the Court prohibiting the Proposed Transaction within 15 calendar days of receiving this notice, then the Proposed Transaction may not be consummated unless the Court issues a final and nonappealable order denying the order sought by the Debtors or the Debtors withdraw their objection, (ii) any transaction purportedly consummated in violation of the Final Order will be void ab initio and will result in the imposition of sanctions as provided in the Final Order, and (iii) any further transactions contemplated by [Name] that may result in [Name] selling, exchanging or otherwise disposing of Tax Ownership of additional Stock will each require an additional notice be filed with the Court and served in the same manner as this notice.

       This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

              Respectfully submitted,

              [Name]

              [Address]
              [Telephone]
              [Facsimile]

Dated: [city, state]
    _____, 200[ ]

**Exhibit 2A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                                        :
In re:                                                  :    **Chapter 11**
                                                        :
**DELPHI CORPORATION, et al.,**                         :    **Case No.  05–44481 (RDD)**
                                                        :
**Debtors.**                                            :    **(Jointly Administered)**
                                                        :
------------------------------------------------------- x

**NOTICE OF CONSENT**

        PLEASE TAKE NOTICE that [Name] (i) has read the Final Order Under 11 U.S.C. §§ 105, 362, And 541 And Bankruptcy Rule 3001 (A) Establishing Notification Procedures Applicable To Substantial Holders Of Claims And Equity Securities And (B) Establishing Notification and Hearing Procedures For Trading in Claims and Equity Securities (the "**Final Order**"),[1] (ii) consulted with counsel as [Name] deems appropriate, (iii) understands the Participation Restriction, (iv) acknowledges that [Name] may be required to sell Covered Claims or to refrain from purchasing Covered Claims pursuant to the procedures set out in paragraph 7 of the Final Order, and (v) agrees to fully and timely comply with the procedures set out in paragraph 7 of the Final Order, including sending a Notice of Completed Sell Down, and (vi) accepts that failure to comply with the obligations and procedures set out in paragraph 7 of  the Final Order could subject [Name] to the Equity Forfeiture Provisions.

        PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Final Order, this notice is being served upon (i) the Debtors, Delphi Corporation, 5725 Delphi Drive, Troy, Michigan  48098-2815, Att'n General Counsel and Chief Tax Officer, (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606-1285, Att'n John K. Lyons and Randall G. Reese, and (iii) counsel to the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, New York 10022-4834, Att'n Mitchell A. Seider.

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Final Order.

PLEASE TAKE FURTHER NOTICE THAT, this Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

[Name]

[Address]
[Telephone]
[Facsimile]

Dated: [city, state]
_____, 200[ ]

**Exhibit 2B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------- x
                                                   :
In re                                              :    Chapter 11
                                                   :
DELPHI CORPORATION, et al.,                        :    Case No.  05–44481 (RDD)
                                                   :
Debtors.                                           :    (Jointly Administered)
                                                   :
-------------------------------------------------- x
```

**SUBSTANTIAL CLAIMHOLDER NOTICE**

       PLEASE TAKE NOTICE that [Name] has Tax Ownership[1] of an aggregate amount of Covered Claims that equals or exceeds the Threshold Amount, measured, where appropriate, by principal and accrued interest as of the Petition Date. As of _____ 200[ ], [Name] has Tax Ownership of the following Covered Claims:

| Debtor | Description of Covered Claim | Amount of Covered Claim | Directly Owned ? |
|--------|------------------------------|-------------------------|------------------|
|        |                              |                         |                  |
|        |                              |                         |                  |
|        |                              |                         |                  |
|        |                              |                         |                  |

       PLEASE TAKE FURTHER NOTICE that pursuant to the Final Order, this notice is being served upon (i) the Debtors, Delphi Corporation, 5725 Delphi Drive, Troy, Michigan  48098-2815, Att'n General Counsel and Chief Tax Officer, (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606-1285, Att'n John K. Lyons and Randall G. Reese, and (iii) counsel to the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, New York 10022-4834, Att'n Mitchell A. Seider.

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Final Order Under 11 U.S.C. §§ 105, 362, And 541 And Bankruptcy Rule 3001 (A) Establishing Notification Procedures Applicable To Substantial Holders Of Claims And Equity Securities And (B) Establishing Notification and Hearing Procedures For Trading in Claims and Equity Securities dated January [ ], 2006 (the **"Final Order"**).

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

[Name]

[Address]
[Telephone]
[Facsimile]

Dated: [city, state]
            _____, 200[ ]

**Exhibit 2C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x

                                               :

In re:                          :    Chapter 11

                                               :

**DELPHI CORPORATION, et al.,**    :    Case No.  05–44481 (RDD)

                                               :

Debtors.                     :    (Jointly Administered)

                                             :

------------------------------------------------------- x

**NOTICE OF COMPLETED SELL DOWN**

      PLEASE TAKE NOTICE that [Name] has transferred Tax Ownership[1] of Covered Claims as required by the final Sell Down Notice applicable to it (the **"Sell Down"**).

      PLEASE TAKE FURTHER NOTICE that, after giving effect to the Sell Down, [Name] has Tax Ownership of Covered Claims, as set forth below:

| Debtor | Description of Covered Claim | Amount of Covered Claim | Directly Owned ? |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

      PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, this notice is being served upon (i) the Debtors, Delphi Corporation, 5725 Delphi Drive, Troy, Michigan  48098-2815, Att'n General Counsel and Chief Tax Officer, (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606-1285, Att'n John K. Lyons and Randall G. Reese, and (iii) counsel to the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, New York 10022-4834, Att'n Mitchell A. Seider.

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Final Order Under 11 U.S.C. §§ 105, 362, And 541 And Bankruptcy Rule 3001 (A) Establishing Notification Procedures Applicable To Substantial Holders Of Claims And Equity Securities And (B) Establishing Notification and Hearing Procedures For Trading in Claims and Equity Securities dated January [ ], 2006 (the **"Final Order"**).

PLEASE TAKE FURTHER NOTICE that [Name] acknowledges and agrees that, pursuant to the Final Order, (i) any further transactions contemplated by [Name] that result in [Name's] purchasing, acquiring or otherwise obtaining Tax Ownership of additional Covered Claims may be prohibited, and (ii) failure to comply with the obligations and procedures set out in paragraph 7 of the Final Order could subject [Name] to the Equity Forfeiture Provisions.

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

[Name]

[Address]
[Telephone]
[Facsimile]

Dated: [city, state]
_____, 200[ ]

**Exhibit 2D**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                                        :
In re                                                   :    **Chapter 11**
                                                        :
**DELPHI CORPORATION, et al.,**                          :    **Case No.  05–44481 (RDD)**
                                                        :
**Debtors.**                                             :    **(Jointly Administered)**
                                                        :
------------------------------------------------------- x

**PROPOSED COVERED CLAIM TRANSACTION NOTICE**

       PLEASE TAKE NOTICE that [Name] intends to purchase, acquire or otherwise obtain Tax Ownership[1] of $_____ of Covered Claims (the "**Proposed Transaction**"), as set forth below:

| Debtor | Description of Covered Claim | Amount of Covered Claim | Directly Acquired? |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

       PLEASE TAKE FURTHER NOTICE that, before giving effect to the Proposed Transaction, [Name] has Tax Ownership of $ _____of Covered Claims, as set forth below:

| Debtor | Description of Covered Claim | Amount of Covered Claim | Directly Acquired? |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Final Order Under 11 U.S.C. §§ 105, 362, And 541 And Bankruptcy Rule 3001 (A) Establishing Notification Procedures Applicable To Substantial Holders Of Claims And Equity Securities And (B) Establishing Notification and Hearing Procedures For Trading in Claims and Equity Securities dated January [ ], 2006 (the "**Final Order**").

PLEASE TAKE FURTHER NOTICE that, after giving effect to the Proposed Transaction, [Name] would have Tax Ownership of $ _____ of Covered Claims.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, this notice is being served upon (i) the Debtors, Delphi Corporation, 5725 Delphi Drive, Troy, Michigan  48098-2815, Att'n General Counsel and Chief Tax Officer, (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606-1285, Att'n John K. Lyons and Randall G. Reese, and (iii) counsel to the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, Suite 1000 New York, New York 10022-4834, Att'n Mitchell A. Seider.

[Name] further acknowledges and agrees that (i) if the Debtors do not provide written approval of the Proposed Transaction, the Proposed Transaction may not be consummated unless approved by a final and nonappealable order of the Court, and (ii) that any unapproved acquisition of Covered Claims may result in [Name's] being subject to the Equity Forfeiture Provisions, and (iii) any further transactions contemplated by [Name] that may result in [Name] purchasing, acquiring or otherwise obtaining Tax Ownership of additional Covered Claims may require an additional notice be filed with the Court and served in the same manner as this notice.

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

[Name]

[Address]
[Telephone]
[Facsimile]

Dated: [city, state]
_____, 200[ ]

**Exhibit 3**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
-------

|  |  |
|---|---|
| : |  |
| In re : |  |
| : | Chapter 11 |
| DELPHI CORPORATION, et al., : |  |
| : | Case No.  05–44481 (RDD) |
| Debtors. : |  |
| : | (Jointly Administered) |
| : |  |

------------------------------------------------------- x
-------

NOTICE OF ENTRY OF  FINAL ORDER UNDER 11 U.S.C. §§ 105,
362, AND 541 AND FED. R. BANKR. P. 3001 (A) ESTABLISHING
NOTIFICATION PROCEDURES APPLICABLE TO SUBSTANTIAL
HOLDERS OF CLAIMS AND EQUITY SECURITIES AND (B)
ESTABLISHING NOTIFICATION AND HEARING PROCEDURES
FOR TRADING IN CLAIMS AND EQUITY SECURITIES

TO ALL PERSONS OR ENTITIES WITH CLAIMS[1] AGAINST OR EQUITY
INTERESTS IN THE DEBTORS[2]:

---

[1]        References to "claims" herein mean "claims" as defined in section 101(5) of the Bankruptcy Code
(as defined below) and include a lessor's right to any current or future payment under or arising out of any
lease with respect to which one or more of the Debtors is a lessee.
[2]        The Debtors are the following entities:  Delphi Corporation, ASEC Manufacturing General
Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi
Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi
Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc., Delphi
Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas
Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services
LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi
China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC,
Delphi Foreign Sales Corporation, Delphi Furukawa Wiring Systems LLC, Delphi Integrated Service
Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation
Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado
Corporation, Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY
Holdings Corporation, Delphi Receivables LLC, Delphi Services Holding Corporation, Delphi Technologies,
Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems Corporation, MobilAria, Inc., Packard
Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

PLEASE TAKE NOTICE THAT on October 8, 2005 ("Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors") commenced cases under chapter 11 of title 11 of the United States Code 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi (collectively with Delphi and the Affiliate Debtors, the "Debtors") commenced cases under chapter 11 of title 11 of the Bankruptcy Code. Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

PLEASE TAKE FURTHER NOTICE THAT on October 8, 2005, the Debtors filed a motion seeking entry of an order pursuant to sections 105, 362, and 541 of the Bankruptcy Code establishing notification procedures and approving restrictions on certain transfers of claims against and equity securities in the Debtors and their estates (the "Motion").

PLEASE TAKE FURTHER NOTICE THAT on October 12, 2005, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an interim order approving certain procedures to preserve the Debtors' net operating losses and certain other tax attributes ("Tax Attributes") pursuant to sections 105, 362, and 541 of the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE THAT on January 5, 2006, the Court entered a final order approving the procedures set forth below to preserve the Debtors' net operating losses and certain other tax attributes ("Tax Attributes") pursuant to sections 105, 362, and 541 of the Bankruptcy Code (the "Final Order"). **Except as otherwise provided in the Final Order, (a) any sale, purchase, or other transfer of equity securities in the Debtors in violation of the procedures set forth below and in the Final Order shall be null and void ab initio and (b) any sale, purchase, or other transfer of claims in violation of the procedures set forth below and in the Final Order shall be subject to sanction (including loss of equity to which the holders of such claims would otherwise be entitled) as imposed by the Court, in each case as an act in violation of the automatic stay under section 362 of the Bankruptcy Code**.

PLEASE TAKE FURTHER NOTICE THAT pursuant to the Final Order, the following procedures shall apply to holding and trading in **EQUITY SECURITIES OF DELPHI**:

(a)    A Substantial Equityholder, if it has not already done so, must file with the Court and serve on the Debtors and counsel to Debtors a Notice of Status as a Substantial Equityholder.

(b)    Prior to effectuating any transfer of Stock that would result in an increase or decrease in the Tax Ownership of Stock by a Substantial Equityholder or would result in an Entity's becoming a Substantial Equityholder, such Substantial Equityholder must file

with the Court, and serve on the Debtors and counsel to the Debtors, advance written notice (a "Proposed Stock Transaction Notice") of the intended transfer of Stock.

(c)    The Debtors shall have 15 calendar days after receipt of a Proposed Stock Transaction Notice to file with the Court and serve on such Substantial Equityholder an objection to the proposed transfer of Stock described in the Proposed Stock Transaction Notice and seek an order of the Court prohibiting such proposed transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection and seek such an order, the Court shall hold a hearing on the matter and such transaction shall not be effective unless either the Court issues a final and nonappealable order denying the order sought by the Debtors or the objection is withdrawn.  If the Debtors do not object within such 15 calendar day period, such transfer may proceed solely as set forth in the Proposed Stock Transaction Notice.  Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein with an additional 15 calendar day waiting period.

PLEASE TAKE FURTHER NOTICE THAT pursuant to the Final Order, the following procedures shall apply to holding and trading in **CLAIMS AGAINST THE DEBTORS**:

(a)    Any Entity which (i) is not a Substantial Claimholder and purchases or otherwise acquires Tax Ownership of an amount of Covered Claims that causes the Entity to become a Substantial Claimholder or (ii) is a Substantial Claimholder and purchases or otherwise acquires Tax Ownership of any additional Covered Claims, shall have an obligation, in the event that the Court authorizes the issuance of Sell Down Notices (as described below), to comply with the terms of any Sell Down Notice issued to it (subject to any rights of objection described in the Final Order).  Any Entity which enters into a transaction described in (i) or (ii) is required to serve on the Debtors, counsel for Debtors, and counsel for the Creditors' Committee a notice confirming that such Entity has read the Final Order and understands the rules, restrictions, and possible sanctions contained therein.  Such notice must be served not later than the later of (A) 15 calendar days following the transaction and (B) 15 calendar days following the date of entry of this Final Order; provided; however, that in some circumstances, such notice must be served within 5 calendar days of the transaction.

(b)    Any Entity which participates in formulating any chapter 11 plan of reorganization of or on behalf of the Debtors, shall not, and shall not be asked to, disclose (or otherwise make evident) to the Debtors that any Covered Claims of which such Entity has Tax Ownership are Newly Traded Covered Claims.

(c)    If necessary to assess the feasibility of implementing a 382(l)(5) Plan and the need for petitioning the Court for a Sell Down Order, the Debtors may file with the Court and further publish a notice (the "Reporting Notice") requiring each Substantial Claimholder, within 30 calendar days of the Debtors' filing such notice, to serve on the

Debtors, counsel for the Debtors, and counsel for the Creditors' Committee, a notice (a "Substantial Claimholder Notice") that sets forth certain specified information with respect to such Substantial Claimholder's holdings of Covered Claims.

(d)    After filing a 382(l)(5) Plan and Disclosure Statement with respect thereto with the Court, but no later than the expiration of the 75-day period beginning with the date on which the Debtors file a Reporting Notice with the Court, the Debtors may file a motion with the Court for the issuance of an order (the "Sell Down Order") that (i) authorizes the Debtors to issue Sell Down Notices to each Entity that has timely filed a Substantial Claimholder Notice showing Tax Ownership of Covered Claims that, pursuant to the terms of the 382(l)(5) Plan (and prior to giving effect to the Sell Down Order), would entitle such Entity to acquire Tax Ownership of more than the 4.75% of the equity of the reorganized Debtors (assuming only one class of common equity of the reorganized Debtors is issued) (a "Potentially Substantial New Equityholder") and (ii) provides that any Entity other than a Potentially Substantial New Equityholder shall not be entitled to acquire Tax Ownership of more than 4.75% of the equity of the reorganized Debtors (assuming only one class of common equity of the reorganized Debtors is issued).

(e)    Each Sell Down Notice will indicate (i) the Debtors' calculation of the percentage of the equity of the reorganized Debtors of which the Potentially Substantial New Equityholder would otherwise acquire Tax Ownership under the terms of the 382(l)(5) Plan, based on the Substantial Claimholder Notice filed by such person (such person's "Preliminary Percentage") and (ii) the percentage of equity of the reorganized Debtors of which such person will be permitted to acquire Tax Ownership under the 382(l)(5) Plan, based on a proportionate reduction to the Preliminary Percentage of each Potentially Substantial New Equityholder.  No Entity will be required to sell Covered Claims that would result in such Entity having Tax Ownership of an aggregate amount of Covered Claims that is less than the greater of (A) $190 million (subject to certain adjustments) or (B) the amount of Covered Claims such Entity held on October 12, 2005 (subject to certain adjustments).

(f)    A Potentially Substantial New Equityholder in receipt of a Sell Down Notice will be permitted to object on any one or more of certain grounds for objection set forth in the Final Order.

(g)    Each transfer of Covered Claims required by a final Sell Down Notice shall occur prior to the later of (i) the date that is ten calendar days after the date of confirmation of the 382(l)(5) Plan, (ii) the date that is 60 calendar days after receipt of the Sell Down Notice and (iii) the date specified in the Sell Down Notices.  Once a Potentially Substantial New Equityholder has transferred its Covered Claims, such Entity (i) must serve notice of such transfer, no later than five calendar days following the latest date for completing such transfer in accordance with the preceding sentence, on the Debtors, counsel for the Debtors, and counsel for the Creditors' Committee and (ii) under no circumstances may acquire additional Covered Claims in a manner that would increase the amount of the reorganized Debtors' equity to which such Entity would be entitled, pursuant to the

implementation of the 382(l)(5) Plan, above the percentage specified in the Sell Down Notice applicable to such Entity.

(h)     If the Debtors determine, based on the Substantial Claimholder Notices filed in response to the Reporting Notice, that no Sell Down Notices appear necessary to implement the 382(l)(5) Plan, the Debtors may move the Court for an order requiring advance notice of certain acquisitions of Covered Claims (the "Claims Trading Notice Order"). Under the Claims Trading Notice Order, (i) any Potentially Substantial New Equityholder proposing to acquire Covered Claims in a transaction following which such Entity would have Tax Ownership of Covered Claims which, pursuant to the terms of the 382(l)(5) Plan, would entitle such Entity to receive equity of the reorganized Debtors in excess of the amount of equity to which such Entity would have been entitled based on the holdings reported on such Entity's Substantial Claimholder Notice and (ii) any Entity which would become a Potentially Substantial New Equityholder by virtue of a proposed acquisition of Covered Claims will be required, prior to the consummation of any such transaction, to serve on the Debtors, counsel for the Debtors, and counsel for the Creditors' Committee, a notice (a "Proposed Covered Claim Transaction Notice").  Generally, the same procedures applicable to a Proposed Stock Transaction Notice described in paragraph (c), above, will apply with respect to a Proposed Covered Claim Transaction Notice.

PLEASE TAKE FURTHER NOTICE THAT pursuant to the Final Order, the following shall apply to holding and trading in **BOTH EQUITY SECURITIES OF DELPHI AND CLAIMS AGAINST THE DEBTORS:**

(a)     Sanctions, including forfeiture of equity, may be imposed on Entities for violating the terms and restrictions of the Final Order.  Additionally, transactions in violation of the restrictions and procedures described in paragraphs (b) and (c), above, shall be void ab initio.

(b)     For purposes of this Notice:

(i)     "**382(l)(5) Plan**" means a plan of reorganization for the Debtors under chapter 11 of the Bankruptcy Code pursuant to which there is a reasonable possibility that section 382(l)(5) of the Internal Revenue Code will be utilized and which provides that transfers of Tax Ownership of the reorganized Debtors' equity will be subject to reasonable restrictions for not less than two years after the reorganization;

(ii)     "**Covered Claims**" means generally any claims within the meaning of section 101(5) of the Bankruptcy Code against one or more Debtors that are not first priority claims;

(iii)    "**Entity**" means a person or entity for purposes of the rules under section 382 of the Internal Revenue Code;

(iv)    "**Newly Traded Covered Claims**" means Covered Claims (a) of which an Entity acquired Tax Ownership after the date that was 18 months before October 8, 2005 and (b) that are not "ordinary course" claims, within the meaning of Treasury regulations section 1.382 9(d)(2)(iv), of which the same Entity has always had Tax Ownership;

(v)    "**Stock**" means the common stock of Delphi Corporation;

(vi)    "**Substantial Claimholder**" means generally an Entity that has Tax Ownership of an aggregate amount of Covered Claims measured where applicable by principal and accrued interest as of the Petition Date, that equals or exceeds the $190 million (as determined from time to time);

(vii)    "**Substantial Equityholder**" means an Entity that has Tax Ownership of at least 26.5 million shares of Stock (representing approximately 4.75% of the outstanding Stock); and

(viii)    "**Tax Ownership**" means beneficial ownership of a Covered Claim or of Stock as determined in accordance with applicable rules under section 382 and, to the extent provided in those rules shall include, but not be limited to, direct and indirect ownership (e.g., a holding company would be considered to have Tax Ownership of all shares owned or acquired by its 100% owned subsidiaries), ownership by members of a person's family and persons acting in concert and, in certain cases, the creation or issuance of an option (in any form).  Any variation of the term Tax Ownership shall have the same meaning and an "option" to acquire stock or claims shall include any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.  Tax Ownership of Covered Claims shall be determined as if such Covered Claims were stock of the Debtors.

PLEASE TAKE FURTHER NOTICE that, upon the request of any person, counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606-1285, Att'n John K. Lyons and Randall G. Reese, will provide a form of each of the required notices described above.

PLEASE TAKE FURTHER NOTICE that the Final Order can be obtained (i) at no cost on www.delphidocket.com, (ii) from the Court's website, or (iii) upon the request of any person, from Kurtzman Carson Consultants LLC (the "Official Copy Service"), 12910 Culver Boulevard, Suite I, Los Angeles, California, telephone: (310) 823-9000, fax: (310) 823-9133, at the expense of the person requesting it at the prevailing fee being charged by the Official Copy Service (the Official Copy Service shall accommodate document requests during normal business hours, Monday to Friday (excluding recognized holidays)).[1]

PLEASE TAKE FURTHER NOTICE THAT **THE DEBTORS' PLAN OF REORGANIZATION MAY PROVIDE FOR THE DISALLOWANCE OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS TO THE EXTENT THAT THEY WOULD ENTITLE THE HOLDERS THEREOF TO A DISTRIBUTION OF 4.75% OR MORE OF THE VALUE OF THE REORGANIZED DEBTORS.**

PLEASE TAKE FURTHER NOTICE THAT **THE FINAL ORDER AFFECTS YOUR RIGHTS AS A HOLDER OF EQUITY OR DEBT SECURITIES OF THE DEBTORS.  IF YOU HAVE ANY QUESTIONS ABOUT THE ORDER OR ITS EFFECT ON YOUR RIGHTS YOU SHOULD CONSULT A LAWYER.**

PLEASE TAKE FURTHER NOTICE THAT **FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

PLEASE TAKE FURTHER NOTICE THAT **ANY PROHIBITED PURCHASE, SALE, TRADE, OR OTHER TRANSFER OF CLAIMS AGAINST, OR EQUITY SECURITIES IN, THE DEBTORS IN VIOLATION OF THE ORDER SHALL BE NULL AND VOID AB INITIO (IN THE CASE OF EQUITY SECURITIES) AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS (INCLUDING LOSS OF EQUITY) IMPOSED BY THE BANKRUPTCY COURT.**

---

[1]    Normal business hours for the Official Copy Service are from 7:00 a.m. to 6:00 p.m. (prevailing Pacific Time).

PLEASE TAKE FURTHER NOTICE THAT the requirements set forth in this Notice are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

Dated:  [Date] 2006

DELPHI CORPORATION
5725 Delphi Drive
Troy, Michigan  48098-2815
Att'n: General Counsel and Chief Tax Officer

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
Att'n: John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
    -and-
Four Times Square
New York, New York 10036-6522
Att'n: Kayalyn A. Marafioti
    Thomas J. Matz

# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------  x
                                                              :
     In re                                                    :
                                                              :  Chapter 11
DELPHI CORPORATION, et al.,                                   :
                                                              :  Case No.  05–44481 (RDD)
                                 Debtors.                      :
                                                              :  (Jointly Administered)
                                                              :
------------------------------------------------------------  x
```

NOTICE OF ENTRY OF FINAL ORDER UNDER 11 U.S.C. §§ 105,
362, AND 541 AND FED. R. BANKR. P. 3001 (A) ESTABLISHING
NOTIFICATION PROCEDURES APPLICABLE TO SUBSTANTIAL
HOLDERS OF CLAIMS AND EQUITY SECURITIES AND (B)
ESTABLISHING NOTIFICATION AND HEARING PROCEDURES
<u>FOR TRADING IN CLAIMS AND EQUITY SECURITIES</u>

TO ALL PERSONS OR ENTITIES WITH CLAIMS[1] AGAINST OR EQUITY
INTERESTS IN THE DEBTORS[2]:

       PLEASE TAKE NOTICE THAT on October 8, 2005 ("Petition Date"),
Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate
Debtors") commenced cases under chapter 11 of title 11 of the United States Code 11
U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").  On October 14, 2005, three
additional U.S. subsidiaries of Delphi (collectively with Delphi and the Affiliate Debtors,
the "Debtors") commenced cases under chapter 11 of title 11 of the Bankruptcy Code.
Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of

---

[1]      References to "claims" herein mean "claims" as defined in section 101(5) of the Bankruptcy Code
(as defined below) and include a lessor's right to any current or future payment under or arising out of any
lease with respect to which one or more of the Debtors is a lessee.

[2]      The Debtors are the following entities:  Delphi Corporation, ASEC Manufacturing General
Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation,
Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi
Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc., Delphi
Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas
Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services
LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi
China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC,
Delphi Foreign Sales Corporation, Delphi Furukawa Wiring Systems LLC, Delphi Integrated Service
Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation
Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado
Corporation, Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi
NY Holdings Corporation, Delphi Receivables LLC, Delphi Services Holding Corporation, Delphi
Technologies, Inc., DREAL, Inc., Environmental Catalysts, LLC, Exhaust Systems Corporation,
MobilAria, Inc., Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty
Electronics International Ltd.

any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

PLEASE TAKE FURTHER NOTICE THAT on October 8, 2005, the Debtors filed a motion seeking entry of an order pursuant to sections 105, 362, and 541 of the Bankruptcy Code establishing notification procedures and approving restrictions on certain transfers of claims against and equity securities in the Debtors and their estates (the "Motion").

PLEASE TAKE FURTHER NOTICE THAT on October 12, 2005, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an interim order approving certain procedures to preserve the Debtors' net operating losses and certain other tax attributes ("Tax Attributes") pursuant to sections 105, 362, and 541 of the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE THAT on January 5, 2006, the Court entered a final order approving the procedures set forth below to preserve the Debtors' net operating losses and certain other tax attributes ("Tax Attributes") pursuant to sections 105, 362, and 541 of the Bankruptcy Code (the "Final Order").  **Except as otherwise provided in the Final Order, (a) any sale, purchase, or other transfer of equity securities in the Debtors in violation of the procedures set forth below and in the Final Order shall be null and void ab initio and (b) any sale, purchase, or other transfer of claims in violation of the procedures set forth below and in the Final Order shall be subject to sanction (including loss of equity to which the holders of such claims would otherwise be entitled) as imposed by the Court, in each case as an act in violation of the automatic stay under section 362 of the Bankruptcy Code**.

PLEASE TAKE FURTHER NOTICE THAT pursuant to the Final Order, the following procedures shall apply to holding and trading in **EQUITY SECURITIES OF DELPHI**:

(a)    A Substantial Equityholder, if it has not already done so, must file with the Court and serve on the Debtors and counsel to Debtors a Notice of Status as a Substantial Equityholder.

(b)    Prior to effectuating any transfer of Stock that would result in an increase or decrease in the Tax Ownership of Stock by a Substantial Equityholder or would result in an Entity's becoming a Substantial Equityholder, such Substantial Equityholder must file with the Court, and serve on the Debtors and counsel to the Debtors, advance written notice (a "Proposed Stock Transaction Notice") of the intended transfer of Stock.

(c)    The Debtors shall have 15 calendar days after receipt of a Proposed Stock Transaction Notice to file with the Court and serve on such Substantial Equityholder an objection to the proposed transfer of Stock described in the Proposed Stock Transaction Notice and seek an order of the Court prohibiting such proposed transfer on the grounds that such transfer may adversely affect the Debtors' ability to

utilize their Tax Attributes.  If the Debtors file an objection and seek such an order, the Court shall hold a hearing on the matter and such transaction shall not be effective unless either the Court issues a final and nonappealable order denying the order sought by the Debtors or the objection is withdrawn.  If the Debtors do not object within such 15 calendar day period, such transfer may proceed solely as set forth in the Proposed Stock Transaction Notice.  Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein with an additional 15 calendar day waiting period.

PLEASE TAKE FURTHER NOTICE THAT pursuant to the Final Order, the following procedures shall apply to holding and trading in **CLAIMS AGAINST THE DEBTORS**:

(a)    Any Entity which (i) is not a Substantial Claimholder and purchases or otherwise acquires Tax Ownership of an amount of Covered Claims that causes the Entity to become a Substantial Claimholder or (ii) is a Substantial Claimholder and purchases or otherwise acquires Tax Ownership of any additional Covered Claims, shall have an obligation, in the event that the Court authorizes the issuance of Sell Down Notices (as described below), to comply with the terms of any Sell Down Notice issued to it (subject to any rights of objection described in the Final Order).  Any Entity which enters into a transaction described in (i) or (ii) is required to serve on the Debtors, counsel for Debtors, and counsel for the Creditors' Committee a notice confirming that such Entity has read the Final Order and understands the rules, restrictions, and possible sanctions contained therein.  Such notice must be served not later than the later of (A) 15 calendar days following the transaction and (B) 15 calendar days following the date of entry of this Final Order; provided; however, that in some circumstances, such notice must be served within 5 calendar days of the transaction.

(b)    Any Entity which participates in formulating any chapter 11 plan of reorganization of or on behalf of the Debtors, shall not, and shall not be asked to, disclose (or otherwise make evident) to the Debtors that any Covered Claims of which such Entity has Tax Ownership are Newly Traded Covered Claims.

(c)    If necessary to assess the feasibility of implementing a 382(l)(5) Plan and the need for petitioning the Court for a Sell Down Order, the Debtors may file with the Court and further publish a notice (the "Reporting Notice") requiring each Substantial Claimholder, within 30 calendar days of the Debtors' filing such notice, to serve on the Debtors, counsel for the Debtors, and counsel for the Creditors' Committee, a notice (a "Substantial Claimholder Notice") that sets forth certain specified information with respect to such Substantial Claimholder's holdings of Covered Claims.

(d)    After filing a 382(l)(5) Plan and Disclosure Statement with respect thereto with the Court, but no later than the expiration of the 75-day period beginning with the date on which the Debtors file a Reporting Notice with the Court, the Debtors may file a motion with the Court for the issuance of an order (the "Sell Down Order") that (i) authorizes the Debtors to issue Sell Down Notices to each Entity that has timely filed a Substantial Claimholder Notice showing Tax Ownership of Covered

Claims that, pursuant to the terms of the 382(l)(5) Plan (and prior to giving effect to the Sell Down Order), would entitle such Entity to acquire Tax Ownership of more than the 4.75% of the equity of the reorganized Debtors (assuming only one class of common equity of the reorganized Debtors is issued) (a "Potentially Substantial New Equityholder") and (ii) provides that any Entity other than a Potentially Substantial New Equityholder shall not be entitled to acquire Tax Ownership of more than 4.75% of the equity of the reorganized Debtors (assuming only one class of common equity of the reorganized Debtors is issued).

(e)     Each Sell Down Notice will indicate (i) the Debtors' calculation of the percentage of the equity of the reorganized Debtors of which the Potentially Substantial New Equityholder would otherwise acquire Tax Ownership under the terms of the 382(l)(5) Plan, based on the Substantial Claimholder Notice filed by such person (such person's "Preliminary Percentage") and (ii) the percentage of equity of the reorganized Debtors of which such person will be permitted to acquire Tax Ownership under the 382(l)(5) Plan, based on a proportionate reduction to the Preliminary Percentage of each Potentially Substantial New Equityholder.  No Entity will be required to sell Covered Claims that would result in such Entity having Tax Ownership of an aggregate amount of Covered Claims that is less than the greater of (A) $190 million (subject to certain adjustments) or (B) the amount of Covered Claims such Entity held on October 12, 2005 (subject to certain adjustments).

(f)     A Potentially Substantial New Equityholder in receipt of a Sell Down Notice will be permitted to object on any one or more of certain grounds for objection set forth in the Final Order.

(g)     Each transfer of Covered Claims required by a final Sell Down Notice shall occur prior to the later of (i) the date that is ten calendar days after the date of confirmation of the 382(l)(5) Plan, (ii) the date that is 60 calendar days after receipt of the Sell Down Notice and (iii) the date specified in the Sell Down Notices. Once a Potentially Substantial New Equityholder has transferred its Covered Claims, such Entity (i) must serve notice of such transfer, no later than five calendar days following the latest date for completing such transfer in accordance with the preceding sentence, on the Debtors, counsel for the Debtors, and counsel for the Creditors' Committee and (ii) under no circumstances may acquire additional Covered Claims in a manner that would increase the amount of the reorganized Debtors' equity to which such Entity would be entitled, pursuant to the implementation of the 382(l)(5) Plan, above the percentage specified in the Sell Down Notice applicable to such Entity.

(h)     If the Debtors determine, based on the Substantial Claimholder Notices filed in response to the Reporting Notice, that no Sell Down Notices appear necessary to implement the 382(l)(5) Plan, the Debtors may move the Court for an order requiring advance notice of certain acquisitions of Covered Claims (the "Claims Trading Notice Order").  Under the Claims Trading Notice Order, (i) any Potentially Substantial New Equityholder proposing to acquire Covered Claims in a transaction following which such Entity would have Tax Ownership of Covered Claims which, pursuant to the terms of the 382(l)(5) Plan, would entitle such Entity to receive equity of

the reorganized Debtors in excess of the amount of equity to which such Entity would have been entitled based on the holdings reported on such Entity's Substantial Claimholder Notice and (ii) any Entity which would become a Potentially Substantial New Equityholder by virtue of a proposed acquisition of Covered Claims will be required, prior to the consummation of any such transaction, to serve on the Debtors, counsel for the Debtors, and counsel for the Creditors' Committee, a notice (a "Proposed Covered Claim Transaction Notice").  Generally, the same procedures applicable to a Proposed Stock Transaction Notice described in paragraph (c), above, will apply with respect to a Proposed Covered Claim Transaction Notice.

PLEASE TAKE FURTHER NOTICE THAT pursuant to the Final Order, the following shall apply to holding and trading in **BOTH EQUITY SECURITIES OF DELPHI AND CLAIMS AGAINST THE DEBTORS:**

(a)    Sanctions, including forfeiture of equity, may be imposed on Entities for violating the terms and restrictions of the Final Order.  Additionally, transactions in violation of the restrictions and procedures described in paragraphs (b) and (c), above, shall be void ab initio.

(b)    For purposes of this Notice:

(i)    "**382(l)(5) Plan**" means a plan of reorganization for the Debtors under chapter 11 of the Bankruptcy Code pursuant to which there is a reasonable possibility that section 382(l)(5) of the Internal Revenue Code will be utilized and which provides that transfers of Tax Ownership of the reorganized Debtors' equity will be subject to reasonable restrictions for not less than two years after the reorganization;

(ii)    "**Covered Claims**" means generally any claims within the meaning of section 101(5) of the Bankruptcy Code against one or more Debtors that are not first priority claims;

(iii)    "**Entity**" means a person or entity for purposes of the rules under section 382 of the Internal Revenue Code;

(iv)    "**Newly Traded Covered Claims**" means Covered Claims (a) of which an Entity acquired Tax Ownership after the date that was 18 months before October 8, 2005 and (b) that are not "ordinary course" claims, within the meaning of Treasury regulations section 1.382 9(d)(2)(iv), of which the same Entity has always had Tax Ownership;

(v)    "**Stock**" means the common stock of Delphi Corporation;

(vi)    "**Substantial Claimholder**" means generally an Entity that has Tax Ownership of an aggregate amount of Covered

Claims measured where applicable by principal and accrued interest as of the Petition Date, that equals or exceeds the $190 million (as determined from time to time);

(vii)    **"Substantial Equityholder"** means an Entity that has Tax Ownership of at least 26.5 million shares of Stock (representing approximately 4.75% of the outstanding Stock); and

(viii)    **"Tax Ownership"** means beneficial ownership of a Covered Claim or of Stock as determined in accordance with applicable rules under section 382 and, to the extent provided in those rules shall include, but not be limited to, direct and indirect ownership (e.g., a holding company would be considered to have Tax Ownership of all shares owned or acquired by its 100% owned subsidiaries), ownership by members of a person's family and persons acting in concert and, in certain cases, the creation or issuance of an option (in any form).  Any variation of the term Tax Ownership shall have the same meaning and an "option" to acquire stock or claims shall include any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.  Tax Ownership of Covered Claims shall be determined as if such Covered Claims were stock of the Debtors.

PLEASE TAKE FURTHER NOTICE that, upon the request of any person, counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606-1285, Att'n John K. Lyons and Randall G. Reese, will provide a form of each of the required notices described above.

PLEASE TAKE FURTHER NOTICE that the Final Order can be obtained (i) at no cost on www.delphidocket.com, (ii) from the Court's website, or (iii) upon the request of any person, from Kurtzman Carson Consultants LLC (the "Official Copy Service"), 12910 Culver Boulevard, Suite I, Los Angeles, California, telephone: (310) 823-9000, fax: (310) 823-9133, at the expense of the person requesting it at the prevailing fee being charged by the Official Copy Service (the Official Copy Service shall accommodate document requests during normal business hours, Monday to Friday (excluding recognized holidays)).[3]

PLEASE TAKE FURTHER NOTICE THAT **THE DEBTORS' PLAN OF REORGANIZATION MAY PROVIDE FOR THE DISALLOWANCE OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS TO THE EXTENT THAT THEY WOULD ENTITLE THE HOLDERS THEREOF TO A DISTRIBUTION OF 4.75% OR MORE OF THE VALUE OF THE REORGANIZED DEBTORS.**

---

[3]    Normal business hours for the Official Copy Service are from 7:00 a.m. to 6:00 p.m. (prevailing Pacific Time).

PLEASE TAKE FURTHER NOTICE THAT **THE FINAL ORDER AFFECTS YOUR RIGHTS AS A HOLDER OF EQUITY OR DEBT SECURITIES OF THE DEBTORS.  IF YOU HAVE ANY QUESTIONS ABOUT THE ORDER OR ITS EFFECT ON YOUR RIGHTS YOU SHOULD CONSULT A LAWYER.**

PLEASE TAKE FURTHER NOTICE THAT **FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

PLEASE TAKE FURTHER NOTICE THAT **ANY PROHIBITED PURCHASE, SALE, TRADE, OR OTHER TRANSFER OF CLAIMS AGAINST, OR EQUITY SECURITIES IN, THE DEBTORS IN VIOLATION OF THE ORDER SHALL BE NULL AND VOID <u>AB</u> <u>INITIO</u> (IN THE CASE OF EQUITY SECURITIES) AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS (INCLUDING LOSS OF EQUITY) IMPOSED BY THE BANKRUPTCY COURT.**

PLEASE TAKE FURTHER NOTICE THAT the requirements set forth in this Notice are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

Dated: January 6, 2006

DELPHI CORPORATION
5725 Delphi Drive
Troy, Michigan  48098-2815
Att'n: General Counsel and Chief Tax Officer

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
Att'n: John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
    -and-
Four Times Square
New York, New York 10036-6522
Att'n: Kayalyn A. Marafioti
    Thomas J. Matz

# EXHIBIT F

Delphi Corporation
Bloomberg Email Addresses

| Company | Email Address |
|---------|---------------|
| Bloomberg | release@bloomberg.net |
| Bloomberg | poster@bloomberg.net |
| Bloomberg | dvesicle@bloomberg.net |
| Bloomberg | tbecker5@bloomberg.net |

# EXHIBIT G

Delphi Corporation
DTC LENS Email Addresses

| Company | Email Address |
| --- | --- |
| Depository Trust Company Legal Notice System | cjaeger@dtcc.com |
| Depository Trust Company Legal Notice System | lensnotices@dtcc.com |