**Hearing Date: January 13, 2006 at 10:00 a.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
David E. Springer (DS 9331)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
    In re                             :         Chapter 11
                                              :
DELPHI CORPORATION, et al.,     :         Case No. 05–44481 (RDD)
                                              :
                       Debtors.     :         (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOTION UNDER FED. R. BANKR. P. 9016 AND FED. R. CIV. P. 45
TO QUASH SUBPOENAS SERVED BY LEAD PLAINTIFFS ON JOHN SHEEHAN,
LAURA MARION, DAN RENICK, AND JOHN ROTKO

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Motion Under Fed. R. Bankr. P. 9016 And Fed. R. Civ. P. 45 To Quash Subpoenas Served By Lead Plaintiffs On John Sheehan, Laura Marion, Dan Renick, and John Rotko (the "Motion"). In further support of this Motion, the Debtors respectfully represent as follows:

Background

1. On October 13, 2005, the Debtors filed a Motion For Order Under §§ 105 And 363 Authorizing The Debtors To Implement A Key Employee Compensation Program (Docket No. 213) (the "KECP Motion").  On November 23, 2005, the Teachers' Retirement System of Oklahoma, the Public Employees' Retirement System of Mississippi, Raiffeisen Kapitalanlage-Gesellschaft m.b.H, and Stichting Pensioenfonds ABP filed an objection to the KECP Motion (Docket No. 1161) (the "KECP Objection").  These entities are the lead plaintiffs in a putative class action against Delphi and other defendants under the federal securities laws (the "Securities Litigation"), and are therefore referred to here as "Lead Plaintiffs."  The Securities Litigation was recently consolidated with several other actions and transferred to the United States District Court for the Eastern District of Michigan. All discovery in the Securities Litigation has been stayed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §§ 77z-1(b) (establishing discovery stay in actions under the Securities Act of 1933), 78u-4(b)(3)(B) (Securities Exchange Act of 1934).  Moreover, all aspects of the Securities Litigation, including discovery, have been stayed with respect to Delphi by operation of the automatic stay under section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a).

2. On December 8, 2005, the Debtors received from Lead Plaintiffs a set of discovery requests that purported to seek information related to the KECP Motion.  (Matz Aff.

2

Ex. 1.)  As the Court is aware from the Debtors' Objections To Lead Plaintiffs' Motion To Compel Discovery Related To Debtors' Motion For Order Under §§ 105 And 363 Authorizing Debtors To Implement Key Employee Compensation Program (Docket No. 1691), and the oral presentations on this topic at the omnibus hearing on January 5, 2006, many of Lead Plaintiffs' discovery requests were not directed toward the KECP Motion, but instead sought information about specific allegations in Lead Plaintiffs' Consolidated Class Action Complaint in the Securities Litigation, including information about allegedly improper transactions and accounting practices that stretch back to 1999.

        3.       In addition to their written discovery requests, Lead Plaintiffs' December 8, 2005 letter also stated that Lead Plaintiffs intended to take the deposition of John Sheehan, Delphi's Vice President, Chief Restructuring Officer, Chief Accounting Officer, and Controller, before the hearing on the KECP Motion.  (Matz Aff. Ex. 1 at 7.)  In a subsequent letter dated December 12, 2005, Lead Plaintiffs identified three other Delphi employees as potential deponents—Laura Marion, Delphi's Assistant Controller; Dan Renick, a Director of Plant Production Control; and John Rotko, a Manager of Indirect Materials (collectively with Mr. Sheehan, the "Witnesses").  (Id. Ex. 2 at 2.)  On December 23, 2005, Lead Plaintiffs' counsel issued subpoenas to the Witnesses that command them to appear at the hearing on the KECP Motion scheduled for January 27, 2006, at 10:00 a.m. (the "Hearing Subpoenas").  (Id. Exs. 3–6.)  The Debtors' counsel agreed to accept service of those subpoenas, without waiving any other objections to them.

        4.       With this Motion, the Debtors respectfully ask the Court to quash the Hearing Subpoenas pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv), made applicable here by Fed. R.

3

Bankr. P. 9016, because the Hearing Subpoenas subject the Witnesses to an undue burden and are procedurally defective under Fed. R. Civ. P. 45(a)(1)(D) and (b)(1).

Argument

I.
THE HEARING SUBPOENAS SHOULD BE QUASHED BECAUSE THEY SUBJECT THE WITNESSES TO AN UNDUE BURDEN

5.    Rule 45(c)(3)(A)(iv) of the Federal Rules of Civil Procedure provides that the Court "shall" quash or modify a subpoena if it "subjects a person to undue burden." The advisory committee's notes to Rule 45 provide an illustration of this concept, explaining that it is "unduly burdensome to compel an adversary to attend a trial as a witness if the adversary is known to have no personal knowledge of matters in dispute, especially so if the adversary would be required to incur substantial travel burdens." Fed. R. Civ. P. 45 advisory committee's note to 1991 amendment; accord In re County of Orange, 208 B.R. 117, 120 (Bankr. S.D.N.Y. 1997) (quoting the advisory committee's note). To underscore the fact that there must be a logical connection between the information sought by a subpoena and the matters at issue, courts often cite "relevance" as one of the key factors in determining whether a subpoena imposes an "undue burden" under Rule 45(c)(3)(A)(iv). See, e.g., Nova Biomedical Corp. v. i-STAT Corp., 182 F.R.D. 419, 422–23 (S.D.N.Y. 1998); Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996).

6.    The Hearing Subpoenas issued by Lead Plaintiffs subject the Witnesses to an undue burden under this standard because Lead Plaintiffs intend to question the Witnesses about issues that are wholly irrelevant to the matters in dispute. The scope of the January 27 hearing will be limited to the narrow question whether the Debtors exercised reasonable business judgment in adopting one part of the KECP—namely, the revised Annual Incentive Plan covering the nine-month period from October 2005 through June 2006. Rather than address that

4

question, Lead Plaintiffs plan to use the hearing as a chance to stage their Securities Litigation sideshow, asking the Witnesses about specific instances of alleged accounting improprieties and fraud stretching all the way back to 1999.

    7.  Indeed, Lead Plaintiffs' counsel has admitted under penalty of perjury that the purpose of taking the Witnesses' depositions—and, presumably, of calling them as witnesses at the January 27 hearing—is to probe their knowledge of Lead Plaintiffs' allegations in the Securities Litigation. In a declaration submitted in support of Lead Plaintiffs' Motion To Compel Discovery Related To Debtors' Motion For Order Under §§ 105 And 363 Authorizing Debtors To Implement A Key Employee Compensation Program (the "Motion to Compel") (Docket No. 1619), Lead Plaintiffs' counsel explained his theory that the Witnesses "are relevant to the KECP Motion" because they "are knowledgeable about Delphi's accounting improprieties and inventory manipulations." (Matz Aff. Ex. 7 ¶ 26.)

    8.  Mr. Sheehan, Lead Plaintiffs claim, will be asked about "accounting improprieties," "various fraudulent accounting practices," and "particular transactions" that are outlined in paragraphs 31, 195, 198, and 605 of Lead Plaintiffs' Consolidated Class Action Complaint in the Securities Litigation (the "Complaint"). (Matz Aff. Ex. 7 ¶ 27.) Similarly, Lead Plaintiffs plan to ask Ms. Marion for testimony on "accounting improprieties," including a "$200 million financing transaction with Bank One" that was executed more than five years ago, in fiscal year 2000, and is discussed in detail in paragraphs 152–54 of the Complaint. (Matz Aff. Ex. 7 ¶ 28.) With respect to Mr. Renick, Lead Plaintiffs feel that the January 27 hearing is an appropriate forum for deepening their investigation of Delphi's "schemes to understate inventory" and other "accounting improprieties" alleged in paragraphs 193–94 of the Complaint. (Matz Aff. Ex. 7 ¶ 29.) Finally, Lead Plaintiffs wish to question Mr. Rotko, a non-executive

Delphi employee <u>who is not covered by any portion of the KECP</u>, about "Delphi's schemes to understate its inventory," its "improper financing transactions with Setech," and the "accounting methods involved in understating inventory at Delphi's facilities in Mexico," as described in paragraphs 136–38 of the Complaint. (Matz Aff. Ex. 7 ¶ 30.)

9. Lead Plaintiffs could not be more transparent. At the omnibus hearing, the Court informed the parties that it was inclined to deny Lead Plaintiffs' Motion to Compel to the extent that Lead Plaintiffs sought discovery related to the specific allegations of impropriety in their Complaint in the Securities Litigation.[1] Lead Plaintiffs have nevertheless persisted in their demand to call the Witnesses to testify about these same matters at the hearing, making it clear that Lead Plaintiffs are focused on steering the January 27 hearing away from the Annual Incentive Plan and toward their securities claims. The Court also indicated at the omnibus hearing that it would not permit Lead Plaintiffs to turn the hearing into a minitrial on their securities claims, stating, "I agree with you [the Debtors' counsel] that through the back door of an annual incentive plan motion, to try the whole securities litigation is just wrong. It shouldn't be done that way . . . ." (Jan. 5, 2006, Hr'g Tr. at 193–94.) Yet that is just how Lead Plaintiffs want it done.

10. Lead Plaintiffs want it done their way because their overarching agenda is to try to use these bankruptcy cases to obtain discovery in their Securities Litigation. Such discovery is impermissible, however, because of the stays imposed by the PSLRA and the

---

[1] The Court also stated that it was "inclined to severely limit the discovery" to the identities of the employees covered by the KECP, the identities of certain employees who have left the Debtors' employ and their reasons for leaving, and the processes used by the Debtors to ensure that bad actors are not rewarded under the KECP. (Jan. 5, 2006, Hr'g Tr. at 190, 192, 198.) There is no need for live testimony on the first two points because the Debtors have produced or will produce before the hearing documents that address these issues. The third point does not provide any basis for the Hearing Subpoenas either because the Witnesses do not have personal knowledge regarding the design or implementation of these processes.

6

section 362(a) of the Bankruptcy Code. It is well-settled that it is inappropriate to use a trial subpoena to obtain impermissible discovery. See Dodson v. CBS Broad. Inc., No. 02 Civ. 9270 (KMW), 2005 WL 3177723, at *1 (S.D.N.Y. Nov. 29, 2005) (explaining that trial subpoenas cannot be used to obtain impermissible discovery and citing cases).

    11. In sum, there is no justification for forcing the Witnesses to take time away from their work obligations and travel to New York to testify about alleged accounting improprieties and other specific misdeeds that are outside the narrow scope of the January 27 hearing on the Annual Incentive Plan. Accordingly, the Hearing Subpoenas should be quashed as unduly burdensome under Rule 45(c)(3)(A)(iv).

## II.
## THE HEARING SUBPOENAS ARE PROCEDURALLY DEFECTIVE

    12. The Hearing Subpoenas served by Lead Plaintiffs do not satisfy the formal requirements of Federal Rule of Civil Procedure 45(a)(1). In particular, under Rule 45(a)(1)(D), every subpoena must "set forth the text of subdivisions (c) and (d) of [Rule 45]," which establish the rights and duties of attorneys responsible for serving subpoenas and witnesses subject to subpoenas. "The purpose of the inclusion of these subdivisions in every subpoena is to ensure that the recipient of the subpoena is fully aware of both her own obligations in responding to the subpoena, of the duties of an attorney in properly executing the subpoena, and the options a recipient may exercise in contesting a subpoena." Anderson v. Gov't of V.I., 180 F.R.D. 284, 289–90 (D.V.I. 1998). When a party fails to include the text of subdivisions (c) and (d), as mandated by Rule 45(a)(1)(D), the subpoena should be quashed. See Anderson, 180 F.R.D. at 290 (quashing subpoena where subpoena violated Rule 45(a)(1)(D)). Like the subpoena at issue in Anderson, the Hearing Subpoenas in this case do not set forth the text of subdivisions (c) and (d), (see Matz Aff. Exs. 3–6), and should therefore be quashed.

13.    Lead Plaintiffs also disregarded the rules related to fees and mileage in serving the Hearing Subpoenas.  As provided in Rule 45(b)(1), "Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, <u>by tendering to that person the fees for one day's attendance and the mileage allowed by law</u>."  <u>Id.</u> (emphasis added).[2]  In their treatise on federal procedure, Professors Wright and Miller explain, "Failure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena."  9A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 2454, at 25–26 (1995); <u>accord</u> <u>Costomar Shipping Co. v. Kim-Sail, Ltd.</u>, No. 95 Civ. 3349 (KTD), 1995 WL 736907, at *2 (S.D.N.Y. Dec. 12, 1995) ("Where no fee is tendered with the service of a subpoena requiring a witness' attendance, the service is invalid.").  When Lead Plaintiffs served the Hearing Subpoenas here, they did not tender any fees to the witnesses under Rule 45(b)(1), even though the subpoenas command the Witnesses' attendance at the hearing on the KECP Motion scheduled for January 27, 2006.  The Hearing Subpoenas should be quashed for this reason as well.  <u>See</u> <u>Song v. Dreamtouch, Inc.</u>, No. 01 Civ. 0386 (AGS), 2001 WL 487413, at *7 (S.D.N.Y. May 8, 2001) (quashing subpoena when "attendance and mileage fees were not provided concurrently with the subpoena").

Notice

14.    Notice of this Motion has been provided in accordance with the Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9015 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance With Local Bankr. R. 1007-2(e) entered by this Court on October 14, 2005 (Docket No. 245).

---

[2]    The fees and mileage available to witnesses under this rule are set by 28 U.S.C. § 1821 (2004).

8

Notice has also been provided to Lead Plaintiffs. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

Memorandum of Law

15. Because the points and authorities upon which this Motion relies are set forth in the Motion itself, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

Conclusion

For the reasons given above, the Debtors respectfully request that the Court enter an order quashing the Trial Subpoenas and granting such other and further relief as is just and proper.

Dated: New York, New York
January 11, 2006

           SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

           By: /s/ David E. Springer
              John Wm. Butler, Jr. (JB 4711)
              David E. Springer (DS 9331)
              John K. Lyons (JL 4951)
              Ron E. Meisler (RM 3026)
           333 West Wacker Drive, Suite 2100
           Chicago, Illinois 60606
           (312) 407-0700

              - and -

           By: /s/ Kayalyn A. Marafioti
              Kayalyn A. Marafioti (KM 9632)
              Thomas J. Matz (TM 5986)
           Four Times Square
           New York, New York 10036
           (212) 735-3000

           Attorneys for Delphi Corporation, et al.,
            Debtors and Debtors-in-Possession