```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X

Delphi Corporation, et al
                                                          Chapter   11
--------------------------------------X                   Case # 05-44481
              Debtors                                     Claim # 921
```

NOTICE:  TRANSFER OF CLAIM PURSUANT TO **FRBP RULE 3001(e)(2) OR (4)**

To: (Transferor)   **Sofanou, Inc.**
                   **2840 Auburn Court**
                   **Auburn Hills, MI  48326**

The transfer of your claim (#86) as shown above, in the amount of **$284,545.53** has been transferred *(unless previously expunged by court order)* to:

>  **SIERRA LIQUIDITY FUND**
>  **2699 WHITE RD. SUITE #255**
>  **IRVINE, CA 92614**

No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**
**FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

>  United States Bankruptcy Court
>  Southern District of New York
>  Attn:  Bankruptcy Clerk
>  One Bowling Green
>  New York, NY  10004

**SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**
Refer to **INTERNAL CONTROL No.**     in your objection.
**IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.**

                                  Clerk of Court
------------------------------------------------------------------------
FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on          , 200  .
Copy(check): Claims Agent__  Transferee__  Debtor's Attorney__

                                                  _____
                                                       Deputy Clerk
bc: objntc
OBJECTION NOTICE FOR TRANSFEROR-PROOF OF CLAIM ON FILE

## Transfer of Claim

### Delphi Automotive Systems, LLC, Delphi Corporation, et al.

This agreement (the "Agreement") is entered into on January 10, 2006 ("Effective Date") between **Sofanou, Inc.** ("Assignor") and Sierra Liquidity Fund, LLC or assignee ("Assignee") with regard to the following matters:

1. Assignor in consideration of the sum of $           rcent) of **the current amount outstanding on the Assignor's trade claim, (the "Purchase Price")**, does hereby transfer to Assignee all of the Assignor's right, title and interest in and to the claims which are listed on the attached Schedule 1, including the right to amounts owed under executory contracts and cure amounts related to the potential assumption and cure of any contracts which are listed on the attached Schedule 1 (the "Claim") against Delphi Automotive Systems, LLC, Delphi Corporation, et al. (affiliates, subsidiaries and other related debtors) (the "Debtor"), in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court of New York, Southern District, in the current a ["**the Claim Amount**"], and all rights and benefits of the Assignor relating to the Claim including, without limitation, Assignor's rights to receive interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, instruments, cure payments arising from a contract assumption, and other property which may be paid or issued by the Debtor in satisfaction of the Claim. The Claim is based on amounts owed to Assignor by Debtor as set forth below, and as evidenced by a Proof of Claim with supporting documentation which has been filed by the Assignor with the Bankruptcy Court and the Claims Agent. This assignment is an absolute and unconditional assignment of ownership of the Claim, and shall not be deemed to create a security interest.

2. The parties agree and understand that the transfer of the Claim from the Assignor to Assignee contemplated in this agreement will occur subject to and concurrent with the payment of the Purchase Price to from Assignee to Assignor and that payment will occur on the Effective Date of this Agreement.

3. Assignee shall be entitled to all distributions made by the Debtor on account of the Claim, even distributions made and attributable to the Claim being allowed in the Debtor's case, in an amount in excess of the Claim Amount. Assignor represents and warrants that, according to the actual knowledge of Mark D. Blanke, the amount of the Claim is not less than the Claim Amount, that this amount is the true and correct amount owed by the Debtor to the Assignor, and that no valid defense or right of set-off to the Claim exists.

4. Assignor further represents and warrants that, according to the actual knowledge of Mark D. Blanke, no payment has been received by Assignor or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim, in whole or in part, to any third party, that Assignor owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or to impair its value.

5. Should it be determined that any transfer by the Debtor to the Assignor is or could have been avoided as a preferential payment, Assignor shall repay such transfer to the Debtor in a timely manner. Should Assignor fail to repay such transfer to the Debtor, and should the Bankruptcy Court determine that because of such failure to repay the Debtor is entitled to offset the payment on the Claim Amount by the amount of the unpaid preferential payment, then Assignee, solely at its own option, shall be entitled to

{31927\4\DT169368.DOC;2}

make said payment on account of the avoided transfer, and the Assignor shall indemnify the Assignee for any amounts paid to the Debtor.

6. Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization. Assignor acknowledges that, except as set forth in this agreement, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise), any other matter relating to the proceedings, the Debtor, or the likelihood of recovery of the Claim. Assignor represents that it has adequate information concerning the business and financial condition of the Debtor and the status of the Proceedings to make an informed decision regarding its sale of the Claim. Assignee acknowledges that, except as set forth in this agreement, neither Assignor nor any agent or representative of Assignee has made any representation whatsoever to Assignee regarding the amount or validity of the Claim, or any other matter relating to the proceedings, except as specifically contained herein.

7. In the event that the Claim is disallowed, reduced, subordinated, or impaired by reason of a material defect in the validity of the claims listed on <u>Schedule 1</u>, Assignor agrees to immediately refund and pay to Assignee, a pro-rata share of the Purchase Price equal to the ratio of the amount of the Claim disallowed divided by the Claim, plus 4% (Four Percent) interest per annum from the date of this Agreement. The Assignee, as set forth below, shall have no obligation to otherwise defend the Claim, and the refund obligation of the Assignor pursuant to this section shall be absolutely payable to Assignee without regard to whether Assignee defends the Claim. The Assignee or Assignor shall have the right to defend the claim, only at its own expense and shall not look to the counterparty for any reimbursement for legal expenses.

8. To the extent that it may be required by applicable law, Assignor hereby irrevocably appoints Assignee as its true and lawful attorney for the limited purpose of authorizing Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim. However, in no instance should the grant of authority in the preceding sentence permit Assignee to bind Assignor, create a liability or obligation for Assignor, or enter Assignor into any contract or agreement. Assignor grants unto Assignee the limited authority to do those things necessary to enforce the Claim and Assignor's rights thereunder. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that the Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings or in any other dispute arising out of or relating to the Claim, whether or not suit or other proceedings are commenced, and whether in mediation, arbitration, at trial, on appeal, or in administrative proceedings. Assignor agrees to take such reasonable further action, as may be necessary or desirable to effect the Assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents. However, if Assignee chooses at its discretion to not make a good faith effort to defend or enforce the Claim or any portion thereof, Assignee shall not be entitled to any form of reimbursement of indemnity under paragraphs 5 or 7 of this agreement.

9. Assignor shall make all reasonable efforts to forward to Assignee all notices received from the Debtor, the court or any third party with respect to the Claim, including any ballot with regard to voting the Claim in the Proceeding, and shall take such action with respect to the Claim in the proceedings, as Assignee may request from time to time. However, in no event shall the Assignors failure to forward any notices received from the Debtors be construed as a breach of this Agreement or any representations, warranties

or covenants hereunder. Assignor acknowledges that any distribution received by Assignor on account of the Claim from any source, whether in form of cash, securities, instrument or any other property or right, is the property of and absolutely owned by the Assignee, that Assignor holds and will hold such property in trust for the benefit of Assignee and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

10. In the event of any dispute arising out of or relating to this Agreement, whether or not a suit or other proceedings is commenced, and whether in mediation, arbitration, at trial, on appeal, in administrative proceedings, or in bankruptcy (including, without limitation, any adversary proceeding or contested matter in any bankruptcy case filed on account of the Assignor), the parties expressly agree and understand that in no event shall the prevailing party be entitled to any amount in excess of the Purchase Price. Furthermore, any and all representations, warranties or indemnities made in this Agreement shall expire upon the earlier of ninety (90) days after (i) the entry of a final order confirming a plan of reorganization or (ii) the payment to the Assignee by the Debtors of any amount in settlement of the Claim.

11. The terms of this Agreement shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns.

12. Assignor hereby acknowledges that Assignee may, upon prior written notice to Assignor, further assign the Claim together with all rights, title and interests of Assignee under this Agreement. Any and all representations and warranties of the Assignor made herein shall survive the execution and delivery of this Agreement. This Agreement may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

13. This contract is not valid and enforceable without acceptance of this Agreement with all necessary supporting documents by the Transferee, as evidenced by a countersignature of this Agreement. The Assignee may reject the proffer of this contract for any reason whatsoever.

14. This Agreement shall be governed by and construed in accordance with the laws of the State of Michigan. Any action arising under or relating to this Agreement may be brought in any state or federal court located in Michigan, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Agreement, and in any action hereunder, Assignor and Assignee waive any right to demand a trial by jury.

**Please include invoices, purchase orders, and/or proofs of delivery that relate to the claim.**

Assignor hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives its right to raise any objection thereto and its right to receive notice pursuant to rule 3001 of the rules of the Bankruptcy procedure.

{31927\4\DT169368.DOC;2}

IN WITNESS WHEREOF, the parties have agreed that this Agreement is executed and effective as of the date first written above.

| ASSIGNOR | ASSIGNEE |
|---|---|
| By: _____ | By: _____ |
| Mark D. Blanke, CFO | Mr. James S. Riley, President |
| **Sofanou Inc.** | **Sierra Liquidity Fund, LLC** |
| 2840 Auburn Court | 2699 White Road, Ste. 255 |
| Auburn Hills, MI 48326 | Irvine, CA 92614 |
| 248-852-7344 ext 5218 | 949-660-1144 |

{31927\4\DT169368.DOC;2}