# EXHIBIT A

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
## ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • NEW JERSEY • LOUISIANA

John P. Coffey
sean@blbglaw.com
212-554-1409

January 9, 2006

**Via Electronic Mail and Facsimile**

David Springer, Esq.
Skadden, Arps, Slate, Meagher & Flom L.L.P.
333 West Wacker Drive
Chicago, Illinois 60606-1285

> Re: Meet and Confer Relating to Lead Plaintiffs' Discovery Requests in
> Connection With Debtors' KECP Motion

Dear David:

We write in advance of our upcoming meet and confer relating to Lead Plaintiffs' discovery requests in connection with Debtors' KECP Motion.

In light of Judge Drain's guidance at the January 5, 2006 hearing and in an effort to make our meet and confer as productive as possible, please find below an outline of the discovery that we hope Debtors will agree to produce forthwith:

1. A list of individuals covered by the KECP, which shows their current and past positions at Delphi, the years of their employment at Delphi, and their projected KECP bonus. We are amenable to restricting the individual bonus numbers to "attorney eyes only."

2. A list of the twenty-five executives referenced in ¶ 17 of the KECP Motion, whom you contend have departed Debtors' employ since January 1, 2005, including the reason for each such person's departure.

3. All documents describing what, if any, processes, procedures, investigations, and/or any other prophylactic measures were taken by Debtors to determine whether the beneficiaries under the proposed KECP had any knowledge of and/or involvement in the accounting improprieties at Delphi.

4. The identities of persons involved in the development and implementation of the measures described in item 3 (whether employed by Debtors or otherwise).

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

David Springer, Esq.
January 9, 2006
Page 2

    5. All documents describing what, if any, conclusions, including the basis for said conclusions, were arrived at by Debtors as a result of any processes, procedures, investigations, and/or other prophylactic measures undertaken by Debtors to determine whether the beneficiaries under the KECP had any knowledge of and/or involvement in the accounting improprieties at Delphi.

    6. The identities of persons involved in reaching any conclusions, including the basis for such conclusions, that were arrived at by Debtors as a result of the measures described in item 3 (whether employed by Debtors or otherwise).

To make the January 10 meet and confer as productive as possible, please ensure that one or more person(s) with (1) knowledge of the documents and issues in question (2) permission to discuss those documents and issues, and (3) authority to negotiate regarding a resolution to our discovery requests participate on the call. In addition, please note that Lead Plaintiffs intend to depose individuals who have personal knowledge of the issues described above. We will inform you of the individuals we seek to depose as soon as we have had an opportunity to review the produced documents.

Finally, please be prepared to confirm during our meet and confer that Debtors will not, in fact, present evidence in opposition to Lead Plaintiffs' allegations at the January 27, 2006 hearing on the KECP Motion. Absent that commitment, Lead Plaintiffs will insist on additional discovery.

                                        Sincerely,

                                        John P. Coffey

cc:    Brad Beckworth, Esq.
       James Sabella, Esq.
       Michael Yarnoff, Esq.
       Michael Etkin, Esq.