# EXHIBIT C

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK


------------------------------------x

　　　　　In the Matter

　　　　　　　of　　　　　　　　　　　　　Case No.
　　　　　　　　　　　　　　　　　　　　　02-B-13533
WORLDCOM, INC., ET AL.,

　　　　　　　　　Debtors.

------------------------------------x


　　　　　　　　　　October 29, 2002

　　　　　　　　　　United States Custom House
　　　　　　　　　　One Bowling Green
　　　　　　　　　　New York, New York 10004


Motion by Debtors approving the terms and conditions
of contract for the sale of Pentagon City and related
property, authorizing the sale of such assets free
and clear of all liens, claims and encumbrances, and
authorizing and approving the assumption and
assignment of executory contracts and unexpired
leases in connection therewith - matter withdrawn;
Motion by Louie Art Jones for relief from stay -
objection filed - matter withdrawn; Motion of
Herrick, Feinstein, LLP re: the inapplicability of
the automatic stay or alternatively relief from the
automatic stay - objection by Debtors filed.  Joinder
of the Official Committee of Unsecured Creditors to
Debtors' objection; Motion by Williams
Communications, LLC for relief from stay - adjourned
to 1-14-2003; Motion by Equinix, Inc. for relief from
stay - adjourned to 11-12-2002; Motion of
Lightbridge, Inc. for relief from stay - adjourned to

11-12-2002; Motion by BP Corporation North America,
Inc. for relief from stay (363(e) waived) - response
by Debtors filed - adjourned to 11-12-2002; Motion by
Wallace Computer Services, Inc. for relief from
stay - objection by Debtors filed.  Joinder of the
Official Committee of Unsecured Creditors to Debtors'
objection; Motion by Delta Airlines, Inc. for relief
from stay - adjourned to 11-12-2002; Motion by
Blockbuster, Inc. for relief from stay or in the
alternative, recoupment of mutual objections owing to
and from MCI Worldcom Communications, Inc. -
adjourned to 11-13-2002; Motion by Electronic Data
Systems Corporation and EDS Information Services, LLC
compelling turnover of certain assets or imposing a
constructive trust - oppositions filed.  Joinder of
the Official Committee of Unsecured Creditors to
Debtors' opposition - adjourned to 11-12-2002;
Wallace Computer Services, Inc. - Pre-trial
conference; Motion by CIT Communications Finance
Corporation to compel Debtor to assume or reject
certain equipment leases and/or for the award of
payments - adjourned to 11-12-2002; Motion to approve
Mid-Size Carrier Group's proposed setoff and
expedited billing dispute resolution procedures -
matter withdrawn; Motion by Anthony Biondo for relief
from stay - objections filed; Motion by New York
State Common Retirement Fund for relief from stay -
objection and response filed; Hearing re: motion of
the Debtors for authorization to establish a key
employee retention plan - objection filed; Hearing
re: Motion by the Debtors to extend the time to file
schedules, statements of financial affairs, and lists
of equity holders and authorizing the Debtors to file
certain portions of schedules, statements and
certificates and affidavits of service under seal -
objections filed; Motion of Debtors establishing the
deadline for filing certain proofs of claim and
approving form and manner of notice thereof -
objections filed.


B E F O R E:

HON. ARTHUR J. GONZALEZ,

Bankruptcy Judge

—

3

1                      WORLDCOM, INC., ET AL

2       A P P E A R A N C E S :

3              WEIL, GOTSHAL & MANGES, LLP
                      Attorneys for Debtors
4                     767 Fifth Avenue
                      New York, New York  10153-0119
5
               BY:   CHRISTOPHER J. MARCUS, ESQ., of Counsel
6                    SHARON YOUDELMAN, ESQ., of Counsel
                     ALFREDO R. PEREZ, ESQ., of Counsel
7                    ADAM P. STROCHAK, ESQ., of Counsel

8
               AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
9                     Attorneys for the Committee of
                      Unsecured Creditors
10                    590 Madison Avenue
                      New York, New York  10022
11
               BY:   IRA S. DIZENGOFF, ESQ., of Counsel
12                   NANCY CHUNG, ESQ., of Counsel

13
               (Via Telephone)
14             WILEY, REIN & FIELDING, LLP.
                      Attorneys for Mid-Sized Courier Group
15                    7925 Jones Branch Drive
                      McLean, Virginia  22102
16
               BY:   JASON GOLD, ESQ., of Counsel
17

18             KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
                      Attorneys for Ad Hoc Committee of MCI
19                         Noteholders
                      1633 Broadway
20                    New York, New York  10079

21             BY:   DANIEL N. ZINMAN, ESQ., of Counsel

22

23

24

25

4

1                    WORLDCOM, INC., ET AL

2      A P P E A R A N C E S   (Continued):

3                    McGUIRE WOODS, LLP
                         Attorneys for Wallace Computer Services
4                        One James Center
                         901 East Cary Street
5                        Richmond, Virginia  23219

6            BY:    DION W. HAYES, ESQ., of Counsel

7

                     DRINKER BIDDLE & REATH, LLP
8                        Attorneys for Puerto Rico
                            Telephone Company
9                        500 Campus Drive
                         Florham Park, New Jersey  07932
10
             BY:    DOUGLAS J. McGILL, ESQ., of Counsel
11

12                   BERNSTEIN, LITOWITZ, BERGER & GRoSSMANN, LLP
                         Attorneys for New York State Common
13                          Retirement Fund
                         1285 Avenue of the Americas
14                       New York, New York  10019

15           BY:    JOHN P. COFFEY, ESQ., of Counsel

16

                     LOWENSTEIN SANDLER, PC
17                       Attorneys for New York State Common
                            Retirement Fund, Lead Plaintiff in
18                          Securities Litigation
                         65 Livingston Avenue
19                       Roseland, New Jersey  07068

20           BY:    MICHAEL S. ETKIN, ESQ., of Counsel

21

                     KATTEN, MUCHIN, ZAVIS, ROSENMAN, ESQ.
22                       Attorneys for Qwest Communications
                         575 Madison Avenue
23                       New York, New York  10022

24           BY:    DAVID J. MARK, ESQ., of Counsel

25

5

```
 1                WORLDCOM, INC., ET AL

 2    A P P E A R A N C E S  (Continued):

 3          JASPAN SCHLESINGER HOFFMAN, LLP
                    Attorneys for SBC Affiliates
 4                  300 Garden City Plaza
                    Garden City, New York  11530
 5
            BY:  STEVEN R. SCHLESINGER, ESQ., of Counsel
 6               LISA M. GOLDEN, ESQ., of COunsel

 7
            (Via Telephone)
 8          ARNALL, GOLDEN & GREGORY, LLP
                    Attorneys for Verizon
 9                  Atlantic Center 1201 W. Peachtree
                    Street
10                  Atlanta, Georgia  30309

11          BY:  DARRYL LADDIN, ESQ., of Counsel

12
            SCARPONE, STAIANO & SAVAGE, LLC
13                  Attorneys for NECA
                    744 Broad Street, Suite 1901
14                  Newark, New Jersey  07102

15          BY:  PATRICIA A. STAIANO, ESQ., of Counsel

16

17

18

19

20

21

22

23

24

25
```

19

1              WORLDCOM, INC., ET AL

2     payment under 365(d)(10), Docket No. 1006.  That

3     has been moved to November 12.

4              And, Your Honor, last week I misspoke

5     when we set the motion, the retention application

6     of Lazard.  I requested that it be set on

7     November 12 and, in fact, I had forgotten that it

8     had already been set for the Court in connection

9     with the mailing for December 3.  So that is not

10    set for the 12th, it is set for December 3, Your

11    Honor.

12             The next matter is the motion of Carl

13    McCall, Docket No. 1453.

14             THE COURT:  All right, all right, go

15    ahead.

16             MR. ETKIN:  And to the extent that

17    the Court has any questions concerning the status

18    of the underlying class action and MDL proceeding,

19    I would refer to Mr. Coffey with respect to those

20    issues.

21             Your Honor, our motion is not to

22    continue with litigation.  It is not to engage in

23    broad discovery.  It is essentially a motion to

24    obtain access to segregated and identified

25    documents that the Debtor has already turned over

1         WORLDCOM, INC., ET AL

2    to several government agencies.

3              Your Honor, in filing the motion in

4    the first instance, we, as is obvious from the

5    motion, we reviewed the order entered by the Court

6    in the Enron Chapter 11 proceeding, and we

7    purposely tailored our request to fit within the

8    parameters that the Court had established in the

9    context of that order.

10             The request is circumscribed.   The

11   request deals with documents that have already

12   been identified, segregated, and it really is a

13   request simply to obtain copies of those

14   documents.

15             The Debtor has not articulated any

16   basis to distinguish this motion from the motion

17   that was filed in the Enron case or to distinguish

18   this case with respect to the relief that was

19   ultimately granted in the Enron Chapter 11.

20             In particular, Your Honor, the issue

21   of the PSLRA Estate was an issue that we, in fact,

22   addressed in our original motion papers and was

23   addressed in the Court's order in Enron.

24             Now, this is a two-step process.   The

25   first appropriate step is to come before Your

21

1        WORLDCOM, INC., ET AL

2    Honor and seek a limited relief from the stay to

3    obtain access to these documents.

4            The second step and the step that we

5    would move forward with, if we received similar

6    relief as they did in the class, in the Enron

7    Chapter 11, is to move before Judge Coate, who now

8    has the MDL proceeding and seek permission from

9    Judge Coate to move forward with this discovery.

10           So, the caveat that was contained in

11   the Enron order regarding the PSLRA and obtaining

12   similar relief from Judge Harmon in that case is

13   something that is obviously appropriate here, and

14   we would certainly agree to.  But we have to start

15   somewhere, Your Honor, and this is the appropriate

16   place to start.

17           Again, Your Honor, we think that the

18   motion is straightforward.  We have not seen

19   anything articulated in the Debtor's objection to

20   distinguish this matter from the order that this

21   Court has already entered in the Enron situation.

22   In fact, the only distinction that we can find,

23   Your Honor, is that at this stage of the

24   proceeding as opposed to the Enron case, we

25   already have four senior executives who have pled

1            WORLDCOM, INC., ET AL

2    guilty to a criminal conspiracy with respect to

3    securities fraud.  And we think that that

4    distinction really provides more of a basis for

5    the Court to enter a single order in this case.

6            Your Honor --

7            THE COURT:  You know, you can correct

8    me if I am wrong, but with respect to Enron, I

9    don't think the lead plaintiff was selected there

10   when that motion was brought before me.

11           MR. ETKIN:  Standing here, Your

12   Honor, I am not sure of the timing.  I think that

13   the lead plaintiffs have been selected but they

14   may not have been.  I don't know.  The lead

15   plaintiff has been selected in this case, and lead

16   counsel has been appointed.  And unlike other

17   matters that have been before you previously, the

18   MDL has ruled.  So, class leadership has been

19   established.  This case is ripe for considering

20   this issue.  We think it's a straightforward case,

21   and we would ask the Court to grant the relief.

22           We filed reply papers, Your Honor.  I

23   am hopeful that you got them yesterday, trying to

24   deal with some of the issues.  I don't want to

25   repeat what is already in the papers before the

23

1           WORLDCOM, INC., ET AL

2    Court.

3                Obviously, if there are any further

4    questions, we are here to respond.

5                THE COURT:  No, I will hear from the

6    Debtor.

7                MR. STROCHAK:  Thank you, Your Honor.

8    Adam Strochak again.

9                Your Honor, in this case, the Debtors

10   are subject to investigations from congress, the

11   SEC, the U.S. Attorney, the examiner appointed in

12   these cases, obviously, the Committee, Official

13   Committee has its due diligence demands that we

14   are responding to, and Wilmer, Cutler has been

15   retained to represent the special committee of the

16   board in its investigation.

17               In addition, we have a courtroom

18   monitor in this case.  I would submit there is no

19   shortage of investigations going on in this case.

20               The company is extremely focused

21   right now in responding to numerous demands from

22   all these sources for documentation.

23               What we ask, Your Honor, is that the

24   company be permitted to focus its efforts on that.

25   Let the folks who are charged with investigating

1              WORLDCOM, INC., ET AL

2    the fraud do their investigation.  Let the Debtors

3    respond to them, and let's put off the additional

4    burdens of discovery in private securities

5    litigation --

6              THE COURT:  What are the additional

7    burdens?

8              MR. STROCHAK:  The additional

9    burdens, Your Honor, are, first of all, there is

10   an additional review of the documents that needs

11   to take place.  There is a subset of documents

12   that has been produced, that was produced on an

13   expedited basis.  It was produced without --

14             THE COURT:  Who is going to do that

15   review?

16             MR. STROCHAK:  That review would have

17   to be done by counsel, Your Honor, by outside

18   counsel.

19             THE COURT:  Who is handling this

20   matter on behalf of the Debtor as outside counsel?

21             MR. STROCHAK:  The Piper, Rudnick

22   firm, Your Honor, is responding to demands for

23   documents.

24             THE COURT:  And what is the Piper,

25   Rudnick firm doing with respect to the overall

1        WORLDCOM, INC., ET AL

2    reorganizational efforts?

3            MR. STROCHAK:  Piper, Rudnick is

4    representing the Debtor on certain matters, in EDS

5    matters for one example.  That comes to mind.

6            THE COURT:  Are the same people

7    involved in the securities litigation that are

8    involved in the EDS matter?

9            MR. STROCHAK:  I have not been

10   working with the same people, Your Honor.  I can't

11   say for sure that there is any overlap, but I have

12   not been working with the same people.

13           THE COURT:  All right, go ahead.

14           MR. STROCHAK:  Our fear, Your Honor,

15   is that there are going to be additional demands

16   to lift the stay and additional demands for

17   discovery in this case.

18           We have already seen the Vivien

19   Plaintiffs in the ERISA litigation come in at an

20   early stage, and they sought to lift the stay.

21   That motion was denied.  Now that the MDL panel

22   has transferred the ERISA cases to the Southern

23   District, we don't know whether there will be

24   another motion in order to lift the stay, in order

25   to proceed against the Debtors with respect to the

DOYLE REPORTING INC. - 212-867-8220

1          WORLDCOM, INC., ET AL

2     ERISA litigation.

3               There is state law securities fraud

4     litigation in this case in Mississippi, I believe,

5     called CATS.  The plaintiffs in that case have

6     filed a motion to lift the automatic stay to

7     proceed against the Debtors.

8               There is an enormous amount of

9     litigation out there.  And our fear, Your Honor,

10    is that if you don't put the discovery, all

11    discovery off for a time being, that we are going

12    to be over and over and over again responding to

13    demands from different constituencies, different

14    parties, different groups of plaintiffs, either

15    for documents, to lift the stay, or to proceed

16    with the litigation.  In many respects, proceeding

17    with respect to discovery is tantamount to lifting

18    the stay for purposes of litigation because the

19    burdens of discovery can be very severe.

20              Now, I know that the motions are

21    limited to documents that were already produced to

22    other people.  I have articulated, there is some

23    additional work that needs to be done.  We can't

24    simply turn over our CDs or boxes of documents

25    because it is a privilege review that needs to be

27

1          WORLDCOM, INC., ET AL

2   done with respect to certain categories of

3   documents.

4          The folks who are handling these

5   productions have indicated they are responding on

6   a daily basis to requests for documentation from

7   various folks, from Wilmer, Cutler, from the SEC,

8   the U.S. Attorney's Office, and they pleaded with

9   me to see if this could be, at a minimum, to be

10  deferred for some time to allow them to continue

11  to focus on that effort.

12         With respect to, there is a relevancy

13  issue here, Your Honor. Any documentation that

14  eventually will be produced in the securities

15  litigation has to meet the discovery standards for

16  litigation.

17         Obviously, Wilmer, Cutler has a

18  broader standard. To the extent that they are

19  requesting documents on behalf of their

20  investigation, there is no necessary overlap

21  between them. There might be some overlap, but

22  the two sets are not totally --

23         THE COURT: My recollection is that

24  in the Enron case, and I would suspect that to

25  happen here, that a subpoena would have to be

WORLDCOM, INC., ET AL

1

2   served upon a Debtor if the stay were lifted here,

3   as well as the stay were lifted in the securities

4   litigation.  And at that point in time, if

5   relevancy was an appropriate objection, it would

6   be raised then.

7           MR. STROCHAK:  I don't disagree, Your

8   Honor, that there would be an opportunity to raise

9   it.  My point, Your Honor, is that by enforcing

10  the Debtor to go and start litigating those

11  issues, in many respects, it is tantamount to

12  lifting the stay to allow the litigation to

13  proceed in full against the Debtors.

14           I think an important factor here,

15  Your Honor, is that in order to lift the stay, the

16  Movant has to establish cause.  In this case,

17  there is no cause at this juncture.  The

18  Plaintiffs have filed a 160 or so page complaint

19  in the securities litigation.  I have been advised

20  that there are going to be motions to dismiss all

21  accounts of that complaint.  Judge Coate set a

22  schedule for that.  And there is simply no need

23  for discovery at this point on the Plaintiff's

24  part.

25           If the complaints arise from motions

1          WORLDCOM, INC., ET AL

2    to dismiss; at that point, Judge Coate can

3    determine what the appropriate scope of discovery

4    in the case will be, and we can deal with that,

5    those issues, as they come up at that time.

6              I don't disagree with Plaintiff's

7    counsel that this is a bit of a two-step process,

8    the chicken and the egg.  I mean, you can argue

9    about which is the chicken and which is the egg

10   and which should come first.

11             We think in this matter it makes

12   sense simply to defer this motion.  Let Judge

13   Coate decide what the scope of the discover is

14   going to be, if there is going to be any discovery

15   at all permitted prior to a decision on the motion

16   to dismiss, and then we can deal with this in a

17   comprehensive fashion.

18             I don't know if this is the only

19   request the plaintiffs are going to have.

20   Perhaps, they will have other requests for

21   discovery, and we would like to be able to deal

22   with that in a comprehensive fashion, so as not to

23   have to keep addressing it over and over again.

24             So, what we would ask, Your Honor, is

25   simply that this motion just be deferred without

30

1          WORLDCOM, INC., ET AL

2    prejudice. The Plaintiffs can go to Judge Coate,

3    seek discovery, seek whatever discovery they think

4    is appropriate.

5               The defendants in that litigation --

6    and WorldCom is no longer a defendant in that

7    complaint due to the stay. The defendants in that

8    litigation can make whatever arguments they think

9    are appropriate to Judge Coate. And if Judge

10   Coate decides that discovery against nonparties

11   like the Debtors is going to be permitted, then we

12   can see what the total scope of it is, and we can

13   address it.

14               We are certainly not adverse to

15   trying to work those issues out once Judge Coate

16   has decided it.

17               So, I don't think, necessarily, we

18   would have to come back to this Court. We may be

19   able to resolve it consensually once we get to

20   that point, Your Honor, in the case.

21               Just a couple of notes on Enron, Your

22   Honor. Obviously, it's a different case. I mean,

23   in some respects, when you are the second biggest

24   bankruptcy with these types of fraud allegations

25   bandied around, everyone wants to say, well, do

—

1                    WORLDCOM, INC., ET AL

2        what was done in Enron.  And certainly where Your

3        Honor has issue opinions in the Enron case, and to

4        the extent that there is guidance out there, we

5        don't think it is at all inappropriate to refer to

6        that.

7                    I would just respectfully submit,

8        Your Honor, that in Enron, the Debtor has made a

9        different choice.  That the objection to the

10       motion in Enron was not that the motion should be

11       deferred.  It was simply that it should be -- it

12       should be dealt with by Judge Harmon in the

13       securities litigation.

14                   The Debtors in this case have simply

15       made a different decision.  And given the intense

16       demand of the investigations that are going on

17       now, we believe it would be inappropriate to defer

18       this.

19                   Thank you, Your Honor.

20                   THE COURT:  Let me take, go back to

21       one point that you made.  If this Court is to

22       await Judge Coate's decision regarding the

23       appropriateness of discovery with pending motions

24       to dismiss, assuming they are filed, and you said

25       that may obviate the need to come back to this

32

1        WORLDCOM, INC., ET AL

2   Court, how would that do that?  Because if I don't

3   lift the stay, even if Judge Coate were to allow a

4   discovery, there is at least an issue that you

5   still may need to come back to.

6        MR. STROCHAK:  My suggestion was

7   simply just to defer the motion.  If Judge Coate

8   decides, if the plaintiffs go in and say all we

9   want is this limited category stuff, it is just

10  stuff that has already been produced, and then

11  Judge Coate can say, okay, that is fine, go ahead.

12        At that point, we could sit back and

13  look at it and say, okay, this is the total

14  universe of demands from the plaintiffs at this

15  point, and we can consider whether we can agree

16  not to lift the stay.

17        Doing it now, Your Honor, is

18  difficult for us because we don't know what else

19  is going to be out there.  We don't know what

20  plaintiffs in other cases are going to say.  There

21  are sets of tag-along cases in the MDL that's not

22  yet made it to Judge Coate's courtroom.  It is

23  quite possible there could be other plaintiffs to

24  step forward and say we would like something else,

25  and we would just like to deal with it in a

1      WORLDCOM, INC., ET AL

2    concerted, consolidated fashion.

3           If it truly is as limited as the

4    plaintiffs now are indicating, at that point we

5    can consider whether we could consent to lifting

6    the automatic stay for those purposes.

7           Also, that would give us additional

8    time to get these investigations further along,

9    and the burdens on the folks who are actually

10   responding to these investigations may not be so

11   severe a month or six weeks from now.

12          So, that was my point, Your Honor.

13          THE COURT:  Whether it's going to be

14   a month or six weeks from now, I assume anyway,

15   because no matter what I do today, I don't believe

16   there is a motion pending before Judge Coate to

17   allow discovery.  So, how soon it will be

18   addressed prior to sometime in the earliest, I

19   assume would be in December.

20          MR. STROCHAK:  I think you are

21   correct, Your Honor, you are correct in that

22   respect.

23          THE COURT:  And, also, if I were to

24   lift the stay for the limited purposes sought,

25   regardless of what someone else may ask, and even

34

1          WORLDCOM, INC., ET AL

2    if the Court were to grant it, to the extent the

3    stay applies, there would be no modification other

4    than what I have already granted.

5          MR. STROCHAK:  That is right, Your

6    Honor, but that runs the risk that we end up with

7    more motions to lift the automatic stay for

8    something that might be a little bit different

9    than what the plaintiffs are seeking here.  And

10   that is another component of this that we would

11   like to avoid, if we could.

12          THE COURT:  All right.  The

13   Committee.

14          MS. CHUNG:  Good morning, Your Honor.

15   Nancy Chung from Akin, Gump, on behalf of the

16   Creditors' Committee.

17          The Committee joins the Debtor's

18   objection seeking denial of Carl McCall,

19   Plaintiff's lift stay motion, Your Honor.  We

20   wanted to just emphasize for the Court two main

21   points.

22          One, with respect to undue burden

23   that is created by granting this motion, the

24   Committee does believe that the production of

25   documents requested by plaintiffs will create an

1              WORLDCOM, INC., ET AL

2    undue burden to the Debtor and the estate.

3                In particular, the plaintiffs have

4    indicated in their response papers filed yesterday

5    that the discovery that they seek is not limited

6    just to documents that already have been produced

7    to government entities in those ongoing

8    investigations, but, in fact, what it seeks is any

9    continuous, additional document productions to

10   those government investigations.  And that is,

11   Mr. Strochak indicated, those investigations are a

12   very fluid process in which the Debtors are

13   focused on cooperating with those government

14   entities, and, inevitably, there will be, and

15   there has been continuous and supplemental

16   document productions in connection with those

17   investigations.

18                Therefore, the cumulative impact of

19   accommodating plaintiffs at every turn of

20   producing documents that have been produced and

21   will be produced to government entities will be

22   burdensome on the Debtor, and will shift focus

23   away from the Debtor's reorganization efforts.

24                Moreover, Mr. Strochak also indicated

25   there will have to be a responsiveness and

1          WORLDCOM, INC., ET AL

2    privilege purview undertaken in connection with

3    any future document productions to the plaintiffs.

4              The plaintiff's issue is an important

5    one for the Committee.  Any prior determinations

6    of the Debtor, made with the government, with

7    respect to privilege bear agreements between those

8    two parties with respect to privilege, and the

9    Committee has not yet had an opportunity to weigh

10   in on those determinations.  And to the extent

11   that there is any future production of documents

12   that have already been produced to government

13   entities, to plaintiff's counsel, I believe the

14   Committee may seek to participate in that process

15   of review, and that would be undertaken by counsel

16   for the Committee.

17             But my second point, Your Honor, is

18   that plaintiffs, in contrast, have offered nothing

19   in substance in terms of any undue prejudice that

20   would result in waiting, in deferring this matter

21   to Judge Coate to determine whether or not the

22   stay under the Securities Reform Act should be

23   lifted.

24             We contend that to the extent that

25   Judge Coate makes a determination that the stay

1              WORLDCOM, INC., ET AL

2    should be lifted, that Judge Coate's order still

3    should be subject to this Court's review in terms

4    of the scope of discovery to set forth any terms

5    and conditions that this Court believes is

6    necessary in any future discovery that plaintiffs

7    request.

8              THE COURT:  All right.  Thank you.

9              MS. CHUNG:  Thank you.

10             MR. ETKIN:  Your Honor, just a few

11   points in response, if I might.

12             Your Honor, one of the things we are

13   obviously concerned about is that there exists

14   access to these identified and previously produced

15   documents on the part of many constituencies.

16             There is a fundamental imbalance that

17   the lead plaintiff appointed by the Court in the

18   now multi-district litigation with respect to the

19   WorldCom securities litigation would be the only

20   constituency denied access to documents that are

21   already readily available.

22             There also seems to be some

23   misunderstanding as to whether the scope of our

24   request before Judge Coate would somehow be

25   different than the scope of our request before

1              WORLDCOM, INC., ET AL

2    this Court; and the idea has been floated that the

3    Court should wait and see the scope of the request

4    before Judge Coate before making a ruling.

5              Your Honor, as we have indicated in

6    our papers, the scope of our request before Judge

7    Coate is precisely the scope of our request before

8    this Court, which is access to the documents that

9    we have already identified.

10             . It will be no different.

11             And as the Court pointed out, we've

12   acknowledged, and we understand that we need

13   relief from Judge Coate before those documents

14   could be made available to us.

15             So, the Debtor and this Court are not

16   going to find anything different by virtue of our

17   request before Judge Coate than already exists in

18   the motion before the Court.

19             Your Honor, we alluded to it in our

20   responsive papers.  Given the guilty pleas, given

21   what is going on in this case, the concept of

22   successful motions to dismiss, in this case,

23   ultimately is somewhat of a non-issue, but,

24   obviously, that is an issue before Judge Coate and

25   one of the issues that would be considered should

WORLDCOM, INC., ET AL

1

2   this Court grant the relief subject to Judge

3   Coate's decision.

4          In addition, Committee counsel

5   alluded to the fact that by virtue of our reply

6   papers. our request is not limited to those

7   documents that have already been produced.

8          Your Honor, our request is limited to

9   those documents that have already been produced.

10          In response to the Debtor's argument,

11   joined in by the Committee, that the production to

12   the various investigations be ongoing, we provided

13   a suggestion to deal with that.  That is something

14   that we can discuss with the Debtor and with the

15   Committee going forward.

16          We did not modify our motion to seek

17   necessarily continuing access, although we believe

18   that would be appropriate under the circumstances,

19   because, again, it only involves making copies.

20          Your Honor, going back to the Enron

21   order, because I think it is important.  Your

22   Honor was well aware of the issues that both the

23   Committee and the Debtor have raised, and in

24   specific language indicated that the production

25   was, I will quote, subject to attorney-client

1              WORLDCOM, INC., ET AL

2    privilege or work product protection and following

3    a reasonable period for review.  That is the

4    language of the order.

5              Again, Your Honor, we seek nothing

6    different here.

7              To the extent that the Committee or

8    the Debtor feels that there is some review that is

9    required, that is their decision to make.  We

10   don't necessarily believe that there are relevancy

11   issues.  The underpinnings of these

12   investigations, Your Honor, are the accounting

13   restatements and the fraud, the same underpinnings

14   for the consolidated class action before Judge

15   Coate.

16             We can't see issues of relevancy but,

17   obviously, the Debtor or the Committee to the

18   extent they have standing, they can review and

19   make whatever arguments they want to make.

20             The fundamental issue is access to

21   these documents, Your Honor, and we believe that

22   the Court has heard nothing to stray from the

23   order that was entered in the Enron case.

24             THE COURT:  All right.  But what I

25   think I am -- to a certain extent, what I am

1                    WORLDCOM, INC., ET AL

2    hearing is that if I was wrong before, I shouldn't

3    do it again.

4                    So what, in essence, is the cause

5    that you have established to get these documents

6    now?

7                    MR. ETKIN:  Your Honor --

8                    THE COURT:  When I say "now," I mean

9    assuming that the stay were lifted in the District

10   Court.

11                   MR. ETKIN:  Your Honor, we have been

12   appointed lead plaintiff.  Lead counsel has been

13   appointed.  We have a fiduciary obligation to move

14   forward and take whatever steps necessary to

15   vindicate the rights of those who have lost

16   billions of dollars in connection with the conduct

17   of WorldCom and its senior executives.

18                   We need to move forward with it.

19   There is no reason that other constituencies

20   should have access to documents, and those

21   documents be denied to us.

22                   This is not a science case, Your

23   Honor, and nor is this like the Vivien case which

24   was referred to before where a plaintiff seeks to

25   move forward and litigate the case against the

1                    WORLDCOM, INC., ET AL

2     Debtor.  We understand the dictates of the

3     automatic stay.

4                         This is more like the Teledyne case

5     that we cited in our reply papers where all we are

6     asking is access to documents previously produced.

7     Even a more limited request than in the Teledyne

8     case.

9                         We don't believe that those documents

10    should be denied to us.  We don't believe that

11    there is any burden to the estate.  We believe

12    that the thousands of members of this class needs

13    to be vindicated.  It is our responsibility to do

14    that, and we want to move forward with that

15    process.

16                         THE COURT:  All right.  Anything

17    further?

18                         (No response.)

19                         THE COURT:  All right.  The Court is

20    going to grant the motion to modify the stay to

21    allow discovery, provided that the District Court

22    lifts the stay under the PSLRA, whatever state it

23    may be in, in existence at the time because the

24    lifting of the stay, I think would establish the

25    cause.

WORLDCOM, INC., ET AL

1

2              I don't see how the Debtor would

3    suffer significant inconvenience or hardship since

4    the work to be done in terms of responding to any

5    subpoena is done by attorneys who do not appear,

6    and there is no evidence that they are directly

7    involved in the reorganization here.

8              As well, I think it would have to be

9    done pursuant to appropriate subpoena issued by

10   the District Court.  And in terms of a time frame

11   involved, that realistically, I don't believe that

12   a subpoena would be served before the first of the

13   year based on the schedule as I see it.  I may be

14   wrong, and I obviously have no control over that

15   schedule or impact, but consistent with this

16   Court's ruling in the Enron case, and subject to

17   the terms of that order, I will allow the

18   discovery, as set forth on the record, and the

19   Movant may submit the appropriate order or

20   actually settle the order on the Committee and the

21   Debtor.

22              MR. ETKIN:  Thank you, Your Honor.

23              THE COURT:  All right.  You are

24   welcome.

25              All right, go ahead.