SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
David E. Springer (DS 9331)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
          In re                       :        Chapter 11
:
DELPHI CORPORATION, et al.,           :        Case No. 05–44481 (RDD)
:
                    Debtors.          :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' REPORT ON THE MEET AND CONFER WITH REGARD TO LEAD
PLAINTIFF'S MOTION TO COMPEL DISCOVERY IN RESPECT TO THE DEBTORS'
MOTION TO IMPLEMENT A KEY EMPLOYEE COMPENSATION PROGRAM

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby respectfully submit this report regarding the meet and confer that the Court directed the Debtors and the Lead Plaintiffs in the Securities Class Action to conduct with respect to Lead Plaintiffs' motion to compel discovery in regard to the Debtors' KECP Motion. In doing so, the Debtors intend to inform the Court of what issues remain for decision and to suggest why their proposal comports with the Court's guidance at the January 5, 2006, hearing.

1.      After the transcript of the hearing on January 5, 2006, became available, and in anticipation of the meet and confer that the Court had directed, Lead Plaintiffs and the Debtors exchanged letters with proposals concerning how to resolve their discovery dispute, in light of the Court's remarks on January 5. (Copies of these letters are attached hereto as Exhibits A and B, respectively.)

2.      The parties conducted the meet and confer on Wednesday, January 11, 2006, at 11:00 a.m., by telephonic conference. Mr Butler and Mr. Springer, counsel for the Debtors, and Mr. Joseph Papelian, Assistant General Counsel – Litigation, of Delphi, participated for the Debtors. Mr. Coffey, Mr. Etkin, and others participated for the Lead Plaintiffs, and Mr. Rosenberg and Mr. Brandt for the Creditors' Committee.

**Agreed Matters**

3.      The parties reached agreement on two matters. *First*, they agreed to the Debtors' proposal that it would produce, subject to designation as Highly Confidential under the Stipulation and Protective Order (i.e., attorneys and their retained professional advisors only), a list of the executives who are intended to be eligible, under the KECP, for Annual Incentive

Program (AIP) payments for a period commencing no earlier than October 8, 2005, and ending

no later than June 30, 2006.

4.       *Second*, the parties agreed to the Debtors' proposal that it would provide a

list of the 25 individuals referenced in the KECP Motion, and others whom the Debtors intend to

reference in support of the KECP Motion, who departed the Company's employ and, to the

extent known by the Company, the reasons for each person's departure.

**Disputed Matters**

5.       The parties were unable to agree with regard to several other matters. To

address the Court's concern—colloquially restated in the Debtors' terms—that bonuses "not be

paid to crooks," the Debtors proposed to make discovery relating to their past corrective and

prospective prophylactic measures.

6.       With regard to historical efforts, the Debtors proposed to produce, on or

before January 20, 2006, the declaration (with supporting exhibits, if any) of Kevin M. Butler,

Delphi's Vice President of Human Resource Management, regarding the processes that Delphi's

Audit Committee employed to determine whether Company personnel engaged in behaviors

related to the accounting matters alleged in the Consolidated Securities Litigation such that they

should be separated from the Company (and who, accordingly, are no longer with the Company

and will not be receiving benefits under the KECP).  The Debtors proposed to make Mr. Butler

available for deposition (of no more than three hours) the afternoon of Monday, January 23,

2006 (barring a superseding and unavoidable scheduling conflict).

7.       With regard to future prophylactic efforts, the Debtors proposed to

produce, on or before January 20, 2006, to produce a description of the procedures they intend to

employ in connection with the KECP to insure that individuals eligible for benefits under the

3

KECP do not obtain or retain those benefits in the event that it is ultimately determined that they engaged in illegal conduct related to the accounting matters alleged in the Consolidated Securities Litigation. The particulars of these procedures are currently under negotiation with the Creditors' Committee, but the Debtors anticipate that they will include provisions requiring KECP recipients to return bonuses they receive in the event that it is ultimately determined that they engaged in illegal conduct related to the conduct alleged in the Consolidated Securities Litigation.[1]

8.      Lead Plaintiffs rejected the Debtors' proposals.[2] Instead, they stood on their demand that the Debtors produce "*all* documents describing what process, procedures, investigations and/or other prophylactic measures were taken by Debtors to determine whether the beneficiaries under the proposed KECP had any knowledge of and/or involvement in the accounting improprieties at Delphi," the identifies of the "persons involved in the development and implementation of [those] measures . . . whether employed by Debtors or otherwise," "*all* documents describing what, if any, conclusions, including the basis for said conclusions, were arrived at by Debtors as a result" of those measures, and the "identities of persons involved in reaching *any* conclusions, including the basis for such conclusions, that were arrived at by

---

[1]    These proposals should be considered in the context of the Debtors' commitment to all Objectors to the KECP Motion to disclose the results of their negotiations with the Creditors' Committee as soon as reasonably practicable, to provide declarations of their supporting witnesses on or before January 20, 2006, and to make their supporting witnesses available for deposition early in the week of January 23. In addition, the Debtors have already made available nearly 5,000 pages of pertinent documents available to the Objectors in connection with discovery related to the KECP.

[2]    The Creditors Committee concurred with the Debtors' approach.

Debtors . . . ." (Ex. A (emphasis added).) In addition, the Lead Plaintiffs demanded to take the depositions of all the individuals "who have personal knowledge" of these matters. (*Id.*)[3]

9.    The Debtors respectfully submit that the Debtors' proposals are consistent with the Court's guidance of January 5, 2006, but Lead Plaintiffs' continuing demands are not.

10.    The Debtors also respectfully attach, as Exhibit C, a proposed Order reflecting what they believe is an appropriate disposition of Plaintiffs' Motion to Compel.

---

[3]    The Debtors also requested, in light of their proposals, that Lead Plaintiffs withdraw their trial subpoenas of John D. Sheehan, the Company's Chief Restructuring Officer, and company employees Laura Marion, Dan Renick, and John Rotko. These individuals have had no involvement in the development of the KECP. Lead Plaintiffs rejected this request. The Debtors then informed Lead Plaintiffs that they would be filing a separate motion to quash those trial subpoenas. That motion was filed and served yesterday.

WHEREFORE the Debtors respectfully request that the Court enter an order (i)

denying the Motion, except to the extent of the Debtor's proposals, and (ii) granting such other

relief as is just and proper.

Dated: New York, New York
         January 12, 2006


                              SKADDEN, ARPS, SLATE, MEAGHER
                                & FLOM LLP

                              By: /s/ David E. Springer
                                  John Wm. Butler, Jr. (JB 4711)
                                  David E. Springer (DS 9331)
                                  John K. Lyons (JL 4951)
                                  Ron E. Meisler (RM 3026)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois  60606
                              (312) 407-0700

                                       - and -

                              By: /s/ Kayalyn A. Marafioti
                                  Kayalyn A. Marafioti (KM 9632)
                                  Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York 10036
                              (212) 735-3000

                              Attorneys for Delphi Corporation, et al.,
                                Debtors and Debtors-in-Possession

1.        ;

6