SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

333 WEST WACKER DRIVE

CHICAGO, ILLINOIS 60606-1285

———

(312) 407-0700

FAX: (312) 407-0411

http://www.skadden.com

DIRECT DIAL
312-407-0536
DIRECT FAX
312-407-9524
EMAIL ADDRESS
DSPRINGE@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

BY EMAIL

January 10, 2006

John P. Coffey, Esq.
Bernstein Litowitz Berger
& Grossman LLP
1285 Avenue of the Americas
New York, NY 10007

      RE: In re Delphi Corp. -- Lead Plaintiffs' Motion to
        <u>Compel Discovery re the Debtors' KECP Motion</u>

Dear Sean:

  In light of the Court's remarks last Thursday, the following sets forth the Debtors' proposals with regard to those of Lead Plaintiffs' discovery requests related to the KECP Motion that were subject to Lead Plaintiff's Motion to Compel (namely, Lead Plaintiff's Discovery Requests Nos. 1-7, 15, and 17-28). It also constitutes the Debtors' response to your letter of January 9, 2006.

  A. The Debtors will produce, subject to designation as Highly Confidential under the Stipulation and Protective Order (i.e., attorneys and their retained professional advisors only), a list of the executives who are intended to be eligible, under the KECP, for Annual Incentive Program (AIP) payments for a period commencing no earlier than October 8, 2005, and ending no later than June 30, 2006.

  B. On or before January 20, 2006, the Debtors will produce the declaration (with supporting exhibits, if any) of the witness they intend to call regarding the processes that Delphi's Audit Committee employed to insure that individuals who engaged in illegal behavior related to the accounting matters alleged

John P. Coffey, Esq.
January 10, 2006
Page 2

in the Consolidated Securities Litigation were separated from the Company and are thus not eligible for payments under the KECP. This individual will be made available for deposition (of no more than three hours) the afternoon of Monday, January 23, 2006 (barring a superseding and unavoidable scheduling conflict).

       C.     On or before January 20, 2006, the Debtors will also produce a description of the procedures they intend to employ in connection with the KECP to insure that individuals eligible for benefits under the KECP do not obtain or retain those benefits in the event that it is ultimately determined that they engaged in illegal conduct related to the accounting matters alleged in the Consolidated Securities Litigation.

       D.     The Debtors will provide a list of the 25 individuals referenced in the KECP Motion, and others whom the Debtors intend to reference in support of the KECP Motion, who departed the Company's employ and, to the extent known by the Company, the reasons for each person's departure.

       E.     If the Debtors intend to call John Sheehan, Laura Marion, Dan Renick, or John Rotko at the hearing, they will so advise you on or before January 18, 2006, and make whichever of them they intend to call available for deposition during the week of January 23, 2006. Otherwise, they will not make these individuals available for deposition and, if Lead Plaintiffs do not withdraw the trial subpoenas, they will seek to have them quashed.

In light of the foregoing, we now turn to each of the particular requests that are the subject of Lead Plaintiffs' Motion to Compel.

       1.     *Please identify each executive covered by the KECP Motion.*

The Debtors will produce responsive documents to the extent relevant to the issues to be considered at the January 27, 2006, hearing, as follows: They will produce, subject to designation as Highly Confidential under the Stipulation and Protective Order (i.e., attorneys and their retained professional advisors only), a list of the executives who are intended to be eligible, under the KECP, for Annual Incentive Program (AIP) payments for a period commencing no earlier than October 8, 2005, and ending no later than June 30, 2006..

       2.     *For each person identified in response to item number 1, please identify each person(s) so listed who participated in any manner in one or more of the following:*

John P. Coffey, Esq.
January 10, 2006
Page 3

        a.    *Financing transactions totaling approximately $441 million reported by Debtors as sales of inventory or indirect materials, as described in detail in Lead Plaintiffs' Consolidated Class Action Complaint (hereinafter the "Complaint") at ¶¶ 122–54 (attached as Exhibit 1 to Lead Plaintiffs' Objection). Specifically:*

        (i)    *$145 million in financing transactions with, Setech, Inc. ("Setech") as income from sales of indirect materials;*

        (ii)    *$89 million in financing transactions with BBK, Ltd. ("BBK") as income from sales of inventory; and*

        (iii)    *$200 million in financing transactions with Bank One Corporation ("Bank One") as income from sales of precious metals;*

        b.    *Transactions totaling more than $240 million between Debtors and General Motors Corporation ("GM"), as described in detail in the Complaint at ¶¶ 155–68;*

        c.    *Transactions between Debtors and various service providers, including $68 million in transactions with Electronic Data Systems ("EDS"), one of Debtors' information technology service providers, as described in detail in the Complaint at ¶¶ 173–84;*

        d.    *Debtors' identification of obligations that were not properly accrued for at the end of an accounting period that resulted in an overstatement of Debtors' pre-tax income by $14 million in 2002 and by $34 million in 2003, as described in detail in the Complaint at ¶¶ 185–87, as well as in Debtors' restated financial results for Fiscal Years 2002 and 2003, and selected financial data for Fiscal Years 2000 and 2001, in its Form 10K for the year ended December 31, 2004 (the "Restatement"), Item 7, Subparagraph (f);*

        e.    *Debtors' accounting for Debtors' direct materials by understating the value of its direct materials inventory on a monthly, quarterly and yearly basis, as described in detail in the Complaint at ¶¶ 190–99; and*

        f.    *All transactions not heretofore listed, which are listed in Debtors' restated financial results for Fiscal Years 2002 and 2003, and selected financial data for Fiscal Years 2000 and 2001, in its Form 10K for the year ended December 31, 2004 (the "Restatement"), Item 7, Subparagraphs (a) through (g) (pages 21–23).*

John P. Coffey, Esq.
January 10, 2006
Page 4

No documents will be provided, as the request goes beyond the scope of proper discovery for purposes of the January 27, 2006, hearing.

*3.    For each person identified in response to item number 2 (and/or each discrete subpart thereof), please state whether Debtors employed any investigation, processes and/or procedures to determine whether each such person's involvement in each transaction listed therein constituted:*

   *a.    A failure to exercise reasonable care;*

   *b.    A failure to exercise sound business judgment;*

   *c.    A dereliction of job duties;*

   *d.    Fraud (either civil or criminal in nature);*

   *e.    Mismanagement; and/or*

   *f.    Improper and/or undesirable conduct.*

No documents will be provided, as the request goes beyond the scope of proper discovery for purposes of the January 27, 2006, hearing.

*4.    If Debtors answered "Yes" in response to item number 3 (and/or any discrete subpart thereof), please list and describe the results and/or conclusions reached by Debtors regarding each such person so identified.*

Not applicable. No documents will be provided, as the request goes beyond the scope of proper discovery for purposes of the January 27, 2006, hearing.

*5.    If Debtors answered "Yes" in response to item number 3 (and/or any discrete subpart thereof), please identify each person who participated in any such investigation, processes and/or procedures.*

Not applicable. No documents will be provided, as the request goes beyond the scope of proper discovery for purposes of the January 27, 2006, hearing.

*6.    Please identify the twenty-five executives referenced in the KECP Motion, who have departed Debtors' employ since January 1, 2005.*

Responsive documents will be provided, as follows: The Debtors will provide a list of the 25 individuals referenced in the KECP Motion, and others whom

John P. Coffey, Esq.
January 10, 2006
Page 5

the Debtors intend to reference in support of the KECP Motion, who departed the Company's employ and, to the extent known by the Company, the reasons for each person's departure.

       *7.      For each person identified in response to item number 6, please state the reason(s) for each such person's departure.*

Responsive documents will be provided, as follows: The Debtors will provide a list of the 25 individuals referenced in the KECP Motion, and others whom the Debtors intend to reference in support of the KECP Motion, who departed the Company's employ and, to the extent known by the Company, the reasons for each person's departure.

       *15.      Please produce all documents regarding any matter responsive to item numbers 1–14.*

The Debtors incorporate their December 12, 2005, responses and objections to Request Nos. 1–14, as well as those set forth in this letter, as though the same were fully set forth herein.

       *17.      Please produce a true and correct copy of all documents relating to Lead Plaintiffs' allegation in Paragraph 2 of the Objection that any Delphi executive or former Delphi executive "knowingly participated in Delphi's massive accounting fraud, or . . . inexcusably tolerated or ignored that fraud" which is the subject of the consolidated securities class action, entitled In re Delphi Corp. Securities Litigation, Master File No. 1:05-CV-2637 (NRB) (S.D.N.Y.) (the "Consolidated Securities Litigation.").*

No documents will be provided, as the request goes beyond the scope of proper discovery for purposes of the January 27, 2006, hearing.

       *18.      Please produce a true and correct copy of all documents relating to Lead Plaintiff's allegation in Paragraph 2 of the Objection that "Delphi's massive accounting fraud…impelled the Company's slide towards bankruptcy."*

No documents will be provided, as the request goes beyond the scope of proper discovery for purposes of the January 27, 2006, hearing.

       *19.      Please produce a true and correct copy of all documents relating to Lead Plaintiff's allegation in Paragraph 2 of the Objection that Delphi's June 30, 2005, restatement of prior period earnings involves "one of the largest corporate frauds of our era."*

John P. Coffey, Esq.
January 10, 2006
Page 6

No documents will be provided, as the request goes beyond the scope of proper discovery for purposes of the January 27, 2006, hearing.

20. *Please produce a true and correct copy of all documents relating to Lead Plaintiff's allegation in Paragraph 4 of the Objection that any of the Delphi employees "who would presumably profit from the KCEP were directly involved in the sham transactions, inventory manipulating, and book-cooking" referenced in the Objection and alleged in the Consolidated Securities Litigation.*

No documents will be provided, as the request goes beyond the scope of proper discovery for purposes of the January 27, 2006, hearing.

21. *Please produce a true and correct copy of all documents relating to Lead Plaintiff's allegation in Paragraph 4 of the Objection that any "sham transactions, inventory manipulating, and book-cooking . . . triggered Delphi's bankruptcy."*

No documents will be provided, as the request goes beyond the scope of proper discovery for purposes of the January 27, 2006, hearing.

22. *Please produce a true and correct copy of all documents relating to Lead Plaintiffs' allegation in Paragraph 8(e) of the Objection that "Delphi and its senior executives routinely set inventory target levels, instructed subordinates not to record high-dollar supplies as inventory and directed subordinates to delay delivery of inventory."*

No documents will be provided, as the request goes beyond the scope of proper discovery for purposes of the January 27, 2006, hearing.

23. *Please produce a true and correct copy of all documents relating to Lead Plaintiffs' allegation in Paragraph 16 of the Objection that any purported "fraudulent conduct or willful blindness" by any Delphi employee or former Delphi employee "precipitated the Debtor's collapse and necessitated this bankruptcy proceeding."*

No documents will be provided, as the request goes beyond the scope of proper discovery for purposes of the January 27, 2006, hearing.

24. *Please produce a true and correct copy of all documents relating to Lead Plaintiffs' allegation in Paragraph 23 of the Objection that "the very executives who had fostered the Company's fraudulent culture and accounting*

John P. Coffey, Esq.
January 10, 2006
Page 7

*practices, or had blithely ignored them in the face of mysteriously increasing earnings," remain "at the helm of the Company."*

No documents will be provided, as the request goes beyond the scope of proper discovery for purposes of the January 27, 2006, hearing.

*25.   Please produce a true and correct copy of all documents relating to Lead Plaintiffs' allegation in Paragraphs 24(a) through 24(c) of the Objection that Delphi employees Rodney O'Neal, David Wohleen, and Mark R. Weber were "involved in Delphi's fraudulent accounting practices."*

No documents will be provided, as the request goes beyond the scope of proper discovery for purposes of the January 27, 2006, hearing.

*26.   Please produce a true and correct copy of all documents relating to Lead Plaintiffs' allegation in Paragraphs 25(a) through 25(n) of the Objection that any of the persons identified therein were "involve[d] in Delphi's accounting fraud."*

No documents will be provided, as the request goes beyond the scope of proper discovery for purposes of the January 27, 2006, hearing.

*27.   Please produce a true and correct copy of all documents relating to Lead Plaintiffs' allegation in Paragraph 26 of the Objection that "executives at all levels and in all business sectors of the Company either participated in or willfully ignored the Debtors' massive accounting fraud."*

No documents will be provided, as the request goes beyond the scope of proper discovery for purposes of the January 27, 2006, hearing.

*28.   To the extent that the Debtors deny the allegations in the Objection as referenced in requests 17 through 27 above, please produce any and all documents that support Debtors' denial thereof.*

No documents will be provided, as the request goes beyond the scope of proper discovery for purposes of the January 27, 2006, hearing.

John P. Coffey, Esq.
January 10, 2006
Page 8

    We look forward to discussing this proposal with you on Wednesday, January 11, 2006, at 11:00 a.m. Eastern Time.

          Very truly yours,

          /s/ David E. Springer

          David E. Springer

cc:    Robert Rosenberg, Esq.