IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                           :
        In re                                              :    Chapter 11
                                                           :
DELPHI CORPORATION, et al.,                                :    Case No. 05-44481 (RDD)
                                                           :
                                      Debtors.             :    (Jointly Administered)
                                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

<u>AFFIDAVIT OF SERVICE</u>

        I, Evan Gershbein, being duly sworn according to law, depose and say that I am
employed by Kurtzman Carson Consultants, LLC, the Court appointed claims and
noticing agent for the Debtors in the above-captioned cases.

        On January 11, 2006, I caused to be served the documents listed below (i) upon
the parties listed on <u>Exhibit A</u> hereto via overnight delivery, (ii) upon the parties listed on
<u>Exhibit B</u> hereto via electronic notification, and (iii) upon the parties listed on <u>Exhibit C</u>
hereto via postage pre-paid U.S. mail:

    1)  Order Authorizing Employment and Retention of Steven Hall & Partners as
        Compensation and Employment Agreement Advisor for the Official
        Committee of Unsecured Creditors (Docket No. 1782) [a copy of which is
        attached hereto as Exhibit D]

    2)  Order Pursuant to Fed. R. Bankr. P. 7026, 7030 and 9016 (A) Granting in Part
        and Denying in Part Lead Plaintiff's Motion to Compel Deposition Testimony
        and the Production of Documents in Connection with the Debtors' Motion for
        Order Under 11 U.S.C. Sections 327(a), 328(a), and 1107(b) Authorizing
        Employment and Retention of Deloitte & Touche LLP as Independent
        Auditors and Accountants to Debtors, Effective Nunc Pro Tunc to October 8,
        2005 and Objections Filed Thereto, and (B) Granting in Part and Denying in
        Part the Debtors' Motion to Quash Trial Subpoenas Issued to Members of
        Debtors' Audit Committee and for Protective Order Related Thereto and for a
        Protective Order to Limit the Scope of the Deposition of Robert Dellinger to
        Only Those Matters Pertaining Directly to the Debtors' Motion for Order
        Authorizing Employment and Retention of Deloitte & Touche LLP (Docket
        No. 1792) [a copy of which is attached hereto as Exhibit E]

    3)  Motion Under Fed.R.Bankr.P. 9016 and Fed.R.Civ.P. 45 to Quash Subpoenas
        Served by Lead Plaintiffs on John Sheehan, Laura Marion, Dan Renick, and
        John Rotko (Docket No. 1799) [a copy of which is attached hereto as Exhibit
        F]

On January 11, 2006, I caused to be served the documents listed below (i) upon the parties listed on Exhibit G hereto via overnight delivery:

4)  Motion Under Fed.R.Bankr.P. 9016 and Fed.R.Civ.P. 45 to Quash Subpoenas Served by Lead Plaintiffs on John Sheehan, Laura Marion, Dan Renick, and John Rotko (Docket No. 1799) [a copy of which is attached hereto as Exhibit F]

Dated: January 12, 2006

_/s/ Evan Gershbein_____
Evan Gershbein

Subscribed and sworn to (or affirmed) before me on this 12th day of January, 2006, by Evan Gershbein, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature : _/s/ Sarah Elizabeth Frankel_____

Commission Expires: ___12/23/08____

# EXHIBIT A

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Capital Research and Management Company | Michelle Robson | 11100 Santa Monica Blvd | 15th Floor | Los Angeles | CA | 90025 | 310-996-6140 | 310-996-6091 | mlfr@capgroup.com | Creditor Committee Member |
| Cohen Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | b.simon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel for Flextronics International USA, Inc. |
| Davis Polk & Wardwell | Donald Bernstein | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 | 212-450-3092 | donald.bernstein@dpw.com | Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com  karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 6328 Monarch Park Place | | Niwot | CO | 80503 | 303-652-4853 | 303-652-4716 | cshiff@flextronics.com | Counsel for Flextronics International |
| Flextronics International | Terry Zale | 6328 Monarch Park Place | | Niwot | CO | 80503 | 303-652-4853 | 303-652-4716 | terryzale@flextronics.com | Counsel for Flextronics International |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-247-1010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel for Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 152 West 57th Street | 35th Floor | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel for Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Internal Revenue Service | Attn: Insolvency Department, Mario Valerio | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-298-2015 | 212-298-2016 | | IRS |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | 48226 | 313-628-3648 | 313-628-3602 | | Michigan IRS |
| IUE-CWA | Henry Reichard | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | hreichardiuecwa@aol.com | Creditor Committee Member |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.fmaher@chase.com  richard.duker@jpmorgan.com  gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | James Le | 12910 Culver Blvd. | Suite I | Los Angeles | CA | 90066 | 310-751-1511 | 310-751-1561 | jle@kccllc.com | Noticing and Claims Agent: |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | UCC Professional |
| Law Debenture Trust of New York | Patrick J. Healy | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Daniel R. Fisher | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel for Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel for Recticel North America, Inc. |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Mesirow Financial | Melissa Knolls | 321 N. Clark St. | 13th Floor | Chicago | IL | 60601 | 800-453-0600 | 312-644-8927 | mknoll@mesirowfinancial.com | UCC Professional |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 2

1/12/2006 12:36 PM
MSL lists fedex and email

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel for Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | | New York Attorney General's Office |
| O'Melveny & Meyer LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Meyer LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov efile@pbgc.gov | Counsel for Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel for the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel for Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | 2122185526 | rdremluk@seyfarth.com | Counsel for Murata Electronics North |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth A. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Prepetition Administrative Agent |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel for Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| United States Trustee | Alicia M. Leonard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | United States Trustee |
| United States Trustee | Deirdre A. Martini | 33 Whitehall Street | Suite 2100 | New York | NY | 10004 | 212-510-0500 | 212-668-2256 | deirdre.martini@usdoj.gov | United States Trustee |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | | Proposed Conflicts Counsel for the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeffrey.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 2

1/12/2006 12:36 PM
MSL lists fedex and email

# EXHIBIT B

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Capital Research and Management Company | Michelle Robson | 11100 Santa Monica Blvd | 15th Floor | Los Angeles | CA | 90025 | 310-996-6140 | 310-996-6091 | mlfr@capgroup.com | Creditor Committee Member |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel for Flextronics International USA, Inc. |
| Davis Polk & Wardwell | Donald Bernstein | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 | 212-450-3092 | donald.bernstein@dpw.com | Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Terry Zale | 6328 Monarch Park Place | | Niwot | CO | 80503 | 303-652-4853 | 303-652-4716 | terryzale@flextronics.com | Counsel for Flextronics International |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel for Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 152 West 57th Street | | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel for Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| IUE-CWA | Henry Reichard | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | hreichardiuecwa@aol.com | Creditor Committee Member |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | richard.duker@jpmorgan.com gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | James Le | 12910 Culver Blvd. | Suite I | Los Angeles | CA | 90066 | 310-751-1511 | 310-751-1561 | jle@kccllc.com | Noticing and Claims Agent: |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | UCC Professional |
| Law Debenture Trust of New York | Daniel R. Fisher | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel for Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel for Recticel North America, Inc. |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Mesirow Financial | Melissa Knolls | 321 N. Clark St. | 13th Floor | Chicago | IL | 60601 | 800-453-0600 | 312-644-8927 | mknoll@mesirowfinancial.com | UCC Professional |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel for Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1317 | newyork@sec.gov | Securities and Exchange Commission |
| O'Melveny & Meyer LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Meyer LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov efile@pbgc.gov | Counsel for Pension Benefit Guaranty Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 2

1/12/2006 12:36 PM
MSL lists fedex and email

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel for the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel for Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | 2122185526 | rdremluk@seyfarth.com | Counsel for Murata Electronics North |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Prepetition Administrative Agent |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel for Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)                    Page 2 of 2                    1/12/2006 12:36 PM
MSL lists fedex and email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-----|-------|------------------|
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | | 610-230-3064 | 610-687-1052 | david.boyle@airgas.com | Counsel for Airgas, Inc. |
| Ajamie LLP | Thomas A. Ajamie | 711 Louisiana | Suite 2150 | Houston | TX | 77002 | | 713-860-1600 | 713-860-1699 | tajamie@ajamie.com | Counsel for SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Ajamie LLP | Wallace A. Showman | 1350 Avenue of the Americas | 29th Floor | New York | NY | 10019 | | 212-246-6820 | 212-581-8958 | wshowman@ajamie.com | Counsel for SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Akin Gump Strauss Hauer & Feld, LLP | Peter J. Gurfein | 2029 Centure Park East | Suite 2400 | Los Angeles | CA | 90067 | | 310-552-6696 | 310-229-1001 | pgurfein@akingump.com | Counsel for Wamco, Inc. |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | 949-553-8354 | mgreger@allenmatkins.com | Counsel for Kilroy Realty, L.P. |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Andrews Kurth LLP | Monica S. Blacker | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | mblacker@andrewskurth.com | Counsel for ITW Mortgage Investments IV, Inc. |
| Angelo, Gordon & Co. | Leigh Walzer | 245 Park Avenue | 26th Floor | New York | NY | 10167 | | 212-692-8251 | 212-867-6395 | lwalzer@angelogordon.com | |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | 626-577-7764 | mtf@afrct.com | Counsel for Stanley Electric Sales of America, Inc. |
| APS Clearing, Inc. | Andy Leinhoff | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | | 512-314-4416 | 512-314-4462 | aleinoff@amph.com | Counsel for APS Clearing, Inc. |
| APS Clearing, Inc. | Matthew Hamilton | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | | 512-314-4416 | 512-314-4462 | mhamilton@amph.com | Counsel for APS Clearing, Inc. |
| Arent Fox PLLC | Mitchell D. Cohen | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Cohen.Mitchell@arentfox.com | Counsel for Pullman Bank and Trust Company |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Hirsh.Robert@arentfox.com | Counsel for Pullman Bank and Trust Company |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | 404-873-8121 | dladdin@agg.com | Counsel for Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | 202-942-5999 | joel_gross@aporter.com | Counsel for CSX Transportation, Inc. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | 519-650-6520 | cgalloway@atsautomation.com | Company |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | Kimberly J. Robinson | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | | 312-629-5170 | 312-984-3150 | kim.robinson@bfkpn.com | Counsel for Motion Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | William J. Barrett | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | | 312-629-5170 | 312-984-3150 | william.barrett@bfkpn.com | Counsel for Motion Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | alan.mills@btlaw.com | Counsel for Mays Chemical Company |
| Barnes & Thornburg LLP | John T. Gregg | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3930 | 626-742-3999 | john.gregg@btlaw.com | Counsel to Priority Health |
| Barnes & Thornburg LLP | Patrick E. Mears | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3936 | 616-742-3999 | pmears@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Michael K. McCrory Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | wendy.brewer@btlaw.com michael.mccrory@btlaw.com | Counsel for Gibbs Die Casting Corporation |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | 2125541444 | hannah@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | Mark D. Debrowski | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1492 | 2125541444 | markd@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | John P. Coffey | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1409 | 2125541444 | sean@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | | 313-496-1200 | 313-496-1300 | murph@berrymoorman.com | Counsel for Kamax L.P.; Optrex America, Inc. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc. |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Patrick M. Costello, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | pcostello@bbslaw.com | Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics and Coherent, Inc. |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | tgaa@bbslaw.com | Counsel to Veritas Software Corporation |
| Blank Rome LLP | Bonnie Glantz Fatell | Chase Manhattan Centre | 1201 Market Street, Suite 800 | Wilmington | DE | 19801 | | 302-425-6423 | 302-428-5110 | fatell@blankrome.com | Counsel for Special Devices, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 11

1/12/2006 12:36 PM

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Blank Rome LLP | Marc E. Richards | The Chrysler Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | 212-885-5002 | mrichards@blankrome.com | Counsel for DENSO International America, Inc. |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | 313-393-7579 | rmcdowell@bodmanllp.com | Counsel for Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |
| Bolhouse, Vander Hulst, Risko & Baar P.C. | David S. Lefere | 3996 Chicago Drive SW | | Grandville | MI | 49418 | | 616-531-7711 | 616-531-7757 | davidl@bolhouselaw.com | Counsel for Eclipse Tool and Die, Inc. |
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | chill@bsk.com | Counsel for Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | csullivan@bsk.com | Counsel for Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | sdonato@bsk.com | Counsel for Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp.; Diemolding Corporation |
| Bose McKinney & Evans LLP | Jeannette Eisan Hinshaw | 135 N. Pennslyvania Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-684-5296 | 317-684-5173 | jhinshaw@boselaw.com | Counsel for Decatur Plastics Products, Inc. and Eikenberry & Associates, Inc.; Lorentson Manufacturing, Company, Inc.; Lorentson Tooling, Inc.; L & S Tools, Inc.; Hewitt Tool & Die, Inc. |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | amcmullen@bccb.com | Counsel for Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | rjones@bccb.com | Counsel for Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | 856-853-9933 | dludman@brownconnery.com | Counsel for SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | 415-227-0770 | schristianson@buchalter.com | Counsel for Oracle USA, Inc.; Oracle Credit Corporation |
| Burr & Forman LLP | Michael Leo Hall | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | | (205) 458-5367 | (205) 244-5651 | mhall@burr.com | Counsel to Mercedes-Benz U.S. International, Inc |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 732-205-6777 | jonathan.greenberg@engelhard.com | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Robert Usadi | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 212-269-5420 | rusadi@cahill.com | Counsel to Engelhard Corporation |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 300 East Maple Road | Third Floor | Birmingham | MI | 48009-6317 | | 248-644-4840 | 248-644-1832 | rweisberg@carsonfischer.com | Counsel for Cascade Die Casting Group, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | 212-732-3232 | cahn@clm.com | Counsel for STMicroelectronics, Inc. |
| Clark Hill PLC | Seth A. Drucker | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | sdrucker@clarkhill.com | Counsel for BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | 313-965-8252 | rgordon@clarkhill.com | Counsel for ATS Automation Tooling Systems Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel for Arneses Electricos Automotrices, S.A.de C.V.; Cordaflex, S.A. de C.V. |
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel for Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | 412-209-1837 | tmaxson@cohenlaw.com | Counsel for Nova Chemicals, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | 646-473-8238 | jvitale@cwsny.com | Counsel for International Union, United Automobile, Areospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | 860-727-0361 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Conlin, McKenney & Philbrick, P.C. | Bruce N. Elliott | 350 South Main Street | Suite 400 | Ann Arbor | MI | 48104 | | 734-971-9000 | 734-971-9001 | Elliott@cmplaw.com | Counsel to Brazeway, Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | 302-658-0380 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |
| Contrarian Capital Management, L.L.C. | Mark Lee, Janice Stanton, Bill Raine, Seth Lax | 411 West Putnam Avenue | Suite 225 | Greenwich | CT | 06830 | | 203-862-8200 (230) 862-8231 | 203-629-1977 (203) 629-1977 | mlee@contrariancapital.com jstanton@contrariancapital.com wraine@contrariancapital.com solax@contrariancapital.com | Counsel to Contrarian Capital Management, L.L.C. |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Sylvie J. Derrien | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | derrien@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | Pretekin@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Steven M. Wachstein | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | wachstein@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | dpm@curtinheefner.com | Counsel for SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtin & Heefner, LLP | Robert Szwajkos | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | rsz@curtinheefner.com | Counsel for SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Andrew M. Thau | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-8898 | 917-368-8898 | athau@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | David S. Karp | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6065 | 212-697-1559 | dkarp@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6065 | 212-697-1559 | sreisman@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| DaimlerChrysler Corporation | Kim Kolb | CIMS 485-13-32 | 1000 Chrysler Drive | Auburn Hills | MI | 48326-2766 | | 248-576-5741 | | krk4@daimlerchrysler.com | Counsel for DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrylser Canada, Inc. |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | 716-856-5510 | wsavino@damonmorey.com | Counsel for Relco, Inc.; The Durham Companies, Inc. |
| Daniels & Kaplan, P.C. | Jay Selanders | 2405 Grand Boulevard | Suite 900 | Kansas City | MO | 64108-2519 | | 816-221-3086 | 816-221-3006 | selanders@danielsandkaplan.com | Counsel for DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrylser Canada, Inc. |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | 248-350-7772 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | | 212-682-4940 | 212-682-4942 | gdiconza@dilawpc.com | Counsel to Tyz-All Plastics, Inc. |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | 513-977-8141 | john.persiani@dinslaw.com | Counsel for The Procter & Gamble Company |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | 410-580-3001 | richard.kremen@dlapiper.com | Counsel for Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | dmdelphi@duanemorris.com | Counsel to ACE American Insurance Company |
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | 973-424-2001 | jhlemkin@duanemorris.com | Counsel for NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; Hosiden America Corporation and Samtech Corporation |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | 212-715-8000 | ayala.hassell@eds.com | Representative for Electronic Data Systems Corporation |
| Erman, Teicher, Miller, Zucker & Freedman, P.C. | David H. Freedman | 400 Galleria Officentre | Ste. 444 | Southfield | MI | 48034 | | 248-827-4100 | 248-827-4106 | dfreedman@ermanteicher.com | Counsel for Doshi Prettl International, LLC |
| Erman, Teicher, Miller, Zucker & Freedman, P.C. | Earle I. Erman | 400 Galleria Officentre | Ste. 444 | Southfield | MI | 48034 | | 248-827-4100 | 248-827-4106 | eerman@ermanteicher.com | Counsel for Doshi Prettl International, LLC |
| Fagel Haber LLC | Gary E. Green | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | ggreen@fagelhaber.com | Counsel for Aluminum International, Inc. |
| Fagel Haber LLC | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | lnewman@fagelhaber.com | Counsel for Aluminum International, Inc. |
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | 212-422-6836 | tdonovan@finkgold.com | Counsel for Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | 312-832-4700 | jmurch@foley.com | Counsel for Kuss Corporation |
| Fox Rothschild LLP | Fred Stevens | 13 East 37th Street | Suite 800 | New York | NY | 10016 | | 212-682-7575 | 212-682-4218 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Fox Rothschild LLP | Michael J. Viscount, Jr. | 1301 Atlantic Avenue | Suite 400 | Atlantic City | NJ | 08401-7212 | | 609-348-4515 | 609-348-6834 | mviscount@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | 608-848-6357 | ftrikkers@rikkerslaw.com | Counsel for Southwest Metal Finishing, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 11

1/12/2006 12:36 PM

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Gazes LLC | Ian J. Gazes | 32 Avenue of the Americas | | New York | NY | 10013 | | 212-765-9000 | 212-765-9675 | ian@gazesllc.com | Counsel to Setech, Inc. |
| Gazes LLC | Eric Wainer | 32 Avenue of the Americas | Suite 1800 | New York | NY | 10013 | | 212-765-9000 | 212-765-9675 | office@gazesllc.com | Counsel to Setech, Inc. |
| Genovese Joblove & Battista, P.A. | Craig P. Rieders, Esq. | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | | 305-349-2300 | 305-349-2310 | crieders@gjb-law.com | Counsel for Ryder Integrated Logistics, Inc. |
| Gibbons, Del Deo, Dolan, Griffinger & Vecchione | David N. Crapo | One Riverfront Plaza | | Newark | NJ | 07102-5497 | | 973-596-4523 | 973-639-6244 | dcrapo@gibbonslaw.com | Counsel for Epcos, Inc. |
| Goodwin Procter LLP | Allan S. Brilliant | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | abrilliant@goodwinprocter.com | Counsel for UGS Corp. |
| Goodwin Procter LLP | Craig P. Druehl | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | cdruehl@goodwinprocter.com | Counsel for UGS Corp. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | 212-269-2540 | bmehlsack@gklaw.com | Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Union 78, District 10 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | 617-574-4112 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |
| Grant & Eisenhofer P.A. | Geoffrey C. Jarvis | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | 302-622-7100 | gjarvis@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | 212-755-6503 | jeisenhofer@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Sharan Nirmul | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | 302-622-7100 | snirmul@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | jh@previant.com | Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Union 78, District 10 |
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | mrr@previant.com | Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Union 78, District 10 |
| Gratz, Miller & Brueggeman, S.C. | Timothy C. Hall | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | tch@previant.com | Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Union 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbeler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | 513-651-3836 | mdebbeler@graydon.com | Counsel for Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | 314-241-8624 | ckm@greensfelder.com jpb@greensfelder.com | Counsel for ARC Automotive, Inc. |
| Guaranty Bank | Herb Reiner | 8333 Douglas Avenue | | Dallas | TX | 75225 | | 214-360-2702 | 214-360-1940 | herb.reiner@guarantygroup.com | Counsel for American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | 212-765-0964 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | 212-545-3360 | prubin@herrick.com | Counsel for Canon U.S.A., Inc. and Schmidt Technology GmbH |
| Hewlett-Packard Company | Anne Marie Kennelly | 3000 Hanover St., M/S 1050 | | Palo Alto | CA | 94304 | | 650-857-6902 | 650-852-8617 | anne.kennelly@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Glen Dumont | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4750 | 908-898-4137 | glen.dumont@hp.com | Counsel for Hewlett-Packard Financial Services Company |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | 740-940-7539 | ken.higman@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | 908-898-4133 | sharon.petrosino@hp.com | Counsel for Hewlett-Packard Financial Services Company |
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | 315-425-8576 | echarlton@hiscockbarclay.com | Counsel for GW Plastics, Inc. |
| Hodgson Russ LLP | Cheryl R. Storie | One M&T Plaza | Suite 2000 | Buffalo | NY | 14203 | | 716-848-1275 | 716-849-0349 | cstorie@hodgsonruss.com | Counsel for Hexcel Corporation |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | Carnegie Hall Tower | 152 West 57th Street, 35th Street | New York | NY | 10019 | | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel for Hexcel Corporation |
| Hogan & Hartson L.L.P. | Audrey Moog | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | amoog@hhlaw.com | Counsel for Umicore Autocat Canada Corp. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 4 of 11

1/12/2006 12:36 PM

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | ecdolan@hhlaw.com | Counsel for Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | 212-918-3100 | sagolden@hhlaw.com | Counsel for XM Satellite Radio Inc. |
| Holme Roberts & Owen, LLP | Elizabeth K. Flaagan | 1700 Lincoln | Suite 4100 | Denver | CO | 80203 | | 303-861-7000 | 303-866-0200 | elizabeth.flaagan@hro.com | Counsel for CoorsTek, Inc.; Corus, L.P. |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | 313-465-7315 | dbaty@honigman.com | Counsel for Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | Robert B. Weiss, Frank L. Gorman | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | | 313-465-7000 | 313-465-8000 | rweiss@honigman.com fgorman@honigman.com | Counsel for General Motors Corporation |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | 419-255-9121 | jrhunter@hunterschank.com | Counsel for ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | 419-255-9121 | tomschank@hunterschank.com | Counsel for ZF Group North America Operations, Inc. |
| Hunton & Wiliams LLP | Michael P. Massad, Jr. | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | mmassad@hunton.com | Counsel for RF Monolithics, Inc. |
| Hunton & Wiliams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | sholmes@hunton.com | Counsel for RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | 716-855-0874 | aee@hurwitzfine.com | Counsel for Jiffy-Tite Co., Inc. |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | 317-236-2219 | Ben.Caughey@icemiller.com | Counsel for Sumco, Inc. |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | 408-501-2488 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | 765-456-3836 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | 202-778-2641 | rgriffin@iuoe.org | Counsel for International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 11 |
| Jaffe, Raitt, Heuer & Weiss, P.C. | Paige E. Barr | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | | 248-351-3000 | 248-351-3082 | pbarr@jaffelaw.com | Counsel for Trutron Corporation |
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | 312-840-7381 | rpeterson@jenner.com | Counsel for SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC and Tenneco Inc. |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | 212-755-7306 | sjfriedman@jonesday.com | Counsel for WL. Ross & Co., LLC |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | 312-577-4733 | john.sieger@kattenlaw.com | Counsel for TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | 614-464-2634 | kcookson@keglerbrown.com | Counsel for Solution Recovery Services |
| Kelley Drye & Warren, LLP | Mark I. Bane | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | 212-808-7897 | mbane@kelleydrye.com | Counsel for the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Mark. R. Somerstein | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | 212-808-7897 | msomerstein@kelleydrye.com | Counsel for the Pension Benefit Guaranty Corporation |
| Kennedy, Jennick & Murray | Larry Magarik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | lmagarik@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | sjennik@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | tkennedy@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kieselstein Lawfirm PLLC | Steve Kieselstein | 43 British American Boulevard | | Latham | NY | 12110 | | 518-785-7800 | 518-785-7851 | sk@kieselaw.com | Counsel to NEC Electronics America, Inc. |
| King & Spalding, LLP | Alexandra B. Feldman | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | 212-556-2222 | afeldman@kslaw.com | Counsel for Martinrea International, Inc. |
| King & Spalding, LLP | George B. South, III | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | 212-556-2222 | gsouth@kslaw.com | Counsel for Martinrea International, Inc. |
| Kirkland & Ellis LLP | Geoffrey A. Richards | 200 East Randolph Drive | | Chicago | IL | 60601 | | 312-861-2000 | 312-861-2200 | grichards@kirkland.com | Counsel for Lunt Mannufacturing Company |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | 212-536-3901 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | 330-497-4020 | sosimmerman@kwgd.com | Counsel to for Millwood, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | | 617-542-3000 | 617-542-3001 | ekutchin@kutchinrufo.com | Counsel for Parlex Corporation |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | | smcook@lambertleser.com | Counsel for Linamar Corporation |
| Latham & Watkins | Erika Ruiz | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | erika.ruiz@lw.com | UCC Professional |
| Latham & Watkins | Henry P. Baer, Jr. | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | henry.baer@lw.com | UCC Professional |
| Latham & Watkins | John W. Weiss | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | john.weiss@lw.com | UCC Professional |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | 212-751-4864 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | mitchell.seider@lw.com | UCC Professional |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | 520-879-4705 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | 602-734-3824 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linear Technology Corporation | John England, Esq. | 1630 McCarthy Blvd. | | Milpitas | CA | 95035-7417 | | 408-432-1900 | 408-434-0507 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | 512-443-5114 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | 4692215002 | dallas.bankruptcy@publicans.com | Counsel for Dallas County and Tarrant County |
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | 713-844-3503 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | 212-407-4990 | whawkins@loeb.com | Counsel for Industrial Ceramics Corporation |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | bnathan@lowenstein.com | Counsel for Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | ilevee@lowenstein.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | krosen@lowenstein.com | Counsel for Cerberus Capital Management, L.P. |
| Lowenstein Sandler PC | Michael S. Etkin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | metkin@lowenstein.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | scargill@lowenstein.com | Counsel for Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | vdagostino@lowenstein.com | Counsel for AT&T Corporation |
| MacDonald, Illig, Jones & Britton LLP | Richard J. Parks | 100 State Street | Suite 700 | Erie | PA | 16507-1459 | | 814-870-7754 | 814-454-4647 | rparks@mijb.com | Counsel for Ideal Tool Company, Inc. |
| Margulies & Levinson, LLP | Jeffrey M. Levinson, Esq. Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | 216-514-4936 | jml@ml-legal.com lmc@ml-legal.com | Counsel for Venture Plastics |
| McDermott Will & Emery LLP | James M. Sullivan | 50 Rockefeller Plaza | | New York | NY | 10020 | | 212-547-5400 | 212-547-5444 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation, National Semiconductor Corporation; Timken Corporation |
| McDermott Will & Emery LLP | Stephen B. Selbst | 50 Rockefeller Plaza | | New York | NY | 10020 | | 212-547-5400 | 212-547-5444 | sselbst@mwe.com | Counsel for National Semiconductor Corporation |
| McDonald Hopkins Co., LPA | Jean R. Robertson, Esq. | 600 Superior Avenue, East | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | jrobertson@mcdonaldhopkins.com | Counsel to Brush Engineered materials |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | 973-622-5314 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuirewoods LLP | Elizabeth L. Gunn | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1178 | 804-698-2186 | egunn@mcguirewoods.com | Counsel for Siemens Logistics Assembly Systems, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | hkolko@msek.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicatons Workers of America |
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | lpeterson@msek.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Miller Johnson | Thomas P. Sarb Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748 616-988-1748 | 616-988-1748 616-988-1726 | sarbt@millerjohnson.com wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | 313-496-8453 | fusco@millercanfield.com | Counsel for Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | 313-496-7997 | greenj@millercanfield.com | Counsel for Wells Operating Partnership, LP |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Michael L. Schein | 666 Third Avenue | | New York | NY | 10017 | | 212-935-3000 | 212-983-3115 | mlschein@mintz.com | Counsel to Hitachi Automotive Products (USA), Inc.; Concoria Pasubio |
| Mitsubishi Electric & Electronics USA, Inc. | John E. Cipriano | 500 Corporate Woods Parkway | | Vernon Hills | IL | 60061 | | 847-478-2383 | 847-478-2281 | john.cipriano@meus.mea.com | Assistant General Counsel for Mitsubishi Electric & Electronics USA, Inc. |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | 630-512-8610 | Jeff.Ott@molex.com | Counsel for Molex Connector Corp |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | 212-309-6001 | agottfried@morganlewis.com | Counsel for ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | 212-309-6001 | mzelmanovitz@morganlewis.com | Counsel for Hitachi Chemical (Singapore) Pte, Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | 213-612-2501 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | | lberkoff@moritthock.com | Counsel for Standard Microsystems Corporation and its direct and indirect subsidiares Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |
| Morris, Nichols, Arsht and Tunnell | Michael G. Busenkell | PO Box 1347 | | Wilmington | DE | 19899-1347 | | 302-658-9200 | 302-658-3989 | mbusenkell@mnat.com | Counsel for Chicago Miniature Optoelectronic Technologies, Inc. |
| Morris, Nichols, Arsht and Tunnell | Robert J. Dehney | PO Box 1347 | | Wilmington | DE | 19899-1347 | | 302-658-9200 | 302-658-3989 | rdehney@mnat.com | Counsel for Chicago Miniature Optoelectronnic Technologies, Inc. |
| Morrison Cohen LLP | Joseph T. Moldovan Michael R. Dal Lago | 909 Third Avenue | | New York | NY | 10022 | | 212-735-8603 212-735-8757 | 917-522-3103 917-522-3157 | jmoldovan@morrisoncohen.com mdallago@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 4000 Fountain Place | 1445 Ross Avenue | Dallas | RX | 75202-2790 | | 214-855-7590 214-855-7587 214-855-7587 | 214-978-4374 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel for Texas Instruments Incorporated |
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | Knathan@nathanneuman.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Nathan, Neuman & Nathan, P.C. | Susanna C. Brennan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | sbrennan@nathanneuman.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | 866-298-4481 | lisa.moore2@nationalcity.com | Vice President and Senior Counsel for National City Commercial Capital |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | 803-256-7500 | george.cauthen@nelsonmullins.com | Counsel for Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| Nix, Patterson & Roach, L.L.P. | Bradley E. Beckworth | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | bbeckworth@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Jeffrey J. Angelovich | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | jangelovich@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Susan Whatley | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | susanwhatley@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Norris, McLaughlin & Marcus | Elizabeth L. Abdelmasieh, Esq | 721 Route 202-206 | P.O. Box 1018 | Somerville | NJ | 08876 | | 908-722-0700 | 908-722-0755 | eabdelmasieh@nmmlaw.com | Counsel for Rotor Clip Company, Inc. |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | dgheiman@jonesday.com | Counsel for WL. Ross & Co., LLC |
| North Point | Michelle M. Harner | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | mmharner@jonesday.com | Counsel for WL. Ross & Co., LLC |
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | | 512-475-4861 | 512-482-8341 | jay.hurst@oag.state.tx.us | Counsel for The Texas Comptroller of Public Accounts |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | 978-667-9969 | michaelz@orbotech.com | Company |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | 212-506-5151 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | 415-773-5759 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Otterbourg, Steindler, Houston & Rosen, P.C. | Melissa A. Hager | 230 Park Avenue | | New York | NY | 10169 | | 212-661-9100 | 212-682-6104 | mhager@oshr.com | Counsel for Sharp Electronics Corporation |
| Otterbourg, Steindler, Houston & Rosen, P.C. | Scott L. Hazan | 230 Park Avenue | | New York | NY | 10169 | | 212-661-9100 | 212-682-6104 | shazan@oshr.com | Counsel for Sharp Electronics Corporation |

In re: Delphi Corporation, et al.
Case No. 05-44481 (RDD)

1/12/2006 12:36 PM

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Paul, Weiss, Rifkind, Wharton & Garrison | Curtis J. Weidler | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3157 | 212-373-2053 | cweidler@paulweiss.com | Counsel for Ambrake Corporation; Akebono Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | ddavis@paulweiss.com | Counsel for Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | emccolm@paulweiss.com | Counsel for Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Stephen J. Shimshak | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3133 | 212-373-2136 | sshimshak@paulweiss.com | Counsel for Ambrake Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K. Street, N.W. | | Washington | DC | 20005-4026 | | 202-326-4020 | 202-326-4112 | landy.ralph@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Pepe & Hazard LLP | Charles J. Filardi, Jr., Esq. | 30 Jelliff Lane | | Southport | CT | 06890 | | 203-319-4042 | 203-319-4034 | cfilardi@pepehazard.com | Federal Express Corporation |
| Pepper, Hamilton LLP | Anne Marie Aaronson | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | aaronsona@pepperlaw.com | Counsel for Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Linda J. Casey | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | caseyl@pepperlaw.com | Counsel for SKF USA, Inc. |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | 302-421-8390 | jaffeh@pepperlaw.com | Counsel for SKF USA, Inc. |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | lawallf@pepperlaw.com | Counsel for Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Phillips Nizer LLP | Sandra A. Riemer, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | jmanheimer@pierceatwood.com | Counsel for FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | karen.dine@pillsburylaw.com | Counsel for Clarion Corporation of America |
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | margot.erlich@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | 7th Floor | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | 714-436-2800 | mark.houle@pillsburylaw.com | Counsel for Clarion Corporation of America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | richard.epling@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | robin.spear@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pitney Hardin LLP | Ronald S. Beacher | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | 212-682-3485 | rbeacher@pitneyhardin.com | Counsel for IBJTC Business Credit Corporation |
| Pitney Hardin LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | 973-966-1015 | rmeth@pitneyhardin.com | Counsel for Marshall E. Campbell Company |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |
| Pryor & Mandelup, LLP | A. Scott Mandelup, Kenneth A. Reynolds | 675 Old Country Road | | Westbury | NY | 11590 | | 516-997-0999 | 516-333-7333 | asm@pryormandelup.com; kar@pryormandelup.com | Counsel for National Molding Corporation; Security Plastics Division/NMC LLC |
| QAD, Inc. | Jason Pickering, Esq. | 10,000 Midlantic Drive | | Mt. Laurel | NJ | 08054 | | 856-840-2489 | 856-840-2740 | jkp@qad.com | Counsel to QAD, Inc. |
| Quadrangle Debt Recovery Advisors LLC | Andrew Herenstein | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1742 | 866-741-2505 | andrew.herenstein@quadranglegroup.com | Counsel to Quadrangle Debt Recovery Advisors LLC |
| Quadrangle Group LLC | Patrick Bartels | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1748 | 866-552-2052 | patrick.bartels@quadranglegroup.com | Counsel to Quadrangle Group LLC |
| Quarles & Brady Streich Lang LLP | John A. Harris | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | jharris@quarles.com | Counsel for Semiconductor Components Industries, Inc. |
| Quarles & Brady Streich Lang LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | 520-770-2033 | knye@quarles.com | Counsel for Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation |
| Quarles & Brady Streich Lang LLP | Scott R. Goldberg | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | sgoldber@quarles.com | Counsel for Semiconductor Components Industries, Inc. |
| Reed Smith | Elena Lazarou | 599 Lexington Avenue | 29th Street | New York | NY | 10022 | | 212-521-5400 | 212-521-5450 | elazarou@reedsmith.com | Counsel for General Electric Capital Corporation, Stategic Asset Finance. |
| Republic Engineered Products, Inc. | Joseph Lapinsky | 3770 Embassy Parkway | | Akron | OH | 44333 | | 330-670-3004 | 330-670-3020 | jlapinsky@republicengineered.com | Counsel to Republic Engineered Products, Inc. |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | 206-389-1708 | jshickich@riddellwilliams.com | Counsel for Microsoft Corporation; Microsoft Licensing, GP |

In re: Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 8 of 11

1/12/2006 12:36 PM

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Riemer & Braunstein LLP | Mark S. Scott | Three Center Plaza | | Boston | MA | 02108 | | 617-523-9000 | 617-880-3456 | mscott@riemerlaw.com | Counsel for ICX Corporation |
| Robinson, McFadden & Moore, P.C. | Annemarie B. Mathews | P.O. Box 944 | | Columbia | SC | 29202 | | 803-779-8900 | 803-771-9411 | amathews@robinsonlaw.com | Counsel for Blue Cross Blue Shield of South Carolina |
| Ropers, Majeski, Kohn & Bentley | Christopher Norgaard | 515 South Flower Street | Suite 1100 | Los Angeles | CA | 90071 | | 213-312-2000 | 213-312-2001 | cnorgaard@ropers.com | Counsel to Moody's Investors Service; AP Racing |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | 212-825-9414 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Sachnoff & Weaver, Ltd | Charles S. Schulman, Arlene N. Gelman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | | 312-207-1000 | 312-207-6400 | cschulman@sachnoff.com agelman@sachnoff.com | Counsel for Infineon Technologies North America Corporation |
| Satterlee Stephens Burke & Burke LLP | Christopher R. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Schiff Hardin LLP | Michael Yetnikoff | 623 Fifth Avenue | 28th Floor | New York | NY | 10022 | | 212-753-5000 | 212-753-5044 | myetnikoff@schiffhardin.com | Counsel for Means Industries |
| Schiff Hardin LLP | William I. Kohn | 6600 Sears Tower | | Chicago | IL | 60066 | | 312-258-5500 | 312-258-5600 | wkohn@schiffhardin.com | Counsel for Means Industries |
| Schiffer & Barroway, LLP | Michael Yarnoff | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7056 | 610-667-7706 | myarnoff@sbclasslaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schiffrin & Barroway, LLP | Sean M. Handler | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7706 | 610-667-7056 | shandler@sbclasslaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schulte Roth & Sabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | 212-593-5955 | james.bentley@srz.com | Counsel for Panasonic Automotive Systems Company of America |
| Schulte Roth & Sabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-765-2000 | 212-595-5955 | michael.cook@srz.com | Counsel for Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | 404-892-7056 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk, Esq. | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | 617-946-4801 | whanlon@seyfarth.com | Counsel for le Belier/LBQ Foundry S.A. de C.V. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | 248-358-2740 | lawtoll@comcast.net | Counsel for Milwaukee Investment Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | 225-757-7674 | rthibeaux@shergarner.com | Counsel for Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | 504-299-2300 | rthibeaux@shergarner.com | Counsel for Gulf Coast Bank & Trust Company |
| Shipman & Goodwin LLP | Jennifer L. Adamy | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5811 | 860-251-5218 | bankruptcy@goodwin.com | Counsel to Fortune Plastics Company of Illinois, Inc.; Universal Metal Hose Co., |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | asherman@sillscummis.com | Counsel for Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | jzackin@sillscummis.com | Counsel for Hewlett-Packard Financial Services Company |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | 203-542-4100 | cfortgang@silverpointcapital.com | Counsel for Silver Point Capital, L.P. |
| Simpson Thacher & Bartlett LLP | Kenneth S. Ziman, Esq. | 425 Lexington Avenue | | New York | NY | 10017 | | 212-455-2000 | 212-455-2502 | cfox@stblaw.com | Counsel to JPMorgan Chase Bank, N.A. |
| Simpson Thacher & Bartlett LLP | William T. Russell, Jr., Esq. | 425 Lexington Avenue | | New York | NY | 10017 | | 212-455-2000 | 212-455-2502 | cfox@stblaw.com | Counsel to JPMorgan Chase Bank, N.A. |
| Smith, Gambrell & Russell, LLP | Barbara Ellis-Monro | 1230 Peachtree Street, N.E. | Suite 3100 | Atlanta | GA | 30309 | | 404-815-3500 | 404-815-3509 | bellis-monro@sgrlaw.com | Counsel for Southwire Company |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | 3026528405 | kmiller@skfdelaware.com | Counsel for Airgas, Inc. |
| Sony Electronics Inc. | Lloyd B. Sarakin - Chief Counsel, Finance and Credit | 1 Sony Drive | MD #1 E-4 | Park Ridge | NJ | 07656 | | 201-930-7483 | | lloyd.sarakin@am.sony.com | Counsel to Sony Electronics, Inc. |
| Sotiroff & Abramczyk, P.C. | Robert M. Goldi | 30400 Telegraph Road | Suite 444 | Bingham Farms | MI | 48025 | | 248-642-6000 | 248-642-9001 | rgoldi@sotablaw.com | Counsel for Michigan Heritage Bank; MHB Leasing, Inc. |
| Squire, Sanders & Dempsey L.L.P. | Eric Marcks | One Maritime Plaza | Suite 300 | San Francisco | CA | 94111-3492 | | | 415-393-9887 | emarcks@ssd.com | Counsel for Fujikura Ltd.; Fan and Furukawa Electric North America, APD Inc. |
| Squire, Sanders & Dempsey L.L.P. | Penn Ayers Butler | 600 Hansen Way | | Palo Alto | CA | 94304 | | 650-856-6500 | 650-843-8777 | pabutler@ssd.com | Counsel for Fujikura Electric North Co., Ltd. And Furukawa Electric North America, APD Inc. |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | 502-245-0542 | jmbaumann@steeltechnologies.com | Counsel for Steel Technologies, Inc. |
| Stein, Rudser, Cohen & Magid LLP | Robert F. Kidd | 825 Washington Street | Suite 200 | Oakland | CA | 94607 | | 510-287-2365 | 510-987-8333 | rkidd@srcm-law.com | Counsel for Excel Global Logistics, Inc. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Steinberg Shapiro & Clark | Mark H. Shapiro | 24901 Northwestern Highway | Suite 611 | Southfield | MI | 48075 | | 248-352-4700 | 248-352-4488 | shapiro@steinbergshapiro.com | Counsel for Bing Metals Group, Inc.; Central Transport International, Inc.; Crown Enerprises, Inc.; Economy Transport, Inc.; Logistics Insight Corp (LINC); Universal Am-Can, Ltd.; Universal Truckload Services, Inc. |
| Sterns & Weinroth, P.C. | Jeffrey S. Posta | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-3922100 | 609-392-7956 | jposta@sternslaw.com | Counsel for Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Chester B. Salomon, Esq. Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | 212-319-8505 | cs@stevenslee.com cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | 816-691-3495 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | madison.cashman@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison PLLC | Madison L. Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | robert_goodrich@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 | 502-779-8274 | wbeard@stites.com | Counsel to WAKO Electronics (USA), Inc. and Ambrake Corporation |
| Stroock & Stroock & Lavan, LLP | Joseph G. Minias | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | 212-806-6006 | jminias@stroock.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Stroock & Stroock & Lavan, LLP | Kristopher M. Hansen | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | 212-806-6006 | khansen@stroock.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Swidler Berlin LLP | Jonathan P. Guy | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | | 202-424-7500 | 202-424-7645 | jpguy@swidlaw.com | Counsel for Westwood Associates, Inc.; Sanders Lead Co. |
| Swidler Berlin LLP | Matthew W. Cheney | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | | 202-424-7500 | 202-424-7645 | mwcheney@swidlaw.com | Counsel for Westwood Associates, Inc.; Sanders Lead Co. |
| Swidler Berlin LLP | Roger Frankel | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | | 202-424-7500 | 202-424-7645 | rfrankel@swidlaw.com | Counsel for Sanders Lead Co. |
| Swidler Berlin LLP | Richard H. Wyron | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | | 202-424-7737 | 202-424-7645 | rhwyron@swidlaw.com | Counsel for Westwood Associates, Inc. |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | | ferrell@tafttlaw.com | Counsel for Wren Industries, Inc. |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | 212-912-7751 | jforstot@tpw.com | Counsel for TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | 212-912-7751 | lcurcio@tpw.com | Counsel for TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | | 100-8322 | Japan | | 81-3-3286-3919 | niizeki.tetsuhiro@furukawa.co.jp | Legal Department of The Furukawa Electric Co., Ltd. |
| Thelen Reid & Priest LLP | David A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | | 212-603-2000 | 212-603-2001 | dlowenthal@thelenreid.com | Counsel for American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Thelen Reid & Priest LLP | Daniel A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | | 212-603-2000 | 212-603-2001 | dlowenthal@thelenreid.com | Counsel for Oki Semiconductor Company |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | 713-654-1871 | rhett.campbell@tklaw.com | Counsel for STMicroelectronics, Inc. |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 300 | Dallas | TX | 75201 | | 214-969-1505 | 214-969-1609 | john.brannon@tklaw.com | Counsel for Victory Packaging |
| Thurman & Phillips, P.C. | Ed Phillips, Jr. | 8000 IH 10 West | Suite 1000 | San Antonio | TX | 78230 | | 210-341-2020 | 210-344-6460 | ephillips@thurman-phillips.com | Counsel for Royberg, Inc. d/b/a Precision Mold & Tool and d/b/a Precision Mold and Tool Group |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| Togut, Segal & Segal LLP | Albert Togut, Esq. | One Penn Plaza | Suite 3335 | New York | NY | 10119 | | 212-594-5000 | 212-967-4258 | bmcdonough@teamtogut.com | Conflicts counsel to Debtors |
| Tyler, Cooper & Alcorn, LLP | W. Joe Wilson | City Place | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | 860-278-3802 | jwilson@tylercooper.com | Counsel for Barnes Group, Inc. |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | 585-258-2821 | hzamboni@underbergkessler.com | Counsel for McAlpin Industries, Inc. |
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO | David Jury, Esq. | Five Gateway Center | Suite 807 | Pittsburgh | PA | 15222 | | 412-562-2549 | 412-562-2429 | djury@steelworkers-usw.org | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Varnum, Riddering, Schmidt & Howlett LLp | Michael S. McElwee | Bridgewater Place | P.O. Box 353 | Grand Rapids | MI | 49501-0352 | | 616-336-6827 | 616-336-7000 | msmcelwee@varnumlaw.com | Counsel for Furukawa Electric North America APD |
| Vorys, Sater, Seymour and Pease LLP | Robert J. Sidman, Esq. | 52 East Gay Street | P.O. Box 1008 | Columbus | OH | 43216-1008 | | 614-464-6422 | 614-719-8676 | rjsidman@vssp.com | |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | | 614-464-8322 | 614-719-4663 | tscobb@vssp.com | Counsel for America Online, Inc. and its Subsidiaries and Affiliates |
| Wachtell, Lipton, Rosen & Katz | Emil A. Kleinhaus | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | EAKleinhaus@wlrk.com | Counsel for Capital Research and Management Company |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | RGMason@wlrk.com | Counsel for Capital Research and Management Company |
| Waller Lansden Dortch & Davis, PLLC | David E. Lemke, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | david.lemke@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Waller Lansden Dortch & Davis, PLLC | Robert J. Welhoelter, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | robert.welhoelter@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | 616-222-2185 | gtoering@wnj.com | Counsel for Robert Bosch Corporation |
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | 248-603-9631 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Stevens, L.L.P. | Michael D. Warner | 301 Commerce Street | Suite 1700 | Fort Worth | TX | 76102 | | 817-810-5250 | 817-810-5255 | bankruptcy@warnerstevens.com | Counsel for Electronic Data Systems Corp. and EDS Information Services, L.L.C. |
| Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP | Lei Lei Wang Ekvall | 650 Town Center Drive | Suite 950 | Costa Mesa | CA | 92626 | | 714-966-1000 | 714-966-1002 | lekvall@wgllp.com | Counsel for Toshiba America Electronic Components, Inc. |
| Weinstein, Eisen & Weiss LLP | Aram Ordubegian | 1925 Century Park East | #1150 | Los Angeles | CA | 90067 | | 310-203-9393 | 310-203-8110 | aordubegian@weineisen.com | Counsel for Orbotech, Inc. |
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | 614-222-2193 | gpeters@weltman.com | Counsel to Seven Seventeen Credit Union |
| White & Case LLP | Margarita Mesones-Mori | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | 305-358-5744 | mmesonesmori@whitecase.com | Counsel for Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | 414-223-5000 | barnold@whdlaw.com | Counsel for Schunk Graphite Technology |
| Winstead Sechrest & Minick P.C. | Berry D. Spears | 401 Congress Avenue | Suite 2100 | Austin | TX | 78701 | | 512-370-2800 | 512-370-2850 | bspears@winstead.com | Counsel for National Instruments Corporation |
| Winstead Sechrest & Minick P.C. | R. Michael Farquhar | 5400 Renaissance Tower | 1201 Elm Street | Dallas | TX | 75270 | | 214-745-5400 | 214-745-5390 | mfarquhar@winstead.com | Counsel for National Instruments Corporation |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | mwinthrop@winthropcouchot.com | Counsel for Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | sokeefe@winthropcouchot.com | Counsel for Metal Surfaces, Inc. |
| WL Ross & Co., LLC | Oscar Iglesias | 600 Lexington Avenue | 19th Floor | New York | NY | 10022 | | 212-826-1100 | 212-317-4893 | oiglesias@wlross.com | Counsel for WL. Ross & Co., LLC |
| Womble Carlyle Sandridge & Rice, PLLC | Lillian H. Pinto | 300 North Greene Street | Suite 1900 | Greensboro | NC | 27402 | | 336-574-8058 | 336-574-4528 | lpinto@wcsr.com | Counsel for Armacell |
| Zeichner Ellman & Krause LLP | Peter Janovsky | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | pjanovsky@zeklaw.com | Counsel for Toyota Tsusho America, Inc. |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | skrause@zeklaw.com | Counsel for Toyota Tsusho America, Inc. |

# EXHIBIT C

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|-----|------------------|
| Akebono Corporation (North America) | Alan Swiech | 34385 Twelve Mile Road | | Farminton Hills | MI | 48331 | 248-489-7406 | 866-609-0888 | Vice President of Administration for Akebono Corporation |
| Ambrake Corporation | Ronald L. Jones | 300 Ring Road | | Elizabethtown | KY | 42701 | 270-765-0208 | 270-234-2395 | Representative for Ambrake Corporation |
| Andrews Kurth LLP | Gogi Malik | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | 214-659-4400 | 214-659-4401 | Counsel for ITW Mortgage Investments IV, Inc. |
| Arnall Golden Gregory LLP | Heath J. Vicente | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | 404-873-8682 | 404-8738683 | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Bernstein Litowitz Berger & Grossman | Eileen McNerney | 1285 Avenue of the Americas | | New York | NY | 10019 | 212-554-1485 | 212-554-1444 | Counsel for Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississipi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensionenfords ABP |
| Cage Williams & Abelman, P.C. | Steven E. Abelman | 1433 Seventeenth Street | | Denver | CO | 80202 | 303-295-0202 | | Counsel for United Power, Inc. |
| Calinoff & Katz, LLp | Dorothy H. Marinis-Riggio | 140 East 45th Street | 17th Floor | New York | NY | 10017 | 212-826-8800 | 212-644-5123 | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | 313-965-8300 | 313-965-8252 | Counsel for BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Colbert & Winstead, P.C. | Amy Wood Malone | 1812 Broadway | | Nashville | TN | 37203 | 615-321-0555 | 615-321-9555 | Counsel for Averitt Express, Inc. |
| Cornell University | Nancy H. Pagliaro | Office of University Counsel | 300 CCC Building, Garden Avenue | Ithaca | NY | 14853-2601 | 607-255-5124 | 607-254-3556 | Paralegal/Counsel for Cornell University |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | 516-227-6300 | 516-227-6307 | Counsel for Jon Ballin |
| Frank D. Jones | | 158 New York Circle Cr. | | Whitesburg | KY | 41858-9122 | | | |
| HAL/ERC-Legal | Tillie Lim, Esq. | 50 Prospect Avenue | | Tarrytown | NY | 10591 | | | Counsel to Hitachi Automotive Products (USA), Inc. |
| Harris D. Leinwand | Harris D. Leinwand | 350 Fifth Avenue | Suite 2418 | New York | NY | 10118 | 212-725-7338 | 212-244-6219 | Counsel for Baker Hughes Incorporated; Baker Petrolite Corporation |
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | 313-465-7548 | 313-465-7549 | Counsel for Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | 617-542-3000 | 617-542-3001 | Counsel for Parlex Corporation |
| Lord, Bissel & Brook | Timothy W. Brink | 115 South LaSalle Street | | Chicago | IL | 60603 | 312-443-1832 | 312-443-896-6432 | Counsel for Sedgwick Claims Management Services, Inc. |
| Lord, Bissel & Brook | Timothy S. McFadden | 115 South LaSalle Street | | Chicago | IL | 60603 | 312-443-0370 | 312-896-6394 | Counsel for Methode Electronics, Inc. |
| Lord, Bissel & Brook LLP | Kevin J. Walsh / Rocco N. Covino | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | 212-947-8304 / 212-947-8340 | 212-947-1202 | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | 419-867-8900 | 419-867-8909 | Counsel for Metro Fibres, Inc. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | 303-957-4254 | 303-957-2098 | Representative for Madison Capital Management |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 3

1/12/2006 12:37 PM

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | 312-245-7500 | 312-245-7467 | Counsel for NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; Hosiden America Corporation and Samtech Corporation |
| Mayer, Brown, Rowe & Maw LLP | Raniero D'Aversa, Jr. | 1675 Broadway | | New York | NY | 10019 | 212-262-1910 | 212-506-2500 | Counsel for Bank of America, N.A. |
| Mayer, Brown, Rowe & Maw LLP | Jeffrey G. Tougas | 1675 Broadway | | New York | NY | 10019 | 212-262-1910 | 212-506-2500 | Counsel for Bank of America, N.A. |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | 212-609-6800 | 212-609-6921 | Counsel to Ward Products, LLC |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | 301-699-5800 | | Counsel for Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | 301-699-5800 | | Counsel for Prince George County, Maryland |
| Miami-Dade County, FL | April Burch | 140 West Flagler Street | Suite 1403 | Miami | FL | 33130 | 305-375-5314 | 305-375-1142 | Paralegal Collection Specialist for Miami-Dade County |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | 313-456-0140 | | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raternink | PO Box 30736 | | Lansing | MI | 48909-7717 | 517-373-1820 | 517-373-2129 | Assistant Attorney General for Worker's Compensation Agency |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | 517-373-1820 | 517-373-2129 | Attorney General for Worker's Compensation Agency |
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | 410-385-3418 | 410-385-3700 | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miles & Stockbridge, P.C. | Kerry Hopkins | 10 Light Street | | Baltimore | MD | 21202 | 410-385-3418 | 410-385-3700 | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Morgan, Lewis & Bockius LLP | William C. Heuer, Esq. | 101 Park Avenue | | New York | NY | 10178-0060 | 212-309-6000 | 212-309-6001 | Counsel to Sumitomo Corporation |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | 616-977-0077 | 616-977-0529 | Counsel for Lankfer Diversified Industries, Inc. |
| Noma Company and General Chemical Performance Products LLC | James Imbriaco | 90 East Halsey Road | | Parsippanny | NJ | 07054 | 973-884-6952 | 973-515-3244 | |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | 478-742-8706 | 478-746-4488 | Office of the Chapter 13 Trustee |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | 313-456-0140 | | Assistant Attorney General for State of Michigan, Department of Treasury |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | 207-791-1100 | 207-791-1350 | Counsel for FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Professional Technologies Services | John V. Gorman | P.O. Box #304 | | Frankenmuth | MI | 48734 | 989-385-3230 | 989-754-7690 | Corporate Secretary for Professional Technologies Services |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Max Newman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | | Counsel for Dott Industries, Inc. |
| Schulte Roth & Sabel LLP | Carol Weiner Levy | 919 Third Avenue | | New York | NY | 10022 | 212-756-2000 | 212-595-5955 | Counsel for D.C. Capital Partners, L.P. |
| Sonnenschein Nath & Rosenthal LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | 212-768-6700 | 212-768-6800 | Counsel for Molex, Inc. and INA USA, Inc. |
| Sonnenschein Nath & Rosenthal LLP | Jo Christine Reed | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | 212-768-6700 | 212-768-6800 | Counsel for Molex, Inc. and INA USA, Inc. |
| Sonnenschein Nath & Rosenthal LLP | Robert E. Richards | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | 312-876-8000 | 312-876-7934 | Counsel for Molex, Inc. and INA USA, Inc. |
| The Timpken Corporation BIC - 08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706 | | | Representative for Timken Corporation |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | 616-752-2158 | | Counsel for Behr Industries Corp. |
| White & Case LLP | John K. Cunningham | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | 212-819-8200 | | Counsel for Appaloosa Management, LP |

# EXHIBIT D

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

## ORDER AUTHORIZING EMPLOYMENT AND
## RETENTION OF STEVEN HALL & PARTNERS AS COMPENSATION AND
## EMPLOYMENT AGREEMENT ADVISOR FOR
## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

This matter coming on to be heard on the application (the "Application")[1] for an order

authorizing and approving the Employment and Retention of Steven Hall & Partners, LLC

("Steven Hall") as Compensation and Employment Agreement Advisor for the Official

Committee of Unsecured Creditors (the "Committee") pursuant to sections 328(a) and 1103(a) of

the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), nunc pro tunc to

November 7, 2005; the Court having reviewed the Application and the affidavit of Pearl Meyer

(the "Meyer Affidavit") and having heard the statements of counsel in support of the relief

requested therein at a hearing thereon (the "Hearing"); the Court finding that (a) the Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2), (c) said firm does not hold or represent any interest materially

adverse to the Debtors, any creditors of the Debtors, the United States Trustee for this District or

any person employed in the United States Trustee's office, or any other party in interest with

respect to the matters upon which said firm is to be engaged, (d) said firm is a "disinterested

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the
Application.

person" and has no adverse interest in connection with these cases as contemplated by the Bankruptcy Code, and (e) such retention is in the best interests of the Committee; the Court finding that notice of the Application given by the Committee was sufficient under the circumstances; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Application, the Meyer Affidavit and at the Hearing on the Application establish just cause for the relief herein granted;

IT IS HEREBY ORDERED THAT:

1. The employment and retention of Steven Hall, as compensation and employment agreement advisor for the Committee shall be, and the same hereby is, approved pursuant to the terms set forth in the Application, effective as of November 7, 2005, *provided*, however, that the indemnity provisions set forth in the Application have been voluntarily removed by Steven Hall, and are, therefore, not approved hereby.

2. The compensation to be paid to Steven Hall for services rendered and reimbursement of expenses incurred on behalf of the Committee shall be fixed by the Court upon appropriate application therefor in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders or procedures fixed by this Court.

3.    The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Application.

Dated:        New York, New York
              January 10, 2006


                            _____/s/ Robert D. Drain_____
                            UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :
       In re                        :     Chapter 11
                                    :
   DELPHI CORPORATION, et al.,      :     Case No. 05-44481 (RDD)
                                    :
                 Debtors.    :     (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ORDER PURSUANT TO FED. R. BANKR. P. 7026, 7030 AND 9016 (a) GRANTING IN PART AND DENYING IN PART LEAD PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY AND THE PRODUCTION OF DOCUMENTS IN CONNECTION WITH THE DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 327(A), 328(A) AND 1107(B) AUTHORIZING EMPLOYMENT AND RETENTION OF DELOITTE & TOUCHE LLP AS INDEPENDENT AUDITORS AND ACCOUNTANTS TO DEBTORS, EFFECTIVE NUNC PRO TUNC TO OCTOBER 8, 2005 AND OBJECTIONS FILED THERETO, AND (b) GRANTING IN PART AND DENYING IN PART THE DEBTORS' MOTION TO QUASH TRIAL SUBPOENAS ISSUED TO MEMBERS OF DEBTORS' AUDIT COMMITTEE AND FOR A PROTECTIVE ORDER RELATED THERETO AND FOR A PROTECTIVE ORDER TO LIMIT THE SCOPE OF THE DEPOSITION OF ROBERT DELLINGER TO ONLY THOSE MATTERS PERTAINING DIRECTLY TO THE DEBTORS' MOTION FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF DELOITTE & TOUCHE LLP**

Upon the motion to compel deposition testimony and the production of

documents in connection with the Debtors' Motion for Order under 11 U.S.C. §§ 327(a), 328(a)

and 1107(b) Authorizing Employment and Retention of Deloitte & Touche LLP as Independent

Auditors and Accountants to Debtors, effective nunc pro tunc to October 8, 2005 and Objections

Filed Thereto, dated December 23, 2005(the "Motion to Compel"), filed by the Lead Plaintiffs in

the action styled *In re Delphi Securities Litigation*, Mast. File No. 1:05-CV-2637 (NRB)

(S.D.N.Y.), pursuant to Fed. R. Civ. P. 37(a) and Rules 7034, 7037 and 9014(c) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Debtors' (I) Motion (A) to

Quash Trial Subpoenas Issued to Members of Debtors' Audit Committee and for Protective

Order and (B) for a Protective Order to Limit the Scope of the Deposition of Robert Dellinger to

Only Those Matters Pertaining Directly to the Debtors' Motion for Order Authorizing

Employment and Retention of Deloitte & Touche LLP And (II) Objection to Lead Plaintiffs'

Motion to Compel Deposition Testimony and the Production of Documents in connection with

the Debtors' Motion for order under 11 U.S.C. §§ 327(a), 328(a), and 1107(b) Authorizing

Employment and Retention of Deloitte & Touche LLP as Independent Auditors and Accountants

to Debtors, effective nunc pro tunc to October 8, 2005 and Objections filed thereto, dated

December 29, 2005 (the "Motion to Quash"), filed by Delphi Corporation and certain of its

subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), pursuant to Federal Rules of Civil Procedure 26(c), 30(d)(4) and

45, made applicable in these bankruptcy proceedings through Bankruptcy Rules 7026, 7030 and

9016, respectively (the Motion to Compel and the Motion to Quash are, collectively, the

"Motions"); and upon the record of the hearing held on the Motions; and it appearing that proper

and adequate notice of the Motion has been given and that no other or further notice is necessary;

and after due deliberation thereon; and good and sufficient cause appearing therefor, as set forth

in the Court's bench ruling at the close of the January 5, 2006 hearing on the Motions, it is

hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.    The Motion to Compel is hereby DENIED, except that the Debtors shall

produce for deposition one member of Delphi's Audit Committee with knowledge of information

relating to the scope of the deposition, as described in the next sentence.  The scope of the

deposition shall be limited to the decision to replace Deloitte & Touche LLP as the Debtors'

auditors for their financial statements for the year ended December 31, 2006 and thereafter and

the decision to continue to retain Deloitte & Touche LLP as the Debtors' auditors for their

financial statements for the year ended December 31, 2005.  The deposition shall not inquire into

the details of the Audit Committee's investigation of Deloitte & Touche LLP, if any, or the

details of Deloitte & Touche LLP's past history with the Debtors.  All rights to object on grounds

of privilege or otherwise are preserved.  This Order is without prejudice to the Lead Plaintiffs'

and Debtors' rights, to raise in a telephonic conference with the Court, during the deposition of

the Audit Committee member, any disputes regarding instructions not to answer on the basis of

privilege, and the Debtors' right to oppose such arguments.

2.    Except as provided in paragraph 1 above, the Debtors' Motion to Quash the

Subpoenas issued to Robert H. Brust, Oscar De Paula Bernardes Neto, John D. Opie and John

Walker, members of Delphi's Audit Committee, is hereby GRANTED and a PROTECTIVE

ORDER is hereby ISSUED to prevent the Lead Plaintiffs from obtaining testimony or

information related thereto that they otherwise are barred from obtaining, except as provided in

paragraph 1 above.

3.    The Motion to Compel is DENIED, a protective order is hereby ISSUED

from this Court disallowing the Lead Plaintiffs to engage in any further deposition of Mr.

Dellinger; provided, that the Lead Plaintiffs may, following depositions referred to in paragraph

1 above, request a telephone conference with the Court to argue that, as a result the information

elicited at the such deposition Mr. Dellinger shall be required to respond to questions that he

declined to answer in his deposition on grounds of privilege, without prejudice to the Debtors'

rights to oppose such argument.

4.    This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

5.    The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Motions.

Dated:        New York, New York
              January 10, 2006


                                        /s/ Robert D. Drain
                                        _____
                                        HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT F

**Hearing Date: January 13, 2006 at 10:00 a.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
David E. Springer (DS 9331)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOTION UNDER FED. R. BANKR. P. 9016 AND FED. R. CIV. P. 45
TO QUASH SUBPOENAS SERVED BY LEAD PLAINTIFFS ON JOHN SHEEHAN,
LAURA MARION, DAN RENICK, AND JOHN ROTKO

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Motion Under Fed. R. Bankr. P. 9016 And Fed. R. Civ. P. 45 To Quash Subpoenas Served By Lead Plaintiffs On John Sheehan, Laura Marion, Dan Renick, and John Rotko (the "Motion"). In further support of this Motion, the Debtors respectfully represent as follows:

Background

1.      On October 13, 2005, the Debtors filed a Motion For Order Under §§ 105 And 363 Authorizing The Debtors To Implement A Key Employee Compensation Program (Docket No. 213) (the "KECP Motion").  On November 23, 2005, the Teachers' Retirement System of Oklahoma, the Public Employees' Retirement System of Mississippi, Raiffeisen Kapitalanlage-Gesellschaft m.b.H, and Stichting Pensioenfonds ABP filed an objection to the KECP Motion (Docket No. 1161) (the "KECP Objection").  These entities are the lead plaintiffs in a putative class action against Delphi and other defendants under the federal securities laws (the "Securities Litigation"), and are therefore referred to here as "Lead Plaintiffs."  The Securities Litigation was recently consolidated with several other actions and transferred to the United States District Court for the Eastern District of Michigan. All discovery in the Securities Litigation has been stayed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §§ 77z-1(b) (establishing discovery stay in actions under the Securities Act of 1933), 78u-4(b)(3)(B) (Securities Exchange Act of 1934).  Moreover, all aspects of the Securities Litigation, including discovery, have been stayed with respect to Delphi by operation of the automatic stay under section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a).

2.      On December 8, 2005, the Debtors received from Lead Plaintiffs a set of discovery requests that purported to seek information related to the KECP Motion.  (Matz Aff.

2

Ex. 1.)  As the Court is aware from the Debtors' Objections To Lead Plaintiffs' Motion To

Compel Discovery Related To Debtors' Motion For Order Under §§ 105 And 363 Authorizing

Debtors To Implement Key Employee Compensation Program (Docket No. 1691), and the oral

presentations on this topic at the omnibus hearing on January 5, 2006, many of Lead Plaintiffs'

discovery requests were not directed toward the KECP Motion, but instead sought information

about specific allegations in Lead Plaintiffs' Consolidated Class Action Complaint in the

Securities Litigation, including information about allegedly improper transactions and

accounting practices that stretch back to 1999.

       3.     In addition to their written discovery requests, Lead Plaintiffs' December 8,

2005 letter also stated that Lead Plaintiffs intended to take the deposition of John Sheehan,

Delphi's Vice President, Chief Restructuring Officer, Chief Accounting Officer, and Controller,

before the hearing on the KECP Motion.  (Matz Aff. Ex. 1 at 7.)  In a subsequent letter dated

December 12, 2005, Lead Plaintiffs identified three other Delphi employees as potential

deponents—Laura Marion, Delphi's Assistant Controller; Dan Renick, a Director of Plant

Production Control; and John Rotko, a Manager of Indirect Materials (collectively with Mr.

Sheehan, the "Witnesses").  (Id. Ex. 2 at 2.)  On December 23, 2005, Lead Plaintiffs' counsel

issued subpoenas to the Witnesses that command them to appear at the hearing on the KECP

Motion scheduled for January 27, 2006, at 10:00 a.m. (the "Hearing Subpoenas").  (Id. Exs. 3–6.)

The Debtors' counsel agreed to accept service of those subpoenas, without waiving any other

objections to them.

       4.     With this Motion, the Debtors respectfully ask the Court to quash the

Hearing Subpoenas pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv), made applicable here by Fed. R.

Bankr. P. 9016, because the Hearing Subpoenas subject the Witnesses to an undue burden and

are procedurally defective under Fed. R. Civ. P. 45(a)(1)(D) and (b)(1).

<u>Argument</u>

I.

THE HEARING SUBPOENAS SHOULD BE QUASHED BECAUSE THEY SUBJECT THE
WITNESSES TO AN UNDUE BURDEN

       5.       Rule 45(c)(3)(A)(iv) of the Federal Rules of Civil Procedure provides that

the Court "shall" quash or modify a subpoena if it "subjects a person to undue burden."  The

advisory committee's notes to Rule 45 provide an illustration of this concept, explaining that it is

"unduly burdensome to compel an adversary to attend a trial as a witness if the adversary is

known to have no personal knowledge of matters in dispute, especially so if the adversary would

be required to incur substantial travel burdens."  Fed. R. Civ. P. 45 advisory committee's note to

1991 amendment; <u>accord</u> <u>In re County of Orange</u>, 208 B.R. 117, 120 (Bankr. S.D.N.Y. 1997)

(quoting the advisory committee's note).  To underscore the fact that there must be a logical

connection between the information sought by a subpoena and the matters at issue, courts often

cite "relevance" as one of the key factors in determining whether a subpoena imposes an "undue

burden" under Rule 45(c)(3)(A)(iv).  <u>See</u>, <u>e.g.</u>, <u>Nova Biomedical Corp. v. i-STAT Corp.</u>, 182

F.R.D. 419, 422–23 (S.D.N.Y. 1998); <u>Concord Boat Corp. v. Brunswick Corp.</u>, 169 F.R.D. 44,

49 (S.D.N.Y. 1996).

       6.       The Hearing Subpoenas issued by Lead Plaintiffs subject the Witnesses to

an undue burden under this standard because Lead Plaintiffs intend to question the Witnesses

about issues that are wholly irrelevant to the matters in dispute.  The scope of the January 27

hearing will be limited to the narrow question whether the Debtors exercised reasonable business

judgment in adopting one part of the KECP—namely, the revised Annual Incentive Plan

covering the nine-month period from October 2005 through June 2006.  Rather than address that

4

question, Lead Plaintiffs plan to use the hearing as a chance to stage their Securities Litigation

sideshow, asking the Witnesses about specific instances of alleged accounting improprieties and

fraud stretching all the way back to 1999.

7.    Indeed, Lead Plaintiffs' counsel has admitted under penalty of perjury that

the purpose of taking the Witnesses' depositions—and, presumably, of calling them as witnesses

at the January 27 hearing—is to probe their knowledge of Lead Plaintiffs' allegations in the

Securities Litigation.  In a declaration submitted in support of Lead Plaintiffs' Motion To Compel

Discovery Related To Debtors' Motion For Order Under §§ 105 And 363 Authorizing Debtors

To Implement A Key Employee Compensation Program (the "Motion to Compel") (Docket No.

1619), Lead Plaintiffs' counsel explained his theory that the Witnesses "are relevant to the KECP

Motion" because they "are knowledgeable about Delphi's accounting improprieties and inventory

manipulations." (Matz Aff. Ex. 7 ¶ 26.)

8.    Mr. Sheehan, Lead Plaintiffs claim, will be asked about "accounting

improprieties," "various fraudulent accounting practices," and "particular transactions" that are

outlined in paragraphs 31, 195, 198, and 605 of Lead Plaintiffs' Consolidated Class Action

Complaint in the Securities Litigation (the "Complaint").  (Matz Aff. Ex. 7 ¶ 27.)  Similarly,

Lead Plaintiffs plan to ask Ms. Marion for testimony on "accounting improprieties," including a

"$200 million financing transaction with Bank One" that was executed more than five years ago,

in fiscal year 2000, and is discussed in detail in paragraphs 152–54 of the Complaint.  (Matz Aff.

Ex. 7 ¶ 28.)  With respect to Mr. Renick, Lead Plaintiffs feel that the January 27 hearing is an

appropriate forum for deepening their investigation of Delphi's "schemes to understate

inventory" and other "accounting improprieties" alleged in paragraphs 193–94 of the Complaint.

(Matz Aff. Ex. 7 ¶ 29.)  Finally, Lead Plaintiffs wish to question Mr. Rotko, a non-executive

Delphi employee <u>who is not covered by any portion of the KECP</u>, about "Delphi's schemes to understate its inventory," its "improper financing transactions with Setech," and the "accounting methods involved in understating inventory at Delphi's facilities in Mexico," as described in paragraphs 136–38 of the Complaint.  (Matz Aff. Ex. 7 ¶ 30.)

9.      Lead Plaintiffs could not be more transparent.  At the omnibus hearing, the Court informed the parties that it was inclined to deny Lead Plaintiffs' Motion to Compel to the extent that Lead Plaintiffs sought discovery related to the specific allegations of impropriety in their Complaint in the Securities Litigation.[1]  Lead Plaintiffs have nevertheless persisted in their demand to call the Witnesses to testify about these same matters at the hearing, making it clear that Lead Plaintiffs are focused on steering the January 27 hearing away from the Annual Incentive Plan and toward their securities claims.  The Court also indicated at the omnibus hearing that it would not permit Lead Plaintiffs to turn the hearing into a minitrial on their securities claims, stating, "I agree with you [the Debtors' counsel] that through the back door of an annual incentive plan motion, to try the whole securities litigation is just wrong. It shouldn't be done that way . . . ."  (Jan. 5, 2006, Hr'g Tr. at 193–94.)  Yet that is just how Lead Plaintiffs want it done.

10.      Lead Plaintiffs want it done their way because their overarching agenda is to try to use these bankruptcy cases to obtain discovery in their Securities Litigation.  Such discovery is impermissible, however, because of the stays imposed by the PSLRA and the

---

[1]      The Court also stated that it was "inclined to severely limit the discovery" to the identities of the employees covered by the KECP, the identities of certain employees who have left the Debtors' employ and their reasons for leaving, and the processes used by the Debtors to ensure that bad actors are not rewarded under the KECP.  (Jan. 5, 2006, Hr'g Tr. at 190, 192, 198.)  There is no need for live testimony on the first two points because the Debtors have produced or will produce before the hearing documents that address these issues.  The third point does not provide any basis for the Hearing Subpoenas either because the Witnesses do not have personal knowledge regarding the design or implementation of these processes.

section 362(a) of the Bankruptcy Code.  It is well-settled that it is inappropriate to use a trial

subpoena to obtain impermissible discovery.  See Dodson v. CBS Broad. Inc., No. 02 Civ. 9270

(KMW), 2005 WL 3177723, at *1 (S.D.N.Y. Nov. 29, 2005) (explaining that trial subpoenas

cannot be used to obtain impermissible discovery and citing cases).

11.    In sum, there is no justification for forcing the Witnesses to take time

away from their work obligations and travel to New York to testify about alleged accounting

improprieties and other specific misdeeds that are outside the narrow scope of the January 27

hearing on the Annual Incentive Plan.  Accordingly, the Hearing Subpoenas should be quashed

as unduly burdensome under Rule 45(c)(3)(A)(iv).

## II.
### THE HEARING SUBPOENAS ARE PROCEDURALLY DEFECTIVE

12.    The Hearing Subpoenas served by Lead Plaintiffs do not satisfy the formal

requirements of Federal Rule of Civil Procedure 45(a)(1).  In particular, under Rule 45(a)(1)(D),

every subpoena must "set forth the text of subdivisions (c) and (d) of [Rule 45]," which establish

the rights and duties of attorneys responsible for serving subpoenas and witnesses subject to

subpoenas.  "The purpose of the inclusion of these subdivisions in every subpoena is to ensure

that the recipient of the subpoena is fully aware of both her own obligations in responding to the

subpoena, of the duties of an attorney in properly executing the subpoena, and the options a

recipient may exercise in contesting a subpoena."  Anderson v. Gov't of V.I., 180 F.R.D. 284,

289–90 (D.V.I. 1998).  When a party fails to include the text of subdivisions (c) and (d), as

mandated by Rule 45(a)(1)(D), the subpoena should be quashed.  See Anderson, 180 F.R.D. at

290 (quashing subpoena where subpoena violated Rule 45(a)(1)(D)).  Like the subpoena at issue

in Anderson, the Hearing Subpoenas in this case do not set forth the text of subdivisions (c) and

(d), (see Matz Aff. Exs. 3–6), and should therefore be quashed.

7

13.    Lead Plaintiffs also disregarded the rules related to fees and mileage in
serving the Hearing Subpoenas.  As provided in Rule 45(b)(1), "Service of a subpoena upon a
person named therein shall be made by delivering a copy thereof to such person and, if the
person's attendance is commanded, <u>by tendering to that person the fees for one day's attendance
and the mileage allowed by law</u>."  <u>Id.</u> (emphasis added).[2]  In their treatise on federal procedure,
Professors Wright and Miller explain, "Failure to tender the appropriate sums at the time the
subpoena is served invalidates the subpoena."  9A Charles Alan Wright & Arthur R. Miller,
<u>Federal Practice & Procedure</u> § 2454, at 25–26 (1995); <u>accord</u> <u>Costomar Shipping Co. v. Kim-
Sail, Ltd.</u>, No. 95 Civ. 3349 (KTD), 1995 WL 736907, at *2 (S.D.N.Y. Dec. 12, 1995) ("Where
no fee is tendered with the service of a subpoena requiring a witness' attendance, the service is
invalid.").  When Lead Plaintiffs served the Hearing Subpoenas here, they did not tender any
fees to the witnesses under Rule 45(b)(1), even though the subpoenas command the Witnesses'
attendance at the hearing on the KECP Motion scheduled for January 27, 2006.  The Hearing
Subpoenas should be quashed for this reason as well.  <u>See</u> <u>Song v. Dreamtouch, Inc.</u>, No. 01 Civ.
0386 (AGS), 2001 WL 487413, at *7 (S.D.N.Y. May 8, 2001) (quashing subpoena when
"attendance and mileage fees were not provided concurrently with the subpoena").

Notice

14.    Notice of this Motion has been provided in accordance with the Order
Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9015
Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And
Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance
With Local Bankr. R. 1007-2(e) entered by this Court on October 14, 2005 (Docket No. 245).

---

[2]    The fees and mileage available to witnesses under this rule are set by 28 U.S.C. § 1821 (2004).

8

Notice has also been provided to Lead Plaintiffs.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

<u>Memorandum of Law</u>

15.     Because the points and authorities upon which this Motion relies are set forth in the Motion itself, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

<u>Conclusion</u>

For the reasons given above, the Debtors respectfully request that the Court enter

an order quashing the Trial Subpoenas and granting such other and further relief as is just and

proper.

Dated: New York, New York
       January 11, 2006

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP


By: /s/ David E. Springer
    John Wm. Butler, Jr. (JB 4711)
    David E. Springer (DS 9331)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -


By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, <u>et al.</u>,
 Debtors and Debtors-in-Possession

**Hearing Date: January 13, 2006 at 10:00 a.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
David E. Springer (DS 9331)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                       :
        In re                                          :    Chapter 11
                                                       :
DELPHI CORPORATION, et al.,                            :    Case No. 05- 44481 (RDD)
                                                       :
                            Debtors.                   :    (Jointly Administered)
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x

NOTICE OF MOTION UNDER FED. R. BANKR. P. 9016 AND FED. R. CIV. P. 45
TO QUASH SUBPOENAS SERVED BY LEAD PLAINTIFFS ON JOHN SHEEHAN,
LAURA MARION, DAN RENICK, AND JOHN ROTKO

PLEASE TAKE NOTICE that on January 11, 2006, Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in

the above-captioned cases, filed a motion under Fed. R. Bankr. P. 9016 and Fed. R. Civ. P.

45 to quash subpoenas served by Lead Plaintiffs on John Sheehan, Laura Marion, Dan

Renick, and John Rotko (the "Motion").

2

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of
the Motion will be held on January 13, 2006, at 10:00 a.m. (Prevailing Eastern Time) (the
"Hearing"), before the Honorable Robert D. Drain, United States Bankruptcy Court for the
Southern District of New York, One Bowling Green, Room 610, New York, New York,
10004.


Dated: New York, New York
       January 11, 2006

                         SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP

                         By: /s/ David E. Springer
                             John Wm. Butler, Jr. (JB 4711)
                             David E. Springer (DS 9331)
                             John K. Lyons (JL 4951)
                             Ron E. Meisler (RM 3026)
                         333 West Wacker Drive, Suite 2100
                         Chicago, Illinois  60606
                         (312) 407-0700

                                   - and -

                         By: s/ Kayalyn A. Marafioti
                             Kayalyn A. Marafioti (KM 9632)
                             Thomas J. Matz (TM 5986)
                         Four Times Square
                         New York, New York  10036
                         (212) 735-3000

                         Attorneys for Delphi Corporation, et al.,
                             Debtors and Debtors-in-Possession

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
David E. Springer (DS 9331)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

            - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :

In re                                                          :      Chapter 11
                                                               :
DELPHI CORPORATION, et al.,                                    :      Case No. 05–44481 (RDD)
                                                               :
                              Debtors.                         :      (Jointly Administered)
                                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF THOMAS J. MATZ IN SUPPORT OF
MOTION UNDER FED. R. BANKR. P. 9016 AND FED. R. CIV. P. 45 TO
QUASH SUBPOENAS SERVED BY LEAD PLAINTIFFS ON JOHN SHEEHAN,
LAURA MARION, DAN RENICK, AND JOHN ROTKO

STATE OF NEW YORK        )
                         )        ss.
NEW YORK CITY            )

   Thomas J. Matz, being duly sworn, deposes and says:

   1.  I am an attorney in the New York office of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), and I am one of the attorneys representing Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors").  I submit this affidavit and the attached exhibits in support of the  Motion Under Fed. R. Bankr. P. 9016 And Fed. R. Civ. P. 45 To Quash Subpoenas Served By Lead Plaintiffs On John Sheehan, Laura Marion, Dan Renick, And John Rotko (the "Motion").

   2.  Exhibit 1 to this affidavit is a copy of a letter from Bradley E. Beckworth, counsel for the Teachers' Retirement System of Oklahoma, the Public Employees' Retirement System of Mississippi, Raiffeisen Kapitalanlage-Gesellschaft m.b.H, and Stichting Pensioenfonds ABP (collectively, "Lead Plaintiffs") to David E. Springer of Skadden dated December 8, 2005.

   3.  Exhibit 2 to this affidavit is a copy of a letter from John P. Coffey, Lead Plaintiffs' counsel, to Mr. Springer dated December 12, 2005.

   4.  Exhibits 3–6 to this affidavit are copies of subpoenas issued by Lead Plaintiffs' counsel commanding John Sheehan, Laura Marion, Dan Renick, and John Rotko to appear at the hearing scheduled for January 27, 2006, at 10:00 a.m.

5.      <u>Exhibit 7</u> to this affidavit is a copy of the Declaration of John P. Coffey In

Support Of Lead Plaintiffs' Motion To Compel Discovery Related To Debtors' Motion For Order

Under §§ 105 And 363 Authorizing Debtors To Implement A Key Employee Compensation

Program, which was filed by Lead Plaintiffs as an attachment to their Motion To Compel

Discovery Related To Debtors' Motion for Order Under §§ 105 And 363 Authorizing Debtors to

Implement A Key Employee Compensation Program (Docket No. 1619).

6.      <u>Exhibits 8–10</u> to this affidavit are copies of the unpublished decisions

cited in the Motion:  <u>Dodson v. CBS Broad. Inc.</u>, No. 02 Civ. 9270 (KMW), 2005 WL 3177723

(S.D.N.Y. Nov. 29, 2005), <u>Costomar Shipping Co. v. Kim-Sail, Ltd.</u>, No. 95 Civ. 3349 (KTD),

1995 WL 736907 (S.D.N.Y. Dec. 12, 1995), and <u>Song v. Dreamtouch, Inc.</u>, No. 01 Civ. 0386

(AGS), 2001 WL 487413 (S.D.N.Y. May 8, 2001).


<u>/s/ Thomas J. Matz</u>
Thomas J. Matz


Sworn to before me this 11 day
of January, 2006.


<u>/s/ Adriana G. Salazar</u>
Notary Public


3

**Exhibit 1**

# NIX, PATTERSON, & ROACH, L.L.P.

HAROLD W. NIX
C. CARY PATTERSON
NELSON J. ROACH
EDWARD L. HOHN
JEFFREY J. ANGELOVICH
MICHAEL B. ANGELOVICH
D. NEIL SMITH
BRADLEY E. BECKWORTH
BRADY PADDOCK
KEITH LANGSTON

205 LINDA DRIVE
DAINGERFIELD, TEXAS 75638
(903) 645-7333
FAX: (903) 645-4415

ANTHONY BRUSTER
R. BRANDON MOORE
M. CHAD TRAMMEL
R. DANIEL SOREY
KIMBERLY A. RAMSEY*
SHAUNA R. KINNEY
SUSAN WHATLEY
CHRISTOPHER R. JOHNSON*
ROSE FRAGOSO†
R. BENJAMIN KING
* Licensed only in Louisiana
† Licensed only in New Mexico

## FACSIMILE COVER SHEET

TO:   MR. DAVID SPRINGER;          FAX NO. 312.407.0411
      MR. MICHAEL ETKIN;           FAX NO. 212.262.7402
      MR. GEOFFREY JARVIS;         FAX NO. 302.622.7100
      MR. MICHAEL YARNOFF;         FAX NO. 610.667.7706
      MR. SEAN COFFEE;             FAX NO. 212.554.1444

DATE:    DECEMBER 8, 2005

FROM:    BRADLEY E. BECKWORTH

RE:      LEAD PLAINTIFFS' DISCOVERY REQUESTS PURSUANT TO THEIR
         OBJECTION TO DEBTORS' MOTION FOR ORDER UNDER §§105 AND
         363 AUTHORIZING DEBTORS TO IMPLEMENT A KEY EMPLOYEE
         COMPENSATION PROGRAM

TOTAL PAGES: __8__ (INCLUDING COVER)

## MESSAGE:

PLEASE SEE ATTACHED. THANK YOU.

**PRIVILEGED and CONFIDENTIAL.** This transmittal covers information intended for the use of the named addressee(s). If the reader of this message is not the named addressee or an employee or agent responsible for delivering the message to the intended recipient(s), please do not read the accompanying information, and note that any dissemination, distribution or copying of this communication is strictly prohibited. Anyone receiving the message in error should notify (903) 645-7333 immediately by telephone and return the original message to said sender at the address indicated above by U.S. Mail. Thank you for your cooperation.



# NIX PATTERSON & ROACH, LLP

Bradley E. Beckworth
Attorney at Law
Direct Dial: 903-645-7333 ext. 221
Direct Fax: 903-645-4415
E-mail: bbeckworth@nixlawfirm.com

December 8, 2005

<u>Via Electronic Mail and Facsimile</u>
Mr. David Springer
Skadden, Arps, Slate, Meagher & Flom L.L.P.
333 West Wacker Drive
Chicago, Illinois 60606-1285

Re:    Lead Plaintiffs' Discovery Requests Pursuant to their Objection to Debtors'
       Motion for Order Under §§ 105 and 363 Authorizing Debtors to Implement a
       Key Employee Compensation Program

Dear Mr. Springer:

We represent the Teachers' Retirement System of Oklahoma, the Public Employees' Retirement System of Mississippi, Raiffeisen Kapitalanlage-Gesellschaft m.b.H. and Stichting Pensioenfonds ABP (collectively, "Lead Plaintiffs"), the Court appointed Lead Plaintiffs in the consolidated securities class action entitled *In re Delphi Corp. Securities Litigation*, Master File No. 1:05-CV-2637 (NRB)(SDNY).

During the "meet and confer" telephone call on December 6, 2005, Debtors (for purposes of this letter, "Debtors" refers to Debtors and Debtors-in-Possession) requested that Lead Plaintiffs submit their discovery requests to Debtors by letter, in lieu of a formal set of interrogatories and/or requests for production. Pursuant to Debtors' request, Lead Plaintiffs hereby request that Debtors provide the information and documents detailed below.

For purposes of Debtors' response to this letter, the Uniform Definitions in Discovery Requests set forth in Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern District of New York, incorporated by reference in Rule 7026-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") shall apply to this request for information and documents. Further, the requirements of Rules 7033-1 and 7034-1 of the Local Rules are incorporated herein.

Reference to the "KECP Motion" means the Motion for an Order under §§ 105 and 363 Authorizing the Debtors to Implement a Key Employee Compensation Program, and all amendments thereto. "Covered Employees" means the Delphi employees as defined and described in Paragraphs 20 and 24 of the Debtor's KECP Motion, and in Exhibit 1 attached thereto. The "Objection" means Lead Plaintiffs' Objection to Debtors' Motion for Order Under

*Mr. David Springer*
*December 8, 2005*
*Page 2 of 7*

§§ 105 and 136 Authorizing the Debtors to Implement a Key Employee Compensation Program, and all amendments thereto. In this regard, Lead Plaintiffs request the following:

1.  Please identify each executive covered under the KECP Motion.

2.  For each person identified in response to item number 1, please identify each person(s) so listed who participated in any manner in one or more of the following:

    a.  Financing transactions totaling approximately $441 million reported by Debtors as sales of inventory or indirect materials, as described in detail in Lead Plaintiffs' Consolidated Class Action Complaint (hereinafter the "Complaint") at ¶¶122-54 (attached as Exhibit 1 to Lead Plaintiffs' Objection). Specifically:

        (i) $145 million in financing transactions with, Setech, Inc. ("Setech") as income from sales of indirect materials;

        (ii) $89 million in financing transactions with BBK, Ltd. ("BBK") as income from sales of inventory; and

        (iii) $200 million in financing transactions with Bank One Corporation ("Bank One") as income from sales of precious metals;

    b.  Transactions totaling more than $240 million between Debtors and General Motors Corporation ("GM"), as described in detail in the Complaint at ¶¶155-68;

    c.  Transactions between Debtors and various service providers, including $68 million in transactions with Electronic Data Systems ("EDS"), one of Debtors' information technology service providers, as described in detail in the Complaint at ¶¶173-84;

    d.  Debtors' identification of obligations that were not properly accrued for at the end of an accounting period that resulted in an overstatement of Debtors' pre-tax income by $14 million in 2002 and by $34 million in 2003, as described in detail in the Complaint at ¶¶185-87, as well as in Debtors' restated financial results for Fiscal Years 2002 and 2003, and selected financial data for Fiscal Years 2000 and 2001, in its Form 10K for the year ended December 31, 2004 (the "Restatement"), Item 7, Subparagraph (f);

e.  Debtors' accounting for Debtors' direct materials by understating the value of its direct materials inventory on a monthly, quarterly and yearly basis, as described in detail in the Complaint at ¶¶190-99; and

f.  All transactions not heretofore listed, which are listed in Debtors' restated financial results for Fiscal Years 2002 and 2003, and selected financial data for Fiscal Years 2000 and 2001, in its Form 10K for the year ended December 31, 2004 (the "Restatement"), Item 7, Subparagraphs (a) through (g) (pages 21-23).

3.  For each person identified in response to item number 2 (and/or each discrete subpart thereof), please state whether Debtors employed any investigation, processes and/or procedures to determine whether each such person's involvement in each transaction listed therein constituted:

a.  A failure to exercise reasonable care;
b.  A failure to exercise sound business judgment;
c.  A dereliction of job duties;
d.  Fraud (either civil or criminal in nature);
e.  Mismanagement; and/or
f.  Improper and/or undesirable conduct.

4.  If Debtors answered "Yes" in response to item number 3 (and/or any discrete subpart thereof), please list and describe the results and/or conclusions reached by Debtors regarding each such person so identified.

5.  If Debtors answered "Yes" in response to item number 3 (and/or any discrete subpart thereof), please identify each person who participated in any such investigation, processes and/or procedures.

6.  Please identify the twenty-five executives referenced in the KECP Motion, who have departed Debtors' employ since January 1, 2005.

7.  For each person identified in response to item number 6, please state the reason(s) for each such person's departure.

8.  Please identify and describe the performance goals used to trigger the bonuses offered under the KECP's annual incentive plan, including the methodology used in setting the performance goals.

9.  Please identify and describe the methodology underlying the allocation of the cash component of the KECP's emergence bonus plan.

*Mr. David Springer*
*December 8, 2005*
*Page 4 of 7*

10.    Please list and provide a copy of any application for employment submitted to Debtors on behalf of a person who sought (or seeks) one or more of the positions presently held by the 486 executives who would be covered under the KECP.

11.    Please identify every person you intend to call to testify at the hearing on the KECP Motion and describe the subject matters about which they will testify.

12.    Do Debtors contend that the exercise of sound business judgment does not preclude Debtors from offering any form of key employee compensation to an employee who has:

   a.    Failed to exercise reasonable care;
   b.    Failed to exercise sound business judgment;
   c.    Been derelict in their job duties;
   d.    Engaged in fraud (either civil or criminal in nature);
   e.    Engaged in mismanagement; or
   f.    Engaged in improper and/or undesirable conduct.

13.    Do Debtors contend that a failure to exercise sound business judgment does not preclude the Debtors from offering any form of key employee compensation program during the course of these Chapter 11 proceedings?

   a.    If so, state with particularity the bases of Debtors' contention, including the identification of all facts, opinions, and documents that support your contention.

   b.    Do Debtors contend that the failure to exercise sound business judgment does not preclude the Debtors from including, as a component of the key employee compensation program:

      i.    a pre-emergence incentive plan? State with particularity the bases of your contention, including the identification of all facts, opinions, and documents that Debtors contend support this contention.

      ii.    pre-emergence employment severance protection? State with particularity the bases of Debtors' contention, including the identification of all facts, opinions, and documents that Debtors contend support this contention.

      iii.    an emergence bonus plan? State with particularity the bases of Debtors' contention, including the identification of all facts, opinions, and documents that Debtors contend support this contention.

          iv.     equity in the post-emergence company as a component of an emergence bonus plan? State with particularity the bases of Debtors' contention, including the identification of all facts, opinions, and documents that Debtors contend support this contention.

14. Please identify all documents you intend to offer into evidence or for any other purpose at the hearing on the KECP Motion.

15. Please produce all documents regarding any matter responsive to item numbers 1-14.

16. Please produce a true and correct copy of the direct testimony, declaration, or affidavit, including exhibits, of each witness identified in response to item number 11.

17. Please produce a true and correct copy of all documents relating to Lead Plaintiffs' allegation in Paragraph 2 of the Objection that any Delphi executive or former Delphi executive "knowingly participated in Delphi's massive accounting fraud, or . . . inexcusably tolerated or ignored that fraud" which is the subject of the consolidated securities class action, entitled *In re Delphi Corp. Securities Litigation*, Master File No. 1:05-CV-2637 (NRB) (S.D.N.Y.) (the "Consolidated Securities Litigation.").

18. Please produce a true and correct copy of all documents relating to Lead Plaintiffs' allegation in Paragraph 2 of the Objection that "Delphi's massive accounting fraud . . . impelled the Company's slide towards bankruptcy."

19. Please produce a true and correct copy of all documents relating to Lead Plaintiffs' allegation in Paragraph 2 of the Objection that Delphi's June 30, 2005, restatement of prior period earnings involves "one of the largest corporate frauds of our era."

20. Please produce a true and correct copy of all documents relating to Lead Plaintiffs' allegation in Paragraph 4 of the Objection that any of the Delphi employees "who would presumably profit from the KCEP were directly involved in the sham transactions, inventory manipulating, and book-cooking" referenced in the Objection and alleged in the Consolidated Securities Litigation.

21. Please produce a true and correct copy of all documents relating to Lead Plaintiffs' allegation in Paragraph 4 of the Objection that any "sham transactions, inventory manipulating, and book-cooking . . . triggered Delphi's bankruptcy."

*Mr. David Springer*
*December 8, 2005*
*Page 6 of 7*

22. Please produce a true and correct copy of all documents relating to Lead Plaintiffs' allegation in Paragraph 8(e) of the Objection that "Delphi and its senior executives routinely set inventory target levels, instructed subordinates not to record high-dollar supplies as inventory and directed subordinates to delay delivery of inventory."

23. Please produce a true and correct copy of all documents relating to Lead Plaintiffs' allegation in Paragraph 16 of the Objection that any purported "fraudulent conduct or willfull blindness" by any Delphi employee or former Delphi employee "precipitated the Debtor's collapse and necessitated this bankruptcy proceeding."

24. Please produce a true and correct copy of all documents relating to Lead Plaintiffs' allegation in Paragraph 23 of the Objection that "the very executives who had fostered the Company's fraudulent culture and accounting practices, or had blithely ignored them in the face of mysteriously increasing earnings," remain "at the helm of the Company."

25. Please produce a true and correct copy of all documents relating to Lead Plaintiffs' allegation in Paragraphs 24(a) through 24(c) of the Objection that Delphi employees Rodney O'Neal, David Wohleen, and Mark R. Weber were "involved in Delphi's fraudulent accounting practices."

26. Please produce a true and correct copy of all documents relating to Lead Plaintiffs' allegation in Paragraphs 25(a) through 25(n) of the Objection that any of the persons identified therein were "involve[d] in Delphi's accounting fraud."

27. Please produce a true and correct copy of all documents relating to Lead Plaintiffs' allegation in Paragraph 26 of the Objection that "executives at all levels and in all business sectors of the Company either participated in or willfully ignored the Debtors' massive accounting fraud."

28. To the extent that the Debtors deny the allegations in the Objection as referenced in requests 17 through 27 above, please produce any and all documents that support Debtors' denial thereof.

29. Lead Plaintiffs hereby incorporate all discovery requests submitted to Debtors by each Objector to the KECP Motion as if same are set forth fully herein.

We look forward to receiving Debtors' Response in a timely manner as we fully expect to proceed with this hearing on January 5, 2006.

*Mr. David Springer*
*December 8, 2005*
*Page 7 of 7*

        We reserve the right to serve additional requests as our investigation continues and after
we have had an opportunity to review Debtors' responses to the discovery requests set forth
above.

        We will give you a full list of all persons we intend to depose as soon as possible. At this
time, we intend to depose John D. Sheehan. Specifically, we are requesting dates and times for
Mr. Sheehan's deposition in advance of your proposed January 2, 2006, starting date for
depositions. We will provide you with the names of any additional person(s) we intend to
depose as soon as reasonably practicable after we have had an opportunity to review Debtors'
responses to the discovery requests set forth above.

                                        Sincerely,

                                        Bradley E. Beckworth

BEB/sc
cc:     Mr. Sean Coffee
        Mr. Michael Yarnoff
        Mr. Geoffrey Jarvis
        Mr. Michael Etkin

**Exhibit 2**

# BERNSTEIN LITOWITZ BERGER & GROSSMANN

1285 Avenue of the Americas
New York, New York 10019
(212) 554-1400
Telecopier (212) 554-1444

## TELECOPY TRANSMITTAL SHEET

**FROM:**   **John P. Coffey**                    **DATE:**   **December 12, 2005**

**RE:**      **In re Delphi Corp.**                **PGS:**   **3**   (including cover sheet)

| TO:   David Springer | 312-407-8524 [Fax] |
|---|---|
| FIRM: SKADDEN, ARPS, SLATE, MEAGHER & FLOM L.L.P. | |
| TO:   Michael S. Etkin, Esq. | 973-597-2313 [Fax] |
| FIRM: LOWENSTEIN SANDLER PC | |
| TO:   Bradley Beckworth | 903-645-4415 [Fax] |
| FIRM: NIX, PATTERSON & ROACH, LLP | |
| TO:   Stuart Grant | 302-622-7100 [Fax] |
| FIRM: GRANT & EISENHOFER, P.A. | |
| TO:   Michael Yarnoff | 610-667-7056 [Fax] |
| FIRM: SCHIFFRIN & BARROWAY LLP | |

MESSAGE:

WARNING: The information contained in this facsimile is attorney privileged and confidential information
intended only for the use of the individual or entity named above. If the reader of this message is not the intended
recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that
any distribution or copying of this communication is strictly prohibited. If you have received this communication
in error, please notify us immediately by telephone and return the original to us at the above address by mail.
Thank you.                                                                       1016

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

## ATTORNEYS AT LAW

### NEW YORK • CALIFORNIA • NEW JERSEY • LOUISIANA

John P. Coffey
sean@blbglaw.com
212-554-1409

December 12, 2005

**Via Electronic Mail and Facsimile**

David Springer, Esq.
Skadden, Arps, Slate, Meagher & Flom L.L.P.
333 West Wacker Drive
Chicago, Illinois 60606-1285

Re:   *In re Delphi Corporation, et al, Chapter 11 Case No. 05-44481 (RDD)*

Dear Mr. Springer:

On behalf of the Teachers' Retirement System of Oklahoma, the Public Employees' Retirement System of Mississippi, Raiffeisen Kapitalanlage-Gesellschaft m.b.H. and Stichting Pensioenfonds ABP, the Court appointed lead plaintiffs in the consolidated securities class action entitled *In re Delphi Corp. Securities Litigation,* Master File No. 1:05-CV-2637 (NRB) (collectively, "Lead Plaintiffs"), we write concerning discovery related to Debtors' Motion for an Order under §§ 105 and 363 Authorizing the Debtors to Implement a Key Employee Compensation Program (the "KECP Motion").

First, with regard to Debtors' First Set of Interrogatories and Document Requests to the Securities Class Action Lead Plaintiffs, dated December 5, 2005 (the "Debtors' Discovery Requests"), Lead Plaintiffs intend to produce all non-privileged documents responsive to Debtors' Discovery Requests by your proposed deadline (that is, December 21, 2005). We agree to do so in anticipation of your reciprocal cooperation in producing documents sought by Lead Plaintiffs in our discovery requests served by letter on December 8 ("Lead Plaintiffs' Discovery Requests").

Second, we have not yet received Debtors' written objections to Lead Plaintiffs' Discovery Requests, which, according to the schedule you circulated last week, were due to us on December 10. We would like to schedule a meet and confer to discuss our respective discovery requests and objections as soon as possible. Please let us know your availability for the meet and confer on these document requests. Assuming we get your promised response today or tomorrow, we would be available for a conference call on Thursday afternoon.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

David Springer, Esq.
December 12, 2005
Page 2


Finally, Lead Plaintiffs presently intend to call John D. Sheehan, Laura Marion, Dan Renick and John Rotko to testify at the January 5, 2006 hearing on the KECP Motion. Please let us know their availability for deposition as soon as possible. Once we have had an opportunity to review your witness list and the documents that Debtors produce in response to Lead Plaintiffs' Discovery Requests, we will be able to provide you with more information regarding any additional witnesses we intend to call at the hearing.

Sincerely,

John P. Coffey

cc:     Michael Etkin, Esq.
        Brad Beckworth, Esq.
        Stuart Grant, Esq.
        Michael Yarnoff, Esq.

**Exhibit 3**

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

In re:

DELPHI CORPORATION,
                    Debtor.

**TRIAL SUBPOENA**

CASE NO.: 05-44481 (RDD)
(JOINTLY ADMINISTERED)

CHAPTER 11

To:

# John D. Sheehan

☒ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE | DATE AND TIME |
|---|---|
| United States Bankruptcy Court for the Southern District of New York<br>United States Bankruptcy Court – Court of Honorable Robert D. Drain<br>One Bowling Green<br>New York, New York 10004 | January 27, 2006 at 10:00 a.m. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *Matthew C. Moehlman* , attorney-at-law | December **23**, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Matthew C. Moehlman
Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1472

**Exhibit 4**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:

DELPHI CORPORATION,
                    Debtor.

TRIAL SUBPOENA

CASE NO.: 05-44481 (RDD)
(JOINTLY ADMINISTERED)

CHAPTER 11

To:

# Laura Marion

☒ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE<br>United States Bankruptcy Court for the Southern District of<br> New York<br>United States Bankruptcy Court – Court of Honorable Robert D.<br>Drain<br>One Bowling Green<br>New York, New York 10004 | DATE AND TIME<br>January 27, 2006 at 10:00 a.m. |
| --- | --- |

| ISSUING OFFICER SIGNATURE AND TITLE<br>*Matthew C. Moehlman* , attorney-at-law | DATE<br>December 23, 2005 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Matthew C. Moehlman
Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1472

**Exhibit 5**

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

In re:

DELPHI CORPORATION,
           Debtor.

**TRIAL SUBPOENA**

CASE NO.: 05-44481 (RDD)
(JOINTLY ADMINISTERED)

CHAPTER 11

To:

# Dan Renick

☒ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE | DATE AND TIME |
|---|---|
| United States Bankruptcy Court for the Southern District of New York<br>United States Bankruptcy Court – Court of Honorable Robert D. Drain<br>One Bowling Green<br>New York, New York 10004 | January 27, 2006 at 10:00 a.m. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| _Matthew C. Moehlman_ , attorney-at-law | December 23, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Matthew C. Moehlman
Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1472

**Exhibit 6**

# UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

DELPHI CORPORATION,
                Debtor.

**TRIAL SUBPOENA**

CASE NO.: 05-44481 (RDD)
(JOINTLY ADMINISTERED)

CHAPTER 11

To:

# John Rotko

☒ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE<br>United States Bankruptcy Court for the Southern District of<br>New York<br>United States Bankruptcy Court – Court of Honorable Robert D.<br>Drain<br>One Bowling Green<br>New York, New York 10004 | DATE AND TIME<br>January 27, 2006 at 10:00 a.m. |
| --- | --- |

| ISSUING OFFICER SIGNATURE AND TITLE<br><br>*Matthew C. Moehlman*, attorney-at-law | DATE<br><br>December 23, 2005 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Matthew C. Moehlman
Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1472

18692/2
12/23/05 1826147.01

**Exhibit 7**

**LOWENSTEIN SANDLER PC**                              Hearing Date: January 5, 2006 at 10:00 a.m.
Michael S. Etkin, (ME 0570)
Ira M. Levee (IL 9958)
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
(212) 262-6700  (Telephone)
(212) 262-7402  (Facsimile)
                and
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2481 (Facsimile)

*Bankruptcy Counsel to Lead Plaintiffs and the Prospective Class*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | : |
| In re: | :    Chapter 11 |
| DELPHI CORPORATION, et al., | : |
| | :    Case No. 05-44481 (RDD) |
| Debtors. | : |
| | :    (Jointly Administered) |
| | : |

**DECLARATION OF JOHN P. COFFEY IN SUPPORT OF LEAD
PLAINTIFFS' MOTION TO COMPEL DISCOVERY RELATED TO DEBTORS'
MOTION FOR ORDER UNDER §§ 105 AND 363 AUTHORIZING DEBTORS
TO IMPLEMENT A KEY EMPLOYEE COMPENSATION PROGRAM**

Pursuant to 28 U.S.C. § 1746, JOHN P. COFFEY, hereby declares as follows:

1.      I am a member in good standing of the bar of this Court and a partner with

Bernstein Litowitz Berger and Grossmann LLP ("Bernstein Litowitz"), one of the Court-

appointed Lead Counsel for the Teachers' Retirement System of Oklahoma, the Public

Employees' Retirement System of Mississippi, Raiffeisen Kapitalanlage-Gesellschaft

m.b.H. and Stitching Pensioenfonds ABP (collectively, "Lead Plaintiffs"), the court-

appointed Lead Plaintiffs in the securities class action entitled *In re Delphi Corp.*
*Securities Litigation.* I submit this declaration in support of Lead Plaintiffs' Motion to
Compel Discovery Related to Debtors' Motion for Order Under §§ 105 and 363
Authorizing Debtors to Implement a Key Employee Compensation Program (the "Motion
to Compel"). The facts set forth below are known to me personally or based on reports
made to me by other counsel for Lead Plaintiffs.

Procedural and Factual Background

2.    On June 27, 2005, the four large institutional investors identified above
were appointed by the Honorable Naomi Reice Buchwald of the United States District
Court of the Southern District of New York to serve as Lead Plaintiffs to represent all
Delphi securities purchasers in the class action entitled *In re Delphi Corp. Securities*
*Litigation*. *See* Docket No. 32. In their consolidated complaint filed on September 30,
2005 (attached as Exhibit 1 to Lead Plaintiffs' Objection to Debtor's Motion for an Order
Under §§ 105 and 363 Authorizing Debtors to Implement a Key Employee Compensation
Program (the "Complaint")) Lead Plaintiffs alleged that Delphi Corp. ("Delphi" or the
"Company"), various of its officers, and its auditor Deloitte & Touche, did, between
March 7, 2000 and March 3, 2005 (the "Class Period"), commit a host of accounting
improprieties that violated federal securities laws and resulted in the material
misstatement of virtually every financial statement filed by the Company since it became
a publicly-traded company in 1999. Based on Lead Plaintiffs' pre-filing investigation,
and on Delphi's own admissions of its past improprieties in its June 30, 2005 restatement
(the "Restatement") and related press releases, the Complaint describes a widespread,
indeed pervasive, tolerance of accounting and financial chicanery among numerous

Delphi executives.  *See* Complaint Sect. VI, ¶¶ 117-204 (describing fraudulent activity at

Delphi).    Indeed, the Complaint identified by name no fewer than fifteen current

company executives who either were directly involved in, knew of, or turned a blind eye

to alleged (or in many cases, admitted) accounting improprieties.  See, e.g., Complaint

¶¶123, 130, 132, 139, 193-4, 198 relating to Mark R. Weber; Executive Vice President,

Operations, Human Resource Management & Corporate Affairs; Rick Birch, Delphi's

Global Director of Production, Control and Logistics; Guy C. Hatchey, Vice President of

Delphi and President of the Energy and Chassis Division; and Mark Lorenz, Delphi's

Vice President of Operations and Logistics.

3.    After Debtors filed for bankruptcy protection, Lead Plaintiffs authorized

the retention of Lowenstein Sandler, P.C. to assist in the representation of Lead Plaintiffs

and the prospective Class in the Chapter 11 proceeding.

4.    On October 8, 2005, Debtors moved for an Order Under §§ 105 and 363

Authorizing Debtors to Implement a Key Employee Compensation Program (the

"KECP") (the motion is hereinafter referred to as the "KECP Motion").  *See* Docket No.

0013.    On October 14, 2005, Debtors re-filed the KECP Motion seeking substantially

similar relief.  *See* Docket No. 0213.  Although the KECP Motion purported to describe

the Debtors' financial history, it made no mention of the billion dollar-plus Restatement

that had been filed just months before this bankruptcy filing, or of the underlying

accounting scandal widely considered a substantial cause of that filing.  The KECP

Motion was likewise silent as to what measures, if any, had been taken to ensure that any

executives who participated in, were aware of, or recklessly ignored the past financial

improprieties would benefit from the proposed KECP.  Nothing was said as to whether

there had been any scrutiny whatever of the fifteen executives who were named in the

Complaint who remained with the Company as of October 8, 2005.    As to those

executives named in the Complaint who are no longer with the Company because they

had been terminated for cause or urged to resign as a result of the accounting scandal, the

KECP misleadingly lumps them within the twenty-five executives Debtors claim to have

"lost" since January 1, 2005, KECP ¶ 17, a statistic cited as a ground for approving the

KECP.

5.    On November 22, 2005, Lead Plaintiffs timely filed an Objection to

Debtor's KECP Motion (the "Objection").    *See* Docket No. 1161.    Lead Plaintiffs

objected to the KECP Motion on the grounds that the Motion fails to provide evidence

demonstrating that the proposed KECP is the result of sound business judgment.

Specifically, Lead Plaintiffs asserted that Debtor's proposed KECP is (i) not supported by

sufficient facts; (ii) unconscionable because many of the senior executives who were

involved in the admitted accounting improprieties are still managing the Company and

stand to profit under the KECP; and (iii) not specific regarding key details of the plan,

including the identity of the executives covered under the KECP and the specific

performance levels that trigger the KECP.

6.    In response to Lead Plaintiffs' Objection, Debtors served their First Set of

Interrogatories and Document Requests on Lead Plaintiffs ("Debtors' Discovery

Requests").    A copy of Debtors' December 5, 2005 cover letter and Debtors' Discovery

Requests are attached hereto as Exhibits A and B, respectively.    Among other things,

Debtors demanded that Lead Plaintiffs produce documents relating to the alleged

accounting improprieties, inventory manipulation, and sham transactions that Lead

Plaintiffs contend should disqualify tainted executives from participating in the KECP. *See* Ex. B, *e.g.,* Requests No. 3, 6-8.

7.      On December 6, 2005, several of my co-counsel, including Ira M. Levee of Lowenstein Sandler PC and Hannah E. Greenwald of my firm, participated in a telephonic meet and confer between Debtors and other parties who had objected to the KECP Motion, including counsel for the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO (the "USW") and the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers-Communications Workers of America (the "IUE-CWA").  During the meet and confer, Debtors proposed a discovery schedule that provided for, among other things, (i) Lead Plaintiffs to submit discovery requests to Debtors by December 8, 2005; (ii) Debtors to provide written objections to Lead Plaintiffs' discovery requests by December 10, 2005; and (iii) Lead Plaintiffs to provide written objections to Debtors' Discovery Requests by December 12, 2005.  A copy of Debtors' proposed schedule is attached hereto as Exhibit C.

8.      In accordance with Debtors' schedule, Lead Plaintiffs submitted their discovery requests to Debtors ("Lead Plaintiffs' Discovery Requests") on December 8, 2005.  A copy of those requests is attached hereto as Exhibit D.  Among other things, we informed Debtors that we had already identified at least one current executive that we intended to depose in connection with the KECP Motion (John D. Sheehan, former head of accounting during much of the period when the accounting improprieties occurred and now, notwithstanding the accounting improprieties that occurred on his watch, chief of

Delphi's restructuring effort), and that Lead Plaintiffs would provide the names of additional witnesses as soon as reasonably practicable.

9.      On December 9, 2005, Debtors began producing documents responsive to requests propounded by the Committee of Unsecured Creditors, the USW and the IUE-CWA by posting such documents on an electronic database.   Before allowing Lead Plaintiffs access to the electronic database, Debtors required that Lead Counsel execute their proposed Stipulation and Agreed Protective Order Governing Production and Use of Confidential and Highly Confidential Information in Connection With the Debtor's Motion for an Order Under §§ 105 and 363 Authorizing Debtors to Implement a Key Employee Compensation Program and Objections Filed Thereto (the "Confidentiality Stipulation and Order").  We did so, without any modification, on December 9, 2005.  A copy of the Confidentiality Stipulation and Order is attached hereto as Exhibit E.

10.      Pursuant to Debtors' schedule, Debtors' objections to Lead Plaintiffs' Discovery Requests were due to be served on December 10, 2005.  Debtors did not serve their objections on that date; nor did they alert Lead Plaintiffs to any difficulties in complying with their own proposed schedule or ask that Lead Plaintiff consent to an extension of Debtors' time to object to Lead Plaintiffs' Discovery Requests. Furthermore, Debtors flatly denied a request by the unions to get an extension on their deadline for discovery responses.  A copy of the Debtors' transmittal email is attached hereto as Exhibit F.  Debtors stated that if the unions failed to produce their discovery responses by December 23, they will have breached their agreement and be precluded from offering evidence in support of their objections.[1]

---

[1]   Debtors themselves have insisted that, in order to ensure the fair and orderly consideration of the KECP Motion, a party that fails to timely comply with Debtors' schedule merits the sanction

11.    Notwithstanding Debtors' failure to abide by their own schedule, Lead Plaintiffs timely informed Debtors on December 12, 2005 that they would produce all non-privileged documents responsive to Debtors' Discovery Requests by December 21, 2005, the date proposed by Debtors.  A copy of Lead Plaintiffs' December 12, 2005 letter to Debtors is attached hereto as Exhibit H.  Having further considered the KECP Motion and the discovery sought by Debtors in the Debtors' Discovery Requests, Lead Plaintiffs also informed Debtors of their intention to call Sheehan, Laura Marion ("Marion"), Dan Renick ("Renick") and John Rotko ("Rotko") to testify at the hearing on the KECP Motion.

12.    On December 12, 2005, without explanation as to their failure to abide by their own schedule, Debtors tardily provided Lead Plaintiffs with their written objections to Lead Plaintiffs' Discovery Requests.  A copy of Debtors' December 12, 2005 letter is attached hereto as Exhibit I.  Debtors objected to sixteen of the twenty-nine requests, claiming that the requests were (i) not relevant to the KECP motion and (ii) an improper attempt to obtain discovery for the underlying securities action in violation of the litigation stay imposed by Section 362(a) of the Bankruptcy Code and the discovery stay imposed by the Private Securities Litigation Reform Act (the "PSLRA").  Debtors also objected to Lead Plaintiffs' Discovery Requests to the extent the requests sought information on the identities of the executives covered under the KECP, contending that such information was an invasion of privacy.  For this reason, Debtors stated that they would only provide identifying information for the five most highly-compensated

of preclusion.  Lead Plaintiffs respectfully submit that Debtors' failure to object in a timely manner requires rejection of their objections. *See Eldaghar v. City of New York Dep't of Citywide Admin. Serv.,* No. 02Civ.9151, 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) (holding that failure to provide objections to discovery requests in a timely manner operates as a waiver), attached hereto as Exhibit G.

participants of the program. In addition, Debtors objected to Lead Plaintiffs' request to depose Sheehan in connection with the KECP Motion, stating that they would not produce him for deposition "at least not without a satisfactory explanation by the requesting party as to the relevance of his testimony and the identification of areas of potential inquiry."

13.    On December 13, 2005, the hearing on the KECP was adjourned from January 5, 2006 to January 27, 2006. Thereafter, Debtors circulated a revised discovery schedule for the KECP Motion hearing. A copy of the Debtors' transmittal e-mail and revised schedule is attached hereto as Exhibit J. Among other things, the date by which Lead Plaintiffs are to produce documents sought by Debtors – including those relating to the allegations of misconduct – has been moved to December 23, 2005.

The December 15, 2005 Meet and Confer

14.    On December 15, 2005, I, other Co-Lead Counsel, and Bankruptcy Counsel participated in a telephonic meet and confer with Debtors' Counsel in an attempt, among other things, to resolve the discovery issues relating to Lead Plaintiffs' Discovery Requests in connection with the KECP Motion and Debtors' objections thereto. As set forth in greater detail below, the meet and confer focused on Debtors' four primary objections to Lead Plaintiffs' Discovery Requests, which include (i) the relevance of Lead Plaintiffs' Discovery Requests; (ii) the purpose of Lead Plaintiffs' Discovery Requests; (iii) the confidentiality and treatment of information related to certain beneficiaries of the KECP; and (iv) the individuals whom Lead Plaintiffs intend to depose and call as witnesses in connection with the hearing on the KECP Motion.

15.    First, Lead Plaintiffs explained that our discovery requests seek documents which are relevant to the KECP Motion, namely, whether the KECP will reward executives who were involved in Delphi's accounting improprieties.  We explained that, because Lead Plaintiffs' Discovery Requests relate directly to determining (i) what the intended beneficiaries of the KECP did or did not do with respect to Delphi's improper accounting practices and inventory manipulations, and (ii) what Delphi did to ensure that the executives who were involved in the accounting improprieties would not benefit under the KECP, our discovery requests are highly relevant to evaluating the appropriateness of and the business judgment behind Debtors' KECP Motion.  We also pointed out that Debtors' own actions demonstrate that they believe that this information is relevant to the motion.  Indeed, Debtors' Discovery Requests to Lead Plaintiffs, which were served *prior* to Lead Plaintiffs' Discovery Requests to Debtors, seek the production of almost identical information and documents.  *See* Exhibit B.

16.    In response, Debtors stated, in substance, that the requested discovery is not relevant.

17.    Second, Lead Plaintiffs addressed Debtors' contention that Lead Plaintiffs' Discovery Requests were an attempt to improperly obtain discovery in the underlying securities case in violation of the stays imposed by the Bankruptcy Code and the PSLRA.    We explained that, regardless of whether the requested information is relevant to the underlying securities case, the requested information is highly relevant to the particular issues raised by the KECP Motion filed by Debtors and that, as creditors and parties-in-interest in the bankruptcy proceeding, Lead Plaintiffs are entitled to that information irrespective of the underlying securities case and the related stays.    In

9

addition, we explained that Lead Plaintiffs' Discovery Requests were narrowly tailored to address the specific issues raised by the KECP Motion and Lead Plaintiffs' Objection thereto.

18.    In response, Debtors stated, in substance, that the requested discovery was an improper attempt to obtain discovery for the underlying securities case and thus grounds to refuse to produce such discovery in connection with the KECP Motion.

19.    Third, Lead Plaintiffs addressed Debtors' contention that providing identifying information for executives covered under the KECP, other than information about the five most highly-compensated beneficiaries of the KECP, constituted an "invasion of privacy."   We noted that concerns of privacy should not be an issue since Lead Counsel and Bankruptcy Counsel had duly executed the Confidentiality Stipulation and Order proposed by Debtors.  In response, Debtors stated (without elaboration) that the Confidentiality Stipulation and Order was insufficient to protect against invasions of privacy.  I then offered to consider any revised confidentiality order that Debtors believed would be sufficient to protect the privacy of the KECP beneficiaries.  Debtors' Counsel stated that they would "think about it."  As of this date, Debtors have not circulated any revision to the existing confidentiality order on this point.

20.    Fourth, we addressed Debtors' refusal to produce Sheehan for deposition. In doing so, we explained Lead Plaintiffs' rationale for seeking to depose Sheehan, including the reasons why Sheehan is a relevant and necessary witness.   We also explained Lead Plaintiffs' rationale for seeking to depose additional Delphi witnesses, including Marion, Renick and Rotko.  *See infra*, ¶¶ 27-30.  Notwithstanding our explanation, Debtors would not reconsider their refusal to produce the witnesses for

deposition, and would not even confirm whether these individuals are intended beneficiaries of the KECP.

21.     At the end of the meet and confer, in a final attempt to narrow the disputed discovery issues and refine the issues that may require the Court's intervention,  Lead Counsel inquired whether any documents sought in Lead Plaintiffs' Discovery Requests existed.  Specifically, we asked if Delphi had scrutinized whether any of the intended beneficiaries of the KECP were involved in the accounting improprieties and, if so, whether there were documents memorializing such consideration.  Debtors refused to answer these questions.  Debtors also refused to identify a witness knowledgeable regarding what the Company did or did not do to ensure that the wrongdoers did not benefit under the KECP.

22.     At no point during the December 15, 2005 meet and confer did Debtors' counsel claim that the discovery sought by Lead Plaintiff was burdensome to the estate.

23.     On December 15, 2005, Debtors provided Lead Plaintiffs with further objections and partial responses to Lead Plaintiffs' Discovery Requests.  Debtors, in large part, restated their objections by incorporating the objections set forth in their December 12, 2005 letter.  *See* Exhibit I.  A copy of Debtors' December 15, 2005 letter setting forth Debtors' further objections and partial responses to Lead Plaintiffs' Discovery Requests is attached hereto as Exhibit K.

The Need For Judicial Intervention

24.     Despite Lead Plaintiffs' best efforts to resolve the discovery disputes raised by Debtors in their untimely objections to Lead Plaintiffs' Discovery Requests, the parties have been unable to reach a resolution concerning the issues raised above.

11

Accordingly, Lead Plaintiffs seek the Court's assistance in resolving the parties' discovery dispute.

25.    Specifically, Lead Plaintiffs respectfully request that the Court order Debtors to produce all documents and information responsive to Lead Plaintiffs' Discovery Requests.   As discussed above, the requested discovery is critical and necessary to evaluate whether Debtors' KECP constitutes the exercise of sound business judgment.   The requested discovery seeks information that goes directly to the heart of the KECP Motion, including, (i) the identities of the executives covered under the KECP; (ii) whether the executives covered under the KECP were involved in Delphi's improper accounting practices and inventory manipulations; and (iii) what, if anything, Delphi did do to ensure that the executives covered under the KECP were not involved in Delphi's accounting improprieties.

26.    Lead Plaintiffs also respectfully request that the Court order Debtors to produce Sheehan, Marion, Rotko and Renick for deposition reasonably in advance of the January 27, 2006 hearing on the KECP Motion.   These individuals are relevant to the KECP Motion because, as executives of Delphi for the last several years, these four individuals are presumably beneficiaries of the KECP, are familiar with other beneficiaries of the KECP and, as set forth in more detail below, are knowledgeable about Delphi's accounting improprieties and inventory manipulations.   Lead Plaintiffs note that these four individuals are a modest fraction of the nineteen current executives whom Lead Plaintiffs believe are tainted by the accounting scandal.   We summarize below the basis for requesting these four depositions.

27.     Sheehan was Delphi's Chief Accounting Officer and Controller from July 2002 until March 2005.  As such, he had a top-down view of Delphi's accounting practices and was in a position to know about Delphi's accounting improprieties, including who participated in various fraudulent accounting practices.  Sheehan would provide relevant testimony relating to his knowledge of the accounting improprieties, including, but not limited to his knowledge of the individuals involved in the particular transactions and whether the individuals involved are covered under the KECP.  *See* Complaint at ¶¶ 31, 195, 198, 605.

28.     Marion is the current and former Director of Delphi's Financial Reporting and Accounting Division.  As such, she was intimately familiar with and had access to all details relating to Delphi's financial reporting and accounting practices during the time period in which Delphi's accounting improprieties took place.  In particular, Marion was responsible for closing Delphi's books, including during the 2000 fiscal year, when, upon information and belief, Delphi re-opened its books after the close to record a $200 million financing transaction with Bank One as a "sale" of precious metals.  Marion would provide relevant testimony relating to her knowledge of Delphi's accounting improprieties, including, but not limited to, her knowledge regarding the $200 million Bank One transaction, including the individuals involved in the transaction and whether the individuals involved are covered under the KECP. *See* Complaint at ¶¶ 152-154.[2]

_____

[2]   We note that, in the course of Lead Plaintiffs' investigation, we have learned important details regarding Delphi's fraudulent transaction with Bank One.  Specifically, in December 2000, Delphi disguised a loan for $200 million from Bank One as a sale of precious metals from its inventory.  To make this $200 million loan appear as a sale of inventory on its books, Delphi re-opened its books for the year ended December 31, 2000 and made new journal entries.  It is our understanding that, because of her end-of-year financial duties, Laura Marion is knowledgeable about who was involved in re-opening

29.    Renick is a Director of Plant Production, Control, and Logistics for Delphi's Electronics Safety Division.  In this position, Renick is intimately familiar with Delphi's schemes to understate its inventory.  Renick would provide relevant testimony relating to his knowledge of Delphi's accounting improprieties, including, but not limited to, Delphi's schemes to understate its inventory, including the individuals involved in these practices and whether the individuals involved are covered under the KECP. *See* Complaint at ¶¶ 193-94.

30.    Rotko is the Head of Indirect Materials in Mexico for Delphi's Electronics and Safety Division.  In this position, Rotko is intimately familiar with Delphi's schemes to understate its inventory as well as Delphi's improper financing transactions with Setech.  Rotko would provide relevant testimony regarding his knowledge of individuals and accounting methods involved in understating inventory at Delphi's facilities in Mexico.  ¶¶136-38.

31.    Clearly, these four executives – even though they are just a sampling of the executives covered under Debtor's KECP – possess firsthand knowledge of Delphi's accounting fraud and the executives who either participated in or willfully ignored the fraud.  For this reason, these executives are highly relevant to determining whether the KECP serves to further enrich executive wrongdoers and constitutes the exercise of sound business judgment.

32.    In sum, Lead Plaintiffs submit that discovery is necessary to evaluate whether the proposed KECP is the product of sound business judgment and, as set forth in the accompanying Motion to Compel, respectfully ask the Court to order Debtors to

---

Delphi's books and recording journal entries to make the financing transaction look like a "sale."

produce (i) Sheehan, Marion, Renick and Rotko for deposition and (ii) the requested

documents and information.

I declare under penalty of perjury that the foregoing is true and correct.  Executed

on this 23rd day of December, 2005.

_____/s/  John P. Coffey____

John P. Coffey

**Exhibit 8**

**Westlaw.**

Slip Copy                                                                                                  Page 1
Slip Copy, 2005 WL 3177723 (S.D.N.Y.)
**(Cite as: Slip Copy)**

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
Gary W. DODSON, Plaintiff,
v.
CBS BROADCASTING INC., et al., Defendants.
**No. 02 Civ. 9270(KMW)(AJ.**

Nov. 29, 2005.

OPINION AND ORDER

PECK, Chief Magistrate J.
**\*1** Presently before the Court is plaintiff Dodson's
"Motion for Contempt & Court Order to Enforce
Court Issued Subpoena." (Dkt. No. 82.) The
motion is *DENIED* in all respects.

FACTS

Discovery in this case ended in late 2003, and in
June 2004 I recommended that defendants'
summary judgment motion should be granted in
part and denied in part. *Dodson v. CBS,* 02 Civ.
9270, 2004 WL 1336231 (S.D.N.Y. June 15,
2004) (Peck, M.J.). Judge Wood affirmed my
Report and Recommendation on August 31, 2004.
(Dkt. No. 55.) The parties thereafter were to file
their Pretrial Order, and the case is trial ready,
although no trial date has yet been set.

On or about October 5, 2005, Dodson served a
subpoena *duces tecum* on Bettina Plevan, counsel
of record for defendants, returnable at Dodson's
home in New Jersey, seeking 10 categories of
documents.

On or about October 18, 2005, defendants
objected to the subpoena.

On or about November 7, 2005, Dodson filed the
instant motion for contempt and to enforce the
subpoena (Dkt. No. 82), and on November 22,
2005, defendants filed their opposition papers
(Dkt.Nos.84-85).

ANALYSIS

Dodson's motion is procedurally defective in at
least two ways: (a) He did not request a
pre-motion conference, as required by Judge
Wood's rules (Judge Wood's Individual Practices
¶ 2.A; *see also* S.D.N.Y. Local Civil Rule 37.2);
and (b) The motion is not accompanied by a
Memorandum of Law, as required by S.D.N.Y.
Local Civil Rule 7.1.

Furthermore, even aside from the procedural
defects, Dodson's motion lacks merit.

Contempt is not available since defendants
responded to the subpoena by serving objections.
*See* Fed.R.Civ.P. 45(c)(2)(B). When objections to
a subpoena have been made, the correct procedure
is a motion to compel, not a motion for contempt.
*Id.*

As to the portion of Dodson's motion that seeks to
compel compliance with the subpoena: Discovery
closed long ago. Dodson's subpoena clearly seeks
discovery, as is apparent from his having the
subpoena returnable to his address in New Jersey
at the present time, instead of to Judge Wood's
courtroom at the time of trial. Moreover, the
scope of the request is broad and clearly is
designed for discovery, not last-minute trial needs
(such as for originals of documents where copies
were produced in discovery and there is a need for
the original at trial). While Rule 45 can be used to
subpoena documents to be introduced at trial as
trial exhibits, the need to do so should be limited
because of the liberal federal pretrial discovery
rules. Dodson here had ample discovery.

Rule 45 "[t]rial subpoenas [*duces tecum* ] may not
be used, however, as means to engage in
discovery after the discovery deadline has
passed." *Puritan Inv. Corp. v. ASLL Corp.,* No.
Civ. A. 97-1580, 1997 WL 793569 at \*1 (E.D.Pa.
Dec. 9, 1997) ( & cases cited therein); *accord,
e.g.,* 9 *Moore's Federal Practice,* § 45.02

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                    Page 2
Slip Copy, 2005 WL 3177723 (S.D.N.Y.)
**(Cite as: Slip Copy)**

(Matthew Bender 3d ed. 2005) ("Several courts have concluded that after the discovery deadline a party may not use a subpoena to obtain materials from third parties that could have been produced during discovery.") (citing cases); *Playboy Enter. Int'l Inc. v. OnLine Entm't, Inc.,* No. 00-Civ.-6618, 2003 WL 1567120 at *1-2 (E.D.N.Y. Mar. 13, 2003); *Mortgage Info. Servs., Inc. v. Kitchens,* 210 F.R.D. 562, 566-68 & n. 2 (W.D.N.C.2002) ("After reviewing the relevant case law on both sides of this issue, the Court adopts the rule followed by the majority of jurisdictions and holds that a Rule 45 subpoena does in fact constitute discovery.") (citing cases & authorities); *Dreyer v. GACS Inc.,* 204 F.R.D. 120, 122-23 (N.D.Ind.2001) ("Rule 45 subpoenas constitute 'discovery' within the meaning of Rules 26 and 34.... [T]his Court, like *Rice,* does not believe 'that a party should be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced during discovery.' "); *Grant v. Otis Elevator Co.,* 199 F.R.D. 673, 675 (N.D.Okla.2001) ("Litigants may not use the subpoena power of the court to conduct discovery after the discovery deadline ."); *Alper v. United States,* 190 F.R.D. 281, 283-84 (D.Mass.2000); *Rice v. United States,* 164 F.R.D. 556, 558 & n. 1 (N.D.Okla.1995); *BASF Corp. v. Old World Trading Co.,* No. 86 C 5602, 1992 WL 24076 at *2 (N.D.Ill. Feb. 4, 1992) (Trial subpoenas "may not be used as a means to engage in further discovery.... Here, discovery has been closed for almost eleven months, and the court will not allow the parties to engage in discovery through trial subpoenas. Furthermore, the court's policy of requiring parties to submit a pretrial order detailing those documents which it may use at trial is rendered nugatory if a trial subpoena may issue demanding documents not previously produced or identified."); *Stockwell v. Am. Allsafe Co.,* No. CIV-84-1179, 1986 WL 13941 at *1 (W.D.N.Y. Dec. 9, 1986); *Windsor Commc'ns Group, Inc. v. Price Waterhouse,* No. Civ. A

85-4119, 1986 WL 9888 at *1 (E.D.Pa. Sept. 8, 1986); *Pitter v. American Express Co.,* 82 Civ. 7451, 1984 WL 1272 at *6 (S.D.N.Y. Nov. 27, 1984); *United States v. Watchmakers of Switzerland Info. Ctr. Inc.,* 27 F.R.D. 513, 515 (S.D.N.Y.1961).

**\*2** Here, it is clear from the scope of Dodson's subpoena (and its return time and place) that it is for discovery purposes. As such, it is quashed and Dodson's motion is *DENIED.*

CONCLUSION

For the reasons set forth above, Dodson's motion for contempt and to enforce the subpoena *duces tecum* (Dkt. No. 82) is *DENIED.*

SO ORDERED.

S.D.N.Y.,2005.
Dodson v. CBS Broadcasting, Inc.
Slip Copy, 2005 WL 3177723 (S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 1:02cv09270 (Docket) (Nov. 20, 2002)

END OF DOCUMENT

**Exhibit 9**

Not Reported in F.Supp.                                                      Page 1
Not Reported in F.Supp., 1995 WL 736907 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

**C**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
COSTAMAR SHIPPING CO., LTD., Petitioner,
v.
KIM-SAIL, LTD., Respondent.
**No. 95 CIV. 3349 (KTD).**

Dec. 12, 1995.

Edward P. Flood, Chalos & Brown, P.C., New
York City.
Terry L. Stoltz, New York City.

MEMORANDUM AND ORDER

FRANCIS, United States Magistrate Judge.
**\*1** The plaintiff in this action, Costamar Shipping
Co., Ltd. ("Costamar") seeks to compel non-party
Kersten Shipping Agency, Inc. ("Kersten") to
produce for inspection certain documents
identified in a subpoena. In addition, Costamar
seeks attorneys' fees and costs incurred in
connection with bringing this motion. For the
reasons that follow, Costamar's motion is denied.

*Background*

On June 27, 1995, this Court confirmed an
arbitration award of $358,028.13 payable to
Costamar by Kim-Sail, Ltd. ("Kim-Sail"). This
arbitration arose from a dispute between
Costamar, FN1 owner of the shipping vessel M/V
Adventure in 1991 and 1992, and Kim-Sail, FN2
which chartered the M/V Adventure. To date,
Kim-Sail has not paid any portion of the
judgment.

To aid in satisfying the judgment, Costamar
served Kim-Sail with a subpoena pursuant to Rule
69(a) of the Federal Rules of Civil Procedure. It
personally served Philip Gardner, Kim-Sail's
Corporate Secretary, on July 6, 1995. The
subpoena demanded that Kim-Sail produce
records that would assist Costamar in identifying

assets belonging to Kim-Sail.

On that same day, Costamar personally served
Mr. Gardner with a subpoena addressed to
Kersten Shipping (the "First Kersten Subpoena").
Mr. Gardner has been the President of Kersten
Shipping since August 1994 and was Chartering
Manager of Kersten in 1991. Deposition of Philip
C. Gardner, dated July 19, 1995 ("Gardner Dep.")
at 41. Kersten Shipping is a New York
corporation that serves as Kim-Sail's general
agent in the United States, and it acted in this
capacity in 1991 when it chartered the M/V
Adventure from Costamar. Kersten has acted as
agent for a number of other companies engaged in
commercial shipping in addition to Kim-Sail.
Gardner Aff. at ¶ 2.

The First Kersten Subpoena required the
production of: (1) all Kersten financial and
property records related to Kim-Sail, (2) Kersten's
most recent bank ledger sheets with respect to
accounts owned by Kim-Sail, and (3) real
property deeds owned by Kim-Sail in Kersten's
possession. It also sought to depose Mr. Gardner.
The required statutory fees were tendered at the
time of service. Fed.R.Civ.P. 45(b)(1).

In response to the subpoena, Mr. Gardner
produced copies of four time charters involving
other vessels Kim-Sail had chartered between
1993 and 1995, as well as check stubs from
Kim-Sail's New York checking account which
had been closed in 1993. Flood Aff. at ¶ 22.
During his deposition, Mr. Gardner noted that he
had not attended any of Kim-Sail's Board of
Directors meetings and did not know the names of
its president, vice-president, and treasurer.
Gardner Dep. at 8-10, 16, 89. In addition,
although he was Kim-Sail's Corporate Secretary,
he did not know any of Kim-Sail's personnel in
Grand Cayman where it is incorporated, but only
corresponded with a post office box address there.
Gardner Dep. at 11-12, 15. Responding to the
plaintiff's query concerning Kim-Sail's assets, Mr.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                    Page 2
Not Reported in F.Supp., 1995 WL 736907 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

Gardner testified that Kim-Sail was an inactive company and had no assets to satisfy the judgment. Gardner Aff. at ¶ 11.

**\*2** Subsequent to the deposition, Kersten produced bank statements from Kim-Sail's money market account from July 1993 through June 1995, an insurance cover note, and the agency agreement between Kersten Shipping and Kim-Sail which had been executed in July 1979. Flood Aff. at ¶ 24. Mr. Gardner asserted that because of limited time, he had not been able to gather these documents by the deposition date. Gardner Aff. at ¶ 5. In addition, Kersten advised Costamar that it possessed a June 30, 1993 Accounts Receivable Report that covered activities as far back as 1991 and was still trying to determine if it could obtain any voyage files prior to August 1993. Gardner Aff. at ¶ 8.

On the basis of Mr. Gardner's testimony that revenue derived from Kim-Sail had been placed directly in Kersten's general bank account, [FN3] Costamar alleged that Kersten had commingled its assets with Kim-Sail's. Flood Aff. at ¶ 27. Recognizing that some of Kim-Sail's income had been deposited in Kersten's bank account and that Kersten had not produced its bank records in response to its initial subpoena, Costamar personally served Ben Bradburn of Kersten with a second subpoena (the "Second Kersten Subpoena"). No witness fee was tendered at this time.

The subject of this motion, the Second Kersten Subpoena, requested the production of: (1) all financial and business records maintained by Kersten pertaining to Kim-Sail's activities, (2) a copy of all charter parties in which Kersten acted as the general agent between 1991 and the present, (3) Kersten's bank records for the years 1991-1995, (4) all documents relating to corporate securities owned by Kersten, (5) all financial records of businesses in which Kersten has a ownership interest, (6) the names and addresses of

enterprises currently indebted to Kersten, (7) copies of Kersten's income tax returns for the last five years, and (8) all titles to property owned by Kersten. Kersten objected to this subpoena. It stated that Costamar had all pertinent Kim-Sail documents, apart from the charter documents which Costamar had agreed to view in Kersten's office. With regard to the other documents, Kersten objected to their production because they referred to operations of Kersten and not of Kim-Sail.

*Discussion*

A. *Service of the Second Kersten Subpoena*

Kersten asserts that the Second Kersten Subpoena was improperly served because of Costamar's failure to tender statutory fees at the time of service. Where no fee was tendered with the service of a subpoena requiring a witness' attendance, the service is invalid. *CF & I Steel Corp. v. Mitsui & Co. (USA), 713 F.2d 494, 496 (9th Cir.1983).* Rule 45(b)(1) of the Federal Rules of Civil Procedure states that "service of a subpoena ... shall be made by delivering a copy [of the subpoena] ... and, *if the person's attendance is commanded,* by tendering to that person the fees for one day's attendance and the mileage allowed by law." Fed.R.Civ.P. 45(b)(1) (emphasis added). Since the Second Kersten Subpoena only required the production of documents and not the attendance of a witness, service was valid.

B. *Entitlement to Discovery*

**\*3** Rule 69 of the Federal Rules of Civil Procedure provides that "[i]n aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." Fed.R.Civ.P. 69(a). Under this rule, discovery may be "permitted against a non-party where the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                      Page 3
Not Reported in F.Supp., 1995 WL 736907 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

relationship between the judgment debtor and the non-party is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets between them". *Magnaleasing, Inc. v. Staten Island Mall,* 76 F.R.D. 559, 562 (S.D.N.Y.1977) (citing *Caisson Corp. v. County West Building Corp.,* 62 F.R.D. 331, 335 (E.D.Pa.1974)). Pursuant to Rule 69(a), "the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." *Caisson,* 62 F.R.D. at 334 (citations omitted); 12 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3014 at 72 (1973).

Generally, non-parties may only be examined about the assets of a judgment debtor and cannot be required to disclose their own assets. *Magnaleasing,* 76 F.R.D. at 561-62; *Caisson,* 62 F.R.D. at 334; *Burak v. Scott,* 29 F.Supp. 775, 776 (D.D.C.1939) (quashing Rule 69 subpoena requiring non-parties to disclose their individual assets); 12 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3014 at 72 (1973). Thus, under Rule 69(a) and existing case law, the general rule is that non-party discovery is limited to a search for the defendant's hidden assets. *Magnaleasing,* 76 F.R.D. at 561-62 (citing *Burak,* 29 F.Supp. at 776). Applying this rule here, discovery must therefore be restricted to the alleged transfer of Kim-Sail's assets to Kersten. With regard to the Second Kersten Subpoena, only Kersten records relating to activities conducted on behalf of Kim-Sail are discoverable. However, this category of documents has purportedly been produced pursuant to the First Kersten Subpoena.

In the alternative, Costamar alleges that an alter ego relationship exists between Kim-Sail, the judgment debtor, and Kersten. If such a relationship were established, Costamar could pierce the corporate veil and obtain discovery of Kersten's assets. In *Trustees of North Florida*

*Operating Engineers Health & Welfare Fund v. Lane Crane Service, Inc.,* 148 F.R.D. 662, 664 (M.D.Fla.1993), the court held that evidence that a non-party was an alter ego of the judgment debtor was adequate to warrant discovery from the non-party in aid of execution. However, the mere allegation of an alter ego relationship is insufficient; it must be supported by facts showing the basis for the assertion. *Strick Corp. v. Thai Teak Products Co.,* 493 F.Supp. 1210, 1218 (E.D.Pa.1980).

In New York, courts "disregard the corporate form reluctantly." *Itel Containers Int'l. Corp. v. Atlanttrafik Express Service Ltd.,* 909 F.2d 698, 703 (2d Cir.1990). The corporate veil will be pierced only when the corporate "form has been used to achieve fraud, or when the corporation has been so dominated by an individual or another corporation ... and its separate identity so disregarded, that it primarily transacted the dominator's business rather than its own and can be called the other's alter ego.' " *Gartner v. Snyder,* 607 F.2d 582, 586 (2d Cir.1979) (citation omitted). The factors that courts consider in determining whether to pierce the corporate veil include the intermingling of corporate and personal funds, undercapitalization of the corporation, failure to observe corporate formalities including the maintenance of separate books and records, failure to pay dividends, insolvency at the time of a transaction, siphoning off of funds by the dominant shareholder, and the inactivity of other officers and directors. *William Wrigley Jr. Co. v. Waters,* 890 F.2d 594, 600-01 (2d Cir.1989) (collecting cases). Although there is no set rule as to how many of these factors must be present to pierce the corporate veil, the "general principle followed by the courts has been that liability is imposed when doing so would achieve an equitable result." *Id.* at 601 (citation omitted).

**\*4** An inference can be drawn from Kersten's

Not Reported in F.Supp.                                                                                     Page 4
Not Reported in F.Supp., 1995 WL 736907 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

commingling of its funds with those of Kim-Sail that there may have been a transfer of assets between the two corporations. The general rule is that an agent must segregate its principal's funds from its own:

[u]nless otherwise agreed, an agent receiving or holding things on behalf of the principal is subject to a duty to the principal not to receive or deal with them so that they will appear to be his own, and not so to mingle them with his own things as to destroy their identity.

*Restatement (Second) of Agency* § 398 (1957). However, the mere fact that there is co-mingling of assets is not enough to establish a prima facie case of alter ego. *See William Wrigley,* 890 F.2d at 600-01 (alter ego analysis requires consideration of totality of circumstances). In addition, there has been no evidence that Kersten used Kim-Sail for its own private ends, another element important to demonstrating an alter ego relationship. On the contrary, Kim-Sail was indebted to Kersten for $420,000. Gardner Aff. at ¶ 11. Furthermore, there has been no evidence of fraud or unjust enrichment. Thus, Costamar has not demonstrated that the corporate veil should be pierced.

Nevertheless, further discovery of Kersten's relationship with Kim-Sail may be appropriate. If, through such discovery, Costamar can provide evidence of fraud or unjust enrichment, additional discovery into Kersten's assets may be warranted on the basis of an alter ego theory.

### C. *Attorney's Fees*

Pursuant to rule 37(a)(4) of the Federal Rules of Civil Procedure, Costamar seeks reasonable expenses incurred in bringing this motion, including attorneys' fees. Because its motion is denied, Costamar's request for attorneys' fees is also denied.

### *Conclusion*

For the reasons set forth above, Costamar's motion to compel Kersten to produce documents in response to the Second Kersten Subpoena is denied.

SO ORDERED.

FN1. Costamar is a foreign corporation with an office and principal place of business in Piraeus, Greece. Affidavit of Edward P. Flood dated August 23, 1995 ("Flood Aff.") at ¶ 3.

FN2. Kim-Sail is a foreign corporation incorporated in the Cayman Islands. Affidavit of Philip Gardner, dated August 28, 1995 ("Gardner Aff.") at ¶ 1.

FN3. The following exchange occurred between Mr. Gardner and Costamar's lawyers:
Q: Pursuant to the charter parties that Kim-Sail had worked out with its shippers and/or subcharterers, they were required to pay freight by paying into Kim-Sail account; is that correct?
A: No, they would be instructed to pay into Kersten's account at least since I have been president. We have taken the freight money, any freight money into Kersten's account and paid expenses out of that account. What was done before that, I really don't know.
Q: So the money is put into Kersten's account?
A: Since I have been president, that is the way I have handled it.
Gardner Dep. at 39-40.

S.D.N.Y.,1995.
Costamar Shipping Co., Ltd. v. Kim-Sail, Ltd.
Not Reported in F.Supp., 1995 WL 736907 (S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                              Page 5
Not Reported in F.Supp., 1995 WL 736907 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**


- 1:95cv03349 (Docket) (May. 08, 1995)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Exhibit 10**

Not Reported in F.Supp.2d                                                      Page 1
Not Reported in F.Supp.2d, 2001 WL 487413 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
Han-Mo SONG, Plaintiff,
v.
DREAMTOUCH, INC., Chol-Ho Chong, Young
Sook Chong, Defendants.
**No. 01 Civ. 0386(AGS).**

May 8, 2001.

MEMORANDUM ORDER

SCHWARTZ, J.

I. Factual Background and Instant Motions

**\*1** Familiarity with the facts of this action is
presumed here; for a description of such facts, the
parties are referred to the Court's decision on
plaintiff's motion for preliminary injunction
issued on March 1, 2001. In sum, the case centers
on a Technology Transfer Agreement (the
"Agreement"), entered into by the parties in
August 2000, by which plaintiff transferred
certain rights to defendants in an invention known
as the One-Touch Automatic Dialer. Plaintiff was
to receive certain payments and was to satisfy
certain duties as chief technical officer of
defendant Dreamtouch. As a result of
disagreements between the parties as to whether
plaintiff satisfied his duties under the Agreement,
plaintiff's employment with defendants was
terminated on January 4, 2001.

This diversity action followed. In the Amended
Complaint, plaintiff asserts claims under New
York law for: (i) fraudulent inducement to
contract; (ii) breach of contract; and (iii) breach of
fiduciary duty. He requests certain declaratory
relief, damages and recission of the contract.
(First Amend. Verified Compl. ¶¶ 39-52.)
Defendants have asserted counterclaims for: (i)
breach of contract; (ii) breach of the implied

covenant of good faith and fair dealing; and (iii)
tortious interference with prospective economic
advantage. Defendants request monetary damages
based on payments made by defendants to
plaintiff (and/or his sister-in-law) for delivery of
equipment for the One-Touch Automatic Dialer
system, and defendants' expenses incurred in
support of Dreamtouch's efforts to develop and
market the relevant technology.

Two previous applications by plaintiff for
preliminary relief, namely, for a temporary
restraining order and a preliminary injunction,
were respectively denied by the Court by orders
dated January 31, 2001 and March 1, 2001.

Presently pending before the Court are (i)
plaintiff's motion to dismiss defendants'
counterclaims and strike defendants' affirmative
defenses, pursuant to Fed.R.Civ.P. 12(b)(6)
("Rule 12(b)(6)") and Fed.R.Civ.P. 12(f) ( "Rule
12(f)"); (ii) plaintiff's motion to compel discovery
and for sanctions under Fed.R.Civ.P. 37 ("Rule
37") and for disqualification of defense counsel;
and (iii) plaintiff's motion, made by order to show
cause, for appointment of a temporary receiver
under New York Civil Practice Law and Rules
6401 ("CPLR 6401").

Two other applications, by Dreamtouch to compel
plaintiff to appear at a deposition and by third
party SK Telink to quash a deposition subpoena,
are also considered *infra.*

II. Motion to Strike Affirmative Defenses and
Dismiss Counterclaims

Plaintiff moves to dismiss defendants' affirmative
defenses and counterclaims.

A. Legal Standard

In deciding a Rule 12 motion to dismiss
counterclaims, the Court must read the pleading
as a whole, view the counterclaims in the light
most favorable to the claimant, and accept the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

claimant's factual allegations as true. *See Twinlab Corp. v. Signature Media Servs., Inc.,* No. 99 Civ. 169, 1999 WL 1115237(AGS), at \*3 (S.D.N.Y. Dec. 7, 1999) (citing *Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir.1995)); *Yoder v. Orthomolecular Nutrition Institute,* 751 F.2d 555, 562 (2d Cir.1985) (citing *Conley v. Gibson,* 355 U.S. 41, 47-48 (1957)); *see also Meridien Int'l Bank Ltd. v. Government of the Republic of Liberia,* 23 F.Supp.2d 439, 445 (S.D.N.Y.1998). The Court's function is not to weigh the evidence that might be presented at trial, but merely to determine whether the pleading itself is legally sufficient. *See Festa v. Local 3 Int'l Brotherhood of Electrical Workers,* 905 F.2d 35, 37 (2d Cir.1990). Under Rule 12(b)(6) specifically, dismissal is inappropriate unless "it appears beyond doubt that the [non-movant] can prove no set of facts in support of the claim which would entitle him to relief." *Staron v. McDonald's Corp.,* 51 F.3d 353, 355 (2d Cir.1995) (quoting *Conley,* 355 U.S. at 45-46).

**\*2** "[T]he principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable [that party] to answer and prepare for trial." *Levisohn, Lerner, Berger & Langsam v. Med. Taping Sys., Inc.,* 10 F.Supp.2d 334, 344 (S.D.N.Y.1998) (quoting *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988)). Although the pleading requirements under Fed.R.Civ.P. 8(a) ("Rule 8(a)") are construed liberally, "[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader. If it fails to do so, a motion under Rule 12(b)(6) will be granted." *Id.* (quoting 2 *Moore's Federal Practice* § 12.34[1][b] at 12-60 (3d ed.)).

In addition, pursuant to Rule 12(f), a court may strike from "any pleading any insufficient defense

or any redundant, immaterial, impertinent or scandalous matter." Rule 12(f). A motion to strike will not be granted unless three prerequisites have been satisfied: (i) it must appear certain that the plaintiff would succeed despite any facts which could be proved in support of the defense; (ii) even where the facts are undisputed, the motion may not implicate disputed and substantial questions of law, particularly when there has been no significant discovery; and (iii) plaintiff must show that it is prejudiced by the inclusion of the defense. *See Estee Lauder, Inc. v. Fragrance Counter, Inc.,* 189 F.R.D. 269, 271-72 (S.D.N.Y.1999) (citations omitted).

### B. Affirmative Defenses

The Court dismisses defendants' third affirmative defense (asserting that the Complaint "does not hold a valid claim") as duplicative of their first affirmative defense (stating that the Complaint fails to state a claim upon which relief can be granted). The Court dismisses defendants' fourth affirmative defense with leave to replead within 21 days from the date of its Order, on the ground that the statement asserting such defense (namely, that "defendants were not to mitigate its damages") is confusing and ambiguous. FN1

> **FN1.** Defendants' memorandum of law reflects that this defense asserts that *plaintiff* failed to mitigate his damages. (Memorandum of Law in Opposition to Plaintiff's Motions to Strike Defendants' Affirmative Defenses and to Dismiss Defendants' Counterclaims at 17.)

The Court denies plaintiff's motion to dismiss with respect to the remainder of the affirmative defenses. On the current record, there are disputed issues of fact that implicate whether plaintiff has stated a claim, whether waiver, estoppel, or laches may apply, whether plaintiff's claim would be barred by the doctrine of unclean hands, and whether defendants have made a profit from sales

Not Reported in F.Supp.2d                                                                                    Page 3
Not Reported in F.Supp.2d, 2001 WL 487413 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

of the One-Touch devices or have been unjustly enriched. Moreover, plaintiff has not demonstrated why it would be prejudiced by the maintenance of such defenses, particularly at this early stage of the litigation.

### C. Counterclaims

Defendants' first three counterclaims assert claims for breach of contract; their fourth counterclaim, for breach of the covenant of good faith and fair dealing, is derivative of the contract claims. In order to assert a breach of contract claim, a plaintiff must establish the existence of an agreement, adequate performance by plaintiff, a breach by defendants, and consequent damages. *Harsco Corp. v. Segui,* 91 F.3d 337, 348 (2d Cir.1996). Each of the three causes of action, read liberally and in the context of the defendants' pleading, adequately asserts a breach of contract claim. Each arises out of the parties' Agreement, and the damages allegedly incurred by defendants arising out of plaintiff's nonperformance of the Agreement. Nevertheless, the Court dismisses these claims with leave to replead within 21 days from the date of its Order, because the claims arise out of the same Agreement and are not properly pled as separate causes of action. *See Salahuddin v. Cuomo,* 861 F .2d 40, 42 (stating that where a pleading does not contain short and plain statement of the claim, the court may dismiss the claim with leave to replead, as "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.") (citation omitted).

**\*3** Plaintiff is incorrect in asserting that the actions of plaintiff which are implicated by defendants' counterclaims are clearly "extrinsic to the Agreement." (Plaintiff's Memorandum of Law in Support of His Motion under Federal Civil Rules 12(b)(6) and 12(f) ("Pl.Mem.Dis.") at 13-16.) The Agreement is far from clear as to

plaintiff's obligations thereunder as Chief Technical Officer of Dreamtouch. (Agreement ¶¶ 4.3, 4.4.)

Finally, plaintiff asserts that the Court should dismiss defendants' "exemplary damages" request as part of their fifth counterclaim for tortious interference with prospective economic advantage. Although no public harm is explicitly alleged in defendants' pleading, the Court declines to dismiss this damages request pursuant to Rule 12(b)(6) because, as plaintiff acknowledges, the existence of such damages will be based on defendants' offer of proof, which goes beyond the pleadings. (Pl. Mem. Dis. at 18 (asserting that "defendants will be unable to tender objective proof" of such damages).)

### D. Allegations Related to Plaintiff's Criminal Conviction

Plaintiff requests the Court to strike defendants' allegations in their counterclaims, specifically paragraph 34 thereto, concerning plaintiff's alleged criminal conviction for rape in Korea. (Pl. Mem. Dis. at 18-20.) The Court grants this request and strikes the material as irrelevant to the claims in this action and unduly prejudicial to plaintiff under Fed.R.Evid. 403.

### III. Motion to Compel Discovery, For Sanctions, and to Disqualify Defense Counsel

### A. Motion to Compel

Plaintiff moves, pursuant to Rule 37, to compel discovery and for sanctions on the ground that (i) defendants have failed to comply with two separate orders of this Court to provide discovery, (ii) have failed to respond to plaintiff's first request for documents and, (iii) have failed to appear for depositions.

The record reflects that defendants have not provided an adequate response to plaintiff's document request, pursuant to Fed.R.Civ.P. 34,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                      Page 4
Not Reported in F.Supp.2d, 2001 WL 487413 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

FN2 failed to adequately comply with plaintiff's notice of deposition pursuant to Fed.R.Civ.P. 30, and have failed to respond to plaintiff's demand for the address and telephone number of a potential witness, Jun Kim, in violation of Fed.R.Civ.P. 33. (Kimm Decl. Disq. ¶¶ 6-23.) The Court also finds that defendants have disregarded the Court's order, issued at a conference on March 1, 2001, to provide a response to plaintiff's document request by March 8, 2001 in accordance with the Federal Rules of Civil Procedure. Accordingly, the Court orders the production of all documents requested by plaintiff, or an adequate objection thereto, by May 14, 2001. The Court orders that the depositions of defendants Chol-Ho Chong and Young Sook Chong shall commence on May 30, 2001, at 10 a.m.

> FN2. The record reflects that defendants simply provided a list of exhibits as their "written response" to the document request, referencing certain documents provided in opposition to plaintiff's preliminary injunction motion and attaching certain other documents. This response was inadequate in form, and, as plaintiff points out, in substance, as it omitted information (or an appropriate objection) concerning Dreamtouch and the One-Touch Dialing System, specifically, documents related to manufacturing, sales or accounting. (Kimm Decl. Disq., Exs. 3, 10.) The fact that defendants' counsel produced "all of defendants' documents that I had in my possession," or that "settlement discussions [ ] led me to believe that discovery may ultimately not be necessary" does not cure the deficiency. (Declaration of Sukjin Henry Cho in Opposition to Plaintiff's Rule 37 Motion and Motion to Disqualify Defense Counsel ("Cho Decl. Disq.") ¶¶ 8, 17.) And although it is unfortunate that the parties were not able to agree on a discovery schedule, the fact that defendants' counsel attempted to negotiate one, unsuccessfully, does not cure defendants' failure to respond. (*Id.* ¶ 4.)

Further, the Court finds that defendants' failure to comply with plaintiff's initial discovery requests does not warrant the extreme sanctions requested by plaintiff, which include striking defendants' pleadings or precluding defendants from offering evidence "related to the categories of documents they have withheld." FN3 (Plaintiff's Reply Memorandum of Law in Further Support of His Motions for Rule 37 Relief and Disqualification of Counsel ("Pl.Rep.Disq.") at 11-12.) However, the failure to respond as directed by the Court, *supra, will* result in sanctions against defendants' counsel and/or defendants.

> FN3. The Court notes that an award of costs in making the motion to plaintiff is unnecessary here, pursuant to Rules 37(a)(4)(A) and 37(c), both because plaintiff's Rule 37 motion is granted in part and denied in part, and because an award of fees would be otherwise unjust.
> The Court also notes in this regard that defendants' failure to comply with discovery was not aggravated by the presence of an expedited discovery order. The Court's order for expedited discovery was issued in the context of plaintiff's motion for preliminary injunction, which was denied on March 1, 2001. And no discovery schedule was ever set. The Court disagrees with plaintiff's counsel's characterization of this case, at this stage, as an "expedited action." (Reply Declaration of Michael S. Kimm, Esq. in Further Support of Plaintiff's Motion for (1) Civil Rule 37 Relief and (2) Disqualification of Defense Counsel ¶ 5.)

**\*4** The Court will also set a discovery schedule governing the remainder of discovery in this

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

action. The Court warns defendants that failure to provide documents or to serve papers on time, which plaintiff alleges has been defendants' counsel's habit, in disregard of Court orders, may result in sanctions.

### B. Disqualification of Counsel

Plaintiff also moves to disqualify defense counsel, Sukjin Henry Cho ("Cho"), on the grounds that Cho has "failed to comply with basic rules of practice" and "his prior actions have tainted the integrity and fairness of the adversarial process." (Declaration of Michael S. Kimm in Support of Plaintiff's Motion for (1) Civil Rule 37 Relief and (2) Disqualification of Defense Counsel ("Kimm Decl. Disq.") ¶¶ 1, 2.) In particular, plaintiff claims that Cho has (i) "repeatedly failed to review the requirements of the Local Rules and Federal Civil Rules," in particular by serving papers late, failing to properly notice his change of address, and attending a Second Circuit hearing without being admitted to that court, and (ii) has falsely accused plaintiff of being convicted and serving time in jail in Korea. (Song Decl. Disq. ¶¶ 6-7; Plaintiff's Memorandum of Law in Support of His Motions for Rule 37 Relief and Disqualification of Counsel at 6-8.)

This Circuit has recognized New York's Code of Professional Responsibility (the "Code"), as promulgated by the American Bar Association, as prescribing appropriate guidelines for the professional conduct of the Bar, and this district requires that attorneys adhere to the Code. See *NCK Org. Ltd. v. Bregman,* 542 F.2d 128, 129 n. 2 (2d Cir.1976). Moreover, this district requires that attorneys adhere to the Code as adopted by the Appellate Division of the New York State Supreme Court. Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Local Civil Rules 1.3, 1.5 (1997).

A motion to disqualify is within the Court's discretion. *Sumitomo Corp. v. J.P. Morgan & Co., Inc.,* Nos. 99 Civ. 8780, 99 Civ. 4004, 2000 WL 145747, at *3 (S.D.N.Y. Feb. 8, 2000) (citing *Cheng v. GAF Corp.,* 631 F.2d 1052, 1055 (2d Cir.1980), *vacated on other grounds,* 450 U.S. 903 (1981)). In this Circuit, motions for disqualification are generally viewed with disfavor because disqualification of counsel impinges on a party's right to employ counsel of choice, and such motions are often interposed for tactical purposes. *See Evans v. Artek Sys. Corp.,* 715 F.2d 788, 791-92 (2d Cir.1983). Although doubts should be resolved in favor of disqualification, a party seeking disqualification must meet a high standard of proof before disqualification will be granted. *See Sumitomo,* 2000 WL 145747, at *3. The Second Circuit has made clear that disqualification is appropriate only if there is a significant risk that an attorney's conduct will taint the trial, such as where his unethical conduct will prejudice his adversary. *Id.* (citing *Armstrong v. McAlpin,* 625 F.2d 433, 444-46 (2d Cir.1980) (en banc), *vacated on other grounds and remanded sub nom, McAlpin v. Armstrong,* 449 U.S. 1106 (1981)); *Gentner v. Shulman,* 55 F.3d 87, 89 (2d Cir.1995). Such risk arises essentially in cases where there is an irreconcilable conflict of interest or where an attorney may use privileged information concerning his adversary to gain an unfair advantage. *See Board of Educ. of the City of New York v. Nyquist,* 590 F .2d 1241, 1246 (2d Cir.1979)); ABA Com. on Ethics and Professional Responsibility, Code of Professional Responsibility, Canons 4 and 5.

**\*5** Here, the Court reiterates that defendants' reference to plaintiff's alleged rape conviction in Korea, in their pleadings and letters to the Court, is wholly improper. However, it also finds that plaintiff has not shown that Cho has violated any of the Code's ethical canons or, more generally, engaged in unethical conduct that would taint the trial of this matter. Accordingly, plaintiff's motion

Not Reported in F.Supp.2d                                                                                 Page 6
Not Reported in F.Supp.2d, 2001 WL 487413 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

to disqualify counsel is denied. However, the Court directs Cho to file a notice of change of address with the Court which specifies his proper address, and to specify an address for all mailings, in order to facilitate future communication between the parties, and between the Court and defendants.

### IV. Motion for Appointment of a Temporary Receiver

Plaintiff moves, by order to show cause and pursuant to CPLR 6401, for the appointment of a temporary receiver to manage the affairs of Dreamtouch during the pendency of this action.

"[T]he appointment of a receiver is an extraordinary remedy, which 'should be employed with the utmost caution and granted only in cases of clear necessity to protect plaintiff's interests in [certain] property." ' *Haggiag v. Brown,* 728 F.Supp. 286, 294 (S.D.N.Y.1990) (quoting *Republic of the Philippines v. New York Land Co.,* 852 F.2d 33, 36 (2d Cir.1988)); CPLR 6401. It "is an extreme remedy resulting in the taking and withholding of possession of property from a party without adjudication on the merits." *Schachner v. Sikowitz,* 462 N.Y.S.2d 49, 49 (2d Dep't 1983). Such relief may only be granted under CPLR 6401 "where the applicant makes 'a clear evidentiary showing of the necessity for the conservation of property and the protection of the interests of the litigant." ' *Id.* (quoting *Glassner v. Kaufman,* 244 N.Y.S.2d 449 (1st Dep't 1963)).

As plaintiff points out, New York courts have appointed receivers in cases where (i) the plaintiff offered "clear and convincing proof" of a danger of irreparable loss, where defendant was on the verge of insolvency and might well dissipate proceeds due plaintiff, *see Somerville House Management v. Am. Television Syndication Co., Inc.,* 474 N.Y.S.2d 756, 757 (1st Dep't 1984), or (ii) the actions of various antagonists, e.g., corporate stockholders, with interdependent rights

in certain property threaten the well-being or continued viability of the corporation, *see Modern Telecommunications, Inc. v. Dalessandro,* 587 N.Y.S.2d 315, 318 (1st Dep't 1992). New York courts have declined to appoint receivers where the applicant makes an insufficient demonstration of waste or mismanagement of the property in question, even where, as here, an ownership interest is present. *See, e.g., B.D. & F Realty Corp. v. Lerner,* 648 N.Y.S.2d 596, 597 (1st Dep't 1996); *Groh v. Halloran,* 448 N.Y.S.2d 680, 682 (1982); *Hahn v. Garay,* 387 N.Y .S.2d 430, 430 (1st Dep't 1976).

In this case, the Court finds that plaintiff has not made the requisite showing. Plaintiff's grounds for requesting the appoint of a receiver are as follows: (i) defendants' alleged failure to comply with this Court's orders to provide certain discovery to plaintiff, which is also the focus of plaintiff's Rule 37 motion, *supra;* (ii) defendants' failure to pay plaintiff a percentage of Dreamtouch's profits or to provide an accounting of Dreamtouch's finances; (iii) defendant Chol-Ho Chong's ("Chong's") purported threats, made to "at least two third-parties" that he will put "the company in bankruptcy"; (iv) Chong's purported statement to plaintiff that plaintiff's name would be removed as a shareholder of Dreamtouch in order to sell the company to a third party, and that plaintiff would have nothing if he does not drop the instant lawsuit; (v) Chong's purported statement that he will delay this case so that plaintiff will be unable to obtain any meaningful relief; and (vi) defendants' refusal to provide plaintiff access to the company's books and records in order to ascertain the company's sales and revenue figures. (Pl. Mem. Rec. at 1-2; Plaintiff's Declaration in Support of his Motion for a Temporary Receivership over Dreamtouch, Inc. ("Song Decl.") ¶¶ 3-10.)

**\*6** While the case involves, in part, certain property rights, namely the shareholder rights of

plaintiff and monies purportedly due to him under the Agreement, plaintiff has not demonstrated that such rights are in danger of being extinguished. Defendants' failure to pay plaintiff money he believes he is owed, or to provide plaintiff with certain documents, an accounting, or access to books and records are not elements of proof concerning Dreamtouch's financial affairs or short or long term stability. Moreover, the record reflects that defendants have recently provided an accounting through certain financial documents (some of which indicate that the company did not make a profit in 2000), FN4 and defendants state that they will be turning over additional financial records. (Def. Mem. Rec. at 5-6; Declaration of Chol-Ho Chong in Opposition to Plaintiff's Motion for a Temporary Receiver ("Chong Decl. Rec.") ¶ 17.) The allegations concerning Chong's threats to plaintiff or other Dreamtouch employees are merely conclusory, and insufficient to justify the drastic remedy of a temporary receiver. *See Modern Collection Associates, Inc. v. Capital Group,* 528 N.Y.S.2d 649, 649 (2d Dep't 1988) (finding that "plaintiff's conclusory allegations are inadequate" to establish claim that its assets were in danger of being removed from the state); *Schachner,* 462 N.Y.S.2d at 49 (finding "general accusations set forth by the plaintiffs have not sufficiently established by clear and convincing evidence the need for such a drastic remedy"). The record reflects that Dreamtouch has not been sold, nor plaintiff's interest in the company eliminated; defendants acknowledge that Chong had attempted to sell the company, but such sale was not effectuated in part because of plaintiff's objection thereto. (Def. Mem. at 7; Chong Decl. ¶ 15.); *see Secured Capital Corp. v. Dansker,* 694 N.Y.S.2d 409, 409 (2d Dep't 1999) ("While the defendants demonstrated their apparent interest in the specific fund and properties which are the subject of this action, they failed to demonstrate that those funds or properties are in danger of being materially injured or destroyed.").

FN4. Plaintiff asserts that defendants represented to him that their gross revenue, as of December 2000, was over $1.5 million, and that their margin was 38 percent, indicating a profit of approximately $19,000 per month due to plaintiff. (Song Decl. Rec. ¶¶ 4-6 (alleging that defendants fabricated their tax returns to omit certain revenue).) Notwithstanding the fact that such numbers contrast with defendants' YR 2000 tax returns, (Chong Decl. Rec., Ex. A), the mere fact of nonpayment does not warrant the appointment of a temporary receiver. Nor does defendants' claim of an approximately $300,000 loss for YR 2000 "effectively concede that they did indeed threaten to put the company into bankruptcy." (Reply Declaration of Han-Mo Song in Further Support of Plaintiff's Motion for a Temporary Receivership ¶ 3).

Accordingly, the Court denies plaintiff's motion for appointment of a temporary receiver. The Court also declines to reconsider its denial of plaintiff's request for an evidentiary hearing on this motion; for the purposes of this motion, the essential facts are not in dispute.

V. Deposition of Plaintiff Song

According to defense counsel Anthony Ferrara, plaintiff's counsel has refused to cooperate in scheduling the deposition of plaintiff, Han Mo Song. (Letter from Anthony Ferrara to the Court dated April 30, 2001.) The Court orders that plaintiff's deposition go forward on May 23, 2001, at 10 a.m., and that plaintiff produce the documents specified in the deposition notice provided by defendants, or provide a written objection to those items that he cannot produce, in accordance with Rule 34, by May 21, 2001.

**\*7** The Court also notes that, contrary to plaintiff's

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 8
Not Reported in F.Supp.2d, 2001 WL 487413 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

suggestion, the Court did not set March 8, 2001 as either the close of discovery, or the time limit for service of defendants' notices of deposition. (Letter from Michael S. Kimm to the Court dated May 2, 2001.) March 8, 2001 was merely the date by which defendants' initial discovery requests should have been served.

## VI. Motion to Quash Subpoena for SK Telink's Deposition

On April 19, 2001, plaintiff served a deposition subpoena on third-party SK Telink America, Inc. ("Telink"), requesting the production of documents and a deposition at the offices of plaintiff's counsel on May 4, 2001, with respect to the instant action. On May 4, 2001, Telink served a motion to quash the subpoena, on the grounds that (i) it was issued from the wrong court and did not include attendance or mileage fees, in violation of Fed.R.Civ.P. 45(a) and (b); and (ii) the information plaintiff seeks is confidential business information, which is retrievable from defendants in this action without undue hardship, and (iii) the document request suggests that plaintiff is attempting to obtain discovery from Telink concerning the other case that plaintiff has filed before this Court, *Han Mo Song v. SK Telink America, Inc.,* 01 Civ. 716(AGS), in which discovery has not yet commenced. Opposition papers are due by May 10, 2001 (4 business days after service) and reply papers by May 11, 2001 (1 day after service of the opposition papers).

While the motion is not fully submitted, the Court quashes the subpoena and orders plaintiff to re-serve it. The record reflects that the deposition subpoena was issued from the wrong court, as Rule 45(a)(2) states that a subpoena commanding attendance at a deposition must issue from the court for the district where the deposition is to be held. Plaintiff's deposition subpoena is issued from this Court but calls for SK Telink's attendance at plaintiff's counsel's office in New Jersey. The fact that the subpoena was served less

than 100 miles from the site of the deposition is irrelevant. (Letter from Michael S. Kimm to the Court dated May 2, 2001 at 2.) Further, plaintiff concedes that the attendance and mileage fees were not provided concurrently with the subpoena. Where no fee is tendered with the service of a subpoena requiring a witness' attendance, the service is invalid. *Costamar Shipping Co. Ltd. v. Kim-Sail Ltd.,* No. 95 Civ. 3349, 1995 WL 736907, at *2 (S.D.N.Y. Dec. 12, 1995) (citing *CF & I Steel Corp. v. Mitsui & Co .(USA),* 713 F.2d 494, 496 (9th Cir.1983)). Such improper service warrants quashing the subpoena.

Further, the Court finds that, to the extent it seeks discovery in *Han Mo Song v. SK Telink America, Inc.,* 01 Civ. 716(AGS), the deposition subpoena is currently improper under Fed.R.Civ.P. 26(d), because the parties have not conferred as required under Fed.R.Civ.P. 26(f); nor has their been a Rule 16(b) pretrial conference. However, it would be inadvisable to order that the deposition be adjourned on such ground, as Telink suggests. Moreover, the fact that certain confidential business information is implicated by the document request does not render the deposition itself improper. Telink may simply decline to provide certain information on the grounds of confidentiality or privilege.

## VII. Conclusion

*8 For the foregoing reasons:

A. Plaintiff's motions are granted in part and denied in part, as follows:

(i) Motion to Strike Affirmative Defenses and Dismiss Counterclaims: Granted in part and denied in part

The Court dismisses defendants' third and fourth affirmative defenses, the latter with leave to replead, and declines to dismiss the remainder of the affirmative defenses. The Court dismisses

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                          Page 9
Not Reported in F.Supp.2d, 2001 WL 487413 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

defendants' first three counterclaims with leave to replead, and declines to dismiss the remaining counterclaims.

The Court grants plaintiff's motion to strike defendants' allegations in the counterclaims concerning plaintiff's alleged criminal conviction for rape in Korea as irrelevant to the instant action and unduly prejudicial to plaintiff.

(ii) Motion to Compel Discovery, for Sanctions, and to Disqualify Defense Counsel: Granted in part and denied in part

The Court orders defendants to produce the documents requested by plaintiff in his first document request, or present an adequate objection, by May 14, 2001, and orders that the depositions of the individual defendants shall commence on May 30, 2001, at 10 a.m. However, the Court declines to sanction defendants for heretofore failing to provide an adequate response.

The Court declines to disqualify defense counsel.

(iii) Motion for Appointment of Temporary Receiver: Denied

The Court declines to reconsider its decision to deny plaintiff an evidentiary hearing on the motion for temporary receiver, and denies plaintiff's motion.

B. The motion by defendant Dreamtouch to so-order its notice of plaintiff's deposition is granted. The deposition is noticed for May 23, 2001, at 10 a.m.

C. The motion by SK Telink America, Inc., defendant in *Han Mo Song v. SK Telink America, Inc.,* to quash a deposition subpoena previously served on Telink by plaintiff is granted.

SO ORDERED.

S.D.N.Y.,2001.
Song v. Dreamtouch, Inc.
Not Reported in F.Supp.2d, 2001 WL 487413 (S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 1:01cv00386 (Docket) (Jan. 18, 2001)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT G

Responses

| Company | Notice Name | Address 1 | Address 2 | City | State | Zip Code |
|---|---|---|---|---|---|---|
| Lowenstein Sandler PC | Ira Levee | 1251 Avenue of the Americas | 18th Fl | New York | NY | 10020 |
| Lowenstein Sandler PC | Michael Etkin | 1251 Avenue of the Americas | 18th Fl | New York | NY | 10020 |
| Nix Patterson & Roach LLP | Bradley E Beckworth | 205 Linda Drive | | Daingerfield | TX | 75638 |
| Bernstein Litowitz Berger & Grossmann LLP | John P Coffey | 220 St Paul St | | Westfield | NJ | 7090 |
| Bernstein Litowitz Berger & Grossmann LLP | John P Coffey | 1285 Avenue of the Americas | | New York | NY | 10019 |
| Grant Eisenhower PA | Stuart Grant | 1201 N Market St | Suite 2100 | Wilmington | DE | 19801 |
| Grant Eisenhower PA | Jay W Eisenhofer | 1201 N Market St | Suite 2100 | Wilmington | DE | 19801 |
| Schiffrin & Barroway LLP | Michael Yarnoff | 280 King of Prussia Road | | Radnor | PA | 19087 |
| Grant Eisenhower PA | Geoffry C Jarvis | 1201 N Market St | Suite 2100 | Wilmington | DE | 19801 |
| Schiffrin & Barroway LLP | Sean M Handler | 280 King of Prussia Road | | Radnor | PA | 19087 |