UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                      :        Chapter 11
                                                            :
DELPHI CORPORATON, *et al.*,                                :        Case No. 05-44481 (RDD)
                                                            :
                              Debtors.                      :        (Jointly Administered)
                                                            :
-----------------------------------------------------------X

**AGREED PROTECTIVE ORDER GOVERNING PRODUCTION AND
USE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION
IN CONNECTION WITH THE WITHIN CHAPTER 11 CASES,
INCLUDING CONTESTED MATTERS AND ADVERSARY PROCEEDINGS**

This Agreed Protective Order is entered into and submitted to the Court in accordance with the agreement of counsel for Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), on the one hand, and Wilmington Trust Company, as indenture trustee ("WTC"), on the other hand (the Debtors and WTC being collectively referred to herein as the "Parties" and individually as a "Party"), in connection with the production or other provision by the Debtors or any of them to WTC, or by WTC to the Debtors or any of them, of documents and other information (the "Discovery") throughout the course of, and in connection with, the within Chapter 11 cases and any contested matters or adversary proceedings arising in connection therewith (such Chapter 11 cases and any contested matters or adversary proceedings being hereinafter referred to as the "Bankruptcy Case"); and it appearing that the Discovery may involve the production of information constituting trade secrets or other confidential research, development, or commercial information or information otherwise protected by Fed. R. Civ. P. 26(c); and it appearing to the Court that there is good and sufficient cause that the relief should be granted,

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1.  Pursuant to Federal Rules of Civil Procedure 26(c), made applicable here through Federal Rules of Bankruptcy Procedure 7026 and 9018 and Local Rule 7026-1, and sections 105 and 107 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330, as amended (the "Bankruptcy Code"), this Protective Order shall govern all Discovery produced or provided by the Debtors to WTC or by WTC to the Debtors relating to the Bankruptcy Case. This Protective Order shall not apply to information provided by the Debtors solely to the Official Committee of Unsecured Creditors (the "Committee") in the within cases and received by WTC solely in its capacity as a member of the Committee.

2.  Any Party may designate as "Highly Confidential" any document, deposition testimony, or other information given by or on behalf of the Parties, including "Highly Confidential" information elicited by such Party in response to discovery requests or inquiries made of third parties, and all information derived therefrom that a Party reasonably believes reflects non-public trade secrets, competitively sensitive business or development plans, forward-looking financial information, or personal information (the "Highly Confidential Information"). In addition, any Party may designate as "Confidential" any other non-public information in any document, deposition testimony, or other information given by or on behalf of the Parties, including "Confidential" information elicited by such Party in response to discovery requests or inquiries made of third parties, and all information derived therefrom, (the "Confidential Information") that the Party reasonably believes contains confidential information the distribution of which should be subject to the terms of this Protective Order. Documents shall be designated as Confidential or Highly Confidential by placing or affixing the words "Confidential" or "Highly Confidential" on each such document. Deposition testimony or deposition exhibits may be designated as Confidential or Highly Confidential either on the

record during the deposition itself or by written notice delivered within two (2) business days following receipt of the transcript by the Party who seeks to designate such deposition testimony as Confidential or Highly Confidential, provided that such written notice shall only operate prospectively from and after the date it is received by the receiving Party. Where deposition testimony or exhibits are designated as Confidential or Highly Confidential, the deposition transcript or deposition exhibits shall be so marked as Confidential or Highly Confidential, as appropriate.

3. Failure to designate materials as Confidential or Highly Confidential at the time of production or at the time of a deposition may be remedied prospectively at any time thereafter by supplemental written notice delivered within two (2) business days after the production of such materials. Upon the receipt by a Party of such written notice, the identified materials shall be fully subject to this Protective Order.

4. Material designated as Confidential pursuant to this Protective Order shall only be inspected by and disseminated to the following persons:

    a. the Court and its staff;

    b. the Parties and counsel of record to the Parties, and staff employed by such counsel;

    c. the Parties' professional advisors in the above-captioned cases;

    d. any deponent, counsel for the deponent, and clerical, secretarial, and paralegal staff employed by such counsel; and

    e. court reporters and videographers engaged for recording testimony of a deposition relating to the Bankruptcy Case.

5. Material designated as Highly Confidential pursuant to this Protective Order

shall only be inspected by and disseminated to the following persons:

        a.    the Court and its staff;

        b.    those counsel of record to the Parties, and staff employed by such counsel, who are involved in the litigation or negotiation of the Bankruptcy Case;

        c.    the Parties' professional advisors in the above-captioned cases, to the extent they are involved in the litigation or negotiation of the Bankruptcy Case;

        d.    any deponent, counsel for the deponent, and clerical, secretarial, and paralegal staff employed by such counsel, to the extent such deponent is actually shown Highly Confidential Information in connection with a deposition taken in connection with the Bankruptcy Case; and

        e.    court reporters and videographers engaged for recording testimony of a deposition relating to the Bankruptcy Case.

        6.    Confidential Information and Highly Confidential Information, or any information derived there from, shall be used or disclosed by a receiving Party solely for the purpose of the Bankruptcy Case, including litigation or negotiation of any issues in connection therewith, and not for any other purpose whatsoever, including, without limitation, trading in securities of, or claims against, the Debtors. Any Party receiving Confidential Information or Highly Confidential Information shall not reveal to, or discuss such information with, any person who is not entitled to receive such information; provided, however, that anything to the contrary herein notwithstanding, any Party receiving Confidential Information or Highly Confidential Information may, in connection with the Bankruptcy Case, discuss such Confidential Information or Highly Confidential Information with (i) the Committee, in the case of Confidential Information; (ii) the Committee's professional advisors, in the case of Highly

Confidential Information; and (iii) any person or entity who is, pursuant to the terms of a protective order, confidentiality agreement, or other similar restriction entitled to have access to such Confidential Information or Highly Confidential Information.

7.   The inadvertent production of any Confidential or Highly Confidential document, material, or other information subject to a claim of attorney-client privilege, attorney work product, or any other privilege or discovery exemption shall not be deemed to be a waiver of any claim of privilege, confidentiality, or other protection with respect to that or any other document, material, or information.  In the event that any document or material that is subject to a claim that it is confidential, privileged, or protected from discovery on any other ground is inadvertently produced, the Party who received the inadvertently produced document or material shall return it and all copies of it to the producing Party within three (3) business days after it receives written notice from the producing Party that the document or material was inadvertently produced.  In the case of Confidential or Highly Confidential documents or materials that were inadvertently produced without the appropriate designation but that were otherwise intended to be produced, the producing Party shall deliver to the Party to whom the documents or materials were inadvertently produced copies of the documents and materials containing the appropriate designation simultaneously with receipt of the returned documents or materials.

8.   If at any time a Party objects to the designation of documents or information produced or testimony given as Confidential or Highly Confidential under this Protective Order, the objecting Party shall notify the designating Party in writing.  The objecting Party shall identify the documents or information in question and shall specify in reasonable detail the reasons for the objection. Within two (2) business days of the receipt of such notice, the disclosing and objecting Parties shall meet and confer in an effort to resolve their differences. If

5

the Parties cannot resolve their differences, the disclosing Party may apply within two (2) days thereafter, or such longer time as the Parties may agree, for a ruling from the Court on the propriety of the designation. While any such application is pending, the documents or information that are subject to the application shall remain Confidential or Highly Confidential, as the case may be, until the Court rules. If the disclosing Party does not apply to the Court for a ruling on the propriety of the designation within two (2) days after the conclusion of the meet and confer, or within such time as the Parties may agree, the documents or information that are the subject of the dispute will no longer be deemed Confidential or Highly Confidential. The disclosing Party shall have the burden of proving, to the Court's satisfaction and by a preponderance of the evidence, that the document or information qualifies as sufficiently confidential, under Rule 26(c) of the Federal Rules of Civil Procedure and/or Rule 9018 of the Federal Rules of Bankruptcy Procedure, that its dissemination and use should be restricted in accordance with the terms of this Protective Order.

    9. Nothing in this Protective Order shall be construed as preventing any Party from objecting to the designation of any Discovery as Confidential or Highly Confidential or preventing any Party from seeking further protection from the Court for any Discovery it produces in discovery, including a request, at the conclusion of the Bankruptcy Case, that all Confidential or Highly Confidential Information produced in the course of the Bankruptcy Case be returned or destroyed.

    10. If documents, materials or information (including portions of deposition transcripts) designated as Confidential or Highly Confidential are to be included in any papers to be filed in this Court or any other court, the Party filing such papers shall file with such papers and include in any copies it serves on other parties in lieu of such Confidential or Highly

Confidential documents, materials or information, a notice that the documents, materials or information are, or are claimed to be, subject to this Protective Order, identifying this Protective Order by date.  Such papers shall not be filed electronically but shall be filed with the Clerk of the Court in a sealed envelope bearing a label which contains the case caption, docket number, title of paper being filed, and a legend that reads: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", as the case may be, and:"FILED UNDER SEAL."

11.    This Protective Order shall not be construed to affect in any way the admissibility of any document, testimony, or other evidence at a hearing on any matter in the Bankruptcy Case.

12.    Nothing in this Protective Order shall be construed to limit any disclosing Party's use or disclosure of its own documents, materials, or information. In addition, nothing in this Protective Order shall prevent or in any way limit disclosure, use, or dissemination of any information or documents that are in the public domain. The following shall not constitute Highly Confidential Information or Confidential Information for purposes of this Protective Order:  (i) information that is or becomes generally available to the public (a) other than as a result of a violation of this Protective Order by the party receiving such information; (b) other than as a result of WTC's violation of whatever obligations it, as a member of the Committee, may have to maintain the confidentiality of information that members of the Committee receive from the Debtors; or (c) through discovery; provided, however, that any such information obtained through discovery which is subject to a protective order, confidentiality agreement, or other similar restriction will remain subject to such order, agreement, or restriction; (ii) information that was already in the receiving Party's files on a nonconfidential basis prior to being produced to such Party; (iii) information that becomes available to the receiving Party on a

nonconfidential basis if the source was not, to the best of the receiving Party's knowledge, subject to any prohibition against transmitting the information to it; or (iv) information independently developed by the receiving Party without use of Confidential Information or Highly Confidential Information. Conclusions, recommendations, and positions asserted by, or on behalf of, a Party receiving Confidential Information or Highly Confidential Information shall not be deemed Confidential Information or Highly Confidential Information if such conclusions, recommendations, or positions do not include, set forth, or otherwise disclose Confidential Information or Highly Confidential Information. This Protective Order shall not prejudice in any way the rights of any Party to introduce into evidence or use at a hearing in the Bankruptcy Case any document, testimony, or other information that is subject to this Protective Order. The receiving Party shall have the burden of proving that for any of the reasons enumerated in this paragraph 12, all or any portion of the Discovery does not constitute Highly Confidential Information or Confidential Information.

      13.    Any non-party producing discovery materials in connection with any matter in the Bankruptcy Case may subject itself to this Protective Order by endorsing a copy of this Protective Order and delivering it to the requesting Party who, in turn, will serve it upon counsel for the other Parties and file it with the Court. The Parties may designate discovery materials produced by a non-party to the Bankruptcy Case as Confidential or Highly Confidential in accordance, and consistent, with the terms and provisions of this Protective Order.

      14.    This Protective Order shall not prevent any Party from applying to the Court for further or additional protective orders, for the modification of this Protective Order, or from agreeing with other Parties to modify this Protective Order, subject to the approval of the Court. Any Party may, by written notice (an "Opt Out Notice") to the other Parties hereto, determine to

no longer be subject to the terms of this Protective Order.  In such event, this Protective Order shall continue to govern with respect to all Confidential or Highly Confidential Discovery produced or otherwise provided prior to the date of delivery of the Opt Out Notice but shall have no force or effect with respect to Discovery produced or otherwise provided on or after the date of delivery of the Opt Out Notice.

15.    This agreed Protective Order shall not be deemed to be a contractual agreement between or among the Parties and no Party hereto shall enforce or seek to enforce this agreed Protective Order or any alleged breach thereof as if it were a contract between or among the Parties.  The sole right of any Party hereto to enforce the terms of this agreed Protective Order with respect to any alleged breach thereof shall be by motion to this Court for an order enforcing in such manner as the Court deems appropriate the terms of this Protective Order, which order may, if appropriate and authorized by law, include an award of damages, costs, or fees occasioned by breach of this Protective Order.  The Debtors shall submit this Protective Order to the Court for its approval (on an expedited basis) within two business days of the date on which it is signed by WTC and the Debtors.  Notwithstanding the first two sentences of this paragraph 12, if a receiving Party elects to obtain Highly Confidential or Confidential Information before the Court approves and enters this Protective Order, this Protective Order shall be considered a contractual undertaking between the Parties until such time as this Protective Order is approved by the Court, at which time such contractual undertaking shall be considered void ab initio and this Protective Order shall be deemed effective nunc pro tunc to the date Highly Confidential or Confidential Information is first made available to the receiving Party.  If, in such event, the Court declines to approve this Protective Order, it shall continue as a contractual undertaking pending further agreement of the Parties with regard to the subject

9

matter hereof or until terminated (on a prospective basis) by written notice by any Party to the other Parties hereto.

16. Any notice hereunder shall be in writing and shall be deemed to have been received and shall be effective on the day on which delivered if (a) personally delivered, (b) transmitted by e-mail or telecopier, or (c) mailed return receipt requested (in which case such notice shall be deemed to be delivered on the date shown on such receipt for delivery or refusal), and shall be addressed (i) in the case of Debtors to:

> David Springer, Esq.
> Skadden Arps Slate Meagher & Flom
> 333 West Wacker Drive
> Chicago, Illinois 60606
> Fax: 312.407.8524
> E-mail: dspringe@skadden.com

and (ii) in the case of WTC to:

> Edward M. Fox, Esq.
> Kirkpatrick & Lockhart Nicholson Graham LLP
> 599 Lexington Avenue
> New York, New York 10022
> Fax: 212.536.3901
> E-mail: efox@klng.com

or to such other addresses as any Party hereto may specify from time to time in writing to the other Parties hereto.

17. This Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Protective Order upon appropriate motion by a party in interest.

18. To the extent this Protective Order is considered a contractual undertaking between the Parties hereto pursuant to paragraph 15, hereof, the following terms shall apply:

  A. This Agreement may not be amended, modified or supplemented, except by written instrument executed by the Parties hereto. No waiver of any breach of any

provision of this Agreement shall be held to be a waiver of any other provision or subsequent breach of the same provision, and the failure of a Party to enforce at any time any provision herein shall not be deemed to be a waiver of any right of such Party to subsequently enforce such provision or any other provision herein. No extension of time for performance of any obligations or other acts hereunder shall be deemed to be an extension of time for performance of any other obligations or any other acts.

      B.    Each Party irrevocably submits to the nonexclusive jurisdiction and venue of the court overseeing the Bankruptcy Case or, if such court shall lack, or decline to exercise, jurisdiction, to the courts of the Sate of New York located in New York City, and of the United States District Court for the Southern District of New York, and agrees that process and other papers may be served on it by registered mail, return receipt requested, addressed in accordance with Section 16 herein, or by personal delivery, or in such other manner as may be permissible under the rules of such courts.

      C.    This Agreement represents the entire understanding of the Parties with respect to its subject matter and supersedes all prior agreements and understandings between or among them with respect to its subject matter.

      D.    This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to any principles of choice of law thereof which would require the application of the law of any other jurisdiction.

11

Dated: New York, New York
       January 12, 2006

                                         /s/ Robert D. Drain
                                    United States Bankruptcy Judge

AGREED TO AND APPROVED FOR ENTRY

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:   /s/ David E. Springer
    John Wm. Butler, Jr. (JB4711)
    David E. Springer (DS9331)
    John K. Lyons (JL4951)
    Ron E. Meisler (RM3026)
    Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
(312) 407-0700

KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP

By:   /s/ Edward M. Fox
    Edward M. Fox (EF1619)
Attorneys for Wilmington Trust Company,
as Indenture Trustee
599 Lexington Avenue
New York, New York 10022
(212) 536-3900