UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
    In re                           :      Chapter 11
: 
DELPHI CORPORATION, et al.,    :      Case No. 05-44481 (RDD)
: 
                     Debtors.    :      (Jointly Administered)
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND 1107(b) AUTHORIZING
EMPLOYMENT AND RETENTION OF DELOITTE & TOUCHE LLP
AS INDEPENDENT AUDITORS AND ACCOUNTANTS TO DEBTORS,
EFFECTIVE NUNC PRO TUNC TO OCTOBER 8, 2005

("DELOITTE & TOUCHE RETENTION ORDER")

Upon the application dated November 23, 2005 (the "Application") (Docket No. 1222) of Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 327(a), 328(a), and 1107(b) and Fed. R. Bankr. P. 2014 authorizing the employment and retention of Deloitte & Touche LLP ("Deloitte & Touche") as independent auditors and accountants to the Debtors, effective nunc pro tunc to October 8, 2005; and upon the Affidavit of Brock E. Plumb, sworn to November 9, 2005, in support of the Application; and upon the Supplemental Declaration of Brock E. Plumb in Support of Application for Order under 11 U.S.C. §§ 327(a), 328(a), and 1107(b) Authorizing Employment and Retention Of Deloitte & Touche LLP as Independent Auditors and Accountants to Debtors, Effective Nunc Pro Tunc to October 8, 2005 (Docket No. 1664); and having considered: (i) Lead Plaintiffs' Objection to Debtors' Application for Order under 11 U.S.C. §§ 327(a), 328(a) and 1107(b) Authorizing Employment and Retention Nunc Pro Tunc to October 8, 2005, of Deloitte & Touche LLP as Independent Auditors and Accountants to Debtors (Docket No. 1401) (the

"Objection"); (ii) the Limited Objection of The Official Committee of Unsecured Creditors to Debtors' Application for Order under 11 U.S.C. §§ 327(A), 328(A), and 1107(B) Authorizing Employment and Retention of Deloitte & Touche LLP as Independent Auditors and Accountants to Debtors, Effective <u>Nunc</u> <u>Pro</u> <u>Tunc</u> to October 8, 2005 (Docket No. 1649) (the "Limited Objection"); and (iii) Debtors' Response to Lead Plaintiffs' Objection to Debtors' Application for Order under 11 U.S.C. §§ 327(a), 328(a), and 1107(b) Authorizing Employment and Retention, <u>Nunc</u> <u>Pro</u> <u>Tunc</u> To October 8, 2005, of Deloitte & Touche LLP as Independent Auditors and Accountants to Debtors (Docket No. 1719), including the Declaration Of Robert Dellinger in Support of Application for Order under 11 U.S.C. §§ 327(a), 328(a), and 1107(b) Authorizing Employment and Retention Of Deloitte & Touche LLP as Independent Auditors and Accountants to Debtors, Effective <u>Nunc</u> <u>Pro</u> <u>Tunc</u> to October 8, 2005 attached thereto; and upon the record of the hearing held on the Application; and this Court having determined that the relief requested in the Application, as modified hereby, is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor for the reasons stated by the Court in its bench ruling on the Application, it is hereby

   ORDERED, ADJUDGED, AND DECREED THAT:

   1. The Application is GRANTED on a final basis, except that the words "and thereafter" in paragraph 16(a) of the Application have been withdrawn.

   2. Subject to the terms of this Order, the Debtors' employment of Deloitte & Touche as their independent auditors and accountants pursuant to the terms and conditions of the Application (and the engagement letters attached thereto) is approved pursuant to

sections 327(a), 328(a), and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), effective nunc pro tunc to October 8, 2005.

3.  Deloitte & Touche shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court.

4.  All requests of Deloitte & Touche for payment of indemnity pursuant to that certain engagement letter dated January 24, 2005 (the "Government Reports Engagement Letter", and together with the audit services engagement letter dated August 29, 2005, the "Engagement Letters") shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Government Reports Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall Deloitte & Touche be indemnified for its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

5.  That in no event shall Deloitte & Touche be indemnified for a claim that a court determines by final order to have arisen out of Deloitte & Touche's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

6.  That in the event that Deloitte & Touche seeks reimbursement for attorneys' fees from the Debtors pursuant to the Government Reports Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Deloitte & Touche's own

3

applications (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of §§ 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under § 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy Section 330(a)(3)(C) of the Bankruptcy Code.

7. Neither the entry of this Order nor the employment of Deloitte & Touche by the Debtors' bankruptcy estates pursuant to the Engagement Letters or this Order shall (i) convert any claim or request for payment or reimbursement by Deloitte & Touche (including any claim for attorneys' fees) based upon acts, omissions, conduct, events, occurrences or otherwise that occurred or arose prior to October 8, 2005 (the "Petition Date") into a postpetition obligation or administrative expense of the Debtors and their respective estates; or (ii) convert any claim or request by Deloitte & Touche based upon acts, omissions, conduct, events, occurrences or otherwise that occurred or arose on or after the Petition Date into a prepetition general unsecured claim.

8. Neither the employment of Deloitte & Touche pursuant to the Application or this Order nor any determination that Deloitte & Touche is "disinterested" for purposes of Section 327 of the Bankruptcy Code shall constitute a defense for Deloitte & Touche or any of its affiliates or a bar in the event that Deloitte & Touche or any of its affiliates becomes a defendant in an adversary proceeding commenced by or on behalf of the estates for recovery of a voidable transfer under Chapter 5 of the Bankruptcy Code. This Court makes no determination in connection with entering this Order as to whether or not it would be appropriate for such an adversary proceeding to be commenced.

9. To the extent this Order is inconsistent with the Engagement Letters, this Order shall govern.

10. Any party-in-interest shall have the right to raise the issue of the application of Deloitte & Touche's prepetition retainer to postpetition fees and expenses.

11. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

12. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

13. The Objection and the Limited Objection, to the Application, to the extent not resolved by this Order, are hereby overruled.

Dated:    New York, New York
          January 17, 2006

/s/ ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE