# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                    )
In re:                              ) Chapter 11
                                    )
DELPHI CORPORATION, INC., et al.,   ) Case No. 05-44481 (RDD)
                                    )
                        Debtors.    ) (Jointly Administered)
                                    )
_____ )

## DECLARATION OF KENNETH HO

I, Kenneth Ho, hereby state and declare as follows:

1.      This Declaration is submitted in support of Cherokee North Kansas City, LLC's ("Cherokee") Motion for Order Under 11 U.S.C. § 362(d)(2) Directing Debtor Delphi Automotive Systems, LLC to Determine Within 150 Days Whether to Assume of Reject Its Nonresidential Real Property Lease with Cherokee North Kansas City, LLC (the "Motion"). I have first-hand knowledge of the matters described herein.

2.      I am the Asset Manager for Cherokee Investment Partners, LLC, which is a 100% owner of Cherokee.

3.      Cherokee is the owner of an industrial and warehouse facility located at 144 West 23rd St., North Kansas City, Missouri (the "Building"). The Building is Cherokee's sole asset, and its sole source of income is rent paid by Delphi Automotive Systems, LLC ("Delphi") and two other tenants of the Building, Gallagher Power Fence, Inc. ("Gallagher") and NL Grease, LLC ("NL Grease"). Cherokee's property is financed through loans from First Southern National Bank (the "Bank").

1

4.      Delphi leases approximately 125,566 rentable square feet of industrial and warehouse space (the "Premises") at the Building pursuant to a Lease of Industrial or Warehouse Facilities (the "Lease," an authentic copy of which, including amendments, is attached as Exhibits A, B, and C to the Motion).

5.      Gallagher and NL Grease lease 36,000 rentable square feet and 66,211 rentable square feet, respectively, at the Building and collectively pay approximately 38% of the gross rent for the Building. Both tenants are current in their obligations with respect to their leases of space in the Building. Gallagher's tenancy ends on May 31, 2013. NL Grease's lease terminates on October 31, 2015. These two tenants occupy 43% of the rentable square feet in the Building.

6.      Cherokee had intended to put the building up for sale in October 2005, but decided not to after Delphi filed for bankruptcy. In consultation with Cherokee's broker, Whitney Kerr, Jr., Cherokee determined that the uncertainty associated with Delphi's right to assume or reject the Lease affected Cherokee's ability to sell the Building for a reasonable amount that Cherokee decided not to list the Building for sale. Cherokee does not intend to sell the Building until the uncertainty associated with the Lease is resolved.

7.      With respect to Cherokee's loan from the Bank, Cherokee has three outstanding loans, two of which matured on December 31, 2005: a) approximately $950,000 (maturity date of December 31, 2005); b) approximately $263,000 (maturity date of December 31, 2005); and c) approximately $506,000 (maturity date of February 28, 2008). Cherokee is in discussions with the Bank concerning an extension of the two matured loans, but the Bank has not yet agreed to an extension, and it is anticipated that any extension will require Cherokee to incur additional costs, but for the Debtor-Lessee's bankruptcy.

2

I declare under penalty of perjury under the laws of the State of Colorado that the foregoing is true and correct to the best of my knowledge and belief.

Executed at Denver, Colorado, this 17th day of January, 2006.

Kenneth Ho

3

# EXHIBIT E

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| DELPHI CORPORATION, INC., <u>et al.</u>, | ) Case No. 05-44481 (RDD) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## DECLARATION OF WHITNEY KERR, JR.

I, Whitney Kerr, Jr., hereby state and declare as follows:

1.      I am a Senior Vice President—Principal for Colliers Turley Martin Tucker ("<u>CTMT</u>"), a commercial real estate consulting, brokerage, leasing, and management company. My office is located in Kansas City, Missouri. The majority of my experience is in the sale and leasing of industrial properties. A copy of my profile from CTMT's web site is attached to this declaration. I have first-hand knowledge of the matters described herein.

2.      I was retained by Cherokee North Kansas City, LLC ("<u>Cherokee</u>") in October 2004, to assist Cherokee with its lease (the "<u>Lease</u>") with Delphi Automotive Systems, LLC ("<u>Delphi</u>") at its building located at 144 West 23rd St., in North Kansas City, Missouri (the "<u>Building</u>"). Delphi leases industrial and warehouse space from Cherokee at the Building (the "<u>Premises</u>").

3.      I have also been retained by Cherokee to act as its broker with respect to a proposed sale of the building. Cherokee intended to put the Building up for sale in October 2005, but declined to do so because Delphi filed for bankruptcy.

1

4.      I represented Cherokee in its discussions and negotiations with Delphi in October

2004 - February 2005 with respect to a proposed expansion of the Premises and extension of the

Term of the Lease.  My main contact at Delphi in those negotiations was Dennis Lukasic of

Equis-Delphi.

5.      During my discussions with Mr. Lukasic, he stated that Delphi had entered into,

or was about to enter into, a supply contract with General Motors ("GM") to supply automobile

parts to be assembled by GM at the Fairfax Plant in Kansas City, Kansas.  Mr. Lukasic said

Delphi did not want to extend the Lease past the term of the contract with GM.  Accordingly,

Cherokee and Delphi agreed to a provision in the Second Amendment to Lease of Industrial or

Warehouse Facilities between Cherokee and Delphi (the "Second Amendment") in which Delphi

may terminate the Lease on or after May 1, 2010, by giving Cherokee one-year notice.

6.      Cherokee has also retained me as a broker to sell the Building.  In September

2005, I toured the Premises in anticipation of a sale of the Building so that I was more familiar

with the lessees of the Building.  On the tour, Denny Knowlton, the production manager for

Delphi, told me that the manufacturing facility at the Building was ranked first in quality among

all of the manufacturing facilities operated by the Delphi companies.  Mr. Knowlton also told me

that employees at the facility were paid an average of approximately $14 per hour, at the lower

end of the pay scale for such employees, and that Delphi had recently received new business

from GM.

7.      With respect to the proposed sale of the Building, as Cherokee's broker, I had

planned to list the Building for sale for $6.5 million.  Based upon my experience in the

commercial real estate market in Kansas City, Missouri, this was a reasonable asking price for

2

such a property. However, after Delphi filed for bankruptcy and after discussing the matter with Cherokee, I determined that the Building could not be sold for that amount because of the possibility that Delphi could reject the Lease.

8.    As a result of Delphi's right to reject the Lease, Delphi has, in effect, a month-to-month lease. Accordingly, the Lease has little value to a potential; purchaser because that purchaser cannot rely on the rental stream for the Premises unless Delphi assumes the Lease or rejects the Lease and a new tenant leases the Premises. Even if the Debtor-Lessee rejects the Lease, Cherokee would be able to locate a new tenant, and thus ensure it could sell the Building for an amount at or near the asking price of October 2005. If Cherokee were to sell the Building now, the asking price would be between $4 million and $4.5 million. However, the uncertainty associated with the Lease is so great that I have no assurance that Cherokee could obtain that price for the Building.

9.    So long as Delphi does not assume the Lease, the value of the Building will continue to decrease as the expected income stream associated with the Building decreases. If Delphi assumes the Lease in June 2006, the anticipated income stream from Delphi will be approximately 4 years; if the Lease is assumed in June 2007, the anticipated rental stream will be only 3 years. A building with an income stream of 4 years for its largest tenant will sell at a higher price than a building with an income stream of 3 years for that tenant. In addition, if Cherokee is forced to wait until June 2007 (or later) for Delphi to assume or reject the Lease, the rental streams associated with the other two tenants of the Building will also be shorter, further decreasing the value of the Building.

3

I declare under penalty of perjury under the laws of the State of Missouri that the

foregoing is true and correct to the best of my knowledge and belief.

Executed at Kansas City, Missouri, this 17th day of January, 2006.

Whitney Kerr, Jr.

4





*Commercial Real Estate*

## Whitney E. Kerr, Jr.
Senior Vice President - Principal

**Real Estate Specialty**
Whitney Kerr, Jr., SIOR, CCIM concentrates on industrial sales and leases.

**Recent Transactions**

| Client | Size | Type | Year |
|---|---|---|---|
| Interstate Brands Corp. | 250,000 sq.ft. | Purchase | 2003 |
| Westlake Hardware | 270,000 sq.ft. | Purchase | 2003 |
| C & C Produce | 200,000 sq.ft. | Purchase | 2003 |
| Shield Investments | 150,000 sq.ft. | Lease | 2004 |
| Westlake Hardware | 140,000 sq.ft. | Sale | 2004 |
| S & M NuTech | 280,000 sq.ft. | Purchase | 2004 |
| Medline | 360,000 sq.ft. | Land | 2004 |
| Musician's Friend | 110,000 sq.ft. | Lease | 2004 |
| Premium Water | 100,000 sq.ft. | Lease | 2004 |
| Missouri State Employees Retirement System | 274,000 sq.ft. | Sale | 2005 |
| Sonoco Products Company | 100,000 sq.ft. | Sale | 2005 |
| Cherokee Partners | 125,000 sq.ft. | Lease | 2005 |
| Interstate Brands Corp. | 100,000 sq.ft. | Sale | 2005 |

**Career History**
Whitney joined Kerr & Company in 1984 as an industrial specialist and became President of the company in 1989. Whitney directed brokerage operations and continued as an individual producer until the merger with Colliers Turley Martin in 1995. As a Principal and Senior Vice President of Colliers Turley Martin Tucker, he currently devotes the majority of his time to sales and leasing of industrial properties. In addition to representing owners on sales and leases, Whitney has assisted buyers and tenants on numerous site selection assignments. Some of these completed projects were on behalf of Time Warner Cable, Glazers, Inc. and Sonoco Products Company. Whitney exclusively represents Sonoco Products Company on real estate transactions throughout the United States. Sonoco currently has over 300 industrial facilities in the U.S.

Since 1995, Whitney has negotiated over 500 sales/leases involving over 10,000,000 square feet of space.

**Industry Achievements**
President of Western Missouri-Kansas Chapter of Society of Industrial and Office Realtors (SIOR); Certified Commercial and Investment Member (CCIM); Missouri Association of Realtors Life Member – Million Dollar Club; Director of Metro Kansas City Board of Realtors

**Community Leadership**
Children's Mercy Hospital Ambassador; Circle of Care – Children's Mercy Hospital

**Education**
International Collegiate Center for Classical Studies, Rome, Italy; Vanderbilt University, B.A. Classics

**Clients Served**
Missouri State Employees Retirement System, Interstate Brands Corporation, Maxus Realty Trust, Glazers, Sonoco Products Company



www.ctmt.com

# EXHIBIT F

# FIRST SOUTHERN
## National Bank

**Commercial Lending Group**

P.O. Box 328
99 Lancaster Street
Stanford, KY 40484
(606) 365-3555
FAX (606) 365-7557

December 6, 2005

Daniel J Garfield
Brownstein & Farber, P.C.
410 Seventeenth Street, Twenty-Second Floor
Denver, Colorado 80202-4437

Re: Loan #s 30001050 and 30001051 to Cherokee North Kansas City, LLC

Dear Mr. Garfield:

Your client, Cherokee North Kansas City, LLC has requested that First Southern National Bank (the "Bank") agree to extend the maturity date of the above referenced loans, both of which mature on December 31, 2005. The current outstanding balance on Loan # 30001050 is $950,705.52 and the current outstanding balance on Loan # 30001051 is $262,459.91. In addition, Loan # 3001052, which matures on February 28, 2008 is also outstanding and has a principal balance of $506,249.04. All of the loans are secured by the property known as 105 West 26th Avenue, North Kansas City, Missouri (the "Property")

It has come to our attention that Delphi Corporation, a tenant occupying fifty-two percent (52%) of the Property has filed for bankruptcy and has requested from the bankruptcy court that the deadline for assuming or rejecting unexpired leases be extended to June 7, 2007. If Delphi's request is granted, the existing lease at the Property will in effect become a month-to-month lease, subject to Delphi's right to reject the lease at any time prior to June 7, 2007.

If not for the possibility of Delphi's lease being rejected, the Bank would not hesitate to agree to a loan extension. Unfortunately, the uncertainty surrounding a month-to-month lease for fifty-two percent (52%) of the Property dramatically reduces the marketability and value of the Property. As a result of the lack of marketability and significant decline in value, the risk to the Bank in connection with the loans has substantially increased. Accordingly, the loans must be resubmitted to our underwriting department for review to determine whether current conditions warrant granting your request for a loan extension. Due to the uncertainty regarding the ultimate disposition of your request, we suggest that you explore other options for refinancing the loan.

We regret that we are unable to provide you with a definitive response to your request at this time.

Very Truly Yours,

Tommy Roberts
Regional President

**EXHIBIT G**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DELPHI CORPORATION, INC., <u>et al.</u>, | ) Case No. 05-44481 (RDD) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER UNDER 11 U.S.C. § 362(d)(2) DIRECTING DEBTOR DELPHI
AUTOMOTIVE SYSTEMS, LLC TO DETERMINE WITHIN 150 DAYS
WHETHER TO ASSUME OR REJECT ITS NONRESIDENTIAL REAL
PROPERTY LEASE WITH CHEROKEE NORTH KANSAS CITY, LLC**

Upon the motion dated January 18, 2005 (the "Motion"), of Cherokee North Kansas

City, LLC ("Cherokee"), for an order directing Delphi Automotive Systems, LLC to determine

within 150 days whether to assume or reject an unexpired nonresidential real property lease

under section 365(d)(2) of title 11, United States Code (the "Bankruptcy Code") and for such

other and further relief as is just and proper; and a hearing having been held on the Motion on

February 9, 2006 (the "Hearing"); and notice of the Motion and the Hearing having been given in

accordance with the Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P.

2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice,

Case Management, And Administrative Procedures, And (III) Scheduling An Initial Case

Conference In Accordance With Local Bankr. R. 10072(e) (the "Case Management Order")

(Docket No. 245) and that no other or further notice is necessary; and upon the representations

made on the record at the Hearing and good and sufficient cause appearing therefor; and after due

deliberation it is hereby

ORDERED, that the Motion is granted as set forth in this Order; and it is further

ORDERED, that the time within which Delphi Automotive Systems, LLC (the

"Debtor") may assume, assume and assign, or reject the Lease (as defined in the Motion) expires

June 8, 2006; and it is further

ORDERED, subject to prior entry of an Order authorizing the Debtor to assume,

reject or assume and assign the Lease, the Lease is deemed rejected as of June 8, 2006.

Dated:    New York, New York
          February ___, 2006


                                        _____
                                             HON. ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

G:\Cherokee North Kansas City, LLC\Lit\365(d)(2) order.doc

2