Lafonza Earl Washington
7010 Cranwood Drive
Flint, MI  48505
Tel:  810/787-3150
Cell: 810/922-0308


December 31, 2005


Clerk of the Court
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, N.Y.  10004

UNITED STATES DEPARTMENT OF JUSTICE
Alberto Gonzalez
U.S. Attorney General
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001

UNITED STATES DEPARTMENT OF JUSTICE
Peter D. Keisler
Assistant U.S. Attorney General
Civil Division
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001

UNITED STATES DEPARTMENT OF JUSTICE
Alice S. Fischer
Assistant U.S. Attorney General
Criminal Division
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001


             RE:  In re Delphi Corporation et al, Debtors
                  Case No. 05-44481 (RDD)



Greetings Clerk and U.S. Attorney General:

Enclosed for filing you will find:

1.  "OBJECTIONS" Of Lafonza Earl Washington To Nonstatutory
    Supervision By The United States Attorney General To
    Enforce §§ 301, 502(a), 3001(a) and (f) etc., Statutory
    Disbursements Lawfully and Timely Demanded.

2.  "EX PARTE APPLICATION" Of Claimant Lafonza Earl
    Washington Presented To The Clerk To Correct Omissions
    Of "NOT" Recording This "EX PARTE APPLICATION" and To
    Disburse $30,000,000.00 Based On The "RECORDED"
    Proof Of Claim Deemed "ALLOWED" Related To The
    Previously Entered October 8, 2005, (AGENDA ITEM NO.22;

Clerk of the Court
December 31, 2005
Page 2

DOCKET NO.31) and (AGENDA ITEM NO.22; DOCKET NO.36)
In A - NUNC PRO TUNC - Proceeding Which Do "NOT"
Require Allowance Nor Further Order Of The Court
and - By Law - Is Grantable of Course By The Clerk
Payable To Lafonza Earl Washington and Cashable At
All FDIC Insured Banks; and

3.   Civil Resource Manual 226 FMS Forms 194-197.

4.   Letter dated December 13, 2005, from Clerk of the U.S.
     Bankruptcy Court SDNY acknowledging recording of
     Claims, yet nonrecording of the "APPLICATIONS" for
     payment.

5.   Proof Of Service.

Please record statutorily according to Rule 5005(a)(1) of the
Fed.R. of Bankr.P., as well as Rules 58, 77(c) and 79 of the
F.R.Civ.P.   Thank you.

                              In Truth, Justice & Peace,

                              *Earl Washington*
                              Earl Washington

PROOF OF SERVICE

STATE OF MICHIGAN )
                 )
COUNTY OF GENESEE )

I, Lafonza Earl Washington deposes, states:

That on December 31, 2005, he did serve the below-identified
documents upon the below-named parties by United States
Postal Service First Class mail with postage prepaid.

1. "OBJECTIONS" of Lafonza Earl Washington To Nonstatutory
   Supervision By the United States Attorney General To
   Enforce §§ 301, 502(a), 3001(a) and (f) etc., Statutory
   Disbursements Lawfully and Timely Demanded.

2. "EX PARTE APPLICATION" of Claimant Lafonza Earl
   Washington Presented To The Clerk To Correct Omissions
   Of "NOT" Recording This "EX PARTE APPLICATION and To
   Disburse $30,000,000.00 Based On The "RECORDED" Proof
   Of Claim Deemed "ALLOWED" Related To The Previously
   Entered October 8, 2005, (AGENDA ITEM NO.22; DOCKET
   NO.31) and (AGENDA ITEM NO.22; DOCKET NO.36) In A-
   NUNC PRO TUNC - Proceeding Which Do "NOT" Require
   Allowance Nor Further Order Of The Court and - By
   Law - Is Grantable Of Course By The Clerk Payable
   To Lafonza Earl Washington and Cashable At All FCIC
   Insured Banks; and

3. Civil Resource Manual 226 FMS Forms 194-197.

4. Letter dated December 13, 2005, from Clerk of the
   U.S. Bankruptcy Court SDNY acknowledging recording
   of Claims, yet nonrecording of the "APPLICATIONS"
   for payment.

5. Proof Of Service.

Please record pursuant to Rule.5005(a)(1) of the Fed.R.of
Bankr.,P., as well as Rules 58, 77(c) and 79(a) of the Fed.R.
Civ.P.  Thank you.

By: /Lafonza Earl Washington
         Applicant/Creditor

Mailed To:

         Clerk of the Court
         United States Bankruptcy Court
         Southern District of New York
         One Bowling Green
         New York, N.Y.  10004

UNITED STATES DEPARTMENT OF JUSTICE
Alberto Gonzalez
U.S. Attorney General
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001

UNITED STATES DEPARTMENT OF JUSTICE
Peter D. Keisler
Ass't U.S. Attorney General
Civil Division
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001

UNITED STATES DEPARTMENT OF JUSTICE
Alice S. Fischer
Ass't U.S. Attorney General
Criminal Division
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler


    - and -


SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - x
                                                 :
                                                 :
                                                 :
      In re                                      :   Chapter 11
                                                 :
DELPHI CORPORATION, et al.,                      :   Case No. 05-44481 (RDD)
                                                 :
                      Debtors.  :                    (Jointly Administered)
                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - x
```

RECEIVED
JAN 4 2006
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

OBJECTIONS
OF APPLICANT LAFONZA EARL WASHINGTON
TO NONSTATUTORY SUPERVISION BY THE UNITED
STATES ATTORNEY GENERAL TO ENFORCE §§ 301,
502 (a), 3001 (a) AND (f) ETC., STATUTORY
DISBURSEMENTS LAWFULLY AND TIMELY DEMANDED

The above-named Creditor/Applicant in the above-entitled cause makes this statutorily prescribed Ex Parte Application "OBJECTING" to the "delay" in the "nonpayment" of the statutorily provided "ALLOWED" valid claim filed on October 31, 2005, showing:

1. Objections to the collusions, deliberate deprivations of allowed payment rights under color of law and knowing violations of Fourteenth Amendment Equal Protection of the laws guaranteed rights involving Title 11 U.S.C. §§ 101, 301, 501, 502(a), 3001(a) and (f) etc., including prohibited delays in the exercise of "SWORN TO" duties and supervision by the Attorney General's office according to 28 U.S.C. §§ 516, 586 etc., "PLENARY" Powers involving the United States Bankruptcy Court For The Southern District of New York et al, the United States Trustee & Program for this district showing further violations of "NOT" enforcing the applicable bankruptcy laws to comply with the prompt and efficient disbursement of payment to creditor Lafonza Earl Washington's "ALLOWED" claim made by Ex Parte Application and statutory payment of the valid sum of $30,000,000.00 at 15% APR is resubmitted for the required just, speedy, and economically resolved payment either thru this Court of pursuant to Title 31 U.S.C. § 1304 in which the FMS Forms 194 - 197 are enclosed in a Nunc Pro Tunc demand.

2. The Attorney General (AG) as the head of the Department of Justice is granted authority to appoint the United States Trustees etc., under 28 U.S.C. §§ 581-589a, notwithstanding that the AG is in the line of succession to the Presidency, next after the Secretary of Defense. See Title 3 USCA § 19(d).

3.  Notwithstanding, that the AG is a member of the "EXECU-
TIVE" branch, "JUDICIARY" branch's powers are used (or usurped
and abused) under "28" USC § 581-589a to appoint the U.S.
Trustees that may be separations of power violations?

4.  Although written and telephone communications were
repeatedly made to the Executive Office for the U.S. Trustees and
the Trustee Program for the Southern District of New York for the
past "60" days the just, speedy, and economical resolution of
this Creditor's/Applicant's validated claim in Case No.
05-44481 (RDD) is being deprived under color of law from resolu-
tion and payment that are violations of the Congress' police
powers to enact such authority according to Title 11 U.S.C. §§ 101,
301, 501, 502(a), 3001(a) and (f) etc.

5.  The validated claim herein is directly connected to the
No.1 creditor holding the "LARGEST" claim which claim is "NOT
DISPUTED" and the approximate amount of the claim is "UNKNOWN".

6.  The No.6 creditor listed approximate amount of the claim
is $2,000,000,000.00 which self-evidences that the No.1 creditor,
General Motors, this Creditor/Applicant's employer for "32"
years exceeds this amount, and involving the noncollective bar-
gained Agreement Contract involuntary servitude damages of non-
contractually forcing this employee into the Delphi system -
involuntarily - in September of 1999, resulting in 100% loss of
"32" years of "ALL" employee compensations, retirement et al, for
"6 YEARS", 4 months, and continuing are prohibited "13th"
Amendment to the U.S. Constitution and Section 9 of Michigan's
1963 Constitution's anti-slavery, anti-involuntary servitude

continuous wrongs that are redressable under the Fourteenth
Amendment, Title 42 USC §§ 1981, 1982, 1983 etc., requirements.

7. The Congress enacted a "STATUTORY" reorganization plan,
self-evidently, when it validated the amount of the claim and
"ALLOWED" eligibility for payment of (this) "UNCONTESTED" claim
under Sections 502(a), 3001(a) and (f) etc., which creates a plan
for the debtor to repay all or part of its debts and this claim's
amount is assertedly within the more than $2 billion "UNKNOWN"
limitation amount of the General Motors claim.

8. Trustee Deidre Martini, Office of the General Counsel,
or Roberta DeAngelis, nor the Assistant Trustees Mary Elizabeth
Tom and Elizabeth J. Austin et al, will perform their specific
responsibilities to "ADVOCATE":

A. Title 11 U.S.C. § 301 Voluntary case requiring that
when the case is commenced it constitutes an "ORDER FOR RELIEF"
evidencing that this debtor has been granted statutory assistance
to pay off its debts and the No."1" creditor General Motors claims
connected to GM are bound to be paid off with first priority
which has clearly been violated by lower listed creditors having
received consideration "BEFORE" this GM related claim of
Lafonza Earl Washington it is believed based on Clerk office
information.

B. The named U.S. Trustees have violated their specific
responsibilities by "NOT" supporting and publicly recommending
the requirements of §§ 502(a),3001(a) and (f), etc., of Title 11
U.S.C., including Rule 9013, 9014 etc., of the Federal Rules of
Bankruptcy that provides the allowance for payment of this

eligible claim, prima facie evidence of the validity and amount of this claim, as well as the 'EX PARTE' Application authorizing the filing with the Clerk of the Court without further need for service, there is "NO" opponent in the voluntarily case filed "IN RE"!

9.   It is evidenced here that the U.S. Attorney General has the duties to supervise the U.S. Trustee office for the Southern District of New York under U.S.C. § 586 and the "JUDICIARY'S" concurrent duties to enforce the Bill of Rights to the U.S. Constitution which are "INDIVIDUAL RIGHTS" that binds on this U.S. Government office of the AG the 'public interest' duty of enforc-ing this Applicant's 'Individual' rights against violations of federally guaranteed protections from slavery conditions, involun-tary servitude etc., resulting from the continued denial of "ALL" property ownership rights - without being accused or charged with any crime - for "32" years and denial of 100% "MONETARY PROPERTY" to live on for "6" years conflicts with and violates this 'INDIVIDUAL'S' "HUMAN" rights by limiting the power of the AG to the prosecution of claims "ONLY" for the government, when the government's powers are being abused to cause these necessity of life extortions, frauds, deprivations, etc.

10.   Under the Public Health & Welfare Laws, Title 42 USC § 1987, the U.S. Attorneys have the duty to prosecute offenders that violate laws of the United States and anti-slavery laws are "PUBLIC INTEREST", as well as private laws that the United States AG have the legal duty to prosecute that are being violated by GM, Delphi et al, collusions and conspiracies against this Applicant which involves hundreds of thousands of other working

class citizens on "DIFFERENT" grounds and a few that are similar!

11. This Applicant evidences that it is in the interest of the United States citizenship responsibilities under the Fourteenth Amendment requirements to "CERTIFY" the claim of this Applicant based on it "NOT" being objectionable to, reviewable nor properly subjectible to motions based on the Human Capital Obligations and Cash Management Orders were approved by the judge on October 8, 2005, and were/are prescribed for pursuant to Title 11 U.S.C. §§ 101, 301, 501, 502(a), 3001(a) and (f) etc., and it is the debtors duties and benefits according to the Congress of the United States.

These renewed "OBJECTIONS" are based on all records and files in this cause including the EX PARTE APPLICATION resubmitted on December 17, 2005, to the Clerk of the U.S. Bankruptcy Court Southern District of New York including the initial Objections by this Creditor/Applicant To Re-Filing and Re-Noticing of Pleading and To-Delay-Of Prompt Payment of $30,000,000.00 at 15% APR By Ex Parte Application Including Non-Entry Of This Party's Pleadings On The Official Records and Books of the Court.

By: Lafonza Earl Washington
    Applicant/Creditor

Date: December 29, 2005

# UNITED STATES BANKRUPTCY COURT

*SOUTHERN DISTRICT OF NEW YORK*
*ONE BOWLING GREEN*
*NEW YORK, NY 10004-1408*

**KATHLEEN FARRELL-WILLOUGHBY**
CLERK OF COURT
TELEPHONE: (212) 668-2870

December 13, 2005

Mr. LaFonza Earl Washington
7010 Cranwood Drive
Flint, MI 48505

  Re: Delphi Corporation - 05-44481(RDD)

Dear Mr. Washington:

  We are in receipt of four claims each in the amount of $30,000,000 and filed in the above-referenced bankruptcy matter. Each claim is recorded separately in the consolidated case and noted on the claims register as follows:

    Claim No. 257 filed on October 31, 2005 in Delphi Corporation
    Claim No. 264 filed on November 1, 2005 in Delphi Corporation
    Claim No. 288 filed on November 2, 2005 in Delphi Automotive Systems (Holding), Inc.
    Claim No. 297 filed on November 3, 2005 in Delphi Automotive Systems (Holding), Inc.

  As I explained to you telephonically today, I cannot issue an order to pay any of these claims. The decision whether to enter any orders in this case can be made only by the Bankruptcy Judge assigned to the case or the particular proceeding. If you would like to present a motion to the Judge to request relief, you must, pursuant to Local Rule of Bankruptcy Procedure 5070-1:

    "Unless the Court orders otherwise, prior to serving a motion, cross-motion, or application, the moving party or applicant shall obtain a return date from the assigned Judge's chambers."

    Local Rule of Bankruptcy Procedure 9004-2(b) states:

    "The return date obtained under this rule shall be included in the upper right-hand corner of the caption of the motion or application."

  I have included a copy of this Court's Local Rule of Bankruptcy Procedure 9013-1 which addresses the requirements for filing a motion. Also enclosed is a copy of Local Bankruptcy Rule 9078-1, which addresses the need for a Certificate of Service. The motion or application must be served on all parties affected by the motion or application requesting relief.

Mr. LaFonza Earl Washington
Page 2 - December 13, 2005

This letter and enclosures in no way constitutes all of the information needed to seek relief from the court. If you require additional assistance, you may want to seek the advice of counsel. The Clerk's Office is prohibited from providing legal advice.

Sincerely,

Kathleen Farrell-Willoughby
Clerk of Court

Department of Justice > USAM > Title 4 > Civil Resource Manual
prev | next

# 226 FMS Form 194 -- Judgment Fund Payment Request

FMS Form 194
Department of the Treasury

AUTHORIZED FOR LOCAL REPRODUCTION

## FMS

**Judgment Fund
Payment Request
(Litigative Award)**

| FOR FMS USE ONLY: Z- | *General Instruction*: Use this form to transmit to FMS a request to certify a litigative award against the United States for payment from the Judgment Fund, under 31 U.S.C. § 1304. |
|---|---|

Date: <u>December 31, 2005</u>

Judgment Fund Section
Financial Management Service
Department of the Treasury
Room 6F03
3700 East-West Highway
Hyattsville, Maryland 20782
(Telephone: (202) 874-6664)

Matter of: <u>In Re Delphi Corporation, et al (RDD)</u>

Dear Sir or Madam:

I am the authorized representative of the United States in the captioned matter. As described in the enclosed documentation, I certify all of the pertinent criteria required by law for the approval of the claim(s) has been satisfied. I believe the award made in the enclosed judgment or settlement is payable by the United States. The United States will seek no further judicial review of this award, and I have obtained all approvals necessary for its referral for payment.

I believe that this award qualifies for payment pursuant to 31 U.S.C. § 1304. Accordingly, I request that you certify this award for payment from the Judgment Fund established by that law. Enclosed are completed copies of FMS Form 196: Judgment Fund Award Data Sheet; FMS Form 197 or FMS Form 197A: Voucher for Payment; the judgment or settlement agreement; and any other enclosures required by FMS regulations. Unless payment by electronic funds transfer is indicated on FMS Form 196, please have the check sent to the agency contact shown in item 5(c) of FMS Form 196.

_____
Signature

_____
Name (printed or typed)

_____
Title and Agency

Enclosures: FMS Form 196, FMS Form 197 or 197A, and FMS Form 198.

# Judgment Fund Transmittal

Date: _____
Department of the Treasury
Financial Management Service
Judgment Fund Branch
3700 East-West Highway, Room 6E15
Hyattsville, Maryland 20782
Telephone: (202) 874-6664

Claimant/Plaintiff Name: **Lafonza Earl Washington**

Address: **7010 Cranwood Drive   Flint, MI   48505**

Claimant/Plaintiff Counsel's Name: **N/A**

Telephone Number: ___ ___ - ___ ___

Name of Agency Subject to Claim: **UNITED STATES BANKRUPTCY COURT - SDNY**

E-mail Address (required for electronic payment confirmation): _____

Telephone Number: **212/668-2870** - ___ ___

Brief Description of Facts Giving Rise to Claim: **"32" years and continuing of repeated violations of Public Health & Welfare, Anti-slavery, Anti-involuntary servitude, monopolies and combinations etc., prohibitions**

**Check One If Applicable:**

☐ Contract Disputes Act         ☐ No FEAR Act         ☐ Firefighters Fund

Dear Sir or Madam:

I am an authorized representative of the United States in the above captioned matter. As described in the enclosed documentation, I certify that all pertinent criteria required by law for the approval of this claim have been satisfied. If an administrative claim, the settlement was made with the United States in this matter and any portions of the agreement required to be paid from the agency funds will be or have been paid from those funds. If a litigative claim, the award made in the enclosed judgment or settlement is payable by the United States and any portions of the award required to be paid from other parties or sources will be or have been paid from those parties or sources. The United States will not seek further judicial review of this award and I have obtained all approvals necessary for its referral for payment.

I believe that this award qualifies for payment pursuant to 31 U.S.C. § 1304. Accordingly, I request that you certify this award for payment from the Judgment Fund established by that law. Enclosed are completed copies of FMS Form 196: *Judgment Fund Award Data Sheet*; FMS Form 197: *Judgment Fund Voucher for Payment*; the judgment or settlement agreement; and any other enclosures required by FMS. Unless payment by electronic funds transfer is indicated, please have the check sent to the check address provided on FMS Form 197.

_____
Submitting Agency Authorized Signature

_____
Name and Title (*print or type*)

_____
Submitting Agency E-mail Address (*required for electronic payment confirmation*)

_____
Agency File Number

_____
Street Address

_____
City, State and Zip Code

**General Instructions:** Use this form, FMS 194, to transmit a request to certify an administrative or litigative award against the United States for payment from the Judgment Fund under 31 U.S.C. § 1304.
**Enclosures:** FMS Form 196 and FMS Form 197. *Incomplete submissions will be returned to the submitter without action.*

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE

**FMS** FORM 11-03 **194** (PREVIOUS EDITIONS ARE OBSOLETE)

# Judgment Fund Award Data Sheet

| ITEMIZATION OF AMOUNT PAYABLE FROM THE JUDGMENT FUND | AMOUNT TO BE PAID | CITATION TO LEGAL AUTHORITY |
|---|---|---|
| 1. Principal | $30,000,000.00 | 11 USC §§ 301, 501, 502(a), 3001(f) |
| 2. Attorney Fees | N/A | N/A |
| 3. Costs | $30,000,000.00 plus for "30" years | 31 USC § 1304(a)(1); Title 42 USC § 1983 etc. |
| 4. Interest | * 15% APR * $56,983,552.00 | 31 USC § 1304(a)(1); Title 42 USC § 1983 etc. |
| Starting and Ending Dates for Interest Accrual | Start * 9/6/1999 * Date SEE EXHIBIT ATTACHED | End Continuing until paid-n-full |
| 5. Total Amount Payable from the Judgment Fund | $116,986,552.00 | All the above |

### COMPLETE ONLY IF DEDUCTIONS ARE TO BE MADE FROM THE AMOUNT PAYABLE FROM THE JUDGMENT FUND *

| 6. Agency Name and Agency Location Code (ALC) to Receive Offset | Amount to be Deducted | Reason(s) for Deduction(s) and Entity to Receive Deduction(s) |
|---|---|---|
| | a. | |
| | b. | |
| | c. | |
| 7. Total Amount to be Deducted | | |
| 8. Net Amount Payable to Claimant | | |

If amount for fees, costs, or interest was included in the principal amount (stated on line 1) as part of a "lump sum award," enter "INCLUDED ABOVE" on lines 2 through 4. Enter "NONE" for any of those items (principal, fees, costs, or interest) for which no amount was awarded/included.

1. Enter the principal amount payable (excluding attorney fees, costs, and interest) and cite the legal authority for that award (for instance, "FTCA, 28 U.S.C. 2672"or "5th Amendment Taking").
2. Enter attorney fees payable (if any) and cite legal authority for that award [for instance, "Freedom of Information Act, 5 U.S.C. 552(a)(4)(E)"].
3. Enter the costs payable (if any) and cite legal authority for that award [for instance, " 28 U.S.C. 2412(a)"].
4. If the interest was calculated by the submitting agency, enter the total amount and cite the legal authority for that award [for instance, "Back Pay Act, 5 U.S.C. 5596(b)(2)"]. If the Judgment Fund is to calculate the interest, list only the dates that interest accrual starts.
5. Total amounts shown in lines 1 through 4 and enter.
6. Enter any deductions specified in the judgment or settlement agreement, or debts to be setoff under 31 U.S.C. 3728. Indicate the reason for the deduction (for instance, "FTCA withholding" or "debt setoff pursuant to 31 U.S.C. 3728") and the payee agency's name and ALC. If this deduction is a "debt setoff" pursuant to 31 U.S.C. 3728, you must attach a copy of the judgment or the plaintiff's agreement to the debt setoff. Otherwise, FMS must seek the claimant's consent to the setoff and may only withhold from payment an amount sufficient to pay the debt plus the costs of litigation. Litigation will be required to effect the setoff if there is no judgment of debt or if the claimant declines consent to the setoff. If there are more than three deductions, attach additional copies of this form. If there are no deductions, enter "NONE."
   * **Administrative debts that have been certified to the Secretary of the Treasury through the Treasury Offset Program will be setoff automatically.**
7. Total amounts shown in all columns of line 6 (a, b and c) and enter.
8. Subtract the amount in line 7 from that in line 5. If greater than zero, enter the difference. If the difference is zero or less, enter "NONE."

## Judgment Fund Voucher for Payment

1. **Total Amount:** 116,983,552.00

2. **Submitting Agency Contact Name:** Kathleen Willoughby, Clerk
   **Telephone Number:** 212/668-2870

3. **Electronic Funds Transfer (EFT) Information:**
   a) Payee Account Name: N/A
   b) American Banking Association (ABA) Routing Number (9 digits): _____
   c) Payee Account Number: _____
   d) Checking: ☐ Savings: ☐
   e) Financial Institution Name, City, State: _____

4. **Interagency Payment System Information:**
   a) Agency Name: ____?____
   b) Agency Location Code (ALC ) Number (8 digits): _____
   c) Standard General Ledger (SGL) Number (4 digits): _____
   d) Treasury Account Symbol (TAS) _____

5. **Mailing Address for Check:** *(Payee name not to exceed 32 characters.)*
   a) Payee Name: Lafonza Earl Washington
   b) Payee Name: N/A
   c) Address Line 1: 7010 Cranwood Drive
   d) Address Line 2: N/A
   e) City: Flint                      State: MI   Zip Code: 48505

6. **Taxpayer Identification Number (s):**
   a) Exemptions requested under: Title 11 USC § 522(a)(1)(2); Amendment 10,
      U.S. Constitution Bill of Rights;Article 10 § 3 of Michigan's 1963
                                                                 Const.

7. **Reimbursement Information for Contract Disputes Act, No FEAR Act and Firefighters Fund:**
   a) Agency Name: N/A
   b) Contact Name: _____
   c) Contract Number (CDA cases): _____
   d) Telephone Number: ____-____-_____
   e) Address: _____
   f) City: _____     State: _____   Zip Code: _____

8. **If payment will be made in a Foreign Currency, please provide the following information:**
   Country: N/A                     Currency: _____

9. **FOR USE BY JUDGMENT FUND BRANCH ONLY:**
   Z Number: _____   J/D Number: _____   GLOWS Code/Agency: _____

   _____          _____   _____
   Claim Analyst *Signature and Date*          Amount to Pay    Appropriation Code

   _____
   Claims Reviewer *Initials and Date*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler


     - and -


SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x
                                :
                                :
    In Re                       :   Chapter 11
                                :
DELPHI CORPORATION, et al.,     :   Case No. 05-44481  (RDD)
                                :
                    Debtors.    :   (Jointly Administered)
                                :
                                :
------------------------------ x

EX PARTE APPLICATION OF CLAIMANT LAFONZA EARL
WASHINGTON PRESENTED TO THE CLERK TO CORRECT
OMMISSIONS OF "NOT" RECORDING THIS EX PARTE
APPLICATION AND TO DISBURSE $30,000,000.00
BASED ON THE RECORDED PROOF OF CLAIM DEEMED
"ALLOWED" RELATED TO THE PREVIOUSLY ENTERED
OCTOBER 8, 2005, (AGENDA ITEM NO. 10;
DOCKET NO. 31) AND (AGENDA ITEM NO. 22;
DOCKET NO. 36) IN A - NUNC PRO TUNC -
PROCEEDING WHICH DO "NOT" REQUIRE ALLOWANCE
NOR FURTHER ORDER OF THE COURT AND-BY-LAW-
IS GRANTABLE OF COURSE BY THE CLERK PAYABLE
TO LAFONZA EARL WASHINGTON AND CASHABLE
AT ALL FDIC INSURED BANKS **AND PROOF OF SERVICE**

RECEIVED
JAN  4 2006
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

The above-named Claimant in the above-entitled cause makes
this Ex Parte Application for the correction of omissions to
record this Application – NUNC PRO TUNC – to make immediate
disbursements on the grounds that:

1. The attached Proof Of Service dated December 5, 2005,
served upon the Clerk including Michael Garcia, U.S. Attorney for
the Southern District of New York, David Jones an Assistant U.S.
Attorney for this district, Assistant U.S. Trustees Mary
Elizabeth Tom and Elizabeth J. Austin etc., evidences that this
Application was served upon this Court's Clerk.

2. According to the Federal Rules of Bankruptcy Procedure,
Rule 5005(a)(1), "...The clerk shall 'NOT' refuse to accept for
filing any petition or other paper presented for the purpose of
filing solely because it is 'NOT' presented in proper form as
required by these rules or any local rules or practices."

3. The United States Postal Service "EXPRESS MAIL" next day
delivery tracking number EQ-243789498-US also confirms the
delivery of this Ex Parte Application for the disbursement of
Claimant Lafonza Earl Washington's payment.

4. Pursuant to the Federal Rules of Civil Procedure, Rule
77(c), that is applicable in this Court the proceedings for
disbursement on this Claimant's Application do 'NOT' require
allowance or an additional Order of the Court which related
Order was "PREVIOUSLY" entered on October 8, 2005, this applica-
tion is grantable of course by the Clerk.

5. According to Rule 9013 of Title 11 of the Federal Rules

of Bankruptcy Procedure this Application is authorized by these

rules and an 'EX PARTE' Application is 'NOT' required to be

served by this Applicant who is 'NOT' a moving party but is

entitled by law to distribution and disbursements as a creditor

in compliance with the Voluntary Petition of the Delphi filing

which itself constitutes a "STATUTORY ORDER" for relief

authorized by the Congress that the judge himself is required to

'NOT' interfere with according to separations of power restric-

tions; Under 28 USCA §§ 2072 and 2075 the Supreme Court has also

adopted these Rules for the enactment of Title 11 of the U.S. Code.

6.   This Claimant and/or Applicant is 'NOT' applying to this

Clerk's office to issue any Order but to do this office's duty of

granting this Application as a matter of course in the exercise

of the Clerk's non-discretionary duties, deriving from the self-

executing Order for Relief that did 'NOT' require the Order to be

made by the judge nor the Bankruptcy Court pursuant to Title 11

U.S.C. § 301 Voluntary Case Requirements.

7.   "IN RE" Delphi Corporation, the "IN RE" signified this

bankruptcy proceeding where there is "NO" opponent, rather the

judicial disposition of this Claimant's claims against this

debtor are authorized by statute.

8.   According to Rule 9014 of the Federal Rules of Bank-

ruptcy Procedure, contested matters requires relief to be

requested by motion; a Voluntary filing and a case where no

opponent exists is "NOT" a contested case by law, and requires no

motion as the enclosed frauds and decision makings that the

Clerk's office is "NOT" vested with clearly shows in the Clerk's

letter to this Claimant dated December 13, 2005.

9.   The Local Rules cited in the Clerk's letter dated
December 13, 2005, giving prohibited legal advice are self-
evident violations of the Federal Rules of Civil Procedures
(F.R.Civ.P.), Rule 83(a)(1) and (2), by law, and is required to
be vacated.

10.   The Local Rules of Bankruptcy Procedure does "NOT" apply
to this Case No. 05-44481 (RDD) based on the Voluntary "IN RE"
filing status self-evidencing that no question of fact nor of law
exists against these Acts of Congress nor rules adopted locally
that are bound to be "CONSISTENT" with the Acts of Congress that
were also adopted by the U.S. Supreme Court to "ALLOW" the
Administration "NOT" litigation of this Voluntary case.

11.   Pursuant to the F.R.Civ.P., Rule 83(a)(2) the Clerk's
"NON-VESTED" power of making the judicial discretions involving
any Local Rules are 100% prejudicial, 100% discriminating, a 100%
violations of Claimant's Fifth and Fourteenth equal protection of
laws etc., guaranteed protections where this rule clearly states,
"A local rule imposing a requirement of form 'SHALL NOT' be
enforced in a manner that causes a party to lose rights because
of a nonwillful failure to comply with the requirement", which
the Clerk's enclosed prohibited discretions are causing this
Claimant 100% losses by!

12.   Claimant requests the corrections and omissions be made
and to record the Application for the disbursement of this claim,
promptly, without further unnecessary delay.

13.   This Claimant demands the Trustee to exercise its duties
to supervise the prompt and efficient administration of this claim

in manners that the professional administrative fees were "TIMELY" administered by, if any further delay of payment is involved.

14. Violations of the laws of the United States will be self-evidenced and prosecutable by the U.S. Attorney etc., based on extortions, frauds, obstructions of justice etc., and this is 'NOTICE' of the official Complaint sought to be filed if the disbursements are "NOT" paid without further delay as is required by the laws that are applicable and this Claimant has attempted to cite.

This Application is made for the purpose of disbursing - without delay - this Claimant's $30,000,000.00 claim deemed "ALLOWED" by law, and is based on all the pleadings, papers, records and files submitted with the Proof Of Claim.

By: /Lafonza Earl Washington
Claimant

Dated: December 19, 2005

STATE OF MICHIGAN )
                        )
COUNTY OF GENESEE )

Lafonza Earl Washington, deposes, states:

That on December 19, 2005, he did serve the below-identified documents upon the below-named parties by First Class mail thru the United States Postal Service with postage prepaid:

1.  Ex Parte Application of Claimant Lafonza Earl Washington Presented To The Clerk To Correct Omissions of "NOT" Recording This Ex Parte Application and to Disburse $30,000,000.00 Based On The Recorded Proof Of Claim Deemed "ALLOWED" Related To The Previously Entered October 8, 2005, (AGENDA ITEM NO. 10; DOCKET NO. 31) and (AGENDA ITEM NO. 22; DOCKET NO. 36) in a — Nunc Pro Tunc - Proceeding Which Do "NOT" Require Allowance Nor Further Order of the Court and — By Law — is Grantable of Course By the Clerk Payable To Lafonza Earl Washington and Cashable At "ALL" FDIC Insured Banks.

2.  Copy of the "UNSTATUTORY", prohibited discretionary letter dated December 13, 2005, from the United States Bankruptcy Court Clerk Kathleen Farrell-Willoughby, admitting, witnessing and self-evidencing the recording of the submitted Proof Of Claim, yet, having received the "EX PARTE APPLICATION" on December 6, 2005, by United States Postal Service next day express mail "SEVEN" days "BEFORE" sending this letter but neglecting to per-form the Clerk's recording duties that is bound to be corrected, by law.

3.  Copy of the United States Postal Service Express Mail receipt identified as "EQ 243789498 US" verifying the delivery of the "EX PARTE APPLICATION" to the Clerk of the U.S. Bankruptcy Court for the Southern District of New York.

Please file according to Rule 5005(a)(1) of the Fed.R.Bankr.P., as well as Rule 77(c) of the F.R.Civ.P.  Thank you.

*Lafonza Earl Washington*
By / Lafonza Earl Washington

Mailed to:

        UNITED STATES BANKRUPTCY COURT
        SOUTHERN DISTRICT OF NEW YORK
        Kathleen Farrell-Willoughby, Clerk
        One Bowling Green
        New York, N.Y.  10004

DEPARTMENT OF JUSTICE
U.S. Attorney Office
Michael Garcia, U.S. Attorney
One St. Andrews Plaza
New York, N.Y.  10007

DEPARTMENT OF JUSTICE
U.S. Attorney Office
David Jones, Assistant U.S. Attorney
86 Chambers Street, 3rd Floor
New York, N.Y.  10007

DEPARTMENT OF JUSTICE
United States Trustee - Region #2
Manhattan Office
Deidre Martini, Trustee
33 Whitehall Street, 21st Floor
New york, N.Y.  10004

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR U.S. TRUSTEES
OFFICE OF THE GENERAL COUNSEL
Roberta DeAngelis, Director
20 Massachusetts Ave., N.W., Suite 8000
Washington, D.C.  20530

THE OPRAH MAGAZINE
Oprah Winfrey
Founder and Editorial Director
c/o Gayle King, Editor At Large
1700 Broadway, 38th Floor
New York, N.Y.  10019

FINAL CALL NEWSPAPER
Minister Louis Farrakan
734 West 79th Street
Chicago, Ill  60620-2424



General Motors Corporation
PO Box 9029
Detroit, MI 48202

114307001924 11/11/04          NAY2 - NAYB
EM46215


Lafonza Washington
6602 M L King Ave
Flint MI  48505-2078




November 11, 2004

Dear UAW-GM Employee:

During the UAW-GM and the UAW-Delphi 2003 National Negotiations, it
was agreed to update all active Applications in the Employee
Placement System (EPS) every year.  The purpose of this letter is to
advise you how this will occur.

All current Area Hire, Extended Area Hire and Return to Former
Community Applications filed PRIOR to December 1, 2004 will be
deleted on January 1, 2005.

If you are interested in placement under Appendix A or the Flowback
Agreement you must file a NEW Application on or after December 1,
2004.   In order to file a new Application you must delete your
current application before you can re-apply.

As you are aware, to file an Application for Area Hire, Extended
Area Hire, Return to Former Community, you must use the
Voice Response Unit (VRU) to access the Employee Placement System.
You can indicate all or some locations in which you are interested
by calling the automated VRU-EPS on 1.800.628.4473.

Appendix A and Flowback Agreement both specify the maximum number of
job offers you are eligible to receive during the term of the 2003
National Agreement.  Keep in mind that after you have met the
maximum, which is tracked in EPS, you will no longer be eligible for
future job offers.

It is not necessary for you to file an application if you are not
interested in placement opportunities at this time, at another GM or
Delphi location.

REMINDER:     ALL APPLICATIONS FILED PRIOR TO DECEMBER 1, 2004
              WILL BE DELETED ON JANUARY 1, 2005

UAW International Union
General Motors Corporation

MGMCOMP  20:34  EST

OPINION/ORDER
Workers' Compensation Agency/Board of Magistrates
P O Box 30016, Lansing, MI  48909

| Plaintiff's Social Security Number: | **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** | Plaintiff's Name(s): | **LAFONZA E. WASHINGTON** |

### Defendants(s)/Carrier(s)

A.  **GENERAL MOTORS CORPORATION**

B.  _____

C.  _____

D.  _____

**Type of Claim** (For statistical purposes only -- not a part of this order)

A. ☐ General Disability   B. ☐ Partial Wage Loss   C. ☐ Specific Loss   D. ☐ Permanent Total   E. ☐ Death   F. ☐ Misc.

**Type of Award** (For statistical purposes only -- not a part of this order)

| | | | | | |
|---|---|---|---|---|---|
| 1. ☐ Granted Open | 4. ☐ Medical Only | 7. ☐ Stipulated Open | 10. ☐ Dismissed | 13. ☐ Granted Pet. to Stop | 16. ☐ Voc. Rehab Review |
| 2. ☐ Granted Closed | 5. ☐ Voluntary Pay | 8. ☐ Stipulated Closed | 11. ☐ Granted Penalty | 14. ☐ Denied Pet. to Stop | 17. ☐ Atty. Fee Resolved |
| 3. ☐ Denied | 6. ☐ Voluntary Pay - 115 | 9. ☐ Withdrawn | 12. ☐ Denied Penalty | 15. ☐ Health Care Resolved | 18. ☐ Other |

| Injury Date(s) Established | Average Weekly Wage | Discontinued Fringes | Date Discontinued |
|---|---|---|---|
| | $ | $ | |
| | $ | $ | |

**IRS Filing Status:**   A. ☐ Single   B. ☐ Single/Head of Household   C. ☐ Married/Joint   D. ☐ Married/Separate

**Dependents - Date of Marriage/Birth**

| Name | Date | Name | Date | Name | Date |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**IT IS FOUND** that the employee is disabled and compensation shall be paid as follows:

| Defendant/Carrier | At the weekly rate of | From | Through |
|---|---|---|---|
| | $ | | |
| | $ | | |
| | $ | | |

**IT IS FURTHER FOUND** that the employee is still disabled and therefore it is ordered that defendant/carrier _____ shall pay compensation at the rate of $_____ per week, until further order. Interest is owed in accordance with Section 801(6) from date each payment was due until paid.

**IT IS FURTHER ORDERED** that defendant/carrier _____ shall be responsible for medical expense(s) pursuant to Section 315 as follows:

**IT IS FURTHER ORDERED** that the maximum authorized attorney fee shall not exceed _____ percent of the compensation accrued (subject to the provisions of Section 858 (418.858) and Rule 14, R408.44).

**IT IS FURTHER ORDERED** that:  all applications filed in this matter be dismissed, and furthermore, Plaintiff's Application is barred pursuant to the doctrine of res judicata, as well as the Decision of Magistrate Day, mailed August 12, 2004.

MAILED

RECEIVED

DEC - 5 2005

NOV 2 9 2005

WORKERS' COMPENSATION AGENCY
LANSING, MICHIGAN

WORKERS' COMPENSATION AGENCY
LANSING, MICHIGAN

Christopher Ambrose (215G),  Magistrate

Signed on   November 23, 2005                                        Flint                                   Michigan

Unless a Claim for Review is filed by either party within 30 days from the date stamped on this Opinion/Order as "Mailed Date," this order shall become final. The Claim for Review should be filed with the Workers' Compensation Appellate Commission, P O Box 30016, Lansing MI  48909.

Authority:  Workers' Disability Compensation Act 418.847(2), R418.54(1).  Completion:  Mandatory.



# The Flint JOURNAL

## Saturday

WEATHER
Today: High 30  Tonight: Low 18  Details, D12

December 13, 2003

# Full funding of pension plans near — GM

**By John Porretto**
THE ASSOCIATED PRESS

DETROIT — General Motors says its once-lagging U.S. employee pension plans will be nearly fully funded by year's end, reflecting the improved performance of financial markets and cash contributions.

To start 2003, GM's pension plans for hourly and salaried workers were underfunded by $19.3 billion — a big concern on Wall Street and a drag on the company's stock.

The world's largest automaker said Friday it has contributed more than $14 billion to the plans this year and could add another $4.1 billion by

year's end if it completes the sale of its Hughes Electronics subsidiary.

GM has roughly 160,000 employees in the United States.

The pension story has been a big issue for us, certainly over the last year," John Devine, GM's vice chairman and chief financial officer, said in a conference call with analysts.

"We're pleased to report today that the story is we've made good progress in funding our pension plans this year," Devine said.

GM's forecast is based on 2003 asset returns of 18 percent.

Based on contributions this year and normal asset returns, the automaker said it doesn't expect to be

required to make additional cash contributions to the plans until at least 2010.

Automakers and other large companies have battled mounting pension deficits because of once-slumping investment returns and a growing number of retirees joining underfunded plans.

"The financial markets have bailed out GM's pension plan, and likely more than investors realize," Goldman Sachs analyst Gary Lapidus said in a recent research report.

GM expects its pretax pension expense to decline by about $1.1 billion in 2004 to $1.5 billion. But interest costs associated with its recent global

debt offering are expected to offset some of the decrease, resulting in an overall net reduction in pension and related interest expense of about $550 million, or 70 cents a share.

Devine said the Hughes transaction appeared to be on track, though approval from the Federal Communications Commission remains. As part of the $6.6-billion deal announced in April, News Corp. would acquire 34 percent of Hughes, the parent of satellite television provider DirecTV, giving it controlling interest.

GM shares rose 86 cents to close at $49.79 — the highest price in more than a year — on the New York Stock Exchange.