# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000

FAX: (212) 735-2000

http://www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
PALO ALTO
RESTON
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO

January 6, 2006

VIA FACSIMILE AND FEDERAL EXPRESS
Law Offices of Russell Johnson
2258 Wheatlands Drive
Manakin-Sabot, Virginia 23103
Att'n: Russell Johnson

Re:   In re Delphi Corporation, et al. No. 05-44481 (RDD)
      (the "Debtors")

Dear Russ:

    I am writing in response to your letter, dated December 30, 2005, pursuant to which you request adequate assurance in the form of a security deposit on behalf of Southern California Edison, under section 366 of chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code") and the Final Order (as defined below).

    As I explained in my letter to Southern California Edison dated December 19, 2005, and as you are aware, on October 13, 2005, the Honorable Judge Robert D. Drain of the Southern District of New York entered an Interim Order Under 11 U.S.C. §§ 105, 366, 503, And 507 (I) Prohibiting Utilities From Altering, Refusing Or Discontinuing Services On Account Of Prepetition Invoices And (II) Establishing Procedures For Determining Requests For Additional Assurance (the "Interim Order"). Southern California Edison is listed on <u>Exhibit 1</u> to the Interim Order. In accordance with paragraphs 5 of the Interim Order, on October 14, 2005, the Debtors' noticing agent, Kurtzman Carson Consultants, LLC ("KCC") served a copy of the Interim Order via overnight delivery on Southern California Edison at the address in the Debtors' books and records: Southern California Edison, P.O. Box 600, Rosemead, California 91771-0001.

    In addition, October 27, 2005, the Honorable Judge Robert D. Drain entered a Final Order Under 11 U.S.C. §§ 105, 366, 503, And 507 (I) Prohibiting Utilities From Altering, Refusing Or Discontinuing Services On Account Of Prepetition Invoices And (II) Establishing Procedures For Determining Requests For Additional Assurance (the "Final

Order"). Southern California Edison is listed on <u>Exhibit 1</u> to the Final Order. In accordance with paragraphs 9 of the Final Order, on October 28, 2005, KCC served a copy of the Final Order via overnight delivery on Southern California Edison at the address in the Debtors' books and records: Southern California Edison, P.O. Box 600, Rosemead, California 91771-0001.

Pursuant to paragraph 6 of the Final Order, requests for adequate assurance must be received by the Debtors within 25 days of the date of service of the Final Order and must be in writing, set forth the location for which the utility services are provided, a payment history for the most recent six months, and a description of any prior material payment delinquency or irregularity. Any requests received by the Debtors after 25 days of the date of service of the Final Order or which otherwise fail to comply with the Final Order (including failure to specify prior material delinquent or irregular payment) are deemed untimely and invalid, and any such utility company is deemed to have adequate assurance under section 366 of the Bankruptcy Code.

The deadline for submitting requests for adequate assurance expired on November 22, 2005. Southern California Edison's request was received on November 29, 2005 and the request send by you on behalf of Southern California Edison was received on December 30, 2005 (together, the "Demands"). In your letter you allege that the Interim and Final Orders were improperly served on Southern California Edison. As indicated above, KCC served a copy of both Interim and Final Orders to Southern California Edison at the address in the Debtors' books and records which they have always used to correspond with Southern California Edison. The Demands were received after the deadline. Accordingly, Southern California Edison is deemed to be adequately assured under section 366 of the Bankruptcy Code.

Notwithstanding the above, even if the Demands were timely received, which they were not, the contents of the Demands does not comply with the terms of the Final Order, e.g., the Demands do not include a payment history for the most recent six months and a description of any prior material payment delinquency or irregularity. A mere demand of adequate assurance is not sufficient. Accordingly, since the Demands "otherwise fail to comply" with the terms of the Final Order, Southern California Limited is deemed to be adequately assured under section 366 of the Bankruptcy Code.

Sincerely,

*Venera Ziegler*
Venera Ziegler

2