UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DELPHI CORPORATION, *et al.*,<br><br>                              Debtors. | Chapter 11<br><br>Case No. 05-44481-RDD<br><br>Hon. Robert D. Drain, |

## REQUEST TO EXPEDITE APPEAL

The Teachers' Retirement System of Oklahoma, the Public Employees' Retirement System of Mississippi, Raiffeisen Kapitalanlage-Gesellschaft m.b.H. and Stichting Pensioenfonds ABP ("Appellants"), by their undersigned counsel, hereby request that their Appeal of the Order in the Bankruptcy Court for the Southern District of New York (Hon. Robert D. Drain, U.S.B.J.), approving the Debtors' Application For Order Under 11 U.S.C. §§ 327(A), 328(A), And 1107(B) Authorizing Employment And Retention Of Deloitte & Touche LLP As Independent Auditors And Accountants To Debtors, Effective *Nunc Pro Tunc* To October 8, 2005 (the "Order"), filed on January 18, 2006, in the above referenced case, be expedited and that the clerk of the bankruptcy court expressly call this request to the attention of the clerk of the district court at the time the record is transmitted to the district court. This request is based upon the following:

**Procedural Background**

1.      On October 8, 2005, Delphi and its subsidiaries (the "Debtors") filed petitions for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. (Chapter 11, Case No. 05-44481 (RDD)).

2.      On November 9, 2005, Debtors filed an Application For Order Under 11 U.S.C. §§ 327(A), 328(A), And 1107(B) Authorizing Employment And Retention Of Deloitte & Touche

LLP As Independent Auditors And Accountants To Debtors, Effective *Nunc Pro Tunc* To October 8, 2005 (the "Deloitte Application").

3. On December 2, 2005, Appellants filed an objection to the Deloitte Application (the "Objection"), challenging Debtors' claim that Deloitte is both competent and disinterested to be Debtors' independent auditor for fiscal 2005.

4. On January 13, 2006, the Court held a hearing to consider, *inter alia*, whether to approve the Deloitte Application (the "Hearing").

5. On January 18, 2006, the Court entered the Order overruling the Objection and Approving the Application.

**Absent an Expedited Appeal, the District Court Cannot Provide Meaningful Review of the Bankruptcy Court's Order**

6. Appellants object to Deloitte performing an audit of Debtors' 2005 financial results on grounds that it is saddled with disabling conflicts of interest and is not competent to perform the audit because of its previously deficient audits of Debtors' financial statements. The Bankruptcy Court overruled the Objection based on erroneous factual findings that were not supported by the evidence before the Court concerning issues central to Deloitte's disinterestedness and competence. The absence of this evidence was the result of the Court's rulings precluding Appellants from taking discovery on these precise issues.

7. Deloitte is currently auditing Debtors' financial results for fiscal year 2005 consistent with the Bankruptcy Court's Order. An expedited appeal is necessary so that the District Court can determine, before Deloitte completes the audit and causes further harm to the Debtors' estate, whether the Bankruptcy Court erred in approving the Application. Deloitte will complete the 2005 audit before the end of this financial quarter and therefore, absent expedited review, the audit will be completed before any meaningful review of the Bankruptcy Court's

2

order can take place. Given the critical importance to all parties with an interest in these Chapter 11 proceedings that Debtors' financial results are completely transparent, and faithfully reported, it is necessary for the District Court to review the Bankruptcy Court's holding that Deloitte is sufficiently disinterested and competent to perform the audit.

8.  Expedited review is appropriate to resolve matters of an exigent nature. *See, e.g., In re Horizon Air, Inc.*, 156 B.R. 369 (N.D.N.Y. 1993) (district court grants FAA expedited appeal of bankruptcy court order denying motion for withdrawal of reference).

9.  All parties concur that further unnecessary delay in retaining an independent disinterested auditor for 2005 will cause irreparable harm. Debtors' counsel, Mr. Tenzer, stated "[Appellants]… know that it's important to the estates to get as expedited a ruling in this application as possible…." January 13, 2005 Hearing Transcript ("Tr.") at 102. He further summarized the need for fast disposition of the Application:

> It's clear from the record, both today and prior to today, that we need an auditor. We got [sic] to make our SEC filings, we've got to comply with our DIP covenants, and more important, maybe even those contractual and legal obligations, we have to make sure that the key players in this case, our customers, our suppliers, our employees, don't lose confidence in this company and derail the lead organization because there aren't audited financial statements.

Tr. at 105.

10. The Court itself acknowledged and based its ruling, in part, on the fact that matters like this one should be resolved quickly, stating: "I normally rule from the bench, particularly given the speed that bankruptcy cases need to be determined." Tr. at 100-101. The Court added that "[t]he inability to provide audited financials in [sic] a timely basis could seriously jeopardize [customer, supplier and the financial community's] confidence and undo the work and the money that the debtors have spent thus far to obtain that confidence." Tr. at 158.

There is simply no dispute among the parties that this matter requires swift resolution.

11.     Brock Plumb, Deloitte's Lead Client Service Partner for the 2005 Delphi audit, testified at the January 13, 2006 hearing that the 2005 audit was 55 to 60 percent complete. Tr. at 52. It is expected that following entry of the Order, Deloitte will continue to conduct its audit. The audit will likely be complete before March 31, 2006, the end of the first fiscal quarter of 2006.

12.     Once the 2005 audit is completed, no other firm or party will have the opportunity to scrutinize Deloitte's past conduct. Indeed, absent an expedited appeal, this appeal could be rendered moot by the completion of the 2005 audit. This will cause irreparable harm to Appellants and all of the stakeholders in the Chapter 11 proceeding as well as to the Debtors' estate.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that this Court expedite transmittal of their appeal of the January 18, 2006 Order of the Bankruptcy Court to the United States District Court for the Southern District of New York..

Dated:  New York, New York
        January 20, 2006

Respectfully submitted,

**LOWENSTEIN SANDLER, PC**

By: /s/ Michael S. Etkin
Michael S. Etkin, Esq. (ME 0570)
Ira M. Levee, Esq. (IL 9958)
1251 Avenue of the Americas, 18th Floor
New York, New York 10019
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)
-and-
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)

4

Pg 5 of 6

(973) 597-2400 (Facsimile)

*Bankruptcy Counsel for Appellants*

**NIX, PATTERSON & ROACH, L.L.P.**
Jeffrey J. Angelovich, Esq.
Bradley E. Beckworth, Esq.
Susan Whatley, Esq.
205 Linda Drive
Daingerfield, Texas 75638
(903) 645-7333 (Telephone)
(903) 645-4415 (Facsimile)

**BERNSTEIN LITOWITZ BERGER & GROSSMAN, LLP**
John P. Coffey, Esq. (JC 3832)
Hannah E. Greenwald, Esq. (HG 5180)
Mark D. Debrowski, Esq. (MD 3968)
1285 Avenue of the Americas
New York, New York 10019
(212) 554-1400 (Telephone)
(212) 554-1444 (Facsimile)

**GRANT & EISENHOFER, P.A.**
Stuart M. Grant, Esq. (SG 8157)
James J. Sabella, Esq. (JS 5454)
45 Rockefeller Center
650 Fifth Avenue
New York, New York 10111
(212) 755-6501 (Telephone)
(212) 755-6503 (Facsimile)
and
Geoffrey C. Jarvis, Esq.
Sharan Nirmul, Esq.
Benjamin J. Hinerfeld, Esq.
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
(302) 622-7000 (Telephone)
(302) 622-7100 (Facsimile)

**SCHIFFRIN & BARROWAY, L.L.P.**
Michael K. Yarnoff, Esq.
Sean M. Handler, Esq.
Jodi Murland, Esq.
280 King of Prussia Road

5

Radnor, Pennsylvania 19087
(610) 667-7056 (Telephone)
(610) 667-7706 (Facsimile)

Co-Lead Counsel For Appellants