UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
   In re                                    :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05–44481 (RDD)
                                            :
                 Debtors.            :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SUPPLEMENT TO STIPULATION AND AGREED PROTECTIVE ORDER AMONG
DEBTORS AND PBGC GOVERNING PRODUCTION AND USE OF CONFIDENTIAL AND
HIGHLY CONFIDENTIAL INFORMATION IN CONNECTION WITH THE DEBTORS'
MOTION FOR AN ORDER UNDER §§ 105 AND 363 AUTHORIZING THE DEBTORS TO
IMPLEMENT A KEY EMPLOYEE COMPENSATION PROGRAM AND OBJECTIONS
<u>FILED THERETO</u>

This Supplement to the Stipulation and Agreed Protective Order Governing Production and Use of Confidential and Highly Confidential Information in Connection with the Debtors' Motion for an Order Under §§ 105 and 363 Authorizing the Debtors to Implement a Key Employee Compensation Program and Objections Filed Thereto (the "Supplemental Stipulation") is made as of this 23rd day of January, 2006, by and among Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") and Pension Benefit Guaranty Corporation ("PBGC" and, together with the Debtors, the "Parties").

<u>Recitals</u>

WHEREAS on October 8, 2005, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1330, as amended (the "Bankruptcy Code"); and

WHEREAS on October 13, 2005, the Debtors filed a Motion for Order Under §§ 105 and 363 Authorizing the Debtors to Implement a Key Employee Compensation Program

(the "KECP Motion"); and

WHEREAS on November 22, 2005, PBGC filed an objection to the KECP Motion; and

WHEREAS the Parties have entered into the Stipulation and Agreed Protective Order Governing Production and Use of Confidential and Highly Confidential Information in Connection with the Debtors' Motion for an Order Under §§ 105 and 363 Authorizing the Debtors to Implement a Key Employee Compensation Program and Objections Filed Thereto, dated of even date herewith (the "Protective Order") to govern the discovery requested and other information provided in connection with the KECP Motion.

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged, the Parties hereto stipulate and agree as follows:

1. This Supplemental Stipulation supplements the Protective Order. To the extent that any term in this Supplemental Stipulation conflicts either expressly or impliedly with any term in the Protective Order, the terms of this Supplemental Stipulation shall control.

2. The terms "Confidential Information" and "Highly Confidential Information" as used in this Supplemental Stipulation shall have the same meaning as defined in Paragraph 3 of the Protective Order.

3. Any Confidential Information or Highly Confidential Information furnished or obtained by PBGC shall be treated as confidential commercial or financial information submitted to PBGC under 29 C.F.R. § 4901.24.

4. PBGC agrees not to disclose any Confidential Information or Highly Confidential Information to anyone other than the Executive Branch of the United States, the

PBGC and PBGC Board of Directors, officials, advisors, consultants, agents, and representatives who have a need to know the information as part of their job responsibilities ("Officials"), except as required by law or as may be necessary in connection with any court or administrative proceedings, request of Congress or any committee, joint committee, or subcommittee thereof, or request of the Comptroller General.  PBGC will inform all Officials having access to the Confidential Information or Highly Confidential Information subject to the Protective Order and this Supplemental Stipulation that, where applicable, the Confidential Information or Highly Confidential Information is confidential commercial and financial information, and PBGC will use its best efforts to protect the Confidential Information and Highly Confidential Information as confidential commercial and financial information for purposes of 29 C.F.R. §§ 4901.21, 4901.24.

        5.     Excepting such litigation as PBGC may initiate in the future on its own behalf or on behalf of any defined benefit pension plan, PBGC agrees to notify the Debtors in writing through their counsel, or any person their counsel may designate, of any proceeding or request in which the disclosure of such information may be compelled, including any request made pursuant to the Freedom of Information Act ("FOIA") or litigation based on FOIA.  Pursuant to 29 C.F.R. § 4901.24, the Debtors will have the opportunity to object to any FOIA disclosure, and if it is determined that disclosure is required, PBGC will notify the Debtors in advance a reasonable number of days before the disclosure date.  Except with respect to a request of Congress or any committee, joint committee, or subcommittee thereof, or request of the Comptroller General, PBGC will afford the Debtors the timely opportunity to seek a protective order or to take such other legal action to preserve the confidentiality of such information as the Debtors may deem appropriate.  In addition, with respect to any litigation brought by PBGC,

PBGC will use reasonable efforts to have any Confidential Information or Highly Confidential Information placed under seal, or afford the Debtors the timely opportunity to have any Confidential Information or Highly Confidential Information placed under seal.

6. Neither the Protective Order nor this Supplemental Stipulation shall apply to information that is available to the general public, information that was available to or in the possession of PBGC prior to the date of the Protective Order or this Supplemental Stipulation, or information that becomes available to PBGC on a non-confidential basis or from or in connection with any other litigation or proceeding between PBGC and the Debtors. Notwithstanding anything in the Protective Order or this Supplemental Stipulation, PBGC may disclose information about the amount of underfunding in any pension plan covered by Title IV of ERISA, including information about guaranteed benefit liabilities, unfunded benefit liabilities, plan assets, and funding ratios, whether or not this information is contained in or derived from Confidential Information or Highly Confidential Information provided under the Protective Order or this Supplemental Stipulation. In addition, PBGC may disclose analyses of Confidential Information or Highly Confidential Information to rebut publicly any public statement, release, or announcement by the Debtors regarding the Debtors or any defined benefit pension plans the Debtors may sponsor.

7. PBGC will maintain all documents and other material designated as Confidential Information or Highly Confidential Information subject to the Protective Order and this Supplemental Stipulation as required under the Federal Records Act, *as amended*, 41 U.S.C. §§ 3101 *et. seq*.

8. PBGC shall not be bound by the terms and conditions of the Protective Order and the Supplemental Stipulation unless and until both the Protective Order and this Supplemental Stipulation are approved by the Bankruptcy Court.

So Ordered in New York, New York, this 23rd day of January, 2006

/s/ ROBERT D. DRAIN
Honorable Robert D. Drain
United States Bankruptcy Judge

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ David E. Springer | /s/ Karen L. Morris |
|---|---|
| John Wm. Butler, Jr. (JB 4711) | Jeffrey B. Cohen, Chief Counsel |
| David E. Springer (DS 9331) | Israel Goldowitz, Deputy Chief Counsel |
| John K. Lyons (JL 4951) | Karen L. Morris, Associate Chief Counsel |
| Ron E. Meisler (RM 3026) | Ralph L. Landy, Attorney (RL-6162) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Beth A. Bangert, Attorney |
| | Richard V.S. Luna, Attorney |
| 333 West Wacker Drive, Suite 2100 | PENSION BENEFIT GUARANTY CORPORATION |
| Chicago, Illinois 60606-1285 | Office of the Chief Counsel |
| (312) 407-0700 | 1200 K Street, N.W., Suite 340 |
| Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession, | Washington, DC 20005-4026 |
| | (202) 326-4020 |
| | FAX: (202) 326-4112 |
| | -and- |
| | Mark I. Bane (MB-4883) |
| | Mark R. Somerstein (MS-9721) |
| | KELLEY, DRYE & WARREN, LLP |
| | 101 Park Avenue |
| | New York, New York 10178 |
| | (212) 808-7800 |
| | FAX: (212) 808-7897 |
| | Attorneys for PBGC |