Alan D. Halperin (AH-8432)
Ethan D. Ganc (EG-3842)
HALPERIN BATTAGLIA RAICHT, LLP
555 Madison Avenue, 9th Floor
New York, New York 10022
Telephone (212) 765-9100
Facsimile (212) 765-0964

Attorneys for ARAMARK Services, Inc.,
formerly known as ARA Services, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                      :
                                            :    Chapter 11
                                            :
DELPHI CORPORATION, *et al.*,               :
                                            :    Case No. 05-44481 (RDD)
                        Debtors.            :
                                            :    (Jointly Administered)
                                            :
------------------------------------------------------------x

**ARAMARK SERVICES, INC.'S MOTION FOR RELIEF FROM AUTOMATIC STAY
TO PROCEED WITH TERMINATION OF CATERING AGREEMENT**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

ARAMARK Services, Inc., formerly known as ARA Services, Inc. ("ARAMARK"), by and through its counsel of record, Halperin Battaglia Raicht, LLP, hereby moves that it be granted relief from automatic stay for cause, to allow it to send a notice of termination letter to Debtors Delphi Corporation, *et al.* ("Debtors"), in accordance with the contract between ARAMARK and the Debtors.

**I.**

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to hear this matter, pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding, pursuant to 28 U.S.C. § 157.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The relief requested in this Motion is predicated on 11 U.S.C. § 362(d)(1), and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

## II.

## FACTUAL BACKGROUND

4. On or about June 1, 1989, ARAMARK and Debtors, formerly known as General Motors Corporation, Delco Products Division (hereinafter "Delphi"), entered into a Catering Agreement, whereby Delphi granted ARAMARK the right to operate a general catering service, as well as vending machines, within the premises of Delphi's business facility located at 2000 Forrer Blvd., Dayton, Ohio. A copy of the Catering Agreement is attached hereto and incorporated herein by reference as Exhibit A.

5. On or about June 1, 1989, ARAMARK and Delphi entered into a License Agreement, in conjunction with the Catering Agreement and intended as a part thereof. The License Agreement set forth certain obligations and responsibilities of the parties as to the use of the physical premises and the price thereof. A copy of the License Agreement is attached hereto and incorporated herein by reference as Exhibit B.

6. Collectively, the Catering Agreement and License Agreement will hereinafter be referred to as the "Contract".

7. Paragraph "Seventeenth" of the Catering Agreement provides:

> It is mutually agreed that this contract will remain in force until it is terminated by either party in the manner hereinafter set forth. The Company shall have the right to terminate this contract at any time without advance notice to Caterer if a labor dispute between the Caterer and its employes, or between a third party vending operator and his employes, results in the picketing of, or a work stoppage by any Company employes on, the premises hereinabove described, or any other premises of the Company. <u>Either party shall have the absolute and discretionary right to terminate and cancel this contract for any other reason upon giving to the other</u>

>   <u>party sixty (60) days' prior written notice of cancellation</u>.  Service of such notice shall be made personally or by registered mail sent to the last known address of the party being served.  If this Agreement is terminated or cancelled by either party, the Company shall have the right, at its option, to purchase from the Caterer (a) all or any portion of the inventory or merchandise which the Caterer may have on hand on the date of termination, at its cost to the Caterer, and (b) all or any portion of the Caterer owned equipment other than vending machines, installed or used on the premises of the Company, at its cost to the Caterer less one percent (1%) per month for depreciation.

*See* Exhibit A (emphasis supplied).

8. Paragraph "Fourth" of the License Agreement provides:

>   This License Agreement shall be conterminous with the aforesaid Catering Agreement, and shall automatically terminate without further action by either party on the termination of said Catering Agreement.

*See* Exhibit B.

9. Pursuant to the express terms of the Contract, the Contract can be terminated by either party without cause, upon providing sixty (60) days' written notice ("60-day Notice of Termination Letter").

### III.

### GROUNDS FOR RELIEF

10. Based upon the terms of the Contract, absent Delphi's filing of the Bankruptcy Petitions, ARAMARK would have sent Delphi a 60-day Notice of Termination Letter, and proceed with the termination of the Contract in accordance with the terms of the Contract.

11. Pursuant to 11 U.S.C. § 362(d)(1), ARAMARK is entitled to relief from automatic stay since the language of the parties' Contract expressly allows for either party to terminate the Contract without cause.  "The Bankruptcy Code neither enlarges the rights of a debtor under a contract, nor prevents the termination of a contract by its own terms. . . The Bankruptcy Court cannot recreate an interest for the Debtor where none exists." *In re Unidigital,*

*Inc.,* 2000 WL 33712306 (Bankr.D.Del. 2000). A "nondebtor party who is stayed from proceeding should not be denied valuable rights simply because of the stay." 3 Lawrence P. King, *et al*., COLLIER ON BANKRUPTCY, ¶ 362.03[5][a] (15th rev. ed. 2005). Therefore, notwithstanding Delphi's right to assume or reject the Contract under Section 365 of the Bankruptcy Code, ARAMARK retains the right to terminate the Contract without cause upon sixty (60) days' prior written notice.

12.    ARAMARK has the contractual right to terminate the Contract for any reason so long as sixty (60) days' prior written notice is given. Accordingly, ARAMARK requests that the stay be lifted effective as of the entry of an order granting this Motion to allow ARAMARK to initiate termination of the Contract by sending to Delphi its 60-day Notice of Termination Letter. ARAMARK further requests relief from stay to complete the termination of the Contract in accordance with the terms of the Contract, once the sixty days have expired.

13.    Based upon the rights granted to the parties under the terms of the Contract, sufficient cause exists in this case to allow ARAMARK to send its 60-day Notice of Termination Letter to Delphi and complete the termination.

14.    Based upon the aforementioned reasons, ARAMARK requests this Court to find good cause to waive the ten (10) day stay period of the effective Relief Order under FED. BANKR. R. 4001(a)(3).

WHEREFORE, ARAMARK prays that it be granted relief from automatic stay so it may send its 60-day Notice of Termination Letter to Delphi, to then complete the termination in accordance with the parties' Contract, and that it have such other and further relief as is just.

DATED THIS 24th day of January, 2006.

                                          HALPERIN BATTAGLIA RAICHT, LLP


                                          By   */s/ Ethan D. Ganc*
                                              Alan D. Halperin (AH-8432)
                                              Ethan D. Ganc (EG-3842)
                                        555 Madison Avenue, 9th Floor
                                        New York, New York 10022
                                        Telephone (212) 765-9100
                                        Facsimile (212) 765-0964
                                        Email: ahalperin@halperinlaw.net
                                                    eganc@halperinlaw.net

                                        Attorneys for ARAMARK Services, Inc.