BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
(317) 236-1313
Michael K. McCrory, Esq.
Wendy D. Brewer, Esq.
Mark R. Owens, Esq. (MO 9742)

Attorneys for Universal Tool &
  Engineering Co., Inc.


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――― x
                                          :
     In re                                : Chapter 11
                                          :
DELPHI CORPORATION, <u>et al.</u>,        : Case No. 05-44481(RDD)
                                          :
                     Debtors.             : (Jointly Administered)
―――――――――――――――――――――――― x


**LIMITED OBJECTION OF UNIVERSAL TOOL & ENGINEERING CO., INC.
TO DEBTORS' NOTICE OF REJECTION OF UNEXPIRED LEASES AND
<u>ABANDONMENT OF PERSONAL PROPERTY</u>**

Universal Tool & Engineering Co., Inc. ("<u>UTE</u>"), by and through its undersigned counsel, files this limited objection to the above-captioned Debtors' (the "<u>Debtors</u>") Notice of Rejection of Unexpired Leases and Abandonment of Personal Property (the "<u>Notice of Rejection</u>") and respectfully states as follows:

**BACKGROUND**

1.    UTE and General Motors Corporation, a Delaware corporation, ("<u>GM</u>") entered into an Office Building Lease dated September 15, 1994, for that certain premises located at 8700 North Hague Road, Indianapolis, Indiana 46256 (including all exhibits and amendments,

1

the "<u>8700 Lease</u>"). Pursuant to letter dated January 25, 1999, from GM Worldwide Real Estate to UTE and that certain Assignment and Assumption dated December 10, 1998, by and between GM and Delphi Automotive Systems, LLC, GM purportedly assigned its entire right, title and interest in the 8700 Lease to Delphi Automotive Systems, LLC as of January 1, 1999.

2.    UTE and Delphi Automotive Systems, LLC entered into a Lease of Industrial or Warehouse Facilities dated June 22, 2001, for that certain premises located at 8750 North Hague Road, Indianapolis, Indiana 46256 (including all exhibits and amendments, the "<u>8750 Lease</u>"). The 8750 Lease is currently subject to a sublease between Delphi Automotive Systems, LLC and Enerdel Lithium Power Systems (including all exhibits and amendments, the "<u>Sublease</u>" and together with the 8700 Lease and the 8750 Lease, collectively, the "<u>Leases</u>"). Enerdel Lithium Power Systems is currently occupying these premises.

## JURISDICTION

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

## LIMITED OBJECTION

4.    On January 17, 2006, the Debtors filed the Notice of Rejection purporting to reject the Leases as of January 31, 2006, and abandon certain property of the Debtors' estates located at the various leased premises.

5.    Except as provided herein, UTE does not object to the Debtors rejection of the Leases; however, UTE has serious concerns regarding possible unremediated environmental

2

issues, the abandonment of hazardous and/or burdensome property, and the abandonment of property after the proposed January 31, 2006 rejection date.

### Environmental Concerns

6.   UTE is currently unaware of any environmental contamination at either 8700 North Hague Road, Indianapolis, Indiana or 8750 North Hague Road, Indianapolis, Indiana; however, UTE is not in the best position to know if any environmental contamination exists. The Debtors are in the best position to identify any environmental contamination. Therefore, UTE objects to the rejection of the Leases to the extent that the Debtors propose to reject the Leases and vacate the respective leased premises in violation of federal, state or local laws or regulations without remediating any environmental contamination. If such violations occur, UTE reserves its rights to take appropriate action under applicable law.

### Abandonment

7.   The Debtors broadly define Expendable Property (the estate property to be abandoned) as certain furniture, fixtures, and equipment. *See* Order Under 11 USC §§ 365(a) and 554 and Fed.R.Bankr.P. 6006 Approving Procedures for Rejecting Unexpired Real Property Leases and Authorizing Debtors to Abandon Certain Furniture, Fixtures, and Equipment (January 6, 2006) [D.I. 1776].

8.   The Notice of Rejection also provides that the earliest UTE will be made aware of the nature and identity of the Expendable Property is January 31, 2006. Since the definition of Expendable Property is overly broad and UTE will not be made aware of the nature and identity of the Expendable Property until, at least, January 31, 2006, UTE is concerned that it will be

3

unduly burdened by having to dispose of unwanted, hazardous, and dangerous property at UTE's own expense. Therefore, UTE objects to the Debtors' abandonment of any unwanted, hazardous, or dangerous property that will force UTE to remove or remediate such property at UTE's own expense after the time to object to the Notice of Rejection has passed without being heard by the Bankruptcy Court. Accordingly, UTE reserves its rights under applicable law.

9.    UTE also objects to the Debtors' unilateral assertion that any expense incurred by UTE to remove any Expendable Property will not be treated as an administrative expense claim under section 503(b) of the Bankruptcy Code. UTE's right to assert an administrative expense claim and the allowance of such administrative expense claim is governed by the Bankruptcy Code and not the Debtors. Accordingly, UTE reserves the right to file an administrative expense claim pursuant to section 503(b) of the Bankruptcy Code.

Abandonment Date

10.    The Notice of Rejection provides that "[t]o the extent any Expendable Property remains in the Leased Premises after the Rejection Date or such later date as provided for in the Lease, the Expendable Property will be deemed abandoned to the lessor of the Lease." *See* Notice of Rejection at ¶ 3. UTE is unaware of any dates in the Leases that would result in the abandonment of any Expendable Property after the proposed January 31, 2006 rejection date. Therefore, UTE objects to the abandonment of any Expendable Property after the proposed January 31, 2006 rejection date. In other words, all Expendable Property shall be abandoned as of January 31, 2006, and the Debtors shall vacate the leased premises in accordance with the Leases.

11.     To the extent that the Debtors continue to occupy or leave any estate property that has not been properly abandoned at any of the leased premises after January 31, 2006, and/or pro rate rent, UTE reserves the right to file a motion under applicable law including, but not limited to, section 365 of the Bankruptcy Code to be compensated for the Debtors' actions in preventing UTE from reletting the premises.

**RESERVATION OF RIGHTS**

12.     UTE reserves its rights to amend this Limited Objection at a later date if additional issues arise.

**MEMORANDUM OF LAW**

13.     UTE is filing this Limited Objection to protect its rights and interests in the event that certain events occur.  This Limited Objection sets forth UTE's specific objections divided under numerous headings.  UTE respectfully requests that the requirements of the service and filing of an answering memorandum of law under Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied and that UTE be allowed to file an amended objection and/or answering memorandum in the event that any of UTE's aforementioned concerns materialize.

WHEREFORE, UTE requests that the Court deny rejection of the Leases and abandonment of the Expendable Property to the extent that any of UTE's concerns identified herein materialize and grant such other and further relief that is just and appropriate.

Dated:  January 27, 2006                                    Respectfully submitted,

/s/ Mark R. Owens
Michael K. McCrory, Esq.
Wendy D. Brewer, Esq.
Mark R. Owens, (MO 9742)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Phone: (317) 236-1313
Facsimile:  (317) 231-7433