UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
    In re                     :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
                                            :
                     Debtors.   :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER REGARDING LEAD PLAINTIFFS' MOTION TO
COMPEL DISCOVERY RELATED TO DEBTORS' MOTION FOR ORDER
UNDER 11 U.S.C. §§ 105 AND 363 AUTHORIZING DEBTORS TO IMPLEMENT A
<u>KEY EMPLOYEE COMPENSATION PROGRAM</u>

       Upon the motion, dated December 23, 2005 (Docket No. 1619) (the "Motion"), of Teachers' Retirement System of Oklahoma, Public Employees' Retirement System of Mississippi, Raiffeisen Kapitalanlage-Gesellschaft m.b.H, and Stichting Pensioenfonds ABP, lead plaintiffs of a putative class ("Lead Plaintiffs"), for an order compelling discovery with respect to the Debtors' KECP Motion; and upon the Debtors' Objection to the Motion, dated December 29, 2005 (Docket No. 1691); the Supplemental Declaration of John P. Coffey, dated January 12, 2006 (Docket No. 1804); the Debtors' Report on the Meet and Confer with Regard to Lead Plaintiffs' Motion to Compel Discovery in Respect to the Debtors' Motion to Implement a Key Employee Compensation Program, dated January 12, 2006 (Docket No. 1806); and the record of the hearings held on the Motion on January 5, 2006, and January 13, 2006; and after due deliberation thereon; and, for the reasons stated by the Court on the record of the hearings on those dates, it is hereby

       ORDERED THAT:

1. The Debtors shall produce a document listing the executives (together with their titles) who are intended to be eligible, under the KECP, for Annual Incentive Program payments for a period commencing no earlier than October 8, 2005, and ending no later than June 30, 2006. The document shall be designated Highly Confidential, and shall be treated as such in accordance with the Stipulation and Agreed Protective Order executed by the Debtors and Lead Plaintiffs.

2. The Debtors shall produce a list of the 25 executives referenced in paragraph 17 of the KECP Motion and any other employees the Debtors intend to reference in support of their contentions regarding executive attrition, as well as any documents providing the reasons for each such employee's departure, to the extent those reasons are known by the Debtors.

3. To the extent not already produced, the Debtors shall produce all documents directly considered by them in formulating the KECP.

4. Within a reasonable time before the hearing presently scheduled for February 10, 2006, on the KECP Motion (the "Hearing"), or such later date to which the Hearing is adjourned, the Debtors shall make available for depositions (not to exceed three hours for each witness, *in toto*) any witness whose declaration or testimony the Debtors plan to offer at the Hearing. Subject to any applicable privilege, inquiry may be made of those witnesses with respect to any matter within the scope of discovery on the KECP Motion, including what the framers of the KECP actually considered;  provided, however, that the scope of the depositions shall not extend to any internal investigation conducted by the Debtors that was not undertaken in connection with their formulation or adoption of the KECP.

    5.  Except as expressly provided in paragraphs 1, 2, and 3 and 4 of this Order, the Motion is DENIED.

    6.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: New York, New York
   January 30, 2006

            /s/ ROBERT D. DRAIN
            UNITED STATES BANKRUPTCY JUDGE