UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
   In re                         :      Chapter 11
:
DELPHI CORPORATION, et al.,      :      Case No. 05-44481 (RDD)
:
               Debtors.   :      (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C §§ 105(a) AND 363(b) AUTHORIZING
DEBTORS TO PAY CERTAIN FINANCIAL ADVISOR FEES AND
EXPENSES INCURRED BY THE UNITED AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA AND THE INTERNATIONAL
UNION OF ELECTRONIC, ELECTRICAL, SALARIED, MACHINE AND
<u>FURNITURE WORKERS-COMMUNICATIONS WORKERS OF AMERICA</u>

("UAW AND IUE-CWA FINANCIAL ADVISOR PAYMENT ORDER ")

Upon the motion, dated January 30, 2006 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 105(a) and 363(b) authorizing the Debtors to pay certain financial advisor fees and expenses incurred by the United Automobile, Aerospace And Agricultural Implement Workers Of America ("UAW") in connection with the UAW's retention of Lazard Frères & Co. LLC ("Lazard") and Milliman, Inc. ("Milliman"), and incurred by the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers-Communications Workers of America (the "IUE-CWA") in connection with the IUE-CWA's retention of Chanin Capital Partners L.L.C. ("Chanin") (the UAW and IUE-CWA being referred to herein collectively as the "Unions," and Lazard, Milliman, and Chanin being referred to herein collectively as the "Fiancial

Advisors"); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. Pursuant to 11 U.S.C. §§ 105(a) and 363(b), the Debtors are authorized to pay to each of Lazard and Chanin $175,000 per month for financial advisory services rendered to the Unions in connection with the Debtors' chapter 11 cases, plus an additional amount for expenses incurred in connection therewith, and up to $100,000 per month to Milliman for actuarial services rendered to the UAW, plus an additional amount for expenses incurred in connection therewith (the foregoing payments to all of the Financial Advisors being referred to herein collectively as the "Advisor Fees"), provided, however, that prior to the payment of any Advisor Fees, each of the Financial Advisors shall be required to submit to the Debtors and the official committee of unsecured creditors (the "Creditors' Committee") a statement specifying the services performed and the disbursement and expenses incurred and shall provide such supporting documentation for each statement as the Debtors or Creditors' Committee shall reasonably require.

3. In the event that either the Debtors or the Creditors' Committee have an objection to any of the compensation or reimbursement sought in a particular statement, the Debtors shall withhold payment of that portion of the fee statement to which the objection is directed until such time as the objection is resolved or so ordered by the Court.

    4. The Unions have agreed, and it is hereby ordered, that any Advisor Fees paid by the Debtors shall be applied against and considered part of any distribution in respect of any resolution of any claims the Union may have (without diminishing any claims employees may have) against the Debtors in these chapter 11 cases, whether by settlement agreement or judgment of this Court.

    5. The Debtors shall not be party to any engagement agreement between the Unions and their Financial Advisors and shall not assume or be subject to any obligations or liabilities arising as a result of such engagement except with respect to the payment of fees and expenses as set forth in this Order.

    6. Subject to the monthly caps and terms provided herein, each Financial Advisor may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and reimbursement for expenses incurred during the period beginning on the date of the Financial Advisor's retention (which, in the case of Lazard, is November 1, 2005; in the case of Chanin, is November 21, 2005; and, in the case of Milliman, is November 22, 2005) and ending on the date of their first request.

    7. The Debtors shall maintain a unilateral right to terminate the commitment to pay the Advisor Fees at any time upon 30 days' notice to the Unions.

    8. To the extent that the Debtors' payment of the Advisor Fees in any way implicates the limitations of Section 302(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186, such Advisor Fees fall within the exception provided under Section 302(c)(2), 29 U.S.C. § 186(c)(2).

    9. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

10. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
      February __, 2006

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE