UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | x | |
| In re | : | Chapter 11 Case Nos. |
| | : | |
| BETHLEHEM STEEL CORPORATION, | : | 01-15288 (BRL) through |
| et al. | : | 01-15302, and |
| | | 01-15308 through |
| | : | 01-15315 (BRL) |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | x | |

## ORDER PURSUANT TO SECTIONS 105(a) AND 363(b)
## OF THE BANKRUPTCY CODE AUTHORIZING
## THE DEBTORS TO REIMBURSE CERTAIN
## PROFESSIONAL FEES AND EXPENSES OF
## THE UNITED STEEL WORKERS OF AMERICA

Upon the motion dated November 29, 2001 (the "Motion")* of Bethlehem

Steel Corporation and certain of its direct and indirect subsidiaries, as debtors and debtors

in possession (collectively, the "Debtors"), pursuant to sections 105(a) and 363(b) of title

11 of the United States Code (the "Bankruptcy Code"), for authorization to reimburse

certain professional fees and expenses of the United Steelworkers of America

("USWA"), as collective bargaining agent and representative of approximately 80% of

the Debtors' current employees as well as certain retirees, all as more fully described in

the Motion, and the Court having jurisdiction to determine the Motion in accordance with

28 U.S.C. § 1334, and due notice of the Motion having been provided to the United

States Trustee for the Southern District of New York, the respective attorneys for the

Debtors' pre-chapter 11 lenders and post-chapter 11 lenders, the attorneys for the

---

* Capitalized terms used but not defined herein have the respective meanings ascribed to
them in the Motion.

statutory committee of unsecured creditors (the "Creditors' Committee"), the USWA, and

any party who has filed a notice of appearance and request for service of papers in these

chapter 11 cases, and it appearing that no other or further notice need be made, and after

a hearing held on December 19, 2001 and consideration of the Objection of the United

States Trustee, dated December 17, 2001, the Response of the Creditors' Committee,

dated December 18, 2001, and the appearances of interested parties having been noted in

the record and upon all of the proceedings had before the Court and after due deliberation

and sufficient cause appearing therefor, it is

ORDERED, ADJUDGED AND DECREED:

1.   It is in the best interests of the Debtors and all parties in interest that

the Motion be, and, it hereby is granted and Debtors be, and, they hereby are authorized

pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code to reimburse USWA for

its reasonable professional costs and expenses in accordance with the terms of the USWA

Letter attached to the Motion as Exhibit "A1," and the letter of Keilin & Company llc

("Keilin") attached to the Motion as Exhibit "A2" (the "Keilin Letter") in an aggregate

amount not to exceed $1.4 million exclusive of any Success Fee, provided, however, that

the USWA Letter is deemed amended:

(a)  on Attachment A, to delete as reimbursable the professional

fees and costs of "International Union In-House Professionals (Legal Department,

Research and Benefits Department, Assistants to International Officers, etc.)" for "Labor,

Bankruptcy and ERISA Matters; Financial Analysis and Bargaining Matters";

(b)  to delete from the USWA Letter all references to the

professionals and matters set forth in subparagraph (a) hereof;

2

NY2:\1110600\02\NSY002!.DOC\25930.0029

(c) to change all references in the USWA Letter as to the aggregate reimbursable amount of $1.5 million for professional fees and expenses to $1.4 million; and

(d) to require that all statements for reimbursement of professional fees and expenses made by USWA together with the statements of the particular professionals performing services on behalf of the USWA shall be submitted to the attorneys for the agent for pre-chapter 11 lenders in addition to the entities set forth in the USWA Letter.

2.   The Debtors be, and, they hereby are authorized pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code to pay to Keilin, the investment banker employed by the USWA, a Success Fee of up to $5 million in accordance with the terms and conditions of the Keilin Letter, Exhibit "A2," but only upon the service and filing of an application for the payment of such Success Fee, and the occurrence of:

(a) confirmation of a plan of reorganization for the Debtors or consummation of a sale of all or substantially all of the Debtors' assets which is, in any case, supported by the USWA; and

(b) review and determination of the application by the Court pursuant to Section 330 of the Bankruptcy Code, after the confirmation or sale.

3.   The indemnification provisions of the Keilin Letter, Exhibit "A2", are subject to the following:

(a) All requests of Keilin for indemnity, contribution or otherwise pursuant to the indemnification provisions of the Keilin Letter, Exhibit "A2", shall be by means of an application therefor (interim or final, as the case may be) ("Application")

3

and shall be subject to review by the Court to assure that such payment conforms to the terms of the Keilin Letter, Exhibit "A2", and is reasonable based upon the circumstances of the litigation or settlement as to which indemnity is requested; provided, however, that in no event shall Keilin be indemnified or receive contribution if it is determined that Keilin acted in bad faith, engaged in self-dealing or breached its fiduciary duty, if any, or committed gross negligence or willful misconduct; and

(b)  In no event shall Keilin be indemnified or receive contribution or other payment under the indemnification provisions of the Keilin Letter, Exhibit "A2", if the Debtors, their estates, or the Creditors' Committee, asserts a claim for, and the Court determines by final order that such claim arose out of, Keilin's own bad faith, self-dealing, breach of fiduciary duty, if any, gross negligence or willful misconduct; and

(c)  If Keilin seeks reimbursement for attorneys' fees from the Debtors pursuant to the Keilin Letter, Exhibit "A2", the invoices and supporting time records for such attorneys shall be included in Keilin's Application for indemnification and such invoices and time records shall be subject to the United States Trustee's Guidelines for Compensation and Reimbursement and Expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code; and

(d)  To the extent this order is inconsistent with the Keilin Letter, Exhibit "A2", the terms of this order shall govern.

4

NY2:\1106009\02\NSY002!.DOC\25930.0029

4. The Court shall retain exclusive jurisdiction to construe and enforce the terms of the Keilin Letter, Exhibit "A2", any Application made by Keilin and this order.

5. If any Application for indemnification or reimbursement of attorneys' fees is made by Keilin, the Debtors shall serve a notice of such Application and any hearing to consider such Application upon all of their creditors for the purposes of providing such creditors an opportunity to timely object to the Application.

6. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York as to the filing of a memorandum of law is waived.

Dated: New York, New York
       January 7, 2002


                              __/s/ Burton R. Lifland_____ ___ _____
                              UNITED STATES BANKRUPTCY JUDGE

NY2:\1110600\02\NSY002!.DOC\25930.0029

COPY

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
2001 DEC -4 PM 3: 37
US BAN...
NORTHE... COURT
...CT OF

```
--------------------------------------------x
In re:                                       :  Case Nos. 01-51117 through 01-51120
                                             :  Jointly Administered as
REPUBLIC TECHNOLOGIES                        :  Case No. 01-51117
INTERNATIONAL, LLC, et al.,                  :
                                             :  Chapter 11
                                             :
                  Debtors.                   :  Judge Marilyn Shea-Stonum
                                             :
--------------------------------------------x
```

## ORDER AUTHORIZING PAYMENT OF CERTAIN PROFESSIONAL FEES AND EXPENSES OF THE UNITED STEELWORKERS OF AMERICA PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE

Upon the motion dated November 1, 2001 (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") requesting an order pursuant to sections 105 and 363 of the Bankruptcy code authorizing them to pay certain reasonable professional fees and expenses (collectively, the "USWA Professional Fees") of the United Steelworkers of America, AFL-CIO/CLC (the "USWA"); and the Court having reviewed the Motion and there being no objections to the Motion; the Court finding that the Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § § 157(b)(2)(M) and 1334 and that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); notice of the Motion having been sufficient under the circumstances; and the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor:

THE COURT FINDS AND CONCLUDES THAT:

A.      The terms of the Agreement are warranted under the circumstances;

B.      The Agreement is in the best interests of the Debtors' estate and parties in interest; and

{263570:}NY2:\1090346\04\NDB804!.DOC\69562.0003

6 45

C.    Notice of this Motion was sufficient.

IT IS HEREBY ORDERED THAT:

1.    The Motion be, and hereby is, GRANTED;

2.    The Agreement is hereby approved; and

3.    The Debtors are authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code to reimburse the USWA for reasonable USWA Professional Fees subject to the caps and other terms of the Agreement, without further order.

4.    To the extent the Debtors dispute the reasonableness of reimbursement requests made by the USWA, the Court reserves jurisdiction to resolve such disputes and all disputes arising out of the Agreement shall be brought to the Court.

Dated: DEC 0 4 2001

UNITED STATES BANKRUPTCY JUDGE

PREPARED BY:
Shawn M. Riley (0037235)
Sean D. Malloy (0073157)
Susanne E. Dickerson (0069121)
McDONALD, HOPKINS, BURKE
& HABER CO., L.P.A.
2100 Bank One Center Building
600 Superior Avenue, E
Cleveland, OH 44114-2653
Telephone:  (216) 348-5400
Facsimile:  (216) 348-5474
E-mail: sriley@mhbh.com
        smalloy@mhbh.com
        sdickerson@mhbh.com
    - and -
Martin J. Bienenstock (MJB3001)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-mail: martin.bienenstock@weil.com
CO-COUNSEL FOR THE DEBTORS
AND THE DEBTORS IN POSSESSION

[263570:]NY2:\090340\04\NDBB04!.DOC\69562.0003          2

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

FILED

01 OCT 22 PM 4: 34

NORTHERN DISTRICT
YOUNGSTOWN

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PITTSBURGH-CANFIELD CORPORATION, et al.,[1] | ) | Case No. 00-43394 to 00-43402 Jointly Administered |
| | ) | |
| Debtors. | ) | William T. Bodoh |
| | ) | United States Bankruptcy Judge |

## ORDER APROVING AND AUTHORIZING MODIFIED LABOR AGREEMENT, SUPPLEMENTAL AGREEMENT WITH WHX CORPORATION, AND RELATED AGREEMENTS, LIENS AND CLAIMS PURSUANT TO 11 U.S.C. §§ 362, 363 AND 364

This matter having come before the Court on the Debtors' motion, pursuant to Sections 363 and 364 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), for an Order Approving a Modified Labor Agreement, a Supplemental Agreement with WHX Corporation, and certain Related Agreements, Liens and Claims (the "Motion"); and the Court having reviewed the Motion and the Exhibits thereto (including the amended version of Exhibit C that was filed on October 22, 2001), and having conducted a hearing to consider the same (the "Hearing"); and due and adequate notice of the Motion having been given under the circumstances; and the Court having reviewed and considered the limited objections and other statements filed with respect to the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, and that good cause has been shown for the relief requested; and capitalized terms used but not defined herein having the meanings ascribed to them in the Motion,

---

[1]    In addition to Pittsburgh-Canfield Corporation, the other debtors are Wheeling-Pittsburgh Corporation, Wheeling-Pittsburgh Steel Corporation, Consumers Mining Company, Wheeling-Empire Company, Mingo Oxygen Company, WP Steel Venture Corp., W-P Coal Company and Monessen Southwestern Railway Company.

82.4

**IT IS HEREBY FOUND THAT:**

A.  On November 16, 2000, the Debtors each filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors have continued in the management and operation of their businesses and properties as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.  The United States Trustee has appointed an Official Committee of Unsecured Note Holders and an Official Committee of Unsecured Trade Creditors.

B.  This Court has jurisdiction over these cases and this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b), and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.  Notice of the Motion has been provided by e-mail service in accordance with the Bankruptcy Code, the Bankruptcy Rules and this Court's prior orders.

D.  WPSC has incurred ongoing operating losses that must be remedied if WPSC is to stabilize its operations and if the Debtors are to accomplish their ultimate reorganization.

E.  WPSC cannot obtain unsecured credit, and the terms of the loans and other credit support to be provided by WHX Corporation ("WHX"), as set forth in the Supplemental Agreement, are reasonable and appropriate.

F. The entry into the proposed Modified Labor Agreement, the Side Letter Agreement, the Memorandum of Understanding, the Supplemental Agreement and the Fee Reimbursement Agreement, substantially in the forms submitted as Exhibits to the Motion, including the amended version of the Memorandum of Understanding that was filed with the Court on October 22, 2001 (hereafter, the "MOU"), is a reasonable exercise of the Debtors' business judgment

pursuant to Sections 363 and 364 of the Bankruptcy Code and is in the best interests of the Debtors' respective estates and creditors.

Based on the foregoing, and on the facts and matters set forth in the moving papers and the record made at the hearing on this matter,

**IT IS HEREBY ORDERED:**

1. The Motion is granted.

2. The Modified Labor Agreement, the Side Letter Agreement, the MOU, the Supplemental Agreement, the 3D Secured DIP Loan agreement attached to the Supplemental Agreement and the Fee Reimbursement Agreement are hereby approved, and the Debtors are authorized to enter into such agreements substantially in the forms presented to the Court.

3. The Debtors are hereby authorized and empowered to do and perform all acts and to make, execute, and deliver all instruments and documents which may be requisite or necessary to implement the Modified Labor Agreement, the Side Letter Agreement, the MOU, the Supplemental Agreement, the 3D Secured DIP Loan agreement attached to the Supplemental Agreement, the other extensions of credit described in the MOU and the Supplemental Agreement, and the Fee Reimbursement Agreement and for the creation and perfection of the liens and security interests described in such agreements and in this Order.

4. Nothing herein shall constitute or be construed as an assumption of the 1996 Agreement (as defined in the Motion).

5. The interim wage reductions set forth in the Modified Labor Agreement and described in the Motion, and the interim salary reductions that are conditions to the effectiveness of the Union Contribution (as defined in the Modified Labor Agreement) and that are described in the Motion, shall give rise to administrative expense claims against the WPSC estate in amounts

equal to the amounts of such reductions, but such claims shall be allowed only in the event that WPSC does not successfully reorganize. Any such administrative expense claims will be extinguished upon consummation of a plan of reorganization.

6. As security for the loans and other credit support provided by WHX under the Supplemental Agreement (the "WHX Loans"), WHX shall have and is hereby granted, effective upon the date of entry of this Order, valid and perfected security interests in, and liens upon, all present and after-acquired property of WPSC of any nature whatsoever, and all proceeds and products of any or all of the foregoing, pursuant to Bankruptcy Code section 364(c)(3) (collectively, the "WHX Liens"); *provided, however*, that:

(a) All of the WHX Liens shall be subject to and junior to (i) the liens and security interests created in connection with the Debtor in Possession Credit Agreement, dated as November 17, 2000 (the "DIP Loan Agreement"), to which the Debtors are party, (ii) valid and perfected liens and security interests existing on the Petition Date, (iii) the Carve-Out, including the Retained Payments and the Mandatory Fees (as defined in the DIP Loan Agreement), and (iv) the liens and security interests granted in favor of WPC and Pittsburgh-Canfield Corporation ("PCC") by Order of this Court dated May 24, 2001 to secure certain loans made to WPSC by WPC and PCC (the "Junior DIP Loans"); and

(b) The WHX Liens shall not extend to (i) the building and land housing, and all equipment employed in connection with, the new paint line being installed by WPSC at its facility located in Beech Bottom, West Virginia, or (ii) to the caster segments located in Mingo Junction, Ohio, or (iii) to avoidance actions arising under the Bankruptcy Code.

7. This Order shall be sufficient and conclusive evidence of the validity of the WHX Loans and the validity, perfection, and priority of the WHX Liens, without the necessity of filing or recording any financing statement or other instrument or document or notification which may otherwise be required under the law of any jurisdiction or the taking of any other action to validate or perfect such liens and security interests; *provided* that WPSC may execute and file or record financing statements or other instruments (including mortgages) or provide notice to evidence and to perfect the liens authorized hereby; and *provided further* that no such filing or recordation or notification shall be necessary or required in order to create or perfect any such lien or security interest. WPSC is hereby authorized and directed to repay such loans and credit support in accordance with the terms thereof, as set forth in the supplemental agreement and the Exhibits and attachments thereto. WHX shall be subrogated to the claims of the Lenders under the DIP Loan Agreement as and to the extent that such claims are paid out of distributions received by WHX on the WHX Loans and turned over to the Lenders pursuant to the Intercreditor Agreement attached to the Supplemental Agreement. Any claims of the DIP Lenders to which WHX is subrogated shall be subordinated to the Junior DIP Loans and all distributions in connection with such subrogated claims shall be allocated in accordance with the Order of this Court dated May 24, 2001 and the Settlement and Release Agreement approved by such Order.

8. The WHX Loans shall be an allowed administrative expense claim (the "WHX Superpriority Claim") with priority under Bankruptcy Code section 364(c)(1) over all other administrative expense claims and unsecured claims against WPSC, now existing or hereafter arising, *provided, however,* that the WHX Superpriority Claim shall be subject and subordinate to, and junior to, (i) the superpriority claims created in connection with the DIP Loan Agreement,

(ii) the Carve-Out, including the Retained Payments and the Mandatory Fees, as defined in the DIP Loan Agreement, (iii) the administrative superpriority claims of WPC and PCC granted by Order of this Court dated May 24, 2001.

9. The automatic stay is hereby lifted pursuant to Section 362(d)(1) of the Bankruptcy Code to permit WHX to sell any or all of its stock in WPC and to allow WHX to take those actions with respect to the WHX Pension Plan that are described in the Supplemental Agreement; *provided, however,* that nothing in this Order shall be deemed to affect in any manner the rights of the Pension Benefit Guaranty Corporation to take action with respect to the WHX Pension Plan under Title IV of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1301-1461.

10. WPSC hereby is authorized to reimburse the USWA for professional fees in accordance with the terms set forth in the Fee Reimbursement Agreement, in amounts that may not exceed a total of $500,000.

11. This Order shall take effect immediately, and shall not be subject to any stay except to the extent that an Order granting such a stay is entered by this Court or by a court having appellate jurisdiction over this matter.

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Youngstown, Ohio
   October 22, 2001

        Hon. William T. Bodoh
        United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

FILED

|   |   |   |
|---|---|---|
| In re: | : | |
| | : | **Chapter 11** |
| **LTV STEEL COMPANY, INC.,** | : | |
| **a New Jersey corporation, et al.,** | : | **Jointly Administered** |
| | : | **Case No. 00-43866** |
| | : | |
| **Debtors.** | : | **Judge William T. Bodoh** |

## ORDER AUTHORIZING DEBTORS AND DEBTORS IN POSSESSION TO PAY CERTAIN PROFESSIONAL FEES AND EXPENSES OF THE UNITED STEELWORKERS OF AMERICA

This matter coming before the Court on the Motion of Debtors and Debtors in Possession for an Order Authorizing Them to Pay Certain Professional Fees and Expenses of the United Steelworkers of America (the "Motion"), filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); an objection to the relief sought in the Motion (the "Objection") having been filed by the Office of the United States Trustee; the Court having reviewed the Motion and the Objection and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED, and the Objection is OVERRULED.

CL: 575692v1

#745-1

2.      Capitalized terms not otherwise defined herein have the meanings given to

them in the Motion.

3.      Without further order of this Court, the Debtors are authorized to

reimburse the USWA for any reasonable USWA Professional Fees, subject to the Cap, during the

Reimbursement Period, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code.

Dated:  March 21, 2001                          _____
                                                UNITED STATES BANKRUPTCY JUDGE

PREPARED BY:


David G. Heiman (0038271)
Richard M. Cieri (0032464)
Heather Lennox (0059649)
JONES, DAY, REAVIS & POGUE
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
(216) 586-3939

Jeffrey B. Ellman (0055558)
JONES, DAY, REAVIS & POGUE
1900 Huntington Center
41 South High Street
Columbus, Ohio  43215
(614) 469-3939

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION