LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (admitted *pro hac vice*)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
        mitchell.seider@lw.com
        mark.broude@lw.com

Attorneys for the Official Committee of Unsecured Creditors


**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------
| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DELPHI CORPORATION, et al., | ) Case No. 05-44481(RDD) |
| | ) |
| | ) Jointly Administered |
| | ) |
| | ) |
| Debtors. | ) |
| | ) |

---------------------------------------------------------

**ORDER UNDER 11 U.S.C. §§ 328 AND 1103 AUTHORIZING EMPLOYMENT AND
RETENTION OF JEFFRIES & COMPANY, INC. AS INVESTMENT BANKER AND
FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS**

Upon the application, dated January 31, 2006 (the "Application"), of the Official

Committee of Unsecured Creditors appointed in the above-captioned cases (the "Committee")

for entry of an Order under 11 U.S.C. §§ 328(a) and 1103 and Rules 2014, 2016 and 5002 of the

Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") authorizing the employment and

retention of Jefferies & Company, Inc. ("Jefferies") as investment banker and financial advisor

to the Committee as of October 18, 2005; and upon the Affidavit of William Q. Derrough, a

Managing Director of Jefferies, sworn to January 26, 2006; and upon the proceedings held before

this Court; and this Court having determined that the relief requested in the Application is in the

best interests of the Debtors, their estates and creditors; and the Court being satisfied that

Jefferies does not represent any entity, other than the Committee, having an adverse interest in

connection with these cases; and the Court being satisfied that the terms of compensation being

sought by Jefferies as set forth in the Engagement Letter attached to the Application as Exhibit A

(the "Engagement Letter") are reasonable; and it appearing that proper and adequate notice of the

Application and the terms of the Engagement Letter has been given and that no further notice is

necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

it is hereby

**ORDERED, ADJUDGES AND DECREED THAT**:

1.    The Application is GRANTED.

2.    Pursuant to 11 U.S.C. §§ 328 and 1103, the Committee is authorized to

employ and retain Jefferies, as of October 18, 2005, as its investment banker and financial

advisor, to perform the services described in the Application pursuant to the terms set forth in the

Engagement Letter.

3.    If any supplemental affidavits or declarations are filed and served after the

entry of this Order, absent any objections filed within twenty (20) days after the filing and

service of such supplemental affidavits or declarations, Jefferies' employment shall continue as

authorized pursuant to this Order.

4.    The terms of the Engagement Letter are "reasonable" as such term is used

in 11 U.S.C. § 328(a), and Jefferies shall be compensated in accordance with the terms of the

Engagement Letter.

5.      Jefferies' compensation in accordance with the terms of the Engagement Letter shall not (except as set forth in the next decretal paragraph) hereafter be subject to challenge except under the standards of review under 11 U.S.C. § 328(a).

6.      Notwithstanding the preceding decretal paragraph, all compensation and reimbursement to be paid to Jefferies shall be subject to prior approval of this Court, and any fees or expenses paid to Jefferies but disapproved by the Court shall be promptly returned by Jefferies to the Debtors' estates; only the United States Trustee shall retain the right to object to Jefferies' interim and final fee applications (including expense reimbursement) on all grounds, including, but not limited to, the reasonableness standards provided for in 11 U.S.C. § 330.

7.      Jefferies shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in 11 U.S.C. §§ 330 and 331, any applicable Bankruptcy Rules, the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York ("Local Rules"), the fee and expense guidelines established by the United States Trustee, and all orders of this Court; provided, however, that while Jefferies' professionals shall not be required to keep detailed time records in one-tenth of hour increments, Jefferies' restructuring professionals shall keep time records describing their daily activities, the identity of persons who performed such activities and the estimated amount of time expended on each activity on a daily basis; Jefferies shall also supplement this information with a list of its non-restructuring professionals who will assist the restructuring department on this matter, but who do not, as a matter of general practice, keep the records in the same manner.

3

8.      All requests of Jefferies for payment of indemnity, contribution or otherwise pursuant to the indemnification provisions of the Engagement Letter shall be made by means of an interim and final fee application and shall be subject to the review of this Court.

9.      In no event shall an Indemnified Person (as defined in the Engagement Letter) be indemnified or receive contribution or other payment under the indemnification provisions of the Engagement Letter if the Debtors, their estates, or the Committee assert a claim for, and the Court determines by final order that such claim arose out of, bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person.

10.     In the event an Indemnified Person seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Jefferies' own interim and final fee applications, and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of this Court under the standards of 11 U.S.C. § 330 without regard to whether such attorney has been retained under 11 U.S.C. § 330.

11.     To the extent that any term of this Order is inconsistent with the Engagement Letter, such term of this Order shall govern.

12.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

13.     The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Application.

Date:   New York, New York
        _____, 2006


        _____
        UNITED STATES BANKRUPTCY JUDGE