IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                           :
In re                       :    Chapter 11
                           :
DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
                           :
           Debtors.    :    (Jointly Administered)
                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## AFFIDAVIT OF SERVICE

       I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants, LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

       On January 31, 2006, I caused to be served the document listed below (i) upon the parties listed on Exhibit A hereto via electronic notification, and (ii) upon the parties listed on Exhibit B hereto via postage pre-paid U.S. mail:

1) Order Under 11 U.S.C. §§ 102(1) and 105 and Fed.R.Bankr.P. 2002(m), 9006, 9007 and 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and Administrative Procedure, and (III) Scheduling an Initial Case Conference in Accordance with Local Bankr.P. 1007-2(e) (Docket No. 245) [a copy of which is attached hereto as Exhibit C]

Dated: January 31, 2006

                          */s/ Evan Gershbein*
                          Evan Gershbein

Subscribed and sworn to (or affirmed) before me on this 31st day of January, 2006, by Evan Gershbein, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature :   */s/ Amy Lee Huh*

Commission Expires:   *3/15/09*

# EXHIBIT A

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|-----|-------|------------------|
| APS Clearing, Inc. | Andy Leinhoff | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | 512-314-4416 | 512-314-4462 | aleinoff@amph.com | Counsel for APS Clearing, Inc. |
| Goodwin Proctor LLP | Allan S. Brilliant | 599 Lexington Avenue | | New York | NY | 10022 | 212-813-8800 | 212-355-3333 | abrilliant@goodwinproctor.com | Counsel for UGS Corp. |
| Goodwin Proctor LLP | Craig P. Druehl | 599 Lexington Avenue | | New York | NY | 10022 | 212-813-8800 | 212-355-3333 | cdruehl@goodwinproctor.com | Counsel for UGS Corp. |
| MacDonald, Illig, Jones & Britton LLP | Richard J. Parks | 100 State Street | Suite 700 | Erie | PA | 16507-1459 | 814-870-7754 | 814-454-4647 | rparks@mijb.com | Counsel for Ideal Tool Company, Inc. |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Paul J. Ricotta | One Financial Center | | Boston | MA | 02111 | 617-542-6000 | 617-542-2241 | pjricotta@mintz.com | Counsel for Hitachi Automotive Products (USA), Inc. |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Stephanie K. Hoos | The Chrysler Center | 666 Third Avenue | New York | NY | 10017 | 212-935-3000 | 212-983-3115 | skhoos@mintz.com | Counsel for Hitachi Automotive Products (USA), Inc. |
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | 512-475-4861 | 512-482-8341 | jay.hurst@oag.state.tx.us | Counsel for The Texas Comptroller of Public Accounts |
| Ropes & Gray LLP | Gregory O. Kaden | One International Place | | Boston | MA | 02110-2624 | 617-951-7000 | 617-951-7050 | gregory.kaden@ropesgray.com | Attorneys for D-J, Inc. |
| Sheehan Phinney Bass + Green Professional Association | Steven E. Boyce | 1000 Elm Street | P.O. Box 3701 | Manchester | NH | 03105-2347 | 603-627-8278 | 603-641-2347 | sboyce@sheehan.com | Counsel for Source Electronics, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

1/31/2006 1:59 PM
New 2002 parties

# EXHIBIT B

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|-----|------------------|
| APS Clearing, Inc. | Matthew Hamilton | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | 512-314-4416 | 512-314-4462 | Counsel for APS Clearing, Inc. |
| Ropes & Gray LLP | Marc E. Hirschfield | 45 Rockefeller Plaza | | New York | NY | 10111-0087 | 212-841-5700 | 212-841-5725 | Attorneys for D-J, Inc. |

# EXHIBIT C

UNITED STATES BANK
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - -

|   | |
|---|---|
| In re | : |
| | : |
| | : Chapter 11 |
| DELPHI CORPORATION, et al., | : |
| | : Case No. 05–44481 (RDD) |
| Debtors. | : |
| | : (Jointly Administered) |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - -

ORDER UNDER 11 U.S.C. §§ 102(1) AND 105 AND FED. R. BANKR. P.  2002(m),
9006, 9007, AND 9014 ESTABLISHING (I) OMNIBUS HEARING DATES, (II)
CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE
PROCEDURES, AND (III) SCHEDULING AN INITIAL <u>CASE CONFERENCE IN
ACCORDANCE WITH LOCAL BANKR. R. 1007-2(e)</u>

("CASE MANAGEMENT ORDER")

Upon the motion dated October 8, 2005 (the "Motion")[1] of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"),

debtors and debtors-in-possession in the above captioned cases (collectively, the

"Debtors"), for an order under 11 U.S.C. §§ 102(1),  105(a), and 105(d) and Fed. R.

Bankr. P. 2002(m), 9006, 9007, and 9014 establishing (a) omnibus hearing dates, (b)

certain notice, case management, and administrative procedures in the Debtors' chapter 11

---

[1]    Unless otherwise defined herein, all capitalized terms shall have the meaning
ascribed to them in the Motion.

cases, and (c) scheduling an initial case conference in accordance with Rule 1007-2(e) of

the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern

District of New York (the "Local Rules"), and upon the Affidavit Of Robert S. Miller, Jr.

In Support Of Chapter 11 Petitions And First Day Orders, sworn to on October 8, 2005;

and upon the record of the hearing held on the Motion; and this Court having determined

that the relief requested in the Motion is in the best interests of the Debtors, their estates,

their creditors, and other parties-in-interest; and it appearing that proper and adequate

notice of the Motion has been given and that no other or further notice is necessary; and

after due deliberation thereon, and good and sufficient cause appearing therefor, it is

hereby

ORDERED, ADJUDGED, AND DECREED THAT:

      1.      The Motion is GRANTED as provided herein.

A.      <u>Scheduling Matters</u>

      2.      At present, it is estimated that the Debtors have tens of thousands

of creditors and other parties-in-interest.  The Debtors anticipate that many of these parties

will file numerous motions and applications in these cases in pursuit of various forms of

relief.  In order to efficiently manage this process, every notice, motion, or application, and

all briefs, memoranda, affidavits, declarations, or other documents filed concurrently

2

therewith in these cases (collectively, the "Filings") shall be subject to the case management

procedures described below.

Omnibus Hearing Dates

3.        This Court shall conduct the following Omnibus Hearings on a

monthly basis in these cases (the "Omnibus Hearing Dates"), to be held in Courtroom 610,

United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling

Green, New York, New York 10004 unless the Debtors are otherwise notified by the

Court.  The following dates and times have been scheduled as Omnibus Hearing Dates in

these chapter 11 cases:

>October 27, 2005 at 10:00 a.m. (Prevailing Eastern Time)

>November 29, 2005 at 10:00 a.m. (Prevailing Eastern Time)

>January 5, 2006 at 10:00 a.m. (Prevailing Eastern Time)

>February 9, 2006 at 10:00 a.m. (Prevailing Eastern Time)

>March 9, 2006 at 10:00 a.m. (Prevailing Eastern Time)

>April 7, 2006 at 10:00 a.m. (Prevailing Eastern Time)

4.        Omnibus Hearing Dates will occur thereafter as may be scheduled

by this Court.  All matters requiring a hearing in these cases shall be set for and be heard

on Omnibus Hearing Dates unless alternative hearing dates are approved by the Court for

good cause shown.

3

Scheduling Of Evidentiary Hearings

5.    If an objection or other responsive pleading is filed in response to

a Filing, then the hearing on such matter shall be deemed an evidentiary hearing at which

witnesses may testify, unless the Debtors' proposed agenda otherwise provides or the

Court informs the parties that it has determined to hold a pre-hearing conference on such

date. Within a reasonable time after an objection or other responsive pleading is filed but

prior to the hearing of the matter, the Debtors or such other party that has filed with the

Court the Filing seeking relief (the "Movant") and the party filing the objection or other

responsive pleading (the "Objecting Party") shall meet and confer to discuss a possible

resolution of the objection or the issues raised in the responsive pleading. If the objection

or issues raised in the responsive pleading cannot be resolved, then the Movant and the

Objecting Party shall meet and confer to discuss the process for identification of the

proposed evidence to be introduced and witnesses to be called by the Movant and the

Objecting Party so that the hearing can be conducted in an orderly manner.

6.    Any document identifying such evidence and witnesses must be

served on (a) the Movant and/or any opposing party, as applicable, (b) the Debtors'

counsel, (c) counsel for any statutory committee appointed in these cases (each, a

"Committee"), (d) counsel for the agent under the Debtors' prepetition credit facility, (e)

counsel for the agent under the Debtors' proposed postpetition credit facility, and (f) the

4

Office of the United States Trustee.  Such documents need not be filed with the Court,

unless the document is an objection or other responsive pleading, but they must be made

available to the Court by the serving party in the event of a dispute.  Any party that fails to

identify its evidence or witnesses as provided for herein may be precluded from presenting

such evidence or witnesses at the hearing on the matter.  Nothing shall preclude any party

from presenting proffers, on direct, in connection with uncontested matters, or agreeing

with an opposing party to present proffers in any contested matter in lieu of the direct

testimony of any witness or otherwise stipulating to facts or documentary evidence.

       7.      The Debtors are required to describe the status of contested

evidentiary hearings on the proposed hearing agendas submitted to the Court in connection

with each hearing.  If a Movant and Objecting Party agree that a hearing will not be an

evidentiary hearing, the Debtors shall advise the Court's chambers not less than three days

before such scheduled hearing in the proposed hearing agenda.

Filing Procedures And Deadlines:  Motions,<br>Applications, Objections, And Responses

       8.      <u>Electronic Filing.</u>  Every notice, motion, or application, and all

briefs, memoranda, affidavits, declarations, or other documents filed in these cases

(collectively, the "Filings") and Adversary Pleading shall be electronically filed on this

Court's Electronic Filing System except with regard to documents which may be filed

under seal pursuant to Court order.

5

9.    <u>Consent To Electronic Filing.</u>  Each party that files a notice of appearance and a request for service of papers (a "Notice Request")[2] shall be deemed to have consented to electronic service of Filings and Adversary Proceedings, in accordance with Section II(B) of the Electronic Procedures, except for (a) the Debtors and their undersigned counsel, (b) parties on the Master Service List, (c) each Committee, and prior to the appointment of an official committee of unsecured creditors established in these cases pursuant to section 1102 of United States Code, 11U.S.C. §§ 101-1330 (the "Bankruptcy Code"), the Debtors' 50 largest unsecured creditors on a consolidated basis, (d) any department or agency of the United States of America, including the Office of the United States Attorney, as may be required in accordance with Section II(B)(3) of the Electronic Procedures, or in accordance with a subsequent order of this Court, and (e) parties who, in their Notice Request, (i) ask to be exempt from electronic service and (ii) file a certification stating the reasons why the party does not want to receive notice by electronic means.  <u>No party may send notice to, or communicate with, the Office of the United States Trustee, by electronic means.</u>

---

[2]    A valid Notice Request shall include: (a) the party's name and address, (b) the name of the client (unless the party is appearing solely on its own behalf), (c) an e-mail address at which the requesting party can be served, (d) an address at which the requesting party may be served by U.S. mail, hand delivery, and overnight delivery, and (e) a facsimile number for the requesting party.  No Notice Request shall be deemed effective unless all of the foregoing requirements are satisfied.

6

10.      <u>Filing Deadline</u>.  Except as otherwise provided by the Bankruptcy Code or the Bankruptcy Rules, in order for a Filing (other than a motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)) to be heard at the next-scheduled Omnibus Hearing Date, a movant or applicant must file such a Filing with this Court <u>at least ten days prior</u> to the next-scheduled Omnibus Hearing Date (the "Filing Deadline"), and must serve such filing in accordance with the Notice Procedures.  Subject to paragraph 11 below, if such Filing is filed and served <u>less than ten days prior</u> to the next scheduled Omnibus Hearing Date, the hearing with respect to such Filing shall be the Omnibus Hearing Date thereafter.

11.      In the event a party cannot comply with the Filing Deadline and the Notice Procedures, such party may shorten the Filing Deadline and modify the Notice Procedures and have a Filing heard on the next Omnibus Hearing Date, if, and only if, for cause shown, this Court shortens such time and modifies the Notice Procedures.

12.      <u>Scheduling Of Automatic Stay Motions</u>.  Unless this Court orders otherwise, for good cause shown, where the Filing is a motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and where such motion is filed <u>more than 14 days before</u> the upcoming Omnibus Hearing Date, then the preliminary hearing date for such matter shall be set on such upcoming Omnibus Hearing Date.  Where the Filing in such matter is filed <u>less than 14 days before</u> the upcoming Omnibus Hearing Date, then the

7

preliminary hearing for such matter shall be set at the Omnibus Hearing Date following the

upcoming Omnibus Hearing Date.  Except as specifically set forth herein, all other

procedures for such motions shall otherwise conform to the Local Rules and the

Bankruptcy Rules.

13.    <u>Objection Deadline</u>.  In the event that a Filing is a motion or

application for relief, any objection shall be filed (the "Objection Deadline"):

(a)    on the seventh calendar date before the applicable
Omnibus Hearing Date (or such other date upon which the
Court will consider the Filing) if the Filing is served at least
20 days prior to the applicable Omnibus Hearing Date;
<u>provided</u> <u>that</u> such Filing is not of a type requiring more
than ten days notice under the Bankruptcy Code, the
Bankruptcy Rules or the Local Rules of this Court; or

(b)    on the third calendar date or the second business date,
whichever date occurs first, before the applicable
Omnibus Hearing Date (or such other date upon which the
Court will consider the Filing) if the Filing is served less
than 20 but at least ten days prior to the applicable
Omnibus Hearing Date; or

(c)    as otherwise ordered by the Court.

14.    The relief requested in the Filing may be granted without a hearing

if no objection is timely filed.  Should a timely objection be submitted, the party filing the

initial motion shall be allowed, but not required, to file a reply to such objection or other

8

responsive pleading on or before 4:00 p.m. on the day immediately prior to the applicable

Omnibus Hearing Date or such other date and time that the Court allows.

B.    Notice Procedures

15.    Every Filing shall be subject to the filing and notice procedures

described herein (the "Notice Procedures").  All Filings shall be served via overnight mail

upon all parties with a particularized interest in the subject of the Filing, with a hard copy

to chambers, as well as the following list (the "Master Service List") of parties or entities[3]:

        (a)    The Debtors and their counsel;

        (b)    The Office of the United States Trustee;

        (c)    The members of and counsel for each Committee;

        (d)    Counsel for the agent under the Debtors' prepetition credit facility;

        (e)    Counsel for the agent under the Debtors' proposed postpetition credit facility; and

        (f)    Those parties that may be added to the Master Service List by the Debtors upon written request to the Debtors or as may be otherwise ordered by the Court for good

---

[3]    As described in more detail below (see Service on 2002 List Parties), all other parties requesting notice shall simply receive a notice of the filing and an opportunity to obtain the filing itself from the Debtors and/or the court's web site, http://www.delphidocket.com and www.nysb.uscourts.gov, respectively, at such requesting party's sole cost and expense, thereby easing the administration of these cases and dramatically reducing the economic burdens on the Debtors' estates as well as other parties-in-interest.

9

and sufficient cause pursuant to the Local Rules and as required hereby.

16.    The Debtors (or their Court-appointed claims agent) shall update the Master Service List on a monthly basis to include the name and address of any party in interest that has made a written request for notice since the preceding month.  In the event that there has been a change to the Master Service List since the prior month, an updated Master Service List shall be filed with the Court on the first business day of the following month.  In addition, the Master Service List will be provided to third-parties upon request.

17.    Additional Notice Parties.  In addition to serving the parties on the Master Service List, filings for which particular notices are required by Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002(a)(2) and (3), 4001, 6004, 6006, 6007, or 9019, shall be served in accordance with the following procedures, unless otherwise authorized by the Court:

(a)    Filings related to the use, sale, lease, or abandonment of property other than in the ordinary course of business shall be served on each entity asserting an interest in the property.

(b)    Filings related to relief from, or otherwise related to, the automatic stay shall be served on each entity asserting a lien or encumbrance on the affected property.

10

(c)    Filings relating to the use of cash collateral or obtaining credit shall be served on each adversely affected entity asserting an interest in the cash collateral or each adversely affected entity asserting a lien or other interest in property on which a lien is proposed to be granted.

(d)    Filings relating to approval of proposed compromises or settlements shall be served on any entity that is a party to the compromise or settlement or which may be directly adversely affected thereby.

(e)    Filings relating to rights under section 365 of the Bankruptcy Code shall be served on each party to the executory contract(s) or unexpired lease(s) affected thereby.

(f)    filings relating to applications for payment of compensation or reimbursement of expenses shall be served on each professional person who is seeking payment of compensation or reimbursement of expenses and whose retention has been authorized by the Court in these cases.

(g)    filings relating to the commencement of a case, the meeting of creditors under section 341 or 1104(b) of the Bankruptcy Code, the time for filing objections and the hearing to consider approval of a disclosure statement or a hearing to consider confirmation of a plan shall require notice in accordance with Bankruptcy Rule 2002.

(h)    Notice of other matters for which the Bankruptcy Rules specifically require notice to all parties-in-interest shall be served on all creditors and equity security holders of the Debtors and parties-in-interest, except as set forth herein or as otherwise authorized by this Court.

11

18.     Except as set forth herein or as otherwise authorized by this Court, proceedings described in Bankruptcy Rule 2002 shall be noticed in accordance with the applicable provisions of such rules.

19.     <u>Service On 2002 List Parties</u>.  Any entity submitting a Filing shall be required to serve only a notice (the "Notice") of such Filing by U.S. Mail or electronic mail, at the filing party's discretion (unless such party has properly requested to be exempt from electronic service, in which case the filing party must effect service by U.S. Mail) on all parties that filed a notice of appearance or request for notice in these cases (the "2002 List Parties").  The Notice should include the title of the Filing, the time and date of any Objection Deadline, and the Omnibus Hearing Date (or other hearing date as ordered by the Court) at which this Court will consider the Filing.  The Debtors will update the 2002 List Parties on a periodic basis and provide such list upon request.

20.     <u>Adversary Proceedings</u>.  All initial Filings, complaints, and other pleadings filed in any adversary proceeding commenced in these cases (the "Adversary Proceeding") shall be served by overnight mail, courier, or hand delivery on (a) the Debtors and their counsel, (b) the Office of the United States Trustee, (c) counsel to each Committee, (d) counsel for the agent under the Debtors' prepetition credit facility,  (e) counsel for the agent under the Debtors' proposed postpetition credit facility, and (f) any parties required to be served under any applicable Bankruptcy Rule or Local Rule.

12

21.    <u>Service of Responses</u>.  All objections, responses, or statements in

support of Filings as well as any replies thereto (collectively "Responses") need only be

served via overnight mail, courier, or hand delivery on the counsel who served such Filings

plus (a) the Debtors and their counsel, (b) the Office of the United States Trustee, (c)

counsel to each Committee, (d) counsel for the agent under the Debtors' prepetition credit

facility, and (e) counsel for the agent under the Debtors' proposed postpetition facility, with

a hard copy to chambers, provided that all such Responses shall be served so as to be

actually <u>received</u> by such parties on or prior to the applicable filing deadline, as set forth

herein.

<u>Notice Requests</u>

22.    All requests for notice (the "Notice Requests") for automatic

receipt of copies of Filings, Responses, Adversary Pleadings, and other documents or

writings filed in these cases and any adversary proceeding (collectively, the "Documents")

will be accommodated as set forth herein.

23.    Any party who files a Notice Request or notice of appearance in

these cases will be added to the 2002 List Parties, and will receive all Notices of Filings in

these cases.

24.    Parties who have filed notices of appearance and who desire to

be added to the Master Service List should make a written request to that effect to the

13

Debtors.  In the written request, the requesting party shall advise the Debtors of the party's

interest in the bankruptcy cases and why cause exists for the party's inclusion on the

Master Service List.  The Debtors shall have 20 days to consider such request.  If the

Debtors either decline or fail to respond to the request within such 20 day period, the

requesting party may move this Court in accordance with the Notice Procedures, for good

cause shown, to be added to the Master Service List.

        25.     On the last day of each calendar month, or as soon thereafter as is

practicable, a copy of the Procedures Order, as may be modified or amended from time

to time, shall be served by the Debtors on each party that has filed a notice of appearance

or a Notice Request in these cases during the preceding calender month.

<u>Failure To Comply With Notice Procedures</u>

        26.     If any person makes any Filing in contravention of the Notice

Procedures by, among other things, setting a hearing on such Filing for a date and time

other than an Omnibus Hearing Date without an order from this Court authorizing such

hearing for cause, the Debtors shall forward a copy of the Procedures Order to such

person within three business days after receipt.  If such Filing is filed at least twenty 20

days prior to the next scheduled Omnibus Hearing Date, then the hearing with respect to

such Filing shall be deemed to be on such Omnibus Hearing Date.  If such Filing is filed

14

less than 20 days prior to the next Omnibus Hearing Date, then the hearing with respect to

such Filing shall be the next Omnibus Hearing Date thereafter.

           27.     Nothing shall prejudice (a) the rights of any party-in-interest to

move this Court to further limit or expand notice of such matters and proceedings upon a

showing of good cause, including, but not limited to, the right to file a motion seeking

emergency ex parte consideration or consideration upon shortened time; or (b) the rights

of any party to seek an enlargement or reduction of a time period under Bankruptcy Rule

9006(b) or 9006(c).

C.       Copies Of Filings

           28.     All Filings in these cases are available on the internet for a small

fee at http://www.delphidocket.com and www.nysb.uscourts.gov (a PACER login and

password are required to access the Court's PACER system), and may be downloaded

for viewing or printing with Adobe® Acrobat® Reader.

           29.     Upon request of any party, the Debtors will provide copies of any

Filings in these cases at the expense of the requesting party.

D.       Initial Case Conference

           30.     An initial case management conference pursuant to section 105(d)

of the Bankruptcy Code and in accordance with Local Rule 1007-2(e) shall be conducted

by the undersigned Bankruptcy Judge in Room 610,  United States Bankruptcy Court,

15

Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004

shall be scheduled for October 27, 2005, at 10:00 a.m. (Prevailing Eastern Time) to

consider the efficient administration of the case, potentially including, inter alia, such topics

as retention of professionals, creation of a committee to review budget and fee requests,

use of alternative dispute resolution, timetables, and scheduling of additional case

management conferences.

31.     The Debtors will give notice by mail of the aforementioned

conference and any order at least seven days prior to the scheduled conference to each

committee appointed to serve in the case pursuant to 11 U.S.C. § 1102 (or, if no

committee has been appointed, to the holders of the ten largest unsecured claims), the

holders of the five largest secured claims, any postpetition lender to the Debtor, and the

Office of United States Trustee, and shall promptly file electronically a proof of service of

such notice with the Clerk of the Court.

32.     The Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Order.

16

33.    The requirement under Local Rule 9013-1(b) for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.


Dated:        New York, New York
              October 14, 2005


                            /s/ ROBERT D. DRAIN
                            UNITED STATES BANKRUPTCY JUDGE

17