## ASSIGNMENT OF LEASE

THIS ASSIGNMENT, dated this 6th day of June, 2005, between Applera Corporation, a Delaware corporation ("Assignor"), whose address is 301 Merritt 7, P.O. Box 5435, Norwalk, CT 06856-5435, and Delphi Corporation, a Delaware corporation ("Assignee"), whose address is 5725 Delphi Drive, Troy, MI 48098.

### WITNESSETH:

WHEREAS, The Perkin-Elmer Corporation, later known as PE Corporation (NY) ("Original Tenant"), predecessor in interest to Assignor, and Bailard, Biehl & Kaiser Freeport I, Limited Partnership ("Landlord") entered into that certain Lease executed on April 22, 1999, as amended by (i) First Amendment to Lease Agreement dated as of August __, 1999, between Original Tenant and Landlord, and (ii) Second Amendment to Lease dated December 10, 2003, between Assignor and Landlord (as amended, the "Lease") for the premises located in the City of Stafford, County of Fort Bend, State of Texas, commonly known as 13215 N. Promenade Boulevard (the "Premises"); and

WHEREAS, Assignor desires to assign all its right, title and interest in the Lease to Assignee.

NOW, THEREFORE, in consideration of the mutual covenants and conditions contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. <u>Assignment and Assumption</u>. Assignor assigns and transfers to Assignee all its right, title and interest in the Lease, and Assignee accepts the assignment and assumes and agrees to perform, from the date the assignment becomes effective, as a direct obligation to Landlord, all the provisions of the Lease; provided, however, that Assignor and Assignee acknowledge and agree that Assignee shall not be entitled to exercise the final renewal option under Section 2.4 of the Lease. The assignment shall take effect on June 1, 2005 (the "Effective Date") and Assignor shall give possession of the Premises to Assignee on that date.

2. <u>Assignee to Hold Assignor Harmless</u>. Assignor warrants that as of the Effective Date, there will be no uncured default under the underlying Lease. If Assignee defaults under the Lease, Assignee shall indemnify and hold Assignor harmless from all damages resulting from the default. If Assignee defaults in its obligations under the Lease and Assignor pays rent to Landlord or fulfills any of Assignee's other obligations in order to prevent Assignee from being in default, Assignee immediately shall reimburse Assignor for the amount of rent or costs incurred by Assignor of lease, together with interest on those sums at the rate of nine percent (9%) per annum, or the highest legal rate. Assignee shall indemnify and hold Assignor harmless from all liability, damages, claims, loss, and expense related to the Premises or their possession or operation that arise after the date hereof.

1



3. **Default of Lease.** If Assignee defaults under the Lease, Assignor shall have all rights against Assignee that are available by law and those contained in the Lease, including, without limitation, Assignor's right to reenter and retake possession of the Premises from Assignee.

4. **Security Deposit.** The parties acknowledge that Landlord does not hold a security deposit under the Lease.

5. **Attorney's Fees.** If any party commences an action against any of the parties arising out of or in connection with the Assignment of Lease, the prevailing party or parties shall be entitled to recover from the losing party or parties reasonable attorney's fees and cost of suit.

6. **Notice.** Any notice, demand, request, consent, approval or communication that either party desires or is required to give to the other party or any other person shall be in writing and either served personally or sent by prepaid, first class mail. Any notice, demand, request, consent, approval, or communication that either party desires or is required to give to the other party shall be addressed to the other party at the address set forth in the introductory paragraph of this assignment. Either party may change its address by notifying the other party of the change of address. Notice shall be deemed communicated within forty-eight (48) hours from the time of the mailing if mailed as provided in this paragraph.

ASSIGNOR:                                    ASSIGNEE:

APPLERA CORPORATION, a Delaware              DELPHI CORPORATION, a Delaware
corporation                                  corporation

By: *Catherine M Burzik*                     By: *[signature]*
Name: Catherine M. Burzik                    Name: *[illegible]*
Title: President Applied Biosystems Group    Title: Managing Director, Delphi Medical
Date: June 6, 2005                           Date: 6/6/2005

Approved for Signature
by: *[signature]* (CM)
on: 6/6/05
Applied Biosystems Group
Legal Department

2

*Assignment of Lease.*