UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
    In re                               :       Chapter 11
:
DELPHI CORPORATION, et al.,     :       Case No. 05-44481 (RDD)
:
                       Debtors.   :       (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF KEVIN R. ERDMAN IN SUPPORT OF
APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R.
BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND RETENTION OF
<u>BAKER & DANIELS LLP AS PATENT COUNSEL TO DEBTORS</u>

    STATE OF INDIANA

    COUNTY OF MARION

    KEVIN R. ERDMAN, being duly sworn, deposes and states as follows:

    1.   I am a patent attorney. I am a partner in the Firm of Baker & Daniels LLP ("Baker & Daniels"), proposed patent counsel for Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors").

    2.   I submit this affidavit (the "Affidavit")[1] in support of the Application For Order Under 11 U.S.C. §§ 327(e) And 1107(b) And Fed. R. Bankr. P. 2014 Authorizing Employment And Retention Of Baker & Daniels LLP As Patent Counsel To Debtors (the "Application") <u>nunc</u> <u>pro</u> <u>tunc</u> to October 8, 2005, filed concurrently herewith.

    3.   The address and telephone number of Baker & Daniels are as follows:

---

[1]   Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Application.

1

      300 North Meridian Street, Suite 2700
      Indianapolis, IN 46204
      317.237.0300

    4. Baker & Daniels is well qualified to assist the Debtors in the manner described in the Application. Baker & Daniels has about thirty registered patent attorneys. Most importantly for present purposes, several members of Baker & Daniels have extensive experience in the Debtors' technologies and patent matters. Accordingly, the Debtors believe that Baker & Daniels is well qualified to serve as patent counsel in these chapter 11 cases in an efficient and effective manner.

    5. Baker & Daniels has advised the Debtors regarding patent matters. Based on the services that Baker & Daniels has rendered to the Debtors, Baker & Daniels is thoroughly familiar with the Debtors' corporate structure, the nature of their financial status, and certain legal matters relating to the Debtors.

    6. Generally, in connection with the Debtors' cases, Baker & Daniels intends to provide to the Debtors the following types of professional services:

    (a) Preparation and filing of patent applications focusing on, among others, the following areas of technical expertise: satellite radio transmission and reception technologies, automotive telecommunications systems, automotive safety systems, automotive circuit components, circuit board design and processing, and automotive entertainment systems;

    (b) Preparation and filing of responses to actions received from the U.S. and foreign patent offices related to, among others, the above-listed areas of technical expertise;

    (c) Preparation and filing of appeals with the United States Patent Office related to, among others, the above-listed areas of technical expertise;

(d)   Conduct searches related to, among others, the above-listed areas of technical expertise;

(e)   Providing patent opinions related to, among others, the above-listed areas of technical expertise;

(f)   Miscellaneous intellectual property advice and counsel related to copyrights, trademarks and know-how and contractual matters involving intellectual property.

7.   In light of certain existing client representations on unrelated matters, the engagement of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden") as the Debtors' bankruptcy counsel, the engagement of Shearman & Sterling LLP ("Shearman") as the Debtors' special counsel, the engagement of Togut, Segal & Segal LLP ("Togut") as the Debtors' conflicts counsel, and the engagement of other counsel for the Debtors Baker & Daniels will not be responsible for or undertake any representation with respect to (a) advising the Debtors concerning specific contracts and claims of certain of Baker & Daniels existing clients and (b) reviewing, interpreting, or commenting on the specific contracts and claims of certain of Baker & Daniels' existing clients.  These existing client relationships, and the scope of the carve-out from Baker & Daniels' retention, are discussed more fully below.

8.   It is Baker & Daniels' understanding that the Debtors may request that Baker & Daniels undertake specific matters beyond the limited scope of the responsibilities set forth above.  Should Baker & Daniels agree in its discretion to undertake any such matter, it is Baker & Daniels' understanding that the Debtors will seek further order of this Court.

9.   Baker & Daniels is making efforts, together with the Debtors' other counsel, to ensure that there is no duplication of effort or work between such firms and Baker & Daniels.  It is Baker & Daniels' intention that the estates should receive the best value possible from the

3

efficient coordination of work among its counsel.  Baker & Daniels believes that its lawyers and the rest of the lawyers retained in these chapter 11 cases have to date delineated clearly, and will continue to delineate clearly, the division of work between them, so as to avoid any duplication of effort and to maximize the efficiencies of the proposed arrangement.

        10.    Baker & Daniels has agreed to accept as compensation for the services rendered in connection with its representation of the Debtors its standard rates and charges for patent prosecution matters.

        11.    Baker & Daniels acknowledges that all amounts paid to Baker & Daniels during these chapter 11 cases are subject to final allowance by this Court.  In the event that any fees or expenses paid to Baker & Daniels during these cases are disallowed by this Court, the fees and expenses will be disgorged by Baker & Daniels and returned to the Debtors or as otherwise ordered by this Court.

        12.    Baker & Daniels categorizes its billings by subject matter, in compliance with the applicable guidelines of the Office of the United States Trustee (the "U.S. Trustee Guidelines").  Baker & Daniels acknowledges its compensation in the Debtors' cases is subject to approval of this Court in accordance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, and the U.S. Trustee Guidelines.

        13.    Baker & Daniels has conducted a check for conflicts of interest and other conflicts and connections with respect to the Debtors' bankruptcy cases.  Baker & Daniels maintains a database containing the names of current, former, and potential clients and other principal parties related to such clients.  I caused Baker & Daniels to review and analyze the conflict database to determine whether Baker & Daniels has any connection with the principal parties-in-interest in these chapter 11 cases, using information provided to Baker & Daniels by

4

the Debtors and Skadden, and information contained in the database, including (a) the names of the Debtors' prepetition lenders, (b) the names of significant creditors of the Debtors, and (c) the names of firms that the Debtors intend to or may employ during their chapter 11 cases.

14. Based upon this research, I have determined that Baker & Daniels has in the past represented, currently represents, and will likely in the future represent certain of the Debtors' creditors and other parties-in-interest in matters unrelated to the Debtors or these chapter 11 cases. I do not believe that the foregoing raises any actual or potential conflicts of interest of Baker & Daniels relating to the representation of the Debtors in these chapter 11 cases, but such relationships are disclosed out of an abundance of caution.

15. It is my intention that if Baker & Daniels becomes aware of any other connections of which it presently is unaware, Baker & Daniels will bring them to the attention of this Court and the U.S. Trustee.

Dated:   Indianapolis, IN
          February 6, 2006

                                  By:  /s/ Kevin R. Erdman
                                       Kevin R. Erdman

Sworn to before me
this 6th day of February, 2006

/s Denise A. Fort
Notary Public

5