# EXHIBIT A

## Objection Summary Chart

### Objections To Motion For Order Under §§ 105 And 363 Authorizing The Debtors To Implement A Key Employee Compensation Program

| Tab | Objecting Party | Docket No. | Date of ECF Filing | Summary of Objection |
|---|---|---|---|---|
| 1 | Wilmington Trust Company | 1133 | 11/22/05 | <ul><li>KECP does not represent sound exercise of business judgment. The purported 5% attrition rate of executives does not warrant a costly executive retention program. No evidence that the recent departure of executive caused any harm to the Debtors.</li><li>KECP would be prohibited under amended Bankruptcy Code. KECP is a retention program.</li><li>EBITDAR is an inappropriate measure of executive performance. For example, if CBAs are modified/rejected under 1113, EBITDAR will increase, but earnings are not attributed to performance of covered employees.</li><li>Use of EBITDAR eliminates incentive to control restructuring costs. Debtors also have control over their interest-related expenses.</li><li>EBITDAR targets have not yet been set by the Compensation Committee.</li><li>Emergence plan contains no performance-based criteria. Plan ignores sale price or return to shareholders.</li><li>It is premature to award 10% of equity to covered employees. Equity component provides disincentive for Debtors to sell assets.</li><li>Approval of KECP may harm labor negotiations.</li></ul> |
| 2 | United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO | 1134 | 11/22/05 | <ul><li>KECP fails to satisfy business judgment standard.</li><li><u>Annual Incentive Plan</u> -- management did not keep pace with industry because management failed to meet incentive targets. Chapter 11 cases should not be the opportunity for management to catch up to industry peers. EBITDAR targets have not yet been set by the Compensation Committee.</li></ul> |

1

| Tab | Objecting Party | Docket No. | Date of ECF Filing | Summary of Objection |
|---|---|---|---|---|
| | | | | - <u>Emergence Bonus Plan</u> -- KECP would be prohibited under amended Bankruptcy Code. KECP is a retention program.<br>- It is premature to award 10% of equity to covered employees. Equity component provides disincentive for Debtors to sell assets.<br>- <u>Severance Program</u> -- Severance plan would be prohibited under amended Bankruptcy Code. Executives being compensated are the ones responsible for the Company's failure.<br>- Approval of KECP may harm labor negotiations. |
| 3 | International Union, United Automobile, Aerospace and Agricultural Implement Workers of America | 1135 | 11/22/05 | - Approval of KECP may harm labor negotiations.<br>- Use of EBITDAR eliminates incentive to control restructuring costs.<br>- Court should take an independent review of KECP and apply a "fair and reasonable" standard and subject the KECP to "rigorous scrutiny."<br>- KECP would be prohibited under amended Bankruptcy Code. KECP is a retention program.<br>- KECP can only be reasonably evaluated at the end of a case.<br>- EBITDAR targets have not yet been set by the Compensation Committee.<br>- Use of EBITDAR eliminates incentive to control restructuring costs.<br>- Recent departure of executives could be for numerous reasons and may not be an indication of future departures.<br>- KECP is detrimental to employee morale. Approval of KECP may harm labor negotiations. |
| 4 | Pension Benefit Guaranty Corporation | 1141 | 11/22/05 | - Debtors have not presented sufficient evidence establishing that KECP is a sound business decision that will aid in the Debtors' financial recovery.<br>- Unreasonable to propose generous compensation to executives while they face a $400 million minimum funding contributions due to the pension plans in January 2006.<br>- The purported 5% attrition rate of executives does not warrant a costly executive retention program. |

2

| Tab | Objecting Party | Docket No. | Date of ECF Filing | Summary of Objection |
|---|---|---|---|---|
| | | | | • KECP will hinder Debtors' ability to reorganize. It is premature to award 10% of equity to covered employees.<br>• Approval of KECP is inequitable and may harm labor negotiations. |
| 5 | International Brotherhood of Electrical Workers Local Union No. 663 and the International Association of Machinists, AFL-CIO Tool and Die Makers Local Lodge 78, District 10 | 1156 | **11/23/05** | • KECP will hinder Debtors' ability to reorganize. Approval of KECP is inequitable and may harm labor negotiations.<br>• Court should either deny motion or defer until end of chapter 11 cases. Provides no incentive for executives to seek emergence from chapter 11.<br>• Debtors have not shown that the KECP is necessary or appropriate for their reorganization.<br>• KECP would be prohibited under amended Bankruptcy Code. KECP is a retention program. |
| 6 | JPMorgan Chase Bank, N.A., as administrative agent, for itself and a syndicate of approximately 250 senior secured lenders (Limited Objection of Prepetition Lenders) | 1157 | **11/23/05** | • "The Prepetition Agent does not dispute the Debtors' need to motivate key employees for the duration of these Chapter 11 cases (and beyond) and agrees that appropriate incentive plans are essential tools in that effort." Prepetition Agent's objection is limited to parts of KECP that fail to create effective incentives to maximize value.<br>• Compensation should not be increased without consideration of the value created by members of management for the benefit of creditors. Emergence Bonus Plan rewards attendance, not performance.<br>• Cash component of Emergence Bonus Plan should be tied to value generated by Debtors' management.<br>• It is premature to award 10% of equity to covered employees. Value cannot be determined at this time. Should be deferred until formation of Plan.<br>• EBITDAR targets have not yet been set by the Compensation Committee. Prepetition Agent wants opportunity to review the Debtors' business plan and performance targets. |

3

| Tab | Objecting Party | Docket No. | Date of ECF Filing | Summary of Objection |
|---|---|---|---|---|
| 7 | International Union of Operating Engineers Local Union Nos. 18, 101, and 832 | 1159 | 11/23/05 | • KECP is inappropriate at this time, prior to giving various stakeholder an opportunity to investigate the causes of the Debtors' financial losses to date. It would be inappropriate to provide incentives to the very management that caused the losses.<br>• Approval of KECP is inequitable and may harm labor negotiations.<br>• Debtors are not entitled to business judgment rule's presumption. Debtors cannot demonstrate due care, informed judgment, good faith or disinterestedness.<br>• It is premature to award 10% of equity to covered employees. Value cannot be determined at this time. |
| 8 | The Teachers Retirement System of Oklahoma, the Public Employees' Retirement System of Mississippi, Raiffeisen Kapitalanage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP (Lead Plaintiffs in *In re Delphi Corp. Securities Litigation*) | 1161 | 11/23/05 | • KECP should be denied because Debtors seek to reward executives who "knowingly participated in Delphi's massive accounting fraud, or who inexcusably tolerated or ignored that fraud as it impelled the Company's slide toward bankruptcy."<br>• "If not denied outright, the KECP Motion should not be entertained before the Debtors produce evidence showing just what the intended beneficiaries of the plan did, and did not do, as Delphi engaged in its pervasive accounting chicanery."<br>• KECP does not constitute the exercise of sound business judgment. Delphi should not reward the executives whose conduct precipitated the Debtors' collapse and necessitated these cases. Objection identifies specific executives and provides allegations of wrongdoing.<br>• KECP lacks adequate factual support. Recent executive departures cited as a basis for the KECP were in fact the result of Delphi's accounting fraud, not these chapter 11 cases.<br>• KECP lacks vital detail, including executives covered and methodology used to select participants.<br>• EBITDAR targets have not yet been set by the Compensation Committee.<br>• Absence of a minimum sale price is contrary to sound business judgment. |

| Tab | Objecting Party | Docket No. | Date of ECF Filing | Summary of Objection |
|---|---|---|---|---|
| 9 | International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers- Communications Workers of America | 1164 | **11/23/05** | <ul><li>KECP will hinder Debtors' ability to reorganize. Approval of KECP is inequitable and will harm labor negotiations.</li><li>Motion should be deferred to the end of these chapter 11 cases.</li><li>KECP would be prohibited under amended Bankruptcy Code. KECP is a retention program.</li><li>Debtors are not entitled to business judgment rule's presumption. Debtors cannot demonstrate due care, informed judgment, good faith or disinterestedness.</li><li>The purported 5% attrition rate of executives does not warrant a costly executive retention program. Recent departure of executives could be for numerous reasons and may not be an indication of future departures.</li><li>CEO's "opt-out" from KECP demonstrates that KECP is not necessary to retain or incentivize executives. Reward should be determined later based on merit of executives' performance. KECP is not performance-based.</li><li>Management did not keep pace with industry because management failed to meet incentive targets. Chapter 11 cases should not be the opportunity for management to catch up to industry peers.</li><li>Approval of KECP at this time is inequitable and may harm labor negotiations.</li></ul> |

5

| Tab | Objecting Party | Docket No. | Date of ECF Filing | Summary of Objection |
|---|---|---|---|---|
| 10 | United States Trustee | 1288 | 11/28/05 | • Debtors have not provided sufficient evidence that KECP is an exercise of their sound business judgment. Debtors do not supply evidence that: (i) supports conclusion that executive pay is below market; and (ii) explains why executives left in 12 months before bankruptcy.<br>• Debtors fail to show the relevance "of a retention plan for executives who led a company that was unprofitable for most of the years of its independent existence."<br>• KECP is unfair, unreasonable and premature. It is "patently unfair and unreasonable for the Debtors to seek to grant executives large bonuses and equity shares at the expense of the other employees."<br>• Debtors should operate in chapter 11 for several months, implement cost-cutting measures, and assess their financial future before determining whether KECP is appropriate. |
| 11 | Official Committee of Unsecured Creditors | 2099 | 02/06/06 | • Revised AIP should not be approved before labor negotiations have been successfully concluded.<br>• Debtors' decision to seek approval of executive bonuses within one week of the expected motions under sections 1113 and 1114 of the Code is not a reasonable or justifiable exercise of business judgment.<br>• To the extent a performance incentive plan is approved by the Court over the Committee's objection as to timing, the Committee does not object to the form and substance of the Revised AIP. |