TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession,
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)
Anthony M. Vassallo (AV-3169)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                        :
In re                                                   :    Chapter 11
                                                        :
    DELPHI CORPORATION, et al.,                         :    Case No. 05-44481 [RDD]
                                                        :
                                    Debtors.            :    (Jointly Administered)
                                                        :
---------------------------------------------------------------X

**STIPULATION AND ORDER TO PERMIT DELPHI
MEDICAL SYSTEMS COLORADO CORPORATION
AND THERMO NITON ANALYZERS, LLC TO
SETOFF MUTUAL PREPETITION OBLIGATIONS
UNDER SECTION 553 OF THE BANKRUPTCY CODE**

**WHEREAS,** on October 8, 2005 (the "Initial Filing Date"), Delphi

Corporation ("Delphi") and certain of its U.S. subsidiaries (the "Initial Filers") filed

voluntary petitions for reorganization relief under chapter 11 of title 11 of the United

States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), in the United

States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

**WHEREAS**, on October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, collectively, the "Debtors") filed voluntary petitions in the Bankruptcy Court for reorganization relief under the Bankruptcy Code; and

**WHEREAS,** the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code; and

**WHEREAS,** the Bankruptcy Court entered orders directing the joint administration of the Debtors' chapter 11 cases (Docket Nos. 28 and 404); and

**WHEREAS**, on October 17, 2005, the Office of the United States Trustee appointed an official committee of unsecured creditors; and

**WHEREAS**, no trustee or examiner has been appointed in the Debtors' cases; and

**WHEREAS**, the Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2); and

**WHEREAS,** on October 28, 2005, the Bankruptcy Court entered a final order authorizing the Debtors to, among other things, obtain postpetition financing, utilize cash collateral, and grant adequate protection to prepetition secured parties (the "Final DIP Order"); and

**WHEREAS**, paragraph 18 of the Final DIP Order establishes, among other things, procedures for creditors to assert setoff and/or recoupment rights;  and

**WHEREAS,** on January 9, 2006, Thermo NITON Analyzers, LLC  (the "Claimant") filed a motion (the "Demand") [Docket No. 1734] for relief from the automatic stay for authority to exercise a setoff of prepetition claims and debts between Delphi Medical Systems Colorado Corporation ("Delphi Colorado") and Claimant;  and

**WHEREAS**, in the Demand, Claimant alleges that it is holding the sum of $173,555.26, pending approval of this "Stipulation and Order";  and

**WHEREAS**, in the Demand, Claimant alleges that it owed Delphi Colorado the amount of $517,177.13 for prepetition services and/or goods provided by Delphi Colorado (the "Payable");  and

**WHEREAS**, in the Demand, Claimant alleges that Delphi Colorado owes Claimant the amount of $173,555.26 for prepetition services and/or goods (the "Receivable") and comprised of overpayments, credits, and accounts payable;  and

**WHEREAS**, in the Demand, Claimant alleges that it has paid Delphi Colorado the sum of $343,621.87 representing the difference between the Payable and Receivable;  and

**WHEREAS**, after arm's length negotiations, Delphi Colorado and Claimant (together, the "Parties") have reconciled the amount of the Receivable, as set forth in the attached Exhibit "1", and the amount of the Payable, as set forth in the attached Exhibit "2";  and

**WHEREAS**, the Parties have agreed to settle and resolve the Demand upon the terms set forth herein.

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereto hereby agree and stipulate as follows:

1. This Stipulation and Order shall become effective on the Effective Date, as defined below. This Stipulation and Order constitutes an agreement between the parties hereto immediately upon the date of its execution ("Execution Date"). Consequently, during the period between the Execution Date and the Effective Date, the Parties agree that this Stipulation and Order shall constitute a binding agreement and that they shall do nothing contrary to its terms.

2. The "Effective Date" of this Stipulation and Order shall be the date on which the Bankruptcy Court approves this Stipulation and Order and such Order becomes final and not subject to further appeal;  <u>provided</u>, <u>however</u>, that if the Bankruptcy Court shall enter an Order declining to approve this Stipulation and Order, then this Stipulation and Order shall become null and void at that time.

3. Exhibits "1" and "2" set forth a full and complete schedule of the invoices (the "Invoices") and the reconciled amounts of the Receivable and Payable, respectively, that are the subject of the Demand.

4. Upon the Bankruptcy Court's approval of this Stipulation and Order, Claimant shall be authorized to set off the amount of the Receivable, as reconciled in Exhibit "2," against the amount of the Payable, as reconciled in Exhibit

"2," pursuant to section 553 of the Bankruptcy Code (the "Setoff") and paragraph 18 of the Final DIP Order.

5.  The Parties agree that after the exercise of the Setoff and pending further reconciliation, Claimant may owe Delphi Colorado, based on the Invoices, an amount aggregating $41,732.95, and this Stipulation and Order does not affect in any way the Parties' rights respecting such amount.

6.  Claimant shall not file a proof of claim against any of the Debtors relating to the Setoff.

7.  Except for the Setoff and the settlement memorialized by this Stipulation and Order, the Debtors and Claimant retain all of their other rights, claims, and defenses.  For greater certainty, the Parties reserve their rights regarding any outstanding issues or claims that may relate to, or arise from, the Invoices.

8.  This Stipulation and Order may not be modified, amended, or terminated, nor any of its provisions waived, except by an agreement in writing signed by all of the Parties.

9.  The agreements, terms, provisions, and conditions contained in this Stipulation and Order shall be binding upon, and inure to the benefit of, the Parties and their respective legal representatives, predecessors, successors, and assigns, including any trustee appointed in these chapter 11 cases.

10.  It is expressly understood and agreed that the terms hereof, including the recital paragraphs, are contractual;  that the agreement herein contained and the consideration transferred hereunder is to compromise the Demand and to avoid

litigation; and that no statement made herein, payment, release, or other consideration given shall be construed as an admission by the Parties of any kind or nature whatsoever.

11.     This Stipulation and Order constitutes the entire agreement between the Parties with respect to the Setoff and supersedes all other prior agreements and understandings, both written and oral, between the Parties with respect to the Setoff.

12.     The signatories below represent that they are authorized to enter into this Stipulation and Order.

13.     This Stipulation and Order may be executed in counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

      14.    The Bankruptcy Court shall retain original and exclusive jurisdiction over the Parties to interpret and enforce the terms of this Stipulation and Order and to resolve any disputes in connection herewith.

Dated: New York, New York
         February 8, 2006

DELPHI CORPORATION, et al.,
Debtors and Debtors-in-Possession,
By their Bankruptcy Conflicts Counsel,
TOGUT, SEGAL & SEGAL LLP,
By:

/s/Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

Dated: Garden City, New York
         February ___, 2006

THERMO NITON ANALYZERS, LLC,
By its Attorneys,
MORITT HOCK HAMROFF &
HOROWITZ LLP,
By:

/s/Leslie A. Berkoff
Leslie A. Berkoff (LB-4584)
400 Garden City Plaza
Garden City, NY 11530
(516) 873-2000

**SO ORDERED**
This 14th day of February, 2006
in New York, New York

/s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE