SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | x | |
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05- 44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | x | |

<u>AFFIDAVIT OF SERVICE</u>

PLEASE NOTE that on February 1, 2006, I caused true copies of the (i) Notice Of Intention To Enter Into Or Renew Real Property Lease (Dearborn, MI Lease), attached hereto as Exhibit A, and the (ii) Notice Of Intention To Enter Into Or Renew Real Property Lease (Laredo, TX Lease), attached hereto as Exhibit B, to be served via overnight delivery on:

The Office Of The United States Trustee
33 Whitehall Street, 21st floor
New York, NY 10004
Att'n: Alicia Leonhard

Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY 10022
Att'n: Robert J. Rosenberg

Simpson, Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017-3954
Att'n: Kenneth S. Ziman

Davis Polk & Wardell
450 Lexington Avenue
New York, NY 10017
Att'n: Marlane Melican

Executed in: New York, New York
      On: February 16, 2006

                             /s/ Adriana G. Salazar
                             Adriana G. Salazar

/s/ James G. Stanco
Notary Public

2

**EXHIBIT A**

Objection Deadline: February 14, 2006

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF INTENTION TO ENTER INTO OR RENEW REAL PROPERTY LEASE
**(Dearborn, Michigan Lease)**

1.    ORDER APPROVING ENTERING INTO NEW LEASES

PLEASE TAKE NOTICE that on January 6, 2006, the United States Bankruptcy Court for the Southern District of New York entered an Order Under 11 U.S.C. §§ 363, 1107, and 1108 Approving Procedures to Enter Into or Renew Real Property Leases Without Further Court Approval (the "Order," a copy of which is attached hereto as Exhibit 1).  The Order authorized the above-captioned debtors and debtors-in-possession (the "Debtors") to enter into the following real property lease (the "Lease") upon notice to the Notice Parties (as defined in the Order) without further Court approval:

**Location of Lease:**

**5800 Mercury Drive, Dearborn, Michigan**

2.    LEASE EFFECTIVE DATE

PLEASE TAKE FURTHER NOTICE that the Debtors intend to enter into the Lease on or after February 15, 2006 unless an objection is served in the manner described in the Order.

3.   <u>LESSOR</u>

     <u>Lessor:Ford Motor Land Development Corporation</u>

PLEASE TAKE FURTHER NOTICE that the Lessor under the Lease is not an "insider" as defined in 11 U.S.C. §101(31).

4.   <u>DESCRIPTION OF LEASE TERMS</u>

     PLEASE TAKE FURTHER NOTICE that a description of the terms of the Lease is attached hereto as Exhibit 2.

Dated: New York, New York
     February 1, 2006

                              SKADDEN, ARPS, SLATE, MEAGHER
                                 & FLOM LLP

                    By:   /s/ John Wm. Butler, Jr
                         John Wm. Butler, Jr. (JB 4711)
                         John K. Lyons (JL 4951)
                         Ron E. Meisler (RM 3026)
                    333 West Wacker Drive, Suite 2100
                    Chicago, Illinois  60606
                    (312) 407-0700

                            - and -

                    By:   /s/ Kayalyn Marafioti
                         Kayalyn A. Marafioti (KM 9632)
                         Thomas J. Matz (TM 5986)
                    Four Times Square
                    New York, New York 10036
                    (212) 735-3000

                    Attorneys for Delphi Corporation, <u>et al.</u>,
                      Debtors and Debtors-in-Possession

.

<u>Exhibit 1 - Order</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - -x
                            :

      In re                       :     Chapter 11

                            :

DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)

                            :

                 Debtors.    :     (Jointly Administered)

                            :

- - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. §§ 363, 1107, AND 1108 APPROVING
PROCEDURES TO ENTER INTO OR RENEW REAL PROPERTY
LEASES WITHOUT FURTHER COURT APPROVAL

("LEASE PROCEDURES ORDER")

      Upon the motion, dated December 16, 2005 (the "Motion"), of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§

365, 1107, and 1108 approving procedures to enter into new or renew existing non-residential leases

or subleases of real property (the "Leases") without further Court approval; and upon the record of

the hearing held on the Motion; and this Court having determined that the relief requested in the

Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-

interest; and it appearing that proper and adequate notice of the Motion has been given and that no

other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor it is hereby

      ORDERED, ADJUDGED, AND DECREED THAT:

      1.   The Motion is GRANTED as provided herein.

2.    The Debtors are hereby authorized but not directed to enter into or renew the

Leases without further Court approval, subject to the procedures set forth below.

3.    For a Lease with average Lease obligations of $200,000 or less per annum or

Lease obligations of $1 million or less in the aggregate (a "De Minimis Lease"), the Debtors

shall be authorized but not directed to enter into or renew a De Minimis Lease without further

Bankruptcy Court approval.  The Debtors, however, shall use reasonable efforts to provide notice

of the terms of any De Minimis Lease it intends to enter into to counsel for the Official

Committee of Unsecured Creditors prior to entering into such De Minimis Lease.  In the event

Debtors are unable to provide such notice to counsel for the Official Committee of Unsecured

Creditors prior to entering into a De Minimis Lease, Debtors shall provide such notice after the

Debtors enter into the De Minimis Lease.  Notwithstanding the foregoing, if a lessor under a De

Minimis Lease is an "insider" as defined in section 101(31) of the Bankruptcy Code, the Debtors

shall comply with the procedures set forth in paragraph 4 herein.

4.    For a Lease with average lease obligations of $200,001 or more per annum or

Lease obligations in excess of $1 million up to and including $5 million in the aggregate, the

Debtors shall give notice of their intention to enter into or renew such Lease (the "Lease Notice")

to (a) the Office of the United States Trustee for the Southern District of New York, (b) counsel

for the Official Committee of Unsecured Creditors, (c) counsel for the agent under the Debtors'

prepetition credit facility, and (d) counsel for the agent under the Debtors' post-petition facility

(collectively, the "Notice Parties").  The Debtors shall serve the Lease Notice by facsimile,

overnight delivery, or hand delivery.  The Lease Notice shall include the following information:

(a) the proposed Lease to be entered into or renewed, (b) the identity of the lessor (including a

statement as to whether the proposed lessor is an "insider" as defined in section 101(31) of the

2

Bankruptcy Code), and (c) a description of the terms of the proposed Lease. The Notice Parties

shall have ten business days following initial receipt of the Lease Notice to object to or request

additional time to evaluate the proposed Lease. If counsel to the Debtors receives no written

objection or written request for additional time prior to the expiration of such ten business day

period, the Debtors shall be authorized to enter into or renew the Lease. If a Notice Party objects

to the proposed Lease within ten business days after the Lease Notice is received, the Debtors

and such objecting Notice Party shall meet and confer in an attempt to negotiate a consensual

resolution. Should either party determine that an impasse exists, then the Debtors shall move the

Bankruptcy Court for authority to enter into or renew the Lease, as the case may be, upon notice

to the objecting party and other parties-in-interest in accordance with the Court's Case

Management Order entered on October 14, 2005 ("Case Management Order").

     5.   For a Lease with Lease obligations in excess of $5 million in the aggregate,

the Debtors will be authorized to enter into the Lease only after obtaining Bankruptcy Court

approval of the proposed Lease after notice and a hearing.

     6.   This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

     7.   The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the

United States Bankruptcy Court for the Southern District of New York for the service and filing

of a separate memorandum of law is deemed satisfied by the Motion.

Dated:     New York, New York
           January 6, 2006

                       /s/ Robert D. Drain
                       UNITED STATES BANKRUPTCY JUDGE

Exhibit 2 - Lease Terms

Lease Terms Omitted

**EXHIBIT B**

Objection Deadline: February 14, 2006

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF INTENTION TO ENTER INTO OR RENEW REAL PROPERTY LEASE
### (Laredo, Texas Lease)

1.    ORDER APPROVING ENTERING INTO NEW LEASES

PLEASE TAKE NOTICE that on January 6, 2006, the United States Bankruptcy
Court for the Southern District of New York entered an Order Under 11 U.S.C. §§ 363,
1107, and 1108 Approving Procedures to Enter Into or Renew Real Property Leases
Without Further Court Approval (the "Order," a copy of which is attached hereto as
Exhibit 1).  The Order authorized the above-captioned debtors and debtors-in-possession
(the "Debtors") to enter into the following real property lease (the "Lease") upon notice to
the Notice Parties (as defined in the Order) without further Court approval:

**Location of Lease:**

**13701 Mines Road, Laredo, Texas**

2.    LEASE EFFECTIVE DATE

PLEASE TAKE FURTHER NOTICE that the Debtors intend to enter into the
Lease on or after February 15, 2006 unless an objection is served in the manner described
in the Order.

3.    <u>LESSOR</u>

Lessor:Killan Development Ltd

PLEASE TAKE FURTHER NOTICE that the Lessor under the Lease is not an "insider" as defined in 11 U.S.C. §101(31).

4.    <u>DESCRIPTION OF LEASE TERMS</u>

PLEASE TAKE FURTHER NOTICE that a description of the terms of the Lease is attached hereto as Exhibit 2.

Dated: New York, New York
       February 1, 2006

                              SKADDEN, ARPS, SLATE, MEAGHER
                                 & FLOM LLP

                              By:   /s/ John Wm. Butler, Jr
                                    John Wm. Butler, Jr. (JB 4711)
                                    John K. Lyons (JL 4951)
                                    Ron E. Meisler (RM 3026)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois  60606
                              (312) 407-0700

                                    - and -

                              By:   /s/ Kayalyn Marafioti
                                    Kayalyn A. Marafioti (KM 9632)
                                    Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York 10036
                              (212) 735-3000

                              Attorneys for Delphi Corporation, et al.,
                                    Debtors and Debtors-in-Possession

Exhibit 1 - Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
       In re                                  :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                      Debtors.   :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. §§ 363, 1107, AND 1108 APPROVING
PROCEDURES TO ENTER INTO OR RENEW REAL PROPERTY
LEASES WITHOUT FURTHER COURT APPROVAL

("LEASE PROCEDURES ORDER")

      Upon the motion, dated December 16, 2005 (the "Motion"), of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§

365, 1107, and 1108 approving procedures to enter into new or renew existing non-residential leases

or subleases of real property (the "Leases") without further Court approval; and upon the record of

the hearing held on the Motion; and this Court having determined that the relief requested in the

Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-

interest; and it appearing that proper and adequate notice of the Motion has been given and that no

other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor it is hereby

      ORDERED, ADJUDGED, AND DECREED THAT:

      1.   The Motion is GRANTED as provided herein.

2.   The Debtors are hereby authorized but not directed to enter into or renew the

Leases without further Court approval, subject to the procedures set forth below.

3.   For a Lease with average Lease obligations of $200,000 or less per annum or

Lease obligations of $1 million or less in the aggregate (a "De Minimis Lease"), the Debtors

shall be authorized but not directed to enter into or renew a De Minimis Lease without further

Bankruptcy Court approval.  The Debtors, however, shall use reasonable efforts to provide notice

of the terms of any De Minimis Lease it intends to enter into to counsel for the Official

Committee of Unsecured Creditors prior to entering into such De Minimis Lease.  In the event

Debtors are unable to provide such notice to counsel for the Official Committee of Unsecured

Creditors prior to entering into a De Minimis Lease, Debtors shall provide such notice after the

Debtors enter into the De Minimis Lease.  Notwithstanding the foregoing, if a lessor under a De

Minimis Lease is an "insider" as defined in section 101(31) of the Bankruptcy Code, the Debtors

shall comply with the procedures set forth in paragraph 4 herein.

4.   For a Lease with average lease obligations of $200,001 or more per annum or

Lease obligations in excess of $1 million up to and including $5 million in the aggregate, the

Debtors shall give notice of their intention to enter into or renew such Lease (the "Lease Notice")

to (a) the Office of the United States Trustee for the Southern District of New York, (b) counsel

for the Official Committee of Unsecured Creditors, (c) counsel for the agent under the Debtors'

prepetition credit facility, and (d) counsel for the agent under the Debtors' post-petition facility

(collectively, the "Notice Parties").  The Debtors shall serve the Lease Notice by facsimile,

overnight delivery, or hand delivery.  The Lease Notice shall include the following information:

(a) the proposed Lease to be entered into or renewed, (b) the identity of the lessor (including a

statement as to whether the proposed lessor is an "insider" as defined in section 101(31) of the

2

Bankruptcy Code), and (c) a description of the terms of the proposed Lease. The Notice Parties

shall have ten business days following initial receipt of the Lease Notice to object to or request

additional time to evaluate the proposed Lease. If counsel to the Debtors receives no written

objection or written request for additional time prior to the expiration of such ten business day

period, the Debtors shall be authorized to enter into or renew the Lease. If a Notice Party objects

to the proposed Lease within ten business days after the Lease Notice is received, the Debtors

and such objecting Notice Party shall meet and confer in an attempt to negotiate a consensual

resolution. Should either party determine that an impasse exists, then the Debtors shall move the

Bankruptcy Court for authority to enter into or renew the Lease, as the case may be, upon notice

to the objecting party and other parties-in-interest in accordance with the Court's Case

Management Order entered on October 14, 2005 ("Case Management Order").

5.    For a Lease with Lease obligations in excess of $5 million in the aggregate,

the Debtors will be authorized to enter into the Lease only after obtaining Bankruptcy Court

approval of the proposed Lease after notice and a hearing.

6.    This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

7.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the

United States Bankruptcy Court for the Southern District of New York for the service and filing

of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          January 6, 2006


                                        /s/ Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE


3

Exhibit 2 - Lease Terms

Lease Terms Omitted