Honorable Judge Robert D. Drain
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

Eva Orlik
14102 Warbler Way North
Carmel, IN 46033

February 6, 2006

Re: Request to Lift Automatic Stay in Eva M. Orlik vs. Delphi Automotive Systems
LLC, State of Indiana, Howard County Superior Court II Cause No. 34D02-0006-CT-
00438 under Title 11 of the U.S. Code, Chapter 5, Subchapter II, Paragraph 523-(a)-6
-Exceptions to Discharge

Your Honor,

I am writing to you on my own behalf as I can no longer afford the legal representation. **I
am asking you to lift the automatic stay in my case against Delphi and allow my case
to continue in the State of Indiana Howard County Superior Court II as I believe
Delphi committed an act of willful and malicious injury against me which is not
dischargeable under Title 11 of the U.S. Code, Chapter 5, Subchapter II, Paragraph
523-(a)-6 – Exceptions to Discharge.**

I am a former internal auditor for Delphi Delco Electronics in Kokomo, IN. More than
six years ago, following my unlawful release in September 1999, I began a legal action
against Delphi. I was fired as a result of ethnic discrimination by my former manager,
Nancy Mills, and in retaliation for the whistle-blowing, the inherent part of good internal
auditor's job duties.

My ethnic origin is Polish. I was hired on 10/10/94 as a Financial Analyst in the Budgets
and Forecasting Department. In the initial phase of my employment I was subjected to the
repeated ethnic jokes and comments. They ranged from the joke about Polish whores and
comments about Eastern European sales of tainted juice to the U.S, to the statement that
"I came from the pits of the world" and dismay that my husband, also Polish and a Delphi
employee, probably made more money than the people in my department.

The employees making these comments reported the one-sided accounts of my objections
and rebuttals to the department head, Marion McDonald, who in consequence selected
me in August of 1996, when the company announced 20% job cuts, for the Career
Transition Program - a buyout in return for leaving the company, which I did not accept.
At the same time I received an excellent job review. I believe my selection for the CTP
set the stage for further discrimination.

As a result of the CTP I was demoted to perform job duties two pay levels below mine, in
the Accounts Payable department in process of being outsourced, and subjected to an

1

RECEIVED
FEB 8 2005
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

intolerable work load. Stress and lack of job security contributed to my marital problems. I suffered from depression, was on Prozac, and had to seek counseling for one year while in the A/P department. I was denied a merit increase.

In 11/97 I was assigned to the Internal Audit Department. In 5/98 Nancy Mills was named a new department manager. In 8/98 I began taking the classes to qualify and prepare for the CPA exam, encouraged by the company endorsement of the continuing education. These classes exceeded the requirements for my position. CPA and/or MBA was required for Nancy's job, but she had neither. No other employee in the department had any professional certification normally encouraged or required in Audit. The CPA review course required a considerable time commitment and was approved by Nancy Mills. At the same time I was given a disproportionate workload and became isolated from the rest of the group in a separate room.

I was given the tasks that other employees failed to complete at all or in the satisfactory manner, with no consequences, and was either denied the recognition or was held accountable for missing unrealistic deadlines. I discovered irregularities in account reconciliation and opposed the refusal by the Director of Finance, Jim Humphrey, to set up nearly $1M reserve for doubtful accounts for 1999 as Delphi-D, at the time the only profitable business unit of Delphi Automotive Corp., had been, in Nancy Mills' words, desperately looking for ways to improve the bottom line before the company went public in February 1999. I was criticized for revealing conflict of interest relationships that were later questioned by the corporate auditors (Exhibit A).

I spoke out against illegal practices at Delphi-D long before Enron, when corporate fraud was inconceivable by the general public. The subsequent investigations in 2005 by the SEC and the FBI of the fraudulent activities at Delphi, dating back to the spin-off from GM in 1999, which contributed to company's demise and current bankruptcy proceedings, certainly add credibility to my case.

Nancy Mills treated me unfairly while showing favoritism towards the other women in the department, all Kokomo natives. In 1/99 she refused to approve for me a reduced, 32 hour work-week for 4 months while I was taking the Becker CPA Review course while she granted a work-week reduction to Kelly Wenos, an employee returning from the maternity leave. Nancy also declined to approve an unpaid time-off for the time I spent preparing for the CPA exam.

My manager complained that I wasn't willing to take on additional tasks despite already uneven workload, criticized my time management, taunted me in front of other employees and in January 1999 placed me on the Performance Improvement Plan. Based on my record I was singled out for my outspokenness and used as a scapegoat when the department did not meet the annual goals.

While on the PIP, I was forced to perform mundane tasks and was subjected to scrutiny and humiliation. Nancy Mills concentrated on proving her point about my performance deficiencies. I was required to keep a log of my deadlines and account for my time at work. Nancy questioned the amount of time I spent on certain tasks even though the log showed I consistently worked overtime to keep up with unrealistic deadlines.

2

She also sent me to the English as a Second Language tutoring, even though my command of English is very good, while two employees reporting to her made grammar errors. The tutor conceded that nobody with my command of English has ever been sent by Delphi to the English grammar and pronunciation classes.

Nancy contacted the individuals noted in my work log and steered them into making negative remarks about my performance. She also failed to acknowledge the recognition by the manager of information systems who called her with unsolicited praise of my work. Nancy Mills routinely sent me hostile e-mails. She gave the secretary her written negative comments to deliver to me and asked her to make copies for Nancy's records. In 6/99 I was denied an annual raise for the second consecutive year.

In August 1999 I was removed from the role of a liaison between the corporate auditors and the management of Delphi-D. Nancy Mills chastised me for revealing too much information to the auditors about Delphi-D's financial and management practices and instructed me that the communication with the corporate auditors had to be controlled.

On August 24, 1999 I filed a Charge of Discrimination with the Equal Employment Opportunity Commission and asked Delphi though my lawyer, Michael Kendall, to refrain from the retaliatory action. In response I was terminated on September 1, 1999, within 30 days of vesting in my pension plan.

During the course of the legal proceedings Delphi declined the initial offer to pay out the value of my retirement account and reduced it to the amount that I contributed, reasoning that I did not get vested.

On September 3, 1999 I filed a charge of retaliation with the EEOC and on June 19, 2000 – a lawsuit against Delphi for violating my rights under Title VII of the Civil Rights Act of 1964 (Exhibit B).

While at Delphi, I meticulously documented the proofs of illegal business practices I witnessed and objected to, as well as aimed at me acts of discrimination. I did this so I could prove my point in the hearing. Among them:
- An evidence of uneven workload and disparate treatment,
- A proof of missed assignments by other employees,
- Copies of hostile e-mails and notes,
- Tape recordings of the Performance Improvement Plan meetings where the company's reaction to my whistle-blowing was discussed,
- Tape recordings of the private English tutoring classes,
- Outstanding reviews from Delphi and from my prior and subsequent employers,
- Documents related to mismanagement.

In the hind sight, I am so convinced of the drastic injustice committed against me that I would have preferred to have my case tried based on the merits and not become entangled in the Default Judgment proceedings for 5 years. Please refer to the Chronological Case Summary for reference (Exhibit C).

Delphi lawyer, Jane-Ann Himsel, used all conceivable legal meanders to stall my case against Delphi. Her tactic is quite understandable considering that her incompetence led to the default judgment against Delphi. In May 2001 Howard County Superior Court granted the default judgment against Delphi and in September 2004 upheld its decision to deny Delphi's motion to set aside default judgment (Exhibit D). In July 2005 Indiana Court of Appeals upheld the decision of the lower court (Exhibit E). Please refer to my attorney, Michael Kendall's, letter to Ms Himsel dated 8/19/05, explaining the intricacies of the default judgment proceedings and the tactics used to prolong the case (Exhibit F). By my lawyer's estimate Delphi spent hundreds of thousands of dollars to viciously litigate my complaint. In no circumstances they should be now rewarded for this by avoiding justice in my case.

I hope, Your Honor, that the description of my case proves that Delphi violated in a drastic, willful, malicious and persistent way my basic human rights to dignity under Title VII of the Civil Rights Act by discriminating against me on the basis of my ethnicity and by retaliation for baulking at the cover-up of conflict of interest relationships and illegal accounting practices, which later turned out to be a tip of the iceberg of Delphi's corporate mismanagement and violation of accounting principles that contributed to the Chapter 11 bankruptcy proceedings. If Delphi were to be discharged from the responsibility for its willful and malicious actions against me, it would be rewarded for committing the illegal acts that contributed to my lawsuit. Therefore, Your Honor, I am pleading with you to consider lifting the automatic stay in my case against Delphi and allow my case to continue in the State of Indiana Howard County Superior Court, where I have my legal representation covered on the retainer basis and where I could regain my belief in the justice in this country.

Sincerely,

*Eva Orlik*

Eva Orlik


Exhibits:
   A. Letter Dated August 27, 1999 from Michael Kendall to Delphi-Delco Vice President of Human Resources, Kevin Butler
   B. Complaint and Demand for Jury Trial
   C. Chronological Case Summary, Howard County Superior Court II
   D. Order Denying Defendant's Motion to Set Aside Default Judgment
   E. State of Indiana Court of Appeals Decision Dated July 26, 2005 Upholding Default Judgment
   F. Letter dated August 19, 2005 from Michael Kendall to Jane Ann Himsel

*EXHIBIT A*

# KENDALL LAW OFFICE

9333 NORTH MERIDIAN STREET, SUITE 201
INDIANAPOLIS, INDIANA 46260
Telephone 317.816.6060
Facsimile 317.816.6070

27 August 1999

**VIA FACSIMILE AND U.S. CERTIFIED MAIL**

Attention: Vice President of Human Resources, Mark Weber
Delphi Corporate Headquarters
5725 Delphi Drive
Troy, Michigan 48098
FAX: 248-813-2523

Attention: Vice President of Human Resources, Kevin Butler
Delphi Delco Electronics
1 Corporate Center
700 East Main Street
P.O. Box 9005
Kokomo, Indiana 46904-9005
FAX: 1-765-451-0210

SUBJECT: Your employee, and our client, Eva M. Orlik

Dear Mr. Weber and Mr. Butler:

As you know, Ms. Eva Orlik has retained our law firm to advise and represent her regarding the legal problems arising out of the adverse actions taken by Delphi Delco Electronics and its representatives against Ms. Orlik. As indicated in Ms. Orlik's 24 August 1999 Charge of Discrimination filed with the Equal Employment Opportunity Commission, and faxed to you on 24 August 1999 with our letter of representation, Ms. Orlik believes she is the victim of national origin discrimination and retaliation. (Please see her EEOC Charge of 24 August 1999.)

I am writing you to supplement my previous correspondence and alert the national company and its auditors about a determining reason for Ms. Orlik's mistreatment involving her persistent complaints about accounting improprieties and irregularities.

Ms. Orlik has repeatedly voiced her complaints and disagreement, including but not limited to inappropriate pursuit of employee conflict of interest situations, un-detection of certain losses and premature recognition of certain revenues. As a consequence, in Ms. Orlik's last PIP appraisal meeting on August 18th, Ms. Orlik was chastised by Nancy Mills for giving too much

*"Law must be stable, and yet it cannot stand still."*
*Roscoe Pound.*

Delphi Delco Electronics
26 August 1999
Page Two (2)

information and being too candid with the corporate auditors about Delphi Delco's financial information Mills and others did not want known by, or brought to the attention of, the corporate auditors. In particular, the local office wanted to conceal Mr. Humphrey's refusal to establish bad debt reserve in an effort to create the illusion of better performance than is the case. Such actions by Ms. Orlik made Mr. Humphrey, General Director of Finance "uncomfortable."

Ms. Orlik is currently under a forced performance improvement plan which has been repeatedly extended in its duration. Such an improvement plan is a direct outgrowth of the discrimination and retaliation by Nancy Mills. Ms. Orlik fears an impending termination -- just days before her five (5) year vesting point of her pension program. Ms. Orlik is scheduled to vest in her pension rights on or about 1 October 1999. Quite naturally, Ms. Orlik fears what a wrongful termination might foretell. It is our understanding that Ms. Orlik is scheduled for another performance improvement plan on or before 1 September 1999.

Therefore, I am requesting, on Ms. Orlik's behalf, to remove Nancy Mills from supervising, reviewing and/or reprimanding Ms. Orlik and her work.

I would also like to request a meeting occur between myself and individuals from the company whom you deem appropriate to discuss this matter and possible resolutions in detail. I prefer to set this meeting as soon as possible as it appears time is of the essence. Please contact me at your earliest possible convenience during regular business hours at 317/816-6060.

Thank you in advance for your attention to this matter.

Very truly yours,

KENDALL LAW OFFICE

By: Michael C. Kendall
Attorney at Law

MCK:lac
cc: E. Orlik

*EXHIBIT B*

| | | |
|---|---|---|
| STATE OF INDIANA | ) | HOWARD COUNTY CIRCUIT COURT |
| | )SS: | |
| COUNTY OF HOWARD | ) | CAUSE NO. _____ |

| | |
|---|---|
| EVA M. ORLIK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DELPHI AUTOMOTIVE SYSTEMS | ) |
| CORPORATION, a/k/a DELPHI | ) |
| AUTOMOTIVE SYSTEMS LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, Eva M. Orlik, for her complaint against the Defendant, Delphi Automotive

Systems Corporation, a/k/a Delphi Automotive Systems LLC, alleges the following:

### Nature of the Case

1.      This is action at law and equity for damages and injunctive relief by the Plaintiff

against the Defendant for injury to her person due to the wrongful acts and omissions by the

Defendant.

2.      The Plaintiff brings this action pursuant to federal statute, specifically, Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, as amended by the Civil Rights Act of

1991, Public Law No. 102-166, 105 Stat. 1071, *et seq.* and the state law cause of action of

retaliation in violation of public policy.

### Jurisdiction

3.      This Court has jurisdiction over this matter because all events giving rise to this

action occurred at the Defendant's plant located in Kokomo, Indiana in the County of Howard.

The Plaintiff filed timely charges of discrimination and retaliation and was issued her Right To Sue

letters on 21 March 2000.

## Parties

4.     The Plaintiff, Eva M. Orlik (hereinafter "Ms. Orlik"), resides at 14102 Warbler

Way North, Carmel, Indiana 46033.

5.     The Defendant, Delphi Automotive Systems Corporation, a/k/a Delphi

Automotive Systems LLC (hereinafter "Delphi"), is incorporated within the State of Delaware.

The principal address for the Defendant organization is 5725 Delphi Drive, Troy, Michigan

48098-2815. The Defendant's name is erroneously listed with the Indiana Secretary of State as

Delphi Automotive Systems LLC. The Plaintiff worked for the Defendant's Delphi Delco

Electronics Systems Division in Kokomo, Indiana. The registered agent for the Defendant is C.T.

Corporation Systems, One North Capital Avenue, Indianapolis, Indiana 46204.

## Factual Allegations

6.     Ms. Orlik is of Polish ethnic national origin, with dual citizenship in Poland and

the United States.

7.     Ms. Orlik was hired by Delphi on or about 10 October 1994 as a Financial Analyst

in the Budgets and Forecasting Department.

8.     During her employment with Delphi, Ms. Orlik was subjected to repeated ethnic

jokes and comments by her co-workers, and on one occasion, her supervisor, and was told that

she "came from the pits of the world."

9.     Ms. Orlik repeatedly told the person making the comments, or telling the jokes,

that she was offended by the comments and jokes and asked the person to stop; however, the

comments and jokes did not cease.

10.    In August of 1996, Ms. Orlik was chosen by a manager in her department to be presented with a buy out as Delphi was trying to eliminate 20% of its work force at the Kokomo facility.

11.    Ms. Orlik refused the buy out.

12.    Ms Orlik was transferred to Accounts Payable and subjected to an extremely heavy, if not intolerable, work load that one, could not successfully accomplish.

13.    In November of 1997, Ms. Orlik transferred to the Internal Audit Department.

14.    In May of 1998, Ms. Orlik's Internal Audit Supervisor was replaced by Nancy Mills as the new Internal Audit Department Manager.

15.    Ms. Mills repeatedly gave Ms. Orlik negative performance evaluations, made negative comments, and refused to acknowledge positive feedback in her file from her previous supervisor and co-workers.

16.    Ms. Mills isolated Ms. Orlik from the other staff by placing her in a separate room away from the rest of the staff.

17.    Ms. Mills treated Ms. Orlik unfairly while showing favoritism to native born Americans with respect to assignments, work product, overtime, time-off, preferential work assignments and other aspects of employment life.

18.    In December of 1998, and in the course of her work, Ms. Orlik complained about conflicts of interest within Delphi Kokomo to Ms. Mills.

19.    In February of 1999, Ms. Mills recommended that Ms. Orlik be placed on a Performance Improvement Plan.

3

20.    As a result of the Performance Improvement Plan and Nancy Mills' instruction, Ms. Orlik was forced to perform humiliating and mundane tasks, and take a private tutorial on English as a second language, as well as, pronunciation and grammar lessons, even though Ms. Orlik's command of English and grammar were at least adequate, and arguably good.

21.    In early 1999, the national corporate office began an audit of Delphi Kokomo with national auditors.

22.    During the course of the national audit, Ms. Orlik categorized certain questionable Delphi Kokomo financial reporting concerning loss revenues.

23.    Before the audit ended in August of 1999, Ms. Orlik was replaced as liaison between the national corporate auditors and local corporate management by Ms. Mills and taken off the audit.

24.    On 18 August 1999, Ms. Mills chastised Ms. Orlik for giving too much information and being candid with corporate auditors about Delphi Kokomo's financial information and practices.

25.    Ms. Orlik was further instructed that communication with the national auditors had to be "controlled" so as not to reveal too much.

26.    On 24 August 1999, Ms. Orlik filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, a copy of which was sent to Delphi by Ms. Orlik's counsel with accompanying correspondence.

27.    On 27 August, Ms. Orlik reported the above information to the corporate office and the Delphi Kokomo plant, and asked for an investigation and meeting before further adverse action.

28.    On 1 September 1999, Ms. Orlik was terminated from her position with Delphi Kokomo three weeks after being told she talks too much to auditors, one week after filing a charge of discrimination, and within thirty (30) days of vesting in her pension.

29.    On or about 3 September 1999, Ms. Orlik filed a charge of retaliation with the U.S. Equal Employment Opportunity Commission.

30.    As a result of Delphi's actions, Ms. Orlik has suffered financial harm and severe emotional injury.

### **Causes of Action**

### COUNT ONE
(Discrimination in Violation of Title VII)

31.    The allegations set forth in paragraphs one (1) through thirty (30) are incorporated herein by reference.

32.    Delphi discriminated against Ms. Orlik because of her national origin in the following ways: First, disparate treatment; second, treating her badly and subjecting her to a hostile environment (including but not limited to placing her on a performance improvement plan); and third, termination of her employment.

### COUNT TWO
(Retaliation in Violation of Title VII)

33.    The allegations set forth in paragraphs one (1) through thirty (30) are incorporated herein by reference.

34.    Delphi discharged Ms. Orlik in retaliation for complaining about discrimination and filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission.

## COUNT THREE
### (Retaliation in Violation of Public Policy)

35.    The allegations set forth in paragraphs one (1) through thirty (30) are incorporated

herein by reference.

36.    Delphi discharged Ms. Orlik in retaliation for complaining about, and baulking at,

inappropriate and potentially actionable conflict of interest problems and accounting practices.

**Relief**

WHEREFORE, the Plaintiff, by her counsel, respectfully requests the following relief:

A.    Special damages in an amount to be determined by evidence;

B.    General damages in an amount to be determined by evidence;

C.    Punitive damages in an amount sufficient enough to deter the Defendant from

similar acts in the future;

D.    For Counts I and II, a permanent injunction reinstating the Plaintiff and requiring

the Defendant to vest her pension

E.    For Counts I and II, attorney's fees and court costs; and

F.    Such other relief as this court deems proper.

Dated: 19 June 2000

Respectfully submitted by,

Michael C. Kendall
Attorney No. 5142-19
An Attorney for the Plaintiff

6

*EXHIBIT C*

Thu Feb  2 2006 11:50:30                                                    Page 1

CHRONOLOGICAL CASE SUMMARY
CIVIL, HOWARD SUPERIOR COURT II

FOR CAUSE NO: 34D02-0006-CT-00438
EVA ORLIK V DELPHI AUTOMOTIVE
THE HONORABLE STEPHEN M JESSUP

ACTION: CIVIL TORT                          DATE FILED:  06/19/2000
                                            ORIG FILE DT: 06/19/2000

ENTRY/FEE BOOK:          PAGE:
JUDGMENT BOOK:    0       PAGE: 0
JUDGMENT BOOK:    0       PAGE: 0
-----------------------------------------------------------------------
         ATTORNEYS                                  PARTIES
-----------------------------------------------------------------------

                                            PLAINTIFF
                                            EVA M ORLIK
  5142-19    MICHAEL C KENDALL
             KENDALL LAW OFFICE
             220 N RANGE LINE RD
             CARMEL IN 46032-1745
             317-816-6060

                                            DEFENDANT
  15192-49   JANE A HIMSEL                   DELPHI AUTOMOTIVE SYSTEMS CORP
             WOODEN & MCLAUGHLIN LLP         C/O REG AGENT CT CORP SYSTEMS
             ONE INDIANA SQUARE
             SUITE 1800
             INDIANAPOLIS IN 46204-2019
             317-639-6151

-----------------------------------------------------------------------
CHRONOLOGICAL SUMMARY OF FILINGS AND PROCEEDINGS
-----------------------------------------------------------------------

  06/19/2000   Notice: N                         RJO:  N

Michael C. Kendall enters his written Appearance on behalf of the
Plaintiff and further files Complaint and Demand for Jury Trial. Summons
ordered issued by the Clerk. lc

  06/26/2000   Notice: A                         RJO:  N

Court sets status hearing for October 27, 2000 at 3:45 p.m. which may be
held by conference call if the parties agree, inform the court, and
initiate the call.   Clerk is directed to issue copy of entry to counsel of
record. cc

  10/27/2000   Notice: A                         RJO:  N

Parties fail to appear for status hearing set this date.  kp

  04/30/2001   Notice: A                         RJO:  N

Plaintiff, by counsel, Michael Kendall, files Verified Motion For Default
Judgment and proposed Order.  cc

  05/02/2001   Notice: A        DISPOSED: DE     RJO:  Y

Thu Feb  2 2006 11:50:31                                               Page 2

CHRONOLOGICAL CASE SUMMARY
CIVIL, HOWARD SUPERIOR COURT II

FOR CAUSE NO: 34D02-0006-CT-00438
EVA ORLIK V DELPHI AUTOMOTIVE
THE HONORABLE STEPHEN M JESSUP

ACTION: CIVIL TORT                             DATE FILED:   06/19/2000
                                               ORIG FILE DT: 06/19/2000


Submitted on Verified Motion For Default Judgment.  Examined and approved.
 Court finds judgment for the Plaintiff and against the Defendant and sets
hearing to determine damages for July 9, 2001 at 11:00 a.m.  Clerk to
issue copy of order to all parties.  All as per written order.  JUDGMENT
GRANTED.  cc

    05/04/2001   Notice: A                        RJO:  N

Jane Ann Himsel enters her written Appearance on behalf of the Defendant,
Delphi Automotive Systems Corporation and further files Motion for
Enlargement of Time and proposed Order. Court now denies said Motion due
to the Defendant already defaulted. CCS to both counsel. lc

    05/15/2001   Notice: A                        RJO:  N

Counsel for Defendant Delphi Automotive Systems Corporation, Jane Ann
Himsel, files Change of Address.  kp

    06/06/2001   Notice: A                        RJO:  N

Defendant, by counsel, Jane, Himsel, files Defendant's Motion To Set Aside
Default Judgment, Defendant's Brief In Support Of Motion To Set Aside
Default Judgment, Defendant's Submission Of Materials Supporting Motion To
Set Aside Default Judgment, and Defendant's Motion For Leave To File
Answer And Affirmative Defenses and proposed Order.  Hearing set for
September 21, 2001 at 11:00 a.m.  CCS to counsel.  cc

    06/15/2001   Notice: A                        RJO:  N

Defendant Delphi Automotive Systems, by counsel, Jane Himsel, files
Defendant's Motion To Continue Hearing Regarding Damages And Schedule
Hearing Regarding Motion To Set Aside Default Judgment.  July 9, 2001
hearing is now changed to a hearing on Motion To Set Aside Default
Judgment.  All as per written order.  CCS to counsel.  cc

    06/18/2001   Notice: A                        RJO:  N

Plaintiff, by counsel, Michael Kendall, files Plaintiff's Motion To
Establish Or Enlarge Deadline For Plaintiff To Respond To Defendants'
Motion To Set Aside Default Judgment and Plaintiff's Response And
Objection To Defendant's Motion To Vacate Hearing On Damages.  cc

    06/20/2001   Notice: A                        RJO:  N

Defendant, Delphi Automotive Systems Corporation, by counsel, Jane A.
Himsel, by counsel, files Defendant's Reply Plaintiff's Response and
Objection to Defendant's "Motion to Vacate Hearing on Damages." Hearing
remains scheduled as per June 21, 2001 minute. Clerk to issue notice to

CHRONOLOGICAL CASE SUMMARY
CIVIL, HOWARD SUPERIOR COURT II

FOR CAUSE NO: 34D02-0006-CT-00438
EVA ORLIK V DELPHI AUTOMOTIVE
THE HONORABLE STEPHEN M JESSUP

ACTION: CIVIL TORT                              DATE FILED:    06/19/2000
                                                ORIG FILE DT:  06/19/2000

Defendant's counsel. lc

   06/21/2001    Notice: A                         RJO:  N

After receiving telephone call from counsel for Defendant, Court clears up
the calender dates as follows:  Hearing on Motion To Set Aside Judgment is
set for the July 9, 2001 date.  If time allows and Motion is denied,
hearing on damages will be held on same date.  If time does not allow,
said hearing will be rescheduled.  Clerk to issue copy of entry to
counsel.  cc

   06/25/2001    Notice: A                         RJO:  N

Plaintiff, by counsel, Michael Kendall, files Plaintiff's Motion to
Enlarge Time for 3 Days to Respond to Defendant's Motion to Set Aside
Default Judgment and proposed Order. lc

   06/26/2001    Notice: A                         RJO:  Y

Submitted on Motion to Enlarge Time for 3 Days to Respond to Defendant's
Motion to Set Aside Default Judgment. Examined and approved. Time is
enlarged from Monday, 25 June 2001, to and including Thursday, 28 June
2001. All as per written Order. Court forwards copy of Order to both
counsel. lc

   06/26/2001    Notice: A                         RJO:  Y

Defendant, by counsel, Jane Himsel, files Defendant's Verified Motion to
Continue and Reschedule Hearing on Motion to Set Aside Default Judgment
and Damages for a Date After July 16, 2001 and proposed Order. Examined
and approved. Hearing for July 9, 2001 on Defendant's Motion to Set Aside
Default Judgment is continued to August 24, 2001 at 9:00 a.m. in Howard
County Superior Court II. All as per written Order. Court forwards copy of
Order to both counsel. lc

   06/28/2001    Notice: A                         RJO:  N

Plaintiff, by counsel, Michael C. Kendall, files Plaintiff's Motion to
Enlarge Time to Respond to Defendant's Motion to Set Aside Default
Judgment and proposed Order. lc

   07/03/2001    Notice: A                         RJO:  Y

Submitted on Plaintiff's Motion to Enlarge Time to Respond to Defendant's
Motion to Set Aside Default Judgment. Examined and approved. Time is
extended and including Jyly 11, 2001. All as per written Order. Court
forwards copy of Order to both counsel. lc

   07/11/2001    Notice: A                         RJO:  N

Thu Feb  2 2006 11:50:31

                                                                    Page 4

                              CHRONOLOGICAL CASE SUMMARY
                              CIVIL, HOWARD SUPERIOR COURT II

                           FOR CAUSE NO: 34D02-0006-CT-00438
                              EVA ORLIK V DELPHI AUTOMOTIVE
                              THE HONORABLE STEPHEN M JESSUP
ACTION: CIVIL TORT
                                                    DATE FILED:   06/19/2000
                                                    ORIG FILE DT: 06/19/2000


Plaintiff, by counsel, Michael C. Kendall, files Plaintiff's Motion to
Enlarge Deadline for Plaintiff to Respond to Defendants' Motion to Set
Aside Default Judgment and proposed Order. lc

    07/16/2001   Notice: A                          RJO:  Y

Submitted on Plaintiff's Motion to Enlarge Deadline for Plaintiff to
Respond to Defendants' Motion to Set Aside Default Judgment. Examined and
approved. Court finds that the deadline for Plaintiff to file response to
Defendant's Motion to Set Aside Default Judgment is enlarged to Wednesday,
July 25, 2001. All as per written Order. Court forwards copy of Order to
both counsel. lc

    07/25/2001   Notice: A                          RJO:  N

Plaintiff, by counsel, Michael C. Kendall, files Plaintiff's Answer Brief
in Response to Defendant's Motion for Summary Judgment and Plaintiff's
Designation of Evidence Relied On In Plaintiff's Response to Defendant's
Motion To Set Aside Default Judgment. lc

    08/17/2001   Notice: A                          RJO:  N

Defendant, by counsel, Jane A. Himsel, files Defendant's Submission of
Additional Materials Supporting Motion to Set Aside Default Judgment and
Defendant's Reply Brief in Support of Motion to Set Aside Default
Judgment. lc

    08/24/2001   Notice: A                          RJO:  N

All parties appear in person and with counsel. Senior Judge Rosemary
Higgins Burke declines to hear Motion To Set Aside. Court resets this
matter as a second setting on October 31, 2001 at 9:00 a.m. as an all day
setting. Court to notify parties by telephone if this case will be lifted
due to a jury trial. Date confirmed with all parties. cc

    10/24/2001   Notice: A                          RJO:  N

Due to jury trial, court continues October 31, 2001 hearing to February
18, 2002 at 8:30 a.m. Court notifies counsel by telephone this date. CCS
to counsel. cc

    11/21/2001   Notice: A                          RJO:  N

Due to court congestion, court resets February 18, 2002 hearing to March
22, 2002 at 8:30 a.m. as an all day setting. CCS to parties. cc

    11/30/2001   Notice: A                          RJO:  N

Thu Feb  2 2006 11:50:31                                              Page 5

CHRONOLOGICAL CASE SUMMARY
CIVIL, HOWARD SUPERIOR COURT II

FOR CAUSE NO: 34D02-0006-CT-00438
EVA ORLIK V DELPHI AUTOMOTIVE
THE HONORABLE STEPHEN M JESSUP

ACTION: CIVIL TORT                          DATE FILED:  06/19/2000
                                            ORIG FILE DT: 06/19/2000

Plaintiff, by counsel, Michael Kendall, files Plaintiff's Motion to
Enlarge Time to Defendant's Offer of Judgment and proposed Order. ja

    12/03/2001   Notice: A                          RJO:  Y

Submitted on Plaintiff's Motion to Enlarge Time to Defendant's Offer of
Judgment. Examined and approved. Time is extended to and including
December 14, 2001. All as per written Order. ja

    01/11/2002   Notice: A                          RJO:  N

Plaintiff, by counsel, Michael Kendall, files Plaintiff's Motion to
Enlarge Time to Respond to Defendant's Offer of Judgment and proposed
Order. ja

    01/14/2002   Notice: A                          RJO:  Y

Submitted on Plaintiff's Motion to Enlarge Time to Respond to Defendant's
Offer of Judgment. Examined and approved. Court now extends time to and
including January 18, 2002. All as per written Order. ja

    01/18/2002   Notice: A                          RJO:  N

Plaintiff, by counsel, Michael Kendall, files Plaintiff's Motion To Strike
Defendant's Offer Of Judgment, Memorandum Of Law In Support Of Plaintiff's
Motion To Strike Defendant's Offer Of Judgment, and proposed Order.  Court
sets this matter for hearing on March 22, 2002 at 8:30 a.m.  CCS to
counsel.  cc

    01/24/2002   Notice: A                          RJO:  N

Defendant, by counsel, Jane Ann Himsel, files Defendant's Response To
Motion To Strike Offer Of Judgment And Motion For Sanctions Under Indiana
Trial Rule 11, Offer of Judgment, and proposed Order. ja

    02/08/2002   Notice: A                          RJO:  N

Plaintiff, by counsel, Michael Kendall, files Plaintiff's Motion To
Enlarge Time To Respond To Defendants' Motion For Sanctions.  Court denies
said motion and set Motion For Sanctions hearing on March 22, 2002 at 8:30
a.m.  Clerk to issue notice to counsel.  cc

    02/14/2002   Notice: A                          RJO:  N

Due to congestion in the Court's calender, March 22, 2002 hearing is
continued to May 23, 2002 at 8:30 a.m. as an all day setting.  This
setting is subject to jury trial.  CCS to counsel.  cc

    03/06/2002   Notice: A                          RJO:  N

Thu Feb  2 2006 11:50:31

CHRONOLOGICAL CASE SUMMARY
CIVIL, HOWARD SUPERIOR COURT II

FOR CAUSE NO: 34D02-0006-CT-00438
EVA ORLIK V DELPHI AUTOMOTIVE
THE HONORABLE STEPHEN M JESSUP

ACTION: CIVIL TORT

DATE FILED:   06/19/2000
ORIG FILE DT: 06/19/2000

Defendant, by counsel, Jane Himsel, files Defendant's Verified Motion To
Reschedule Hearing On Motion To Set Aside Default Judgment And Damages and
proposed Order. Examined and approved.  May 23, 2002 hearing is continued
to July 22, 2002 at 8:30 a.m. pursuant to written order.  cc

07/16/2002   Notice: A                           RJO:  N

Defendant, by counsel, Jane Himsel, files Defendant's Verified Motion To
Reschedule Hearing On Motion To Set Aside Default Judgment And Damages and
proposed Order.  cc

07/17/2002   Notice: A                           RJO:  N

Submitted on Defendant's Verified Motion To Reschedule Hearing On Motion
To Set Aside Default Judgment And Damages.  Examined and approved.  July
22, 2002 hearing is reset to October 25, 2002 at 8:30 a.m. as a one day
setting.  All as per written order.  cc

09/25/2002   Notice: A                           RJO:  N

Defendant, Delphi Automotive, by counsel, files Defendant's Verified
Motion To Reschedule Hearing On Motion To Set Aside Default Judgment And
Damages and proposed Order.  Examined and approved.  October 25, 2002
hearing is reset to January 10, 2003 at 8:30 a.m. as a one day setting.
All as per written order.  cc

09/26/2002   Notice: A                           RJO:  N

Defnedant, by counsel, Jane Ann Himsel, files Submission of Omitted
Exhibit. ja

12/03/2002   Notice: A                           RJO:  N

Report of Mediator is filed. Douglas Hill conducted a mediation session on
November 27, 2002. At the conclusion of the mediation session, this case
was not settled. ja

01/02/2003   Notice: A                           RJO:  N

Due to jury trial, court resets January 10, 2003 hearing to March 6, 2003
at 8:30 a.m. as a one day hearing.  CCS to counsel.  cc

02/28/2003   Notice: A                           RJO:  N

Court, on its own motion, lifts hearing scheduled on March 6, 2003.
Matter is rescheduled to May 19, 2003, at 8:30 a.m. as an all day
setting.  CCS to Counsel. kp

Thu Feb  2 2006 11:50:31                                          Page 7

CHRONOLOGICAL CASE SUMMARY
CIVIL, HOWARD SUPERIOR COURT II

FOR CAUSE NO: 34D02-0006-CT-00438
EVA ORLIK V DELPHI AUTOMOTIVE
THE HONORABLE STEPHEN M JESSUP

ACTION: CIVIL TORT                          DATE FILED:  06/19/2000
                                            ORIG FILE DT: 06/19/2000

    05/01/2003   Notice: A                       RJO:  N

Counsel for the Defendant files Notice of Change of Address. sm

    05/15/2003   Notice: A                       RJO:  N

Parties appear by their respective counsel and conduct telephonic
conference with Judge.  Argument is heard on Plaintiff's oral motion for
continuance.  Defendant objects to the continuance which is granted over
the objection of Defendant for the reason that it is the opinion of all
concerned that one day, in all probability is not sufficient to hear all
the issues, so in order to avoid a bifurcated hearing, motion is granted
on the following conditions, which said conditions are ordered over the
objection of the Plaintiff:  Plaintiff is ordered to pay $200 to the
Defendant within 14 days for reimbursement of non-refundable airline
charges incurred as a result of, anticipated attendance at this hearing.
Furthermore, Plaintiff is ordered to reimburse Defendant for attorneys
fees incurred in preparation for this hearing.  Defendant's counsel is
instructed to submit an itemization to the Court setting forth such
services rendered and the reasonable fees charged for said services along
with a proposed order.  Parties are to contact the Court on or before 4:00
p.m., May 23, 2003, with an agreement as to a new two day setting. kp

    05/23/2003   Notice: A                       RJO:  N

Counsel for Plaintiff telephones the Court to reset two day trial.  Court
advises that August 21, 2003 and August 22, 2003 are available on the
Court's calender.  Counsel to confirm those dates with other counsel and
witnesses and inform the Court if those dates will be acceptable.  cc

    05/28/2003   Notice: A                       RJO:  N

Upon the Judge's return from vacation, he advised counsel that the dates
selected in August are not acceptable.  Court gives counsel the dates of
November 13 and 14, December 4 and 5, or December 11 and 12 as alternative
dates.  Counsel is advised to notify the Court by noon on May 29, 2003 as
to what date this matter will be reset for.  Parties are also instructed
that no further continuances will be granted after this matter gets reset.
cc

    05/28/2003   Notice: A                       RJO:  N

Defendant, by counsel, files Defendant's Notice Of Availability For A
Hearing On August 21, 2003 at August 22, 2003 And Request For A Firm,
First Choice Hearing Date and proposed Order.  Motion is moot as another
hearing date has already been set.  CCS to counsel.  cc

    05/30/2003   Notice: A                       RJO:  N

CHRONOLOGICAL CASE SUMMARY
CIVIL, HOWARD SUPERIOR COURT II

FOR CAUSE NO: 34D02-0006-CT-00438
EVA ORLIK V DELPHI AUTOMOTIVE
THE HONORABLE STEPHEN M JESSUP

ACTION: CIVIL TORT                          DATE FILED:  06/19/2000
                                            ORIG FILE DT: 06/19/2000

Court sets this matter for hearing on all issues on January 15 and January 16, 2004 starting at 8:30 a.m. each day as all day settings.  No continuances will be granted on this cause.  CCS to counsel.  cc

   06/02/2003   Notice: A                      RJO:  N

Defendatn, by counsel, Jane Himsel, files Defendant's Notice of Availability for Hearing on January 15 and 16, 2003. sm

   01/09/2004   Notice: A                      RJO:  N

At request of Plaintiff, Court conducts conference call with parties, by counsel, on Plaintiff's oral motion for continuance because of severe illness.  Defendant objects to said continuance.  Motion is granted over objection of Defendant.  Parties address the pending Motion to Overturn Default Judgment.  Defendant purposes that the Court rule based upon pleadings already filed.  Plaintiff's counsel requests time to consult with client regarding same.  There being no objection, request is granted. Plaintiff is given until 9:00 a.m., January 15, 2004, at which time the parties will conduct another conference call regarding this issue. kp

   01/16/2004   Notice: A                      RJO:  N

Court sets evidentiary hearing on this cause for May 7, 2004 at 8:30 a.m. CCS to counsel.  cc

   01/20/2004   Notice: A                      RJO:  N

Michael C. Kendall, attorney for plaintiff, files letter requesting evidentiary hearing on the Motion to Set Aside Default Judgment be rescheduled due to plaintiff being out of the country at that time. Request is DENIED. CCS to parties.  smj/jaz

   05/07/2004   Notice: A                      RJO:  N

Plaintiff appears in person with counsel, Michael Kendall.  Defendant appears by Francis Kuplicki and by counsel, Jane Ann Himsel.  Evidence is heard on Defendant's Motion to Set Aside Default Judgment.  Parties are given until 4:00 p.m., June 30, 2004, to submit their final arguments in writing together with any additional materials.  Court will then enter a ruling.  Plaintiff withdraws her objection to the Offer of Judgment and Defendant withdraws its Request for Sanctions with regard thereto. kp

   05/20/2004   Notice: A                      RJO:  N

Plaintiff, by counsel, Michael Kendall, files Motion to Enlarge Time to File Written Closing Argument together with proposed Order. kp

Thu Feb  2 2006 11:50:31

CHRONOLOGICAL CASE SUMMARY
CIVIL, HOWARD SUPERIOR COURT II

FOR CAUSE NO: 34D02-0006-CT-00438
EVA ORLIK V DELPHI AUTOMOTIVE
THE HONORABLE STEPHEN M JESSUP

ACTION: CIVIL TORT

DATE FILED:   06/19/2000
ORIG FILE DT: 06/19/2000

05/25/2004   Notice: A                    RJO:  Y

Submitted on Plaintiff's Motion to Enlarge Time to File Written Closing
Argument which is now examined and approved to and including August 15,
2004; pursuant to written Order which the Court forwards to Counsel. kp

06/24/2004   Notice: A                    RJO:  N

Court reporter forwards transcript of the hearing held herein on
May 7, 2004, to Counsel for the Plaintiff. kp

07/22/2004   Notice: A                    RJO:  Y

Defendant, Delphi Corporation f/k/a Delphi Automotive Systems Corporation
("Delphi") by counsel, Jane Ann Himsel, files Motion for Enlargment of
Time to File Written Closing Argument.  Motion is granted to and
including August 15, 2004 all as per written Order.  Court notifies
parties.  smj/jaz

08/13/2004   Notice: A                    RJO:  N

Plaintiff, by counsel, Michael Kendall, files Plaintiff's Agreed Verified
Emergency Motion to Enlarge Time to File Parties' Written Closing
Arguments together with proposed Order. kp

08/18/2004   Notice: A                    RJO:  N

Submitted on Emergency Motion to Enlarge Time which is now granted to and
including August 18, 2004; pursuant to written Order. kp

08/19/2004   Notice: A                    RJO:  N

Defendant, by counsel, Jane Ann Himsel, files Defendant's Closing Argument
on Motion to Set Aside Default Judgment. kp

08/19/2004   Notice: A                    RJO:  N

Plaintiff, by counsel, Michael Kendall, files Written Closing Argument
together with Transcript of Hearing on Defendant's Motion to Set Aside
Default Judgment. kp

09/01/2004   Notice: A                    RJO:  Y

Court having taken this matter under advisement now enters Order Denying
Defendant's Motion to Set Aside Default Judgment.  Hearing on damages is
set for one day on Friday, December 10, 2004, at 8:30 a.m..  Parties are
instructed to inform the Court within 20 days if more time needs to be set
aside for said hearing; all as per written Order which the Court forwards
to Counsel. kp

CHRONOLOGICAL CASE SUMMARY
CIVIL, HOWARD SUPERIOR COURT II

FOR CAUSE NO: 34D02-0006-CT-00438
EVA ORLIK V DELPHI AUTOMOTIVE
THE HONORABLE STEPHEN M JESSUP

ACTION: CIVIL TORT                           DATE FILED:   06/19/2000
                                             ORIG FILE DT: 06/19/2000


09/21/2004   Notice: A                       RJO:  N

Defendant, by counsel, Jane Ann Himsel, files Defendant's Demand for
Jury Trial on Damages and Request for Additional Time for Hearing on
Damages with proposed Order. kp

09/21/2004   Notice: A                       RJO:  N

Jane Ann Himsel files Notice of Appeal on behalf of Delphi Automotive
Systems.  Clerk forwards copy to Kathy Phipps Superior II Court Reporter.
law

09/27/2004   Notice: A                       RJO:  N

Submitted on Defendant's Demand for Jury Trial on Damages and Request for
Additional Time for Hearing on Damages.  Plaintiff is given ten (10) days
to object.  CCS to parties. smj/jaz

10/04/2004   Notice: A                       RJO:  N

Notice of Completion of Clerk's Record filed by certified mail with
Appellate Clerk and filed as a part of the record with the trial court
clerk.  Parties of record notified by regular mail law

10/07/2004   Notice: A                       RJO:  N

Plaintiff, by counsel, Michael Kendall, files Plaintiff's Objection to
Defendant's Demand for Jury Trial on Damages together with Supporting
Brief. kp

10/08/2004   Notice: A                       RJO:  N

Submitted on Defendant's Demand for Jury Trial.  Examined and approved.
Court now sets this matter for pretrial conference on January 19, 2005 at
3:00 p.m. and jury trial is set for February 1, 2005 at 1:30 p.m. as a
fourth setting.  All as per written order.  cc

10/12/2004   Notice: A                       RJO:  N

Kathy Fipps Superior II Court Reporter files Transcript together with Notic
e of Filing Transcript.  Trial Court Clerk issues Notice of Completion of
Transcript to Appellate Clerk by certified mail and issues notice to all
parties of record by regular mail. law

10/13/2004   Notice: A                       RJO:  N

Court schedules hearing on Plaintiff's Objection to Defendant's Demand
for Jury Trial on Damages at 8:30 a.m., December 3, 2004.  CCS to Counsel.

Thu Feb  2 2006 11:50:31

CHRONOLOGICAL CASE SUMMARY
CIVIL, HOWARD SUPERIOR COURT II

FOR CAUSE NO: 34D02-0006-CT-00438
EVA ORLIK V DELPHI AUTOMOTIVE
THE HONORABLE STEPHEN M JESSUP

ACTION: CIVIL TORT

DATE FILED:   06/19/2000
ORIG FILE DT: 06/19/2000

kp

10/29/2004   Notice: A                                RJO:  N

Defendant, Delphi Corporation f/k/a Delphi Automotive Systems Corporation,
by counsel, Jane Ann Himsel, files Defendant's Reply In Support Of Demand
For Jury Trial On Damages And Request For Clarification Of Hearing Date,
Delphi Corporation's Motion To Admit William R. Schulz Pro Hac Vice,
Verified Petition For Limited Admission, and proposed Order.  cc

11/03/2004   Notice: A                                RJO:  N

Submitted on Motion To Admit William R. Schulz Pro Hac Vice and Verified
Petition For Limited Admission.  Court finds that William Schulz is
admitted pro hac vice for purposes of representing Delphi in the
above-captioned matter only.  All as per written order.  Court lifts
December 10, 2004 hearing.  CCS to counsel.  cc

11/29/2004   Notice: A                                RJO:  N

Plaintiff, by counsel, Michael Kendall, files Motion To Stay Proceedings
and proposed Order Granting Motion To Stay Proceedings.  cc

12/01/2004   Notice: A                                RJO:  N

Submitted on Motion To Stay Proceedings.  Examined and approved.  Hearings
scheduled for December 3, 2004, January 19, 2005, and February 1, 2005 are
lifted and all matters are stayed pending the Indiana Court of Appeals
ruling on the Defendant's Appeal filed on September 21, 2004.  All as per
written order.  Court notifies counsel by telephone.  cc

07/26/2005   Notice: A                                RJO:  N

Court receives Opinion from the Indiana Court of Appeals by fax showing
that the Judgment of the Court has been affirmed. kp

10/19/2005   Notice: A                                RJO:  N

Defendant, by counsel, Jane Ann Himsel, files Notice of Delphi
Corporation's Filing of Chapter 11 Bankruptcy Petition. kp

STATE OF INDIANA )
) SS:
COUNTY OF HOWARD )

IN THE HOWARD SUPERIOR COURT II

FILED
IN OPEN COURT

SEP    1 2004

HOWARD SUPERIOR COURT
DIVISION 2

EVA M. ORLIK

VS.                                    CAUSE NO. 34D02-0006-CT-00438

DELPHI AUTOMOTIVE SYSTEMS
CORPORATION, a/k/a DELPHI
AUTOMOTIVE SYSTEMS LLC.

## ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT

This case is many things, but it is not a case of excusable neglect. The Court is well aware of the policy followed by Indiana Courts that all cases should be heard on their merits, and that if there is the least amount of excusable neglect then a Motion such as this should be granted.

However, if a Court were ever to enforce a judgment in a case, this is that case. It is noted that:

(1) Service was accomplished for the better part of a year before application was made for the default;

(2) In the early Fall of 2000, the Defendant, its legal department and Defendant's outside counsel knew that a case had been filed in this Court, and were prepared to participate in a status conference regarding same;

(3) And, finally, the Defendant, by and through its legal department made a conscious "tactical" decision to refrain from asking the Court or anyone else for a copy of the Complaint (even though one was sent to it, which it returned unopened) or to attempt to discover if service had ever been accomplished.

For the Defendant to allege that Plaintiff's counsel was to blame is disingenuous at best.

Defendant's Motion to Set Aside Default Judgment is denied. Hearing on damages is set for one (1) day on Friday, December 10, 2004, at 8:30 a.m.. Parties are instructed to inform the Court within twenty (20) days if more time needs to be set aside for said hearing.

DATED THIS 1ST DAY OF SEPTEMBER, 2004.

STEPHEN M. JESSUP, JUDGE
HOWARD SUPERIOR COURT II

CERTIFIED.
A TRUE AND COMPLETE COPY
MONA L. MYERS, Clerk
Howard Circuit Court
Date: 2/2/06
By: _____
Clerk or Deputy

*EXHIBIT E*



CLERK

SUPREME COURT, COURT OF APPEALS, AND TAX COURT

# STATE OF INDIANA

217 STATE HOUSE, INDIANAPOLIS, IN 46204
317-232-1930 • FAX 317-232-8365

David C. Lewis
Clerk

Cause Number

MICHAEL KENDALL
220 NORTH RANGE LINE RD.

CARMEL, IN  46032

34A04-0409-CV-00510
Lower Court Number:
34D020006CT438

DELPHI AUTOMOTIVE SYSTEMS CORPORATION -V- EVA ORLIK

You are hereby notified that the   COURT OF APPEALS          has on this day 7/26/05
ISSUED THE ENCLOSED OPINION:

WITNESS my name and the seal of said Court,

this 26TH day of    JULY, 2005

# FOR PUBLICATION



FILED

JUL 2 6 2005

CLERK OF THE
INDIANA SUPREME COURT,
COURT OF APPEALS
AND TAX COURT

ATTORNEY FOR APPELLANT:

**JANE ANN HIMSEL**
Wooden & McLaughlin LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**MICHAEL C. KENDALL**
Kendall-Hahn
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DELPHI CORPORATION f/k/a DELPHI AUTOMOTIVE SYSTEMS CORPORATION, | ) ) ) | |
| Appellant-Defendant, | ) ) | |
| vs. | ) ) | No. 34A04-0409-CV-510 |
| EVA ORLIK, | ) ) | |
| Appellee-Plaintiff. | ) ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable Stephen M. Jessup, Judge
Cause No. 34D02-0006-CT-438

**July 26, 2005**

**OPINION – FOR PUBLICATION**

**KIRSCH, Chief Judge**

Delphi Corporation f/k/a Delphi Automotive Systems Corporation ("Delphi") appeals the trial court's refusal to set aside a default judgment entered against it in favor of Eva Orlik. Specifically, Delphi claims that the trial court abused its discretion when it refused to set aside the default judgment because Delphi had established both excusable neglect and misconduct by the opposing party.[1]

We affirm.

## FACTS AND PROCEDURAL HISTORY

Orlik was hired by Delphi in October 1994 as a financial analyst. As a native of Poland with dual citizenship in Poland and the United States, Orlik felt she was discriminated against because of her national origin while employed at Delphi. On August 24, 1999, Orlik filed a charge of discrimination with the United States Equal Employment Opportunity Commission (the "EEOC"). On September 1, 1999, Orlik was terminated by Delphi and, on September 3, 1999, Orlik filed an additional charge of retaliation against Delphi with the EEOC. Orlik obtained her right to sue from the EEOC on March 21, 2000, and timely filed her complaint with the trial court on June 19, 2000.

Delphi is a foreign corporation licensed to do business in Indiana, and its registered agent is C.T. Corporation ("C.T."). The complaint and summons from the trial court were sent by certified mail to C.T., which accepted service on Delphi's behalf on June 29, 2000.

---

[1] We agree with Orlik that Delphi's "Table of Contents" and "Statement of the Issue" appear to state a single issue on appeal, that the trial court abused its discretion in refusing to set aside default judgment after Delphi demonstrated excusable neglect. However, because Delphi goes on to argue misconduct of the opposing party under T.R. 60(B)(3), it too deserves to be addressed by this court.

C.T. recorded receipt of the complaint and summons in its records, but failed to forward it to Delphi. C.T. did not otherwise notify Delphi that it had been sued. The employee who accepted service on behalf of C.T. was later terminated for poor job performance. Orlik's counsel mailed a copy of the complaint to Delphi's in-house counsel, Francis Kuplicki, with a letter notifying him that Delphi had been served through C.T., but it was returned as undeliverable by the post office.

On October 25, 2000, Orlik's counsel faxed a letter to Kuplicki informing him that the trial court had scheduled a status conference regarding the complaint to be held on October 27, 2000. The letter provided the caption of the complaint, its cause number, the name of the court, and the time of the status conference. Kuplicki's secretary called Orlik's counsel the following day and indicated that Delphi was not aware of the proceeding. Kuplicki's secretary then contacted Delphi's Indiana counsel, Jane Ann Himsel, and requested that she represent Delphi in the status conference.

Neither Delphi nor Orlik appeared at the status conference, in person or by telephone. Shortly after the scheduled status conference, Himsel attempted to contact Orlik's counsel by telephone, but was told that he was not available. She then called the trial court and was advised that neither party appeared for the status conference. Himsel indicated to the court that she did not believe that Delphi had been served with the complaint, but did not check whether that belief was correct or request a copy of the complaint. After the status conference, Kuplicki conferred with Himsel on strategy regarding the complaint, which they had not yet seen. They decided to wait to be served with the complaint and not to enter an

3

appearance with the court in the matter.

On April 30, 2001, Orlik filed a motion for default judgment, citing the fact that Delphi had neither appeared nor answered the complaint filed on June 19, 2000. The trial court granted the motion on May 2, 2001. On June 6, 2001, Delphi filed a motion to set aside the default judgment alleging excusable neglect under Ind. Trial Rule 60(B)(1) and misconduct of Orlik's counsel under T.R. 60(B)(3). After a hearing, the trial court denied Delphi's motion to set aside default judgment on September 1, 2004. Delphi now appeals.

## DISCUSSION AND DECISION

Upon appellate review of a refusal to set aside a default judgment, the trial court's ruling is entitled to deference and will be reviewed for abuse of discretion. *State Farm Mut. Auto Ins. Co. v. Hughes*, 808 N.E.2d 112, 116 (Ind. Ct. App. 2004). The trial court's discretion in granting or denying a motion for default judgment is considerable. *Progressive Ins. Co. v. Harger*, 777 N.E.2d 91, 94 (Ind. Ct. App. 2002). However, the trial court should use its discretion to do what is "just" in light of the unique facts of each case. *State Farm Mut. Auto Ins. Co.*, 808 N.E.2d at 116. We will reverse only if the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Progressive Ins. Co.*, 777 N.E.2d at 94.

Delphi first argues that the trial court abused its discretion by refusing to set aside its order of default judgment because Delphi was able to establish excusable neglect. T.R. 60(B)(1) provides that a judgment may be set aside for "mistake, surprise, or excusable neglect." *Flying J, Inc. v. Jeter*, 720 N.E.2d 1247, 1249 (Ind. Ct. App. 1999) (quoting T.R.

60(B)(1)). There are no fixed standards to determine the bounds of mistake, surprise, or excusable neglect. *Id.*

Here, Delphi states that a communication breakdown occurred between itself and C.T. regarding service of Orlik's complaint. C.T. accepted service on June 29, 2000, as Delphi's registered agent, but failed to forward the complaint to Delphi. Delphi claims that this prevented it from adequately answering the complaint. However, Delphi became aware of the lawsuit in October of 2000 when it received the notice of a court-ordered status conference from Orlik. Although neither party participated in the status conference, the notice did contain the caption of the complaint, its cause number, and the court in which it was pending. *Appellant's Appendix* at 238. After the status conference, Delphi's attorneys conferred and decided that Delphi had not been served with the complaint and, thus, would not proceed in any way until such service was effected. *Id.* at 350-51. This may be neglect, but it is not excusable neglect. *See Smith v. Johnston*, 711 N.E.2d 1259, 1262 (Ind. 1999).

In *Smith*, our supreme court found that the trial court had not abused its discretion in refusing to set aside a default judgment when the excusable neglect alleged was that the defendant had not opened his mail. The court stated, "The judicial system simply cannot allow its processes to be stymied by simple inattention." *Id.* Here, the course chosen by Kuplicki and Himsel exceeds simple inattention. They conferred and made a conscious decision that Delphi had not been served with the complaint and that they would not act until service was accepted. A call to the trial court, Orlik's counsel, or to Delphi's registered agent, C.T., concerning service of the complaint would have unearthed the fact that Delphi

5

had, in fact, accepted service on June 29, 2000. We cannot say it was an abuse of the trial court's discretion to refuse to find excusable neglect and to set aside the default judgment.

Delphi next argues that the trial court abused its discretion in refusing to set aside default judgment under T.R. 60(B)(3), which provides that default judgment may be set aside for fraud, misrepresentation or misconduct of an adverse party. Delphi alleges misconduct by Orlik's counsel, specifically, the failure of Orlik's counsel to notify Delphi's counsel before moving for default judgment. Delphi maintains that *Smith* required Orlik to notify it before moving for default judgment. We disagree.

In *Smith*, the litigation at issue was a continuation of a medical malpractice proceeding before the medical review panel regarding the same parties and issues. After sending a settlement demand to the defendants' attorneys, the plaintiff's attorney filed both a lawsuit and a subsequent motion for default judgment without contacting those same attorneys known to represent the defendant in the medical malpractice proceeding. In support of the motion for default judgment, the plaintiff's attorney further stated in a sworn affidavit that,

> no pleading has been delivered to Plaintiffs or to their counsel by the Defendants or any attorney appearing for Defendants, nor to the knowledge of the undersigned has any attorney entered an appearance since the filing of this cause, nor has any attorney contacted undersigned regarding entering their appearance on behalf of Defendants in this case since the filing of this cause.

*Id.* at 1261. Our supreme court held, "The administration of justice requires that parties and their known lawyers be given notice of a lawsuit prior to seeking a default judgment." *Id.* at 1263. The court further found that the plaintiff's attorney's affidavit created "a potential for misperception on the part of the trial court, [which] was also prejudicial to the administration

6

of justice" because although she had not been contacted regarding the defendants' attorney's appearance, she had communicated with the defendants' attorneys regarding her demand for settlement. *Id.*

Here, in contrast, Orlik had no way of knowing that Delphi had retained Himsel to represent it in this matter. This was a new case, not a continuation of a previous proceeding involving the same parties, attorneys, and issues, as in *Smith*. After perfecting service on Delphi via C.T., Orlik continued to communicate with Delphi's in-house counsel, Kuplicki, by contacting him regarding the status conference. Himsel and Kuplicki elected not to respond to the lawsuit until they believed that Delphi was served with the complaint. Only after waiting over ten months from the filing of the original complaint and over six months from the date of the status conference without any response from Delphi did Orlik file for default judgment. The length of time waited by counsel before filing for default judgment and the level of communication between Orlik's counsel and Delphi differed from the six week "trap . . . set by counsel to catch unsuspecting litigants" seen in *Smith*. *Id.* The trial court did not abuse its discretion by refusing to set aside default judgment on the grounds of misconduct by opposing counsel. We agree with the trial court that the incorrect assumption by Delphi's counsel that Delphi had not been served by Orlik's complaint was the true cause for the entrance of default judgment against their client.

Affirmed.

BARNES, J., concurs.

BAKER, J., dissents with separate opinion.

FILED

JUL 2 6 2005

CLERK OF THE
INDIAN. SUPREME COURT
COURT OF APPEALS
AND TAX COURT

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DELPHI CORPORATION f/k/a DELPHI AUTOMOTIVE SYSTEMS CORPORATION, | ) ) ) | |
| Appellant-Defendant, | ) ) | |
| vs. | ) ) | No. 34A04-0409-CV-510 |
| EVA ORLIK, | ) ) | |
| Appellee-Plaintiff. | ) ) | |

**BAKER, Judge, dissenting.**

I certainly agree that not all neglect is excusable. However, under these circumstances, I must dissent from the majority's determination that the trial court was correct in refusing to set aside the default judgment that had been entered against Delphi.

As our Supreme Court has observed, a trial court's ruling on the denial of a motion to set aside a default judgment is entitled to substantial deference. Allstate Ins. Co. v. Watson, 747 N.E.2d 545, 547 (Ind. 2001). By the same token, an abuse of discretion may occur where the trial court misapplied the law or its decision is clearly against the logic and effect of the facts and circumstances before it. Baxter v. State, 734 N.E.2d 642, 645 (Ind. Ct. App. 2000). Also, default judgments are not generally favored, and any doubt of its propriety must be resolved in favor of the defaulted party. Watson, 747 N.E.2d at 547. And the preferred policy of this State is that courts should decide a controversy on its merits. Pitts v. Johnson

8

County, 491 N.E.2d 1013, 1015 (Ind. Ct. App. 1986). That said, the trial court's discretion should be exercised in light of the disfavor in which default judgments are held. Watson, 747 N.E.2d at 546. A default judgment is considered an extreme remedy and is available only where a party fails to defend or prosecute a suit. Id. And a default judgment should not be a trap to be set by counsel to catch unsuspecting litigants. Id.

Pursuant to Indiana Trial Rule 60(B)(1), a default judgment may be set aside in cases of "mistake, surprise or excusable neglect." Smith v. Johnston, 711 N.E.2d 1259, 1262 (1999). Instances of excusable neglect include a breakdown in communication that results in a party's failure to appear. Id. A breakdown in communication resulting in a party's failure to answer the complaint creates excusable neglect and a situation in which a default judgment must be set aside. Id. Also, a party has the right to rely upon representations of opposing counsel. Fire Ins. Exch. v. Bell, 643 N.E.2d 310, 313 (Ind. 1994). A default judgment is appropriate only when a party has not appeared in person or by counsel and, if there is a lawyer known to represent the opposing party in the matter, counsel made a reasonable effort to contact that lawyer. Smith, 711 N.E.2d at 1264.

Here, the record shows that the communication between Delphi and C.T.—its registered agent—unquestionably broke down. As the majority acknowledges, C.T. had employed—and subsequently fired—Heck, the employee who signed the certified mail receipt for the complaint and summons. The uncontroverted evidence is that Heck failed to comply with C.T.'s normal processes for forwarding these documents to Delphi.

9

Contrary to the trial court's determination that Delphi engaged in some "tactical" decision not to appear and answer the complaint in October 2000, thus risking a default judgment, there is nothing in the record suggesting that Delphi expected to prevail in this litigation by doing nothing and not answering the complaint. Also, inasmuch as Delphi had appointed C.T. as its agent for service of process, I believe that it reacted appropriately when it learned of the status conference in the case under the belief that it had not been served. Delphi also reasonably retained its belief that it had not been served after Orlik's counsel did not initiate the status conference with the trial court.

Given these circumstances, I am of the view that <u>State Farm Mut. Auto Ins. Co. v. Hughes</u>, 808 N.E.2d 112 (Ind. Ct. App. 2004), should control the outcome here. In <u>Hughes</u>, the plaintiffs were involved in an automobile collision and had uninsured motorist coverage through State Farm. The plaintiffs' counsel filed a complaint and, at some point, moved for a default judgment against an uninsured motorist.

Counsel informed State Farm that the lawsuit had been filed, but he did not tell the company about the pending motion for a default judgment. <u>Id.</u> at 114. State Farm filed a motion to intervene and told the plaintiffs' counsel of its desire to be kept abreast of further proceedings. While State Farm could have discovered the pending motion for a default judgment against the uninsured motorist by examining the trial court's docket, it did not.

At some point, the trial court scheduled a hearing on the motion to intervene and notified State Farm of the date. It then granted the plaintiffs' motion to continue the hearing. In the ensuing delay, the trial court held a status conference in the matter and entered a

default judgment against the uninsured motorist. No one had notified State Farm about the status conference before it had actually taken place. Id. at 115.

When State Farm eventually learned of the default judgment, it moved to set it aside so that it could defend its rights under the uninsured motorist policy. The trial court granted State Farm's original motion to intervene, but it denied the motion to set aside the default judgment. We reversed, finding—among other things—that the plaintiffs' counsel was under an obligation to inform State Farm about the lawsuit, as well as the intention to seek a default judgment. Id. at 116-17.

In this case, Kendall, the attorney who represented Orlik, did attempt to notify Delphi of the existence of the lawsuit. But in response to Delphi's statement that it knew nothing about the lawsuit, Orlik's counsel first indicated that he had mailed the complaint to Kuplicki but that the envelope containing the complaint had been returned unopened. Additionally, Orlik's counsel did not place the call for the status conference, and he did not inform Delphi of his intent to move for a default judgment. In essence, there was no additional effort on the part of Orlik's counsel either to notify Delphi that service had been perfected on C.T. or to notify Delphi that he intended to move for the default. Given these circumstances, I am of the view that it was reasonable for Delphi to believe that Orlik's counsel had not yet served Delphi but that he would eventually perfect service. More to the point, Delphi had appointed C.T. as its agent for service of process, and I believe that it reacted appropriately when it learned of a pre-trial conference in a case in which it believed it had not been served. And

Delphi reasonably retained its belief that it had not been served after Orlik's counsel did not

initiate the pretrial conference call to the trial court.

In sum, I do not believe that Delphi was duty-bound to do more than it already did.

Hence, I vote to reverse the denial of Delphi's motion to set aside the default judgment.

*EXHIBIT F*



## KENDALL-HAHN

19 August 2005

**SETTLEMENT NEGOTIATIONS**

*VIA* **U.S. MAIL AND**
**FACSIMILE NO. 317.639.6444**

Jane Ann Himsel, Esq.,
WOODEN & McLAUGHLIN, LLP
1600 Capital Center South, Suite 201
Indianapolis, Indiana 46204

> *In Re*: Your Letter of Monday, 15 August 2005, 4:05 p.m.
> *Delphi Corporation v. Eva M. Orlik*
> In the Court of Appeals of Indiana
> Cause No. 34A04-0409-CV-510
>
> Appeal from the Howard Superior Court
> The Honorable Steven M. Jessup, Judge
> Cause No. 34D02-0006-CT-00438

Dear Jane Ann:

I am writing you in response to your letter described above. I am glad you are back early from your vacation. I called you shortly after the Court of Appeals affirmed the Howard Superior Court's entry of Default Judgment against your client on 26 July 2005. You had already left for vacation. We were told by your legal assistant that you wouldn't be back until Thursday, August 18th, and that no one else was handling the case at Wooden & McLaughlin. As a result, I contacted William R. Schultz, of Foster Swift Collins & Smith, since they had entered an appearance in the lower court case last summer. I spoke to Mr. Schultz and conveyed to him my sincere belief that this was a highly advantageous time for all concerned to return to mediation with Doug Hill, of Hill, Fulwider, McDowell, Funk & Matthews. He said he would contact Delphi and get back to me. I have not heard from him since my telephone call and I left a message for him last Friday.

**JANE ANN HIMSEL, ESQ.,**
19 August 2005
Page Two (2)

Apparently you learned of my request. It is not a new request. I have tendered it several times after the first session and before the Hearing, always with the same rebuff. However, your Monday letter in response to my request for mediation echoing pre-Hearing rebuff was disappointing and inappropriate. I have expressed to you on several occasions my empathy for your potential professional responsibility, without regard for, or prejudice by, your factually baseless, tactical decision to imply I had done something inappropriate or negligent in seeking a default judgment. In fact, my renewed proposal for mediation was in part motivated out of professional courtesy upon reading the Appellate Court's unflinching recognition that you and Kuplicki made an 'inexcusably' bad judgment, which was the proximate cause of the Default Judgment against Delphi, rather than CT Corporation's negligence. In short, I thought that mediation would be a good solution for you, as well as your client.

To the contrary, however, it appears to me from your Monday letter that your side has not come to grips with the fact that it has lost at the trial level after two rounds of briefing and an evidentiary hearing, and lost on appeal. Furthermore, your client's response to our request and offer of mediation at this stage also appears to not be realistic in light of the real reason trial court Judge Jessup, and the Court of Appeals, found the default judgment to be meritorious, *i.e.*, the hubris of Mr. Kuplicki and you, testified to under oath by Mr. Kuplicki (after waiving attorney/client privilege!), to assume Delphi and your law firm had not been served, cross your fingers, and wait and see 'what's up?!'

As Judge Jessup said in his *Order* denying the Defendant's *Motion to Set Aside Default Judgment* on 1 September 2004:

> This case is many things, but **it is not a case of excusable neglect . . . . However, if a court were ever to enforce a [default] judgment in this case, this is that case . . . .** And, finally, the Defendant, by and through its legal department made a **conscious "tactical" decision** to refrain from asking the Court or anyone else for a copy of the Complaint (even though one was sent to it, which it returned unopened) or to attempt to discover if service had ever been accomplished. **For the Defendant to allege that Plaintiff's counsel was to blame is disingenuous at best.**

(Emphasis **added**.) *Eva M. Orlik v. Delphi Automotive Systems Corporation*, "Order," 1 September 2004.

**JANE ANN HIMSEL, ESQ.,**
19 August 2005
Page Three (3)

This interpretation was echoed by the Court of Appeals, noting that:

> After the status conference Delphi's attorneys **conferred and decided**
> Delphi had not been served with the Complaint and, thus, would
> not proceed in any way until such service was effected. *Id.* at 350-
> 51. This may be **neglect, but it is not excusable neglect.** See *Smith*
> *v. Johnston,* 711 N.E. 2d 1259, 1262 (Ind. 1999).

(Emphasis **added**.) *Delphi Corporation v. Eva Orlik,* "Opinion --for Publication," p. 5.

In the lower court case and the Appeal, Delphi also had the *chutzpah* to suggest that it
was Ms. Orlik's counsel who had caused Delphi to default by doing something stupid or
negligent. I am sure you will recall the calculated waiver of privilege, and brash testimony, Mr.
Kuplicki provided in response to your confident questioning on direct exam. He said **you and he**
conferred and "**decided that we would just wait . . .**" to see what happened. (Emphasis **added**.)
*Transcript of Hearing on Defendant's Motion to Set Aside Default Judgment,* 57:25-58:1.

As if this were not enough, you and he "disingenuously" continued:

Q.    Why did you do that?

A.    I've had dealings with Mr. Kendall's office before . . . . he knows how
to serve complaints . . . . sometimes it's difficult to communicate with
his office . . . . I had no reason to think they [Delphi Local Counsel]
had been served with anything . . . . I just was waiting to be served with
a complaint because I had circumstances in the past where complaints
are on file at a courthouse and the company is never served [in time] . . . .

*Trans.,* 58:6-22;59:17-18; 62:20-23. Although both courts have now made short shrift of that
argument, Delphi continues to keep its head in the sand. Delphi does this despite the mounting
evidence that there may be different interests between Delphi, and its own in-house counsel and
local counsel, because of this calculated, tactical, inexcusable decision.

Inexplicably your side continued this *chutzpah* by responding to our offer to mediate in a
cavalier and insincere manner. (A copy of your Monday letter is enclosed for your convenience.)
Delphi opines that it first wants an offer from Ms. Orlik, before even considering mediation.
Delphi further states that, even after receiving such an offer from Ms. Orlik it would only

**JANE ANN HIMSEL, ESQ.,**
19 August 2005
Page Four (4)

"carefully consider" if it was a "realistic demand." Then Delphi blandly asserts that:

> Should it **become clear** that there is a **real possibility** of
> settlement, Delphi would certainly **be willing** to revisit the
> **possibility of** renewed mediation.

(Emphasis **added**.) Please forgive me, but what does that mean? Do you really mean that if the prevailing party at trial court and Appellate Court does all that, then the losing party might "**be willing to revisit the possibility** . . . ." of mediation?! (Emphasis **added**.)

I cannot imagine what would have been Delphi's position if it had won, if this is its position when it lost at the trial court level twice, and lost at the Court of Appeals level. However, I am concerned that Delphi's current position is the result of lack of input from independent and objective counsel. Let me be clear.

At the trial court level you put Mr. Kuplicki on the stand as the in-house counsel for Delphi. Under oath, Mr. Kuplicki, prodded by your questions, waived Delphi's privilege. Then, in his answers to a series of questions propounded by you, and followed up on by me, Kuplicki testified that you and he had a phone conference a week after the aborted telephonic pre-trial conference. He further testified that you and he made a "tactical" decision to wait and see if Orlik had perfected service, and assumed that it had not been done. He further testified that he based this reasoning on the fact that many plaintiffs frequently 'mess up' their attempt to serve Delphi. He testified that you and he agreed to this 'strategy.'

The point was not lost on Judge Jessup, as the material quoted above shows. Similarity, it was not lost on the Court of Appeals in their observation that this may have been "neglect, but it was not excusable." It seems to me that the focus of the case has shifted from CT Corporation's mistake, and trumped by the knowing, calculated , and "not excusable," tactical decisions of you and Mr. Kuplicki. Therefore I would respectfully suggest that neither of you are any longer objective and impartial enough to be advising Delphi as to what is, or what is not, in its interest regarding mediation.

I am asking you to forward this request for mediation to management and counsel not involved in the decisions described herein, or their subsequent consequences during the course of this litigation. I also request that the mediation occur at the earliest possible date convenient to all parties. I further propose that the mediation be renewed with Mr. Hill since he is familiar with the case. I have already assured Mr. Schultz in my telephone conversation with him a week ago, in which I did not raise these matters, that my client was willing to make a reduced and reasonable

**JAN ANN HIMSEL, ESQ.,**
19 August 2005
Page Five (5)

opening offer to settle the case. That offer should be made at mediation, where Delphi and Ms. Orlik can benefit by the mediator's analysis of its 'reasonableness.' I further propose that counsel from Delphi other than Mr. Kuplicki be present with authority to settle the case, management if necessary. Then, and only then, do I believe that this case can be settled.

Please let me know Delphi's response at your earliest possible convenience. I am specifically requesting you to submit this request to other in-house counsel than Mr. Kuplicki and to other management, if any, who were not involved in this decision making process that resulted in the 'tactical neglect,' albeit "not excusable."

I regret that I have to write such a strong letter. However, it seems to me that all the civility and professional courtesy in the world has gone for nought when the prevailing party offers mediation and the losing party responds with obfuscation and disinterest.

Very truly yours,

Michael C. Kendall
Attorney at Law

MCK/sd
cc:    Eva M. Orlik
       William R. Schultz
       Douglas J. Hill