IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                :

In re                          :    Chapter 11

                                :

DELPHI CORPORATION, et al.,      :    Case No. 05-44481 (RDD)

                                :

                 Debtors.    :    (Jointly Administered)

                                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## AFFIDAVIT OF SERVICE

I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants, LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

On February 15, 2006, I caused to be served the documents listed below (i) upon the parties listed on Exhibit A hereto via overnight delivery, (ii) upon the parties listed on Exhibit B hereto via electronic notification, and (iii) upon the parties listed on Exhibit C hereto via postage pre-paid U.S. mail:

1) Application For Order Under 11 U.S.C. Sections 327(a), 328(a), And 1107(b) Authorizing Employment And Retention Of KPMG LLP As Tax And Transaction Services Advisors To Debtors, Effective Nunc Pro Tunc To October 8, 2005 (Docket No. 2366) [a copy of which is attached hereto as Exhibit D]

2) Notice Of Presentment Of Order Under 11 U.S.C. Sections 327(a), 328(a), And 1107(b) Authorizing Employment And Retention Of KPMG LLP As Tax And Transaction Services Advisors To Debtors, Effective Nunc Pro Tunc To October 8, 2005 (Docket No. 2371) [a copy of which is attached hereto as Exhibit E]

Dated: February 16, 2006

                                     */s/ Evan Gershbein*
                                     Evan Gershbein

Subscribed and sworn to (or affirmed) before me on this 16th day of February, 2006, by Evan Gershbein, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature :   */s/ Amy Lee Huh*

Commission Expires:   *3/15/09*

# EXHIBIT A

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Capital Research and Management Company | Michelle Robson | 11100 Santa Monica Blvd | 15th Floor | Los Angeles | CA | 90025 | 310-996-6140 | 310-996-6091 | mlfr@capgroup.com | Creditor Committee Member |
| Cohen Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | b.simon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel for Flextronics International USA, Inc. |
| Davis Polk & Wardwell | Donald Bernstein | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 | 212-450-3092 | donald.bernstein@dpw.com | Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1728 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 6328 Monarch Park Place | | Niwot | CO | 80503 | 303-652-4853 | 303-652-4716 | cshiff@flextronics.com | Counsel for Flextronics International |
| Flextronics International | Terry Zale | 6328 Monarch Park Place | | Niwot | CO | 80503 | 303-652-4853 | 303-652-4716 | terryzale@flextronics.com | Counsel for Flextronics International |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Finance Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel for Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 152 West 57th Street | 35th Floor | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel for Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Internal Revenue Service | Attn: Insolvency Department, Mario Valerio | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-298-2015 | 212-298-2016 | | IRS |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | 48226 | 313-628-3648 | 313-628-3602 | | Michigan IRS |
| IUE-CWA | Henry Reichard | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | hreichardiuecwa@aol.com | Creditor Committee Member |
| Jefferies & Company, Inc. | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.fmaher@chase.com richard.duker@jpmorgan.com gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | James Le | 12910 Culver Blvd. | Suite I | Los Angeles | CA | 90066 | 310-751-1511 | 310-751-1561 | jle@kccllc.com | Noticing and Claims Agent: |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | UCC Professional |
| Law Debenture Trust of New York | Patrick J. Healy | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Daniel R. Fisher | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel for Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel for Recticel North America, Inc. |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiquelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |

In re: Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 2

2/16/2006 12:56 PM
MSL lists fedex and email

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Mesirow Financial | Melissa Knolls | 321 N. Clark St. | 13th Floor | Chicago | IL | 60601 | 800-453-0600 | 312-644-8927 | mknoll@mesirowfinancial.com | UCC Professional |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel for Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | | New York Attorney General's Office |
| O'Melveny & Meyer LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Meyer LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov efile@pbgc.gov | Counsel for Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel for the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel for Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | 2122185526 | rdremluk@seyfarth.com | Counsel for Murata Electronics North |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Prepetition Administrative Agent |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel for Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| United States Trustee | Alicia M. Leonard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | United States Trustee |
| United States Trustee | Deirdre A. Martini | 33 Whitehall Street | Suite 2100 | New York | NY | 10004 | 212-510-0500 | 212-668-2256 | deirdre.martini@usdoj.gov | United States Trustee |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | | Proposed Conflicts Counsel for the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeffrey.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 2

2/16/2006 12:56 PM
MSL lists fedex and email

# EXHIBIT B

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Capital Research and Management Company | Michelle Robson | 11100 Santa Monica Blvd | 15th Floor | Los Angeles | CA | 90025 | 310-996-6140 | 310-996-6091 | mlfr@capgroup.com | Creditor Committee Member |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel for Flextronics International USA, Inc. |
| Davis Polk & Wardwell | Donald Bernstein | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 | 212-450-3092 | donald.bernstein@dpw.com | Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com  karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Terry Zale | 6328 Monarch Park Place | | Niwot | CO | 80503 | 303-652-4853 | 303-652-4716 | terryzale@flextronics.com | Counsel for Flextronics International |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel for Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 152 West 57th Street | 35th Floor | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel for Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| IUE-CWA | Henry Reichard | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | hreichardiuecwa@aol.com | Creditor Committee Member |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | richard.duker@jpmorgan.com  gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | James Le | 12910 Culver Blvd. | Suite I | Los Angeles | CA | 90066 | 310-751-1511 | 310-751-1561 | jle@kccllc.com | Noticing and Claims Agent: |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | UCC Professional |
| Law Debenture Trust of New York | Daniel R. Fisher | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel for Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel for Recticel North America, Inc. |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Mesirow Financial | Melissa Knolls | 321 N. Clark St. | 13th Floor | Chicago | IL | 60601 | 800-453-0600 | 312-644-8927 | mknoll@mesirowfinancial.com | UCC Professional |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel for Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| O'Melveny & Meyer LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Meyer LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov  efile@pbgc.gov | Counsel for Pension Benefit Guaranty Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 2

2/16/2006 1:01 PM
MSL lists fedex and email

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel for the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel for Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | 2122185526 | rdremluk@seyfarth.com | Counsel for Murata Electronics North |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Prepetition Administrative Agent |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel for Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 2

2/16/2006 1:01 PM
MSL lists fedex and email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | | 610-230-3064 | 310-687-1052 | david.boyle@airgas.com | Counsel for Airgas, Inc. |
| Ajamie LLP | Thomas A. Ajamie | 711 Louisiana | Suite 2150 | Houston | TX | 77002 | | 713-860-1600 | 713-860-1699 | tajamie@ajamie.com | Counsel for SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Ajamie LLP | Wallace A. Showman | 1350 Avenue of the Americas | 29th Floor | New York | NY | 10019 | | 212-246-6820 | 212-581-8958 | wshowman@ajamie.com | Counsel for SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Akin Gump Strauss Hauer & Feld, LLP | Peter J. Gurfein | 2029 Centure Park East | Suite 2400 | Los Angeles | CA | 90067 | | 310-552-6696 | 310-229-1001 | pgurfein@akingump.com | Counsel for Wamco, Inc. |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | 949-553-8354 | mgreger@allenmatkins.com | Counsel for Kilroy Realty, L.P. |
| Ambrake Corporation | Ronald L. Jones | 300 Ring Road | | Elizabethtown | KY | 42701 | | 270-765-0208 | 270-234-2395 | rjones@ambrake.com | Representative for Ambrake Corporation |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Andrews Kurth LLP | Gogi Malik | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | gogimalik@andrewskurth.com | Counsel for ITW Mortgage Investments IV, Inc. |
| Andrews Kurth LLP | Monica S. Blacker | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | mblacker@andrewskurth.com | Counsel for ITW Mortgage Investments IV, Inc. |
| Angelo, Gordon & Co. | Leigh Walzer | 245 Park Avenue | 26th Floor | New York | NY | 10167 | | 212-692-8251 | 212-867-6395 | lwalzer@angelogordon.com | |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | 626-577-7764 | mtf@afrct.com | Counsel for Stanley Electric Sales of America, Inc. |
| APS Clearing, Inc. | Andy Leinhoff | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | | 512-314-4416 | 512-314-4462 | aleinoff@amph.com | Counsel for APS Clearing, Inc. |
| APS Clearing, Inc. | Matthew Hamilton | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | | 512-314-4416 | 512-314-4462 | mhamilton@ampn.com | Counsel for APS Clearing, Inc. |
| Arent Fox PLLC | Mitchell D. Cohen | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Cohen.Mitchell@arentfox.com | Counsel for Pullman Bank and Trust Company |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Hirsh.Robert@arentfox.com | Counsel for Pullman Bank and Trust Company |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | 404-873-8121 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | 202-942-5999 | joel_gross@aporter.com | Counsel for CSX Transportation, Inc. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | 519-650-6520 | cgalloway@atsautomation.com | Company |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | Kimberly J. Robinson | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | | 312-629-5170 | 312-984-3150 | kim.robinson@bfkpn.com | Counsel for Motion Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | William J. Barrett | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | | 312-629-5170 | 312-984-3150 | william.barrett@bfkpn.com | Counsel for Motion Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | alan.mills@btlaw.com | Counsel for Mays Chemical Company |
| Barnes & Thornburg LLP | John T. Gregg | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3930 | 626-742-3999 | john.gregg@btlaw.com | Counsel to Priority Health |
| Barnes & Thornburg LLP | Patrick E. Mears | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3936 | 616-742-3999 | pmears@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Michael K. McCrory  Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | wendy.brewer@btlaw.com  michael.mccrory@btlaw.com | Counsel for Gibbs Die Casting Corporation |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | 2125541444 | hannah@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | John P. Coffey | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1409 | 2125541444 | sean@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | | 313-496-1200 | 313-496-1300 | murph@berrymoorman.com | Counsel for Kamax L.P.; Optrex America, Inc. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 15

2/16/2006 1:02 PM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Patrick M. Costello, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | pcostello@bbslaw.com | Solectron Corporation; Solectron de Mexico SA de CV; Solectron Invotronics and Coherent, Inc. |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | tgaa@bbslaw.com | Counsel to Veritas Software Corporation |
| Blank Rome LLP | Bonnie Glantz Fatell | Chase Manhattan Centre | 1201 Market Street, Suite 800 | Wilmington | DE | 19801 | | 302-425-6423 | 302-428-5110 | fatell@blankrome.com | Counsel for Special Devices, Inc. |
| Blank Rome LLP | Marc E. Richards | The Chrysler Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | 212-885-5002 | mrichards@blankrome.com | Counsel for DENSO International America, Inc. |
| Bolhouse, Vander Hulst, Risko & Baar P.C. | David S. Lefere | 3996 Chicago Drive SW | | Grandville | MI | 49418 | | 616-531-7711 | 616-531-7757 | davidl@bolhouselaw.com | Counsel for Eclipse Tool and Die, Inc. |
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | chill@bsk.com | Counsel for Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | csullivan@bsk.com | Counsel for Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | sdonato@bsk.com | Counsel for Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Bose McKinney & Evans LLP | Jeannette Eisan Hinshaw | 135 N. Pennslyvania Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-684-5296 | 317-684-5173 | jhinshaw@boselaw.com | Counsel for Decatur Plastics Products, Inc. and Eikenberry & Associates, Inc.; Lorentson Manufacturing, Company, Inc.; Lorentson Tooling, Inc.; L & S Tools, Inc.; Hewitt Tool & Die, Inc. |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | amcmullen@bccb.com | Counsel for Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | rjones@bccb.com | Counsel for Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | 856-853-9933 | dludman@brownconnery.com | Counsel for SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | 415-227-0770 | schristianson@buchalter.com | Counsel for Oracle USA, Inc.; Oracle Credit Corporation |
| Burr & Forman LLP | Michael Leo Hall | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | | (205) 458-5367 | (205) 244-5651 | mhall@burr.com | Counsel to Mercedes-Benz U.S. International, Inc |
| Cage Williams & Abelman, P.C. | Steven E. Abelman | 1433 Seventeenth Street | | Denver | CO | 80202 | | 303-295-0202 | | sabelman@cagewilliams.com | Counsel for United Power, Inc. |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 732-205-6777 | jonathan.greenberg@englehard.com | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Robert Usadi | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 212-269-5420 | rusadi@cahill.com | Counsel to Engelhard Corporation |
| Calinoff & Katz, LLp | Dorothy H. Marinis-Riggio | 140 East 45th Street | 17th Floor | New York | NY | 10017 | | 212-826-8800 | 212-644-5123 | driggio@candklaw.com | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies Ltd and Adell Plastics, Inc. |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 300 East Maple Road | Third Floor | Birmingham | MI | 48009-6317 | | 248-644-4840 | 248-644-1832 | rweisberg@carsonfischer.com | Counsel for Cascade Die Casting Group, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | 212-732-3232 | cahn@clm.com | Counsel for STMicroelectronics, Inc. |
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | japplebaum@clarkhill.com | Counsel for BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 15

2/16/2006 1:02 PM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Clark Hill PLC | Seth A. Drucker | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | sdrucker@clarkhill.com | Counsel for BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | 313-965-8252 | rgordon@clarkhill.com | Counsel for ATS Automation Tooling Systems Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel for Arneses Electricos Automotrices, S.A.de C.V.; Cordaflex, S.A. de C.V. |
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel for Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | 412-209-1837 | tmaxson@cohenlaw.com | Counsel for Nova Chemicals, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | 646-473-8238 | jvitale@cwsny.com | Counsel for International Union, United Automobile, Aeorospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | 860-727-0361 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Colbert & Winstead, P.C. | Amy Wood Malone | 1812 Broadway | | Nashville | TN | 37203 | | 615-321-0555 | 615-321-9555 | amalone@colwinlaw.com | Counsel for Averitt Express, Inc. |
| Conlin, McKenney & Philbrick, P.C. | Bruce N. Elliott | 350 South Main Street | Suite 400 | Ann Arbor | MI | 48104 | | 734-971-9000 | 734-971-9001 | Elliott@cmplaw.com | Counsel to Brazeway, Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | 302-658-0380 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |
| Contrarian Capital Management, L.L.C. | Mark Lee, Janice Stanton, Bill Raine, Seth Lax | 411 West Putnam Avenue | Suite 225 | Greenwich | CT | 06830 | | 203-862-8200 (230) 862-8231 | 203-629-1977 (203) 629-1977 | mlee@contrariancapital.com jstanton@contrariancapital.com wraine@contrariancapital.com solax@contrariancapital.com | Counsel to Contrarian Capital Management, L.L.C. |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Sylvie J. Derrien | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | derrien@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | Pretekin@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Steven M. Wachstein | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | wachstein@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | dpm@curtinheefner.com | Counsel for SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtin & Heefner, LLP | Robert  Szwajkos | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | rsz@curtinheefner.com | Counsel for SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Andrew M. Thau | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-8898 | 917-368-8898 | athau@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | David S. Karp | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6065 | 212-697-1559 | dkarp@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6065 | 212-697-1559 | sreisman@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| DaimlerChrysler Corporation | Kim Kolb | CIMS 485-13-32 | 1000 Chrysler Drive | Auburn Hills | MI | 48326-2766 | | 248-576-5741 | | krk4@daimlerchrysler.com | Counsel for DaimlerChrysler Corporation; DaimlerChrylser Motors Company, LLC; DaimlerChrysler Canada, Inc. |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | 716-856-5510 | wsavino@damonmorey.com | Counsel for Relco, Inc.; The Durham Companies, Inc. |
| Daniels & Kaplan, P.C. | Jay Selanders | 2405 Grand Boulevard | Suite 900 | Kansas City | MO | 64108-2519 | | 816-221-3086 | 816-221-3006 | selanders@danielsandkaplan.com | Counsel for DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrylser Canada, Inc. |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | 248-350-7772 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | | 212-682-4940 | 212-682-4942 | gdiconza@dlawpc.com | Counsel to Tyz-All Plastics, Inc.; Furukawa Electric North America APD |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | 513-977-8141 | john.persiani@dinslaw.com | Counsel for The Procter & Gamble Company |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | 410-580-3001 | richard.kremen@dlapiper.com | Counsel for Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | dmdelphi@duanemorris.com | Counsel to ACE American Insurance Company |
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | 973-424-2001 | jhlemkin@duanemorris.com | Counsel for NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; Hosiden America Corporation and Samtech Corporation |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | 212-715-8000 | ayala.hassell@eds.com | Representative for Electronic Data Systems Corporation |
| Erman, Teicher, Miller, Zucker & Freedman, P.C. | David H. Freedman | 400 Galleria Officentre | Ste. 444 | Southfield | MI | 48034 | | 248-827-4100 | 248-827-4106 | dfreedman@ermanteicher.com | Counsel for Doshi Prettl International, LLC |
| Erman, Teicher, Miller, Zucker & Freedman, P.C. | Earle I. Erman | 400 Galleria Officentre | Ste. 444 | Southfield | MI | 48034 | | 248-827-4100 | 248-827-4106 | eerman@ermanteicher.com | Counsel for Doshi Prettl International, LLC |
| Fagel Haber LLC | Gary E. Green | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | ggreen@fagelhaber.com | Counsel for Aluminum International, Inc. |
| Fagel Haber LLC | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | lnewman@fagelhaber.com | Counsel for Aluminum International, Inc. |
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | 212-422-6836 | tdonovan@finkgold.com | Counsel for Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | 312-832-4700 | jmurch@foley.com | Counsel for Kuss Corporation |
| Fox Rothschild LLP | Fred Stevens | 13 East 37th Street | Suite 800 | New York | NY | 10016 | | 212-682-7575 | 212-682-4218 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Fox Rothschild LLP | Michael J. Viscount, Jr. | 1301 Atlantic Avenue | Suite 400 | Atlantic City | NJ | 08401-7212 | | 609-348-4515 | 609-348-6834 | mviscount@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | 608-848-6357 | ftrikkers@rikkerslaw.com | Counsel for Southwest Metal Finishing, Inc. |
| Gazes LLC | Ian J. Gazes | 32 Avenue of the Americas | | New York | NY | 10013 | | 212-765-9000 | 212-765-9675 | ian@gazesllc.com | Counsel to Setech, Inc. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Gazes LLC | Eric Wainer | 32 Avenue of the Americas | Suite 1800 | New York | NY | 10013 | | 212-765-9000 | 212-765-9675 | office@gazesllc.com | Counsel to Setech, Inc. |
| Genovese Joblove & Battista, P.A. | Craig P. Rieders, Esq. | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | | 305-349-2300 | 305-349-2310 | crieders@gjb-law.com | Counsel for Ryder Integrated Logistics, Inc. |
| Gibbons, Del Deo, Dolan, Griffinger & Vecchione | David N. Crapo | One Riverfront Plaza | | Newark | NJ | 07102-5497 | | 973-596-4523 | 973-639-6244 | dcrapo@gibbonslaw.com | Counsel for Epcos, Inc. |
| Goodwin Procter LLP | Allan S. Brilliant | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | abrilliant@goodwinproctor.com | Counsel for UGS Corp. |
| Goodwin Procter LLP | Craig P. Druehl | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | cdruehl@goodwinproctor.com | Counsel for UGS Corp. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | 212-269-2540 | bmehlsack@gkllaw.com | Counsel for International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | 617-574-4112 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |
| Grant & Eisenhofer P.A. | Geoffrey C. Jarvis | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | 302-622-7100 | gjarvis@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | 212-755-6503 | jeisenhofer@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Sharan Nirmul | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | 302-622-7100 | snirmul@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | jh@previant.com | Counsel for International Brotherod of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | mrr@previant.com | Counsel for International Brotherod of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Gratz, Miller & Brueggeman, S.C. | Timothy C. Hall | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | tch@previant.com | Counsel for International Brotherod of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | 513-651-3836 | mdebbeler@graydon.com | Counsel for Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | 314-241-8624 | ckm@greensfelder.com jpb@greensfelder.com | Counsel for ARC Automotive, Inc. |
| Guaranty Bank | Herb Reiner | 8333 Douglas Avenue | | Dallas | TX | 75225 | | 214-360-2702 | 214-360-1940 | herb.reiner@guarantygroup.com | Counsel for American Finance Group, Inc. d/b/a Guaranty Capital Corporation |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 5 of 15

2/16/2006 1:02 PM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | 212-765-0964 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation |
| Harris D. Leinwand | Harris D. Leinwand | 350 Fifth Avenue | Suite 2418 | New York | NY | 10118 | | 212-725-7338 | 212-244-6219 | hleinwand@aol.com | Counsel for Baker Hughes Incorporated; Baker Petrolite Corporation |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | 212-545-3360 | prubin@herrick.com | Counsel for Canon U.S.A., Inc. and Schmidt Technology Company |
| Hewlett-Packard Company | Anne Marie Kennelly | 3000 Hanover St., M/S 1050 | | Palo Alto | CA | 94304 | | 650-857-6902 | 650-852-8617 | anne.kennelly@hp.com | Counsel for Hewlett-Packard Company |
| Hewlett-Packard Company | Glen Dumont | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4750 | 908-866-4137 | glen.dumont@hp.com | Counsel for Hewlett-Packard Financial Services Company |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | 740-940-7539 | ken.higman@hp.com | Counsel for Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | 908-898-4133 | sharon.petrosino@hp.com | Counsel for Hewlett-Packard Financial Services Company |
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | 315-425-8576 | echarlton@hiscockbarclay.com | Counsel for GW Plastics, Inc. |
| Hodgson Russ LLP | Cheryl R. Storie | One M&T Plaza | Suite 2000 | Buffalo | NY | 14203 | | 716-848-1275 | 716-849-0349 | cstorie@hodgsonruss.com | Counsel for Hexcel Corporation |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | Carnegie Hall Tower | 152 West 57th Street, 35th Street | New York | NY | 10019 | | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel for Hexcel Corporation |
| Hogan & Hartson L.L.P. | Audrey Moog | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | amoog@hhlaw.com | Counsel for Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | ecdolan@hhlaw.com | Counsel for Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | 212-918-3100 | sagolden@hhlaw.com | Counsel for XM Satellite Radio Inc. |
| Holme Roberts & Owen, LLP | Elizabeth K. Flaagan | 1700 Lincoln | Suite 4100 | Denver | CO | 80203 | | 303-861-7000 | 303-866-0200 | elizabeth.flaagan@hro.com | Counsel for CoorsTek, Inc.; Corus, L.P. |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | 313-465-7315 | dbaty@honigman.com | Counsel for Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | Robert B. Weiss, Frank L. Gorman | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | | 313-465-7000 | 313-465-8000 | rweiss@honigman.com fgorman@honigman.com | Counsel for General Motors Corporation |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | 419-255-9121 | jrhunter@hunterschank.com | Counsel for ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | 419-255-9121 | tomschank@hunterschank.com | Counsel for ZF Group North America Operations, Inc. |
| Hunton & Wiliams LLP | Michael P. Massad, Jr. | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | mmassad@hunton.com | Counsel for RF Monolithics, Inc. |
| Hunton & Wiliams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | sholmes@hunton.com | Counsel for RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | 716-855-0874 | aee@hurwitzfine.com | Counsel for Jiffy-Tite Co., Inc. |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | 317-236-2219 | Ben.Caughey@icemiller.com | Counsel for Sumco, Inc. |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | 408-501-2488 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | 765-456-3836 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | 202-778-2641 | rgriffin@iuoe.org | Counsel for International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Jaffe, Raitt, Heuer & Weiss, P.C. | Paige E. Barr | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | | 248-351-3000 | 248-351-3082 | pbarr@jaffelaw.com | Counsel for Truton Corporation |
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | 312-840-7381 | rpeterson@jenner.com | Counsel for SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC and Tenneco Inc. |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | 212-755-7306 | sjfriedman@jonesday.com | Counsel for WL. Ross & Co., LLC |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | 312-577-4733 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | 614-464-2634 | kcookson@keglerbrown.com | Counsel for Solution Recovery Services |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 6 of 15

2/16/2006 1:02 PM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Keller Rohrback L.L.P. | Lynn Lincoln Sarko, Cari Campen Laufenberg, Erin M. Rily | 1201 Third Avenue | Suite 3200 | Seattle | WA | 98101 | | 206-623-1900 | 206-623-3384 | lsarko@kellerrohrback.com claufenberg@kellerrohrback.com eriley@kellerrohrback.com | Counsel for Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Keller Rohrback P.L.C. | Gary A. Grotto | National Bank Plaza | 3101 North Central Avenue, Suite 900 | Phoenix | AZ | 85012 | | 602-248-0088 | 602-248-2822 | ggrotto@kellerrohrback.com | Counsel for Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Kelley Drye & Warren, LLP | Mark I. Bane | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | 212-808-7897 | mbane@kelleydrye.com | Counsel for the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Mark. R. Somerstein | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | 212-808-7897 | msomerstein@kelleydrye.com | Counsel for the Pension Benefit Guaranty Corporation |
| Kennedy, Jennick & Murray | Larry Magarik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | lmagarik@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | sjennik@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communications Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | tkennedy@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| King & Spalding, LLP | Alexandra B. Feldman | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | 212-556-2222 | afeldman@kslaw.com | Counsel for Martinrea International, Inc. |
| King & Spalding, LLP | George B. South, III | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | 212-556-2222 | gsouth@kslaw.com | Counsel for Martinrea International, Inc. |
| Kirkland & Ellis LLP | Geoffrey A. Richards | 200 East Randolph Drive | | Chicago | IL | 60601 | | 312-861-2000 | 312-861-2200 | grichards@kirkland.com | Counsel for Lunt Mannufacturing Company |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | 212-536-3901 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | 330-497-4020 | sosimmerman@kwgd.com | Counsel to for Milwood, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | | 617-542-3000 | 617-542-3001 | ekutchin@kutchinrufo.com | Counsel for Parlex Corporation |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | | smcook@lambertleser.com | Counsel for Linamar Corporation |
| Latham & Watkins | Erika Ruiz | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | erika.ruiz@lw.com | UCC Professional |
| Latham & Watkins | Henry P. Baer, Jr. | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | henry.baer@lw.com | UCC Professional |
| Latham & Watkins | John W. Weiss | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | john.weiss@lw.com | UCC Professional |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | 212-751-4864 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | mitchell.seider@lw.com | UCC Professional |
| Latham & Watkins | Robert Rosenberg | 885 Third Avenue | Suite 1000 | New York | NY | 10022-4834 | | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | UCC Professional |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | 520-879-4705 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 7 of 15

2/16/2006 1:02 PM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | 602-734-3824 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linear Technology Corporation | John England, Esq. | 1630 McCarthy Blvd. | | Milpitas | CA | 95035-7417 | | 408-432-1900 | 408-434-0507 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | 512-443-5114 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | 4692215002 | dallas.bankruptcy@publicans.com | Counsel for Dallas County and Tarrant County |
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | 713-844-3503 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | 212-407-4990 | whawkins@loeb.com | Counsel for Industrial Ceramics Corporation |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | bnathan@lowenstein.com | Counsel for Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | ilevee@lowenstein.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | krosen@lowenstein.com | Counsel for Cerberus Capital Management, L.P. |
| Lowenstein Sandler PC | Michael S. Etkin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | metkin@lowenstein.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | scargill@lowenstein.com | Counsel for Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | vdagostino@lowenstein.com | Counsel for AT&T Corporation |
| MacDonald, Illig, Jones & Britton LLP | Richard J. Parks | 100 State Street | Suite 700 | Erie | PA | 16507-1459 | | 814-870-7754 | 814-454-4647 | rparks@mijb.com | Counsel for Ideal Tool Company, Inc. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | 303-957-2098 | jlanden@madisoncap.com | Representative of Madison Capital Management |
| Margulies & Levinson, LLP | Jeffrey M. Levinson, Esq. Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | 216-514-4936 | jml@ml-legal.com lmc@ml-legal.com | Counsel for Venture Plastics |
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | 312-245-7467 | gsantella@masudafunai.com | Counsel for NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; Hosiden America Corporation and Samtech Corporation |
| Mayer, Brown, Rowe & Maw LLP | Jeffrey G. Tougas | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | 212-506-2500 | jgtougas@mayerbrownrowe.com | Counsel for Bank of America, N.A. |
| Mayer, Brown, Rowe & Maw LLP | Raniero D'Aversa, Jr. | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | 212-506-2500 | rdaversa@mayerbrown.com | Counsel for Bank of America, N.A. |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | 212-609-6921 | dadler@mccarter.com | Counsel to Ward Products, LLC |
| McDermott Will & Emery LLP | James M. Sullivan | 50 Rockefeller Plaza | | New York | NY | 10020 | | 212-547-5400 | 212-547-5444 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation, National Semiconductor Corporation; Timken Corporation |
| McDermott Will & Emery LLP | Stephen B. Selbst | 50 Rockefeller Plaza | | New York | NY | 10020 | | 212-547-5400 | 212-547-5444 | sselbst@mwe.com | Counsel for National Semiconductor Corporation |
| McDonald Hopkins Co., LPA | Jean R. Robertson, Esq. | 600 Superior Avenue, East | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | jrobertson@mcdonaldhopkins.com | Counsel to Brush Engineered Materials |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-----|-------|------------------|
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | 973-622-5314 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuirewoods LLP | Elizabeth L. Gunn | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1178 | 804-698-2186 | egunn@mcguirewoods.com | Counsel for Siemens Logistics Assembly Systems, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | hkolko@msek.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | lpeterson@msek.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | emeyers@mrrlaw.net | Counsel for Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | rrosenbaum@mrrlaw.net | Counsel for Prince George County, Maryland |
| Miles & Stockbridge, P.C. | Kerry Hopkins | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | 410-385-3700 | khopkins@milesstockbridge.com | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | 410-385-3700 | trenda@milesstockbridge.com | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miller Johnson | Thomas P. Sarb Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748 616-831-1726 | 616-988-1748 616-988-1726 | sarbt@millerjohnson.com wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | 313-496-8453 | fusco@millercanfield.com | Counsel for Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | 313-496-7997 | greenj@millercanfield.com | Counsel for Wells Operating Partnership, LP |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Michael L. Schein | 666 Third Avenue | | New York | NY | 10017 | | 212-935-3000 | 212-983-3115 | mlschein@mintz.com | Counsel to Hitachi Automotive Products (USA), Inc.; Conceria Pasubio |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Paul J. Ricotta | One Financial Center | | Boston | MA | 02111 | | 617-542-6000 | 617-542-2241 | pjricotta@mintz.com | Counsel for Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Stephanie K. Hoos | The Chrysler Center | 666 Third Avenue | New York | NY | 10017 | | 212-935-3000 | 212-983-3115 | skhoos@mintz.com | Counsel for Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | 630-512-8610 | Jeff.Ott@molex.com | Counsel for Molex Connector Corp |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | 212-309-6001 | agottfried@morganlewis.com | Counsel for ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | 212-309-6001 | mzelmanovitz@morganlewis.com | Counsel for Hitachi Chemical (Singapore) Pte, Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | 213-612-2501 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 9 of 15

2/16/2006 1:02 PM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | | lberkoff@moritthock.com | Counsel for Standard Microsystems Corporation and its direct and indirect subsidiaries Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |
| Morris, Nichols, Arsht and Tunnell | Michael G. Busenkell | PO Box 1347 | | Wilmington | DE | 19899-1347 | | 302-658-9200 | 302-658-3989 | mbusenkell@mnat.com | Counsel for Chicago Miniature Optoelectronic Technologies, Inc. |
| Morris, Nichols, Arsht and Tunnell | Robert J. Dehney | PO Box 1347 | | Wilmington | DE | 19899-1347 | | 302-658-9200 | 302-658-3989 | rdehney@mnat.com | Counsel for Chicago Miniature Optoelectronic Technologies, Inc. |
| Morrison Cohen LLP | Joseph T. Moldovan Michael R. Dal Lago | 909 Third Avenue | | New York | NY | 10022 | | 212-735-8603 212-735-8757 | 917-522-3103 917-522-3157 | jmoldovan@morrisoncohen.com mdallago@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 3800 Lincoln Plaza | 500 North Akard Street | Dallas | TX | 75201-6659 | | 214-855-7590 214-855-7561 214-855-7587 | 214-855-7584 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel for Texas Instruments Incorporated |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | | 616-977-0077 | 616-977-0529 | sandy@nlsg.com | Counsel for Lankfer Diversified Industries, Inc. |
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | Knathan@nathanneuman.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Nathan, Neuman & Nathan, P.C. | Susanna C. Brennan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | sbrennan@nathanneuman.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | 866-298-4481 | lisa.moore2@nationalcity.com | Vice President and Senior Counsel for National City Commercial Capital |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | 803-256-7500 | george.cauthen@nelsonmullins.com | Counsel for Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| Nix, Patterson & Roach, L.L.P. | Bradley E. Beckworth | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | bbeckworth@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Jeffrey J. Angelovich | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | jangelovich@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 10 of 15

2/16/2006 1:02 PM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Nix, Patterson & Roach, L.L.P. | Susan Whatley | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | susanwhatley@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Noma Company and General Chemical Performance Products LLC | James Imbriaco | 90 East Halsey Road | | Parsippany | NJ | 07054 | | 973-884-6952 | 973-515-3244 | jimbriaco@gentek-global.com | |
| Norris, McLaughlin & Marcus | Elizabeth L. Abdelmasieh, Esq. | 721 Route 202-206 | P.O. Box 1018 | Somerville | NJ | 08876 | | 908-722-0700 | 908-722-0755 | eabdelmasieh@nmmlaw.com | Counsel for Rotor Clip Company, Inc. |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | dgheiman@jonesday.com | Counsel for WL. Ross & Co., LLC |
| North Point | Michelle M. Harner | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | mmharner@jonesday.com | Counsel for WL. Ross & Co., LLC |
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | | 512-475-4861 | 512-482-8341 | jay.hurst@oag.state.tx.us | Counsel for The Texas Comptroller of Public Accounts |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | 978-667-9969 | michaelz@orbotech.com | Company |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | 212-506-5151 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | 415-773-5759 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Jonathan P. Guy | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | jguy@orrick.com | Counsel for Westwood Assoicates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Matthew W. Cheney | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | mcheney@orrick.com | Counsel for Westwood Assoicates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Richard H. Wyron | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | rwyron@orrick.com | Counsel for Westwood Assoicates, Inc. |
| Otterbourg, Steindler, Houston & Rosen, P.C. | Melissa A. Hager | 230 Park Avenue | | New York | NY | 10169 | | 212-661-9100 | 212-682-6104 | mhager@oshr.com | Counsel for Sharp Electronics Corporation |
| Otterbourg, Steindler, Houston & Rosen, P.C. | Scott L. Hazan | 230 Park Avenue | | New York | NY | 10169 | | 212-661-9100 | 212-682-6104 | shazan@oshr.com | Counsel for Sharp Electronics Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Curtis J. Weidler | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3157 | 212-373-2053 | cweidler@paulweiss.com | Counsel for Ambrake Corporation; Akebono Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | ddavis@paulweiss.com | Counsel for Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | emccolm@paulweiss.com | Counsel for Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Stephen J. Shimshak | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3133 | 212-373-2136 | sshimshak@paulweiss.com | Counsel for Ambrake Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K. Street, N.W. | | Washington | DC | 20005-4026 | | 202-326-4020 | 202-326-4112 | landy.ralph@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Pepe & Hazard LLP | Charles J. Filardi, Jr., Esq. | 30 Jelliff Lane | | Southport | CT | 06890 | | 203-319-4042 | 203-319-4034 | cfilardi@pepehazard.com | Federal Express Corporation |
| Pepper, Hamilton LLP | Anne Marie Aaronson | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | aaronsona@pepperlaw.com | Counsel for Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Linda J. Casey | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | caseyl@pepperlaw.com | Counsel for SKF USA, Inc. |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | 302-421-8390 | jaffeh@pepperlaw.com | Counsel for SKF USA, Inc. |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | lawallf@pepperlaw.com | Counsel for Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Phillips Nizer LLP | Sandra A. Riemer, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | karen.dine@pillsburylaw.com | Counsel for Clarion Corporation of America |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | margot.erlich@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | 7th Floor | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | 714-436-2800 | mark.houle@pillsburylaw.com | Counsel for Clarion Corporation of America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | richard.epling@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | robin.spear@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pitney Hardin LLP | Ronald S. Beacher | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | 212-682-3485 | rbeacher@pitneyhardin.com | Counsel for IBJTC Business Credit Corporation |
| Pitney Hardin LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | 973-966-1015 | rmeth@pitneyhardin.com | Counsel for Marshall E. Campbell Company |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |
| Pryor & Mandelup, LLP | A. Scott Mandelup, Kenneth A. Reynolds | 675 Old Country Road | | Westbury | NY | 11590 | | 516-997-0999 | 516-333-7333 | asm@pryormandelup.com kar@pryormandelup.com | Counsel for National Molding Corporation; Security Plastics Division/NMC LLC |
| QAD, Inc. | Jason Pickering, Esq. | 10,000 Midlantic Drive | | Mt. Laurel | NJ | 08054 | | 856-840-2489 | 856-840-2740 | jkp@qad.com | Counsel to QAD, Inc. |
| Quadrangle Debt Recovery Advisors LLC | Andrew Herenstein | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1742 | 866-741-2505 | andrew.herenstein@quadranglegroup. | Counsel to Quadrangle Debt Recovery Advisors LLC |
| Quadrangle Group LLC | Patrick Bartels | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1748 | 866-552-2052 | patrick.bartels@quadranglegroup | Counsel to Quadrangle Group LLC |
| Quarles & Brady Streich Lang LLP | John A. Harris | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | jharris@quarles.com | Counsel for Semiconductor Components Industries, Inc. |
| Quarles & Brady Streich Lang LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | 520-770-2203 | knye@quarles.com | Counsel for Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation |
| Quarles & Brady Streich Lang LLP | Scott R. Goldberg | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | sgoldber@quarles.com | Counsel for Semiconductor Components Industries, Inc. |
| Reed Smith | Elena Lazarou | 599 Lexington Avenue | 29th Street | New York | NY | 10022 | | 212-521-5400 | 212-521-5450 | elazarou@reedsmith.com | Counsel for General Electric Capital Corporation, Stategic Asset Finance. |
| Republic Engineered Products, Inc. | Joseph Lapinsky | 3770 Embassy Parkway | | Akron | OH | 44333 | | 330-670-3004 | 330-670-3020 | jlapinsky@republicengineered.com | Counsel to Republic Engineered Products, Inc. |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | 206-389-1708 | jshickich@riddellwilliams.com | Counsel for Microsoft Corporation; Microsoft Licensing, GP |
| Riemer & Braunstein LLP | Mark S. Scott | Three Center Plaza | | Boston | MA | 02108 | | 617-523-9000 | 617-880-3456 | mscott@riemerlaw.com | Counsel for ICX Corporation |
| Riverside Claims LLC | Holly Rogers | 2109 Broadway | Suite 206 | New York | NY | 10023 | | 212-501-0990 | 212-501-7088 | holly@regencap.com | Riverside Claims LLC |
| Robinson, McFadden & Moore, P.C. | Annemarie B. Mathews | P.O. Box 944 | | Columbia | SC | 29202 | | 803-779-8900 | 803-771-9411 | amathews@robinsonlaw.com | Counsel for Blue Cross Blue Shield of South Carolina |
| Ropers, Majeski, Kohn & Bentley | Christopher Norgaard | 515 South Flower Street | Suite 1100 | Los Angeles | CA | 90071 | | 213-312-2000 | 213-312-2001 | cnorgaard@ropers.com | Counsel for Brembo S.p.A; Bibielle S.p.A.; AP Racing |
| Ropes & Gray LLP | Gregory O. Kaden | One International Place | | Boston | MA | 02110-2624 | | 617-951-7000 | 617-951-7050 | gregory.kaden@ropesgray.com | Attorneys for D-J, Inc. |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | 212-825-9414 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Sachnoff & Weaver, Ltd | Charles S. Schulman, Arlene N. Gelman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | | 312-207-1000 | 312-207-6400 | cschulman@sachnoff.com agelman@sachnoff.com | Counsel for Infineon Technologies North America Corporation |
| Satterlee Stephens Burke & Burke LLP | Christopher R. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Schiff Hardin LLP | Michael Yetnikoff | 623 Fifth Avenue | 28th Floor | New York | NY | 10022 | | 212-753-5000 | 212-753-5044 | myetnikoff@schiffhardin.com | Counsel for  Means Industries |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Schiff Hardin LLP | William I. Kohn | 6600 Sears Tower | | Chicago | IL | 60066 | | 312-258-5500 | 312-258-5600 | wkohn@schiffhardin.com | Counsel for Means Industries |
| Schiffrin & Barroway, LLP | Michael Yarnoff | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7056 | 610-667-7706 | myarnoff@sbclasslaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schiffrin & Barroway, LLP | Sean M. Handler | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7706 | 610-667-7056 | shandler@sbclasslaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schulte Roth & Sabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | 212-593-5955 | james.bentley@srz.com | Counsel for Panasonic Automotive Systems Company of America |
| Schulte Roth & Sabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | michael.cook@srz.com | Counsel for Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Schulte Roth & Zabel LLP | Carol Weiner Levy | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | carol.weiner.levy@srz.com | Counsel for D.C. Capital Partners, L.P. |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | 404-892-7056 | pbaisier@seyfarth.com | Counsel for Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk, Esq. | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel for Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | 617-946-4801 | whanlon@seyfarth.com | Counsel for le Belier/LBQ Foundry S.A. de C.V. |
| Sheehan Phinney Bass + Green Professional Association | Steven E. Boyce | 1000 Elm Street | P.O. Box 3701 | Manchester | NH | 03105-2347 | | 603-627-8278 | 603-641-2347 | sboyce@sheehan.com | Counsel for Source Electronics, Inc. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | 248-358-2740 | lawtoll@comcast.net | Counsel for Milwaukee Investment Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | 225-757-7674 | rthibeaux@shergarner.com | Counsel for Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | 504-299-2300 | rthibeaux@shergarner.com | Counsel for Gulf Coast Bank & Trust Company |
| Shipman & Goodwin LLP | Jennifer L. Adamy | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5811 | 860-251-5218 | bankruptcy@goodwin.com | Counsel to Fortune Plastics Company of Illinois, Inc.; Universal Metal Hose Co., |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | asherman@sillscummis.com | Counsel for Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | jzackin@sillscummis.com | Counsel for Hewlett-Packard Financial Services Company |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | 203-542-4100 | cfortgang@silverpointcapital.com | Counsel for Silver Point Capital, L.P. |
| Simpson Thacher & Bartlett LLP | Kenneth S. Ziman, Esq. | 425 Lexington Avenue | | New York | NY | 10017 | | 212-455-2000 | 212-455-2502 | cfox@stblaw.com | Counsel to JPMorgan Chase Bank, N.A. |
| Simpson Thacher & Bartlett LLP | William T. Russell, Jr., Esq. | 425 Lexington Avenue | | New York | NY | 10017 | | 212-455-2000 | 212-455-2502 | cfox@stblaw.com | Counsel to JPMorgan Chase Bank, N.A. |
| Smith, Gambrell & Russell, LLP | Barbara Ellis-Monro | 1230 Peachtree Street, N.E. | Suite 3100 | Atlanta | GA | 30309 | | 404-815-3500 | 404-815-3509 | bellis-monro@sgrlaw.com | Counsel for Southwire Company |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | 3026528405 | kmiller@skfdelaware.com | Counsel for Airgas, Inc. |
| Sonnenschein Nath & Rosenthal LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | 212-768-6800 | fyates@sonnenschein.com | Counsel for Molex, Inc. and INA USA, Inc. |
| Sonnenschein Nath & Rosenthal LLP | Jo Christine Reed | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | 212-768-6800 | jcreed@sonnenschein.com | Counsel for Molex, Inc. and INA USA, Inc. |
| Sonnenschein Nath & Rosenthal LLP | Robert E. Richards | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | 312-876-7934 | rrichards@sonnenschein.com | Counsel for Molex, Inc. and INA USA, Inc. |
| Sony Electronics Inc. | Lloyd B. Sarakin - Chief Counsel, Finance and Credit | 1 Sony Drive | MD #1 E-4 | Park Ridge | NJ | 07656 | | 201-930-7483 | | lloyd.sarakin@am.sony.com | Counsel to Sony Electronics, Inc. |
| Sotiroff & Abramczyk, P.C. | Robert M. Goldi | 30400 Telegraph Road | Suite 444 | Bingham Farms | MI | 48025 | | 248-642-6000 | 248-642-9001 | rgoldi@sotablaw.com | Counsel for Michigan Heritage Bank; MHB Leasing, Inc. |
| Squire, Sanders & Dempsey L.L.P. | Eric Marcks | One Maritime Plaza | Suite 300 | San Francisco | CA | 94111-3492 | | | 415-393-9887 | emarcks@ssd.com | Counsel for Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Squire, Sanders & Dempsey L.L.P. | Penn Ayers Butler | 600 Hansen Way | | Palo Alto | CA | 94304 | | 650-856-6500 | 650-843-8777 | pabutler@ssd.com | Counsel for Furukawa Electric Co., Ltd. and Furukawa Electric North America, APD Inc. |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | 502-245-0542 | jmbaumann@steeltechnologies.com | Counsel for Steel Technologies, Inc. |
| Stein, Rudser, Cohen & Magid LLP | Robert F. Kidd | 825 Washington Street | Suite 200 | Oakland | CA | 94607 | | 510-287-2365 | 510-987-8333 | rkidd@srcm-law.com | Counsel for Excel Global Logistics, Inc. |
| Steinberg Shapiro & Clark | Mark H. Shapiro | 24901 Northwestern Highway | Suite 611 | Southfield | MI | 48075 | | 248-352-4700 | 248-352-4488 | shapiro@steinbergshapiro.com | Counsel for Bing Metals Group, Inc.; Central Transport International, Inc.; Crown Enerprises, Inc.; Economy Transport, Inc.; Logistics Insight Corp (LINC); Universal Am-Can, Ltd.; Universal Truckload Services, Inc. |
| Sterns & Weinroth, P.C. | Jeffrey S. Posta | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-3922100 | 609-392-7956 | jposta@sternslaw.com | Counsel for Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Chester B. Salomon, Esq. Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | 212-319-8505 | cs@stevenslee.com cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; V.J. Technologies, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | 816-691-3495 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | madison.cashman@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | robert.goodrich@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 | 502-779-8274 | wbeard@stites.com | Counsel to WAKO Electronics (USA), Inc. and Ambrake Corporation |
| Stroock & Stroock & Lavan, LLP | Joseph G. Minias | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | 212-806-6006 | jminias@stroock.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Stroock & Stroock & Lavan, LLP | Kristopher M. Hansen | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | 212-806-6006 | khansen@stroock.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Swidler Berlin LLP | Roger Frankel | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | | 202-424-7500 | 202-424-7645 | rfrankel@swidlaw.com | Counsel for Sanders Lead Co. |
| Swidler Berlin LLP | Robert N. Steinwurtzel | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | | 202-424-7500 | 202-424-7645 | rnsteinwurtzel@swidlaw.com | Attorneys for Sanders Lead Co. |
| Taft, Stettinius & Hollister LLP | Richard L. .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | | ferrell@taftlaw.com | Counsel for Wren Industries, Inc. |
| Tennessee Department of Revenue | Marvin E. Clements, Jr. | c/o TN Attorney General's Office, Bankruptcy Division | PO Box 20207 | Nashville | TN | 37202-0207 | | 615-532-2504 | 615-741-3334 | marvin.clements@state.tn.us | Tennesse Department of Revenue |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | 212-912-7751 | jforstot@tpw.com | Counsel for TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | 212-912-7751 | lcurcio@tpw.com | Counsel for TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda ku | Tokyo | | 100-8322 | Japan | 81-3-3286-3919 | | niizeki.tetsuhiro@furukawa.co.jp | Legal Department of The Furukawa Electric Co., Ltd. |
| Thelen Reid & Priest LLP | David A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | | 212-603-2000 | 212-603-2001 | dlowenthal@thelenreid.com | Counsel for American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Thelen Reid & Priest LLP | Daniel A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | | 212-603-2000 | 212-603-2001 | dlowenthal@thelenreid.com | Counsel for Oki Semiconductor Company |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | 713-654-1871 | rhett.campbell@tklaw.com | Counsel for STMicroelectronics, Inc. |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 300 | Dallas | TX | 75201 | | 214-969-1505 | 214-969-1609 | john.brannon@tklaw.com | Counsel for Victory Packaging |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 14 of 15

2/16/2006 1:02 PM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Thurman & Phillips, P.C. | Ed Phillips, Jr. | 8000 IH 10 West | Suite 1000 | San Antonio | TX | 78230 | | 210-341-2020 | 210-344-6460 | ephillips@thurman-phillips.com | Counsel for Royberg, Inc. d/b/a Precision Mold & Tool and d/b/a Precision Mold and Tool Group |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| Togut, Segal & Segal LLP | Albert Togut, Esq. | One Penn Plaza | Suite 3335 | New York | NY | 10119 | | 212-594-5000 | 212-967-4258 | bmcdonough@teamtogut.com | Conflicts counsel to Debtors |
| Tyler, Cooper & Alcorn, LLP | W. Joe Wilson | City Place | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | 860-278-3802 | jwilson@tylercooper.com | Counsel for Barnes Group, Inc. |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | 585-258-2821 | hzamboni@underbergkessler.com | Counsel for McAlpin Industries, Inc. |
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO | David Jury, Esq. | Five Gateway Center | Suite 807 | Pittsburgh | PA | 15222 | | 412-562-2549 | 412-562-2429 | djury@steelworkers-usw.org | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Varnum, Riddering, Schmidt & Howlett LLp | Michael S. McElwee | Bridgewater Place | P.O. Box 353 | Grand Rapids | MI | 49501-0352 | | 616-336-6827 | 616-336-7000 | msmcelwee@varnumlaw.com | Counsel for Furukawa Electric North America APD |
| Vorys, Sater, Seymour and Pease LLP | Robert J. Sidman, Esq. | 52 East Gay Street | P.O. Box 1008 | Columbus | OH | 43216-1008 | | 614-464-6422 | 614-719-8676 | rjsidman@vssp.com | |
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | | 614-464-8322 | 614-719-4663 | tscobb@vssp.com | Counsel for America Online, Inc. and its Subsidiaries and Affiliates |
| Wachtell, Lipton, Rosen & Katz | Emil A. Kleinhaus | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | EAKleinhaus@wlrk.com | Counsel for Capital Research and Management Company |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | RGMason@wlrk.com | Counsel for Capital Research and Management Company |
| Waller Lansden Dortch & Davis, PLLC | David E. Lemke, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | david.lemke@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Waller Lansden Dortch & Davis, PLLC | Robert J. Welhoelter, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | robert.welhoelter@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2158 | | growsb@wnj.com | Counsel for Behr Industries Corp. |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | 616-222-2185 | gtoering@wnj.com | Counsel for Robert Bosch Corporation |
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | 248-603-9631 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Stevens, L.L.P. | Michael D. Warner | 301 Commerce Street | Suite 1700 | Fort Worth | TX | 76102 | | 817-810-5250 | 817-810-5255 | bankruptcy@warnerstevens.com | Counsel for Electronic Data Systems Corp. and EDS Information Services, L.L.C. |
| Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP | Lei Lei Wang Ekvall | 650 Town Center Drive | Suite 950 | Costa Mesa | CA | 92626 | | 714-966-1000 | 714-966-1002 | lekvall@wgllp.com | Counsel for Toshiba America Electronic Components, Inc. |
| Weinstein, Eisen & Weiss LLP | Aram Ordubegian | 1925 Century Park East | #1150 | Los Angeles | CA | 90067 | | 310-203-9393 | 310-203-8110 | aordubegian@weineisen.com | Counsel for Orbotech, Inc. |
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | 614-222-2193 | gpeters@weltman.com | Counsel for Seven Seventeen Credit Union |
| White & Case LLP | John K. Cunningham | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | | 212-819-8200 | | jcunningham@whitecase.com | Counsel for Appaloosa Management, LP |
| White & Case LLP | Margarita Mesones-Mori | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | 305-358-5744 | mmesonesmori@whitecase.com | Counsel for Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | 414-223-5000 | barnold@whdlaw.com | Counsel for Schunk Graphite Technology |
| Winstead Sechrest & Minick P.C. | Berry D. Spears | 401 Congress Avenue | Suite 2100 | Austin | TX | 78701 | | 512-370-2800 | 512-370-2850 | bspears@winstead.com | Counsel for National Instruments Corporation |
| Winstead Sechrest & Minick P.C. | R. Michael Farquhar | 5400 Renaissance Tower | 1201 Elm Street | Dallas | TX | 75270 | | 214-745-5400 | 214-745-5390 | mfarquhar@winstead.com | Counsel for National Instruments Corporation |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | mwinthrop@winthropcouchot.com | Counsel for Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | sokeefe@winthropcouchot.com | Counsel for Metal Surfaces, Inc. |
| WL Ross & Co., LLC | Oscar Iglesias | 600 Lexington Avenue | 19th Floor | New York | NY | 10022 | | 212-826-1100 | 212-317-4893 | oiglesias@wlross.com | Counsel for WL. Ross & Co., LLC |
| Womble Carlyle Sandridge & Rice, PLLC | Lillian H. Pinto | 300 North Greene Street | Suite 1900 | Greensboro | NC | 27402 | | 336-574-8058 | 336-574-4528 | lpinto@wcsr.com | Counsel for Armacell |
| Zeichner Ellman & Krause LLP | Peter Janovsky | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | pjanovsky@zeklaw.com | Counsel for Toyota Tsusho America, Inc. |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | skrause@zeklaw.com | Counsel for Toyota Tsusho America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 15 of 15

2/16/2006 1:02 PM
2002 lists

# EXHIBIT C

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Akebono Corporation (North America) | Alan Swiech | 34385 Twelve Mile Road | | Farminton Hills | MI | 48331 | 248-489-7406 | 866-609-0888 | aswiech@akebobo-usa.com | Vice President of Administration for Akebono Corporation |
| Arnall Golden Gregory LLP | Heath J. Vicente | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | 404-873-8682 | 404-8738683 | heath.vicente@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"); SBC Telecommunications, Inc. (SBC) |
| Bernstein Litowitz Berger & Grossman | Eileen McNerney | 1285 Avenue of the Americas | | New York | NY | 10019 | 212-554-1485 | 212-554-1444 | emcnerney@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | Mark D. Debrowski | 1285 Avenue of the Americas | | New York | NY | 10019 | 212-554-1492 | 2125541444 | markd@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | 313-393-7592 | 313-393-7579 | rcmcdowell@bodmanllp.com | Counsel for Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |
| Cornell University | Nancy H. Pagliaro | Office of University Counsel | 300 CCC Building, Garden Avenue | Ithaca | NY | 14853-2601 | 607-255-5124 | 607-254-3556 | nlph4@cornell.edu | Paralegal/Counsel for Cornell University |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | 516-227-6300 | 516-227-6307 | gettleman@e-hlaw.com | Counsel for Jon Ballin |
| HAL/ERC-Legal | Tillie Lim, Esq. | 50 Prospect Avenue | | Tarrytown | NY | 10591 | | | | Counsel to Hitachi Automotive Products (USA), Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | 313-465-7548 | 313-465-7549 | tsable@honigman.com | Counsel for Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection Systems, Inc. |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | 617-542-3000 | 617-542-3001 | knorthrup@kutchinrufo.com | Counsel for Parlex Corporation |
| Lord, Bissel & Brook | Timothy W. Brink | 115 South LaSalle Street | | Chicago | IL | 60603 | 312-443-1832 | 312-443-896-6432 | tbrink@lordbissel.com | Counsel for Sedgwick Claims Management Services, Inc. |
| Lord, Bissel & Brook | Timothy S. McFadden | 115 South LaSalle Street | | Chicago | IL | 60603 | 312-443-0370 | 312-896-6394 | tmcfadden@lordbissel.com | Counsel for Methode Electronics, Inc. |
| Lord, Bissel & Brook LLP | Kevin J. Walsh / Rocco N. Covino | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | 212-947-8304 212-947-8340 | 212-947-1202 | kwalsh@lordenlaw.com rcovino@lordbissel.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | 419-867-8900 | 419-867-8909 | egc@leydenlaw.com | Counsel for Metro Fibres, Inc. |
| Miami-Dade County, FL | April Burch | 140 West Flagler Street | Suite 1403 | Miami | FL | 33130 | 305-375-5314 | 305-375-1142 | aburch@miamidade.gove | Paralegal Collection Specialist for Miami-Dade County |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | 313-456-0140 | | | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raternink | PO Box 30736 | | Lansing | MI | 48909-7717 | 517-373-1820 | 517-373-2129 | | Assistant Attorney General for Worker's Compensation Agency |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | 517-373-1820 | 517-373-2129 | | Attorney General for Worker's Compensation Agency |
| Morgan, Lewis & Bockius LLP | William C. Heuer, Esq. | 101 Park Avenue | | New York | NY | 10178-0060 | 212-309-6000 | 212-309-6001 | wheuer@morganlewis.com | Counsel to Sumitomo Corporation |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | 478-742-8706 | 478-746-4488 | cahope@chapter12macon.com | Office of the Chapter 13 Trustee |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | 313-456-0140 | | hausnerp@michigan.gov | Assistant Attorney General for State of Michigan, Department of Treasury |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | 207-791-1100 | 207-791-1350 | jmanheimer@pierceatwood.com | Counsel for FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | 207-791-1100 | 207-791-1350 | kcunningham@piercewood.com | Counsel for FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Professional Technologies Services | John V. Gorman | P.O. Box #304 | | Frankenmuth | MI | 48734 | 989-385-3230 | 989-754-7690 | | Corporate Secretary for Professional Technologies Services |
| Ropes & Gray LLP | Marc E. Hirschfield | 45 Rockefeller Plaza | | New York | NY | 10111-0087 | 212-841-5700 | 212-841-5725 | | Attorneys for D-J, Inc. |
| Rosen Slome Marder LLp | Thomas R. Slome | 333 Earle Ovington Boulevard | Suite 901 | Uniondale | NY | 11533 | 516-227-1600 | | | Counsel for JAE Electronics, Inc. |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | | dweiner@schaferweiner.com | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | | hborin@schaferweiner.com | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Max Newman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | | mnewman@schaferweiner.com | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | | rheilman@schaferweiner.com | Counsel for Dott Industries, Inc. |
| The Timpken Corporation BIC - 08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706 | | | | Representative for Timken Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 2

2/16/2006 1:04 PM
2002 lists

# EXHIBIT D

Objections Due: February 27, 2006 at 4:00 p.m.

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                              :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - -  x

APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND
1107(b) AUTHORIZING EMPLOYMENT AND RETENTION OF
KPMG LLP AS TAX AND TRANSACTION SERVICES ADVISORS
TO DEBTORS, EFFECTIVE NUNC PRO TUNC TO OCTOBER 8, 2005

("KPMG RETENTION APPLICATION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this application (the "Application") for entry of an order under 11 U.S.C.

§§ 327(a), 328(a), and 1107(b) and Fed. R. Bankr. P. 2014 authorizing the employment and

retention of KPMG LLP ("KPMG") as tax and transaction services advisors to the Debtors,

effective nunc pro tunc to October 8, 2005.  In support of this Application, the Debtors submit

the Affidavit of Patrick N. Karpen, sworn to February 9, 2006 (the "Karpen Affidavit").  In

further support of this Application, the Debtors respectfully represent as follows:

<u>Background</u>

A.    <u>The Chapter 11 Filings</u>

   1.    On October 8, 2005 (the "Petition Date"), 39 of 42 Debtors, and on October

14, 2005, the remaining Debtors, filed voluntary petitions in this Court for reorganization relief

under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the

"Bankruptcy Code").  The Debtors continue to operate their businesses and manage their

properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.  This Court entered orders directing the joint administration of the Debtors' chapter 11

cases (Docket Nos. 28 and 404).

   2.    On October 17, 2005, the Office of the United States Trustee (the "U.S.

Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee").

No trustee or examiner has been appointed in the Debtors' cases.

   3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

   4.    The statutory predicates for the relief requested herein are sections 327(a),

328(a), and 1107(b) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules").

B.    <u>Current Business Operations Of The Debtors</u>

   5.    With more than 180,000 employees worldwide, global 2004 revenues of

approximately $28.6 billion, and global assets as of August 31, 2005 of approximately $17.1

billion,[1] Delphi ranks as the fifth largest public company business reorganization in terms of

revenues, and the thirteenth largest public company business reorganization in terms of assets.

Delphi's non-U.S. subsidiaries are not chapter 11 debtors, will continue their business operations

without supervision from the Bankruptcy Court, and will not be subject to the chapter 11

requirements of the U.S. Bankruptcy Code.

6.    Over the past century, the operations which are now owned by Delphi have

become a leading global technology innovator with significant engineering resources and

technical competencies in a variety of disciplines.  Today, the Company (as defined below) is

arguably the single largest global supplier of vehicle electronics, transportation components,

integrated systems and modules, and other electronic technology.  The Company's technologies

and products are present in more than 75 million vehicles on the road worldwide.  The Company

supplies products to nearly every major global automotive original equipment manufacturer with

2004 sales to its former parent, General Motors Corporation ("GM"), equaling approximately

$15.4 billion and sales to each of Ford Motor Company, DaimlerChrysler Corporation,

Renault/Nissan Motor Company, Ltd., and Volkswagen Group exceeding $850 million.

7.    As part of its growth strategy, Delphi has established an expansive global

presence with a network of manufacturing sites, technical centers, sales offices, and joint

ventures located in every major region of the world.  In the U.S., the Debtors employ

approximately 50,600 people.  Those employees work in approximately 44 manufacturing sites

and 13 technical centers across the country, and in Delphi's worldwide headquarters and

customer center located in Troy, Michigan.  Approximately 34,750 of these individuals are

hourly employees, 96% of whom are represented by approximately 49 different international and

---

[1]    The aggregated financial data used in this Application generally consists of consolidated information from
Delphi and its worldwide subsidiaries and affiliates.

local unions.  Outside the United States, the Company's foreign entities employ more than

134,000 people, supporting 120 manufacturing sites and 20 technical centers across nearly 40

countries worldwide.

    8.    Delphi was incorporated in Delaware in 1998 as a wholly-owned subsidiary

of GM.  Prior to January 1, 1999, GM conducted the Company's business through various

divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these divisions

and subsidiaries were transferred to Delphi and its subsidiaries and affiliates (collectively, the

"Company") in accordance with the terms of a Master Separation Agreement between Delphi

and GM.  In connection with these transactions, Delphi accelerated its evolution from a North

American-based, captive automotive supplier to a global supplier of components, integrated

systems, and modules for a wide range of customers and applications.  Although GM is still the

Company's single largest customer, today more than half of Delphi's revenue is generated from

non-GM sources.

    9.    Due to the significant planning that goes into each vehicle model, Delphi's

efforts to generate new business do not immediately affect its financial results, because supplier

selection in the auto industry is generally finalized several years prior to the start of production

of the vehicle.  When awarding new business, which is the foundation for the Company's

forward revenue base, customers are increasingly concerned with the financial stability of their

supply base.  The Debtors believe that they will maximize stakeholder value and the Company's

future prospects if they stabilize their businesses and continue to diversify their customer base.

The Debtors also believe that this must be accomplished in advance of the expiration of certain

benefit guarantees between GM and certain of Delphi's unions representing most of its U.S.

hourly employees which coincides with the expiration of the Company's U.S. collective bargaining agreements in the fall of 2007.

C.    Events Leading To Chapter 11 Filing

10.    In the first two years following Delphi's separation from GM, the Company generated more than $2 billion in net income.  Every year thereafter, however, with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the Company reported a net operating loss of $482 million on $28.6 billion in net sales.  Reflective of a downturn in the marketplace, Delphi's financial condition has deteriorated further in the first six months of 2005. The Company experienced net operating losses of $608 million for the first six months of calendar year 2005 on six-month net sales of $13.9 billion, which is approximately $1 billion less in sales than during the same time period in calendar year 2004.[2]

11.    The Debtors believe that three significant issues have largely contributed to the deterioration of the Company's financial performance:  (a) increasingly unsustainable U.S. legacy liabilities and operational restrictions driven by collectively bargained agreements, including restrictions preventing the Debtors from exiting non-strategic, non-profitable operations, all of which have the effect of creating largely fixed labor costs, (b) a competitive U.S. vehicle production environment for domestic OEMs resulting in the reduced number of motor vehicles that GM produces annually in the United States and related pricing pressures, and (c) increasing commodity prices.

12.    In light of these factors, the Company determined that it would be imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product portfolio, operational issues, and forward looking revenue requirements.  Having concluded that

---

[2]    Reported net losses in calendar year 2004 were $4.8 billion, reflecting a $4.1 billion tax charge, primarily related to the recording of a valuation allowance on the U.S. deferred tax assets as of December 31, 2004.

pre-filing discussions with its unions and GM were not leading to the implementation of a plan

sufficient to address the Debtors' issues on a timely basis, the Company determined to commence

these chapter 11 cases for its U.S. businesses to complete the Debtors' transformation plan and

preserve value.

13.    Through the reorganization process, the Debtors intend to achieve

competitiveness for Delphi's core U.S. operations by modifying or eliminating non-competitive

legacy liabilities and burdensome restrictions under current labor agreements and realigning

Delphi's global product portfolio and manufacturing footprint to preserve the Company's core

businesses.  This will require negotiation with key stakeholders over their respective

contributions to the restructuring plan or, absent consensual participation, the utilization of the

chapter 11 process to achieve the necessary cost savings and operational effectiveness envisioned

in the Company's transformation plan.  The Debtors believe that a substantial segment of

Delphi's U.S. business operations must be divested, consolidated, or wound-down through the

chapter 11 process.

14.    Upon the conclusion of this process, the Debtors expect to emerge from

chapter 11 as a stronger, more financially sound business with viable U.S. operations that are

well-positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal all

of its resources to continue to deliver value and high-quality products to its customers globally.

Additionally, the Company will preserve and continue the strategic growth of its non-U.S.

operations and maintain its prominence as the world's premier auto supplier.

<u>Relief Requested</u>

15.    By this Application, the Debtors request authorization to employ and retain

KPMG as one of their tax and transaction services advisors in these chapter 11 cases, effective

6

nunc pro tunc to October 8, 2005.  Specifically, the Debtors respectfully request entry of an order

under sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code and Bankruptcy Rule 2014

authorizing KPMG to perform tax advisory and consulting services that will be necessary during

these chapter 11 cases, as described below and in accordance with the terms of the following

engagement letters:

- the engagement letter for international tax process improvement project assistance dated May 24, 2005 and attached hereto as Exhibit A (the "International Project Engagement Letter"), as revised by an engagement letter dated August 31, 2005 and amended on September 12, 2005, attached hereto as Exhibit B (the "Revised International Project Engagement Letter");

- the engagement letter for certain tax consulting services dated March 1, 2005, as amended by letter dated May 23, 2005, attached hereto as Exhibit C (the "Tax Consulting Engagement Letter");

- the engagement letter for international executive services dated October 5, 2004, as amended on November 3, 2004, attached hereto as Exhibit D (the "IES Engagement Letter"); and

- the engagement letter for acquisition and due diligence services dated January 23, 2006 and attached hereto as Exhibit E (the "Master Services Engagement Letter").

The International Project Engagement Letter, the Revised International Project Engagement

Letter, the Tax Consulting Engagement Letter, the IES Engagement Letter, and the Master

Services Engagement Letter hereinafter are referred to collectively as the "Engagement Letters."

<u>Scope Of Services</u>

16.    In accordance with the Engagement Letters, KPMG will provide such tax

advisory and consulting services as KPMG and the Debtors deem appropriate and feasible in

order to advise the Debtors and their subsidiaries and affiliates in the course of these chapter 11

cases, including, but not limited to, the following:

(a)    <u>Tax Advisory and Consulting Services</u>

i.    review of and assistance in the preparation and filing of any tax returns;

7

    ii.   advice and assistance to the Debtors regarding tax planning issues, including but not limited to assistance in estimating net operating loss carryforwards, international taxes, and state and local taxes;

    iii.   assistance regarding transaction taxes and state and local sales and use taxes;

    iv.   assistance regarding tax matters related to the Debtors' pension plans;

    v.   assistance regarding real and personal property tax matters, including but not limited to review of real and personal property tax matters, negotiation of values with appraisal authorities, preparation and presentation of appeals to local taxing jurisdictions, and assistance in litigation of property tax appeals;

    vi.   assistance regarding any existing or future Internal Revenue Service ("IRS"), state, and/or local tax examinations;

    vii.   advice and assistance on the tax consequences of proposed plans of reorganization, including but not limited to assistance in the preparation of IRS ruling requests regarding the future tax consequences of alternative reorganization structures;

    viii.  assistance to the Debtors in modifying the Debtors' tools and processes for collecting data from the Debtors' foreign operations in support of the computation of an income tax provision;

    ix.   serve as the Debtors' VAT representative in certain foreign jurisdictions; and

    x.   other consulting, advice, research, planning, or analysis regarding tax issues as may be requested from time to time.

(b)   International Executive Services Provided To The Debtors And Their Expatriates Assigned To And From The United States, Expatriates Assigned To And From Non-U.S. Countries, Employees Assigned To The Mexican Border, And Trainees/J Visa holders

    i.   collect tax data;

    ii.   calculate annual hypothetical tax withholdings;

    iii.   prepare required home and host country individual income tax returns during, and one year after, assignment;

8

iv.   prepare requests for extension of time to file tax return(s) where required;

v.   prepare U.S. estimated tax vouchers, if required;

vi.   prepare year-end withholding calculations;

vii.   reconcile tax advance accounts;

viii.  prepare tax equalization calculations;

ix.   conduct pre-departure and/or post-arrival tax consultations, as requested;

x.   determine and arrange for timely payment of local taxes in the host countries, where applicable;

xi.   conduct repatriation tax consultation sessions for expatriates;

xii.   handle routine correspondence with the IRS and foreign tax authorities, including review of tax assessments; and

xiii.  additional services as requested by the Debtors or its counsel to assist the Debtors regarding its expatriate employees.

(c)   <u>Transaction Advisory & Other Services</u>

i.   provide sell-side due diligence services associated with the potential sale of certain businesses or assets of the Debtors;

ii.   provide buy-side due diligence services associated with the potential acquisition of certain businesses or assets by the Debtors;

iii.   provide accounting advice and assistance in conjunction with the preparation of financial information for the Debtors' business operations, as specified by the Debtors; and

iv.   other such functions as requested by the Debtors or its counsel to assist the Debtors in their businesses and reorganization.

17.   The services to be provided by KPMG to the Debtors will not unnecessarily be duplicative of those provided by any other of the Debtors' professionals, and KPMG will coordinate any services performed at the Debtors' request with the Debtors' other professionals,

including financial advisors, accountants, and counsel, as appropriate, to avoid duplication of efforts.

18.    Subject to this Court's approval of this Application, KPMG is willing to serve as one of the Debtors' tax and transaction services advisors and to perform the services described in the Engagement Letters on the terms set forth therein.

## Qualifications Of Professionals

19.    The Debtors have selected KPMG as one of their tax and transaction services advisors because of the firm's diverse experience and extensive knowledge in the fields of accounting and taxation.

20.    The Debtors have employed KPMG as tax and transaction services advisors since 1999.  By virtue of its prior engagements, KPMG has developed a significant amount of institutional knowledge regarding the Debtors' books, records, financial information, and other data maintained by the Debtors.  Such experience and knowledge will be valuable to the Debtors in their efforts to reorganize.  Accordingly, the Debtors wish to retain KPMG to provide assistance during these chapter 11 cases.

21.    The services of KPMG are deemed necessary to enable the Debtors to maximize the value of their estates and to reorganize successfully.  Further, KPMG is well-qualified and able to represent the Debtors in a cost-effective, efficient, and timely manner.

## Disinterestedness Of Professionals

22.    The Karpen Affidavit filed in support of this Application contains information available to date on KPMG's connections with other parties-in-interest, as required by Bankruptcy Rule 2014(a).  Based on the information in the Karpen Affidavit, which is incorporated herein by reference, the Debtors submit that KPMG and the professionals in the

10

firm are "disinterested persons," as that term is used in section 101(14) of the Bankruptcy Code, and are otherwise eligible to be retained under section 327(a) of the Bankruptcy Code.

Professional Compensation

23.    Subject to this Court's approval and pursuant to the terms and conditions of the Engagement Letters, KPMG's requested compensation for professional services rendered to the Debtors will be based upon the hours actually expended by each assigned staff member at each staff member's hourly billing rate, except as noted below.

24.    In the normal course of business, KPMG revises its hourly rates on October 1st of each year.  Subject to this Court's approval, KPMG requests that the rates listed below be revised to the hourly rates that will be in effect at such time.  The hourly rates for the tax advisory and consulting services to be rendered by KPMG, as set forth in the Tax Consulting Engagement Letter and the International Project Engagement Letter and Revised International Project Engagement Letter, are as follows:

| *Tax Advisory and Consulting Services:* | *Hourly Rates:* |
|---|---|
| Partners | $350 - $425 |
| Senior Managers | $325 - $375 |
| Managers | $300 - $325 |
| Senior Staff | $225 |
| Staff | $175 |

25.    The rates for the international executive services to be rendered by KPMG, as set forth in the IES Engagement Letter, are as follows:

| *International Executive Services:* | *Flat Rates Per Debtors' Employee:* |
|---|---|
| Expatriates assigned to the U.S. | $1,750 |
| Expatriates assigned from the U.S. | $2,700 |
| Expatriates assigned to/from non-U.S. countries | $2,100 |

| | |
|---|---|
| Employees assigned to the Mexican border | $750 |
| Trainees/J Visa Holders | $375 |

|  | ***Additional Hourly Rates (as applicable):*** |
|---|---|
| Partners | $760 |
| Senior Managers | $520 |
| Managers | $405 |
| Senior Staff | $320 |
| Staff | $260 |

26.    KPMG has agreed to charge the Debtors a maximum of 70% of the additional hourly rates set forth above, as described in the IES Engagement Letter.  As further set forth in the IES Engagement Letter, additional fees for monthly payroll assistance, amended returns, and clearance certificates have varying rates.

27.    The range of hourly rates for the transactions services to be rendered by KPMG is as follows:

| ***Transaction Services:*** | ***Hourly Rates:*** |
|---|---|
| Partners | $340 - $925 |
| Directors | $270 - $630 |
| Managers | $220 - $575 |

28.    KPMG also will seek reimbursement of incurred necessary expenses such as travel, photocopying, delivery service, postage, vendor charges, and other out-of-pocket expenses incurred in providing professional services.  KPMG will seek such reimbursements in accordance with guidelines established by the U.S. Trustee.

29.    KPMG intends to apply to this Court for compensation and reimbursement of expenses in accordance with section 330(a) of the Bankruptcy Code, the Bankruptcy Rules,

the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of

New York (the "Local Rules"), guidelines established by the U.S. Trustee, and orders of this

Court.  KPMG acknowledges that all compensation will be subject to this Court's review and

approval after notice and a hearing.  KPMG has agreed to accept as compensation such sums as

may be allowed by this Court.

       30.   KPMG has received a retainer in connection with the services to be

performed under the Engagement Letters.  KPMG intends to request that the unapplied residual

retainer, which is estimated to total $79,962.50, be applied to the amount that KPMG seeks in its

first interim fee application.  The proposed order provides that any party-in-interest will have the

right to raise the issue of the application of KPMG's prepetition retainer to postpetition fees and

expenses.  During the 90 days prior to the Petition Date, KPMG received approximately

$3,777,868 in fees and expenses from the Debtors.

       31.   The Debtors believe that KPMG's fees are fair and reasonable in light of

industry practice, market rates both in and out of chapter 11 proceedings, KPMG's experience in

reorganizations, and KPMG's importance to these cases.

Sub-Contracting Services to KPMG Member Firms

       32.   The KPMG global network encompasses independent professional services

practices conducted by separate legal entities throughout the world.  KPMG International, a

Swiss cooperative, serves as a coordinating entity for a network of member firms operating

under the KPMG name.  KPMG International is a member-based entity with no shareholders and

no permanent capital.  Each of the member firms of KPMG International ("KPMG Member

Firms") is separate and legally distinct.  KPMG is the United States member firm of KPMG

International.

13

33.     As described in greater detail in the Karpen Affidavit, prior to the Petition

Date, KPMG subcontracted with certain other KPMG Member Firms to provide services under

the Engagement Letters to the Debtors.  At the Debtors' request, KPMG has continued and,

subject to this Court's order, will continue to subcontract with KPMG Member Firms to provide

services set forth in the Engagement Letters.  KPMG will remain fully and solely responsible for

all liabilities and obligations under the Engagement Letters, regardless of whether services to be

performed under the Engagement Letters are undertaken by KPMG (or an affiliate thereof) or

any KPMG Member Firm, and the Debtors will have no recourse, and will bring no claim,

against any KPMG Member Firm other than KPMG, or against any of their subcontractors,

members, shareholders, directors, officers, managers, partners, agents, representatives, or

employees (or any of their respective successors or permitted assigns), or any of their respective

assets, with respect to the services provided pursuant to the Engagement Letters or otherwise

under the Engagement Letters.

34.     The Debtors believe that having KPMG Member Firms assist KPMG in the

provision of services has been, and will continue to be, beneficial to the estate.  Through a

coordinated approach to the provision of professional services, KPMG and the other KPMG

Member Firm(s) providing services under the Engagement Letters (the "Engagement Member

Firms") have provided, and will continue to provide, quality and efficiency to the Debtors.

Furthermore, having KPMG serve as the clearinghouse for invoices submitted by the

Engagement Member Firms will be more convenient to the Debtors by allowing billing to be

centralized through a single invoice that settles budgeting and foreign currency issues.  KPMG

submits that this subcontracting arrangement is far more beneficial to and conservative of estate

resources than would be the case if each KPMG Member Firm were required to seek separate

14

retention by the Debtors.  Although the KPMG Member Firms are not undertaking full-fledged

connections checks under this arrangement, no bankruptcy policies should be offended because

their work has little or no relationship to the administration of these chapter 11 cases.

35.   KPMG will pay such Engagement Member Firms directly for their services,

and will apply to the Court for reimbursement by the Debtors of any such payments made by

KPMG to the Engagement Member Firms.  This Application therefore requests approval of an

exception for the KPMG Member Firms (other than KPMG) providing services to the Debtors

under the Engagement Letters to use category codes to describe the services rendered, rather than

the more detailed descriptions usually required for fee applications.

<u>Nunc Pro Tunc Relief Requested</u>

36.   Pursuant to the Debtors' request and due to exigent circumstances, KPMG

commenced this engagement immediately and with assurances that the Debtors would seek

approval of its employment <u>nunc</u> <u>pro</u> <u>tunc</u> to October 8, 2005.

37.   Based upon the foregoing, the Debtors submit that cause exists to

authorize the retention of KPMG <u>nunc</u> <u>pro</u> <u>tunc</u> to October 8, 2005.

<u>Dispute Resolution Procedures</u>

38.   Pursuant to the Engagement Letters, the Debtors and KPMG have agreed

that any dispute or claim between KPMG and the Debtors arising out of or relating to the

Engagement Letters or any other services provided by or on behalf of KPMG to the Debtors or at

the Debtors' request (including any dispute or claim involving any person or entity for whose

benefit the services in question are or were provided) will be resolved in accordance with the

dispute resolution procedures as set forth in the Engagement Letters (the "Dispute Resolution

Procedures"). KPMG has acknowledged in the Karpen Affidavit that, notwithstanding the

Dispute Resolution Procedures, any dispute or claim also may be resolved before this Court.

39.    Pursuant to the Dispute Resolution Procedures, any party may request

mediation of a dispute by a written request to the other party for mediation. KPMG and the

Debtors may use arbitration for (a) any dispute not resolved by mediation 90 days after the

issuance of a written request for mediation, or (b) any dispute in which a party declares, more

than 30 days after receipt of a written request for mediation, that mediation is an inappropriate

means to resolve such dispute and such party initiates a request for arbitration. The arbitration

will be conducted before a panel of three arbitrators, which will issue its final award in writing

and have no power to award non-monetary or equitable relief of any sort. Discovery will be

permitted in connection with the arbitration only to the extent expressly authorized by the

arbitration panel upon a showing of substantial need. The award reached at the end of arbitration

will be binding on the parties, and confirmation of the arbitration award may be sought in any

court having jurisdiction.

<u>Indemnification</u>

40.    Pursuant to the Tax Consulting Engagement Letter, the International Project

Engagement Letter, the Revised International Project Engagement Letter, and the IES

Engagement Letter, subject to the terms of the proposed order, the Debtors will indemnify,

defend, and hold harmless KPMG, including its directors, officers, employees, agents, and

representatives, from and against any and all claims, demands, actions, damages, liabilities,

costs, and expenses, including reasonable attorney fees and expenses, to the extent arising out of

or resulting from third party claims against KPMG based on any of KPMG's written or verbal

work product prepared pursuant to the Tax Consulting Engagement Letter, the International

Project Engagement Letter, the Revised International Project Engagement Letter, and the IES

Engagement Letter and furnished by KPMG to the Debtors for internal use (collectively, the

"Internal Work Product Claims").  In addition, the Debtors shall indemnify, defend, and hold

harmless KPMG, including its directors, officers, employees, agents, and representatives, from

and against any and all claims, demands, actions, damages, liabilities, costs, and expenses,

including reasonable attorney fees and expenses, to the extent arising out of or resulting from

third party claims against KPMG based on any activities of KPMG in connection with the

performance of services under the Tax Consulting Engagement Letter, the International Project

Engagement Letter, the Revised International Project Engagement Letter, and the IES

Engagement Letter (collectively, the "Non-Work Product Claims"); provided, however, that the

Debtors will have no obligation to indemnify KPMG to the extent that any Non-Work Product

Claims arise out of or result from the negligence, illegal acts, or willful misconduct of KPMG

and/or its directors, officers, employees, agents, or representatives.

   41. Pursuant to the Tax Consulting Engagement Letter, the International Project

Engagement Letter, the Revised International Project Engagement Letter, and the IES

Engagement Letter, subject to the terms of the proposed order, KPMG will indemnify, defend,

and hold harmless the Debtors, including their directors, officers, employees, agents, and

representatives, from any and all claims, demands, actions, damages, liabilities, costs, and

expenses, including reasonable attorney fees and expenses, to the extent arising out of or

resulting from the negligence, illegal acts, or willful misconduct of KPMG and/or its directors,

officers, employees, agents, or representatives in connection with the performance of services

under the Tax Consulting Engagement Letter, the International Project Engagement Letter, the

Revised International Project Engagement Letter, and the IES Engagement Letter; provided,

17

however, that KPMG will have no obligation to indemnify the Debtors to the extent that any

such claims or damages arise out of or result from Internal Work Product Claims.

42.    Pursuant to the Master Services Engagement Letter, subject to the terms of

the proposed order, the Debtors on the one hand, and KPMG on the other hand, each agrees to

indemnify, hold harmless, and defend the other from and against any and all liabilities for

physical injury to, or illness or death of, any person or persons regardless of status, and damage

to or destruction of any tangible property, that the other party may sustain or incur, to the extent

such liabilities result from the negligence or willful misconduct of the indemnifying party.  Also

pursuant to the Master Services Engagement Letter, subject to the terms of the proposed order,

the Debtors will indemnify, defend, and hold harmless KPMG from and against any and all

liabilities suffered by or asserted against KPMG in connection with a third party claim to the

extent resulting from such party's use or possession of or reliance upon KPMG's advice,

recommendations, information, or work product as a result of the Debtors' use or disclosure of

such advice, recommendations, information, or work product.

43.    The Debtors and KPMG seek, through the proposed order, to modify and

amend the Engagement Letters to the extent that KPMG will not be indemnified for claims

arising out of KPMG's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross

negligence, or willful misconduct.

<u>Limitation On Liability</u>

44.    Pursuant to the Engagement Letters, KPMG's liability will be limited to

(a) $500,000 with respect to services performed under the Tax Consulting Engagement Letter,

(b) three times the professional fees paid under the International Project Engagement Letter and

Revised International Project Engagement Letter with respect to services performed thereunder,

and (c) two times the professional fees paid under the IES Engagement Letter and the Master Services Engagement Letter with respect to services performed thereunder; provided, however, that with respect to services provided under the Tax Consulting Engagement Letter, the International Project Engagement Letter and Revised International Project Engagement Letter, and the IES Engagement Letter, this limitation shall not apply (i) in the event of any breach relating to proprietary information of the Debtors, or (ii) if KPMG is found to be grossly negligent or to have acted willfully or fraudulently.  In no event will KPMG or the Debtors be liable for consequential, special, indirect, incidental, punitive, or exemplary damages, costs, expenses, or losses (including loss of profits, data, business, or goodwill), even if advised of the likelihood of such damages.

45.    The Debtors and KPMG seek, through the proposed order, to modify and amend the Engagement Letters to the extent that KPMG's limitation of liability will not apply to claims arising out of KPMG's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

<u>Conclusion</u>

46.    For the foregoing reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors and their estates and creditors and should be approved.

<u>Notice</u>

47.    Notice of this Application has been provided in accordance with the Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance

With Local Bankr. R. 1007-2(e) entered by this Court on October 14, 2005 (Docket No. 245).  In

light of the nature of the relief requested, the Debtors submit that no other or further notice is

necessary.

<u>Memorandum Of Law</u>

48.    Because the legal points and authorities upon which this Application relies

are incorporated herein, the Debtors respectfully request that the requirement of the service and

filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

WHEREFORE, the Debtors respectfully request that this Court enter an order

(a) authorizing the Debtors to employ and retain KPMG as one of their tax and transaction

services advisors pursuant to the terms and conditions set forth in the Engagement Letters, as

modified and amended by the proposed order, effective <u>nunc pro tunc</u> to October 8, 2005, and

(b) granting such other and further relief as is just.

Dated:    New York, New York
          February 14, 2006


                                    DELPHI CORPORATION, on behalf of itself and
                                    certain of its subsidiaries and affiliates, as Debtors
                                    and Debtors-in-possession

                                    By:    /s/ John D. Sheehan
                                           Name: John D. Sheehan
                                           Title: Vice President and Chief Restructuring
                                                  Officer

## EXHIBIT A

### INTERNATIONAL PROJECT ENGAGEMENT LETTER

Oct-12-05   03:52pm   From-KPMG LLP - NDPPS                    313 983 0500        T-330   P.002   F-405

ORIG → S. RUSSELL
COPIES → P. KLEREN
A. CORUM
6006282.

KPMG

KPMG LLP
Suite 1200
150 West Jefferson
Detroit, MI 48226-4429

Telephone   313 983 0200
Fax            313 983 0008
               313 983 0007
               313 983 0008
Internet      www.us.kpmg.com

11266264

S

May 24, 2005

**PRIVATE**

Jennifer A. Williams
Director, Sarbanes-Oxley Compliance & Income Tax Accounting
Delphi Corporation
World Headquarters & Customer Center
M/C 483.400.141
5725 Delphi Drive
Troy, MI 48098

Re:   International Tax Process Improvement Project Engagement Letter

Dear Jennifer:

We are pleased you have engaged KPMG LLP ("KPMG") to conduct International Tax Process Improvement Project for Delphi Corporation ("Delphi"). This letter confirms the scope and related terms of your engagement of KPMG.

**Engagement Scope and Objectives**

As you have requested the objective of this engagement is to enhance the reliability and efficiency of the international tax reporting process. Based on our conversation with you and our past experience with similar projects, we have prepared a high-level project scope as following:

> Part I: Assessment and Planning
>    A. Tax Data Inventory Review
>    B. Tax Process Gap Analysis & Redesign
> Part II: Tool Configuration & Customization
>    A. Foreign Tax Package Customization
>    B. Foreign Tax Reporting Database Development
> Part III: Redesigned Process Implementation
>    A. Foreign Tax Package Collection Training and Rollout
>    B. Foreign Subsidiary Book / Tax Basis Balance Sheet Compilation
> Part IV: Post-Implementation Assessment

The project components are described in more detail below.

KPMG LLP, a U.S. limited liability partnership, is the U.S.
member firm of KPMG International, a Swiss cooperative.



Page 2
Jennifer A. Williams
Delphi Corporation
May 24, 2005

**Part I: Assessment and Planning**

The objective of Assessment and Planning phase is to understand the current tax process at
Delphi, conduct a gap analysis on existing data and tools, and to design a work plan for the rest
of the tax improvement project. In this phase, KPMG will:

- Conduct interviews with the appropriate tax and IT resources to:
  - Understand the data, functionalities and processes for the current foreign tax package;
  - Understand at a high-level other tax department processes associated with the current
    foreign tax package;
  - Conduct data inventory of available foreign tax attributes and balance sheet data.
  - Identify and prioritize the gaps in the required tax data for the future foreign tax package;
- Document the anticipated future Foreign Tax Package and Foreign Tax Reporting Database
  organized by major data elements and functionalities.
- Document the anticipated future Tax Reporting Process and implementation plan.

**Part II: Tool Customization and Development**

Based on the results from Assessment and Planning, KPMG will customize and/or develop tools
to be deployed in the redesigned international tax reporting process. In this phase, KPMG will:

- Customize KPMG's own Microsoft Excel-based Foreign Tax Reporting Package ("Tax
  Pack") to meet the data requirements captured in Assessment and Planning.
- Tailor the Tax Pack instructions to meet Delphi-specific requirements.
- Change or create design of a Foreign Tax Reporting Database ("Database") that will:
  - Automatic capture and aggregation of Tax Packs
  - Facilitates generation of summary and exception reports
  - Serve as the data mart for historical book / tax basis balance sheet and other tax attributes
- Coordinate programming the new Tax Database with Delphi IT resources;

**Part III: Redesigned Process Implementation**

Upon completion of customizing and developing the tools, KPMG will assist Delphi in
deploying and using the new tools and processes in collecting foreign tax data. In this phase
KPMG will:

- Serve as a part of Program Management Office (PMO) in the rollout of new tools and
  processes.
- Conduct training of the Delphi's foreign offices on Tax Pack.
- Support the foreign offices to complete the Tax Packs via foreign KPMG network.
- Monitor and review Tax Pack collection



*Page 3*
*Jennifer A. Williams*
*Delphi Corporation*
*May 24, 2005*

- Assist Delphi in compiling of Tax Packs into Tax Database.
- Assist Delphi in creating their book/tax basis balance sheet using Tax Database

**Part IV: Post-Implementation Assessment**

Upon completion of the new Tax Reporting Process, KPMG will work with Delphi tax users to conduct a Post-Implementation Assessment which will help identify any problems with redesigned processes and develop a plan for additional enhancement in future years.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Engagement Team**

The project will be performed by a multidisciplinary team of KPMG professionals who have extensive experience with tax provision, international tax and tax operations.

Anthony Alexandrou, Partner in International Tax, will be responsible for the overall success of the project.
Brad Brown, Partner in KPMG's Client Tax Operations Services, will serve as the engagement partner with the focus on assessment and process redesign.
Andrew Hwang, Senior Manager in Client Tax Operations Services, will serve as the overall engagement manager responsible for the day-to-day activities of the project, with focus on technology tools.
Frank Schaefer, Manager in International Tax, will work with Brad and Andrew, with the focus on tax data inventory and implementation.
Patrick Karpen, Tax Service Partner for Delphi, will ensure the continuity of overall tax services for Delphi and appropriate level of resource deployment.
Ashby Corum, Senior Manager in Federal Tax, will work with Frank, with the focus on implementation.

**Limitation to Engagement Services**

KPMG's services are intended to assist Delphi in modifying Delphi's tools and processes for collecting data from Delphi's foreign operations in support of the computation of an income tax provision. Delphi management is ultimately responsible for ensuring the necessary financial and tax information are collected from its foreign operations.

KPMG's services do not include assisting directly Delphi's management in establishing and supporting its current and deferred income taxes and financial statement disclosures. KPMG is not assuming responsibility for management analysis or decision-making with respect to the application of any accounting principle to the income tax provision, related financial statement disclosures and balance sheet accounts, such as determining the necessity or amount of a valuation allowance or tax contingency reserve. Delphi is to consult with their independent auditor on the application of accounting principles.

Oct-12-05   03:59pm   From-KPMG LLP - NDPPS          313 983 0500      T-330   P.005/017   F-405



*Page 4*
*Jennifer A. Williams*
*Delphi Corporation*
*May 24, 2005*

In this engagement, KPMG assumes no responsibility for auditing information provided by
Delphi management or Delphi foreign operations. KPMG also assumes no responsibility for
expressing an opinion on any part of Delphi's financial statements. Those are the sole
responsibility of Delphi's independent auditor.

**Engagement Fees & Terms**

Our professional fees to conduct the Tax Process Improvement Project discussed above are
based on a number of factors, including the level and time commitment of professional
personnel assigned to the engagement. We will bill for actual hours. The billing rates for
various professional levels will not exceed:

| Professional Level | Billing Rate |
|---|---|
| Partner | $425 |
| Senior Manager | $375 |
| Manager | $325 |
| Senior Staff | $225 |
| Staff | $175 |

Based on our current understanding of the scope and the billing rates above, we estimate that our
fees for these services will be as follows:

| Project Components | Est. Hours | Partner | Mgr. | Staff | Est. Fee |
|---|---|---|---|---|---|
| I. Assessment and Planning | 112 | 32 | 48 | 32 | $37,000 |
| II. Tool Customization and Development | | | | | |
| A. Customize Tax Package | 140 | 12 | 48 | 80 | $44,000 |
| B. Develop Tax Database | 252 | 12 | 88 | 152 | $67,000 |
| III. Redesigned Process Implementation | | | | | |
| A. Tax Package Training & Rollout | 168 | 16 | 72 | 80 | $51,000 |
| B. Create Book Tax Basis Balance Sheet | 136 | 16 | 44 | 76 | $41,000 |
| IV. Post-Implementation Assessment | 64 | 16 | 24 | 24 | $22,000 |
| Total | 872 | 104 | 324 | 444 | $262,000 |

These fee estimates will be updated after the Assessment and Planning phase, upon finalizing the
scope and project plan for the rest of the overall project. We will not proceed with the Part II
and III of the project without your expressed agreement on the scope and fee estimates. Should
any unforeseen needs arise to provide services outside the scope anticipated above, we will also
discuss them with you and obtain your approval before proceeding.



Page 5
*Jennifer A. Williams*
*Delphi Corporation*
*May 24, 2005*

In addition to our professional fees, we are reimbursed for approved out-of-pocket expenses such as travel, lodging, meals and administrative support, which will be passed through to Delphi and paid on a net basis.

The attached Terms and Conditions are made a part of this engagement letter. Paragraph 10 pertaining to Limitation of Liability, will be revisited after the fees for Phases II and III are agreed upon.

**Engagement Timing**

We are ready to start the engagement immediately. Upon acceptance of this engagement letter, we will hold a series of meetings at Delphi headquarter with appropriate tax and IT resources. The on-site meetings and investigations are expected to take up to 80 hours. We expect the Assessment and Planning phase will take about 4 to 6 weeks to complete.

We are looking forward to the opportunity to work with Delphi Corporation on this exciting project. If you would like to further discuss the engagement, please call me at 212-872-5891. If you agree with the terms and conditions of this engagement letter and the attached Standard Terms and Conditions, please sign the enclosed copy of this letter to confirm our engagement and return it to the attention of Anthony Alexandrou.

Very truly yours,

KPMG LLP

Anthony G. Alexandrou (a/r)
Anthony G. Alexandrou
*Partner*

rm

Enclosure

cc:    Brad Brown – KPMG / Los Angeles
       Andrew Hwang – KPMG / New York
       Patrick Karpen – KPMG / Detroit

The above terms and conditions are accepted and affirmed:

Page 6
Jennifer A. Williams
Delphi Corporation
May 24, 2005

ACCEPTED:

Delphi Corporation

*Laura J. Marion*

Authorized Signature

Executive Director Financial Results

Title

June 1, 2005

Date



## EXHIBIT A

## GENERAL TERMS AND CONDITIONS

1.    **Agreement.** It is agreed that KPMG LLP ("Consultant") will provide to Delphi Corporation ("Delphi") the services (the "Services") described in the accompanying engagement letter (the "Engagement Letter") to which this _Exhibit A_ is attached (the Engagement Letter, this _Exhibit A_ and _Exhibit B_ are collectively referred to as this "Agreement"). For purposes of this Agreement, the terms "Consultant" include any affiliates of Consultant identified in the Engagement Letter as performing any of the Services, and the term "Delphi" includes any subsidiaries and affiliates of Delphi for which the Services are performed. This Agreement constitutes the entire and sole agreement between Delphi and Consultant, and merges all prior and contemporaneous communications with respect to the subject matter of this Agreement.

2.    **Independent Contractor.** Consultant will provide the Services as an independent contractor. Nothing contained in this Agreement shall be construed to create an employment or principal-agent relationship or joint venture between Consultant and Delphi, and neither party shall have the right, power or authority to obligate or bind the other in any manner whatsoever.

3.    **Personnel.** All of Consultant's agents, employees, subcontractors and/or independent contractors furnished by Consultant to perform the Services (collectively, "Personnel") are and will remain Consultant's employees and/or independent contractors and, under no circumstances, will any Personnel furnished by Consultant be deemed to be Delphi's employees or agents. Consultant is solely responsible, at Consultant's sole cost and expense, for (i) the fulfillment of all obligations to Personnel and (ii) the compliance by Consultant and Personnel with this Agreement and all laws, regulations, orders and other governmental requirements applicable to performance of the Services.

4.    **Conduct of Consultant's Personnel.** Consultant will assure that all Personnel who are performing Services on behalf of Consultant are competent to perform the Services. Consultant will require all Personnel who are performing any work on Delphi's premises to comply with all of Delphi's regulations and policies. Delphi, in its sole discretion, has the right to: (a) bar any of Personnel from Delphi's premises for failure to observe Delphi's regulations or policies, (b) require that Consultant promptly remove from Delphi's premises any Personnel who violate any of Delphi's regulations or policies, and (c) require that Consultant cease using any Personnel to perform the services who are reasonably unacceptable to Delphi. Delphi will confer with Consultant to discuss Delphi's concerns prior to requiring removal of any Personnel. Consultant will replace any barred or removed Personnel with Personnel reasonably acceptable to Delphi.

5.    **Non-Solicitation of Employees.**

   A.   Delphi agrees that during the term of this Agreement and for a period of one (1) year after the termination of this Agreement, it will not hire or attempt to hire any employees or former employees of Consultant if listed in the engagement letter attached hereto, who have been assigned to or have performed any of the Services contemplated herein.

   B.   Consultant agrees that during the term of this Agreement and for a period of one (1) year after the termination of this Agreement, it will not hire or attempt to hire any employees or former employees of Delphi's Tax staff who have participated in the furtherance of this Agreement.

**KPMG**

C.    Notwithstanding the provisions of Sections 5A and 5B, neither party shall be prohibited from employing any employee, former employee or personnel of the other who contacts such party (i) on his or her own initiative or (ii) in response to a general solicitation for employment contained in a newspaper or any other publication.

6.    **Professional Fees.**  Delphi will compensate Consultant for actual Services performed in accordance with the fee schedule set forth in this Agreement (the "Fee Schedule").  Consultant will invoice Delphi no more frequently than monthly.  Consultant will submit, with each invoice for payment, a report specifying the actual Services performed and the calculation of the invoiced payment in accordance with the Fee Schedule.  Invoices will be due and payable by Delphi within forty-five (45) days of Delphi's receipt of the invoice and corresponding report in the required form.

7.    **Expenses.**  Delphi will reimburse Consultant for all reasonable costs and expenses Consultant incurs in connection with the Services, including, without limitation, all travel expenses, provided, however, that Consultant must obtain prior approval of Delphi for any individual reimbursable expenses in excess of $1,000 or for reimbursable expenses which exceed or are anticipated to exceed an aggregate of $2,500 during any calendar month.  Consultant will not charge any markup, overhead, profit or other fees on the reimbursable expenses.  Delphi's reimbursement obligations will be governed by the provisions of Exhibit B.

8.    **Taxes.**  Unless otherwise agreed in the Engagement Letter, any applicable taxes imposed on Consultant in connection with the performance of the Services (except for taxes imposed on Consultant's income) will be invoiced to, and paid by, Delphi in addition to fees and expenses.

9.    **Indemnification.**

A.    Delphi shall indemnify, defend and hold harmless Consultant, including its directors, officers, employees, agents and representatives, from and against any and all claims, demands, actions, damages, liabilities, costs and expenses, including reasonable attorney fees and expenses, to the extent arising out of or resulting from third party claims against Consultant based on any of Consultant's written or verbal work product prepared pursuant to this Agreement and furnished by Consultant to Delphi for internal use (such as reports, analyses, projections, advice, recommendations and other data ) (collectively, "Internal Work Product Claims").  In addition, Delphi shall indemnify, defend and hold harmless Consultant, including its directors, officers, employees, agents and representatives, from and against any and all claims, demands, actions, damages, liabilities, costs and expenses, including reasonable attorney fees and expenses (other than Internal Work Product Claims), to the extent arising out of or resulting from third party claims against Consultant based on any activities of Consultant in connection with the performance of Services under this Agreement (collectively, "Non-Work Product Claims"), provided, however, that Delphi will have no obligation to indemnify Consultant to the extent that any Non-Work Product Claims arise out of or result from the negligence, illegal acts or willful misconduct of Consultant and/or its directors, officers, employees, agents or representatives.

B.    Consultant shall indemnify, defend and hold harmless Delphi, including its directors, officers, employees, agents and representatives, from any and all claims, demands, actions, damages, liabilities, costs and expenses, including reasonable attorney fees and expenses, to the extent arising out of or resulting from the negligence, illegal acts or willful misconduct of Consultant and/or its directors, officers, employees, agents or representatives in connection with the performance of Services under this Agreement, provided, however, that Consultant will have no obligation to indemnify Delphi to the extent that any such claims or damages arise out of or result from Internal Work Product Claims.



C.    In each case, the indemnifying party shall also pay to the indemnified party any and all costs and expenses incurred in connection with the enforcement of these indemnification provisions.

D.    The indemnification obligations set forth in this Section 9 and the general terms and conditions of this Agreement shall not apply to any tax or other governmental filings prepared by Consultant. The rights and obligations of the parties with respect to such services shall be governed by a separate agreement.

10.    **Limitation of Liability.** Consultant's liability under this Agreement will be limited to three (3) times the professional fees paid; provided however that this limitation shall not apply (!) in the event of any breach of Section 16 below relating to Delphi Proprietary Information or (ii) if Consultant is found to be grossly negligent or to have acted willfully or fraudulently. In no event will Consultant or Delphi be liable for consequential, special, indirect, incidental, punitive or exemplary damages, costs, expenses, or losses (including loss of profits, data, business or goodwill) regardless of whether such liability is based on breach of contract, tort, strict liability, breach of warranties, failure of essential purpose or otherwise, and even if advised of the likelihood of such damages.

11.    **Standard of Performance.** Consultant will use its best skills, resources and judgment to perform the Services in an efficient and economical manner and in accordance with the highest professional standards. If any Services are not completed to Delphi's reasonable satisfaction, Consultant will, at no additional cost to Delphi, take reasonable steps to correct any deficiencies. The express warranties in this Paragraph and in this Agreement shall be in lieu of all other warranties, express or implied, including the implied warranty of merchantability and fitness for a particular purpose.

12.    **Reliance on Information/Authorities.** Consultant will base its conclusions on the facts and assumptions that Delphi submits and will not independently verify this information. Inaccuracy or incompleteness of the information Delphi provides could have a material effect on Consultant's conclusions. In rendering its advice, Consultant may consider, for example, the applicable provisions of the Internal Revenue Code of 1986, and ERISA as amended, and the relevant state statutes, the regulations thereunder, and judicial and administrative interpretations thereof. These authorities are subject to change, retroactively and/or prospectively, and any such changes could affect the validity of Consultant's advice. Consultant will not update its advice for subsequent changes or modifications to the law and regulations, or to the judicial and administrative interpretations thereof, unless Delphi separately engages Consultant to do so after such changes or modifications.

13.    **Legal Counsel.** Delphi should consult with and/or engage legal counsel for the purpose of advising on non-tax legal aspects of matters on which Consultant provides tax advice and drafting any legal documents and/or agreements that may be required in connection therewith. Consultant will provide Delphi's legal counsel with tax-related advice that is deemed necessary by Delphi's legal counsel to draft such documents and/or agreements. To the extent Services of legal counsel or other professional service providers are required, Delphi is responsible for engaging and paying such service providers.

14.    **Federal Confidential Communications Privilege.** A confidentiality privilege under Internal Revenue Code Section 7525 may pertain to certain communications between Consultant personnel and Delphi regarding federal tax advice provided pursuant to this engagement. By retaining Consultant, Delphi agrees that Consultant is instructed to claim the privilege on Delphi's behalf, with respect to any applicable communications, up to and until such time as Delphi may waive any such privilege in writing. As disclosure of any such confidential communications to the Internal Revenue Service or other third party may cause any confidentiality privilege to be waived, Delphi should notify Consultant if the Internal

Oct-12-05   03:56pm   From-KPMG LLP - NDPPS                313 983 0800           T-330   P.011/017   F-406
06/01/2005   16:53   248-813-3381                DELPHI TREASURY                              PAGE   11/17



Revenue Service or other third party requests information about any tax advice or tax advice documents provided by Consultant.

Delphi understands that Consultant makes no representation, warranty, or promise, and offers no opinion with respect to the applicability of such confidentiality privilege to any communication. Delphi agrees to indemnify Consultant for any attorney's fees and other costs and expenses incurred by Consultant in defending the confidentiality privilege on Delphi's behalf. Consultant agrees to promptly notify Delphi of any claim for which Consultant seeks indemnification and Delphi shall have the right to conduct the defense or settlement of any such claim at Delphi's sole expense, and Consultant shall cooperate with Delphi. Consultant shall nonetheless have the right to participate in such defense at its own expense and to approve the settlement of any claim hereunder that imposes liability or obligation.

15.   Disclosure and Restriction on Use.  If this engagement relates to a strategy offered by Consultant to Delphi that is designed to reduce or defer federal income tax for a direct or indirect corporate participant, pursuant to Treasury Regulation section 301.6111-2(c), Delphi (and each employee, representative, or other agent of Delphi) is expressly authorized to disclose the structure and tax aspects of the strategy with any and all persons, without limitation of any kind.

Written advice provided by Consultant to Delphi is for the information and use of Delphi only and may not be relied upon by any third party without the express written permission of Consultant.

16.   Non-Disclosure of Delphi Proprietary Information.

A.   "Delphi Proprietary Information" means any information concerning the business and affairs of Delphi, which is not publicly available at the time disclosed to, or learned by, Consultant or any Personnel. Delphi Proprietary Information includes, without limitation, this Agreement and any written or verbal work product prepared pursuant to this Agreement (such as reports, analyses, projections, advice, recommendations and other data); trade secrets; product specifications; data; know-how; formulae; compositions; processes; designs; sketches; photographs; samples; inventions; concepts; ideas; past, current and planned research and development; past, current and planned manufacturing or distribution methods and processes; price lists; marketing and business plans, methods and processes; financial results and information; reports; computer software and programs (including object code and source code); databases; notes; analyses; compilations; studies; and other materials or intangibles. Delphi Proprietary Information also includes any materials or information that contain or are based on any other Delphi Proprietary Information, whether prepared by Delphi, Consultant, Personnel or any other person. Information will be conclusively deemed Delphi Proprietary Information if it is marked "Proprietary" or "Confidential" or with an equivalent legend at the time it is disclosed. Any information transmitted orally will be conclusively deemed Delphi Proprietary Information if Delphi notifies Consultant that it is proprietary within a reasonable time following oral disclosure. The failure, however, to mark information as "Proprietary" or "Confidential" or to notify Consultant that oral information is proprietary will not affect the information's proprietary nature. Delphi Proprietary Information does not include any trade secrets; data; know-how; formulae; compositions; processes; designs; sketches; inventions; concepts; ideas; methodologies, and techniques; models; templates; general purpose consulting and software tools previously created, acquired, owned or developed or independently developed by Consultant in the performance of the Services without reference to Delphi's Proprietary Information.

B.   In connection with Consultant's performance of Services, Delphi may disclose Delphi Proprietary Information to Consultant and Personnel. All Delphi Proprietary Information disclosed, furnished or made available to Consultant and/or Personnel and all Delphi Proprietary Information generated or developed by Consultant and/or Personnel will be treated and maintained as confidential by

Oct-12-05  03:57pm  From-KPMG LLP - NDPPS                313 983 0500      T-930  P.012/017  F-405
06/01/2005  16:53    248-913-3381        DELPHI TREASURY



Consultant and Personnel, will not be disclosed to any third parties, either in whole or in part, except upon Delphi's prior written authorization, and will be used by Consultant and Personnel only for the purpose of performing the Services in accordance with this Agreement, in all cases using the same degree of care and discretion to avoid disclosure, publication or dissemination of such Delphi Proprietary Information that Consultant uses with respect to its own similar information that it does not wish to disclose, publish or disseminate (but in no event less than a reasonable degree of care and discretion). Before Consultant or Personnel discloses any information that could, under any circumstances, constitute Delphi Proprietary Information, Consultant will obtain Delphi's written consent. Neither Consultant nor Personnel will remove any Delphi Proprietary Information from Delphi's premises unless Delphi authorizes the removal in writing. Consultant will be responsible and liable to Delphi for the violation by any of Personnel of these confidentiality obligations.

C.    The foregoing obligations under this Section 16B of this Exhibit A shall not apply to the extent that any Delphi Proprietary Information (i) is at the time of disclosure, or thereafter becomes, part of the public domain through a source other than Consultant and Personnel, (ii) is subsequently learned by Consultant or Personnel from a third party that has a legal right to make such disclosure and does not impose an obligation of confidentiality on the receiving party, (iii) was known to Consultant or Personnel at the time of disclosure by Delphi, (iv) was generated independently by Consultant or Personnel before disclosure by Delphi, or (v) is required to be disclosed by Consultant or Personnel by law, subpoena or other process.

17.    Assignment and Subcontracting.    Consultant will not assign or subcontract any portion of its responsibilities under this Agreement without Delphi's prior written approval.    To the extent any of the services under the Engagement Letter will be performed in or relate to a jurisdiction outside of the United States, Client acknowledges and agrees that such services may be performed by the member firm of KPMG International practicing in such jurisdiction. Accordingly, Client consents to KPMG's disclosure to a member firm and such member firm's use of information received from Client for the purpose of providing services under the Engagement Letter.

18.    Changes and Delays.

A.    In the event that (i) Delphi requires a change in the scope of the Services, (ii) any change of applicable law or regulation affects the timing or performance of the Services or (iii) any action by Delphi or a third party (other than Personnel) affects the timing or performance of the Services, subject to the mutual agreement of Delphi and Consultant, the fees and/or schedule for performance for the Services will be equitably adjusted by the parties.

B.    To the extent that the Engagement Letter provides that Consultant's performance under this Agreement is contingent upon specific action or cooperation of Delphi, including the supply to Consultant of specific resources, approvals, and information, any delays in Consultant's performance which occur as a result of the failure or untimely performance by Delphi shall be excused to the extent of any such delay or untimely performance by Delphi and Consultant shall not incur any liability to Delphi as a result of any such delay or untimely performance by Delphi.

19.    Term and Termination.  This Agreement will terminate when the Services have been completed. In addition, either party may terminate this Agreement in the event of the breach by the other party of this Agreement, which breach is not cured within thirty (30) days after notice by the non-breaching party. Delphi shall pay Consultant for Services performed prior to the effective date of termination as well as expenses incurred prior to the effective date of termination and approved by Delphi in accordance with Section 7 of this Exhibit A.

KPMG

20.    Conflict.  In the event of any conflict, ambiguity or inconsistency between this Agreement and any other agreement relating to the Services, including any preprinted terms and conditions on Delphi's purchase orders, the terms and conditions of this Agreement shall govern.

21.    Survival.  The provisions of this Agreement, which give the parties rights beyond termination of this Agreement, will survive any termination of this Agreement.

22.    Severability.  If any portion of this Agreement is held to be void, invalid, or otherwise unenforceable, in whole or part, the remaining portions of this Agreement shall remain in effect.

23.    Amendment.  This Agreement shall not be modified except by a later written agreement signed by both parties.

24.    Alternative Dispute Resolution.

A.    Any dispute or claim arising out of or relating to the Engagement Letter between the parties, the services provided thereunder, or any other services provided by or on behalf of Consultant or any of its subcontractors or agents to Delphi or at its request (including any dispute or claim involving any person or entity for whose benefit the services in question are or were provided) shall be resolved in accordance with the dispute resolution procedures set forth in Exhibit C attached hereto, which constitute the sole methodologies for the resolution of all such disputes. By operation of this provision, the parties agree to forego litigation over such disputes in any court of competent jurisdiction. Mediation, if selected, may take place at a location to be designated by the parties. Arbitration shall take place in Detroit, Michigan. Either party may seek to enforce any written agreement reached by the parties during mediation, or to confirm and enforce any final award entered in arbitration, in any court of competent jurisdiction.

B.    Notwithstanding the agreement to such procedures, either party may seek injunctive relief to enforce its rights with respect to the use or protection of (i) its confidential or proprietary information or material or (ii) its names, trademarks, service marks or logos, solely in the courts of the State of Michigan or in the courts of the United States located in the State of Michigan. The parties consent to the personal jurisdiction thereof and to sole venue therein only for such purposes.

25.    Miscellaneous.

A.    For engagements where services will be provided by KPMG through offices located in California, Client acknowledges that certain of KPMG's personnel who may be considered "owners" under the California Accountancy Act and implementing regulations (California Business and Professions Code section 5079(a); 16 Cal. Code Regs. sections 51 and 51.1) and who may provide services in connection with this engagement, may not be licensed as certified public accountants under the laws of any of the various states.

B.    Where KPMG is reimbursed for expenses, it is KPMG's policy to bill clients the amount incurred at the time the good or service is purchased. If KPMG subsequently receives a volume rebate or other incentive payment from a vendor relating to such expenses, KPMG does not credit such payment to Client. Instead, KPMG applies such payments to reduce its overhead costs, which costs are taken into account in determining KPMG's standard billing rates and certain transaction charges that may be charged to clients.



KPMG/Delphi Standard Engagement Terms & Conditions
rev. 4 8 2005
page 7 of 10

## EXHIBIT B

### Travel and Per Diem Reimbursement

A.    If Personnel are required by Delphi to travel as an incidental requirement in performing services for Delphi, then such travel and per diem expenses, subject to prior written approval of Delphi, will be reimbursable as follows:

1. **Air Travel**    Economy/Coach class only.  Business class is permitted only upon prior written consent by Delphi.

2. **Hotel**    Consultant will exercise good, sound business judgment and discretion in choosing hotels, such as moderately priced chain hotels or hotels that offer discounted corporate rates.  Where extended travel is involved, reduced rates may be available and should be requested.

3. **Rental cars**    Compact or intermediate class only.  The cost of collision damage waiver and personal accident insurance is the responsibility of Consultant.

4. **Mileage Allowance**    Reimbursement will be at the then current IRS rate (currently $0.405 per mile) for the miles which are in excess of his or her normal commute from home to work and back.  When permanently assigned to another location, even if the new location is temporary, Consultant will not be reimbursed for excess miles, additional driving time, etc.

5. **Expense Reports**    If requested, Consultant will provide receipts for all reimbursable expenses, including meals and other expenditures, in excess of $25.00 or more.

6. **Meals**    Meals will not be reimbursed for non-overnight trips, except in the case of late return occasioned by travel outside normal working hours.  Reimbursement for meals will be the actual and reasonable expenses paid by Consultant.

7. **Extended Travel**    Consultant should review the home visit policy prior to a trip.  Generally, the following provisions apply:

   If the travel expense is less than the living expense in the temporary location, Consultant will be reimbursed for travel to the permanent location every week.

   If the travel expense is more than the living expense in the temporary location, Consultant will be reimbursed for travel to the permanent location every two weeks.

   Excess expenses due to frequent travel or stays will not be reimbursed by Delphi without its prior written approval.

8. **Miscellaneous**    When Consultant chooses an alternative method of transportation, e.g., to drive instead of fly, reimbursement, including meals and lodging, will not exceed the lesser of the two costs.  Documentation to support the lesser cost

**KPMG**

KPMG/Delphi Standard Engagement Terms & Conditions
rev. 4 8 2005
page 8 of 10

must be attached to expense report. Travel time must also be limited if on working hours.

The employee, his or her immediate supervisor, and an authorized Delphi representative must sign the expense report form.

Consultant is responsible for travel reservations, hotel/rental accommodations and rental cars. If directed by Delphi, Consultant will make all travel arrangements through Global Experts in Travel (GET), or other designated supplier, using a special account set up for such purposes.

Any cash advance by Consultant to its employee is the responsibility of Consultant.

9. Per Diem                In certain instances, a per diem will be paid to Consultant in accordance with Delphi's standard per diem policy.

B.        All travel and per diem for which Consultant seeks reimbursement will be submitted to Delphi on standard vouchers, with substantiating documentation, and will accompany the monthly invoices.

**KPMG**

## EXHIBIT C

### Dispute Resolution Procedures

The following procedures are the sole methodologies to be used to resolve any controversy or claim ("dispute"). If any of these provisions are determined to be invalid or unenforceable, the remaining provisions shall remain in effect and binding on the parties to the fullest extent permitted by law.

#### Mediation

Any party may request mediation of a dispute by providing a written Request for Mediation to the other party or parties. The mediator, as well as the time and place of the mediation, shall be selected by agreement of the parties. Absent any other agreement to the contrary, the parties agree to proceed in mediation using the CPR Mediation Procedures (Effective April 1, 1998), with the exception of paragraph 2 which shall not apply to any mediation conducted pursuant to this agreement. As provided in the CPR Mediation Procedures, the mediation shall be conducted as specified by the mediator and as agreed upon by the parties. The parties agree to discuss their differences in good faith and to attempt, with facilitation by the mediator, to reach a consensual resolution of the dispute. The mediation shall be treated as a settlement discussion and shall be confidential. The mediator may not testify for any party in any later proceeding related to the dispute. No recording or transcript shall be made of the mediation proceeding. Each party shall bear its own costs in the mediation. Absent an agreement to the contrary, the fees and expenses of the mediator shall be shared equally by the parties.

#### Arbitration

Arbitration shall be used to settle the following disputes: (1) any dispute not resolved by mediation 90 days after the issuance by one of the parties of a written Request for Mediation (or, if the parties have agreed to enter or extend the mediation, for such longer period as the parties may agree) or (2) any dispute in which a party declares, more than 30 days after receipt of a written Request for Mediation, mediation to be inappropriate to resolve that dispute and initiates a Request for Arbitration. Once commenced, the arbitration will be conducted either (1) in accordance with the procedures in this document and the Rules for Non-Administered Arbitration of the CPR Institute for Dispute Resolution ("CPR Arbitration Rules") as in effect on the date of the engagement letter or contract between the parties, or (2) in accordance with other rules and procedures as the parties may designate by mutual agreement. In the event of a conflict, the provisions of this document and the CPR Arbitration Rules will control.

The arbitration will be conducted before a panel of three arbitrators, two of whom may be designated by the parties using either the CPR Panels of Distinguished Neutrals or the Arbitration Rosters maintained by any JAMS Office in the United States. If the parties are unable to agree on the composition of the arbitration panel, the parties shall follow the screened selection process provided in Section B, Rules 5, 6, 7, and 8 of the CPR Arbitration Rules. Any issue concerning the extent to which any dispute is subject to arbitration, or any dispute concerning the applicability, interpretation, or enforceability of these procedures, including any contention that all or part of these procedures are invalid or unenforceable, shall be governed by the Federal Arbitration Act and resolved by the arbitrators. No potential arbitrator shall be appointed unless he or she has agreed in writing to abide and be bound by these procedures.

The arbitration panel shall issue its final award in writing. The panel shall have no power to award non-monetary or equitable relief of any sort. Damages that are inconsistent with any applicable agreement

KPMG/Delphi Standard Engagement Terms & Conditions
rev. 4 8 2005
page 10 of 10

between the parties, that are punitive in nature, or that are not measured by the prevailing party's actual damages, shall be unavailable in arbitration or any other forum. In no event, even if any other portion of these provisions is held to be invalid or unenforceable, shall the arbitration panel have power to make an award or impose a remedy that could not be made or imposed by a court deciding the matter in the same jurisdiction.

Discovery shall be permitted in connection with the arbitration only to the extent, if any, expressly authorized by the arbitration panel upon a showing of substantial need by the party seeking discovery.

All aspects of the arbitration shall be treated as confidential. The parties and the arbitration panel may disclose the existence, content or results of the arbitration only as provided in the CPR Arbitration Rules. Before making any such disclosure, a party shall give written notice to all other parties and shall afford such parties a reasonable opportunity to protect their interests.

The award reached as a result of the arbitration will be binding on the parties, and confirmation of the arbitration award may be sought in any court having jurisdiction.

## EXHIBIT B

REVISED INTERNATIONAL PROJECT ENGAGEMENT LETTER



A. ALEXANDROV (N.YOR
ORIG: Scott Russell
60118089

**KPMG LLP**
Suite 1200
150 West Jefferson
Detroit, MI 48226-4429

Telephone   313 983 0200
Fax          313 983 0006
             313 983 0007
             313 983 0008
Internet     www.us.kpmg.com

August 31, 2005

11307756
11307763

S

**PRIVATE**

Ms. Suzanne Kihn
Director, Corporate Accounting
Delphi Corporation
M/C 483.400.141
5725 Delphi Drive
Troy, MI 48098

Re: International Tax Process Improvement Project — Revised

Dear Suzanne:

We appreciate the opportunity to work on the Income Tax Accounting and Reporting Package
Project. Based on the initial feasibility phase, KPMG has been able to assist Delphi:

- Review and identify key gaps in the existing reporting package and processes
- Evaluate different approaches for redesigning tax reporting packages and improving tax basis
  balance sheets for foreign reporting units that are suitable for Delphi
- Finalize the project plan and milestones
- Formulate the evaluation criteria for selection of reporting units
- Create the initial communication presentation to local Delphi units
- Establish a network of non-US KPMG resources from the member firms of KPMG
  International to assist local Delphi units
- Customize the tax basis balance sheet template

As we stated in the original engagement letter, we wanted to provide the update on the scope of this
project based on assessment and planning work we have accomplished so far. The key difference
from our initial engagement letter is that we now have a better understanding of the level of
assistance KPMG is expected to provide through our network of non-US professionals from the
member firms of KPMG International. It is our understanding that the KPMG network will be
leveraged potentially for all three phases of the project we have laid out –review (and provide
suggestions for improvement) regarding tax basis balance sheets, assistance with Q3 "dry run," and
review of Year-end procedures.

## Limitation to Engagement Services

KPMG's services are intended to assist Delphi in modifying Delphi's tools and processes for
collecting data from Delphi's foreign operations in support of the computation of an income tax
provision. Delphi management is ultimately responsible for ensuring the necessary financial and
tax information are collected from its foreign operations.

KPMG LLP, a U.S. limited liability partnership, is the U.S.
member firm of KPMG International, a Swiss cooperative.



KPMG's services do not include assisting directly Delphi's management in establishing and supporting its current and deferred income taxes and financial statement disclosures. KPMG is not assuming responsibility for management analysis or decision-making with respect to the application of any accounting principle to the income tax provision, related financial statement disclosures and balance sheet accounts, such as determining the necessity or amount of a valuation allowance or tax contingency reserve. Delphi is to consult with their independent auditor on the application of accounting principles.

This engagement does not contemplate the provision or oral advice or the issuance of a written report on the application of accounting principles pursuant to AU section 625 of the AICPA's Professional Standards, Reports on the Application of Accounting Principles. Accordingly, KPMG's services will not be directed toward consultation on the application of accounting principles to Delphi's particular facts and circumstances.

Unless separately engaged to do so, KPMG will not express an opinion on the possible outcome of a tax contingency.

In this engagement, KPMG assumes no responsibility for auditing information provided by Delphi management or Delphi foreign operations. KPMG also assumes no responsibility for expressing an opinion on any part of Delphi's financial statements. Those are the sole responsibility of Delphi's independent auditor. If necessary and appropriate, KPMG will meet with Delphi's independent auditor during the course of the engagement to discuss our services and any preliminary findings.

**Coordination With KPMG International Member Firms**

Our services covered by this engagement letter may also necessitate the assistance of a member firm of KPMG International. To the extent that our services under this engagement letter require such assistance, the services will be provided under the direction of KPMG LLP, the U.S. member firm of KPMG International, and will include the participation of other member firms of KPMG International ("KPMG member firms"). KPMG LLP is a separate legal entity from other member firms of KPMG International. Advice relative to tax matters outside the United States will be based on tax advice provided by the KPMG member firm in the particular country and on the relevant tax authorities in that country. In rendering such advice, we may also consider U.S. tax treaties, their technical explanations, and judicial and administrative interpretations thereof.

In certain countries, a KPMG member firm is authorized to provide legal services within its jurisdiction. This engagement letter encompasses only tax services provided by KPMG member firms and does not encompass any legal services a KPMG member firm may be authorized to provide. Should the provision of such services not be proscribed by applicable independence rules and should Sample Corporation choose to retain a KPMG member firm to provide legal services, including drafting of documents, in a particular country, Sample Corporation and the KPMG member firm will enter into a separate fee arrangement and engagement letter for the provision of such legal services.

Oct-12-05    04:00pm    From-KPMG LLP - NDPPS                919 983 0500                T-330    P.004/017    F-406



**Fees**

Based on our current understanding of the scope, we estimate that our hours and fees for these services will be as below:

| Project Components | Est. Hours | Est. Fee (US$) |
|---|---|---|
| **Phase 1** | | |
| A. Assessment and Planning | 72 | 27,988 |
| B. Tax Basis Balance Sheet Review & Assistance | 1061 | 408,760 |
| C. Customize Tax Package | 354 | 132,600 |
| **Phase 2** | | |
| A. Develop Tax Database | 420 | 150,000 |
| B. Tax Package Training & Rollout | 420 | 150,000 |
| C. Q3 Dry Run Assistance | 334 | 128,420 |
| **Phase 3** | | |
| A. Post-Q3 Dry Run Assessment | 64 | 22,000 |
| B. 2005 Year End Provision Review | 334 | 128,420 |
| **Total** | **3059** | **1,148,188** |

The revised estimate is principally based on the level of assistance we have budgeted for the non-U.S., local KPMG professionals for 117 reporting units to provide:

- For phase 1, 18 hours of assistance and review per reporting unit
  (3 partner hours, 12 senior manager hours per reporting unit)
- For phase 2, 5 hours per reporting unit (1 partner hours, 4 senior manager hours)
- For phase 3, 5 hours per reporting unit (1 partner hours, 4 senior manager hours)

The actual hours of assistance provided by local KPMG professionals in various countries may be more or less than budgeted, especially where (a) problems are encountered at a particular reporting unit, or (b) efficiencies are gained where a local Delphi contact may have responsibilities over many reporting units. We will bill for actual hours incurred.

As we complete the Tax Basis Balance Sheet phrase, we will be in a better position to estimate the required hours for the Phase 2 and Phase 3 actions. To the extent different from the above, we will send you a revised estimate.

The billing rates of local KPMG professionals will be same as agreed in the original engagement letter.

The attached Exhibit A, Terms and Conditions, and Exhibit B, Travel and Per Diem Reimbursement policy, are made a part of this engagement letter. You acknowledge and agree that all KPMG member firms and their personnel who provide services covered by this engagement letter shall be bound by, and entitled to the benefits of, the terms of this engagement letter and the attached Standard Terms and Conditions. To the extent Delphi personnel are permitted to travel business class on overseas airline trips, it is hereby agreed that KPMG personnel will be allowed to utilize business class as well. Also, we will be paid on the basis of "MNS-1" status for Delphi invoice



Page 4 of 16
Suzanne Kihn
Delphi Corporation
August 31, 2005

payment purposes, effective September 1, 2005, for a period of 60 days, when we will re-evaluate the situation.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

If you would like to further discuss the engagement scope, please do not hesitate to call me at 212-872-5891. If you agree with the revised fee estimate, please sign the enclosed copy of this letter to confirm our understanding of the scope and return it to my attention.

Very truly yours,

KPMG LLP

Anthony G. Alexandrou
*Partner*

**Enclosures**

**Delphi Corporation**

Authorized Signature

Title

Date

Oct-12-05    04:01pm    From-KPMG LLP - NDPPS                    919 888 0500            T-330    P.008/017    F-408



## EXHIBIT A

### GENERAL TERMS AND CONDITIONS

1.    <u>Agreement</u>.  It is agreed that KPMG LLP ("Consultant") will provide to Delphi Corporation ("Delphi") the services (the "Services") described in the accompanying engagement letter (the "Engagement Letter") to which this <u>Exhibit A</u> is attached (the Engagement Letter, this <u>Exhibit A</u> and <u>Exhibit B</u> are collectively referred to as this "Agreement").  For purposes of this Agreement, the terms "Consultant" include any affiliates of Consultant identified in the Engagement Letter as performing any of the Services, and the term "Delphi" includes any subsidiaries and affiliates of Delphi for which the Services are performed.  This Agreement constitutes the entire and sole agreement between Delphi and Consultant, and merges all prior and contemporaneous communications with respect to the subject matter of this Agreement.

2.    <u>Independent Contractor</u>.  Consultant will provide the Services as an independent contractor. Nothing contained in this Agreement shall be construed to create an employment or principal-agent relationship or joint venture between Consultant and Delphi, and neither party shall have the right, power or authority to obligate or bind the other in any manner whatsoever.

3.    <u>Personnel</u>.  All of Consultant's agents, employees, subcontractors and/or independent contractors furnished by Consultant to perform the Services (collectively, "Personnel") are and will remain Consultant's employees and/or independent contractors and, under no circumstances, will any Personnel furnished by Consultant be deemed to be Delphi's employees or agents.  Consultant is solely responsible, at Consultant's sole cost and expense, for (i) the fulfillment of all obligations to Personnel and (ii) the compliance by Consultant and Personnel with this Agreement and all laws, regulations, orders and other governmental requirements applicable to performance of the Services.

4.    <u>Conduct of Consultant's Personnel</u>.  Consultant will assure that all Personnel who are performing Services on behalf of Consultant are competent to perform the Services.  Consultant will require all Personnel who are performing any work on Delphi's premises to comply with all of Delphi's regulations and policies.  Delphi, in its sole discretion, has the right to: (a) bar any of Personnel from Delphi's premises for failure to observe Delphi's regulations or policies, (b) require that Consultant promptly remove from Delphi's premises any Personnel who violate any of Delphi's regulations or policies, and (c) require that Consultant cease using any Personnel to perform the services who are reasonably unacceptable to Delphi.  Delphi will confer with Consultant to discuss Delphi's concerns prior to requiring removal of any Personnel.  Consultant will replace any barred or removed Personnel with Personnel reasonably acceptable to Delphi.



*Page 6 of 16*
*Suzanne Kihn*
*Delphi Corporation*
*August 31, 2005*

5.    <u>Non-Solicitation of Employees</u>.

A.    Delphi agrees that during the term of this Agreement and for a period of one (1) year after the termination of this Agreement, it will not hire or attempt to hire any employees or former employees of Consultant if listed in the engagement letter attached hereto, who have been assigned to or have performed any of the Services contemplated herein.

B.    Consultant agrees that during the term of this Agreement and for a period of one (1) year after the termination of this Agreement, it will not hire or attempt to hire any employees or former employees of Delphi's Tax staff who have participated in the furtherance of this Agreement.

C.    Notwithstanding the provisions of Sections 5A and 5B, neither party shall be prohibited from employing any employee, former employee or personnel of the other who contacts such party (i) on his or her own initiative or (ii) in response to a general solicitation for employment contained in a newspaper or any other publication.

6.    <u>Professional Fees</u>.  Delphi will compensate Consultant for actual Services performed in accordance with the fee schedule set forth in this Agreement (the "Fee Schedule"). Consultant will invoice Delphi no more frequently than monthly. Consultant will submit, with each invoice for payment, a report specifying the actual Services performed and the calculation of the invoiced payment in accordance with the Fee Schedule. Invoices will be due and payable by Delphi within forty-five (45) days of Delphi's receipt of the invoice and corresponding report in the required form.

7.    <u>Expenses</u>.  Delphi will reimburse Consultant for all reasonable costs and expenses Consultant incurs in connection with the Services, including, without limitation, all travel expenses, <u>provided</u>, <u>however</u>, that Consultant must obtain prior approval of Delphi for any individual reimbursable expenses in excess of $1,000 or for reimbursable expenses which exceed or are anticipated to exceed an aggregate of $2,500 during any calendar month. Consultant will not charge any markup, overhead, profit or other fees on the reimbursable expenses. Delphi's reimbursement obligations will be governed by the provisions of <u>Exhibit B</u>.

8.    <u>Taxes</u>.  Unless otherwise agreed in the Engagement Letter, any applicable taxes imposed on Consultant in connection with the performance of the Services (except for taxes imposed on Consultant's income) will be invoiced to, and paid by, Delphi in addition to fees and expenses.



9..   Indemnification.

A.      Delphi shall indemnify, defend and hold harmless Consultant, including its directors, officers, employees, agents and representatives, from and against any and all claims, demands, actions, damages, liabilities, costs and expenses, including reasonable attorney fees and expenses, to the extent arising out of or resulting from third party claims against Consultant based on any of Consultant's written or verbal work product prepared pursuant to this Agreement and furnished by Consultant to Delphi for internal use (such as reports, analyses, projections, advice, recommendations and other data ) (collectively, "Internal Work Product Claims"). In addition, Delphi shall indemnify, defend and hold harmless Consultant, including its directors, officers, employees, agents and representatives, from and against any and all claims, demands, actions, damages, liabilities, costs and expenses, including reasonable attorney fees and expenses (other than Internal Work Product Claims), to the extent arising out of or resulting from third party claims against Consultant based on any activities of Consultant in connection with the performance of Services under this Agreement (collectively, "Non-Work Product Claims"), provided, however, that Delphi will have no obligation to indemnify Consultant to the extent that any Non-Work Product Claims arise out of or result from the negligence, illegal acts' or willful misconduct of Consultant and/or its directors, officers, employees, agents or representatives.

B.      Consultant shall indemnify, defend and hold harmless Delphi, including its directors, officers, employees, agents and representatives, from any and all claims, demands, actions, damages, liabilities, costs and expenses, including reasonable attorney fees and expenses, to the extent arising out of or resulting from the negligence, illegal acts or willful misconduct of Consultant and/or its directors, officers, employees, agents or representatives in connection with the performance of Services under this Agreement, provided, however, that Consultant will have no obligation to indemnify Delphi to the extent that any such claims or damages arise out of or result from Internal Work Product Claims.

C.      In each case, the indemnifying party shall also pay to the indemnified party any and all costs and expenses incurred in connection with the enforcement of these indemnification provisions.

D.      The indemnification obligations set forth in this Section 9 and the general terms and conditions of this Agreement shall not apply to any tax or other governmental filings prepared by Consultant. The rights and obligations of the parties with respect to such services shall be governed by a separate agreement.

10.   Limitation of Liability.  Consultant's liability under this Agreement will be limited to three (3) times the professional fees paid; provided however that this limitation shall not apply (i) in the event of any breach of Section 16 below relating to Delphi Proprietary Information or (ii) if Consultant is found to be grossly negligent or to have acted willfully or fraudulently. In



*Page 8 of 16*
*Suzanne Kihn*
*Delphi Corporation*
*August 31, 2005*

no event will Consultant or Delphi be liable for consequential, special, indirect, incidental, punitive or exemplary damages, costs, expenses, or losses (including loss of profits, data, business or goodwill) regardless of whether such liability is based on breach of contract, tort, strict liability, breach of warranties, failure of essential purpose or otherwise, and even if advised of the likelihood of such damages.

11.  Standard of Performance.  Consultant will use its best skills, resources and judgment to perform the Services in an efficient and economical manner and in accordance with the highest professional standards.  If any Services are not completed to Delphi's reasonable satisfaction, Consultant will, at no additional cost to Delphi, take reasonable steps to correct any deficiencies. The express warranties in this Paragraph and in this Agreement shall be in lieu of all other warranties, express or implied, including the implied warranty of merchantability and fitness for a particular purpose.

12.  Reliance on Information/Authorities.  Consultant will base its conclusions on the facts and assumptions that Delphi submits and will not independently verify this information. Inaccuracy or incompleteness of the information Delphi provides could have a material effect on Consultant's conclusions. In rendering its advice, Consultant may consider, for example, the applicable provisions of the Internal Revenue Code of 1986, and ERISA as amended, and the relevant state statutes, the regulations thereunder, and judicial and administrative interpretations thereof.    These authorities are subject to change, retroactively and/or prospectively, and any such changes could affect the validity of Consultant's advice. Consultant will not update its advice for subsequent changes or modifications to the law and regulations, or to the judicial and administrative interpretations thereof, unless Delphi separately engages Consultant to do so after such changes or modifications.

13.  Legal Counsel.  Delphi should consult with and/or engage legal counsel for the purpose of advising on non-tax legal aspects of matters on which Consultant provides tax advice and drafting any legal documents and/or agreements that may be required in connection therewith. Consultant will provide Delphi's legal counsel with tax-related advice that is deemed necessary by Delphi's legal counsel to draft such documents and/or agreements. To the extent Services of legal counsel or other professional service providers are required, Delphi is responsible for engaging and paying such service providers.

14.  Federal Confidential Communications Privilege.  A confidentiality privilege under Internal Revenue Code Section 7525 may pertain to certain communications between Consultant personnel and Delphi regarding federal tax advice provided pursuant to this engagement. By retaining Consultant, Delphi agrees that Consultant is instructed to claim the privilege on Delphi's behalf, with respect to any applicable communications, up to and until such time as Delphi may waive any such privilege in writing. As disclosure of any such confidential communications to the Internal Revenue Service or other third party may cause any confidentiality privilege to be waived, Delphi should notify Consultant if the Internal Revenue Service or other third party requests information about any tax advice or tax advice documents provided by Consultant.



Delphi understands that Consultant makes no representation, warranty, or promise, and offers no opinion with respect to the applicability of such confidentiality privilege to any communication. Delphi agrees to indemnify Consultant for any attorney's fees and other costs and expenses incurred by Consultant in defending the confidentiality privilege on Delphi's behalf. Consultant agrees to promptly notify Delphi of any claim for which Consultant seeks indemnification and Delphi shall have the right to conduct the defense or settlement of any such claim at Delphi's sole expense, and Consultant shall cooperate with Delphi. Consultant shall nonetheless have the right to participate in such defense at its own expense and to approve the settlement of any claim hereunder that imposes liability or obligation.

15.    <u>Disclosure and Restriction on Use.</u>    If this engagement relates to a strategy offered by Consultant to Delphi that is designed to reduce or defer federal income tax for a direct or indirect corporate participant, pursuant to Treasury Regulation section 301.6111-2(c), Delphi (and each employee, representative, or other agent of Delphi) is expressly authorized to disclose the structure and tax aspects of the strategy with any and all persons, without limitation of any kind.

Written advice provided by Consultant to Delphi is for the information and use of Delphi only and may not be relied upon by any third party without the express written permission of Consultant.

16.    <u>Non-Disclosure of Delphi Proprietary Information.</u>
"Delphi Proprietary Information" means any information concerning the business and affairs of Delphi which is not publicly available at the time disclosed to, or learned by, Consultant or any Personnel. Delphi Proprietary Information includes, without limitation, this Agreement and any written or verbal work product prepared pursuant to this Agreement (such as reports, analyses, projections, advice, recommendations and other data); trade secrets; product specifications; data; know-how; formulas; compositions; processes; designs; sketches; photographs; samples; inventions; concepts; ideas; past, current and planned research and development; past, current and planned manufacturing or distribution methods and processes; price lists; marketing and business plans, methods and processes; financial results and information; reports; computer software and programs (including object code and source code); databases; notes; analyses; compilations; studies; and other materials or intangibles. Delphi Proprietary Information also includes any materials or information that contain or are based on any other Delphi Proprietary Information, whether prepared by Delphi, Consultant, Personnel or any other person. Information will be conclusively deemed Delphi Proprietary Information if it is marked "Proprietary" or "Confidential" or with an equivalent legend at the time it is disclosed. Any information transmitted orally will be conclusively deemed Delphi Proprietary Information if Delphi notifies Consultant that it is proprietary within a reasonable time following oral disclosure. The failure, however, to mark information as "Proprietary" or "Confidential" or to notify Consultant that oral information is proprietary will not affect the information's proprietary nature. Delphi Proprietary Information does not include any trade secrets; data; know-how;

Oct-12-05    04:03pm    From-KPMG LLP - NDPPS                313 983 0500            T-330    P.011/017    F-408



formulae; compositions; processes; designs; sketches; inventions; concepts; ideas; methodologies, and techniques; models; templates; general purpose consulting and software tools previously created, acquired, owned or developed or independently developed by Consultant in the performance of the Services without reference to Delphi's Proprietary Information.

A.      In connection with Consultant's performance of Services, Delphi may disclose Delphi Proprietary Information to Consultant and Personnel. All Delphi Proprietary Information disclosed, furnished or made available to Consultant and/or Personnel and all Delphi Proprietary Information generated or developed by Consultant and/or Personnel will be treated and maintained as confidential by Consultant and Personnel, will not be disclosed to any third parties, either in whole or in part, except upon Delphi's prior written authorization, and will be used by Consultant and Personnel only for the purpose of performing the Services in accordance with this Agreement, in all cases using the same degree of care and discretion to avoid disclosure, publication or dissemination of such Delphi Proprietary Information that Consultant uses with respect to its own similar information that it does not wish to disclose, publish or disseminate (but in no event less than a reasonable degree of care and discretion). Before Consultant or Personnel discloses any information that could, under any circumstances, constitute Delphi Proprietary Information, Consultant will obtain Delphi's written consent. Neither Consultant nor Personnel will remove any Delphi Proprietary Information from Delphi's premises unless Delphi authorizes the removal in writing. Consultant will be responsible and liable to Delphi for the violation by any of Personnel of these confidentiality obligations.

B.      The foregoing obligations under this Section 16B of this Exhibit A shall not apply to the extent that any Delphi Proprietary Information (i) is at the time of disclosure, or thereafter becomes, part of the public domain through a source other than Consultant and Personnel, (ii) is subsequently learned by Consultant or Personnel from a third party that has a legal right to make such disclosure and does not impose an obligation of confidentiality on the receiving party, (iii) was known to Consultant or Personnel at the time of disclosure by Delphi, (iv) was generated independently by Consultant or Personnel before disclosure by Delphi, or (v) is required to be disclosed by Consultant or Personnel by law, subpoena or other process.

17.    <u>Assignment and Subcontracting</u>. Consultant will not assign or subcontract any portion of its responsibilities under this Agreement without Delphi's prior written approval.

18.    <u>Changes and Delays</u>.
A.      In the event that (i) Delphi requires a change in the scope of the Services, (ii) any change of applicable law or regulation affects the timing or performance of the Services or (iii) any action by Delphi or a third party (other than Personnel) affects the timing or performance of the Services, subject to the mutual agreement of Delphi and Consultant, the fees and/or schedule for performance for the Services will be equitably adjusted by the parties.

Oct-12-05    04:03pm    From-KPMG LLP - NDPPS                313 983 0500           T-330    P.012/017    F-406



B.      To the extent that the Engagement Letter provides that Consultant's performance under this Agreement is contingent upon specific action or cooperation of Delphi, including the supply to Consultant of specific resources, approvals, and information, any delays in Consultant's performance which occur as a result of the failure or untimely performance by Delphi shall be excused to the extent of any such delay or untimely performance by Delphi and Consultant shall not incur any liability to Delphi as a result of any such delay or untimely performance by Delphi.

19.    Term and Termination. This Agreement will terminate when the Services have been completed. In addition, either party may terminate this Agreement in the event of the breach by the other party of this Agreement, which breach is not cured within thirty (30) days after notice by the non-breaching party. Delphi shall pay Consultant for Services performed prior to the effective date of termination as well as expenses incurred prior to the effective date of termination and approved by Delphi in accordance with Section 7 of this Exhibit A.

20.    Conflict. In the event of any conflict, ambiguity or inconsistency between this Agreement and any other agreement relating to the Services, including any preprinted terms and conditions on Delphi's purchase orders, the terms and conditions of this Agreement shall govern.

21.    Survival. The provisions of this Agreement which give the parties rights beyond termination of this Agreement will survive any termination of this Agreement.

22.    Severability. If any portion of this Agreement is held to be void, invalid, or otherwise unenforceable, in whole or part, the remaining portions of this Agreement shall remain in effect.

23.    Amendment. This Agreement shall not be modified except by a later written agreement signed by both parties.

24.    Alternative Dispute Resolution.

A.      Any dispute or claim arising out of or relating to the Engagement Letter between the parties, the services provided thereunder, or any other services provided by or on behalf of Consultant or any of its subcontractors or agents to Delphi or at its request (including any dispute or claim involving any person or entity for whose benefit the services in question are or were provided) shall be resolved in accordance with the dispute resolution procedures set forth in Exhibit C attached hereto, which constitute the sole methodologies for the resolution of all such disputes. By operation of this provision, the parties agree to forego litigation over such disputes in any court of competent jurisdiction. Mediation, if selected, may take place at a location to be designated by the parties. Arbitration shall take place in Detroit, Michigan. Either party may seek to enforce any written agreement reached by the parties during mediation, or to confirm and enforce any final award entered in arbitration, in any court of competent jurisdiction.

KPMG

B.    Notwithstanding the agreement to such procedures, either party may seek injunctive relief to enforce its rights with respect to the use or protection of (i) its confidential or proprietary information or material or (ii) its names, trademarks, service marks or logos, solely in the courts of the State of Michigan or in the courts of the United States located in the State of Michigan. The parties consent to the personal jurisdiction thereof and to sole venue therein only for such purposes.

Oct-12-05    04:04pm    From-KPMG LLP - NDPPS                    313 983 0600              T-330   P.014/017   F-406



## EXHIBIT B

### Travel and Per Diem Reimbursement

A.    If Personnel are required by Delphi to travel as an incidental requirement in performing services for Delphi, then such travel and per diem expenses, subject to prior written approval of Delphi, will be reimbursable as follows:

1. Air Travel — Economy/Coach class only. Business class is permitted only upon prior written consent by Delphi.

2. Hotel — Consultant will exercise good, sound business judgment and discretion in choosing hotels, such as moderately priced chain hotels or hotels that offer discounted corporate rates. Where extended travel is involved, reduced rates may be available and should be requested.

3. Rental cars — Compact or intermediate class only. The cost of collision damage waiver and personal accident insurance is the responsibility of Consultant.

4. Mileage Allowance — Reimbursement will be at the then current IRS rate (currently $0.325 per mile) for the miles which are in excess of his or her normal commute from home to work and back. When permanently assigned to another location, even if the new location is temporary, Consultant will not be reimbursed for excess miles, additional driving time, etc.

5. Expense Reports — If requested, Consultant will provide receipts for all reimbursable expenses, including meals and other expenditures, in excess of $25.00 or more.

6. Meals — Meals will not be reimbursed for non-overnight trips, except in the case of late return occasioned by travel outside normal working hours. Reimbursement for meals will be the actual and reasonable expenses paid by Consultant.

7. Extended Travel — Consultant should review the home visit policy prior to a trip. Generally, the following provisions apply:

    If the travel expense is less than the living expense in the temporary location, Consultant will be reimbursed for travel to the permanent location every week.

    If the travel expense is more than the living expense in the temporary location, Consultant will be reimbursed for travel to the permanent

Oct-12-05   04:04pm   From-KPMG LLP - NDPPS                313 883 0500            T-380   P.015/017   F-406



location every two weeks.

Excess expenses due to frequent travel or stays will not be reimbursed by Delphi without its prior written approval.

8. Miscellaneous

When Consultant chooses an alternative method of transportation, *e.g.*, to drive instead of fly, reimbursement, including meals and lodging, will not exceed the lesser of the two costs. Documentation to support the lesser cost must be attached to expense report. Travel time must also be limited if on working hours.

The employee, his or her immediate supervisor, and an authorized Delphi representative must sign the expense report form.

Consultant is responsible for travel reservations, hotel/motel accommodations and rental cars. If directed by Delphi, Consultant will make all travel arrangements through Total Travel Management, using a special account set up for such purposes.

Any cash advance by Consultant to its employee is the responsibility of Consultant.

9. Per Diem

In certain instances, a per diem will be paid to Consultant in accordance with Delphi's standard per diem policy.

B.   All travel and per diem for which Consultant seeks reimbursement will be submitted to Delphi on standard vouchers, with substantiating documentation, and will accompany the monthly invoices.



*Page 15 of 16*
*Suzanne Kihn*
*Delphi Corporation*
*August 31, 2005*

## EXHIBIT C

### Dispute Resolution Procedures

The following procedures are the sole methodologies to be used to resolve any controversy or claim ("dispute"). If any of these provisions are determined to be invalid or unenforceable, the remaining provisions shall remain in effect and binding on the parties to the fullest extent permitted by law.

### *Mediation*

Any party may request mediation of a dispute by providing a written Request for Mediation to the other party or parties. The mediator, as well as the time and place of the mediation, shall be selected by agreement of the parties. Absent any other agreement to the contrary, the parties agree to proceed in mediation using the CPR Mediation Procedures (Effective April 1, 1998), with the exception of paragraph 2 which shall not apply to any mediation conducted pursuant to this agreement. As provided in the CPR Mediation Procedures, the mediation shall be conducted as specified by the mediator and as agreed upon by the parties. The parties agree to discuss their differences in good faith and to attempt, with facilitation by the mediator, to reach a consensual resolution of the dispute. The mediation shall be treated as a settlement discussion and shall be confidential. The mediator may not testify for any party in any later proceeding related to the dispute. No recording or transcript shall be made of the mediation proceeding. Each party shall bear its own costs in the mediation. Absent an agreement to the contrary, the fees and expenses of the mediator shall be shared equally by the parties.

### *Arbitration*

Arbitration shall be used to settle the following disputes: (1) any dispute not resolved by mediation 90 days after the issuance by one of the parties of a written Request for Mediation (or, if the parties have agreed to enter or extend the mediation, for such longer period as the parties may agree) or (2) any dispute in which a party declares, more than 30 days after receipt of a written Request for Mediation, mediation to be inappropriate to resolve that dispute and initiates a Request for Arbitration. Once commenced, the arbitration will be conducted either (1) in accordance with the procedures in this document and the Rules for Non-Administered Arbitration of the CPR Institute for Dispute Resolution ("CPR Arbitration Rules") as in effect on the date of the engagement letter or contract between the parties, or (2) in accordance with other rules and procedures as the parties may designate by mutual agreement. In the event of a conflict, the provisions of this document and the CPR Arbitration Rules will control.

The arbitration will be conducted before a panel of three arbitrators, two of whom may be designated by the parties using either the CPR Panels of Distinguished Neutrals or the Arbitration Rosters maintained by any JAMS Office in the United States. If the parties are unable to agree on the composition of the arbitration panel, the parties shall follow the screened selection process provided in Section B, Rules 5, 6, 7, and 8 of the CPR Arbitration Rules. Any issue concerning the extent to which any dispute is subject to arbitration, or any dispute concerning the applicability,

Oct-12-05    04:05pm    From-KPMG LLP - NDPPS    313 983 0500    T-330    P.017/017    F-406



interpretation, or enforceability of these procedures, including any contention that all or part of these procedures are invalid or unenforceable, shall be governed by the Federal Arbitration Act and resolved by the arbitrators. No potential arbitrator shall be appointed unless he or she has agreed in writing to abide and be bound by these procedures.

The arbitration panel shall issue its final award in writing. The panel shall have no power to award non-monetary or equitable relief of any sort. Damages that are inconsistent with any applicable agreement between the parties, that are punitive in nature, or that are not measured by the prevailing party's actual damages, shall be unavailable in arbitration or any other forum. In no event, even if any other portion of these provisions is held to be invalid or unenforceable, shall the arbitration panel have power to make an award or impose a remedy that could not be made or imposed by a court deciding the matter in the same jurisdiction.

Discovery shall be permitted in connection with the arbitration only to the extent, if any, expressly authorized by the arbitration panel upon a showing of substantial need by the party seeking discovery.

All aspects of the arbitration shall be treated as confidential. The parties and the arbitration panel may disclose the existence, content or results of the arbitration only as provided in the CPR Arbitration Rules. Before making any such disclosure, a party shall give written notice to all other parties and shall afford such parties a reasonable opportunity to protect their interests.

The award reached as a result of the arbitration will be binding on the parties, and confirmation of the arbitration award may be sought in any court having jurisdiction.



| | | |
|---|---|---|
| **KPMG LLP** | Telephone | 313 983 0200 |
| Suite 1200 | Fax | 313 983 0006 |
| 150 West Jefferson | | 313 983 0007 |
| Detroit, MI 48226-4429 | | 313 983 0008 |
| | Internet | www.us.kpmg.com |

September 12, 2005

<u>PRIVATE</u>

Ms. Suzanne Kihn
Director, Corporate Accounting
Delphi Corporation
M/C 483.400.141
5725 Delphi Drive
Troy, MI 48098

Dear Suzanne,

This letter shall serve as an addendum to our engagement letter dated August 31, 2005
regarding our International Tax Process Improvement Project – Revised.

## Written Tax Advice

We do not anticipate that the written tax advice provided under this engagement letter
will rise to the level of a Covered Opinion as defined in §10.35 of Circular 230 ("Covered
Opinion"). Therefore, all the written tax advice provided under this engagement letter
will contain the following legend:

> ANY TAX ADVICE IN THIS COMMUNICATION IS NOT INTENDED OR
> WRITTEN BY KPMG TO BE USED, AND CANNOT BE USED, BY A CLIENT
> OR ANY OTHER PERSON OR ENTITY FOR THE PURPOSE OF (i)
> AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER OR
> (ii) PROMOTING, MARKETING OR RECOMMENDING TO ANOTHER
> PARTY ANY MATTERS ADDRESSED HEREIN.

However, if our services will rise to the level of a Covered Opinion, we will issue a
separate engagement letter.

## Tax Return Standards

KPMG applies enhanced tax return preparation standards in preparing tax returns.
Under these standards, we must determine that the position has a "realistic possibility"
of being sustained on its merits (i.e., approximately a one-in-three or greater likelihood
of success if challenged by the IRS) with respect to any return position that does not
involve a transaction designated by the IRS as a "listed transaction" within the meaning

KPMG LLP, a U.S. limited liability partnership, is the U.S.
member firm of KPMG International, a Swiss cooperative



of Treas. Reg. §1.6011-4, or a transaction with the principal purpose of avoiding or
evading any tax imposed by the Internal Revenue Code (a "principal purpose
transaction"). If a return position relates to a "principal purpose transaction", we must
arrive at a "should" confidence level (i.e., approximately a 70 percent or greater likelihood
of success if challenged by the IRS) with respect to the transaction. We will not render
any advice with respect to a "listed transaction" or any transaction that is substantially
similar to a "listed transaction." In determining whether a return position satisfies the
"realistic possibility" and "should" standards, we will not take into account the
possibility that a tax return will not be audited, that an issue will not be raised on audit,
or that an issue will be settled. We will inform you as soon as possible if, during our
analysis, we determine circumstances exist that prevent us from advising you under
these standards.

## Fees

Our fee for this engagement will be based on the actual time incurred to complete the
project at rates previously negotiated. These rates are less than our standard hourly rates
and, accordingly, are not more than 200% of our standard hourly rates for the individuals
involved in providing the services.

Please sign the enclosed copy of this addendum to confirm our agreement and return it to
us as soon as possible. If you have any questions, please call me.

Very truly yours,

KPMG LLP

*a. G. Alexandrou (px)*

Anthony G. Alexandrou
*Partner*

## ACCEPTED:

Delphi Corporation

*[signature]*

Authorized Signature

*Executive Director, Financial Reporting*

Title

*9/16/05*

Date

# EXHIBIT C

## TAX CONSULTING ENGAGEMENT LETTER



Billing 6006080

KPMG LLP
Suite 1200
150 West Jefferson
Detroit, MI 48226-4429

Telephone    313 983 0200
Fax          313 983 0005
             313 983 0007
             313 983 0008
Internet      www.us.kpmg.com

5

March 1, 2005

)1266152

**PRIVATE**
Mr. James P. Whitson
Chief Tax Officer
Delphi Corporation
M/C 480.400.626
5725 Delphi Drive
Troy, MI 48098-2815

Dear Mr. Whitson:

We are pleased you have engaged KPMG LLP ("KPMG") to provide tax consulting services
for Delphi Corporation ("Delphi"). This letter confirms the scope and related terms of your
engagement of KPMG.

We will provide tax consulting services with respect to such matters that may arise for
which you seek our advice and consultation.

This letter does not encompass any services that are the subject of a separate engagement
letter between KPMG and Delphi.

Our fees for this engagement will be based on the complexity of the issues and the time
required of the individuals who will be performing the services. As a result of our
discussions with you, we estimate that our rates for these services are as stated:

| | |
|---|---|
| Partners | $350 |
| Senior Manager | $325 |
| Managers | $300 |
| Senior Staff | $225 |
| Staff | $175 |

Circumstances encountered during the performance of these services that warrant additional
time or expense could cause us to be unable to deliver them within the above estimates. We
will endeavor to notify you of any such circumstances as they are assessed.

To be of greatest assistance to Delphi, we should be advised **in advance** of proposed
transactions. If such matters exceed the scope of this engagement letter, we will issue

KPMG LLP, a U.S. limited liability partnership, is the U.S.
member firm of KPMG International, a Swiss cooperative.



Page: 2
Mr. Jim Whitson
Delphi Automotive Systems
February 9, 2004

separate engagement letters to confirm the scope and related terms of any additional engagements.

The attached Exhibit A, Terms and Conditions, Exhibit B, Travel and Per Diem Reimbursement, and Exhibit C, Dispute Resolution Procedures, are made a part of this engagement letter. Please sign the enclosed copy of this engagement letter to confirm our agreement and return it to us within 30 days. If you have any questions, please call me.

Very truly yours,

KPMG LLP

Patrick N. Karpen
*Partner*

Enclosure

ACCEPTED:

Delphi Corporation

JAMES P. WHITSON
CHIEF TAX OFFICER
Title

17 APR 2005
Date

Oct-12-05    03:35pm    From-KPMG LLP - NDPPS                313 893 0500        T-326  P.004/015  F-403



## EXHIBIT A

### GENERAL TERMS AND CONDITIONS

1.    **Agreement.** It is agreed that KPMG LLP ("Consultant") will provide to Delphi Corporation ("Delphi") the services (the "Services") described in the accompanying engagement letter (the "Engagement Letter") to which this Exhibit A is attached (the Engagement Letter, this Exhibit A and Exhibit B are collectively referred to as this "Agreement"). For purposes of this Agreement, the terms "Consultant" include any affiliates of Consultant identified in the Engagement Letter as performing any of the Services, and the term "Delphi" includes any subsidiaries and affiliates of Delphi for which the Services are performed. This Agreement constitutes the entire and sole agreement between Delphi and Consultant, and merges all prior and contemporaneous communications with respect to the subject matter of this Agreement.

2.    **Independent Contractor.** Consultant will provide the Services as an independent contractor. Nothing contained in this Agreement shall be construed to create an employment or principal-agent relationship or joint venture between Consultant and Delphi, and neither party shall have the right, power or authority to obligate or bind the other in any manner whatsoever.

3.    **Personnel.** All of Consultant's agents, employees, subcontractors and/or independent contractors furnished by Consultant to perform the Services (collectively, "Personnel") are and will remain Consultant's employees and/or independent contractors and, under no circumstances, will any Personnel furnished by Consultant be deemed to be Delphi's employees or agents. Consultant is solely responsible, at Consultant's sole cost and expense, for (i) the fulfillment of all obligations to Personnel and (ii) the compliance by Consultant and Personnel with this Agreement and all laws, regulations, orders and other governmental requirements applicable to performance of the Services.

4.    **Conduct of Consultant's Personnel.** Consultant will assure that all Personnel who are performing Services on behalf of Consultant are competent to perform the Services. Consultant will require all Personnel who are performing any work on Delphi's premises to comply with all of Delphi's regulations and policies. Delphi, in its sole discretion, has the right to: (a) bar any of Personnel from Delphi's premises for failure to observe Delphi's regulations or policies, (b) require that Consultant promptly remove from Delphi's premises any Personnel who violate any of Delphi's regulations or policies, and (c) require that Consultant cease using any Personnel to perform the services who are reasonably unacceptable to Delphi. Delphi will confer with Consultant to discuss Delphi's concerns prior to requiring removal of any Personnel. Consultant will replace any barred or removed Personnel with Personnel reasonably acceptable to Delphi.

1

Oct-12-05   03:38pm   From-KPMG LLP - NDPPS                    913 663 0500          T-328   P.005/015   F-403



5.        Non-Solicitation of Employees.

        A.    Delphi agrees that during the term of this Agreement and for a period of one
(1) year after the termination of this Agreement, it will not hire or attempt to hire any employees
or former employees of Consultant if listed in the engagement letter attached hereto, who have
been assigned to or have performed any of the Services contemplated herein.

        B.    Consultant agrees that during the term of this Agreement and for a
period of one (1) year after the termination of this Agreement, it will not hire or attempt
to hire any employees or former employees of Delphi's Tax staff who have participated
in the furtherance of this Agreement.

        C.    Notwithstanding the provisions of Sections 5A and 5B, neither party shall be
prohibited from employing any employee, former employee or personnel of the other who
contacts such party (i) on his or her own initiative or (ii) in response to a general solicitation for
employment contained in a newspaper or any other publication.

6.        Professional Fees.  Delphi will compensate Consultant for actual Services performed in
accordance with the fee schedule set forth in this Agreement (the "Fee Schedule").  Consultant
will invoice Delphi no more frequently than monthly.  Consultant will submit, with each invoice
for payment, a report specifying the actual Services performed and the calculation of the
invoiced payment in accordance with the Fee Schedule.  Invoices will be due and payable by
Delphi within forty-five (45) days of Delphi's receipt of the invoice and corresponding report in
the required form.

7.        Expenses.  Delphi will reimburse Consultant for all reasonable costs and expenses
Consultant incurs in connection with the Services, including, without limitation, all travel
expenses, provided, however, that Consultant must obtain prior approval of Delphi for any
individual reimbursable expenses in excess of $1,000 or for reimbursable expenses which
exceed or are anticipated to exceed an aggregate of $2,500 during any calendar month.
Consultant will not charge any markup, overhead, profit or other fees on the reimbursable
expenses.  Delphi's reimbursement obligations will be governed by the provisions of Exhibit B.

8.        Taxes.  Unless otherwise agreed in the Engagement Letter, any applicable taxes
imposed on Consultant in connection with the performance of the Services (except for taxes
imposed on Consultant's income) will be invoiced to, and paid by, Delphi in addition to fees
and expenses.

9.        Indemnification.

        A.    Delphi shall indemnify, defend and hold harmless Consultant, including its
directors, officers, employees, agents and representatives, from and against any and all claims,



demands, actions, damages, liabilities, costs and expenses, including reasonable attorney fees and expenses, to the extent arising out of or resulting from third party claims against Consultant based on any of Consultant's written or verbal work product prepared pursuant to this Agreement and furnished by Consultant to Delphi for internal use (such as reports, analyses, projections, advice, recommendations and other data ) (collectively, "Internal Work Product Claims"). In addition, Delphi shall indemnify, defend and hold harmless Consultant, including its directors, officers, employees, agents and representatives, from and against any and all claims, demands, actions, damages, liabilities, costs and expenses, including reasonable attorney fees and expenses (other than Internal Work Product Claims), to the extent arising out of or resulting from third party claims against Consultant based on any activities of Consultant in connection with the performance of Services under this Agreement (collectively, "Non-Work Product Claims"), provided, however, that Delphi will have no obligation to indemnify Consultant to the extent that any Non-Work Product Claims arise out of or result from the negligence, illegal acts or willful misconduct of Consultant and/or its directors, officers, employees, agents or representatives.

B.      Consultant shall indemnify, defend and hold harmless Delphi, including its directors, officers, employees, agents and representatives, from any and all claims, demands, actions, damages, liabilities, costs and expenses, including reasonable attorney fees and expenses, to the extent arising out of or resulting from the negligence, illegal acts or willful misconduct of Consultant and/or its directors, officers, employees, agents or representatives in connection with the performance of Services under this Agreement, provided, however, that Consultant will have no obligation to indemnify Delphi to the extent that any such claims or damages arise out of or result from Internal Work Product Claims.

C.      In each case, the indemnifying party shall also pay to the indemnified party any and all costs and expenses incurred in connection with the enforcement of these indemnification provisions.

D.      The indemnification obligations set forth in this Section 9 and the general terms and conditions of this Agreement shall not apply to any tax or other governmental filings prepared by Consultant. The rights and obligations of the parties with respect to such services shall be governed by a separate agreement.

10.    Limitation of Liability. Consultant's liability under this Agreement will be limited to twenty (20) times the professional fees paid; provided however that this limitation shall not apply (i) in the event of any breach of Section 16 below relating to Delphi Proprietary Information or (ii) if Consultant is found to be grossly negligent or to have acted willfully or fraudulently. In no event will Consultant or Delphi be liable for consequential, special, indirect, incidental, punitive or exemplary damages, costs, expenses, or losses (including loss of profits, data, business or goodwill) regardless of whether such liability is based on breach of contract,



tort, strict liability, breach of warranties, failure of essential purpose or otherwise, and even if advised of the likelihood of such damages.

11.    Standard of Performance.  Consultant will use its best skills, resources and judgment to perform the Services in an efficient and economical manner and in accordance with the highest professional standards.  If any Services are not completed to Delphi's reasonable satisfaction, Consultant will, at no additional cost to Delphi, take reasonable steps to correct any deficiencies. The express warranties in this Paragraph and in this Agreement shall be in lieu of all other warranties, express or implied, including the implied warranty of merchantability and fitness for a particular purpose.

12.    Reliance on Information/Authorities.  Consultant will base its conclusions on the facts and assumptions that Delphi submits and will not independently verify this information. Inaccuracy or incompleteness of the information Delphi provides could have a material effect on Consultant's conclusions.  In rendering its advice, Consultant may consider, for example, the applicable provisions of the Internal Revenue Code of 1986, and ERISA as amended, and the relevant state statutes, the regulations thereunder, and judicial and administrative interpretations thereof.  These authorities are subject to change, retroactively and/or prospectively, and any such changes could affect the validity of Consultant's advice.  Consultant will not update its advice for subsequent changes or modifications to the law and regulations, or to the judicial and administrative interpretations thereof, unless Delphi separately engages Consultant to do so after such changes or modifications.

13.    Legal Counsel.  Delphi should consult with and/or engage legal counsel for the purpose of advising on non-tax legal aspects of matters on which Consultant provides tax advice and drafting any legal documents and/or agreements that may be required in connection therewith. Consultant will provide Delphi's legal counsel with tax-related advice that is deemed necessary by Delphi's legal counsel to draft such documents and/or agreements.  To the extent Services of legal counsel or other professional service providers are required, Delphi is responsible for engaging and paying such service providers.

14.    Federal Confidential Communications Privilege.  A confidentiality privilege under Internal Revenue Code Section 7525 may pertain to certain communications between Consultant personnel and Delphi regarding federal tax advice provided pursuant to this engagement.  By retaining Consultant, Delphi agrees that Consultant is instructed to claim the privilege on Delphi's behalf, with respect to any applicable communications, up to and until such time as Delphi may waive any such privilege in writing.  As disclosure of any such confidential communications to the Internal Revenue Service or other third party may cause any confidentiality privilege to be waived, Delphi should notify Consultant if the Internal Revenue Service or other third party requests information about any tax advice or tax advice documents provided by Consultant.

4



Delphi understands that Consultant makes no representation, warranty, or promise, and offers no opinion with respect to the applicability of such confidentiality privilege to any communication. Delphi agrees to indemnify Consultant for any attorney's fees and other costs and expenses incurred by Consultant in defending the confidentiality privilege on Delphi's behalf. Consultant agrees to promptly notify Delphi of any claim for which Consultant seeks indemnification and Delphi shall have the right to conduct the defense or settlement of any such claim at Delphi's sole expense, and Consultant shall cooperate with Delphi. Consultant shall nonetheless have the right to participate in such defense at its own expense and to approve the settlement of any claim hereunder that imposes liability or obligation.

15.    **Disclosure and Restriction on Use.**    If this engagement relates to a strategy offered by Consultant to Delphi that is designed to reduce or defer federal income tax for a direct or indirect corporate participant, pursuant to Treasury Regulation section 301.6111-2(c), Delphi (and each employee, representative, or other agent of Delphi) is expressly authorized to disclose the structure and tax aspects of the strategy with any and all persons, without limitation of any kind.

Written advice provided by Consultant to Delphi is for the information and use of Delphi only and may not be relied upon by any third party without the express written permission of Consultant.

16.    **Non-Disclosure of Delphi Proprietary Information.**

A.    "Delphi Proprietary Information" means any information concerning the business and affairs of Delphi, which is not publicly available at the time disclosed to, or learned by, Consultant or any Personnel. Delphi Proprietary Information includes, without limitation, this Agreement and any written or verbal work product prepared pursuant to this Agreement (such as reports, analyses, projections, advice, recommendations and other data); trade secrets; product specifications; data; know-how; formulae; compositions; processes; designs; sketches; photographs; samples; inventions; concepts; ideas; past, current and planned research and development; past, current and planned manufacturing or distribution methods and processes; price lists; marketing and business plans, methods and processes; financial results and information; reports; computer software and programs (including object code and source code); databases; notes; analyses; compilations; studies; and other materials or intangibles. Delphi Proprietary Information also includes any materials or information that contain or are based on any other Delphi Proprietary Information, whether prepared by Delphi, Consultant, Personnel or any other person. Information will be conclusively deemed Delphi Proprietary Information if it is marked "Proprietary" or "Confidential" or with an equivalent legend at the time it is disclosed. Any information transmitted orally will be conclusively deemed Delphi Proprietary Information if Delphi notifies Consultant that it is proprietary within a reasonable time following oral disclosure. The failure, however, to mark information as "Proprietary" or "Confidential" or to notify Consultant that oral information is proprietary will not affect the

5



information's proprietary nature. Delphi Proprietary Information does not include any trade secrets; data; know-how; formulae; compositions; processes; designs; sketches; inventions; concepts; ideas; methodologies, and techniques; models; templates; general purpose consulting and software tools previously created, acquired, owned or developed or independently developed by Consultant in the performance of the Services without reference to Delphi's Proprietary Information.

B.    In connection with Consultant's performance of Services, Delphi may disclose Delphi Proprietary Information to Consultant and Personnel.    All Delphi Proprietary Information disclosed, furnished or made available to Consultant and/or Personnel and all Delphi Proprietary Information generated or developed by Consultant and/or Personnel will be treated and maintained as confidential by Consultant and Personnel, will not be disclosed to any third parties, either in whole or in part, except upon Delphi's prior written authorization, and will be used by Consultant and Personnel only for the purpose of performing the Services in accordance with this Agreement, in all cases using the same degree of care and discretion to avoid disclosure, publication or dissemination of such Delphi Proprietary Information that Consultant uses with respect to its own similar information that it does not wish to disclose, publish or disseminate (but in no event less than a reasonable degree of care and discretion). Before Consultant or Personnel discloses any information that could, under any circumstances, constitute Delphi Proprietary Information, Consultant will obtain Delphi's written consent. Neither Consultant nor Personnel will remove any Delphi Proprietary Information from Delphi's premises unless Delphi authorizes the removal in writing.    Consultant will be responsible and liable to Delphi for the violation by any of Personnel of these confidentiality obligations.

C.    The foregoing obligations under this Section 16B of this _Exhibit A_ shall not apply to the extent that any Delphi Proprietary Information (i) is at the time of disclosure, or thereafter becomes, part of the public domain through a source other than Consultant and Personnel, (ii) is subsequently learned by Consultant or Personnel from a third party that has a legal right to make such disclosure and does not impose an obligation of confidentiality on the receiving party, (iii) was known to Consultant or Personnel at the time of disclosure by Delphi, (iv) was generated independently by Consultant or Personnel before disclosure by Delphi, or (v) is required to be disclosed by Consultant or Personnel by law, subpoena or other process.

17.    _Assignment and Subcontracting._    Consultant will not assign or subcontract any portion of its responsibilities under this Agreement without Delphi's prior written approval.  To the extent any of the services under the Engagement Letter will be performed in or relate to a jurisdiction outside of the United States, Client acknowledges and agrees that such services may be performed by the member firm of KPMG International practicing in such jurisdiction. Accordingly, Client consents to KPMG's disclosure to a member firm and such member firm's use of information received from Client for the purpose of providing services under the Engagement Letter.

6



18.    Changes and Delays.

A.    In the event that (i) Delphi requires a change in the scope of the Services, (ii) any change of applicable law or regulation affects the timing or performance of the Services or (iii) any action by Delphi or a third party (other than Personnel) affects the timing or performance of the Services, subject to the mutual agreement of Delphi and Consultant, the fees and/or schedule for performance for the Services will be equitably adjusted by the parties.

B.    To the extent that the Engagement Letter provides that Consultant's performance under this Agreement is contingent upon specific action or cooperation of Delphi, including the supply to Consultant of specific resources, approvals, and information, any delays in Consultant's performance which occur as a result of the failure or untimely performance by Delphi shall be excused to the extent of any such delay or untimely performance by Delphi and Consultant shall not incur any liability to Delphi as a result of any such delay or untimely performance by Delphi.

19.    Term and Termination. This Agreement will terminate when the Services have been completed. In addition, either party may terminate this Agreement in the event of the breach by the other party of this Agreement, which breach is not cured within thirty (30) days after notice by the non-breaching party. Delphi shall pay Consultant for Services performed prior to the effective date of termination as well as expenses incurred prior to the effective date of termination and approved by Delphi in accordance with Section 7 of this Exhibit A.

20.    Conflict. In the event of any conflict, ambiguity or inconsistency between this Agreement and any other agreement relating to the Services, including any preprinted terms and conditions on Delphi's purchase orders, the terms and conditions of this Agreement shall govern.

21.    Survival. The provisions of this Agreement, which give the parties rights beyond termination of this Agreement, will survive any termination of this Agreement.

22.    Severability. If any portion of this Agreement is held to be void, invalid, or otherwise unenforceable, in whole or part, the remaining portions of this Agreement shall remain in effect.

23.    Amendment. This Agreement shall not be modified except by a later written agreement signed by both parties.

24.    Alternative Dispute Resolution.

A.    Any dispute or claim arising out of or relating to the Engagement Letter between the parties, the services provided thereunder, or any other services provided by or on

7

Oct-12-05    03:30pm    From-KPMG LLP - NDPPS                    313 963 0500                    T-328    P.011/015    F-409



behalf of Consultant or any of its subcontractors or agents to Delphi or at its request (including any dispute or claim involving any person or entity for whose benefit the services in question are or were provided) shall be resolved in accordance with the dispute resolution procedures set forth in Exhibit C attached hereto, which constitute the sole methodologies for the resolution of all such disputes. By operation of this provision, the parties agree to forego litigation over such disputes in any court of competent jurisdiction. Mediation, if selected, may take place at a location to be designated by the parties. Arbitration shall take place in Detroit, Michigan. Either party may seek to enforce any written agreement reached by the parties during mediation, or to confirm and enforce any final award entered in arbitration, in any court of competent jurisdiction.

B.    Notwithstanding the agreement to such procedures, either party may seek injunctive relief to enforce its rights with respect to the use or protection of (i) its confidential or proprietary information or material or (ii) its names, trademarks, service marks or logos, solely in the courts of the State of Michigan or in the courts of the United States located in the State of Michigan. The parties consent to the personal jurisdiction thereof and to sole venue therein only for such purposes.

25.    Miscellaneous.

A.    For engagements where services will be provided by KPMG through offices located in California, Client acknowledges that certain of KPMG's personnel who may be considered "owners" under the California Accountancy Act and implementing regulations (California Business and Professions Code section 5079(a); 16 Cal. Code Regs. sections 51 and 51.1) and who may provide services in connection with this engagement, may not be licensed as certified public accountants under the laws of any of the various states.

B.    Where KPMG is reimbursed for expenses, it is KPMG's policy to bill clients the amount incurred at the time the good or service is purchased. If KPMG subsequently receives a volume rebate or other incentive payment from a vendor relating to such expenses, KPMG does not credit such payment to Client. Instead, KPMG applies such payments to reduce its overhead costs, which costs are taken into account in determining KPMG's standard billing rates and certain transaction charges that may be charged to clients.



## EXHIBIT B

### Travel and Per Diem Reimbursement

A.      If Personnel are required by Delphi to travel as an incidental requirement in performing services for Delphi, then such travel and per diem expenses, subject to prior written approval of Delphi, will be reimbursable as follows:

1. Air Travel

Economy/Coach class only. Business class is permitted only upon prior written consent by Delphi.

2. Hotel

Consultant will exercise good, sound business judgment and discretion in choosing hotels, such as moderately priced chain hotels or hotels that offer discounted corporate rates. Where extended travel is involved, reduced rates may be available and should be requested.

3. Rental cars

Compact or intermediate class only. The cost of collision damage waiver and personal accident insurance is the responsibility of Consultant.

4. Mileage Allowance

Reimbursement will be at the then current IRS rate (currently $0.405 per mile) for the miles which are in excess of his or her normal commute from home to work and back. When permanently assigned to another location, even if the new location is temporary, Consultant will not be reimbursed for excess miles, additional driving time, etc.

5. Expense Reports

If requested, Consultant will provide receipts for all reimbursable expenses, including meals and other expenditures, in excess of $25.00 or more.

6. Meals

Meals will not be reimbursed for non-overnight trips, except in the case of late return occasioned by travel outside normal working hours. Reimbursement for meals will be the actual and reasonable expenses paid by Consultant.

7. Extended Travel

Consultant should review the home visit policy prior to a trip. Generally, the following provisions apply:

If the travel expense is less than the living expense in the temporary location, Consultant will be reimbursed for travel to the permanent location every week.

If the travel expense is more than the living expense in the temporary location, Consultant will be reimbursed for travel to the permanent location every two

9

Oct-12-05    03:39pm    From-KPMG LLP - NDPPS                    313 963 0600           T-826    P.013/015    F-403



weeks.

Excess expenses due to frequent travel or stays will not be reimbursed by Delphi without its prior written approval.

8. Miscellaneous

When Consultant chooses an alternative method of transportation, e.g., to drive instead of fly, reimbursement, including meals and lodging, will not exceed the lesser of the two costs. Documentation to support the lesser cost must be attached to expense report. Travel time must also be limited if on working hours.

The employee, his or her immediate supervisor, and an authorized Delphi representative must sign the expense report form.

Consultant is responsible for travel reservations, hotel/motel accommodations and rental cars. If directed by Delphi, Consultant will make all travel arrangements through Global Experts in Travel (GET), or other designated supplier, using a special account set up for such purposes.

Any cash advance by Consultant to its employee is the responsibility of Consultant.

9. Per Diem

In certain instances, a per diem will be paid to Consultant in accordance with Delphi's standard per diem policy.

B.    All travel and per diem for which Consultant seeks reimbursement will be submitted to Delphi on standard vouchers, with substantiating documentation, and will accompany the monthly invoices.



## EXHIBIT C

### Dispute Resolution Procedures

The following procedures are the sole methodologies to be used to resolve any controversy or claim ("dispute"). If any of these provisions are determined to be invalid or unenforceable, the remaining provisions shall remain in effect and binding on the parties to the fullest extent permitted by law.

**Mediation**

Any party may request mediation of a dispute by providing a written Request for Mediation to the other party or parties. The mediator, as well as the time and place of the mediation, shall be selected by agreement of the parties. Absent any other agreement to the contrary, the parties agree to proceed in mediation using the CPR Mediation Procedures (Effective April 1, 1998), with the exception of paragraph 2 which shall not apply to any mediation conducted pursuant to this agreement. As provided in the CPR Mediation Procedures, the mediation shall be conducted as specified by the mediator and as agreed upon by the parties. The parties agree to discuss their differences in good faith and to attempt, with facilitation by the mediator, to reach a consensual resolution of the dispute. The mediation shall be treated as a settlement discussion and shall be confidential. The mediator may not testify for any party in any later proceeding related to the dispute. No recording or transcript shall be made of the mediation proceeding. Each party shall bear its own costs in the mediation. Absent an agreement to the contrary, the fees and expenses of the mediator shall be shared equally by the parties.

**Arbitration**

Arbitration shall be used to settle the following disputes: (1) any dispute not resolved by mediation 90 days after the issuance by one of the parties of a written Request for Mediation (or, if the parties have agreed to enter or extend the mediation, for such longer period as the parties may agree) or (2) any dispute in which a party declares, more than 30 days after receipt of a written Request for Mediation, mediation to be inappropriate to resolve that dispute and initiates a Request for Arbitration. Once commenced, the arbitration will be conducted either (1) in accordance with the procedures in this document and the Rules for Non-Administered Arbitration of the CPR Institute for Dispute Resolution ("CPR Arbitration Rules") as in effect on the date of the engagement letter or contract between the parties, or (2) in accordance with other rules and procedures as the parties may designate by mutual agreement. In the event of a conflict, the provisions of this document and the CPR Arbitration Rules will control.

The arbitration will be conducted before a panel of three arbitrators, two of whom may be designated by the parties using either the CPR Panels of Distinguished Neutrals or the Arbitration Rosters maintained by any JAMS Office in the United States. If the parties are unable to agree on the composition of the arbitration panel, the parties shall follow the screened



selection process provided in Section B, Rules 5, 6, 7, and 8 of the CPR Arbitration Rules. Any issue concerning the extent to which any dispute is subject to arbitration, or any dispute concerning the applicability, interpretation, or enforceability of these procedures, including any contention that all or part of these procedures are invalid or unenforceable, shall be governed by the Federal Arbitration Act and resolved by the arbitrators. No potential arbitrator shall be appointed unless he or she has agreed in writing to abide and be bound by these procedures.

The arbitration panel shall issue its final award in writing. The panel shall have no power to award non-monetary or equitable relief of any sort. Damages that are inconsistent with any applicable agreement between the parties, that are punitive in nature, or that are not measured by the prevailing party's actual damages, shall be unavailable in arbitration or any other forum. In no event, even if any other portion of these provisions is held to be invalid or unenforceable, shall the arbitration panel have power to make an award or impose a remedy that could not be made or imposed by a court deciding the matter in the same jurisdiction.

Discovery shall be permitted in connection with the arbitration only to the extent, if any, expressly authorized by the arbitration panel upon a showing of substantial need by the party seeking discovery.

All aspects of the arbitration shall be treated as confidential. The parties and the arbitration panel may disclose the existence, content or results of the arbitration only as provided in the CPR Arbitration Rules. Before making any such disclosure, a party shall give written notice to all other parties and shall afford such parties a reasonable opportunity to protect their interests.

The award reached as a result of the arbitration will be binding on the parties, and confirmation of the arbitration award may be sought in any court having jurisdiction.

12

Oct-12-05    03:51pm    From-KPMG LLP - NDPPS                    313 983 0500        T-320    P.002/002    F-404

*Billing  6006285*
*Delphi*
*2005*
*Fed TAX*
*File*



KPMG LLP
Suite 1900
150 West Jefferson
Detroit, MI 48226-4429

Telephone  313 983 0200
Fax        313 983 0506
           313 983 0507
           313 983 0008
Internet   www.us.kpmg.com

May 23, 2005

Mr. James P. Whitson
Chief Tax Officer
Delphi Corporation
M/C 480.400.626
5725 Delphi Drive
Troy, MI 48098-2815

Dear Mr. Whitson:

This document will serve as an addendum to our previous engagement letter for tax consulting services dated March 1, 2005, and signed by you on April 14, 2005 ("Agreement"). The modifications are set forth below:

(1)    The term of the Agreement will last only until December 31, 2005, assuming there are no Services in progress at that time. Paragraph 19 of the Agreement is so modified.

(2)    The Fees for the Services contemplated under the Agreement will not exceed $25,000 for any particular tax matter. In such cases where Fees for a particular tax matter are reasonably expected to exceed $25,000, a separate engagement letter will be negotiated.

(3)    Paragraph 10 regarding Limitation of Liability will be modified such that the first part thereof will read:

        Consultant's liability under this Agreement will be limited to $500,000;

The remainder of Paragraph 10 will stay as is.

Please sign the enclosed copy of this addendum and return it to us.

If you have any questions, please call.

Very truly yours,

KPMG LLP

*Pat Karpen*

Patrick N. Karpen
Partner

ACCEPTED

Delphi Corporation

Authorized Signature

JAMES P. WHITSON

Title CHIEF TAX OFFICER

24 MAY 2005
Date

KPMG LLP, a U.S. limited liability partnership, is the U.S.
member firm of KPMG International, a Swiss cooperative.

## EXHIBIT D

### IES ENGAGEMENT LETTER



KPMG LLP
303 East Wacker Drive
Chicago, IL 60601-5212

Telephone    312 665 1000
Fax          312 665 6000
Internet      www.us.kpmg.com

October 5, 2004

PRIVATE

Ms. Sara J. Phillips
Manager, International Services Group
Delphi Corporation
World Headquarters & Customer Center
M/C 480.410.122
5825 Delphi Drive
Troy, MI 48098

Dear Sara:

We are pleased you have engaged KPMG LLP (KPMG) to provide international executive services to
Delphi Corporation (Delphi) and its:

- Expatriates Assigned From the US;

- Expatriates Assigned To the US;

- Expatriates Assigned To and From Non-US Countries;

- Employees Assigned to the Mexican Border; and,

- Trainees/J-1 Visa Holders.

This letter confirms the scope and related terms of your engagement of KPMG for the 2005, 2006,
and 2007 calendar years.  For purposes of this Engagement Letter, the term "KPMG" includes any
affiliates of KPMG identified as performing any of the Services, and the term "Delphi" includes any
subsidiaries and affiliates of Delphi for which the Services are performed.  Standard engagement
terms and conditions, which are made part of this engagement letter, between KPMG and Delphi are
contained in Exhibits A, B, and C.

Included Services (the "Services")

The following is a list of the services that we will provide to all Delphi Expatriates Assigned To or
From the US:

- Collect tax data;

- Calculate annual hypothetical tax withholding;

KPMG LLP, a U.S. limited liability partnership, is the U.S.
member firm of KPMG International, a Swiss cooperative.

Chicago Office
Celebrating
service
1904-2004



Page 2
Ms. Sara J. Phillips
Delphi Corporation
October 5, 2004

- Prepare required home and host country individual income tax returns during, and one year after, assignment;

- Prepare requests for extension of time to file tax return(s), where required;

- Prepare US estimated tax vouchers, if required;

- Prepare year end withholding calculation;

- Reconcile tax advance account;

- Prepare tax equalization calculations;

- Conduct pre-departure and or post-arrival tax consultation session, as requested;

- Conduct repatriation tax consultation sessions for expatriates; and,

- Handle routine correspondence with the IRS and foreign tax authorities, including review of tax assessments.

The following is a list of the services that we will provide to all Delphi Expatriates Assigned To and From Non-US countries:

- Collect tax data;

- Calculate annual hypothetical tax withholding;

- Prepare required home and host country individual income tax return(s) during, and one year after, assignment;

- Prepare requests for extension of time to file tax return(s), where required;

- Determine and arrange for timely payment of local taxes in the host countries, where applicable;

- Prepare tax equalization calculation;

- Conduct pre-departure and or post-arrival tax consultation session, as requested;

- Conduct repatriation tax consultation session; and,

- Handle routine correspondence with the IRS and foreign tax authorities including review of tax assessments.

The following is a list of the services that we will provide to all Delphi Employees Assigned to the Mexican Border:

- Collect tax data;

- Prepare US income tax return(s);



Page 3
Ms. Sara J. Phillips
Delphi Corporation
October 5, 2004

- Prepare requests for extension of time to file tax return(s), where required;

- Prepare tax equalization calculation;

- Conduct post-arrival counseling session; and,

- Handle routine correspondence with the IRS and foreign tax authorities including review of tax assessments.

The following is a list of the services that we will provide to all Trainees/J-1 Visa Holders:

- Collect tax data;

- Prepare US income tax return(s);

- Prepare requests for extension of time to file tax return(s), where required;

- Conduct pre-departure and or post-arrival tax consultation session; and,

- Handle routine correspondence with the IRS.

The following is a list of the services that we will provide as part of Global Coordination:

- Hypothetical tax process verification;

- Automation of the centralized hypothetical tax calculation process;

- Tax planning solutions;

- On-going benchmarking of Delphi's current tax equalization policy;

- Dedicated Virtual IHR website;

- Dedicated KPMG/ExpatExtranet website;

- Unlimited access to all KPMG publications;.

- Status reports;

- Client service report; and,

- KPMG International Executive Alert Newsletters.

In addition we will provide tax clearance certificates and visa and immigration services as requested. Please see Exhibit F for details.

<u>Verification of Information</u>

We will provide your employees with organizers designed to assist them in gathering the information needed to prepare their income tax return(s). Your employees should review their information



Page 4
Ms. Sara J. Phillips
Delphi Corporation
October 5, 2004

carefully to ensure that it is complete and accurate. We will not audit or independently verify the data submitted by Delphi or the individual taxpayer. We may, however, ask for clarification, where necessary.

## Tax Return Positions

Where there may be alternative positions available in preparing the individual income tax returns, we will follow policy regarding the tax return positions which have been discussed with you and your tax group. At any time during the term of this Engagement Letter and at your request, we will re-address the tax return positions with you.

## Tax Examinations

All tax returns are subject to examination by taxing authorities. In the event of an examination, an expatriate may be requested to produce documents, records, or other evidence to substantiate the various items of income and deduction shown on the tax returns. If such an examination occurs, we will be pleased to assist or represent your employees upon request. A separate engagement letter will be issued at that time to confirm the scope of the examination engagement.

## Tax Calculations

Where we prepare tax equalization calculations for authorized employees, the calculations will be prepared in accordance with your established policies. All calculations will use a tax equalization template which you have reviewed and approved. We will bring questionable items, or items not addressed in your established policies and which have not been previously addressed, to your attention for your review and approval prior to finalizing the tax equalization calculation. You will instruct your employees to review all calculations provided to them.

Where tax returns or tax equalization calculations for authorized employees are to be provided to Delphi, we will require the consent of those particular employees (and their spouses, where married) to disclose tax return information before so providing the calculations.

## Tax Consulting Services

This engagement letter also covers tax consulting matters that may arise for which you seek our advice and consultation, both written and oral, and which are not the subject of a separate engagement letter.

To be of greatest assistance to Delphi, we should be advised _in advance_ of proposed transactions. If such matters exceed the scope of this engagement letter, we will issue separate engagement letters to confirm the scope and related terms of any additional engagements. Global solutions, such as One



Page 5
Ms. Sara J. Phillips
Delphi Corporation
October 5, 2004

Year Rollover for Expatriates and Global Equity Compensation Strategies will be addressed in separate engagement letters.

## Delivery of Services

The services will be provided under the direction of KPMG LLP, the US member firm of KPMG International, and will include the participation of other member firms of KPMG International (KPMG member firms). KPMG LLP is a separate legal entity from other member firms of KPMG International. Advice relative to tax matters outside the United States will be based on tax advice provided by the KPMG member firm in the particular country and on the relevant tax authorities in that country. In rendering such advice, we may also consider US tax treaties, their technical explanations, and judicial and administrative interpretations thereof.

In certain countries, a KPMG member firm is authorized to provide legal services within its jurisdiction. This engagement letter encompasses only tax services provided by KPMG member firms and does not encompass any legal services a KPMG member firm may be authorized to provide. Should the provision of such services not be proscribed by applicable independence rules and should Delphi choose to retain a KPMG member firm to provide legal services, including drafting of documents, in a particular country, Delphi and the KPMG member firm will enter into a separate fee arrangement and engagement letter for the provision of such legal services.

## Taxes

For purposes of this Engagement Letter, "Taxes" means any sales taxes, use taxes, excise taxes, value added taxes or other taxes, however designated, assessed, charged or levied upon the use of the Services or the professional fees charges therefore; provided, however, Taxes shall not include any income, gross receipts, privilege or franchise taxes or any other taxes that are based on or measured by a party's net income.

Delphi and KPMG shall reasonably cooperate with each other to more accurately determine each party's tax liability and to minimize that tax liability to the extent legally permissible. Each party shall provide and make available to the other party any applicable certificates, information regarding out-of-jurisdiction sales of services, and other exemption certificates or information reasonably requested by the other party. In furtherance thereof, KPMG will use its best efforts to obtain an exemption for any sales, use, value-added or similar Tax, to the extent available under local law.

The parties agree to utilize reasonable efforts to structure the provision and receipt of the Services, as the case may be, in such a fashion as to minimize, to the extent legally permissible, any sales, use, value-added, withholding and similar Taxes payable by Delphi and/or incurred by KPMG. In



Page 6
Ms. Sara J. Phillips
Delphi Corporation
October 5, 2004

furtherance thereof and in relation to the provision of local country Services, KPMG, through its member firms, will directly bill the local Delphi affiliate such that there will be local country billings for all local country Services, to the extent legally permissible. To the extent that local country invoicing is not performed, KPMG will bear the cost of any additional Taxes resulting from a cross border payment. Such local country billings will be made in local currency subject to the same terms hereunder (timing, etc.) in relation to all payments by Delphi. The parties will, from time to time, review and enhance, as necessary, the positions taken with respect to the structure hereunder.

There shall be billed as separate line items on each invoice to Delphi, or a separate invoice for, and Delphi shall pay to KPMG, or reimburse KPMG for the payment of, amounts equal to applicable Taxes, if any, and any audit assessments of Taxes and related interest thereon, unless such assessment is the result of KPMG's collection of Taxes from Delphi and failure to remit such taxes to the applicable taxing authority or other gross negligence by KPMG.

KPMG will price the Services excluding any sales, use, service, value-added or similar Taxes that may be levied on the Services provided hereunder. KPMG will invoice, collect and remit such Taxes in accordance with local law. If Delphi is required by law to make any deduction or withholding from sums payable to KPMG, then Delphi shall promptly report and effect payment thereof to the applicable taxing authorities, and Delphi will pay the net amount, after deduction or withholding to KPMG. Delphi shall also provide KPMG with official Tax receipts or other evidence issued by the applicable taxing authorities sufficient to establish that the Taxes have been paid. Invoices shall separately state applicable Taxes as necessary to assist Delphi in recapturing Taxes, as appropriate. Invoices shall be in the appropriate form as required by local law to permit deduction of payments for income tax purposes.

## Federal Confidential Communications Privilege

Delphi's (i) expatriates assigned from the US, (ii) expatriates assigned to the US, (iii) expatriates assigned to and from Non-US countries, (iv) employees assigned to the Mexican border, and (v) trainees/J-1 Visa holders are intended beneficiaries of this Engagement Letter. Accordingly, Delphi agrees that any confidential communications between KPMG and the above referenced individuals will not be shared with Delphi. However, in the event an above referenced individual disputes the tax computation prepared by KPMG and requests Delphi's review of such computation, KPMG agrees to waive the above privilege if the individual furnishes a waiver of its confidential communications with KPMG.



Page 7
Ms. Sara J. Phillips
Delphi Corporation
October 5, 2004

## Privacy

We are enclosing the KPMG Privacy Notice for your reference in Exhibit G. The notice will be provided to all authorized expatriates.

## Professional Fees

Our fees for this engagement will be based upon the attached fee schedule, Exhibit D, E, and F, inclusive of services performed by other KPMG member firms except to the extent related to legal services. As we have discussed, these fees are based upon the complexity of the issues and the time required of the professionals who will be performing these services. Circumstances encountered during the performance of these services that warrant additional time and/or expense could affect the above estimates. We will endeavor to notify you of any such circumstances as they arise.

We will prepare and forward a progress bill to your attention for half of the total projected agreed fee upon mailing of the organizers. The remainder will be billed upon completion of the tax returns. Payment is required upon receipt of the invoice.

## General Provisions

In the event of any conflict, ambiguity or inconsistency between this Engagement Letter and any other agreement relating to the Services, including any preprinted terms and conditions, the terms and conditions of this Engagement Letter shall govern.

The provisions of this Engagement Letter which give the parties rights beyond termination of this Engagement Letter will survive any termination of this Engagement Letter.

If any portion of this Engagement Letter is held to be void, invalid or otherwise unenforceable, in whole or in part, the remaining portions of this Engagement Letter shall remain in effect. This Engagement Letter shall not be modified except by a later written agreement signed by both parties.

Once again, we appreciate the opportunity to serve you and look forward to working with you. The attached Engagement Terms and Conditions are made a part of this engagement letter.



Page 8
Ms. Sara J. Phillips
Delphi Corporation
October 5, 2004

Please sign the enclosed copy of this letter to confirm our agreement and return it to us. If you have any questions, please call me at (312) 665-8485 or Doyoung Yong at (312) 665-5207.

Very truly yours,

KPMG LLP

*Ann Marie Goddard*
Ann Marie Goddard
*Partner*
*International Executive Services*

Enclosure

cc:     James P. Whitson, Delphi Corporation
        Doyoung Yong, KPMG LLP


ACCEPTED:

Delphi Corporation

Authorized Signature

Title

Date

## EXHIBIT A

### GENERAL TERMS AND CONDITIONS

1.    <u>Agreement</u>.  It is agreed that KPMG LLP ("Consultant") will provide to Delphi Corporation ("Delphi") the services (the "Services") described in the accompanying engagement letter (the "Engagement Letter") to which this <u>Exhibit A</u> is attached (the Engagement Letter, this <u>Exhibit A</u> and <u>Exhibit B</u> are collectively referred to as this "Agreement").  For purposes of this Agreement, the terms "Consultant" include any affiliates of Consultant identified in the Engagement Letter as performing any of the Services, and the term "Delphi" includes any subsidiaries and affiliates of Delphi for which the Services are performed.  This Agreement constitutes the entire and sole agreement between Delphi and Consultant, and merges all prior and contemporaneous communications with respect to the subject matter of this Agreement.

2.    <u>Independent Contractor</u>.  Consultant will provide the Services as an independent contractor. Nothing contained in this Agreement shall be construed to create an employment or principal-agent relationship or joint venture between Consultant and Delphi, and neither party shall have the right, power or authority to obligate or bind the other in any manner whatsoever.

3.    <u>Personnel</u>.  All of Consultant's agents, employees, subcontractors and/or independent contractors furnished by Consultant to perform the Services (collectively, "Personnel") are and will remain Consultant's employees and/or independent contractors and, under no circumstances, will any Personnel furnished by Consultant be deemed to be Delphi's employees or agents.  Consultant is solely responsible, at Consultant's sole cost and expense, for (i) the fulfillment of all obligations to Personnel and (ii) the compliance by Consultant and Personnel with this Agreement and all laws, regulations, orders and other governmental requirements applicable to performance of the Services.

4.    <u>Conduct of Consultant's Personnel</u>.  Consultant will assure that all Personnel who are performing Services on behalf of Consultant are competent to perform the Services.  Consultant will require all Personnel who are performing any work on Delphi's premises to comply with all of Delphi's regulations and policies.  Delphi, in its sole discretion, has the right to: (a) bar any of Personnel from Delphi's premises for failure to observe Delphi's regulations or policies, (b) require that Consultant promptly remove from Delphi's premises any Personnel who violate any of Delphi's regulations or policies, and (c) require that Consultant cease using any Personnel to perform the services who are reasonably unacceptable to Delphi.  Delphi will confer with Consultant to discuss Delphi's concerns prior to requiring removal of any Personnel.  Consultant will replace any barred or removed Personnel with Personnel reasonably acceptable to Delphi.

5.    <u>Non-Solicitation of Employees</u>.

A.    Delphi agrees that during the term of this Agreement and for a period of one (1) year after the termination of this Agreement, it will not hire or attempt to hire any employees or former employees of Consultant if listed in the engagement letter attached hereto, who have been assigned to or have performed any of the Services contemplated herein.

B.    Consultant agrees that during the term of this Agreement and for a period of one (1) year after the termination of this Agreement, it will not hire or attempt to hire any employees or former employees of Delphi's Tax staff who have participated in the furtherance of this Agreement.

C.    Notwithstanding the provisions of Sections 5A and 5B, neither party shall be prohibited from employing any employee, former employee or personnel of the other who contacts such party (i) on his or her own initiative or (ii) in response to a general solicitation for employment contained in a newspaper or any other publication.

6.    .    Professional Fees.    Delphi will compensate Consultant for actual Services performed in accordance with the fee schedule set forth in this Agreement (the "Fee Schedule"). Consultant will invoice Delphi no more frequently than monthly. Consultant will submit, with each invoice for payment, a report specifying the actual Services performed and the calculation of the invoiced payment in accordance with the Fee Schedule. Invoices will be due and payable by Delphi within forty-five (45) days of Delphi's receipt of the invoice and corresponding report in the required form.

7.    Expenses.    Delphi will reimburse Consultant for all reasonable costs and expenses Consultant incurs in connection with the Services, including, without limitation, all travel expenses, provided, however, that Consultant must obtain prior approval of Delphi for any individual reimbursable expenses in excess of $1,000 or for reimbursable expenses which exceed or are anticipated to exceed an aggregate of $2,500 during any calendar month. Consultant will not charge any markup, overhead, profit or other fees on the reimbursable expenses. Delphi's reimbursement obligations will be governed by the provisions of Exhibit B.

8.    Taxes.    Unless otherwise agreed in the Engagement Letter, any applicable taxes imposed on Consultant in connection with the performance of the Services (except for taxes imposed on Consultant's income) will be invoiced to, and paid by, Delphi in addition to fees and expenses.

9.    Indemnification.

A.    Delphi shall indemnify, defend and hold harmless Consultant, including its directors, officers, employees, agents and representatives, from and against any and all claims, demands, actions, damages, liabilities, costs and expenses, including reasonable attorney fees and expenses, to the extent arising out of or resulting from third party claims against Consultant based on any of Consultant's written or verbal work product prepared pursuant to this Agreement and furnished by Consultant to Delphi for internal use (such as reports, analyses, projections, advice, recommendations and other data ) (collectively, "Internal Work Product Claims"). In addition, Delphi shall indemnify, defend and hold harmless Consultant, including its directors, officers, employees, agents and representatives, from and against any and all claims, demands, actions, damages, liabilities, costs and expenses, including reasonable attorney fees and expenses (other than Internal Work Product Claims), to the extent arising out of or resulting from third party claims against Consultant based on any activities of Consultant in connection with the performance of Services under this Agreement (collectively, "Non-Work Product Claims"), provided, however, that Delphi will have no obligation to indemnify Consultant to the extent that any Non-Work Product Claims arise out of or result from the negligence, illegal acts or willful misconduct of Consultant and/or its directors, officers, employees, agents or representatives.

B.    Consultant shall indemnify, defend and hold harmless Delphi, including its directors, officers, employees, agents and representatives, from any and all claims, demands, actions, damages, liabilities, costs and expenses, including reasonable attorney fees and expenses, to the extent arising out of or resulting from the negligence, illegal acts or willful misconduct of Consultant and/or its directors, officers, employees, agents or representatives in connection with the performance of Services under this Agreement, provided, however, that Consultant will have no obligation to indemnify Delphi to the extent that any such claims or damages arise out of or result from Internal Work Product Claims.

C.    In each case, the indemnifying party shall also pay to the indemnified party any and all costs and expenses incurred in connection with the enforcement of these indemnification provisions.

D.    The indemnification obligations set forth in this Section 9 and the general terms and conditions of this Agreement shall not apply to any tax or other governmental filings prepared by Consultant. The rights and obligations of the parties with respect to such services shall be governed by a separate agreement.

10.    <u>Limitation of Liability</u>. Consultant's liability under this Agreement will be limited to twenty (20) times the professional fees paid; provided however that this limitation shall not apply (i) in the event of any breach of Section 16 below relating to Delphi Proprietary Information or (ii) if Consultant is found to be grossly negligent or to have acted willfully or fraudulently. In no event will Consultant or Delphi be liable for consequential, special, indirect, incidental, punitive or exemplary damages, costs, expenses, or losses (including loss of profits, data, business or goodwill) regardless of whether such liability is based on breach of contract, tort, strict liability, breach of warranties, failure of essential purpose or otherwise, and even if advised of the likelihood of such damages.

11.    <u>Standard of Performance</u>. Consultant will use its best skills, resources and judgment to perform the Services in an efficient and economical manner and in accordance with the highest professional standards. If any Services are not completed to Delphi's reasonable satisfaction, Consultant will, at no additional cost to Delphi, take reasonable steps to correct any deficiencies. The express warranties in this Paragraph and in this Agreement shall be in lieu of all other warranties, express or implied, including the implied warranty of merchantability and fitness for a particular purpose.

12.    <u>Reliance on Information/Authorities</u>. Consultant will base its conclusions on the facts and assumptions that Delphi submits and will not independently verify this information. Inaccuracy or incompleteness of the information Delphi provides could have a material effect on Consultant's conclusions. In rendering its advice, Consultant may consider, for example, the applicable provisions of the Internal Revenue Code of 1986, and ERISA as amended, and the relevant state statutes, the regulations thereunder, and judicial and administrative interpretations thereof. These authorities are subject to change, retroactively and/or prospectively, and any such changes could affect the validity of Consultant's advice. Consultant will not update its advice for subsequent changes or modifications to the law and regulations, or to the judicial and administrative interpretations thereof, unless Delphi separately engages Consultant to do so after such changes or modifications.

13.    <u>Legal Counsel</u>. Delphi should consult with and/or engage legal counsel for the purpose of advising on non-tax legal aspects of matters on which Consultant provides tax advice and drafting any legal documents and/or agreements that may be required in connection therewith. Consultant will provide Delphi's legal counsel with tax-related advice that is deemed necessary by Delphi's legal counsel to draft such documents and/or agreements. To the extent Services of legal counsel or other professional service providers are required, Delphi is responsible for engaging and paying such service providers.

14.    <u>Federal Confidential Communications Privilege</u>. A confidentiality privilege under Internal Revenue Code Section 7525 may pertain to certain communications between Consultant personnel and Delphi regarding federal tax advice provided pursuant to this engagement. By retaining Consultant, Delphi agrees that Consultant is instructed to claim the privilege on Delphi's behalf, with respect to any applicable communications, up to and until such time as Delphi may waive any such privilege in writing. As disclosure of any such confidential communications to the Internal Revenue Service or other third party may cause any confidentiality privilege to be waived, Delphi should notify Consultant if the Internal

Revenue Service or other third party requests information about any tax advice or tax advice documents provided by Consultant.

Delphi understands that Consultant makes no representation, warranty, or promise, and offers no opinion with respect to the applicability of such confidentiality privilege to any communication. Delphi agrees to indemnify Consultant for any attorney's fees and other costs and expenses incurred by Consultant in defending the confidentiality privilege on Delphi's behalf. Consultant agrees to promptly notify Delphi of any claim for which Consultant seeks indemnification and Delphi shall have the right to conduct the defense or settlement of any such claim at Delphi's sole expense, and Consultant shall cooperate with Delphi. Consultant shall nonetheless have the right to participate in such defense at its own expense and to approve the settlement of any claim hereunder that imposes liability or obligation.

15.    <u>Disclosure and Restriction on Use</u>.    If this engagement relates to a strategy offered by Consultant to Delphi that is designed to reduce or defer federal income tax for a direct or indirect corporate participant, pursuant to Treasury Regulation section 301.6111-2(c), Delphi (and each employee, representative, or other agent of Delphi) is expressly authorized to disclose the structure and tax aspects of the strategy with any and all persons, without limitation of any kind.

Written advice provided by Consultant to Delphi is for the information and use of Delphi only and may not be relied upon by any third party without the express written permission of Consultant.

16.    <u>Non-Disclosure of Delphi Proprietary Information</u>.

A.    "Delphi Proprietary Information" means any information concerning the business and affairs of Delphi, which is not publicly available to Consultant or any Personnel. Delphi Proprietary Information includes, without limitation, this Agreement and any written or verbal work product prepared pursuant to this Agreement (such as reports, analyses, projections, advice, recommendations and other data); trade secrets; product specifications; data; know-how; formulae; compositions; processes; designs; sketches; photographs; samples; inventions; concepts; ideas; past, current and planned research and development; past, current and planned manufacturing or distribution methods and processes; price lists; marketing and business plans, methods and processes; financial results and information; reports; computer software and programs (including object code and source code); databases; notes; analyses; compilations; studies; and other materials or intangibles. Delphi Proprietary Information also includes any materials or information that contain or are based on any other Delphi Proprietary Information, whether prepared by Delphi, Consultant, Personnel or any other person. Information will be conclusively deemed Delphi Proprietary Information if it is marked "Proprietary" or "Confidential" or with an equivalent legend at the time it is disclosed. Any information transmitted orally will be conclusively deemed Delphi Proprietary Information if Delphi notifies Consultant that it is proprietary within a reasonable time following oral disclosure. The failure, however, to mark information as "Proprietary" or "Confidential" or to notify Consultant that oral information is proprietary will not affect the information's proprietary nature. Delphi Proprietary Information does not include any trade secrets; data; know-how; formulae; compositions; processes; designs; sketches; inventions; concepts; ideas; methodologies, and techniques; models; templates; general purpose consulting and software tools previously created, acquired, owned or developed or independently developed by Consultant in the performance of the Services without reference to Delphi's Proprietary Information.

B.    In connection with Consultant's performance of Services, Delphi may disclose Delphi Proprietary Information to Consultant and Personnel. All Delphi Proprietary Information disclosed, furnished or made available to Consultant and/or Personnel and all Delphi Proprietary Information generated or developed by Consultant and/or Personnel will be treated and maintained as confidential by

KPMG/Delphi Standard Engagement Terms & Conditions
rev. 9 15 2004
page 5 of 10

Consultant and Personnel, will not be disclosed to any third parties, either in whole or in part, except upon Delphi's prior written authorization, and will be used by Consultant and Personnel only for the purpose of performing the Services in accordance with this Agreement, in all cases using the same degree of care and discretion to avoid disclosure, publication or dissemination of such Delphi Proprietary Information that Consultant uses with respect to its own similar information that it does not wish to disclose, publish or disseminate (but in no event less than a reasonable degree of care and discretion). Before Consultant or Personnel discloses any information that could, under any circumstances, constitute Delphi Proprietary Information, Consultant will obtain Delphi's written consent. Neither Consultant nor Personnel will remove any Delphi Proprietary Information from Delphi's premises unless Delphi authorizes the removal in writing. Consultant will be responsible and liable to Delphi for the violation by any of Personnel of these confidentiality obligations.

C.    The foregoing obligations under this Section 16B of this Exhibit A shall not apply to the extent that any Delphi Proprietary Information (i) is at the time of disclosure, or thereafter becomes, part of the public domain through a source other than Consultant and Personnel, (ii) is subsequently learned by Consultant or Personnel from a third party that has a legal right to make such disclosure and does not impose an obligation of confidentiality on the receiving party, (iii) was known to Consultant or Personnel at the time of disclosure by Delphi, (iv) was generated independently by Consultant or Personnel before disclosure by Delphi, or (v) is required to be disclosed by Consultant or Personnel by law, subpoena or other process.

17.    Assignment and Subcontracting.    Consultant will not assign or subcontract any portion of its responsibilities under this Agreement without Delphi's prior written approval.

18.    Changes and Delays.

A.    In the event that (i) Delphi requires a change in the scope of the Services, (ii) any change of applicable law or regulation affects the timing or performance of the Services or (iii) any action by Delphi or a third party (other than Personnel) affects the timing or performance of the Services, subject to the mutual agreement of Delphi and Consultant, the fees and/or schedule for performance for the Services will be equitably adjusted by the parties.

B.    To the extent that the Engagement Letter provides that Consultant's performance under this Agreement is contingent upon specific action or cooperation of Delphi, including the supply to Consultant of specific resources, approvals, and information, any delays in Consultant's performance which occur as a result of the failure or untimely performance by Delphi shall be excused to the extent of any such delay or untimely performance by Delphi and Consultant shall not incur any liability to Delphi as a result of any such delay or untimely performance by Delphi.

19.    Term and Termination. This Agreement will terminate when the Services have been completed. In addition, either party may terminate this Agreement in the event of the breach by the other party of this Agreement, which breach is not cured within thirty (30) days after notice by the non-breaching party. Delphi shall pay Consultant for Services performed prior to the effective date of termination as well as expenses incurred prior to the effective date of termination and approved by Delphi in accordance with Section 7 of this Exhibit A.

20.    Conflict. In the event of any conflict, ambiguity or inconsistency between this Agreement and any other agreement relating to the Services, including any preprinted terms and conditions on Delphi's purchase orders, the terms and conditions of this Agreement shall govern.

21.    <u>Survival</u>.  The provisions of this Agreement, which give the parties rights beyond termination of this Agreement, will survive any termination of this Agreement.

22.    <u>Severability</u>.  If any portion of this Agreement is held to be void, invalid, or otherwise unenforceable, in whole or part, the remaining portions of this Agreement shall remain in effect.

23.    <u>Amendment</u>.  This Agreement shall not be modified except by a later written agreement signed by both parties.

24.    <u>Alternative Dispute Resolution</u>.

A.  Any dispute or claim arising out of or relating to the Engagement Letter between the parties, the services provided thereunder, or any other services provided by or on behalf of Consultant or any of its subcontractors or agents to Delphi or at its request (including any dispute or claim involving any person or entity for whose benefit the services in question are or were provided) shall be resolved in accordance with the dispute resolution procedures set forth in Exhibit C attached hereto, which constitute the sole methodologies for the resolution of all such disputes.  By operation of this provision, the parties agree to forego litigation over such disputes in any court of competent jurisdiction.  Mediation, if selected, may take place at a location to be designated by the parties.  Arbitration shall take place in Detroit, Michigan.  Either party may seek to enforce any written agreement reached by the parties during mediation, or to confirm and enforce any final award entered in arbitration, in any court of competent jurisdiction.

(b)  Notwithstanding the agreement to such procedures, either party may seek injunctive relief to enforce its rights with respect to the use or protection of (i) its confidential or proprietary information or material or (ii) its names, trademarks, service marks or logos, solely in the courts of the State of Michigan or in the courts of the United States located in the State of Michigan.  The parties consent to the personal jurisdiction thereof and to sole venue therein only for such purposes.

## EXHIBIT B

### Travel and Per Diem Reimbursement

A.       If Personnel are required by Delphi to travel as an incidental requirement in performing services for Delphi, then such travel and per diem expenses, subject to prior written approval of Delphi, will be reimbursable as follows::

| | |
|---|---|
| 1.  Air Travel | Economy/Coach class only.  Business class is permitted only upon prior written consent by Delphi. |
| 2.  Hotel | Consultant will exercise good, sound business judgment and discretion in choosing hotels, such as moderately priced chain hotels or hotels that offer discounted corporate rates.  Where extended travel is involved, reduced rates may be available and should be requested. |
| 3.  Rental cars | Compact or intermediate class only.  The cost of collision damage waiver and personal accident insurance is the responsibility of Consultant. |
| 4.  Mileage Allowance | Reimbursement will be at the then current IRS rate (currently $0.375 per mile) for the miles which are in excess of his or her normal commute from home to work and back.  When permanently assigned to another location, even if the new location is temporary, Consultant will not be reimbursed for excess miles, additional driving time, etc. |
| 5.  Expense Reports | If requested, Consultant will provide receipts for all reimbursable expenses, including meals and other expenditures, in excess of $25.00 or more. |
| 6.  Meals | Meals will not be reimbursed for non-overnight trips, except in the case of late return occasioned by travel outside normal working hours.  Reimbursement for meals will be the actual and reasonable expenses paid by Consultant. |
| 7.  Extended Travel | Consultant should review the home visit policy prior to a trip.  Generally, the following provisions apply:<br><br>If the travel expense is less than the living expense in the temporary location, Consultant will be reimbursed for travel to the permanent location every week.<br><br>If the travel expense is more than the living expense in the temporary location, Consultant will be reimbursed for travel to the permanent location every two weeks.<br><br>Excess expenses due to frequent travel or stays will not be reimbursed by Delphi without its prior written approval. |
| 8.  Miscellaneous | When Consultant chooses an alternative method of transportation, e.g., to drive instead of fly, reimbursement, including meals and lodging, will not exceed the lesser of the two costs.  Documentation to support the lesser cost must be attached to expense report.  Travel time must also be limited if on working hours.<br><br>The employee, his or her immediate supervisor, and an authorized Delphi |

representative must sign the expense report form.

Consultant is responsible for travel reservations, hotel/motel accommodations and rental cars. If directed by Delphi, Consultant will make all travel arrangements through Total Travel Management, using a special account set up for such purposes.

Any cash advance by Consultant to its employee is the responsibility of Consultant.

9. Per Diem          In certain instances, a per diem will be paid to Consultant in accordance with Delphi's standard per diem policy.

B.      All travel and per diem for which Consultant seeks reimbursement will be submitted to Delphi on standard vouchers, with substantiating documentation, and will accompany the monthly invoices.

**Exhibit C**

**Dispute Resolution Procedures**

The following procedures are the sole methodologies to be used to resolve any controversy or claim ("dispute"). If any of these provisions are determined to be invalid or unenforceable, the remaining provisions shall remain in effect and binding on the parties to the fullest extent permitted by law.

## *Mediation*

Any party may request mediation of a dispute by providing a written Request for Mediation to the other party or parties. The mediator, as well as the time and place of the mediation, shall be selected by agreement of the parties. Absent any other agreement to the contrary, the parties agree to proceed in mediation using the CPR Mediation Procedures (Effective April 1, 1998), with the exception of paragraph 2 which shall not apply to any mediation conducted pursuant to this agreement. As provided in the CPR Mediation Procedures, the mediation shall be conducted as specified by the mediator and as agreed upon by the parties. The parties agree to discuss their differences in good faith and to attempt, with facilitation by the mediator, to reach a consensual resolution of the dispute. The mediation shall be treated as a settlement discussion and shall be confidential. The mediator may not testify for any party in any later proceeding related to the dispute. No recording or transcript shall be made of the mediation proceeding. Each party shall bear its own costs in the mediation. Absent an agreement to the contrary, the fees and expenses of the mediator shall be shared equally by the parties.

### *Arbitration*

Arbitration shall be used to settle the following disputes: (1) any dispute not resolved by mediation 90 days after the issuance by one of the parties of a written Request for Mediation (or, if the parties have agreed to enter or extend the mediation, for such longer period as the parties may agree) or (2) any dispute in which a party declares, more than 30 days after receipt of a written Request for Mediation, mediation to be inappropriate to resolve that dispute and initiates a Request for Arbitration. Once commenced, the arbitration will be conducted either (1) in accordance with the procedures in this document and the Rules for Non-Administered Arbitration of the CPR Institute for Dispute Resolution ("CPR Arbitration Rules") as in effect on the date of the engagement letter or contract between the parties, or (2) in accordance with other rules and procedures as the parties may designate by mutual agreement. In the event of a conflict, the provisions of this document and the CPR Arbitration Rules will control.

The arbitration will be conducted before a panel of three arbitrators, two of whom may be designated by the parties using either the CPR Panels of Distinguished Neutrals or the Arbitration Rosters maintained by any JAMS Office in the United States. If the parties are unable to agree on the composition of the arbitration panel, the parties shall follow the screened selection process provided in Section B, Rules 5, 6, 7, and 8 of the CPR Arbitration Rules. Any issue concerning the extent to which any dispute is subject to arbitration, or any dispute concerning the applicability, interpretation, or enforceability of these procedures, including any contention that all or part of these procedures are invalid or unenforceable, shall be governed by the Federal Arbitration Act and resolved by the arbitrators. No potential arbitrator shall be appointed unless he or she has agreed in writing to abide and be bound by these procedures.

The arbitration panel shall issue its final award in writing. The panel shall have no power to award non-monetary or equitable relief of any sort. Damages that are inconsistent with any applicable agreement between the parties, that are punitive in nature, or that are not measured by the prevailing party's actual damages, shall be unavailable in arbitration or any other forum. In no event, even if any other portion of these provisions is held to be invalid or unenforceable, shall the arbitration panel have power to make an award or impose a remedy that could not be made or imposed by a court deciding the matter in the same jurisdiction.

Discovery shall be permitted in connection with the arbitration only to the extent, if any, expressly authorized by the arbitration panel upon a showing of substantial need by the party seeking discovery.

All aspects of the arbitration shall be treated as confidential. The parties and the arbitration panel may disclose the existence, content or results of the arbitration only as provided in the CPR Arbitration Rules. Before making any such disclosure, a party shall give written notice to all other parties and shall afford such parties a reasonable opportunity to protect their interests.

The award reached as a result of the arbitration will be binding on the parties, and confirmation of the arbitration award may be sought in any court having jurisdiction.

## EXHIBIT D

### Fee Schedule

As agreed we will undertake the services listed in the attached letter for authorized Delphi employees for the 2004, 2005, and 2006 calendar years based on the following fee schedule per employee:

| | |
|---|---|
| • Expatriates Assigned To the US | $1,750 |
| • Expatriates Assigned From the US | $2,700 |
| • Expatriates Assigned To and From Non-US Countries | $2,100 |
| • Employees Assigned To the Mexican Border | $750 |
| • Trainees/J Visa Holders | $375 |

Fees for monthly payroll assistance, amended returns and tax clearance certificates will be dependent on the country in which the services are performed. See exhibit E for the fees for these services.

Fees for visa and immigration assistance will be dependent on the country in which the services are performed. See exhibit F for visa and immigration assistance fees.

We will bill you one-half of the agreed upon fee for income tax preparation on or before January 15th of each year and the remainder after April 15th of each year for completed returns. A final bill will be presented for all income tax returns prior to November 1st of each year. Invoices will be due and payable by Delphi thirty (30) days after receipt. All fees are exclusive of out of pocket expenses and mandatory value added tax.

All fees are based at 70% or less of our standard billing rates. Invoices for these services and other additional services described above will be made at the completion of each individual project on a monthly basis. Circumstances encountered during the performance of services that warrant additional time and/or expenses could affect the above estimates. We will notify you of any such circumstances as they arise.

Delphi will reimburse KPMG for all reasonable costs and expenses, including, without limitation, all travel expenses, KPMG incurs in connection with the Services, provided, however, that KPMG must obtain prior approval of Delphi for any individual reimbursable expenses in excess of $2,500 or for reimbursable expenses which exceed or are anticipated to exceed an aggregate of $10,000 during any calendar month. KPMG will not charge any markup, overhead, profit or other fees on the reimbursable expenses. Delphi's reimbursement obligations will be governed by the provisions of Exhibit B.

## EXHIBIT E
### KPMG Additional Services and Related Fees

| Country | Amended Returns | Tax Clearance | Tax Withholding |
|---|---|---|---|
| Argentina | $1,100 | N/A | Start-up fee $250 per employee |
| | | | $500 per month (up to 5 employees) / $800 per month (up to 10 employees) |
| Australia | $440 | N/A | Start-up fee $900 |
| | | | Monthly fee $450 / Annual fee $1,500 |
| Austria | $825 | N/A | $55 per employee per installment (14 installments/yr) |
| | | | $75 per employee per month (social taxes) |
| | | | $60 per employee per month (handling of payr. mts) |
| Belgium | N/A - no amended returns | N/A | $665 per month |
| Botswana | $135 | $265 | $55 per month |
| Brazil | $300 | $1,650 | Not offered – Would recommend third party provider |
| Canada | $250 | $360 | $275 per month |
| China | $90 per month per employee | $450/Arrival  $300/Departure | Part of return fee |
| Czech Rep | $775 | $165 | $165 per month per employee / $225 per year per employee |
| France | $1,225 | $775 | Monthly payslips and quarterly social contributions $150 per person per month |
| | | | Processing of yearly social returns $1,950 |
| | | | Start-up fee including registration of company with social bodies $2,900 |
| Germany | $280 | N/A | $195 per month for 4 employees |
| | | | $25 per month for each additional employee |
| Hungary | $900 | $880 | $275 per employee per quarter |
| India | $825 | $880 | $110 per employee per month |
| Indonesia | $385 | $115/Arrival  $115/Departure | $225 per month |
| | | | $1,100 per year |
| Italy | $500 | N/A | Start- up fee $1,800 |
| | | | Annual fee $2,600 |
| Japan | $700 | $400 | $375 per month (up to 5 employees) |
| | | | $550 per month (up to 10 employees) / $825 per month (up to 20 employees) |
| Korea | $675 | N/A | $10 per month per employee |
| Luxembourg | $450 | N/A | $1,350 per month for 11 expatriates |
| Malaysia | $115 | $385 | $45 per employee per month (minimum of $150 per month) |
| Mexico | $500-$700 | N/A | $200 per employee per month |
| Morocco | $1,325 | $2,200 | $900 per month |
| Poland | $825 | $225 | $30 per employee per month |
| Portugal | $565 | $425 | $50 per employee per month |
| Romania | N/A | N/A | Included in tax return fee |
| Russia | $1,595 | N/A | $1,325 month for up to 10 employees |
| Saudi Arabia | N/A | N/A | $500 per month |
| Singapore | $825 | $1,650 | $65 per employee per month ($400 monthly minimum) |
| Spain | $500 | N/A | $550 per employee per month |
| Sweden | $325 | N/A | Not offered – would recommend third party provider |
| Switzerland | $850 | N/A | $390 per employee per month / $750 start-up per employee |
| Taiwan | $650 | N/A | N/A |
| Thailand | $135 | N/A | $165 per employee per month |
| Turkey | $990 | $1,100 | $900 month for up to 10 employees |
| UK | $550 | Included in Return Fee | $250 per employee per month |
| | | | Start-up cost = total monthly charge + $400 / Annual forms $250 per year |
| United States | $800 | N/A | N/A |

All fees are exclusive of out of pocket expenses and required value added tax.

## EXHIBIT F
### KPMG Additional Services and Related Fees

| Country | Visa and Immigration Assistance |
|---|---|
| Argentina | Visa for the assignee $825<br>Visa for the assignee plus his/her spouse $1,240<br>Visa for the assignee plus his/her immediate family $1,650 |
| Australia | Standard business sponsorship $1,255<br>Nomination and visa application (per family) $1,085 |
| Austria | Restricted from offering services |
| Belgium | Preparation of application of work permit $840 |
| Botswana | Renewal of work permit $700 |
| Brazil | Permanent or temporary visa (per immediate family) $560<br>Extension of temporary visa (per immediate family) $560<br>Identification card $80<br>Tax number card $45 |
| Canada | Restricted from offering services (Can recommend local legal firm) |
| China | Apply to the Shanghai Public Security Bureau (3 or less) $1,650 per person<br>Apply to the Shanghai Public Security Bureau (less than 10 more than 3) $1,325 per person<br>Apply to the Shanghai Public Security Bureau (10 or more) $1,100 per person |
| Czech Rep | KPMG does not offer visa and immigration services (Can recommend a provider) |
| France | $1,700 per employee<br>No additional costs for a family application<br>Services rendered by the Law Offices of Samuel Okoshken |
| Germany | Work permit $715<br>Resident permit $715 |
| Hungary | Work permit $185<br>Resident permit $265 |
| India | Visa $770<br>Foreign registration $440 |
| Indonesia | Business visa including work permit $550<br>Multiple business visa $660<br>Single business visa $440<br>Social visa $440<br>Limited stay visa including work permit and stay permit $2,200<br>Limited stay visa including stay permit for each dependent $1,925 |
| Italy | Non - European citizen secondment (request of work permit, entry visa, permit stay) $1,685<br>Non - European citizen employment (request of work permit, entry visa, permit stay, employment card, employment letter, formalities with Labour Office, formalities with INAIL) $2,400<br>European citizen secondment (request of work permit, entry visa, permit stay) $720<br>European citizen employment (request of work permit, entry visa, permit stay, employment card, employment letter, formalities with Labour Office, formalities with INAIL) $960 |
| Japan | Per assignee $2,875 / Per dependent $1,265 |
| Korea | Obtaining visa $1,925 |
| Luxembourg | Assisting with work permit and visa $1,760 |
| Malaysia | Application for employment pass $1,540 per person<br>Application for dependent pass $275 per person |
| Mexico | Obtaining an FM3 document $1,100 per visitor and $825 per relative<br>Obtaining each exit and entry permit $275 per person |
| Morocco | Obtaining visa $1,100 |

## EXHIBIT F (cont'd)
### KPMG Additional Services and Related Fees

| | |
|---|---|
| Poland | Obtaining preliminary consent for employment and final work permit $1,100 |
| | Obtaining temporary residence card  $1,650 |
| | Obtaining an extension of the working visa or temporary visa $550 |
| Portugal | Obtaining visa $700 |
| Romania | Obtaining temporary residence for taxpayer $240 |
| | Obtaining temporary residence for each dependent $100 |
| Russia | Obtaining visa $1,100 |
| | Obtaining work permit $1,650 |
| Saudi Arabia | Not offered |
| Singapore | The following services are offered by M&C Services |
| | Application for Visa $300 |
| | Application of employment pass $1,200 |
| | Application for renewal of employment pass $490 |
| | Application for dependent's pass $120 |
| | Application for training pass $1,210 |
| | Cancellation of pass $180 |
| Spain | Work and resident permit $2,525 per person |
| Sweden | Obtaining visa $2,010 |
| Switzerland | European work permit $450 |
| | Non-European $4,000 |
| Taiwan | N/A |
| Thailand | Original work permit application $1,045 |
| | Work permit renewal $525 |
| | Extension of visa $550 per person per year |
| | Extension of visa for the expatriate's family members $165 per person per year |
| | Re-entry permit $110 per person per application |
| Turkey | Not Offered |
| UK | Intra company transfer work permit $920 |
| | New hire work permit $1075 |
| | Work permit extensions $690 |
| | Permanent resident applications $535 |
| United States | Restricted from offering services |

All fees are exclusive of out of pocket expenses including required value added tax and amounts due to governmental units for the processing of documents.

**Exhibit G**

# KPMG Privacy Notice

KPMG LLP and KPMG Investment Advisors (collectively, "KPMG"), like most providers of financial services, are now required by law to inform our individual clients of our policies regarding privacy of personal client information. At KPMG, we are committed to providing you with the highest level of professional services. As part of this effort, we have always protected the confidentiality and security of our clients' personal information and will continue to do so.

Confidentiality and Security

We restrict access to information about you to personnel who need to know that information in connection with providing services to you. We maintain physical, electronic, and procedural safeguards in compliance with applicable law to guard your information.

Information We Collect

KPMG collects information about you in connection with your engagement of us to provide you with services. Sources from which we collect information about you include interviews with you, tax return organizers, financial planning organizers, financial history questionnaires, financial statements, statements of portfolio holdings, other forms, and transactions and correspondence between you and us, our affiliates and others. If you are an investment advisory services client, KPMG Investment Advisors also collects information about your investment portfolio and your financial situation, requirements and objectives.

Disclosure of Personal Information

We do not disclose any personal information about our clients or former clients to third parties or affiliates, except as permitted by law. For example, if you are an investment advisory services client, KPMG LLP and KPMG Investment Advisors may share information about you with each other with your authorization. This allows us to provide you with the services you have requested from each of us with greater ease and convenience to you.

If you have any questions regarding this Notice or about our privacy policies and practices, please contact the KPMG partner responsible for your engagement.

10/12/2005 12:43 FAX 312 665 6046          KPMG                                  001



303 East Wacker Drive
Chicago, IL 60601-5212

Telephone 312 665 1000
Fax 312 665 6000

November 3, 2004

**PRIVATE**

Ms. Sara J. Phillips
Manager, International Services Group
Delphi Corporation
World Headquarters & Customer Center
M/C 480.410.122
5825 Delphi Drive
Troy, MI  48098

Dear Sara:

KPMG LLP (KPMG) and Delphi Corporation (Delphi) have entered into an engagement letter dated
October 5, 2004 under which KPMG will provide international executive services to Delphi and its
expatriate employees.  Attached to and made part of the October 5, 2004 engagement letter is Exhibit
A, KPMG/Delphi Standard Engagement Terms & Conditions (rev. 9/15/2004). KPMG and Delphi
agree that, for this engagement only, the first and second lines of paragraph ten (10) are deleted and
the following inserted in its place:

> "Limitation of Liability- Consultant's liability arising in connection with this engagement, if
> any, and for each year, will be limited to two (2) times the professional fees paid for each
> year;"

Please sign the enclosed copy of this letter to confirm our agreement and return it to us.  If you have
any questions, please call me at (312) 665-8485 or Doyoung Yong at (312) 665-5207.

Very truly yours,

KPMG LLP

Ann Marie Goddard
*Partner*
*International Executive Services*

Enclosure
cc:      James P. Whitson, Delphi Corporation
         Doyoung Yong, KPMG LLP



KPMG LLP KPMG LLP, a U.S. limited liability partnership, is
a member of KPMG International, a Swiss association.

Page 2
Ms. Sara J. Phillips
Delphi Corporation
November 3, 2004

ACCEPTED:

Delphi Corporation

*Sara Phillips*

Authorized Signature

*Manager International Svcs*

Title

*4 Nov 2004*

Date

KPMG LLP. KPMG LLP, a U.S. limited liability partnership,
is a member of KPMG International, a Swiss association



C.    In each case, the indemnifying party shall also pay to the indemnified party any and all costs and expenses incurred in connection with the enforcement of these indemnification provisions.

D.    The indemnification obligations set forth in this Section 9 and the general terms and conditions of this Agreement shall not apply to any tax or other governmental filings prepared by Consultant. The rights and obligations of the parties with respect to such services shall be governed by a separate agreement.

10.    <u>Limitation of Liability</u>.    Consultant's liability arising in connection with this engagement, if any, and for each year, will be limited to two (2) times the professional fees paid for each year; provided however that this limitation shall not apply (i) in the event of any breach of Section 16 below relating to Delphi Proprietary Information or (ii) if Consultant is found to be grossly negligent or to have acted willfully or fraudulently. In no event will Consultant or Delphi be liable for consequential, special, indirect, incidental, punitive or exemplary damages, costs, expenses, or losses (including loss of profits, data, business or goodwill) regardless of whether such liability is based on breach of contract, tort, strict liability, breach of warranties, failure of essential purpose or otherwise, and even if advised of the likelihood of such damages.

11.    <u>Standard of Performance</u>.    Consultant will use its best skills, resources and judgment to perform the Services in an efficient and economical manner and in accordance with the highest professional standards. If any Services are not completed to Delphi's reasonable satisfaction, Consultant will, at no additional cost to Delphi, take reasonable steps to correct any deficiencies. The express warranties in this Paragraph and in this Agreement shall be in lieu of all other warranties, express or implied, including the implied warranty of merchantability and fitness for a particular purpose.

12.    <u>Reliance on Information/Authorities</u>.    Consultant will base its conclusions on the facts and assumptions that Delphi submits and will not independently verify this information. Inaccuracy or incompleteness of the information Delphi provides could have a material effect on Consultant's conclusions. In rendering its advice, Consultant may consider, for example, the applicable provisions of the Internal Revenue Code of 1986, and ERISA as amended, and the relevant state statutes, the regulations thereunder, and judicial and administrative interpretations thereof. These authorities are subject to change, retroactively and/or prospectively, and any such changes could affect the validity of Consultant's advice. Consultant will not update its advice for subsequent changes or modifications to the law and regulations, or to the judicial and administrative interpretations thereof, unless Delphi separately engages Consultant to do so after such changes or modifications.

13.    <u>Legal Counsel</u>.    Delphi should consult with and/or engage legal counsel for the purpose of advising on non-tax legal aspects of matters on which Consultant provides tax advice and drafting any legal documents and/or agreements that may be required in connection therewith. Consultant will provide Delphi's legal counsel with tax-related advice that is deemed necessary by Delphi's legal counsel to draft such documents and/or agreements. To the extent Services of legal counsel or other professional service providers are required, Delphi is responsible for engaging and paying such service providers.

14.    <u>Federal Confidential Communications Privilege</u>.    A confidentiality privilege under Internal Revenue Code Section 7525 may pertain to certain communications between Consultant personnel and Delphi regarding federal tax advice provided pursuant to this engagement. By retaining Consultant, Delphi agrees that Consultant is instructed to claim the privilege on Delphi's behalf, with respect to any applicable communications, up to and until such time as Delphi may waive any such privilege in writing. As disclosure of any such confidential communications to the Internal Revenue Service or other third party may cause any confidentiality privilege to be waived, Delphi should notify Consultant if the Internal

# EXHIBIT E

## MASTER SERVICES ENGAGEMENT LETTER



KPMG LLP
303 East Wacker Drive
Chicago, IL 60601

Telephone 312 665 1000
Fax           312 665 6036
Internet    www.us.kpmg.com

January 23, 2006

**PRIVATE & CONFIDENTIAL**

Mr. Atul Pasricha
Executive Director Mergers Acquisitions & Planning
Delphi Corporation
5725 Delphi Drive
Troy, MI 48098

Dear Atul:

This master letter confirms the terms by which Delphi Corporation ("Delphi" or "you") will engage KPMG LLP ("KPMG" or "we") from time to time to assist you in performing acquisition due diligence and related services on various target companies, and provide vendor assistance and / or pre-sale due diligence services in respect to proposed divestitures (each, a "Target") that will be identified at later dates. For purposes of this engagement agreement, the acquisition / pre-sale due diligence and vendor assistance services performed for you with respect to each Target will be considered a separate and independent engagement (each an "Engagement"). This letter shall remain in force for one year unless extended by mutual agreement.

**Objective**

Our objective is to assist you in your assessment of the risks and opportunities of your proposed investment in / divestiture of the target companies within the scope of our engagement. In this regard, we will read information you, your advisors, and the Target provide to us, and make inquiries and obtain additional financial data directed towards those business activities you will identify as important to your investment / divestiture decision.

**Engagement Acceptance Process**

When you request KPMG services under this master letter, whether such services are Phase 1 Activities or also include activities relating to subsequent phases of work, KPMG will perform a conflict check to determine whether KPMG has relationships with or represents another bidder for Target we will prepare for your review and approval an Engagement Confirmation for each Engagement, which will summarize engagement details, such as the following:

- Names of the engagement partner and lead engagement manager
- Target name
- Dates and location(s) where fieldwork is expected to be performed
- Specific services you requested
- Known potential conflicts of interest (see "Other Relationships" below)
- Reporting requirements
- Fee arrangements
- Additional details with respect to the engagement or other information

KPMG LLP, a U.S. limited liability partnership, is the U.S.
member firm of KPMG International, a Swiss cooperative.

KPMG

January 23, 2006
Mr. Atul Pasricha
Delphi Corporation
Page 2

Upon receiving your approval of the Engagement Confirmation, which shall be in writing, including via e-mail, you will have engaged KPMG to perform the services in accordance with the Engagement Confirmation and this master letter, including the TS Standard Terms and Conditions (as defined below), and we will commence work.

Upon conclusion of the Phase 1 Activities, you may elect to retain us to perform additional phases of activities ("Additional Phase Activities"). If you so elect, we will discuss with you the scope of the Additional Phase Activities you deem necessary and appropriate and KPMG will prepare an Engagement Confirmation for Additional Phase Activities for your review and approval. Upon receiving your written approval (including via e-mail) of the Engagement Confirmation for Additional Phase Activities, you will have engaged KPMG to perform the Additional Phase Activities in accordance with the Engagement Confirmation for Additional Phase Activities and this master letter, including the TS Standard Terms and Conditions, and we will commence the work. If you desire to retain KPMG immediately to provide a scope of activities different than the defined Phase 1 Activities, you would reflect the modified procedures in the engagement request and KPMG will reflect this in our initial Engagement Confirmation.

### Staffing

I will have overall responsibility for the conduct of our engagements under this master letter. The staffing for each Engagement, including the engagement partner, lead engagement manager, and professionals from other practices, will be discussed with you during the planning stage of the engagement, confirmed in the Engagement Confirmation and will be subject to your approval. We recognize that these engagements are an integral part of your efforts to evaluate the opportunity to acquire / divest various businesses, and will endeavor to assign service teams to each engagement that possess the requisite transaction and industry experience. All of KPMG's agents, employees, subcontractors and/or independent contractors furnished by KPMG to perform the services (collectively, "Personnel") are and will remain KPMG's employees and/or independent contractors and, under no circumstances, will any Personnel furnished by KPMG be deemed to be Delphi's employees or agents. KPMG is solely responsible, at KPMG's sole cost and expense, for (i) the fulfillment of all obligations to Personnel and (ii) the compliance by KPMG and Personnel with this Agreement and all laws, regulations, orders and other governmental requirements applicable to performance of the services.

KPMG warrants that all Personnel who are performing services on behalf of KPMG are competent to perform the services. KPMG will require all Personnel who are performing any work on Delphi's premises to comply with all of Delphi's regulations and policies. Delphi, in its sole discretion, has the right to: (a) bar any of Personnel from Delphi's premises for failure to observe Delphi's regulations or policies and (b) require that KPMG promptly remove from Delphi's premises any Personnel who violate any of Delphi's regulations or policies.

### Other terms and conditions

All services performed under this master letter with respect to each Engagement will be subject to the Standard Terms and Conditions for Transaction Services Engagements dated May 7, 2004

KPMG

January 23, 2006
Mr. Atul Pasricha
Delphi Corporation
Page 3

(the "TS Standard Terms and Conditions") attached as Appendix 1 and incorporated by reference herein, except modified as follows:

Paragraph 4(a) – Other Potential Bidders/Other Relationships:   Addition of the following third sentence:

"Notwithstanding anything to the contrary set forth in the attached Standard Terms and Conditions, KPMG agrees that: (i) its personnel performing services for Delphi shall not provide services for any other party with respect to active project which is the subject of the related Engagement for Delphi contemplated by this letter remains in effect, and (ii) at no time shall KPMG allow such other party or KPMG personnel providing services to such other party to have access to Delphi's confidential information or the work product from the Delphi engagement."

Paragraph 13 – Limitation on Damages:   Amendment of the first and second sentences to read as follows:

"Except for your and our respective indemnification obligations as described in these Standard Terms and Conditions, or cases of bad faith or willful misconduct, neither you nor we shall be liable to the other for any actions, damages, claims, liabilities, costs, expenses or losses arising out of the services performed hereunder for a total amount in excess of two times the fees paid or owing to us for services rendered by us under this engagement.  Except with respect to a breach of Paragraph 20 below, in no event shall either you or we be liable for consequential, special, indirect, incidental, punitive or exemplary damages, costs, expenses, or losses (including, without limitation, lost profits and opportunity costs)."

Our standard terms and conditions relating to indemnification are modified and amended to the extent that neither party will be indemnified, and its limitation of liability will not apply, to bad faith, self-dealing or a breach of fiduciary duty (if any), gross negligence or willful misconduct.

Paragraph 27 Alternative Dispute Resolution -

Our standard terms and conditions relating to the Dispute Resolution procedures are modified by providing that any dispute or claim also may be resolved before the United States Bankruptcy Court for the Southern District of New York.

**Other Relationships**

The Engagement Confirmation will indicate whether we have determined that the Target is a KPMG audit client or that KPMG has other professional relationships with the Target and whether KPMG has previously been engaged to serve other potential bidders in the transaction involving Target.   Your acceptance of the Engagement Confirmation indicates your acknowledgement of the disclosed relationships, and your agreement that our engagement with you with respect to that Target will be subject to applicable provisions of Paragraph 4 of the TS Standard Terms and Conditions, except that in all cases we will not assign any of the individuals

KPMG

January 23, 2006
Mr. Atul Pasricha
Delphi Corporation
Page 4

on the engagement team serving you (including technical resources within KPMG that advise your engagement team) that also participate on an engagement team serving the Target or any other bidder.  We will notify you if, subsequent to your acceptance of the Engagement Confirmation, our engagement team providing services to you becomes aware of the existence of other engagements to serve other potential bidders in the transaction involving Target.  Please see Paragraph 4(a) of the TS Standard Terms and Conditions.

If KPMG serves as independent auditors of a Target and you engage us to review the KPMG audit work papers of Target, such review can be performed only with the prior consent of Target and its audit engagement team

## Professional Fees

We will present in each Engagement Confirmation our estimate of professional fees for the Engagement based on the estimated number of hours necessary to complete the procedures you specify for that Target and the standard hourly rates for the level of experience of the KPMG personnel who will perform the services.  Each engagement confirmation will specify fee estimates which should not be exceeded without Delphi's approval.

We will on all Engagements hereunder estimate and agree with you a range for the estimated total amount of hours and fees to be incurred on each engagement, based on the initial scope, and will obtain advance approval from you before incurring fees above the estimated range.  You acknowledge that factors outside of our control or the failure of our reasonable assumptions regarding the estimate of total fees may cause the actual fees to complete the agreed-upon scope to exceed such estimate, in which case we shall not be responsible for continuing to provide services if you do not approve additional fees.

In addition to our professional fees, you agree to reimburse KPMG for our reasonable out-of-pocket expenses incurred in connection with each Engagement, such as travel, reproduction, telephone, postage, typing and printing.  It is our practice to render progress billings, and our invoices are due upon receipt.  Neither the amount of our fees nor the payment of our fees and expenses will depend upon the results of our work, the price you pay for your investment in the Target, or whether you consummate the investment.

Where KPMG is reimbursed for expenses, it is KPMG's policy to bill clients the amount incurred at the time the good or service is purchased.  If KPMG subsequently receives a volume rebate or other incentive payment from a vendor relating to such expenses, KPMG does not credit such payment to Client.  Instead, KPMG applies such payments to reduce its overhead costs, which costs are taken into account in determining KPMG's standard billing rates and certain transaction charges that may be charged to clients.

## Debriefing

As part of our commitment to quality service, we would welcome the opportunity to receive your comments at any time on our work and the service that we deliver.



January 23, 2006
Mr. Atul Pasricha
Delphi Corporation
Page 5

**Confirmation**

Please indicate your acceptance of these arrangements by signing both copies of this letter in the
space provided below and returning one signed copy of the letter to me. We look forward to
working with you as you execute your business development program.

Very truly yours,

KPMG LLP

Gary Silberg, Partner
Transaction Services

**Accepted By Delphi Corporation:**

By: _____   1/23/06
       Atul Pasricha                          Date

Title: Executive Director
         Mergers, Acquisitions & Planning

*KPMG*

## Standard Terms and Conditions for
## Transaction Services Engagements

These Standard Terms and Conditions are an integral part of the accompanying letter from KPMG that identifies the engagement (the "Engagement") to which they relate (the "Engagement Letter" or "Engagement Confirmation" in the case of a Master Engagement Letter, collectively referred to herein as the "Engagement Letter"). In the event of conflict between the Engagement Letter and these Standard Terms and Conditions, the provisions of the Engagement Letter shall prevail.

1.  **Certain Definitions.**

    (a)  **Client.** Client herein refers to the addressee(s) of the Engagement Letter.

    (b)  **DDA.** Due diligence assistance ("DDA") is a service in which KPMG assists a client with a financial, tax, or operational investigation of a target business.

    (c)  **Acquisition DDA Engagement.** DDA provided to a client considering an investment in, or acquisition of, another business or part thereof, or that may accept securities from another business as consideration in a transaction.

    (d)  **Pre-Sale DDA Engagement.** DDA that is provided to a client considering the sale or other disposition of the client itself or a division, subsidiary, or other business component of the client. In a Pre-Sale DDA Engagement, any reporting by KPMG is generally limited to the client, and no reporting is provided to prospective acquirers.

    (e)  **Vendor-Initiated DDA Engagement.** DDA that is provided to a client considering the sale or other disposition of the client itself or a division, subsidiary, or other business component of the client. As distinguished from a Pre-Sale DDA Engagement, in a Vendor-Initiated DDA Engagement the objective of the engagement is to prepare a report that will be provided to prospective acquirers.

    (f)  **Target.** Target herein refers to the entity(ies) or division(s) representing the subject of the procedures described in the Engagement Letter.

    (g)  **Bidder.** Bidder herein refers to a potential acquirer of Target.

    (h)  **Other capitalized terms.** Other capitalized terms in these Standard Terms and Conditions not defined elsewhere herein shall have the meanings given to them in the Engagement Letter.

2.  **Procedures.** The procedures KPMG will perform are limited to those referred to in the Engagement Letter and its exhibits and addenda. The procedures KPMG will perform are limited in nature and extent to those that Client has determined meets its needs and, as such, will not necessarily disclose all significant matters about Target or reveal errors in the underlying information, instances of fraud, or illegal acts, if any. KPMG will provide no assurance and make no representation regarding the sufficiency of the procedures either for the purpose for which KPMG has been engaged or for any other purpose.

    In performing KPMG's procedures and reporting its findings, KPMG will rely upon information provided to KPMG by Client's and Target's personnel and advisors, and any publicly available information KPMG uses, and KPMG will not independently verify the accuracy or completeness of such information. KPMG's procedures with respect to Target's financial information will be substantially less in scope than an audit conducted in accordance with U.S. generally accepted auditing standards, and any procedures with respect to Target's internal control over financial reporting will be substantially less in scope than an examination of internal control conducted in accordance with Standards for Attestation Services established by the American Institute of Certified Public Accountants. Consequently, KPMG will express no opinion and will provide no other form of assurance on Target's financial statements or Target's internal control over financial reporting.

3.  **Timing.** Client acknowledges that KPMG's ability to gather the information Client requires and to complete KPMG's work in a timely manner and within KPMG's estimates of fees and expenses depends upon a variety of factors outside KPMG's control, including but not limited to, the availability of information, the degree of cooperation KPMG receives from Client's and Target's personnel and advisors, and the timeliness and completeness of the responses by Client's and Target's personnel and advisors to KPMG's requests for information. KPMG intends to complete KPMG's procedures expeditiously under the circumstances, subject to those factors that are beyond KPMG's control.

4.  **Other Relationships.**

    (a)  In an Acquisition DDA Engagement, KPMG may potentially be engaged by more than one potential bidder in connection with an acquisition of Target. In a Pre-Sale DDA Engagement or a Vendor-Initiated DDA Engagement, KPMG may be engaged by potential bidders in connection with an acquisition of Target. If the KPMG engagement team providing services to Client becomes aware that a separate KPMG team has been engaged by a potential bidder, KPMG will notify Client that KPMG has been so engaged (subject to any confidentiality restrictions) and will take all reasonable steps to prevent the disclosure, without appropriate prior approvals, of information between the KPMG team serving Client and the engagement team serving any other party. Unless Client elects to exercise Client's right to terminate the Engagement, Client agrees that KPMG may represent other parties and Client waives any potential conflict.

    (b)  In an Acquisition DDA Engagement, KPMG may serve as independent auditors of Target, or provide other services to Target. In a Pre-Sale DDA Engagement or a Vendor-Initiated DDA Engagement, KPMG may serve as independent auditors of, or provide other services to, a potential bidder or bidders. In such cases, KPMG will take all reasonable steps to prevent the disclosure, without appropriate prior approvals, of confidential information between the KPMG engagement team serving Client and the KPMG engagement team serving any other party. However, Client hereby acknowledges and agrees that KPMG may be in possession of confidential information concerning Target or a potential bidder that may be relevant to Client and that such information will not be disclosed to Client unless Target or the potential bidder provides written consent to such disclosure in advance.

May 7, 2004

**Standard Terms and Conditions for**
**Transaction Services Engagements**

If KPMG serves as independent auditors of Target or such potential bidder, KPMG's professional responsibilities may require that KPMG inform the engagement team serving Target or the bidder about information coming to KPMG's attention that affects KPMG's engagement to audit Target's or such bidder's consolidated financial statements. In a Vendor-Initiated DDA Engagement, if information comes to our attention that affects KPMG's engagement to audit such bidder's consolidated financial statements and any such information is not reflected in KPMG's report, KPMG reserves the right to disclose that information to KPMG's audit client.

Client acknowledges that KPMG's relationship with Target or a potential bidder may represent an actual or potential conflict of interest for KPMG in light of the services KPMG has agreed to provide to Client hereunder. Client hereby agrees that KPMG's relationship may not constitute a conflict of interest for purposes of KPMG's Engagement hereunder and Client expressly waives its right to assert any such conflict against KPMG. Client hereby acknowledges that KPMG's agreement to provide the services hereunder is based upon and subject to the foregoing waiver and, in the event that Client revokes such waiver, KPMG's Engagement hereunder will automatically terminate.

5. **Projections.** In the event the procedures KPMG performs relate to prospective information, KPMG will not compile, examine, or apply other procedures to such information in accordance with Statements on Standards for Attestation Engagements issued by the American Institute of Certified Public Accountants and, accordingly, will express no opinion or any other form of assurance or representations concerning the accuracy, completeness or presentation format of the prospective information. There will usually be differences between projected and actual results, because events and circumstances frequently do not occur as expected or predicted, and those differences may be material.

6. **Reporting.** All oral and written communications by KPMG to Client with respect to the Engagement, including drafts and those communications occurring prior to the execution of the Engagement Letter (collectively, "Reports"), will be subject to the terms and conditions of the Engagement Letter and these Standard Terms and Conditions. KPMG has no obligation to update Reports or to revise information presented to Client to reflect events and transactions occurring subsequent to the date of the final Report KPMG issues to Client. Client agrees to review Reports promptly and to advise KPMG on a timely basis of any additional procedures Client would like KPMG to perform or areas to address.

In an Acquisition DDA Engagement or Pre-Sale DDA Engagement, unless specifically requested by Client, KPMG is not obligated to provide copies of Reports to Target for the purpose of confirming Target's representations concerning the accuracy of the factual information presented in Reports. If Client would like Target to review KPMG's report, KPMG may require Client and Target to indemnify KPMG for any claims arising out of or relating to such release. In a Vendor-Initiated DDA Engagement, KPMG will provide Client and Target copies of Reports and will require Client and Target to confirm the factual accuracy of the Reports.

KPMG's findings will not constitute recommendations to Client as to whether or not Client should proceed with any proposed transaction.

7. **Limitation on the Use and Distribution of Reports.** Because of the special nature of the Engagement, KPMG's Reports are not suited for any purpose other than to assist the intended recipient in evaluating the potential transaction, and Client agrees Reports will be used for that purpose only. Reports will be provided by KPMG for the intended recipient's information only, and Client agrees that the Reports may not be copied, quoted or referred to, in whole or in part, by Client without KPMG's prior written consent, except in the manner provided for in the Engagement Letter or these Standard Terms and Conditions. Client also agrees that Reports, and any of the information contained therein, will be disclosed only to Client's board of directors, management and other employees, Client's independent audit firm, and to attorneys acting as Client's counsel in the contemplated transaction, provided that each of the foregoing is subject to a binding obligation (through a written agreement or professional obligation) to maintain the confidentiality of the Reports.

In certain instances, Client may request that a copy of a Report be distributed to a third party for informational purposes. KPMG will consider consenting to distribution based on such factors as the identity of the third party and the third party's intended use of the Report. If KPMG agrees to the distribution of the Report to a third party, Client agrees to execute, and agrees to require the third party to execute, an "Agreement to Release Information." If an acceptable "Agreement to Release Information" cannot be obtained, KPMG will consider meeting with the third party to discuss in general terms the procedures outlined in the Engagement Letter. In addition, KPMG will consider performing, under the terms of a separate engagement letter with the third party, additional procedures, if any, that the third party considers appropriate.

8. **Services.** It is understood and agreed that KPMG's services may include advice and recommendations, but all decisions in connection with the implementation of such advice and recommendations shall be the responsibility of, and made by, Client.

9. **Payment of Invoices.** Client agrees to pay properly submitted invoices within thirty (30) days of the invoice date, or such other due date as may be indicated in the Engagement Letter. KPMG shall have the right to halt or terminate entirely its services under the Engagement Letter until payment is received on past due invoices. All fees, charges and other amounts payable to KPMG under the Engagement Letter do not include any sales, use, excise, value added or other applicable taxes, tariffs or duties, payment of which shall be Client's sole responsibility, excluding any applicable taxes based on KPMG's net income or taxes arising from the employment or independent contractor relationship between KPMG and its personnel.

10. **Term.** Unless terminated sooner in accordance with its terms, the Engagement shall terminate upon the completion of KPMG's services under the Engagement Letter. In addition, either party may terminate the Engagement Letter at any time by giving written notice to the other party not less than 30 calendar days before the effective date of termination.

**May 7, 2004**

*KPMG*

**Standard Terms and Conditions for
Transaction Services Engagements**

11. **Ownership.**

    (a)  **KPMG Property.** KPMG has created, acquired, owns or otherwise has rights in, and may, in connection with the performance of services under the Engagement Letter, employ, provide, modify, create, acquire or otherwise obtain rights in, various concepts, ideas, methods, methodologies, procedures, processes, know-how, and techniques, models, templates; software, user interfaces and screen designs; general purpose consulting and software tools, utilities and routines; and logic, coherence and methods of operation of systems (collectively, the "KPMG Property"). KPMG retains all ownership rights in the KPMG Property. Client shall acquire no right or interest in such property, except for the license expressly granted in the next paragraph. In addition, KPMG shall be free to provide services of any kind to any other party as KPMG deems appropriate, and may use the KPMG Property to do so. KPMG acknowledges that KPMG Property shall not include any of Client's confidential information or tangible or intangible property, and KPMG shall have no ownership rights in such property.

    (b)  **Ownership of Deliverables.** Except for KPMG Property, and upon full and final payment to KPMG under the Engagement Letter, the tangible items specified as deliverables or work product in the Engagement Letter including any intellectual property rights appurtenant thereto (the "Deliverables") will become the property of Client. If any KPMG Property is contained in any of the Deliverables, KPMG hereby grants Client a royalty-free, paid-up, non-exclusive, perpetual license to use such KPMG Property in connection with Client's use of the Deliverables.

12. **Limitation on Warranties.** THIS IS A SERVICES ENGAGEMENT. KPMG WARRANTS THAT IT WILL PERFORM SERVICES UNDER THE ENGAGEMENT LETTER IN GOOD FAITH, WITH QUALIFIED PERSONNEL IN A COMPETENT AND WORKMANLIKE MANNER IN ACCORDANCE WITH APPLICABLE INDUSTRY STANDARDS. KPMG DISCLAIMS ALL OTHER WARRANTIES, EITHER EXPRESS OR IMPLIED, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.

13. **Limitation on Damages.** Except for each party's indemnification obligations as set forth below, neither Client nor KPMG shall be liable to the other for any actions, damages, claims, liabilities, costs, expenses or losses in any way arising out of or relating to the services performed under the Engagement Letter in an aggregate amount in excess of the fees paid or owing to KPMG for services rendered by KPMG under the Engagement Letter. In no event shall either party be liable for consequential, special, indirect, incidental, punitive or exemplary damages, costs, expenses, or losses (including, without limitation, lost profits and opportunity costs). The provisions of this Paragraph shall apply regardless of the form of action, damage, claim, liability, cost, expense, or loss, whether in contract, statute, tort or otherwise.

14. **Infringement.**

    (a)  KPMG hereby agrees to indemnify, hold harmless and defend Client from and against all claims, liabilities, losses, expenses (including reasonable attorneys' fees), fines, penalties, taxes or damages (collectively "Liabilities") asserted by any third party against Client to the extent such Liabilities result from the infringement by the Deliverables of any third party's patents issued as of the date of the Engagement Letter, trade secrets, trademarks or copyrights. The preceding indemnification provision shall not apply to any infringement arising out of the following:

        (i)  use of the Deliverables other than in accordance with applicable documentation or instructions supplied by KPMG or other than in accordance with Paragraph 15(b);

        (ii)  any alteration, modification or revision of the Deliverables not expressly agreed to in writing by KPMG; or

        (iii)  the combination of the Deliverables with materials not supplied or approved by KPMG.

    (b)  In case any of the Deliverables or any portion thereof is held, or in KPMG's reasonable opinion is likely to be held, in any such suit to constitute infringement, KPMG may, within a reasonable time, at its option, either:

        (i)  secure for Client the right to continue the use of such infringing item; or

        (ii)  replace, at KPMG's sole expense, such item with a substantially equivalent non-infringing item or modify such item so that it becomes non-infringing.

    In the event KPMG is, in its reasonable discretion, unable to perform either of the options described in (i) or (ii) above, Client shall return the Deliverable to KPMG, and KPMG's sole liability shall be to refund to Client the amount paid to KPMG for such item; provided that the foregoing shall not be construed to limit KPMG's indemnification obligation set forth in Paragraph 14(a) above.

    (c)  The provisions of this Paragraph 14 state KPMG's entire liability and Client's sole and exclusive remedy with respect to any infringement or claim of infringement.

15. **Indemnification.**

    (a)  Each party agrees to indemnify, hold harmless and defend the other party from and against any and all Liabilities for physical injury to, or illness or death of, any person or persons regardless of status, and damage to or destruction of any tangible property, which the other party may sustain or incur, to the extent such Liabilities result from the negligence or willful misconduct of the indemnifying party.

**May 7, 2004**

~~KPMG~~

**Standard Terms and Conditions for**
**Transaction Services Engagements**

(b) Except as otherwise required by law, as permitted by the Engagement Letter, or as provided in paragraph 20(e) below with respect to any proposed or completed transaction, Client acknowledges and agrees that any advice, recommendations, information or work product provided to Client by KPMG in connection with this Engagement is for the confidential use of Client, may not be relied upon by any third party, and Client will not disclose or permit access to such advice, recommendations, information or work product to any third party or summarize or refer to such advice, recommendations, information or work product or to KPMG's engagement under the Engagement Letter without, in each case, KPMG's prior written consent. In furtherance of the foregoing, Client will indemnify, defend and hold harmless KPMG from and against any and all Liabilities suffered by or asserted against KPMG in connection with a third party claim to the extent resulting from such party's use or possession of or reliance upon KPMG's advice, recommendations, information or work product as a result of Client's use or disclosure of such advice, recommendations, information or work product.

(c) The party entitled to indemnification (the "Indemnified Party") shall promptly notify the party obligated to provide such indemnification (the "Indemnifying Party") of any claim for which the Indemnified Party seeks indemnification. The Indemnifying Party shall have the right to conduct the defense or settlement of any such claim at the Indemnifying Party's sole expense, and the Indemnified Party shall cooperate with the Indemnifying Party. The party not conducting the defense shall nonetheless have the right to participate in such defense at its own expense. The Indemnified Party shall have the right to approve the settlement of any claim that imposes any liability or obligation other than the payment of money damages.

16. **Cooperation; Use of Information.**

(a) Client agrees to cooperate with KPMG in the performance of the services under the Engagement Letter and shall provide KPMG with timely access to and use of Client's and Target's personnel, facilities, equipment, data and information to the extent necessary for KPMG to perform the services under the Engagement Letter. The Engagement Letter may set forth additional obligations of Client in connection with this Engagement. Client acknowledges that Client's failure to assign Client personnel having skills commensurate with their role with respect to this Engagement could adversely affect KPMG's ability to provide the services under the Engagement Letter.

(b) KPMG will base its conclusions on the facts and assumptions that Client's and Target's personnel and advisors submit and will not independently verify this information. Inaccuracy or incompleteness of the information submitted to KPMG could have a material effect on KPMG's conclusions. In rendering its advice, KPMG may consider, for example, the applicable provisions of the Internal Revenue Code of 1986 and ERISA as amended, and the relevant state and foreign statutes, the regulations thereunder, income tax treaties, and judicial and administrative interpretations thereof. These authorities are subject to change, retroactively and/or prospectively, and any such changes could affect the validity of KPMG's advice. KPMG will not update its advice for subsequent changes or modifications to the law and regulations, or to the judicial and administrative interpretations thereof, unless Client separately engages KPMG to do so in writing after such changes or modifications.

(c) Treasury regulations under IRC section 6011 require taxpayers to disclose to the IRS their participation in reportable transactions. Client agrees to use its best efforts to promptly inform KPMG of any transaction covered by this Engagement that is required to be disclosed as a reportable transaction to the IRS or to any state or other jurisdiction adopting similar or analogous provisions. Treasury regulations under IRC section 6112 provide that KPMG must retain lists of investors in reportable and registrable transactions if we are a material advisor with respect to the transactions, and states or other jurisdictions may adopt similar or analogous provisions. Therefore, if KPMG determines that Client has participated in a reportable or registerable transaction, KPMG may place Client's name and information on a list. This list may later be requested by the IRS or other tax authority and KPMG ultimately may be required to provide it; however, KPMG will advise Client if KPMG provides Client's information to the IRS or other tax authority.

(d) Information relating to advice KPMG provides to Client, including communications between KPMG and Client and material KPMG creates in the course of providing advice, may be privileged and protected from disclosure to the IRS or other governmental authority. Should such an authority seek disclosure from KPMG of written or oral communications relating to such advice, KPMG will discuss with Client opportunities for asserting the privilege. As KPMG is not able to assert the privilege on Client's behalf with respect to any communications for which privilege has been waived, Client agrees to notify KPMG of any such waivers, whether resulting from communications with KPMG or third parties in the same or a related matter. Client also understands that privilege may not be available for communications with an audit client and that KPMG personnel providing audit and non-audit services will discuss matters that may affect the audit to the extent required by applicable professional standards.

17. **Force Majeure.** Neither Client nor KPMG shall be liable for any delays resulting from circumstances or causes beyond its reasonable control, including, without limitation, fire or other casualty, act of God, strike or labor dispute, war or other violence, or any law, order or requirement of any governmental agency or authority.

18. **Limitation on Actions.** No action, regardless of form, arising out of or relating to this Engagement, may be brought by either party more than one year after the cause of action has accrued, except that an action for non-payment may be brought by a party not later than one year following the date of the last payment due to such party under the Engagement Letter.

May 7, 2004

KPMG

**Standard Terms and Conditions for
Transaction Services Engagements**

19. **Independent Contractor.** It is understood and agreed that each of the parties hereto is an independent contractor and that neither party is or shall be considered an agent, distributor or representative of the other. Neither party shall act or represent itself, directly or by implication, as an agent of the other or in any manner assume or create any obligation on behalf of, or in the name of, the other.

20. **Confidentiality.**

(a) "Confidential Information" means all documents, software, reports, data, records, forms and other materials obtained by one party (the "Receiving Party") from the other party (the "Disclosing Party") in the course of performing the services under the Engagement Letter: (i) that have been marked as confidential; (ii) whose confidential nature has been made known by the Disclosing Party to the Receiving Party; or (iii) that due to their character and nature, a reasonable person under like circumstances would treat as confidential. Notwithstanding the foregoing, Confidential Information does not include information which: (i) is already known to the Receiving Party at the time of disclosure by the Disclosing Party; (ii) is or becomes publicly known through no wrongful act of the Receiving Party; (iii) is independently developed by the Receiving Party without benefit of the Disclosing Party's Confidential Information; (iv) relates to the tax treatment or tax structure of any transaction as further described in Paragraph 20(e) below; (v) KPMG determines is required to be maintained by KPMG under section 6112 of the Internal Revenue Code and the regulations thereunder or similar or analogous provisions of a state or other jurisdiction; or (vi) is received by the Receiving Party from a third party without restriction and without a breach of an obligation of confidentiality.

(b) The Receiving Party will deliver to the Disclosing Party all Confidential Information of the Disclosing Party and all copies thereof when the Disclosing Party requests the same, except for one copy thereof that the Receiving Party may retain for its records. The Receiving Party shall not use or disclose to any person, firm or entity any Confidential Information of the Disclosing Party without the Disclosing Party's express, prior written permission; provided, however, that notwithstanding the foregoing, the Receiving Party may disclose Confidential Information to the extent that it is required to be disclosed pursuant to a statutory or regulatory provision or court order or to fulfill professional obligations and standards.

(c) Each party shall be deemed to have met its nondisclosure obligations under this Paragraph 20 as long as it exercises the same level of care to protect the other's information as it exercises to protect its own confidential information but in no event less than reasonable care, except to the extent that applicable law or professional standards impose a higher requirement.

(d) If the Receiving Party receives a subpoena or other validly issued administrative or judicial demand requiring it to disclose the Disclosing Party's Confidential Information, the Receiving Party shall provide prompt written notice to the Disclosing Party of such demand in order to permit it to seek a protective order. So long as the Receiving Party gives notice as

provided herein, the Receiving Party shall be entitled to comply with such demand to the extent permitted by law, subject to any protective order or the like that may have been entered in the matter.

(e) Notwithstanding anything to the contrary set forth herein, no provision in the Engagement Letter or these Standard Terms and Conditions is or is intended to be construed as a condition of confidentiality within the meaning of Internal Revenue Code sections 6011, 6111, 6112 or the regulations thereunder, or under any similar or analogous provisions of the laws of a state or other jurisdiction. Client (and each employee, representative, or other agent of Client) may disclose to any and all persons, without limitation of any kind, the tax treatment and tax structure of any transaction within the scope of this Engagement that reduce or defers federal tax and all materials of any kind (including opinions and other tax analyses) that are provided to Client relating to such tax treatment and tax structure. If a state or other jurisdiction adopts provisions that are similar or analogous to those in IRC sections 6011, 6111, or 6112 or the regulations thereunder, the authorization to disclose in the preceding sentence shall apply to any transaction within the scope of this Engagement that is subject to such provisions of that state or other jurisdiction.

21. **Survival.** The provisions of Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25(a), and 27 hereof shall survive the expiration or termination of this Engagement.

22. **Assignment.** Neither party may assign, transfer or delegate any of its rights or obligations without the prior written consent of the other party, such consent not to be unreasonably withheld. Notwithstanding the foregoing, to the extent any of the services under the Engagement Letter will be performed in or relate to a jurisdiction outside of the United States, Client acknowledges and agrees that such services, including any applicable tax advice, may be performed by the member firm of KPMG International practicing in such jurisdiction. Accordingly, Client agrees that KPMG may share data and information received from Client with such member firm as may be required to complete this Engagement.

23. **Severability.** In the event that any term or provision of this Agreement shall be held to be invalid, void or unenforceable, then the remainder of this Agreement shall not be affected, and each such term and provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

24. **Governing Law.** The Engagement Letter and these Standard Terms and Conditions shall be governed by and construed in accordance with the laws of the State of New York, without regard to the conflict of laws provisions thereof.

**May 7, 2004**



**Standard Terms and Conditions for**
**Transaction Services Engagements**

25. **Miscellaneous.**

   (a)   Except as otherwise set forth in the Engagement Letter, in accepting this Engagement, Client acknowledges that completion of this Engagement or acceptance of Deliverables resulting from this Engagement will not constitute a basis for Client's assessment or evaluation of internal control over financial reporting and disclosure controls and procedures, or its compliance with its principal officer certification requirements under Section 302 of the Sarbanes-Oxley Act of 2002 (the "Act"). This Engagement shall not be construed to support Client's responsibilities under Section 404 of the Act requiring each annual report filed under Section 13(a) or 15(d) of the Securities Exchange Act of 1934 to contain an internal control report from management.

   (b)   KPMG may communicate with Client by electronic mail or otherwise transmit documents in electronic form during the course of this Engagement. Client accepts the inherent risks of these forms of communication (including the security risks of interception of or unauthorized access to such communications, the risks of corruption of such communications and the risks of viruses or other harmful devices) and agrees that it may rely only upon a final hardcopy version of a document or other communication that KPMG transmits to Client.

   (c)   For engagements performed in California or where the services provided by KPMG fall under the jurisdiction of California law, rule or regulation, Client acknowledges that certain of KPMG's personnel that have an ownership interest in the partnership and who may provide services in connection with this Engagement may not be licensed as certified public accountants under the laws of any of the various states.

26. **Entire Agreement.** These terms, and the Engagement Letter including Exhibits, constitute the entire agreement between KPMG and Client with respect to this Engagement and supersede all other oral and written representations, understandings or agreements relating to this Engagement.

27. **Alternative Dispute Resolution.**

   (a)   Any dispute or claim arising out of or relating to the Engagement Letter, the services provided hereunder, or any other services provided by or on behalf of KPMG or any of its subcontractors or agents to Client or at its request (including any dispute or claim involving any person or entity for whose benefit the services in question are or were provided) shall be resolved in accordance with the dispute resolution procedures set forth in Exhibit A attached hereto, which constitute the sole methodologies for the resolution of all such disputes. By operation of this provision, the parties agree to forego litigation over such disputes in any court of competent jurisdiction. Mediation, if selected, may take place at a location to be designated by the parties. Arbitration shall take place in New York, New York. Either party may seek to enforce any written agreement reached by the parties during mediation, or to confirm and enforce any final award entered in arbitration, in any court of competent jurisdiction.

   (b)   Notwithstanding the agreement to such procedures, either party may seek injunctive relief to enforce its

rights with respect to the use or protection of (i) its confidential or proprietary information or material or (ii) its names, trademarks, service marks or logos, solely in the courts of the State of New York or in the courts of the United States located in the State of New York. The parties consent to the personal jurisdiction thereof and to sole venue therein only for such purposes.

**May 7, 2004**

**Standard Terms and Conditions for
Transaction Services Engagements**

## Exhibit A

The following procedures are the sole methodologies to be used to resolve any controversy or claim ("dispute"). If any of these provisions are determined to be invalid or unenforceable, the remaining provisions shall remain in effect and binding on the parties to the fullest extent permitted by law.

(i)  **Mediation.** Any party may request mediation of a dispute by providing a written Request for Mediation to the other party or parties. The mediator, as well as the time and place of the mediation, shall be selected by agreement of the parties. Absent any other agreement to the contrary, the parties agree to proceed in mediation using the CPR Institute for Dispute Resolution Mediation Procedures (effective April 1, 1998), with the exception of paragraph 2 which shall not apply to any mediation conducted pursuant to this agreement. As provided in the CPR Mediation Procedures, the mediation shall be conducted as specified by the mediator and as agreed upon by the parties. The parties agree to discuss their differences in good faith and to attempt, with facilitation by the mediator, to reach a consensual resolution of the dispute. The mediation shall be treated as a settlement discussion and shall be confidential. The mediator may not testify for any party in any later proceeding related to the dispute. No recording or transcript shall be made of the mediation proceeding. Each party shall bear its own costs in the mediation. Absent an agreement to the contrary, the fees and expenses of the mediator shall be shared equally by the parties.

(ii)  **Arbitration.** Arbitration shall be used to settle the following disputes:  (1) any dispute not resolved by mediation 90 days after the issuance by one of the parties of a written Request for Mediation (or, if the parties have agreed to enter or extend the mediation, for such longer period as the parties may agree) or (2) any dispute in which a party declares, more than 30 days after receipt of a written Request for Mediation, mediation to be inappropriate to resolve that dispute and initiates a Request for Arbitration. Once commenced, the arbitration will be conducted either (1) in accordance with the procedures in this document and the Rules for Non-Administered Arbitration of the CPR Institute for Dispute Resolution ("CPR Arbitration Rules") as in effect on the date of the Engagement Letter, or (2) in accordance with other rules and procedures as the parties may designate by mutual agreement. In the event of a conflict, the provisions of this document and the CPR Arbitration Rules will control.

The arbitration will be conducted before a panel of three arbitrators, two of whom may be designated by the parties using either the CPR Panels of Distinguished Neutrals or the Arbitration Rosters maintained by any JAMS office in the United States. If the parties are unable to agree on the composition of the arbitration panel, the parties shall follow the screened selection process provided in Section B, Rules 5, 6, 7, and 8 of the CPR Arbitration Rules. Any issue concerning the extent to which any dispute is subject to arbitration, or any dispute concerning the applicability, interpretation, or enforceability of these procedures, including any contention that all or part of these procedures are invalid or unenforceable, shall be governed by the Federal Arbitration Act and resolved by the arbitrators. No potential arbitrator shall be appointed unless he or she has agreed in writing to abide and be bound by these procedures.

The arbitration panel shall issue its final award in writing. The panel shall have no power to award non-monetary or equitable relief of any sort. Damages that are inconsistent with any applicable agreement between the parties, that are punitive in nature, or that are not measured by the prevailing party's actual damages, shall be unavailable in arbitration or any other forum. In no event, even if any other portion of these provisions is held to be invalid or unenforceable, shall the arbitration panel have power to make an award or impose a remedy that could not be made or imposed by a court deciding the matter in the same jurisdiction.

Discovery shall be permitted in connection with the arbitration only to the extent, if any, expressly authorized by the arbitration panel upon a showing of substantial need by the party seeking discovery.

All aspects of the arbitration shall be treated as confidential. The parties and the arbitration panel may disclose the existence, content or results of the arbitration only as provided in the CPR Arbitration Rules. Before making any such disclosure, a party shall give written notice to all other parties and shall afford such parties a reasonable opportunity to protect their interests.

The award reached as a result of the arbitration will be binding on the parties, and confirmation of the arbitration award may be sought in any court having jurisdiction.

**May 7, 2004**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :

In re                          :      Chapter 11
                             :

DELPHI CORPORATION, et al.,    :      Case No. 05-44481 (RDD)
                             :

               Debtors.   :      (Jointly Administered)
                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

## AFFIDAVIT OF PATRICK N. KARPEN IN SUPPORT OF APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(a), 328(a) AND 1107(b) AUTHORIZING EMPLOYMENT AND RETENTION OF KPMG LLP AS TAX AND TRANSACTION SERVICES ADVISORS TO DEBTORS, EFFECTIVE NUNC PRO TUNC TO OCTOBER 8, 2005

State of Michigan    )
                    ) ss:
City of Detroit       )

Patrick N. Karpen, being duly sworn, deposes and states as follows:

      1.     I am a Certified Public Accountant and a partner of KPMG LLP, a professional services firm. I submit this affidavit on behalf of KPMG LLP in support of the application (the "Application")[1] of Delphi Corporation, and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order, pursuant to sections 327(a), 328(a) and 1107(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), authorizing the retention and employment of KPMG LLP as tax and transaction services advisors to the Debtors, *nunc pro tunc* to October 8, 2005 (the "Petition Date"), pursuant to the terms and conditions set forth in the engagement letters, attached as **Exhibits A, B, C, D and E to the Application**, for international tax process improvement project assistance dated May 24, 2005 (the "International Project

Engagement Letter"), as revised by an engagement letter dated August 31, 2005 and amended on

September 12, 2005 (the "Revised International Project Engagement Letter"), for certain tax

consulting services dated March 1, 2005 and amended by letter dated May 23, 2005 (the "Tax

Consulting Engagement Letter"), for international executive services dated October 5, 2004 and

amended on November 3, 2004 (the "IES Engagement Letter") and for acquisition and due

diligence services dated January 23, 2006 (the "Master Services Engagement Letter" and, together

with the International Project Engagement letter, the Revised International Project Engagement

Letter, the Tax Consulting Engagement Letter, and the IES Engagement Letter, the "Engagement

Letters"). I have personal knowledge of the matters set forth herein, and, if called as a witness,

would testify competently thereto.[2]

## QUALIFICATIONS OF PROFESSIONALS

2.    KPMG LLP is a firm of independent public accountants as defined under the Code of

Professional Conduct of the American Institute of Certified Public Accountants.

3.    The Debtors have selected KPMG LLP as one of their tax and transaction services

advisors because of the firm's diverse experience and extensive knowledge in the fields of

accounting, taxation and bankruptcy.

4.    The Debtors have employed KPMG LLP as tax and transaction services advisors since

1999. By virtue of its prior engagements, KPMG LLP is familiar with the books, records, financial

information and other data maintained by the Debtors as relevant to the services hereunder and is

qualified to continue to provide tax and financial advisory services to the Debtors. As such,

---

[1]    Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the
Application.
[2]    Certain of the disclosures herein relate to matters within the knowledge of other professionals at
KPMG LLP.

retaining KPMG LLP is an efficient and cost effective manner in which the Debtors may obtain the

requisite services.

## SERVICES TO BE RENDERED

5.    KPMG LLP anticipates that it may render to the Debtors the following services in this

case:

      (a)    **Tax Advisory and Consulting Services**

          i.    review of and assistance in the preparation and filing of any tax returns;

          ii.    advice and assistance to the Debtors regarding tax planning issues, including, but not limited to, assistance in estimating net operating loss carryforwards, international taxes, and state and local taxes;

          iii.    assistance regarding transaction taxes and state and local sales and use taxes;

          iv.    assistance regarding tax matters related to the Debtors' pension plans;

          v.    assistance regarding real and personal property tax matters, including but not limited to review of real and personal property tax matters, negotiation of values with appraisal authorities, preparation and presentation of appeals to local taxing jurisdictions, and assistance in litigation of property tax appeals;

          vi.    assistance regarding any existing or future Internal Revenue Service ("IRS"), state and/or local tax examinations;

          vii. a dvice and assistance on the tax consequences of proposed plans of reorganization, including, but not limited to, assistance in the preparation of IRS ruling requests regarding the future tax consequences of alternative reorganization structures;

          viii.    assistance to the Debtors in modifying the Debtors' tools and processes for collecting data from the Debtors' foreign operations in support of the computation of an income tax provision;

          ix.    serve as the Debtors' VAT representative in certain foreign jurisdictions; and

          x.    other consulting, advice, research, planning or analysis regarding tax issues as may be requested from time to time.

(b)  **International Executive Services provided to the Debtors and their Expatriates assigned to and from the United States, Expatriates assigned to and from non-U.S. countries, employees assigned to the Mexican Border and Trainees/J Visa holders**

    i.   collect tax data;

    ii.   calculate annual hypothetical tax withholding;

    iii.  prepare required home and host country individual income tax returns during assignment, one year after assignment, and any additional years after assignment impacted by expatriate allowances and credits, as agreed upon between Delphi and KPMG LLP;

    iv.  prepare requests for extension of time to file tax return(s) where required;

    v.   prepare U.S. estimated tax vouchers, if required;

    vi.  prepare year end withholding calculations;

    vii. reconcile tax advance accounts;

    viii. prepare tax equalization calculations;

    ix.  conduct pre-departure and/or post-arrival tax consultation, as requested;

    x.   determine and arrange for timely payment of local taxes in the host countries, where applicable;

    xi.  conduct repatriation tax consultation sessions for expatriates;

    xii. handle routine correspondence with the IRS and foreign tax authorities, including review of tax assessments; and

    xiii. additional services as requested by the Debtors or its counsel to assist the Debtors regarding its expatriate employees.

(c)  **Transaction Advisory & Other Services**

    i.   provide sell-side due diligence services associated with the potential sale of certain businesses or assets of the Debtors;

-4-

ii.    provide buy-side due diligence services associated with the potential acquisition of certain businesses or assets by the Debtors;

iii.    provide accounting advice and assistance in conjunction with the preparation of financial information for the Debtors' business operations, as specified by the Debtors; and

iv.    other such functions as requested by the Debtors or its counsel to assist the Debtors in their businesses and reorganization.

6.    The services to be provided by KPMG LLP to the Debtors will not be unnecessarily duplicative of those provided by any of the Debtors' other professionals, and KPMG LLP will coordinate any services performed at the Debtors' request with such professionals, including financial advisors, accountants and counsel, as appropriate, to avoid duplication of effort.

7.    Subject to this Court's approval of the Application, KPMG LLP is willing to serve as one of the Debtors' tax and transaction services advisors and to perform the services described above on the terms set forth in the Engagement Letters and as set forth herein.

<u>OTHER TERMS AND CONDITIONS OF THE ENGAGEMENT LETTERS</u>

8.    Copies of the Engagement Letters are attached to the Application and were submitted for approval therewith.  KPMG LLP's provision of services to the Debtors is contingent upon the Court's approval of each term and condition set forth in the Engagement Letters, as modified by the proposed order.

<u>Termination</u>

9.    Except for the Master Services Engagement Letter, the Debtors or KPMG LLP may terminate the Engagement Letters in the event of breach by the other party, which breach is not cured within thirty (30) days after notice by the non-breaching party, provided, however, that the terminating party shall notify the other.  The Debtors or KPMG LLP may terminate the Master Services Engagement Letter at any time by giving written notice to the other party not less than thirty (30) calendar days before the effective date of termination.  In addition, the terminating party

shall provide the Court, the Office of the United States (the "U.S. Trustee"), the Creditors'

Committee and the Fee Review Committee (if any) with ten (10) business days' notice of

termination.  The provisions of the Engagement Letters relating to indemnification, limitation of

liability, fees and expenses, and alternative dispute resolution will remain operative and in full

force and effect regardless of any termination or expiration of the Engagement Letters and shall

survive completion of the Debtors' bankruptcy, whether through a confirmed plan of

reorganization, liquidation of the Debtors' assets under chapter 11 or 7 of the Bankruptcy Code, or

otherwise.

Dispute Resolution

    10.    Pursuant to the Engagement Letters, the Debtors and KPMG LLP have agreed that

any dispute or claim between KPMG LLP and the Debtors arising out of or relating to the

Engagement Letters or any other services provided by or on behalf of KPMG LLP to the Debtors

or at the Debtors' request (including any dispute or claim involving any person or entity for whose

benefit the services in question are or were provided) will be resolved in accordance with the

dispute resolution procedures as set forth in the Engagement Letters (the "Dispute Resolution

Procedures").  Notwithstanding the Dispute Resolution Procedures provided for in the

Engagement Letters, KPMG LLP acknowledges that any dispute or claim relating to their

engagement also may be brought before this Court.

    11.    Pursuant to the Dispute Resolution Procedures, any party may request mediation of

a dispute by a written request to the other party for mediation.  KPMG LLP and the Debtors may

use arbitration for (a) any dispute not resolved by mediation 90 days after the issuance of a written

request for mediation, or (b) any dispute in which a party declares, more than 30 days after receipt

of a written request for mediation, that mediation is an inappropriate means to resolve such dispute

and such party initiates a request for arbitration.  The arbitration will be conducted before a panel

of three arbitrators, which will issue its final award in writing and have no power to award

non-monetary or equitable relief of any sort.  Discovery will be permitted in connection with the

arbitration only to the extent expressly authorized by the arbitration panel upon a showing of

substantial need.  The award reached at the end of arbitration will be binding on the parties, and

confirmation of the arbitration award may be sought in any court having jurisdiction.

Indemnification

12.    Pursuant to the Tax Consulting Engagement Letter, the International Project

Engagement Letter, the Revised International Project Engagement Letter, and the IES

Engagement Letter, subject to the terms of the proposed order, the Debtors shall indemnify, defend,

and hold harmless KPMG LLP, including its directors, officers, employees, agents, and

representatives, from and against any and all claims, demands, actions, damages, liabilities, costs,

and expenses, including reasonable attorney fees and expenses, to the extent arising out of or

resulting from third party claims against KPMG LLP based on any of KPMG LLP's written or

verbal work product prepared pursuant to the Tax Consulting Engagement Letter, the International

Project Engagement Letter, the Revised International Project Engagement Letter, and the IES

Engagement Letter and furnished by KPMG LLP to the Debtors for internal use (collectively, the

"Internal Work Product Claims").  In addition, the Debtors shall indemnify, defend, and hold

harmless KPMG LLP, including its directors, officers, employees, agents, and representatives,

from and against any and all claims, demands, actions, damages, liabilities, costs, and expenses,

including reasonable attorney fees and expenses, to the extent arising out of or resulting from third

party claims against KPMG LLP based on any activities of KPMG LLP in connection with the

performance of services under the Tax Consulting Engagement Letter, the International Project

Engagement Letter, the Revised International Project Engagement Letter, and the IES

Engagement Letter (collectively, the "Non-Work Product Claims"); provided, however, that the

Debtors will have no obligation to indemnify KPMG LLP to the extent that any Non-Work

Product Claims arise out of or result from the negligence, illegal acts, or willful misconduct of

KPMG LLP and/or its directors, officers, employees, agents, or representatives.

13.    Pursuant to the Tax Consulting Engagement Letter, the International Project

Engagement Letter, the Revised International Project Engagement Letter, and the IES

Engagement Letter, subject to the terms of the proposed order, KPMG LLP shall indemnify,

defend, and hold harmless the Debtors, including their directors, officers, employees, agents, and

representatives, from any and all claims, demands, actions, damages, liabilities, costs, and

expenses, including reasonable attorney fees and expenses, to the extent arising out of or resulting

from the negligence, illegal acts, or willful misconduct of KPMG LLP and/or its directors, officers,

employees, agents, or representatives in connection with the performance of services under the

Tax Consulting Engagement Letter, the International Project Engagement Letter, the Revised

International Project Engagement Letter, and the IES Engagement Letter; provided, however, that

KPMG LLP will have no obligation to indemnify the Debtors to the extent that any such claims or

damages arise out of or result from Internal Work Product Claims.

14.    Pursuant to the Master Services Engagement Letter, subject to the terms of the

proposed order, the Debtors on the one hand, and KPMG LLP on the other hand, each agrees to

indemnify, hold harmless, and defend the other from and against any and all liabilities for physical

injury to, or illness or death of, any person or persons regardless of status, and damage to or

destruction of any tangible property, which the other party may sustain or incur, to the extent such

liabilities result from the negligence or willful misconduct of the indemnifying party.  Also

pursuant to the Master Services Engagement Letter, subject to the terms of the proposed order, the

Debtors will indemnify, defend, and hold harmless KPMG LLP from and against any and all

liabilities suffered by or asserted against KPMG LLP in connection with a third party claim to the

extent resulting from such party's use or possession of or reliance upon KPMG LLP's advice,

recommendations, information, or work product as a result of the Debtors' use or disclosure of

such advice, recommendations, information, or work product.

15.    The Debtors and KPMG LLP seek, through the proposed order, to modify and

amend the Engagement Letters to the extent that KPMG LLP will not be indemnified for claims

arising out of KPMG LLP's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross

negligence, or willful misconduct.

Limitation on Liability

16.    Pursuant to the Engagement Letters, KPMG LLP's liability will be limited to

(a) $500,000 with respect to services performed under the Tax Consulting Engagement Letter,

(b) three times the professional fees paid under the International Project Engagement Letter and

the Revised International Project Engagement Letter with respect to services performed

thereunder, and (c) two times the professional fees paid under the IES Engagement Letter and the

Master Services Engagement Letter with respect to services performed thereunder; provided,

however, that with respect to services provided under the Tax Consulting Engagement Letter, the

International Project Engagement Letter, the Revised International Project Engagement Letter,

and the IES Engagement Letter, this limitation shall not apply (i) in the event of any breach

relating to proprietary information of the Debtors, or (ii) if KPMG LLP is found to be grossly

negligent or to have acted willfully or fraudulently.  In no event will KPMG LLP or the Debtors be

liable for consequential, special, indirect, incidental, punitive, or exemplary damages, costs,

expenses, or losses (including loss of profits, data, business, or goodwill), even if advised of the likelihood of such damages.

17.    The Debtors and KPMG LLP seek, through the proposed order, to modify and amend the Engagement Letters to the extent that KPMG LLP's limitation of liability will not apply to claims arising out of KPMG LLP's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

18.    The Application seeks an order approving the retention and employment of KPMG LLP in accordance with the terms and conditions of the Engagement Letters, which include the above dispute resolution, indemnification and limitation of liability provisions.

Sub-Contracting Services to KPMG Member Firms

19.    KPMG LLP is the United States member firm of KPMG International. The KPMG global network encompasses independent professional services practices conducted by separate legal entities throughout the world. KPMG International, a Swiss cooperative, serves as a coordinating entity for a network of member firms operating under the KPMG name. KPMG International is a member-based entity with no shareholders and no permanent capital. Each of the member firms of KPMG International ("KPMG Member Firms") is separate and legally distinct.

20.    Prior to the Petition Date, KPMG LLP subcontracted with certain other KPMG Member Firms to provide services to the Debtors under the Engagement Letters. At the Debtors' request, and subject to this Court's order, KPMG LLP will continue to subcontract with KPMG Member Firms to provide the services set forth in the Engagement Letters. KPMG LLP shall remain fully and solely responsible for all of its liabilities and obligations under the Engagement Letters.

21.    Accordingly, the Revised International Project Engagement Letter and the IES

Engagement Letter contain the following or substantially similar language:

> Our services covered by this engagement letter may also necessitate the assistance
> of a member firm of KPMG International.  To the extent that our services under this
> engagement letter require such assistance, the services will be provided under the
> direction of KPMG LLP, the U.S. member firm of KPMG International, and will
> include the participation of other member firms of KPMG International ("KPMG
> member firms").  KPMG LLP is a separate legal entity from other member firms of
> KPMG International.  Advice relative to tax matters outside the United States will
> be based on tax advice provided by the KPMG member firm in the particular
> country and on the relevant tax authorities in that country.   In rendering such
> advice, we may also consider U.S. tax treaties, their technical explanations, and
> judicial and administration interpretations thereof.

22.    KPMG Member Firms will assist KPMG LLP in the provision of services under the

Engagement Letters, an arrangement that is beneficial to the estate for the following reasons.

Through a coordinated approach to the provision of professional services, KPMG LLP and the

other KPMG Member Firm(s) providing services under the Engagement Letters (the "Engagement

Member Firms") are able to provide quality and efficiency to the Debtors.

23.    Furthermore, having KPMG LLP act as the clearinghouse for invoices submitted

by the Engagement Member Firms will be more convenient to the Debtors by allowing billing to

be centralized through a single invoice that settles budgeting and foreign currency issues.  KPMG

LLP will pay such Engagement Member Firms directly for their services, and will apply to the

Court for reimbursement by the Debtors of any such payments made by KPMG LLP to the

Engagement Member Firms. In light of the foregoing, the proposed order approving the

Application provides the following:

> Notwithstanding anything to the contrary set forth in the engagement letters
> attached to the Application (the "Engagement Letters"), KPMG, without the
> Debtors' prior written approval, may subcontract a portion of its responsibilities
> under the Engagement Letters to any of the member firms of KPMG International
> (the "KPMG Member Firms"); provided, however, that KPMG shall remain fully

and solely responsible for all of KPMG's liabilities and obligations under the Engagement Letters.

Notwithstanding anything to the contrary set forth in the Engagement Letters, KPMG shall be solely responsible for all of KPMG's liabilities and obligations under the Engagement Letters, whether or not incurred or performed, in whole or part, by KPMG, any affiliate of KPMG, any KPMG Member Firm, or any of their respective affiliates. The Debtors shall have no recourse, and shall bring no claim, against any KPMG Member Firm other than KPMG, or against any subcontractors, members, shareholders, directors, officers, managers, partners, agents, representatives, or employees of any KPMG Member Firm (or any of their respective successors or permitted assigns), or any of their respective assets, with respect to the services or otherwise under the Engagement Letters.

## DISINTERESTEDNESS OF PROFESSIONALS

24.     Based upon a suggested interested parties list supplied by Debtors' counsel, KPMG LLP searched its client database from January 1, 2002 and forward to identify any connection or relationship with the following:

a.  the Debtors and its affiliates;

b.  the Debtors' officers and directors;

c.  the significant equity shareholders;

d.  the Debtors' major secured creditors;

e.  the Debtors' largest unsecured creditors;

f.  counsel to the Debtors;

g.  financial advisors and counsel to certain other parties-in-interest; and

h.  other parties-in-interest.

The suggested names provided to KPMG LLP by Debtors' counsel are set forth in Exhibit A hereto.

-12-

25.     KPMG LLP does not hold or represent an interest adverse to the estate that would impair KPMG LLP's ability to objectively perform professional services for the Debtors, in accordance with section 327 of the Bankruptcy Code.

26.     KPMG LLP is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that, to the best of my information and belief, KPMG LLP:

    a.  is not a creditor, an equity security holder, or an insider of the Debtors;

    b.  is not and was not an investment banker for any outstanding security of the Debtors;

    c.  has not been within three years before the commencement of these chapter 11 cases, an investment banker for a security of the Debtors, or an attorney for such investment banker in connection with the offer, sale or issuance of a security of the Debtors;

    d.  is not and was not, within two years before the commencement of these chapter 11 cases, a director, officer or employee of the Debtors or of an investment banker of the Debtors; and

    e.  does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors or an investment banker of the Debtors or for any other reason.

27.     To the best of my knowledge, except as set forth herein and in <u>Exhibit B</u> attached hereto and incorporated herein by reference, (a) KPMG LLP has no connections with the Debtors' creditors, any other party-in-interest, or their respective attorneys and accountants, and (b) the KPMG LLP partners and professionals working on this matter are not relatives of the U.S. Trustee

-13-

of the Southern District of New York or of any known employee in the office thereof, or any United States Bankruptcy Judge of the Southern District of New York.

28.    KPMG LLP has in the past been retained by, and presently and likely in the future will provide services for, certain creditors of the Debtors, other parties-in-interest, and their respective attorneys and accountants in matters unrelated to such parties' claims against the Debtors or interests in these chapter 11 cases.  KPMG LLP currently performs or has previously performed such services for the entities listed in Exhibit B.

29.    KPMG LLP has not provided, and will not provide, any professional services to any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to these chapter 11 cases.

30.    As disclosed on Exhibit B, KPMG LLP provides services to General Motors Corporation, directly or on behalf of its counsel ("GM").  Among these services, KPMG LLP has assisted GM in its analysis of supplier credits, in assembling the relevant documents pertaining to such credits and in analyzing the facts and circumstances surrounding such credits.  The Debtors are suppliers of GM and have issued credits which are included in the scope of these services.  Out of an abundance of caution, KPMG LLP has instituted procedures (the "Screen Procedures") so that professionals who provide services to the Debtors will not provide services to GM, or share information concerning the Debtors with professionals providing services to GM.  KPMG LLP has not, however, instituted the Screen Procedures to segregate by client those persons working in firm-wide functions (sometimes referred to as the "national office"), such as its Department of Professional Practice.  Typically, such persons are not considered members of the engagement teams of either client, but act as specialists available for consultation when and if a particular need arises.

-14-

31.    In addition, the Debtors have requested that certain KPMG LLP professionals, who

also may be providing tax consulting services to GM, provide international tax consulting services

to the Debtors.  Specifically, with respect to the Debtors, these services are in the nature of

advising the Debtors on various international tax planning and compliance matters, including

opportunities for achieving a more tax-efficient worldwide structure, foreign subsidiary tax loss

utilization, cross border financings, cash repatriation, foreign tax credit minimization/utilization,

and internal restructurings.  Such advice will be limited to technical tax analysis of facts and

transactions, as requested by the Debtors, and will not involve negotiating with third parties on the

Debtors' behalf.  Because these services are not adversarial to any entity but, rather, are provided

in the context of KPMG LLP separately and independently advising the Debtors (or GM) on their

respective tax liabilities, KPMG LLP submits that it will not represent any interest adverse to the

Debtors' estates as a result of having one or more of the KPMG LLP professionals that are

providing services to GM also provide the services discussed above to the Debtors.  KPMG LLP

will not agree to have the same KPMG LLP professional provide services to both the Debtors and

GM unless KPMG LLP has received waivers from both the Debtors and GM.  Any KPMG LLP

professionals who are authorized to provide such services to the Debtors and GM will not be

included in the Screen Procedures.

32.    KPMG LLP has not performed a comprehensive global search for potential

relationships between the other KPMG International member firms and the Debtors, other

parties-in-interest, and their respective attorneys and accountants.  KPMG LLP cannot assure than

an engagement will not be accepted by a foreign member firm of KPMG International for another

party with respect to these chapter 11 cases.  If KPMG LLP becomes aware of such an engagement,

it will file with the Court a supplementary affidavit describing such engagement.

33.    As set forth above, under the proposed subcontracting arrangement whereby Engagement Member Firms may provide services to certain foreign affiliates of the Debtors under the International Project Engagement Letter, the Revised International Project Engagement Letter and the IES Engagement Letter, KPMG LLP will pay such Engagement Member Firms directly for their services, and will apply to the Court for reimbursement by the Debtors of any such payments made by KPMG LLP to the Engagement Member Firms.[3]

34.    In connection with pre-petition services rendered for the Debtors under the Engagement Letters, KPMG LLP has previously made payments to certain KPMG Member Firms that it anticipates may be engaged as Engagement Member Firms in the Debtors' chapter 11 cases. KPMG LLP submits that this subcontracting arrangement is far more beneficial to and conservative of estate resources than would be the case if each KPMG Member Firm were required to seek separate retention by the Debtors. Although the KPMG Member Firms are not undertaking full-fledged connections checks under this arrangement, no bankruptcy policies should be offended because their work has little or no relationship to the administration of these chapter 11 cases.

35.    As part of its practice, KPMG LLP appears in many cases, proceedings, and transactions involving many different law firms, financial consultants, and investment bankers in matters unrelated to this bankruptcy. KPMG LLP has not identified any material relationships or connections with any law firm, financial consultant or investment banker involved in these chapter 11 cases that would cause it to be adverse to the Debtors, the Debtors' estate, any creditor or any other party-in-interest.

---

[3]    The Application requests approval of an exception that any KPMG Member Firm providing services under the Engagement Letters will be permitted to use category codes to describe the time spent, rather than the more detailed descriptions usually required for fee applications.

36.    KPMG LLP's identification of material relationships is ongoing.  If and when additional information becomes available with respect to any other relationships which may exist between KPMG LLP, foreign member firms of KPMG International, or their partners and professionals and the Debtor, creditors, or any other parties-in-interest which may affect these chapter 11 cases, supplemental affidavits describing such information shall be filed with this Court.

## PROFESSIONAL COMPENSATION

37.    Subject to this Court's approval and pursuant to the terms and conditions of the Engagement Letters, except as otherwise set forth below, KPMG LLP's requested compensation for professional services rendered to the Debtors will be based upon the hours actually expended by each assigned staff member at each staff member's hourly billing rate.  Except as otherwise set forth below, the Debtors have agreed to compensate KPMG LLP for professional services rendered at its normal and customary hourly rates.

38.    In the normal course of business, KPMG LLP revises its hourly rates on October 1 of each year.  KPMG LLP requests that the rates listed below be revised to the hourly rates that will be in effect at such time.  The customary hourly rates for tax advisory and consulting services to be rendered by KPMG LLP are as follows:

| *Tax Advisory and Consulting Services:* | *Current Standard Rates:* |
|---|---|
| Partners | $625 - $725 |
| Senior Managers | $475 - $550 |
| Managers | $350 - $450 |
| Senior Staff | $275 - $325 |
| Staff | $250 - $300 |

With respect to the tax advisory and consulting services engagements, KPMG LLP has agreed to apply a voluntary discount as set forth in the International Project Engagement Letter, the Revised International Project Engagement Letter and the Tax Consulting Engagement Letter as follows:

-17-

| *Tax Advisory and Consulting Services:* | *Discounted Rates:* |
| --- | --- |
| Partners | $350-$425 |
| Senior Managers | $325-$375 |
| Managers | $300-$325 |
| Senior Staff | $225 |
| Staff | $175 |

The current customary rates for international executive services to be rendered by KPMG LLP are as follows:

*Flat rate charges for services rendered per Debtor employee*:

| Expatriates Assigned to the U.S. | $1,750 |
| --- | --- |
| Expatriates Assigned from the U.S. | $2,700 |
| Expatriates Assigned to/from non-US countries | $2,100 |
| Employees assigned to the Mexican Border | $750 |
| Trainees/J Visa Holders | $375 |

*Additional hourly rates (as applicable):*

| Partners | $760 |
| --- | --- |
| Senior Managers | $520 |
| Managers | $405 |
| Senior Staff | $320 |
| Staff | $260 |

The additional hourly rates set forth above are KPMG LLP's current standard hourly rates for such services, effective October 1, 2005.  KPMG LLP has agreed to apply a voluntary discount (of at least 30%) as set forth in the IES Engagement Letter.  With respect to the international executive services engagement, fees for monthly payroll assistance, amended returns, and the clearance

certificates have varying rates and have been set forth in the IES Engagement Letter. Unlike the standard hourly rates set forth above, these rates are not being discounted.

The range of current customary hourly rates for transaction services to be provided by KPMG LLP are as follows:

*Transaction Services:*

| Partners | $340 - $925 |
| Directors | $270 - $630 |
| Managers | $220 - $575 |

39.    The rates included in this affidavit (exclusive of discounts) are KPMG LLP's normal and customary rates for matters of this sort.

40.    KPMG LLP will also seek reimbursement for necessary expenses incurred, in accordance with guidelines established by the U.S. Trustee, which shall include travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

41.    KPMG LLP intends to apply to this Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), guidelines established by the U.S. Trustee, and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York. KPMG LLP has agreed to accept as compensation such sums as may be allowed by this Court. KPMG LLP understands that interim and final fee awards are subject to approval by this Court.

42.    KPMG LLP has received a retainer in connection with the services to be performed under the Engagement Letters. KPMG LLP intends to request that the unapplied residual retainer, which is estimated to total $79,962.50, be applied to the amount that KPMG LLP seeks in its first

interim fee application.  During the 90 days prior to the Petition Date, KPMG LLP received

approximately $3,871,117 from the Debtors, which KPMG LLP does not believe were preferential

payments.

43.    In accordance with section 504 of the Bankruptcy Code, I hereby state that there is

no agreement or understanding between KPMG LLP and any other entity, other than a member,

partner or regular associate of KPMG LLP, for the sharing of compensation received or to be

received for services rendered in connection with these proceedings.

44.    This affidavit is provided in accordance with section 327 of the Bankruptcy Code

and Bankruptcy Rule 2014.

45.    I have read the Application, and, to the best of my knowledge, information and

belief, the contents of said Application are true and correct.

Dated:        Detroit, Michigan
              February 9, 2006


                              By: _____
                                  Name: Patrick N. Karpen
                                  Title:


Sworn to before me on
this 9 day of February, 2006

_____
Notary Public


CHANDRA RENEE WALKER
NOTARY PUBLIC, STATE OF MI
COUNTY OF OAKLAND
MY COMMISSION EXPIRES May 28, 2012
ACTING IN COUNTY OF  Wayne

-20-

# EXHIBIT A

This information is being provided in connection with the Affidavit of PATRICK N. KARPEN in Support of the Application for Order Authorizing the Retention and Employment of KPMG LLP as Tax and Transaction Services Advisors to the Debtors.  The following names were provided to KPMG LLP by Skadden Arps Slate Meagher & Flom LLP in a suggested interested parties list.  Such names were compared to KPMG's client database from 1/1/2002 and forward in order to identify any connections or relationships:

## SUGGESTED LIST OF INTERESTED PARTIES (CONSOLIDATED)

**(A)    AFFILIATES AND NON-DEBTOR SUBSIDIARIES**[1]

Alambrados y Circuitos Eléctricos, S.A. de C.V.
Ambrake GP, Inc.
Ambrake Manufacturing, Ltd.
Arcomex S.A. de C.V.
Arneses Eléctricos Automotrices, S.A. de C.V.
AS Catalizadores Ambientales S.A. de C.V.
ASEC Manufacturing (Thailand) Ltd.
ASEC Manufacturing General Partnership
ASEC Private Limited
ASEC Sales General Partnership
Ashimori Industry Co., Ltd.
Aspire, Inc.
Autoensambles y Logistica, S.A. de C.V.
Beijing Delphi Technology Development Company, Ltd.
Beijing Delphi Wan Yuan Engine Management Systems Company, Ltd.
BGMD Servicos Automotivos Ltda.
BlueStar Battery Systems International Corp.
Bujias Mexicanas, S.A. de C.V.
Cablena, S.L.
Calsonic Harrison Co., Ltd.
CEI Co., Ltd.
Centro Técnico Herramental, S.A. de C.V.
Closed Joint Stock Company PES/SCC
Condura, S. de R.L.
Controladora Chihuahuense, S. de R.L. de C.V.
Controladora de Alambrados y Circuitos, S. de R.L. de C.V.
Controladora de Rio Bravo, S. de R.L. de C.V.
Controladora Vesfron, S. de R.L. de C.V.
Cordaflex Espana, S.A.
Cordaflex, S.A. de C.V.
Daehan Electronics Yantai Co., Ltd.

Daesung Electric Co., Ltd.
Daewoo Motor Co., Ltd.
Del Tech Co., Ltd.
Delco Electronics LLC
Delco Electronics Overseas Corporation
Delphi (China) Technical Centre Co. Ltd.
Delphi Administración, S.A. de C.V.
Delphi Alambrados Automotrices, S.A. de C.V.
Delphi Automotive Systems – Portugal S.A.
Delphi Automotive Systems (China) Holding Company Limited
Delphi Automotive Systems (Holding), Inc.
Delphi Automotive Systems (Netherlands) B.V.
Delphi Automotive Systems (Thailand) Ltd.
Delphi Automotive Systems- Ashimori LLC
Delphi Automotive Systems Australia Ltd.
Delphi Automotive Systems Cinq SAS
Delphi Automotive Systems Deutschland Verwaltungs GmbH
Delphi Automotive Systems do Brasil Ltda.
Delphi Automotive Systems Espana S.L.
Delphi Automotive Systems Global (Holding), Inc.
Delphi Automotive Systems Holding GmbH
Delphi Automotive Systems Huit SAS
Delphi Automotive Systems Human Resources LLC
Delphi Automotive Systems International, Inc.
Delphi Automotive Systems Japan, Ltd.
Delphi Automotive Systems Korea, Inc.
Delphi Automotive Systems Limited Sirketi
Delphi Automotive Systems LLC
Delphi Automotive Systems Luxembourg S.A.
Delphi Automotive Systems Maroc
Delphi Automotive Systems Neuf SAS
Delphi Automotive Systems Overseas Corporation
Delphi Automotive Systems Philippines, Inc.
Delphi Automotive Systems Private Ltd.
Delphi Automotive Systems Risk Management Corp.
Delphi Automotive Systems Services LLC
Delphi Automotive Systems Singapore Investments Pte Ltd.

---

[1]    In order to minimize duplication, each interested party is listed only once, irrespective of whether such party is eligible to be included under more than one of the categories set forth herein.

**EXHIBIT A**

Delphi Automotive Systems Singapore Pte Ltd.
Delphi Automotive Systems Sweden AB
Delphi Automotive Systems Tennessee, Inc.
Delphi Automotive Systems Thailand, Inc.
Delphi Automotive Systems UK Limited
Delphi Automotive Systems Vienna GmbH
Delphi Automotive Systems, S.A. de C.V.
Delphi Automotive Systems/Ashimori de Mexico, S.A. de C.V.
Delphi Belgium N.V.
Delphi Cableados, S.A. de C.V.
Delphi Calsonic Compressors, S.A.S.
Delphi Canada Inc.
Delphi Catalyst South Africa (Proprietary) Limited
Delphi China LLC
Delphi Connection Systems
Delphi Connection Systems – Tijuana, S.A. de C.V.
Delphi Controladora, S.A. de C.V.
Delphi Corporation
Delphi Czech Republic, k.s.
Delphi Daesung Wuxi Electronics Co., Ltd.
Delphi de Mexico, S.A. de C.V.
Delphi Delco Electronic Systems Suzhou Co., Ltd.
Delphi Delco Electronics de Mexico, S.A. de C.V.
Delphi Delco Electronics Europe GmbH
Delphi Deutschland GmbH
Delphi Deutschland Technologies GmbH
Delphi Diesel Body Systems Mexico, S.A. de C.V.
Delphi Diesel Systems Corp.
Delphi Diesel Systems Corporativo IDSA, S.A. de C.V.
Delphi Diesel Systems do Brasil Ltda.
Delphi Diesel Systems France SAS
Delphi Diesel Systems Korea Ltd.
Delphi Diesel Systems Limited
Delphi Diesel Systems Pakistan (Private) Limited
Delphi Diesel Systems Pension Trustees Limited
Delphi Diesel Systems S.L.
Delphi Diesel Systems Service Mexico, S.A. de C.V.
Delphi Diesel Systems, S.A. de C.V.
Delphi Electronic Suzhou Co. Ltd.
Delphi Electronics (Holding) LLC
Delphi Ensamble de Cables y Componentes, S. de R.L. de C.V.
Delphi Foreign Sales Corporation
Delphi Foundation, Inc.
Delphi France Holding SAS
Delphi France SAS

Delphi Furukawa Wiring Systems LLC
Delphi Harrison Calsonic, S.A.
Delphi Holding GmbH
Delphi Holding Hungary Asset Management Limited Liability Company
Delphi Holdings Luxembourg S.ar.l.
Delphi Insurance Limited
Delphi Integrated Service Solutions, Inc.
Delphi Interior Systems de Mexico, S.A. de C.V.
Delphi International Holdings Corp.
Delphi International Holdings Corporation Luxembourg S.C.S.
Delphi International Services, Inc.
Delphi Italia Automotive Systems S.r.l.
Delphi Korea Corporation
Delphi Liquidation Holding Company
Delphi LLC
Delphi Lockheed Automotive Limited
Delphi Lockheed Automotive Pension Trustees Limited
Delphi Mechatronic Systems, Inc.
Delphi Medical Systems Colorado Corporation
Delphi Medical Systems Corporation
Delphi Medical Systems Texas Corporation
Delphi NY Holding Corporation
Delphi Otomotiv Sistemleri Sanayi ve Ticaret Anonim Sirket
Delphi Packard Austria GmbH & Co. KG
Delphi Packard Electric (Malaysia) Sdn. Bhd.
Delphi Packard Electric Ceska Republika, S.R.O.
Delphi Packard Electric Sielin Argentina S.A.
Delphi Packard Electric Systems Company Ltd.
Delphi Packard España, SLU
Delphi Packard Hungary Kft
Delphi Packard Romania SRL
Delphi Poland S.A.
Delphi Polska Automotive Systems Sp z.o.o.
Delphi Receivables LLC
Delphi Saginaw Lingyun Drive Shaft Co., Ltd.
Delphi Saginaw Steering Systems UK Limited
Delphi Services Holding Corporation
Delphi Shangai Dynamics and Propulsion Systems Co., Ltd.
Delphi Sistemas de Energia, S.A. de C.V.
Delphi Slovensko s.r.o.
Delphi Technologies, Inc.
Delphi Trust I
Delphi Trust II
Delphi Trust III
Delphi Trust IV
Delphi Tychy Sp. z.o.o.
Delphi-Calsonic Hungary Manufacturing Limited Liability Company
Delphi-TVS Diesel Systems Ltd.

**EXHIBIT A**

DEOC Pension Trustees Limited
Diavia Aire, S.A.
DREAL, Inc.
Electrotecnica Famar S.A.C.I.I.E.
EnerDel, Inc.
Environmental Catalysts, LLC
Exhaust Systems Corporation
Famar do Brasil Comercio e Representacao Ltda.
Famar Fueguina, S.A.
FUBA Automotive GmbH & Co. KG
Gabriel de Mexico, S.A. de C.V.
Grundig Car InterMedia System GmbH
Grundig Sistemas de Electronica, Lda., Portugal
HE Microwave LLC
Holdcar S.A.
Inmobiliaria Marlis, S.A.
Inmuebles Wagon, S.A.
InPlay Technologies, Inc.
Interessengemeinschaft fur Rundfunkschutzrechte GmbH
Interessengemeinschaft fur Rundfunkschutzrechte GMBH Schutzrechtsverwertung & Co. KG
Katcon, S.A. de C.V.
KDAC (Thailand) Company Limited
KDS Company, Ltd.
Korea Delphi Automotive Systems Corporation
Korea Technology Bank Network
Mecel AB
MobileAria, Inc.
Noteco Comércio e Participacoes Ltda.
NSK Ltd.
On Se Telecom Co., Ltd.
P.T. Delphi Automotive Systems Indonesia
Packard Hughes Interconnect Company
Packard Korea Incorporated
PBR Knoxville L.L.C.
Productos Delco de Chihuahua, S.A. de C.V.
Promotora de Partes Electricas Automotrices S.A. de C.V.
PROSTEP AG
Proveedora de Electricidad de Occidente, S.A. de C.V.
Qingdao Daesung Electronic
Rio Bravo Eléctricos, S.A. de C.V.
Shanghai Delco Electronics & Instrumentation Co., Ltd.
Shanghai Delphi Automotive Air-Conditioning Systems Co., Ltd.
Shanghai Delphi Emission Control Systems Company, Ltd.
Shanghai-Delphi Automotive Door Systems Co., Ltd.
Shengyang Huali Automotive Air-conditioning Co. Ltd.

Sistemas Eléctricos y Conmutadores, S.A. de C.V.
Specialty Electronics (Singapore) Pte Ltd.
Specialty Electronics International Ltd.
Specialty Electronics, Inc.
TECCOM GmbH
TecDoc Information System GmbH
Termoelectrica del Golfo, S. de R.L. de C.V.
Unterstutzungsgesellschaft der Kabelwerke Reinshagen GmbH
Wuhan Shenlong Automotive Air-conditioning Co. Ltd.
Yeon Kyung Electronics Co., Ltd.

**(B)    FORMER OFFICERS AND DIRECTORS (FOR THE PAST THREE YEARS)**

Alapont, José Maria
Alsagoff, Faris
Anderson, Carrie
Arkwright, Christopher P.
Arle, John P.
Bailey, R. Scott
Bailey, Russell W.H.
Balsei, Mike
Barth, Volker J.
Battenberg, J.T., III
Beckett, Michael
Belans II, Milan E.
Bellar, Fred J., III
Bernardes, Oscar de Paula
Berry, Roberto Edwin
Bertrand, James A.
Billis, A.E.
Blahnik, John G.
Borzi, James W.
Bowers, William Steven
Brown, Jr., Andrew
Brown, Richard
Brust, Robert H.
Burgner, David Allen
Butler, Kevin M.
Chadwick, Jeffrey R.
Chen, Jimmy C.
Chen, Jinya
Chon, Choon T.
Clemons, Steve D.
Colbert, Virgis W.
Conlon, Martin
Conor-Freeman, Maria
Cooke, F.H.
Corcoran, Sean P.
Cornwell, William D.
Davey, Stephen L.

3

**EXHIBIT A**

| | |
|---|---|
| Dawes, Alan S. | Manocha, Sandeep |
| Deak, Gabor Janos | Marion, Laura |
| Deak, Garbor Janos | Maschoff, David |
| Desnos, Philippe | McClain, Karen |
| Eichenlaub, Brian | McGuire, Marc C. |
| Erwin, Richard E. | McLaughlin, Susan A. |
| Farr, David N. | Milburn, Paul S. |
| Feigenbaum, Haim | Miller, Gail K. |
| Flowers, Allen D. | Miller, Robert S. |
| Forbes, Timothy G. | Naylor, Craig G. |
| Franzi, Richard A. | Nelson, R. David |
| Fuerst, John M. | Niekamp, Cynthia A. |
| Funke Esq., Jimmy L. | O'Neal, Rodney |
| Gango, Frank | O'Neill, Brian P. |
| Gardner, A.N. | Olbrecht, Denise |
| Geller, Pamela M. | Opie, John D. |
| Goodman, Thomas D. | Ordonez, Frank A. |
| Gottschalk, Bernd | Overly, Jeffrey M. |
| Gray, Mary A. | Owens, Jeffrey J. |
| Griffin, Patrick | Parsons, Jeffrey |
| Gruber, Douglas | Pasricha, Atul |
| Gumina, Joseph P. | Passante, John A. |
| Hachey, Guy C. | Penske, Roger S. |
| Hall Jr., Samuel H. | Petrie, John |
| Hathaway, R.E. | Pirtle, Ronald M. |
| Hayashida, Shuji | Pitsenbarger, Pam |
| Healy, Karen L. | Rayne, Mike |
| Heigel, Kevin R. | Reagan, Michael T. |
| Hermeling, Rainer | Remenar, Robert J. |
| Hindels, James H. | Richards, F. Timothy |
| Hotchkin, Nick | Richards, Gregory R. |
| Humbeck, Wolfgang | Robinson Esq., Logan G. |
| Irimajiri, Shoichiro | Rogers, Max |
| Jackson, Arthur Russell | Roland Jr., John Robert . |
| Jackson, J.E. | Runkle, Donald L. |
| Jacovides, Linos | Salrin, Sarah J. |
| Jaffurs, John A. | Scheffler, Milton R. |
| Janak, Peter H. | Schuppe, Michael L. |
| Jensen, William | Schwarting, Elizabeth M. |
| Jobe, Ronald E. | Scott, Ian |
| Jok, Richard | Shader, Michael A. |
| Jones, David J. | Sheehan, John D. |
| Kamischke, Mark S. | Short, John |
| Katz Esq., Robert | Sonnonstine, Jerry |
| Kaye Esq., Diane L. | Sparks, Robert H. |
| Knill, David | Spencer, James A. |
| Knutson, Timothy J. | Springer, F. Thomas |
| Kolano, Derek | Sprunger, F. Thomas |
| Krause, Jeffrey M. | Sueltz, Patricia C. |
| Lee, Dae Un | Sullivan, Henry A. |
| Lewis, Theodore H. | Theriot, Mark |
| Loeb, Marjorie Harris | Tilton, Todd I. |
| Lorenz, Mark C. | Twomey, Thomas N. |
| Manocha, Charu | Valanty, Burton J. |

**EXHIBIT A**

Veeser, Lothar
Walker, Bette M.
Walker, Robert C.
Weber, Mark R.
Whitson, James P.
Williams, Derrick M.
Williamson, J.L.
Wohleen, David B.
Yoon, Myung Hwan
Young, R.A.
Zablocki, Richard J.

**(C)    ALL LENDERS (INCLUDING CURRENT AND FORMER AGENTS UNDER CREDIT FACILITIES AND THEIR COUNSEL AND FINANCIAL ADVISORS)**

A3 Funding LP
Ableco Finance LLC
ABN AMRO Bank N.V.
ACA CLO 2005-1, Ltd.
Access Institutional Loan Fund
ADAR Investment Fund Ltd
Addison CDO, Limited
AG Alpha Credit Master, Ltd.
Agricultural Bank of China
Ahab Partners, L.P.
Airlie Opportunity Master Fund, Ltd
Amaranth Partners LLC – Trading
American Express Certificate Company
AMMC CLO III, Limited
AMMC CLO IV, Limited
Apollo Distressed Investment Fund
Apollo Distressed Investment Offshore
Appaloosa Invest Ltd. Partnership I
Archimedes Funding IV, Ltd.
ARX Global High Yield Securities
Aslan Capital Master Fund, LP
Atlas Capital Funding, Ltd.
Atrium IV
Aurum CLO 2002-1 Ltd.
Australia and New Zealand Bank Group
Avenue CLO Fund, Ltd.
Avenue CLO II, Ltd.
Avery Point CLO, Ltd.
Balboa CDO I, Limited
Banca Bilbao Vizcaya Argentaria, S.A
Banca Nazionale Del Lavoro SpA
Banco Bilbao Vizcaya Argentaria, S.A.
Banco Santander Central Hispano S.A.
Bank of America, N.A.
Bank of China Luxembourg SA
Bank of New York
Bank of Nova Scotia

Bank of Tokyo Mitsubishi Trust Company
Barclays Bank PLC
BDC Finance LLC
Bear Stearns Investment Products,
Black Diamond Offshore Limited
Blue Square Funding Ltd. Series 3
BNP Paribas
Boldwater CBNA Loan Funding LLC
Boldwater Credit Opportunities
Boston Harbor CLO 2004-1, Ltd
Boston Income Portfolio
Brencourt Distress Securities
Brookville Capital Master Fund, L.P
Bryn Mawr CLO, Ltd.
Callidus Debt Partners CDO Fund I
Calyon New York Branch
Candlewood Capital Partners LLC
Canpartners Investments IV LLC
Canyon Capital CDO 2002-1 Ltd.
Canyon Capital CLO 2004-1 Ltd.
Capitalsource Finance LLC
Cargill Financial Services Intl. Inc
Castle Garden Funding
Castle Hill III CLO, Limited
Castle Hill II-Ingots, Ltd.
Castle Hill I-Ingots, Ltd.
CDL Loan Funding LLC
Cedarview Opportunities Master Fund
Celerity CLO Ltd
Centurion CDO 8, Limited
Centurion CDO 9, Limited
Centurion CDO II, Ltd.
Centurion CDO VI LTD
Centurion CDO VII Limited
Chatham Light II CLO, Limited
Citadel Hill 2000 Ltd.
Citibank N.A.
Citicorp USA Inc.
Citigroup Financial Products Inc.
Colonial Funding LLC
Comerica Bank Michigan
Commerzbank Aktiengesellschaft
Credit Industriel et Commercial
Credit Suisse, New York & Cayman Islands
CSAM Funding IV
C-Squared CDO Ltd.
Cumberland II CLO LTD
Cypresstree Claif Funding LLC
D.K. Acquisition Partners, L.P.
Debt Strategies Fund, Inc.
Delaware Corp Bond Fund
Delaware Delchester Fund
Desjardins Financial Security Life
Deutsche Bank AG

## EXHIBIT A

Deutsche Bank Trust Company America
Diversified Income Strategies
Diversified Investors High Yield
Double Black Diamond Offshore LDC
Dryden III-Leveraged Loan CDO 2002
Dryden IV Leveraged Loan CDO 2003
Dryden Leveraged Loan CDO 2002-II
Dryden VIII - Leveraged Loan CDO
Duane Street CLO 1, LTD.
Duma Master Fund LP
Dunes Funding LLC
Dymas Funding Company LLC
ELF Funding Trust I
Employers Insurance of Wausau
Empyrean Investments, LLC
Endurance CLO 1 Ltd.
Event Partners Debt Acquisition, LLC
Excess Book
Feingold O'Keeffe Credit Fund CBNA
Fifth Third Bank, Eastern Michigan
First Trust Highland Capital
Flagship CLO 2001-1
Flagship CLO II
Flagship CLO III
Flagship CLO IV
Forest Creek CLO, Ltd.
Fortis Bank SA NV Cayman Island Branch
Fortress Credit Funding I LP
Fortress Credit Funding II LP
Galaxy CLO 2003-1, Ltd.
Galaxy III CLO, Ltd.
Galaxy IV CLO, Ltd.
Galaxy V CLO, Ltd.
General Electric Capital Corporation
Gleneagles CLO Ltd.
Global Enhanced Loan Fund S.A.
Global StocksPLUS Income Fund
Goldman Sachs Credit Partners L.P.
Gracie Capital L.P.
Grand Central Asset Trust
Grand Central Asset Trust, Gaia
Grand Central Asset Trust, SIL
Grand Central Asset Trust, Single
Greywolf Loan Participation LLC
Guggenheim Portfolio Company XII
Gulf Stream - Compass CLO 2005-1
Gulf Stream - Compass CLO 2005-1
Gulf Stream Compass CLO 2002-1
Gulf Stream-Compass CLO 2004-1, Ltd
Hammerman Capital Master Fund LP
Hammerman Counterpoint Master Fund
Harbour Town Funding LLC
HBK Master Fund L.P.
High Income Portfolio

Highland Floating Rate Advantage
Highland Floating Rate LLC
Highland Offshore Partners, L.P.
Horizon Income Fund, Ltd.
HSBC Bank USA, National Association
IDS Life Insurance Company
ING Capital LLC
ING Investment Management CLO I, Ltd
ING Prime Rate Trust
ING Senior Income Fund
Investment CBNA Loan Funding LLC
Investors Bank and Trust Co
Jasper CLO Ltd.
JPMorgan Chase Bank, N.A.
Katonah II, Ltd.
Katonah III, Ltd.
Katonah IV, Ltd.
KeyBank National Association
KIL Loan Funding LLC
Kingsland I, Ltd.
KKR Financial CLO 2005-1, Ltd.
KZH Pondview LLC
KZH Soleil LLC
KZH Soleil-2 LLC
Lehman Commercial Paper Inc.
Liberty CLO Ltd.
Liberty Mutual Ins Company
LibertyView Loan Fund, LLC
Lightspeed CLO
Lincoln National Life Insurance Co.
LINDEN CAPITAL LP
Lispenard Street Credit (Master)
Loan Funding I LLC
Loan Funding III LLC
Loan Funding V, LLC
Loan Funding XI LLC
Loan Star State Trust
Long Grove CLO, Limited
Madison Park Funding I, Ltd.
Marathon CLO I Ltd.
Marathon Special Opportunity
Market Square CLO Ltd.
Marquette Park CLO Ltd.
McDonnell Loan Opportunity Ltd.
Metropolitan West High Yield Bond
Metropolitan West Strategic Income
Mizuho Corporate Bank Ltd.
ML Global Investment Series Income
Morgan Stanley Senior Funding, Inc.
Mountain Capital CLO II Ltd.
Mountain Capital CLO IV, Ltd.
Muirfield Trading LLC
National City Bank
Nemean CLO, Ltd.

**EXHIBIT A**

Oak Hill Credit Alpha Fund (Offshore)
Oak Hill Credit Alpha Fund LP
Oak Hill Credit Partners I, Limited
Oak Hill Credit Partners II, Limited
Oak Hill Credit Partners III, Limited
Oak Hill Credit Partners IV, Limited
Oak Hill Securities Fund II, L.P.
Oak Hill Securities Fund, L.P.
OCM High Yield Plus Fund LP
Octagon Investment Partners IV, Ltd
Octagon Investment Partners V, Ltd.
Octagon Investment Partners VI, Ltd
Octagon Investment Partners VII, Ltd
Panton Master Fund LP
Park Avenue Loan Trust
PIMCO Floating Income Fund
PIMCO Floating Rate Income Fund
PIMCO Floating Rate Strategy Fund
PIMCO High Yield Fund
Pinewood Credit Markets Master Fund
Pioneer Floating Rate Trust
PNC Bank, N.A.
Post Leveraged Loan Master Fund, LP
Post Opportunity Fund L.P.
Post Total Return Fund, L.P.
Principal Life Insurance Company
Prospect Funding I, LLC
Protective Life Insurance Company
Putnam Floating Rate Income Fund
Putnam High Yield Advantage Fund
Putnam High Yield Trust
Putnam Variable Trust High Yield Fund
Q Funding III LP
Quadrangle Master Funding Ltd
Quattro Distressed Opportunity Fund
Quattro Fund Ltd
Quattro Multi-Strategy Master Fund
R2 Top Hat, Ltd.
Race Point CLO, Limited
Race Point II CLO, Limited
Race Point III CLO, Limited
Red Fox Funding LLC
Redwood Master Fund, Ltd.
Riviera Funding LLC
Robson Trust
Rockwall CDO Ltd.
Rosemont CLO, Ltd.
Salomon Brothers Variable Rate
Sankaty High Yield Partners II
Sankaty High Yield Partners III, LP
Satellite Senior Income Fund II
Satellite Senior Income Fund, LLC
Saturn Trust
Scoggin Worldwide Fund Ltd

Scottwood Partners LP
Sea Pines Funding LLC
Secondary Loan and Distressed Credit
SEI Institutional Managed TST
Seneca Capital, L.P.
SEQUILS Centurion V, Ltd.
SEQUILS ING I (HBDGM), Ltd.
SEQUILS-Magnum, Ltd.
Severn River Master Fund Ltd
Sierra CLO I Ltd.
Silverado CLO 2006-I LTD
Simpson Thacher & Bartlett LLP
Sky CBNA Loan Funding LLC
SMBC MVI SPC
Societe Generale SA New York
SOF Investment, LP
Southport CLO, Limited
Special Situations Investing Group
SRI Fund LP
Stanfield Arbitrage CDO, Ltd.
Stanfield Bristol CLO, LTD.
Stanfield Carrera CLO, Ltd.
Stanfield Vantage CLO Ltd.
Sumitomo Mitsui Banking Corporation
SunTrust Bank Atlanta
TCW Select Loan Fund, Limited
TCW Senior Secured Loan Fund LP
Tenor Opportunity Master Fund, Ltd.
The Drake Offshore Master Fund, Ltd
The Foothill Group Incorporated
The Hartford Floating Rate Fund
The Royal Bank of Scotland PLC
Thrivent High Yield Fund
Thrivent High Yield Fund II
Thrivent High Yield Portfolio
Thrivent High Yield Portfolio II
Trilogy Portfolio Company, LLC
TRS Callisto LLC
TRS Leda LLC
TRS Thebe LLC
UBS Loan Finance LLC
UFJ Bank Limited
Velocity CLO, Ltd.
Venture CDO 2002, Limited
Venture II CDO 2002, Limited
Venture III CDO, Limited
Venture IV CDO, Limited
Vista Leverage Income Fund
Vulcan Ventures, Inc.
Wachovia Bank National Association
Watershed Capital Institutional
Watershed Capital Partners (Offshore)
Watershed Capital Partners, L.P.
Waterville Funding LLC

**EXHIBIT A**

Waveland-Ingots, Ltd.
Wells Capital Management-12831400
Wells Capital Management-13702900
Wells Capital Management-13823100
Wells Capital Management-13923602
Wells Capital management-14945000
Wells Capital Management-16017000
Wells Capital Management-16463700
Wells Capital Management-16896700
Wells Capital Management-16959700
Wells Capital Management-17299500
Western Asset Floating Rate
Whitney Private Debt Fund LP
Wind River CLO I Ltd.
Windmill Master Fund LP
Wrigley CDO, Ltd

**(D)    INSURERS**

ACE American Insurance Company
ACE Insurance Company
ACE USA
AIG Excess Casualty North America (Lexington)
AIG Worldsource
AIU Inc.
Allianz
Allied World Assurance Company, Ltd
Amerada Hess Corporation
American Home Assurance Co. (AIMA)
American International Insurance
American International Specialty Lines Insurance
    Company
ANR Pipeline Company
Aon
Aon Bermuda
Aon UK
Arch
Arch Insurance (Bermuda) Limited
Arch Insurance Group
AWAC
AXIS
Axis Reinsurance Company
Bermuda Markets
Cananwill, Inc.
Chubb Custom Insurance
Chubb Specialty Insurance
CNA Financial Insurance
CNA Insurance Companies
Columbia Casualty Company (CNA)
Columbia Gas of Ohio
Columbia Gas Transmission
Continental Casualty (C.N.A.)
Coral Energy Resources, L.P.
East Ohio Gas Co.

Endurance Specialty
Federal Ins. Co. (Chubb)
General Star Indemnity Company
GEP
Great American
Gulf Underwriters Insurance Company
Hannover Re
Hanseatic Insurance Company (Bermuda) Ltd.
Hartford
HDI
Indiana Gas Company
Ins. Co. of the State of Pennsylvania (AIG)
IRI
Lexington
Lexington Insurance Company (AIG American
    International Companies)
Liberty Mutual
Lloyds of London
Marsh USA, Inc. (Broker)
Marsh/Pentastar
National Union Fire Ins. Co. (AIG)
National Union Fire Insurance Company of Pitts.,
    PA (AIG American International Companies)
Pacific Employers Ins. Co. (ACE USA)
Panhandle Eastern Pipeline Company
Seminole Energy Services
Sequent Energy Services
SR International Business Insurance Company
    Ltd.
St. Paul (Bermuda), Ltd.
St. Paul Fire & Marine Insurance Company
St. Paul Mercury
St. Paul Surplus Lines Ins. Co.
Starr Excess Liability Insurance International
    Limited
Steadfast Insurance Company (Zurich)
Swiss Re Insurance Company Ltd.
Tokio Marine
Twin City Fire (Hartford)
U.S. Specialty Insurance Company
UGI Energy Services
Union Gas System, Inc.
United States Aviation Insurance Group (USAIG)
    and others
US Specialty/HCC
USAIG
Vectren Energy
XL U.S.
Zurich American Insurance Company

**EXHIBIT A**

(E)  **PROFESSIONALS (ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS FOR THE PAST THREE YEARS) [Excluding those Professionals that Charge less than $100,000.00 in Annual Fees]**

4GEN
Ahearn & Soper Co INC
Air Academy Associates
Air Academy Press & Assoc.
Aisec United States Inc.
AIT Group
AJM
American Supplier Institute
Ariane Ingenierie
Ariba
ASI (American Supplier Institute)
ASI Consulting Group LLC
ASI LLC
ASI, Shainin (ICIM)
Asset Management Resources
Asset Mfg Resources
AT Kearney
AVL North America Inc
Ayco Company LP
Baker & Daniels
Baker & McKenzie LLP
Baker Botts LLP
Balch & Bingham LLP
Banner & Witcoff, Ltd
Bede & Associates
Bedi Strategies, Inc.
Bevco Solution Strategies
Bliss McGlynn P.C.
Booz-Allen Hamilton
Brenda Veit
BSI America, Inc.
BSI Americas
BSI Management Systems
Burnside & Nauman Medical
Burson Marsteller
Burson-Marsteller
Butzel, Long
Calwest
Cantor Colburn LLP
Cardinal Law Group
Cardoza
Carquest
Cattel, Tuyn & Rudzewicz, PLLC
Chris Kouri & Assoc.
Chuck Ondrick

Clark Consulting
Clark Hill P.L.C.
Clark Patterson Associates
Coble Taylor & Jones
Cochran Public Relations
Coe & Associates
Common Point Graphics
Conway McKinsey and Dunlevy
Corporate Branding LLC
Corporate Executive Board
CSFB
csm worldwide
CTG Auditors
CTJ Safety Associates
Danzas AEI Customs Brokerage Services
Danzas AEI Intercontinental
DASCO
Dave Trella/Menlo Logistics
David Cunnigham
Deloitte Touche Tohmatsu
Det Norske Veritas
Detroit Translation Bureau
DeWitt Ross & Stevens
Dickinson Wright P.L.L.C. (Detroit, MI)
Dickson Allen
Donald Gober
Drinker Biddle & Reath – PA
Dykema Gossett P.L.L.C.
E&Y
Edcor Data Services
EDS
Electricore Inc
ENSR Corporation
En-Tech
Entech Utility Service Bureau Inc
Equis Corporation
Ernst & Young
Excise Department
Exhibit Enterprises, Inc. (Rochester Hills, MI)
FedEx Trade Networks Transport and Brokerage, Inc.
Fidelity Employer Services Company, LLC
Fidelity Institutional Retirement Services Company
Fleishman Hillard Japan, Inc.
Foley & Lardner LLP
Frost Brown Todd LLC
FTI Consulting, Inc.
Haley & Aldrich Inc
Hao Do
Heller Ehrman White & McAuliffe
Hill & Knowlton
Hill & Knowlton Brazil

**EXHIBIT A**

Hill & Knowlton, Mexico
Hirsig-Frazier Co.
Honigman Miller Schwartz and Cohn
Howard & Howard Attorneys, P.C.
Hunton & Williams LLP
Huron Consulting Services LLC
I33 Communications LLC
Institute of Configuration
Interchange Europe
Interim
Interim Healthcare Inc.
 J. Gordon Lewis, PLLC
Jaeckle Fleischmann & Mugel, LLP
Jefferson Wells
JLE Process Services, Inc.
Johnston Barton Proctor & Powell LLP
Jones Day
Jones Lang Lasalle Americas Inc
Kim & Chang
Kitchin & Sons Inc.
Law Offices of Albert M. Gutierrez, P.C.
Lee Hecht Harrison
Link Testing Laboratories
Linklaters
Lippert, Humphreys, Campbell, Dust &
    Humphreys, P.C.
LKF Associates
Lori A. Sisk
Mark A. Navarre
McCann-Erickson
McCarthy Tetrault LLP
Mertitus Consulting Services
Miller Canfield Paddock & Stone, PLC
Miller Consulting Services
MIT
Molitor International
Moore Hansen & Sumner
Morris, Nichols, Arsht & Tunnell
N.A. Williams Co.
NAPA Sales
Neal Gerber & Eisenberg, LLP
Noerr Stiefenhof
Northeastern Marketing
O.P. Tyagi
Ohio State Univ.
O'Melveny & Myers LLP
On-Mark Sales
Origin Intl Inc
Orion Adv. Mktg
Panalpina, Inc.
Parsons
Parsons & Maxon Incorporated
Paul Hastings Janofsky & Walker LLP

PDXRO
Pepper Hamilton LLP
Phelps Dunbar LLP
Pillsbury Winthrop Shaw Pittman LLP
Price, Heneveld, Cooper, DeWitt & Litton
PriceWaterhouseCoopers LLP
Problem Solving Ad Hoc
Productivity Systems
QS Servicos Tecnicos
Rader, Fishman & Grauer PLLC
Radix Group International, Inc
Reising, Ethington, Barnes Kisselle, P.C.
Rhonda L. McCoy-Pfau PLLC
Richards Spears Kibbe & Orbe LLP
Robbins GIOIA
Robert Half
Russell A. Farrow, Limited
Russell Reynolds
Rutledge Tonya R
S.P. Nagrath & Co.
Saarakshi Enterprises
Salomon Smith Barney
Sandler & Travis Trade Advisory Services, Inc
SAP Consulting
Sapient
Savety Innovations Ltd
Sedgwick Claims Management Services, Inc.
Seva Technologies
SGS Conrtoll CO MBH
Shainin LLC
Shainin Services
Shaw E & I
Shearman & Sterling LLP
Sigma Learning LLC
Siskel Sales Company
Six Sigma Academy
Skadden, Arps, Slate, Meagher & Flom LLP
Smiley-Smith & Bright CPAs, LLC
Solution Strategies, Inc.
Southwest Research
Spirax Sarco
Squire, Sanders & Dempsey, L.L.P.
SRS Marketing Co.
Stanton Park Group LLC
Stout Risius Ross
Suh & Assoc.
Summit Energy Services Inc
Suri & Company
Tatum Partners
TBM
Tec Ease Inc
Tech Caliber
Thompson, Hine & Flory, LLP

**EXHIBIT A**

Towers Perrin
TPI
Training Services
Training Services & Solutions
TSSC
TUV Rheinland Group
TWI Network
UBS
UHY Mann Frankfort Stein & Lipp Advisors, Inc.
Ward Norris Heller & Reidy, LLP
Watkins Ludlam Winter & Stennis, P.A.
Watson Wyatt & Company
Whiteside Communication Management
Wilmer Cutler Pickering Hale and Dorr, LLP
Wood, Herron & Evans, L.L.P.
Wooden & McLaughlin, LLP
World Class Engineering
Xpedex
Young & Rubicam, Inc.
Yuasa & Hara

**(F)    PARTIES TO LITIGATION AND THEIR
COUNSEL (FOR CLAIMS OF AT LEAST
$500,000)**

A&O Mold & Engineering, Inc.
ABATE - CECo GM
Abbey Gardy, LLP
Abernathy, Sonja
Abood, Andrew P.
Abrego, Everado
Adams Oil
Adams, Thomas E.
AEC
AFL-CIO
AFL-CIO-CLC
Aimtronics Corporation
Aldridge, Brenda
Alen J. Counard, P.C.
Alexander Logan & Hunt
Alfaro, Jos C.
Allegheny Coatings
Allegheny Rodney
Allegre Dong AH
Allison, Carl
Allstate Insurance
Alternative Resource, Inc.
Alumalsa
AM General Steering Gear
American Electronics Components AEC
Anderson, Russell, Jr.
Anglo Metals, Inc.
Anorve, Juan
APC and Sundram

Apple
Arbogast, Michael A.
ARC CADH
Archer & Greiner
Arnold & Porter
Arnold, James Jr.
ASEC France
Ashburn, William
Asherbranner, Jennifer T.
Associated Springs & Barnes Group, Inc.
ATT
Aubert, Harold
Austin Group, Ltd
Automotive Applied Technologies Limited
Automotive Technologies Inc.
Automotive Technologies International, Inc.
Avarette, Bessie
Ayusa
Aziz, Salman
B & F Enterprises
Bailey Cavalieri LLC
Baldwin, Sandra L.
Bancomer et al
Barner, Richard
Barnes, Cleary
Barry D. Adler, Esq., Adler & Associates
Bartell, Greg
Bastien, Amy C.
Batson, Benjamin
Baxter, Daniel
Baxter, Rachel
Beck, Bobby
Beck, Daniel P.
Beck, Redden & Secrest
Bedrin, John
Beers, Anderson, Jackson, Patty & Van Heest,
   P.C.
Bellis, Katherine
Bendix ABS Fires
Bentley-Rolls Royce
Berg Hill Greenleaf & Ruscitti LLP
Bernstein, Sidney
Berry, Doris
Berthold, Cindy Lee
Beuke, Robert L.
Bex, Russell
Bhones, Diane
Birdyshaw, Mike
Bishop, James Denson, Sr.
Blaesi, William
Blas, Cassandra E.
Bleakley, Cypher, Parent, Warren & Quinn, P.C.
Blecher & Collins, P.C.
BMC Holding Corporation

**EXHIBIT A**

BMC West
Bodman, Longley & Dahling, LLP
Bond, Donald W.
Bond, Teresa G.
BorgWarner Turbo Systems
Boulden, Cristal
Bradley, Phyllis Jean
Brady, Billy W.
Brady, Larry
Brantley, Shalonda J.
Brewer, Mary M.
Britt, Stephanie
Brittingham, David
Brittingham, Julie
Brooks, Diane
Brooks, Marvin
Brooks, Shameila
Brown, Celestia
Brown, James Lee
Brown, Jonathan
Bryan, Greyson
Buchanan, Rufus O.
Budak, Anthony F.
Building Material Holding Corporation
Buis, James
Bulk Terminals, Inc
Burch, Amy R.
Burdette, James
Butler, Daisy J.
C&J Industries
Cadillac
Cady, Mastromarco & Jahn, P.C.
California, Irvine
Campbell, John E.
Campbell, Robert R.
Canales & Simonson, P.C.
Canter, Richard
Carrigan, McCloskey & Roberson, LLP
Casper & Casper
Catherine Rozanski
CDA Consulting, Inc.
Cellino & Barnes, P.C.
Celso Gon‡alves Viana
Central Bank of Brazil
Chadbourne & Parke LLP
Chapa, Israel
Chapman, Lewis & Swan
Chase-Orr, Kimberly
Chemetco
Chemical Waste Management, Inc.
Chieftain Contract Services
Chilton, Alfred
Chivers, Kathy L.
Circle Plastic Products, Inc.

Citibank Texas, National Association
City of DelRay Beach Police and Firefighters
    Retirement System
Clark, Charles
Clark, Martina
Clash, Klemchuk, Roach & Powers LLP
Clifford Law Offices, P.C.
Cloncs, Donald
Clones, Donald
Clorex S.A.
Clouse Dunn Hirsch LLP
Cockrane, Ameatha
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Colbert, John E.
Cole, Cole & Easley, P.C.
Coleman, Michael
Coletta, Vincent J.
Compliance Counsel, Lear Corporation
Condutelli
Conrad, Dean F.
Conwell, Wayne
Cook, Sylvia
Coolidge, Wall, Womsley & Lombard, LPA
Copeland, Huey G.
Corus S.E.C./L.P
Corvette
Couzens, Lansky, Fealk, Ellis & Lazar PC
Covington & Burling
Cox, Jon C.
Coy Glass
Crown City Plating Company
CSX Realty Development
Custom Energy, L.L.C.
CWI
DACTEM
Daewoo
Daewoo International
DaimlerChrysler Corporation
Dana Corp Global Production WHS
Dana Corp Sealing Division
Dangerfield, Shawn
Danis Environmental Industries, Inc.
David A. Hodges, Esq.
Davis & Davis
Davis, Janetta
Davis, Robert E., II
DCX
Delco Remy America (DRA)
Delphia
Demet
Denso Corporation
Devlieg Boulevard II, Inc.
DHB-CA
Dickerson, Brian

**EXHIBIT A**

Diniz, Mauro Lucio
Diversified Environmental Management
    Company
DMS NA
Dockins Turnage & Banks
Dolce, Frank J.
Dotson, Pamela K.
Dotson, W. Douglas
Dougherty, Chad
Drillock, Linda
Droman, Rick
DSL
DSSG
Dukarski, Katherine
Dutton, William Boyd
Dyer, Garofalo, Mann & Schultz
Dynamic Sciences International
Eaton Corporation
Edwards, William P.
Eftec North America, LLC
Elco Textron Fastening Systems
Elco Textron, Inc.
Electrical Systems Motors
Electronic Environmental Engineering
Electrospec Cost Recovery
Ellis, Peter
Elmore, Arlis M., Jr.
Elwood S. Simon & Associates, P.C.
Emonds, Douglas J.
Energy Conversions Systems (ECS)
Engelhard/NGK
Ennis, Donald
Enterprise Automotive Systems
Epsilon
ESS, Inc.
Essedue
Estate of Lannon
Estate of Stella Demeniu
Ethanol Coolant
Eton Corporation
Evans, Terrence
Executive Loan Program
Fabricated Metals
FAE
FAG Automotive Inc.
FAG Bearing Limited
Fague, Terence L.
Farmer, Darryl G.
Farmers' Marketing Service
Faruqi & Faruqi, LLP
Faurecia Exhaust Sys Inc
Fiber Optic Fund Class Action (Litigation Group)
Fiber Systems International, Inc.
Fieger, Fieger, Kenney and Johnson

Fields, Charlotte
Financial Services of America, LLC
Finklestein & Krinsk, LLP
Fire, Arndt & Danborn PC
First Technology
Fischbein, Peter D.
Fitch, Even, Tabin & Flannery
Fleming, Joseph A.
Flex-Tech
Fligstein, Michael
Flora, Betty J.
FLSA
Fluor Corporation
Folck, Neal C.
Ford Motor Company
Fosbre, Frank J. Jr.
Foster, Kim L.
Foster, Kimberly
Fouche, Kim
Fournier, Connie
Franklin & Greenfield LLC
Franklin, Gordon
Free, Paul
Fromm, Pamela
Furukawa Electric North America APD, Inc.
Gabrielle, Lori J.
Gaddis, Tracy
Gaines, Ira
Gainey & McKenna
Gann, Robert Edwin
Garcia, Jessie L.
Garvey, Robert F.
Garvin Glass
Gavia, Felipe F., Sr.
General Motors Daewoo Auto and Technology
General Motors' Discovery
GfH
Gilardi & Co., Inc.
Gilbert, Frank, Ollanik & Komyatte, P.C.
Gillette, Edward A.
Gilyard, Jonnie
Gimpex
Givens, Robert
Global Minerals and Metals Corporation
Glynn, Marcus
GM Daewoo
GM DAT
GM Epsilon
GM Europe Opel
GM & International
GMNA
GMPT
GMSPO-CWI
Gonzalez, Ernesto (Ernie)

**EXHIBIT A**

Gonzalez, Philip
Gordon, Patricia
Greak & Smith, P.C.
Greenwood, Edward Joseph
Greystone
Grimes, Rita
Groce, Kelly R.
Gross, Lisa
Grundig Multimedia B.V.
Gualandi, Kevin
Guel, Mills, Nims & Pylman LLP
Guevrra, John
Gulf Coast Bank & Trust Company, et al.
Gum, Mano
Gutjahr, Michael
Gwendolyn J.M. McCallum, fiduciary of the
    Estate of David B. McCallum
H.E. Services Company
Hagan, Mansel
Hagens Berman Sobol Shapiro
Hahn Elastomer
Hammer, Edward
Hanline, William D.
Hanna, Terry
Hanners, Carolyn
Harco Industrial Supply Inc
Harco Industries, Inc.
Harden, John W.
Hardwick & Knoght
Hardy, William
Harley Brakes
Harper, William
Harris, John
Hassel, Claudette M.
Hassett & Donnelly, PC
Haveles, H.P.
Hayes Brake
Hayes Lemmerz International, Inc.
Heathco, Mark
Hernandez, Gloria
Herndon, Laura V.
Hertz, Schram & Saretsky, P.C.
Hillman, Robert
Hills, Donald L., Sr.
Hirschmann Electronics GmbH & Co.
Hoagland, Longo, Moran, Dunst & Doukas
Holden, Kindwell, Hahn & Crapo, P.L.L.C.
Honeywell ACS Sensing & Control
Hood, Constance
Hood, Kelli
Hoover Precision Plastics
Howard Langer, Esquire, Golumb Honik &
    Langer
Howard, Mark

Howrey LLP
Howrey Simon Arnold & White, LLP
Hoyt, Arthur C.
HPI
Hubbard, Clarence E.
Hudson, Linda
Hunter, Clemie
Hurley Packaging of Texas, Inc.
Hurst, Bryon
Hurst, Teresa
Hutchinson Seal
Hyder, Michelle
ICG
ICMS
IMSS
In re Terazosin Hydrochloride Antitrust Litigation
Indiana, Kokomo
Industrial Div. of the Communications
Infonavit
INSS
International Truck
Invensys
Irvine
Itabirito Plant
IUE Moraine Umpire Appeal
IUE vs CWA
IUE/CWA Local 755
IUE-CWQ
Jakupco, Richard J.
James, Edith C.
Jarzyniecki, Philip
Jeanniard
Jenkins, Shontea
Jenner & Block
Jevicks, Teresa
Johnson, Freddie L.
Johnson, Jana C.
Johnson, Rasmussen, Robinson & Allen, P.L.C.
Johnson, Ruth
Johnson, Shanellie
Jolly, Norman
Jones, Leland
Jones, Lonnie
Jones, Norman
Jones, Rodger
Jones, Vanessa
Jordan, Martin J.
Josey, Anita
Joyal Products, Inc.
Julias, Steven
Junkin, Harrison & Junkin, PC
Junkin, Samuel W.
JV Products
Kaplan Fox & Klisheimer LLP

**EXHIBIT A**

Karlin, Lawrence
Katzkin Leather, Inc.
Kelely, Tasha
Keller Rohrback, L.L.P.
Kelley, Charles  (Estate of)
Kelley, Sharon
Kelly Koszewski et al
Kenna Technical Services
Kenna, William
Ker, Russell & Weber
Kessler, Thomas
Key Plastics
Khan, Kim N.
Kimberley & Miles, P.C.
Kirsch, Paul C.
Knighton, Gregory James
Knisley, Richard W., II
Kostal of America, Inc.
Kowallek, Daniel E.
Kowalski, Richard
Kramer, Steven
Kraus, Jessica
Kreegar, William C.
Krupp-Hoersch
Kucklemam, Karl
Kulinec, Charles Francis, Jr.
Kumiega, Kenneth J.
L&W Stamping, Inc.
Laborsource 2000, Inc.
Lamb, Daniel
Land Rover
Laneko
Langston Sweet & Freese
Latimore, John L.
Laudig George Rutherford & Sipes
Law Office of Carlos E. Hernandez, Jr.
Law Office of Klari Neuwelt
Law Office of Leon Russell, P.C.
Law Offices of Brian M. Felgoise, PC
Law Offices of Charles J. Piven, P.A.
Law Offices of G. Lynn Shumway
Law Offices of Maloney & Campolo
Lawson, Walter Keith
Lazor, Daniel
Lea Miles, Rebecca
Lee, Clyde, Jr.
Legorreta, Daniel
Lemon Bay Partners
Lerach Coughlin Stoia Geller Rudman & Robbins
    LLP
Leslie, Mike
Lester, Schwab, Katz & Dwyer
Metlife, Michelle Constandse, Esq.
Levin Simes & Kaiser LLP

Lewis & Lewis, P.C.
Lewis Brisbois Bisgaard & Smith LLP
Lewis, Robert
Lieff, Cabraser, Heiman & Bernstein, LLP
Lindberg, Matthew G.
Linerboard Antitrust Class Action
Lisa J. Leebove
Liss & Shapero
Litex
Little, Robert W.
LK Nagano Sistemas Automotivos Ltda.
Local 1097
Local 663 Electrical Workers
Locke Liddell & Sapp, LLP
Logistics Solution Group S.A.de C.V.
LoPrete, Kent
Lowey Dannenberg Bemporad & Selinger, P.C.
Lumpkin, Robert J.
Lunn, Richard
Lunt Manufacturing Co., Inc.
Lyon, Donald M.
Lyons, Brian
MacDonald Industrial Products
Magnesium Aluminium Corporation
Mahle Sistemas de Filtracion de Mex
Mahle, Brian
Manns, Debra A.
Mantese, Joseph Vito / Lease Plan USA
Manufactured Products Corporation (MPC)
Margaret Fukuda
Marian P. Rosner, Esq., Robert C. Finkel, Esq.,
    Carl L. Stine, Esq.
Mariana In´s de Souza
Marsh & McLennan Cos.
Martinez, Jose Angel Mata
Massey, Patricia
Mastromarco & Jahn, PC
Matamoros
Matter, Phillip
MBUSI
McAleer, Adrian
McBride, Diana B.
McCaslin, Imbus & McCaslin
McCree, Robin
McCullough, Amy M.
McDermott, Jon E.
McDonald, Wilfred A.
McGuire Woods
MCI Telecommunications Corporation
McKee, Stephen M.
McMillion, Anna
McPhall, Amber
McTigue Law Firm
Means Industrial, Inc.

**EXHIBIT A**

Merrick, Steven
Merritt, James and Bonnie
Metaldyne 2005 Contract
MetroCal, Inc.
Meyer and Williams
MG Rover
Middleton, Randal A.
Miller Faucher and Cafferty LLP
Miller Shea, P.C.
Miller, Daniel A.
Mills, Jason
Milwaukee Design Center
Ministerio Publico
Minnick, Ralph D.
MIOSH
Miro, Weiner & Kramer
Missing Press Parts
Mitchell, Margaret B.
Mochty, Ronald J.
Modine
Mohamed, Farag
Molex Cost Recovery Disputes
Moore, Gene T.
Moore, Walters, Thompson, Thomas, Papillion &
    Cullens
Moreira, Luiz Alberto
Moretti, Lucia V.
Morgan & Meyers PLC
Morganite
Morganite Incorporated Class Action
Morris, Cantor, Lukasik, Dolce, Panepinto, P.C.
Morrison, Thomas
Mortensen, Philip Bradley
Moser, Janet E.
Motley, Rosalyn
Motorola Quadrasteer
MTD Technologies
Mubea, Inc.
Much Shelist Freed Denenberg Ament &
    Rubenstein, P.C
Mulligan, Charles D.
Multifunction Switch
Myers-Gell, Judith
MyFi Battery Fires
NBR
Nesco
Neubauer, Bridget A.
Newman, Tina
Newton, David
NGK
Nguyen, James H.
Novak, Barbara Griffin
Novakovic
Novo Rio Baterias Ltda.

Nu Tech Plastics Engineering, Inc.
O'Neill, Mary P.
O'Neill, Wallace & Doyle, P.C.
O'Brien, Michael L.
O'Bryan, George M.
Olson Tooling
Ondo, Anthony C.
Onsalma
Opel
Opel Hungary/GMPT
Orlick Industries, Ltd
Orlik, Eva M.
OSHA Recordables
Osowki, Linda
Owens, Donna
Padilla, Afredo Z.
Palmer, Cindie L.
Paragon/CJR
Parkview Metal Products
Parmenter O'Toole
Partridge, Steve
Patent Holding Company
Paula, Ana
Peace, Bernadine
Penley, Brian L.
Pennington, Jeff
Peters, Jerry
Peters, Larry C.
Petrie Household Goods Claim
Phelps, John W.
Phillips, Robert
Pickett, Mary
P-K Tool & Manufacturing
PODS
Poitra, Tammie
Polito, Michael A.
Polsinelli Shalton Welte Suelthaus, PC
Powell, Charlene
Power Outage
Powertrain
Praxair Surface Technologies
Price Potter Jackson & Mellowitz PC
Priest, Aaron
Primary at Johnston Bartin is John Sheffield
Pritchard, Deborah Brown
Proud, Douglas
Prusheik, Stacey
Public Lighting Authorities
Quake Global, Inc.
Qualls, Debbie L.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
Quinn, Larry
Radiation Issue
Raphael, Naomi

16

**EXHIBIT A**

RBC Bremen Bearing, Inc.
Reilly, Thomas A., Jr.
Reliable Castings
Reno, Joseph
Reyes, Daniel
Reynosa
Rhodia Patent Assertion
Richard Hawkins & Young, LLP
Rio Bravo Occupied Worker Housing
Roberto Mageste de Abreu
Robins, Kaplan, Miller & Ciresi LLP
Roetzel & Andress
Rogers County District Attorney, Assistant D.A.
    Patrick Abitbel
Rosen, Paul
Rosen, Ruben J.
Ross, Marion
Rowel, Lynn
Rowley, Donald
Royal Freight, L.P.
Rudzik, Rebecca
Ruhenkamp, Nicole M.
Rule, Hilary
Russell, Thomas
S "nia Aparecida da Silva
Sallee Law Firm
Samacki, Rachel
Sammons, Leon
Sanko
Saturn
Savage, Darrin
Sax, M. Beth
Schatz & Nobel, P.C.
Schlicher, Cindy Lee
Schunk Graphite Technology, Inc.
Schwartz Law Firm, P.C.
Scott & Scott, LLC
SCRC
SEC
SEC-MSC Software Corporation
SEC-OPEB
Sedberry, Joyce
Segway Cancellation Claim
Seipke, Isabelle
Seldeen, William L.
Seskin, Lauren
Shanks, Carol
Shannon Shaw, Martin L.
Sharp, Dennis
Sharyl Carter
Shaw, Martin L.
Sheila M. Bossier PLLC
Sher Garner Cahill Richter Klein & Hilbert,
    L.L.C.

Sherban, Daniel
Sherbin, Joshua A.
Sherer Electric
Sherrie Savett, Esq.
Short, Jodi Lynn
Siemens GEN III
Siemens VDO Automotive Inc
Siemens VDO SA de CV
SimmonsCooper, LLC.
Simons, R. Nicholas
Smibert, Jon R.
Smith, Erisha
Smith, James O.
Smith, Lori
Smith, Louis
Smith, Mary
Smith, Spires & Peddy, P.C.
Smolik, Lillie
Snider, Michael K.
Sobel, Jonathan F.
Solvent Chemicals
South Trust Bank
Spahn, Jeff C., Jr.
Spector Roseman & Kodroff, PC
Spencer, Theresa L.
Squitieri & Fearon, LLP
Stafil
Stansbury II, Robert L.
State of Minas Gerais
State of New York
State of New York Solvent Chemicals
Statman Harris Siegel & Eyrich LLC
Stec, Jennifer M.
Stejakowski, Dennis
Stephen F. Wasinger PLC
Stewart & Stewart
Stewart, Alex S.
Stewart, Andrew
Stites & Harbison, PLLC
Stone, Caylena
Stonehouse Rentals, Inc.
Stoughton, Jeff
Strategic Distribution Marketing de Mexico, S.A.
    de C.V.
Strattec Security Corporation
Strzebniok, Jan
Stuck, Ronald P.
SungWoo-GPS
Surles, Brenda
Swain, Andrew
Switec
Takata-Petri AG
Talbot Case
Tatum, Jefferi

**EXHIBIT A**

Tauzin, Vanessa
Taylor, Jonathan B.
Taylor, Kenneth
Tenneco Automotive
Terazosin Hydrochloride
Textron (Kautex)
Thacher Proffitt & Wood
The Ackerson Group
The Chamberlain Group, Inc.
The Danis Companies
The Padberg & Corrigan Law Firm
The Roth Firm
Thomas, Demetrius
Thomas, Garvey, Garvey & Sciotti, P.C.
Thompson & Knight
Thompson, Maria N.
Ticona
Timken (Brazil)
Tinell, Frankie
Todd, William N.
Torabi, Alan
Torsky, Norma Jean
Toyota Motor North America, Inc.
Tremont Landfill Company
Trico
Trovan
Truscio, James
TRW Automotive Products
TRW Dispute
Tucker Ellis & West
Turinsky, Paul J.
Tuthill, Rusty
U.S. Aeroteam, Inc.
United States Attorney's Office, Southern District
   of Texas
Valeo Electrical Systems, Inc.
Valeo North American Corporate
Valeo Switches and Detection Systems, Inc.
Van Dusen, Tom
VanAmburg, Shawn
Vance, Richard
Vandale, Tammy A.
Varnum Ridderind Schmidt Howlett
Vasquez, Joe R.
VEHVAC
Ventra – Tech
Vicki Lynn Marion, as Personal Representative of
   the Estate of Mark Marion
Vincent, Leo J.
Viviano, Joe
Volvo
Waldo, Richard L.
Walker, Joyce
Walter, Kevin R.

Walter, Stanley J.
Warner-Eno, Leslie A.
Warren M. Pulner
Waste Management, Inc.
Watkins Motor Lines
Weaver & Young
Weber, Herman
Wechsler Harwood LLP
Weiler, William S.
Weitz & Luxenberg, P.C.
West, Roleda
Weyer, Frank
Wheeler, Bruce C.
Whitaker, Samuel F.
Whitehead, Anthony
Whitmire, Steven Lee
Whitney, Gary
William Alcosta PLLC
Williams, Lester
Williams, Modina
Williams, Steven
Willis, Steven
Wilson, Clyde
Wilson, Donna R.
Wilson, Loretta
Wilson, Mark
Wilson, Steven E.
Winbush, Meatha
Wisehart, Rhonda
Wolan, Lea
Wolf Halenstein Adler Freeman & Hertz LLP
Wong, Chris
Wood, Ralph
Woodard, Anthony
Woodson, Harold
Woodward Diesel Pump
Woodward, Bryce
Workers of America
Wright, Eugene A.
Xandex, Inc.
Yaldo & Domestein, P.L.L.C.
Yang, Peter
Yates, Dale A.
York, Thomas, Jr.
Young & Susser, P.C.
Young, Karl L.
Young, Lee
Young, Michael S.
Yount, Loretta
Yzaguirre & Chapa
Zelle, Hormann, Voelbelm, Mason & Gette LLP
Zwick

**EXHIBIT A**

**(G)    TOP 50 CREDITORS**

3M Co
Abc Group Inc
Aisin Seiki Co Ltd
Akebono Brake Industry Co Ltd
Alcoa Inc
Alps Automotive Inc.
Alps Electric Co Ltd
American Axle & Mfg Holdings Inc
Autoliv Inc
AW Transmission Engineering
Beiersdorf AG
Blackstone Capital Partners LLP
Bosch Braking Systems Corp
Bosch, Robert Stiftung GmbH
Buena Vista Township, Michigan
Capri Capital Advisors LLC
Carlisle Engineered Prods
CIGNA Corporation
City of Flint, Michigan
Clarion Co Ltd
Corning Inc
Dana Corp
Delta
Draka Holding NV
Dura Automotive Systems Inc
E.on AG
EI Dupont de Nemours & Co Inc
Flextronics Intl Asia Pacific
Freudenberg & Co KG
Fujitsu Ten Corporation
General Electric Co Inc
Hitachi Ltd
Howard County, Indiana
Illinois Tool Works Inc
Impala Platinum Holdings Ltd
Industrial Molding Corp
Infineon Technologies AG
Intermet Corp
International Union of Electronic, Electrical,
    Salaried, Machine and Furniture Workers –
    Communications Workers of America
Johnson Electric Holdings Ltd
Leopold Kostal GmbH & Co KG
Limar Realty Corp.
Linamar Corp
Madison County, Indiana
Matsushita Electric Industrial
Merk Medco
Molex Inc
Montgomery County, Ohio
Nan Ya Plasics Corp

National Fire Insurance Company of Hartford
NEC Corp
Norsk Hydro ASA
Ogura Clutch Co Ltd
Osprey, S.A. Ltd.
Pioneer INDL Components
Quexco Inc
Robert Bosch Corporation Automotive Group
Semiconductor Components
Sequa Corp
Sharp Electronics Corp
Siemens AG
Solectron Corp
State of Michigan
State of Ohio
State of Wisconsin
Stmicroelectronics NV
Swatch Group SA, The
TDK Corporation of America
Texas Instruments Inc
Textron Inc
Thyssenkrupp AG
Timken Co, Inc
Traxle Mfg Ltd
TT Electronics PLC
UHC
United Auto Workers
Viasystems Group Inc
Worthington Industries Inc

**(H)    HOLDERS OF 5% OR MORE OF ANY
OUTSTANDING EQUITY SECURITY OF
THE COMPANY**

Brandes Investment Partners, LLC
Capital Group International, Inc.
Capital Research & Management Company
Dodge & Cox
State Street Global Advisors

**(I)    RECORD NOTEHOLDERS HOLDING 5%
OR MORE OF ANY OUTSTANDING
ISSUANCE OF NOTES OF THE COMPANY**

Bear Sterns
Citigroup
Frst Clear
Goldman Sachs
Investors Bank
Lehman Brothers
Mellon Trust
ML Sfkpg
MSDW Inc.
NFS LLC

# EXHIBIT A

Pershing
SSB

**(J)    INDENTURE TRUSTEES**

Bank One Trust Company N.A.
First National Bank of Chicago
J.P. Morgan Trust Company, N.A.

**(K)    UNDERWRITERS OF SECURITIES ISSUED
BY THE COMPANY DURING THE PAST
THREE YEARS**

A.G. Edwards & Sons, Inc.
ABN AMRO Incorporated
Advest, Inc.
Banc of America Securities LLC
Barclays Capital Inc.
BB&T Capital Markets, a division of Scott and
    Stringfellow, Inc.
BNP Paribas Securities Corp
C.L. King & Associated, Inc.
Citigroup Global Markets Inc.
Comerica Securities, Inc.
Credit Suisse First Boston LLC
D.A. Davidson & Co.
Deutsche Bank Securities Inc.
Ferris, Baker Watts, Incorporated
HSBC Securities (USA) Inc.
J.P. Morgan Securities Inc.
Janney Montgomery Scott LLC
McDonald Investments Inc., a KeyCorp Company
Merrill Lynch, Pierce, Fenner & Smith
    Incorporated
Mesirow Financial, Inc.
Morgan Stanley & Co. Incorporated
Oppenheimer & Co. Inc.
Quick & Reilly, Inc.
Ramirez & Co., Inc.
RBC Dain Rauscher Inc.
Ryan Beck & Co.
Samuel A. Ramirez & Company, Inc.
Scotia Capital (USA) Inc.
SG Cowen Securities Corporation
Southwest Securities, Inc.
Stifel, Nicolaus & Company, Incorporated
Tokyo-Mitsubishi International plc
U.S. Bancorp Piper Jaffray Inc.
UBS Securities LLC
Utendahl Capital Partners, L.P.
Wachovia Capital Markets, LLC
Wells Fargo Van Kasper LLC
Williams Capital Group, L.P.

**(L)    COUNTERPARTIES TO MAJOR LEASES**

1401 Troy Associates Limited Partnership
2574 E. River Rd. Bldg. 10 LLC
500 Commerce LLC
Access
American Finance Group
Amherst Commerce Park
Aspire Building, LLC
ATEL Capital Group
Cherokee North Kansas City, LLC
City of Laurel, Mississippi
County of Marquette, Michigan
Crown Enterprises, Inc.
CSA Financial Corp
CSI
Donald R. Sweeton and Sarah E. Sweeton
Elect
First American Capital
First Industrial, L.P.
Ford Motor Land Development Corporation
Fortune Avenue Partnership LLP
GAR Properties, LLC
GBG2, LLP
General Motors Corporation
Germain's Technology Group
Germain's Technology Group Custom Coating
    and Enhancements, Inc.
HP Finance
ICON Capital Corp
JCR Investments, LLC
John E. Benz & Co.
Killam Industrial Development Partnership, Ltd.
Kilroy Realty, L.P.
LaSalle National Bank, as Trustee under Trust
    No. 115897
Laurence Tippmann, Sr., Family Limited
    Partnership
LGR Group/CIT
Liberty Property Limited Partnership
Nissan Technical Center North America, Inc.
Oil Well LLC
Optimal Leasing Co.
ORIX Warren, LLC / Orix GF Warren Venture
Pac Rim
QEK Global Solutions
RCA
Realty Investment II
River Road Investments, Inc.
Sealy RG Valley Buildings, L.P.
Seed Systems, Inc.
Shelby Industrial Investors-II, LLC
TR Butterfield Trail Corp.

**EXHIBIT A**

Universal Tool and Engineering Company, Inc.
Visteon Corporation
Weingarten Realty Investors
Wells Operating Partnership, L.P.

**(M)    COUNTERPARTIES TO MAJOR
CONTRACTS (OVER $100,000)**

(KDAC) Daewoo Motor Company
ACG Componente
Adrian (City of) MI
Advanced Casting Technologies
AEP (Public Svc Co Oklahoma) OK
AFOSR
Alabama Gas Corporation
Alabama Power Co
Aladdin Industries
Alexander Long, III
Alltel
Alma Products
Alpine Electronics
Ambrake Corporation
Ameritech
Ameritech Information Systems, Inc.
Ameritech Mobile Services, Inc.
Amsterdam Funding Corporation
Anderson City Utilities  IN
Antec Electric System Co. Ltd
ANXe
Anxebusiness Corp.
Applera Corporation
ARL
ASEC Exhaust Systems
AT&T Corp.
AT&T Solutions, Inc.
ATT Wireless
Autonova
Avaya World Services, Inc.
AXNe
Beijing Delphi Wanyuan Engine Management
    Systems Company, Ltd.
Beijing WY-GM Automotive Electric
Bell South
Blue Cross Blue Shield
Blue Ridge Asset Funding Corporation
Blue Totes – Atlantis
Bluetooth
Borla Romcat
Bridgestone T.G. Australia Pty. Ltd
BSH Industries
C.E. Communications
CADPO
Calsonic Kansei Corporation
Calsonic Kansei Hungary

Calsonic North America, Inc.
Cardinal Health 200, Inc.
Caretools, Inc.
Cellco Partnership
Chemical Reclamation Svcs Inc USA
CIA Industrial Armas
CIGNA Behavioral Health
CIGNA Healthcare
Cinergy PSI IN
Clifford Electronics, Inc.
Clinton (City of) MS
Cole Managed Vision
Columbus (City of)  OH
Componentes Delfa, C.A.
Compressor Works, Inc.
Compuware
Connecticut General Life Insurance Company
Constellation NewEnergy  TX
Constellation NewEnergy, Inc.
Constellation NewEnergy-Gas KY
Consteltn NewEngy PA
Consumers Energy MI (Detroit)
Consumers Power  MI
Consumers Power Company
Coopersville (City of)  MI
Cullmann GmbH
D.O.T. Volpe Center
Daewoo Automotive Corporation
DAS Deutschland GmbH
DAS Poland Spolka z.o.o
Davis Vision
Dayton Power & Light Co  OH
Dayton Water Dept (City of) OH
Debiotech S.A.
Delco Remy International, Inc
Delkor Corporation
Delph Lockheed Automotive S.A.
Delphi Aftermarket France
Delphi Auto Brazil – E&C
Delphi Auto Systems Australia
Delphi Auto Systems Brazil – Harrison
Delphi Auto Systems India Private Limited
    (DASPL)
Delphi Automotive Systems
Delphi Automotive Systems Espana (Logrono)
Delphi Automotive Systems Espana Cadiz
Delphi Automotive Systems France
Delphi Automotive Systems Italia Sri (Diavia)
Delphi Automotive Systems Lockheed UK
    (Aftermarket)
Delphi Automotive Systems Netherlands
    (Aftermarket)
Delphi Automotive Systems Poland Sp. Z.o.o.

## EXHIBIT A

Delphi Automotive Systems Portugal (Ponte de Sor)
Delphi Automotive Systems Spain
Delphi Automotive Systems Sungwoo
Delphi Delco Electronics Suzhou
Delphi Delco Liverpool
Delphi Diesel Systems England
Delphi Diesel Systems Ltd England
Delphi Diesel Systems Spain
Delphi Diesel Systems Turkey
Delphi Diesel Systems UK
Delphi Diesel Systems, S. L. Spain
Delphi Harrison Calsonic (France)
Delphi Lockheed Automotiove France (Aftermarket)
Delphi Packard Balcheng, Limited
Delphi Packard Electric Co Ltd (Shanghai)
Delphi Packard Electric Malaysia Sdn Bhd
Delphi Packard Espana
Delphi Saginaw Lingyun Brillance and Palio
Delphi Saginaw Lingyun Jinbel
Delphi Sistemas de Energia (Portugal)
Delphi TVS Diesel Systems Ltd India (Lucas)
Delphi-TVS Diesel Systems Ltd (India)
Delta Dental
Delta Guc
Deltek
Design Solutions
Directed Electronics (formerly Clifford)
DOC/NIST
DOD
DOD TACOM
DOE
DOE/NETL
Dolby Digital
DOT NHTSA
DPL Energy Resources, Inc. dba DPL Energy
DSSCSC China
DSSI
DTE Energy MI
DuraSwitch
East Penn Manufacturing Company
EBD Ventures (Savage Enterprise)
El Paso Electric Co  TX
Electricore Aerovironment
Electromotive
Embedded Technology
Empress Ca-Le de Tiaxcala
Emtech
Entergy (MS Power & Light) USA
EQ-Heritage USA
Ericsson AB
Erie Cnty Dept Environ Serv OH
Exacto (Perfection Spring)

Fabrica De Aparatos De Air Acondicionado (FAACA)
Falcon Asset Securitization Corporation
Famar
Firma Carl Freudenberg KG
Fitel USA Corp. (assigned by Lucent)
Fitzgerald Wtr Lgt&Bond Com GA
Flint (City of)  MI
Flip Chip Technologies
Four Seasons License (Division of Standard Motor)
Fraenkische USA, LP
Gasbarre Products
Gatewat Industries
General Bearings Corporation
General Motors Investment Management Corporation
Georgia Power Company
Giannulli, Thomas
Girlock
GM do Brasil
GM France
GM License Exchange
Gotham Funding Corporation
Green Shield Canada
Health Plus Options Inc
Health Solutions Inc
Hendrick Motorsports
Henry County REMC IN
Heritage Interactive Services USA
HESCO Houston Energy Svcs Co
Hewitt Associates LLC
HTC
Hubei Auto Motor Factory
Hubei Delphi Automotive Generator
Hyundai Motor Company
I.U.P.U.I.
IBM Corporation
Ideal Technology Solutions U.S. Inc
Indiana-American Water Comp
Indiana-Michigan Power Comp IN
Indianapolis Power & Light Co
Industrial Energy Users – Ohio
Inovise Medical, Inc.
Integrated Therapeutics Group, Inc.
Intel Corporation
Intellectual Property Mining (IPM)
Intercall
JLT Services Corporation
John Ross & Associates
Johns Hopkins University
JSP Affiliates
JSP America, Inc.

**EXHIBIT A**

JSP International Ltd.
JSP International s.a.r.l.
JSP Trading, Inc.
Jupiter Securitization Corporation
Kaiser Aluminum and Chemical
Kale Oto Radyator
KDAC (magna steer)
KDAC (Sublicense) Shye Shyang Mechanical
    Industrial
Kitco Fiber Optics
Kokomo Gas & Fuel Company IN
Kokomo Wastewater (City of) IN
KPL (Western Resources) KS
Kuo Yih Hsing Enterprise Co. Ltd (KYHE)
Kyungshin Industrial Company Ltd and Bolim
Lear Corporation
Level 9
Limestone County Commission AL
Limestone County Wtr & Swr AL
LiveDevices Inc
Lockheed Martin Energy Systems (Oak Ridge
    Lab)
Lockport (City of) NY
Lockport Energy Associates NY
Logikos
Lord Corporation
Lord Corporation Supply and Development
    Agreement
Lucent Technologies Inc.
Magic Valley Electric Coop USA
Magnavox Government and Industrial Electronics
    Company
Magnetoelastic Devices
Manzai
Matsushita Electric Corporation of America
Matsushita Electrical Industrial Company
MCI Worldcom Communications, Inc.
Medco Health Solutions Inc
Medstat Group, Inc.
Metlife
Metlife (Dental)
Metropolitan Life Insurance Company
Middle East Battery Company
Mikuni
Miller Engineering Services, Incorporated
Mississippi Power Company
MMT SA
Moldflow Corporation
Monroe County Water Authority NY
Montgomery City San Eng Dept OH
Motores y Aparatos Electricos de Durango S.A.
    de C.V.
Moving Magnet Technologies SA (MMT)

MPEG LA
M-Plan
MRI
NASA
National Foot Care Program, Inc
Navigation Technologies
NCC Liteflex Donation (National Composite
    Center)
NCMS Kinetic Spray
NCMS LAV
NCQA (National Committee for Quality
    Assurance)
New Brunswick (City of) NJ
New York Power Authority
New York State Elec & Gas NY
Nextel
Nextel West Corp.
Niagara Mohawk  NY
Nokia Corporation
North Alabama Gas District AL
North American Philips Corporation
NY State Elec & Gas
Oak Creek (City of) WI
Ohio Edison Company
Oil Chem Inc USA
Olathe (City of) KS
OneOK Energy Marketing OK
Orbital Fluid Technologies
Peng Tan Settlement
Pepco Energy Services, Inc. (PES)
Portage Cnty Wir Resources OH
Premacare
PSE&G NJ
Purdue University
R&D Enterprises
Raufoss ASA
Raytheon Company
Remy International, Inc.
Rineco Chemical Industries USA
Rochester (City of) NY USA
Rochester Gas & Electric NY
Saginaw (City of) Wir & Swr MI
Saginaw Deutschland
Saginaw Norinco Lingyun Drive Shaft
Saginaw Zhejiang Xiao Shan Steering
Samlip Industrial Company
Sanden Corporation
Sanden International
Satyam
SBC Ameritech
SBC Global Services, Inc.
Scantron
Scroll Laboratories, Inc.
SDACC

**EXHIBIT A**

Shanghai Automotive Brake Systems
Shanghai Automotive Brakes Corp.
Shanghai Delco International Battery Company
   Ltd
Shanghai Delphi Auto Air Conditioning Systems
Shanghai Delphi Automotive Door Latch
Shanghai Ek-Chor General Machinery
Shanghai Hezhong Automobile Company (Export
   & Import)
Shanghai Huizhong Automotive Mfg. Co.
Shanghai Saginaw Dongfeng Steering Gear
SHPPS/Health International, Inc.
SkyTel
Societe Francaise Des Ammortisseurs
   (DeCarbon)
Sonceboz SA
Southern California Edison
Sprint
Sprint Spectrum, L.P.
Sprint United
SRI International
Stant Manufacturing (Gates)
State of Indiana
State Street Bank and Trust Company
Steward Inc.
Tai Yue
Takata
TCS
Techcentral LLC
TechSolve
Teknit
Tennessee Valley Authority
Test Products, Inc.
TGI Direct
The Bank of Tokyo-Mitsubishi, Ltd., New York
   Branch
The Regents of the University of Michigan
The Whitaker Corporation
TI Group
Time Warner
Tom Giannulli Inc., dba Caretools, Inc.
Tom Kelley
Toshiba Corporation
Toyota Motor Company
Toyota Motor Corporation
Trilogy Plastics
Tripac International
Troy (City of) MI
Tulsa Utils Svc (City of) OK
TXU Energy Retail Company LP
TXU Energy TX
UBE Industries (America), Inc.
UBE Industries, Ltd.
UBE Machinery Sales

UGC
Unisia Jecs Corporation
United Health Care Insurance Company
USAF/AFRL
Valence Technology Cayman Islands Inc.
Valence Technology Inc.
Value Options, Inc. (Value Behavioral Health)
Vandalia (City of) OH
VDO Control Systems
VDO North America
Verizon
Verizon Wireless
Verizon Wireless
Verizon Wireless Messaging
Warren (City of) Util Srvcs OH
Warren City of Pollution Control
Wayne State University
Whitaker (from Specialty Electronics)
Wisconsin Electric Power Co WI
Wyoming (City of) MI
XM Satellite Radio, Inc.
Yubei Machine Factory
Zenith Fuel Systems
Zhejiang Delphi Asia Pacific Brake (Yatal)
Zoe Medical, Inc.

**(N)**    **SECURED FINANCIAL CREDITORS**

     **See (C) above.**

**(O)**    **LIENHOLDERS AND OTHER
       SIGNIFICANT LENDERS**

   Air Liquide Industrial US LP
   American Equipment Leasing, a division of EAB
      Leasing Corp.
   Ameritech Credit Corporation
   Applied Industrial Technologies, Inc.
   Applied Industrial Technologies-ABC, Inc.
   Applied Industrial Technologies-DBB, Inc.
   Applied Industrial Technologies-Dixie, Inc.
   Applied-Michigan, Ltd.
   Assembleon America Inc.
   Associates Leasing, Inc.
   AW Miller Technical Sales, Inc.
   Bank of Lincolnwood
   Bank One Michigan
   Bank One, NA
   Bell Microproducts, Inc.
   Canon Financial Services Inc.
   Cardinal Machine Company
   Cashcode Company, Inc.
   Centura Bank
   Charmilles Technologies

**EXHIBIT A**

CIT Communications Finance Corporation
CIT Systems Leasing
CIT Technologies Corporation
Citicorp Vendor Finance, Inc.
Commercial Tool & Die, Inc.
Compaq Financial Services Corporation
Computer Sales International, Inc.
Credit Lyonnais, S.A., Cayman Islands Branch
Crown Credit Company
Cupertino National Bank c/o Greater Bay Capital
Daewoo Heavy Industries America Corporation
Dell Financial Services LP
Delphi Automotive Systems Corporation
DRE Depositor Corp.
Fifth Third Bank (Western Michigan)
First Bank of Highland Park
First Bank of Highland Trust
GE Polymerland, Inc.
General Electric Capital Asset Funding
Hitachi Credit America Corp.
Hubbard Supply Company
Husky Injection Molding Systems, Inc.
Icon SPK 2023-A LLC
ICX Corporation
In re: Bobby's Kitchen
Information Leasing Corp.
IOS Capital, LLC
Juki Automation Systems, Inc.
Kensington Capital Corporation
Kyocera Mita America, Inc.
LaSalle Bank National Association
LaSalle National Leasing Corporation
Lease Plan USA, Inc.
Leasenet Group, Inc.
Magid Glove & Safety Mfg. Co. LLC
Makino Inc.
Metlife Capital LP
Miami Industrial Trucks Inc.
Michele D'Andrea
Milacron Marketing Company
Minolta Business Solutions, Inc.
Minolta Business Systems, Inc.
Mori Seiki USA Inc.
Motion Industries Inc.
Motorola Credit Corporation
Motorola, Inc.
Murata Wiedemann Inc.
Northern Michigan Tool Company
OCE Financial Services, Inc.
OCE North America, Inc.
OCE-USA Inc.
Okuma America America Corporation
Omega Tool Corporation
Pacific Rim Capital, Inc.

Pullman Bank & Trust Company
Rave Financial Services Inc.
Relational Funding Corporation
Renaissance Capital Alliance, LLC
Rutherford Cooke et al.
Sentry Financial Corporation
Sentry Financial, Inc.
Shaltz Fluid Power
Southern Pacific Bancapital
TCF Leasing, Inc.
Tennant Financial Services
The Huntington National Bank
The Peltz Group, Inc.
Toshiba American Information Systems Inc.
Toyota Motor Credit Corporation
UMB Bank Colorado, N.A.
Van Dorn Demag Corporation
Varilease Corporation
Wells Fargo Bank Northwest, Trustee
Windsor Mold Inc.
Xel Communications, Inc.

**(P)   MAJOR CUSTOMERS**

Adam Opel AG
Aftermarket
AGco Parts Div-D7e50 Caterpillar
AGco-Jackson Operation
ArvinMeritor
AZ Automotive
Benteler
Best Buy Co. Inc.
BMW
BMW Group
Bosch
Cannon Group Ltd
Caterpillar
Caterpillar-Joliet
Circuit City Stores Inc
Collins & Aikman
Cummins
Daihatsu
DBM Tech.
Delphi – Allied Sales
DK Packaging
Espackdis SA
Fiat Automotives SA
Fiat Group
Ford Group
Fuji Heavy Industries
General Motors de Mexico S de Rl
General Motors de Mexico S Derlspom
General Motors do Brasil Ltda
General Motors Powertrain

**EXHIBIT A**

General Motors S Africa (Pty) Ltd
GM de Argentina S A
GM Espana SA
GM Holden Ltd
GM Powertrain
GM SPO
GMIO
GMNAO
Harley Davidson
HMH Group
Honda
Isuzu Group
Isuzu Motors Europe Ltd
Isuzu Motors Polska Sp Zo O
Johnson Controls
Kautex
Koltec BV
Magna Intier
Mercedes-Benz U.S. International, Inc.
Mitsubishi
Modatek
Napa Dist Center
Navistar International
New Wave Enterprises (Belgium) NV
Nissan
Paccar
Perkins Engines Company Ltd
Power & Signal Group
Promotora
PSA Group
Renault
Rover
Saab Automobile AB
Saab Automobile Parts
Standard Motor Products Inc
Suzuki Group
Toyota
Vauxhall Motors Ltd
Visteon
Volkswagen AG
Volvo Truck
VW Group
Wal-Mart Stores CE
XM Emall LLC
Yorozu

**(Q)    MAJOR SUPPLIERS**

A Agrati SPA
AASP – PA
AB SKF
Aceralia Tubos SL
Acome Societe Cooperative De Produc
Advanced Micro Devices

Affinia Group Holdings Inc
AFX
Agfa Corporation
Agfa-Gevaert N.V.
Agilent Tech. (M) Sdn Bhd
Aksys, Ltd.
Alcan Inc
Allevard Springs Ltd
Alpine Group Inc, The
Aluminum Co of America
Amak Brake LLC
American Discount Supply, Inc.
American President Lines Ltd
Amphenol Corp
Amtek Engineering Ltd
Analog Devices GmbH
Analog Devices Inc
Android Industries LLC
Aplicaciones de Metales Sinterizado
Applied Biosystems
ARC Automotive Inc
Arnold Transportation
Asahi Glass Co
ASEC Manufacturing Sales
Austria Microsystems AG
Autocam Corp
Autoliv ASP Inc
Automatizacion y  Disenos
Automotive Traning Schools
B&A Enterprises
BAX Global
BBK Ltd
Benteler Automotive
Berger GmbH & Co Holding KG
Bing Metals Group Inc
Binter SA
Bitron Industrie SpA
Boco Pty Ltd
Bosch Automotive Systems Corp
Brazeway Inc
Brite Smile
Brite Smile Center
British Vita PLC
BTV Holding GmbH
Bus Electronik Gmbh
Calsonic Corp
Cambrex Bio Science
Cami
Campbell Marshall E Co
Cardinal Health
Cardinal Health Canada 301, Inc
Carlisle Companies Inc
Carringworth Ltd
Carter Group Canada Inc

**EXHIBIT A**

| | |
|---|---|
| Caterpillar Engine Systems | Georg Fischer AG |
| Centra Inc | Giovanni Agnelli EC SAPA |
| CF Gomma SPA | GKN PLC |
| CIE Automotive SA | GM – AC Delco |
| Clarion Corp Of America | GM Daewoo Auto & Technology Co |
| Coinstar | Great Lakes Tape Corp |
| Commissariat a l'Energie Atomique | Green, Ernie Industries Inc |
| Compagnie Industrielle de Delle | Groupe Rencast |
| Contech | Haemoscope Corporation |
| Continental Gummi-Werke AG | Handy & Harman |
| Corus LP | Hanwha Corp Poun Plt |
| CTS Corp | Helicor, Inc. |
| Curiel Estrada Jorge | Hella Kgaa Hueck & Co |
| Cyro Industries | Henkel KGAA |
| D&R Technology LLC | Hennessey Capital Solutions |
| Daewoo Heavy Industry America | Hewlett-Packard Co.-Roseville |
| Dayco Products LLC | Hewlett-Packard Company |
| DBG Tool & Machine | Hewlett-Packard GmbH |
| Deloitte & Touche | Hewlett-Packard Singapore |
| Denso International America | Hewlett-Packard/San Jose |
| DHL Danzas Air & Ocean | Hinojosa Ramos Jesus Alfredo |
| Direct Sourcing Solutions | Hitachi Automotive |
| DMC 2 Canada Corporation | Hitachi Chemical Asia Pacific |
| Dove Equipment Co Inc | Holden Ltd |
| Dr Johannes Heidenhain-Stiftung GmbH | H-P Asia Pacific Pte. Ltd. |
| DTE Coal Services | HP Financial Services Cntr. |
| Duluth Services | HP International SARL |
| E I Dupont de Nemours & Co Inc | HP Smartbuy |
| Eco-Bat America LLC | HPC Engineering PLC |
| Egelhof SA | HP-Colorado Springs |
| Ekm-Knobloch GmbH | HP-FORT COLLINS |
| Elgin Industries | HP-San Diego HID |
| Engelhard Corporation | HSS LLC |
| Engineered Plastic Components Inc | Hub Group Associates Inc |
| Enricau Cesar Vuarchex Industries | Hubert Stueken GmbH |
| Epcos AG | Hyo Seong Electric Co Ltd |
| Essex Group Inc | IAPA |
| Everest Biomedical Instruments | Ina-Schaeffler KG |
| Federal Express Corporation | Inogen |
| Federal Mogul Corp | Inotherapeutics |
| Fedex Trade Networks | Intec Group |
| Feintool International Holding | Interamerican Trade Corp |
| Fernandez Racing LLC | Intermet Corporate |
| Fibrax Ltd | International Rectifier Corp |
| Folketrygdfondet | International Truck & Engine |
| ForHealth Technologies, Inc. | Inzi Controls Co Ltd |
| Fountain Construction Co | ISI of Indiana Inc |
| Freescale Semiconductor Inc | Ispat International NV |
| Fujitsu Ltd | ITW Shakeproof Automotive |
| Furukawa Electric Co Ltd | ITW Tomco |
| Futaba Corp | JCI |
| Gambari International | Johann Albert Freund |
| GE Medical Systems | John Deere |
| General Electric Capital | Johnson Matthey Plc |

**EXHIBIT A**

| | |
|---|---|
| Jvs Eqtos P/Autom Indl Ltda | NuVasive, Inc. |
| Kataman Metals Inc | Ogura Corp |
| Keller Group Inc | OKI Semiconductor |
| Key Safety Systems Inc | Olin Corp |
| KLA Tencor Corp | Omega Automation Inc |
| Koa Speer Electronics Inc | Omron Corp |
| Koninklijke Philips Electronics NV | Onex Corp |
| Koyo Seiko Co Ltd | Ontario Holding International Bv |
| KPMG LLP | Ophthonix, Inc. |
| KS Centoco | Pacific Group Ltd |
| L-3 Communications | Paid Prescriptions LLC |
| Leaseway Transfer Pool | Pam Dedicated Inc |
| LeftHand Networks | Panasonic Automotive |
| Leoni AG | Parker Hannifin Corp |
| Lexington Connector Seals | Particle Measuring Systems Inc |
| Lexington Precision Corp | PBR Automotive USA LLC |
| Littelfuse Inc | PBR Columbia LLC |
| LS Cable Ltd | PEK Co Ltd |
| Lunal | Philips Semiconductors |
| M&Q Plastic Products Inc | Pioneer Corp |
| Madison-Kipp Corp | Pixley Richards Holding Inc |
| Marian, Inc | PJAX |
| Matco Tools | Plansee Holding AG |
| Meadwestvaco Corp | Plasco Inc |
| Mecaplast | Plymouth Rubber Co Inc |
| Medical Simulation Corporation | Point 5 Technologies |
| Medrad | Point Dedicated Services |
| Medtronic Navigation | Pollak Engineered Products |
| Melling Tool Company | Precision Turbo & Engine Reb. |
| Metal Blanc SA | Pressac |
| Metaldyne Corporation | Prettl de Mexico SA de CV |
| Methode Electronics Inc | Progressive Moulded Products Ltd |
| Michael Baker, Inc. | Protrans International Inc |
| Microchip Technology Inc | PT Infineon Technologies Batam |
| Microsoft Services | Republic Engineered Products Inc |
| Minebea Co Ltd | Rescue Technology |
| Mitsubishi Electric | Reviva |
| Motorola Automotive | Robert Bosch Corporation |
| MSX International Inc | Robin Industries Inc |
| Muhr und Bender KG | Rohm Co Ltd |
| Multitronics Inc | RSR Corporation |
| Murata Manufacturing Co Ltd | Ryder Integrated Logistics |
| Nabco Inc | S.E. Power Systems Orlando |
| National Auto Radiator | SA Dehuit |
| National Logistics | Samtech |
| National Semiconductor | Sansho Giken Co Ltd |
| NEC Electronics Inc | SAS Comte |
| Niles Co Ltd | Schulte & Co Gmbh |
| Ningbo Huaxiang Electronic Co Ltd | Securitas Security |
| Nissho Iwai American Corp | Selectron Corp |
| Niton Corporation | Senko America Corporation |
| Noranda | Sensus Precision Die Casting Inc |
| Norandal USA INC | Serigraph Inc |
| North American Operations | Setech Inc |

**EXHIBIT A**

Setforge
SGS Thomson
Shanghai Ming Fang Autoparts Co Ltd
Siemens Automotive Ltd
Sirva Relocation
Societe Industrielle de Sonceboz SA
Sony Ericsson Mobile
Spartech Corp
Spirent Plc
SPX Corp
Stelco GmbH Electronic Components
Stmicroelectronics Holding NV
Stoba Praezisionstechnik GmbH & Co
Storage Tek
Sumitomo Electric Industries Ltd
Sun Refining & Marketing
Sunrise Medical HHG, Inc.
Sunrise Medical Ltd
Syncron-Eifler Ipari Es Kereskedelm
Taigene Electric Machinery Co Ltd
Taiho Corporation Of Europe Kft
Tamsco, Inc. (US Gov't)
Tata America Intnl Corp
Tawas Industries Inc
Technitrol Inc
Technologia Modificada SA de Caterpiller
Teklas Kaucuk Sanayi Ve Ticaret AS
Teknia Manufacturing Group SL
The Swatch Group
Thevenin (Fonderie)
Tire Industry Foundation
Tokico Ltd
Tomkins PLC
Torrington Co
Total SA
Toyo Clutch Co Inc
Toyota Tsusho Corp
TPG Advisors Inc
Trelleborg AB
Trianon Industries Corp
TRW Automotive Holdings Corp
Tyco Electronics Corp
Tyco International Ltd
UBS AG
Umicore SA
Unigraphics Solutions Inc
US Steel Corporation
USA Technologies, Inc.
UVA Machine Company
Valeo Climate Control USA
Valeo SA
Valley Trucking Co Inc
Vallourec
Vanguard Distributors Inc

Verilink Corporation
Viasystems Canada Inc
Victory Packaging Inc
Vishay Intertechnology
Visteon Automotive Systems
Volvo do Brazil Veiculos Ltda.
Volvo Parts North America, Inc.
Wanxiang Group Corp
Waupaca Foundry Inc
Wheeler Brothers Inc.
WHX Corp
Wiederholt GmbH Vincenz
Wieland Werke AG
Wilh Werhahn
Wren Industries Inc
Yazaki Corp
Zeppelin-Stiftung

**(R)    LETTER OF CREDIT ISSUERS AND
BENEFICIARIES**

C.N.A.
Federal Environmental Protection Agency
Fraccionadora Industrial del Norte, S.A. de C.V.
GMACCM Asset Management de Mexico
Michigan Department of Environmental Quality
New Jersey Environmental Protection Agency
Ohio Environmental Protection Agency
Orange County Health Care Agency
ProLogis-Juarez (2) Investment, LLC
Reliance Insurance Company
RLI Surety
Safeco Insurance
State of Alabama Dept of Industrial Relations
State of Georgia, Workers' Compensation Board
State of Kansas, Workers' Compensation Board
State of New York, Workers' Compensation
    Board
Toronto Dominion Bank

**(S)    STATE AND OTHER GOVERNMENTAL
AUTHORITIES WITH AN INTEREST IN
THE COMPANY**

ADEM – Water Division – Compliance Unit of
    Ground Water Branch (Alabama)
ADEQ Tanks Program Division – Inspection and
    Compliance Unit (Arizona)
Air Resources Board (ARB) (California)
Alabama Department of Environmental
    Management (ADEM)
Arizona Department of Environmental Quality
    (ADEQ)

**EXHIBIT A**

California Environmental Protection Agency:
  (Cal EPA)
Certified Unified Program Agencies (CUPA)
  (California)
Colorado Department of Public Health and
  Environment (DPHE)
Department of Toxic Substances Control
  (California)
Georgia Department of Natural Resources
IDEM – Office of Land Quality (Indiana)
Illinois Environmental Protection Agency
Indiana Department of Environmental
  Management (IDEM)
Integrated Waste Management Board (CIWMB)
  (California)
Internal Revenue Service
Kansas Department of Health & Environment
KDHE – Bureau of Environmental Remediation –
  Storage Tank Section (Kansas)
Kentucky Environmental and Public Protection
  Cabinet
Minnesota Pollution Control Agency
Mississippi Department of Environmental Quality
Missouri Department of Natural Resources
New Jersey Department of Environmental
  Protection
New York State Department of Environmental
  Conservation (NYSDEC)
NYSDEC
Office of Environmental Health Hazard
  Assessment (OEHHA) – Prop 65 (California)
Ohio Department of Commerce
OHSA
Oklahoma Corporate Commission
Oklahoma Department of Environmental Quality
Pennsylvania Department of Environmental
  Protection
Pension Benefit Guaranty Corporation (PBGC)
Regional Air Pollution Control Agency (RAPCA)
  (Ohio)
South Carolina Department of Health and
  Environmental Control
State Department of Health Services, Office of
  Drinking Water (California)
State Regional Water Quality Control Boards
  (California)
State Water Resources Control Board (SWRCB)
  (California)
Tennessee Department of Environmental &
  Conservation
Texas Commission on Environmental Quality
U.S. Department of Transportation
U.S. Environmental Protection Agency
Wisconsin Department of Natural Resources

**(T)    UNIONS REPRESENTING COMPANY
EMPLOYEES**

AFL-CIO Local 755
AW Local 286
EAST – Electronic and Space Technicians
EAST Local 1553
Electronic and Space Technicians Local 1553
IAM & AW – International Association of
  Machinists and Aerospace Workers
IAM Local 78
IBEW – International Brotherhood of Electrical
  Workers
IBEW Local 663
International Association of Machinists, AFL-
  CIO Tool and Die Makers Lodge 78
International Brotherhood of Electrical Workers,
  AFL-CIO Local 663
International Union of Operating Engineers Local
  101-S
International Union of Operating Engineers Local
  18-S
International Union of Operating Engineers,
  Local No. 101
International Union, United Automobile,
  Aerospace and Agricultural Implement
  Workers of America (UAW)
IUE Local 1111
IUE Local 416
IUE Local 698
IUE Local 709
IUE Local 711
IUE Local 717
IUE Local 718
IUE Local 755
IUE Local 801
IUE, AFL-CIO Local 698
IUE, AFL-CIO Local 711
IUE, AFL-CIO Local 718IUE
IUE-CWA – International Union of Electronic,
  Electrical, Salaried, Machine & Furniture
  Workers – Communications Workers of
  America
IUE-CWA Local 1111
IUE-CWA Local 416
IUE-CWA Local 709
IUE-CWA, AFL-CIO Local 801
IUE-CWA, AFL-CIO,CLC Local 717
IUE-CWA, The Industrial Division of the
  Communications Workers of America, AFL-
  CIO, CLC
IUOE – International Union of Operating
  Engineers

**EXHIBIT A**

IUOE Local 832S
UAW – United Automobile, Aerospace and
   Agricultural Implement Workers of America
UAW Amalgamated Local 292
UAW Amalgamated Local 686
UAW Local 1021
UAW Local 1097
UAW Local 167
UAW Local 1866
UAW Local 2031
UAW Local 2083
UAW Local 2151
UAW Local 2157
UAW Local 2188
UAW Local 2190
UAW Local 2195
UAW Local 286
UAW Local 292
UAW Local 438
UAW Local 467
UAW Local 651
UAW Local 662
UAW Local 686, Unit 19
UAW Local 696
UAW Local 699
UAW Local 913
UAW Local 969
UAW, International Union, United Automobile,
   Aerospace and Agricultural Implement
   Workers of America
United Steelworkers of America
United Steelworkers of America AFL-CIO/CLC,
   Local Union 87
USW Local 87
USWA – United Steelworkers of America AFL-
   CIO/CLC

**(X)   OTHER MISCELLANEOUS INTERESTED
PARTIES**

Consumer Electronic Product Line
Vehicle Electronic Product Line

## EXHIBIT B

This information is being provided in connection with the Affidavit of PATRICK N. KARPEN in Support of the Application for Order Authorizing the Retention and Employment of KPMG LLP as Tax and Transaction Services Advisors to the Debtors.  KPMG LLP currently performs (or has previously performed) accounting, tax advisory or consulting services, in matters unrelated to this Chapter 11 case, for the following entities, or has connections or relationships with the following entities:

### A. 1.  Debtors
ASEC Manufacturing General Partnership
ASEC Sales General Partnership
Aspire, Inc.
Delco Electronics Overseas Corporation
Delphi Automotive Systems (Holding), Inc.
Delphi Automotive Systems Global (Holding), Inc.
Delphi Automotive Systems Human Resources LLC
Delphi Automotive Systems International, Inc.
Delphi Automotive Systems Korea, Inc.
Delphi Automotive Systems LLC
Delphi Automotive Systems Overseas Corporation
Delphi Automotive Systems Risk Management Corp.
Delphi Automotive Systems Services LLC
Delphi Automotive Systems Tennessee, Inc.
Delphi Automotive Systems Thailand, Inc.
Delphi China LLC
Delphi Connection Systems
Delphi Diesel Systems Corp.
Delphi Electronics (Holding) LLC
Delphi Foreign Sales Corporation
Delphi Integrated Service Solutions, Inc.
Delphi International Holdings Corp.
Delphi International Services, Inc.
Delphi Liquidation Holding Company
Delphi LLC
Delphi Mechatronic Systems, Inc.
Delphi Medical Systems Colorado Corporation
Delphi Medical Systems Corporation
Delphi Medical Systems Texas Corporation
Delphi NY Holdings Corporation
Delphi Services Holding Corporation
Delphi Technologies, Inc.
DREAL, Inc.
Environmental Catalysts, LLC
Exhaust Systems Corporation
Packard Hughes Interconnect Company
Specialty Electronics, Inc.
Specialty Electronics International Ltd.

### A.2.  Affiliates and Non-Debtor Subsidiaries
AMBRAKE Corporation
Ambrake GP, Inc.
Ambrake Manufacturing, Ltd.
CEI Co., Ltd.
Delco Electronics LLC

## EXHIBIT B

Delphi Automotive Systems - Ashimori LLC
Delphi Furukawa Wiring Systems LLC
Delphi Receivables LLC
Delphi Trust I
Delphi Trust II
Delphi Trust III
Delphi Trust IV
EnerDel, Inc.
HE Microwave LLC
InPlay Technologies, Inc.
MobileAria, Inc.
PBR Knoxville L.L.C.
BlueStar Battery Systems International Corp.
Daewoo Motor Co., Ltd.
Delphi Calsonic Compressors, S.A.S.
Delphi de Mexico, S.A. de C.V.
Grundig Car InterMedia System GmbH
Alambrados y Circuitos Eléctricos, S.A. de C.V.
Arcomex S.A. de C.V.
Arneses Electricos Automotrices, S.A. de C.V.
AS Catalizadores Ambientales S.A. de C.V.
ASEC Manfacturing (Thailand) Ltd.
ASEC Private Limited
Ashimori Industry Co., Ltd.
Autoensambles y Logistica, S.A. de C.V.
Beijing Delphi Technology Development Company, Ltd.
Beijing Delphi Wan Yuan Engine Management Systems Company, Ltd.
BGMD Servicos Automotivos Ltda.
Bujias Mexicanas, S.A. de C.V.
Cablena, S.L
Calsonic Harrison Co., Ltd.
Centro Técnico Herramental, S.A. de C.V.
Closed Joint Stock Company PES/SCC
Controladora Chihuahuense, S. de R.L. de C.V.
Controladora de Alambrados y Circuitos Eléctricos, S. de R.L. de C.V. (Mexico)
Controladora de Alambrados y Circuitos, S. de R.L. de C.V. (Mexico)
Controladora de Rio Brave, S. de R.L. de C.V. (Mexico)
Controladora Vesfron, S. de R.L. de C.V. (Mexico)
Cordaflex Espana, S.A. (Spain)
Cordaflex, S.A. de C.V. (Mexico)
Daehan Electronics Yantai Co., Ltd. (Peoples Republic of China)
Daesung Electric Co., Ltd. (Korea)
Del Tech Co., Ltd. (Korea)
Delphi (China) Technical Centre Co. Ltd. (Peoples Republic of China)
Delphi Administración, S.A. de C.V. (Mexico)
Delphi Alambrados Automotrices, S.A. de C.V. (Mexico)
Delphi Automotive Systems - Portugal S.A. (Portugal)
Delphi Automotive Systems (China) Holding Company Limited (Peoples Republic of
China)
Delphi Automotive Systems (Netherlands) B.V. (Netherlands)
Delphi Automotive Systems (Thailand) Ltd. (Thailand)
Delphi Automotive Systems Australia Ltd. (Australia)
Delphi Automotive Systems Cinq SAS (France)
Delphi Automotive Systems Deutschland Verwaltungs GmbH (Federal Republic of
Germany)
Delphi Automotive Systems do Brasil Ltda. (Brazil)
Delphi Automotive Systems Espana S.L. (Spain)

## EXHIBIT B

Delphi Automotive Systems Holding GmbH (Austria)
Delphi Automotive Systems Huit SAS (France)
Delphi Automotive Systems Japan, Ltd. (Japan)
Delphi Automotive Systems Limited Sirketi (Turkey)
Delphi Automotive Systems Luxembourg S.A. (Luxembourg)
Delphi Automotive Systems Maroc (Morocco)
Delphi Automotive Systems Neuf SAS (France)
Delphi Automotive Systems Philippines, Inc. (Philippines)
Delphi Automotive Systems Private Ltd. (India)
Delphi Automotive Systems Singapore Investments Pte. Ltd. (Singapore)
Delphi Automotive Systems Singapore Pte Ltd. (Singapore)
Delphi Automotive Systems Sweden AB (Sweden)
Delphi Automotive Systems UK Limited (England and Wales)
Delphi Automotive Systems Vienna GmbH (Austria)
Delphi Automotive Systems, S.A. de C.V. (Mexico)
Delphi Automotive Systems/Ashimori de Mexico, S.A. de C.V. (Mexico)
Delphi Automotive Systems-Portugal S.A. (Portugal)
Delphi Belgium N.V. (Belgium)
Delphi Cableados, S.A. de C.V. (Mexico)
Delphi Canada Inc. (Ontario)
Delphi Catalyst South Africa (Proprietary) Limited (South Africa)
Delphi Connection Systems - Tijuana, S.A. de C.V. (Mexico)
Delphi Controladora, S.A. de C.V. (Mexico)
Delphi Czech Republic, k.s. (Czech Republic)
Delphi Daesung Wuxi Electronics Co., Ltd. (Peoples Republic of China)
Delphi Delco Electronic Systems Suzhou Co., Ltd. (Peoples Republic of China)
Delphi Delco Electronics de Mexico, S.A. de C.V. (Mexico)
Delphi Delco Electronics Europe GmbH (Federal Republic of Germany)
Delphi Deutschland GmbH (Federal Republic of Germany)
Delphi Deutschland Technologies GmbH (Federal Republic of Germany)
Delphi Diesel Body Systems Mexico, S.A. de C.V. (Mexico)
Delphi Diesel Systems Corporativo IDSA, S.A. de C.V. (Mexico)
Delphi Diesel Systems do Brasil Ltda. (Brazil)
Delphi Diesel Systems France SAS (France)
Delphi Diesel Systems Korea Ltd. (Korea)
Delphi Diesel Systems Limited (England and Wales)
Delphi Diesel Systems Pakistan (Private) Limited (Pakistan)
Delphi Diesel Systems Pension Trustees Limited (England and Wales)
Delphi Diesel Systems S.L. (Spain)
Delphi Diesel Systems Service Mexico, S.A. de C.V. (Mexico)
Delphi Electronic Suzhou Co. Ltd. (Peoples Republic of China)
Delphi Ensamble de Cables y Componentes, S. de R.L. de C.V. (Mexico)
Delphi France Holding SAS (France)
Delphi France SAS (France)
Delphi Harrison Calsonic, S.A. (France)
Delphi Holding GmbH (Austria)
Delphi Holding Hungary Asset Management Limited Liability Company (Hungary)
Delphi Holdings Luxembourg S.ar.l. (Luxembourg)
Delphi Insurance Limited (Ireland)
Delphi Interior Systems de Mexico, S.A. de C.V. (Mexico)
Delphi International Holdings Corporation Luxembourg S.C.S. (Luxembourg)
Delphi Italia Automotive Systems S.r.l. (Republic of Italy)
Delphi Korea Corporation (Korea)
Delphi Lockheed Automotive Limited (England and Wales)
Delphi Lockheed Automotive Pension Trustees Limited (England and Wales)
Delphi Otomotiv Sistemleri Sanayi ve Ticaret Anonim Sirket (Turkey)
Delphi Packard Austria GmbH & Co. KG (Austria)

## EXHIBIT B

Delphi Packard Electic Sielin Argentina S.A. (Argentina)
Delphi Packard Electric (Malaysia) Sdn. Bhd. (Malaysia)
Delphi Packard Electric Ceska Republika, S.R.O. (Czech Republic)
Delphi Packard Electric Systems Company Ltd. (Peoples Republic of China)
Delphi Packard España, SLU (Spain)
Delphi Packard Hungary Kft (Hungary)
Delphi Packard Romania SRL (Romania)
Delphi Poland S.A. (Poland)
Delphi Polska Automotive Systems Sp. z.o.o. (Poland)
Delphi Saginaw Lingyun Drive Shaft Co., Ltd. (Peoples Republic of China)
Delphi Saginaw Steering Systems UK Limited (England and Wales)
Delphi Shanghai Dynamics and Propulsion Systems Co. Ltd. (Peoples Republic of
China)
Delphi Sistemas de Energia, S.A. de C.V. (Mexico)
Delphi Slovensko s.r.o. (Slovak Republic)
Delphi Tychy Sp. z.o.o. (Poland)
Delphi-Calsonic Hungary Manufacturing Limited Liability Company (Hungary)
Delphi-TVS Diesel Systems Ltd. (India)
DEOC Pension Trustees Limited (England and Wales)
Diavia Aire, S.A. (Spain)
Electrotecnica Famar S.A.C.I.I.E. (Argentina)
Famar do Brasil Comercio e Representacao Ltda. (Brazil)
Famar Fueguina, S.A. (Argentina)
FUBA Automotive GmbH & Co. KG (Federal Republic of Germany)
Gabriel de Mexico, S.A. de C.V. (Mexico)
Grundig Sistemas de Electronica Lda., Portugal (Portugal)
Holdcar S.A. (Argentina)
Inmobiliaria Marlis, S.A. (Mexico)
Inmuebles Wagon, S.A. (Mexico)
Interessengemeinschaft fur Rundfunkschutzrechte GmbH Schutzrechtsverwertung & Co. KG (Federal
Republic of Germany)
Katcon, S.A. de C.V. (Mexico)
KDAC (Thailand) Company Limited (Thailand)
KDS Company, Ltd. (Korea)
Korea Delphi Automotive Systems Corporation (Korea)
Korea Technology Bank Network (Korea)
Liverpool Branch of Delco Electronics Overseas Corporation
Mecel AB (Sweden)
Moscow Branch of Delphi Automotive Systems Overseas Corporation
Noteco Comércio e Participacoes Ltda. (Brazil)
NSK Ltd. (Japan)
On Se Telecom Co. Ltd. (Korea)
P.T. Delphi Automotive Systems Indonesia (Indonesia)
Packard Korea Incorporated (Korea)
Productos Delco de Chihuahua, S.A. de C.V. (Mexico)
Promotora de Partes Electricas Automotrices S.A. de C.V. (Mexico)
PROSTEP AG (Federal Republic of Germany)
Proveedora de Electricidad de Occidente, S.A. de C.V. (Mexico)
Quingdao Daesung Electronic (Peoples Republic of China)
Qingdao Daesung Electronic
Rio Bravo Eléctricos, S.A. de C.V. (Mexico)
Shanghai Delco Electronics & Instrumentation Co., Ltd. (Peoples Republic of China)
Shanghai Delphi Automotive Air-conditioning Systems Co., Ltd. (Peoples Republic of
China)
Shanghai Delphi Emission Control Systems Company, Ltd. (Peoples Republic of China)
Shanghai-Delphi Automotive Door Systems Co., Ltd. (Peoples Republic of China)
Shengyang Huali Automotive Air-conditioning Co. Ltd. (Peoples Republic of China)

## EXHIBIT B

Sistemas Electricos y Conmutadores, S.A. de C.V. (Mexico)
Speciality Electronics (Singapore) Pte Ltd. (Singapore)
Taiwan Representative Office of Delphi Automotive Systems International, Inc. (Peoples Republic of China)
TECCOM GmbH (Federal Republic of Germany)
TecDoc Information Systems GmbH (Federal Republic of Germany)
Termoelectrica del Golfo, S. de R.L. de C.V. (Mexico)
Thailwil, Switzerland Branch of Delphi International Services, Inc.
Unterstutzungsgesellschaft der Kabelwerke Reinshagen GmbH (Federal Republic of Germany)
Wuhan Shenlong Automotive Air-conditioning Co. Ltd. (Peoples Republic of China)
Yeon Kyung Electronics Co., Ltd. (Korea)

**B. Former Officers and Directors (For the Past Three Years)**
Andrew Brown, Jr.
Bette M. Walker
Brian P. O'Neill
David  J. Jones
John D. Opie
Jose Maria Alapont
R. David Nelson
Richard Brown
Robert C. Walker
Robert Katz, Esq.
Robert S. Miller Jr.
Roger S. Penske

**C. All Lenders (including Current and Former Agents Under Credit Facilities and Their Counsels and Financial Advisors)**
A3 Funding LP
ABN AMRO Bank N.V.
American Express Certificate Company
AMMC CLO III, Limited
AMMC CLO IV, Limited
Aslan Capital Master Fund, LP
Atlas Capital Funding, Ltd.
Atrium IV
Aurum CLO 2002-1 Ltd
Australia and New Zealand Bank Group
Banca Nazionale Del Lavoro SpA, New
Banco Bilbao Vizcaya Argentaria, S
Banco Santander Central Hispano S.A.
Bank of China Luxembourg SA
Bank of New York
Bank of Nova Scotia
Bank of Tokyo Mitsubishi Company
Barclays Bank PLC
Bear Stearns Investment Products
Black Diamond Offshore Limited
Blue Square Funding Ltd. Series 3
BNP Paribas

## EXHIBIT B

Bryn Mawr CLO, Ltd
Callidus Debt Partners CDO Fund I
Canpartners Investments IV LLC
Canyon Capital
CapitalSource Finance LLC
Cargill Financial Services Intl. Inc.
Castle Hill III CLO, Limited
Castle Hill II-Ingots, Ltd.
Castle I-Ingots, Ltd.
Celerity CLO Ltd
Citadel Hill 2000 Ltd.
Citibank N.A.
Citicorp USA Inc.
Citigroup Financial Products Inc.
Comerica Bank Michigan
Commerzbank Aktiengesellschaft New
Credit Industriel et Commercial
Credit Suisse, New York & Cayman Islands
CSAM Funding IV
C-Squared CDO Ltd.
Cypresstree Claif Funding LLC
D.K. Acquisition Partners, L.P.
Deutsche Bank AG
Diversified Investors High Yield
ELF Funding Trust I
Employers Insurance of Wausau
Flagship CLO
Fifth Third Bank, Eastern Michigan
Fortis Bank SA NV Cayman Island Branch
Galaxy CLO 2003-1, Ltd.
Galaxy III CLO, Ltd.
Galaxy IV CLO, Ltd.
Galaxy V CLO, Ltd.
General Electric Capital Corporation
Gleneagles CLO Ltd.
Goldman Sachs Credit Partners L.P.
Gulf Stream - Compass CLO 2004-1, Ltd.
Gulf Stream - Compass CLO 2005-1, Ltd.
HBK Master Fund L.P.
IDS Life Insurance Company
ING Capital LLC
ING Investment Management CLO I, Ltd.
ING Prime Rate Trust
ING Senior Income Fund
Investors Bank and Trust Co
Katonah II, Ltd.
Katonah III, Ltd.
Katonah IV, Ltd.
KeyBank National Association
KKR Financial CLO 2005-1, Ltd.
KZH Pondview LLC

## EXHIBIT B

KZH Soleil LLC
KZH Soleil-2 LLC
Lehman Commercial Paper, Inc.
LibertyView Loan Fund, LLC
Lincoln National Life Insurance Co.
Lispenard Street Credit (Master)
Market Square CLO Ltd.
Metropolitan West High Yield Bond
Metropolitan West Strategic Income
Mizuho Corporate Bank Ltd. fka DKB
Mountain Capital CLO II Ltd.
Mountain Capital CLO IV, Ltd.
National City Bank
Oak Hill Credit Alpha Fund (Offshore)
Oak Hill Credit Alpha Fund LP
Oak Hill Credit Partners I, Limited
Oak Hill Credit Partners II, Limited
Oak Hill Credit Partners III, Limited
Oak Hill Credit Partners IV, Limited
Oak Hill Securities Fund II, L.P.
Oak Hill Securities Fund, L.P.
OCM High Yield Plus Fund LP
Octagon Investment Partners IV, Ltd
Octagon Investment Partners V, Ltd.
Octagon Investment Partners VI, Ltd
Octagon Investment Partners VII, Ltd
PIMCO Floating Income Fund
PIMCO Floating Rate Income Fund
PIMCO Floating Rate Strategy Fund
PIMCO High Yield Fund
Pioneer Floating Rate Trust
PNC Bank, N.A.
Principal Life Insurance Company
Prospect Funding I, LLC
Protective Life Insurance Company
Putnam Floating Rate Income Fund
Putnam High Yield Advantage Fund
Putnam High Yield Trust
Putnam Variable Trust High Yield Fund
Q Funding III LP
Quadrangle Master Funding Ltd
Quattro Distressed Opportunity Fund
Quattro Fund Ltd
Quattro Multi-Strategy Master Fund
R2 Top Hat, Ltd.
Salomon Brothers Variable Rate
Satellite Senior Income Fund II
Satellite Senior Income Fund, LLC
Saturn Trust
SEI Institutional Managed TST
Seneca Capital, L.P.

## EXHIBIT B

Sequils Ing I, Ltd.
Simpson Thacher & Bartlett LLP
SMBC MVI SPC
Societe Generale SA New York
Special Situations Investing Group
SRI Fund LP
Stanfield Arbitrage CDO, Ltd.
Stanfield Bristol CLO, LTD.
Stanfield Carrera CLO, Ltd.
Stanfield Vantage CLO Ltd.
Sumitomo Mitsui Banking Corporation
SunTrust Bank Atlanta
TCW Select Loan Fund, Limited
TCW Senior Secured Loan Fund LP
The Foothill Group Incorporated
The Hartford Floating Rate Fund
The Royal Bank of Scotland PLC
Thrivent High Yield Fund
Thrivent High Yield Fund II
Thrivent High Yield Portfolio
Thrivent High Yield Portfolio II
TRS Callisto LLC
TRS Leda LLC
TRS Thebe LLC
UBS Loan Finance LLC
UFJ Bank Limited
Vulcan Ventures, Inc.
Wells Capital Management-12831400
Wells Capital Management-13702900
Wells Capital Management-13823100
Wells Capital Management-13923602
Wells Capital management-14945000
Wells Capital Management-16017000
Wells Capital Management-16463700
Wells Capital Management-16896700
Wells Capital Management-16959700
Wells Capital Management-17299500
Western Asset Floating Rate

### D. Insurers
Cole Managed Vision
Saturn Trust
Special Situations Investing Group
ACE American Insurance Company
ACE Insurance Co.
ACE USA
AIG Excess Casualty, N.A. (Lexington)
AIG Worldsource
Allianz
Allied World Assurance Company, Ltd.
Amerada Hess Corporation

## **EXHIBIT B**

American Home Assurance Co. (AIMA)
AON
Arch Insurance (Bermuda) Limited
Arch Insurance Group
AWAC
AXIS
Axis Reinsurance Company
Chubb Custom Insurance
Chubb Specialty Insurance
CNA Financial Insurance
CNA Insurance Companies
Columbia Casualty Company (CNA)
Continental Casualty Co. (CNA)
Coral Energy Resources, L.P.
East Ohio Gas Co.
Federal Ins. Co. (Chubb)
GEP
Great American
Gulf Underwriters Insurance Company
Hannover Re
Hanseatic Insurance Company (Bermuda) Ltd.
HDI
Indiana Gas Company
IRI
Lexington Insurance Company (AIG American International
Companies)
Liberty Mutual
Lloyds of London
Marsh USA, Inc. (Broker)
National Union Fire Ins. Co. (AIG)
National Union Fire Insurance Company of Pitts., PA (AIG
American International Companies)
Sequent Energy Services
St. Paul (Bermuda), Ltd.
St. Paul Fire & Marine Insurance Company
Starr Excess Liability Insurance International Limited
Swiss Re Insurance Company Ltd.
Tokio Marine
Twin City Fire (Hartford)
UGI Energy Services
United States Aviation Insurance Group (USAIG and others)
USAIG
Vectren Energy
XL U.S..
Zurich American Insurance Company

**E. Professionals (Attorneys, accountants, investment
bankers, consultants for the past three years) [Excluding
those Professionals that Charge less than $100,000.00 in
Annual Fees]**
AIT GROUP
Ariba

## EXHIBIT B

ASI (American Suppliers Institute)
ASI Consulting Group LLC
ASI LLC
ASI, Shainin (ICIM)
AT Kearney
AVL North America Inc
Baker & Daniels
Baker & McKenzie LLP
Baker Botts LLP
Balch & Bingham LLP
Burson Marsteller
Butzel, Long
Carquest
Clark Consulting
CSFB
Danzas AEI Customs Brokerage Services
Danzas AEI International
Dave Trella/Menlo Logistics
Deloitte Touche Tohmatsu
Dickinson Wright P.L.L.C. (Detroit, MI)
Drinker Biddle & Reath – PA
Dykema Gossett P.L.L.C.
E&Y
EDS
ENSR Corporation
Equis Corporation
FedEx Trade Networks Transport and Brokerage, Inc
Fleishman Hillard Japan, Inc.
Foley & Lardner LLP
Frost Brown Todd LLC
FTI Consulting, Inc.
Heller Ehrman White & McAuliffe
Howard & Howard Attorneys, P.C.
Hunton & Williams LLP
Huron Consulting Services LLC
Interchange Europe
Interim
Interim Healthcare Inc.
Jefferson Wells
Johnston Barton Proctor & Powell LLP
Jones Day
Jones Lang Lasalle Americas Inc
LKF Associates
McCarthy Tetrault LLP
Moore Hansen & Sumner
Morris, Nichols, Arsht & Tunnell
Neal Gerber & Eisenberg, LLP
Ohio State Univ.
Panalpina, Inc.
Parsons
Paul Hastings Janofsky & Walker LLP

## EXHIBIT B

Pepper Hamilton LLP
Pillsbury Winthrop Shaw Pittman LLP
PriceWaterhouseCoopers LLP
Robert Half
Russell Reynolds
Saloman Smith Barney
SAP Consulting
Sapient
Shearman & Sterling LLP
Six Sigma Academy
Skadden, Arps, Slate, Meagher & Flom LLP
Spirax Sarco
Squire, Sanders & Dempsey, L.L.P.
Stout Risius Ross
Summit Energy Services Inc
Tatum Partners
TBM
Thompson, Hine & Flory, LLP
Towers Perrin
TPI
UBS
Watkins Ludlam Winter & Stennis, P.A.
Watson Wyatt & Company
Wood, Herron & Evans, L.L.P.
Xpedex
Young & Rubicam, Inc.

**F. Parties to Litigation and their counsel (for claims of at least $500,000)**

ESS, Inc.
Lockheed Martin Corp.
AFL-CIO-CLC
Allstate Insurance
Alternative Resource, Inc.
AM General Steering Gear
American Electronics Components (AEC)
APC and Sundram
Apple
Arnold & Porter
ATT
Automotive Technologies International, Inc.
Automotive Technologies, Inc.
Beck, Redden & Secrest
Bentley Rolls-Royce
Bishop, James Denson  Sr.
BMC Holding Corporation
BorgWarner Turbo Systems
Brown, James Lee
Building Materials Holding Corporation
Cadillac
Campbell, Robert R.

## EXHIBIT B

Chadbourne & Parke LLP
Citibank Texas, National Association
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Compliance Counsel, Lear Corporation
Corvette
Covington & Burling
CSX Realty Development
Custom Energy, L.L.C.
CWI
DaimlerChrysler Corporation., US
Dana Corp Sealing Division
David A. Hodges, Esq.
Delco Remy America (DRA)
Denso Corporation
DMS NA
DSL
Eaton Corporation
Edwards, William P.
Eftec North America, LLC
Ellis, Peter
Epsilon
ESS, Inc.
Faurecia Exhaust Sys Inc.
Financial Services of America, LLC
Fleming, Joseph A.
Fluor Corporation
Furukawa Electric North America APD, Inc.
General Motors Daewoo Auto and Technology
General Motors' Discovery
GM & International
GM Daewoo
GM DAT
GM Epsilon
GM Europe Opel
Hagens Berman Sobol Shapiro
Hahn Elastomer
Harco Industrial Supply Inc
Harco Industries, Inc.
Hayes Lemmerz International Inc.
Honeywell ACS Sensing & Control
Hoover Precision Plastics
Howrey LLP
Howrey Simon Arnold & White, LLP
HPI
Hutchinson Seal
ICG
ICMS
Invensys
Irvine
IUE/CWA Local 755
Jenner & Block

## EXHIBIT B

Keller Rohrback, L.L.P.
Kenna Technical Services
Kenna, William
Kenneth Taylor
Key Plastics
Kostal of America, Inc.
Kulinec, Charles Francis Jr.
Land Rover
Langston Sweet & Freese
Lieff, Cabraser, Heiman & Bernstein, LLP
Mahle Sistemas de Filtracion de Mex
Marsh & McLennan Cos.
MBUSI
McGuire Woods
MCI Telecommunications Corporation
Metaldyne 2005 Contract
Miller, Daniel A.
Miro, Weiner & Kramer
Molex Cost Recovery Disputes
Morganite
Morganite Incorporated Class Action
MTD Technologies
Much Shelist Freed Denenberg Ament & Rubenstein, P.C
NBR
O'Brien, Michael L.
Opel
Praxair Surface Technologies
Quinn Emanuel Urquhart Oliver & Hedges, LLP
Raphael, Naomi
Reilly, Thomas A. Jr.
Reynosa
Rhodia Patent Assertion
Richard Kowalski
Robert Phillips
Robins, Kaplan, Miller & Ciresi LLP
Roetzel & Andress
Saturn
SCRC
SEC
SEC-MSC Software Corporation
SEC-OPEB
Siemens GEN III
Siemens VDO Automotive Inc.
Siemens VDO SA de CV
SimmonsCooper, LLC.
Simons, R Nicholas
Smith, James O.
Smith, Louis
Smith, Mary
SouthTrust Bank
Spector Roseman & Kodroff, PC

## EXHIBIT B

Squitieri & Fearon, LLP
State of New York
Steven E. Wilson
Stites & Harbison, PLLC
Taylor, Jonathan B.
Tenneco Automotive Inc.
Textron (Kautex)
The Chamberlain Group, Inc.
Thomas, Garvey, Garvey & Sciotti, P.C.
Thompson & Knight
Ticona
Timken (Brazil)
Toyota Motor North America, Inc.
TRW Automotive Products
TRW Dispute
United States Attorney's Office, Southern District of Texas
Valeo Electrical Systems, Inc.
Valeo North American Corporate
Valeo Switches and Detection Systems, Inc.
Volvo
Waste Management, Inc.
Watkins Motor Lines
Wechsler Harwood LLP
Weitz & Luxenberg, P.C.
Williams, Steven
Wilson, Donna R.
Wright, Eugene A
York, Thomas Jr.
Young, Lee
Young, Michael S.

**G. Top 50 Creditors**

3M Co.
Akebono Corporation - North America
ALCOA
Alps Automotive Inc.
Alps Electric Co. Ltd.
American Axle and Mfg Holdings Inc.
Autoliv Inc.
Beiersdorf AG
Blackstone Capital Partners LLP
Bosch Braking Systems Corp
Bosch, Robert Stiftung Gmbg
CIGNA Corporation
Corning Inc
Dana Corp.
Delta
Draka Holding NV
Dura Automotive Systems Inc.
EI Dupont de Nemours & Co. Inc.
Flextronics International Asia-Pacific, Ltd.

**EXHIBIT B**

Freudenberg & Co. KG
Fujitsu Ten Corporation
General Electric Co. Inc.
Hitachi Ltd.
Illinois Tool Works Inc.
Infineon Technologies AG
Limar Realty Corp
Merk Medco
Molex Inc.
Nan Ya Plasics Corp
National Fire Insurance Company of Hartford
Nec Corp.
Norsk Hydro ASA
Sequa Corp.
Sharp Electronics Corp.
Siemens AG
State of Michigan
State of Wisconsin
Swatch Group SA, The
TDK Corporation of America
Texas Instruments
Thyssenkrupp AG
Timken Co, Inc.
UHC
Worthington Industries Inc

**H.  Holders of 5% or More of Any Outstanding Equity
Security of the Company**
Brandes Investment Partners, LLC
Capital Group International, Inc.
Capital Research and Management Company
Dodge & Cox
State Street Global Advisors

**I  Record Noteholders Holding 5% or More of Any
Outstanding Issuance of Notes of the Company**
Bear Sterns
Citigroup
First Clear
Goldman Sachs
Investors Bank
Lehman Brothers
Mellon Trust
NFS LLC
Pershing

**J.  Indenture Trustees**
Bank One Trust Company N.A.
First National Bank of Chicago
J.P. Morgan Trust Company, N.A.

## EXHIBIT B

### K.  Underwriters of Securities Issued by the Company During the Past Three Years

A.G. Edwards & Sons, Inc.
ABN AMRO Incorporated
Banc of America Securities LLC
Barclays Capital Inc.
BB&T Capital Markets, Inc.
BNP Paribas Securities Corp
Citigroup Global Markets Inc.
Comerica Securities Inc.
Credit Suisse First Boston LLC
D.A. Davidson & Co.
Deutsche Bank Securities Inc.
Ferris, Baker Watts, Incorporated
HSBC Securities Inc.
J.P. Morgan Securities Inc.
McDonald Investments Inc., a KeyCorp Company
Merrill Lynch, Pierce, Fenner & Smith Incorporated
Mesirow Financial, Inc.
Morgan Stanley & Co. Incorporated
Oppenheimer & Co. Inc.
RBC Dain Rauscher Inc.
Ryan Beck & Co.
Samuel A. Ramirez & Company Inc.
Scotia Capital Inc.
SG Cowen Securities Corporation
Southwest Securities, Inc.
Stifel, Nicolaus & Company, Incorporated
Tokyo-Mitsubishi International plc
U.S. Bancorp Piper Jaffray Inc.
UBS Securities LLC
Wachovia Capital Markets, LLC
Wells Fargo Van Kasper LLC
Williams Capital Group, L.P.

### L.  Counterparties to Major Leases

American Finance Group
CSA Financial Group
CSI
First Industrial L.P.
Germain's Technology Group
Germain's Technology Group Custom Coating and Enhancements, Inc.
ICON Capital Corp
JCR Investments, LLC
Kilroy Realty, L.P.
LaSalle National Bank, as Trustee under Trust No. 115897
Pac Rim
RCA
Seed Systems, Inc
TR Butterfield Trail Corp.

## EXHIBIT B

### M.  Counterparties to Major Contracts (over $100,000)

Advanced Casting Technologies
AEP (Public Svc Co Oklahoma) OK
Alabama Power Co.
Aladdin Industries
Alltel
Alma Products
Ameritech
Ameritech Information Systems, Inc.
Ameritech Mobile Services, Inc
Antec Electric System Co. Ltd
ANXe
Applera Corporation
AT&T Corp.
AT&T Solutions, Inc.
AT&T Wireless
Autonova
Avaya World Services, Inc.
Bell South
Blue Cross Blue Shield of Michigan
Blue Totes – Atlantis
Borla Romcat
Bridgestone T.G. Australia Pty. Ltd
BSH Industries
CADPO
Calsonic Kansei Corporation
Cardinal Health 200, Inc.
Chemical Reclamation Svcs Inc. USA
CIA Industrial Armas
CIGNA Behavioral Health
CIGNA Healthcare
Cinergy PSI IN
Clifford Electronics, Inc.
Cole Managed Vision
Componentes Delfa, C.A.
Compressor Works, Inc.
Compuware
Connecticut General Life Insurance Company
Consumers Energy MI (Detroit)
DAS Deutschland GmbH
DAS Poland Spolka z.o.o
Davis Vision
Dayton Power & Light Co.
Delkor Corporation
Delph Lockheed Automotive S.A.
Delphi Aftermarket France
Delphi Auto Brazil – E&C
Delphi Auto Systems Australia
Delphi Auto Systems Brazil – Harrison
Delphi Auto Systems India Private Limited (DASPL)

17

## EXHIBIT B

Delphi Automotive Systems
Delphi Automotive Systems Espana (Logrono)
Delphi Automotive Systems Espana Cadiz
Delphi Automotive Systems France
Delphi Automotive Systems Italia Sri (Diavia)
Delphi Automotive Systems Lockheed UK (Aftermarket)
Delphi Automotive Systems Netherlands (Aftermarket)
Delphi Automotive Systems Poland Sp. Z.o.o.
Delphi Automotive Systems Portugal (Ponte de Sor)
Delphi Automotive Systems Spain
Delphi Automotive Systems Sungwoo
Delphi Delco Electronics Suzhou
Delphi Delco Liverpool
Delphi Diesel Systems England
Delphi Diesel Systems Ltd England
Delphi Diesel Systems Spain
Delphi Diesel Systems Turkey
Delphi Diesel Systems UK
Delphi Diesel Systems, S. L. Spain
Delphi Harrison Calsonic (France)
Delphi Lockheed Automotive France (Aftermarket)
Delphi Packard Balcheng, Limited
Delphi Packard Electric Co Ltd (Shanghai)
Delphi Packard Electric Malaysia Sdn Bhd
Delphi Packard Espana
Delphi Saginaw Lingyun Brillance and Palio
Delphi Saginaw Lingyun Jinbel
Delphi Sistemas de Energia (Portugal)
Delphi TVS Diesel Systems Ltd India (Lucas)
Delphi-TVS Diesel Systems Ltd (India)
Delta Dental
Delta Guc
Deltek
Design Solutions
DSSI
DTE Energy MI
DuraSwitch
East Penn Manufacturing Company
EBD Ventures (Savage Enterprise)
El Paso Electric Co. TX
Electromotive
Empress Ca-Le de Tiaxcala
Entergy (MS Power & Light) USA
Ericsson AB
Erie Cnty. Dept. Environ Serv. OH
Exacto (Perfection Spring)
Fabrica De Aparatos De Air Acondicionado (FAACA)
Falcon Asset Securitization Corporation
Fitel USA Corp. (assigned by Lucent)
Flip Chip Technologies
Four Seasons License (Division of Standard Motor)

## EXHIBIT B

Fraenkische USA, LP
Gasbarre Products
Gatewat Industries
General Bearings Corporation
General Motors Investment Management Corporation
Georgia Power Company
Girlock
GM do Brasil
GM France
GM License Exchange
Health Plus Options, Inc.
Health Solutions Inc.
Henry County REMC IN
Hewitt Associates LLC
HTC
Hubei Auto Motor Factory
Hubei Delphi Automotive Generator
Hyundai Motor America
IBM Corporation
Inovise Medical, Inc.
Intel Corporation
Intellectual Property Mining (IPM)
JLT Services Corporation
John Ross & Associates
Johns Hopkins University
JSP Affiliates
JSP America, Inc.
JSP International Ltd.
JSP International s.a.r.l.
JSP Trading, Inc.
Jupiter Securitization Corporation
Kaiser Aluminum and Chemical
Kale Oto Radyator
Kitco Fiber Optics
KDAC (Daewoo Motor Company)
KPL (Western Resources) KS
Kuo Yih Hsing Enterprise Co. Ltd (KYHE)
Kyungshin Industrial Company Ltd and Bolim
Lear Corporation
Level 9
Lockheed Martin Energy Systems (Oak Ridge Lab)
Lord Corporation
Lucent Technologies Inc.
Magnetoelastic Devices
Manzai
Matsushita Electric Corporation of America
Medco Health Solutions Inc.
MetLife (Dental)
Metropolitan Life Ins. Co.
Middle East Battery Company
Mikuni

## EXHIBIT B

Mississippi Power Company
MMT SA
Moldflow Corporation
Motores y Aparatos Electricos de Durango S.A. de C.V.
M-Plan
NASA
Navigation Technologies
New York Power Authority
Nextel
Nextel West Corp.
Nokia Corporation
North American Philips Corporation
OneOK Energy Energy Marketing OK
Orbital Fluid Technologies
Peng Tan Settlement
Pepco Energy Services, Inc. (PES)
PSE&G NJ
Purdue University
R&D Enterprises
Raufoss ASA
Raytheon Company
Rochester Gas & Electric NY
Samlip Industrial Company
Sanden Corporation
Sanden International
SBC Ameritech
SDACC
Shanghai Automotive Brake Systems
Shanghai Automotive Brakes Corp.
Shanghai Delco International Battery Company Ltd.
Shanghai Delphi Auto Air Conditioning Systems
Shanghai Delphi Automotive Door Latch
Shanghai Ek-Chor General Machinery
Shanghai Hezhong Automobile Company (Export & Import)
Shanghai Huizhong Automotive Mfg. Co.
Shanghai Saginaw Dongfeng Steering Gear
SHPPS/Health International Inc.
Societe Francaise Des Ammortisseurs (DeCarbon)
Sonceboz SA
Southern California Edison
Sprint
Sprint Spectrum, L.P.
Sprint United
SRI International
Stant Manufacturing (Gates)
State of Indiana
Steward Inc.
Tai Yue
Takata
TCS
Teknit

## EXHIBIT B

Test Products, Inc.
The Bank of Tokyo-Mitsubishi, Ltd.
The Regents of the University of Michigan
Time Warner
Tom Kelley
Toshiba Corporation
Trilogy Plastics
Tripac International
TXU Energy Retail Company LP
TXU Energy Texas
UBE Industries (America), Inc.
UGC
Unisia Jecs Corporation
United Health Care Insurance Company
Value Options, Inc. (Value Behavioral Health)
VDO Control Systems
VDO North America
Verizon
Verizon Wireless
Verizon Wireless Messaging
Wayne State University
XM Satellite Radio, Inc.
Yubei Machine Factory
Zenith Fuel Systems
Zhejiang Delphi Asia Pacific Brake (Yatal)

**N.  Secured Financial Creditors**
See (C) Above

**O.  Lienholders and Other Significant Lenders**
Ableco Finance LLC
Air Liquide Industrial US LP
American Equipment Leasing, a division of EAB Leasing
Corp.
Ameritech Credit Corporation
Applied Industrial Technologies, Inc.
Applied Industrial Technologies-ABC, Inc.
Applied Industrial Technologies-DBB, Inc.
Applied Industrial Technologies-Dixie, Inc.
Assembleon America Inc.
Bank of Lincolnwood
Bank One Michigan
Bank One, NA
Canon Financial Services Inc.
CIT Communications Finance Corporation
CIT Systems Leasing
CIT Technologies Corporation
Citicorp Securities, Inc.
Citicorp Vendor Finance, Inc.
Compaq Financial Services Corporation
Credit Lyonnais

## EXHIBIT B

Dell Financial Services LP
Delphi Automotive Systems Corp
Fifth Third Bank, Western Michigan
General Electric Capital Asset Funding
GE Polymerland, Inc.
ICX Corporation
Information Leasing Corp.
Kyocera Mita America, Inc.
LaSalle Bank National Association
LaSalle National Leasing Corporation
Lease Plan USA, Inc.
Magid Glove & Safety Mfg. Co. LLC
Makino Inc.
MetLife Capital LP
Milacron Marketing Company
Minolta Business Solutions, Inc.
Minolta Business Systems, Inc.
Motion Industries Inc.
Motorola Credit Corporation
OCE Financial Services, Inc.
OCE North America, Inc.
OCE-USA Inc.
Omega Tool Corporation
Relational Funding Corporation
Sentry Financial Corporation
Sentry Financial Inc.
Southern Pacific Bancapital
Tennant Financial Services
The Huntington National Bank
Toshiba American Information Systems Inc.
UMB Bank Colorado, N.A.
Van Dorn Demag Corporation
Wells Fargo Bank Northwest, Trustee
Windsor Mold Inc.
Xel Communications, Inc.

### P.  Major Customers
ArvinMeritor Inc.
Best Buy Co. Inc.
BMW Group
Caterpillar
Circuit City Stores Inc.
Collins & Aikman
Cummins
Daihatsu
Fiat Group
Ford Group
Fuji Heavy Industries
General Motors de Mexico S de Rl
General Motors de Mexico S Derlspom
General Motors do Brasil Ltda

## EXHIBIT B

General Motors Powertrain
General Motors S Africa (Pty) Ltd
GM de Argentina S A
GM Espana SA
GM Holden Ltd
GM Powertrain
GM SPO
GMIO
GMNAO
Harley Davidson
Honda
Benteler
Isuzu Group
Isuzu Motors Europe Ltd
Isuzu Motors Polska Sp Zo O
Johnson Controls
Kautex
Mitsubishi
Motorola Credit Corporation
Motorola Inc.
Navistar International
Nissan
Paccar
Promotora
PSA Group
Renault
Rover
Standard Motor Products Inc.
Toyota
Volvo Truck
VW Group
Wal-Mart Stores CE
Yorozu

### Q.  Major Suppliers
AK Steel Corporation
Freudenberg & Co. KG
Timken Co., Inc.
Affinia Canada Corp.
Affinia Group Holdings Inc.
Agfa Corporation
Agilent Tech. (M) SDN BHD
Aksys, Ltd.
Alcan Inc
Alpine Group, The
Asahi Glass Co
Autocam Corp.
BAX Global
Benteler Automotive
Bosch Braking Systems Corp.
British Vita PLC

## EXHIBIT B

Calsonic Corp.
Cardinal Health
Carlisle Companies Inc.
Centra Inc.
Coinstar
Corus LP
Cyro Industries
Daewoo Heavy Industry America
Dayco Products LLC
Deloitte & Touche
Denso International America
Direct Sourcing Solutions (DSSI)
DMC 2 Canada Corporation
EI Dupont de Nemours & Co. Inc.
Engelhard Corporation
Epcos AG
Essex Group Inc.
Federal Mogul Corp.
Freescale Semiconductor, Inc.
Fujitsu Ten Corporation
Furukawa Electric Co. Ltd.
Futaba Corp. of America
General Electric Capital
GKN PLC
Handy & Harman
Hewlett-Packard Co. - Roseville
Hewlett-Packard Company
Hewlett-Packard GmbH
Hewlett-Packard Singapore
Hewlett-Packard/San Jose
Hitachi Chemical Asia Pacific
H-P Asia Pacific Pte. Ltd.
HP Financial Services
HP Financial Services Cntr.
HP International SARL
HP Smartbuy
HPC Engineering PLC
HP-Colorado Springs
HP-FORT COLLINS
HP-San Diego HID
HSS LLC
Hub Group Associates Inc.
Inotherapeutics
Ispat International NV
ITW Shakeproof Automotive
ITW Tomco
John Deere
Key Safety Systems, Inc.
KLA Tencor Corp.
Koninklijke Philips Electronics NV
L-3 Communications

## EXHIBIT B

M&Q Plastic Products Inc.
Matco Tools
Medical Simulation Corporation
Medrad
Melling Tool Company
Methode Electronics Inc.
Microchip Technology Inc.
Microsoft Services
Minebea Co. Ltd.
Mitsubishi Electric
MSX International Inc
National Semiconductor
NEC Electronics Inc.
Niton Corporation
Noranda
Noranda USA Inc.
Norandal USA Inc.
NuVasive, Inc.
Olin Corp.
Omega Automation Inc.
Onex Corp
Particle Measuring Systems, Inc.
PBR Automotive USA LLC
PBR Columbia LLC
Philips Semiconductors
Pressac
PT Infineon Technologies Batam
RBC Bremen Bearing, Inc.
Republic Engineered Products Inc.
Robert Bosch Corporation
Rohm Co Ltd
RSR Corporation
Ryder Integrated Logistics
Samtech
Senko America Corporation
Serigraph Inc
SGS Thomson
Siemens Automotive Ltd.
SIRVA Relocation LLC
Societe Industrielle De Sonceboz SA
Sony Ericsson Mobile
Spirent
SPX Corp.
StorageTek
Sumitomo Electric Industries Ltd
Sunrise Medical HHG, Inc.
Sunrise Medical Ltd.
Technitrol Inc
The Swatch Group
Tokico Ltd.
Total SA

## EXHIBIT B

Trelleborg AB
TRW Automotive Holdings Corp.
Tyco Electronics Corp.
Tyco International Ltd.
UBS AG
Unigraphics Solutions Inc.
US Steel Corporation
USA Technologies, Inc.
Waupaca Foundry Inc.
WHX Corp
Yazaki Corp.


### R.  Letter of Credit Issuers and Beneficiaries
C.N.A.
Federal Environmental Protection Agency
Reliance Insurance Company
Safeco Insurance Co.
State of New York, Workers' Compensation Board
Toronto Dominion Bank


### S.  State and Other Governmental Authorities
Certified Unified Program Agencies (California) (CUPA)
Illinois Environmental Protection Agency ( EPA) (Illinois)
Internal Revenue Service
New York State Department of Environmental Conservation (NYSDEC)
Pennsylvania Department of Environmental Protection
Pension Benefit Guaranty Corporation (PBGC)
South Carolina Department of Health and Environmental Control
U.S. Department of Transportation
U.S. Environmental Protection Agency


### T.  Unions Representing Company Employees
AFL-CIO Local 755
IAM & AW - International Association of Machinists and Aerospace Workers
IAM Local 78
International Union of Operating Engineers
International Union of Operating Engineers Local 101-S
International Union of Operating Engineers Local 18-S
International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW)
IUE Local 1111
IUE Local 416
IUE Local 709
IUE, AFL-CIO Local 698
IUE, AFL-CIO Local 711
IUE, AFL-CIO Local 718
IUE, AFL-CIO Local 755
IUE, AFL-CIO Local 801
IUE, AFL-CIO,CLC Local 717

## EXHIBIT B

IUOE Local 832S
UAW Amalgamated Local 292
UAW Amalgamated Local 686
UAW Local 1021
UAW Local 1097
UAW Local 167
UAW Local 1866
UAW Local 2031
UAW Local 2083
UAW Local 2151
UAW Local 2157
UAW Local 2188
UAW Local 2190
UAW Local 2195
UAW Local 286
UAW Local 292
UAW Local 438
UAW Local 467
UAW Local 651
UAW Local 662
UAW Local 686, Unit 19
UAW Local 696
UAW Local 699
UAW Local 913
UAW Local 969
United Steel Workers of America AFL-CIO/CLC, Local Union
87
United Steelworkers of America
USW Local 87

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                        :

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND 1107(b)
AUTHORIZING EMPLOYMENT AND RETENTION OF
KPMG LLP AS TAX AND TRANSACTION SERVICES ADVISORS
TO DEBTORS, EFFECTIVE NUNC PRO TUNC TO OCTOBER 8, 2005

("KPMG RETENTION ORDER")

Upon the application dated February 14, 2006 (the "Application") of Delphi

Corporation and certain of its domestic subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the

"Order") under 11 U.S.C. §§ 327(a), 328(a), and 1107(b) and Fed. R. Bankr. P. 2014 authorizing

the employment and retention of KPMG LLP ("KPMG") as tax and transaction services advisors

to the Debtors, effective nunc pro tunc to October 8, 2005; and upon the Affidavit of Patrick N.

Karpen, sworn to February 9, 2006, in support of the Application; and upon the record of the

hearing held on the Application; and this Court having determined that the relief requested in the

Application is in the best interests of the Debtors, their estates, their creditors, and other parties-

in-interest; and it appearing that proper and adequate notice of the Application has been given

and that no other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it hereby is

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Application is GRANTED on a final basis.

2.    Subject to the terms of this Order, the Debtors' employment of KPMG as one of their tax and transaction services advisors pursuant to the terms and conditions of the Application is approved pursuant to sections 327(a), 328(a), and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), effective <u>nunc</u> <u>pro</u> <u>tunc</u> to October 8, 2005.

3.    KPMG shall be compensated for fees and expenses in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee (the "U.S. Trustee"), and further orders of this Court.

4.    Notwithstanding anything to the contrary set forth in the engagement letters attached to the Application (the "Engagement Letters"), KPMG, without the Debtors' prior written approval, may subcontract a portion of its responsibilities under the Engagement Letters to any of the member firms of KPMG International (the "KPMG Member Firms"); <u>provided</u>, <u>however</u>, that KPMG shall remain fully and solely responsible for all of KPMG's liabilities and obligations under the Engagement Letters.

5.    Notwithstanding anything to the contrary set forth in the Engagement Letters, KPMG shall be solely responsible for all of KPMG's liabilities and obligations under the Engagement Letters, whether incurred or performed, in whole or in part, by KPMG, any affiliate of KPMG, any KPMG Member Firm, or any of their respective affiliates.  The Debtors shall

have no recourse, and shall bring no claim, against any KPMG Member Firm other than KPMG,

or against any subcontractors, members, shareholders, directors, officers, managers, partners,

agents, representatives, or employees of any KPMG Member Firm (or any of their respective

successors or permitted assigns), or any of their respective assets, with respect to the services or

otherwise under the Engagement Letters.

6.    All requests of KPMG for payment of indemnity pursuant to the Application

shall be made by means of an application (interim or final as the case may be) and shall be

subject to review by this Court to ensure that payment of such indemnity conforms to the terms

of the Application and is reasonable based upon the circumstances of the litigation or settlement

in respect of which indemnity is sought; provided, however, that in no event shall KPMG be

indemnified for a claim that a court determines by final order to have arisen out of KPMG's own

bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

7.    In the event that KPMG seeks reimbursement for attorneys' fees from the

Debtors pursuant to the Application, the invoices and supporting time records from such

attorneys shall be included in KPMG's own applications (both interim and final) and such

invoices and time records shall be subject to the U.S. Trustee's guidelines for compensation and

reimbursement of expenses and the approval of this Court under the standards of sections 330

and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained

under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services

satisfy section 330(a)(3)(C) of the Bankruptcy Code.

8.    KPMG's limitations of liability, as set forth in the Engagement Letters, shall

not apply to claims arising out of KPMG's own bad-faith, self-dealing, breach of fiduciary duty

(if any), gross negligence, or willful misconduct.

9.    Any party-in-interest shall have the right to raise the issue of the application of KPMG's prepetition retainer to postpetition fees and expenses.

10.    To the extent that this Order is inconsistent with the Engagement Letters, this Order shall govern.

11.    With the exception of KPMG, the KPMG Member Firms providing services under the Engagement Letters shall be permitted to use category codes to describe the time spent on services rendered, rather than the more detailed descriptions usually required for fee applications.

12.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

13.    The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:    New York, New York
          February __, 2006


_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT E

Objections Due: February 27, 2006 at 4:00 p.m.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
              In re                                     :    Chapter 11
                                                        :
       DELPHI CORPORATION, et al.,                      :    Case No. 05- 44481 (RDD)
                                                        :
                              Debtors.                  :    (Jointly Administered)
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF PRESENTMENT OF ORDER UNDER 11 U.S.C. §§ 327(a),
328(a), AND 1107(b) AUTHORIZING EMPLOYMENT AND RETENTION OF
KPMG LLP AS TAX AND TRANSACTION SERVICES ADVISORS
TO DEBTORS, EFFECTIVE NUNC PRO TUNC TO OCTOBER 8, 2005

PLEASE TAKE NOTICE that on February 15, 2006, Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in

the above-captioned cases filed the Application For Order Under 11 U.S.C. §§ 327(a),

328(a), And 1107(b) Authorizing Employment And Retention Of KPMG LLP ("KPMG")

As Tax And Transaction Services Advisors To Debtors, Effective Nunc Pro Tunc To

October 8, 2005 (the "Application").

PLEASE TAKE FURTHER NOTICE that if timely written objections are

filed, served, and received in accordance with this notice, a hearing to consider approval of

the Application will be held on March 9, 2006, at 10:00 a.m. (Prevailing Eastern Time) (the

"Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the

Southern District of New York, One Bowling Green, Room 610, New York, New York,

10004.

PLEASE TAKE FURTHER NOTICE that if no written objections to the

Application are timely filed, served, and received, the order filed with the Application and

attached to this notice as Exhibit A will be submitted for signature to the Honorable Robert

D. Drain, United States Bankruptcy Court for the Southern District of New York, One

Bowling Green, Room 610, New York, New York 10004 on February 27, 2006.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Applica-

tion must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the

Local Bankruptcy Rules for the Southern District of New York, and the Order Under 11

2

U.S.C. §§ 102 (1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014

Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And

Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance

With Local Bankr. R. 1007-2(e) (the "Case Management Order") (Docket No. 245), (c) be

filed with the Bankruptcy Court in accordance with General Order M-242 (as amended)

registered users of the Bankruptcy Court's case filing system must file electronically, and all

other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be

submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain,

United States Bankruptcy Judge, and (e) be served upon (i) Delphi Corporation, 5725

Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors,

Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100,

Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel for the agent under the

Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington

Avenue, New York, New York 10017 (Att'n: Kenneth S. Ziman), (iv) counsel for the agent

under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New

York, New York 10017 (Att'n:  Marlane Melican), (v) counsel for the Official Committee

of Unsecured Creditors, Latham & Watkins, 885 Third Avenue, New York, New York

10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vi) on behalf of KPMG LLP,

King & Spalding LLP, 1185 Avenue of the Americas, New York, New York 10036 (Att'n:

Samuel S. Kohn), and (vii) the Office of the United States Trustee for the Southern District

of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia

3

M. Leonhard), in each case so as to be **received** no later than **4:00 p.m. (Prevailing Eastern Time) on February 27, 2006** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth herein and in accordance with the Case Management Order will be considered by the Bankruptcy Court at the Hearing.  If no objections to the Application are timely filed and served in accordance with the procedures set forth herein and in the Case Management Order, the Bankruptcy Court may enter an order granting the Application **without further notice**.

Dated: New York, New York
      February 15, 2006

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                             :
         In re                           :     Chapter 11
                                             :
DELPHI CORPORATION, et al.,      :     Case No. 05-44481 (RDD)
                                             :
                    Debtors.     :     (Jointly Administered)
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND 1107(b)
AUTHORIZING EMPLOYMENT AND RETENTION OF
KPMG LLP AS TAX AND TRANSACTION SERVICES ADVISORS
TO DEBTORS, EFFECTIVE NUNC PRO TUNC TO OCTOBER 8, 2005

("KPMG RETENTION ORDER")

Upon the application dated February 14, 2006 (the "Application") of Delphi

Corporation and certain of its domestic subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the

"Order") under 11 U.S.C. §§ 327(a), 328(a), and 1107(b) and Fed. R. Bankr. P. 2014 authorizing

the employment and retention of KPMG LLP ("KPMG") as tax and transaction services advisors

to the Debtors, effective nunc pro tunc to October 8, 2005; and upon the Affidavit of Patrick N.

Karpen, sworn to February 9, 2006, in support of the Application; and upon the record of the

hearing held on the Application; and this Court having determined that the relief requested in the

Application is in the best interests of the Debtors, their estates, their creditors, and other parties-

in-interest; and it appearing that proper and adequate notice of the Application has been given

and that no other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it hereby is

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Application is GRANTED on a final basis.

2.    Subject to the terms of this Order, the Debtors' employment of KPMG as one of their tax and transaction services advisors pursuant to the terms and conditions of the Application is approved pursuant to sections 327(a), 328(a), and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), effective nunc pro tunc to October 8, 2005.

3.    KPMG shall be compensated for fees and expenses in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee (the "U.S. Trustee"), and further orders of this Court.

4.    Notwithstanding anything to the contrary set forth in the engagement letters attached to the Application (the "Engagement Letters"), KPMG, without the Debtors' prior written approval, may subcontract a portion of its responsibilities under the Engagement Letters to any of the member firms of KPMG International (the "KPMG Member Firms"); provided, however, that KPMG shall remain fully and solely responsible for all of KPMG's liabilities and obligations under the Engagement Letters.

5.    Notwithstanding anything to the contrary set forth in the Engagement Letters, KPMG shall be solely responsible for all of KPMG's liabilities and obligations under the Engagement Letters, whether incurred or performed, in whole or in part, by KPMG, any affiliate of KPMG, any KPMG Member Firm, or any of their respective affiliates.  The Debtors shall

2

have no recourse, and shall bring no claim, against any KPMG Member Firm other than KPMG,

or against any subcontractors, members, shareholders, directors, officers, managers, partners,

agents, representatives, or employees of any KPMG Member Firm (or any of their respective

successors or permitted assigns), or any of their respective assets, with respect to the services or

otherwise under the Engagement Letters.

      6.   All requests of KPMG for payment of indemnity pursuant to the Application

shall be made by means of an application (interim or final as the case may be) and shall be

subject to review by this Court to ensure that payment of such indemnity conforms to the terms

of the Application and is reasonable based upon the circumstances of the litigation or settlement

in respect of which indemnity is sought; provided, however, that in no event shall KPMG be

indemnified for a claim that a court determines by final order to have arisen out of KPMG's own

bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

      7.   In the event that KPMG seeks reimbursement for attorneys' fees from the

Debtors pursuant to the Application, the invoices and supporting time records from such

attorneys shall be included in KPMG's own applications (both interim and final) and such

invoices and time records shall be subject to the U.S. Trustee's guidelines for compensation and

reimbursement of expenses and the approval of this Court under the standards of sections 330

and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained

under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services

satisfy section 330(a)(3)(C) of the Bankruptcy Code.

      8.   KPMG's limitations of liability, as set forth in the Engagement Letters, shall

not apply to claims arising out of KPMG's own bad-faith, self-dealing, breach of fiduciary duty

(if any), gross negligence, or willful misconduct.

9.    Any party-in-interest shall have the right to raise the issue of the application
of KPMG's prepetition retainer to postpetition fees and expenses.

10.    To the extent that this Order is inconsistent with the Engagement Letters,
this Order shall govern.

11.    With the exception of KPMG, the KPMG Member Firms providing services
under the Engagement Letters shall be permitted to use category codes to describe the time spent
on services rendered, rather than the more detailed descriptions usually required for fee
applications.

12.    This Court shall retain jurisdiction to hear and determine all matters arising
from the implementation of this Order.

13.    The requirement under Local Rule 9013-1(b) for the service and filing of a
separate memorandum of law is deemed satisfied by the Application.

Dated:    New York, New York
          February __, 2006

_____
UNITED STATES BANKRUPTCY JUDGE