# EXHIBIT B

# COVINGTON & BURLING

1330 AVENUE OF THE AMERICAS
NEW YORK, NY 10019
TEL 212.841.1000
FAX 212.841.1010
WWW.COV.COM

NEW YORK
WASHINGTON, DC
LONDON
BRUSSELS
SAN FRANCISCO

AARON R. MARCU
TEL 212.841.1078
AMARCU@COV.COM

June 8, 2005

*VIA FEDERAL EXPRESS*

David N. Farr
Craig G. Naylor
Special Committee for Derivative Demands
Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098

  Re: Special Committee for Derivative Demands

Gentlemen:

  We are very pleased to confirm that Covington & Burling will represent the above-entitled Special Committee of the Board of Directors ("Special Committee") of Delphi Corporation ("Delphi" or the "Company") in connection with demands made or to be made by Delphi shareholders in connection with various accounting issues now under investigation and in litigation. If by subsequent agreement our services are extended to other matters, the provisions of this letter will also apply to that representation unless otherwise agreed in writing.

  I will be in charge of the engagement, but other lawyers will be called upon as needed. Our fee will be determined on the basis of a number of factors: our hourly rates in effect at the time services are rendered (currently $720 for me, $430 for Keith Lieberthal and $340 for Michael Naft; the range for our lawyers is $180 to $720 and $140 to $210 for our legal assistants), the value of the services provided, the degree of difficulty of the matter, preclusion from other engagements, and the result obtained. The rates for particular individuals are adjusted from time to time, usually as of October 1, the start of our fiscal year. As an accommodation to the Company, however, even if our rates are adjusted on October 1, 2005, we will not increase our rates until one year after the date of this agreement, other than for the regular progression of associates as they move from one year to the next in terms of seniority.

  At the request of the Company, we generally will charge for our services and expenses in accordance with the Company's billing guidelines for outside counsel, which have been provided to us. As I have discussed with the Company, however, and notwithstanding those guidelines, we will charge for necessary travel time by lawyers and paraprofessionals (which generally and to the extent practical will be spent on work for the Special Committee in any event) and necessary time spent organizing and managing documents for the matter, and we will pass on the costs of overtime, overtime meals and late-night transportation. Our statements will summarize charges for support services incurred on your behalf, such as printing, duplicating, transcripts,

NY: 486149-3

COVINGTON & BURLING

David N. Farr
Craig G. Naylor
Special Committee for Derivative Demands
June 8, 2005
Page 2 of 3

computer research, telecommunications, any secretarial overtime attributable to your special needs, mail, deliveries and the like, as well as out-of-pocket costs, such as travel. Where substantial third-party payments (such as co-counsel fees, expert fees, special studies, transcripts, or any single charge of more than $1,000) are required, we may either forward the charge to the Company for direct payment or request advance funds to cover the cost.

Our statements for professional services will be rendered monthly. We will expect the Company, on behalf of the Special Committee, to transmit payment of our statements in full within 30 days of receipt. If you have a question regarding a particular charge or other aspect of a statement, we hope you will raise it with us, but in such an event we expect timely payment of the portion not subject to question. If any statement remains unpaid for more than 90 days, we may cease performing services until satisfactory arrangements have been made for payment of outstanding statements and future statements.

Our records reveal no existing adverse representation of another client on any matter that is substantially related to this matter. Our records also reveal no existing representations in other matters of another client that is adverse to you or the Company in this matter. Without your prior consent, we will not undertake any substantially related adverse representation in the future, nor will we undertake such adverse representations with respect to other matters we may subsequently undertake on your behalf.

Notwithstanding the foregoing, however, you agree that we will have the right to represent other clients on matters that do not have a substantial relationship to any matter on which we are representing the Special Committee, even if in such matter the interests of the Special Committee or those of Delphi may be adverse, or if the other client, represented by other counsel, happens to be adverse to the Special Committee or Delphi in a matter in which we are representing it. In any such situation in which we would be adverse to the Special Committee or Delphi, we will communicate with you and the Company, and you and the Company agree that in any case where a conflicts waiver would be necessary, neither you nor the Company will unreasonably withhold the granting of a waiver.

I trust this letter accurately reflects our mutual understanding. If you have questions about any aspect of it, please let me know promptly; otherwise I would appreciate your confirming our understanding by signing and returning all of the enclosed originals of this letter to me in the enclosed envelope. We have also asked the Company to confirm its agreement to the terms of this letter of engagement by countersigning as well. When all of the signatories have executed all of the originals, I will send fully executed copies to you for your files.

**COVINGTON & BURLING**

David N. Farr
Craig G. Naylor
Special Committee for Derivative Demands
June 8, 2005
Page 3 of 3

      We very much appreciate your selecting our firm to assist you, and we look forward to working with you on this matter.

Sincerely yours,

Aaron R. Marcu

Agreed to:

_____
David N. Farr

_____
Craig G. Naylor

_____
Joseph E. Papelian
Delphi Corporation