UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                              :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                            Debtors.    :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF AARON. R. MARCU IN SUPPORT OF
APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(e) AND
1107(b) AND FED. R. BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND
RETENTION OF COVINGTON & BURLING AS FOREIGN TRADE AND
SPECIAL CORPORATE COMMITTEE LEGAL COUNSEL TO DEBTORS

STATE OF NEW YORK

COUNTY OF NEW YORK

AARON R. MARCU, being duly sworn, deposes and states as follows:

1. I am an attorney duly admitted to practice before the courts of the State of New York, the Southern and Eastern Districts of New York, and the U.S. Court of Appeals for the Second Circuit. I am a partner in the law firm of Covington & Burling ("Covington"), proposed foreign trade and special corporate committee counsel for Delphi Corporation ("Delphi" or the "Company") and certain of its subsidiaries and affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors").

2. I submit this affidavit (the "Marcu Affidavit")[1] in support of the Application For Order Under 11 U.S.C. §§ 327(e) And 1107(b) And Fed. R. Bankr. P. 2014 Authorizing Employment And Retention Of Covington & Burling As Foreign Trade And Special Corporate

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Application.

Committee Counsel To Debtors (the "Application") nunc pro tunc to October 8, 2005, filed concurrently herewith.

   3. The address and telephone number of Covington are as follows:

1330 Avenue of the Americas
New York, NY 10019
(212) 841-1000

   4. Covington is well qualified to assist the Debtors in the manner described in the Application.  Covington is a leading international law firm, with more than 500 lawyers practicing in key business and regulatory centers throughout the world.  Most important for the purposes of this Application, several members of Covington have extensive experience in the provision of advice regarding foreign trade controls, the representation of corporate boards and subcommittees thereof in connection with internal investigations, the provision of advice regarding indemnification of corporate officers and directors, and corporate and securities law and their interplay with restructuring and bankruptcy law.  Accordingly, the Debtors believe that Covington is well qualified to serve as foreign trade and special corporate committee legal counsel in these chapter 11 cases in an efficient and effective manner.

   5. Covington has advised the Debtors in connection with regulatory, investigative, and litigation matters.  Based on the services that Covington has rendered to the Debtors, Covington is familiar with the Debtors' corporate structure, their financial status, and certain legal matters..

   6. Generally, in connection with the Debtors cases, Covington will continue to provide to the Debtors the following types of professional services:

   (a) Advice and assistance on U.S. foreign trade controls, including the scope, applicability, licensing, and compliance requirements under the International Traffic in Arms Regulations, Directorate of Defense Controls, U.S. Department of State;

2

(b) Advice to a Special Committee (the "Special Committee") of the Board of Directors (the "Board") in connection with demands made or that may be made by Delphi shareholders with regard to various accounting issues now under investigation and in litigation;

(c) Advice to the Special Committee in connection with the Company's selection of a new external auditor; and

(d) Advice to the Company regarding indemnification and advancement of funds to certain officers and directors.

7. In light of certain existing client representations on unrelated matters, the engagement of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden") as the Debtors' bankruptcy counsel, the engagement of Shearman & Sterling LLP ("Shearman") as the Debtors' special counsel, the engagement of Togut, Segal & Segal LLP ("Togut") as the Debtors' conflicts counsel, and the engagement of other counsel for the Debtors, Covington will not be responsible for or undertake any representation with respect to (a) advising the Debtors concerning specific contracts and claims of certain of Covington's existing clients and (b) reviewing, interpreting, or commenting on the specific contracts and claims of certain of Covington's existing clients. These existing client relationships, and the scope of the carve-out from Covington's retention, are discussed more fully below.

8. It is Covington's understanding that the Debtors may request that Covington undertake specific matters beyond the limited scope of the responsibilities set forth above. Should Covington agree in its discretion to undertake any such matter, it is Covington's understanding that the Debtors will seek further order of this Court.

9. Covington is making efforts, together with the Debtors' other counsel, to ensure that there is no duplication of effort or work between such firms and Covington. It is Covington's intention that the estates should receive the best value possible from the efficient

3

coordination of work among its counsel. Covington believes that its lawyers and the rest of the lawyers retained in these cases have to date delineated clearly, and will continue to delineate clearly, the division of work between them, so as to avoid any duplication of effort and to maximize the efficiencies of the proposed arrangement.

10. On the Petition Date, Covington was owed, and continues to be owed, approximately $263,559.79 for services and charges performed prior to the Petition Date.

11. Covington agrees to accept compensation for the services rendered in connection with its representation of the Debtors in accordance with its standard billing policies and based on the same rates generally charged for services rendered in matters handled by Covington for its clients. The current hourly rates of the Covington attorneys who are expected to be principally responsible for rendering services to the Debtors in connection with these chapter 11 cases are as follows: Aaron R. Marcu ($760); Peter D. Trooboff ($580); Adam Siegel ($580); Barbara Hoffman ($550); Peter L. Flanagan ($520); Corrine A. Goldstein ($500); Michael J. Naft ($410); Kimberly A. Strosnider ($365); and Gina R. Merrill ($270). Other Covington attorneys from time to time may render services to the Debtors in connection with these cases. The current hourly rates for Covington attorneys range from $200 to $760. The current hourly rates for the services of legal assistants range from $165 to $250. Covington customarily adjusts its billing rates on an annual basis, usually as of October 1, and if Covington increases its rates during the pendency of this proceeding, it will seek compensation at the modified rates, subject to the terms of the Engagement Letters. Pursuant to the engagement letter dated June 8, 2005, notwithstanding the firm's increase in rates charged as of October 1, 2005, Covington will not increase its rates with respect to its representation of the Special

4

Committee of the Board until June 8, 2006, other than for the regular progression of associates as they move from one year to the next in terms of seniority.

12. Covington acknowledges that all amounts paid to Covington during these chapter 11 cases are subject to final allowance by this Court. In the event that any fees or expenses paid to Covington during these cases are disallowed, Covington will disgorge the fees and expenses and return them to the Debtors or as otherwise ordered by this Court.

13. Covington categorizes its billings by subject matter, in compliance with the applicable guidelines of the Office of the United States Trustee (the "U.S. Trustee Guidelines"). Covington acknowledges its compensation in the Debtors' cases is subject to approval of this Court in accordance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, and the U.S. Trustee Guidelines.

14. Covington has conducted a check for conflicts of interest and other conflicts and connections with respect to the Debtors' bankruptcy cases. Covington maintains a database containing the names of current, former, and potential clients and other principal parties related to such clients. I caused Covington to review and analyze the conflict database to determine whether Covington has any connection with the principal parties-in-interest in these chapter 11 cases, using information provided to Covington by the Debtors and Skadden and information contained in the database, including (a) the names of the Debtors' prepetition lenders, (b) the names of significant creditors of the Debtors, and (c) the names of firms that the Debtors intend to or may employ during their chapter 11 cases.

15. Based on this research, I have concluded that Covington has in the past represented, currently represents, and will likely represent in the future, certain of the Debtors' creditors and other parties-in-interest in matters unrelated to the Debtors or these chapter 11

5

cases. A list of the parties-in-interest that are current clients of Covington is attached to the Application as <u>Exhibit C</u>. A list of the parties-in-interest that are not current clients but for whom Covington provided legal services within the last five years is attached to the Application as <u>Exhibit D</u>. None of the parties-in-interest accounted for more than 1% of Covington's gross revenues for its 2005 fiscal year, with the exception of Microsoft (less than 3%), JP Morgan Chase (less than 3%), Goodyear Tire & Rubber Company (less than 2%), SG Cowen (less than 2%), the State of Minnesota (less than 2%) and IBM (less than 2%). Covington does not believe that such representation of parties-in-interest in unrelated matters raises any actual or potential conflict of interest of Covington relating to the representation of the Debtors as their foreign trade and special corporate committee counsel in these chapter 11 cases, but discloses such relationships out of an abundance of caution. The Debtors understand that, in order to vitiate any actual or potential conflicts of interest, Covington will not assist the Debtors in connection with their analysis, negotiations, and litigation, if any, with parties with whom Covington has existing client relationships, and that Skadden (or other counsel if Skadden has a conflict), instead, will handle these tasks.

16. If Covington becomes aware of any other connections of which it presently is unaware, Covington will bring them to the attention of this Court and the U.S. Trustee.

Dated: February 17, 2006
       New York, New York

By:  /s/ Aaron R. Marcu
     Aaron R. Marcu

6

Sworn to before me
this 17th day of February, 2006


  /s/ Michael W. Gramer_____
Notary Public