UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR. P. 2014
AUTHORIZING EMPLOYMENT AND RETENTION OF COVINGTON & BURLING
AS FOREIGN TRADE AND SPECIAL CORPORATE COMMITTEE
<u>LEGAL COUNSEL TO DEBTORS</u>

("COVINGTON & BURLING RETENTION ORDER")

Upon the application, dated February 17, 2006 (the "Application"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 authorizing the employment and retention of Covington & Burling ("Covington") as foreign trade and special corporate committee legal counsel to the Debtors; and upon the Affidavit of Aaron Marcu, sworn to February 17, 2006, in support of the Application (the "Marcu Affidavit"); and this Court being satisfied with the representations made in the Application and the Marcu Affidavit that Covington does not represent or hold any interest adverse to any of the Debtors' estates or the Debtors with respect to the matters on which Covington is to be employed, and that Covington's employment is necessary and would be in the best interests of each of the Debtors' estates; and it appearing that proper and adequate notice has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Application is GRANTED.

2. The Debtors' employment of Covington as their foreign trade and special corporate committee legal counsel, pursuant to the Application, is approved under sections 327(e) and 1107(b) of the Bankruptcy Code, and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), with approval of such employment being effective as of the Petition Date, October 8, 2005.

3. Pursuant to Application, Covington will provide services to the Debtors in connection with litigation and foreign trade government contract matters. Such services will include the following:

   (a) Advice and assistance on U.S. foreign trade controls, including the scope, applicability, licensing, and compliance requirements under the International Traffic in Arms Regulations, Directorate of Defense Controls, U.S. Department of State;

   (b) Advice to a Special Committee (the "Special Committee") of the Board of Directors (the "Board") in connection with demands made or that may be made by Delphi shareholders with regard to various accounting issues now under investigation and in litigation;

   (c) Advice to the Special Committee in connection with the Company's selection of a new external auditor; and

   (d) Advice to the Company regarding indemnification and advancement of funds to certain officers and directors.

4. Covington shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court.

    5. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

    6. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated: New York, New York
    March __, 2006

                 _____
                 UNITED STATES BANKRUPTCY JUDGE

3