BROWNRUDNICK

ROBERT J. STARK
direct dial: 212-209-4862
rstark@brownrudnick.com

Seven
Times
Square
New York
New York
10036
tel 212.209.4800
fax 212.209.4801

October 25, 2005

**BY HAND COURIER**

The Honorable Deirdre Martini
United States Trustee
Office of the United States Trustee
33 Whitehall Street, Suite 2100
New York, New York 10004

**RE: In re Delphi Corporation, *et al.*,
Chapter 11 Case No. 05-44481 (Bankr. S.D.N.Y.)**

Dear Deirdre:

This firm is counsel to Law Debenture Trust Company of New York ("Law Debenture"), successor Indenture Trustee for two notes issued by Delphi Corporation (the "Debtor" and, together with its Chapter 11 affiliates, the "Debtors"): (a) the 8.25% Junior Subordinated Note due 2033 in the aggregate principal amount of $257,731,975; and (b) the Adjustable Rate Junior Subordinated Note due 2033 in the aggregate principal amount of $154,640,000 (together, the "Subordinated Notes"). As described further herein, the Subordinated Notes purportedly are contractually or structurally subordinated to the claims asserted or represented by each member of the Official Committee of Unsecured Creditors appointed in the Debtors' Chapter 11 cases (the "Official Committee"). Because the Official Committee does not represent the interests of Subordinated Noteholders, we write to request that Law Debenture be added to the Official Committee.

As a preliminary matter, we note that the Subordinated Notes are presently held by two Delaware trusts (the "Statutory Trusts"), which were created by the Debtor and which issued publicly-held trust preferred securities (sometimes colloquially referred to as "Topper" securities; herein, the "TPRS"). Law Debenture also serves as successor Property Trustee for both of the Statutory Trusts and is, therefore, responsible for delivering distributions with respect to the Subordinated Notes to holders of the TPRS. That said, the Debtor's Chapter 11 filing constitutes an "early termination event" under the Statutory Trusts' organization documents, meaning that both Statutory Trusts likely will be, in the near term, liquidated and holders of the TPRS will be allocated pro rata interests in the Subordinated Notes. Thereafter, Law Debenture will continue to represent the individual holders of the $412 million in Subordinated Notes as Indenture Trustee.

It is critically important that Law Debenture, as Indenture Trustee, be afforded a seat on the Official Committee to protect the interests of the holders of the Subordinated Notes. The Subordinated Notes constitute a very significant percentage of the Debtors' unsecured



brownrudnick.com





debt obligations. Again, the Subordinated Notes represent indebtedness owed by the Debtor of more than $412 million. As Indenture Trustee, Law Debenture owes its holders a fiduciary duty to protect their interests in the Chapter 11 cases. It will be significantly hindered in its ability to acquit this fiduciary duty without a seat on the Official Committee.

This is particularly true in light of the fact that holders of the Subordinated Notes arguably occupy a particularly disadvantaged position in the Debtors' capital structure. The Subordinated Notes are purportedly contractually subordinate to all senior indebtedness, including $2 billion in Senior Notes issued by the Debtor. They are also purportedly structurally subordinate to all trade debt owed by operating companies in the Debtor-conglomerate. That is because the Subordinated Notes were issued by the Debtor parent holding-company and purportedly were not guaranteed by any of the subsidiaries in the conglomerate.

On information and belief, none of the entities presently appointed to the Official Committee represent holders of the Subordinated Notes or hold a significant position in the Subordinate Notes. Rather, on information and belief, such entities hold claims or represent claimants that purportedly are contractually or structurally senior to the Subordinated Notes.[1] Such creditors are economically incentivized to (i) protect the interests of contractually or structurally senior debt and (ii) ensure that any plan confirmed in the Debtors' cases does <u>not</u> provide any distributions to holders of Subordinated Notes. As such, the Official Committee is simply not representative of the Debtors' entire unsecured creditor constituency and, therefore, cannot be relied upon to protect the interests of the holders of Subordinated Notes.

Under the circumstances, applicable law strongly suggests that Law Debenture should be afforded a seat on the Official Committee. <u>See, e.g.</u>, <u>In re Value Merchants, Inc.</u>, 202 B.R.

---

1 Although one member of the Official Committee, Wilmington Trust Company ("<u>Wilmington Trust</u>"), is the Delaware Trustee for the two Statutory Trusts, it is not positioned to represent the holders of the Subordinated Notes. First, under the Statutory Trusts' organization documents, Wilmington Trust's role is only administrative (<u>i.e.</u>, it is a "statutory" trustee, with only ministerial rights and responsibilities, like receiving service of process in Delaware), meaning that it has absolutely no authority under those documents to act for or protect the interests of the Subordinated Noteholders (<u>i.e.</u>, it is not the indenture or property trustee, with substantive rights to act for its constituency). Second, as stated above, the Statutory Trusts likely soon will be dissolved and, thereafter, Wilmington Trust will not have any further connection to the Subordinated Notes or its holders. Third and perhaps most important, Wilmington Trust is the Indenture Trustee for $2 billion in Senior Notes. Pursuant to the Trust Indenture Act, Wilmington Trust cannot, as a matter of law, protect the interests of the Subordinated Notes while, at the same time, serving as Indenture Trustee for the Senior Notes, as such dual role would create an illegal conflict of interest requiring Wilmington Trust to resign one such role. <u>See</u> 15 U.S.C. § 77jjj(b).





280 (E.D. Wis. 1996)(affirming Bankruptcy Court ruling that the United States Trustee abused its discretion in failing to appoint indenture trustees for subordinated debentures as voting member of the official creditors' committee, where official committee comprised only of trade creditors and equipment financiers was not representative of a large segment of the debtor's unsecured debt).

Thank you for your consideration of this request. Please feel free to contact me if you would like to meet with Law Debenture to discuss this request and/or if you should have any questions. We anxiously await your response.

Very truly yours,

Robert J. Stark

Enclosure
(Law Debenture's Rule 2019 Statement)

Copies: John Wm. Butler, Jr., Esq. (by facsimile w/out enclosure)
Robert Rosenberg, Esq. (by facsimile w/out enclosure)
Daniel R. Fisher
Patrick J. Healy