**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (admitted *pro hac vice*)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
          mitchell.seider@lw.com
          mark.broude@lw.com

Attorneys for The Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Delphi Corp., et al., | Case No. 05-44481 (RDD) |
| Debtors. | Jointly Administered |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO MOTION OF LAW DEBENTURE TRUST COMPANY
OF NEW YORK REQUESTING AN ORDER TO CHANGE THE
MEMBERSHIP OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Delphi Corporation, *et al.* (the "Debtors"), by and through its undersigned counsel, hereby objects (the "Objection") to the Motion (the "Original Motion") of Law Debenture Trust Company of New York ("Law Debenture") Requesting an Order to Change the Membership of the Official Committee of Unsecured Creditors, and the Supplement to the

Original Motion (together with the Original Motion, the "Motion").[1] In support of its Objection,

the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

The Committee objects to the Motion on the grounds that it is unnecessary and is

not in the best interests of the Debtors, their estates, or the various creditor constituencies in

these cases. The Committee as presently constituted includes holders of trade debt, funded debt,

and employment related claims. Even if the claims of Law Debenture were legally distinct from

those of current members of the Committee, which the Committee does not concede is the case,

any such unique interests would not justify an order of this Court compelling the addition of Law

Debenture to the Committee. The Committee as currently constituted is working as intended, is

not constrained by internal conflicts of interest, is appropriately and actively protecting the

interests of all unsecured creditors in these cases, and "adequately represents" all of the

unsecured interests in these cases, including those of Law Debenture.

As a result, the Motion should be denied.

## FACTUAL BACKGROUND

1.      The Committee was appointed on October 17, 2005, nine days after the

Debtors' petition date. The members of the Committee are (a) Capital Research and

Management Company ("Capital Research"); (b) Electronic Data Systems Corp.; (c) Flextronics

International Asia-Pacific, Ltd.; (d) Freescale Semiconductor, Inc.; (e) General Electric

Company; (f) IUE-CWA and (g) Wilmington Trust Company, as Indenture Trustee

("Wilmington Trust").

---

[1]      Capitalized terms not otherwise defined herein have the meaning ascribed to them in the
Motion.

NY\1098295.3

2.      As described in the Motion, since the beginning of these cases, Law

Debenture, among others, has sought inclusion on the Committee.[2] The decision of the office of

the United States Trustee (the "Trustee") to deny such request has been and continues to be

appropriate, reasonable, and justified.

## OBJECTION

3.      Law Debenture now seeks an order of this Court compelling its inclusion

on the Committee.  For several reasons, this Motion should be denied.

### A.      This Court May Lack Jurisdiction to Compel Law Debenture's Inclusion on the Committee

4.      Although the Southern District of New York (among other jurisdictions)

has conflicting decisions on the issue, many courts have found that since the repeal of Section

1102(c) in 1986 bankruptcy courts do not have the jurisdiction to affect the make-up of a

statutory committee, much less to compel the inclusion on such a committee of one specific

creditor.  See, e.g., In re Drexel Burnham Lambert Group, Inc., 118 B.R. 209, 211 (Bankr.

S.D.N.Y. 1990) ("But Section 1102, relied on by them, cannot be said to afford the relief [the

creditor] seek[s]," namely an order compelling its inclusion on the committee); In re Victory

Mkts., Inc., 196 B.R. 1, 3 (Bankr. N.D.N.Y. 1995) ("The Court concludes that pursuant to the

language of Code § 1102(a) it does not have the statutory authority to grant [the creditor's]

request, namely, an order appointing [the creditor] to the Committee."); In re Dow Corning

Corp., 194 B.R. 121, 146 (Bankr. E.D. Mich. 1996) ("If the 1986 repeal of the courts' power to

appoint committees means anything, it means that once a court has found the need for an

additional committee, it must leave the job of naming the members of that committee to the U.S.

---

[2]     The factual allegations set forth in the Motion regarding Law Debenture's efforts to force
its inclusion on the Committee are irrelevant to the ultimate determination of the issues
raised in the Motion, and are therefore not addressed herein.

NY\1098295.3

Trustee"); In re Value Merchants, Inc., 202 B.R. 280, 286 (E.D. Wisc. 1996) ("The court no

longer has the option – as it once did – to change or make a substitution on the UST's chosen

committee"); but see In re Barney's, Inc., 197 B.R. 431 (Bankr. S.D.N.Y. 1996).

     5.     This analysis is consistent with the plain language of the Bankruptcy

Code. Section 1102 of the Bankruptcy Code, the statute upon which Law Debenture bases its

request, expressly authorizes the Trustee to appoint official committees (1102(a)(1) and (2)), and

authorizes courts to order the appointment of additional committees, if necessary (1102(a)(2)).

Nowhere does the Bankruptcy Code authorize a court to compel the addition of a specific

creditor to an existing committee, or to review the Trustee's decisions with respect thereto. In re

Drexel Burnham Lambert Group, Inc., 118 B.R. at 210 ("From the statutory language, there can

be but one conclusion: section 1102(a) does not authorize" the court to order the inclusion of a

creditor on the committee). In fact, even where authorized to compel the creation of an

additional committee, the Bankruptcy Code explicitly reserves for the Trustee the power to

appoint such a committee as compelled by a court. 11 U.S.C. § 1102(a)(2) ("the court may order

the appointment of additional committees of creditors or of equity security holders if necessary

to assure adequate representation of creditors or of equity security holders. The United States

Trustee shall appoint any such committee").[3]

     6.     As a result, even if the Court were to determine that Law Debenture's

request had merit (which, for those reasons discussed below, it does not), the Court may not have

the authority to grant such request.

---

[3]    While the recent amendments to the Bankruptcy Code (specifically the addition of
section 1102(a)(4)) may change this analysis for cases filed after October 17, 2005, those
changes are not applicable to these cases. Moreover, it is not entirely clear that the relief
requested in the Motion would be proper even under new section 1102(a)(4).

4

B.     Even if the Court Has Authority to Review the Decision of the
Trustee, There is No Decision in This Case To Review

7.     Even those cases that find a statutory basis for this Court's review do so
on the basis of review of a decision by the Trustee.  In this case, no such decision has been made
about Law Debenture's recent request, and the Trustee should be afforded the opportunity to
address the issue before the Court is called upon to review her decision.

8.     This fundamental flaw is even more troubling when considered in the
context of the over-all timing of the Motion.  Although Law Debenture asserts it has been
seeking the requested relief for months, it did not actually file the Motion until after the close of
business on Thursday, December 22, 2005, and it set the objection deadline for Monday, January
2, 2006 – a national holiday.  This was arguably the last possible day (close to the last possible
hour) by which the Motion needed to be filed to be heard during the January 5, 2006 omnibus
hearing date (in accordance with the Case Management Order, as it currently stands), and
allowed parties in interest only the few business days between the Christmas and New Year's
holidays to review, consider, and, if appropriate, respond to the Motion.

9.     As a result, even were the relief requested within the power of this Court,
such relief would not be appropriate on the timing proposed by Law Debenture, and should be
denied on that basis alone.

C.     Regardless of Jurisdiction and a Decision by the Trustee, the
Appointment of Law Debenture to this Committee is not Justified,
and is Not in the Best Interests of the Debtors, their Estates, or the
Various Creditor Constituencies in these Cases

10.    Regardless of all other considerations, the Motion should be denied
because the appointment of Law Debenture to the Committee is not justified by the facts and

circumstances in these cases, and would not be in the best interest of the Debtors, their estates,

the Committee, or any creditor constituency in these cases (other than Law Debenture itself).

11.    As a starting point, if this Court does determine that it has the ability to

grant the relief requested, Law Debenture has not met and cannot meet the necessary standard of

review.  Contrary to Law Debenture's assertions, those courts that have reviewed a Trustee's

decision regarding the makeup of a committee have done so under the 'arbitrary and capricious,'

or 'abuse of discretion standard.'  See e.g. In re Barney's Inc., 197 B.R. 431, 439 (Bankr.

S.D.N.Y. 1996); In re Mercury Fin. Co., 240 B.R. 270 (N.D. Ill. 1999); In re Value Merchants,

Inc. 202 B.R. 280, 287 (E.D. Wisc. 1996) ("while the bankruptcy judge did have the authority

under § 1102 to review the UST's actions de novo, it did not have the authority – under that

standard of review – to modify the composition or voting privileges of the [] creditors'

committee empaneled [sic] by the UST.").  Law Debenture's reliance on Enron to support its

argument for a contrary standard of review is misplaced (as is its reliance on Value Merchants,

cited above, which it claims suggests a de novo review).  In Enron, the bankruptcy court was

asked to compel the Trustee to appoint an additional committee, a power expressly granted to

bankruptcy courts by operation of section 1102(a)(2).  There is no similar grant regarding the

composition of committees once they are created.  Thus, the Court's statutory right to de novo

consideration that exists in Enron does not exist in the context of the Motion.

12.    As a result, if this Court believes it has authority to review any decision of

the Trustee regarding the composition of the Committee, it should review any such decision to

determine if it was arbitrary and capricious.  "A decision is not 'arbitrary and capricious' unless

it is based on an erroneous conclusion of law, a record devoid of evidence on which the decision

make could rationally have based its decision, or is otherwise patently unreasonable, arbitrary or

fanciful." In re Barney's, Inc., 197 B.R. at 439 (citations omitted). Moreover, to satisfy this

standard, a movant must provide "substantial evidence" that the trustee's decision was arbitrary

and capricious. See id.; see also In re Dow Corning Corp., 194 B.R. 121, 144 (Bankr. E.D.

Mich. 1996).

        13.     There is no question that in this case Law Debenture has not met and

cannot meet that burden, and cannot establish that any decision of the Trustee was improper,

much less arbitrary and capricious. As a starting point, a creditor's committee is intended to

represent the interests of creditors generally, see In re Grant Broadcasting, Inc., 71 B.R. 655, 662

(Bankr. E.D. Pa. 1987) (noting that a creditors' committee should be representative of interests

common to all creditors), not to provide a voice for individual creditor interests. In re Drexel

Burnham Lambert Group, Inc., 118 B.R. at 212 (noting that "[c]ommittees are not designed to

provide a speaker's platform for a particular creditor"). It is inevitable that different creditors

will have divergent interests. See In re Microboard Processing, Inc., 95 B.R. 283, 285 (Bankr.

D. Conn. 1989) (noting that "[it] is axiomatic that each unsecured creditor has a conflict with

every other unsecured creditor in the sense that absent a 100% distribution, the elimination or

reduction of any such claim will benefit all others."); In re SPM Mfg. Corp., 984 F.2d 1305,

1317 (1st Cir. 1993) (noting that "[n]o two creditors have identical interests").

        14.     As a result, adequate representation on a committee is not judged by the

fact that an individual creditor's interest differs in nature from other interests represented on the

committee in question, In re Drexel Burnham Lambert Group, Inc., 118 B.R. at 212, or by

whether the committee exactly reflects the mix of creditor interests. In re Garden Ridge Corp.,

2005 WL 523129 (Bankr. D. Del. March 2, 2005) ("[t]here is no hard and fast rule requiring

proportionate representation of distinct groups of creditors on a committee of unsecured

creditors") (citing <u>Dow Corning</u>, 194 B.R. at 141)); <u>In re White Motor Credit Corp.</u>, 27 B.R. 554, 557 (Bankr. N.D. Ohio 1982). That level of distinction would not be possible, especially in cases of this size. Moreover, as set forth in the Bankruptcy Code, the size of the creditor's claim is not determinative of representation on the Committee -- section 1102(b) only suggests that "ordinarily" the committee will consist of the seven largest creditors. <u>In re White Motor Credit Corp.</u>, 27 B.R. at 558 (the "'ordinarily' language of Section 1102(b)(2) indicates that the seven largest [creditors] language is merely a guideline from whence there may be variation and exception"). Rather, adequate representation should be considered on a fact specific, case-by-case basis. <u>See, e.g., In re Enron Corp.</u>, 279 B.R. at 685.

15.    In this case, it was not arbitrary or capricious for the Trustee to find that the Committee as currently constituted adequately represents the interests of all unsecured creditors in these cases. The Committee currently includes members that are representative of each type and priority of unsecured debt in these cases, explicitly including the subordinated debt. These members owe a fiduciary duty to all unsecured creditors, not just to any similar constituency that it purports to "represent." <u>In re Garden Ridge Corp.</u>, 2005 WL 523129 (Bankr. D. Del. March 2, 2005) ("An official committee of unsecured creditors has a duty to represent all general unsecured creditors … Specifically, the members of an official committee owe a fiduciary duty to the committee's constituents, i.e. the entire class of general unsecured creditors."); <u>In re McLean Indus., Inc.</u>, 70 B.R. 852, 861 (Bankr. S.D.N.Y. 1987) (noting the "fundamental notion that a committee represents all unsecured creditors whether or not a member of a particular group is included in its membership"). The Committee members are entitled to a presumption that they will fulfill their fiduciary duty and thus represent the interests of the Subordinated Noteholders as well as all other unsecured creditors. <u>See In re Grant</u>

Broadcasting, 71 B.R. at 662 (finding that "if and only if, it becomes obvious that members of the Committee are placing self-interest ahead of their fiduciary duty would we consider appointing another Committee or replacing creditors otherwise entitled to be members of the Committee"); see also In re White Motor Credit Corp. 27 B.R. at 558 (rejecting an allegation of conflict of interest with respect to members of an equity committee and stating that, "[t]his Court will allow them to continue to serve until such time as they act in a manner adverse to the interests they have been appointed to serve").

16.    Law Debenture makes no meaningful assertion to the contrary.  Instead, Law Debenture urges the Court to compel its inclusion on the Committee based on an inappropriate standard of review (and, as discussed below, a standard of review that Law Debenture still cannot meet).  Law Debenture again argues for the standard adopted in Enron, a case in which the court reviewed a request not for appointment of another member to an existing committee, but rather for the appointment of an additional committee under the express grant of power of section 1102(a)(2).  Under this inapt standard, Law Debenture urges this Court to review the Trustee's decision on the basis of three factors: "(a) the ability of the existing committee to function, (b) the nature of the case, and (c) the standing and desire of the various constituencies." Motion, ¶ 38.

17.    Even adopting this misplaced standard, Law Debenture points to no meaningful evidence to support its Motion, but relies instead on circular and self-interested conclusions.  Law Debenture argues, without a single factual allegation or legally compelling argument, that:

A.    The Committee is not functioning properly because it cannot function properly without Law Debenture (Motion, ¶ 40 – 48);

9

       B.    "The nature of the size and complexity of the cases mandates that the Subordinated Noteholders have a voice in the Official Committee deliberations" (¶51); and

       C.    The Court should appoint Law Debenture to the Committee because the Debtors and the Committee do not support its appointment (¶52 – 55).

18.    Although each assertion (literally without offering a single relevant factual or legal allegation in support, much less evidence) fails on its own, the argument in support of the last of the "factors" is especially baseless. To hide its lack of factual basis and support for its Motion, and with absolutely no justification other than its own self-interest, Law Debenture alleges that the entire Committee in general, and Capital Research specifically, is incapable of fulfilling its respective fiduciary duties, and may have actively conspired to preclude Law Debenture from the Committee for the pecuniary interest of other creditors. Law Debenture seeks to tarnish the Committee members with an unsupported allegation and then to use that purported tarnish to support its own membership on the Committee.

19.    All the Committee's members, including Capital Research, have consistently and tirelessly conducted themselves in these cases with the utmost professionalism and care for their fiduciary duties, and for the interest and rights of the entire unsecured creditor body. Unsupported allegations and insinuations about a purported conflict of interest do not rise to the level of proof that a creditor is incapable of conducting itself professionally and appropriately as a member of the Committee. See e.g. In re Barney's Inc., 197 B.R. at 442 ("Bald" assertions and assertions "without substantiation" are not "specific evidence which supports a finding that the [creditor] has breached or is likely to breach a fiduciary duty to, or has an impermissible conflict of interest with, the class of creditors represented by that member."). Potential conflicts of interest (and the Committee does not concede that such alleged conflicts

exist) do not disqualify members of creditors' committees from fulfilling their duties.  See In re

Penn-Dixie Indus., Inc., 9 B.R. 936, 940 (S.D.N.Y. 1981) (large equityholder with stated desire

to take control of debtor entitled to sit on equity committee; claim that it would violate its

fiduciary duty to other equityholders because of its economic interest in reducing price of equity

deemed too "speculative"); In re Grant Broadcasting, 71 B.R. at 662 (finding that "if and only if,

it becomes obvious that members of the Committee are placing self-interest ahead of their

fiduciary duty would we consider appointing another Committee or replacing creditors otherwise

entitled to be members of the Committee"); In re Map Int'l, 105 B.R. 5, 6 (Bankr. E.D. Pa. 1989)

(competitor of debtor entitled to serve on creditors' committee unless debtor could establish that

it had "in fact violated its fiduciary duties"); In re Plant Specialists, 59 B.R. 1, 2 (Bankr. W.D.

La. 1986) (competitor of debtor entitled to serve on creditors' committee where testimony made

it "clear that he understands the fiduciary nature of his duties and is prepared to meet that

standard"); In re White Motor Credit Corp. 27 B.R. at 558 (rejecting an allegation of conflict of

interest with respect to members of an equity committee and stating that, "[t]his Court will allow

them to continue to serve until such time as they act in a manner adverse to the interests they

have been appointed to serve").

      20.     Notably, through the Motion, Law Debenture exhibits the exact form of

self-interest of which it so baldly insinuates others are guilty.  Throughout the Motion, Law

Debenture makes clear the entire purpose of its quest for inclusion on the Committee is the

ability to pursue its own interests.  Considering the progress that the Committee has made to

date, the Committee's effective internal working relationships and the developing relationship

with the Debtors, and the extraordinary work still to come in these cases, the addition of such a

self-interested actor on the Committee could have unfortunate consequences for these cases.

11

## CONCLUSION

**WHEREFORE,** the Committee respectfully requests that this Court deny the

Motion, and grant the Committee such other relief as is just and proper.

Dated: January 2, 2006
     New York, New York

                  **LATHAM & WATKINS LLP**

                  By: /s/ Robert J. Rosenberg
                      Robert J. Rosenberg (RR-9585)
                      Mitchell A. Seider
                      Mark A. Broude (MB-1902)
                      885 Third Avenue, Suite 1000
                      New York, New York 10022
                      Telephone: (212) 906-1200

                  Attorneys for the Official Committee
                  of Unsecured Creditors

NY\1098295.3