**BROWN RUDNICK BERLACK ISRAELS LLP**
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Robert Stark (RS 3575)

- and -

**BROWN RUDNICK BERLACK ISRAELS LLP**
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
Peter J. Antoszyk (motion for admission *pro hac vice* pending)

Counsel for Law Debenture Trust Company of New York,
As successor Indenture Trustee and Property Trustee
for the 8.25% Junior Subordinated Note Due 2033
and the Adjustable Rate Junior Subordinated Note Due 2033

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ) | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, et al., ) | (Jointly Administered) |
| ) | |
| Debtors. ) | |

**MOTION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK
FOR EXPEDITED DETERMINATION OF ITS MOTION
FOR LEAVE TO APPEAL PURSUANT TO 28 U.S.C. §§ 158(a)(3) AND 1292(b)
AND THE COLLATERAL ORDER DOCTRINE**

Law Debenture Trust Company of New York ("Law Debenture"), by and through its undersigned counsel, hereby requests that this Court determine its Motion, pursuant to 28 U.S.C. §§ 158(a)(3) and 1292(b), for Leave to Appeal ("Motion for Leave") an interlocutory order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered on February 8, 2006 on an expedited basis.  In support thereof, Law Debenture hereby states as follows:

1. On October 8, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its affiliates and subsidiaries (collectively, "Debtors") each filed with the Bankruptcy Court voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the within cases (the "Cases").  At that time, Debtors had more than 180,000 employees worldwide, global annual revenues of approximately $28.6 billion, and global assets worth approximately $17.1 billion.

2. The Cases represent the largest manufacturing and technology filing in the history of the federal bankruptcy system and ranked on the Petition Date as (1) the fifth largest public company business reorganization in terms of revenues and (2) the thirteenth largest public company reorganization in terms of assets.  According to the Debtors, the Cases will involve substantial restructuring, including divestiture, consolidation and wind-down of a substantial segment of the Debtors' U.S. business operations.

3. Law Debenture is the successor Indenture Trustee and Property Trustee for the holders of the (a) 8.25% Junior Subordinated Note Due 2033 and (b) adjustable Rate Junior Subordinated Note Due 2033 (together, the "Subordinated Notes") issued pre-petition by Delphi.  The Subordinated Notes have an aggregate principal amount of $412,371,975. The Subordinated Notes are either contractually or structurally subordinate to <u>all</u> other

1

unsecured debt.[1] The Subordinated Noteholders[2] thus have the singular distinction of being in the most tenuous position in the capital structure – junior in all respects to <u>all</u> other creditor classes and senior <u>only</u> to equity.

4. Notwithstanding this unique position, the Subordinated Noteholders are not represented on the Official Committee of Unsecured Creditors (the "<u>Committee</u>"). The Committee consists only of representatives of general unsecured debt other than the Subordinated Noteholders, all of whom are senior in right of payment to the those of the Subordinated Noteholders. Efforts of Law Debenture to be appointed to the Committee were rejected by the United State Trustee and opposed by the Debtors and the Official Committee.

5. Consequently, Law Debenture sought relief from the Bankruptcy Court by means of a motion seeking inclusion on the Committee (the "<u>First Motion</u>"). On February 8, 2006, the Bankruptcy Court entered an order denying Law Debenture's request following an Omnibus Hearing (the "<u>Hearing</u>") held on January 5, 2005, at which it considered a variety of motions and issues, including the First Motion. It denied Law Debenture's First Motion because it found that the U.S. Trustee did not abuse her discretion in its formulation of the Official Committee.

6. In its Motion for Leave filed simultaneously herewith, Law Debenture respectfully submits that the Bankruptcy Court applied an erroneous legal standard – abuse of discretion – for review of the U.S. Trustee's actions and, in connection therewith, made erroneous findings. It requests, for the reasons stated in its Motion For Leave, that the

---

[1] Law Debenture does not waive any right it may have or any right of any holder of the Subordinated Notes to challenge the subordination provisions of the Indenture. However, until challenged, it is fair to assume the effectiveness of the subordination provisions.

[2] For convenience, the term "<u>Subordinated Noteholders</u>" is used herein to refer to the ultimate beneficiaries of the Subordinated Notes, notwithstanding the technical fact that Law Debenture, as Property Trustee, is currently the sole holder of the Subordinated Notes.

2

Bankruptcy Court's denial of its First Motion should be reversed and that this Court either (i) appoint Law Debenture to the Official Committee or (ii) remand the matter for further consideration by the Bankruptcy Court consistent with the law.

7. Law Debenture requests that this Court hear and determine its Motion for Leave on an expedited basis.

8. Since the formation of the Committee on or about October 20, 2005, Law Debenture has been diligently seeking appointment to the Committee. After not receiving a decision from the U.S. Trustee for two months, notwithstanding numerous inquiries, Law Debenture filed a motion with the Bankruptcy Court seeking its determination. Law Debenture's motion was, in part, triggered by a press release issued by the Debtors on December 19, 2005, indicating that they were moving forward with in-depth negotiations with their labor representatives and with General Motors Corporation. These discussions and many other developments in the Cases are not a matter of public record and will not become a matter of public record until substantially, if not wholly, resolved by the Debtors with direct input from the Committee. Yet the results will have a direct economic impact upon the Subordinated Noteholders, who are not represented on the Committee and who are one of the largest creditor constituents in the Cases. Since these important issues which effect the global restructuring of the Debtors are being considered now, it is vital that Law Debenture receive an expeditious determination of its Motion for Leave so that, ultimately, it can participate in Committee deliberations as soon as possible.

**WHEREFORE,** Law Debenture respectfully requests that this Court enter an Order (i) granting an expedited hearing on its Motion for Leave and (ii) granting such other relief as is just and proper.

3

Dated: February 17, 2006

Respectfully submitted,

**BROWN RUDNICK BERLACK ISRAELS LLP**

By:   /s/ Robert J. Stark, Esq.
      Robert Stark (RS 3575)

Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

- and -

Peter J. Antoszyk, Esq.
(motion for admission *pro hac vice* pending)
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201

Counsel for Law Debenture Trust Company of New York, as successor Indenture Trustee and Property Trustee for the 8.25% Junior Subordinated Note Due 2033

\# 1414849