LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (admitted *pro hac vice*)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
       mitchell.seider@lw.com
       mark.broude@lw.com

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481(RDD) |
| | ) | |
| | ) | Jointly Administered |
| | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
---------------------------------------------------------

**INTERIM ORDER UNDER 11 U.S.C. §§ 328 AND 1103 AUTHORIZING
EMPLOYMENT AND RETENTION OF JEFFRIES & COMPANY, INC. AS
INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED
<u>CREDITORS</u>**

       Upon the amended application, dated February 17, 2006 (the "<u>Application</u>"), of the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "<u>Committee</u>") for entry of interim and final orders under 11 U.S.C. §§ 328(a) and 1103 and Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rules</u>") authorizing the employment and retention of Jefferies & Company, Inc. ("<u>Jefferies</u>") as investment banker advisor to the Committee as of October 18, 2005; and upon the Affidavit of William Q. Derrough, a Managing Director of Jefferies, sworn to February 17, 2006; and upon

the proceedings held before this Court; and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates and creditors; and the Court being satisfied that Jefferies does not represent any entity, other than the Committee, having an adverse interest in connection with these cases; and the Court being satisfied that the terms of compensation being sought by Jefferies as set forth in the Engagement Letter attached to the Application as Exhibit A (the "<u>Engagement Letter</u>") are reasonable; and it appearing that proper and adequate notice of the Application and the terms of the Engagement Letter has been given and that no further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGES AND DECREED THAT**:

1. The Application is GRANTED on an interim basis.

2. The Committee is authorized to employ and retain Jefferies, as of October 18, 2005, as its investment banker, on an interim basis (pending a final hearing upon adequate notice) to perform the services described in the Application pursuant to the terms set forth in the Engagement Letter.

3. To the extent accrued during the interim period of its retention, Jefferies shall receive (a) its $175,000 per month cash advisory fee and (b) reimbursement of its expenses. Except as set forth in the next decretal paragraph, Jefferies' compensation received during the interim period shall not hereafter be subject to challenge except under the standards of review under 11 U.S.C. § 328(a).

4. Notwithstanding the preceding decretal paragraph, all compensation and reimbursement to be paid to Jefferies shall be paid only upon specific approval from the Court or in accordance with any other procedures for the compensation of professionals established by the

2

Court in these cases, such as the procedures proposed in the Motion of the Debtors for an Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members (the "Compensation Procedures Motion"). Any fees or expenses paid to Jefferies but disapproved by the Court shall be promptly returned by Jefferies to the Debtors' estates. The United States Trustee shall retain the right to object to Jefferies' fee applications (including expense reimbursement) in respect of fees and expenses on all grounds, including, but not limited to, the reasonableness standards provided for in 11 U.S.C. § 330.

5.  Jefferies shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in 11 U.S.C. §§ 330 and 331, any applicable Bankruptcy Rules, the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York ("Local Rules"), the fee and expense guidelines established by the United States Trustee, and all orders of this Court; provided, however, that Jefferies' restructuring professionals shall keep time records in one-hour increments.

6.  All requests of Jefferies for payment of indemnity, contribution or otherwise pursuant to the indemnification provisions of the Engagement Letter shall be made by means of an interim and final fee application and shall be subject to the review of this Court.

7.  In no event shall an Indemnified Person (as defined in the Engagement Letter) be indemnified or receive contribution or other payment under the indemnification provisions of the Engagement Letter if the Debtors, their estates, or the Committee assert a claim for, and the Court determines by final order that such claim arose out of, bad-faith, self-dealing,

3

breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person.

8. In the event an Indemnified Person seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Jefferies' own interim and final fee applications, and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of this Court under the standards of 11 U.S.C. § 330 without regard to whether such attorney has been retained under 11 U.S.C. § 330.

9. To the extent that any term of this Interim Order is inconsistent with the Engagement Letter, such term of this Interim Order shall govern.

10. The Interim Order shall remain in full force and effect until the time the Court enters a final order approving Jefferies' retention.

11. The Committee shall serve a notice of the final hearing to approve the Application (the "Notice"), substantially in the form attached hereto as Exhibit 1, on all known creditors in these chapter 11 cases, at least 45 days before such final hearing. Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid. No further notice of the final hearing to approve the Application or of the entry of the Interim Order need be served by the Committee.

12. Objections, if any, to the approval of the Application on a final basis must be in writing and filed timely in accordance with the requirements set forth in the Notice. The hearing to determine whether to approve the Application on a final basis shall be held on April 6, 2006 at 10:00 a.m..

13. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

14. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Date:   New York, New York
        _____, 2006

                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE

LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (admitted *pro hac vice*)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
         mitchell.seider@lw.com
         mark.broude@lw.com

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481(RDD) |
| | ) | |
| | ) | Jointly Administered |
| | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

--------------------------------------------------------

**NOTICE OF AMENDED APPLICATION AND ENTRY OF INTERIM ORDER UNDER 11 U.S.C. §§ 328 AND 1103 AUTHORIZING EMPLOYMENT AND RETENTION OF JEFFRIES & COMPANY, INC. AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

TO:   ALL KNOWN CREDITORS OF THE DEBTORS AND UNITED
        STATES TRUSTEE FOR THE SOUTHERN DISTRICT OF NEW YORK

PLEASE TAKE NOTICE that on February 17, 2006, the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "Committee") filed its amended application, dated February 17, 2006, of for entry of interim and final orders under 11 U.S.C. §§ 328(a) and 1103 and Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure authorizing the employment and retention, as of October 18, 2005, of Jeffries & Company, Inc. ("Jeffries") as its investment banker (the "Application").

PLEASE TAKE FURTHER NOTICE that, on _____, 2006, the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>") entered an order (the "<u>Interim Order</u>") authorizing the employment and of Jefferies on an interim basis pending a final hearing on the Application.

PLEASE TAKE FURTHER NOTICE that pursuant to the Application, the Committee is seeking to retain Jefferies, pursuant to that certain Engagement Letter, dated as of December 19, 2005, by and among the Committee and Jefferies (the "<u>Engagement Letter</u>"), to perform, among others, the following services:

   a)   valuation of the Debtors' enterprise value, on a consolidated and division basis;

   b)   pricing of any securities to be issued in the Restructuring, as well as evaluation of the terms of any such securities;

   c)   evaluation of any financing proposed as part of the Restructuring, including, without limitation, debtor in possession financing and exit financing;

   d)   assist and advise the Committee in examining and analyzing any potential or proposed strategy for restructuring or adjusting the Debtors' outstanding indebtedness, labor costs or capital structure, including, without limitation, assessment of leverage and capital structure of the reorganized entities, evaluation of business acquisitions/divestitures (including monitoring of any purchase/ sale process);

   e)   analysis of restructuring proposals from various constituencies, including, without limitation, labor concession proposals, pension and OPEB restructuring plans;

   f)   assist and advise the Committee in evaluating and analyzing the proposed implementation of a Restructuring; and

   g)   render such other investment banking services as may from time to time be agreed upon by the Committee and Jefferies, including, without limitation, providing expert testimony and other expert and investment banking support related to any threatened, expected, or initiated litigation.

2

PLEASE TAKE FURTHER NOTICE that, if the Application is approved, Jefferies will, unless such terms prove to be improvident in light of developments not capable of being anticipated at the time of the Hearing, be entitled to receive compensation as set forth in the Engagement Letter.  In summary, Jefferies will be entitled to receive the following:

(a) a monthly fee (the "Monthly Fee") of $175,000 per month, and

(b) a transaction fee (the "Transaction Fee") in an amount equal to (i) 0.5% of Total Consideration[1] greater than $0.50 up to and including $0.75 per $1.00 of allowed unsecured claim, and (ii) 0.75% of Total Consideration greater than $0.75 per $1.00 of allowed unsecured claim (such fee arrangement is hereinafter referred to as the "Fee Structure"). The Transaction Fee shall not be less than $2 million or greater than $10 million (the "Cap"), however Jefferies has reserved the right to request modification of the Cap.

(c) reimbursement of all reasonable out-of-pocket expenses, including, without limitation, all reasonable travel expenses, duplicating charges, messenger services, long distance telephone calls and other customary expenditures incurred by Jefferies in performing its investment banking services.

PLEASE TAKE FURTHER NOTICE that if the Application is granted, the Debtors and their estates will indemnify and hold harmless Jefferies, its agents, principals and employees for all claims, damages, liabilities and expenses to which such parties may have been subject to as a result of their involvement with providing investment banking services, except to

---

[1]    "Total Consideration" is defined as the aggregate consideration, if any, paid by the Debtors on account of allowed unsecured claims pursuant to the any plan of reorganization confirmed in these cases (including any amounts in escrow), but excluding any consideration paid on account of allowed claims of the Pension Benefit Guaranty Corporation, or any assignee thereof.  The Transaction Fee will be payable on the earlier of (a) the date of the receipt of initial distributions by the Debtors' unsecured creditors and (b) the effective date of the plan.  To the extent the Total Consideration is paid in cash, the Transaction Fee is also payable in cash.  To the extent the Total Consideration will consist of non-cash consideration, in the Committee's sole discretion, the Transaction Fee may be payable in like consideration.

the extent that such claims, damages, liabilities and expenses resulted, in whole or in part, from bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence or willful misconduct.

PLEASE TAKE FURTHER NOTICE that the foregoing summary of certain elements of Jeffries' retention is not complete and that the full terms of the retention are contained in the Application and the Engagement Letter, which are available for inspection at the office of the clerk of the Bankruptcy Court and on the Bankruptcy Court's internet site at www.nysb.uscourts.gov, through an account obtained from Pacer Services Center at 800-676-6856.  To the extent that the summary of the retention terms set forth in this notice conflict with the terms of the Engagement Letter, the terms of the Engagement Letter shall control.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the approval of the Application on a final basis must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, (c) be filed with the Bankruptcy Court in accordance with General Order M-242, as amended (registered users of the Bankruptcy Court's case filing system must file electronically and all other parties-in-interest must file on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert Drain, United States Bankruptcy Judge, and (e) served upon (i) Jefferies at 520 Madison Avenue, 5th Floor, New York, NY 10022 (Att'n: William Q. Derrough), (ii) counsel to Jefferies, Milbank, Tweed, Hadley & McCloy LLP, at One Chase Manhattan Plaza, New York, NY 10005 (Att'n: Susheel Kirpalani), (iii) counsel to the Committee, Latham & Watkins LLP, at 885 Third Avenue, New York, NY 10022, (iv) the Debtors at Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (v) counsel to the Debtors, Skadden, Arps, Slate, Meagher &

4

Flom, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (vi) special counsel to the Debtors, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022 (Att'n: Douglas P. Bartner), (vii) counsel to the agent under the Debtors' postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Marlane Melican), (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York 10044 (Att'n: Deirdre A. Martini, Esq.), and (ix) the indenture trustees for the Debtors' outstanding debt securities, Wilmington Trust Company, 1100 North Market Street, Rodney Square North, Wilmington, Delaware 19890 (Att'n: Corporate Trust Office) and Law Debenture Trust Company of New York, 780 Third Avenue, 31st Floor, New York, New York 10017 (Att'n: Corporate Trust Office), in each case so as to be **received** no later than **4:00 p.m. Eastern Time on May 3, 2006.**

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Application on a final basis will be held on May 10, 2006 at 10:00 a.m. before the Honorable Robert Drain, United States Bankruptcy Judge, in the Bankruptcy Court, Courtroom 610, One Bowling Green, New York, New York 100004-1408.

| | |
|---|---|
| Date: New York, New York <br> _____, 2006 | **LATHAM & WATKINS LLP** <br><br> By: /s/ Robert J. Rosenberg <br> Robert J. Rosenberg (RR-9585) <br> MitchellMitchell A. Seider (admitted *pro hac vice*) <br> Mark A. Broude (MB-1902) <br> 885 Third Avenue, Suite 1000 <br> New York, New York 10022 <br> Telephone: (212) 906-1200 <br><br> Attorneys for the Official Committee of Unsecured Creditors |

5