1001 Pennsylvania Avenue, NW, Washington, DC 20004-2595 ▪ p202 624-2500 ▪ f202 628-5116

# crowell moring

Kent A. Gardiner
202-624-2578
kgardiner@crowell.com

August 16, 2005

101310.0000001
1092507

**PRIVILEGED AND CONFIDENTIAL**

Joseph E. Papelian, Esq.
Assistant General Counsel - Litigation
Delphi Corporation
5725 Delphi Drive
M/C 483-400-603
Troy, MI 48098-2815

Re:   Electrical Carbon Products Antitrust Litigation

Dear Joe:

This letter will serve to memorialize our agreement concerning the representation of Delphi Corporation ("Delphi") by Crowell & Moring LLP ("C&M") in connection with the negotiation and/or litigation of Delphi's damages claims against certain suppliers of electrical carbon products and their relevant representatives for colluding to artificially raise, fix, maintain and stabilize prices for electrical carbon products (the "Action"). We are pleased to have been selected by you to pursue these claims on Delphi's behalf. This letter will also memorialize our agreement regarding C&M's representation of Delphi and potentially a group of other purchasers that may be pursuing an action or actions together with, or contemporaneously with, Delphi's action (the "Group").

As an initial matter, we wish to confirm that Delphi will remain in full control of its litigation options in connection with the Action. In particular, regardless of whether or not Delphi proceeds alone or as part of a group in seeking recovery from electrical carbon products suppliers, Delphi will retain full autonomy regarding whether, when and where to file any sort of litigation relating to its claims, and likewise will retain full autonomy over decisions regarding resolution of its claims.

Jerry Murphy, Daniel Sasse and I will be principally responsible for the representation of Delphi and the Group. During the course of the representation, you should feel comfortable to call on any of us at any time. Other C&M lawyers, law clerks, or legal assistants may also work on this matter from time to time under our supervision as the need arises.

Joseph E. Papelian, Esq.
August 16, 2005
Page 2

Delphi will incur no hourly charges for C&M's legal services in connection with this matter. Instead, Delphi agrees to pay C&M, as a fee for our legal services, a portion of any amount that is recovered by Delphi as a settlement or judgment in connection with this matter (the "Contingent Fee"). The Contingent Fee shall be determined as follows:

## Phase One – Early Negotiated Resolution

C&M already has expended significant resources in developing this matter. In addition, as the matter progresses and C&M continues to gather evidence, analyze the legal issues, and develop economic damages positions, C&M expects to expend substantially more resources. Delphi, either alone or as part of a group effort, may decide to pursue settlement negotiations with some or all of the defendants either before or after the commencement of litigation. In the event such negotiations produce a settlement and recovery for Delphi prior to the commencement of full-scale litigation (i.e., litigation beyond the motion to dismiss and/or jurisdictional discovery stage), Delphi agrees to pay C&M, as a fee for our legal services, an amount equal to 25% of such recovery.

## Phase Two – Full-scale Litigation

In the event litigation with some or all of the defendants continues beyond Phase One, and thereafter Delphi secures a settlement or judgment with some or all of the defendants, Delphi agrees to pay C&M an amount equal to 30% of any amount that is recovered by Delphi.

With regard to the Schunk Defendants, however, Delphi will not pay any percentage of the first $380,000 recovered on its behalf at any point during this case, regardless of whether this recovery is in cash or value to Delphi. Delphi agrees to pay C&M one third (33.3%) of recoveries from the Schunk Defendants in excess of $380,000. C&M will also retain $100,000 of Delphi's portion of any recoveries in excess of $380,00 to cover costs and fees related to this matter. For example, if Delphi recovered $500,000, the first $380,000 goes to Delphi, C&M would get one third of $120,000, or $40,000, and $80,000 would go towards the $100,000 retainer for costs.

If Delphi obtains other than a monetary recovery (*e.g.*, favorable terms on future purchases), Delphi agrees to remit to C&M an amount reflecting the above percentages based on a good faith estimate of the monetary value of the benefit obtained by Delphi from the defendants. If Delphi prevails in the litigation and is awarded attorneys' fees equal to or greater than the Contingent Fee, then such attorneys' fee award shall be paid, in lieu of the Contingent Fee, to C&M. If Delphi prevails in the litigation and is awarded attorneys' fees less than the Contingent

Joseph E. Papelian, Esq.
August 16, 2005
Page 3

Fee, then such award of attorneys' fees will be paid to C&M, with Delphi's Contingent Fee owed to C&M reduced by the amount of the attorneys' fee award.

C&M and Delphi further agree that Delphi will be responsible for paying its *pro rata* share (based upon the Company's share of total Group purchases of the relevant products) of any expenses or fees for other services in connection with its representation of Delphi or the Group incurred after the signing of this agreement (including expenses and other services occurring prior to the commencement of litigation). This would include, but not be limited to, any fees and expenses incurred for experts retained on behalf of Delphi or the Group, deposition costs, court costs, postage, long distance telephone, photocopies, word processing, administrative overtime, travel, messenger services, and meals, spent on behalf of the Group (collectively "costs").

Delphi shall share in any Group settlement achieved on the same basis as costs are apportioned as set forth above. If Delphi prevails in the litigation and is awarded litigation costs, Delphi agrees that it will remit its share of such award of costs to C&M. In the near future, the Group may execute a Litigation Cooperation Agreement ("LCA") that, *inter alia*, addresses the sharing of such costs among some members of the Group. To the extent that any of the terms of this Agreement are deemed inconsistent with the LCA, the terms of this Agreement shall take precedence.

During the course of C&M's representation of Delphi and the Group, the parties will evaluate the progress of their efforts. If, at any time, C&M determines that its continued representation of Delphi or the Group is no longer in its best interest, that the claims are not meritorious, or that a potential recovery would not justify the expense of further litigation, C&M may withdraw from representation of Delphi or any member of the Group consistent with all its professional responsibilities. Such withdrawal would be on reasonable notice to Delphi or any member of the Group.

Likewise, Delphi may withdraw from this Agreement at any time, provided that if it subsequently obtains a recovery from any defendants in the Action, Delphi shall, upon receipt of such recovery, promptly notify C&M of such recovery and depending upon the stage of the litigation shall remit to C&M an amount equal to the Contingent Fee as outlined above, or, in the alternative, such portion of such recovery that Delphi and C&M reasonably and in good faith agree upon, taking into account, *inter alia*, the stage of the litigation at which Delphi withdrew from the Agreement, and the value of the time expended and risk undertaken by C&M prior to the withdrawal. C&M may continue to represent other members of the Group regardless of whether Delphi or C&M choose to withdraw from this agreement.

Joseph E. Papelian, Esq.
August 16, 2005
Page 4

  As we have discussed, C&M may be representing a group of plaintiffs in this litigation, which may include entities involved in other activities affecting Delphi. You have agreed that the representation of Delphi by C&M in this matter will not be grounds for asserting a conflict of interest or the appearance of a conflict of interest in any work that C&M may do for other entities. Specifically, you have agreed that C&M's representation of Delphi in this matter will not, in and of itself, prevent C&M from representing any other entity, even though such other entity may become adversarial to Delphi in business transactions, litigation, or judicial or administrative proceedings unrelated to the litigation that is the subject of our joint representation. We further understand that Delphi shall waive any conflict of interest, based on C&M's representation of Delphi in this matter, as a ground for disqualifying C&M from representing other entities.

  Finally, unless we receive different instructions from you, we will retain files from this matter for five years after its completion. At that time, documents other than those with intrinsic value (such as a deed or contract) will be offered to you and, if not accepted, will be destroyed.

  If these terms and conditions are acceptable, please sign the enclosed copy of this letter in the space below and return it to me.

              Sincerely,

              Kent A. Gardiner
              Crowell & Moring LLP
              1001 Pennsylvania Avenue, N.W.
              Washington, D.C. 20004-2595
              (202) 624-2578

AGREED:

**Delphi Corporation**

By: _____     Date: _____
 Joseph E. Papelian
 Assistant General Counsel - Litigation