UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
    In re             :  Chapter 11
:
DELPHI CORPORATION, et al.,    :  Case No. 05-44481 (RDD)
:
           Debtors. :  (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF JEROME A. MURPHY IN SUPPORT OF
APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(e) AND
1107(b) AND FED R. BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND RETENTION
OF CROWELL & MORING LLP AS ANTITRUST COUNSEL TO DEBTORS

    DISTRICT OF COLUMBIA

  I, JEROME A. MURPHY, being duly sworn, deposes and states as follows:

    1. I am an attorney admitted to practice before the courts of the District of Columbia and Maryland. I am a Partner in the law firm of Crowell & Moring LLP ("Crowell & Moring"), proposed antitrust counsel for Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors").

    2. I submit this affidavit (the "Affidavit")[1] in support of the Application For Order Under 11 U.S.C. §§ 327(e) And 1107(b) And Fed. R. Bankr. P. 2014 Authorizing Employment And Retention Of Crowell & Moring LLP As Antitrust Counsel To Debtors (the "Application") nunc pro tunc to October 8, 2005, filed concurrently herewith.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Application.

3. The name, address and telephone number of Crowell & Moring are as follows:

> 1001 Pennsylvania Avenue, N.W.
> Washington, D.C. 20004-2595
> (202) 624-2500.

4. Crowell & Moring is well qualified to assist the Debtors in the manner described in the Application. Crowell & Moring is a nationally recognized, full-service law firm based in Washington, D.C. with offices in Brussels, London, and Southern California. With more than 300 lawyers, Crowell & Moring assists clients in a wide variety of administrative, regulatory, and litigation matters. Crowell & Moring's antitrust and trade regulation practice includes civil litigation and investigations; mergers and acquisitions; criminal grand jury investigation and trials; and counseling on ways to manage antitrust risks in all manners of business transactions. Most importantly for present purposes, several members of Crowell & Moring have extensive experience in antitrust law and its interplay with restructuring and bankruptcy law. Accordingly, the Debtors believe that Crowell & Moring is qualified to serve as antitrust counsel in these chapter 11 cases in an efficient and effective manner.

5. Crowell & Moring has advised the Debtors regarding antitrust law during the course of its prepetition representation. Based on the services that Crowell & Moring has previously rendered to the Debtors, Crowell & Moring is thoroughly familiar with the Debtors' corporate structure, the nature of their financial status, and certain legal matters relating to the Debtors.

6. Generally, in connection with the Debtors' cases, Crowell & Moring intends to continue providing the Debtors with the following types of professional services: legal advice and representation in an antitrust action *Emerson Elec., et al. v. Morgan Crucible Co., et al.*,

filed in the United States District Court for the Eastern District of Michigan, Case No. 05-cv-73655. This action has subsequently been transferred to the court of the Honorable Jerome B. Simandle of the United States District Court for the District of New Jersey and consolidated in *In re Electrical Carbon Products Antitrust Litigation*, MDL No. 1514, Master Docket No. 03-cv-2182 (JBS). The *Emerson* plaintiffs, including Delphi Corporation, allege that the defendants engaged in a worldwide conspiracy, the purpose and effect of which was to fix, raise, maintain, and/or stabilize prices and to allocate markets and customers for electrical carbon products sold in the United States, Europe and elsewhere, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and Sections 445.772 and 445.778 of the Michigan Antitrust Reform Act. Delphi Corporation and other *Emerson* plaintiffs seek to recover damages for these alleged overcharges.

7. In light of certain existing client representations on unrelated matters, the engagement of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden") as the Debtors' bankruptcy counsel, the engagement of Shearman & Sterling LLP ("Shearman") as the Debtors' special counsel, the engagement of Togut, Segal & Segal LLP ("Togut") as the Debtors' conflicts counsel, and the engagement of other counsel for the Debtors, Crowell & Moring will not be responsible for or undertake any representation with respect to (a) advising the Debtors concerning specific contracts and claims of certain of Crowell & Moring's existing clients and (b) reviewing, interpreting, or commenting on the specific contracts and claims of certain of Crowell & Moring's existing clients. These existing client relationships, and the scope of the carve-out from Crowell & Moring's retention, are discussed more fully below.

8. It is Crowell & Moring's understanding that the Debtors may request that Crowell & Moring undertake specific matters beyond the limited scope of the responsibilities set

forth above. Should Crowell & Moring agree in its discretion to undertake any such matter, it is Crowell & Moring's understanding that the Debtors will seek further order of this Court.

9. Crowell & Moring is making efforts, together with the Debtors' other counsel, to ensure that there is no duplication of effort or work between such firms and Crowell & Moring. It is Crowell & Moring's intention that the estates should receive the best value possible from the efficient coordination of work among its counsel. Crowell & Moring believes that its lawyers and the rest of the lawyers retained in these cases have to date delineated clearly, and will continue to delineate clearly, the division of work between them, so as to avoid any duplication of effort and to maximize the efficiencies of the proposed arrangement.

10. On behalf of the Debtors and other clients, Crowell & Moring filed a civil action in the U. S. District Court for the Eastern District of Michigan, *Emerson Elec., et al. v. Morgan Crucible Co., et al.* (Case No. 2:05 CV 73655). Crowell & Moring has not received any compensation for services rendered or expenses incurred for the prepetition antitrust legal work performed by Crowell & Moring. There are no arrangements between Crowell & Moring and any other entity to share compensation received or to be received in connection with these chapter 11 cases.

11. Crowell & Moring has agreed to accept payment on a contingent fee basis as compensation for the services rendered in connection with its representation of the Debtors. Crowell & Moring has agreed to accept as a fee for legal services, a portion of any amount that is recovered by the Debtors as a settlement or judgment in connection with the *Emerson* litigation. Prior to being retained by the Debtors, Crowell & Moring already had expended significant resources in developing this matter, and has continued to do so to the present. In addition, as the matter progresses and Crowell & Moring continues to gather evidence, analyze the legal issues,

and develop economic damages positions, Crowell & Moring expects to expend substantially more resources.

12. Pursuant to an August 16, 2005 retention letter, Crowell & Moring has agreed to a two-tiered contingent fee arrangement. In the event that settlement negotiations with any or all defendants produce a settlement and recovery for the Debtors prior to the commencement of full-scale litigation (including litigation beyond the motion to dismiss and/or jurisdictional discovery stage), Crowell & Moring has agreed to accept as a fee for legal services an amount equal to 25% of such recovery. In the event litigation with some or all of the defendants continues beyond this initial discovery phase, and thereafter the Debtors secure a settlement or judgment with some or all of the defendants, Crowell & Moring has agreed to accept an amount equal to 30% of any amount that is recovered by the Debtors. With regard to the Schunk Defendants[2], however, Crowell & Moring has agreed to forego payment on the first $380,000 recovered on the Debtors' behalf at any point during the case, regardless of whether this recovery is in cash or value to the Debtors. Further, Crowell & Moring has agreed to accept as payment one third (33.3%) of recoveries from the Schunk Defendants in excess of $380,000. Crowell & Moring and the Debtors also agreed that Crowell & Moring will retain $100,000 of the Debtors' portion of any recoveries in excess of $380,00 until conclusion of the *Emerson* litigation in order to cover costs and fees related to this matter.

13. If the Debtors obtain other than a monetary recovery (*e.g.*, favorable terms on future purchases), Crowell & Moring has agreed to accept an amount reflecting the above percentages based on a good faith estimate of the monetary value of the benefit obtained by the

---

[2]    The term "Schunk Defendants" includes Ludwig Schunk Stiftung e.V.; Schunk GmbH; Schunk Kohlenstoff-Technik GmbH; Schunk of North America, Inc; Schunk Graphite Technology LLC; Hoffmann & Co. Elektrokohle AG; and Hoffmann Carbon, Inc., and all of their subsidiaries, parents, and affiliates.

Debtors from the defendants. If the Debtors prevail in the litigation and are awarded attorneys' fees equal to or greater than the contingent fee described above, Crowell & Moring has agreed to accept such attorneys' fee award as payment, in lieu of the contingent fee. If the Debtors prevail in the litigation and are awarded attorneys' fees less than the contingent fee, Crowell & Moring has agreed to accept such award of attorneys' fees as payment, with the Debtors' contingent fee owed to Crowell & Moring reduced by the amount of the attorneys' fee award.

14. Crowell & Moring and the Debtors further agreed that the Debtors will be responsible for paying their *pro rata* share (based upon the Debtors' share of the total *Emerson* plaintiffs' group purchases of the relevant products) of any expenses or fees for other services in connection with Crowell & Moring's representation of the Debtors or the plaintiffs' group (including expenses and other services occurring prior to the commencement of litigation). The Debtors shall share in the *Emerson* plaintiffs' group U.S. settlement achieved on the same basis as costs are apportioned as set forth above, except that the Debtors' purchases from the Morgan Defendants[3] will not be included in the pro rata allocation because the Debtors previously settled their claims with the Morgan Defendants. Further, if the Debtors prevail in the litigation and are awarded litigation costs, the Debtors have agreed that they will remit their share of such award of costs to Crowell & Moring.

15. Crowell & Moring intends to request allowance and payment of fees as set forth above and to request allowance and reimbursement of its expenses according to the Engagement Letter and Crowell & Moring's customary reimbursement policies, subject to

---

[3] The term "Morgan Defendants" includes The Morgan Crucible Company PLC; Morganite Industries, Inc.; Energy Conversion Systems, formerly known as Morganite, Inc.; Morgan Advanced Materials and Technology, Inc.; Morganite Electrical Carbon Ltd.; and National Electrical Carbon Products, Inc.

approval of this Court.  Crowell & Moring will not be paid any additional compensation by the Debtors except upon application to and approval by this Court after notice and a hearing.

        16.    Crowell & Moring acknowledges that all amounts paid to Crowell & Moring during these chapter 11 cases are subject to final allowance by this Court.  In the event that any fees or expenses paid to Crowell & Moring during these cases are disallowed by this Court, the fees and expenses will be disgorged by Crowell & Moring and returned to the Debtors or as otherwise ordered by this Court.

        17.    Crowell & Moring categorizes its billings by subject matter, in compliance with the applicable guidelines of the Office of the United States Trustee (the "U.S. Trustee Guidelines").  Crowell & Moring acknowledges its compensation in the Debtors' cases is subject to approval of this Court in accordance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, and the U.S. Trustee Guidelines.

        18.    Crowell & Moring has conducted a check for conflicts of interest and other conflicts and connections with respect to the Debtors' bankruptcy cases.  Crowell & Moring maintains a database containing the names of current, former, and potential clients and other principal parties related to such clients.  I caused Crowell & Moring to review and analyze the conflict database to determine whether Crowell & Moring has any connection with the principal parties-in-interest in these chapter 11 cases, using information provided to Crowell & Moring by the Debtors and Skadden and information contained in the database, including (a) the names of the Debtors' prepetition lenders, (b) the names of significant creditors of the Debtors, and (c) the names of firms that the Debtors intend to or may employ during their chapter 11 cases.

        19.    Based upon this research, I have determined that Crowell & Moring has in the past represented, currently represents, and will likely in the future, certain of the Debtors'

creditors and other parties-in-interest in matters unrelated to the Debtors or these chapter 11 cases. I do not believe that the foregoing raise any actual or potential conflicts of interest of Crowell & Moring relating to the representation of the Debtors in these chapter 11 cases, but such relationships are disclosed out of an abundance of caution.

20. It is my intention that if Crowell & Moring becomes aware of any other connections of which it presently is unaware, Crowell & Moring will bring them to the attention of this Court and the U.S. Trustee.

Dated:   Washington, D.C.
         February 21, 2006

                                          By:  _/s/ Jerome A. Murphy_____
                                               Jerome A. Murphy

Sworn to before me
this 21st day of February, 2006

_/s/ Levada M. Catron_____
Notary Public