UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :

In re                          :         Chapter 11
                                    :

DELPHI CORPORATION, <u>et</u> <u>al.</u>,       :         Case No. 05-44481 (RDD)
                                    :

                Debtors.   :         (Jointly Administered)
                                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF PHILIP UROFSKY IN SUPPORT OF
APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(e) AND
1107(b) AND FED. R. BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND
RETENTION OF CADWALADER, WICKERSHAM & TAFT LLP
<u>AS GOVERNMENT INVESTIGATIONS COUNSEL TO DEBTORS</u>

DISTRICT OF COLUMBIA

PHILIP UROFSKY, being duly sworn, deposes and states as follows:

1.    I am an attorney admitted to practice before the courts of Virginia and the
District of Columbia.  I am a special counsel in the firm of Cadwalader, Wickersham & Taft LLP
("Cadwalader"), proposed government investigations counsel for Delphi Corporation ("Delphi")
and certain of its subsidiaries and affiliates, the debtors and debtors-in-possession in the above-
captioned cases (collectively, the "Debtors").

2.    I submit this affidavit (the "Affidavit")[1] in support of the Application For
Order Under 11 U.S.C. §§ 327(e) And 1107(b) And Fed. R. Bankr. P. 2014 Authorizing
Employment And Retention Of Cadwalader As Government Investigations Counsel To Debtors
(the "Application") <u>nunc</u> <u>pro</u> <u>tunc</u> to October 8, 2005, filed concurrently herewith.

3.    The address and telephone number of Cadwalader are as follows:

---

[1]    Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the
Application.

1201 F Street, N.W.
Washington, D.C. 20004
(202) 862-2200

4.    Cadwalader is well qualified to assist the Debtors in the manner described in

the Application.  Cadwalader has a breadth of experience in conducting internal investigations

and in interacting with government law enforcement and regulatory agencies.  Most importantly

for present purposes, several members of Cadwalader have extensive experience in government

investigations and their interplay with restructuring and bankruptcy law.  Accordingly, the

Debtors believe that Cadwalader is well qualified to serve as government investigations counsel

in these chapter 11 cases in an efficient and effective manner.

5.    Cadwalader has advised the Debtors regarding government investigations

matters.  Based on the services that Cadwalader has previously provided to the Debtors,

Cadwalader is thoroughly familiar with the Debtors' corporate structure, the nature of their

financial status, and certain legal matters relating to the Debtors.

6.    Generally, in connection with the Debtors' cases, Cadwalader will continue to

provide to the Debtors with the following types of professional services:

(a)    providing advice and counsel with respect to ongoing investigations by the
Department of Justice and other law enforcement agencies;

(b)    providing advice and counsel with respect to design and implementation
of additional compliance and controls programs;

(c)    conducting and supervising internal investigations related to government
investigations; and

(d)    providing assistance in complying with government requests and
coordinating document productions and interviews.

7.    In light of certain existing client representations on unrelated matters, the

engagement of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden") as the Debtors'

2

bankruptcy counsel, the engagement of Shearman & Sterling LLP ("Shearman") as the Debtors'

special counsel, the engagement of Togut, Segal & Segal ("Togut") as the Debtors' conflicts

counsel, and the engagement of other counsel for the Debtors, Cadwalader will not be

responsible for or undertake any representation with respect to (a) advising the Debtors

concerning specific contracts and claims of certain of Cadwalader's existing clients and (b)

reviewing, interpreting, or commenting on the specific contracts and claims of certain of

Cadwalader's existing clients.  These existing client relationships, and the scope of the carve-out

from Cadwalader's retention, are discussed more fully below.

       8.   It is Cadwalader's understanding that the Debtors may request that

Cadwalader undertake specific matters beyond the limited scope of the responsibilities set forth

above.  Should Cadwalader agree in its discretion to undertake any such matter, it is

Cadwalader's understanding that the Debtors will seek further order of this Court.

       9.   Cadwalader is making efforts, together with the Debtors' other counsel to

ensure that there is no duplication of effort or work between such firms and Cadwalader.  It is

Cadwalader's intention that the estates should receive the best value possible from the efficient

coordination of work among its counsel.  Cadwalader believes that its lawyers and the rest of the

lawyers retained in these cases have to date delineated clearly, and will continue to delineate

clearly, the division of work between them, so as to avoid any duplication of effort and to

maximize the efficiencies of the proposed arrangement.

       10.   Cadwalader has received no amounts from the Debtors in the past 90 days

for services rendered and expenses incurred for the prepetition government investigations-related

legal work performed by Cadwalader.  There are no arrangements between Cadwalader and any

3

other entity to share compensation received or to be received in connection with these chapter 11

cases.

11.    Cadwalader has agreed to accept as compensation for the services rendered

in connection with its representation of the Debtors its standard hourly rates reduced by 10%.

Cadwalader intends to request allowance and payment of fees and expenses at its standard hourly

rates discounted by 10% and to request allowance and reimbursement of its expenses according

to Delphi's reimbursement policies, subject to the approval of this Court.  The Cadwalader

attorneys who are expected to be principally responsible for the matters in these chapter 11 cases

and their respective standard hourly rates are James K. Robinson ($770) and Philip Urofsky

($595).  These hourly rates are subject to annual adjustment in accordance with Cadwalader's

standard policies.[2] Cadwalader will not be paid any additional compensation by the Debtors

except upon application to and approval by this Court after notice and hearing.

12.    Cadwalader acknowledges that all amounts paid to Cadwalader during these

chapter 11 cases are subject to final allowance by this Court.  In the event that any fees or

expenses paid to Cadwalader during these cases are disallowed by this Court, the fees and

expenses will be disgorged by Cadwalader and returned to the Debtors or as otherwise ordered

by this Court.

13.    Cadwalader categorizes its billings by subject matter, in compliance with

the applicable guidelines of the Office of the United States Trustee (the "U.S. Trustee

Guidelines").  Cadwalader acknowledges its compensation in the Debtors' cases is subject to

---

[2] In Cadwalader's prepetition retention agreement with Delphi, dated April 19, 2005, Cadwalader agreed to maintain
its 2005 rates (James K. Robinson ($725) and Philip Urofsky ($550)}, minus the 10% discount, until April 2006.
Accordingly, as of April 1, 2006, I anticipate we may request an adjustment pursuant to the retention agreement to
conform Cadwalader's fees to its current hourly rates as set forth above.

approval of this Court in accordance with section 330 of the Bankruptcy Code, Bankruptcy Rule

2016, and the U.S. Trustee Guidelines.

14.    Cadwalader has conducted a check for conflicts of interest and other

conflicts and connections with respect to the Debtors' bankruptcy cases.  Cadwalader maintains a

database containing the names of current, former, and potential clients and other principal parties

related to such clients.  I caused Cadwalader's conflicts office to review and analyze the conflict

database to determine whether Cadwalader has any connection with the principal parties-in-

interest in these chapter 11 cases, using information provided to Cadwalader by the Debtors and

Skadden and information contained in the database, including (a) the names of the Debtors'

prepetition lenders, (b) the names of significant creditors of the Debtors, and (c) the names of

firms that the Debtors intend to or may employ during their chapter 11 cases.

15.    Based upon this research, I have determined that Cadwalader has in the past

represented, currently represents, and will likely in the future represent certain of the Debtors'

creditors and other parties-in-interest in matters unrelated to the Debtors or these chapter 11

cases.  In addition, after obtaining a waiver from the Debtors, Cadwalader attorneys in the Global

Finance Department reviewed the Debtors' proposed Debtor-in-Possession financing agreement

(the "DIP Facility") in these cases and advised a potential lender who was contemplating joining

the already-existing DIP Facility syndicate.  Although Cadwalader did not view this

representation as adverse or in conflict with Cadwalader's representation of the Debtors as the

Debtors' government investigations counsel in these cases, out of an abundance of caution

Cadwalader maintained separation and an information barrier between the Cadwalader attorneys

in the Global Finance Department and the Cadwalader attorneys representing the Debtors as the

Debtors' government investigations counsel.  I do not believe that the foregoing raises any actual

5

or potential conflicts of interest of Cadwalader relating to the representation of the Debtors in

these chapter 11 cases, but such relationships are disclosed out of an abundance of caution.

16.    It is my intention that if Cadwalader becomes aware of any other

connections of which it presently is unaware, Cadwalader will bring them to the attention of this

Court and the U.S. Trustee.


Dated:    Washington, D.C.
          February 21, 2006



By:   _/s/ Philip Urofsky_____
      Philip Urofsky



Sworn to before me
this 21st day of February, 2006


_/s/ Naundra N. Packer_____
Notary Public