**LIQUIDITY SOLUTIONS, INC.**
One University Plaza, Suite 312
Hackensack, NJ 07601
Tel: (201) 968-0001 Fax: (201) 968-0010

January 24, 2006



US BANKRUPTCY COURT
PO BOX X-911
BAY CITY, MI 48707

RE: **DELPHI CORPORATION**
Case No. 05-44481
(US Bankruptcy Court, Southern District of New York)

Dear Creditor:

We are writing to indicate our interest in your allowed and undisputed claim in the above-referenced case. We are expressing an indication of interest in your Claim at the rate of **42.5%**. This indication is valid through February 3, 2006 and is subject to further due diligence and mutually agreeable documents of transfer.

This indication of interest is on a first come first serve basis. This may be rescinded for any reason whatsoever without further notice or obligation from either party. We are not responsible for typographical errors.

*If you are interested in offering your claim, please fill in the appropriate amounts in the Assignment Agreement, sign twice on the last page where indicated and return the two page agreement to us.*

Sincerely,

Jim Yenzer
jyenzer@liquiditysolutions.com
(201) 968-0001 Ext. 114 or (877) 968-0001



## ASSIGNMENT OF CLAIM

US BANKRUPTCY COURT, having offices at **PO BOX X-911, BAY CITY, MI 48707** in consideration of the sum $_____(40% of your claim amount) ("Purchase Price"), does hereby transfer to Liquidity Solutions, Inc., as agent ("Assignee"), having offices at One University Plaza, Suite 312, Hackensack, NJ 07601 all of the Assignor's right, title and interest in and to the claim or claims of Assignor, as more specifically set forth (the "Claim") against DELPHI CORPORATION, Debtors in the bankruptcy case (the "Proceedings"), in the United States Bankruptcy Court for the Southern District of New York (the "Court"), Case No.05-44481 (the "Debtor") in the currently outstanding amount of not less than $_____(your claim amount) and all rights and benefits of the Assignor relating to the Claim, including without limitation the Proof of Claim identified below and the Assignor's rights to receive interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, instruments and other property which may be paid or issued by Debtor in satisfaction of the Claim. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

Assignor represents and warrants that [check one of the following]:
[   ] A Proof of claim has not been filed
[   ] A Proof of claim in the amount of $_____ has been duly and timely filed in the Proceedings (a true copy of such Proof of Claim is attached to this Assignment).

Assignor further represents and warrants that the amount of the Claim is not less than $_____(your claim amount) that the amount is a valid claim and that no objection to the Claim exists. Assignor further represents and warrants that no payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that Assignor owns and has title to the Claim free and clear of any and all liens, claims, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value. Assignor represents that it is solvent and has no other relationship to the Debtor or its principals other than a creditor. Assignor is not an insider within the meaning of 11 U.S.C. Section 101 (31) and is not, and has not been, a member of any creditors' committee appointed in the Proceedings. All terms of this agreement will be kept confidential.

Assignor is aware that the above Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan or reorganization. Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Claim.

Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the Court of the Proceedings), made its own analysis and decision to enter into this Assignment of Claim.

Assignor agrees to make to Assignee immediate proportional restitution and repayment of the above Purchase Price to the extent that the Claim is disallowed, reduced, subordinated or impaired for any reason whatsoever, in whole or in part, together with interest at the rate of five percent (5%) per annum on the amount repaid for the period from the date of this assignment through the date such repayment is made. Assignor further agrees to reimburse Assignee for all losses, costs and expenses, including reasonable legal fees and costs, incurred by Assignee as a result of such disallowance or Assignor's objection to the transfer of this Claim. IN THE EVENT ASSIGNOR HAS ASSIGNED OR ASSIGNS OR PLEDGES THIS CLAIM TO ANY THIRD PARTY, ASSIGNOR AGREES TO IMMEDIATELY PAY ASSIGNEE UPON DEMAND OF ASSIGNEE, LIQUIDATED DAMAGES IN AN AMOUNT EQUAL TO DOUBLE THE AMOUNT PAID TO ASSIGNOR HEREIN.

In the event the Claim is ultimately allowed in amount in excess of the amount purchased herein, Assignor is hereby deemed to sell to Assignee, at Assignee's option only, and Assignee hereby agrees to purchase, the balance of said Claim at the same percentage of claim paid herein not to exceed twice the claim amount specified above. Assignee shall remit such payment to Assignor upon Assignee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any objection, claim, cause of action or offset by the Debtor.

Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim herein assigned. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and its rights thereunder pursuant to this assignment of the Claim. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor agrees to take such further action, at its own expense, as may be necessary or desirable to effect the Assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor agrees to forward to Assignee all notices received from Debtor, the court or any third party with respect to the Claim assigned herein to vote the Claim assigned herein and to take such action with respect to the Claim in the Proceedings, as Assignee may from time to time request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instrument or any other property, shall constitute property of the Assignee to which the Assignee has an absolute right, and that Assignor will hold such property in trust and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

The terms of this assignment of the Claim shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns.



Assignor hereby acknowledges that Assignee may at any time reassign the Claim together with all right, title and interest of Assignee in and to this Assignment of Claim. All representations and warranties made herein shall survive the execution and delivery of this Assignment of the Claim and any such re-assignment. This Assignment of Claim may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment of Claim must be brought in Federal court located in the State of New York or New Jersey, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment of the Claim, and in any action hereunder, Assignor waives any right to demand a trial by jury.

### CONSENT AND WAIVER

Upon Assignor's delivery to Assignee of its executed signature page to this Assignment of Claim Agreement, Assignor hereby authorizes Assignee to file a notice of transfer pursuant to Rule 3001 (e) of the Federal Rules of Bankruptcy Procedure ("FRBP"), with respect to the Claim, while Assignee performs its due diligence on the Claim. Assignee, at its sole option, may subsequently transfer the claim back to the Assignor if due diligence is not satisfactory, in Assignees sole and absolute discretion pursuant Rule 3001 (e) of FRBP transferring the Claim back to Assignor or withdrawing the transfer, at such time both Assignor and Assignee release each other of all and any obligation or liability regarding this Assignment. Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Claim Agreement and hereby waives (i) its right to raise any objection hereto, and (ii) its right to receive notice pursuant to Rule 3001 (e) of the FRBP.

IN WITNESS WHEREOF, the undersigned Assignor hereto sets his hand this _____ day of _____, 2006

**US BANKRUPTCY COURT**

By: _____     _____
Signature                                              Print Name/Title

Telephone # _____

IN WITNESS WHEREOF, the undersigned Assignee hereto sets his hand this _____ day of _____, 2006

_____
Jim Yenzer
Liquidity Solutions, Inc.
201-968-0001 ext. 114

------------------------------(CUT HERE)------------------------------

### TRANSFER NOTICE

US BANKRUPTCY COURT ("Assignor"), transfers and assigns unto REVENUE MANAGEMENT with an address at One University Plaza, Suite 312, Hackensack, New Jersey 07601, its successors and assigns ("Assignee"), pursuant to the terms of the ASSIGNMENT OF CLAIM AGREEMENT Re: **DELPHI CORPORATION** (the "Debtor"), between Assignor and Assignee, all of its right, title and interest in and to the Claim of Assignor in the aggregate amount of $_____ (your claim amount) representing all claims against: **DELPHI CORPORATION** in the United States Bankruptcy Court, Southern District of New York, administered as Case No. 05-44481, subject to the terms of the Assignment Agreement.

IN WITNESS WHEREOF, Assignor has signed below as of the _____ day of _____, 2006

**US BANKRUPTCY COURT**                           REVENUE MANAGEMENT

_____                            _____
(Signature)                                                              (Signature)

_____                            _____
(Print Name and Title)                                         (Print Name of Witness)

DELPHI CORPORATION
US BANKRUPTCY COURT
773176