WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
Gerard Uzzi (GU-2297)

Wachovia Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Thomas E Lauria (Admitted *Pro Hac Vice*)
John K. Cunningham (JC-4661)
Linda M. Leali

ATTORNEYS FOR APPALOOSA
MANAGEMENT L.P.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| Delphi Corporation, et al. | Case No. 05-44481 (RDD) |
| Debtors. | Jointly Administered |

**APPALOOSA MANAGEMENT L.P.'S MOTION TO FILE UNDER SEAL (1) ITS MOTION TO COMPEL DEPOSITIONS AND EXHIBITS THERETO AND (2) ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND EXHIBITS THERETO**

TO: THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Appaloosa Management L.P. ("Appaloosa"), collectively with and through certain of its affiliates, by and through its undersigned counsel, hereby files this motion (the "Motion") for entry of an order allowing Appaloosa to file under seal (1) a motion to compel depositions and exhibits thereto and (2) a motion to compel production of documents and exhibits thereto pursuant to the Stipulation and Agreed Protective Order Governing the Use of Confidential

MIAMI 638666 (2K)

Information (the "Stipulation and Protective Order") and General Order M-242 of this Court, and in support of this Motion respectfully represents as follows:

## BACKGROUND

1.   On October 8, 2005, Delphi Corporation ("Delphi") and its affiliated debtors and debtors in possession (collectively, with Delphi, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101, et. seq., with this Court, thereby commencing the above-captioned jointly administered cases. On December 22, 2005, Appaloosa filed a motion under 11 U.S.C. § 1102(a) for an order directing the United States Trustee for the Southern District of New York (the "U.S. Trustee") to appoint an equity committee in these chapter 11 cases (the "Equity Committee Motion"). The U.S. Trustee, General Motors Corporation, and JPMorgan Chase Bank, N.A. as Prepetition Agent filed oppositions to the Equity Committee Motion. Although they have not filed formal objections, by letters the Debtors and the Official Committee of Unsecured Creditors appointed in these chapter 11 cases have expressed their objection to Appaloosa's request for an equity committee. The hearing on Appaloosa's Equity Committee Motion is currently set for March 9, 2006.

2.   In preparation for the hearing on its Equity Committee Motion, Appaloosa has noticed for deposition certain directors and officers of the Debtors who have information concerning issues central to its Equity Committee Motion, including but not limited to the solvency of the Debtors and the adequacy of shareholder representation in the bankruptcy proceedings. The Debtors have refused to produce certain of these witnesses for deposition.

3.   Accordingly, Appaloosa has prepared and intends to file a motion to compel the attendance of these witnesses for deposition. This motion to compel discusses and attaches as exhibits certain "meet and confer" communications between counsel that the parties have agreed

MIAMI 638666 (2K)                                             2

to designate as confidential pursuant to the Stipulation and Protective Order, entered by this Court on January 31, 2006 (attached hereto as Exhibit A).

4.    In preparing for the Equity Committee Motion, Appaloosa also has requested documents related to the issues central to its Equity Committee Motion, including but not limited to the solvency of the Debtors and the adequacy of shareholder representation in the bankruptcy proceedings. The Debtors have refused to produce certain documents which are clearly in its possession and relate directly to the crucial issues surrounding the Equity Committee Motion.

5.    Accordingly, Appaloosa has prepared and intends to file a motion to compel the production of certain documents prior to the March 9, 2006 hearing on its Equity Committee Motion. This motion to compel discusses and attaches as exhibits certain "meet and confer" communications between counsel that the parties have agreed to designate as confidential pursuant to the Stipulation and Protective Order, and also describes certain documents that have been marked as confidential and highly confidential.

6.    Pursuant to the Stipulation and Protective Order, Appaloosa seeks to file both motions to compel, with exhibits thereto, under seal.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RELIEF REQUESTED AND BASIS THEREFOR

8.    In pertinent part, the Stipulation and Protective Order provides:

> If documents, materials or other information ... designated as Confidential or Highly Confidential are to be included in any papers to be filed in this Court or any other court, counsel intending to file such documents shall first seek entry of a protective order under 11 U.S.C. § 107(b) or other applicable authority with respect to filing those portions of the proposed

filing containing information subject to this Stipulation and Protective Order, identifying this Stipulation and Protective Order by date.

Ex. A at 7.

9. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities[1] from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall . . .
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b) (emphasis added).

10. Federal Rule of Bankruptcy Procedure 9018 sets forth the procedures for application of Section 107. Pursuant to Rule 9018, the Court on a motion or upon its own initiative "may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation." Fed. R. Bankr. P. 9018.

11. Here, Appaloosa seeks to file a motion to compel the depositions of certain witnesses (and exhibits thereto) under seal. This motion to compel relies on communications between the parties' counsel that refer to the "meet and confer" agreement between the parties and that discuss information the parties have agreed to keep confidential. Indeed, Debtors have described these communications as "confidential, for 'professional eyes and ears' only and

---

[1] Section 101(15) of the Bankruptcy Code defines "entity" to include any "person, estate, trust, governmental unit, and United States trustee." 11 U.S.C. § 101(15).

subject to the terms of the [Stipulation and Protective Order]." Thus, this motion to compel contains information the parties have agreed to keep confidential under the Stipulation and Protective Order.

12. Appaloosa also seeks to file a motion to compel the production of certain documents (and exhibits thereto) under seal. This motion to compel relies on communications between the parties' counsel that refer to the "meet and confer" agreement between the parties and that discuss information the parties have agreed to keep confidential. Indeed, Debtors have described these communications as "confidential, for 'professional eyes and ears' only and subject to the terms of the [Stipulation and Protective Order]." In addition, this motion to compel refers to and describes certain documents that Debtors have marked "Highly Confidential" pursuant to the terms of the Stipulation and Protective Order. Thus, this motion to compel contains information the parties have agreed to keep confidential under the Stipulation and Protective Order.

13. Therefore, Appaloosa requests that the Court order that the motions to compel (and exhibits thereto) discussed herein be filed with the Court pursuant to General Order M-242 and sealed by the United States Bankruptcy Clerk for the Southern District of New York.

14. Pursuant to the Bankruptcy Rules and Local Rules, counsel for Appaloosa has made a good faith effort to confer with counsel for Debtors, but has been unsuccessful in reaching them. However, Appaloosa believes that pursuant to the terms of the Stipulation and Protective Order, Debtors' counsel has already consented to the relief requested herein because they have previously marked as either highly confidential or confidential the material discussed within the motions to compel.

WHEREFORE, Appaloosa respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit B, granting this Motion, authorizing Appaloosa to file under seal (1) a motion to compel depositions and exhibits thereto and (2) a motion to compel production of documents and exhibits thereto and granting such other and further relief as is just and proper.

Dated: February 27, 2006
      Miami, Florida

                                      WHITE & CASE LLP
                                      Gerard Uzzi (GU-2297)
                                      1155 Avenue of the Americas
                                      New York, New York 10036-2787
                                      (212) 819-8200

                                      Thomas E Lauria (Admitted *Pro Hac Vice*)
                                      John K. Cunningham (JC-4661)
                                      Wachovia Financial Center
                                      200 South Biscayne Boulevard
                                      Miami, Florida 33131
                                      (305) 371-2700

                                      By: /s/ John K. Cunningham
                                            John K. Cunningham

                                      COUNSEL TO APPALOOSA
                                      MANAGEMENT L.P.

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :

                             :

      In re                      :      Chapter 11

                             :

DELPHI CORPORATION, et al.,    :      Case No. 05–44481 (RDD)

                             :

                Debtors.    :      (Jointly Administered)

                             :

                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATION AND AGREED PROTECTIVE ORDER GOVERNING PRODUCTION AND USE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION IN CONNECTION WITH THE MOTION OF APPALOOSA MANAGEMENT L.P. FOR AN ORDER DIRECTING THE UNITED STATES TRUSTEE TO APPOINT AN EQUITY COMMITTEE AND OBJECTIONS FILED THERETO

This Stipulation and Agreed Protective Order is entered into and submitted to the Court in accordance with the agreement of counsel for Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), on the one hand, and Appaloosa Management L.P. ("Appaloosa"), on the other hand (the Debtors and the signatories to this Stipulation and Agreed Protective Order being collectively the "Parties"), that discovery requested and other information provided in connection with the Motion of Appaloosa Management L.P. Pursuant to 11 U.S.C. § 1102(a)(2) for an Order Directing the United States Trustee to Appoint an Equity Committee in these Chapter 11 Cases (Docket No. 1604) and objections filed thereto (the "Motion") may involve the production of information considered sensitive, confidential, personal, proprietary, and/or protected by statutory or other legal privilege; and it appearing to the Court that there is good and sufficient cause that the relief should be granted,

      IT IS THEREFORE ORDERED:

1. The terms of this stipulation and agreed protective order (the "Stipulation and Protective Order") shall take full force and effect upon execution by the Parties.

2. Pursuant to Federal Rules of Civil Procedure 26(c), made applicable here through Federal Rules of Bankruptcy Procedure 7026 and Local Rule 7026-1, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and sections 105 and 107 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330, as amended (the "Bankruptcy Code"), this Stipulation and Protective Order shall govern all discovery by the Parties relating to the Motion.

3. Any signatory to this Stipulation and Protective Order may designate as "Highly Confidential" any document, deposition testimony, or other information given by or on behalf of the Parties, and all information derived therefrom that a Party reasonably believes reflects non-public trade secrets, competitively sensitive business or development plans, forward-looking financial information, or personal information (the "Highly Confidential Information"). In addition, any signatory may designate as "Confidential" any other non-public information in any document, deposition testimony, or other information given by or on behalf of the Parties (the "Confidential Information") that the Party reasonably believes contains confidential information the distribution and use of which should be restricted in accordance with the terms of this Stipulation and Protective Order. Documents shall be designated as Confidential or Highly Confidential (a) by placing or affixing the words "Confidential" or "Highly Confidential" on each such document, (b) by written notice to other Parties, or (c) by virtue of the fact that any such document is otherwise already labeled as Confidential or Highly Confidential. Deposition testimony or deposition exhibits may be designated as Confidential or Highly Confidential either on the record during the deposition itself or by written notice (which may be by email) delivered within two (2) business days following receipt of the transcript by the Party who seeks to designate such deposition testimony as Confidential or Highly Confidential. Where deposition testimony or exhibits are designated as Confidential or Highly Confidential, the

deposition transcript or deposition exhibits shall be so marked as Confidential or Highly Confidential, as appropriate.

4. Inadvertent failure to designate materials as Confidential or Highly Confidential at the time of production or at the time of a deposition may be remedied at any time thereafter by supplemental written notice (which may be by email) delivered within two (2) business days after the production of such materials. Upon the service of such notice, the identified materials shall be fully subject to this Stipulation and Protective Order as if the materials had been initially designated as Confidential or Highly Confidential.

5. Material designated as Confidential pursuant to this Stipulation and Protective Order shall be inspected by and disseminated only to the following persons:

   a. the Court and its staff;

   b. the Parties and counsel of record to the Parties, and clerical, secretarial, and paralegal staff employed by such counsel;

   d. the Parties' retained professional advisors in the above-captioned cases;

   e. any deponent, counsel for the deponent, and clerical, secretarial, and paralegal staff employed by such counsel; and

   f. court reporters and videographers engaged for recording testimony of a deposition relating to the Motion.

6. Material designated as Highly Confidential pursuant to this Stipulation and Protective Order shall be inspected by and disseminated only to the following persons:

   a. the Court and its staff;

   b. those counsel of record to the Parties, and clerical, secretarial, and paralegal staff employed by such counsel, who are involved in the litigation or negotiation of the Motion;

   d. the Parties' retained professional advisors in the above-captioned cases, to the extent they are involved in the litigation or negotiation of the Motion;

   e. any deponent, counsel for the deponent, and clerical, secretarial, and

paralegal staff employed by such counsel, to the extent such deponent is actually shown Highly Confidential Information in connection with a deposition taken in connection with the Motion; and

    f. court reporters and videographers engaged for recording testimony of a deposition relating to the Motion.

    7. Confidential Information and Highly Confidential Information, or any information derived therefrom, shall be used or disclosed by a receiving Party solely for the purpose of the Motion, including litigation or negotiation of any objections thereto, and not for any other purpose whatsoever. Any person receiving Confidential Information or Highly Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information.

    8. The inadvertent production of any Confidential or Highly Confidential document, material, or other information subject to a claim of attorney-client privilege, attorney work product, or any other privilege or discovery exemption shall not be deemed to be a waiver of any claim of privilege, confidentiality, or other protection with respect to that or any other document, material, or information. In the event that any document or material that is subject to a claim that it is confidential, privileged, or protected from discovery on any other ground is inadvertently produced, the Party who received the inadvertently produced document or material shall return it and all copies of it to the producing Party within three (3) business days after it receives written notice (by letter or email) from the producing Party that the document or material was inadvertently produced. In the case of Confidential or Highly Confidential documents or materials that were inadvertently produced without the appropriate designation but that were otherwise intended to be produced, the producing Party shall return to the Party to whom the documents or materials were inadvertently produced copies of the documents and materials containing the appropriate designation within three (3) business days of receipt of the returned documents or materials.

9. If at any time a Party objects to the designation of documents or information produced or testimony given as Confidential or Highly Confidential under this Stipulation and Protective Order, the objecting Party shall notify the designating Party in writing (which may be by email). The objecting Party shall identify the documents or information in question and shall specify in reasonable detail the reasons for the objection. Within two (2) business days of the receipt of such notice, the disclosing and objecting Parties shall meet and confer in an effort to resolve their differences. If the Parties cannot resolve their differences, the disclosing Party may apply within two (2) days thereafter, or such longer time as the Parties may agree, for a ruling from the Court on the propriety of the designation. While any such application is pending, the documents or information that are subject to the application shall remain Confidential or Highly Confidential, as the case may be, until the Court rules. If the disclosing Party does not apply to the Court for a ruling on the propriety of the designation within two (2) days after the conclusion of the meet and confer, or within such time as the Parties may agree, the documents or information that are subject of the dispute will no longer be deemed Confidential or Highly Confidential. The disclosing Party shall have the burden of proving, to the Court's satisfaction and by a preponderance of the evidence, that the document or information qualifies as sufficiently confidential, under Rule 26(c) of the Federal Rules of Civil Procedure and/or Rule 9018 of the Federal Rules of Bankruptcy Procedure, that its dissemination and use should be restricted in accordance with the terms of this Stipulation and Protective Order.

10. Nothing in this Stipulation and Protective Order shall be construed as preventing any Party from objecting to the designation of any document or information as Confidential or Highly Confidential or preventing any Party from seeking further protection from the Court for any materials or information it produces in discovery.

11. Within thirty (30) days after the entry of an order by this Court confirming a plan of reorganization or dismissing the cases, whichever first occurs, all

5

documents and other material designated as Confidential or Highly Confidential pursuant to this Stipulation and Protective Order, and all copies thereof, including but not limited to any notes or other transcriptions made therefrom, shall either be (a) returned to the producing Party or Party creating such information, or (b) destroyed. If the receiving Party chooses to destroy any such documents or materials, then that Party shall deliver a certificate attesting to that destruction to the Party who produced the Confidential or Highly Confidential documents or materials within thirty (30) days after the entry of an order by this Court confirming a plan of reorganization or dismissal of the cases, as the case may be.

       12. If documents, materials or information (including portions of deposition transcripts) designated as Confidential or Highly Confidential are to be included in any papers to be filed in this Court or any other court, counsel intending to file such documents shall first seek entry of a protective order under 11 U.S.C. § 107(b) or other applicable authority with respect to filing those portions of the proposed filing containing information subject to this Stipulation and Protective Order, identifying this Stipulation and Protective Order by date.

       13. This Stipulation and Protective Order shall not be construed to affect in any way the admissibility of any document, testimony, or other evidence at a hearing on the Motion.

       14. Nothing in this Stipulation and Protective Order shall be construed to limit any disclosing Party's use or disclosure of its own documents, materials, or information. In addition, nothing in this Stipulation and Protective Order shall prevent or in any way limit disclosure, use, or dissemination of any information or documents that are in the public domain. This Stipulation and Order shall not prejudice in any way the rights of any Party to introduce into evidence or use at a hearing on the Motion any document, testimony, or other information that is subject to this Stipulation and Protective Order.

       15. Any non-party producing discovery materials in connection with the Motion may be included in this Stipulation and Protective Order by endorsing a copy of this

Stipulation and Protective Order and delivering it to the requesting Party who, in turn, will serve it upon counsel for the other Parties and file it with the Court. The Parties to the Motion may designate discovery materials produced by a non-Party to the Motion as Confidential or Highly Confidential in accordance and consistent with the terms and provisions of this Stipulation and Protective Order.

16. This Stipulation and Protective Order shall not prevent any Party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Protective Order, or from agreeing with other Parties to modify this Stipulation and Protective Order, subject to the approval of the Court.

17. This Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Stipulation and Protective Order upon appropriate motion by a party in interest.

So Ordered in New York, New York, this 31st day of January, 2006

/s/ ROBERT D. DRAIN
Honorable Robert D. Drain
United States Bankruptcy Judge

AGREED TO AND
APPROVED FOR ENTRY:

/s/ David E. Springer
John Wm. Butler, Jr.
David E. Springer
John K. Lyons
Ron E. Meisler
Mark A. McDermott
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
(312) 407-0700

Attorneys for Delphi Corporation, et al.,
and Debtors and Debtors-in-Possession


/s/ Christina M. Frohock
Gerard Uzzi
Thomas E. Lauria
Rudolph F. Aragon
Christina Frohock
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200

–and–

Wachovia Financial Center
200 South Biscayne Boulevard – Suite 4900
Miami, FL 33131
(305) 371-2700

Counsel for Appaloosa Management L.P.

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | Chapter 11 |
| Delphi Corporation, et al. | Case No. 05-44481 (RDD) |
|  | Jointly Administered |
| Debtors. |  |

### ORDER GRANTING MOTION OF APPALOOSA MANAGEMENT L.P. TO FILE UNDER SEAL (1) ITS MOTION TO COMPEL DEPOSITIONS AND EXHIBITS THERETO AND (2) ITS MOTIONS TO COMPEL PRODUCTION OF DOCUMENTS AND EXHIBITS THERETO

Upon the motion, dated February 27, 2006 (the "Motion"), of Appaloosa Management L.P. ("Appaloosa") pursuant to the Stipulation and Agreed Protective Order Governing the Use of Confidential Information (the "Stipulation and Protective Order") and General Order M-242 of this Court for an order allowing Appaloosa to file under seal (1) a motion to compel depositions and exhibits thereto and (2) a motion to compel production of documents and exhibits thereto; and it appearing that the Court has jurisdiction over this matter; and it appearing that due notice of the Motion has been provided and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and equity security holders; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing for allowing Appaloosa to file under seal (1) a motion to compel depositions and exhibits thereto and (2) a motion to compel production of documents and exhibits thereto, it is hereby

ORDERED, that the Motion is hereby GRANTED; and it is further

ORDERED, that Appaloosa file under seal (1) a motion to compel depositions and exhibits thereto and (2) a motion to compel production of documents and exhibits thereto.

Dated: New York, New York
      February ___, 2006

---

Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

2