SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
David E. Springer (DS 9331)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | Case No. __-___ |
| | : | |
|    In re | : | On appeal from the United States Bankruptcy |
| | : | Court for the Southern District of New York |
| DELPHI CORPORATION, et al., | : | |
| | : | Chapter 11 |
|                        Debtors. | : | Case No. 05-44481 (RDD) |
| | : | (Jointly Administered) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

DEBTORS' ANSWER TO MOTION OF LAW DEBENTURE
TRUST COMPANY OF NEW YORK FOR LEAVE TO APPEAL

      Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit, pursuant to Rule 8003(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), this answer to the motion of Law Debenture Trust Company of New York ("Law Debenture") for leave to appeal pursuant to 28 U.S.C. §§ 158(a)(3) and 1292(b) and the collateral order doctrine (the "Motion").[1]  In support thereof, the Debtors respectfully represent as follows:

Preliminary Statement

1. The Motion should be denied because the Bankruptcy Court's decision not to compel the appointment of Law Debenture to the official committee of unsecured creditors (the "Creditors' Committee" or the "Committee") was based upon a factual finding—namely, that Law Debenture's interests are already adequately represented by the Creditors' Committee. A decision grounded on such a factual finding is unsuitable for review on appeal under section 158(a)(3).

2. Law Debenture is the successor Indenture Trustee and Property Trustee for the (i) 8.25% Junior Subordinated Note Due 2033 and (ii) adjustable Rate Junior Subordinated Note Due 2033 (collectively, the "Subordinated Notes") issued by Delphi. On December 22, 2005, Law Debenture moved the Bankruptcy Court for an order compelling its addition to the Creditors' Committee in the Debtors' chapter 11 cases. Law Debenture alleged that the interests of the holders of the Subordinated Notes were not adequately represented on the

---

[1]   Although Law Debenture filed and captioned its present Motion for Leave to Appeal and its supporting memorandum in the Bankruptcy Court (the "Law Debenture Memorandum"), under section 158(a)(3), it is for the District Court to determine whether it should exercise discretionary appellate jurisdiction over an interlocutory order of a Bankruptcy Court. In re Kassover, 343 F.3d 91, 94 (2d Cir. 2003); In re Adelphia Communications Corp., 333 B.R. 649, 658 (S.D.N.Y. 2005). Although initially filed with the clerk of the Bankruptcy Court, the Motion for Leave to Appeal and the interested parties' answers are to be transferred to clerk of the United States District Court for the Southern District of New York (the "District Court"). See Fed. R. Bankr. P. 8003(b).

2

Committee. On January 5, 2006, the Bankruptcy Court considered the submissions on the motion, heard argument, and made an oral ruling from the bench denying the motion. On February 8, 2006, the Bankruptcy Court entered an order (the "Bankruptcy Court Order") denying the motion for the reasons it had given on the record on January 5.

3.  Law Debenture now seeks interlocutory review here of the Bankruptcy Court Order. However, it has not satisfied the statutory requirement for such review. As Law Debenture's Motion for <u>Leave</u> to Appeal implicitly recognizes, the Bankruptcy Court Order is not a final order, within the meaning of 28 U.S.C. § 158(a)(1), from which an appeal lies as a matter of right. Moreover, Law Debenture also does not meet the standards governing allowance of discretionary interlocutory appeals under either 28 U.S.C. § 158(a)(3) or the collateral order doctrine.[2] The determination of whether Law Debenture should—or should not—have been appointed to the Creditors' Committee does not turn on a question of law. Rather, the Bankruptcy Court's Order turned on its finding—as a matter of <u>fact</u>—that the Creditors' Committee adequately represents Law Debenture's interest. The Bankruptcy Court's fact-bound determination to refuse to order Law Debenture's inclusion on the Committee is not appropriate for interlocutory review under Section 158(a)(3).

4.  Law Debenture's effort to turn the question on appeal into one of law is unavailing. Thus, it claims that the Bankruptcy Court committed legal error—over which this Court has plenary review—by reviewing the decision of the Office of the United States Trustee (the "U.S. Trustee") not to include Law Debenture of the Committee under a deferential "abuse of discretion" standard. According to Law Debenture, the Bankruptcy Court should have

---

[2] The title of the Motion also states that relief is sought pursuant to 28 U.S.C. § 1292(b). Section 1292(b), however, is not literally applicable here because that statute governs the appealability of interlocutory District Court orders to the courts of appeals.

3

reviewed the matter de novo.  The record reveals, however, that the Bankruptcy Court made its own determination "that the committee does adequately represent the interests of all the unsecured creditors, including the sub-debt." Tr. Jan. 5, 2006, at 169:2-5.  Thus, what degree of deference the Bankruptcy Court should have given the U.S. Trustee's ultimate decision is not controlling;  it is beside the point.  Finally, Law Debenture also has not shown how the resolution of Law Debenture's proposed appeal will materially advance the Debtors' chapter 11 cases.  In short, Law Debenture has completely failed to demonstrate that the Bankruptcy Court's Order is suitable for review under Section 158(a)(3).

5. The appeal also does not fit within the collateral order doctrine because the Bankruptcy Court did not "conclusively" decide that Law Debenture may never obtain a seat on the Creditors' Committee.  Rather, the Bankruptcy Court's decision was based on the composition of the Creditors' Committee and the evidentiary record before the Court at the time.  Nothing prevents Law Debenture from renewing its request if circumstances change.

6. Finally, there are no "exceptional circumstances" that warrant the immediate appeal of the Bankruptcy Court Order.  The legal authorities upon which Law Debenture relies in this respect are wholly inapposite.  Moreover, Law Debenture's argument again boils down to its assertion that the Creditors' Committee does not adequately represent its interests—a factual proposition that the Bankruptcy Court rejected.  In the end, the fact remains that, to the extent it wants to do so, Law Debenture also may play a meaningful role in these chapter 11 cases and continue to have access to information it needs to further its interests.[3]

---

[3] On February 17, 2006, Law Debenture also filed with the Bankruptcy Court a motion for expedited determination of the Motion (the "Expedited Appeal Motion").  This motion for expedited consideration should also be denied. Law Debenture's contention that
*(cont'd)*

4

Argument

7. A District Court's jurisdiction to review appeals from Bankruptcy Court orders is governed by 28 U.S.C. § 158(a). As Law Debenture concedes, the Bankruptcy Court Order is not a final order appealable as of right pursuant to § 158(a)(1). Law Debenture contends that this is a rare case justifying review of a non-final order, but it has not cited any case in which a District Court has entertained an interlocutory appeal of a Bankruptcy Court's order denying a creditor's request for appointment to the creditors' committee on the basis that the creditor was adequately represented by the committee.

8. Fundamentally, to overturn the Bankruptcy Court's order, Law Debenture must persuade this Court that the Bankruptcy Court's factual determination that the Creditors' Committee adequately represents its interests is clearly erroneous. Fed. R. Bankr. P. 8001 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . . ."). Such an undertaking, however, is not the proper office of an interlocutory appeal.

A. The Bankruptcy Court Order Is Not Reviewable Under 28 U.S.C. § 158(a)(3).

9. Appeals from cases originating in the Bankruptcy Courts are governed by 28 U.S.C. § 158, which vests District Courts with appellate jurisdiction over Bankruptcy Court orders. Law Debenture contends that the Bankruptcy Court Order is reviewable under section 158(a)(3), which provides that parties can obtain review of interlocutory Bankruptcy Court rulings with leave of the District Court. 28 U.S.C. § 158(a)(3). In deciding whether to grant leave to appeal under section 158(a)(3), reviewing courts, including a majority of courts in this

---

*(cont'd from previous page)*
        unspecified "critical issues" in the case will be decided, to its prejudice, before the merits
        of its appeal can be decided in the usual course rests on pure speculation.

District, have applied the standard set forth in 28 U.S.C. § 1292(b), which governs the appealability of interlocutory District Court orders to the Courts of Appeals. See, e.g., Adelphia, 333 B.R. at 658; Urban Retail Props. v. Loews Cineplex Entm't, 2002 WL 535479, at *4 (S.D.N.Y. Apr. 9, 2002); In re Alexander, 248 B.R. 478, 483 (S.D.N.Y. 2000); In re MacInnis, 235 B.R. 255, 263 (S.D.N.Y. 1998).

    10. Under section 1292(b), for an interlocutory appeal to be granted, the order being appealed must (1) involve a controlling question of law; (2) over which there is a substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of litigation. 28 U.S.C. § 1292(b). Additionally, leave to appeal is warranted only when the movant demonstrates the existence of "exceptional circumstances" see, e.g., Alexander, 248 B.R. at 483, to overcome the "general aversion to piecemeal litigation," In re AroChem Corp., 176 F.3d 610, 619 (2d Cir.1999), and to show that the circumstances warrant "'a departure from the basic policy of postponing appellate review until after entry of a final judgment.'" Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir.1990) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

    11. The Bankruptcy Court Order does not involve a controlling question of law. The "controlling question of law" must refer to a "pure" question of law that the District Court "could decide quickly and cleanly without having to study the record." Adelphia, 333 B.R. at 658 (quoting In re WorldCom, Inc., 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003)). The Bankruptcy Court's determination that Law Debenture is adequately represented by the Creditors' Committee is a finding of ultimate fact, not a conclusion of law. See, e.g., In re Penn-Dixie Indus., Inc., 9 B.R. 936, 938 (S.D.N.Y. 1981) (Bankruptcy Court's determination under section 1102(c) of the former Bankruptcy Code that committee was "representative of the

6

different claims and interests" was a finding of fact). As subsidiary facts, the Bankruptcy Court found that the U.S. Trustee "conducted a thorough and extensive analysis of the creditor body and the nature of the case and selected a committee in light of that analysis" (Tr. at 167:7-9), that Cap Re, a holder of ten percent of the subordinated debt, serves on the Committee, and that Wilmington Trust also serves on the Committee as a voice for senior debt holders at the parent-company level. Id. at 168:6-15. Based on the evidentiary record, the Bankruptcy Court did not "defer" to the U.S. Trustee, but reviewed the U.S. Trustee's action and concluded that she "had acted properly in forming the Committee." Moreover, the Bankruptcy Court did not simply accept the U.S. Trustee's implicit conclusion that the Committee it had formed adequately represents the interests of all unsecured creditors, but instead independently found, on the basis of the evidentiary record, that the Committee does, in fact, "adequately represent the interests of all the unsecured creditors, including the sub-debt." Id. at 169:2-5.

12.     Even if this Court determines that the Bankruptcy Court should not have given any deference to the U.S. Trustee, the "issue" of what degree of deference Bankruptcy Courts should give does not present a "controlling" issue of law for purposes of this appeal. Although the Bankruptcy Court stated that it would review the U.S. Trustee's decision with regard to whom to appoint to the Committee on an "abuse of discretion" basis, it nevertheless independently concluded that "the trustee acted appropriately in forming the committee" and independently found that "the committee does adequately represent the interests of all the unsecured creditors, including the sub-debt." Tr. at 169:2-5.

13.     Law Debenture's motion for leave to appeal also neglects to mention that the Bankruptcy Court made a finding bearing on the particular question of whether Law Debenture should be appointed to the Creditors' Committee. Thus, the Bankruptcy Court found

7

that even if it were to say that the U.S. Trustee should expand the committee to include a subordinated debt holder in addition to Cap Re, "I'd have some real reservations" in

> appointing this indenture trustee because of its apparent view as stated by [its] counsel in oral argument that Law Debenture would be on the committee solely to represent the interests of the sub-debt holders. I don't believe that is appropriate for a committee member. Committee members are certainly entitled and expected to deliver their particular constituency's, if you will, view on issues, but ultimately they have to act in the interests of all unsecured creditors. . . .

*Id.* at 170:11-23.

          14.     The outcome of Law Debenture's motion for appointment to the Creditors' Committee would have been no different had the Bankruptcy Court declared that it would give no deference to the U.S. Trustee but instead made a <u>de novo</u> determination of whether Law Debenture should be appointed to the Committee. The Bankruptcy Court independently reviewed the record and concluded that the U.S. Trustee had "acted appropriately" in forming the Committee.[4] Moreover, the Bankruptcy Court found, as a fact, that the Committee adequately represents the interests of subordinated debt holders like Law Debenture, and that Law Debenture would not make a suitable committee member in any event. Any one of these three determinations suffices to sustain the Bankruptcy Court Order. Therefore, Law Debenture

---

[4]    This determination qualifies as a mixed question of law and fact, since it involves the application of a legal standard to the facts. Such a determination is reviewed on an "abuse of discretion" standard, which does not present a "pure" question of law suitable for interlocutory review under section 158(a)(3). <u>See, e.g.</u>, <u>SEC v. First Jersey Secs., Inc.</u>, 587 F.Supp. 535, 536 (S.D.N.Y. 1984) ("The Court's decision to strike the lost files defense was predicated at least in part on specific factual findings . . . . [A]n appeal would necessarily present a mixed question of law and fact, not a controlling issue of pure law. Such an order is not appropriate for certification pursuant to 28 U.S.C. § 1292(b)."); <u>Weisman v. Darneille</u>, 78 F.R.D. 671, 674 (S.D.N.Y. 1978) ("[M]ixed questions of law and fact . . . cannot give the Court of Appeals jurisdiction to hear an interlocutory appeal.")

8

cannot meet the first prong of section 1292(b), that the appeal turns on a controlling "question of law."[5]

15. An immediate appeal of the Bankruptcy Court Order also will not materially advance the final determination of these chapter 11 cases. Law Debenture premises its argument in this respect on the notion that the Creditors' Committee may eventually fail (or already has failed) adequately to represent the holders of the Subordinated Notes, thereby requiring the decisions of the Creditors' Committee (including, for example, a decision to support of proposed plan of reorganization) to be undone or reversed. Again, the Bankruptcy Court found the premise of the argument contrary to fact. Moreover, nothing prevents Law Debenture, as an individual party in interest, from raising appropriate objections to proposed decisions as they arise. In truth, far from "materially advancing" the ultimate outcome of the case, allowance of Law Debenture's appeal would amount to a diversion of efforts and time that could be better employed elsewhere.

16. Law Debenture also suggests that a determination of this appeal will establish a "much needed standard of review of the U.S. Trustee's formulation of committees." Law Debenture Memorandum ¶ 51. The reality, however, is that such a determination is not needed at all because Congress now has articulated the role that it wants Bankruptcy Courts to

---

[5] Law Debenture has not cited any cases in which a District Court reviewed a Bankruptcy Court's determination that a creditor was adequately represented by a creditors' committee or that treated the question of adequate representation as one of law, rather than fact. Indeed, it appears that the only instances in which the District Courts have granted leave to appeal involved bankruptcy judges' rulings that they had no authority to review the U.S. Trustee's selection of committee members or to add members to an existing committee. See In re Lykes Bros. Steamship Co., Inc., 200 B.R. 933 (M.D. Fla. 1996); In re Victory Markets, Inc., 195 B.R. 9 (N.D.N.Y. 1996). Those determinations necessarily rested on a question of law—namely, the proper interpretation of section 1102 of title 11 of the U.S. Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").

9

take in reviewing the composition of committees.  The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, in pertinent part, amended section 1102(a) of the Bankruptcy Code.  The newly-enacted section 1102(a)(4) states that on a request of party in interest, "the court may order the United States trustee to change the membership of a committee appointed . . . if the court determines that the change is necessary to ensure the adequate representation of creditors or equity security holders."  11 U.S.C. § 1102(a)(4) (2005).  Under this new section, it appears that Bankruptcy Courts will review the composition of a creditors' committees <u>de</u> <u>novo</u>, at least upon application, supported by competent proof, that a "change" from the selections made by the U.S. Trustee is "necessary."  Thus, because of the newly-created section 1102(a)(4) of the Bankruptcy Code, a decision by this Court concerning the "proper standard" to apply to the predecessor statute is hardly "needed."

B.     <u>The Bankruptcy Court Order Is Not Appealable Under The Collateral Order Doctrine</u>.

17.    Law Debenture suggests that its appeal of the Bankruptcy Court Order is reviewable under a narrow exception to the final order rule, the so-called "collateral order doctrine" recognized by the Supreme Court in <u>Cohen v. Beneficial Indus. Loan Corp.</u>, 337 U.S. 541, 546-47 (1949).  The Second Circuit, however, has cautioned that "the <u>Cohen</u> rule must be narrowly construed, lest this exception swallow the salutary 'final judgment' rule."  <u>In re Repetitive Stress Litig.</u>, 11 F.3d 368, 373 (2d Cir. 1993) (internal quotation omitted).  To fit within the small class of appealable cases, an interlocutory order must "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment."  <u>Adelphia</u>, 333 B.R. at 657-58.  The collateral order doctrine is a "narrow exception" to the final judgment rule, and it is limited to the review of orders affecting rights that will be "irretrievably

10

lost" in the absence of an immediate appeal.  Id. at 658 (quoting Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 430-31 (1985)).

18.     The Bankruptcy Court's Order does not fit within the collateral order doctrine. First, the Bankruptcy Court's ruling did not conclusively determine whether Law Debenture can sit on the Creditors' Committee during these chapter 11 cases.  The Bankruptcy Court clearly stated that it was "ruling on this motion in a particular context." Tr. at 171:7.  If, for example, the composition of the Creditors' Committee changes or the "inadequacy" of the Creditors' Committee's representation of the holders of the Subordinated Notes becomes manifest, Law Debenture may again ask the U.S. Trustee to put it on the Committee.  If refused, Law Debenture can turn again to the Bankruptcy Court.  Whether Law Debenture can *ever* obtain a seat on the Creditors' Committee during the course of the Debtors' chapter 11 cases has not been conclusively decided.

19.     Second, the determination of who can obtain a seat on the Creditors' Committee is not completely separate from the merits of substantive decisions made in the chapter 11 cases.  The Creditors' Committee serves as body charged with fiduciary duties to all unsecured creditors to maximize the value of the Debtors' estate, and in furtherance of that fiduciary duty, the Creditors' Committee plays a vital role in the administration of the estates and the negotiation of a plan of reorganization.  The substantive actions and decisions of the Creditors' Committee in many instances are or can be made subject to review by the Bankruptcy Court, and nothing prevents Law Debenture from making its individual views known with regard to those actions and decisions at that time.  For example, if Law Debenture does not like the way holders of subordinated notes are treated under a proposed plan of reorganization that the

11

Creditors' Committee has elected to endorse, it can separately object. Therefore, the Bankruptcy Court Order should not be considered separate from the merits of these chapter 11 cases.

20. Finally, it is clear that Law Debenture's rights were not "irretrievably lost" when the Bankruptcy Court denied its motion for appointment to the Creditors' Committee. Again, nothing prevents Law Debenture from trying again, should circumstances change. Moreover, at the hearing on the motion, the Bankruptcy Court stated that "[n]otwithstanding the fact that the sub-debt trustee is not part of the committee, it will have, obviously, a meaningful role in this case." Tr. at 169:17-19. The Bankruptcy Court also stated that "Law Debenture's particular issues will be dealt with and that it will have the type of access necessary to deal with those issues." Tr. at 170:7-10. And while Law Debenture states that it has a "direct and vital interest" in participating in the negotiations of a plan of reorganization and that it wants to be involved in negotiations with the Debtors' unions and GM (Law Debenture Memorandum ¶ 59), the Bankruptcy Court found, as a fact, that the Creditors' Committee adequately represents the interest of subordinated debt holders. Under that finding, Law Debenture's rights and interested are protected, not lost. In the end, the collateral order doctrine has no application here.

C. The Bankruptcy Court Order Does Not Involve "Exceptional Circumstances".

21. Finally, Law Debenture has not established "extraordinary circumstances" warranting interlocutory review of the Bankruptcy Court Order. Law Debenture's reliance on Mirant Americas Energy Marketing, L.P. v. The Official Committee of Unsecured Creditors of Enron Corp., 2003 WL 22327118, at *2, 13 (S.D.N.Y. Oct. 10, 2003), is misplaced, because that case involved a District Court's decision to entertain—without objection—an appeal of a Bankruptcy Court order denying the appointment of an additional creditors' committee. Id. A decision to appoint an additional committee differs, in kind, from a decision to change the

12

composition of an existing committee. Thus section 1102(a)(1) of the Bankruptcy Code requires the U.S. Trustee to appoint a committee of unsecured creditors, but it affords the U.S. Trustee discretion to appoint additional committees of creditors or equity security holders. The recently-enacted section 1102(a)(4) also differentiates between the composition of a committee and the formation of a new committee, for it gives the Bankruptcy Court the authority to order the U.S. Trustee to change composition of an existing committee but it is silent as to whether the Bankruptcy Court can order the U.S. Trustee to create an additional committee.

22. In the end, there is nothing "extraordinary" about the Bankruptcy Court's decision to refuse a single creditor's demand to be appointed to an existing creditors' committee. What is extraordinary, however, is the lengths to which Law Debenture is prepared to go to get on the Committee. That zeal, however, could equally be employed in pursuing its own individual interests in the Bankruptcy Court.

### Notice

23. Notice of this objection has been provided in accordance with the Bankruptcy Rules. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

### Memorandum Of Law

24. Because the legal points and authorities relied upon are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Civil Rule 7.1 be deemed satisfied.

WHEREFORE, the Debtors respectfully request that this Court enter an order denying Law Debenture's Motion for Leave to Appeal and granting the Debtors such other and further relief as is just.

Dated: New York, New York
       March 1, 2006

                                                    SKADDEN, ARPS, SLATE, MEAGHER
                                                        & FLOM LLP

                                                    By:  /s/ David E. Springer
                                                         John Wm. Butler, Jr. (JB 4711)
                                                         David E. Springer (DS 9331)
                                                         John K. Lyons (JL 4951)
                                                         Ron E. Meisler (RM 3026)
                                                   333 West Wacker Drive, Suite 2100
                                                 Chicago, Illinois  60606
                                                 (312) 407-0700

                                                        - and -

                                                  By:  /s/ Kayalyn A. Marafioti
                                                         Kayalyn A. Marafioti (KM 9632)
                                                         Thomas J. Matz (TM 5986)
                                                 Four Times Square
                                                 New York, New York  10036
                                                 (212) 735-3000

                                                 Attorneys for Delphi Corporation, et al.,
                                                 Debtors and Debtors-in-Possession