**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (*admitted pro hac vice*)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
       mitchell.seider@lw.com
       mark.broude@lw.com

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Case No. __-_____ |
| ) | |
| ) | On appeal from the United States |
| DELPHI CORPORATION, et al., ) | Bankruptcy Court for the Southern |
| ) | District of New York |
| Debtors. ) | |
| ) | Chapter 11 |
| ) | Case No. 05-44481 (RDD) |
| ) | (Jointly Administered) |
| ) | |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO THE MOTION OF LAW DEBENTURE TRUST
COMPANY OF NEW YORK FOR LEAVE TO APPEAL PURSUANT TO
28 U.S.C. §§ 158(A) AND 1292 AND THE COLLATERAL ORDER DOCTRINE**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the

chapter 11 cases of Delphi Corporation ("Delphi") and certain of its affiliates (collectively, the

"Debtors"), by and through its undersigned counsel, hereby submits this objection ("Objection")

to the Motion of Law Debenture Trust Company of New York for Leave to Appeal Pursuant to

NY\1117894.9

28 U.S.C. §§ 158(a) and 1292 and the Collateral Order Doctrine (the "Motion for Leave").[1]  In support of this Objection, the Committee respectfully states as follows:

## BACKGROUND

1.  On October 8, 2005 (the "Petition Date"), thirty-nine of the Debtors filed with this Court voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code").  On October 14, 2005, three additional Debtors filed voluntary petitions.  The Debtors are continuing in possession of their property and are operating their businesses, as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.  The Committee was appointed in these cases by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") on October 17, 2005.  The Committee, as originally constituted, consisted of the following parties: (a) Capital Research and Management Company; (b) Electronic Data Systems Corp.; (c) Flextronics International Asia-Pacific, Ltd. ("Flextronics"); (d) Freescale Semiconductor, Inc.; (e) General Electric Company; (f) IUE-CWA and (g) Wilmington Trust Company, as Indenture Trustee.  Flextronics has since resigned from the Committee, while the Pension Benefit Guaranty Corporation and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW") have been added as *ex officio* members of the Committee.

3.  Law Debenture Trust Company of New York ("Law Debenture") is the successor Indenture Trustee and Property Trustee for the (i) 8.25% Junior Subordinated Note Due 2033 and (ii) adjustable Rate Junior Subordinated Note Due 2033 (collectively, the "Subordinated

---

[1]  Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion for Leave.

Notes") issued by Delphi. On December 22, 2005, Law Debenture moved the Bankruptcy Court for an order compelling its addition to the Creditors' Committee in the Debtors' chapter 11 cases (the "Original Motion") [Docket # 1677]. Law Debenture alleged that the interests of the holders of the Subordinated Notes were not adequately represented on the Committee. The matter was fully briefed, including objections by the Committee, the Debtors, and the office of the U.S. Trustee, among others. At the hearing on the Original Motion, the Bankruptcy Court entered an interlocutory order denying Law Debenture's request, and on February 8, 2006, the Bankruptcy Court entered an order (the "Order") on the docket memorializing that decision. [Docket # 2199]. The Order was based upon the Bankruptcy Court's factual finding that the Committee, as currently constituted, adequately represents all unsecured creditors:

> First, there is a significant sub-debt holder serving on the committee for the, Cap Re, which holds, through one or more of its funds, approximately ten percent of the subordinated debt claims. Second, because both Cap Re and Wilmington Trust, which represents at least a voice on the committee senior debt holders, are both representatives of indebtedness at the parent-company level…. the trustee acted appropriate in forming the committee and that the committee does adequately represent the interests of all the unsecured creditors, including the sub-debt.

*See* Tr. 168-69. [2]

4.    On February 17, 2006, Law Debenture filed its Motion for Leave, an accompanying Memorandum in support of the Motion for Leave (the "Memorandum"), and a motion for expedited consideration of the Motion for Leave.[3]

---

[2]   Law Debenture repeatedly attempts in its Memorandum to draw the Court's attention away from the real issues raised by its putative appeal. The question is not whether the specific interests of the holders of Subordinated Notes are represented by the Committee. Rather, as the Bankruptcy Court pointed out, the issue is only whether the Committee adequately represents all unsecured creditors.

3

## **OBJECTION**[4]

5.  As set forth below, the Motion for Leave should be denied because (i) Law Debenture has failed to satisfy 28 U.S.C. §§ 158 and 1292, (ii) Law Debenture has not satisfied its burden of proving that "exceptional circumstances" exist that would warrant granting the Motion for Leave, and (iii) Law Debenture should not be granted leave to appeal pursuant to the collateral order doctrine.[5]

### I.   LAW DEBENTURE'S INTERLOCUTORY APPEAL SHOULD NOT BE PERMITTED PURSUANT TO 28 U.S.C. § 158

#### A.   Law Debenture's Appeal Fails to Satisfy 28 U.S.C. § 158

6.  Law Debenture claims that it should be granted leave to appeal under 28 U.S.C. § 158(a), which governs a district court's jurisdiction to review appeals from bankruptcy court orders. Section 158(a)(3), which applies to appeals from interlocutory orders,[6] provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals … with leave of the court, from … interlocutory orders and decrees," but does not provide specific statutory criteria pursuant to which courts can determine whether leave should be granted. 28 U.S.C. § 158(a)(3). Accordingly, district courts, including district courts in this jurisdiction, look to the three-pronged standard set forth in 28 U.S.C. § 1292(b) when considering whether to grant leave

---

[3]   Although the Committee has not filed an objection to the motion to expedite consideration of the Motion for Leave, the Committee believes that it too should be denied for the reasons stated herein.

[4]   The Motion for Leave is not the proper forum in which to raise the merits of the underlying appeal. Accordingly, this Objection does not address that portion of the Memorandum that attempts to bootstrap the merits of the underlying appeal onto the issue of whether leave to appeal should be granted in the first place. The Committee requests that that portion of the Memorandum be stricken from the record and reserves all rights to object in the future, if necessary, to that portion of the Memorandum.

[5]   The Debtors have also filed an answer to Law Debentures Motion for Leave (the "Debtors' Opposition"). The Committee adopts the arguments raised by the Debtors in their Opposition.

[6]   Law Debenture concedes that the Order is interlocutory (*see* Memorandum, ¶¶ 5, 27, 28, 36) and thus is not a final order appealable as of right pursuant to 28 U.S.C. § 158(a)(1).

4

to appeal from interlocutory orders of the bankruptcy courts. *Mirant Americas Energy Mktg., L.P. v. The Official Comm. of Unsecured Creditors of Enron Corp.*, 2003 WL 22327118, *2 (S.D.N.Y. Oct. 10, 2003); *In re WorldCom,* 2003 WL 21498904, *10 (S.D.N.Y. June 30, 2003). In addition, "exceptional circumstances" must exist. *In re WorldCom*, 2003 WL 21498904, *10.

7. Section 1292(b) provides that "leave to appeal from an interlocutory order will be granted only if the order (1) involves a controlling question of law (2) over which there is a substantial ground for difference of opinion **and** (3) if an immediate appeal would materially advance the ultimate termination of the litigation." *Enron*, 2003 WL 22327118, *2; *see also* 28 U.S.C. § 1292(b) (emphasis added). The standard is phrased in the conjunctive; all three requirements must be satisfied before a district court will grant leave to appeal an interlocutory order.

          (1)    *This Appeal Does Not Involve a Controlling Question of Law*

8. A controlling question of law is one that is a "pure" question of law "that the reviewing court 'could decide quickly and cleanly without having to study the record.'" *In re WorldCom*, 2003 WL 21498904, *10 (denying leave to appeal bankruptcy court's order approving a disclosure statement because it was not a pure legal question but rather involved a fact-specific inquiry). As explained by the Second Circuit, a question of law is controlling if reversal of the district court's order would terminate the action, although resolution of an issue "need not necessarily terminate an action in order to be 'controlling.'" *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990).

9. In the present case, the appeal does not rest on a matter of "pure law," but instead raises an issue of fact (or, even if one accepts Law Debenture's argument that there are bona fide grounds on which to dispute the legal standard that the Bankruptcy Court applied, at most the appeal raises a mixed issue of law and fact). *See, e.g.*, *In re Penn-Dixie Indus., Inc.*, 9 B.R. 936,

5

NY\1117894.9

938 (S.D.N.Y. 1981) (bankruptcy court's conclusion under section 1102(c) of the Bankruptcy Code that committee was "representative of the different claims or interests to be represented" was a finding of fact). Indeed, as the Debtors point out in their brief, the factual findings of the Bankruptcy Court make clear that the legal standard is in fact irrelevant – the fact findings would compel the same result regardless of which standard is applied. The Bankruptcy Court determined as a matter of fact that the Committee as constituted by the U.S. Trustee adequately represented all unsecured creditors; this finding means that Law Debenture's Original Motion would have failed even if the Bankruptcy Court had applied the *de novo* standard that Law Debenture asserts should have been applied. *See* Debtors' Opposition [Docket # 2626], ¶¶ 11-14; *see also* Tr. at p. 169 ("the committee does adequately represent the interests of all the unsecured creditors, including the sub-debt").

(2) ***There is Not a Substantial Ground for Difference of Opinion***

10. In addition, the appeal does not involve a "substantial ground for a difference of opinion" within the meaning of section 1292(b). Mere "strong disagreement between the adversary parties" is insufficient to satisfy this prong. *North Fork Bank v. Abelson*, 207 B.R. 382, 390 (E.D.N.Y. 1997). This prong requires "a genuine doubt as to the correct applicable legal standard that was relied on in the order." *In re WorldCom*, 2003 WL 21498904, *10. For example, this prong is satisfied when the issue is "difficult and of first impression." *North Fork Bank*, 207 B.R. at 390 (citing *Klinghoffer*, 921 F.2d at 25) (finding no substantial grounds for difference of opinion where parties merely disagreed over issues that were not matters of first impression for the Second Circuit).

11. Here, Law Debenture claims that there is a substantial controversy as to the proper standard because "[t]he briefs filed by the parties in the proceeding below and the transcript of the hearing reflects that counsel for the various parties had divergent opinions as to

6

the applicable legal standard." Memorandum, ¶ 43. However, in the same paragraph Law Debenture concedes that the only "divergence of opinion" was its own – indeed, Law Debenture is left to cite to its own brief as the sole support for this alleged "divergence." This one-sided disagreement, however, is insufficient to establish grounds for interlocutory appeal. In fact, the appeal involves an issue that is neither difficult nor of first impression. Rather, the Bankruptcy Court relied on recent and clear precedent from this jurisdiction establishing abuse of discretion as the appropriate standard of review. *See In re Barney's, Inc.*, 197 B.R. 431 (Bankr. S.D.N.Y. 1996). In an effort to create an appearance of great disagreement, Law Debenture cites as contrary authority cases from jurisdictions outside the Second Circuit (*see* Original Motion, ¶ 46), and cases that address the appointment or refusal to appoint a wholly separate committee under section 1102(a)(2) of the Bankruptcy Code - a review that is expressly granted to courts by the Bankruptcy Code, and a review that is critically distinct from the issue raised in this appeal. *See In re Enron Corp.*, 279 B.R. 671 (Bankr. S.D.N.Y. 2002) (reviewing determination of whether to appoint additional creditors' committee under *de novo* standard); *In re McLean Indus., Inc.*, 70 B.R. 852 (S.D.N.Y. 1987) (same).[7] In fact, Law Debenture does not cite to a single case in the Second Circuit in which a court has found the authority to review *de novo* a trustee's decision regarding appointment to a committee.

12. Accordingly, because courts in this jurisdiction are unanimous on this issue, and because the issue is neither difficult nor one of first impression, the appeal does not involve an issue over which there is "substantial grounds for difference of opinion."

---

[7] In their Opposition, the Debtors also note that the amendments to section 1102 of the Bankruptcy Code included within the Bankruptcy Abuse Prevention and Consumer Protection Act "differentiates between the composition of a committee and the formation of a new committee" and "gives the Bankruptcy Court the authority to order the U.S. Trustee to change composition of an existing committee but is silent as to whether the Bankruptcy Court can order the U.S. Trustee to create an additional committee." *See* Debtors' Opposition, ¶ 21.

### (3) *Resolution of This Appeal Will Not Materially Advance the Termination of these Chapter 11 Cases*

13. Finally, Law Debenture similarly fails to satisfy the third prong of section 1292(b) because immediate resolution of its appeal would not materially advance the ultimate termination of the chapter 11 cases. The sole basis for Law Debenture's argument is that its absence from the Committee makes the Committee "potentially infirm," and this infirmity must be addressed to "advance" the Debtors' cases (*see* Memorandum, ¶¶ 49-50). However, Law Debenture provides no basis for its argument that the Committee is "infirm" other than its assertion that the Bankruptcy Court incorrectly refused to appoint it to the Committee. In other words, Law Debenture argues that the presumed success of its appeal is the support for its leave to appeal.

14. Clearly, this bootstrapping is not persuasive. If an appellant's belief in the merits of its appeal was basis for granting leave to appeal, then leave would always be granted, thus stripping sections 158(a) and 1292(b) of all their meaning.

15. Law Debenture's argument fails for other reasons as well. First, there is no evidence that these chapter 11 cases will be delayed because Law Debenture and the Subordinated Noteholders are not specifically represented on the Committee.[8] Law Debenture suggests that any action taken by the Committee without Law Debenture's participation will become invalid after the resolution of this appeal. Obviously, this is nothing more than fantastic predictions of extraordinary, and potentially unprecedented, events. Needless to say, even if the appeal were eventually successful, the Committee's actions would not therefore be subject to challenge. Indeed, as Law Debenture is a sophisticated party that is already actively involved in

---

[8] In any event, representation of each separate constituency is not the standard for "adequate representation." *See In re McLean Indus., Inc.*, 70 B.R. 852, 862 (S.D.N.Y. 1987) (referring to "the fundamental notion that a committee represents all unsecured creditors whether or not a member of a particular group is included in its membership").

8

NY\1117894.9

the reorganization proceeding, Law Debenture's absence from the Committee will have no effect on the cases in general – any issue that Law Debenture feels sufficiently critical to potentially invalidate the Committee's action can be and would be raised by Law Debenture on its own.  In short, Law Debenture's absence will not cause any delays, and will not somehow deprive Law Debenture of the opportunity to be heard by the Bankruptcy Court on matters it deems critical.

16.     Second, this appeal will not "terminate the potential for any future challenges to the Committee's actions on these grounds." Memorandum, ¶ 50.  Law Debenture's appeal would have no effect on potential challenges to the Committee's actions that could be brought by other parties who may later claim they were not represented.

      **B.     There Are No Exceptional Circumstances Present In This Case
            That Would Support Law Debenture's Leave To Appeal**

17.     Courts have held that leave to appeal should only be granted where exceptional circumstances exist "in order to avoid undermining the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation." *In re Enron*, 2003 WL 22327118, *2 (citing *Escondido Mission Vill. L.P. v. Best Prods. Co., Inc.*, 137 B.R. 114, 116 (S.D.N.Y. 1992)).

18.     While Law Debenture seems to construe the requirement of exceptional circumstances as an alternative means to obtain leave to appeal when the statutory requirements of section 1292(b) are not satisfied, the case law is clear that exceptional circumstances must be present before a court can grant leave to appeal, even if section 1292(b) is satisfied. *See In re WorldCom, Inc.*, 2003 WL 21498904, *10 (S.D.N.Y. June 30, 2003) ("**In addition [to satisfying 28 U.S.C. § 1292(b)]**, the party seeking an interlocutory appeal has the burden of showing 'exceptional circumstances.'") (emphasis added); *Escondido*, 137 B.R. at 116 ("[C]ourts have

9

consistently held that [orders granting leave to appeal interlocutory orders] will not be granted absent 'exceptional circumstances.'").

19.  Regardless of whether "exceptional circumstances" are a prerequisite for leave to appeal or an alternative means of obtaining such leave, Law Debenture has not satisfied its burden of proving that "exceptional circumstances" exist.  Law Debenture argues that exceptional circumstances exist simply because the appeal raises their "fundamental right … to be adequately represented on the Committee."  *See* Memorandum, ¶ 54.  As with so many of Law Debenture's arguments, this argument is further unpersuasive bootstrapping; the Bankruptcy Court denied the existence of the alleged "fundamental right," and Law Debenture is appealing that determination.  If an appellant's genuine belief that it had been deprived of a "fundamental right" by a lower court's erroneous judgment qualified as "exceptional circumstances," no interlocutory appeal would ever be denied.

20.  Furthermore, the cases relied upon by Law Debenture are inapposite.  In *Enron*, the district court found that exceptional circumstances existed where "all parties in interest wish[ed] to move forward with this appeal and resolve the issue."  2003 WL 22327118, *2. Specifically, in that case the district court stressed that neither the official creditors' committee nor the debtors had objected to the appeal, and that the U.S. Trustee had waived any objection to the court's consideration of the appeal.  *Id.*  Here, however, unlike in *Enron*, all parties in interest do ***not*** wish to proceed with this appeal.  Indeed, both the Debtors and the Committee have objected to the Motion for Leave (*see* Debtors' Opposition).

21.  Law Debenture also incorrectly relies on *Enron* and *In re Victory Markets, Inc.*, 195 B.R. 9 (N.D.N.Y. 1996), as support for its argument that the inefficiency that allegedly results from inadequate representation on a creditors' committee constitutes exceptional

10

circumstances warranting leave to appeal denial of a creditor's appointment to the creditors' committee. As noted previously, *Enron* is inapposite and based on the desire of the debtors, the committee, and the U.S. Trustee to proceed with the appeal. In addition, the language in *Victory Markets* concerning the inefficiency resulting from an improperly formed committee is merely *dicta*. 195 B.R. at 13-14. The court in that case held that the appellant lacked standing to bring the appeal, and only addressed whether the requirements for leave to appeal had been satisfied on the assumption that appellant had standing to appeal. *Id.* at 14.

22. Therefore, exceptional circumstances do not exist to warrant granting Law Debenture leave to appeal.

## II. THE COLLATERAL ORDER DOCTRINE IS INAPPLICABLE

23. Law Debenture should not be granted leave to appeal pursuant to the collateral order doctrine. For the collateral order doctrine to apply, the order must satisfy three conditions: (i) the order must conclusively determine the disputed question, (ii) the order must resolve an important issue completely separate from the merits of the action, and (iii) the order must be effectively unreviewable on appeal from a final judgment. *Victor v. Edison Bros. Stores, Inc. (In re Edison Bros. Stores, Inc.)*, 1996 WL 363806, *3 (D. Del. June 27, 1996).

24. As with the other purported grounds for leave, Law Debenture cannot meet this standard. The appeal will not resolve any "important issue" apart from the merits of the action. In fact, as the Debtors point out in their brief, as a result of the amendments to section 1102 of the Bankruptcy Code included within the Bankruptcy Abuse Prevention and Consumer Protection Act, this issue has been mooted for all future cases. *See* Debtors' Opposition, ¶¶ 16, 21.

25. In determining the applicability of the collateral order doctrine in the context of committee appointments, courts have considered whether the appellant will be able to

11

"effectively participate *in the reorganization*." *Edison Bros.*, 1996 WL 363806, *3 (finding that collateral order doctrine warranted appellate review of denial of request for appointment of an equity committee) (emphasis added). In *Edison Brothers*, the district court emphasized that all parties to the dispute had acknowledged that, "at some point in the proceedings, the opportunity to effectively participate in the reorganization will be lost, thereby mooting the question of official committee status." *Id.*

26. Here, in contrast, Law Debenture is not complaining that it cannot effectively participate *in the reorganization*, but that it cannot effectively participate *on the Committee*. In its Motion for Leave, Law Debenture argues that, "at some point in the near future, it will no longer be possible for Law Debenture to participate to any meaningful extent *in the work of the Committee*." Memorandum, ¶ 59 (emphasis added). Specifically, Law Debenture asserts certain "vital interests," consisting of: (i) the "direct and vital interest in participating in [labor] negotiations *as a member of the Committee*," (ii) the "direct and vital interest in *participating in negotiations of the Committee* when a plan of reorganization is being negotiated." Memorandum, ¶ 59 (emphasis added).

27. This argument fails for several reasons. First, merely because Law Debenture is not a member of the Committee does not mean that it is excluded from the reorganization process or from participating in the important issues arising therein. Law Debenture is a sophisticated party with sophisticated representation in these chapter 11 cases, and thus is well able to become involved in plan negotiations and other issues regardless of whether it is a member of the Committee.

28. Second, even if Law Debenture were a member of the Committee, it would be precluded in its capacity as a member from pursuing the interests it asserts the need to protect.

12

NY\1117894.9

As the Bankruptcy Court noted, Law Debenture as a Committee member would be bound by fiduciary duties to *all* creditors, not just to the Subordinated Noteholders, and in that capacity would not be able to advance its narrow interests. In other words, regardless of whether Law Debenture is a member of the Committee, it could work to advance its own interests, and the interests of the Subordinated Noteholders, only *outside* of the Committee process. Notably, Law Debenture's statements concerning the "vital interests" that will be harmed if it is not allowed to appeal demonstrate that Law Debenture is concerned only with pursuing its own parochial interests:

> [T]he Debtors issued a press release strongly suggesting that they were moving forward with in-depth negotiations with their labor representatives and with General Motors Corporation. Law Debenture has a vital interest in ***participating in such negotiations as a member of the Committee***, as this issue will likely be the single most important factor in determining affecting [sic] the amount of estate value available for distribution to all creditors, ***particularly the Subordinated Noteholders who are "last out."***

Memorandum, ¶ 23 (emphasis added).

29.     In sum, Law Debenture is not excluded from participating in the reorganization in a meaningful manner, and thus immediate appellate review under the collateral order doctrine is inapplicable.

## **CONCLUSION**

30. Based upon the foregoing, this court should find that Law Debenture should not be granted leave to appeal the interlocutory order on the basis of either 28 U.S.C. § 158 or the collateral order doctrine.

**WHEREFORE,** the Committee respectfully requests that this Court (a) deny the Motion for Leave and (b) grant the Committee such other relief as is just and proper.

Dated: March 1, 2006
    New York, New York

**LATHAM & WATKINS LLP**

By: /s/ Robert J. Rosenberg
    Robert J. Rosenberg (RR-9585)
    Mitchell A. Seider (*admitted pro hac vice*)
    Mark A. Broude (MB-1902)
    885 Third Avenue, Suite 1000
    New York, New York 10022
    Telephone: (212) 906-1200

Attorneys for the Official Committee of Unsecured Creditors

14