**Hearing Date: March 9, 2006**
**Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' STATEMENT IN RESPONSE TO MOTION DIRECTING
APPOINTMENT OF GENERAL MOTORS CORPORATION TO
<u>STATUTORY CREDITORS' COMMITTEE</u>

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this statement (the "Statement") in response to the Motion For Order Directing Appointment Of General Motors Corporation to Statutory Creditors' Committee (the "Motion") filed on February 17, 2006 by General Motors Corporation ("GM"). The Debtors respectfully represent as follows:

1.  When these cases were initially filed, Delphi did not support General Motors' request for appointment to the Creditors' Committee because of GM's relationship to Delphi as its former parent and largest customer, the legacy contractual agreements between the two companies, and the unique role that GM was expected to play in the resolution of Delphi's legacy obligations in its North American operations. After their chapter 11 filings, the Debtors have engaged in extensive and ongoing discussions with GM about labor and supplier issues and other matters of common concern, and although no final agreements have been reached, progress has been made.[1] Delphi also has not participated in, and neither supported nor opposed, GM's subsequent informal efforts to be added to the Creditors' Committee. Accordingly, the Debtors take no position on the merits of the Motion, which raises disagreements with the United States Trustee and primarily intercreditor issues with other stakeholders that are more appropriately addressed by the United States Trustee and the Creditors' Committee.

---

[1] For example, in October 2005, GM estimated that its contingent liability relating to benefit guarantees for certain Delphi employees ranged from zero to $12 billion. In a January 26, 2006 press release, GM revised its estimate and now acknowledges that the liability will range from $3.6 billion to $12 billion.

2

2.  However, while the Debtors are neutral with respect to the relief sought in the Motion, the Debtors affirmatively dispute many of the assertions, statements, and characterizations contained in the Motion including the subject matter highlighted below. In that regard, the Debtors fully reserve all of their rights with respect to all such factual and legal assertions, substantially all of which are superfluous and irrelevant to the relief sought in the Motion. Moreover, the Debtors request that any Order entered in connection with the Motion specifically recognize the Debtors' reservation of rights and refrain from making any findings of fact or conclusions of law with respect to such assertions.

3.  As a threshold matter, the Debtors disagree with GM's suggestion that the process that the U.S. Trustee employed in selecting the members of the Committee was arbitrary and capricious or that she otherwise "abused" her discretion. The Debtors also reserve all their rights with respect to all of GM's Prepetition Claims (as that term is defined in the Motion) and should not be viewed as agreeing with GM's statements about them.

4.  In addition, GM makes a number of superfluous and irrelevant statements regarding its supply arrangements and contractual agreements with the Debtors. See, e.g., Motion ¶ 6. Because none of these statements is particularly relevant to the merits of the Motion, the Debtors will not address GM's assertions here.[2] Finally, although this Statement in response to the Motion is not the occasion to brief the merits of whatever motions to reject executory contracts or leases with GM that circumstances may

---

[2] As discussed in paragraph 2 of this Statement, the Debtors specifically reserve their rights with regard to all issues relating to GM including their contractual relations with GM.

require the Debtors to file, GM's assertion, in a footnote, that Delphi will never be entitled to reject any GM contracts, including purchase orders between GM and Delphi (see Motion ¶ 11 n. 3), is plainly wrong.[3]

Dated: New York, New York
       March 2, 2006

                                                            Respectfully submitted,

                                                            SKADDEN, ARPS, SLATE, MEAGHER
                                                                & FLOM LLP

                                                            By: /s/ John Wm. Butler, Jr.
                                                               John Wm. Butler, Jr. (JB 4711)
                                                               John K. Lyons (JL 4951)
                                                               Ron E. Meisler (RM 3026)
                                                           333 West Wacker Drive, Suite 2100
                                                           Chicago, Illinois 60606
                                                          (312) 407-0700

                                                           - and -

                                                           By: /s/ Kayalyn A. Marafioti
                                                               Kayalyn A. Marafioti (KM 9632)
                                                               Thomas J. Matz (TM 5986)
                                                           Four Times Square
                                                           New York, New York 10036
                                                           (212) 735-3000

                                                           Attorneys for Delphi Corporation, et al.,
                                                             Debtors and Debtors-in-Possession

---

[3]   Section 365(a) authorizes the Debtors to review their inventory of executory contracts and decide "which ones would be beneficial to adhere to and which ones would be beneficial to reject." Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993). The Debtors intend to exercise that authority and to make an informed business judgment about rejecting executory contracts, be they with GM or anyone else. See In re The Penn Traffic Co., 322 B.R. 63, 68 (Bankr. S.D.N.Y. 2005) ("It is well established that the decision whether to assume or reject an executory contract under Section 365(a) is a matter of business judgment to be exercised in the best interests of the debtor in possession and its creditors."). The Debtors' agnosticism about GM's present Motion should not be taken to presage their future beliefs about rejecting GM contracts or about the terms and conditions they will require in GM contracts succeeding those that have expired or that are rejected.