UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
    In re                           :    Chapter 11
                                          :
DELPHI CORPORATION et al.,                :    Case No. 05-44481 (RDD)
                                          :
                                 Debtors.    :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### STIPULATION AND ORDER REGARDING MOTION FOR CERTIFICATION UNDER FED. R. BANKR. P. 7023 AND TO APPOINT COUNSEL

       WHEREAS, on October 8, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended;

       WHEREAS, the Debtors have been named as defendants in In re Delphi ERISA Litigation, a proposed class action against Delphi and others, pending in the United States District Court for the Eastern District of Michigan, 05-CV-70882, and consolidated cases (the "ERISA Litigation");

       WHEREAS, all claims against the Debtors in the ERISA Litigation remain stayed pursuant to 11 U.S.C. § 362;

       WHEREAS, to date, this Court has not established the deadline for filings proofs of claim against the Debtors (the "Bar Date");

       WHEREAS, on February 6, 2006, claimants Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler (the "Claimants"), through counsel, filed a purported class proof of claim (POC No. 1797) (the "ERISA Class Proof of Claim") against Delphi

asserting a claim under ERISA based on the same facts alleged and legal theories asserted in the ERISA Litigation;

WHEREAS, on February 7, 2006, the Claimants filed a motion for certification under Rule 7023 of the Federal Rules of Bankruptcy Procedure and to appoint counsel (the "Motion");

WHEREAS, the parties desire to defer consideration of class certification of the ERISA Class Proof of Claim without prejudice to any party's rights;

THEREFORE, it is hereby stipulated, agreed, and ordered that

1. The ERISA Class Proof of Claim is timely filed on behalf of the purported class defined therein.

2. The Motion is adjourned indefinitely pending further progress in the ERISA Litigation; *provided*, *however*, that either the Claimants or the Debtors may reset the Motion for hearing on not less than 20 days notice as set forth in this Court's October 14, 2005 order establishing omnibus hearing dates and certain notice, case management, and administrative procedures (the "Case Management Order"), subject to the Court's availability, and that nothing herein shall prejudice any party's right to seek, or to oppose, further adjournment of the hearing on the Motion. The Debtors reserve their right to file an objection to the Motion in accordance with the Case Management Order.

3. In order to protect their individual rights should class certification ultimately be denied, each putative class member, as defined in the ERISA Litigation, shall have until the *later* of (a) 30 days after entry of an order by the Court denying certification of the ERISA Class Proof of Claim or (b) the Bar Date, to file an individual proof of claim against the Debtors with respect to the claims alleged in the ERISA Litigation. The deadlines set forth in

this paragraph are without prejudice to the right of any party in interest to move the Court for further changes.

    4.    The Debtors shall have no obligation to notify putative class members of any obligation to file an individual proof of claim or of the deadlines set forth in paragraph 3 above.

    5.    The Debtors, the Claimants, the official committee of unsecured creditors expressly reserve all rights to object to the ERISA Class Proof of Claim and any individual proofs of claim that may be filed, except with respect to the timeliness of the ERISA Class Proof of Claim or the timeliness of any individual proof of claim that is filed in accordance with the conditions and deadlines set forth in paragraph 3 above.

Dated:    New York, New York  
             March 3, 2006        /s/Robert D. Drain  
                                    Honorable Robert D. Drain  
                                    United States Bankruptcy Judge

AGREED TO AND  
APPROVED FOR ENTRY:

/s/ David E. Springer  
John Wm. Butler, Jr. (JB 4711)  
David E. Springer (DS 9331)  
John K. Lyons (JL 9331)  
Ron E. Meisler (RM 3026)  
SKADDEN, ARPS, SLATE, MEAGHER  
   && FLOM LLP  
333 West Wacker Drive, Suite 2100  
Chicago, Illinois 60606  
(312) 407-0700

        - and -

3

Kayalyn Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

/s/ Gary A. Gotto
_____

Lynn Lincoln Sarko
Erin M. Riley
Cari Campen Laufenberg
KELLER ROHRBACK, LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052

       - and -

Gary A. Gotto
KELLER ROHRBACK P.L.C.
3101 North Central Avenue, Suite 900
Phoenix, AZ 85102
(602) 248-0088

Counsel for Claimant Bartell

Richard A. Lockridge
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue South, Ste. 2200
Minneapolis, MN 55401
(612) 339-6900

Counsel for Claimant Kessler

Jane B. Stranch
BRANSTETTER, KILGORE,
   STRANCH & JENNINGS
227 Second Avenue North, Fourth Floor
Nashville, TN 37201-1631
(615) 254-8801

Counsel for Claimants Folck, McEvoy,
   and Kessler