BURR & FORMAN LLP
420 North 20th Street
Suite 3100
Birmingham, Alabama 35203
(205) 251-3000
Michael Leo Hall
Shannon E. Hoff

Attorneys for Creditor
MERCEDES-BENZ U.S. INTERNATIONAL, INC.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION <u>et al.</u>, [1] | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

----------------------------------------------

## OBJECTION OF MERCEDES-BENZ U.S. INTERNATIONAL, INC. TO THE MOTION DIRECTING APPOINTMENT OF GENERAL MOTORS CORPORATION TO STATUTORY CREDITORS' COMMITTEE

**COMES NOW** Mercedes-Benz U.S. International, Inc. ("MBUSI"), a creditor and party-in-interest, and hereby files its objection (the "Objection") to the Motion for Order Directing Appointment of General Motors Corporation ("GM") to Statutory Creditors' Committee (the "Motion"). It support of its Objection, MBUSI states as follows:

---

[1] In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources, LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc., Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp., Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Services Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc, Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

## FACTS

1.       On October 8, 2005 (the "Petition Date"), Delphi Corporation, and certain of its subsidiaries (the "Subsidiaries"), as debtors and debtors in possession (collectively, the "Debtors" or "Delphi"), filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code.  On the Petition Date, this Court entered an order directing the procedural consolidation and joint administration of the Debtors' Chapter 11 cases.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2.       Delphi is a large company with more than 180,000 employees worldwide and had global 2004 revenues of approximately $28.6 billion and global assets as of August 31, 2005 of approximately $17.1 billion.  Delphi ranks as the fifth largest public company business reorganization in terms of revenues, and the thirteenth largest public company business reorganization in terms of assets.  Delphi's foreign subsidiaries are not chapter 11 debtors, and will continue their business operations outside of this bankruptcy case.

3.       Delphi is one of the largest global suppliers of vehicle electronics, transportation components, integrated systems and modules and other electronic technology, and it supplies these products to nearly every major global automotive original equipment manufacturer ("OEM"), including MBUSI.

4.       Delphi was incorporated in Delaware in 1998 as a wholly-owned subsidiary of GM.  Prior to January 1, 2999, GM conducted Delphi's business through various divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to Delphi and its subsidiaries and affiliates in accordance with the terms of a Master Separation Agreement between Delphi and GM.  GM remains the Debtors' single largest customer.

1443444                                                                 2

5. On October 17, 2005, the United States Trustee (the "Trustee") held an organizational meeting to form a committee of unsecured creditors (the "Organizational Meeting"). Prior to the Organizational Meeting, over one hundred creditors indicated an interest in serving on the Committee. Over eighty creditors attended the Organizational Meeting, including GM.

6. In connection therewith, GM submitted a request to serve on the Committee. Following deliberations and a review of all available information, the Trustee formed a seven-member Committee which consists of (i) Capital Research and Management Company; (ii) Electronic Data Systems Corp.; (iii) Flextronics International Asia-Pacific, Ltd.; (iv) Freescale Semiconductor, Inc.; (v) General Electric Company; (vi) IUE-CWA; and (vii) Wilmington Trust Company. GM was not appointed to the Committee.

7. GM filed the Motion on February 17, 2006 requesting to be appointed to the Committee.

**ARGUMENT**

8. In its Motion, GM argues that it should be appointed to the Committee as a representative of the customer claimants of Delphi, which constituency is argued to be under represented. However, GM's relationship with Delphi is so unique that it cannot be said to represent this constituency. As guarantor of a portion of the Debtors' under-funded pension liability, which the financial markets have indicated is in the billions of dollars, the interests of GM are very different from those of other customer claimants. Moreover, GM's obligation to re-hire displaced union employees further demonstrates that its interests are not aligned with the other customer claimants.

9. Accordingly, the question is not whether the customer claimants of Delphi are adequately represented on the Committee, but whether GM itself, as a unique claimant, could

adequately represent these creditors. In the initial stages of the bankruptcy case, most of the OEM customers of Delphi organized an informal committee to address common issues, such as diminished setoff rights. This informal committee deliberately excluded GM because of GM's unique relationship with Delphi. MBUSI agrees that customers are not represented on the Committee, but if a remedy is needed for this omission, the remedy is to appoint a different OEM customer to the Committee, and not GM.[2]

10.     As this Court explained in determining whether to grant the motion of Law Debenture Trust Company to change the membership of the Committee, the fact that a creditor may be denied appointment to the Committee does not mean that the creditor will be denied a meaningful opportunity to participate in the case. And, it is clear that GM will have an active role in the case whether or not it is appointed to the Committee.

11.     Moreover, the fact that a conflict exists between GM and certain of the unsecured creditors further argues against the appointment of GM to the Committee. As a guarantor of the Debtors' obligations to certain unsecured creditors, GM's ability to act as an appropriate fiduciary of these entities is questionable. Admittedly, to the extent GM may seek to maximize the distribution to these creditors under a plan of reorganization, so as to reduce the extent of its liability, the parties' interest might not conflict. However, any effort by GM to seek a discharge of its secondary liability on these claims would certainly give rise to a debilitating conflict of interest.

12.     Ultimately, the fact that GM's interests will not go unrepresented if not permitted to serve on the Committee, and the fact that there exists a potentially debilitating conflict of

---

[2] If the Court concludes that customers are under represented, the remedy that we suggest would be the remand of this decision to the Trustee to appoint an appropriate OEM customer to the Committee and not the appointment of GM.

1443444                                    4

interest, argues against any determination that the U.S. Trustee's decision not to permit GM to serve on the Committee rises to the level of an abuse of discretion, the standard announced by this Court at the omnibus hearing on January 5, 2006.

## CONCLUSION

**WHEREFORE**, based on the foregoing, MBUSI requests that this Court deny the Motion and grant such other and further relief as this Court deems appropriate.

Dated:  Birmingham, Alabama
      March 6, 2006

BURR & FORMAN LLP

By:/s/ Michael Leo Hall
    Michael Leo Hall (pro hac granted)
    Shannon Elizabeth Hoff (pro hac granted)

420 North 20th Street
Suite 3100
Birmingham, Alabama 35203
(205) 251-3000

Attorneys for Creditor
MERCEDES-BENZ U.S. INTERNATIONAL, INC.

1443444

5