| | |
|---|---|
| Victor J. Mastromarco, Jr. (VM-8621) | Return Date: April 7, 2006 |
| MASTROMARCO & JAHN, P.C. | Time:  10:00 a.m. |
| Counsel to H.E. Services Company & | |
| Robert Backie | |
| 1024 North Michigan Avenue | |
| Post Office Box 3197 | |
| Saginaw, Michigan 48605-3197 | |
| (989) 752-1414 | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

DELPHI CORPORATION, et al.,

Debtors.

Chapter 11
Case No. 05-44481 (RDD)
(Jointly Administered)

---

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF H.E. SERVICES COMPANY, and ROBERT BACKIE, Majority Shareholder FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE

Movants, H.E. Services Company, and Robert Backie, Majority Shareholder, by and through their attorneys, files this Motion For Relief from Automatic Stay Under Section 362 of the Bankruptcy Code.  In support of the motion, Movants state as follows:

**I.    STATEMENT OF FACTS:**

On February 16, 2005, Movants commenced an action against Delphi Corporation alleging civil rights violations, promissory estoppel, misrepresentation and breach of contract. On June 9, 2005, Movants filed an

1

Amended Complaint. On July 8 2005, Movants filed a Request for Clerk's Entry of Default. The Request for Clerk's entry of Default was improperly denied on July 12, 2005. The Movant filed a Motion to set aside the Clerks denial of Default Judgment August 1, 2005. A Motion to Dismiss was filed by Delphi Corporation on August 24, 2005. Neither motion was heard due to the Suggestion of Bankruptcy filed on October 13, 2005.

The Suggestion of Bankruptcy was filed due to the voluntary petition for relief under Chapter 11 of the Code of the United States Bankruptcy Court for the Southern District of New York on October 8, 2005. Due to the Debtor filing for bankruptcy protection on October 8, 2005, the action has been stayed, notwithstanding the issues remaining to be decided by the Court and the discovery which must be necessarily had. Movants now seek relief from the stay in order to pursue the stalled action to Judgment and collection.

## II.    LEGAL DISCUSSION & RELIEF SOUGHT.

Movants seek relief from the automatic stay in order to pursue the stalled action to Judgment and collection. Section 362(d)(1) provides that:

> (d)    On request of party in interest after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as terminating, annulling, modifying, or conditioning such stay-
> (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest;

"Cause" is not defined by the Code. "Cause" should be determined by the Court on a case by case basis. In re Fernstrom Storage and Van Co., 938 F.2d 731

2

(C.A. 7 1991). The Court must grant relief from the automatic stay when a movant is able to show that:

1. the debtor or the debtor's estate will not be greatly prejudiced by continuing the civil suit;
2. the hardship to the movant by maintenance of the automatic stay considerably outweighs the hardship to the debtor; and
3. the movant has a reasonable chance of prevailing on the merits.

Id at 735.

Relief from the automatic stay should be granted to allow proceedings to go forward in their place of origin, assuming the bankruptcy estate will not be prejudiced. H.R. Rep. No. 95-595, 95th Cong. 1st Sess., 341 (1977). Movant respectfully submits that it is in the interest of the judicial economy and fairness to permit the action to continue in its original forum and to relieve this Court from the burden of retaining jurisdiction over or adjudicating an action which can and should be resolved elsewhere.

In this instance, the Movant satisfies all three factors articulated for cause for stay relief. Furthermore, all three factors weigh heavily in favor of modifying the automatic stay to allow the action to proceed to judgment and collection. With respect to the first factor, all parties to the action will benefit if the matter is moved forward to resolution, before witnesses and evidence grow stale. There would be no prejudice to the Debtor if the matter continued to Judgment and Collection. Moreover, Debtor is represented by counsel in the action. This counsel is wholly unrelated to the bankruptcy counsel. For this reason, the action

3

will require no significant time commitment from the bankruptcy counsel or any employees who might be centrally involved in the bankruptcy case. The hardship imposed on Plaintiff by maintenance of the automatic stay would considerably outweigh the hardship to the Debtor if the stay were lifted. Movants have suffered severe economic and non-economic injuries. Maintaining the stay only serves to prolong the litigation and prevent Movants from bringing this matter to a close. In cases where the Court determines that the decision-making process should be relegated to a body other than the bankruptcy court, only "strong defenses" should prevent the Court from granting relief from the stay. In re Fonseca, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990). In the instant case, there are no absolute defenses that would operate to bar the action. To the contrary, precedent favors the Movant. See 42 U.S.C. § 1981. MCL § 450.771; MCL § 440.2206-2207. The automatic stay in this instance, clearly, only serves to prolong the litigation and prevent Movants from ending this matter. Movants respectfully submits that in view of the foregoing, the automatic stay should be modified to allow the action to be litigated to conclusion. Continuing the action will not prejudice the Debtor, the balancing of the hardships weighs in Movants' favor, and Movants have a reasonable chance of prevailing on the merits.

WHEREFORE, Movants respectfully request that the Court enter and Order in the form attached modifying the automatic stay to allow the action to proceed to final judgment and to enable Movants to satisfy any Judgment awarded

4

or settlement reached in the action from the Debtor and granting Movants such other and further relief as the Court deems just and appropriate.

Dated: March 6, 2006                    Respectfully submitted,

                                                                MASTROMARCO & JAHN, P.C.

                                                                s/ Victor J. Mastromarco, Jr.
                                                                Victor J. Mastromarco, Jr. (P34564)
                                                                Attorney for Movant
                                                                vmastromar@aol.com