| | |
|---|---|
| Victor J. Mastromarco, Jr. (VM-8621) | Return Date: April 7, 2006 |
| MASTROMARCO & JAHN, P.C. | Time: 10:00 a.m. |
| Counsel to Cindy Palmer, Personal | |
| Representative to the Estate of Michael Palmer | |
| 1024 North Michigan Avenue | |
| Post Office Box 3197 | |
| Saginaw, Michigan 48605-3197 | |
| (989) 752-1414 | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

DELPHI CORPORATION, et al.,

Debtors.

Chapter 11
Case No. 05-44481 (RDD)
(Jointly Administered)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CINDY PALMER PERSONAL REPRESENTATIVE OF THE ESTATE OF MICHAEL PALMER, DECEASED FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE**

Movant, Cindy Palmer, as Personal Representative of the Estate of Michael Palmer, deceased, by and through her attorneys, files this Motion For Relief from Automatic Stay Under Section 362 of the Bankruptcy Code. In support of the motion, Movants state as follows:

**I.    STATEMENT OF FACTS:**

On August 24, 2001, Movant commenced an action against Delphi Corporation alleging that the actions of the Debtor proximately caused the wrongful death of Michael Palmer. As a direct and proximate result of the actions

1

of Delphi Corporation, Movant has suffered severe economic and non-economic losses in excess of One Million Dollars. The Trial Court heard oral argument on Defendant Delphi's Motion for Summary Disposition and issued its Opinion and Order on November 21, 2002, granting the Debtor, Delphi's Motion for Summary Disposition. Plaintiff appealed the Order granting Delphi's Motion for Summary Disposition to the Michigan Court of Appeals. The Michigan Court of Appeals was scheduled to hear oral argument on the Appeal on October 12, 2005.

Due to the filing of the Suggestion of Bankruptcy, as a result of the voluntary petition for relief under Chapter 11 of the Code of the United States Bankruptcy Court for the Southern District of New York on October 8, 2005, oral argument was not heard and a Stay was entered. As such, there remains issues to be decided by the Michigan Court of Appeals.

Movants now seek relief from the stay in order to pursue the stalled action Judgment and collection.

## II.    LEGAL DISCUSSION & RELIEF SOUGHT.

Movants seek relief from the automatic stay in order to pursue the stalled action to Judgment and collection. Section 362(d)(1) provides that:

> (d) On request of party in interest after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as terminating, annulling, modifying, or conditioning such stay-
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

2

"Cause" is not defined by the Code. "Cause" should be determined by the Court on a case by case basis. In re Fernstrom Storage and Van Co., 938 F.2d 731 (C.A. 7 1991). The Court must grant relief from the automatic stay when a movant is able to show that:

1. the debtor or the debtor's estate will not be greatly prejudiced by continuing the civil suit;
2. the hardship to the movant by maintenance of the automatic stay considerably outweighs the hardship to the debtor;
3. and the movant has a reasonable chance of prevailing on the merits.

Id at 735.

Relief from the automatic stay should be granted to allow proceedings to go forward in their place of origin, assuming the bankruptcy estate will not be prejudiced. H.R. Rep. No. 95-595, 95th Cong. 1st Sess., 341 (1977). Movant respectfully submits that it is in the interest of the judicial economy and fairness to permit the action to continue in its original forum and to relieve this Court from the burden of retaining jurisdiction over or adjudicating an action which can and should be resolved elsewhere. In this instance, the Movant satisfies all three factors articulated for cause for stay relief. Furthermore, all three factors weigh heavily in favor of modifying the automatic stay to allow the action to proceed to judgment and collection.

With respect to the first factor, all parties to the action will benefit if the matter is moved forward to resolution, before witnesses and evidence grow stale. There would be no prejudice to the Debtor if the matter continued to Judgment and

3

Collection. Moreover, Debtor is represented by counsel in the action. This counsel is wholly unrelated to the bankruptcy counsel. For this reason, the action will require no significant time commitment from the bankruptcy counsel or any employees who might be centrally involved in the bankruptcy case. The hardship imposed on Plaintiff by maintenance of the automatic stay would considerably outweigh the hardship to the Debtor if the stay were lifted. Movants have suffered severe economic and non-economic injuries. Maintaining the stay only serves to prolong the litigation and prevent Movants from bringing this matter to a close. In cases where the Court determines that the decision-making process should be relegated to a body other than the bankruptcy court, only "strong defenses" should prevent the Court from granting relief from the stay. In re Fonseca, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990). In the instant case, there are no absolute defenses that would operate to bar the action. To the contrary, precedent favors the Movant. See Ormsby v. Capital Welding, Inc., 471 Mich 45 (2004)(holding that a general contractor can be held liable for the death of a worker on site where the general contractor "retained control" of the premises); Brown v. Unit Products Corporation, 105 Mich App 141 (1981)(holding that a general contractor is strictly liable for injuries to workers on site where they are engaged in an inherently dangerous activity). The automatic stay in this instance, clearly, only serves to prolong the litigation and prevent Movant from ending this matter. Movant respectfully submits that in view of the foregoing, the automatic stay should be modified to allow the action to be litigated to conclusion. Continuing the action

4

will not prejudice the Debtor, the balancing of the hardships weighs in Movant's favor, and Movant have a reasonable chance of prevailing on the merits.

WHEREFORE, Movant respectfully request that the Court enter and Order in the form attached modifying the automatic stay to allow the action to proceed to final judgment and to enable Movant to satisfy any Judgment awarded or settlement reached in the action from the Debtor and granting Movant such other and further relief as the Court deems just and appropriate.

Dated: March 6, 2006            Respectfully submitted,

                                              MASTROMARCO & JAHN, P.C.

                                              s/ Victor J. Mastromarco, Jr.
                                              Victor J. Mastromarco, Jr. (P34564)
                                              Attorney for Movant