**RIECK AND CROTTY, P.C.**
Jerome F. Crotty, Esq.
Maria E. Mazza, Esq.
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-4646 (Telephone)
(312) 726-0647 (Facsimile)

Hearing Date: April 7, 2006 at 10:00 a.m.
Objection Deadline: March 30, 2006 at 4:00p.m.

**MENAKER & HERMANN LLP**
Richard G. Menaker, Esq.
10 East 40th Street, 43rd Floor
New York, New York 10016

*Counsel for Petitioners*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>DELPHI CORPORATION, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

## MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY PETITIONERS, MARY P. O'NEIL AND LIAM P. O'NEIL

Petitioners, Mary P. O'Neill and Liam P. O'Neill ("Petitioners"), by their attorneys, submit this Memorandum in support of their Motion for Relief From Automatic Stay.

1

## I.

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue for this proceeding and this Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.

## FACTUAL BACKGROUND

2.  Petitioners are plaintiffs in a suit filed against Debtors, Delphi Corporation and Delphi Automotive Systems LCC ("Debtors") and other defendants on June 27, 2003 in the Circuit Court of Cook County, Illinois, under the caption <u>Mary P. O'Neill and Liam P. O'Neill v. General Motors Corp. et al.</u>, case number 03 L 7792 (hereinafter referred to as "State Court Litigation").

3.  The Complaint filed in the State Court Litigation contains counts against Debtors for strict liability, negligence, and breach of express and implied warranties of merchantability relating to the malfunction of the electrical component parts and systems contained in a 2000 General Motors GMC Jimmy sport utility vehicle owned by Petitioners.

## III.

## GROUNDS FOR RELIEF

4.  By this Motion, Petitioners seek relief from the automatic stay in order to proceed with the prosecution of the State Court Litigation filed against Debtors and to seek satisfaction of any judgment obtained against Debtors from any insurance coverage that may be applicable to Petitioners' claims against Debtors.

5.   Section 362(d) of the Bankruptcy Code requires the bankruptcy court to grant relief from the automatic stay for cause. "Cause" as used in the context of Section 362(d) is determined on a case-by-case basis. In re MacInnis, 235 B.R. 255, 259 (S.D. N.Y. 1998).

6.   Courts have applied twelve factors in order to determine whether "cause" exists in order for litigation to continue to completion in another tribunal, which include:

> (1) whether relief would result in a partial or complete resolution of the issues;
>
> (2) lack of any connection with or interference with the bankruptcy case;
>
> (3) whether the other proceeding involves the debtor as a fiduciary;
>
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
>
> (5) whether the debtor's insurer has assumed full responsibility for a defense;
>
> (6) whether the action primarily involves third parties;
>
> (7) whether litigation in another forum would prejudice the interests of other creditors;
>
> (8) whether the judgment claim arising from the other action is subject to equitable subordination;
>
> (9) whether the movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
>
> (10) the interests of judicial economy and the expeditious and economical resolution of litigation;
>
> (11) whether the parties are ready for trial in the other proceeding; and
>
> (12) the impact of the stay on the parties and the balance of harms.

Sonnax Indus., Inc. v. Tri Component Prods. Corp., 907 F.2d 1280, 1286 (2nd Cir. 1990). Not every one of these factors will be relevant in every case. In re Bogdanovitch, 292 F.3d 104, 110 (2nd Cir. 2002). Each of the foregoing factors, to the extent applicable, point to lifting the automatic stay in this case.

7. As to the first factor, modification of the stay would promote the complete resolution of the State Court Litigation, which has been pending since 2003. Prior to Debtors' bankruptcy filing, the parties in the State Court Litigation have engaged in discovery. If the stay is modified, Petitioners would be allowed to proceed to trial and if Petitioners obtained a judgment against Debtors, Petitioners would agree to limit recovery to the amount available under any policy of insurance that may cover the loss attributable to Petitioners' claim.

8. As to the second factor, allowing Petitioners to proceed with the State Court Litigation would not interfere with the bankruptcy case. If modification of the stay is allowed, the State Court Litigation would proceed to trial in the Circuit Court of Cook County and it would be unnecessary to take further action in Debtors' bankruptcy case.

9. As to the fourth factor, the State Court Litigation is pending in the Law Division of the Circuit Court of Cook County, a division of the Circuit Court which has expertise in adjudicating product liability cases, such as the State Court Litigation.

10. As to the fifth factor, as noted in paragraph 7 above, Petitioners believe that Debtors have insurance which may be applicable to their claims against Debtors and agree to limit recovery of any judgment obtained against Debtors to any insurance that might be applicable to Petitioners' claims and agree that any judgment which might be entered in the State Court Litigation would not be a claim against any other assets of Debtors.

11. As to the seventh factor, since Petitioners agree to limit recovery of any judgment obtained against Debtors to any insurance that might be applicable to their

claims and since Petitioners agree that any judgment would not be a claim against other assets of Debtors, the other creditors of Debtors would not be prejudiced.

12. As to the ninth factor, since Petitioners agree to limit recovery of any judgment obtained against Debtors to any insurance applicable to Petitioners' claim such a judgment would not result in a judicial lien avoidable by Debtors.

13. As to the tenth factor, by allowing the automatic stay to be lifted, the State Court Litigation, which has been pending since 2003, would be allowed to proceed to trial in the State Court, which, as discussed above in paragraph 9, has an expertise in resolving this type of action. Therefore, allowing the automatic stay to be lifted would be the most expeditious and economical resolution of the State Court Litigation and serve judicial economy.

14. As to the twelfth factor, if the stay is not modified, Petitioners would be harmed. Without the ability to proceed with the prosecution of the State Court Litigation, including discovery, Petitioners would be unable to obtain facts and information necessary to successfully proceed with the prosecution of the State Court Litigation. However, there would be no appreciable prejudice to Creditors or Debtors if Petitioners are permitted to proceed with the prosecution of the State Court Litigation, including discovery, against Debtors. Courts have held that a debtor's participation in litigation, including discovery, does not constitute appreciable prejudice to the debtor. See In re Winterland, 101 B.R. 547, 549 (Bankr. C.D. Ill. 1988).

15. The remaining factors need not be considered because they are inapplicable to this case.

16. Since the majority of the factors set forth in the Sonnax case favor modification of the stay, Petitioners request that this Court modify the stay to allow

5

Petitioners to proceed with the State Court Litigation and to seek satisfaction of any judgment against Debtors from any insurance coverage that may be applicable to Petitioners' claims against Debtors.

WHEREFORE, Petitioners respectfully request entry of an Order modifying the automatic stay imposed by §362(d) of the Bankruptcy Code to allow Petitioners to proceed with the State Court Litigation, including discovery, filed against Debtors and to seek satisfaction of any judgment obtained against Debtors from any insurance coverage that may be applicable to Petitioners' claims against Debtors.

Respectfully submitted,

Petitioners, Mary P. O'Neill and Liam P. O'Neill

By: *[signature]*
Richard G. Menaker (RM-4716)

Menaker & Herrmann LLP
Attorneys for Petitioners
10 East 40th Street, 43rd Floor
New York, New York 10016
(212)545-1900

Jerome F. Crotty, Esq.
Maria E. Mazza, Esq.
RIECK AND CROTTY, P.C.
Attorneys for Petitioners
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
(312)726-4646