RFB/smm/mjr        02-0040

STATE OF ILLINOIS          )
                           )SS.
COUNTY OF COOK             )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MARY P. O'NEILL and LIAM P. O'NEILL,      )        03L 007792

                                          )        CALENDAR F
                Plaintiffs,               )        PRODUCT LIABILITY
v.                                        )        No.
                                          )
GENERAL MOTORS CORPORATION,               )
a corporation, DELPHI CORPORATION,        )        Plaintiffs demand a
a corporation, DELPHI DELCO ELECTRONIC    )        trial by jury
SYSTEMS, INC., a corporation, DELPHI      )
PACKARD ELECTRIC SYSTEMS, a corporation,  )
DELCO REMY INTERNATIONAL, INC., a         )
corporation, COMMUNITY MOTORS, INC., a    )
corporation, individually and d/b/a COMMUNITY )
PONTIAC, GMC, TRUCK,                      )
                                          )
                Defendants.               )

### COMPLAINT AT LAW

### COUNT I

### STRICT LIABILITY - MARY P. O'NEILL

### GENERAL MOTORS CORPORATION, DELPHI CORPORATION, DELPHI DELCO
### ELECTRONIC SYSTEMS, INC., DELPHI PACKARD ELECTRIC SYSTEMS,
### DELCO REMY INTERNATIONAL, INC.

Plaintiff MARY P. O'NEILL, through her attorneys, CLIFFORD LAW OFFICES, P.C.,

complaining of Defendants GENERAL MOTORS CORPORATION, a corporation ("GENERAL

MOTORS"), DELPHI CORPORATION, a corporation ("DELPHI"), DELPHI DELCO

ELECTRONIC SYSTEMS, INC., a corporation ("DELCO"), DELPHI PACKARD ELECTRIC

SYSTEMS, a corporation ("PACKARD"), and DELCO REMY INTERNATIONAL, INC., a

corporation ("REMY"), states as follows:

1.      On July 3, 2001, LaPorte Road was a public highway running in a generally east/west direction in the Village of Mokena, State of Illinois.

2.      On July 3, 2001, Plaintiffs LIAM P. O'NEILL and MARY P. O'NEILL owned, managed and maintained a 2000 General Motors GMC Jimmy sport utility vehicle, bearing vehicle identification number 1GKCT18W3YK225231, which was driven by Plaintiff MARY P. O'NEILL in an eastbound direction on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, State of Illinois.

3.      On and before July 3, 2001, Defendant, GENERAL MOTORS, was engaged in the business of designing, manufacturing, distributing and selling motor vehicles, including the 2000 General Motors GMC Jimmy Sport utility vehicle, bearing vehicle identification number 1GKCT18W3YK225231, and owned by Plaintiffs, LIAM P. O'NEILL and MARY P. O'NEILL.

4.      On and before July 3, 2001, Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and REMY, and each of them, designed, manufactured, distributed, installed, and sold various electronic and electrical component parts and systems, for use in GENERAL MOTORS vehicles, including the GENERAL MOTORS GMC sport utility vehicle bearing vehicle identification number 1GKCT18W3YK225231.

5.      On and before July 3, 2001, Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and REMY, and each of them, had a duty to ensure that the aforesaid 2000 General Motors GMC sport utility vehicle was not designed, manufactured, sold and distributed so as to be in an unreasonably dangerous condition.

6.      On July 3, 2001, Plaintiff MARY P. O'NEILL operated the aforementioned General

2

Motors GMC Jimmy motor vehicle on LaPorte Road near 10901 LaPorte Road in the Village of
Mokena, State of Illinois.

7.    On July 3, 2001, the GMC Jimmy sport utility vehicle, bearing vehicle identification
number 1GKCT18W3YK225231, and driven by Plaintiff, MARY P. O'NEILL, suddenly and
without warning, stalled on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, State
of Illinois.

8.    On July 3, 2001, and at the time the aforementioned 2000 GENERAL MOTORS
sport utility vehicle, bearing vehicle identification number 1GKCT18W3YK225231, left control of
Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and REMY, and each of them,
this vehicle was in an unreasonably dangerous condition in one or more of the following respects:

a.    the 2000 GENERAL MOTORS GMC sport utility vehicle was designed,
manufactured, distributed and sold with design and engineering
characteristics which rendered it unsafe;

b.    the 2000 GENERAL MOTORS GMC sport utility vehicle was designed,
manufactured, distributed and sold with defective electronic and electrical
component parts and systems, which rendered it unsafe and prone to stall;

c.    the 2000 GENERAL MOTORS GMC sport utility vehicle was designed,
manufactured, distributed and sold with a defective electronic control
module, which rendered it unsafe and prone to stall;

d.    Defendants designed, manufactured, distributed and sold the 2000
GENERAL MOTORS GMC sport utility vehicle, when Defendants knew or
should have known that the defects in the electronic and electrical parts and
systems rendered the vehicle unsafe, dangerous and prone to causing the
vehicle to stall;

e.    Defendants designed, manufactured, distributed and sold the 2000
GENERAL MOTORS GMC sport utility vehicle in such a condition that it
was prone to stall;

f.    Defendants designed, manufactured, distributed and sold the 2000

3

GENERAL MOTORS GMC sport utility vehicle with an electronic control module which was unsafe and dangerous for use on said vehicle;

g.    Defendants designed, manufactured, distributed and sold the 2000 GENERAL MOTORS GMC sport utility vehicle without performing proper and adequate testing of the vehicle and its parts and systems, including adequate testing of the electronic control module;

h.    Defendants failed to properly notify, warn and instruct occupants of the 2000 GENERAL MOTORS GMC sport utility vehicle's potential to stall during foreseeable operating conditions;

i.    Defendants failed to properly test the operation of the electronic and electrical parts and systems during foreseeable operating conditions;

j.    Defendants failed to modify the design of the electronic and electrical parts and systems, after Defendants knew or should have known of the dangerous conditions inherent in the design;

k.    the 2000 GENERAL MOTORS GMC sport utility vehicle was equipped with electronic and electrical parts and systems, including an electronic control module, that were intrinsically defective and dangerous in the absence of adequate reminders, warnings and instructions as to the vehicle's potential to suddenly stall;

l.    was otherwise unreasonably dangerous.

9.    As a direct and proximate result of one or more of the aforementioned unreasonably dangerous conditions, Plaintiff, MARY P. O'NEILL, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff MARY P. O'NEILL demands judgment against Defendants, GENERAL MOTORS CORPORATION, a corporation, DELPHI CORPORATION, a corporation, DELPHI DELCO ELECTRONIC SYSTEMS, INC., a corporation, DELPHI PACKARD ELECTRIC SYSTEMS, a corporation, and DELCO REMY INTERNATIONAL, INC., a corporation, in an amount in excess of $50,000.00.

4

## COUNT II

## NEGLIGENCE - MARY P. O'NEILL

## GENERAL MOTORS CORPORATION, DELPHI CORPORATION, DELPHI DELCO ELECTRONIC SYSTEMS, INC., DELPHI PACKARD ELECTRIC SYSTEMS, DELCO REMY INTERNATIONAL, INC.

Plaintiff MARY P. O'NEILL, through her attorneys, CLIFFORD LAW OFFICES, P.C.,

complaining of Defendants GENERAL MOTORS CORPORATION, a corporation ("GENERAL

MOTORS"), DELPHI CORPORATION, a corporation ("DELPHI"), DELPHI DELCO

ELECTRONIC SYSTEMS, INC., a corporation ("DELCO"), DELPHI PACKARD ELECTRIC

SYSTEMS, a corporation ("PACKARD"), and DELCO REMY INTERNATIONAL, INC., a

corporation ("REMY"), states as follows:

1.      On July 3, 2001, LaPorte Road was a public highway running in a generally east/west

direction in the Village of Mokena, State of Illinois.

2.      On July 3, 2001, Plaintiff LIAM P. O'NEILL owned, managed and maintained a

2000 General Motors GMC Jimmy sport utility vehicle, bearing vehicle identification number

1GKCT18W3YK225231, which was driven by Plaintiff MARY P. O'NEILL in an eastbound

direction on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, State of Illinois.

3.      On and before July 3, 2001, Defendant, GENERAL MOTORS, was engaged in the

business of designing, manufacturing, distributing and selling motor vehicles, including the 2000

General Motors GMC Jimmy Sport utility vehicle, bearing vehicle identification number

1GKCT18W3YK225231, and owned by Plaintiffs, LIAM P. O'NEILL and MARY P. O'NEILL.

4.      On and before July 3, 2001, Defendants, GENERAL MOTORS, DELPHI, DELCO,

PACKARD, and REMY, and each of them, designed, manufactured, distributed, installed, and sold

5

various electronic and electrical component parts and systems, for use in GENERAL MOTORS

vehicles, including the GENERAL MOTORS GMC sport utility vehicle bearing vehicle

identification number 1GKCT18W3YK225231.

5.    On and before July 3, 2001, Defendants, GENERAL MOTORS, DELPHI, DELCO,

PACKARD, and REMY, and each of them, had a duty to exercise ordinary care in the design,

manufacture, distribution, and sale of motor vehicles, including the 2000 General Motors GMC sport

utility vehicle, bearing vehicle identification number 1GKCT18W3YK225231.

6.    On July 3, 2001, Plaintiff MARY P. O'NEILL operated the aforementioned General

Motors GMC Jimmy motor vehicle on LaPorte Road near 10901 LaPorte Road in the Village of

Mokena, State of Illinois.

7.    On July 3, 2001, the GMC Jimmy sport utility vehicle, bearing vehicle identification

number 1GKCT18W3YK225231, and driven by Plaintiff, MARY P. O'NEILL, suddenly and

without warning, stalled on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, State

of Illinois.

8.    On July 3, 2001, Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD,

and REMY, and each of them, were negligent in one or more of the following respects:

      a.    the 2000 GENERAL MOTORS GMC sport utility vehicle was designed,
manufactured, distributed and sold with design and engineering
characteristics which rendered it unsafe;

      b.    the 2000 GENERAL MOTORS GMC sport utility vehicle was designed,
manufactured, distributed and sold with defective electronic and electrical
component parts and systems, which rendered it unsafe and prone to stall;

      c.    the 2000 GENERAL MOTORS GMC sport utility vehicle was designed,
manufactured, distributed and sold with a defective electronic control
module, which rendered it unsafe and prone to stall;

6

d.    Defendants designed, manufactured, distributed and sold the 2000
GENERAL MOTORS GMC sport utility vehicle, when Defendants knew or
should have known that the defects in the electronic and electrical parts and
systems rendered the vehicle unsafe, dangerous and prone to causing the
vehicle to stall;

e.    Defendants designed, manufactured, distributed and sold the 2000
GENERAL MOTORS GMC sport utility vehicle in such a condition that it
was prone to stall;

f.    Defendants designed, manufactured, distributed and sold the 2000
GENERAL MOTORS GMC sport utility vehicle with an electronic control
module which was unsafe and dangerous for use on said vehicle;

g.    Defendants designed, manufactured, distributed and sold the 2000
GENERAL MOTORS GMC sport utility vehicle without performing proper
and adequate testing of the vehicle and its parts and systems, including
adequate testing of the electronic control module;

h.    Defendants failed to properly notify, warn and instruct occupants of the 2000
GENERAL MOTORS GMC sport utility vehicle's potential to stall during
foreseeable operating conditions;

i.    Defendants failed to properly test the operation of the electronic and electrical
parts and systems during foreseeable operating conditions;

j.    Defendants failed to modify the design of the electronic and electrical parts
and systems, after Defendants knew or should have known of the dangerous
conditions inherent in the design;

k.    the 2000 GENERAL MOTORS GMC sport utility vehicle was equipped with
electronic and electrical parts and systems, including an electronic control
module, that were intrinsically defective and dangerous in the absence of
adequate reminders, warnings and instructions as to the vehicle's potential to
suddenly stall;

l.    were otherwise negligent in the design and manufacture of an unsafe and
unreasonably dangerous vehicle.

9.    As a direct and proximate result of one or more of the aforementioned negligent acts

7

and/or omissions of Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and

REMY, and each of them, MARY P. O'NEILL sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, MARY P. O'NEILL, demands judgment against Defendants,

GENERAL MOTORS CORPORATION, a corporation, DELPHI CORPORATION, a corporation,

DELPHI DELCO ELECTRONIC SYSTEMS, INC., a corporation, DELPHI PACKARD

ELECTRIC SYSTEMS, a corporation, and DELCO REMY INTERNATIONAL, INC., a

corporation, in an amount in excess of $50,000.00.

## COUNT III

### BREACH OF EXPRESS AND IMPLIED WARRANTIES OF MERCHANTABILITY

### MARY P. O'NEILL

### GENERAL MOTORS CORPORATION, DELPHI CORPORATION, DELPHI DELCO ELECTRONIC SYSTEMS, INC., DELPHI PACKARD ELECTRIC SYSTEMS, DELCO REMY INTERNATIONAL, INC.

Plaintiff MARY P. O'NEILL, through her attorneys, CLIFFORD LAW OFFICES, P.C.,

complaining of Defendants GENERAL MOTORS CORPORATION, a corporation ("GENERAL

MOTORS"), DELPHI CORPORATION, a corporation ("DELPHI"), DELPHI DELCO

ELECTRONIC SYSTEMS, INC., a corporation ("DELCO"), DELPHI PACKARD ELECTRIC

SYSTEMS, a corporation ("PACKARD"), and DELCO REMY INTERNATIONAL, INC., a

corporation ("REMY"), states as follows:

1.    On and before July 3, 2001, Defendants, GENERAL MOTORS, DELPHI, DELCO,

PACKARD, and REMY, and each of them, were engaged in the business of designing,

manufacturing, testing, distributing, marketing and selling motor vehicles, including a 2000

GENERAL MOTORS GMC Jimmy sport utility vehicle and its related electronic and electrical

8

component parts and systems, owned by LIAM P. O'NEILL and MARY P. O'NEILL, and bearing vehicle identification number 1GKCT18W3YK225231.

2.    On and before July 3, 2001, Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and REMY, and each of them, as part of their customary business activities, engaged in the business of designing, manufacturing, testing, distributing, marketing and selling motor vehicles and parts in and throughout Cook County, Illinois, and maintained offices of registered agents at CT Corporation System, 208 S. LaSalle Street, Chicago, Illinois 60604.

3.    On and before July 3, 2001, the aforesaid 2000 GENERAL MOTORS GMC Jimmy sport utility vehicle, bearing vehicle identification number 1GKCT18W3YK225231, and its related component parts and systems, were designed, manufactured, tested, distributed, marketed, and sold by Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and REMY, and each of them.

4.    On and before July 3, 2001, Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and REMY, and each of them, had a duty to exercise ordinary care in the design, manufacture, engineering, testing, marketing, distributing, and sale of the aforesaid 2000 GENERAL MOTORS GMC Jimmy sport utility vehicle, and its related component parts and systems, as well as in the advice, consultation, information, instruction, guidance, determination, selection and marketing given to customers by agents of the Defendants.

5.    On and before July 3, 2001, and at all times mentioned herein, Defendants, DELPHI, DELCO, PACKARD, REMY, and COMMUNITY MOTORS INC., individually and d/b/a COMMUNITY PONTIAC, GMC, TRUCK, and each of them, were agents and employees of Defendant, GENERAL MOTORS.

9

6.    Prior to July 3, 2001, Plaintiff MARY P. O'NEILL, purchased a General Motors GMC Jimmy sport utility vehicle bearing vehicle identification number 1GKCT18W3YK225231 from Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and REMY, and each of them.

7.    On and before July 3, 2001, and at the time Plaintiff, MARY P. O'NEILL, purchased the aforesaid General Motors GMC Jimmy sport utility, Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and REMY, and each of them, provided, and Plaintiff relied upon, the advice, guidance, consultation, instruction, determination, and selection from Defendants as to the appropriate and safe type, style, design and size of family-type vehicle for Plaintiff.

8.    On and before July 3, 2001, and at the time Plaintiff, MARY P. O'NEILL, purchased this aforesaid General Motors GMC sport utility, Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and REMY, and each of them, specifically advertised, advised, consulted, guided, instructed, marketed, determined and selected for Plaintiff, MARY P. O'NEILL, the General Motors sport utility vehicle that Defendants provided, recommended, and sold to Plaintiff, MARY P. O'NEILL.

9.    On July 3, 2001, Plaintiff MARY P. O'NEILL operated the aforementioned General Motors GMC Jimmy motor vehicle on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, State of Illinois.

10.    On July 3, 2001, the GMC Jimmy sport utility vehicle, bearing vehicle identification number 1GKCT18W3YK225231, and driven by Plaintiff, MARY P. O'NEILL, suddenly and without warning, stalled on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, and State of Illinois, resulting in injuries of a personal and pecuniary nature.

10

11.    On and before July 3, 2001, Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and REMY, and each of them, did expressly and impliedly warrant that the aforementioned sport utility vehicle, and its related component parts and systems, were of merchantable quality and fit for the ordinary purposes for which such vehicles, parts and systems are used, pursuant to the provisions of the Uniform Commercial Code, 810 ILCS 5/2-313, 314 and 315, and further specifically claimed in its 2000 GENERAL MOTORS GMC Jimmy sport utility vehicle brochure that:

      a.    the 2000 GENERAL MOTORS  GMC Jimmy sport utility vehicle  was the "perfect family vehicle;"

      b.    the "Jimmy moves you with authoritative performance;"

      c.    "The handling is responsive;"

      d.    the Jimmy offers a "smooth, capable ride and handling;"

      e.    "The steering is improved, more responsive;" and

      f.    "GENERAL MOTORS engineers...have done a remarkable job in providing the handling capability you'd expect..."

12.    On and before July 3, 2001, Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and REMY, and each of them, knew or should have known that the aforementioned sport utility vehicle, and its related component parts and systems, would be sold to the public.

13.    On and before July 3, 2001, in violation of the provisions of 810 ILCS 5/2-313, 314 and 315, Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and REMY, and each of them, breached the aforementioned express and implied warranties of merchantability, since the aforesaid sport utility vehicle was not of merchantable quality nor fit for the ordinary purposes

11

for which such vehicles are used, in that said General Motors GMC sport utility was improperly
marketed, described, customized, evaluated, recommended and sold for use to MARY P. O'NEILL,
despite having manufacturing, design, handling, style and system characteristics, including, in
addition to other traits, electronic and electrical component parts and systems, which rendered the
vehicle unsafe and prone to suddenly stall, and which rendered the vehicle unsafe for foreseeable use
by Plaintiff, MARY P. O'NEILL.

    14.    As a proximate result of one or more of the aforementioned breaches of the express
and implied warranties of Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and
REMY, and each of them, Plaintiff, MARY P. O'NEILL sustained injuries of a personal and
pecuniary nature.

    WHEREFORE, Plaintiff, MARY P. O'NEILL, demands judgment against Defendants,
GENERAL MOTORS CORPORATION, a corporation, DELPHI CORPORATION, a corporation,
DELPHI DELCO   ELECTRONIC SYSTEMS, INC., a corporation, DELPHI PACKARD
ELECTRIC SYSTEMS, a corporation, and DELCO REMY INTERNATIONAL, INC., a
corporation, in an amount in excess of $50,000.00.

## COUNT IV

### STRICT LIABILITY - LIAM P. O'NEILL

**GENERAL MOTORS CORPORATION, DELPHI CORPORATION, DELPHI DELCO
ELECTRONIC SYSTEMS, INC., DELPHI PACKARD ELECTRIC SYSTEMS,
DELCO REMY INTERNATIONAL, INC.**

    Plaintiff, LIAM P. O'NEILL, through his attorneys, CLIFFORD LAW OFFICES, P.C.,
complaining of Defendants GENERAL MOTORS CORPORATION, a corporation ("GENERAL
MOTORS"), DELPHI CORPORATION, a corporation ("DELPHI"), DELPHI DELCO

ELECTRONIC SYSTEMS, INC., a corporation ("DELCO"), DELPHI PACKARD ELECTRIC

SYSTEMS, ("PACKARD"), and DELCO REMY INTERNATIONAL, INC., a corporation

("REMY"), states as follows:

1.    On July 3, 2001, LaPorte Road was a public highway running in a generally

east/west direction in the Village of Mokena, State of Illinois.

2.    On July 3, 2001, Plaintiffs LIAM P. O'NEILL and MARY P. O'NEILL owned,

managed and maintained a 2000 General Motors GMC Jimmy sport utility vehicle, bearing vehicle

identification number 1GKCT18W3YK225231, which was driven by Plaintiff MARY P. O'NEILL

in an eastbound direction on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, State

of Illinois.

3.    On and before July 3, 2001, Defendant, GENERAL MOTORS, was engaged in the

business of designing, manufacturing, distributing and selling motor vehicles, including the 2000

General Motors GMC Jimmy Sport utility vehicle, bearing vehicle identification number

1GKCT18W3YK225231, and owned by Plaintiffs, LIAM P. O'NEILL and MARY P. O'NEILL.

4.    On and before July 3, 2001, Defendants, GENERAL MOTORS, DELPHI, DELCO,

PACKARD, and REMY, and each of them, designed, manufactured, distributed, installed, and sold

various electronic and electrical component parts and systems, for use in GENERAL MOTORS

vehicles, including the GENERAL MOTORS GMC sport utility vehicle bearing vehicle

identification number 1GKCT18W3YK225231.

5.    On and before July 3, 2001, Defendants, GENERAL MOTORS, DELPHI, DELCO,

PACKARD, and REMY, and each of them, had a duty to ensure that the aforesaid 2000 General

Motors GMC sport utility vehicle was not designed, manufactured, sold and distributed so as to be

13

in an unreasonably dangerous condition.

      6.      On July 3, 2001, Plaintiff MARY P. O'NEILL operated the aforementioned General

Motors GMC Jimmy motor vehicle on LaPorte Road near 10901 LaPorte Road in the Village of

Mokena, State of Illinois.

      7.      On July 3, 2001, the GMC Jimmy sport utility vehicle, bearing vehicle identification

number 1GKCT18W3YK225231, and driven by Plaintiff, MARY P. O'NEILL, suddenly and

without warning, stalled on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, State

of Illinois.

      8.      On July 3, 2001, and at the time the aforementioned 2000 GENERAL MOTORS

sport utility vehicle, bearing vehicle identification number 1GKCT18W3YK225231, left control of

Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and REMY, and each of them,

this vehicle was in an unreasonably dangerous condition in one or more of the following respects:

      a.      the 2000 GENERAL MOTORS GMC sport utility vehicle was designed, manufactured, distributed and sold with design and engineering characteristics which rendered it unsafe;

      b.      the 2000 GENERAL MOTORS GMC sport utility vehicle was designed, manufactured, distributed and sold with defective electronic and electrical component parts and systems, which rendered it unsafe and prone to stall;

      c.      the 2000 GENERAL MOTORS GMC sport utility vehicle was designed, manufactured, distributed and sold with a defective electronic control module, which rendered it unsafe and prone to stall;

      d.      Defendants designed, manufactured, distributed and sold the 2000 GENERAL MOTORS GMC sport utility vehicle, when Defendants knew or should have known that the defects in the electronic and electrical parts and systems rendered the vehicle unsafe, dangerous and prone to causing the vehicle to stall;

      e.      Defendants designed, manufactured, distributed and sold the 2000

GENERAL MOTORS GMC sport utility vehicle in such a condition that it
was prone to stall;

f.    Defendants designed, manufactured, distributed and sold the 2000
GENERAL MOTORS GMC sport utility vehicle with an electronic control
module which was unsafe and dangerous for use on said vehicle;

g.    Defendants designed, manufactured, distributed and sold the 2000
GENERAL MOTORS GMC sport utility vehicle without performing proper
and adequate testing of the vehicle and its parts and systems, including
adequate testing of the electronic control module;

h.    Defendants failed to properly notify, warn and instruct occupants of the 2000
GENERAL MOTORS GMC sport utility vehicle's potential to stall during
foreseeable operating conditions;

i.    Defendants failed to properly test the operation of the electronic and electrical
parts and systems during foreseeable operating conditions;

j.    Defendants failed to modify the design of the electronic and electrical parts
and systems, after Defendants knew or should have known of the dangerous
conditions inherent in the design;

k.    the 2000 GENERAL MOTORS GMC sport utility vehicle was equipped with
electronic and electrical parts and systems, including an electronic control
module, that were intrinsically defective and dangerous in the absence of
adequate reminders, warnings and instructions as to the vehicle's potential to
suddenly stall;

l.    was otherwise unreasonably dangerous.

9.    As a direct and proximate result of one or more of the aforementioned

unreasonably dangerous conditions, Plaintiff, MARY P. O'NEILL, sustained injuries of a personal

and pecuniary nature.

10.    On and before July 3, 2001, and continuing until the present time, Plaintiff, LIAM

P. O'NEILL was the lawfully wedded husband of Plaintiff, MARY P. O'NEILL.

11.    As a result of the injuries sustained by Plaintiff, MARY P. O'NEILL, Plaintiff,

15

LIAM P. O'NEILL, has sustained damages of a personal and pecuniary nature, including the loss of

consortium with his wife, MARY P. O'NEILL.

WHEREFORE, Plaintiff LIAM P. O'NEILL demands judgment against Defendants,

GENERAL MOTORS CORPORATION, a corporation, DELPHI CORPORATION, a corporation,

DELPHI DELCO ELECTRONIC SYSTEMS, INC., a corporation, DELPHI PACKARD

ELECTRIC SYSTEMS, a corporation, and DELCO REMY INTERNATIONAL, INC., a

corporation, in an amount in excess of $50,000.00.

## COUNT V

## NEGLIGENCE -LIAM P. O'NEILL

## GENERAL MOTORS CORPORATION, DELPHI CORPORATION, DELPHI DELCO ELECTRONIC SYSTEMS, INC., DELPHI PACKARD ELECTRIC SYSTEMS, DELCO REMY INTERNATIONAL, INC.

Plaintiff LIAM P. O'NEILL, through his attorneys, CLIFFORD LAW OFFICES, P.C.,

complaining of Defendants GENERAL MOTORS CORPORATION, a corporation ("GENERAL

MOTORS"), DELPHI CORPORATION, a corporation ("DELPHI"), DELPHI DELCO

ELECTRONIC SYSTEMS, INC., a corporation ("DELCO"), DELPHI PACKARD ELECTRIC

SYSTEMS, a corporation ("PACKARD"), and DELCO REMY INTERNATIONAL, INC., a

corporation ("REMY"), states as follows:

1.    On July 3, 2001, LaPorte Road was a public highway running in a generally

east/west direction in the Village of Mokena, State of Illinois.

2.    On July 3, 2001, Plaintiffs, LIAM P. O'NEILL and MARY P. O'NEILL, owned,

managed and maintained a 2000 General Motors GMC Jimmy sport utility vehicle, bearing vehicle

identification number 1GKCT18W3YK225231, which was driven by Plaintiff MARY P. O'NEILL

16

in an eastbound direction on LaPorte Road near 10901 LaPorte Road in the Village of Mokena,
State of Illinois.

3.    On and before July 3, 2001, Defendant, GENERAL MOTORS, was engaged in the
business of designing, manufacturing, distributing and selling motor vehicles, including the 2000
General Motors GMC Jimmy Sport utility vehicle, bearing vehicle identification number
1GKCT18W3YK225231, and owned by Plaintiffs, LIAM P. O'NEILL and MARY P. O'NEILL.

4.    On and before July 3, 2001, Defendants, GENERAL MOTORS, DELPHI, DELCO,
PACKARD, and REMY, and each of them, designed, manufactured, distributed, installed, and sold
various electronic and electrical component parts and systems, for use in GENERAL MOTORS
vehicles, including the GENERAL MOTORS GMC sport utility vehicle bearing vehicle
identification number 1GKCT18W3YK225231.

5.    On and before July 3, 2001, Defendants, GENERAL MOTORS, DELPHI, DELCO,
PACKARD, and REMY, and each of them, had a duty to exercise ordinary care in the design,
manufacture, distribution, and sale of motor vehicles, including the 2000 General Motors GMC sport
utility vehicle, bearing vehicle identification number 1GKCT18W3YK225231.

6.    On July 3, 2001, Plaintiff MARY P. O'NEILL operated the aforementioned General
Motors GMC Jimmy motor vehicle on LaPorte Road near 10901 LaPorte Road in the Village of
Mokena, State of Illinois.

7.    On July 3, 2001, the GMC Jimmy sport utility vehicle, bearing vehicle identification
number 1GKCT18W3YK225231, and driven by Plaintiff, MARY P. O'NEILL, suddenly and
without warning, stalled on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, State
of Illinois.

17

8.      On July 3, 2001, Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD,

and REMY, and each of them, were negligent in one or more of the following respects:

      a.      the 2000 GENERAL MOTORS GMC sport utility vehicle was designed, manufactured, distributed and sold with design and engineering characteristics which rendered it unsafe;

      b.      the 2000 GENERAL MOTORS GMC sport utility vehicle was designed, manufactured, distributed and sold with defective electronic and electrical component parts and systems, which rendered it unsafe and prone to stall;

      c.      the 2000 GENERAL MOTORS GMC sport utility vehicle was designed, manufactured, distributed and sold with a defective electronic control module, which rendered it unsafe and prone to stall;

      d.      Defendants designed, manufactured, distributed and sold the 2000 GENERAL MOTORS GMC sport utility vehicle, when Defendants knew or should have known that the defects in the electronic and electrical parts and systems rendered the vehicle unsafe, dangerous and prone to causing the vehicle to stall;

      e.      Defendants designed, manufactured, distributed and sold the 2000 GENERAL MOTORS GMC sport utility vehicle in such a condition that it was prone to stall;

      f.      Defendants designed, manufactured, distributed and sold the 2000 GENERAL MOTORS GMC sport utility vehicle with an electronic control module which was unsafe and dangerous for use on said vehicle;

      g.      Defendants designed, manufactured, distributed and sold the 2000 GENERAL MOTORS GMC sport utility vehicle without performing proper and adequate testing of the vehicle and its parts and systems, including adequate testing of the electronic control module;

      h.      Defendants failed to properly notify, warn and instruct occupants of the 2000 GENERAL MOTORS GMC sport utility vehicle's potential to stall during foreseeable operating conditions;

      i.      Defendants failed to properly test the operation of the electronic and electrical parts and systems during foreseeable operating conditions;

      j.      Defendants failed to modify the design of the electronic and electrical parts

18

and systems, after Defendants knew or should have known of the dangerous
conditions inherent in the design;

k.    the 2000 GENERAL MOTORS GMC sport utility vehicle was equipped with
electronic and electrical parts and systems, including an electronic control
module, that were intrinsically defective and dangerous in the absence of
adequate reminders, warnings and instructions as to the vehicle's potential to
suddenly stall;

l.    were otherwise negligent in the design and manufacture of an unsafe and
unreasonably dangerous vehicle.

9.    As a direct and proximate result of one or more of the aforementioned negligent

acts and/or omissions of Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and

REMY, and each of them, Plaintiff, MARY P. O'NEILL, sustained injuries of a personal and

pecuniary nature.

10.    On and before July 3, 2001, and continuing until the present time, Plaintiff, LIAM

P. O'NEILL was the lawfully wedded husband of Plaintiff, MARY P. O'NEILL.

11.    As a result of the injuries sustained by Plaintiff, MARY P. O'NEILL, Plaintiff,

LIAM P. O'NEILL, has sustained damages of a personal and pecuniary nature, including the loss of

consortium with his wife, MARY P. O'NEILL.

WHEREFORE, Plaintiff LIAM P. O'NEILL demands judgment against Defendants,

GENERAL MOTORS CORPORATION, a corporation, DELPHI CORPORATION, a corporation,

DELPHI DELCO ELECTRONIC SYSTEMS, INC., a corporation, DELPHI PACKARD

ELECTRIC SYSTEMS, a corporation, and DELCO REMY INTERNATIONAL, INC., a

corporation, in an amount in excess of $50,000.00.

## COUNT VI

## BREACH OF EXPRESS AND IMPLIED WARRANTIES OF MERCHANTABILITY

## LIAM P. O'NEILL

## GENERAL MOTORS CORPORATION, DELPHI CORPORATION, DELPHI DELCO ELECTRONIC SYSTEMS, INC., DELPHI PACKARD ELECTRIC SYSTEMS, DELCO REMY INTERNATIONAL, INC.

Plaintiff LIAM P. O'NEILL, through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants GENERAL MOTORS CORPORATION, a corporation ("GENERAL MOTORS"), DELPHI CORPORATION, a corporation ("DELPHI"), DELPHI DELCO ELECTRONIC SYSTEMS, INC., a corporation ("DELCO"), DELPHI PACKARD ELECTRIC SYSTEMS, a corporation ("PACKARD"), and DELCO REMY INTERNATIONAL, INC., a corporation ("REMY"), states as follows:

1.      On and before July 3, 2001, Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and REMY, and each of them, were engaged in the business of designing, manufacturing, testing, distributing, marketing and selling motor vehicles, including a 2000 GENERAL MOTORS GMC Jimmy sport utility vehicle and its related electronic and electrical component parts and systems, owned by LIAM P. O'NEILL and MARY P. O'NEILL, and bearing vehicle identification number 1GKCT18W3YK225231.

2.      On and before July 3, 2001, Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and REMY, and each of them, as part of their customary business activities, engaged in the business of designing, manufacturing, testing, distributing, marketing and selling motor vehicles and parts in and throughout Cook County, Illinois, and maintained offices of registered agents at CT Corporation System, 208 S. LaSalle Street, Chicago, Illinois 60604.

3.    On and before July 3, 2001, the aforesaid 2000 GENERAL MOTORS GMC Jimmy

sport utility vehicle, bearing vehicle identification number 1GKCT18W3YK225231, and its related

component parts and systems, were designed, manufactured, tested, distributed, marketed, and sold

by Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and REMY, and each of

them.

4.    On and before July 3, 2001, Defendants, GENERAL MOTORS, DELPHI, DELCO,

PACKARD, and REMY, and each of them, had a duty to exercise ordinary care in the design,

manufacture, engineering, testing, marketing, distributing, and sale of the aforesaid 2000 GENERAL

MOTORS GMC Jimmy sport utility vehicle, and its related component parts and systems, as well

as in the advice, consultation, information, instruction, guidance, determination, selection and

marketing given to customers by agents of the Defendants.

5.    On and before July 3, 2001, and at all times mentioned herein, Defendants, DELPHI,

DELCO, PACKARD, REMY, and COMMUNITY MOTORS, a corporation, individually and d/b/a

COMMUNITY PONTIAC, GMC, TRUCK, and each of them, were agents and employees of

Defendant, GENERAL MOTORS.

6.    Prior to July 3, 2001, Plaintiff, LIAM P. O'NEILL, purchased a General Motors

GMC Jimmy sport utility vehicle bearing vehicle identification number 1GKCT18W3YK225231

from Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and REMY, and each

of them.

7.    On and before July 3, 2001, and at the time Plaintiff, LIAM P. O'NEILL, purchased

the aforesaid General Motors GMC Jimmy sport utility, Defendants, GENERAL MOTORS,

DELPHI, DELCO, PACKARD, and REMY, and each of them, provided, and Plaintiff relied upon,

21

the advice, guidance, consultation, instruction, determination, and selection from Defendants as to the appropriate and safe type, style, design and size of family-type vehicle for Plaintiff.

8.     On and before July 3, 2001, and at the time Plaintiff, LIAM P. O'NEILL, purchased this aforesaid General Motors GMC sport utility, Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and REMY, and each of them, specifically advertised, advised, consulted, guided, instructed, marketed, determined and selected for Plaintiff, LIAM P. O'NEILL, the General Motors sport utility vehicle that Defendants provided, recommended, and sold to Plaintiff, LIAM P. O'NEILL.

9.     On July 3, 2001, Plaintiff MARY P. O'NEILL operated the aforementioned General Motors GMC Jimmy motor vehicle on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, State of Illinois.

10.    On July 3, 2001, the GMC Jimmy sport utility vehicle, bearing vehicle identification number 1GKCT18W3YK225231, and driven by Plaintiff, MARY P. O'NEILL, suddenly and without warning, stalled on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, State of Illinois, resulting in injuries of a personal and pecuniary nature.

11.    On and before July 3, 2001, Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and REMY, and each of them, did expressly and impliedly warrant that the aforementioned sport utility vehicle, and its related component parts and systems, were of merchantable quality and fit for the ordinary purposes for which such vehicles, parts and systems are used, pursuant to the provisions of the Uniform Commercial Code, 810 ILCS 5/2-313, 314 and 315, and further specifically claimed in its 2000 GENERAL MOTORS GMC Jimmy sport utility vehicle brochure that:

22

    a.    the 2000 GENERAL MOTORS GMC Jimmy sport utility vehicle was the "perfect family vehicle;"

    b.    the "Jimmy moves you with authoritative performance;"

    c.    "The handling is responsive;"

    d.    the Jimmy offers a "smooth, capable ride and handling;"

    e.    "The steering is improved, more responsive;" and

    f.    "GENERAL MOTORS engineers...have done a remarkable job in providing the handling capability you'd expect..."

12.    On and before July 3, 2001, Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and REMY, and each of them, knew or should have known that the aforementioned sport utility vehicle, and its related component parts and systems, would be sold to the public.

13.    On and before July 3, 2001, in violation of the provisions of 810 ILCS 5/2-313, 314 and 315, Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and REMY, and each of them, breached the aforementioned express and implied warranties of merchantability, since the aforesaid sport utility vehicle was not of merchantable quality nor fit for the ordinary purposes for which such vehicles are used, in that said General Motors GMC sport utility was improperly marketed, described, customized, evaluated, recommended and sold for use to LIAM P. O'NEILL, despite having manufacturing, design, handling, style and system characteristics, including, in addition to other traits, electronic and electrical component parts and systems, which rendered the vehicle unsafe and prone to suddenly stall, and which rendered the vehicle unsafe for foreseeable use by Plaintiff, LIAM P. O'NEILL.

14.    As a proximate result of one or more of the aforementioned breaches of the express

23

and implied warranties of Defendants, GENERAL MOTORS, DELPHI, DELCO, PACKARD, and REMY, and each of them, Plaintiff, LIAM P. O'NEILL sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, LIAM P. O'NEILL, demands judgment against Defendants, GENERAL MOTORS CORPORATION, a corporation, DELPHI CORPORATION, a corporation, DELPHI DELCO ELECTRONIC SYSTEMS, INC., a corporation, DELPHI PACKARD ELECTRIC SYSTEMS, a corporation, and DELCO REMY INTERNATIONAL, INC., a corporation, in an amount in excess of $50,000.00.

**COUNT VII**

**STRICT LIABILITY - MARY P. O'NEILL**

**COMMUNITY MOTORS, INC., a corporation, individually and d/b/a**
**COMMUNITY PONTIAC, GMC, TRUCK**

Plaintiff MARY P. O'NEILL, through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, COMMUNITY MOTORS, INC., a corporation, individually and d/b/a COMMUNITY PONTIAC, GMC, TRUCK ("COMMUNITY"), states as follows:

1.     On July 3, 2001, LaPorte Road was a public highway running in a generally east/west direction in the Village of Mokena, State of Illinois.

2.     On July 3, 2001, Plaintiffs LIAM P. O'NEILL and MARY P. O'NEILL owned, managed and maintained a 2000 General Motors GMC Jimmy sport utility vehicle, bearing vehicle identification number 1GKCT18W3YK225231, which was driven by Plaintiff MARY P. O'NEILL in an eastbound direction on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, State of Illinois.

24

3.     On and before July 3, 2001, Defendant, COMMUNITY, maintained its principal

place of business at 5900 West 159th Street, Oak Forest, Cook County, Illinois where it was engaged

in the business of designing, manufacturing, distributing and selling motor vehicles, including the

2000 General Motors GMC Jimmy Sport utility vehicle, bearing vehicle identification number

1GKCT18W3YK225231, and owned by Plaintiffs, LIAM P. O'NEILL and MARY P. O'NEILL.

4.     On and before July 3, 2001, Defendant, COMMUNITY, designed, manufactured,

distributed, installed, and sold various electronic and electrical component parts and systems, for use

in GENERAL MOTORS vehicles, including the GENERAL MOTORS GMC sport utility vehicle

bearing vehicle identification number 1GKCT18W3YK225231.

5.     On and before July 3, 2001, Defendant, COMMUNITY, had a duty to ensure that the

aforesaid 2000 General Motors GMC sport utility vehicle was not designed, manufactured, sold and

distributed so as to be in an unreasonably dangerous condition.

6.     On July 3, 2001, Plaintiff MARY P. O'NEILL operated the aforementioned General

Motors GMC Jimmy motor vehicle on LaPorte Road near 10901 LaPorte Road in the Village of

Mokena, State of Illinois.

7.     On July 3, 2001, the GMC Jimmy sport utility vehicle, bearing vehicle identification

number 1GKCT18W3YK225231, and driven by Plaintiff, MARY P. O'NEILL, suddenly and

without warning, stalled on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, State

of Illinois.

8.     On July 3, 2001, and at the time the aforementioned 2000 GENERAL MOTORS

sport utility vehicle, bearing vehicle identification number 1GKCT18W3YK225231, left control of

Defendant, COMMUNITY, this vehicle was in an unreasonably dangerous condition in one or more

of the following respects:

    a.    the 2000 GENERAL MOTORS GMC sport utility vehicle was designed, manufactured, distributed and sold with design and engineering characteristics which rendered it unsafe;

    b.    the 2000 GENERAL MOTORS GMC sport utility vehicle was designed, manufactured, distributed and sold with defective electronic and electrical component parts and systems, which rendered it unsafe and prone to stall;

    c.    the 2000 GENERAL MOTORS GMC sport utility vehicle was designed, manufactured, distributed and sold with a defective electronic control module, which rendered it unsafe and prone to stall;

    d.    Defendant designed, manufactured, distributed and sold the 2000 GENERAL MOTORS GMC sport utility vehicle, when Defendant knew or should have known that the defects in the electronic and electrical parts and systems rendered the vehicle unsafe, dangerous and prone to causing the vehicle to stall;

    e.    Defendant designed, manufactured, distributed and sold the 2000 GENERAL MOTORS GMC sport utility vehicle in such a condition that it was prone to stall;

    f.    Defendant designed, manufactured, distributed and sold the 2000 GENERAL MOTORS GMC sport utility vehicle with an electronic control module which was unsafe and dangerous for use on said vehicle;

    g.    Defendant designed, manufactured, distributed and sold the 2000 GENERAL MOTORS GMC sport utility vehicle without performing proper and adequate testing of the vehicle and its parts and systems, including adequate testing of the electronic control module;

    h.    Defendant failed to properly notify, warn and instruct occupants of the 2000 GENERAL MOTORS GMC sport utility vehicle's potential to stall during foreseeable operating conditions;

    i.    Defendant failed to properly test the operation of the electronic and electrical parts and systems during foreseeable operating conditions;

    j.    Defendant failed to modify the design of the electronic and electrical parts and systems, after Defendant knew or should have known of the dangerous conditions inherent in the design;

k.    the 2000 GENERAL MOTORS GMC sport utility vehicle was equipped with
electronic and electrical parts and systems, including an electronic control
module, that were intrinsically defective and dangerous in the absence of
adequate reminders, warnings and instructions as to the vehicle's potential to
suddenly stall;

l.    was otherwise unreasonably dangerous.

9.    As a direct and proximate result of one or more of the aforementioned
unreasonably dangerous conditions, Plaintiff, MARY P. O'NEILL, sustained injuries of a personal
and pecuniary nature.

WHEREFORE, Plaintiff MARY P. O'NEILL demands judgment against Defendant,
COMMUNITY MOTORS, INC., a corporation, individually and d/b/a COMMUNITY PONTIAC,
GMC, TRUCK, in an amount in excess of $50,000.00.

## COUNT VIII

## NEGLIGENCE - MARY P. O'NEILL

## COMMUNITY MOTORS, INC., individually and d/b/a COMMUNITY PONTIAC, GMC, TRUCK

Plaintiff MARY P. O'NEILL, through her attorneys, CLIFFORD LAW OFFICES, P.C.,
complaining of Defendant, COMMUNITY MOTORS, INC., a corporation, individually and d/b/a
COMMUNITY PONTIAC, GMC, TRUCK ("COMMUNITY"), states as follows:

1.    On July 3, 2001, LaPorte Road was a public highway running in a generally
east/west direction in the Village of Mokena, State of Illinois.

2.    On July 3, 2001, Plaintiffs, LIAM P. O'NEILL and MARY P. O'NEILL, owned,
managed and maintained a 2000 General Motors GMC Jimmy sport utility vehicle, bearing vehicle
identification number 1GKCT18W3YK225231, which was driven by Plaintiff MARY P. O'NEILL

in an eastbound direction on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, State of Illinois.

3.    On and before July 3, 2001, Defendant, COMMUNITY, maintained its principal place of business at 5900 West 159th Street, Oak Forest, Cook County, Illinois where it was engaged in the business of designing, manufacturing, distributing and selling motor vehicles, including the 2000 General Motors GMC Jimmy Sport utility vehicle, bearing vehicle identification number 1GKCT18W3YK225231, and owned by Plaintiffs, LIAM P. O'NEILL and MARY P. O'NEILL.

4.    On and before July 3, 2001, Defendant, COMMUNITY, designed, manufactured, distributed, installed, and sold various electronic and electrical component parts and systems, for use in GENERAL MOTORS vehicles, including the GENERAL MOTORS GMC sport utility vehicle bearing vehicle identification number 1GKCT18W3YK225231.

5.    On and before July 3, 2001, Defendant, COMMUNITY, had a duty to exercise ordinary care in the design, manufacture, distribution, and sale of motor vehicles, including the 2000 General Motors GMC sport utility vehicle, bearing vehicle identification number 1GKCT18W3YK225231.

6.    On July 3, 2001, Plaintiff, MARY P. O'NEILL, operated the aforementioned General Motors GMC Jimmy motor vehicle on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, State of Illinois.

7.    On July 3, 2001, the GMC Jimmy sport utility vehicle, bearing vehicle identification number 1GKCT18W3YK225231, and driven by Plaintiff, MARY P. O'NEILL, suddenly and without warning, stalled on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, State of Illinois.

28

8.     On July 3, 2001, Defendant, COMMUNITY, was negligent in one or more of the

following respects:

a.     the 2000 GENERAL MOTORS GMC sport utility vehicle was designed, manufactured, distributed and sold with design and engineering characteristics which rendered it unsafe;

b.     the 2000 GENERAL MOTORS GMC sport utility vehicle was designed, manufactured, distributed and sold with defective electronic and electrical component parts and systems, which rendered it unsafe and prone to stall;

c.     the 2000 GENERAL MOTORS GMC sport utility vehicle was designed, manufactured, distributed and sold with a defective electronic control module, which rendered it unsafe and prone to stall;

d.     Defendant designed, manufactured, distributed and sold the 2000 GENERAL MOTORS GMC sport utility vehicle, when Defendant knew or should have known that the defects in the electronic and electrical parts and systems rendered the vehicle unsafe, dangerous and prone to causing the vehicle to stall;

e.     Defendant designed, manufactured, distributed and sold the 2000 GENERAL MOTORS GMC sport utility vehicle in such a condition that it was prone to stall;

f.     Defendant designed, manufactured, distributed and sold the 2000 GENERAL MOTORS GMC sport utility vehicle with an electronic control module which was unsafe and dangerous for use on said vehicle;

g.     Defendant designed, manufactured, distributed and sold the 2000 GENERAL MOTORS GMC sport utility vehicle without performing proper and adequate testing of the vehicle and its parts and systems, including adequate testing of the electronic control module;

h.     Defendant failed to properly notify, warn and instruct occupants of the 2000 GENERAL MOTORS GMC sport utility vehicle's potential to stall during foreseeable operating conditions;

i.     Defendant failed to properly test the operation of the electronic and electrical parts and systems during foreseeable operating conditions;

j.     Defendant failed to modify the design of the electronic and electrical parts

29

and systems, after Defendant knew or should have known of the dangerous conditions inherent in the design;

k.    the 2000 GENERAL MOTORS GMC sport utility vehicle was equipped with electronic and electrical parts and systems, including an electronic control module, that were intrinsically defective and dangerous in the absence of adequate reminders, warnings and instructions as to the vehicle's potential to suddenly stall;

l.    were otherwise negligent in the design and manufacture of an unsafe and unreasonably dangerous vehicle.

9.    As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of Defendant, COMMUNITY, Plaintiff, MARY P. O'NEILL, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, MARY P. O'NEILL, demands judgment against Defendant, COMMUNITY MOTORS, INC., a corporation, individually and d/b/a COMMUNITY PONTIAC, GMC, TRUCK, in an amount in excess of $50,000.00.

## COUNT IX

## BREACH OF EXPRESS AND IMPLIED WARRANTIES OF MERCHANTABILITY

## MARY P. O'NEILL

### COMMUNITY MOTORS, INC., individually and d/b/a COMMUNITY PONTIAC, GMC, TRUCK

Plaintiff MARY P. O'NEILL, through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, COMMUNITY MOTORS, INC., a corporation, individually and d/b/a COMMUNITY PONTIAC, GMC, TRUCK, states as follows:

1.    On and before July 3, 2001, Defendant, COMMUNITY, was engaged in the business of designing, manufacturing, testing, distributing, marketing and selling motor vehicles, including

a 2000 GENERAL MOTORS GMC Jimmy sport utility vehicle and its related electronic and electrical component parts and systems, owned by LIAM P. O'NEILL and MARY P. O'NEILL, and bearing vehicle identification number 1GKCT18W3YK225231.

2.     On and before July 3, 2001, Defendant, COMMUNITY, which maintained its principal place of business at 5900 West 159th Street, Oak Forest, Cook County, Illinois, as part of its customary business activities, engaged in the business of designing, manufacturing, testing, distributing, marketing and selling motor vehicles and parts in and throughout Cook County, Illinois, and maintained offices of registered agents at Burkelaw Agents, Inc., 330 North Wabash, Chicago, Illinois 60611.

3.     On and before July 3, 2001, the aforesaid 2000 GENERAL MOTORS GMC Jimmy sport utility vehicle, bearing vehicle identification number 1GKCT18W3YK225231, and its related component parts and systems, were designed, manufactured, tested, distributed, marketed, and sold by Defendant, COMMUNITY.

4.     On and before July 3, 2001, Defendant, COMMUNITY, had a duty to exercise ordinary care in the design, manufacture, engineering, testing, marketing, distributing, and sale of the aforesaid 2000 GENERAL MOTORS GMC Jimmy sport utility vehicle, and its related component parts and systems, as well as in the advice, consultation, information, instruction, guidance, determination, selection and marketing given to customers by Defendant and agents of the Defendant.

5.     On and before July 3, 2001, and at all times mentioned herein, Defendant, COMMUNITY, was an agent and employee of Defendant, GENERAL MOTORS.

6.     Prior to July 3, 2001, Plaintiff MARY P. O'NEILL, purchased a General Motors

31

GMC Jimmy sport utility vehicle bearing vehicle identification number 1GKCT18W3YK225231 from Defendant, COMMUNITY.

7.    On and before July 3, 2001, and at the time Plaintiff, MARY P. O'NEILL, purchased the aforesaid General Motors GMC Jimmy sport utility, Defendant, COMMUNITY, provided, and Plaintiff relied upon, the advice, guidance, consultation, instruction, determination, and selection from Defendant as to the appropriate and safe type, style, design and size of family-type vehicle for Plaintiff.

8.    On and before July 3, 2001, and at the time Plaintiff, MARY P. O'NEILL, purchased this aforesaid General Motors GMC sport utility, Defendant, COMMUNITY, specifically advertised, advised, consulted, guided, instructed, marketed, determined and selected for Plaintiff, MARY P. O'NEILL, the General Motors sport utility that Defendant provided, recommended, and sold to Plaintiff, MARY P. O'NEILL.

9.    On July 3, 2001, Plaintiff MARY P. O'NEILL operated the aforementioned General Motors GMC Jimmy motor vehicle on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, State of Illinois.

10.    On July 3, 2001, the GMC Jimmy sport utility vehicle, bearing vehicle identification number 1GKCT18W3YK225231, and driven by Plaintiff, MARY P. O'NEILL, suddenly and without warning, stalled on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, State of Illinois, resulting in injuries of a personal and pecuniary nature.

11.    On and before July 3, 2001, Defendant, COMMUNITY, did expressly and impliedly warrant that the aforementioned sport utility vehicle, and its related component parts and systems, were of merchantable quality and fit for the ordinary purposes for which such vehicles, parts and

systems are used, pursuant to the provisions of the Uniform Commercial Code, 810 ILCS 5/2-313,

314 and 315, and further specifically claimed in its 2000 GENERAL MOTORS GMC Jimmy sport

utility vehicle brochure that:

a.   the 2000 GENERAL MOTORS  GMC Jimmy sport utility vehicle  was the

"perfect family vehicle;"

b.   the "Jimmy moves you with authoritative performance;"

c.   "The handling is responsive;"

d.   the Jimmy offers a "smooth, capable ride and handling;"

e.   "The steering is improved, more responsive;" and

f.   "GENERAL MOTORS engineers...have done a remarkable job in providing

the handling capability you'd expect..."

12.   On and before July 3, 2001, Defendant, COMMUNITY, knew or should have known

that the aforementioned sport utility vehicle, and its related component parts and systems, would be

sold to the public.

13.   On and before July 3, 2001, in violation of the provisions of 810 ILCS 5/2-313,

314 and 315, Defendant, COMMUNITY, breached the aforementioned express and implied

warranties of merchantability, since the aforesaid sport utility vehicle was not of merchantable

quality nor fit for the ordinary purposes for which such vehicles are used, in that said General Motors

GMC sport utility was improperly marketed, described, customized, evaluated, recommended and

sold for use to MARY P.  O'NEILL, despite having manufacturing, design, handling, style and

system characteristics, including, in addition to other traits, electronic and electrical component parts

and systems, which rendered the vehicle unsafe and prone to suddenly stall, and which rendered the

33

vehicle unsafe for foreseeable use by Plaintiff, MARY P. O'NEILL.

14.    As a proximate result of one or more of the aforementioned breaches of the express

and implied warranties of Defendant, COMMUNITY, Plaintiff, MARY P. O'NEILL sustained

injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, MARY P. O'NEILL, demands judgment against Defendant,

COMMUNITY MOTORS, INC., a corporation, individually and d/b/a COMMUNITY PONTIAC,

GMC, TRUCK, in an amount in excess of $50,000.00.

## COUNT X

## STRICT LIABILITY - LIAM P. O'NEILL

### COMMUNITY MOTORS, INC., a corporation,
### individually and d/b/a  COMMUNITY PONTIAC, GMC, TRUCK

Plaintiff LIAM P. O'NEILL, through his attorneys, CLIFFORD LAW OFFICES, P.C.,

complaining of Defendants, COMMUNITY MOTORS, INC., a corporation, individually and d/b/a

COMMUNITY PONTIAC, GMC, TRUCK ("COMMUNITY"), states as follows:

1.    On July 3, 2001, LaPorte Road was a public highway running in a generally east/west

direction in the Village of Mokena, State of Illinois.

2.    On July 3, 2001, Plaintiffs, LIAM P. O'NEILL and MARY P. O'NEILL, owned,

managed and maintained a 2000 General Motors GMC Jimmy sport utility vehicle, bearing vehicle

identification number 1GKCT18W3YK225231, which was driven by Plaintiff, MARY P. O'NEILL,

in an eastbound direction on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, State

of Illinois.

3.    On and before July 3, 2001, Defendant, COMMUNITY, maintained its principal

place of business at 5900 West 159th Street, Oak Forest, Cook County, Illinois where it was engaged

in the business of designing, manufacturing, distributing and selling motor vehicles, including the

2000 General Motors GMC Jimmy Sport utility vehicle, bearing vehicle identification number

1GKCT18W3YK225231, and owned by Plaintiffs, LIAM P. O'NEILL and MARY P. O'NEILL.

   4.    On and before July 3, 2001, Defendant, COMMUNITY, designed, manufactured,

distributed, installed, and sold various electronic and electrical component parts and systems, for use

in GENERAL MOTORS vehicles, including the GENERAL MOTORS GMC sport utility vehicle

bearing vehicle identification number 1GKCT18W3YK225231.

   5.    On and before July 3, 2001, Defendant, COMMUNITY, had a duty to ensure that the

aforesaid 2000 General Motors GMC sport utility vehicle was not designed, manufactured, sold and

distributed so as to be in an unreasonably dangerous condition.

   6.    On July 3, 2001, Plaintiff MARY P. O'NEILL operated the aforementioned General

Motors GMC Jimmy motor vehicle on LaPorte Road near 10901 LaPorte Road in the Village of

Mokena, State of Illinois.

   7.    On July 3, 2001, the GMC Jimmy sport utility vehicle, bearing vehicle identification

number 1GKCT18W3YK225231, and driven by Plaintiff, MARY P. O'NEILL, suddenly and

without warning, stalled on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, State

of Illinois.

   8.    On July 3, 2001, and at the time the aforementioned 2000 GENERAL MOTORS

sport utility vehicle, bearing vehicle identification number 1GKCT18W3YK225231, left control of

Defendant, COMMUNITY, this vehicle was in an unreasonably dangerous condition in one or more

of the following respects:

35

a.    the 2000 GENERAL MOTORS GMC sport utility vehicle was designed, manufactured, distributed and sold with design and engineering characteristics which rendered it unsafe;

b.    the 2000 GENERAL MOTORS GMC sport utility vehicle was designed, manufactured, distributed and sold with defective electronic and electrical component parts and systems, which rendered it unsafe and prone to stall;

c.    the 2000 GENERAL MOTORS GMC sport utility vehicle was designed, manufactured, distributed and sold with a defective electronic control module, which rendered it unsafe and prone to stall;

d.    Defendant designed, manufactured, distributed and sold the 2000 GENERAL MOTORS GMC sport utility vehicle, when Defendant knew or should have known that the defects in the electronic and electrical parts and systems rendered the vehicle unsafe, dangerous and prone to causing the vehicle to stall;

e.    Defendant designed, manufactured, distributed and sold the 2000 GENERAL MOTORS GMC sport utility vehicle in such a condition that it was prone to stall;

f.    Defendant designed, manufactured, distributed and sold the 2000 GENERAL MOTORS GMC sport utility vehicle with an electronic control module which was unsafe and dangerous for use on said vehicle;

g.    Defendant designed, manufactured, distributed and sold the 2000 GENERAL MOTORS GMC sport utility vehicle without performing proper and adequate testing of the vehicle and its parts and systems, including adequate testing of the electronic control module;

h.    Defendant failed to properly notify, warn and instruct occupants of the 2000 GENERAL MOTORS GMC sport utility vehicle's potential to stall during foreseeable operating conditions;

i.    Defendants failed to properly test the operation of the electronic and electrical parts and systems during foreseeable operating conditions;

j.    Defendant failed to modify the design of the electronic and electrical parts and systems, after Defendants knew or should have known of the dangerous conditions inherent in the design;

k.    the 2000 GENERAL MOTORS GMC sport utility vehicle was equipped with

36

electronic and electrical parts and systems, including an electronic control module, that were intrinsically defective and dangerous in the absence of adequate reminders, warnings and instructions as to the vehicle's potential to suddenly stall;

l.    was otherwise unreasonably dangerous.

9.    As a direct and proximate result of one or more of the aforementioned unreasonably dangerous conditions, Plaintiff, MARY P. O'NEILL, sustained injuries of a personal and pecuniary nature.

10.    On and before July 3, 2001, and continuing until the present time, Plaintiff, LIAM P. O'NEILL was the lawfully wedded husband of Plaintiff, MARY P. O'NEILL.

11.    As a result of the injuries sustained by Plaintiff, MARY P. O'NEILL, Plaintiff, LIAM P. O'NEILL, has sustained damages of a personal and pecuniary nature, including the loss of consortium with his wife, MARY P. O'NEILL.

WHEREFORE, Plaintiff LIAM P. O'NEILL demands judgment against Defendant, COMMUNITY MOTORS, INC., a corporation, individually and d/b/a COMMUNITY PONTIAC, GMC, TRUCK, in an amount in excess of $50,000.00.

## COUNT XI

### NEGLIGENCE - LIAM P. O'NEILL

### COMMUNITY MOTORS, INC., individually
### and d/b/a COMMUNITY PONTIAC, GMC, TRUCK

Plaintiff LIAM P. O'NEILL, through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, COMMUNITY MOTORS, INC., a corporation, individually and d/b/a COMMUNITY PONTIAC, GMC, TRUCK ("COMMUNITY"), states as follows:

1.    On July 3, 2001, LaPorte Road was a public highway running in a generally

east/west direction in the Village of Mokena, State of Illinois.

2.     On July 3, 2001, Plaintiffs, LIAM P. O'NEILL and MARY P. O'NEILL, owned,
managed and maintained a 2000 General Motors GMC Jimmy sport utility vehicle, bearing vehicle
identification number 1GKCT18W3YK225231, which was driven by Plaintiff MARY P. O'NEILL
in an eastbound direction on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, State
of Illinois.

3.     On and before July 3, 2001, Defendant, COMMUNITY, maintained its principal
place of business at 5900 West 159th Street, Oak Forest, Cook County,  Illinois where it was
engaged in the business of designing, manufacturing, distributing and selling motor vehicles,
including the 2000 General Motors GMC Jimmy Sport utility vehicle, bearing vehicle identification
number 1GKCT18W3YK225231, and owned by Plaintiffs, LIAM P. O'NEILL and MARY P.
O'NEILL.

4.     On and before July 3, 2001, Defendant, COMMUNITY, designed, manufactured,
distributed, installed, and sold various electronic and electrical component parts and systems, for use
in GENERAL MOTORS vehicles, including the GENERAL MOTORS GMC sport utility vehicle
bearing vehicle identification number 1GKCT18W3YK225231.

5.     On and before July 3, 2001, Defendant, COMMUNITY, had a duty to exercise
ordinary care in the design, manufacture, distribution, and sale of motor vehicles, including the 2000
General  Motors  GMC  sport  utility  vehicle,  bearing  vehicle  identification  number
1GKCT18W3YK225231.

6.     On July 3, 2001, Plaintiff MARY P. O'NEILL operated the aforementioned General
Motors GMC Jimmy motor vehicle on LaPorte Road near 10901 LaPorte Road in the Village of

38

Mokena, State of Illinois.

      7.     On July 3, 2001, the GMC Jimmy sport utility vehicle, bearing vehicle identification

number 1GKCT18W3YK225231, and driven by Plaintiff, MARY P. O'NEILL, suddenly and

without warning, stalled on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, State

of Illinois.

      8.     On July 3, 2001, Defendant, COMMUNITY, was negligent in one or more of the

following respects:

      a.     the 2000 GENERAL MOTORS GMC sport utility vehicle was designed, manufactured, distributed and sold with design and engineering characteristics which rendered it unsafe;

      b.     the 2000 GENERAL MOTORS GMC sport utility vehicle was designed, manufactured, distributed and sold with defective electronic and electrical component parts and systems, which rendered it unsafe and prone to stall;

      c.     the 2000 GENERAL MOTORS GMC sport utility vehicle was designed, manufactured, distributed and sold with a defective electronic control module, which rendered it unsafe and prone to stall;

      d.     Defendant designed, manufactured, distributed and sold the 2000 GENERAL MOTORS GMC sport utility vehicle, when Defendant knew or should have known that the defects in the electronic and electrical parts and systems rendered the vehicle unsafe, dangerous and prone to causing the vehicle to stall;

      e.     Defendant designed, manufactured, distributed and sold the 2000 GENERAL MOTORS GMC sport utility vehicle in such a condition that it was prone to stall;

      f.     Defendant designed, manufactured, distributed and sold the 2000 GENERAL MOTORS GMC sport utility vehicle with an electronic control module which was unsafe and dangerous for use on said vehicle;

      g.     Defendant designed, manufactured, distributed and sold the 2000 GENERAL MOTORS GMC sport utility vehicle without performing proper and adequate testing of the vehicle and its parts and systems, including adequate testing of

39

the electronic control module;

   h.      Defendant failed to properly notify, warn and instruct occupants of the 2000 GENERAL MOTORS GMC sport utility vehicle's potential to stall during foreseeable operating conditions;

   i.       Defendant failed to properly test the operation of the electronic and electrical parts and systems during foreseeable operating conditions;

   j.      Defendant failed to modify the design of the electronic and electrical parts and systems, after Defendant knew or should have known of the dangerous conditions inherent in the design;

   k.     the 2000 GENERAL MOTORS GMC sport utility vehicle was equipped with electronic and electrical parts and systems, including an electronic control module, that were intrinsically defective and dangerous in the absence of adequate reminders, warnings and instructions as to the vehicle's potential to suddenly stall;

   l.      were otherwise negligent in the design and manufacture of an unsafe and unreasonably dangerous vehicle.

9.     As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of Defendant, COMMUNITY, Plaintiff, MARY P. O'NEILL, sustained injuries of a personal and pecuniary nature.

10.    On and before July 3, 2001, and continuing until the present time, Plaintiff, LIAM P. O'NEILL was the lawfully wedded husband of Plaintiff, MARY P. O'NEILL.

11.    As a result of the injuries sustained by Plaintiff, MARY P. O'NEILL, Plaintiff, LIAM P. O'NEILL, has sustained damages of a personal and pecuniary nature, including the loss of consortium with his wife, MARY P. O'NEILL.

WHEREFORE, Plaintiff, LIAM P. O'NEILL, demands judgment against Defendant, COMMUNITY MOTORS, INC., a corporation, individually and d/b/a COMMUNITY PONTIAC,

GMC, TRUCK, in an amount in excess of $50,000.00.

**COUNT XII**

**BREACH OF EXPRESS AND IMPLIED WARRANTIES OF MERCHANTABILITY**

**LIAM P. O'NEILL**

**COMMUNITY MOTORS, INC., individually
and d/b/a COMMUNITY PONTIAC, GMC, TRUCK**

Plaintiff, LIAM P. O'NEILL, through his attorneys, CLIFFORD LAW OFFICES, P.C.,

complaining of Defendant, COMMUNITY MOTORS, INC., a corporation, individually and d/b/a

COMMUNITY PONTIAC, GMC, TRUCK, states as follows:

1.    On and before July 3, 2001, Defendant, COMMUNITY, was engaged in the business

of designing, manufacturing, testing, distributing, marketing and selling motor vehicles, including

a 2000 GENERAL MOTORS GMC Jimmy sport utility vehicle and its related electronic and

electrical component parts and systems, owned by LIAM P. O'NEILL and MARY P. O'NEILL,

and bearing vehicle identification number 1GKCT18W3YK225231.

2.    On and before July 3, 2001, Defendant, COMMUNITY, maintained its principal

place of business at 5900 West 159th Street, Oak Forest, Cook County, Illinois where, as part of its

customary business activities, it engaged in the business of designing, manufacturing, testing,

distributing, marketing and selling motor vehicles and parts in and throughout Cook County, Illinois,

and maintained offices of registered agents at Burkelaw Agents, Inc., 330 North Wabash, Chicago,

Illinois 60611.

3.    On and before July 3, 2001, the aforesaid 2000 GENERAL MOTORS GMC Jimmy

sport utility vehicle, bearing vehicle identification number 1GKCT18W3YK225231, and its related

41

component parts and systems, were designed, manufactured, tested, distributed, marketed, and sold by Defendant, COMMUNITY.

4.    On and before July 3, 2001, Defendant, COMMUNITY, had a duty to exercise ordinary care in the design, manufacture, engineering, testing, marketing, distributing, and sale of the aforesaid 2000 GENERAL MOTORS GMC Jimmy sport utility vehicle, and its related component parts and systems, as well as in the advice, consultation, information, instruction, guidance, determination, selection and marketing given to customers by Defendant and agents of the Defendant.

5.    On and before July 3, 2001, and at all times mentioned herein, Defendant, COMMUNITY, was an agent and employee of Defendant, GENERAL MOTORS.

6.    Prior to July 3, 2001, Plaintiff, LIAM P. O'NEILL, purchased a General Motors GMC Jimmy sport utility vehicle bearing vehicle identification number 1GKCT18W3YK225231 from Defendant, COMMUNITY.

7.    On and before July 3, 2001, and at the time Plaintiff, LIAM P. O'NEILL, purchased the aforesaid General Motors GMC Jimmy sport utility, Defendant, COMMUNITY, provided, and Plaintiff relied upon, the advice, guidance, consultation, instruction, determination, and selection from Defendant as to the appropriate and safe type, style, design and size of family-type vehicle for Plaintiff.

8.    On and before July 3, 2001, and at the time Plaintiff, LIAM P. O'NEILL, purchased this aforesaid General Motors GMC sport utility, Defendant, COMMUNITY, specifically advertised, advised, consulted, guided, instructed, marketed, determined and selected for Plaintiff, LIAM P. O'NEILL, the General Motors sport utility that Defendant provided, recommended, and sold to

42

Plaintiff, LIAM P. O'NEILL.

9.     On July 3, 2001, MARY P. O'NEILL operated the aforementioned General Motors GMC Jimmy motor vehicle on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, State of Illinois.

10.     On July 3, 2001, the GMC Jimmy sport utility vehicle, bearing vehicle identification number 1GKCT18W3YK225231, and driven by MARY P. O'NEILL, suddenly and without warning, stalled on LaPorte Road near 10901 LaPorte Road in the Village of Mokena, State of Illinois, resulting in injuries of a personal and pecuniary nature.

11.     On and before July 3, 2001, Defendant, COMMUNITY, did expressly and impliedly warrant that the aforementioned sport utility vehicle, and its related component parts and systems, were of merchantable quality and fit for the ordinary purposes for which such vehicles, parts and systems are used, pursuant to the provisions of the Uniform Commercial Code, 810 ILCS 5/2-313, 314 and 315, and further specifically claimed in its 2000 GENERAL MOTORS GMC Jimmy sport utility vehicle brochure that:

   a.     the 2000 GENERAL MOTORS  GMC Jimmy sport utility vehicle  was the "perfect family vehicle;"

   b.     the "Jimmy moves you with authoritative performance;"

   c.     "The handling is responsive;"

   d.     the Jimmy offers a "smooth, capable ride and handling;"

   e.     "The steering is improved, more responsive;" and

   f.     "GENERAL MOTORS engineers...have done a remarkable job in providing the handling capability you'd expect..."

12.    On and before July 3, 2001, Defendant, COMMUNITY, knew or should have known that the aforementioned sport utility vehicle, and its related component parts and systems, would be sold to the public.

13.    On and before July 3, 2001, in violation of the provisions of 810 ILCS 5/2-313, 314 and 315, Defendant, COMMUNITY, breached the aforementioned express and implied warranties of merchantability, since the aforesaid sport utility vehicle was not of merchantable quality nor fit for the ordinary purposes for which such vehicles are used, in that said General Motors GMC sport utility was improperly marketed, described, customized, evaluated, recommended and sold for use to Plaintiff, LIAM P. O'NEILL, despite having manufacturing, design, handling, style and system characteristics, including, in addition to other traits, electronic and electrical component parts and systems, which rendered the vehicle unsafe and prone to suddenly stall, and which rendered the vehicle unsafe for foreseeable use by Plaintiff, LIAM P. O'NEILL.

14.    As a proximate result of one or more of the aforementioned breaches of the express and implied warranties of Defendant, COMMUNITY, Plaintiff, MARY P. O'NEILL sustained injuries of a personal and pecuniary nature.

15.    On and before July 3, 2001, and continuing until the present time, Plaintiff, LIAM P. O'NEILL was the lawfully wedded husband of Plaintiff, MARY P. O'NEILL.

16.    As a result of the injuries sustained by Plaintiff, MARY P. O'NEILL, Plaintiff, LIAM P. O'NEILL, has sustained damages of a personal and pecuniary nature, including the loss of consortium with his wife, MARY P. O'NEILL.

WHEREFORE, Plaintiff, MARY P. O'NEILL, demands judgment against Defendant, COMMUNITY MOTORS, INC., a corporation, individually and d/b/a COMMUNITY PONTIAC,

44

GMC, TRUCK, in an amount in excess of $50,000.00.

One of the Attorneys for Plaintiffs

Richard F. Burke, Jr.
John T. Karnezis
George S. Bellas, of Counsel
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle St.
31st Floor
Chicago, Illinois 60602
(312) 899-9090
Attorney No.: 32640

RFB/mjr      02-0040

STATE OF ILLINOIS   )
                    )SS.
COUNTY OF COOK      )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MARY P. O'NEILL and LIAM P. O'NEILL,        )
                                            )
                    Plaintiffs,             )
                                            )
v.                                          )          No.
                                            )
GENERAL MOTORS CORPORATION,                 )
a corporation, DELPHI CORPORATION,          )
a corporation,   DELPHI DELCO ELECTRONIC    )
SYSTEMS, INC., a corporation, DELPHI        )
PACKARD ELECTRIC SYSTEMS, a corporation,    )
DELCO REMY INTERNATIONAL, INC, a      )
corporation, COMMUNITY MOTORS, INC., a      )
corporation, individually and d/b/a COMMUNITY )
PONTIAC, GMC, TRUCK,                        )
                                            )
                    Defendants.             )

### AFFIDAVIT REGARDING DAMAGES SOUGHT

Plaintiffs, MARY P. O'NEILL and LIAM P. O'NEILL, by one of their attorneys, RICHARD

F. BURKE, JR., being first duly sworn under oath, states as follows:

1.      That the affiant is one of the attorneys of record for the Plaintiffs in this matter.

2.      That the total money damages sought in this civil action exceed the amount of $50,000.00.

Further Affiant Sayeth Not.

                                        By: _____
                                              Richard F. Burke, Jr.

SUBSCRIBED AND SWORN to before me
this 27 day of _____, 2003.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
Michaline J. Robitz
Notary Public, State of Illinois
My Commission Expires Sept. 4, 2005

46