UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                :

    In re                                         :

                                                : Chapter 11

DELPHI CORPORATION, et al.,            :

                                                : Case No. 05 – 44481 (RDD)

                        Debtors.         :

                                                : (Jointly Administered)

                                                :
------------------------------------------------------------x

AMENDED FINAL ORDER UNDER 11 U.S.C. §§ 105(a), 363, 1107, AND 1108
AUTHORIZING (I) PAYMENT OF PREPETITION OBLIGATIONS
TO FOREIGN CREDITORS AND (II) FINANCIAL INSTITUTIONS
<u>TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS</u>

("AMENDED FINAL FOREIGN CREDITORS ORDER")

       Upon the motion, dated October 8, 2005 (the "Motion"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for

an order (the "Order") under sections 105, 363, 1107, and 1108 of Title 11 of the

United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"),

authorizing (a) the Debtors to pay, in the ordinary course of business, as and when

due, any prepetition claims owing to certain vendors, service providers, regulatory

agencies, and governments located in foreign jurisdictions (the "Foreign Creditors")

and (b) financial institutions to honor any prepetition checks drawn or fund transfer

requests made for payment of claims owing to Foreign Creditors; and upon the

Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day

Orders, sworn to October 8, 2005; and the Court having entered its Order on October 14, 2005 (Docket No. 224) (the "Prior Order"); and the Official Committee of Unsecured Creditors (the "Creditors' Committee") having timely filed its Statement regarding the Prior Order pursuant to paragraph 9 thereof on October 25, 2005 (Docket No. 638) (the "Objection"); and the Objection having been set for hearing on November 4, 2005 solely to the question of whether the Debtors shall be required to provide advance written information notice to the Creditors' Committee of any proposed transactions under this Order in excess of $1 million (in addition to the existing periodic reporting protocol agreed to between Debtors and the Creditors' Committee); and upon the record of the hearings held on the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Prior Order is amended and superseded in its entirety as provided herein.

2. The Debtors are hereby authorized but not required to pay, in their discretion and in the ordinary course of business, as and when due, any claim held by a Foreign Creditor (the "Foreign Claims"); provided, however, that the terms

"Foreign Creditor" and "Foreign Creditors" shall not include foreign vendors, service providers, or other non-governmental entities if such entities are known to have assets within the United States that would be subject to the jurisdiction of this Court and that would be available to satisfy a judgment entered by this Court if such entities were to violate the automatic stay provisions of section 362 of the Bankruptcy Code or otherwise take any action contrary to an order of this Court or the provisions of the Bankruptcy Code; provided further, however, that, notwithstanding the foregoing clause, the terms "Foreign Creditor" and "Foreign Creditors" shall include foreign vendors, service providers, or other entities that are located in jurisdictions, including, without limitation, Brazil, where the Debtors' failure to pay such entities' prepetition claims could cause such entity to lose its legal ability to export goods to the Debtors.

3. In return for payment of the Foreign Claims in the ordinary course of business, unless otherwise waived by the Debtors in their sole discretion, the Foreign Creditors are hereby required to continue to provide goods and services to the Debtors on the most favorable terms in effect between such supplier and the Debtors in the twelve months prior to the Petition Date or on such other favorable terms as the Debtors and the Foreign Creditor may otherwise agree ("Customary Trade Terms"). The Customary Trade Terms shall apply for the remaining term of the Foreign Creditor's agreement with the Debtors, as long as the Debtors agree to pay for such goods in accordance with such terms.

3

4. If any Foreign Creditor accepts payment on account of a prepetition obligation of the Debtors and thereafter does not continue to provide services to the Debtors on Customary Trade Terms, any payments made shall be deemed an avoidable postpetition transfer under section 549 of the Bankruptcy Code and shall be recoverable by the Debtors in cash upon written request. Upon recovery by the Debtors, the claim shall be reinstated as a prepetition claim in the amount so recovered. The Debtors are hereby authorized but not directed to obtain written verification, before issuing payment to a Foreign Creditor, that such Foreign Creditor will, if relevant, continue to provide goods and services to the Debtors on Customary Trade Terms for the remaining term of the Foreign Creditor's agreement with the Debtors; provided, however, that the absence of such written verification will not limit the Debtors' rights hereunder.

5. All applicable banks and other financial institutions are hereby authorized and required to receive, process, honor, and pay any and all checks and transfer requests evidencing amounts paid by the Debtors under this Order whether presented prior to or after the Petition Date. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is it intended to constitute, the assumption or adoption of any contract or agreement under 11 U.S.C. § 365.

4

7.  Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

8.  Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order, and the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

9.  From and after the date of entry of this Order, the Debtors shall continue to provide (a) periodic summary reporting to the Creditors' Committee's professionals of all transactions effected by, and anticipated to be effected by, the Debtors pursuant to this Order, including, without limitation, (i) reporting in advance the backlog of claims asserted by suppliers and transactions in process or contemplated including reporting on a transaction by transaction basis (without revealing the names of individual suppliers) for individual transactions in excess of $1 million and (ii) for transactions approved in excess of $1 million, weekly reports that summarize the particulars of each transaction approved during the prior week that were considered by the Debtors in arriving at the decision to approve such transaction; <u>provided however</u>, in connection with a transaction in excess of $1 million, upon request by the financial advisors to the Creditors' Committee, the Debtors shall disclose on an oral basis and in confidence to the sole designee of the financial advisor the requested

name of such supplier. The Creditors' Committee shall provide the Debtors' professionals with advanced notice of the identity of such designee and such person shall remain as the designee unless and until a successor designee is appointed and notice of same is provided. This periodic reporting shall be in the format currently being shared between the Debtors and the Creditors' Committee and shall take place not less frequently than monthly until further order of this Court.

10. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

11. Service of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

12. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          March 8, 2006

                                            /s/ ROBERT D. DRAIN
                                            UNITED STATES BANKRUPTCY JUDGE