UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| - - - - - - - - - - - - - - - - - - - - - - - - - - | x | |
|---|---|---|
| In re<br><br>DELPHI CORPORATION, <u>et al.</u>,<br><br>Debtors. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - | x | |

ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR. P. 2014
AUTHORIZING EMPLOYMENT AND RETENTION OF RADER FISHMAN & GRAUER
PLLC AS INTELLECTUAL PROPERTY COUNSEL TO DEBTORS

("RADER, FISHMAN RETENTION ORDER")

Upon the application, dated February 7, 2006 (the "Application"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 authorizing the employment and retention of Rader Fishman & Grauer PLLC ("RFG") as intellectual property counsel to the Debtors; and upon the Affidavit of Glenn E. Forbis, sworn to February 6, 2006, in support of the Application (the "Forbis Affidavit"); and this Court being satisfied with the representations made in the Application and the Forbis Affidavit that RFG does not represent or hold any interest adverse to any of the Debtors' estates or the Debtors with respect to the matters on which RFG is to be employed, and that RFG's employment is necessary and would be in the best interests of each of the Debtors' estates; and it appearing that proper and adequate notice has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

ORDERED THAT:

1. The Application is GRANTED.

2. The Debtors' employment of RFG as their intellectual property counsel, pursuant to the Application, is approved under sections 327(e) and 1107(b) of the Bankruptcy Code and Rule

2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), with approval of such employment being effective as of the Petition Date, October 8, 2005.

3. RFG shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court.

4. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

5. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

DATED:    New York, New York
          March_9__, 2006

                                            /s/Robert D. Drain
                                            Honorable Robert D. Drain
                                            United States Bankruptcy Judge