333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
            :
   In re    :    Chapter 11
            :
DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
            :
        Debtors.   :    (Jointly Administered)
            :
------------------------------------x

EX PARTE APPLICATION OF CREDITOR'S LAFONZA EARL
WASHINGTON "IN JOINT/JOINDER" WITH THE GENERAL MOTORS
CORPORATION'S "UNDISPUTED" CLAIM TO ENTER, ENFORCE
AND EXECUTE "STATUTORY" GRANT OF APPROPRIATE RELIEF
DEMANDED FROM CREDITOR'S COMMITTEE ET AL - WITHOUT
DELAY - PURSUANT TO FEDERAL RULES OF BANKRUPTCY
PROCEDURE RULES 2019(a) AND (b) INCLUDING RULE 9022
AS WELL AS TITLE 11 U.S.C. § 1114



RECEIVED
MAR 13 2006
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

TO:  The United States Bankruptcy Court
     for the Southern District of New York
     and to the Clerk of the Court:

The above-named creditor respectfully shows;

1. On December 13, 2005, Kathleen Farrell-Willoughby, Clerk of this above-named Court acknowledged the October 28, 2005, filing of this Claimant's Proof Of Claim, the letter is enclosed.

2. The Court was requested to enter, enforce, and execute payment Orders in this "UNCONTESTED", "NON-OBJECTED TO", "NON-DISPUTED" Claim according to the Federal Rules of Bankruptcy Procedure, Rule 9022 and the Federal Rules of Civil Procedure, Rule 77(c) that was filed "BEFORE" the creditor's committee acquired any claims or interests.

3. That the Court is bound by the Fed.R. of Bank.P., Rule 2019 and § 1114 of the Code to hold "INVALID" any authority, acceptance, rejection, or objection given, procured, or received by the credit committee based on "NON-COMPLIANCES" with "SPECIFIC" facts showing why the employment of LAYTHEN & WATKINS was necessary in a Voluntary Petition case where a statutory administration has been provided for by the Congressional enactment -itself- and a "DOUBLE" adjudication of the "HUMAN CAPITAL OBLIGATIONS", as well as the "CASH MANAGEMENT" entitlements properly claimed and demanded by this Claimant was also Ordered by Orders entered on October 8, 2005, by the Court required "NO" litigation in this "IN RE" case which usually signifies "...there is no opponent" but disposition or administration of this Claim "ONLY"!

4.  Any acquisition of the "JOINT/JOINDER" portion of Lafonza Earl Washington's claim in concert with GM's that was "NOT" disputed nor objected to, is demanded to show the -required- "SPECIFIC" facts why the employment of LAYTHEN & WATKINS was necessary due to Title 11 U.S.C. § 301 constitutes an Order for relief -itself- based on the Voluntary Petition selection of filing; Section 301 Orders were bound by law to be recorded, entered, executed, enforced etc., by the Clerk's office of the U.S. Bankruptcy Court for the Southern District of New York according to Fed.R. of Bank.P., Rule 9022, the Fed.R. of Civ.P., Rule 77(c) etc., and in accordance with § 1114 is demanded to show the necessity of the professional services to be rendered by LAYTHEN & WATKINS according to § 1114, Title 28 U.S.C. § 1654 etc.

5.  This Claimant files this Application specifically requesting the Court to hold "INVALID" any authority, acceptance, rejection, or objection given, procured, or received by LAYTHEN & WATKINS et al, self-evident frauds, extortions, seditions and subversive overthrow etc., of the United States Bankruptcy system in continuous violations of Title 11 U.S.C. §§ 501, 502(a), 1114, the Fed.R. of Bank.P., Rules 3001(f), 9022, etc.

6.  This Claimant objects to 'Joint Administration' of Case No. 05-44481 (RDD) self-evidencing that prosecutable laws of the United States involving violations by well-known extortioners, colluders, conspirators, seditious and subversive overthrowers etc., of the United States Bankruptcy system laws by discriminating joint administration, creditor's committee et al,; the least with rights violated, yet, both reparable and irreparable

injuries suffered and continuing to be suffered but the "ONLY" ones being paid with speedy action which further violates this creditor's statutory entitlements under Fed.R. c.p. Title 11 U.S.C. § 502(a), Fed.R. of Bank.P., Rule 3001(f) etc.

WHEREFORE, Applicant Lafonza Earl Washington demands – according to law – the Court to grant appropriate relief based on self-evidence that the representation of LAYTHEN & WATKINS as a prohibited creditors' committee was "NOT" needed because no adversarial, plaintiff and defendant legal standing exists, the § 301 Voluntary Petition filing presents no contested issue nor judicial controversy and upon examination of the "UNSTATUTORY" representation under Rule 2019 (b) deposit agreement or claim or interest acquired or other authority by the committee of the "JOINT/JOINDER" claim with GM's the Court has a "STATUTORY" duty and is "BOUND" to grant the appropriate relief of $118,500,000.00 at 15% APR computed thru February 1, 2006.

By: /Lafonza Earl Washington/
Creditor/Applicant

Dated: March 8, 2006

PROOF OF SERVICE

STATE OF MICHIGAN)
                 )
COUNTY OF GENESEE)

I, Lafonza Earl Washington deposes, states:

That on March 9, 2006, he did serve the below-identified documents upon the persons named-below by United States Postal Service First Class Mail with postage prepaid, except the U.S. Bankruptcy Clerk was served by "CERTIFIED" mail with a "RETURN RECEIPT".

1. Ex Parte Application of Creditor Lafonza Earl Washington "IN JOINT/JOINDER" With the General Motors Corporation's "UNDISPUTED" Claim To Enter, Enforce and Execute "STATUTORY" Grant of Appropriate Relief Demanded From Creditor's Committee et al - Without Delay - Pursuant To Federal Rules of Bankruptcy Procedure Rules 2019(a) and (b) Including Rule 9022 As Well As Title 11 U.S.C. § 1114.

Please record according to law. Thank you.

By: *Lafonza Earl Washington*
Creditor/Applicant

Mailed to:

    United States Bankruptcy Court
    Southern District of New York
    Clerk of the Court
    One Bowling Green
    New York, N.Y.  10004

    United States Bankruptcy Court
    Southern District of New York
    c/o "INTAKE OFFICE" Room 534
    One Bowling Green
    New York, N.Y.  10004

    Robert D. Drain, Judge
    United States Bankruptcy Court
    Southern District of New York
    One Bowling Green   Room 632
    New York, N.Y.  10004



RECEIVED MAR 13 2006 U.S. BANKRUPTCY COURT SO. DIST. OF NEW YORK

LAYTHEN & WATKINS
Creditor's Committee
885 Third Avenue
New York, N.Y.  10022

United States Department of Justice
Alberto Gonzalez
U.S. Attorney General
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001

# UNITED STATES BANKRUPTCY COURT

*SOUTHERN DISTRICT OF NEW YORK*
*ONE BOWLING GREEN*
*NEW YORK, NY 10004-1408*

**KATHLEEN FARRELL-WILLOUGHBY**
CLERK OF COURT
TELEPHONE: (212) 668-2870

December 13, 2005

Mr. LaFonza Earl Washington
7010 Cranwood Drive
Flint, MI 48505

    Re:    Delphi Corporation - 05-44481(RDD)

Dear Mr. Washington:

    We are in receipt of four claims each in the amount of $30,000,000 and filed in the above-referenced bankruptcy matter. Each claim is recorded separately in the consolidated case and noted on the claims register as follows:

    Claim No. 257 filed on October 31, 2005 in Delphi Corporation
    Claim No. 264 filed on November 1, 2005 in Delphi Corporation
    Claim No. 288 filed on November 2, 2005 in Delphi Automotive Systems (Holding), Inc.
    Claim No. 297 filed on November 3, 2005 in Delphi Automotive Systems (Holding), Inc.

    As I explained to you telephonically today, I cannot issue an order to pay any of these claims. The decision whether to enter any orders in this case can be made only by the Bankruptcy Judge assigned to the case or the particular proceeding. If you would like to present a motion to the Judge to request relief, you must, pursuant to Local Rule of Bankruptcy Procedure 5070-1:

    "Unless the Court orders otherwise, prior to serving a motion, cross-motion, or application, the moving party or applicant shall obtain a return date from the assigned Judge's chambers."

    Local Rule of Bankruptcy Procedure 9004-2(b) states:

    "The return date obtained under this rule shall be included in the upper right-hand corner of the caption of the motion or application."

    I have included a copy of this Court's Local Rule of Bankruptcy Procedure 9013-1 which addresses the requirements for filing a motion. Also enclosed is a copy of Local Bankruptcy Rule 9078-1, which addresses the need for a Certificate of Service. The motion or application must be served on all parties affected by the motion or application requesting relief.

This letter and enclosures in no way constitutes all of the information needed to seek relief from the court. If you require additional assistance, you may want to seek the advice of counsel. The Clerk's Office is prohibited from providing legal advice.

Sincerely,

Kathleen Farrell-Willoughby
Clerk of Court

# Case Information

Below is pertinent case information regarding Delphi's chapter 11 filing.

| | |
|---|---|
| **Debtors** | Delphi Corp. |
| **Filing Date** | October 8, 2005 |
| **Case Number** | 05-44481 |
| **Where Filed** | United States Bankruptcy Court for the Southern District of New York |
| **Judge** | Robert D. Drain |
| **Court Filed Documents** | www.delphidocket.com |
| **Bankruptcy Court Website** | www.nysb.uscourts.gov |
| **DIP Financing** | $4.5 billion in credit facilities, including a new $2 billion debtor-in-possession (DIP) financing facility. |
| **Legal Advisors** | John Wm. Butler, Jr.<br>John K Lyons<br>Ron E. Meisler<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>333 West Wacker Drive<br>Chicago, Illinois 60606<br><br>Kayalyn A Marafioti<br>Thomas J. Matz<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, New York 10036 |
| **Notice and Claims Agent** | Kurtzman, Carson Consultants<br>12910 Culver Blvd., Suite 1<br>Los Angeles, California 90066<br>+1 310.823.9000 | www.delphidocket.com |
| **Reorganization Information Hotline** | U.S. +1 866.688.8740 | International: +1 248.812.2601 |
| **Supplier Hotline** | U.S. +1 866.688.8679 | International: +1 248.813.2602 |

**U.S. Department of Justice**

Executive Office for United States Trustees

Office of the General Counsel

20 Massachusetts Avenue, NW, Suite 8100          Voice - (202) 307-1399
Washington, D.C. 20530                           Fax - (202) 307-2397

February 23, 2006

Lafonza Earl Washington
7010 Cranwood Drive
Flint, MI 48505

Re: *In re Delphi Corporation*, Case No. 05-44481(RDD)

Dear Mr. Washington:

This responds to your correspondence and telephone calls to the Office of General Counsel, Executive Office for United States Trustees concerning the bankruptcy case of the Delphi Corporation ("Debtor"). Based on your letter dated January 31, 2006, other correspondence you filed with the Bankruptcy Court for the Southern District of New York and representations made by you during telephone calls to this office, you appear to request that the United States Trustee Program expedite payment of a proof of claim you allege you have filed against the Debtor.

The United States Trustee Program is the component of the Department of Justice responsible for supervising the administration of bankruptcy cases and private trustees under title 11 of the United States Code. In order to respond to your inquiry, we contacted the Office of the United States Trustee that is responsible for the administration of the Debtor's bankruptcy case and we reviewed your submissions, the docket, the claims register and a number of orders entered in the Debtor's case.

Although you allege that you filed a proof of claim, our review of the claims register in the Debtor's case discloses no such claim filed on your behalf. A copy of the claims register is enclosed for your convenience. For questions about the procedures to be followed in filing a proof of claim, you may wish to consult with a personal attorney. As employees of the United States Department of Justice, we cannot provide legal advice to private citizens. We understand that you may feel frustration with the situation, in light of the effort you have expended in this bankruptcy proceeding. However, we regret that we can not assist you further.

Sincerely,

Roberta DeAngelis
Acting General Counsel

Enclosure



**U.S. Department of Justice**

Office of the United States Trustee

*Region 2/Southern District of New York*

---

33 Whitehall Street, Suite 2100   Phone: 212-510-0500
New York, NY 10004                Fax:   212-668-2255

December 15, 2005

Lafonza Earl Washington
7010 Cranwood Drive
Flint, MI 48505

Re: *In re Delphi Corporation*, Case No. 05-44481(RDD)

Dear Mr. Washington:

    This letter is a follow-up to our telephone conversations about your claim against the Delphi Corporation ("Delphi"). Based on the documents you filed with the Bankruptcy Court for the Southern District of New York, you seek immediate payment of a claim against Delphi in the amount of $30 million. You have requested that the United States Trustee facilitate payment of your claim.

    The United States Trustee is an independent party in bankruptcy cases. The powers and duties of the United States Trustee are governed by 28 U.S.C. § 586. As an independent party, the United States Trustee cannot give legal advice or represent creditors, debtors or other parties-in-interest in bankruptcy cases.

    Therefore, the United States Trustee cannot give you legal advice about your claim or intervene on your behalf. To the extent your rights are affected by the *Delphi* case, you must inform yourself of your legal rights or retain the services of an attorney act on your behalf.

Very truly yours,

DEIRDRE A. MARTINI
UNITED STATES TRUSTEE

By: *[signature]*
Alicia M. Leonhard
Trial Attorney

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

86 Chambers Street, 3rd Floor
New York, New York 10007

December 15, 2005

Mr. Lafonza Earl Washington
7010 Cranwood Drive
Flint, MI 48505

      Re:    Delphi Corp., et al.,
               No. 05-44481 (RDD) (Ch. 11)

Dear Mr. Washington:

     I write to follow up on our telephone call earlier this week, on our prior conversations, and on your correspondence including transmittals dated December 5 and November 28, 2005, concerning the Delphi Corp. bankruptcy.

     As I explained, this Office represents the interests of United States agencies in bankruptcy proceedings in the Southern District of New York. I see no basis for me or the Civil Division of this Office to take action on your behalf. While I did offer to relay any allegation of criminal conduct to the attorneys responsible for investigating alleged instances of bankruptcy fraud or similar crimes, I have not done so because you stated that you did not want to refer this as a criminal matter.

     As I also explained, I am not permitted to give you legal advice, and I encourage you to consult an attorney if you wish to further assess your rights or pursue any action against Delphi.

                              Sincerely,

                              MICHAEL J. GARCIA
                              United States Attorney

           By:    DAVID S. JONES
                    Assistant United States Attorney
                    Tel.: (212) 637-2800