UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
In re                                     :    Chapter 11
                                          :
DELPHI CORPORATION et al.,                :    Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER UNDER 11 U.S.C. §§ 362, 363, AND 365 AUTHORIZING
DEBTORS TO (I) OBTAIN SIGNIFICANT IMPROVEMENT IN ENERGY
COSTS BY MODIFYING AGREEMENTS WITH LOCKPORT ENERGY
ASSOCIATES L.P. AND NEW YORK STATE ELECTRIC AND GAS
CORPORATION, (II) ASSUME MODIFIED AGREEMENT WITH LOCKPORT
ENERGY ASSOCIATES L.P., AND (III) CONSENT TO RELIEF FROM
AUTOMATIC STAY FOR LIMITED PURPOSE OF ALLOWING
LOCKPORT ENERGY ASSOCIATES L.P. TO RECORD MODIFIED EASEMENTS


       Upon the motion, dated February 17, 2006 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 362, 363, and 365 Authorizing The Debtors To (i) Obtain Significant Improvement In Energy Costs By Modifying Agreements With Lockport Energy Associates L.P. ("Lockport Energy"), the Power Authority of the State of New York ("NYPA"), and New York State Electric and Gas Corporation ("NYSEG"), (ii) Assume Modified Agreement with Lockport Energy, and (iii) Consent To Relief From Automatic Stay For Limited Purpose Of Allowing Lockport Energy Associates L.P. To Record Modified Easements; and upon the Declaration Of Matthew J. Zarnosky, executed on February 17, 2006, in support of the Motion; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in

the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and this Court having determined that the parties to the transactions contemplated in the Motion have acted in good faith; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:

A.   The Debtors have exercised reasonable business judgment in deciding to obtain significant improvement in energy costs by (i) modifying (a) that certain Settlement Agreement, dated August 14, 1995, by and among General Motors Corporation ("GM"), NYPA, and NYSEG (the "Settlement Agreement"), (b) that certain Energy Sales Agreement, dated April 22, 1991, by and between GM and Lockport Energy, as amended (the "Energy Sales Agreement"), and (c) all amendments, supplements, exhibits, easements, licenses, relinquishment of rights, waivers, side letters, and ancillary documents related thereto (collectively, the "Agreements")[1], (ii) assuming the modified Energy Sales Agreement, (iii) consenting to relief from the automatic stay for the limited purpose of allowing Lockport Energy to record the easements existing under the Energy Sales Agreement and which will continue to exist as modified under the modified Energy Sales Agreement (the "Easements").[2]

---

[1] As described in the Motion, prior to January 1, 1999, GM operated Delphi's businesses through various divisions and subsidiaries. Effective January 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to the Debtors under a Master Separation Agreement between Delphi and GM. In connection with these transactions, GM assigned to Delphi its rights and obligations under the Agreements.

[2] A list of Easements as modified under the Energy Sales Agreement is attached as Exhibit C to the Motion.

2

B. The assumption of the modified Energy Sales Agreement, the modification of the Agreements, and the cure of the existing defaults under the Energy Sales Agreement are reasonable and appropriate under the circumstances.

C. The cure of the outstanding prepetition obligations under the Energy Sales Agreement, as set forth in the Motion, satisfies the statutory requirements of section 365(b)(1) of the Bankruptcy Code.

D. Cause exists to grant relief from the automatic stay under section 362(d)(1) for the limited purpose of allowing Lockport Energy to record the Easements.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized to take any and all actions necessary or desirable to modify the Agreements based upon the terms and conditions described in the Memorandum of Understanding between Delphi, NYSEG and Lockport Energy attached as Exhibit A to the Motion.

3. The Debtors are authorized to take any and all actions necessary or desirable to modify the Energy Sales Agreement substantially in the form attached as Exhibit B the Motion.

4. The Debtors are authorized to take any and all actions to assume the modified Energy Sales Agreement.

5. The relief granted herein is subject to the execution of definitive documentation acceptable to the Debtors.

6. Except as expressly waived under the modified Agreements, all rights and obligations under the Energy Sales Agreement, including all amendments, supplements, exhibits, easements, licenses, waivers, site letters, and ancillary documents related hereto, shall continue, survive and be performed under the modified Energy Sales Agreement.

7. Lockport Energy shall pay the Debtors the share of the profit from these sales of the natural gas to third parties in the approximate amount of $6 million (the "Price Estimate") within 60 days of the latter of (a) the commencement of delivery to the Lockport Facility of the 10 mega watts of Expansion Power by NYPA or (b) the date when this Order becomes final (the "Payment Date").

8. Lockport Energy shall pay NYSEG the sum of approximately $3.35 million as compensation for losses it will incur as a result of the modification of the Settlement Agreement within two business days after all of the following occur: (i) the date when this Order becomes final, (ii) delivery to the Lockport Facility of the 10 mega watts Expansion Power by NYPA has Commenced, and (iii) the amended Agreements between the Lockport Energy and Delphi have been executed.

9. Lockport Energy is authorized to offset the existing defaults under the Energy Sales Agreement, which equals no more than $521,975.61 (the "Cure Amount") from the Price Estimate on the Payment Date. Upon payment of the Cure Amount, all prepetition defaults shall be deemed cured.

10. The postpetition obligations arising under the modified Energy Sales Agreement shall have administrative priority status pursuant to section 503(b) of the Bankruptcy Code.

11. Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay shall be lifted for the limited purpose of allowing Lockport Energy to record the Easements.

12. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

13. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
         March 17, 2006

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE