UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
    In re                 :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
                                            :
                Debtors.  :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER UNDER 11 U.S.C. §§ 363, 1107, AND 1108 AUTHORIZING DELPHI
AUTOMOTIVE SYSTEMS LLC TO MAKE EQUITY INVESTMENTS IN DELPHI
FURUKAWA WIRING SYSTEMS LLC AND APPROVING PROCEDURES TO MAKE
ADDITIONAL CONTRIBUTIONS WITHOUT FURTHER COURT APPROVAL

        Upon the motion, dated February 17, 2006 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order"), under 11 U.S.C. §§ 363, 1107, and 1108 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") authorizing Delphi Automotive Systems LLC ("DAS LLC") to make equity investments in Delphi Furukawa Wiring Systems LLC ("DFWS") and approving procedures through which DAS LLC may make additional capital contributions without further Court approval; and upon the record of the hearing held on the Motion on March 9, 2006 (the "Hearing"); and there being no objection to the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. DAS LLC is authorized, but not directed, to make outstanding, current, and future equity investments in its joint venture DFWS in amounts up to $3.1 million.

3. DAS LLC is further authorized, in the exercise of its business judgment, to make capital contributions in excess of those scheduled amounts up to $1.5 million in the aggregate during the 2006-2007 period without notice or further Court approval. Should DAS LLC's aggregate additional capital contributions total more than $1.5 million (the "Additional Capital Contributions"), DAS LLC shall be authorized to make the Additional Capital Contributions without further Court approval in accordance with the following notice procedures:

(a) the Debtors shall give notice of the proposed Additional Capital Contributions (the "Additional Capital Notice") to (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004, Att'n: Alicia M. Leonhard, Esq., (ii) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York, 10022-4802 (Att'n: Robert J. Rosenberg, Esq.), (iii) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York, 10017 (Att'n: Kenneth Ziman, Esq.), and (iv) counsel for the agent under the Debtors' postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York, 10017 (Att'n: Marlane Melican, Esq.) (collectively, the "Notice Parties"). The Additional Capital Notice shall be served by facsimile, overnight delivery, or hand delivery and shall include the amount of Additional Capital Contributions requested.

(b) The Notice Parties shall have ten business days following initial receipt of the Additional Capital Notice to object to or request additional time to evaluate the Additional Capital Contributions. If counsel to the Debtors receives no written objection or written request for additional time prior to the expiration of such ten business day period, the Debtors shall be authorized to make the requested Additional Capital Contributions.

(c) If a Notice Party objects to the proposed within ten business days after the Additional Capital Notice is received, the Debtors and such objecting Notice Party shall meet and confer in an attempt to negotiate a consensual resolution. Should either party determine that an impasse exists, then the Debtors shall move the Bankruptcy Court for authority to make the Additional Capital Contributions upon notice to the objecting party and other parties-in-interest in accordance with the Order Under 11 U.S.C.

§§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance With Local Bankr. R. 1007-2(e), entered by this Court on October 14, 2005 (Docket No. 245).

4.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

5.  The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
       March 17, 2006

                                        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE