UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
            In re                   :        Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :        Case No. 05-44481 (RDD)
                                    :
                    Debtors.        :        (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER UNDER 11 U.S.C. §§ 107(b), 501, 502, AND 1111(a) AND FED. R. BANKR. P.
1009, 2002(a)(7), 3003(c)(3), AND 5005(a) ESTABLISHING BAR DATES FOR FILING
PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF

("BAR DATE ORDER")

              Upon the motion, dated March 17, 2006 (the "Motion"), of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-

captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§

107(b), 501, 502, and 1111(a) and Rules 1009, 2002(a)(7), 3003(c)(3), and 5005(a) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") establishing bar dates for all

creditors to file proofs of claim in these chapter 11 cases and approving the form and manner of

notice thereof; and this Court having determined that the relief requested in the Motion is in the

best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it

appearing that proper and adequate notice of the Motion has been given and that no other or

further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby

              ORDERED, ADJUDGED, AND DECREED THAT:

              1.        The Motion is GRANTED.

2.     Pursuant to Bankruptcy Rules 3003(c)(3) and 5005(a), except as set forth herein, all persons and entities, including, without limitation, individuals, partnerships, limited liability companies, corporations, estates, trusts, unions, indenture trustees, the United States Trustee, and governmental units (individually, a "Person" or "Entity," and collectively, "Persons" or "Entities" or the "Creditors") holding or wishing to assert claims (as such term is defined in 11 U.S.C. § 101(5)) against the Debtors (collectively, the "Claims") shall file a separate, completed, and executed proof of claim form (either in the form mailed to Creditors or otherwise conforming substantially to Form No. 10 of the Official Bankruptcy Forms, a copy of which is attached as Exhibit A hereto) on or before 5:00 p.m., Eastern Standard Time on July 31, 2006 (the "General Bar Date").

3.     The following procedures for the filing of valid proofs of claim (a "Proof of Claim") shall apply:

(a)     Proofs of Claim must conform substantially to Form No. 10 of the Official Bankruptcy Forms;

(b)     A Proof of Claim must be filed either by mailing the original proof of claim to the United States Bankruptcy Court, Southern District of New York, Delphi Corporation Claims, Bowling Green Station, P.O. Box 5058, New York, New York 10274-5058 or by delivering the original proof of claim by hand or overnight courier to the United States Bankruptcy Court, Southern District of New York, Delphi Corporation Claims, One Bowling Green, Room 534, New York, New York 10004-1408;

(c)     Proofs of Claim shall be deemed filed only when actually <u>received</u> by the Clerk of the Bankruptcy Court on or before the applicable Bar Date (as defined below);

(d)     Proofs of Claim must (i) be signed, (ii) include supporting documentation (or a summary if such documentation is voluminous) or an explanation as to why documentation is not available, (iii) be written in the English language, and (iv) be denominated in United States currency;

(e)     Facsimile submissions of Proofs of Claim shall not be accepted; and

(f)    Proofs of Claim must clearly indicate the name of the applicable Debtor against which the Claim is asserted and the applicable reorganization case number for such Debtor, and if a Claim is asserted against more than one of the Debtors, a separate Proof of Claim must be filed in each such Debtor's reorganization case.

4.    All supporting documentation to any Proof of Claim shall be subject to examination only by the party asserting the Claim, the Debtors, the Debtors' counsel and advisers, the United States Trustee, counsel and advisers to the official committee of unsecured creditors appointed in these chapter 11 cases, Kurtzman Carson Consultants, LLC, the claims and noticing agent in these chapter 11 cases, and any personnel of the United States Bankruptcy Court for the Southern District of New York in the performance of their official duties.  All such parties are hereby directed to maintain the confidentiality of all supporting documentation to any Proof of Claim and the information contained therein.

5.    Proofs of Claim are not required, at this time, to be filed by any Person or Entity asserting a Claim of any of the types set forth below:

(a)    Any Person or Entity (i) which agrees with the nature, classification, and amount of its Claim set forth in the schedules of assets and liabilities (as amended from time to time, the "Schedules") and (ii) whose Claim against a Debtor is not listed as "disputed," "contingent," or "unliquidated" in the Schedules;

(b)    Any Person or Entity which has already properly filed a proof of claim against the correct Debtor;

(c)    Any Person or Entity which asserts a Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), as an administrative expense of the Debtors' chapter 11 cases;

(d)    Any Person or Entity which asserts a Claim solely on the basis of future pension or other post-employment benefits, including, without limitation, retiree health care and life insurance; provided, however, that any such Person or Entity which wishes to assert a Claim against any of the Debtors based on anything other than future pension or other post-employment benefits must file a proof of claim on or prior to the General Bar Date;

(e)      Any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control, or hold with power to vote, 50 percent or more of the outstanding voting securities of such subsidiary;

(f)      Any Person or Entity whose Claim against a Debtor previously has been allowed by, or paid pursuant to, an order of this Court;

(g)      Any holder of a Claim arising under or in respect of any of the following issuances of Delphi Corporation senior unsecured debt (each, a "Noteholder"): (i) those certain senior unsecured securities bearing interest at 6.55% and maturing on June 15, 2006; (ii) those certain senior unsecured securities bearing interest at 6.50% and maturing on May 1, 2009; (iii) those certain senior unsecured securities bearing interest at 6.50% and maturing on August 15, 2013; (iv) those certain senior unsecured securities bearing interest at 7.125% and maturing on May 1, 2029; (v) those certain 8.25% junior subordinated notes due 2033; or (vi) those certain adjustable-rate junior subordinated notes due 2033 (collectively, the "Senior Unsecured Securities"), other than the indenture trustees of the Senior Unsecured Securities; provided, however, that any Noteholder who wishes to assert a Claim against the Debtors that is not based solely upon the outstanding prepetition principal and interest due on account of its ownership of such Senior Unsecured Securities must file a proof of claim on or prior to the General Bar Date in respect of such Claim; and

(h)      Any holder of equity securities of, or other interests in, the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities, or other interest; provided, however, that any such holder which wishes to assert a Claim against any of the Debtors that is not based solely upon its ownership of the Debtors' securities, including, but not limited to, Claims for damages or recision based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date in respect of such Claim.

6.      Any Creditor which desires to rely on the Schedules with respect to filing a Proof of Claim in these chapter 11 cases shall have the responsibility of determining that its claim is accurately listed therein.

7.      The Debtors shall retain the right to (a) dispute, or assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise, or (b) subsequently designate any Claim as

4

disputed, contingent, or unliquidated.  If the Debtors amend the Schedules to reduce the

undisputed, noncontingent, and liquidated amounts or to change the nature or classification of a

particular Claim against a Debtor reflected therein, then the affected claimant shall have until the

later of (x) the General Bar Date or (y) 30 calendar days after such claimant is served with notice

that the Debtors have amended their Schedules (the "Amended Schedule Bar Date") to file a

Proof of Claim or to amend any previously filed Proof of Claim in respect of such amended

scheduled Claim.  Notwithstanding Bankruptcy Rule 1009(a), the Debtors shall have no

obligation to provide notice to claimants of amendments to the Schedules filed prior to the date

upon which the Debtors serve the Bar Date Notice, other than the personalized proof of claim

form provided to each party affected by an amendment to the Schedules.  Notwithstanding the

foregoing, nothing set forth herein shall preclude the Debtors from objecting to any Claim,

whether scheduled or filed, on any grounds.

8.      Notwithstanding anything in this Order to the contrary, the holder of any

Claim arising from the rejection of an executory contract or unexpired lease pursuant to section

365 of the Bankruptcy Code shall be required to file a Proof of Claim on account of such Claim

against the Debtors on or before the later of (a) the General Bar Date or (b) 30 calendar days

after the effective date of such rejection or such other date as fixed by the Court in an order

authorizing such rejection (the "Rejection Bar Date," and together with the General Bar Date and

the Amended Schedule Bar Date, the "Bar Dates").

9.      Governmental units shall file Proofs of Claim in these cases on or prior to

the General Bar Date.

10.     Any Person or Entity which is required to file a Proof of Claim in these

chapter 11 cases but that fails to do so in a timely manner on or before the applicable Bar Date

shall be forever barred, estopped, and enjoined from (a) asserting any Claim against the Debtors

that such Person or Entity has that (i) is in an amount that exceeds the amount, if any, that is set

forth in the Schedules as undisputed, non-contingent, and unliquidated or (ii) is of a different

nature or in a different classification than as set forth in the Schedules (any such Claim referred

to as an "Unscheduled Claim") and (b) voting upon, or receiving distributions under, any plan or

plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim, and the

Debtors and their property shall be forever discharged from any and all indebtedness or liability

with respect to such Unscheduled Claim.

        11.     Notice of the Bar Dates, substantially in the form of the notice attached

hereto as Exhibit B (the "Bar Date Notice"), and the manner of providing notice of the Bar Dates

proposed in the Motion are approved.  No later than April 20, 2006, Kurtzman Carson

Consultants, LLC, the Debtors' claims and noticing agent in these cases, shall serve by first class

U.S. mail, postage prepaid, proof of claim forms substantially in the form attached hereto as

Exhibit A, and together with the Bar Date Notice, on:

      (a)     the United States Trustee;

      (b)     counsel to each official committee;

      (c)     all Persons or Entities which have requested notice of the proceedings in
             the chapter 11 cases;

      (d)     all Persons or Entities which have filed claims in these chapter 11 cases;

      (e)     all creditors and other known holders of claims as of the date of this Order,
             including all persons or entities listed in the Schedules as holding Claims;

      (f)     all parties to executory contracts and unexpired leases of the Debtors;

      (g)     all parties to litigation with the Debtors;

      (h)     the Philadelphia office of the Internal Revenue Service, the Northeast
             Regional Office of the Securities and Exchange Commission, the United
             States attorney for the Southern District of New York, any other

department, agency, or instrumentality of the United States through which the Debtors became indebted for debt other than taxes, and any other governmental units as required by Bankruptcy Rule 2002(j); and

(i)    all known Persons and Entities holding potential prepetition Claims.

12.    The Debtors are directed to give notice of the Bar Date Notice by (a) publication in the New York Times (national edition), the Wall Street Journal (national, European, and Asian editions), USA Today (worldwide), the Automotive News (national edition), and in local editions of the following: the Adrian Daily Telegram, the Arizona Daily Star, the Buffalo News, the Chicago Sun Times, the Clinton News, the Columbus Dispatch, the Daily Leader, the Dayton Daily News, the Detroit Free Press, the El Paso Times, the Fitzgerald Herald Leader, The Flint Journal, the Gadsden Times, the Grand Rapids Press, the Greensville News, the Indianapolis Star, the Kansas City Star, the Kokomo Tribune, the Lansing State Journal, the Laurel Leader, the Los Angeles Daily News, the Milwaukee Journal Sentinel, the Mobile Beacon, The Mobile Register, the Oakland Press, the Olathe Daily News, the Rochester Democrat and Chronicle, the Saginaw News, the Sandusky Register, the Tribune Chronicle, the Tulsa World, The Tuscaloosa News, and The Vindicator, and (b) electronically through posting on the Delphi legal information website, www.delphidocket.com.  Such notices will be published no later than April 21, 2006, or as soon thereafter as practicable.

13.    Provision of notice of the Bar Dates to the Persons and Entities set forth in the Motion and this Order, in the manner set forth above and as described more particularly in the Motion, shall constitute adequate and sufficient notice of each of the Bar Dates and shall be deemed to satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

14.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

     15.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
      April ___, 2006

_____
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
    In re                               :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                  Debtors.       :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM

TO ALL CREDITORS OF THE DEBTORS, AND OTHER PARTIES-IN-INTEREST:

PLEASE TAKE NOTICE THAT:

        In accordance with an order entered on April ___, 2006 by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the above-captioned chapter 11 cases (the "Bar Date Order"), **5:00 p.m. Eastern Time on July 31, 2006** (the "General Bar Date") has been established as the last date for each person or entity (including individuals, partnerships, corporations, limited liability companies, estates, trusts, unions, indenture trustees, the United States Trustee, and governmental units) (individually, a "Person" or "Entity," and collectively, "Persons" or "Entities") to file a proof of claim in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors").  A list of all Debtors in these chapter 11 cases is attached hereto as Exhibit A.

        On October 8, 2005, Delphi and certain of its U.S. subsidiaries filed voluntary petitions in the Bankruptcy Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").  On October 14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary petitions in the Bankruptcy Court for reorganization relief under the Bankruptcy Code.  The term "Petition Date" shall mean the date on which each Debtor filed its chapter 11 bankruptcy petition as set forth on Exhibit A attached hereto.  The General Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before the applicable Petition Date, except for those holders of the claims listed in Section 4 below which are specifically excluded from the General Bar Date filing requirement.

### 1.    Who Must File A Proof Of Claim

        You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim against any of the Debtors that arose prior to the applicable Petition Date, and such claim is not one of the types of claim described in Section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the applicable Petition Date must be filed on or prior to the General Bar Date, even if such claims are not now fixed,

liquidated, or certain or did not mature or become fixed, liquidated, or certain before the applicable Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## 2.    What To File

The Debtors are enclosing a proof of claim form which you may use to file any claim you may have in these cases.  If the Debtors scheduled you as a creditor in any of the Debtors' schedules of assets and liabilities (as amended from time to time, the "Schedules"), the form sets forth the amount of your claim as scheduled and whether the claim is scheduled as disputed, contingent, or unliquidated.  Additional proof of claim forms may be obtained at http://www.uscourts.gov/bkforms/index.html or at http://www.delphidocket.com.

All proofs of claim must be signed by the claimant or, if the claimant is not an individual, by a claimant's authorized agent.  All proofs of claim must be written in English and be denominated in United States currency.  You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

If any supporting documentation provided with any proof of claim contains confidential information, such documentation will be subject to examination only by the party asserting the claim, the Debtors, the Debtors' counsel and advisers, the United States Trustee, counsel and advisers to the official committee of unsecured creditors appointed in these chapter 11 cases, Kurtzman Carson Consultants, LLC, the claims and noticing agent in these chapter 11 cases, and any personnel of the United States Bankruptcy Court for the Southern District of New York in the performance of their official duties, and such entities have been ordered to maintain the confidentiality of all supporting documentation to any proof of claim and the information contained therein.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and each holder of a claim must identify on its proof of claim the specific Debtor against which its claim is asserted and the case number of that Debtor's reorganization case.  A list of the names of the Debtors and their reorganization case numbers is attached hereto as Exhibit A.

## 3.    When And Where To File

Except as provided for herein, all proofs of claim must be filed so as to be received no later than **5:00 p.m. Eastern Time on July 31, 2006** at the following address:

| If sent by mail: | If sent by messenger or overnight courier: |
|---|---|
| United States Bankruptcy Court | United States Bankruptcy Court |
| Southern District of New York | Southern District of New York |
| Delphi Corporation Claims | Delphi Corporation Claims |
| Bowling Green Station | One Bowling Green |
| P.O. Box 5058 | Room 534 |
| New York, New York 10274-5058 | New York, New York 10004-1408 |

       **Proofs of claim will be deemed filed only when actually received at the addresses above on or before the General Bar Date.** Proofs of claim may not be delivered by facsimile, telecopy, or electronic mail transmission.

       Governmental units must file proofs of claims in these chapter 11 cases on or prior to the General Bar Date.

**4.**       **Who Need Not File A Proof Of Claim**

       You do not need to file a proof of claim on or prior to the General Bar Date if you are:

       (a)      Any Person or Entity (i) which agrees with the nature, classification, and amount of its Claim set forth in the Schedules and (ii) whose Claim against a Debtor is not listed as "disputed," "contingent," or "unliquidated" in the Schedules;

       (b)      Any Person or Entity which has already properly filed a proof of claim against the correct Debtor;

       (c)      Any Person or Entity which asserts a Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

       (d)      Any Person or Entity which asserts a Claim solely on the basis of future pension or other post-employment benefits, including, without limitation, retiree health care and life insurance; provided, however, that any such Person or Entity which wishes to assert a Claim against any of the Debtors based on anything other than future pension or other post-employment benefits must file a proof of claim on or prior to the General Bar Date;[1]

       (e)      Any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control or hold with power to vote, 50 percent or more of the outstanding voting securities of such subsidiary;

---

[1] The bar date for the filing of Proofs of Claim on account of Claims arising from modification to or termination of future pension or other post-employment benefits will be determined pursuant to an order of the Bankruptcy Court approving such modification or termination.

3

(f)      Any Person or Entity whose Claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Bankruptcy Court;

(g)      Any holder of a Claim arising under or in respect of any of the following issuances of Delphi Corporation senior unsecured debt (each, a "Noteholder"): (i) those certain senior unsecured securities bearing interest at 6.55% and maturing on June 15, 2006; (ii) those certain senior unsecured securities bearing interest at 6.50% and maturing on May 1, 2009; (iii) those certain senior unsecured securities bearing interest at 6.50% and maturing on August 15, 2013; (iv) those certain senior unsecured securities bearing interest at 7.125% and maturing on May 1, 2029; (v) those certain 8.25% junior subordinated notes due 2033; or (vi) those certain adjustable-rate junior subordinated notes due 2033 (collectively, the "Senior Unsecured Securities"), other than the indenture trustees of the Senior Unsecured Securities; provided, however, that any Noteholder who wishes to assert a Claim against the Debtors that is not based solely upon the outstanding prepetition principal and interest due on account of its ownership of such Senior Unsecured Securities must file a proof of claim on or prior to the General Bar Date in respect of such Claim; and

(h)      Any holder of equity securities of, or other interests in, the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities, or other interest; provided, however, that any such holder which wishes to assert a Claim against any of the Debtors that is not based solely upon its ownership of the Debtors' securities, including, but not limited to, Claims for damages or recision based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date in respect of such Claim.

This notice is being sent to many persons and entities which have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not necessarily mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.

## 5.      Executory Contracts And Unexpired Leases

Any person or entity which has a claim arising from the rejection of an Executory Contract must file a proof of claim on account of such claim against the Debtors on or before the later of (a) the General Bar Date or (b) 30 calendar days after the effective date of such rejection or such other date as fixed by the Bankruptcy Court in an order authorizing such rejection.

## 6.      Amended Schedule Bar Date

If the Debtors amend the Schedules on or after the date of this Notice (listed below) to reduce the undisputed, noncontingent, and liquidated amounts or to change the nature or classification of a claim against a Debtor reflected therein, the bar date for filing a proof of claim in respect of such amended schedule claim is the later of (a) the General Bar Date or (b) 30 calendar days after a claimant is served with notice that the Debtors have amended their Schedules.

### 7. Consequences Of Failure To File A Proof Of Claim By The General Bar Date

ANY HOLDER OF A CLAIM WHICH IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS NOTICE, AS SET FORTH IN SECTION 4 ABOVE, AND WHICH FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM, WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

### 8. The Debtors' Schedules And Access Thereto

You may be listed as the holder of a claim against the Debtors in any of the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases.

To determine if and how you are listed on any of the Schedules, please refer to the descriptions set forth on the enclosed proof of claim forms regarding the nature, amount, and status of your claim(s).

As set forth above, if you agree with the nature, amount, and status of your claim as listed in any of the Debtors' Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the General Bar Date in accordance with the procedures set forth in this Notice.

Copies of any of the Debtors' Schedules are available for inspection online at http://www.delphidocket.com or on the Court's Internet Website at http://www.nysb.uscourts.gov.  A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information on the Court's Internet Website and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.  No login or password is required to access this information on the Debtors' Legal Information Website (http://www.delphidocket.com). Copies of any of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.

A holder of a possible claim against any of the Debtors should consult an attorney regarding any matters not covered by this Notice, such as whether the holder should file a proof of claim.

Dated: New York, New York                                    BY ORDER OF THE COURT
      April\_\_\_, 2006

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
    333 West Wacker Drive, Suite 2100
    Chicago, Illinois  60606
    (312) 407-0700

     - and -

    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
    Four Times Square
    New York, New York 10036
    (212) 735-3000

    Attorneys for Delphi Corporation, et al.,
      Debtors and Debtors-in-Possession

## EXHIBIT A

| | Entity | Tax / Federal ID Number | Case Number | Address | Date Of Petition Filing |
|---|---|---|---|---|---|
| 1. | Delphi NY Holding Corporation | 20-3383408 | 05-44480 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 2. | Delphi International Holdings Corp. | 38-3449527 | 05-44591 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 3. | Delphi Corporation | 38-3430473 | 05-44481 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 4. | Delphi Automotive Systems Overseas Corporation | 38-3318021 | 05-44593 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 5. | ASEC Manufacturing General Partnership | 73-1474201 | 05-44482 | 1301 Main Parkway Catoosa, OK 74015 | October 8, 2005 |
| 6. | Delphi Automotive Systems (Holding), Inc. | 38-3422378 | 05-44596 | 5785 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 7. | ASEC Sales General Partnership | 73-1474151 | 05-44484 | 1301 Main Parkway Catoosa, OK 74015 | October 8, 2005 |
| 8. | Delco Electronics Overseas Corporation | 38-2638990 | 05-44610 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 9. | Environmental Catalysts, LLC | | 05-44503 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 10. | Delphi Diesel Systems Corp. | 38-3505001 | 05-44612 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 11. | Delphi Medical Systems Colorado Corporation | 84-1524184 | 05-44507 | 4300 Road 18 Longmont, CO 80504 | October 8, 2005 |

7

| | Entity | Tax / Federal ID Number | Case Number | Address | Date Of Petition Filing |
|---|---|---|---|---|---|
| 12. | Delphi LLC | 37-1438255 | 05-44615 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 13. | Delphi Medical Systems Texas Corporation | 20-2885110 | 05-44511 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 14. | Aspire, Inc. | 36-4392806 | 05-44618 | U.S. Route 1 Morrisville, PA 19067 | October 8, 2005 |
| 15. | Delphi Medical Systems Corporation | 32-0052827 | 05-44529 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 16. | Delphi Integrated Service Solutions, Inc. | 38-3473261 | 05-44623 | 1322 Rankin Street Troy, MI 48083 | October 8, 2005 |
| 17. | Specialty Electronics International Ltd. | 66-0522490 | 05-44536 | 69A Kronprindsens Gade (Third Floor) P.O. Box 1858 St. Thomas, VI | October 8, 2005 |
| 18. | Delphi Connection Systems | 95-2563022 | 05-44624 | 17150 Von Karman Avenue Irvine, CA 92614 | October 8, 2005 |
| 19. | Specialty Electronics, Inc. | 57-0755068 | 05-44539 | 19200 Asheville Highway P.O. Box 519 Landrum, SC 29356 | October 8, 2005 |
| 20. | Packard Hughes Interconnect Company | 33-0595219 | 05-44626 | 17150 Von Karman Avenue Irvine, CA 92614-0901 | October 8, 2005 |
| 21. | Delphi Liquidation Holding Company | 95-4359324 | 05-44542 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 22. | DREAL, Inc. | 38-3457411 | 05-44627 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 23. | Delphi Electronics (Holding) LLC | 95-4554161 | 05-44547 | One Corporate Center Kokomo, IN 46904-9005 | October 8, 2005 |

| | Entity | Tax / Federal ID Number | Case Number | Address | Date Of Petition Filing |
|---|---|---|---|---|---|
| 24. | Delphi Automotive Systems Services LLC | 38-3568834 | 05-44632 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 25. | Delphi Technologies, Inc. | 38-3430681 | 05-44554 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 26. | Delphi Services Holding Corporation | 20-0577653 | 05-44633 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 27. | Delphi Automotive Systems Tennessee, Inc. | 38-3319836 | 05-44558 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 28. | Delphi Automotive Systems Global (Holding), Inc. | 38-3547659 | 05-44636 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 29. | Delphi Mechatronic Systems, Inc. | 38-3589834 | 05-44567 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 30. | Delphi Foreign Sales Corporation | 66-0564421 | 05-44638 | Chase Trade, Inc. Post Office Box 309420 55-11 Conacao Gade Charlotte Amalie St. Thomas, VI 00803-9420 | October 8, 2005 |
| 31. | Delphi Automotive Systems Risk Management Corp. | 38-3575299 | 05-44570 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 32. | Delphi Automotive Systems Human Resources LLC | 38-3547664 | 05-44639 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 33. | Exhaust Systems Corporation | 38-3211473 | 05-44573 | 4800 S. Saginaw Street Flint, MI 48501 | October 8, 2005 |
| 34. | Delphi Automotive Systems LLC | 38-3431131 | 05-44640 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |

| | Entity | Tax / Federal ID Number | Case Number | Address | Date Of Petition Filing |
|---|---|---|---|---|---|
| 35. | Delphi China LLC | 38-3196159 | 05-44577 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 36. | Delphi Furukawa Wiring Systems LLC | 20-2478586 | 05-47452 | 5725 Delphi Drive Troy, MI 48098-281 | October 14, 2005 |
| 37. | Delphi Automotive Systems Korea, Inc. | 38-2849490 | 05-44580 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 38. | Delphi Receivables LLC | 61-1446224 | 05-47459 | 5725 Delphi Drive Troy, MI 48098-2815 | October 14, 2005 |
| 39. | Delphi International Services, Inc. | 38-3439894 | 05-44583 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 40. | MobileAria, Inc. | 31-1695929 | 05-47474 | 800 West El Camino Real Suite 240 Mountain View, CA 94040 | October 14, 2005 |
| 41. | Delphi Automotive Systems Thailand, Inc. | 38-3379709 | 05-44586 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 42. | Delphi Automotive Systems International, Inc. | 38-3280289 | 05-44589 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |

**Exhibit B**

| **United States Bankruptcy Court __Southern__ District Of __New York__** | | **PROOF OF CLAIM** |
|---|---|---|
| Name of Debtor | Case Number | This Space For Court Use Only |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| Name and Address where notices should be sent: | ☐ Check box if you have never received any notices from the bankruptcy court in this case. |
| | ☐ Check box if the address differs from the address on the envelope sent to you by the court. |
| Telephone Number: | This Space For Court Use Only |

| Last four digits of account or other number by which creditor identifies debtor: | Check here ☐ replaces     if this claim ☐ amends  a previously filed claim dated: _____ |
|---|---|

**1. Basis for Claim**
☐ Goods Sold / Services Performed
☐ Customer Claim
☐ Taxes
☐ Money Loaned
☐ Personal Injury
☐ Other _____

| **2. Date debt was incurred:** | **3. If court judgment, date obtained:** |
|---|---|

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other_____
Value of Collateral $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority

Amount entitled to priority $_____

Specify the priority of the claim.
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).
* Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $_____

| _____ | _____ | _____ | _____ |
|---|---|---|---|
| (Unsecured) | (Secured) | (Priority) | (Total) |

☐Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| **6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim | This Space For Court Use Only |
|---|---|
| Date: | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |

*Penalty for presenting fraudulent claim:* Fine up to $500,000 or imprisonment for up to 5 years, or both.   18 U.S.C. §§ 152 and 3571

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## —— DEFINITIONS ——

### Debtor

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

### Secured Claim

A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim.*)

### Unsecured Claim

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

### Court, Name of Debtor, and Case Number:

Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

### Information about Creditor:

Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

### 1. Basis for Claim:

Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

### 2. Date Debt Incurred:

Fill in the date when the debt first was owed by the debtor.

### 3. Court Judgments:

If you have a court judgment for this debt, state the date the court entered the judgment.

### 4. Classification of Claim

#### Secured Claim:

Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

#### Unsecured Priority Claim:

Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

#### Unsecured Nonpriority Claim:

Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

### 5. Total Amount of Claim at Time Case Filed:

Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

### 6. Credits:

By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

### 7. Supporting Documents:

You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.