UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
|  | : | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION., *et al.*, | : |  |
|  | : | (Jointly Administered) |
| Debtors. | : |  |

------------------------------------------------------------------ X

### DECLARATION OF KEVIN F. ASHER IN SUPPORT OF APPLICATION OF DEBTORS FOR ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND 1107(b) AUTHORIZING THE EMPLOYMENT AND RETENTION OF ERNST & YOUNG LLP AS INDEPENDENT AUDITORS, ACCOUNTANTS AND TAX ADVISORS TO DEBTORS NUNC PRO TUNC TO JANUARY 1, 2006

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the *"Bankruptcy Rules"*), Kevin F. Asher, declares and states as follows:

1.      I am a partner in the firm of Ernst & Young LLP (*"E&Y"*).  I submit this Declaration on behalf of E&Y in support of the application (the *"Application"*) of Delphi Corporation (*"Delphi"*) and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively with Delphi, the *"Debtors"*), for an order pursuant to sections 327(a), 328(a) and 1107(b) of title 11 of the United States Code (the *"Bankruptcy Code"*) and Rule 2014 of the Bankrupty Rules authorizing the Debtors to employ and retain E&Y as their independent auditors, accountants and tax advisors to perform certain auditing, accounting and tax advisory services pursuant to the terms and conditions set forth in the engagement letters attached as **Exhibit 1 and 2 to the Application** for independent auditing services dated as of January 5, 2006 (the *"Audit Engagement Letter"*), and for certain tax advisory services dated as of March 16, 2006  (*"Master Tax Advisory Agreement,"* and,

17347255

collectively, the *"Engagement Letters"*) in these chapter 11 cases, effective *nunc pro tunc* to January 1, 2006.[1]

2.        On November 28, 2005, the Debtors filed an Application for Order Under 11 U.S.C. §§ 327(a), 328(a), and 1107(b) Authorizing Employment and Retention of Ernst & Young LLP as Sarbanes-Oxley, Valuation and Tax Services Providers to Debtors, Effective *Nunc Pro Tunc* to October 8, 2005 (the *"Initial Application"*).  The Initial Application sought the Court's authorization of the Debtors' employment of E&Y to perform certain Sarbanes-Oxley, valuation and tax services in accordance with the terms of four engagement letters attached as Exhibits A, B, C and D to the Initial Application (the *"Prior Engagement Letters"*).  On January 5, 2006, the Court entered an order approving the Initial Application on a final basis *nunc pro tunc* to the Debtors' petition date, October 8, 2005 (the *"Retention Order"*).

3.        The Initial Application was supported by the Affidavit of Randall J. Miller, sworn to November 28, 2005 (the *"Miller Affidavit"*).  The Miller Affidavit stated that E&Y and the Debtors had been engaged in discussions regarding the potential engagement of E&Y to provide external auditing services for the Debtors, and that in the event the Debtors chose to retain E&Y to provide such services, E&Y's retention and employment as external auditors would be subject to supplemental filings by the Debtors and E&Y and the approval of the Court (Miller Aff., at ¶ 47).  This Declaration supplements the Miller Affidavit, and the Miller Affidavit is incorporated herein by reference.

4.        E&Y completed all of the services under the Prior Engagement Letters on or before December 16, 2005.  On December 29, 2005, E&Y provided to the Debtors formal notice of termination of the Prior Engagement Letters.  All of the services provided under the Prior

---

[1]        Unless otherwise defined, all capitalized terms used herein have the meanings given to them in the Application.

17347255

Engagement Letters involved the review of, advice with respect to, and assistance in assessing and testing the internal controls over financial reporting and tax services as applied to transactions and events during 2005. E&Y has not been involved and will not be involved in providing any such services during 2006 and will only provide services during 2006 that are consistent with maintaining its independence as required and in accordance with the rules and regulations of the Securities and Exchange Commission and the Public Company Accounting Oversight Board (PCAOB) (the "Applicable Rules and Regulations"), including the prohibition on E&Y reviewing E&Y's own work under the Prior Engagement Letters.

5.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information and belief; information supplied to me by other employees of E&Y; information learned from client-matter records kept in the ordinary course of business that were reviewed by me or other employees of E&Y under my supervision and direction; my experience and knowledge of the Debtors' operations and financial condition; and/or my experience from working on matters similar to this engagement. If called as a witness, I would testify competently to the matters set forth herein.

## QUALIFICATION OF PROFESSIONALS

6.      E&Y and the professionals that it employs are qualified to represent the Debtors in the matters for which E&Y is proposed to be employed. E&Y believes that it has assembled a highly qualified, dedicated team of professionals to support the Debtors during their reorganization efforts pursuant to the terms and conditions of the Engagement Letters.

7.      I believe that the retention of E&Y offers numerous benefits to the Debtors and their ability to reorganize based on E&Y's depth and breadth of experience with Tier 1

3

automotive suppliers as well as their experience with companies involved in reorganization proceedings.

8.     The provision of tax services to an audit client is permitted by PCAOB, Sarbanes-Oxley and SEC rules and regulations.  Ernst & Young will not provide any tax services to the Debtors until those services have been approved by the Company's audit committee.

<u>SERVICES TO BE RENDERED</u>

9.     The Debtors have requested that E&Y render certain independent auditing, accounting and auditing assistance, and tax services during the pendency of these Chapter 11 cases.  E&Y has agreed to provide such services, as set forth in further detail in the Engagement Letters (the *"Services"*), to the Debtors during the pendency of these Chapter 11 cases, subject to this Court's approval of the Application:

### I.   Audit Services.

a.   Perform an audit of Delphi Corporation and its affiliates' (collectively, the *"Company"*) consolidated financial statements and its internal control over financial reporting (the *"Integrated Audit"*).  As part of the Integrated Audit, E&Y will audit and report on the consolidated financial statements of the Company for the year ending December 31, 2006.  E&Y will also audit and report on management's assessment of the effectiveness of internal control over financial reporting and on the effectiveness of internal control over financial reporting as of December 31, 2006.  In addition, E&Y will review the Company's unaudited interim financial information before the Company files its Form 10-Q.  All of the services described in this paragraph may hereafter be referred to as "Audit Services."

### II.   Additional Accounting Advisory Services.

b.   Provide accounting advisory and research services in connection with various accounting matters, including consultations required for significant proposed or executed transactions; continuing education support; assistance with and review of registration statements, comfort letters and consents; information technology internal controls; and services related to mergers, acquisitions, and divestitures, which services may include carve-out audits of one or more business units and which may, with Delphi's consent, be provided by one of our Ernst & Young

4

Global Limited ("*EYGL*")[2] member firms.  Additionally, as and when requested by the Company, E&Y may perform additional audit procedures with respect to any financial statements of a consolidated or non-consolidated affiliate of Delphi which are required to be filed with Delphi's annual report on Form 10-K pursuant to Article 3-09 of Regulation S-X of the Securities and Exchange Act of 1934, as amended, or otherwise.  E&Y will also provide services to audit the accounts, transactions and disclosures associated with the Company operating under Chapter 11 of the Bankruptcy Code.  All of the services described in this paragraph may hereafter be referred to as "Additional Accounting Advisory Services."

### III. Bankruptcy Tax Services.

c. Perform mutually agreed bankruptcy tax services on an as-requested basis by the Company, including the following (all of which services may hereafter be referred to as *"Bankruptcy Tax Services"*):

- Advise and assist on the federal, state and local income tax consequences of proposed plans of reorganization, including, if necessary, assisting in the preparation of IRS ruling requests regarding the tax consequences of alternative reorganization structures.

- Prepare calculations and apply the appropriate federal, state and local tax law to historic information regarding changes in ownership of the Company's stock to calculate whether any of the shifts in stock ownership may have caused an ownership change that will restrict the use of tax attributes (such as net operating loss, capital loss, credit carry forwards, and build in losses) and the amount of any such limitation.

- Through analysis of the information contained in historic tax returns and other relevant client records and application of relevant consolidated tax return rules, prepare calculations and apply the appropriate federal, state and local tax law to determine the tax asset and stock basis and deferred inter-company transactions and other consolidated return issues for each legal entity in the client's U.S. tax group.  Identify major deferred inter-company transaction, excess loss accounts, etc.

---

[2]     The Ernst & Young global network encompasses independent professional services practices conducted by separate legal entities throughout the world.  All of these practice entities join the Ernst & Young network by becoming members (each, an *"EYGL Member Firm"*) of Ernst & Young Global Limited (EYGL), a company incorporated under the laws of England and Wales and limited by guarantee, with no shareholders and no capital.  EYGL is the principal governance entity of the Ernst & Young network.  Each EYGL Member Firm is a separate legal entity that is separately owned and managed.  Through their membership in EYGL, the EYGL member firms undertake to operate certain of their professional practices in accordance with agreed standards and the guidance of EYGL.  In addition, EYGL member firms share access to certain intellectual property and centrally licensed materials, including the Ernst & Young name.  E&Y and Ernst & Young (Canada) are members of EYGL.

17347255

- Prepare calculations and apply the appropriate federal, state and local tax law to determine the amount of tax attribute reduction related to debt cancellation income.

- Analysis of the federal, state and local tax treatment governing the timing of deductions of plant shut down, severance and other costs incurred as the client rationalizes its operations including tax return disclosure and presentation.

- Analysis of the federal, state and local tax treatment of the costs and fees incurred by the client in connection with the bankruptcy proceedings, including tax return disclosure and presentation.

- Analysis of the federal, state and local tax treatment of interest and financing costs related to debt subject to the automatic stay, and new debt incurred as the client emerges from bankruptcy including tax return disclosure and presentation.

- Analysis of the federal, state and local tax consequences of restructuring and rationalization of inter-company accounts.

- Analysis of the federal, state and local tax consequences of proposed dispositions of assets during bankruptcy including tax return disclosure and presentation.

- Analysis of the federal, state and local tax consequences of restructuring the U.S. or worldwide corporate groups during bankruptcy including tax return disclosure and presentation.

- Analysis of the federal, state and local tax consequences of potential bad debt and worthless stock deductions including tax return disclosure and presentation.

- Analysis of the federal, state and local tax consequences of employee benefit plans.

**IV.  Other Tax Advisory Services.**

d.  Provide to the Company tax advice and assistance concerning issues as requested by the Company's tax department such as assistance with tax issues, assistance with transactional issues, or assisting the Company in connection with its dealings with tax authorities (all of the services described in this paragraph may hereafter be referred to as *"Other Tax Advisory Services"*).

10.   Performance Consistent with Applicable Rules and Regulations, Audit Committee

Pre-Approval and Maintenance of Independence:   E&Y will perform the Services consistent with

6

17347255

the Applicable Rules and Regulations. All services to be provided by E&Y to the Company which are not specifically contemplated by the Engagement Letters and Addendums attached thereto, must be pre-approved by Delphi's Audit Committee pursuant to the Audit Committee's pre-approval process, policies, and procedures and no services may be provided which adversely impact E&Y's ability to satisfy the independence standards of the Applicable Rules and Regulations. E&Y is required to communicate annually with the Audit Committee on independence matters as required by such independence standards.

11.     E&Y will provide the Audit Services and Additional Accounting Advisory Services under the Audit Engagement Letter to Delphi and its U.S. subsidiaries and affiliates which are Debtors in these Chapter 11 cases (the *"U.S. Debtors"*).

12.     Delphi's foreign subsidiaries and affiliates which are Debtors in these Chapter 11 cases (the *"Foreign Debtors"*) may seek to retain and employ the local EYGL Member Firms from the respective countries where such Foreign Debtors are located to perform certain services, which services may include, without limitation, statutory audit services. Those services will be provided under engagement letters which are separate and distinct from the Audit Engagement Letter. The Foreign Debtors will seek such retention either (i) pursuant to Sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, or (ii) under a subcontracting arrangement substantially the same as that approved for E&Y's retention as Sarbanes-Oxley, valuation and tax services providers under the Retention Order (see paragraph 24 below). If E&Y subcontracts to an EYGL Member Firm, E&Y will supplement this Declaration to set forth the nature of the services to be provided under the sub-contracting arrangement.

13.     Certain EYGL Member Firms other than E&Y will provide services to certain of Delphi's foreign subsidiaries and affiliates which are not Debtors in these Chapter 11 cases (the

7

"*Foreign Non-Debtors*").    Such services may include, without limitation, statutory audit services, which will be provided under engagement letters separate and distinct from the Audit Engagement Letter.    Because the Foreign Non-Debtors are not debtors or debtors-in-possession in U.S. Chapter 11 proceedings, neither E&Y nor the respective EYGL Member Firms will seek Court approval for these engagements.

PROFESSIONAL COMPENSATION

14.    Subject to this Court's approval and pursuant to the terms and conditions of the Engagement Letters, E&Y intends to charge the Debtors for services rendered, as set forth below, plus reimbursement of actual expenses.

**Audit Services**

15.    E&Y's fixed domestic fee for the Audit Services (the "*Domestic Fixed Fee*") will be $7,500,000, plus expenses.    The Debtors and E&Y have agreed that E&Y may bill the estates for these services in accordance with the following schedule:

| Date | Amount |
|------|--------|
| March 2006 | $ 3,000,000 |
| August 2006 | $ 3,000,000 |
| January 2007 | $ 1,500,000 |

16.    With respect to the Audit Services, E&Y's estimated fees and schedule of performance are based upon, among other things, E&Y's preliminary review of the Company's records and the representations Company personnel have made to E&Y, the Company's documentation of internal control over financial reporting, the procedures the Company performs

17347255

to support management's assessment of the effectiveness of internal control over financial reporting, and the results of our audit procedures.  E&Y's fee estimate does not include any fees associated with Additional Accounting Advisory Services.   E&Y's fee and schedule of performance also are dependent upon the Company's personnel providing a reasonable level of assistance during the Integrated Audit.  Should E&Y's assumptions with respect to these matters be incorrect or should the documentation of internal control, results of E&Y's procedures, condition of the records, degree of cooperation, extent of procedures performed by the Company to support management's assessment, extent of remediation testing related to ineffective internal controls or other matters beyond E&Y's reasonable control require additional commitments by E&Y beyond those upon which the Domestic Fixed Fee is based, E&Y will bill for this time at the rates and in the manner set forth below with respect to the Additional Accounting Advisory Services.

**Additional Accounting Advisory Services**

17.    Fees for the Additional Accounting Advisory Services shall be based on its hourly rates for such services, which are currently as follows:

| Level | Hourly Rate |
|---|---|
| Partner | $ 525 – 750 |
| Senior Manager | $ 400 – 625 |
| Manager | $ 300 – 470 |
| Senior | $ 220 – 375 |
| Staff | $125 – 200 |
| Client Service Associate | $75 – 125 |

17347255

**Bankruptcy Tax Services and Other Tax Advisory Services**

18.    Fees for the Bankruptcy Tax Services and Other Tax Advisory Services shall be based on its hourly rates for such services, which are currently as follows:

| Level | Hourly Rate |
|-------|-------------|
| Partner/Principal/Executive Director | $ 650 - $750 |
| Senior Manager | $ 550 – 650 |
| Manager | $ 500 – 600 |
| Senior | $ 400 – 500 |
| Staff | $ 200 – 300 |

19.    E&Y's hourly rates are revised periodically in the ordinary course of E&Y's business.  E&Y requests that the hourly rates for the Additional Accounting Advisory Services under the Audit Engagement Letter be adjusted on January 1st, annually, beginning January 1, 2007, based on E&Y's revised standard rates.  E&Y requests that the hourly rates for the Bankruptcy Tax Services and Other Tax Advisory Services under the Master Tax Advisory Agreement be adjusted on July 1st, annually, beginning July 1, 2007, based on E&Y's revised standard rates.

20.    E&Y intends to apply to the Court for allowance and payment of compensation for professional services rendered and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the Southern District of New York, the guidelines established by the U.S. Trustee, the orders of this Court, and the terms of the Engagement Letters.

17347255

<u>OTHER TERMS AND CONDITIONS OF THE ENGAGEMENT LETTERS</u>

21.    Copies of the Engagement Letters are attached to the Application and are submitted for approval therewith.  E&Y's provision of services to the Debtors is contingent upon the Court's approval of each term and condition set forth in the Engagement Letters.

<u>Termination</u>

22.    Under the Engagement Letters the Debtors or E&Y may terminate the engagements thereunder at any time, provided, however, that the terminating party shall notify the other and shall provide the Court, the United States Trustee's Office, the Creditors' Committee and the Fee Review Committee (if any) with three (3) business days' notice of termination.  In any event the Engagement Letters will expire upon the earlier of the completion of the services to be rendered by E&Y thereunder or the effective date of the Debtors' confirmed plan of reorganization, or liquidation of the Debtors' assets under Chapter 11 or 7 of the Bankruptcy Code, or otherwise.  The (A) provisions of the Audit Engagement Letter relating to fees and expenses and alternative dispute resolution and (B) provisions of the Master Tax Advisory Agreement relating to indemnification, limitation of liability, fees and expenses and alternative dispute resolution will remain operative and in full force and effect regardless of any termination or expiration of such Engagement Letter and shall survive completion of the Debtors' bankruptcy whether through a confirmed plan of reorganization, liquidation of the Debtors' assets under Chapter 11 or 7 of the Bankruptcy Code, or otherwise.

17347255

Dispute Resolution

23.     Each of the Engagement Letters contain dispute resolution provisions which are substantially the same as the provisions contained in the engagement letters previously approved by the Retention Order. Included among the terms and conditions set forth in the Audit Engagement Letter and Master Tax Advisory Agreement is language substantially similar to the following:

> Any controversy or claim with respect to, in connection with arising out of, or in any way related to this Agreement or the Services provided hereunder (including any such matter involving any parent, subsidiary, affiliate, successor in interest or agent of the Company or of E & Y) shall be brought in the Bankruptcy Court, or the District Court if such District Court withdraws the reference and the parties to this Agreement, and any and all successors and assigns thereof, consent to the jurisdiction and venue of such court as the sole exclusive forum (unless such court does not have jurisdiction and venue of such claims or controversies) for the resolution of such claims, causes of action or lawsuits.  The parties to this Agreement, and any and all successors and assigns thereof, hereby waive trial by jury, such waiver being informed and freely made.  If the Bankruptcy Court, or the District Court upon withdrawal of the reference does not have or retain jurisdiction over the foregoing claims or controversies, the parties to this Agreement and any and all successors and assigns thereof, agree to submit first to non-binding mediation; and, if mediation is not successful, then to binding arbitration [with respect to the Audit Engagement Letter, in Detroit, Michigan], in accordance with the dispute resolution procedures set forth in [Exhibit B to the Master Tax Services Engagement Letter; Exhibit C under the Audit Engagement Letter] to this Agreement.  Judgment on any arbitration award may be entered in any court having proper jurisdiction.  The foregoing is binding upon the Company, E & Y and any all successors and assigns thereof.

The Audit Engagement Letter provides further that notwithstanding the agreement to the procedures above, either party may seek injunctive relief to enforce its rights with respect to the use or protection of (i) its confidential or proprietary information or material, (ii) its names, trademarks, service marks or logos and (iii) the enforcement of the notice provisions set forth in the Audit Engagement Letter.

17347255

Subcontracting

24.    The Engagement Letters contain the following language, which is substantially similar to provisions previously provided for under the Prior Engagement Letter for Sarbanes-Oxley services as set forth in paragraphs 20 and 21 of the Miller Affidavit:

> E&Y may subcontract a portion of its responsibilities under this Agreement without Company's prior written approval to any affiliate of E&Y, any other member of the global E&Y network or any of their respective affiliates (collectively, the "E&Y Entities," and any of them, and "E&Y Entity"); provided, however, that E&Y shall be and shall remain fully and solely responsible for all of the liabilities and obligations of E&Y under this Agreement, whether or not performed, in whole or part, by E&Y, or any subcontractor or personnel of any E&Y Entity. The Company shall have no recourse, and shall bring no claim, against any E&Y Entity other than E&Y, or against any subcontractors, members, shareholder, directors, officers, managers, partners, agents, representatives or employees of any E&Y Entity (or any of their respective successors or permitted assigns,) or any of their respective assets, with respect to the Services or otherwise under this Agreement.

25.    The Application seeks an order approving the retention and employment of E&Y in accordance with the terms and conditions of the Engagement Letters, which include the above dispute resolution provisions.


## DISINTERESTEDNESS OF E&Y

26.    As described in paragraphs 24-49 of the Miller Affidavit, in connection with the Initial Application, Shearman & Sterling, special counsel to the Debtors, provided E&Y with a suggested list of the names of all parties-in-interest and supplemented such list from time to time, and E&Y searched certain databases to determine whether E&Y has connections with such parties-in-interest. The results of E&Y's connections research are set forth in paragraphs 24 to 49 of the Miller Affidavit and Exhibits B through E thereto. On March 16, 2006, E&Y received an updated parties-in-interest list from Debtors' counsel, attached hereto as Exhibit A, and E&Y is presently researching whether E&Y has connections with any of these parties-in-interest.

13

E&Y reviews its connections research on a continuing basis, usually every six months, and will undertake further inquiries to determine whether connections exist with parties-in-interest in these cases. Should additional relationships with parties in interest become known to E&Y, E&Y shall file supplemental affidavits disclosing such connections with the Court.

27.     As discussed above, E&Y completed all of the services pursuant to the Retention Order on or before December 16, 2005, and no further work is remaining. On December 29, 2005, E&Y provided to the Debtors formal notice of termination of the Prior Engagement Letters. All of the services provided under the Prior Engagement Letters involved the review of, advice with respect to, and assistance in assessing and testing the internal controls over financial reporting and tax services as applied to transactions and events during 2005. E&Y has not been involved and will not be involved in providing any such services during 2006 and will only provide services during 2006 that are consistent with maintaining its independence as required and in accordance with the Applicable Rules and Regulations, including prohibition on E&Y reviewing E&Y's own work under the Prior Engagement Letters. E&Y's engagement period for the Audit Services and Additional Audit Advisory Services begins on January 1, 2006. As such, with respect to the Audit Services or Additional Audit Advisory Services, E&Y will not be auditing transactions or controls that were performed in connection with work performed under the Prior Engagement Letters. Both E&Y and the Debtors have performed comprehensive independence reviews prior to the commencement of the Audit Services. E&Y's independence review was consistent with SEC rules and the Independence Standard Board No. 1 requirements.

28.     E&Y has thousands of professional employees, and it is possible that certain employees of E&Y have business associations with parties-in-interest in these cases or hold securities of Debtors or interests in mutual funds or other investment vehicles that may own

14

securities of the Debtors.  To the best of my knowledge, none of the E&Y personnel expected to provide services to Delphi under this engagement own securities of Delphi.  Furthermore, E&Y has implemented measures to prevent any personnel with stock-ownership from being engaged in the future in these engagements.

29.    To the best of my knowledge, information and belief, neither the undersigned nor the professionals anticipated to assist the Debtors in these matters are connected to the judge, U.S. Trustee or assistant U.S. Trustee assigned to this matter.

30.    Recently, E&Y was informed that "Purchaser C," one of the entities for whom E&Y provided financial and/or tax due diligence in connection with possible acquisitions of certain domestic or foreign affiliates of Delphi (*"Due Diligence Services"*), requested that E&Y continue providing Due Diligence Services related to the auction of a division of Delphi under the same project.  E&Y specifically disclosed this project in paragraph 39(c) of the Miller Affidavit, and indicated that the engagement was not closed and E&Y may be requested to provide further due diligence services to Purchaser C.  For the reasons set forth in paragraph 40 of the Miller Affidavit, I do not believe that this engagement renders E&Y's provision of audit, accounting or tax services adverse to interests of the Debtors or their estates.

31.    To the best of my knowledge, information and belief formed after reasonable inquiry, E&Y does not hold nor represent any interest materially adverse to the Debtors in the matters for which E&Y's employment and retention is proposed to be approved.  Furthermore, E&Y will not accept any engagement that would require E&Y to represent an interest materially adverse to the Debtors.  The proposed employment of E&Y is not prohibited by or improper under Bankruptcy Rule 5002.  Accordingly, I believe E&Y is eligible to provide the additional services set forth in the Engagement Letters to the Debtors under the Bankruptcy Code.

17347255

32.  Despite the efforts described above and in the Miller Affidavit to identify and disclose connections with parties in interest in these chapter 11 cases, because the Debtors are a large enterprise with numerous creditors and other relationships, E&Y is unable to state with certainty that every client representation or other connection of E&Y has been disclosed.  In this regard, if E&Y discovers additional information that requires disclosure, E&Y will file supplemental disclosures with the Court as promptly as possible.

By: _____

Name:  Kevin F. Asher
Title:  Partner

[Seal]

Sworn to before me on
this 17 day of March, 2006

Michele M Bruno
Notary Public

[Name]
[State]
My Commission Expires: [    ]

MICHELE M. BRUNO
NOTARY PUBLIC OAKLAND CO., MI
MY COMMISSION EXPIRES April 22, 2008

16

17347255

**EXHIBIT A**

XX.    Objecting/Adverse Parties/Postpetition Parties

2173.    A. Schulman, Inc.
2174.    Ai--Doraville, LLC
2175.    Ai-Genesee, LLC
2176.    Autocam Corporation
2177.    Avenue Capital Group
2178.    Benteler Automotive Corp.
2179.    Concordia Advisors LLC
2180.    Cyrus Capital Partners
2181.    D.C. Capital Partners, L.P.
2182.    D.E. Shaw and Co.
2183.    DK Acquisition Partners LP
2184.    DOTT Industries, Inc.
2185.    Duraswitch Industries Inc.
2186.    Elliot & Associates
2187.    Flextronics Technology (M) SDN. BHD
2188.    Fujikura America, Inc.
2189.    Gibbs Die Casting Corporation
2190.    Kensington International Limited
2191.    L&W Engineering Co.
2192.    Lakeside Plastics Limited
2193.    Latigo Partners, LP
2194.    Longacre Fund Management LLC
2195.    Lorentson Manufacturing Company, Inc.
2196.    Mercedes-Benz International, Inc.
2197.    Multek Flexible Circuits, Inc.
2198.    National Molding Corp.
2199.    Neuman Aluminum
2200.    Northfield Acquisition Co.
2201.    Omega Tool Corp.
2202.    Osran Opto Semiconductors Inc.
2203.    Pension Benefit Guaranty Corporation
2204.    Pentastar Aviation, LLC
2205.    Pioneer Automotive Technologies, Inc.
2206.    SBC Communications Inc.
2207.    Security Plastics Division, NMC, LLC
2208.    Sheldahl de Mexico S.A. de C.V.
2209.    Southtec, LLC
2210.    Springfield Associates LLC
2211.    Venture Plastics, Inc.
2212.    Wilmington Trust Company
2213.    Worthington Steel Company
2214.    XM Satellite Radio, Inc.
2215.    Alcan Rolled Products-Ravenswood,
LLC
2216.    Baker Hughes Incorporated
2217.    Baker Petrolite Corporation
2218.    BASF Corporation
2219.    Datwyler Inc.
2220.    Detroit Heading, LLC
2221.    GKN Sinter Metals, Inc.
2222.    Greer Stop Nut, Inc.
2223.    Hexcel Corporation
2224.    Hydro Aluminum
2225.    INA USA, Inc.
2226.    JAE Electronics
2227.    Kelsey-Hayes Company
2228.    Koyo Corporation
2229.    LBQ Foundry S.A. de C.V.
2230.    Le Belier
2231.    March Coatings, Inc.
2232.    Miniature Precision Components
2233.    NSS Technologies, Inc.
2234.    Public Employee's Retirement System
of Mississippi
2235.    Quasar Industries, Inc.
2236.    Raiffeisen Kapitalanlage-Gesellschaft
m.b.H.
2237.    Roater Coaters International, Inc.
2238.    Robin Industries, Inc.

2239.    Rothrist Tube (USA) Inc.
2240.    S & Z Tool & Die, Inc.
2241.    Saturn Electronics
2242.    Serigraph, Inc.
2243.    Serma Coat Limited Liability Co.
2244.    Southwire Company
2245.    SPS Technologies Waterford Company
2246.    SPS Technologies, LLC
2247.    Stichting Pensioenfonds ABP
2248.    Sumitomo Corporation of America
2249.    Teacher's Retirement System of
Oklahoma
2250.    TRW Canada Limited
2251.    TRW Electronica Ensambles S.A. de
C.V.
2252.    TRW Vehicle Safety Systems, Inc.
2253.    Valeo Climate Control Corp.
2254.    Wamco, Inc.
2255.    Wren Industries, Inc.
2256.    Alicia M. Leonhard
2257.    Avon Automotive
2258.    Barnes Group Inc.
2259.    BEI Sensors & Systems Company
2260.    BEI Technologies, Inc.
2261.    Cadillac Rubber & Plastic
2262.    Castrol Industrial North America Inc.
2263.    Daewoo International (America) Corp.
2264.    Hitachi Magnetics Corporation
2265.    Hoover Precision Products, Inc.
2266.    Motion Industries, Inc.
2267.    OSRAM Opto Semiconductors Inc.
2268.    Penn United Technology
2269.    Pridgeon & Clay, Inc.
2270.    Sojitz Corporation of America
2271.    Sony Electronics, Inc.
2272.    Trans Tron, Ltd., Inc.
2273.    Trans-Matic Mfg. Co., Inc.
2274.    Wellman, Inc.
2275.    Pullman Bank and Trust Company
2276.    Behr Industries Corporation
2277.    Eclipse Tool & Die, Inc.
2278.    Huntsville Radio Service, Inc.
2279.    MacAuto USA, Inc.
2280.    Specmo Enterprises
2281.    Susan M. Buttitta
2282.    The Lee Company
2283.    Tricon Industries, Inc.
2284.    CSX Transporation, Inc.
2285.    AMR Industries
2286.    Appaloosa Management L.P.
2287.    Earl Washington
2288.    ENTEK International, LLC
2289.    ESPEC North America, Inc.
2290.    Jon C. Cox
2291.    JST Manufacturing Co., Ltd.
2292.    Lafonza Earl Washington
2293.    Law Debenture Trust Company Of New
York
2294.    Morrie Wayne Henry
2295.    Proto Manufacturing
2296.    Rafael De Paoli
2297.    Schmidt Technology GmbH
2298.    Sensus Precision Die Casting, Inc.
2299.    Thermo NITON Analyzers LLC
2300.    Cascade Die Casting Group, Inc.
2301.    Cherokee North Kansas City, LLC
2302.    Deutsch Dagan Ltd.
2303.    Martin L. Shannon Shaw
2304.    Flow Dry Technology Ltd.
2305.    Yoder Industries Inc.

2306. Master Products Inc.

XXI. Master Service List and 2002 List

2307. Airgas, Inc.
2308. Aluminum International, Inc.
2309. APL Co. Pte Ltd.
2310. Armada Rubber Manufacturing Company
2311. Bank of Lincolnwood
2312. Bartech Group, Inc.
2313. Brown Rudnick Berlack Israels LLP
2314. Brush Engineered Materials
2315. Calsonic Kansei North America, Inc.
2316. Cameron County, Brownsville ISD
2317. Capro, Ltd.
2318. Cerberus Capital Management, L.P.
2319. Chromalloy Gas Turbine Corporation
2320. Cohen Weiss & Simon
2321. Coherent, Inc.
2322. Compuware Corporation
2323. Conceria Pasubio
2324. Contrarian Capital Management, L.L.C.
2325. CoorsTek, Inc.
2326. Curtis, Mallet-Prevost, Colt & Mosle LLP
2327. Daishinku (America) Corp.
2328. Dallas County
2329. Davis Polk & Wardwell
2330. Eikenberry & Associates, Inc.
2331. Federal Express Corporation
2332. Fischer Automotive Systems
2333. Floyd Manufacturing Co., Inc.
2334. Fortune Plastics Company
2335. Hewitt Tool & Die, Inc.
2336. Hodgson Russ LLP
2337. Honigman Miller Schwartz & Cohen LLP
2338. Industrial Ceramics Corporation
2339. Internal Revenue Service
2340. Jefferies & Company, Inc.
2341. KDS America
2342. Kramer Levin Naftalis & Frankel LLP
2343. Kurtzman Carson Consultants
2344. Latham & Watkins LLP
2345. Linear Technology Corporation
2346. Mays Chemical Company
2347. McDermott Will & Emery LLP
2348. McTigue Law Firm
2349. MEMC Electronic Materials, Inc.
2350. Millwood, Inc.
2351. Morrison Cohen LLP
2352. Motorola Semiconductor Systems
2353. National City Commercial Capital Association
2354. New Jersey Self-Insurers Guaranty Association
2355. Northeast Regional Office of Securities and Exchange Commission
2356. Pacific Gas Turbine Center, LLC
2357. Penske Truck Leasing Co., L.P.
2358. Phillips Nizer LLP
2359. Priority Health
2360. QAD, Inc.
2361. Quadrangle Debt Recovery Advisors, LLC
2362. Quadrangle Group LLC
2363. Quaker Chemical Corporation
2364. Rassini, S.A. de C.V.
2365. Relco, Inc.
2366. Sanders Lead Co.
2367. SANLUIS Rassini International, Inc.
2368. Seyfarth Shaw LLP
2369. Simpson Thatcher & Bartlett LLP

2370. Solectron Corporation
2371. Solectron Invotronics
2372. Spencer Fane Britt & Browne LLP
2373. Stevens & Lee, P.C.
2374. Tarrant County
2375. Teleflex Automotive Manufacturing Corporation
2376. Teleflex Incorporated
2377. Teleflex Morse (Capro)
2378. The Durham Companies, Inc.
2379. Thermotech Company
2380. Thyssenkrupp Stahl Company
2381. Thyssenkrupp Waupaca, Inc.
2382. Togut, Segal & Segal LLP
2383. Tonolli Canada Ltd.
2384. Toyota Tsusho America, Inc.
2385. Tyz-All Plastics, Inc.
2386. Universal Metal Hose, Co.
2387. UPS Supply Chain Solutions, Inc.
2388. V.J. ElectroniX, Inc.
2389. Veritas Software Corporation
2390. VJ Technologies, Inc.
2391. Wako Electronics (USA), Inc.
2392. Ward Products, LLC
2393. Warner Stevens, L.L.P.
2394. Weil, Gotshal & Manges LLP
2395. Worker's Compensation Agency
2396. 975 Opdyke, L.P.
2397. Adell Plastics, Inc.
2398. America Online, Inc.
2399. American Aikoku Alpha, Inc.
2400. American Finance Group, Inc.
2401. AP Racing
2402. APS Clearing
2403. ATS Automation Tooling Systems, Inc.
2404. Averitt Express, Inc.
2405. Batesville Tool & Die
2406. Bibielle S.p.A.
2407. Bing Metals Group, Inc.
2408. Brazeway, Inc.
2409. Brembo S.p.A.
2410. Brighton Limited Partnership
2411. Canon U.S.A. Inc.
2412. Chicago Miniature Optoelectronic Technologies, Inc.
2413. Computer Patent Annuities Limited Partnership
2414. Cornell University
2415. Crown Enterprises, Inc.
2416. Dayton Supply & Tool Company
2417. Diemolding Corporation
2418. D-J, Inc.
2419. Doosan Infracore America Corp.
2420. DPS Information Services, Inc.
2421. Economy Transport, Inc.
2422. Emhart Technologies LLL
2423. Etkin Equities, Inc.
2424. Excel Global Logistics, Inc.
2425. FCI Connect, Inc.
2426. Flextech, Inc.
2427. Foster Electric USA, Inc.
2428. General Chemical Performance Products LLC
2429. Gentral Transport International, Inc.
2430. Grote Industries
2431. Guaranty Capital Corporation
2432. GW Plastics, Inc.
2433. Hosiden American Corporation
2434. IBJTC Business Credit Corporation
2435. ICX Corporation

| | | | | |
|---|---|---|---|---|
| 2436. | Ideal Tool Company, Inc. | | 2504. | UGS Corporation |
| 2437. | ITT Industries, Inc. | | 2505. | Umicore Autocat Canada Corporation |
| 2438. | ITW Mortgage Investments IV, Inc. | | 2506. | United Power, Inc. |
| 2439. | Jiffy-Tite Co., Inc. | | 2507. | Universal Am-Can, Ltd. |
| 2440. | Jon Ballin | | 2508. | Universal Truckload Services, Inc. |
| 2441. | Kamax L.P. | | 2509. | Vibracoustic de Mexico, S.A. de C.V. |
| 2442. | Kuss Corporation | | 2510. | Victory Packaging |
| 2443. | Lankfer Diversified Industries, Inc. | | 2511. | WL. Ross & Co., LLC |
| 2444. | Logistics Insight Corp (LINC) | | 2512. | ZF Group North America Operations, |
| 2445. | Madison Capital Management | Inc. | | |
| 2446. | Maquilas Teta Kawi, S.A. de C.V. | | | |
| 2447. | Marquardt GmbH | | | SUPPLEMENTAL LISTS RUN |
| 2448. | Marquardt Switches, Inc. | | | |
| 2449. | Marshall E. Campbell Company | XXII. | | SDNY Judges and US Trustees |
| 2450. | McAlpin Industries, Inc. | | 2513. | Adlai S. Hardin |
| 2451. | MeadWestvaco Corporation | | 2514. | Allan L. Gropper |
| 2452. | Metal Surfaces, Inc. | | 2515. | Arthur J. Gonzalez |
| 2453. | Metro Fibres, Inc. | | 2516. | Burton R. Lifland |
| 2454. | Miami-Dade County | | 2517. | Cecelia G. Morris |
| 2455. | Michigan Heritage Bank | | 2518. | Deirdre A. Martini |
| 2456. | Milwaukee Investment Company | | 2519. | Elizabeth J. Austin |
| 2457. | Moody's Investors Service | | 2520. | James M. Peck |
| 2458. | National Instruments Corporation | | 2521. | Mary Elizabeth Tom |
| 2459. | NDK America, Inc. | | 2522. | Prudence C. Beatty |
| 2460. | NDK Crystal, Inc. | | 2523. | Robert D. Drain |
| 2461. | Nichicon (America) Corporation | | 2524. | Robert E. Gerber |
| 2462. | Noma Company | | 2525. | Stuart M. Bernstein |
| 2463. | Norsk Hydro Canada, Inc. | | 2526. | Tracy Hope Davis |
| 2464. | Nova Chemicals, Inc. | | | |
| 2465. | Oasis SiliconSystems AG | XXIII. | | Additional Parties |
| 2466. | Offshore International, Inc. | | 2527. | A/C Holdings Investments |
| 2467. | Oki Semiconductor Company | | 2528. | Aramark Services, Inc. |
| 2468. | Optrex America, Inc. | | 2529. | Jefferies & Company, Inc. (Rerun) |
| 2469. | Oracle Credit Corporation | | 2530. | Paul Hastings Janofsky & Walker LLP |
| 2470. | Oracle USA, Inc. | | 2531. | Pension Benefit Guaranty Corporation |
| 2471. | Orbotech, Inc. | | 2532. | Entergy Services, Inc. |
| 2472. | Parlex Corporation | | 2533. | Gene T. Moore |
| 2473. | PIA Group | | 2534. | Iron Mountain Information Management, |
| 2474. | Pillarhouse (U.S.A.), Inc. | Inc. | | |
| 2475. | Precision Mold and Tool Group | | 2535. | Liam P. O'Neill |
| 2476. | Prince George County, Maryland | | 2536. | Robert Backie |
| 2477. | Professional Technologies Services | | | |
| 2478. | Reliable Castings | XXIV. | | Additional 2002 Parties |
| 2479. | RF Monolithics, Inc. | | 2537. | AMEC Earth & Environmental, Inc. |
| 2480. | Royberg, Inc. | | 2538. | Appaloosa Management L.P. (Rerun) |
| 2481. | Sagami Ltd. | | 2539. | Continental Cass |
| 2482. | SAP America, Inc. | | 2540. | Interpublic Group of Companies, Inc. |
| 2483. | Schunk Graphite Technology | | 2541. | Maxim Integrated Products, Inc. |
| 2484. | Seven Seventeen Credit Union | | 2542. | Riverside Claims |
| 2485. | Siemens Logistics Assembly Systems, | | 2543. | Tennessee Department of Revenue |
| Inc. | | | 2544. | Union Pacific Railroad Company |
| 2486. | Silver Point Capital, L.P. | | | |
| 2487. | SL America, Inc. | XXIV. | | Additional Retained Professionals |
| 2488. | SL Tennessee, LLC | | 2545. | Alvarez & Marsal |
| 2489. | SMSC NA Automotive, LLC | | 2546. | Banner & Witcoff, Ltd. |
| 2490. | Solution Recovery Services | | 2547. | Blake, Cassels & Graydon LLP |
| 2491. | Source Electronics, Inc. | | 2548. | Butzel, Long |
| 2492. | Southwest Metal Finishing, Inc. | | 2549. | Cadwalader, Wickersham & Taft, LLP |
| 2493. | Special Devices, Inc. | | 2550. | Callaway Partners |
| 2494. | Standard Microsystems Corporation | | 2551. | Cantor Colburn, LLP |
| 2495. | Stanley Electric Sales of America, Inc. | | 2552. | Chanin Capital Partners LLC |
| 2496. | Sumco, Inc. | | 2553. | Covington & Burling LLP |
| 2497. | Taiho Corporation of America | | 2554. | Crowell & Moring LLP |
| 2498. | Taxing Authorities | | 2555. | Davis Polk & Wardwell |
| 2499. | Tessy Plastics Corp. | | 2556. | Dickinson Wright PLLC |
| 2500. | Texas Comptroller of Public Accounts | | 2557. | Goodwin Procter LLP |
| 2501. | The Proctor & Gamble Company | | 2558. | Howard & Howard Attorneys, P.C. |
| 2502. | Toshiba America Electronic | | 2559. | Jaeckle, Fleischmann & Mugel, LLP |
| Components, Inc | | | 2560. | Jones Lang Lasalle Americas, Inc. |
| 2503. | Trutron Corporation | | 2561. | Lazard Freres & Co. |

2562.    Mesirow Financial Consulting, LLC
2563.    Milliman, Inc.
2564.    Price, Heneveld, Cooper, DeWitt &
Litton, LLP
2565.    Quinn Emanuel Urquhart Oliver &
Hedges
2566.    Rader Fishman & Grauer LLP
2567.    Steven Hall & Partners
2568.    Thompson Hine & Flory, LLP
2569.    Wilmer, Cutler, Pickering, Hale & Dorr
LLP