UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                             :
    In re                                   :
                                             : Chapter 11
DELPHI CORPORATION, et al.,        :
                                             : Case No. 05–44481 (RDD)
                Debtors.          :
                                             : (Jointly Administered)
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SUPPLEMENTAL ORDER UNDER 11 U.S.C. §§ 102(1) AND 105 AND FED. R. BANKR. P.
2002(m), 9006, 9007, AND 9014 ESTABLISHING OMNIBUS HEARING DATES AND
CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

("SUPPLEMENTAL CASE MANAGEMENT ORDER")

Upon the motion, dated October 8, 2005 (the "Original Motion"),[1] of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession in the above captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 102(1), 105(a), and 105(d) and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 establishing (a) omnibus hearing dates, (b) certain notice, case management, and administrative procedures in the Debtors' chapter 11 cases, and (c) scheduling an initial case conference in accordance with Rule 1007-2(e) of the Local Bankruptcy Rules for the United States Bankruptcy Court for Southern District of New York (the "Local Rules"); and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to on October 8, 2005; and upon the motion, dated December 16, 2005 (the "Motion to Amend"), of the official committee of unsecured creditors (the "Creditors' Committee") to amend the order entered by this Court approving the Original Motion; and upon the record of the

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

hearing held on the Original Motion and the Motion to Amend; and this Court having determined that the relief requested in the Motion to Amend is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion to Amend has been given and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion to Amend is GRANTED as provided herein.

A. Scheduling Matters

2. At present, it is estimated that the Debtors have tens of thousands of creditors and other parties-in-interest. The Debtors anticipate that many of these parties will file numerous motions and applications in these cases in pursuit of various forms of relief. To efficiently manage this process, every notice, motion, or application (each, a "Motion"), and all briefs, memoranda, affidavits, declarations, or other documents filed concurrently therewith in these cases (collectively with all Motions, the "Filings") shall be subject to the case management procedures described below.

Omnibus Hearing Dates

3. This Court shall conduct the following Omnibus Hearings on a monthly basis in these cases (the "Omnibus Hearing Dates"), to be held in Courtroom 610, United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 unless the Debtors are otherwise notified by the Court. The following future dates and times have been scheduled as Omnibus Hearing Dates in these chapter 11 cases:

March 9, 2006 at 10:00 a.m. (Prevailing Eastern Time)

April 7, 2006 at 10:00 a.m. (Prevailing Eastern Time)

May 10, 2006 at 10:00 a.m. (Prevailing Eastern Time)

      June 15, 2006 at 10:00 a.m. (Prevailing Eastern Time)

      July 27, 2006 at 10:00 a.m. (Prevailing Eastern Time)

      August 17, 2006 at 10:00 a.m. (Prevailing Eastern Time)

      September 14, 2006 at 10:00 a.m. (Prevailing Eastern Time)

      October 19, 2006 at 10:00 a.m. (Prevailing Eastern Time)

      November 30, 2006 at 10:00 a.m. (Prevailing Eastern Time)

      January 11, 2007 at 10:00 a.m. (Prevailing Eastern Time)

    4.  Omnibus Hearing Dates will occur thereafter as may be scheduled by this Court. All matters requiring a hearing in these cases shall be set for and be heard on Omnibus Hearing Dates unless alternative hearing dates are approved by the Court for good cause shown.

### Scheduling Of Evidentiary Hearings

    5.  If an objection or other responsive pleading is filed in response to a Filing, then the hearing on such matter shall be deemed an evidentiary hearing at which witnesses may testify, unless the Debtors or the Court informs the parties that the Court has determined to hold a pre-hearing conference on such date. Within a reasonable time after an objection or other responsive pleading is filed but prior to the hearing of the matter, the Debtors or such other party as has filed with the Court the Motion seeking relief (the "Movant") and the party filing the objection or other responsive pleading (the "Objecting Party") shall meet and confer to discuss a possible resolution of the objection or the issues raised in the responsive pleading. If the objection or issues raised in the responsive pleading cannot be resolved, then the Movant and the Objecting Party shall meet and confer to discuss the process for identification of the proposed evidence to be introduced and witnesses to be called by the Movant and the Objecting Party so that the hearing can be conducted in an orderly manner.

3

NY\1095191.8                        03-17-2006 16:29

6. Any document identifying such evidence and witnesses must be served on (a) the Movant and/or any opposing party, as applicable, (b) the Debtors' counsel, (c) counsel for any statutory committee appointed in these cases (each, a "Committee"), (d) counsel for the agent under the Debtors' prepetition credit facility, (e) counsel for the agent under the Debtors' proposed postpetition credit facility, and (f) the Office of the United States Trustee. Such documents need not be filed with the Court, unless the document is an objection or other responsive pleading, but they must be made available to the Court by the serving party in the event of a dispute. Any party who fails to identify its evidence or witnesses as provided for herein may be precluded from presenting such evidence or witnesses at the hearing on the matter. Nothing shall preclude any party from presenting proffers, on direct, in connection with uncontested matters, or agreeing with an opposing party to present proffers in any contested matter in lieu of the direct testimony of any witness or otherwise stipulating to facts or documentary evidence.

7. The Debtors are required to describe the status of contested evidentiary hearings on the proposed hearing agendas submitted to the Court in connection with each hearing. If a Movant and Objecting Party agree that a hearing will not be an evidentiary hearing, the Debtors shall advise the Court's chambers not less than three days before such scheduled hearing in the proposed hearing agenda.

Filing Procedures And Deadlines: Motions,
Applications, Objections, And Responses

8. <u>Electronic Filing</u>. Every Filing and Adversary Pleading (as defined below) shall be electronically filed on this Court's Electronic Filing System except for documents which may be filed under seal pursuant to Court order.

9.  Consent To Electronic Filing.  Each party who files a notice of appearance and a request for service of papers (a "Notice Request")[2] shall be deemed to have consented to electronic service of Filings and Adversary Proceedings, in accordance with Section II(B) of the Electronic Procedures, except for (a) the Debtors and their undersigned counsel, (b) parties on the Master Service List, (c) the Creditors' Committee, (d) any department or agency of the United States of America, including the Office of the United States Attorney, as may be required in accordance with Section II(B)(3) of the Electronic Procedures, or in accordance with a subsequent order of this Court, and (e) any party who, in its Notice Request, (i) asks to be exempt from electronic service and (ii) files a certification stating the reasons why the party does not want to receive notice by electronic means.  <u>Except as otherwise expressly authorized by the Office of the United States Trustee in advance, no party may send notice to, or communicate with, the Office of the United States Trustee, by electronic means</u>.

10. Filing Deadline.  Except as otherwise provided by the Bankruptcy Code or the Bankruptcy Rules, for a Motion (other than a motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)) to be heard at the next-scheduled Omnibus Hearing Date, a movant or applicant must file with this Court and serve such a Motion <u>at least twenty days prior</u> to the next-scheduled Omnibus Hearing Date (the "Filing Deadline"), and must serve such Motion in accordance with the Notice Procedures.  Subject to paragraphs 11 and 12 below, if such Motion is filed and served <u>fewer than twenty days prior</u> to the next scheduled Omnibus

---

[2] A valid Notice Request shall include: (a) the party's name and address, (b) the name of the client (unless the party is appearing solely on its own behalf), (c) an e-mail address at which the requesting party can be served, (d) an address at which the requesting party may be served by U.S. mail, hand delivery, and overnight delivery, and (e) a facsimile number for the requesting party. No Notice Request shall be deemed effective unless all of the foregoing requirements are satisfied.

5

Hearing Date, the hearing with respect to such Motion shall be the Omnibus Hearing Date thereafter.

11. <u>Expedited Hearing Procedure</u>.  In the event a party cannot comply with the Filing Deadline, such party may shorten the Filing Deadline and have a Filing heard on the next Omnibus Hearing Date, if it requires emergency or expedited relief and complies with the following procedures, unless counsel to the Debtors and counsel to the Creditors' Committee do not object to the shortened notice:

A. Such movant or applicant shall make a good faith effort to contact counsel to the Debtors and counsel to the Creditors' Committee (or, if the movant or the applicant is the Debtors or the Creditors' Committee, counsel for the other) to request that such Motion be considered on an expedited basis.  If counsel for the Creditors' Committee and counsel for the Debtors do not object, the Motion may be heard at the next Omnibus Hearing that is no fewer than 10 days after the Motion is filed.

B. In the event that either counsel to the Debtors or counsel to the Creditors' Committee disagrees with the movant or applicant's determination regarding the emergency or expedited nature of the relief requested or otherwise objects, such movant or applicant, as the case may be, shall (i) inform the Court of such disagreement via telephone and (ii) arrange for a Chambers Conference, telephonic or in-person, to be held among (a) the Court, (b) counsel to the Debtors, (c) counsel to the Creditors' Committee, and (d) such movant or applicant.  Following such Chambers Conference, a hearing on such Motion shall be set by the Court at its discretion.

C. Any Motion scheduled to be heard in accordance with sub-paragraph A or B above must, as set forth in the Local Rules, state with specificity the reason

6

why an emergency exists or why there is a need for expedited treatment, indicate in the caption thereof that it is an emergency or expedited motion, and certify compliance with this paragraph. Without limiting the foregoing, in the event that the Debtors seek emergency or expedited relief, such request for emergency or expedited consideration shall be upon prior notice to counsel for the Creditors' Committee and an opportunity to be heard.

12. <u>Scheduling Of Automatic Stay Motions</u>. Unless this Court orders otherwise, for good cause shown, when the Motion is a motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and when such motion is filed <u>more than 14 days before</u> the upcoming Omnibus Hearing Date, then the preliminary hearing date for such matter shall be set on such upcoming Omnibus Hearing Date. When the Motion in such matter is filed <u>fewer than 14 days before</u> the upcoming Omnibus Hearing Date, then the preliminary hearing for such matter shall be set at the Omnibus Hearing Date following the upcoming Omnibus Hearing Date. Except as specifically set forth herein, all other procedures for such motions shall otherwise conform to the Local Rules and the Bankruptcy Rules.

13. <u>Objection Deadline</u>. For each Motion served at least 20 days prior to the applicable Omnibus Hearing Date, any objection shall be filed (the "Objection Deadline") on or before the seventh calendar date before the applicable Omnibus Hearing Date (or such other date upon which the Court will consider the Motion), or as otherwise ordered by the Court. For each Motion served on less than 20, but at least ten days prior to the applicable Omnibus Hearing Date, the Objection Deadline shall be on the third calendar date or the second business date, whichever date occurs first, before the applicable Omnibus Hearing Date (or such other date upon which the Court will consider the Motion).

7

14. The relief requested in the Motion may be granted without a hearing if no objection is timely filed. Should a timely objection be submitted, the party filing the initial Motion shall be allowed, but not required, to file a reply to such objection or other responsive pleading on or before 4:00 p.m. on the day immediately prior to the applicable Omnibus Hearing Date or such other date and time as the Court allows.

D.   Notice Procedures

15. Every Filing shall be subject to the filing and notice procedures described herein (the "Notice Procedures"). All Filings shall be served (a) via overnight mail upon all parties with a particularized interest in the subject of the Filing, with a hard copy to chambers, as well as the following list (the "Master Service List") of parties or entities:

    (a)   The Debtors and their counsel;

    (b)   The Office of the United States Trustee;

    (c)   The members of and counsel for the Creditors' Committee;

    (d)   Counsel for the agent under the Debtors' prepetition credit facility;

    (e)   Counsel for the agent under the Debtors' proposed postpetition credit facility; and

    (f)   Those parties who may be added to the Master Service List by the Debtors upon written request to the Debtors or as may be otherwise ordered by the Court for good and sufficient cause pursuant to the Local Rules and as required hereby;

and (b) by electronic transmission or fax on each party who files a notice of appearance or request for documents in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure.

16. The Debtors (or their Court-appointed claims agent) shall update the Master Service List on a monthly basis to include the name and address of any party in interest

8

who has been added to the Master Service List under paragraph 15 (vi) since the preceding month. In the event that there has been a change to the Master Service List since the prior month, an updated Master Service List shall be filed with the Court on the first business day of the following month. In addition, the Master Service List shall be provided to third parties upon request.

17. <u>Additional Notice Parties</u>. In addition to serving the parties on the Master Service List, filings for which particular notices are required by Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002(a)(2) and (3), 4001, 6004, 6006, 6007, or 9019, shall be served in accordance with the following procedures, unless otherwise authorized by the Court:

(a) Filings related to the use, sale, lease, or abandonment of property other than in the ordinary course of business shall be served on each entity asserting an interest in the property.

(b) Filings related to relief from, or otherwise related to, the automatic stay shall be served on each entity asserting a lien or encumbrance on the affected property.

(c) Filings relating to the use of cash collateral or obtaining credit shall be served on each adversely affected entity asserting an interest in the cash collateral or each adversely affected entity asserting a lien or other interest in property on which a lien is proposed to be granted.

(d) Filings relating to approval of proposed compromises or settlements shall be served on any entity that is a party to the compromise or settlement or which may be directly adversely affected thereby.

(e) Filings relating to rights under section 365 of the Bankruptcy Code shall be served on each party to the executory contract(s) or unexpired lease(s) affected thereby.

(f) Filings relating to applications for payment of compensation or reimbursement of expenses shall be served on each professional person who is seeking payment of compensation or reimbursement of expenses and whose retention has been authorized by the Court in these cases.

      (g)    Filings relating to the commencement of a case, the meeting of creditors under section 341 or 1104(b) of the Bankruptcy Code, the time for filing objections and the hearing to consider approval of a disclosure statement or a hearing to consider confirmation of a plan shall require notice in accordance with Bankruptcy Rule 2002.

      (h)    Notice of other matters for which the Bankruptcy Rules specifically require notice to all parties-in-interest shall be served on all creditors and equity security holders of the Debtors and parties-in-interest, except as set forth herein or as otherwise authorized by this Court.

18.    Except as set forth herein or as otherwise authorized by this Court, proceedings described in Bankruptcy Rule 2002 shall be noticed in accordance with the applicable provisions of such rules.

19.    <u>Adversary Proceedings</u>.  All initial Filings, complaints, and other pleadings filed in any adversary proceeding commenced in these cases (the "Adversary Proceeding") shall be served by overnight mail, courier, or hand delivery on (a) the Debtors and their counsel, (b) the Office of the United States Trustee, (c) counsel to the Creditors' Committee, (d) counsel for the agent under the Debtors' prepetition credit facility, (e) counsel for the agent under the Debtors' proposed postpetition credit facility, and (f) any parties required to be served under any applicable Bankruptcy Rule or Local Rule.

20.    <u>Service Of Responses</u>.  All objections or responses to or statements in support of Motions, as well as any replies thereto (collectively "Responses"), need only be served via overnight mail, courier, or hand delivery on the counsel who served such Filings plus (a) the Debtors and their counsel, (b) the Office of the United States Trustee, (c) counsel to each Committee, (d) counsel for the agent under the Debtors' prepetition credit facility, and (e) counsel for the agent under the Debtors' proposed postpetition facility, with a hard copy to chambers, provided that all such Responses shall be served so as to be actually received by such parties on or prior to the applicable filing deadline, as set forth herein.

<u>Notice Requests</u>

21.    All requests for notice (the "Notice Requests") for automatic receipt of copies of Filings, Responses, Adversary Pleadings, and other documents or writings filed in these cases and any adversary proceeding (collectively, the "Documents") shall be accommodated as set forth herein.

22.    Parties who have filed notices of appearance and who desire to be added to the Master Service List should make a written request to that effect to the Debtors.

23.    On the last day of each calendar month, or as soon thereafter as is practicable, a copy of the Supplemental Case Management Order, as may be modified or amended from time to time, shall be served by the Debtors on each party that has filed a notice of appearance or a Notice Request in these cases during the preceding calendar month.

<u>Failure To Comply With Notice Procedures</u>

24.    If any person makes any Filing in contravention of the Notice Procedures by, among other things, setting a hearing on a Motion for a date and time other than an Omnibus Hearing Date without an order from this Court authorizing such hearing for cause, the Debtors shall forward a copy of the Supplemental Case Management Order to such person within three business days after receipt.  If such Motion is filed at least twenty 20 days prior to the next scheduled Omnibus Hearing Date, then the hearing with respect to such Motion shall be deemed to be on such Omnibus Hearing Date.  If such Motion is filed fewer than 20 days prior to the next Omnibus Hearing Date, then the hearing with respect to such Motion shall be the next Omnibus Hearing Date thereafter.

25.    Nothing shall prejudice (a) the rights of any party-in-interest to move this Court to further limit or expand notice of such matters and proceedings upon a showing of good cause, including, but not limited to, the right to file a motion seeking emergency <u>ex parte</u>

NY\1095191.8                                                                                                                                                03-17-2006 16:29

consideration or consideration upon shortened time, or (b) the rights of any party to seek an enlargement or reduction of a time period under Bankruptcy Rule 9006(b) or 9006(c).

E.     Copies Of Filings

26.    All Filings in these cases are available without charge on the Internet at http://www.delphidocket.com or for a small fee at www.nysb.uscourts.gov (a PACER login and password are required to access the Court's PACER system), and may be downloaded for viewing or printing with Adobe® Acrobat® Reader.

27.    The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

28.    The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:  New York, New York
        March 17, 2006

                                        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE