Hearing Date and Time: TBD

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
Gerard Uzzi (GU-2297)

Wachovia Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Thomas E Lauria (Admitted *Pro Hac Vice*)
Frank L. Eaton (FL-1522)
Linda M. Leali

ATTORNEYS FOR APPALOOSA
MANAGEMENT L.P.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Delphi Corporation, et al. | ) | Case No. 05-44481 (RDD) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**MOTION OF APPALOOSA MANAGEMENT L.P. PURSUANT TO RULE 9016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER QUASHING THE DEBTORS' SUBPOENA FOR TESTIMONY AT TRIAL DIRECTED TO DAVID A. TEPPER**

TO:   THE HONORABLE ROBERT D. DRAIN,
      UNITED STATES BANKRUPTCY JUDGE:

Appaloosa Management L.P. ("Appaloosa"), collectively with and through certain of its affiliates, by and through its undersigned counsel, hereby files this motion (the "Motion") for entry of an order pursuant to Rule 45 of the Federal Rules of Civil Procedure, as made applicable by Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), quashing

the subpoena for testimony at trial served by Delphi Corporation ("Delphi") and its affiliated debtors and debtors in possession (collectively, with Delphi, the "Debtors") upon David A. Tepper ("Mr. Tepper"), the president of Appaloosa.

## **PRELIMINARY STATEMENT**

1.  Appaloosa is seeking the appointment of an official equity committee in these chapter 11 cases. The hearing on Appaloosa's motion, set for March 21, 2006, is imminent. In connection with that hearing, Appaloosa requires that the Debtors comply with their obligations under the Court's March 8, 2006 Amended Pretrial and Scheduling Order Relating to the Motions of Appaloosa Management L.P. for an Order Directing the United States Trustee to Appoint an Equity Committee in these Chapter 11 Cases (the "Pretrial Order," attached hereto as Exhibit A), the Federal Rules of Civil Procedure and the Bankruptcy Rules.

2.  On March 17, 2006, just four days prior to the hearing, the Debtors propounded a subpoena upon Mr. Tepper (the "Subpoena") directing that Mr. Tepper provide direct testimony at the March 21, 2006 hearing. The Debtors' purported reason for issuing the Subpoena relates to Mr. Tepper's March 15, 2006 letter (the "March 15th Letter") to the Board of Directors of Delphi (the "Board") on issues unrelated to Appaloosa's motion for the appointment of an equity committee. The Debtors issued the Subpoena in disregard of the Court's Pretrial Order, whereby the Court ordered, in relevant part, that, "[a]ll direct testimony shall be presented through expert reports and declarations. Witnesses as to whom expert reports and/or declarations have been submitted shall be made available for cross-examination at the hearing on the Motion." Pretrial Order at ¶ 14. Indeed, Mr. Tepper has not submitted an expert report or a declaration.

3.  Accordingly, because the Debtors are in violation of the Pretrial Order, Appaloosa files this Motion, requesting that the Court quash the Subpoena.

4.   The Court should quash the Subpoena on the separate and independent ground that the Debtors propounded the Subpoena for the sole purpose of harassing both Mr. Tepper and Appaloosa, and, as such, the Subpoena is unduly burdensome.

## BACKGROUND

5.   On October 8, 2005, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101, et. seq., with this Court, thereby commencing the above-captioned jointly administered cases. On December 22, 2005, Appaloosa filed a motion under 11 U.S.C. § 1102(a) for an order directing the United States Trustee for the Southern District of New York (the "U.S. Trustee") to appoint an equity committee in these chapter 11 cases (the "Equity Committee Motion"). The U.S. Trustee, General Motors Corporation, and JPMorgan Chase Bank, N.A. as Prepetition Agent filed oppositions to the Equity Committee Motion. In addition, on March 2, 2006, the Debtors and the Official Committee of Unsecured Creditors appointed in these chapter 11 cases filed formal objections to Appaloosa's request for an equity committee. The hearing on Appaloosa's Equity Committee Motion is currently set for March 21, 2006.

6.   On March 8, 2006, the Court entered the Pretrial Order, which governs the parties' pretrial disclosures and the presentation of evidence at the March 21, 2006 hearing. The Pretrial Order, in relevant part, provides:

> 7. The Debtors shall produce their final expert reports, and all documents upon which they relied, and the declaration, if any, containing the rebuttal or responsive testimony of their respective witnesses by noon on Tuesday, March 14, 2006.
>
> 14. The hearing on the Motion shall be held on Tuesday, March 21, 2006, at 10:00 a.m. All direct testimony shall be presented through expert reports and declarations. Witnesses as to whom

expert reports and/or declarations have been submitted shall be made available for cross-examination at the hearing on the Motion.

Pretrial Order at ¶¶ 7, 14.

7. On Friday March 17, 2006, prior to filing this Motion, counsel to Appaloosa and counsel to the Debtors conducted a "meet and confer." At the meet and confer, counsel to Appaloosa asked the purpose of the Subpoena and were advised that it related to Mr. Tepper's March 15th Letter to the Board. When asked how the March 15th Letter was relevant to the Equity Committee Motion, no answer was provided. The only conclusion that can be made is that the Subpoena was served solely for harassment purposes.

8. Appaloosa files this Motion with due respect of the Court's limited resources and its own obligations concerning cooperation on pretrial disclosures and the presentation of evidence at the March 21, 2006 hearing. Appaloosa's efforts to resolve this matter without Court intervention have been unsuccessful.

## JURISDICTION

9. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RELIEF REQUESTED

10. As the facts set forth herein make clear, Appaloosa is entitled to, and respectfully requests, the entry of an order pursuant to Bankruptcy Rule 9016 quashing the subpoena served upon Mr. Tepper.

## BASIS FOR RELIEF

11. The Subpoena must be quashed because it was propounded by the Debtors in

violation of the Pretrial Order, which commanded that, "All direct testimony shall be presented through expert reports and declarations. Witnesses as to whom expert reports and/or declarations have been submitted shall be made available for cross-examination at the hearing on the Motion." Pretrial Order at ¶ 14. In addition, the Subpoena should be quashed since the purported topic of inquiry is not relevant to the Equity Committee Motion.

12. The Pretrial Order expressly limits direct testimony at the March 21, 2006 hearing to expert reports and declarations. In addition, the Pretrial Order directs that only those witnesses as to whom expert reports or declarations have been submitted are required to be made available for cross examination at the March 21, 2006 hearing. Mr. Tepper has not submitted an expert report or a declaration.

13. Accordingly, the Debtors are not free to disregard the Pretrial Order by commanding the direct testimony of Mr. Tepper at the March 21, 2006 hearing. *See Reily v. NatWest Market Group, Inc.*, 181 F.3d 253, 261 (2d Cir. 1999) (district court quashed subpoenas that were served in violation of the its order); *Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*, 2003 WL 21537782, *3 (S.D.N.Y. July 8, 2003) (same); s*ee also Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1448 (11th Cir. 1985) (a party "is not free to ignore the Order of the district court"). Thus, the Subpoena must be quashed as violative of the Pretrial Order.

14. In addition, the Subpoena must be quashed on the separate and independent ground that the Debtors propounded the Subpoena – a mere four days prior to the March 21, 2006 hearing – for the sole purpose of harassing Mr. Tepper and Appaloosa. Indeed, if the Debtors had any legitimate purpose for securing Mr. Tepper's testimony at trial they would have noticed his deposition during discovery or disclosed pretrial that he was a potential witness for the Debtors. The Debtors have done neither. Moreover, Mr. Tepper has no testimony relating to

the March 15th Letter that would be relevant to the issues to be addressed at the March 21, 2006 hearing, *i.e.* the appointment of an equity committee. Indeed, Appaloosa has produced experts who have opined extensively on the topics to be addressed at the March 21, 2006 hearing, and Mr. Tepper would add nothing of relevance to the testimony of those experts.

15.   Federal Rule of Civil Procedure 45(c)(3)(A) states that a court "shall quash or modify [a] subpoena if it . . . subjects a person to undue burden." Indeed, a subpoena that seeks irrelevant testimony and that was propounded merely to harass its recipient must be quashed or modified. *See Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 814 (9th Cir. 2003) (upholding district courts decision to quash a subpoena that was "served for the purpose of annoying and harassment and not really for the purpose of getting information"); *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir. 2003) (a factor in quashing a subpoena is whether the "subpoena was issued primarily for the purposes of harassment"); *Magoon v. Mettiki Coal Corp.*, 1993 WL 455244, *1 (D. Md. Aug. 17, 1993) (quashing a subpoena described as "a clear attempt to harass the [moving party] on the eve of trial"); *see also In re Lickman*, 304 B.R. 897, 905 n. 5 (M.D. Fla. 2004) (noting that a subpoena may be quashed under the Rule 45(c)(3) "undue burden" prong if the subpoena "was issued to harass"). Accordingly, because the Debtors seek only to harass Mr. Tepper and Appaloosa on the eve of the hearing, the Subpoena must be quashed as unduly burdensome.

## WAIVER OF MEMORANDUM OF LAW

16.   Pursuant to Local Bankruptcy Rule for the Southern District of New York 9013-1(b), because there are no novel issues of law presented herein, Appaloosa requests that the Court waive the requirement that Appaloosa file a memorandum of law in support of this Motion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Appaloosa respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit B, quashing the March 17, 2006 subpoena propounded by the Debtors upon David A. Tepper.

Dated: March 20, 2006
      Miami, Florida

> WHITE & CASE LLP
> Gerard Uzzi (GU-2297)
> 1155 Avenue of the Americas
> New York, New York 10036-2787
> (212) 819-8200
>
> Thomas E Lauria (Admitted *Pro Hac Vice)*
> Frank L. Eaton (FL-1522)
> Wachovia Financial Center
> 200 South Biscayne Boulevard
> Miami, Florida 33131
> (305) 371-2700
>
> By: __/s/ Frank L. Eaton_____
> Frank L. Eaton
>
> COUNSEL TO APPALOOSA
> MANAGEMENT L.P.

## AFFIDAVIT OF COMPLIANCE

I hereby certify that counsel for Appaloosa Management L.P. has conferred with counsel for Delphi Corporation and its affiliated debtors and debtors in possession in a good faith effort to resolve by agreement the issues raised by the foregoing Motion of Appaloosa Management L.P. for an Order Quashing the Debtors' Subpoena for Testimony at Trial Directed to David A. Tepper without the intervention of the Court and has been unable to reach an agreement.

By: \_\_/s/ Frank L. Eaton\_\_\_\_\_
Frank L. Eaton

COUNSEL TO APPALOOSA
MANAGEMENT L.P.

## CERTIFICATE OF SERVICE

I certify that on this 20th day of March 2006, the foregoing Motion of Appaloosa Management L.P. for an Order Quashing the Debtors' Subpoena for Testimony at Trial Directed to David A. Tepper was served by overnight mail to counsel for Delphi Corporation and its affiliated debtors and debtors in possession.

By: __/s/ Aileen_Venes_____
Aileen Venes