# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
|   |   |   |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

AMENDED PRETRIAL AND SCHEDULING ORDER RELATING TO THE MOTION OF
APPALOOSA MANAGEMENT L.P FOR AN ORDER DIRECTING THE UNITED STATES
TRUSTEE TO APPOINT AN EQUITY COMMITTEE IN THESE CHAPTER 11 CASES

Upon the motion, dated December 22, 2005, of Appaloosa Management L.P ("Appaloosa") for an order under section 1102 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), directing the United States Trustee to appoint a statutory equity committee in these chapter 11 cases (the "Motion") (Docket No. 1604); and Appaloosa having originally noticed the Motion for hearing at the omnibus hearing on January 6, 2006; and at the Debtors' request, the parties having agreed to an adjournment of the hearing on the Motion to the omnibus hearing on February 9, 2006; and at Appaloosa's request, the parties having agreed to a further adjournment of the hearing on the Motion to the omnibus hearing on March 9, 2006; and upon the objections to the Motion filed by the United States Trustee (Docket Nos. 1682 and 2636), the Debtors (Docket No. 2629), the Official Committee of Unsecured Creditors (Docket No. 2634), and the Prepetition Agent for the prepetition lenders (Docket No. 1693), as well as the Response of General Motors Corporation (Docket No. 1712); and the parties having conducted discovery in respect of the Motion pursuant to "meet and confer" agreements reached between Appaloosa and the Debtors in accordance with the Case

Management Order (Docket No. 245); and Appaloosa having filed a separate motion seeking authority to file under seal certain motions to compel productions of documents and exhibits thereto and to compel depositions and exhibits thereto (the "Discovery Motion") (Docket No. 2566); and the parties having resolved their disputes with respect to the production of documents and exhibits thereto without further order of this Court; and the Court having resolved the parties' disputes with respect to the production of deponent witnesses at an informal discovery conference convened by the Court on March 2, 2006; and the parties having completed all written discovery (except for the exchange of expert reports and documents relied upon by such experts); and Appaloosa having requested a further adjournment of the hearing on the Motion pursuant to a letter request dated March 6, 2006; and the Debtors having disputed Appaloosa's asserted factual and legal basis for an adjournment but having agreed in a letter response dated March 7, 2006, to a further adjournment subject to the entry of an order setting forth the following pretrial schedule; and no other objector having notified the Court of its opposition to either a further adjournment or entry of this Order; and this Court having determined that a further adjournment of the contested hearing on the Motion subject to the terms of this Order is appropriate and in the best interests of the Debtors, their estates, their creditors, stockholders and other parties-in-interest; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1. Appaloosa shall produce its final expert reports and all documents upon which the experts relied, and the declarations containing the direct testimony of its witnesses, on or before noon (all times being prevailing Eastern Time) on Friday, March 10, 2006.

2.  Appaloosa shall be limited to two designated expert witnesses from Eureka Capital Markets, LLC ("Eureka"), Stephen A. Greene and Mark Hyman, and one designated expert witness from Hay Group, Inc. ("Hay"), Adam Reese; provided, however, that Appaloosa shall disclose on or before noon on Friday, March 10, 2006, by reference to the pages of the expert report, who at Eureka (either Mr. Greene or Mr. Hyman, but not both) will give what opinions and on what basis.

3.  The Debtors shall produce their designated Rule 30(b)(6) witness, John Sheehan, for a deposition, limited to seven hours, on Tuesday, March 7, 2006.

4.  If, and to the extent, that Mr. Sheehan is unable fully to answer, on behalf of the Debtors, questions (within the topics specified in the Second Amended Notice of Rule 30(b)(6) Deposition of the Debtors) posed to him, and given that Robert Dellinger, the Debtors' supplemental Rule 30(b)(6) witness is unavailable on March 8 and 9, 2006, and will be out of the country from March 10 through March 18, 2006, the Debtors shall produce Mr. Dellinger, for a deposition limited to three hours, at 9:00 a.m. on Monday, March 20, 2006.

5.  Appaloosa shall produce Mr. Stephen Greene, one of its expert witnesses associated with Eureka, for a deposition limited to four hours at 8:30 a.m. on Monday, March 13, 2006.

6.  Appaloosa shall produce Mr. Mark Hyman, its other expert witness associated with Eureka, for a deposition, limited to seven hours, at 10:00 a.m. on Tuesday, March 14, 2006.

7.  The Debtors shall produce their final expert reports, and all documents upon which their experts relied, and the declarations, if any, containing the rebuttal or responsive testimony of their respective witnesses by noon on Tuesday, March 14, 2006.

3

8. Appaloosa shall produce Mr. Adam Reese, its expert witness associated with Hay for a deposition, limited to three hours, at 9:00 a.m. on Thursday, March 16, 2006.

9. The Debtors shall produce their expert witness, if any, called to rebut or respond to the testimony of Appaloosa's expert witness associated with Hay for a deposition, limited to three hours, at 2:00 p.m. on Thursday, March 16, 2006, if he is available, or, if not, on Wednesday, March 15, 2006 (in which case his expert report and the documents upon which he relied shall be produced no later than noon on Monday, March 13, 2006).

10. The Debtors shall produce their expert witness, if any, called to rebut or respond to the testimony of Appaloosa's expert witness associated with Eureka for a deposition, limited to seven hours, at 9:30 a.m. on Friday, March 17, 2006.

11. The Parties shall produce their supplemental declarations, if any, by 5:00 p.m. on Friday, March 17, 2006.

12. By noon on Saturday, March 18, 2006, the parties shall identify (or the extent not previously produced, produce) to each other all other exhibits, including demonstrative exhibits, they intend to offer or otherwise use at the hearing on the Motion, and the Debtors shall thereafter prepare a joint exhibit binder for use at the hearing on the Motion (which binder shall include all declarations, expert reports, and exhibits identified by the parties).

13. The Debtors shall submit the joint exhibit binder to Chambers by noon on Monday, March 20, 2006, and arrange for service of the binder on Appaloosa and each objector to the Motion so as to be actually received in their New York offices by 5:00 p.m. on Monday, March 20, 2006.

14. The hearing on the Motion shall be held on Tuesday, March 21, 2006, at 10:00 a.m. All direct testimony shall be presented through expert reports and declarations.

4

Witnesses as to whom expert reports and/or declarations have been submitted shall be made available for cross-examination at the hearing on the Motion.

15. The Discovery Motion, having been originally resolved by the parties at a "meet and confer" conference and the Court at a chambers conference and Appaloosa having agreed that the Discovery Motion is fully resolved by entry of this Order, shall be annotated as settled and resolved on the March 9, 2006 omnibus hearing agenda.

16. This Order may be amended, subject to approval of the Court, upon the agreement of the parties or upon motion for good cause shown.

Dated: New York, New York
       March 8, 2006

/s/Robert D. Drain
**UNITED STATES BANKRUPTCY JUDGE**