UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                        :
In re                                   :        Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :        Case No. 05-44481 (RDD)
                                        :
                    Debtors.            :        (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## AFFIDAVIT OF LEGAL ORDINARY COURSE PROFESSIONAL

STATE OF NEW YORK                       )
                                        ) ss:
COUNTY OF NEW YORK                      )

Michael Curley, being duly sworn, deposes and says:

      1.      I am a partner of Morgan, Lewis & Bockius LLP ("Morgan Lewis") which firm maintains offices at 101 Park Avenue, New York, New York 10178 and at various other locations.

      2.      Neither I, Morgan Lewis, nor any partner thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors and debtors-in-possession (the "Debtors"), their creditors, or any other party-in-interest, or their attorneys, except as set forth in paragraphs 8, 9, 10 and 13 of this affidavit.

      3.      Prior to the commencement of these cases, Morgan Lewis represented and advised the Debtors in connection with certain labor law related matters for the approximately three year period through May of 2005.

      4.      The Debtors have requested, and Morgan Lewis has agreed, to represent and advise the Debtors pursuant to section 327(e) of title 11 of the United States Code, 11 U.S.C. §§101-1330, as amended (the "Bankruptcy Code"), with respect to the Debtors' reporting and disclosure obligations under the Labor-Management Reporting and Disclosure Act of 1959 and certain other labor law related matters.

      5.      Morgan Lewis' current fees arrangement is based on hourly time charges, with the current rates for the legal assistants, associates and partners expected to render services to the Debtors ranging from $535 to $695 for partners and from $270 to $460 for associates.  In addition, Morgan Lewis will receive reimbursement of costs and expenses.  Hourly time charges change periodically.

6.     Except as set forth herein, no promises have been received by Morgan Lewis or any partner thereof as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, orders of this Court, and the Fee Guidelines promulgated by the Executive Office of the United States Trustee.

7.     Morgan Lewis has no agreement with any entity to share with such entity any compensation received by Morgan Lewis.

8.     Morgan Lewis presently represents the following creditors and parties in interest in connection with these cases (and filed a Verified Statement pursuant to Rule 2019(a) of the Federal Rules of Bankruptcy Procedure on December 22, 2005 to that effect; a conformed copy of such Verified Statement is attached hereto as Exhibit 1):

| Name | Address |
| --- | --- |
| Hitachi Chemical (Singapore) Pte. Ltd. | 32 Loyang Way<br>Singapore 508730 |
| Sumitomo Corporation | 8-11 Harumi 1-Chome, Chuo-ku<br>Tokyo 104-8610, Japan |
| ITT Industries, Inc. | 4 West Red Oak Lane<br>White Plains, NY 10604 |
| Intercall, Inc. | 11808 Miracle Hills Drive<br>Omaha, Nebraska 68154 |

9.     In addition, Morgan Lewis advises Yazaki North America Inc. regarding certain European anti-trust law matters in which the Debtors are adverse parties.

10.     Further, Morgan Lewis is representing Robert S. Miller, Delphi Corporation's chairman, in certain ERISA related litigation relating to Federal Mogul Corporation.

11.     None of the representations described in paragraphs 8, 9 and 10 above involve matters that are adverse to the Debtors or to their estates with respect to the matters on which Morgan Lewis is to be employed as described in paragraph 4 above.

12.     Morgan Lewis and its partners may have in the past represented, currently represent, and may in the future represent entities that are claimants of the Debtors in matters totally unrelated to these pending chapter 11 cases. Morgan Lewis does not and will not represent any such entity in connection with these pending chapter 11 cases (except as set forth in paragraph 8 above, as such paragraph may be supplemented from time to time) and does not have any relationship with any such entity, attorneys, or accountants that would be adverse to the Debtors or their estates.

13.    Insofar as I have been able to ascertain, certain partners of Morgan Lewis hold a *de minimis* number of shares of common stock of Delphi Corporation (i.e., no more than approximately 1,500 shares in the case of any partner, out of approximately 561,000,000 total shares of common stock outstanding as of June 30, 2005, based on Delphi Corporation's Form 10Q for the quarter then ended).

14.    Neither I, Morgan Lewis, nor any partner thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors, or their estates in the matters upon which Morgan Lewis is to be engaged.

15.    Morgan Lewis has established a screen isolating the professionals designated to represent the Debtors from the professionals representing the other entities referred to in paragraphs 8 and 9 above (the "Other Entities"). Morgan Lewis personnel representing the Debtors will not disclose any information relating to the engagement by the Debtors to any personnel representing the Other Entities. Conversely, Morgan Lewis personnel representing the Other Entities on matters adverse to the Debtors will not disclose any related information to the Morgan Lewis personnel representing the Debtors. In addition, all Debtor files and records will be isolated from the personnel representing the Other Entities. A memorandum will be issued to all Morgan Lewis personnel involved in these matters outlining the protocol for maintaining the screen.

16.    The foregoing constitutes the statement of Morgan Lewis pursuant to sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

FURTHER AFFIANT SAYETH NOT

_____
**Michael Curley**

Subscribed and sworn to before me
this 1? day of March, 2006

_____
Notary Public

NORMA E. MONDONEDO
Notary Public, State of New York
No. 01MO4875002
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires .

Exhibit 1

**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
Tel: (212) 309-6000
Fax: (212) 309-6001
Menachem O. Zelmanovitz (MZ-0706)
Andrew D. Gottfried (AG-1699)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| DELPHI CORPORATION, *et al.,* | : | Case No. 05-444-81 (RDD) |
| Debtors. | : | (Jointly Administered) |
| | : | |

**VERIFIED STATEMENT OF MORGAN, LEWIS & BOCKIUS LLP
PURSUANT TO RULE 2019 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE**

Morgan, Lewis & Bockius LLP ("ML&B") submits this verified statement (the

"Statement") pursuant to Rule 2019(a) of the Federal Rules of Bankruptcy Procedure and states

as follows:

1.    ML&B represents the following creditors and parties in interest (the "Clients") in

connection with the above-captioned cases:

| Name | Address |
|------|---------|
| Hitachi Chemical (Singapore) Pte. Ltd. | 32 Loyang Way<br>Singapore 508730 |
| Sumitomo Corporation | 8-11 Harumi 1-Chome, Chuo-ku<br>Tokyo 104-8610, Japan |
| ITT Industries, Inc. | 4 West Red Oak Lane<br>White Plains, NY 10604 |
| Intercall, Inc. | 11808 Miracle Hills Drive<br>Omaha, Nebraska 68154 |

2.      Each of the Clients is a supplier of automotive parts or other goods or equipment

to one or more of the Debtors pursuant to various purchase orders and/or agreements.

3.      ML&B's representations of the Clients are separate and concern claims and

interests of different origins of different creditors.

4.      ML&B does not hold any claim against or interest in the Debtors, and has not

done so since its engagement by each of the Clients in connection with these cases.

5.      ML&B reserves the right to amend or supplement this Statement.

6.      The undersigned verifies that he is a member of ML&B, that he has read the

foregoing statement and that it is true and correct to the best of his knowledge, information and

belief.

Dated:  New York, New York
        December 22, 2005

                            MORGAN, LEWIS & BOCKIUS LLP

                            By:  __/s/ Menachem O. Zelmanovitz_____
                                 Menachem O. Zelmanovitz (MZ 0706)
                                 101 Park Avenue
                                 New York, New York  10178
                                 (212) 309-6000

                            Attorneys for Hitachi Chemical (Singapore) Pte.
                            Ltd., Sumitomo Corporation,
                            ITT Industries, Inc. and Intercall, Inc.