WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
Gerard Uzzi (GU-2297)

Wachovia Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Thomas E Lauria (Admitted *Pro Hac Vice*)
Frank L. Eaton (FE-1522)
Linda M. Leali (9526)

ATTORNEYS FOR APPALOOSA
MANAGEMENT L.P.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| Delphi Corporation, et al. | ) | Case No. 05-44481 (RDD) |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) |  |

**APPALOOSA MANAGEMENT L.P.'S MOTION FOR AN ORDER
PURSUANT TO 11 U.S.C. § 107(b) AND FED. R. BANKR. P. 9018
TO FILE UNDER SEAL ITS DAUBERT MOTION TO EXCLUDE EXPERT
REBUTTAL REPORT OF DAVID L. RESNICK AND ALL PORTIONS OF THE
RESNICK DECLARATION RELATING TO SUCH EXCLUDED TOPICS**

TO:   THE HONORABLE ROBERT D. DRAIN,
        UNITED STATES BANKRUPTCY JUDGE:

Appaloosa Management L.P. ("Appaloosa"), collectively with and through certain of its affiliates, by and through its undersigned counsel, hereby files this motion (the "Motion"), for entry of an order pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, et. seq., (as amended, the "Bankruptcy Code"), and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") allowing Appaloosa to file under seal its

<u>Daubert</u> Motion to Exclude the Proposed Expert Rebuttal Report of David L. Resnick and All Portions of the Resnick Declaration Relating to Such Excluded Topics (the "<u>Daubert</u> Motion"), dated March 14, 2006. In support of this Motion, Appaloosa respectfully represents as follows:

## BACKGROUND

1. On October 8, 2005, Delphi Corporation ("Delphi") and its affiliated debtors and debtors in possession (collectively, with Delphi, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court, thereby commencing the above-captioned jointly administered cases (the "Cases").

2. On December 22, 2005, Appaloosa filed a motion under section 1102(a)(2) of the Bankruptcy Code for an order directing the United States Trustee for the Southern District of New York (the "U.S. Trustee") to appoint an equity committee in these Cases (the "Equity Committee Motion"). The Debtors, the Official Committee of Unsecured Creditors, the U.S. Trustee, and JPMorgan Chase Bank, N.A. as Prepetition Agent filed oppositions to the Equity Committee Motion. The hearing to consider the Equity Committee Motion is currently set for March 21, 2006 (the "Hearing").

3. In preparing for the Hearing, Appaloosa requested documents relating to issues central to its Equity Committee Motion, including, but not limited to, the solvency of the Debtors and the adequacy of shareholder representation in these Cases. Appaloosa and the Debtors engaged in a series of "meet and confer" conference calls to resolve discovery disputes and, ultimately, agreed on the scope and timing of production. Between February 7 and 20, 2006, the Debtors produced seven boxes of documents. As a result of the Debtors' failure to produce certain agreed upon documentation, on February 27, 2006, Appaloosa filed its Motion To File Under Seal (1) Its Motion To Compel Depositions and Exhibits Thereto and (2) Its

Motion To Compel Production of Documents and Exhibits Thereto.  On March 2, 2006, this Court held an informal conference on the parties' discovery disputes.  Shortly thereafter, between March 4 and 9, 2006, the Debtors produced an additional 5,000 pages of documents to Appaloosa.

    4. On January 31, 2006, this Court entered the Stipulation and Agreed Protective Order Governing Production and Use of Confidential and Highly Confidential Information in Connection with the Motion of Appaloosa Management L.P. for an Order Directing the United States Trustee to Appoint an Equity Committee and Objections Filed Thereto (the "Stipulation and Protective Order") (a copy of which is attached hereto as Exhibit "A"), pursuant to which the Debtors and Appaloosa agreed to keep certain information confidential.  In pertinent part, the Stipulation and Protective Order provides:

> If documents, materials or other information . . . designated as Confidential or Highly Confidential are to be included in any papers to be filed in this Court or any other court, counsel intending to file such documents shall first seek entry of a protective order under 11 U.S.C. § 107(b) or other applicable authority with respect to filing those portions of the proposed filing containing information subject to this Stipulation and Protective Order, identifying this Stipulation and Protective Order by date.

Ex. A at 7.  Moreover, General Order M-242 sets forth procedures for parties to file motions under seal with this Court.

    6. In the Daubert Motion, Appaloosa references and discusses certain documents produced during discovery.  All of these produced documents have been designated as Confidential or Highly Confidential by the Debtors pursuant to the Stipulation and Protective Order.  Additionally, the Daubert Motion contains references to expert reports, such as the expert report of the Hay Group and the expert report of Eureka Capital Markets, LLC, which rely on

documents that the Debtors have designated as Confidential or Highly Confidential pursuant to the Stipulation and Protective order.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RELIEF REQUESTED

8.  Appaloosa respectfully requests that this Court enter an order, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 authorizing the filing of the Daubert Motion under seal, and, further, proposes that the full un-redacted Daubert Motion remain confidential, be filed under seal, and served on and made available only to the Debtors and their counsel.

## BASIS FOR RELIEF

9.  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities[1] from potential harm that may result from the disclosure of certain confidential information.  This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall . . .
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b) (emphasis added).

---

[1] Section 101(15) of the Bankruptcy Code defines "entity" to include any "person, estate, trust, governmental unit, and United States trustee."  11 U.S.C. § 101(15).

10.     Bankruptcy Rule 9018 sets forth the procedures by which a party may apply for relief under section 107(b).  Specifically, Bankruptcy Rule 9018 provides in pertinent part that, upon motion by a party, the Court "may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . ."  Fed. R. Bankr. P. 9018.

11.     The Second Circuit has ruled that, under section 107(b) and Bankruptcy Rule 9018, commercial information need not be the equivalent of a trade secret to be protected. <u>Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.)</u>, 21 F.3d 24, 28 (2d Cir. 1994).  Further, the Second Circuit has held that a party seeking the sealing of information is only required to show that the information is confidential and commercial, and no showing of "good cause" is necessary.  <u>Video Software</u>, 21 F.3d at 28.  Additionally, this Court has noted that it "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b)."  <u>In re Global Crossing Ltd.</u>, 295 B.R. 720, 723 (Bankr. S.D.N.Y. 2003).

12.     Here, Appaloosa seeks to file the <u>Daubert</u> Motion so as to comply with the terms of the Stipulation and Protective Order.  In particular, the <u>Daubert</u> Motion refers to and describes certain documents that the Debtors have marked Confidential or Highly Confidential pursuant to the terms of the Stipulation and Protective Order.  Thus, the <u>Daubert</u> Motion contains information the parties have agreed to keep confidential.

13.     Accordingly, the Court should enter an order authorizing Appaloosa to file the <u>Daubert</u> Motion with the Court pursuant to General Order M-242 and sealed by the United States Bankruptcy Clerk for the Southern District of New York.  Appaloosa intends to file a

redacted public version of the <u>Daubert</u> Motion which has been redacted so as to prevent the dissemination of confidential information.

## **WAIVER OF MEMORANDUM OF LAW**

14. In accordance with this Court's Order under 11 U.S.C. §§ 102(1) and 105 and Bankruptcy Rules 2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and Administrative Procedures, and (III) Scheduling an Initial Case Conference in Accordance with Local Bankruptcy Rule 1007-2(e) dated October 14, 2004, Appaloosa has cited to the legal authorities upon which it relies within the body of this Motion. Accordingly, Appaloosa respectfully submits that the Motion satisfies the requirement of Local Rule 9013-1(b) that a memorandum of law be submitted therewith.

WHEREFORE, Appaloosa respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit "B" authorizing Appaloosa to file the <u>Daubert</u> Motion and exhibits thereto under seal, and granting such other and further relief as is just and proper.

Dated: March 20, 2006
       Miami, Florida

       WHITE & CASE LLP
       Gerard Uzzi (GU-2297)
       1155 Avenue of the Americas
       New York, New York 10036-2787
       (212) 819-8200

       Thomas E Lauria (Admitted *Pro Hac Vice)*
       Frank L. Eaton (FE-1522)
       Linda M. Leali (9526)
       Wachovia Financial Center
       200 South Biscayne Boulevard
       Miami, Florida 33131
       (305) 371-2700

       By: <u>/s/ Frank L. Eaton</u>
           Frank L. Eaton (FE-1522)

       COUNSEL TO APPALOOSA
       MANAGEMENT L.P.