WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
Gerard Uzzi (GU-2297)

Wachovia Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Thomas E Lauria (Admitted *Pro Hac Vice*)
Frank L. Eaton (FE-1522)
Linda M. Leali (9526)

ATTORNEYS FOR APPALOOSA
MANAGEMENT L.P.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Delphi Corporation, <u>et al.</u> | ) | Case No. 05-44481 (RDD) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**APPALOOSA MANAGEMENT L.P.'S MOTION FOR AN ORDER PURSUANT TO 11
U.S.C. § 107(b) AND FED. R. BANKR. P. 9018 TO FILE UNDER SEAL ITS
EMERGENCY MOTION FOR ENTRY OF AN ORDER STRIKING THE EXPERT
REPORT AND DIRECT TESTIMONY OF KEITH S. WILLIAMS AND EXHIBITS
THERETO**

TO:    THE HONORABLE ROBERT D. DRAIN,
       UNITED STATES BANKRUPTCY JUDGE:

        Appaloosa Management L.P. ("Appaloosa"), collectively with and through certain

of its affiliates, by and through its undersigned counsel, hereby files this motion (the "Motion"),

for entry of an order pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C.

§§ 101, <u>et. seq.</u>, (as amended, the "Bankruptcy Code"), and Rule 9018 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") allowing Appaloosa to file under seal its

Emergency Motion For Entry Of An Order Striking The Expert Report And Direct Testimony Of

Keith S. Williams (the "Motion to Strike") and Exhibits Thereto.  In support of this Motion,

Appaloosa respectfully represents as follows:

## BACKGROUND

1.    On October 8, 2005, Delphi Corporation ("Delphi") and its affiliated

debtors and debtors in possession (collectively, with Delphi, the "Debtors") filed voluntary

petitions for relief under chapter 11 of the Bankruptcy Code in this Court, thereby commencing

the above-captioned jointly administered cases (the "Cases").

2.    On December 22, 2005, Appaloosa filed a motion under section

1102(a)(2) of the Bankruptcy Code for an order directing the United States Trustee for the

Southern District of New York (the "U.S. Trustee") to appoint an equity committee in these

Cases (the "Equity Committee Motion").  The Debtors, the Official Committee of Unsecured

Creditors, the U.S. Trustee, and JPMorgan Chase Bank, N.A. as Prepetition Agent filed

oppositions to the Equity Committee Motion.  The hearing to consider the Equity Committee

Motion is currently set for March 21, 2006 (the "Hearing").

3.    In preparing for the Hearing, Appaloosa requested documents relating to

issues central to its Equity Committee Motion, including, but not limited to, the solvency of the

Debtors and the adequacy of shareholder representation in these Cases.  Appaloosa and the

Debtors engaged in a series of "meet and confer" conference calls to resolve discovery disputes

and, ultimately, agreed on the scope and timing of production.  Between February 7 and 20,

2006, the Debtors produced seven boxes of documents.  As a result of the Debtors' failure to

produce certain agreed upon documentation, on February 27, 2006, Appaloosa filed its Motion

To File Under Seal (1) Its Motion To Compel Depositions and Exhibits Thereto and (2) Its

Motion To Compel Production of Documents and Exhibits Thereto.   On March 2, 2006, this

Court held an informal conference on the parties' discovery disputes.  Shortly thereafter,

between March 4 and 9, 2006, the Debtors produced an additional 5,000 pages of documents to

Appaloosa.

4.    On March 7, 2006, Appaloosa deposed John Sheehan, an officer of the

Debtors, who has personal knowledge concerning issues central to the Equity Committee

Motion, including, but not limited to, the solvency of the Debtors and the adequacy of

shareholder representation in these bankruptcy proceedings.  On March 15, 2006, Appaloosa

deposed Keith S. Williams,  Debtors' lead actuary.

5.    On January 31, 2006, this Court entered the Stipulation and Agreed

Protective Order Governing Production and Use of Confidential and Highly Confidential

Information in Connection with the Motion of Appaloosa Management L.P. for an Order

Directing the United States Trustee to Appoint an Equity Committee and Objections Filed

Thereto (the "Stipulation and Protective Order") (a copy of which is attached hereto as Exhibit

"A"), pursuant to which the Debtors and Appaloosa agreed to keep certain information

confidential.  In pertinent part, the Stipulation and Protective Order provides:

> If documents, materials or other information . . . designated as
> Confidential or Highly Confidential are to be included in any
> papers to be filed in this Court or any other court, counsel
> intending to file such documents shall first seek entry of a
> protective order under 11 U.S.C. § 107(b) or other applicable
> authority with respect to filing those portions of the proposed filing
> containing information subject to this Stipulation and Protective
> Order, identifying this Stipulation and Protective Order by date.

Ex. A at 7.  Moreover, General Order M-242 sets forth procedures for parties to file motions

under seal with this Court.

6.    In the Motion to Strike and annexed exhibits, Appaloosa references, discusses, and otherwise includes copies of the transcript from the deposition of John Sheehan taken March 7, 2006 (the "Sheehan Deposition"), copies of the transcript from the deposition of Keith S. Williams taken March 15, 2006 (the "Williams Deposition") and copies of the expert report and declaration of Keith S. Williams, executed March 13, 2006 (the "Williams Report"). The Sheehan Deposition, Williams Deposition and Williams Report have been designated as Confidential or Highly Confidential by the Debtors pursuant to the Stipulation and Protective Order. Additionally, the Motion to Strike contains references to the expert reports of the Hay Group and Adam Reese, both of which rely on documents that the Debtors have designated as Confidential or Highly Confidential pursuant to the Stipulation and Protective order.

### JURISDICTION AND VENUE

7.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### RELIEF REQUESTED

8.    Appaloosa respectfully requests that this Court enter an order, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 authorizing the filing of the Motion to Strike under seal, and, further, proposes that the full un-redacted Motion to Strike remain confidential, be filed under seal, and served on and made available only to the Debtors and their counsel.

### BASIS FOR RELIEF

9.    Section 107(b) of the Bankruptcy Code provides bankruptcy courts with

the power to issue orders that will protect entities[1] from potential harm that may result from the

disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court <u>shall</u> . . .
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b) (emphasis added).

10.     Bankruptcy Rule 9018 sets forth the procedures by which a party may

apply for relief under section 107(b). Specifically, Bankruptcy Rule 9018 provides in pertinent

part that, upon motion by a party, the Court "may make any order which justice requires (1) to

protect the estate or any entity in respect of a trade secret or other confidential research,

development or commercial information . . . ." Fed. R. Bankr. P. 9018.

11.     The Second Circuit has ruled that, under section 107(b) and Bankruptcy

Rule 9018, commercial information need not be the equivalent of a trade secret to be protected.

<u>Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.)</u>, 21 F.3d

24, 28 (2d Cir. 1994). Further, the Second Circuit has held that a party seeking the sealing of

information is only required to show that the information is confidential and commercial, and

no showing of "good cause" is necessary. <u>Video Software</u>, 21 F.3d at 28. Additionally, this

Court has noted that it "is required to grant that relief upon the motion of a party in interest,

assuming the information is of the type listed in section 107(b)." <u>In re Global Crossing Ltd.</u>,

295 B.R. 720, 723 (Bankr. S.D.N.Y. 2003).

---

[1]      Section 101(15) of the Bankruptcy Code defines "entity" to include any "person, estate, trust, governmental unit, and United States trustee." 11 U.S.C. § 101(15).

12.     Here, Appaloosa seeks to file the Motion to Strike and exhibits thereto that refer to the Sheehan Deposition and the Williams Deposition which the Debtors have designated as Highly Confidential pursuant to the terms of the Stipulation and Protective Order. Moreover, the Motion to Strike and exhibits thereto refer to and describe certain documents that the Debtors have marked Confidential or Highly Confidential pursuant to the terms of the Stipulation and Protective Order. Thus, the Motion to Strike contains information the parties have agreed to keep confidential.

13.     Accordingly, the Court should enter an order authorizing Appaloosa to file the Motion to Strike and its exhibits with the Court pursuant to General Order M-242 and sealed by the United States Bankruptcy Clerk for the Southern District of New York. Appaloosa intends to file a redacted public version of the Motion to Strike which has been redacted so as to prevent the dissemination of confidential information.

## WAIVER OF MEMORANDUM OF LAW

14.     In accordance with this Court's Order under 11 U.S.C. §§ 102(1) and 105 and Bankruptcy Rules 2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and Administrative Procedures, and (III) Scheduling an Initial Case Conference in Accordance with Local Bankruptcy Rule 1007-2(e) dated October 14, 2004, Appaloosa has cited to the legal authorities upon which it relies within the body of this Motion. Accordingly, Appaloosa respectfully submits that the Motion satisfies the requirement of Local Rule 9013-1(b) that a memorandum of law be submitted therewith.

WHEREFORE, Appaloosa respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit "B" authorizing Appaloosa to file the Motion to Strike and exhibits thereto under seal, and granting such other and further relief as is just and proper.

Dated: March 20, 2006
      Miami, Florida

                    WHITE & CASE LLP
                    Gerard Uzzi (GU-2297)
                    1155 Avenue of the Americas
                    New York, New York 10036-2787
                    (212) 819-8200

                    Thomas E Lauria (Admitted *Pro Hac Vice*)
                    Frank L. Eaton (FE-1522)
                    Linda M. Leali (9526)
                    Wachovia Financial Center
                    200 South Biscayne Boulevard
                    Miami, Florida 33131
                    (305) 371-2700

                    By: /s/ Frank L. Eaton
                    Frank L. Eaton

                    COUNSEL TO APPALOOSA
                    MANAGEMENT L.P.

**<u>EXHIBIT</u> <u>A</u>**

no save date (document not saved) (2K)
[Document13]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, <u>et al.</u>, | : | Case No. 05–44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STIPULATION AND AGREED PROTECTIVE ORDER GOVERNING PRODUCTION
AND USE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION IN
CONNECTION WITH THE MOTION OF APPALOOSA MANAGEMENT L.P. FOR AN
ORDER DIRECTING THE UNITED STATES TRUSTEE TO APPOINT AN EQUITY
<u>COMMITTEE AND OBJECTIONS FILED THERETO</u>**

This Stipulation and Agreed Protective Order is entered into and submitted to the Court in

accordance with the agreement of counsel for Delphi Corporation ("Delphi") and certain of its

subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (the

"Debtors"), on the one hand, and Appaloosa Management L.P. ("Appaloosa"), on the other hand

(the Debtors and the signatories to this Stipulation and Agreed Protective Order being collectively

the "Parties"), that discovery requested and other information provided in connection with the

Motion of Appaloosa Management L.P. Pursuant to 11 U.S.C. § 1102(a)(2) for an Order Directing

the United States Trustee to Appoint an Equity Committee in these Chapter 11 Cases (Docket No.

1604) and objections filed thereto (the "Motion") may involve the production of information

considered sensitive, confidential, personal, proprietary, and/or protected by statutory or other

legal privilege; and it appearing to the Court that there is good and sufficient cause that the relief

should be granted,

IT IS THEREFORE ORDERED:

      1.   The terms of this stipulation and agreed protective order (the "Stipulation and Protective Order") shall take full force and effect upon execution by the Parties.

      2.   Pursuant to Federal Rules of Civil Procedure 26(c), made applicable here through Federal Rules of Bankruptcy Procedure 7026 and Local Rule 7026-1, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and sections 105 and 107 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330, as amended (the "Bankruptcy Code"), this Stipulation and Protective Order shall govern all discovery by the Parties relating to the Motion.

      3.   Any signatory to this Stipulation and Protective Order may designate as "Highly Confidential" any document, deposition testimony, or other information given by or on behalf of the Parties, and all information derived therefrom that a Party reasonably believes reflects non-public trade secrets, competitively sensitive business or development plans, forward-looking financial information, or personal information (the "Highly Confidential Information"). In addition, any signatory may designate as "Confidential" any other non-public information in any document, deposition testimony, or other information given by or on behalf of the Parties (the "Confidential Information") that the Party reasonably believes contains confidential information the distribution and use of which should be restricted in accordance with the terms of this Stipulation and Protective Order. Documents shall be designated as Confidential or Highly Confidential (a) by placing or affixing the words "Confidential" or "Highly Confidential" on each such document, (b) by written notice to other Parties, or (c) by virtue of the fact that any such document is otherwise already labeled as Confidential or Highly Confidential. Deposition testimony or deposition exhibits may be designated as Confidential or Highly Confidential either on the record during the deposition itself or by written notice (which may be by email) delivered within two (2) business days following receipt of the transcript by the Party who seeks to designate such deposition testimony as Confidential or Highly Confidential. Where deposition testimony or exhibits are designated as Confidential or Highly Confidential, the

deposition transcript or deposition exhibits shall be so marked as Confidential or Highly
Confidential, as appropriate.

    4. Inadvertent failure to designate materials as Confidential or Highly
Confidential at the time of production or at the time of a deposition may be remedied at any time
thereafter by supplemental written notice (which may be by email) delivered within two (2)
business days after the production of such materials. Upon the service of such notice, the identified
materials shall be fully subject to this Stipulation and Protective Order as if the materials had been
initially designated as Confidential or Highly Confidential.

    5. Material designated as Confidential pursuant to this Stipulation and Protective
Order shall be inspected by and disseminated only to the following persons:

      a. the Court and its staff;

      b. the Parties and counsel of record to the Parties, and clerical, secretarial, and
paralegal staff employed by such counsel;

      d. the Parties' retained professional advisors in the above-captioned cases;

      e. any deponent, counsel for the deponent, and clerical, secretarial, and
paralegal staff employed by such counsel; and

      f. court reporters and videographers engaged for recording testimony of a
deposition relating to the Motion.

    6. Material designated as Highly Confidential pursuant to this Stipulation and
Protective Order shall be inspected by and disseminated only to the following persons:

      a. the Court and its staff;

      b. those counsel of record to the Parties, and clerical, secretarial, and paralegal
staff employed by such counsel, who are involved in the litigation or negotiation of the Motion;

      d. the Parties' retained professional advisors in the above-captioned cases,
to the extent they are involved in the litigation or negotiation of the Motion;

      e. any deponent, counsel for the deponent, and clerical, secretarial, and

paralegal staff employed by such counsel, to the extent such deponent is actually shown Highly Confidential Information in connection with a deposition taken in connection with the Motion; and

> f.    court reporters and videographers engaged for recording testimony of a deposition relating to the Motion.

> 7.    Confidential Information and Highly Confidential Information, or any information derived therefrom, shall be used or disclosed by a receiving Party solely for the purpose of the Motion, including litigation or negotiation of any objections thereto, and not for any other purpose whatsoever. Any person receiving Confidential Information or Highly Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information.

> 8.    The inadvertent production of any Confidential or Highly Confidential document, material, or other information subject to a claim of attorney-client privilege, attorney work product, or any other privilege or discovery exemption shall not be deemed to be a waiver of any claim of privilege, confidentiality, or other protection with respect to that or any other document, material, or information. In the event that any document or material that is subject to a claim that it is confidential, privileged, or protected from discovery on any other ground is inadvertently produced, the Party who received the inadvertently produced document or material shall return it and all copies of it to the producing Party within three (3) business days after it receives written notice (by letter or email) from the producing Party that the document or material was inadvertently produced. In the case of Confidential or Highly Confidential documents or materials that were inadvertently produced without the appropriate designation but that were otherwise intended to be produced, the producing Party shall return to the Party to whom the documents or materials were inadvertently produced copies of the documents and materials containing the appropriate designation within three (3) business days of receipt of the returned documents or materials.

4

9.    If at any time a Party objects to the designation of documents or

information produced or testimony given as Confidential or Highly Confidential under this

Stipulation and Protective Order, the objecting Party shall notify the designating Party in

writing (which may be by email). The objecting Party shall identify the documents or

information in question and shall specify in reasonable detail the reasons for the objection.

Within two (2) business days of the receipt of such notice, the disclosing and objecting Parties

shall meet and confer in an effort to resolve their differences. If the Parties cannot resolve

their differences, the disclosing Party may apply within two (2) days thereafter, or such longer

time as the Parties may agree, for a ruling from the Court on the propriety of the designation.

While any such application is pending, the documents or information that are subject to the

application shall remain Confidential or Highly Confidential, as the case may be, until the

Court rules. If the disclosing Party does not apply to the Court for a ruling on the propriety of

the designation within two (2) days after the conclusion of the meet and confer, or within such

time as the Parties may agree, the documents or information that are subject of the dispute will

no longer be deemed Confidential or Highly Confidential. The disclosing Party shall have the

burden of proving, to the Court's satisfaction and by a preponderance of the evidence, that the

document or information qualifies as sufficiently confidential, under Rule 26(c) of the Federal

Rules of Civil Procedure and/or Rule 9018 of the Federal Rules of Bankruptcy Procedure, that

its dissemination and use should be restricted in accordance with the terms of this Stipulation

and Protective Order.

10.    Nothing in this Stipulation and Protective Order shall be construed as

preventing any Party from objecting to the designation of any document or information as

Confidential or Highly Confidential or preventing any Party from seeking further protection

from the Court for any materials or information it produces in discovery.

11.    Within thirty (30) days after the entry of an order by this Court

confirming a plan of reorganization or dismissing the cases, whichever first occurs, all

5

documents and other material designated as Confidential or Highly Confidential pursuant to
this Stipulation and Protective Order, and all copies thereof, including but not limited to any
notes or other transcriptions made therefrom, shall either be (a) returned to the producing
Party or Party creating such information, or (b) destroyed. If the receiving Party chooses to
destroy any such documents or materials, then that Party shall deliver a certificate attesting to
that destruction to the Party who produced the Confidential or Highly Confidential documents
or materials within thirty (30) days after the entry of an order by this Court confirming a plan
of reorganization or dismissal of the cases, as the case may be.

      12.   If documents, materials or information (including portions of deposition
transcripts) designated as Confidential or Highly Confidential are to be included in any papers
to be filed in this Court or any other court, counsel intending to file such documents shall first
seek entry of a protective order under 11 U.S.C. § 107(b) or other applicable authority with
respect to filing those portions of the proposed filing containing information subject to this
Stipulation and Protective Order, identifying this Stipulation and Protective Order by date.

      13.   This Stipulation and Protective Order shall not be construed to affect in
any way the admissibility of any document, testimony, or other evidence at a hearing on the
Motion.

      14.   Nothing in this Stipulation and Protective Order shall be construed to
limit any disclosing Party's use or disclosure of its own documents, materials, or information.
In addition, nothing in this Stipulation and Protective Order shall prevent or in any way limit
disclosure, use, or dissemination of any information or documents that are in the public
domain. This Stipulation and Order shall not prejudice in any way the rights of any Party to
introduce into evidence or use at a hearing on the Motion any document, testimony, or other
information that is subject to this Stipulation and Protective Order.

      15.   Any non-party producing discovery materials in connection with the
Motion may be included in this Stipulation and Protective Order by endorsing a copy of this

Stipulation and Protective Order and delivering it to the requesting Party who, in turn, will serve it upon counsel for the other Parties and file it with the Court. The Parties to the Motion may designate discovery materials produced by a non-Party to the Motion as Confidential or Highly Confidential in accordance and consistent with the terms and provisions of this Stipulation and Protective Order.

16.    This Stipulation and Protective Order shall not prevent any Party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Protective Order, or from agreeing with other Parties to modify this Stipulation and Protective Order, subject to the approval of the Court.

17.    This Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Stipulation and Protective Order upon appropriate motion by a party in interest.

So Ordered in New York, New York, this 31st day of January, 2006

/s/ ROBERT D. DRAIN
Honorable Robert D. Drain
United States Bankruptcy Judge

7

AGREED TO AND
APPROVED FOR ENTRY:

/s/ David E. Springer
John Wm. Butler, Jr.
David E. Springer
John K. Lyons
Ron E. Meisler
Mark A. McDermott
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
(312) 407-0700

Attorneys for Delphi Corporation, et al.,
and Debtors and Debtors-in-Possession

/s/ Christina M. Frohock
Gerard Uzzi
Thomas E. Lauria
Rudolph F. Aragon
Christina Frohock
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200

–and–

Wachovia Financial Center
200 South Biscayne Boulevard – Suite 4900
Miami, FL 33131
(305) 371-2700

Counsel for Appaloosa Management L.P.

8

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Delphi Corporation, et al. | ) | Case No. 05-44481 (RDD) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

---

**ORDER GRANTING MOTION OF APPALOOSA MANAGEMENT L.P. FOR
AN ORDER PURSUANT TO 11 U.S.C. § 107(b) AND FED. R. BANKR. P. 9018
TO FILE UNDER SEAL ITS EMERGENCY MOTION FOR ENTRY OF AN
ORDER STRIKING THE EXPERT REPORT AND DIRECT TESTIMONY OF
KEITH S. WILLIAMS AND EXHIBITS THERETO**

Upon the motion, dated March 20, 2006 (the "Motion"), of Appaloosa

Management L.P. ("Appaloosa") seeking an order pursuant to 11 U.S.C. § 107(b) of chapter 11

of title 11 of the United States Code, 11 U.S.C. §§ 101, et. seq., (as amended, the "Bankruptcy

Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

authorizing Appaloosa Management L.P. to file under seal its Emergency Motion For Entry Of

An Order Striking The Expert Report And Direct Testimony Of Keith S. Williams (the "Motion

to Strike") and Exhibits Thereto; and it appearing that the Court has jurisdiction over this matter;

and it appearing that due notice of the Motion has been provided and that no other or further

notice need be provided; and it further appearing that the relief requested in the Motion is in the

best interests of the Debtors, their estates, creditors and equity security holders; and upon all of

the proceedings had before the Court; and after due deliberation and sufficient cause appearing

for allowing Appaloosa to file under seal the Motion to Strike and exhibits thereto, it is hereby

ORDERED, that the relief requested in the Motion is hereby GRANTED; and it is

further

ORDERED, that pursuant to 11 U.S.C. § 107(b) and Bankruptcy Rule 9018

Appaloosa is authorized to file the Motion to Strike and exhibits thereto under seal; and it is

further

ORDERED, that the Motion to Strike shall remain confidential and shall be

served on and made available only to the Debtors and their counsel and such other parties as may

be agreed to by the Debtors and Appaloosa, or such parties that the Court may authorize;

provided however, Appaloosa shall be authorized to file publicly a version of the Motion to

Strike which has been redacted so as to prevent the dissemination of information designated as

confidential.

Dated:  New York, New York
        March __, 2006

_____
Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE