WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
Gerard Uzzi (GU-2297)

Wachovia Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Thomas E Lauria (Admitted Pro Hac Vice)
Frank L. Eaton (FE-1522)
Linda M. Leali

ATTORNEYS FOR APPALOOSA
MANAGEMENT L.P.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| Delphi Corporation, et al., | Case No. 05-44481 |
| | Jointly Administered |
| Debtors. | |

**DECLARATION OF DOUGLAS P. BAUMSTEIN
PURSUANT TO LOCAL BANKRUPTCY RULE 9077-1**

DOUGLAS P. BAUMSTEIN, hereby declares, under penalty of perjury as follows:

1. I am an associate of White & Case, LLP, counsel to Appaloosa Management L.P. ("Appaloosa"), collectively with and through certain of its affiliates, one of Delphi Corporation's ("Delphi") largest shareholders, beneficially owning approximately 9.3% of Delphi's issued and outstanding shares.

2. I submit this affidavit pursuant to Local Bankruptcy Rule 9077-1 in support of the Motion of Appaloosa Management L.P. for an Order Pursuant to 11 U.S.C. §

1

107(B) and Fed. R. Bankr. P. 9018 to File under Seal its Emergency Motion For Entry Of An Order Striking The Expert Report And Direct Testimony Of Keith S. Williams (the "Motion to Strike").

3. By the proposed order, Appaloosa seeks an order, pursuant to section 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., (as amended, the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the filing of the Motion to Strike under seal, and, further, proposes that the full un-redacted Motion to Strike remain confidential and be served on and made available only to the Debtors and their counsel.

## MOTION TO FILE UNDER SEAL

4. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. In addition, Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

5. On December 22, 2005, Appaloosa filed a motion under section 1102(a)(2) of the Bankruptcy Code for an order directing the United States Trustee for the Southern District of New York to appoint an equity committee in these Cases (the "Equity Committee Motion").

6.  On January 31, 2006, the Court entered the Stipulation and Agreed Protective Order Governing Production and Use of Confidential and Highly Confidential Information in Connection with the Motion of Appaloosa Management L.P. for an Order Directing the United States Trustee to Appoint an Equity Committee and Objections Filed Thereto (the "Stipulation and Protective Order"), pursuant to which the Debtors and Appaloosa agreed to keep certain information confidential. In pertinent part, the Stipulation and Protective Order provides:

> If documents, materials or other information . . . designated as Confidential or Highly Confidential are to be included in any papers to be filed in this Court or any other court, counsel intending to file such documents shall first seek entry of a protective order under 11 U.S.C. § 107(b) or other applicable authority with respect to filing those portions of the proposed filing containing information subject to this Stipulation and Protective Order, identifying this Stipulation and Protective Order by date.

Ex. A to the Motion to File Under Seal at 7.

7.  In preparing for the hearing on the Equity Committee Motion, Appaloosa requested documents relating to issues central to its Equity Committee Motion, including, but not limited to, the solvency of the Debtors and the adequacy of shareholder representation in these Cases. Appaloosa and the Debtors engaged in a series of "meet and confer" conference calls to resolve discovery disputes and, ultimately, agreed on the scope and timing of production. Between February 7 and 20, 2006, the Debtors produced seven boxes of documents. As a result of the Debtors' failure to produce certain agreed upon documentation, on February 27, 2006, Appaloosa filed its Motion To File Under Seal (1) Its Motion To Compel Depositions and Exhibits Thereto and (2) Its Motion To Compel Production of Documents and Exhibits Thereto. On March 2, 2006, this Court held an informal conference on the parties' discovery disputes.

Shortly thereafter, between March 4 and 16, 2006, the Debtors produced an additional 5,000 pages of documents to Appaloosa.

8.  On March 7, 2006, Appaloosa deposed John Sheehan, an officer of the Debtors, who has personal knowledge concerning issues central to the Equity Committee Motion, including, but not limited to, the solvency of the Debtors and the adequacy of shareholder representation in these bankruptcy proceedings. On March 15, 2006, Appaloosa deposed Keith S. Williams, Debtors' lead actuary.

9.  In the Motion to Strike and annexed exhibits, Appaloosa references, discusses, and otherwise includes copies of the transcript from the deposition of John Sheehan taken March 7, 2006 (the "Sheehan Deposition"), copies of the transcript from the deposition of Keith S. Williams taken March 15, 2006 (the "Williams Deposition") and copies of the expert report and declaration of Keith S. Williams, executed March 13, 2006 (the "Williams Report"). The Sheehan Deposition, Williams Deposition and Williams Report have been designated as Confidential or Highly Confidential by the Debtors pursuant to the Stipulation and Protective Order. Additionally, the Motion to Strike contains references to the expert reports of the Hay Group and Adam Reese, both of which rely on documents that the Debtors have designated as Confidential or Highly Confidential pursuant to the Stipulation and Protective order. Accordingly, Appaloosa respectfully requests that the Court grant its request to file the Motion to Strike and related exhibits under seal.

10. No previous application has been made for the relief sought herein.

Executed: New York, New York
March 20, 2006

_____
Douglas P. Baumstein

5