**Hearing Date: March 21, 2006 at 10:00 a.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
David E. Springer (DS 9331)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                :
    In re                               :    Chapter 11
                                                :
DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                                                :
                            Debtors.:    (Jointly Administered)
                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DEBTORS' OPPOSITION TO APPALOOSA MANAGEMENT L.P.'S
EMERGENCY MOTIONS TO STRIKE AND/OR EXCLUDE EXPERT TESTIMONY

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this combined Opposition to (i) Appaloosa Management L.P.'s Daubert Motion to Exclude Rebuttal Report of David L. Resnick and All Portions of the Resnick Declaration Relating to Such Excluded Topics ("Exclusion Motion"), and (ii) the Emergency Motion of Appaloosa Management L.P. for Entry of an Order Striking the Expert Report of and Direct Testimony of Keith Williams, each dated March 20, 2006 ("Motion to Strike").

I. <u>All Portions Of Mr. Resnick's Rebuttal Expert Report And Declaration Should Be Allowed</u>

1. In its Exclusion Motion, Appaloosa argues that two portions of Mr. Resnick's rebuttal expert report should be excluded because neither an analysis of securities market pricing nor a review of balance sheet information constitutes an "accepted valuation methodology for a going concern." Exclusion Motion at 2. Appaloosa's motion misses the point. Mr. Resnick is not offering (nor was he asked to perform) a formal "valuation" of Delphi as a restructured going concern. Rather, Mr. Resnick is a <u>rebuttal</u> <u>expert</u> who was called upon to respond to the submissions Eureka Capital made in support of Appaloosa's motion for appointment of an equity committee. This he has done by pointing out that Appaloosa has ignored the relevant evidence that courts consider in passing upon such a motion and that Appaloosa's methodology of valuation is defective, to boot.

2. Throughout, Appaloosa has attempted to turn the hearing on its motion into a trial over the ultimate valuation of Delphi as a reorganized company.

2

Appaloosa forgets the legal standards that apply to its present motion, which Judge Lifland set out in In re Williams Communications:

> The appointment of official equity committees should be the rare exception. Such committees should not be appointed unless equity holders establish that (i) there is a substantial likelihood that they will receive a meaningful distribution in the case under a strict application of the absolute priority rule, and (ii) they are unable to represent their interests in the bankruptcy case without an official committee. The second factor is critical because, in most cases, even those equity holders who do expect a distribution in the case can adequately represent their interest without an official committee and can seek compensation if they make a substantial contribution in the case.

In re Williams Communications Group, Inc., 281 B.R. 216, 222 (Bankr. S.D.N.Y. 2002) (Lifland, B.J.). In determining whether a debtor appears to be hopelessly insolvent, the Williams court specifically rejected the notion that a formal valuation was required. Id. Accordingly, because a "valuation" is not required for purposes of considering a motion for appointment of an equity committee, an expert can hardly be disqualified for not having performed one.

        3.     Instead, according to Williams, courts should reach "a practical conclusion, based on a confluence of factors," including, among others, an insolvent balance sheet, verified schedules of assets and liabilities showing an equity deficiency, and the trading value of public bonds. Williams, 281 B.R. at 221.

        4.     Similarly, In re Loral Space & Communications Ltd., Case No. 03-41710 (Bankr. S.D.N.Y. Dec. 2, 2003) (Drain, B.J.), this Court identified "the threshold" question on a motion for appointment of an equity committee—and one on which the movant has the burden of proof—as whether "there is sufficient equity in the estate to justify the cost and expense of a separate committee." (Loral Hearing Tr. at 128.) In Loral, this Court considered, with respect to that threshold question, "both the book value

3

of the debtors, from their [publicly] filed SEC reporting, as well as the agreed upon range of trading prices" of securities.  (Id. at 131.)

5. The debtors' book value and the range of trading prices of Delphi's securities are evidence that Mr. Resnick has considered, but which Appaloosa has ignored.  Appaloosa's attack on Mr. Resnick is yet another tactic designed to divert attention from the fact that Appaloosa's own experts have neglected to address the matters that the courts consider most salient.

6. Moreover, when Mr. Resnick goes on to critique the valuation "method" that Appaloosa has employed, he does so on the basis of impeccable expert credentials.  Mr. Resnick has over twenty years of experience in the restructuring field and has testified as an expert in numerous complex restructuring cases.  Notably, in In re Union Fin. Servs. Group, Inc., 303 B.R. 390, 424 (Bankr. E.D. Mo. 2003), the Court specifically found that "the views of Mr. David Resnick, who is the head of restructuring at Rothschild & Co. and is extremely experienced and well-qualified in the area of corporate financial restructuring and has personally been engaged in over 50 significant restructurings and bankruptcies, is entitled to substantial weight."  See also In re Service Merchandise Co., 256 B.R. 744, 754 (Bankr. M.D. Tenn. 2000) (noting Mr. Resnick's "helpful and credible testimony").

II. There Is No Basis To Strike Keith Williams's Testimony

7. Appaloosa's attack on Keith Williams is equally misdirected.

8. Adam Reese, Appaloosa's expert, acknowledges that Williams is a qualified actuary.  (Reese Dep. Tr. 24:17-25:8.) Moreover, in Mr. Reese's supplemental

4

declaration, he nowhere suggests that he was unable to discover the bases for Mr. Williams's opinions and conclusion because of instructions not to answer.

9. In fact, Mr. Williams fully disclosed the bases for his opinions and conclusions. Not once, at deposition, was he instructed not to answer legitimate inquiry going to the bases of his opinions. What did occur was Appaloosa's persistent effort to intrude on the Debtors' ongoing negotiations with General Motors and their unions under the pretext of discovery into the expert's opinions. Moreover, Mr. Williams was tendered as an expert, and the scope of his examination limited, to rebuttal of the expert opinions offered by Mr. Reese. This was necessarily a focused deposition, and not an opportunity for Appaloosa generally to root about in the Debtors' affairs.

10. In Appaloosa's view, the deposition of a rebuttal actuarial expert is an opportunity for a proponent of an equity committee to engage in boundless discovery into highly sensitive matters as to which even the official creditors' committee has limited access. This is simply unreasonable.

11. Mr. Williams' report identifies five assumptions made by the Hay Group that, in his opinion, are overly optimistic. At deposition, Mr. Reese of the Hay Group admitted that the five assumptions that Mr. Williams identified involved topics about which reasonable actuaries could disagree. (Reese Dep. Tr. 88:1 – 89:6.) In other words, Appaloosa's actuarial expert has effectively conceded that Mr. Williams' identification of debatable assumptions can contribute to the Court's understanding and

5

assessment of the limitations of the Hay Group's expert report.  There is no sound reason why the Court should deprive itself of the opportunity to review and consider Mr. Williams' expert rebuttal report and declaration.

Dated: New York, New York
       March 21, 2006

        SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP

        By: s/ David E. Springer
           John Wm. Butler, Jr. (JB 4711)
           David E. Springer (DS 9331)
           John K. Lyons (JL 4951)
           Ron E. Meisler (RM 3026)
        333 West Wacker Drive, Suite 2100
        Chicago, Illinois  60606
        (312) 407-0700

        - and -

        By: s/ Kayalyn A. Marafioti
           Kayalyn A. Marafioti (KM 9632)
           Thomas J. Matz (TM 5986)
        Four Times Square
        New York, New York 10036
        (212) 735-3000

        Attorneys for Delphi Corporation, et al.,
          Debtors and Debtors-in-Possession