O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
(212) 326-2000
Jessica Kastin (JK 2288)

-and-

O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
Robert A. Siegel (RS 0922)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                    :
    In re                           :   Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :   Case No. 05-44481 (RDD)
                                    :
                    Debtors.        :   (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

APPLICATION UNDER LOCAL BANKRUPTCY
RULE 2090-1(b) FOR ADMISSION *PRO HAC VICE*

("PRO HAC VICE APPLICATION")

   1.   Jessica Kastin ("Movant"), a member in good standing of the Bar of the

State of New York, an attorney admitted to practice before the United States District Court for

the Southern District of New York, and an associate with O'Melveny & Myers LLP, hereby submits this application (the "Application") for an order permitting Lonie A. Hassel of Groom Law Group, Chartered, to practice pro hac vice before the United States Bankruptcy Court for the Southern District of New York, to appear and represent Delphi Corporation and certain of its subsidiaries and affiliates, the debtors and debtors-in-possession (collectively, the "Debtors") as special employee benefits counsel, under Rule 2090-1(b) of the Local Bankruptcy Rules of the Southern District of New York (the "Local Rules"). In support of the Application, the Movant states as follows:

2. Lonie A. Hassel is a principal of Groom Law Group and has appeared before numerous bankruptcy and district courts across the country. Based on the annexed certification, Ms. Hassel is admitted, practicing, and in good standing as a member of the bar of the District of Columbia, the United States District Courts for the District of Columbia, Maryland, Eastern District of Michigan, and Central District of Illinois, the U.S. Courts of Appeals for the Second, Fourth, Fifth, Sixth, Eighth, Eleventh, and District of Columbia Circuits, and the U.S. Supreme Court. Ms. Hassel has been practicing law since 1980. There are no disciplinary proceedings pending against Ms. Hassel.

3. The Movant requests that this Court allow this Application so that Ms. Hassel may file pleadings and appear and be heard at hearings in the above-referenced chapter 11 cases.

4. Pursuant to the annexed certificate, Ms. Hassel submits to the disciplinary jurisdiction of this Court for any alleged misconduct that occurs in the course, or the preparation, of these cases. In addition, as indicated on the attached certificate, Ms. Hassel has acquired or has access to a copy of the Local Bankruptcy Rules and is generally familiar with such rules.

5.   Ms. Hassel agrees to pay a fee of $25 on entry of an order granting his admission to practice pro hac vice.

### Memorandum Of Law

6.   Because the legal points and authorities upon which this Application relies are incorporated herein, the Debtors respectfully request that the requirement of service and filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

WHEREFORE, the Movant respectfully requests that this Court enter an order (a) permitting Lonie A. Hassel to appear pro hac vice in association with the Movant as special employee benefits counsel for the Debtors in these chapter 11 cases and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       March 21, 2006

O'MELVENY & MYERS LLP

By: s/ Jessica Kastin
    Jessica Kastin (JK 2288)
Times Square Tower
7 Times Square
New York, New York 10036
(212) 326-2000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

3

## CERTIFICATE

The undersigned certifies that she is eligible for admission to this Court, is admitted to practice, and is in good standing in the jurisdictions set forth in the Application, submits to the disciplinary jurisdiction of this Court for any alleged misconduct that arises in the course, or the preparation of, these chapter 11 cases pursuant to Local Bankruptcy Rules for the Southern District of New York, and has acquired or has access to a copy of such rules and is generally familiar with such rules.

Dated: Washington, DC
March 21, 2006

Lonie A. Hassel
GROOM LAW GROUP, CHTD
1701 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 857-0620

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x
                                  :
      In re                            :     Chapter 11
                                  :
DELPHI CORPORATION, et al.,      :     Case No. 05-44481 (RDD)
                                  :
                Debtors.        :     (Jointly Administered)
                                  :
------------------------------ x

ORDER UNDER LOCAL BANKRUPTCY
RULE 2090-1(b) GRANTING ADMISSION *PRO HAC VICE*

("PRO HAC VICE ORDER")

Upon consideration of the motion (the "Motion") of Jessica Kastin, an associate with the law firm O'Melveny & Myers LLP, for the admission pro hac vice of Lonie A. Hassel; and upon all of the proceedings had before the Court; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

ORDERED that Lonie A. Hassel is permitted to appear pro hac vice as special employee benefits counsel to Delphi Corporation, et al., in the above-captioned chapter 11 cases; and it is further

ORDERED that the requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:     New York, New York
            March ___ , 2006

_____
UNITED STATES BANKRUPTCY JUDGE