**REDACTED**

Hearing Date and Time: March 21, 2006 @ 10:00 a.m.

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
Gerard Uzzi (GU-2297)

Wachovia Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Thomas E Lauria (Admitted *Pro Hac Vice*)
Frank L. Eaton (FE-1522)
Linda M. Leali

ATTORNEYS FOR APPALOOSA
MANAGEMENT L.P.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| Delphi Corporation, et al., ) | Case No. 05-44481 |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |

**APPALOOSA MANAGEMENT L.P.'S DAUBERT MOTION TO EXCLUDE**
**EXPERT REBUTTAL REPORT OF DAVID L. RESNICK AND ALL PORTIONS**
**OF THE RESNICK DECLARATION RELATING TO SUCH EXCLUDED TOPICS**

Appaloosa Management L.P. ("Appaloosa"), collectively with and through certain

of its affiliates, one of Delphi Corporation's ("Delphi") largest shareholders, beneficially owning

approximately 9.3% of Delphi's issued and outstanding shares, by and through its undersigned

counsel, moves on the following grounds to exclude the expert rebuttal report, dated March 14,

2006 (the "Rothschild Report"), submitted by David L. Resnick of Rothschild, Inc. on behalf of

Delphi and its affiliated debtors and debtors in possession (the "Debtors"), as well as all portions

**REDACTED**

of the Declaration of David L. Resnick in Support of Debtors' Objection (the "Resnick Declaration"), dated March 14, 2006, that relate to such excluded topics.

**PRELIMINARY STATEMENT**

1. Before an expert report can become part of the trial record, the conclusions must meet the threshold reliability requirements set forth in Rule 702 of the Federal Rules of Evidence and the Daubert decision, which govern the admissibility of expert testimony. Among other things, Rule 702 demands (i) that the conclusions derived by an expert be the product of reliable principles and methods, and (ii) that the expert apply those principles and methods reliably to the case.

2. According to the standards articulated in Rule 702, the Rothschild Report's conclusions regarding ▮▮▮▮▮▮▮▮ and the ▮▮▮▮▮▮▮▮ should be excluded from the record in their entirety. Neither of these is an accepted valuation methodology for a going concern. Indeed, the Rothschild Report fails ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ As noted in detail below, each of these methodologies is wholly unreliable in determining the actual value of the Debtors as a viable business concern when they emerge from reorganization.

3. Taken in their totality, the strategies employed in the Rothschild Report exhibit an utter disregard for industry standards in determining the value of a going concern and, consequently, render the conclusions proffered in the Rothschild Report no more than speculation and conjecture. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ should be stricken in their

**REDACTED**

entirety, along with all portions of the Resnick Declaration that relate to such topics.

## STATEMENT OF FACTS

4. On October 8, 2005 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"), thereby commencing their jointly-administered chapter 11 cases (the "Cases"). The Debtors continue to operate their businesses as debtors and debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

<u>Objections to the Equity Committee Motion</u>

5. On March 2, 2006, the Debtors filed their objection to the Equity Committee Motion (the "Debtors' Objection") [D.I. 2629].[1] The Debtors argue that an equity committee should not be appointed because: (i) the Debtors are hopelessly insolvent and equity holders cannot expect a meaningful recovery; (ii) equity holders' interests are adequately represented; and (iii) the costs of an official equity committee are substantial and unwarranted.

6. Also on March 2, 2006, the Creditors' Committee filed its objection to the Equity Committee Motion (the "Creditors' Committee Objection") [D.I. 2634]. The Creditors' Committee contends that an equity committee should not be appointed because: (i) official equity committees are rarely appointed; (ii) the interests of existing equity holders will be adequately represented; (iii) Appaloosa has failed to show that the Debtors are solvent; and (iv) the appointment of an official equity committee will result in significant costs to the estates.

<u>Expert Reports Relating to the Debtors' Solvency</u>

7. As shown by Appaloosa's expert reports and supplemental declarations prepared

---

[1] Appaloosa has received a number of responses and objections to the Equity Committee Motion. A detailed summary of those filings is provided in Appaloosa Management L.P.'s Memorandum of Law in Reply to Objections to its Motion Pursuant to 11 U.S.C. § 1102(a)(2) for an Order Directing the United States Trustee to Appoint an Equity Committee in these Chapter 11 Cases, which is being filed concurrently herewith.

**REDACTED**

by ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ and the ▅▅▅▅▅, the Debtors will not be insolvent at the time they emerge from chapter 11 reorganization. To the contrary, upon emergence from bankruptcy, there is every likelihood that equity will be in the money.

8.  ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅

9.  ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅

**REDACTED**



10.

11.

2

**REDACTED**



12.

**REDACTED**



### RELIEF REQUESTED

14. The Rothschild Report addressing ▮▮▮▮▮▮▮▮▮▮ and the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ of reliability established under Rule 702 of the Federal Rules of Evidence and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), and should be excluded in its entirety.

### ARGUMENT

I. **THE ROTHSCHILD REPORT IS THE PRODUCT OF UNRELIABLE PRINCIPLES AND METHODS AND SHOULD BE EXCLUDED UNDER RULE 702 AND *DAUBERT*.**

15. A court should exclude proffered expert testimony whenever it fails to meet the minimum standards of reliability established under Rule 702 of the Federal Rules of Evidence and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). In relevant part, Rule 702 provides as follows:

**REDACTED**

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) <u>the testimony is the product of reliable principles and methods</u>, and (3) the witness has applied the principles and methods reliably to the case.

Fed. R. Evid. 702 (emphasis added).

16. Whether an expert's methodology is sufficiently reliable under Rule 702 depends on several non-exclusive factors articulated in <u>Daubert</u>, including (a) whether the expert's technique can – and has been – tested; (b) whether the method has gained general acceptance within a relevant expert community; (c) the known or potential rate of error of a technique or theory when applied; (d) the existence and maintenance of standards and controls; and (e) the degree to which the technique or theory has been generally accepted in the scientific community. See <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 149-50 (1999).

17. The proponent of expert testimony must establish its admissibility by a preponderance of the evidence. <u>Lippe v. Bairnco Corp.</u>, 288 B.R. 678, 685 (S.D.N.Y. 2003). The Court assumes the role of "gatekeeper" to exclude unhelpful and unreliable expert testimony. <u>Daubert</u>, 509 U.S. at 2795. An expert's failure to demonstrate an "objective, independent validation of [his] methodology" warrants the exclusion of his testimony. <u>Moore v. Ashland Chem. Inc.</u>, 151 F.3d 269, 276 (5th Cir. 1998).

18. As set forth in detail below, the methodologies employed in the Rothschild Report lack any indicia of reliability under Rule 702 and, as such, should be excluded in its entirety.

A.  ████████████████████████████████████████

19.  ████████████████████████████████████████

████████████████████████████████████████████

**REDACTED**

█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
███████████████████████████████

20.   ███████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
███



█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
████████████████████████████████████████████████
█████████████████████████████████████████████████████████

**REDACTED**



**REDACTED**



23.

**REDACTED**



24.

B.

25.

26.

---
4

**REDACTED**



27.

28.

**REDACTED**



29.

**REDACTED**



30.

31.

**REDACTED**



32.

33. Based on the preceding, it is clear that the appropriate valuation of the Debtors' assets should be grounded upon their earning capacity as reorganized entities, not upon their balance sheet. See In re Mirant Corp., 334 B.R. 800, 816 (Bankr. N.D. Tex. 2005) ("The court has found in numerous opinions support for valuation of a chapter 11 debtor through the use of the DCF Method and the Comparable Method . . . . The court finds these methods of valuation the most likely to ensure that Mirant Group is valued based on the worth of its future ability to produce income.") (citing In re Bush Indus., Inc., 315 B.R. 292, 299-02 (Bankr. W.D.N.Y. 2004); In re Exide Techs., 303 B.R. 48, 65 (Bankr. D. Del. 2003); In re Cellular Info. Sys., Inc., 171 B.R. 926, 930 (Bankr. S.D.N.Y. 1994); In re Pullman Constr. Indus. Inc., 107 B.R. 909 (Bankr. N.D. Ill. 1989)); see also Loral December Tr. 131:16-132:3, supra, (petitioning shareholders relied solely on 'back of the envelope accounting' as they produced no evidence other than the debtors' book value derived from SEC filings along with a range of trading

**REDACTED**

prices). In <u>Bush</u>, the bankruptcy court also found that, for the court to conduct an appropriate valuation of a debtor in the context of a cram down under Section 1129(b) of the Bankruptcy Code, the debtor must demonstrate its present value as a reorganized entity based upon the debtor's earning capacity. 315 B.R. at 299.



**REDACTED**

████████████████████████████████

36.    WHEREFORE, Appaloosa respectfully requests that this Court enter an order (i) excluding the Rothschild Report's conclusions regarding the ████████████████ ████████ and the ████████████████████████ (ii) excluding those portions of the Resnick Declaration that relate to such excluded topics; and (iii) granting such other and further relief as it deems just and proper.

Dated: March 20, 2006
       Miami, Florida

        WHITE & CASE LLP
        Gerard Uzzi (GU-2297)
        1155 Avenue of the Americas
        New York, New York 10036-2787
        (212) 819-8200

        Thomas E Lauria (Admitted *Pro Hac Vice*)
        Linda M. Leali
        Wachovia Financial Center
        200 South Biscayne Boulevard
        Miami, Florida 33131
        (305) 371-2700

        By: /s/ Frank L. Eaton
            Frank L. Eaton (FE-1522)

        ATTORNEYS FOR APPALOOSA
        MANAGEMENT L.P.