Redacted Version  (Unredacted Version to be Filed Under Seal )

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
Glenn M. Kurtz (GK-6272)
Gerard Uzzi (GU-2297)
Douglas P. Baumstein (DB-1948)

Wachovia Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Thomas E Lauria (Admitted *Pro Hac Vice*)
Frank L. Eaton (FE-1522)
Linda M. Leali

ATTORNEYS FOR APPALOOSA
MANAGEMENT L.P.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| Delphi Corporation, et al. | Case No. 05-44481 (RDD) |
| Debtors. | Jointly Administered |

## EMERGENCY MOTION OF APPALOOSA MANAGEMENT L.P. FOR ENTRY OF AN ORDER STRIKING THE EXPERT REPORT AND DIRECT TESTIMONY OF KEITH S. WILLIAMS

TO:    THE HONORABLE ROBERT D. DRAIN,
       UNITED STATES BANKRUPTCY JUDGE:

Appaloosa Management L.P. ("Appaloosa"), collectively with and through certain of its

affiliates, owning beneficially approximately 9.3% of debtor Delphi Corporation's ("Delphi")

issued and outstanding shares, respectfully submits this memorandum in support of their motion

to strike the written direct testimony and expert opinion of Keith S. Williams:

Redacted Version  (Unredacted Version to be Filed Under Seal )



Redacted Version  (Unredacted Version to be Filed Under Seal )



Redacted Version  (Unredacted Version to be Filed Under Seal )



Redacted Version  (Unredacted Version to be Filed Under Seal )

5.     Information concerning offers made by Delphi or the unions may indicate either

(1) that Delphi is seeking concessions that, if accepted, would create value for the equity

holders of Delphi, or (2) that the unions have already put on the bargaining table sufficient

concessions that would create value for the equity holders of Delphi.  In either scenario, such

information is directly relevant to the issues relevant to Appaloosa's motion.

6.     It is well-settled law in this Circuit – and indeed a basic concept of fairness – that

a party cannot make assertions based on a set of facts exclusively within its knowledge and

refuse to permit inquiry into those facts.  If Debtors wish to attack Appaloosa's experts' reports

for making "speculative" assumptions about potential outcomes of the labor negotiations

between Delphi and its unions, they cannot simultaneously refuse to disclose the actual nature

of negotiations between those entities.  The Court should therefore strike Mr. Williams' written

report and declaration, thereby precluding his direct testimony.

## ARGUMENT

### The Court Should Strike Mr. Williams' Expert Report Because Debtors Challenge Appaloosa's Experts' Assumptions As Unreasonable Without Permitting Inquiry Into Facts Relevant To Determining Their Reasonableness

7.     The law is clear that, absent a privilege, instructions not to answer questions at a

deposition are generally impermissible.  The Federal Rules of Civil Procedure state that "[a]

party may instruct a deponent not to answer <u>only</u> when necessary to preserve a privilege, to

enforce a limitation on evidence directed by the court, or to present a motion" seeking to limit

the scope of a deposition conducted in bad faith or in an unreasonably annoying, harassing or

oppressive manner. Fed. R. Civ. P. 30(d)(1) (emphasis added).  Absent one of the exceptions

Redacted Version  (Unredacted Version to be Filed Under Seal )

stated in the rule, "instructions not to answer questions at a deposition are improper." <u>Gould</u>

<u>Investors, L.P.</u> v. <u>The General Insurance Co. of Trieste & Venice</u>, 133 F.R.D. 103, 104

(S.D.N.Y. 1990).  As none of the exceptions to that general rule apply to Debtors' instructions,

it was clearly improper for them to have instructed the deponent not to answer.

       8.     It is a fundamental rule of fairness that a litigant who wishes to rely on

information entirely within its knowledge must disclose that information to its adversary.  This

rule has been routinely reaffirmed in this Circuit where parties have asserted the defense of

"advice of counsel" while simultaneously claiming attorney-client privilege over that advice.

For example, "[w]here a party in a patent infringement action asserts the advice of counsel as a

defense to a claim of willful infringement, it waives the attorney-client privilege as to the

subject matter of the advice received." <u>Convolve, Inc.</u>, v. <u>Compaq Computer Corp.</u>, 224 F.R.D.

98, 102 (S.D.N.Y. 2004).  The <u>Convolve</u> court explained that, "[t]he rule seeks to promote

fairness, . . . since '<u>it would be fundamentally unfair to allow a party to disclose opinions which</u>

<u>support its position, and simultaneously conceal those which are adverse.</u>'" <u>Id.</u> (citations

omitted, emphasis added); <u>see also</u> <u>Oxyn Telecommunications, Inc.</u> v. <u>Onse Telecom</u>, 2003 WL

660848 (S.D.N.Y.) at *6 ("'a privilege may be impliedly waived where a party makes assertions

in the litigation or asserts a claim that in fairness requires examination of protected

communications.'") (citations omitted).  Simply, fundamental fairness does not permit a realm

of non-disclosure that includes issues put into dispute by the party seeking to prevent disclosure.

       9.     Just as in cases where a party seeks to raise the content of attorney-client

communications as a defense, while simultaneously refusing to disclose that content on grounds

of privilege, Debtors offer the testimony of Williams to challenge the reasonableness of

scenarios proposed by Appaloosa's experts concerning potential outcomes of negotiations

between Delphi and its unions, while refusing to disclose the nature of those negotiations.  To

Redacted Version  (Unredacted Version to be Filed Under Seal )

allow Debtors to attack the reasonableness of opinions of Appaloosa's experts while they fail to

disclose information which might very well justify the assumptions made by the experts – is

patently unfair.[4]

### WAIVER OF MEMORANDUM OF LAW

10.     Pursuant to Local Bankruptcy Rule for the Southern District of New York 9013-

1(b), because there are no novel issues of law presented herein, Appaloosa requests that the

Court waive the requirement that Appaloosa file a memorandum of law in support of this

Motion.

---

[4] Indeed, as set forth in footnote 1, there is good reason to believe that the information sought by Appaloosa concerning Delphi's labor negotiations would tend to confirm, rather than challenge, the reasonableness of the assumptions made by Appaloosa's experts.

Redacted Version  (Unredacted Version to be Filed Under Seal )

## CONCLUSION

11.     For the foregoing reasons, Appaloosa respectfully requests that this Court strike

Williams' written report and his direct testimony, thereby precluding Williams from testifying.

Dated: March 20, 2006
        Miami, Florida

                    WHITE & CASE LLP
                    Glenn M. Kurtz (GK-6272)
                    Gerard Uzzi (GU-2297)
                    Douglas P. Baumstein (DB-1948)
                    1155 Avenue of the Americas
                    New York, New York 10036-2787
                    (212) 819-8200

                    Thomas E Lauria (Admitted *Pro Hac Vice)*
                    Frank L. Eaton (FE-1522)
                    Linda M. Leali
                    Wachovia Financial Center
                    200 South Biscayne Boulevard
                    Miami, Florida 33131
                    (305) 371-2700

                    By:  /s/ Frank L. Eaton
                    Frank L. Eaton

                    COUNSEL TO APPALOOSA
                    MANAGEMENT L.P.