Christopher J. Battaglia (CB-4436)
Julie D. Dyas (JD-4178)
HALPERIN BATTAGLIA RAICHT, LLP
555 Madison Avenue, 9th Floor
New York, New York 10022
Telephone (212) 765-9100
Facsimile (212) 765-0964

Andrew Kochanowski, Esq.
Sommers Schwartz, P.C.
2000 Town Center, Suite 900
Southfield, MI 48075
Telephone (800) 967-1234
Facsimile (248) 746-4001

*Attorneys for Automotive Technologies International, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| DELPHI CORPORATION, *et al.*, | : |
| | : Case No. 05-44481 (RDD) |
| Debtors. | : |
| | : (Jointly Administered) |
| | : |
---------------------------------------------------------x

**AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC.'S MOTION
FOR RELIEF FROM AUTOMATIC STAY TO PROCEED
WITH APPEALS OF PATENT LITIGATION**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

      Automotive Technologies International, Inc., ("ATI"), by and through its counsel of record, Halperin Battaglia Raicht, LLP, hereby moves for relief from automatic stay to allow it to proceed to judgment with two separate but related appeals of certain pending patent litigation, as more fully described herein (the "Motion). In support of its Motion, ATI represents as follows:

**PRELIMINARY STATEMENT**

1. In 2001 and 2003, ATI commenced two separate actions in the United States District Court, Eastern District of Michigan, alleging infringement of two patents relating to side impact sensors and weight sensors by Delphi, among others. The 2003 action, the ATI/Delphi Appeal (defined below), in which Delphi is the sole defendant, alleges violations of ATI's patent for bladder sensors. The 2001 action, the ATI/BMW Appeal (defined below), in which Delphi is one of numerous automotive manufacturer and supplier defendants, alleges violations of ATI's patent for side impact sensors. In addition to these cases, ATI filed a third patent infringement case, Case No. 04-CV-72035-DT, in 2004 before the USDC for the Eastern District of Michigan arising from a second patent for side impact sensors. Delphi was named a defendant in that case along with a number of other automotive suppliers. This case was assigned to the same District Judge as was hearing the original, 2001 side impact case.

2. Well in advance of Delphi's petition date, the District Courts hearing the cases filed in 2001 and 2003 cases ruled that certain claims of the two asserted patents were invalid for technical reasons, entitling the defendants to summary judgment with respect to the alleged patent infringement. As there were potentially some common issues involved, the District Court handling the 2004 side impact sensor case stayed discovery pending the appeal of his ruling. ATI appealed the District Courts' rulings to the United States Court of Appeals for the Federal Circuit, as the Federal Circuit *has exclusive jurisdiction* over all patent appeals.

3. The appeal relevant to the bladder sensor patent in which Delphi is the only defendant-appellee has been fully briefed and is ready for argument (if any) and determination. Briefing on the appeal relevant to the side impact sensor patent has not concluded due to imposition of the automatic stay for Delphi, despite the fact that Delphi is one of twenty-six defendants, many of whom have interests identical to those of Delphi.

4. ATI seeks to lift the automatic stay to allow the Appeals to the Federal Circuit to be adjudicated. It does not seek to lift any stay from the 2004 case at this time. Section 362(d)(1) of the Bankruptcy Code allows for the automatic stay to be lifted if, among other reasons, "cause" to lift the stay exists. There are numerous reasons why "cause" exists to lift the stay with respect to ATI's appeals pending in the Federal Circuit Court of Appeals Importantly, the cases are beyond the trial court level and briefing has either been concluded or there are numerous third-parties who are unduly prejudiced by the delay in resolution of the appeals. Courts have found these factors alone to be sufficient cause to lift the automatic stay. Additionally, the Second Circuit has outlined twelve distinct factors to weigh in determining whether it is appropriate to lift the automatic stay to allow for litigation to be resolved in another forum. Among these factors are (i) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action (here, the Federal Circuit), (ii) whether litigation in another forum would prejudice [or enhance] the interests of other creditors (here the estate would be enhanced by allowing the appeals to continue) (iii) whether the relief would result in complete resolution of the issues (all issues would be resolved by a determination by the Federal Circuit, including liquidation of any ATI claim against the Delphi estate); (iv) lack of interference with the bankruptcy case (Delphi has separate counsel for the matter and many other defendants have the same interests as Delphi and could assume responsibility for the remainder of the case, if desired); (v) the interests of judicial economy and economical resolution of litigation (the Federal Circuit is uniquely informed on issues of patent appeals and the cases are at an advanced stage); and (vi) the balance of harms (as detailed below, ATI, Delphi's co-defendants and the Delphi estate are all bettered by resolution before the Federal Circuit). As discussed herein, these and all of the other relevant factors militate in favor of lifting the automatic stay to allow ATI to proceed with the appeals in the Federal Circuit.

**JURISDICTION**

5. This Court has jurisdiction to hear this matter, pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding, pursuant to 28 U.S.C. § 157.

6. Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The relief requested in this Motion is predicated on 11 U.S.C. § 362(d)(1), and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

8. On October 26, 2004, prior to the Debtor's petition date (the "Petition Date"), ATI filed an appeal with the United States Court of Appeals for the Federal Circuit (the "Federal Circuit"), in which Delphi Corporation ("Delphi" or the "Debtor") is the appellee, of a decision of the United States District Court, Eastern District of Michigan (the "District Court"). The appeal is captioned *Automotive Technologies International, Inc., Plaintiff-Appellant, v. Delphi Corporation, Defendant-Cross Appellant*, case no. 05-1060,-1090 (the "ATI/Delphi Appeal," copies of the Order recognizing Debtor's Chapter 11 filing attached hereto as Exhibit "A"). At issue in the ATI/Delphi appeal is ATI's assertion that Delphi infringed, and continues to infringe, on its patent for bladder sensors, which are a component of a vehicle's occupant protection apparatus (e.g. air bags). The ATI/Delphi Appeal has been stayed pursuant to § 362 of the Bankruptcy Code, as well as by Order of the Federal Circuit dated November 3, 2005.

9. Prior to the Petition Date, briefing of the ATI/Delphi Appeal had been completed and was ready for argument (if any) and decision by the Federal Circuit, but for the parties' consent agreement to voluntarily stay the appeal pending a decision by the Federal Circuit on the ATI/BMW Appeal (defined below).

10. On September 29, 2005, also prior to the Debtor's petition date, ATI filed an appeal with the Federal Circuit of an order of the District Court on patent claim construction and

a partial summary judgment order in favor of certain defendants. The appeal is captioned *Automotive Technologies International, Inc., Plaintiff/Counterclaim Defendant-Appellant, v. BMW of North America, Inc., Defendant/Counterclaimant-Appellee, et al.*, case no. 06-1013,-1037 (the "ATI/BMW Appeal," copies of copies of the Order recognizing Debtor's Chapter 11 filing attached hereto as <u>Exhibit "B,"</u> the ATI/BMW Appeal together with the ATI/Delphi Appeal, the "Appeals"). Delphi Corporation is one of twenty-six (26) Defendant-Appellees to the ATI/BMW Appeal.

11. Over ATI's objection, briefing with respect to the ATI/BMW Appeal was halted due to imposition of the automatic stay. The Federal Circuit indicated that it would, as a first measure, seek to know this Court's view on lifting the automatic stay. As a result of the stay, the still-pending 2004 District Court case is also unable to go forward.

## RELIEF REQUESTED

### *Relief From the Automatic Stay is Warranted Under 11 U.S.C. § 362(d)(1)*

12. ATI seeks relief from the automatic stay, to which it is entitled, to adjudicate the Appeals to decision. Section 362(d)(1) of the Bankruptcy Code provides that:

> (d)   On request of a party in interest after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
>   (1)   *for cause*, including the lack of adequate protection of an interest in property of such party interest;…

11 U.S.C. § 362(d) (emphasis added). Under the application of §362(d)(1), relief from the automatic stay with respect to ATI is warranted for "cause."

13. Courts have often found to permit "litigation to be concluded in another forum, particularly if the nonbankruptcy suit involves multiple parties or is ready for trial." Lawrence P. King, COLLIER ON BANKRUPTCY (15th ed. 2006) at 362.07[3][a]; *see also*, *In re Sonnax Indus.*,

{00015285.1 / 0514-001}    5

*Inc. v. Tri Component Prods. Corp.*, 907 F.2d 1280 (2d Cir. 1990), *In re Castlerock Properties*, 781 F.2d 159 (9th Cir. 1986); *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984). Further, courts have found that "cause" exists to lift the automatic stay when the rights of third parties are involved, in addition to the rights of the debtor. *See Pursifull v. Eakin*, 814 F. 2d 1501 (10th Cir. 1987); *Sovran Bank v. Anderson*, 743 F.2d 731 (4th Cir. 1984); *In re Flores*, 291 B.R. 44 (Bankr. S.D.N.Y. 2003).

14. With respect to the ATI/Delphi Appeal, lifting the stay for cause is merited as the parties have already tried the case at the trial court level, ATI appealed, the appeal has been fully briefed, and the appeal is pending in the Federal Circuit, which is the forum of exclusive jurisdiction over such matters. This is precisely a circumstance under which lifting the automatic stay for cause is appropriate as to do otherwise would result in extreme delay and extreme lack of judicial economy. With respect to the BMW/Delphi Appeal, lifting the stay for cause is also merited as the case has advanced beyond the trial court level and involves twenty-five other defendant-appellees in addition to the debtor-defendant. The issues relevant to the BMW/Appeal are in no way specific to Delphi and the remaining defendant-appellees have an identical interest in thoroughly briefing the issues on appeal. The common interest of the other appellees will minimize the need for Delphi's involvement were the automatic stay to be lifted should Delphi so desire. Further, as with the ATI/Delphi Appeal, the BMW Appeal is pending before the Federal Circuit, which has exclusive jurisdiction over the subject matter. Accordingly, ATI respectfully requests that this Court grant relief from the stay pursuant to §362(d)(1) of the Bankruptcy Code.

### *The Sonnax Factors Compel Relief From the Automatic Stay*

15. As the Court is aware, in addition to the recognized fact patterns in multiple jurisdictions that courts have determined to constitute "cause" for lifting the automatic stay under

§362(d)(1), such as permitting litigation to conclude in another forum if the case is ready for trial or the interests of non-debtor parties to the action, the United States Court of Appeals for the Second Circuit in *In re Sonnax Indus., Inc. v. Tri Component Prods. Corp.*, 907 F.2d 1280, 1286 (2d Cir. 1990) (hereinafter "*Sonnax*") referenced twelve (12) specific factors to be weighed in deciding whether the automatic stay should be lifted to permit litigation to continue in another forum. *See Sonnax* at 1286, *referencing In re Curtis*, 40 B.R. 795. These factors are:

> (1) whether the relief would result in a partial or complete resolution of the issues;
> (2) lack of any connection with or interference with the bankruptcy case;
> (3) whether the other proceeding involves the debtor as a fiduciary;
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
> (5) whether the debtor's insurer has assumed full responsibility for defending it;
> (6) whether the action primarily involves third parties;
> (7) whether litigation in another forum would prejudice the interests of other creditors;
> (8) whether the judgment claim arising from the other action is subject to equitable subordination;
> (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
> (10) the interests of judicial economy and the expeditions and economical resolution of litigation;
> (11) whether the parties are ready for trial in the other proceedings; and
> (12) impact of the stay on the parties and the balance of harms.

*Id.*

16. Of course, not all of the twelve factors will be relevant in every case, and, accordingly, not all of the factors are relevant to the Appeals. *See Mazzeo v. Lenhart* (In re Mazzeo), 167 F.3d 139, 143 (2d Cir. 1999), *In re Enron Corp.*, 306 B.R. 465, 476 (Bankr. S.D.N.Y. 2004). However, the factors that are relevant strongly weigh in favor of lifting the automatic stay and allowing the Appeals to be resolved in the Federal Circuit.

<u>(i) The Federal Circuit is a Specialized Tribunal With</u>
<u>Exclusive Jurisdiction Over Patent Appeals; and</u>
<u>(ii) Lifting the Stay Results in Complete Resolution of the Issues</u>

17. Perhaps most importantly, allowing the Appeals to continue before the Federal Circuit is necessary because the Federal Circuit has exclusive jurisdiction over patent appeals and, as patent appeals from all of the District Courts are heard by the Federal Circuit, only the Federal Circuit has the requisite expertise to decide the Appeals. 28 U.S.C. § 1295. Additionally, given that the Federal Circuit is a specialized tribunal hearing all patent appeals, resolution of the Appeals before the Federal Circuit is the only method to reach final and complete resolution of the issues on appeal. Further, if the automatic stay is lifted and the Federal Circuit makes its determination and ATI is victorious, the Federal Circuit ruling will inherently lead to liquidation of any and all claims ATI may have against the Debtor on account of the patent infringement. Likewise, if the Appeals are successfully defended, ATI's relevant claims against the Debtor's estate will have equally become liquidated.

<u>(iii) Judicial Economy, Economic Resolution of Litigation; and</u>
<u>(iv) Balance of Harm to the Parties</u>

18. Both the interests of judicial economy as well as the balance of harm to the parties militates lifting the automatic stay to allow the Appeals to conclude before the Federal Circuit. Given the advanced stage of the litigation and the familiarity the Federal Circuit has with patent infringement appeals, even were it permissible to adjudicate ATI's claims in the Bankruptcy Court, it would not be economical. Further, though there is no sizeable prejudice to Delphi to having the Appeals continue before the Federal Circuit, ATI is substantially prejudiced by the defendant-appellee's continued infringement and devaluation of ATI's otherwise valuable patents, including infringement by Delphi. The ATI patents are important assets of the petitioner. ATI has developed an extensive patent portfolio, primarily in the automotive safety field, since 1989. The patents assigned to ATI constitute one of the primary assets of the

{00015285.1 / 0514-001}    8

company. The federal patent laws grant ATI, as a patentee, the unquestioned right to exclude others from practicing the patented invention but for only a limited number of years. With the appeals stayed, ATI loses its rights to enjoy the rights conferred by patent laws with each passing month. This alleged continued infringement is, perhaps, the most important reason ATI is entitled to lifting of the automatic stay, as prejudice to ATI's entire business and future operations as a result thereof is so severe. Accordingly, there is "cause" to lift the automatic stay and allow resolution of the Appeals before the Federal Circuit.

<u>(v) The Appeals Are Beyond the Trial Level; and</u>
<u>(vi) The ATI/BMW Appeal Primarily Involves Third Parties</u>

19. Given that one of the *Sonnax* factors is whether the case pending in another forum is ready for trial, the fact that the Appeals are beyond the trial level weighs in favor of granting ATI's request to lift the automatic stay. Additionally, as discussed *supra*, the ATI/Delphi Appeal is fully briefed and ready for argument. Though the ATI/BMW Appeal has not been fully briefed as the Federal Circuit suspended briefing pending this Motion, given that the case has advanced beyond the trial level weighs in favor of lifting the stay. Further, any weight that could have favored Delphi due to the fact that briefing has not concluded in the ATI/BMW Appeal is outweighed by ATI's interests and the interests of the twenty-five co-defendants, as there are multiple co-defendants (for example, General Motors) with identical interests to Delphi that can continue the briefing if, for any reason, Delphi does not wish to have its separate litigation counsel attend to this matter.

<u>(vii) Lack of Interference with the Bankruptcy Case; and</u>
<u>(viii) Litigation Before the Federal Circuit Benefits Other Creditors</u>

20. Allowing the Appeals to proceed will not interfere with the Debtor's bankruptcy case because Delphi already has counsel for this matter, separate and apart from bankruptcy counsel. Further, as in the Appeals ATI seeks both injunctive relief (prohibiting Delphi from

continuing to infringe on its patents) as well as monetary damages for both pre-petition and post-petition infringement of ATI's patents, if ATI is correct in its assertions, ATI will have an administrative claim against Delphi for all post-petition infringements of the patents at issue in the Federal Circuit and the stayed District Court case. It is, thus, crucial to the Debtor's estate to have a determination on the Appeals, as any delay in ruling that Delphi infringed and continues to infringe upon ATI's patents would give rise to significant additional and avoidable administrative claims for any continued post-petition infringement. Accordingly, rather than delaying adjudication of the Appeals, the Appeals should be allowed to go forward as it is not only in ATI's best interests, but it is in the Delphi estate's best interests. Such a result can only be achieved by allowing the Federal Circuit to rule and, if ATI's position is correct, to enjoin Delphi from future violations as quickly as possible, thus minimizing costs to the estate.

<u>(ix) Judgment Not Subject to Equitable Subordination; and</u>
<u>(x) ATI Success Would Not Result in Avoidable Judicial Lien</u>[1]

21. Given the nature of the Appeals and the allegations of patent infringement by the Debtor, there is simply no argument that any judgment that would stem from the Appeals could be subject to equitable subordination or result in an avoidable judicial lien. Therefore, these two factors, as delineated in *Sonnax*, weigh in favor of lifting the automatic stay and allowing the Appeals to conclude before the Federal Circuit as to do so would not be effectively reversed by the rights afforded to the Debtor through the bankruptcy process.

## **WAIVER**

22. Because the authority for the relief requested is cited herein, ATI respectfully requests that this Court waive the requirement of Local Rule 9013-1(b) that a separate memorandum of law be submitted herewith.

---

[1] The remaining two (2) *Sonnax* factors -- whether the other proceeding involves the debtor as a fiduciary, and whether an insurer has assumed responsibility for defending the action -- are irrelevant to the Appeals.

## **CONCLUSION**

WHEREFORE, ATI prays that the automatic stay be lifted so that the pending Litigation before the United States Court of Appeals for the Federal Circuit may proceed to judgment, and that the Court grant such other and further relief as is just.

DATED THIS 22nd day of March, 2006.

HALPERIN BATTAGLIA RAICHT, LLP


By  */s/ Christopher J. Battaglia*
    Christopher J. Battaglia (CB-4436)
    Julie D. Dyas (JD-4178)
555 Madison Avenue, 9th Floor
New York, New York 10022
Telephone (212) 765-9100
Facsimile (212) 765-0964
Email: cbattaglia@halperinlaw.net
       jdyas@halperinlaw.net


-- and --

Andrew Kochanowski, Esq.
Sommers Schwartz, P.C.
2000 Town Center, Suite 900
Southfield, MI 48075
Telephone (800) 967-1234
Facsimile (248) 746-4001
Email: akochanowski@sommerspc.com

Attorneys for Automotive Technologies
 International, Inc.