IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
        In re                                           :   Chapter 11
                                                        :
DELPHI CORPORATION, et al.,                             :   Case No. 05-44481 (RDD)
                                                        :
                              Debtors.                  :   (Jointly Administered)
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

        I, Evan Gershbein, being duly sworn according to law, depose and say that I am
employed by Kurtzman Carson Consultants, LLC, the Court appointed claims and
noticing agent for the Debtors in the above-captioned cases.

        On March 17, 2006, I caused to be served the documents listed below (i) upon the
parties listed on Exhibit A hereto via overnight delivery, (ii) upon the parties listed on
Exhibit B hereto via electronic notification, and (iii) upon the parties listed on Exhibit C
hereto via postage pre-paid U.S. mail:

1)  Stipulation And Agreed Protective Order Governing Production And Use Of
    Confidential And Highly Confidential Information In Connection With The
    Motion Of Appaloosa Management L.P. For An Order Directing The United
    States Trustee To Appoint An Equity Committee And Objections Filed
    Thereto (Docket No. 2832) [a copy of which is attached hereto as Exhibit D]

2)  Stipulation and Agreed Protective Order Governing Production and Use of
    Confidential and Highly Confidential Information in Connection with the
    Motion of Appaloosa Management L.P. for an Order Directing the United
    States Trustee to Appoint an Equity Committee and Objections Filed Thereto
    (Docket No. 2855) [a copy of which is attached hereto as Exhibit E]

3)  Order Under 11 U.S.C. Sections 362, 363, and 365 Authorizing Debtors To (I)
    Obtain Significant Improvement In Energy Costs By Modifying Agreements
    With Lockport Energy Associates L.P. And New York State Electric And Gas
    Corporation, (II) Assume Modified Agreement With Lockport Energy
    Associates L.P., And (III) Consent To Relief From Automatic Stay For
    Limited Purpose Of Allowing Lockport Energy Associates L.P. To Record
    Modified Easements (Docket No. 2856) [a copy of which is attached hereto as
    Exhibit F]

4)  Order Further Extending the Time Within Which Debtors May Remove
    Actions Under 28 U.S.C. Section 1452 and Fed. R. Bankr. P. 9006 and 9027
    (Docket No. 2857) [a copy of which is attached hereto as Exhibit G]

5)  Order Under 11 U.S.C. Sections 363, 1107, and 1108 Authorizing Delphi
    Automotive Systems LLC to Make Equity Investments in Delphi Furukawa

Wiring Systems LLC and Approving Procedures to Make Additional Contributions Without Further Court Approval (Docket No. 2858) [a copy of which is attached hereto as Exhibit H]

6) Order Under 11 U.S.C. Section 363 and Fed. R. Bankr. P. 6004 Authorizing and Approving Sale of Debtors' Equity Interest in Chinese Joint Venture (Docket No. 2859) [a copy of which is attached hereto as Exhibit I]

7) Consent Order Withdrawing Order to Show Cause Issued Against Schmidt Technology GmbH (Docket No. 2860) [a copy of which is attached hereto as Exhibit J]

8) Motion For Order Under 11 U.S.C. Sections 107(b), 501, 502, And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 2866) [a copy of which is attached hereto as Exhibit K]

9) Notice of Presentment Of Order Under 11 U.S.C. Sections 327(a), 328(a), And 1107(b) And Fed. R. Bankr. P. 2014 Authorizing Employment And Retention of Ernst & Young LLP As Independent Auditors, Accountants, And Tax Advisors To Debtors, Effective Nunc Pro Tunc To January 1, 2006 (Docket No. 2867) [a copy of which is attached hereto as Exhibit L]

10) Amended Notice of Presentment of Order Under 11 U.S.C. §§ 327(a), 328(a), and 1107(b) and Fed. R. Bankr. P. 2014 Authorizing Employment and Retention of Ernst & Young LLP as Independent Auditors, Accountants, and Tax Advisors to Debtors, Effective Nunc Pro Tunc to January 1, 2006 (Docket No. 2868) [a copy of which is attached hereto as Exhibit M]

On March 17, 2006, I caused to be served the document listed below upon the parties listed on Exhibit N hereto via overnight delivery:

11) Order Under 11 U.S.C. Sections 362, 363, and 365 Authorizing Debtors To (I) Obtain Significant Improvement In Energy Costs By Modifying Agreements With Lockport Energy Associates L.P. And New York State Electric And Gas Corporation, (II) Assume Modified Agreement With Lockport Energy Associates L.P., And (III) Consent To Relief From Automatic Stay For Limited Purpose Of Allowing Lockport Energy Associates L.P. To Record Modified Easements (Docket No. 2856) [a copy of which is attached hereto as Exhibit F]

On March 17, 2006, I caused to be served the document listed below upon the parties listed on Exhibit O hereto via overnight delivery:

12) Order Further Extending the Time Within Which Debtors May Remove Actions Under 28 U.S.C. Section 1452 and Fed. R. Bankr. P. 9006 and 9027 (Docket No. 2857) [a copy of which is attached hereto as Exhibit G]

On March 17, 2006, I caused to be served the document listed below upon the parties listed on Exhibit P hereto via overnight delivery:

13) Order Under 11 U.S.C. Sections 363, 1107, and 1108 Authorizing Delphi Automotive Systems LLC to Make Equity Investments in Delphi Furukawa Wiring Systems LLC and Approving Procedures to Make Additional Contributions Without Further Court Approval (Docket No. 2858) [a copy of which is attached hereto as Exhibit H]

On March 17, 2006, I caused to be served the document listed below upon the parties listed on Exhibit Q hereto via overnight delivery:

14) Order Under 11 U.S.C. Section 363 and Fed. R. Bankr. P. 6004 Authorizing and Approving Sale of Debtors' Equity Interest in Chinese Joint Venture (Docket No. 2859) [a copy of which is attached hereto as Exhibit I]

On March 17, 2006, I caused to be served the document listed below upon the parties listed on Exhibit R hereto via overnight delivery:

15) Consent Order Withdrawing Order to Show Cause Issued Against Schmidt Technology GmbH (Docket No. 2860) [a copy of which is attached hereto as Exhibit J]

Dated: March 22, 2006

          */s/ Evan Gershbein*
          Evan Gershbein

Subscribed and sworn to (or affirmed) before me on this 22nd day of March, 2006, by Evan Gershbein, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature : ___*/s/ Sarah Elizabeth Frankel*_____

Commission Expires: ___*12/23/08*___

# EXHIBIT A

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Capital Research and Management Company | Michelle Robson | 11100 Santa Monica Blvd | 15th Floor | Los Angeles | CA | 90025 | 310-996-6140 | 310-996-6091 | mlfr@capgroup.com | Creditor Committee Member |
| Cohen Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | b.simon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel for Flextronics International USA, Inc. |
| Davis Polk & Wardwell | Donald Bernstein | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 | 212-450-3092 | donald.bernstein@dpw.com | Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 6328 Monarch Park Place | | Niwot | CO | 80503 | 303-652-4853 | 303-652-4716 | cshiff@flextronics.com | Counsel for Flextronics International |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel for Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 152 West 57th Street | 35th Floor | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel for Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Internal Revenue Service | Attn: Insolvency Department, Maria Valerio | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-436-1038 | 212-436-1931 | mariaivalerio@irs.gov | IRS |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | 48226 | 313-628-3648 | 313-628-3602 | | Michigan IRS |
| IUE-CWA | Henry Reichard | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | hreichardiuecwa@aol.com | Creditor Committee Member |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.fmaher@chase.com richard.duker@jpmorgan.com gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 3

3/21/2006 10:50 AM
MSL lists

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Kurtzman Carson Consultants | James Le | 12910 Culver Blvd. | Suite I | Los Angeles | CA | 90066 | 310-751-1511 | 310-751-1561 | jle@kccllc.com | Noticing and Claims Agent: |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | UCC Professional |
| Law Debenture Trust of New York | Daniel R. Fisher | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel for Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel for Recticel North America, Inc. |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Mesirow Financial | Melissa Knolls | 321 N. Clark St. | 13th Floor | Chicago | IL | 60601 | 800-453-0600 | 312-644-8927 | mknoll@mesirowfinancial.com | UCC Professional |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel for Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | ServeAG@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Meyer LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Meyer LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov efile@pbgc.gov | Counsel for Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel for the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel for Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | 2122185526 | rdremluk@seyfarth.com | Counsel for Murata Electroncs North |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 3

3/21/2006 10:50 AM
MSL lists

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Prepetition Administrative Agent |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel for Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Tyco Electronics Corporation | MaryAnn Brereton, Assistant General Counsel | 60 Columbia Road | | Morristown | NJ | 7960 | 973-656-8365 | 973-656-8805 | | Creditor Committee Member |
| United States Trustee | Deirdre A. Martini | 33 Whitehall Street | Suite 2100 | New York | NY | 10004 | 212-510-0500 | 212-668-2256 | deirdre.martini@usdoj.gov (Do not use for service) | United States Trustee |
| United States Trustee | Alicia M. Leonard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | United States Trustee |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Proposed Conflicts Counsel for the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeffrey.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

3/21/2006 10:50 AM
MSL lists

# EXHIBIT B

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Capital Research and Management Company | Michelle Robson | 11100 Santa Monica Blvd | 15th Floor | Los Angeles | CA | 90025 | 310-996-6140 | 310-996-6091 | mlfr@capgroup.com | Creditor Committee Member |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel for Flextronics International USA, Inc. |
| Davis Polk & Wardwell | Donald Bernstein | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 | 212-450-3092 | donald.bernstein@dpw.com | Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com  karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel for Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 152 West 57th Street | 35th Floor | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel for Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| IUE-CWA | Henry Reichard | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | hreichardiuecwa@aol.com | Creditor Committee Member |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.f.maher@chase.com  richard.duker@jpmorgan.com  gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | James Le | 12910 Culver Blvd. | Suite I | Los Angeles | CA | 90066 | 310-751-1511 | 310-751-1561 | jle@kccllc.com | Noticing and Claims Agent: |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | UCC Professional |
| Law Debenture Trust of New York | Daniel R. Fisher | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 3

3/21/2006 10:50 AM
MSL lists

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel for Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel for Recticel North America, Inc. |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Mesirow Financial | Melissa Knolls | 321 N. Clark St. | 13th Floor | Chicago | IL | 60601 | 800-453-0600 | 312-644-8927 | mknoll@mesirowfinancial.com | UCC Professional |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel for Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | ServeAG@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Meyer LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Meyer LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov efile@pbgc.gov | Counsel for Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel for the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel for Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | 2122185526 | rdremluk@seyfarth.com | Counsel for Murata Electroncs North |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Prepetition Administrative Agent |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 3

3/21/2006 10:50 AM
MSL lists

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel for Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Proposed Conflicts Counsel for the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

3/21/2006 10:50 AM
MSL lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-----|-------|------------------|
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | | 610-230-3064 | 310-687-1052 | david.boyle@airgas.com | Counsel for Airgas, Inc. |
| Ajamie LLP | Thomas A. Ajamie | 711 Louisiana | Suite 2150 | Houston | TX | 77002 | | 713-860-1600 | 713-860-1699 | tajamie@ajamie.com | Counsel for SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Ajamie LLP | Wallace D. Showman | 1350 Avenue of the Americas | 29th Floor | New York | NY | 10019 | | 212-246-6820 | 212-581-8958 | wshowman@ajamie.com | Counsel for SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Akebono Corporation (North America) | Alan Swiech | 34385 Twelve Mile Road | | Farminton Hills | MI | 48331 | | 248-489-7406 | 866-609-0888 | aswiech@akebono-usa.com | Vice President of Administration for Akebono Corporation |
| Akin Gump Strauss Hauer & Feld, LLP | Peter J. Gurfein | 2029 Century Park East | | Los Angeles | CA | 90067 | | 310-552-6696 | 310-229-1001 | pgurfein@akingump.com | Counsel for Wamco, Inc. |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | 949-553-8354 | mgreger@allenmatkins.com | Counsel for Kilroy Realty, L.P. |
| Ambrake Corporation | Ronald L. Jones | 300 Ring Road | | Elizabethtown | KY | 42701 | | 270-765-0208 | 270-234-2395 | rjones@ambrake.com | Representative for Ambrake Corporation |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Andrews Kurth LLP | Gogi Malik | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | gogimalik@andrewskurth.com | Counsel for ITW Mortgage Investments IV, Inc. |
| Andrews Kurth LLP | Monica S. Blacker | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | mblacker@andrewskurth.com | Counsel for ITW Mortgage Investments IV, Inc. |
| Angelo, Gordon & Co. | Leigh Walzer | 245 Park Avenue | 26th Floor | New York | NY | 10167 | | 212-692-8251 | 212-867-6395 | lwalzer@angelogordon.com | |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | 626-577-7764 | mtf@afrct.com | Counsel for Stanley Electric Sales of America, Inc. |
| APS Clearing, Inc. | Andy Leinhoff | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | | 512-314-4416 | 512-314-4462 | aleinoff@amph.com | Counsel for APS Clearing, Inc. |
| APS Clearing, Inc. | Matthew Hamilton | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | | 512-314-4416 | 512-314-4462 | mhamilton@amph.com | Counsel for APS Clearing, Inc. |
| Arent Fox PLLC | Mitchell D. Cohen | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Cohen.Mitchell@arentfox.com | Counsel for Pullman Bank and Trust Company |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Hirsh.Robert@arentfox.com | Counsel for Pullman Bank and Trust Company |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | 404-873-8121 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | 202-942-5999 | joel_gross@aporter.com | Counsel for CSX Transportation, Inc. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | 519-650-6520 | cgalloway@atsautomation.com | Company |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | Kimberly J. Robinson | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | | 312-629-5170 | 312-984-3150 | kim.robinson@bfkpn.com | Counsel for Motion Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | William J. Barrett | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | | 312-629-5170 | 312-984-3150 | william.barrett@bfkpn.com | Counsel for Motion Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | alan.mills@btlaw.com | Counsel for Mays Chemical Company |
| Barnes & Thornburg LLP | John T. Gregg | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3930 | 626-742-3999 | john.gregg@btlaw.com | Counsel to Priority Health |
| Barnes & Thornburg LLP | Patrick E. Mears | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3936 | 616-742-3999 | pmears@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Michael K. McCrory Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | wendy.brewer@btlaw.com michael.mccrory@btlaw.com | Counsel for Gibbs Die Casting Corporation |
| Bartlett Hackett Feinberg P.C. | Frank F. McGinn | 155 Federal Street | 9th Floor | Boston | MA | 02110 | | 617-422-0200 | 617-422-0383 | ffm@bostonbusinesslaw.com | Counsel for Iron Mountain Information Management, Inc. |
| Bernstein Litowitz Berger & Grossman | Eileen McNerney | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1485 | 212-554-1444 | eileen@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | 2125541444 | hannah@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Bernstein Litowitz Berger & Grossman | John P. Coffey | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1409 | 2125541444 | sean@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | | 313-496-1200 | 313-496-1300 | murph@berrymoorman.com | Counsel for Kamax L.P.; Optrex America, Inc. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc. |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Patrick M. Costello, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | pcostello@bbslaw.com | Solectron Corporation; Solectron de Mexico SA de CV; Solectron Invotronics and Coherent, Inc. |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | tgaa@bbslaw.com | Counsel to  Veritas Software Corporation |
| Blank Rome LLP | Bonnie Glantz Fatell | Chase Manhattan Centre | 1201 Market Street, Suite 800 | Wilmington | DE | 19801 | | 302-425-6423 | 302-428-5110 | fatell@blankrome.com | Counsel for Special Devices, Inc. |
| Blank Rome LLP | Marc E. Richards | The Chrysler Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | 212-885-5002 | mrichards@blankrome.com | Counsel for DENSO International America, Inc. |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | 313-393-7579 | rmcdowell@bodmanllp.com | Counsel for Freudenberg-NOK; General Partnership; Freudenberg NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | chill@bsk.com | Counsel for Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | csullivan@bsk.com | Counsel for Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | sdonato@bsk.com | Counsel for Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Bose McKinney & Evans LLP | Jeannette Eisan Hinshaw | 135 N. Pennslyvania Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-684-5296 | 317-684-5173 | jhinshaw@boselaw.com | Counsel for Decatur Plastics Products, Inc. and Eikenberry & Associates, Inc.; Lorentson Manufacturing, Company, Inc.; Lorentson Tooling, Inc.; L & S Tools, Inc.; Hewitt Tool & Die, Inc. |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | amcmullen@bccb.com | Counsel for Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | rjones@bccb.com | Counsel for Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | 856-853-9933 | dludman@brownconnery.com | Counsel for SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | 415-227-0770 | schristianson@buchalter.com | Counsel for Oracle USA, Inc.; Oracle Credit Corporation |
| Burr & Forman LLP | Michael Leo Hall | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | | (205) 458-5367 | (205) 244-5651 | mhall@burr.com | Counsel to Mercedes-Benz U.S. International, Inc |
| Cage Williams & Abelman, P.C. | Steven E. Abelman | 1433 Seventeenth Street | | Denver | CO | 80202 | | 303-295-0202 | | sabelman@cagewilliams.com | Counsel for United Power, Inc. |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 732-205-6777 | jonathan.greenberg@engelhard.com | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Robert Usadi | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 212-269-5420 | rusadi@cahill.com | Counsel to Engelhard Corporation |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 17

3/21/2006 10:51 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Calinoff & Katz, LLp | Dorothy H. Marinis-Riggio | 140 East 45th Street | 17th Floor | New York | NY | 10017 | | 212-826-8800 | 212-644-5123 | driggio@candklaw.com | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 300 East Maple Road | Third Floor | Birmingham | MI | 48009-6317 | | 248-644-4840 | 248-644-1832 | rweisberg@carsonfischer.com | Counsel for Cascade Die Casting Group, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | 212-732-3232 | cahn@clm.com | Counsel for STMicroelectronics, Inc. |
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | japplebaum@clarkhill.com | Counsel for BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLC | Seth A. Drucker | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | sdrucker@clarkhill.com | Counsel for BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | 313-965-8252 | rgordon@clarkhill.com | Counsel for ATS Automation Tooling Systems Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel for Arneses Electricos Automotrices, S.A.de C.V.; Cordaflex, S.A. de C.V. |
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel for Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | 412-209-1837 | tmaxson@cohenlaw.com | Counsel for Nova Chemicals, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | 646-473-8238 | jvitale@cwsny.com | Counsel for International Union, United Automobile, Aerospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | 860-727-0361 | srosen@cb-shea.com | Counsel for Floyd Manufacturing Co., Inc. |
| Colbert & Winstead, P.C. | Amy Wood Malone | 1812 Broadway | | Nashville | TN | 37203 | | 615-321-0555 | 615-321-9555 | amalone@colwinlaw.com | Counsel for Averitt Express, Inc. |
| Conlin, McKenney & Philbrick, P.C. | Bruce N. Elliott | 350 South Main Street | Suite 400 | Ann Arbor | MI | 48104 | | 734-971-9000 | 734-971-9001 | Elliott@cmplaw.com | Counsel to Brazeway, Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | 302-658-0380 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |
| Contrarian Capital Management, L.L.C. | Mark Lee, Janice Stanton, Bill Raine, Seth Lax | 411 West Putnam Avenue | Suite 225 | Greenwich | CT | 06830 | | 203-862-8200 (230) 862-8231 | 203-629-1977 (203) 629-1977 | mlee@contrariancapital.com jstanton@contrariancapital.com wraine@contrariancapital.com solax@contrariancapital.com | Counsel to Contrarian Capital Management, L.L.C. |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Sylvie J. Derrien | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | derrien@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Company |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | Pretekin@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Company |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Steven M. Wachstein | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | wachstein@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Company |
| Cornell University | Nancy H. Pagliaro | Office of University Counsel | 300 CCC Building, Garden Avenue | Ithaca | NY | 14853-2601 | | 607-255-5124 | 607-254-3556 | nhp4@cornell.edu | Paralegal/Counsel for Cornell University |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | dpm@curtinheefner.com | Counsel for SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 17

3/21/2006 10:51 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Curtin & Heefner, LLP | Robert Szwajkos | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | rsz@curtinheefner.com | Counsel for SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Andrew M. Thau | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-8898 | 917-368-8898 | athau@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | David S. Karp | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6065 | 212-697-1559 | dkarp@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6065 | 212-697-1559 | sreisman@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| DaimlerChrysler Corporation | Kim Kolb | CIMS 485-13-32 | 1000 Chrysler Drive | Auburn Hills | MI | 48326-2766 | | 248-576-5741 | | krk4@daimlerchrysler.com | Counsel for DaimlerChrysler Corporation; DaimlerChrylser Motors Company, LLC; DaimlerChrylser Canada, Inc. |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | 716-856-5510 | wsavino@damonmorey.com | Counsel for Relco, Inc.; The Durham Companies, Inc. |
| Daniels & Kaplan, P.C. | Jay Selanders | 2405 Grand Boulevard | Suite 900 | Kansas City | MO | 64108-2519 | | 816-221-3086 | 816-221-3006 | selanders@danielsandkaplan.com | Counsel for DaimlerChrysler Corporation; DaimlerChrylser Motors Company, LLC; DaimlerChrylser Canada, Inc. |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | 248-350-7772 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| Deputy Attorney General | Amina Maddox | R.J. Hughes Justice Complex | P.O. Box 106 | Trenton | NJ | 08625 | | 609-984-0183 | 609-292-6266 | amina.maddox@dol.lps.state.nj.us | Deputy Attorney General - State of New Jersey |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | | 212-682-4940 | 212-682-4942 | gdiconza@dlawpc.com | Counsel to Tyz-All Plastics, Inc.; Furukawa Electric North America APD |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | 513-977-8141 | john.persiani@dinslaw.com | Counsel for The Procter & Gamble Company |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | 410-580-3001 | richard.kremen@dlapiper.com | Counsel for Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | dmdelphi@duanemorris.com | Counsel to ACE American Insurance Company |
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | 973-424-2001 | jhlemkin@duanemorris.com | Counsel for NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; Hosiden America Corporation and Samtech Corporation |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | 212-715-8000 | ayala.hassell@eds.com | Representative for Electronic Data Systems Corporation |
| Entergy Services, Inc. | Alan H. Katz | 7411 Highway 51 North | | Southaven | MS | 38671 | | | | akatz@entergy.com | Company |
| Erman, Teicher, Miller, Zucker & Freedman, P.C. | David H. Freedman | 400 Galleria Officentre | Ste. 444 | Southfield | MI | 48034 | | 248-827-4100 | 248-827-4106 | dfreedman@ermanteicher.com | Counsel for Doshi Prettl International, LLC |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | | 516-227-6300 | 516-227-6307 | gettelman@e-hlaw.com | Counsel for Jon Ballin |
| Fagel Haber LLC | Gary E. Green | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | ggreen@fagelhaber.com | Counsel for Aluminum International, Inc. |
| Fagel Haber LLC | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | lnewman@fagelhaber.com | Counsel for Aluminum International, Inc. |
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | | New York | NY | 10004 | | 212-344-2929 | 212-422-6836 | tdonovan@finkgold.com | Counsel for Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | 312-832-4700 | jmurch@foley.com | Counsel for Kuss Corporation |
| Fox Rothschild LLP | Fred Stevens | 13 East 37th Street | Suite 800 | New York | NY | 10016 | | 212-682-7575 | 212-682-4218 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Fox Rothschild LLP | Michael J. Viscount, Jr. | 1301 Atlantic Avenue | Suite 400 | Atlantic City | NJ | 08401-7212 | | 609-348-4515 | 609-348-6834 | mviscount@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | 608-848-6357 | ftrikkers@rikkerslaw.com | Counsel for Southwest Metal Finishing, Inc. |
| Gazes LLC | Ian J. Gazes | 32 Avenue of the Americas | | New York | NY | 10013 | | 212-765-9000 | 212-765-9675 | ian@gazesllc.com | Counsel to Setech, Inc. |
| Gazes LLC | Eric Wainer | 32 Avenue of the Americas | Suite 1800 | New York | NY | 10013 | | 212-765-9000 | 212-765-9675 | office@gazesllc.com | Counsel to Setech, Inc. |
| Genovese Joblove & Battista, P.A. | Craig P. Rieders, Esq. | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | | 305-349-2300 | 305-349-2310 | crieders@gjb-law.com | Counsel for Ryder Integrated Logistics, Inc. |
| Gibbons, Del Deo, Dolan, Griffinger & Vecchione | David N. Crapo | One Riverfront Plaza | | Newark | NJ | 07102-5497 | | 973-596-4523 | 973-639-6244 | dcrapo@gibbonslaw.com | Counsel for Epcos, Inc. |
| Goodwin Proctor LLP | Allan S. Brilliant | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | abrilliant@goodwinproctor.com | Counsel for UGS Corp. |
| Goodwin Proctor LLP | Craig P. Druehl | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | cdruehl@goodwinproctor.com | Counsel for UGS Corp. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | 212-269-2540 | bmehlsack@gkllaw.com | Counsel for International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | 617-574-4112 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |
| Grant & Eisenhofer P.A. | Geoffrey C. Jarvis | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | 302-622-7100 | gjarvis@gqelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | 212-755-6503 | jeisenhofer@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Sharan Nirmul | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | 302-622-7100 | snirmul@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | jh@previant.com | Counsel for International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | mrr@previant.com | Counsel for International Brotherod of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Gratz, Miller & Brueggeman, S.C. | Timothy C. Hall | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | tch@previant.com | Counsel for International Brotherod of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | 513-651-3836 | mdebbeler@graydon.com | Counsel for Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | 314-241-8624 | ckm@greensfelder.com jpb@greensfelder.com | Counsel for ARC Automotive, Inc. |
| Guaranty Bank | Herb Reiner | 8333 Douglas Avenue | | Dallas | TX | 75225 | | 214-360-2702 | 214-360-1940 | herb.reiner@guarantygroup.com | Counsel for American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | 212-765-0964 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation |
| Harris D. Leinwand | Harris D. Leinwand | 350 Fifth Avenue | Suite 2418 | New York | NY | 10118 | | 212-725-7338 | 212-244-6219 | hleinwand@aol.com | Counsel for Baker Hughes Incorporated; Baker Petrolite Corporation |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | 212-545-3360 | prubin@herrick.com | Counsel for Canon U.S.A., Inc. and Schmidt Technology GmbH |
| Hewlett-Packard Company | Anne Marie Kennelly | 3000 Hanover St., M/S 1050 | | Palo Alto | CA | 94304 | | 650-857-6902 | 650-852-8617 | anne.kennelly@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Glen Dumont | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4137 | 908-898-4137 | glen.dumont@hp.com | Counsel for Hewlett-Packard Financial Services Company |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | 740-940-7539 | ken.higman@hp.com | Counsel for Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | 908-898-4133 | sharon.petrosino@hp.com | Counsel for Hewlett-Packard Financial Services Company |
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | 315-425-8576 | echarlton@hiscockbarclay.com | Counsel for GW Plastics, Inc. |
| Hodgson Russ LLP | Cheryl R. Storie | One M&T Plaza | Suite 2000 | Buffalo | NY | 14203 | | 716-848-1275 | 716-849-0349 | cstorie@hodgsonruss.com | Counsel for Hexcel Corporation |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | Carnegie Hall Tower | 152 West 57th Street, 35th Street | New York | NY | 10019 | | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hogan & Hartson L.L.P. | Audrey Moog | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | amoog@hhlaw.com | Counsel for Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | ecdolan@hhlaw.com | Counsel for Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | 212-918-3100 | sagolden@hhlaw.com | Counsel for XM Satellite Radio Inc. |
| Holme Roberts & Owen, LLP | Elizabeth K. Flaagan | 1700 Lincoln | Suite 4100 | Denver | CO | 80203 | | 303-861-7000 | 303-866-0200 | elizabeth.flaagan@hro.com | Counsel for CoorsTek, Inc.; Corus, L.P. |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | 313-465-7315 | dbaty@honigman.com | Counsel for Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | Robert B. Weiss, Frank L. Gorman | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | | 313-465-7000 | 313-465-8000 | rweiss@honigman.com fgorman@honigman.com | Counsel for General Motors Corporation |
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7548 | 313-465-7549 | tsable@honigman.com | Counsel for Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | 419-255-9121 | jrhunter@hunterschank.com | Counsel for ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | 419-255-9121 | tomschank@hunterschank.com | Counsel for ZF Group North America Operations, Inc. |
| Hunton & Williams LLP | Michael P. Massad, Jr. | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | mmassad@hunton.com | Counsel for RF Monolithics, Inc. |
| Hunton & Williams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | sholmes@hunton.com | Counsel for RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | 716-855-0874 | aee@hurwitzfine.com | Counsel for Jiffy-Tite Co., Inc. |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | 317-236-2219 | Ben.Caughey@icemiller.com | Counsel for Sumco, Inc. |

In re: Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 6 of 17

3/21/2006 10:51 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | 408-501-2488 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | 765-456-3836 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | 202-778-2641 | rgriffin@iuoe.org | Counsel for International Brothercod of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Jaffe, Raitt, Heuer & Weiss, P.C. | Paige E. Barr | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | | 248-351-3000 | 248-351-3082 | pbarr@jaffelaw.com | Counsel for Trutron Corporation |
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | 312-840-7381 | rpeterson@jenner.com | Counsel for SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC and Tenneco Inc. |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | 212-755-7306 | sjfriedman@jonesday.com | Counsel for WL. Ross & Co., LLC |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | 312-577-4733 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | 614-464-2634 | kcookson@keglerbrown.com | Counsel for Solution Recovery Services |
| Keller Rohrback L.L.P. | Lynn Lincoln Sarko Cari Campen Laufenberg Erin M. Rily | 1201 Third Avenue | Suite 3200 | Seattle | WA | 98101 | | 206-623-1900 | 206-623-3384 | lsarko@kellerrohrback.com claufenberg@kellerrohrback.com eriley@kellerrohrback.com | Counsel for Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Keller Rohrback P.L.C. | Gary A. Gotto | National Bank Plaza | 3101 North Central Avenue, Suite 900 | Phoenix | AZ | 85012 | | 602-248-0088 | 602-248-2822 | ggotto@kellerrohrback.com | Counsel for Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Kelley Drye & Warren, LLP | Mark I. Bane | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | 212-808-7897 | mbane@kelleydrye.com | Counsel for the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Mark. R. Somerstein | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | 212-808-7897 | msomerstein@kelleydrye.com | Counsel for the Pension Benefit Guaranty Corporation |
| Kennedy, Jennick & Murray | Larry Magarik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | lmagarik@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | sjennik@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 7 of 17

3/21/2006 10:51 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | tkennedy@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| King & Spalding, LLP | Alexandra B. Feldman | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | 212-556-2222 | afeldman@kslaw.com | Counsel for Martinrea International, Inc. |
| King & Spalding, LLP | George B. South, III | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | 212-556-2222 | gsouth@kslaw.com | Counsel for Martinrea International, Inc. |
| Kirkland & Ellis LLP | Geoffrey A. Richards | 200 East Randolph Drive | | Chicago | IL | 60601 | | 312-861-2000 | 312-861-2200 | grichards@kirkland.com | Counsel for Lund Mannufacturing Company |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | 212-536-3901 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Klett Rooney Lieber & Schorling | Eric L. Schnabel DeWitt Brown | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | | (302) 552-4200 | | schnabel@klettrooney.com dbrown@klettrooney.com | Counsel for Entergy |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | 330-497-4020 | sosimmerman@kwgd.com | Counsel to for Millwood, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | | 617-542-3000 | 617-542-3001 | ekutchin@kutchinrufo.com | Counsel for Parlex Corporation |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | | 617-542-3000 | 617-542-3001 | knorthup@kutchinrufo.com | Counsel for Parlex Corporation |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | | smcook@lambertleser.com | Counsel for Linamar Corporation |
| Latham & Watkins | Erika Ruiz | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | erika.ruiz@lw.com | UCC Professional |
| Latham & Watkins | Henry P. Baer, Jr. | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | henry.baer@lw.com | UCC Professional |
| Latham & Watkins | John W. Weiss | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | john.weiss@lw.com | UCC Professional |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | 212-751-4864 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | mitchell.seider@lw.com | UCC Professional |
| Latham & Watkins | Robert Rosenberg | 885 Third Avenue | Suite 1000 | New York | NY | 10022-4834 | | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | UCC Professional |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | 520-879-4705 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | 602-734-3824 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linear Technology Corporation | John England, Esq. | 1630 McCarthy Blvd. | | Milpitas | CA | 95035-7417 | | 408-432-1900 | 408-434-0507 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | 512-443-5114 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | 4692215002 | dallas.bankruptcy@publicans.com | Counsel for Dallas County and Tarrant County |
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | 713-844-3503 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities |
| Loeb & Loeb LLP | P. Gregory Schwed | 345 Park Avenue | | New York | NY | 10154-0037 | | 212-407-4000 | | gschwed@loeb.com | Counsel for Creditor The Interpublic Group of Companies, Inc. and Proposed Auditor Deloitte & Touche, LLP |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | 212-407-4990 | whawkins@loeb.com | Counsel for Industrial Ceramics Corporation |
| Lord, Bissel & Brook | Timothy W. Brink | 115 South LaSalle Street | | Chicago | IL | 60603 | | 312-443-1832 | 312-443-896-6432 | tbrink@lordbissell.com | Counsel for Sedgwick Claims Management Services, Inc. |
| Lord, Bissel & Brook | Timothy S. McFadden | 115 South LaSalle Street | | Chicago | IL | 60603 | | 312-443-0370 | 312-896-6394 | tmcfadden@lordbissell.com | Counsel for Methode Electronics, Inc. |
| Lord, Bissel & Brook LLP | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-947-8304 | 212-947-1202 | kwalsh@lordbissell.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | bnathan@lowenstein.com | Counsel for Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | ilevee@lowenstein.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | krosen@lowenstein.com | Counsel for Cerberus Capital Management, L.P. |

In re: Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 8 of 17

3/21/2006 10:51 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Lowenstein Sandler PC | Michael S. Etkin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | metkin@lowenstein.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | scargill@lowenstein.com | Counsel for Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | vdagostino@lowenstein.com | Counsel for AT&T Corporation |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | | 419-867-8900 | 419-867-8909 | egc@lydenlaw.com | Counsel for Metro Fibres, Inc. |
| MacDonald, Illig, Jones & Britton LLP | Richard J. Parks | 100 State Street | Suite 700 | Erie | PA | 16507-1459 | | 814-870-7754 | 814-454-4647 | rparks@mijb.com | Counsel for Ideal Tool Company, Inc. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | 303-957-2098 | jlanden@madisoncap.com | Representative of Madison Capital Management |
| Margulies & Levinson, LLP | Jeffrey M. Levinson, Esq. Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | 216-514-4936 | jml@ml-legal.com lmc@ml-legal.com | Counsel for Venture Plastics |
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | 312-245-7467 | gsantella@masudafunai.com | Counsel for NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; Hosiden America Corporation and Samtech Corporation |
| Mayer, Brown, Rowe & Maw LLP | Jeffrey G. Tougas | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | 212-506-2500 | jgtougas@mayerbrownrowe.com | Counsel for Bank of America, N.A. |
| Mayer, Brown, Rowe & Maw LLP | Raniero D'Aversa, Jr. | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | 212-506-2500 | rdaversa@mayerbrown.com | Counsel for Bank of America, N.A. |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | 212-609-6921 | dadler@mccarter.com | Counsel to Ward Products, LLC |
| McCarthy Tetrault LLP | John J. Salmas Lorne P. Salzman | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | | 416-362-1812 | 416-868-0673 | jsalmas@mccarthy.ca lsalzman@mccarthy.ca | Counsel for Themselves (McCarthy Tetrault LLP) |
| McDermott Will & Emery LLP | James M. Sullivan | 50 Rockefeller Plaza | | New York | NY | 10020 | | 212-547-5400 | 212-547-5444 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation, National Semiconductor Corporation; Timken Corporation |
| McDermott Will & Emery LLP | Stephen B. Selbst | 50 Rockefeller Plaza | | New York | NY | 10020 | | 212-547-5400 | 212-547-5444 | sselbst@mwe.com | Counsel for National Semiconductor Corporation |
| McDonald Hopkins Co., LPA | Jean R. Robertson, Esq. | 600 Superior Avenue, East | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | jrobertson@mcdonaldhopkins.com | Counsel to Brush Engineered materials |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | 973-622-5314 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuirewoods LLP | Elizabeth L. Gunn | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1178 | 804-698-2186 | egunn@mcguirewoods.com | Counsel for Siemens Logistics Assembly Systems, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | hkolko@msek.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | lpeterson@msek.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | emeyers@mrrlaw.net | Counsel for Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | rrosenbaum@mrrlaw.net | Counsel for Prince George County, Maryland |
| Miami-Dade County, FL | April Burch | 140 West Flagler Street | Suite 1403 | Miami | FL | 33130 | | 305-375-5314 | 305-375-1142 | aburch@miamidade.gov | Paralegal Collection Specialist for Miami-Dade County |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 9 of 17

3/21/2006 10:51 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | | miag@michigan.gov | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | 517-373-2129 | miag@michigan.gov | Attorney General for Worker's Compensation Agency |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raternink | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | 517-373-2129 | raterinkd@michigan.gov | Assistant Attorney General for Worker's Compensation Agency |
| Miles & Stockbridge, P.C. | Kerry Hopkins | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | 410-385-3700 | khopkins@milesstockbridge.com | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | 410-385-3700 | trenda@milesstockbridge.com | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miller Johnson | Thomas P. Sarb / Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748 / 616-831-1726 | 616-988-1748 / 616-988-1726 | sarb@millerjohnson.com / wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | 313-496-8453 | fusco@millercanfield.com | Counsel for Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | 313-496-7997 | greenj@millercanfield.com | Counsel for Wells Operating Partnership, LP |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Paul J. Ricotta | One Financial Center | | Boston | MA | 02111 | | 617-542-6000 | 617-542-2241 | pjricotta@mintz.com | Counsel for Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Stephanie K. Hoos | The Chrysler Center | 666 Third Avenue | New York | NY | 10017 | | 212-935-3000 | 212-983-3115 | skhoos@mintz.com | Counsel for Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | 630-512-8610 | Jeff.Ott@molex.com | Counsel for Molex Connector Corp |
| Montgomery, McCracken, Walker & Rhoads, LLP | Laurie A. Krepto | 123 South Broad Street | | Philadelphia | PA | 19109 | | 215-772-1500 | 215-772-7620 | lkrepto@mmwr.com | Counsel for AMEC Earth & Environmental, Inc. |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | 212-309-6001 | agottfried@morganlewis.com | Counsel for ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | 212-309-6001 | mzelmanovitz@morganlewis.com | Counsel for Hitachi Chemical (Singapore) Pte, Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | 213-612-2501 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | | lberkoff@moritthock.com | Counsel for Standard Microsystems Corporation and its direct and indirect subsidaries Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |
| Morris, Nichols, Arsht and Tunnell | Michael G. Busenkell | PO Box 1347 | | Wilmington | DE | 19899-1347 | | 302-658-9200 | 302-658-3989 | mbusenkell@mnat.com | Counsel for Chicago Miniature Optoelectronic Technologies, Inc. |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 10 of 17

3/21/2006 10:51 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-----|-------|------------------|
| Morris, Nichols, Arsht and Tunnell | Robert J. Dehney | PO Box 1347 | | Wilmington | DE | 19899-1347 | | 302-658-9200 | 302-658-3989 | rdehney@mnat.com | Counsel for Chicago Miniature Optoelectronnic Technologies, Inc. |
| Morrison Cohen LLP | Joseph T. Moldovan Michael R. Dal Lago | 909 Third Avenue | | New York | NY | 10022 | | 212-735-8603 212-735-8757 | 917-522-3103 917-522-3157 | jmoldovan@morrisoncohen.com mdallago@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 3800 Lincoln Plaza | 500 North Akard Street | Dallas | TX | 75201-6659 | | 214-855-7590 214-855-7561 214-855-7587 | 214-855-7584 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel for Texas Instruments Incorporated |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | | 616-977-0077 | 616-977-0529 | sandy@nlsg.com | Counsel for Lankfer Diversified Industries, Inc. |
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | Knathan@nathanneuman.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Nathan, Neuman & Nathan, P.C. | Susanna C. Brennan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | sbrennan@nathanneuman.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | 866-298-4481 | lisa.moore2@nationalcity.com | Vice President and Senior Counsel for National City Commercial Capital |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | 803-256-7500 | george.cauthen@nelsonmullins.com | Counsel for Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| Nix, Patterson & Roach, L.L.P. | Bradley E. Beckworth | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | bbeckworth@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Jeffrey J. Angelovich | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | jangelovich@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Susan Whatley | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | susanwhatley@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Noma Company and General Chemical Performance Products LLC | James Imbriaco | 90 East Halsey Road | | Parsippanny | NJ | 07054 | | 973-884-6952 | 973-515-3244 | jimbriaco@gentek-global.com | |
| Norris, McLaughlin & Marcus | Elizabeth L. Abdelmasieh, Esq | 721 Route 202-206 | P.O. Box 1018 | Somerville | NJ | 08876 | | 908-722-0700 | 908-722-0755 | eabdelmasieh@nmmlaw.com | Counsel for Rotor Clip Company, Inc. |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | dgheiman@jonesday.com | Counsel for WL. Ross & Co., LLC |
| North Point | Michelle M. Harner | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | mmharner@jonesday.com | Counsel for WL. Ross & Co., LLC |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | | 478-742-8706 | 478-746-4488 | cahope@chapter13macon.com | Office of the Chapter 13 Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 11 of 17

3/21/2006 10:51 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | | 512-475-4861 | 512-482-8341 | jay.hurst@oag.state.tx.us | Counsel for The Texas Comptroller of Public Accounts |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | 978-667-9969 | michaelz@orbotech.com | Company |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | 212-506-5151 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | 415-773-5759 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Jonathan P. Guy | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | jguy@orrick.com | Counsel for Westwood Associates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Matthew W. Cheney | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | mcheney@orrick.com | Counsel for Westwood Associates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Richard H. Wyron | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | rwyron@orrick.com | Counsel for Westwood Associates, Inc. |
| Otterbourg, Steindler, Houston & Rosen, P.C. | Melissa A. Hager | 230 Park Avenue | | New York | NY | 10169 | | 212-661-9100 | 212-682-6104 | mhager@oshr.com | Counsel for Sharp Electronics Corporation |
| Otterbourg, Steindler, Houston & Rosen, P.C. | Scott L. Hazan | 230 Park Avenue | | New York | NY | 10169 | | 212-661-9100 | 212-682-6104 | shazan@oshr.com | Counsel for Sharp Electronics Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Curtis J. Weidler | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3157 | 212-373-2053 | cweidler@paulweiss.com | Counsel for Ambrake Corporation; Akebono Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | ddavis@paulweiss.com | Counsel for Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | emccolm@paulweiss.com | Counsel for Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Stephen J. Shimshak | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3133 | 212-373-2136 | sshimshak@paulweiss.com | Counsel for Ambrake Corporation |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | | housnerp@michigan.gov | Assistant Attorney General for State of Michigan, Department of Treasury |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K. Street, N.W. | | Washington | DC | 20005-4026 | | 202-326-4020 | 202-326-4112 | landy.ralph@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Pepe & Hazard LLP | Charles J. Filardi, Jr., Esq. | 30 Jelliff Lane | | Southport | CT | 06890 | | 203-319-4042 | 203-319-4034 | cfilardi@pepehazard.com | Federal Express Corporation |
| Pepper, Hamilton LLP | Anne Marie Aaronson | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | aaronsona@pepperlaw.com | Counsel for Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Linda J. Casey | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | caseyl@pepperlaw.com | Counsel for SKF USA, Inc. |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | 302-421-8390 | jaffeh@pepperlaw.com | Counsel for SKF USA, Inc. |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | lawallf@pepperlaw.com | Counsel for Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Phillips Nizer LLP | Sandra A. Riemer, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | jmanheimer@pierceatwood.com | Counsel for FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | kcunningham@pierceatwood.com | Counsel for FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | karen.dine@pillsburylaw.com | Counsel for Clarion Corporation of America |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 12 of 17

3/21/2006 10:51 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-----|-------|------------------|
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | margot.erlich@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | 7th Floor | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | 714-436-2800 | mark.houle@pillsburylaw.com | Counsel for Clarion Corporation of America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | richard.epling@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | robin.spear@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pitney Hardin LLP | Ronald S. Beacher | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | 212-682-3485 | rbeacher@pitneyhardin.com | Counsel for IBJTC Business Credit Corporation |
| Pitney Hardin LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | 973-966-1015 | rmeth@pitneyhardin.com | Counsel for Marshall E. Campbell Company |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |
| Pryor & Mandelup, LLP | A. Scott Mandelup, Kenneth A. Reynolds | 675 Old Country Road | | Westbury | NY | 11590 | | 516-997-0999 | 516-333-7333 | asm@pryormandelup.com kar@pryormandelup.com | Counsel for National Molding Corporation; Security Plastics Division/NMC LLC |
| QAD, Inc. | Jason Pickering, Esq. | 10,000 Midlantic Drive | | Mt. Laurel | NJ | 08054 | | 856-840-2489 | 856-840-2740 | jkp@qad.com | Counsel to QAD, Inc. |
| Quadrangle Debt Recovery Advisors LLC | Andrew Herenstein | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1742 | 866-741-2505 | andrew.herenstein@quadranglegroup.com | Counsel to Quadrangle Debt Recovery Advisors LLC |
| Quadrangle Group LLC | Patrick Bartels | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1748 | 866-552-2052 | patrick.bartels@quadranglegroup.com | Counsel to Quadrangle Group LLC |
| Quarles & Brady Streich Lang LLP | John A. Harris | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | jharris@quarles.com | Counsel for Semiconductor Components Industries, Inc. |
| Quarles & Brady Streich Lang LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | 520-770-2203 | knye@quarles.com | Counsel for Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation |
| Quarles & Brady Streich Lang LLP | Scott R. Goldberg | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | sgoldber@quarles.com | Counsel for Semiconductor Components Industries, Inc. |
| Reed Smith | Elena Lazarou | 599 Lexington Avenue | 29th Street | New York | NY | 10022 | | 212-521-5400 | 212-521-5450 | elazarou@reedsmith.com | Counsel for General Electric Capital Corporation, Strategic Asset Finance |
| Republic Engineered Products, Inc. | Joseph Lapinsky | 3770 Embassy Parkway | | Akron | OH | 44333 | | 330-670-3004 | 330-670-3020 | jlapinsky@republicengineered.com | Counsel to Republic Engineered Products, Inc. |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | 206-389-1708 | jshickich@riddellwilliams.com | Counsel for Microsoft Corporation; Microsoft Licensing, GP |
| Riemer & Braunstein LLP | Mark S. Scott | Three Center Plaza | | Boston | MA | 02108 | | 617-523-9000 | 617-880-3456 | mscott@riemerlaw.com | Counsel for ICX Corporation |
| Riverside Claims LLC | Holly Rogers | 2109 Broadway | Suite 206 | New York | NY | 10023 | | 212-501-0990 | 212-501-7088 | holly@regencap.com | Riverside Claims LLC |
| Robinson, McFadden & Moore, P.C. | Annemarie B. Mathews | P.O. Box 944 | | Columbia | SC | 29202 | | 803-779-8900 | 803-771-9411 | amathews@robinsonlaw.com | Counsel for Blue Cross Blue Shield of South Carolina |
| Ropers, Majeski, Kohn & Bentley | Christopher Norgaard | 515 South Flower Street | Suite 1100 | Los Angeles | CA | 90071 | | 213-312-2000 | 213-312-2001 | cnorgaard@ropers.com | Counsel for Brembo S.p.A; Bibielle S.p.A.; AP Racing |
| Ropes & Gray LLP | Gregory O. Kaden | One International Place | | Boston | MA | 02110-2624 | | 617-951-7000 | 617-951-7050 | gregory.kaden@ropesgray.com | Attorneys for D-J, Inc. |
| Ropes & Gray LLP | Marc E. Hirschfield | 45 Rockefeller Plaza | | New York | NY | 10111-0087 | | 212-841-5700 | 212-841-5725 | marc.hirschfield@ropesgray.com | Attorneys for D-J, Inc. |
| Rosen Slome Marder LLP | Thomas R. Slome | 333 Earle Ovington Boulevard | Suite 901 | Uniondale | NY | 11533 | | 516-227-1600 | | tslome@rsmllp.com | Counsel for JAE Electronics, Inc. |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | 212-825-9414 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Sachnoff & Weaver, Ltd | Charles S. Schulman, Arlene N. Gelman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | | 312-207-1000 | 312-207-6400 | cschulman@sachnoff.com agelman@sachnoff.com | Counsel for Infineon Technologies North America Corporation |
| Satterlee Stephens Burke & Burke LLP | Christopher R. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | cbelmonte@ssbb.com | Counsel for Moody's Investors Service |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 13 of 17

3/21/2006 10:51 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | dweiner@schaferandweiner.com | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | hborin@schaferandweiner.com | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Max Newman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | mnewman@schaferandweiner.com | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | rheilman@schaferandweiner.com | Counsel for Dott Industries, Inc. |
| Schiff Hardin LLP | Michael Yetnikoff | 623 Fifth Avenue | | New York | NY | 10022 | | 212-753-5000 | 212-753-5044 | myetnikoff@schiffhardin.com | Counsel for  Means Industries |
| Schiff Hardin LLP | William I. Kohn | 6600 Sears Tower | 28th Floor | Chicago | IL | 60066 | | 312-258-5500 | 312-258-5600 | wkohn@schiffhardin.com | Counsel for  Means Industries |
| Schiffrin & Barroway, LLP | Michael Yarnoff | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7056 | 610-667-7706 | myarnoff@sbclasslaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schiffrin & Barroway, LLP | Sean M. Handler | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7706 | 610-667-7056 | shandler@sbclasslaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schulte Roth & Sabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | 212-593-5955 | james.bentley@srz.com | Counsel for Panasonic Auttomotive Systems Company of America |
| Schulte Roth & Sabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | michael.cook@srz.com | Counsel for Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Schulte Roth & Zabel LLP | Carol Weiner Levy | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | carol.weiner.levy@srz.com | Counsel for D.C. Capital Partners, L.P. |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | 404-892-7056 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk, Esq. | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | 617-946-4801 | whanlon@seyfarth.com | Counsel for  le Belier/LBQ Foundry S.A. de C.V. |
| Sheehan Phinney Bass + Green Professional Association | Steven E. Boyce | 1000 Elm Street | P.O. Box 3701 | Manchester | NH | 03105-2347 | | 603-627-8278 | 603-641-2347 | sboyce@sheehan.com | Counsel for Source Electronics, Inc. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | 248-358-2740 | lawtoll@comcast.net | Counsel for Milwaukee Investment Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | 225-757-7674 | rthibeaux@shergarner.com | Counsel for Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | 504-299-2300 | rthibeaux@shergarner.com | Counsel for Gulf Coast Bank & Trust Company |
| Shipman & Goodwin LLP | Jennifer L. Adamy | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5811 | 860-251-5218 | bankruptcy@goodwin.com | Counsel to Fortune Plastics Company of Illinois, Inc.; Universal Metal Hose Co., |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | asherman@sillscummis.com | Counsel for Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | jzackin@sillscummis.com | Counsel for Hewlett-Packard Financial Services Company |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | 203-542-4100 | cfortgang@silverpointcapital.com | Counsel for Silver Point Capital, L.P. |
| Simpson Thacher & Bartlett LLP | Kenneth S. Ziman, Esq. | 425 Lexington Avenue | | New York | NY | 10017 | | 212-455-2000 | 212-455-2502 | cfox@stblaw.com | Counsel to JPMorgan Chase Bank, N.A. |
| Simpson Thacher & Bartlett LLP | William T. Russell, Jr., Esq. | 425 Lexington Avenue | | New York | NY | 10017 | | 212-455-2000 | 212-455-2502 | cfox@stblaw.com | Counsel to JPMorgan Chase Bank, N.A. |
| Smith, Gambrell & Russell, LLP | Barbara Ellis-Monro | 1230 Peachtree Street, N.E. | Suite 3100 | Atlanta | GA | 30309 | | 404-815-3500 | 404-815-3509 | bellis-monro@sgrlaw.com | Counsel for Southwire Company |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | 302652840 | kmiller@skfdelaware.com | Counsel for Airgas, Inc. |
| Sonnenschein Nath & Rosenthal LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | 212-768-6800 | fyates@sonnenschein.com | Counsel for Molex, Inc. and INA USA, Inc. |
| Sonnenschein Nath & Rosenthal LLP | Jo Christine Reed | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | 212-768-6800 | jcreed@sonnenschein.com | Counsel for Molex, Inc. and INA USA, Inc. |
| Sonnenschein Nath & Rosenthal LLP | Robert E. Richards | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | 312-876-7934 | rrichards@sonnenschein.com | Counsel for Molex, Inc. and INA USA, Inc. |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 14 of 17

3/21/2006 10:51 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Sony Electronics Inc. | Lloyd B. Sarakin - Chief Counsel, Finance and Credit | 1 Sony Drive | MD #1 E-4 | Park Ridge | NJ | 07656 | | 201-930-7483 | | lloyd.sarakin@am.sony.com | Counsel to Sony Electronics, Inc. |
| Sotiroff & Abramczyk, P.C. | Robert M. Goldi | 30400 Telegraph Road | Suite 444 | Bingham Farms | MI | 48025 | | 248-642-6000 | 248-642-9001 | rgoldi@sotablaw.com | Counsel for  Michigan Heritage Bank; MHB Leasing, Inc. |
| Squire, Sanders & Dempsey L.L.P. | Eric Marcks | One Maritime Plaza | Suite 300 | San Francisco | CA | 94111-3492 | | | 415-393-9887 | emarcks@ssd.com | Counsel for Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| Squire, Sanders & Dempsey L.L.P. | Penn Ayers Butler | 600 Hansen Way | | Palo Alto | CA | 94304 | | 650-856-6500 | 650-843-8777 | pabutler@ssd.com | Counsel for Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | 502-245-0542 | jmbaumann@steeltechnologies.com | Counsel for Steel Technologies, Inc. |
| Stein, Rudser, Cohen & Magid LLP | Robert F. Kidd | 825 Washington Street | Suite 200 | Oakland | CA | 94607 | | 510-287-2365 | 510-987-8333 | rkidd@srcm-law.com | Counsel for Excel Global Logistics, Inc. |
| Steinberg Shapiro & Clark | Mark H. Shapiro | 24901 Northwestern Highway | Suite 611 | Southfield | MI | 48075 | | 248-352-4700 | 248-352-4488 | shapiro@steinbergshapiro.com | Counsel for Bing Metals Group, Inc.; Central Transport International, Inc.; Crown Enerprises, Inc.; Economy Transport, Inc.; Logistics Insight Corp (LINC); Universal Am-Can, Ltd.; Universal Truckload Services, Inc. |
| Sterns & Weinroth, P.C. | Jeffrey S. Posta | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-3922100 | 609-392-7956 | jposta@sternslaw.com | Counsel for Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Chester B. Salomon, Esq. Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | 212-319-8505 | cs@stevenslee.com  cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | 816-691-3495 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | madison.cashman@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | robert.goodrich@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 | 502-779-8274 | wbeard@stites.com | Counsel to WAKO Electronics (USA), Inc. and Ambrake Corporation |
| Stroock & Stroock & Lavan, LLP | Joseph G. Minias | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | 212-806-6006 | jminias@stroock.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Stroock & Stroock & Lavan, LLP | Kristopher M. Hansen | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | 212-806-6006 | khansen@stroock.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Swidler Berlin LLP | Robert N. Steinwurtzel | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | | 202-424-7500 | 202-424-7645 | rnsteinwurtzel@swidlaw.com | Attorneys for Sanders Lead Co., Inc. |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | | ferrell@taftlaw.com | Counsel for Wren Industries, Inc. |
| Tennessee Department of Revenue | Marvin E. Clements, Jr. | c/o TN Attorney General's Office, Bankruptcy Division | PO Box 20207 | Nashville | TN | 37202-0207 | | 615-532-2504 | 615-741-3334 | marvin.clements@state.tn.us | Tennesse Department of Revenue |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | 212-912-7751 | jforstot@tpw.com | Counsel for TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | 212-912-7751 | lcurcio@tpw.com | Counsel for TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | Japan | 100-8322 | | | 81-3-3286-3919 | niizeki.tetsuhiro@furukawa.co.jp | Legal Department of The Furukawa Electric Co., Ltd. |
| The Timken Corporation BIC - 08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706 | | | | robert.morris@timken.com | Representative of Timken Corporation |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Thelen Reid & Priest LLP | David A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | | 212-603-2000 | 212-603-2001 | dlowenthal@thelenreid.com | Counsel for American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Thelen Reid & Priest LLP | Daniel A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | | 212-603-2000 | 212-603-2001 | dlowenthal@thelenreid.com | Counsel for Oki Semiconductor Company |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | 713-654-1871 | rhett.campbell@tklaw.com | Counsel for STMicroelectronics, Inc. |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 300 | Dallas | TX | 75201 | | 214-969-1505 | 214-969-1609 | john.brannon@tklaw.com | Counsel for Victory Packaging |
| Thurman & Phillips, P.C. | Ed Phillips, Jr. | 8000 IH 10 West | Suite 1000 | San Antonio | TX | 78230 | | 210-341-2020 | 210-344-6460 | ephillips@thurman-phillips.com | Counsel for Royberg, Inc. d/b/a Precision Mold & Tool and d/b/a Precision Mold and Tool Group |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| Togut, Segal & Segal LLP | Albert Togut, Esq. | One Penn Plaza | Suite 3335 | New York | NY | 10119 | | 212-594-5000 | 212-967-4258 | bmcdonough@teamtogut.com | Conflicts counsel to Debtors |
| Tyler, Cooper & Alcorn, LLP | W. Joe Wilson | City Place | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | 860-278-3802 | jwilson@tylercooper.com | Counsel for Barnes Group, Inc. |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | 585-258-2821 | hzamboni@underbergkessler.com | Counsel for McAlpin Industries, Inc. |
| Union Pacific Railroad Company | Mary Ann Kilgore | 1400 Douglas Street | MC 1580 | Omaha | NE | 68179 | | 402-544-4195 | 402-501-0127 | mkilgore@UP.com | Counsel for Union Pacific Railroad Company |
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO | David Jury, Esq. | Five Gateway Center | Suite 807 | Pittsburgh | PA | 15222 | | 412-562-2549 | 412-562-2429 | djury@steelworkers-usw.org | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Varnum, Riddering, Schmidt & Howlett LLp | Michael S. McElwee | Bridgewater Place | P.O. Box 353 | Grand Rapids | MI | 49501-0352 | | 616-336-6827 | 616-336-7000 | msmcelwee@varnumlaw.com | Counsel for Furukawa Electric North America APD |
| Vorys, Sater, Seymour and Pease LLP | Robert J. Sidman, Esq. | 52 East Gay Street | P.O. Box 1008 | Columbus | OH | 43216-1008 | | 614-464-6422 | 614-719-8676 | rjsidman@vssp.com | |
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | | 614-464-8322 | 614-719-4663 | tscobb@vssp.com | Counsel for America Online, Inc. and its Subsidiaries and Affiliates |
| Wachtell, Lipton, Rosen & Katz | Emil A. Kleinhaus | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | EAKleinhaus@wlrk.com | Counsel for Capital Research and Management Company |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | RGMason@wlrk.com | Counsel for Capital Research and Management Company |
| Waller Lansden Dortch & Davis, PLLC | David E. Lemke, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | david.lemke@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Waller Lansden Dortch & Davis, PLLC | Robert J. Welhoelter, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | robert.welhoelter@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2158 | | sgrowsb@wnj.com | Counsel for Behr Industries Corp. |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | 616-222-2185 | gtoering@wnj.com | Counsel for Robert Bosch Corporation |
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | 248-603-9631 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Stevens, L.L.P. | Michael D. Warner | 301 Commerce Street | Suite 1700 | Fort Worth | TX | 76102 | | 817-810-5250 | 817-810-5255 | bankruptcy@warnerstevens.com | Counsel for Electronic Data Systems Corp. and EDS Information Services, L.L.C. |
| Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP | Lei Lei Wang Ekvall | 650 Town Center Drive | Suite 950 | Costa Mesa | CA | 92626 | | 714-966-1000 | 714-966-1002 | lekvall@wgllp.com | Counsel for Toshiba America Electronic Components, Inc. |
| Weinstein, Eisen & Weiss LLP | Aram Ordubegian | 1925 Century Park East | #1150 | Los Angeles | CA | 90067 | | 310-203-9393 | 310-203-8110 | aordubegian@weineisen.com | Counsel for Orbotech, Inc. |
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | 614-222-2193 | gpeters@weltman.com | Counsel to Seven Seventeen Credit Union |
| White & Case LLP | John K. Cunningham | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | | 212-819-8200 | | jcunningham@whitecase.com | Counsel for Appaloosa Management, LP |
| White & Case LLP | Margarita Mesones-Mori | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | 305-358-5744 | mmesonesmori@whitecase.com | Counsel for Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | 414-223-5000 | barnold@whdlaw.com | Counsel for Schunk Graphite Technology |
| Winstead Sechrest & Minick P.C. | Berry D. Spears | 401 Congress Avenue | Suite 2100 | Austin | TX | 78701 | | 512-370-2800 | 512-370-2850 | bspears@winstead.com | Counsel for National Instruments Corporation |
| Winstead Sechrest & Minick P.C. | R. Michael Farquhar | 5400 Renaissance Tower | 1201 Elm Street | Dallas | TX | 75270 | | 214-745-5400 | 214-745-5390 | mfarquhar@winstead.com | Counsel for National Instruments Corporation |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | mwinthrop@winthropcouchot.com | Counsel for Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | sokeefe@winthropcouchot.com | Counsel for Metal Surfaces, Inc. |
| WL Ross & Co., LLC | Oscar Iglesias | 600 Lexington Avenue | 19th Floor | New York | NY | 10022 | | 212-826-1100 | 212-317-4893 | oiglesias@wlross.com | Counsel for WL. Ross & Co., LLC |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 16 of 17

3/21/2006 10:51 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Womble Carlyle Sandridge & Rice, PLLC | Lillian H. Pinto | 300 North Greene Street | Suite 1900 | Greensboro | NC | 27402 | | 336-574-8058 | 336-574-4528 | lpinto@wcsr.com | Counsel for Armacell |
| Zeichner Ellman & Krause LLP | Peter Janovsky | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | pjanovsky@zeklaw.com | Counsel for Toyota Tsusho America, Inc. |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | skrause@zeklaw.com | Counsel for Toyota Tsusho America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 17 of 17

3/21/2006 10:51 AM
2002 lists

# EXHIBIT C

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Lord, Bissel & Brook LLP | Rocco N. Covino | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-947-8340 | 212-947-1202 | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | | 989-752-1414 | | Counsel for H.E. Services Company and Robert Backie and Counsel to Cindy Palmer, Personal Representative to the Estate of Michael Palmer |
| Professional Technologies Services | John V. Gorman | P.O. Box #304 | | Frankenmuth | MI | 48734 | | 989-385-3230 | 989-754-0040 | Corporate Secretary for Professional Technologies Services |
| Terra Law LLP | David B. Draper | 60 S. Market Street | Suite 200 | San Jose | CA | 95113 | | 408-299-1200 | 408-998-4895 | Counsel for Maxim Integrated Products, Inc. |

# EXHIBIT D

COPY FOR YOUR
INFORMATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### STIPULATION AND AGREED PROTECTIVE ORDER GOVERNING PRODUCTION AND USE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION IN CONNECTION WITH THE MOTION OF APPALOOSA MANAGEMENT L.P. FOR AN ORDER DIRECTING THE UNITED STATES TRUSTEE TO APPOINT AN EQUITY COMMITTEE AND OBJECTIONS FILED THERETO

This Stipulation and Agreed Protective Order is entered into and submitted to the Court in accordance with the agreement of counsel for Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), on the one hand, and Appaloosa Management L.P. ("Appaloosa"), on the other hand (the Debtors and the signatories to this Stipulation and Agreed Protective Order being collectively the "Parties"), that discovery requested and other information provided in connection with the Motion of Appaloosa Management L.P. Pursuant to 11 U.S.C. § 1102(a)(2) for an Order Directing the United States Trustee to Appoint an Equity Committee in these Chapter 11 Cases (Docket No. 1604) and objections filed thereto (the "Motion") may involve the production of information considered sensitive, confidential, personal, proprietary, and/or protected by statutory or other legal privilege; and it appearing to the Court that there is good and sufficient cause that the relief should be granted,

IT IS THEREFORE ORDERED:

Mia Howard
Lehman Brothers
as    1301 Avenue of the Americas
New York, NY 10019
Mia Howard
Lehman Brothers
as    1301 Avenue of the Americas
New York, NY 10019

1.    The terms of this stipulation and agreed protective order (the "Stipulation and Protective Order") shall take full force and effect upon execution by the Parties.

2.    Pursuant to Federal Rules of Civil Procedure 26(c), made applicable here through Federal Rules of Bankruptcy Procedure 7026 and Local Rule 7026-1, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and sections 105 and 107 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330, as amended (the "Bankruptcy Code"), this Stipulation and Protective Order shall govern all discovery by the Parties relating to the Motion.

3.    Any signatory to this Stipulation and Protective Order may designate as "Highly Confidential" any document, deposition testimony, or other information given by or on behalf of the Parties, and all information derived therefrom that a Party reasonably believes reflects non-public trade secrets, competitively sensitive business or development plans, forward-looking financial information, or personal information (the "Highly Confidential Information"). In addition, any signatory may designate as "Confidential" any other non-public information in any document, deposition testimony, or other information given by or on behalf of the Parties (the "Confidential Information") that the Party reasonably believes contains confidential information the distribution and use of which should be restricted in accordance with the terms of this Stipulation and Protective Order. Documents shall be designated as Confidential or Highly Confidential (a) by placing or affixing the words "Confidential" or "Highly Confidential" on each such document, (b) by written notice to other Parties, or (c) by virtue of the fact that any such document is otherwise already labeled as Confidential or Highly Confidential. Deposition testimony or deposition exhibits may be designated as Confidential or Highly Confidential either on the record during the deposition itself or by written notice (which may be by email) delivered within two (2) business days following receipt of the transcript by the Party who seeks to designate such deposition testimony as Confidential or Highly Confidential. Where deposition testimony or exhibits are designated as Confidential or Highly Confidential, the

deposition transcript or deposition exhibits shall be so marked as Confidential or Highly
Confidential, as appropriate.

4.    Inadvertent failure to designate materials as Confidential or Highly
Confidential at the time of production or at the time of a deposition may be remedied at any time
thereafter by supplemental written notice (which may be by email) delivered within two (2)
business days after the production of such materials. Upon the service of such notice, the identified
materials shall be fully subject to this Stipulation and Protective Order as if the materials had been
initially designated as Confidential or Highly Confidential.

5.    Material designated as Confidential pursuant to this Stipulation and Protective
Order shall be inspected by and disseminated only to the following persons:

a.    the Court and its staff;

b.    the Parties and counsel of record to the Parties, and clerical, secretarial, and
paralegal staff employed by such counsel;

d.    the Parties' retained professional advisors in the above-captioned cases;

e.    any deponent, counsel for the deponent, and clerical, secretarial, and
paralegal staff employed by such counsel; and

f.    court reporters and videographers engaged for recording testimony of a
deposition relating to the Motion.

6.    Material designated as Highly Confidential pursuant to this Stipulation and
Protective Order shall be inspected by and disseminated only to the following persons:

a.    the Court and its staff;

b.    those counsel of record to the Parties, and clerical, secretarial, and paralegal
staff employed by such counsel, who are involved in the litigation or negotiation of the Motion;

d.    the Parties' retained professional advisors in the above-captioned cases,
to the extent they are involved in the litigation or negotiation of the Motion;

e.    any deponent, counsel for the deponent, and clerical, secretarial, and

paralegal staff employed by such counsel, to the extent such deponent is actually shown Highly Confidential Information in connection with a deposition taken in connection with the Motion; and

        f.    court reporters and videographers engaged for recording testimony of a deposition relating to the Motion.

        7.    Confidential Information and Highly Confidential Information, or any information derived therefrom, shall be used or disclosed by a receiving Party solely for the purpose of the Motion, including litigation or negotiation of any objections thereto, and not for any other purpose whatsoever. Any person receiving Confidential Information or Highly Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information.

        8.    The inadvertent production of any Confidential or Highly Confidential document, material, or other information subject to a claim of attorney-client privilege, attorney work product, or any other privilege or discovery exemption shall not be deemed to be a waiver of any claim of privilege, confidentiality, or other protection with respect to that or any other document, material, or information. In the event that any document or material that is subject to a claim that it is confidential, privileged, or protected from discovery on any other ground is inadvertently produced, the Party who received the inadvertently produced document or material shall return it and all copies of it to the producing Party within three (3) business days after it receives written notice (by letter or email) from the producing Party that the document or material was inadvertently produced. In the case of Confidential or Highly Confidential documents or materials that were inadvertently produced without the appropriate designation but that were otherwise intended to be produced, the producing Party shall return to the Party to whom the documents or materials were inadvertently produced copies of the documents and materials containing the appropriate designation within three (3) business days of receipt of the returned documents or materials.

9.    If at any time a Party objects to the designation of documents or

information produced or testimony given as Confidential or Highly Confidential under this

Stipulation and Protective Order, the objecting Party shall notify the designating Party in

writing (which may be by email). The objecting Party shall identify the documents or

information in question and shall specify in reasonable detail the reasons for the objection.

Within two (2) business days of the receipt of such notice, the disclosing and objecting Parties

shall meet and confer in an effort to resolve their differences. If the Parties cannot resolve

their differences, the disclosing Party may apply within two (2) days thereafter, or such longer

time as the Parties may agree, for a ruling from the Court on the propriety of the designation.

While any such application is pending, the documents or information that are subject to the

application shall remain Confidential or Highly Confidential, as the case may be, until the

Court rules. If the disclosing Party does not apply to the Court for a ruling on the propriety of

the designation within two (2) days after the conclusion of the meet and confer, or within such

time as the Parties may agree, the documents or information that are subject of the dispute will

no longer be deemed Confidential or Highly Confidential. The disclosing Party shall have the

burden of proving, to the Court's satisfaction and by a preponderance of the evidence, that the

document or information qualifies as sufficiently confidential, under Rule 26(c) of the Federal

Rules of Civil Procedure and/or Rule 9018 of the Federal Rules of Bankruptcy Procedure, that

its dissemination and use should be restricted in accordance with the terms of this Stipulation

and Protective Order.

10.    Nothing in this Stipulation and Protective Order shall be construed as

preventing any Party from objecting to the designation of any document or information as

Confidential or Highly Confidential or preventing any Party from seeking further protection

from the Court for any materials or information it produces in discovery.

11.    Within thirty (30) days after the entry of an order by this Court

confirming a plan of reorganization or dismissing the cases, whichever first occurs, all

5

documents and other material designated as Confidential or Highly Confidential pursuant to
this Stipulation and Protective Order, and all copies thereof, including but not limited to any
notes or other transcriptions made therefrom, shall either be (a) returned to the producing
Party or Party creating such information, or (b) destroyed. If the receiving Party chooses to
destroy any such documents or materials, then that Party shall deliver a certificate attesting to
that destruction to the Party who produced the Confidential or Highly Confidential documents
or materials within thirty (30) days after the entry of an order by this Court confirming a plan
of reorganization or dismissal of the cases, as the case may be.

12.    If documents, materials or information (including portions of deposition
transcripts) designated as Confidential or Highly Confidential are to be included in any papers
to be filed in this Court or any other court, counsel intending to file such documents shall first
seek entry of a protective order under 11 U.S.C. § 107(b) or other applicable authority with
respect to filing those portions of the proposed filing containing information subject to this
Stipulation and Protective Order, identifying this Stipulation and Protective Order by date.

13.    This Stipulation and Protective Order shall not be construed to affect in
any way the admissibility of any document, testimony, or other evidence at a hearing on the
Motion.

14.    Nothing in this Stipulation and Protective Order shall be construed to
limit any disclosing Party's use or disclosure of its own documents, materials, or information.
In addition, nothing in this Stipulation and Protective Order shall prevent or in any way limit
disclosure, use, or dissemination of any information or documents that are in the public
domain. This Stipulation and Order shall not prejudice in any way the rights of any Party to
introduce into evidence or use at a hearing on the Motion any document, testimony, or other
information that is subject to this Stipulation and Protective Order.

15.    Any non-party producing discovery materials in connection with the
Motion may be included in this Stipulation and Protective Order by endorsing a copy of this

Stipulation and Protective Order and delivering it to the requesting Party who, in turn, will serve it upon counsel for the other Parties and file it with the Court. The Parties to the Motion may designate discovery materials produced by a non-Party to the Motion as Confidential or Highly Confidential in accordance and consistent with the terms and provisions of this Stipulation and Protective Order.

16.    This Stipulation and Protective Order shall not prevent any Party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Protective Order, or from agreeing with other Parties to modify this Stipulation and Protective Order, subject to the approval of the Court.

17.    This Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Stipulation and Protective Order upon appropriate motion by a party in interest.

So Ordered in New York, New York, this 31st day of January, 2006

/s/ ROBERT D. DRAIN
Honorable Robert D. Drain
United States Bankruptcy Judge

AGREED TO AND
APPROVED FOR ENTRY:

/s/ David E. Springer
John Wm. Butler, Jr.
David E. Springer
John K. Lyons
Ron E. Meisler
Mark A. McDermott
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
(312) 407-0700

Attorneys for Delphi Corporation, et al.,
and Debtors and Debtors-in-Possession



X  Mia Howard
Lehman Brothers, Inc.
Non-Party

**COPY FOR YOUR
INFORMATION**

/s/ Christina M. Frohock
Gerard Uzzi
Thomas E. Lauria
Rudolph F. Aragon
Christina Frohock
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200

–and–

Wachovia Financial Center
200 South Biscayne Boulevard – Suite 4900
Miami, FL 33131
(305) 371-2700

Counsel for Appaloosa Management L.P.

# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
                                            :
    In re                            :     Chapter 11
                                            :
DELPHI CORPORATION, et al.,        :     Case No. 05–44481 (RDD)
                                            :
                    Debtors.      :     (Jointly Administered)
                                            :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STIPULATION AND AGREED PROTECTIVE ORDER GOVERNING PRODUCTION
AND USE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION IN
CONNECTION WITH THE MOTION OF APPALOOSA MANAGEMENT L.P. FOR AN
ORDER DIRECTING THE UNITED STATES TRUSTEE TO APPOINT AN EQUITY
COMMITTEE AND OBJECTIONS FILED THERETO**

       This Stipulation and Agreed Protective Order is entered into and submitted to the Court in

accordance with the agreement of counsel for Delphi Corporation ("Delphi") and certain of its

subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (the

"Debtors"), on the one hand, and General Motors Corporation, on the other hand (the Debtors and

the signatories to this Stipulation and Agreed Protective Order being collectively the "Parties"), that

discovery requested and other information provided in connection with the Motion of Appaloosa

Management L.P. Pursuant to 11 U.S.C. § 1102(a)(2) for an Order Directing the United States

Trustee to Appoint an Equity Committee in these Chapter 11 Cases (Docket No. 1604) and

objections filed thereto (the "Motion") may involve the production of information considered

sensitive, confidential, personal, proprietary, and/or protected by statutory or other legal privilege,

and it appearing to the Court that there is good and sufficient cause that the relief should be

granted,

IT IS THEREFORE ORDERED:

1.    The terms of this stipulation and agreed protective order (the "Stipulation and

Protective Order") shall take full force and effect upon execution by the Parties.

2.    Pursuant to Federal Rules of Civil Procedure 26(c), made applicable here through

Federal Rules of Bankruptcy Procedure 7026 and Local Rule 7026-1, Rule 9018 of the

Federal Rules of Bankruptcy Procedure, and sections 105 and 107 of the Bankruptcy Code, 11

U.S.C. §§ 101–1330, as amended (the "Bankruptcy Code"), this Stipulation and Protective Order

shall govern all discovery relating to the Motion.

3.    Any signatory to this Stipulation and Protective Order may designate as "Highly

Confidential" any document, deposition testimony, or other information given by or on behalf

of the Parties, and all information derived therefrom that a Party reasonably believes reflects

non-public trade secrets, competitively sensitive business or development plans,

forward-looking financial information, or personal information (the "Highly Confidential

Information"). In addition, any signatory may designate as "Confidential" any other non-public

information in any document, deposition testimony, or other information given by or on

behalf of the Parties (the "Confidential Information") that the Party reasonably believes contains

confidential information the distribution and use of which should be restricted in accordance

with the terms of this Stipulation and Protective Order. Documents shall be designated as

Confidential or Highly Confidential (a) by placing or affixing the words "Confidential" or

"Highly Confidential" on each such document, (b) by written notice to other Parties, or (c) by

virtue of the fact that any such document is otherwise already labeled as Confidential or

Highly Confidential. Deposition testimony or deposition exhibits may be designated as

Confidential or Highly Confidential either on the record during the deposition itself or by

written notice (which may be by email) delivered within two (2) business days following

receipt of the transcript by the Party that seeks to designate such deposition testimony as

Confidential or Highly Confidential. Where deposition testimony or exhibits are designated

as Confidential or Highly Confidential, the deposition transcript or deposition exhibits shall

be so marked as Confidential or Highly Confidential, as appropriate.

4.   Inadvertent failure to designate materials as Confidential or Highly Confidential

at the time of production or at the time of a deposition may be remedied at any time thereafter

by supplemental written notice (which may be by email) delivered within two (2) business

days after the production of such materials. Upon the service of such notice, the identified

materials shall be fully subject to this Stipulation and Protective Order as if the materials had

been initially designated as Confidential or Highly Confidential.

5.   Material designated as Confidential pursuant to this Stipulation and Protective

Order shall be inspected by and disseminated only to the following persons:

a.      the Court and its staff;

b.      the Parties and counsel of record to the Parties, and clerical, secretarial, and

paralegal staff employed by such counsel;

d.      the Parties' retained professional advisors in the above-captioned cases;

e.      any deponent, counsel for the deponent, and clerical, secretarial, and paralegal

staff employed by such counsel; and

f.      court reporters and videographers engaged for recording testimony of a

deposition relating to the Motion.

6.   Material designated as Highly Confidential pursuant to this Stipulation and

Protective Order shall be inspected by and disseminated only to the following persons:

a.    the Court and its staff;

b.    those counsel of record to the Parties, and clerical, secretarial, and paralegal staff employed by such counsel, who are involved in the litigation or negotiation of the Motion;

d.    the Parties' retained professional advisors in the above-captioned cases, to the extent they are involved in the litigation or negotiation of the Motion;

e.    any deponent, counsel for the deponent, and clerical, secretarial, and paralegal staff employed by such counsel, to the extent such deponent is actually shown Highly Confidential Information in connection with a deposition taken in connection with the Motion; and

f.    court reporters and videographers engaged for recording testimony of a deposition relating to the Motion.

7.    Confidential Information and Highly Confidential Information, or any information derived therefrom, shall be used or disclosed by a receiving Party solely for the purpose of the Motion, including litigation or negotiation of any objections thereto, and not for any other purpose whatsoever. Any person receiving Confidential Information or Highly Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information.

8.    The inadvertent production of any Confidential or Highly Confidential document, material, or other information subject to a claim of attorney-client privilege, attorney work product, or any other privilege or discovery exemption shall not be deemed to be a waiver of any claim of privilege, confidentiality, or other protection with respect to that or any other document, material, or information. In the event that any document or material that is subject

4

to a claim that it is confidential, privileged, or protected from discovery on any other ground is

inadvertently produced, the Party who received the inadvertently produced document or

material shall return it and all copies of it to the producing Party within three (3) business days

after it receives written notice (by letter or email) from the producing Party that the document

or material was inadvertently produced. In the case of Confidential or Highly Confidential

documents or materials that were inadvertently produced without the appropriate designation

but that were otherwise intended to be produced, the producing Party shall return to the Party

to whom the documents or materials were inadvertently produced copies of the documents

and materials containing the appropriate designation within three (3) business days of receipt

of the returned documents or materials.

      9.   If at any time a Party objects to the designation of documents or information

produced or testimony given as Confidential or Highly Confidential under this Stipulation and

Protective Order, the objecting Party shall notify the designating Party in writing (which may

be by email). The objecting Party shall identify the documents or information in question and

shall specify in reasonable detail the reasons for the objection. Within two (2) business days

of the receipt of such notice, the disclosing and objecting Parties shall meet and confer in an

effort to resolve their differences. If the Parties cannot resolve their differences, the disclosing

Party may apply within two (2) days thereafter, or such longer time as the Parties may agree,

for a ruling from the Court on the propriety of the designation. While any such application is

pending, the documents or information that are subject to the application shall remain

Confidential or Highly Confidential, as the case may be, until the Court rules. If the disclosing

Party does not apply to the Court for a ruling on the propriety of the designation within two (2)

days after the conclusion of the meet and confer, or within such time as the Parties may agree,

the documents or information that are subject of the dispute will no longer be deemed

Confidential or Highly Confidential. The disclosing Party shall have the burden of proving, to

the Court's satisfaction and by a preponderance of the evidence, that the document or

information qualifies as sufficiently confidential, under Rule 26(c) of the Federal Rules of

Civil Procedure and/or Section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal

Rules of Bankruptcy Procedure, that its dissemination and use should be restricted in

accordance with the terms of this Stipulation and Protective Order.

10.    Nothing in this Stipulation and Protective Order shall be construed as preventing

any Party from objecting to the designation of any document or information as Confidential or

Highly Confidential or preventing any Party from seeking further protection from the Court

for any materials or information it produces in discovery.

11.    Within thirty (30) days after the entry of an order by this Court confirming a plan

of reorganization or dismissing the cases, whichever first occurs, all documents and other

material designated as Confidential or Highly Confidential pursuant to this Stipulation and

Protective Order, and all copies thereof, including but not limited to any notes or other

transcriptions made therefrom, shall either be (a) returned to the producing Party or Party

creating such information, or (b) destroyed. If the receiving Party chooses to destroy any such

documents or materials, then that Party shall deliver a certificate attesting to that destruction

to the Party who produced the Confidential or Highly Confidential documents or materials

within thirty (30) days after the entry of an order by this Court confirming a plan of

reorganization or dismissal of the cases, as the case may be.

12.    If documents, materials or information (including portions of deposition

transcripts) designated as Confidential or Highly Confidential are to be included in any papers

to be filed in this Court or any other court, counsel intending to file such documents shall first

seek entry of a protective order under 11 U.S.C. § 107(b) and General Order #M-242 of this

Court or other applicable authority with respect to filing those portions of the proposed filing

containing information subject to this Stipulation and Protective Order, identifying this

Stipulation and Protective Order by date.

13.    This Stipulation and Protective Order shall not be construed to affect in any way

the admissibility of any document, testimony, or other evidence at a hearing on the Motion.

14.    Nothing in this Stipulation and Protective Order shall be construed to limit any

disclosing Party's use or disclosure of its own documents, materials, or information. In

addition, nothing in this Stipulation and Protective Order shall prevent or in any way limit

disclosure, use, or dissemination of any information or documents that are in the public

domain. This Stipulation and Order shall not prejudice in any way the rights of any Party to

introduce into evidence or use at a hearing on the Motion any document, testimony, or other

information that is subject to this Stipulation and Protective Order.

15.    Any non-party producing discovery materials in connection with the Motion

may be included in this Stipulation and Protective Order by endorsing a copy of this

Stipulation and Protective Order and delivering it to the requesting Party who, in turn, will

serve it upon counsel for the other Parties and file it with the Court. The Parties to the Motion

may designate discovery materials produced by a non-Party to the Motion as Confidential or

Highly Confidential in accordance and consistent with the terms and provisions of this

Stipulation and Protective Order.

16.    This Stipulation and Protective Order shall not prevent any Party from applying

to the Court for further or additional protective orders, for the modification of this Stipulation

7

and Protective Order, or from agreeing with other Parties to modify this Stipulation and

Protective Order, subject to the approval of the Court.

17.    This Court retains exclusive jurisdiction to enforce, modify, or vacate all or any

portion of this Stipulation and Protective Order upon appropriate motion by a party in interest.

So Ordered in New York, New York, this 17th day of March, 2006

/s/ ROBERT D. DRAIN
Honorable Robert D. Drain
United States Bankruptcy Judge


AGREED TO AND
APPROVED FOR ENTRY:


/s/ David E. Springer
John Wm. Butler, Jr.
David E. Springer
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
(312) 407-0700

Attorneys for Delphi Corporation, et al.,
and Debtors and Debtors-in-Possession


/s/ Michael P. Kessler
Michael P. Kessler
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
Concourse 1
New York, New York 10153
(212) 310-8000

Counsel for General Motors Corporation

# EXHIBIT F

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                            :
In re                           :     Chapter 11
                            :
DELPHI CORPORATION et al.,     :     Case No. 05-44481 (RDD)
                            :
                Debtors.   :     (Jointly Administered)
                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. §§ 362, 363, AND 365 AUTHORIZING
DEBTORS TO (I) OBTAIN SIGNIFICANT IMPROVEMENT IN ENERGY
COSTS BY MODIFYING AGREEMENTS WITH LOCKPORT ENERGY
ASSOCIATES L.P. AND NEW YORK STATE ELECTRIC AND GAS
CORPORATION, (II) ASSUME MODIFIED AGREEMENT WITH LOCKPORT
ENERGY ASSOCIATES L.P., AND (III) CONSENT TO RELIEF FROM
AUTOMATIC STAY FOR LIMITED PURPOSE OF ALLOWING
LOCKPORT ENERGY ASSOCIATES L.P. TO RECORD MODIFIED EASEMENTS

         Upon the motion, dated February 17, 2006 (the "Motion"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the

"Order") under 11 U.S.C. §§ 362, 363, and 365 Authorizing The Debtors To (i) Obtain

Significant Improvement In Energy Costs By Modifying Agreements With Lockport

Energy Associates L.P. ("Lockport Energy"), the Power Authority of the State of New

York ("NYPA"), and New York State Electric and Gas Corporation ("NYSEG"), (ii)

Assume Modified Agreement with Lockport Energy, and (iii) Consent To Relief From

Automatic Stay For Limited Purpose Of Allowing Lockport Energy Associates L.P. To

Record Modified Easements; and upon the Declaration Of Matthew J. Zarnosky,

executed on February 17, 2006, in support of the Motion; and upon the record of the

hearing held on the Motion; and this Court having determined that the relief requested in

the Motion is in the best interests of the Debtors, their estates, their creditors, and other

parties-in-interest; and this Court having determined that the parties to the transactions

contemplated in the Motion have acted in good faith; and it appearing that proper and

adequate notice of the Motion has been given and that no other or further notice is

necessary; and after due deliberation thereon; and good and sufficient cause appearing

therefor,

## IT IS HEREBY FOUND AND DETERMINED THAT:

A.    The Debtors have exercised reasonable business judgment in

deciding to obtain significant improvement in energy costs by (i) modifying (a) that

certain Settlement Agreement, dated August 14, 1995, by and among General Motors

Corporation ("GM"), NYPA, and NYSEG (the "Settlement Agreement"), (b) that certain

Energy Sales Agreement, dated April 22, 1991, by and between GM and Lockport

Energy, as amended (the "Energy Sales Agreement"), and (c) all amendments,

supplements, exhibits, easements, licenses, relinquishment of rights, waivers, side letters,

and ancillary documents related thereto (collectively, the "Agreements")[1], (ii) assuming

the modified Energy Sales Agreement, (iii) consenting to relief from the automatic stay

for the limited purpose of allowing Lockport Energy to record the easements existing

under the Energy Sales Agreement and which will continue to exist as modified under the

modified Energy Sales Agreement (the "Easements").[2]

---

[1] As described in the Motion, prior to January 1, 1999, GM operated Delphi's businesses through various divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to the Debtors under a Master Separation Agreement between Delphi and GM. In connection with these transactions, GM assigned to Delphi its rights and obligations under the Agreements.

[2] A list of Easements as modified under the Energy Sales Agreement is attached as Exhibit C to the Motion.

B.      The assumption of the modified Energy Sales Agreement, the modification of the Agreements, and the cure of the existing defaults under the Energy Sales Agreement are reasonable and appropriate under the circumstances.

C.      The cure of the outstanding prepetition obligations under the Energy Sales Agreement, as set forth in the Motion, satisfies the statutory requirements of section 365(b)(1) of the Bankruptcy Code.

D.      Cause exists to grant relief from the automatic stay under section 362(d)(1) for the limited purpose of allowing Lockport Energy to record the Easements.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED.

2.      The Debtors are authorized to take any and all actions necessary or desirable to modify the Agreements based upon the terms and conditions described in the Memorandum of Understanding between Delphi, NYSEG and Lockport Energy attached as Exhibit A to the Motion.

3.      The Debtors are authorized to take any and all actions necessary or desirable to modify the Energy Sales Agreement substantially in the form attached as Exhibit B the Motion.

4.      The Debtors are authorized to take any and all actions to assume the modified Energy Sales Agreement.

5.      The relief granted herein is subject to the execution of definitive documentation acceptable to the Debtors.

3

6.     Except as expressly waived under the modified Agreements, all rights and obligations under the Energy Sales Agreement, including all amendments, supplements, exhibits, easements, licenses, waivers, site letters, and ancillary documents related hereto, shall continue, survive and be performed under the modified Energy Sales Agreement.

7.     Lockport Energy shall pay the Debtors the share of the profit from these sales of the natural gas to third parties in the approximate amount of $6 million (the "Price Estimate") within 60 days of the latter of (a) the commencement of delivery to the Lockport Facility of the 10 mega watts of Expansion Power by NYPA or (b) the date when this Order becomes final (the "Payment Date").

8.     Lockport Energy shall pay NYSEG the sum of approximately $3.35 million as compensation for losses it will incur as a result of the modification of the Settlement Agreement within two business days after all of the following occur: (i) the date when this Order becomes final, (ii) delivery to the Lockport Facility of the 10 mega watts Expansion Power by NYPA has Commenced, and (iii) the amended Agreements between the Lockport Energy and Delphi have been executed.

9.     Lockport Energy is authorized to offset the existing defaults under the Energy Sales Agreement, which equals no more than $521,975.61 (the "Cure Amount") from the Price Estimate on the Payment Date.  Upon payment of the Cure Amount, all prepetition defaults shall be deemed cured.

10.     The postpetition obligations arising under the modified Energy Sales Agreement shall have administrative priority status pursuant to section 503(b) of the Bankruptcy Code.

4

11.     Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay shall be lifted for the limited purpose of allowing Lockport Energy to record the Easements.

12.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

13.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:     New York, New York
           March 17, 2006

                              /s/Robert D. Drain
                              UNITED STATES BANKRUPTCY JUDGE

5

# EXHIBIT G

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
        In re                             :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :        Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER FURTHER EXTENDING THE TIME WITHIN
WHICH DEBTORS MAY REMOVE ACTIONS UNDER
28 U.S.C. § 1452 AND FED. R. BANKR. P. 9006 AND 9027

        Upon the motion, dated February 17, 2006 (the "Motion"), of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-

captioned cases (collectively, the "Debtors"), for an order (the "Order"), under 28 U.S.C. § 1452

and Fed. R. Bankr. P. 9006 and 9027, further extending the period within which the Debtors may

remove actions; and this Court having determined that the relief requested in the Motion is in the

best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it

appearing that proper and adequate notice of the Motion has been given and that no other or

further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby

        ORDERED, ADJUDGED, AND DECREED THAT:

        1.        The Motion is GRANTED.

        2.        Pursuant to Bankruptcy Rule 9006(b), the period within which the Debtors

may seek to remove civil actions pending on the date of the commencement of their chapter 11

cases, pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027(a)(2), is enlarged and extended

to and including the later to occur of (a) June 7, 2007 or (b) 30 days after entry of an order

terminating the automatic stay with respect to the particular action sought to be removed.

       3.     This Order is without prejudice to the Debtors' rights to seek further

extensions of the period during which the Debtors may remove actions.

       4.     This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Order.

       5.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.


Dated:  New York, New York
       March <u>17</u>, 2006


            __/s/Robert D. Drain_____
            UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT H

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                          :
        In re                  :        Chapter 11
                          :
DELPHI CORPORATION, et al.,   :        Case No. 05-44481 (RDD)
                          :
             Debtors.     :        (Jointly Administered)
                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER UNDER 11 U.S.C. §§ 363, 1107, AND 1108 AUTHORIZING DELPHI
AUTOMOTIVE SYSTEMS LLC TO MAKE EQUITY INVESTMENTS IN DELPHI
FURUKAWA WIRING SYSTEMS LLC AND APPROVING PROCEDURES TO MAKE
<u>ADDITIONAL CONTRIBUTIONS WITHOUT FURTHER COURT APPROVAL</u>

             Upon the motion, dated February 17, 2006 (the "Motion"), of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-

captioned cases (collectively, the "Debtors"), for an order (the "Order"), under 11 U.S.C. §§ 363,

1107, and 1108 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")

authorizing Delphi Automotive Systems LLC ("DAS LLC") to make equity investments in

Delphi Furukawa Wiring Systems LLC ("DFWS") and approving procedures through which

DAS LLC may make additional capital contributions without further Court approval; and upon

the record of the hearing held on the Motion on March 9, 2006 (the "Hearing"); and there being

no objection to the Motion; and this Court having determined that the relief requested in the

Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-

interest; and it appearing that proper and adequate notice of the Motion has been given and that

no other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    DAS LLC is authorized, but not directed, to make outstanding, current, and future equity investments in its joint venture DFWS in amounts up to $3.1 million.

3.    DAS LLC is further authorized, in the exercise of its business judgment, to make capital contributions in excess of those scheduled amounts up to $1.5 million in the aggregate during the 2006-2007 period without notice or further Court approval. Should DAS LLC's aggregate additional capital contributions total more than $1.5 million (the "Additional Capital Contributions"), DAS LLC shall be authorized to make the Additional Capital Contributions without further Court approval in accordance with the following notice procedures:

(a)    the Debtors shall give notice of the proposed Additional Capital Contributions (the "Additional Capital Notice") to  (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004, Att'n: Alicia M. Leonhard, Esq., (ii) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York, 10022-4802 (Att'n: Robert J. Rosenberg, Esq.), (iii) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York, 10017 (Att'n: Kenneth Ziman, Esq.), and (iv) counsel for the agent under the Debtors' postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York, 10017 (Att'n: Marlane Melican, Esq.) (collectively, the "Notice Parties"). The Additional Capital Notice shall be served by facsimile, overnight delivery, or hand delivery and shall include the amount of Additional Capital Contributions requested.

(b)    The Notice Parties shall have ten business days following initial receipt of the Additional Capital Notice to object to or request additional time to evaluate the Additional Capital Contributions. If counsel to the Debtors receives no written objection or written request for additional time prior to the expiration of such ten business day period, the Debtors shall be authorized to make the requested Additional Capital Contributions.

(c)    If a Notice Party objects to the proposed within ten business days after the Additional Capital Notice is received, the Debtors and such objecting Notice Party shall meet and confer in an attempt to negotiate a consensual resolution. Should either party determine that an impasse exists, then the Debtors shall move the Bankruptcy Court for authority to make the Additional Capital Contributions upon notice to the objecting party and other parties-in-interest in accordance with the Order Under 11 U.S.C.

2

§§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance With Local Bankr. R. 1007-2(e), entered by this Court on October 14, 2005 (Docket No. 245).

4.    This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Order.

5.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:  New York, New York
        March 17, 2006

                        __/s/Robert D. Drain_____
                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT I

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                         :
In re                           :     Chapter 11
                         :
DELPHI CORPORATION, et al.,      :     Case No. 05-44481 (RDD)
                         :
             Debtors.    :     (Jointly Administered)
                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 6004
AUTHORIZING  AND APPROVING SALE OF DEBTORS' EQUITY
INTEREST IN CHINESE JOINT VENTURE

           Upon the motion, dated February 17, 2006 (the "Motion"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the

"Order") under 11 U.S.C. § 363, And Fed. R. Bankr. P. 6004, Authorizing And

Approving Sale Of Debtors' Equity Interest in Chinese Joint Venture; and upon the

record of the hearing held on the Motion on March 9, 2006 (the "Hearing"); and there

being no objections to the Motion; and this Court having determined that the relief

requested in the Motion is in the best interests of the Debtors, their estates, their creditors,

and other parties-in-interest; and it appearing that proper and adequate notice of the

Motion has been given and that no other or further notice is necessary; and after due

deliberation thereon; and good and sufficient cause appearing therefor,

           IT IS HEREBY FOUND AND DETERMINED THAT:

           A.      The Debtors have exercised reasonable business judgment in

deciding to sell Delphi Electronics (Holding) LLC's fifty percent equity interest in the

joint venture Shanghai Delco Electronics & Instrumentation Company Ltd ("SDE") to the

joint venture partner (the "Transaction"), Shanghai Agriculture, Industry & Commerce

Group Changjiang General Corporation ("Changjiang") and Changjiang's senior manager,

Mr. Yang Yi (the "Purchasers").

    B.  The transfer of the equity interest to the Purchasers pursuant to a

transfer agreement, substantially in the form attached hereto as Exhibit A (the "Transfer

Agreement"), is in the best interests of the Debtors' estates and creditors.

    C.  The consummation of the Transaction is properly authorized under

all applicable provisions of the Bankruptcy Code, including, without limitation, section

363 of the Bankruptcy Code, and all of the applicable provisions of such section have

been complied with in respect thereof.

    D.  The Debtors have marketed the sale of the equity interests in SDE

and conducted the sale process in compliance with the Bankruptcy Code and the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") fairly and with adequate

opportunity for interested parties to submit bids.

    E.  The Purchasers and the Debtors engaged in good faith, arm's-

length negotiations in connection with finalizing the terms of the Transaction and the

Purchasers are "good faith" purchasers as such term is used in section 363(m) of the

Bankruptcy Code.

    F.  The Debtors have provided (i) proper, timely, adequate, and

sufficient notice of the Motion in accordance with the Bankruptcy Code and Bankruptcy

Rules, (ii) such notice was good and sufficient and appropriate under the circumstances

of these cases, and (iii) no other or further notice of the Motion or the entry of this Order

is required.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1.     The Motion is GRANTED.

2.     The Debtors are authorized to consummate the Transaction under the terms set forth in the Motion, and that the Transaction is approved pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 6004.

3.     The Transfer Agreement, substantially in the form attached hereto, when executed, is authorized and approved and shall be a valid and binding contract between the Debtors and the Purchasers.

4.     Pursuant to section 363 of the Bankruptcy Code, the Debtors and the Purchasers are authorized and directed to consummate the Transaction pursuant to and in accordance with the terms and conditions of the Transfer Agreement.

5.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

6.     The requirement under Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York for

the service and filing of a separate memorandum of law is deemed satisfied by the

Motion.

Dated:    New York, New York
          March <u>17</u>, 2006


                                        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT J

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                             :
In re:                                                       :
                                                             :        Chapter 11
DELPHI CORPORATION, *et al.,*                                :        Case No. 05-44481 (RDD)
                                                             :
                              Debtors.                       :        Jointly Administered
                                                             :
-------------------------------------------------------------x


## CONSENT ORDER WITHDRAWING ORDER TO
## SHOW CAUSE ISSUED AGAINST SCHMIDT TECHNOLOGY GMBH

          This Court having entered an order to show cause dated November 1,

2005 (the "Show Cause Order"), upon the motion of Delphi Corporation, *et al.* (the

"Debtors"), directing Schmidt Technology GmbH ("Supplier;" and together with the

Debtors, the "Parties") to show cause at a hearing, to be held on March 9, 2006 (the

"Hearing"), why the Supplier should not be held in violation of the automatic stay

imposed in the above-captioned cases under 11 U.S.C. § 362(a) for allegedly threatening

to withhold essential goods from the Debtors under one or more contracts between the

Parties, and the Parties having agreed to a settlement of the issues raised by the Show

Cause Order pursuant to a separate agreement between the Parties (the "Agreement"),

it is hereby

          **ORDERED**, that this matter is settled in accordance with, and pursuant to

the terms of, the Parties' Agreement  represented to the Court at the Hearing;  and it is

further

**[Continued on Following Page]**

**ORDERED**, that the Show Cause Order be, and it hereby is, withdrawn.

Dated:   New York, New York
       March <u>17</u>, 2006

/s/Robert D. Drain
Robert D. Drain
United States Bankruptcy Judge

Consent to the foregoing:

March 8, 2006

March 8, 2006

DELPHI CORPORATION, *et al.*
By their attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

SCHMIDT TECHNOLOGY GMBH,
By its attorneys,
HERRICK, FEINSTEIN LLP
By:

/s/Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza
New York, New York 10119
(212) 594-5000

/s/Paul Rubin
PAUL RUBIN (PR-2097)
2 Park Avenue
New York, New York 10016
(212) 592-1448

2

# EXHIBIT K

**Hearing Date and Time: April 7, 2006 at 10:00 a.m.**
**Objection Deadline: March 31, 2006 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
     Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
          In re                     :     Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :     Case No. 05-44481 (RDD)
                                    :
                                    :     (Jointly Administered)
          Debtors.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOTION FOR ORDER UNDER 11 U.S.C. §§ 107(b),
501, 502, AND 1111(a) AND FED. R. BANKR. P. 1009,
2002(a)(7), 3003(c)(3), AND 5005(a) ESTABLISHING BAR DATES
FOR FILING PROOFS OF CLAIM AND
<u>APPROVING FORM AND MANNER OF NOTICE THEREOF</u>

("BAR DATE MOTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the

"Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), hereby submit this motion (the "Motion") for an order pursuant to

11 U.S.C. §§ 107(b), 501, 502, and 1111(a) and Rules 1009, 2002(a)(7), 3003(c)(3), and 5005(a)

of the Federal Rules of Bankruptcy Procedure establishing bar dates for all creditors to file

proofs of claim in these chapter 11 cases and approving the form and manner of notice thereof.

In support of this Motion, the Debtors respectfully represent as follows:

<u>Background</u>

A.    <u>The Chapter 11 Filings</u>

1.    On October 8, 2005 (the "Initial Filing Date"), Delphi and certain of its U.S.

subsidiaries (the "Initial Filers") filed voluntary petitions in this Court for reorganization relief

under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the

"Bankruptcy Code").  On October 14, 2005 (the "Secondary Filing Date" and, together with the

Initial Filing Date, the "Petition Dates"), three additional U.S. subsidiaries of Delphi (together

with the Initial Filers, collectively, the "Debtors") also sought reorganization relief.  The Debtors

continue to operate their businesses and manage their properties as debtors-in-possession

pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  This Court entered orders directing

the joint administration of the Debtor's chapter 11 cases (Dockets Nos. 28 and 404).

2.    On October 17, 2005, the Office of the Unites States Trustee appointed an

official committee of unsecured creditors.  No trustee or examiner has been appointed in the

Debtors' cases.

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

4.    The statutory predicates for the relief requested herein are sections 107(b),

501, 502, and 1111(a) of the Bankruptcy Code and Rules 1009, 2002(a)(7), 3003(c)(3), and

5005(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.    Current Business Operations Of The Debtors

5.    As of the Initial Filing Date, Delphi had global 2004 revenues of

approximately $28.6 billion, and global assets as of August 31, 2005 of approximately $17.1

billion.[1] Delphi ranks as the fifth largest public company business reorganization in terms of

revenues, and the thirteenth largest public company business reorganization in terms of assets.

Delphi's non-U.S. subsidiaries are not chapter 11 debtors and continue their business operations

without supervision from the Bankruptcy Court.

6.    Delphi has become a leading global technology innovator with significant

engineering resources and technical competencies in a variety of disciplines, and the Company

(as defined below) is arguably the single largest global supplier of vehicle electronics,

transportation components, integrated systems and modules, and other electronic technology.

The Company's technologies and products are present in more than 75 million vehicles on the

road worldwide.  The Company supplies products to nearly every major global automotive

---

[1]    The aggregated financial data used in this Motion generally consists of consolidated information from Delphi
and its worldwide subsidiaries and affiliates.

3

original equipment manufacturer with 2004 sales to its former parent, General Motors

Corporation, equaling approximately $15.4 billion and sales to each of Ford Motor Company,

DaimlerChrysler Corporation, Renault/Nissan Motor Company, Ltd., and Volkswagen Group

exceeding $850 million.

   7. As part of its growth strategy, Delphi has established an expansive global

presence with a network of manufacturing sites, technical centers, sales offices, and joint

ventures located in every major region of the world.  As of the Initial Filing Date, the Debtors

employed approximately 180,000 employees.  The Debtors' 50,600 U.S. employees work in

approximately 44 manufacturing sites, 13 technical centers, and in Delphi's Troy, Michigan

headquarters.  As of the Initial Filing Date, Debtors employed approximately 34,750 hourly

employees in the United States, 96% of whom are union-represented.  Outside the United States,

the Company's foreign entities employed more than 134,000 people on the Initial Filing Date,

supporting 120 manufacturing sites and 20 technical centers in nearly 40 countries around the

globe.

   8. Delphi was incorporated in Delaware in 1998 as a wholly-owned subsidiary

of GM.  Prior to January 1, 1999, GM conducted the Company's business through various

divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these divisions

and subsidiaries were transferred to Delphi and its subsidiaries and affiliates (collectively, the

"Company") in accordance with the terms of a Master Separation Agreement between Delphi

and GM.  In connection with these transactions, Delphi accelerated its evolution from a North

American-based, captive automotive supplier to a global supplier of components, integrated

systems, and modules for a wide range of customers and applications.  Although GM is still the

Company's single largest customer, today more than half of Delphi's revenue is generated from non-GM sources.

9.    Due to the significant planning that goes into each vehicle model, Delphi's efforts to generate new business do not immediately affect its financial results, because supplier selection in the auto industry is generally finalized several years prior to the start of production of the vehicle.  When awarding new business, which is the foundation for the Company's forward revenue base, customers are increasingly concerned with the financial stability of their supply base.  The Debtors believe that they will maximize stakeholder value and the Company's future prospects if they stabilize their businesses and continue to diversify their customer base. The Debtors also believe that this must be accomplished in advance of the expiration of certain benefit guarantees between GM and certain of Delphi's unions representing most of its U.S. hourly employees which coincides with the expiration of the Company's U.S. collective bargaining agreements in the fall of 2007.

C.    Events Leading To The Chapter 11 Filing

10.    In the first two years following Delphi's separation from GM, the Company generated approximately $2 billion in net income.  Every year thereafter, however, with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the Company reported a net operating loss of $482 million on $28.6 billion in net sales.  Reflective of a downturn in the marketplace, Delphi's financial condition deteriorated further in the first six months of 2005, with net operating losses of $608 million for the first six months of calendar

year 2005 on six-month net sales of $13.9 billion, approximately $1 billion less than the same
time period a year earlier.[2]

11.    The Debtors believe that the Company's financial performance has
deteriorated because of (a) increasingly unsustainable U.S. legacy liabilities and operational
restrictions driven by collectively bargained agreements, including restrictions preventing the
Debtors from exiting non-strategic, non-profitable operations, all of which have the effect of
creating largely fixed labor costs, (b) a competitive U.S. vehicle production environment for
domestic OEMs resulting in the reduced number of motor vehicles that GM produces annually in
the United States and related pricing pressures, and (c) increasing commodity prices.

12.    In light of these factors, the Company determined that it would be
imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product
portfolio, operational issues, and forward looking revenue requirements.  Because discussions
with its Unions and GM were not progressing sufficiently, the Company commenced these
chapter 11 cases for its U.S. businesses to complete the Debtors' transformation plan and
preserve value for its stakeholders.

13.    Through the reorganization process, the Debtors intend to achieve
competitiveness for Delphi's core U.S. operations by modifying or eliminating non-competitive
legacy liabilities and burdensome restrictions under current labor agreements and realigning
Delphi's global product portfolio and manufacturing footprint to preserve the Company's core
businesses.  This will require negotiation with key stakeholders over their respective
contributions to the restructuring plan or, absent consensual participation, the utilization of the
chapter 11 process to achieve the necessary cost savings and operational effectiveness.  The

---

[2]    Reported net losses in calendar year 2004 were $4.8 billion, reflecting a $4.1 billion tax charge, primarily
related to the recording of a valuation allowance on the U.S. deferred tax assets as of December 31, 2004.

6

Debtors believe that a substantial segment of Delphi's U.S. business operations must be divested,

consolidated, or wound-down during these chapter 11 cases.

14.    Upon the conclusion of the reorganization process, the Debtors expect to

emerge as a stronger, more financially sound business with viable U.S. operations that are well-

positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal all of

its resources to continue to deliver value and high-quality products to its customers globally.

Additionally, the Company will preserve and continue the strategic growth of its non-U.S.

operations and maintain its prominence as the world's premier auto supplier.

<u>Relief Requested</u>

15.    By this Motion, the Debtors seek entry of an order under sections 107(b),

501, 502, and 1111(a) of the Bankruptcy Code and Bankruptcy Rules 1009, 2002(a)(7),

3003(c)(3), and 5005(a) setting a bar date and related procedures in these chapter 11 cases as

follows:

(a)    Except as otherwise stated in subparagraphs (b) and (c), establishing July 31, 2006 (the "General Bar Date") as the deadline for all persons and entities[3] holding or wishing to assert a claim, as defined in § 101(5) of the Bankruptcy Code (individually, a "Person" or "Entity" and collectively, "Persons" or "Entities"), against any of the Debtors (collectively, the "Claims") to file a proof of such Claim in these chapter 11 cases;

(b)    Establishing the later of (i) the General Bar Date or (ii) 30 calendar days after a claimant is served with notice that the Debtors have amended their Schedules reducing, deleting, or changing the status of a scheduled claim of such claimant, as the bar date for filing a proof of claim in respect of such amended scheduled claim (the "Amended Schedule Bar Date");

(c)    Except as otherwise set forth in any order authorizing rejection of an executory contract or unexpired lease, establishing the later of (i) the General Bar Date or (ii) 30 calendar days after the effective date of any order authorizing the rejection of an executory contract or unexpired lease

---

[3]    Government units, as defined in 11 U.S.C. § 101(27), would be subject to the General Bar Date, as set forth in paragraph 25 hereof.

as the bar date by which a proof of claim relating to the Debtors' rejection of such contract or lease must be filed (the "Rejection Bar Date" and, together with the General Bar Date and the Amended Schedule Bar Date, the "Bar Dates");

(d)    Approving the Debtors' proposed form and manner of notice of the Bar Date.

16.    The Debtors expect that they will further amend the Schedules prior to service and publication of the Bar Date Notice (as defined below).  Bankruptcy Rule 1009(a) provides that notice of any amendment to the Schedules must be given to any entity affected thereby.  If the Schedules are amended before the Bar Date Notice is served and published, then only with respect to each party affected thereby, the Debtors request that the personalized proof of claim form serve as the notice required by Bankruptcy Rule 1009(a), and that no other notice of amendment of the Schedules be required.[4]

Basis For Relief

A.    The Need For A Bar Date

17.    The filing of proofs of claim in a chapter 11 case generally is governed by Bankruptcy Rule 3003(c)(3) which provides in relevant part that the "court shall fix . . . the time within which proofs of claim or interest . . . may be filed."  Fed. R. Bankr. P. 3003(c)(3).  The court is afforded wide latitude to consider the facts of the particular case when establishing a deadline for the filing of proofs of claim.

18.    Here, the facts justify the setting of the Bar Dates at this time.  The Debtors initially filed their Schedules on January 20, 2006 and filed amendments to the Schedules on February 1, 2006.  The United States Trustee held a meeting of creditors pursuant to section 341

---

[4]    If the Schedules are further amended after service and publication of the Bar Date Notice, the Debtors acknowledge that they would be obligated to satisfy the requirements of Bankruptcy Rule 1009(a) for any other affected parties.

of the Bankruptcy Code on February 3, 2006. The Debtors expect to further amend certain of

their Schedules on or before April 7, 2006. Additionally, to develop a comprehensive, viable

plan of reorganization, the Debtors will require complete and accurate information regarding the

nature, amount, and status of all Claims against the Debtors that will be asserted in these chapter

11 cases. As the Debtors have previously stated, their goal is to complete their U.S.-based

restructuring and emerge from chapter 11 in early to mid-2007. Establishment of the Bar Dates

by this Court at this stage in these chapter 11 cases will facilitate the accomplishment of that goal.

19.    To this end, the Debtors request that this Court set July 31, 2006 as the

General Bar Date for filing proofs of claim in these chapter 11 cases. The Debtors anticipate

sending the Bar Date Notice no later than April 20, 2006, which will give parties-in-interest

more than three months after receipt of the Bar Date Notice to file proofs of claim. The

requested date for the General Bar Date should also allow the Debtors to ascertain the number

and amount of claims in various classes and allow ample time to finalize the terms of a plan of

reorganization and disclosure statement prior to the solicitation of votes and, following

confirmation of a plan, the Debtors' projected emergence from chapter 11 in early to mid-2007.

B.    Parties Required To File Proofs Of Claim

20.    The Bar Dates would apply to all Persons and Entities (each as defined in

sections 101(41) and 101(15), respectively, of the Bankruptcy Code) holding Claims against the

Debtors (whether secured, priority, or unsecured) that arose prior to the relevant Petition Date,

including the following:

(a)    Any Person or Entity whose Claim is listed as "disputed," "contingent," or
"unliquidated" and which desires to share in any distribution in these
chapter 11 cases;

(b)    Any Person or Entity which believes that its Claim is improperly classified
in the Schedules or listed in an incorrect amount in the Schedules and

which desires to have its Claim allowed in a classification or amount other than as set forth in the Schedules; and

(c)    Any Person or Entity whose Claim against a Debtor is not listed in the applicable Debtor's Schedules.

21.    The Debtors propose that the following Persons or Entities would not need to file proofs of claim:

(a)    Any Person or Entity (i) which agrees with the nature, classification, and amount of its Claim set forth in the Schedules and (ii) whose Claim against a Debtor is not listed as "disputed," "contingent," or "unliquidated" in the Schedules;

(b)    Any Person or Entity which has already properly filed a proof of claim against the correct Debtor;

(c)    Any Person or Entity which asserts a Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

(d)    Any Person or Entity which asserts a Claim solely on the basis of future pension or other post-employment benefits, including, without limitation, retiree health care and life insurance; provided, however, that any such Person or Entity which wishes to assert a Claim against any of the Debtors based on anything other than future pension or other post-employment benefits must file a proof of claim on or prior to the General Bar Date;[5]

(e)    Any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control, or hold with power to vote, 50 percent or more of the outstanding voting securities of such subsidiary;

(f)    Any Person or Entity whose Claim against a Debtor previously has been allowed by, or paid pursuant to, an order of this Court;

(g)    Any holder of a Claim arising under or in respect of any of the following issuances of Delphi Corporation senior unsecured debt (each, a "Noteholder"): (i) those certain senior unsecured securities bearing interest

---

[5]    The bar date for the filing of proofs of claim on account of Claims arising from modification to or termination of future pension or other post-employment benefits will be determined pursuant to an order of this Court approving such modification or termination.  Furthermore, the Debtors anticipate that, in the event that future pension or other post-employment benefits of collectively-bargained for employees or retirees are modified or terminated, claims will be filed by their collective bargaining or other appropriate representative on their behalf, to the extent permissible by applicable law.

10

at 6.55% and maturing on June 15, 2006; (ii) those certain senior unsecured securities bearing interest at 6.50% and maturing on May 1, 2009; (iii) those certain senior unsecured securities bearing interest at 6.50% and maturing on August 15, 2013; (iv) those certain senior unsecured securities bearing interest at 7.125% and maturing on May 1, 2029; (v) those certain 8.25% junior subordinated notes due 2033; or (vi) those certain adjustable-rate junior subordinated notes due 2033 (collectively, the "Senior Unsecured Securities"), other than the indenture trustees of the Senior Unsecured Securities; provided, however, that any Noteholder who wishes to assert a Claim against the Debtors that is not based solely upon the outstanding prepetition principal and interest due on account of its ownership of such Senior Unsecured Securities must file a proof of claim on or prior to the General Bar Date in respect of such Claim; and

(h)     Any holder of equity securities of, or other interests in, the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities, or other interest; provided, however, that any such holder which wishes to assert a Claim against any of the Debtors that is not based solely upon its ownership of the Debtors' securities, including, but not limited to, Claims for damages or recision based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date in respect of such Claim.

22.    The Debtors would retain the right to (a) dispute, or assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise, or (b) subsequently designate any Claim as disputed, contingent, or unliquidated.

23.    If the Debtors amend the Schedules on or after the date upon which the Debtors serve the Bar Date Notice in a manner that would reduce the undisputed, noncontingent, and liquidated amounts or to change the nature or classification of a particular Claim against a Debtor reflected therein, then the Debtors propose that the affected claimant would have until the Amended Schedule Bar Date to file a proof of claim or to amend any previously filed proof of claim in respect of such amended scheduled Claim.  The Debtors propose that notwithstanding

11

the foregoing, nothing in this Motion would preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

24.    The Debtors anticipate that certain creditors may assert Claims in connection with a Debtor's rejection of executory contracts and unexpired leases under section 365 of the Bankruptcy Code.  The Debtors propose that, for any Claim relating to a Debtor's rejection of an executory contract or unexpired lease that is approved by an order of this Court, unless otherwise stated in such order, the bar date for filing any such Claim would be the Rejection Bar Date.

25.    Section 502(b)(9) of the Bankruptcy Code provides that governmental units shall have 180 days after the petition date or such later time as the Bankruptcy Rules may provide, to file proofs of claim.  Accordingly, the Debtors propose that the General Bar Date be established as the bar date for all governmental units holding or wishing to assert a Claim in these chapter 11 cases.

26.    Finally, the Debtors propose that, pursuant to Bankruptcy Rule 3003(c)(2), any Person or Entity which is required to file a proof of claim in these chapter 11 cases (pursuant to the Bankruptcy Code, the Bankruptcy Rules, or any order of this Court) but which fails to do so in a timely manner be forever barred, estopped, and enjoined from (a) asserting any Claim against the Debtors that such Person or Entity has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules or (ii) is of a different nature or in a different classification than as set forth in the Schedules (any such Claim being referred to in this clause (a) as an "Unscheduled Claim") and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim.

12

C.      Procedures For Providing Notice Of Bar Date And Filing Proofs Of Claim

27.    The Debtors request that this Court authorize the noticing and claims agent appointed in these chapter 11 cases, Kurtzman Carson Consultants, LLC (the "Claims and Noticing Agent"), to give notice of the Bar Dates by serving (a) a notice of the Bar Dates substantially in the form of the notice attached as Exhibit A hereto (the "Bar Date Notice") and (b) a proof of claim form (the "Proof of Claim Form") substantially in the form of Form No. 10 of the Official Bankruptcy Forms and as attached as Exhibit B hereto upon:

(i)      the United States Trustee;

(ii)     counsel to each official committee;

(iii)    all Persons or Entities which have requested notice of the proceedings in the chapter 11 cases;

(iv)     all Persons or Entities which have filed claims in these chapter 11 cases;

(v)      all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding Claims;

(vi)     all parties to executory contracts and unexpired leases of the Debtors;

(vii)    all parties to litigation with the Debtors;

(viii)   the Philadelphia office of the Internal Revenue Service, the Northeast Regional Office of the Securities and Exchange Commission, the United States attorney for the Southern District of New York, any other department, agency, or instrumentality of the United States through which the Debtors became indebted for debt other than taxes, and any other governmental units as required by Bankruptcy Rule 2002(j); and

(ix)     all known Persons and Entities holding potential prepetition Claims.[6]

---

[6]   Approximately ninety-eight percent of the parties-in-interest who are entitled to receive notice of the Motion are located in English-speaking countries (based upon mailing addresses currently known to the Debtors), with the remainder spread over 25 countries.  In light of the expense associated with translation into multiple languages for a very limited number of parties-in-interest, the Debtors propose that all documents be provided solely in the English language.

28.    The Debtors propose to cause the Claims and Noticing Agent to mail the

Bar Date Notice and the Proof of Claim Form by first class U.S. mail, postage prepaid, to the

foregoing potential claimants no later than April 20, 2006.  The mailing of the Bar Date Notice

by no later than this date would ensure that creditors receive more than 100 days notice of the

Bar Dates, which is more than five times the minimum 20-day notice period established under

Bankruptcy Rule 2002(a)(7).

29.    The Debtors propose that a Proof of Claim Form state whether the Entity's

Claim is listed in the Schedules, the dollar amount of such Claim as listed in the Schedules, the

Debtor for which the Entity's Claim is scheduled, and whether the Claim is listed as disputed,

contingent, or unliquidated.

30.    The Debtors also propose that for any Proof of Claim Form to be validly and

properly filed, the original thereof must either be mailed to the United States Bankruptcy Court,

Southern District of New York, Delphi Corporation Claims, Bowling Green Station, P.O. Box

5058, New York, New York 10274-5058 or delivered by hand or overnight courier to the United

States Bankruptcy Court, Southern District of New York, Delphi Corporation Claims, One

Bowling Green, Room 534, New York, New York 10004-1408.  The Debtors propose that

facsimile submissions not be accepted and that proofs of claim be deemed filed when actually

received by the Clerk of the Bankruptcy Court.  The Debtors request that if a creditor wishes to

receive acknowledgment of receipt of such creditor's proof of claim, such creditor be required to

submit a copy of the proof of claim and a self-addressed, stamped envelope upon the filing of its

original proof of claim.

31.    In addition, the Debtors propose that proofs of claim must (a) be signed, (b)

include supporting documentation (or a summary if such documentation is voluminous) or an

14

explanation as to why documentation is not available, (c) be written in the English language, and (d) be denominated in United States currency.

32.    The Debtors anticipate that a significant amount of the supporting documentation provided with proofs of claim may contain confidential information.  In particular, the Debtors believe that many of the terms, including, without limitation, pricing terms contained in their contractual agreements with suppliers and customers, are highly confidential and constitute proprietary commercial information.  Furthermore, the terms of the Debtors' agreements with their suppliers, as well as a significant amount of additional information provided by the Debtors to their suppliers, are subject to express disclosure restrictions pursuant to the terms of Delphi's General Terms and Conditions, which are incorporated into and made a part of substantially all of the Debtors' agreements with their suppliers.

33.    The Debtors thus believe that many suppliers and other parties-in-interest asserting claims against the Debtors are likely to file supporting documentation containing such highly confidential and proprietary information under the belief that such party is required to do so pursuant to the instructions contained in Form No. 10 of the Official Bankruptcy Forms (the "Supporting Documentation").  The disclosure of such proprietary, competitively-sensitive information could cause serious and irreparable harm to the Debtors' businesses and their restructuring efforts.  Therefore, the Debtors assert that the information contained in the Supporting Documentation to a significant number of the proofs of claim will meet the criteria provided in section 107(b) of the Bankruptcy Code, which provides that this Court may protect an entity with respect to a trade secret or confidential research, development, or commercial information.

15

34.    Because the Debtors believe that a substantial number of the proofs of claim to be filed are likely to contain highly confidential commercial information and because the Debtors cannot determine which proofs of claim will contain such confidential and protected information until such proofs of claim are filed, the Debtors respectfully request that, absent further order of this Court, all Supporting Documentation to any proof of claim be subject to examination only by the party asserting the Claim, the Debtors, the Debtors' counsel and advisers, the United States Trustee, counsel and advisers to the official committee of unsecured creditors appointed in these chapter 11 cases, Kurtzman Carson Consultants, the Claims and Noticing Agent, and any personnel of the United States Bankruptcy Court for the Southern District of New York in the performance of their official duties, and that all such parties be directed to maintain the confidentiality of all Supporting Documentation to any proof of claim and the information contained therein.  The Debtors further propose that any Supporting Documentation to any proof of claim not be loaded onto this Court's official website.

35.    The Debtors propose that all Persons and Entities which wish to assert Claims against more than one Debtor be required to file a separate proof of claim with respect to each such Debtor.  If Persons and Entities are permitted to assert Claims against more than one Debtor in a single Proof of Claim Form, the Claims and Noticing Agent may have difficulty maintaining separate Claim registers for each Debtor, and all Debtors will be required to object to a proof of claim that may be applicable to only one of the Debtors.

36.    Likewise, each Person and Entity should be required to identify on its Proof of Claim Form the particular Debtor against which its Claim is asserted if it believes its claim is against a Debtor other than the Debtor identified in the Proof of Claim Form that is mailed to it. Requiring parties to identify the Debtor against which a Claim is asserted would greatly expedite

16

the Debtors' review of proofs of claim in these chapter 11 cases.  This requirement would not be
unduly burdensome on claimants because each such Person and Entity will know or should know
the identity of the Debtor against which it is asserting a Claim.

D.    Publication Notice

37.    The extensive nature of the Debtors' businesses creates the potential for the
existence of many Claims against the Debtors of which the Debtors are unaware.  Such unknown
potential Claims may include, for example, Claims that, for various reasons, are not recorded on
the Debtors' books and records.  Accordingly, the Debtors believe that it is necessary to provide
notice of the Bar Dates to Persons and Entities whose names and addresses are unknown to the
Debtors and, in addition, that it is advisable to provide supplemental notice to known holders of
Claims.

38.    Accordingly, the Debtors propose to give notice of the Bar Date Notice by
(a) publication in the New York Times (national edition), the Wall Street Journal (national,
European, and Asian editions), USA Today (worldwide), the Automotive News (national
edition), and in local editions of the following: the Adrian Daily Telegram, the Arizona Daily
Star, the Buffalo News, the Chicago Sun Times, the Clinton News, the Columbus Dispatch, the
Daily Leader, the Dayton Daily News, the Detroit Free Press, the El Paso Times, the Fitzgerald
Herald Leader, The Flint Journal, the Gadsden Times, the Grand Rapids Press, the Greensville
News, the Indianapolis Star, the Kansas City Star, the Kokomo Tribune, the Lansing State
Journal, the Laurel Leader, the Los Angeles Daily News, the Milwaukee Journal Sentinel, the
Mobile Beacon, The Mobile Register, the Oakland Press, the Olathe Daily News, the Rochester
Democrat and Chronicle, the Saginaw News, the Sandusky Register, the Tribune Chronicle, the
Tulsa World, The Tuscaloosa News, and The Vindicator, and (b) electronically through posting

on the Delphi legal information website, www.delphidocket.com.  The Debtors propose to

publish such notices on or about April 21, 2006, or as soon thereafter as practicable.  Given this

timetable and the proposed Bar Dates, creditors would have sufficient notice, time, and

opportunity to file their Claims against the Debtors' estates.  The Debtors respectfully request

this Court to authorize the Debtors to enter into transactions to cause such publication to be made

and to make the reasonable payments required for such publication.

Notice Of Motion

39.    Notice of this Motion has been provided in accordance with the Order

Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014

Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And

Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance

With Local Bankr. R. 1007-2(e) entered by this Court on October 14, 2005 (Docket No. 245).  In

light of the nature of the relief requested, the Debtors submit that no other or further notice is

necessary.

Memorandum Of Law

40.    Because the legal points and authorities upon which this Motion relies are

incorporated herein, the Debtors respectfully request that the requirement of the service and

filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York be deemed

satisfied.

18

WHEREFORE the Debtors respectfully request that this Court enter an order (a) setting the Bar Dates and procedures for filing proofs of claim as described herein, (b) approving the form and manner of notice thereof, and (c) granting them such other and further relief as is just.

Dated:  New York, New York
        March 17, 2006

                        SKADDEN, ARPS, SLATE, MEAGHER
                          & FLOM LLP

                        By: /s/ John Wm. Butler, Jr.
                            John Wm. Butler, Jr. (JB 4711)
                            John K. Lyons (JL 4951)
                            Ron E. Meisler (RM 3026)
                        333 West Wacker Drive, Suite 2100
                        Chicago, Illinois  60606
                        (312) 407-0700

                                - and -

                        By: /s/ Kayalyn A. Marafioti
                            Kayalyn A. Marafioti (KM 9632)
                            Thomas J. Matz (TM 5986)
                        Four Times Square
                        New York, New York 10036
                        (212) 735-3000

                        Attorneys for Delphi Corporation, et al.,
                          Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                          :

In re                         :     Chapter 11
                          :

DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                          :

               Debtors.   :     (Jointly Administered)
                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM

TO ALL CREDITORS OF THE DEBTORS, AND OTHER PARTIES-IN-INTEREST:

PLEASE TAKE NOTICE THAT:

        In accordance with an order entered on April ___, 2006 by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the above-captioned chapter 11 cases (the "Bar Date Order"), **5:00 p.m. Eastern Time on July 31, 2006** (the "General Bar Date") has been established as the last date for each person or entity (including individuals, partnerships, corporations, limited liability companies, estates, trusts, unions, indenture trustees, the United States Trustee, and governmental units) (individually, a "Person" or "Entity," and collectively, "Persons" or "Entities") to file a proof of claim in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors").  A list of all Debtors in these chapter 11 cases is attached hereto as Exhibit A.

        On October 8, 2005, Delphi and certain of its U.S. subsidiaries filed voluntary petitions in the Bankruptcy Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").  On October 14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary petitions in the Bankruptcy Court for reorganization relief under the Bankruptcy Code.  The term "Petition Date" shall mean the date on which each Debtor filed its chapter 11 bankruptcy petition as set forth on Exhibit A attached hereto.  The General Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before the applicable Petition Date, except for those holders of the claims listed in Section 4 below which are specifically excluded from the General Bar Date filing requirement.

### 1.      Who Must File A Proof Of Claim

        You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim against any of the Debtors that arose prior to the applicable Petition Date, and such claim is not one of the types of claim described in Section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the applicable Petition Date must be filed on or prior to the General Bar Date, even if such claims are not now fixed,

liquidated, or certain or did not mature or become fixed, liquidated, or certain before the applicable Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## 2.      What To File

The Debtors are enclosing a proof of claim form which you may use to file any claim you may have in these cases.  If the Debtors scheduled you as a creditor in any of the Debtors' schedules of assets and liabilities (as amended from time to time, the "Schedules"), the form sets forth the amount of your claim as scheduled and whether the claim is scheduled as disputed, contingent, or unliquidated.  Additional proof of claim forms may be obtained at http://www.uscourts.gov/bkforms/index.html or at http://www.delphidocket.com.

All proofs of claim must be signed by the claimant or, if the claimant is not an individual, by a claimant's authorized agent.  All proofs of claim must be written in English and be denominated in United States currency.  You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

If any supporting documentation provided with any proof of claim contains confidential information, such documentation will be subject to examination only by the party asserting the claim, the Debtors, the Debtors' counsel and advisers, the United States Trustee, counsel and advisers to the official committee of unsecured creditors appointed in these chapter 11 cases, Kurtzman Carson Consultants, LLC, the claims and noticing agent in these chapter 11 cases, and any personnel of the United States Bankruptcy Court for the Southern District of New York in the performance of their official duties, and such entities have been ordered to maintain the confidentiality of all supporting documentation to any proof of claim and the information contained therein.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and each holder of a claim must identify on its proof of claim the specific Debtor against which its claim is asserted and the case number of that Debtor's reorganization case.  A list of the names of the Debtors and their reorganization case numbers is attached hereto as Exhibit A.

## 3.      When And Where To File

Except as provided for herein, all proofs of claim must be filed so as to be received no later than **5:00 p.m. Eastern Time on July 31, 2006** at the following address:

| If sent by mail: | If sent by messenger or overnight courier: |
|---|---|
| United States Bankruptcy Court | United States Bankruptcy Court |
| Southern District of New York | Southern District of New York |
| Delphi Corporation Claims | Delphi Corporation Claims |
| Bowling Green Station | One Bowling Green |
| P.O. Box 5058 | Room 534 |
| New York, New York 10274-5058 | New York, New York 10004-1408 |

**Proofs of claim will be deemed filed only when actually received at the addresses above on or before the General Bar Date.** Proofs of claim may not be delivered by facsimile, telecopy, or electronic mail transmission.

Governmental units must file proofs of claims in these chapter 11 cases on or prior to the General Bar Date.

**4.     Who Need Not File A Proof Of Claim**

You do not need to file a proof of claim on or prior to the General Bar Date if you are:

(a)     Any Person or Entity (i) which agrees with the nature, classification, and amount of its Claim set forth in the Schedules and (ii) whose Claim against a Debtor is not listed as "disputed," "contingent," or "unliquidated" in the Schedules;

(b)     Any Person or Entity which has already properly filed a proof of claim against the correct Debtor;

(c)     Any Person or Entity which asserts a Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

(d)     Any Person or Entity which asserts a Claim solely on the basis of future pension or other post-employment benefits, including, without limitation, retiree health care and life insurance; provided, however, that any such Person or Entity which wishes to assert a Claim against any of the Debtors based on anything other than future pension or other post-employment benefits must file a proof of claim on or prior to the General Bar Date;[1]

(e)     Any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control or hold with power to vote, 50 percent or more of the outstanding voting securities of such subsidiary;

---

[1] The bar date for the filing of Proofs of Claim on account of Claims arising from modification to or termination of future pension or other post-employment benefits will be determined pursuant to an order of the Bankruptcy Court approving such modification or termination.

(f)    Any Person or Entity whose Claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Bankruptcy Court;

(g)    Any holder of a Claim arising under or in respect of any of the following issuances of Delphi Corporation senior unsecured debt (each, a "Noteholder"): (i) those certain senior unsecured securities bearing interest at 6.55% and maturing on June 15, 2006; (ii) those certain senior unsecured securities bearing interest at 6.50% and maturing on May 1, 2009; (iii) those certain senior unsecured securities bearing interest at 6.50% and maturing on August 15, 2013; (iv) those certain senior unsecured securities bearing interest at 7.125% and maturing on May 1, 2029; (v) those certain 8.25% junior subordinated notes due 2033; or (vi) those certain adjustable-rate junior subordinated notes due 2033 (collectively, the "Senior Unsecured Securities"), other than the indenture trustees of the Senior Unsecured Securities; provided, however, that any Noteholder who wishes to assert a Claim against the Debtors that is not based solely upon the outstanding prepetition principal and interest due on account of its ownership of such Senior Unsecured Securities must file a proof of claim on or prior to the General Bar Date in respect of such Claim; and

(h)    Any holder of equity securities of, or other interests in, the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities, or other interest; provided, however, that any such holder which wishes to assert a Claim against any of the Debtors that is not based solely upon its ownership of the Debtors' securities, including, but not limited to, Claims for damages or recision based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date in respect of such Claim.

This notice is being sent to many persons and entities which have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors.  The fact that you have received this Notice does not necessarily mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.

## 5.    Executory Contracts And Unexpired Leases

Any person or entity which has a claim arising from the rejection of an Executory Contract must file a proof of claim on account of such claim against the Debtors on or before the later of (a) the General Bar Date or (b) 30 calendar days after the effective date of such rejection or such other date as fixed by the Bankruptcy Court in an order authorizing such rejection.

## 6.    Amended Schedule Bar Date

4

If the Debtors amend the Schedules on or after the date of this Notice (listed below) to reduce the undisputed, noncontingent, and liquidated amounts or to change the nature or classification of a claim against a Debtor reflected therein, the bar date for filing a proof of claim in respect of such amended schedule claim is the later of (a) the General Bar Date or (b) 30 calendar days after a claimant is served with notice that the Debtors have amended their Schedules.

### 7.    Consequences Of Failure To File A Proof Of Claim By The General Bar Date

ANY HOLDER OF A CLAIM WHICH IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS NOTICE, AS SET FORTH IN SECTION 4 ABOVE, AND WHICH FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM, WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

### 8.    The Debtors' Schedules And Access Thereto

You may be listed as the holder of a claim against the Debtors in any of the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases.

To determine if and how you are listed on any of the Schedules, please refer to the descriptions set forth on the enclosed proof of claim forms regarding the nature, amount, and status of your claim(s).

As set forth above, if you agree with the nature, amount, and status of your claim as listed in any of the Debtors' Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the General Bar Date in accordance with the procedures set forth in this Notice.

Copies of any of the Debtors' Schedules are available for inspection online at http://www.delphidocket.com or on the Court's Internet Website at http://www.nysb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information on the Court's Internet Website and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. No login or password is required to access this information on the Debtors' Legal Information Website (http://www.delphidocket.com). Copies of any of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.

A holder of a possible claim against any of the Debtors should consult an attorney regarding any matters not covered by this Notice, such as whether the holder should file a proof of claim.

Dated: New York, New York          BY ORDER OF THE COURT
      April___, 2006

     SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
     John Wm. Butler, Jr.
     John K. Lyons
     Ron E. Meisler
     333 West Wacker Drive, Suite 2100
     Chicago, Illinois  60606
     (312) 407-0700

      - and -

     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
     Four Times Square
     New York, New York 10036
     (212) 735-3000

     Attorneys for Delphi Corporation, et al.,
      Debtors and Debtors-in-Possession

EXHIBIT A

| | Entity | Tax / Federal ID Number | Case Number | Address | Date Of Petition Filing |
|---|---|---|---|---|---|
| 1. | Delphi NY Holding Corporation | 20-3383408 | 05-44480 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 2. | Delphi International Holdings Corp. | 38-3449527 | 05-44591 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 3. | Delphi Corporation | 38-3430473 | 05-44481 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 4. | Delphi Automotive Systems Overseas Corporation | 38-3318021 | 05-44593 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 5. | ASEC Manufacturing General Partnership | 73-1474201 | 05-44482 | 1301 Main Parkway Catoosa, OK 74015 | October 8, 2005 |
| 6. | Delphi Automotive Systems (Holding), Inc. | 38-3422378 | 05-44596 | 5785 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 7. | ASEC Sales General Partnership | 73-1474151 | 05-44484 | 1301 Main Parkway Catoosa, OK 74015 | October 8, 2005 |
| 8. | Delco Electronics Overseas Corporation | 38-2638990 | 05-44610 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 9. | Environmental Catalysts, LLC | | 05-44503 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 10. | Delphi Diesel Systems Corp. | 38-3505001 | 05-44612 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 11. | Delphi Medical Systems Colorado Corporation | 84-1524184 | 05-44507 | 4300 Road 18 Longmont, CO 80504 | October 8, 2005 |

| | Entity | Tax / Federal ID Number | Case Number | Address | Date Of Petition Filing |
|---|---|---|---|---|---|
| 12. | Delphi LLC | 37-1438255 | 05-44615 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 13. | Delphi Medical Systems Texas Corporation | 20-2885110 | 05-44511 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 14. | Aspire, Inc. | 36-4392806 | 05-44618 | U.S. Route 1 Morrisville, PA 19067 | October 8, 2005 |
| 15. | Delphi Medical Systems Corporation | 32-0052827 | 05-44529 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 16. | Delphi Integrated Service Solutions, Inc. | 38-3473261 | 05-44623 | 1322 Rankin Street Troy, MI 48083 | October 8, 2005 |
| 17. | Specialty Electronics International Ltd. | 66-0522490 | 05-44536 | 69A Kronprindsens Gade (Third Floor) P.O. Box 1858 St. Thomas, VI | October 8, 2005 |
| 18. | Delphi Connection Systems | 95-2563022 | 05-44624 | 17150 Von Karman Avenue Irvine, CA 92614 | October 8, 2005 |
| 19. | Specialty Electronics, Inc. | 57-0755068 | 05-44539 | 19200 Asheville Highway P.O. Box 519 Landrum, SC 29356 | October 8, 2005 |
| 20. | Packard Hughes Interconnect Company | 33-0595219 | 05-44626 | 17150 Von Karman Avenue Irvine, CA 92614-0901 | October 8, 2005 |
| 21. | Delphi Liquidation Holding Company | 95-4359324 | 05-44542 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 22. | DREAL, Inc. | 38-3457411 | 05-44627 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 23. | Delphi Electronics (Holding) LLC | 95-4554161 | 05-44547 | One Corporate Center Kokomo, IN 46904-9005 | October 8, 2005 |

| | Entity | Tax / Federal ID Number | Case Number | Address | Date Of Petition Filing |
|---|---|---|---|---|---|
| 24. | Delphi Automotive Systems Services LLC | 38-3568834 | 05-44632 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 25. | Delphi Technologies, Inc. | 38-3430681 | 05-44554 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 26. | Delphi Services Holding Corporation | 20-0577653 | 05-44633 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 27. | Delphi Automotive Systems Tennessee, Inc. | 38-3319836 | 05-44558 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 28. | Delphi Automotive Systems Global (Holding), Inc. | 38-3547659 | 05-44636 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 29. | Delphi Mechatronic Systems, Inc. | 38-3589834 | 05-44567 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 30. | Delphi Foreign Sales Corporation | 66-0564421 | 05-44638 | Chase Trade, Inc. Post Office Box 309420 55-11 Conacao Gade Charlotte Amalie St. Thomas, VI 00803-9420 | October 8, 2005 |
| 31. | Delphi Automotive Systems Risk Management Corp. | 38-3575299 | 05-44570 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 32. | Delphi Automotive Systems Human Resources LLC | 38-3547664 | 05-44639 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 33. | Exhaust Systems Corporation | 38-3211473 | 05-44573 | 4800 S. Saginaw Street Flint, MI 48501 | October 8, 2005 |
| 34. | Delphi Automotive Systems LLC | 38-3431131 | 05-44640 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |

| | Entity | Tax / Federal ID Number | Case Number | Address | Date Of Petition Filing |
|---|---|---|---|---|---|
| 35. | Delphi China LLC | 38-3196159 | 05-44577 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 36. | Delphi Furukawa Wiring Systems LLC | 20-2478586 | 05-47452 | 5725 Delphi Drive Troy, MI 48098-281 | October 14, 2005 |
| 37. | Delphi Automotive Systems Korea, Inc. | 38-2849490 | 05-44580 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 38. | Delphi Receivables LLC | 61-1446224 | 05-47459 | 5725 Delphi Drive Troy, MI 48098-2815 | October 14, 2005 |
| 39. | Delphi International Services, Inc. | 38-3439894 | 05-44583 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 40. | MobileAria, Inc. | 31-1695929 | 05-47474 | 800 West El Camino Real Suite 240 Mountain View, CA 94040 | October 14, 2005 |
| 41. | Delphi Automotive Systems Thailand, Inc. | 38-3379709 | 05-44586 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 42. | Delphi Automotive Systems International, Inc. | 38-3280289 | 05-44589 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |

| United States Bankruptcy Court ___ Southern ___ District of ___ New York ___ | PROOF OF CLAIM |
|---|---|

| Name of Debtor | Case Number | This Space For Court Use Only |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and Address where notices should be sent:

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone Number:

This Space For Court Use Only

Last four digits of account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim ☐ amends    a previously filed claim dated: _____

**1. Basis for Claim**
☐ Goods Sold / Services Performed
☐ Customer Claim
☐ Taxes
☐ Money Loaned
☐ Personal Injury
☐ Other _____

| **2. Date debt was incurred:** | **3. If court judgment, date obtained:** |
|---|---|

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other_____
Value of Collateral $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority

Amount entitled to priority $_____

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).
* Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $_____ _____ _____ _____
(Unsecured)      (Secured)      (Priority)      (Total)
☐Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

This Space For Court Use Only

| Date: | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

*Penalty for presenting fraudulent claim:* Fine up to $500,000 or imprisonment for up to 5 years, or both.   18 U.S.C. §§ 152 and 3571

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## —— DEFINITIONS ——

### Debtor

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

### Secured Claim

A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim*.)

### Unsecured Claim

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Court, Name of Debtor, and Case Number:**
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Classification of Claim**
**Secured Claim:**
Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the

amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

**Unsecured Priority Claim:**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**Unsecured Nonpriority Claim:**
Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

**5. Total Amount of Claim at Time Case Filed:**
Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**6. Credits:**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**7. Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

**Hearing Date and Time: April 7, 2006, 10:00 a.m.**
**Objection Deadline: March 31, 2006, 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :
      In re                          :     Chapter 11
                                    :
DELPHI CORPORATION, et al.,       :     Case No. 05-44481 (RDD)
                                    :
               Debtors.     :     (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF MOTION FOR ORDER UNDER 11 U.S.C. §§ 107(b),
501, 502, AND 1111(a) AND FED. R. BANKR. P. 1009,
2002(a)(7), 3003(c)(3), AND 5005(a) ESTABLISHING BAR DATES
FOR FILING PROOFS OF CLAIM AND
APPROVING FORM AND MANNER OF NOTICE THEREOF

PLEASE TAKE NOTICE that on March 17, 2006, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed a Motion For Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Rules 2002(a)(7), 3003(c)(3), And 5005(a) Of The Federal Rules Of Bankruptcy Procedure Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Motion will be held on April 7, 2006, at 10:00 a.m. (Prevailing Eastern Time) (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance With Local Bankr. R. 1007-2(e) (the "Case Management Order") (Docket No. 245), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi

2

Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to

the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100,

Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel for the agent under the

Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue,

New York, New York 10017 (Att'n: Kenneth S. Ziman), (iv) counsel for the agent under the

postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New

York 10017 (Att'n:  Marlane Melican), (v) counsel for the Official Committee of Unsecured

Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n:

Robert J. Rosenberg and Mark A. Broude), and (vi) the Office of the United States Trustee for

the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York

10004 (Att'n:  Alicia M. Leonhard), in each case so as to be **received** no later than **4:00 p.m.**

**(Prevailing Eastern Time) on March 31, 2006** (the "Objection Deadline").

3

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth herein and in accordance with the Case Management Order will be considered by the Bankruptcy Court at the Hearing.  If no objections to the Motion are timely filed and served in accordance with the procedures set forth herein and in the Case Management Order, the Bankruptcy Court may enter an order granting the Motion without further notice.

Dated:  New York, New York
        March 17, 2006

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:/s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons  (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

    - and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :
      In re                  :      Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :      Case No. 05-44481 (RDD)
                                    :
                Debtors.         :      (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER UNDER 11 U.S.C. §§ 107(b), 501, 502, AND 1111(a) AND FED. R. BANKR. P.
1009, 2002(a)(7), 3003(c)(3), AND 5005(a) ESTABLISHING BAR DATES FOR FILING
PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF

("BAR DATE ORDER")

           Upon the motion, dated March 17, 2006 (the "Motion"), of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-

captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§

107(b), 501, 502, and 1111(a) and Rules 1009, 2002(a)(7), 3003(c)(3), and 5005(a) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") establishing bar dates for all

creditors to file proofs of claim in these chapter 11 cases and approving the form and manner of

notice thereof; and this Court having determined that the relief requested in the Motion is in the

best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it

appearing that proper and adequate notice of the Motion has been given and that no other or

further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby

          ORDERED, ADJUDGED, AND DECREED THAT:

          1.      The Motion is GRANTED.

2.        Pursuant to Bankruptcy Rules 3003(c)(3) and 5005(a), except as set forth herein, all persons and entities, including, without limitation, individuals, partnerships, limited liability companies, corporations, estates, trusts, unions, indenture trustees, the United States Trustee, and governmental units (individually, a "Person" or "Entity," and collectively, "Persons" or "Entities" or the "Creditors") holding or wishing to assert claims (as such term is defined in 11 U.S.C. § 101(5)) against the Debtors (collectively, the "Claims") shall file a separate, completed, and executed proof of claim form (either in the form mailed to Creditors or otherwise conforming substantially to Form No. 10 of the Official Bankruptcy Forms, a copy of which is attached as Exhibit A hereto) on or before 5:00 p.m., Eastern Standard Time on July 31, 2006 (the "General Bar Date").

3.        The following procedures for the filing of valid proofs of claim (a "Proof of Claim") shall apply:

(a)        Proofs of Claim must conform substantially to Form No. 10 of the Official Bankruptcy Forms;

(b)        A Proof of Claim must be filed either by mailing the original proof of claim to the United States Bankruptcy Court, Southern District of New York, Delphi Corporation Claims, Bowling Green Station, P.O. Box 5058, New York, New York 10274-5058 or by delivering the original proof of claim by hand or overnight courier to the United States Bankruptcy Court, Southern District of New York, Delphi Corporation Claims, One Bowling Green, Room 534, New York, New York 10004-1408;

(c)        Proofs of Claim shall be deemed filed only when actually <u>received</u> by the Clerk of the Bankruptcy Court on or before the applicable Bar Date (as defined below);

(d)        Proofs of Claim must (i) be signed, (ii) include supporting documentation (or a summary if such documentation is voluminous) or an explanation as to why documentation is not available, (iii) be written in the English language, and (iv) be denominated in United States currency;

(e)        Facsimile submissions of Proofs of Claim shall not be accepted; and

2

(f)     Proofs of Claim must clearly indicate the name of the applicable Debtor
        against which the Claim is asserted and the applicable reorganization case
        number for such Debtor, and if a Claim is asserted against more than one
        of the Debtors, a separate Proof of Claim must be filed in each such
        Debtor's reorganization case.

4.     All supporting documentation to any Proof of Claim shall be subject to

examination only by the party asserting the Claim, the Debtors, the Debtors' counsel and advisers,

the United States Trustee, counsel and advisers to the official committee of unsecured creditors

appointed in these chapter 11 cases, Kurtzman Carson Consultants, LLC, the claims and noticing

agent in these chapter 11 cases, and any personnel of the United States Bankruptcy Court for the

Southern District of New York in the performance of their official duties.  All such parties are

hereby directed to maintain the confidentiality of all supporting documentation to any Proof of

Claim and the information contained therein.

5.     Proofs of Claim are not required, at this time, to be filed by any Person or

Entity asserting a Claim of any of the types set forth below:

(a)     Any Person or Entity (i) which agrees with the nature, classification, and
        amount of its Claim set forth in the schedules of assets and liabilities (as
        amended from time to time, the "Schedules") and (ii) whose Claim against
        a Debtor is not listed as "disputed," "contingent," or "unliquidated" in the
        Schedules;

(b)     Any Person or Entity which has already properly filed a proof of claim
        against the correct Debtor;

(c)     Any Person or Entity which asserts a Claim allowable under sections
        503(b) and 507(a)(1) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330, as
        amended (the "Bankruptcy Code"), as an administrative expense of the
        Debtors' chapter 11 cases;

(d)     Any Person or Entity which asserts a Claim solely on the basis of future
        pension or other post-employment benefits, including, without limitation,
        retiree health care and life insurance; provided, however, that any such
        Person or Entity which wishes to assert a Claim against any of the Debtors
        based on anything other than future pension or other post-employment
        benefits must file a proof of claim on or prior to the General Bar Date;

3

(e)    Any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control, or hold with power to vote, 50 percent or more of the outstanding voting securities of such subsidiary;

(f)    Any Person or Entity whose Claim against a Debtor previously has been allowed by, or paid pursuant to, an order of this Court;

(g)    Any holder of a Claim arising under or in respect of any of the following issuances of Delphi Corporation senior unsecured debt (each, a "Noteholder"): (i) those certain senior unsecured securities bearing interest at 6.55% and maturing on June 15, 2006; (ii) those certain senior unsecured securities bearing interest at 6.50% and maturing on May 1, 2009; (iii) those certain senior unsecured securities bearing interest at 6.50% and maturing on August 15, 2013; (iv) those certain senior unsecured securities bearing interest at 7.125% and maturing on May 1, 2029; (v) those certain 8.25% junior subordinated notes due 2033; or (vi) those certain adjustable-rate junior subordinated notes due 2033 (collectively, the "Senior Unsecured Securities"), other than the indenture trustees of the Senior Unsecured Securities; provided, however, that any Noteholder who wishes to assert a Claim against the Debtors that is not based solely upon the outstanding prepetition principal and interest due on account of its ownership of such Senior Unsecured Securities must file a proof of claim on or prior to the General Bar Date in respect of such Claim; and

(h)    Any holder of equity securities of, or other interests in, the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities, or other interest; provided, however, that any such holder which wishes to assert a Claim against any of the Debtors that is not based solely upon its ownership of the Debtors' securities, including, but not limited to, Claims for damages or recision based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date in respect of such Claim.

6.    Any Creditor which desires to rely on the Schedules with respect to filing a Proof of Claim in these chapter 11 cases shall have the responsibility of determining that its claim is accurately listed therein.

7.    The Debtors shall retain the right to (a) dispute, or assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise, or (b) subsequently designate any Claim as

4

disputed, contingent, or unliquidated. If the Debtors amend the Schedules to reduce the

undisputed, noncontingent, and liquidated amounts or to change the nature or classification of a

particular Claim against a Debtor reflected therein, then the affected claimant shall have until the

later of (x) the General Bar Date or (y) 30 calendar days after such claimant is served with notice

that the Debtors have amended their Schedules (the "Amended Schedule Bar Date") to file a

Proof of Claim or to amend any previously filed Proof of Claim in respect of such amended

scheduled Claim. Notwithstanding Bankruptcy Rule 1009(a), the Debtors shall have no

obligation to provide notice to claimants of amendments to the Schedules filed prior to the date

upon which the Debtors serve the Bar Date Notice, other than the personalized proof of claim

form provided to each party affected by an amendment to the Schedules. Notwithstanding the

foregoing, nothing set forth herein shall preclude the Debtors from objecting to any Claim,

whether scheduled or filed, on any grounds.

8.      Notwithstanding anything in this Order to the contrary, the holder of any

Claim arising from the rejection of an executory contract or unexpired lease pursuant to section

365 of the Bankruptcy Code shall be required to file a Proof of Claim on account of such Claim

against the Debtors on or before the later of (a) the General Bar Date or (b) 30 calendar days

after the effective date of such rejection or such other date as fixed by the Court in an order

authorizing such rejection (the "Rejection Bar Date," and together with the General Bar Date and

the Amended Schedule Bar Date, the "Bar Dates").

9.      Governmental units shall file Proofs of Claim in these cases on or prior to

the General Bar Date.

10.      Any Person or Entity which is required to file a Proof of Claim in these

chapter 11 cases but that fails to do so in a timely manner on or before the applicable Bar Date

5

shall be forever barred, estopped, and enjoined from (a) asserting any Claim against the Debtors

that such Person or Entity has that (i) is in an amount that exceeds the amount, if any, that is set

forth in the Schedules as undisputed, non-contingent, and unliquidated or (ii) is of a different

nature or in a different classification than as set forth in the Schedules (any such Claim referred

to as an "Unscheduled Claim") and (b) voting upon, or receiving distributions under, any plan or

plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim, and the

Debtors and their property shall be forever discharged from any and all indebtedness or liability

with respect to such Unscheduled Claim.

11.     Notice of the Bar Dates, substantially in the form of the notice attached

hereto as Exhibit B (the "Bar Date Notice"), and the manner of providing notice of the Bar Dates

proposed in the Motion are approved.  No later than April 20, 2006, Kurtzman Carson

Consultants, LLC, the Debtors' claims and noticing agent in these cases, shall serve by first class

U.S. mail, postage prepaid, proof of claim forms substantially in the form attached hereto as

Exhibit A, and together with the Bar Date Notice, on:

     (a)     the United States Trustee;

     (b)     counsel to each official committee;

     (c)     all Persons or Entities which have requested notice of the proceedings in the chapter 11 cases;

     (d)     all Persons or Entities which have filed claims in these chapter 11 cases;

     (e)     all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding Claims;

     (f)     all parties to executory contracts and unexpired leases of the Debtors;

     (g)     all parties to litigation with the Debtors;

     (h)     the Philadelphia office of the Internal Revenue Service, the Northeast Regional Office of the Securities and Exchange Commission, the United States attorney for the Southern District of New York, any other

6

department, agency, or instrumentality of the United States through which the Debtors became indebted for debt other than taxes, and any other governmental units as required by Bankruptcy Rule 2002(j); and

(i)    all known Persons and Entities holding potential prepetition Claims.

12.    The Debtors are directed to give notice of the Bar Date Notice by (a) publication in the New York Times (national edition), the Wall Street Journal (national, European, and Asian editions), USA Today (worldwide), the Automotive News (national edition), and in local editions of the following: the Adrian Daily Telegram, the Arizona Daily Star, the Buffalo News, the Chicago Sun Times, the Clinton News, the Columbus Dispatch, the Daily Leader, the Dayton Daily News, the Detroit Free Press, the El Paso Times, the Fitzgerald Herald Leader, The Flint Journal, the Gadsden Times, the Grand Rapids Press, the Greensville News, the Indianapolis Star, the Kansas City Star, the Kokomo Tribune, the Lansing State Journal, the Laurel Leader, the Los Angeles Daily News, the Milwaukee Journal Sentinel, the Mobile Beacon, The Mobile Register, the Oakland Press, the Olathe Daily News, the Rochester Democrat and Chronicle, the Saginaw News, the Sandusky Register, the Tribune Chronicle, the Tulsa World, The Tuscaloosa News, and The Vindicator, and (b) electronically through posting on the Delphi legal information website, www.delphidocket.com.  Such notices will be published no later than April 21, 2006, or as soon thereafter as practicable.

13.    Provision of notice of the Bar Dates to the Persons and Entities set forth in the Motion and this Order, in the manner set forth above and as described more particularly in the Motion, shall constitute adequate and sufficient notice of each of the Bar Dates and shall be deemed to satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

14.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

7

15.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.


Dated: New York, New York
          April ___, 2006


_____
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                          :

In re                         :     Chapter 11
                          :

DELPHI CORPORATION, et al.,   :     Case No. 05-44481 (RDD)
                          :

              Debtors.   :     (Jointly Administered)
                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM</u>

TO ALL CREDITORS OF THE DEBTORS, AND OTHER PARTIES-IN-INTEREST:

PLEASE TAKE NOTICE THAT:

          In accordance with an order entered on April ___, 2006 by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the above-captioned chapter 11 cases (the "Bar Date Order"), **5:00 p.m. Eastern Time on July 31, 2006** (the "General Bar Date") has been established as the last date for each person or entity (including individuals, partnerships, corporations, limited liability companies, estates, trusts, unions, indenture trustees, the United States Trustee, and governmental units) (individually, a "Person" or "Entity," and collectively, "Persons" or "Entities") to file a proof of claim in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors").  A list of all Debtors in these chapter 11 cases is attached hereto as Exhibit A.

          On October 8, 2005, Delphi and certain of its U.S. subsidiaries filed voluntary petitions in the Bankruptcy Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").  On October 14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary petitions in the Bankruptcy Court for reorganization relief under the Bankruptcy Code.  The term "Petition Date" shall mean the date on which each Debtor filed its chapter 11 bankruptcy petition as set forth on Exhibit A attached hereto.  The General Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before the applicable Petition Date, except for those holders of the claims listed in Section 4 below which are specifically excluded from the General Bar Date filing requirement.

**1.**      **Who Must File A Proof Of Claim**

          You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim against any of the Debtors that arose prior to the applicable Petition Date, and such claim is not one of the types of claim described in Section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the applicable Petition Date must be filed on or prior to the General Bar Date, even if such claims are not now fixed,

liquidated, or certain or did not mature or become fixed, liquidated, or certain before the applicable Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## 2.    What To File

The Debtors are enclosing a proof of claim form which you may use to file any claim you may have in these cases.  If the Debtors scheduled you as a creditor in any of the Debtors' schedules of assets and liabilities (as amended from time to time, the "Schedules"), the form sets forth the amount of your claim as scheduled and whether the claim is scheduled as disputed, contingent, or unliquidated.  Additional proof of claim forms may be obtained at http://www.uscourts.gov/bkforms/index.html or at http://www.delphidocket.com.

All proofs of claim must be signed by the claimant or, if the claimant is not an individual, by a claimant's authorized agent.  All proofs of claim must be written in English and be denominated in United States currency.  You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

If any supporting documentation provided with any proof of claim contains confidential information, such documentation will be subject to examination only by the party asserting the claim, the Debtors, the Debtors' counsel and advisers, the United States Trustee, counsel and advisers to the official committee of unsecured creditors appointed in these chapter 11 cases, Kurtzman Carson Consultants, LLC, the claims and noticing agent in these chapter 11 cases, and any personnel of the United States Bankruptcy Court for the Southern District of New York in the performance of their official duties, and such entities have been ordered to maintain the confidentiality of all supporting documentation to any proof of claim and the information contained therein.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and each holder of a claim must identify on its proof of claim the specific Debtor against which its claim is asserted and the case number of that Debtor's reorganization case.  A list of the names of the Debtors and their reorganization case numbers is attached hereto as Exhibit A.

## 3.    When And Where To File

Except as provided for herein, all proofs of claim must be filed so as to be received no later than **5:00 p.m. Eastern Time on July 31, 2006** at the following address:

2

| If sent by mail: | If sent by messenger or overnight courier: |
|---|---|
| United States Bankruptcy Court | United States Bankruptcy Court |
| Southern District of New York | Southern District of New York |
| Delphi Corporation Claims | Delphi Corporation Claims |
| Bowling Green Station | One Bowling Green |
| P.O. Box 5058 | Room 534 |
| New York, New York 10274-5058 | New York, New York 10004-1408 |

**Proofs of claim will be deemed filed only when actually received at the addresses above on or before the General Bar Date.** Proofs of claim may not be delivered by facsimile, telecopy, or electronic mail transmission.

Governmental units must file proofs of claims in these chapter 11 cases on or prior to the General Bar Date.

### 4.    Who Need Not File A Proof Of Claim

You do not need to file a proof of claim on or prior to the General Bar Date if you are:

(a)    Any Person or Entity (i) which agrees with the nature, classification, and amount of its Claim set forth in the Schedules and (ii) whose Claim against a Debtor is not listed as "disputed," "contingent," or "unliquidated" in the Schedules;

(b)    Any Person or Entity which has already properly filed a proof of claim against the correct Debtor;

(c)    Any Person or Entity which asserts a Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

(d)    Any Person or Entity which asserts a Claim solely on the basis of future pension or other post-employment benefits, including, without limitation, retiree health care and life insurance; provided, however, that any such Person or Entity which wishes to assert a Claim against any of the Debtors based on anything other than future pension or other post-employment benefits must file a proof of claim on or prior to the General Bar Date;[1]

(e)    Any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control or hold with power to vote, 50 percent or more of the outstanding voting securities of such subsidiary;

---

[1] The bar date for the filing of Proofs of Claim on account of Claims arising from modification to or termination of future pension or other post-employment benefits will be determined pursuant to an order of the Bankruptcy Court approving such modification or termination.

3

(f)      Any Person or Entity whose Claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Bankruptcy Court;

(g)      Any holder of a Claim arising under or in respect of any of the following issuances of Delphi Corporation senior unsecured debt (each, a "Noteholder"): (i) those certain senior unsecured securities bearing interest at 6.55% and maturing on June 15, 2006; (ii) those certain senior unsecured securities bearing interest at 6.50% and maturing on May 1, 2009; (iii) those certain senior unsecured securities bearing interest at 6.50% and maturing on August 15, 2013; (iv) those certain senior unsecured securities bearing interest at 7.125% and maturing on May 1, 2029; (v) those certain 8.25% junior subordinated notes due 2033; or (vi) those certain adjustable-rate junior subordinated notes due 2033  (collectively, the "Senior Unsecured Securities"), other than the indenture trustees of the Senior Unsecured Securities; provided, however, that any Noteholder who wishes to assert a Claim against the Debtors that is not based solely upon the outstanding prepetition principal and interest due on account of its ownership of such Senior Unsecured Securities must file a proof of claim on or prior to the General Bar Date in respect of such Claim; and

(h)      Any holder of equity securities of, or other interests in, the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities, or other interest; provided, however, that any such holder which wishes to assert a Claim against any of the Debtors that is not based solely upon its ownership of the Debtors' securities, including, but not limited to, Claims for damages or recision based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date in respect of such Claim.

This notice is being sent to many persons and entities which have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors.  The fact that you have received this Notice does not necessarily mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.

## 5.      Executory Contracts And Unexpired Leases

Any person or entity which has a claim arising from the rejection of an Executory Contract must file a proof of claim on account of such claim against the Debtors on or before the later of (a) the General Bar Date or (b) 30 calendar days after the effective date of such rejection or such other date as fixed by the Bankruptcy Court in an order authorizing such rejection.

## 6.      Amended Schedule Bar Date

If the Debtors amend the Schedules on or after the date of this Notice (listed below) to reduce the undisputed, noncontingent, and liquidated amounts or to change the nature or classification of a claim against a Debtor reflected therein, the bar date for filing a proof of claim in respect of such amended schedule claim is the later of (a) the General Bar Date or (b) 30 calendar days after a claimant is served with notice that the Debtors have amended their Schedules.

**7.      Consequences Of Failure To File A Proof Of Claim By The General Bar Date**

ANY HOLDER OF A CLAIM WHICH IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS NOTICE, AS SET FORTH IN SECTION 4 ABOVE, AND WHICH FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM, WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

**8.      The Debtors' Schedules And Access Thereto**

You may be listed as the holder of a claim against the Debtors in any of the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases.

To determine if and how you are listed on any of the Schedules, please refer to the descriptions set forth on the enclosed proof of claim forms regarding the nature, amount, and status of your claim(s).

As set forth above, if you agree with the nature, amount, and status of your claim as listed in any of the Debtors' Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide  to file a proof of claim, you must do so before the General Bar Date in accordance with the procedures set forth in this Notice.

Copies of any of the Debtors' Schedules are available for inspection online at http://www.delphidocket.com or on the Court's Internet Website at http://www.nysb.uscourts.gov.  A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information on the Court's Internet Website and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.  No login or password is required to access this information on the Debtors' Legal Information Website (http://www.delphidocket.com). Copies of any of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.

A holder of a possible claim against any of the Debtors should consult an attorney regarding any matters not covered by this Notice, such as whether the holder should file a proof of claim.

Dated: New York, New York                              BY ORDER OF THE COURT
      April___, 2006

      SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
      John Wm. Butler, Jr.
      John K. Lyons
      Ron E. Meisler
      333 West Wacker Drive, Suite 2100
      Chicago, Illinois  60606
      (312) 407-0700

       - and -

      Kayalyn A. Marafioti (KM 9632)
      Thomas J. Matz (TM 5986)
      Four Times Square
      New York, New York 10036
      (212) 735-3000

      Attorneys for Delphi Corporation, et al.,
        Debtors and Debtors-in-Possession

EXHIBIT A

| | Entity | Tax / Federal ID Number | Case Number | Address | Date Of Petition Filing |
|---|---|---|---|---|---|
| 1. | Delphi NY Holding Corporation | 20-3383408 | 05-44480 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 2. | Delphi International Holdings Corp. | 38-3449527 | 05-44591 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 3. | Delphi Corporation | 38-3430473 | 05-44481 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 4. | Delphi Automotive Systems Overseas Corporation | 38-3318021 | 05-44593 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 5. | ASEC Manufacturing General Partnership | 73-1474201 | 05-44482 | 1301 Main Parkway Catoosa, OK 74015 | October 8, 2005 |
| 6. | Delphi Automotive Systems (Holding), Inc. | 38-3422378 | 05-44596 | 5785 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 7. | ASEC Sales General Partnership | 73-1474151 | 05-44484 | 1301 Main Parkway Catoosa, OK 74015 | October 8, 2005 |
| 8. | Delco Electronics Overseas Corporation | 38-2638990 | 05-44610 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 9. | Environmental Catalysts, LLC | | 05-44503 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 10. | Delphi Diesel Systems Corp. | 38-3505001 | 05-44612 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 11. | Delphi Medical Systems Colorado Corporation | 84-1524184 | 05-44507 | 4300 Road 18 Longmont, CO 80504 | October 8, 2005 |

7

| | Entity | Tax / Federal ID Number | Case Number | Address | Date Of Petition Filing |
|---|---|---|---|---|---|
| 12. | Delphi LLC | 37-1438255 | 05-44615 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 13. | Delphi Medical Systems Texas Corporation | 20-2885110 | 05-44511 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 14. | Aspire, Inc. | 36-4392806 | 05-44618 | U.S. Route 1 Morrisville, PA 19067 | October 8, 2005 |
| 15. | Delphi Medical Systems Corporation | 32-0052827 | 05-44529 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 16. | Delphi Integrated Service Solutions, Inc. | 38-3473261 | 05-44623 | 1322 Rankin Street Troy, MI 48083 | October 8, 2005 |
| 17. | Specialty Electronics International Ltd. | 66-0522490 | 05-44536 | 69A Kronprindsens Gade (Third Floor) P.O. Box 1858 St. Thomas, VI | October 8, 2005 |
| 18. | Delphi Connection Systems | 95-2563022 | 05-44624 | 17150 Von Karman Avenue Irvine, CA 92614 | October 8, 2005 |
| 19. | Specialty Electronics, Inc. | 57-0755068 | 05-44539 | 19200 Asheville Highway P.O. Box 519 Landrum, SC 29356 | October 8, 2005 |
| 20. | Packard Hughes Interconnect Company | 33-0595219 | 05-44626 | 17150 Von Karman Avenue Irvine, CA 92614-0901 | October 8, 2005 |
| 21. | Delphi Liquidation Holding Company | 95-4359324 | 05-44542 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 22. | DREAL, Inc. | 38-3457411 | 05-44627 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 23. | Delphi Electronics (Holding) LLC | 95-4554161 | 05-44547 | One Corporate Center Kokomo, IN 46904-9005 | October 8, 2005 |

8

|  | Entity | Tax / Federal ID Number | Case Number | Address | Date Of Petition Filing |
|---|---|---|---|---|---|
| 24. | Delphi Automotive Systems Services LLC | 38-3568834 | 05-44632 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 25. | Delphi Technologies, Inc. | 38-3430681 | 05-44554 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 26. | Delphi Services Holding Corporation | 20-0577653 | 05-44633 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 27. | Delphi Automotive Systems Tennessee, Inc. | 38-3319836 | 05-44558 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 28. | Delphi Automotive Systems Global (Holding), Inc. | 38-3547659 | 05-44636 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 29. | Delphi Mechatronic Systems, Inc. | 38-3589834 | 05-44567 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 30. | Delphi Foreign Sales Corporation | 66-0564421 | 05-44638 | Chase Trade, Inc. Post Office Box 309420 55-11 Conacao Gade Charlotte Amalie St. Thomas, VI 00803-9420 | October 8, 2005 |
| 31. | Delphi Automotive Systems Risk Management Corp. | 38-3575299 | 05-44570 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 32. | Delphi Automotive Systems Human Resources LLC | 38-3547664 | 05-44639 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 33. | Exhaust Systems Corporation | 38-3211473 | 05-44573 | 4800 S. Saginaw Street Flint, MI 48501 | October 8, 2005 |
| 34. | Delphi Automotive Systems LLC | 38-3431131 | 05-44640 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |

| | Entity | Tax / Federal ID Number | Case Number | Address | Date Of Petition Filing |
|---|---|---|---|---|---|
| 35. | Delphi China LLC | 38-3196159 | 05-44577 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 36. | Delphi Furukawa Wiring Systems LLC | 20-2478586 | 05-47452 | 5725 Delphi Drive Troy, MI 48098-281 | October 14, 2005 |
| 37. | Delphi Automotive Systems Korea, Inc. | 38-2849490 | 05-44580 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 38. | Delphi Receivables LLC | 61-1446224 | 05-47459 | 5725 Delphi Drive Troy, MI 48098-2815 | October 14, 2005 |
| 39. | Delphi International Services, Inc. | 38-3439894 | 05-44583 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 40. | MobileAria, Inc. | 31-1695929 | 05-47474 | 800 West El Camino Real Suite 240 Mountain View, CA 94040 | October 14, 2005 |
| 41. | Delphi Automotive Systems Thailand, Inc. | 38-3379709 | 05-44586 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |
| 42. | Delphi Automotive Systems International, Inc. | 38-3280289 | 05-44589 | 5725 Delphi Drive Troy, MI 48098-2815 | October 8, 2005 |

**Exhibit B**

| United States Bankruptcy Court __Southern__ District Of __New York__ | PROOF OF CLAIM |
|---|---|

| Name of Debtor | Case Number | This Space For Court Use Only |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and Address where notices should be sent:

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone Number:

This Space For Court Use Only

Last four digits of account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim ☐ amends    a previously filed claim dated: _____

**1. Basis for Claim**
☐ Goods Sold / Services Performed
☐ Customer Claim
☐ Taxes
☐ Money Loaned
☐ Personal Injury
☐ Other _____

| 2. Date debt was incurred: | 3. If court judgment, date obtained: |
|---|---|

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority

Amount entitled to priority $_____

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other_____

Value of Collateral $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $

| _____ | _____ | _____ | _____ |
| (Unsecured) | (Secured) | (Priority) | (Total) |

☐Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

This Space For Court Use Only

| Date: | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

*Penalty for presenting fraudulent claim:* Fine up to $500,000 or imprisonment for up to 5 years, or both.   18 U.S.C. §§ 152 and 3571

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## —— DEFINITIONS ——

### Debtor

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

### Secured Claim

A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim.*)

### Unsecured Claim

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Court, Name of Debtor, and Case Number:**
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Classification of Claim**
**Secured Claim:**
Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the

amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

**Unsecured Priority Claim:**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**Unsecured Nonpriority Claim:**
Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

**5. Total Amount of Claim at Time Case Filed:**
Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**6. Credits:**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**7. Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

# EXHIBIT L

**Presentment Date and Time: March 27, 2006 at 4:00 p.m.**
**Objection Deadline: March 27, 2006 at 2:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
In re                                                    :    Chapter 11
                                                         :
DELPHI CORPORATION, et al.,                              :    Case No. 05- 44481 (RDD)
                                                         :
                                    Debtors.             :    (Jointly Administered)
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x

NOTICE OF PRESENTMENT OF ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND
1107(b) AND FED. R. BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND
RETENTION OF ERNST & YOUNG LLP AS INDEPENDENT
AUDITORS, ACCOUNTANTS, AND TAX ADVISORS TO DEBTORS,
<u>EFFECTIVE NUNC PRO TUNC TO JANUARY 1, 2006</u>

PLEASE TAKE NOTICE that on March 17, 2006, Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in

the above-captioned cases filed the Application For An Order Under 11 U.S.C. §§ 327(a),

328(a), And 1107(b) And Fed. R. Bankr. P. 2014 Authorizing The Employment And

Retention Of Ernst & Young LLP As Independent Auditors, Accountants, And Tax

Advisors To The Debtors, Effective <u>Nunc</u> <u>Pro</u> <u>Tunc</u> To January 1, 2006 (the "Application,"

attached to this notice as <u>Exhibit A</u>).

PLEASE TAKE FURTHER NOTICE that if timely written objections are

filed, served, and received in accordance with this notice, a hearing to consider approval of

the Application will be held on April 7, 2006, at 10:00 a.m. (Prevailing Eastern Time) (the

"Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the

Southern District of New York, One Bowling Green, Room 610, New York, New York,

10004.

PLEASE TAKE FURTHER NOTICE that if no written objections to the

Application are timely filed, served, and received, the order filed with the Application and

attached to this notice as <u>Exhibit B</u> will be submitted for signature to the Honorable Robert

D. Drain, United States Bankruptcy Court for the Southern District of New York, One

Bowling Green, Room 610, New York, New York 10004 on March 27, 2006 at 4:00 p.m.

(Prevailing Eastern Time).

2

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Applica-

tion must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the

Local Bankruptcy Rules for the Southern District of New York, and the Order Under 11

U.S.C. §§ 102 (1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014

Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And

Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance

With Local Bankr. R. 1007-2(e) (the "Case Management Order") (Docket No. 245), (c) be

filed with the Bankruptcy Court in accordance with General Order M-242 (as amended)

registered users of the Bankruptcy Court's case filing system must file electronically, and all

other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be

submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain,

United States Bankruptcy Judge, and (e) be served upon (i) Delphi Corporation, 5725

Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors,

Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100,

Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel for the agent under the

Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington

Avenue, New York, New York 10017 (Att'n: Kenneth S. Ziman), (iv) counsel for the agent

under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New

York, New York 10017 (Att'n: Marlane Melican), (v) counsel for the Official Committee of

Unsecured Creditors, Latham & Watkins, 885 Third Avenue, New York, New York 10022

(Att'n: Robert J. Rosenberg and Mark A. Broude), (vi) Ernst & Young LLP, Global

Automotive Center, Suite 1200, 101 West Big Beaver Road, Troy, Michigan 48084 (Attn:

Steven Sheckell), (vii) counsel to Ernst & Young LLP: Mayer, Brown, Rowe & Maw LLP,

1675 Broadway, New York, New York 10019 (Attn: Weston Eguchi), and (vii) the Office

of the United States Trustee for the Southern District of New York, 33 Whitehall Street,

Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so as to

be **received** no later than **2:00 p.m. (Prevailing Eastern Time) on March 27, 2006** (the

"Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth herein and in accordance with the Case Management Order will be considered by the Bankruptcy Court at the Hearing.  If no objections to the Application are timely filed and served in accordance with the procedures set forth herein and in the Case Management Order, the Bankruptcy Court may enter an order granting the Application **without further notice**.

Dated: New York, New York
      March 17, 2006

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: _____
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By: _____
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

5

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                            :
    In re                           :    Chapter 11
                            :
DELPHI CORPORATION, et al.,      :    Case No. 05-44481 (RDD)
                            :
               Debtors.     :    (Jointly Administered)
                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND 1107(b) AND FED.
R. BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND RETENTION OF ERNST &
YOUNG LLP AS INDEPENDENT AUDITORS, ACCOUNTANTS, AND TAX ADVISORS
TO DEBTORS, EFFECTIVE NUNC PRO TUNC TO JANUARY 1, 2006

("ERNST & YOUNG RETENTION APPLICATION")

        Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this application (the "Application") for an order under 11 U.S.C. §§ 327(a), 328(a),

and 1107(b) and Fed. R. Bankr. P. 2014 authorizing the employment and retention of Ernst &

Young LLP ("E&Y") as independent auditors, accountants, and tax advisors to the Debtors,

effective nunc pro tunc to January 1, 2006.  In support of this Application, the Debtors submit

the Declaration of Kevin F. Asher, executed on March 17, 2006 (the "Asher Declaration").  In

further support of this Application, the Debtors respectfully represent as follows:

<u>Background</u>

A.    <u>The Chapter 11 Filings</u>

1.    On October 8, 2005 (the "Initial Filing Date"), Delphi and certain of its

U.S. subsidiaries (the "Initial Filers") filed voluntary petitions in this Court for reorganization

relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended

(the "Bankruptcy Code").  On October 14, 2005, three additional U.S. subsidiaries of Delphi

(together with the Initial Filers, collectively, the "Debtors") also sought reorganization relief.

The Debtors continue to operate their businesses and manage their properties as debtors-in-

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  This Court entered

orders directing the joint administration of the Debtors' chapter 11 cases (Dockets Nos. 28 and

404).

2.    On October 17, 2005, the Office of the United States Trustee appointed an

official committee of unsecured creditors (the "Creditors' Committee").  No trustee or examiner

has been appointed in the Debtors' cases.

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

4.    The statutory predicates for the relief requested herein are sections 327(a),

328(a), and 1107(b) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules").

B.     Current Business Operations Of The Debtors

5.     Delphi had global 2004 revenues of approximately $28.6 billion, and

global assets as of August 31, 2005 of approximately $17.1 billion.[1]  Delphi ranks as the fifth

largest public company business reorganization in terms of revenues, and the thirteenth largest

public company business reorganization in terms of assets.  Delphi's non-U.S. subsidiaries are

not chapter 11 debtors and continue their business operations without supervision from the

Bankruptcy Court.

6.     Delphi has become a leading global technology innovator with significant

engineering resources and technical competencies in a variety of disciplines, and the Company

(as defined below) is today arguably the single largest global supplier of vehicle electronics,

transportation components, integrated systems and modules, and other electronic technology.

The Company's technologies and products are present in more than 75 million vehicles on the

road worldwide.  The Company supplies products to nearly every major global automotive

original equipment manufacturer, with 2004 sales to its former parent, General Motors

Corporation ("General Motors" or "GM"), equaling approximately $15.4 billion, and sales to

each of Ford Motor Company, DaimlerChrysler Corporation, Renault/Nissan Motor Company,

Ltd., and Volkswagen Group exceeding $850 million.

7.     As part of its growth strategy, Delphi has established an expansive global

presence with a network of manufacturing sites, technical centers, sales offices, and joint

ventures located in every major region of the world.  As of the Initial Filing Date, the Debtors

employed approximately 180,000 employees worldwide.  The Debtors' 50,600 U.S. employees

---

[1]    The aggregated financial data used in this Application generally consists of consolidated information from
Delphi and its worldwide subsidiaries and affiliates.

3

worked in approximately 44 manufacturing sites, 13 technical centers, and Delphi's Troy,

Michigan headquarters.  As of the Initial Filing Date, the Debtors employed approximately

34,750 hourly employees in the United States, 96% of whom are union-represented.

Approximately 34,750 of the Debtors' U.S. employees were hourly employees as of the Initial

Filing Date, and 96% of these were represented by approximately 49 different international and

local unions.  Outside the United States, the Company's foreign entities employed more than

134,000 people on the Initial Filing Date, supporting 120 manufacturing sites and 20 technical

centers in nearly 40 countries around the globe.

    8.    Delphi was incorporated in Delaware in 1998 as a wholly-owned

subsidiary of GM.  Prior to January 1, 1999, GM conducted the Company's business through

various divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these

divisions and subsidiaries were transferred to Delphi and its subsidiaries and affiliates

(collectively, the "Company") in accordance with the terms of a Master Separation Agreement

between Delphi and GM.  In connection with these transactions, Delphi accelerated its evolution

from a North American-based, captive automotive supplier to a global supplier of components,

integrated systems, and modules for a wide range of customers and applications.  Although GM

is still the Company's single largest customer, today more than half of Delphi's revenue is

generated from non-GM sources.

    9.    Due to the significant planning that goes into each vehicle model, Delphi's

efforts to generate new business do not immediately affect its financial results, because supplier

selection in the auto industry is generally finalized several years prior to the start of production

of the vehicle.  When awarding new business, which is the foundation for the Company's

forward revenue base, customers are increasingly concerned with the financial stability of their

4

supply base.  The Debtors believe that they will maximize stakeholder value and the Company's

future prospects if they stabilize their businesses and continue to diversify their customer base.

The Debtors also believe that this must be accomplished in advance of the expiration of certain

benefit guarantees between GM and certain of Delphi's unions representing most of its U.S.

hourly employees which coincides with the expiration of the Company's U.S. collective

bargaining agreements in the fall of 2007.

C.      Events Leading To Chapter 11 Filing

        10.      In the first two years following Delphi's separation from GM, the

Company generated approximately $2 billion in net income.  Every year thereafter, however,

with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the

Company reported a net operating loss of $482 million on $28.6 billion in net sales.  Reflective

of a downturn in the marketplace, Delphi's financial condition deteriorated further in the first six

months of 2005, with net operating losses of $608 million for the first six months of calendar

year 2005 on six-month net sales of $13.9 billion, approximately $1 billion less than the same

time period a year earlier.[2]

        11.      The Debtors believe that the Company's financial performance has

deteriorated because of: (a) increasingly unsustainable U.S. legacy liabilities and operational

restrictions driven by collectively bargained agreements, including restrictions preventing the

Debtors from exiting non-strategic, non-profitable operations, all of which have the effect of

creating largely fixed labor costs, (b) a competitive U.S. vehicle production environment for

---

[2]    Reported net losses in calendar year 2004 were $4.8 billion, reflecting a $4.1 billion tax charge, primarily
       related to the recording of a valuation allowance on the U.S. deferred tax assets as of December 31, 2004.

domestic OEMs resulting in the reduced number of motor vehicles that GM produces annually in the United States and related pricing pressures, and (c) increasing commodity prices.

12.    In light of these factors, the Company determined that it would be imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product portfolio, operational issues, and forward looking revenue requirements.  Because discussions with its unions and GM were not progressing sufficiently, the Company commenced these chapter 11 cases for its U.S. businesses to complete the Debtors' transformation plan and preserve value for its stakeholders.

13.    Through the reorganization process, the Debtors intend to achieve competitiveness for Delphi's core U.S. operations by modifying or eliminating non-competitive legacy liabilities and burdensome restrictions under current labor agreements and realigning Delphi's global product portfolio and manufacturing footprint to preserve the Company's core businesses.  This will require negotiation with key stakeholders over their respective contributions to the restructuring plan or, absent consensual participation, the utilization of the chapter 11 process to achieve the necessary cost savings and operational effectiveness.  The Debtors believe that a substantial segment of Delphi's U.S. business operations must be divested, consolidated, or wound-down during these cases.

14.    Upon the conclusion of the reorganization process, the Debtors expect to emerge as a stronger, more financially sound business with viable U.S. operations that are well-positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal all of its resources to continue to deliver value and high-quality products to its customers globally.  Additionally, the Company will preserve and continue the strategic growth of its non-U.S. operations and maintain its prominence as the world's premier auto supplier.

<u>Relief Requested</u>

15.    By this Application, the Debtors request authorization to employ and retain

E&Y as their independent auditors and to provide accounting, tax, and other audit-related

services consistent with the rules and regulations of the Securities and Exchange Commission

and the Public Company Accounting Oversight Board (the "Applicable Rules and Regulations")

in these chapter 11 cases, effective <u>nunc</u> <u>pro</u> <u>tunc</u> to January 1, 2006.  Specifically, the Debtors

respectfully request entry of an order under sections 327(a), 328(a), and 1107(b) of the

Bankruptcy Code and Bankruptcy Rule 2014 authorizing E&Y to perform (a) independent

auditing and accounting services in accordance with the terms set forth in the letter agreement

attached hereto as <u>Exhibit 1</u> (the "Audit Engagement Letter") and (b) tax advisory services in

accordance with the terms set forth in the letter agreement attached hereto as <u>Exhibit 2</u> (the

"Master Tax Advisory Agreement," and together with the Audit Engagement Letter, the

"Engagement Letters").

16.    On November 28, 2005, the Debtors filed an Application For Order Under

11 U.S.C. §§ 327(a), 328(a), and 1107(b) Authorizing Employment And Retention Of Ernst &

Young LLP As Sarbanes-Oxley, Valuation, And Tax Services Providers to Debtors, Effective

<u>Nunc</u> <u>Pro</u> <u>Tunc</u> To October 8, 2005 (the "Initial Application").  The Initial Application sought

the Court's authorization of the Debtors' employment of E&Y in accordance with the terms of

four engagement letters (the "Prior Engagement Letters").  The Initial Application was supported

by the Affidavit of Randall J. Miller, sworn to November 28, 2005 (the "Miller Affidavit").  On

January 5, 2006 the Court entered an order approving the Initial Application (Docket No. 1743).

17.    E&Y completed all of the services under the Prior Engagement Letters on

or before December 16, 2005.  On December 29, 2005, E&Y provided to the Debtors formal

7

notice of termination of the Prior Engagement Letters.  All of the services provided under the

Prior Engagement Letters involved the review of, advice with respect to, and assistance in

assessing and testing the internal controls over financial reporting and tax services as applied to

transactions and events during 2005.  E&Y has not been involved and will not be involved in

providing any such services during 2006 and will only provide services during 2006 that are

consistent with maintaining its independence as required and in accordance with the Applicable

Rules and Regulations, including the prohibition on E&Y reviewing E&Y's own work under the

Prior Engagement Letters.

<u>Scope Of Services</u>

18.    As set forth in further detail in the Engagement Letters and in the Asher

Declaration, subject to approval of this Court, E&Y has agreed to provide the following services:

A.    <u>Services Under The Audit Engagement Letter</u>:

(i)    Perform an audit (the "Integrated Audit") of the Company's consolidated
financial statements and its internal control over financial reporting,
including auditing and reporting on the consolidated financial statements
of the Debtors for the year ending December 31, 2006; audit and report on
management's assessment of the effectiveness of internal control over
financial reporting and on the effectiveness of internal control over
financial reporting as of December 31, 2006; and review the Debtor's
unaudited interim financial information before the Debtors file their Form
10-Q (collectively, the "Audit Services"); and

(ii)    as and when requested by the Debtors from time to time, provide
accounting advisory and research services in connection with various
accounting matters, including consultations required for significant
proposed or executed transactions; continuing education support;
assistance with and review of registration statements, comfort letters, and
consents; information technology internal controls; and services related to
mergers, acquisitions, and divestitures, which such services may include
carve-out audits of one or more business units and which may, with
Delphi's consent, be provided by one of the Ernst & Young Global

8

Limited entities;[3] E&Y (or any EYGL Member Firms) may perform additional audit procedures with respect to any financial statements of a non-consolidated affiliate of Delphi which are required to be filed with Delphi's annual report on Form 10-K pursuant to Article 3-09 of Regulation S-X of the Securities and Exchange Act of 1934, as amended; provide services to audit the accounts, disclosures, and transactions associated with the Debtors' operating under chapter 11 of the Bankruptcy Code (collectively, the "Additional Accounting Advisory Services").

B.    <u>Services Under The Master Tax Advisory Agreement</u>:

19.    In addition to the services described in the Audit Engagement Letter, E&Y will provide tax services to the Debtors.  The Debtors will, from time to time, identify tax services which they desire to be performed by E&Y.  E&Y will authorize the performance of such services on a project-by-project basis.  The description of the first two projects is attached to the Master Tax Advisory Agreement as Project Addendum I (Other Tax Advisory Services) and Project Addendum II (Bankruptcy Tax Services).  E&Y will not provide any tax service to the Debtors until those services have been approved by the Company's audit committee.

1.    <u>Bankruptcy Tax Services</u>.

(a)    Advise and assist the Debtors on the federal, state, and local income tax consequences of proposed plans of reorganization, including, if necessary, assistance in the preparation of IRS ruling requests regarding the tax consequences of alternative reorganization structures;

(b)    prepare "Section 382 calculations" and apply the appropriate federal, state, and local tax law to historic information regarding changes in ownership of the Delphi's stock to calculate whether any of the shifts in stock ownership may have caused an ownership change that will restrict the use

---

[3]    The Ernst & Young global network encompasses independent professional services practices conducted by separate legal entities throughout the world.  All of these practice entities join the Ernst & Young network by becoming members (each, an "EYGL Member Firm") of Ernst & Young Global Limited (EYGL), a company incorporated under the laws of England and Wales and limited by guarantee, with no shareholders and no capital.  EYGL is the principal governance entity of the Ernst & Young network.  Each EYGL Member Firm is a separate legal entity that is separately owned and managed.  Through their membership in EYGL, the EYGL member firms undertake to operate certain of their professional practices in accordance with agreed standards and the guidance of EYGL.  In addition, EYGL member firms share access to certain intellectual property and centrally licensed materials, including the Ernst & Young name.  E&Y and Ernst & Young (Canada) are members of EYGL.

9

of tax attributes (such as net operating loss, capital loss, credit carry forwards, and build in losses) and the amount of any such limitation;

(c)     through analysis of the information contained in historic tax returns and other relevant records of the Company and application of relevant consolidated tax return rules, prepare calculations and apply the appropriate federal, state, and local tax law to determine the tax asset and stock basis and deferred inter-company transactions and other consolidated return issues for each legal entity in the Company's U.S. tax group, and identify major deferred inter-company transactions, excess loss accounts, etc.;

(d)     prepare calculations and apply the appropriate federal, state, and local tax law to determine the amount of tax attribute reduction related to debt cancellation income;

(e)     provide analysis of the federal, state, and local tax treatment governing the timing of deductions of plant shut down, severance, and other costs incurred as the Company rationalizes its operations, including tax return disclosure, and presentation;

(f)     provide analysis of the federal, state, and local tax treatment of the costs and fees incurred by the Debtors in connection with the bankruptcy cases, including tax return disclosure and presentation;

(g)     provide analysis of the federal, state, and local tax treatment of interest and financing costs related to debt subject to the automatic stay, and new debt incurred as the Debtors emerge from bankruptcy, including tax return disclosure and presentation;

(h)     provide analysis of the federal, state, and local tax consequences of restructuring and rationalization of inter-company accounts;

(i)     provide analysis of the federal, state, and local tax consequences of proposed dispositions of assets during bankruptcy, including tax return disclosure and presentation;

(j)     provide analysis of the federal, state, and local tax consequences of restructuring the U.S. or worldwide corporate groups during bankruptcy, including tax return disclosure and presentation;

(k)     provide analysis of the federal, state, and local tax consequences of potential bad debt and worthless stock deductions, including tax return disclosure and presentation; and

10

      (l)    providing analysis of the federal, state, and local tax consequences of employee benefit plans (services (a) through (l) collectively, the Bankruptcy Tax  Services").

2.    <u>Other Tax Advisory Services</u>.

      (a)    Provide the Company tax advice and assistance concerning issues as requested by the Company's tax department, such as assistance with tax issues, assistance with transactional issues, or assistance in connection with the Company's dealings with tax authorities (collectively, "Other Tax Advisory Services").

C.    <u>Audit Committee Pre-Approval And Maintenance Of Independence</u>:

20.    All services to be provided by E&Y to the Company which are not specifically contemplated by the Engagement Letters and attached Addendums, must be pre-approved by Delphi's Audit Committee pursuant to the Audit Committee's pre-approval process, policies, and procedures and no services may be provided which adversely impact E&Y's ability to satisfy the independence standards of the Applicable Rules and Regulations.  E&Y is required to communicate annually with the Audit Committee on independence matters as required by such independence standards.

21.    E&Y will provide the Audit Services and Additional Accounting Advisory Services under the Audit Engagement Letter to Delphi and its U.S. subsidiaries and affiliates which are Debtors in these chapter 11 cases (the "U.S. Debtors").

22.    Delphi's foreign subsidiaries and affiliates which are debtors in these chapter 11 cases (the "Foreign Debtors") may seek to retain and employ the local EYGL Member Firms from the respective countries where such Foreign Debtors are located to perform certain services, which services may include, without limitation, statutory audit services.  Those services will be provided under engagement letters which are separate and distinct from the Audit Engagement Letter.  The Foreign Debtors will seek such retention pursuant to either (a) sections

11

327, 328, and 1107 of the Bankruptcy Code or (b) under a subcontracting arrangement pursuant

to the following language, which is substantially similar to that provided for in the Initial

Application:

> E&Y may subcontract a portion of its responsibilities under this
> Agreement without Company's prior written approval to any
> affiliate of E&Y, any other member of the global E&Y network or
> any of their respective affiliates (collectively, the "E&Y Entities,"
> and any of them, an "E&Y Entity"); provided, however, that E&Y
> shall be and shall remain fully and solely responsible for all of the
> liabilities and obligations of E&Y under this Agreement, whether
> or not performed, in whole or part, by E&Y, or any subcontractor
> or personnel of any E&Y Entity.  The Company shall have no
> recourse, and shall bring no claim, against any E&Y Entity other
> than E&Y, or against any subcontractors, members, shareholder,
> directors, officers, managers, partners, agents, representatives or
> employees of any E&Y Entity (or any of their respective
> successors or permitted assigns) or any of their respective assets,
> with respect to the Services or otherwise under this Agreement.

23.    If E&Y subcontracts to an EYGL Member Firm, E&Y will supplement the

Asher Declaration to set forth the nature of the services to be provided under the subcontracting

arrangement.

24.    The services to be provided by E&Y to the Debtors will not be

unnecessarily duplicative of those provided by any other of the Debtors' professionals, and E&Y

will coordinate any services performed at the Debtors' request with the Debtors' other

professionals, including financial advisors and counsel, as appropriate, to avoid duplication of

effort, consistent with the auditor independence requirements of the Applicable Rules and

Regulations.

25.    Subject to this Court's approval of the Application, E&Y is willing to serve

as the Debtors' independent auditors, accountants, and tax advisors and to perform the services

described in the Engagement Letters on the terms set forth therein.

12

<u>Qualifications Of Professionals</u>

26.    The Debtors are familiar with the professional standing and reputation of E&Y.  The Debtors understand that E&Y is well-experienced in providing independent auditors and accountants in restructurings and reorganizations, and that E&Y is well-respected for services it has rendered in large, complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

27.    As set forth in the Asher Declaration, E&Y's depth and breadth of experience with Tier 1 automotive suppliers offers numerous benefits to the Debtors.

28.    The services of E&Y are deemed necessary to enable the Debtors to maximize the value of their estates and to reorganize successfully.  The Debtors submit that E&Y is well-qualified and able to represent the Debtors in a cost-effective, efficient, and timely manner.

<u>Disinterestedness Of Professionals</u>

29.    The Miller Affidavit and the Asher Declaration contain information available to date on E&Y's connections with other parties-in-interest, as required by Bankruptcy Rule 2014(a).  Based on the information in the Miller Affidavit and the Asher Declaration, which are incorporated herein by reference, the Debtors submit that E&Y and the professionals in the firm are "disinterested persons," as that term is used in section 101(14) of the Bankruptcy Code, and are otherwise eligible to be retained under section 327(a) of the Bankruptcy Code.

30.    E&Y's engagement period for the Audit Services and the Additional Audit Advisory Services begins on January 1, 2006.  As such, with respect to the Audit Services or Additional Audit Advisory Services, E&Y will not be auditing transactions or controls that were performed pursuant to the Prior Engagement Letters.  Both E&Y and the Debtors have

13

performed comprehensive independence reviews prior to the commencement of the Audit

Services.  E&Y's independence review was consistent with the Applicable Rules and

Regulations, including Independence Standard Board No. 1.

Professional Compensation

31.    Subject to this Court's approval and pursuant to the terms and conditions of

the Engagement Letters, the Debtors have agreed to E&Y's professional compensation as

follows:

A.    Services Rendered Under The Audit Engagement Letter

1.    Audit Services.

28.    E&Y's fixed domestic fee for the Audit Services (the "Domestic Fixed

Fee") will be $7,500,000, plus expenses.  Expenses include reasonable and customary out-of-

pocket expenses such as travel, meals, accommodations, and other expenses specifically related

to E&Y's engagement.  The Debtors and E&Y have agreed that E&Y may submit invoices for

the Audit Services in accordance with the following schedule:

| Date | Amount[4] |
|---|---|
| March 2006 | $ 3,000,000 |
| August 2006 | $ 3,000,000 |
| January 2007 | $ 1,500,000 |

29.    The Domestic Fixed Fee is based upon, among other things, E&Y's

preliminary review of the Debtors' records and the representations Debtors' personnel have made

---

[4]    This amount does not reflect expenses.

to E&Y, the Debtors' documentation of internal control over financial reporting, the procedures

the Debtors' perform to support management's assessment of the effectiveness of internal control

over financial reporting, and the results of E&Y's audit procedures.  The Domestic Fixed Fee is

additionally based upon the Debtors' personnel providing a reasonable level of assistance during

the Integrated Audit.  Should E&Y's assumptions with respect to these matters be incorrect or

should it require additional commitments by E&Y beyond those upon which the Domestic Fixed

Fee is based, E&Y will bill for this time at the rates and in the manner set forth below with

respect to the Additional Accounting Advisory Services.

   2. <u>Additional Accounting Advisory Services</u>.

   30. Fees for the Additional Accounting Advisory Services will be based on

E&Y's hourly rates for such services, plus reasonable expenses.  Expenses include reasonable

and customary out-of-pocket expenses such as travel, meals, accommodations, and other

expenses specifically related to E&Y's engagement.  E&Y's current hourly rates for the

Additional Accounting Advisory Services are as follows:

| <u>Level</u> | <u>Hourly Rate</u> |
|---|---|
| Partner | $ 525 – 750 |
| Senior Manager | $ 400 – 625 |
| Manager | $ 300 – 470 |
| Senior | $ 220 – 375 |
| Staff | $125 – 200 |
| Client Service Associate | $75 – 125 |

B.     Services Rendered Under The Master Tax Advisory Agreement

31.     Fees for the Bankruptcy Tax Services and Other Tax Advisory Services will

be based on E&Y's hourly rates for such services, plus reasonable expenses as described in

Attachment D to the Master Tax Advisory Agreement.  E&Y's current hourly rates for the

Bankruptcy Tax Services and Other Tax Advisory Services are currently as follows:

| Level | Hourly Rate |
|-------|-------------|
| Partner/Principal/Executive Director | $ 650 - $750 |
| Senior Manager | $ 550 – 650 |
| Manager | $ 500 – 600 |
| Senior | $ 400 – 500 |
| Staff | $ 200 - 300 |

32.     E&Y's hourly rates are revised periodically in the ordinary course of E&Y's

business.  E&Y's hourly rates for the Additional Accounting Advisory Services will be adjusted

on January 1st annually, beginning January 1, 2007.  E&Y's hourly rates for the Bankruptcy Tax

Services and Other Tax Advisory Services will be adjusted on July 1st, annually, beginning July

1, 2007.  E&Y will advise the Debtors, the Office of the United States Trustee, the Creditors'

Committee, and any other party as directed by this Court of its new rates once they are

established if a rate change is effective during the course of this engagement.

33.     E&Y will request reimbursement of E&Y's actual expenses related to the

services provided under the Engagement Letters as well as fees for any time E&Y may spend in

considering or responding to discovery requests or participating as a witness in any legal

regulatory, or other proceeding before this Court or the United States District Court for the

16

Southern District of New York (the "District Court") and any relevant administrative orders as a

result of E&Y's performance of services under the Engagement Letters, including any time or

reasonable expenses of outside counsel retained by E&Y in respect of any of the foregoing.[5]

34.    E&Y intends to invoice the Debtors on a monthly basis for Additional

Accounting Advisory Services, Bankruptcy Tax Services, and Other Tax Advisory Services.

35.    E&Y will apply to this Court for compensation and reimbursement of

expenses in accordance with section 330(a) of the Bankruptcy Code, the Bankruptcy Rules, the

Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New

York (the "Local Rules"), the guidelines established by the Office of the United States Trustee,

the Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And

Reimbursement Of Expenses Of Professionals, and any other applicable orders of this Court.

E&Y acknowledges that all compensation will be subject to this Court's review and approval

after notice and a hearing.

36.    The Debtors believe that E&Y's fees are fair and reasonable in light of

industry practice, market rates both inside and outside of chapter 11 cases, E&Y's experience in

reorganizations, and E&Y's importance to these cases.

<u>Dispute Resolution</u>

37.    Pursuant to the Engagement Letters, the Debtors and E&Y have agreed that

any controversy or claim with respect to, in connection with, arising out of, or in any way related

to the Engagement Letters or the services provided thereunder (including any such matter

---

[5]    E&Y acknowledges that in the event it seeks reimbursement for outside counsel pursuant to this paragraph,
such attorney's time records and invoices have to be included in E&Y's own fee applications. Additionally,
such attorney's time records and invoices will be subject to the Office of the United States Trustee's guidelines
for compensation and reimbursement of expenses and approval of this Court under the standards of sections 330
and 331 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section
330(a)(3)(C) of the Bankruptcy Code.

17

involving a parent, subsidiary, affiliate, successor-in-interest, or agent of the Debtors or E&Y)

will be brought in this Court, or in the District Court if such District Court withdraws the

reference, and the Debtors and E&Y, and any and all successors and assigns thereof, consent to

the jurisdiction and venue of such court as the sole and exclusive forum (unless such court does

not have jurisdiction and venue of such claims or controversies) for the resolution of such claims,

causes of action, or lawsuits.  The Debtors and E&Y, and any and all successors and assigns

thereof, have also agreed to waive trial by jury in any controversy or claim.  If this Court, or the

District Court upon withdrawal of the reference, does not have or retain jurisdiction over the

foregoing claims or controversies, the Debtors and E&Y, and any and all successors and assigns

thereof, have agreed to submit first to non-binding mediation and, if mediation is not successful,

then to binding arbitration in Detroit, Michigan.

    38. The Audit Engagement Letter provides further that notwithstanding the

dispute resolution procedures described above, the Debtors or E&Y may seek injunctive relief to

enforce its rights with respect to the use or protection of (a) its confidential or proprietary

information or material, (b) its names, trademarks, service marks, or logos, and (c) the

enforcement of the notice provisions set forth in the Audit Engagement Letter.

<u>Termination</u>

    39. Under the Engagement Letters the Debtors or E&Y may terminate the

engagements thereunder at any time, <u>provided</u>, <u>however</u>, that under the Audit Engagement Letter

the terminating party will notify the other and will provide this Court, the Office of the United

States Trustee, the Creditors' Committee and any other party as directed by this Court  with three

business days' notice of termination.  In any event E&Y's engagement will terminate upon the

earlier of the completion of the services to be rendered by E&Y under the Engagement Letters or

the effective date of the Debtors' confirmed plan of reorganization, or liquidation of the Debtors'

assets under chapter 11 or 7 of the Bankruptcy Code, or otherwise.  The  provisions of the Audit

Engagement Letter relating to fees and expenses and alternative dispute resolution and the

provisions of the Master Tax Advisory Agreement relating to indemnification, limitation of

liability, fees and expenses, and alternative dispute resolution will remain operative and in full

force and effect regardless of any termination or expiration of such engagement and will survive

completion of the Debtors' bankruptcy

Conclusion

40.    For the foregoing reasons, the Debtors submit that the relief requested

herein is in the best interests of the Debtors and their estates and creditors and should be

approved.

Notice

41.    Notice of this Application has been provided in accordance with the Order

Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014

Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And

Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance

With Local Bankr. R. 1007-2(e) entered by this Court on October 14, 2005 (Docket No. 245).  In

light of the nature of the relief requested, the Debtors submit that no other or further notice is

necessary.

Memorandum Of Law

42.    Because the legal points and authorities upon which this Application relies

are incorporated herein, the Debtors respectfully request that the requirement of the service and

filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

19

WHEREFORE, the Debtors respectfully request that this Court enter an order (a) authorizing the Debtors to employ and retain E&Y as independent auditors, accountants, and tax advisors pursuant to the terms and conditions set forth in the Engagement Letters, effective nunc pro tunc to January 1, 2006, and (b) granting such other and further relief as is just.

Dated:        New York, New York
              March 17, 2006

                                        DELPHI CORPORATION, on behalf of itself and
                                        certain of its subsidiaries and affiliates, as Debtors
                                        and Debtors-in-Possession

                                        By:   /s/ John D. Sheehan
                                              Name: John D. Sheehan
                                              Title: Vice President and Chief Restructuring
                                                     Officer

**Exhibit 1**

**ΞΙ ERNST & YOUNG**

■ Ernst & Young LLP
Global Automotive Center
Suite 1200
101 West Big Beaver Road
Troy, Michigan 48084

■ Phone: (248) 457-3800
www.ey.com

January 5, 2006

Mr. Robert H. Brust, Chairman
The Audit Committee of Delphi Corporation
5725 Delphi Drive
Troy, MI 48098

Mr. Robert J. Dellinger, Executive Vice President, Chief Financial Officer
Delphi Corporation
5725 Delphi Drive
Troy, MI 48098

Dear Messrs. Brust and Dellinger:

This letter agreement (the "Agreement") sets forth the terms and conditions of the engagement of Ernst & Young LLP ("Ernst & Young" or "E&Y") by Delphi Corporation and its affiliates (the "Company," "Delphi" or "Debtor") to perform audit services and, on request of the Company, to provide related accounting advisory and research services subsequent to the Company's filing of a Chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

We have agreed to provide such services, contingent upon the Bankruptcy Court approving our retention in accordance with the terms and conditions which are set forth in this Agreement.

1. This will confirm the engagement of Ernst & Young by Delphi Corporation as approved by the Audit Committee to perform an audit of the Company's consolidated financial statements and its internal control over financial reporting (referred to hereinafter as the "integrated audit"). As part of the integrated audit, we will audit and report on the consolidated financial statements of the Company for the year ending December 31, 2006 (the "audit of the financial statements"). We also will audit and report on management's assessment of the effectiveness of internal control over financial reporting and on the effectiveness of internal control over financial reporting as of December 31, 2006 (the "audit of internal control"). In addition, we will review the Company's unaudited interim financial information before the Company files its Form 10-Q. All of the services described in this paragraph may hereafter be referred to as either "Audit Service" or "Audit Services."

2. In addition, as and when requested by the Company from time to time during the term hereof, we will provide accounting advisory and research services in connection with various accounting matters, including consultations required for significant proposed or executed transactions; continuing education support; assistance with and review of registration statements, comfort letters and consents; information technology internal controls; and services related to mergers, acquisitions, and divestitures, which such services may include

A Mer But Practice of Ernst & Young Global

January 5, 2006

carve-out audits of one or more business units and which may, with Delphi's consent, be provided by one of our Ernst & Young Global Limited member firms. Additionally, as and when requested by the Company, we may (or with Delphi's consent one of our Ernst & Young Global Limited member firms may) perform additional audit procedures with respect to any financial statements of a consolidated or non-consolidated affiliate of Delphi which are required to be filed with Delphi's annual report on Form 10-K pursuant to Article 3-09 of Regulation S-X of the Securities and Exchange Act of 1934, as amended, or otherwise. We will also provide services to audit the accounts, transactions and disclosures associated with the Company operating under Chapter 11 of the Bankruptcy Code. All of the services described in this paragraph may hereafter be referred to as "Additional Accounting Advisory Services."

## *Audit Services-Integrated Audit Responsibilities and Limitations*

3. The objective of our audit of the consolidated financial statements is to express an opinion on whether the consolidated financial statements are presented fairly, in all material respects, in conformity with U.S. generally accepted accounting principles. The objectives of our audit of internal control are to express an opinion on (1) whether management's assessment of the effectiveness of internal control over financial reporting is fairly stated, in all material respects, based on suitable control criteria, and (2) the effectiveness of internal control over financial reporting. Should conditions not now anticipated preclude us from completing either our audit of the financial statements or our audit of internal control and issuing our reports thereon, we will advise the Audit Committee and management promptly and take such action as we deem appropriate.

4. We will conduct our integrated audit in accordance with the standards of the Public Company Accounting Oversight Board ("the PCAOB"). Those standards require that we obtain reasonable, rather than absolute, assurance that the consolidated financial statements are free of material misstatement, whether caused by error or fraud, and that the Company maintained, in all material respects, effective internal control over financial reporting as of the date specified in management's assessment. As the Company is aware, there are inherent limitations in the audit process, including, for example, selective testing and the possibility that collusion or forgery may preclude the detection of material error, fraud, and illegal acts. Accordingly, there is some risk that a material misstatement of the financial statements or a material weakness in internal control over financial reporting would remain undetected. Also, an audit of the financial statements is not designed to detect error or fraud that is immaterial to the consolidated financial statements. Similarly, an audit of internal control is not designed to detect deficiencies in internal control over financial reporting that, individually or in combination, are less severe than a material weakness.

5. We will consider the Company's internal control over financial reporting in determining the nature, timing, and extent of our audit procedures for the purpose of expressing our opinion on: (1) the consolidated financial statements; (2) management's assessment of the effectiveness of internal controls over financial reporting, and; (3) the effectiveness of internal

January 5, 2006

controls over financial reporting. Our report on item (2) above relates to whether management's assessment process, including documentation, provides a reasonable basis for its assessment. Our report on item (3) above relates to the effectiveness of the entity's internal controls over financial reporting taken as a whole, and not to the effectiveness of each individual internal control component.

6.  In accordance with the standards of the PCAOB, we will communicate certain matters related to the conduct and results of the audit to the Audit Committee. Such matters include, when applicable, disagreements with management, whether or not resolved; serious difficulties encountered in performing the audit; our level of responsibility under PCAOB auditing standards for the financial statements, for internal control, and for other information in documents containing the audited financial statements; unadjusted audit differences that were determined by management to be immaterial, both individually and in the aggregate, to the financial statements as a whole; changes in the Company's significant accounting policies and methods for accounting for significant unusual transactions or for controversial or emerging areas; our judgments about the quality of the Company's accounting principles; our basis for conclusions as to sensitive accounting estimates; management's consultations, if any, with other accountants; and major issues discussed with management prior to our retention.

7.  In accordance with the rules of the Securities and Exchange Commission (SEC) implementing the requirements of Section 204 of the Sarbanes-Oxley Act of 2002, we will communicate to the Audit Committee all critical accounting policies and practices used by the Company, and all alternative treatments within generally accepted accounting principles for policies and practices related to material items that have been discussed with management, including ramifications of the use of such alternative disclosures and treatments along with the treatment preferred by us. We also will advise the Audit Committee of other material written communications between management and us.

8.  We will obtain pre-approval to be confirmed in writing from the Audit Committee for any services we are to provide to the Company pursuant to the Audit Committee's pre-approval process, policies, and procedures. We also will communicate annually with the Audit Committee on independence matters as required by the independence standards of the PCAOB. We will promptly inform the Chair of the Audit Committee and management if the Audit Services are selected for inspection by the PCAOB and also will promptly communicate any information of which we become aware as a result of such inspection that has a material effect on the financial statements previously reported on by us or that could result in a significant modification to an audit report previously issued by us. Upon your request, we will promptly provide the Audit Committee and the Company with a copy of any publicly available inspection reports on E&Y issued by the PCAOB, but we will not provide any confidential inspection reports issued by the PCAOB to E&Y, the confidentiality of which is provided for in the Sarbanes-Oxley Act of 2002 and the PCAOB's inspection rules.

January 5, 2006

9. If we determine that there is evidence that fraud or possible illegal acts may have occurred, we will promptly bring such matters to the attention of an appropriate level of management and confirm such evidence to the General Counsel in writing within five business days. If we become aware of fraud involving senior management or fraud (whether by senior management or other employees) that causes a material misstatement of the consolidated financial statements, we will promptly report this matter directly to the Audit Committee and confirm such representation to the Chair of the Audit Committee in writing. We will determine that the Audit Committee is adequately informed of possible illegal acts that come to our attention unless they are clearly inconsequential. In addition, we will promptly inform the Audit Committee and appropriate members of management of significant audit adjustments noted during our audit procedures and confirm such representations in writing to the Chair of the Audit Committee and the General Counsel within five business days.

10. We will communicate in writing to management and the Audit Committee all significant deficiencies and material weaknesses in internal control over financial reporting that we identify during the course of our integrated audit. The identification of a material weakness may cause us to express an adverse opinion on the effectiveness of the Company's internal control over financial reporting. We also will communicate to management in writing all internal control deficiencies (that is, those deficiencies in internal control over financial reporting that are of a lesser magnitude than significant deficiencies) identified during the integrated audit and not previously communicated by us or by others. We also will promptly communicate in writing to the Board of Directors the existence of any significant deficiency or material weakness as a result of ineffective oversight by the Audit Committee of the Company's external financial reporting and internal control over financial reporting.

## Audit Services-Reviews of Unaudited Interim Financial Information

11. Our review of the Company's unaudited interim financial information will be performed in accordance with relevant PCAOB auditing standards.

12. A review of interim financial information consists principally of performing analytical procedures and making inquiries of management responsible for financial and accounting matters. It involves a review of the condensed consolidated financial information included in the filing on Form 10-Q and does not include any earlier earnings releases or other such communications. A review is substantially less in scope than an audit conducted in accordance with the standards of the PCAOB, the objective of which is the expression of an opinion regarding the financial statements taken as a whole. Accordingly, we will not express an opinion on the interim financial information.

13. A review includes obtaining sufficient knowledge of the entity's business and its internal control as it relates to the preparation of both annual and interim financial information to: identify the types of potential material misstatements in the interim financial information and consider the likelihood of their occurrence; and select the inquiries and analytical procedures

January 5, 2006

that will provide us with a basis for communicating whether we are aware of any material modifications that should be made to the interim financial information for it to conform with generally accepted accounting principles.

14. A review is not designed to provide assurance on internal control or to identify reportable conditions. However, we will communicate to the Audit Committee any significant deficiencies noted during our review procedures.

15. If, during our review procedures, we determine that there is evidence that fraud or possible illegal acts may have occurred, we will promptly bring such matters to the attention of the appropriate level of management and confirm such representations in writing within five business days. If we become aware of fraud involving senior management or fraud (whether caused by senior management or other employees) that causes a material misstatement of the interim financial information, we will promptly report this matter directly to the Audit Committee and confirm such representation to the Chair of the Audit Committee in writing within five business days. We will determine that the Audit Committee is adequately informed of possible illegal acts that come to our attention unless they are clearly inconsequential. We also will inform the Audit Committee and appropriate members of management of significant unadjusted differences noted during our review procedures.

## Audit Services-Management's Responsibilities and Representations

16. The consolidated financial statements, unaudited interim financial information, and management's assessment of the effectiveness of internal control over financial reporting are the responsibility of the Company's management. Management is responsible for establishing and maintaining effective internal control over financial reporting, for properly recording transactions in the accounting records, for safeguarding assets, and for the overall fair presentation of the consolidated financial statements and unaudited interim financial information. Management of the Company also is responsible for identifying and ensuring that the Company complies with the laws and regulations applicable to its activities.

17. Management is responsible for adjusting the consolidated financial statements and unaudited interim financial information to correct material misstatements and for affirming to us in its representation letter that the effects of any unadjusted differences accumulated by us during the applicable Audit Service and pertaining to the latest period presented are immaterial, both individually and in the aggregate, to the consolidated financial statements and unaudited interim financial information taken as a whole.

18. Management is responsible for apprising us of all allegations involving financial improprieties received by management or the Audit Committee (regardless of the source or form and including, without limitation, allegations by "whistle-blowers"), and providing us full access to these allegations and any results of internal investigations of them, on a timely basis, subject to the limitations set forth below regarding the Company's right to limit information based on

January 5, 2006

claims of attorney/client privilege, work product doctrine, or otherwise. Allegations of
financial improprieties include allegations of manipulation of financial results by management
or employees, misappropriation of assets by management or employees, intentional
circumvention of internal controls, inappropriate influence on related party transactions by
related parties, intentionally misleading the auditors, or other allegations of illegal acts or
fraud that could result in a misstatement of the financial statements or otherwise affect the
financial reporting of the Company. If the Company limits the information otherwise available
to us under this paragraph (based on the Company's claims of attorney/client privilege, work
product doctrine, or otherwise), the Company will promptly inform us of the fact that certain
information is being withheld from us. Any such withholding of information could be
considered a restriction on the scope of our Audit Services and may prevent us from opining
on the Company's financial statements or internal control over financial reporting; alter the
form of report we may issue on such financial statements or internal control over financial
reporting; prevent us from consenting to the inclusion of previously issued auditor's reports in
future Company filings; or otherwise affect our ability to continue as the Company's
independent registered public accounting firm. The Company and we will disclose any such
withholding of information to the Audit Committee and we and the Company will work
together in good faith to consider appropriate procedures to safeguard the Company's
attorney/client privilege or work product doctrine while at the same time providing us with
sufficient access to factual information we require to complete our Audit Services and thus
avoid to the extent possible a change or restriction on the scope of our Audit Services or us
being prevented from delivering the related opinions.

19. Management is responsible for evaluating the effectiveness of the Company's internal control
over financial reporting using suitable control criteria and for supporting its assessment with
sufficient evidence, including documentation. Management also is responsible for presenting a
written assessment of the effectiveness of the Company's internal control over financial
reporting as of the end of the Company's most recent fiscal year. In connection with its
assessment of internal control over financial reporting, management will affirm to us in its
representation letter that it has: (1) disclosed to us all significant deficiencies in the design or
operation of internal control over financial reporting, and (2) identified those that it believes to
be material weaknesses.

20. As required by PCAOB auditing standards, we will make specific inquiries of management
about the representations contained in the consolidated financial statements and unaudited
interim financial information and management's assessment of the effectiveness of internal
control over financial reporting. Those standards also require that, at the conclusion of the
applicable Audit Service, we obtain representation letters from certain members of
management about these matters. The responses to those inquiries, the written
representations, and the results of our procedures comprise the evidential matter we will rely
upon in completing the applicable Audit Service. Management is responsible for providing us
with all financial records and related information and making available to us all internal control
documentation and records necessary to complete our Audit Services on a timely basis.

January 5, 2006

Management's failure to do so may cause us to delay our report, as applicable, modify our procedures, or even terminate our engagement.

21. Management agrees to cause all of the Company's foreign subsidiaries and affiliates included in the Company's consolidated financial statements ("Companies Entities"), to provide any authorization, to the fullest extent permissible under applicable law, necessary to permit compliance with requests by the SEC or the PCAOB for production of documents or information in a foreign public accounting firm's, associated person's or E&Y's possession, custody or control that was obtained in the conduct of audit services by such firm or person. In addition, the Company hereby waives, to the fullest extent permissible under applicable law, the rights provided under any laws, regulations, professional standards, or other provisions that might restrict the ability of any foreign public accounting firm, any associated person, or E&Y, to comply with requests by the SEC or the PCAOB for production of documents or information in such foreign public accounting firm's, associated person's or E&Y's possession, custody or control that was obtained in the conduct of audit services by such foreign firm or person, and consents, to the fullest extent permissible under applicable law, to action taken in furtherance of the foregoing by any foreign public accounting firm, associated person or E&Y. Notwithstanding the foregoing, (i) management is not obligated to cause the Company or any of the Company Entities to obtain any authorization or consent from individuals under applicable data protection laws and nothing contained herein or in any such agreement shall be construed as a waiver by the Company or any of the Company Entities of any right to assert a claim of attorney/client privilege, or auditor/client privilege, provided that the right to assert auditor/client privilege is preserved solely to preserve any related claim of attorney/client privilege, and (ii) E&Y agrees that the notice and review provisions of paragraph 18 shall apply to any request, subpoena or order delivered to E&Y, any public accounting firm or associated person.

The parties hereto recognize that E&Y and/or any foreign public accounting firm and any associated person may obtain documents and copies of documents and other information during the conduct of audit services for the Company and any Company Entity that contain legally privileged, business confidential, trade secret, other confidential, proprietary and competitively sensitive information, or the Company or Company Entity's books and records. In the event that a request, subpoena or order is delivered to E&Y, any foreign public accounting firm or associated person by the SEC, the PCAOB, the United States or any foreign government, a non-government third party seeking access to or copies of documents or any other information of a Company Entity that may be in the possession of E&Y, any foreign public accounting firm or associated person, whether for the purpose of a review by the PCAOB or any other requesting party, or in connection with an informal or formal investigation of a Company Entity, E&Y, to the fullest extent permitted by the applicable regulatory or professional body or under applicable law, shall:

(i)    promptly provide both Delphi's Vice President, General Counsel and its Chief Accounting Officer, Controller with written notice of such request, subpoena or

January 5, 2006

order, together with a copy thereof by facsimile and Federal Express (or similar overnight courier) as follows:

| | |
|---|---|
| Delphi Vice President, | Delphi Chief Accounting Officer, |
| General Counsel | Controller |
| 5725 Delphi Drive | 5725 Delphi Drive |
| M/C 483-400-603 | M/C 483-400-626 |
| Troy, MI 48098 | Troy, MI 48098 |
| Facsimile: 248-813-2491 | Facsimile:  248-813-2590 |

(ii)     promptly, after receiving such request, subpoena or order, and (subject to clause (iv) below) prior to responding to any such request, subpoena or order by means of the production of any non-public documents in the possession of E&Y or such foreign public accounting firm or associated person, either prepared by a Company Entity or which were obtained by E&Y or such foreign public accounting firm or associated person from any Company Entity (in each case a "Delphi Document"), provide the Company the opportunity to read all Delphi Documents within the scope of such request;

(iii)    subject to clause (iv) below, prior to responding to any such request, subpoena or order by means of the production of any non-public Delphi Documents, (A) provide reasonable cooperation to the Company in connection with any efforts the Company may wish to make in presenting to the SEC, the PCAOB, any relevant court, or other government agency, attorney or other authority, any reasonable objection they may have to the granting of access to or production of any such documents and information, and (B) provide reasonable cooperation to the Company in connection with the Company's efforts to seek any reasonable protective order, delay in production (including reasonable efforts by E&Y to pursue any extension of time requested by the Company for compliance with any government request based on the applicable circumstances) or other reasonable agreement requested by them in relation to such documents and information so as to permit the Company to avoid any loss of privilege or confidentiality with respect to the content of any such documents, and to comply with any confidentiality obligations it may have to third parties prior to granting access to or delivery of such documents or information, and (C) not produce or grant third party access to such documents until the Company, based on applicable circumstances, has had an opportunity to seek assurances regarding the confidentiality of such information sought by the SEC, the PCAOB, or other relevant court, government agency, attorney or other authority; and

(iv)    nothing in this Agreement shall require E&Y or any foreign public accounting firm or associated person to violate any legal or regulatory requirement.

January 5, 2006

22. Kevin Asher will be the Coordinating Partner and Steve Sheckell and Jeff Henning will be the Engagement Partners, responsible for the provision of our accounting and auditing services. Mike Hatzfeld, Jamie Simpson, and Aaron Krabill, Senior Managers, will work closely with management in performing all required accounting and audit services.   If one or more of these individuals ceases to provide services pursuant to this agreement, Ernst & Young will so advise the Company and, if that professional is replaced, provide the Company with the name of that professional's replacement. Other staff, not identified herein, may be utilized as required to conduct our work in most efficient manner. Key personnel would be replaced by like skills and competency where appropriate.   Delphi has the right to approve the replacement of any key partner or senior manager, not to be unreasonably withheld.

23. We will perform the Audit Services described herein for each of the Company's subsequent fiscal years based on the terms and conditions set forth in this agreement until either the Audit Committee or E&Y terminates the agreement. Changes in the scope of our Audit Services and estimated fees for such services in subsequent fiscal years will be communicated in supplemental letters.

### *Fees and Billings*

### *Fees and Billings for Audit Services*

24. We estimate that our U.S. fee for Audit Services will be $7,500,000, plus expenses.

We will submit our invoices following the below schedule, and payment of them will be made in accordance with the Interim Compensation Order (as defined below).

| March 2006 | $3,000,000 |
| August 2006 | 3,000,000 |
| January 2007 | 1,500,000 |

25. All payments made pursuant to paragraphs 24, 25, 26, 27 and 28 must be made in conformity with the orders from the Bankruptcy Court including the order under 11 U.S.C Section 331 establishing procedures for interim compensation and reimbursement of expenses of professionals (the "Interim Compensation Order") (Docket No. 869). E&Y will timely file the appropriate interim and final applications for allowance of compensation and reimbursement of expenses pursuant to the Interim Compensation Order.  In addition, the Company shall reimburse us for direct expenses incurred in connection with the performance of the Audit Services, subject to the provisions of paragraph 27 and the Interim Compensation Order. Direct expenses include reasonable and customary out-of-pocket expenses such as travel, meals, accommodations and other expenses specifically related to this engagement. E&Y may receive rebates in connection with certain purchases, which are used to reduce overhead charges that E&Y would otherwise pass on to its clients. Our estimated fees and schedule of performance are based upon, among other things, our preliminary review of the Company's records and the representations Company personnel have made to us, the Company's documentation of internal control over financial reporting, the procedures the Company

January 5, 2006

performs to support management's assessment of the effectiveness of internal control over financial reporting, and the results of our audit procedures. Our fee estimate does not include any fees associated with Additional Accounting Advisory Services. (See paragraphs 26 through 28 below). Our fee and schedule of performance also are dependent upon the Company's personnel providing a reasonable level of assistance during our integrated audit. Should our assumptions with respect to these matters be incorrect or should the documentation of internal control, results of our procedures, condition of the records, degree of cooperation, extent of procedures performed by the Company to support management's assessment, extent of remediation testing related to ineffective internal controls or other matters beyond our reasonable control require additional commitments by us beyond those upon which our estimated fees are based, we will bill for this time at the rates and in the manner set forth below with respect to the Additional Accounting Advisory Services.

### *Fees and Billings for Additional Accounting Advisory Services*

26. Fees for the Additional Accounting Advisory Services will be billed as follows:

   a. Projects will be billed at hourly rates as scheduled in the attached document in Exhibit A.

   b. The rate in Exhibit A will be adjusted on January 1st, annually, beginning January 1, 2007, based on our revised standard rates.

   c. We will submit monthly invoices and detailed billing schedules by individual and topic at hourly rates as scheduled in the attached document.

   d. In addition, the Company shall reimburse us for direct expenses incurred in connection with the performance of the Additional Accounting Advisory Services. Direct expenses include reasonable and customary out-of-pocket expenses such as travel, meals, accommodations and other expenses specifically related to this engagement. E&Y may receive rebates in connection with certain purchases, which are used to reduce overhead charges that E&Y would otherwise pass on to its clients.

27. We will request payment of our fees for Audit Services and Additional Accounting Advisory Services in accordance with local bankruptcy rules for the Southern District of New York, orders from the Bankruptcy Court including the Interim Compensation Order (Docket No. 869), and any relevant administrative orders. In addition, we will request reimbursement of our actual expenses related to this engagement, as well as fees for any time (including any time or reasonable expenses of outside legal counsel), subject to prior approval by the Company, which approval shall not unreasonably be withheld, we may incur in considering or responding to discovery requests or participating as a witness in any legal regulatory, or other proceeding before the Southern District of New York and any relevant administrative orders as a result of our performance of these services. Delphi's Billing Procedures for outside counsel (Exhibit B) shall control the expenses for which Delphi will be responsible.

January 5, 2006

28. In the event we are requested or authorized by the Company or are required by government regulation, subpoena, or other legal process (but otherwise than in conjunction with the PCAOB annual evaluation of our audits) to produce our documents or our personnel as witnesses with respect to our engagements for the Company, the Company will, so long as we are not a party to the proceeding in which the information is sought, reimburse us for our reasonable professional expenses, as well as the fees and expenses of our outside counsel, incurred in responding to such requests as set forth in paragraph 27, above.

## Other Matters

29. The Company shall not, during the term of the Agreement and for 12 months following its termination for any reason, solicit for employment, or hire, any E&Y personnel involved in the performance of the Audit Services, except as otherwise agreed in writing by E&Y; provided that the Company shall not breach its obligation hereunder by generally advertising available positions or hiring E&Y personnel who either respond to such advertisements or come to the Company on their own initiative without direct or indirect encouragement from the Company.

30. In addition, the Company shall not, without the prior written consent of E&Y, solicit for employment or for a position on its Board of Directors, or hire, any current or former partner or professional employee of E&Y, any affiliate thereof, or any other member of the global Ernst & Young network or any of their respective affiliates, if such partner or professional employee has been involved in the performance of any audit, review, or attest service for or relating to the Company at any time since the date of filing of the Company's most recent periodic annual report with the SEC (or, if the Company has not previously filed such a report, since the beginning of the most recent fiscal year to be covered by the Company's first such report) or in the 12 months preceding that date.

31. By your signature below, you confirm that the Company, through its Board of Directors, has authorized the Audit Committee to enter into this agreement with us on the Company's behalf and that you have been expressly authorized by the Audit Committee to execute this agreement.

32. Any controversy or claim with respect to, in connection with arising out of, or in any way related to this Agreement or the Services provided hereunder (including any such matter involving any parent, subsidiary, affiliate, successor in interest or agent of the Company or of E & Y) shall be brought in the Bankruptcy Court, or the District Court if such District Court withdraws the reference and the parties to this Agreement, and any and all successors and assigns thereof, consent to the jurisdiction and venue of such court as the sole exclusive forum (unless such court does not have jurisdiction and venue of such claims or controversies) for the resolution of such claims, causes of action or lawsuits. The parties to this Agreement, and any and all successors and assigns thereof, hereby waive trial by jury, such waiver being informed and freely made. If the Bankruptcy Court, or the District Court upon withdrawal of the reference does not have or retain jurisdiction over the foregoing claims or controversies,

January 5, 2006

the parties to this Agreement and any and all successors and assigns thereof, agree to submit first to non-binding mediation; and, if mediation is not successful, then to binding arbitration in Detroit, Michigan, in accordance with the dispute resolution procedures set forth in Exhibit C to this Agreement. Judgment on any arbitration award may be entered in any court having proper jurisdiction. The foregoing is binding upon the Company, E & Y and any all successors and assigns thereof. Notwithstanding the agreement to such procedures, either party may seek injunctive relief to enforce its rights with respect to the use or protection of (i) its confidential or proprietary information or material, (ii) its names, trademarks, service marks or logos and (iii) the enforcement of the notice provisions set forth in this Agreement.

33. The benefits of this Agreement shall inure to the respective successors and assigns of the parties hereto and the obligations and liabilities assumed in this Agreement by the parties hereto shall be binding upon their respective successors and assigns.

34. As set forth herein, the Company has requested that Ernst & Young provide audit and accounting services, the scope of which is set forth in the Agreement. The Company recognizes and acknowledges that by performing the services set forth in the Agreement, Ernst & Young is not acting in any Company management capacity and that the Company has not asked Ernst & Young to make, nor has Ernst & Young agreed to make, any business decisions on behalf of the Company. All decisions about the business or operations of the Company remain the sole responsibility of the Company's management and its board of directors.

35. If any portion of this agreement is held to be void, invalid, or otherwise unenforceable, in whole or part, the remaining portions of this agreement shall remain in effect. This agreement shall be governed by, and construed in accordance with, the laws of the State of Michigan applicable to agreements made and fully to be performed therein by residents thereof.

36. This Agreement may be terminated at any time by the Company or E&Y, but in any event this Agreement will expire upon the earlier of (i) completion of the Services or (ii) the effective date of the Company's confirmed plan of reorganization, or liquidation of the Company's assets under Chapter 11 or 7 of Title 11 of the United States Code, or otherwise. If either party terminates this Agreement, in addition to notice to the other party, the terminating party shall provide not less than three (3) days' prior written notice to the Bankruptcy Court, the U.S. Trustee's office, the Creditor's Committee and the Fee Review Committee (if any). The provisions of this Agreement relating to fees and expenses and alternative dispute resolution will remain operative and in full force and effect regardless of any termination or expiration of this Agreement and shall survive completion of the Company's bankruptcy whether through a confirmed plan of reorganization, liquidation of the Company's assets under Chapter 11 or 7 of Title 11 of the United States Code, or otherwise. If any portion of this Agreement is held to be void, invalid, or otherwise unenforceable, in whole or in part, the remaining portions of this Agreement shall remain in full force and effect. By agreement to the provision of the Services set forth in the Agreement, E&Y is not providing a guarantee to the Company that E & Y's performance of those services pursuant to the terms and conditions set forth in the Agreement

January 5, 2006

will guarantee the Company's successful reorganization under Chapter 11 of Title 11 of the United States Code.

37. E&Y may subcontract a portion of its responsibilities under this Agreement without Company's prior written approval to any affiliate of E&Y, any other member of the global E&Y network or any of their respective affiliates (collectively, the "E&Y Entities," and any of them, and "E&Y Entity"); provided, however, that E&Y shall be and shall remain fully and solely responsible for all of the liabilities and obligations of E&Y under this Agreement, whether or not performed, in whole or part, by E&Y, or any subcontractor or personnel of any E&Y Entity. The Company shall have no recourse, and shall bring no claim, against any E&Y Entity other than E&Y, or against any subcontractors, members, shareholder, directors, officers, managers, partners, agents, representatives or employees of any E&Y Entity (or any of their respective successors or permitted assigns,) or any of their respective assets, with respect to the Services or otherwise under this Agreement.

If these arrangements are acceptable, please sign one copy of this agreement and return it to us.

January 5, 2006

We very much appreciate the opportunity to serve as Delphi Corporation's independent registered public accounting firm and would be pleased to furnish any additional information you may request concerning our responsibilities and functions.

Yours very truly,

*Ernst + Young LLP*

AGREED TO AND ACCEPTED BY:
DELPHI CORPORATION

By:
_____

Mr. Robert H. Brust
Chairman, The Audit Committee of Delphi
Corporation

Date:_____

By:
_____

Mr. Robert J. Dellinger
Executive Vice President, Chief Financial
Officer

Date:_____

## Dispute Resolution Procedures

The following procedures shall be used to resolve any controversy or claim ("dispute") as provided in this Agreement, other than objections to fee applications relating to the subject retention. If any of these provisions are determined to be invalid or unenforceable, the remaining provisions shall remain in effect and binding on the parties to the fullest extent permitted by law.

### *Mediation*

A dispute shall be submitted to mediation by written notice to the other party or parties. The mediator shall be selected by agreement of the parties. If the parties cannot agree on a mediator, a mediator shall be designated by the CPR Institute for Dispute Resolution at the request of a party. Any mediator so designated must be acceptable to all parties.

The mediation shall be conducted as specified by the mediator and agreed upon by the parties. The parties agree to discuss their differences in good faith and to attempt, with facilitation by the mediator, to reach an amicable resolution of the dispute.

The mediation shall be treated as a settlement discussion and therefore shall be confidential. The mediator may not testify for either party in any later proceeding relating to the dispute. No recording or transcript shall be made of the mediation proceedings.

Each party shall bear its own costs in the mediation. The fees and expenses of the mediator shall be shared equally by the parties.

### *Arbitration*

If a dispute has not been resolved within 90 days after the written notice beginning the mediation process (or a longer period, if the parties agree to extend the mediation), the mediation shall terminate and the dispute shall be settled by arbitration. The arbitration will be conducted in Detroit, Michigan in accordance with the procedures in this document and the Rules for Non-Administered Arbitration of the CPR Institute for Dispute Resolution ("Rules") as in effect on the date of the engagement letter, or such other rules and procedures as the parties may designate by mutual agreement. In the event of a conflict, the provisions of this document will control.

The arbitration will be conducted before a panel of three arbitrators, two of whom are to be designated by the parties from the CPR Panels of Distinguished Neutrals using the screened selection process provided in the Rules. Any issue concerning the extent to which any dispute is subject to arbitration, or concerning the applicability, interpretation, or enforceability of these procedures, including any contention that all or part of these procedures are invalid or unenforceable, shall be governed by the Federal Arbitration Act and resolved by the arbitrators. No potential arbitrator shall be appointed unless he or she has agreed in writing to abide and be bound by these procedures.

In no event, even if any other portion of these provisions is held to be invalid or unenforceable, shall the arbitration panel have power to make an award or impose a remedy that could not be made or imposed by a court deciding the matter in the same jurisdiction. Discovery shall be

permitted in connection with the arbitration only to the extent, if any, expressly authorized by the arbitration panel upon a showing of substantial need by the party seeking discovery.

The result of the arbitration will be binding on the parties, and judgment on the arbitration award may be entered in any court having jurisdiction.

# Exhibit A

**Review of Fee Arrangements-AABS**

Delphi Corporation

| Level | Rate 2006 |
|---|---|
| Client Service Associate | $ 75 - 125 |
| Staff | $ 125 - 200 |
| Senior | $ 220 - 375 |
| Manager | $ 300 - 470 |
| Senior Manager | $ 400 - 625 |
| Partner | $ 525 - 750 |

                                     EXHIBIT B

## INSTRUCTIONS FOR COMPLETING INVOICES

The attached invoice form should be submitted with all original invoices for services rendered in connection with all legal matters involving Delphi Automotive Systems and its U.S. subsidiaries submitted by law firms or consultants and experts providing legal-related services.

Please submit invoices monthly if the "Total Fees & Disbursements" exceed $500.00 per case or matter. Otherwise, submit invoices quarterly or annually. In the case of a flat fee or other special billing arrangement, submit invoices in accordance with that arrangement.

---

**CERTAIN BASIC INFORMATION IS REQUIRED TO PROCESS AN INVOICE. THE INVOICE CANNOT BE PROCESSED WITHOUT THIS INFORMATION:**

**Case Matter Name:** If you do not know the case/matter name, please contact the responsible Delphi Attorney or Legal Assistant.

**Case Matter No.:** If you do not know the case/matter number, please contact the responsible Delphi Attorney or Legal Assistant. Note that only one case/matter may be billed on an invoice.

**Firm Employer Identification Number:** Please include your firm's EIN on the invoice.

**Invoice No.:** Each invoice must be specifically identifiable by means of a unique Invoice Number. In other words, no two invoices should have the same Invoice Number. The Invoice Number should consist of no more than ten characters (numeric and/or alpha). Please do not reuse invoice numbers submitted to Delphi previously.

**Insurance No.:** Please include any insurance number on the invoice (Sedgwick for those matters covered by Delphi's insurance carrier or ESIS for those matters covered by GM's insurance carrier).

---

**Approval:** All invoices must be signed on behalf of the firm.

## ANALYSIS OF FEES FOR PERSONS PERFORMING SERVICES DURING THIS BILLING PERIOD

**Last Name, First Initial:** List only persons who performed services during the billing period covered by the invoice. Partial hours should be stated as a decimal fraction, i.e., 20 minutes = .33.

**This Bill:** Under the category "This Bill," please do not include any past due amount. Past due amounts should only be included in the "Cumulative Totals."

**Cumulative Totals:** Amounts for "This Bill" should be included in "Cumulative Totals." (The amounts shown under "This Bill" and "Cumulative Totals" should be the same on each line on the first billing for each case/matter using the new invoice format.)

## GENERALLY

Delphi will reimburse a firm for reasonable and actual out-of-pocket payments made to third-party vendors (i.e., Delphi will not pay for markups or surcharges added by the firm) for the following items:

- Air freight/express mail deliveries
- Bond fees and premiums
- Coach-class air fare (lowest available rate/class)
- Computerized Delphi database research
- Computerized legal research (e.g., Lexis, Westlaw)
- Court reporter fees
- Expert witness fees
- Filing fees
- Inside photocopy (up to 10 cents per page)
- Local business transportation (e.g., taxi fares)
- Long distance telephone charges (for voice, fax or data)
- Outside messenger services
- Outside photocopy, binding, and printing services
- Postage
- Travel (airfare, hotel, rental car)

Delphi will not pay for:

- Books/subscriptions
- Charges related to overall case management
- Creating, updating or organizing litigation or case files
- Distribution of documents, pleadings, correspondence and materials internally or to client
- Entertainment items (movies, books, alcohol, etc.)
- Fax communications (except long distance telephone charges)
- Hourly fees while traveling
- Inside photocopy (more than 10 cents per page)
- Internal case docketing activities
- Internal firm information technology charges
- LEXIS/NEXIS/Westlaw charges beyond the expenses actually incurred by the firm
- Local meals
- Local personal transportation (taxi/limousine to/from home)
- Local telephone charges
- Membership fees
- Office supplies
- Overtime charges
- Room service or excessive meal expenses
- Secretarial/clerical charges
- Storage charges
- Time spent copying documents or materials
- Transportation expenses or time spent traveling between firm offices
- Word processing

*To Bruce Fielen*

January 5, 2006

We very much appreciate the opportunity to serve as Delphi Corporation's independent registered public accounting firm and would be pleased to furnish any additional information you may request concerning our responsibilities and functions.

Yours very truly,

*Ernst + Young LLP*

AGREED TO AND ACCEPTED BY:
DELPHI CORPORATION

By: _____

Mr. Robert H. Brust
Chairman, The Audit Committee of Delphi
Corporation

Date: _____

By: _____

Mr. Robert J. Dellinger
Executive Vice President, Chief Financial
Officer

Date: _____

January 5, 2006

We very much appreciate the opportunity to serve as Delphi Corporation's independent registered public accounting firm and would be pleased to furnish any additional information you may request concerning our responsibilities and functions.

Yours very truly,

*Ernst + Young LLP*

AGREED TO AND ACCEPTED BY:
DELPHI CORPORATION

By:

Mr. Robert H. Brust
Chairman, The Audit Committee of Delphi
Corporation

Date:_____

By:

Mr. Robert J. Dellinger
Executive Vice President, Chief Financial
Officer

Date:_____

**Exhibit 2**

**≡ll ERNST & YOUNG**

■ Ernst & Young LLP                    ■ Phone: (313) 628-7100
Suite 1700                              www.ey.com
500 Woodward Avenue
Detroit, Michigan 48226-5195

March 16, 2006

Mr. James P. Whitson
Chief Tax Officer
Delphi Corporation
5725 Delphi Drive, MC 483.400.626
Troy, MI 48098-2815

### Master Tax Advisory Agreement
### Between Delphi Corporation and Ernst & Young LLP

Dear Jim:

This letter and accompanying Attachments A through D constitute a Master Tax Advisory Agreement ("Agreement") between Delphi Corporation and its affiliates ("Company") and Ernst & Young LLP ("E&Y") for the provision of tax consulting services subsequent to the Company filing a Chapter 11 petition in October 2005 with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

We have agreed to provide such services contingent upon the Bankruptcy Court's approval of our retention in accordance with the terms and conditions which are set forth in this Agreement.

### SCOPE OF SERVICES

The Company shall, from time to time, identify tax services which the Company desires to be performed by E&Y and will authorize the performance of such services on a project-by-project basis (the "Services."). All such Services will be governed by all of the terms and conditions of this Agreement, in the absence of any written agreement to the contrary, and will be described in a separate Project Addendum for each project, the terms of which shall be agreed to by the Company and E&Y and the cost of which shall be consistent with the rates provided on Attachment A hereto. Each Project Addendum shall incorporate by reference, and shall be deemed a part of, this Agreement. Project Addenda Nos. 1 and 2 are attached hereto and made part hereof.

Except with respect to the rates set forth on Attachment A hereto, in the event of any inconsistency between this Agreement and any Project Addendum, the terms of the Project Addendum shall control.

A Member Practice of Ernst & Young Global

March 16, 2006
Page 2

Mr. James P. Whitson
Delphi Corporation

## FEES AND EXPENSES

Fees for tax consulting will be billed based on hours spent at agreed upon discounted hourly billing rates that will be updated annually on July 1. Current discounted hourly billing rates are included as Attachment A. The rates in Attachment A may be adjusted annually on July 1st, beginning July 1, 2007, based on our revised standard rates, upon the written approval of Delphi, or a written extension of this engagement letter.        In addition, the Company shall reimburse E&Y for direct expenses incurred in connection with the performance of the Services, in accordance with Attachment B, section 7, and Attachment D. E&Y may receive rebates in connection with certain purchases, which are used to reduce charges that E&Y would otherwise pass on to its clients.

E&Y acknowledges that payment of its fees and expenses hereunder is subject to (i) the jurisdiction and approval of the Bankruptcy Court under Sections 328(a), 330 and 331 of the Bankruptcy Code and any order of the Bankruptcy Court approving the retention of E&Y, (ii) any applicable fee and expense guidelines and/or orders, including the U.S. Trustee Guidelines, and (iii) any requirements governing interim and final fee applications.

We will request payment of our fees in accordance with local bankruptcy rules for the Southern District of New York and any relevant administrative orders. In addition, we will request reimbursement of our actual expenses related to this Agreement, as well as fees for any time (including any time or reasonable expenses of legal counsel) we may incur in considering or responding to discovery requests or participating as a witness or otherwise in any legal regulatory, or other proceeding as a result of our performance of these Services, so long as we are not a subject of the investigation or proceeding in which the information is sought.

## OTHER MATTERS

None of the work that we will perform under this Agreement will constitute an attest engagement in accordance with generally accepted auditing standards. We assume no responsibility to keep the Company apprised of developments in the tax law relative to this engagement after it has been completed.

Our advice and Services are only applicable to the specific facts and circumstance presented to us.

In addition to members of our tax services team, others involved in serving you, such as senior members of the audit team, may participate in our provision of tax advice so that, among other things, they can provide relevant input into the process and the effects on financial statement treatment of the tax advice we provide may be considered on a timely basis.

March 16, 2006
Page 3

Mr. James P. Whitson
Delphi Corporation

Any controversy or claim with respect to, in connection with, arising out of, or in any way related to this Agreement or the Services provided hereunder (including any such matter involving any parent, subsidiary, affiliate, successor in interest or agent of the Company or of E&Y) shall be brought in the Bankruptcy Court or the District Court, if such District Court withdraws the reference, and the parties to this Agreement, and any and all successors and assigns thereof, consent to the jurisdiction and venue of such court as the sole exclusive forum (unless such court does not have jurisdiction and venue of such claims or controversies) for the resolution of such claims, causes of action or lawsuits. The parties to this Agreement, and any and all successors and assigns thereof, hereby waive trial by jury, such waiver being informed and freely made. If the Bankruptcy Court, or the District Court upon withdrawal of the reference, does not have or retain jurisdiction over the foregoing claims or controversies, the parties to this Agreement and any and all successors and assigns thereof, agree to submit first to nonbinding mediation; and, if mediation is not successful, then to binding arbitration, in accordance with the dispute resolution procedures set forth in Attachment C to this Agreement. Judgment on any arbitration award may be entered in any court having proper jurisdiction. Notwithstanding the agreement to such procedures, either party may seek injunctive relief to enforce its rights with respect to the use or protection of (i) its confidential or proprietary information or material, (ii) its names, trademarks, service marks or logos and (iii) the enforcement of the notice provisions set forth in this Agreement. The foregoing is binding upon the Company, E&Y and any all successors and assigns thereof.

**MISCELLANEOUS**

The benefits of this Agreement shall inure to the respective successors and assigns of the parties hereto and the obligations and liabilities assumed in this Agreement by the parties hereto shall be binding upon their respective successors and assigns.

It is understood and agreed that E&Y will not agree to perform any tax advisory services that, in the sole opinion of E&Y, might impair its independence as auditors of the Company. The Company recognizes and acknowledges that by performing the Services set forth in the Agreement, E&Y is not acting in any Company management capacity and that the Company has not asked E&Y to make, nor has E&Y agreed to make, any business decisions on behalf of the Company. E&Y will not perform management functions or make management decisions on behalf of the Company. E&Y may provide advice and recommendations to assist management of the Company in performing its functions and making decisions, but all decisions about the business or operations of the Company remain the sole responsibility of the Company's management and its board of directors. The Company agrees to (a) make all management decisions and perform all management functions, including determining account codings and approving all proposed journal entries; (b) assign a competent employee to oversee the tax Services and evaluate the adequacy and results of the Services; (c) accept responsibility for the results of the Services; and (d) establish and maintain internal controls over the related Company processes. E&Y, in its sole professional judgment, reserves the right to refuse to do any procedures or take any action that could be construed as making management decisions or performing management functions, including determining accounting codings and approving journal entries.

**ᴣ ERNST & YOUNG**                           ◼ Ernst & Young LLP

Mr. James P. Whitson                                             March 16, 2006
Delphi Corporation                                              Page 4

By agreement to the provision of the Services set forth in the Agreement, E&Y is not providing a
guarantee to the Company that E&Y's performance of those Services pursuant to the terms and
conditions set forth in the Agreement will guarantee the Company's successful reorganization
under Chapter 11 of Title 11 of the United States Code.

No amendment, modification, waiver or discharge of this Agreement shall be valid unless in
writing and signed by an authorized representative of the party against whom such amendment,
modification, waiver or discharge is sought to be enforced. Except as expressly provided herein,
this Agreement does not modify the terms or provisions of any engagement letter or agreement
for other professional services executed prior to the date noted below.

If these arrangements are acceptable, please sign one copy of this Agreement and return it to Dan
Kelley.

If the Company has any questions concerning this Agreement, please call Dan Kelley, who will
be coordinating E&Y's tax services for the Company, at (313) 628-8929.

We very much appreciate the opportunity to perform tax services for the Company.

Very truly yours,

*Ernst + Young LLP*

**I hereby accept and agree to the Agreement stated above on behalf of Delphi Corporation.**

By: _____                    *16 March 2006*
James P. Whitson, Chief Tax Officer               Date

Attachments

March 16, 2006

**Attachment A**

Schedule of Hourly Rates for Tax Consulting Services .

US Tax Consulting Rates

|                                        | Hourly Rates  |
| -------------------------------------- | ------------- |
| Partner/Principal/Executive Director   | $650 - $750   |
| Sr. Manager                            | $550 – $650   |
| Manager                                | $500 – $600   |
| Senior                                 | $400 – $500   |
| Staff                                  | $200 – $300   |

March 16, 2006

## Attachment B
### Revised Delphi/EY Previously Agreed to Terms and Conditions on file with Delphi General Auditor

GENERAL TERMS AND CONDITIONS

1.    Agreement.

It is agreed that Ernst & Young LLP ("E&Y") will provide the Services described in the accompanying letter to which this Exhibit B is attached (the letter, this Exhibit B and Exhibits A, C and D are collectively referred to as "the Master Tax Advisory Agreement" or this "Agreement"). For purposes of this Agreement, the terms "E&Y" include any affiliates of E&Y identified in the Agreement as performing any of the Services, and the term "Delphi" includes any subsidiaries and affiliates of Delphi for which the Services are performed.

2.    Conduct of E&Y Personnel.

E&Y will take all reasonable steps to assure that all of its partners, principals, directors, officers, employees, agents, subcontractors and/or independent contractors who are performing Services on behalf of E&Y (collectively, "E&Y Personnel") are competent to perform the Services. E&Y will require all E&Y Personnel who are performing any work on Delphi's premises to comply with all of Delphi's regulations and policies that have been provided to E&Y in writing. Delphi, in its sole discretion, has the right to: (a) bar any of E&Y Personnel from Delphi's premises for failure to observe Delphi's regulations or policies, (b) require that E&Y promptly remove from Delphi's premises any of E&Y Personnel who violate any of Delphi's regulations or policies, and (c) require that E&Y cease using any of E&Y Personnel to perform the Services who are reasonably unacceptable to Delphi. Delphi will confer with E&Y to discuss Delphi's concerns prior to requiring removal of any E&Y Personnel. E&Y will replace any barred or removed E&Y Personnel with E&Y Personnel reasonably acceptable to Delphi.

3.    Non-Solicitation of Personnel.

The Company shall not, during the term of this Agreement and for 12 months following its termination for any reason, solicit for employment, or hire, any E&Y personnel involved in the performance of the Services, except as otherwise agreed in writing by E&Y; provided that the Company shall not breach its obligation hereunder by generally advertising available positions or hiring E&Y personnel who either respond to such advertisements or come to the Company on their own initiative without direct or indirect encouragement from the Company. In addition, without the prior written consent of E&Y, the Company will not solicit for a position on its Board of Directors, nor hire, any current or former partner or professional employee of E&Y or any other E&Y Entity, if such solicitation, hiring or employment may impair the independence of E&Y under the Sarbanes-Oxley Act or under any other law, regulation, rule, listing requirement or professional standard governing the independence of accountants. Without limiting the foregoing, the Company agrees not to solicit, hire or employ, without the prior

March 16, 2006

written consent of E&Y, any current or former partner or professional employee of E&Y or any E&Y Entity: (a) in a financial reporting oversight role, if such partner or professional employee has been involved in the performance of more than ten (10) hours of (or, in the case of the lead and concurring partner, any) audit, review, or attest service for or relating to the Company since the date of filing of the Company's most recent periodic annual report with the SEC or during the one year period preceding that date; or (b) in an accounting role, unless such partner or professional employee does not influence E&Y's operations or financial policies and has no capital balances or other financial arrangements with E&Y; or (c) if such partner or employee has not been retired from E&Y in the 36 months preceding the date of this agreement and that person will become a member of the board of directors. In order to effectuate this provision, the Company agrees to give E&Y written notice prior to soliciting or hiring any such person in order to allow E&Y to assess and advise the Company whether, in E&Y's judgment, such solicitation or hiring may impair E&Y's independence under the Act or under any other law, regulation, rule, listing requirement or professional standard governing the independence of accountants. The Company shall not hire any such person in the event E&Y has advised the Company, within 30 days of receiving such notice, of its determination that independence may be impaired

4.    E&Y Personnel.

E&Y Personnel furnished by E&Y to perform the Services are and will remain E&Y's employees and/or independent contractors and, under no circumstances, will any E&Y Personnel furnished by E&Y be deemed to be Delphi's employees or agents. E&Y is solely responsible, at E&Y's sole cost and expense, for (a) the fulfillment of all obligations to E&Y Personnel and (b) the compliance by E&Y and E&Y Personnel with all laws, regulations, orders and other governmental requirements applicable to performance of the Services.

5.    Professional Fees.

Subject to Bankruptcy Court approval, Delphi will compensate E&Y for actual Services performed as set forth in the Agreement.

6.    Expenses.

Subject to Bankruptcy Court approval, Delphi will reimburse E&Y for all reasonable costs and expenses E&Y incurs in connection with the Services as set forth in the Agreement; provided, however, that E&Y must obtain prior approval of Delphi for any individual reimbursable expenses in excess of $2,500 or for reimbursable expenses which exceed or are anticipated to exceed an aggregate of $10,000 during any calendar month. E&Y will not charge any markup, overhead, profit or other fees on the reimbursable expenses. The provisions of Exhibit D will govern Delphi's reimbursement obligations.

7.    Taxes.

Unless otherwise agreed by the parties, any applicable taxes imposed on E&Y in connection with the performance of the Services (except for withholding taxes and taxes imposed on income) will be invoiced to, and paid by, Delphi in addition to fees and expenses.

March 16, 2006

8.    Standard of Performance.

E&Y will exercise due professional care and competence in the performance of the Services, and all of the Services will be performed in accordance with applicable professional standards.

EXCEPT AS STATED ABOVE, E&Y MAKES NO WARRANTIES OF ANY KIND OR NATURE, WHETHER EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE OR USE, OR WARRANTIES OF ANY PRODUCTS OR SERVICES PROVIDED BY A THIRD PARTY VENDOR.

9.    Federal Confidential Communications Privilege.

A confidentiality privilege under Internal Revenue Code Section 7525 may pertain to certain communications between E&Y personnel and Delphi regarding federal tax advice provided pursuant to this engagement. By retaining E&Y, Delphi agrees that E&Y is instructed to claim the privilege on Delphi's behalf, with respect to any applicable communications, up to and until such time as Delphi may waive any such privilege in writing. As disclosure of any such confidential communications to the Internal Revenue Service or other third party may cause any confidentiality privilege to be waived, each party shall notify the other party if the Internal Revenue Service or other third party requests information about any tax advice or tax advice documents provided by E&Y.

Delphi understands that E&Y makes no representation, warranty, or promise, and offers no opinion with respect to the applicability of such confidentiality privilege to any communication. Delphi agrees to indemnify E&Y for any attorney's fees and other costs and expenses incurred by E&Y in defending the confidentiality privilege on Delphi's behalf. E&Y agrees to promptly notify Delphi of any claim for which E&Y seeks indemnification and Delphi shall have the right to conduct the defense or settlement of any such claim at Delphi's sole expense, and E&Y shall cooperate with Delphi. E&Y shall nonetheless have the right to participate in such defense at its own expense and to approve the settlement of any claim hereunder that imposes liability or obligation.

10.   Non-Disclosure of Proprietary Information.

"Delphi Proprietary Information" means any information concerning the business and affairs of Delphi which is not publicly available at the time disclosed to or learned by E&Y or any of E&Y Personnel and which is identified by Delphi as "Confidential" and/or "Proprietary" or which is known, or under all of the facts and circumstances should reasonably have been known, by E&Y to be considered by Delphi as confidential and/or proprietary. Delphi Proprietary Information includes, without limitation, this Agreement, trade secrets, product specifications, data, know-how, formulas, compositions, processes, designs, sketches, photographs, samples, inventions, concepts, ideas, information, past, current and planned research and development, past, current and planned manufacturing or distribution methods and processes, price lists, business plans, reports, computer software and programs (including object code and source code), databases, notes, analyses, compilations, studies and other materials or intangibles. Delphi Proprietary

March 16, 2006

Information also includes any materials or information that contain or are based on any other Delphi Proprietary Information, whether prepared by E&Y, Delphi, E&Y Personnel or any other person.

In connection with E&Y's performance of Services, Delphi may disclose Delphi Proprietary Information to E&Y. All Delphi Proprietary Information disclosed, furnished or made available to E&Y or to E&Y Personnel and all Delphi Proprietary Information generated or developed by E&Y or E&Y Personnel will be treated as confidential by E&Y and E&Y Personnel, and E&Y and E&Y Personnel will use reasonable efforts to avoid and prevent disclosure of Delphi Proprietary Information to third parties, either in whole or in part, except upon Delphi's prior written authorization. E&Y will be responsible and liable to Delphi for the violation by any of E&Y Personnel of these confidentiality obligations.

E&Y retains the right to use its knowledge, experience, and know-how, including processes, ideas, concepts and techniques developed in the course of performing the Services. If, during the course of performing the Services, E&Y discloses to Delphi any proprietary algorithms, formulae, tools, techniques, methods, processes, computer software or programs of E&Y ("E&Y Proprietary Information"), Delphi agrees to treat such E&Y Proprietary Information as confidential and use reasonable efforts to avoid and prevent disclosure of such E&Y Proprietary Information to third parties, provided that (a) E&Y informs Delphi of the proprietary nature of such E&Y Proprietary Information in advance of any such disclosure, (b) E&Y marks all documents or other physical media containing E&Y Proprietary Information as "Confidential" or "Proprietary", (c) E&Y discloses such information only to those personnel of Delphi which have a reasonable need to know such E&Y Proprietary Information and (d) does not include such E&Y Proprietary Information (as opposed to the results generated by use or application of the E&Y Proprietary Information) in any work product delivered to Delphi under this Agreement.

If this engagement relates to a strategy offered by E&Y to Delphi that is designed to reduce or defer federal income tax for a direct or indirect corporate participant, pursuant to Treasury Regulation section 301.6111-2(c), Delphi (and each employee, representative, or other agent of Delphi) is expressly authorized to disclose the structure and tax aspects of the strategy with any and all persons, without limitation of any kind. The advice and Services provided hereunder are solely for management's purposes or for submission to taxing authorities, and are to be used for no other purpose. However, the Company may share our work product with other interested parties related to the bankruptcy process. Regardless, because our advice is solely for the benefit of the Company, it is not to be relied upon by any other person.

Written advice provided by E&Y to Delphi is for the information and use of Delphi only and may not be relied upon by any third party without the express written permission of E&Y.

The foregoing obligations under this Section 10 shall not apply to the extent that any information (i) is at the time of disclosure, or thereafter becomes, part of the public domain through a source other than the receiving party, (ii) is subsequently learned by the receiving party from a third party that has a legal right to make such disclosure and does not impose an obligation of confidentiality on the receiving party, (iii) was known to the receiving party at the time of disclosure by the disclosing party, (iv) was generated independently by the receiving party before

March 16, 2006

disclosure by the disclosing party, or (v) is required to be disclosed by the receiving party by law, regulation, subpoena or other process, or applicable professional regulations.

11.    Subcontracting.

E&Y may subcontract a portion of its responsibilities under this Agreement without Company's prior written approval to any affiliate of E&Y, any other member of the global E&Y network or any of their respective affiliates (collectively, the "E&Y Entities," and any of them, and "E&Y Entity"); provided, however, that E&Y shall be and shall remain fully and solely responsible for all of the liabilities and obligations of E&Y under this Agreement, whether or not performed, in whole or part, by E&Y, or any subcontractor or personnel of any E&Y Entity. The Company shall have no recourse, and shall bring no claim, against any E&Y Entity other than E&Y, or against any subcontractors, members, shareholder, directors, officers, managers, partners, agents, representatives or employees of any E&Y Entity (or any of their respective successors or permitted assigns,) or any of their respective assets, with respect to the Services or otherwise under this Agreement.

12.    Changes and Delays.

In the event that (i) Delphi requires a change in the scope of the Services, (ii) any change of applicable law or regulation affects the timing or performance of the Services or (iii) any action by Delphi or a third party (other than E&Y Personnel) affects the timing or performance of the Services, the fees and/or schedule for performance for the Services will be equitably adjusted by the parties subject to receipt of all necessary Bankruptcy Court approvals and notification to the U.S. Trustee's office and any committee designated to review fee applications (the "Fee Review Committee").If either party is unable to perform its obligations in accordance with this Agreement as a result of an event or occurrence beyond the reasonable control of the affected party and without the affected party's fault or negligence, then any delay or failure to perform under this Agreement that results from such event or occurrence will be excused for so long as such event or occurrence continues, provided, however, that the affected party gives written notice of such delay (including the anticipated duration of the delay) to the other party as soon as possible after the event or occurrence (but in no event more than three (3) days thereafter). Such events and occurrences may include, by way of example and not limitation, natural disasters, fires, floods, windstorms, severe weather, explosions, riots, wars, sabotage, labor problems (including lockouts, strikes and slowdowns), equipment breakdowns and power failures. If the affected party fails to provide adequate assurances that any delay will not exceed thirty (30) days or if any delay lasts more than thirty (30) days, the other party may terminate this Agreement without further liability.

To the extent this Agreement provides that E&Y's performance under this Agreement is contingent upon specific action or cooperation of Delphi, including the supply to E&Y of specific resources, approvals, and information, any delays in E&Y's performance which occur as a result of the failure or untimely performance by Delphi shall be excused to the extent of any such delay or untimely performance by Delphi and E&Y shall not incur any liability to Delphi as a result of any such delay or untimely performance by Delphi. If any such delay or untimely performance by Delphi lasts for thirty (30) days or more, E&Y shall be entitled to terminate this

March 16, 2006

Agreement by giving written notice to Delphi, such termination to be effective on the date indicated in said notice.

13.    Term and Termination.

This Agreement may be terminated at any time by the Company or E&Y, but in any event this Agreement will expire upon the earlier of (a) the completion of the Services or (b) the effective date of the Company's confirmed plan of reorganization, or liquidation of the Company's assets under Chapter 11 or 7 of Title 11 of the United States Code, or otherwise. If either party terminates this Agreement, in addition to notice to the other party, the terminating party shall provide not less than three (3) days' prior written notice to the Bankruptcy Court, the U.S. Trustee's office, the Creditor's Committee and the Fee Review Committee (if any). The provisions of this Agreement relating to indemnification, limitation of liability, fees and expenses and alternative dispute resolution will remain operative and in full force and effect regardless of any termination or expiration of this Agreement and shall survive completion of the Company's bankruptcy whether through a confirmed plan of reorganization, liquidation of the Company's assets under Chapter 11 or 7 of Title 11 of the United States Code, or otherwise.

14.    Conflict.

In the event of any conflict, ambiguity or inconsistency between this Agreement and any other agreement relating to the Services, including any preprinted terms and conditions on Delphi's purchase orders, the terms and conditions of this Agreement shall govern.

15.    Survival.

The provisions of this Agreement which give the parties rights beyond termination of this Agreement will survive any termination of this Agreement.

16.    Severability.

If any portion of this Agreement is held to be void, invalid, or otherwise unenforceable, in whole or part, the remaining portions of this Agreement shall remain in effect.

March 16, 2006

## Attachment C

### Dispute Resolution Procedures

*Mediation*

A party shall submit a dispute to mediation by written notice to the other party or parties. The mediator shall be selected by the parties. If the parties cannot agree on a mediator, the CPR Institute for Dispute Resolution ("CPR") shall designate a mediator at the request of a party. Any mediator must be acceptable to all parties.

The mediator shall conduct the mediation as he/she determines, with the agreement of the parties. The parties shall discuss their differences in good faith and attempt, with the mediator's assistance, to reach an amicable resolution of the dispute. The mediation shall be treated as a settlement discussion and shall therefore be confidential. The mediator may not testify for either party in any later proceeding relating to the dispute. The mediation proceedings shall not be recorded or transcribed.

Each party shall bear its own costs in the mediation. The parties shall share equally the fees and expenses of the mediator.

If the parties have not resolved a dispute within 90 days after written notice beginning mediation (or a longer period, if the parties agree to extend the mediation), the mediation shall terminate and the dispute shall be settled by arbitration. In addition, if a party initiates litigation, arbitration, or other binding dispute resolution process without initiating mediation, or before the mediation process has terminated, an opposing party may deem the meditation requirement to have been waived and may proceed with arbitration.

*Arbitration*

The arbitration will be conducted in accordance with the procedures in this document and the CPR Rules for Non-Administered Arbitration ("Rules") as in effect on the date of the Agreement, or such other rules and procedures as the parties may agree. In the event of a conflict, the provisions of this document will control.

The arbitration will be conducted before a panel of three arbitrators, to be selected in accordance with the screened selection process provided in the Rules. Any issue concerning the extent to which any dispute is subject to arbitration, or concerning the applicability, interpretation, or enforceability of any of these procedures, shall be governed by the Federal Arbitration Act and resolved by the arbitrators. No potential arbitrator may be appointed unless he or she has agreed in writing to these procedures.

The arbitration panel shall have no power to award non-monetary or equitable relief of any sort. Damages that are inconsistent with any applicable agreement, that are punitive in nature, or that are not measured by the prevailing party's actual damages, shall be unavailable in arbitration or

March 16, 2006

any other forum. The parties expressly waive the right to such damages, and the arbitrators shall have no power to award them unless the foregoing waiver is invalid or unenforceable. The arbitration panel shall have no power to make an award or impose a remedy that could not be made or imposed by a court deciding the matter in the same jurisdiction.

Discovery shall be permitted in connection with the arbitration only to the extent, if any, expressly authorized by the arbitration panel upon a showing of substantial need by the party seeking discovery.

All aspects of the arbitration shall be treated as confidential. The parties and the arbitration panel may disclose the existence, content or results of the arbitration only in accordance with the Rules or applicable professional standards. Before making any such disclosure, a party shall give written notice to all other parties and shall afford them a reasonable opportunity to protect their interests, except to the extent such disclosure is necessary to comply with applicable law, regulatory requirements or professional standards.

The result of the arbitration shall be binding on the parties, and judgment on the arbitration award may be entered in any court having jurisdiction.

March 16, 2006

## Attachment D

### Travel and Per Diem Reimbursement

A.  If E&Y Personnel are required by Delphi to travel as an incidental requirement in performing services for Delphi, then such travel and per diem expenses, subject to prior written approval of Delphi, and subject to any guidelines established by the Bankruptcy Court or the U.S. Trustee, will be reimbursable as follows:

1. Air Travel - Economy/Coach class only for U.S. travel. Business class is permitted for international travel.

2. Hotel - E&Y will exercise good, sound business judgment and discretion in choosing hotels, such as a moderately priced chain hotels or hotels that offer discounted corporate rates. Where extended travel is involved, reduced rates may be available and should be requested.

3. Rental cars - Compact or intermediate class only. The cost of collision damage waiver and personal accident insurance is the responsibility of E&Y.

4. Mileage Allowance - Reimbursement will be at the then current IRS rate (currently $0.445 per mile) for the miles which are in excess of his or her normal commute from home to work and back. When permanently assigned to another location, even if the new location is temporary, E&Y will not be reimbursed for excess miles, additional driving time, etc.

5. Expense Reports - Customarily available receipts must be attached to expense reports E&Y submits. Detailed receipts, other than restaurant tabs, are required for all meals and other expenditures of $25.00 or more.

6. Meals - Meals will not be reimbursed for non-overnight trips, except in the case of late return occasioned by travel outside normal working hours. Reimbursement for meals will be the actual and reasonable expenses paid by E&Y.

7. Extended Travel - E&Y should review the home visit policy prior to a trip. Generally, the following provisions apply:

   • If the travel expense is less than the living expense in the temporary location, E&Y will be reimbursed for travel to the permanent location every week.

   • If the travel expense is more than the living expense in the temporary location, E&Y will be reimbursed for travel to the permanent location every two weeks.

   • Excess expenses due to frequent travel or stays will not be reimbursed by Delphi without its prior written approval.

8. Miscellaneous - When E&Y chooses an alternative method of transportation, e.g., to drive instead of fly, reimbursement, including meals and lodging, will not exceed the lesser of the two costs. Documentation to support the lesser cost must be attached to expense report. Travel time must also be limited if on working hours.

March 16, 2006

The employee, his or her immediate supervisor, and an authorized Delphi representative must sign the expense report form.

E&Y is responsible for travel reservations, hotel/motel accommodations and rental cars. If directed by Delphi, E&Y will make all travel arrangements through Global Experts in Travel, using a special account set up for such purposes.

Any cash advance by E&Y to its employee is the responsibility of E&Y.

9. Per Diem. - In certain instances, a per diem will be paid to E&Y in accordance with Delphi's standard per diem policy.

B.  All travel and per diem for which E&Y seeks reimbursement will be submitted to Delphi on standard vouchers, with substantiating documentation, and will accompany the monthly invoices.

March 16, 2006

## PROJECT ADDENDUM 1
## OTHER TAX ADVISORY SERVICES

This Project Addendum ("Addendum") to the Master Tax Services Agreement ("Agreement") dated March 16, 2006 between Ernst & Young LLP ("E&Y") and Delphi Corporation and its affiliates ("Company" or "Delphi"), incorporates and is deemed to be a part of the Agreement. Accordingly, unless expressly stated to the contrary herein, all of the terms and conditions contained in the Agreement govern this Addendum.

This Addendum confirms our engagement to provide to the Company tax advice and assistance concerning issues as requested by the Company's tax department when such projects are not covered by a separate project addendum and do not involve any significant tax planning or projects ("tax advisory services") as mutually determined by the Company and E&Y.

### I.    SCOPE OF SERVICES

Providing assistance to the Company's tax department for tax projects when such projects are not covered in a separate addendum to the Agreement, such as assistance with tax issues, assistance with transactional issues, or assisting the Company in connection with its dealings with tax authorities (the "Services").

Specific tasks that may be involved in connection with the Services include participation in meetings and telephone calls with Company personnel, participating in meetings and telephone calls with taxing authorities and other third parties, review of transactional documentation, research of technical issues, and the preparation of technical memoranda, letters, emails, and other written documentation.

This Addendum is intended for use to respond to basic tax questions and assignments that are expected, at the beginning of the project, to involve total professional time not to exceed $20,000 in professional fees. It is intended that projects that exceed this threshold will be covered in separate Addenda.

### II.    OUT-OF-SCOPE SERVICES

Any activities not described as Services will be considered outside the scope of this Addendum ("Out-of-Scope Services") and are the responsibility of the Company to perform on a timely basis unless otherwise agreed by the parties in writing.

March 16, 2006

## III.   TEAM PROVIDING SERVICES

Dan Kelley will be the Tax Services Coordinator for the Company. Cathy Tosto, Jim Beckman, and Jeff Michalak will be the Engagement Partners responsible for the provision of our tax services. If one or more of these individuals ceases to provide tax services to the Company pursuant to the Agreement, E&Y will so advise the Company and, if that professional is replaced, provide the Company with the name of that professional's replacement. Other E&Y Entities, not identified herein may be utilized as required to conduct our work in the most efficient manner possible.

## IV.   FEES AND BILLINGS

1. Fees for projects related to tax advisory services contemplated under this project addendum will be billed under the terms of the Master Tax Advisory Agreement.

2. In general, the following guidelines will be used for any tax advisory services contemplated under this project addendum:

   a. Projects will be billed at hourly rates as scheduled in Attachment A of the Master Tax Advisory Agreement dated March 16, 2006.

If these arrangements are acceptable, please sign one copy of this Agreement and return it to Dan Kelley.

If the Company has any questions concerning this Agreement, please call Dan Kelley, who will be coordinating E&Y's tax services for the Company, at (313) 628-8929.

We very much appreciate the opportunity to perform tax services for the Company.

Very truly yours,

*Ernst & Young LLP*

I hereby accept and agree to the Agreement stated above on behalf of Delphi Corporation.

By: _____          16 March 2006
    James P. Whitson, Chief Tax Officer         Date

March 16, 2006

## PROJECT ADDENDUM 2
### BANKRUPTCY TAX SERVICES

This Project Addendum ("Addendum") to the Master Tax Services Agreement ("Agreement") dated March 16, 2006 between Ernst & Young LLP ("E&Y") and Delphi Corporation and its affiliates ("Company" or "Delphi"), incorporates and is deemed to be a part of the Agreement. Accordingly, unless expressly stated to the contrary herein, all of the terms and conditions contained in the Agreement govern this Addendum.

This Addendum confirms our engagement to provide to the Company bankruptcy tax services as requested by the Company's tax department.

### I.  SCOPE OF SERVICES

Ernst & Young will perform mutually agreed Bankruptcy Tax Services on an as-requested basis by Delphi. For purposes of this Addendum, the term "Bankruptcy Tax Services" will include the following:

- Advise and assist on the federal, state and local income tax consequences of proposed plans of reorganization, including, if necessary, assisting in the preparation of IRS ruling requests regarding the tax consequences of alternative reorganization structures.

- Prepare calculations ("Section 382 Calculations") and apply the appropriate federal, state and local tax law to historic information regarding changes in ownership of Delphi's stock to calculate whether any of the shifts in stock ownership may have caused an ownership change what will restrict the use of tax attributes (such as net operating loss, capital loss, credit carry forwards, and build in losses) and the amount of any such limitation.

- Through analysis of the information contained in historic tax returns and other relevant client records and application of relevant consolidated tax return rules, prepare calculations and apply the appropriate federal, state and local tax law to determine the tax asset and stock basis and deferred inter-company transactions and other consolidated return issues for each legal entity in the client's U.S. tax group. Identify major deferred inter-company transaction, excess loss accounts, etc.

- Prepare calculations and apply the appropriate federal, state and local tax law to determine the amount of tax attribute reduction related to debt cancellation income.

- Analysis of the federal, state and local tax treatment governing the timing of deductions of plant shut down, severance and other costs incurred as the client rationalizes its operations including tax return disclosure and presentation.

- Analysis of the federal, state and local tax treatment of the costs and fees incurred by the client in connection with the bankruptcy proceedings, including tax return disclosure and presentation.

March 16, 2006

- Analysis of the federal, state and local tax treatment of interest and financing costs related to debt subject to the automatic stay, and new debt incurred as the client emerges from bankruptcy including tax return disclosure and presentation.

- Analysis of the federal, state and local tax consequences of restructuring and rationalization of inter-company accounts.

- Analysis of the federal, state and local tax consequences of proposed dispositions of assets during bankruptcy including tax return disclosure and presentation.

- Analysis of the federal, state and local tax consequences of restructuring the U.S. or worldwide corporate groups during bankruptcy including tax return disclosure and presentation.

- Analysis of the federal, state and local tax consequences of potential bad debt and worthless stock deductions including tax return disclosure and presentation.

- Analysis of the federal, state and local tax consequences of employee benefit plans.

## II.    OUT-OF-SCOPE SERVICES

Any activities not described as Bankruptcy Tax Services, as indicated above under Scope of Services, will be considered outside the scope of this Addendum ("Out-of-Scope Services") and are the responsibility of the Company to perform on a timely basis unless otherwise agreed by the parties in writing.

## III.   TEAM PROVIDING SERVICES

Dan Kelley will be the Tax Services Coordinator for the Company.  Jacob Blank and Howard Tucker will be the Engagement Partners responsible for the provision of our tax services.  If one or more of these individuals ceases to provide tax services to the Company pursuant to the Agreement, E&Y will so advise the Company and, if that professional is replaced, provide the Company with the name of that professional's replacement.  Other E&Y Entities not identified herein may be utilized as required to conduct our work in the most efficient manner possible.

March 16, 2006

## IV.    FEES AND BILLINGS

1. Fees for projects related to tax advisory services contemplated under this project
   addendum will be billed under the terms of the Agreement .

2. In general, the following guidelines will be used for any tax advisory services
   contemplated under this Addendum:

   a. Projects will be billed at hourly rates as scheduled in Attachment A of the
      Master Tax Advisory Agreement dated March 16, 2006.

If these arrangements are acceptable, please sign one copy of this Agreement and return it to
Dan Kelley.

If the Company has any questions concerning this Agreement, please call Dan Kelley, who will
be coordinating E&Y's tax services for the Company, at (313) 628-8929.

We very much appreciate the opportunity to perform tax services for the Company.

Very truly yours,

Ernst + Young LLP

I hereby accept and agree to the Agreement stated above on behalf of Delphi Corporation.

By: _____          16 March 2006
    James P. Whitson, Chief Tax Officer                 Date

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION., *et al.*, | : | Case No. 05-44481 (RDD) |
|  | : |  |
|  | : | (Jointly Administered) |
| Debtors. | : |  |

------------------------------------------------------------------ X

### DECLARATION OF KEVIN F. ASHER IN SUPPORT OF APPLICATION OF DEBTORS FOR ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND 1107(b) AUTHORIZING THE EMPLOYMENT AND RETENTION OF ERNST & YOUNG LLP AS INDEPENDENT AUDITORS, ACCOUNTANTS AND TAX ADVISORS TO DEBTORS NUNC PRO TUNC TO JANUARY 1, 2006

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the *"Bankruptcy Rules"*), Kevin F. Asher, declares and states as follows:

1.       I am a partner in the firm of Ernst & Young LLP (*"E&Y"*).  I submit this Declaration on behalf of E&Y in support of the application (the *"Application"*) of Delphi Corporation (*"Delphi"*) and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively with Delphi, the *"Debtors"*), for an order pursuant to sections 327(a), 328(a) and 1107(b) of title 11 of the United States Code (the *"Bankruptcy Code"*) and Rule 2014 of the Bankrupty Rules authorizing the Debtors to employ and retain E&Y as their independent auditors, accountants and tax advisors to perform certain auditing, accounting and tax advisory services pursuant to the terms and conditions set forth in the engagement letters attached as **Exhibit 1 and 2 to the Application** for independent auditing services dated as of January 5, 2006 (the *"Audit Engagement Letter"*), and for certain tax advisory services dated as of March 16, 2006  (*"Master Tax Advisory Agreement,"* and,

1

collectively, the *"Engagement Letters")* in these chapter 11 cases, effective *nunc pro tunc* to January 1, 2006.[1]

2.        On November 28, 2005, the Debtors filed an Application for Order Under 11 U.S.C. §§ 327(a), 328(a), and 1107(b) Authorizing Employment and Retention of Ernst & Young LLP as Sarbanes-Oxley, Valuation and Tax Services Providers to Debtors, Effective *Nunc Pro Tunc* to October 8, 2005 (the *"Initial Application")*.  The Initial Application sought the Court's authorization of the Debtors' employment of E&Y to perform certain Sarbanes-Oxley, valuation and tax services in accordance with the terms of four engagement letters attached as Exhibits A, B, C and D to the Initial Application (the *"Prior Engagement Letters")*. On January 5, 2006, the Court entered an order approving the Initial Application on a final basis *nunc pro tunc* to the Debtors' petition date, October 8, 2005 (the *"Retention Order")*.

3.        The Initial Application was supported by the Affidavit of Randall J. Miller, sworn to November 28, 2005 (the *"Miller Affidavit")*.  The Miller Affidavit stated that E&Y and the Debtors had been engaged in discussions regarding the potential engagement of E&Y to provide external auditing services for the Debtors, and that in the event the Debtors chose to retain E&Y to provide such services, E&Y's retention and employment as external auditors would be subject to supplemental filings by the Debtors and E&Y and the approval of the Court (Miller Aff., at ¶ 47).   This Declaration supplements the Miller Affidavit, and the Miller Affidavit is incorporated herein by reference.

4.        E&Y completed all of the services under the Prior Engagement Letters on or before December 16, 2005.  On December 29, 2005, E&Y provided to the Debtors formal notice of termination of the Prior Engagement Letters.  All of the services provided under the Prior

---

[1]        Unless otherwise defined, all capitalized terms used herein have the meanings given to them in the Application.

2

17347255

Engagement Letters involved the review of, advice with respect to, and assistance in assessing and testing the internal controls over financial reporting and tax services as applied to transactions and events during 2005. E&Y has not been involved and will not be involved in providing any such services during 2006 and will only provide services during 2006 that are consistent with maintaining its independence as required and in accordance with the rules and regulations of the Securities and Exchange Commission and the Public Company Accounting Oversight Board (PCAOB) (the "Applicable Rules and Regulations"), including the prohibition on E&Y reviewing E&Y's own work under the Prior Engagement Letters.

5.    Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information and belief; information supplied to me by other employees of E&Y; information learned from client-matter records kept in the ordinary course of business that were reviewed by me or other employees of E&Y under my supervision and direction; my experience and knowledge of the Debtors' operations and financial condition; and/or my experience from working on matters similar to this engagement. If called as a witness, I would testify competently to the matters set forth herein.

<u>QUALIFICATION OF PROFESSIONALS</u>

6.    E&Y and the professionals that it employs are qualified to represent the Debtors in the matters for which E&Y is proposed to be employed. E&Y believes that it has assembled a highly qualified, dedicated team of professionals to support the Debtors during their reorganization efforts pursuant to the terms and conditions of the Engagement Letters.

7.    I believe that the retention of E&Y offers numerous benefits to the Debtors and their ability to reorganize based on E&Y's depth and breadth of experience with Tier 1

3

automotive suppliers as well as their experience with companies involved in reorganization proceedings.

8.    The provision of tax services to an audit client is permitted by PCAOB, Sarbanes-Oxley and SEC rules and regulations.  Ernst & Young will not provide any tax services to the Debtors until those services have been approved by the Company's audit committee.

SERVICES TO BE RENDERED

9.    The Debtors have requested that E&Y render certain independent auditing, accounting and auditing assistance, and tax services during the pendency of these Chapter 11 cases.  E&Y has agreed to provide such services, as set forth in further detail in the Engagement Letters (the *"Services"*), to the Debtors during the pendency of these Chapter 11 cases, subject to this Court's approval of the Application:

**I.  Audit Services.**

    a.  Perform an audit of Delphi Corporation and its affiliates' (collectively, the *"Company"*) consolidated financial statements and its internal control over financial reporting (the *"Integrated Audit"*).  As part of the Integrated Audit, E&Y will audit and report on the consolidated financial statements of the Company for the year ending December 31, 2006.  E&Y will also audit and report on management's assessment of the effectiveness of internal control over financial reporting and on the effectiveness of internal control over financial reporting as of December 31, 2006.  In addition, E&Y will review the Company's unaudited interim financial information before the Company files its Form 10-Q.  All of the services described in this paragraph may hereafter be referred to as "Audit Services."

**II.  Additional Accounting Advisory Services.**

    b.  Provide accounting advisory and research services in connection with various accounting matters, including consultations required for significant proposed or executed transactions; continuing education support; assistance with and review of registration statements, comfort letters and consents; information technology internal controls; and services related to mergers, acquisitions, and divestitures, which services may include carve-out audits of one or more business units and which may, with Delphi's consent, be provided by one of our Ernst & Young

4

Global Limited (*"EYGL"*)[2] member firms. Additionally, as and when requested by the Company, E&Y may perform additional audit procedures with respect to any financial statements of a consolidated or non-consolidated affiliate of Delphi which are required to be filed with Delphi's annual report on Form 10-K pursuant to Article 3-09 of Regulation S-X of the Securities and Exchange Act of 1934, as amended, or otherwise. E&Y will also provide services to audit the accounts, transactions and disclosures associated with the Company operating under Chapter 11 of the Bankruptcy Code. All of the services described in this paragraph may hereafter be referred to as "Additional Accounting Advisory Services."

## III. Bankruptcy Tax Services.

c. Perform mutually agreed bankruptcy tax services on an as-requested basis by the Company, including the following (all of which services may hereafter be referred to as *"Bankruptcy Tax Services"*):

- Advise and assist on the federal, state and local income tax consequences of proposed plans of reorganization, including, if necessary, assisting in the preparation of IRS ruling requests regarding the tax consequences of alternative reorganization structures.

- Prepare calculations and apply the appropriate federal, state and local tax law to historic information regarding changes in ownership of the Company's stock to calculate whether any of the shifts in stock ownership may have caused an ownership change that will restrict the use of tax attributes (such as net operating loss, capital loss, credit carry forwards, and build in losses) and the amount of any such limitation.

- Through analysis of the information contained in historic tax returns and other relevant client records and application of relevant consolidated tax return rules, prepare calculations and apply the appropriate federal, state and local tax law to determine the tax asset and stock basis and deferred inter-company transactions and other consolidated return issues for each legal entity in the client's U.S. tax group. Identify major deferred inter-company transaction, excess loss accounts, etc.

---

[2]   The Ernst & Young global network encompasses independent professional services practices conducted by separate legal entities throughout the world. All of these practice entities join the Ernst & Young network by becoming members (each, an *"EYGL Member Firm"*) of Ernst & Young Global Limited (EYGL), a company incorporated under the laws of England and Wales and limited by guarantee, with no shareholders and no capital. EYGL is the principal governance entity of the Ernst & Young network. Each EYGL Member Firm is a separate legal entity that is separately owned and managed. Through their membership in EYGL, the EYGL member firms undertake to operate certain of their professional practices in accordance with agreed standards and the guidance of EYGL. In addition, EYGL member firms share access to certain intellectual property and centrally licensed materials, including the Ernst & Young name. E&Y and Ernst & Young (Canada) are members of EYGL.

17347255

- Prepare calculations and apply the appropriate federal, state and local tax law to determine the amount of tax attribute reduction related to debt cancellation income.

- Analysis of the federal, state and local tax treatment governing the timing of deductions of plant shut down, severance and other costs incurred as the client rationalizes its operations including tax return disclosure and presentation.

- Analysis of the federal, state and local tax treatment of the costs and fees incurred by the client in connection with the bankruptcy proceedings, including tax return disclosure and presentation.

- Analysis of the federal, state and local tax treatment of interest and financing costs related to debt subject to the automatic stay, and new debt incurred as the client emerges from bankruptcy including tax return disclosure and presentation.

- Analysis of the federal, state and local tax consequences of restructuring and rationalization of inter-company accounts.

- Analysis of the federal, state and local tax consequences of proposed dispositions of assets during bankruptcy including tax return disclosure and presentation.

- Analysis of the federal, state and local tax consequences of restructuring the U.S. or worldwide corporate groups during bankruptcy including tax return disclosure and presentation.

- Analysis of the federal, state and local tax consequences of potential bad debt and worthless stock deductions including tax return disclosure and presentation.

- Analysis of the federal, state and local tax consequences of employee benefit plans.

**IV.  Other Tax Advisory Services.**

d.  Provide to the Company tax advice and assistance concerning issues as requested by the Company's tax department such as assistance with tax issues, assistance with transactional issues, or assisting the Company in connection with its dealings with tax authorities (all of the services described in this paragraph may hereafter be referred to as *"Other Tax Advisory Services"*).

10.  <u>Performance Consistent with Applicable Rules and Regulations, Audit Committee</u>

<u>Pre-Approval and Maintenance of Independence</u>:  E&Y will perform the Services consistent with

6

17347255

the Applicable Rules and Regulations. All services to be provided by E&Y to the Company which are not specifically contemplated by the Engagement Letters and Addendums attached thereto, must be pre-approved by Delphi's Audit Committee pursuant to the Audit Committee's pre-approval process, policies, and procedures and no services may be provided which adversely impact E&Y's ability to satisfy the independence standards of the Applicable Rules and Regulations. E&Y is required to communicate annually with the Audit Committee on independence matters as required by such independence standards.

11.    E&Y will provide the Audit Services and Additional Accounting Advisory Services under the Audit Engagement Letter to Delphi and its U.S. subsidiaries and affiliates which are Debtors in these Chapter 11 cases (the *"U.S. Debtors"*).

12.    Delphi's foreign subsidiaries and affiliates which are Debtors in these Chapter 11 cases (the *"Foreign Debtors"*) may seek to retain and employ the local EYGL Member Firms from the respective countries where such Foreign Debtors are located to perform certain services, which services may include, without limitation, statutory audit services. Those services will be provided under engagement letters which are separate and distinct from the Audit Engagement Letter. The Foreign Debtors will seek such retention either (i) pursuant to Sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, or (ii) under a subcontracting arrangement substantially the same as that approved for E&Y's retention as Sarbanes-Oxley, valuation and tax services providers under the Retention Order (see paragraph 24 below). If E&Y subcontracts to an EYGL Member Firm, E&Y will supplement this Declaration to set forth the nature of the services to be provided under the sub-contracting arrangement.

13.    Certain EYGL Member Firms other than E&Y will provide services to certain of Delphi's foreign subsidiaries and affiliates which are not Debtors in these Chapter 11 cases (the

7

*"Foreign Non-Debtors"*).    Such services may include, without limitation, statutory audit services, which will be provided under engagement letters separate and distinct from the Audit Engagement Letter.  Because the Foreign Non-Debtors are not debtors or debtors-in-possession in U.S. Chapter 11 proceedings, neither E&Y nor the respective EYGL Member Firms will seek Court approval for these engagements.

PROFESSIONAL COMPENSATION

14.    Subject to this Court's approval and pursuant to the terms and conditions of the Engagement Letters, E&Y intends to charge the Debtors for services rendered, as set forth below, plus reimbursement of actual expenses.

**Audit Services**

15.    E&Y's fixed domestic fee for the Audit Services (the *"Domestic Fixed Fee"*) will be $7,500,000, plus expenses.  The Debtors and E&Y have agreed that E&Y may bill the estates for these services in accordance with the following schedule:

| Date | Amount |
|---|---|
| March 2006 | $ 3,000,000 |
| August 2006 | $ 3,000,000 |
| January 2007 | $ 1,500,000 |

16.    With respect to the Audit Services, E&Y's estimated fees and schedule of performance are based upon, among other things, E&Y's preliminary review of the Company's records and the representations Company personnel have made to E&Y, the Company's documentation of internal control over financial reporting, the procedures the Company performs

17347255

to support management's assessment of the effectiveness of internal control over financial reporting, and the results of our audit procedures. E&Y's fee estimate does not include any fees associated with Additional Accounting Advisory Services. E&Y's fee and schedule of performance also are dependent upon the Company's personnel providing a reasonable level of assistance during the Integrated Audit. Should E&Y's assumptions with respect to these matters be incorrect or should the documentation of internal control, results of E&Y's procedures, condition of the records, degree of cooperation, extent of procedures performed by the Company to support management's assessment, extent of remediation testing related to ineffective internal controls or other matters beyond E&Y's reasonable control require additional commitments by E&Y beyond those upon which the Domestic Fixed Fee is based, E&Y will bill for this time at the rates and in the manner set forth below with respect to the Additional Accounting Advisory Services.

**Additional Accounting Advisory Services**

17.    Fees for the Additional Accounting Advisory Services shall be based on its hourly rates for such services, which are currently as follows:

| Level | Hourly Rate |
| --- | --- |
| Partner | $ 525 – 750 |
| Senior Manager | $ 400 – 625 |
| Manager | $ 300 – 470 |
| Senior | $ 220 – 375 |
| Staff | $125 – 200 |
| Client Service Associate | $75 – 125 |

9

**Bankruptcy Tax Services and Other Tax Advisory Services**

18.    Fees for the Bankruptcy Tax Services and Other Tax Advisory Services shall be based on its hourly rates for such services, which are currently as follows:

| Level | Hourly Rate |
|---|---|
| Partner/Principal/Executive Director | $ 650 - $750 |
| Senior Manager | $ 550 – 650 |
| Manager | $ 500 – 600 |
| Senior | $ 400 – 500 |
| Staff | $ 200 – 300 |

19.    E&Y's hourly rates are revised periodically in the ordinary course of E&Y's business.  E&Y requests that the hourly rates for the Additional Accounting Advisory Services under the Audit Engagement Letter be adjusted on January 1st, annually, beginning January 1, 2007, based on E&Y's revised standard rates.  E&Y requests that the hourly rates for the Bankruptcy Tax Services and Other Tax Advisory Services under the Master Tax Advisory Agreement be adjusted on July 1st, annually, beginning July 1, 2007, based on E&Y's revised standard rates.

20.    E&Y intends to apply to the Court for allowance and payment of compensation for professional services rendered and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the Southern District of New York, the guidelines established by the U.S. Trustee, the orders of this Court, and the terms of the Engagement Letters.

17347255

## OTHER TERMS AND CONDITIONS OF THE ENGAGEMENT LETTERS

21.     Copies of the Engagement Letters are attached to the Application and are submitted for approval therewith.  E&Y's provision of services to the Debtors is contingent upon the Court's approval of each term and condition set forth in the Engagement Letters.

Termination

22.     Under the Engagement Letters the Debtors or E&Y may terminate the engagements thereunder at any time, provided, however, that the terminating party shall notify the other and shall provide the Court, the United States Trustee's Office, the Creditors' Committee and the Fee Review Committee (if any) with three (3) business days' notice of termination.  In any event the Engagement Letters will expire upon the earlier of the completion of the services to be rendered by E&Y thereunder or the effective date of the Debtors' confirmed plan of reorganization, or liquidation of the Debtors' assets under Chapter 11 or 7 of the Bankruptcy Code, or otherwise.  The (A) provisions of the Audit Engagement Letter relating to fees and expenses and alternative dispute resolution and (B) provisions of the Master Tax Advisory Agreement relating to indemnification, limitation of liability, fees and expenses and alternative dispute resolution will remain operative and in full force and effect regardless of any termination or expiration of such Engagement Letter and shall survive completion of the Debtors' bankruptcy whether through a confirmed plan of reorganization, liquidation of the Debtors' assets under Chapter 11 or 7 of the Bankruptcy Code, or otherwise.

17347255

Dispute Resolution

23.    Each of the Engagement Letters contain dispute resolution provisions which are substantially the same as the provisions contained in the engagement letters previously approved by the Retention Order. Included among the terms and conditions set forth in the Audit Engagement Letter and Master Tax Advisory Agreement is language substantially similar to the following:

> Any controversy or claim with respect to, in connection with arising out of, or in any way related to this Agreement or the Services provided hereunder (including any such matter involving any parent, subsidiary, affiliate, successor in interest or agent of the Company or of E & Y) shall be brought in the Bankruptcy Court, or the District Court if such District Court withdraws the reference and the parties to this Agreement, and any and all successors and assigns thereof, consent to the jurisdiction and venue of such court as the sole exclusive forum (unless such court does not have jurisdiction and venue of such claims or controversies) for the resolution of such claims, causes of action or lawsuits.  The parties to this Agreement, and any and all successors and assigns thereof, hereby waive trial by jury, such waiver being informed and freely made.  If the Bankruptcy Court, or the District Court upon withdrawal of the reference does not have or retain jurisdiction over the foregoing claims or controversies, the parties to this Agreement and any and all successors and assigns thereof, agree to submit first to non-binding mediation; and, if mediation is not successful, then to binding arbitration [with respect to the Audit Engagement Letter, in Detroit, Michigan], in accordance with the dispute resolution procedures set forth in [Exhibit B to the Master Tax Services Engagement Letter; Exhibit C under the Audit Engagement Letter] to this Agreement.  Judgment on any arbitration award may be entered in any court having proper jurisdiction.  The foregoing is binding upon the Company, E & Y and any all successors and assigns thereof.

The Audit Engagement Letter provides further that notwithstanding the agreement to the procedures above, either party may seek injunctive relief to enforce its rights with respect to the use or protection of (i) its confidential or proprietary information or material, (ii) its names, trademarks, service marks or logos and (iii) the enforcement of the notice provisions set forth in the Audit Engagement Letter.

12

Subcontracting

24.    The Engagement Letters contain the following language, which is substantially similar to provisions previously provided for under the Prior Engagement Letter for Sarbanes-Oxley services as set forth in paragraphs 20 and 21 of the Miller Affidavit:

> E&Y may subcontract a portion of its responsibilities under this Agreement without Company's prior written approval to any affiliate of E&Y, any other member of the global E&Y network or any of their respective affiliates (collectively, the "E&Y Entities," and any of them, and "E&Y Entity"); provided, however, that E&Y shall be and shall remain fully and solely responsible for all of the liabilities and obligations of E&Y under this Agreement, whether or not performed, in whole or part, by E&Y, or any subcontractor or personnel of any E&Y Entity.  The Company shall have no recourse, and shall bring no claim, against any E&Y Entity other than E&Y, or against any subcontractors, members, shareholder, directors, officers, managers, partners, agents, representatives or employees of any E&Y Entity (or any of their respective successors or permitted assigns,) or any of their respective assets, with respect to the Services or otherwise under this Agreement.

25.    The Application seeks an order approving the retention and employment of E&Y in accordance with the terms and conditions of the Engagement Letters, which include the above dispute resolution provisions.

## DISINTERESTEDNESS OF E&Y

26.    As described in paragraphs 24-49 of the Miller Affidavit, in connection with the Initial Application, Shearman & Sterling, special counsel to the Debtors, provided E&Y with a suggested list of the names of all parties-in-interest and supplemented such list from time to time, and E&Y searched certain databases to determine whether E&Y has connections with such parties-in-interest.  The results of E&Y's connections research are set forth in paragraphs 24 to 49 of the Miller Affidavit and Exhibits B through E thereto.  On March 16, 2006, E&Y received an updated parties-in-interest list from Debtors' counsel, attached hereto as Exhibit A, and E&Y is presently researching whether E&Y has connections with any of these parties-in-interest.

13

E&Y reviews its connections research on a continuing basis, usually every six months, and will undertake further inquiries to determine whether connections exist with parties-in-interest in these cases. Should additional relationships with parties in interest become known to E&Y, E&Y shall file supplemental affidavits disclosing such connections with the Court.

27. As discussed above, E&Y completed all of the services pursuant to the Retention Order on or before December 16, 2005, and no further work is remaining. On December 29, 2005, E&Y provided to the Debtors formal notice of termination of the Prior Engagement Letters. All of the services provided under the Prior Engagement Letters involved the review of, advice with respect to, and assistance in assessing and testing the internal controls over financial reporting and tax services as applied to transactions and events during 2005. E&Y has not been involved and will not be involved in providing any such services during 2006 and will only provide services during 2006 that are consistent with maintaining its independence as required and in accordance with the Applicable Rules and Regulations, including prohibition on E&Y reviewing E&Y's own work under the Prior Engagement Letters. E&Y's engagement period for the Audit Services and Additional Audit Advisory Services begins on January 1, 2006. As such, with respect to the Audit Services or Additional Audit Advisory Services, E&Y will not be auditing transactions or controls that were performed in connection with work performed under the Prior Engagement Letters. Both E&Y and the Debtors have performed comprehensive independence reviews prior to the commencement of the Audit Services. E&Y's independence review was consistent with SEC rules and the Independence Standard Board No. 1 requirements.

28. E&Y has thousands of professional employees, and it is possible that certain employees of E&Y have business associations with parties-in-interest in these cases or hold securities of Debtors or interests in mutual funds or other investment vehicles that may own

14

securities of the Debtors.  To the best of my knowledge, none of the E&Y personnel expected to provide services to Delphi under this engagement own securities of Delphi.  Furthermore, E&Y has implemented measures to prevent any personnel with stock-ownership from being engaged in the future in these engagements.

29.    To the best of my knowledge, information and belief, neither the undersigned nor the professionals anticipated to assist the Debtors in these matters are connected to the judge, U.S. Trustee or assistant U.S. Trustee assigned to this matter.

30.    Recently, E&Y was informed that "Purchaser C," one of the entities for whom E&Y provided financial and/or tax due diligence in connection with possible acquisitions of certain domestic or foreign affiliates of Delphi (*"Due Diligence Services"*), requested that E&Y continue providing Due Diligence Services related to the auction of a division of Delphi under the same project.  E&Y specifically disclosed this project in paragraph 39(c) of the Miller Affidavit, and indicated that the engagement was not closed and E&Y may be requested to provide further due diligence services to Purchaser C.  For the reasons set forth in paragraph 40 of the Miller Affidavit, I do not believe that this engagement renders E&Y's provision of audit, accounting or tax services adverse to interests of the Debtors or their estates.

31.    To the best of my knowledge, information and belief formed after reasonable inquiry, E&Y does not hold nor represent any interest materially adverse to the Debtors in the matters for which E&Y's employment and retention is proposed to be approved.  Furthermore, E&Y will not accept any engagement that would require E&Y to represent an interest materially adverse to the Debtors.  The proposed employment of E&Y is not prohibited by or improper under Bankruptcy Rule 5002.  Accordingly, I believe E&Y is eligible to provide the additional services set forth in the Engagement Letters to the Debtors under the Bankruptcy Code.

17347255

32. Despite the efforts described above and in the Miller Affidavit to identify and disclose connections with parties in interest in these chapter 11 cases, because the Debtors are a large enterprise with numerous creditors and other relationships, E&Y is unable to state with certainty that every client representation or other connection of E&Y has been disclosed.  In this regard, if E&Y discovers additional information that requires disclosure, E&Y will file supplemental disclosures with the Court as promptly as possible.

By: _____

Name:  Kevin F. Asher
Title:  Partner

[Seal]

Sworn to before me on
this 17 day of March, 2006

_____
Notary Public

[Name]
[State]
My Commission Expires: [    ]

MICHELE M. BRUNO
NOTARY PUBLIC OAKLAND CO., MI
MY COMMISSION EXPIRES April 30, 2009

16

17347255

# EXHIBIT A

XX.    Objecting/Adverse Parties/Postpetition Parties
2173.    A. Schulman, Inc.
2174.    Ai--Doraville, LLC
2175.    Ai-Genesee, LLC
2176.    Autocam Corporation
2177.    Avenue Capital Group
2178.    Benteler Automotive Corp.
2179.    Concordia Advisors LLC
2180.    Cyrus Capital Partners
2181.    D.C. Capital Partners, L.P.
2182.    D.E. Shaw and Co.
2183.    DK Acquisition Partners LP
2184.    DOTT Industries, Inc.
2185.    Duraswitch Industries Inc.
2186.    Elliot & Associates
2187.    Flextronics Technology (M) SDN. BHD
2188.    Fujikura America, Inc.
2189.    Gibbs Die Casting Corporation
2190.    Kensington International Limited
2191.    L&W Engineering Co.
2192.    Lakeside Plastics Limited
2193.    Latigo Partners, LP
2194.    Longacre Fund Management LLC
2195.    Lorentson Manufacturing Company, Inc.
2196.    Mercedes-Benz International, Inc.
2197.    Multek Flexible Circuits, Inc.
2198.    National Molding Corp.
2199.    Neuman Aluminum
2200.    Northfield Acquisition Co.
2201.    Omega Tool Corp.
2202.    Osran Opto Semiconductors Inc.
2203.    Pension Benefit Guaranty Corporation
2204.    Pentastar Aviation, LLC
2205.    Pioneer Automotive Technologies, Inc.
2206.    SBC Communications Inc.
2207.    Security Plastics Division, NMC, LLC
2208.    Sheldahl de Mexico S.A. de C.V.
2209.    Southtec, LLC
2210.    Springfield Associates LLC
2211.    Venture Plastics, Inc.
2212.    Wilmington Trust Company
2213.    Worthington Steel Company
2214.    XM Satellite Radio, Inc.
2215.    Alcan Rolled Products-Ravenswood,
LLC
2216.    Baker Hughes Incorporated
2217.    Baker Petrolite Corporation
2218.    BASF Corporation
2219.    Datwyler Inc.
2220.    Detroit Heading, LLC
2221.    GKN Sinter Metals, Inc.
2222.    Greer Stop Nut, Inc.
2223.    Hexcel Corporation
2224.    Hydro Aluminum
2225.    INA USA, Inc.
2226.    JAE Electronics
2227.    Kelsey-Hayes Company
2228.    Koyo Corporation
2229.    LBQ Foundry S.A. de C.V.
2230.    Le Belier
2231.    March Coatings, Inc.
2232.    Miniature Precision Components
2233.    NSS Technologies, Inc.
2234.    Public Employee's Retirement System
of Mississippi
2235.    Quasar Industries, Inc.
2236.    Raiffeisen Kapitalanlage-Gesellschaft
m.b.H.
2237.    Roater Coaters International, Inc.
2238.    Robin Industries, Inc.

2239.    Rothrist Tube (USA) Inc.
2240.    S & Z Tool & Die, Inc.
2241.    Saturn Electronics
2242.    Serigraph, Inc.
2243.    Serma Coat Limited Liability Co.
2244.    Southwire Company
2245.    SPS Technologies Waterford Company
2246.    SPS Technologies, LLC
2247.    Stichting Pensioenfonds ABP
2248.    Sumitomo Corporation of America
2249.    Teacher's Retirement System of
Oklahoma
2250.    TRW Canada Limited
2251.    TRW Electronica Ensambles S.A. de
C.V.
2252.    TRW Vehicle Safety Systems, Inc.
2253.    Valeo Climate Control Corp.
2254.    Wamco, Inc.
2255.    Wren Industries, Inc.
2256.    Alicia M. Leonhard
2257.    Avon Automotive
2258.    Barnes Group Inc.
2259.    BEI Sensors & Systems Company
2260.    BEI Technologies, Inc.
2261.    Cadillac Rubber & Plastic
2262.    Castrol Industrial North America Inc.
2263.    Daewoo International (America) Corp.
2264.    Hitachi Magnetics Corporation
2265.    Hoover Precision Products, Inc.
2266.    Motion Industries, Inc.
2267.    OSRAM Opto Semiconductors Inc.
2268.    Penn United Technology
2269.    Pridgeon & Clay, Inc.
2270.    Sojitz Corporation of America
2271.    Sony Electronics, Inc.
2272.    Trans Tron, Ltd., Inc.
2273.    Trans-Matic Mfg. Co., Inc.
2274.    Wellman, Inc.
2275.    Pullman Bank and Trust Company
2276.    Behr Industries Corporation
2277.    Eclipse Tool & Die, Inc.
2278.    Huntsville Radio Service, Inc.
2279.    MacAuto USA, Inc.
2280.    Specmo Enterprises
2281.    Susan M. Buttitta
2282.    The Lee Company
2283.    Tricon Industries, Inc.
2284.    CSX Transporation, Inc.
2285.    AMR Industries
2286.    Appaloosa Management L.P.
2287.    Earl Washington
2288.    ENTEK International, LLC
2289.    ESPEC North America, Inc.
2290.    Jon C. Cox
2291.    JST Manufacturing Co., Ltd.
2292.    Lafonza Earl Washington
2293.    Law Debenture Trust Company Of New
York
2294.    Morrie Wayne Henry
2295.    Proto Manufacturing
2296.    Rafael De Paoli
2297.    Schmidt Technology GmbH
2298.    Sensus Precision Die Casting, Inc.
2299.    Thermo NITON Analyzers LLC
2300.    Cascade Die Casting Group, Inc.
2301.    Cherokee North Kansas City, LLC
2302.    Deutsch Dagan Ltd.
2303.    Martin L. Shannon Shaw
2304.    Flow Dry Technology Ltd.
2305.    Yoder Industries Inc.

2306.    Master Products Inc.

XXI.    Master Service List and 2002 List
2307.    Airgas, Inc.
2308.    Aluminum International, Inc.
2309.    APL Co. Pte Ltd.
2310.    Armada Rubber Manufacturing Company
2311.    Bank of Lincolnwood
2312.    Bartech Group, Inc.
2313.    Brown Rudnick Berlack Israels LLP
2314.    Brush Engineered Materials
2315.    Calsonic Kansei North America, Inc.
2316.    Cameron County, Brownsville ISD
2317.    Capro, Ltd.
2318.    Cerberus Capital Management, L.P.
2319.    Chromalloy Gas Turbine Corporation
2320.    Cohen Weiss & Simon
2321.    Coherent, Inc.
2322.    Compuware Corporation
2323.    Conceria Pasubio
2324.    Contrarian Capital Management, L.L.C.
2325.    CoorsTek, Inc.
2326.    Curtis, Mallet-Prevost, Colt & Mosle LLP
2327.    Daishinku (America) Corp.
2328.    Dallas County
2329.    Davis Polk & Wardwell
2330.    Eikenberry & Associates, Inc.
2331.    Federal Express Corporation
2332.    Fischer Automotive Systems
2333.    Floyd Manufacturing Co., Inc.
2334.    Fortune Plastics Company
2335.    Hewitt Tool & Die, Inc.
2336.    Hodgson Russ LLP
2337.    Honigman Miller Schwartz & Cohen LLP
2338.    Industrial Ceramics Corporation
2339.    Internal Revenue Service
2340.    Jefferies & Company, Inc.
2341.    KDS America
2342.    Kramer Levin Naftalis & Frankel LLP
2343.    Kurtzman Carson Consultants
2344.    Latham & Watkins LLP
2345.    Linear Technology Corporation
2346.    Mays Chemical Company
2347.    McDermott Will & Emery LLP
2348.    McTigue Law Firm
2349.    MEMC Electronic Materials, Inc.
2350.    Millwood, Inc.
2351.    Morrison Cohen LLP
2352.    Motorola Semiconductor Systems
2353.    National City Commercial Capital Association
2354.    New Jersey Self-Insurers Guaranty
2355.    Northeast Regional Office of Securities and Exchange Commission
2356.    Pacific Gas Turbine Center, LLC
2357.    Penske Truck Leasing Co., L.P.
2358.    Phillips Nizer LLP
2359.    Priority Health
2360.    QAD, Inc.
2361.    Quadrangle Debt Recovery Advisors, LLC
2362.    Quadrangle Group LLC
2363.    Quaker Chemical Corporation
2364.    Rassini, S.A. de C.V.
2365.    Relco, Inc.
2366.    Sanders Lead Co.
2367.    SANLUIS Rassini International, Inc.
2368.    Seyfarth Shaw LLP
2369.    Simpson Thatcher & Bartlett LLP

2370.    Solectron Corporation
2371.    Solectron Invotronics
2372.    Spencer Fane Britt & Browne LLP
2373.    Stevens & Lee, P.C.
2374.    Tarrant County
2375.    Teleflex Automotive Manufacturing Corporation
2376.    Teleflex Incorporated
2377.    Teleflex Morse (Capro)
2378.    The Durham Companies, Inc.
2379.    Thermotech Company
2380.    Thyssenkrupp Stahl Company
2381.    Thyssenkrupp Waupaca, Inc.
2382.    Togut, Segal & Segal LLP
2383.    Tonolli Canada Ltd.
2384.    Toyota Tsusho America, Inc.
2385.    Tyz-All Plastics, Inc.
2386.    Universal Metal Hose, Co.
2387.    UPS Supply Chain Solutions, Inc.
2388.    V.J. ElectroniX, Inc.
2389.    Veritas Software Corporation
2390.    VJ Technologies, Inc.
2391.    Wako Electronics (USA), Inc.
2392.    Ward Products, LLC
2393.    Warner Stevens, L.L.P.
2394.    Weil, Gotshal & Manges LLP
2395.    Worker's Compensation Agency
2396.    975 Opdyke, L.P.
2397.    Adell Plastics, Inc.
2398.    America Online, Inc.
2399.    American Aikoku Alpha, Inc.
2400.    American Finance Group, Inc.
2401.    AP Racing
2402.    APS Clearing
2403.    ATS Automation Tooling Systems, Inc.
2404.    Averitt Express, Inc.
2405.    Batesville Tool & Die
2406.    Bibielle S.p.A.
2407.    Bing Metals Group, Inc.
2408.    Brazeway, Inc.
2409.    Brembo S.p.A.
2410.    Brighton Limited Partnership
2411.    Canon U.S.A. Inc.
2412.    Chicago Miniature Optoelectronic Technologies, Inc.
2413.    Computer Patent Annuities Limited Partnership
2414.    Cornell University
2415.    Crown Enterprises, Inc.
2416.    Dayton Supply & Tool Company
2417.    Diemolding Corporation
2418.    D-J, Inc.
2419.    Doosan Infracore America Corp.
2420.    DPS Information Services, Inc.
2421.    Economy Transport, Inc.
2422.    Emhart Technologies LLL
2423.    Etkin Equities, Inc.
2424.    Excel Global Logistics, Inc.
2425.    FCI Connect, Inc.
2426.    Flextech, Inc.
2427.    Foster Electric USA, Inc.
2428.    General Chemical Performance Products LLC
2429.    Gentral Transport International, Inc.
2430.    Grote Industries
2431.    Guaranty Capital Corporation
2432.    GW Plastics, Inc.
2433.    Hosiden American Corporation
2434.    IBJTC Business Credit Corporation
2435.    ICX Corporation

| | | | | |
|---|---|---|---|---|
| 2436. | Ideal Tool Company, Inc. | | 2504. | UGS Corporation |
| 2437. | ITT Industries, Inc. | | 2505. | Umicore Autocat Canada Corporation |
| 2438. | ITW Mortgage Investments IV, Inc. | | 2506. | United Power, Inc. |
| 2439. | Jiffy-Tite Co., Inc. | | 2507. | Universal Am-Can, Ltd. |
| 2440. | Jon Ballin | | 2508. | Universal Truckload Services, Inc. |
| 2441. | Kamax L.P. | | 2509. | Vibracoustic de Mexico, S.A. de C.V. |
| 2442. | Kuss Corporation | | 2510. | Victory Packaging |
| 2443. | Lankfer Diversified Industries, Inc. | | 2511. | WL. Ross & Co., LLC |
| 2444. | Logistics Insight Corp (LINC) | | 2512. | ZF Group North America Operations, |
| 2445. | Madison Capital Management | Inc. | | |

2446.   Maquilas Teta Kawi, S.A. de C.V.
2447.   Marquardt GmbH
2448.   Marquardt Switches, Inc.
2449.   Marshall E. Campbell Company
2450.   McAlpin Industries, Inc.
2451.   MeadWestvaco Corporation
2452.   Metal Surfaces, Inc.
2453.   Metro Fibres, Inc.
2454.   Miami-Dade County
2455.   Michigan Heritage Bank
2456.   Milwaukee Investment Company
2457.   Moody's Investors Service
2458.   National Instruments Corporation
2459.   NDK America, Inc.
2460.   NDK Crystal, Inc.
2461.   Nichicon (America) Corporation
2462.   Noma Company
2463.   Norsk Hydro Canada, Inc.
2464.   Nova Chemicals, Inc.
2465.   Oasis SiliconSystems AG
2466.   Offshore International, Inc.
2467.   Oki Semiconductor Company
2468.   Optrex America, Inc.
2469.   Oracle Credit Corporation
2470.   Oracle USA, Inc.
2471.   Orbotech, Inc.
2472.   Parlex Corporation
2473.   PIA Group
2474.   Pillarhouse (U.S.A.), Inc.
2475.   Precision Mold and Tool Group
2476.   Prince George County, Maryland
2477.   Professional Technologies Services
2478.   Reliable Castings
2479.   RF Monolithics, Inc.
2480.   Royberg, Inc.
2481.   Sagami America, Ltd.
2482.   SAP America, Inc.
2483.   Schunk Graphite Technology
2484.   Seven Seventeen Credit Union
2485.   Siemens Logistics Assembly Systems,
Inc.
2486.   Silver Point Capital, L.P.
2487.   SL America, Inc.
2488.   SL Tennessee, LLC
2489.   SMSC NA Automotive, LLC
2490.   Solution Recovery Services
2491.   Source Electronics, Inc.
2492.   Southwest Metal Finishing, Inc.
2493.   Special Devices, Inc.
2494.   Standard Microsystems Corporation
2495.   Stanley Electric Sales of America, Inc.
2496.   Sumco, Inc.
2497.   Taiho Corporation of America
2498.   Taxing Authorities
2499.   Tessy Plastics Corp.
2500.   Texas Comptroller of Public Accounts
2501.   The Proctor & Gamble Company
2502.   Toshiba America Electronic
Components, Inc
2503.   Trutron Corporation

SUPPLEMENTAL LISTS RUN

XXII.   SDNY Judges and US Trustees
2513.   Adlai S. Hardin
2514.   Allan L. Gropper
2515.   Arthur J. Gonzalez
2516.   Burton R. Lifland
2517.   Cecelia G. Morris
2518.   Deirdre A. Martini
2519.   Elizabeth J. Austin
2520.   James M. Peck
2521.   Mary Elizabeth Tom
2522.   Prudence C. Beatty
2523.   Robert D. Drain
2524.   Robert E. Gerber
2525.   Stuart M. Bernstein
2526.   Tracy Hope Davis

XXIII.   Additional Parties
2527.   A/C Holdings Investments
2528.   Aramark Services, Inc.
2529.   Jefferies & Company, Inc. (Rerun)
2530.   Paul Hastings Janofsky & Walker LLP
2531.   Pension Benefit Guaranty Corporation
2532.   Entergy Services, Inc.
2533.   Gene T. Moore
2534.   Iron Mountain Information Management,
Inc.
2535.   Liam P. O'Neill
2536.   Robert Backie

XXIV.   Additional 2002 Parties
2537.   AMEC Earth & Environmental, Inc.
2538.   Appaloosa Management L.P. (Rerun)
2539.   Continental Cass
2540.   Interpublic Group of Companies, Inc.
2541.   Maxim Integrated Products, Inc.
2542.   Riverside Claims
2543.   Tennessee Department of Revenue
2544.   Union Pacific Railroad Company

XXIV.   Additional Retained Professionals
2545.   Alvarez & Marsal
2546.   Banner & Witcoff, Ltd.
2547.   Blake, Cassels & Graydon LLP
2548.   Butzel, Long
2549.   Cadwalader, Wickersham & Taft, LLP
2550.   Callaway Partners
2551.   Cantor Colburn, LLP
2552.   Chanin Capital Partners LLC
2553.   Covington & Burling LLP
2554.   Crowell & Moring LLP
2555.   Davis Polk & Wardwell
2556.   Dickinson Wright PLLC
2557.   Goodwin Procter LLP
2558.   Howard & Howard Attorneys, P.C.
2559.   Jaeckle, Fleischmann & Mugel, LLP
2560.   Jones Lang Lasalle Americas, Inc.
2561.   Lazard Freres & Co.

2562.   Mesirow Financial Consulting, LLC
2563.   Milliman, Inc.
2564.   Price, Heneveld, Cooper, DeWitt & Litton, LLP
2565.   Quinn Emanuel Urquhart Oliver & Hedges
2566.   Rader Fishman & Grauer LLP
2567.   Steven Hall & Partners
2568.   Thompson Hine & Flory, LLP
2569.   Wilmer, Cutler, Pickering, Hale & Dorr LLP

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                       :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND 1107(b) AND FED. R. BANKR. P. 2014
AUTHORIZING EMPLOYMENT AND RETENTION OF ERNST &
YOUNG LLP AS INDEPENDENT AUDITORS, ACCOUNTANTS, AND TAX
ADVISORS TO DEBTORS, EFFECTIVE NUNC PRO TUNC TO JANUARY 1, 2006

("ERNST & YOUNG RETENTION ORDER")

Upon the application, dated March 17, 2006 (the "Application"), of Delphi

Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order")

under 11 U.S.C. §§ 327(a), 328(a), and 1107(b) and Fed. R. Bankr. P. 2014 authorizing the

employment and retention of Ernst & Young LLP ("E&Y") as independent auditors, accountants,

and tax advisors to the Debtors, effective nunc pro tunc to January 1, 2006; and upon the

Declaration of Kevin F. Asher, executed on March 17, 2006, in support of the Application; and

this Court having determined that the relief requested in the Application is in the best interests of

the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that

proper and adequate notice of the Application has been given and that no other or further notice

is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.        The Application is GRANTED.

2.        Subject to the terms of this Order, the Debtors' employment of E&Y as independent auditors, accountants, and tax advisors to the Debtors pursuant to the terms and conditions of the Application (and the engagement letters attached thereto) is approved under sections 327(a), 328(a), and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), effective <u>nunc pro tunc</u> to January 1, 2006.

3.        E&Y shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court.

4.        In the event that E&Y seeks reimbursement for attorneys' fees from the Debtors pursuant to the terms set forth in the letter agreement attached as <u>Exhibit 1</u> to the Application (the "Audit Engagement Letter") and the letter agreement attached as <u>Exhibit 2</u> to the Application (the "Master Tax Advisory Agreement," and together with the Audit Engagement Letter, the "Engagement Letters"), the invoices and supporting time records from such attorneys shall be included in E&Y's own applications (both interim and final) and such invoices and time records shall be subject to the Office of the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of this Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

5.      To the extent this Order is inconsistent with the Engagement Letters, this

Order shall govern.

6.      This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Order.

7.      The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Application.

Dated: New York, New York
        _____, 2006


_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT M

**Presentment Date and Time: March 27, 2006 at 4:00 p.m.**
**Objection Deadline: March 27, 2006 at 2:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05- 44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

AMENDED NOTICE OF PRESENTMENT OF ORDER UNDER 11 U.S.C. §§ 327(a),
328(a), AND 1107(b) AND FED. R. BANKR. P. 2014 AUTHORIZING EMPLOY-
MENT AND RETENTION OF ERNST & YOUNG LLP AS INDEPENDENT
AUDITORS, ACCOUNTANTS, AND TAX ADVISORS TO DEBTORS,
<u>EFFECTIVE NUNC PRO TUNC TO JANUARY 1, 2006</u>

PLEASE TAKE NOTICE that on March 17, 2006, Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in

the above-captioned cases filed the Application For An Order Under 11 U.S.C. §§ 327(a),

328(a), And 1107(b) And Fed. R. Bankr. P. 2014 Authorizing The Employment And

Retention Of Ernst & Young LLP As Independent Auditors, Accountants, And Tax

Advisors To The Debtors, Effective <u>Nunc</u> <u>Pro</u> <u>Tunc</u> To January 1, 2006 (the "Applica-

tion," attached to this notice as <u>Exhibit A</u>).

PLEASE TAKE FURTHER NOTICE that if timely written objections are

filed, served, and received in accordance with this notice, a hearing to consider approval of

the Application will be held on April 7, 2006, at 10:00 a.m. (Prevailing Eastern Time) (the

"Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the

Southern District of New York, One Bowling Green, Room 610, New York, New York,

10004.

PLEASE TAKE FURTHER NOTICE that if no written objections to the

Application are timely filed, served, and received, the order filed with the Application and

attached to this notice as <u>Exhibit B</u> will be submitted for signature to the Honorable Robert

3

D. Drain, United States Bankruptcy Court for the Southern District of New York, One

Bowling Green, Room 610, New York, New York 10004 on March 27, 2006 at 4:00 p.m.

(Prevailing Eastern Time).

PLEASE TAKE FURTHER NOTICE that objections, if any, to the

Application must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy

Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the

Order Under 11 U.S.C. §§ 102 (1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007,

And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management,

And Administrative Procedures, And (III) Scheduling An Initial Case Conference In

Accordance With Local Bankr. R. 1007-2(e) (the "Case Management Order") (Docket No.

245), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as

amended) registered users of the Bankruptcy Court's case filing system must file electroni-

cally, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing

format), (d) be submitted in hard-copy form directly to the chambers of the Honorable

Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi

Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii)

counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker

Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel for the

4

agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425

Lexington Avenue, New York, New York 10017 (Att'n: Kenneth S. Ziman), (iv) counsel for

the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington

Avenue, New York, New York 10017 (Att'n: Marlane Melican), (v) counsel for the Official

Committee of Unsecured Creditors, Latham & Watkins, 885 Third Avenue, New York,

New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vi) Ernst & Young

LLP, Global Automotive Center, Suite 1200, 101 West Big Beaver Road, Troy, Michigan

48084 (Attn: Steven Sheckell), (vii) counsel to Ernst & Young LLP: Mayer, Brown, Rowe

& Maw LLP, 1675 Broadway, New York, New York 10019 (Attn: Weston Eguchi), and

(vii) the Office of the United States Trustee for the Southern District of New York, 33

Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in

each case so as to be **received** no later than **2:00 p.m. (Prevailing Eastern Time) on**

**March 27, 2006** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth herein and in accordance with the Case Management Order will be considered by the Bankruptcy Court at the Hearing.  If no objections to the Application are timely filed and served in accordance with the procedures set forth herein and in the Case Management Order, the Bankruptcy Court may enter an order granting the Application **without further notice**.

Dated: New York, New York
March 17, 2006

> SKADDEN, ARPS, SLATE, MEAGHER
> & FLOM LLP
>
> By: /s/ John Wm. Butler, Jr.
> John Wm. Butler, Jr. (JB 4711)
> John K. Lyons (JL 4951)
> Ron E. Meisler (RM 3026)
> 333 West Wacker Drive, Suite 2100
> Chicago, Illinois  60606
> (312) 407-0700
>
> - and -
>
> By: /s/ Kayalyn A. Marafioti
> Kayalyn A. Marafioti (KM 9632)
> Thomas J. Matz (TM 5986)
> Four Times Square
> New York, New York  10036
> (212) 735-3000
>
> Attorneys for Delphi Corporation, et al.,
> Debtors and Debtors-in-Possession

# EXHIBIT N

Delphi Corporation
Special Parties - Overnight Mail

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP |
|---|---|---|---|---|---|---|
| James P. Laurito | President and Chief Executive Officer | 89 East Avenue | | Rochester | NY | 14649 |
| Lockport Energy Associates, LP | Attn:  Tom Gesicki | 5706 Upper Mountain Road | | Lockport | NY | 14094 |
| New York Power Authority | Joseph Carline, Esq. | 123 Main Street | | White Plains | NY | 10601 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

3/21/2006 10:52 AM
28568 Lockport

# EXHIBIT O

Delphi Corporation
Special Parties

| CREDITORNAME | CREDITORNOTICENAME | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY |
|---|---|---|---|---|---|---|---|
| Abernathy Sonja | David E Stenson Esq | Liberty Tower Ste 1210 | 120 W Second St | Dayton | OH | 45402 | |
| Acord Rosetta | | 11101 Fernitz Rd | | Byron | MI | 48418-9505 | |
| Adams Thomas E | Michael P Corrigan The Padberg & Corrigan Law Firm | 1010 Market St | Ste 650 | St Louis | MO | 63101 | |
| Alan S Dawes | O'Melveny & Myers LLP Robert Stern and Elizabeth Baird | 1625 Eye St Nw | | Washington | DC | 20006-4001 | |
| Aldridge Brenda | William D Davis Iii | Davis & Associates Pc | 917 Merchants Walk Ste A | Huntsville | AL | 35801 | |
| Alfaro Jose C And Martha | | 304 West 5th St | | Goodland | KS | 67735 | |
| Alfaro Jose C And Martha | Stanley J Walter | 1017 S Gaylord St | | Denver | CO | 80209-4683 | |
| Allegheny Rodney | JOHN TISHOK | 1000 Six Ppg Pl | | Pittsburgh | PA | 15222 | |
| Allen Brandon | BRANDON ALLEN | Delphi Steering | Alabama Plant 21 Hwy 31 South | Athens | AL | 35613 | |
| Allison Carl | FREKING & BETZ | 215 East Ninth St | Fifth Fl | Cincinnati | OH | 45202 | |
| Allstate Insurance | Robert L Goldenbogen Pc | 511 Fort St | Ste 505 | Port Huron | MI | 48060 | |
| Alma Guerra Gillette Next Friend Of Raquel And Edward Gillette Minors | Tim Maloney Paul Campolo Law Offices Of Maloney & Campolo | 900 S E Military Dr | | San Antonio | TX | 78214 | |
| Alternate Resource Inc | JAMES J ARNDT FRIE ARNDT & DONBOM | 7400 Wadsworth Blvd | Ste 201 | Arvada | CO | 80003 | |
| Amchem Products Inc N/k/a Rhone Poulenc Inc Defendants | Judith Yavitz Esquire Anderson Kill & Olick | 1251 Ave Of The Americas | | New York | NY | 10020 | |
| American Asbestos Company | BERRY & BERRY | 2930 Lakeshore Ave | | Oakland | CA | 94610 | |
| American Honda Motor Company Inc | HAIGHT BROWN & BONESTEEL LLP | 100 Bush St | 27th Fl | San Francisco | CA | 94104-3929 | |
| American Standard Inc | Yvette Harmon Esquire Mcguire Woods Llp | 65 East 55th St | 31st Fl | New York | NY | 10022 | |
| American Suzuki Motor Corporation Suzuki Motor Corporation | Mark S Kannett Esq Becherer Kannett & Schweitzer | 2200 Powell St | Ste 805 | Emeryville | CA | 94608 | |
| Anderson Jr Russell | Samael F Prato | 183 East Main St | Ste 1435 | Rochester | NY | 14604 | |
| Arbogast Michael A And Rebecca C Arbogast | Linda George Esq Laudig George Rutherford & Sipes | 156 East Market St | Ste 600 | Indianaplis | IN | 46204-3227 | |
| Asherbranner Jennifer T And Ronald R Asherbranner | Travis W Hardwick Esq Hardwick & Knight | PO Box 968 | | Decatur | AL | 35602 | |
| Atlas Carriers Inc Delphi Corporation | Larry Megal President | Booth St | PO Box 163 | Searcy | AR | 72143 | |
| Aubert Harold | D Carbajal J J Danieleski Jr Oneill Wallace & Doyle Pc | PO Box 1966 | | Saginaw | MI | 48605-1966 | |
| Austin Sculpture And Decorative Art Inc | PAM TIERCE | 815 Grundy Ave | | Holbrook | NY | 11741 | |
| Auto Specialties Manufacturing Company | Mark S Kannett Esq Becherer Kannett & Schweitzer | 2200 Powell St | Ste 805 | Emeryville | CA | 94608 | |
| Autoliv Asp Inc | D G Scribner W Clay Massey Alston & Bird | One Atlanta Ctr | 1201 West Peachtree St | Atlanta | GA | 30303 | |
| Autoliv Asp Inc | Greg Jones Wright Lindsey & Jennings | 200 West Capital Ave | Ste 23000 | Little Rock | AR | 72201-3699 | |
| Autoliv Inc | Mark R Gilling | 3030 North Third St | Ste 1300 | Phoenix | AZ | 85012 | |
| Autoliv Inc | Greg Jones Wright Lindsey & Jennings | 200 West Capital Ave | Ste 23000 | Little Rock | AR | 72201-3699 | |
| Automotive Technologies International Inc | Andrew Kochanowski P55117 Sommer Schwartz Silver & Schwartz Pc | 2000 Town Ctr | 9th Fl | Southfield | MI | 48075 | |
| Avon Automotive North America | Victor A Oliveri Gibson Mcaskill & Crosby | 69 Delaware Ave | | Buffalo | NY | 14202 | |
| Backie Robert | Victor J Mastromarco Jr Mastromarco & Jahn Pc | 1024 N Michigan Ave | | Saginaw | MI | 48605-3197 | |
| Baldwin Sandra L | | 8616 Whitehorn St | | Romulus | MI | 48174 | |
| Baldwin Sandra L | Alen J Counard Pc | 2320 West Jefferson | | Trenton | MI | 48183-2706 | |
| Barnes Cleary And Violet | Martha A H Berman Esq Levin Simes & Kaiser Llp | 160 Sansome St | 12th Fl | San Francisco | CA | 94104-3700 | |
| Bartell Greg | Lynn Lincoln Sarko Esq Derek W Looser Esq Erin M Riley Esq Keller Rohrback | 1201 Third Ave Ste 3200 | | Seattle | WA | 98101-3276 | |
| Batson John | Michael L Roberts Cusimano Keener Roberts | 153 South 9th St | | Gadsen | AL | 35901 | |
| Battenberg Iii Jt | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Battenberg Jt | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Bayview Technology Group Llc | Gary L Cooper Cooper Larsen | 151 North 3rd Ave | Ste 210 PO Box 4229 | Pocatello | ID | 83205 | |
| Beck Bobby And Patricia | Tim Thompson Esq Simmonscooper Llc | 707 Berkshire Blvd | PO Box 521 | East Alton | IL | 62024-0519 | |
| Bedrin John | Simons Cooper Llc | 7070 Berkshire Blvd | PO Box 521 | East Alton | IL | 62024-0519 | |
| Bep Development Llc | Michael L Roberts Cusimano Keener Roberts | 153 South 9th St | | Gadsen | AL | 35901 | |
| Bergeron Phil | J D Selbin R Geman Lieff Cabraser Heimann & Bernstein Llp | 780 Third Ave | 48th Fl | Newyork | NY | 10017 | |
| Bex Russell And Barbara A | Linda George Esq Laudig George Rutherford & Sipes | 156 East Market St | Ste 600 | Indianaplis | IN | 46204-3227 | |
| Bishop Jr James Denson | | 2900 Trophy Dr | | Bryan | TX | 77805 | |
| Bishop Jr James Denson | FRED DAVIS DAVIS AND DAVIS | 2900 Trophy Dr | | Bryan | TX | 77802-2158 | |
| Bishop Sr James Denson And Nelda Maude Bishop | | 2900 Trophy Dr | | Bryan | TX | 77805 | |
| Bishop Sr James Denson And Nelda Maude Bishop | FRED DAVIS DAVIS AND DAVIS | 2900 Trophy Dr | | Bryan | TX | 77802-2158 | |
| Blackwell Baldwin Ford Lincoln Mercury Inc | Jasper N Edmundson Jr | 1980 State St | | Poplar Bluff | MO | 63901 | |
| Blackwell Baldwin Ford Lincoln Mercury Inc | WENDY MAY HARTLINE DACUS BARGER DREYER KERN LLP | 6688 N Central Expressway | Ste 1000 | Dallas | TX | 75206 | |
| Blahnik John G | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Bmc Holding Corporation D/b/a Bmc West And Bmc West | William D Faler Esq Holden Kidwell Hahn & | 330 Shoup Ave | 3rd Fl | Idaho Falls | ID | 83405-0130 | |
| Boudreau Terry D | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Bradley Phyllis Jean Executrix Of Estate Of Jack Bradley | BRENT COON & ASSOCIATES | 1220 W Sixth St Ste 303 | | Cleveland | OH | 44113-1328 | |
| Brady Billy W And Renee | | 5047 Raymond Ave | | Burton | MI | 48509 | |
| Brady Billy W And Renee | Gregory T Young Weaver And Young Pc | 32770 Franklin Rd | | Franklin | MI | 48025-1117 | |
| Braner Usa | Lawrence M Berkleley Stein Bliablia Mcguire Pantages & Gigl | Eisenhower Plaza | 354 Eisenhower Pkwy | Livingston | NJ | 07036 | |
| Brewer Mary M | Barry D Adler Esq Adler & Associates | 30300 Northwestern Hwy Ste | 304 | Farmington Hills | MI | 48334 | |

In re: Delphi Corporation, et al.
Case No. 05-44481

3/21/2006 11:14 AM
Litigation Parties List 060317

Delphi Corporation
Special Parties

| CREDITORNAME | CREDITORNOTICENAME | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY |
|---|---|---|---|---|---|---|---|
| Bridgestone/firestone Inc | Mark S Kannett Esq Becherer Kannett & Schweitzer | 2200 Powell St | Ste 805 | Emeryville | CA | 94608 | |
| Brittingham Julie & David | | Thomas J Intilli | 22 South St Clair | Dayton | OH | 45402-1501 | |
| Brown James Lee And Roseleen | | 1605 Beresford Rd | | North Little Rock | AR | 72116 | |
| Brown James Lee And Roseleen | Attorney At Law David A Hodges | Centre Pl Building | 212 Ctr St Fifth Fl | Little Rock | AR | 72201-2416 | |
| Brown Jonathan | Douglas M Fasciale Hoagland Longo Moran Dunst & Doukas | 40 Patterson St | Pobox 480 | New Brunswick | NJ | 08903 | |
| Brust Robert H | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Bueke Robert L And Norma J | Linda George Esq Laudig George Ruthergord & Sipes | 156 E Market St | 600 | Indianapolis | IN | 46204 | |
| Building Material Holding Corporation | R Rogge Dunn Esq Clouse Dunn Hirsch Llp | 220 Ross Ave | Ste 4900 West | Dallas | TX | | |
| Buis James And Jacqueline | Linda George Esq Laudig George Rutherford & Sipes | 156 East Market St | Ste 600 | Indianapolis | IN | 46204-3227 | |
| Burdette James | David Torchi Esq | 911 Mercantile Library Bldg 414 Walnut St Tobias Kraus & Torchia | | Cincinnati | OH | 45202 | |
| Burns Internaltional Services Corp F/k/a Borgwarner Corporation | BURNHAM & BROWN | 1901 Harrison St | 11th Fl | Oakland | CA | 94612-3501 | |
| Cable Manufacturing & Assembly Co | | 1490 Industrial Pkwy | | Bolivar | OH | 44612-0409 | |
| Cable Manufacturing & Assembly Co Inc | ANDY TINDEL PROVOST UMPHERY LAW FIRM | 112 East Line St | Ste 304 | Tyler | TX | 75702 | |
| Cable Manufacturing & Assembly Inc | Curtis D Collette Ramsey & Murray Pc | 800 Gessner | Ste 1100 | Houston | TX | 77024-4257 | |
| Calsonic Kansei Corporation | J A Vanophem J S Kopp Foley & Lardner Llp | One Detroit Ctr | 500 Woodward Ave Ste 2700 | Detroit | MI | 48226 | |
| Cannon Billy | Michael S Jackson Beers Anderson Jackson Patty & Van Heest Pc | PO Box 1988 | | Montgomery | AL | 36102-1988 | |
| Canter Richard And Louanna | Linda George Esq Laudig George Rutherford & Sipes | 156 East Market St | Ste 600 | Indianapolis | IN | 46204-3227 | |
| Capco Pipe Company Inc As Successor Interest Cement Asbestos Prod Inc | Dryden Margoles Schimaneck Hartman | One California St | Ste 2600 | San Francisco | CA | 94111 | |
| Carlisle Corporation | Thelen Reid & Priest Llp | 101 Second St | Ste 1800 | San Francisco | CA | 94105-3601 | |
| Carter Sharyl Yvette | DAMON LAW OFFICE | 441 Vine St | Ste 2900 Carew Tower | Cincinnati | OH | 45202 | |
| Cda Consulting Inc | Scott S Yaldo Esq Yaldo & Domestein Pllc | 30150 Telegraph Rd | Ste 444 | Bingham Farms | MI | 48025 | |
| Certain Teed Corporation | Judith Yavitz Esquire Anderson Kill & Olick | 1251 Ave Of The Americas | | New York | NY | 10020 | |
| Certain Teed Corporation | Mckenna Long & Aldridge Llp | Steuart St Tower | One Market St Ste 2700 | San Francisco | CA | 94105-1475 | |
| Chapa Israel | | 275 Battery St | 30th Fl | San Francisco | CA | 94111 | |
| Chapa Israel | Lisa Leebove Lieff Cabraser Heimann Bernstein | 275 Battery St 30th Fl | | San Francisco | CA | 94111-3305 | |
| Charles Doty | Bossier Kitchena Pllc Sheila M Bossier | 1520 N State St | | Jackson | MS | 39202 | |
| Charles Doty | Capshaw Goss Bowers Llp Mikel J Bowers Tim Goss Richard Capshaw | 3031 Allen St Ste 200 | | Dallas | TX | 75204 | |
| Charles Doty Bankruptcy Counsel | 539 Trustmark National Bank J Walter Newman Iv | | | Jackson | MS | 39201 | |
| Chase Orr Kimberly | Patrick Cafferty Esq Miller Faucher And Cafferty Llp | 101 N Main St | Ste 450 | Ann Arbor | MI | 48104 | |
| Chiquito Maria Bernabe | EVERARDO ABREGO | 944 W Nolana | Ste C | Pharr | TX | 78577 | |
| Chrysler | David Tyrrell Hill Ward & Henderson | 3700 Bank Of America Plaza | 101 E Kennedy Blvd | Tampa | FL | 33602-5195 | |
| City Of Delray Beach Police And Firefighters Retirement System | Marc L Newman Esq Miller Shea Pc | 950 W University Dr | Ste 300 | Rochester | MI | 48307 | |
| Clark Charles | Alan B Posner Esq Kelman Loria Pllc | 660 Woodward Ave | Ste 1420 | Detroit | MI | 48226-3588 | |
| Cloncs Donald And Carole L | Linda George Esq Laudig George Rutherford & Sipes | 156 East Market St | Ste 600 | Indianapolis | IN | 46204-3227 | |
| Coleman Michael | ISAIAH LIPSEY ESQ | 17000 West Ten Mile Rd | 2nd Fl | Southfield | MI | 48075 | |
| Community Motors Inc | Burkelaw Agents Inc | 330 North Wabash | | Chicago | IL | 60611 | |
| Comprehensive Logistics Co Inc | STEPHEN S BROWN & MATTHEW M MERRIL | 911 Main St | Ste 2300 | Kansas City | MO | 64105 | |
| Conrad Dean F | Emily L Downing Esq Lewis & Lewis Pc | 800 Cathedral Pk Tower | 37 Franklin St | Buffalo | NY | 14202 | |
| Cook Sylvia And Andre Cook Jr And Andrea Cook | | 710 Elk Glen Court | | Colorado Springs | CO | 80906 | |
| Cook Sylvia And Andre Cook Jr And Andrea Cook | Paul J Komyatte Gilbert Frank Ollanik And Komyatte | 5400 Ward Rd Building Iv | Ste 200 | Arvada | CO | 80002 | |
| Cooley Frances A | Christopher F Johnson Freund Freeze & Arnold | One Dayton Centre Ste 1800 | 1 South Main St | Dayton | OH | 45402-2017 | |
| Corus Sec/lp | Champ Lyons Iii Esq | The Highland Building | 2201 Arlington Ave South | Birmingham | AL | 35205 | |
| Cox Jon C | | 3102 Oak Lawn Ave | Ste600 Lb 164 | Dallas | TX | 75219 | |
| Cox Jon C | LEON RUSSELL LAW OFFICES OF LEON RUSSELL | 3102 Oak Lawn Ste 600 | | Dallas | TX | 75219-4271 | |
| Crane Co | Cynthia Weiss Antonucci Esq Harris Beach Llp | 805 Third Ave | 19th Fl | New York | NY | 10022 | |
| Daimlerchrysler Corporation | Terrence C Than Quale Feldbruegge Calvelli Than & Crusch | Ninth Fl | 710 N Plankinton | Milwaukee | WI | 53203 | |
| Daimlerchrysler Corporation Fka The Chrysler Corporation | Thelen Reid & Priest Llp | 101 Second St | Ste 1800 | San Francisco | CA | 94105-3601 | |
| Dana Corporation | Judith Yavitz Esquire Anderson Kill & Olick | 1251 Ave Of The Americas | | New York | NY | 10020 | |
| Dangerfield Shawn | Patrick E Cafferty Miller Faucher And Cafferty Llp | 101 North Main St | | Ann Arbor | MI | 48104 | |
| David N Farr | Harley Smith | 8000 W Florissant Ave | Emerson | St Louis | MO | 63136 | |
| Davis Ii Robert E Plaintiff V | | 5725 Delphi Dr | | Troy | MI | 48098 | |
| Davis Ii Robert E Plaintiff V | Linda George Esq Laudig George Rutherford & Sipes | 156 East Market St | Ste 600 | Indianapolis | IN | 46204-3227 | |
| Dawes Alan S | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Db Riley Inc | James Whitcomb Esquire Phillips Lytle Hitchcock Blaine & Huber | 3400 Hsbc Ctr | | Buffalo | NY | 14203 | |
| De La Paula Bernardes Neto Oscar | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| De Paula Bernardee Neto Oscar | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Delco Electronics Llc | Michael D Schloff P25393 Michael D Schloff Pllc | 6905 Telegraph Rd | Ste 215 | Bloomfield Hills | MI | 48301 | |
| Delco Remy Corporation | Haekyoung Suh Norris Mclaughlin & Marcus | 721 Route 202 206 | PO Box 1018 | Somerville | NJ | 08876-1018 | |
| Delco Remy International Inc | | 2902 Enterprise Dr | | Anderson | IN | 46013 | |
| Deloitte & Touche Llp | Daniel F Kolb Davis Polk & Wardell | 450 Lexington Ave | | New York | NY | 10017 | |

Delphi Corporation
Special Parties

| CREDITORNAME | CREDITORNOTICENAME | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY |
|---|---|---|---|---|---|---|---|
| Delphi Automotive Systems Llc | Whiteside James | 922 Sand Hill Rd | | Caledonia | NY | 14423 | |
| Delphi Automotive Systems Llc | Kowallek Daniel | 6401 Nw Regal Circle | | Port Saint Lucie | FL | 34983 | |
| Delphi Automotive Systems Llc | Banks Herman | 1802 Railroad St Sw | | Hartselle | AL | 35640 | |
| Delphi Automotive Systems Llc | Barr James R | 10800 Oak Ct | | Galloway | OH | 43119 | |
| Delphi Automotive Systems Llc | Calcagni James | 2909 Whispering Pines Dr | | Canfield | OH | 44406 | |
| Delphi Automotive Systems Llc | Monrean Robert | 1694 Lucretia Dr | | Girard | OH | 44420 | |
| Delphi Automotive Systems Llc | Money Jim | 6003 Lakewood Dr | | Fairfield | OH | 45011 | |
| Delphi Automotive Systems Llc | Munley Tom | 10155 Cherry Tree Terrace | | Washington Twp | MI | 45458 | |
| Delphi Automotive Systems Llc | Petrie James | PO Box 1623 | | Warren | MI | 48090 | |
| Delphi Automotive Systems Llc | Polk Jackie | 5580 Kirkridge Trail | | Oakland Twp | MI | 48306 | |
| Delphi Automotive Systems Llc | Woolridge Loretta | 1356 East Fairview Ln | | Rochester Hills | MI | 48306 | |
| Delphi Automotive Systems Llc | Polvinen Mary Ann | 10520 Village Court | | Grand Blanc | MI | 48439 | |
| Delphi Automotive Systems Singapore Pte Ltd | | 501 Ang Mo Kio Industrial Pk 1 | | | | 569621 | Singapore |
| Delphi Corporation | Stull Virginia Md | 731 Hidden Circle | | Dayton | OH | 45458 | |
| Delphi Mechatronic Board Of Directors | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Delphi Trust I | Gary S Graifman Kantrowitz Goldhamer & Graifman Pc | 747 Chestnut Ridge Rd | | Chestnut Ridge | NY | 10977 | |
| Denso Corporation | Rodger D Smith Ii Esq Morris Nichols Arsht & Tunnell | Jack B Blumenfeld Esq | 1201 N Market St PO Box 1347 | Wilmington | DE | 19889-1347 | |
| Denso International America Inc | Kenneth A Gallo Paul Weiss Rifkind Wharton & Garrison Llp | Denso Siemens And Trw | 1615 L St Nw | Washington | DC | 20036-5694 | |
| Detweiler Russell | Barry D Adler Esq Adler & Associates | 30300 Northwestern Hwy | Ste 304 | Farmington Hills | MI | 48334 | |
| Dickerson Brian | | Black Law Office | 1422 West Saginaw St | East Lansing | MI | 48823 | |
| Doty Charles | Sheila M Bossier Sheila M Bossier | 1520 North State St | | Jackson | MI | 39202 | |
| Dougherty Chad | | Richard D Gibbon & Associates | 1611 South Harvard | Tulsa | OK | 74112 | |
| Douglas Insulation Company | Selman Breitman Llp | 33 New Montgomery St | 6th Fl | San Francisco | CA | 94105 | |
| Dura Automotive Systems Inc | Dennis Hart Markusson Esq Markusson Green & Jarvis Pc | 999 18th St 3300 | | Denver | CO | 80202 | |
| Dynamic Corporation | Linda R Drillock P38480 Drillock Law Firm | 3030 Main St | | Marlette | MI | 48453 | |
| Dynamic Design Inc | Linda R Drillock P38480 Drillock Law Firm | 3030 Main St | | Marlette | MI | 48453 | |
| Earl Mckay Inc | David L Ayers Esq Jimmy B Wilkins Esq Watkins & Eager Pll | Pobox 650 | | Jackson | MS | 39205 | |
| Ei Dupont De Nemours And Company | Michelle Pollachov Esq Leader & Berkon Llp | 630 Third Ave | | New York | NY | 10017 | |
| Ellison Shane | Michael L Roberts Cusimano Keener Roberts | 153 South 9th St | | Gadsen | AL | 35901 | |
| Elmore Jr Arlis M | | 3611 Rice Mine Rd | Ne Lot 317 | Tuscaloosa | AL | 35406 | |
| Elmore Jr Arlis M | Gene T Moore | 1802 Fifteenth St | | Tuscaloosa | AL | 35401-4608 | |
| Emerson Electric Co | Timothy G Oneill Esq Snell & Wilmer Llp | 1200 17th St 1900 | | Denver | CO | 80202 | |
| Empire Ace Insulation Mfg Corp | Steve Kevelson Esq | One Cozine Ave | | Brooklyn | NY | 11201 | |
| Ennis Donald And Carol | Linda George Esq Laudig George Rutherford & Sipes | 156 East Market St | Ste 600 | Indianapolis | IN | 46204-3227 | |
| Evans Terrence | | Haskin Lauter Larue & Gibbons | 255 North Alabama St | Indianapolis | IN | 46204 | |
| Executive Committee Of Delphi Corps Board Of Directors | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Farr David N | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Fickey Marilyn Bishop | Fred Davis Esq Davis & Davis | 2900 Trophy Dr | | Bryan | TX | 77805-3610 | |
| Financial Services Of America Llc | Frank F Sallee Esq Sallee Law Firm | 4739 Bellview | Ste 304 | Kansas City | MO | 64112-1364 | |
| Fleet Logistics | Donald C Ramsay Stinson Morrison Hecker Llp | 9 Corporate Woods | Ste 450 9200 Indian Creek Pkwy | Overland Pk | KS | 66210 | |
| Fleming Joseph A | THOMAS L PETERSON ADORNO & YOSS | Ste 450 | 1000 Vermont Ave Nw | Washington | DC | 20005 | |
| Fligstein Michael S | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Flores Jose Oscar And Wife Bonifacia Flores | William J Tinning Law Office Of William J Tinning | 1013 Bluff Dr | | Portland | TX | 78374 | |
| Flores Romeo And Juanita Next Friends Of Sandra Flores Minor | William J Tinning Law Office Of William J Tinning | 1013 Bluff Dr | | Portland | TX | 78374 | |
| Folck Neal C | R A Izard A M Schatz Schatz & Nobel Pc | 20 Church St | Ste 1700 | Hartford | CT | 06103 | |
| Ford Motor Company | Frank Mackenzie Ford Global Technologies Inc | 1 Pk Ln Blvd | Ste 600 C | Dearborn | MI | 48126 | |
| Ford Motor Company | K R Anderson K J Oshea Winston And Strawn Llp | 35 W Wacker Dr | | Chicago | IL | 60601 | |
| Ford Motor Company | Thelen Reid & Priest Llp | 101 Second St | Ste 1800 | San Francisco | CA | 94105-3601 | |
| Ford Motor Company John Does | C S Toomey F E Dennison Campbell Campbell Edwards & Conroypc | Woodbury Crossing | 3 South Broad St Ste 2c | Woodbury | NJ | 08096 | |
| Fournier Connie As P/r/e Of Stella Demeniuk Deceased | R F Garvey D P Beck Thomas Garvey Garvey & Sciotti Pc | 24825 Little Mack | | St Clair Shores | MI | 48080 | |
| Fred Brown Chevrolet Pontiac Inc | FRED BROWN | 100 South Echols St | | Caldwell | TX | 77836 | |
| Free Paul | Richard A Rossman Pepper Hamilton Llp | 36th Fl | 100 Renaissance Ctr | Detroit | MI | 48243-7926 | |
| Gaines Ira | Christpher S Hinton Esq Wolf Halenstein Adler Freeman & Hertz Llp | 270 Madison Ave | | New York | NY | 10016-0601 | |
| Garlock Sealing Technologies As Succesor In Interest To Garlock Inc | GLASPY & GLASPY | 100 Pringle Ave | No 750 | Walnut Creek | CA | 94596 | |
| Gatke Corporation | Bennett Samuelson Reynolds & Allard | 1951 Webster St | Ste 200 | Oakland | CA | 94612-2940 | |
| Gavia Sr Felipe F | | Felipe F Gavia Sr In Pro Per | 4846 Caroline | | Indianapolis | IN | 46205-1424 | |
| General Mortors Corporation | Douglas L Toering Esq Grassi & Toering Plc | 888 West Big Beaver | Ste 750 | Troy | MI | 48084 | |
| General Mortors Corporation | Phil Harris Esq Jenner & Block | One Ibm Plaza | | Chicago | IL | 60603 | |
| General Mortors Corporation | WENDY MAY HARTLINE DACUS BARGER DREYER & KERN | 6688 N Central Expressway | Ste 1000 | Dallas | TX | 75206 | |
| General Mortors Corporation | C Megan Fischer | 2901 North Central Ave | Ste 1600 | Phoenix | AZ | 85012-2761 | |

Delphi Corporation
Special Parties

| CREDITORNAME | CREDITORNOTICENAME | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY |
|---|---|---|---|---|---|---|---|
| General Motors | SUZANNE MIKLOS GM LEGAL STAFF | 400 Renaissance Ctr | PO Box 400 | Detroit | MI | 48265-4000 | |
| General Motors Corporation | Terence Flynn Esq Gibson Mcaskill & Crosby Llp | 69 Delaware Ave | Ste 900 | Buffalo | NY | 14202 | |
| General Motors Corporation | Halli D Cohn King & Spaulding Llp | 191 Peachtree St | | Atlanta | GA | 30303 | |
| General Motors Corporation | D L Ayers J B Wilkins Watkins & Eager Pllc | The Emporium Bldg | Ste 300 400 E Capital St | Jackson | MS | 39201 | |
| General Motors Corporation | THE CORPORATION COMPANY | 120 Central Ave | | Clayton | MO | 63105 | |
| General Motors Corporation | WENDY MAY HARTLINE DACUS BARGER DREYER KERN LLP | 6688 N Central Expressway | Ste 1000 | Dallas | TX | 75206 | |
| General Motors Corporation | Kevin M Young David G Harris Prichard Hawkins Mcfarland & Young Llp | Union Square Ste 600 | 10101 Reunion Pl | San Antonio | TX | 78216 | |
| General Motors Corporation | Kevin M Young Richard Hawkins & Young Llp | 10101 Renunion Pl | Ste 600 | San Antonio | TX | 78216 | |
| General Motors Corporation | C L Casteel M S Chappell Davis Graham & Stubbs Llp | 1550 17th St | Ste 500 | Denver | CO | 80202 | |
| General Motors Corporation | Lori A Zirkle Esq Bowman And Brooke Llp | 2901 North Central Ave | Ste 1600 | Phoenix | AZ | 85012 | |
| General Motors Corporation | Grace Genson Cosgrove & Schirm | 444 South Flower St | Ste 1100 | Los Angeles | CA | 90071 | |
| General Motors Corporation | LAURA HARGITT GENERAL MOTORS CORPORATION | M/c 482 C23 B21 | 300 Renaissance Ctr | Detroit | MI | 48265-3000 | |
| General Motors Corporation | GLENN A JACKSON GENERAL MOTORS LEGAL STAFF | 400 Renaissance Ctr | Mail Code 482 028 205 | Detroit | MI | 48265-4000 | |
| General Motors Corporation | MAYNARD TIMM GENERAL MOTORS LEGAL STAFF | 400 Renaissance Ctr | PO Box 400 | Detroit | MI | 48265-4000 | |
| General Motors Corporation | MAYNARD TIMM | 400 Renaissance Ctr | PO Box 400 | Detroit | MI | 48265-4000 | |
| General Motors Corporation | A T Lippert Jr P16714 Lipperthumphreys Campbell Dust & Humphreys Pc | 4800 Fashion Square Blvd | Ste 410 | Saginaw | MI | 48604-2604 | |
| General Motors De Mexico Sderldecv | Lori A Zirkle Esq Bowman And Brooke Llp | 2901 North Central Ave | Ste 1600 | Phoenix | AZ | 85012 | |
| General Motors Investment Management Corporation | ROBERT KOPECKY KIRKLAND & ELLIS LLP | 200 E Randolph Dr | | Chicago | IL | 60601 | |
| Genicom Corporation | JOHN LEFEVERE | 14800 Conference Ctr Dr | Ste 400 | Chantilly | VA | 20151-3820 | |
| Genuine Parts Company Aka Napa Auto Parts | Burke Williams & Sorensen Llp | 450 Sansome St | Ste 1200 | San Francisco | CA | 941111 | |
| Georgia Pacific Corporation | Mcquaid Metzler Bedford & Van Zandt | Penthouse Ste | 221 Main St | San Francisco | CA | 94105-1909 | |
| Gillette Edward A Next Friend Of Raquel And Edward Gillette Minors | Tim Maloney Paul Campolo Law Offices Of Maloney & Campolo | 900 S E Military Dr | | San Antonio | TX | 78214 | |
| Givens Robert | Paul R Leonard Esq | 424 Patterson Rd | | Dayton | OH | 45419 | |
| Glenn National Carriers Inc | William P Coates Jr Coates & Logan Llc | 6804 W 107th St | Ste 250 | Overland Park | KS | 66212 | |
| Gmac Global Relocation Services | LLOYD MILLIKEN LOCKE REYNOLDS LLP | 201 North Illinois | Ste 1000 PO Box 44961 | Indianapolis | IN | 44962 | |
| Gonzalez Ernie | ERNIE GONZALEZ | 16 David Luther Court | | Hunt Valley | MD | 21030 | |
| Gottschalk Bernd | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Goulds Pumps Inc | Susan Van Gelder Esq Goldberg Segalla | 120 Delaware Ave | Ste 500 | Buffalo | NY | 14202 | |
| Greaves Mark | Linda R Drillock P38480 Drillock Law Firm | 3030 Main St | | Marlette | MI | 48453 | |
| Grimes John And Rita | | 5621 Arden Ave | | Warren | MI | 48092 | |
| Grimes John And Rita | Ven Rjohnson Fieger Fieger Kenney And Johnson | 19390 West Ten Mile Rd | | Southfield | MI | 48075-2458 | |
| Groce Kelly R And Kelly D | M J Sobieray D W Stewart Stewart & Stewart | 931 South Rangeline Rd | | Carmel | IN | 46032 | |
| Guerra Enrique And Melissa Next Friends Of Enrique Guerra | | 1202 Calcutta Ln | | San Antonio | TX | 78258 | |
| Guerra Enrique And Melissa Next Friends Of Enrique Guerra | TIM MALONEY MALONEY AND CAMPOLO | 900 Se Military Dr | | San Antonio | TX | 78214-2825 | |
| Gulf Coast Bank & Trust Company Et Al | James Michael Garner Esq Sher Garner Cahill Richter Klein & Hilbert Llc | 909 Poydras St | 28th Fl | New Orleans | LA | 70112-4000 | |
| Gutjahr Michael | | 1010 Market St | Ste 650 | St Louis | MO | 63101 | |
| Gutjahr Michael | Matthew J Padberg Esq The Padberg & Corrigan Law Firm | 1010 Market St | Ste 650 | St Louis | MO | 63101 | |
| Guzman George A And Wife Dalinda Guzman | William J Tinning Law Office Of William J Tinning | 1013 Bluff Dr | | Portland | TX | 78374 | |
| Hamlin Incorporated | Sherry P Bartley Mitchell Williams Selig Gates & Woodyard Pllc | 425 West Capitol Ave | Ste 1800 | Little Rock | AR | 72201-3525 | |
| Hammer Edward | Patrick Cafferty Esq Miller Faucher And Cafferty Llp | 101 N Main St | Ste 450 | Ann Arbor | MI | 48104 | |
| Haney Charles | Matthew C Matheny Esq Provost Umphrey Law Firm Llp | 490 Pk St | | Beaumont | TX | 77701 | |
| Hanners Carolyn | Paul O Paradis Abbey Gardy Llp | 212 East 39th St | | New York | NY | 10016 | |
| Hb Performance Systems Inc | Ann M Maher Esq Whyte Hirschboeck Dudek Sc | 555 East Wells St | Ste 1900 | Milwaukee | WI | 53202 | |
| He Services Company | Mastromarco & Jahn Pc | 1024 N Michigan Ave | PO Box 3197 | Saginaw | MI | 48605-3197 | |
| Higgins Constructors Inc | Andrew Feldman Esq Feldman Keifer & Herman | The Dun Building Ste 400 | 110 Pearl St | Buffalo | NY | 14202 | |
| Higgins Erectors & Haulers Inc | Andrew Feldman Esq Feldman Keifer & Herman | The Dun Building Ste 400 | 110 Pearl St | Buffalo | NY | 14202 | |
| Hillman Robert | Marian Rosner Marian Rosner | 845 Third Ave | | New York | NY | 10022-6601 | |
| Honeywell Inc F/k/a Allied Signal Inc | Stanley J Walker | 1017 South Gaylord St | | Denver | CO | 80210 | |
| Honeywell International Inc Fka Allied Signal Inc | PERKINS COIE LLP | 180 Townsend St | Third Fl | Emeryville | CA | 94608 | |
| Hoot Dan | DAN HOOT | 8610 Northeast 139th Ave | | Vancouver | WA | 98682-3009 | |
| Hoyt Arthur And Vivian | Linda George Esq Laudig George Rutherford & Sipes | 156 East Market St | Ste 600 | Indianaplis | IN | 46204-3227 | |
| Hubbard Clarence E | Linda George Esq Laudig George Rutherford & Sipes | 156 East Market St | Ste 600 | Indianaplis | IN | 46204-3227 | |
| Huber Construction Inc | Kevin Merriman Esquire Hurwitz & Fine | 1300 Liberty Building | | Buffalo | NY | 14202 | |
| Hunter Clemie | Charles J Piven Esq Law Offices Of Charles J Piven Pa | 401east Pratt St | Ste 2525 | Baltimore | MD | 21202 | |
| Hurley Packaging Of Texas Inc | Greak & Smith Pc | A Professional Corporation | 8008 Slide Rd Ste 33 | Lubbock | TX | 79424-2828 | |
| Hurst Byron E | CASPER & CASPER | One N Main St Fifth Fl | PO Box 510 | Middletown | OH | 45042 | |
| Hyder Michelle | | 183 West Market St | Ste 300 | Warren | OH | 44481 | |
| Hyundai Motor America | JASON ERB HYUNDAI MOTOR AMERICA | 10550 Talbert Ave | | Fountain Valley | CA | 92728 | |
| Ibc Rolling Mill Corporation | Anthony M Tamburello Smetana Mahoney Gaffney & Tamburello | 100 Campus Dr | Ste 112 PO Box 672 | Florham Pk | NJ | 07932 | |
| Infoservices Inc | ERIC NEWTON | PO Box 71602 | | Madison Heights | MI | 48071 | |
| Inland Waters Pollution Controls Inc | John J Oshea | 3400 E Lafayette | | Detroit | MI | 46207 | |

In re: Delphi Corporation, et al.
Case No. 05-44481

Page 4 of 8

3/21/2006 11:14 AM
Litigation Parties List 060317

Delphi Corporation
Special Parties

| CREDITORNAME | CREDITORNOTICENAME | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY |
|---|---|---|---|---|---|---|---|
| Irimajiri Shoichiro | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Isuzu Motors America Inc | BECHERER KANNETT & SCHWEITZER | 2200 Powell St | Ste 805 | Emeryville | CA | 94608 | |
| Jakupco Richard J | Huffer & Weathers Pc | 1850 Market Square Ctr | 151 North Delaware St | Indianapolis | IN | 46204 | |
| James Edith Con Appeal | | Cooper & Elliott Llc | 2175 Riverside Dr | Columbus | OH | 43221 | |
| Jay Schabel | Cheryl Smith Fisher Esq Magavern Magavern & Grimm Llp | 1100 Rand Bldg | 14 Lafayete Square | Buffalo | NY | 14203 | |
| Jevicks Teresa | Douglas J Emonds Esq | 4810 West 108th St | Ste 1122 | Overland Pk | KS | 66211-1275 | |
| Jh France Refractories Company | Thomas Hagerty Esq Hagerty & Brady | 69 Delaware Ave | Ste 1010 | Buffalo | NY | 14202 | |
| John G Blahnik | Miller Canfield Paddock & Stone Plc Thomas W Cranmer | 150 W Jefferson Ave Ste 2500 | | Detroit | MI | 48226 | |
| John Sheehan | Richards Spears Kibbe & Orbe Llp Michael D Mann | 1775 Eye St Nw | | Washington | DC | 20006-2401 | |
| Johnson Controls Inc | J F Birmingham Jr J S Kopp Foley & Lardner Llp | 500 Woodward Ave | Ste 2700 | Detroit | MI | 48226 | |
| Johnson Electric Consulting Inc | Stephen N Weiss Moses & Singer Llp | The Chrysler Building | 405 Lexington Ave | New York | NY | 10174-1299 | |
| Johnson Electric Industrial Manufactory Ltd | Stephen N Weiss Moses & Singer Llp | The Chrysler Building | 405 Lexington Ave | New York | NY | 10174-1299 | |
| Johnson Electric North America Inc | Stephen N Weiss Moses & Singer Llp | The Chrysler Building | 405 Lexington Ave | New York | NY | 10174-1299 | |
| Johnson Freddie L | | Haskin Lauter Larue & Gibbons | 255 North Alabama St | Indianapolis | IN | 46204 | |
| Johnson Jana C And Chris | Stephen M Zcomert Esq | 215 N Mcdonough St | | Decatur | GA | 30030 | |
| Jones Norman | | Earl Earl And Rose | 31851 Mound Rd | Warren | MI | 48092 | |
| Jones Rodger | | 1238 St Michaels | | Laredo | TX | 78041 | |
| Jones Rodger | Alfredo Z Padilla Law Office Of Alfredo Z Padilla | 104 N 5th St | Po Drawer 355 | Carrizo Springs | TX | 78834-6355 | |
| Jones Vanessa | Eric J Belfi Murray Frank & Sailer Llp | 275 Madison Ave | 8th Fl | New York | NY | 10016 | |
| Joyal Products Inc | DAVID L HARRIS LOWENSTEIN SANDLER PC | 65 Livingston Ave | | Roseland | NJ | 07068-1791 | |
| Jt Battenberg Iii | The Warner William H Jeffress Jr Baker Botts Llp | 1299 Pennsylvania Ave Nw | | Washington | DC | 20004-2400 | |
| Kaiser Gypsum Company | Jackson & Wallace Llp | 55 Francisco St | 6th Fl | San Francisco | CA | 94133 | |
| Karlin Lawrence | Mark C Gardy Esq Abbey Gardy Llp | 212 East 39th St | | New York | NY | 10016-2754 | |
| Kautex Inc | J R Trentacosta S T Seabolt Foley & Lardner Llp | 500 Woodard Ave | Ste 2700 | Detroit | MI | 48226-3489 | |
| Kelly Moore Paint Company | FOLEY & MANSFIELD LLP | 1333 N California Blvd | Ste 580 | Walnut Creek | CA | 94596 | |
| Kelsey Hayes Company | Mckenna Long & Aldridge Llp | Steuart St Tower | One Market St Ste 2700 | San Francisco | CA | 94105-1475 | |
| Kessler Thomas | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Kramer Steven | J Sailer E J Belfi Murray Frank & Sailer Llp | 275 Madison Ave Ste 801 | | New York | NY | 10016 | |
| Kraus Jessica | Cellino & Barnes Pc | 17 Court St 7th Fl | | Buffalo | NY | 14202 | |
| Kraus Jessica | Richard T Saraf Esq | 665 Main St | Ste 400 | Buffalo | NY | 14203 | |
| Kumiega Kenneth J | Wilder & Linnell Llp | 320 Brisbane Bldg | 403 Main At Court St | Buffalo | NY | 14203 | |
| Laborsource 2000 Inc | Harvey Altus P 30846 | 30500 Northwestern Hwy | Ste 500 | Farmington Hills | MI | 48334 | |
| Labrecque Thomas G | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Lambda Holdings Inc | John States Gardere & Wynne Llp | 1601 Elm St | Ste 300 | Dallas | TX | 75201 | |
| Lambert Jim And Wife Ruby | William J Tinning Law Office Of William J Tinning | 1013 Bluff Dr | | Portland | TX | 78374 | |
| Larry A Williams | E S Simon J P Zuccarini Elwood S Simon & Associates Pc | 355 South Old Woodward Ave | Ste 250 | Birmingham | AL | 48009 | |
| Lawson Walter Keith | Alexander Corder Plunk | | & Shelly Pc | PO Box 1129 | Athens | AL | 35612 | |
| Lazor Daniel | John P Zuccarini Elwood S Simon & Associates | 355 S Old Woodward Ave | Ste 250 | Birmingham | MI | 48009 | |
| Lear Seating Corporation | Richard M Gibson Bayko Gibson Carnegie Hagan Schoonmaker & Meyer Llp | 600 Travis | Ste 6500 | Houston | TX | 77002 | |
| Lear Siegler Diversified Holdings Corporation | Keesal Young & Logan | Four Embarcadero Ctr | Ste 1500 | San Francisco | CA | 94111 | |
| Lease Plan Usa Inc | Richard T Saraf Esq | 665 Main St | Ste 400 | Buffalo | NY | 14203 | |
| Lee Janice Marie | James W Tilley Watts Donovan And Tilley Pa | Arkansas Capitol Commerce Ctr | 200 South Commerce St Ste 200 | Little Rock | AR | 72201-1728 | |
| Lemon Bay Partners | Stephen F Wasinger Stephen F Wasinger Plc | 100 Beacon St | | Royal Oak | MI | 48067 | |
| Lennox Industries Inc | Kelly H Tsai Leboeuf Lamb Greene & Macrae Llp | 125 West 55th St | | New York | NY | 10019-5389 | |
| Lextron Automotive Llc | Sheila M Bossier Sheila M Bossier | 1520 North State St | | Jackson | MI | 39202 | |
| Lextron Bankruptcy | Harris & Geno Pllc Melanie T Vardaman Craig Geno And Jeffrey Tyree | 587 Highland Colony Pkwy | PO Box 3380 | Ridgeland | MS | 39158-3380 | |
| Lextron Corporation | Bossier Kitchena Pllc Sheila M Bossier | 1520 N State St | | Jackson | MS | 39202 | |
| Lextron Corporation | Sheila M Bossier Sheila M Bossier | 1520 North State St | | Jackson | MI | 39202 | |
| Lextron Corporation | Capshaw Goss Bowers Llp Mikel J Bowers Tim Goss Richard Capshaw | 3031 Allen St Ste 200 | | Dallas | TX | 75204 | |
| Loopco Braner | Lawrence M Berkleley Stein Bliablia Mcguire Pantages & Gigl | Eisenhower Plaza | 354 Eisenhower Pkwy | Livingston | NJ | 07036 | |
| Loprete Kent G | KENT LOPRETE | Delphi | 5725 Delphi Dr | Troy | MI | 48098 | |
| Loprete Kent G | Michael D Schloff P25393 Michael D Schloff Pllc | 6905 Telegraph Rd | Ste 215 | Bloomfield Hills | MI | 48301 | |
| Mackey Bruce And Tammy | Lisa J Leebove Pro Hac Vice Lieff Cabraser Heimann & Bernstein Llp | Embarcadero Ctr West | 275 Battery St 30th Fl | San Francisco | CA | 94111-3339 | |
| Manns Debra A | | 714 South Fish St | | Miamisburg | OH | 45342 | |
| Manns Debra A | Frank J Dolce Morris Cantor Lukasi | 1000 Liberty Bldg | 420 Main St | Buffalo | NY | 14202-3501 | |
| Mantese Joseph V | Michael D Schloff P25393 Michael D Schloff Pllc | 6905 Telegraph Rd | Ste 215 | Berkley | MI | 48072 | |
| Mantese Joseph V | | Delphi Research Lab | 51786 Shelby Pkwy | Shelby Township | MI | 48315 | |
| Martin L Shannon Shaw | Kim Chapman Esq Chapman Lewis & Swan | Post Office Box 428 | | Clarksdale | MS | 38614 | |
| Martinez Jose Angel Mata | EVERARDO ABREGO | 944 W Nolana | Ste C | Pharr | TX | 78577 | |
| Mazda Motor Of North America Inc Dba Mazda North America Operations | Filice Brown Eassa & Mccleod | 1999 Harrison St | 18th Fl | Oakland | CA | 94612 | |
| Mc Wholesale Inc | Donald F Carey Duane Smith Llp | 2325 W Broadway | Ste B | Idaho Falls | ID | 83402 | |

| CREDITORNAME | CREDITORNOTICENAME | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY |
|---|---|---|---|---|---|---|---|
| Mcaleer Adrian | J H Meltzer G D Wells Iii Schiffrin & Barroway Llp | 280 King Of Prussia Rd | | Radnor | PA | 19087 | |
| Mckee Stephen M | | Armstrong & Lowe | 1401 S Cheyenne | Tulsa | OK | 74119-3440 | |
| Mclaughlin Susan A | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Merritt James And Bonnie | Kathleen A Musgrave Esq Laudig George Rutherford & Sipes | 156 E Market St | Ste 600 | Indianapolis | IN | 46204-3227 | |
| Mettrick Steven J | Richard T Saraf Esq | 665 Main St | Ste 400 | Buffalo | NY | 14203 | |
| Mettrick Steven J | STEVE METTRICK | Delphi Energy & Chassis | 1000 Lexington Ave | Rochester | NY | 14606 | |
| Michael Klinginsmith | Cheryl Smith Fisher Esq Magavern Magavern & Grimm Llp | 1100 Rand Bldg | 14 Lafayette Square | Buffalo | NY | 14203 | |
| Miller Robert S | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Minnick Ralph D | Linda George Esq Laudig George Rutherford & Sipes | 156 East Market St | Ste 600 | Indianapolis | IN | 46204-3227 | |
| Mitsubishi Motor Sales Inc | BECHERER KANNETT & SCHWEITZER | 2200 Powell St | Ste 805 | Emeryville | CA | 94608 | |
| Moretti Lucia V | Lucia V Moretti | Delphi Product & Service Solutions | 1441 West Long Lake Rd | Troy | MI | 48098 | |
| Morrison Thomas | Samuel H Rudman Esq Lerach Coughlin Stoia Geller Rudman & Robbins Llp | 200 Broadhollow Rd Ste 406 | | Melville | NY | 11747-4806 | |
| Morton International Inc Successor In Interest To Thiokol Corporation | Timothy J Minor Esq Lombardo & Gilles | 318 Cayuga St | | Salinas | CA | 93902 | |
| Motley Rosalyn | WIGGINS CHILDS QUINN | & Pantazis Pc | The Kress Bldg 301 19th St | Birmingham | AL | 35203 | |
| Mps Group Inc | Thomas E Boyle Attorneys At Law | 300 Spruce St | Fl One | Columbus | OH | 43215 | |
| Multi Craft Installation Services Incorporated | Anthony N Fox Esq Clark & Scott Pc | PO Box 380548 | | Birmingham | AL | 35238-0548 | |
| Nacco Materials Handling Group Inc | S Andrew Kelly Esq Lightfoot Franklin & White Llc | The Clark Bldg | 400 20th St North | Birmingham | AL | 35203 | |
| Naylon Craig | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Naylor Craig | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Ncoc Inc | Travis W Hardwick Esq Hardwick & Knight | PO Box 968 | | Decatur | AL | 35602 | |
| Newman Tina | Jones & Taylor Llc | 2123 9th St | Ste 100 | Tuscaloosa | AL | 35401 | |
| Newton David And Kathleen As Co Executor For Estate Of Frank Newton | G Russell Ragland Esq Weitz & Luxenberg Pc | 180 Maiden Ln | | New York | NY | 10038-4925 | |
| Nguyen James H | COHEN GARELICK & GLAZIER PC | Ste 800 Keystone Plaza | 8888 Keystone Crossing Blvd | Indianapolis | IN | 46240-4636 | |
| Niekamp Cynthia | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Nu Tech Plastics Engineering Inc | J A Schwartz D E Fordree Schwartz Law Firm Pc | 37887 W 12 Mile Rd | Ste A | Farmington Hills | MI | 48331 | |
| Obrien Michael And Ingrid Obrien | LINDA GEORGE LAUDIG GEORGE RUTHERFORD & SIPES | 156 E Market St | Ste 600 | Indianapolis | IN | 46204 | |
| Olin Corporation | CT CORPORATION | 111 Eighth Ave | | New York | NY | 10011 | |
| Oneal Rodney | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Oneill Mary P And Liam P | Richard F Burke Jr Esq Clifford Law Offices Pc | 120 N Lasalle St | 31st Fl | Chicago | IL | 60602 | |
| Opie John | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Orbcomm Llc | Susan St Dennis Chadbourne & Pke Llp | 350 S Grand Ave | Ste 3300 | Los Angeles | CA | 90071 | |
| Orlik Eva M | | Kendall Hahn | 220 N Rangeline Rd | Carmel | IN | 46032 | |
| Owens Illinois Inc | Paul Scrudato Esq Schiff Hardin & Waite | 623 5th Ave | 28th Fl | New York | NY | 10022 | |
| Owens Plating Company Inc | Michael L Roberts Cusimano Keener Roberts | 153 South 9th St | | Gadsen | AL | 35901 | |
| Palmer Cindie L Estate Of Michael W Palmer | Victor J Mastromarco Jr P34564 Mastromarco & Jahn Pc | 1024 N Michigan Ave | PO Box 3197 | Saginaw | MI | 48605-3197 | |
| Pamela Doughty | JAMES J ARNDT FRIE ARNDT & DONBOM | 7400 Wadsworth Blvd | Ste 201 | Arvada | CO | 80003 | |
| Par Industries Llc | LEGAL DEPT | 500 Commerce Dr | | Amherst | NY | 14228 | |
| Par/viking 1106 Llc | LEGAL DEPT | 30505 Bainbridge Rd | | Solon | OH | 44139 | |
| Parker Hannifin & Standard Motor Successor To Eis Brake Parts | Towle Denison Smith & Tavera | 10866 Wilshire Blvd | Ste 1270 | Los Angeles | CA | 90024 | |
| Partridge Steve | Michael L Roberts Esq Cusimano Keener Roberts Kimberley & Miles Pc | 153 South 9th St | | Gadsden | AL | 35901-3645 | |
| Patent Holding Company | Paul Lieberman P16664 Lieberman & Bradley Pc | 43902 Woodward Ave | Ste 250 | Bloomfield Hills | MI | 48302 | |
| Patent Holding Company | A S Katz R B Breisblatt Walsh & Katz Ltd | 120 South Riverside Plaza | 22nd Fl | Chicago | IL | 60606 | |
| Patrick James | Cheryl Smith Fisher Esq Magavern Magavern & Grimm Llp | 1100 Rand Bldg | 14 Lafayete Square | Buffalo | NY | 14203 | |
| Patterson Jon And Laaura Next Friends Of Karley Patterson | William J Tinning Law Office Of William J Tinning | 1013 Bluff Dr | | Portland | TX | 78374 | |
| Patterson Kelsey Deville And Jon Kobe Patterson Minors | William J Tinning Law Office Of William J Tinning | 1013 Bluff Dr | | Portland | TX | 78374 | |
| Pbr Australia Pty Ltd | Richard M Duffey Gardner Corton & Dagles | 191 N Wheeler Dr | 3700 | Chicago | IL | 60606-1698 | |
| Peak Industries Inc | Stephen R Thomas Moffatt Thomas Barrett Rock & Fields | 101 S Capital Blvd | 10th Fl PO Box 829 | Boise | ID | 83701 | |
| Penley Brian | | 2918 E Sr 38 | | Westfield | IN | 46074 | |
| Pennington Jeff | Margaret H Mccollum | One North Main St | PO Box 510 | Middletown | OH | 45042-0510 | |
| Penske Roger S | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Peter Elia Co Inc | Shannon Heneghan Sugarman Law Firm Llp | 1600 Rand Building | 14 Lafayette Square | Buffalo | NY | 14203 | |
| Pfizer Inc Pfizer | John Hooper Esq Edwards & Angell | 750 Lexington Ave | | New York | NY | 10022 | |
| Phelps John W And Deborah J Phelps | L George W R Sipes Luadig George Rutherford & Sipes | 156 East Market St | Ste 600 | Indianapolis | IN | 46204 | |
| Phillips Robert | Linda George Esqw Russell Sipes Laudig George Rutherford & Sipes | 156 E Market St | Ste 600 | Indianapolis | IN | 46204-3227 | |
| Piccirilli Edna | JAMES A FREDERICKA ESQ | Ambrosy And Fredericka | 144 North Pk Ave Ste 200 | Warren | OH | 44481-1124 | |
| Plant Insulation Company | Jackson & Wallace Llp | 580 California St | 15th Fl | San Francisco | CA | 94104 | |
| Pm Factors Inc D/b/a 1st Pmf Bancorp | S E Shapiro H Yun Law Office Of Scott E Shapiro Pc | 17337 Ventura Blvd | Ste 200 | Encino | CA | 91316 | |

Delphi Corporation
Special Parties

| CREDITORNAME | CREDITORNOTICENAME | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY |
|---|---|---|---|---|---|---|---|
| Pneumo Abex Corporation Successor In Interest To Abex Corp | Mcquaid Metzler Bedford & Van Zandt | Penthouse Ste | 221 Main St | San Francisco | CA | 94105-1909 | |
| Polito Michael A | Samuel F Prato Esq | Alliance Building Ste I 435 | I 83 East Main St | Rochester | NY | 14604 | |
| Precision Automotive Parts Of Oakland | ARCHER NORRIS | 2033 Main St | No 800 | Walnut Creek | CA | 94596 | |
| Priest Aaron | Peter D Fischbein | 777 Terrace Ave | | Hasbrouck Heights | NJ | 07604 | |
| Primus Metals Inc | Peter C Forbes 14081 Horowitz Wake & Forbes | 370 Seventeenth St | Ste 3950 | Denver | CO | 80202 | |
| Pritchard Deborah Brown | E Todd Tracy Esq | 5473 Blair Rd | Ste 200 | Dallas | TX | 75231-4168 | |
| Progressive Max Insurance Company | Christopher F Johnson Freund Freeze & Arnold | One Dayton Centre Ste 1800 | 1 South Main St | Dayton | OH | 45402-2017 | |
| Proud Douglas And Esther | L George W R Sipes Luadig George Rutherford & Sipes | 156 East Market St | Ste 600 | Indianapolis | IN | 46204 | |
| Prusheik Stacey | Alan C Olson & Associates Sc | 2880 South Moorland Rd | | New Berlin | WI | 53151-3744 | |
| Quake Global Inc | M M Blesher D R Pepperman Blecher & Collins Pc | 611 West Sixth St | 20th Fl | Los Angeles | CA | 90017-3120 | |
| Quigley Company Inc | John Hooper Esq Edwards & Angell | 750 Lexington Ave | | New York | NY | 10022 | |
| Quinn Lary And Sylvia | John W Rasmussen Esq Johnson Rasmussen Robinson & | 48 North Macdonald St | | Mesa | AZ | 85201 | |
| Quinn Lary And Mackey Tracy | J W Rasmussen D W Robinson Johnson Rasmussen Robinson & Allen Plc 00211700 | 48 North Macdonald St | | Mesa | AZ | 85201 | |
| R E Wolfe Enterprises Of Edinburg Inc | Steven M Morgan Akin Gump Strauss Hauer & Feld Llp | 1700 Pacific Ave | Ste 4100 | Dallas | FL | 75201 | |
| Rand Environmental Services Inc | David G Jennings | 250 E Broad St | Ste 900 | Columbus | OH | 45215-3742 | |
| Raphael Naomi | KLARI NEUWELT LAW OFFICE OF KLARI NEUWELT | 110 East 59th St | 29th Fl | New York | NY | 10022 | |
| Rapid American Corporation | Linda Yassky Esq Sonnenschein Nath & Rosenthal Llp | 1221 Ave Of The Americas | | New York | NY | 10020 | |
| Re Wolfe Enterprises Of Texas Inc | Steven M Morgan Akin Gump Strauss Hauer & Feld Llp | 1700 Pacific Ave | Ste 4100 | Dallas | FL | 75201 | |
| Reno Joseph | Law Offices Of Brad A Chalker Llc | 7953 Washington Woods Dr | PO Box 750726 | Dayton | OH | 45475 | |
| Republic Waste Industries Inc | Steven M Morgan Akin Gump Strauss Hauer & Feld Llp | 1700 Pacific Ave | Ste 4100 | Dallas | FL | 75201 | |
| Republic Waste Service Of Texas Ltd Sucessor To Landfilll Mgmt Inc | Allison Exall Akin Gump Strauss Hauer & Feld Llp | 1700 Pacific Ave | Ste 4100 | Dallas | FL | 75201 | |
| Rielly Jr Thomas A | E S Simon J P Zuccarini Elwood S Simon & Associates Pc | 355 South Old Woodward Ave | Ste 250 | Birmingham | MI | 48009 | |
| Robert A Keasbey Company | Anna Dilonardo Esq Lafbbate Balkan Colavita & Contini Llp | 1050 Franklin Ave | | Garden City | NY | 11530 | |
| Rockwell Automation | Samuel Goldblatt Nixon Peabody Llp | 800 Cathedral Pk Tower | 37 Franklin St | Buffalo | NY | 14202 | |
| Rockwell Automation Inc | SHEA & GARDNER | 1800 Massachusetts Ave Nw | | Washington | DC | 20036-1872 | |
| Roger S Penske | Penske Corporation Larry Bluth | 2555 Telegraph Rd | | Bloomfield Hills | MI | 48302-0954 | |
| Rosen Ruben J | Steven T Fulk & Allain | Fulk & Allain | 320 Massachusetts Ave | Indianapolis | IN | 46204 | |
| Ross Marion And William | Frank D Allen Esq Archer & Greiner Pc | One Centennial Square | Pobox 3000 | Haddonfield | NJ | 08033-0968 | |
| Rowell Lynn | BINDER & BINDER PC | 2805 Veterans Memorial Hwy | Ste 20 | Ronkonkoma | NY | 11779 | |
| Rowley Donald | Geoffrey M Johnson Scott Scott Llc | 33 River St | | Chagrin Falls | OH | 44022 | |
| Royal Freight Lp | Roberto J Yzaguirre Esq Yzaguirre & Chapa | 6521 North 10th St | Ste A | Mcallen | TX | 78504-3230 | |
| Rts Financial Service Inc | Jack T Bangert Sherman Taff & Bangert | 1100 Main St | Ste 2890 PO Box 26530 | Kansas City | MO | 64196 | |
| Runkle Donald | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Runkle Donald L | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Runkle Donald S | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Russell Thomas And Norma | L George W R Sipes Laudig George Rutherford & Sipes | 156 East Market St | Ste 600 | Indianapolis | IN | 46204 | |
| Saab Cars Usa Inc | Grace Genson Cosgrove & Schirm | 444 South Flower St | Ste 1100 | Los Angeles | CA | 90071 | |
| Savage Darrin | | PO Box 35262 | | Kansas City | MO | 64134-5262 | |
| Scandura Inc | Sedgwick Deter Moran & Arnold | One Embarcadero Ctr | 16th Fl | San Francisco | CA | 94111 | |
| Sedberry Joyce And Ray | G Lynn Shumway Esq Law Offices Of G Lynn Shumway | 6909 East Greenway Pkwy | Ste 200 | Scottsdale | AZ | 85254-2172 | |
| Semtech Corpus Christi Corp | JOHN POE | 652 Mitchell Rd | | Newberry Pk | CA | 91320-2289 | |
| Sheehan John D | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Shiets John | Leonard K Berman Hainer & Berman Pc | 24255 West 13 Mile Rd | Ste 270 | Bingham Farms | MI | 48025 | |
| Siemens Vdo Automotive Corporation | Kathleen A Lang Michelle V Thurber Dickinson Wright | 500 Woodward Ave | Ste 4000 | Detroit | MI | 48226-3425 | |
| Smith James O And Betty J | L George W R Sipes Laudig George Rutherford & Sipes | 156 E Market St | Ste 600 | Indianapolis | IN | 46204 | |
| Smith Lori | | Hochman & Plunkett Co Lpa | Ste 650 Talbott Tower | Dayton | OH | 45402 | |
| Smolik Lillie | Rex L Easley Jr Cole Cole & Easley Pc | 302 West Forrest St | Po Drawer 510 | Victoria | TX | 77902-0510 | |
| Southtrust | Burr & Forman Llp Eric F Hatten James J Robinson D Christopher Carson Jason D Woodard | 420 North 20th St | 3100 Wachovia Tower | Birmingham | AL | 35203 | |
| Southtrust | Sweet & Freese Pllc Dennis C Sweet Iii Richard Freese | 201 North President St | | Jackson | MS | 39201 | |
| Southtrust Bank | Alveno M Castilla Mb 5924 Watkins Ludlam Winter & Stennis Pa | 633 North State St | | Jackson | MS | 39202-3306 | |
| Spiral Binding Company Inc | ROBERT ROTH | One Maltese Dr | | Totowa | NJ | 07511 | |
| Spiral Binding Company Inc | Gerald Drought Martin Drought & Torres Inc | Bank Of America | 25th Fl 300 Convent St | San Antonio | TX | 78205 | |
| Sprunger Thomas | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Stansbury Ii Robert L | L George W R Sipes Laudig George Rutherford & Sipes | 156 East Market St | Ste 600 | Indianapolis | IN | 46204 | |
| State Farm Mutual Automobile Insurance Company | Elizabeth Fletcher Huckabay Munson Rowlett & Moore Pa | Regions Ctr | Ste 1900 400 West Capitol Ave | Little Rock | AR | 72201 | |
| Stejakowski Dennis And Fay Stejakowski | A D Shapero M M Martin Liss & Shapero | 2695 Coolidge Hwy | | Berkley | MI | 48072 | |
| Stellar Satellite Communications Ltd | ROBERT A SWINGER CHADBOURNE & PkE LLP | 30 Rockefeller Plaza | | New York | NY | 10112 | |
| Stewart Andrew | | 2824 Ruppuhn Dr | | Saginaw | MI | 48603 | |

In re: Delphi Corporation, et al.
Case No. 05-44481

Page 7 of 8

3/21/2006 11:14 AM
Litigation Parties List 060317

Delphi Corporation
Special Parties

| CREDITORNAME | CREDITORNOTICENAME | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY |
|---|---|---|---|---|---|---|---|
| Stuck Ronald P Shelley A Stuck | L George W R Sipes Laudig George Rutherford & Sipes | 156 E Market St | Ste 600 | Indianapolis | IN | 46204 | |
| Subaru Of America Inc | Grace Genson Cosgrove & Schirm | 444 South Flower St | Ste 1100 | Los Angeles | CA | 90071 | |
| Sueltz Patricia C | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Sueltz Patricia S | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Synchronus Industrial Services Inc | Samuel W Junkin Pc | 601 Greensboro Ave | Ste 600 Alston Pl | Tuscaloosa | AL | 35041 | |
| Teknor Apex Company | William C Book Clark Edgecomb | 1221 Mckinney St | Ste 4300 | Houston | TX | 77010-2010 | |
| The Chamberlain Group Inc | Karl R Fink Fitch Even Tabin & Flannery | 120 South Lasalle St | Ste 1600 | Chicago | IL | 60603-3406 | |
| The Delphi Corp Board Of Directors Executive Committee | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| The Delphi Corporation Board Of Directors | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| The Delphi Corporation Of Directors Executive Committee | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| The Employee Benefit Plans Committee | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| The Executive Committee Of Delphis Board Of Directors | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| The Goodyear Tire & Rubber Company | BRYDON LAW GROUP | 425 California St | Ste 1400 | San Francisco | CA | 94104 | |
| Thomas Dee Engineering Company Inc | Walsworth Franklin Bevins & Mccall Llp | 550 Montgomery St | 8th Fl | San Francisco | CA | 94111 | |
| Thyssenkrupp Budd Company Aka The Budd Company | Jackson & Wallace Llp | 580 California St | 15th Fl | San Francisco | CA | 94104 | |
| Tinell Frankie | | 1017 N Barron St | | Eaton | OH | 45320 | |
| Tk Electronics Inc | J R Trentacosta J C Mitchell Foley & Lardner Llp | One Detroit Ctr | 500 Woodward Ave Ste 2700 | Detroit | MI | 48226 | |
| Toyota Motor North America Inc | TODD HESEKIEL LONDON FISCHER | 59 Maiden Ln | | New York | NY | 10038 | |
| Toyota Motor Sales Usa Inc | BOWMAN & BROOKE | 1741 Technology Dr | Ste 200 | San Jose | CA | 95110-1355 | |
| Trw Automotive Holdings Corporation | Boyd T Cloern Clifford Chance Us Llp | 2001 K St Nw | | Washington | DC | 20006-1001 | |
| Turinsky Paul J | John B Gibbons | 2000 Standard Bldg | 1370 Ontario St | Cleveland | OH | 44113 | |
| Uaw | | 221 Dewey Ave | | Rochester | NY | 14608 | |
| Uaw | | 1543 Alwildy Ave | | Dayton | OH | 45408 | |
| Uaw | | Solidarity House | 8000 Jefferson Ave | Detroit | MI | 48214 | |
| Uaw Local 467 | CONNYE HARPER ESQ | Uaw International | 8000 E Jefferson Ave | Detroit | MI | 48214 | |
| Uaw Local 651 | CONNYE HARPER ESQ | Uaw International | 8000 E Jefferson Ave | Detroit | MI | 48214 | |
| Union Carbide Corporation | Judith Yavitz Esquire Anderson Kill & Olick | 1251 Ave Of The Americas | | New York | NY | 10020 | |
| Uniroyal Inc | Law Offices Of Nancy E Hudgins | 1388 Sutter St | Ste 505 | San Francisco | CA | 94109 | |
| Us Aeroteam Inc | R T Kugler B D Manning Robins Kaplan Miller & Ciresi Llp | 2800 Lasalle Plaza | 800 Lasalle Ave | Minneapolis | MN | 55402 | |
| Us Rubber Company Uniroyal | Andrew Bart Esq Greenfield Stein & Senoir | 600 Third Ave | 11th Fl | New York | NY | 10016 | |
| Usa Technologies Inc | Scott C Cifrese Paine Hamblen Coffin Brook & Miller Llp | 714 West Sprague Ave | Ste 1200 | Spokane | WA | 99201 | |
| Vasquez Joe R D/b/a Farmers Marketing Service Et Al | Law Office Of William J Tinning | 1013 Bluff Dr | | Portland | TX | 78374 | |
| Viacom Inc As Successor By Merger Cbs Corp Fka Westinghouse Electric | William Bradley Esq Malaby Carlisle & Bradley Llc | 150 Broadway | Ste 600 | New York | NY | 10038 | |
| Viking Industries Llc | Cheryl Smith Fisher Esq Magavern Magavern & Grimm Llp | 1100 Rand Bldg | 14 Lafayete Square | Buffalo | NY | 14203 | |
| Wagner Don N | MARK WILSON | 5231 Belleaire Blvd | | Bellaire | TX | 77401 | |
| Waldo Richard L And Gwendolyn A Waldo Plaintiffs V | L George W R Sipes Laudig George Rutherford & Sipes | 156 E Market St | Ste 600 | Indianapolis | IN | 46204 | |
| Warren Communications News | Thomas Kirby Wiley Rein & Fielding | 1776 K St Nw | | Washington | DC | 20006 | |
| Warren Communications News | | 2115 Ward Ct Nw | | Washington | DC | 20037 | |
| Watkins Motors Lines | Cadena Law Firm Pc | 1017 Montana Ave | | El Paso | TX | 79902-5411 | |
| Weilheimer Harry D | Peter D Bull Esq Bull & Lifshitz Llp | 18 East 41st St | | New York | NY | 10017 | |
| Weintraub Gaye | John Robertson Esq Carrigan Mccloskey & Roberson Llp | 5300 Memorial Dr | Ste 700 | Houston | TX | 77007 | |
| Western Macarthur Company | Brobeck Phleger & Harrison | One Market Plaza | Spear St Tower 23rd Fl | San Francisco | CA | 94105 | |
| Westley Industries Inc | D Carbajal J J Danieleski Jr Oneill Wallace & Doyle Pc | PO Box 1966 | | Saginaw | MI | 48605-1966 | |
| Westley International Inc F/ka Buena Vista Coatings Inc | D Carbajal J J Danieleski Jr Oneill Wallace & Doyle Pc | PO Box 1966 | | Saginaw | MI | 48605-1966 | |
| Wheeler Bruce C | Morris Cantor Lukasik Dolce & Panepinto Pc | 1000 Liberty Building | | Buffalo | NY | 14202 | |
| Whitney Gary | | Helmer Friedman Llp | 723 Ocean Front Walk | Venice | CA | 90291 | |
| Whitson James P | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Williams Jr John J | Mark A Corder Esq | 232 S Cherry | | Olathe | KS | 66061 | |
| Willis John R Management Partnership Ltd | William J Tinning Law Office Of William J Tinning | 1013 Bluff Dr | | Portland | TX | 78374 | |
| Willis Steven | E S Simon J P Zuccarini Elwood S Simon & Associates Pc | 355 South Old Woodward Ave | Ste 250 | Birmingham | AL | 48009 | |
| Wilson Donna R | Chaklos Jungerheld Hahn | & Washburn Pc | PO Box 6128 | Saginaw | MI | 48608 | |
| Wohleen David B | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Wood Ralph | | 807 E 32nd St | | Anderson | IN | 46016-5429 | |
| Woodson Harold | Leonard Kruse Pc | 4190 Telegraph Rd | Ste 3500 | Bloomfield Hills | MI | 48302 | |
| Wright Eugene A | Renee T Vander Hagen P43771 Law Office Of Mark E Williams | 38700 Van Dyke Ave | Ste 150 | Sterling Heights | MI | 48312 | |
| Wyman Thomas H | Marc D Ashley Esq Shearman & Sterling | 599 Lexington Ave | | New York | NY | 10022-6069 | |
| Wynn Jr James I | | 163 Marlborough Rd | | Rochester | NY | 14619 | |
| Yates Dale A And Jacqueline R Yates | L George W R Sipes Luadig George Rutherford & Sipes | 156 East Market St | | Indianapolis | IN | 46204 | |
| Yount Loretta | Kenneth J Ignozzi Esq | Dyer Garofalo Mann & Schultz | 131 North Ludlow St Ste 1400 | Dayton | OH | 45402 | |
| Zenith Electronics Corporation Of Texas | Michael M Gibson Jones Day | 717 Texas | Ste 3300 | Houston | TX | 77002 | |

In re: Delphi Corporation, et al.
Case No. 05-44481

3/21/2006 11:14 AM
Litigation Parties List 060317

# EXHIBIT P

Delphi Corporation
Special Parties - Overnight Mail

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY |
|---------|---------|----------|----------|------|-------|-----|---------|
| Furukawa Electric North America APD, Inc. | ATTN:  Shuji Hayashida, President & CEO | 47677 Galleon Drive | | Plymouth | MI | 48170 | |
| Furukawa Electric North America, Inc. | Attention: Yukimasa Shiga, Executive Vice President | 900 Lafayette Street | Suite 506 | Santa Clara | CA | 95050 | |
| The Furukawa Electric Co., Ltd. | ATTN:  Shigenobu Abe, Manager International Business Development Automotive Products Division | 6-1, Marunouchi 2-chome | Chiyoda-ku | Tokyo | | 100-8322 | Japan |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

3/21/2006 11:17 AM
28569 Furukawa

# EXHIBIT Q

In re: Delphi Corporation, et al.
Special Parties - Overnight Mail

| CREDITOR NAME | CREDITOR NOTICE NAME | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY |
|---|---|---|---|---|---|---|---|
| Flextronics | Joe Minville | Sr Director Business Development | 2 Robbins Road | Westford | MA | 01886 | |
| JCI | Jim Geschke | 5757 N Green Bay Avenue | PO Box 591 | Milwaukee | WI | 53201 | |
| Lear | Mr Mark Ritz | VP of Business Development | 21557 Telegraph Road | Southfield | MI | 48034 | |
| Sanhua | Zhaohui Lu Assistant to President | C 11 Century Plaza | No 3 Hangda Road | Hangzhou | Zhejiang | 310007 | China |
| Saturn Electronics and Engineering | Mr Wallace K Tsuha | 255 Rex Blvd | | Auburn Hills | Michigan | 48326 | |
| SDE | Yang Yi | No 218 Chang Jiang Road | | Chong Ming | Shanghai | 202178 | China |
| Shanghai Agriculture Industry and Comm | Chang Jiang General Corporation | No 7 Lane 263 Huashan Road | | | Shanghai | 263 7 | China |
| Siemens VDO | Dr Bertolt Dietrich Gartner | Sodener Strasse 9 | | Schwalbach | | D-65824 | Germany |
| Visteon | Mr Rich Miller | Director Business Strategy Group | 17000 Rotunda Drive | Dearborn | MI | 48120 | |

# EXHIBIT R

Delphi Corporation
Special Party

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | ZIP | COUNTRY |
|---------|---------|----------|----------|------|-----|---------|
| Schmidt Technology Gmbh | Gerhard Willmann | Feldbegstr 1 | | St Georgen | 78112 | Germany |
| Schmidt Technology Corp | Leslie Schall | 280 Executive Drive | | Cranberry Trp | 16006 | US |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

3/21/2006 11:18 AM
Schmidt Order to Show Cause SP Overnight