UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

DELPHI CORPORATION et al.,            Chapter 11
                                                    Case No. 05-44481 (RDD)
                    Debtors.
_____ /        (Jointly Administered)

**FIRST INTERIM FEE APPLICATION
OF HOWARD & HOWARD ATTORNEYS, P.C.,
INTELLECTUAL PROPERTY COUNSEL TO DEBTORS,
FOR INTERIM ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD OCTOBER 8, 2005 THROUGH JANUARY 31, 2006**

Howard & Howard Attorneys, P.C. ("Howard & Howard"), Intellectual Property Counsel to Delphi Corporation and certain of its subsidiaries and affiliates, debtors-in-possession in the above captioned cases (collectively, the "Debtors"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), submit this First Interim Fee Application for interim allowance of reasonable compensation for actual and necessary professional services performed by Howard & Howard in the aggregate amount of $98,553.00, for the period October 8, 2005 through January 31, 2006 (the "Compensation Period"), and for reimbursement of its actual, reasonable and necessary expenses in the aggregate amount of $19,710.70 incurred during the Compensation Period, for a total of $118,263.70, and respectfully states:

**BACKGROUND**

1.      On October 8, 2005 (the "Petition Date") the Debtors filed their respective voluntary petitions with this Court under Chapter 11 of the Bankruptcy Code. Since the filing of

their respective Chapter 11 cases, the Debtors have continued in possession of their respective properties and businesses as debtors-in-possession pursuant to Bankruptcy Code section 1107 and 1108. The Debtors' Chapter 11 bankruptcy cases are being jointly administered. On December 6, 2005, Debtors filed their application to retain Howard & Howard (pursuant to U.S.C. 327(e)) as Intellectual Property Counsel to Debtors. On January 3, 2006, the Order approving the Debtors' employment of Howard & Howard as Intellectual Property Counsel was approved with such approval being effective <u>nunc pro tunc</u> to the Petition Date.

## JURISDICTION

2.    This Court has jurisdiction over this First Interim Fee Application pursuant to U.S.C. § 157. This is a core proceeding under 28 U.S.C. §157 (b)(2)(A). The statutory authority for the relief requested in this First Interim Fee Application is Bankruptcy Code sections 330 and 331.

## SUMMARY OF REQUESTED PROFESSIONAL COMPENSATION AND EXPENSE REIMBURSEMENTS

3.    This First Interim Fee Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), and the Order Under 11 U.S.C. 330 §331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated November 4, 2005 (the "Interim Compensation Order", collectively with the Local Guidelines and UST Guidelines, the "Guidelines"). Pursuant to the Local Guidelines, a certification regarding compliance with same is attached hereto as **Exhibit A**.

2

4.  Howard & Howard files this interim application and seeks allowance herein of reasonable compensation for actual and necessary professional services rendered to the Debtors during the Compensation Period, in the amount of $98,553.00, and for reimbursement of actual, reasonable and necessary expenses incurred during the Compensation Period in connection with the rendition of such services, in the amount of $19,710.70, for a total aggregate amount of $118,263.70.

5.  Pursuant to the Interim Compensation Order, Howard & Howard has provided (i) Delphi Corporation, (ii) the United States Trustee for the Southern District of New York (the "U.S. Trustee"), (iii) counsel for the official committee of unsecured creditors appointed in these cases (the "Committee"), (iv) Skadden, Arps, Slate, Meagher & Flom LLP, (v) counsel for the agent under the Debtors' pre-petition credit facility, (vi) counsel for the agent under the Debtors' post-petition credit facility[1], with a monthly fee statement for professional services rendered and expenses incurred on behalf of the Debtors, along with a detailed report of time entries and expenses. Pursuant to such statement, and pursuant to the Interim Compensation Order, Howard & Howard anticipates receipt of payments for fees and expenses by the time of the April 6, 2006 hearing on this First Interim Application, in the amounts of $78,842.40 for professional services (which represents Eighty Percent (80%) of the foregoing fees) and $19,710.70 for expenses (which represents One Hundred Percent (100%) of the expenses incurred). However, Howard & Howard has not received payments of these amounts as of the date of this Application.  Howard

6.  & Howard anticipates that the remaining $19,710.60, which represents the remaining Twenty Percent (20%) of Howard & Howard's fees for professional services, will be

---

[1] As of the date of the filing of this First Interim Fee Application, Howard & Howard is not aware of any committee appointed for the purpose of reviewing fees and expenses and consequently there was no such committee for Howard and Howard to serve.

3

held back by the Debtors pursuant to the Interim Compensation Order pending the Court's order on this First Interim Fee Application. Thus, the Debtor seeks approval and payment of said Twenty Percent (20%) holdback at this time, in addition to approval and allowance, in full, of Howard & Howard's expenses for services which Howard & Howard rendered during the Compensation Period.

6.     The fees sought by this First Interim Fee Application reflect an aggregate of 430.40 hours of attorney and intern time spent and recorded in performing services for the Debtors during the Compensation Period. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the estate. Of the aggregate time expended, 237.30 recorded hours were expended by partners, 182.90 recorded hours were expended by associates, and 10.20 recorded hours were expended by interns.

7.     During the Compensation Period, Howard & Howard's hourly billing rates for attorneys working on these matters ranged from $165.00 to $320.00 per hour. Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $242.50. Applicant believes that the services rendered by Howard & Howard have conferred significant benefit on the bankruptcy estate. Applicant believes that its billing rates in these Chapter 11 cases, which reflect Applicant's customary billing rates, are "reasonable billing rates" for purposes of this Court's determination of the "reasonableness" of the fees for services rendered. Howard & Howard's customary billing rates (and the fact that these rates are subject to annual adjustment in accordance with Howard & Howard's standard practices) were disclosed in the retention papers, approved by this Court. The rates charged by Applicant are reasonable and are consistent with customary rates charged by similar firms. If this case were not a case under the Bankruptcy Code, Applicant would charge and expect to receive,

4

on a current basis, an amount at least equal to the amounts requested herein for professional services.

8.  Pursuant to the Guidelines, annexed hereto as **Exhibit B** is a schedule setting forth all Howard & Howard professionals and interns who have performed services in these Chapter 11 cases during the Compensation Period, the capacities in which each such individual is employed by Howard & Howard, the hourly billing rate charged for services performed by such individual, the aggregate number of hours expended in this matter and fees billed therefor, the year in which each professional was first licensed to practice law and the year in which each professional graduated from law school.

9.  Pursuant to the Guidelines, annexed hereto as **Exhibit C** is a summary by project category of the fees generated by the services performed during the Compensation Period and for each project category, a list of each person providing services, a statement of the number of hours spent and the amount of compensation requested for each person on the project.

10. Annexed hereto as **Exhibit D** is a schedule specifying the categories of expenses for which Howard & Howard is seeking reimbursement and the total amount for each such expense category.

11. All of the services for which interim compensation is sought were rendered to the Debtors solely in connection with these cases, in furtherance of the duties and functions of the Debtors and not on behalf of any individual creditor or other person.

12. Howard & Howard has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

5

13. Howard & Howard has neither shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the members, counsel and associates of the firm, or (b) any compensation another person or party has received or may receive. No promises have been received by Howard & Howard or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

14. Howard & Howard has served its monthly fee statements to: (i) Delphi Corporation, (ii) counsel for the Official Committee of Unsecured Creditors, (iii) the U.S. Trustee, (iv) Skadden, Arps, Slate, Meagher & Flom LLP, (v) counsel for the agent under the Debtors' pre-petition credit facility, (vi) counsel for the agent under the Debtors' post-petition credit facility[2]. As of the date of this Interim Application no objections have been raised.

15. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Interim Application, Howard & Howard reserves the right to request additional compensation for such services and reimbursement of such expenses.

## STATUTORY BASIS FOR RELIEF SOUGHT

16. The statutory basis for the relief sought herein are Sections 330 and 331of the Bankruptcy Code, as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure. Applicant seeks compensation for actual, necessary professional services rendered and reimbursement of reasonable expenses incurred on behalf of the Debtors during the Application Period. Bankruptcy Code Section 330 (a)(1) provides that the Bankruptcy Court may award (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner,

---

[2] See footnote 1

6

professional person, or attorney and by any paraprofessional person employed by any such person; and (B) reimbursement for actual, necessary expenses. Section 330(a)(3)(A) provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the tine at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Section 331 governs the allowance of interim compensation to professionals and provides:

> any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

The policy of Section 330 is to ensure that qualified attorneys will not be "deterred from taking bankruptcy cases due to a failure to pay adequate compensation." Ames Dep't Stores, 76 F.3d at 72 (citing UNR Indus., 986 F.2d at 210).

The courts examination of the reasonableness of the services rendered must be conducted in "an objective manner, based upon what services a reasonable lawyer or legal firm would have performed…" Ames Dep't Stores, 76 F.3d at 72 (citing In re Matter of Taxman Clothing Co., 49 F.3d 310, 315 (7th Cir. 1995)).

7

## SUMMARY OF SERVICES PROVIDED AND EXPENSES INCURRED

17. Howard & Howard has rendered substantial professional services on behalf of the Debtor including the evaluation of inventions and drafting, filing and prosecuting of numerous patent applications.

## AMOUNT APPLICANT HAS SOUGHT AND RECEIVED

18. Applicant has not previously filed an interim application with the Court, however Applicant has submitted monthly statements to the appropriate parties as required by this Court's Interim Compensation Order, pursuant to which Applicant is supposed to receive 80% of the fees and 100% of the expenses identified in each monthly statement, (assuming that there are no objections to said monthly statements). To date, Applicant has not received any compensation as a result of the filing of the aforementioned monthly statements.

## CONCLUSION

19. WHEREFORE Howard & Howard respectfully requests that this Court enter an order (i) approving and allowing Howard & Howard's application for compensation for professional services rendered during the Compensation Period in the amount of $98,553.00, and reimbursement for actual and necessary expenses incurred during the Compensation Period in the amount of $19,710.70, for a total of $118,263.70; (ii) authorizing and directing the Debtors to forthwith pay to Howard & Howard the full $118,263.70 or, if applicable, the difference between the amount allowed hereunder and the amounts (if any) previously paid to Howard & Howard; and (iii) granting such other and further relief as is proper.

          Respectfully submitted,

          **HOWARD AND HOWARD ATTORNEYS, P.C.**

By:   */s/Tamika A. Bryant*
          Jeff A. Sadowski (P28163)
          Tamika A. Bryant (P62641)
          39400 Woodward Avenue, Suite 101
          Bloomfield Hills, Michigan 48304-5151
          Phone: (248) 645-1483
          Email: tabryant@howardandhoward.com

Dated: March 16, 2006

G:\D\Delphi Bankruptcy\First Interim Fee Application.doc