**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  | : |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CERTIFICATION OF RANDALL J. MILLER**

Randall J. Miller declares and states as follows:

1.   I am a partner in the firm of Ernst & Young LLP ("Applicant" or "E&Y"), former Sarbanes-Oxley, valuation and tax services providers to Delphi Corporation, and certain of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases.

2.   I make this certification in respect of the foregoing first and final application (the "Application") for allowance and payment of compensation for professional services and reimbursement of expenses for the period beginning October 8, 2006 through January 31, 2006 (the "Compensation Period") by the Applicant.

3.   I am the professional designated by the Applicant in respect of compliance with the Administrative Order M-151, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated April 19, 1995 (the "Local Guidelines") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines," and together with the Local Guidelines, the "Guidelines").

17361958

4.	I have personally performed services rendered by Applicant during the Compensation Period and am thoroughly familiar with all other work performed on behalf of the Debtors by the professionals and para-professionals in the firm.

5.	In compliance with section B of the Local Guidelines, I certify that:

	a.	I have read the Application.

	b.	To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines.

	c.	Except to the extent that fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by Applicant's clients.

	d.	In providing a reimbursable service in this Case, the Applicant does not make a profit on that service, whether the service is performed by the Applicant in-house or through a third-party.

	e.	In respect of Section B.2 of the Local Guidelines, after entry of the order authorizing the retention of the Application on January 5, 2006, I note that Applicant has provided, on a monthly basis, billing statements of Applicant's fees and disbursements accrued during the Compensation Period, within 30 days after the end of each month, pursuant to this Court's Order under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals, entered November 4, 2005 (the "<u>Interim Compensation Order</u>"), to the Debtors and their counsel, the Office of the United States Trustee, counsel for the official committee of unsecured creditors, counsel for the agent under the Debtors' prepetition credit facility, and counsel for the agent under

the Debtors' postpetition credit facility (collectively, the "Notice Parties") (no committee has been appointed for the purpose of reviewing fees and expenses in these cases).

   f. In respect of section B.3 of the Local Guidelines, I note that copies of the Application are being provided to the Notice Parties listed in paragraph 2(a) of the Interim Compensation Order on the date for filing fee applications set by the Court in the Interim Compensation Order, and that notice of the filing of and hearing on the Application has been sent to the parties indicated in paragraph 9 of the Interim Compensation Order.

6. In accordance with Rule 2016(a) of the Federal Rules of Bankruptcy and section 504 of title 11 of the United States Code (the "Bankruptcy Code"), no agreement or understanding exists between the Applicant and any other person for the sharing of compensation to be received in connection with this chapter 11 case.

7. By this certification, Applicant does not waive or release any rights or entitlements it has under the order of this Court, entered January 5, 2006, approving Applicant's retention by the Debtors, *nunc pro tunc* to October 8, 2005, pursuant to the terms of the engagement letters between Applicant and Debtors or Debtors' counsel attached as exhibits to the Debtors' application to employ and retain E&Y as Sarbanes-Oxley, valuation and tax services providers, dated November 28, 2005.

I declare under penalty of perjury that the foregoing is true and correct.

Executed, this 29th day of March, 2006 at Troy, Michigan.

By: _____
   Name: Randall J. Miller
   Title: Principal

17361958   3