United States Bankruptcy Court
For the Southern District of New York

| | |
|---|---|
| Delphi Automotive Systems LLC | } Chapter 11 |
| | } |
| | } |
| | } |
| | } Case No. 05-44481 |
| | } |
| Debtor | } Amount $94,502.08 |

**Notice of transfer of Claim pursuant to rule 3001 (e) (1)**
**To: Transferor:**

NN BALL & ROLLER INC
PO BOX 415000 MSC 30418
NASHVILLE, TN 37241

The transfer of your claim as shown above in the amount of **$94,502.08** has been transferred to:

> Liquidity Solutions, Inc.
> D/B/A Revenue Management
> One University Plaza
> Suite 312
> Hackensack, NJ 07601

No action is required if you do not object to the transfer of your Claim.

By: /s/ James Yenzer
Revenue Management
(201) 968-0001

## ASSIGNMENT OF CLAIM

NN Inc., its US Ball and Roller Division and its wholly-owned subsidiary, Industrial Molding Corporation, having principal offices at 2000 Waters Edge Drive, Building C, Suite 12, Johnson City, Tennessee, in consideration of the sum of ("Purchase Price"), does hereby transfer to Liquidity Solutions, Inc., as agent ("Assignee"), having offices at One University Plaza, Suite 312, Hackensack, NJ 07601 all of the Assignor's right, title and interest in and to the following claims of Assignor:

US Ball and Roller Division        $156,993

(the "Claim") against DELPHI AUTOMOTIVE SYSTEMS LLC, Debtors in the bankruptcy case (the "Proceedings"), in the United States Bankruptcy Court for the U.S. Bankruptcy Court, For the Southern District of New York (the "Court"), Case Number 05-44640 (the "Debtor") in the currently outstanding amount of not less than $228,722 and all rights and benefits of the Assignor relating to the Claim, including without limitation the Proof of Claim identified below and the Assignor's rights to receive interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, instruments and other property which may be paid or issued Debtor in satisfaction of the Claim. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

Assignor represents and warrants that [check one of the following]:
[ X ] A Proof of claim has not been filed
[   ] A Proof of claim has been filed in the amount of $228,722 has been duly and timely filed in the Proceedings (a true copy of such Proof of Claim is attached to this Assignment). If the Proof of Claim amount differs from the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Agreement and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

Assignor further represents and warrants that the amount of the Claim is not less than $228,722 that the amount is valid and that no objection to the Claim exists. Assignor further represents and warrants that no payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that Assignor owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value. Assignor represents that it is a solvent and has no other relationship to the Debtor or it's principals other than a creditor. Assignor is not an insider within the meaning of 11 U.S.C. Section 101 (31) and is not, and has not been, a member of any creditors' committee appointed in the Proceeding. All terms of this agreement will be kept confidential.

Assignor is aware that the above Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan or reorganization. Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Claim.

Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the Court of the Proceedings), made its own analysis and decision to enter into this Assignment of Claim.

Assignor agrees to make to Assignee immediate proportional restitution and repayment of the above Purchase Price to the extent that the Claim is disallowed, reduced, subordinated or impaired by the Court. Assignor further agrees to reimburse Assignee for all losses, costs and expenses, including reasonable legal fees and costs, incurred by Assignee as a result of such disallowance or Assignor's objection to the transfer of this Claim that arise as a direct result of incorrect information knowingly provided to Assignee by Assignor. ASSIGNOR HEREBY WARRANTS THAT IT HAS NOT PREVIOUSLY ASSIGNED OR PLEDGED THIS CLAIM TO ANY THIRD PARTY.

In the event the Claim is ultimately allowed in an amount in excess of the amount purchased herein, Assignor is hereby deemed to sell to Assignee, at Assignee's option only, and Assignee hereby agrees to purchase, the balance of said Claim at the same percentage of claim paid herein not to exceed twice the claim amount specified above. Assignee shall remit such payment to Assignor upon Assignee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any objection or offset by the Debtor.

Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim herein assigned. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and its rights thereunder pursuant to this assignment of the Claim. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor agrees to take any reasonable further action, at its own expense, as may be necessary or desirable to effect the Assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor agrees to forward to Assignee all notices received from Debtor, the court or any third party with respect to the Claim assigned herein to vote the Claim assigned herein and to take such action with respect to the Claim in the Proceedings, as Assignee may from time to time request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instrument or any other property, shall constitute property of the Assignee to which the Assignee has an absolute right, and that Assignor will hold such property in trust and will, at its own reasonable expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

The terms of this assignment of the Claim shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns.

Assignor hereby acknowledges that Assignee may at any time reassign the Claim together with all right, title and interest of Assignee in and to this Assignment of Claim. All representations and warranties made herein shall survive the execution and delivery of this Assignment of the Claim and any such re-assignment. This Assignment of Claim may be executed in counterparts and all such counterparts taken together shall deemed to constitute a single agreement.

This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment of Claim may be brought in any State or Federal court located in the State of New York, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment of the Claim, and in any action hereunder. Assignor waives any right to demand a trial by jury.

CONSENT AND WAIVER
Upon Assignor's delivery to Assignee of its executed signature page to this Assignment of Claim Agreement, Assignor hereby authorizes Assignee to file a notice of transfer pursuant to Rule 3001 (e) of the Federal Rules of Bankruptcy Procedure ("FRBP"), with respect to the Claim, while Assignee performs its due diligence on the Claim. Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Claim Agreement.

**IN WITNESS WHEREOF**, the undersigned Assignor hereto sets his hand this 13th day of February, 2006.

NN, Inc.

By: _____
James H. Dorton
Vice President Corporate Development and CFO

**IN WITNESS WHEREOF**, the undersigned Assignor hereto sets his hand this _____ day of _____, 2006.

Liquidity Solutions, Inc.

By: _____
Jim Yenzer