Martin J. Bienenstock, Esq. (MB 3001)
Michael P. Kessler, Esq. (MK 7134)
Jeffrey L. Tanenbaum, Esq. (JT 9797)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007


        – and –


Robert B. Weiss, Esq.
Frank L. Gorman, Esq.
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI  48226-3506
Telephone: (313) 465-7000
Facsimile: (313) 465-8000

Attorneys for General Motors Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**In re**                                                          :
                                                           :     **Chapter 11 Case No.**
                                                           :
**DELPHI CORPORATION, <u>et</u> <u>al.</u>,**                        :     **05-44481 (RDD)**
                                                           :
                        **Debtors.**                          :     **(Jointly Administered)**
                                                           :
-------------------------------------------------------------x

**RESPONSE OF GENERAL MOTORS CORPORATION**
**IN SUPPORT OF DEBTORS' MOTION FOR ORDER**
**<u>APPROVING HUMAN CAPITAL HOURLY ATTRITION PROGRAMS</u>**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

        General Motors Corporation ("<u>GM</u>"), as and for its response (the

"<u>Response</u>") to the motion (the "<u>Motion</u>") of Delphi Corporation ("<u>Delphi</u>") and its

affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>") for an order

under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 approving the Debtors' human capital hourly attrition programs (the "<u>Motion</u>"), respectfully represents:[1]

<b><u>Response</u></b>

1.      As a party to the UAW Special Attrition Program Agreement (the "Agreement"), GM supports the Debtors' request that the Court approve their entry into and consummation of the transactions contemplated by the Agreement.  GM submits that the Debtors' decision to enter into and consummate the Agreement is clearly a sound exercise of the Debtors' business judgment that is supported by valid business reasons and accordingly meets the standards for approval under section 363(b) of the Bankruptcy Code.

2.      Although GM supports the relief requested by the Motion, the Motion solely represents the views of the Debtors, and GM does not agree with many of the statements in the Motion.  For example, and without limitation, GM does not endorse the Debtors' decision to move the Court at this time for authorization to reject their collective bargaining agreements and modify their retiree welfare benefit obligations.

3.      The UAW Special Attrition Program (the "Program") offers obvious benefits to the Debtors.  Subject to the Court's granting the Motion, GM has agreed to assume many of the associated costs.  Under the Agreement GM will pay the entire $35,000 incentive payment to any of the Debtor employees currently eligible to retire who elect to take early retirement under the Program.  GM will also assume OPEB liabilities for any of the Debtor employees who elect to "check the box" pursuant to the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Program.  GM also has agreed to allow 5,000 of the Debtors' employees to "flowback" to GM, clearly eliminating the Debtors' obligation to retain such employees and the related costs.  Accordingly, GM is bearing many of the costs of the program, including the largest cash portion that will be due immediately (*i.e.*, the $35,000 early retirement incentive payments).  As a result, the Debtors will be able to implement the program within a few months on a positive cash flow basis.

4.      The Debtors represent one of GM's largest suppliers, and as such GM is supportive of the Debtors' efforts to successfully reorganize.  Consequently, GM is prepared to help finance this significant step towards ensuring that the Debtors may emerge from chapter 11 as a viable supplier to the automotive industry, under the terms set forth in the Agreement.

5.      The Agreement is the product of intense and often contentious negotiations among GM, Delphi and the UAW.  It is a comprehensive and integrated agreement.  No party has any obligation to any other party unless the entire Agreement is approved as to Delphi.  If the benefits of the Agreement are to be realized, time is of the essence.  There is no assurance that the UAW and GM will be amenable to making the same concessions if approval of the program is deferred or denied.  The Agreement provides the Debtors with the opportunity to resolve a significant labor issue on terms that are fair and reasonable to the Debtors and in their best economic interests.[2]

---

[2] Although GM is entitled to assert a general unsecured claim for its contributions to the UAW Debtors Special Attrition Program, GM will only be entitled to its *pro rata* share of distributions on account of such claim under a chapter 11 plan of the Debtors.  GM has agreed not to seek an administrative or priority claim for its contributions.  Accordingly, for each dollar spent by GM under the UAW Special Attrition Program, Delphi will

6.      Notice of this Response has been provided pursuant to the Court's

order, dated October 14, 2005, establishing notice procedures in these chapter 11 cases.

GM submits that no other or further notice need be provided.

WHEREFORE, GM respectfully requests that Delphi's motion be granted

and the Agreement be approved, and the Court grant such other and further relief as is

just.

Dated:  April 4, 2006
        New York, New York

/s/ Michael P. Kessler
Martin J. Bienenstock, Esq. (MB 3001)
Michael P. Kessler, Esq. (MK 7134)
Jeffrey L. Tanenbaum, Esq. (JT 9797)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

– and –

Robert B. Weiss, Esq.
Frank L. Gorman, Esq.
HONIGMAN MILLER SCHWARTZ
AND COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI  48226-3506
Telephone: (313) 465-7000
Facsimile: (313) 465-8000

Attorneys for General Motors Corporation

---

receive the benefit of the difference between that dollar and the eventual *pro rata*
distribution on GM's claim for that dollar.

4