Martin J. Bienenstock, Esq. (MB 3001)
Michael P. Kessler, Esq. (MK 7134)
Jeffrey L. Tanenbaum, Esq. (JT 9797)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

– and –

Robert B. Weiss, Esq.
Frank L. Gorman, Esq.
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI  48226-3506
Telephone: (313) 465-7000
Facsimile: (313) 465-8000

Attorneys for GM Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| | |
|---|---|
| **In re** : | |
| : | **Chapter 11 Case No.** |
| : | |
| **DELPHI CORPORATION, et al.,** : | **05-44481 (RDD)** |
| : | |
| Debtors. : | **(Jointly Administered)** |
| : | |

------------------------------------------------------------x

**LIMITED RESPONSE OF GENERAL MOTORS CORPORATION TO
DEBTORS' MOTION FOR APPROVAL OF JOINT INTEREST AGREEMENT
BETWEEN DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, IMPLEMENTATION OF PROTECTIVE ORDER AND
APPROVAL OF PROCEDURES TO PROTECT INFORMATION IN FEE
STATEMENTS**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

General Motors Corporation ("GM"), as and for its limited response to the motion of the Delphi Corporation and certain of its affiliates and subsidiaries (collectively the "Debtors") for approval of joint interest agreement between Debtors and official committee of unsecured creditors (the "Committee"), implementation of protective order, and approval of procedures to protect information in fee statements (the "Joint Interest Motion"), respectfully represents as follows:

**Preliminary Statement**

1. By the Joint Interest Motion, the Debtors seek to share certain putatively privileged documents and information with the Committee regarding "Investigations," as that term is defined in paragraph 15 of the Joint Interest Motion. The Debtors seek this relief purportedly for the purpose of keeping the Committee "apprized of the ongoing progress of the Investigations." Joint Interest Motion ¶ 19. The Debtors further state that they believe "they share a common interest with the Creditors' Committee in this regard," *id*. ¶ 20, and cite a single case without precedential value in this Court for the proposition that a debtor and a creditors' committee may be entitled to share privileged information without waiver of the privilege under the "common interest privilege." *Id.*, citing *In re Mortgage & Realty Trust*, 212 B.R. 649 (Bankr. C.D. Cal. 1997). Not surprisingly, no Second Circuit authority establishes a categorical common interest between a debtor and its creditors' committee.

2. While GM questions whether a categorical common interest can exist between a debtor and a creditors committee, GM does not oppose the specific relief requested in the Joint Interest Motion. However, given the novel legal issue raised by the

Joint Interest Motion, GM submits that any order granting that motion should include the following provisions:

- No presumption exists that a common interest exists between the Debtors and the Committee as to any matters other than the Investigations;

- The scope of the purported common interest privilege regarding the Investigations shall be narrowly construed, and strictly limited to privileged documents relating directly to the Investigations. The Debtors may not expand the scope of the common interest privilege beyond matters pertaining to the Investigations without further order of the Court;

- The Debtors shall maintain a "privilege" log that identifies the privileged material provided to the Committee in sufficient detail so as to allow a party in interest or this Court to verify that the privileged information provided to the Committee properly falls within the purported common interest related to the Investigations.

- Nothing in this Order shall expand the scope of any privilege, and neither the Debtors nor the Committee may refuse to respond to discovery seeking otherwise discoverable information on the basis that the information requested was provided by the Debtors to the Committee under the Joint Interest Agreement.[1]

## Discussion

3.      GM does not oppose the specific relief sought in the Joint Interest Motion. However, as set forth above, any order granting that relief should narrowly define the scope of any common interest privilege between the Debtors and the Committee. The common-interest privilege, like all privileges, is ordinarily construed narrowly. *Gulf Island Leasing, Inc. v. Bombardier Capital, Inc.*, 215 F.R.D. 466, 417, (S.D.N.Y. 2003).

---

[1] GM has attached a proposed order implementing these conditions as Exhibit A hereto.

4.   In this case, the necessity of narrowly construing the privilege and specifically authorizing a common interest only as to the Investigations is underscored by the fact that it far from clear that the Debtors and the Committee actually share a common interest, with regard to the Investigations or otherwise. The standard for establishing a common interest privilege is exacting and clear: parties asserting a common interest privilege must show an identical (not merely similar) legal interest and cooperation directed towards an identical legal strategy based on that interest. *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 447 (S.D.N.Y. 1995); *see also Campinas Found. v. Simoni*, 2005 U.S. Dist. Lexis 10013 at *4 (S.D.N.Y. 2005). Merely sharing a strategic desire to prevail on a particular motion or in a particular action does not create a common interest. *Simoni* at *5 (citing *Shamis v. Ambassador Factors Corp.*, 34 F.Supp. 2d 879, 893 (S.D.N.Y. 1999)). Nor does having a common business or commercial goal. *Gulf Island Leasing*, 215 F.R.D. at 417.[2]

5.   As the Court is well aware, there have been and will continue to be many instances in these cases where the Debtors and the Committee do not and will not share identical legal interests, even when they may be aligned for strategic or commercial purposes. At other times, the Debtors and the Committee may be (and already have been) directly adverse to each other. Accordingly, an order approving the Joint Interest

---

[2] *In re Mortgage & Realty Trust*, 212 B.R. 649 which the Debtors cite to support the generalized existence of a common interest privilege between a debtor and a creditors' committee, is of dubious validity. *Mortgage & Realty Trust* held "the common interest privilege does not require a complete unity of interest among the participants. The privilege applies where the interests of the parties are not identical." *Id.* at 653. This directly conflicts with the standard for establishing a common interest privilege in the Southern District of New York (as noted above), which requires an "identical" legal interest.

Motion should not be construed to give the Debtors and the Committee *carte blanche* to share privileged information related to anything other than the Investigations.[3]

6.      Additionally, any order granting the Joint Interest Agreement Motion should specify that if the Debtors seek to expand the scope of their purported common interest privilege with the Committee, the Debtors must file a further motion seeking such relief in accordance with the case management order in these cases and give parties an opportunity to object. In such motion, the Debtors should be required to establish, with specificity, the basis for the existence of a claimed common interest privilege with the Committee, including an explanation of the nature of the shared identical legal interest between the Debtors and the Committee. *See, e.g.*, *Gulf Island Leasing*, 215 F.R.D. at 417 (party cannot establish common interest by asserting mere *ipse dixits*, but must provide specificity).

7.      Moreover, to ensure that the scope of any common interest privilege recognized by the Court with respect to the Investigations is not inadvertently expanded by the Debtors, the Court should order the Debtors to prepare and maintain a log of all privileged information or materials they share with the Committee. This log should comport with Fed. R. Civ. P. 26(b)(5) (made applicable in chapter 11 proceedings via Fed. R. Bankr. P. 7026), which requires a description of the "nature of the documents or communications [over which privilege is asserted] . . . in a manner that, without revealing information itself privilege or protected, will enable other parties to assess the

---

[3] GM also notes that entry of an order permitting the Debtors and the Committee to share privileged information should not be construed as establishing any precedent with regard to the possibility that a categorical or general common interest privilege between a debtor and a creditors' committee exists.

applicability of the privilege or protection." This log should be made available to parties in interest in these cases upon a showing of good cause.

8. Any Order granting the Joint Interest Motion should further affirm that if, in any proceeding involving GM, the Committee affirmatively relies on, or places at issue, factual matters it learns in connection with the common interest privilege, neither the Committee nor Delphi are permitted to shield any relevant facts from discovery by GM based on an assertion of privilege.

9. Finally, the Order should provide that nothing in it shall be construed to expand the scope of any underlying privilege, and that the Debtors and the Committee may not object to any discovery request for discovery of otherwise non-privileged information on the basis that the information requested was provided by the Debtors to the Committee under the Joint Interest Agreement.

WHEREFORE GM respectfully requests that the Court grant the Joint Interest Motion subject to the conditions set forth in this Limited Response.

Dated: April 4, 2006
       New York, New York

/s/ Michael P. Kessler
Martin J. Bienenstock (MB 3001)
Michael P. Kessler (MK 7134)
Jeffrey L. Tanenbaum (JT 9797)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

- and -

Robert Weiss
Frank Gorman
HONIGMAN MILLER SCHWARTZ & COHN, LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3583
Telephone: (313) 465-7000
Facsimile: (313) 465-8000

Attorneys for GM Corporation

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　: **Chapter 11 Case No.**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
**DELPHI CORPORATION, et al.,**　　　　　　　　　　　　　　: **05-44481 (RDD)**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Debtors.　　　　　　　　　　　　　　　　: **(Jointly Administered)**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
------------------------------------------------------------x

**ORDER APPROVING JOINT INTEREST AGREEMENT BETWEEN DEBTORS
AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
IMPLIMENTING PROTECTIVE ORDER, AND APPROVING
<u>PROCEDURES TO PROTECT INFORMATION IN FEE STATEMENTS</u>**

("JOINT INTEREST AGREEMENT ORDER")

　　　　Upon the motion, dated March 28, 2006 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above captioned cases (collectively, the "Debtors"), for an Order (the "Order") under 11 U.S.C. §§ 105, 107 and 1103 and Bankruptcy Rules 7026 and 9018, approving the Joint Interest Agreement between the Debtors and the Creditors' Committee, preserving for the benefit of the Debtors' estate certain protections and privileges from disclosure of information and documents produced pursuant to the Joint Interest Agreement, and approving procedures to protect confidential and privileged information in fee statements and fee applications of professionals retained in these cases; and upon any responses, objections or responses thereto, including the Limited Response of General Motors Corporation to Debtors' Motion for Approval of Joint Interest Agreement Between Debtors and Official Committee of Unsecured Creditors, Implementation of Protective Order and Approval of Procedures to Protect Information in Fee Statements ("Limited

NY1:\1384832\02\T_JK02!.DOC\72240.5726

Response"), and the record of the hearing held on the Motion, and this Court having determined that the relief requested in the Motion, subject to the conditions identified in General Motors Corporation's Limited Response, is in the best interest of the Debtors, their estate, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon,

IT IS HEREBY FOUND AND DETERMINED THAT:

A.   The Debtors and Creditors' Committee are separate fiduciaries which may share identical legal interests with respect to the subject matter of the Investigations. To carry out their fiduciary duties effectively and efficiently, the Debtors and the Creditors' Committee should be permitted to share information related to subject matters in which they share an identical legal interest, free from the risk that either will be forced to divulge such information in the future to a third party.

B.   The sharing of legal information related to subject matter in which the Debtors and Creditors' Committee share an identical legal interest shall not prejudice any rights, remedies, or causes of action of the Debtors or Creditors' Committee applicable to any causes of action arising out of the information.

C.   The Debtors' sharing of information with the Creditors' Committee shall not prejudice the administration of their cases. Any information shared shall be used only under the terms of this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.   The Motion is granted.

2. The Debtors and the Creditors' Committee may share an identical legal interest in the information and documents related to the Investigations. Therefore, the Court approves the Joint Interest Agreement. The Debtors may hereby share information and documents relating solely and directly to the subject matter of the Investigations without waiving any pre-existing attorney-client, attorney work product, or other similar privileges.

3. The Court's approval of the Joint Interest Agreement is subject to the following conditions:

a. This Order does not authorize the Debtors to share privileged information with the Creditors' Committee relating to any topic other than the Investigations. The Debtors and the Creditors' Committee may not expand the scope of the Joint Interest Agreement beyond privileged information and documents relating solely and directly to the Investigations without further Order of this Court.

b. If the Debtors seek to expand the scope of the Joint Interest Agreement beyond information and documents relating solely and directly to the Investigations, they must file a further motion seeking such relief in accordance with the case management order in these cases and give parties an opportunity to respond. In such motion, the Debtors must establish, with specificity, the basis for the existence of a claimed common interest privilege with the Creditors' Committee, including an explanation of the nature of the shared identical legal interest between the Debtors and the Creditors' Committee.

c. The Debtors shall prepare and maintain a privilege log with respect to all information which it provides to the Creditors' Committee. This log must comport

with the requirements of Fed. R. Civ. P. 26(b)(5), and must be made available to parties-in-interest in this case upon a showing of good cause.

       d.      In any future proceeding involving General Motors Corporation, if the Creditors' Committee affirmatively relies upon factual matters which it learned in connection with information provided by the Debtors, neither the Debtors nor the Creditors' Committee may shield any relevant facts from discovery based solely upon the Joint Interest Agreement.

       e.      This Order does not expand the scope of any attorney-client, attorney work-product, or other relevant pre-existing privileges, and neither the Debtors nor the Creditors' Committee may object to any discovery request for discovery of otherwise non-privileged information solely on the basis that the information requested was provided by the Debtors to the Creditors' Committee under the Joint Interest Agreement.

      4.      Nothing in this Order shall preclude the Debtors from expressly waiving any attorney-client or attorney work product privilege applicable with respect to any information in the future.

      5.      This Court retains jurisdiction to determine any dispute regarding the interpretation or enforcement of this Order and the Joint Interest Agreement. On request of a party in interest, this Court may issue any Order that is necessary or appropriate to enforce or give effect to any provision of this Order or the Joint Interest Agreement, including, but not limited to, this retention of jurisdiction.

6.      The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by this motion.

Dated: New York, New York
       April _, 2006

_____
United States Bankruptcy Judge