Hearing Date and Time:  April 7, 2006 at 10:00 a.m.

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
Glenn M. Kurtz (GK-6272)
Gerard Uzzi (GU-2297)
Douglas P. Baumstein (DB-1948)

Wachovia Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Thomas E Lauria (Admitted *Pro Hac Vice*)
Frank L. Eaton (FE-1522)
Linda M. Leali

ATTORNEYS FOR APPALOOSA
MANAGEMENT L.P.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Delphi Corporation, <u>et al.</u> | ) | Case No. 05-44481 |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**JOINDER OF APPALOOSA MANAGEMENT L.P. IN THE MOTION
OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
AN ORDER COMPELLING THE PRODUCTION OF DOCUMENTS
BY GENERAL MOTORS CORPORATION PURSUANT TO RULE
2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

TO:    THE HONORABLE JUDGE ROBERT D. DRAIN
          UNITED STATES BANKRUPTCY JUDGE

Appaloosa Management L.P. ("Appaloosa"), collectively with and through certain of its

affiliates, one of Delphi Corporation's ("Delphi") largest shareholders, beneficially owning

approximately 9.3% of Delphi's issued and outstanding shares, by and through its undersigned

counsel, hereby joins in the Motion of the Official Committee of Unsecured Creditors for an Order Compelling the Production of Documents by General Motors Corporation Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure dated March 24, 2006 (the "2004 Motion") filed by the Official Committee of Unsecured Creditors (the "Creditors' Committee"). In support of its joinder to the 2004 Motion (the "Joinder"), Appaloosa respectfully represents as follows:

### Background

1. On October 8, 2005, Delphi and certain of its affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code"), with the United States Bankruptcy Court for the Southern District of New York (the "Court"), thereby commencing the above-captioned jointly administered chapter 11 cases (collectively, the "Cases"). The Debtors continue to operate their business as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On December 22, 2005, Appaloosa filed its motion pursuant to section 1102(a)(2) of the Bankruptcy Code for an order directing the United States Trustee (the "U.S. Trustee") to appoint an equity committee in these Cases. By order dated March 30, 2006, the Court directed the U.S. Trustee to appoint an official committee of equity security holders (the "Equity Committee"). On March 30, 2006, the U.S. Trustee filed with the Court a letter (the "Equity Committee Solicitation Letter") that apparently will be distributed to each of Delphi's over 300,000 shareholders to solicit interest in serving on the Equity Committee. The Equity Committee Solicitation Letter requires that any shareholders expressing interest in serving on the Equity Committee must respond to the U.S. Trustee by no later than April 24, 2006 at 12:00 p.m.

Appaloosa believes it is unlikely that the Equity Committee will be formed and organized before the first of May.

        3.      On or around March 24, 2006, the Creditors' Committee filed the 2004 Motion seeking from General Motors Corporation ("GM") "documents related to the 'property [and] to the liabilities' of the Debtors." 2004 Motion, ¶ 5. As set forth in more detail in Exhibit "A" to the 2004 Motion, the Creditors' Committee seeks production of "documents from GM related to and in connection with the Debtors' labor, pension, and OPEB obligations, the Spin-Off, the on-going business relationships between GM and the Debtors, and the various claims and potential claims asserted by GM in these cases." 2004 Motion, ¶ 14. The Creditors' Committee seeks these documents because "among other things, the labor negotiations, the Debtors' current and future business relationships with GM, and the various claims and potential claims by and against GM in these cases are among the most critical aspects of the Debtors' reorganization efforts. The outcome of these negotiations, issues and claims will undoubtedly have a substantial impact on (and may in fact be the critical driver of) the potential returns to the Debtors' unsecured creditors." 2004 Motion, ¶ 18. According to the Creditors' Committee, GM has not been forthcoming in providing information relating to, among other things, its ongoing negotiations between GM, the UAW, and the Debtors. 2004 Motion, ¶ 10.

        4.      In the 2004 Motion, the Creditors' Committee notes that "GM asserts that . . . it is the single largest unsecured creditor of the Debtors." 2004 Motion, ¶ 7. One of the Creditors' Committee's stated reasons for filing the 2004 Motion is to first "evaluate the validity and priority of any claim against the estate that GM may assert, as well as the validity of any cause of action that the Debtors may have against GM." 2004 Motion, ¶ 11. The Creditors' Committee questions whether GM is actually even a creditor of the Debtors, as "each claim

3

identified by GM . . . is either contingent or unliquidated (and may be disallowed in its entirety), subject to subordination or recharacterization, or otherwise subject to challenge on its merits." 2004 Motion, ¶ 8. The Creditors' Committee further argues that a possibility exists that the Debtors may obtain a "substantial affirmative recovery from GM" as a result of the transactions associated with the Debtors' spin-off from GM and the continuing post spin-off transactions between GM and the Debtors. Id. Under the proposed order, GM would be required to produce the documents requested in Exhibit "A" to the 2004 Motion (the "GM Documents") within twenty-five days of entry of the Order, or May 2, 2006, if the Order is entered on April 7, 2006.

### Joinder

5.  Appaloosa joins in the 2004 Motion and requests that both Appaloosa and the Equity Committee, once appointed, be provided with the GM Documents. The outcome of negotiations, issues and claims arising from the Debtors' prior and ongoing relationships with GM undoubtedly will have a substantial impact on the direction of these Cases and recoveries to unsecured creditors and shareholders alike. For the Debtors' stakeholders to be in a position properly to evaluate and address the GM-related issues in these Cases, the production of the GM Documents to the Creditors Committee, Appaloosa and the Equity Committee (when appointed) is required.

6.  In order to permit the Equity Committee to fulfill its statutory duties under section 1103 of the Bankruptcy Code, Appaloosa requests that, in addition to Appaloosa, any order entered granting the 2004 Motion should also provide that the Equity Committee, once appointed, receive any and all documents produced by GM. Such immediate production is necessary to avoid any prejudice that may result due to the unavoidable delay attendant to the formation of an Equity Committee.

WHEREFORE, for the reasons set forth in the 2004 Motion and herein, Appaloosa respectfully requests that this Court (i) grant the relief requested in the 2004 Motion (as modified herein), (ii) direct that any documents produced by GM under Exhibit "A" to the 2004 Motion shall be produced to Appaloosa and the Equity Committee, once appointed, and (iii) grant such other and further relief as this Court deems just and proper under the circumstances.

Date:   Miami, Florida
        April 5, 2006

        WHITE & CASE LLP
        Glenn M. Kurtz (GK-6272)
        Gerard Uzzi (GU-2297)
        Douglas P. Baumstein (DB-1948)
        1155 Avenue of the Americas
        New York, New York 10036-2787
        (212) 819-8200

        Thomas E Lauria (Admitted *Pro Hac Vice)*
        Frank L. Eaton (FE-1522)
        Linda M. Leali
        Wachovia Financial Center
        200 South Biscayne Boulevard
        Miami, Florida 33131
        (305) 371-2700

        By:   /s/   Frank L. Eaton
              Frank L. Eaton

        COUNSEL TO APPALOOSA
        MANAGEMENT L.P.