BROWN RUDNICK BERLACK ISRAELS LLP          Hearing Date: April 7, 2006
Seven Times Square                                                      10:00 A.M.
New York, New York 10036
(212) 209-4800
Robert Stark (RS-3575)

Of Counsel:

BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, Massachusetts 02111
(617) 856-8200
Peter J. Antoszyk (BBO 47255)

Attorneys for Law Debenture Trust Company of New York

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, et al., | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | Hon. Robert D. Drain |

**LIMITED OBJECTION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK, AS INDENTURE TRUSTEE, TO MOTION FOR ORDER UNDER 11 U.S.C. §363(B) AND FED. R. BANKR. P. 6004 APPROVING DEBTORS' HUMAN CAPITAL HOURLY ATTRITION PROGRAMS**

Law Debenture Trust Company of New York ("Law Debenture"), the successor Indenture Trustee for (i) the 8.25% Junior Subordinated Note Due 2033 and (ii) the Adjustable Rate Junior Subordinated Note Due 2033 (together, the "Subordinated Notes") issued by Delphi Corporation (together with its Chapter 11 affiliates, the "Debtors"), by and through its counsel, Brown Rudnick Berlack Israels LLP, hereby files this limited objection (the "Objection") to the Motion for Order Under 11 U.S.C. §363(b) and Fed. R. Bankr. P. 6004 Approving Debtors' Human Capital Hourly Attrition

1

Programs (the "Motion") filed by Delphi and its debtor subsidiaries and affiliates (collectively, the "Debtors"), stating as follows:

## I. Limited Objection

3.  Law Debenture joins in the limited objections of Wilmington Trust Company, as indenture trustee with respect to the senior notes and debentures and the Official Committee of Unsecured Creditors (the "Committee").[1] Like these objecting parties, Law Debenture does not object to the Debtors' efforts to reduce their overall labor costs by encouraging voluntary attrition in the manner proposed by the Motion, nor to the Debtors' efforts to obtain financial and other assistance from General Motors Corporation ("GM") in accomplishing that result.

4.  However, Law Debenture objects to approval of the Motion to the extent that it seeks allowance, or has the effect of allowing, any claim by GM in the context of the Motion before other parties in interest, including Law Debenture, have had an adequate opportunity to investigate the factual and legal merits of, and defenses to, any claim that may be asserted by GM.

5.  The Debtors' state in their Motion that "GM will likely assert claims against the Debtors related to obligations assume and/or undertaken by GM as part of the UAW Special Attrition Program." Motion ¶30. The Debtors' also state that entry into the program will "not prejudice the rights of any interested party (including the Debtors and the Creditors' Committee) with respect to, among other things, the administration, reconciliation, and ultimate allowance, if ever, of such assertable claims." Motion ¶30.

---

[1] Law Debenture incorporates the limited objections of Wilmington Trust and the Committee, together with the points and authorities cited therein, herein by reference.

2

Nevertheless, the terms of the UAW-GM-Delphi Special Attrition Program (the "Attrition Agreement"), as well as the Debtors' proposed form of order approving the Motion are ambiguous on this point. In order to resolve this ambiguity, any order authorizing the Debtors to enter into the Attrition Agreement should expressly provide that the statutory rights of any creditor or party in interest investigate and object to any claims GM might file against the Debtors, whether arising under the Attrition Agreement or otherwise, are preserved notwithstanding anything to the contrary in the Attrition Agreement or otherwise in the order approving the Motion.

6. This relief is of particular importance to the holders of Subordinated Notes because they are allegedly contractually and/or structurally subordinated to all claims against the Debtors – payment of their claims are senior only to equity. Any claim that might be asserted by GM could potentially dwarf the claims of other unsecured creditors and consequently materially impact the likelihood of the holders of Subordinated Notes receiving a dividend in these cases.

7. Further, Law Debenture joins in the objection of Wilmington Trust that this Court should reject the Debtors' request for blanket authority to enter into "substantially similar" attrition agreements with respect to other non-UAW employees in the future. Instead, the Debtors should be required to demonstrate a "good business reason" for any future attrition agreements into which they propose to enter after proper notice and a hearing.

## II. Notice

8. Notice of this Objection has been provided to all parties in interest, as set forth in the annexed service list. Law Debenture submits that no other or further notice

3

need be provided.

9. No previous request for the relief sought herein has been made to this or any other Court.

### III. Memorandum of Law

10. Because the legal points and authorities upon which this Objection relies are incorporated herein, Law Debenture respectfully requests that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, Law Debenture respectfully requests that any order entered with respect to the Motion (a) expressly preserve the right of any creditor or party in interest to object to any claims that might ultimately be asserted by GM, whether in connection with the Attrition Agreement or otherwise, (ii) require the Debtors to seek separate approval for any other use, sale, or lease of property of their estates outside the ordinary course of business, including any program similar to the Attrition Program, and (b) grant such other relief as may be just and appropriate under the circumstances.

Dated: New York, New York
April 6, 2006

        Respectfully submitted
        BROWN RUDNICK BERLACK ISRAELS LLP


        By:   /s/ Robert Stark, Esq.
                Robert Stark, Esq.

        Seven Times Square
        New York, New York 10036
        Telephone: (212) 209-4800
        Facsimile: (212) 209-4801

        and

        Peter J. Antoszyk, Esq.
        Andrew Sroka, Esq. *(Pro Hac Vice Pending)*
        One Financial Center
        Boston, Massachusetts 02111
        Telephone: (617) 856-8200
        Facsimile: (617) 856-8201

        Counsel for Law Debenture Trust Company of New York, as successor Indenture Trustee for the 8.25% Junior Subordinated Note Due 2033 and the Adjustable Rate Junior Subordinated Note Due 2033