**MENAKER & HERRMANN LLP**
Richard G. Menaker, Esq.
10 East 40th Street, 43rd Floor
New York, New York 10016

**RIECK AND CROTTY, P.C.**
Jerome F. Crotty, Esq.
Maria E. Mazza, Esq.
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-4646 (Telephone)
(312) 726-0647 (Facsimile)

Hearing Date: April 7, 2006 at 10:00 a.m.

*Counsel for Petitioners*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>DELPHI CORPORATION, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

## REPLY IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY PETITIONERS, MARY P. O'NEILL AND LIAM P. O'NEIL

Petitioners, Mary P. O'Neill and Liam P. O'Neill ("Petitioners"), by their attorneys, hereby set forth their Reply in support of their Motion for Relief From Automatic Stay and, in support thereof, Petitioners state as follows:

1. In Debtors' Omnibus Objection to Motions Seeking Relief From Automatic Stay ("Objection"), Debtors argue that they and their estates would be prejudiced if the automatic stay were modified to permit Petitioners' litigation to proceed.

1

2. Debtors argue that allowing Petitioners to proceed with the modification of the stay would distract Debtors from critical issues and would, thus, cause significant prejudice to Debtors.

3. Debtors' argument, however, does not justify the denial of Petitioners' Motion for Relief From Stay. Debtors have not provided any authority which stands for the proposition that a motion for relief from stay should be denied because the Debtor is dealing with issues that it deems to be more critical. Therefore, this Court should reject such argument.

4. Debtors next argue that the lifting of the automatic stay would encourage other parties with litigation claims to seek modification of the automatic stay and thus, force Debtors to defend against such anticipated motions. Again, Debtors have not provided any authority to support their contention that a motion for relief from stay should be denied simply because other parties might also file such motions. Similarly, this Court should also reject this argument.

5. In addition, Debtors argue that their obligations to their insurers would preclude the relief sought by Petitioners. Debtors contend they are required under their pre-petition insurance program to pay their insurers amounts the Debtors may be obligated to pay to other parties but which are paid by their insurers. Debtors state that they have deductible limits ranging from $1 million to $5 million. Debtors, therefore, maintain that if Debtors' insurer makes any payments directly to Petitioners' Debtors' insurers would have administrative expense priority claims for such payments.

7. Debtors, however, have failed to attach any insurance policies or related documents to their Objection to substantiate their contention regarding their

2

insurance policies. Although Petitioners' counsel has informally requested copies of such documents from Debtors' counsel, Debtors have not agreed to produce such documents.

8. Petitioners need to obtain from Debtors copies of any and all insurance policies, and any related documents, pertaining to Petitioners' claims against Debtors in order to determine how any deductible that Debtors may be obligated to pay to their insurer would impact their ability to recover against any insurance which might be applicable to Petitioners' claims against Debtor.

9. Accordingly, Petitioners have prepared proposed Interrogatories and a Request for Production of Documents requesting such information. Copies of the proposed Interrogatories and Request for Production of Documents are attached hereto as Exhibit "A."

10. Because Petitioners will need to review such documentation in order to determine how any deductible that Debtors may be obligated to pay to their insurer would impact Petitioners' rights to recover against any insurance policies which may be applicable to their claims against Debtors, Petitioners request that this Court order Debtors to answer said Interrogatories and Request for Production of Documents within 30 days and to defer its ruling on Petitioners' Motion for Relief From Automatic Stay until 30 days after Debtors have answered the Interrogatories and produced documents in response to Petitioners' Request for Production of Documents.

WHEREFORE, Petitioners respectfully request that this Court order Debtors to answer said Interrogatories and Request for Production of Documents within 30 days and to defer its ruling on Petitioners' Motion for Relief From Automatic Stay until 30 days after Debtors have answered the Interrogatories and produced documents in response to Petitioners' Request for Production of Documents.

3

Respectfully submitted,

Petitioners, Mary P. O'Neill and Liam P. O'Neill

By: /s/ Maria E. Mazza
One of their attorneys

Richard G. Menaker, Esq.
Menaker & Herrmann LLP
Attorneys for Petitioners
10 East 40th Street, 43rd Floor
New York, New York 10016

Jerome F. Crotty, Esq.
Maria E. Mazza, Esq.
RIECK AND CROTTY, P.C.
Attorneys for Petitioners
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
(312)726-4646

X:\wp51\CLIFFORD\O'Neill v. General Motors Corporation, et al\PLeadings\Memo.wpd