**Hearing Date: April 7, 2006**
**Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
David E. Springer (DS 9331)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                           :
    In re                     :       Chapter 11
                           :
DELPHI CORPORATION, et al.,    :       Case No. 05-44481 (RDD)
                           :
                Debtors.    :       (Jointly Administered)
                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OBJECTION TO JOINDER OF APPALOOSA MANAGEMENT L.P.
IN MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER
COMPELLING PRODUCTION OF DOCUMENTS BY GENERAL MOTORS CORP.
<u>PURSUANT TO FED. R. BANKR. P. 2004</u>

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this objection (the "Objection") to the Joinder (the "Joinder") Of Appaloosa Management L.P. ("Appaloosa") In The Motion Of The Official Committee Of Unsecured Creditors For An Order Compelling The Production Of Documents By General Motors Corporation Pursuant To Rule 2004 Of The Federal Rules Of Bankruptcy Procedure (the "2004 Motion").  In support of this Objection, the Debtors respectfully represent as follows:

<u>Preliminary Statement</u>

1.    The relief that Appaloosa requests should be denied.  Pursuant to its Joinder, Appaloosa, a shareholder of the Debtors, seeks authority to join the Official Committee of Unsecured Creditors (the "Creditors' Committee") in the 2004 Motion.  Appaloosa argues on its own behalf, and purportedly "on behalf" of the official equity committee yet to be appointed in these chapter 11 cases (the "Equity Committee"), that it and the Equity Committee should be entitled to receive all documents provided by General Motors Corporation ("GM") to the Creditors' Committee pursuant to the 2004 Motion.[1]

---

[1]    The Debtors will consider, in good faith, information requests received from the official Equity Committee following its formation in the context of this Court's Order Pursuant To 11 U.S.C. §1102(a)(2) Directing The United States Trustee To Appoint An Equity Committee In These Chapter 11 Cases (the "Equity Committee Order") and in light of the overall circumstances of these chapter 11 cases.  As it stands, investigation of the Debtors' relationship with GM falls outside the range of activities set forth in the Equity Committee Order.  Appaloosa incorrectly presumes that the Equity Committee will have the authority to join the Creditors' Committee in its 2004 Motion and the Creditors' Committee's discovery efforts with respect to GM, and that, in the meantime, Appaloosa should be able to act as the Equity Committee's surrogate.  Participation of the Equity Committee and Appaloosa in the discovery related to the 2004 Motion should not be permitted to duplicate the work of the Creditors' Committee or create unnecessary expense for the Debtors' estates.

2.      In the 2004 Motion, the Creditors' Committee seeks the production of documents from GM to enable the Creditors' Committee to understand the relationship between the Debtors and GM, including any claims that GM has asserted, or may assert, against the Debtors, as well as any claims that the Debtors may have against GM.  Although the Debtors have not objected to the narrow relief in the 2004 Motion, such silence should not be taken as an abrogation or abdication of the Debtors' primary role in claims administration, including the evaluation of prosecution of estate claims against third parties, which are property of the estate within the meaning of section 541 of the Bankruptcy Code.

3.      The Debtors understand that the Creditors' Committee and GM are in the process of reaching an agreement and entering into a stipulation that will allow the Creditors' Committee to receive the requested documents from GM.  The Debtors request that this Court condition its approval of any stipulation filed by GM and the Creditors' Committee on provision to the Debtors of the product of such discovery, as well as notice of and the provision of the product of further discovery requests, if any.

4.      Appaloosa also has no right, as a single party in interest, sufficient to justify its access to the production of the documents requested by the Creditors' Committee in the 2004 Motion.

5.      Finally, Appaloosa's Joinder is untimely because it was filed after the objection deadline established by the Case Management Order (as defined below).

Argument

A.      <u>Appaloosa's Request Falls Outside The Ambit Of This Court's Rulings In The Equity Committee Order</u>

6.      In the Equity Committee Order, this Court did not countenanced the Equity Committee participating in an investigation of the Debtors' historical relationship with, or

the Debtors' estates claims against, GM.  In fact, this Court specifically directed that the Equity

Committee should steer clear of intruding upon the Debtors' relations with GM, such as by

injecting itself into the negotiations between or among the Debtors, their unions, and GM.  See

Para. 5 of the Equity Committee Order.  The Court also made clear that, as a general proposition,

the Equity Committee should avoid attempting to create leverage for itself by becoming a thorn

in the side of others.  See Transcript of Hearing, March 22, 2006 at 185.  Appaloosa already

appears to be ignoring this Court's instructions.

       7.    Moreover, Appaloosa is in a particularly poor position to act as a surrogate

for an Equity Committee that has yet to be formed, because, in light of this Court's order, it is far

from clear that Appaloosa will ever be appointed to the Equity Committee.  When the Equity

Committee is formed, it may also take a narrower view of its duties than does Appaloosa, to

adhere more closely to the committee's charter as set forth in this Court's order.

B.    <u>Participation Of The Equity Committee And Appaloosa In The Discovery Related To
The 2004 Motion Will Duplicate The Work Of The Creditors' Committee</u>

       8.    When the Equity Committee is formed, the Debtors will consider its

requests, like those of other statutory committees, in the context of the circumstances of the

chapter 11 cases and the role and scope of that committee's responsibilities.  Currently, it appears

that participation by the Equity Committee and Appaloosa in the Creditors' Committee discovery

of GM will duplicate, if not complicate and possibly undermine, the work of the Creditors'

Committee.  It will also undoubtedly create unnecessary expense for the Debtors' estates.  As a

co-fiduciary to the Debtors' estates, the Creditors' Committee is well qualified to examine the

documents requested pursuant to the 2004 Motion and investigate the Debtors' relationship with

GM.  At this early stage of the proceedings, there is no basis for concluding that the Creditors'

Committee work should be duplicated, with the attendant additional costs to the Debtors' estates.

C.    <u>Appaloosa Does Not Have The Right As A Single Party In Interest To Seek 2004
Examination</u>

9.    Pursuant to section 1103(c)(2) of the Bankruptcy Code, a statutory

committee "may"—not shall—"investigate the acts, conduct, assets, liabilities, and financial

condition of the debtor . . . and other matter[s] relevant to the case . . . ."  11 U.S.C. § 1103(c)(2).

Single parties in interest are given no such authority.  Indeed, a single shareholder is not entitled

to a conduct examinations relating to potential claims which belong to the bankruptcy estate.

<u>See</u> <u>In re Interpictures, Inc.,</u> 86 B.R. 24, 29 (Bankr. E.D.N.Y. 1988).  Accordingly, Appaloosa, as

a single shareholder, lacks sufficient interest to seek authority to join the Creditors' Committee in

its 2004 Motion.

10.    Finally, Appaloosa's Joinder is untimely, since it was filed after the

objection deadline established by the Case Management Order.

Conclusion

11.    Participation of the Equity Committee may—and any participation by

Appaloosa no doubt will—interfere with and duplicate the work of the Creditors' Committee

with respect to its investigation of the Debtors' relationship with GM and create unnecessary

expense for the Debtors' estates.  Accordingly, the relief Appaloosa requests in its Joinder should

be denied.

Notice

12.    Notice of this Objection has been provided in accordance with the Second

Supplemental Order under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006,

9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and

Administrative Procedures, which was entered by this Court on March 28, 2006 (Docket No.

5

2995) (the "Case Management Order").  In light of the nature of the relief requested, the Debtors

submit that no other or further notice is necessary.

Memorandum Of Law

13.    Because the legal points and authorities upon which this Objection relies

are incorporated herein, the Debtors respectfully request that the requirement of the service and

filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

WHEREFORE, the Debtors respectfully request that the court enter an order (a) denying the Joinder and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
      April 6, 2006

                  SKADDEN, ARPS, SLATE, MEAGHER
                    & FLOM LLP

                By: /s/ John Wm. Butler, Jr.
                    John Wm. Butler, Jr. (JB 4711)
                    David E. Springer (DS 9331)
                    John K. Lyons (JL 4951)
                    Ron E. Meisler (RM 3026)
                333 West Wacker Drive, Suite 2100
                Chicago, Illinois 60606
                (312) 407-0700

                    - and -

                By: /s/ Kayalyn A. Marafioti
                    Kayalyn A. Marafioti (KM 9632)
                    Thomas J. Matz (TM 5986)
                Four Times Square
                New York, New York 10036
                (212) 735-3000

                Attorneys for Delphi Corporation, et al.,
                Debtors and Debtors-in-Possession