UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                          :
      In re                 :        Chapter 11
                                                          :
DELPHI CORPORATION, <u>et al.</u>,                        :        Case No. 05-44481 (RDD)
                                                          :
             Debtors.    :        (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -   x


ORDER APPROVING JOINT INTEREST AGREEMENT BETWEEN DEBTORS
AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
IMPLEMENTING PROTECTIVE ORDER, AND APPROVING
<u>PROCEDURES TO PROTECT INFORMATION IN FEE STATEMENTS</u>

("JOINT INTEREST AGREEMENT ORDER")

Upon the motion, dated March 28, 2006 (the "Motion"), of Delphi Corporation and

certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned

cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 105, 107 and

1103 and Bankruptcy Rules 7026 and 9018, approving the Joint Interest Agreement[1] between the

Debtors and the Creditors' Committee, preserving for the benefit of the Debtors' estates certain

protections and privileges from disclosure of information and documents produced pursuant to the

Joint Interest Agreement, and approving procedures to protect confidential and privileged

information in fee statements and fee applications of professionals retained in these cases; and

upon the record of the hearing held on the Motion; and this Court having determined that the relief

requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and

---

[1]   Terms not defined herein shall have the meanings ascribed to them in the Motion.

other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been

given and that no other or further notice is necessary; and after due deliberation thereon,

IT IS HEREBY FOUND AND DETERMINED THAT:

A.      The Debtors and the Creditors' Committee are separate fiduciaries of these estates

with distinct fiduciary duties that share a common interest with respect to the subject matter of the

Information (as defined herein).  In addition, the Court as well as the Debtors and the Creditors'

Committee have an interest in ensuring that its orders are implemented appropriately.  To carry out

their respective fiduciary duties efficiently and effectively in general, the Debtors and the

Creditors' Committee must be able to share confidential information within the subject matter of

the Information free from the risk that any of them would be required to divulge such information

to third parties later.

B.      Given the common interest of the Debtors and the Creditors' Committee with

respect to the Information, the sharing of the confidential Information between the Debtors and the

Creditors' Committee shall not prejudice any rights, remedies, or causes of action of the Debtors or

the Creditors' Committee applicable with respect to any causes of action arising out of the

Information.

C.      The Debtors' administration of their cases should not be prejudiced by the exchange

of the Information.  Any Information provided by the Debtors to the Creditors' Committee should

be used only as provided in the Joint Interest Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

1.      The Motion is GRANTED.

---

2      DeltaView comparison of pcdocs://chisr02a/562621/10 and pcdocs://chisr02a/562621/11.
Performed on 4/6/2006.

2.      The Court hereby approves the Joint Interest Agreement, a copy of

which is attached hereto as Exhibit 1.  Any non-public information and documents

provided by the Debtors to the Creditors' Committee related to the Investigations, whether

written or oral, including by virtue of participation by any Reviewing Party (as defined

below) in the Investigations, to the designees of the Creditors' Committee (which designees

shall be the outside professionals of the Creditors' Committee and, at the election of the

Creditors' Committee, either the chair of the Creditors' Committee or a subcommittee of

the Creditors' Committee in a number reasonably acceptable to the Debtors) (each a

"Reviewing Party"), shall be deemed confidential information subject to the provisions of

the Joint Interest Agreement ("Information"), and no attorney-client, attorney

work-product doctrine, or similar privilege shall be waived solely by reason of the sharing

of such Information under the terms of the Joint Interest Agreement.  The Debtors'

provision of Information pursuant to the Joint Interest Agreement shall not confer upon any

third party the right to obtain such Information, nor shall it limit the right of any party,

including the Creditors' Committee, to Information that is otherwise discoverable to the

extent so ordered by the Court or another Court of competent jurisdiction in litigation

authorized by the Court.

3.      Nothing in this Order shall preclude the Debtors from expressly

waiving any privilege or attorney work-product doctrine applicable with respect to any

Information in the future.

4.      The Creditors' Committee may exercise its own independent

judgment in determining whether to participate in particular meetings and interviews being

conducted by the Debtors in furtherance of the Investigations.

---

3     DeltaView comparison of pcdocs://chisr02a/562621/10 and pcdocs://chisr02a/562621/11.
Performed on 4/6/2006.

5.      Nothing in this Order or the Joint Interest Agreement shall limit, modify, or otherwise diminish the Debtors' or the Creditors' Committee's rights and powers under applicable law, including the rights of the Creditors' Committee, to seek Information from the Debtors that the Debtors do not voluntarily produce (provided that all defenses the Debtors may have to any such involuntary production are not diminished by this Order or the Joint Interest Agreement).

6.      Nothing in this Order or in the Joint Interest Agreement shall affect the separate representation of the parties by their respective counsel nor shall anything in this Order or the Joint Interest Agreement be deemed to create an attorney-client relationship between any attorney and anyone other than the client who hired that attorney. The Debtors' provision of Information pursuant to the Joint Interest Agreement shall not be a basis for disqualification of any of the Creditors' Committee counsel.

7.      No discovery in respect of matters that are the subject of the Investigations shall be permitted unless (a) the Bankruptcy Court has issued an appropriate order, after the Debtors and Creditors' Committee have met and conferred on the subject matter of the discovery and a telephonic status conference has been held before the Bankruptcy Court pursuant to section 105(d) of the Bankruptcy Code, (b) the Debtors and the Creditors' Committee have otherwise agreed, or (c) in connection with an adversary proceeding initiated by the Debtors or a contested hearing adjudicating a motion initiated by the Debtors, such discovery is permissible under the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure (provided that all rights and defenses with respect thereto are reserved).

4      DeltaView comparison of pcdocs://chisr02a/562621/10 and pcdocs://chisr02a/562621/11. Performed on 4/6/2006.

8.      The provisions of the Order Under 11 U.S.C. § 331 Establishing

Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals

(Docket No. 869), as amended (Docket No. 2747) relating to monthly fee statements and

fee applications containing Confidential Time Records shall be modified in accordance

with Exhibit 2 attached hereto.  The dissemination and disclosure of the Confidential Time

Records in accordance with these procedures shall not constitute a waiver of the

attorney-client or attorney work product privileges, or of any right to the confidentiality of

such information by any party.  The Debtors shall promptly serve a copy of this Order on

all professionals retained pursuant to a retention order entered by this Court.

9.      The Court expressly retains exclusive jurisdiction to determine any

dispute regarding the interpretation or enforcement of this Order and the Joint Interest

Agreement.  On request of a party in interest, the Court may issue any order necessary or

appropriate to enforce or give effect to the provisions of this Order or the Joint Interest

Agreement, including, but not limited to, this retention of jurisdiction.

10.     The requirement under Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York for the

service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
       April ___, 2006

_____
UNITED STATES BANKRUPTCY JUDGE