**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481(RDD) |
| | ) | |
| | ) | Jointly Administered |
| | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

--------------------------------------------------------

### INTERIM ORDER UNDER 11 U.S.C. §§ 328 AND 1103 AUTHORIZING EMPLOYMENT AND RETENTION OF JEFFERIES & COMPANY, INC. AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Upon the amended application, dated February 17, 2006 (the "Application"), of the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "Committee") for entry of interim and final orders under 11 U.S.C. §§ 328(a) and 1103 and Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") authorizing the employment and retention of Jefferies & Company, Inc. ("Jefferies") as investment banker advisor to the Committee as of October 18, 2005; and upon the Affidavit of William Q. Derrough, a Managing Director of Jefferies, sworn to February 17, 2006; and upon the proceedings held before this Court; and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates and creditors; and the Court being satisfied that Jefferies does not represent any entity, other than the Committee, having an adverse interest in connection with these cases; and the Court being satisfied that the terms of compensation being sought by Jefferies as set forth in the Engagement Letter attached hereto as Exhibit A (the "Engagement Letter") are reasonable; and it appearing that proper and adequate notice of the Application and the terms of the Engagement Letter has been given and that no

further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGES AND DECREED THAT**:

1.     The Application is GRANTED on an interim basis.

2.     The Committee is authorized to employ and retain Jefferies, as of October 18, 2005, as its investment banker, on an interim basis (pending a final hearing upon adequate notice) to perform the services described in the Application pursuant to the terms set forth in the Engagement Letter.

3.     To the extent accrued during the interim period of its retention, Jefferies shall receive (a) its $175,000 per month cash advisory fee and (b) reimbursement of its expenses, subject to the Monthly Compensation Order entered in these Cases, which, except as set forth in the next decretal paragraph, shall not hereafter be subject to challenge except under the standards of review under 11 U.S.C. § 328(a).

4.     Notwithstanding the preceding decretal paragraph, all compensation and reimbursement to be paid to Jefferies shall be subject to prior approval of this Court, and  any fees or expenses paid to Jefferies but disapproved by the Court shall be promptly returned by Jefferies to the Debtors' estates. The United States Trustee shall retain the right to object to Jefferies' fee applications (including expense reimbursement) in respect of fees and expenses accrued during this interim period on all grounds, including, but not limited to, the reasonableness standards provided for in 11 U.S.C. § 330.

5.     Jefferies shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in 11 U.S.C. §§ 330 and 331, any applicable Bankruptcy Rules, the Local Bankruptcy Rules for the United

States Bankruptcy Court for the Southern District of New York ("Local Rules"), the fee and expense guidelines established by the United States Trustee, and all orders of this Court; provided, however, that Jefferies and its professionals shall only be required to maintain contemporaneous time records for services rendered postpetition in one-hour increments.

6.    All requests of Jefferies for payment of indemnity, contribution or otherwise pursuant to the indemnification provisions of the Engagement Letter shall be made by means of an interim and final fee application and shall be subject to the review of this Court.

7.    In no event shall an Indemnified Person (as defined in the Engagement Letter) be indemnified or receive contribution or other payment under the indemnification provisions of the Engagement Letter if the Debtors, their estates, or the Committee assert a claim for, and the Court determines by final order that such claim arose out of, bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person.

8.    In the event an Indemnified Person seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Jefferies' own interim and final fee applications, and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of this Court under the standards of 11 U.S.C. § 330 without regard to whether such attorney has been retained under 11 U.S.C. § 330.

9.    To the extent that any term of this Interim Order is inconsistent with the Engagement Letter, such term of this Interim Order shall govern.

10.     The Interim Order shall remain in full force and effect until the time the Court enters a final order approving Jefferies' retention.

11.     The Committee shall serve a notice of the final hearing to approve the Application (the "Notice"), substantially in the form attached hereto as Exhibit B, on all known creditors in these chapter 11 cases, at least 45 days before such final hearing.  Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid.  No further notice of the final hearing to approve the Application or of the entry of the Interim Order need be served by the Committee.

12.     Objections, if any, to the approval of the Application on a final basis must be in writing and filed timely in accordance with the requirements set forth in the Notice.  A hearing shall be held on June 15, 2006 at 10:00 a.m. to determine whether to approve the Application on a final basis.

13.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

14.     The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Date:   New York, New York
        April <u>11</u>, 2006


                                    <u>/s/Robert D. Drain</u>_____
                                    UNITED STATES BANKRUPTCY JUDGE


NO OBJECTION:

DEIRDRE A. MARTINI
UNITED STATES TRUSTEE

By:  <u>/s/ Alicia M. Leonhard</u>
     Alicia M. Leonhard
     Attorney

Exhibit A