Exhibit B

LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
          mitchell.seider@lw.com
          mark.broude@lw.com

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

| | |
|---|---|
| In re: | )    Chapter 11 |
| | ) |
| DELPHI CORPORATION, et al., | )    Case No. 05-44481(RDD) |
| | ) |
| | )    Jointly Administered |
| | ) |
| | ) |
| | ) |
| Debtors. | ) |

---------------------------------------------------------

**NOTICE OF AMENDED APPLICATION AND ENTRY OF INTERIM ORDER UNDER**
**11 U.S.C. §§ 328 AND 1103 AUTHORIZING EMPLOYMENT AND RETENTION OF**
**JEFFERIES & COMPANY, INC. AS INVESTMENT BANKER TO THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS**

TO:    ALL KNOWN CREDITORS OF THE DEBTORS AND UNITED
         STATES TRUSTEE FOR THE SOUTHERN DISTRICT OF NEW YORK

PLEASE TAKE NOTICE that on February 17, 2006, the Official Committee of

Unsecured Creditors appointed in the above-captioned cases (the "Committee") filed its

amended application, dated February 17, 2006, of for entry of interim and final orders under 11

U.S.C. §§ 328(a) and 1103 and Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy

Procedure authorizing the employment and retention, as of October 18, 2005, of Jefferies &

Company, Inc. ("Jefferies") as its investment banker (the "Application").

PLEASE TAKE FURTHER NOTICE that, on _____, 2006, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Interim Order") authorizing the employment and of Jefferies on an interim basis pending a final hearing on the Application.

PLEASE TAKE FURTHER NOTICE that pursuant to the Application, the Committee is seeking to retain Jefferies, pursuant to that certain Engagement Letter, dated as of December 19, 2005, by and among the Committee and Jefferies (the "Engagement Letter"), to perform, among others, the following services:

a) valuation of the Debtors' enterprise value, on a consolidated and division basis;

b) pricing of any securities to be issued in the Restructuring, as well as evaluation of the terms of any such securities;

c) evaluation of any financing proposed as part of the Restructuring, including, without limitation, debtor in possession financing and exit financing;

d) assist and advise the Committee in examining and analyzing any potential or proposed strategy for restructuring or adjusting the Debtors' outstanding indebtedness, labor costs or capital structure, including, without limitation, assessment of leverage and capital structure of the reorganized entities, evaluation of business acquisitions/divestitures (including monitoring of any purchase/ sale process);

e) analysis of restructuring proposals from various constituencies, including, without limitation, labor concession proposals, pension and OPEB restructuring plans;

f) assist and advise the Committee in evaluating and analyzing the proposed implementation of a Restructuring; and

g) render such other investment banking services as may from time to time be agreed upon by the Committee and Jefferies, including, without limitation, providing expert testimony and other expert and investment banking support related to any threatened, expected, or initiated litigation.

2

PLEASE TAKE FURTHER NOTICE that, if the Application is approved, Jefferies will, unless such terms prove to be improvident in light of developments not capable of being anticipated at the time of the Hearing, be entitled to receive compensation as set forth in the Engagement Letter.  In summary, Jefferies will be entitled to receive the following:

> (a) a monthly fee (the "Monthly Fee") of $175,000 per month, and

> (b) a transaction fee (the "Transaction Fee") in an amount equal to (i) 0.5% of Total Consideration[1] greater than $0.50 up to and including $0.75 per $1.00 of allowed unsecured claim, and (ii) 0.75% of Total Consideration greater than $0.75 per $1.00 of allowed unsecured claim (such fee arrangement is hereinafter referred to as the "Fee Structure"). The Transaction Fee for Jefferies shall not be less than $2 million or greater than $10 million (the "Cap"); provided that notwithstanding any language in the Engagement Letter, an additional payment request, if any, by Jefferies, for whatever reason, shall not exceed $2 million above the Cap.

> (c)  reimbursement of all reasonable out-of-pocket expenses, including, without limitation, all reasonable travel expenses, duplicating charges, messenger services, long distance telephone calls and other customary expenditures incurred by Jefferies in performing its investment banking services.

PLEASE TAKE FURTHER NOTICE that if the Application is granted, the Debtors and their estates will indemnify and hold harmless Jefferies, its agents, principals and employees for all claims, damages, liabilities and expenses to which such parties may have been

---

[1]    "Total Consideration" is defined as the aggregate consideration, if any, paid by the Debtors on account of allowed unsecured claims pursuant to the any plan of reorganization confirmed in these cases (including any amounts in escrow), but excluding any consideration paid on account of allowed claims of the Pension Benefit Guaranty Corporation, or any assignee thereof.  The Transaction Fee will be payable on the earlier of (a) the date of the receipt of initial distributions by the Debtors' unsecured creditors and (b) the effective date of the plan.  To the extent the Total Consideration is paid in cash, the Transaction Fee is also payable in cash.  To the extent the Total Consideration will consist of non-cash consideration, in the Committee's sole discretion, the Transaction Fee may be payable in like consideration.

3

subject to as a result of their involvement with providing investment banking services, except to the extent that such claims, damages, liabilities and expenses resulted, in whole or in part, from bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence or willful misconduct.

PLEASE TAKE FURTHER NOTICE that the foregoing summary of certain elements of Jeffries' retention is not complete and that the full terms of the retention are contained in the Application and the Engagement Letter, which are available for inspection at the office of the clerk of the Bankruptcy Court and on the Bankruptcy Court's internet site at www.nysb.uscourts.gov, through an account obtained from Pacer Services Center at 800-676-6856.  To the extent that the summary of the retention terms set forth in this notice conflict with the terms of the Engagement Letter, the terms of the Engagement Letter shall control.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the approval of the Application on a final basis must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, (c) be filed with the Bankruptcy Court in accordance with General Order M-242, as amended (registered users of the Bankruptcy Court's case filing system must file electronically and all other parties-in-interest must file on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert Drain, United States Bankruptcy Judge, and (e) served upon (i) Jefferies at 520 Madison Avenue, 5th Floor, New York, NY 10022 (Att'n: William Q. Derrough), (ii) counsel to Jefferies, Milbank, Tweed, Hadley & McCloy LLP, at One Chase Manhattan Plaza, New York, NY 10005 (Att'n: Susheel Kirpalani), (iii) counsel to the Committee, Latham & Watkins LLP, at 885 Third Avenue, New York, NY 10022, (iv) the Debtors at Delphi Corporation, 5725 Delphi Drive, Troy, Michigan

4

48098 (Att'n: General Counsel), (v) counsel to the Debtors, Skadden, Arps, Slate, Meagher &

Flom, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler,

Jr.), (vi) special counsel to the Debtors, Shearman & Sterling LLP, 599 Lexington Avenue, New

York, New York 10022 (Att'n: Douglas P. Bartner), (vii) counsel to the agent under the Debtors'

postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York

10017 (Att'n: Marlane Melican), (viii) the Office of the United States Trustee for the Southern

District of New York, 33 Whitehall Street, Suite 2100, New York 10044 (Att'n: Deirdre A.

Martini, Esq.), and (ix) the indenture trustees for the Debtors' outstanding debt securities,

Wilmington Trust Company, 1100 North Market Street, Rodney Square North, Wilmington,

Delaware 19890 (Att'n: Corporate Trust Office) and Law Debenture Trust Company of New

York, 780 Third Avenue, 31st Floor, New York, New York 10017 (Att'n: Corporate Trust

Office), in each case so as to be **received** no later than **4:00 p.m. Eastern Time on June 8,**

**2006.**

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the

Application on a final basis will be held on June 15, 2006 at 10:00 a.m. before the Honorable

Robert Drain, United States Bankruptcy Judge, in the Bankruptcy Court, Courtroom 610, One

Bowling Green, New York, New York 100004-1408.

Date:  New York, New York
          _____, 2006

**LATHAM & WATKINS LLP**

By: /s/ Robert J. Rosenberg
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone:  (212) 906-1200

Attorneys for the Official Committee of Unsecured
Creditors

5