UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                 :

    In re                                    :        Chapter 11
                                           :

DELPHI CORPORATION, et al.,     :        Case No. 05-44481 (RDD)
                                         :

                      Debtors.      :        (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER UNDER 11 U.S.C. §§ 107(b), 501, 502, AND 1111(a) AND FED. R. BANKR. P.
1009, 2002(a)(7), 3003(c)(3), AND 5005(a) ESTABLISHING BAR DATES FOR FILING
PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF

("BAR DATE ORDER")

        Upon the motion, dated March 17, 2006 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order"), under 11 U.S.C. §§ 107(b), 501, 502, and 1111(a) and Rules 1009, 2002(a)(7), 3003(c)(3), and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), establishing bar dates for all creditors to file proofs of claim in these chapter 11 cases and approving the form and manner of notice thereof; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

    ORDERED, ADJUDGED, AND DECREED THAT:

        1.      The Motion is GRANTED.

2.      Pursuant to Bankruptcy Rules 3003(c)(3) and 5005(a), except as set forth herein, all persons and entities, including, without limitation, individuals, partnerships, limited liability companies, corporations, estates, trusts, unions, indenture trustees, the United States Trustee, and governmental units (individually, a "Person" or "Entity," and collectively, "Persons" or "Entities" or the "Creditors") holding or wishing to assert claims (as such term is defined in 11 U.S.C. § 101(5)) against the Debtors (collectively, the "Claims") shall file a separate, completed, and executed proof of claim form (either in the form mailed to Creditors or otherwise conforming substantially to Form No. 10 of the Official Bankruptcy Forms, a copy of which is attached as Exhibit A hereto) on or before 5:00 p.m., Eastern Standard Time on July 31, 2006 (the "General Bar Date").

3.      The following procedures for the filing of valid proofs of claim (a "Proof of Claim") shall apply:

(a)     Proofs of Claim must conform substantially to Form No. 10 of the Official Bankruptcy Forms;

(b)     A Proof of Claim must be filed either by mailing the original proof of claim to the United States Bankruptcy Court, Southern District of New York, Delphi Corporation Claims, Bowling Green Station, P.O. Box 5058, New York, New York 10274-5058 or by delivering the original proof of claim by hand or overnight courier to the United States Bankruptcy Court, Southern District of New York, Delphi Corporation Claims, One Bowling Green, Room 534, New York, New York 10004-1408;

(c)     Proofs of Claim shall be deemed filed only when actually <u>received</u> by the Clerk of the Bankruptcy Court on or before the applicable Bar Date (as defined below);

(d)     Proofs of Claim must (i) be signed, (ii) include supporting documentation (or a summary if such documentation is voluminous) or an explanation as to why documentation is not available, (iii) be written in the English language, and (iv) be denominated in United States currency;

(e)     Facsimile submissions of Proofs of Claim shall not be accepted; and

2

  (f) Proofs of Claim must clearly indicate the name of the applicable Debtor against which the Claim is asserted and the applicable reorganization case number for such Debtor, and if a Claim is asserted against more than one of the Debtors, a separate Proof of Claim must be filed in each such Debtor's reorganization case.

  4. All supporting documentation to any Proof of Claim shall be subject to examination only by the party asserting the Claim, the Debtors, the Debtors' counsel and advisers, the United States Trustee, counsel and advisers to the official committee of unsecured creditors appointed in these chapter 11 cases, Kurtzman Carson Consultants, LLC, the claims and noticing agent in these chapter 11 cases, and any personnel of the United States Bankruptcy Court for the Southern District of New York in the performance of their official duties.  All such parties are hereby directed to maintain the confidentiality of all supporting documentation to any Proof of Claim and the information contained therein.

  5. Proofs of Claim are not required, at this time, to be filed by any Person or Entity asserting a Claim of any of the types set forth below:

  (a) Any Person or Entity (i) which agrees with the nature, classification, and amount of its Claim set forth in the schedules of assets and liabilities (as amended from time to time, the "Schedules") and (ii) whose Claim against a Debtor is not listed as "disputed," "contingent," or "unliquidated" in the Schedules;

  (b) Any Person or Entity which has already properly filed a proof of claim against the correct Debtor;

  (c) Any Person or Entity which asserts a Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), as an administrative expense of the Debtors' chapter 11 cases;

  (d) Any Person or Entity which asserts a Claim solely on the basis of future pension or other post-employment benefits, including, without limitation, retiree health care and life insurance; <u>provided</u>, <u>however</u>, that any such Person or Entity which wishes to assert a Claim against any of the Debtors based on anything other than future pension or other post-employment benefits must file a proof of claim on or prior to the General Bar Date;

    (e)    Any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control, or hold with power to vote, 50 percent or more of the outstanding voting securities of such subsidiary;

    (f)    Any Person or Entity whose Claim against a Debtor previously has been allowed by, or paid pursuant to, an order of this Court;

    (g)    Any holder of a Claim arising under or in respect of any of the following issuances of Delphi Corporation senior and junior subordinated unsecured debt (each, a "Noteholder"): (i) those certain senior unsecured securities bearing interest at 6.55% and maturing on June 15, 2006; (ii) those certain senior unsecured securities bearing interest at 6.50% and maturing on May 1, 2009; (iii) those certain senior unsecured securities bearing interest at 6.50% and maturing on August 15, 2013; (iv) those certain senior unsecured securities bearing interest at 7.125% and maturing on May 1, 2029; (v) those certain 8.25% junior subordinated notes due 2033; or (vi) those certain adjustable-rate junior subordinated notes due 2033 (collectively, the "Unsecured Securities"), other than the indenture trustees of the Unsecured Securities; _provided_, _however_, that any Noteholder who wishes to assert a Claim against the Debtors that is not based solely upon the outstanding prepetition principal and interest due on account of its ownership of such Unsecured Securities must file a proof of claim on or prior to the General Bar Date in respect of such Claim; and

    (h)    Any holder of equity securities of, or other interests in, the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities, or other interest; _provided_, _however_, that any such holder which wishes to assert a Claim against any of the Debtors that is not based solely upon its ownership of the Debtors' securities, including, but not limited to, Claims for damages or recision based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date in respect of such Claim.

6.     Any Creditor which desires to rely on the Schedules with respect to filing a Proof of Claim in these chapter 11 cases shall have the responsibility of determining that its claim is accurately listed therein.

7.     The Debtors shall retain the right to (a) dispute, or assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise, or (b) subsequently designate any Claim as disputed, contingent, or unliquidated. If the Debtors amend the Schedules to reduce the

4

undisputed, noncontingent, and liquidated amounts or to change the nature or classification of a particular Claim against a Debtor reflected therein, then the affected claimant shall have until the later of (x) the General Bar Date or (y) 30 calendar days after such claimant is served with notice that the Debtors have amended their Schedules (the "Amended Schedule Bar Date") to file a Proof of Claim or to amend any previously filed Proof of Claim in respect of such amended scheduled Claim. Notwithstanding Bankruptcy Rule 1009(a), the Debtors shall have no obligation to provide notice to claimants of amendments to the Schedules filed prior to the date upon which the Debtors serve the Bar Date Notice, other than the personalized proof of claim form provided to each party affected by an amendment to the Schedules. Notwithstanding the foregoing, nothing set forth herein shall preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

    8.  Notwithstanding anything in this Order to the contrary, the holder of any Claim arising from the rejection of an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code shall be required to file a Proof of Claim on account of such Claim against the Debtors on or before the later of (a) the General Bar Date or (b) 30 calendar days after the effective date of such rejection or such other date as fixed by the Court in an order authorizing such rejection (the "Rejection Bar Date," and together with the General Bar Date and the Amended Schedule Bar Date, the "Bar Dates").

    9.  Governmental units shall file Proofs of Claim in these cases on or prior to the General Bar Date.

    10.  (a)  In order to facilitate the processing of claims, to ease the burden upon the Court and to reduce any unnecessary expense to the Debtors' estates, the Pre-Petition Agent (as defined in the Final DIP Financing Order) is authorized to file a master proof of claim

5

on behalf of itself and the Pre-Petition Secured Lenders (as defined in the Final DIP Financing Order) on account of their claims arising under the Third Amended and Restated Credit Agreement, dated as of June 14, 2005, and all other documentation executed in connection therewith (collectively, the "Loan Documents") and under the Final Order under 11 U.S.C §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and Federal Rules of Bankruptcy Procedure 2002, 4001 and 9014 (i) Authorizing the Debtors to Obtain Post-Petition Financing, (ii) to Utilize Cash Collateral and (iii) Granting Adequate Protection to Pre-Petition Secured Parties, dated October 28, 2005 (the "Final DIP Financing Order"), against all of the Debtors (the "Master Proof of Claim"), and the Pre-Petition Agent shall not be required to file a verified statement pursuant to Rule 2019 of the Bankruptcy Rules.

(b)     Upon the filing of the Master Proof of Claim against the Debtors, the Pre-Petition Agent and each Pre-Petition Secured Lender, and each of their respective successors and assigns, shall be deemed to have filed a proof of claim against each Debtor in the amount set forth opposite its name therein in respect of its claims against each Debtor arising under the Loan Documents, and the claim of the Pre-Petition Agent and each Pre-Petition Secured Lender (and each of their respective successors and assigns), named in the Master Proof of Claim shall be allowed or disallowed as if such entity had filed a separate proof of claim in the chapter 11 cases in the amount set forth opposite each name in the Master Proof of Claim; provided that, subject to the Debtors' and any other party-in-interest's right to object to such amendment on any basis including that such amendment is time-barred, the Pre-Petition Agent may, but shall not be required to, amend the Master Proof of Claim from time to time to, among other things, reflect a change in the holders of claims set forth therein or a reallocation among such holders of the claims asserted therein resulting from any transfer of any such claims.

6

(c) The provisions set forth in this paragraph and the Master Proof of Claim are intended solely for the purpose of administrative convenience and, except to the extent set forth herein, neither the provisions of this paragraph nor the Master Proof of Claim shall affect the substantive rights of the Debtors, any statutory committee appointed in these Chapter 11 cases, the Pre-Petition Agent or the Pre-Petition Secured Lenders or any other party in interest or their respective successors in interest including, without limitation, the right of each Pre-Petition Secured Lender (or their successors in interest and assigns) to vote separately on any plan of reorganization proposed in the Debtors' chapter 11 cases.

11. Any Person or Entity which is required to file a Proof of Claim in these chapter 11 cases but that fails to do so in a timely manner on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from (a) asserting any Claim against the Debtors that such Person or Entity has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules as undisputed, non-contingent, and unliquidated or (ii) is of a different nature or in a different classification than as set forth in the Schedules (any such Claim referred to as an "Unscheduled Claim") and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim, and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim.

12. Notice of the Bar Dates, substantially in the form of the notice attached hereto as Exhibit B (the "Bar Date Notice"), and the manner of providing notice of the Bar Dates proposed in the Motion are approved. No later than April 20, 2006, Kurtzman Carson Consultants, LLC, the Debtors' claims and noticing agent in these cases, shall serve by first class

7

U.S. mail, postage prepaid, proof of claim forms substantially in the form attached hereto as Exhibit A, and together with the Bar Date Notice, on:

    (a)    the United States Trustee;

    (b)    counsel to each official committee;

    (c)    all Persons or Entities which have requested notice of the proceedings in the chapter 11 cases;

    (d)    all Persons or Entities which have filed claims in these chapter 11 cases;

    (e)    all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding Claims;

    (f)    all parties to executory contracts and unexpired leases of the Debtors;

    (g)    all parties to litigation with the Debtors;

    (h)    the Philadelphia office of the Internal Revenue Service, the Northeast Regional Office of the Securities and Exchange Commission, the United States attorney for the Southern District of New York, any other department, agency, or instrumentality of the United States through which the Debtors became indebted for debt other than taxes, and any other governmental units as required by Bankruptcy Rule 2002(j); and

    (i)    all known Persons and Entities holding potential prepetition Claims.

13.    The Debtors are directed to give notice of the Bar Date Notice by (a) publication in the New York Times (national edition), the Wall Street Journal (national, European, and Asian editions), USA Today (worldwide), the Automotive News (national edition), and in local editions of the following: the Adrian Daily Telegram, the Arizona Daily Star, the Buffalo News, the Chicago Sun Times, the Clinton News, the Columbus Dispatch, the Daily Leader, the Dayton Daily News, the Detroit Free Press, the El Paso Times, the Fitzgerald Herald Leader, The Flint Journal, the Gadsden Times, the Grand Rapids Press, the Greensville News, the Indianapolis Star, the Kansas City Star, the Kokomo Tribune, the Lansing State Journal, the Laurel Leader, the Los Angeles Daily News, the Milwaukee Journal Sentinel, the

8

Mobile Beacon, The Mobile Register, the Oakland Press, the Olathe Daily News, the Rochester Democrat and Chronicle, the Saginaw News, the Sandusky Register, the Tribune Chronicle, the Tulsa World, The Tuscaloosa News, and The Vindicator, and (b) electronically through posting on the Delphi legal information website, www.delphidocket.com. Such notices will be published no later than April 21, 2006, or as soon thereafter as practicable.

14. Provision of notice of the Bar Dates to the Persons and Entities set forth in the Motion and this Order, in the manner set forth above and as described more particularly in the Motion, shall constitute adequate and sufficient notice of each of the Bar Dates and shall be deemed to satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

15. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

16. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
      April 12, 2006

                                                /s/ Robert D. Drain
                                       UNITED STATES BANKRUPTCY JUDGE