**Rejection Date:  April 30, 2006**
**Objection Deadline:  April 29,
2006**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, <u>et al.</u>, | : | Case No.  05–44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF REJECTION OF UNEXPIRED LEASES AND
## ABANDONMENT OF PERSONAL PROPERTY

1.      ORDER APPROVING REJECTION OF LEASES

        PLEASE TAKE NOTICE that on January 6, 2006, the United States Bankruptcy
Court for the Southern District of New York (the "Bankruptcy Court") entered an Order
Under 11 U.S.C. §§  365(a) And 554 And Fed. R. Bankr. P. 6006 Approving Procedures
For Rejecting Unexpired Real Property Leases And Authorizing Debtors To Abandon
Certain Furniture, Fixtures, And Equipment (the "Order," a copy of which is attached
hereto as Exhibit 1).  The Order authorized the above-captioned debtors and debtors-in-
possession (the "Debtors") to reject the following unexpired real property leases (the
"Lease") and abandon the furniture, fixtures, and equipment owned by the Debtors (the
"Expendable Property") without further Court approval:

Location of Lease and Expendable Property:

### 7601 East 88th Place, Indianapolis, Indiana

2.      LEASE REJECTION DATE

        PLEASE TAKE FURTHER NOTICE that the rejection of the Lease shall become
effective on April 30, 2006 (the "Rejection Date") unless an objection to the rejection is
served in the manner described herein.

3.    <u>EXPENDABLE PROPERTY</u>

PLEASE TAKE FURTHER NOTICE that the Debtors will have until the later of the Rejection Date or the date provided in each Lease to remove Expendable Property from the leased premises.  To the extent any Expendable Property remains in the leased premises after the Rejection Date or such later date as provided for in the Lease, the Expendable Property will be deemed abandoned to the lessor of the Lease (the "Lessor"). The Lessor will be entitled to remove or dispose of such property in its sole discretion without liability to any party which might claim an interest in the Expendable Property and which was served with a copy of the Rejection Notice.

PLEASE TAKE FURTHER NOTICE that any expense incurred by the Lessor in the removal or disposal of Expendable Property will not be treated as an administrative expense under section 503(b)(1) of the Bankruptcy Code.

4.    <u>OBJECTIONS</u>

PLEASE TAKE FURTHER NOTICE that objections, if any, to rejection of the Lease or abandonment of Expendable Property (a) must be in writing and (b) must be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr. and Ron E. Meisler), (iii) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n:  Kenneth S. Ziman), (iv) counsel for the agent under the Debtors' postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n:  Donald S. Bernstein and Marlane Melican), (v) counsel for the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Mark A. Broude), and (vi) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M. Leonhard), in each case so as to be received **on or before April 29, 2006**.

5.    <u>RENT</u>

PLEASE TAKE FURTHER NOTICE that the Debtors will pay rent on a per diem basis for those days during the month prior to and including the Rejection Date of the Lease.

6.    <u>SETOFF</u>

PLEASE TAKE FURTHER NOTICE that if Delphi Corporation or any Debtor has deposited monies with the Lessor as a security or other kind of deposit or pursuant to another similar arrangement, the Lessor will not be permitted to set off or otherwise use

the monies from such deposit or other arrangement without the prior order of the Court unless such amounts can be set off pursuant to paragraph 18 of the Order Under 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), And 364(e) And Fed. R. Bankr. P. 2002, 4001, And 9014 (I) Authorizing Debtors To Obtain Postpetition Financing, (II) To Utilize Cash Collateral, And (III) Granting Adequate Protection To Prepetition Secured Parties (Docket No. 797).

7.    DEADLINE TO FILE PROOFS OF CLAIM

PLEASE TAKE FURTHER NOTICE that if the Lease is rejected, parties will have until the later of: (a) July 31, 2006 (the general bar date established in these cases for filing prepetition general unsecured claims) pursuant to Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) or (b) 30 days from the Rejection Date to file a proof of claim for damages arising from such rejection of the Lease.  Any claims not timely filed will be forever barred.

Dated: New York, New York
        April 13, 2006

                        SKADDEN, ARPS, SLATE, MEAGHER
                          & FLOM LLP

                        By:   /s/ John Wm. Butler, Jr.
                              John Wm. Butler, Jr. (JB 4711)
                              John K. Lyons (JL 4951)
                              Ron E. Meisler (RM 3026)
                        333 West Wacker Drive, Suite 2100
                        Chicago, Illinois  60606
                        (312) 407-0700

                              - and -

                        By:   /s/ Kayalyn A. Marafioti
                              Kayalyn A. Marafioti (KM 9632)
                              Thomas J. Matz (TM 5986)
                        Four Times Square
                        New York, New York 10036
                        (212) 735-3000

                        Attorneys for Delphi Corporation, et al.,
                          Debtors and Debtors-in-Possession

Exhibit 1 - Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
        In re                             :      Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :      Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :      (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. §§ 365(a) AND 554 AND
FED. R. BANKR. P. 6006 APPROVING PROCEDURES FOR
REJECTING UNEXPIRED REAL PROPERTY LEASES AND AUTHORIZING
DEBTORS TO ABANDON CERTAIN FURNITURE, FIXTURE, AND EQUIPMENT

("LEASE REJECTION PROCEDURES ORDER")

        Upon the motion, dated December 16, 2005 (the "Motion"), of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§

365(a) and 554 and Fed. R. Bankr. P. 6006 approving procedures for rejecting unexpired

nonresidential real property leases and subleases (the "Leases") and authorizing the Debtors to

abandon certain furniture, fixtures, and equipment (the "Expendable Property") without further court

approval; and upon the record of the hearing held on the Motion; and this Court having determined

that the relief requested in the Motion is in the best interests of the Debtors, their estates, their

creditors, and other parties-in-interest; and this Court having found that the only objection filed

against the Motion was the Objection of Orix Warren, LLC To Motion For Order Under 11 U.S.C.

§§ 365(a) And 554 And Fed. R. Bankr. P. 6006 Approving Procedures For Rejecting Unexpired

Real Property Leases And Authorizing Debtors To Abandon Certain Furniture, Fixtures, And

Equipment (Docket No. 1659) which objection was subsequently resolved pursuant to the terms of


0544481060109000000000003

this Order; and it appearing that proper and adequate notice of the Motion has been given and that no

other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    Subject to the provisions of this Order, the Debtors are hereby authorized but

not directed to reject any or all of the Leases and to abandon the Expendable Property without

further Court approval.

3.    The form of notice attached hereto as <u>Exhibit A</u> (the "Rejection Notice") is

hereby approved.

4.    The rejection of a Lease, if any, shall become effective as of ten calendar days

(excluding Saturdays and Sundays) following the issuance by the Debtors of a Rejection Notice

(the "Rejection Date").

5.    The Debtors shall serve the Rejection Notice by e-mail, facsimile, overnight

delivery, or hand delivery, along with a copy of this Order, on (a) the lessor under the particular

Lease (each, a "Lessor") to be rejected (and, to the extent that the Debtor is the sublessor, on the

sublessee), (b) any additional parties entitled to notice pursuant to the terms of the rejected

Leases, (c) all parties known to the Debtors as having a direct interest in any Expendable

Property proposed to be abandoned, (d) the Office of the United States Trustee for the Southern

District of New York, (e) counsel for the Official Committee of Unsecured Creditors, (f) counsel

for the agent under the Debtors' prepetition credit facility, and (g) counsel for the agent under the

Debtors' postpetition credit facility.

2

6.    The rejection of the Lease and abandonment of Expendable Property shall become effective on the Rejection Date without further Court order unless an objection (the "Objection") thereto and request for hearing is sent so as to be <u>received</u> by the Debtors and their undersigned counsel within the ten-day period referenced in paragraph 4 hereof.  In the event that a proper and timely Objection is served in accordance with this paragraph, and the Debtors and the objecting party are not able to reach a consensual resolution of the Objection, the Debtors shall schedule a hearing on the Objection with this Court and provide notice of the hearing to the objecting party and other parties-in-interest.  In the event that this Court overrules the Objection or the Objection relates only to rejection damages or Expendable Property, such Lease shall still be deemed rejected as of the Rejection Date.

7.    The Debtors shall have until the later of the Rejection Date or the date provided in each Lease to remove property from the leased premises.  To the extent that any Expendable Property remains in the leased premises after the Rejection Date or such later date as provided for in the Lease, the Expendable Property shall be deemed abandoned to the landlord of the Lease, which landlord shall be entitled to remove or dispose of such property in its sole discretion without liability to any party which might claim an interest in the Expendable Property and which was served with a copy of the Rejection Notice.

8.    Unless a party serves an Objection in accordance with the procedures set forth above, any expense incurred by a Lessor in the removal or disposal of Expendable Property shall not be treated as an administrative expense under section 503(b)(1) of the Bankruptcy Code.  If a party properly serves an Objection, then the nature and priority of any claim asserted by such Objection shall be agreed to consensually by the parties or determined by a subsequent order of this Court.  Notwithstanding the foregoing, the Debtors request that the time necessary to resolve

3

any disputes relating to such Expendable Property not alter the effectiveness of the Rejection

Date as stated in the applicable Rejection Notice.

9.   Parties shall have until the later of the general bar date for filing prepetition

general unsecured claims as may be established in these cases or 30 days from the Rejection

Date to file a proof of claim for damages arising from such rejection.  Any claims not timely

filed shall be forever barred.

10. The Debtors shall pay rent on a per diem basis as charges accrue under the

Lease for the month in which the Rejection Date of a Lease occurs.

11. If any Debtor has deposited monies with a Lessor as a security or other kind

of deposit or pursuant to another similar arrangement, such Lessor shall not be permitted to set

off or otherwise use the monies from such deposit or other arrangement without the prior order

of this Court unless such amounts can be set off pursuant to paragraph 18 of the Order Under 11

U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), And 364(e) and Fed. R.

Bankr. P. 2002, 4001, And 9014 (I) Authorizing Debtors To Obtain Postpetition Financing, (II)

To Utilize Cash Collateral, And (III) Granting Adequate Protection to Prepetition Secured

Parties (Docket No. 797).

12. Nothing in this order shall authorize the Debtors to abandon certain leased

equipment which is the subject of the Master Lease dated August 1, 2005 between General

Electric Capital Corporation and Delphi Corporation.

13. Notwithstanding anything in this Order to the contrary: (i) any Notice of

Rejection relating to the Lease ("Warren Lease") for 4551 Research Parkway, Warren, Ohio

("Warren Premises") shall be served upon counsel for Orix Warren, LLC ("Orix") in the time

and manner set forth in Paragraph 5 above; (ii) Debtors shall surrender possession of the Warren

4

Premises on or before the applicable Rejection Date, provided however, that both the Debtors

and Orix reserve all rights with regard to the effective date of rejection if the Debtors do not

surrender possession of the Warren Premises to Orix on or before the proposed applicable

Rejection Date; (iii) Debtors are not and shall not be authorized to remove personalty from the

Warren Premises in violation of the Warren Lease and/or applicable state law; and (iv) both the

Debtors and Orix reserve all rights with regard to any proposal by the Debtors to abandon

personalty at the Warren Premises should the Debtors seek to reject the Warren Lease.

14. This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

15. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the

United States Bankruptcy Court for the Southern District of New York for the service and filing

of a separate memorandum of law is deemed satisfied by the Motion.

Dated:      New York, New York
            January 6, 2006

                                        /s/ Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE

5