**Objection Deadline: April 27, 2006**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF INTENTION TO ENTER INTO OR RENEW REAL PROPERTY LEASE
**(Northfield Crossing, Troy, Michigan Lease)**

1.  ORDER APPROVING ENTERING INTO NEW LEASES

PLEASE TAKE NOTICE that on January 6, 2006, the United States Bankruptcy Court for the Southern District of New York entered an Order Under 11 U.S.C. §§ 363, 1107, And 1108 Approving Procedures To Enter Into Or Renew Real Property Leases Without Further Court Approval (the "Order," a copy of which is attached hereto as Exhibit 1). The Order authorized the above-captioned debtors and debtors-in-possession (the "Debtors") to enter into the following real property lease (the "Lease") upon notice to the Notice Parties (as defined in the Order) without further Court approval:

Location of Lease:

**Northfield Crossing
1441 Long Lake Road
Troy, Michigan**

2.  LEASE EFFECTIVE DATE

PLEASE TAKE FURTHER NOTICE that the Debtors intend to enter into the Lease on or after April 28, 2006, unless an objection is served in the manner described in the Order.

3. <u>LESSOR</u>

Wells Operating Partnership, LP

PLEASE TAKE FURTHER NOTICE that the Lessor under the Lease is not an "insider" as defined in 11 U.S.C. §101(31).

4. <u>DESCRIPTION OF LEASE TERMS</u>

PLEASE TAKE FURTHER NOTICE that a description of the terms of the Lease is attached hereto as Exhibit 2.

Dated: New York, New York
       April 13, 2006

                          SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP

By:  /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr. (JB 4711)
     John K. Lyons (JL 4951)
     Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

    - and -

By:  /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, <u>et al.</u>,
  Debtors and Debtors-in-Possession

Exhibit 1 - Order

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
    In re                                   :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                        Debtors.            :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

ORDER UNDER 11 U.S.C. §§ 363, 1107, AND 1108 APPROVING
PROCEDURES TO ENTER INTO OR RENEW REAL PROPERTY
<u>LEASES WITHOUT FURTHER COURT APPROVAL</u>

("LEASE PROCEDURES ORDER")

Upon the motion, dated December 16, 2005 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 365, 1107, and 1108 approving procedures to enter into new or renew existing non-residential leases or subleases of real property (the "Leases") without further Court approval; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED as provided herein.



2. The Debtors are hereby authorized but not directed to enter into or renew the Leases without further Court approval, subject to the procedures set forth below.

3. For a Lease with average Lease obligations of $200,000 or less per annum or Lease obligations of $1 million or less in the aggregate (a "De Minimis Lease"), the Debtors shall be authorized but not directed to enter into or renew a De Minimis Lease without further Bankruptcy Court approval. The Debtors, however, shall use reasonable efforts to provide notice of the terms of any De Minimis Lease it intends to enter into to counsel for the Official Committee of Unsecured Creditors prior to entering into such De Minimis Lease. In the event Debtors are unable to provide such notice to counsel for the Official Committee of Unsecured Creditors prior to entering into a De Minimis Lease, Debtors shall provide such notice after the Debtors enter into the De Minimis Lease. Notwithstanding the foregoing, if a lessor under a De Minimis Lease is an "insider" as defined in section 101(31) of the Bankruptcy Code, the Debtors shall comply with the procedures set forth in paragraph 4 herein.

4. For a Lease with average lease obligations of $200,001 or more per annum or Lease obligations in excess of $1 million up to and including $5 million in the aggregate, the Debtors shall give notice of their intention to enter into or renew such Lease (the "Lease Notice") to (a) the Office of the United States Trustee for the Southern District of New York, (b) counsel for the Official Committee of Unsecured Creditors, (c) counsel for the agent under the Debtors' prepetition credit facility, and (d) counsel for the agent under the Debtors' post-petition facility (collectively, the "Notice Parties"). The Debtors shall serve the Lease Notice by facsimile, overnight delivery, or hand delivery. The Lease Notice shall include the following information: (a) the proposed Lease to be entered into or renewed, (b) the identity of the lessor (including a statement as to whether the proposed lessor is an "insider" as defined in section 101(31) of the

2

Bankruptcy Code), and (c) a description of the terms of the proposed Lease.  The Notice Parties shall have ten business days following initial receipt of the Lease Notice to object to or request additional time to evaluate the proposed Lease.  If counsel to the Debtors receives no written objection or written request for additional time prior to the expiration of such ten business day period, the Debtors shall be authorized to enter into or renew the Lease.  If a Notice Party objects to the proposed Lease within ten business days after the Lease Notice is received, the Debtors and such objecting Notice Party shall meet and confer in an attempt to negotiate a consensual resolution.  Should either party determine that an impasse exists, then the Debtors shall move the Bankruptcy Court for authority to enter into or renew the Lease, as the case may be, upon notice to the objecting party and other parties-in-interest in accordance with the Court's Case Management Order entered on October 14, 2005 ("Case Management Order").

       5.   For a Lease with Lease obligations in excess of $5 million in the aggregate, the Debtors will be authorized to enter into the Lease only after obtaining Bankruptcy Court approval of the proposed Lease after notice and a hearing.

       6.   This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

       7.   The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
           January 6, 2006

                                              /s/ Robert D. Drain
                                              UNITED STATES BANKRUPTCY JUDGE

<u>Exhibit 2 - Lease Extension Terms</u>

1. Landlord: Wells Operating Partnership, LP
   6200 The Corners Parkway
   Norcross, Georgia 30092-3365

2. Tenant: Delphi Automotive Systems LLC

3. Premises: Entire building containing approximately 107,152 square feet known as Northfield Crossing and located at 1441 Long Lake Road, Troy, Michigan

4. Commencement Date: Extension option beginning May 1, 2007

5. Expiration Date: April 30, 2012

6. Monthly Net Rent: Pursuant to the terms of the extension option provided for in the lease, the rent during the extension option is to equal 95% of the Fair Market Rate for the Premises. Should a dispute about the Fair Market Rate occur, the parties will submit the issue to an Appraisal Procedure outlined under the current Lease.

   Note: the current monthly base rent is $176,354 (increases to $180,819 on May 1, 2006); current monthly parking rent (88 underground spaces at $75 per month per space) is $6,600.

7. Common Area Expense, Taxes, And Utilities: Tenant is responsible for all property taxes, utilities, and maintenance of the building and property.

8. Permitted Use: General office purposes

9. Extension Option: One additional period of five (5) years at 95% of the Fair Market Rate at the time of renewal.