IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :

In re                            :    Chapter 11

                                      :

DELPHI CORPORATION, et al.,      :    Case No. 05-44481 (RDD)

                                      :

                   Debtors.    :    (Jointly Administered)

                                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

      I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants, LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

      On April 6, 2006, I caused to be served the documents listed below (i) upon the parties listed on Exhibit A hereto via overnight delivery, (ii) upon the parties listed on Exhibit B hereto via electronic notification, and (iii) upon the parties listed on Exhibit C hereto via postage pre-paid U.S. mail:

1) Declaration of John D. Sheehan in Support of the Debtors' Objection to Motion for Order Directing Debtor Delphi Automotive Systems, LLC to Determine Within 150 Days Whether to Assume or Reject Its Nonresidential Real Property Lease with Cherokee North Kansas City, LLC  (Docket No. 3131) [a copy of which is attached hereto as Exhibit D]

2) Debtors' Objection to Joinder of Appaloosa Management, L.P. in the Motion of the Official Committee of Unsecured Creditors for an Order Compelling the Production of Documents by General Motors Corporation Pursuant to Fed. R. Bankr. P. 2004 (Docket No. 3137) [a copy of which is attached hereto as Exhibit E]

3) Reply to Limited Response of General Motors Corporation to Debtors' Motion for Approval of Joint Interest Agreement Between Debtors and Official Committee of Unsecured Creditors, Implementation of Protective Order and Approval of Procedures to Protect Information in Fee Statement (Docket No. 3138) [a copy of which is attached hereto as Exhibit F]

4) Debtors' Omnibus Reply to Objections to Motion for Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving the Debtors' Human Capital Hourly Attrition Programs (Docket No. 3141) [a copy of which is attached hereto as Exhibit G]

On April 6, 2006, I caused to be served the document listed below upon the parties listed on Exhibit H hereto via overnight delivery:

5) Declaration of John D. Sheehan in Support of the Debtors' Objection to Motion for Order Directing Debtor Delphi Automotive Systems, LLC to Determine Within 150 Days Whether to Assume or Reject Its Nonresidential Real Property Lease with Cherokee North Kansas City, LLC  (Docket No. 3131) [a copy of which is attached hereto as Exhibit D]

On April 6, 2006, I caused to be served the document listed below upon the parties listed on Exhibit I hereto via overnight delivery:

6) Debtors' Omnibus Reply to Objections to Motion for Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving the Debtors' Human Capital Hourly Attrition Programs (Docket No. 3141) [a copy of which is attached hereto as Exhibit G]

Dated: April 13, 2006

_____/s/ Evan Gershbein_____
Evan Gershbein

Subscribed and sworn to (or affirmed) before me on this 13th day of April, 2006, by Evan Gershbein, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature : ____/s/ Sarah Elizabeth Frankel_____

Commission Expires: ___12/23/08___

# EXHIBIT A

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Capital Research and Management Company | Michelle Robson | 11100 Santa Monica Blvd | 15th Floor | Los Angeles | CA | 90025 | 310-996-6140 | 310-996-6091 | mlfr@capgroup.com | Creditor Committee Member |
| Cohen Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | b.simon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel for Flextronics International USA, Inc. |
| Davis Polk & Wardwell | Donald Bernstein | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 | 212-450-3092 | donald.bernstein@dpw.com | Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com  karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | cshiff@flextronics.com | Counsel for Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | paul.anderson@flextronics.com | Counsel for Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel for Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 152 West 57th Street | 35th Floor | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel for Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Internal Revenue Service | Attn: Insolvency Department, Maria Valerio | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-436-1038 | 212-436-1931 | mariaivalerio@irs.gov | IRS |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | | 313-628-3648 | 313-628-3602 | | Michigan IRS |
| IUE-CWA | Henry Reichard | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | hreichardiuecwa@aol.com | Creditor Committee Member |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.fmaher@chase.com  richard.duker@jpmorgan.com  gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | James Le | 12910 Culver Blvd. | Suite I | Los Angeles | CA | 90066 | 310-751-1511 | 310-751-1561 | jle@kccllc.com | Noticing and Claims Agent: |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | UCC Professional |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 3

4/11/2006 5:11 PM
Master Service List

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Law Debenture Trust of New York | Daniel R. Fisher | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel for Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel for Recticel North America, Inc. |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Mesirow Financial | Melissa Knolls | 321 N. Clark St. | 13th Floor | Chicago | IL | 60601 | 800-453-0600 | 312-644-8927 | mknoll@mesirowfinancial.com | UCC Professional |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel for Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | ServeAG@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Meyer LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Meyer LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov efile@pbgc.gov | Counsel for Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel for the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel for Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | 2122185526 | rdremluk@seyfarth.com | Counsel for Murata Electroncs North |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Prepetition Administrative Agent |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 3

4/11/2006 5:11 PM
Master Service List

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel for Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Tyco Electronics Corporation | MaryAnn Brereton, Assistant General Counsel | 60 Columbia Road | | Morristown | NJ | 7960 | 973-656-8365 | 973-656-8805 | | Creditor Committee Member |
| United States Trustee | Deirdre A. Martini | 33 Whitehall Street | Suite 2100 | New York | NY | 10004 | 212-510-0500 | 212-668-2256 | deirdre.martini@usdoj.gov (Do not use for service) | United States Trustee |
| United States Trustee | Alicia M. Leonard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | United States Trustee |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Proposed Conflicts Counsel for the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeffrey.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

4/11/2006 5:11 PM
Master Service List

# EXHIBIT B

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Capital Research and Management Company | Michelle Robson | 11100 Santa Monica Blvd | 15th Floor | Los Angeles | CA | 90025 | 310-996-6140 | 310-996-6091 | mlfr@capgroup.com | Creditor Committee Member |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel for Flextronics International USA, Inc. |
| Davis Polk & Wardwell | Donald Bernstein | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 | 212-450-3092 | donald.bernstein@dpw.com | Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | cschiff@flextronics.com | Counsel for Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | paul.anderson@flextronics.com | Counsel for Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel for Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 152 West 57th Street | 35th Floor | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel for Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| IUE-CWA | Henry Reichard | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | hreichardiuecwa@aol.com | Creditor Committee Member |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | richard.duker@jpmorgan.com gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | James Le | 12910 Culver Blvd. | Suite I | Los Angeles | CA | 90066 | 310-751-1511 | 310-751-1561 | jle@kccllc.com | Noticing and Claims Agent: |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | UCC Professional |
| Law Debenture Trust of New York | Daniel R. Fisher | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel for Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel for Recticel North America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 3

4/11/2006 5:11 PM
Master Service List

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Mesirow Financial | Melissa Knolls | 321 N. Clark St. | 13th Floor | Chicago | IL | 60601 | 800-453-0600 | 312-644-8927 | mknoll@mesirowfinancial.com | UCC Professional |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel for Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | ServeAG@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Meyer LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Meyer LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov efile@pbgc.gov | Counsel for Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel for the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel for Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | 2122185526 | rdremluk@seyfarth.com | Counsel for Murata Electroncs North |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel for the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth V. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Prepetition Administrative Agent |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel for Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 3

4/11/2006 5:11 PM
Master Service List

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Proposed Conflicts Counsel for the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

4/11/2006 5:11 PM
Master Service List

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | | 610-230-3064 | 310-687-1052 | david.boyle@airgas.com | Counsel for Airgas, Inc. |
| Ajamie LLP | Thomas A. Ajamie | 711 Louisiana | Suite 2150 | Houston | TX | 77002 | | 713-860-1600 | 713-860-1699 | tajamie@ajamie.com | Counsel for SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Akebono Corporation (North America) | Alan Swiech | 34385 Twelve Mile Road | | Farminton Hills | MI | 48331 | | 248-489-7406 | 866-609-0888 | aswiech@akebono-usa.com | Vice President of Administration for Akebono Corporation |
| Akin Gump Strauss Hauer & Feld, LLP | Peter J. Gurfein | 2029 Centure Park East | Suite 2400 | Los Angeles | CA | 90067 | | 310-552-6696 | 310-229-1001 | pgurfein@akingump.com | Counsel for Wamco, Inc. |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | 949-553-8354 | mgreger@allenmatkins.com | Counsel for Kilroy Realty, L.P. |
| Alston & Bird, LLP | Craig E. Freeman | 90 Park Avenue | | New York | NY | 10016 | | 212-210-9400 | 212-922-3891 | craig.freeman@alston.com | Counsel for Cadence Innovation, LLC |
| Alston & Bird, LLP | Dennis J. Connolly; David A. Wender | 1201 West Peachtree Street | | Atlanta | GA | 30309 | | 404-881-7269 | 404-253-8554 | dconnolly@alston.com dwender@alston.com | Counsel for Cadence Innovation, LLC |
| Ambrake Corporation | Ronald L. Jones | 300 Ring Road | | Elizabethtown | KY | 42701 | | 270-765-0208 | 270-234-2395 | rjones@ambrake.com | Representative for Ambrake Corporation |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Andrews Kurth LLP | Gogi Malik | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | gogimalik@andrewskurth.com | Counsel for ITW Mortgage Investments IV, Inc. |
| Andrews Kurth LLP | Monica S. Blacker | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | mblacker@andrewskurth.com | Counsel for ITW Mortgage Investments IV, Inc. |
| Angelo, Gordon & Co. | Leigh Walzer | 245 Park Avenue | 26th Floor | New York | NY | 10167 | | 212-692-8251 | 212-867-6395 | lwalzer@angelogordon.com | Counsel for Angelo, Gordon & Co. |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | 626-577-7764 | mtf@afrct.com | Counsel for Stanley Electric Sales of America, Inc. |
| APS Clearing, Inc. | Andy Leinhoff | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | | 512-314-4416 | 512-314-4462 | aleinoff@amph.com | Counsel for APS Clearing, Inc. |
| APS Clearing, Inc. | Matthew Hamilton | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | | 512-314-4416 | 512-314-4462 | mhamilton@ampn.com | Counsel for APS Clearing, Inc. |
| Arent Fox PLLC | Mitchell D. Cohen | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Cohen.Mitchell@arentfox.com | Counsel for Pullman Bank and Trust Company |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Hirsh.Robert@arentfox.com | Counsel for Pullman Bank and Trust Company |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | 404-873-8121 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | 202-942-5999 | joel_gross@aporter.com | Counsel for CSX Transportation, Inc. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | 519-650-6520 | cgalloway@atsautomation.com | Company |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | Kimberly J. Robinson | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | | 312-629-5170 | 312-984-3150 | kim.robinson@bfkpn.com | Counsel for Motion Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | William J. Barrett | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | | 312-629-5170 | 312-984-3150 | william.barrett@bfkpn.com | Counsel for Motion Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | alan.mills@btlaw.com | Counsel for Mays Chemical Company |
| Barnes & Thornburg LLP | John T. Gregg | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3930 | 626-742-3999 | john.gregg@btlaw.com | Counsel to Priority Health |
| Barnes & Thornburg LLP | Patrick E. Mears | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3936 | 616-742-3999 | pmears@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Michael K. McCrory Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | wendy.brewer@btlaw.com michael.mccrory@btlaw.com | Counsel for Gibbs Die Casting Company |
| Bartlett Hackett Feinberg P.C. | Frank F. McGinn | 155 Federal Street | 9th Floor | Boston | MA | 02110 | | 617-422-0200 | 617-422-0383 | ffm@bostonbusinesslaw.com | Counsel for Iron Mountain Information Management, Inc. |
| Bernstein Litowitz Berger & Grossman | Eileen McNerney | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1485 | 212-554-1444 | eileen@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | 2125541444 | hannah@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | John P. Coffey | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1409 | 2125541444 | sean@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | | 313-496-1200 | 313-496-1300 | murph@berrymoorman.com | Counsel for Kamax L.P.; Optrex America, Inc. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc. |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 13

4/11/2006 5:11 PM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Bialson, Bergen & Schwab | Patrick M. Costello, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | pcostello@bbslaw.com | Solectron Corporation; Solectron de Mexico SA de CV; Solectron Invotronics and Coherent, Inc. |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | tgaa@bbslaw.com | Counsel to Veritas Software Corporation |
| Blank Rome LLP | Bonnie Glantz Fatell | Chase Manhattan Centre | 1201 Market Street, Suite 800 | Wilmington | DE | 19801 | | 302-425-6423 | 302-428-5110 | fatell@blankrome.com | Counsel for Special Devices, Inc. |
| Blank Rome LLP | Marc E. Richards | The Chrylser Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | 212-885-5002 | mrichards@blankrome.com | Counsel for DENSO International America, Inc. |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | 313-393-7579 | rmcdowell@bodmanllp.com | Counsel for Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | chill@bsk.com | Counsel for Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | csullivan@bsk.com | Counsel for Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | sdonato@bsk.com | Counsel for Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Bose McKinney & Evans LLP | Jeannette Eisan Hinshaw | 135 N. Pennslyvania Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-684-5296 | 317-684-5173 | jhinshaw@boselaw.com | Counsel for Decatur Plastics Products, Inc. and Eikenberry & Associates, Inc.; Lorentson Manufacturing, Company, Inc.; Lorentson Tooling, Inc.; L & S Tools, Inc.; Hewitt Tool & Die, Inc. |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | amcmullen@bccb.com | Counsel for Calsonic Kansei North America, Inc.; Calsonic Kansei North America, Inc.; Calsonic Kansei North Co., Ltd |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | rjones@bccb.com | Counsel for Calsonic Kansei North America, Inc.; Calsonic Kansei North Co., Ltd |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | 856-853-9933 | dludman@brownconnery.com | Counsel for SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | 415-227-0770 | schristianson@buchalter.com | Counsel for Oracle USA, Inc.; Oracle Credit Corporation |
| Burr & Forman LLP | Michael Leo Hall | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | | (205) 458-5367 | (205) 244-5651 | mhall@burr.com | Counsel to Mercedes-Benz U.S. International, Inc |
| Cage Williams & Abelman, P.C. | Steven E. Abelman | 1433 Seventeenth Street | | Denver | CO | 80202 | | 303-295-0202 | | sabelman@cagewilliams.com | Counsel for United Power, Inc. |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 732-205-6777 | jonathan.greenberg@engelhard.com | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Robert Usadi | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 212-269-5420 | rusadi@cahill.com | Counsel to Engelhard Corporation |
| Calinoff & Katz, LLp | Dorothy H. Marinis-Riggio | 140 East 45th Street | 17th Floor | New York | NY | 10017 | | 212-826-8800 | 212-644-5123 | driggio@candklaw.com | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 300 East Maple Road | Third Floor | Birmingham | MI | 48009-6317 | | 248-644-4840 | 248-644-1832 | rweisberg@carsonfischer.com | Counsel for Cascade Die Casting Group, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | 212-732-3232 | cahn@clm.com | Counsel for STMicroelectronics, Inc. |
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | japplebaum@clarkhill.com | Counsel for BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLC | Seth A. Drucker | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | sdrucker@clarkhill.com | Counsel for BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | 313-965-8252 | rgordon@clarkhill.com | Counsel for ATS Automation Tooling Systems Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel for Arneses Electricos Automotrices, S.A.de C.V.; Cordaflex, S.A. de C.V. |
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | 15th Floor | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel for Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | 412-209-1837 | tmaxson@cohenlaw.com | Counsel for Nova Chemicals, Inc. |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 13

4/11/2006 5:11 PM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Cohen, Weiss & Simon LLP | Joseph J. Vitale | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | 646-473-8238 | jvitale@cwsny.com | Counsel for International Union, United Automobile, Aerospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | 860-727-0361 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Colbert & Winstead, P.C. | Amy Wood Malone | 1812 Broadway | | Nashville | TN | 37203 | | 615-321-0555 | 615-321-9555 | amalone@colwinlaw.com | Counsel for Averitt Express, Inc. |
| Conlin, McKenney & Philbrick, P.C. | Bruce N. Elliott | 350 South Main Street | Suite 400 | Ann Arbor | MI | 48104 | | 734-971-9000 | 734-971-9001 | Elliott@cmplaw.com | Counsel to Brazeway, Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | 302-658-0380 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |
| Contrarian Capital Management, L.L.C. | Mark Lee, Janice Stanton, Bill Raine, Seth Lax | 411 West Putnam Avenue | Suite 225 | Greenwich | CT | 06830 | | 203-862-8200 (230) 862-8231 | 203-629-1977 (203) 629-1977 | mlee@contrariancapital.com jstanton@contrariancapital.com wraine@contrariancapital.com solax@contrariancapital.com | Counsel to Contrarian Capital Management, L.L.C. |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Sylvie J. Derrien | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | derrien@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Company |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | Pretekin@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Company |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Steven M. Wachstein | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | wachstein@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Company |
| Cornell University | Nancy H. Pagliaro | Office of University Counsel | 300 CCC Building, Garden Avenue | Ithaca | NY | 14853-2601 | | 607-255-5124 | 607-254-3556 | nhp4@cornell.edu | Paralegal/Counsel for Cornell University |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | dpm@curtinheefner.com | Counsel for SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Green Stop Nut, Inc. |
| Curtin & Heefner, LLP | Robert Szwajkos | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | rsz@curtinheefner.com | Counsel for SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Green Stop Nut, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Andrew M. Thau | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-8898 | 917-368-8898 | athau@cm-p.com | Counsel for Flextronics International, Inc.; Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | David S. Karp | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6065 | 212-697-1559 | dkarp@cm-p.com | Counsel for Flextronics International, Inc.; Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6065 | 212-697-1559 | sreisman@cm-p.com | Counsel for Flextronics International, Inc.; Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| DaimlerChrysler Corporation | Kim Kolb | CIMS 485-13-32 | 1000 Chrysler Drive | Auburn Hills | MI | 48326-2766 | | 248-576-5741 | | krk4@daimlerchrysler.com | Counsel for DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrylser Canada, Inc. |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | 716-856-5510 | wsavino@damonmorey.com | Counsel for Relco, Inc.; The Durham Companies, Inc. |
| Daniels & Kaplan, P.C. | Jay Selanders | 2405 Grand Boulevard | Suite 900 | Kansas City | MO | 64108-2519 | | 816-221-3086 | 816-221-3006 | selanders@danielsandkaplan.com | Counsel for DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrylser Canada, Inc. |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | 248-350-7772 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| Deputy Attorney General | Amina Maddox | R.J. Hughes Justice Complex | P.O. Box 106 | Trenton | NJ | 08625 | | 609-984-0183 | 609-292-6296 | amina.maddox@dol.lps.state.nj.us | Deputy Attorney General - State of New Jersey |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | | 212-682-4940 | 212-682-4942 | gdiconza@dlawpc.com | Counsel to Tyz-All Plastics, Inc.; Furukawa Electric North America APD |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | 513-977-8141 | john.persiani@dinslaw.com | Counsel for The Procter & Gamble Company |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | 410-580-3001 | richard.kremen@dlapiper.com | Counsel for Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | dmdelphi@duanemorris.com | Counsel to ACE American Insurance Company |
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | 973-424-2001 | jhlemkin@duanemorris.com | Counsel for NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; Hosiden America Corporation and Samtech Corporation |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | 212-715-8000 | ayala.hassell@eds.com | Representative for Electronic Data Systems Corporation |
| Entergy Services, Inc. | Alan H. Katz | 7411 Highway 51 North | | Southaven | MS | 38671 | | | | akatz@entergy.com | Company |
| Erman, Teicher, Miller, Zucker & Freedman, P.C. | David H. Freedman | 400 Galleria Officentre | Ste. 444 | Southfield | MI | 48034 | | 248-827-4100 | 248-827-4106 | dfreedman@ermanteicher.com | Counsel for Doshi Prettl International, LLC |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | | 516-227-6300 | 516-227-6307 | gettelman@e-hlaw.com | Counsel for Jon Ballin |
| Fagel Haber LLC | Gary E. Green | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | ggreen@fagelhaber.com | Counsel for Aluminum International, Inc. |
| Fagel Haber LLC | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | lnewman@fagelhaber.com | Counsel for Aluminum International, Inc. |
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | 212-422-6836 | tdonovan@finkgold.com | Counsel for Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | 312-832-4700 | jmurch@foley.com | Counsel for Kuss Corporation |
| Fox Rothschild LLP | Fred Stevens | 13 East 37th Street | Suite 800 | New York | NY | 10016 | | 212-682-7575 | 212-682-4216 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Fox Rothschild LLP | Michael J. Viscount, Jr. | 1301 Atlantic Avenue | Suite 400 | Atlantic City | NJ | 08401-7212 | | 609-348-4515 | 609-348-6834 | mviscount@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | 608-848-6357 | ftrikkers@rikkerslaw.com | Counsel for Southwest Metal Finishing, Inc. |
| Gazes LLC | Ian J. Gazes | 32 Avenue of the Americas | | New York | NY | 10013 | | 212-765-9000 | 212-765-9675 | ian@gazesllc.com | Counsel to Setech, Inc. |
| Gazes LLC | Eric Wainer | 32 Avenue of the Americas | Suite 1800 | New York | NY | 10013 | | 212-765-9000 | 212-765-9675 | office@gazesllc.com | Counsel to Setech, Inc. |
| Genovese Joblove & Battista, P.A. | Craig P. Rieders, Esq. | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | | 305-349-2300 | 305-349-2310 | crieders@gjb-law.com | Counsel for Ryder Integrated Logistics, Inc. |
| Gibbons, Del Deo, Dolan, Griffinger & Vecchione | David N. Crapo | One Riverfront Plaza | | Newark | NJ | 07102-5497 | | 973-596-4523 | 973-639-6244 | dcrapo@gibbonslaw.com | Counsel for Epcos, Inc. |
| Goldberg, Stinnett, Meyers & Davis | Merle C. Meyers | 44 Montgomery Street | Suite 2900 | San Francisco | CA | 94104 | | 415-362-5045 | 415-362-2392 | mmeyers@gsmdlaw.com | Counsel for Alps Automotive, Inc. |
| Goodwin Proctor LLP | Allan S. Brilliant | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | abrilliant@goodwinproctor.com | Counsel for UGS Corp. |
| Goodwin Proctor LLP | Craig P. Druehl | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | cdruehl@goodwinproctor.com | Counsel for UGS Corp. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | 212-269-2540 | bmehlsack@gklaw.com | Counsel for International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | 617-574-4112 | pbilowz@goulstonstorrs.com | Counsel for Thermotech Company |
| Grant & Eisenhofer P.A. | Geoffrey C. Jarvis | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | 302-622-7100 | gjarvis@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | 212-755-6503 | jeisenhofer@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Sharan Nirmul | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | 302-622-7100 | snirmul@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | jh@previant.com | Counsel for International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | mrr@previant.com | Counsel for International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Gratz, Miller & Brueggeman, S.C. | Timothy C. Hall | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | tch@previant.com | Counsel for International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | 513-651-3836 | mdebbeler@graydon.com | Counsel for Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | 314-241-8624 | ckm@greensfelder.com jpb@greensfelder.com | Counsel for ARC Automotive, Inc. |
| Guaranty Bank | Herb Reiner | 8333 Douglas Avenue | | Dallas | TX | 75225 | | 214-360-2722 | 214-360-1940 | herb.reiner@guarantygroup.com | Counsel for American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J Battaglia Julie D. Dyas | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | 212-765-0964 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net jdyas@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation; ARC Automotive, Inc |
| Harris D. Leinwand | Harris D. Leinwand | 350 Fifth Avenue | Suite 2418 | New York | NY | 10118 | | 212-725-7338 | 212-244-6219 | hleinwand@aol.com | Counsel for Baker Hughes Incorporated; Baker Petrolite Corporation |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | 212-545-3360 | prubin@herrick.com | Counsel for Canon U.S.A., Inc. and Schmidt Technology GmbH |
| Hewlett-Packard Company | Anne Marie Kennelly | 3000 Hanover St., M/S 1050 | | Palo Alto | CA | 94304 | | 650-857-6902 | 650-852-8617 | anne.kennelly@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Glen Dumont | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4750 | 908-898-4137 | glen.dumont@hp.com | Counsel for Hewlett-Packard Financial Services Company |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | 740-940-7539 | ken.higman@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | 908-898-4133 | sharon.petrosino@hp.com | Counsel for Hewlett-Packard Financial Services Company |
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | 315-425-8576 | echarlton@hiscockbarclay.com | Counsel for GW Plastics, Inc. |
| Hodgson Russ LLP | Cheryl R. Storie | One M&T Plaza | Suite 2000 | Buffalo | NY | 14203 | | 716-848-1275 | 716-849-0349 | cstorie@hodgsonruss.com | Counsel for Hexcel Corporation |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | 230 Park Avenue | 17th Floor | New York | NY | 10169 | | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hogan & Hartson L.L.P. | Audrey Moog | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | amoog@hhlaw.com | Counsel for Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | ecdolan@hhlaw.com | Counsel for Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | 212-918-3100 | sagolden@hhlaw.com | Counsel for XM Satellite Radio Inc. |
| Holme Roberts & Owen, LLP | Elizabeth K. Flaagan | 1700 Lincoln | Suite 4100 | Denver | CO | 80203 | | 303-861-7000 | 303-866-0200 | elizabeth.flaagan@hro.com | Counsel for CoorsTek, Inc.; Corus, L.P. |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | 313-465-7315 | dbaty@honigman.com | Counsel for Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | Robert B. Weiss, Frank L. Gorman | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | | 313-465-7000 | 313-465-8000 | rweiss@honigman.com fgorman@honigman.com | Counsel for General Motors Corporation |
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7548 | 313-465-7549 | tsable@honigman.com | Counsel for Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | 419-255-9121 | jrhunter@hunterschank.com | Counsel for ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | 419-255-9121 | tomschank@hunterschank.com | Counsel for ZF Group North America Operations, Inc. |
| Hunton & Wiliams LLP | Michael P. Massad, Jr. | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | mmassad@hunton.com | Counsel for RF Monolithics, Inc. |
| Hunton & Wiliams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | sholmes@hunton.com | Counsel for RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | 716-855-0874 | aee@hurwitzfine.com | Counsel for Jiffy-Tite Co., Inc. |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | 317-236-2219 | Ben.Caughey@icemiller.com | Counsel for Sumco, Inc. |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | 408-501-2488 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | 765-456-3836 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | 202-778-2641 | rgriffin@iuoe.org | Counsel for International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Jaffe, Raitt, Heuer & Weiss, P.C. | Paige E. Barr | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | | 248-351-3000 | 248-351-3082 | pbarr@jaffelaw.com | Counsel for Trutron Corporation |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | 312-840-7381 | rpeterson@jenner.com | Counsel for SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC and Tenneco Inc. |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | 212-755-7306 | sjfriedman@jonesday.com | Counsel for WL, Ross & Co., LLC |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | 312-577-4733 | john.sieger@kattenlaw.com | Counsel for TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | 614-464-2634 | kcookson@keglerbrown.com | Counsel for Solution Recovery Services |
| Keller Rohrback L.L.P. | Lynn Lincoln Sarko   Cari Campen Laufenberg   Erin M. Rily | 1201 Third Avenue | Suite 3200 | Seattle | WA | 98101 | | 206-623-1900 | 206-623-3384 | lsarko@kellerrohrback.com claufenberg@kellerrohrback.com erriley@kellerrohrback.com | Counsel for Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Keller Rohrback P.L.C. | Gary A. Gotto | National Bank Plaza | 3101 North Central Avenue, Suite 900 | Phoenix | AZ | 85012 | | 602-248-0088 | 602-248-2822 | ggotto@kellerrohrback.com | Counsel for Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Kelley Drye & Warren, LLP | Mark I. Bane | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | 212-808-7897 | mbane@kelleydrye.com | Counsel for the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Mark. R. Somerstein | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | 212-808-7897 | msomerstein@kelleydrye.com | Counsel for the Pension Benefit Guaranty Corporation |
| Kennedy, Jennick & Murray | Larry Magarik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | lmagarik@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | sjennik@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | tkennedy@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| King & Spalding, LLP | George B. South, III | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | 212-556-2222 | gsouth@kslaw.com | Counsel for Martinrea International, Inc. |
| Kirkland & Ellis LLP | Geoffrey A. Richards | 200 East Randolph Drive | | Chicago | IL | 60601 | | 312-861-2000 | 312-861-2200 | grichards@kirkland.com | Counsel for Lunt Mannufacturing Company |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | 212-536-3901 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Klett Rooney Lieber & Schorling | Eric L. Schnabel   DeWitt Brown | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | | (302) 552-4200 | | schnabel@klettrooney.com dbrown@klettrooney.com | Counsel for Entergy |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | 330-497-4020 | sosimmerman@kwgd.com | Counsel for Millwood, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | | 617-542-3000 | 617-542-3001 | ekutchin@kutchinrufo.com | Counsel for Parlex Corporation |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | | 617-542-3000 | 617-542-3001 | knorthup@kutchinrufo.com | Counsel for Parlex Corporation |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | | smcook@lambertleser.com | Counsel for Linamar Corporation |
| Latham & Watkins | Erika Ruiz | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | erika.ruiz@lw.com | UCC Professional |
| Latham & Watkins | Henry P. Baer, Jr. | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | henry.baer@lw.com | UCC Professional |
| Latham & Watkins | John W. Weiss | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | john.weiss@lw.com | UCC Professional |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | 212-751-4864 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | mitchell.seider@lw.com | UCC Professional |
| Latham & Watkins | Robert Rosenberg | 885 Third Avenue | Suite 1000 | New York | NY | 10022-4834 | | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | UCC Professional |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | 520-879-4705 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | 602-734-3824 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linear Technology Corporation | John England, Esq. | 1630 McCarthy Blvd. | | Milpitas | CA | 95035-7417 | | 408-432-1900 | 408-434-0507 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | 512-443-5114 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | 4692215002 | dallas.bankruptcy@publicans.com | Counsel for Dallas County and Tarrant County |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 6 of 13

4/11/2006 5:11 PM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | 713-844-3503 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities |
| Loeb & Loeb LLP | P. Gregory Schwed | 345 Park Avenue | | New York | NY | 10154-0037 | | 212-407-4000 | | gschwed@loeb.com | Counsel for Creditor The Interpublic Group of Companies, Inc. and Proposed Auditor Deloitte & Touche, LLP |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | 212-407-4990 | whawkins@loeb.com | Counsel for Industrial Ceramics Corporation |
| Lord, Bissel & Brook | Timothy W. Brink | 115 South LaSalle Street | | Chicago | IL | 60603 | | 312-443-1832 | 312-443-896-6432 | tbrink@lordbissell.com | Counsel for Sedgwick Claims Management Services, Inc. |
| Lord, Bissel & Brook | Timothy S. McFadden | 115 South LaSalle Street | | Chicago | IL | 60603 | | 312-443-0370 | 312-896-6394 | tmcfadden@lordbissell.com | Counsel for Methode Electronics, Inc. |
| Lord, Bissel & Brook LLP | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-947-8304 | 212-947-1202 | kwalsh@lordbissell.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | bnathan@lowenstein.com | Counsel for Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | ilevee@lowenstein.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | krosen@lowenstein.com | Counsel for Cerberus Capital Management, L.P. |
| Lowenstein Sandler PC | Michael S. Etkin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | metkin@lowenstein.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | scargill@lowenstein.com | Counsel for Cerberus Capital Management, L.P.; AT&T Corporation |
| Lyden, Liebenthal & Chappell, Ltd. | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | vdagostino@lowenstein.com | Counsel for AT&T Corporation |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | | 419-867-8900 | 419-867-8909 | egc@lydenlaw.com | Counsel for Metro Fibres, Inc. |
| MacDonald, Illig, Jones & Britton LLP | Richard J. Parks | 100 State Street | Suite 700 | Erie | PA | 16507-1459 | | 814-870-7754 | 814-454-4647 | rparks@mijb.com | Counsel for Ideal Tool Company, Inc. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | 303-957-2098 | jlanden@madisoncap.com | Representative for Madison Capital Management |
| Margulies & Levinson, LLP | Jeffrey M. Levinson, Esq.<br>Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | 216-514-4936 | jml@ml-legal.com<br>lmc@ml-legal.com | Counsel for Venture Plastics |
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | 312-245-7467 | gsantella@masudafunai.com | Counsel for NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; Hosiden America Corporation and Samtech Corporation |
| Mayer, Brown, Rowe & Maw LLP | Jeffrey G. Tougas | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | 212-506-2500 | jgtougas@mayerbrownrowe.com | Counsel for Bank of America, N.A. |
| Mayer, Brown, Rowe & Maw LLP | Raniero D'Aversa, Jr. | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | 212-506-2500 | rdaversa@mayerbrown.com | Counsel for Bank of America, N.A. |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | 212-609-6921 | dadler@mccarter.com | Counsel to Ward Products, LLC |
| McCarthy Tetrault LLP | John J. Salmas<br>Lorne P. Salzman | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | | 416-362-1812 | 416-868-0673 | jsalmas@mccarthy.ca<br>lsalzman@mccarthy.ca | Counsel for Themselves (McCarthy Tetrault LLP) |
| McDermott Will & Emery LLP | James M. Sullivan | 50 Rockefeller Plaza | | New York | NY | 10020 | | 212-547-5400 | 212-547-5444 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation; National Semiconductor Corporation; Timken Corporation |
| McDermott Will & Emery LLP | Stephen B. Selbst | 50 Rockefeller Plaza | | New York | NY | 10020 | | 212-547-5400 | 212-547-5444 | sselbst@mwe.com | Counsel for National Semiconductor Corporation |
| McDonald Hopkins Co., LPA | Jean R. Robertson, Esq. | 600 Superior Avenue, East | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | jrobertson@mcdonaldhopkins.com | Counsel to Brush Engineered materials |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | 973-622-5314 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuirewoods LLP | Elizabeth L. Gunn | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1178 | 804-698-2186 | egunn@mcguirewoods.com | Counsel for Siemens Logistics Assembly Systems, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | hkolko@msek.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | lpeterson@msek.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | emeyers@mrrlaw.net | Counsel for Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | rrosenbaum@mrrlaw.net | Counsel for Prince George County, Maryland |
| Miami-Dade County, FL | April Burch | 140 West Flagler Street | Suite 1403 | Miami | FL | 33130 | | 305-375-5314 | 305-375-1142 | aburch@miamidade.gov | Paralegal Collection Specialist for Miami-Dade County |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | | miag@michigan.gov | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | 517-373-2129 | miag@michigan.gov | Attorney General for Worker's Compensation Agency |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raterink | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | 517-373-2129 | raterinkd@michigan.gov | Assistant Attorney General for Worker's Compensation Agency |
| Miles & Stockbridge, P.C. | Kerry Hopkins | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | 410-385-3700 | shopkins@milesstockbridge.com | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | 410-385-3700 | trenda@milesstockbridge.com | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miller Johnson | Thomas P. Sarb  Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748  616-831-1726 | 616-988-1748  616-988-1726 | sarbt@millerjohnson.com  wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | 313-496-8453 | fusco@millercanfield.com | Counsel for Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | 313-496-7997 | greenj@millercanfield.com | Counsel for Wells Operating Partnership, LP |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco | Paul J. Ricotta | One Financial Center | | Boston | MA | 02111 | | 617-542-6000 | 617-542-2241 | pjricotta@mintz.com | Counsel for Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C | Stephanie K. Hoos | The Chrysler Center | 666 Third Avenue | New York | NY | 10017 | | 212-935-3000 | 212-983-3115 | skhoos@mintz.com | Counsel of Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | 630-512-8610 | Jeff.Ott@molex.com. | Counsel for Molex Connector Corp |
| Montgomery, McCracken, Walker & Rhoads, LLP | Laurie A. Krepto | 123 South Broad Street | | Philadelphia | PA | 19109 | | 215-772-1500 | 215-772-7620 | lkrepto@mmwr.com | Counsel for AMEC Earth & Environmental, Inc. |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | 212-309-6001 | agottfried@morganlewis.com | Counsel for ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | 212-309-6001 | mzelmanovitz@morganlewis.com | Counsel for Hitachi Chemical (Singapore) Pte, Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | 213-612-2501 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | | lberkoff@moritthock.com | Counsel for Standard Microsystems Corporation and its direct and indirect subsidiares Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |
| Morris, Nichols, Arsht and Tunnell | Michael G. Busenkell | PO Box 1347 | | Wilmington | DE | 19899-1347 | | 302-658-9200 | 302-658-3989 | mbusenkell@mnat.com | Counsel for Chicago Miniature Optoelectronic Technologies, Inc. |
| Morris, Nichols, Arsht and Tunnell | Robert J. Dehney | PO Box 1347 | | Wilmington | DE | 19899-1347 | | 302-658-9200 | 302-658-3989 | rdehney@mnat.com | Counsel for Chicago Miniature Optoelectronic Technologies, Inc. |
| Morrison Cohen LLP | Joseph T. Moldovan  Michael R. Dal Lago | 909 Third Avenue | | New York | NY | 10022 | | 212-735-8603  212-735-8757 | 917-522-3103  917-522-3157 | jmoldovan@morrisoncohen.com  mdallago@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 3800 Lincoln Plaza | 500 North Akard Street | Dallas | RX | 75201-6659 | | 214-855-7590  214-855-7561  214-855-7587 | 214-855-7584 | rurbanik@munsch.com  jwielebinski@munsch.com  drukavina@munsch.com | Counsel for Texas Instruments Incorporated |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | | 616-977-0077 | 616-977-0529 | sandy@nlsg.com | Counsel for Lankfer Diversified Industries Inc. |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 8 of 13

4/11/2006 5:11 PM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | Knathan@nathanneuman.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Nathan, Neuman & Nathan, P.C. | Susanna C. Brennan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | sbrennan@nathanneuman.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | 866-298-4481 | lisa.moore2@nationalcity.com | Vice President and Senior Counsel for National City Commercial Capital |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | 803-256-7500 | george.cauthen@nelsonmullins.com | Counsel for Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| Nix, Patterson & Roach, L.L.P. | Bradley E. Beckworth | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | bbeckworth@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Jeffrey J. Angelovich | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | jangelovich@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Susan Whatley | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | susanwhatley@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Noma Company and General Chemical Performance Products LLC | James Imbriaco | 90 East Halsey Road | | Parsippany | NJ | 07054 | | 973-884-6952 | 973-515-3244 | jimbriaco@gentek-global.com | Counsel for Rotor Clip Company, Inc. |
| Norris, McLaughlin & Marcus | Elizabeth L. Abdelmasieh, Esq | 721 Route 202-206 | P.O. Box 1018 | Somerville | NJ | 08876 | | 908-722-0700 | 908-722-0755 | eabdelmasieh@nmmlaw.com | |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | dgheiman@jonesday.com | Counsel for WL. Ross & Co., LLC |
| North Point | Michelle M. Harner | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | mmharner@jonesday.com | Counsel for WL. Ross & Co., LLC |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | | 478-742-8706 | 478-746-4488 | cahope@chapter13macon.com | Office of the Chapter 13 Trustee |
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | | 512-475-4861 | 512-482-8341 | jay.hurst@oag.state.tx.us | Counsel for The Texas Comptroller of Public Accounts |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | 978-667-9969 | michaelz@orbotech.com | Company |
| O'Rourke Katten & Moody | Michael C. Moody | 161 N. Clark Street | Suite 2230 | Chicago | IL | 60601 | | 312-849-2020 | 312-849-2021 | mmoody@okmlaw.com | Counsel for Ameritech Credit Corporation d/b/a SBC Capital Services |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | 212-506-5151 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | 415-773-5759 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Jonathan P. Guy | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | jguy@orrick.com | Counsel for Westwood Associates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Matthew W. Cheney | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | mcheney@orrick.com | Counsel for Westwood Associates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Richard H. Wyron | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | rwyron@orrick.com | Counsel for Westwood Associates, Inc. |
| Otterbourg, Steindler, Houston & Rosen, P.C. | Melissa A. Hager | 230 Park Avenue | | New York | NY | 10169 | | 212-661-9100 | 212-682-6104 | mhager@oshr.com | Counsel for Sharp Electronics Corporation |
| Otterbourg, Steindler, Houston & Rosen, P.C. | Scott L. Hazan | 230 Park Avenue | | New York | NY | 10169 | | 212-661-9100 | 212-682-6104 | shazan@oshr.com | Counsel for Sharp Electronics Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Curtis J. Weidler | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3157 | 212-373-2053 | cweidler@paulweiss.com | Counsel for Ambrake Corporation; Akebono Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | ddavis@paulweiss.com | Counsel for Noma Company and General Chemical Performance Products LLC |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 9 of 13

4/11/2006 5:11 PM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McCollm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | emccollm@paulweiss.com | Counsel for Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Stephen J. Shimshak | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3133 | 212-373-2136 | sshimshak@paulweiss.com | Counsel for Ambrake Corporation |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | | housnerp@michigan.gov | Assistant Attorney General for State of Michigan, Department of Treasury |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K. Street, N.W. | | Washington | DC | 20005-4026 | | 202-326-4020 | 202-326-4112 | landy.ralph@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Pepe & Hazard LLP | Charles J. Filardi, Jr., Esq. | 30 Jelliff Lane | | Southport | CT | 06890 | | 203-319-4042 | 203-319-4034 | cfilardi@pepehazard.com | Federal Express Corporation |
| Pepper, Hamilton LLP | Anne Marie Aaronson | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | aaronsona@pepperlaw.com | Counsel for Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Linda J. Casey | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | caseyl@pepperlaw.com | Counsel for SKF USA, Inc. |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | 302-421-8390 | jaffeh@pepperlaw.com | Counsel for SKF USA, Inc. |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | lawallf@pepperlaw.com | Counsel for Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Phillips Nizer LLP | Sandra A. Riemer, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | jmanheimer@pierceatwood.com | Counsel for FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | kcunningham@pierceatwood.com | Counsel for FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | karen.dine@pillsburylaw.com | Counsel for Clarion Corporation of America |
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | margot.erlich@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | 7th Floor | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | 714-436-2800 | mark.houle@pillsburylaw.com | Counsel for Clarion Corporation of America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | richard.epling@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | robin.spear@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pitney Hardin LLP | Ronald S. Beacher | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | 212-682-3485 | rbeacher@pitneyhardin.com | Counsel for IBJTC Business Credit Corporation |
| Pitney Hardin LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | 973-966-1015 | rmeth@pitneyhardin.com | Counsel for Marshall E. Campbell Company |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |
| Pryor & Mandelup, LLP | A. Scott Mandelup, Kenneth A. Reynolds | 675 Old Country Road | | Westbury | NY | 11590 | | 516-997-0999 | 516-333-7333 | asm@pryormandelup.com kar@pryormandelup.com | Counsel for National Molding Corporation Security Plastics Division/NMC LLC |
| QAD, Inc. | Jason Pickering, Esq. | 10,000 Midlantic Drive | | Mt. Laurel | NJ | 08054 | | 856-840-2489 | 856-840-2740 | jkp@qad.com | Counsel to QAD, Inc. |
| Quadrangle Debt Recovery Advisors LLC | Andrew Herenstein | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1742 | 866-741-2505 | andrew.herenstein@quadranglegroup.com | Counsel to Quadrangle Debt Recovery Advisors LLC |
| Quadrangle Group LLC | Patrick Bartels | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1748 | 866-552-2052 | patrick.bartels@quadranglegroup.com | Counsel to Quadrangle Group LLC |
| Quarles & Brady Streich Lang LLP | John A. Harris | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | jharris@quarles.com | Counsel for Semiconductor Components Industries, Inc. |
| Quarles & Brady Streich Lang LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | 520-770-2203 | knye@quarles.com | Counsel for Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation |
| Quarles & Brady Streich Lang LLP | Scott R. Goldberg | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | sgoldber@quarles.com | Counsel for Semiconductor Components Industries, Inc. |
| Reed Smith | Elena Lazarou | 599 Lexington Avenue | 29th Street | New York | NY | 10022 | | 212-521-5400 | 212-521-5450 | elazarou@reedsmith.com | Counsel for General Electric Capital Corporation, Stategic Asset Finance. |
| Republic Engineered Products, Inc. | Joseph Lapinsky | 3770 Embassy Parkway | | Akron | OH | 44333 | | 330-670-3004 | 330-670-3020 | jlapinsky@republicengineered.com | Counsel to Republic Engineered Products, Inc. |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 10 of 13

4/11/2006 5:11 PM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | 206-389-1708 | jshickich@riddellwilliams.com | Counsel for Microsoft Corporation; Microsoft Licensing, GP |
| Riemer & Braunstein LLP | Mark S. Scott | Three Center Plaza | | Boston | MA | 02108 | | 617-523-9000 | 617-880-3456 | mscott@riemerlaw.com | Counsel for ICX Corporation |
| Riverside Claims LLC | Holly Rogers | 2109 Broadway | Suite 206 | New York | NY | 10023 | | 212-501-0990 | 212-501-7088 | holly@regencap.com | Riverside Claims LLC |
| Robinson, McFadden & Moore, P.C. | Annemarie B. Mathews | P.O. Box 944 | | Columbia | SC | 29202 | | 803-779-8900 | 803-771-9411 | amathews@robinsonlaw.com | Counsel for Blue Cross Blue Shield of South Carolina |
| Ropers, Majeski, Kohn & Bentley | Christopher Norgaard | 515 South Flower Street | Suite 1100 | Los Angeles | CA | 90071 | | 213-312-2000 | 213-312-2001 | cnorgaard@ropers.com | Counsel for Brembo S.p.A; Bibielle S.p.A.; AP Racing |
| Ropes & Gray LLP | Gregory O. Kaden | One International Place | | Boston | MA | 02110-2624 | | 617-951-7000 | 617-951-7050 | gregory.kaden@ropesgray.com | Attorneys for D-J, Inc. |
| Ropes & Gray LLP | Marc E. Hirschfield | 45 Rockefeller Plaza | | New York | NY | 10111-0087 | | 212-841-5700 | 212-841-5725 | marc.hirschfield@ropesgray.com | Attorneys for D-J, Inc. |
| Rosen Slome Marder LLP | Thomas R. Slome | 333 Earle Ovington Boulevard | Suite 901 | Uniondale | NY | 11553 | | 516-227-1600 | | tslome@rsmllp.com | Counsel for JAE Electronics, Inc. |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | 212-825-9414 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Sachnoff & Weaver, Ltd | Charles S. Schulman, Arlene N. Gelman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | | 312-207-1000 | 312-207-6400 | cschulman@sachnoff.com agelman@sachnoff.com | Counsel for Infineon Technologies North America Corporation |
| Satterlee Stephens Burke & Burke LLP | Christopher R. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | dweiner@schaferandweiner.com | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | hborin@schaferandweiner.com | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Max Newman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | mnewman@schaferandweiner.com | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | rheilman@schaferandweiner.com | Counsel for Dott Industries, Inc. |
| Schiff Hardin LLP | Michael Yetnikoff | 623 Fifth Avenue | 28th Floor | New York | NY | 10022 | | 212-753-5000 | 212-753-5044 | myetnikoff@schiffhardin.com | Counsel for Means Industries |
| Schiff Hardin LLP | William I. Kohn | 6600 Sears Tower | | Chicago | IL | 60066 | | 312-258-5500 | 312-258-5600 | wkohn@schiffhardin.com | Counsel for Means Industries |
| Schiffrin & Barroway, LLP | Michael Yarnoff | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7056 | 610-667-7706 | myarnoff@sbclasslaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schiffrin & Barroway, LLP | Sean M. Handler | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7056 | 610-667-7056 | shandler@sbclasslaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schulte Roth & Sabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | 212-593-5955 | james.bentley@srz.com | Counsel for Panasonic Automotive Systems Company of America |
| Schulte Roth & Sabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | michael.cook@srz.com | Counsel for Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Schulte Roth & Zabel LLP | Carol Weiner Levy | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | carol.weiner.levy@srz.com | Counsel for D.C. Capital Partners, L.P. |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | 404-892-7056 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk, Esq. | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | 617-946-4801 | whanlon@seyfarth.com | Counsel for le Belier/LBQ Foundry S.A. de C.V. |
| Sheehan Phinney Bass + Green Professional Association | Steven E. Boyce | 1000 Elm Street | P.O. Box 3701 | Manchester | NH | 03105-2347 | | 603-627-8278 | 603-641-2347 | sboyce@sheehan.com | Counsel for Source Electronics, Inc. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | 248-358-2740 | lawtoll@comcast.net | Counsel for Milwaukee Investment Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | 225-757-7674 | rthibeaux@shergarner.com | Counsel for Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | 504-299-2300 | rthibeaux@shergarner.com | Counsel for Gulf Coast Bank & Trust Company |
| Shipman & Goodwin LLP | Jennifer L. Adamy | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5811 | 860-251-5218 | bankruptcy@goodwin.com | Counsel to Fortune Plastics Company of Illinois, Inc.; Universal Metal Hose Co. |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | asherman@sillscummis.com | Counsel for Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | jzackin@sillscummis.com | Counsel for Hewlett-Packard Financial Services Company |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | 203-542-4100 | cfortgang@silverpointcapital.com | Counsel for Silver Point Capital, L.P. |
| Simpson Thacher & Bartlett LLP | Kenneth S. Ziman, Esq. | 425 Lexington Avenue | | New York | NY | 10017 | | 212-455-2000 | 212-455-2502 | cfox@stblaw.com | Counsel to JPMorgan Chase Bank, N.A. |
| Simpson Thacher & Bartlett LLP | William T. Russell, Jr., Esq. | 425 Lexington Avenue | | New York | NY | 10017 | | 212-455-2000 | 212-455-2502 | cfox@stblaw.com | Counsel to JPMorgan Chase Bank, N.A. |
| Smith, Gambrell & Russell, LLP | Barbara Ellis-Monro | 1230 Peachtree Street, N.E. | Suite 3100 | Atlanta | GA | 30309 | | 404-815-3500 | 404-815-3509 | bellis-monro@sgrlaw.com | Counsel for Southwire Company |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | 3026528405 | kmiller@skfdelaware.com | Counsel for Airgas, Inc. |
| Sonnenschein Nath & Rosenthal LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | 212-768-6800 | fyates@sonnenschein.com | Counsel for Molex, Inc. and INA USA, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 11 of 13

4/11/2006 5:11 PM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Sonnenschein Nath & Rosenthal LLP | Jo Christine Reed | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | 212-768-6800 | jcreed@sonnenschein.com | Counsel for Molex, Inc. and INA USA, Inc |
| Sonnenschein Nath & Rosenthal LLP | Robert E. Richards | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | 312-876-7934 | rrichards@sonnenschein.com | Counsel for Molex, Inc. and INA USA, Inc |
| Sony Electronics Inc. | Lloyd B. Sarakin - Chief Counsel, Finance and Credit | 1 Sony Drive | MD #1 E-4 | Park Ridge | NJ | 07656 | | 201-930-7483 | | lloyd.sarakin@am.sony.com | Counsel to Sony Electronics, Inc. |
| Sotiroff & Abramczyk, P.C. | Robert M. Goldi | 30400 Telegraph Road | Suite 444 | Bingham Farms | MI | 48025 | | 248-642-6000 | 248-642-9001 | rgoldi@sotablaw.com | Counsel for  Michigan Heritage Bank; MHB Leasing, Inc. |
| Squire, Sanders & Dempsey L.L.P. | Eric Marcks | One Maritime Plaza | Suite 300 | San Francisco | CA | 94111-3492 | | | 415-393-9887 | emarcks@ssd.com | Counsel for Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| Squire, Sanders & Dempsey L.L.P. | Penn Ayers Butler | 600 Hansen Way | | Palo Alto | CA | 94304 | | 650-856-6500 | 650-843-8777 | pabutler@ssd.com | Counsel for Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | 502-245-0542 | jmbaumann@steeltechnologies.com | Counsel for Steel Technologies, Inc. |
| Stein, Rudser, Cohen & Magid LLP | Robert F. Kidd | 825 Washington Street | Suite 200 | Oakland | CA | 94607 | | 510-287-2365 | 510-987-8333 | rkidd@srcm-law.com | Counsel for Excel Global Logistics, Inc. |
| Steinberg Shapiro & Clark | Mark H. Shapiro | 24901 Northwestern Highway | Suite 611 | Southfield | MI | 48075 | | 248-352-4700 | 248-352-4488 | shapiro@steinbergshapiro.com | Counsel for Bing Metals Group, Inc.; Central Transport International, Inc.; Crown Enerprises, Inc.; Economy Transport, Inc.; Logistics Insight Corp (LINC); Universal Am-Can, Ltd.; Universal Truckload Services, Inc. |
| Stevens & Lee, P.C. | Chester B. Salomon, Esq. Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | 212-319-8505 | cs@stevenslee.com cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | 816-691-3495 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | madison.cashman@stites.com robert.goodrich@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | | Counsel to Setech, Inc. |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 | 502-779-8274 | wbeard@stites.com | Counsel to WAKO Electronics (USA), Inc. and Ambrake Corporation |
| Stroock & Stroock & Lavan, LLP | Joseph G. Minias | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | 212-806-6006 | jminias@stroock.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Stroock & Stroock & Lavan, LLP | Kristopher M. Hansen | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | 212-806-6006 | khansen@stroock.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Swidler Berlin LLP | Robert N. Steinwurtzel | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | | 202-424-7500 | 202-424-7645 | rnsteinwurtzel@swidlaw.com | Attorneys for Sanders Lead Co., Inc. |
| Taft, Stettinius & Hollister LLP | Richard L. Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | | ferrell@taftlaw.com | Counsel for Wren Industries, Inc. |
| Tennessee Department of Revenue | Marvin E. Clements, Jr. | c/o TN Attorney General's Office, Bankruptcy Division | PO Box 20207 | Nashville | TN | 37202-0207 | | 615-532-2504 | 615-741-3334 | marvin.clements@state.tn.us | Tennessee Department of Revenue |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | 212-912-7751 | jforstot@tpw.com | Counsel for TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | 212-912-7751 | lcurcio@tpw.com | Counsel for TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | Japan | 100-8322 | | | 81-3-3286-3919 | niizeki.tetsuhiro@furukawa.co.jp | Legal Department of The Furukawa Electric Co., Ltd. |
| The Timpken Corporation BIC - 08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706 | | 1-330-438-3000 | 1-330-471-4388 | robert.morris@timken.com | Representative for Timken Corporation |
| Thelen Reid & Priest LLP | David A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | | 212-603-2000 | 212-603-2001 | dlowenthal@thelenreid.com | Counsel for American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Thelen Reid & Priest LLP | Daniel A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | | 212-603-2000 | 212-603-2001 | dlowenthal@thelenreid.com | Counsel for Oki Semiconductor Company |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | 713-654-1871 | rhett.campbell@tklaw.com | Counsel for STMicroelectronics, Inc. |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 300 | Dallas | TX | 75201 | | 214-969-1505 | 214-969-1609 | john.brannon@tklaw.com | Counsel for Victory Packaging |
| Thurman & Phillips, P.C. | Ed Phillips, Jr. | 8000 IH 10 West | Suite 1000 | San Antonio | TX | 78230 | | 210-341-2020 | 210-344-6460 | ephillips@thurman-phillips.com | Counsel for Royberg, Inc. d/b/a Precision Mold & Tool and d/b/a Precision Mold Tool Group |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| Togut, Segal & Segal LLP | Albert Togut, Esq. | One Penn Plaza | Suite 3335 | New York | NY | 10119 | | 212-594-5000 | 212-967-4258 | bmcdonough@teamtogut.com | Conflicts counsel to Debtors |
| Tyler, Cooper & Alcorn, LLP | W. Joe Wilson | City Place | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | 860-278-3802 | jwilson@tylercooper.com | Counsel for Barnes Group, Inc. |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | 585-258-2821 | hzamboni@underbergkessler.com | Counsel for McAlpin Industries, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 12 of 13

4/11/2006 5:11 PM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Union Pacific Railroad Company | Mary Ann Kilgore | 1400 Douglas Street | MC 1580 | Omaha | NE | 68179 | | 402-544-4195 | 402-501-0127 | mkilgore@UP.com | Counsel for Union Pacific Railroad Company |
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO | David Jury, Esq. | Five Gateway Center | Suite 807 | Pittsburgh | PA | 15222 | | 412-562-2549 | 412-562-2429 | djury@steelworkers-usw.org | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Varnum, Riddering, Schmidt & Howlett LLp | Michael S. McElwee | Bridgewater Place | P.O. Box 353 | Grand Rapids | MI | 49501-0352 | | 616-336-6821 | 616-336-7000 | msmcelwee@varnumlaw.com | Counsel for Furukawa Electric North America APD |
| Vorys, Sater, Seymour and Pease LLP | Robert J. Sidman, Esq. | 52 East Gay Street | P.O. Box 1008 | Columbus | OH | 43216-1008 | | 614-464-6422 | 614-719-8676 | rjsidman@vssp.com | Counsel for America Online, Inc. and its Subsidiaries and Affiliates |
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | | 614-464-8322 | 614-719-4663 | tscobb@vssp.com | Counsel for Capital Research and Management Company |
| Wachtell, Lipton, Rosen & Katz | Emil A. Kleinhaus | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | EAKleinhaus@wlrk.com | Counsel for Capital Research and Management Company |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | RGMason@wlrk.com | Counsel for Capital Research and Management Company |
| Waller Lansden Dortch & Davis, PLLC | David E. Lemke, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | david.lemke@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Waller Lansden Dortch & Davis, PLLC | Robert J. Welhoelter, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | robert.welhoelter@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2158 | | sgrowsb@wnj.com | Counsel for Behr Industries Corp. |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | 616-222-2185 | gtoering@wnj.com | Counsel for Robert Bosch Corporation |
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | 248-603-9631 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Stevens, L.L.P. | Michael D. Warner | 301 Commerce Street | Suite 1700 | Fort Worth | TX | 76102 | | 817-810-5250 | 817-810-5255 | bankruptcy@warnerstevens.com | Counsel for Electronic Data Systems Corp. and EDS Information Services, L.L.C. |
| Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP | Lei Lei Wang Ekvall | 650 Town Center Drive | Suite 950 | Costa Mesa | CA | 92626 | | 714-966-1000 | 714-966-1002 | lekvall@wgllp.com | Counsel for Toshiba America Electronic Components, Inc. |
| Weinstein, Eisen & Weiss LLP | Aram Ordubegian | 1925 Century Park East | #1150 | Los Angeles | CA | 90067 | | 310-203-9393 | 310-203-8110 | aordubegian@weineisen.com | Counsel for Orbotech, Inc. |
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | 614-222-2193 | gpeters@weltman.com | Counsel to Seven Seventeen Credit Union |
| White & Case LLP | John K. Cunningham | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | | 212-819-8200 | | jcunningham@whitecase.com | Counsel for Appaloosa Management, LP |
| White & Case LLP | Margarita Mesones-Mori | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | 305-358-5744 | mmesonesmori@whitecase.com | Counsel for Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | 414-223-5000 | barnold@whdlaw.com | Counsel for Schunk Graphite Technology |
| Winstead Sechrest & Minick P.C. | Berry D. Spears | 401 Congress Avenue | Suite 2100 | Austin | TX | 78701 | | 512-370-2800 | 512-370-2850 | bspears@winstead.com | Counsel for National Instruments Corporation |
| Winstead Sechrest & Minick P.C. | R. Michael Farquhar | 5400 Renaissance Tower | 1201 Elm Street | Dallas | TX | 75270 | | 214-745-5400 | 214-745-5390 | mfarquhar@winstead.com | Counsel for National Instruments Corporation |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | mwinthrop@winthropcouchot.com | Counsel for Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | sokeefe@winthropcouchot.com | Counsel for Metal Surfaces, Inc. |
| WL Ross & Co., LLC | Oscar Iglesias | 600 Lexington Avenue | 19th Floor | New York | NY | 10022 | | 212-826-1100 | 212-317-4893 | oiglesias@wlross.com | Counsel for WL. Ross & Co., LLC |
| Womble Carlyle Sandridge & Rice, PLLC | Lillian H. Pinto | 300 North Greene Street | Suite 1900 | Greensboro | NC | 27402 | | 336-574-8058 | 336-574-4528 | lpinto@wcsr.com | Counsel for Armacell |
| Zeichner Ellman & Krause LLP | Peter Janovsky | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | pjanovsky@zeklaw.com | Counsel for Toyota Tsusho America, Inc. |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | skrause@zeklaw.com | Counsel for Toyota Tsusho America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 13 of 13

4/11/2006 5:11 PM
2002 lists

# EXHIBIT C

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Ajamie LLP | Wallace A. Showman | 1350 Avenue of the Americas | 29th Floor | New York | NY | 10019 | | 212-246-6820 | 212-581-8958 | wshowman@ajamie.com | Counsel for SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| King & Spalding, LLP | Alexandra B. Feldman | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | 212-556-2222 | afeldman@kslaw.com | Counsel for Martinrea International, Inc. |
| Lord, Bissel & Brook LLP | Rocco N. Covino | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-812-8340 | 212-947-1202 | rcovino@lordbissell.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | | 989-752-1414 | | www.mastromarco-jahn.com | Counsel for H.E. Services Company and Robert Backie and Counsel to Cindy Palmer, Personal Representative to the Estate of Michael Palmer |
| Professional Technologies Services | John V. Gorman | P.O. Box #304 | | Frankenmuth | MI | 48734 | | 989-385-3230 | 989-754-7690 | They have no email address, have to be notified by mail | Corporate Secretary for Professional Technologies Services |
| Sterns & Weinroth, P.C. | Jeffrey S. Posta | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-3922100 | 609-392-7956 | jposta@sternslaw.com | Counsel for Doosan Infracore America Corp. |
| Terra Law LLP | David B. Draper | 60 S. Market Street | Suite 200 | San Jose | CA | 95113 | | 408-299-1200 | 408-998-4895 | ddraper@terra-law.com | Counsel for Maxim Integrated Products, Inc. |

# EXHIBIT D

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
David E. Springer (DS 9331)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)


        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)


Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession


Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
                                              :
        In re                                 :     Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :     Case No. 05–44481 (RDD)
                                              :
                        Debtors.              :     (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
        DECLARATION OF JOHN D. SHEEHAN IN SUPPORT OF THE DEBTORS'
        OBJECTION TO MOTION FOR ORDER DIRECTING DEBTOR DELPHI
        AUTOMOTIVE SYSTEMS, LLC TO DETERMINE WITHIN 150 DAYS
        WHETHER TO ASSUME OR REJECT ITS NONRESIDENTIAL REAL
        PROPERTY LEASE WITH CHEROKEE NORTH KANSAS CITY, LLC

John D. Sheehan declares as follows:

1.    Delphi Corporation and certain of its subsidiaries and affiliates are debtors and debtors-in-possession in these Chapter 11 cases.  I submit this declaration in support of the Debtors' Objection to Motion for Order Directing Debtor Delphi Automotive Systems, LLC to Determine within 150 Days Whether to Assume or Reject its Nonresidential Real Property Lease with Cherokee North Kansas City, LLC (the "Cherokee Objection).  Capitalized terms not otherwise defined in this declaration shall have the meanings ascribed to them in the Cherokee Objection.

2.    I am the Vice President, Chief Restructuring Officer, Chief Accounting Officer, and Controller for Delphi Corporation (which, with certain of its subsidiaries and affiliates, the debtors, and the debtors-in-possession in the above-captioned cases, are referred to collectively and variously herein as "Delphi" or the "Debtors").  I joined Delphi in July 2002 as Chief Accounting Officer and Controller.  On March 4, 2005, I also assumed the position of acting Chief Financial Officer, a position that I held until October 8, 2005, when I was appointed Chief Restructuring Officer.  Consequently, I am familiar with, and personally was involved in, the events and circumstances giving rise to the Debtors' decision to seek chapter 11 protection on October 8, 2005 (the "Initial Filing Date").  Since the Initial Filing Date, I have been involved at some level in virtually all of the significant decisions made by the Debtors in connection with these chapter 11 cases.

3.    Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents, my opinion, my experience with and knowledge of Delphi's financial condition, or are based upon knowledge obtained

2

from Delphi employees reporting to me in the course of their duties.  If I were called upon to tes-

tify, I could and would testify to the facts set forth herein.

### The Debtors Are Continuing To Pay For The Use Of The Property

4.        The Debtors are current in all of their postpetition obligations under the

Lease.  In addition, the Debtors have significant resources, including access to a substantial DIP

credit facility, which provide adequate assurance to Cherokee that it will be paid its postpetition

bills in a timely fashion.

### The Lease Is Among The Debtors Primary Assets And The Debtors Have Not Had Sufficient Time To Make Critical Decisions Regarding Its Leases

5.        Most of the Debtors' leases are fundamental to their reorganization efforts.

As part of the Debtors' restructuring efforts, the Debtors are in the process of evaluating all

owned and leased real estate, including the Lease of Industrial or Warehouse Facilities between

the Debtors and Cherokee (the "Lease").  In considering their options with respect to the real

property leases, the Debtors are evaluating a variety of factors to determine whether it is appro-

priate to assume, assume and assign, or reject a particular real property lease.  The realignment

of Delphi's global product portfolio and manufacturing footprint to preserve Delphi's core busi-

nesses will be a major factor in the Debtors' decision as to disposition of a particular lease.

6.        On March 31, 2006, the Debtors announced their transformation plan

which outlines their strategy to prepare for their return to stable, profitable business operations

through a broad-based global restructuring.  As part of the transformation plan, the Debtors have

identified non-core product lines that do not fit into the company's future strategic framework.

The Debtors will seek to sell or wind-down these non-core product lines by January 1, 2008.

The Debtors have identified cockpits as one of the non-core product lines and one of the facilities

that produces cockpits is the Cherokee facility.  Despite the fact that the Debtors intend to sell or

3

wind-down the cockpit product line, at this time the Debtors have not begun the sale process. In addition, before the Debtors can sell or wind-down the cockpit product line, the Debtors will need to discuss the proposed disposition with various parties-in-interest in these cases, including their customers and their unions. Accordingly, until the Debtors know with more certainty whether or how they will sell or wind-down the cockpit product line, decisions related to assumption or rejection of the Lease are premature and could force the Debtors, to assume substantial, long-term liabilities under the Lease or forfeit value on account of a marketable or otherwise necessary lease.

7.      As stated above, the Debtors manufacture cockpits for GM at the Lease facility. If the Debtors prematurely assume the Lease and later wind-down the cockpit product line, the estates may be burdened with long term liabilities unnecessary to the Debtors' reorganization or may be faced with substantial administrative expenses if the Lease is later rejected after assumption. On the other hand, the Debtors have obligations to continue to perform under the contracts related to the production of parts for GM at the Lease facility. If the Debtors are forced to prematurely reject the Lease, the Debtors may no longer be able to produce certain cockpit assemblies for GM, which could result in the shut down of GM plants, substantial damages to the Debtors, and the loss of continued business.

**The Debtors Have Not Had Sufficient Time To Formulate A Plan Of Reorganization**

8.      The Debtors are merely six months into a restructuring effort that they anticipate will take approximately 18 months to complete. At this point, however, the Debtors' energies are focused on implementing their transformation plan. On March 31, 2006, the Debtors filed their motions under sections 1113 and 1114 of the Bankruptcy Code seeking authority to reject U.S. labor agreements and to modify retiree benefits, and their initial motion to reject un-

4

profitable supply contracts with GM.  The Debtors simply have not had time to make critical de-

cisions regarding the assumption or rejection of their leases.  In order to maximize value for the

estates, the Debtors are not implementing the transformation plan on a factory by factory, but

rather on a product line by product line basis.  Forcing the Debtors to make premature decisions

as to the Lease, could jeopardize the Debtors ability to implement its transformation plan and

could impair the value of the product lines to be divested.  The Debtors need to focus on imple-

menting the transformation plan, not making one-off decisions about leases or factories.

### The Complexity And Size Of The Debtors' Chapter 11 Filings Warrant A Considerable Period In Which To Evaluate Assumption Or Rejection Of All Leases

9.       The complexity of the issues that the Debtors face in transforming their

businesses is magnified by the size of these cases.  As stated above the Debtors will not be able

to make a decision as to the Lease until they have more certainty with respect to the divestiture

of the cockpit product line.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746,

that the foregoing statements are true and correct.

Executed on April 5, 2006, in New York, New York.


/s/ John D. Sheehan
John D. Sheehan

# EXHIBIT E

**Hearing Date: April 7, 2006**
**Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
David E. Springer (DS 9331)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
            In re                                           :        Chapter 11
                                                            :
DELPHI CORPORATION, et al.,                                 :        Case No. 05-44481 (RDD)
                                                            :
                            Debtors.                        :        (Jointly Administered)
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OBJECTION TO JOINDER OF APPALOOSA MANAGEMENT L.P.
IN MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER
COMPELLING PRODUCTION OF DOCUMENTS BY GENERAL MOTORS CORP.
PURSUANT TO FED. R. BANKR. P. 2004

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this objection (the "Objection") to the Joinder (the "Joinder") Of Appaloosa

Management L.P. ("Appaloosa") In The Motion Of The Official Committee Of Unsecured

Creditors For An Order Compelling The Production Of Documents By General Motors

Corporation Pursuant To Rule 2004 Of The Federal Rules Of Bankruptcy Procedure (the "2004

Motion").  In support of this Objection, the Debtors respectfully represent as follows:

<u>Preliminary Statement</u>

1.    The relief that Appaloosa requests should be denied.  Pursuant to its

Joinder, Appaloosa, a shareholder of the Debtors, seeks authority to join the Official Committee

of Unsecured Creditors (the "Creditors' Committee") in the 2004 Motion.  Appaloosa argues on

its own behalf, and purportedly "on behalf" of the official equity committee yet to be appointed

in these chapter 11 cases (the "Equity Committee"), that it and the Equity Committee should be

entitled to receive all documents provided by General Motors Corporation ("GM") to the

Creditors' Committee pursuant to the 2004 Motion.[1]

---

[1]    The Debtors will consider, in good faith, information requests received from the official
Equity Committee following its formation in the context of this Court's Order Pursuant
To 11 U.S.C. §1102(a)(2) Directing The United States Trustee To Appoint An Equity
Committee In These Chapter 11 Cases (the "Equity Committee Order") and in light of the
overall circumstances of these chapter 11 cases.  As it stands, investigation of the
Debtors' relationship with GM falls outside the range of activities set forth in the Equity
Committee Order.  Appaloosa incorrectly presumes that the Equity Committee will have
the authority to join the Creditors' Committee in its 2004 Motion and the Creditors'
Committee's discovery efforts with respect to GM, and that, in the meantime, Appaloosa
should be able to act as the Equity Committee's surrogate.  Participation of the Equity
Committee and Appaloosa in the discovery related to the 2004 Motion should not be
permitted to duplicate the work of the Creditors' Committee or create unnecessary
expense for the Debtors' estates.

2

2.      In the 2004 Motion, the Creditors' Committee seeks the production of

documents from GM to enable the Creditors' Committee to understand the relationship between

the Debtors and GM, including any claims that GM has asserted, or may assert, against the

Debtors, as well as any claims that the Debtors may have against GM.  Although the Debtors

have not objected to the narrow relief in the 2004 Motion, such silence should not be taken as an

abrogation or abdication of the Debtors' primary role in claims administration, including the

evaluation of prosecution of estate claims against third parties, which are property of the estate

within the meaning of section 541 of the Bankruptcy Code.

3.      The Debtors understand that the Creditors' Committee and GM are in the

process of reaching an agreement and entering into a stipulation that will allow the Creditors'

Committee to receive the requested documents from GM.  The Debtors request that this Court

condition its approval of any stipulation filed by GM and the Creditors' Committee on provision

to the Debtors of the product of such discovery, as well as notice of and the provision of the

product of further discovery requests, if any.

4.      Appaloosa also has no right, as a single party in interest, sufficient to

justify its access to the production of the documents requested by the Creditors' Committee in the

2004 Motion.

5.      Finally, Appaloosa's Joinder is untimely because it was filed after the

objection deadline established by the Case Management Order (as defined below).

<u>Argument</u>

A.    <u>Appaloosa's Request Falls Outside The Ambit Of This Court's Rulings In The Equity
      Committee Order</u>

6.      In the Equity Committee Order, this Court did not countenanced the

Equity Committee participating in an investigation of the Debtors' historical relationship with, or

3

the Debtors' estates claims against, GM.  In fact, this Court specifically directed that the Equity

Committee should steer clear of intruding upon the Debtors' relations with GM, such as by

injecting itself into the negotiations between or among the Debtors, their unions, and GM.  See

Para. 5 of the Equity Committee Order.  The Court also made clear that, as a general proposition,

the Equity Committee should avoid attempting to create leverage for itself by becoming a thorn

in the side of others.  See Transcript of Hearing, March 22, 2006 at 185.  Appaloosa already

appears to be ignoring this Court's instructions.

       7.     Moreover, Appaloosa is in a particularly poor position to act as a surrogate

for an Equity Committee that has yet to be formed, because, in light of this Court's order, it is far

from clear that Appaloosa will ever be appointed to the Equity Committee.  When the Equity

Committee is formed, it may also take a narrower view of its duties than does Appaloosa, to

adhere more closely to the committee's charter as set forth in this Court's order.

B.    Participation Of The Equity Committee And Appaloosa In The Discovery Related To
      The 2004 Motion Will Duplicate The Work Of The Creditors' Committee

       8.     When the Equity Committee is formed, the Debtors will consider its

requests, like those of other statutory committees, in the context of the circumstances of the

chapter 11 cases and the role and scope of that committee's responsibilities.  Currently, it appears

that participation by the Equity Committee and Appaloosa in the Creditors' Committee discovery

of GM will duplicate, if not complicate and possibly undermine, the work of the Creditors'

Committee.  It will also undoubtedly create unnecessary expense for the Debtors' estates.  As a

co-fiduciary to the Debtors' estates, the Creditors' Committee is well qualified to examine the

documents requested pursuant to the 2004 Motion and investigate the Debtors' relationship with

GM.  At this early stage of the proceedings, there is no basis for concluding that the Creditors'

Committee work should be duplicated, with the attendant additional costs to the Debtors' estates.

4

C.    Appaloosa Does Not Have The Right As A Single Party In Interest To Seek 2004
      Examination

9.    Pursuant to section 1103(c)(2) of the Bankruptcy Code, a statutory

committee "may"—not shall—"investigate the acts, conduct, assets, liabilities, and financial

condition of the debtor . . . and other matter[s] relevant to the case . . . ."  11 U.S.C. § 1103(c)(2).

Single parties in interest are given no such authority.  Indeed, a single shareholder is not entitled

to a conduct examinations relating to potential claims which belong to the bankruptcy estate.

See In re Interpictures, Inc., 86 B.R. 24, 29 (Bankr. E.D.N.Y. 1988).  Accordingly, Appaloosa, as

a single shareholder, lacks sufficient interest to seek authority to join the Creditors' Committee in

its 2004 Motion.

10.    Finally, Appaloosa's Joinder is untimely, since it was filed after the

objection deadline established by the Case Management Order.

## Conclusion

11.    Participation of the Equity Committee may—and any participation by

Appaloosa no doubt will—interfere with and duplicate the work of the Creditors' Committee

with respect to its investigation of the Debtors' relationship with GM and create unnecessary

expense for the Debtors' estates.  Accordingly, the relief Appaloosa requests in its Joinder should

be denied.

## Notice

12.    Notice of this Objection has been provided in accordance with the Second

Supplemental Order under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006,

9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and

Administrative Procedures, which was entered by this Court on March 28, 2006 (Docket No.

2995) (the "Case Management Order").  In light of the nature of the relief requested, the Debtors

submit that no other or further notice is necessary.

Memorandum Of Law

13.    Because the legal points and authorities upon which this Objection relies

are incorporated herein, the Debtors respectfully request that the requirement of the service and

filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

WHEREFORE, the Debtors respectfully request that the court enter an order (a) denying

the Joinder and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       April 6, 2006

                              SKADDEN, ARPS, SLATE, MEAGHER
                                 & FLOM LLP


                              By: /s/ John Wm. Butler, Jr.
                                 John Wm. Butler, Jr. (JB 4711)
                                 David E. Springer (DS 9331)
                                 John K. Lyons (JL 4951)
                                 Ron E. Meisler (RM 3026)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois  60606
                              (312) 407-0700

                                 - and -


                              By: /s/ Kayalyn A. Marafioti
                                 Kayalyn A. Marafioti (KM 9632)
                                 Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York  10036
                              (212) 735-3000

                              Attorneys for Delphi Corporation, et al.,
                              Debtors and Debtors-in-Possession

7

# EXHIBIT F

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
David E. Springer (DS 9331)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                            :
        In re                               :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                          Debtors.          :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

REPLY TO LIMITED RESPONSE OF GENERAL
MOTORS CORPORATION TO DEBTORS' MOTION FOR APPROVAL OF JOINT
INTEREST AGREEMENT BETWEEN DEBTORS AND OFFICIAL COMMITTEE OF
UNSECURED CREDITORS, IMPLEMENTATION OF PROTECTIVE ORDER, AND
APPROVAL OF PROCEDURES TO PROTECT INFORMATION IN FEE STATEMENT

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this reply (the "Reply") to the Limited Response (the "Response") Of General Motors Corporation ("GM"), dated April 4, 2006, To Debtors' Motion For Approval Of Joint Interest Agreement Between Debtors And Official Committee Of Unsecured Creditors, Implementation Of Protective Order, And Approval Of Procedures To Protect Information In Fee Statement, dated March 28, 2006 (the "Motion").[1]  In support of this Reply, the Debtors respectfully represent as follows:

Preliminary Statement

1.    Sharing confidential information related to certain Investigations (as defined below), whether written or oral (the "Information") with the Official Committee of Unsecured Creditors (the "Creditors' Committee") is appropriate at this point in these chapter 11 cases.  This will allow the Debtors and the Creditors' Committee to address and resolve various matters relating to (a) the internal review conducted by the Company's Audit Committee, (b) the formal ongoing investigations by several governmental agencies, (c) the Company's restatement of earnings for fiscal years 2001-03, (d) the subject matter related to the commencement of certain class actions, including, without limitation, actions brought under ERISA and various securities actions, and (e) the review by a special committee of the Company's Board of Directors of certain shareholder derivative demands and related actions (collectively, the "Investigations").  Indeed, the resolution of some of the matters included in the Investigations may require this Court's approval, and the Debtors seek to address and

---

[1]    Redline versions of the Joint Interest Agreement and the proposed order reflecting minor modifications resulting from the Debtors discussions with its co-fiduciary, the Creditors' Committee, are attached hereto as Exhibit A and Exhibit B respectively.

2

resolve various matters relating to the Investigations with the input of the Creditors' Committee.

2.      In its Response, GM challenges the application of the common interest doctrine to Information relating to the Investigations shared by the Debtors with the Creditors' Committee.  GM also requests that the Court enter an order incorporating certain qualifications that are neither necessary nor appropriate at this time, and will unduly burden the Debtors' estates.  Most objectionable, GM seeks affirmative discovery into what is being shared between the Debtors and the Creditors' Committee (See Response ¶ 7) and to link the information sharing protocol to potential future litigation against GM (See Response ¶ 8).

3.      As more fully discussed below, the sharing of the Information between the Debtors and the Creditors' Committee is an important step to enable the Creditors' Committee to understand the Investigations.  In this situation, the application of the common interest doctrine is both appropriate and necessary to allow the Debtors and their co-fiduciary in these chapter 11 cases to discuss the Investigations on a fully informed basis. In order to emerge from chapter 11 with the support of the Creditors' Committee, as a co-fiduciary in these cases, sufficient information needs to be shared to permit the Creditors' Committee to be comfortable that:  (a) the company has separated any wrongdoers from the Debtors' reorganizing businesses; (b) the company has developed a plan for the implementation of internal controls reasonably designed to prevent the recurrence of historical accounting practices; and (c) the company has provided adequate information to the Creditors' Committee regarding derivative and third-party claims so as to permit the Creditors' Committee to make an informed assessment of the merits of such potential claims in connection with the negotiations

of a plan of reorganization.  GM's concerns are misplaced and should not impede the Debtors'

sharing of the Information with the Creditors' Committee.

Argument

A.      The Debtors And The Creditors' Committee Share A Common Legal Interest

4.      While GM seems to challenge the applicability of the common interest

doctrine to the facts at hand, the Debtors believe that the instant case fits well within the

opinions issued by courts in this circuit.  Specifically, the Debtors' and the Creditors'

Committee's common interest is the resolution of the Investigations in a way that maximizes

the results for the Debtors, their estates, and their stakeholders.  The common interest of the

Debtors and the Creditors' Committee is a legal interest, and not a commercial matter or

business strategy.  It is exactly these situations in which the common interest privilege should

apply.  See Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A., 160 F.R.D. 437, 447

(S.D.N.Y. 1995) ("[T]he doctrine applies where parties are represented by separate counsel but

engage in a common legal enterprise.  Under such circumstances, it is not necessary for

litigation to be in progress for the common interest doctrine to apply."); Denney v. Jenkens &

Gilchrist, 362 F.Supp. 2d 407, 415 (S.D.N.Y. 2004) (same); In re Asia Global Crossing, Ltd.,

322 B.R. 247 (Bankr. S.D.N.Y. 2005) ("Under the Second Circuit's approach, 'some form of

joint strategy is necessary to establish the existence of a joint defense agreement, which would

then operate to protect evidence under the common interest rule.'").

5.      Moreover, the Debtors and the Creditors' Committee are working together

to pursue their joint interest, but are currently limited in their ability to do so because of the

confidential and privileged nature of much of the information possessed by the Debtors.  See

Federal Trade Commission, 2001 WL 396522 (S.D.N.Y) at *3 ("What is important is not

4

whether the parties theoretically share similar interests but rather whether they demonstrate actual cooperation toward a common legal goal.").  The Joint Interest Agreement is a manifestation of the desire of the Debtors and the Creditors' Committee to reach their common goal of resolving the Investigations.  See In re Rivastigmine Patent Litigation, 2005 WL 2319005 (S.D.N.Y) at *4 (noting that cooperation "may be definitively shown through a formal collaboration agreement, no such written documentation is required").  Because the Debtors' ability to resolve the Investigations will be enhanced with the informed input of the Creditors' Committee, it is in the best interests of the both the Debtors' estates and their stakeholders that the Information be shared with the Creditors' Committee under the terms of the Joint Interest Agreement.   Expedient resolution of the Investigations will maximize value for all stakeholders.

B.    The Order And The Joint Interest Agreement Are Narrowly Tailored

6.    GM requests that the scope of the purported common interest privilege regarding the Investigation be narrowly construed and strictly limited to privileged documents relating directly to the Investigations.  GM's parochial interpretation of the Joint Interest Agreement seems to be causing its own unnecessary concern. (See Response ¶ 8).

7.    As stated in the Motion and restated here, the purpose of the Joint Interest Agreement between the Debtors and the Creditors' Committee is to allow the Debtors to provide their co-fiduciary with Information, including certain information that is privileged and confidential, related to the Investigations.  This stated intention – which is also reflected in the Joint Interest Agreement and the proposed order – is narrow in scope and covers only information related to the Investigations.  Providing this Information to the Creditors' Committee is necessary for the Debtors and their co-fiduciary to properly analyze issues in

5

respect thereof.  Accordingly, the Debtors, in their business judgment, believe that it is in the

best interests of their estates to provide such Information to the Creditors' Committee.  This

information sharing protocol will keep the Creditors' Committee apprised of the progress of the

Investigations, and will allow the Debtors and the Creditors' Committee to form a common

understanding and legal assessment relating to the issues encompassed by the Investigations

that will facilitate a timely resolution of such matters.  To that end, the Debtors affirm that the

relief requested in the proposed order covers only the Investigations.  See United States v.

Weissman, 195 F.3d 96, 99 (2d Cir. 1999)  ("[O]nly those communications made in the course

of an ongoing common enterprise and intended to further the enterprise are protected" by the

common interest doctrine); United States v. Schwimmer, 892 F.2d 237, 243 (2d Cir. 1989)

(same).

        8.      Similarly, GM also requests that the common interest privilege be

narrowly construed.  While the Second Circuit has warned that expansions of the attorney-

client privilege under the common interest rule should be cautiously extended, see Federal

Trade Com., 2001 WL 396522, at * 4, the Debtors and Creditors' Committee should not limit

themselves to the protections available under applicable law.  The scope of the common

interest privilege asserted by the Debtors and the Creditors' Committee should be construed to

the fullest extent such protection is available under applicable case law, subject to the

provisions of the Joint Interest Agreement.

C.      GM's Additional Qualifications Are Unnecessary And Unduly Burdensome

        9.      The Debtors intend to share with the Creditors' Committee privileged and

confidential information relating only to the Investigations.  Consequently, the additional

provisions and qualifications requested by GM are unnecessary in light of the Debtors'

6

affirmation that the proposed order and underlying agreement cover Information related only to the Investigations.  As discussed above, the Debtors and the Creditors' Committee share a common interest with respect the Investigations.  Moreover, the Debtors reserve their rights, pursuant to a subsequent motion or otherwise, to assert that the common interest privilege should apply to additional matters outside the scope of the Investigations, the Joint Interest Agreement and the proposed order related thereto.

10.    Most objectionable of GM's requests is that GM seeks affirmative discovery into what is being shared between the Debtors and the Creditors' Committee (see Response ¶7) and to link the information sharing protocol to potential future litigation against GM (see Response ¶8).[2]  The request by GM that the Debtors establish and maintain a privilege log is unduly burdensome, and would impose an unnecessary cost on the Debtors. For example, establishing a privilege log in connection with the internal investigation conducted by the Audit Committee would involve the review and documentation of hundreds of thousands of pages.  The costs that would be incurred by the Debtors to satisfy this request would substantially outweigh any benefit – a benefit which is wholly unclear.  Indeed, the Debtors and the Creditors' Committee regularly exchange information through various protocol and channels and the Debtors should not be burdened and the flow of information should not be impeded in order to satisfy GM's request.  This information sharing protocol should not be a means for GM to get discovery on possible further litigation against it.  Allowing this result would entirely shift the purpose of the Joint Interest Agreement.

---

[2]    GM's reasons for establishing a privilege log are not entirely clear.  To the extent GM intends to use the proposed privilege log to learn about information and documents related to the Investigations for its benefit in connection with its own ongoing investigations, such a tactic should not be countenanced by this Court.

11.    Finally, the Debtors are not requesting that any privilege be expanded by either the proposed order or the Joint Interest Agreement.  The common interest privilege is simply an exception to the general rule that the privilege is waived when confidential information is communicated to a third party.  The Joint Interest Agreement and the proposed order simply protect the attorney-client privilege that exists.

<u>Notice</u>

12.    Notice of this Reply has been provided in accordance with the Second Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered by this Court on March 28, 2006.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

WHEREFORE the Debtors respectfully request that this Court enter an order

(a) authorizing the Motion and (b) granting the Debtors such other and further relief as is just.

Dated:    New York, New York
        April 6, 2006

                SKADDEN, ARPS, SLATE, MEAGHER
                 & FLOM LLP

        By:   /s/ John Wm. Butler, Jr.
              John Wm. Butler, Jr. (JB 4711)
              David E. Springer (DS 9331)
              John K. Lyons (JL 4951)
              Ron E. Meisler (RM 3026)
        333 West Wacker Drive, Suite 2100
        Chicago, Illinois 60606
        (312) 407-0700

                - and -

        By:   /s/ Kayalyn A. Marafioti
              Kayalyn A. Marafioti (KM 9632)
              Thomas J. Matz (TM 5986)
        Four Times Square
        New York, New York 10036
        (212) 735-3000

        Attorneys for Delphi Corporation, et al.,
         Debtors and Debtors-in-Possession

## JOINT INTEREST AGREEMENT

WHEREAS, on October 8, 2005 (the "Initial Filing Date"), Delphi

Corporation ("Delphi") and certain of its U.S. subsidiaries (the "Initial Filers") filed

voluntary petitions in the United States Bankruptcy Court for the Southern District of

New York (the "Bankruptcy Court") for reorganization relief under chapter 11 of title

11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy

Code").  On October 14, 2005, three additional U.S. subsidiaries of Delphi (together

with the Initial Filers, collectively, the "Debtors") also sought reorganization relief.

The Debtors continue to operate their businesses and manage their properties as

debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

WHEREAS, on October 17, 2005, the Office of the United States Trustee

appointed an official committee of unsecured creditors (the "Creditors' Committee").

WHEREAS, prior to the Initial Filing Date, certain events occurred which

prompted informal and formal investigations by Delphi and its subsidiaries and

affiliates (collectively, the "Company") and third parties.  The investigations include,

but are not limited to (a) the internal review conducted by the Company's Audit

Committee, (b) the formal ongoing investigations by several governmental agencies,

(c) the Company's restatement of earnings for fiscal years 2001-03, (d) the subject

matter related to the commencement of certain class actions, including, without

limitation, actions brought under ERISA (as defined below) and various securities

actions, and (e) the review by a special committee of the Company's Board of

Directors of certain shareholder derivative demands and related actions (collectively, the "Investigations").

WHEREAS, the Company is the subject of an ongoing investigation by the Securities and Exchange Commission ("SEC") and other federal authorities involving its accounting for and the adequacy of disclosures for a number of transactions dating from the Company's spin-off from GM.  Delphi is fully cooperating with the SEC's ongoing investigation and requests for information as well as the related investigation being conducted by the Department of Justice. The Company has entered into an agreement with the SEC that currently suspends the running of the applicable statute of limitations until April 6, 2006, which is likely to be further extended.  The SEC investigation and the related investigation by the Department of Justice were not stayed as a result of the Debtors' commencement of their chapter 11 cases.

WHEREAS, Delphi completed a financial restatement in June 2005, the effects of which reduced retained earnings as of December 31, 2001 by $265 million, reduced 2002 net income by $24 million, and reduced 2003 net loss by $46 million. The nature of the restatement adjustments have been described on Form 8-K filings with the SEC.  In conjunction with the restatement, the audit committee of the Company's Board of Directors conducted and concluded an internal investigation of certain accounting transactions over the previous five years.  The Company is continuing to cooperate fully with the government's investigations in these matters.

2      DeltaView comparison of pcdocs://chisr02a/562598/12 and pcdocs://chisr02a/562598/13. Performed on 4/6/2006.

WHEREAS, several class action lawsuits have been commenced against

Delphi, Delphi Trust I, Delphi Trust II, current and former directors, certain current

and former officers, General Motors Investment Management Corporation (the named

fiduciary for investment purposes and investment manager for Delphi's employee

benefit plans), and certain current and former employees of Delphi or its subsidiaries,

as a result of the Company's announced financial restatement.  These lawsuits fall into

three categories:  (a) lawsuits brought under the Employee Retirement Income

Security Act of 1974, as amended ("ERISA"), purportedly on behalf of participants in

certain of the Company's and its subsidiaries' defined contribution employee benefit

pension plans which invested in Delphi common stock (the "ERISA Actions"), (b)

lawsuits alleging that the Company and certain of its current and former directors and

officers made materially false and misleading statements in violation of federal

securities laws (the "Securities Actions"), and (c) shareholder derivative actions (the

"Shareholder Derivative Actions").  The Board of Directors of the Company has

appointed a special committee to investigate certain shareholder derivative demands.

On or about December 12, 2005, the Judicial Panel on Multidistrict Litigation

transferred, and consolidated into one action, the ERISA Actions, the Securities

Actions, and the federal Shareholder Derivative Actions.  The litigation was

transferred to Judge Gerald R. Rosen in the United States District Court for the Eastern

District of Michigan and consolidated under the title <u>In re Delphi Securities,</u>

<u>Derivative and ERISA Litigation</u> (MDL No. 1725).

3       DeltaView comparison of pcdocs://chisr02a/562598/12 and
pcdocs://chisr02a/562598/13. Performed on 4/6/2006.

WHEREAS, the Debtors and the Creditors' Committee have determined that it is in the best interests of the Debtors' estates that they share material confidential information with each other and consult with each other regarding the Investigations. The Debtors and the Creditors' Committee further believe that it is in the best interests of the Debtors' estates for the Debtors to provide such confidential, non-public information and documents related to the Investigations, whether written or oral, including by virtue of participation by any Reviewing Party (as defined below) in the Investigations ("Information") to the designees of the Creditors' Committee (which designees shall be the outside professionals of the Creditors' Committee and, at the election of the Creditors' Committee, either the chair of the Creditors' Committee or a subcommittee of the Creditors' Committee in a number reasonably acceptable to the Debtors), to keep them adequately apprized of the ongoing progress of the Investigations, without losing any privilege or protection attaching to any produced information through the disclosure thereof.

WHEREAS, the Debtors and the Creditors' Committee believe that they share common interests in this regard, and intend through this Agreement that any and all sharing of information pursuant to this Agreement be protected pursuant to the "common interest" or "joint defense" doctrine, to the fullest extent such protection is available under applicable case law subject to the provisions of this Agreement.

4       DeltaView comparison of pcdocs://chisr02a/562598/12 and pcdocs://chisr02a/562598/13. Performed on 4/6/2006.

WHEREAS, the Debtors and the Creditors' Committees wish to memorialize, and to set forth the terms and conditions of, their understanding with respect to the foregoing.

NOW, THEREFORE, IT IS HEREBY AGREED, by and between the Debtors and the Creditors' Committee, that:

1.      The Debtors may voluntarily share Information related to the Investigations with the members and professionals of the Creditors' Committee identified on <u>Appendix A</u> to this Agreement (collectively, the "Reviewing Parties"). The Reviewing Parties shall treat all Information obtained from the Debtors in accordance with this Agreement.  No other additional persons, firms, or entities shall be added to the Reviewing Parties list, unless prior email notice is provided to counsel for the Debtors and the Debtors consent in writing to such additions.  The Reviewing Parties may share and discuss Information with each other.  The designated professional firms identified on <u>Appendix A</u> may disclose Information as necessary in the ordinary course of their work to legal assistants, secretaries, or other non-professional staff, but shall disclose information only to individuals who have a need to know the Information for purposes of participating in the Investigations.

2.      The Debtors may voluntarily make available for inspection and copying by the Reviewing Parties certain Information, including deposition transcripts, internal memoranda, and other documents and information.  Upon the Debtors' request (the consent to which a Reviewing Party shall not unreasonably withhold), at the close

5       DeltaView comparison of pcdocs://chisr02a/562598/12 and pcdocs://chisr02a/562598/13. Performed on 4/6/2006.

of the chapter 11 cases or such other time as may be reasonable the Reviewing Parties shall return all originals and return copies of any and all Information produced pursuant to this Agreement, and shall certify their compliance with this paragraph to the Debtors in writing, provided that the professionals retained by the Creditors' Committee may retain (but must use for no other purpose other than as set forth in paragraph 3) their own work product.

3.      All Information received by the Reviewing Parties in connection with the Investigations shall be held in strict confidence and used solely for purposes of the Investigations and any litigation subsequently authorized by the Bankruptcy Court. The Reviewing Parties shall not disclose Information received in connection with the Investigations except to one another.

4.      In the event that a Reviewing Party is legally required by the Bankruptcy Court, any other court of competent jurisdiction or by a federal, state or local governmental or regulatory body, to disclose any of the Information, such Reviewing Party shall, to the extent lawful, provide the Debtors with prompt written notice of any such requirement to the Debtors no less than ten business days prior to such required disclosure (provided that if a Reviewing Party is required to make a disclosure in less than 10 business days, such Reviewing Party shall provide notice to the Debtors as soon as reasonably practicable, but not later than one calendar day after the Reviewing Party is informed of the need to make such required disclosure) so that the Debtors may seek a protective order or other appropriate remedy and/or waive

6        DeltaView comparison of pcdocs://chisr02a/562598/12 and pcdocs://chisr02a/562598/13. Performed on 4/6/2006.

compliance with this Agreement.  The Reviewing Party shall provide service of such

notice by facsimile and Federal Express to:  (a) Delphi Corporation, Att'n: David

Sherbin, 5725 Delphi Drive, Troy, MI 48098 (facsimile (248) 813-2491); (b) Delphi

Corporation, Att'n: Joseph Papelian, 5725 Delphi Drive, Troy, MI 48098 (facsimile

(248) 813-3251); and (c) Skadden, Arps, Slate, Meagher & Flom LLP, Att'n: John

Wm. Butler, Jr., 333 W. Wacker Drive, Chicago, IL 60606 (facsimile (312) 407-0411).

If, in the absence of a protective order or other remedy or the receipt of a waiver from

the Debtors, such Reviewing Party is nonetheless required to disclose any of the

Information, such Reviewing Party may, without liability hereunder, disclose only that

portion of the Information which such Reviewing Party is advised by counsel it is

legally required to disclose, provided that such Reviewing Party shall use its

reasonable best efforts to preserve the privileges and confidentiality of the Information

by reasonably cooperating with the Debtors to obtain an appropriate protective order

or other reliable assurance that the privileges and other confidential treatment will be

accorded the Information.

5.     The parties agree that all Information provided to the Reviewing

Parties prior to the execution of this Agreement was provided in furtherance of the

parties' common interests and the prior provision of Information by the Debtors, and

its receipt by the Reviewing Parties, is subject to this Agreement.

6.     The Reviewing Parties will not assert that the Debtors' production of

Information pursuant to this Agreement constitutes a waiver of the attorney-client

7     DeltaView comparison of pcdocs://chisr02a/562598/12 and
pcdocs://chisr02a/562598/13. Performed on 4/6/2006.

privilege, the attorney work product doctrine, or any other applicable privilege or protection.

7.    The Creditors' Committee may exercise its own independent judgment in determining whether to participate in particular meetings and interviews being conducted by the Debtors in furtherance of the Investigations, through its own representatives.

8.    No discovery in respect of matters that are the subject of the Investigations will be permitted unless (a) the Bankruptcy Court has issued an appropriate order, after the Debtors and Creditors' Committee have met and conferred on the subject matter of the discovery and a telephonic status conference has been held before the Bankruptcy Court pursuant to section 105(d) of the Bankruptcy Code, (b) the Debtors and the Creditors' Committee have otherwise agreed, or (c) in connection with an adversary proceeding initiated by the Debtors or a contested hearing adjudicating a motion initiated by the Debtors, such discovery is permissible under the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure (provided that all rights and defenses with respect thereto are reserved).

9.    It is the express intent of the parties to this Agreement, and of the Bankruptcy Court, if it approves the Agreement, that the Agreement and the production of Information pursuant thereto will not confer upon any third party the right to obtain such Information, nor shall it limit the right of any party, including any Reviewing Party, to Information that is otherwise discoverable to the extent so ordered

8    DeltaView comparison of pcdocs://chisr02a/562598/12 and pcdocs://chisr02a/562598/13. Performed on 4/6/2006.

by the Bankruptcy Court or another court of competent jurisdiction in litigation authorized by the Bankruptcy Court.

10.     Nothing herein shall, or is intended in any way to limit, modify or otherwise diminish the Debtors' or the Creditors' Committee's rights and powers under applicable law, including under the Bankruptcy Code and Bankruptcy Rules, or the rights of the Creditors' Committee to seek Information from the Debtors that the Debtors do not voluntarily produce (provided that all defenses that Debtors may have to any such involuntary production are preserved).

11.     Nothing herein shall be or is intended to constitute an admission by any person or entity of any wrongdoing or liability or of the existence of any claims or causes of action in connection with the subject matter of the Investigations or otherwise.

12.     This Agreement shall be binding upon the parties' respective successors and assigns.

13.     This Agreement shall be submitted for approval by the Bankruptcy Court, but if not approved, shall remain in full force and effect as an agreement among the parties.

14.     This Agreement may be executed in several counterparts, all of which constitute the same agreement.

15.     Nothing herein shall affect the separate and independent representation of the parties by their respective counsel nor shall anything herein be deemed to create

9       DeltaView comparison of pcdocs://chisr02a/562598/12 and pcdocs://chisr02a/562598/13. Performed on 4/6/2006.

an attorney-client relationship between any attorney and anyone other than the client

who hired that attorney.  The sharing of Information pursuant to this Agreement shall

not be a basis for disqualification of any Reviewing Party's counsel.

10    DeltaView comparison of pcdocs://chisr02a/562598/12 and pcdocs://chisr02a/562598/13. Performed on 4/6/2006.

16.     This Agreement constitutes the full agreement among the parties regarding the production and sharing of Information.  Modifications of this Agreement must be in writing and signed by counsel to all parties hereto.

Dated:          _____, 2006

SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP

By:     _____
    John Wm. Butler, Jr. (JB 4711)
    David E. Springer (DS 9331)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

        - and -

By:     _____
    Kayalyn Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

LATHAM & WATKINS LLP

By:     _____
    Robert J. Rosenberg (RR-9585)
    Mitchell A. Seider
    Mark A. Broude (MB-1902)
885 Third Avenue
New York, New York 10022-4802
(212) 906-1200

Attorneys for The Official Committee of
Unsecured Creditors

11     DeltaView comparison of pcdocs://chisr02a/562598/12 and pcdocs://chisr02a/562598/13. Performed on 4/6/2006.

<u>APPENDIX A</u>

LIST OF REVIEWING PARTIES FOR
<u>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>

DESIGNATED COMMITTEE MEMBERS
[list individuals and firm affiliations]

To be determined

DESIGNATED PROFESSIONALS
[list firms]

Latham & Watkins LLP
Mesirow Financial Consulting LLC
Jefferies & Company, Inc.

13      DeltaView comparison of pcdocs://chisr02a/562598/12 and
pcdocs://chisr02a/562598/13. Performed on 4/6/2006.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
            In re                         :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :        Case No. 05-44481 (RDD)
                                          :
                         Debtors.         :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER APPROVING JOINT INTEREST AGREEMENT BETWEEN DEBTORS
AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
IMPLEMENTING PROTECTIVE ORDER, AND APPROVING
PROCEDURES TO PROTECT INFORMATION IN FEE STATEMENTS

("JOINT INTEREST AGREEMENT ORDER")

Upon the motion, dated March 28, 2006 (the "Motion"), of Delphi Corporation and

certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned

cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 105, 107 and

1103 and Bankruptcy Rules 7026 and 9018, approving the Joint Interest Agreement[1] between the

Debtors and the Creditors' Committee, preserving for the benefit of the Debtors' estates certain

protections and privileges from disclosure of information and documents produced pursuant to the

Joint Interest Agreement, and approving procedures to protect confidential and privileged

information in fee statements and fee applications of professionals retained in these cases; and

upon the record of the hearing held on the Motion; and this Court having determined that the relief

requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and

---

[1]    Terms not defined herein shall have the meanings ascribed to them in the Motion.

other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been

given and that no other or further notice is necessary; and after due deliberation thereon,

IT IS HEREBY FOUND AND DETERMINED THAT:

A.    The Debtors and the Creditors' Committee are separate fiduciaries of these estates

with distinct fiduciary duties that share a common interest with respect to the subject matter of the

Information (as defined herein).  In addition, the Court as well as the Debtors and the Creditors'

Committee have an interest in ensuring that its orders are implemented appropriately.  To carry out

their respective fiduciary duties efficiently and effectively in general, the Debtors and the

Creditors' Committee must be able to share confidential information within the subject matter of

the Information free from the risk that any of them would be required to divulge such information

to third parties later.

B.    Given the common interest of the Debtors and the Creditors' Committee with

respect to the Information, the sharing of the confidential Information between the Debtors and the

Creditors' Committee shall not prejudice any rights, remedies, or causes of action of the Debtors or

the Creditors' Committee applicable with respect to any causes of action arising out of the

Information.

C.    The Debtors' administration of their cases should not be prejudiced by the exchange

of the Information.  Any Information provided by the Debtors to the Creditors' Committee should

be used only as provided in the Joint Interest Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

1.    The Motion is GRANTED.

2    DeltaView comparison of pcdocs://chisr02a/562621/10 and pcdocs://chisr02a/562621/11.
Performed on 4/6/2006.

2.      The Court hereby approves the Joint Interest Agreement, a copy of

which is attached hereto as Exhibit 1.  Any non-public information and documents

provided by the Debtors to the Creditors' Committee related to the Investigations, whether

written or oral, including by virtue of participation by any Reviewing Party (as defined

below) in the Investigations, to the designees of the Creditors' Committee (which designees

shall be the outside professionals of the Creditors' Committee and, at the election of the

Creditors' Committee, either the chair of the Creditors' Committee or a subcommittee of

the Creditors' Committee in a number reasonably acceptable to the Debtors) (each a

"Reviewing Party"), shall be deemed confidential information subject to the provisions of

the Joint Interest Agreement ("Information"), and no attorney-client, attorney

work-product doctrine, or similar privilege shall be waived solely by reason of the sharing

of such Information under the terms of the Joint Interest Agreement.  The Debtors'

provision of Information pursuant to the Joint Interest Agreement shall not confer upon any

third party the right to obtain such Information, nor shall it limit the right of any party,

including the Creditors' Committee, to Information that is otherwise discoverable to the

extent so ordered by the Court or another Court of competent jurisdiction in litigation

authorized by the Court.

3.      Nothing in this Order shall preclude the Debtors from expressly

waiving any privilege or attorney work-product doctrine applicable with respect to any

Information in the future.

4.      The Creditors' Committee may exercise its own independent

judgment in determining whether to participate in particular meetings and interviews being

conducted by the Debtors in furtherance of the Investigations.

3       DeltaView comparison of pcdocs://chisr02a/562621/10 and pcdocs://chisr02a/562621/11.
Performed on 4/6/2006.

5.      Nothing in this Order or the Joint Interest Agreement shall limit, modify, or otherwise diminish the Debtors' or the Creditors' Committee's rights and powers under applicable law, including the rights of the Creditors' Committee, to seek Information from the Debtors that the Debtors do not voluntarily produce (provided that all defenses the Debtors may have to any such involuntary production are not diminished by this Order or the Joint Interest Agreement).

6.      Nothing in this Order or in the Joint Interest Agreement shall affect the separate representation of the parties by their respective counsel nor shall anything in this Order or the Joint Interest Agreement be deemed to create an attorney-client relationship between any attorney and anyone other than the client who hired that attorney. The Debtors' provision of Information pursuant to the Joint Interest Agreement shall not be a basis for disqualification of any of the Creditors' Committee counsel.

7.      No discovery in respect of matters that are the subject of the Investigations shall be permitted unless (a) the Bankruptcy Court has issued an appropriate order, after the Debtors and Creditors' Committee have met and conferred on the subject matter of the discovery and a telephonic status conference has been held before the Bankruptcy Court pursuant to section 105(d) of the Bankruptcy Code, (b) the Debtors and the Creditors' Committee have otherwise agreed, or (c) in connection with an adversary proceeding initiated by the Debtors or a contested hearing adjudicating a motion initiated by the Debtors, such discovery is permissible under the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure (provided that all rights and defenses with respect thereto are reserved).

8.      The provisions of the Order Under 11 U.S.C. § 331 Establishing

Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals

(Docket No. 869), as amended (Docket No. 2747) relating to monthly fee statements and

fee applications containing Confidential Time Records shall be modified in accordance

with <u>Exhibit 2</u> attached hereto.  The dissemination and disclosure of the Confidential Time

Records in accordance with these procedures shall not constitute a waiver of the

attorney-client or attorney work product privileges, or of any right to the confidentiality of

such information by any party.  The Debtors shall promptly serve a copy of this Order on

all professionals retained pursuant to a retention order entered by this Court.

9.      The Court expressly retains exclusive jurisdiction to determine any

dispute regarding the interpretation or enforcement of this Order and the Joint Interest

Agreement.  On request of a party in interest, the Court may issue any order necessary or

appropriate to enforce or give effect to the provisions of this Order or the Joint Interest

Agreement, including, but not limited to, this retention of jurisdiction.

10.      The requirement under Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York for the

service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
       April ___, 2006


_____
       UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT G

**Hearing Date: April 7, 2006**
**Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
David E. Springer (DS 9331)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

            - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                              :
            In re                                             :         Chapter 11
                                                              :
DELPHI CORPORATION, et al.,                                   :         Case No. 05-44481 (RDD)
                                                              :
                        Debtors.                              :         (Jointly Administered)
                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO MOTION FOR
ORDER UNDER 11 U.S.C. § 363(b) AND FED. R. BANKR. P. 6004 APPROVING
DEBTORS' HUMAN CAPITAL HOURLY ATTRITION PROGRAMS

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the

"Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively,

the "Debtors"), hereby submit this response (the "Reply") to the three objections timely filed to

the Debtors' Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving

The Debtors' Human Capital Hourly Attrition Programs, dated March 22, 2006 (the "Motion").

Such objections include (a) Appaloosa Management L.P.'s ("Appaloosa") Preliminary Objection

To Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving The

Debtors' Human Capital Hourly Attrition Programs, dated March 30, 2006, (Docket No. 3021),

supplemented by Appaloosa Management L.P.'s Supplemental Objection To Motion For Order

Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving the Debtors' Human Capital

Hourly Attrition Programs, dated April 4, 2006, (Docket No. 3098); (b) Limited Objection of the

Official Committee of Unsecured Creditors (the "Creditors' Committee") To Motion For Order

Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving The Debtors' Human Capital

Hourly Attrition Programs, dated April 4, 2006, (Docket No. 3092), amended by Amended

Limited Objection of the Official Committee of Unsecured Creditors To Motion For Order

Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving The Debtors' Human Capital

Hourly Attrition Programs, dated April 5, 2006, (Docket No. 3108); and (c) Limited Objection of

Wilmington Trust Company, as Indenture Trustee ("WTC" and, collectively with Appaloosa and

the Creditors' Committee, the "Objectors"), To Motion For Order Under 11 U.S.C. § 363(b) And

Fed. R. Bankr. P. 6004 Approving The Debtors' Human Capital Hourly Attrition Programs,

dated April 4, 2006, (Docket No. 3097) (collectively, the "Objections").[1]  In support of this

Reply, the Debtors respectfully represent as follows:[2]

---

[1]    On April 6, 2006, two days after the objection period ended, Law Debenture Trust
       Company ("Law Debenture") filed its Limited Objection of Law Debenture Trust
       Company of New York, As Indenture Trustee, To Motion For Order Under 11 U.S.C. §
       363 (b) And Fed. R. Bankr. P. 6004 Approving Debtors' Human Capital Hourly Attrition

*(cont'd)*

Preliminary Statement

1.        Within hours of having reached agreement with GM and the UAW, the

Debtors filed the Motion seeking approval and authorization to implement a tripartite agreement

(the "UAW Special Attrition Program Agreement") by and among Delphi, GM, and the UAW

that creates retirement incentives and programs and certain flowback opportunities for UAW-

represented Delphi employees (the "UAW Special Attrition Program") and to allow Delphi to

enter into similar programs (collectively, the "Hourly Attrition Programs") with certain of its

other unions.  The International Union, United Automobile, Aerospace and Agricultural

Implement Workers of America (the "UAW") and General Motors Corporation ("GM"), parties

to the UAW Special Attrition Program, each filed a statement supporting the relief requested by

the Motion.[3]

2.        Only Appaloosa opposes the UAW Special Attrition Program and the

Hourly Attrition Programs themselves.  The Creditors' Committee and WTC have each filed

narrow, limited objections going to GM claims matters.  The only disagreement that is

unresolved with respect to these objections[4] is whether the Creditors' Committee can convince

_____
*(cont'd from previous page)*
Programs (Docket No. 3130) (the "Law Debenture Objection").  The Law Debenture
Objection is, in fact, a joinder in the objections of the Creditors' Committee and WTC
and raises no new objections to the relief sought in the Motion.

[2]        Capitalized terms used but not defined herein have the meanings ascribed to them in the
Motion.

[3]        See Response of UAW In Support Of Debtors' Motion For Approval Of UAW Special
Attrition Program, dated March 24, 2006 (Docket No. 2958) (the "UAW Supporting
Response") and Response of General Motors Corporation In Support Of Debtors' Motion
For Order Approving Human Capital Hourly Attrition Programs, dated April 4, 2006
(Docket No. 3090) (the "GM Supporting Response").

[4]        As discussed below, WTC also objects to the Motion on the grounds that this Court
should not grant the Debtors prospective authority to enter into agreements providing for
*(cont'd)*

3

the Court to rewrite a tripartite agreement to reduce the "claims channels" pursuant to which GM can assert (subject to a full reservation of rights to object by all parties) a prepetition unsecured claim as to certain postpetition accommodations extended to Delphi by GM.[5]  Appaloosa, on the other hand, is the sole party in these chapter 11 cases that would have the Court unravel the "soft landings" that have been painstakingly negotiated by Delphi, GM, and the UAW for Delphi's UAW-represented hourly labor force.

        3.      As the Debtors will detail below, the actual facts of the Debtors' current labor situation unquestionably evidence that approval of the Motion is in the best interests of the Debtors and their estates and the Debtors' determination to enter into the UAW Special Attrition Program Agreement and the Hourly Attrition Programs constitutes a reasonable exercise of their business judgment.

<u>Argument</u>

A.      <u>The Hourly Attrition Programs Reflect A Sound Exercise Of Business Judgment</u>

        4.      Bankruptcy Code section 363(b) permits a debtor-in-possession, after notice and a hearing, to "use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Courts may authorize a debtor to use estate property pursuant to section 363(b)(1) whenever the debtor, in good faith, has provided a "good business

_____

*(cont'd from previous page)*

    reasonably comparable (as to the Debtors' obligations) Hourly Attrition Programs for the Debtors' non-UAW, union-represented employees.

[5]    Further, the Court's role should not be to rewrite the terms of an agreement reached between Delphi and third parties.  <u>In re Global Crossing Securities and ERISA Litig.</u>, 225 F.R.D. 436, 455 (S.D.N.Y. 2004) ("Although the Court must make its own independent evaluation of the settlement, the Court must also assess the settlement as it stands, without modifying its terms. . .and without substituting its 'business judgment for that of counsel, absent evidence of fraud or overreaching.'") (citing <u>In re Warner Communication Sec. Litig.</u>, 798 F.2d 35, 37 (2d Cir. 1986)).

reason" that the proposed usage will ultimately "aid in the reorganization."  In re Lionel Corp.,

722 F.2d 1063, 1071 (2d Cir. 1983).  The Code provides the court "considerable discretion" in

addressing such a section 363(b) motion, and the Court's factual findings will stand unless

clearly erroneous.  In re Montgomery Ward Holding Corp., 242 B.R. 147, 152-53 (Bankr. D.

Del. 1999).

        5.      The Second Circuit has held that, while the Bankruptcy Court sits as an

"overseer of the wisdom with which the bankruptcy estate's property is being managed by the . . .

debtor-in-possession," it must nevertheless resist becoming "arbiter of disputes between creditors

and the estate."  In re Orion Pictures Corp., 4 F.3d 1095, 1098-99 (2d Cir. 1993).  The Court's

consideration of a debtor's section 363(b) motion is a summary proceeding, intended merely as a

means to "efficiently review the . . . debtor's decision[s] . . . in the course of the swift

administration of the bankruptcy estate.  It is not the time or place for prolonged discovery or a

lengthy trial with disputed issues."  Orion Pictures, 4 F.3d at 1098-99.

        6.      The debtor has the burden of establishing a valid business purpose for the

use of estate property outside the ordinary course of business.  Lionel, 722 F.2d at 1070-71.

Once the debtor has done so, a presumption arises that the debtor's decision was made on an

informed basis, in good faith, and in an honest belief that the action was in the best interests of

the estate.  In re Integrated Res., Inc., 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992).  Thereafter,

"[p]arties opposing the proposed exercise of a debtor's business judgment have the burden of

rebutting the presumption of validity."  Id.  To satisfy its burden, it is not enough for an objector

simply to raise and argue an objection. Rather, an objector "is required to produce some evidence

respecting its objections." Lionel, 722 F.2d at 1071.

7.    As a rule, the debtor's business judgment "should be approved by the court unless it is shown to be 'so manifestly unreasonable that it could not be based upon sound business judgment, but only on bad faith, or whim or caprice.'" <u>In re Aerovox, Inc.</u>, 269 B.R. 74, 81 (Bankr. D. Del. 2001) (quoting <u>In re Interco, Inc.</u>, 128 B.R. 229, 234 (Bankr. E.D. Mo. 1991)).

8.    Here, the Debtors chose to enter into the UAW Special Attrition Program Agreement and seek authority for the Hourly Attrition Programs after determining that such actions will aid the Debtors in reorganizing their businesses.  As stated in the Motion, Delphi's labor agreements are unsustainable.  To stem the Debtors' operating losses from their U.S. operations and achieve the Debtors' transformation, Delphi's existing labor agreements must be modified (a) by obtaining hourly wage and benefit cost levels which are competitive with other U.S. auto parts suppliers, (b) by addressing those provisions that limit Delphi's ability to respond to market forces by selling or closing unnecessary or unprofitable operations, or by laying off excess employees, and (c) by addressing Delphi's substantial liabilities for retirement benefits for hourly employees and costly retiree health care plans.  The Hourly Attrition Programs are a significant step to enable realignment of Delphi's global product portfolio and manufacturing footprint, as well as reduction of Delphi's non-competitive hourly U.S. workforce to levels needed to operate its realigned U.S. operations.

9.    The value of the Debtors' estates is materially dependent on maintaining customer supply through rigorous shipping compliance at world-class quality levels as well as the ability to win profitable new business (especially non-GM business).  Although Delphi must modify its labor agreements, it cannot operate or maximize enterprise value without the ultimate support of its employees.  Therefore, as stated in Delphi's March 31, 2006 press release, while

6

the Debtors, through their Court filings on March 31, 2006, have taken necessary procedural

steps to enable action that may become necessary at some point in the future, Delphi is singularly

focused on reaching a consensual resolution with all of its unions and GM before any court

hearing is necessary.

10.     Delphi negotiated the terms of and entered into the UAW Special Attrition

Program in the spirit of reaching consensual resolution.  The UAW Special Attrition Program

Agreement is the product of extensive and complex negotiations among the Debtors, the UAW,

and GM.  As acknowledged in both the UAW Supporting Response and the GM Supporting

Response, the negotiations over the UAW Special Attrition Program were "complex," "intense

and often contentious."  UAW Supporting Response at ¶ 1; GM Supporting Response at ¶ 5.

Nonetheless, when the parties completed their negotiations, they had come to a mutual

agreement that Delphi believes is a reasonable agreement with the UAW and GM and one that

will benefit its estate and aid in its reorganization.  Furthermore, the UAW and GM are

indispensable parties to any voluntary attrition program – Delphi could not successfully

implement a stand-alone attrition program.

11.     Moreover, entry into the UAW Special Attrition Program Agreement has

had, and will continue to have, a positive effect on the overall negotiations between Delphi, its

unions, and GM.  Indeed, in its response to the Motion, the UAW stated that the UAW Special

Attrition Program represents "a positive step in the parties' efforts to address challenging issues."

UAW Supporting Response at ¶ 4.  The UAW further stated that "the constructive results

7

achieved in this agreement demonstrate the value of a consensual resolution of difficult and

complex matters affecting tens of thousands of hourly employees and their families." Id.[6]

12.    Delphi maintains that the Hourly Attrition Programs are beneficial for

Delphi's labor reorganization because they will incentivize attrition and prevent most of Delphi's

long-term employees from feeling the full weight of the necessary modifications to Delphi's

labor agreements.  Delphi believes that the UAW Special Attrition Program could provide as

many as 18,000 of Delphi's 23,000 existing UAW-represented long-term hourly employees

programs with "soft landings" – approximately 13,000 being able to participate in retirement

attrition programs, and 5,000 or more flowing back to GM.  If extended to other unions, the

Hourly Attrition Programs could provide as many as 4,500 additional hourly employees with

retirement programs or incentives.

13.    In light of the Debtors' transformation plan described in Delphi's March

31, 2006, press release, the Hourly Attrition Programs' "soft landings" should ease the sudden

impact upon employees from the economic hardship that they might otherwise face as a result of

Delphi's financial situation and enhance Delphi and its unions' ability to achieve a consensual

resolution of Delphi's remaining labor issues that will be ratifiable by the unions' members.

Even if Delphi must proceed in chapter 11 and obtains Court authority to reject and subsequently

modify its collective bargaining agreements and modify its retiree benefits, to continue its

---

[6]    While the pleadings go on to chastise the Debtors for their 1113/1114 filing as to the
unions and 365 filing as to GM, both filings were also a prudent exercise of the Debtors'
business judgment six months into these chapter 11 cases and where no comprehensive
agreements have yet been reached since discussions began in the second quarter of 2005
– particularly where Delphi has been clear that successfully prosecuting the motions will
not result in immediate imposition of full relief without continued negotiations.

ongoing operations, Delphi must reach a resolution with its unions that the unions' membership will ratify and will keep employees working.

14.    Delphi believes that creating a "soft landing" for excess or high cost employees is critical to facilitating the structure of and subsequent ratification of any modified labor agreement that Delphi ultimately reaches with its unions.  Moreover, a voluntary attrition plan such as the UAW Special Attrition Program is superior to other alternatives because it encourages the attrition of senior, higher-rate employees.  Finally, the Debtors anticipate that the Hourly Attrition Programs will generate positive cash flow in 2006 resulting from the reductions in the Debtors' workforce and cost savings from utilizing lower-rate employees.

15.    The timing of the UAW Special Attrition Program was critical to the Debtors.  GM and the UAW separately were negotiating an attrition program related to GM's hourly employees.  If the Debtors did not become involved in the initial discussions regarding potential attrition programs, and instead waited until after GM and the UAW reached their own agreement, then the Debtors could have been severely prejudiced because they may have been anchored to the terms of the GM-UAW attrition program.  By taking a proactive approach, the Debtors had greater ability and flexibility to negotiate terms more favorable to the Debtors and more specifically tailored to the needs and interests of their hourly employees.

16.    Delphi could not achieve this "soft landing" without GM's support.  Many of Delphi's hourly employees may view the option to retire as a GM retiree as more appealing than retiring as a Delphi retiree.  In addition, GM's financial support enables the Debtors to provide their most senior hourly employees appropriate incentives to retire at an accelerated rate. Should the Motion not be approved, the Debtors may not have a future opportunity to achieve these "soft landings."  As stated in the GM Supporting Response, the agreement is integrated and

comprehensive – none of the parties to the UAW Special Attrition Program is obligated to another unless the Court approves Delphi's entry into the agreement.  GM Supporting Response at ¶ 5.  Moreover, there is no guarantee that the UAW and GM will be amenable to the same terms as are made in the UAW Special Attrition Program if the approval is deferred or denied.  Id.  GM is not obligated to enter a deal with Delphi and will only enter a deal if it receives some benefit under such agreement.

17.    As described in the Motion, GM will likely assert claims against the Debtors related to obligations assumed and/or undertaken by GM as part of the UAW Special Attrition Program.  The UAW Special Attrition Program Agreement expressly provides, however, that nothing therein would be deemed to create an administrative or priority claim with respect to GM or to convert a prepetition claim into a postpetition claim or an administrative expense with respect to any party to the Agreement.  Further, entry into the UAW Special Attrition Program Agreement does not prejudice the rights of any interested party (including the Debtors and the Creditors' Committee) with respect to, among other things, the administration, reconciliation, and ultimate allowance, if ever, of such assertable claims.  With certain exceptions, the Debtors believe that any claims that would be asserted by GM under the UAW Special Attrition Program Agreement would relate to claims that GM would have otherwise asserted against Delphi under certain other agreements between GM and Delphi even absent entry into the UAW Special Attrition Program Agreement.[7]

---

[7]    It is possible that a significant portion of the claims that may be asserted by GM under the UAW Special Attrition Program Agreement would relate to GM's assumption of OPEB obligations for Eligible Employees who elect to flowback to GM.  Although Appaloosa has previously argued that Delphi's OPEB obligations would "go away because the collective bargaining agreements go away in 2007," the Debtors do not consider this argument tenable.  Furthermore, this Court has previously considered such

*(cont'd)*

18.    In sum, the Debtors believe that the Hourly Attrition Programs constitute

an important first step in implementing their transformation plan.  Particularly, the Debtors

believe that implementing the Hourly Attrition Programs, and the anticipated sharing of the costs

of the Hourly Attrition Programs between the Debtors and GM, including GM's commitment to

provide significant financial support toward the UAW Special Attrition Plan, will improve the

Debtors' net cash flow and reduce the Debtors' projected operating losses in comparison to the

status quo over the five-year period from 2006 through 2010.  Even more, the Hourly Attrition

Programs are a critical first step to facilitating the Debtors' transformation plan.

B.    The Objectors' Arguments Should be Overruled and the Relief Granted

19.    As noted above, three timely objections were filed to the Motion –

objections of Appaloosa Management L.P. ("Appaloosa"), the Official Committee of Unsecured

Creditors ("Creditors' Committee), and Wilmington Trust Company ("WTC").  The Debtors, in

this section, will respond to discrete issues raised by one or more Objectors.  For convenience,

attached hereto as Exhibit A is a chart summarizing the issues raised by each of the Objectors.

1.    Objections Regarding the Debtors' Business Judgment

20.    As noted above, the appropriate standard for review of a debtor's motion

to use estate property outside the ordinary course of business is whether the debtor has provided

a good business reason that the use of estate property will aid in the debtor's reorganization.[8]

_____

*(cont'd from previous page)*

argument and described it as "almost laughable."  Tr. of March 22, 2006 Evidentiary
Hearing, at pp. 177-78.

[8]    Further, the Motion in no way constitutes a sub rosa plan of reorganization and there is
no basis for this Court to apply a heightened level of scrutiny, as requested by Appaloosa.
The Braniff case cited by Appaloosa addressed a transaction significantly different than
the Debtors' proposed implementation of the Hourly Attrition Plans.  Pension Benefit
Guaranty Corp. v. Braniff Airways, Inc. (In re Braniff Airways, Inc.), 700 F.2d 935 (5th

*(cont'd)*

11

Once such a showing is made, an objecting party must overcome the substantial deference

provided to a debtor's exercise of its business judgment by demonstrating that the debtor's

business judgment is so manifestly unreasonable that it could not possibly be based upon sound

business judgment.  The Debtors respectfully assert that the Debtors have clearly met their

burden under section 363(b) with respect to the relief sought in the Motion.

       21.    Nevertheless, Appaloosa argues that, in order to meet their burden under

section 363(b), the Debtors must provide parties-in-interest with substantial, detailed financial

projections addressing various scenarios under which Appaloosa believes the Debtors could

attempt to reorganize their operations.  Appaloosa's argument is, however, contrary to Second

Circuit precedent, which provides that the court's consideration of a motion under section 363 is

intended to be a summary proceeding and is not the place for prolonged discovery.  See Orion

Pictures Corp., 4 F.3d at 1098-99.

       22.    The Debtors did, however, provide Appaloosa with extensive discovery.

On March 30, 2006,[9] Appaloosa served the Debtors with wide-ranging document requests and

---

*(cont'd from previous page)*

    Cir. 1983).  In a subsequent decision, the Fifth Circuit found the Braniff case to be
"entirely distinguishable" where a proposed transaction did not dispose of all claims
against the debtor, did not restrict creditors' rights to vote as they saw fit on a proposed
reorganization plan and did not dispose of "virtually all" of the debtor's assets.  Official
Comm. of Unsecured Creditors v. Cajun Elec. Power Cooperative, Inc. (In re Cajun Elec.
Power Cooperative, Inc.), 119 F.3d 349, 355 (5th Cir. 1997).  Similarly, courts in this
District have held that an agreement that "does not interfere with any safeguards of
disclosure and voting rights afforded creditors under the Bankruptcy Code" and is not "an
evasion of the plan confirmation process" does not constitute a sub rosa plan.  Motorola,
Inc. v. Off. Comm. of Unsecured Creditors (In re Iridium Operating LLC), Case No. 01
Civ. 5429 (GBD), 2005 WL 756900 at *8 (S.D.N.Y. Apr. 4, 2005).  As the relief sought
in the Motion does not implicate any of these issues, it clearly does not constitute a sub
rosa plan.

[9]    The Debtors did not accept earlier service on March 27, 2006 prior to Appaloosa's filing
of an objection as this matter was not yet contested.

interrogatories, as well as a notice of Rule 30(b)(6) deposition.  Following the Debtors' receipt of

such requests, the Debtors, Appaloosa and the Creditors' Committee participated in a lengthy

meet and confer during which the parties reached agreement upon more limited discovery which

the Debtors would agree to provide.  In particular, the Debtors, pursuant to an agreed-upon

discovery schedule, produced over 500 pages of documents to Appaloosa and made both John D.

Sheehan, Vice President, Chief Restructuring Officer, Chief Accounting Officer, and Controller

of Delphi, and Kevin M. Butler, Vice President, Human Resource Management, of Delphi,

available for three-hour depositions, which took place on Wednesday, April 5, 2006.  In addition,

the Debtors provided declarations of John D. Sheehan and Kevin M. Butler to each of the

Objectors, as well as GM and the UAW, on Tuesday, April 4, 2006 (to Appaloosa) and

Wednesday, April 5, 2006 (to the remaining Objectors, GM, and the UAW).[10]

> 23.    There is ample justification for Delphi's determination to enter into the

UAW Special Attrition Program Agreement and for the Debtors' request to be authorized to

implement other Hourly Attrition Programs.  Implementation of the Hourly Attrition Programs

constitutes a significant step to enable realignment of the Debtors' global product portfolio and

manufacturing footprint.  Furthermore, entry into the UAW Special Attrition Program

Agreement, while representing only one element in the Debtors' overall effort to address the

Debtors' current uncompetitive U.S. cost structure, evidences crucial progress in the Debtors'

negotiations of a consensual resolution with two key constituencies – GM and the UAW.[11]  By

---

[10]    Each of the declarations contain confidential information and therefore have not been
        filed with the Court.

[11]    The importance of the UAW Special Attrition Program Agreement to the Debtors' overall
        negotiations has also been noted by each of GM and the UAW.  See GM Supporting
        Response at ¶ 4 ("GM is prepared to help finance this significant step towards ensuring

*(cont'd)*

providing a substantial number of Delphi's employees with a "soft landing," implementation of the Hourly Attrition Programs directly addresses the concerns of the Debtors' employees, customers, and other key constituent groups, thereby providing distinct operational benefits. Finally, because GM has agreed to shoulder a significant portion of the obligations arising as a result of the UAW Special Attrition Program Agreement, the Debtors' implementation of the Hourly Attrition Programs will generate significant financial benefits, both by way of enhanced cash flow and decreased operating losses over the five-year period from 2006 through 2010 versus the status quo.

24.    Contrary to Appaloosa's objection, section 363(b) of the Bankruptcy Code does not require the Debtors to provide analysis supporting that the proposed use of estate property is favorable to any other potential alternative use of such property, no matter how remote in likelihood.  Furthermore, Appaloosa's objection is bereft of any evidentiary support for Appaloosa's assertion that entry into the UAW Special Attrition Program Agreement and implementation of the Hourly Attrition Programs is not a valid exercise of the Debtors' business judgment or that such decision is "manifestly unreasonable."  Aerovox, 269 B.R. at 81.  As such, the Debtors respectfully assert that the relief sought in the Motion should be authorized under section 363(b) of the Bankruptcy Code as a valid exercise of the Debtors' business judgment and Appaloosa's objection should be overruled.

---

*(cont'd from previous page)*
that the Debtors may emerge from chapter 11 as a viable supplier to the automotive industry, under the terms set forth in the Agreement"); UAW Supporting Response at ¶ 4 ("the UAW Special Attrition Program represents a positive step in the parties' efforts to address challenging issues").

2.                 <u>Objections Related to Potential Claims of GM</u>

25.        The Objectors have raised certain objections to the provisions of the UAW

Special Attrition Program Agreement which relate to potential claims GM may assert with

respect to certain Delphi obligations that GM has agreed to assume pursuant to the terms of the

UAW Special Attrition Program Agreement.  Initially, the Debtors have agreed, in order to

remove any ambiguity with respect to the reconciliation and potential allowance of GM claims

pursuant to this Court's approval of the UAW Special Attrition Program Agreement, to include

the following language in a modified proposed order, a marked copy (against the version filed

with the Motion) of which is attached hereto as <u>Exhibit B</u>:[12]

> For the avoidance of doubt, nothing in the Motion, the UAW Special Attrition
> Program Agreement or any other document shall prejudice the right of any
> interested party (including the Debtors and the Creditors' Committee) to challenge
> the allowability, amount or priority of any claims asserted by GM, except that
> GM's claims, if any, with respect to OPEB under paragraph 4. of the UAW
> Special Attrition Program Agreement or active health care and life insurance
> under Paragraph 7.d. of the UAW Special Attrition Program Agreement shall not
> be subject to objection on the basis that the claims were not assertable under U.S.
> Employee Matters Agreement (including without limitation, related flowback
> agreements and the UAW-GM-Delphi Memorandum of Understanding – Benefit
> Plan Treatment and the UAW-GM-Delphi Flowback Agreements contained in the
> 1999 and 2003 GM-UAW and Delphi-UAW Contract Settlement Agreements),
> Delphi's Agreement dated December 22, 1999 to indemnify GM for its liability
> under the Benefit Guarantee as if all conditions for the triggering of GM's claim
> shall have occurred, and Delphi's general indemnity of GM under the Master
> Separation Agreement.

26.        The UAW Special Attrition Program Agreement is the product of

extensive negotiations among Delphi, GM and the UAW spanning multiple days of round-the-

clock face-to-face meetings. Importantly, the Debtors could not have implemented such an

---

[12]        As WTC objects to the provisions of the UAW Special Attrition Program Agreement
relating to GM's claims solely on the basis that such provisions could be read to grant
GM an allowed claim, the Debtors believe that this proposed clarifying language should
resolve WTC's objection.

attrition program on a stand-alone (i.e., without the cooperation and support of GM and the

UAW) basis, nor do the Debtors have the ability to force non-consensual reductions in workforce

(outside of the section 1113 process). Therefore, entry into a tripartite agreement with the GM

and the UAW was essential to the Debtors' ability to enact these important plans.

        27.        Pursuant to the UAW Special Attrition Program Agreement, GM has

agreed to assume a substantial portion of the costs associated with implementation of the UAW

Special Attrition Program. Specifically, GM has agreed to pay one-time, lump-sum incentive

payments in the amount of $35,000 to employees who are eligible to retire under the normal or

early voluntary provisions of the Delphi Hourly-Rate Employees Pension Plan (the "HRP") in

exchange for their agreement to retire and grant a release of claims. Furthermore, GM has

agreed to assume OPEB obligations for employees who flowback to GM, including those

employees who flowback to GM for purposes of retiring ("check the box"). GM has also

committed to subsidize any health care coverage differential for Delphi employees participating

in the Delphi pre-retirement program. Finally, GM has committed to allowing 5,000 Delphi

UAW-represented employees to flow back to GM. GM would similarly assume OPEB

obligations for such employees as they flow back to GM and has agreed to expand the scope of

its prior agreement to permit such flowback. GM's financial commitment to Delphi employees

under the UAW Special Attrition Program Agreement is so substantial that Delphi's entry into an

attrition program for UAW-represented employees would likely not have been feasible without

GM's commitments.[13]

---

[13]      GM will likely seek "credit" to recoup these contributions in any comprehensive
settlement but GM's obligations are not conditioned on such a settlement.

28.    Delphi's entry into the UAW Special Attrition Program Agreement, as well as its ability to enter into reasonably comparable agreements with its other unions as such agreements are reached, is a critical first step in the Debtors' efforts to realign their global product portfolio and manufacturing footprint, as well as to reduce the Debtors' traditional-rate hourly U.S. workforce to levels needed to run its realigned U.S. operations.  The statements in support of the Motion filed by each of GM and the UAW further acknowledge the importance of this Court's timely approval of Delphi's entry into the UAW Special Attrition Program Agreement to the parties' continuing negotiations regarding the consensual resolution of their numerous remaining issues, without resolution of which the Debtors will be unable to formulate and implement a plan of reorganization in these cases.

29.    Nevertheless, and despite the financial obligations GM has agreed to assume under the UAW Special Attrition Program Agreement, Appaloosa and the Creditors' Committee assail the terms of the UAW Special Attrition Program Agreement on the basis of terms that GM extracted from Delphi as a condition of GM's entry into the agreement.  However, neither acknowledges that GM's financial support of the UAW Special Attrition Program is critical to the overall viability of the Program or that GM was under no obligation to provide such financial support to Delphi.  Rather, each of such Objectors appears to take the untenable position that Delphi should have been able to receive all of the benefits of the UAW Special Attrition Program Agreement without providing GM with any corresponding benefit.  To expect GM to take on what will likely amount to hundreds of millions of dollars in obligations without receiving any benefit whatsoever simply does not acknowledge the respective leverage of the parties or the commercial realities of the Debtors' situation.

17

30.     Furthermore, the terms provided to GM under the UAW Special Attrition Program Agreement in exchange for its agreement to take on such financial obligations are narrowly-tailored, reasonable, and preserve substantial rights for all parties-in-interest, including Appaloosa and the Creditors' Committee, to later challenge any claims that GM may assert related to the obligations which it has agreed to assume by the terms of the UAW Special Attrition Program Agreement.  The only term that the Debtors have provided to GM with respect to its claims, if any, with respect to OPEB or active health care and life insurance is the agreement that such claims would not be subject to objection on the basis that the claims were not assertable under one of the three GM agreements expressly set forth in paragraph 7.b of the UAW Special Attrition Program Agreement.[14]  Further, GM has agreed to accept a prepetition general unsecured claim on account of such obligations, which claim will be paid (likely at less than 100 cents on the dollar) pursuant to the terms of the plan of reorganization confirmed and consummated in these chapter 11 cases.  GM is further incurring hundreds of millions of dollars in additional immediate obligations – for the $35,000 incentive payments to employees who are eligible to retire under the normal or early voluntary provisions of the HRP – without Delphi's agreement to provide GM with any claim or compensation for incurring such obligations.

31.     Other than the clarifying paragraph provided above, the Debtors respectfully request that this Court overrule the objections to the provisions of the UAW Special

---

[14]     Appaloosa also objects to GM's claim for OPEB obligations being assertable against Delphi, as provided by the terms of the UAW Special Attrition Program Agreement. Delphi is the party to all relevant outstanding agreements relating to such OPEB obligations owing to Eligible Employees and, therefore, claims related thereto are properly assertable against the estate of Delphi Corporation and not against the estates of other of the Debtors.  Contrary to Appaloosa, the Debtors will not speculate as to the terms of any future agreements regarding OPEB, as such agreements will be the product of negotiations between Delphi and its unions.

Attrition Program Agreement relating to GM's claims.  Such objections reflect nothing more than

attempts by Appaloosa and the Creditors' Committee to retrade the carefully-crafted and

extensively-negotiated terms of the UAW Special Attrition Program Agreement.  Such attempts

jeopardize the parties' overall agreement and all of the benefits that will be realized by Delphi

and its employees thereunder.  Indeed, GM expressly noted this fact in its statement in support.

See GM Supporting Response at ¶5 ("[The Agreement] is a comprehensive and integrated

agreement.  No party has any obligation to any other party unless the entire Agreement is

approved as to Delphi.  If the benefits are to be realized, time is of the essence.  There is no

assurance that the UAW and GM will be amenable to making the same concessions if approval

of the program is deferred or denied.").  Delphi would not be able to achieve more favorable

results if the parties were forced to reopen negotiations over the terms of the UAW Special

Attrition Program Agreement.

3.       Objections Related to the Debtors' Entry into Hourly Attrition Program Agreements

                32.       Each of Appaloosa and WTC object to the Motion based upon the

assertion that this Court should not authorize the Debtors to enter into agreements providing for

reasonably comparable (as to the Debtors' obligations) Hourly Attrition Programs for the

Debtors' non-UAW, union-represented employees (the "Hourly Attrition Program Agreements")

absent specific Court approval.[15]

                33.       The Debtors dispute that this relief cannot appropriately be granted under

section 363(b) of the Bankruptcy Code.  First, this Court has previously granted the Debtors

authority to take action prospectively under section 363 of the Bankruptcy Code.  See, e.g.,

---

[15]       The Creditors' Committee raises a similar objection in requesting that the Creditors'
           Committee be provided with oversight over the Debtors' entry into any Hourly Attrition
           Programs covering non-UAW represented employees.

19

Order Under 11 U.S.C. § 363 Approving Procedures to Sell Certain De Minimis Assets Free and

Clear of Liens, Claims, and Encumbrances and to Pay Market Rate Broker Commissions in

Connection with Such Sales without Further Court Approval (Docket No. 766); Order Under 11

U.S.C. §§ 363(b) and 365(a) and Fed. R. Bankr. P. 9019 Order Approving Procedures to Assume

Certain Amended and Restated Sole Source Supplier Agreements (Docket No. 1494); Order

Under 11 U.S.C. §§ 363, 1107, and 1108 Approving Procedures to Enter Into or Renew Real

Property Leases Without Further Court Approval (Docket No. 1777).  Therefore, these

objections are inconsistent with prior orders entered by this Court.  Furthermore, as described

above, the Debtors have provided ample justification for their entry into the Hourly Attrition

Program Agreements under section 363(b) and nothing contained in the objections disputes the

underlying rationales or factual support for the Debtors' exercise of their business judgment.

Therefore, the Debtors respectfully assert that these objections are without merit and should be

overruled.

        34.     Further, in response to the request of the Creditors' Committee reflected in

its objection, the Debtors have agreed to include provisions in the modified proposed order to be

submitted to the Court providing the Creditors' Committee with advance notice and an

opportunity to object to the Debtors' entry into any such Hourly Attrition Program Agreements.

The Debtors believe that this grant of additional oversight to the Creditors' Committee should

alleviate any concerns of any other party-in-interest, including Appaloosa and WTC, regarding

the appropriateness of those provisions of the order.  Furthermore, the alternative suggested by

Appaloosa and WTC – ostensibly, that the Debtors be forced to file separate motions with

respect to each separate Hourly Attrition Program Agreement – would be incredibly inefficient

and costly, while providing no concomitant benefit to parties-in-interest.  The proposed order

would limit the Debtors' authority to enter into such Hourly Attrition Program Agreements to only such agreements as are reasonably comparable to the UAW Special Attrition Program Agreement, as they relate to the Debtors' obligations, and would provide the Creditors' Committee with a meaningful oversight role, similar to the role played by the Creditors' Committee with respect to prior orders of this Court granting the Debtors prospective authority, including those referenced above.  Given those protections against any abuse of the Debtors' discretion, Appaloosa and WTC's concerns are unfounded and would constitute a waste of the Debtors' resources.  Therefore, the Debtors respectfully request that these objections be overruled to the extent that they are not resolved by the Debtors' proposed language referenced above.

WHEREFORE the Debtors respectfully request that this Court enter an

order (a) overruling the Objections, (b) granting the Motion, and (c) granting the Debtors such

other and further relief as is just.

Dated: New York, New York
      April 6, 2006

                                  SKADDEN, ARPS, SLATE, MEAGHER
                                      & FLOM LLP

                                By:  /s/ John Wm. Butler, Jr.
                                    John Wm. Butler, Jr. (JB 4711)
                                    David E. Springer (DS 9331)
                                    John K. Lyons (JL 4951)
                                    Ron E. Meisler (RM 3026)
                                333 West Wacker Drive, Suite 2100
                                Chicago, Illinois  60606
                                (312) 407-0700

                                - and -

                                By:  /s/ Kayalyn A. Marafioti
                                    Kayalyn A. Marafioti (KM 9632)
                                    Thomas J. Matz (TM 5986)
                                Four Times Square
                                New York, New York  10036
                                (212) 735-3000

                                Attorneys for Delphi Corporation, et al.,
                                  Debtors and Debtors-in-Possession

**Exhibit A**

***Chart of Objections to the Hourly Attrition Programs Motion (the "Motion")***
***Organized by Objection[1]***

|  | OBJECTION ASSERTED | OBJECTING PARTY | RESOLUTION, RESPONSE OR PROPOSAL |
|---|---|---|---|
| 1. | Assertion that the Debtors have not provided sufficient support for the relief sought in the Motion to demonstrate a reasonable exercise of the Debtors' business judgment | 3021/3098 – Appaloosa | The Debtors have met the standard under applicable case law with respect to approval of the Motion under section 363 of the Bankruptcy Code |
| 2. | Assertion that the terms of the UAW Special Attrition Program Agreement should be modified by the Court to limit certain potential claims of GM | 3092/3108 – Creditors' Committee<br>3097 – WTC<br>3098 – Appaloosa | The terms of the UAW Special Attrition Program Agreement are highly negotiated between Delphi, GM and the UAW and entry into the Agreement is in the best interests of the Debtors and their estates. |
| 3. | Assertion that the Debtors need specific authority from the Court to enter Hourly Attrition Programs | 3092/3108 – Creditors' Committee<br>3097 – WTC<br>3098 – Appaloosa | While approval of the Hourly Attrition Programs is appropriate, the Debtors have agreed to provide advance notice and an opportunity to object to the Creditors' Committee |

| DOCKET # | OBJECTING PARTY |
|---|---|
| 3021 | Appaloosa Management L.P. ("Appaloosa") |
| 3092 | Official Committee of Unsecured Creditors ("Creditors' Committee") |
| 3097 | Wilmington Trust Company ("WTC") |
| 3098 | Appaloosa (Supplemental Objection) |
| 3108 | Creditors' Committee (Amended Objection) |

---

[1]    This chart reflects all objections entered on the docket as of  April 5, 2006.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                        :
        In re                           :      Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :      Case No. 05-44481 (RDD)
                                        :
                        Debtors.        :      (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

ORDER UNDER 11 U.S.C. § 363(b) AND FED. R. BANKR. P. 6004
APPROVING DEBTORS' HUMAN CAPITAL HOURLY ATTRITION PROGRAMS

("HUMAN CAPITAL HOURLY ATTRITION PROGRAMS ORDER")

Upon the motion, dated March 22, 2006 (the "Motion"), of Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §

363(b) and Rules 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (a)

approving and authorizing the Debtors to enter into agreements providing for the human capital

hourly attrition programs (collectively, the "Hourly Attrition Programs") covering the majority of

the Debtors' hourly union-represented employees, (b) authorizing the Debtors to implement the

Hourly Attrition Programs, (c) authorizing and approving the UAW Special Attrition Program

Agreement (as defined in ordering paragraph 2 below), and (d) approving the provisions set forth

in paragraphs 3.b.iv.3, 7.b, 7.c and 7.d of the UAW Special Attrition Program Agreement

(provided, however that such express approval thereof shall not be deemed to limit in any way this

Court's approval of any other provisions of the UAW Special Attrition Program Agreement); and

this Court having determined that the relief requested in the Motion is in the best interests of the

Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and

adequate notice of the Motion has been given and that no other or further notice is necessary; and

after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED and the Hourly Attrition Programs are hereby

APPROVED.

2.    The Debtors are hereby authorized to enter into the agreement by and

among  Delphi Corporation, General Motors Corporation ("GM"), and the United Automobile,

Aerospace and Agricultural Implement Workers of America (the "UAW") attached hereto as

Exhibit 1 (the "UAW Special Attrition Program Agreement") and to implement the terms of such

UAW Special Attrition Program Agreement.

3.    The Debtors are hereby authorized, but not directed, to enter into

agreements providing for reasonably comparable (as to the Debtors' obligations) Hourly Attrition

Programs for the Debtors' non-UAW, union-represented employees (the "Hourly Attrition

Program Agreements") and to implement such Hourly Attrition Programs provided for by the

terms of the Hourly Attrition Program Agreements, which shall be on terms reasonably similar to

the UAW Special Attrition Program Agreement.; provided, however, that the Debtors shall not be

authorized to implement any such Hourly Attrition Program Agreement without the prior review

and opportunity to object to the Debtors' entry into such Hourly Attrition Program Agreement by

the Creditors' Committee or order of this Court.  Upon the Debtors' election to enter into an Hourly

Attrition Program Agreement pursuant to the immediately-preceding sentence, the Debtors shall

provide written notice, which may be by facsimile or electronic mail, of the proposed Hourly

Attrition Program Agreement to counsel for the Creditors' Committee.  The Creditors' Committee

shall have three business days from the date of receipt of the notice of the proposed Hourly

2

Attrition Program Agreement in which to object.  If counsel to the Debtors receives no written objection prior to the expiration of such three business day period, the Debtors shall be authorized to enter into the proposed Hourly Attrition Program Agreement.  If the Creditors' Committee objects to the Debtors' entry into the Hourly Attrition Program Agreement within the three business day period, the Debtors and the Creditors' Committee shall use good faith efforts to consensually resolve the objection.  If the Debtors and the Creditors' Committee are unable to achieve a consensual resolution, the Debtors shall not take any further steps to implement the Hourly Attrition Program Agreement without first obtaining Court approval of entry into the Hourly Attrition Program Agreement upon not less than five business days notice prior to an expedited hearing as scheduled by the Court.

4.    Except for bilateral agreements of a union and GM to which the Debtors are not a party, each of the signatories to the agreements memorializing the Hourly Attrition Programs, including, without limitation, the UAW Special Attrition Program Agreement (each such party, a "Signatory," and collectively, the "Signatories") is directed to take all actions necessary or appropriate to effectuate the terms of this Order and the terms of its respective Hourly Attrition Program (including, without limitation, the UAW Special Attrition Program Agreement), including, without limitation, any and all actions necessary or appropriate to its implementation of and performance under such program.

5.    With respect to payment by the Debtors of gross monthly wages to those employees that participate in the voluntary pre-retirement program as provided by paragraph 3.b of the UAW Special Attrition Program Agreement, Delphi shall establish a segregated bank account (the "Segregated Account") that shall be funded in the amount of $75 million.  The funds in the Segregated Account shall be available to satisfy the obligations of paragraph 3.b of the

3

UAW Special Attrition Program Agreement and for no other purpose.  Under no circumstances

(including but not limited to conversion of Delphi's Chapter 11 cases to Chapter 7 proceedings)

shall the assets in the Segregated Account be available to satisfy the claims of any party other than

the employees except as otherwise specifically provided in the UAW Special Attrition Program

Agreement.

        6.      The Debtors are authorized, but not directed, to establish a similar account

with substantially similar rights and protections for each Hourly Attrition Program entered into

with the Debtors' non-UAW, union-represented employees.

        7.      The UAW Special Attrition Program Agreement (and the other Hourly

Attrition Programs Agreements, to the extent so provided therein) shall not be subject to

abrogation, modification or rejection without the mutual consent of the applicable Signatories

thereto (with the exception of Delphi's consent solely in connection with the bilateral agreements

of the UAW (or such other union, as applicable) and GM (such as paragraphs 1 and 5a.-d, f, and g

obligations) that do not affect the Debtors).  The UAW Special Attrition Program Agreement, the

other Hourly Attrition Programs Agreements and this Court's approval of such agreements are

each without prejudice to any interested party (including the Signatories and the Official

Committee of Unsecured Creditors) in all other aspects of the Debtors' chapter 11 cases, including

by illustration, the Debtors' and GM's respective positions in all commercial discussions and

claims matters between them, all collective bargaining matters involving the parties, in any

potential proceedings under Sections 1113 and/or 1114 of the Bankruptcy Code with respect to the

UAW (or such other union, as applicable), under Section 365 of the Bankruptcy Code with respect

to GM's contracts with the Debtors, in any pension termination proceeding under the Employee

4

Retirement Income Security Act of 1974, as amended ("ERISA") and/or the Bankruptcy Code, and

all claims administration and allowance matters.

8.        Nothing in the UAW Special Attrition Program Agreement, the other

Hourly Attrition Program Agreements, or this Court's approval of such agreements shall limit or

otherwise modify (a) the Debtors' rights under Section 4041 of ERISA, or (b) the Debtors' rights

under Section(s) 1113 and/or 1114 of the Bankruptcy Code with regard to any obligations which

pre-existed the UAW Special Attrition Program Agreement or the other Hourly Attrition Programs

Agreements (including pre-existing obligations referenced within such agreements), such as (by

way of illustration only) the obligation to maintain the hourly pension plan or provide retirees or

active employees (including employees/retirees participating in the attrition programs contained in

the UAW Special Attrition Program Agreement or the other Hourly Attrition Program Agreements,

as applicable) with levels of healthcare or other benefits as specified in pre-existing labor

agreements.  Under no circumstances shall the Debtors freeze any pension plan covering

UAW-represented employees in a manner that prevents such employees in the pre-retirement

program described in paragraph 3.b. of the UAW Special Attrition Program Agreement from

receiving on-going credited service sufficient to reach 30 years of credited service.  The Debtors

shall provide the same healthcare and life insurance coverage to employees participating in

paragraph 3.b. of the UAW Special Attrition Program Agreement that it provides to its other active

UAW employees; provided, however, that if the Debtors reduce or eliminate such coverage

provided to their active UAW employees, GM shall subsidize such coverage provided to

employees participating in such paragraph 3.b up to the level provided to GM-UAW active

employees.

5

9.      Any obligations assumed by GM under the UAW Special Attrition Program Agreement with respect to OPEB under paragraph 4. thereof or active health care and life insurance under Paragraph 7.d. thereof shall be conclusively deemed to be comprehended by, included within, and shall constitute a prepetition, general unsecured claim assertable by GM against the estate of Delphi Corporation under the U.S. Employee Matters Agreement (including without limitation, related flowback agreements and the UAW-GM-Delphi Memorandum of Understanding – Benefit Plan Treatment and the UAW-GM-Delphi Flowback Agreements contained in the 1999 and 2003 GM-UAW and Delphi-UAW Contract Settlement Agreements), Delphi's Agreement dated December 22, 1999 to indemnify GM for its liability under the Benefit Guarantee as if all conditions for the triggering of GM's claim shall have occurred, and Delphi's general indemnity of GM under the Master Separation Agreement.  GM has agreed to assume and pay OPEB payments to Delphi employees who "check the box" and/or flow back to GM for purposes of retirement, and to pay the amounts due under paragraph 3.a.i. of the UAW Special Attrition Program Agreement.  The presumed triggering of GM's claim against Delphi Corporation described above is only for purposes of the UAW Special Attrition Program Agreement and does not trigger any contractual claims against either Delphi or GM beyond their respective obligations under the UAW Special Attrition Program Agreement.

10.      Nothing contained in the UAW Special Attrition Program Agreement, any other Hourly Attrition Program Agreements or this Court's approval of such agreements shall constitute an assumption of any agreement described therein, including, without limitation (a) any collective bargaining agreement between the UAW (or any other union, as applicable) and the Debtors, or (b) any commercial agreement between GM and the Debtors, nor shall anything in the UAW Special Attrition Program Agreement, in any other Hourly Attrition Program Agreement, or

6

in this Court's approval of such agreements be deemed to create an administrative or priority claim with respect to GM or convert a prepetition claim into a postpetition claim or an administrative expense with respect to any party.

11.    For the avoidance of doubt, nothing in the Motion, the UAW Special Attrition Program Agreement or any other document shall prejudice the right of any interested party (including the Debtors and the Creditors' Committee) to challenge the allowability, amount or priority of any claims asserted by GM, except that GM's claims, if any, with respect to OPEB under paragraph 4. of the UAW Special Attrition Program Agreement or active health care and life insurance under Paragraph 7.d. of the UAW Special Attrition Program Agreement shall not be subject to objection on the basis that the claims were not assertable under U.S. Employee Matters Agreement (including without limitation, related flowback agreements and the UAW-GM-Delphi Memorandum of Understanding – Benefit Plan Treatment and the UAW-GM-Delphi Flowback Agreements contained in the 1999 and 2003 GM-UAW and Delphi-UAW Contract Settlement Agreements), Delphi's Agreement dated December 22, 1999 to indemnify GM for its liability under the Benefit Guarantee as if all conditions for the triggering of GM's claim shall have occurred, and Delphi's general indemnity of GM under the Master Separation Agreement.

12.    11. Notwithstanding any provision in the Bankruptcy Code or Bankruptcy Rules to the contrary, the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order, and the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

13.    12. This Court shall retain jurisdiction to hear and determine all matters, arising from the implementation and performance of this Order and the Hourly Attrition Programs and over each of the Signatories in connection therewith; provided, however, that the Court's

7

jurisdiction shall not extend to bilateral agreements of the UAW (or such other union, as applicable) and GM (such as paragraphs 1 and 5a.-d, f, and g obligations of the UAW Special Attrition Program Agreement).

      14. ~~13.~~ The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
      April ___, 2006

                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE

8

# EXHIBIT H

Delphi Corporation
Special Parties

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE |
|---------|---------|----------|----------|------|-------|-----|-------|
| ROSEN SLOME MARDER LLP | Thomas R. Slome<br>Jil Mazer-Marino | 333 Earle Ovington Boulevard | Suite 901 | Uniondale | NY | 11553-3622 | (516) 227-1600 |
| Brownstein Hyatt & Farber, P.C. | Michael J. Pankow<br>Daniel J. Garfield | 410 Seventeenth Avenue | | Denver | CO | 80202-4437 | (303) 223-1106 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/11/2006 5:17 PM
Sheehan Declaration Special Parties

# EXHIBIT I

In re Delphi Corporation, et al.
Union Counsel - Overnight Mail

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-----|-------|------------------|
| Cohen, Weiss & Simon LLP | Joseph J. Vitale | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | 646-473-8238 | jvitale@cwsny.com | Counsel for International Union, United Automobile, Areospace and Agriculture Implement Works of America (UAW) |
| Electrical and Space Technicians | Kevin Dodd | 13144 Prairie Ave | | Hawthorne | CA | 90250 | | | 310-219-3818 | | |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | 212-269-2540 | bmehlsack@gkllaw.com | Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | jh@previant.com | Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | mrr@previant.com | Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Gratz, Miller & Brueggeman, S.C. | Timothy C. Hall | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | tch@previant.com | Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| IAM & AW | Robert V Thayer | 9000 Machinists Place | | Upper Marlboro | MD | 20772 | | | 301-967-4572 | | |
| IBEW | Edwin D Hill | 900 Seventh Street NW | | Washington | DC | 20001 | | | 202-728-7676 | | |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | 202-778-2641 | rgriffin@iuoe.org | Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Intl Union of Operating Engineers | Vincent J Giblin | 1125 17th St NW | | Washington | DC | 20036 | | | 202-778-2688 | | |
| IUE-CWA | James D Clark | 501 Third St NW | Sixth Fl | Washington | DC | 20001 | | | 202-434-1343 | | |
| IUE-CWA | Peter Mitchell | 501 Third St NW | Sixth Fl | Washington | DC | 20001 | | | | | |
| Kennedy, Jennick & Murray, P.C. | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | | | | Attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers-Communications Workers of America |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | hkolko@msek.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | lpeterson@msek.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| United Auto Workers | Daniel Sherrick | 8000 E Jefferson Ave | | Detroit | MI | 48214 | | | | | |
| United Steelworkers Of America | General Counsel | Five Gateway Center | | Pittsburgh | PA | 15222 | | | | | |
| United Steelworkers Of America | Robert D Clark | Five Gateway Center | | Pittsburgh | PA | 15222 | | | 412-562-2429 | | |

| Contact | Company | Address 1 | Address 2 | City | State | Zip | PhoneNumber | Ext | Fax | |
|---|---|---|---|---|---|---|---|---|---|---|
| Al Coven | UAW Local 699 | 1191 Bagley St | | Saginaw | MI | 48601 | 989-755-0569 | | 989-753-6463 | |
| Bennie Calloway | UAW Local 2188 | 342 Perry House Rd. | | Fitzgerald | GA | 31750 | 229-423-6182 | | 770-432-2673 | |
| Bill Riddle | UAW Local 659 | 1222 Glenwood | | Flint | MI | 48502 | | | | US |
| Carl Kolb, Ted Williams | IUE-CWA Local 698 | PO Box 86 | | Clinton | MS | 39060 | 601-925-2566 | | 601-925-2581 | |
| Charles Scherer | IUOE 18S | 12106 Rhodes Rd | | Wayne | OH | 43466 | | | 216-432-0370 | |
| Dan Riley | IBEW - Delphi E&C | 7929 S. Howell Ave. | MC: 1-2 | Oak Creek | WI | 53154 | 414-768-3342 | | | |
| Danny Baird | IUOE 101S | 6601 Winchester | | Kansas City | MO | 64133 | | | | US |
| Darel Green | UAW Local 1021 | 804 Meadowbrook Dr. | | Olathe | KS | 66062 | 913-782-3174 | | 913-782-8478 | |
| Darrell Shepard | UAW Local 2157 | 4403 City View Dr. | | Wichita Falls | TX | 76305 | 940-855-1615 | | 214-267-6565 | |
| David York | UAW Local 438 | 7435 S. Howell Ave. | | Oak Creek | WI | 53154 | 414-764-6650 | | 414-762-2571 | |
| Dennis Bingham, Gary Adams | USW Local 87 | 21 Abbey Avenue | | Dayton | OH | 45417 | 937-268-6646 | 42 | 937-433-1770 | |
| Edwin Hill | IBEW | 900 Seventh Street NW | | Washington | DC | 20001 | 202-833-7000 | | 202-728-7676 | |
| Frank Andrews | UAW Local 686 | 524 Walnut St. | | Lockport | NY | 14094 | 716-433-6747 | | 716-632-1797 | |
| Gary Resier | IUE-CWA Local 717 | 2950 Sierra Dr. NW | | Warren | OH | 44483 | 330-395-4875 | | 330-395-4875 | |
| Henry Reichard | IUE-CWA Automotive Conf Board | 2360 Dorothy Lane | Ste. 201 | Dayton | OH | 45439 | 937-294-7813 | | | US |
| Jack White | UAW Local 167 | 5545 Fieldstone Ct. | | Middleville | MI | 49333 | 616-245-1129 | | 616-949-6866 | |
| James Clark | IUE-CWA Industrial Division | 501 Third Street NW | | Washington | DC | 20001-2797 | 202-434-0656 | | 202-434-1343 | |
| James Hurren | UAW Local 467 | 2104 Farmer St. | | Saginaw | MI | 48601 | 989-777-2630 | | 989-753-6463 | |
| Jeff Curry | IAM District 10 | 1650 South 38th Street | | Milwaukee | WI | 53215 | 414-643-4334 | | | US |
| Joe Buckley | UAW Local 696 | 1543 Alwildy Ave | | Dayton | OH | 45408 | 937-228-2142 | | 937-433-1770 | |
| John Clark | UAW Local 2031 | 5075 Belmere Dr. | | Manitou Beach | MI | 49253 | 517-263-4618 | | 517-263-0015 | |
| John Huber | UAW Local 1097 | 221 Dewey Ave | | Rochester | NY | 14608 | | | 585-458-4360 | |
| Kizziah Polke | UAW Local 2083 | c/o Delphi T & I   Garry Gilliam | | Cottondale | AL | 35453 | 205-554-3181 | | | US |
| Larry Phillips | IUE-CWA Local 711 | 4605 Airport Rd. | | Gadsden | AL | 35904 | 256-413-4070 | | 601-443-7697 | |
| Larry West | IUE-CWA Local 755 | 1675 Woodman Dr. | | Dayton | OH | 45432 | 937-253-4269 | | 937-253-4269 | |
| Lattie Slusher | UAW Local 913 | 3114 S. Hayes Ave. | | Sandusky | OH | 44870 | 419-626-2897 | | 419-893-4073 | |
| Leo W Gerard | United Steelworkers | Five Gateway Center | | Pittsburg | PA | 15222 | 412-562-2400 | | 412-562-2484 | |
| Mark Profitt | IUE-CWA Local 801 | 1250 W. Dorothy Lane | Suite 301 | Dayton | OH | 45439 | 937-224-7658 | | 937-395-0078 | |
| Mark Sweazy | UAW Local 969 | 3761 Harding Dr. | | Columbus | OH | 43228 | 614-272-7597 | | 937-433-1770 | |
| Mike Socha | IBEW - Delphi E&S | 7929 S. Howell Ave. | MC: 1B01 | Oak Creek | WI | 53154 | 414-768-2733 | | | US |
| Randal Middleton | IBEW Local 663 | W223 S8625 Chateau Lane | | Big Bend | WI | 53103 | 414-768-3342 | | 262-662-0402 | |
| Richard Shoemaker | Vice-President GM Department | 8000 E Jefferson | | Detroit | MI | 48214 | | | 313-823-6016 | |
| Rick Zachary | UAW Local 662 | 2715 Rangeline Dr. | | Anderson | IN | 46017 | 765-642-0231 | | 317-247-8218 | |
| Rob Betts | UAW Local 2151 | 140 64th Ave. | | Coopersville | MI | 49404 | 616-837-7573 | | 616-837-5876 | |
| Robert Thayer | IAM | 9000 Machinists Place | | Upper Marlboro | MD | 20772-2687 | 301-967-4500 | | 301-967-4572 | |
| Ron Gettelfinger | UAW President | 8000 E Jefferson | | Detroit | MI | 48214 | | | 313-823-6016 | |
| Russ Reynolds | UAW Local 651 | 3518 Robert T. Longway Blvd. | | Flint | MI | 48506 | 810-742-7420 | | 810-767-3206 | |
| Scott Painter | IUE-CWA Local 1111 | 1051 S. Rockerfeller Ave. | | Ontario | CA | 91761 | 909-390-6349 | | 607-734-6444 | |
| Skip Dziedzic | UAW Local 1866 | 7435 S. Howell Ave. | | Oak Creek | WI | 53154 | 414-764-5420 | | 414-762-2571 | |
| Sona Camp | UAW Local 292 | 1201 W. Alto Rd. | | Kokomo | IN | 46902 | 765-453-4600 | | | US |
| Steve Ishee | UAW Local 2190 | 1 Thames Ave. | | Laurel | MS | 39440 | 601-649-7414 | | 615-443-7697 | |
| Terry Scruggs | UAW Local 2195 | 20564 Sandy Rd. | | Tanner | AL | 35671 | 265-353-7893 | | 716-632-1797 | |
| Thomas Charles, James N. Glathar | IUOE 832S | 3174 Brighton-Henrietta Town Line Rd. | | Rochester | NY | 14692 | | | 405-691-0857 | |
| Vincent Giblin | IUOE | 1125 17th Street NW | | Washington | DC | 20036 | 202-429-9100 | | 202-778-2688 | |
| William Humber | IUE-CWA Local 416 | PO Box 7361 | | North Brunswick | NJ | 08902 | 732-246-3380 | | 732-246-5121 | |
| ZebWells | IUE-CWA Local 718 | 925 Industrial Park Rd. | | Brookhaven | MS | 39601 | 601-833-0112 | | 412-562-2429 | |

In re Delphi Corporation, et al.
Case No. 05-44481

Page 1 of 1

4/11/2006 5:19 PM
Agenda Revised Union List 060330