WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
Glenn M. Kurtz (GK-6272)
Gerard Uzzi (GU-2297)
Douglas P. Baumstein (DB-1948)

Wachovia Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Thomas E Lauria (Admitted *Pro Hac Vice*)
Frank L. Eaton (FE-1522)

ATTORNEYS FOR APPALOOSA
MANAGEMENT L.P.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| Delphi Corporation, et al. | Case No. 05-44481 |
| Debtors. | Jointly Administered |

**APPALOOSA MANAGEMENT L.P.'S PRELIMINARY OBJECTION TO MOTION FOR ORDER UNDER 11 U.S.C. § 1113(c) AUTHORIZING REJECTION OF COLLECTIVE BARGAINING AGREEMENTS AND UNDER 11 U.S.C. § 1114(g) AUTHORIZING MODIFICATION OF RETIREE WELFARE BENEFITS**

TO:   THE HONORABLE JUDGE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE

Appaloosa Management L.P. ("Appaloosa") hereby files this preliminary objection (the "Preliminary Objection") to the Motion for an Order Under 11 U.S.C. § 1113(c) Authorizing Rejection Of Collective Bargaining Agreements And Under 11 U.S.C. § 1114(g) Authorizing Modification Of Retiree Welfare Benefits (the "Motion") of Delphi Corporation ("Delphi") and its affiliated debtors (collectively, with Delphi, the "Debtors"), and in opposition to the Motion, respectfully states as follows:

MIAMI 648335 v1 (2K)

**PRELIMINARY STATEMENT**

1. Just as Debtors have done to General Motors Corporation ("GM") with respect to GM's opposition to the motion to reject certain GM contracts and to Appaloosa with respect to its opposition to the Hourly Attrition Program, Debtors have refused to provide discovery with respect to the Motion prior to the lodging of a formal objection.  Appaloosa believes such position is a delay tactic that results in needless expense to the Debtors' estates and to the parties in interest.  Nevertheless, and without waiving any rights to supplement this Preliminary Objection upon receipt of discovery, Appaloosa submits the following preliminary objection.

**BACKGROUND**

2. On March 22, 2006, the Court announced its ruling from the bench granting Appaloosa's Motion Pursuant To 11 U.S.C. § 1102(a)(2) for an Order Directing the United States Trustee to Appoint an Equity Committee in these Chapter 11 Cases.  In doing so, the Court specifically observed that the voice of the shareholders should be heard in connection with the Debtors' outcome-determinative labor negotiations and that because such negotiations were actively ongoing, it is important and appropriate that an equity committee be formed promptly.

3. On March 31, 2006, Debtors filed the Motion, seeking authorization to reject their collective bargaining agreements ("CBAs") and authorization for the modification of retiree welfare benefits.  Debtors set an objection deadline of April 21, 2006 and requested a hearing on May 9, 2006.

4. Despite the Court's directive that an equity committee be formed promptly to give Delphi's 300,000 shareholders a voice with respect to such matters, it does not now appear that an equity committee will be formed in time to participate meaningfully in the

consideration and analysis of the Motion.  The United States Trustee has required Delphi to solicit all 300,000 of its shareholders for their interest in serving on an official committee, although the Bankruptcy Code provides that "a committee of equity security holders . . . shall ordinarily consist of the persons . . . that hold the seven largest amounts of equity securities . . ." (11 U.S.C. §1102(b)(2)), and ordinary convention likewise limits solicitation (see, e.g., In re Calpine, where the equity committee will be formed from the 50 largest shareholders).  To date, no equity committee has been formed.

5. As a result, Appaloosa, itself a 9.3% shareholder, submits this Preliminary Objection in order to obtain discovery and protect shareholder interests with respect to the Motion.

**PRELIMINARY OBJECTION**

6. Based upon the limited facts and analysis presented in the Motion, it should be denied because the Debtors have not demonstrated that the balance of equities favors rejection of the CBAs and modification of retiree welfare benefits at this time and in the manner proposed by the Motions.  Assuming *arguendo* that the Motion creates valid claims, the Debtors have failed to identify quantifiable benefits resulting from the Motion, especially in light of the fact that it will trigger certain claims for other post-employment benefits at locked-in higher costs than if Debtors merely waited until the expiry of the CBAs to renegotiate them.

7. Considering the centrality of labor transformation to these chapter 11 cases and the potential reorganization of Debtors, Appaloosa believes that the relief sought in the Motion may be premature and more appropriately treated in connection with confirmation of a plan of reorganization.  Additionally, Appaloosa has serious concerns that the Motion will be heard before an equity committee can participate meaningfully, if at all, in the analysis of the Motion.  The Debtors' statement in the Motion that they expect equity to be wiped out, notwithstanding this Court's previous finding that it was too soon to determine Delphi's

solvency, raises serious concerns with respect to the fairness of adjudicating the Motion and possibly irrevocably prejudicing equity before the equity interests can represent themselves.

8. Appaloosa reserves its right to supplement this Preliminary Objection.

## CONCLUSION

For the reasons set forth herein, Appaloosa respectfully requests that the Motion be denied.

Dated: April 14, 2006
Miami, Florida

        WHITE & CASE LLP
        Glenn M. Kurtz (GK-6272)
        Gerard Uzzi (GU-2297)
        Douglas P. Baumstein (DB-1948)
        1155 Avenue of the Americas
        New York, New York 10036-2787
        (212) 819-8200

        Thomas E Lauria (Admitted *Pro Hac Vice)*
        Frank L. Eaton (FE-1522)
        Wachovia Financial Center
        200 South Biscayne Boulevard
        Miami, Florida 33131
        (305) 371-2700

By:   /s/ Frank L. Eaton
        Frank L. Eaton

COUNSEL TO APPALOOSA
MANAGEMENT L.P.