UNITED STATES BANKRUPTCY COURT FOR
NEW YORK SOUTHERN BANKRUPTCY COURT

| | |
|---|---|
| In re: Delphi Automotive Systems LLC<br><br><br>Debtor. | Chapter 11<br>Case Nos.  05-44481<br><br>Claim No. |

## NOTICE OF TRANSFER OF CLAIM

## PURSUANT TO FRBP RULE 3001(e)(1)

1. TO:     GSC/EMTRON GAUGE CO                              ("Transferor")
   [TRANSFEROR NAME & ADDRESS]
   47560 AVANTE DR


   WIXOM, MI 48393


2. Please take notice of the transfer of $ 3,568.32        of your claim referenced above, together with all applicable interest, fees and expenses related thereto (the "Transferred Claim")

   Transfer $3,568.32 to:
   Madison Investment Trust - Series 38            ("Transferee")
   [TRANSFEREE NAME & ADDRESS]
   6310 Lamar Avenue, Suite 120


   Overland Park, KS      66202


   No action is required if you do not object to the transfer of you claim.

   _____
   Rick Newkirk
   Madison Liquidity Investors, LLC.
   (800) 896-8913

999-000/Forms/27475.1

# Madison Liquidity Investors, LLC.
6310 Lamar Ave, Suite 120
Overland Park, KS 66202
Phone: (800) 896-8913   Fax: (913) 982-5039

April 18, 2006

Kathleen Farrell
New York Southern Bankruptcy Court
1 Bowling Green
Floor 6
New York, NY 10004-1415

RE: **Delphi Automotive Systems LLC**

    Buyer: Madison Investment Trust - Series 38

Enclosed please find an Evidence of Transfer of Claim form properly executed, with all supporting documents, by the registered claimant for the purpose of completing the transfer from the claimant to Madison Liquidity Investors, LLC..

Name:
GSC/EMTRON GAUGE CO
47560 AVANTE DR
WIXOM, MI 48393

Social Sec. No./Tax ID: 38-2892599

## Request for Confirmation of Transfer

When transfer is completed, please complete the items below and return in the return envelope provided or by fax at (913) 982-5039.

Claim amount transferred: _____

Effective date of transfer to:
Madison Liquidity Investors, LLC. :_____

Effective date of distribution address change to Madison Liquidity Investors, LLC. :_____

Verified by (transfer agent):_____

Transfer Agreement Number: 102405062

April 13, 2006

8. Seller hereby irrevocably appoints Buyer as its true and lawful attorney-in-fact with respect to the Claim and authorizes Buyer to (a) act in Seller's name, place and stead, to demand, sue for, compromise and recover all such sums of money which are, or may hereafter become due and payable for or on account of the Claim, (b) vote the Claim and file proofs of claim with respect thereto; and (c) change the name and address and other contact information of the claimholder of record with respect to the Claim. Seller hereby grants unto Buyer full authority to do all things necessary to enforce the Claim and Seller's rights hereunder. Seller agrees to execute and deliver, or to cause to be executed and delivered, all such instruments and documents, and to take all such action as Buyer may reasonably request, promptly upon the request of Buyer, in order to effectuate the intent and purpose of, and to carry out the terms of this Agreement. Seller agrees that the powers granted in this paragraph are discretionary in nature and exercisable at the sole option of Buyer. Upon request, Seller will provide to Buyer true and complete copies of all Supporting Documents. Notwithstanding anything contained herein, Buyer shall have no obligation to prove, defend, or take any affirmative action with respect to the Claim.

9. Seller agrees to indemnify and hold Buyer and its respective officers, directors, employees, agents, assignees and controlling persons harmless from and against any and all losses, claims, damages and liabilities, including, without limitation, reasonable attorneys' fees and expenses incurred by Buyer, which result from (a) any act or omission by Seller in connection with or in any way related to the Claim, (b) Seller's breach of any of Seller's representations, warranties, covenants or agreements set forth herein or (c) any attempt or threatened attempt to avoid, disallow, reduce, subordinate or otherwise impair the Claim, or otherwise delay payments or distributions in respect of the Claim.

10. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and shall inure to the benefit of the successors, assigns, or affiliates of each party hereto. Buyer may assign all or any part of this Agreement without the consent of Seller or any other person or entity. This Agreement, together with any Exhibits attached hereto, constitutes the parties' entire integrated agreement, and is a complete merger of all previous offers, counteroffers, negotiations, agreements and communications of any type or any nature between Buyer and Seller, or any of their agents. Each party submits to the jurisdiction of the federal or state courts located in the City and County of New York, State of New York and agrees that any litigation relating to this Agreement shall be brought only in such courts and also hereby irrevocably waives any defense of improper venue or forum non conveniens to any such action brought in such courts. This Agreement shall be governed by, and construed and enforced in accordance with, the substantive laws of the State of New York, without application of the conflict of laws principles thereof. EACH PARTY HERETO FURTHER IRREVOCABLY AND UNCONDITIONALLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT THAT IT MAY HAVE TO TRIAL BY JURY OF ANY ACTION HEREUNDER. Each party hereto consents to service of process by certified mail at its address listed above. If any dispute regarding the subject matter of this Agreement results in litigation, the prevailing party shall be entitled to the recovery of attorneys' fees and costs. This Agreement may be executed in any number of counterparts, each of which, when so executed and delivered, shall be an original, but all of which together constitute one and the same instrument. Each party hereto irrevocably waives the benefit of any rule of contract construction which disfavors the drafter of an agreement.

11. SELLER HEREBY WAIVES ANY NOTICE REQUIREMENT IMPOSED BY BANKRUPTCY RULE 3001(e) AND ANY SUCCESSOR PROVISION, AND CONSENTS TO THE IMMEDIATE SUBSTITUTION BY THE COURT OF BUYER FOR SELLER FOR ALL PURPOSES IN THE CASE, INCLUDING, WITHOUT LIMITATION, FOR VOTING AND DISTRIBUTION PURPOSES WITH RESPECT TO THE CLAIM. SELLER AND BUYER AGREE THAT BUYER MAY FILE THIS AGREEMENT, THE EVIDENCE OF TRANSFER OF CLAIM OR OTHER APPROPRIATE NOTICE WITH THE COURT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3001(e) AND ANY SUCCESSOR PROVISION. IN WITNESS WHEREOF, Seller has executed this Agreement by its duly authorized representative as of the Effective Date.

**SELLER:**
GCS/EMTRON GAUGE CO
By (Signature): *John H Kelly*

04-17995P98921-ARNV

Name: JOHN G. KELLY

Title: PARTNER

Telephone: 248-347-3333

Tax ID#: 38-2892599

Email: SALES@GCS-EMTRON.COM

AAT#: 102405062

Contact ID: 3062741

**BUYER:**
MADISON LIQUIDITY INVESTORS, LLC
By: *[signature]*
(signature)
*Rick Newkirk*
(print)

• Page 3