HEARING DATE: May 12, 2006 at 10:00 a.m.
RESPONSE DEADLINE: May 5, 2006 at 4:00 p.m.

LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-431)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
        mitchell.seider@lw.com
        mark.broude@lw.com

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | Jointly Administered |

**NOTICE OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT
AND RETENTION OF BUCK CONSULTANTS, LLC, AS PENSION AND BENEFITS
ACTUARY, NUNC PRO TUNC TO JANUARY 23, 2006**

PLEASE TAKE NOTICE that a hearing (the "Hearing") on the Application of the

Official Committee of Unsecured Creditors for Order Authorizing and Approving the

Employment and Retention of Buck Consultants, LLC as Pension and Benefits Actuary, Nunc

Pro Tunc to January 23, 2006 (the "Application"), filed by the Official Committee of Unsecured

Creditors (the "Committee") appointed in the chapter 11 cases of Delphi Corporation, et al.

(collectively, the "Debtors"), will be held before the Honorable Robert D. Drain on May 12,

2006 at 10:00 a.m. (Eastern Time), or as soon thereafter as counsel may be heard, in the United

States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Customs

House, One Bowling Green, New York, 10004-1408 (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that responses or objections to the Motion, if any,

must comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of the

Bankruptcy Court, must be set forth in writing describing the basis therefore, and must be filed

with the Bankruptcy Court electronically in accordance with General Order M-242, as amended

by General Order M-269, by registered users of the Court's electronic case filing system (the

Users' Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov,

the official website for the Bankruptcy Court) and, by all other parties in interest, on a 3-1/2 inch

computer diskette, preferably in Portable Document Format (PDF), or in any other Windows-

based word processing format (with a hard copy delivered directly to Chambers). Any such

responses or objections must be served in accordance with the Order Under 11 U.S.C. §§ 102(1)

and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007 and 9014 Establishing (I) Omnibus Hearing

Dates, (II) Certain Notice, Case Management, and Administrative Procedures, and (III)

Scheduling an Initial Case Conference in Accordance with Local Bankr. R. 1007-2(e) (the

"Original Case Management Order," as amended), entered by the Court in these cases on

October 14, 2005, upon each of the following: (i) counsel to the Committee, Latham & Watkins

LLP, 885 Third Avenue, New York, New York 10022, Attn.: Robert J. Rosenberg; (ii) the Office

of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st

Floor, New York, New York  10004, Attn.: Alicia M. Leonard; (iii) counsel to the Debtors,

Skadden, Arps, Slate & Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago,

Illinois 60606, Attn.: John Wm. Butler Jr., (iv) special counsel to the Debtors, Shearman &

Sterling LLP, 599 Lexington Avenue, New York, New York 10022, Attn.: Douglas Bartner, (v)

counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett

LLP, 425 Lexington Avenue, New York, NY 10017, Attn.: Marissa Wesley, and (vi) counsel for

the agent under the Debtors' postpetition credit facility, Davis Polk & Wardell, 450 Lexington

Avenue, New York, NY 10017, Attn.: Marlane Melican, in each case so as to be received no

later than 4:00 p.m. (prevailing Eastern Time) on May 5, 2006 (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections made in writing and

timely filed and received by the Objection Deadline will be considered by the Bankruptcy Court

during the Hearing. If no objections to the Motion are timely filed and served in accordance with

the procedures set forth herein, the Bankruptcy Court may enter a final order granting the Motion

without further notice.

Dated:  April 20, 2006
New York, New York

**LATHAM & WATKINS LLP**

By:  /s/ Robert J. Rosenberg
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-431)
Mark A. Broude (MB-1902)
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone:  (212) 906-1200

Attorneys for the Official Committee of
Unsecured Creditors

3

**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-431)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
      mitchell.seider@lw.com
      mark.broude@lw.com

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, <u>et al.</u>, | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND
RETENTION OF BUCK CONSULTANTS, LLC, AS PENSION AND BENEFITS
<u>ACTUARY, NUNC PRO TUNC TO JANUARY 23, 2006</u>**

      The Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the

"Committee"), hereby applies (the "Application") to the Court for entry of an order authorizing

and approving the employment and retention of Buck Consultants, LLC ("Buck"), as pension

and benefits actuary for the Committee, <u>nunc pro tunc</u> to January 23, 2006, pursuant to sections

328, 504 and 1103 of Title 11, United States Code, 11 U.S.C. §§ 101 <u>et seq.</u> (the "Bankruptcy

Code") and Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"). In support hereof, the Committee relies upon the Affidavit of Mary P.

Mitchell attached hereto as <u>Exhibit A</u> and incorporated herein by reference (the "Mitchell

Affidavit"); and respectfully represents as follows:

## BACKGROUND

1.      On October 8, 2005 (the "Petition Date"), thirty-nine of the above-captioned

debtors (the "Debtors") filed with this Court voluntary petitions for relief under chapter 11 of

Title 11 of the United States Code, as amended (the  "Bankruptcy Code").  On October 14, 2005,

three additional Debtors filed voluntary petitions.  The Debtors are continuing in possession of

their property and are operating their businesses, as debtors-in-possession, pursuant to sections

1107 and 1108 of the Bankruptcy Code.

2.      The Committee was appointed in these cases by the Office of the United States

Trustee for the Southern District of New York (the "U.S. Trustee") on October 17, 2005.[1]

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157.  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2).

4.      The statutory predicates for the relief sought herein are sections 328, 504 and

1103 of the Bankruptcy Code, and Bankruptcy Rules 2014, 2016 and 5002.

## RELIEF REQUESTED AND REASONS THEREFOR

5.      Pursuant to sections 1103(a) and 328(a) of the Bankruptcy Code, the Committee

seeks to employ and retain Buck as its pension and benefits actuary, subject to entry of an order

---

[1] The following members were originally appointed to the Committee: (a) Capital Research and Management Company; (b) Electronic Data Systems Corp.; (c) Flextronics International Asia-Pacific, Ltd.; (d) Freescale Semiconductor, Inc.; (e) General Electric Company; (f) IUE-CWA and (g) Wilmington Trust Company, as Indenture Trustee.  Flextronics International Asia-Pacific, Ltd., has since resigned from the Committee and has been replaced with Tyco Electronics Corporation.  In addition, the Pension Benefit Guaranty Corporation and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW") have been added as *ex officio* members of the Committee.

approving such employment and retention, for the purpose of advising and supporting the

Committee with respect to pension and benefits issues in this bankruptcy proceeding.

### THE RETENTION OF BUCK

6.    The Committee respectfully submits that it is necessary and appropriate for it to

employ and retain Buck to provide, among other things, the following services:

> (a)    assist and advise the Committee with respect to all pension and benefits
> actuarial issues arising in or relating to these chapter 11 cases;

> (b)    assist and advise the Committee in analyzing the Debtors' various labor
> agreements as they pertain to pension and benefit actuarial issues;

> (c)    assist and advise the Committee in its analysis of claims and potential
> claims arising from or relating to the Debtors' pension and other post-
> employment benefits, including without limitation, retiree health care and
> life insurance (collectively, "OPEB");

> (d)    assist and advise the Committee in evaluating the impacts of modifying
> the Debtors' pension and OPEB, including the impact on the pre-petition,
> post-petition, and post reorganization obligations of the Debtors;

> (e)    assist the Committee in its negotiations with the Debtors and other entities
> regarding the Debtors' pension and OPEB liabilities;

> (f)    assist and advise the Committee in preparing expert reports and provide
> testimony, as may be necessary, relating to the Debtors' obligations
> arising from pension and OPEB; and

> (g)    perform any necessary due diligence or litigation support services relating
> to any of the foregoing, as requested by the Committee.

7.    The Committee selected Buck based upon, among other things,  Buck's

considerable experience and knowledge with respect to pension and benefits issues, including in

chapter 11 bankruptcy cases.  The Committee believes that Buck is well qualified to advise and

assist it in these chapter 11 cases and requests that the Court approve such retention.

8.    The Committee requests that all fees and related costs and expenses incurred by

the Committee on account of services rendered by Buck in these cases be paid  as administrative

expenses of the Debtors' estates pursuant to sections 328(a), 330(a), 331, 503(b), 507(a)(1) and

1103(a) of the Bankruptcy Code. Subject to this Court's approval, Buck will charge for its

services on an hourly basis in accordance with its ordinary and customary hourly rates in effect

on the date such services are rendered, subject to sections 328(a), 1103(a) and 330 of the

Bankruptcy Code. The current hourly rates charged by Buck for professionals range between

$150 and $500. These hourly rates are based upon such professionals' level of experience, and

are subject to periodic adjustment to reflect economic and other conditions. The professionals

who will primarily render services in these cases are Mary P. Mitchell and Duane Lee. Buck's

current hourly billing for Ms. Mitchell and Mr. Lee are $448 and $500, respectively. The

Committee submits that Buck's rates are reasonable and should be approved by the Court,

subject to a determination of the amounts to be paid to Buck upon application for allowance.

Buck will maintain detailed records of actual and necessary costs and expenses incurred in

connection with the services described above. Buck will make appropriate applications to this

Court for compensation and reimbursement of out-of-pocket expenses in accordance with

sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the

United States Bankruptcy Court for the District of the Southern District of New York (the "Local

Rules") and any applicable orders or procedures fixed by this Court. Buck's fees and out-of-

pocket expenses in these cases shall be subject to the standard of review set forth in section 330

of the Bankruptcy Code.

      9.     The Committee further requests that Buck be indemnified by the Debtors as

follows:

> The Debtors will indemnify and hold harmless Buck and its officers,
> directors, employees, and agents (collectively, the "Indemnified Persons")
> from and against any liabilities, damages, settlements, costs, and expenses
> (including reasonable attorneys' fees) arising out of or related to any

claims, lawsuits or proceedings of any nature made or brought against Buck or any Indemnified Person by any third party arising out of or related to Buck's services to the Committee. Buck will promptly notify the Debtors and the Committee of any such claim, lawsuit or proceeding.

10.    Buck has agreed that the aforementioned indemnification shall be subject to the following limitations:

a)    All requests of Buck or any of the Indemnified Persons for payment of indemnity claims shall be made by means of a fee application (interim or final as the case may be) and shall be subject to review by this Court to ensure that payment of any such indemnity claims conform to the terms of this Application and is reasonable based on the circumstances of the litigation or settlement in respect of which such indemnity is sought.

b)    In no event shall Buck or any of the Indemnified Parties be indemnified if a court determines by a final order that such claim for indemnification arose out of Buck's or such Indemnified Party's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

c)    In the event that Buck or any of the Indemnified Persons seek reimbursement for attorneys' fees from the Debtors pursuant to this Application, the invoices and supporting time records from such attorneys shall be included in fee applications filed with the Court, and such invoices and time records shall be subject to the Office of the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of this Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

11.    As set forth above, one of the Buck professionals who will be primarily active in these cases is Mary P. Mitchell, Director, Retirement. Ms. Mitchell is a Consulting Actuary in the Pittsburgh office of Buck. Ms. Mitchell's academic credentials include: Bachelor's Degree in Applied Mathematics from the University of Pittsburgh, Associate of the Society of Actuaries, Enrolled Actuary and Member of the American Academy of Actuaries. Additionally, she has over 20 years of experience in the actuarial consulting field and her day-to-day responsibilities include plan design, valuation of qualified and nonqualified retirement plans and accounting issues. Ms. Mitchell has extensive experience with underfunded plans and PBGC/IRS requirements and her consulting clients have included, among others: Ampco-Pittsburgh Corporation, Fluor Fernald,

Inc., Denman Tire Corporation, Impress USA, Inc., Republic Engineered Products, Inc., RMI Titanium Company, Thomas Steel Strip Corporation, and WCI Steel, Inc.

12.     Duane Lee will also be active in these cases. Mr. Lee is a Principal, Consulting Actuary, EA FSA, in the Health & Welfare practice in the Pittsburgh office of Buck Consultants. His academic credentials include: Bachelor of Mathematics degree from the University of Waterloo, Canada, and Fellow of the Society of Actuaries. Mr. Lee has over 25 years of experience in the actuarial consulting field and has worked on a wide variety of assignments within the employee benefits consulting area dealing with the analysis, management and quantification of risk. He has significant experience in union negotiations, plan terminations, plan design and mergers and acquisitions. He is primarily responsible for all health and welfare actuarial issues within the Pittsburgh office and also acts as a regional resource for reviewing SFAS No. 106 issues from other Buck offices. Mr. Lee's consulting clients include: Alcoa Inc., Exxon Mobil, Johnson and Johnson, Kraft Foods, LTV Steel, Mellon Financial Corporation, Mine Safety Appliances Company, US Steel Corporation, Vought Aircraft and Wheeling-Pittsburgh Steel Corporation.

13.     In addition to Mary P. Mitchell and Duane Lee, it will be necessary during the course of these cases for other Buck professionals from its Pittsburgh office and possibly its New Jersey and Chicago offices to assist Ms. Mitchell and Mr. Lee in providing services to the Committee.

14.     Except as otherwise set forth in the Mitchell Affidavit, neither Buck nor any of its employees, insofar as the Committee has been able to ascertain, currently represent any interest adverse to the Debtors, their estates or their creditors in the matters upon which Buck is to be engaged.

15.     The Committee believes that Buck's professionals have no connection with the Debtors and their creditors, except as otherwise set forth in the Mitchell Affidavit. However, Buck is a firm with an extensive practice, and may be engaged or may have been engaged by certain of the Debtors' creditors, equity holders, related parties or other parties in interest in matters unrelated to these cases, as set forth in greater detail in the Mitchell Affidavit.

16.     Because pension and benefits issues will likely be very significant to the

Committee during these cases, the Committee believes that the employment of Buck to provide

the services described above is appropriate and in the best interests of the Debtors' estates and

their creditors.  Buck's services to the Committee will be in addition to, and not duplicative of,

the services being provided by the Committee's other professionals including Steven Hall &

Partners (the Committee's compensation and employment agreement advisor).

17.     The Committee retained the services of Buck on January 23, 2006, and Buck

immediately began to provide necessary services to the Committee at the Committee's request

and direction.  Since January 23, 2006, the Committee and Buck have been discussing the

proposed retention of Buck with the Debtors and the U.S. Trustee, and finalizing Buck's

connections check and these retention documents.  Thus, the Committee requests that the Court

enter an order authorizing Buck's retention nunc pro tunc to January 23, 2006.

18.     No prior application for the relief requested herein has been made by the

Committee to this or any other court.

### WAIVER OF MEMORANDUM OF LAW

19.     Because the relevant facts and law with respect to the relief requested in this

Application are detailed herein, the Committee respectfully requests that the Court waive the

requirement under Local Rule 9013-1 that the Committee file a separate memorandum of law in

support of this Application.  The Committee hereby reserves the right to file a brief in reply to

any objection to this Application.

### NOTICE

20.     No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

Notice of this Motion has been provided in accordance with the Order Under 11 U.S.C. § 102(1)

and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (i) Omnibus Hearing

Dates, (ii) Certain Notice, Case Management, and Administrative Procedures and (iii)

Scheduling an Initial Case Conference in Accordance with Local Bankr. R. 1007-2(e), entered by

this Court on October 14, 2005 (Docket No. 245), and the Supplemental Order Under 11 U.S.C.

§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus

Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered

by this Court on March 17, 2005 (Docket No. 2883). In light of the nature of the relief requested,

the Committee submits that no further notice is necessary.

WHEREFORE, the Committee respectfully requests the entry of an order (i) authorizing

and approving the retention and employment by the Committee of Buck as its pension and

benefits actuary, with compensation and reimbursement of expenses to be paid as an

administrative expense in such amounts as may be allowed by this Court pursuant to sections

330, 331, 503(b) and 507(a)(1) of the Bankruptcy Code; and (ii) granting such other and further

relief as this Court deems just and proper.

Dated: New York, NY
      April 18, 2006

                    **THE OFFICIAL COMMITTEE OF UNSECURED
                    CREDITORS OF DELPHI CORPORATION, ET AL.**

                    By:    Capital Research & Management Company, as
                               Chair of the Committee

                            By: /s/ David Daigle
                          Name: David Daigle
                          Date: April 18, 2006