UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
      In re              :     Chapter 11
:
DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
:
               Debtors.   :     (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FIRST SUPPLEMENTAL AFFIDAVIT OF GARY A. SILBERG IN SUPPORT
OF SUPPLEMENTAL APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(a),
328(a), AND 1107(b) AUTHORIZING (I) EMPLOYMENT AND RETENTION OF
KPMG LLP AS ADVISORY AND VALUATION ADVISORS TO DEBTORS,
EFFECTIVE NUNC PRO TUNC TO FEBRUARY 16, 2006, (II) THE CONTINUED
RETENTION OF KPMG LLP AS TAX ADVISORS TO DEBTORS, EFFECTIVE NUNC PRO
TUNC TO JANUARY 1, 2006, AND (III) ADDITIONAL INTERNATIONAL EXECUTIVE
TAX SERVICES TO BE RENDERED BY KPMG LLP TO DEBTORS
EFFECTIVE NUNC PRO TUNC TO JANUARY 18, 2006**

State of Michigan    )
                   ) ss:
City of Saginaw     )

Gary A. Silberg, being duly sworn, deposes and states as follows:

       1.      I am a Certified Public Accountant and a partner of KPMG LLP, a professional

services firm.  I submit this first supplemental affidavit (the "First Supplemental Affidavit") on

behalf of KPMG LLP in support of the supplemental application (the "Supplemental

Application")[1] of Delphi Corporation, and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an

order, pursuant to sections 327(a), 328(a), and 1107(b) of title 11 of the United States Code, as

amended (the "Bankruptcy Code"), authorizing (i) the employment and retention of KPMG LLP as

---

[1]     Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the
Supplemental Application or the Original Affidavit (as defined below).

advisory and valuation advisors to the Debtors, effective nunc pro tunc to February 16, 2006, pursuant to the terms and conditions set forth in that certain engagement letter for advisory and valuation services, dated February 16, 2006, annexed hereto as Exhibit "A" (the "Advisory and Valuation Engagement Letter"), (ii) the continued retention of KPMG LLP as tax advisors to the Debtors, effective nunc pro tunc to January 1, 2006, pursuant to that certain letter agreement, dated February 21, 2006, annexed hereto as Exhibit "B" (the "Supplemental Tax Consulting Engagement Letter"), extending the term of that certain tax consulting engagement letter, dated March 1, 2005 and amended by letter agreement, dated May 23, 2005, annexed hereto as Exhibit "C" (the "Original Tax Consulting Engagement Letter"), and (iii) additional international executive tax services to be rendered by KPMG LLP to the Debtors effective nunc pro tunc to January 18, 2006, pursuant to that certain letter agreement, dated January 18, 2006, executed on March 8, 2006, annexed hereto as Exhibit "D" (the "January 18 IES Engagement Letter"), and certain amendments to the pricing provisions of that certain international executive tax services letter agreement, dated October 5, 2004, amended on November 3, 2004, annexed hereto as Exhibit "E" (the "Original IES Engagement Letter"), as set forth in that certain letter agreement, dated March 20, 2006, annexed hereto as Exhibit "F" (the "March 20 IES Amendment," and together with the January 18 IES Engagement Letter, the "Supplemental IES Engagement Letters," and together with the Advisory and Valuation Engagement Letter and the Supplemental Tax Consulting Engagement Letter, the "Supplemental Engagement Letters").  This First Supplemental Affidavit hereby incorporates by reference the Affidavit of Patrick N. Karpen, sworn to February 9, 2006 (the "Original Affidavit"), filed in support of the application, dated February 14, 2006, pursuant to sections 327(a), 328(a), and 1107(b) and Rule 2014 of the Federal Rules of Bankruptcy Procedure for authorization to retain KPMG LLP as tax and transaction

services advisors to the Debtors, effective <u>nunc</u> <u>pro</u> <u>tunc</u> to October 8, 2005 (the "Original Application"), pursuant to the terms of the engagement letters as described and defined therein (the "Original Engagement Letters").  On March 3, 2006, the Court entered an order approving the Original Application, effective <u>nunc</u> <u>pro</u> <u>tunc</u> to October 8, 2005 (the "Original KPMG Order"). Other than with respect to the Supplemental Tax Consulting Engagement Letter, the Supplemental Application requests approval for the Debtors to employ KPMG LLP for services other than those approved under the Original KPMG Order.  I have personal knowledge of the matters set forth herein, and, if called as a witness, would testify competently thereto.[2]

## SERVICES TO BE RENDERED

2.       In accordance with the Advisory and Valuation Engagement Letter, KPMG LLP will provide such advisory and valuation services as KPMG LLP and the Debtors deem appropriate and feasible in order to advise the Debtors and their subsidiaries and affiliates in the course of these chapter 11 cases, including, but not limited to, the following advisory and valuation services:

> i.       analysis of potential impairment charges in accordance with Statements of Financial Accounting Standards (SFAS) 142 and 144 related to goodwill, intangibles, and long-lived assets; and
>
> ii.      assistance to the Debtors with initial planning for the Fresh Start valuation exercise in connection with the Debtors' future emergence from chapter 11.

3.       In accordance with the Supplemental Tax Consulting Engagement Letter, KPMG LLP will continue to provide tax consulting services to the Debtors on terms and conditions identical to those set forth in the Original Tax Consulting Engagement Letter, other than the extension of the term of such agreement (pursuant to the Supplemental Tax Consulting Engagement Letter) until December 31, 2006.

---

[2]       Certain of the disclosures herein relate to matters within the knowledge of other professionals at KPMG LLP.

4.      In accordance with the January 18 IES Engagement Letter, KPMG LLP will

provide certain international executive services to the Debtors in addition to those set forth in the

Original IES Engagement Letter, including, but not limited to, the following:

     i.   prior to assignment services, (a) prepare cost projection including
revisions, (b) prepare draft expatriate agreement, and (c) prepare draft pay
calc;

    ii.   at the beginning of assignment services, (a) prepare final expatriate
agreement and pay calc and participate in orientation, (b) calculate
relocation allowance and mobility premium to be paid in month prior to
assignment and provide to payroll, and (c) calculate first year spending
account to be paid in first month of assignment and provide to payroll;

   iii.   calculate annual spending account on assignment anniversary date and
provide to payroll; and

   iv.   calculate relocation allowance less outstanding tax and pro-rata spending
account due from employee.

KPMG LLP will provide these additional international executive tax services to the Debtors on the

terms and conditions set forth in the January 18 IES Engagement Letter and the Original IES

Engagement Letter, as amended by the March 20 IES Amendment.

5.      The services to be provided by KPMG LLP to the Debtors will not be unnecessarily

duplicative of those provided by any of the Debtors' other professionals, and KPMG LLP will

coordinate any services performed at the Debtors' request with such professionals, including

financial advisors, accountants and counsel, as appropriate, to avoid duplication of effort.

6.      Subject to this Court's approval of the Supplemental Application, KPMG LLP is

willing to (i) serve as the Debtors' advisory and valuation advisors and to perform the services

described in the Advisory and Valuation Engagement Letter on the terms set forth therein,

(ii) continue to provide tax consulting services to the Debtors and to perform the services

described in the Original Tax Consulting Engagement Letter and the Supplemental Tax

Consulting Engagement Letter on the terms set forth therein, and (iii) provide additional

international executive tax services described in the January 18 IES Engagement Letter on the

terms set forth therein and the Original IES Engagement Letter, as amended by the March 20 IES

Amendment.

## PROFESSIONAL COMPENSATION

7.        Subject to this Court's approval and pursuant to the terms and conditions of the

Supplemental Engagement Letters, KPMG LLP's requested compensation for professional

services rendered to the Debtors will be based upon the hours actually expended by each assigned

staff member at each staff member's hourly billing rate.

8.        The rates included in this First Supplemental Affidavit (exclusive of discounts) are

KPMG LLP's normal and customary rates for matters of this sort.  In the normal course of

business, KPMG LLP revises its hourly rates on October 1st of each year.  Subject to this Court's

approval, KPMG LLP requests that the rates listed below be revised to the hourly rates that will be

in effect at such time.

9.        KPMG LLP has agreed to apply a voluntary discount of 20% as set forth in the

Advisory and Valuation Engagement Letter.  The hourly rates for the advisory and valuation

services to be rendered by KPMG LLP are as follows:

| Advisory and Valuation Services: | Net Hourly Rate after application of 20% discount: |
|---|---|
| Partner | $620 |
| Director | $600 |
| Manager | $488 |
| Senior | $376 |
| Staff | $312 |

10.     The hourly rates for the tax consulting services to be rendered by KPMG LLP pursuant to the Supplemental Tax Consulting Engagement Letter are identical to those set forth in the Original Tax Consulting Engagement Letter.

11.     The rates for the additional international executive tax services to be rendered by KPMG LLP pursuant to the January 18 IES Engagement Letter are as set forth in the Original IES Engagement Letter, except as modified by the January 18 IES Engagement Letter and as amended by the March 20 IES Amendment.  Specifically, the January 18 IES Engagement Letter modifies the Original IES Engagement Letter and provides that the fees for the compliance services detailed in the Original IES Engagement Letter will be billed at the lesser of (i) the fees set forth in the Original IES Engagement Letter and (ii) the actual time incurred to complete the tax return or task at KPMG LLP's standard hourly rate plus out-of-pocket expenses and the lesser of (i) the fees related to services proivded by KPMG member firms as indicated in the original fee schedule and (ii) the actual time incurred to complete the tax return or task at the KPMG member firm's standard hourly rates.

12.     In addition, the March 20 IES Amendment provides for a certain pricing addendum to Exhibit E of the Original IES Engagement Letter and similarly provides that such services will be billed at the lesser of (i) the fees set forth in the addendum and (ii) the actual time incurred to complete the services at KPMG LLP's standard hourly rate.  The fees set forth in the addendum are as follows:

| Services: | Fees: |
|---|---|
| Prepare amended US income tax returns for employees assigned to the Mexican border | $375 |
| Prepare monthly Mexican non-resident income tax withholding calculation for employees assigned to the Mexican Border | $40 |
| Prepare and compile payments at host information for employees assigned from the US, expatriates assigned to the US, and expatriates assigned to and from non-US countries | $375 |

13.    KPMG LLP will also seek reimbursement for necessary expenses incurred, in accordance with guidelines established by the U.S. Trustee, which shall include travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

**OTHER TERMS AND CONDITIONS OF
THE SUPPLEMENTAL ENGAGEMENT LETTERS**

14.    KPMG LLP's provision of services to the Debtors is contingent upon the Court's approval of each term and condition set forth in the Supplemental Engagement Letters, as modified by the proposed order approving the Supplemental Application.

15.    The terms of the Advisory and Valuation Engagement Letter are substantially similar to the terms set forth in the Original Engagement Letters with respect to dispute resolution procedures.  The indemnification and limitation on liability provisions of the Advisory and Valuation Engagement Letter are substantially similar to the indemnification and limitation on liability provisions set forth in the Master Services Engagement Letter (as defined in the Original Application).

16.     The terms of the Supplemental Tax Consulting Engagement Letter are identical to

the terms set forth in the Original Tax Consulting Engagement Letter with respect to dispute

resolution procedures, indemnification and limitation on liability.

17.     The terms of the Supplemental IES Engagement Letters are identical to the terms

set forth in the Original IES Engagement Letter with respect to dispute resolution procedures,

indemnification and limitation on liability.

### DISINTERESTEDNESS OF PROFESSIONALS

18.     The Original Affidavit and this First Supplemental Affidavit (collectively, the

"Affidavits") contain information on KPMG LLP's connections with other parties-in-interest, as

required by Bankruptcy Rule 2014(a).  KPMG LLP maintains procedures, on an ongoing basis, to

evaluate its connections with parties-in-interest in the Debtors' chapter 11 cases (the "Conflicts

Procedures").  Based on the information in the Affidavits and the Conflicts Procedures, KPMG

LLP and the professionals in the firm are "disinterested persons," as that term is used in section

101(14) of the Bankruptcy Code, and are otherwise eligible to be retained under section 327(a) of

the Bankruptcy Code.

19.     As set forth in the Original Application, the KPMG global network encompasses

independent professional services practices conducted by separate legal entities throughout the

world.  KPMG International, a Swiss cooperative, serves as a coordinating entity for a network of

member firms operating under the KPMG name.  KPMG International is a member-based entity

with no shareholders and no permanent capital.  Each of the member firms of KPMG International

(the "KPMG Member Firms") is separate and legally distinct.  KPMG LLP is the United States

member firm of KPMG International.  As described in greater detail in the Original Application,

subsequent to October 8, 2005 (the "Petition Date"), KPMG LLP has continued to subcontract

with certain KPMG Member Firms (the "Engagement Member Firms") to assist KPMG LLP in the provision of services to the Debtors.

20.    In addition to the disclosures set forth in the Original Affidavit, KPMG discloses the following additional information.

A.    Subsequent to the Petition Date, a Japanese Member Firm of KPMG International ("KPMG Japan") was engaged and commenced providing certain services to an entity (that is not an affiliate of Delphi) regarding the valuation of four non-Debtor affiliates of Delphi: Delphi Calsonic Compressors (France), Delphi Harrison Calsonic (France), Delphi-Calsonic Hungary Manufacturing Limited Company (Hungary), and Calsonic Harrison Co., Ltd. (Japan) (the "Japan Engagement").  Although KPMG Japan is a separate legal entity and will not be providing any services to the Debtors pursuant to the Supplemental Application and/or the Original Application, out of an abundance of caution, KPMG LLP has requested that KPMG Japan and its client find a means that would allow them to terminate the Japan Engagement without undue prejudice to any party.  As of the date hereof, it is KPMG LLP's understanding that KPMG Japan has ceased providing services under the Japan Engagement.  KPMG Japan is not currently, and it has not been since the Petition Date, an Engagement Member Firm.  In addition, no KPMG LLP personnel have been, or will be, involved in the Japan Engagement, and KPMG LLP will not provide services to Delphi in connection with the matters involved in the Japan Engagement.  No information, concerning the Japan Engagement or otherwise, will be shared by the Delphi engagement team with KPMG Japan.

B.    Several KPMG Member Firms, including KPMG Japan, also provide services directly to subsidiaries and/or affiliates of Delphi Corporation.  These other

KPMG Member Firms are those located in Australia, Austria, Belgium, Botswana, Brazil, Canada, China, Czech Republic, France, Germany, Hungary, India, Italy, Japan, Luxembourg, Malaysia, Mexico, Morocco, Poland, Portugal, Romania, Russia, Singapore, Slovakia, South Korea, Spain, Sweden, Switzerland, Taiwan, Thailand, Turkey, and the United Kingdom.   The Delphi subsidiaries and affiliates for which these services are provided are not Debtors in these chapter 11 cases.   KPMG LLP does not share in the revenue received by these KPMG Member Firms for any of these services.

C.   Several KPMG Member Firms provide certain tax advisory services, including, international executive services, to foreign subsidiaries and/or affiliates of General Motors Corporation ("GM") and provide similar tax advisory services to certain non-Debtor affiliates of the Debtors.   These services are not adversarial to any entity but, rather, are provided in the context of such KPMG Member Firms advising such foreign affiliates of GM and non-Debtor affiliates of the Debtors and/or their respective employees on their respective tax liabilities.

D.   Several KPMG Member Firms provide certain services directly to the Debtors unrelated to the services provided by KPMG LLP to the Debtors under the Original Engagement Letters and/or the Supplemental Engagement Letters.   These KPMG Member Firms receive payment directly from the Debtors for such services and are listed by the Debtors as ordinary course professionals ("KPMG Ordinary Course Professionals") on exhibits annexed to certain pleadings filed in these chapter 11 cases.   KPMG LLP is not supervising, and has no connection to the services provided by, the KPMG Ordinary Course Professionals.

21.     KPMG LLP's identification of material relationships is ongoing.  If and when additional information becomes available with respect to any other relationships which may exist between KPMG LLP, KPMG Member Firms, or their partners and professionals and the Debtor, creditors, or any other parties-in-interest which may affect these chapter 11 cases, supplemental affidavits describing such information will be filed with this Court.

22.     In accordance with section 504 of the Bankruptcy Code, I hereby state that there is no agreement or understanding between KPMG LLP and any other entity, other than a member, partner or regular associate of KPMG LLP, for the sharing of compensation received or to be received for services rendered under the Supplemental Engagement Letters.

23.     This First Supplemental Affidavit is provided in accordance with section 327 of the Bankruptcy Code and Bankruptcy Rule 2014.


Dated:        Saginaw, Michigan
              April 20, 2006


                                        By:   /s/ Gary A. Silberg
                                              Name: Gary A. Silberg
                                              Title:   Partner


Sworn to before me on
this 20 day of April, 2006

/s/ Paula L. Dils
Notary Public
Paula L. Dils
Notary Public, Saginaw County, Michigan
My Commission Expires April 22, 2006