

KPMG LLP
Suite 1200
150 West Jefferson
Detroit, MI 48226-4429

Telephone   313 230 3000
Fax              313 230 3001
Internet       www.us.kpmg.com

February 21, 2006

**PRIVATE**
Mr. James P. Whitson
Chief Tax Officer
Delphi Corporation
M/C 480.400.626
5725 Delphi Drive
Troy, MI 48098

Dear Jim:

Our previous general tax consulting engagement letter dated March 1, 2005 expired December 31, 2005, pursuant to the agreed – upon addendum.

The purpose of this letter is to extend the terms of the March 1, 2005 letter, effective January 1, 2006 through December 31, 2006.

KPMG acknowledges that payment of its fees and expenses hereunder is subject to (i) the jurisdiction and approval of the Bankruptcy Court of the Southern District of New York and any order of the Bankruptcy Court approving the retention of KPMG, (ii) any applicable fee and expense guidelines and/or orders, including the U.S. Trustee Guidelines, and (iii) any requirements governing interim and final fee applications.

We do not anticipate that the written tax advice provided under this engagement letter will rise to the level of a Covered Opinion as defined in §10.35 of Circular 230 ("Covered Opinion"). Therefore, all the written tax advice provided under this engagement letter will contain the following legend:

> ANY TAX ADVICE IN THIS COMMUNICATION IS NOT INTENDED OR WRITTEN BY KPMG TO BE USED, AND CANNOT BE USED, BY A CLIENT OR ANY OTHER PERSON OR ENTITY FOR THE PURPOSE OF (i) AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER OR (ii) PROMOTING, MARKETING OR RECOMMENDING TO ANOTHER PARTY ANY MATTERS ADDRESSED HEREIN.

KPMG applies elevated standards in providing tax advice. Under these standards, we must be able to determine that any return position on which we advise has a "realistic possibility" of being sustained on its merits (i.e., approximately a one-in-three or greater likelihood of success if challenged by the IRS) if the position does not involve a transaction designated by the IRS as a "listed transaction" within the meaning of Treas. Reg. §1.6011-4, or a transaction with the principal purpose of avoiding or evading any tax imposed by the Internal Revenue Code (a "principal purpose transaction"). If the advice relates to a "principal purpose transaction", we must arrive at a "should" confidence level (i.e., approximately a 70



render any advice with respect to a "listed transaction" or any transaction that is substantially similar to a "listed transaction." In determining whether a position satisfies the "realistic possibility" and "should" standards, we will not take into account the possibility that a tax return will not be audited, that an issue will not be raised on audit, or that an issue will be settled. We will inform you as soon as possible if, during our analysis, we determine circumstances exist that prevent us from advising you under these standards.

Please indicate your agreement by signing in the space provided below. If you have any questions, please call me.

Very truly yours,

KPMG LLP

*[signature]*

Patrick N. Karpen
*Partner*

ACCEPTED:

Delphi Corporation

_____
Authorized Signature
JAMES P. WHITSON

Title    CHIEF TAX OFFICER

_____27 FEB 2006_____
Date