UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
    In re                             :     Chapter 11
:
DELPHI CORPORATION, et al.,      :     Case No. 05-44481 (RDD)
:
                     Debtors.     :     (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND 1107(b) AUTHORIZING
(I) EMPLOYMENT AND RETENTION OF KPMG LLP AS ADVISORY AND VALUATION
ADVISORS TO DEBTORS, EFFECTIVE NUNC PRO TUNC TO FEBRUARY 16, 2006,
(II) CONTINUED RETENTION OF KPMG LLP AS TAX ADVISORS TO DEBTORS,
EFFECTIVE NUNC PRO TUNC TO JANUARY 1, 2006, AND (III) ADDITIONAL
INTERNATIONAL EXECUTIVE TAX SERVICES TO BE RENDERED BY KPMG LLP TO
DEBTORS EFFECTIVE NUNC PRO TUNC TO JANUARY 18, 2006

("KPMG LLP SUPPLEMENTAL RETENTION ORDER")

Upon the supplemental application dated April 20, 2006 (the "Application") of Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 327(a), 328(a), and 1107(b) and Fed. R. Bankr. P. 2014 authorizing (i) the employment and retention of KPMG LLP as advisory and valuation advisors to the Debtors, effective nunc pro tunc to February 16, 2006, (ii) the continued retention of KPMG LLP as tax advisors to the Debtors, effective nunc pro tunc to January 1, 2006, and (iii) additional international executive tax services to be rendered by KPMG LLP to the Debtors, effective nunc pro tunc to January 18, 2006; and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Application has been given

and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it hereby is

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Application is GRANTED on a final basis.

2. Subject to the terms of this Order, the Debtors' employment of KPMG LLP as one of their advisory and valuation advisors pursuant to the terms and conditions of the Application is approved pursuant to sections 327(a), 328(a), and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), effective nunc pro tunc to February 16, 2006.

3. Subject to the terms of this Order, the Debtors' continued employment of KPMG LLP as tax advisors to the Debtors pursuant to the terms and conditions of the Application is approved pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules, effective nunc pro tunc to January 1, 2006.

4. Subject to the terms of this Order, the Debtors' employment of KPMG LLP to perform additional international executive tax services pursuant to the terms and conditions of the Application is approved pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules, effective nunc pro tunc to January 18, 2006.

5. KPMG LLP shall be compensated for fees and expenses in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee (the "U.S. Trustee"), and further orders of this Court.

6. Notwithstanding anything to the contrary set forth in the engagement letters attached to the Application (the "Engagement Letters"), KPMG LLP, without the Debtors' prior written approval, may subcontract a portion of its responsibilities under the Engagement Letters to any of the member firms of KPMG International (the "KPMG Member Firms"); <u>provided</u>, <u>however</u>, that KPMG LLP shall remain fully and solely responsible for all of KPMG LLP's liabilities and obligations under the Engagement Letters.

7. Notwithstanding anything to the contrary set forth in the Engagement Letters, KPMG LLP shall be solely responsible for all of KPMG LLP's liabilities and obligations under the Engagement Letters, whether incurred or performed, in whole or in part, by KPMG LLP, any affiliate of KPMG LLP, any KPMG Member Firm, or any of their respective affiliates. The Debtors shall have no recourse, and shall bring no claim, against any KPMG Member Firm other than KPMG LLP, or against any subcontractors, members, shareholders, directors, officers, managers, partners, agents, representatives, or employees of any KPMG Member Firm (or any of their respective successors or permitted assigns), or any of their respective assets, with respect to the services or otherwise under the Engagement Letters.

8. All requests of KPMG LLP for payment of indemnity pursuant to the Application shall be made by means of an application (interim or final as the case may be) and shall be subject to review by this Court to ensure that payment of such indemnity conforms to the terms of the Application and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; <u>provided</u>, <u>however</u>, that in no event shall KPMG LLP be indemnified for a claim that a court determines by final order to have arisen out of KPMG LLP's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

9. In the event that KPMG LLP seeks reimbursement for attorneys' fees from the Debtors pursuant to the Application, the invoices and supporting time records from such attorneys shall be included in KPMG LLP's own applications (both interim and final) and such invoices and time records shall be subject to the U.S. Trustee's guidelines for compensation and reimbursement of expenses and the approval of this Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

10. KPMG LLP's limitations of liability, as set forth in the Engagement Letters, shall not apply to claims arising out of KPMG LLP's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

11. Any party-in-interest shall have the right to raise the issue of the application of KPMG LLP's prepetition retainer to postpetition fees and expenses.

12. To the extent that this Order is inconsistent with the Engagement Letters, this Order shall govern.

13. With the exception of KPMG LLP, the KPMG Member Firms providing services under the Engagement Letters shall be permitted to use category codes to describe the time spent on services rendered, rather than the more detailed descriptions usually required for fee applications.

14. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

15. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:   New York, New York
         April __, 2006

                                              _____
                                              UNITED STATES BANKRUPTCY JUDGE