STINSON MORRISON HECKER LLP  　　　　　　Hearing Date: June 15, 2006,10:00 a.m. EDT
Attorneys for ThyssenKrupp Budd Systems　　Objection Deadline: May 10, 2006
1201 Walnut Street
Kansas City, MO  64106
Telephone:  (816) 842-8600
Facsimile:  (816) 691-3495
Mark A. Shaiken, Esq.
Greta A. McMorris, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                           :
                                                : Chapter 11
**DELPHI CORPORATION, et al.,**                 : Case No. 05-44481 (RDD)
                                                :
                                                : (Jointly Administered)
              Debtors.                          :
-------------------------------------------------------------x

**THYSSENKRUPP BUDD SYSTEMS, LLC, THYSSENKRUPP WAUPACA, INC. AND THYSSENKRUPP STAHL COMPANY'S (COLLECTIVELY, "TK BUDD COMPANIES") MEMORANDUM OF LAW IN SUPPORT PURSUANT TO BANKRUPTCY CODE §§ 362 AND 553 FOR ORDER LIFTING THE AUTOMATIC STAY TO PERMIT TK BUDD COMPANIES TO EXERCISE RIGHT OF SETOFF**

**I.    POINTS AND AUTHORITIES SUPPORTING RELIEF**

As set forth below, TK Budd Companies have a valid right of setoff and cause exists to grant TK Budd Companies relief from the automatic stay to enforce its setoff rights.

**A.    Systems Holds a Valid Right of Setoff.**

1.    Section 362(a)(7) of the Bankruptcy Code provides that the filing of the Debtors' voluntary petition operates as an automatic stay, applicable to all parties, against "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor."  § 362(a)(7) of the Bankruptcy Code.  However, section 362(a)(7) does not affect a creditor's setoff rights. H.R. Rep. No. 595, 95th Cong., 1st Sess., at

342 (1977); S. Rep. No. 989, 95th Cong., 2d Sess., at 51 91978).  Section 362(a)(7) "simply stays its enforcement pending an orderly examination of the debtors' and creditors' rights." Id. Thus, a party may still exercise its right to setoff in a bankruptcy proceeding if it obtains relief from the automatic stay or obtains an order allowing setoff prior to exercising any right to setoff. In re NTG Indus., Inc., 103 B.R. 195, 197 (Bankr. N.D. Ill. 1989).

2.  Setoff is the common law right to subtract a debt from an unrelated claim against the same creditor.  Essentially, the right to setoff allows entities that have mutual obligations "to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 18 (1995) (quoting Studley v. Boylston Nat'l Bank, 229 U.S. 523, 528 (1913)).

3.  Bankruptcy law preserves these rights as they exist under non-bankruptcy law. § 553(a) of the Bankruptcy Code; In re HAL, Inc., 196 B.R. 159, 161 (9th Cir. B.A.P. 1996) ("To enforce a setoff right, '[a creditor] must establish that (1) it has a right of setoff under nonbankruptcy law; and (2) this right should be preserved in bankruptcy under § 553.'"); See also, In re Whitaker, 173 B.R. 359, 361 (Bankr. S.D. Ohio 1994) (Statute governing setoff in bankruptcy does not create a right of setoff but rather preserves the right where it exists under applicable non-bankruptcy law.); In re Gordon Sel-Way, Inc., 239 B.R. 741, 751 (E.D. Mich. 1999).  Thus, a creditor seeking to setoff a claim against a debtor in bankruptcy must establish its right to do so under state or federal law.

4.  Setoff is permitted when the opposing claims are mutual.  Specifically, the two claims must: (i) be held by the same parties; (ii) in the same right or capacity; and (iii) both arise either pre-petition or post-petition.  See Whitaker, 173 B.R. at 361; and Sel-Way, 239 B.R. at 741.

2

5. In addition, setoff is permitted in the "triangular" setoff situation . <u>Walter E. Heller & Co. v. Food Marketing Assoc., Ltd. (In the Matter of Fasano/Harriss Pie Co.)</u>, 43 B.R. 864, 870-71 (Bankr. W.D. Mich. 1984). A triangular setoff exists when, for example, a creditor offsets a claim it owes to a parent company against a claim owed to it by an affiliate of the parent company. A triangular setoff will be allowed if the parties agree to treat the debts of the affiliated companies as a single entity. See <u>In re Balducci Oil Co., Inc.</u>, 33 B.R.847 (Bankr. D. Colo. 1983); <u>Wooten v. Vicksburg Refining, Inc.</u>, 95 B.R. 404, 411 (Bankr. W.D. La. 1988) (citing Collier On Bankruptcy and noting that triangular setoffs are permitted where there is an agreement between the parties allowing them); <u>Walter E. Heller & Co. v. Food Marketing Assoc., Ltd. (In the Matter of Fasano/Harriss Pie Co.)</u>, 43 B.R. 864, 870-71 (Bankr. W.D. Mich. 1984) (stating courts have found mutuality between three parties as a matter of contract law, where there was an express agreement evidencing the intent of the parties to effectuate triangular setoffs) <u>Bloor v. Shapiro</u>, 32 B.R. 993, 1001-2 (S.D.N.Y. 1983)(acknowledging that triangular setoffs meet the mutuality requirement when there is agreement among the parties); <u>In re Berger Steel Co.</u>, 327 F.2d 401, 405 (7th Cir. 1964)(acknowledging the allowance of triangular setoffs where an agreement between the parties so provides); <u>Peidmont Print Works v. Receivers</u>, 68 F.2d 110, 111 (4th Cir. 1934)(finding mutuality where there was an agreement and an "identity of interest" between the company and subsidiary).

6. In this case, the parties have agreed to triangular setoff. As set forth in the Motion filed contemporaneously herewith, Systems' Terms and Conditions specifically state that triangular offsets are allowed between Systems and it affiliates and Delphi. Thus, mutuality exists. Moreover, all of the other elements of setoff are met in this case. The Systems and Delphi obligations and the Waupaca/Stahl and Delphi obligations have been incurred in the same

3

capacity. Specifically, Systems pays Delphi pursuant to its purchase orders. Similarly, Waupaca and Stahl pay Delphi for goods pursuant to their purchase orders. Moreover, all the indebtedness occurred pre-petition. Accordingly, TK Budd Companies hold a valid right of offset against Delphi

      **B.**      **Cause Exists for Lifting the Automatic Stay to Allow Systems to Exercise its Setoff Rights.**

      1.      Setoff rights are stayed upon the filing of a bankruptcy petition. See § 362(a)(7) of the Bankruptcy Code (applying the stay to "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor"). The creditor, therefore, must obtain stay relief in order to exercise its rights of setoff. See, e.g., In re Pieri, 86 B.R. 208, 210 (9th Cir. B.A.P. 1988); In re Metropolitan Hosp., 131 B.R. 283, 288 (E.D. Pa. 1991).

      2.      Section 362(d)(1) of the Bankruptcy Code provides that "on request of a party in interest, and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause such as lack of adequate protection of an interest in property of such party in interest." The demonstration of a valid right to setoff constitutes a prima facie showing of "cause" for stay relief. § 362(d)(1) of the Bankruptcy Code. See also, Whitaker, 173 B.R. at 361; Olson, 175 B.R. at 33. Upon a showing of cause, the burden shifts to the debtor to show that the stay should not be lifted. See § 362(g) of the Bankruptcy Code; Whitaker, 173 B.R. at 362.

      3.      As set forth above, Systems holds a valid right to setoff its pre-petition obligations to Delphi against Delphi's pre-petition indebtedness to Waupaca/Stahl. Accordingly, cause exists for lifting the automatic stay to allow TK Budd Companies to exercise the setoff right.

4

4. Once a creditor definitively establishes its right to a particular setoff transaction, the assets subject to setoff are entitled to a number of protections. For one, the assets subject to setoff are expressly excepted from turnover. <u>See</u>, § 542(b) of the Bankruptcy Code. In addition, the creditor obtains a secured claim against the estate "to the extent of the amount subject to setoff," and holds an unsecured claim "to the extent that . . . the amount so subject to setoff is less than the allowed amount of such claim." § 506(a) of the Bankruptcy Code.

## CONCLUSION

For the reasons set forth above, TK Budd Companies have a right of setoff and cause exits to lift the automatic stay to allow TK Budd Companies to exercise thier right of setoff.

RESPECTFULLY SUBMITTED this 20th day of April, 2006.

        Respectfully submitted,

        STINSON MORRISON HECKER LLP

        By:    */s/ Greta A. McMorris*
              Mark A. Shaiken
              Greta A. McMorris
              1201 Walnut Street, Suite 2700
              Kansas City, Missouri 64106
              Telephone: (816) 842-8600
              Facsimile: (816) 691-3495

        ATTORNEYS FOR THYSSENKRUPP BUDD SYSTEMS, LLC, THYSSENKRUPP WAUPACA, INC. AND THYSSENKRUPP STAHL COMPANY