Martin J. Bienenstock, Esq. (MB 3001)
Michael P. Kessler, Esq. (MK 7134)
Jeffrey L. Tanenbaum, Esq. (JT 9797)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

– and –

Robert B. Weiss, Esq.
Frank L. Gorman, Esq.
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI  48226-3506
Telephone: (313) 465-7000
Facsimile: (313) 465-8000

Attorneys for General Motors Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | : |  |
|  | : | **Chapter 11 Case No.** |
|  | : |  |
| **DELPHI CORPORATION, et al.,** | : | **05-44481 (RDD)** |
|  | : |  |
| Debtors. | : | **(Jointly Administered)** |
|  | : |  |

**PRELIMINARY RESPONSE OF GENERAL MOTORS CORPORATION
TO DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. § 1113(c)
AUTHORIZING REJECTION OF COLLECTIVE BARGAINING
AGREEMENTS AND UNDER 11 U.S.C. § 1114(g) AUTHORIZING
<u>MODIFICATION OF RETIREE WELFARE BENEFITS</u>**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

General Motors Corporation ("GM"), as and for its preliminary response

(the "Response") to the motion (the "Motion") of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), pursuant to sections 1113(c) and 1114(g) of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order authorizing rejection of collective bargaining agreements and modification of retiree welfare benefits, respectfully represents:

**Response**

1.      The Motion and the documents filed by the Debtors in support thereof contain statements regarding GM that may mislead and confuse parties in interest. GM submits this Response neither to oppose nor support the relief requested in the Motion, but to clarify certain points. GM reserves its rights to take positions on the relief requested and to file a further response.

2.      First, the Debtors' use the term "GM Consensual Proposals" to describe the "proposals" the Debtors contend they provided on March 24 and 25, 2006 to the labor unions representing the Debtors' employees (the "Unions"). The Debtors acknowledge in the Motion that GM has made no agreements to subsidize the employment modifications they proposed to the Unions and that the "proposals" were contingent upon GM's agreement to pay the incremental cost created by the "proposals." To be clear: other than the UAW-GM-Delphi Special Attrition Program (which is outside the scope of the "proposals" addressed in the Motion), GM has not agreed to subsidize any obligations of the Debtors under such "proposals."

3.      Second, the Debtors describe their own collective bargaining agreements with the Unions as "GM labor agreements." While the Debtors' collective

2

bargaining agreements may be similar to GM's collective bargaining agreement with the United Automobile, Aerospace and Agricultural Implement Workers of America, GM is not a party to the Debtors' collective bargaining agreements. The Debtors have been separate and independent of GM with responsibility for their own collective bargaining agreements and labor relations since May 28, 1999. As of that date, the Debtors' Union-represented employees have been in bargaining units that are separate from GM's bargaining units and the Debtors' unionized employees have been covered by collective bargaining agreements between Debtors and the Unions. The 1999 and 2003 collective bargaining agreements were voluntarily entered into by the Debtors after their separation from GM when GM no longer owned stock in Delphi, and such agreements are in no way "GM labor agreements."

4.    Third, the Debtors' numerous statements about the scope, details, and effects of their proposals to the Unions on GM's benefit guarantees with certain of the Unions are solely the Debtors' interpretations of agreements to which the Debtors are not parties. GM does not herein respond to the Debtors' statements and reserves its right to do so.

5.    Finally, GM notes that all other factual information and interpretations contained in the Motion and its supporting documents represent solely the Debtors' views and allegations and not necessarily the views of GM. GM reserves the right to further respond to or comment on the Motion and the supporting documents and any facts or interpretations contained therein, and to any responses or objections to the Motion.

3

6.      Notice of this Response has been provided pursuant to this Court's Order, dated October 14, 2005, establishing notice procedures in these chapter 11 cases. GM submits that no other or further notice need be provided.

Dated:   April 21, 2006
           New York, New York

/s/ Michael P. Kessler
Martin J. Bienenstock, Esq. (MB 3001)
Michael P. Kessler, Esq. (MK 7134)
Jeffrey L. Tanenbaum, Esq. (JT 9797)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

– and –

Robert B. Weiss, Esq.
Frank L. Gorman, Esq.
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone: (313) 465-7000
Facsimile: (313) 465-8000

Attorneys for General Motors Corporation