UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
      In re                          :        Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :        Case No. 05-44481 (RDD)
                                              :
                 Debtors.              :        (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 363(b) AND FED. R. BANKR. P. 6004 AUTHORIZING
DEBTORS' ENTRY INTO AGREEMENTS WITH BOOZ ALLEN HAMILTON INC.

("BOOZ ALLEN ORDER")

           Upon the motion, dated April 21, 2006 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 363(b) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, and Fed. R. Bankr. P. 6004 authorizing the Debtors' entry into and performance under certain agreements with Booz Allen Hamilton Inc. ("Booz Allen"); and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

           ORDERED, ADJUDGED, AND DECREED THAT:

           1.      The Motion is GRANTED.

2.    The Debtors are authorized, but not directed, to enter into and fully

perform under their agreement with Booz Allen for the second phase (the design phase) of the

Debtors' SG&A restructuring program (the "Booz Allen Agreement"), including making all

payments due to Booz Allen pursuant to the Booz Allen Agreement.

3.    The Debtors are further authorized, but not directed, in the exercise of

their business judgment, to enter into an agreement with Booz Allen for the implementation

phase of the SG&A restructuring program (the "Implementation Agreement") and to pay Booz

Allen under that agreement, without further court approval but subject to the following

procedures (the "Procedures"):

(a)    As soon as Delphi and Booz Allen have reached agreement
regarding Booz Allen's role in the implementation phase, the Debtors shall submit the
Implementation Agreement to (i) the Office of the United States Trustee for the Southern
District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004
(Att'n: Alicia M. Leonhard, Esq.) and (ii) counsel for the Creditors' Committee, Latham
& Watkins LLP, 885 Third Avenue, New York, New York 10022-4802 (Att'n: Robert J.
Rosenberg, Esq.) (the "Notice Parties").  The Implementation Agreement shall be served
by facsimile, overnight delivery, or hand delivery.

(b)    The Notice Parties shall have ten business days following initial
receipt of the Implementation Agreement to object to or request additional time to
evaluate the Implementation Agreement.  Any objections shall be submitted in writing to
counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker
Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., Esq.) and counsel
for Booz Allen, Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, New York
10112 (Att'n: Howard Seife, Esq.).  If counsel to the Debtors and counsel to Booz Allen
receive no written objection or written request for additional time prior to the expiration
of such ten business day period, the Debtors shall be authorized to enter into and perform
their obligations under the Implementation Agreement.

(c)    If a Notice Party objects to the proposed Implementation Agreement
within the proscribed ten business day period, the Debtors and such objecting Notice
Party shall meet and confer in an attempt to negotiate a consensual resolution of the
objection.  Should either party determine that an impasse exists, the Debtors shall move
the Bankruptcy Court for authority to enter into the Implementation Agreement upon
notice to the objecting party and other parties-in-interest in accordance with the terms of
the Third Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P.
2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice,

Case Management, and Administrative Procedures, entered April 20, 2006 (Docket No. 3293).

        4.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

        5.      The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
      May ___, 2006

_____
     UNITED STATES BANKRUPTCY JUDGE