Hearing date and time: May 9, 2006

Barbara Mehlsack (BM 1390)
GORLICK, KRAVITZ & LISTHAUS, P.C.
17 State Street, 4th Floor
New York, New York 10004
(212) 269-2500
bmehlsack@gkllaw.com

Richard Griffin, General Counsel
INTERNATIONAL UNION OF OPERATING ENGINEERS
1125 17th Street, NW
Washington, DC 20036
(202) 778-2675
rgriffin@iuoe.org

Attorneys for International Union of Operating Engineers
Local Union Nos. 18 and 832

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No.05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

---

DECLARATION OF JIM GLATHAR
IN SUPPORT OF IUOE LOCAL UNION NOS. 18 AND 832 OPPOSITION
TO DELPHI'S MOTION FOR AUTHORITY TO REJECT
COLLECTIVE BARGAINING AGREEMENTS

I, Jim Glathar, declare and state as follows:

1. I am currently a Business Agent for International Union of Operating Engineers Local Union No. 832 ("Local 832"). I have held this position since 1995. Prior to becoming a

Business Agent, I served as the union's steward representing the bargaining unit at the University of Rochester.

2. Local 832 is located in Rochester, New York and has 1337 members. Local 832 S is a branch of Local 832 which primarily represents stationary engineers and skilled maintenance employees performing building systems' operation and maintenance work or heating, ventilating and air conditioning systems (HVAC) work at approximately 30 different employers, including the University of Rochester (220 employees), Xerox (62 employees), Cornell University (40 employees), and Monroe County, New York (30 employees).

3. Included among the employees whom Local 832 S represents are certain employees at the Delphi Energy & Chassis Rochester Operations facility in Rochester, New York ("Delphi Rochester bargaining unit"). This facility produces fuel injection systems. Local 832 S represents six employees at this facility in the classification of powerhouse operator. The six employees maintain and operate the facility's compressors, small boilers, and the hot water station. Relevant portions of the collective bargaining agreement between Delphi Energy & Chassis Rochester operations and Local 832 S (the "Delphi-Local 832 S agreement") are attached as Exhibit F to the Declaration Of Darrell Kidd In Support Of Delphi's Motion For Authority To Reject Collective Bargaining Agreements Under 11U.S.C. § 113(c) And Modify Retiree Welfare Benefits Under 11 U.S.C. § 1114(g) (the "Kidd Declaration"). The Delphi-Local 832 S agreement is scheduled to expire on September 14, 2007, less than a year and a half from today.

4. 4. In my capacity as Business Agent for Local 832/832S I have been and continue to be responsible for collective bargaining on behalf of all of the bargaining units represented by Local 832 S including the Delphi Rochester bargaining unit. I make this declaration in support

2

of the objections of IUOE Local 832 S to Delphi's Motion for Authority to Reject Collective Bargaining Agreements under 11 U.S. C § 1113 ( c ) and Motion to Modify Retiree Welfare Benefits under 11 U.S.C.§ 1114(g). Except as otherwise stated here, all of the facts I set forth in this declaration are based upon my personal knowledge and my experience as a union leader and negotiator or from information obtained in the course of the performance of my duties. If called upon to testify I could and would testify to the facts set forth here.

5.. I understand that Delphi has filed a bankruptcy petition and is engaged in a process by which it intends to close or sell a number of its current facilities. I have been advised by Delphi representatives and I have also learned by reviewing Delphi press releases that Delphi intends to keep the Rochester facility—at which the Local 832 S-represented employees work— open.

6.. I also understand that Delphi is currently seeking authority from the bankruptcy court to reject its collective bargaining agreements with a number of different unions and that the Delphi-Local 832 S agreement is one of the agreements Delphi is seeking the authority to reject.

7.. I have also learned from Robert Gerling, a Delphi labor relations representative, that, as part of its ongoing discussions with the United Auto Workers (UAW) and General Motors (GM), Delphi has negotiated a Human Capital Attrition Program that provides early retirement incentives for UAW-represented Delphi employees, as well as certain opportunities to return to work for General Motors under certain circumstances. I have not yet been officially notified that a similar program will be offered to the Local 832 S-represented Delphi employees. However, I have been advised by Mr. Gerling that it is Delphi's intent to do so. I was also told by Glenn Spiroff, Local 832 S's steward at the Rochester facility, that a plant human resources manager advised him this week that Delphi would be extending the retirement incentive package to the

3

Local 832 S-represented employees. Local 832 S has not yet received the promised retirement incentive package.

7. Delphi has not informed Local 832 S how specifically the cost structure and operations provisions of the Delphi-Local 832 S collective bargaining agreement covering six powerhouse operators at the Rochester facility are an impediment to Delphi's competitive position.

8. If the retirement incentive package offered to the Local 832 S-represented employees has the same terms and conditions as that offered to the UAW-represented employees, four of the six employees represented by Local 832 S would be eligible to take the early retirement package. Upon information and belief, it is likely that, if offered this package, these four employees will take it and leave employment with Delphi.

9. The current Delphi-Local 832 S agreement has a Wage Agreement, detailed at page 40 of Exhibit F of the Kidd Declaration, which provides, at Part I.C, that new employees hired after the Wage Agreement's effective date (March 24, 2004) "shall be hired at a rate equal to seventy percent (70) percent of the maximum base rate of the job classification." The percent of the maximum base rate for such employees progresses to 75% after 26 weeks, 80% after 52 weeks, and 85% after 78 weeks. Pursuant to this provision, if four of the six Local 832 S-represented employees take early retirement and Delphi replaces all or some of them with new employees covered by the above-quoted provisions of the Wage Agreement, Delphi will be able to realize substantial wage savings in the Local 832 S-represented unit pursuant to the explicit terms of the current collective bargaining agreement.

10. Since Local 832 S has yet to receive the promised early retirement package and is not in a position to analyze it or to know how many employees will leave Delphi and whether or not

4

Delphi intends to replace them, Local 832 S is not in a position to assess Delphi's potential savings. The absence of this information makes it impossible for Local 832 S to respond with a counterproposal to Delphi's sought for concessions or to respond meaningfully to proposed modifications of retiree welfare benefits.

    11. I declare under penalty of perjury, and pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief. Executed this 19th day of April, 2006.

                                      /s/ Jim Glathar
                                      JIM GLATHAR