TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------x | | HEARING DATE:   5/12/06<br>                 AT:  10:00 a.m. |
| In re:<br><br>DELPHI CORPORATION, et al.,<br><br>                                   Debtors.<br>------------------------------------------------------------x | :<br>:<br>:<br>:<br>:<br>:<br>: | <br><br>Chapter 11<br>Case No. 05-44481 [RDD]<br><br>Jointly Administered |

## SETTLEMENT AGREEMENT

Furukawa Electric North America APD, Inc. ("Furukawa") and Delphi Automotive Systems, Inc. together with its co-debtors ("Delphi"), hereby agree:

WHEREAS, on October 4, 2005 Delphi sent a payment by EFT ("Electric Funds Transfer") to Furukawa in the amount of $2,826,506.66 (hereafter, the "Payment"); and

WHEREAS, On October 8, 2005 (the "Initial Filing Date"), Delphi and certain of its subsidiaries, each filed voluntary petitions in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for reorganization relief under Chapter 11 of the Bankruptcy Code.  On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, collectively, the "Debtors") filed voluntary petitions in this Court for reorganization relief under Chapter 11 of the Bankruptcy Code; and

1

WHEREAS, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Bankruptcy Court entered Orders directing the joint administration of the Debtors' chapter 11 cases (Docket Nos. 28 and 404); and

WHEREAS, on October 17, 2005, the United States Trustee for the Southern District of New York appointed an official committee of unsecured creditors in these cases, which is represented by Latham & Watkins. No trustee or examiner has been appointed; and

WHEREAS, as of the Initial Filing, Furukawa had not applied the Payment to invoices due and owing from Delphi to Furukawa; and

WHEREAS, on or about December 15, 2005, Furukawa filed a Motion for Relief from Stay to permit the set-off of the Payment against pre-petition invoices (the "Invoices") due and owing from Delphi to Furukawa; and

WHEREAS, Delphi opposed Furukawa's Motion for Relief from Stay; and

WHEREAS, by an Order dated March 3, 2006, (the "March 3 Order") the Bankruptcy Court denied Furukawa's Motion for Relief from Stay, but did not direct Furukawa to return the Payment to Delphi; and

WHEREAS, after entry of the March 3 Order, Delphi asserted that the Payment is avoidable and recoverable, and Delphi demanded return of the Payment to Delphi; and.

WHEREAS, Furukawa has asserted that the payment is not avoidable or recoverable and has asserted that, among other things: it provided subsequent new value to Delphi after the date the Payment; the Payment was made in the ordinary course of business of Delphi and Furukawa and according to ordinary industry terms; and that Furukawa will contest the presumption that Delphi was insolvent when the Payment was made; and

2

WHEREAS, as a result of arms-length negotiations, the parties have agreed to a full and final resolution of the Payment based upon the terms and conditions set forth in this Agreement; and

WHEREAS, Delphi has concluded that the proposed settlement set forth herein is in the best interests of its estate, and in reaching that conclusion, has considered, among other things, the defenses asserted by Furukawa and the cost, expense and delay associated with litigating the matter, the result of which is uncertain.

NOW, THEREFORE, FOR good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the parties agree:

1.     This Agreement shall be effective on the date when an Order of the Bankruptcy Court (the "Approval Order") approving the terms hereof shall become final and not subject to any stay (the "Effective Date").  Notwithstanding the foregoing, during the period between the date of the complete execution of this Agreement and the Effective Date, the parties hereto shall be bound by the terms hereof and they shall do nothing contrary to the terms set forth herein.

2.     On and after the Effective Date, Furukawa shall retain 20 percent of the Payment, and return 80 percent of the Payment to Delphi.  Furukawa will therefore retain $565,301.20 (the "Retention"), and shall return to Delphi $2,261,205.46 (the "Settlement Amount").  Furukawa will deliver the Settlement Amount to Delphi in immediately available funds within three (3) business days after the Effective Date.

3.     Within 30 days after the Effective Date, Furukawa may, file an Amended Proof of Claim (the "Amended Claim") in the Delphi bankruptcy case, reducing and reclassifying its claim to reflect the terms of this Agreement.  Subject to any applicable bar date, this Agreement does not preclude or otherwise prevent Furukawa from asserting any additional claims it may

3

have against the Delphi estates, including, but not limited to, its claim for the Settlement Amount.  The Debtors, the Committee and other parties in interest retain all of their rights, claims and defenses regarding any claims filed in these cases by Furukawa.  Entry of the Approval Order shall constitute a modification of the automatic stay in Delphi's case solely to permit Furukawa to apply the Retention toward satisfaction of the Invoices that are identified in the schedule that is annexed hereto.

4. Payment of the Settlement Amount by Furukawa to Delphi shall be a full and final satisfaction of any and all claims that Delphi may have against Furukawa for a return of the Payment.  Upon entry of the Approval Order and payment to Delphi of the Settlement Amount, Delphi hereby releases and waives any claim, charge, cause of action and avoidance action it may assert or may have been able to assert against Furukawa, its affiliates, subsidiaries, shareholders, officers, directors, employees, attorneys, and agents with respect to the Payment and the Retention, including, but not limited to, any claims Delphi may assert or may have been able to assert against Furukawa under Chapter 5 of the United States Bankruptcy Code.

5. Delphi shall, promptly, and at its sole expense, file a motion for an Order approving this Agreement pursuant to Bankruptcy Rule 9019, and shall take full responsibility for the prosecution of such motion. This written Agreement constitutes the entire and fully integrated agreement of the parties, and may not be contradicted by prior writings, or prior or contemporaneous oral statements.

6. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Agreement.  This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their legal representatives, predecessors, successors and assigns.

4

7. It is expressly understood and agreed that the terms hereof, including the forgoing paragraphs and headings, are contractual and that the Agreement contained herein and the consideration transferred is to compromise disputed claims and avoid litigation, and that no statement made herein, payment, release, or other consideration shall be construed as an admission by the parties of any kind or nature.

8. The Bankruptcy Court shall retain original and exclusive jurisdiction to interpret and enforce the terms of this Agreement and to resolve any disputes in connection herewith.

FURUKAWA ELECTRIC NORTH AMERICA ADP, INC.

Dated: _____, 2006

By:_____

Its:_____

DELPHI AUTOMOTIVE SYSTEMS, INC.

Dated: April 21, 2006

By: /s/ John D. Sheehan

Its: Vice President, Chief Restructuring Officer, Chief Accounting Officer and Controller

1234692_1.DOC

So Ordered on this
_____ day of May, 2006

_____
Honorable Robert D. Drain
United States Bankruptcy Judge

5