SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re | : Chapter 11 |
| DELPHI CORPORATION, et al., | : Case No. 05-44481 (RDD) |
| | : (Jointly Administered) |
| Debtors. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EX PARTE MOTION UNDER BANKRUPTCY CODE SECTION 107(b)
AND FED. R. BANKR. P. 9018(1) FOR ORDER AUTHORIZING DEBTORS
TO FILE UNDER SEAL PORTIONS OF MOTION FOR ORDER UNDER FED. R. BANKR.
P. 9019 AUTHORIZING AND APPROVING LICENSE AGREEMENT WITH DENSO
CORPORATION IN SETTLEMENT OF PATENT INFRINGEMENT LITIGATION

("DENSO SETTLEMENT UNDER SEAL MOTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this ex parte motion (the "Motion") For Order Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018(1) For Order Authorizing Debtors To File Under Seal Portions Of Motion For Order Under Fed. R. Bankr. P. 9019 Authorizing And Approving License Agreement With Denso Corporation In Settlement Of Patent Infringement Litigation (the "Denso Settlement Motion").  In support of this Motion, the Debtors respectfully represent as follows:

## Background

A.    The Chapter 11 Filings

1.    On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  This Court entered orders directing the joint administration of the Debtor's chapter 11 cases.

2.    On October 17, 2005, the Office of the Unites States Trustee appointed an official committee of unsecured creditors (the "Creditors' Committee").  No trustee or examiner has been appointed in the Debtors' cases.

3.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

    4.    The statutory predicates for the relief requested herein are 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.    <u>The Confidential Information</u>

    5.    Since April 2002, Denso and the Debtors have been involved in patent disputes and patent litigation relating to gasoline engine management systems ("Gasoline EMS"), the systems and technologies used to control engines that operate on gasoline, based on Delphi's manufacture and sale of certain gasoline engine control units. Delphi and Denso have conducted negotiations over the past four years to resolve these disputes, which resulted in the parties entering into the License Agreement.[1]

    6.    The Debtors submit that certain information contained in the License Agreement and the terms of the settlement between the parties reflected in the License Agreement and disclosed in the Denso Settlement Motion (together, the "Confidential Materials") is sensitive, confidential commercial information. Accordingly, the Debtors have agreed with Denso to seek authority to file the Confidential Materials under seal and to provide for only limited disclosure and service of such materials.

<u>Relief Requested</u>

    7.    By this Motion, the Debtors seek entry of an order, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018(1), authorizing the Debtors to file the Confidential Materials under seal in the Debtors' cases to maintain the confidentiality of the information contained in those materials to the extent not already described and disclosed in the Denso Settlement Motion.

---

[1]    Capitalized terms used but not defined herein have the meanings given to them in the Denso Settlement Motion.

3

8.   The Confidential Materials are comprised of highly sensitive and confidential information regarding the terms on which the parties have agreed to settle the longstanding patent litigation regarding Gasoline EMS.  The Confidential Materials also contain detailed proprietary information describing the ongoing business relationship between the parties, which the parties believe to be highly sensitive and confidential information not typically disclosed to the public or made available in the industry, including patents and technical information pertaining to Gasoline EMS.  It is, therefore, of the utmost importance to the Debtors and Denso that the details of the License Agreement and settlement set forth in the Confidential Materials be kept confidential so that competitors may not use the information contained therein to gain a strategic advantage over the parties in the marketplace.

9.   Finally, disclosure of the Confidential Materials is not necessary for the protection of the public, creditors of the Debtors, or third parties, because (a) the Denso Settlement Motion is subject to this Court's approval in any case and (b) the Debtors are prepared to provide unredacted copies of the Denso Settlement Motion to certain significant parties-in-interest in these cases as described in the immediately following paragraph.

10.   The Debtors propose that the Confidential Materials (and any confidential information derived from the Confidential Materials) remain confidential, be filed under seal, and be served on and made available only to (a) the United States Trustee for the Southern District of New York, (b) counsel to the Creditors' Committee, and (c) such other parties as ordered by this Court or agreed to by the Debtors and Denso.

Applicable Authority

11.  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. That section provides, in relevant part:

On request of a party in interest, the bankruptcy court shall . . . --

> (1)  protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

12.  Thus, Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under the section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

13.  The Second Circuit has held that section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information." Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994). Indeed, this Court has stated that it "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b)." In re Global Crossing Ltd., 295 B.R. 720, 723 (Bankr. S.D.N.Y. 2003). In addition, the Second Circuit has held that a party seeking the sealing of information is only required to show that the information is confidential and commercial, and no showing of "good cause" is necessary, although the Debtors have demonstrated that good cause does exist. Video Software Dealers Assoc., 21 F.3d at 28; see also In re Adelphia Communications Corp., Case No. 02-41729 (REG) (S.D.N.Y. June 25, 2002) (holding that fee information could be filed

5

under seal because it constituted confidential commercial information, the disclosure of which would be disadvantageous and harmful to debtors and to bank group).

14. As was true in Adelphia, the Debtors submit that the Confidential Materials that the Debtors seek to protect also contains sensitive commercial information, the disclosure of which would be harmful to the Debtors and their businesses. Accordingly, the Court should enter an order authorizing the Debtors to file the License Agreement and certain limited portions of the Denso Settlement Motion with the Court pursuant to General Order M-242 and sealed by the United States Bankruptcy Clerk for the Southern District of New York. The Debtors intend to file a redacted public version of the Motion which excludes the Confidential Materials.

Notice Of Motion

15. Notice of this Motion has been provided in accordance with the Third Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on April 20, 2006 (Docket No. 3293). In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary. The Debtors request that the Court grant the relief requested herein without the need for a hearing under 11 U.S.C. §102(1)(B) so that the Debtors may file the Denso Settlement Motion under seal on April 21, 2006.

Memorandum Of Law

16. Because the legal points and authorities upon which this Motion relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

05-44481-rdd    Doc 3355    Filed 04/21/06    Entered 04/21/06 16:48:01    Main Document
Pg 7 of 7

WHEREFORE the Debtors respectfully request that this Court enter an order (a) authorizing the Debtors to file the Confidential Materials under seal and (b) granting them such other and further relief as is just.

Dated:  New York, New York
April 21, 2006

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By: /s/ John Wm. Butler, Jr.
   John Wm. Butler, Jr. (JB 4711)
   John K. Lyons (JL 4951)
   Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
   Kayalyn A. Marafioti (KM 9632)
   Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession