# EXHIBIT A

**Eaton, Frank L.**

| | |
|---|---|
| **From:** | Butler, Jr., John (Jack) Wm [JBUTLER@skadden.com] |
| **Sent:** | Friday, April 21, 2006 10:19 AM |
| **To:** | Baumstein, Douglas; Springer, David; Eaton, Frank L.; Lauria, Thomas E. |
| **Cc:** | Kurtz, Glenn; Uzzi, Gerard; Reese, Randall; Matz, Thomas; Meisler, Ron; Cruz, Ileana; Mitchell.Seider@lw.com; Koch, Brian; Tiedemann, Robert; Jerman, Tom; Siegel, Robert; Sax, Beth |
| **Subject:** | Delphi Labor - Debtors Response to Appaloosa's Section 1113/1114 Discovery Requests |

Doug,

I believe that my partner, David Springer, had communicated with you that the Debtors intended to provide a written response yesterday to your discovery requests. That communication was in my hands and I apologize for responding this morning rather than yesterday evening.

While we will be sending you a more formal communication, we wanted you to understand the Debtors' position concerning Appaloosa's attempt to intervene and participate as a Section 1113/1114 party in the Section 1113/1114 motion.

In addressing Appaloosa's preliminary objection and discovery requests, the Debtors have considered the Seventh Circuit's decision in the IFS case, In re UAL Corp. *(IFS)*, 408 F.3d 847 (7th Cir.2005). This decision, written by Judge Easterbrook, involved (1) a request to participate in the hearing rather than the 1113 negotiations; and (2) an analysis of the statutory language, including the definition of "interested party." IFS was the independent fiduciary appointed by United for its defined benefit pension plans, and it sought to participate in the 1113 hearing on the theory that it was obligated to defend the interests of the beneficiaries. Judge Easterbrook's succinct analysis is worth quoting in full. After finding that IFS had the right to seek an interlocutory appeal of the ruling denying its request to participate in the hearing, he wrote:

> "The merits are easier. Although the Bankruptcy Code does not define the term "interested party," and no appellate decision has addressed its meaning, it is most naturally read to mean "party to the collective bargaining agreement" or a guarantor of that contract. IFS wants us to treat it as equivalent to the term "party in interest" under § 1109 (b), on which see *FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 284 (7th Cir.2002), and thus as including any person with a financial stake in the employer's performance of the collective bargaining agreement, but that would make § 1113 proceedings unmanageable. Section 1109(b) defines who is a party to the bankruptcy; the set of "interested parties" for particular purposes such as § 1113 must be its subset. Otherwise every employee *individually* would have to be notified and allowed to participate when the employer proposes to reject a collective bargaining agreement, though for every other purpose the union acts as the employees' representative; more, every retiree would receive separate notice and an opportunity to be heard; tax collectors, unsecured creditors that might gain if the debtor altered its obligations to labor-the list would go on and on.
>
> "Labor and management are free to change their agreements without any complaint by individual workers or pensioners-or for that matter by other third-party beneficiaries, including pension fiduciaries. What labor and management may do voluntarily, the court may accomplish in a § 1113 proceeding. There is no reason to include in the § 1113 proceeding any person or entity whose consent would be unnecessary to a voluntary change

in the agreement. All of the legally protected interests are represented by labor, management, and the Pension Benefit Guaranty Corporation. Because IFS is not entitled to block a change in the collective bargaining agreements, it also is not entitled to participate in the litigation as an "interested party."

In a subsequent decision, the court relied on this case for the proposition that only parties to the collective bargaining agreement, and guarantors under the agreement, may participate.

Accordingly, the Debtors do not believe that Appaloosa has standing to object or take discovery in connection with the Section 1113/1114 Motion. The Debtors will therefore not be responding to your discovery requests or providing Appaloosa with deposition deponents.

Having said that and with a full reservation of rights (including no prejudice to the Debtors' right to strike Appaloosa's preliminary objection and any subsequent objection), the Debtors would be prepared to provide some information to Appaloosa regarding the Section 1113/1114 Motion, as follows:

1. Appaloosa would have to agree to a protective order where all information was for professionals' eyes only.

2. The Debtors would issue a limited number of passwords for Appaloosa's professionals to review the Section 1113/1114 information database that has been established by the Debtors and which the Debtors believe contains relevant Section 1113/1114 information.

3. To the extent that the unions under the collective bargaining agreements or the Debtors schedule depositions of each others' witnesses, the Debtors' would permit Appaloosa to attend such depositions and to have access to the deposition transcripts. All such depositions are subject to time limitations based on the meet and confer agreements between the unions and the Debtors.

4. To the extent that the unions under the collective bargaining agreements or the Debtors exchange documentary discovery between them, the Debtors would provide copies to Appaloosa.

Please let us know whether this approach is acceptable to Appaloosa in lieu of any other discovery.

Jack Butler

---

John Wm. Butler, Jr.
Partner and Co-Practice Leader
Corporate Restructuring Department
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
Chicago:    (312) 407-0730
New York:  (212) 735-3114
Facsimile:  (312) 407-8501

4/21/2006

**From:** Baumstein, Douglas [mailto:dbaumstein@ny.whitecase.com]
**Sent:** Thursday, April 20, 2006 6:50 PM
**To:** Springer, David; Eaton, Frank L.; Butler, Jr., John (Jack) Wm; Lauria, Thomas E.
**Cc:** Kurtz, Glenn; Uzzi, Gerard; Reese, Randall; Matz, Thomas; Meisler, Ron; Cruz, Ileana; Mitchell.Seider@lw.com; Koch, Brian; Tiedemann, Robert
**Subject:** RE: 30(b)(6) Notice of Deposition

David,

We have not received, as promised by Debtors, any written communication concerning Appaloosa's discovery requests or a production of documents today, as requested in our request sent to you last Friday. Nor have you or your colleagues returned any of my messages asking whether Debtors will produce documents and seeking to set deposition dates on a consensual basis. The hearing on the 1113 and 1114 motions is just over two weeks away. If you intend to go forward with the motion, we expect prompt production of responsive documents. Please advise of Debtors' intentions.

Best regards,

Douglas P. Baumstein
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036
Tel: (212) 819-8586
Fax: (212) 354-8113

---

**From:** Springer, David [mailto:DSPRINGE@skadden.com]
**Sent:** Wednesday, April 19, 2006 3:00 PM
**To:** Baumstein, Douglas; Eaton, Frank L.; Butler, Jr., John (Jack) Wm; Lauria, Thomas E.
**Cc:** Kurtz, Glenn; Uzzi, Gerard; Reese, Randall; Matz, Thomas; Meisler, Ron; Cruz, Ileana; Mitchell.Seider@lw.com; Koch, Brian; Tiedemann, Robert
**Subject:** Re: 30(b)(6) Notice of Deposition

Dear Doug,
You will receive a written communication from us tomorrow relating to your discovery requests in connection with the Section 1113 and 1114 motion.
Best regards,
David
*************************************************
This e-mail and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any e-mail, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
*****************************************************

-----Original Message-----
From: Baumstein, Douglas
To: Springer, David; Eaton, Frank L.; Butler, Jr., John (Jack) Wm; Lauria, Thomas E.; Springer, David
CC: Kurtz, Glenn; Uzzi, Gerard; Reese, Randall; Matz, Thomas; Meisler, Ron; Cruz, Ileana; Mitchell.Seider@lw.com; Koch, Brian; Tiedemann, Robert
Sent: Wed Apr 19 11:34:42 2006
Subject: 30(b)(6) Notice of Deposition

David,

Re: 30(b)(6) Notice of Deposition
05-44481-rdd    Doc 3556-1    Filed 04/21/06    Entered 04/21/06 17:28:10    Exhibit A    Page 4 of 4
Pg 5 of 5

Attached please find a courtesy copy of Appaloosa's 30(b)(6) notice of deposition for the 1113/1114 Motion. Please advise whether Debtors intend to respond to Appaloosa's document request on Thursday.

Best regards,

Douglas P. Baumstein
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036
Tel: (212) 819-8586
Fax: (212) 354-8113

---

This e-mail communication is confidential and is intended only for the
individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this e-mail in error by replying to the e-mail or by telephoning (212) 819-8200 during the hours of 9:30am - 5:30pm (EST). Any other time please call (212) 819-7664. Please then delete the e-mail and any copies of it. Thank you.

---

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

---

This e-mail communication is confidential and is intended only for the
individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this e-mail in error by replying to the e-mail or by telephoning (212) 819-8200 during the hours of 9:30am - 5:30pm (EST). Any other time please call (212) 819-7664. Please then delete the e-mail and any copies of it. Thank you.

4/21/2006