IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
        In re                                             :        Chapter 11
                                                          :
DELPHI CORPORATION, et al.,                               :        Case No. 05-44481 (RDD)
                                                          :
                            Debtors.                      :        (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

        I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants, LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

        On April 11, 2006, I caused to be served the documents listed below (i) upon the parties listed on Exhibit A hereto via facsimile and (ii) upon the parties listed on Exhibit B hereto via overnight delivery:

    1)  Notice of Intention to Enter Into or Renew Real Property Lease (Troy, Michigan) [a copy of which is attached hereto as Exhibit C]

    2)  Notice of Intention to Enter Into or Renew Real Property Lease (Meijer Drive, Troy, Michigan Lease) [a copy of which is attached hereto as Exhibit D]

        On April 11, 2006, I caused to be served the document listed below upon the parties listed on Exhibit E hereto via facsimile:

    3)  Notice of Intention to Enter Into or Renew Real Property De Minimis Lease (Brighton, Michigan Lease) [a copy of which is attached hereto as Exhibit F]

Dated: April 21, 2006

                                        _/s/ Evan Gershbein_____
                                        Evan Gershbein

Subscribed and sworn to (or affirmed) before me on this 21st day of April, 2006, by Evan Gershbein, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature : ___/s/ Sarah Elizabeth Frankel_____

Commission Expires: ___12/23/08____

# EXHIBIT A

Delphi Corporation
Special Parties

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|-----|-------|------------------|
| Davis Polk & Wardwell | Donald Bernstein | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 | 212-450-3092 | donald.bernstein@dpw.com | Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.fmaher@chase.com richard.duker@jpmorgan.com gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | UCC Professional |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Prepetition Administrative Agent |
| United States Trustee | Deirdre A. Martini | 33 Whitehall Street | Suite 2100 | New York | NY | 10004 | 212-510-0500 | 212-668-2256 | deirdre.martini@usdoj.gov (Do not use for service) | United States Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/12/2006 10:32 PM
Lease Notice and Troy Notice Special Parties

# EXHIBIT B

Delphi Corporation
Special Parties

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| United States Trustee | Alicia M. Leonard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | United States Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/12/2006 10:33 PM
Lease Notice and Troy Notice Special Parties

# EXHIBIT C

**Objection Deadline:  April 24, 2006**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, <u>et al.</u>, | : | Case No.  05–44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>NOTICE OF INTENTION TO ENTER INTO OR RENEW REAL PROPERTY LEASE</u>
**(Troy, Michigan Lease)**

1.      <u>ORDER APPROVING ENTERING INTO NEW LEASES</u>

PLEASE TAKE NOTICE that on January 6, 2006, the United States Bankruptcy Court for the Southern District of New York entered an Order Under 11 U.S.C. §§ 363, 1107, and 1108 Approving Procedures to Enter Into or Renew Real Property Leases Without Further Court Approval (the "Order," a copy of which is attached hereto as Exhibit 1).  The Order authorized the above-captioned debtors and debtors-in-possession (the "Debtors") to enter into the following real property lease (the "Lease") upon notice to the Notice Parties (as defined in the Order) without further Court approval:

Location of Lease:

**900 Tower Drive, Troy, Michigan**

2.      <u>LEASE EFFECTIVE DATE</u>

PLEASE TAKE FURTHER NOTICE that the Debtors intend to enter into the Lease on or after April 25, 2006 unless an objection is served in the manner described in the Order.

3.    <u>LESSOR</u>

Lessor:  900 Tower Drive Associates, L.L.C.

PLEASE TAKE FURTHER NOTICE that the Lessor under the Lease is not an "insider" as defined in 11 U.S.C. §101(31).

4.    <u>DESCRIPTION OF LEASE TERMS</u>

PLEASE TAKE FURTHER NOTICE that a description of the terms of the Lease is attached hereto as Exhibit 2.

Dated: New York, New York
       April 11, 2006

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:    /s/ John Wm. Butler, Jr
       John Wm. Butler, Jr. (JB 4711)
       John K. Lyons (JL 4951)
       Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

       - and -

By:    /s/ Kayalyn A. Marafioti
       Kayalyn A. Marafioti (KM 9632)
       Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, <u>et al.</u>,
       Debtors and Debtors-in-Possession

2

Exhibit 1 - Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                      :
    In re                             :   Chapter 11
                                      :
DELPHI CORPORATION, et al.,           :   Case No. 05-44481 (RDD)
                                      :
                  Debtors.   :   (Jointly Administered)
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER UNDER 11 U.S.C. §§ 363, 1107, AND 1108 APPROVING
PROCEDURES TO ENTER INTO OR RENEW REAL PROPERTY
LEASES WITHOUT FURTHER COURT APPROVAL

("LEASE PROCEDURES ORDER")

      Upon the motion, dated December 16, 2005 (the "Motion"), of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§

365, 1107, and 1108 approving procedures to enter into new or renew existing non-residential leases

or subleases of real property (the "Leases") without further Court approval; and upon the record of

the hearing held on the Motion; and this Court having determined that the relief requested in the

Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-

interest; and it appearing that proper and adequate notice of the Motion has been given and that no

other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor it is hereby

      ORDERED, ADJUDGED, AND DECREED THAT:

      1.  The Motion is GRANTED as provided herein.

2.    The Debtors are hereby authorized but not directed to enter into or renew the Leases without further Court approval, subject to the procedures set forth below.

3.    For a Lease with average Lease obligations of $200,000 or less per annum or Lease obligations of $1 million or less in the aggregate (a "De Minimis Lease"), the Debtors shall be authorized but not directed to enter into or renew a De Minimis Lease without further Bankruptcy Court approval.  The Debtors, however, shall use reasonable efforts to provide notice of the terms of any De Minimis Lease it intends to enter into to counsel for the Official Committee of Unsecured Creditors prior to entering into such De Minimis Lease.  In the event Debtors are unable to provide such notice to counsel for the Official Committee of Unsecured Creditors prior to entering into a De Minimis Lease, Debtors shall provide such notice after the Debtors enter into the De Minimis Lease.  Notwithstanding the foregoing, if a lessor under a De Minimis Lease is an "insider" as defined in section 101(31) of the Bankruptcy Code, the Debtors shall comply with the procedures set forth in paragraph 4 herein.

4.    For a Lease with average lease obligations of $200,001 or more per annum or Lease obligations in excess of $1 million up to and including $5 million in the aggregate, the Debtors shall give notice of their intention to enter into or renew such Lease (the "Lease Notice") to (a) the Office of the United States Trustee for the Southern District of New York, (b) counsel for the Official Committee of Unsecured Creditors, (c) counsel for the agent under the Debtors' prepetition credit facility, and (d) counsel for the agent under the Debtors' post-petition facility (collectively, the "Notice Parties").  The Debtors shall serve the Lease Notice by facsimile, overnight delivery, or hand delivery.  The Lease Notice shall include the following information: (a) the proposed Lease to be entered into or renewed, (b) the identity of the lessor (including a statement as to whether the proposed lessor is an "insider" as defined in section 101(31) of the

2

Bankruptcy Code), and (c) a description of the terms of the proposed Lease.  The Notice Parties

shall have ten business days following initial receipt of the Lease Notice to object to or request

additional time to evaluate the proposed Lease.  If counsel to the Debtors receives no written

objection or written request for additional time prior to the expiration of such ten business day

period, the Debtors shall be authorized to enter into or renew the Lease.  If a Notice Party objects

to the proposed Lease within ten business days after the Lease Notice is received, the Debtors

and such objecting Notice Party shall meet and confer in an attempt to negotiate a consensual

resolution.  Should either party determine that an impasse exists, then the Debtors shall move the

Bankruptcy Court for authority to enter into or renew the Lease, as the case may be, upon notice

to the objecting party and other parties-in-interest in accordance with the Court's Case

Management Order entered on October 14, 2005 ("Case Management Order").

       5.    For a Lease with Lease obligations in excess of $5 million in the aggregate,

the Debtors will be authorized to enter into the Lease only after obtaining Bankruptcy Court

approval of the proposed Lease after notice and a hearing.

       6.    This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

       7.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the

United States Bankruptcy Court for the Southern District of New York for the service and filing

of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
       January 6, 2006


       /s/ Robert D. Drain
       UNITED STATES BANKRUPTCY JUDGE

<u>Exhibit 2 - Lease Terms</u>

1. Landlord:                              900 Tower Drive Associates, L.L.C.
                                          c/o Kojaian Management Corporation
                                          39400 Woodward Avenue, Suite 250
                                          Bloomfield, MI  48304-5155

2. Tenant:                                Delphi Automotive Systems LLC

3. Premises:                              900 Tower Drive, Suite 900, Troy, Michigan
                                          approximately 15,529 rentable square feet

4. Anticipated Commencement Date:         April 24, 2006

5. Expiration Date:                       November 30, 2007

6. Monthly Basic Rent:                    ▪ Commencement Date – May 31, 2006:  $1,041.69
                                          ▪ June 1, 2006 – November 30, 2007:  $18,958.33

7. Common Area Expense, Taxes,
   And Utilities:                         Included in Basic Rent

8. Permitted Use:                         General office

9. Extension Option:                      One (1) option to extend the term of the Lease for a
                                          period of six (6) months upon all the terms and
                                          conditions contained in the Lease.  Tenant must
                                          deliver written notice to the Landlord not less than
                                          three (3) months prior to the expiration of the
                                          original term of the Lease.

# EXHIBIT D

**Objection Deadline:  April 24, 2006**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, <u>et al.</u>, | : | Case No.  05–44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


<u>NOTICE OF INTENTION TO ENTER INTO OR RENEW REAL PROPERTY LEASE</u>
**(Meijer Drive, Troy, Michigan Lease)**

1.      <u>ORDER APPROVING ENTERING INTO NEW LEASES</u>

        PLEASE TAKE NOTICE that on January 6, 2006, the United States Bankruptcy
Court for the Southern District of New York entered an Order Under 11 U.S.C. §§ 363,
1107, and 1108 Approving Procedures To Enter Into Or Renew Real Property Leases
Without Further Court Approval (the "Order," a copy of which is attached hereto as
Exhibit 1).  The Order authorized the above-captioned debtors and debtors-in-possession
(the "Debtors") to enter into the following real property lease (the "Lease") upon notice to
the Notice Parties (as defined in the Order) without further Court approval:

                    Location of Lease:

                    **1624 Meijer Drive, Troy, Michigan**

2.      <u>LEASE EFFECTIVE DATE</u>

        PLEASE TAKE FURTHER NOTICE that the Debtors intend to enter into the
Lease on or after April 25, 2006, unless an objection is served in the manner described in
the Order.

3.    <u>LESSOR</u>

First Industrial, L.P.

PLEASE TAKE FURTHER NOTICE that the Lessor under the Lease is not an "insider" as defined in 11 U.S.C. §101(31).

4.    <u>DESCRIPTION OF LEASE TERMS</u>

PLEASE TAKE FURTHER NOTICE that a description of the terms of the Lease is attached hereto as Exhibit 2.

Dated: New York, New York
      April 11, 2006

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:  <u>/s/ John Wm. Butler, Jr.</u>
     John Wm. Butler, Jr. (JB 4711)
     John K. Lyons (JL 4951)
     Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By:  <u>/s/ Kayalyn A. Marafioti</u>
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, <u>et al.</u>,
    Debtors and Debtors-in-Possession

2

<u>Exhibit 1 - Order</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
    In re                            :     Chapter 11
:
DELPHI CORPORATION, <u>et al.</u>,     :     Case No. 05-44481 (RDD)
:
                  Debtors.    :     (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. §§ 363, 1107, AND 1108 APPROVING
PROCEDURES TO ENTER INTO OR RENEW REAL PROPERTY
<u>LEASES WITHOUT FURTHER COURT APPROVAL</u>

("LEASE PROCEDURES ORDER")

Upon the motion, dated December 16, 2005 (the "Motion"), of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§

365, 1107, and 1108 approving procedures to enter into new or renew existing non-residential leases

or subleases of real property (the "Leases") without further Court approval; and upon the record of

the hearing held on the Motion; and this Court having determined that the relief requested in the

Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-

interest; and it appearing that proper and adequate notice of the Motion has been given and that no

other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.   The Motion is GRANTED as provided herein.

2.    The Debtors are hereby authorized but not directed to enter into or renew the Leases without further Court approval, subject to the procedures set forth below.

3.    For a Lease with average Lease obligations of $200,000 or less per annum or Lease obligations of $1 million or less in the aggregate (a "De Minimis Lease"), the Debtors shall be authorized but not directed to enter into or renew a De Minimis Lease without further Bankruptcy Court approval.  The Debtors, however, shall use reasonable efforts to provide notice of the terms of any De Minimis Lease it intends to enter into to counsel for the Official Committee of Unsecured Creditors prior to entering into such De Minimis Lease.  In the event Debtors are unable to provide such notice to counsel for the Official Committee of Unsecured Creditors prior to entering into a De Minimis Lease, Debtors shall provide such notice after the Debtors enter into the De Minimis Lease.  Notwithstanding the foregoing, if a lessor under a De Minimis Lease is an "insider" as defined in section 101(31) of the Bankruptcy Code, the Debtors shall comply with the procedures set forth in paragraph 4 herein.

4.    For a Lease with average lease obligations of $200,001 or more per annum or Lease obligations in excess of $1 million up to and including $5 million in the aggregate, the Debtors shall give notice of their intention to enter into or renew such Lease (the "Lease Notice") to (a) the Office of the United States Trustee for the Southern District of New York, (b) counsel for the Official Committee of Unsecured Creditors, (c) counsel for the agent under the Debtors' prepetition credit facility, and (d) counsel for the agent under the Debtors' post-petition facility (collectively, the "Notice Parties").  The Debtors shall serve the Lease Notice by facsimile, overnight delivery, or hand delivery.  The Lease Notice shall include the following information: (a) the proposed Lease to be entered into or renewed, (b) the identity of the lessor (including a statement as to whether the proposed lessor is an "insider" as defined in section 101(31) of the

2

Bankruptcy Code), and (c) a description of the terms of the proposed Lease.  The Notice Parties

shall have ten business days following initial receipt of the Lease Notice to object to or request

additional time to evaluate the proposed Lease.  If counsel to the Debtors receives no written

objection or written request for additional time prior to the expiration of such ten business day

period, the Debtors shall be authorized to enter into or renew the Lease.  If a Notice Party objects

to the proposed Lease within ten business days after the Lease Notice is received, the Debtors

and such objecting Notice Party shall meet and confer in an attempt to negotiate a consensual

resolution.  Should either party determine that an impasse exists, then the Debtors shall move the

Bankruptcy Court for authority to enter into or renew the Lease, as the case may be, upon notice

to the objecting party and other parties-in-interest in accordance with the Court's Case

Management Order entered on October 14, 2005 ("Case Management Order").

       5.    For a Lease with Lease obligations in excess of $5 million in the aggregate,

the Debtors will be authorized to enter into the Lease only after obtaining Bankruptcy Court

approval of the proposed Lease after notice and a hearing.

       6.    This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

       7.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the

United States Bankruptcy Court for the Southern District of New York for the service and filing

of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          January 6, 2006

                /s/ Robert D. Drain
                UNITED STATES BANKRUPTCY JUDGE

<u>Exhibit 2 - Lease Terms</u>

1.  Landlord:                       First Industrial, L.P.
                                    c/o First Industrial Realty Trust
                                    311 S. Wacker Drive, Suite 4000
                                    Chicago, IL  60606

2.  Tenant:                         Delphi Automotive Systems LLC

3.  Premises:                       1624 Meijer Drive, Troy, Michigan

4.  Commencement Date:              April 1, 2006

5.  Expiration Date:                March 31, 2011

6.  Monthly Net Rent:               ▪Year 1:  $24,772.50
                                    ▪Year 2:  $25,267.95
                                    ▪Year 3:  $25,773.31
                                    ▪Year 4:  $26,288.78
                                    ▪Year 5:  $26,814.56

7.  Common Area Expense, Taxes,
    And Utilities:                  Tenant leases the entire building and is responsible
                                    for all property taxes, utilities, and maintenance of
                                    the building and property.

8.  Permitted Use:                  Warehouse, Office, Training, Assembly, and Testing

9.  Extension Option:               One option to extend the term of the Lease for a
                                    period of three years.  Tenant must deliver
                                    written notice to the Landlord not more than 240 nor
                                    less than 180 days prior to the expiration date of the
                                    then applicable Term commencing April 1, 2011.

# EXHIBIT E

Delphi Corporation
Special Parties

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|-----|-------|------------------|
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | UCC Professional |

# EXHIBIT F

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No.  05–44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF INTENTION TO ENTER INTO OR RENEW REAL PROPERTY DE MINIMIS LEASE
**(Brighton, Michigan Lease)**

1.      ORDER APPROVING ENTERING INTO NEW LEASES

PLEASE TAKE NOTICE that on January 6, 2006, the United States Bankruptcy Court for the Southern District of New York entered an Order Under 11 U.S.C. §§ 363, 1107, and 1108 Approving Procedures To Enter Into Or Renew Real Property Leases Without Further Court Approval (the "Order," a copy of which is attached hereto as Exhibit 1).  The Order authorized the above-captioned debtors and debtors-in-possession (the "Debtors") to enter into the following real property lease (the "De Minimis Lease") and deliver notice to the Notice Parties (as defined in the Order) without further Court approval:

Location of Lease:

**5936 Ford Court, Suite 400, Brighton, Michigan**

2.      LEASE EFFECTIVE DATE

PLEASE TAKE FURTHER NOTICE that the Debtors entered into the De Minimis Lease on  March 7, 2006.

3.      <u>LESSOR</u>

Osprey East, a Webber Osprey Joint Venture LLC, a Florida limited liability company

PLEASE TAKE FURTHER NOTICE that the Lessor under the De Minimis Lease is not an "insider" as defined in 11 U.S.C. §101(31).

4.      <u>DESCRIPTION OF LEASE TERMS</u>

PLEASE TAKE FURTHER NOTICE that a description of the terms of the De Minimis Lease is attached hereto as Exhibit 2.

Dated: New York, New York
        April 11, 2006

SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP

By:    /s/ John Wm. Butler, Jr.
        John Wm. Butler, Jr. (JB 4711)
        John K. Lyons (JL 4951)
        Ron E. Meisler (RM 3026)
    333 West Wacker Drive, Suite 2100
    Chicago, Illinois  60606
    (312) 407-0700

        - and -

By:    /s/ Kayalyn A. Marafioti
        Kayalyn A. Marafioti (KM 9632)
        Thomas J. Matz (TM 5986)
    Four Times Square
    New York, New York 10036
    (212) 735-3000

    Attorneys for Delphi Corporation, <u>et al.,</u>
        Debtors and Debtors-in-Possession

2

Exhibit 1 - Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
      In re                          :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
               Debtors.            :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. §§ 363, 1107, AND 1108 APPROVING
PROCEDURES TO ENTER INTO OR RENEW REAL PROPERTY
LEASES WITHOUT FURTHER COURT APPROVAL

("LEASE PROCEDURES ORDER")

        Upon the motion, dated December 16, 2005 (the "Motion"), of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§

365, 1107, and 1108 approving procedures to enter into new or renew existing non-residential leases

or subleases of real property (the "Leases") without further Court approval; and upon the record of

the hearing held on the Motion; and this Court having determined that the relief requested in the

Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-

interest; and it appearing that proper and adequate notice of the Motion has been given and that no

other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor it is hereby

        ORDERED, ADJUDGED, AND DECREED THAT:

        1.   The Motion is GRANTED as provided herein.

2.    The Debtors are hereby authorized but not directed to enter into or renew the
Leases without further Court approval, subject to the procedures set forth below.

3.    For a Lease with average Lease obligations of $200,000 or less per annum or
Lease obligations of $1 million or less in the aggregate (a "De Minimis Lease"), the Debtors
shall be authorized but not directed to enter into or renew a De Minimis Lease without further
Bankruptcy Court approval.  The Debtors, however, shall use reasonable efforts to provide notice
of the terms of any De Minimis Lease it intends to enter into to counsel for the Official
Committee of Unsecured Creditors prior to entering into such De Minimis Lease.  In the event
Debtors are unable to provide such notice to counsel for the Official Committee of Unsecured
Creditors prior to entering into a De Minimis Lease, Debtors shall provide such notice after the
Debtors enter into the De Minimis Lease.  Notwithstanding the foregoing, if a lessor under a De
Minimis Lease is an "insider" as defined in section 101(31) of the Bankruptcy Code, the Debtors
shall comply with the procedures set forth in paragraph 4 herein.

4.    For a Lease with average lease obligations of $200,001 or more per annum or
Lease obligations in excess of $1 million up to and including $5 million in the aggregate, the
Debtors shall give notice of their intention to enter into or renew such Lease (the "Lease Notice")
to (a) the Office of the United States Trustee for the Southern District of New York, (b) counsel
for the Official Committee of Unsecured Creditors, (c) counsel for the agent under the Debtors'
prepetition credit facility, and (d) counsel for the agent under the Debtors' post-petition facility
(collectively, the "Notice Parties").  The Debtors shall serve the Lease Notice by facsimile,
overnight delivery, or hand delivery.  The Lease Notice shall include the following information:
(a) the proposed Lease to be entered into or renewed, (b) the identity of the lessor (including a
statement as to whether the proposed lessor is an "insider" as defined in section 101(31) of the

2

Bankruptcy Code), and (c) a description of the terms of the proposed Lease.  The Notice Parties

shall have ten business days following initial receipt of the Lease Notice to object to or request

additional time to evaluate the proposed Lease.  If counsel to the Debtors receives no written

objection or written request for additional time prior to the expiration of such ten business day

period, the Debtors shall be authorized to enter into or renew the Lease.  If a Notice Party objects

to the proposed Lease within ten business days after the Lease Notice is received, the Debtors

and such objecting Notice Party shall meet and confer in an attempt to negotiate a consensual

resolution.  Should either party determine that an impasse exists, then the Debtors shall move the

Bankruptcy Court for authority to enter into or renew the Lease, as the case may be, upon notice

to the objecting party and other parties-in-interest in accordance with the Court's Case

Management Order entered on October 14, 2005 ("Case Management Order").

      5.    For a Lease with Lease obligations in excess of $5 million in the aggregate,

the Debtors will be authorized to enter into the Lease only after obtaining Bankruptcy Court

approval of the proposed Lease after notice and a hearing.

      6.    This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

      7.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the

United States Bankruptcy Court for the Southern District of New York for the service and filing

of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
          January 6, 2006


/s/ Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

3

<u>Exhibit 2 - Lease Terms</u>

1.  Landlord:                                  Osprey East, a Webber Osprey Joint Venture LLC
                                               c/o Osprey Management Co. of Michigan, LLC
                                               305 East Main Street
                                               Brighton, MI  48116

2.  Tenant:                                    Delphi Automotive Systems LLC

3.  Premises:                                  5936 Ford Court, Suite 400, Brighton, Michigan
                                               7,600 square feet on first floor

4.  Commencement Date:                         March 1, 2006

5.  Expiration Date:                           August 31, 2007

6.  Basic Rent:                                No charge for basic rent

7.  Common Area Expense, Taxes,                There is no charge for common area maintenance
    Utilities And Insurance:                   expense, taxes, or utilities.  Tenant is required to
                                               insure the Premises.

8.  Permitted Use:                             Warehouse

9.  Extension Option:                          None