IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                  :

In re                      :    Chapter 11
                  :

DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                  :

           Debtors.    :    (Jointly Administered)
                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

     I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants, LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

     On April 13, 2006, I caused to be served the documents listed below (i) upon the parties listed on Exhibit A hereto via facsimile and (ii) upon the parties listed on Exhibit B hereto via overnight delivery:

1) Notice of Rejection of Unexpired Leases and Abandonment of Personal Property (Docket No. 3222) [a copy of which is attached hereto as Exhibit C]

2) Notice of Intention to Enter Into or Renew Real Property Lease (Northfield Crossing, Troy, Michigan Lease) (Docket No. 3223) [a copy of which is attached hereto as Exhibit D]

     On April 13, 2006, I caused to be served the document listed below upon the parties listed on Exhibit E hereto via overnight delivery:

3) Notice of Rejection of Unexpired Leases and Abandonment of Personal Property (Docket No. 3222) [a copy of which is attached hereto as Exhibit C]

     On April 13, 2006, I caused to be served the document listed below upon the parties listed on Exhibit F hereto via overnight delivery:

4) Notice of Intention to Enter Into or Renew Real Property Lease (Northfield Crossing, Troy, Michigan Lease) (Docket No. 3223) [a copy of which is attached hereto as Exhibit D]

Dated: April 21, 2006

_/s/ Evan Gershbein_

Evan Gershbein

Subscribed and sworn to (or affirmed) before me on this 21st day of April, 2006, by Evan Gershbein, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature : _/s/ Sarah Elizabeth Frankel_

Commission Expires: _12/23/08_

# EXHIBIT A

Delphi Corporation
Special Parties

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Davis Polk & Wardwell | Donald Bernstein | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 | 212-450-3092 | donald.bernstein@dpw.com | Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.fmaher@chase.com richard.duker@jpmorgan.com gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | UCC Professional |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Prepetition Administrative Agent |
| United States Trustee | Deirdre A. Martini | 33 Whitehall Street | Suite 2100 | New York | NY | 10004 | 212-510-0500 | 212-668-2256 | deirdre.martini@usdoj.gov (Do not use for service) | United States Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/14/2006 4:43 PM
Lease Notice Special Parties

# EXHIBIT B

Delphi Corporation
Special Parties

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| United States Trustee | Alicia M. Leonard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | United States Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/14/2006 4:43 PM
Lease Notice Special Parties

# EXHIBIT C

**Rejection Date:  April 30, 2006
Objection Deadline:  April 29,
2006**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No.  05–44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF REJECTION OF UNEXPIRED LEASES AND
ABANDONMENT OF PERSONAL PROPERTY

1.      ORDER APPROVING REJECTION OF LEASES

PLEASE TAKE NOTICE that on January 6, 2006, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an Order Under 11 U.S.C. §§  365(a) And 554 And Fed. R. Bankr. P. 6006 Approving Procedures For Rejecting Unexpired Real Property Leases And Authorizing Debtors To Abandon Certain Furniture, Fixtures, And Equipment (the "Order," a copy of which is attached hereto as Exhibit 1).  The Order authorized the above-captioned debtors and debtors-in-possession (the "Debtors") to reject the following unexpired real property leases (the "Lease") and abandon the furniture, fixtures, and equipment owned by the Debtors (the "Expendable Property") without further Court approval:

Location of Lease and Expendable Property:

**7601 East 88th Place, Indianapolis, Indiana**

2.      LEASE REJECTION DATE

PLEASE TAKE FURTHER NOTICE that the rejection of the Lease shall become effective on April 30, 2006 (the "Rejection Date") unless an objection to the rejection is served in the manner described herein.

3.    <u>EXPENDABLE PROPERTY</u>

PLEASE TAKE FURTHER NOTICE that the Debtors will have until the later of the Rejection Date or the date provided in each Lease to remove Expendable Property from the leased premises.  To the extent any Expendable Property remains in the leased premises after the Rejection Date or such later date as provided for in the Lease, the Expendable Property will be deemed abandoned to the lessor of the Lease (the "Lessor"). The Lessor will be entitled to remove or dispose of such property in its sole discretion without liability to any party which might claim an interest in the Expendable Property and which was served with a copy of the Rejection Notice.

PLEASE TAKE FURTHER NOTICE that any expense incurred by the Lessor in the removal or disposal of Expendable Property will not be treated as an administrative expense under section 503(b)(1) of the Bankruptcy Code.

4.    <u>OBJECTIONS</u>

PLEASE TAKE FURTHER NOTICE that objections, if any, to rejection of the Lease or abandonment of Expendable Property (a) must be in writing and (b) must be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr. and Ron E. Meisler), (iii) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n:  Kenneth S. Ziman), (iv) counsel for the agent under the Debtors' postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n:  Donald S. Bernstein and Marlane Melican), (v) counsel for the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Mark A. Broude), and (vi) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M. Leonhard), in each case so as to be received **on or before April 29, 2006**.

5.    <u>RENT</u>

PLEASE TAKE FURTHER NOTICE that the Debtors will pay rent on a per diem basis for those days during the month prior to and including the Rejection Date of the Lease.

6.    <u>SETOFF</u>

PLEASE TAKE FURTHER NOTICE that if Delphi Corporation or any Debtor has deposited monies with the Lessor as a security or other kind of deposit or pursuant to another similar arrangement, the Lessor will not be permitted to set off or otherwise use

the monies from such deposit or other arrangement without the prior order of the Court unless such amounts can be set off pursuant to paragraph 18 of the Order Under 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), And 364(e) And Fed. R. Bankr. P. 2002, 4001, And 9014 (I) Authorizing Debtors To Obtain Postpetition Financing, (II) To Utilize Cash Collateral, And (III) Granting Adequate Protection To Prepetition Secured Parties (Docket No. 797).

7.    <u>DEADLINE TO FILE PROOFS OF CLAIM</u>

PLEASE TAKE FURTHER NOTICE that if the Lease is rejected, parties will have until the later of: (a) July 31, 2006 (the general bar date established in these cases for filing prepetition general unsecured claims) pursuant to Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) or (b) 30 days from the Rejection Date to file a proof of claim for damages arising from such rejection of the Lease.  Any claims not timely filed will be forever barred.

Dated: New York, New York
         April 13, 2006

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP

By:    /s/ John Wm. Butler, Jr.
       John Wm. Butler, Jr. (JB 4711)
       John K. Lyons (JL 4951)
       Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By:    /s/ Kayalyn A. Marafioti
       Kayalyn A. Marafioti (KM 9632)
       Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, <u>et al.</u>,
   Debtors and Debtors-in-Possession

Exhibit 1 - Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                       :
      In re                    :     Chapter 11
                       :
  DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                       :
             Debtors.   :     (Jointly Administered)
                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. §§ 365(a) AND 554 AND
FED. R. BANKR. P. 6006 APPROVING PROCEDURES FOR
REJECTING UNEXPIRED REAL PROPERTY LEASES AND AUTHORIZING
DEBTORS TO ABANDON CERTAIN FURNITURE, FIXTURE, AND EQUIPMENT

("LEASE REJECTION PROCEDURES ORDER")

        Upon the motion, dated December 16, 2005 (the "Motion"), of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§

365(a) and 554 and Fed. R. Bankr. P. 6006 approving procedures for rejecting unexpired

nonresidential real property leases and subleases (the "Leases") and authorizing the Debtors to

abandon certain furniture, fixtures, and equipment (the "Expendable Property") without further court

approval; and upon the record of the hearing held on the Motion; and this Court having determined

that the relief requested in the Motion is in the best interests of the Debtors, their estates, their

creditors, and other parties-in-interest; and this Court having found that the only objection filed

against the Motion was the Objection of Orix Warren, LLC To Motion For Order Under 11 U.S.C.

§§ 365(a) And 554 And Fed. R. Bankr. P. 6006 Approving Procedures For Rejecting Unexpired

Real Property Leases And Authorizing Debtors To Abandon Certain Furniture, Fixtures, And

Equipment (Docket No. 1659) which objection was subsequently resolved pursuant to the terms of

this Order; and it appearing that proper and adequate notice of the Motion has been given and that no

other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    Subject to the provisions of this Order, the Debtors are hereby authorized but

not directed to reject any or all of the Leases and to abandon the Expendable Property without

further Court approval.

3.    The form of notice attached hereto as <u>Exhibit A</u> (the "Rejection Notice") is

hereby approved.

4.    The rejection of a Lease, if any, shall become effective as of ten calendar days

(excluding Saturdays and Sundays) following the issuance by the Debtors of a Rejection Notice

(the "Rejection Date").

5.    The Debtors shall serve the Rejection Notice by e-mail, facsimile, overnight

delivery, or hand delivery, along with a copy of this Order, on (a) the lessor under the particular

Lease (each, a "Lessor") to be rejected (and, to the extent that the Debtor is the sublessor, on the

sublessee), (b) any additional parties entitled to notice pursuant to the terms of the rejected

Leases, (c) all parties known to the Debtors as having a direct interest in any Expendable

Property proposed to be abandoned, (d) the Office of the United States Trustee for the Southern

District of New York, (e) counsel for the Official Committee of Unsecured Creditors, (f) counsel

for the agent under the Debtors' prepetition credit facility, and (g) counsel for the agent under the

Debtors' postpetition credit facility.

2

6.   The rejection of the Lease and abandonment of Expendable Property shall become effective on the Rejection Date without further Court order unless an objection (the "Objection") thereto and request for hearing is sent so as to be <u>received</u> by the Debtors and their undersigned counsel within the ten-day period referenced in paragraph 4 hereof.  In the event that a proper and timely Objection is served in accordance with this paragraph, and the Debtors and the objecting party are not able to reach a consensual resolution of the Objection, the Debtors shall schedule a hearing on the Objection with this Court and provide notice of the hearing to the objecting party and other parties-in-interest.  In the event that this Court overrules the Objection or the Objection relates only to rejection damages or Expendable Property, such Lease shall still be deemed rejected as of the Rejection Date.

7.   The Debtors shall have until the later of the Rejection Date or the date provided in each Lease to remove property from the leased premises.  To the extent that any Expendable Property remains in the leased premises after the Rejection Date or such later date as provided for in the Lease, the Expendable Property shall be deemed abandoned to the landlord of the Lease, which landlord shall be entitled to remove or dispose of such property in its sole discretion without liability to any party which might claim an interest in the Expendable Property and which was served with a copy of the Rejection Notice.

8.   Unless a party serves an Objection in accordance with the procedures set forth above, any expense incurred by a Lessor in the removal or disposal of Expendable Property shall not be treated as an administrative expense under section 503(b)(1) of the Bankruptcy Code.  If a party properly serves an Objection, then the nature and priority of any claim asserted by such Objection shall be agreed to consensually by the parties or determined by a subsequent order of this Court.  Notwithstanding the foregoing, the Debtors request that the time necessary to resolve

3

any disputes relating to such Expendable Property not alter the effectiveness of the Rejection

Date as stated in the applicable Rejection Notice.

9.   Parties shall have until the later of the general bar date for filing prepetition

general unsecured claims as may be established in these cases or 30 days from the Rejection

Date to file a proof of claim for damages arising from such rejection.  Any claims not timely

filed shall be forever barred.

10. The Debtors shall pay rent on a per diem basis as charges accrue under the

Lease for the month in which the Rejection Date of a Lease occurs.

11. If any Debtor has deposited monies with a Lessor as a security or other kind

of deposit or pursuant to another similar arrangement, such Lessor shall not be permitted to set

off or otherwise use the monies from such deposit or other arrangement without the prior order

of this Court unless such amounts can be set off pursuant to paragraph 18 of the Order Under 11

U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), And 364(e) and Fed. R.

Bankr. P. 2002, 4001, And 9014 (I) Authorizing Debtors To Obtain Postpetition Financing, (II)

To Utilize Cash Collateral, And (III) Granting Adequate Protection to Prepetition Secured

Parties (Docket No. 797).

12. Nothing in this order shall authorize the Debtors to abandon certain leased

equipment which is the subject of the Master Lease dated August 1, 2005 between General

Electric Capital Corporation and Delphi Corporation.

13. Notwithstanding anything in this Order to the contrary: (i) any Notice of

Rejection relating to the Lease ("Warren Lease") for 4551 Research Parkway, Warren, Ohio

("Warren Premises") shall be served upon counsel for Orix Warren, LLC ("Orix") in the time

and manner set forth in Paragraph 5 above; (ii) Debtors shall surrender possession of the Warren

4

Premises on or before the applicable Rejection Date, provided however, that both the Debtors

and Orix reserve all rights with regard to the effective date of rejection if the Debtors do not

surrender possession of the Warren Premises to Orix on or before the proposed applicable

Rejection Date; (iii) Debtors are not and shall not be authorized to remove personalty from the

Warren Premises in violation of the Warren Lease and/or applicable state law; and (iv) both the

Debtors and Orix reserve all rights with regard to any proposal by the Debtors to abandon

personalty at the Warren Premises should the Debtors seek to reject the Warren Lease.

14. This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

15. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the

United States Bankruptcy Court for the Southern District of New York for the service and filing

of a separate memorandum of law is deemed satisfied by the Motion.

Dated:     New York, New York
           January 6, 2006

/s/ Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT D

**Objection Deadline:  April 27, 2006**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, <u>et al.</u>, | : | Case No.  05–44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>NOTICE OF INTENTION TO ENTER INTO OR RENEW REAL PROPERTY LEASE</u>
**(Northfield Crossing, Troy, Michigan Lease)**

1.    <u>ORDER APPROVING ENTERING INTO NEW LEASES</u>

         PLEASE TAKE NOTICE that on January 6, 2006, the United States Bankruptcy Court for the Southern District of New York entered an Order Under 11 U.S.C. §§ 363, 1107, And 1108 Approving Procedures To Enter Into Or Renew Real Property Leases Without Further Court Approval (the "Order," a copy of which is attached hereto as Exhibit 1).  The Order authorized the above-captioned debtors and debtors-in-possession (the "Debtors") to enter into the following real property lease (the "Lease") upon notice to the Notice Parties (as defined in the Order) without further Court approval:

                   Location of Lease:

                   **Northfield Crossing**
                   **1441 Long Lake Road**
                   **Troy, Michigan**

2.    <u>LEASE EFFECTIVE DATE</u>

         PLEASE TAKE FURTHER NOTICE that the Debtors intend to enter into the Lease on or after April 28, 2006, unless an objection is served in the manner described in the Order.

3. <u>LESSOR</u>

Wells Operating Partnership, LP

PLEASE TAKE FURTHER NOTICE that the Lessor under the Lease is not an "insider" as defined in 11 U.S.C. §101(31).

4. <u>DESCRIPTION OF LEASE TERMS</u>

PLEASE TAKE FURTHER NOTICE that a description of the terms of the Lease is attached hereto as Exhibit 2.

Dated: New York, New York
        April 13, 2006

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:  /s/ John Wm. Butler, Jr.
        John Wm. Butler, Jr. (JB 4711)
        John K. Lyons (JL 4951)
        Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

        - and -

By:  /s/ Kayalyn A. Marafioti
        Kayalyn A. Marafioti (KM 9632)
        Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, <u>et al.</u>,
        Debtors and Debtors-in-Possession

2

<u>Exhibit 1 - Order</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                  :
    In re                     :     Chapter 11
                  :
DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)
                  :
             Debtors.     :     (Jointly Administered)
                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. §§ 363, 1107, AND 1108 APPROVING
PROCEDURES TO ENTER INTO OR RENEW REAL PROPERTY
LEASES WITHOUT FURTHER COURT APPROVAL

("LEASE PROCEDURES ORDER")

Upon the motion, dated December 16, 2005 (the "Motion"), of Delphi Corporation

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§

365, 1107, and 1108 approving procedures to enter into new or renew existing non-residential leases

or subleases of real property (the "Leases") without further Court approval; and upon the record of

the hearing held on the Motion; and this Court having determined that the relief requested in the

Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-

interest; and it appearing that proper and adequate notice of the Motion has been given and that no

other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.   The Motion is GRANTED as provided herein.

2.    The Debtors are hereby authorized but not directed to enter into or renew the Leases without further Court approval, subject to the procedures set forth below.

3.    For a Lease with average Lease obligations of $200,000 or less per annum or Lease obligations of $1 million or less in the aggregate (a "De Minimis Lease"), the Debtors shall be authorized but not directed to enter into or renew a De Minimis Lease without further Bankruptcy Court approval.  The Debtors, however, shall use reasonable efforts to provide notice of the terms of any De Minimis Lease it intends to enter into to counsel for the Official Committee of Unsecured Creditors prior to entering into such De Minimis Lease.  In the event Debtors are unable to provide such notice to counsel for the Official Committee of Unsecured Creditors prior to entering into a De Minimis Lease, Debtors shall provide such notice after the Debtors enter into the De Minimis Lease.  Notwithstanding the foregoing, if a lessor under a De Minimis Lease is an "insider" as defined in section 101(31) of the Bankruptcy Code, the Debtors shall comply with the procedures set forth in paragraph 4 herein.

4.    For a Lease with average lease obligations of $200,001 or more per annum or Lease obligations in excess of $1 million up to and including $5 million in the aggregate, the Debtors shall give notice of their intention to enter into or renew such Lease (the "Lease Notice") to (a) the Office of the United States Trustee for the Southern District of New York, (b) counsel for the Official Committee of Unsecured Creditors, (c) counsel for the agent under the Debtors' prepetition credit facility, and (d) counsel for the agent under the Debtors' post-petition facility (collectively, the "Notice Parties").  The Debtors shall serve the Lease Notice by facsimile, overnight delivery, or hand delivery.  The Lease Notice shall include the following information: (a) the proposed Lease to be entered into or renewed, (b) the identity of the lessor (including a statement as to whether the proposed lessor is an "insider" as defined in section 101(31) of the

2

Bankruptcy Code), and (c) a description of the terms of the proposed Lease.  The Notice Parties

shall have ten business days following initial receipt of the Lease Notice to object to or request

additional time to evaluate the proposed Lease.  If counsel to the Debtors receives no written

objection or written request for additional time prior to the expiration of such ten business day

period, the Debtors shall be authorized to enter into or renew the Lease.  If a Notice Party objects

to the proposed Lease within ten business days after the Lease Notice is received, the Debtors

and such objecting Notice Party shall meet and confer in an attempt to negotiate a consensual

resolution.  Should either party determine that an impasse exists, then the Debtors shall move the

Bankruptcy Court for authority to enter into or renew the Lease, as the case may be, upon notice

to the objecting party and other parties-in-interest in accordance with the Court's Case

Management Order entered on October 14, 2005 ("Case Management Order").

      5.    For a Lease with Lease obligations in excess of $5 million in the aggregate,

the Debtors will be authorized to enter into the Lease only after obtaining Bankruptcy Court

approval of the proposed Lease after notice and a hearing.

      6.    This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

      7.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the

United States Bankruptcy Court for the Southern District of New York for the service and filing

of a separate memorandum of law is deemed satisfied by the Motion.

Dated:    New York, New York
        January 6, 2006

            /s/ Robert D. Drain
            UNITED STATES BANKRUPTCY JUDGE

<u>Exhibit 2 - Lease Extension Terms</u>

1. Landlord:                               Wells Operating Partnership, LP
                                          6200 The Corners Parkway
                                          Norcross, Georgia 30092-3365

2. Tenant:                                 Delphi Automotive Systems LLC

3. Premises:                               Entire building containing approximately 107,152
                                          square feet known as Northfield Crossing and
                                          located at 1441 Long Lake Road, Troy, Michigan

4. Commencement Date:                      Extension option beginning May 1, 2007

5. Expiration Date:                        April 30, 2012

6. Monthly Net Rent:                       Pursuant to the terms of the extension option
                                          provided for in the lease, the rent during the
                                          extension option is to equal 95% of the Fair Market
                                          Rate for the Premises.  Should a dispute about the
                                          Fair Market Rate occur, the parties will submit the
                                          issue to an Appraisal Procedure outlined under the
                                          current Lease.

                                          Note: the current monthly base rent is $176,354
                                          (increases to $180,819 on May 1, 2006); current
                                          monthly parking rent (88 underground spaces at $75
                                          per month per space) is $6,600.

7. Common Area Expense, Taxes,
   And Utilities:                          Tenant is responsible for all property taxes, utilities,
                                          and maintenance of the building and property.

8. Permitted Use:                          General office purposes

9. Extension Option:                       One additional period of five (5) years at 95% of the
                                          Fair Market Rate at the time of renewal.

# EXHIBIT E

Delphi Corporation
Special Parties

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP |
|---|---|---|---|---|---|---|
| Universal Tool and Engineering, Inc. | | 7601 East 88th Place | | Indianapolis | IN | 45256 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/14/2006 4:42 PM
Notice of Rejection Special Party

# EXHIBIT F

Delphi Corporation
Special Parties

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE |
|---|---|---|---|---|---|---|---|
| Wells Operating Partnership, LP | Mr. Doug P. Williams, Executive Vice-President | 6200 The Corners Parkway | | Norcross | GA | 30092-3365 | (770) 243-8441 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/14/2006 4:42 PM
Lease Notice re Northfield Crossing Special Party