UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>DELPHI CORPORATION, et al,<br><br>Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

DECLARATION AND STATEMENT OF MILLEDGE A.HART
IN SUPPORT OF APPLICATION FOR ORDER UNDER
11 U.S.C. §§ 327(a) AND 328 AND FED R. BANKR. P. 2014
AUTHORIZING EMPLOYMENT AND RETENTION OF
PAGEMILL PARTNERS, LLC AS FINANCIAL ADVISOR
TO DEBTORS NUNC PRO TUNC TO MARCH 14, 2006

Milledge A. Hart, under penalty of perjury, declares and says:

1. I am a Managing Director at the financial advisory and investment banking firm of Pagemill Partners, LLC ("Pagemill"), which maintains its principal office at 2475 Hanover Street, Palo Alto, CA 94304. I am authorized to execute this declaration and disclosure statement (this "Declaration") on behalf of Pagemill. I submit this Declaration under sections 327(a) and 328 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the Application For Order (the "Order") Under 11 U.S.C. §§ 327(a) And 328 (I) Authorizing Employment And Retention of Pagemill Partners, LLC As Financial Advisor and Investment Banker To Debtors And (II) Scheduling A Final Hearing Thereon (the "Application"), filed contemporaneously herewith by Delphi Corporation ("Delphi") and certain of its direct and indirect subsidiaries, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" or "Company"). Except as otherwise indicated, I have personal knowledge of the matters set forth herein and if called as a witness, would testify competently thereto.[1]

---

[1] Certain of the disclosures herein relate to matters within the knowledge of other professionals at Pagemill and are based on information provided by them.

1

## Qualifications Of Professionals

2. Pagemill, a technology focused investment bank located in Silicon Valley, is a member of the National Association of Securities Dealers and the Securities Investor Protection Corporation. Pagemill provides financial advisory services including mergers & acquisitions, divestitures, private placements and specialized financial services. The firm services both public and private companies, focusing on emerging and middle market transactions.

3. Pagemill and its professionals have extensive transaction experience with over 200 transactions closed by its managing directors. Pagemill leverages its strong relationships with top tier venture capital, private equity and law firms to maintain its strong deal flow.

## Services To Be Rendered

4. If the Application is approved, Pagemill will provide financial advisory and investment banking services to the Debtors, as contemplated by, and in accordance with the terms of, the Engagement Letter.

## Professional Compensation

5. To the best of my knowledge, the Debtors do not owe any amounts to Pagemill in respect of prepetition fees and expenses.

6. Pagemill respectfully refers interested parties to the Engagement Letter for a full recitation of the proposed terms of Pagemill's compensation. In summary, if the Application is approved, Pagemill will be entitled to receive the following fees in cash:

    (e)      A $40,000 non-refundable engagement fee shall be due and payable by the Company upon approval of the Pagemill retention application.

    (g)      In the case of the sale of MobileAria, Inc. (the "Transaction") for which Company is seeking to have Pagemill approved as the Company's primary advisor and investment banker, a fee (the "Success Fee") equal to $300,000 plus the product of (i) the Aggregate Consideration times (ii) the applicable Success Fee Percentage, each as specified in the Engagement Letter, which Success Fee shall be due and payable in cash at the closing of such M&A Transaction.

7.   The Company and Pagemill acknowledge and agree that (a) the hours worked, (b) the results achieved, and (c) the ultimate benefit to the Company of the work performed, in each case, in connection with this engagement may be variable, and the Company and Pagemill have taken such factors into account in setting the fees under the Engagement Letter; provided, however, that with respect to the hours worked, Pagemill shall devote whatever resources as are required to fulfill the purposes of this engagement on a timely basis.

8.   In the event that this Court approves the retention of Pagemill by the Company, (a) Pagemill's fees and expenses shall be subject to (i) the jurisdiction and approval of this Court under section 328(a) of the Bankruptcy Code and the Order, (ii) any applicable fee and expense guideline orders, and (iii) any requirements governing interim and final fee applications, and (b) the Company shall pay all fees and expenses of Pagemill under the Engagement Letter as promptly as practicable in accordance with the terms thereof and the orders of this Court governing interim and final fee applications, and after obtaining all necessary further approvals from this Court, if any.

9.   Pagemill intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, as those procedures may be modified or supplemented by order of this Court. Consistent with its ordinary practice and the practice of financial advisors in other chapter 11 cases whose fee arrangements are typically not hours-based, Pagemill ordinarily does not maintain contemporaneous time records or conform to or provide a schedule of hourly rates for its professionals. Therefore, Pagemill requests that it be excused from compliance with such requirements.

<u>Disinterestedness</u>

10.   In connection with the preparation of this Declaration, Pagemill reviewed the list of parties-in-interest that Pagemill received from the Debtors (the "Interested Parties"), a copy of which is attached hereto as <u>Exhibit 2</u>.

11.   To the best of my knowledge, Pagemill has not represented the entities listed on <u>Exhibit 2</u> in connection with matters relating to the Debtors, their estates, assets, or businesses and will not represent

3

other entities which are creditors of, or have other relationships with, the Debtors in matters relating to the Debtors, their estates, assets, or businesses.

12. Attached hereto as <u>Exhibit 3</u> is a list of the Interested Parties with which Pagemill has identified certain dealings unrelated to this engagement. To the best of my knowledge, none of the connections with the entities listed on <u>Exhibit 3</u> accounts for more than 1% of Pagemill's gross annual revenues.

13. To the best of my knowledge, neither Pagemill, I, nor any other employee of Pagemill that will work on this engagement has any connection with or holds any interest adverse to the Debtors, their estates, or the Interested Parties in the matters on which Pagemill is proposed to be retained.

14. To the best of my knowledge, Pagemill has not been retained to assist any entity or person other than the Debtors on matters relating to these chapter 11 cases. If Pagemill's proposed retention by the Debtors is approved by this Court, Pagemill will not accept any engagement or perform any service for any entity or person other than the Debtors in these chapter 11 cases. Pagemill will, however, continue to provide professional services to entities or persons that may be creditors or equity security holders of the Debtors or Interested Parties in these chapter 11 cases, provided, however, that such services do not relate to, or have any direct connection with, these chapter 11 cases or the Debtors.

15. Based on the results of the conflicts search conducted to date and described more fully herein, to the best of my knowledge, neither I, Pagemill, nor any officer or employee thereof who will work on this engagement, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors, other parties-in-interest (as reasonably known to Pagemill), their respective attorneys, the Office of the United States Trustee for the Southern District of New York or any person employed by such office with respect to the matters upon which Pagemill is to be engaged, and Pagemill does not, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, hold or represent any interest adverse to the Debtors, their estates, or any class of creditors or equity interest holders, except as set forth herein.

16. To the best of my knowledge, Pagemill is a "disinterested person" pursuant to sections 101(14) and 327(a) of the Bankruptcy Code, in that its officers and employees:

4

(a)  are not creditors, equity security holders, or insiders of the Debtors;

(b)  are not and were not investment bankers for any outstanding security of the Debtors;

(c)  have not been, within three years before the date of the filing of the Debtors' chapter 11 petitions, (i) investment bankers for a security of the Debtors, (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors; and

(d)  were not, within two years before the date of filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors or of any investment banker as specified in subparagraph (b) or (c) of this paragraph.

17.  No promises have been received by Pagemill, nor any employee thereof, as to compensation or payment in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code and the Bankruptcy Rules. Further, Pagemill has no agreement with any other entity to share with such entity any compensation received by Pagemill in connection with these chapter 11 cases, except as permitted under section 504 of the Bankruptcy Code.

18.  If any new relevant facts or relationships are discovered or arise during the pendency of these chapter 11 cases, Pagemill will use reasonable efforts to identify such further developments and will, if appropriate, promptly file a supplemental declaration as required by Bankruptcy Rule 2014(a).

Pursuant to section 1746 of title 28 of the United States Code, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of March, 2006, at New York, New York.

_____
Milledge A. Hart
Managing Director

5

# EXHIBIT 3

Hitachi Ltd – Hitachi Telecom