# DELPHI

February 21, 2006

Warren R Graham, Esq
Tal-Port Industries, LLC
Davidoff Malito & Hutcher LLP
605 Third Avenue
New York, NY 10158

      Re:  <u>Delphi Corporation, Case No. 05-44481 (RDD)</u>

Dear Warren R Graham, Esq:

  On November 4, 2005, the United States Bankruptcy Court for the Southern District of New York, entered an amended final order establishing certain procedures for the resolution of reclamation claims (the "Amended Final Order") and on January 5, 2006, the Bankruptcy Court entered an order extending the deadline to send statements of reclamation to all reclamation claimants (the "Extension Order" and together with the Amended Final Order, collectively the "Order") in the chapter 11 reorganization proceedings of Delphi Corporation and certain of its subsidiaries and affiliates (collectively, "Delphi" or the "Debtors"). A copy of the Amended Final Order and the Extension Order are enclosed herewith.

  The Order requires the Debtors to tender a "Statement of Reclamation" in response to each Reclamation Demand that the Debtors have received. This letter, together with the enclosures, constitute the Debtors' Statement of Reclamation with respect to the Reclamation Demand(s) submitted by Tal-Port Industries, LLC (the "Demand"). We have identified your Demand as Reclamation Claim No 804.

  The Debtors have reviewed the Demand and reconciled the Demand with their books and records. Based upon this review and reconciliation, the Debtors have summarized, in the enclosed reclamation analysis, certain invoice, shipment, and related detail concerning the Demand. In accordance with paragraph 2, section (b)(ii) of the Order, the analysis sets forth the extent and basis upon which the Debtors believe that the Demand may or may not be legally valid (subject to assertion of certain defenses as indicated below, which if asserted, could result in the reduction or disallowance of the reclamation claim) (the "Reconciled Reclamation Claim") by indicating whether the Demand was received within the periods allowed by law; whether goods subject to the Demand have been paid for; and whether there are other deductions or disputes asserted by the Debtors.

Tal-Port Industries, LLC
February 21, 2006
Page 2

Reconciled Amount $25,650.68

    Based on the foregoing, the Debtors have identified in the attached analysis a potential reclamation claim amount that the Debtors propose as valid, subject to assertion of the reserved defenses listed below. Specifically, the Debtors assert that the valid amount of the Reconciled Reclamation Claim is no greater than $25,650.68 but subject to reduction or disallowance by the defenses listed below (the "Reconciled Amount"). If ultimately allowed following the resolution of the defenses set forth below, the allowed amount of your reclamation claim will be deemed an administrative expense claim in these chapter 11 cases. Moreover, your claim, even after allowance, if ever, may be reduced by any payments or credits you receive from the Debtors on account of the goods that are the subject of the Demand.[1]

    This proposal, including all material enclosed herewith, is being sent to you in the context of settlement discussions and therefore is not admissible in any court proceeding regarding the Demand. In addition, in accordance with paragraph 2, section (b)(ii) of the Order, the Debtors reserve their right to seek, at any time and notwithstanding your agreement to the Reconciled Amount, a judicial determination that the following reserved defenses to the Demand are valid (the "Reserved Defenses"), and your acknowledgment of the Reconciled Amount constitutes your agreement that the Reconciled Amount may be reduced or disallowed in accordance with any judicial determination concerning these Reserved Defenses:

  (i)  The Debtors do not concede that they were insolvent on the date they received the goods or, even assuming the Debtors were insolvent, you knew of the Debtors' financial condition before the Debtors received the goods.

  (ii)  The goods and/or the proceeds from the sale of the goods are or were subject to a valid security interest.

  (iii)  You are not a proper party to make the Demand.

  (iv)  The Debtors have already paid for or returned some or all of the goods, or intend to satisfy all or a portion of the Demand in cash or by returning goods.

  (v)  You, or any of your subsidiaries or affiliates, have waived your right to any reclamation claim or waived your right to assert the Demand.

---

[1] The Debtors reserve all their rights and remedies, in law and in equity, to collect or pursue all prepetition credits outstanding, including, without limitation, to setoff such amounts against the allowed amount, if any, of your reclamation claim.

Tal-Port Industries, LLC
February 21, 2006
Page 3

Reconciled Amount $25,650.68

    (vi)    You, or any of your subsidiaries or affiliates, have been paid on account of your reclamation claim pursuant to an unrelated order of the Bankruptcy Court and/or you have otherwise waived your right to any reclamation claim in connection therewith.

The Debtors may seek a determination of any of the foregoing Reserved Defenses at any time. Moreover, the Official Committee of Unsecured Creditors (the "Creditors Committee") reserves its right to raise any of the Reserved Defenses prior to the final allowance of your reclamation claim. If the Debtors seek such a judicial determination or the Creditors' Committee raises a Reserved Defense, you will be entitled to raise any rights asserted in the Demand in connection with the determination.

The offer stated herein will remain open through April 24, 2006 (the "Reconciliation Deadline"). If you agree with the Reconciled Amount and the other terms of this Statement of Reclamation, please sign this Statement where indicated and return it to the persons identified immediately below by the Reconciliation Deadline. If you disagree with the Statement of Reclamation, you must sign this Statement where indicated and return it to the persons identified immediately below by the Reconciliation Deadline and you must also provide the information required by paragraph 2, section (b)(iv) of the Order by the Reconciliation Deadline. You must send a signed Statement of Reclamation to the following:

    Christina Cattell
    Re: Delphi Reclamations
    Mail Code # 483-400-216
    5725 Delphi Drive
    Troy, MI 48098
    Fax: 248-813-6813

    - with copies to -

    Matthew J. Micheli
    Re: Delphi Reclamations
    Skadden, Arps, Slate, Meagher & Flom LLP
    333 West Wacker Drive, Suite 2100
    Chicago, IL 60606
    Fax: 312-407-0411

In accordance with paragraph 2, section (b)(vi) of the Order, your failure to return a signed copy of this Statement by the Reconciliation Deadline or your failure to indicate assent or dissent on a copy of this Statement returned by the Reconciliation Deadline will be deemed an acceptance of the proposal set forth in this Statement.

Nothing in this proposal is intended, nor shall be construed, as a waiver of any of the Debtors' rights with respect to any reclamation claim or demand. In addition,

3

Tal-Port Industries, LLC
February 21, 2006
Page 4

Reconciled Amount $25,650.68

nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest or raise any defense or counterclaim in law or in equity, to any reclamation claim or other demand for reclamation. Moreover, nothing herein shall waive, impair or affect the rights and defenses, if any, of any parties in interest with regard to your Reclamation Claim.

If you have any questions, please send them via email to reclamations@delphi.com or call 248-813-2581.

Very truly yours,

/s/ Christina J. Cattell

Enclosures
cc: John D. Sheehan

4

Tal-Port Industries, LLC
February 21, 2006
Page 5

Reconciled Amount $25,650.68

## AGREEMENT

In accordance with paragraph 2, section (b)(iii) of the Order, Tal-Port Industries, LLC agrees to the terms of this Statement.

Tal-Port Industries, LLC

By: _____        Dated: _____
         (signature)

_____
(print or type name)

_____
(print or type title)

## DISAGREEMENT

In accordance with paragraph 2, section (b)(iv) of the Order, Tal-Port Industries, LLC disputes the terms of this Statement and encloses the information required by paragraph 2, section (b)(iv) of the Order.

Tal-Port Industries, LLC

By: _____        Dated: _____
         (signature)

_____
(print or type name)

_____
(print or type title)

Tal-Port Industries, LLC
February 21, 2006
Page 5

Reconciled Amount $25,650.68

## AGREEMENT

    In accordance with paragraph 2, section (b)(iii) of the Order, Tal-Port Industries, LLC agrees to the terms of this Statement.

Tal-Port Industries, LLC

By: _____    Dated: _____
    (signature)

_____
(print or type name)

_____
(print or type title)

## DISAGREEMENT

    In accordance with paragraph 2, section (b)(iv) of the Order, Tal-Port Industries, LLC disputes the terms of this Statement and encloses the information required by paragraph 2, section (b)(iv) of the Order.

Tal-Port Industries, LLC

By: /s/ Richard Montague    Dated: 4-24-06
    (signature)

RICHARD MONTAGUE
(print or type name)

ATTORNEY
(print or type title)

5

Tai-Port Industries, LLC

| Number | Invoice Number | Shipment ID | Invoice Date | Material Number | Invoice Qty | Invoice Extended Amount | Is the claim an original or Duplicate | Vendor Claim Contains proper Documentation | Is the Claim within the allowed Date Range | Was the receipt Post-Petition | Valid Inventory (units) | Valid Inventory ($) | Has it been paid | Valid Claim ($) | Status of the Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 260028 | 101102 | D151/6900 | 08/26/05 | 12191276 | 71,280 | $ 42,839.28 | Original | Yes | Yes | | 42,240 | $ 25,386.24 | No | $ 25,386.24 | Valid Claim |
| 260028 | 101103 | D151/3049 | 08/26/05 | 12191276 | 5,940 | $ 3,574.10 | Original | No | Yes | | | | No | $ - | Does not pass all tests |
| 260028 | 101104 | D151/3700 | 08/26/05 | 12191276 | 220 | $ 132.22 | Original | Yes | Yes | | 220 | $ 132.22 | No | $ 132.22 | Valid Claim |
| 260028 | 101105 | D151/3900 | 08/26/05 | 12191276 | 220 | $ 132.22 | Original | Yes | No | | 220 | $ 132.22 | No | $ 132.22 | Does not pass all tests |
| 260023 | 101122 | D152/3049 | 08/28/05 | 12191275 | 2,640 | $ 1,588.49 | Original | No | | Yes | | | Yes | $ - | Does not pass all tests |
| 260023 | 101124 | D152/5800 | 08/28/05 | 12191275 | 47,520 | $ 28,658.62 | Original | Yes | No | Yes | | | | | Does not pass all tests Lines=7 |
| ries, LLC Totals | | | | | | $ 76,958.05 | | | | | | $25,650.68 | | $25,650.68 | |
| $25,650.68 | | | | | | | | | | | | | | | |

Page 1

Claim 804

| | A | B | C | D | |
|---|---|---|---|---|---|
| | Claim Reference | Vendor Name (as displayed on Claim) | Delphi Division | Claim Post Marked Date | PO |
| 1 | | | | | |
| 2 | 804 | Tai-Port Industries, LLC | Packard | 10/14/05 | PS |
| 3 | 804 | Tai-Port Industries, LLC | Packard | 10/14/05 | PS |
| 4 | 804 | Tai-Port Industries, LLC | Packard | 10/14/05 | PS |
| 5 | 804 | Tai-Port Industries, LLC | Packard | 10/14/05 | PS |
| 6 | 804 | Tai-Port Industries, LLC | Packard | 10/14/05 | PS |
| 7 | 804 | Tai-Port Industries, LLC | Packard | 10/14/05 | PS |
| 8 | 804 | Tai-Port Industries, LLC | Packard | 10/14/05 | PS |
| 9 | | | | Tai-Port Indust | |
| 10 | Note: Supplier Attorneys power sheet states total of $75,462.04, back up documentation set | | | | |