IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
      In re                           :    Chapter 11
                                      :
DELPHI CORPORATION, et al.,           :    Case No. 05-44481 (RDD)
                                      :
                          Debtors.    :    (Jointly Administered)
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

AFFIDAVIT OF SERVICE

I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants, LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

On April 20, 2006, I caused to be served the documents listed below (i) upon the parties listed on Exhibit A hereto via overnight delivery, (ii) upon the parties listed on Exhibit B hereto via electronic notification, and (iii) upon the parties listed on Exhibit C hereto via postage pre-paid U.S. mail:

1) Third Supplemental Order Under 11 U.S.C. 102(1) AND 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Hearing Dates and Certain Notice, Case Management, and Administrative Procedures (Docket No. 3293) [a copy of which is attached hereto as Exhibit D]

2) Supplemental Application for Order Under 11 U.S.C. Sec 327(A), 328(A), And 1107(B) Authorizing (I) Employment and Retention of KPMG LLP as Advisory and Valuation Advisors to Debtors, Effective Nunc Pro Tunc to February 16, 2006, (II) Continued Retention of KPMG LLP as Tax Advisors to Debtors, Effective Nunc Pro Tunc to January 1, 2006, and (III) Additional International Executive Tax Services to be Rendered by KPMG LLP to Debtors Effective Nunc Pro Tunc to January 18, 2006 (Docket No. 3307) [a copy of which is attached hereto as Exhibit E]

3) Notice of Presentment of Order Under 11 U.S.C. Sec 327(A), 328(A), and 1107(B) Authorizing (I) Employment and Retention of KPMG LLP as Advisory and Valuation Advisors to Debtors, Effective Nunc Pro Tunc to February 16, 2006, (II) Continued Retention of KPMG LLP as Tax Advisors to Debtors, Effective Nunc Pro Tunc to January 1, 2006, and (III) Additional International Executive Tax Services to be Rendered by KPMG LLP to Debtors Effective Nunc Pro Tunc to January 18, 2006; and [Proposed] Order Under 11 U.S.C. §§ 327(a), 328(a), and 1107(b) Authorizing (I) Employment and Retention of KPMG LLP as Advisory and Valuation Advisors to Debtors, Effective Nunc Pro Tunc to February 16, 2006, (II) Continued Retention of KPMG LLP as Tax Advisors to Debtors, Effective Nunc Pro Tunc to January 1, 2006, and (III) Additional International Executive Tax Services to be

Rendered by KPMG LLP to Debtors Effective Nunc Pro Tunc to January 18, 2006 (Docket No. 3308) [a copy of which is attached hereto as Exhibit F]

Dated: April 24, 2006

_____*/s/ Evan Gershbein*_____
Evan Gershbein

Subscribed and sworn to (or affirmed) before me on this 24th day of April, 2006, by Evan Gershbein, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature : _____*/s/ Sarah Elizabeth Frankel*_____

Commission Expires: ____*12/23/08*____

# EXHIBIT A

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Capital Research and Management Company | Michelle Robson | 11100 Santa Monica Blvd | 15th Floor | Los Angeles | CA | 90025 | 310-996-6140 | 310-996-6091 | mlfr@capgroup.com | Creditor Committee Member |
| Cohen Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5438 | b.simon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel for Flextronics International Inc. |
| Davis Polk & Wardwell | Donald Bernstein | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 | 212-450-3092 | donald.bernstein@dpw.com | Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1720 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | cschiff@flextronics.com | Counsel for Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | paul.anderson@flextronics.com | Counsel for Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel for Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 152 West 57th Street | 35th Floor | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel for Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Internal Revenue Service | Attn: Insolvency Department, Maria Valerio | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-436-1038 | 212-436-1931 | mariaivalerio@irs.gov | IRS |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | 48226 | 313-628-3648 | 313-628-3602 | | Michigan IRS |
| IUE-CWA | Henry Reichard | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | hreichardiuecwa@aol.com | Creditor Committee Member |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.f.maher@chase.com richard.duker@jpmorgan.com gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10019 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | James Le | 12910 Culver Blvd. | Suite I | Los Angeles | CA | 90066 | 310-751-1511 | 310-751-1561 | jle@kccllc.com | Noticing and Claims Agent: |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | UCC Professional |
| Law Debenture Trust of New York | Patrick J. Healy | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 3

4/21/2006 8:50 AM
Delphi Master Service List

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Law Debenture Trust of New York | Daniel R. Fisher | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel for Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel for Recticel North America, Inc. |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel for Movant Retiree and Proposed Counsel for The Official Committee of Retirees |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | 212-682-5015 | lszlezinger@mesirowfinancial.com | UCC Professional |
| Morrison Cohen LLP | Joseph L. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel for Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | ServeAG@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Meyer LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Meyer LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov efile@pbgc.gov | Counsel for Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel for the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel for Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | 2122185526 | rdremluk@seyfarth.com | Counsel for Murata Electroncs North |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Prepetition Administrative Agent |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 3

4/21/2006 8:50 AM
Delphi Master Service List

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel for Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Tyco Electronics Corporation | MaryAnn Brereton, Assistant General Counsel | 60 Columbia Road | | Morristown | NJ | 7960 | 973-656-8365 | 973-656-8805 | | Creditor Committee Member |
| United States Trustee | Alicia M. Leonard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | United States Trustee |
| United States Trustee | Deirdre A. Martini | 33 Whitehall Street | Suite 2100 | New York | NY | 10004 | 212-510-0500 | 212-668-2256 | deirdre.martini@usdoj.gov (Do not use for service) | United States Trustee |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Proposed Conflicts Counsel for the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

4/21/2006 8:50 AM
Delphi Master Service List

# EXHIBIT B

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Capital Research and Management Company | Michelle Robson | 11100 Santa Monica Blvd | 15th Floor | Los Angeles | CA | 90025 | 310-996-6140 | 310-996-6091 | mlfr@capgroup.com | Creditor Committee Member |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel for Flextronics International USA, Inc. |
| Davis Polk & Wardwell | Donald Bernstein | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 | 212-450-3092 | donald.bernstein@dpw.com | Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com  karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | cschiff@flextronics.com | Counsel for Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | paul.anderson@flextronics.com | Counsel for Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel for Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 152 West 57th Street | 35th Floor | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel for Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| IUE-CWA | Henry Reichard | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | hreichardiuecwa@aol.com | Creditor Committee Member |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.f.maher@chase.com  richard.duker@jpmorgan.com  gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | James Le | 12910 Culver Blvd. | Suite I | Los Angeles | CA | 90066 | 310-751-1511 | 310-751-1561 | jle@kccllc.com | Noticing and Claims Agent: |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | UCC Professional |
| Law Debenture Trust of New York | Daniel R. Fisher | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel for Recticel North America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 3

4/21/2006 8:50 AM
Delphi Master Service List

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel for Recticel North America, Inc. |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | 212-682-5015 | lszlezinger@mesirowfinancial.com | UCC Professional |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel for Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | ServeAG@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Meyer LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Meyer LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov efile@pbgc.gov | Counsel for Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel for the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel for Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | 2122185526 | rdremluk@seyfarth.com | Counsel for Murata Electroncs North |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Prepetition Administrative Agent |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 3

4/21/2006 8:50 AM
Delphi Master Service List

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel for Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Proposed Conflicts Counsel for the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin L. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

4/21/2006 8:50 AM
Delphi Master Service List

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | | 610-230-3064 | 310-687-1052 | david.boyle@airgas.com | Counsel for Airgas, Inc. |
| Ajamie LLP | Thomas A. Ajamie | 711 Louisiana | Suite 2150 | Houston | TX | 77002 | | 713-860-1600 | 713-860-1699 | tajamie@ajamie.com | Counsel for SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Akebono Corporation (North America) | Alan Swiech | 34385 Twelve Mile Road | | Farminton Hills | MI | 48331 | | 248-489-7406 | 866-609-0888 | aswiech@akebono-usa.com | Vice President of Administration for Akebono Corporation |
| Akin Gump Strauss Hauer & Feld, LLP | Peter J. Gurfein | 2029 Centure Park East | Suite 2400 | Los Angeles | CA | 90067 | | 310-552-6696 | 310-229-1001 | pgurfein@akingump.com | Counsel for Wamco, Inc. |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | 949-553-8354 | mgreger@allenmatkins.com | Counsel for Kilroy Realty, L.P. |
| Alston & Bird, LLP | Craig E. Freeman | 90 Park Avenue | | New York | NY | 10016 | | 212-210-9400 | 212-922-3891 | craig.freeman@alston.com | Counsel for Cadence Innovation, LLC |
| Alston & Bird, LLP | Dennis J. Connolly; David A. Wender | 1201 West Peachtree Street | | Atlanta | GA | 30309 | | 404-881-7269 | 404-253-8554 | dconnolly@alston.com dwender@alston.com | Counsel for Cadence Innovation, LLC |
| Ambrake Corporation | Ronald L. Jones | 300 Ring Road | | Elizabethtown | KY | 42701 | | 270-765-0208 | 270-234-2395 | rjones@ambrake.com | Representative for Ambrake Corporation |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Andrews Kurth LLP | Gogi Malik | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | gogimalik@andrewskurth.com | Counsel for ITW Mortgage Investments IV, Inc. |
| Andrews Kurth LLP | Monica S. Blacker | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | mblacker@andrewskurth.com | Counsel for ITW Mortgage Investments IV, Inc. |
| Angelo, Gordon & Co. | Leigh Walzer | 245 Park Avenue | 26th Floor | New York | NY | 10167 | | 212-692-8251 | 212-867-6395 | lwalzer@angelogordon.com | |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | 626-577-7764 | mtf@afrct.com | Counsel for Stanley Electric Sales of America, Inc. |
| APS Clearing, Inc. | Andy Leinhoff | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | | 512-314-4416 | 512-314-4462 | aleinoff@amph.com | Counsel for APS Clearing, Inc. |
| APS Clearing, Inc. | Matthew Hamilton | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | | 512-314-4416 | 512-314-4462 | mhamilton@ampn.com | Counsel for APS Clearing, Inc. |
| Arent Fox PLLC | Mitchell D. Cohen | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Cohen.Mitchell@arentfox.com | Counsel for Pullman Bank and Trust Company |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Hirsh.Robert@arentfox.com | Counsel for Pullman Bank and Trust Company |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | 404-873-8121 | dladdin@agg.com | Counsel for Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | 202-942-5999 | joel_gross@aporter.com | Counsel for CSX Transportation, Inc. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | 519-650-6520 | cgalloway@atsautomation.com | Company |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | Kimberly J. Robinson | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | | 312-629-5170 | 312-984-3150 | kim.robinson@bfkpn.com | Counsel for Motion Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | William J. Barrett | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | | 312-629-5170 | 312-984-3150 | william.barrett@bfkpn.com | Counsel for Motion Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | alan.mills@btlaw.com | Counsel for Mays Chemical Company |
| Barnes & Thornburg LLP | John T. Gregg | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3930 | 626-742-3999 | john.gregg@btlaw.com | Counsel to Priority Health; Clarion Corporation of America |
| Barnes & Thornburg LLP | Mark R. Owens | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | mark.owens@btlaw.com | Counsel for Clarion Corporation of America |
| Barnes & Thornburg LLP | Michael K. McCrory | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | michael.mccrory@btlaw.com | Counsel for Gibbs Die Casting Corporation; Clarion Corporation of America |
| Barnes & Thornburg LLP | Patrick E. Mears | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3936 | 616-742-3999 | pmears@btlaw.com | Counsel for Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | wendy.brewer@btlaw.com | Counsel for Gibbs Die Casting Corporation |
| Bartlett Hackett Feinberg P.C. | Frank F. McGinn | 155 Federal Street | 9th Floor | Boston | MA | 02110 | | 617-422-0200 | 617-422-0383 | ffm@bostonbusinesslaw.com | Counsel for Iron Mountain Information Management, Inc. |
| Bernstein Litowitz Berger & Grossman | Eileen McNerney | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1485 | 212-554-1444 | eileen@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | 2125541444 | hannah@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | John P. Coffey | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1409 | 2125541444 | sean@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | | 313-496-1200 | 313-496-1300 | murph@berrymoorman.com | Counsel for Kamax L.P.; Optrex America, Inc. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc. |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Patrick M. Costello, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | pcostello@bbslaw.com | Solectron Corporation; Solectron de Mexico SA de CV; Solectron Invotronics and Coherent, Inc. |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | tgaa@bbslaw.com | Counsel to Veritas Software Corporation |
| Blank Rome LLP | Bonnie Glantz Fatell | Chase Manhattan Centre | 1201 Market Street, Suite 800 | Wilmington | DE | 19801 | | 302-425-6423 | 302-428-5110 | fatell@blankrome.com | Counsel for Special Devices, Inc. |
| Blank Rome LLP | Marc E. Richards | The Chrylser Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | 212-885-5002 | mrichards@blankrome.com | Counsel for DENSO International America, Inc. |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | 313-393-7579 | rmcdowell@bodmanllp.com | Counsel for Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | chill@bsk.com | Counsel for Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | csullivan@bsk.com | Counsel for Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | sdonato@bsk.com | Counsel for Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Bose McKinney & Evans LLP | Jeannette Eisan Hinshaw | 135 N. Pennslyvania Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-684-5296 | 317-684-5173 | jhinshaw@boselaw.com | Counsel for Decatur Plastics Products, Inc. and Eikenberry & Associates, Inc.; Lorentson Manufacturing, Company, Inc.; Lorentson Tooling, Inc.; L & S Tools, Inc.; Hewitt Tool & Die, Inc. |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | amcmullen@bccb.com | Counsel for Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | rjones@bccb.com | Counsel for Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | 856-853-9933 | dludman@brownconnery.com | Counsel for SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | 415-227-0770 | schristianson@buchalter.com | Counsel for Oracle USA, Inc.; Oracle Credit Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 17

4/21/2006 8:50 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-----|-------|------------------|
| Burr & Forman LLP | Michael Leo Hall | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | | (205) 458-5367 | (205) 244-5651 | mhall@burr.com | Counsel to Mercedes-Benz U.S. International, Inc |
| Cage Williams & Abelman, P.C. | Steven E. Abelman | 1433 Seventeenth Street | | Denver | CO | 80202 | | 303-295-0202 | | sabelman@cagewilliams.com | Counsel for United Power, Inc. |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 732-205-6777 | jonathan.greenberg@engelhard.com | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Robert Usadi | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 212-269-5420 | rusadi@cahill.com | Counsel to Engelhard Corporation |
| Calinoff & Katz, LLp | Dorothy H. Marinis-Riggio | 140 East 45th Street | 17th Floor | New York | NY | 10017 | | 212-826-8800 | 212-644-5123 | driggio@candklaw.com | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 300 East Maple Road | Third Floor | Birmingham | MI | 48009-6317 | | 248-644-4840 | 248-644-1832 | rweisberg@carsonfischer.com | Counsel for Cascade Die Casting Group, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | 212-732-3232 | cahn@clm.com | Counsel for STMicroelectronics, Inc. |
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | japplebaum@clarkhill.com | Counsel for BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLC | Seth A. Drucker | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | sdrucker@clarkhill.com | Counsel for BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | 313-965-8252 | rgordon@clarkhill.com | Counsel for ATS Automation Tooling Systems Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel for Arneses Electricos Automotrices, S.A.de C.V.; Cordaflex, S.A. de C.V. |
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel for Bear, Stearns, Co. Inc.; Citgroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | 412-209-1837 | tmaxson@cohenlaw.com | Counsel for Nova Chemicals, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | 646-473-8238 | jvitale@cwsny.com | Counsel for International Union, United Automobile, Aerospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | 860-727-0361 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Colbert & Winstead, P.C. | Amy Wood Malone | 1812 Broadway | | Nashville | TN | 37203 | | 615-321-0555 | 615-321-9555 | amalone@colwinlaw.com | Counsel for Averitt Express, Inc. |
| Conlin, McKenney & Philbrick, P.C. | Bruce N. Elliott | 350 South Main Street | Suite 400 | Ann Arbor | MI | 48104 | | 734-971-9000 | 734-971-9001 | Elliott@cmplaw.com | Counsel to Brazeway, Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | 302-658-0380 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |
| Contrarian Capital Management, L.L.C. | Mark Lee, Janice Stanton, Bill Raine, Seth Lax | 411 West Putnam Avenue | Suite 225 | Greenwich | CT | 06830 | | 203-862-8200 (230) 862-8231 | 203-629-1977 (203) 629-1977 | mlee@contrariancapital.com jstanton@contrariancapital.com wraine@contrariancapital.com solax@contrariancapital.com | Counsel to Contrarian Capital Management, L.L.C. |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Sylvie J. Derrien | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | derrien@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | Pretekin@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Steven M. Wachstein | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | wachstein@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Cornell University | Nancy H. Pagliaro | Office of University Counsel | 300 CCC Building, Garden Avenue | Ithaca | NY | 14853-2601 | | 607-255-5124 | 607-254-3556 | nhp4@cornell.edu | Paralegal/Counsel for Cornell University |
| Covington & Burling | Susan Power Johnston | 1330 Avenue of the Americas | | New York | NY | 10019 | | 212-841-1005 | 646-441-9005 | sjohnston@cov.com | Special Counsel to the Debtor |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | dpm@curtinheefner.com | Counsel for SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtin & Heefner, LLP | Robert Szwajkos | 250 N. Pennslyvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | rsz@curtinheefner.com | Counsel for SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Andrew M. Thau | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-8898 | 917-368-8898 | athau@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | David S. Karp | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6065 | 212-697-1559 | dkarp@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6065 | 212-697-1559 | sreisman@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| DaimlerChrysler Corporation | Kim Kolb | CIMS 485-13-32 | 1000 Chrysler Drive | Auburn Hills | MI | 48326-2766 | | 248-576-5741 | | krk4@daimlerchrysler.com | Counsel for DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrysler Canada, Inc. |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | 716-856-5510 | wsavino@damonmorey.com | Counsel for Relco, Inc.; The Durham Companies, Inc. |
| Daniels & Kaplan, P.C. | Jay Selanders | 2405 Grand Boulevard | Suite 900 | Kansas City | MO | 64108-2519 | | 816-221-3086 | 816-221-3006 | selanders@danielsandkaplan.com | Counsel for DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrysler Canada, Inc. |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | 248-350-7772 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| Deputy Attorney General | Amina Maddox | R.J. Hughes Justice Complex | P.O. Box 106 | Trenton | NJ | 08625 | | 609-984-0183 | 609-292-6266 | amina.maddox@dol.lps.state.nj.us | Deputy Attorney General - State of New Jersey |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | | 212-682-4940 | 212-682-4942 | gdiconza@dlawpc.com | Counsel to Tyz-All Plastics, Inc.; Furukawa Electric North America APD |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | 513-977-8141 | john.persiani@dinslaw.com | Counsel for The Procter & Gamble Company |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | 410-580-3001 | richard.kremen@dlapiper.com | Counsel for Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | dmdelphi@duanemorris.com | Counsel to ACE American Insurance Company |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 4 of 17

4/21/2006 8:50 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | 973-424-2001 | jhlemkin@duanemorris.com | Counsel for NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; Hosiden America Corporation and Samtech Corporation |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | 212-715-8000 | ayala.hassell@eds.com | Representative for Electronic Data Systems Corporation |
| Entergy Services, Inc. | Alan H. Katz | 7411 Highway 51 North | | Southaven | MS | 38671 | | | | akatz@entergy.com | Company |
| Erman, Teicher, Miller, Zucker & Freedman, P.C. | David H. Freedman | 400 Galleria Officentre | Ste. 444 | Southfield | MI | 48034 | | 248-827-4100 | 248-827-4106 | dfreedman@ermanteicher.com | Counsel for Doshi Prettl International, LLC |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | | 516-227-6300 | 516-227-6307 | gettelman@e-hlaw.com | Counsel for Jon Ballin |
| Fagel Haber LLC | Gary E. Green | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | ggreen@fagelhaber.com | Counsel for Aluminum International, Inc. |
| Fagel Haber LLC | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | lnewman@fagelhaber.com | Counsel for Aluminum International, Inc. |
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | 212-422-6836 | tdonovan@finkgold.com | Counsel for Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | 312-832-4700 | jmurch@foley.com | Counsel for Kuss Corporation |
| Fox Rothschild LLP | Fred Stevens | 13 East 37th Street | Suite 800 | New York | NY | 10016 | | 212-682-7575 | 212-682-4218 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Fox Rothschild LLP | Michael J. Viscount, Jr. | 1301 Atlantic Avenue | Suite 400 | Atlantic City | NJ | 08401-7212 | | 609-348-4515 | 609-348-6834 | mviscount@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | 608-848-6357 | ftrikkers@rikkerslaw.com | Counsel for Southwest Metal Finishing, Inc. |
| Gazes LLC | Ian J. Gazes | 32 Avenue of the Americas | | New York | NY | 10013 | | 212-765-9000 | 212-765-9675 | ian@gazesllc.com | Counsel to Setech, Inc. |
| Gazes LLC | Eric Wainer | 32 Avenue of the Americas | Suite 1800 | New York | NY | 10013 | | 212-765-9000 | 212-765-9675 | office@gazesllc.com | Counsel to Setech, Inc. |
| Genovese Joblove & Battista, P.A. | Craig P. Rieders, Esq. | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | | 305-349-2300 | 305-349-2310 | crieders@gjb-law.com | Counsel for Ryder Integrated Logistics, Inc. |
| Gibbons, Del Deo, Dolan, Griffinger & Vecchione | David N. Crapo | One Riverfront Plaza | | Newark | NJ | 07102-5497 | | 973-596-4523 | 973-639-6244 | dcrapo@gibbonslaw.com | Counsel for Epcos, Inc. |
| Goldberg, Stinnett, Meyers & Davis | Merle C. Meyers | 44 Montgomery Street | Suite 2900 | San Francisco | CA | 94104 | | 415-362-5045 | 415-362-2392 | mmeyers@gsmdlaw.com | Counsel for Alps Automotive, Inc. |
| Goodwin Procter LLP | Allan S. Brilliant | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | abrilliant@goodwinproctor.com | Counsel for UGS Corp. |
| Goodwin Procter LLP | Craig P. Druehl | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | cdruehl@goodwinproctor.com | Counsel for UGS Corp. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | 212-269-2540 | bmehlsack@gkllaw.com | Counsel for International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | 617-574-4112 | pbilowz@goulstonstorrs.com | Counsel for Thermotech Company |
| Grant & Eisenhofer P.A. | Geoffrey C. Jarvis | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | 302-622-7100 | gjarvis@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | 212-755-6503 | jeisenhofer@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 5 of 17

4/21/2006 8:50 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Grant & Eisenhofer P.A. | Sharan Nirmul | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | 302-622-7100 | snirmul@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | jh@previant.com | Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | mrr@previant.com | Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Gratz, Miller & Brueggeman, S.C. | Timothy C. Hall | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | tch@previant.com | Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | 513-651-3836 | mdebbeler@graydon.com | Counsel for Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | 314-241-8624 | ckm@greensfelder.com jpb@greensfelder.com | Counsel for ARC Automotive, Inc. |
| Guaranty Bank | Herb Reiner | 8333 Douglas Avenue | | Dallas | TX | 75225 | | 214-360-2702 | 214-360-1940 | herb.reiner@guarantygroup.com | Counsel for American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia Julie D. Dyas | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | 212-765-0964 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net jdyas@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation; ARC Automotive, Inc |
| Harris D. Leinwand | Harris D. Leinwand | 350 Fifth Avenue | Suite 2418 | New York | NY | 10118 | | 212-725-7338 | 212-244-6219 | hleinwand@aol.com | Counsel for Baker Hughes Incorporated; Baker Petrolite Corporation |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | 212-545-3360 | prubin@herrick.com | Counsel for Canon U.S.A., Inc. and Schmidt Technology GmbH |
| Hewlett-Packard Company | Anne Marie Kennelly | 3000 Hanover St., M/S 1050 | | Palo Alto | CA | 94304 | | 650-857-6902 | 650-852-8617 | anne.kennelly@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Glen Dumont | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4750 | 908-898-4137 | glen.dumont@hp.com | Counsel for Hewlett-Packard Financial Services Company |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | 740-940-7539 | ken.higman@hp.com | Counsel for Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | 908-898-4133 | sharon.petrosino@hp.com | Counsel for Hewlett-Packard Financial Services Company |
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | 315-425-8576 | echarlton@hiscockbarclay.com | Counsel for GW Plastics, Inc. |
| Hodgson Russ LLP | Cheryl R. Storie | One M&T Plaza | Suite 2000 | Buffalo | NY | 14203 | | 716-848-1275 | 716-849-0349 | cstorie@hodgsonruss.com | Counsel for Hexcel Corporation |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | 230 Park Avenue | 17th Floor | New York | NY | 10169 | | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hogan & Hartson L.L.P. | Audrey Moog | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | amoog@hhlaw.com | Counsel for Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | ecdolan@hhlaw.com | Counsel for Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | 212-918-3100 | sagolden@hhlaw.com | Counsel for XM Satellite Radio Inc. |
| Holme Roberts & Owen, LLP | Elizabeth K. Flaagan | 1700 Lincoln | Suite 4100 | Denver | CO | 80203 | | 303-861-7000 | 303-866-0200 | elizabeth.flaagan@hro.com | Counsel for CoorsTek, Inc ; Corus, L.P. |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | 313-465-7315 | dbaty@honigman.com | Counsel for Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | Robert D. Weiss, Frank L. Gorman | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | | 313-465-7000 | 313-465-8000 | rweiss@honigman.com fgorman@honigman.com | Counsel for General Motors Corporation |

In re: Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 6 of 17

4/21/2006 8:50 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7548 | 313-465-7549 | tsable@honigman.com | Counsel for Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | 419-255-9121 | jrhunter@hunterschank.com | Counsel for ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | 419-255-9121 | tomschank@hunterschank.com | Counsel for ZF Group North America Operations, Inc. |
| Hunton & Wiliams LLP | Michael P. Massad, Jr. | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | mmassad@hunton.com | Counsel for RF Monolithics, Inc. |
| Hunton & Wiliams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | sholmes@hunton.com | Counsel for RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | 716-855-0874 | aee@hurwitzfine.com | Counsel for Jiffy-Tite Co., Inc. |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | 317-236-2219 | Ben.Caughey@icemiller.com | Counsel for Sumco, Inc. |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | 408-501-2488 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | 765-456-3836 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | 202-778-2641 | rgriffin@iuoe.org | Counsel for International Brotherod of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Jaffe, Raitt, Heuer & Weiss, P.C. | Paige E. Barr | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | | 248-351-3000 | 248-351-3082 | pbarr@jaffelaw.com | Counsel for Trutron Corporation |
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | 312-840-7381 | rpeterson@jenner.com | Counsel for SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC and Tenneco Inc. |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | 212-755-7306 | sjfriedman@jonesday.com | Counsel for WL. Ross & Co., LLC |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | 312-577-4733 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth F. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | 614-464-2634 | kcookson@keglerbrown.com | Counsel for Solution Recovery Services |
| Keller Rohrback L.L.P. | Lynn Lincoln Sarko Cari Campen Laufenberg Erin M. Rily | 1201 Third Avenue | Suite 3200 | Seattle | WA | 98101 | | 206-623-1900 | 206-623-3384 | lsarko@kellerrohrback.com claufenberg@kellerrohrback.com eriley@kellerrohrback.com | Counsel for Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Keller Rohrback P.L.C. | Gary A. Gotto | National Bank Plaza | 3101 North Central Avenue, Suite 900 | Phoenix | AZ | 85012 | | 602-248-0088 | 602-248-2822 | ggotto@kellerrohrback.com | Counsel for Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Kelley Drye & Warren, LLP | Mark I. Bane | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | 212-808-7897 | mbane@kelleydrye.com | Counsel for the Pension Benefit Guaranty Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 7 of 17

4/21/2006 8:50 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Kelley Drye & Warren, LLP | Mark. R. Somerstein | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | 212-808-7897 | msomerstein@kelleydrye.com | Counsel for the Pension Benefit Guaranty Corporation |
| Kennedy, Jennick & Murray | Larry Magarik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | lmagarik@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | sjennik@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | tkennedy@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| King & Spalding, LLP | George B. South, III | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | 212-556-2222 | gsouth@kslaw.com | Counsel for Martinrea International, Inc. |
| Kirkland & Ellis LLP | Geoffrey A. Richards | 200 East Randolph Drive | | Chicago | IL | 60601 | | 312-861-2000 | 312-861-2200 | grichards@kirkland.com | Counsel for Lurt Mannufacturing Company |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | 212-536-3901 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Klett Rooney Lieber & Schorling | DeWitt Brown | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | | 302-552-4200 | | dbrown@klettrooney.com | Counsel for Entergy |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | 330-497-4020 | sosimmerman@kwgd.com | Counsel to for Millwood, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | | 617-542-3000 | 617-542-3001 | ekutchin@kutchinrufo.com | Counsel for Parlex Corporation |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | | 617-542-3000 | 617-542-3001 | knorthrup@kutchinrufo.com | Counsel for Parlex Corporation |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | | smcook@lambertleser.com | Counsel for Linamar Corporation |
| Latham & Watkins | Erika Ruiz | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | erika.ruiz@lw.com | UCC Professional |
| Latham & Watkins | Henry P. Baer, Jr. | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | henry.baer@lw.com | UCC Professional |
| Latham & Watkins | John W. Weiss | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | john.weiss@lw.com | UCC Professional |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | 212-751-4864 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | mitchel.seider@lw.com | UCC Professional |
| Latham & Watkins | Robert Rosenberg | 885 Third Avenue | Suite 1000 | New York | NY | 10022-4834 | | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | UCC Professional |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | 520-879-4705 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | 602-734-3824 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linear Technology Corporation | John England, Esq. | 1630 McCarthy Blvd. | | Milpitas | CA | 95035-7417 | | 408-432-1900 | 408-434-0507 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | 512-443-5114 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | 4692215002 | dallas.bankruptcy@publicans.com | Counsel for Dallas County and Tarrant County |
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | 713-844-3503 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities |
| Loeb & Loeb LLP | P. Gregory Schwed | 345 Park Avenue | | New York | NY | 10154-0037 | | 212-407-4000 | | gschwed@loeb.com | Counsel for Creditor The Interpublic Group of Companies, Inc. and Proposed Auditor Deloitte & Touche, LLP |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | 212-407-4990 | whawkins@loeb.com | Counsel for Industrial Ceramics Corporation |
| Lord, Bissel & Brook | Timothy W. Brink | 115 South LaSalle Street | | Chicago | IL | 60603 | | 312-443-1832 | 312-443-896-6432 | tbrink@lordbissell.com | Counsel for Sedgwick Claims Management Services, Inc. |
| Lord, Bissel & Brook | Timothy S. McFadden | 115 South LaSalle Street | | Chicago | IL | 60603 | | 312-443-0370 | 312-896-6394 | tmcfadden@lordbissell.com | Counsel for Methode Electronics, Inc. |
| Lord, Bissel & Brook LLP | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-947-8304 | 212-947-1202 | kwalsh@lordbissell.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Lord, Bissel & Brook LLP | Rocco N. Covino | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-812-8340 | 212-947-1202 | rcovino@lordbissell.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | bnathan@lowenstein.com | Counsel for Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | ilevee@lowenstein.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | krosen@lowenstein.com | Counsel for Cerberus Capital Management, L.P. |
| Lowenstein Sandler PC | Michael S. Etkin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | metkin@lowenstein.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | scargill@lowenstein.com | Counsel for Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | vdagostino@lowenstein.com | Counsel for AT&T Corporation |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | | 419-867-8900 | 419-867-8909 | egc@lydenlaw.com | Counsel for Metro Fibres, Inc. |
| MacDonald, Illig, Jones & Britton LLP | Richard J. Parks | 100 State Street | Suite 700 | Erie | PA | 16507-1459 | | 814-870-7754 | 814-454-4647 | rparks@mijb.com | Counsel for Ideal Tool Company, Inc. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | 303-957-2098 | jlanden@madisoncap.com | Representative for Madison Capital Management |
| Margulies & Levinson, LLP | Jeffrey M. Levinson, Esq. Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | 216-514-4936 | jml@ml-legal.com lmc@ml-legal.com | Counsel for Venture Plastics |
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | | 989-752-1414 | | vmastromar@aol.com | Counsel for H.E. Services Company and Robert Backie and Counsel to Cindy Palmer, Personal Representative to the Estate of Michael Palmer |
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | 312-245-7467 | gsantella@masudafunai.com | Counsel for NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; Hosiden America Corporation and Samtech Corporation |
| Mayer, Brown, Rowe & Maw LLP | Jeffrey G. Tougas | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | 212-506-2500 | jgtougas@mayerbrownrowe.com | Counsel for Bank of America, N.A. |
| Mayer, Brown, Rowe & Maw LLP | Raniero D'Aversa, Jr. | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | 212-506-2500 | rdaversa@mayerbrown.com | Counsel for Bank of America, N.A. |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | 212-609-6921 | dadler@mccarter.com | Counsel to Ward Products, LLC |
| McCarthy Tetrault LLP | John J. Salmas Lorne P. Salzman | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | | 416-362-1812 | 416-868-0673 | jsalmas@mccarthy.ca lsalzman@mccarthy.ca | Counsel for Themselves (McCarthy Tetrault LLP) |
| McDermott Will & Emery LLP | James M. Sullivan | 50 Rockefeller Plaza | | New York | NY | 10020 | | 212-547-5400 | 212-547-5444 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation, National Semiconductor Corporation; Timken Corporation |
| McDermott Will & Emery LLP | Stephen B. Selbst | 50 Rockefeller Plaza | | New York | NY | 10020 | | 212-547-5400 | 212-547-5444 | sselbst@mwe.com | Counsel for National Semiconductor Corporation |
| McDonald Hopkins Co., LPA | Jean R. Robertson, Esq. | 600 Superior Avenue, East | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | jrobertson@mcdonaldhopkins.com | Counsel to Brush Engineered materials |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |

In re: Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 9 of 17

4/21/2006 8:50 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | 973-622-5314 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuirewoods LLP | Elizabeth L. Gunn | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1178 | 804-698-2168 | egunn@mcguirewoods.com | Counsel for Siemens Logistics Assembly Systems, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | hkolko@msek.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | lpeterson@msek.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | emeyers@mrrlaw.net | Counsel for Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | rrosenbaum@mrrlaw.net | Counsel for Prince George County, Maryland |
| Miami-Dade County, FL | April Burch | 140 West Flagler Street | Suite 1403 | Miami | FL | 33130 | | 305-375-5314 | 305-375-1142 | aburch@miamidade.gov | Paralegal Collection Specialist for Miami-Dade County |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | | miag@michigan.gov | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | 517-373-2129 | miag@michigan.gov | Attorney General for Worker's Compensation Agency |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raterink | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | 517-373-2129 | raterinkd@michigan.gov | Assistant Attorney General for Worker's Compensation Agency |
| Miles & Stockbridge, P.C. | Kerry Hopkins | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | 410-385-3700 | khopkins@milesstockbridge.com | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | 410-385-3700 | trenda@milesstockbridge.com | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miller Johnson | Thomas P. Sarb, Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748 616-831-1726 | 616-988-1748 616-988-1726 | sarbt@millerjohnson.com wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | 313-496-8453 | fusco@millercanfield.com | Counsel for Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | 313-496-7997 | greenj@millercanfield.com | Counsel for Wells Operating Partnership, LP |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Paul J. Ricotta | One Financial Center | | Boston | MA | 02111 | | 617-542-6000 | 617-542-2241 | pjricotta@mintz.com | Counsel for Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Stephanie K. Hoos | The Chrysler Center | 666 Third Avenue | New York | NY | 10017 | | 212-935-3000 | 212-983-3115 | skhoos@mintz.com | Counsel of Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | 630-512-8610 | Jeff.Ott@molex.com | Counsel for Molex Connector Corp |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 10 of 17

4/21/2006 8:50 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Montgomery, McCracken, Walker & Rhoads, LLP | Laurie A. Krepto | 123 South Broad Street | | Philadelphia | PA | 19109 | | 215-772-1500 | 215-772-7620 | lkrepto@mmwr.com | Counsel for AMEC Earth & Environmental, Inc. |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | 212-309-6001 | agottfried@morganlewis.com | Counsel for ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | 212-309-6001 | mzelmanovitz@morganlewis.com | Counsel for Hitachi Chemical (Singapore) Pte. Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | 213-612-2501 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | | lberkoff@moritthock.com | Counsel for Standard Microsystems Corporation and its direct and indirect subsidaries Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |
| Morris, Nichols, Arsht and Tunnell | Robert J. Dehney | PO Box 1347 | | Wilmington | DE | 19899-1347 | | 302-658-9200 | 302-658-3989 | rdehney@mnat.com | Counsel for Chicago Miniature Optoelectronic Technologies, Inc. |
| Morrison Cohen LLP | Joseph T. Moldovan Michael R. Dal Lago | 909 Third Avenue | | New York | NY | 10022 | | 212-735-8603 212-735-8757 | 917-522-3103 917-522-3157 | jmoldovan@morrisoncohen.com mdallago@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 3800 Lincoln Plaza | 500 North Akard Street | Dallas | RX | 75201-6659 | | 214-855-7590 214-855-7561 214-855-7587 | 214-855-7584 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel for Texas Instruments Incorporated |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | | 616-977-0077 | 616-977-0529 | sandy@nlsg.com | Counsel for Lankfer Diversified Industries, Inc. |
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | Knathan@nathanneuman.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Nathan, Neuman & Nathan, P.C. | Susanna C. Brennan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | sbrennan@nathanneuman.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | 866-298-4481 | lisa.moore2@nationalcity.com | Vice President and Senior Counsel for National City Commercial Capital |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | 803-256-7500 | george.cauthen@nelsonmullins.com | Counsel for Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| Nix, Patterson & Roach, L.L.P. | Bradley E. Beckworth | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | bbeckworth@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

In re: Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 11 of 17

4/21/2006 8:50 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Nix, Patterson & Roach, L.L.P. | Jeffrey J. Angelovich | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | jangelovich@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Susan Whatley | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | susanwhatley@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Noma Company and General Chemical Performance Products LLC | James Imbriaco | 90 East Halsey Road | | Parsippanny | NJ | 07054 | | 973-884-6952 | 973-515-3244 | jimbriaco@gentek-global.com | |
| Norris, McLaughlin & Marcus | Elizabeth L. Abdelmasieh, Esq | 721 Route 202-206 | P.O. Box 1018 | Somerville | NJ | 08876 | | 908-722-0700 | 908-722-0755 | eabdelmasieh@nmmlaw.com | Counsel for Rotor Clip Company, Inc. |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | dgheiman@jonesday.com | Counsel for WL. Ross & Co., LLC |
| North Point | Michelle M. Harner | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | mmharner@jonesday.com | Counsel for WL. Ross & Co., LLC |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | | 478-742-8706 | 478-746-4488 | cahope@chapter13macon.com | Office of the Chapter 13 Trustee |
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | | 512-475-4861 | 512-482-8341 | jay.hurst@oag.state.tx.us | Counsel for The Texas Comptroller of Public Accounts |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | 978-667-9969 | michaelz@orbotech.com | Company |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | 212-506-5151 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | 415-773-5759 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Jonathan P. Guy | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | jguy@orrick.com | Counsel for Westwood Associates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Matthew W. Cheney | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | mcheney@orrick.com | Counsel for Westwood Associates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Richard H. Wyron | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | rwyron@orrick.com | Counsel for Westwood Associates, Inc. |
| Otterbourg, Steindler, Houston & Rosen, P.C. | Melissa A. Hager | 230 Park Avenue | | New York | NY | 10169 | | 212-661-9100 | 212-682-6104 | mhager@oshr.com | Counsel for Sharp Electronics Corporation |
| Otterbourg, Steindler, Houston & Rosen, P.C. | Scott L. Hazan | 230 Park Avenue | | New York | NY | 10169 | | 212-661-9100 | 212-682-6104 | shazan@oshr.com | Counsel for Sharp Electronics Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Curtis J. Weidler | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3157 | 212-373-2053 | cweidler@paulweiss.com | Counsel for Ambrake Corporation; Akebono Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | ddavis@paulweiss.com | Counsel for Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | emccolm@paulweiss.com | Counsel for Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Stephen J. Shimshak | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3133 | 212-373-2136 | sshimshak@paulweiss.com | Counsel for Ambrake Corporation |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | | housnerp@michigan.gov | Assistant Attorney General for State of Michigan, Department of Treasury |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K. Street, N.W. | | Washington | DC | 20005-4026 | | 202-326-4020 | 202-326-4112 | landy.ralph@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Pepe & Hazard LLP | Charles J. Filardi, Jr., Esq. | 30 Jelliff Lane | | Southport | CT | 06890 | | 203-319-4042 | 203-319-4034 | cfilardi@pepehazard.com | Federal Express Corporation |
| Pepper, Hamilton LLP | Anne Marie Aaronson | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | aaronsona@pepperlaw.com | Counsel for Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 12 of 17

4/21/2006 8:50 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Pepper, Hamilton LLP | Linda J. Casey | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | caseyl@pepperlaw.com | Counsel for SKF USA, Inc. |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | 302-421-8390 | jaffeh@pepperlaw.com | Counsel for SKF USA, Inc. |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | lawallf@pepperlaw.com | Counsel for Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Phillips Nizer LLP | Sandra A. Riemer, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | jmanheimer@pierceatwood.com | Counsel for FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. pA. |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | kcunningham@pierceatwood.com | Counsel for FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. pA. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | karen.dine@pillsburylaw.com | Counsel for Clarion Corporation of America |
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | margot.erlich@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | 7th Floor | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | 714-436-2800 | mark.houle@pillsburylaw.com | Counsel for Clarion Corporation of America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | richard.epling@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | robin.spear@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pitney Hardin LLP | Ronald S. Beacher | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | 212-682-3485 | rbeacher@pitneyhardin.com | Counsel for IBJTC Business Credit Corporation |
| Pitney Hardin LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | 973-966-1015 | rmeth@pitneyhardin.com | Counsel for Marshall E. Campbell Company |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | jsmairo@pbnlaw.com | Counsel for Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |
| Pryor & Mandelup, LLP | A. Scott Mandelup, Kenneth A. Reynolds | 675 Old Country Road | | Westbury | NY | 11590 | | 516-997-0999 | 516-333-7333 | asm@pryormandelup.com kar@pryormandelup.com | Counsel for National Molding Corporation; Security Plastics Division/NMC LLC |
| QAD, Inc. | Jason Pickering, Esq. | 10,000 Midlantic Drive | | Mt. Laurel | NJ | 08054 | | 856-840-2489 | 856-840-2740 | jkp@qad.com | Counsel to QAD, Inc. |
| Quadrangle Debt Recovery Advisors LLC | Andrew Herenstein | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1742 | 866-741-2505 | andrew.herenstein@quadranglegroup.co | Counsel to Quadrangle Debt Recovery Advisors LLC |
| Quadrangle Group LLC | Patrick Bartels | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1748 | 866-552-2052 | patrick.bartels@quadranglegroup.com | Counsel to Quadrangle Group LLC |
| Quarles & Brady Streich Lang LLP | John A. Harris | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | jharris@quarles.com | Counsel for Semiconductor Components Industries, Inc. |
| Quarles & Brady Streich Lang LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | 520-770-2203 | knye@quarles.com | Counsel for Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation |
| Quarles & Brady Streich Lang LLP | Scott R. Goldberg | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | sgoldber@quarles.com | Counsel for Semiconductor Components Industries, Inc. |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 13 of 17

4/21/2006 8:50 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Reed Smith | Elena Lazarou | 599 Lexington Avenue | 29th Street | New York | NY | 10022 | | 212-521-5400 | 212-521-5450 | elazarou@reedsmith.com | Counsel for General Electric Capital Corporation, Strategic Asset Finance. |
| Republic Engineered Products, Inc. | Joseph Lapinsky | 3770 Embassy Parkway | | Akron | OH | 44333 | | 330-670-3004 | 330-670-3020 | jlapinsky@republicengineered.com | Counsel to Republic Engineered Products, Inc. |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | 206-389-1708 | jshickich@riddellwilliams.com | Counsel for Microsoft Corporation; Microsoft Licensing, GP |
| Riemer & Braunstein LLP | Mark S. Scott | Three Center Plaza | | Boston | MA | 02108 | | 617-523-9000 | 617-880-3456 | mscott@riemerlaw.com | Counsel for ICX Corporation |
| Riverside Claims LLC | Holly Rogers | 2109 Broadway | Suite 206 | New York | NY | 10023 | | 212-501-0990 | 212-501-7088 | holly@regencap.com | Riverside Claims LLC |
| Robinson, McFadden & Moore, P.C. | Annemarie B. Mathews | P.O. Box 944 | | Columbia | SC | 29202 | | 803-779-8900 | 803-771-9411 | amathews@robinsonlaw.com | Counsel for Blue Cross Blue Shield of South Carolina |
| Ropers, Majeski, Kohn & Bentley | Christopher Norgaard | 515 South Flower Street | Suite 1100 | Los Angeles | CA | 90071 | | 213-312-2000 | 213-312-2001 | cnorgaard@ropers.com | Counsel for Brembo S.p.A; Bibielle S.p.A.; AP Racing |
| Ropes & Gray LLP | Gregory O. Kaden | One International Place | | Boston | MA | 02110-2624 | | 617-951-7000 | 617-951-7050 | gregory.kaden@ropesgray.com | Attorneys for D-J, Inc. |
| Ropes & Gray LLP | Marc E. Hirschfield | 45 Rockefeller Plaza | | New York | NY | 10111-0087 | | 212-841-5700 | 212-841-5725 | marc.hirschfield@ropesgray.com | Attorneys for D-J, Inc. |
| Rosen Slome Marder LLP | Thomas R. Slome | 333 Earle Ovington Boulevard | Suite 901 | Uniondale | NY | 11553 | | 516-227-1600 | | tslome@rsmllp.com | Counsel for JAE Electronics, Inc. |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | 212-825-9414 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Sachnoff & Weaver, Ltd | Charles S. Schulman, Arlene N. Gelman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | | 312-207-1000 | 312-207-6400 | cschulman@sachnoff.com agelman@sachnoff.com | Counsel for Infineon Technologies North America Corporation |
| Satterlee Stephens Burke & Burke LLP | Christopher R. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | dweiner@schaferandweiner.com | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | hborin@schaferandweiner.com | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Max Newman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | mnewman@schaferandweiner.com | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | rheilman@schaferandweiner.com | Counsel for Dott Industries, Inc. |
| Schiff Hardin LLP | Michael Yetnikoff | 623 Fifth Avenue | 28th Floor | New York | NY | 10022 | | 212-753-5000 | 212-753-5044 | myetnikoff@schiffhardin.com | Counsel for  Means Industries |
| Schiff Hardin LLP | William I. Kohn | 6600 Sears Tower | | Chicago | IL | 60066 | | 312-258-5500 | 312-258-5600 | wkohn@schiffhardin.com | Counsel for Means Industries |
| Schiffrin & Barroway, LLP | Michael Yarnoff | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7056 | 610-667-7706 | myarnoff@sbclasslaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Schiffrin & Barroway, LLP | Sean M. Handler | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7706 | 610-667-7056 | shandler@sbclasslaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Schulte Roth & Sabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | 212-593-5955 | james.bentley@srz.com | Counsel for Panasonic Automotive Systems Company of America |
| Schulte Roth & Sabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | michael.cook@srz.com | Counsel for Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Schulte Roth & Zabel LLP | Carol Weiner Levy | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | carol.weiner.levy@srz.com | Counsel for D.C. Capital Partners, L.P. |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | 404-892-7056 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk, Esq. | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | 617-946-4801 | whanlon@seyfarth.com | Counsel for  le Belier/LBQ Foundry S.A. de C.V. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-----|-------|------------------|
| Sheehan Phinney Bass + Green Professional Association | Steven E. Boyce | 1000 Elm Street | P.O. Box 3701 | Manchester | NH | 03105-2347 | | 603-627-8278 | 603-641-2347 | sboyce@sheehan.com | Counsel for Source Electronics, Inc. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | 248-358-2740 | lawtoll@comcast.net | Counsel for Milwaukee Investment Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | 225-757-7674 | rthibeaux@shergarner.com | Counsel for Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | 504-299-2300 | rthibeaux@shergarner.com | Counsel for Gulf Coast Bank & Trust Company |
| Shipman & Goodwin LLP | Jennifer L. Adamy | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5811 | 860-251-5218 | bankruptcy@goodwin.com | Counsel for Fortune Plastics Company of Illinois, Inc.; Universal Metal Hose Co., |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | asherman@sillscummis.com | Counsel for Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | jzackin@sillscummis.com | Counsel for Hewlett-Packard Financial Services Company |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | 203-542-4100 | cfortgang@silverpointcapital.com | Counsel for Silver Point Capital, L.P. |
| Simpson Thacher & Bartlett LLP | Kenneth S. Ziman, Esq. | 425 Lexington Avenue | | New York | NY | 10017 | | 212-455-2000 | 212-455-2502 | cfox@stblaw.com | Counsel to JPMorgan Chase Bank, N.A. |
| Simpson Thacher & Bartlett LLP | William T. Russell, Jr., Esq. | 425 Lexington Avenue | | New York | NY | 10017 | | 212-455-2000 | 212-455-2502 | cfox@stblaw.com | Counsel to JPMorgan Chase Bank, N.A. |
| Smith, Gambrell & Russell, LLP | Barbara Ellis-Monro | 1230 Peachtree Street, N.E. | Suite 3100 | Atlanta | GA | 30309 | | 404-815-3500 | 404-815-3509 | bellis-monro@sgrlaw.com | Counsel for Southwire Company |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | 3026528405 | kmiller@skfdelaware.com | Counsel for Airgas, Inc. |
| Sonnenschein Nath & Rosenthal LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | 212-768-6800 | fyates@sonnenschein.com | Counsel for Molex, Inc. and INA USA, Inc. |
| Sonnenschein Nath & Rosenthal LLP | Jo Christine Reed | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | 212-768-6800 | jcreed@sonnenschein.com | Counsel for Molex, Inc. and INA USA, Inc. |
| Sonnenschein Nath & Rosenthal LLP | Robert E. Richards | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | 312-876-7934 | rrichards@sonnenschein.com | Counsel for Molex, Inc. and INA USA, Inc. |
| Sony Electronics Inc. | Lloyd B. Sarakin - Chief Counsel, Finance and Credit | 1 Sony Drive | MD #1 E-4 | Park Ridge | NJ | 07656 | | 201-930-7483 | | lloyd.sarakin@am.sony.com | Counsel to Sony Electronics, Inc. |
| Sotiroff & Abramczyk, P.C. | Robert M. Goldi | 30400 Telegraph Road | Suite 444 | Bingham Farms | MI | 48025 | | 248-642-6000 | 248-642-9001 | rgoldi@sotablaw.com | Counsel for  Michigan Heritage Bank; MHB Leasing, Inc. |
| Squire, Sanders & Dempsey L.L.P. | Eric Marcks | One Maritime Plaza | Suite 300 | San Francisco | CA | 94111-3492 | | | 415-393-9887 | emarcks@ssd.com | Counsel for Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| Squire, Sanders & Dempsey L.L.P. | Penn Ayers Butler | 600 Hansen Way | | Palo Alto | CA | 94304 | | 650-856-6500 | 650-843-8777 | pabutler@ssd.com | Counsel for Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| State of Michigan Department of Labor & Economic Growth, Unemployment Insurance Agency | Roland Hwang Assistant Attorney General | 3030 W. Grand Boulevard | Suite 9-600 | Detroit | MI | 48202 | | 313-456-2210 | 313-456-2201 | hwangr@michigan.gov | Assistant Attorney General for State of Michigan, Unemployment Tax Office of the Department of Labor & Economic Growth, Unemployment Insurance Agency |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | 502-245-0542 | jmbaumann@steeltechnologies.com | Counsel for Steel Technologies, Inc. |
| Stein, Rudser, Cohen & Magid LLP | Robert F. Kidd | 825 Washington Street | Suite 200 | Oakland | CA | 94607 | | 510-287-2365 | 510-987-8333 | rkidd@srcm-law.com | Counsel for Excel Global Logistics, Inc. |
| Steinberg Shapiro & Clark | Mark H. Shapiro | 24901 Northwestern Highway | Suite 611 | Southfield | MI | 48075 | | 248-352-4700 | 248-352-4488 | shapiro@steinbergshapiro.com | Counsel for Bing Metals Group, Inc.; Central Transport International, Inc.; Crown Enerprises, Inc.; Economy Transport, Inc.; Logistics Insight Corp (LINC); Universal Am-Can, Ltd.; Universal Truckload Services, Inc. |
| Sterns & Weinroth, P.C. | Jeffrey S. Posta | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-3922100 | 609-392-7956 | jposta@sternslaw.com | Counsel for Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Chester B. Salomon, Esq. Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | 212-319-8505 | cs@stevenslee.com cp@stevenslee.com | Counsel for Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | 816-691-3495 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | madison.cashman@stites.com | Counsel to Setech, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 15 of 17

4/21/2006 8:50 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | robert.goodrich@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 | 502-779-8274 | wbeard@stites.com | Counsel to WAKO Electronics (USA), Inc. and Ambrake Corporation |
| Stroock & Stroock & Lavan, LLP | Joseph G. Minias | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | 212-806-6006 | jminias@stroock.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Stroock & Stroock & Lavan, LLP | Kristopher M. Hansen | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | 212-806-6006 | khansen@stroock.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Swidler Berlin LLP | Robert N. Steinwurtzel | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | | 202-424-7500 | 202-424-7645 | rnsteinwurtzel@swidlaw.com | Attorneys for Sanders Lead Co., Inc. |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | | ferrell@taftlaw.com | Counsel for Wren Industries, Inc. |
| Tennessee Department of Revenue | Marvin E. Clements, Jr. | c/o TN Attorney General's Office, Bankruptcy Division | PO Box 20207 | Nashville | TN | 37202-0207 | | 615-532-2504 | 615-741-3334 | marvin.clements@state.tn.us | Tennesse Department of Revenue |
| Terra Law LLP | David B. Draper | 60 S. Market Street | Suite 200 | San Jose | CA | 95113 | | 408-299-1200 | 408-998-4895 | ddraper@terra-law.com | Counsel for Maxim Integrated Products, Inc. |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | 212-912-7751 | jforstot@tpw.com | Counsel for TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | 212-912-7751 | lcurcio@tpw.com | Counsel for TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | Japan | 100-8322 | | | 81-3-3286-3919 | niizeki.tetsuhiro@furukawa.co.jp | Counsel for Wren Industries, Inc. and the Furukawa Electric Co., Ltd. |
| The Timken Corporation BIC - 08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706 | | 1-330-438-3000 | 1-330-471-4388 | robert.morris@timken.com | Representative for Timken Corporation |
| Thelen Reid & Priest LLP | David A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | | 212-603-2000 | 212-603-2001 | dlowenthal@thelenreid.com | Counsel for American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Thelen Reid & Priest LLP | Daniel A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | | 212-603-2000 | 212-603-2001 | dlowenthal@thelenreid.com | Counsel for Oki Semiconductor Company |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | 713-654-1871 | rhett.campbell@tklaw.com | Counsel for STMicroelectronics, Inc. |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 300 | Dallas | TX | 75201 | | 214-969-1505 | 214-969-1609 | john.brannon@tklaw.com | Counsel for Victory Packaging |
| Thurman & Phillips, P.C. | Ed Phillips, Jr. | 8000 IH 10 West | Suite 1000 | San Antonio | TX | 78230 | | 210-341-2020 | 210-344-6460 | ephillips@thurman-phillips.com | Counsel for Royberg, Inc. d/b/a Precision Mold & Tool and d/b/a Precision Mold and Tool Group |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| Togut, Segal & Segal LLP | Albert Togut, Esq. | One Penn Plaza | Suite 3335 | New York | NY | 10119 | | 212-594-5000 | 212-967-4258 | bmcdonough@teamtogut.com | Conflicts counsel to Debtors |
| Tyler, Cooper & Alcorn, LLP | W. Joe Wilson | City Place | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | 860-278-3802 | jwilson@tylercooper.com | Counsel for Barnes Group, Inc. |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | 585-258-2821 | hzamboni@underbergkessler.com | Counsel for McAlpin Industries, Inc. |
| Union Pacific Railroad Company | Mary Ann Kilgore | 1400 Douglas Street | MC 1580 | Omaha | NE | 68179 | | 402-544-4195 | 402-501-0127 | mkilgore@UP.com | Counsel for Union Pacific Railroad Company |
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO | David Jury, Esq. | Five Gateway Center | Suite 807 | Pittsburgh | PA | 15222 | | 412-562-2549 | 412-562-2429 | djury@steelworkers-usw.org | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Varnum, Riddering, Schmidt & Howlett LLp | Michael S. McElwee | Bridgewater Place | P.O. Box 353 | Grand Rapids | MI | 49501-0352 | | 616-336-6827 | 616-336-7000 | msmcelwee@varnumlaw.com | Counsel for Furukawa Electric North America APD |
| Vorys, Sater, Seymour and Pease LLP | Robert J. Sidman, Esq. | 52 East Gay Street | P.O. Box 1008 | Columbus | OH | 43216-1008 | | 614-464-6422 | 614-719-8676 | rjsidman@vssp.com | |
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | | 614-464-8322 | 614-719-4663 | tscobb@vssp.com | Counsel for America Online, Inc. and its Subsidiaries and Affiliates |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 16 of 17

4/21/2006 8:50 AM
2002 lists

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Wachtell, Lipton, Rosen & Katz | Emil A. Kleinhaus | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | EAKleinhaus@wlrk.com | Counsel for Capital Research and Management Company |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | RGMason@wlrk.com | Counsel for Capital Research and Management Company |
| Waller Lansden Dortch & Davis, PLLC | David E. Lemke, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | david.lemke@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Waller Lansden Dortch & Davis, PLLC | Robert J. Welhoelter, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | robert.welhoelter@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2158 | | growsb@wnj.com | Counsel for Behr Industries Corp. |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | 616-222-2185 | gtoering@wnj.com | Counsel for Robert Bosch Corporation |
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | 248-603-9631 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Stevens, L.L.P. | Michael D. Warner | 301 Commerce Street | Suite 1700 | Fort Worth | TX | 76102 | | 817-810-5250 | 817-810-5255 | bankruptcy@warnerstevens.com | Counsel for Electronic Data Systems Corp. and EDS Information Services, L.L.C. |
| Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP | Lei Lei Wang Ekvall | 650 Town Center Drive | Suite 950 | Costa Mesa | CA | 92626 | | 714-966-1000 | 714-966-1002 | lekvall@wgllp.com | Counsel for Toshiba America Electronic Components, Inc. |
| Weinstein, Eisen & Weiss LLP | Aram Ordubegian | 1925 Century Park East | #1150 | Los Angeles | CA | 90067 | | 310-203-9393 | 310-203-8110 | aordubegian@weineisen.com | Counsel for Orbotech, Inc. |
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | 614-222-2193 | gpeters@weltman.com | Counsel to Seven Seventeen Credit Union |
| White & Case LLP | John K. Cunningham | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | | 212-819-8200 | | jcunningham@whitecase.com | Counsel for Appaloosa Management, LP |
| White & Case LLP | Margarita Mesones-Mori | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | 305-358-5744 | mmesonesmori@whitecase.com | Counsel for Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | 414-223-5000 | barnold@whdlaw.com | Counsel for Schunk Graphite Technology |
| Winstead Sechrest & Minick P.C. | Berry D. Spears | 401 Congress Avenue | Suite 2100 | Austin | TX | 78701 | | 512-370-2800 | 512-370-2850 | bspears@winstead.com | Counsel for National Instruments Corporation |
| Winstead Sechrest & Minick P.C. | R. Michael Farquhar | 5400 Renaissance Tower | 1201 Elm Street | Dallas | TX | 75270 | | 214-745-5400 | 214-745-5390 | rfarquhar@winstead.com | Counsel for National Instruments Corporation |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | mwinthrop@winthropcouchot.com | Counsel for Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | sokeefe@winthropcouchot.com | Counsel for Metal Surfaces, Inc. |
| WL Ross & Co., LLC | Oscar Iglesias | 600 Lexington Avenue | 19th Floor | New York | NY | 10022 | | 212-826-1100 | 212-317-4893 | oiglesias@wlross.com | Counsel for WL. Ross & Co., LLC |
| Womble Carlyle Sandridge & Rice, PLLC | Lillian H. Pinto | 300 North Greene Street | Suite 1900 | Greensboro | NC | 27402 | | 336-574-8058 | 336-574-4528 | lpinto@wcsr.com | Counsel for Armacell |
| Zeichner Ellman & Krause LLP | Peter Janovsky | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | pjanovsky@zeklaw.com | Counsel for Toyota Tsusho America, Inc. |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | skrause@zeklaw.com | Counsel for Toyota Tsusho America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 17 of 17

4/21/2006 8:50 AM
2002 lists

# EXHIBIT C

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|------------------|
| Ajamie LLP | Wallace A. Showman | 1350 Avenue of the Americas | 29th Floor | New York | NY | 10019 | | 212-246-6820 | Counsel for SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| King & Spalding, LLP | Alexandra B. Feldman | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | Counsel for Martinrea International, Inc. |
| Klett Rooney Lieber & Schorling | Eric L. Schnabel | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | | 302-552-4200 | Counsel for Entergy |
| Morris, Nichols, Arsht and Tunnell | Michael G. Busenkell | PO Box 1347 | | Wilmington | DE | 19899-1347 | | 302-658-9200 | Counsel for Chicago Miniature Optoelectronic Technologies, Inc. |
| O'Rourke Katten & Moody | Michael C. Moody | 161 N. Clark Street | Suite 2230 | Chicago | IL | 60601 | | 312-849-2020 | Counsel for Ameritech Credit Corporation d/b/a SBC Capital Services |
| Professional Technologies Services | John V. Gorman | P.O. Box #304 | | Frankenmuth | MI | 48734 | | 989-385-3230 | Corporate Secretary for Professional Technologies Services |

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
In re:                                      :
                                            :        Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :
                                            :        Case No. 05–44481 (RDD)
                        Debtors.            :
                                            :        (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIRD SUPPLEMENTAL ORDER UNDER 11 U.S.C. §§ 102(1) AND 105
AND FED. R. BANKR. P. 2002(m), 9006, 9007, AND 9014 ESTABLISHING
OMNIBUS HEARING DATES AND CERTAIN NOTICE, CASE
MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

("THIRD SUPPLEMENTAL CASE MANAGEMENT ORDER")

Upon the motion, dated October 8, 2005 (the "Motion"),[1] of Delphi Corporation

and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the

above captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 102(1),

105(a), and 105(d) and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014, establishing (a)

omnibus hearing dates, (b) certain notice, case management, and administrative procedures in the

Debtors' chapter 11 cases, and (c) scheduling an initial case conference in accordance with Rule

1007-2(e) of the Local Bankruptcy Rules for the United States Bankruptcy Court for Southern

District of New York; and this Court having entered an order granting the Motion on October 14,

2005 (Docket No. 245), a supplemental order on March 20, 2006 (Docket No. 2883) (the

"Supplemental Order") and a second supplemental order on March 28, 2006 (Docket No. 2995)

(the "Second Supplemental Order"); and this Court having determined that changing the hearing

---

[1]         Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the
            Motion.

1

date on which this Court shall conduct the Omnibus Hearing scheduled for June 15, 2006 in the

manner set forth herein is appropriate and in the best interests of the Debtors, their estates, their

creditors, and other parties-in-interest; and after due deliberation thereon, and good and sufficient

cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

The Supplemental Order and Second Supplemental Order shall continue in full

force and effect except as follows:

Paragraph 3 of the Supplemental Order shall be amended to provide that the

Omnibus Hearing Date originally scheduled for June 15, 2006 at 10:00 a.m. (Prevailing Eastern

Time) shall be changed to June 20, 2006 at 10:00 a.m. (Prevailing Eastern Time).


Dated: New York, New York
     April 20, 2006

                                   __/s/ Robert D. Drain_____
                                   UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT E

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SUPPLEMENTAL APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(a), 328(a),
AND 1107(b) AUTHORIZING (I) EMPLOYMENT AND RETENTION OF KPMG LLP AS
ADVISORY AND VALUATION ADVISORS TO DEBTORS, EFFECTIVE NUNC PRO
TUNC TO FEBRUARY 16, 2006, (II) CONTINUED RETENTION OF KPMG LLP AS TAX
ADVISORS TO DEBTORS, EFFECTIVE NUNC PRO TUNC TO JANUARY 1, 2006, AND
(III) ADDITIONAL INTERNATIONAL EXECUTIVE TAX SERVICES TO BE RENDERED
BY KPMG LLP TO DEBTORS EFFECTIVE NUNC PRO TUNC TO JANUARY 18, 2006

("KPMG LLP SUPPLEMENTAL RETENTION APPLICATION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this application (the "Supplemental Application") for entry of an order under 11

U.S.C. §§ 327(a), 328(a), and 1107(b) and Rule 2014 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") authorizing (i) the employment and retention of KPMG LLP

as advisory and valuation advisors to the Debtors, effective nunc pro tunc to February 16, 2006,

(ii) the continued retention of KPMG LLP as tax advisors to the Debtors, effective nunc pro tunc

to January 1, 2006, and (iii) additional international executive tax services to be rendered by

KPMG LLP to the Debtors, effective <u>nunc</u> <u>pro</u> <u>tunc</u> to January 18, 2006.  In support of this

Supplemental Application, the Debtors submit the First Supplemental Affidavit of Gary A.

Silberg, sworn to April 20, 2006 (the "First Supplemental Affidavit"), attached hereto as <u>Exhibit</u>

<u>A</u>.  This Supplemental Application supplements that certain application, dated February 14,

2006, pursuant to sections 327(a), 328(a) and 1107(b) and Rule 2014 of the Federal Rules of

Bankruptcy Procedure for authorization to retain KPMG LLP as tax and transaction services

advisors to the Debtors, effective <u>nunc</u> <u>pro</u> <u>tunc</u> to October 8, 2005 (Docket No. 2366) (the

"Original Application").  In further support of this Supplemental Application, the Debtors

respectfully represent as follows:

Background

A.    The Chapter 11 Filings

1.    On October 8, 2005 (the "Petition Date"), 39 of 42 Debtors, and on October

14, 2005, the remaining Debtors, filed voluntary petitions in this Court for reorganization relief

under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the

"Bankruptcy Code").  The Debtors continue to operate their businesses and manage their

properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.  This Court entered orders directing the joint administration of the Debtors' chapter 11

cases (Docket Nos. 28 and 404).

2.    On October 17, 2005, the Office of the United States Trustee (the "U.S.

Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee").

No trustee or examiner has been appointed in the Debtors' cases.

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

4.    The statutory predicates for the relief requested herein are sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code and Bankruptcy Rule 2014.

B.    Current Business Operations Of The Debtors

5.    With more than 180,000 employees worldwide, global 2004 revenues of approximately $28.6 billion, and global assets as of August 31, 2005 of approximately $17.1 billion,[1] Delphi ranks as the fifth largest public company business reorganization in terms of revenues, and the thirteenth largest public company business reorganization in terms of assets. Delphi's non-U.S. subsidiaries are not chapter 11 debtors, will continue their business operations without supervision from the Bankruptcy Court, and will not be subject to the chapter 11 requirements of the U.S. Bankruptcy Code.

6.    Over the past century, the operations which are now owned by Delphi have become a leading global technology innovator with significant engineering resources and technical competencies in a variety of disciplines.  Today, the Company (as defined below) is arguably the single largest global supplier of vehicle electronics, transportation components, integrated systems and modules, and other electronic technology.  The Company's technologies and products are present in more than 75 million vehicles on the road worldwide.  The Company supplies products to nearly every major global automotive original equipment manufacturer with 2004 sales to its former parent, General Motors Corporation ("GM"), equaling approximately $15.4 billion and sales to each of Ford Motor Company, DaimlerChrysler Corporation, Renault/Nissan Motor Company, Ltd., and Volkswagen Group exceeding $850 million.

7.    As part of its growth strategy, Delphi has established an expansive global presence with a network of manufacturing sites, technical centers, sales offices, and joint

---

[1]    The aggregated financial data used in this Supplemental Application generally consists of consolidated information from Delphi and its worldwide subsidiaries and affiliates.

ventures located in every major region of the world.  In the U.S., the Debtors employ

approximately 50,600 people.  Those employees work in approximately 44 manufacturing sites

and 13 technical centers across the country, and in Delphi's worldwide headquarters and

customer center located in Troy, Michigan.  Approximately 34,750 of these individuals are

hourly employees, 96% of whom are represented by approximately 49 different international and

local unions.  Outside the United States, the Company's foreign entities employ more than

134,000 people, supporting 120 manufacturing sites and 20 technical centers across nearly 40

countries worldwide.

        8.    Delphi was incorporated in Delaware in 1998 as a wholly-owned subsidiary

of GM.  Prior to January 1, 1999, GM conducted the Company's business through various

divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these divisions

and subsidiaries were transferred to Delphi and its subsidiaries and affiliates (collectively, the

"Company") in accordance with the terms of a Master Separation Agreement between Delphi

and GM.  In connection with these transactions, Delphi accelerated its evolution from a North

American-based, captive automotive supplier to a global supplier of components, integrated

systems, and modules for a wide range of customers and applications.  Although GM is still the

Company's single largest customer, today more than half of Delphi's revenue is generated from

non-GM sources.

        9.    Due to the significant planning that goes into each vehicle model, Delphi's

efforts to generate new business do not immediately affect its financial results, because supplier

selection in the auto industry is generally finalized several years prior to the start of production

of the vehicle.  When awarding new business, which is the foundation for the Company's

forward revenue base, customers are increasingly concerned with the financial stability of their

supply base.  The Debtors believe that they will maximize stakeholder value and the Company's

future prospects if they stabilize their businesses and continue to diversify their customer base.

The Debtors also believe that this must be accomplished in advance of the expiration of certain

benefit guarantees between GM and certain of Delphi's unions representing most of its U.S.

hourly employees which coincides with the expiration of the Company's U.S. collective

bargaining agreements in the fall of 2007.

C.    Events Leading To Chapter 11 Filing

    10.    In the first two years following Delphi's separation from GM, the Company

generated more than $2 billion in net income.  Every year thereafter, however, with the exception

of 2002, the Company has suffered losses.  In calendar year 2004, the Company reported a net

operating loss of $482 million on $28.6 billion in net sales.  Reflective of a downturn in the

marketplace, Delphi's financial condition has deteriorated further in the first six months of 2005.

The Company experienced net operating losses of $608 million for the first six months of

calendar year 2005 on six-month net sales of $13.9 billion, which is approximately $1 billion

less in sales than during the same time period in calendar year 2004.[2]

    11.    The Debtors believe that three significant issues have largely contributed to

the deterioration of the Company's financial performance:  (a) increasingly unsustainable U.S.

legacy liabilities and operational restrictions driven by collectively bargained agreements,

including restrictions preventing the Debtors from exiting non-strategic, non-profitable

operations, all of which have the effect of creating largely fixed labor costs, (b) a competitive

U.S. vehicle production environment for domestic OEMs resulting in the reduced number of

---

[2]    Reported net losses in calendar year 2004 were $4.8 billion, reflecting a $4.1 billion tax charge, primarily
related to the recording of a valuation allowance on the U.S. deferred tax assets as of December 31, 2004.

motor vehicles that GM produces annually in the United States and related pricing pressures, and (c) increasing commodity prices.

12.    In light of these factors, the Company determined that it would be imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product portfolio, operational issues, and forward looking revenue requirements.  Having concluded that pre-filing discussions with its unions and GM were not leading to the implementation of a plan sufficient to address the Debtors' issues on a timely basis, the Company determined to commence these chapter 11 cases for its U.S. businesses to complete the Debtors' transformation plan and preserve value.

13.    Through the reorganization process, the Debtors intend to achieve competitiveness for Delphi's core U.S. operations by modifying or eliminating non-competitive legacy liabilities and burdensome restrictions under current labor agreements and realigning Delphi's global product portfolio and manufacturing footprint to preserve the Company's core businesses.  This will require negotiation with key stakeholders over their respective contributions to the restructuring plan or, absent consensual participation, the utilization of the chapter 11 process to achieve the necessary cost savings and operational effectiveness envisioned in the Company's transformation plan.  The Debtors believe that a substantial segment of Delphi's U.S. business operations must be divested, consolidated, or wound-down through the chapter 11 process.

14.    Upon the conclusion of this process, the Debtors expect to emerge from chapter 11 as a stronger, more financially sound business with viable U.S. operations that are well-positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal all of its resources to continue to deliver value and high-quality products to its customers globally.

Additionally, the Company will preserve and continue the strategic growth of its non-U.S.

operations and maintain its prominence as the world's premier auto supplier.

The Original Application

15.    On February 15, 2006, the Debtors filed the Original Application pursuant

to the terms of certain engagement letters, by and between the Debtors and KPMG LLP, each as

described and defined therein (the "Original Engagement Letters").

16.    On March 3, 2006, this Court entered an order approving the Original

Application, pursuant to the terms of the Original Engagement Letters, effective nunc pro tunc to

October 8, 2005 (Docket No. 2653) (the "Original KPMG Order").

Relief Requested

17.    By this Supplemental Application, the Debtors respectfully request entry of

an order under sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code and Bankruptcy

Rule 2014, authorizing (i) the employment and retention of KPMG LLP as advisory and

valuation advisors to the Debtors, effective nunc pro tunc to February 16, 2006, pursuant to the

terms and conditions set forth in that certain engagement letter for advisory and valuation

services, dated February 16, 2006, annexed to the First Supplemental Affidavit as Exhibit "A"

(the "Advisory and Valuation Engagement Letter"), (ii) the continued retention of KPMG LLP as

tax advisors to the Debtors, effective nunc pro tunc to January 1, 2006, pursuant to that certain

letter agreement, dated February 21, 2006, annexed to the First Supplemental Affidavit as

Exhibit "B" (the "Supplemental Tax Consulting Engagement Letter"), extending the term of that

certain tax consulting engagement letter, dated March 1, 2005 and amended by letter agreement,

dated May 23, 2005, annexed to the First Supplemental Affidavit as Exhibit "C" (the "Original

Tax Consulting Engagement Letter"), and (iii) additional international executive tax services to

be rendered by KPMG LLP to the Debtors effective <u>nunc</u> <u>pro</u> <u>tunc</u> to January 18, 2006, pursuant

to that certain letter agreement, dated January 18, 2006, executed on March 8, 2006, annexed to

the First Supplemental Affidavit as Exhibit "D" (the "January 18 IES Engagement Letter"), and

certain amendments to the pricing provisions of that certain international executive tax services

letter agreement, dated October 5, 2004, amended on November 3, 2004, annexed to the First

Supplemental Affidavit as Exhibit "E" (the "Original IES Engagement Letter"), as set forth in

that certain letter agreement, dated March 20, 2006, annexed to the First Supplemental Affidavit

as Exhibit "F" (the "March 20 IES Amendment," and together with the January 18 IES

Engagement Letter, the "Supplemental IES Engagement Letters," and together with the Advisory

and Valuation Engagement Letter and the Supplemental Tax Consulting Engagement Letter, the

"Supplemental Engagement Letters").

<u>Scope Of Services</u>

18.    In accordance with the Advisory and Valuation Engagement Letter, KPMG

LLP will provide such advisory and valuation services as KPMG LLP and the Debtors deem

appropriate and feasible in order to advise the Debtors and their subsidiaries and affiliates in the

course of these chapter 11 cases, including, but not limited to, the following:

  i.    analysis of potential impairment charges in accordance with Statements
        of Financial Accounting Standards (SFAS) 142 and 144 related to
        goodwill, intangibles, and long-lived assets; and

  ii.   assistance to the Debtors with initial planning for the Fresh Start
        valuation exercise in connection with the Debtors' future emergence
        from chapter 11.

19.    In accordance with the Supplemental Tax Consulting Engagement Letter,

KPMG LLP will continue to provide tax consulting services to the Debtors on terms and

conditions identical to those set forth in the Original Tax Consulting Engagement Letter, other

than the extension of the term of such agreement until December 31, 2006.

20.    In accordance with the January 18 IES Engagement Letter, KPMG LLP will

provide certain international executive services to the Debtors in addition to those set forth in the

Original IES Engagement Letter, including, but not limited to, the following:

> i.    prior to assignment services, (a) prepare cost projection including
> revisions, (b) prepare draft expatriate agreement, and (c) prepare draft
> pay calc;
>
> ii.    at the beginning of assignment services, (a) prepare final expatriate
> agreement and pay calc and participate in orientation, (b) calculate
> relocation allowance and mobility premium to be paid in month prior to
> assignment and provide to payroll, and (c) calculate first year spending
> account to be paid in first month of assignment and provide to payroll;
>
> iii.    calculate annual spending account on assignment anniversary date and
> provide to payroll; and
>
> iv.    calculate relocation allowance less outstanding tax and pro-rata spending
> account due from employee.

KPMG LLP will provide these additional international executive tax services to the Debtors on

the terms and conditions set forth in the January 18 IES Engagement Letter and the Original IES

Engagement Letter, as amended by the March 20 IES Amendment.

21.    The services to be provided by KPMG LLP to the Debtors will not be

unnecessarily duplicative of those provided by any other of the Debtors' professionals, and

KPMG LLP will coordinate any services performed at the Debtors' request with the Debtors'

other professionals, including financial advisors, accountants, and counsel, as appropriate, to

avoid duplication of efforts.

22.    Subject to this Court's approval of the Supplemental Application, KPMG

LLP is willing to (i) serve as the Debtors' advisory and valuation advisors and to perform the

services described in the Advisory and Valuation Engagement Letter on the terms set forth

therein, (ii) continue to provide tax consulting services to the Debtors and to perform the services

described in the Original Tax Consulting Engagement Letter and the Supplemental Tax

Consulting Engagement Letter on the terms set forth therein, and (iii) provide additional

international executive tax services described in the January 18 IES Engagement Letter on the

terms set forth therein and the Original IES Engagement Letter, as amended by the March 20 IES

Amendment.

Qualifications of Professionals

23.    The Debtors have selected KPMG LLP as one of their advisory and

valuation and tax advisors because of the firm's diverse experience and extensive knowledge in

the fields of accounting and taxation.

24.    The Debtors have employed KPMG LLP as financial and tax advisors since

1999.  By virtue of its prior engagements, KPMG LLP has developed a significant amount of

institutional knowledge regarding the Debtors' books, records, financial information, and other

data maintained by the Debtors.  Such experience and knowledge will be valuable to the Debtors

in their efforts to reorganize.  Accordingly, the Debtors wish to retain KPMG LLP to provide

assistance during these chapter 11 cases.

25.    The services of KPMG LLP are deemed necessary to enable the Debtors to

maximize the value of their estates and to reorganize successfully.  Further, KPMG LLP is

well-qualified and able to represent the Debtors in a cost-effective, efficient, and timely manner.

Disinterestedness of Professionals

26.    The Affidavit of Patrick N. Karpen, sworn to February 9, 2006 and filed in

support of the Original Application (the "Original Affidavit"), and the First Supplemental

Affidavit filed in support of this Supplemental Application contain information available as of the date hereof with respect to KPMG LLP's connections with other parties-in-interest, as required by Bankruptcy Rule 2014(a).  Based on the information set forth in the Original Affidavit and the First Supplemental Affidavit, the Debtors submit that KPMG LLP and the professionals in the firm are "disinterested persons," as that term is used in section 101(14) of the Bankruptcy Code, and are otherwise eligible to be retained under section 327(a) of the Bankruptcy Code.

<u>Professional Compensation</u>

27.    Subject to this Court's approval and pursuant to the terms and conditions of the Supplemental Engagement Letters, KPMG LLP's requested compensation for professional services rendered to the Debtors will be based upon the hours actually expended by each assigned staff member at each staff member's hourly billing rate.

28.    The rates included in this Supplemental Application (exclusive of discounts) are KPMG LLP's normal and customary rates for matters of this sort.  In the normal course of business, KPMG LLP revises its hourly rates on October 1st of each year.  Subject to this Court's approval, KPMG LLP requests that the rates listed below be revised to the hourly rates that will be in effect at such time.

29.    KPMG LLP has agreed to apply a voluntary discount of 20% as set forth in the Advisory and Valuation Engagement Letter.  The hourly rates for the advisory and valuation services to be rendered by KPMG LLP are as follows:

| Advisory and Valuation Services: | Net Hourly Rate after application of 20% discount: |
|---|---|
| Partner | $620 |
| Director | $600 |
| Manager | $488 |
| Senior | $376 |
| Staff | $312 |

30.    The hourly rates for the tax consulting services to be rendered by KPMG LLP pursuant to the Supplemental Tax Consulting Engagement Letter are identical to those set forth in the Original Tax Consulting Engagement Letter.

31.    The rates for the additional international executive tax services to be rendered by KPMG LLP pursuant to the January 18 IES Engagement Letter are as set forth in the Original IES Engagement Letter, except as modified by the January 18 IES Engagement Letter and as amended by the March 20 IES Amendment.  Specifically, the January 18 IES Engagement Letter modifies the Original IES Engagement Letter and provides that the fees for the compliance services detailed in the Original IES Engagement Letter will be billed at the lesser of (i) the fees set forth in the Original IES Engagement Letter and (ii) the actual time incurred to complete the tax return or task at KPMG LLP's standard hourly rate plus out-of-pocket expenses and the lesser of (i) the fees related to services proivded by KPMG member firms as indicated in the original fee schedule and (ii) the actual time incurred to complete the tax return or task at the KPMG member firm's standard hourly rates.

32.    In addition, the March 20 IES Amendment provides for a certain pricing addendum to Exhibit E of the Original IES Engagement Letter and similarly provides that such services will be billed at the lesser of (i) the fees set forth in the addendum and (ii) the actual

time incurred to complete the services at KPMG LLP's standard hourly rate.  The fees set forth in

the addendum are as follows:

| Services: | Fees: |
|---|---|
| Prepare amended US income tax returns for employees assigned to the Mexican border | $375 |
| Prepare monthly Mexican non-resident income tax withholding calculation for employees assigned to the Mexican Border | $40 |
| Prepare and compile payments at host information for employees assigned from the US, expatriates assigned to the US, and expatriates assigned to and from non-US countries | $375 |

33.    KPMG LLP also will seek reimbursement of incurred necessary expenses

such as travel, photocopying, delivery service, postage, vendor charges, and other out-of-pocket

expenses incurred in providing professional services.  KPMG LLP will seek such

reimbursements in accordance with guidelines established by the U.S. Trustee.

34.    The Debtors believe that KPMG LLP's fees are fair and reasonable in light

of industry practice, market rates both in and out of chapter 11 proceedings, KPMG LLP's

experience in reorganizations, and KPMG LLP's importance to these cases.

<u>Dispute Resolution Procedures, Indemnification, and Limitation on Liability</u>

35.    The terms of the Advisory and Valuation Engagement Letter are

substantially similar to the terms set forth in the Original Engagement Letters with respect to

dispute resolution procedures.  The indemnification and limitation on liability provisions of the

Advisory and Valuation Engagement Letter are substantially similar to the indemnification and

limitation on liability provisions set forth in the Master Services Engagement Letter (as defined

in the Original Application).

36.    The terms of the Supplemental Tax Consulting Engagement Letter are identical to the terms set forth in the Original Tax Consulting Engagement Letter with respect to dispute resolution procedures, indemnification, and limitation on liability.

37.    The terms of the Supplemental IES Engagement Letters are identical to the terms set forth in the Original IES Engagement Letter with respect to dispute resolution procedures, indemnification, and limitation on liability.

## Conclusion

38.    For the foregoing reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors and their estates and creditors and should be approved.

## Notice

39.    Notice of this Supplemental Application has been provided in accordance with the Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance With Local Bankr. R. 1007-2(e) entered by this Court on October 14, 2005 (Docket No. 245).  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

## Memorandum Of Law

40.    Because the legal points and authorities upon which this Supplemental Application relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

WHEREFORE, the Debtors respectfully request that this Court enter an order authorizing (a) the employment and retention of KPMG LLP as advisory and valuation advisors to the Debtors, consistent with the terms and conditions set forth in the Advisory and Valuation Engagement Letter, effective nunc pro tunc to February 16, 2006, (b) the continued retention of KPMG LLP as one of the tax advisors to the Debtors, consistent with the terms of the Supplemental Tax Consulting Engagement Letter, effective nunc pro tunc to January 1, 2006, (c) additional international executive tax services to be rendered by KPMG LLP to the Debtors consistent with the terms and conditions set forth in the Supplemental IES Engagement Letters, effective nunc pro tunc to January 18, 2006, and (d) granting such other and further relief as is just.

Dated:    New York, New York
          April 20, 2006

          DELPHI CORPORATION, on behalf of itself and
          certain of its subsidiaries and affiliates, as Debtors
          and Debtors-in-possession

          By:  /s/ John D. Sheehan
               Name: John D. Sheehan
               Title: Vice President and Chief Restructuring
                      Officer

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                    :
      In re                :     Chapter 11
                    :
DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)
                    :
              Debtors.   :     (Jointly Administered)
                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FIRST SUPPLEMENTAL AFFIDAVIT OF GARY A. SILBERG IN SUPPORT
OF SUPPLEMENTAL APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(a),
328(a), AND 1107(b) AUTHORIZING (I) EMPLOYMENT AND RETENTION OF
KPMG LLP AS ADVISORY AND VALUATION ADVISORS TO DEBTORS,
EFFECTIVE NUNC PRO TUNC TO FEBRUARY 16, 2006, (II) THE CONTINUED
RETENTION OF KPMG LLP AS TAX ADVISORS TO DEBTORS, EFFECTIVE NUNC PRO
TUNC TO JANUARY 1, 2006, AND (III) ADDITIONAL INTERNATIONAL EXECUTIVE
TAX SERVICES TO BE RENDERED BY KPMG LLP TO DEBTORS
EFFECTIVE NUNC PRO TUNC TO JANUARY 18, 2006

State of Michigan    )
                  ) ss:
City of Saginaw     )

Gary A. Silberg, being duly sworn, deposes and states as follows:

       1.     I am a Certified Public Accountant and a partner of KPMG LLP, a professional

services firm.  I submit this first supplemental affidavit (the "First Supplemental Affidavit") on

behalf of KPMG LLP in support of the supplemental application (the "Supplemental

Application")[1] of Delphi Corporation, and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an

order, pursuant to sections 327(a), 328(a), and 1107(b) of title 11 of the United States Code, as

amended (the "Bankruptcy Code"), authorizing (i) the employment and retention of KPMG LLP as

---

[1]     Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the
Supplemental Application or the Original Affidavit (as defined below).

advisory and valuation advisors to the Debtors, effective <u>nunc</u> <u>pro</u> <u>tunc</u> to February 16, 2006,

pursuant to the terms and conditions set forth in that certain engagement letter for advisory and

valuation services, dated February 16, 2006, annexed hereto as Exhibit "A" (the "Advisory and

Valuation Engagement Letter"), (ii) the continued retention of KPMG LLP as tax advisors to the

Debtors, effective <u>nunc</u> <u>pro</u> <u>tunc</u> to January 1, 2006, pursuant to that certain letter agreement, dated

February 21, 2006, annexed hereto as Exhibit "B" (the "Supplemental Tax Consulting

Engagement Letter"), extending the term of that certain tax consulting engagement letter, dated

March 1, 2005 and amended by letter agreement, dated May 23, 2005, annexed hereto as Exhibit

"C" (the "Original Tax Consulting Engagement Letter"), and (iii) additional international

executive tax services to be rendered by KPMG LLP to the Debtors effective <u>nunc</u> <u>pro</u> <u>tunc</u> to

January 18, 2006, pursuant to that certain letter agreement, dated January 18, 2006, executed on

March 8, 2006, annexed hereto as Exhibit "D" (the "January 18 IES Engagement Letter"), and

certain amendments to the pricing provisions of that certain international executive tax services

letter agreement, dated October 5, 2004, amended on November 3, 2004, annexed hereto as

Exhibit "E" (the "Original IES Engagement Letter"), as set forth in that certain letter agreement,

dated March 20, 2006, annexed hereto as Exhibit "F" (the "March 20 IES Amendment," and

together with the January 18 IES Engagement Letter, the "Supplemental IES Engagement Letters,"

and together with the Advisory and Valuation Engagement Letter and the Supplemental Tax

Consulting Engagement Letter, the "Supplemental Engagement Letters").  This First

Supplemental Affidavit hereby incorporates by reference the Affidavit of Patrick N. Karpen,

sworn to February 9, 2006 (the "Original Affidavit"), filed in support of the application, dated

February 14, 2006, pursuant to sections 327(a), 328(a), and 1107(b) and Rule 2014 of the Federal

Rules of Bankruptcy Procedure for authorization to retain KPMG LLP as tax and transaction

services advisors to the Debtors, effective <u>nunc</u> <u>pro</u> <u>tunc</u> to October 8, 2005 (the "Original Application"), pursuant to the terms of the engagement letters as described and defined therein (the "Original Engagement Letters").  On March 3, 2006, the Court entered an order approving the Original Application, effective <u>nunc</u> <u>pro</u> <u>tunc</u> to October 8, 2005 (the "Original KPMG Order").  Other than with respect to the Supplemental Tax Consulting Engagement Letter, the Supplemental Application requests approval for the Debtors to employ KPMG LLP for services other than those approved under the Original KPMG Order.  I have personal knowledge of the matters set forth herein, and, if called as a witness, would testify competently thereto.[2]

### SERVICES TO BE RENDERED

2.      In accordance with the Advisory and Valuation Engagement Letter, KPMG LLP will provide such advisory and valuation services as KPMG LLP and the Debtors deem appropriate and feasible in order to advise the Debtors and their subsidiaries and affiliates in the course of these chapter 11 cases, including, but not limited to, the following advisory and valuation services:

>    i.    analysis of potential impairment charges in accordance with Statements of Financial Accounting Standards (SFAS) 142 and 144 related to goodwill, intangibles, and long-lived assets; and
>
>    ii.   assistance to the Debtors with initial planning for the Fresh Start valuation exercise in connection with the Debtors' future emergence from chapter 11.

3.      In accordance with the Supplemental Tax Consulting Engagement Letter, KPMG LLP will continue to provide tax consulting services to the Debtors on terms and conditions identical to those set forth in the Original Tax Consulting Engagement Letter, other than the extension of the term of such agreement (pursuant to the Supplemental Tax Consulting Engagement Letter) until December 31, 2006.

---

[2]      Certain of the disclosures herein relate to matters within the knowledge of other professionals at KPMG LLP.

4.      In accordance with the January 18 IES Engagement Letter, KPMG LLP will

provide certain international executive services to the Debtors in addition to those set forth in the

Original IES Engagement Letter, including, but not limited to, the following:

   i.    prior to assignment services, (a) prepare cost projection including
         revisions, (b) prepare draft expatriate agreement, and (c) prepare draft pay
         calc;

  ii.    at the beginning of assignment services, (a) prepare final expatriate
         agreement and pay calc and participate in orientation, (b) calculate
         relocation allowance and mobility premium to be paid in month prior to
         assignment and provide to payroll, and (c) calculate first year spending
         account to be paid in first month of assignment and provide to payroll;

 iii.    calculate annual spending account on assignment anniversary date and
         provide to payroll; and

  iv.    calculate relocation allowance less outstanding tax and pro-rata spending
         account due from employee.

KPMG LLP will provide these additional international executive tax services to the Debtors on the

terms and conditions set forth in the January 18 IES Engagement Letter and the Original IES

Engagement Letter, as amended by the March 20 IES Amendment.

5.      The services to be provided by KPMG LLP to the Debtors will not be unnecessarily

duplicative of those provided by any of the Debtors' other professionals, and KPMG LLP will

coordinate any services performed at the Debtors' request with such professionals, including

financial advisors, accountants and counsel, as appropriate, to avoid duplication of effort.

6.      Subject to this Court's approval of the Supplemental Application, KPMG LLP is

willing to (i) serve as the Debtors' advisory and valuation advisors and to perform the services

described in the Advisory and Valuation Engagement Letter on the terms set forth therein,

(ii) continue to provide tax consulting services to the Debtors and to perform the services

described in the Original Tax Consulting Engagement Letter and the Supplemental Tax

Consulting Engagement Letter on the terms set forth therein, and (iii) provide additional

international executive tax services described in the January 18 IES Engagement Letter on the

terms set forth therein and the Original IES Engagement Letter, as amended by the March 20 IES

Amendment.

## PROFESSIONAL COMPENSATION

7.      Subject to this Court's approval and pursuant to the terms and conditions of the

Supplemental Engagement Letters, KPMG LLP's requested compensation for professional

services rendered to the Debtors will be based upon the hours actually expended by each assigned

staff member at each staff member's hourly billing rate.

8.      The rates included in this First Supplemental Affidavit (exclusive of discounts) are

KPMG LLP's normal and customary rates for matters of this sort.  In the normal course of

business, KPMG LLP revises its hourly rates on October 1st of each year.  Subject to this Court's

approval, KPMG LLP requests that the rates listed below be revised to the hourly rates that will be

in effect at such time.

9.      KPMG LLP has agreed to apply a voluntary discount of 20% as set forth in the

Advisory and Valuation Engagement Letter.  The hourly rates for the advisory and valuation

services to be rendered by KPMG LLP are as follows:

| Advisory and Valuation Services: | Net Hourly Rate after application of 20% discount: |
|---|---|
| Partner | $620 |
| Director | $600 |
| Manager | $488 |
| Senior | $376 |
| Staff | $312 |

10.    The hourly rates for the tax consulting services to be rendered by KPMG LLP pursuant to the Supplemental Tax Consulting Engagement Letter are identical to those set forth in the Original Tax Consulting Engagement Letter.

11.    The rates for the additional international executive tax services to be rendered by KPMG LLP pursuant to the January 18 IES Engagement Letter are as set forth in the Original IES Engagement Letter, except as modified by the January 18 IES Engagement Letter and as amended by the March 20 IES Amendment.  Specifically, the January 18 IES Engagement Letter modifies the Original IES Engagement Letter and provides that the fees for the compliance services detailed in the Original IES Engagement Letter will be billed at the lesser of (i) the fees set forth in the Original IES Engagement Letter and (ii) the actual time incurred to complete the tax return or task at KPMG LLP's standard hourly rate plus out-of-pocket expenses and the lesser of (i) the fees related to services proivded by KPMG member firms as indicated in the original fee schedule and (ii) the actual time incurred to complete the tax return or task at the KPMG member firm's standard hourly rates.

12.    In addition, the March 20 IES Amendment provides for a certain pricing addendum to Exhibit E of the Original IES Engagement Letter and similarly provides that such services will be billed at the lesser of (i) the fees set forth in the addendum and (ii) the actual time incurred to complete the services at KPMG LLP's standard hourly rate.  The fees set forth in the addendum are as follows:

| Services: | Fees: |
|---|---|
| Prepare amended US income tax returns for employees assigned to the Mexican border | $375 |
| Prepare monthly Mexican non-resident income tax withholding calculation for employees assigned to the Mexican Border | $40 |
| Prepare and compile payments at host information for employees assigned from the US, expatriates assigned to the US, and expatriates assigned to and from non-US countries | $375 |

13.    KPMG LLP will also seek reimbursement for necessary expenses incurred, in accordance with guidelines established by the U.S. Trustee, which shall include travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

**OTHER TERMS AND CONDITIONS OF
THE SUPPLEMENTAL ENGAGEMENT LETTERS**

14.    KPMG LLP's provision of services to the Debtors is contingent upon the Court's approval of each term and condition set forth in the Supplemental Engagement Letters, as modified by the proposed order approving the Supplemental Application.

15.    The terms of the Advisory and Valuation Engagement Letter are substantially similar to the terms set forth in the Original Engagement Letters with respect to dispute resolution procedures.  The indemnification and limitation on liability provisions of the Advisory and Valuation Engagement Letter are substantially similar to the indemnification and limitation on liability provisions set forth in the Master Services Engagement Letter (as defined in the Original Application).

16.     The terms of the Supplemental Tax Consulting Engagement Letter are identical to the terms set forth in the Original Tax Consulting Engagement Letter with respect to dispute resolution procedures, indemnification and limitation on liability.

17.     The terms of the Supplemental IES Engagement Letters are identical to the terms set forth in the Original IES Engagement Letter with respect to dispute resolution procedures, indemnification and limitation on liability.

## DISINTERESTEDNESS OF PROFESSIONALS

18.     The Original Affidavit and this First Supplemental Affidavit (collectively, the "Affidavits") contain information on KPMG LLP's connections with other parties-in-interest, as required by Bankruptcy Rule 2014(a).  KPMG LLP maintains procedures, on an ongoing basis, to evaluate its connections with parties-in-interest in the Debtors' chapter 11 cases (the "Conflicts Procedures").  Based on the information in the Affidavits and the Conflicts Procedures, KPMG LLP and the professionals in the firm are "disinterested persons," as that term is used in section 101(14) of the Bankruptcy Code, and are otherwise eligible to be retained under section 327(a) of the Bankruptcy Code.

19.     As set forth in the Original Application, the KPMG global network encompasses independent professional services practices conducted by separate legal entities throughout the world.  KPMG International, a Swiss cooperative, serves as a coordinating entity for a network of member firms operating under the KPMG name.  KPMG International is a member-based entity with no shareholders and no permanent capital.  Each of the member firms of KPMG International (the "KPMG Member Firms") is separate and legally distinct.  KPMG LLP is the United States member firm of KPMG International.  As described in greater detail in the Original Application, subsequent to October 8, 2005 (the "Petition Date"), KPMG LLP has continued to subcontract

with certain KPMG Member Firms (the "Engagement Member Firms") to assist KPMG LLP in the provision of services to the Debtors.

20.    In addition to the disclosures set forth in the Original Affidavit, KPMG discloses the following additional information.

A.    Subsequent to the Petition Date, a Japanese Member Firm of KPMG International ("KPMG Japan") was engaged and commenced providing certain services to an entity (that is not an affiliate of Delphi) regarding the valuation of four non-Debtor affiliates of Delphi: Delphi Calsonic Compressors (France), Delphi Harrison Calsonic (France), Delphi-Calsonic Hungary Manufacturing Limited Company (Hungary), and Calsonic Harrison Co., Ltd. (Japan) (the "Japan Engagement"). Although KPMG Japan is a separate legal entity and will not be providing any services to the Debtors pursuant to the Supplemental Application and/or the Original Application, out of an abundance of caution, KPMG LLP has requested that KPMG Japan and its client find a means that would allow them to terminate the Japan Engagement without undue prejudice to any party. As of the date hereof, it is KPMG LLP's understanding that KPMG Japan has ceased providing services under the Japan Engagement. KPMG Japan is not currently, and it has not been since the Petition Date, an Engagement Member Firm. In addition, no KPMG LLP personnel have been, or will be, involved in the Japan Engagement, and KPMG LLP will not provide services to Delphi in connection with the matters involved in the Japan Engagement. No information, concerning the Japan Engagement or otherwise, will be shared by the Delphi engagement team with KPMG Japan.

B.    Several KPMG Member Firms, including KPMG Japan, also provide services directly to subsidiaries and/or affiliates of Delphi Corporation. These other

KPMG Member Firms are those located in Australia, Austria, Belgium, Botswana, Brazil, Canada, China, Czech Republic, France, Germany, Hungary, India, Italy, Japan, Luxembourg, Malaysia, Mexico, Morocco, Poland, Portugal, Romania, Russia, Singapore, Slovakia, South Korea, Spain, Sweden, Switzerland, Taiwan, Thailand, Turkey, and the United Kingdom.  The Delphi subsidiaries and affiliates for which these services are provided are not Debtors in these chapter 11 cases.  KPMG LLP does not share in the revenue received by these KPMG Member Firms for any of these services.

C.    Several KPMG Member Firms provide certain tax advisory services, including, international executive services, to foreign subsidiaries and/or affiliates of General Motors Corporation ("GM") and provide similar tax advisory services to certain non-Debtor affiliates of the Debtors.  These services are not adversarial to any entity but, rather, are provided in the context of such KPMG Member Firms advising such foreign affiliates of GM and non-Debtor affiliates of the Debtors and/or their respective employees on their respective tax liabilities.

D.    Several KPMG Member Firms provide certain services directly to the Debtors unrelated to the services provided by KPMG LLP to the Debtors under the Original Engagement Letters and/or the Supplemental Engagement Letters.  These KPMG Member Firms receive payment directly from the Debtors for such services and are listed by the Debtors as ordinary course professionals ("KPMG Ordinary Course Professionals") on exhibits annexed to certain pleadings filed in these chapter 11 cases.  KPMG LLP is not supervising, and has no connection to the services provided by, the KPMG Ordinary Course Professionals.

21.    KPMG LLP's identification of material relationships is ongoing.  If and when additional information becomes available with respect to any other relationships which may exist between KPMG LLP, KPMG Member Firms, or their partners and professionals and the Debtor, creditors, or any other parties-in-interest which may affect these chapter 11 cases, supplemental affidavits describing such information will be filed with this Court.

22.    In accordance with section 504 of the Bankruptcy Code, I hereby state that there is no agreement or understanding between KPMG LLP and any other entity, other than a member, partner or regular associate of KPMG LLP, for the sharing of compensation received or to be received for services rendered under the Supplemental Engagement Letters.

23.    This First Supplemental Affidavit is provided in accordance with section 327 of the Bankruptcy Code and Bankruptcy Rule 2014.

Dated:        Saginaw, Michigan
              April 20, 2006


                              By:  /s/ Gary A. Silberg
                                   Name: Gary A. Silberg
                                   Title:  Partner


Sworn to before me on
this 20 day of April, 2006

/s/ Paula L. Dils
Notary Public
Paula L. Dils
Notary Public, Saginaw County, Michigan
My Commission Expires April 22, 2006



KPMG LLP
303 East Wacker Drive
Chicago, IL  60601

Telephone  312 665 1000
Fax            312 665 6038
Internet     www.us.kpmg.com

February 16, 2006

Mr. John D. Sheehan
Controller, Chief Accounting Officer & Chief Restructuring Officer
Delphi
5725 Delphi Drive
Troy, Michigan  48098-2815

Dear John:

We appreciate the opportunity for KPMG LLP ("KPMG" or "we") to assist Delphi ("Delphi",
the "Company", or "you") related to your gathering evidence to support your analysis of
potential impairment charges in accordance with Statements of Financial Accounting Standards
(SFAS) 142 and 144 related to goodwill, intangibles, and long-lived assets.  In addition, we will
assist you with initial planning for your Fresh Start valuation exercise in connection with your
future emergence from Bankruptcy.  This letter outlines the background, scope, timeline and
professional fees for this project.

## BACKGROUND

In connection with your December 31, 2005 financial statements, Delphi Management conducted
a review for impairment of your long-lived assets and intangible assets, including goodwill, by
applying the provisions of SFAS Nos. 142 and 144.  As a result, Management identified 21 plant
locations (12 in Western Europe, 1 in India, and 8 in North America) which had indicators of
impairment at December 31, 2005 under SFAS 144, for which Management recognized a
preliminary impairment charge at year-end.  In addition, Management identified four reporting
units under SFAS 142 which had indicators of goodwill impairment after applying the provisions
of the SFAS 142 and recognized a preliminary impairment charge at year-end.  An additional
reporting unit may also have goodwill impairment upon further refinement of the internal
estimates utilized.

In making its assessment, Management utilized valuation assumptions, cash flow projections and
other supporting data and performed a calculation to support its conclusions on the existence of
impairments and to measure the amount of the impairment charges preliminarily recognized.  In
conducting its audit, the Company's auditors, Deloitte & Touche LLP, and Management have
requested enhanced evidential support for Management's conclusions and impairment
measurements through additional analysis and evidential support through engagement of an
external valuation consultant.

Given the unique circumstances facing Delphi as a result of its Debtor-in-Possession status and
prospective emergence from Bankruptcy and application of Fresh Start reporting in connection
therewith, the Company desires to consider the scope, design, planning, and evidential support
that can be gathered to meet the current objectives to support the 2005 impairment analysis, and
also to consider the implications on the planning for and design of the process for valuing the
tangible and intangible assets and liabilities of Delphi for Fresh Start purposes.

KPMG LLP, a U.S. limited liability partnership, is the U.S.
member firm of KPMG International, a Swiss cooperative.



Mr. John D. Sheehan
Delphi
February 16, 2006
Page 2

## SCOPE

### *SFAS 142*

You have requested that we perform the following:

- Detailed reading of the reporting unit balance sheets prepared by management, including gaining an understanding of the methodologies utilized to allocate shared asset and liabilities to reporting units.

- Preparation of fair value estimates for each reporting unit based upon market participant information.

- To the extent the fair value estimate of the reporting unit is less than the net book value of the reporting unit, complete an allocation of the fair value of the reporting unit to the assets and liabilities of that unit (including any unrecognized intangible assets or unrecorded liabilities such as contracts that are not at market value).

- Issuance of a valuation reporting covering the fair value estimates of each reporting unit as well as the "purchase price allocation" of the fair value to the assets and liabilities of each reporting unit.

- Assistance with completing the formal accounting documentation (memoranda, discussions with external auditors as required, etc.) to support the conclusions reached in accordance with FAS 142.

We anticipate that the scope of our assistance under Step 1 will include the valuation of each of the Reporting Units of Delphi that contain goodwill. Both SFAS 142 and SFAS 144 include a two-step approach to test for and measure impairment. For SFAS 142 the approach is equivalent to a business valuation and, if necessary, a purchase price allocation. The steps are as follows:

**Step 1**      Compare the fair value of a reporting unit to its carrying amount, including goodwill. If the fair value of the reporting unit is greater than its carrying amount, goodwill is not considered impaired.

**Step 2**      If the fair value of the reporting unit is less than its carrying amount, the amount of the impairment loss, if any, must be measured. The amount of the impairment loss, if any, is measured by comparing the implied fair value of goodwill to its carrying amount. If the carrying amount of goodwill exceeds its implied fair value, an impairment loss is recognized equal to that excess.

*KPMG*

Mr. John D. Sheehan
Delphi
February 16, 2006
Page 3

The fair value of goodwill is valued in the same manner that goodwill is calculated in a business combination. The entity should allocate the fair value of the reporting unit to *all* of the assets and liabilities of that unit (including any unrecognized intangible assets) as if the reporting unit had been acquired in a business combination and the fair value of the reporting unit was the purchase price. The excess "purchase price" over the amounts assigned to assets and liabilities would be the implied fair value of goodwill. This allocation would be performed only for purposes of testing goodwill for impairment and entities would not record the "step-up" in net assets or any unrecognized intangible assets.

Therefore, if required, our assistance related to any impairment quantification under Step 2 will consist of:

• Valuation of the tangible and intangible assets of each of the required Reporting Units; and

• Calculation of the goodwill impairment.

We have assumed for purposes of this proposal that, as a part of Step 1, Delphi will provide management's allocation of current assets, tangible assets, shared assets and all liabilities to the individual Reporting Units. The assets will include an allocation of the goodwill to each Reporting Unit. In addition, we assume that Delphi will provide separate historical and projected income statements for each Reporting Unit and that the income statements will contain all corporate allocations. We will read this allocation and provide Delphi commentary on any observations resulting from our procedures.

### *SFAS 144*

You have requested that we perform the following:

• Completion of Step 1 (development of undiscounted cash flows and comparison to the net book value of assets) for shared assets including corporate and divisional headquarters, technical centers, sales centers and other assets outside of plant manufacturing locations and Step 2 valuation of such assets, to the extent required by the results of Step 1. The assets included in this evaluation are located around the world, management is currently in the process of developing a listing of the assets included herein.

• Completion of additional Step 2 valuations as required, if indicated throughout the course of the project. Scope of this requirement to be defined as additional information becomes available.



Mr. John D. Sheehan
Delphi
February 16, 2006
Page 4

- Assistance with completing the formal accounting documentation (memoranda, discussions with external auditors as required, etc.) to support the conclusions reached in accordance with FAS 144.

To achieve this request, KPMG will provide valuation studies to determine the valuation of long-lived assets, amortizing intangible assets, and non-amortizing intangible assets and goodwill for the identified plant locations and reporting units in connection with the Company's application of SFAS 142 and 144 at December 31, 2005. In connection therewith, we will provide you with consultation and advice on the proposed scope of the valuation exercise, sampling approaches that are acceptable when addressing large numbers of assets in a relatively homogenous population, valuation assumptions and methodology, and evidential support underlying assumptions utilized. We will perform such assistance based on our prior experience in providing consultation, valuation, or audit services in connection with other Impairment exercises.

As previously mentioned Delphi has concluded 21 Asset Groups (plant locations) are subject to further testing to determine the amount, if any, of impairment. Those locations include:

| | |
|---|---|
| Laurel, U.S. (AHG) | Sochaux, France (P) |
| Home Avenue, U.S. (AHG) | Tarazona, Spain (P) |
| Anderson, U.S. (AHG) | Neumarkt, Germany (P) |
| Livorno, Italy (S) | Portugal (P) |
| Cadiz, Spain (S) | Flint, U.S. (E&S) |
| Orion, U.S. (T&I) | Liverpool, UK (E&S) |
| Gadsden, U.S. (T&I) | Ponte De Sor, Portugal (E&S) |
| DCC-Douai, France (T&I) | Cadiz, Spain (E&C) |
| DHC-Douai, France (T&I) | Villeron, France (E&C) |
| Warren, U.S. (P) | Noida, India (E&C) |
| Clinton, U.S. (P) | |

In addition to these plant locations, it is our understanding that a number of shared assets (e.g., technology centers, sales centers, etc.) likely will be included in the SFAS 144 analysis. The anticipated valuation steps under our SFAS 144 assistance are as follows:

**Step 1**   We will read the recoverability test performed by Delphi on each of the Asset Groups and provide Delphi our observations of the recoverability test for SFAS 144 purposes.

**Step 2**   For those Asset Groups which do not pass the recoverability test of Step 1, we will determine the fair value of the underlying long-lived fixed assets and real property. We will then compare the concluded fair value of the Asset Group with its carrying value to quantify the impairment.



Mr. John D. Sheehan
Delphi
February 16, 2006
Page 5

In addition, we will provide you with consultation and advice regarding potential options on approaches to conducting your Fresh Start valuation exercise. As part of this, we will discuss with you the potential implications of your current valuation exercise, particularly as it relates to the valuation of intangible assets for Step 2 purposes under the application of SFAS 142, on your initially planned approaches to perform the Fresh Start valuations that will be required as part of your emergence from Bankruptcy. We will perform such assistance based on our prior experience in providing consultation, valuation or audit services in connection with other Bankruptcies and Fresh Start exercises.

We will utilize a combination of our Accounting Advisory and Valuation Services professionals on the engagement, as well as professionals with other complimentary backgrounds from KPMG LLP. The individuals listed in Appendix D are your engagement team, subject to any changes that you request.

We will meet with Delphi personnel to:

- identify the accounting issues encountered in connection with your application of SFAS 142 and 144,
- read the Company's existing valuations and evidential matter,
- understand the Company's valuation methodologies and assumptions and proposed accounting position and calculations,
- understand the views and requested evidential support expected by the Company's auditors Deloitte & Touche, LLP, and will meet with the Company and its auditors as necessary, and
- discuss and identify potential accounting technical matters that may require additional research of accounting literature, accounting practice, and the experience of selected KPMG personnel for similar transactions to assist the Company in further documenting its proposed positions and supporting rationale. We will communicate the results of our accounting advisory services in the format you request, which may consist of (i) our comments on your white papers or other documentation drafted by you, (ii) our memorandums or presentations to you, accompanied by summaries based on your accounting records, or (iii) discussions with you.

The objective of our assistance is to provide an independent and supportable basis to measure your impairments of long-lived assets and intangibles, including goodwill, under SFAS 142 and 144. No other use is intended or inferred. The generally accepted definition of fair value as defined in SFAS 141, which we will follow, is:

> "The amount at which the asset (or liability) could be bought (or incurred) or sold (or settled) in a current transaction between willing parties, that is, other than in a forced or liquidation sale."

(Note: We may be looking at liquidation value for some of the long lived assets)

*KPMG*

Mr. John D. Sheehan
Delphi
February 16, 2006
Page 6

Our study will consider, where appropriate, the three basic approaches to determining an asset's fair value: the income, market and cost approaches. Brief descriptions of each approach are presented below:

The **Income Approach** measures the value of an asset or a business by the present value of its future economic benefits. These benefits can include earnings, cost savings, royalty savings, tax deductions and proceeds from the asset's disposition. When applied to a business, value indications are developed by capitalizing current benefits or discounting prospective cash flows to their present value at a rate of return that incorporates the risk-free rate for the use of funds, the expected rate of inflation and risks associated with that particular investment. The capitalization and discount rates selected are generally based on rates of return available for alternative investments of similar type and quality as of the valuation date.

The **Market Approach** measures the value of an asset or a business through an analysis of recent sales or offerings of comparable assets. When applied to the valuation of a business, consideration is given to the financial condition and operating performance of the company being valued relative to those of publicly traded companies operating in the same or similar lines of business, potentially subject to corresponding economic risks and therefore considered to be reasonable investment alternatives.

The **Cost Approach** measures the value of an asset or a business based on the cost to reconstruct or replace it with another of like utility. When applied to the valuation of a business, value is based on the net aggregate fair value of the entity's underlying assets. This technique entails a recasting of the balance sheet of the enterprise in which the fair values of its assets and liabilities are substituted for their book values.

We may utilize all or a combination of these approaches to derive our conclusions. It should be noted that no one formula or rule of thumb automatically yields a definitive determination of value. Each company and asset valuation involves unique factors. The valuation process involves the objective analysis of data, the application of experienced judgment, and collaboration with management to yield a reasonable conclusion.

We anticipate the scope of our valuation assistance to include, but not be limited to, these general tasks:

- Discuss with management  regarding all assets subject to the impairment analysis, including any other assets not explicitly valued by KPMG and unrecognized intangible assets to be considered in the SFAS 142 analysis;

- Read Delphi's related due diligence reports on recent acquisitions or prior valuation reports related to impaired assets, plants, or reporting units;

*KPMG*

Mr. John D. Sheehan
Delphi
February 16, 2006
Page 7

- Interview Delphi's operations, accounting/finance and marketing personnel;

- Obtain the fixed asset register and hold discussions with the appropriate personnel;

- Consider the historical attrition rates, statutory or contractual lives, and life cycles; and

- Consider historical results and projected financial budgets, cash flows, etc.

Based on our discussions with you and our preliminary read of the data, we anticipate the scope of our assistance to include:

- WORKPLAN. We will draft a preliminary workplan based on our understanding of your facts and circumstances and the assistance you have requested. You will consider this workplan and approve or suggest revisions before we incur significant additional work.

- REPORTING UNITS will be valued using traditional business valuation methodology (e.g. the market and income approaches).

- REAL AND PERSONAL PROPERTY will be valued using the market approach and a sampling technique intended to balance coverage and cost.

- INTELLECTUAL PROPERTY/PATENTS/TRADE SECRETS/"KNOW HOW". We will evaluate both patented and unpatented technology, as well as design patents and registrations. Consideration of both the cost and income approach will be used to derive value.

- LICENSES AND CERTIFICATIONS will be valued using the cost and income approaches.

- CUSTOMER/DISTRIBUTION BASE. We plan to perform an excess earnings or differential cash flow analysis to determine the value of the distribution base, if any.

- CONTRACTS. We will evaluate existing material customer or supply contracts for any provisions that indicate a material favorable or unfavorable contract compared with current market conditions.

- OTHER INTANGIBLES (e.g., order/production backlog, favorable supply/lease agreements, covenants-not-to-compete) Findings will be discussed with you regarding the presence of other intangibles and their materiality prior to expanding our work plan.

We plan to conduct our valuation engagement such that a summary report with accompanying financial schedules detailing preliminary valuation conclusions will be provided when available. Subsequently we will complete a full report, with accompanying financial schedules, that provides an overview of our valuation process, fair values of the Subject Assets and where appropriate, and a description of valuation methodologies and assumptions utilized.



Mr. John D. Sheehan
Delphi
February 16, 2006
Page 8

*Management's Role and Responsibilities*

Management is responsible for providing the necessary financial and tax information to KPMG. Delphi's management is responsible for establishing and supporting its income statement and balance sheet accounts and financial statement disclosures and maintaining adequate internal controls and procedures necessary to prepare such information. In addition, Delphi will:

    a) Provide KPMG, on a timely basis, all information, documentation and materials relating to Delphi's operations necessary for KPMG to perform the services described in this letter;

    b) Establish that all information provided to KPMG is materially accurate and complete, and is updated on a timely basis. KPMG will not be held responsible for Delphi information that has not been rendered in accordance with the provisions of paragraphs (a) and (b); and

    c) Provide KPMG with reasonable access to all employees and personnel affected by the services described in this letter and cooperate with KPMG in arranging meetings as appropriate.

## OTHER TERMS AND CONDITIONS

All services performed under this master letter with respect to each Engagement will be subject to the Delphi Standard Terms and Conditions for Transaction Services Engagements dated February 16, 2006 (the "Standard Terms and Conditions") attached as Appendix A and incorporated by reference herein.

KPMG will perform their services under the Statements on Standards for Consulting Services issued by the American Institute of Certified Public Accountants. The sufficiency of the procedures is solely the responsibility of the specified users of our advice and/or discussion documents. Consequently, KPMG makes no representation regarding the sufficiency of the procedures either for the purpose for which our advice and/or discussion documents is being prepared or for any other purpose.

To the extent that KPMG provides accounting advisory services to Delphi, we will base our conclusions on the facts and assumptions that Delphi submits; we will not independently verify such information but will inform Delphi's management of any such information that may appear questionable to KPMG. Inaccuracy or incompleteness of the information provided to us could have a material effect on our advice and services provided. In rendering accounting advice, whether written or oral, we will consider the applicable technical literature, laws and regulations. Financial reporting authoritative guidance is subject to change or modification, retroactively or



Mr. John D. Sheehan
Delphi
February 16, 2006
Page 9

prospectively, by varying interpretation and by subsequently issued pronouncements, legislation, and regulatory, administrative, or judicial decisions. Any such change or modification could affect the validity of our advice. Following the termination of this engagement, we will not update our advice for subsequent changes or modifications.

In this engagement, KPMG assumes no responsibility for auditing information provided by Delphi or for expressing an opinion on any part of Delphi's financial statements. Those responsibilities belong to Delphi and their independent auditor.

Accounting advice provided by KPMG to Delphi may not be provided to any third party without the express written permission of KPMG. Additionally, Delphi agrees that we have no obligation to update any information provided to you for events and circumstances occurring after termination of this engagement, unless a request is agreed to in writing.

Because of the requirements of Statement of Auditing Standards No. 50 *Reports on the Application of Accounting Principles* (SAS 50) as amended by Statement of Auditing Standards No. 97, *Amendment to SAS 50, 'Reports on the Application of Accounting Principles'* (SAS 97), and KPMG internal policies, on those occasions when we provide such accounting advice to the principal of proposed accounting policies who is not a KPMG audit client, such professional requirements include communicating with the independent auditors' of the Company to discuss such matters as:

- the economic substance of the transactions in scope versus the form of the transaction;

- whether there is a dispute between the Company and the continuing accountants; or

- whether the continuing accountants have reached a conclusion that differs from ours.

If necessary and appropriate, KPMG will meet with Delphi's independent auditor during the course of the engagement to discuss our services and any preliminary findings. If you request oral or written advice on the application of Generally Accepted Accounting Procedures that we consider to be under the requirements of SAS 50, we will conduct our customary engagement procedures for the individual topics requested and, if accepted, we will issue an addendum to this engagement letter defining the scope of such procedures.

KPMG's valuation services in this engagement are intended to be a primarily straightforward application of generally accepted valuation methodologies to Delphi's facts. KPMG is not assuming responsibility for management analysis or decision-making with respect to the Delphi's positions taken on tax returns, the application of any accounting principles, related financial statement disclosures and balance sheet accounts. Delphi is to consult with their independent auditor on the application of accounting principles.

Delphi has the right to share the results of their work, as well as KPMG's final valuation reports, with their auditors (Deloitte & Touche) and legal counsel. If you would like to share our final valuation reports with other parties, we would consider the specific request and, if accepted, we



Mr. John D. Sheehan
Delphi
February 16, 2006
Page 10

would require that such parties execute an approved reader letter prior to your release of the final report. An example of such letter is included at Appendix E.

Except as otherwise set forth in the Engagement Letter, in accepting this engagement, Delphi acknowledges that completion of this engagement or acceptance of Deliverables resulting from this engagement will not constitute a basis for Delphi's assessment or evaluation of internal control over financial reporting and disclosure controls and procedures, or its compliance with its principal officer certification requirements under Section 302 of the Sarbanes-Oxley Act of 2002 (the "Act"). This engagement shall not be construed to support Delphi's responsibilities under Section 404 of the Act requiring each annual report filed under Section 13(a) or 15(d) of the Securities Exchange Act of 1934 to contain an internal control report from management.

All oral and written communications by KPMG to you with respect to the Engagement, including drafts and those communications occurring prior to the execution of the Engagement Letter (collectively, "Reports") will be subject to the terms and conditions of the Engagement Letter and the Delphi Standard Terms and Conditions dated February 16, 2006. We have no obligation to update Reports or to revise information presented to you to reflect events and transactions occurring subsequent to the date of the final Report we issue to you. You agree to review Reports promptly and to advise us on a timely basis of any additional procedures you would like us to perform or areas to address. You authorize us to send Reports electronically for your convenience. However, you may only rely upon the final copy of our report as our work product.

**TIMING**

KPMG is available to begin providing these services beginning the week of February 20, 2006, or sooner once this engagement letter has been executed by you. We will seek proper authorization for service and fee payment from the Bankruptcy Court and/or US Trustee as appropriate. Should we learn that our application for provision of these services or fee reimbursement is not accepted by the Bankruptcy Court or US Trustee, our engagement will terminate immediately upon such notice and we will have no obligation to complete the services engaged herein.

We expect to provide drafts of our preliminary work products by mid-March, absent any delays caused by Delphi or Deloitte & Touche. Delivery of our final work product is contingent on the scope and documentation agreed to between you and your auditors, Deloitte & Touche, as well as the timing of when you provide data requests and the underlying books and records.



Mr. John D. Sheehan
Delphi
February 16, 2006
Page 11

## PROFESSIONAL FEES

We will charge our actual hours incurred using a discount of 20% from our standard hourly rates by level listed below.

| Level | Standard Rate | 20% Discount | Net Hourly Rate |
|---|---|---|---|
| Partner | $ 775 | $ 155 | $ 620 |
| Director | $ 750 | $ 150 | $ 600 |
| Manager | $ 610 | $ 122 | $ 488 |
| Senior | $ 470 | $ 94 | $ 376 |
| Staff | $ 385 | $ 77 | $ 312 |

We have attached as Appendix D a preliminary estimate of resources and potential hours incurred over the period from Feb 20 to April 15th as an indicative illustration of the potential size and fees on this engagement. This preliminary illustration will be revised to an on-going engagement fee projection based on our detailed planning and experience as we conduct the engagement. KPMG will keep you updated of our progress, and provide you with the hours that are expected to be incurred on a weekly or bi-weekly basis in advance. We will highlight any changes in scope and additional fees for your approval prior to incurring such fees. We will accumulate actual hours incurred extended by our agreed rates, along with out-of-pocket expenses on a bi-weekly basis, will explain any significant variances from our initial estimates, and will submit invoices monthly.

In addition to our professional fees, you agree to reimburse KPMG for our approved out-of-pocket expenses incurred in connection with each engagement. Neither the amount of our fees nor the payment of our fees and expenses will depend upon the findings of our work. We will bill expenses that we consider normal and necessary, and will exclude perks such as first class travel.

## OTHER MATTERS

The report provided under this engagement letter is not intended to be used, nor should be used, in connection with any tax matter. In the event Client uses this report for or in relation to any tax matter, the report is not intended or written by KPMG to be used, and cannot be used by a client or any other person or entity for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to any other party any matters addressed herein.

We do not anticipate providing any tax advice under this engagement letter and therefore our report will contain the following legend:

*This report is not intended to be used, nor should be used, in connection with any tax matter. In the event Client uses this report for or in relation to any tax*



Mr. John D. Sheehan
Delphi
February 16, 2006
Page 12

*matter, the report is not intended or written by KPMG to be used, and cannot be used, by a client or any other person or entity for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to any other party any matters addressed herein.*

We have attached as Appendix B to this letter the Valuation Limiting Terms and Conditions for your information. We also have attached as Appendix C to this letter, an example representation letter that we would tailor to your specific facts and assumptions and will request that you sign at the end of our engagement.

## DEBRIEFING

As part of our commitment to quality service, we would welcome the opportunity to receive your comments at any time on our work and the service that we deliver.



Mr. John D. Sheehan
Delphi
February 16, 2006
Page 13


**CONFIRMATION**

Please indicate your acceptance of these arrangements by signing both copies of this letter in the space provided below and returning one signed copy of the letter. We look forward to working with you.

If you have any questions, please call Brian Heckler at (312) 665-2693.

Very truly yours,

KPMG LLP


Brian Heckler, *Partner*
Transaction Services


Robert Musur, *Partner*
Valuation Services

Enclosures

cc: R Musur
    G. Silberg
    S. Carlin


**ACCEPTED by Delphi:**


Signature                              Date  2/22/06


Title  Chief Accounting Officer
       & Controller.



KPMG LLP
Suite 1200
150 West Jefferson
Detroit, MI 48226-4429

Telephone    313 230 3000
Fax              313 230 3001
Internet       www.us.kpmg.com

February 21, 2006

**PRIVATE**
Mr. James P. Whitson
Chief Tax Officer
Delphi Corporation
M/C 480.400.626
5725 Delphi Drive
Troy, MI 48098

Dear Jim:

Our previous general tax consulting engagement letter dated March 1, 2005 expired December 31, 2005, pursuant to the agreed – upon addendum.

The purpose of this letter is to extend the terms of the March 1, 2005 letter, effective January 1, 2006 through December 31, 2006.

KPMG acknowledges that payment of its fees and expenses hereunder is subject to (i) the jurisdiction and approval of the Bankruptcy Court of the Southern District of New York and any order of the Bankruptcy Court approving the retention of KPMG, (ii) any applicable fee and expense guidelines and/or orders, including the U.S. Trustee Guidelines, and (iii) any requirements governing interim and final fee applications.

We do not anticipate that the written tax advice provided under this engagement letter will rise to the level of a Covered Opinion as defined in §10.35 of Circular 230 ("Covered Opinion"). Therefore, all the written tax advice provided under this engagement letter will contain the following legend:

> ANY TAX ADVICE IN THIS COMMUNICATION IS NOT INTENDED OR WRITTEN BY KPMG TO BE USED, AND CANNOT BE USED, BY A CLIENT OR ANY OTHER PERSON OR ENTITY FOR THE PURPOSE OF (i) AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER OR (ii) PROMOTING, MARKETING OR RECOMMENDING TO ANOTHER PARTY ANY MATTERS ADDRESSED HEREIN.

KPMG applies elevated standards in providing tax advice. Under these standards, we must be able to determine that any return position on which we advise has a "realistic possibility" of being sustained on its merits (i.e., approximately a one-in-three or greater likelihood of success if challenged by the IRS) if the position does not involve a transaction designated by the IRS as a "listed transaction" within the meaning of Treas. Reg. §1.6011-4, or a transaction with the principal purpose of avoiding or evading any tax imposed by the Internal Revenue Code (a "principal purpose transaction"). If the advice relates to a "principal purpose transaction", we must arrive at a "should" confidence level (i.e., approximately a 70

KPMG LLP, a U.S. limited liability partnership, is the U.S.
member firm of KPMG International, a Swiss cooperative.



render any advice with respect to a "listed transaction" or any transaction that is substantially similar to a "listed transaction." In determining whether a position satisfies the "realistic possibility" and "should" standards, we will not take into account the possibility that a tax return will not be audited, that an issue will not be raised on audit, or that an issue will be settled. We will inform you as soon as possible if, during our analysis, we determine circumstances exist that prevent us from advising you under these standards.

Please indicate your agreement by signing in the space provided below. If you have any questions, please call me.

Very truly yours,

KPMG LLP

Patrick N. Karpen
*Partner*

ACCEPTED:

Delphi Corporation

Authorized Signature
JAMES P. WHITSON

Title    CHIEF TAX OFFICER

Date    27 FEB 2006

**KPMG**

KPMG LLP
Suite 1200
150 West Jefferson
Detroit, MI 48226-4429

Telephone  313 983 0200
Fax        313 983 0006
           313 983 0007
           313 983 0008
Internet    www.us.kpmg.com

March 1, 2005

**PRIVATE**
Mr. James P. Whitson
Chief Tax Officer
Delphi Corporation
M/C 480.400.626
5725 Delphi Drive
Troy, MI 48098-2815

Dear Mr. Whitson:

We are pleased you have engaged KPMG LLP ("KPMG") to provide tax consulting services for Delphi Corporation ("Delphi"). This letter confirms the scope and related terms of your engagement of KPMG.

We will provide tax consulting services with respect to such matters that may arise for which you seek our advice and consultation.

This letter does not encompass any services that are the subject of a separate engagement letter between KPMG and Delphi.

Our fees for this engagement will be based on the complexity of the issues and the time required of the individuals who will be performing the services. As a result of our discussions with you, we estimate that our rates for these services are as stated:

| | |
|---|---|
| Partners | $350 |
| Senior Manager | $325 |
| Managers | $300 |
| Senior Staff | $225 |
| Staff | $175 |

Circumstances encountered during the performance of these services that warrant additional time or expense could cause us to be unable to deliver them within the above estimates. We will endeavor to notify you of any such circumstances as they are assessed.

To be of greatest assistance to Delphi, we should be advised **in advance** of proposed transactions. If such matters exceed the scope of this engagement letter, we will issue

KPMG LLP, a U.S. limited liability partnership, is the U.S.
member firm of KPMG International, a Swiss cooperative.



Page 2
Mr. Jim Whitson
Delphi Automotive Systems
February 9, 2004

separate engagement letters to confirm the scope and related terms of any additional
engagements.

The attached Exhibit A, Terms and Conditions, Exhibit B, Travel and Per Diem
Reimbursement, and Exhibit C, Dispute Resolution Procedures, are made a part of this
engagement letter.  Please sign the enclosed copy of this engagement letter to confirm our
agreement and return it to us within 30 days.  If you have any questions, please call me.

Very truly yours,

KPMG LLP

Patrick N. Karpen
*Partner*

Enclosure


ACCEPTED:

Delphi Corporation

_____
Authorized Signature

JAMES P. WHITSON

CHIEF TAX OFFICER
Title

_____17 APR 2005_____
Date



## EXHIBIT A

### GENERAL TERMS AND CONDITIONS

1.    Agreement.  It is agreed that KPMG LLP ("Consultant") will provide to Delphi
Corporation ("Delphi") the services (the "Services") described in the accompanying
engagement letter (the "Engagement Letter") to which this Exhibit A is attached (the
Engagement Letter, this Exhibit A and Exhibit B are collectively referred to as this
"Agreement"). For purposes of this Agreement, the terms "Consultant" include any affiliates of
Consultant identified in the Engagement Letter as performing any of the Services, and the term
"Delphi" includes any subsidiaries and affiliates of Delphi for which the Services are
performed.  This Agreement constitutes the entire and sole agreement between Delphi and
Consultant, and merges all prior and contemporaneous communications with respect to the
subject matter of this Agreement.

2.    Independent Contractor.  Consultant will provide the Services as an independent
contractor.  Nothing contained in this Agreement shall be construed to create an employment or
principal-agent relationship or joint venture between Consultant and Delphi, and neither party
shall have the right, power or authority to obligate or bind the other in any manner whatsoever.

3.    Personnel.  All of Consultant's agents, employees, subcontractors and/or independent
contractors furnished by Consultant to perform the Services (collectively, "Personnel") are and
will remain Consultant's employees and/or independent contractors and, under no
circumstances, will any Personnel furnished by Consultant be deemed to be Delphi's employees
or agents.  Consultant is solely responsible, at Consultant's sole cost and expense, for (i) the
fulfillment of all obligations to Personnel and (ii) the compliance by Consultant and Personnel
with this Agreement and all laws, regulations, orders and other governmental requirements
applicable to performance of the Services.

4.    Conduct of Consultant's Personnel.  Consultant will assure that all Personnel who are
performing Services on behalf of Consultant are competent to perform the Services.  Consultant
will require all Personnel who are performing any work on Delphi's premises to comply with all
of Delphi's regulations and policies.  Delphi, in its sole discretion, has the right to: (a) bar any
of Personnel from Delphi's premises for failure to observe Delphi's regulations or policies, (b)
require that Consultant promptly remove from Delphi's premises any Personnel who violate any
of Delphi's regulations or policies, and (c) require that Consultant cease using any Personnel to
perform the services who are reasonably unacceptable to Delphi.  Delphi will confer with
Consultant to discuss Delphi's concerns prior to requiring removal of any Personnel.
Consultant will replace any barred or removed Personnel with Personnel reasonably acceptable
to Delphi.

1



5.      Non-Solicitation of Employees.

        A.      Delphi agrees that during the term of this Agreement and for a period of one
(1) year after the termination of this Agreement, it will not hire or attempt to hire any employees
or former employees of Consultant if listed in the engagement letter attached hereto, who have
been assigned to or have performed any of the Services contemplated herein.

        B.      Consultant agrees that during the term of this Agreement and for a
period of one (1) year after the termination of this Agreement, it will not hire or attempt
to hire any employees or former employees of Delphi's Tax staff who have participated
in the furtherance of this Agreement.

        C.      Notwithstanding the provisions of Sections 5A and 5B, neither party shall be
prohibited from employing any employee, former employee or personnel of the other who
contacts such party (i) on his or her own initiative or (ii) in response to a general solicitation for
employment contained in a newspaper or any other publication.

6.      Professional Fees.  Delphi will compensate Consultant for actual Services performed in
accordance with the fee schedule set forth in this Agreement (the "Fee Schedule").  Consultant
will invoice Delphi no more frequently than monthly.  Consultant will submit, with each invoice
for payment, a report specifying the actual Services performed and the calculation of the
invoiced payment in accordance with the Fee Schedule.  Invoices will be due and payable by
Delphi within forty-five (45) days of Delphi's receipt of the invoice and corresponding report in
the required form.

7.      Expenses.  Delphi will reimburse Consultant for all reasonable costs and expenses
Consultant incurs in connection with the Services, including, without limitation, all travel
expenses, provided, however, that Consultant must obtain prior approval of Delphi for any
individual reimbursable expenses in excess of $1,000 or for reimbursable expenses which
exceed or are anticipated to exceed an aggregate of $2,500 during any calendar month.
Consultant will not charge any markup, overhead, profit or other fees on the reimbursable
expenses.  Delphi's reimbursement obligations will be governed by the provisions of Exhibit B.

8.      Taxes.  Unless otherwise agreed in the Engagement Letter, any applicable taxes
imposed on Consultant in connection with the performance of the Services (except for taxes
imposed on Consultant's income) will be invoiced to, and paid by, Delphi in addition to fees
and expenses.

9.      Indemnification.

        A.      Delphi shall indemnify, defend and hold harmless Consultant, including its
directors, officers, employees, agents and representatives, from and against any and all claims,

2



demands, actions, damages, liabilities, costs and expenses, including reasonable attorney fees and expenses, to the extent arising out of or resulting from third party claims against Consultant based on any of Consultant's written or verbal work product prepared pursuant to this Agreement and furnished by Consultant to Delphi for internal use (such as reports, analyses, projections, advice, recommendations and other data ) (collectively, "Internal Work Product Claims"). In addition, Delphi shall indemnify, defend and hold harmless Consultant, including its directors, officers, employees, agents and representatives, from and against any and all claims, demands, actions, damages, liabilities, costs and expenses, including reasonable attorney fees and expenses (other than Internal Work Product Claims), to the extent arising out of or resulting from third party claims against Consultant based on any activities of Consultant in connection with the performance of Services under this Agreement (collectively, "Non-Work Product Claims"), provided, however, that Delphi will have no obligation to indemnify Consultant to the extent that any Non-Work Product Claims arise out of or result from the negligence, illegal acts or willful misconduct of Consultant and/or its directors, officers, employees, agents or representatives.

B.    Consultant shall indemnify, defend and hold harmless Delphi, including its directors, officers, employees, agents and representatives, from any and all claims, demands, actions, damages, liabilities, costs and expenses, including reasonable attorney fees and expenses, to the extent arising out of or resulting from the negligence, illegal acts or willful misconduct of Consultant and/or its directors, officers, employees, agents or representatives in connection with the performance of Services under this Agreement, provided, however, that Consultant will have no obligation to indemnify Delphi to the extent that any such claims or damages arise out of or result from Internal Work Product Claims.

C.    In each case, the indemnifying party shall also pay to the indemnified party any and all costs and expenses incurred in connection with the enforcement of these indemnification provisions.

D.    The indemnification obligations set forth in this Section 9 and the general terms and conditions of this Agreement shall not apply to any tax or other governmental filings prepared by Consultant. The rights and obligations of the parties with respect to such services shall be governed by a separate agreement.

10.    Limitation of Liability.  Consultant's liability under this Agreement will be limited to twenty (20) times the professional fees paid; provided however that this limitation shall not apply (i) in the event of any breach of Section 16 below relating to Delphi Proprietary Information or (ii) if Consultant is found to be grossly negligent or to have acted willfully or fraudulently. In no event will Consultant or Delphi be liable for consequential, special, indirect, incidental, punitive or exemplary damages, costs, expenses, or losses (including loss of profits, data, business or goodwill) regardless of whether such liability is based on breach of contract,

3



tort, strict liability, breach of warranties, failure of essential purpose or otherwise, and even if advised of the likelihood of such damages.

11.    Standard of Performance.  Consultant will use its best skills, resources and judgment to perform the Services in an efficient and economical manner and in accordance with the highest professional standards.  If any Services are not completed to Delphi's reasonable satisfaction, Consultant will, at no additional cost to Delphi, take reasonable steps to correct any deficiencies. The express warrantics in this Paragraph and in this Agreement shall be in lieu of all other warranties, express or implied, including the implied warranty of merchantability and fitness for a particular purpose.

12.    Reliance on Information/Authorities.  Consultant will base its conclusions on the facts and assumptions that Delphi submits and will not independently verify this information. Inaccuracy or incompleteness of the information Delphi provides could have a material effect on Consultant's conclusions.  In rendering its advice, Consultant may consider, for example, the applicable provisions of the Internal Revenue Code of 1986, and ERISA as amended, and the relevant state statutes, the regulations thereunder, and judicial and administrative interpretations thereof.  These authorities are subject to change, retroactively and/or prospectively, and any such changes could affect the validity of Consultant's advice.  Consultant will not update its advice for subsequent changes or modifications to the law and regulations, or to the judicial and administrative interpretations thereof, unless Delphi separately engages Consultant to do so after such changes or modifications.

13.    Legal Counsel.  Delphi should consult with and/or engage legal counsel for the purpose of advising on non-tax legal aspects of matters on which Consultant provides tax advice and drafting any legal documents and/or agreements that may be required in connection therewith. Consultant will provide Delphi's legal counsel with tax-related advice that is deemed necessary by Delphi's legal counsel to draft such documents and/or agreements.  To the extent Services of legal counsel or other professional service providers are required, Delphi is responsible for engaging and paying such service providers.

14.    Federal Confidential Communications Privilege.  A confidentiality privilege under Internal Revenue Code Section 7525 may pertain to certain communications between Consultant personnel and Delphi regarding federal tax advice provided pursuant to this engagement.  By retaining Consultant, Delphi agrees that Consultant is instructed to claim the privilege on Delphi's behalf, with respect to any applicable communications, up to and until such time as Delphi may waive any such privilege in writing.  As disclosure of any such confidential communications to the Internal Revenue Service or other third party may cause any confidentiality privilege to be waived, Delphi should notify Consultant if the Internal Revenue Service or other third party requests information about any tax advice or tax advice documents provided by Consultant.

4



Delphi understands that Consultant makes no representation, warranty, or promise, and offers no opinion with respect to the applicability of such confidentiality privilege to any communication. Delphi agrees to indemnify Consultant for any attorney's fees and other costs and expenses incurred by Consultant in defending the confidentiality privilege on Delphi's behalf. Consultant agrees to promptly notify Delphi of any claim for which Consultant seeks indemnification and Delphi shall have the right to conduct the defense or settlement of any such claim at Delphi's sole expense, and Consultant shall cooperate with Delphi. Consultant shall nonetheless have the right to participate in such defense at its own expense and to approve the settlement of any claim hereunder that imposes liability or obligation.

15.    Disclosure and Restriction on Use.    If this engagement relates to a strategy offered by Consultant to Delphi that is designed to reduce or defer federal income tax for a direct or indirect corporate participant, pursuant to Treasury Regulation section 301.6111-2(c), Delphi (and each employee, representative, or other agent of Delphi) is expressly authorized to disclose the structure and tax aspects of the strategy with any and all persons, without limitation of any kind.

Written advice provided by Consultant to Delphi is for the information and use of Delphi only and may not be relied upon by any third party without the express written permission of Consultant.

16.    Non-Disclosure of Delphi Proprietary Information.

A.    "Delphi Proprietary Information" means any information concerning the business and affairs of Delphi, which is not publicly available at the time disclosed to, or learned by, Consultant or any Personnel. Delphi Proprietary Information includes, without limitation, this Agreement and any written or verbal work product prepared pursuant to this Agreement (such as reports, analyses, projections, advice, recommendations and other data); trade secrets; product specifications; data; know-how; formulae; compositions; processes; designs; sketches; photographs; samples; inventions; concepts; ideas; past, current and planned research and development; past, current and planned manufacturing or distribution methods and processes; price lists; marketing and business plans, methods and processes; financial results and information; reports; computer software and programs (including object code and source code); databases; notes; analyses; compilations; studies; and other materials or intangibles. Delphi Proprietary Information also includes any materials or information that contain or are based on any other Delphi Proprietary Information, whether prepared by Delphi, Consultant, Personnel or any other person. Information will be conclusively deemed Delphi Proprietary Information if it is marked "Proprietary" or "Confidential" or with an equivalent legend at the time it is disclosed. Any information transmitted orally will be conclusively deemed Delphi Proprietary Information if Delphi notifies Consultant that it is proprietary within a reasonable time following oral disclosure. The failure, however, to mark information as "Proprietary" or "Confidential" or to notify Consultant that oral information is proprietary will not affect the

5

Oct-12-05    03:37pm    From-KPMG LLP - NDPPS              313 983 0500         T-328   P.009/015   F-403



information's proprietary nature. Delphi Proprietary Information does not include any trade secrets; data; know-how; formulae; compositions; processes; designs; sketches; inventions; concepts; ideas; methodologies, and techniques; models; templates; general purpose consulting and software tools previously created, acquired, owned or developed or independently developed by Consultant in the performance of the Services without reference to Delphi's Proprietary Information.

B.    In connection with Consultant's performance of Services, Delphi may disclose Delphi Proprietary Information to Consultant and Personnel. All Delphi Proprietary Information disclosed, furnished or made available to Consultant and/or Personnel and all Delphi Proprietary Information generated or developed by Consultant and/or Personnel will be treated and maintained as confidential by Consultant and Personnel, will not be disclosed to any third parties, either in whole or in part, except upon Delphi's prior written authorization, and will be used by Consultant and Personnel only for the purpose of performing the Services in accordance with this Agreement, in all cases using the same degree of care and discretion to avoid disclosure, publication or dissemination of such Delphi Proprietary Information that Consultant uses with respect to its own similar information that it does not wish to disclose, publish or disseminate (but in no event less than a reasonable degree of care and discretion). Before Consultant or Personnel discloses any information that could, under any circumstances, constitute Delphi Proprietary Information, Consultant will obtain Delphi's written consent. Neither Consultant nor Personnel will remove any Delphi Proprietary Information from Delphi's premises unless Delphi authorizes the removal in writing. Consultant will be responsible and liable to Delphi for the violation by any of Personnel of these confidentiality obligations.

C.    The foregoing obligations under this Section 16B of this <u>Exhibit A</u> shall not apply to the extent that any Delphi Proprietary Information (i) is at the time of disclosure, or thereafter becomes, part of the public domain through a source other than Consultant and Personnel, (ii) is subsequently learned by Consultant or Personnel from a third party that has a legal right to make such disclosure and does not impose an obligation of confidentiality on the receiving party, (iii) was known to Consultant or Personnel at the time of disclosure by Delphi, (iv) was generated independently by Consultant or Personnel before disclosure by Delphi, or (v) is required to be disclosed by Consultant or Personnel by law, subpoena or other process.

17.    <u>Assignment and Subcontracting</u>. Consultant will not assign or subcontract any portion of its responsibilities under this Agreement without Delphi's prior written approval. To the extent any of the services under the Engagement Letter will be performed in or relate to a jurisdiction outside of the United States, Client acknowledges and agrees that such services may be performed by the member firm of KPMG International practicing in such jurisdiction. Accordingly, Client consents to KPMG's disclosure to a member firm and such member firm's use of information received from Client for the purpose of providing services under the Engagement Letter.



18.   Changes and Delays.

A.   In the event that (i) Delphi requires a change in the scope of the Services, (ii) any change of applicable law or regulation affects the timing or performance of the Services or (iii) any action by Delphi or a third party (other than Personnel) affects the timing or performance of the Services, subject to the mutual agreement of Delphi and Consultant, the fees and/or schedule for performance for the Services will be equitably adjusted by the parties.

B.   To the extent that the Engagement Letter provides that Consultant's performance under this Agreement is contingent upon specific action or cooperation of Delphi, including the supply to Consultant of specific resources, approvals, and information, any delays in Consultant's performance which occur as a result of the failure or untimely performance by Delphi shall be excused to the extent of any such delay or untimely performance by Delphi and Consultant shall not incur any liability to Delphi as a result of any such delay or untimely performance by Delphi.

19.   Term and Termination. This Agreement will terminate when the Services have been completed. In addition, either party may terminate this Agreement in the event of the breach by the other party of this Agreement, which breach is not cured within thirty (30) days after notice by the non-breaching party. Delphi shall pay Consultant for Services performed prior to the effective date of termination as well as expenses incurred prior to the effective date of termination and approved by Delphi in accordance with Section 7 of this Exhibit A.

20.   Conflict. In the event of any conflict, ambiguity or inconsistency between this Agreement and any other agreement relating to the Services, including any preprinted terms and conditions on Delphi's purchase orders, the terms and conditions of this Agreement shall govern.

21.   Survival. The provisions of this Agreement, which give the parties rights beyond termination of this Agreement, will survive any termination of this Agreement.

22.   Severability. If any portion of this Agreement is held to be void, invalid, or otherwise unenforceable, in whole or part, the remaining portions of this Agreement shall remain in effect.

23.   Amendment. This Agreement shall not be modified except by a later written agreement signed by both parties.

24.   Alternative Dispute Resolution.

A.   Any dispute or claim arising out of or relating to the Engagement Letter between the parties, the services provided thereunder, or any other services provided by or on

7



behalf of Consultant or any of its subcontractors or agents to Delphi or at its request (including any dispute or claim involving any person or entity for whose benefit the services in question are or were provided) shall be resolved in accordance with the dispute resolution procedures set forth in Exhibit C attached hereto, which constitute the sole methodologies for the resolution of all such disputes. By operation of this provision, the parties agree to forego litigation over such disputes in any court of competent jurisdiction. Mediation, if selected, may take place at a location to be designated by the parties. Arbitration shall take place in Detroit, Michigan. Either party may seek to enforce any written agreement reached by the parties during mediation, or to confirm and enforce any final award entered in arbitration, in any court of competent jurisdiction.

B.    Notwithstanding the agreement to such procedures, either party may seek injunctive relief to enforce its rights with respect to the use or protection of (i) its confidential or proprietary information or material or (ii) its names, trademarks, service marks or logos, solely in the courts of the State of Michigan or in the courts of the United States located in the State of Michigan. The parties consent to the personal jurisdiction thereof and to sole venue therein only for such purposes.

25.    Miscellaneous.

A.    For engagements where services will be provided by KPMG through offices located in California, Client acknowledges that certain of KPMG's personnel who may be considered "owners" under the California Accountancy Act and implementing regulations (California Business and Professions Code section 5079(a); 16 Cal. Code Regs. sections 51 and 51.1) and who may provide services in connection with this engagement, may not be licensed as certified public accountants under the laws of any of the various states.

B.    Where KPMG is reimbursed for expenses, it is KPMG's policy to bill clients the amount incurred at the time the good or service is purchased. If KPMG subsequently receives a volume rebate or other incentive payment from a vendor relating to such expenses, KPMG does not credit such payment to Client. Instead, KPMG applies such payments to reduce its overhead costs, which costs are taken into account in determining KPMG's standard billing rates and certain transaction charges that may be charged to clients.

8



## EXHIBIT B

### Travel and Per Diem Reimbursement

A.      If Personnel are required by Delphi to travel as an incidental requirement in performing services for Delphi, then such travel and per diem expenses, subject to prior written approval of Delphi, will be reimbursable as follows:

1. Air Travel            Economy/Coach class only. Business class is permitted only upon prior written consent by Delphi.

2. Hotel                 Consultant will exercise good, sound business judgment and discretion in choosing hotels, such as moderately priced chain hotels or hotels that offer discounted corporate rates. Where extended travel is involved, reduced rates may be available and should be requested.

3. Rental cars           Compact or intermediate class only. The cost of collision damage waiver and personal accident insurance is the responsibility of Consultant.

4. Mileage Allowance     Reimbursement will be at the then current IRS rate (currently $0.405 per mile) for the miles which are in excess of his or her normal commute from home to work and back. When permanently assigned to another location, even if the new location is temporary, Consultant will not be reimbursed for excess miles, additional driving time, etc.

5. Expense Reports       If requested, Consultant will provide receipts for all reimbursable expenses, including meals and other expenditures, in excess of $25.00 or more.

6. Meals                 Meals will not be reimbursed for non-overnight trips, except in the case of late return occasioned by travel outside normal working hours. Reimbursement for meals will be the actual and reasonable expenses paid by Consultant.

7. Extended Travel       Consultant should review the home visit policy prior to a trip. Generally, the following provisions apply:

                         If the travel expense is less than the living expense in the temporary location, Consultant will be reimbursed for travel to the permanent location every week.

                         If the travel expense is more than the living expense in the temporary location, Consultant will be reimbursed for travel to the permanent location every two

9

Oct-12-05    03:39pm    From-KPMG LLP - NDPPS                    313 983 0500        T-326  P.013/015  F-403



weeks.

Excess expenses due to frequent travel or stays will not be reimbursed by Delphi without its prior written approval.

8. Miscellaneous          When Consultant chooses an alternative method of transportation, e.g., to drive instead of fly, reimbursement, including meals and lodging, will not exceed the lesser of the two costs. Documentation to support the lesser cost must be attached to expense report. Travel time must also be limited if on working hours.

The employee, his or her immediate supervisor, and an authorized Delphi representative must sign the expense report form.

Consultant is responsible for travel reservations, hotel/motel accommodations and rental cars. If directed by Delphi, Consultant will make all travel arrangements through Global Experts in Travel (GET), or other designated supplier, using a special account set up for such purposes.

Any cash advance by Consultant to its employee is the responsibility of Consultant.

9. Per Diem              In certain instances, a per diem will be paid to Consultant in accordance with Delphi's standard per diem policy.

B.      All travel and per diem for which Consultant seeks reimbursement will be submitted to Delphi on standard vouchers, with substantiating documentation, and will accompany the monthly invoices.



## EXHIBIT C

### Dispute Resolution Procedures

The following procedures are the sole methodologies to be used to resolve any controversy or claim ("dispute"). If any of these provisions are determined to be invalid or unenforceable, the remaining provisions shall remain in effect and binding on the parties to the fullest extent permitted by law.

**Mediation**

Any party may request mediation of a dispute by providing a written Request for Mediation to the other party or parties. The mediator, as well as the time and place of the mediation, shall be selected by agreement of the parties. Absent any other agreement to the contrary, the parties agree to proceed in mediation using the CPR Mediation Procedures (Effective April 1, 1998), with the exception of paragraph 2 which shall not apply to any mediation conducted pursuant to this agreement. As provided in the CPR Mediation Procedures, the mediation shall be conducted as specified by the mediator and as agreed upon by the parties. The parties agree to discuss their differences in good faith and to attempt, with facilitation by the mediator, to reach a consensual resolution of the dispute. The mediation shall be treated as a settlement discussion and shall be confidential. The mediator may not testify for any party in any later proceeding related to the dispute. No recording or transcript shall be made of the mediation proceeding. Each party shall bear its own costs in the mediation. Absent an agreement to the contrary, the fees and expenses of the mediator shall be shared equally by the parties.

**Arbitration**

Arbitration shall be used to settle the following disputes:  (1) any dispute not resolved by mediation 90 days after the issuance by one of the parties of a written Request for Mediation (or, if the parties have agreed to enter or extend the mediation, for such longer period as the parties may agree) or  (2) any dispute in which a party declares, more than 30 days after receipt of a written Request for Mediation, mediation to be inappropriate to resolve that dispute and initiates a Request for Arbitration. Once commenced, the arbitration will be conducted either (1) in accordance with the procedures in this document and the Rules for Non-Administered Arbitration of the CPR Institute for Dispute Resolution ("CPR Arbitration Rules") as in effect on the date of the engagement letter or contract between the parties, or (2) in accordance with other rules and procedures as the parties may designate by mutual agreement. In the event of a conflict, the provisions of this document and the CPR Arbitration Rules will control.

The arbitration will be conducted before a panel of three arbitrators, two of whom may be designated by the parties using either the CPR Panels of Distinguished Neutrals or the Arbitration Rosters maintained by any JAMS Office in the United States. If the parties are unable to agree on the composition of the arbitration panel, the parties shall follow the screened

11



selection process provided in Section B, Rules 5, 6, 7, and 8 of the CPR Arbitration Rules. Any issue concerning the extent to which any dispute is subject to arbitration, or any dispute concerning the applicability, interpretation, or enforceability of these procedures, including any contention that all or part of these procedures are invalid or unenforceable, shall be governed by the Federal Arbitration Act and resolved by the arbitrators. No potential arbitrator shall be appointed unless he or she has agreed in writing to abide and be bound by these procedures.

The arbitration panel shall issue its final award in writing. The panel shall have no power to award non-monetary or equitable relief of any sort. Damages that are inconsistent with any applicable agreement between the parties, that are punitive in nature, or that are not measured by the prevailing party's actual damages, shall be unavailable in arbitration or any other forum. In no event, even if any other portion of these provisions is held to be invalid or unenforceable, shall the arbitration panel have power to make an award or impose a remedy that could not be made or imposed by a court deciding the matter in the same jurisdiction.

Discovery shall be permitted in connection with the arbitration only to the extent, if any, expressly authorized by the arbitration panel upon a showing of substantial need by the party seeking discovery.

All aspects of the arbitration shall be treated as confidential. The parties and the arbitration panel may disclose the existence, content or results of the arbitration only as provided in the CPR Arbitration Rules. Before making any such disclosure, a party shall give written notice to all other parties and shall afford such parties a reasonable opportunity to protect their interests.

The award reached as a result of the arbitration will be binding on the parties, and confirmation of the arbitration award may be sought in any court having jurisdiction.

Oct-12-05    03:51pm    From-KPMG LLP - NDPPS                    313 983 0500              T-329   P.002/002   F-404

*Billing    6006280*
*Delphi*
*200 5*
*Fed Tax*
*File*

**KPMG**

KPMG LLP
Suite 1200
150 West Jefferson
Detroit, MI 48226-4429

Telephone  313 983 0200
Fax        313 983 0006
           313 983 0007
           313 983 0008
Internet   www.us.kpmg.com

May 23, 2005

Mr. James P. Whitson
Chief Tax Officer
Delphi Corporation
M/C 480.400.626
5725 Delphi Drive
Troy, MI 48098-2815

Dear Mr. Whitson:

This document will serve as an addendum to our previous engagement letter for tax consulting services dated March 1, 2005, and signed by you on April 14, 2005 ("Agreement"). The modifications are set forth below:

(1)    The term of the Agreement will last only until December 31, 2005, assuming there are no Services in progress at that time. Paragraph 19 of the Agreement is so modified.

(2)    The Fees for the Services contemplated under the Agreement will not exceed $25,000 for any particular tax matter. In such cases where Fees for a particular tax matter are reasonably expected to exceed $25,000, a separate engagement letter will be negotiated.

(3)    Paragraph 10 regarding Limitation of Liability will be modified such that the first part thereof will read:

    Consultant's liability under this Agreement will be limited to $500,000;

    The remainder of Paragraph 10 will stay as is.

Please sign the enclosed copy of this addendum and return it to us.

If you have any questions, please call.

Very truly yours,

KPMG LLP

Patrick N. Karpen
*Partner*

ACCEPTED

Delphi Corporation

Authorized Signature
JAMES P. WHITSON
Title CHIEF TAX OFFICER

24 MAY 2005
Date

KPMG LLP, a U.S. limited liability partnership, is the U.S. member firm of KPMG International, a Swiss cooperative.

MAY 23 '05 17:05                                                              PAGE.02
                                                                    ** TOTAL PAGE.02 **



303 East Wacker Drive
Chicago, IL 60601-5212

Telephone 312 665 1000
Fax 312 665 6000

January 18, 2006

Ms. Sara J. Phillips
Manager, International Services Group
Delphi Corporation
M/C 480.410.122
5825 Dephi Drive
Troy, MI 48098






Dear Sara:

Delphi Corporation (Delphi) and KPMG LLP (KPMG) have entered into an agreement letter
dated October 5, 2004 and November 3, 2004 under which KPMG will provide international
executive services to Delphi and its expatriates. The additional services listed in Attachment A
and the following are made part of the October 4, 2004 and November 3, 2004 engagement
letters.

**Tax Return Standards**

KPMG applies elevated standards in preparing tax returns. Under these standards, we must be
able to determine that a return position is "more likely than not" to be upheld (i.e., has a greater
than 50 percent likelihood of success if challenged by the IRS) if the position does not involve a
transaction designated by the IRS as a "listed transaction" within the meaning of Treas. Reg
§1.6011-4, or a transaction with the principal purpose of avoiding or evading any tax imposed by
the Internal Revenue Code (a "principal purpose transaction"). If a return position relates to a
"listed transaction" or a "principal purpose transaction", we must arrive at a "should" confidence
level (i.e., approximately a 70 percent or greater likelihood of success if challenged by the IRS)
with respect to the position. In determining whether a return position satisfies the "more likely
than not" and "should" standards, we will not take into account the possibility that a tax return
will not be audited, that an issue will not be raised on audit, or that an issue will be settled. We
will inform you as soon as possible if, during our preparation, we determine circumstances exist
that prevent us from completing the tax return under these standards.

**Tax Advisory Services**

This engagement letter also covers tax advisory matters that may arise for which you seek our
advice, both written and oral, and that are not the subject of a separate engagement letter. Any
such advice will comply with the elevated standards described in the "Tax Return Standards"
section of this letter. If the advice rises to the level of a "Covered Opinion" as defined in §10.35
of Circular 230, we will issue a separate engagement letter for the issuance of a Covered
Opinion.



Page 2 of 2
Ms. Sara J. Phillips
Delphi Corporation
January 18, 2006

**Professional Fees**

Our fees for the compliance services detailed on the October 4, 2004 engagement letter will be billed at the lesser of the fees in the original engagement letter or the actual time incurred to complete the tax return or task at our standard hourly rates for the individuals involved in providing the services plus out-of-pocket expenses and the lesser of the fees related to services provided by KPMG member firms as indicated in the original fee schedule or the actual time incurred to complete the tax return or task at their standard hourly rates.

Please sign the enclosed copy of this letter to confirm our agreement and return it to us within 30 days. If you have any questions, please call Sandra Froylan at (312) 665-3323 or me at (312) 665-5207.

Very truly yours,

KPMG LLP

Doyoung Yong
*Senior Manager*
*International Executive Services*

cc:    James P. Whitson, Delphi Corporation
       Ann Marie Goddard, KPMG
       Saul Caisman, KPMG
       Sandra Froylan, KPMG

ACCEPTED:

Delphi Corporation.

Authorized Signature

Title

Date

# Attachment A: Delphi Corporation

Fee Schedule for Additional Services
To be billed at onset of assignment
Effective Date: January 19, 2006

Preparation of cost estimates per employee to include the
following services:                                                    $850/employee

Prior to assignment services to be completed within 2
business days:

- Prepare cost projection including revisions

- Prepare draft expatriate agreement

- Prepare draft pay calc

Beginning of assignment services:

- Final expatriate agreement and pay calc and participate in
  Orientation

- Calculate Relocation Allowance and Mobility Premium
  to be paid in month prior to assignment and provide to
  payroll

- Calculate first year spending account to be paid in first
  month of assignment and provide to payroll

Annual update of spending account

- Calculate annual spending account on assignment
  anniversary date and provide to payroll

End of assignment reconciliation of spending account

- Calculate Relocation Allowance less outstanding tax and
  pro-rata spending account due from employee



**KPMG LLP**
303 East Wacker Drive
Chicago, IL 60601-5212

Telephone    312 665 1000
Fax          312 665 6000
Internet      www.us.kpmg.com

October 5, 2004

**PRIVATE**

Ms. Sara J. Phillips
Manager, International Services Group
Delphi Corporation
World Headquarters & Customer Center
M/C 480.410.122
5825 Delphi Drive
Troy, MI  48098

Dear Sara:

We are pleased you have engaged KPMG LLP (KPMG) to provide international executive services to Delphi Corporation (Delphi) and its:

- Expatriates Assigned From the US;

- Expatriates Assigned To the US;

- Expatriates Assigned To and From Non-US Countries;

- Employees Assigned to the Mexican Border; and,

- Trainees/J-1 Visa Holders.

This letter confirms the scope and related terms of your engagement of KPMG for the 2005, 2006, and 2007 calendar years.  For purposes of this Engagement Letter, the term "KPMG" includes any affiliates of KPMG identified as performing any of the Services, and the term "Delphi" includes any subsidiaries and affiliates of Delphi for which the Services are performed.  Standard engagement terms and conditions, which are made part of this engagement letter, between KPMG and Delphi are contained in Exhibits A, B, and C.

**Included Services (the "Services")**

The following is a list of the services that we will provide to all Delphi Expatriates Assigned To or From the US:

- Collect tax data;

- Calculate annual hypothetical tax withholding;

KPMG LLP, a U.S. limited liability partnership, is the U.S.
member firm of KPMG International, a Swiss cooperative.



**Chicago Office**
Celebrating
100 years
1904-2004



Page 2
Ms. Sara J. Phillips
Delphi Corporation
October 5, 2004

- Prepare required home and host country individual income tax returns during, and one year after, assignment;

- Prepare requests for extension of time to file tax return(s), where required;

- Prepare US estimated tax vouchers, if required;

- Prepare year end withholding calculation;

- Reconcile tax advance account;

- Prepare tax equalization calculations;

- Conduct pre-departure and or post-arrival tax consultation session, as requested;

- Conduct repatriation tax consultation sessions for expatriates; and,

- Handle routine correspondence with the IRS and foreign tax authorities, including review of tax assessments.

The following is a list of the services that we will provide to all Delphi Expatriates Assigned To and From Non-US countries:

- Collect tax data;

- Calculate annual hypothetical tax withholding;

- Prepare required home and host country individual income tax return(s) during, and one year after, assignment;

- Prepare requests for extension of time to file tax return(s), where required;

- Determine and arrange for timely payment of local taxes in the host countries, where applicable;

- Prepare tax equalization calculation;

- Conduct pre-departure and or post-arrival tax consultation session, as requested;

- Conduct repatriation tax consultation session; and,

- Handle routine correspondence with the IRS and foreign tax authorities including review of tax assessments.

The following is a list of the services that we will provide to all Delphi Employees Assigned to the Mexican Border:

- Collect tax data;

- Prepare US income tax return(s);



Page 3
Ms. Sara J. Phillips
Delphi Corporation
October 5, 2004

- Prepare requests for extension of time to file tax return(s), where required;

- Prepare tax equalization calculation;

- Conduct post-arrival counseling session; and,

- Handle routine correspondence with the IRS and foreign tax authorities including review of tax assessments.

The following is a list of the services that we will provide to all Trainees/J-1 Visa Holders:

- Collect tax data;

- Prepare US income tax return(s);

- Prepare requests for extension of time to file tax return(s), where required;

- Conduct pre-departure and or post-arrival tax consultation session; and,

- Handle routine correspondence with the IRS.

The following is a list of the services that we will provide as part of Global Coordination:

- Hypothetical tax process verification;

- Automation of the centralized hypothetical tax calculation process;

- Tax planning solutions;

- On-going benchmarking of Delphi's current tax equalization policy;

- Dedicated Virtual IHR website;

- Dedicated KPMG/ExpatExtranet website;

- Unlimited access to all KPMG publications;.

- Status reports;

- Client service report; and,

- KPMG International Executive Alert Newsletters.

In addition we will provide tax clearance certificates and visa and immigration services as requested. Please see Exhibit F for details.

<u>Verification of Information</u>

We will provide your employees with organizers designed to assist them in gathering the information needed to prepare their income tax return(s). Your employees should review their information



Page 4
Ms. Sara J. Phillips
Delphi Corporation
October 5, 2004

carefully to ensure that it is complete and accurate. We will not audit or independently verify the data submitted by Delphi or the individual taxpayer. We may, however, ask for clarification, where necessary.

## Tax Return Positions

Where there may be alternative positions available in preparing the individual income tax returns, we will follow policy regarding the tax return positions which have been discussed with you and your tax group. At any time during the term of this Engagement Letter and at your request, we will re-address the tax return positions with you.

## Tax Examinations

All tax returns are subject to examination by taxing authorities. In the event of an examination, an expatriate may be requested to produce documents, records, or other evidence to substantiate the various items of income and deduction shown on the tax returns. If such an examination occurs, we will be pleased to assist or represent your employees upon request. A separate engagement letter will be issued at that time to confirm the scope of the examination engagement.

## Tax Calculations

Where we prepare tax equalization calculations for authorized employees, the calculations will be prepared in accordance with your established policies. All calculations will use a tax equalization template which you have reviewed and approved. We will bring questionable items, or items not addressed in your established policies and which have not been previously addressed, to your attention for your review and approval prior to finalizing the tax equalization calculation. You will instruct your employees to review all calculations provided to them.

Where tax returns or tax equalization calculations for authorized employees are to be provided to Delphi, we will require the consent of those particular employees (and their spouses, where married) to disclose tax return information before so providing the calculations.

## Tax Consulting Services

This engagement letter also covers tax consulting matters that may arise for which you seek our advice and consultation, both written and oral, and which are not the subject of a separate engagement letter.

To be of greatest assistance to Delphi, we should be advised **in advance** of proposed transactions. If such matters exceed the scope of this engagement letter, we will issue separate engagement letters to confirm the scope and related terms of any additional engagements. Global solutions, such as One



Page 5
Ms. Sara J. Phillips
Delphi Corporation
October 5, 2004

Year Rollover for Expatriates and Global Equity Compensation Strategies will be addressed in separate engagement letters.

**<u>Delivery of Services</u>**

The services will be provided under the direction of KPMG LLP, the US member firm of KPMG International, and will include the participation of other member firms of KPMG International (KPMG member firms). KPMG LLP is a separate legal entity from other member firms of KPMG International. Advice relative to tax matters outside the United States will be based on tax advice provided by the KPMG member firm in the particular country and on the relevant tax authorities in that country. In rendering such advice, we may also consider US tax treaties, their technical explanations, and judicial and administrative interpretations thereof.

In certain countries, a KPMG member firm is authorized to provide legal services within its jurisdiction. This engagement letter encompasses only tax services provided by KPMG member firms and does not encompass any legal services a KPMG member firm may be authorized to provide. Should the provision of such services not be proscribed by applicable independence rules and should Delphi choose to retain a KPMG member firm to provide legal services, including drafting of documents, in a particular country, Delphi and the KPMG member firm will enter into a separate fee arrangement and engagement letter for the provision of such legal services.

**<u>Taxes</u>**

For purposes of this Engagement Letter, "Taxes" means any sales taxes, use taxes, excise taxes, value added taxes or other taxes, however designated, assessed, charged or levied upon the use of the Services or the professional fees charges therefore; provided, however, Taxes shall not include any income, gross receipts, privilege or franchise taxes or any other taxes that are based on or measured by a party's net income.

Delphi and KPMG shall reasonably cooperate with each other to more accurately determine each party's tax liability and to minimize that tax liability to the extent legally permissible. Each party shall provide and make available to the other party any applicable certificates, information regarding out-of-jurisdiction sales of services, and other exemption certificates or information reasonably requested by the other party. In furtherance thereof, KPMG will use its best efforts to obtain an exemption for any sales, use, value-added or similar Tax, to the extent available under local law.

The parties agree to utilize reasonable efforts to structure the provision and receipt of the Services, as the case may be, in such a fashion as to minimize, to the extent legally permissible, any sales, use, value-added, withholding and similar Taxes payable by Delphi and/or incurred by KPMG. In



Page 6
Ms. Sara J. Phillips
Delphi Corporation
October 5, 2004

furtherance thereof and in relation to the provision of local country Services, KPMG, through its member firms, will directly bill the local Delphi affiliate such that there will be local country billings for all local country Services, to the extent legally permissible. To the extent that local country invoicing is not performed, KPMG will bear the cost of any additional Taxes resulting from a cross border payment. Such local country billings will be made in local currency subject to the same terms hereunder (timing, etc.) in relation to all payments by Delphi. The parties will, from time to time, review and enhance, as necessary, the positions taken with respect to the structure hereunder.

There shall be billed as separate line items on each invoice to Delphi, or a separate invoice for, and Delphi shall pay to KPMG, or reimburse KPMG for the payment of, amounts equal to applicable Taxes, if any, and any audit assessments of Taxes and related interest thereon, unless such assessment is the result of KPMG's collection of Taxes from Delphi and failure to remit such taxes to the applicable taxing authority or other gross negligence by KPMG.

KPMG will price the Services excluding any sales, use, service, value-added or similar Taxes that may be levied on the Services provided hereunder. KPMG will invoice, collect and remit such Taxes in accordance with local law. If Delphi is required by law to make any deduction or withholding from sums payable to KPMG, then Delphi shall promptly report and effect payment thereof to the applicable taxing authorities, and Delphi shall pay the net amount, after deduction or withholding to KPMG. Delphi shall also provide KPMG with official Tax receipts or other evidence issued by the applicable taxing authorities sufficient to establish that the Taxes have been paid. Invoices shall separately state applicable Taxes as necessary to assist Delphi in recapturing Taxes, as appropriate. Invoices shall be in the appropriate form as required by local law to permit deduction of payments for income tax purposes.

## Federal Confidential Communications Privilege

Delphi's (i) expatriates assigned from the US, (ii) expatriates assigned to the US, (iii) expatriates assigned to and from Non-US countries, (iv) employees assigned to the Mexican border, and (v) trainees/J-1 Visa holders are intended beneficiaries of this Engagement Letter. Accordingly, Delphi agrees that any confidential communications between KPMG and the above referenced individuals will not be shared with Delphi. However, in the event an above referenced individual disputes the tax computation prepared by KPMG and requests Delphi's review of such computation, KPMG agrees to waive the above privilege if the individual furnishes a waiver of its confidential communications with KPMG.



Page 7
Ms. Sara J. Phillips
Delphi Corporation
October 5, 2004

### Privacy

We are enclosing the KPMG Privacy Notice for your reference in Exhibit G. The notice will be provided to all authorized expatriates.

### Professional Fees

Our fees for this engagement will be based upon the attached fee schedule, Exhibit D, E, and F, inclusive of services performed by other KPMG member firms except to the extent related to legal services. As we have discussed, these fees are based upon the complexity of the issues and the time required of the professionals who will be performing these services. Circumstances encountered during the performance of these services that warrant additional time and/or expense could affect the above estimates. We will endeavor to notify you of any such circumstances as they arise.

We will prepare and forward a progress bill to your attention for half of the total projected agreed fee upon mailing of the organizers. The remainder will be billed upon completion of the tax returns. Payment is required upon receipt of the invoice.

### General Provisions

In the event of any conflict, ambiguity or inconsistency between this Engagement Letter and any other agreement relating to the Services, including any preprinted terms and conditions, the terms and conditions of this Engagement Letter shall govern.

The provisions of this Engagement Letter which give the parties rights beyond termination of this Engagement Letter will survive any termination of this Engagement Letter.

If any portion of this Engagement Letter is held to be void, invalid or otherwise unenforceable, in whole or in part, the remaining portions of this Engagement Letter shall remain in effect. This Engagement Letter shall not be modified except by a later written agreement signed by both parties.

Once again, we appreciate the opportunity to serve you and look forward to working with you. The attached Engagement Terms and Conditions are made a part of this engagement letter.



Page 8
Ms. Sara J. Phillips
Delphi Corporation
October 5, 2004

\*        \*        \*

Please sign the enclosed copy of this letter to confirm our agreement and return it to us.  If you have
any questions, please call me at (312) 665-8485 or Doyoung Yong at (312) 665-5207.

Very truly yours,

KPMG LLP

*Ann Marie Goddard*
Ann Marie Goddard
*Partner*
*International Executive Services*

Enclosure

cc:      James P. Whitson, Delphi Corporation
         Doyoung Yong, KPMG LLP

ACCEPTED:

Delphi Corporation

*Sara J. Phillips*
Authorized Signature

*Manager International Services*
Title

*12 October 2004*
Date

## EXHIBIT A

### GENERAL TERMS AND CONDITIONS

1.    Agreement.  It is agreed that KPMG LLP ("Consultant") will provide to Delphi Corporation ("Delphi") the services (the "Services") described in the accompanying engagement letter (the "Engagement Letter") to which this Exhibit A is attached (the Engagement Letter, this Exhibit A and Exhibit B are collectively referred to as this "Agreement").  For purposes of this Agreement, the terms "Consultant" include any affiliates of Consultant identified in the Engagement Letter as performing any of the Services, and the term "Delphi" includes any subsidiaries and affiliates of Delphi for which the Services are performed.  This Agreement constitutes the entire and sole agreement between Delphi and Consultant, and merges all prior and contemporaneous communications with respect to the subject matter of this Agreement.

2.    Independent Contractor.  Consultant will provide the Services as an independent contractor. Nothing contained in this Agreement shall be construed to create an employment or principal-agent relationship or joint venture between Consultant and Delphi, and neither party shall have the right, power or authority to obligate or bind the other in any manner whatsoever.

3.    Personnel.  All of Consultant's agents, employees, subcontractors and/or independent contractors furnished by Consultant to perform the Services (collectively, "Personnel") are and will remain Consultant's employees and/or independent contractors and, under no circumstances, will any Personnel furnished by Consultant be deemed to be Delphi's employees or agents.  Consultant is solely responsible, at Consultant's sole cost and expense, for (i) the fulfillment of all obligations to Personnel and (ii) the compliance by Consultant and Personnel with this Agreement and all laws, regulations, orders and other governmental requirements applicable to performance of the Services.

4.    Conduct of Consultant's Personnel.  Consultant will assure that all Personnel who are performing Services on behalf of Consultant are competent to perform the Services.  Consultant will require all Personnel who are performing any work on Delphi's premises to comply with all of Delphi's regulations and policies.  Delphi, in its sole discretion, has the right to: (a) bar any of Personnel from Delphi's premises for failure to observe Delphi's regulations or policies, (b) require that Consultant promptly remove from Delphi's premises any Personnel who violate any of Delphi's regulations or policies, and (c) require that Consultant cease using any Personnel to perform the services who are reasonably unacceptable to Delphi.  Delphi will confer with Consultant to discuss Delphi's concerns prior to requiring removal of any Personnel.  Consultant will replace any barred or removed Personnel with Personnel reasonably acceptable to Delphi.

5.      Non-Solicitation of Employees.

   A.    Delphi agrees that during the term of this Agreement and for a period of one (1) year after the termination of this Agreement, it will not hire or attempt to hire any employees or former employees of Consultant if listed in the engagement letter attached hereto, who have been assigned to or have performed any of the Services contemplated herein.

   B.    Consultant agrees that during the term of this Agreement and for a period of one (1) year after the termination of this Agreement, it will not hire or attempt to hire any employees or former employees of Delphi's Tax staff who have participated in the furtherance of this Agreement.

C.    Notwithstanding the provisions of Sections 5A and 5B, neither party shall be prohibited from employing any employee, former employee or personnel of the other who contacts such party (i) on his or her own initiative or (ii) in response to a general solicitation for employment contained in a newspaper or any other publication.

6.    .    Professional Fees.    Delphi will compensate Consultant for actual Services performed in accordance with the fee schedule set forth in this Agreement (the "Fee Schedule"). Consultant will invoice Delphi no more frequently than monthly. Consultant will submit, with each invoice for payment, a report specifying the actual Services performed and the calculation of the invoiced payment in accordance with the Fee Schedule. Invoices will be due and payable by Delphi within forty-five (45) days of Delphi's receipt of the invoice and corresponding report in the required form.

7.    Expenses. Delphi will reimburse Consultant for all reasonable costs and expenses Consultant incurs in connection with the Services, including, without limitation, all travel expenses, provided, however, that Consultant must obtain prior approval of Delphi for any individual reimbursable expenses in excess of $1,000 or for reimbursable expenses which exceed or are anticipated to exceed an aggregate of $2,500 during any calendar month. Consultant will not charge any markup, overhead, profit or other fees on the reimbursable expenses. Delphi's reimbursement obligations will be governed by the provisions of Exhibit B.

8.    Taxes. Unless otherwise agreed in the Engagement Letter, any applicable taxes imposed on Consultant in connection with the performance of the Services (except for taxes imposed on Consultant's income) will be invoiced to, and paid by, Delphi in addition to fees and expenses.

9.    Indemnification.

A.    Delphi shall indemnify, defend and hold harmless Consultant, including its directors, officers, employees, agents and representatives, from and against any and all claims, demands, actions, damages, liabilities, costs and expenses, including reasonable attorney fees and expenses, to the extent arising out of or resulting from third party claims against Consultant based on any of Consultant's written or verbal work product prepared pursuant to this Agreement and furnished by Consultant to Delphi for internal use (such as reports, analyses, projections, advice, recommendations and other data ) (collectively, "Internal Work Product Claims"). In addition, Delphi shall indemnify, defend and hold harmless Consultant, including its directors, officers, employees, agents and representatives, from and against any and all claims, demands, actions, damages, liabilities, costs and expenses, including reasonable attorney fees and expenses (other than Internal Work Product Claims), to the extent arising out of or resulting from third party claims against Consultant based on any activities of Consultant in connection with the performance of Services under this Agreement (collectively, "Non-Work Product Claims"), provided, however, that Delphi will have no obligation to indemnify Consultant to the extent that any Non-Work Product Claims arise out of or result from the negligence, illegal acts or willful misconduct of Consultant and/or its directors, officers, employees, agents or representatives.

B.    Consultant shall indemnify, defend and hold harmless Delphi, including its directors, officers, employees, agents and representatives, from and against any and all claims, demands, actions, damages, liabilities, costs and expenses, including reasonable attorney fees and expenses, to the extent arising out of or resulting from the negligence, illegal acts or willful misconduct of Consultant and/or its directors, officers, employees, agents or representatives in connection with the performance of Services under this Agreement, provided, however, that Consultant will have no obligation to indemnify Delphi to the extent that any such claims or damages arise out of or result from Internal Work Product Claims.

C.      In each case, the indemnifying party shall also pay to the indemnified party any and all costs and expenses incurred in connection with the enforcement of these indemnification provisions.

D.      The indemnification obligations set forth in this Section 9 and the general terms and conditions of this Agreement shall not apply to any tax or other governmental filings prepared by Consultant. The rights and obligations of the parties with respect to such services shall be governed by a separate agreement.

10.      Limitation of Liability.  Consultant's liability under this Agreement will be limited to twenty (20) times the professional fees paid; provided however that this limitation shall not apply (i) in the event of any breach of Section 16 below relating to Delphi Proprietary Information or (ii) if Consultant is found to be grossly negligent or to have acted willfully or fraudulently. In no event will Consultant or Delphi be liable for consequential, special, indirect, incidental, punitive or exemplary damages, costs, expenses, or losses (including loss of profits, data, business or goodwill) regardless of whether such liability is based on breach of contract, tort, strict liability, breach of warranties, failure of essential purpose or otherwise, and even if advised of the likelihood of such damages.

11.      Standard of Performance.  Consultant will use its best skills, resources and judgment to perform the Services in an efficient and economical manner and in accordance with the highest professional standards.  If any Services are not completed to Delphi's reasonable satisfaction, Consultant will, at no additional cost to Delphi, take reasonable steps to correct any deficiencies. The express warranties in this Paragraph and in this Agreement shall be in lieu of all other warranties, express or implied, including the implied warranty of merchantability and fitness for a particular purpose.

12.      Reliance on Information/Authorities.  Consultant will base its conclusions on the facts and assumptions that Delphi submits and will not independently verify this information.  Inaccuracy or incompleteness of the information Delphi provides could have a material effect on Consultant's conclusions.  In rendering its advice, Consultant may consider, for example, the applicable provisions of the Internal Revenue Code of 1986, and ERISA as amended, and the relevant state statutes, the regulations thereunder, and judicial and administrative interpretations thereof.  These authorities are subject to change, retroactively and/or prospectively, and any such changes could affect the validity of Consultant's advice. Consultant will not update its advice for subsequent changes or modifications to the law and regulations, or to the judicial and administrative interpretations thereof, unless Delphi separately engages Consultant to do so after such changes or modifications.

13.      Legal Counsel.  Delphi should consult with and/or engage legal counsel for the purpose of advising on non-tax legal aspects of matters on which Consultant provides tax advice and drafting any legal documents and/or agreements that may be required in connection therewith. Consultant will provide Delphi's legal counsel with tax-related advice that is deemed necessary by Delphi's legal counsel to draft such documents and/or agreements.  To the extent Services of legal counsel or other professional service providers are required, Delphi is responsible for engaging and paying such service providers.

14.      Federal Confidential Communications Privilege.  A confidentiality privilege under Internal Revenue Code Section 7525 may pertain to certain communications between Consultant personnel and Delphi regarding federal tax advice provided pursuant to this engagement.  By retaining Consultant, Delphi agrees that Consultant is instructed to claim the privilege on Delphi's behalf, with respect to any applicable communications, up to and until such time as Delphi may waive any such privilege in writing. As disclosure of any such confidential communications to the Internal Revenue Service or other third party may cause any confidentiality privilege to be waived, Delphi should notify Consultant if the Internal

Revenue Service or other third party requests information about any tax advice or tax advice documents provided by Consultant.

Delphi understands that Consultant makes no representation, warranty, or promise, and offers no opinion with respect to the applicability of such confidentiality privilege to any communication. Delphi agrees to indemnify Consultant for any attorney's fees and other costs and expenses incurred by Consultant in defending the confidentiality privilege on Delphi's behalf. Consultant agrees to promptly notify Delphi of any claim for which Consultant seeks indemnification and Delphi shall have the right to conduct the defense or settlement of any such claim at Delphi's sole expense, and Consultant shall cooperate with Delphi. Consultant shall nonetheless have the right to participate in such defense at its own expense and to approve the settlement of any claim hereunder that imposes liability or obligation.

15.   Disclosure and Restriction on Use.   If this engagement relates to a strategy offered by Consultant to Delphi that is designed to reduce or defer federal income tax for a direct or indirect corporate participant, pursuant to Treasury Regulation section 301.6111-2(c), Delphi (and each employee, representative, or other agent of Delphi) is expressly authorized to disclose the structure and tax aspects of the strategy with any and all persons, without limitation of any kind.

Written advice provided by Consultant to Delphi is for the information and use of Delphi only and may not be relied upon by any third party without the express written permission of Consultant.

16.   Non-Disclosure of Delphi Proprietary Information.

A.   "Delphi Proprietary Information" means any information concerning the business and affairs of Delphi, which is not publicly available at the time disclosed to, or learned by, Consultant or any Personnel. Delphi Proprietary Information includes, without limitation, this Agreement and any written or verbal work product prepared pursuant to this Agreement (such as reports, analyses, projections, advice, recommendations and other data); trade secrets; product specifications; data; know-how; formulae; compositions; processes; designs; sketches; photographs; samples; inventions; concepts; ideas; past, current and planned research and development; past, current and planned manufacturing or distribution methods and processes; price lists; marketing and business plans, methods and processes; financial results and information; reports; computer software and programs (including object code and source code); databases; notes; analyses; compilations; studies; and other materials or intangibles. Delphi Proprietary Information also includes any materials or information that contain or are based on any other Delphi Proprietary Information, whether prepared by Delphi, Consultant, Personnel or any other person. Information will be conclusively deemed Delphi Proprietary Information if it is marked "Proprietary" or "Confidential" or with an equivalent legend at the time it is disclosed. Any information transmitted orally will be conclusively deemed Delphi Proprietary Information if Delphi notifies Consultant that it is proprietary within a reasonable time following oral disclosure. The failure, however, to mark information as "Proprietary" or "Confidential" or to notify Consultant that oral information is proprietary will not affect the information's proprietary nature. Delphi Proprietary Information does not include any trade secrets; data; know-how; formulae; compositions; processes; designs; sketches; inventions; concepts; ideas; methodologies, and techniques; models; templates; general purpose consulting and software tools previously created, acquired, owned or developed or independently developed by Consultant in the performance of the Services without reference to Delphi's Proprietary Information.

B.   In connection with Consultant's performance of Services, Delphi may disclose Delphi Proprietary Information to Consultant and Personnel. All Delphi Proprietary Information disclosed, furnished or made available to Consultant and/or Personnel and all Delphi Proprietary Information generated or developed by Consultant and/or Personnel will be treated and maintained as confidential by

Consultant and Personnel, will not be disclosed to any third parties, either in whole or in part, except upon Delphi's prior written authorization, and will be used by Consultant and Personnel only for the purpose of performing the Services in accordance with this Agreement, in all cases using the same degree of care and discretion to avoid disclosure, publication or dissemination of such Delphi Proprietary Information that Consultant uses with respect to its own similar information that it does not wish to disclose, publish or disseminate (but in no event less than a reasonable degree of care and discretion). Before Consultant or Personnel discloses any information that could, under any circumstances, constitute Delphi Proprietary Information, Consultant will obtain Delphi's written consent. Neither Consultant nor Personnel will remove any Delphi Proprietary Information from Delphi's premises unless Delphi authorizes the removal in writing. Consultant will be responsible and liable to Delphi for the violation by any of Personnel of these confidentiality obligations.

      C.     The foregoing obligations under this Section 16B of this Exhibit A shall not apply to the extent that any Delphi Proprietary Information (i) is at the time of disclosure, or thereafter becomes, part of the public domain through a source other than Consultant and Personnel, (ii) is subsequently learned by Consultant or Personnel from a third party that has a legal right to make such disclosure and does not impose an obligation of confidentiality on the receiving party, (iii) was known to Consultant or Personnel at the time of disclosure by Delphi, (iv) was generated independently by Consultant or Personnel before disclosure by Delphi, or (v) is required to be disclosed by Consultant or Personnel by law, subpoena or other process.

17.    Assignment and Subcontracting.  Consultant will not assign or subcontract any portion of its responsibilities under this Agreement without Delphi's prior written approval.

18.    Changes and Delays.

      A.     In the event that (i) Delphi requires a change in the scope of the Services, (ii) any change of applicable law or regulation affects the timing or performance of the Services or (iii) any action by Delphi or a third party (other than Personnel) affects the timing or performance of the Services, subject to the mutual agreement of Delphi and Consultant, the fees and/or schedule for performance for the Services will be equitably adjusted by the parties.

      B.     To the extent that the Engagement Letter provides that Consultant's performance under this Agreement is contingent upon specific action or cooperation of Delphi, including the supply to Consultant of specific resources, approvals, and information, any delays in Consultant's performance which occur as a result of the failure or untimely performance by Delphi shall be excused to the extent of any such delay or untimely performance by Delphi and Consultant shall not incur any liability to Delphi as a result of any such delay or untimely performance by Delphi.

19.    Term and Termination. This Agreement will terminate when the Services have been completed. In addition, either party may terminate this Agreement in the event of the breach by the other party of this Agreement, which breach is not cured within thirty (30) days after notice by the non-breaching party. Delphi shall pay Consultant for Services performed prior to the effective date of termination as well as expenses incurred prior to the effective date of termination and approved by Delphi in accordance with Section 7 of this Exhibit A.

20.    Conflict.  In the event of any conflict, ambiguity or inconsistency between this Agreement and any other agreement relating to the Services, including any preprinted terms and conditions on Delphi's purchase orders, the terms and conditions of this Agreement shall govern.

21.    Survival.  The provisions of this Agreement, which give the parties rights beyond termination of this Agreement, will survive any termination of this Agreement.

22.    Severability.    If any portion of this Agreement is held to be void, invalid, or otherwise unenforceable, in whole or part, the remaining portions of this Agreement shall remain in effect.

23.    Amendment.  This Agreement shall not be modified except by a later written agreement signed by both parties.

24.    Alternative Dispute Resolution.

A.  Any dispute or claim arising out of or relating to the Engagement Letter between the parties, the services provided thereunder, or any other services provided by or on behalf of Consultant or any of its subcontractors or agents to Delphi or at its request (including any dispute or claim involving any person or entity for whose benefit the services in question are or were provided) shall be resolved in accordance with the dispute resolution procedures set forth in Exhibit C attached hereto, which constitute the sole methodologies for the resolution of all such disputes.  By operation of this provision, the parties agree to forego litigation over such disputes in any court of competent jurisdiction.  Mediation, if selected, may take place at a location to be designated by the parties. Arbitration shall take place in Detroit, Michigan.  Either party may seek to enforce any written agreement reached by the parties during mediation, or to confirm and enforce any final award entered in arbitration, in any court of competent jurisdiction.

(b) Notwithstanding the agreement to such procedures, either party may seek injunctive relief to enforce its rights with respect to the use or protection of (i) its confidential or proprietary information or material or (ii) its names, trademarks, service marks or logos, solely in the courts of the State of Michigan or in the courts of the United States located in the State of Michigan. The parties consent to the personal jurisdiction thereof and to sole venue therein only for such purposes.

## EXHIBIT B

### Travel and Per Diem Reimbursement

A.    If Personnel are required by Delphi to travel as an incidental requirement in performing services for Delphi,
then such travel and per diem expenses, subject to prior written approval of Delphi, will be reimbursable as follows::

| | | |
|---|---|---|
| 1. Air Travel | | Economy/Coach class only.  Business class is permitted only upon prior written consent by Delphi. |
| 2. Hotel | | Consultant will exercise good, sound business judgment and discretion in choosing hotels, such as moderately priced chain hotels or hotels that offer discounted corporate rates.  Where extended travel is involved, reduced rates may be available and should be requested. |
| 3. Rental cars | | Compact or intermediate class only.  The cost of collision damage waiver and personal accident insurance is the responsibility of Consultant. |
| 4. Mileage Allowance | | Reimbursement will be at the then current IRS rate (currently $0.375 per mile) for the miles which are in excess of his or her normal commute from home to work and back.  When permanently assigned to another location, even if the new location is temporary, Consultant will not be reimbursed for excess miles, additional driving time, etc. |
| 5. Expense Reports | | If requested, Consultant will provide receipts for all reimbursable expenses, including meals and other expenditures, in excess of $25.00 or more. |
| 6. Meals | | Meals will not be reimbursed for non-overnight trips, except in the case of late return occasioned by travel outside normal working hours. Reimbursement for meals will be the actual and reasonable expenses paid by Consultant. |
| 7. Extended Travel | | Consultant should review the home visit policy prior to a trip.  Generally, the following provisions apply: |

7. Extended Travel (cont.)

If the travel expense is less than the living expense in the temporary location, Consultant will be reimbursed for travel to the permanent location every week.

If the travel expense is more than the living expense in the temporary location, Consultant will be reimbursed for travel to the permanent location every two weeks.

Excess expenses due to frequent travel or stays will not be reimbursed by Delphi without its prior written approval.

8. Miscellaneous

When Consultant chooses an alternative method of transportation, *e.g.,* to drive instead of fly, reimbursement, including meals and lodging, will not exceed the lesser of the two costs.  Documentation to support the lesser cost must be attached to expense report.  Travel time must also be limited if on working hours.

The employee, his or her immediate supervisor, and an authorized Delphi

representative must sign the expense report form.

Consultant is responsible for travel reservations, hotel/motel accommodations and rental cars.  If directed by Delphi, Consultant will make all travel arrangements through Total Travel Management, using a special account set up for such purposes.

Any cash advance by Consultant to its employee is the responsibility of Consultant.

9.  Per Diem                In certain instances, a per diem will be paid to Consultant in accordance with Delphi's standard per diem policy.

B.      All travel and per diem for which Consultant seeks reimbursement will be submitted to Delphi on standard vouchers, with substantiating documentation, and will accompany the monthly invoices.

**Exhibit C**

**Dispute Resolution Procedures**

The following procedures are the sole methodologies to be used to resolve any controversy or claim ("dispute"). If any of these provisions are determined to be invalid or unenforceable, the remaining provisions shall remain in effect and binding on the parties to the fullest extent permitted by law.

## *Mediation*

Any party may request mediation of a dispute by providing a written Request for Mediation to the other party or parties. The mediator, as well as the time and place of the mediation, shall be selected by agreement of the parties. Absent any other agreement to the contrary, the parties agree to proceed in mediation using the CPR Mediation Procedures (Effective April 1, 1998), with the exception of paragraph 2 which shall not apply to any mediation conducted pursuant to this agreement. As provided in the CPR Mediation Procedures, the mediation shall be conducted as specified by the mediator and as agreed upon by the parties. The parties agree to discuss their differences in good faith and to attempt, with facilitation by the mediator, to reach a consensual resolution of the dispute. The mediation shall be treated as a settlement discussion and shall be confidential. The mediator may not testify for any party in any later proceeding related to the dispute. No recording or transcript shall be made of the mediation proceeding. Each party shall bear its own costs in the mediation. Absent an agreement to the contrary, the fees and expenses of the mediator shall be shared equally by the parties.

### *Arbitration*

Arbitration shall be used to settle the following disputes: (1) any dispute not resolved by mediation 90 days after the issuance by one of the parties of a written Request for Mediation (or, if the parties have agreed to enter or extend the mediation, for such longer period as the parties may agree) or (2) any dispute in which a party declares, more than 30 days after receipt of a written Request for Mediation, mediation to be inappropriate to resolve that dispute and initiates a Request for Arbitration. Once commenced, the arbitration will be conducted either (1) in accordance with the procedures in this document and the Rules for Non-Administered Arbitration of the CPR Institute for Dispute Resolution ("CPR Arbitration Rules") as in effect on the date of the engagement letter or contract between the parties, or (2) in accordance with other rules and procedures as the parties may designate by mutual agreement. In the event of a conflict, the provisions of this document and the CPR Arbitration Rules will control.

The arbitration will be conducted before a panel of three arbitrators, two of whom may be designated by the parties using either the CPR Panels of Distinguished Neutrals or the Arbitration Rosters maintained by any JAMS Office in the United States. If the parties are unable to agree on the composition of the arbitration panel, the parties shall follow the screened selection process provided in Section B, Rules 5, 6, 7, and 8 of the CPR Arbitration Rules. Any issue concerning the extent to which any dispute is subject to arbitration, or any dispute concerning the applicability, interpretation, or enforceability of these procedures, including any contention that all or part of these procedures are invalid or unenforceable, shall be governed by the Federal Arbitration Act and resolved by the arbitrators. No potential arbitrator shall be appointed unless he or she has agreed in writing to abide and be bound by these procedures.

The arbitration panel shall issue its final award in writing. The panel shall have no power to award non-monetary or equitable relief of any sort. Damages that are inconsistent with any applicable agreement between the parties, that are punitive in nature, or that are not measured by the prevailing party's actual damages, shall be unavailable in arbitration or any other forum. In no event, even if any other portion of these provisions is held to be invalid or unenforceable, shall the arbitration panel have power to make an award or impose a remedy that could not be made or imposed by a court deciding the matter in the same jurisdiction.

Discovery shall be permitted in connection with the arbitration only to the extent, if any, expressly authorized by the arbitration panel upon a showing of substantial need by the party seeking discovery.

All aspects of the arbitration shall be treated as confidential. The parties and the arbitration panel may disclose the existence, content or results of the arbitration only as provided in the CPR Arbitration Rules. Before making any such disclosure, a party shall give written notice to all other parties and shall afford such parties a reasonable opportunity to protect their interests.

KPMG/Delphi Standard Engagement Terms & Conditions
rev. 9 15 2004
page 10 of 10

The award reached as a result of the arbitration will be binding on the parties, and confirmation of the arbitration award may be sought in any court having jurisdiction.

**EXHIBIT D**

**Fee Schedule**

As agreed we will undertake the services listed in the attached letter for authorized Delphi employees for the 2004, 2005, and 2006 calendar years based on the following fee schedule per employee:

| | |
|---|---|
| • Expatriates Assigned To the US | $1,750 |
| • Expatriates Assigned From the US | $2,700 |
| • Expatriates Assigned To and From Non-US Countries | $2,100 |
| • Employees Assigned To the Mexican Border | $750 |
| • Trainees/J Visa Holders | $375 |

Fees for monthly payroll assistance, amended returns and tax clearance certificates will be dependent on the country in which the services are performed. See exhibit E for the fees for these services.

Fees for visa and immigration assistance will be dependent on the country in which the services are performed. See exhibit F for visa and immigration assistance fees.

We will bill you one-half of the agreed upon fee for income tax preparation on or before January 15th of each year and the remainder after April 15th of each year for completed returns. A final bill will be presented for all income tax returns prior to November 1st of each year. Invoices will be due and payable by Delphi thirty (30) days after receipt. All fees are exclusive of out of pocket expenses and mandatory value added tax.

All fees are based at 70% or less of our standard billing rates. Invoices for these services and other additional services described above will be made at the completion of each individual project on a monthly basis. Circumstances encountered during the performance of services that warrant additional time and/or expenses could affect the above estimates. We will notify you of any such circumstances as they arise.

Delphi will reimburse KPMG for all reasonable costs and expenses, including, without limitation, all travel expenses, KPMG incurs in connection with the Services, provided, however, that KPMG must obtain prior approval of Delphi for any individual reimbursable expenses in excess of $2,500 or for reimbursable expenses which exceed or are anticipated to exceed an aggregate of $10,000 during any calendar month. KPMG will not charge any markup, overhead, profit or other fees on the reimbursable expenses. Delphi's reimbursement obligations will be governed by the provisions of Exhibit B.

## EXHIBIT E
### KPMG Additional Services and Related Fees

| Country | Amended Returns | Tax Clearance | Tax Withholding |
|---|---|---|---|
| Argentina | $1,100 | N/A | Start-up fee $250 per employee<br>$500 per month (up to 5 employees) / $800 per month (up to 10 employees) |
| Australia | $440 | N/A | Start-up fee $900<br>Monthly fee $450 / Annual fee $1,500 |
| Austria | $825 | N/A | $55 per employee per installment (14 installments/yr)<br>$75 per employee per month (social taxes)<br>$60 per employee per month (handling of payments) |
| Belgium | N/A -no amended returns | N/A | $665 per month |
| Botswana | $135 | $265 | $55 per month |
| Brazil | $500 | $1,650 | Not offered - Would recommend third party provider |
| Canada | $250 | $360 | $275 per month |
| China | $90 per month per employee | $450/Arrival $300/Departure | Part of return fee |
| Czech Rep | $775 | $165 | $165 per month per employee / $225 per year per employee |
| France | $1,225 | $775 | Monthly payslips and quarterly social contributions $150 per person per month<br>Processing of yearly social returns $1,950<br>Start-up fee including registration of company with social bodies $2,900 |
| Germany | $280 | N/A | $195 per month for 4 employees<br>$25 per month for each additional employee |
| Hungary | $900 | $880 | $275 per employee per quarter |
| India | $825 | $880 | $110 per employee per month |
| Indonesia | $385 | $115/Arrival $115/Departure | $225 per month<br>$1,100 per year |
| Italy | $500 | N/A | Start- up fee $1,800<br>Annual fee $2,600 |
| Japan | $700 | $400 | $375 per month (up to 5 employees)<br>$550 per month (up to 10 employees) / $825 per month (up to 20 employees) |
| Korea | $675 | N/A | $10 per month per employee |
| Luxembourg | $450 | N/A | $1,350 per month for 11 expatriates |
| Malaysia | $115 | $385 | $45 per employee per month (minimum of $150 per month) |
| Mexico | $500-$700 | N/A | $200 per employee per month |
| Morocco | $1,325 | $2,200 | $900 per month |
| Poland | $825 | $225 | $30 per employee per month |
| Portugal | $565 | $425 | $50 per employee per month |
| Romania | N/A | N/A | Included in tax return fee |
| Russia | $1,595 | N/A | $1,325 month for up to 10 employees |
| Saudi Arabia | N/A | N/A | $500 per month |
| Singapore | $825 | $1,650 | $65 per employee per month ($400 monthly minimum) |
| Spain | $500 | N/A | $550 per employee per month |
| Sweden | $325 | N/A | Not offered – would recommend third party provider |
| Switzerland | $850 | N/A | $390 per employee per month / $750 start-up per employee |
| Taiwan | $650 | N/A | N/A |
| Thailand | $325 | N/A | $165 per employee per month |
| Turkey | $990 | $1,100 | $900 month for up to 10 employees |
| UK | $550 | Included In Return Fee | $250 per employee per month<br>Start-up cost = total monthly charge + $400 / Annual forms $250 per year |
| United States | $800 | N/A | N/A |

All fees are exclusive of out of pocket expenses and required value added tax.

## EXHIBIT F
### KPMG Additional Services and Related Fees

| Country | Visa and Immigration Assistance |
|---------|--------------------------------|
| Argentina | Visa for the assignee $825 |
| | Visa for the assignee plus his/ her spouse $1,240 |
| | Visa for the assignee plus his/ her immediate family $1,650 |
| Australia | Standard business sponsorship $1,255 |
| | Nomination and visa application (per family) $1,085 |
| Austria | Restricted from offering services |
| Belgium | Preparation of application of work permit $840 |
| Botswana | Renewal of work permit $700 |
| Brazil | Permanent or temporary visa (per immediate family) $560 |
| | Extension of temporary visa (per immediate family) $560 |
| | Identification card $80 |
| | Tax number card $45 |
| Canada | Restricted from offering services (Can recommend local legal firm) |
| China | Apply to the Shanghai Public Security Bureau (3 or less) $1,650 per person |
| | Apply to the Shanghai Public Security Bureau (less than 10 more than 3) $1,325 per person |
| | Apply to the Shanghai Public Security Bureau (10 or more) $1,100 per person |
| Czech Rep | KPMG does not offer visa and immigration services (Can recommend a provider) |
| France | $1,700 per employee |
| | No additional costs for a family application |
| | Services rendered by the Law Offices of Samuel Okoshken |
| Germany | Work permit $715 |
| | Resident permit $715 |
| Hungary | Work permit $185 |
| | Resident permit $265 |
| India | Visa $770 |
| | Foreign registration $440 |
| Indonesia | Business visa including work permit $550 |
| | Multiple business visa $660 |
| | Single business visa $440 |
| | Social visa $440 |
| | Limited stay visa including work permit and stay permit $2,200 |
| | Limited stay visa including stay permit for each dependent $1,925 |
| Italy | Non - European citizen secondment (request of work permit, entry visa, permit stay) $1,685 |
| | Non - European citizen employment (request of work permit, entry visa, permit stay, employment card, employment letter, formalities with Labour Office, formalities with INAIL) $2,400 |
| | European citizen secondment (request of work permit, entry visa, permit stay) $720 |
| | European citizen employment (request of work permit, entry visa, permit stay, employment card, employment letter, formalities with Labour Office, formalities with INAIL) $960 |
| Japan | Per assignee $2,875 / Per dependent $1,265 |
| Korea | Obtaining visa $1,925 |
| Luxembourg | Assisting with work permit and visa $1,760 |
| Malaysia | Application for employment pass $1,540 per person |
| | Application for dependent pass $275 per person |
| Mexico | Obtaining an FM3 document $1,100 per visitor and $825 per relative |
| | Obtaining each exit and entry permit $275 per person |
| Morocco | Obtaining visa $1,100 |

## EXHIBIT F (cont'd)

### KPMG Additional Services and Related Fees

| | |
|---|---|
| Poland | Obtaining preliminary consent for employment and final work permit $1,100 |
| | Obtaining temporary residence card $1,650 |
| | Obtaining an extension of the working visa or temporary visa $550 |
| Portugal | Obtaining visa $700 |
| Romania | Obtaining temporary residence for taxpayer $240 |
| | Obtaining temporary residence for each dependent $100 |
| Russia | Obtaining visa $1,100 |
| | Obtaining work permit $1,650 |
| Saudi Arabia | Not offered |
| Singapore | The following services are offered by M&C Services |
| | Application for Visa $300 |
| | Application of employment pass $1,200 |
| | Application for renewal of employment pass $490 |
| | Application for dependent's pass $120 |
| | Application for training pass $1,210 |
| | Cancellation of pass $180 |
| Spain | Work and resident permit $2,525 per person |
| Sweden | Obtaining visa $2,010 |
| Switzerland | European work permit $450 |
| | Non-European $4,000 |
| Taiwan | N/A |
| Thailand | Original work permit application $1,045 |
| | Work permit renewal $525 |
| | Extension of visa $550 per person per year |
| | Extension of visa for the expatriate's family members $165 per person per year |
| | Re-entry permit $110 per person per application |
| Turkey | Not Offered |
| UK | Intra company transfer work permit $920 |
| | New hire work permit $1075 |
| | Work permit extensions $690 |
| | Permanent resident applications $535 |
| United States | Restricted from offering services |

All fees are exclusive of out of pocket expenses including required value added tax and amounts due to governmental units for the processing of documents.

**Exhibit G**

# KPMG Privacy Notice

KPMG LLP and KPMG Investment Advisors (collectively, "KPMG"), like most providers of financial services, are now required by law to inform our individual clients of our policies regarding privacy of personal client information. At KPMG, we are committed to providing you with the highest level of professional services. As part of this effort, we have always protected the confidentiality and security of our clients' personal information and will continue to do so.

Confidentiality and Security

We restrict access to information about you to personnel who need to know that information in connection with providing services to you. We maintain physical, electronic, and procedural safeguards in compliance with applicable law to guard your information.

Information We Collect

KPMG collects information about you in connection with your engagement of us to provide you with services. Sources from which we collect information about you include interviews with you, tax return organizers, financial planning organizers, financial history questionnaires, financial statements, statements of portfolio holdings, other forms, and transactions and correspondence between you and us, our affiliates and others. If you are an investment advisory services client, KPMG Investment Advisors also collects information about your investment portfolio and your financial situation, requirements and objectives.

Disclosure of Personal Information

We do not disclose any personal information about our clients or former clients to third parties or affiliates, except as permitted by law. For example, if you are an investment advisory services client, KPMG LLP and KPMG Investment Advisors may share information about you with each other with your authorization. This allows us to provide you with the services you have requested from each of us with greater ease and convenience to you.

If you have any questions regarding this Notice or about our privacy policies and practices, please contact the KPMG partner responsible for your engagement.

10/12/2005 12:43 FAX 312 665 6046          KPMG          @001



303 East Wacker Drive
Chicago, IL 60601-5212

Telephone 312 665 1000
Fax 312 665 6000

November 3, 2004

**PRIVATE**

Ms. Sara J. Phillips
Manager, International Services Group
Delphi Corporation
World Headquarters & Customer Center
M/C 480.410.122
5825 Delphi Drive
Troy, MI  48098

Dear Sara:

KPMG LLP (KPMG) and Delphi Corporation (Delphi) have entered into an engagement letter dated October 5, 2004 under which KPMG will provide international executive services to Delphi and its expatriate employees.  Attached to and made part of the October 5, 2004 engagement letter is Exhibit A, KPMG/Delphi Standard Engagement Terms & Conditions (rev. 9/15/2004). KPMG and Delphi agree that, for this engagement only, the first and second lines of paragraph ten (10) are deleted and the following inserted in its place:

"Limitation of Liability- Consultant's liability arising in connection with this engagement, if any, and for each year, will be limited to two (2) times the professional fees paid for each year;"

Please sign the enclosed copy of this letter to confirm our agreement and return it to us.  If you have any questions, please call me at (312) 665-8485 or Doyoung Yong at (312) 665-5207.

Very truly yours,

KPMG LLP

Ann Marie Goddard

**Ann Marie Goddard**
*Partner*
*International Executive Services*

Enclosure
cc:      James P. Whitson, Delphi Corporation
         Doyoung Yong, KPMG LLP



KPMG LLP KPMG LLP a U.S. limited liability partnership, is
a member of KPMG International, a Swiss association.

Page 2
Ms. Sara J. Phillips
Delphi Corporation
November 3, 2004

ACCEPTED:

Delphi Corporation

_Sara Phillips_
Authorized Signature

_Manager International Sves_
Title

_4 Nov 2004_
Date

KPMG LLP. KPMG LLP, a U.S. limited liability partnership,
is a member of KPMG International, a Swiss association

10/12/2005 12:44 FAX 312 665 6046          KPMG                                    ☒003

C.    In each case, the indemnifying party shall also pay to the indemnified party any and all costs and expenses incurred in connection with the enforcement of these indemnification provisions.

D.    The indemnification obligations set forth in this Section 9 and the general terms and conditions of this Agreement shall not apply to any tax or other governmental filings prepared by Consultant. The rights and obligations of the parties with respect to such services shall be governed by a separate agreement.

10.    <u>Limitation of Liability</u>.  Consultant's liability arising in connection with this engagement, if any, and for each year, will be limited to two (2) times the professional fees paid for each year; provided however that this limitation shall not apply (i) in the event of any breach of Section 16 below relating to Delphi Proprietary Information or (ii) if Consultant is found to be grossly negligent or to have acted willfully or fraudulently. In no event will Consultant or Delphi be liable for consequential, special, indirect, incidental, punitive or exemplary damages, costs, expenses, or losses (including loss of profits, data, business or goodwill) regardless of whether such liability is based on breach of contract, tort, strict liability, breach of warranties, failure of essential purpose or otherwise, and even if advised of the likelihood of such damages.

11.    <u>Standard of Performance</u>.  Consultant will use its best skills, resources and judgment to perform the Services in an efficient and economical manner and in accordance with the highest professional standards.  If any Services are not completed to Delphi's reasonable satisfaction, Consultant will, at no additional cost to Delphi, take reasonable steps to correct any deficiencies. The express warranties in this Paragraph and in this Agreement shall be in lieu of all other warranties, express or implied, including the implied warranty of merchantability and fitness for a particular purpose.

12.    <u>Reliance on Information/Authorities</u>.  Consultant will base its conclusions on the facts and assumptions that Delphi submits and will not independently verify this information.  Inaccuracy or incompleteness of the information Delphi provides could have a material effect on Consultant's conclusions.  In rendering its advice, Consultant may consider, for example, the applicable provisions of the Internal Revenue Code of 1986, and ERISA as amended, and the relevant state statutes, the regulations thereunder, and judicial and administrative interpretations thereof.  These authorities are subject to change, retroactively and/or prospectively, and any such changes could affect the validity of Consultant's advice.  Consultant will not update its advice for subsequent changes or modifications to the law and regulations, or to the judicial and administrative interpretations thereof, unless Delphi separately engages Consultant to do so after such changes or modifications.

13.    <u>Legal Counsel</u>.  Delphi should consult with and/or engage legal counsel for the purpose of advising on non-tax legal aspects of matters on which Consultant provides tax advice and drafting any legal documents and/or agreements that may be required in connection therewith. Consultant will provide Delphi's legal counsel with tax-related advice that is deemed necessary by Delphi's legal counsel to draft such documents and/or agreements.  To the extent Services of legal counsel or other professional service providers are required, Delphi is responsible for engaging and paying such service providers.

14.    <u>Federal Confidential Communications Privilege</u>.  A confidentiality privilege under Internal Revenue Code Section 7525 may pertain to certain communications between Consultant personnel and Delphi regarding federal tax advice provided pursuant to this engagement.  By retaining Consultant, Delphi agrees that Consultant is instructed to claim the privilege on Delphi's behalf, with respect to any applicable communications, up to and until such time as Delphi may waive any such privilege in writing.  As disclosure of any such confidential communications to the Internal Revenue Service or other third party may cause any confidentiality privilege to be waived, Delphi should notify Consultant if the Internal

03/22/2006 13:02 FAX 312 665 6046          KPMG                                      ☑001



| | KPMG LLP | Telephone | 312 665 1000 |
| | 303 East Wacker Drive | Fax | 312 665 6000 |
| | Chicago, Il 60601-5212 | Internat | www.us.kpmg.com |

March 20, 2006

Ms. Sara J. Phillips
Manager, International Services Group
Delphi Corporation
5825 Dephi Drive
Troy, MI 48098

Dear Sara:

Delphi Corporation (Delphi) and KPMG LLP (KPMG) have entered into an agreement letter dated October 5, 2004, November 3, 2004, and January 18, 2006 executed on March 8, 2006 under which KPMG will provide international executive services to Delphi and its expatriates. The fees listed in Attachment A are an addendum to Exhibit E of the October 5, 2004 engagement letter. Our fees for services detailed in Attachment A will be billed at the lesser of the fees in Attachment A or the actual time incurred to complete the services at our standard hourly rates.

Please sign the enclosed copy of this letter to confirm our agreement. If you have any questions, please call Sandra Froylan at (312) 665-3323 or me at (312) 665-5207.

Very truly yours,

KPMG LLP

Doyoung Yong
*Senior Manager*
*International Executive Services*

cc:     James P. Whitson, Delphi Corporation
        Ann Marie Goddard, KPMG
        Saul Caisman, KPMG
        Sandra Froylan, KPMG

ACCEPTED:

Delphi Corporation.

Sara Phillips
Authorized Signature

Manager Intl. Services
Title

March 20, 2006
Date



## Attachment A: Delphi Corporation

### Addendum to Exhibit E of the October 5, 2004 Engagement Letter

Other services listed below for authorized Delphi employees for the 2004, 2005, and 2006 calendar years are based on the following fee schedule per employee:

- Prepare amended US income tax returns for Employees Assigned To the Mexican Border     $375

- Prepare monthly Mexican non-resident income tax withholding calculation for Employees Assigned To the Mexican Border     $40

- Prepare and compile payments at host information for Employees Assigned From the US, Expatriates Assigned To the US, and Expatriates Assigned To and From Non-US Countries     $375

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                               :
        In re                              :     Chapter 11
                               :
DELPHI CORPORATION, et al.,            :     Case No. 05-44481 (RDD)
                               :
                   Debtors.    :     (Jointly Administered)
                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND 1107(b) AUTHORIZING
(I) EMPLOYMENT AND RETENTION OF KPMG LLP AS ADVISORY AND VALUATION
ADVISORS TO DEBTORS, EFFECTIVE <u>NUNC</u> <u>PRO</u> <u>TUNC</u> TO FEBRUARY 16, 2006,
(II) CONTINUED RETENTION OF KPMG LLP AS TAX ADVISORS TO DEBTORS,
EFFECTIVE <u>NUNC</u> <u>PRO</u> <u>TUNC</u> TO JANUARY 1, 2006, AND (III) ADDITIONAL
INTERNATIONAL EXECUTIVE TAX SERVICES TO BE RENDERED BY KPMG LLP TO
<u>DEBTORS EFFECTIVE NUNC PRO TUNC TO JANUARY 18, 2006</u>

("KPMG LLP SUPPLEMENTAL RETENTION ORDER")

           Upon the supplemental application dated April 20, 2006 (the "Application") of

Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the

"Order") under 11 U.S.C. §§ 327(a), 328(a), and 1107(b) and Fed. R. Bankr. P. 2014 authorizing

(i) the employment and retention of KPMG LLP as advisory and valuation advisors to the

Debtors, effective <u>nunc</u> <u>pro</u> <u>tunc</u> to February 16, 2006, (ii) the continued retention of KPMG LLP

as tax advisors to the Debtors, effective <u>nunc</u> <u>pro</u> <u>tunc</u> to January 1, 2006, and (iii) additional

international executive tax services to be rendered by KPMG LLP to the Debtors, effective <u>nunc</u>

<u>pro</u> <u>tunc</u> to January 18, 2006; and this Court having determined that the relief requested in the

Application is in the best interests of the Debtors, their estates, their creditors, and other parties-

in-interest; and it appearing that proper and adequate notice of the Application has been given

and that no other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it hereby is

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Application is GRANTED on a final basis.

2.    Subject to the terms of this Order, the Debtors' employment of KPMG LLP

as one of their advisory and valuation advisors pursuant to the terms and conditions of the

Application is approved pursuant to sections 327(a), 328(a), and 1107(b) of title 11 of the United

States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code") and Rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), effective <u>nunc</u> <u>pro</u> <u>tunc</u> to

February 16, 2006.

3.    Subject to the terms of this Order, the Debtors' continued employment of

KPMG LLP as tax advisors to the Debtors pursuant to the terms and conditions of the

Application is approved pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code

and Rule 2014 of the Bankruptcy Rules, effective <u>nunc</u> <u>pro</u> <u>tunc</u> to January 1, 2006.

4.    Subject to the terms of this Order, the Debtors' employment of KPMG LLP to

perform additional international executive tax services pursuant to the terms and conditions of

the Application is approved pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy

Code and Rule 2014 of the Bankruptcy Rules, effective <u>nunc</u> <u>pro</u> <u>tunc</u> to January 18, 2006.

5.    KPMG LLP shall be compensated for fees and expenses in accordance with

the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all

applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court

for the Southern District of New York (the "Local Rules"), guidelines established by the Office

of the United States Trustee (the "U.S. Trustee"), and further orders of this Court.

6.    Notwithstanding anything to the contrary set forth in the engagement letters attached to the Application (the "Engagement Letters"), KPMG LLP, without the Debtors' prior written approval, may subcontract a portion of its responsibilities under the Engagement Letters to any of the member firms of KPMG International (the "KPMG Member Firms"); provided, however, that KPMG LLP shall remain fully and solely responsible for all of KPMG LLP's liabilities and obligations under the Engagement Letters.

7.    Notwithstanding anything to the contrary set forth in the Engagement Letters, KPMG LLP shall be solely responsible for all of KPMG LLP's liabilities and obligations under the Engagement Letters, whether incurred or performed, in whole or in part, by KPMG LLP, any affiliate of KPMG LLP, any KPMG Member Firm, or any of their respective affiliates.  The Debtors shall have no recourse, and shall bring no claim, against any KPMG Member Firm other than KPMG LLP, or against any subcontractors, members, shareholders, directors, officers, managers, partners, agents, representatives, or employees of any KPMG Member Firm (or any of their respective successors or permitted assigns), or any of their respective assets, with respect to the services or otherwise under the Engagement Letters.

8.    All requests of KPMG LLP for payment of indemnity pursuant to the Application shall be made by means of an application (interim or final as the case may be) and shall be subject to review by this Court to ensure that payment of such indemnity conforms to the terms of the Application and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall KPMG LLP be indemnified for a claim that a court determines by final order to have arisen out of KPMG LLP's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

3

9.    In the event that KPMG LLP seeks reimbursement for attorneys' fees from the Debtors pursuant to the Application, the invoices and supporting time records from such attorneys shall be included in KPMG LLP's own applications (both interim and final) and such invoices and time records shall be subject to the U.S. Trustee's guidelines for compensation and reimbursement of expenses and the approval of this Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

10.    KPMG LLP's limitations of liability, as set forth in the Engagement Letters, shall not apply to claims arising out of KPMG LLP's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

11.    Any party-in-interest shall have the right to raise the issue of the application of KPMG LLP's prepetition retainer to postpetition fees and expenses.

12.    To the extent that this Order is inconsistent with the Engagement Letters, this Order shall govern.

13.    With the exception of KPMG LLP, the KPMG Member Firms providing services under the Engagement Letters shall be permitted to use category codes to describe the time spent on services rendered, rather than the more detailed descriptions usually required for fee applications.

14.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

15.    The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Application.

Dated:    New York, New York
          April __, 2006


_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT F

**Objections Due: May 1, 2006 at 4:00 p.m.**

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
Douglas P. Bartner (DB-2301)
Andrew V. Tenzer (AT-2263)

Special Counsel for Delphi Corporation, et al.,
   Debtors and Debtors in Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
          In re                     :     Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :     Case No. 05-44481 (RDD)
                                    :
                    Debtors.        :     (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF PRESENTMENT OF ORDER UNDER 11 U.S.C. §§ 327(a),
328(a), AND 1107(b) AUTHORIZING (I) EMPLOYMENT AND RETENTION
OF KPMG LLP AS ADVISORY AND VALUATION ADVISORS TO DEBTORS,
EFFECTIVE NUNC PRO TUNC TO FEBRUARY 16, 2006, (II) CONTINUED
RETENTION OF KPMG LLP AS TAX ADVISORS TO DEBTORS, EFFECTIVE
NUNC PRO TUNC TO JANUARY 1, 2006, AND (III) ADDITIONAL
INTERNATIONAL EXECUTIVE TAX SERVICES TO BE RENDERED
BY KPMG LLP TO DEBTORS EFFECTIVE NUNC PRO TUNC TO JANUARY 18, 2006

           PLEASE TAKE NOTICE that on April 20, 2006, Delphi Corporation ("Delphi")

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-

captioned cases filed the Application For Order Under 11 U.S.C. §§ 327(a), 328(a), And 1107(b)

Authorizing (I) Employment And Retention Of KPMG LLP As Advisory And Valuation

Advisors To Debtors, Effective Nunc Pro Tunc To February 16, 2006, (II) Continued Retention

of KPMG LLP As Tax Advisors To Debtors, Effective Nunc Pro Tunc To January 1, 2006, And

(III) Additional International Executive Tax Services To Be Rendered By KPMG LLP To

Debtors Effective Nunc Pro Tunc To January 18, 2006 (the "Application").

PLEASE TAKE FURTHER NOTICE that if timely written objections are filed,

served, and received in accordance with this notice, a hearing to consider approval of the

Application will be held on May 10, 2006, at 10:00 a.m. (Prevailing Eastern Time) (the

"Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the

Southern District of New York, One Bowling Green, Room 610, New York, New York, 10004.

PLEASE TAKE FURTHER NOTICE that if no written objections to the

Application are timely filed, served, and received, the order filed with the Application and

attached to this notice as Exhibit A will be submitted for signature to the Honorable Robert D.

Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling

Green, Room 610, New York, New York 10004 on May 1, 2006.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Application

must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local

Bankruptcy Rules for the Southern District of New York, and the Order Under 11 U.S.C. §§ 102

(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus

Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, And (III)

Scheduling An Initial Case Conference In Accordance With Local Bankr. R. 1007-2(e) (the

"Case Management Order") (Docket No. 245), (c) be filed with the Bankruptcy Court in

accordance with General Order M-242 (as amended) registered users of the Bankruptcy Court's

case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch

disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based

word processing format), (d) be submitted in hard-copy form directly to the chambers of the

Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi

Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to

the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100,

Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) special counsel to the Debtors,

Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022 (Att'n: Douglas

P. Bartner), (iv) counsel for the agent under the Debtors' prepetition credit facility, Simpson

Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n: Kenneth S.

Ziman), (v) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell,

450 Lexington Avenue, New York, New York 10017 (Att'n:  Marlane Melican), (vi) counsel for

the Official Committee of Unsecured Creditors, Latham & Watkins, 885 Third Avenue, New

York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vii) on behalf of

KPMG LLP, King & Spalding LLP, 1185 Avenue of the Americas, New York, New York 10036

(Att'n: Samuel S. Kohn), and (viii) the Office of the United States Trustee for the Southern

District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:

Alicia M. Leonhard), in each case so as to be **received** no later than **4:00 p.m. (Prevailing**

**Eastern Time) on May 1, 2006** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth

herein and in accordance with the Case Management Order will be considered by the Bankruptcy

Court at the Hearing.  If no objections to the Application are timely filed and served in

accordance with the procedures set forth herein and in the Case Management Order, the

Bankruptcy Court may enter an order granting the Application **without further notice**.


Dated: New York, New York
       April 20, 2006



By:    /s/ Douglas P. Bartner
       Douglas P. Bartner (DB-2301)
       Andrew V. Tenzer (AT-2263)


       SHEARMAN & STERLING LLP
       599 Lexington Avenue
       New York, New York  10022
       Telephone: (212) 848-4000
       Facsimile:  (212) 848-7179

       Special Counsel to the Debtors and
       Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                       :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(a), 328(a), AND 1107(b) AUTHORIZING
(I) EMPLOYMENT AND RETENTION OF KPMG LLP AS ADVISORY AND VALUATION
ADVISORS TO DEBTORS, EFFECTIVE <u>NUNC</u> <u>PRO</u> <u>TUNC</u> TO FEBRUARY 16, 2006,
(II) CONTINUED RETENTION OF KPMG LLP AS TAX ADVISORS TO DEBTORS,
EFFECTIVE <u>NUNC</u> <u>PRO</u> <u>TUNC</u> TO JANUARY 1, 2006, AND (III) ADDITIONAL
INTERNATIONAL EXECUTIVE TAX SERVICES TO BE RENDERED BY KPMG LLP TO
<u>DEBTORS EFFECTIVE NUNC PRO TUNC TO JANUARY 18, 2006</u>

("KPMG LLP SUPPLEMENTAL RETENTION ORDER")

        Upon the supplemental application dated April 20, 2006 (the "Application") of

Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the

"Order") under 11 U.S.C. §§ 327(a), 328(a), and 1107(b) and Fed. R. Bankr. P. 2014 authorizing

(i) the employment and retention of KPMG LLP as advisory and valuation advisors to the

Debtors, effective <u>nunc</u> <u>pro</u> <u>tunc</u> to February 16, 2006, (ii) the continued retention of KPMG LLP

as tax advisors to the Debtors, effective <u>nunc</u> <u>pro</u> <u>tunc</u> to January 1, 2006, and (iii) additional

international executive tax services to be rendered by KPMG LLP to the Debtors, effective <u>nunc</u>

<u>pro</u> <u>tunc</u> to January 18, 2006; and this Court having determined that the relief requested in the

Application is in the best interests of the Debtors, their estates, their creditors, and other parties-

in-interest; and it appearing that proper and adequate notice of the Application has been given

and that no other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it hereby is

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Application is GRANTED on a final basis.

2.    Subject to the terms of this Order, the Debtors' employment of KPMG LLP

as one of their advisory and valuation advisors pursuant to the terms and conditions of the

Application is approved pursuant to sections 327(a), 328(a), and 1107(b) of title 11 of the United

States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code") and Rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), effective nunc pro tunc to

February 16, 2006.

3.    Subject to the terms of this Order, the Debtors' continued employment of

KPMG LLP as tax advisors to the Debtors pursuant to the terms and conditions of the

Application is approved pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code

and Rule 2014 of the Bankruptcy Rules, effective nunc pro tunc to January 1, 2006.

4.    Subject to the terms of this Order, the Debtors' employment of KPMG LLP to

perform additional international executive tax services pursuant to the terms and conditions of

the Application is approved pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy

Code and Rule 2014 of the Bankruptcy Rules, effective nunc pro tunc to January 18, 2006.

5.    KPMG LLP shall be compensated for fees and expenses in accordance with

the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all

applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court

for the Southern District of New York (the "Local Rules"), guidelines established by the Office

of the United States Trustee (the "U.S. Trustee"), and further orders of this Court.

2

6.    Notwithstanding anything to the contrary set forth in the engagement letters attached to the Application (the "Engagement Letters"), KPMG LLP, without the Debtors' prior written approval, may subcontract a portion of its responsibilities under the Engagement Letters to any of the member firms of KPMG International (the "KPMG Member Firms"); provided, however, that KPMG LLP shall remain fully and solely responsible for all of KPMG LLP's liabilities and obligations under the Engagement Letters.

7.    Notwithstanding anything to the contrary set forth in the Engagement Letters, KPMG LLP shall be solely responsible for all of KPMG LLP's liabilities and obligations under the Engagement Letters, whether incurred or performed, in whole or in part, by KPMG LLP, any affiliate of KPMG LLP, any KPMG Member Firm, or any of their respective affiliates.  The Debtors shall have no recourse, and shall bring no claim, against any KPMG Member Firm other than KPMG LLP, or against any subcontractors, members, shareholders, directors, officers, managers, partners, agents, representatives, or employees of any KPMG Member Firm (or any of their respective successors or permitted assigns), or any of their respective assets, with respect to the services or otherwise under the Engagement Letters.

8.    All requests of KPMG LLP for payment of indemnity pursuant to the Application shall be made by means of an application (interim or final as the case may be) and shall be subject to review by this Court to ensure that payment of such indemnity conforms to the terms of the Application and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall KPMG LLP be indemnified for a claim that a court determines by final order to have arisen out of KPMG LLP's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

3

9.    In the event that KPMG LLP seeks reimbursement for attorneys' fees from the Debtors pursuant to the Application, the invoices and supporting time records from such attorneys shall be included in KPMG LLP's own applications (both interim and final) and such invoices and time records shall be subject to the U.S. Trustee's guidelines for compensation and reimbursement of expenses and the approval of this Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

10.    KPMG LLP's limitations of liability, as set forth in the Engagement Letters, shall not apply to claims arising out of KPMG LLP's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

11.    Any party-in-interest shall have the right to raise the issue of the application of KPMG LLP's prepetition retainer to postpetition fees and expenses.

12.    To the extent that this Order is inconsistent with the Engagement Letters, this Order shall govern.

13.    With the exception of KPMG LLP, the KPMG Member Firms providing services under the Engagement Letters shall be permitted to use category codes to describe the time spent on services rendered, rather than the more detailed descriptions usually required for fee applications.

14.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

15.   The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Application.

Dated:     New York, New York
           April __, 2006


_____
UNITED STATES BANKRUPTCY JUDGE