Hearing Date and Time: May 9, 2006 at 10:00 a.m.

Bruce H. Simon (BS 2597)
Babette A. Ceccotti (BC 2690)
Bruce S. Levine (BL 2309)
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York  10036
(212) 563-4100

   -and -

Niraj R. Ganatra
International Union, UAW
8000 East Jefferson Avenue
Detroit, Michigan  48214
(313) 926-5216

Attorneys for International Union, United
Automobile, Aerospace and Agricultural
Implement Workers of America (UAW)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
DELPHI CORPORATION, *et al.*,                                    :    Case No. 05-44481 (RDD)
                                                                 :    (Jointly Administered)
                     Debtors.                                    :
                                                                 :
---------------------------------------------------------------- x

MOTION OF INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND IMPLEMENT WORKERS OF
AMERICA (UAW) TO LIMIT PARTICIPATION IN THE HEARING ON
<u>DELPHI'S SECTION 1113 AND SECTION 1114 MOTION</u>

International Union, United Automobile, Aerospace And Implement Workers of

America (the "UAW" or the "Union"), by its undersigned counsel, hereby moves for an order

pursuant to 11 U.S.C. §§ 1113(d)(1) limiting participation in the hearing on Delphi Corporation's

00089872.DOC.1

Section 1113 and Section 1114 Motion to "interested parties," and states for its motion as follows:

BACKGROUND

1.  UAW is the exclusive collective bargaining representative of approximately 24,000 employees of Delphi and the "authorized representative" of over 9,000 retirees receiving collectively bargained retiree health benefits. On April 21, 2006, UAW filed its Objection and Memorandum of Law of International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) in Support of UAW's Objection to Debtors' Motion for Order Under 11 U.S.C. §1113(c) Authorizing Rejection of Collective Bargaining Agreements and Under 11 U.S.C. §1114(g) Authorizing Modification of Retiree Welfare Benefits ("UAW's Objection").  A hearing on Delphi's Section 1113 and Section Motion is scheduled to begin on May 9, 2006.

2.  Other than by the UAW and the other labor unions who are parties to the motion, responses to Delphi's Section 1113 and Section 1114 Motion have been filed by: Wilmington Trust Company ("Wilmington") and Appaloosa Management L.P. and Wexford Capital LLC ("Appaloosa").[1]  In addition, counsel to the Official Committee of Unsecured Creditors (the "Creditors' Committee") sent a letter to counsel for Delphi and counsel for the unions dated April 24, 2006, in which Committee counsel stated that the Committee "intends to be involved in the discovery process related to" the Section 1113 and Section 1114 Motion and

---

[1] *See* Limited Objection of Wilmington Trust Company, as Indenture Trustee, to Motion for Order Under 11 U.S.C. §1113(c) Authorizing Rejection of Collective Bargaining Agreements and Under 11 U.S.C. §1114(g) Authorizing Modification of Retiree Welfare Benefits [Docket No.: 3353] ("Wilmington's Limited Objection"); Supplemental Objection of Appaloosa Management L.P. and Wexford Capital LLC to the Debtors' Motion for Order Under 11 U.S.C. §1113(c) Authorizing Rejection of Collective Bargaining Agreements and Under 11 U.S.C. §1114(g) Authorizing Modification of Retiree Welfare Benefits [Docket No.: 3356] ("Appaloosa's Supplemental Objection").  Appaloosa also filed a Preliminary Response [Appaloosa Management L.P.'s Preliminary Objection to Motion for Order Under 11 U.S.C. §1113(c) Authorizing Rejection of Collective Bargaining Agreements and Under 11 U.S.C. §1114(g) Authorizing Modification of Retiree Welfare Benefits, Docket No. 3244] on April 17, 2006.

requests continued information concerning scheduling. (Letter dated April 24, 2006 from Latham & Watkins, attached as Exhibit A.) UAW expects that Wilmington and Appaloosa, in addition to the Creditors' Committee, intend to participate in the Section 1113 and Section 1114 hearing scheduled to begin on May 9. Because the participants in a Section 1113 and Section 1114 proceeding should be limited to the collective bargaining parties, UAW seeks an order limiting the participation at the Section 1113 and Section 1114 hearing to exclude Wilmington, Appaloosa and the Creditors' Committee.

## RELIEF REQUESTED

UAW seeks an order limiting participation in the hearing on Delphi's Section 1113 and Section 1114 Motion to exclude participation by Wilmington, Appaloosa, and the Creditors' Committee.

## ARGUMENT

The Parties to a Hearing Under Section 1113 and
<u>Section 1114 Are Limited to the Collective Bargaining Parties</u>

3.      Under Section 1113(d), at a hearing scheduled by the Court in a motion for relief under Section 1113(c), "all interested parties may appear and be heard at such hearing." 11 U.S.C. §1113(d). *See also* 11 U.S.C. § 1114(k)(1) (containing parallel language for a hearing on an application to modify retiree health benefits). The term "interested parties" is narrowly construed and not synonymous with the term "parties in interest" found in Section 1109(b) of the Bankruptcy Code. The limited scope of participation in a hearing under Section 1113(d) was squarely addressed by the Court of Appeals in *In re UAL Corp.*, 408 F.3d 847, 850 (7th Cir. 2005). In that case, the court held that the independent fiduciary for the debtors' defined benefit pension plans was not a proper party to the hearing, even though United sought to eliminate its contractual obligations to maintain the plans:

-3-

> Although the Bankruptcy Code does not define the term "interested party [under Section 1113(d)]," and no appellate decision has addressed its meaning, it is most naturally read to mean "party to the collective bargaining agreement" or a guarantor of that contract . . . Otherwise every employee individually would have to be notified and allowed to participate when the employer proposes to reject a collective bargaining agreement, though for every other purpose the union acts as the employees' representative; more, every retiree would receive separate notice and an opportunity to be heard; tax collectors, *unsecured creditors that might gain if the debtor altered its obligations to labor* -- the list would go on and on. (Emphasis added.)

The court specifically considered and rejected the argument that the term "interested party" under Section 1113(d) includes any "party in interest" under Section 1109(b). *Id.* The court determined that an 1113 proceeding would become "unmanageable" if the term "interested party" were read broadly to include "every person with a financial stake in the employer's performance of the collective bargaining agreement." *Id.* The Court ruled that, based upon the collective bargaining parties' ability under labor law to modify their agreement without interference from third parties, "[t]here is no reason to include in the §1113 proceeding any person or entity whose consent would be unnecessary to voluntarily change the agreement." *Id.*

    4.  Appaloosa's objection concerns the "impact the relief may have on distributions in these cases." Appaloosa's Supplemental Objection, ¶65. Wilmington's objection focuses on the "allocation among Delphi and its operating subsidiaries" of the obligations resulting from a presumed rejection of the agreement and seeks "an affirmative showing by Delphi that creditors – as opposed to U.S. operating subsidiaries – will receive an overall positive economic benefit" from rejection of the agreements. Wilmington's Limited Objection, ¶¶2, 4. While not surprising that entities such as Appaloosa and Wilmington are keenly interested in the extent to which claims (and shareholder interests) may be affected by the outcome of the Section 1113 and Section 1114 Motion, this is precisely the type of "financial

-4-

stake" interest that the court rejected in *UAL Corp.* in construing Section 1113(d). [2] Moreover, the Section 1113/Section 1114 litigation process--which already involves Delphi, UAW and five other labor unions -- will become unmanageable if additional parties such as these are permitted to participate. While the Committee has not apprised UAW of its position on the merits of the Section 1113 and Section 1113 Motion, whether the Committee lines up with the Debtors or merely seeks to preserve positions similar to those staked out by Wilmington and Appaloosa, such interests are also purely those of a financial stakeholder with respect to the potential effect of Delphi's performance under the collective bargaining agreements on general unsecured creditors.[3] Accordingly, participation in the Section 1113 and Section 1114 hearing should be limited to exclude Wilmington, Appaloosa and the Creditors' Committee.[4]

---

[2] Because Delphi seeks to eliminate collectively bargained obligations with respect to retiree health benefits under Section 1114, the rationale in *In re UAL Corp.* applies equally to the parallel provision of Section 1114(k)(1) with respect to Wilmington, Appaloosa and the Creditors' Committee.

[3] Delphi has informed Appaloosa of Delphi's position opposing Appaloosa's participation in the hearing and discovery on similar ground as those raised here. *See* Appaloosa's Supplemental Objection, Exhibit A. However, Delphi nonetheless has offered Appaloosa limited participation, including limited access to its Section 1113/1114 information data bases and discovery.

[4] General Motors Corporation ("GM") has filed a Preliminary Response of General Motors Corporation to Debtors' Motion for Order Under 11 U.S.C. §1113(c) Authorizing Rejection of Collective Bargaining Agreements And Under 11 U.S.C. §1114(g) Authorizing Modification Of Retiree Welfare Benefits [Docket No. 3317] in which it seeks to clarify its position regarding various GM-related matters. UAW does not seek here to limit GM's participation because of GM's particular relationship to certain obligations contained in the UAW-Delphi collective bargaining agreements (including certain pension, retirement health care and other benefit obligations contained therein).

## CONCLUSION

For the foregoing reasons, UAW respectfully requests entry of an order granting its motion and excluding Appaloosa, Wilmington Trust and the Creditors' Committee from participation in the hearing on the Debtors' Section 1113 and Section 1114 Motion.

Dated: April 26, 2006
      New York, New York

        /s/ Babette A. Ceccotti
Bruce H. Simon (BS 2597)
Babette A. Ceccotti (BC 2690)
Bruce S. Levine (BL 2309)
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100

-and-

        /s/ Niraj Ganatra
Niraj R. Ganatra
International Union, UAW
8000 East Jefferson Avenue
Detroit, Michigan 48214
(313) 926-5216

Attorneys for UAW