B210
12/04

# United States Bankruptcy Court
## Southern District of New York

In re: DELPHI AUTOMOTIVE SYSTESM      Case No. 05-44481
A wholly owned subsidiary of DELPHI CORP.

Court ID (Court use only)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111 (a), in the amount of $1,641,742.91. Transferee hereby gives notice pursuant to Rule 3001 (e)(2), Fed.R.Bankr.P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| Name of Transferee:<br>SPCP Group, LLC | Name of Transferor:<br>Jabil Circuit, Inc. |
| Name and Address where notices to transferee should be sent: | Court Record Address of Transferor<br>(Court Use Only) |
| Attn: Brian Jarmain<br>SPCP Group, LLC<br>2 Greenwich Plaza<br>Greenwich, CT 06830 | |
| Phone: 203-542-4032<br>Last Four Digits of Acct #:_____ | Last Four Digits of Acct #:_____ |
| Name and Address where transferee payments should be sent (if different from above) | Name and Current Address of Transferor:<br>Attn: Jonathan Taylor<br>Jabil Circiut, Inc.<br>3800 Giddings Road<br>Auburn Hills, MI 48326<br>Phone: 248-292-6260 |
| Last Four Digits of Acct #:_____ | Last Four Digits of Acct #:_____ |

Court Claim # (if known):
Date Claim Filed: 11/22/2005

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:____/s/ Brian Jarmain_____     Date:___April 27, 2006_____s
      Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18U.S.C. §§ 152 & 371.

**DEADLINE TO OBJECT TO TRANSFER**

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date_____     _____
                                                                              CLERK OF THE COURT

EXHIBIT A TO
ASSIGNMENT OF CLAIM

## EVIDENCE OF TRANSFER OF CLAIM

### TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, **JABIL CIRCUIT, INC.** ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to **SPCP GROUP, L.L.C.**, as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, claims in the aggregate amount of $1,641,742 (the "Assigned Claim"), against Delphi Automotive Systems, LLC, a wholly-owned subsidiary of Delphi Corp. ("Debtor"), the debtor-in-possession in Case No.05-44481 (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the Assigned Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the Assigned Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this Evidence of Transfer of Claim is executed on January 10, 2006.

JABIL CIRCUIT, INC.

By: _____
Name: Jonathan Taylor
Title: Plant Controller

| United States Bankruptcy Court | District Of | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor<br>Delphi Corporation, et al | Case Number<br>05-44481 | This Space For Court Use Only |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Jabil Circuit, Inc. | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and Address where notices should be sent:<br><br>Jabil Circuit, Inc.<br>3800 Giddings Rd.<br>Auburn Hills, MI 48326<br>Attention: Jonathan Taylor | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☑ Check box if the address differs from the address on the envelope sent to you by the court. | |
| Telephone Number: (248) 292-6260 | | This Space For Court Use Only |

Account or other number by which creditor identifies debtor:         Check here if this claim  ☐ replaces or  ☐ amends a previously filed claim
                                                                     dated: _____

| 1. Basis for Claim | |
|---|---|
| ☑ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☑ Services performed | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Money loaned | Last four digits of SS #: _____ |
| ☐ Personal injury/wrongful death | Unpaid compensation for services performed |
| ☐ Taxes | from _____ to _____ |
| ☐ Other | (date)          (date) |

| 2. Date debt was incurred:<br>Various | 3. If court judgment, date obtained: |
|---|---|

4. Total Amount of Claim at Time Case Filed:  $ 1,641,742.91
   (Unsecured Nonpriority)   (Secured)   (Unsecured Priority)   (Total)

* If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim. | 7. Unsecured Priority Claim. |
|---|---|
| ☐ Check this box if your claim is secured by collateral (including a right of setoff). | ☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $_____<br>Specify the priority of the claim: |
| Brief Description of Collateral:<br>☐ Real Estate  ☐ Motor Vehicle<br>☐ Other _____ | ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3). |
| Value of Collateral $_____ | ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4) |
| Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____ | ☐ Up to $1,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6). |
| | ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7). |
| 6. Unsecured Nonpriority Claim $ 1,641,742.91 | ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8). |
| ☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority. | ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br>* Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date:<br>11/16/05 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>[signature] Jonathan Taylor, Plant Controller |
|---|---|

Penalty for presenting fraudulent claim: Fine up to $500,000 or imprisonment for up to 5 years, or both  18 U.S.C. §§ 152 and 3571

[Stamp: RECEIVED NOV 22 2005 CLAIMS PROCESSING CENTER USBC, SDNY]