BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
(317) 236-1313
Michael K. McCrory, Esq.
Wendy D. Brewer, Esq.
Mark R. Owens, Esq. (MO 9742)

Attorneys for Universal Tool &
  Engineering Co., Inc.


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――― x
                                          :
In re:                                    :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481(RDD)
                                          :
                       Debtors.           :    (Jointly Administered)
―――――――――――――――――――――――― x

**OBJECTION OF UNIVERSAL TOOL & ENGINEERING CO., INC.
TO DEBTORS' NOTICE OF REJECTION OF UNEXPIRED LEASES AND
ABANDONMENT OF PERSONAL PROPERTY [RE: DOCKET NO. 3222]**

Universal Tool & Engineering Co., Inc. ("UTE"), by and through its undersigned counsel, files this objection to the above-captioned Debtors' (the "Debtors") Notice of Rejection of Unexpired Leases and Abandonment of Personal Property [Docket No. 3222] (the "Notice of Rejection") and respectfully states as follows:

**BACKGROUND**

1.    UTE and General Motors Corporation, a Delaware corporation, ("GM") entered into a Lease dated January 1, 1986, for that certain premises located at 7601 East 88th Place,

Indianapolis, Indiana 46256 (including all exhibits and amendments, the "Lease").[1]  The Lease will expire by its own terms on August 31, 2006.

2.    Pursuant to letter dated January 25, 1999 from GM Worldwide Real Estate to UTE and that certain Assignment and Assumption dated December 10, 1998, by and between GM and Delphi Automotive Systems, LLC, GM purportedly assigned its entire right, title and interest, as tenant, in the Lease to Delphi Automotive Systems, LLC as of January 1, 1999.

## JURISDICTION

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

## OBJECTION

4.    On or about April 13, 2006, the Debtors filed the Notice of Rejection purporting to reject the Lease as of April 30, 2006, and abandon certain property of the Debtors' estates located at 7601 East 88th Place, Indianapolis, Indiana 46256 (the "Leased Premises").

5.    Except as provided herein, UTE does not object to the rejection of the Lease; however, UTE has serious concerns regarding possible unremediated environmental issues, the abandonment of hazardous and/or burdensome property, and the abandonment of property after the proposed April 30, 2006 rejection date (the "Rejection Date").

---

[1] The Lease was amended by, *inter alia*, (i) Lease Amendment dated November 14, 1990, (ii) Lease Extension and Amendment Agreement dated March 25, 1993, (iii) Lease Extension and Amendment Agreement dated August 18, 1995, (iv) Amendment to Lease dated August 4, 2000; and (v) Lease Extension and Amendment Agreement dated August 3, 2005.

Environmental Concerns

6. Environmental contamination may exist at the Leased Premises; however, UTE is not in the best position to know if any environmental contamination exists. The Debtors are in the best position to identify any environmental contamination. Therefore, UTE objects to the rejection of the Lease to the extent that the Debtors propose to reject the Lease and vacate the Leased Premises in violation of federal, state or local laws and/or regulations without testing for and remediating any environmental contamination. If such violations occur, UTE reserves its rights to take appropriate action under applicable law.

7. To the extent the Debtors vacate the Leased Premises and environmental contamination exists, preventing UTE from reletting the premises or requiring UTE to pay for testing or remediation, UTE reserves the right to file the appropriate motions and/or claims to protect its rights.

Abandonment

8. The Debtors broadly define Expendable Property (the estate property to be abandoned) as certain furniture, fixtures, and equipment. *See* Order Under 11 USC §§ 365(a) and 554 and Fed.R.Bankr.P. 6006 Approving Procedures for Rejecting Unexpired Real Property Leases and Authorizing Debtors to Abandon Certain Furniture, Fixtures, and Equipment (January 6, 2006) [D.I. 1776].

9. The Notice of Rejection also provides that the earliest UTE will be made aware of the nature and identity of the Expendable Property is April 30, 2006. Since the definition of Expendable Property is overly broad and UTE will not be made aware of the nature and identity

of the Expendable Property until, at least, April 30, 2006, UTE is concerned that it will be unduly burdened by having to dispose of unwanted, hazardous, and dangerous property at UTE's own expense. Therefore, UTE objects to the Debtors' abandonment of any unwanted, hazardous, or dangerous property that will force UTE to remove or remediate such property at UTE's own expense after the time to object to the Notice of Rejection has passed without being heard by the Bankruptcy Court. Accordingly, UTE reserves its rights under applicable law.

10. UTE also objects to the Debtors' unilateral assertion that any expense incurred by UTE to remove any Expendable Property will not be treated as an administrative expense claim under section 503(b) of the Bankruptcy Code. UTE's right to assert an administrative expense claim and the allowance of such administrative expense claim is governed by the Bankruptcy Code and not the Debtors. Accordingly, UTE reserves the right to file an administrative expense claim pursuant to section 503(b) of the Bankruptcy Code.

Abandonment Date

11. The Notice of Rejection provides that "[t]o the extent any Expendable Property remains in the Leased Premises after the Rejection Date or such later date as provided for in the Lease, the Expendable Property will be deemed abandoned to the lessor of the Lease." *See* Notice of Rejection at ¶ 3. UTE is unaware of any dates in the Lease that would result in the abandonment of any Expendable Property after the Rejection Date. Therefore, UTE objects to the abandonment of any Expendable Property after the Rejection Date. In other words, all Expendable Property shall be abandoned as of April 30, 2006, and the Debtors shall vacate the Leased Premises in accordance with the Lease.

12.     To the extent the Debtors continue to occupy or leave any estate property that has not been properly abandoned or is hazardous and/or unduly burdensome at the Leased Premises after April 30, 2006, and/or pro rate rent, UTE reserves the right to file a motion under applicable law including, but not limited to, section 365 of the Bankruptcy Code to be compensated for the Debtors' actions in preventing UTE from reletting the premises.

## RESERVATION OF RIGHTS

13.     UTE reserves its rights to amend this Objection at a later date if additional issues arise.

## MEMORANDUM OF LAW

14.     This Objection sets forth UTE's specific objections divided under numerous headings. UTE respectfully requests that the requirements of the service and filing of an answering memorandum of law under Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied and that UTE be allowed to file an amended objection and/or answering memorandum in the event that any of UTE's aforementioned concerns materialize and/or UTE and the Debtors can not reach a consensual resolution.

WHEREFORE, UTE requests that the Court (i) deny rejection of the Lease and abandonment of the Expendable Property to the extent that any of UTE's concerns identified herein materialize; (ii) condition rejection of the Lease and abandonment of the Expendable Property on UTE's right to request relief and/or file a claim under the Bankruptcy Code including, but not limited to, filing a motion under section 365 of the Bankruptcy Code, filing an

administrative expense claim under section 503 of the Bankruptcy Code, and/or filing any additional claims UTE may have under the Bankruptcy Code and/or under applicable law; (iii) condition rejection of the Lease and abandonment of the Expendable Property on UTE's rights under applicable law including, but not limited to, applicable federal, state and local laws and/or regulations; (iv) schedule a hearing permitting UTE to be heard if any of UTE's concerns identified herein materialize; and (v) grant such other and further relief that is just and appropriate.

Dated: April 27, 2006  Respectfully submitted,

/s/ Mark R. Owens
Michael K. McCrory, Esq.
Wendy D. Brewer, Esq.
Mark R. Owens, (MO 9742)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Phone: (317) 236-1313
Facsimile: (317) 231-7433

INDS01 MOWENS 846958v1