| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481(RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x | | |

FINAL ORDER UNDER 11 U.S.C. §§ 327(e) AND
1107(a) AUTHORIZING EMPLOYMENT AND RETENTION OF
<u>O'MELVENY & MYERS LLP AS SPECIAL LABOR COUNSEL TO DEBTORS</u>

("O'MELVENY & MYERS RETENTION FINAL ORDER")

Upon the application, dated October 8, 2005 (the "Application"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for a final order (the "Final Order") under 11 U.S.C. §§ 327(e) and 1107(a) and Fed. R. Bankr. P. 2014 and 2016 authorizing the employment and retention of O'Melveny & Myers LLP ("O'Melveny") as special labor counsel to the Debtors; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005, and upon the Affidavit of Tom A. Jerman, sworn to October 7, 2005, in support of the Application (the "Jerman Affidavit"); and this Court being satisfied with the representations made in the Application and the Jerman Affidavit that O'Melveny does not represent or hold any interest adverse to any of the Debtors' estates or the Debtors with respect to the matters on which O'Melveny is to be employed, and that O'Melveny's employment is necessary and would be in the best interests of each of the Debtors' estates; and it appearing that proper and adequate notice has been given and that no



other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Application is GRANTED on a final basis.

2. Subject to the terms of this Final Order, the Debtors' employment of O'Melveny as their special labor counsel, to perform the services set forth in the Application is approved under sections 327(e) and 1107(a) of the Bankruptcy Code, and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), effective as of the date of the Application.

3. All compensation to be paid by the Debtors to O'Melveny shall be paid in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court. Without limiting the foregoing, O'Melveny shall make reasonable efforts to ensure that the Debtors' estates are not charged for any duplication of work with any of the professionals retained in these cases.

4. Any party-in-interest shall have the right to raise the issue of the application of O'Melveny's prepetition retainer to postpetition fees and expenses incurred at any time.

5. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

6. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Date: November 4, 2005
 New York, New York

/s/ Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE