Exhibit "H"

O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
Robert A. Siegel (RS 0922)
Tom A. Jerman (TJ 1129)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
     In re                                : Chapter 11
                                          :
DELPHI CORPORATION, et al.,               : Case No. 05-44481 (RDD)
                                          :
                         Debtors.         : (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CERTIFICATION OF TOM A. JERMAN WITH RESPECT TO FIRST INTERIM APPLICATION OF O'MELVENY & MYERS LLP FOR ORDER AUTHORIZING AND APPROVING COMPENSATION AND REIMBURSEMENT OF EXPENSES**

  I, Tom A. Jerman, hereby certify that:

    1.  I am a partner in the law firm of O'Melveny & Myers LLP ("O'Melveny"), special labor counsel for Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors, and debtors-in-possession in the above-captioned case (collectively, the "Debtors"). If called as a witness, I could and would competently testify as to matters set forth in this certification.

- 2 -

2. I make this certification with respect to the First Interim Application of O'Melveny & Myers LLP For Order Authorizing and Approving Compensation And Reimbursement of Expenses ("First Interim Application") in compliance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), the Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Interim Compensation Order"), and Federal Rule of Bankruptcy Procedure § 2016 (collectively with the Local Guidelines, the UST Guidelines, and the Interim Compensation Order, the "Guidelines").

3. This certification is made in respect of the "First Interim Application" for interim compensation and reimbursement of expenses for the period commencing October 8, 2005 through and including January 31, 2006 (the "First Interim Period") in accordance with the Guidelines.

4. In respect of section B.1 of the Local Guidelines, I certify that:

   a. I have read the Application;

   b. to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines;

   c. the fees and disbursements sought are billed at rates in accordance with those customarily charged by O'Melveny and generally accepted by O'Melveny's clients; and

   d. in providing a reimbursable service, O'Melveny does not make a profit on that service, whether the service is performed by O'Melveny in-house or through a third party.

5. In respect of section B.2 of the Local Guidelines and as required by the Interim Compensation Order, I certify that O'Melveny has complied with these provisions requiring it to provide the Debtors, the Office of the United States Trustee for the Southern District of New York and the Official Committee of Unsecured Creditors (the "Creditors' Committee"), on a monthly basis, with a statement of O'Melveny's fees and disbursements accrued during the previous month.

6. In respect of section B.3 of the Local Guidelines, I certify that the Debtors, the United States Trustee for the Southern District of New York and the Creditors' Committee are each being provided with a copy of the First Interim Application.

7. In respect of Federal Rule of Bankruptcy Procedure § 2016, I certify:

(i) I have read the First Interim Application;

(ii) The First Interim Application is the first fee application submitted by O'Melveny in the above-captioned cases for post-petition compensation;

(iii) O'Melveny is the special labor counsel for the Debtors in the above-captioned case.

(iv) On October 8, 2005 (the "Initial Filing Date"), Delphi and certain of its U.S. subsidiaries (the "Initial Filers") filed voluntary petitions in this Court for reorganization relief under chapter 11 of the Bankruptcy Code, and on October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, collectively, the "Debtors") also sought reorganization relief. On October 8, 2005 and October 19, 2005, this Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

(v) On November 4, 2005, the Court entered an order granting the application to employ O'Melveny as special labor counsel to the Debtors;

(vi) O'Melveny, as special labor counsel, has represented the Debtors only as

- 4 -

to advice regarding Sections 1113 and 1114 of Chapter 11, Title 11 of the United States Code and related labor law advice.

(vii)  The billing rates applicable during the First Interim Period were as reflected in Exhibit "E" of the First Interim Application.

(viii)  To the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and reimbursement sought in the First Interim Application is in conformity with the Federal Rule of Bankruptcy and the Guidelines for Reviewing Applications For Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330, to the extent applicable; and

(ix)  The compensation and reimbursement requested in the First Interim Application are billed at rates, in accordance with practices, no less favorable that those customarily employed by O'Melveny and generally accepted by its clients.

8.  No agreement or understanding exists between O'Melveny and any other person for the sharing of compensation.  O'Melveny's fees, costs and expenses have not been paid or promised to be paid, by any third-party to O'Melveny.

9.  Copies of the fee statements maintained in the ordinary course of business by O'Melveny that reflect services rendered and expenses incurred and recorded by O'Melveny are filed concurrently herewith.

10.  I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on the 28th day of April, 2006 in Washington, D.C.

DATED:  April 28, 2006

                                      TOM A. JERMAN (TJ 1129)
                                      O'MELVENY & MYERS LLP

                                      By    /s/ Tom A. Jerman
                                            Tom A. Jerman
                                            Attorney for Delphi Corporation,
                                            et al., Debtors and Debtors-in-
                                            Possession