Hearing Date and Time: June 20, 2006, 10:00 a.m.
Objection Deadline: June 13, 2006, 4:00 p.m.

CANTOR COLBURN LLP
Daniel E. Bruso (DB5232)
55 Griffin Road South
Bloomfield, CT  06002
(860) 286-2929 (Telephone)
(860) 286-0115 (Facsimile)

Patent Counsel to Delphi Corporation *et al.*
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------ x
                               :
In re                          :   Chapter 11
                               :
DELPHI CORPORATION, et al.,    :   Case No. 05-44481 (RDD)
                               :
                    Debtors.   :   (Jointly Administered)
                               :
------------------------------ x

**FIRST INTERIM APPLICATION OF CANTOR COLBURN LLP FOR ALLOWANCE
OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES PURSUANT TO 11 U.S.C. §§ 330, 331**

Cantor Colburn LLP ("Cantor Colburn"), patent counsel to Delphi Corporation *et al.*, debtors and debtors-in-possession in the above-referenced cases (collectively "Debtors") hereby submits the First Interim Application of Cantor Colburn LLP For Allowance Of Compensation For Services Rendered And Reimbursement Of Expenses Pursuant To 11 U.S.C. §§ 330, 331 (the "Application"). Cantor Colburn seeks compensation for actual, reasonable and necessary services rendered in the amount of Two Hundred Eighty-One Thousand, Eight Hundred One and

50/100 Dollars ($281,801.50) and reimbursement of actual, reasonable and necessary expenses in the amount of Fifty-Five Thousand Five Hundred and 99/100 Dollars ($55,500.99), for a total request of Three Hundred Thirty-Seven Thousand Three Hundred Two and 49/100 Dollars ($337,302.49), for services rendered and expenses incurred during the period of October 8, 2005, (the "Petition Date") through and including January 31, 2006 (the "First Fee Period"). In support thereof, Cantor Colburn relies upon the pleadings filed to date, the exhibits annexed hereto, and states as follows.

### I.    INTRODUCTION

1. On the Petition Date, Delphi and certain of its U.S. subsidiaries (the "Initial Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1130, as amended (the "Bankruptcy Code") in this Court. On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, collectively, the "Debtors") filed voluntary petitions in this Court for reorganization relief under the Bankruptcy Code.

2. On October 17, 2005, the Office of the Unites States Trustee appointed an official committee of unsecured creditors (the "Creditors' Committee"). No trustee or examiner has been appointed in the Debtors' cases.

3. As of the date of this Application, and at all times prior thereto, the Debtors operated and continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(b) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtor's chapter 11 cases (Dockets Nos. 28 and 404).

4. As set forth more fully below, Cantor Colburn seeks compensation for actual, reasonable and necessary services rendered during the First Fee Period in the amount of Two Hundred Eighty-One Thousand, Eight Hundred One and 50/100 Dollars ($281,801.50) and reimbursement of actual, reasonable and necessary expenses incurred during the First Fee Period in the amount of Fifty-Five Thousand Five Hundred and 99/100 Dollars ($55,500.99), for a total request of Three Hundred Thirty-Seven Thousand Three Hundred Two and 49/100 Dollars ($337,302.49). Cantor Colburn has expended One Thousand Five Hundred Eighty-Nine and 60/100 (1,589.60) hours of professional time, including time expended by patent agents and technical experts, and Two and 40/100 (2.40) hours of paraprofessional time. The blended hourly rate is One Hundred Forth One and 18/100 Dollars per hour ($141.18/hr).

5. This is Cantor Colburn's first interim fee application.

## II.   JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

## III.   STATUTORY BASIS FOR RELIEF

7. The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

8. This First Interim Fee Application has been prepared in accordance with:
   a. 11 U.S.C. §§ 330, 331;
   b. Fed. R. Civ. P. 2014, 2016;

3

    c. The Guidelines For Reviewing Applications For Compensation And Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Appendix A to 28 C.F.R. § 58 (the "UST Guidelines");

    d. That certain Administrative Order of the United States Bankruptcy Court for the Southern District of New York dated April 19, 1995 and entitled "Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases" (the "Local Guidelines"); and

    e. This Court's November 4, 2005, Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals [Docket No. 0869] (the "Interim Compensation Order").

### IV. INFORMATION ABOUT CANTOR COLBURN AND THE APPLICATION

9. On or about December 6, 2005, the Debtors applied to retain Cantor Colburn as patent counsel [Docket No. 1455], all pursuant to 11 U.S.C. §§ 327, 1107, which application was allowed by this Court by order dated January 3, 2006. A copy of the Order [Docket No. 1709] allowing Cantor Colburn's employment is annexed hereto as "Exhibit A".

10. More particularly, and as set forth in the Debtor's application to employ, Cantor Colburn was retained as patent counsel to the Debtors in order to:

    a. Prepare patent applications in various fields relating to the Debtors' business operations for filing in the United States Patent and Trademark Office, including without limitation applications directed to devices, components, processes and systems relating to inflatable restraints, inflatable cushions, occupant restraints, safety restraints, exhaust treatment, sensors, catalysts, solid oxide fuel cells, fuel control systems and steering systems;

b. Respond to office actions and otherwise prosecuting patent applications before the United States Patent and Trademark Office in the foregoing fields and as otherwise requested by Debtors;

c. Render patentability, infringement, and clearance opinions in the foregoing fields and as otherwise requested by Debtors;

d. Draft and negotiate intellectual property acquisitions, transfers or licenses relating to the Debtors' business operations in the foregoing fields and as otherwise requested by the Debtors;

e. Represent the Debtors in actual and contemplated intellectual property and related litigation; and

f. Perform such other patent and intellectual property related legal services as the Debtors may from time to time request.

11. As set forth more fully in the Debtor's application to employ Cantor Colburn:

a. Cantor Colburn will be compensated at its usual and customary hourly rates, which range from $150 to $385 per hour, for work performed on Debtors' behalf;

b. Unless otherwise agreed to by the Debtors and Cantor Colburn, the professional service fees charged by Cantor Colburn for preparing a patent application for filing before the United States Patent and Trademark Office will be capped at Five Thousand and 00/100 Dollars ($5,000.00);

c. Unless otherwise agreed to by the Debtors and Cantor Colburn, the professional service fees charged by Cantor Colburn for preparing a response to an office action from the United States Patent and Trademark Office will be capped at One Thousand Six Hundred Fifty and 00/100 Dollars ($1,650.00);

    d. When the Debtors and Cantor Colburn agree that work to be performed is beyond the scope of a typical patent application or response to an office action, Cantor Colburn's professional service fee will not be subject to the aforementioned caps; and

    e. For matters other than the preparation of patent applications and responses to office actions, Cantor Colburn will earn its fees on an hourly basis.

12. In addition, and as set forth more fully in the Debtor's application to employ Cantor Colburn, the Debtors will pay Cantor Colburn for expenses incurred representing the Debtors. These expenses are in addition to Cantor Colburn's professional service fees, and are not subject to the professional service fee caps described above. By way of example, but not limitation, expenses include government fees, filing fees, drawing fees, messengers, facsimiles, computerized research, word processing, printing and photocopying, travel, transcripts, parking, filing fees, telephone toll charges, secretarial overtime (when attributable to the Debtors' special needs), notary charges, experts and other consultants retained on the Debtors' behalf, and other similar costs and expenses.

13. Cantor Colburn had rendered services to the Debtors prior to the Petition Date. Cantor Colburn commenced rendering services to the Debtors' under the Interim Compensation Order effective as of the Petition Date.

14. The Debtors did not pay, and Cantor Colburn has not received, any retainer as part of the Debtors' retention of Cantor Colburn.

15. Cantor Colburn seeks compensation for professional services rendered during the First Fee Period in the amount of Two Hundred Eighty-One Thousand, Eight Hundred One and 50/100 Dollars ($281,801.50).

16. Cantor Colburn seeks reimbursement of actual, reasonable and necessary expenses incurred during the First Fee Period in the amount of Fifty-Five Thousand Five Hundred and 99/100 Dollars ($55,500.99).

17. Thus, the total amount requested by Cantor Colburn for services rendered and expenses incurred during the First Fee Period is Three Hundred Thirty-Seven Thousand Three Hundred Two and 49/100 Dollars ($337,302.49).

18. The Debtors are the source of the compensation and reimbursement requested herein.

19. The compensation sought by Cantor Colburn is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11.

20. Prior to the filing of the instant Application, and in accordance with the terms of the Interim Compensation Order, Cantor Colburn served monthly statements via overnight delivery upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098, Att'n: General Counsel, (ii) Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606, Att'n: John Wm. Butler, Jr., Esq., (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004, Att'n: Alicia M. Leonhard, Esq. (the "U.S. Trustee"), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York, 10022-4802 (Att'n: Robert J. Rosenberg, Esq.), (v) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York, 10017 (Att'n: Marissa Wesley, Esq.), and (vi) counsel for the agent under the Debtors' postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York, 10017 (Att'n: Marlane Melican, Esq.).

21. Under the terms of the Interim Compensation Order, if the parties served with Cantor Colburn's monthly statements do not object, then Cantor Colburn may be paid eighty percent (80%) of the professional fees, and one hundred percent (100%) of the expenses, identified on each monthly statement.

22. As of the date of the instant Application, Cantor Colburn has not received any objections to the aforementioned monthly statements and the Debtors have approved the monthly statements.

23. In accordance with the terms of the Interim Compensation Order, as of the date of the instant Application, Cantor Colburn has been paid Two Hundred Twenty-Five Thousand, Four Hundred Forty-One and 20/100 Dollars ($225,441.20), representing eighty percent (80%) of the professional fees ($281,801.50) and Fifty-Five Thousand, Five Hundred and 99/100 Dollars ($55,500.99), representing one hundred percent (100%) of the expenses incurred during the First Fee Period.

24. Under the terms of the Interim Compensation Order, upon allowance of the instant Application, the Debtors may pay Cantor Colburn Fifty-Six Thousand, Three Hundred Sixty-Four and 30/100 Dollars ($56,364.30) representing the twenty percent (20%) holdback on professional fees during the First Fee Period.

## V.  CASE STATUS

25. Upon information and belief, and based upon information that Cantor Colburn can reasonably ascertain, as of the date of the instant Application, the Debtors have not filed a plan and disclosure statement. Cantor Colburn cannot reasonably ascertain when a plan and disclosure statement will be filed, whether all quarterly fees have been paid to the United States Trustee, whether all monthly operating reports have been filed, the amount

of cash on hand or on deposit, or the amount and nature of accrued unpaid administrative expenses, the amount of unencumbered funds in the estate.

### VI.    SUMMARY SHEET

26. Annexed hereto as "Exhibit B" is a summary sheet providing the:

   a. Total compensation and expenses requested and any amount(s) previously requested;

   b. Total compensation and expenses previously awarded by the Court;

   c. Name and applicable billing rate for each person who billed time during the First Fee Period, the date of bar admission for each attorney and, in the case of patent agents, the date of the agent's admission to the patent bar;

   d. Total hours billed and total amount of billing for each person who billed during the First Fee Period; and

   e. Computation of blended hourly rate for persons who billed time during the First Fee Period, excluding paralegal or other paraprofessional time.

27. As of December 1, 2005, the hourly rates of certain professionals and paraprofessionals who billed time to matters included in this Application increased. The rates were increased in accordance with Cantor Colburn's standard policies regarding the hourly billing rates of its employees, and reflect these individual's increased experience in their respective fields, together with the rates charged by similarly experienced professionals and paraprofessionals practicing within the same fields as Cantor Colburn. The amended rates are identified in Exhibit B.

## VII.  PROJECT BILLING RECORDS

28.     Annexed hereto as Exhibit C is a summary of the time and service entries arranged by project categories, setting forth the project number, total hours billed to the project, total fees requested for the project, expenses incurred performing the project and the total compensation

29.     Annexed hereto as Exhibit D are the detailed billing records for the projects identified on Exhibit C.  The detailed billing records represent contemporaneous billing records of the professional, paraprofessional or technical expert performing the services.

## VIII.  VOLUNTARY REDUCTION OF FEES

30.     Section E of the Local Guidelines requires an applicant submitting a fee application to disclose whether the applicant is not requesting all of the fees or disbursements tho which it might be entitled based on the applicable hourly rates multiplied by the hours expended or based on the court order authorizing retention.

31.     As set forth more fully above, Cantor Colburn has agreed to cap its professional fees in certain matters, which is reflected in this Court's order authorizing Cantor Colburn's employment.

32.     The voluntary reductions for each project in which a reduction occurred are identified in Exhibit D.  The total reduction for the First Fee Period, representing the total of all reductions identified on Exhibit D, is Seventy-Five Thousand Six Hundred Eighty-Two and 00/100 Dollars ($75,682.00), and is identified on Exhibit B.

## IX.  REQUEST FOR REDACTION OF PRIVILEGED OR CONFIDENTIAL INFORAMATION

33.     Section C of the Local Guidelines provides that [i]f there is a need to omit any information or description of services as privileged or confidential, the applicant may

make such a request of the court; provided, however, that if such a request is granted, the court may request that it be furnished with a set of unredacted time records for *in camera* inspection.

34. Cantor Colburn respectfully requests that it be permitted to redact privileged or confidential information from the detailed billing records annexed hereto as "Exhibit D". By way of example, certain time records disclose the title of an invention that discloses sufficiently detailed information for a competitor to identify the nature of the invention. In other cases, particularly cases involving non-infringement or patentability opinions, the patent being analyzed is identified. In still other cases, particular prior art references considered during prosecution of a patent are disclosed.

35. The foregoing information comprises Debtors' privileged or confidential information.

36. In order to avoid disclosing information that is privileged or confidential contained in the detailed billing records annexed hereto as Exhibit D, Cantor Colburn redacted certain time records to remove such privileged or confidential information, in accordance with Section C of the Local Guidelines.

37. Cantor Colburn will provide a copy of unredacted detailed billing records for *in camera* inspection by the Court upon request, all as set forth in Section C of the Local Guidelines.

## X. REIMBURSEMENT OF ACTUAL, REASONABLE AND NECESSARY EXPENSES

38. Cantor Colburn seeks reimbursement for of actual, reasonable and necessary expenses in the amount of Fifty-Five Thousand Five Hundred and 99/100 Dollars ($55,500.99).

39. The expenses for which Cantor Colburn seeks reimbursement are summarized on Exhibit C, and further described, on a project by project basis, on Exhibit D.

40. Cantor Colburn avers that the expenses are reasonable and economical. The expenses are customarily charged to Cantor Colburn's non-bankruptcy clients.

41. The expenses incurred by Cantor Colburn that are attributable to charges from third parties are limited to the actual amounts billed to, or paid by, Cantor Colburn on behalf of the Debtors.

42. The expenses incurred by Cantor Colburn in-house reflect the actual cost of such expenses to Cantor Colburn. With regard to charges for photocopies and facsimiles, the charges are no more than the rates allowed under Sections F(1) and F(2) of the Local Guidelines.

## XI. CERTIFICATION

43. The undersigned attorney has been designated by Cantor Colburn with responsibility in the Debtors' cases for ensuring that the instant Application is compliance with the Interim Compensation Order, the Local Guidelines, the Federal Rules of Bankruptcy Procedure, the United States Bankruptcy Code and the UST Guidelines.

44. The undersigned attorney has read the application.

45. To the best of the undersigned attorney's knowledge, information and belief, formed after reasonable inquiry, the fees and disbursements sought herein ball within the Local Guidelines and the UST Guidelines.

46. Except to the extent that fees or disbursements are prohibited by the Local Guidelines or the UST Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Cantor Colburn and generally accepted by Cantor Colburn's clients.

47. In providing reimbursable services, Cantor Colburn does not make a profit on that service, whether the service is performed by the applicant in-house or though a third party.

48. Cantor Colburn has provided the Debtors, together with the chair of each official committee and the individuals identified in the Interim Compensation Order, a statement of fees and disbursements accruing during each month, no more than twenty (20) days after the end of each month.

49. A proposed Order granting the Application is annexed hereto as "Exhibit E".

WHEREFORE, Cantor Colburn LLP respectfully requests that this Court:

    a. Approve Cantor Colburn's First Interim Application For Allowance Of Compensation For Services Rendered And Reimbursement Of Expenses Pursuant To 11 U.S.C. §§ 330, 331 in the total amount of Three Hundred Thirty-Seven Thousand Three Hundred Two and 49/100 Dollars ($337,302.49), comprising compensation for professional services rendered in the amount of Two Hundred Eighty-One Thousand, Eight Hundred One and 50/100 Dollars ($281,801.50), and reimbursement of actual, reasonable and necessary expenses in the amount of Fifty-Five Thousand Five Hundred and 99/100 Dollars ($55,500.99), during the First Fee Period;

    b. Approve the Debtor's payment to Cantor Colburn of Two Hundred Twenty-Five Thousand, Four Hundred Forty-One and 20/100 Dollars ($225,441.20), representing eighty percent (80%) of the professional fees ($281,801.50) and Fifty-Five Thousand, Five Hundred and 99/100 Dollars ($55,500.99),

representing one hundred percent (100%) of the expenses incurred during the First Fee Period, all pursuant to the Interim Compensation Order;

c. Authorize the Debtors to pay to Cantor Colburn Fifty-Six Thousand, Three Hundred Sixty-Four and 30/100 Dollars ($56,364.30) representing the twenty percent (20%) holdback on professional fees during the First Fee Period; and

d. Grant such other relief as this Court deems just and appropriate.

                                                  RESPECTFULLY SUBMITTED
                                                  CANTOR COLBURN LLP

Dated: April 28, 2006                    By:   /s/Daniel E. Bruso
                                                  Daniel E. Bruso (DB-5232)
                                                  Cantor Colburn LLP
                                                  55 Griffin Road South
                                                  Bloomfield, CT 06002
                                                  (860) 286-2929 (Telephone)
                                                  (860) 2986-0115 (Facsimile)
                                                  Dbruso@cantorcolburn.com (e-mail)

                                                  Patent Counsel to Delphi Corporation *et al.*,
                                                  Debtors and Debtors-in-Possession