IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

**AFFIDAVIT OF PUBLICATION OF MICHAEL H. DISMUKE IN THE CHICAGO SUN-TIMES**

the Debtors' chapter 11 cases;

(d) Any Person or Entity which asserts a Claim solely on the basis of future pension or other post-employment benefits, including, without limitation, retiree health care and life insurance; provided, however, that any such Person or Entity which wishes to assert a Claim against any of the Debtors based on anything other than future pension or other post-employment benefits must file a proof of claim on or prior to the General Bar Date;[1]

(e) Any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control or hold with power to vote, 50 percent or more of the outstanding voting securities of such subsidiary;

(f) Any Person or Entity whose Claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Bankruptcy Court;

(g) Any holder of a Claim arising under or in respect of any of the following issuances of Delphi Corporation senior and junior subordinated unsecured debt (each, a "Noteholder"): (i) those certain senior unsecured securities bearing interest at 6.55% and maturing on June 15, 2006; (ii) those certain senior unsecured securities bearing interest at 6.50% and maturing on May 1, 2009; (iii) those certain senior unsecured securities bearing interest at 6.50% and maturing on August 15, 2013; (iv) those certain senior unsecured securities bearing interest at 7.125% and maturing on May 1, 2029; (v) those certain 8.25% junior subordinated notes due 2033; or (vi) those certain adjustable-rate junior subordinated notes due 2033 (collectively, the "Unsecured Securities"), other than the indenture trustees of the Unsecured Securities; provided, however, that any Noteholder who wishes to assert a Claim against the Debtors that is not based solely upon the outstanding prepetition principal and interest due on account of its ownership of such Unsecured Securities must file a proof of claim on or prior to the General Bar Date in respect of such Claim; and

(h) Any holder of equity securities of, or other interests in, the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities, or other interest; provided, however, that any such holder which wishes to assert a Claim against any of the Debtors that is not based solely upon its ownership of the Debtors' securities, including, but not limited to, Claims for damages or recision based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date in respect of such Claim.

This notice is being sent to many persons and entities which have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not necessarily mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.

**5. Executory Contracts And Unexpired Leases.** Any person or entity which has a claim arising from the rejection of an Executory Contract must file a proof of claim on account of such claim against the Debtors on or before the later of (a) the General Bar Date or (b) 30 calendar days after the effective date of such rejection or such other date as fixed by the Bankruptcy Court in an order authorizing such rejection.

**6. Amended Schedule Bar Date.** If the Debtors amend the Schedules on or after the date of this Notice (listed below) to reduce the undisputed, noncontingent, and liquidated amounts or to change the nature or classification of a claim against a Debtor reflected therein, the bar date for filing a proof of claim in respect of such amended schedule claim is the later of (a) the General Bar Date or (b) 30 calendar days after a claimant is served with notice that the Debtors have amended their Schedules.

**7. Consequences Of Failure To File A Proof Of Claim By The General Bar Date.** ANY HOLDER OF A CLAIM WHICH IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS NOTICE, AS SET FORTH IN SECTION 4 ABOVE, AND WHICH FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM, WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

**8. The Debtors' Schedules And Access Thereto.** You may be listed as the holder of a claim against the Debtors in any of the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases.

To determine if and how you are listed on any of the Schedules, please review the Schedules, copies of which are available as provided below.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in any of the Debtors' Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the General Bar Date in accordance with the procedures set forth in this Notice.

Copies of any of the Debtors' Schedules are available for inspection online at http://www.delphidocket.com or on the Court's Internet Website at http://www.nysb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information on the Court's Internet Website and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. No login or password is required to access this information on the Debtors' Legal Information Website (http://www.delphidocket.com). Copies of any of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.

A holder of a possible claim against any of the Debtors should consult an attorney regarding any matters not covered by this Notice, such as whether the holder should file a proof of claim.

Dated: New York, New York, April 12, 2006 BY ORDER OF THE COURT

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

John Wm. Butler, Jr., John K. Lyons, Ron E. Meisler, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606

Kayalyn A. Marafioti (KM 9632), Thomas J. Matz (TM 5986), Four Times Square, New York, New York 10036

Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession

FOR ADDITIONAL INFORMATION:

Delphi Restructuring Information Hotline: Toll Free: (866) 688-8740 International: (248) 813-2602

Delphi Legal Information Website: http://www.delphidocket.com

[1] The bar date for the filing of Proofs of Claim on account of Claims arising from modification to or termination of future pension or other post-employment benefits will be determined pursuant to an order of the Bankruptcy Court approving such modification or termination.

EXHIBIT A

| Federal Tax ID Number | Case Number | Address | Date Of Petition Filing |
|---|---|---|---|
| 3408 | 05-44480 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 3473 | 05-44481 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 1201 | 05-44482 | 1301 Main Parkway, Catoosa, OK 74015 | October 8, 2005 |
| 1151 | 05-44484 | 1301 Main Parkway, Catoosa, OK 74015 | October 8, 2005 |
| | 05-44503 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 1184 | 05-44507 | 4300 Road 18, Longmont, CO 80504 | October 8, 2005 |
| 110 | 05-44511 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 827 | 05-44529 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 490 | 05-44536 | 69A Kronprindsens Gade (Third Floor), P.O. Box 1858, St. Thomas, VI | October 8, 2005 |
| 068 | 05-44539 | 19200 Asheville Highway, P.O. Box 519, Landrum, SC 29356 | October 8, 2005 |
| 324 | 05-44542 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 161 | 05-44547 | One Corporate Center, Kokomo, IN 46904 | October 8, 2005 |
| 681 | 05-44554 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 836 | 05-44558 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 334 | 05-44567 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 299 | 05-44570 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 173 | 05-44573 | 4800 S. Saginaw Street, Flint, MI 48501 | October 8, 2005 |
| 159 | 05-44577 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 190 | 05-44580 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 94 | 05-44583 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 09 | 05-44586 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 89 | 05-44589 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 27 | 05-44591 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 21 | 05-44593 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 78 | 05-44596 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 90 | 05-44610 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 01 | 05-44612 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 55 | 05-44615 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 06 | 05-44618 | U.S. Route 1, Morrisville, PA 19067 | October 8, 2005 |
| 61 | 05-44623 | 1322 Rankin Street, Troy, MI 48083 | October 8, 2005 |
| 22 | 05-44624 | 17150 Von Karman Avenue, Irvine, CA 92614 | October 8, 2005 |
| 19 | 05-44626 | 17150 Von Karman Avenue, Irvine, CA 92614 | October 8, 2005 |
| 11 | 05-44627 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 14 | 05-44632 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 13 | 05-44633 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 59 | 05-44636 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 1 | 05-44638 | Chase Trade, Inc., Post Office Box 309420, 55-11 Conacao Gade, Charlotte Amalie, St. Thomas, VI 00803-9420 | October 8, 2005 |
| 4 | 05-44639 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 1 | 05-44640 | [illegible] | |

# CHICAGO SUN-TIMES

THE BRIGHT ONE

I, Michael H. Dismuke, the authorized agent of the Sun-Times Company do hereby certify that an advertisement, of which the annexed printed slip is a true copy, was published on:

April 18, 2006

to-wit 1 time(s) in all editions of the SUN-TIMES, a newspaper published in the City of Chicago, County of Cook, and the State of Illinois, and of general circulation throughout said county and state.

In Witness Whereof, and by virtue of authority duly vested in me by The Sun-Times Company, I have hereto set my hand this 18 Day of April A.D. 2006.

Michael H. Dismuke

Authorized Agent of the Sun-Times Company

Subscribed and sworn to before me

This 18 Day of April A.D. 2006

[signature]

Notary Public

OFFICIAL SEAL
JOHN G. BIESCHKE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 2-14-2010

, CHICAGO, ILLINOIS 60654

s.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re: DELPHI CORPORATION, et al., Debtors. Chapter 11 Case No. 05-44481 (RDD) (Jointly Administered)

## NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM

TO ALL CREDITORS OF THE DEBTORS AND OTHER PARTIES IN INTEREST:

PLEASE TAKE NOTICE THAT:

1. In accordance with an order entered on April 12, 2006 by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the above-captioned chapter 11 cases (the "Bar Date Order"), 5:00 p.m. Eastern Time on July 31, 2006 (the "General Bar Date") has been established as the bar date for each person or entity (including individuals, partnerships, corporations, limited liability companies, estates, trusts, unions, and entities, trustees, the United States Trustee, and governmental units) (individually, a "Person" or "Entity" and collectively, "Persons" or "Entities") to file a proof of claim in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). A list of all Debtors in these chapter 11 cases is attached hereto as Exhibit A. [illegible]

On October 8, 2005, Delphi and certain of its U.S. subsidiaries filed voluntary petitions in the Bankruptcy Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary petitions in the Bankruptcy Court for reorganization relief under the Bankruptcy Code. The term "Petition Date" shall mean the date on which each Debtor filed its chapter 11 bankruptcy petition as set forth on Exhibit A attached hereto. The General Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before the applicable Petition Date, except for those holders of the claims listed in Section 4 below which are specifically excluded from the General Bar Date filing requirement.

2. **Who Must File A Proof Of Claim.** You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim against any of the Debtors that arose prior to the applicable Petition Date, and such claim is not one of the types of claim described in Section 4 below. Claims based on acts or omissions of the Debtors that occurred before the applicable Petition Date must be filed on or prior to the General Bar Date, even if such claims are not now fixed, liquidated, or certain, or did not mature or become fixed, liquidated, or certain before the applicable Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

3. **What To File.** The Debtors are enclosing a proof of claim form which you may use to file any claim you may have in these cases. If the Debtors scheduled you as a creditor in any of the Debtors' schedules of assets and liabilities (as amended from time to time, the "Schedules"), the form sets forth the amount of your claim as scheduled and whether the claim is scheduled as disputed, contingent, or unliquidated. Additional proof of claim forms may be obtained at http://www.uscourts.gov/bkforms/index.html or at http://www.delphidocket.com.

All proofs of claim must be signed by the claimant or, if the claimant is not an individual, by a claimant's authorized agent. All proofs of claim must be written in English and be denominated in United States currency. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) [illegible]

If any supporting documentation contains confidential information, such documentation will be available for examination only by the party asserting the claim, the Debtors, the Debtors' counsel [illegible] the United States Trustee, counsel and advisors to the official committee of unsecured creditors [illegible] in these chapter 11 cases, Kurtzman Carson Consultants, LLC [illegible] and any personnel of the United States Bankruptcy Court for the Southern District of New York [illegible]

[illegible]

the Debtors' chapter 11 cases;

(d) Any Person or Entity which asserts a Claim solely on the basis of future pension or other post-employment benefits, including, without limitation, retiree health care and life insurance; provided, however, that any such Person or Entity which wishes to assert a Claim against any of the Debtors based on anything other than future pension or other post-employment benefits must file a proof of claim on or prior to the General Bar Date;

(e) Any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors [illegible] directly or indirectly own, control or hold with power to vote, 50 percent or more of the outstanding voting securities of such subsidiary;

(f) Any Person or Entity whose Claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Bankruptcy Court;

(g) Any holder of a Claim arising under or in respect of any of the following issuances of Delphi Corporation senior and junior subordinated unsecured debt (each, a "Noteholder"): (i) those certain senior unsecured securities bearing interest at 6.55% and maturing on June 15, 2006; (ii) those certain senior unsecured securities bearing interest at 6.50% and maturing on May 1, 2009; (iii) those certain senior unsecured securities bearing interest at 6.50% and maturing on August 15, 2013; (iv) those certain senior unsecured securities bearing interest at 7.125% and maturing on May 1, 2029; (v) those certain 8.25% junior subordinated notes due 2033; or (vi) those certain adjustable-rate junior subordinated notes due 2033 (collectively, the "Unsecured Securities"), other than the indenture trustees of the Unsecured Securities; provided, however, that any Noteholder who wishes to assert a Claim against the Debtors that is not based solely upon the outstanding principal and interest due on account of its ownership of such Unsecured Securities must file a proof of claim on or prior to the General Bar Date in respect of such Claim; and

(h) Any holder of equity securities of, or other interests in, the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities or other interests; provided, however, that any such holder which wishes to assert a Claim against any of the Debtors that is not based solely upon its ownership of the Debtors' securities, including, but not limited to, Claims for damages or rescission based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date in respect of such Claim.

This notice is being sent to many persons and entities which have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not necessarily mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.

5. **Executory Contracts And Unexpired Leases.** Any person or entity which has a claim arising from the rejection of an Executory Contract must file a proof of claim on account of such claim against the Debtors on or before the later of (a) the General Bar Date or (b) 30 calendar days after the effective date of such rejection or such other date as fixed by the Bankruptcy Court in an order authorizing such rejection.

6. **Amended Schedule Bar Date.** If the Debtors amend the Schedules on or after the date of this Notice (listed below) to reduce the undisputed, noncontingent, and liquidated amounts or to change the nature or classification of a claim against a Debtor reflected therein, the bar date for filing a proof of claim in respect of such amended scheduled claim is the later of (a) the General Bar Date, or (b) 30 calendar days after a claimant is served with notice that the Debtors have amended their Schedules.

7. **Consequences Of Failure To File A Proof Of Claim By The General Bar Date.** ANY HOLDER OF A CLAIM WHICH IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS NOTICE AS SET FORTH IN SECTION 4 ABOVE AND WHICH FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

8. **The Debtors' Schedules And Access Thereto.** You may be listed as the holder of a claim against the Debtors in any of the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases [illegible] To determine if and how you are listed on any of the Schedules, please review the Schedules, copies of which are available as provided below [illegible] If you agree with the nature, amount, and status of your claim as listed in any of the Debtors' Schedules [illegible]

[illegible]

BY ORDER OF THE COURT

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

[illegible]

| Entity | Tax/Federal ID Number | Case Number | Address | Date of Petition Filing |
|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |