Hearing Date: June 20, 2006, at 10:00 a.m. (EDT)
Objection Deadline: June 13, 2006 at 4:00 p.m. (EDT)

WILMER CUTLER PICKERING HALE
  AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006[1]
(202) 663-6000
Charles Davidow (CD-7297)

Special Regulatory Counsel for the Audit
Committee of Delphi Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
      In re                      :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :    Case No. 05-44481 (RDD)
                                    :
               Debtors.  :    (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF HEARING ON FIRST INTERIM APPLICATION OF WILMER CUTLER PICKERING HALE AND DORR LLP, SPECIAL REGULATORY COUNSEL FOR THE AUDIT COMMITTEE OF THE BOARD OF DIRECTORS OF DELPHI CORPORATION, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND EXPENSES INCURRED FROM OCTOBER 8, 2005 THROUGH JANUARY 31, 2006

PLEASE TAKE NOTICE that on May 3, 2006, Wilmer Cutler Pickering Hale

and Dorr LLP ("WCPHD"), special regulatory counsel for the Audit Committee of the Board of

Directors of Delphi Corporation, a debtor in possession in the above-captioned cases, filed its

first interim application, pursuant to section 330(a) of title 11 of the United States Code and Rule

2016 of the Federal Rules of Bankruptcy Procedure, for the allowance of compensation for

professional services rendered and for reimbursement of expenses incurred by WCPHD in

connection with such services for the period from October 8, 2005 through January 31, 2006 (the

---

[1]  The above reflects the new address of Wilmer Cutler Pickering Hale and Dorr LLP's Washington, DC
offices, effective as of May 1, 2006.  A notice of the address change will be filed with the Court.

"First Interim Application").

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the

First Interim Application will be held on June 20, 2006, at 10:00 a.m. (Prevailing Eastern Time)

(the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the

Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the First Interim

Application must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure,

the Local Bankruptcy Rules for the Southern District of New York, and the Order Under 11

U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing

(i) Omnibus Hearing Dates, (ii) Certain Notice, Case Management, And Administrative

Procedures, And (iii) Scheduling An Initial Case Conference In Accordance With Local Bankr.

R. 1007-2(e) (the "Case Management Order") (Docket No. 245), (c) be filed with the Bankruptcy

Court in accordance with General Order M-242 (as amended) – registered users of the

Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest

must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or

any other Windows-based word processing format), (d) be submitted in hard-copy form directly

to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be

served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General

Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West

Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., Esq.), (iii)

counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett

LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n: Marissa Wesley, Esq.), (iv)

2

counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450

Lexington Avenue, New York, New York 10017 (Att'n: Marlane Melican, Esq.), (v) counsel for

the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue,

New York, New York 10022 (Att'n: Robert J. Rosenberg, Esq.), (vi) the Office of the United

States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New

York, New York 10004 (Att'n: Alicia M. Leonhard, Esq.), and (vii) special regulatory counsel to

the Audit Committee of Delphi Corp., Wilmer Cutler Pickering Hale and Dorr LLP, 1875

Pennsylvania Avenue, NW, Washington, DC 2006 (Att'n: Charles Davidow, Esq.), in each case

so as to be **received** no later than **4:00 p.m. (Prevailing Eastern Time) on June 13, 2006** (the

"Objection Deadline").

    PLEASE TAKE FURTHER NOTICE that only those objections made as set forth herein and

in accordance with the Case Management Order will be considered at the Hearing.  If no objections

to the First Interim Application filed by or before the Objection Deadline and served in accordance

with the procedures set forth herein and in the Case Management Order, the Bankruptcy Court may

enter an order granting the First Interim Application without further notice.

Dated:  Washington, DC
        May 3, 2006

                            WILMER CUTLER PICKERING HALE
                             AND DORR LLP
                            1875 Pennsylvania Avenue, NW
                            Washington, D.C. 20006
                            (202) 663-6000
                            Charles Davidow (CD-7297)

                            Special Regulatory Counsel for the Audit
                            Committee of Delphi Corporation

                             /s/ Charles Davidow
                            Charles Davidow (CD-7297)

Hearing Date: June 20, 2006, at 10:00 a.m. (EDT)
Objection Deadline: June 13, 2006 at 4:00 p.m. (EDT)

WILMER CUTLER PICKERING HALE
 AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006[1]
(202) 663-6000
Charles Davidow (CD-7297)

Special Regulatory Counsel for the Audit
Committee of Delphi Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
        In re                           :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                        Debtors.        :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**FIRST INTERIM APPLICATION OF WILMER CUTLER PICKERING HALE
AND DORR LLP, SPECIAL REGULATORY COUNSEL FOR THE AUDIT
COMMITTEE OF THE BOARD OF DIRECTORS OF DELPHI CORPORATION,
FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
EXPENSES INCURRED FROM OCTOBER 8, 2005 THROUGH JANUARY 31, 2006**

| | |
|---|---|
| Name of Applicant: | Wilmer Cutler Pickering Hale and Dorr LLP |
| Authorized to Provide Professional Services to: | Audit Committee of the Board of Directors of Delphi Corporation |
| Date of Retention Order: | December 2, 2005 (effective as of October 8, 2005) |
| Period for Which Compensation and Reimbursement is Sought: | October 8, 2005 - January 31, 2006 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $343,327.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $4,807.79 |
| Amount of Compensation Previously Received or Expected: | $274,661.10 |
| Amount of Expense Reimbursement Previously Received: | $4,807.79 |
| **Total Amount Sought By This Application:** | **$348,134.79** |

---

[1]  The above reflects the new address of Wilmer Cutler Pickering Hale and Dorr LLP's Washington, DC
offices, effective as of May 1, 2006.  A notice of the address change will be filed with the Court.

Wilmer Cutler Pickering Hale and Dorr LLP ("WCPHD"), special regulatory counsel for the Audit Committee (the "Audit Committee") of the Board of Directors (the "Board") of Delphi Corporation ("Delphi" and, together with the other debtors in the above-captioned proceedings, the "Debtors"), as and for WCPHD's first interim application (the "Application"), pursuant to Section 330(a) of title 11 of chapter 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the allowance of compensation for professional services rendered and for reimbursement of expenses incurred in connection with such services for the period from October 8, 2005, through January 31, 2006, respectfully represents:

## Background

1.    Since 2004, as previously disclosed by Delphi, the Securities and Exchange Commission ( the "SEC") and other authorities have been investigating Delphi's accounting and adequacy of disclosures for a number of transactions (the "SEC Investigation"). The transactions being investigated include ones in which Delphi received rebates or other lump-sum payments from suppliers, certain off-balance sheet financings of indirect materials and inventory, and the payment in 2000 of $237 million in cash, and the subsequent receipt in 2001 of $85 million in credits, as a result of certain settlement agreements entered into between Delphi and General Motors Corporation.

2.    The Audit Committee undertook to examine the circumstances giving rise to the SEC Investigation and to take appropriate actions with respect thereto, including disciplinary actions and communicating with the SEC and other authorities. In 2004, the Company retained WCPHD to represent the Audit Committee for these purposes. In connection with the SEC Investigation, WCPHD has reviewed documents, interviewed relevant personnel, advised the

2

Audit Committee and the Board, communicated with the SEC and other authorities, and performed related tasks.

3.    On October 8, 2005 (the "Petition Date"), Delphi and certain other of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.    On November 9, 2006, the Debtors filed an application (docket no. 999) (the "WCPHD Retention Application") seeking authority under Section 327(e) of the Bankruptcy Code to employ WCPHD as special regulatory counsel to the Audit Committee with respect to the SEC Investigation, effective as of the Petition Date, in accordance with the terms set forth in the Declaration and Disclosure Statement of Charles Davidow, a partner of WCPHD, and an engagement letter between WCPHD and Delphi, submitted in support of the WCPHD Retention Application. The WCPHD Retention Application was approved under an order of the Court entered on December 2, 2005 (docket no. 1430).

**Jurisdiction and Venue**

5.    This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Compliance With Guidelines and Orders Governing
Applications for Compensation and Reimbursement of Expenses**

6.    This Application has been prepared in accordance with (i) the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York

3

Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"), and the

United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the

"UST Guidelines" and, collectively with the Local Guidelines, the "Guidelines"); (ii) the Order

Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement

of Expenses of Professionals in these cases, entered on November 4, 2005 (docket no. 869), as

supplemented by orders entered on March 8, 2006 (docket no. 2747), and March 28, 2006

(docket no. 2986) (collectively, the "Interim Compensation Orders"); and (iii) the Order

Approving Joint Interest Agreement Between Debtors and Official Committee of Unsecured

Creditors, Implementing Protective Order, and Approving Procedures to Protect Information in

Fee Statements, entered on April 18, 2006 (docket no. 3279) (the "Joint Interest Order," and

together with the Interim Compensation Orders, the "Fee Application Orders"). The certification

of Charles Davidow, as required under the Local Guidelines, is attached hereto as Exhibit A.

**Summary of Application**

7.      WCPHD seeks interim allowance of compensation for professional services

rendered to the Audit Committee during the period of October 8, 2005 through January 31, 2006

(the "First Compensation Period"), in the aggregate amount of $343,327.00, and for

reimbursement of expenses incurred in connection with the rendition of WCPHD's services

during the First Compensation Period in the aggregate amount of $4,807.79, for a total award of

$348,134.79.  During the First Compensation Period, WCPHD attorneys and paraprofessionals

expended a total of 944.70 hours for which compensation is requested, at a blended average

hourly rate of $363.42.  WCPHD attorneys expended a total of 732.0 hours during the First

Compensation Period for which compensation is requested, at a blended hourly rate for attorneys

4

only of $418.77.

     8.    WCPHD is only seeking compensation for services rendered to the Audit

Committee for services as described herein and in the WCPHD Retention Application.

     9.    As authorized under the Fee Application Orders, WCPHD has previously

submitted fee statements, as corrected, for the periods of (i) October 8, 2005 through November

30, 2005, (ii) December 1 through December 31, 2005, and (ii) January 1 through January 31,

2006, on account of which WCPHD has received or expects to receive payments in the total

amount of $274,661.10.

     10.    The table below summarizes the compensation for professional services and

reimbursement of expenses that WCPHD has sought and received to date:

| Period | Fees Sought | Fees Received or Expected (80%) | Unpaid Fees (20%) | Expenses Sought | Expenses Received | Unpaid Expenses |
|---|---|---|---|---|---|---|
| October 8, 2005, thru November 30, 2005 | $218,931.50[2] | $175,102.00 | $43,829.50 | $1,785.07 | $1,785.07 | $0.00 |
| December 1 thru December 31, 2005 | $62,917.00 | $50,376.80 | $12,540.20 | $1,610.80 | $1,610.80 | $0.00 |
| January 1 thru January 31, 2006 | $61,478.50 | $49,182.30 | $12,296.20 | $1,411.92 | $1,411.92 | $0.00 |
| TOTALS | $343,327.00 | $274,661.10 | $68,665.90 | $4,807.79 | $4,807.79 | $0.00 |

     11.    WCPHD maintains computerized records of the time spent by all WCPHD

attorneys and paraprofessionals in connection with their retention in this matter. For the

convenience of the Court and all parties in interest, a schedule setting forth the number of hours

---

[2] In WCPHD's interim fee statements covering the period of October 8, 2005 through December 31, 2005, time for James Shepherd, a counsel of WCPHD, was inadvertently billed at the hourly rate of $515.00, whereas the correct hourly rate was $470.00. Before the error was discovered, the Debtors had paid WCPHD an amount equal to 80% of WCPHD's requested fees and 100% of its requested expenses for that period. Subsequently, WCPHD refunded the Debtors the amount of $1,940.40, the total amount over-billed for Mr. Shepherd's services for the First Compensation Period.

expended during the First Compensation Period by each of the partners, counsel, associates, and paraprofessionals of WCPHD who rendered services to the Audit Committee, their respective hourly rates, and the year of first bar admission for each WCPHD attorney is attached hereto as **Exhibit B**. Pursuant to Section II.D of the UST Guidelines, a schedule setting forth a description of the project categories utilized by WCPHD for this case during the First Compensation Period, the number of hours expended by the partners, counsel, associates, and paraprofessionals by project category, and the aggregate fees associated with each project category, is attached hereto as **Exhibit C**.

12.     A schedule setting forth the detailed time records of WCPHD attorneys and paraprofessionals during the First Compensation Period is attached as **Exhibit D**. WCPHD's time entries constitute "Confidential Time Records" (as defined in the Joint Interest Order). Accordingly, Exhibit D has been filed under seal, with a copy provided to "Designated Recipients" (as defined in the Joint Interest Order).

13.     A schedule specifying the actual and necessary out-of-pocket expenses during the First Compensation Period for which WCPHD is seeking reimbursement, and the total amount for each such expense category, is attached as **Exhibit E**.

### Professional Services Provided By WCPHD

14.     Delphi retained WCPHD in August 2004 to conduct an investigation arising out of a subpoena Delphi received from the SEC. The Audit Committee assumed control of the investigation. In addition to conducting an independent investigation, WCPHD advised the Audit Committee on appropriate actions with respect thereto, including disciplinary actions and communication with the SEC and other authorities. WCPHD's representation of the Audit Committee with respect to the SEC Investigation is ongoing.

## Disbursements

15.    As set forth in Exhibit E hereto, WCPHD disbursed $4,703.81 as actual and

necessary expenses incurred in providing professional services during the First Compensation

Period.  In accordance with the Guidelines, these charges cover WCPHD's direct, out-of-pocket

operating costs, which costs are not incorporated into the WCPHD hourly billing rates.

16.    With respect to photocopying expenses, WCPHD is charging $0.10 per page,

which is equal to or less than the rate WCPHD typically charges its clients and is less that the

maximum rate set by the Guidelines.  Only clients who actually use services of the types set forth

in Exhibit C are separately charged for such service.  The effect of including such expenses as

part of the hourly billing rates would impose that cost upon clients who do not require extensive

photocopying and other facilities and services.  The amount of the standard photocopying charge

is intended to allow WCPHD to cover the related expenses of its photocopying service.  A

determination of the actual expenses per page for photocopying, however, is dependent on both

the volume of copies and the total expenses attributable to photocopying on an annual basis.

17.    None of the travel expenses of WCPHD attorneys included herein were for first-

class airfare, luxury accommodations, or deluxe meals.

## The Requested Compensation Should Be Allowed

18.    Section 330 provides that a court may award a professional employed under

section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services

rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C.  § 330(a)(1).

Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the
> court should consider the nature, extent, and the value of such services, taking
> into account all relevant factors, including ---

(A)    the time spent on such services;

(B)    the rates charged for such services;

(C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; [and]

\* \* \* \*

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

19.    In the instant case, WCPHD respectfully submits that the services for which it seeks compensation in this Application were necessary for the Audit Committee and beneficial to the Debtors' reorganization efforts.  WCPHD further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

20.    During the First Compensation Period it was critical that WCPHD perform various services on behalf of the Audit Committee in connection with the SEC Investigation, including reviewing, analyzing, and producing documents, communicating with the SEC and other authorities, advising the Audit Committee and the Board of Directors with respect to the same, and performing related tasks.

21.    Also during the First Application Period, WCPHD prepared and drafted the documents supporting the WCPHD Retention Application, prepared and executed an extensive review of its client records to identify WCPHD's connections with the entities referenced in Bankruptcy Rule 2014(a) and to determine whether the proposed representation would present

8

any conflict of interest, and prepared and filed monthly fee statements as required under the
Interim Compensation Orders.

22.    The services rendered by WCPHD were necessary and beneficial to the Debtors'
estates and were consistently performed in a timely manner commensurate with the complexity,
importance, and nature of the issues involved in the SEC Investigation.  Approval of the
compensation sought herein is warranted.

### Statements of WCPHD

23.    The compensation requested by WCPHD is based on the customary compensation
charged by comparably skilled practitioners in cases other than cases under the Bankruptcy
Code.

24.    No agreement or understanding exists between WCPHD and any other person for
a sharing of compensation received or to be received for services rendered in or in connection
with these Chapter 11 cases, nor shall WCPHD share or agree to share the compensation paid or
allowed from the Debtors' estates for such services with any other person.  The foregoing, as
supplemented by the Certification of Charles Davidow, attached hereto as Exhibit A, constitutes
the statement of WCPHD pursuant to section 504 of the Bankruptcy Code and Bankruptcy Rule
2016(a).

25.    No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be
made by WCPHD.

### Waiver of Memorandum of Law

26.    Pursuant to Local Bankruptcy Rule 9013-1(b), because there are no novel issues
of law presented by this Application, WCPHD respectfully requests that the Court waive the
requirement that WCPHD file a memorandum of law in support of this Application.

## Notice

27.    This Application is being filed and service in accordance with the Fee Application

Orders.

WHEREFORE, WCPHD respectfully requests:  (i) interim allowance of compensation

for professional services rendered by WCPHD as special regulatory counsel for the Audit

Committee in the amount of $343,327.00 in fees for the First Compensation Period; (ii) the reim-

bursement of actual and necessary disbursements incurred by WCPHD on behalf of the Audit

Committee during the First Compensation Period in the amount of $4,807.79; and (iii) such other

and further relief as is just.

Dated: Washington, D.C.
       May 3, 2006

Respectfully submitted,

WILMER CUTLER PICKERING HALE
   AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6000
Charles Davidow (CD-7297)

Special Regulatory Counsel for the Audit
Committee of Delphi Corporation

  /s/ Charles Davidow
Charles Davidow (CD-7297)

**EXHIBIT A**
**Certification of Charles Davidow**

Hearing Date: June 20, 2006, at 10:00 a.m. (EDT)
Objection Deadline: June 13, 2006 at 4:00 p.m. (EDT)

WILMER CUTLER PICKERING HALE
  AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6000
Charles Davidow (CD-7297)

Special Regulatory Counsel for the Audit
Committee of Delphi Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
     In re                          :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
             Debtors.    :    (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CERTIFICATION OF CHARLES DAVIDOW

    I, Charles Davidow, certify as follows:

    1.    I am a partner in the law firm of Wilmer Cutler Pickering Hale and Dorr LLP

("WCPHD"). I submit this certification with respect to the application (the "Application")[1] of

WCPHD as special regulatory counsel for the Audit Committee of the Board of Directors of

Delphi Corporation in the above-captioned cases for interim allowance of compensation for

professional services rendered and for reimbursement of actual and necessary expenses incurred

during the period of October 8, 2005, through January 31, 2006.

    2.    I make this certification in accordance with General Order M-151, Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases, adopted by the United States Bankruptcy Court for the Southern District of

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the
Application.

New York on April 19, 1995 (the "Local Guidelines").

     3.     In connection therewith, I hereby certify that:

     (a) I have read the Application;

     (b) To the best of my knowledge, information, and belief formed after reasonable inquiry, the professional fees and disbursements sought in the Application fall within the Local Guidelines and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines");

     (c) Except to the extent that fees or disbursements are prohibited by the Local Guidelines or the UST Guidelines, the fees and disbursements sought in the Application are billed at rates customarily employed by WCPHD and generally accepted by WCPHD's clients;

     (d) In providing a reimbursable service, WCPHD does not make a profit on that service, whether the service is performed by WCPHD in-house or through a third party; and

     (e) Pursuant to the Local Guidelines and the Fee Application Orders, the Debtors and their counsel, the U.S. Trustee, counsel to the Creditors Committee, and all other Designated Recipients (as defined in the Joint Interest Order), if any, have been served with a copy of the Application containing WCPHD's unredacted Confidential Time Entries (as defined in the Joint Interest Order) for the First Compensation Period, simultaneously with the filing thereof under seal.

     (f) Copies of the Application have been filed and served upon certain other parties in interest in accordance with the procedures specified in the Fee Application Orders.

Dated: Washington, D.C.
       May 3, 2006

                           /s/ Charles Davidow
                           Charles Davidow

## EXHIBIT B
### FEE TOTALS BY PROFESSIONAL

| Timekeeper | Year of Bar Admission | Hours | Rate | Total |
|---|---|---|---|---|
| **Partners** | | | | |
| McLucas, William | 1975 | 2.50 | 820.00 | $2,050.00 |
| Davidow, Charles | 1980 | 5.30 | 730.00 | $3,869.00 |
| Davidow, Charles | | 61.30 | 720.00 | $44,136.00 |
| Davidow, Charles | | 4.30 | 360.00 | $1,548.00 |
| Morse, Duane | 1980 | 0.10 | 720.00 | $72.00 |
| Wolfman, Jonathan | 1989 | 0.20 | 650.00 | $130.00 |
| Salhus, Knute | 1988 | 8.80 | 620.00 | $5,456.00 |
| Wilson, David A. | 1974 | 65.90 | 525.00 | $34,597.50 |
| Wilson, David A | | 160.10 | 450.00 | $72,045.00 |
| Wilson, David A | | 2.00 | 262.50 | $525.00 |
| Wilson, David A | | 13.00 | 225.00 | $2,925.00 |
| | | | | |
| **Counsel** | | | | |
| Shepherd, James | 1995 | 18.70 | 515.00 | $9,630.50 |
| Shepherd, James | | 53.90 | 470.00 | $25,333.00 |
| Currie, Andrew J. | 1996 | 2.60 | 490.00 | $1,274.00 |
| | | | | |
| **Associates** | | | | |
| Gasparini, Elisabetta | 1999 | 4.30 | 450.00 | $1,935.00 |
| Davenport, Joshua A. | 2002 | 25.70 | 360.00 | $9,252.00 |
| Davenport, Joshua A. | | 218.10 | 295.00 | $64,339.50 |
| Weller, Elizabeth | 2005 | 34.90 | 310.00 | $10,819.00 |
| Weller, Elizabeth | | 0.60 | 155.00 | $93.00 |
| Birlem, Jennifer | 2004 | 62.70 | 310.00 | $19,437.00 |
| | | | | |
| **Paraprofessionals** | | | | |
| Apgood, Richard | N/A | 1.00 | 255.00 | $255.00 |
| Walter, Natalie | N/A | 1.50 | 240.00 | $360.00 |
| Doctor, Patricia L. | N/A | 5.80 | 235.00 | $1,363.00 |
| Yuhaniak, Tom | N/A | 0.70 | 225.00 | $157.50 |
| Doctor, Patricia L. | N/A | 25.40 | 220.00 | $5,588.00 |
| Morris, Gordon | N/A | 1.80 | 210.00 | $378.00 |
| Morris, Gordon | N/A | 16.80 | 195.00 | $3,276.00 |
| Cox, Byron | N/A | 1.30 | 180.00 | $234.00 |

| Timekeeper | Year of Bar Admission | Hours | Rate | Total |
|---|---|---|---|---|
| **Paraprofessionals (con'd)** | | | | |
| Cox, Byron | N/A | 10.20 | 170.00 | $1,734.00 |
| Ruddy, John F. | N/A | 56.80 | 170.00 | $9,656.00 |
| Jones, Edward | N/A | 47.70 | 160.00 | $7,632.00 |
| Jones, Edward | N/A | 4.30 | 140.00 | $602.00 |
| Kenyon, Kara Anne | N/A | 3.30 | 125.00 | $412.50 |
| Mckie, Renee | N/A | 0.80 | 105.00 | $84.00 |
| King, Jr., Donald | N/A | 2.00 | 100.00 | $200.00 |
| Richardson, Ellen Minot | N/A | 0.60 | 95.00 | $57.00 |
| Chatham, Todd | N/A | 19.70 | 95.00 | $1,871.50 |
| **TOTAL** | | **944.70** | | **$343,327.00** |

## EXHIBIT C
## HOURS BILLED BY PROJECT CATEGORY

| Task | Description | Hours | Value |
|------|-------------|-------|-------|
| B110 | Case Administration | 0.20 | $98.00 |
| B160 | Fee/Employment Applications | 114.80 | $45,795.00 |
| B195 | Non-Working Travel | 19.90 | $5,091.00 |
| L110 | Fact Investigation /Development | 136.30 | $39,865.00 |
| L120 | Analysis/Strategy | 497.80 | $221,142.00 |
| L140 | Document/File Management | 146.40 | $23,092.00 |
| L190 | Other Case Assessment | 7.20 | $1,482.00 |
| L320 | Document Production | 22.10 | $6,762.00 |
|  |  |  |  |
| **Total Legal Services** |  | **944.70** | **$343,327.00** |

**EXHIBIT D**
**DETAILED TIME ENTRIES**

This Exhibit D has been filed under seal with the Court pursuant to the Fee Application Orders.

## EXHIBIT E
## EXPENSE TOTALS AND DETAIL

| Expense | Total Amount |
|---|---|
| Computerized Research | $259.00 |
| Courier Service | $627.35 |
| Document Printing - On Site | $393.10 |
| Overnight Mail Service | $103.98 |
| Photocopies – On Site | $832.30 |
| Photocopies - Off Site | $156.57 |
| Local Transportation | $95.65 |
| Meals - Out of town | $300.46 |
| Postage | $9.45 |
| Supplies | $348.93 |
| Travel | $1,681.00 |
| **TOTAL** | **$4,807.79** |

| Date | Name | Qty | Rate | Amount | Description |
|---|---|---|---|---|---|
| 11/29/2005 | Todd Chatham | 1 | 38.70 | 38.70 | COURIER SERVICES - Washington Express Services Inc. INV# 25110-16101. |
| | *Courier Services* | Total | | 38.70 | |
| 11/9/2005 | Charles Davidow | 1 | 53.85 | 53.85 | LOCAL TRANSPORTATION OTHER - DC - DOCTOR PATRICIA REDTOP #4812775 0880 INV. #01005089 |
| | *Local Transportation* | Total | | 53.85 | |
| 11/9/2005 | Charles Davidow | 1 | 51.45 | 51.45 | MEALS-OUT OF TOWN DAVID A. WILSON-MEALS DURING 11/8-9/2005 TRAVEL TO CLIENT MTGS. IN TROY, MI -- DAVID WILSON |
| | *Meals out of town* | Total | | 51.45 | |
| 11/10/2005 | David Wilson | 1 | 156.57 | 156.57 | PHOTOCOPY - Lex Business Solutions CORRECTED CD OF 10/14/05 PRODUCTION |
| | *Off-site photocopying* | Subtotal | | 156.57 | |
| 10/14/2005 | Charles Davidow | 14 | 0.10 | 1.40 | PHOTOCOPY - DC - FOR 14-OCT-2005 - 14 PAGE(S) - R8464 |
| 10/18/2005 | Charles Davidow | 105 | 0.10 | 10.50 | PHOTOCOPY - DC - FOR 18-OCT-2005 - 105 PAGE(S) - R8464 |
| 10/24/2005 | Charles Davidow | 5 | 0.10 | 0.50 | PHOTOCOPY - DC - FOR 24-OCT-2005 - 5 PAGE(S) - R8464 |
| 10/24/2005 | Charles Davidow | 56 | 0.10 | 5.60 | PHOTOCOPY - DC - FOR 24-OCT-2005 - 56 PAGE(S) - R8464 |
| 10/24/2005 | X Firm | 480 | 0.10 | 48.00 | PHOTOCOPY - DC - FOR 24-OCT-2005 - 480 PAGE(S) - 8333 |
| 10/24/2005 | X Firm | 5 | 0.10 | 0.50 | PHOTOCOPY - DC - FOR 24-OCT-2005 - 5 PAGE(S) - 8473 |
| 10/27/2005 | Charles Davidow | 145 | 0.10 | 14.50 | PHOTOCOPY - DC - FOR 27-OCT-2005 - 145 PAGE(S) - R8464 |
| 10/27/2005 | Charles Davidow | 64 | 0.10 | 6.40 | PHOTOCOPY - DC - FOR 27-OCT-2005 - 64 PAGE(S) - R8464 |
| 11/2/2005 | Charles Davidow | 9 | 0.10 | 0.90 | PHOTOCOPY - DC - FOR 02-NOV-2005 - 9 PAGE(S) - R8464 |
| 11/3/2005 | John F. Ruddy | 6 | 0.10 | 0.60 | PHOTOCOPY - DC - FOR 03-NOV-2005 - 6 PAGE(S) - 07864 |
| 11/5/2005 | Renee Mckie | 4 | 0.10 | 0.40 | PHOTOCOPY - DC - FOR 05-NOV-2005 - 4 PAGE(S) - 03676 |
| 11/5/2005 | Renee Mckie | 194 | 0.10 | 19.40 | PHOTOCOPY - DC - FOR 05-NOV-2005 - 194 PAGE(S) - 03676 |
| 11/5/2005 | Renee Mckie | 12 | 0.10 | 1.20 | PHOTOCOPY - DC - FOR 05-NOV-2005 - 12 PAGE(S) - 03676 |
| 11/5/2005 | Renee Mckie | 424 | 0.10 | 42.40 | PHOTOCOPY - DC - FOR 05-NOV-2005 - 424 PAGE(S) - 03676 |
| 11/8/2005 | X Firm | 570 | 0.10 | 57.00 | PHOTOCOPY - DC - FOR 08-NOV-2005 - 570 PAGE(S) - 8333 |
| 11/9/2005 | Patricia L. Doctor | 73 | 0.10 | 7.30 | PHOTOCOPY - DC - FOR 09-NOV-2005 - 73 PAGE(S) - 08007 |
| 11/11/2005 | X Firm | 4 | 0.10 | 0.40 | PHOTOCOPY - DC - FOR 11-NOV-2005 - 4 PAGE(S) - 8473 |
| 11/11/2005 | X Firm | 4 | 0.10 | 0.40 | PHOTOCOPY - DC - FOR 11-NOV-2005 - 4 PAGE(S) - 8473 |
| 11/14/2005 | Charles Davidow | 78 | 0.10 | 7.80 | PHOTOCOPY - DC - FOR 14-NOV-2005 - 78 PAGE(S) - R8464 |
| 11/15/2005 | John F. Ruddy | 2 | 0.10 | 0.20 | PHOTOCOPY - DC - FOR 15-NOV-2005 - 2 PAGE(S) - 07864 |
| 11/22/2005 | Charles Davidow | 3 | 0.10 | 0.30 | PHOTOCOPY - DC - FOR 22-NOV-2005 - 3 PAGE(S) - D8200 |
| 11/22/2005 | Charles Davidow | 594 | 0.10 | 59.40 | PHOTOCOPY - DC - FOR 22-NOV-2005 - 594 PAGE(S) - R8464 |
| 11/28/2005 | Charles Davidow | 70 | 0.10 | 7.00 | PHOTOCOPY - DC - FOR 28-NOV-2005 - 70 PAGE(S) - R8464 |
| 11/29/2005 | Byron Cox | 40 | 0.10 | 4.00 | PHOTOCOPY - DC - FOR 29-NOV-2005 - 40 PAGE(S) - 08707 |
| 11/29/2005 | Byron Cox | 2 | 0.10 | 0.20 | PHOTOCOPY - DC - FOR 29-NOV-2005 - 2 PAGE(S) - 08707 |
| 11/30/2005 | Charles Davidow | 96 | 0.10 | 9.60 | PHOTOCOPY - DC - FOR 30-NOV-2005 - 96 PAGE(S) - R8464 |
| | *In-House Photocopying* | Subtotal | | 305.90 | |
| | *Photocopying Total* | | | 462.47 | |
| 11/7/2005 | Charles Davidow | 1 | 6.00 | 6.00 | COMPUTERIZED RESEARCH COMPUTERIZED RESEARCH WESTLAW - DC - SHEPHERD,JAMES |
| | *Computerized research* | Total | | 6.00 | |
| 11/3/2005 | Charles Davidow | 1 | 157.62 | 157.62 | TRAVEL DAVID A. WILSON-TRAVEL REIMB. FOR 11/3/2005 CLIENT MTGS. IN TROY, MI -- DAVID WILSON |
| 11/9/2005 | Charles Davidow | 1 | 290.18 | 290.18 | TRAVEL DAVID A. WILSON-TRAVEL REIMB. FOR 11/8-9/2005 CLIENT MTGS. IN TROY, MI -- DAVID WILSON |
| 11/16/2005 | Charles Davidow | 1 | 242.40 | 242.40 | TRAVEL - American Express Business Travel AIRLINE/C. DAVIDOW - 10/26/05/DCA/DTW/DCA |
| 11/16/2005 | Charles Davidow | 1 | 120.00 | 120.00 | TRAVEL - American Express Business Travel AIRLINE/C. DAVIDOW - 11/3/05/DCA/DTW/DCA |
| 11/16/2005 | David Wilson | 1 | 242.40 | 242.40 | TRAVEL - American Express Business Travel AIRLINE/D. WILSON - 10/26/05/DCA/DTW/DCA |
| 11/16/2005 | David Wilson | 1 | 120.00 | 120.00 | TRAVEL - American Express Business Travel AIRLINE/D. WILSON - 11/3/05/DCA/DTW/DCA |
| | *Out of town travel* | Total | | 1,172.60 | |
| | | Grand Total | | 1,785.07 | |

In re Delphi Corp., et al.
(Case No. 05-44481)

FEE AND EXPENSE STATEMENT OF WILMER CUTLER PICKERING HALE AND DORR LLP

Expense Detail
December 2005

| Date | Name | Number | Rate | Amount | Description |
|---|---|---|---|---|---|
| 12/6/2005 | X Firm | 1 | 17.72 | 17.72 | COURIER SERVICES - DC - FOR 06-DEC-2005 - 1 TRANSACTION(S) - 8333 FEDEX |
| 12/6/2005 | X Firm | 1 | 16.4 | 16.40 | FEDEX COURIER SERVICES - DC - FOR 06-DEC-2005 - 1 TRANSACTION(S) - 8333 |
| 12/21/2005 | Charles Davidow | 1 | 135 | 135.00 | COURIER SERVICES K STREET COURIER, INC.-LITIGATION COURIER – JAMES QUARLES |
| 12/30/2005 | Charles Davidow | 1 | 6.34 | 6.34 | JAMES QUARLES COURIER SERVICES WASHINGTON EXPRESS LLC-COURIER SERVICES FOR NOVEMBER 2005 – JUDITH WELTMANN |
| 12/30/2005 | Charles Davidow | 1 | 41.75 | 41.75 | COURIER SERVICES K STREET COURIER, INC.-LITIGATION COURIER – JAMES QUARLES |
| 12/30/2005 | Charles Davidow | 1 | 44.41 | 44.41 | COURIER SERVICES WASHINGTON EXPRESS SERVICES INC.-COURIER SERVICES FOR PERIOD 11/1/05 - 11/15/05 – JUDITH WELTMANN |
| 12/30/2005 | Charles Davidow | 1 | 280.5 | 280.50 | COURIER SERVICES K STREET COURIER, INC.-LITIGATION COURIER SERVICES – WILLIAM MCELWAIN |
| 12/31/2005 | X Firm | 1 | 12.69 | 12.69 | COURIER SERVICES - DC - FOR 31-DEC-2005 - 1 TRANSACTION(S) - 8333 |
| 12/31/2005 | X Firm | 1 | 12.69 | 12.69 | COURIER SERVICES - DC - FOR 31-DEC-2005 - 1 TRANSACTION(S) - 8333 |
| 12/31/2005 | X Firm | 1 | 6.34 | 6.34 | COURIER SERVICES - DC - FOR 31-DEC-2005 - 1 TRANSACTION(S) - 8333 |
| | Courier Total | | | 573.84 | |
| 12/30/2005 | Charles Davidow | 1 | 41.8 | 41.80 | LOCAL TRANSPORTATION RED TOP EXECUTIVE SEDAN-11/8/05 - DAVID WILSON - HOME TO AIRPORT – JUDITH WELTMANN |
| | Local Transportation Total | | | 41.80 | |
| 12/15/2005 | Charles Davidow | 1 | 213.36 | 213.36 | MEAL MEETING EXPENSE CATERING BY WINDOWS-CLIENT MEETING, D. WILSON, 11/14/05 – JUDITH WELTMANN |
| | Total | | | 213.36 | |
| 12/15/2005 | Charles Davidow | 1 | 35.65 | 35.65 | MEALS-OUT OF TOWN - CC Davidow, Charles LUNCH WITH WILSON 11/3/05 |
| | Total | | | 35.65 | |
| | Meals Total | | | 249.01 | |
| 12/2/2005 | X Firm | 229 | 0.1 | 22.90 | PHOTOCOPY - DC - FOR 02-DEC-2005 - 229 PAGE(S) - 8333 |
| 12/2/2005 | Byron Cox | 2 | 0.1 | 0.20 | PHOTOCOPY - DC - FOR 02-DEC-2005 - 2 PAGE(S) - 08707 |
| 12/6/2005 | Charles Davidow | 5 | 0.1 | 0.50 | PHOTOCOPY - DC - FOR 06-DEC-2005 - 5 PAGE(S) - D8200 |

In re Delphi Corp., et al.
(Case No. 05-44481)

FEE AND EXPENSE STATEMENT OF WILMER CUTLER PICKERING HALE AND DORR LLP

Expense Detail
December 2005

| Date | Name | Quantity | Rate | Amount | Description |
|---|---|---|---|---|---|
| 12/15/2005 | Charles Davidow | 21 | 0.1 | 2.10 | PHOTOCOPY - DC - FOR 15-DEC-2005 - 21 PAGE(S) - R8464 |
| 12/15/2005 | Charles Davidow | 814 | 0.1 | 81.40 | PHOTOCOPY - DC - FOR 15-DEC-2005 - 814 PAGE(S) - R8464 |
| 12/15/2005 | X Firm | 858 | 0.1 | 85.80 | PHOTOCOPY - DC - FOR 15-DEC-2005 - 858 PAGE(S) - 8333 |
| 12/16/2005 | X Firm | 2 | 0.1 | 0.20 | PHOTOCOPY - DC - FOR 16-DEC-2005 - 2 PAGE(S) - 8473 |
| 12/20/2005 | Charles Davidow | 32 | 0.1 | 3.20 | PHOTOCOPY - DC - FOR 20-DEC-2005 - 32 PAGE(S) - 00399 |
| 12/21/2005 | Charles Davidow | 3 | 0.1 | 0.30 | PHOTOCOPY - DC - FOR 21-DEC-2005 - 3 PAGE(S) - R8464 |
| 12/21/2005 | Jim A. Shepherd | 18 | 0.1 | 1.80 | PHOTOCOPY - DC - FOR 21-DEC-2005 - 18 PAGE(S) - 02006 |
| 12/22/2005 | Charles Davidow | 13 | 0.1 | 1.30 | PHOTOCOPY - DC - FOR 22-DEC-2005 - 13 PAGE(S) - R8464 |
| 12/23/2005 | Charles Davidow | 14 | 0.1 | 1.40 | PHOTOCOPY - DC - FOR 23-DEC-2005 - 14 PAGE(S) - 00399 |
| 12/28/2005 | Charles Davidow | 58 | 0.1 | 5.80 | PHOTOCOPY - DC - FOR 28-DEC-2005 - 58 PAGE(S) - 00399 |
| 12/29/2005 | Charles Davidow | 12 | 0.1 | 1.20 | PHOTOCOPY - DC - FOR 29-DEC-2005 - 12 PAGE(S) - W3940 |
| Photocopies Total | | | | 208.10 | |
| 12/8/2005 | Byron Cox | 1 | 2.67 | 2.67 | POSTAGE CHARGE FOR 11/29/05. |
| 12/8/2005 | Byron Cox | 1 | 1.98 | 1.98 | POSTAGE CHARGE FOR 12/02/05. |
| Postage Total | | | | 4.65 | |
| 12/6/2005 | Charles Davidow | 1 | 25 | 25.00 | COMPUTERIZED RESEARCH COMPUTERIZED RESEARCH WESTLAW - DC - SHEPHERD,JAMES |
| Computerized Research Total | | | | 25.00 | |
| 12/12/2005 | David Wilson | 1 | 458.4 | 458.40 | TRAVEL - American Express Business Travel AIRLINE/D. WILSON - 11/8/05/DCA/DTW/DCA |
| 12/12/2005 | David Wilson | 1 | 50 | 50.00 | TRAVEL - American Express Business Travel AIRLINE/D. WILSON - 11/9/05/DTW/DCA |
| Travel Total | | | | 508.40 | |
| Grand Total | | | | 1,610.80 | |

In re Delphi Corp, et al.
(Case No. 05-44481)

FEE AND EXPENSE STATEMENT OF WILMER CUTLER
PICKERING HALE AND DORR LLP

Expense Detail
Jan-06

| Date | Name | Quantity | Rate | Amount | Description |
|---|---|---|---|---|---|
| 1/24/2006 | X Firm | 1 | 14.81 | $14.81 | COURIER SERVICES |
| | **Courier Total** | | | **$14.81** | |
| 1/30/2006 | Jim A. Shepherd | 1 | 17.72 | $17.72 | FEDERAL EXPRESS |
| 1/30/2006 | Jim A. Shepherd | 1 | 17.72 | $17.72 | FEDERAL EXPRESS |
| 1/30/2006 | Jim A. Shepherd | 1 | 12.3 | $12.30 | FEDERAL EXPRESS |
| 1/30/2006 | Jim A. Shepherd | 1 | 14.06 | $14.06 | FEDERAL EXPRESS |
| 1/30/2006 | Jim A. Shepherd | 1 | 14.06 | $14.06 | FEDERAL EXPRESS |
| 1/30/2006 | Jim A. Shepherd | 1 | 14.06 | $14.06 | FEDERAL EXPRESS |
| 1/30/2006 | Jim A. Shepherd | 1 | 14.06 | $14.06 | FEDERAL EXPRESS |
| | **Federal Express Total** | | | **$103.98** | |
| 1/6/2006 | Renee Mckie | 589 | 0.1 | $58.90 | PHOTOCOPY |
| 1/6/2006 | Renee Mckie | 539 | 0.1 | $53.90 | PHOTOCOPY |
| 1/9/2006 | Charles Davidow | 14 | 0.1 | $1.40 | PHOTOCOPY |
| 1/11/2006 | Charles Davidow | 44 | 0.1 | $4.40 | PHOTOCOPY |
| 1/17/2006 | Charles Davidow | 443 | 0.1 | $44.30 | PHOTOCOPY |
| 1/24/2006 | Charles Davidow | 10 | 0.1 | $1.00 | PHOTOCOPY |
| 1/24/2006 | Charles Davidow | 342 | 0.1 | $34.20 | PHOTOCOPY |
| 1/24/2006 | Jim A. Shepherd | 8 | 0.1 | $0.80 | PHOTOCOPY |
| 1/24/2006 | Jim A. Shepherd | 2 | 0.1 | $0.20 | PHOTOCOPY |
| 1/25/2006 | Jim A. Shepherd | 79 | 0.1 | $7.90 | PHOTOCOPY |
| 1/25/2006 | Patricia L. Doctor | 126 | 0.1 | $12.60 | PHOTOCOPY |
| 1/26/2006 | Jim A. Shepherd | 2 | 0.1 | $0.20 | PHOTOCOPY |
| 1/26/2006 | Jamaal Rogers | 295 | 0.1 | $29.50 | PHOTOCOPY |
| 1/26/2006 | Cynthia Strachon | 30 | 0.1 | $3.00 | PHOTOCOPY |
| 1/27/2006 | Charles Davidow | 3 | 0.1 | $0.30 | PHOTOCOPY |
| 1/27/2006 | Charles Davidow | 16 | 0.1 | $1.60 | PHOTOCOPY |
| 1/27/2006 | X Firm | 3 | 0.1 | $0.30 | PHOTOCOPY |
| 1/31/2006 | Charles Davidow | 14 | 0.1 | $1.40 | PHOTOCOPY |
| 1/31/2006 | Charles Davidow | 576 | 0.1 | $57.60 | PHOTOCOPY |
| 1/31/2006 | Jim A. Shepherd | 48 | 0.1 | $4.80 | PHOTOCOPY |
| | **Photocopies Total** | | | **$318.30** | |
| 1/26/2006 | Jim A. Shepherd | 1 | 4.8 | $4.80 | POSTAGE CHARGE FOR 01/25/06 |
| | **Postage Total** | | | **$4.80** | |
| 1/27/2006 | Charles Davidow | 1 | 279.81 | $279.81 | DOCUMENT PRINTING - On Site Sourcing Inc |
| 1/27/2006 | Charles Davidow | 1 | 113.29 | $113.29 | DOCUMENT PRINTING - On Site Sourcing Inc |
| | **Document Printing -On Site Total** | | | **$393.10** | |

| Date | Name | | Qty | Amount | Description |
|---|---|---|---|---|---|
| 1/4/2006 | Charles Davidow | 1 | 108 | $108.00 | COMPUTERIZED RESEARCH |
| 1/4/2006 | Charles Davidow | 1 | 32 | $32.00 | COMPUTERIZED RESEARCH |
| 1/5/2006 | Charles Davidow | 1 | 88 | $88.00 | COMPUTERIZED RESEARCH |
| **Computerized Research Total** | | | | **$228.00** | |
| 1/17/2006 | David Wilson | 1 | 348.93 | $348.93 | SUPPLIES - GORDON MORRIS EXPENSE REIMBURSEMENT |
| **Supplies Total** | | | | **$348.93** | |
| **GRAND TOTAL** | | | | **1,411.92** | |

delcost0106.xls