**Hearing Date and Time: May 9, 2006 at 10:00 a.m.**

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER<br>   & FLOM LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, Illinois 60606<br>(312) 407-0700<br>John Wm. Butler, Jr. (JB 4711)<br>John K. Lyons (JL 4951)<br>Ron E. Meisler (RM 3026) | O'MELVENY & MYERS LLP<br>1625 Eye Street, NW<br>Washington, DC 20006<br>(202) 383-5300<br>Robert A. Siegel (RS 0922)<br>Tom A. Jerman (TJ 1129)<br>Rachel S. Janger<br>Jessica Kastin (JK 2288) |
| SKADDEN, ARPS, SLATE, MEAGHER<br>   & FLOM LLP<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>Kayalyn A. Marafioti (KM 9632)<br>Thomas J. Matz (TM 5986) | GROOM LAW GROUP, CHTD<br>1701 Pennsylvania Avenue, NW<br>Washington, DC 20006<br>(202) 857-0620<br>Lonie A. Hassel |

Attorneys for Delphi Corporation, et al.,
   Debtor and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                      :
   In re                             :   Chapter 11
                                      :
DELPHI CORPORATION, et al.,     :   Case No. 05-44481 (RDD)
                                    :
                  Debtors.   :   (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DECLARATION OF JAMES K. GUGLIELMO<br>IN SUPPORT OF DELPHI'S MOTION FOR AUTHORITY TO REJECT<br>COLLECTIVE BARGAINING AGREEMENTS UNDER 11 U.S.C. § 1113(c) AND<br>MODIFY RETIREE WELFARE BENEFITS UNDER 11 U.S.C. § 1114(g)

I, James K. Guglielmo, declare and state as follows:

1. I submit this declaration in support of Delphi's Motion For Authority to Reject Collective Bargaining Agreements Under 11 U.S.C. § 1113(c) And Modify Retiree Welfare Benefits Under 11 U.S.C. § 1114(g) (the "Motion"). Any capitalized terms not expressly defined herein are intended to have the meanings ascribed to them in the Motion or accompanying memorandum of law, and references to Delphi herein include the Debtors, as appropriate. I submit this declaration in response to the IUE-CWA's Objection To The Motion. If I were called on to testify, I could and would testify to the facts set forth herein.

2. I am a managing director of FTI Consulting ("FTI") in its Corporate Finance practice. In this position, I provide accounting and financial services to both debtors and creditors in reorganization and bankruptcy matters. I have served as an advisor to companies as well as to secured lenders, unsecured creditors, and noteholder committees in these matters. These services have included development and review of turnaround plans and specific profit improvement opportunities; preparation of bankruptcy contingency plans; development of multiple year cash flow projections; collateral monitoring and divestiture of non-core assets; performance of due diligence procedures; and negotiations with secured lenders and other parties in interest.

3. FTI was retained by Delphi on or about August 1, 2005 to provide restructuring and financial advisory services in connection with preparing for a possible chapter 11 filing. FTI's assistance to Delphi included, but was not limited to, preparing first-day motions, obtaining debtor-in-possession financing, managing vendor issues, and advising on numerous other matters associated with the filing. Post-petition, FTI has continued to serve as restructuring and financial advisor to the Debtors, advising on a myriad of strategic, operational, and financial issues central

to the Debtors' reorganization, including assistance with informational and meeting requests of the financial advisors to the IUE-CWA and several other constituents.

I.  FTI's Role In Delphi's Information Sharing With Chanin Capital Partners ("Chanin") And The IUE-CWA

4.  In our role as financial advisors to Delphi, FTI was charged with interfacing with Chanin Capital Partners ("Chanin"), financial advisors to the IUE-CWA, coordinating their due diligence requests to Delphi, and relaying information provided by Delphi to Chanin. I was responsible for coordinating the information sharing with Chanin.

5.  Chanin first became involved in Delphi's information sharing process with the IUE-CWA in late December 2005. Delphi asked FTI to interact with and involve Chanin, one of the leading investment banks in the U.S., in the information sharing process to enable a more productive discussion of Delphi's financial status. As described on Chanin's website, Chanin has represented interested parties in numerous U.S. auto supplier bankruptcy cases, including the Aetna Industries, Inc., Hayes Lemmerz, JL French Automotive Castings, Inc., Collins & Aikman, and GenTek bankruptcies. With its knowledge of the basic economic factors affecting the auto supplier industry, Chanin should be well-equipped to advise the IUE-CWA on the situation with which Delphi is faced. In fact, FTI and Delphi believed that Chanin's involvement would be so productive and helpful that, in January 2006, Delphi agreed to compensate Chanin for its work on behalf of the IUE-CWA. The bankruptcy court approved Delphi's motion for authority to compensate Chanin.

6.  I disagree with many of the IUE-CWA's assertions regarding Delphi's response to Chanin's information requests, as set forth in the IUE-CWA's objection to the Motion. The IUE-CWA objection fails to address the significant amount of information sharing that occurred prior to and contemporaneously with Chanin's requests and omits discussion of many meetings and

3

calls that Chanin attended with FTI and Delphi. Delphi and FTI also have made themselves promptly available for any requests for conference calls or meetings. The IUE-CWA instead focuses on a small portion of information that it asserts Delphi has failed to timely supply, even though a significant amount of the information requested has been provided during the last several months, and FTI and Delphi continue to promptly respond to Chanin's more recent data requests. The IUE-CWA faults Delphi for failure to provide plant-by-plant specific information, despite Delphi's provision of plant-level information that was available. Because Delphi has not historically maintained plant-level information in any consistent and standard manner at its corporate headquarters, this information had to be gathered from divisional and plant facilities. Understandably, such a process takes some time and resources, yet Delphi remained committed to providing available relevant plant-by-plant information within a reasonable time frame. Moreover, to ensure that all information provided is complete, accurate and relevant, Delphi has, to the benefit of Chanin and the IUE-CWA, required all information be thoroughly reviewed to make certain that it is, in fact, the best information currently available. Delphi has therefore provided Chanin with a substantial amount of information − both preexisting as well as newly-created data − which information is sufficient to permit it to engage in a comprehensive analysis of Delphi, its financial projections, and its proposals.

II. <u>The Information Sharing Process With Chanin And The IUE-CWA</u>

    A.    <u>The IUE-CWA Has Access To Significant Amounts Of Information From Other Sources.</u>

    7.    As a member of the Unsecured Creditors' Committee ("UCC"), the IUE-CWA presumably receives regular reports with substantial information from Delphi and the legal and financial advisers to the UCC.

8. Delphi has filed a number of documents, as well as monthly operating reports, available to Chanin and the IUE-CWA, that provide both general background and detailed financial reporting.

9. Chanin and the IUE-CWA have been provided with the opportunity to have access to the electronic dataroom that Delphi has established for the benefit of its unions.

10. It is my understanding that the IUE-CWA, Chanin's employer, receives a significant amount of information at each facility it represents; therefore, it is also reasonable to expect that Chanin should have access to a substantial amount of financial information through its own client, the IUE-CWA. Notably, however, a number of Chanin's information requests have been for materials that it presumably could and should obtain from its client, the IUE-CWA, including, for instance, historical wage rates and benefit reductions at the IUE-CWA-represented facilities and hourly employee data for IUE-CWA-represented facilities.

B. <u>Delphi Timely Has Provided Chanin With Significant Amounts Of Relevant Information As A Result Of Chanin's Information Requests.</u>

11. The IUE-CWA's objection implies that Delphi failed to timely provide relevant information necessary to evaluate Delphi's proposals. This implication is wholly inaccurate, as I describe below.

1. <u>Delphi Provided Chanin With Significant Information In December 2005, Immediately After Chanin Became Involved In The Information Sharing Process.</u>

12. Chanin first became involved in Delphi's information sharing process with the IUE-CWA in late December 2005. Prior to that time, Delphi had already engaged in extensive information sharing with the Unions, including the IUE-CWA. To ensure that Chanin was in no way disadvantaged by its late entry, Delphi quickly provided Chanin with access to the Delphi Virtual Data Room, and presumably should have been given access to the materials that Delphi

had provided the IUE-CWA over the previous months, including the October 2005 and Competitive Benchmark Proposals and supporting financial information as identified in the proposals' cover letters, directly from their client, the IUE-CWA. In particular, Delphi provided the IUE-CWA with a working copy of Delphi's financial model, the provision of which, in my experience, is more than a debtor would typically provide to parties in interest, such as lenders or investors considering investment in the company, and far beyond what debtors have provided in other cases. Moreover, Delphi provided Chanin with hard copies of divisional financial presentational material presented during a two-day meeting in early December in Troy, Michigan with financial advisors from the other constituents such as the UCC, pre-petition lenders, and the UAW.

        2.        <u>Delphi Provided Chanin With Financial Models Underlying the Steady State Scenario As Well As The Revised Competitive Benchmark Scenario And The GM Consensual Proposals.</u>

        13.        On January 13, 2006, the Unions and their financial advisors were all provided with the completed Steady State Scenario Projections. They were also provided with detailed information regarding: (a) P&L Consolidation by Division, (b) Regional Overview by Division, (c) Year over year revenue analysis, (d) Material/freight and performance, (e) Manufacturing expense analysis, (f) Other COGS detail, (g) Employment - U.S. hourly employment by location, (h) Capital spending, and (i) GM North American Production volume assumptions. The Steady State Scenario projections provided on January 13, 2006 were then used as the projections underlying Delphi's Competitive Benchmark and GM Consensual models later provided to Chanin. Accordingly, Chanin has had since January 2006 the basic financial projections upon which Delphi's models have since been based.

14. The final version of a revised model of the Competitive Benchmark Scenario was completed near the end of March 2006 and was provided to Chanin and all other Unions and advisors. This production of information included an electronic copy of the dynamic financial model underlying: (a) the Steady State financial projections, (b) financial projections based on the November Competitive Benchmark Proposals, and (c) financial projections based on GM Consensual Proposals, as well as an analysis of the potential effect of the Special Attrition Program on Delphi's financial projections, and a bridge calculating the line-by-line differences between the Steady State financial projections and each of the Competitive Benchmark and GM Consensual Proposals.

15. Delphi and FTI have provided Chanin with many opportunities to address these materials and Chanin's questions and due diligence. As detailed in Exhibit A, Chanin participated in numerous meetings and calls, formal and informal, with both Delphi and FTI, to discuss and review the relevant information. For example, Chanin participated in a conference call on February 7, 2006 with FTI, Delphi, and others to discuss the Steady State Scenario. On March 13 and 14, 2006, Chanin attended two days of meetings at Delphi's corporate headquarters in Troy, Michigan to discuss various topics as requested by Chanin, including the historical labor relationship between Delphi and the IUE-CWA, Delphi's product portfolio process, financial reporting process, and IUE-CWA plant-specific financial and operational performance issues. As evidence of its commitment to provide responses to Chanin's requests for plant-specific data, Delphi made available several division finance personnel at the two-day meeting and during a conference call one week later on March 21, 2006 in order to address IUE-CWA-specific information issues. Additionally, on April 6, 2006, Chanin met with FTI and Delphi in New York to discuss Delphi's financial projections and models. Moreover, throughout

the past several months, FTI and Delphi have reiterated their commitment to make themselves available promptly for any requests for conference calls or meetings.

  C. <u>Delphi Promptly Responded To Chanin's Information Requests To The Fullest Extent Possible.</u>

16. The IUE-CWA's objection suggests that Delphi failed to respond in a timely and adequate manner to Chanin's information requests. IUE-CWA Mem. at 12-14. This suggestion is wholly inaccurate, as I describe below.

  1. <u>Delphi Has Timely Provided Chanin With Nearly All Of The Information Requested And All Information Requested That Is Available.</u>

17. The IUE-CWA's objection incorrectly asserts that Delphi has not responded to specific Chanin requests for information. In actuality, Delphi has responded to nearly all Chanin information requests (except for information requests only recently received, to which FTI has begun responding) and has provided the relevant information, when the information is available. Despite its allegations that responsive information was not provided to certain of its specific requests, Delphi has provided Chanin with the following information:

- On March 13, 2006, Delphi provided detailed financial and accounting plant data for all U.S.-based Delphi plants, including all IUE-CWA plants, for the years 2003-2005. This information had to be collected from various divisions and, as a result, necessarily reflects the varying methods and frequencies (monthly, quarterly, or annually) utilized by each division in maintaining this data.

- With this same data submission on March 13, 2006, Delphi responded to Chanin's request for divisional and corporate overhead allocations by plants. Such information was not available, however, for Packard division facilities, which did not submit this type of data in their reporting.

- Historical capital expenditure information, by plant with detailed descriptions, was previously provided for all other plants, except the Packard facilities, on March 13, 2006. On April 12, 2006, Delphi provided detailed 2005 capital expenditure data, by product line and plant, for all Packard facilities. Delphi also recently provided capital expenditure data by all product lines.

- During early January, 2006, Delphi granted Chanin access to Delphi's virtual data room, which contains all current national and local bargaining agreements for the

8

                   **Declaration of James K. Guglielmo**

IUE-CWA. Additionally, it is my understanding that Chanin's client, the IUE-CWA, should presumably have intimate familiarity with the history of all wage and benefit reductions and could reasonably be expected to provide Chanin with this information.

2. <u>Delphi Has Provided IUE-CWA Plant-Specific Information, When Available.</u>

18. The IUE-CWA's objection also incorrectly asserts that Delphi has not provided sufficient IUE-CWA plant-specific information. Delphi has used its best efforts to either promptly provide the requested information, when immediately available, or, when the information is not already in existence, to gather the relevant data and to organize it into a responsive form. Accordingly, Delphi has provided the following plant-specific information:

- In addition to the financial and accounting plant data provided on March 13, 2006 for all IUE-CWA plants, on April 12, 2006, Delphi provided additional financial detail for the Packard Division (IUE-CWA) facilities at Brookhaven, Mississippi, Clinton, Mississippi, and Warren, Ohio.

- As previously mentioned, Delphi provided detailed 2005 capital expenditure data by product line and plant, for all Packard facilities.

- As Chanin acknowledges, Delphi provided Chanin with plant-by-plant historical information. This information was provided in both hard copy on March 13, 2006 and electronic (pdf) form a few days later. Due to the voluminous amount of detail provided on certain pages, the hard copies contained small − but not illegible − script. The electronic versions, however, provide a magnifying functionality that should reasonably remedy any difficulties caused by the smaller print.

- On March 21, 2006, Delphi Packard finance representatives communicated to Chanin that the Packard Divisions do not, in the normal course of business, provide detailed plant-level cost information. Such data was therefore not readily available and would need to be constructed from various internal resources by Packard management. Packard completed this analysis and, on April 12, 2006 (eight days before the April 20, 2006 date alleged by Chanin), Delphi provided Chanin advisors with a break-down of Packard plant costs.

3. <u>A Small Amount Of The Information Requested By Chanin Cannot Be Provided Because It Does Not Exist.</u>

19. Additionally, certain information that the IUE-CWA has faulted Delphi for failing to provide is currently not in existence and cannot, therefore, be provided as a practical matter.

9

**Declaration of James K. Guglielmo**

In these instances, Delphi has used its reasonable best efforts either to promptly provide information that may be used by Chanin to calculate the specific data requested or to provide comparable alternative data. Delphi has informed Chanin accordingly and has done its best to address such information requests. For example:

- Delphi has informed Chanin, with respect to its January 10, 2006 request, that a precise division of "skilled" vs. "high production" vs. "low production" status per employee was not available. Based upon discussions with Delphi, FTI has twice communicated several alternative methodologies for achieving comparable classification splits to Chanin advisors, on March 27, 2006 and again on April 21, 2006.

- In support of Delphi's motion to reject certain GM contracts, Delphi performed loss contract analysis at the plant − not contract − level. Delphi was therefore unable to provide contract level profitability, as requested by Chanin on April 6, 2006. Delphi has, however, in fulfilling other Chanin information requests, provided comparable relevant data. For example, on January 31, 2006, Delphi provided a five-year plant profitability study, and on March 14, 2006, Delphi provided detailed financial and accounting plant data for all of its U.S. plants.

- With respect to Chanin's March 14, 2006 request, FTI communicated to Chanin that Delphi is currently in the process of accumulating additional corporate and divisional overhead data, which will be provided at its earliest completion. Notably, in requesting such information, Chanin communicated to FTI that its primary reason for requesting this data was to ascertain the amount of overhead allocated to IUE-CWA facilities − information that was previously provided as part of the 2003-2005 historical plant data.

- In response to Chanin's April 6, 2006 request, Delphi has been working to develop IUE-CWA-specific proposal valuations and expects to provide the valuations in the near future.

    4.    <u>Chanin Has Mischaracterized Its Own Requests For Certain Information.</u>

20. Delphi has responded fully to Chanin's information requests, as communicated to FTI. In its objection, however, the IUE-CWA mistakenly mischaracterizes certain Chanin requests. The burden is on Chanin to fully and clearly communicate open information requests in this very dynamic process. The following examples illustrate that, when the original and

10

**Declaration of James K. Guglielmo**

actual information request is considered, it is clear that Delphi has responded accurately to the request as communicated.

21. In response to Chanin's January 10, 2006 request for a summary of lost work, IUE-CWA concedes that Delphi provided Chanin with the lost work summary report on January 26, 2006. Delphi acknowledges that, although this report addressed almost all items initially requested by Chanin, it did not include the requested customer rationale. Despite frequent opportunities, Chanin, however, failed to bring this point to FTI or Delphi's attention. For example, on February 23, 2006, FTI and Delphi representatives had a phone call with Chanin representatives to discuss outstanding open items and newly received requests. At no point in the phone call did Chanin state that the customer rationale issue from the lost work summary report was still a necessary open item. Additionally, FTI and Delphi met with Chanin representatives on March 14, 2006 to discuss open items and, again, Chanin did not communicate to FTI that customer rationale remained a critical item in their view. FTI and Delphi thus remained unaware that they had not adequately met Chanin's initial request.

22. In response to Chanin's February 10, 2006 request, Chanin acknowledges that Delphi provided the requested product line information. Chanin, however, asserts that Delphi failed to provide a break-out between international and North American product profitability. This break-out request was not specified in Chanin's original information request, so once again, Delphi provided a response that it understood to be complete and adequate.

D. <u>Delphi Not Only Provided Chanin With Sufficient Information To Evaluate Its Proposals, But Also Provided Chanin With Sufficient Information To Evaluate Wage And Benefit Modifications Specific To The IUE-CWA.</u>

23. As discussed above, Delphi provided Chanin with sufficient information necessary to evaluate its proposals and responded promptly to requests for information relevant

11

**Declaration of James K. Guglielmo**

to these proposals. Delphi, however, also agreed to provide IUE-CWA-specific information, promptly responding to Chanin's information requests for historical and projected data specific only to the IUE-CWA. Delphi was able to compile the historical information maintained by its individual divisions and provided it to Chanin once it was as complete as possible and available. On a projected basis, the plant-specific data was also not immediately available. Delphi therefore worked with its plants to create the projected data and provided it, along with the historical data, once it was available.

24. Additionally, Delphi provided the IUE-CWA with multiple pennysheets illustrating Delphi's labor costs per hour, showing the breakdown of wages, wage-related expenses, and benefits in achieving the targeted labor cost. The IUE-CWA was provided with pennysheets: (a) on a corporate-wide basis, (b) on an IUE-CWA-specific basis, and (c) on an IUE-CWA site-by-site basis. Additionally, on April 17, 2006, Delphi provided Chanin with the Competitive Benchmark Proposals and GM Consensual Proposals' pennysheets. Delphi is currently in the process of creating IUE-CWA-specific pennysheets for the GM Consensual and Competitive Benchmark Proposals and will provide that to Chanin in the near term. The pennysheets, along with Delphi's projected headcount and hours at each facility, which have been provided to Chanin, form the basis for a simple calculation that Chanin can perform to determine the total savings provided by Delphi's "ask," by site or union.

25. In addition to providing the relevant pennysheet information, FTI and Delphi have worked with Chanin to answer any questions it may have about the pennysheets and the underlying financial data. Specifically, the pennysheets were discussed as part of the two-day meetings in Troy, Michigan on March 13 and 14, 2006. More recently, FTI and Delphi

**Declaration of James K. Guglielmo**

participated in a conference call on April 27, 2006 with Chanin to discuss the competitive pennysheets, along with the attrition proposals and the Consensual Scenario labor map.

26. To date, Delphi has produced more than 60 documents and files directly to Chanin relative to their specific due diligence requests. In addition, the IUE-CWA and Chanin have access to over seven hundred documents available on the Delphi Virtual Data Room. To the extent that Chanin has not received responses, it is largely because the information requests called for: (a) privileged information, (b) information Delphi did not maintain in the form sought, (c) information that was not yet available, but which will be provided if it does become available, or (d) information that does not exist at Delphi.

27. In sum, Chanin and the IUE-CWA were provided information that has timely permitted them to evaluate the proposals at or around the time the proposals were received by the IUE-CWA in March.

I declare under penalty of perjury, and pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 1st day of May, 2006

       /s/ James K. Guglielmo
       JAMES K. GUGLIELMO

Exhibit A

Delphi Meetings / Calls With Chanin

The following is a log of meetings and calls that FTI participated in with Delphi and Chanin.  In addition, there were additional calls and emails transmitted with Chanin to discuss the status of and/or clarification of their due diligence requests that have not necessarily been logged.

| | |
|---|---|
| 2/07/06 | Conference call with representatives from UAW, Lazard, Chanin, Alvarez & Marsal, Delphi, and FTI (R. Eisenberg) regarding review of Steady State scenario. |
| 2/16/06 | Meeting with Chanin (M. Rubin, J. Madden, A. DeFelice and S. Adrangi) and FTI (R. Eisenberg, J.Guglielmo) in New York, New York to discuss 2nd due diligence request list of documents dated 2-14-06 and discuss other general and informational items. |
| 2/23/06 | Conference call with Chanin (J. Madden, A. DeFelice, S. Adrangi), Delphi (B. Eichenlaub and J. Vitale), and FTI (J. Guglielmo, R. Fletemeyer) to discuss clarification of open items on previously received Chanin due diligence lists. |
| 3/7/06 | Conference call with Chanin (J. Madden) and FTI (J. Guglielmo) to discuss proposed agenda points and topics Chanin would like to discuss with Delphi management team members in Troy, Michigan for the next week. |
| 3/13/06 | Day 1 of two-day meetings in Troy, Michigan with Chanin (M. Rubin, J. Madden, A. DeFelice, S. Adrangi and A. Chatterjee), Delphi (A. Pasricha, S. Mitchell, J. Riedy, L. Marion, J. Sheehan, B. Eichenlaub, J. Vitale), and FTI (R. Eisenberg, J.Guglielmo) to discuss various topics including Delphi product line portfolio, specific financial and operation discussions on various IUE plants, Company financial reporting process and GM relationship discussions. |
| 3/14/06 | Day 2 of two-day meetings in Troy, Michigan with Chanin (M. Rubin, J. Madden, A. DeFelice, S. Adrangi and A. Chatterjee), Delphi (S. Salrin, T. Lechworth, C. Darby, R. Balgenorth, D. Kidd, B. Quick, J. Sheehan, S. Clark, B. Eichenlaub, J. Vitale), and FTI (R. Eisenberg, J.Guglielmo) to discuss various topics including open and already-provided Chanin request list items, product line level income statements, detailed labor and proposal-related discussions and general business matters. |
| 3/21/06 | Conference call with Chanin (J. Madden, A. DeFelice, S. Adrangi and A. Chatterjee), Delphi (N. Hotchkin, G. Siddall, M. Sabo and B. Eichenlaub), and FTI (J. Guglielmo, R. Fletemeyer) to discuss specific financial and operational topics on Packard IUE plants, Brookhaven, Mississippi, |

|  |  |
|---|---|
|  | Clinton, Mississippi, and Warren, Ohio , not discussed at prior weeks' two-day sessions in Troy, Michigan. |
| 4/6/06 | Meeting with Chanin (A. DeFelice, S. Adrangi), Delphi (J. Pritchett), and FTI (R. Eisenberg, M. Pokrassa, A. Emrikian) in New York, New York to discuss Delphi's financial projections and models. |
| 4/6/06 | Meeting in New York, New York with Chanin (M. Rubin), Delphi (K. Butler), and FTI (R. Eisenberg) to introduce K. Butler, review key concerns and issues raised by Chanin, discuss potential resolution and timing. |
| 4/27/06 | Call with Chanin (S. Adrangi, A. DeFelice and A. Chatterjee), Delphi (J. Pritchett, S. Clark, C. Darby, B. Eichenlaub and J. Vitale), and FTI (J. Guglielmo, R. Eisenberg) to discuss the attrition proposal, consensual scenario labor map and competitive pennysheets. |