WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
Glenn M. Kurtz (GK-6272)
Gerard Uzzi (GU-2297)
Douglas P. Baumstein (DB-1948)

Wachovia Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Thomas E Lauria (Admitted *Pro Hac Vice*)
Frank L. Eaton (FE-1522)
Ileana A. Cruz

ATTORNEYS FOR APPALOOSA
MANAGEMENT L.P., WEXFORD CAPITAL LLC,
PARDUS CAPITAL MANAGEMENT L.P., AND
LAMPE CONWAY & CO., LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| Delphi Corporation, et al. | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Debtors. | |

**DECLARATION OF FRANK L. EATON PURSUANT TO LOCAL BANKRUPTCY RULE 9077-1(A) IN SUPPORT OF EMERGENCY MOTION OF THE SHAREHOLDERS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 1102(a)(2) ENLARGING THE EQUITY COMMITTEE APPOINTED BY THE U.S. TRUSTEE**

FRANK L. EATON, hereby declares, under penalty of perjury, as follows:

1. I am an attorney at White & Case, LLP ("White & Case"), representing the interests of Appaloosa Management L.P., with and through certain of its affiliates (collectively, "Appaloosa"), Wexford Capital LLC, with and through certain of its affiliates (collectively, "Wexford"), Pardus Capital Management L.P., with and through certain of its

affiliates ("Pardus"), and Lampe Conway & Co., LLC, with and through certain of its affiliates (collectively "Lampe," and together with Appaloosa, Wexford, and Pardus, each a "Shareholder" and collectively, the "Shareholders"),[1] who are each beneficial owners of the issued and outstanding common stock of Delphi Corporation ("Delphi"), in the above-captioned chapter 11 cases of Delphi and certain of its affiliated debtors (collectively, the "Debtors").

2.      I submit this affidavit pursuant to Local Bankruptcy Rule 9077-1 in support of the emergency motion (the "Motion") of the Shareholders for entry of an order pursuant to sections 105(a) and 1102(a)(2) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") enlarging the Committee of Equity Security Holders (the "Equity Committee") appointed by the United States Trustee (the "U.S. Trustee") by directing the appointment of the Shareholders to serve as members.  I am personally familiar with the facts set forth below.

**EXPEDITED CONSIDERATION OF THE MOTION**

3.      Under normal circumstances, in order for a motion "to be heard at the next-scheduled Omnibus Hearing Date, a movant or applicant must file with this Court and serve such a Motion at least twenty days prior to the next-scheduled Omnibus Hearing Date."  Case Management Order, ¶ 10.[2]  On behalf of the Shareholders, however, I respectfully submit that expedited consideration of the Motion is appropriate for the reasons set forth herein.

4.      In the aggregate, the Shareholders, each of which is a sophisticated investor and a veteran of numerous chapter 11 cases, own nearly 20% of the issued and

---

[1]     Appaloosa beneficially owns approximately 9.3% of Delphi's issued and outstanding shares; Wexford beneficially owns approximately 3.2% of Delphi's issued and outstanding shares; Pardus beneficially owns approximately 4.7% of Delphi's issued and outstanding shares; and Lampe beneficially owns approximately 1% of Delphi's issued and outstanding shares.

[2]     Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, [Docket No. 2883] (as amended "Case Management Order").

MIAMI 651598 v1 (2K)                                     2

outstanding common stock of Delphi. Each of these Shareholders applied to serve on the Equity Committee; none were selected by the U.S. Trustee.

5.    Critical events in these chapter 11 cases are rapidly unfolding on issues which this Court directed that equity be given the opportunity to be heard. Specifically, as these chapter 11 cases have been touted as labor transformation cases, resolution of labor issues will have a significant—if not decisive—impact on the interests that the Shareholders should be given the opportunity to protect. In light of the fast approaching hearing scheduled for May 9, 2006 to consider rejection of certain collective bargaining agreements and elimination of retiree benefits (the "Section 1113/1114 Hearing"), the Shareholders should be allowed the opportunity to participate in the Equity Committee before the Equity Committee takes a position on critical labor issues.

6.    White & Case sought a consultation with the U.S. Trustee to request reconsideration of its decision not to appoint the Shareholders. The U.S. Trustee, however, declined to engage in such discussions. Given the significant impact these labor issues will have on the outcome of these cases, I respectfully submit that expedited consideration of the relief requested by the Motion is warranted.

**REQUEST FOR EMERGENCY HEARING**

7.    As this Court is aware, Appaloosa, Delphi's largest shareholder, single-handedly prosecuted the motion for the appointment of an equity committee over the objection of the Debtors, the official committee of unsecured creditors (the "Creditors' Committee"), the Debtors' pre-petition lenders, and the U.S. Trustee. In prosecuting the motion and conducting extensive discovery, Appaloosa expended a significant amount of resources through the retention of counsel and experts. Appaloosa's efforts ultimately resulted in a favorable decision by this

MIAMI 651598 v1 (2K)                                3

Court directing the U.S. Trustee to appoint an equity committee. Thereafter, each of the Shareholders formally requested appointment to the Equity Committee.

8. Rather than promptly forming an equity committee from Delphi's largest shareholders (as would have been consistent with customary practice, the language of section 1102(b)(2) of the Bankruptcy Code and the exigencies of these chapter 11 cases), the U.S. Trustee instead adopted the unprecedented, costly and time-consuming procedure of soliciting all of Delphi's over 300,000 shareholders for committee membership.

9. As a result of this process, not until the afternoon of Friday, April 28, 2006—a full twenty-eight days after the issuance of this Court's order directing the appointment of an equity committee—did the U.S. Trustee actually appoint the Equity Committee; it is a 7-member committee consisting of two institutional investors and five individuals. Conspicuously missing from the roster was Appaloosa and the other Shareholders, each of which submitted timely its application for membership to the Equity Committee.

10. In what we believe to be a first in the annals of bankruptcy history, a party that (i) requested the appointment of a committee, (ii) successfully obtained an order directing the appointment of such committee, (iii) has otherwise been active in the case protecting the interests of the constituency to be represented by such committee, and (iv) applied to be a member of such committee, was subsequently not offered the opportunity to be a member. The U.S. Trustee's failure to even make an inquiry to Appaloosa and the other Shareholders regarding their request to serve on the Equity Committee is troubling given the size of their holdings, their willingness to serve, and the clear direction under section 1102(b)(2) of the Bankruptcy Code that an equity committee should "ordinarily consist of the persons, willing to serve, that hold the seven largest amounts of equity securities."

11. On May 1, 2006, White & Case corresponded with the U.S. Trustee in a good faith effort to determine the possible grounds for the Shareholders' exclusion from the Equity Committee. In response, the U.S. Trustee simply noted that it would "not discuss the rationale behind the choice of members of committees, which is a privileged and confidential matter."

12. In addition, on May 3, 2006, White & Case contacted the Office of the U.S. Trustee to discuss the Shareholders' intent to file the instant Motion, and no response was given.

13. The Shareholders believe that the U.S. Trustee's failure to appoint some or all of the Shareholders to the Equity Committee is a clear abuse of discretion and respectfully request that the Court direct the U.S. Trustee to enlarge the Equity Committee through the appointment of the Shareholders.

14. No previous application has been made for the relief sought in the Motion.

15. Based upon the forgoing, and in particular the commencement of the Section 1113/1114 Hearing on May 9, 2006, I respectfully submit that expedited consideration of the Motion is appropriate.

Executed:   Miami, Florida
            May 3, 2006

      /s/ Frank L. Eaton
      Frank L. Eaton