HEARING DATE:    June 20, 2006 at 10:00 a.m.
OBJECTION DEADLINE: June 13, 2006 at 4:00 p.m.

JAECKLE FLEISCHMANN & MUGEL, LLP
12 Fountain Plaza
Buffalo, New York  14202-2292
(716) 856-0600
Ronald J. Kisicki
Joseph W. Allen (JA-4311)

*Intellectual Property Counsel for Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                                       :
In re:                                                 :          Chapter 11
                                                       :
DELPHI CORPORATION et al.,                             :          Case No. 05-44481 (RDD)
                                                       :
                              Debtors.                 :          (Jointly Administered)
                                                       :
-------------------------------------------------------x

## AMENDED NOTICE OF FIRST APPLICATION OF JAECKLE FLEISCHMANN & MUGEL, LLP FOR AN ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AS INTELLECTUAL PROPERTY COUNSEL FOR THE DEBTORS FOR THE PERIOD OCTOBER 8, 2005 THROUGH JANUARY 31, 2006 AND FOR REIMBURSEMENT OF EXPENSES

**PLEASE TAKE NOTICE** that on April 28, 2006 Jaeckle Fleischmann & Mugel,

LLP ("JF&M"), as intellectual property counsel to Delphi Corporation ("Delphi") and certain of

its subsidiaries and affiliates, Debtors and Debtors in Possession in the above-captioned cases

(collectively, the "Debtors"), filed its first application for an allowance of interim compensation

for professional services rendered to the Debtors for the period October 8, 2005 through and

including January 31, 2006 and for reimbursement of expenses incurred in connection with such

services (the "Application").  **Further, on May 3, 2006, JF&M filed a Supplemental
Submission to its First Interim Fee Application downwardly adjusting the compensation
and expenses requested to exclude the period February 1, 2006 through February 28, 2006
which is outside the correct Compensation Period of October 8, 2005 through January 31,
2006.**

**PLEASE TAKE FURTHER NOTICE,** that a hearing to consider approval of
the Motion will be held on June 20, 2006, at 10:00 a.m. (Prevailing Eastern Time) (the
"Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the
Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE,** that any interested person who wishes
to receive a complete copy of the application and who cannot otherwise access same through the
Court's website, or the Debtors' "virtual docket" website, may request a copy by contacting the
applicant through its undersigned counsel.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to approval of
the Application (a) must be in writing, (b) must conform to the Federal Rules of Bankruptcy
Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Order
under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014
Establishing (i) Omnibus Hearing Dates, (ii) Certain Notice, Case Management, and
Administrative Procedures, and (iii) Scheduling an Initial Case Conference in Accordance with
Local Bankr. R. 1007-2(e) (the "Case Management Order") (Docket No. 245), (c) must be filed
with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered
users of the Bankruptcy Court's case filing system must file electronically, and all other parties-

in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format), (d) must be submitted in

hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States

Bankruptcy Judge, and (e) must be served upon:  (i) Delphi Corporation, 5725 Delphi Drive,

Troy, Michigan 48098 (Attn:  General Counsel); (ii) counsel for the Debtors, Skadden, Arps,

Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, IL 60606 (Attn:

John Wm. Butler, Jr., Esq.); (iii) conflicts counsel for the Debtors, Togut, Segal & Segal LLP,

One Penn Plaza, New York, New York 10119 (Attn:  Albert Togut, Esq. and Neil Berger, Esq.);

(iv) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher &

Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Attn:  Kenneth S. Ziman,

Esq.); (v) counsel for the agent under the Debtors' postpetition credit facility, Davis Polk &

Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn:  Marlane Melican, Esq.);

(vi) counsel for the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885

Third Avenue, New York, New York 10022 (Attn:  Robert J. Rosenberg, Esq. and Mark A.

Broude, Esq.); (vii) the applicant, Jaeckle Fleischmann & Mugel, LLP, 12 Fountain Plaza,

Buffalo, New York 14202-2292 (Attn:  Joseph W. Allen, Esq.); and (viii) the Office of the

United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100,

New York, New York 10004 (Attn:  Alicia M. Leonhard, Esq.), in each case so as to be **received**

no later than **4:00 p.m. (Prevailing Eastern Time) on June 13, 2006** (the "Objection

Deadline").

PLEASE TAKE FURTHER NOTICE that only those timely-written objections

made in accordance herewith, and timely filed and received by the Objection Deadline will be

considered by the Bankruptcy Court, and that if no objections to the Application are timely filed

and served the Bankruptcy Court may enter an order granting the Application without further

notice.

Dated:    Buffalo, New York
          May 3, 2006

                          JAECKLE FLEISCHMANN & MUGEL, LLP
                          Intellectual Property Counsel for the Debtors
                          and Debtors in Possession

                          s/Joseph W. Allen
                          Ronald J. Kisicki
                          Joseph W. Allen (JA-4311)
                          12 Fountain Plaza
                          Buffalo, New York  14202-2292
                          Tel:  (716) 856-0600
                          Email:  jallen@jaeckle.com

804225

HEARING DATE:    June 20, 2006 at 10:00 a.m.
OBJECTION DEADLINE: June 13, 2006 at 4:00 p.m.

JAECKLE FLEISCHMANN & MUGEL, LLP
12 Fountain Plaza
Buffalo, New York  14202-2292
(716) 856-0600
Ronald J. Kisicki
Joseph W. Allen (JA-4311)

*Intellectual Property Counsel for Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                                       :
In re:                                                 :        Chapter 11
                                                       :
DELPHI CORPORATION et al.,                             :        Case No. 05-44481 (RDD)
                                                       :
                        Debtors.                       :        (Jointly Administered)
                                                       :
-------------------------------------------------------x


## FIRST INTERIM FEE APPLICATION OF
## JAECKLE FLEISCHMANN & MUGEL, LLP
## FOR ALLOWANCE OF COMPENSATION FOR
## SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES

AMENDED SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE
GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES DURING THE COMPENSATION PERIOD OF
OCTOBER 8, 2005 THROUGH JANUARY 31, 2006 FILED UNDER 11 U.S.C. § 330


Name of Applicant:                           Jaeckle Fleischmann & Mugel, LLP

Period for Which Compensation
And Reimbursement is Sought:                 October 8, 2005 through January 31, 2006

Authorized to Provide
Professional Services to:                    Debtors

Date of Retention:                           March 9, 2006 effective nunc pro tunc to
                                             October 8, 2005

HEARING DATE: June 20, 2006 at 10:00 a.m.
OBJECTION DEADLINE: June 13, 2006 at 4:00 p.m.

Amount of Compensation and
Expense Reimbursement Sought
As Actual, Reasonable and Necessary:

First Interim Application Period              Fees Requested:        $187,627.50
October 8, 2005 through January 31, 2006     Expenses Requested:  $ 38,020.71
**Total Fees and Expenses Sought in First**
**Interim Application Period:**                                        $225,648.21

Breakdown of Fees and Expenses Requested for this Compensation Period:

Expenses

Expenses Requested and Paid to date …………………….. $ 37,139.75
Expenses Requested but Unpaid to date ………………… $      880.96
Total Expenses Requested to date ……………………………………$ 38,020.71

Fees

Fees Requested and Paid to date (at 80%) ……………….. $ 95,660.80
Fees Requested but Unpaid to date (at 80%) ……………. $ 54,441.20
Fees Held Back (20%) ………………………………….$ 37,525.50
Total Fees Sought for this Compensation Period ……………………….$187,627.50

Total Fees and Expenses for this Compensation Period ………………..$225,648.21

804229

HEARING DATE:    June 20, 2006 at 10:00 a.m.
OBJECTION DEADLINE:  June 13, 2006 at 4:00 p.m.

JAECKLE FLEISCHMANN & MUGEL, LLP
12 Fountain Plaza
Buffalo, New York  14202-2292
(716) 856-0600
Ronald J. Kisicki
Joseph W. Allen (JA-4311)

*Intellectual Property Counsel for Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                             :
In re:                                       :          Chapter 11
                                             :
DELPHI CORPORATION et al.,                   :          Case No. 05-44481 (RDD)
                                             :
                           Debtors.          :          (Jointly Administered)
                                             :
-------------------------------------------------------x

# *SUPPLEMENTAL SUBMISSION*

### TO THE FIRST INTERIM FEE APPLICATION
### OF JAECKLE FLEISCHMANN & MUGEL, LLP,
### INTELLECTUAL PROPERTY COUNSEL TO DEBTORS,
### FOR INTERIM ALLOWANCE OF COMPENSATION
### AND REIMBURSEMENT OF EXPENSES
### FOR THE PERIOD OCTOBER 8, 2005 THROUGH JANUARY 31, 2006

Jaeckle Fleischmann & Mugel, LLP ("JF&M"), Intellectual Property Counsel to

Delphi Corporation and certain of its subsidiaries and affiliates, debtors-in-possession in the

above captioned cases (collectively, the "Debtors"), pursuant to sections 330 and 331 of title 11

of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), submits this **SUPPLEMENTAL**

**SUBMISSION** to its First Interim Fee Application for interim allowance of reasonable

compensation for actual and necessary professional services performed by JF&M and for actual,

reasonable and necessary expenses covering the Compensation Period of October 8, 2005

through January 31, 2006. JF&M's First Interim Fee Application filed on April 28, 2006

erroneously included compensation and reimbursement amounts outside the Compensation

Period of October 8, 2005 through January 31, 2006. Specifically, the First Interim Fee

Application filed on April 28, 2006 included compensation and reimbursement amounts for the

month of February, 2006. This **SUPPLEMENTAL SUBMISSION**, to be considered

conjunctively with the First Interim Fee Application filed on April 28, 2006, adjusts downwardly

the amounts stated in the First Interim Fee Application filed on April 28, 2006. Thus, JF&M

submits this **SUPPLEMENTAL SUBMISSION** conjunctively with its First Interim Fee

Application for interim allowance of reasonable compensation for actual and necessary

professional services performed by JF&M in the aggregate amount of $187,627.50, for the

period October 8, 2005 through January 31, 2006 (the "Compensation Period"), and for

reimbursement of its actual, reasonable and necessary expenses in the aggregate amount of

$38,020.71 incurred during the Compensation Period, for a total of $225,648.21, and respectfully

states:

## BACKGROUND

      1.      On April 28, 2006, JF&M filed its First Interim Fee Application for

interim allowance of reasonable compensation for actual and necessary professional services

performed by JF&M and for actual, reasonable and necessary expenses. JF&M's First Interim

2

Fee Application included compensation and expenses outside the Compensation Period.

Specifically, it included compensation and expenses for the month of February, 2006.

Consequently, the amounts stated for compensation and expenses in its First Interim

Compensation Application must be reduced, as set forth herein, so as not to include the amounts

for the month of February, 2006.

### JURISDICTION

2.      This Court has jurisdiction over the First Interim Fee Application as well

as this **SUPPLEMENTAL SUBMISSION** pursuant to U.S.C. § 157. This is a core proceeding

under 28 U.S.C. §157 (b)(2)(A). The statutory authority for the relief requested in this First

Interim Fee Application is Bankruptcy Code sections 330 and 331.

### SUMMARY OF REQUESTED PROFESSIONAL COMPENSATION AND EXPENSE REIMBURSEMENTS FOR THE CORRECTED COMPENSATION PERIOD OF OCTOBER 8, 2005 THROUGH JANUARY 31, 2006

3.      The First Interim Fee Application and this **SUPPLEMENTAL**

**SUBMISSION** have been prepared in accordance with the Amended Guidelines for Fees and

Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by

the Court on April 19, 1995 (the "Local Guidelines"), the United States Trustee Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), and the Order Under 11

U.S.C. §331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses

of Professionals dated November 4, 2005 (the "Interim Compensation Order", collectively with

the Local Guidelines and UST Guidelines, the "Guidelines"). Pursuant to the Local Guidelines, a

certification regarding compliance with same is attached hereto as **Exhibit A.**

4.     JF&M has provided and continues to provide to the Debtors, in connection

with the Debtor's Intellectual Property, certain professional services including preparing and

filing patent applications, preparing and filing responses to office actions received from the U.S.

and foreign patent offices, preparing and filing appeals in the U.S. Patent Office, conducting

searches, providing opinions and otherwise advising Debtors in Intellectual Property matters.

5.     JF&M is paid for its legal services on an hourly basis.  Prior to October 8,

2005, with respect to transactional work, such as preparing and filing patent applications,

preparing and filing responses to office actions, and preparing and filing appeals, JF&M's

accepted practice for billing for compensation and expenses was to hold the bill until filing of the

particular application, response or appeal was completed and filed with the Patent Office.  Then,

only for the particular transactional work completed and filed in the prior month, a bill would be

sent for payment of compensation and expenses in the month following completion of the filing.

6.     With respect to all other non-transactional work, such as for conducting

searches, providing opinions and advising in Intellectual Property matters, compensation and

expenses would be billed for payment in the month following the month in which the work was

performed.

7.     In accordance with the billing practices set forth in paragraphs 5 and 6,

and responsive to the Interim Compensation Order dated November 4, 2005, JF&M sought

payment of compensation and expenses in a "First Statement" (dated March 24, 2006) covering

the period of October 8, 2005 through January 31, 2006, and in a "Second Statement" (dated

March 31, 2006) covering the period of February 1, 2006 through February 28, 2006.

      8.     Shortly thereafter, JF&M learned that, in accordance with a proper

interpretation of the Interim Compensation Order, interim bills for compensation and expenses

must be submitted monthly and must include <u>all</u> work performed in the prior month, not just the

work completed <u>and filed</u> in the prior month.  That is, it was incorrect to continue to bill for

transaction work (filing applications, responses and appeals) in accordance with paragraph 5.

Consequently, in a "Third Statement" dated April 18, 2006, JF&M sought payment for the

balance of transactional work started but not completed during the period of October 8, 2005

through February 28, 2006.  Copies of the First Statement dated March 24, 2006, the Second

Statement dated March 31, 2006 and the Third Statement dated April 18, 2006 were attached as

Exhibit E to JF&M's First Interim Fee Application.

      9.     JF&M's First Interim Fee Application filed on April 28, 2006 was correct

to the extent that it included all work performed, whether the work was filed or not, but was

incorrect to the extent that it contained amounts for compensation and expenses incurred during

February, 2006.  Consequently, this **SUPPLEMENTAL SUBMISSION** is filed to correct the

amounts stated in the First Interim Fee Application by a downward adjustment of the amounts

stated equal to the amounts incurred for compensation and expenses during February, 2006.

      10.    Referring to the First Statement dated March 24, 2006, since it covers the

Compensation Period of October 8, 2005 through January 31, 2006, the entries made for

compensation and expenses as reported in Paragraph 6 of the First Interim Fee Application are

correctly stated and need not be amended.

11.    However, since the Second and Third Statements submitted for payment
March 31, 2006 and April 18, 2006, respectively, contain entries for compensation and expenses
both within the Compensation Period and outside the Compensation Period, corrections to the
Second and Third Statements must be made.

12.    Attached as **Exhibit B** is a corrected Second Statement.  The marked
Second Staement is identical to the Second Statement that was attached to the First Interim Fee
Application as Exhibit E except that entries for compensation and expenses occurring during the
month of February have been stricken.

13. The following table summarizes the corrected amounts billed in the Second
Statement (**Exhibit B**) for the corrected Compensation Period October 8, 2005 through January
31, 2006:

Compensation:

      80% ……………………………………… $18,667.20

      20% (held back)  ……………………… $ 4,666.80

      Total Compensation Amount ………..……………………… $23,334.00

Expenses:

      Total Amount………..………………………………………  $   530.96

Total Compensation and Expenses …………………………………...$23,864.96

14.    Attached as **Exhibit C** is a corrected Third Statement.  The marked Third
Statement is identical to the Third Statement that was attached to the First Interim Fee

Application as Exhibit E except that entries for compensation and expenses occurring during the

month of February have been stricken.

        15. The following table summarizes the corrected amounts billed in the Third

Statement (**Exhibit C**) for the corrected Compensation Period October 8, 2005 through January

31, 2006:

Compensation:

        80% ……………………………………. $35,774.00

        20% (held back) ……………………… $ 8,943.50

        Total Compensation Amount…………………………………. $44,717.50

Expenses:

        Total Amount  …………………………………………… $  350.00

        Total Compensation and Expenses …..………………….$45,067.50

        16.    JF&M has sought interim compensation and reimbursement of expenses

covering this Compensation Period (October 8, 2005 through January 31, 2006) by submission

of the First, Second and Third Statements in accordance with the Interim Compensation Order.

JF&M has received payment in accordance with the Interim Compensation Order for the First

Statement in the amount of $95,660.80.  An amount of $23,915.20, representing 20% of the total

fees billed for professional services in the First Statement, was held back pursuant to the Interim

Compensation Order.  JF&M has also received the amount of $37,139.75 for expenses (which

represents One Hundred Percent (100%) of the First Statement's incurred expenses).

17.    However, as of this date, JF&M has not yet received payment for

compensation and expenses incurred during the Compensation Period from the Second

Statement in the amounts of $18,667.20 for professional services (which represents Eighty

Percent (80%) of the Second Statement's fees incurred only during the Compensation Period of

October 8, 2005 through January 31, 2006) and $530.96 for expenses (which represents One

Hundred Percent (100%) of the Second Statement's expenses incurred only during the

Compensation Period of October 8, 2005 through January 31, 2006) and, for the Third

Statement,  in the amounts of $35,774.00 for professional services (which represents Eighty

Percent (80%) of the Third Statement's fees incurred only during the Compensation Period of

October 8, 2005 through January 31, 2006) and $350.00 for expenses (which represents One

Hundred Percent (100%) of the Third Statement's expenses incurred only during the

Compensation Period of October 8, 2005 through January 31, 2006) as of the date of this

**SUPPLEMENTAL SUBMISSION**.


18.    JF&M anticipates that the remaining $4,666.80, which represents the

remaining Twenty Percent (20%) of JF&M's fees for professional services incurred during the

corrected Compensation Period and billed on the Second Statement, and the remaining

$8,943.50, which represents the remaining Twenty Percent (20%) of JF&M's fees for

professional services incurred during the corrected Compensation Period and billed on the Third

Statement will be held back by the Debtors pursuant to the Interim Compensation Order pending

the Court's order on this First Interim Fee Application and **SUPPLEMENTAL SUBMISSION**.

Thus, JF&M seeks approval and payment of said Twenty Percent (20%) holdback at this time in

the amounts of $23,915.20 for the First Statement, $4,666.80 for the Second Statement, and

$8,943.50 for the Third Statement, for a total of $37,525.50, in addition to approval and

8

allowance, in full, of JF&M's expenses for services which JF&M rendered during the

Compensation Period of October 8, 2005 through January 31, 2006.

19.     The fees sought by this First Interim Fee Application and

**SUPPLEMENTAL SUBMISSION** covering the Compensation Period of October 8, 2005

through January 31, 2006 reflect an aggregate of 974 hours of timekeeper's (attorneys, agents

and legal assistants) time spent and recorded in performing services for the Debtors during the

Compensation Period. This fee request does not include time that might be construed as

duplicative or otherwise not beneficial to the estate. Of the aggregate time expended, 286.3

recorded hours were expended by partners, 356.0 recorded hours were expended by associate

attorneys, 320.8 recorded hours were expended by patent agents and 10.9 recorded hours were

expended by Legal Assistants.

20.     During the Compensation Period, JF&M's hourly billing rates for patent

agents and attorneys working on these matters ranged from $160.00 to $250.00 per hour.

Allowance of compensation in the amount requested would result in a blended hourly billing rate

for attorneys and agents of approximately $193.00. Applicant believes that the services rendered

by JF&M have conferred significant benefit on the bankruptcy estate.  Applicant believes that its

billing rates in these Chapter 11 cases, which reflect Applicant's customary billing rates, are

"reasonable billing rates" for purposes of this Court's determination of the "reasonableness" of

the fees for services rendered. JF&M's customary billing rates (and the fact that these rates are

subject to annual adjustment in accordance with JF&M's standard practices) were disclosed in

the retention papers, approved by this Court. The rates charged by Applicant are reasonable and

are consistent with customary rates charged by similar firms. If this case were not a case under

the Bankruptcy Code, Applicant would charge and expect to receive, on a current basis, an

amount at least equal to the amounts requested herein for professional services.

21.    Pursuant to the Guidelines, annexed hereto as **Exhibit D** is a schedule

setting forth all JF&M's timekeepers who have performed services in these Chapter 11 cases

during the Compensation Period between October 8, 2005 and January 31, 2006, the hourly

billing rate charged for services performed by each timekeeper, the aggregate number of hours

expended in this matter and fees billed therefor, the year in which each attorney was first

licensed to practice law (or, in the case of patent agents, the year first licensed to practice before

the US Patent Office) and the year in which each attorney graduated from law school.

22.    Pursuant to the Guidelines, annexed hereto as **Exhibit E** is a summary by

project category of the fees generated by the services performed during the Compensation Period

between October 8, 2005 and January 31, 2006 and for each project category, a list of each

timekeeper providing services, a statement of the number of hours spent and the amount of

compensation requested for each timekeeper on the project.

23.    Annexed hereto as **Exhibit F** is a schedule specifying the categories of

expenses for which JF&M is seeking reimbursement and the total amount for each such expense

category.

24.    All of the services for which interim compensation is sought were

rendered to the Debtors solely in connection with these cases, in furtherance of the duties and

functions of the Debtors and not on behalf of any individual creditor or other person.

25.    JF&M has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

26.    JF&M has neither shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the members and associates of the firm, or (b) any compensation another person or party has received or may receive. No promises have been received by JF&M or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

27.    JF&M has served its monthly fee statements to:  (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004, Att'n: Alicia M. Leonhard ("the U.S. Trustee"), (iv) counsel for the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022-4802 (Att'n: Robert J. Rosenberg), (v) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n: Marissa Wesley, Esq.), and (vi) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Marlane Melican) [1]. As of the date of this Interim Application no objections have been raised.28.

---

[1] As of the date of filing of the SUPPLEMENTAL SUBMISSION, JF&M is not aware of any committee appointed for the purpose of reviewing fees and expenses and consequently there was no such committee for JF&M to serve in accordance with the Interim Compensation Order.

11

28.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period between October 8, 2005 and January 31, 2006, but were not processed prior to the preparation of this Interim Application, JF&M reserves the right to request additional compensation for such services and reimbursement of such expenses.

29.     A proposed order is attached hereto as **Exhibit G**.

## STATUTORY BASIS FOR RELIEF SOUGHT

30.     The statutory basis for the relief sought herein was recited in JF&M's First Interim Fee Statement, paragraph 21.

## SUMMARY OF SERVICES PROVIDED AND EXPENSES INCURRED

31.     JF&M has rendered substantial professional services on behalf of the Debtors including advising and counseling debtors regarding intellectual property issues, assisting in the management of Debtors' patent portfolio, evaluating inventions, and drafting, filing and prosecuting of numerous patent applications, office actions and appeals.

## AMOUNT APPLICANT HAS SOUGHT AND RECEIVED

32.     Applicant has not previously filed an interim application with the Court, however Applicant has submitted monthly statements to the appropriate parties as required by this Court's Interim Compensation Order, pursuant to which Applicant is supposed to receive 80% of the fees and 100% of the expenses identified in each monthly statement, (assuming that

there are no objections to said monthly statements). To date, Applicant has not received any

compensation as a result of the filing of the aforementioned monthly statements other than the

amounts noted in paragraph 15.

## CONCLUSION

33.      WHEREFORE, JF&M respectfully requests that this Court enter an order

(i) approving and allowing JF&M's application for compensation for professional services

rendered during the Compensation Period between October 8, 2005 and January 31, 2006 in the

amount of $187,627.50, and reimbursement for actual and necessary expenses incurred during

the Compensation Period between October 8, 2005 and January 31, 2006 in the amount of

$38,020.71, for a total of $225,648.21; (ii) authorizing and directing the Debtors to forthwith pay

to JF&M the full $225,648.21 or, if applicable, the difference between the amount allowed

hereunder and the amounts (if any) previously paid to JF&M; and (iii) granting such other and

further relief as is proper.

Respectfully submitted,

JAECKLE FLEISCHMANN & MUGEL, LLP
Intellectual Property Counsel for the Debtors
and Debtors in Possession

s/Joseph W. Allen
Ronald J. Kisicki
Joseph W. Allen (JA-4311)
12 Fountain Plaza
Buffalo, New York  14202-2292
Tel:  (716) 856-0600
Email:  jallen@jaeckle.com

Dated:  May 3, 2006

804230

13