# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CERTIFICATION PURSUANT TO LOCAL RULES AND U.S. TRUSTEE**
**GUIDELINES FOR FEES AND DISBURSEMENTS**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

Aaron R. Marcu, being duly sworn, deposes and says:

      1.  I am a partner of the firm of Covington & Burling ("**Covington**"), which maintains offices for the practice of law at, among other places, 1330 Avenue of the Americas, New York, New York 10019.

      2.  I am the professional designated by Covington in compliance with the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "**Local Guidelines**"), the United States Trustee Guidelines for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "**U.S. Trustee Guidelines**"), and the Court's Order Under 11 U.S.C. §§ 331 (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and (II) Setting a Final Hearing Thereon (the

"**Interim Compensation Order**" and, collectively with the Local Guidelines and the U.S. Trustee Guidelines, the "**Guidelines**").

    3.    I make this certification in respect of Covington's first interim application for compensation for services rendered and reimbursement of expenses incurred for the period from October 8, 2005 through January 31, 2006 (the "**Application**") in accordance with the Guidelines.

    4.    With respect to section B.1 of the Local Guidelines, I certify that:

    a)    I have read the Application;

    b)    To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Guidelines;

    c)    Except to the extent that fees and disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed in accordance with practices customarily employed by Covington and generally accepted by Covington's clients; and

    d)    In providing a reimbursable service, Covington does not make a profit on that service, whether the service is performed by Covington in-house or through a third party.

    5.    In respect of section B.2 of the Local Guidelines, I certify that Covington has been providing, on a monthly basis, statements of Covington's fees and disbursements for each month in accordance with the procedures approved by this Court in the Interim Fee Order and as otherwise agreed to with the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**" or the "**Company**") and the Office of the United States Trustee.

    6.    In respect of section B.3 of the Local Guidelines, I certify that copies of the Application are being provided to (a) the United States Trustee for the Southern District of New York; (b) attorneys for the Debtors; (c) the Debtors and (d) attorneys for the statutory committee of unsecured creditors. The Debtors have consented to the filing of this Application.

2

7. On March 9, 2006, effective *nunc pro tunc* to October 8, 2005 (the "**Petition Date**"), this Court entered an Order under 11 U.S.C. §§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 Authorizing Employment and Retention of Covington & Burling as Foreign Trade and Special Corporate Committee Legal Counsel to Debtors (Docket # 2769), authorizing the employment of Covington as foreign trade and special corporate committee legal counsel to the Debtors.

8. In this capacity, Covington has: (a) advised and assisted the Company on U.S. foreign trade controls, including the scope, applicability, licensing, and compliance requirements under the International Traffic in Arms Regulations, Directorate of Defense Controls, U.S. Department of State; (b) advised a Special Committee (the "**Special Committee**") of the Company's Board of Directors (the "**Board**") in connection with demands which have been or may be made by Delphi shareholders with regard to various accounting issues now under investigation and in litigation; (c) advised the Special Committee in connection with the process utilized by management and the Audit Committee to select a new external auditor; and (d) advised the Company regarding indemnification of and advancement of funds to certain directors and officers.

9. This affidavit is submitted pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure in connection with Covington's First Interim Application for: (a) allowance of compensation for services rendered as foreign trade and special corporate committee legal counsel to the Debtors from October 8, 2005, through January 31, 2006, inclusive; and (b) the reimbursement of expenses incurred in connection therewith.

10. No agreement or understanding exists between Covington and any person for a division of compensation or reimbursement received or to be received herein or in connection with the Debtors' chapter 11 cases.

11. As of the date of this application, Covington has received no payment or promise of payment for the services rendered in these chapter 11 cases.

12. As detailed in the Debtors' Application for Order under 11 U.S.C. §§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 Authorizing Employment and Retention of Covington & Burling as Foreign Trade and Special Corporate Committee Legal Counsel to Debtors (Docket No. 2424), prior to the Petition Date, Covington performed numerous services for the Debtors. As a result of these prepetition services, Covington was owed, and continues to be owed, approximately $263,559.79. No portion of this amount has been included within either the compensation or expenses requested pursuant to Covington's first interim application for fees and expenses, attached hereto. Covington will seek allowance of a prepetition claim for these amounts at the proper time.

                                                /s/ Aaron R. Marcu
                                                    Aaron R. Marcu

Sworn to before me this
27th day of April, 2006

Kathryn A. Goldberg

Notary Public, State of New York
No. 02GO6133891
Qualified in New York County
Commission Expires Sept. 19, 2009

4