IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re:                                                     )
                                                           )   Chapter 11
      DELPHI AUTOMOTIVE SYSTEMS, LLC,          )   Case No. 05-44481
A wholly owned subsidiary of DELPHI CORP.                  )
                Debtor.                      )   Schedule No. 1608518

NOTICE OF TRANSFER OF CLAIM
PURSUANT TO BANKRUPTCY RULE 3001(e) (1)

To:     Transferor:     Energy Conversion Systems Holdings
                        One Morganite Drive
                        Dunn, NC 28334
                        Attention: Lyle Lohmeyer

**Your total general unsecured claim against the Debtor, known as Schedule Number 1608518 in the amount of $1,377,687 has been transferred to:**

Transferee:             SPCP GROUP, L.L.C.
                        2 Greenwich Plaza
                        Greenwich, CT  06830
                        Attention: Brian Jarmain

     No action is required if you do not object to the transfer of your claim. However, IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:

- **FILE A WRITTEN OBJECTION TO THE TRANSFER with:**
   Clerk of the Court
   United States Bankruptcy Court for the
   Southern District of New York
   One Bowling Green
   New York, NY  10004

- **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE:**
   Refer to INTERNAL CONTROL No. _____ in your objection.
   If you file an objection, a hearing will be scheduled.

**IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.**

                                                                           Clerk of the Court

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid, on _____, 2004.
INTERNAL CONTROL NO. _____
Copy: (check) Claims Agent_____    Transferee_____    Debtor's Attorney_____

                                                                             Deputy Clerk

**SILVER POINT CAPITAL**
**CONFIDENTIAL**

## ASSIGNMENT OF CLAIM

1. ENERGY CONVERSION SYSTEMS HOLDINGS COMPANY, its successors and assigns ("Assignor"), for good and valuable consideration the sufficiency of which is hereby acknowledged, hereby absolutely and unconditionally sells, transfers and assigns to SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., their successors and assigns ("Assignee"), as of the date of this Assignment of Claim, all right, title and interest in and to, or arising under or in connection with, certain claims of Assignor against Delphi Automotive Systems LLC, a wholly-owned subsidiary of Delphi Corp. (the "Debtor"), the debtor-in-possession in Case No. 05-44481 (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") arising prior to the filing of the Debtor's Chapter 11 petition in the aggregate amount of $1,377,687 (the "Assigned Claim Amount"), including without limitation, (i) all of Assignor's right, title and interest in and to any and all proofs of claim filed in respect of the Assigned Claim (collectively, the "Proofs of Claim"); (ii) all of Assignor's right, title and interest in said receivables, all agreements, instruments, invoices, purchase orders and other documents evidencing, or relating to the Assigned Claim (the "Documents"); (iii) all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing; and (iv) all other claims, causes of action against the Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing receivables, including, without limitation, all of Assignor's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing or under the Bankruptcy Code or otherwise (collectively, the "Assigned Claim").

2. Definitions. As used herein, (a) a "Final Order" shall mean an order of a court which has not been reversed, stayed, modified, amended or vacated and as to which (i) any appeal taken, petition for certiorari or motion for rehearing or reconsideration that has been filed, has been finally determined or dismissed or (ii) the time to appeal, seek certiorari or move for reconsideration or rehearing has expired and no appeal, petition for certiorari or motion for reconsideration or rehearing has been timely filed; (b) "Schedule of Liabilities" shall mean the Schedule of Liabilities prepared and filed by the Debtor in the Case pursuant to Section 521 of the Bankruptcy Code in accordance with Rule 1007 of the Bankruptcy Rules, and (c) "Business Day" means any day that is not a Saturday, Sunday, or any other day on which commercial banks in New York, New York are authorized or required by law to be closed.

3. Payment of Purchase Price.

(a) Within two (2) Business Days after the full execution of this Agreement, in accordance with the wire transfer instructions set forth on Schedule A hereto, Assignee shall pay to Assignor an amount (the "Purchase Price") equal to the rate of cents per dollar set forth as the "Unsecured Purchase Rate" on Schedule B (the "Unsecured Purchase Rate"), multiplied by the Assigned Claim Amount.

(b) In the event that any portion of the Assigned Claim Amount is allowed by the Debtor as a reclamation claim with administrative expense claim status ("Reclamation Claim"), within three business days after Assignee's receipt of a writing acknowledging such Reclamation Claim, Assignor shall pay Assignor via wire transfer a sum equal to the amount of the Reclamation Claim multiplied by the "Reclamation Purchase Rate" set forth on Schedule B (the "Reclamation Purchase Rate").

(c) Within two (2) Business Days after Assignee's receipt of a Final Order of the Bankruptcy Court allowing or acknowledging the Assigned Claim in an amount higher than the Assigned Claim Amount, Assignee shall have the obligation to purchase and make payment to Assignor for such increased claim amount (the "Excess Claim Amount"), up to but not exceeding the Proof of Claim Amount, at the appropriate purchase rate.

4. Assignor Representations and Warranties. Assignor represents and warrants to Assignee that: (i) it is duly authorized and empowered to execute and perform this Assignment of Claim; (ii) this Assignment of Claim constitutes a valid, legal and binding agreement of Assignor, enforceable against it in accordance with its terms; (iii) Assignor is the sole owner of and has good legal and beneficial title to the Assigned Claim, free and clear of all liens, claims, security interests or encumbrances of any kind or nature whatsoever, including without limitation, pursuant to any factoring or other financing agreement; (iv) Assignor has obtained and delivered to Assignee releases (in form and substance satisfactory to Assignee) by any secured party of any security interest in the Assigned Claim held by such party; (v) Assignor has not previously sold or assigned the Assigned Claim, in whole or in part, to any party; (vi) neither the execution, delivery or performance of this Assignment of Claim nor the consummation of the transactions contemplated hereby will violate any law, rule, regulation, order, agreement, or instrument affecting the Assignor or the Assigned Claim; (vii) the Assigned Claim is a valid, allowable, undisputed, noncontingent, liquidated claim in the Case in the amount of $1,377,687; (viii) no objections have been received by Assignor or threatened to Assignor in respect of the Assigned Claim; (ix) the Assigned Claim, or any portion thereof, is not subject to, or threatened with, an avoidance action under Section 547 of the Bankruptcy Code; (x) no payment has been received by or on behalf of Assignor in full or partial satisfaction of the Assigned Claim; (xi) Assignor has not engaged in any acts or conduct or made any omissions that will result in Assignee receiving proportionately less in payments or distributions under, or less favorable treatment (including the timing of payments or distributions) for, the Assigned Claim than is received by other parties holding general unsecured claims against the Debtor; (xii) Assignor is not an insider within the meaning of Section 101(31) of the Bankruptcy Code, and it is not now nor has it ever been a member of any creditors' committee appointed in the Case; (xiii) Assignor agrees to execute and deliver, or to cause to be executed and delivered, all such instruments and documents, and to take all such action as Assignee may reasonably request in order to effectuate the intent and purposes of, and to carry out the terms of, this Assignment of Claim; (xiv) Assignor has delivered to Assignee true, correct and complete copies of the Supporting Claim Documents; and (xv) Assignor has duly and timely filed, or will duly and timely file, a Proof of Claim in the Case in the amount of $1,603,515 (the "Proof of Claim Amount").

5. "Big Boy" Clause. Assignor is aware that the consideration being paid by Assignee hereunder may differ both in kind and amount from the amount ultimately distributed with respect to the Assigned Claim pursuant the Bankruptcy Code or otherwise. Assignor represents that it has adequate information concerning the financial condition of the Debtor and the Case to make an informed decision regarding the sale of the Assigned Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate, made its own decision to enter into this Assignment of Claim. Assignor and Assignee may each have access to or possess confidential material information regarding the Debtor not known to the other, including, without limitation, information received from the Debtor on a confidential basis or information received on a privileged basis from legal counsel and financial advisors representing the Debtor. Each party hereby waives any claim against the other party deriving from or relating to any assertion that they did not have access to the same confidential information. Assignor acknowledges that Assignee may receive on a current basis material non-public information about Debtor, which is not known by Assignor. Notwithstanding Assignee not disclosing such confidential information to Assignor, Assignor desires to enter into this Assignment of Claim and Assignee shall have no liability whatsoever to Assignor based on Assignee's use, knowledge, possession or non-disclosure of such information and Assignor releases Assignee from liability therefrom.

6. <u>Disallowance.</u> In the event that all or any part of the Assigned Claim for which Assignee has paid Assignor pursuant to this Assignment of Claim is determined by a Final Order to be invalid, disallowed, expunged or reduced (collectively, a "<u>Disallowance</u>"), Assignor agrees to immediately repay, on the request of and at the option of Assignee, an amount equal to (x)(A) that portion of the Assigned Claim subject to the Disallowance (the "<u>Disallowed Claim</u>") multiplied by (B) the appropriate purchase rate, plus (y) interest on such amount at the prime rate per annum, as set forth from time to time in the Wall Street Journal from the applicable date or dates of Assignee's payment to the date of repayment.

7. <u>Notices/Distributions.</u> Assignor agrees that in the event Assignor shall receive payments or distributions or notices with respect to or relating to the Assigned Claim after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of and for the sole benefit of Assignee, and shall promptly deliver the same forthwith to Assignee in the same form received (free of any withholding, set-off, claim or deduction of any kind), within five (5) Business Days in the case of cash and within ten (10) Business Days in the case of securities, which are in good deliverable form, with the endorsement of Assignor (without recourse, representations or warranties except as set forth herein) when necessary or appropriate. To the extent that the payment distribution made by the Debtor on account of the Assigned Claim is in the form of securities (the "<u>Securities Distribution</u>") and to the extent such Securities Distribution is issued in the name of Assignor, then within two (2) Business Days of Assignor's receipt of such Securities Distribution, Assignor shall take whatever steps are necessary to have such Securities Distribution reissued to or the ownership thereof transferred to Assignee.

8. <u>Indemnification.</u> Each party agrees to indemnify the other party from all losses, damages and liabilities, including attorney's fees and expenses, which result from such party's breach of any representations, warranties or covenants set forth herein. Assignee does not assume and shall not be responsible for any obligations or liabilities of Assignor related to or in connection with the Assigned Claim or the Case.

9. <u>Power-of-Atttorney.</u> Assignor hereby irrevocably appoints Assignee with full power of substitution as its true and lawful attorney and authorizes Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable necessary to enforce the Assigned Claim and the Assignor's rights thereunder or related thereto pursuant to this Assignment of Claim. Assignor agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Assignee. Assignee shall have no obligation to take any action to prove, defend, demand or take any action with respect to the Assigned Claim or otherwise in the Case. In the event of a Disallowance, Assignor shall assist Assignee (at Assignor's expense) in the defense of the Disallowed Claim. Assignor agrees at Assignor's expense to execute, acknowledge and deliver all such further certificates, instruments and other documents, and if requested by Assignee prepare a proof of claim, and to take all such further action as may be reasonably necessary or appropriate to effect assignment of the Assigned Claim and all interests therein to Assignee, including without limitation the "Evidence of Transfer of Claim" attached as Exhibit A.

10. <u>Survival/Governing Law.</u> All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Assignment of Claim and the purchase and sale of the Assigned Claim and the payment of the purchase price and shall inure to the benefit of, be binding upon and enforceable by the parties hereto and their respective successors and assigns. This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to any choice of law principles.

11. <u>JURISDICTION/VENUE/WAIVER OF TRIAL BY JURY.</u> EACH PARTY TO THIS ASSIGNMENT OF CLAIM HEREBY IRREVOCABLY CONSENTS TO THE JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN THE STATE OF NEW YORK, COUNTY OF NEW YORK AND OF THE BANKRUPTCY COURT IN ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISION OF THIS ASSIGNMENT OF CLAIM OR OF ANY OTHER AGREEMENT OR DOCUMENT DELIVERED IN CONNECTION WITH THIS ASSIGNMENT OF CLAIM, AND ALSO HEREBY IRREVOCABLY WAIVES ANY DEFENSE OF IMPROPER VENUE, FORUM NON CONVENIENS OR LACK OF PERSONAL JURISDICTION TO ANY SUCH ACTION BROUGHT IN SUCH COURTS. EACH PARTY FURTHER IRREVOCABLY AGREES THAT ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISIONS OF THIS ASSIGNMENT OF CLAIM WILL BE BROUGHT ONLY IN SUCH COURTS AND EACH PARTY WAIVES ITS RIGHT TO TRIAL BY JURY.

12. <u>Waiver of Notice and Hearing Requirement.</u> Assignor hereby waives any notice or hearing requirements imposed under the Bankruptcy Code (including, but not limited to, Rule 3001 of the Bankruptcy Rules) or otherwise and stipulates that an order may be entered recognizing this Assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Assigned Claim.

13. <u>Complete Agreement.</u> This Assignment of Claim shall constitute the complete agreement of the parties hereto with respect to the subject matters referred to herein and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements or representations of every nature whatsoever with respect thereto, all of which have become merged and finally integrated into this Assignment of Claim. This Assignment of Claim cannot be amended, modified, or supplemented except by an instrument in writing executed by both parties hereto.

14. <u>Counterparties.</u> This Assignment of Claim may be executed by telecopy in multiple counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. Transmission by telecopier of this Assignment of Claim shall be deemed to constitute due and sufficient delivery of such counterpart. Each fully executed counterpart of this Assignment of Claim shall be deemed to be a duplicate original.

15. <u>Confidentiality.</u> Assignor and Assignee agree to maintain the confidentiality of this Assignment of Claim, including the form and structure of the within agreement and any drafts thereof, including but not limited to maintaining such confidentiality with respect to Debtor, except to the extent required by applicable laws, regulations, or rules of any stock exchange, or by the order of any court; provided that either party may disclose this Assignment of Claim and the transactions contemplated hereby to permitted assignees hereunder; provided further, either party may disclose this Assignment of Claim and the transactions contemplated hereby to permitted assignees hereunder, or to their retained legal and other professional consultants, provided that such parties shall be obligated to maintain the confidentiality provisions contained herein.

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment of Claim by its duly authorized representative dated as of December 29, 2005.

ASSIGNOR:

ENERGY CONVERSION SYSTEMS HOLDINGS COMPANY

By: _____
Name: Lyle Lohmeyer
Title: Chief Financial Officer

ASSIGNEE:

SPCP GROUP, L.L.C., as agent for
Silver Point Capital Fund, L.P., and
Silver Point Capital Offshore Fund, Ltd.

By: _____
Name: Michael A. Gatto
Title: Authorized Signatory

In re: DELPHI AUTOMOTIVE SYSTEMS LLC Debtor, Case No. 05-44640    Entity #39

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT, UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|
| 1608486 - 10397898<br>EMTS<br>25 INDIAN ROCK ROAD PMB 432<br>WINDHAM    NH    03087 | ACCOUNTS PAYABLE | | $22,709.66 |
| 1608487 - 10397899<br>EMU PLASTICS LTD<br>3420 PHARMACY AVE    UNIT 2<br>SCARBOROUGH    ON    M1W 2P7<br>CANADA | ACCOUNTS PAYABLE | | $2,830.97 |
| 1608491 - 10397900<br>ENA AMERICA INC<br>900 EAST MANDOLINE AVENUE<br>MADISON HEIGHTS    MI    48071 | ACCOUNTS PAYABLE | | $112,725.80 |
| 1608494 - 10397901<br>ENCIRQ CORPORATION<br>Attn MARK VOGEL<br>1550 BRYANT ST STE 900<br>SAN FRANCISCO    CA    94103 | ACCOUNTS PAYABLE | | $24,783.25 |
| 1011753 - 10005397<br>ENCISO CHRISTOPHER<br>(Address on File) | WORKERS COMPENSATION | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1608500 - 10397902<br>ENDEVCO<br>30700 RANCHO VIEJO RD<br>SAN JUAN CAPISTRANO    CA    92675 | ACCOUNTS PAYABLE | | $3,700.00 |
| 1608507 - 10397903<br>ENDURA PLASTICS INC<br>7955 CHARDON RD<br>KIRTLAND    OH    440949531 | ACCOUNTS PAYABLE | | $5,850.75 |
| 1608512 - 10397904<br>ENERFAB INC<br>PO BOX 630398<br>CINCINNATI    OH    452630398 | ACCOUNTS PAYABLE | | $2,335.63 |
| 1560642 - 10106901<br>ENERGIZER BATTERY CO<br>533 MARYVILLE UNIVERSITY DR<br>ST LOUIS    MO    63141 | ENVIRONMENTAL CLAIMS<br>CERCLA: MERCURY REFINING SUPERFUND SITE PRP | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1608516 - 10397905<br>ENERGY CONVERSION SYSTEMS LLC<br>ONE MORGANITE DRIVE<br>DUNN    NC    28334 | ACCOUNTS PAYABLE | Disputed,<br>Unliquidated | $58,655.00 |
| 1608517 - 10397906<br>ENERGY CONVERSION SYSTEMS LLC<br>PO BOX 2532<br>BUFFALO    NC    142032532 | ACCOUNTS PAYABLE | Disputed,<br>Unliquidated | $1,872.00 |
| 1608518 - 10397907<br>ENERGY CONVERSION SYSTEMS LLC<br>PO BOX 2532<br>BUFFALO    NY    142032532 | ACCOUNTS PAYABLE | Disputed,<br>Unliquidated | $325,540.65 |