<u>Exhibit A</u>

<u>Fee Committee And Fee Procedures Protocol</u>

<u>Fee Committee</u>

             In an effort to monitor the fees incurred in these chapter 11 cases, a fee committee (the "Fee Committee") is hereby appointed, <u>nunc pro tunc</u> to October 8, 2005.  The Fee Committee is authorized to review and analyze fee statements and interim and final fee applications submitted by professionals appointed by this Court in these chapter 11 cases (the "Retained Professionals") and verify compliance with the other procedures described herein.

             The procedures described herein are supplementary to the procedures and requirements established in this Court's November 4, 2005 Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals (Docket No. 869) as amended by supplemental orders entered on March 8, 2006 (Docket No. 2747) and March 28, 2006 (Docket No. 2986) (the "Fee Order").  In the event of a conflict between the provisions of the procedures and requirements described herein and those in the Fee Order, the Fee Committee Order (as defined below) shall control.  The Fee Committee may, upon notice and application to this Court, seek modifications to this protocol to assist the Fee Committee in discharging its duties.

             All capitalized terms not defined herein shall have the meanings ascribed to them in the Fee Order.

<u>Composition Of Committee</u>

             The Fee Committee will consist of one voting member appointed by and representative of each of the Creditors' Committee (which shall be a designated representative of voting members of the Creditors' Committee) and the Debtors (which shall be any one of the General Counsel, the Chief Restructuring Officer, or the Chief Financial Officer of the Debtors; provided, however, that the Debtors may have more than one of such officers attend and participate in Committee meetings) and one person appointed by and representative of the U.S. Trustee.  Each member of the Fee Committee will have one vote on all Fee Committee matters.  The U.S. Trustee may designate herself, an Assistant U.S. Trustee, an attorney or other staff member in the Office of the U.S. Trustee or a third-party representative of the Office of the U.S. Trustee.  No Retained Professional shall serve on or advise the Fee Committee in any capacity.

             Within fourteen (14) calendar days of entry of an Order approving the establishment of the Fee Committee and these procedures (the "Fee Committee Order"), each

constituent group identified above shall advise the Debtors' attorneys of the identity of and contact information for its appointee to the Fee Committee and the designated contact person for each of such constituent group's professionals.  Not later than twenty-eight (28) calendar days after entry of the Fee Committee Order, the Debtors' counsel, Skadden, Arps, Slate, Meagher & Flom LLP, will provide each member of the Fee Committee with: (i) a list of all appointees to the Fee Committee, including their contact information; (ii) a list of all designated contact persons for each of the Retained Professionals, including their contact information; (iii) a copy of each Retained Professional's retention application; and (iv) fee statements and interim fee applications filed by each Retained Professional, as applicable, and shall notify all Retained Professionals of the membership of the Fee Committee and the requirement that future fee statements and interim fee applications be served on the Fee Committee (through its Chairperson or designee).

The Fee Committee shall elect one member to serve as Chairperson.  The Chairperson shall be responsible for, among other things, scheduling meetings, and collecting and distributing fee statements and applications.

In the event that a member of the Fee Committee resigns, the constituent group represented by that resigning member may designate a successor member.  The Chairperson will be responsible for distributing contact information for the successor member.  The Court may alter the membership of the Fee Committee at any time.

Compensation Of Committee Members

Members of the Fee Committee will receive no compensation for their service on the Fee Committee or time expended on Fee Committee matters.  All members of the Fee Committee are entitled to reimbursement for reasonable, documented out-of-pocket costs and expenses from the estates.  Such Fee Committee expenses include travel and lodging expenses for attendance at Fee Committee meetings, but does not include any fees or expenses for advice or assistance from a Retained Professional.  Service on the Fee Committee will not entitle any member thereof to compensation under section 503(b) of the Bankruptcy Code, and any right to such claim is expressly waived.

Budgets

At the time set forth below, each Retained Professional shall prepare a budget of the professional fees it expects to incur over the course of each four month fee application period (a "Budget Period") during the pendency of these chapter 11 cases (a "Budget").  Each Budget shall set forth in reasonable detail the services anticipated to be provided over the Budget Period and the approximate aggregate fees to be incurred in connection with the rendition thereof.  Such

services shall be allocated by task codes established by the Fee Committee.[1]  Such task codes
shall only apply to future services.  Each Budget shall state whether the Retained Professional's
client has approved the Budget.

Within thirty (30) calendar days of entry of the Fee Committee Order, counsel for
the Chairperson shall serve on each Retained Professional a (i) timetable for the submission of
all Budgets, (ii) a description of how the Fee Committee will assess the reasonableness of each
fee application, (iii) and a description of any additional information or particular format that the
Fee Committee may desire for Budgets, each of which shall be determined by the Fee Committee.
The first of such Budgets (for the period from June 1, 2006 through September 30, 2006) will be
due after the Fee Committee has approved the task codes and given notice of the task codes to
the Retained Professionals (but no later than June 1, 2006), and each subsequent Budget will be
due by no later than the 1st of each fourth month thereafter.  The first of such Budgets shall
include actual fees for each month of the chapter 11 cases during which the professional was
retained (except fees for May, 2006 may be estimated).

Nothing herein shall require a Retained Professional to provide any information
that would disclose privileged information or anything (including potential strategies) that in the
Retained Professional's reasonable discretion could be damaging to its constituency.  To preserve
confidentiality, all Budgets or other information provided by any of the Retained Professionals
shall be submitted on a confidential basis, subject only to (i) the Fee Committee's right to use the
Budget on prior notice in connection with any fee dispute and (ii) the Retained Professional's
right to seek a protective order or similar protection of information it claims confidential.

Even if actual fees significantly deviate from the amount of fees that have been
budgeted by a Retained Professional, such deviation may not be a basis for the Fee Committee to
object to a Retained Professional's fees.  Instead, budgets will be submitted and analyzed with
the understanding that they are based on assumptions and that it is not possible to predict the
volume or course of the multitude of matters or issues that arise in chapter 11 cases and related
litigation.  Upon the filing by a Retained Professional of its interim fee application, it shall
provide the Fee Committee with a written variance analysis comparing actual fees sought against
the Budget for the appropriate time period (if any), and a written explanation of the major
reasons for differences identified in such variance where such differences exceed 25% of the
total fees requested.  Such explanation shall be held in strict confidence by the Fee Committee
and each member thereof and shall not be disclosed to any other party including such member's
constituency or its advisors.  On the submission of a monthly fee statement, interim fee
application or final fee application, the Fee Committee shall review and, if determined to be

---

[1]  The task codes established by the Fee Committee shall not be the only task codes utilized in these cases.  To the
extent that certain of the Retained Professionals require unique task codes for services that do not apply to other
Retained Professionals, such Retained Professionals may continue to allocate fees to separate, customized task
codes.

appropriate or desirable, discuss with such Retained Professional any material variance between the fees actually incurred and those projected to be incurred in the Budget.

Fee Disputes

All fee dispute procedures adopted by the Fee Committee shall be consistent with the Fee Order and not inconsistent with this Protocol.

The Fee Committee may contact the designee of any Retained Professional with respect to concerns it may have with respect to any fee statement or fee application to discuss, among other things, variances from such Retained Professional's Budget. The Fee Committee, by majority vote in accordance with the procedures set forth above, may distribute a confidential written statement to that Retained Professional describing any concern the Fee Committee may have with such Retained Professional's monthly statement or interim or final fee application ("Fee Committee Statement"). The Fee Committee and the Retained Professional served with such Fee Committee Statement shall endeavor to reach a mutually acceptable resolution of the issues raised by the Fee Committee. If the Fee Committee serves a Fee Committee Statement on a Retained Professional, the Chairperson shall notify the Debtors to assure compliance with the provisions of the Fee Order. Pending resolution of any dispute, the Debtors shall compensate such Retained Professional for any amount otherwise due and payable that is not the subject of the Fee Committee Statement. In the event that the Fee Committee and the Retained Professional cannot reach a resolution with respect to the issues raised by the Fee Committee Statement within a reasonable period of time (which shall not exceed 45 days), such disputed portion of the fee statement or fee application may be submitted by the Retained Professional to the Court for resolution. The timing and effect with respect to responses to any Fee Committee Statement shall be governed by the procedures set forth in the Fee Order for objections.

If a disputed fee matter arising out of or relating to fees and/or expenses of any Retained Professional is filed with the Court (a "Fee Dispute"), the Fee Committee, by majority vote, may file with the Court the previously issued Fee Committee Statement with respect to the Fee Dispute. Upon request of the Court, any member of the Fee Committee duly authorized by the Fee Committee, on behalf of the Fee Committee, may appear as a friend of the Court and be heard only with respect to (a) any Fee Committee Statement issued in relation to the Fee Dispute, (b) any objection to such Fee Committee Statement, and (c) the fee applications or statements implicated thereby. If the Fee Committee does not issue a Fee Committee Statement with respect to the Fee Dispute, upon request of the Court, the Chairperson, on behalf of the Fee Committee may make such recommendations to the Court as are authorized by the Fee Committee with respect to the matters raised in the Fee Dispute.

Nothing contained herein shall affect the right of any party in interest to object or otherwise respond to any monthly statement or interim or final fee application.

<u>Subsequent Retentions</u>

Any professional retained by order of the Court subsequent to the date hereof shall be bound by the Fee Committee Order and the Fee Order and shall immediately contact the Fee Committee to establish the submission of Budgets and fee statements or fee applications. The Fee Committee Order shall not be applicable to Ordinary Course Professionals.

Subject to further order of the Court, the Fee Committee may be authorized, upon appropriate application, to retain a fee examiner to assist the Fee Committee to effectively discharge the duties described herein, but no other professionals shall be retained.  Such fee examiner may be charged by the Fee Committee with the following ministerial tasks, but would not be permitted to retain or be reimbursed for the costs of its own dedicated professionals:  (a) reconciliation of hours/fees and expenses (to ascertain the arithmetic accuracy of the hours and fees through manual and computerized recomputation using the hourly rates provided by the professionals); (b) analysis of professional fee activities (to ascertain compliance with the rules and guidelines of the Court and the billing guidelines of the United States Trustee); (c) analysis of expenses (to ascertain compliance with the rules and guidelines of the Court and the billing guidelines of the United States Trustee); (d) such other compliance analysis as directed by the Fee Committee.  A fee examiner's role shall be limited to providing quantitative analysis of individual fee applications to the Fee Committee for the Fee Committee's review and consideration but any recommendations or determinations regarding reasonableness or whether to initiate a Fee Dispute shall be determined solely by the Fee Committee after providing the Retained Professional with an opportunity for oral and written input to the Fee Committee.

<u>Committee Exculpation And Indemnification</u>

The Fee Committee and each member thereof are hereby appointed officers of the Court with respect to the performance of their duties on the Fee Committee and provided the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of their duties and powers on the Fee Committee.  No person or entity shall commence an action against the Fee Committee or any member thereof in connection with Fee Committee matters except in this Court.

The Fee Committee and each member thereof are hereby indemnified by the Debtors' estates for losses or costs of defense incurred as a result of acts taken or omitted, in each case in good faith, in the performance of their duties as a member of the Fee Committee.

Any and all claims or causes of action not instituted against the Fee Committee or any member thereof (solely in their capacity as a member of the Fee Committee) prior to the tenth calendar day after entry of an order determining the last final fee application in these cases shall be barred forever and discharged and all persons and entities shall be enjoined from prosecuting such claims in any manner thereafter.

Each Retained Professional may seek an Order on appropriate notice seeking relief from any of the provisions of the Fee Committee Order.