**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Email:  robert.rosenberg@lw.com
            mitchell.seider@lw.com
            mark.broude@lw.com

Counsel for The Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Delphi Corporation, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO THE MOTION OF INTERNATIONAL UNION,
UNITED AUTOMOBILE, AEROSPACE AND IMPLEMENT WORKERS
OF AMERICA (UAW) TO LIMIT PARTICIPATION IN THE HEARING
ON DELPHI'S SECTION 1113 AND SECTION 1114 MOTION**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Delphi Corporation ("Delphi") and certain of its affiliates (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits this Objection (the "Objection") to the Motion of International Union, United Automobile, Aerospace and Implement Workers of America ("UAW") to Limit Participation in the Hearing on Delphi's

Section 1113 and Section 1114 Motion (the "Motion").[1]  In support of this Objection, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1.  Section 1109(b) of the Bankruptcy Code provides that creditors' committees are "parties in interest" with broad standing to appear and be heard on any issue in a chapter 11 case. Specifically, creditors' committees are entitled to appear and be heard on any contested matter under Bankruptcy Rule 9014.  The UAW has failed to offer any compelling reasons why a section 1113 proceeding is not a contested matter and why the Committee should be barred from participation.

2.  The UAW seeks to prohibit the Committee from participation regarding an issue that is inextricably tied to the Debtors' reorganization prospects.  *See* Section 1113 and 1114 Motion [Docket No. 3035], p. 14 at ¶ 36 (the elements of relief sought in the Section 1113 and 1114 Motion "are vital and necessary components of Delphi's reorganization plans"); *see also* UAW Memorandum of Law in Support of Objection to Section 1113 and 1114 Motion [Docket No. 3346], p. 10 (describing the goal of the labor discussions among the UAW, Delphi and GM in mid-January 2006 as "to begin work on many issues regarding Delphi's restructuring"). Neither the UAW, nor the single, non-binding and inapposite case on which it relies, provides compelling support for the UAW's request.  Silencing the Committee on these critical issues would undermine the purpose of the creditors' committee in a chapter 11 case.

3.  Additionally, the policy concerns that underlie the *UAL* decision are inapplicable in this context.  In that case, the Seventh Circuit relied on its concern that the proceedings would

---

[1]  Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

become "unmanageable" if every party in interest were allowed to participate in a section 1113 hearing. As discussed further herein, however, the Second Circuit has held that consideration of such policy rationales is inappropriate where the text of a statute is clear. Here, the text of section 1113 of the Bankruptcy Code is unambiguous. Furthermore, even if consideration of such a policy concern were appropriate, it is simply inapplicable in the context of participation by a creditors' committee, whose participation, as a single entity, will in no way render the proceedings "unmanageable."

## BACKGROUND

4. On October 8, 2005 (the "Petition Date"), thirty-nine of the Debtors filed with this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On October 14, 2005, the three remaining Debtors similarly filed voluntary petitions.

5. The Committee was appointed nine days after the Petition Date, on October 17, 2005.[2] Shortly thereafter, the Committee selected Latham & Watkins LLP as its counsel, Mesirow Financial Consulting LLC as its financial advisor and Jefferies & Company, Inc. as its investment banker.

6. On March 31, 2006, the Debtors filed their Motion for Order Under 11 U.S.C. § 1113(c) Authorizing Rejection of Collective Bargaining Agreements and Under 11 U.S.C. § 1114(g) Authorizing Modification of Retiree Welfare Benefits (the "Section 1113 and 1114 Motion"), seeking (i) authorization under section 1113(c) of the Bankruptcy Code to reject their

---

[2] The following members originally were appointed to the Committee: (a) Capital Research and Management Company; (b) Electronic Data Systems Corp.; (c) Flextronics International Asia-Pacific, Ltd.; (d) Freescale Semiconductor, Inc.; (e) General Electric Company; (f) IUE-CWA and (g) Wilmington Trust Company, as Indenture Trustee. Flextronics International Asia-Pacific, Ltd., has since resigned from the Committee, and Tyco Electronics Corporation has since been appointed to the Committee. The Pension Benefit Guaranty Corporation and the UAW have been added as *ex officio* members of the Committee.

3

collective bargaining agreements and (ii) authorization under section 1114(g) of the Bankruptcy Code to modify retiree medical and life insurance benefits for hourly retirees.  A hearing on the Section 1113 and 1114 Motion is currently scheduled to commence on May 9, 2006 (the "Hearing").

7. On April 26, 2006, the UAW filed the Motion seeking an order limiting participation in the Hearing to exclude participation by the Committee.[3]

**OBJECTION**

**I. THE COMMITTEE, AS A "PARTY IN INTEREST" UNDER SECTION 1109(b) OF THE BANKRUPTCY CODE, HAS BROAD STANDING TO PARTICIPATE IN THESE CHAPTER 11 CASES**

8. Section 1109(b) of the Bankruptcy Code provides that a "party in interest, *including … a creditors' committee*, … may raise and may appear and be heard on any issue in a case under this chapter."  11 U.S.C. § 1109(b) (emphasis added).[4]  The Second Circuit has emphasized the broad nature of the language of section 1109(b).  *See Term Loan Holder Comm. v. Ozer Group, LLC (In re The Caldor Corp.)*, 303 F.3d 161, 169 (2d Cir. 2002) (holding that a creditors' committee has an unconditional right to intervene in an adversary proceeding because

---

[3]    Interestingly, while arguing that only the parties to a collective bargaining agreement and the guarantors of such agreement should participate in a section 1113 proceeding, the UAW states in the Motion that "UAW does not seek here to limit GM's participation."  *See* Motion, p.5 n.4.  Apparently, the UAW is taking the position that GM has guaranteed the obligations under the collective bargaining agreement.

The UAW also seeks to exclude (i) Wilmington Trust Company and (ii) Appaloosa Management L.P. and Wexford Capital LLC, which filed a limited objection and an objection, respectively, from participation in the Hearing.  The Committee takes no position regarding the relief the UAW seeks with respect to Wilmington Trust Company, Appaloosa Management L.P. and Wexford Capital LLC.

[4]    Additionally, section 1103 of the Bankruptcy Code gives a creditors' committee express authority to, among other powers,
> investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, *and any other matter relevant to the case or to the formulation of a plan*.

11 U.S.C. § 1103(c)(2) (emphasis added).

4

NY\1137327.3

"the phrase 'any issue in a case' plainly grants a right to raise, appear and be heard on *any issue*") (emphasis in original). At the time of the *Caldor* decision, there was a split of authority regarding whether section 1109(b) confers on parties in interest an unconditional right to intervene in adversary proceedings. *Compare Official Unsecured Creditors' Comm. v. Michaels (In re Marin Motor Oil, Inc.)*, 689 F.2d 445 (3d Cir. 1982) (parties in interest have an unconditional right to intervene in adversary proceedings), *with Fuel Oil Supply & Terminaling v. Gulf Oil Corp.*, 762 F.2d 1283 (5th Cir. 1985) (section 1109(b) was not addressed to adversary proceedings, and thus parties in interest do not have an unconditional right to intervene).

9. In *Caldor*, the Second Circuit, emphasizing the broad language of section 1109(b), adopted the Third Circuit's view. *Caldor Corp.*, 303 F.3d at 169. While the Second Circuit acknowledged the policy concerns expressed by the Fifth Circuit in *Fuel Oil*,[5] the court ultimately concluded that the plain language of the statute must be enforced regardless of such policy concerns:

> The *Fuel Oil* Court was concerned that such a right would open the door to "perhaps hundreds" of creditors becoming automatic parties to an adversary proceedings [sic]… We need not choose among the competing policy rationales … "It suffices that the natural reading of the text produces the result we announce," … "[u]nless it leads to absurd or futile results, we must enforce what Congress has commanded whether or not we agree with its policy choices."

*Caldor Corp.*, 303 F.3d at 175-76 (internal citations omitted).

10. Here, there is no need to take policy considerations into account, as the Seventh Circuit did in *UAL*, because the plain language of section 1113 is clear: "All interested parties

---

[5] The policy concerns expressed by the Fifth Circuit in *Fuel Oil* are similar to the policy concerns expressed by the Seventh Circuit in the only case relied upon by the UAW. *See In re UAL Corp.*, 408 F.3d 847 (7th Cir. 2005) (holding that the term "interested parties" in section 1113(d)(1) is not the equivalent of the term "parties in interest" under section 1109(b), thus precluding participation of an independent fiduciary in the section 1113 process), *aff'g Independent Fiduciary Svcs., Inc. v. UAL Corp. (In re UAL Corp.)*, 2005 WL 782707 (N.D. Ill. Apr. 6, 2005).

5

may appear and be heard" at a section 1113 hearing.  11 U.S.C. § 1113(d)(1).  At least one court in the Second Circuit has found that the phrase "interested parties" "refers to parties to the bankruptcy proceeding and is a shorthand reference to entities bearing characteristics similar to 'parties in interest' as that phrase is employed in [section 1109]." *In re Sandhurst Secs., Inc.*, 96 B.R. 451, 455 (Bankr. S.D.N.Y. 1989) (relying on "the familiar canon of construction that Congress is presumed to intend the same meaning to similar words or phrases in integrated legislation") (chapter 7 case interpreting phrase "interested parties" in Rule 2003 Advisory Committee note (1983)).  If Congress had intended for the phrase "interested parties" in section 1113 to have such a narrow construction, it would have made such intention clear, especially in light of the extensive use of the substantially similar phrase "party in interest" throughout the Bankruptcy Code.  *See, e.g.*, 11 U.S.C. §§ 330, 362, 502, 521, 1102, 1126, 1128.

11.     Moreover, it is an undeniable proposition that the parties to a collective bargaining agreement would be able to participate in a section 1113 hearing – to hold otherwise would be to deny either the debtor or the union due process of law.  Accordingly, interpreting the phrase "interested parties" in section 1113 to mean only the parties to a collective bargaining agreement (or the guarantors) would render that provision superfluous.  Thus, the fact that Congress inserted a separate sentence in section 1113 providing that "[a]ll interested parties may appear and be heard at such hearing" actually demonstrates that Congress must have envisioned broader participation in such hearing than merely the parties to the collective bargaining agreement themselves.  *See, e.g.*, *State St. Bank & Trust Co. v. Salovaara*, 326 F.3d 130, 139 (2d Cir. 2003) ("It is well-settled that courts should avoid statutory interpretations that render provisions superfluous: 'It is our duty to give effect, if possible, to every clause and word of a statute.'") (citation omitted).

6

12. In sum, the Committee, a party in interest under the plain language of section 1109(b), has an unqualified right to raise, appear and be heard on any issue in the chapter 11 cases of the Debtors. Additionally, the Committee, an interested party under the plain language of section 1113, has the right to appear and be heard at any hearing under that section. As discussed below, the Seventh Circuit's decision in *UAL* is inapposite and does not change this result.

## II. SECTION 1113 PROCEEDINGS ARE CONTESTED MATTERS GOVERNED BY BANKRUPTCY RULE 9014

13. In *Caldor*, the Second Circuit held that the broad right to be heard on any issue in a case existed "regardless of whether it arises in an adversary proceeding or a contested matter." *Caldor Corp.*, 303 F.3d at 169; s*ee also Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman*, 2003 WL 22790916, *2 (S.D.N.Y. Nov. 25, 2003) (citing *Caldor*). While the Second Circuit in *Caldor* acknowledged the aforementioned circuit split regarding whether intervention may be allowed in adversary proceedings, it expressed no such reservation with respect to participation in contested matters.

14. A motion to reject a collective bargaining agreement under section 1113 of the Bankruptcy Code is a "contested matter" under Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). *See* Fed. R. Bankr. P. 6006, 1987 Advisory Committee Note; s*ee also In re Carey Transp. Inc.*, 50 B.R. 203, 204 n.1 (Bankr. S.D.N.Y. 1985), *aff'd*, *Truck Drivers Local 807, Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Carey Transp., Inc.*, 816 F.2d 82 (2d Cir. 1987). Notwithstanding the strained interpretation of *UAL* the UAW offers, nothing in either the Bankruptcy Code or the Bankruptcy Rules suggests that a section 1113 proceeding is anything other than a contested matter under Bankruptcy Rule 9014. There is nothing in Bankruptcy Rule 9014 to suggest that special rules

7

apply to section 1113 proceedings. Additionally, there is no case law stating that section 1113 proceedings are outside the scope of Bankruptcy Rule 9014 and its treatment of contested matters. The Committee has an unqualified right to be heard in the Hearing.

### III. THE SEVENTH CIRCUIT DECISION IN *IN RE UAL* IS INAPPOSITE

15.    In *In re UAL Corp.*, the Seventh Circuit, finding that the term "interested parties" in section 1113(d)(1) is not the equivalent of the term "parties in interest" under section 1109(b), held that an independent fiduciary ("IFS") appointed by the debtors to administer the debtors' defined benefit plans was not entitled to participate in the section 1113 hearing. 408 F.3d 847 (7th Cir. 2005), *aff'g Independent Fiduciary Svcs., Inc. v. UAL Corp. (In re UAL Corp.)*, 2005 WL 782707 (N.D. Ill. Apr. 6, 2005). This decision, which is not binding in the Second Circuit, is also inapposite with respect to the Committee's participation in the Hearing.

16.    The Seventh Circuit cited no authority for its conclusion that "interested parties" is more naturally read to mean "party to the collective bargaining agreement." *See In re UAL*, 408 F.3d at 851. As noted above, however, at least one court in the Second Circuit has held that the phrase "interested parties" is a shorthand reference to entities bearing characteristics similar to "parties in interest," as that phrase is employed in section 1109(b) of the Bankruptcy Code. *See In re Sandhurst Secs., Inc.*, 96 B.R. at 455 (relying on "the familiar canon of construction that Congress is presumed to intend the same meaning to similar words or phrases in integrated legislation"). The district court decision affirmed by *UAL* assumed "interested party" and "party in interest" meant the same thing: "An 'interested party' is substantially the same as a 'party in interest' under Section 1109(b) of the bankruptcy code." *Independent Fiduciary Svcs., Inc. v. UAL Corp. (In re UAL Corp.)*, 2005 WL 782707, *4 (N.D. Ill. Apr. 6, 2005) (citing *In re Sandhurst Secs., Inc.*, 96 B.R. 451, 455 (Bankr. S.D.N.Y. 1989)).

8

NY\1137327.3

17.   Like the district court, the *UAL* debtors, who opposed IFS's participation, assumed that "interested party" meant the same thing as "party in interest." Rather, the debtors argued IFS was not a party in interest because it was an independent fiduciary that did not hold a direct financial stake or other legally protectible interest that could be affected by the section 1113 proceeding. *See* Debtor's Objection to Emergency Motion at 6, *In re UAL Corp.*, Case No. 02-48191 (Bankr. E.D. Ill. Dec. 8, 2004) (ERW). Indeed, IFS had acknowledged in its agreement with the debtor that its capacity would be administrative only—to ensure collection and distribution of all sums due under the defined benefit plans' terms, but not to take any position on whether those terms should be altered. *In re UAL*, 408 F.3d at 849.

18.   The facts here are very different. The Committee, far from being an administrative agent contractually restricted from substantially participating, is "arguably the one party in interest that, for all practical purposes, … represents stakeholders with the most interest in the outcome of virtually every proceeding,"[6] *see* 7 Collier on Bankruptcy § 1109.04[2][d][ii] (15th Ed. Rev. 2006). As such, the Committee is integral to these cases and, whether as a "party in interest" or as an "interested party," should not be precluded from participating in the Hearing, even if the Court considers *UAL* instructive.

19.   Underpinning the Seventh Circuit's decision was its concern that broadly defining "parties in interest" would "make § 1113 proceedings unmanageable." *In re UAL*, 408 F.3d at

---

[6]   Indeed, this Court in a recent decision elaborated on the benefits to be gained from broad participation by a creditors' committee:

> An official committee of creditors plays a pivotal role in the bankruptcy process. The function of an official creditors committee is to aid, assist and monitor the debtor to ensure that the unsecured creditors' views are heard and their interests promoted and protected.

*In re Refco, Inc.*, Case No. 05-60006, p. 11 (Bankr. S.D.N.Y. Dec. 23, 2005) (RDD) (citing *Pan Am Corp. v. Delta Airlines, Inc.*, 175 B.R. 438, 514 (S.D.N.Y. 1994)) (analyzing the proper scope of section 1102(b)(3)(A) in light of the duties and functions of a creditors' committee under the Bankruptcy Code).

9

NY\1137327.3

851. There are two reasons why such a policy concern is inapplicable to the Committee's participation in the Hearing. First, the Second Circuit expressly stated in *Caldor* that policy concerns should not be considered where the text of the statute is clear:

> We need not choose among the competing policy rationales … "It suffices that the natural reading of the text produces the result we announce," … and "[u]nless it leads to absurd or futile results, we must enforce what Congress has commanded whether or not we agree with its policy choices."

*Caldor Corp.*, 303 F.3d at 175-76 (internal citations omitted). The language of section 1113 is simply not ambiguous, and thus resorting to such amorphous policy concerns is wholly unjustified and inappropriate.

20. Second, even if, following *Caldor*, this Court could appropriately take policy considerations into account, a concern that the proceedings will be rendered "unmanageable" is not well taken here. The *UAL* court described the harm resulting from a broad definition of "party in interest" in the section 1113 context as follows:

> every retiree would receive separate notice and an opportunity to be heard; tax collectors, unsecured creditors that might gain if the debtor altered its obligations to labor—the list would go on and on.

*In re UAL*, 408 F.3d at 451. Notably, the decision refers to "unsecured creditors," a group comprised of numerous individuals, but not to the creditors' committee, which is a single entity. Allowing the Committee to fulfill its statutory obligation to represent all unsecured creditors simply would not trigger the administrative burden the Seventh Circuit contemplated in *UAL*.

### IV. THE UAW DID NOT COMPLY WITH THE PROCEDURES SET FORTH IN THE CASE MANAGEMENT ORDER

21. The Second Amended Sections 1113 and 1114 Scheduling Order, entered on February 17, 2006, does not address or provide procedures for motions seeking affirmative relief, other than the Section 1113 and 1114 Motion itself. *See* Second Amended Scheduling Order on

10

Debtors' Motions to (I) Reject Collective Bargaining Agreements Under Section 1113(c) and (II) Eliminate Retiree Medical and Life Insurance Benefits for Union-Represented Retirees Under Section 1114(g) [Docket No. 2425]. Accordingly, the Supplemental Case Management Order, entered on March 20, 2006, governs the filing of the Motion.

22. Under the Supplemental Case Management Order, a party seeking to be heard on a motion must file such motion at least twenty days before the next scheduled omnibus hearing date in order to be heard on that date (the "Filing Deadline"). *See* Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007 and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management and Administrative Procedures [Docket No. 2883], p. 5 at ¶ 10. While the Supplemental Case Management Order does not expressly address motions to be heard at alternative hearing dates, such motions should also comply with the twenty day Filing Deadline. In the event that a party cannot comply with the Filing Deadline, there is an Expedited Hearing Procedure (as defined in the Supplemental Case Management Order) that allows a party to shorten the Filing Deadline if it complies with certain procedures. *Id.* p. 6 at ¶ 11.

23. The UAW filed its Motion on April 26, 2006, less than twenty days prior to the scheduled May 9, 2006 hearing date. Additionally, the UAW made no attempt to seek the consent of the Committee to such shortened notice, nor did the UAW comply with the Expedited Hearing Procedure. Because the UAW did not timely file its Motion, it should be precluded from having its Motion heard on the May 9, 2006 hearing date.

## CONCLUSION

24. Based upon the foregoing, this Court should find that the UAW has (a) failed to demonstrate that the Committee should be prohibited from participating in the Hearing, which

11

implicates one of the central issues in these chapter 11 cases and which relief is crucial to the Debtors' reorganization efforts, and/or (b) failed to timely file the Motion.

**WHEREFORE,** the Committee respectfully requests that this Court (a) either decline to hear the Motion on the basis that it was not timely filed or deny the Motion and (b) grant the Committee such other relief as is just and proper.

Dated: May 5, 2006
       New York, New York

**LATHAM & WATKINS LLP**

By: /s/ Robert J. Rosenberg
    Robert J. Rosenberg (RR-9585)
    Mitchell A. Seider (MS-4321)
    Mark A. Broude (MB-1902)
    885 Third Avenue, Suite 1000
    New York, New York 10022
    Telephone: (212) 906-1200

Attorneys for the Official Committee
of Unsecured Creditors

NY\1137327.3