**Hearing Date: May 9, 2006 at 10:00 a.m.**

Anthony Princi, Esq. (AP-2150)
Thomas L. Kent, Esq. (TK-2935)
Alyssa Englund, Esq. (AE-2300)
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

Attorneys for the Ad Hoc Committee of Trade Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>DELPHI CORPORATION, *et al.*,<br><br>          Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

**RESPONSE OF AD HOC TRADE COMMITTEE TO LIMITED OBJECTION OF WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE AND SUPPLEMENTAL OBJECTION OF APPALOOSA MANAGEMENT L.P. AND WEXFORD CAPITAL LLC TO THE MOTION FOR ORDER UNDER 11 U.S.C. SECTION 1113(C) AUTHORIZING REJECTION OF COLLECTIVE BARGAINING AGREEMENTS AND UNDER 11 U.S.C. SECTION 1114(G) AUTHORIZING MODIFICATION OF RETIREE WELFARE BENEFITS**

The Ad Hoc Committee of Trade Claimants of Delphi Corporation, *et al.*, (the "Ad Hoc Trade Committee"), by and through its attorneys, Orrick, Herrington & Sutcliffe LLP ("Orrick"), hereby files this response to the limited objection of Wilmington Trust Company, as Indenture Trustee (the "WTC Objection"), and the Supplemental Objection of Appaloosa Management L.P. and Wexford Capital LLC (the "Appaloosa Objection") to the Motion For Order, Under 11 U.S.C. § 1113(c) Authorizing Rejection of Collective Bargaining Agreements and Under 11 U.S.C. § 1114(g) Authorizing Modification of Retiree Welfare Benefits (the "Motion") of Delphi

Corporation ("Delphi") and its affiliated debtors (collectively, with Delphi, the "Debtors"), and in response to the WTC Objection and the Appaloosa Objection, respectfully states as follows:

1.  The Ad Hoc Trade Committee consists of a number of holders of trade claims, and was recently formed for the purpose of protecting the rights of trade claimants throughout these cases.

2.  The Ad Hoc Trade Committee has reviewed the Motion and the various objections and responses filed thereto. Specifically, both the WTC Objection and the Appaloosa Objection urge the Court to prematurely quantify claims by requiring the Debtors to estimate with some degree of precision the distribution to be recovered by their respective creditors, and to provide specifics on the extent to which a reduction of wage and benefit obligations of the Debtors will result in measurable benefit to other creditors and claimants prior to approving a motion to reject a collective bargaining agreement. The WTC Objection and the Appaloosa Objection further claim the Debtors must explain whether these other creditors and claimants will experience a reduction of their recovery under a plan of reorganization if the contracts are rejected.

3.  Firstly, what the WTC Objection and the Appaloosa Objection seek is essentially relief clearly beyond that which is sought in the Motion. There has been no notice to parties who could be affected by findings or rulings on such issues – like the Ad Hoc Trade Committee –, that such issues will be adjudicated on the Motion, nor, correspondingly, has there been a fair opportunity for any such party to be heard on these issues. All parties should have the

opportunity, upon proper notice, to object to the amount of any claims asserted in these cases, and to take discovery as necessary in connection therewith.[1]

4. Furthermore, for the reasons more fully stated in the Debtors' Omnibus Reply Memorandum filed in support of the Motion (the "Omnibus Reply"), which are incorporated herein for all purposes, the WTC Objection and the Appaloosa Objection seek to impose a more rigid standard of rejection than that required under Sections 1113 and 1114 for determining whether the proposed modifications assure that all affected parties are treated fairly and equitably. As explained by the Debtors in their Reply, "the case law is clear that the inability of a debtor to predict exact recoveries at an [sic] relatively early stage of the proceedings is no bar to Section 1113 relief. The courts have also expressly rejected the argument . . . ." (Reply 30, n.20.)

5. However, to the extent the Court accepts WTC's and Appaloosa's arguments, and determines to include within the scope of the Motion a consideration of the impact that a grant of the Motion would have on each of the Debtors and the recoveries to their respective creditors, the Ad Hoc Trade Committee as well as other parties should be allowed to participate in any hearing on such additional issues.

---

[1] The delay and expense to the estate from any conservative estimate of the discovery that would be associated with the adjudication of these issues, is yet another reason for not imposing such a needless standard in connection with motions pursuant to Sections 1113 and 1114.

## CONCLUSION

For the reasons set forth herein, the Ad Hoc Trade Committee respectfully requests that the WTC Objection and the Appaloosa Objection be overruled, and that the Court grant such other relief as may be just and proper.

Dated: New York, New York
May 5, 2006

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/
    Anthony Princi, Esq.
    Thomas L. Kent, Esq.
    Alyssa Englund, Esq.
    666 Fifth Avenue
    New York, New York 10103-0001
    Facsimile: (212) 506-5151
    Email: aprinci@orrick.com
           tkent@orrick.com
           aenglund@orrick.com

Attorneys for the Ad Hoc Committee of Trade Claimants