# EXHIBIT A

```
 1                    UNITED STATES BANKRUPTCY COURT
                      SOUTHERN DISTRICT OF NEW YORK
 2

 3
                                          .
 4   IN RE:                               . Case No. 05-10578 (ALG)
                                          .
 5   TOWER AUTOMOTIVE, INC.,              . New York, New York
     et al,                               . Monday, February 27 , 2006
 6                                        . 10:05 a.m.
                          Debtors.        .
 7   . . . . . . . . . . . . . . . . .

 8                  TRANSCRIPT OF EVIDENTIARY HEARING
                              VOLUME 1
 9            SECTION 1113 and SECTION 1114 MOTIONS
              BEFORE THE HONORABLE ALLAN L. GROPPER
10                  UNITED STATES BANKRUPTCY JUDGE

11   APPEARANCES:

12   For the Debtors:            Anup Sathy, Esq.
                                 John F. Hagan, Jr., Esq.
13                               R. Chris Heck, Esq.
                                 Joel A. Blanchet, Esq.
14                               Alex C. Levine, Esq.
                                 Brian M. Goldberg, Esq.
15                               KIRKLAND & ELLIS, LLP
                                 200 East Randolph Drive
16                               Chicago, Illinois 60601
                                 (312) 861-2000
17
                                 Alexander T. Nguyen, Esq.
18                               KIRKLAND & ELLIS, LLP
                                 655 Fifteenth Street NW
19                               Washington, D.C. 20005
                                 (202) 879-5000
20   (Appearances continued)

21   Audio Operator:             Kendra H.

22   Transcription Company:      Rand Transcript Service, Inc.
                                 311 Cheyenne Road
23                               Lafayette, New Jersey  07848
                                 (973) 383-6977
24
     Proceedings recorded by electronic sound recording,
25   transcript produced by transcription service.
```

Pretrial Conference                                            1.5

1   (Proceedings commence at 10:05 a.m.)

2          THE COURT:  Please be seated.

3          <u>Tower Automotive</u>.  May I have appearances, please?

4          MR. SATHY:  Good morning, Your Honor.  Anup Sathy,
5   John Hagan, and Chris Heck from Kirkland & Ellis, on behalf
6   of the debtors.

7          MR. DIZENGOFF:  Good morning, Your Honor.  Ira
8   Dizengoff and Jonathan Sulds, from Akin Gump, on behalf of
9   the Official Creditors' Committee.

10         MR. LEVINE:  Good morning, Your Honor.  Bruce
11  Levine, Cohen, Weiss & Simon, on behalf of United Steel,
12  Paper, Forestry, Rubber, Manufacturing, Energy, Allied
13  Industrial and Service Workers International Union;
14  hereinafter, "USW."

15         MR. PETERSON:  Good morning, Your Honor.  Lowell
16  Peterson, Meyer, Suozzi, English & Klein, for -- I'll go
17  straight for the abbreviations -- the UAW and -- the UAW and
18  the IUE-CWA.

19         MR. BENNETT:  Good morning, Your Honor.  Steven
20  Bennett from Jones Day for the Retiree Committee.  With me
21  today is Paul Harner from our Chicago office.  I think the
22  Court graciously has granted him *pro hac vice* on appearance.

23         MR. HARNER:  Good morning, Your Honor.

24         MR. BENNETT:  He actually has most details about
25  negotiations issues of the Court wants to hear.

1  simply to let the other side know if there was a question of

2  authenticity that they had to deal with.  If there's a

3  question of relevance, we'll deal with it when the particular

4  exhibit is moved for admission.  As to the motions in limine,

5  I have read them.  I understand your positions and you can

6  renew them when the individual is either testifying or after

7  he's been qualified and if there's a necessity for voir dire,

8  it's possible, but there is no jury and under the

9  circumstances, it's certainly likely that I'll be, on both

10 sides, very willing to hear the testimony, as long as we can

11 get it done during the time we have, or expand the time if we

12 need to.

13          MR. BENNETT:  As long as there's a record of this

14 stuff, I think the Court could probably dispense with any

15 kind of argument on it and just conduct the proceedings

16 subject to the motions that have been filed.

17          THE COURT:  We can also hold the objections as to

18 qualifications until findings of fact and conclusions of law

19 after the hearing and -- because I think most of them

20 probably go, more than anything else, to the weight that

21 should be afforded to the testimony of the individual, his

22 background, his expertise and how much weight should be given

23 to -- to the opinions.

24          MR. BENNETT:  That's it for the tail, Your Honor.

25          THE COURT:  Thank you.

05-44481-rdd    Doc 3640-1    Filed 05/05/06    Entered 05/05/06 16:22:56    Exhibit A
Pg 5 of 9

1    MR. HAGAN: We are agreeable with that, as well,
2 Your Honor.
3    THE COURT: And just for the record, the concept of
4 the tail is not meant to be invidious at all. It's only
5 meant to take account of the amount of dollars at stake for
6 the various constituencies. I realize, and I know every
7 party participating in this proceeding realizes that the
8 dollars are very important and they ultimately are important
9 for individuals, but different constituencies, obviously,
10 have different dollar stakes overall and that's relevant
11 under the statute. Yes, sir?
12    MR. HAGAN: I believe the last item on the agenda,
13 and Counsel will correct me if I'm wrong, is actually one not
14 involving the debtors. It's a motion by the unions, I
15 believe, with respect to the joinder of the Creditors'
16 Committee and I don't know if they wanted to pursue that at
17 this time, but I believe that's the last item on the agenda.
18    MR. LEVINE: Your Honor, we stated our position in
19 the papers. We have no further comment.
20    THE COURT: All right. I think, under the Caldor
21 case, the Creditors' Committee is certainly entitled to be
22 heard. Whether and to what extent, obviously, remains to be
23 seen, but I'm not going to exclude them. Yes, ma'am?
24    MS. ROBBINS: Your Honor, before we get into trial
25 testimony, I just wanted to confirm on the record that given

1  the settlement or the tentative agreement that we've reached,

2  subject to ratification and Court approval, that the motion

3  and the objection of the Milwaukee Unions, with respect to

4  1113 and 1114, is held in abeyance.

5        THE COURT:  Does anyone wish to be heard with regard

6  to that treatment?

7        MR. HAGAN:  Yes, Your Honor.  With the tentative

8  agreement with the Milwaukee Unions, the debtors are in

9  agreement to hold the 1113 or 1113 and 1114 motions in

10 abeyance as to Ms. Robbins and the unions she represents.

11       MR. BENNETT:  The only very small bit has to do with

12 the motion for clarification.  I think that's been renewed.

13 It's up for the Court's determination.  I think that will be

14 part of the proceedings.  No need for argument at this point.

15       THE COURT:  All right.  Well, Ms. Goldstein, I very

16 much appreciate the efforts on both sides to come to an

17 agreement.  I repeat, once again, that I'm sure it's a much

18 better job than I could do and I know that the best thing I

19 can do is to say if you wish to stay, you're welcome, but if

20 you wish to leave, you're excused, either now or at

21 lunchtime.

22       MS. ROBBINS:  Yeah.  Thank you, Your Honor.  We are

23 going to work on documentation.

24       THE COURT:  All right.  I would hate to penalize

25 anyone who settles by requiring them to stay.

1  if you would like briefing in terms of conclusions of law and
2  fact.
3       THE COURT: It's -- whatever the parties wishes is
4  fine with me. I just don't want to lose track of the issue
5  and then find that we have a lengthy problem at the end when
6  everyone is running for an airplane or -- but at least for
7  those who are lucky enough not to live in New York.
8       Yes, sir?
9       MR. HAGAN: Yeah. I just have -- and maybe to that
10 end, maybe put on the record, I think something Steve and I
11 spoke about -- Mr. Bennett and I spoke about, which is the
12 parties did written objections to exhibits as part of your
13 scheduling order. So I -- my view would be, and certainly
14 counsel can disagree, if someone did not make a written
15 objection to an exhibit and it is offered with a witness, the
16 whole purpose of that is to sort of advance notice of
17 objections that on both sides those exhibits would come in.
18       Where there have been written objections and the
19 document is offered with the witness, that could be subject
20 to a written presentation at the end of the case in terms of
21 which exhibits should be admitted or not based on the
22 testimony and what weight it should be given. That'll be my
23 proposal.
24       THE COURT: Well, why don't the parties discuss that
25 overnight --

Colloquy    1.200

1  MR. HAGAN: Sure.
2  THE COURT: -- and see what we can do for the --
3  and, you know, for the simplest resolution of any issue, if
4  there is an issue.
5  MR. HAGAN: Sure. I anticipate we'll be able to
6  work it out, but we'll let you know if we can't.
7  THE COURT: I'm sure.
8  MR. HAGAN: Understood, Your Honor.
9  THE COURT: All right. What time shall we start
10  tomorrow? We're doing well. We could start at -- do you
11  want to start at 9:30 tomorrow or 10?
12  MR. HAGAN: Whatever is convenient for the Court.
13  THE COURT: Should we start at 9:30 and --
14  MR. BENNETT: No preference, Your Honor.
15  THE COURT: All right. We'll start at 9:30 then.
16  MR. HAGAN: 9:30 it is.
17  THE COURT: Thank you. Papers -- you might leave
18  them in the room next door. If you can box them up or we'll
19  lock the door. You can -- as far as I'm concerned, you can
20  leave them here. Or if you -- I think the -- do the Debtors
21  have a room that you're using for witnesses and --
22  MR. BENNETT: I believe so.
23  THE COURT: If you have a -- and, in fact -- and if
24  the other parties want a room we can try to find you a room,
25  too, if you have witnesses, but you can certainly leave the

Colloquy                                                          1.201

1   documents here.

2         (Counsel confer.)

3         THE COURT:  Thank you very much.

4         (Concluded at 5:37 p.m.)

5                         CERTIFICATION

6         I certify that the foregoing is a correct transcript

7   from the electronic sound recording of the proceedings in the

8   above-entitled matter to the best of my knowledge and

9   ability.

10
    _____          February 28, 2006
11  Coleen Rand
    Certified Court Transcriptionist/Agency Director
12

13

14

15

16

17

18

19

20

21

22

23

24

25