# EXHIBIT B

```
 1                        UNITED STATES BANKRUPTCY COURT
                           SOUTHERN DISTRICT OF NEW YORK
 2

 3                                         .
     IN RE:                                .    Case No. 05-44481
 4                                         .
     DELPHI CORPORATION,                   .    New York, New York
 5                                         .    Wednesday, March 22, 2006
                          Debtors.         .    2:18 p.m.
 6   . . . . . . . . . . . . . . . .

 7                         ****DRAFT TRANSCRIPT****

 8           TRANSCRIPT OF DRAFT EXCERPT:  COURT DECISION
              MOTION FOR APPOINTMENT OF EQUITY COMMITTEE
 9               SECTION 1102(a)(2) EVIDENTIARY HEARING
                BEFORE THE HONORABLE ROBERT D. DRAIN
10                    UNITED STATES BANKRUPTCY JUDGE

11

12                       ****DRAFT TRANSCRIPT****

13                                Note:
             The text contained herein will be incorporated
14       into the official filed transcript in this date's proceedings

15

16

17

18

19   Audio Operator:              Electronically Recorded
                                  by Court Personnel
20
     Transcription Company:       Rand Transcript Service, Inc.
21                                311 Cheyenne Road
                                  Lafayette, New Jersey  07848
22                                (973) 383-6977

23

24   Proceedings recorded by electronic sound recording,
     transcript produced by transcription service.
25
```

Draft-28

1  press, again, is truly irresponsible attack on the company.
2      So I will order the appointment of an official
3  equity committee.  I'm going to be very clear as to the -- my
4  expectation as to at least the -- my initial reaction to a
5  request by that committee for retention of professionals.
6      I do not believe that the proper functioning of a
7  committee of equity-holders at this time calls for the
8  appointment and retention of investment bankers, accountants
9  or actuaries, and a premise -- a fundamental premise in my
10 ruling is that I would not appoint such parties,
11 professionals at this time.
12     What an equity committee needs to do is to
13 understand through its own member's expertise, and I trust
14 that there will be sophisticated parties like Brandes on the
15 committee and through the assistance of its counsel, the
16 pressing issues of this case in respect of labor, pension,
17 other benefits and GM.
18     It needs to be informed, it needs to give the
19 debtors its views so that they can be taken into account as
20 the debtor proceeds.
21     To the extent that it feels it needs to do due
22 diligence on actuarial assumptions, I believe an appropriate
23 arrangement can be worked out with regard to the creditors
24 committee's actuaries.
25     I do not expect an equity committee or its