SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
David E. Springer (DS 9331)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
:
    In re                                 :        Chapter 11
:
DELPHI CORPORATION, et al.,    :        Case No. 05–44481 (RDD)
:
                   Debtors.   :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' RESPONSE TO MOTION OF INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND IMPLEMENT WORKERS OF AMERICA (UAW) TO
LIMIT PARTICIPATION IN HEARING ON SECTION 1113 AND SECTION 1114 MOTION**

1. Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this response (the "Response") to the Motion Of The International Union, United Automobile, Aerospace And Implement Workers Of America (the "UAW") To Limit Participation In The Hearing On Delphi's Section 1113 And Section 1114 Motion, dated April 26, 2006 (the "Motion"), and respectfully represent as follows:

Procedural Background

2. On May 9, 2006, this Court is scheduled to begin the hearing on the Debtors' Motion For Order Under 11 U.S.C. § 1113(c) Authorizing Rejection Of Collective Bargaining Agreements And Under 11 U.S.C. § 1114(g) Authorizing Modification Of Retiree Welfare Benefits, dated March 31, 2006 (Docket No. 3035) (the "1113/1114 Motion").

3. Wilmington Trust Company ("Wilmington"), Appaloosa Management L.P. ("Appaloosa"), and Wexford Capital LLC (together with Wilmington and Appaloosa, the "Objectors") have filed objections to the 1113/1114 Motion. Delphi's official committee of unsecured creditors (the "Creditors' Committee") filed a response in support of the 1113/1114 Motion. By its Motion, the UAW seeks to exclude the Objectors and the Creditors' Committee from participation in the hearing on the 1113/1114 Motion. [1]

Argument

4. As this Court is aware, when the Debtors first considered the question of discovery for parties other than the unions in connection with the 1113/1114 Motion, the Debtors asserted that the Court should be guided by the decision of the United States Court of Appeals

---

[1] General Motors Corporation also filed preliminary and supplemental responses to the 1113/1114 Motion, and the affected unions filed objections to the 1113/1114 Motion. The UAW's Motion is not directed at any of these parties.

1

for the Seventh Circuit in In re UAL Corp., 408 F.3d 847, 851 (7th Cir. 2005). In UAL Corp., the court held that the term "interested party" for purposes of 11 U.S.C. § 1113 was not coincident with "party in interest" under 11 U.S.C. § 1109(b) and that therefore a fiduciary of the debtors' defined benefit plans could not participate in the collective bargaining agreement rejection hearing. The court stated that "[t]here is no reason to include in the § 1113 proceeding any person or entity whose consent would be unnecessary to a voluntary change in the [collective bargaining] agreement." 408 F.3d at 851.

5. This Court on May 1, 2006 ruled that Appaloosa should be granted discovery in respect of the 1113/1114 Motion. In compliance with that ruling, the Debtors subsequently provided to and permitted Appaloosa and Wilmington to participate in the discovery that the Debtors have given to their unions, as well as certain additional limited discovery. The Debtors have also prepared for the hearing on the 1113/1114 Motion with the expectation that all of the Objectors would participate in the hearing.

6. In light of the Court's oral ruling on May 1, the Debtors now take no position on the merits of the UAW's Motion except with respect to the participation of the Creditors' Committee and the official committee of equity security holders (the "Equity Committee" and, together with the Creditors' Committee, the "Statutory Committees"). The Debtors believe that the Statutory Committees do have standing to appear at and participate in the hearing on the 1113/1114 Motion. See, e.g., Term Loan Holder Comm. v. Ozer Group, L.L.C. ( In re The Caldor Corp.), 303 F.3d 161, 175 (2d Cir. 2002) (11 U.S.C. § 1109(b) allows creditors' committee to intervene on "any issue in the case," whether arising in adversary proceeding or contested matter).

Notice Of Response

7.      Notice of this Response has been provided in accordance with the Fifth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered May 5, 2006 (Docket No. 3629).  In the circumstances, the Debtors submit that no other or further notice is necessary.

Memorandum Of Law

8.      Because the legal points and authorities upon which this Response relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, the Debtors respectfully request that this Court enter an order (a) permitting the Statutory Committees to participate in the hearing on the 1113/1114 Motion and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
      May 5, 2006

                        SKADDEN, ARPS, SLATE, MEAGHER
                            & FLOM LLP

                        By: /s/ John Wm. Butler, Jr.
                            John Wm. Butler, Jr. (JB 4711)
                            David E. Springer (DS 9331)
                            Ron E. Meisler (RM 3026)
                        333 West Wacker Drive, Suite 2100
                        Chicago, Illinois 60606
                        (312) 407-0700

                                - and -

                        By: /s/ Kayalyn A. Marafioti
                            Kayalyn A. Marafioti (KM 9632)
                            Thomas J. Matz (TM 5986)
                        Four Times Square
                        New York, New York 10036
                        (212) 735-3000

                        Attorneys for Delphi Corporation, et al.,
                            Debtors and Debtors-in-Possession