## Fera, Elaine M.

| | |
|---|---|
| **From:** | Springer, David [DSPRINGE@skadden.com] |
| **Sent:** | Wednesday, April 26, 2006 12:35 PM |
| **To:** | Fox, Edward M. |
| **Cc:** | Jerman, Tom; Butler, Jr., John (Jack) Wm; Mark.Broude@lw.com |
| **Subject:** | Delphi -- WTC's Discovery Requests re Section 1113/14 Motion |
| **Attachments:** | LettertoEdFox.pdf |

Dear Ed,

Please see the attached responding to WTC's discovery requests.

Best regards,

David E. Springer
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606
312/407-0536
312/407-0411 (preferred fax)
312/407-8524 (direct fax)
773/490-5592 (mobile)
dspringe@skadden.com

---

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This e-mail and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any e-mail, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

05/05/2006

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

333 WEST WACKER DRIVE

CHICAGO, ILLINOIS 60606-1285

(312) 407-0700

FAX: (312) 407-0411

http://www.skadden.com

DIRECT DIAL
312-407-0536
DIRECT FAX
312-407-9524
EMAIL ADDRESS
DSPRINGE@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

April 26, 2006

Edward M. Fox, Esq.
Kirkpatrick & Lockhart Nicholson
  Graham LLP
599 Lexington Avenue
New York, New York 10022-6030

RE: In re Delphi, Inc., et al., No. 05-44481 (RDR), WTC's discovery requests in connection with the Debtors' Section 1113/14 Motion

Dear Ed:

I write with respect to the discovery requests directed to the Debtors by Wilmington Trust Company, as indenture trustee (WTC), relating to the Debtors' Section 1113/14 Motions. The Debtors will not agree to entertain formal discovery requests by WTC in connection with the Motions, but they are prepared voluntarily to provide some information to WTC, subject to designation of such materials as "highly confidential" under the extant protective order with WTC, and with a full reservation of rights (including no prejudice to the Debtors' right to strike WTC's objections to the Motion), on the following terms and conditions:

1. The Debtors would issue a limited number of passwords for WTC's professionals to review the Section 1113/1114 information database that has been established by the Debtors and which the Debtors believe contains relevant Section 1113/1114 information.

2. To the extent that the unions under the collective bargaining agreements or the Debtors schedule depositions of each others' witnesses, the Debtors' would permit WTC to attend such depositions and to have access to the deposition transcripts. All

Edward M. Fox, Esq.
April 26, 2006
Page 2

such depositions are subject to time limitations based on the meet and confer agreements between the unions and the Debtors.

3. To the extent that the unions under the collective bargaining agreements or the Debtors exchange documentary discovery between them, the Debtors would provide copies to WTC.

You should understand that our view of WTC's standing to objection to the Motions, and therefore the validity of its preliminary objection and discovery requests, is informed by the Seventh Circuit's decision in the IFS case, *In re UAL Corp. (IFS)*, 408 F.3d 847 (7th Cir.2005). This decision, written by Judge Easterbrook, involved (1) a request to participate in the hearing rather than the 1113 negotiations; and (2) an analysis of the statutory language, including the definition of "interested party." IFS was the independent fiduciary appointed by United for its defined benefit pension plans, and it sought to participate in the 1113 hearing on the theory that it was obligated to defend the interests of the beneficiaries. Judge Easterbrook's succinct analysis is worth quoting in full. After finding that IFS had the right to seek an interlocutory appeal of the ruling denying its request to participate in the hearing, he wrote:

> The merits are easier. Although the Bankruptcy Code does not define the term "interested party," and no appellate decision has addressed its meaning, it is most naturally read to mean "party to the collective bargaining agreement" or a guarantor of that contract. IFS wants us to treat it as equivalent to the term "party in interest" under § 1109(b), on which see *FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 284 (7th Cir. 2002), and thus as including any person with a financial stake in the employer's performance of the collective bargaining agreement, but that would make § 1113 proceedings unmanageable. Section 1109(b) defines who is a party to the bankruptcy; the set of "interested parties" for particular purposes such as § 1113 must be its subset. Otherwise every employee individually would have to be notified and allowed to participate when the employer proposes to reject a collective bargaining agreement, though for every other purpose the union acts as the employees' representative; more, every retiree would receive separate notice and an opportunity to be heard; tax collectors, unsecured creditors that might gain if the debtor altered its obligations to labor-the list would go on and on.

Edward M. Fox, Esq.
April 26, 2006
Page 3

> Labor and management are free to change their agreements without any complaint by individual workers or pensioners-or for that matter by other third-party beneficiaries, including pension fiduciaries. What labor and management may do voluntarily, the court may accomplish in a § 1113 proceeding. There is no reason to include in the § 1113 proceeding any person or entity whose consent would be unnecessary to a voluntary change in the agreement. All of the legally protected interests are represented by labor, management, and the Pension Benefit Guaranty Corporation. Because IFS is not entitled to block a change in the collective bargaining agreements, it also is not entitled to participate in the litigation as an "interested party."

In a subsequent decision in the UAL cases, the Seventh Circuit relied on its earlier opinion for the proposition that only parties to the collective bargaining agreement, and guarantors under the agreement, may participate in the § 1113 proceedings.

Accordingly, the Debtors do not believe that WTC has standing to object or take discovery in connection with the Section 1113/1114 Motion.

Please let me know whether the voluntary approach that I outlined at the beginning of this letter is acceptable to WTC in lieu of any other discovery.

Sincerely,

/s David E. Springer

David E. Springer