Hearing Date and Time:  May 9, 2006 at 10:00 a.m.

Bruce H. Simon (BS 2597)
Babette A. Ceccotti (BC 2690)
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York  10036
(212) 563-4100

   -and -

Niraj R. Ganatra
International Union, UAW
8000 East Jefferson Avenue
Detroit, Michigan  48214
(313) 926-5216

Attorneys for International Union, United
Automobile, Aerospace and Agricultural
Implement Workers of America (UAW)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
:
In re:                                                            :     Chapter 11
:
DELPHI CORPORATION, *et al.,*                                     :     Case No. 05-44481 (RDD)
:     (Jointly Administered)
                                                     Debtors.     :
:
------------------------------------------------------------------x

OMNIBUS REPLY OF INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA IN SUPPORT OF MOTION TO LIMIT
PARTICIPATION IN THE HEARING ON
<u>DELPHI'S SECTION 1113 AND SECTION 1114 MOTION</u>

International Union, United Automobile, Aerospace and Agricultural Implement

Workers of America (the "UAW" or the "Union"), by its undersigned counsel, replies as follows

to the objections to UAW's motion for an order pursuant to 11 U.S.C. §§ 1113(d)(1) and 1114(k)

00090609.DOC.2

limiting participation in the hearing on Delphi Corporation's Section 1113 and Section 1114 Motion to "interested parties" ("UAW's Motion") filed by the Official Committee of Unsecured Creditors, certain Shareholders, Wilmington Trust Company, Mercedes-Benz U.S International, Inc., the Ad Hoc Committee of Trade Claimants (collectively, the "Objectors") and the Debtors:[1]

None of the Objectors Has Stated an Interest
<u>Other Than a Mere Financial Stake in the Outcome</u>

Five Objectors have expressed their intention to participate in the Debtors' Section 1113/1114 Motion, a hearing which will encompass collective bargaining agreements involving five labor unions. The principal litigation parties have identified dozens of witnesses and submitted voluminous briefs and supporting material covering a large number of legal, financial and other factual material bearing on the issue of whether Delphi Corporation has met its burden under Section 1113 and Section 1114. The Objectors have expressed, at best, the type of indirect financial interest in the outcome of the Debtors' Section 1113/ Section 1114 Motion that the Court of Appeals in *In re UAL Corp.*, 403 F.3d 847 (7th Cir. 2005), determined to be

---

[1] *See* Objection of Wilmington Trust Company, as Indenture Trustee, to Motion of UAW to Limit Participation in the Hearing on Debtors' Section 1113/1114 Motion and Sur-Reply to Debtors' Omnibus Reply Memorandum in Support of 1113/1114 Motion [Docket No. 3644] (the "Wilmington Trust Objection"); Objection of the Shareholders to the Motion of International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) to Limit Participation in the Hearing on Delphi's Section 1113 and Section 1114 Motion [Docket No. 3640] (the "Shareholders Objection"); Objection of the Official Committee of Unsecured Creditors to the Motion of International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) to Limit Participation in the Hearing on Delphi's Section 1113 and Section 1114 Motion [Docket No. 3631] (the "Committee's Objection"); Limited Objection of Ad Hoc Trade Committee to Motion of International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) to Limit Participation in the Hearing on Delphi's Section 1113 and Section 1114 Motion [Docket No.3634] (the "Ad Hoc Committee's Objection"); Objection of Mercedes-Benz U.S. International, Inc., to the Motion of International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) to Limit Participation in the Hearing on Delphi's Section 1113 and Section 1114 Motion [Docket No. 3622] (the "MBUSI Objection"); *see also* Debtors' Response to Motion of International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) to Limit Participation in Hearing on Section 1113 and Section 1114 Motion [Docket No. 3643] (the Debtors' Response").

insufficient for participation in a hearing under Section 1113(d). For example, the Shareholders declare that they "have a direct financial stake in the outcome of the case" and express concern about the distribution to equity. Shareholders' Objection ¶ 20. The Creditors' Committee does not want to be sidelined from an important hearing and cites its constituency's generalized interest in matters in the case. Committee Objection ¶¶ 2, 18. Wilmington Trust makes an attenuated argument regarding the potential obligations of Delphi Corporation and/or certain affiliates, and the possible effect on Delphi Corporation creditors. Wilmington Trust Objection ¶¶ 33-34. The Ad Hoc Trade Committee is principally concerned with the objections to the Section 1113/1114 Motion that are raised by Wilmington Trust and the Shareholders regarding the potential effect of rejection on trade creditors' claims. Ad Hoc Trade Objection ¶¶ 2-3. MBUSI states that it has specific "pecuniary" interests in the outcome of the hearing, "as a customer and a creditor of the debtor." MBUSI Objection ¶ 7. While the Objectors express near disbelief at UAW's Motion based upon the *UAL Corp.* ruling, *e.g.*, Shareholders Objection ¶ 2, in the end, their arguments are unpersuasive.

Other than with respect to MBUSI,[2] the issues raised by the Objectors are directed at the ultimate outcome of the bankruptcy case rather than the specific issues in dispute in the Section 1113/1114 Motion. The focus of a hearing under Section 1113 and Section 1114 is whether the debtor has met its burden to regarding rejection of the collective bargaining agreement and modification of retiree health benefits under Section 1113(c) and Section 1114 (g). The focus of the Objectors, by contrast, is on ultimate creditor recoveries, or which debtor entity will be ultimately responsible for distributions to creditors, or related matters that are even

---

[2] MBUSI states two specific issues involving its customer contract and the potential impact of a work stoppage. MBUSI thus demonstrates a potential impact of the consequences of the Debtors' motion that is likely a concern of any number of other customers as well.

-3-

less ripe for determination than UAW believes the Section 1113/1114 Motion to be. *E.g.*, Wilmington Objection ¶¶ 33-34. UAW has raised grave objections to Delphi's deeply flawed Section 1113/1114 litigation strategy. The outcome of the litigation will be critical for tens of thousands of UAW-represented employees, retirees and their families and communities and the Union's future bargaining relationship with Delphi. These are the issues at stake in Delphi's Section 1113/1114 Motion, not the pecuniary concerns of various stakeholders awaiting their determined place in Delphi's plan of reorganization. The court in *UAL Corp*. correctly recognized that the collective bargaining interests at issue in Section 1113 are the same whether the parties are bargaining outside of the litigation process or the litigation process itself and that the "interested parties" entitled to participate at the hearing should be limited accordingly.[3]

The Shareholders endeavor to link their distribution and other plan-related concerns to the "fair and equitable" test under Section 1113(b)(1)(A), which requires that the debtor's proposal contain only those necessary modifications that are necessary to permit the reorganization of the debtor and ensures that "creditors, the debtor and all of the affected parties are treated fairly and equitably." Shareholders Objection ¶¶ 23-24. But the "fair and equitable" requirement is not a vehicle for financial constituencies to stake their claims to an ultimate recovery in the case through the Section 1113/1114 proceeding. Instead, the requirement is meant to protect employees from overreaching by the debtor: the purpose of the "fair and equitable provision is to ensure that employees do not "bear either the entire financial burden of making the reorganization work or a disproportionate share of that burden." 130 Cong. Rec. H7496 (daily ed. June 29, 1984) (*See* Memorandum of UAW in Support of UAW's Objection to

---

[3] Judge Gropper's brief remarks in the *Tower Automotive* case, cited by the Shareholders, are not dispositive here, nor a definitive rejection of the unions' position given the expressed doubt regarding the extent of participation by the creditors' committee in *Tower*.

Debtors' Motion Under 11 U.S.C. § 1113(c) Authorizing Rejection of Collective Bargaining Agreements and Under 11 U.S.C. §1114(g) Authorizing Modification of Retiree Health Benefits ("UAW 1113 Mem."), pp. 44-45 (describing "fair and equitable" prong of Section 1113 test).

The Shareholders do not argue that the Debtors' proposals are too harsh and fall too heavily on the employees. Instead, they are looking beyond the substance of the rejection motion itself to the effect on their recoveries. *See* Appaloosa's Supplemental Objection ¶ ¶ 65 (expressing concern regarding the "impact the [rejection] relief may have on distributions in these cases").[4] Thus, even though the Court must determine whether Delphi has met its burden under Section 1113(b)(1)(A), that determination is very different from the message the Shareholders seek to convey by their participation in the hearing.

Section 1109(b) Does Not Entitle the Objectors to Full Participation at the Hearing

The Shareholders, the Committee and Wilmington Trust assert that the terms "interested parties" under Section 1113(d) and "parties in interest" under Section 1109(b) are the same, citing *In re Sandhurst Securities*, 96 B.R. 451 (Bankr. S.D.N.Y. 1989). But the discussion in that case regarding standing to challenge a trustee election does not support a similar conclusion applicable to Section 1113(d). The term "interested parties" at issue in *Sandhurst* did not appear in either a Code provision or in Bankruptcy Rule 2003, the rule applicable to the disputed election. Instead, the court found a "glimmer of evidence" in the use of the term in an Advisory Committee note to Bankruptcy Rule 2003 lending some support to the court's conclusion regarding the applicable standing rule. The court's ruling was that pre-Code case

---

[4] *See also* Limited Objection of Wilmington Trust Company, as Indenture Trustee, to Motion for Order Under 11 U.S.C. §1113(c) Authorizing Rejection of Collective Bargaining Agreements and Under 11 U.S.C. §1114(g) Authorizing Modification of Retiree Welfare Benefits [Docket No. 3353] ("Wilmington's Limited Objection") ¶¶ 2, 4 (seeking "an affirmative showing by Delphi that creditors – as opposed to U.S. operating subsidiaries – will receive an overall positive economic benefit" from rejection of the agreements).

law limiting standing to challenge a trustee election continued to apply under the Code to preclude an unsuccessful candidate for trustee from challenging the election, and the commentary could not be read to change the undisputed pre-code case law. *Sandhurst*, 96 B.R. at 455. The court's observation there simply does not inform the particularized and integrated provisions of Section 1113 or Section 1114.[5]

The Objectors' argument that they are entitled to participate as Section 1109(b) "parties in interest" under the decision in *In re Caldor Corp.,* 303 F.3d 161 (2d Cir. 2002), is also unavailing. Section 1113 and 1114 contain separate provisions for participation in hearings under those sections. *Caldor* cannot be read to say that, where a proceeding under the Code contains its own rule for participation, Section 1109(b) nonetheless applies to override it.[6] The court in *UAL Corp.* interpreted "interested parties" to reflect the purpose of Section 1113, which provides for a specialized process that incorporates collective bargaining into the procedures for seeking modifications to a collective bargaining agreement.

It is entirely logical that a hearing to determine whether the enumerated standards have been met would be designed in a manner consistent with the pre-litigation process. The tests to be met under Section 1113(b) and (c) relate principally to the pre-hearing conduct of the debtors and its bargaining with the union, processes that other parties do not participate in and

---

[5] Also searching for clues beyond the language of the statute itself, Wilmington Trust contends that the term "interested party" in Section 1113(d) is at least as expansive as "party in interest" based upon legislative commentary regarding the term "affected party" found in Section 1113(b)(1)(A). In the commentary, however, the statement refers to the requirement applicable to the debtor's proposal, not participation at the hearing.

[6] Bankruptcy Rule 2018, cited by Wilmington Trust, also supports a more limited reading than automatic participation under Section 1109(b). Under the rule, an "interested entity" may seek leave to participate in a particular matter "for cause." The rule would apply where an entity was not otherwise entitled to participate based upon the applicable standing provision, which in this case in Section 1113(d). Indeed, Wilmington seeks leave to participate in the hearing as an alternative to its argument for automatic participation.

are not in a position to litigate. The court's ruling in *Caldor* liberalizing Section 1109(b) participation to encompass adversary proceedings in general (and referencing generic contested matters) does not require that the Objectors be allowed to participate in the Section 1113/1114 hearing where a specialized process limits the participants.[7]

The Creditors' Committee and the Equity Committee Do Not Have Special Rights to Participate

The Debtors have apparently retreated from their opposition to participation in the hearing by Appaloosa Management. Initially, the Debtors' view was that the Shareholders and Wilmington did not having standing, based upon the *UAL Corp.* case.[8] Now, citing only *Caldor*, the Debtors "take no position" on the substance of UAW's motion except to say that the official committees should be able to participate. *See* Debtors' Response ¶ 6. But this Court has already ruled that the Equity Committee, once operational, should not "inject itself into negotiations between or among the Debtors, the unions and GM." Order Pursuant to 11 U.S.C. § 1102(a)(2) Directing the United States Trustee to Appoint an Equity Committee in These Chapter 11 Cases, ¶ 5 [Docket No. 3024]. Whatever informational rights the Committee may have under the appointment order are not tantamount to full participation in the Section 1113/1114 hearing.

With respect to the Creditors' Committee, it is not surprising that Delphi wants the Committee's full participation given the blindly supportive response filed by the Committee to the Section 1113 and Section 1114 Motion. *See* Response of the Official Committee of Unsecured Creditors in Support of the Debtors' Motion for Order Under 11 U.S.C. § 1113(c)

---

[7] The Committee and the Shareholders attempt to distinguish themselves from the independent fiduciary denied participation in *UAL Corp.* under the mistaken view that the plan fiduciary took no position regarding United's rejection motion. In fact, the independent fiduciary intended to oppose rejection. *See UAL Corp.*, 403 F.3d at 849.

[8] Supplemental Objection of Appaloosa Management L.P. and Wexford Capital LLC to the Debtors' Motion for Order Under 11 U.S.C. §1113(c) Authorizing Rejection of Collective Bargaining Agreements and Under 11 U.S.C. §1114(g) Authorizing Modification of Retiree Welfare Benefits [Docket No. 3356], Exhibit A.

Authorizing Rejection of Collective Bargaining Agreements and Under 11 U.S.C. § 1114(g) Authorizing Modification of Retiree Welfare Benefits [Docket No. 3561] ("Committee's Section 1113 Response").  The Committee has merely parroted the Debtors' position in favor of rejection, citing the company's declarants and having conducted apparently very little independent review, even regarding such obviously contested matters as whether the unions were provided with adequate information and the nature of the discussions between the parties.  *See e.g.*, Committee's Section 1113 Response ¶¶ 31, 41.  Although UAW sees no difference between the Committee and the other Objectors from the standpoint of participation under Section 1113(d), surely a starting premise must be that the Committee claiming special participation rights should have something to contribute at such a hearing.  An imitative pleading that merely adopts all of the Debtors arguments by rote contributes absolutely nothing.

Finally, Wilmington Trust seeks leave to participate, as its alternative position, citing its interest on behalf of Delphi Corporation creditors.  However, even if a single stakeholder could be an appropriate self-appointed representative of such creditors, the alleged interest that Wilmington seeks to protect is difficult to discern, at least with respect to the Section 1113/1114 Motion.  Wilmington's notion that the Delphi subsidiaries are in some way the actual "employers" of the unionized workforce, even though the parties to the principal collective bargaining agreement, known as the National Agreement, are UAW and Delphi Corporation, suggests issues that, at best, are better left for plan negotiations and/or the claims process.  Wilmington thus has not shown "cause" to participate at the Section 1113/1114 hearing citing only this attenuated interest.[9]  Here again, Wilmington's principal concern is recoveries, not the substance of the Section 1113/1114 Motion.[10]

---

[9] The Committee's contention that UAW's Motion does not comply with the applicable case management rules is misplaced.  UAW's motion related to the Section 1113/1114 hearing and was

## CONCLUSION

For the foregoing reasons, UAW respectfully requests entry of an order granting its motion and excluding the Objectors from participation in the hearing on the Debtors' Section 1113 and Section 1114 Motion.

Dated: May 8, 2006
      New York, NY

    /s/ Babette A. Ceccotti
Bruce H. Simon (BS 2597)
Babette A. Ceccotti (BC 2690)
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100

-and-

    /s/ Niraj Ganatra
Niraj R. Ganatra
International Union, UAW
8000 East Jefferson Avenue
Detroit, Michigan 48214
(313) 926-5216

Attorneys for UAW

---

therefore set for the same day rather than an omnibus hearing date. Thus, the 20-day rule applicable to omnibus hearing date motion does not apply. Notice was provided consistent with the ten-day requirement of Local Rule 9006-1. In any event, the Committee does not seem to have been prejudiced by the notice period in submitting its response.

[10] Limited Objection of Wilmington Trust Company, as Indenture Trustee, to Motion for Order Under 11 U.S.C. §1113(c) Authorizing Rejection of Collective Bargaining Agreements and Under 11 U.S.C. §1114(g) Authorizing Modification of Retiree Welfare Benefits [Docket No. 3353] ("Wilmington's Limited Objection").