IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

# AFFIDAVIT OF PUBLICATION OF CHRISTINE SCHLIEGER IN THE DAILY TELEGRAM

AFFIDAVITS OF PUBLICATION

7(a)(1) of the Bankruptcy Code as an administrative expense of the Debt- apter 11 cases;
ıy Person or Entity which asserts a Claim solely on the basis of future n or other post-employment benefits, including, without limitation, retiree care and life insurance; provided, however, that any such Person or Entity wishes to assert a Claim against any of the Debtors based on anything han future pension or other post-employment benefits must file a proof of ın or prior to the General Bar Date;[1]
ıy Debtor or any direct or indirect subsidiary of any of the Debtors in which btors in the aggregate directly or indirectly own, control or hold with power , 50 percent or more of the outstanding voting securities of such subsid-

ıy Person or Entity whose Claim against a Debtor previously has been d by, or paid pursuant to, an order of the Bankruptcy Court;
ıy holder of a Claim arising under or in respect of any of the following issu- of Delphi Corporation senior and junior subordinated unsecured debt a "Noteholder"): (i) those certain senior unsecured securities bearing st at 6.55% and maturing on June 15, 2006; (ii) those certain senior unse- securities bearing interest at 6.50% and maturing on May 1, 2009; (iii) certain senior unsecured securities bearing interest at 6.50% and matur- August 15, 2013; (iv) those certain senior unsecured securities bearing st at 7.125% and maturing on May 1, 2029; (v) those certain 8.25% junior linated notes due 2033; or (vi) those certain adjustable-rate junior sub- ted notes due 2033 (collectively, the "Unsecured Securities"), other than denture trustees of the Unsecured Securities; provided, however, that any older who wishes to assert a Claim against the Debtors that is not based upon the outstanding prepetition principal and interest due on account of ıership of such Unsecured Securities must file a proof of claim on or prior General Bar Date in respect of such Claim; and
ny holder of equity securities of, or other interests in, the Debtors solely espect to such holder's ownership interest in or possession of such equity ties, or other interest; provided, however, that any such holder which s to assert a Claim against any of the Debtors that is not based solely upon nership of the Debtors' securities, including, but not limited to, Claims for ges or recision based on the purchase or sale of such securities, must file a of claim on or prior to the General Bar Date in respect of such Claim.
notice is being sent to many persons and entities which have had some ınship with or have done business with the Debtors but may not have an d claim against the Debtors. The fact that you have received this Notice ıot necessarily mean that you have a claim or that the Debtors or the Bank- Court believe that you have a claim against the Debtors.

**xecutory Contracts And Unexpired Leases.** Any person or entity which claim arising from the rejection of an Executory Contract must file a proof m on account of such claim against the Debtors on or before the later of General Bar Date or (b) 30 calendar days after the effective date of such on or such other date as fixed by the Bankruptcy Court in an order authoriz- ch rejection.

**mended Schedule Bar Date.** If the Debtors amend the Schedules on or the date of this Notice (listed below) to reduce the undisputed, noncon- t, and liquidated amounts or to change the nature or classification of a against a Debtor reflected therein, the bar date for filing a proof of claim in ct of such amended schedule claim is the later of (a) the General Bar Date 30 calendar days after a claimant is served with notice that the Debtors amended their Schedules.

**onsequences Of Failure To File A Proof Of Claim By The General Bar** ANY HOLDER OF A CLAIM WHICH IS NOT EXCEPTED FROM THE REQUIRE- S OF THIS NOTICE, AS SET FORTH IN SECTION 4 ABOVE, AND WHICH TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM, WILL BE ED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR TER 11 ESTATES, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED ESE CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBT- CASES ON ACCOUNT OF SUCH CLAIM.

**he Debtors' Schedules And Access Thereto.** You may be listed as the r of a claim against the Debtors in any of the Debtors' Schedules of Assets iabilities and/or Schedules of Executory Contracts and Unexpired Leases. letermine if and how you are listed on any of the Schedules, please review chedules, copies of which are available as provided below.
set forth above, if you agree with the nature, amount, and status of your as listed in any of the Debtors' Schedules, and if your claim is not described sputed," "contingent," or "unliquidated," you need not file a proof of claim. wise, or if you decide to file a proof of claim, you must do so before the Gen- ar Date in accordance with the procedures set forth in this Notice.
ies of any of the Debtors' Schedules are available for inspection online p://www.delphidocket.com or on the Court's Internet Website at http: v.nysb.uscourts.gov. A login and password to the Court's Public Access to onic Court Records ("PACER") are required to access this information on ourt's Internet Website and can be obtained through the PACER Service r at http://www.pacer.psc.uscourts.gov. No login or password is required cess this information on the Debtors' Legal Information Website (http:// delphidocket.com). Copies of any of the Schedules may also be examined en the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New New York 10004-1408.
older of a possible claim against any of the Debtors should consult an attor- egarding any matters not covered by this Notice, such as whether the holder d file a proof of claim.

l: New York, New York, April 12, 2006 BY ORDER OF THE COURT

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

Wm. Butler, Jr., John K. Lyons, . Meisler, 333 West Wacker , Suite 2100, Chicago, Illinois 6

Kayalyn A. Marafioti (KM 9632), Thomas J. Matz (TM 5986), Four Times Square, New York, New York 10036

orneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession

**FOR ADDITIONAL INFORMATION:**

i Restructuring Information Hotline: ee: (866) 688-8740 ıational: (248) 813-2602

Delphi Legal Information Website: http://www.delphidocket.com

bar date for the filing of Proofs of Claim on account of Claims arising from ication to or termination of future pension or other post-employment ben- vill be determined pursuant to an order of the Bankruptcy Court approving modification or termination.

---

STATE OF MICHIGAN
County of Lenawee
City of Adrian

Christine Schlieger being first duly sworn, says that she is the PRINCIPAL CLERK of The Daily Telegram a newspaper published in the English language for the dissemination of local or transmitted news and intelligence of a general character, which is a duly qualified newspaper, and that annexed here to is a copy of a certain order taken from said newspaper, in which the order was published on the April 18 day of 2006

Paid ______ Amount Due ______

C Schlieger

Subscribed and sworn to before me this day of April 21 2006

Sheri L. Myers
Notary Public, Lenawee County, Michigan
My Commission Expires: June 17, 2010

DailyTelegram

Call 265-5111 for Home Delivery of The Daily Telegram

DailyTelegram

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM**

TO ALL CREDITORS OF THE DEBTORS, AND OTHER PARTIES-IN-INTEREST:

PLEASE TAKE NOTICE THAT:

In accordance with an order entered on April 12, 2006 by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the above-captioned chapter 11 cases (the "Bar Date Order"), **5:00 p.m. Eastern Time on July 31, 2006 (the "General Bar Date")** has been established as the last date for each person or entity (including individuals, partnerships, corporations, limited liability companies, estates, trusts, unions, indenture trustees, the United States Trustee, and governmental units) (individually, a "Person" or "Entity," and collectively, "Persons" or "Entities") to file a proof of claim in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). A list of all Debtors in these chapter 11 cases is attached hereto as Exhibit A.

On October 8, 2005, Delphi and certain of its U.S. subsidiaries filed voluntary petitions in the Bankruptcy Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary petitions in the Bankruptcy Court for reorganization relief under the Bankruptcy Code. The term "Petition Date" shall mean the date on which each Debtor filed its chapter 11 bankruptcy petition as set forth on Exhibit A attached hereto. The General Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before the applicable Petition Date, except for those holders of the claims listed in Section 4 below which are specifically excluded from the General Bar Date filing requirement.

**1. Who Must File A Proof Of Claim.** You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim against any of the Debtors that arose prior to the applicable Petition Date, and such claim is not one of the types of claim described in Section 4 below. Claims based on acts or omissions of the Debtors that occurred before the applicable Petition Date must be filed on or prior to the General Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the applicable Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2. What To File.** The Debtors are enclosing a proof of claim form which you may use to file any claim you may have in these cases. If the Debtors scheduled you as a creditor in any of the Debtors' schedules of assets and liabilities (as amended from time to time, the "Schedules"), the form sets forth the amount of your claim as scheduled and whether the claim is scheduled as disputed, contingent, or unliquidated. Additional proof of claim forms may be obtained at http://www.uscourts.gov/bkforms/index.html or at http://www.delphidocket.com.

All proofs of claim must be signed by the claimant or, if the claimant is not an ndividual, by a claimant's authorized agent. All proofs of claim must be written n English and be denominated in United States currency. You should attach to /our completed proof of claim any documents on which the claim is based (if /oluminous, attach a summary) or an explanation as to why the documents are not available.

If any supporting documentation provided with any proof of claim contains confidential information, such documentation will be subject to examination only by the party asserting the claim, the Debtors, the Debtors' counsel and advisers, the United States Trustee, counsel and advisers to the official committee of unsecured creditors appointed in these chapter 11 cases, Kurtzman Carson Consultants, LLC, the claims and noticing agent in these chapter 11 cases, and any personnel of the United States Bankruptcy Court for the Southern District of New York in the performance of their official duties, and such entities have been ordered to maintain the confidentiality of all supporting documentation to any proof of claim and the information contained therein.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and each holder of a claim must identify on its proof of claim the specific Debtor against which its claim is asserted and the case number of that Debtor's reorganization case. A list of the names of the Debtors and their reorganization case numbers is attached hereto as Exhibit A.

**3. When And Where To File.** Except as provided for herein, all proofs of claim must be filed so as to be received no later than **5:00 p.m. Eastern Time on July 31, 2006** at the following address:

| If sent by mail: | If sent by messenger or overnight courier: |
|---|---|
| United States Bankruptcy Court | United States Bankruptcy Court |
| Southern District of New York | Southern District of New York |
| Delphi Corporation Claims | Delphi Corporation Claims |
| Bowling Green Station | One Bowling Green |
| P.O. Box 5058 | Room 534 |
| New York, New York 10274-5058 | New York, New York 10004-1408 |

**Proofs of claim will be deemed filed only when actually received at the addresses above on or before the General Bar Date.** Proofs of claim may not be delivered by facsimile, telecopy, or electronic mail transmission.

Governmental units must file proofs of claims in these chapter 11 cases on or prior to the General Bar Date.

**4. Who Need Not File A Proof Of Claim.** You do not need to file a proof of claim on or prior to the General Bar Date if you are:

(a)Any Person or Entity (i) which agrees with the nature, classification, and amount of its Claim set forth in the Schedules and (ii) whose Claim against a Debtor is not listed as "disputed," "contingent," or "unliquidated" in the Schedules;

(b)Any Person or Entity which has already properly filed a proof of claim against the correct Debtor;

(c)Any Person or Entity which asserts a Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

(d)Any Person or Entity which asserts a Claim solely on the basis of future pension or other post-employment benefits, including, without limitation, retiree health care and life insurance; provided, however, that any such Person or Entity which wishes to assert a Claim against any of the Debtors based on anything other than future pension or other post-employment benefits must file a proof of claim on or prior to the General Bar Date;[1]

(e)Any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control or hold with power to vote, 50 percent or more of the outstanding voting securities of such subsidiary;

(f) Any Person or Entity whose Claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Bankruptcy Court;

(g)Any holder of a Claim arising under or in respect of any of the following issuances of Delphi Corporation senior and junior subordinated unsecured debt (each, a "Noteholder"): (i) those certain senior unsecured securities bearing interest at 6.55% and maturing on June 15, 2006; (ii) those certain senior unsecured securities bearing interest at 6.50% and maturing on May 1, 2009; (iii) those certain senior unsecured securities bearing interest at 6.50% and maturing on August 15, 2013; (iv) those certain senior unsecured securities bearing interest at 7.125% and maturing on May 1, 2029; (v) those certain 8.25% junior subordinated notes due 2033; or (vi) those certain adjustable-rate junior subordinated notes due 2033 (collectively, the "Unsecured Securities"), other than the indenture trustees of the Unsecured Securities; provided, however, that any Noteholder who wishes to assert a Claim against the Debtors that is not based solely upon the outstanding prepetition principal and interest due on account of its ownership of such Unsecured Securities must file a proof of claim on or prior to the General Bar Date in respect of such Claim; and

(h)Any holder of equity securities of, or other interests in, the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities, or other interest; provided, however, that any such holder which wishes to assert a Claim against any of the Debtors that is not based solely upon its ownership of the Debtors' securities, including, but not limited to, Claims for damages or recision based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date in respect of such Claim.

This notice is being sent to many persons and entities which have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not necessarily mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.

**5. Executory Contracts And Unexpired Leases.** Any person or entity which has a claim arising from the rejection of an Executory Contract must file a proof of claim on account of such claim against the Debtors on or before the later of (a) the General Bar Date or (b) 30 calendar days after the effective date of such rejection or such other date as fixed by the Bankruptcy Court in an order authorizing such rejection.

**6. Amended Schedule Bar Date.** If the Debtors amend the Schedules on or after the date of this Notice (listed below) to reduce the undisputed, noncontingent, and liquidated amounts or to change the nature or classification of a claim against a Debtor reflected therein, the bar date for filing a proof of claim in respect of such amended schedule claim is the later of (a) the General Bar Date or (b) 30 calendar days after a claimant is served with notice that the Debtors have amended their Schedules.

**7. Consequences Of Failure To File A Proof Of Claim By The General Bar Date.** ANY HOLDER OF A CLAIM WHICH IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS NOTICE, AS SET FORTH IN SECTION 4 ABOVE, AND WHICH FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM, WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

**8. The Debtors' Schedules And Access Thereto.** You may be listed as the holder of a claim against the Debtors in any of the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases.

To determine if and how you are listed on any of the Schedules, please review the Schedules, copies of which are available as provided below.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in any of the Debtors' Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the General Bar Date in accordance with the procedures set forth in this Notice.

Copies of any of the Debtors' Schedules are available for inspection online at http://www.delphidocket.com or on the Court's Internet Website at http://www.nysb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information on the Court's Internet Website and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. No login or password is required to access this information on the Debtors' Legal Information Website (http://www.delphidocket.com). Copies of any of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.

A holder of a possible claim against any of the Debtors should consult an attorney regarding any matters not covered by this Notice, such as whether the holder should file a proof of claim.

Dated: New York, New York, April 12, 2006 BY ORDER OF THE COURT

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

| | |
|---|---|
| John Wm. Butler, Jr., John K. Lyons, Ron E. Meisler, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 | Kayalyn A. Marafioti (KM 9632), Thomas J. Matz (TM 5986), Four Times Square, New York, New York 10036 |

Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession

**FOR ADDITIONAL INFORMATION:**

| | |
|---|---|
| Delphi Restructuring Information Hotline: | Delphi Legal Information Website: |
| Toll Free: (866) 688-8740 | http://www.delphidocket.com |
| International: (248) 813-2602 | |

[1] The bar date for the filing of Proofs of Claim on account of Claims arising from modification to or termination of future pension or other post-employment benefits will be determined pursuant to an order of the Bankruptcy Court approving such modification or termination.

# PUBLIC NOTICES

*BECAUSE THE PEOPLE MUST KNOW*

## 001 Legals

SUMMONS (Family Law)

NOTICE TO RESPONDENT: JOEL CARPENTER.

You are being sued.

Petitioner's name is: Adina Uribe.

Case Number: D492617.

You have 30 calendar days after this Summons and Petition are served on you to file a Response (form FL-120 or FL-123) at the court and have a copy served on the petitioner. A letter or phone call will not protect you.

If you do not file your Response on time, the court may make orders affecting your marriage or domestic partnership, your property, and custody of your children. You may be ordered to pay support and attorney fees and costs. If you cannot pay the filing fee, ask the clerk for a fee waiver form.

If you want legal advice, contact a lawyer immediately. You can get information about finding lawyers at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp) at the California Legal Services Web Site (www.lawhelpcalifornia.org), or by contacting your local county bar association.

NOTICE: The restraining orders on page 2 are effective against both spouses or domestic partners until the petition is dismissed, a judgment is entered, or the court makes further orders. These orders are enforceable anywhere in California by any law enforcement officer who has received or seen a copy of them.

1. The name and address of the court is:

Superior Court of California, Family Court, 1555 Sixth Avenue, San Diego, CA 92101.

2. The name, address, and telephone number of petitioner's attorney, or the petitioner without an attorney are:

Matthew M. Kremer, CFLS, (SBN 86524), Law Offices of Matthew M. Kremer, 84625, 9665 Chesapeake Drive, San Diego, CA 92123. (858) 278-8080.

Date: September 19, 2005.

Clerk, by: C. Rosten, Deputy.

NOTICE TO THE PERSON SERVED:

You are served as an individual.

WARNING - IMPORTANT INFORMATION

WARNING: California law provides that, for purposes of division of property upon dissolution of a marriage or domestic partnership or upon legal separation, property acquired by the parties during marriage or domestic partnership in joint form is presumed to be community property. If either party to this action should die before the jointly held community