IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

# AFFIDAVIT OF PUBLICATION OF STEPHANIE CALLEN IN THE MOBILE REGISTER

# PRESS REGISTER

Alabama's Oldest Newspaper

## Proof of Publication

AD RAN IN ACCT. NAME:

DELPHI CORP.

C/O MILLER ADV

71 FIFTH AVENUE

NEW YORK NY 10003

BILLED TO ACCT #       2129292200DELP

| REFERENCE NUMBER | DESCRIPTION OR TAGLINE | CHARGES |
|---|---|---|
| 92956301 | 04/17/06 UNITED STATES BANKRUPTCY COURT STARTED 04/17; TIMES RUN= 1 P.O. #N4139999 | 2,573.24 |
| | | $ 2,573.24 |

Stephanie Callen, being sworn, says that she is bookkeeper of the MOBILE REGISTER, INC. which publishes a daily newspaper in the City and County of Mobile, State of Alabama; and the attached notice appeared in the issue of

THE MOBILE REGISTER

4/17/2006

*Stephanie Callen*

Sworn to and subscribed before me this   2ND
day of        MAY              2006

*Bob Vance*
Notary Public

401 N. WATER ST. * P.O. BOX 2488 * MOBILE, AL 36652 * 251-219-5400

house at Mobile, Alabama, during the legal hours of sale on the 6th day of June, 2006, the following described real estate, situated in Mobile County, Alabama, to-wit:

Lot 44, Heritage Estates, according to plat thereof recorded in Map Book 12, Page 27 of the records in the Office of the Judge of Probate, Mobile County, Alabama.

CITIFINANCIAL CORPORATION 216, LLC, A DELAWARE LIABILITY COMPANY (SUCCESSOR BY REASON OF MERGER WITH ASSOCIATES FINANCIAL SERVICES COMPANY OF ALABAMA, INC.) Mortgagee

Arthur M. Stephens
STEPHENS, MILLIRONS, HARRISON & GAMMONS, P.C.
Post Office Box 307
Huntsville, AL 35804
Attorney for Mortgagee

Press-Register
April 17, 24, May 1, 2006

**NOTICE OF FORECLOSURE**

Default having been made in the payment of the indebtedness secured by that certain mortgage dated November 17, 1997, executed by CHESTER JACKSON, a single man, to AVCO FINANCIAL SERVICES OF ALABAMA, INC., which mortgage was recorded on November 19, 1997, in Real Property Book 4525, Page 1273, of the mortgage records in the Office of the Judge of Probate of Mobile County, Alabama, the undersigned has elected to declare the entire indebtedness secured by the said mortgage to be due and payable as provided in said mortgage, and notice is hereby given that pursuant to law and the power of sale contained in said mortgage, the undersigned will sell at public outcry, to the highest bidder for cash, in front of the Public Entrance Door at the Mobile Government Plaza, 205 Government Street entrance to the Mobile County Courthouse at Mobile, Alabama, during the legal hours of sale on the 6th day of June, 2006, the following described real estate, situated in Mobile County, Alabama, to-wit:

Lot 37, Philomenia Heights Subdivision, according to plat there of recorded in Deed Book 731 N.S., Page 270 of the records in the Office of the Judge of the Probate Court of Mobile County, Alabama.

CITIFINANCIAL MORTGAGE COMPANY, INC. F/K/A ASSOCIATES HOME EQUITY SERVICES, INC. F/K/A AVCO FINANCIAL SERVICES OF ALABAMA, INC. Mortgagee

Arthur M. Stephens
STEPHENS, MILLIRONS, HARRISON & GAMMONS, P.C.
Post Office Box 307
Huntsville, AL 35804
Attorney for Mortgagee

Press-Register
April 17, 24, May 1, 2006

**NOTICE OF HEARING**

CASE NO. R-2006-66EB

IN THE MATTER OF:
THE ADOPTION OF INSURANCE DEPARTMENT REGULATIONS

Notice is hereby given that a hearing will be held at 10:00 A.M. on Tuesday, May 16, 2006, in the offices of the Alabama Department of Insurance, 201 Monroe Street, Suite 1700, RSA Tower, Montgomery, Alabama, as follows:

Revision of Rule .05 of Regulation No.129 [Chapter 482-1-129], which is known as the Annuity Disclosure Regulation, so as to amend the existing Rule to include a new paragraph where the annuity contract for which application is made explicitly provides for a free look period of no less than (15) days, the Buyer's Guide and disclosure document may be delivered either with the contract or at any time prior to delivery of the contract. (5 pages)

Adoption of proposed new Regulation No. 137 [Chapter 482-1-137], to be known as the Suitability Protection In Annuity Transaction. The purpose of the

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re                        ) Chapter 11
DELPHI CORPORATION, et al.,  ) Case No. 05-44481 (RDD)
Debtors.                     ) (Jointly Administered)

**NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM**

TO ALL CREDITORS OF THE DEBTORS, AND OTHER PARTIES-IN-INTEREST:
PLEASE TAKE NOTICE THAT:

In accordance with an order entered on April 12, 2006 by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the above-captioned chapter 11 cases (the "Bar Date Order"), **5:00 p.m. Eastern Time on July 31, 2006 (the "General Bar Date")** has been established as the last date for each person or entity (including individuals, partnerships, corporations, limited liability companies, estates, trusts, unions, indenture trustees, the United States Trustee, and governmental units) (individually, a "Person" or "Entity," and collectively, "Persons" or "Entities") to file a proof of claim in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). A list of all Debtors in these chapter 11 cases is attached hereto as Exhibit A.

On October 8, 2005, Delphi and certain of its U.S. subsidiaries filed voluntary petitions in the Bankruptcy Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C §§ 101-1330, as amended (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary petitions in the Bankruptcy Court for reorganization relief under the Bankruptcy Code. The term "Petition Date" shall mean the date on which each Debtor filed its chapter 11 bankruptcy petition as set forth on Exhibit A attached hereto. The General Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before the applicable Petition Date, except for those holders of the claims listed in Section 4 below which are specifically excluded from the General Bar Date filing requirement.

1. **Who Must File A Proof Of Claim.** You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim against any of the Debtors that arose prior to the applicable Petition Date, and such claim is not one of the types of claim described in Section 4 below. Claims based on acts or omissions of the Debtors that occurred before the applicable Petition Date must be filed on or prior to the General Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the applicable Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

2. **What To File.** The Debtors are enclosing a proof of claim form which you may use to file any claim you may have in these cases. If the Debtors scheduled you as a creditor in any of the Debtors' schedules of assets and liabilities (as amended from time to time, the "Schedules"), the form sets forth the amount of your claim as scheduled and whether the claim is scheduled as disputed, contingent, or unliquidated. Additional proof of claim forms may be obtained at http://www.uscourts.gov/bkforms/index.html or at http://www.delphidocket.com.

All proofs of claim must be signed by the claimant or, if the claimant is not an individual, by a claimant's authorized agent. All proofs of claim must be written in English and be denominated in United States currency. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

If any supporting documentation provided with any proof of claim contains confidential information, such documentation will be subject to examination only by the party asserting the claim, the Debtors, the Debtors' counsel and advisers, the United States Trustee, counsel and advisers to the official committee of unsecured creditors appointed in these chapter 11 cases, Kurtzman Carson Consultants, LLC, the claims and noticing agent in these chapter 11 cases, and any personnel of the United States Bankruptcy Court for the Southern District of New York in the performance of their official duties, and such entities have been ordered to maintain the confidentiality of all supporting documentation to any proof of claim and the information contained therein.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and each holder of a claim must identify on its proof of claim the specific Debtor against which its claim is asserted and the case number of that Debtor's reorganization case. A list of the names of the Debtors and their reorganization case numbers is attached hereto as Exhibit A.

3. **When And Where To File.** Except as provided for herein, all proofs of claim must be filed so as to be received no later than **5:00 p.m. Eastern Time on July 31, 2006** at the following address:

If sent by mail:                    If sent by messenger or overnight courier:
United States Bankruptcy Court      United States Bankruptcy Court
Southern District of New York       Southern District of New York
Delphi Corporation Claims           Delphi Corporation Claims
Bowling Green Station               One Bowling Green
P.O. Box 5058                       Room 534
New York, New York 10274-5058       New York, New York 10004-1408

Proofs of claim will be deemed filed only when actually received at the addresses above on or before the General Bar Date. Proofs of claim may not be delivered by facsimile, telecopy, or electronic mail transmission.

Governmental units must file proofs of claims in these chapter 11 cases on or prior to the General Bar Date.

4. **Who Need Not File A Proof Of Claim.** You do not need to file a proof of claim on or prior to the General Bar Date if you are:

(a) Any Person or Entity (i) which agrees with the nature, classification, and amount of its Claim set forth in the Schedules and (ii) whose Claim against a Debtor is not listed as "disputed," "contingent," or "unliquidated" in the Schedules;

(b) Any Person or Entity which has already properly filed a proof of claim against the correct Debtor;

(c) Any Person or Entity which asserts a Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

(d) Any Person or Entity which asserts a Claim solely on the basis of future pension or other post-employment benefits, including, without limitation, retiree health care and life insurance; provided, however, that any such Person or Entity which wishes to assert a Claim against any of the Debtors based on anything other than future pension or other post-employment benefits must file a proof of claim on or prior to the General Bar Date;[1]

(e) Any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control or hold with power to vote, 50 percent or more of the outstanding voting securities of such subsidiary;

(f) Any Person or Entity whose Claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Bankruptcy Court;

(g) Any holder of a Claim arising under or in respect of any of the following issuances of Delphi Corporation senior and junior subordinated unsecured debt (each, a "Noteholder"): (i) those certain senior unsecured securities bearing interest at 6.55% and maturing on June 15, 2006; (ii) those certain senior unsecured securities bearing interest at 6.50% and maturing on May 1, 2009; (iii) those certain senior unsecured securities bearing interest at 6.50% and maturing on August 15, 2013; (iv) those certain senior unsecured securities bearing interest at 7.125% and maturing on May 1, 2029; (v) those certain 8.25% junior subordinated notes due 2033; or (vi) those certain adjustable-rate junior subordinated notes due 2033 (collectively, the "Unsecured Securities"), other than the indenture trustees of the Unsecured Securities; provided, however, that any Noteholder who wishes to assert a Claim against the Debtors that is not based solely upon the outstanding prepetition principal and interest due on account of its ownership of such Unsecured Securities must file a proof of claim on or prior to the General Bar Date in respect of such Claim; and

(h) Any holder of equity securities of, or other interests in, the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities, or other interest; provided, however, that any such holder which wishes to assert a Claim against any of the Debtors that is not based solely upon its ownership of the Debtors' securities, including, but not limited to, Claims for damages or recision based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date in respect of such Claim.

This notice is being sent to many persons and entities which have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not necessarily mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.

5. **Executory Contracts And Unexpired Leases.** Any person or entity which has a claim arising from the rejection of an Executory Contract must file a proof of claim on account of such claim against the Debtors on or before the later of (a) the General Bar Date or (b) 30 calendar days after the effective date of such rejection or such other date as fixed by the Bankruptcy Court in an order authorizing such rejection.

6. **Amended Schedule Bar Date.** If the Debtors amend the Schedules on or after the date of this Notice (listed below) to reduce the undisputed, noncontingent, and liquidated amounts or to change the nature or classification of a claim against a Debtor reflected therein, the bar date for filing a proof of claim in respect of such amended schedule claim is the later of (a) the General Bar Date or (b) 30 calendar days after a claimant is served with notice that the Debtors have amended their Schedules.

7. **Consequences Of Failure To File A Proof Of Claim By The General Bar Date.** ANY HOLDER OF A CLAIM WHICH IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS NOTICE, AS SET FORTH IN SECTION 4 ABOVE, AND WHICH FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM, WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

8. **The Debtors' Schedules And Access Thereto.** You may be listed as the holder of a claim against the Debtors in any of the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases.

To determine if and how you are listed on any of the Schedules, please review the Schedules, copies of which are available as provided below.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in any of the Debtors' Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the General Bar Date in accordance with the procedures set forth in this Notice.

Copies of any of the Debtors' Schedules are available for inspection online at http://www.delphidocket.com or on the Court's Internet Website at http://www.nysb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information on the Court's Internet Website and can be obtained through the PACER Service Center at http://www.pacer.psc.us courts.gov. No login or password is required to access this information on the Debtors' Legal Information Website (http://www.delphidocket.com). Copies of any of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.

A holder of a possible claim against any of the Debtors should consult an attorney regarding any matters not covered by this Notice, such as whether the holder should file a proof of claim.

Dated: New York, New York, April 12, 2006    BY ORDER OF THE COURT

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
John Wm. Butler, Jr., John K. Lyons, Ron    Kayalyn A. Marafioti (KM 9632), Thomas J.
E. Meisler, 333 West Wacker Drive, Suite    Matz (TM 5986), Four Times Square, New
2100, Chicago, Illinois 60606               York, New York 10036
Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession

FOR ADDITIONAL INFORMATION:
Delphi Restructuring Information Hotline:   Delphi Legal Information Website:
Toll Free: (866) 688-8740                   http://www.delphidocket.com
International: (248) 813-2602

[1] The bar date for the filing of Proofs of Claim on account of Claims arising from modification to or termination of future pension or other post-employment benefits will be determined pursuant to an order of the Bankruptcy Court approving such modification or termination.

**EXHIBIT A**

| | Entity | Tax/Federal ID Number | Case Number | Address | Date Of Petition Filing |
|---|---|---|---|---|---|
| 1. | Delphi NY Holding Corporation | 20-3383408 | 05-44480 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 2. | Delphi Corporation | 38-3430473 | 05-44481 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 3. | ASEC Manufacturing General Partnership | 73-1474201 | 05-44482 | 1301 Main Parkway, Catoosa, OK 74015 | October 8, 2005 |
| 4. | ASEC Sales General Partnership | 73-1474151 | 05-44484 | 1301 Main Parkway, Catoosa, OK 74015 | October 8, 2005 |
| 5. | Environmental Catalysts, LLC | | 05-44503 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 6. | Delphi Medical Systems Colorado Corporation | 84-1524184 | 05-44507 | 4300 Road 18, Longmont, CO 80504 | October 8, 2005 |
| 7. | Delphi Medical Systems Texas Corporation | 20-2885110 | 05-44511 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 8. | Delphi Medical Systems Corporation | 32-0052827 | 05-44529 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 9. | Specialty Electronics International Ltd. | 66-0522490 | 05-44536 | 69A Kronprindsens Gade (Third Floor), P.O. Box 1858, St. Thomas, VI | October 8, 2005 |
| 10. | Specialty Electronics, Inc. | 57-0755068 | 05-44539 | 19200 Asheville Highway, P.O. Box 519, Landrum, SC 29356 | October 8, 2005 |
| 11. | Delphi Liquidation Holding Company | 95-4359324 | 05-44542 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 12. | Delphi Electronics (Holding) LLC | 95-4554161 | 05-44547 | One Corporate Center, Kokomo, IN 46904 | October 8, 2005 |
| 13. | Delphi Technologies, Inc. | 38-3430681 | 05-44554 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 14. | Delphi Automotive Systems Tennessee, Inc. | 38-3319836 | 05-44558 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 15. | Delphi Mechatronic Systems, Inc. | 38-3589834 | 05-44567 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 16. | Delphi Automotive Systems Risk Management Corp. | 38-3575299 | 05-44570 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 17. | Exhaust Systems Corporation | 38-3211473 | 05-44573 | 4800 S. Saginaw Street, Flint, MI 48501 | October 8, 2005 |
| 18. | Delphi China LLC | 38-3196159 | 05-44577 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 19. | Delphi Automotive Systems Korea, Inc. | 38-2849490 | 05-44580 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 20. | Delphi International Services, Inc. | 38-3439894 | 05-44583 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 21. | Delphi Automotive Systems Thailand, Inc. | 38-3379709 | 05-44586 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 22. | Delphi Automotive Systems International, Inc. | 38-3280289 | 05-44589 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 23. | Delphi International Holdings Corp. | 38-3449527 | 05-44591 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 24. | Delphi Automotive Systems Overseas Corporation | 38-3318021 | 05-44593 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 25. | Delphi Automotive Systems (Holding), Inc. | 38-3422378 | 05-44596 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 26. | Delco Electronics Overseas Corporation | 38-2638990 | 05-44610 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 27. | Delphi Diesel Systems Corp. | 38-3505001 | 05-44612 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 28. | Delphi LLC | 37-1438255 | 05-44615 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 29. | Aspire, Inc. | 36-4392806 | 05-44618 | U.S. Route 1, Morrisville, PA 19067 | October 8, 2005 |
| 30. | Delphi Integrated Service Solutions, Inc. | 38-3473261 | 05-44623 | 1322 Rankin Street, Troy, MI 48083 | October 8, 2005 |