IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- x
                                          :
    In re                               :     Chapter 11
                                            :
DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                                            :
                     Debtors.   :     (Jointly Administered)
                                            :
------------------------------- x

# AFFIDAVIT OF PUBLICATION OF GLENDA M. BULIN IN THE TRIBUNE CHRONICLE

```
                              )  Chapter 11
HI CORPORATION, et al.,       )  Case No.
                              )  (Jointly Ad...
rs.                           )
```

### NOTICE OF BAR DATE FOR FILING

CREDITORS OF THE DEBTORS, AND OTH...
E TAKE NOTICE THAT:

ccordance with an order entered on Apr uptcy Court for the Southern District of N above-captioned chapter 11 cases (the "I ne on **July 31, 2006** (the "General Bar t date for each person or entity (includi ns, limited liability companies, estates, t ited States Trustee, and governmental " and collectively, "Persons" or "Entities r 11 cases of the above-captioned de ively, the "Debtors"). A list of all Debto d hereto as Exhibit A.

ctober 8, 2005, Delphi and certain of its is in the Bankruptcy Court for reorganiz of the United States Code, 11 U.S.C. uptcy Code"). On October 14, 2005, thre iled voluntary petitions in the Bankrupt he Bankruptcy Code. The term "Petitior ach Debtor filed its chapter 11 bankrupt ied hereto. The General Bar Date and th ofs of claim apply to all claims against t le Petition Date, except for those holde which are specifically excluded from th

o Must File A Proof Of Claim. You MUS 11 plan filed by the Debtors or to share i tcy estates if you have a claim against a plicable Petition Date, and such claim d in Section 4 below. Claims based on irred before the applicable Petition Dat Bar Date, even if such claims are not n ature or become fixed, liquidated, or c

section 101(5) of the Bankruptcy Code im" means (a) a right to payment, whe ent, liquidated, unliquidated, fixed, c undisputed, legal, equitable, secured, remedy for breach of performance if s nt, whether or not such right to an equi d, contingent, matured, unmatured, di

t To File. The Debtors are enclosing a o file any claim you may have in these creditor in any of the Debtors' schedu from time to time, the "Schedules"), th as scheduled and whether the claim unliquidated. Additional proof of claim ourts.gov/bkforms/index.html or at ht s of claim must be signed by the claim by a claimant's authorized agent. All

---

(2) GTI with Shorelander, trailer includes, loads, motors & hood, $1800.
330-550-8186

**2000 LOWE Bass Boat** - 17', shallow V, raised casting decks, two aerated livewells, right hand console steering, 70 hp 4 stroke Evinrude engine, tilt and trim, Lowrance and Hummingbird fish finders, trolling motor, everything you need to fish...bought brand new no time to use it, must sacrifice—$5400: Serious Buyers Only!!
330-369-1678; 330-856-1044

**2000 SEA-DOO GTX** 135 h.p., under 25 hrs., w/trailer, cover, ladder, vests, tube, anchor, $6000, 330-638-7888.

**2001 KAWASAKI ULTRA** 130 DI Jet Ski, w/ trailer & 2 life vests. 1 owner, very fast. $3000 or best offer 330-206-4489; 330-219-5108

**2002 G3** - Deep V, 16.7 foot aluminum, with '03 50 H.P. 4 stroke Yamaha and auto pilot trolling motor. Trailer and extras, garage stored, excellent condition, $8000. 330-984-2785

**2003 BASS Tracker Pro** - team 175 Anniversary, 75 hp. Merc. SS Prop, 24v trolling motor & more. $10,500. 330-307-0470

**2003 BAYLINER** 24ft. Cierra Classic Cruiser. Like new with ONLY 70 hrs. Includes trailer. Asking $30,500. Must sell. 330-544-1996

**2003 TRACKER TARGA** - 17' SC, 115 h.p. Mercury, 9.9 4 stroke Mercury Kicker, removable Minnkota trolling motor, bow/Eagle electronics/GPS, 2 live

kept, lots of extras tires, K&N air fil... many to mention a... sacrifice, $8800. 330-240-7133

**2000 Harley Screaming** (FLTRSEI) Maroon dresser 1550, CD Make offer over $16,... 330-883-3698

**2000 HONDA SHA** 600cc, Burgundy blac male owned, mint. firm. Serious in only. 330-647-0602

**2000 HONDA XR** Mini bike, excellent tion, low hours, like n 330-540-2784; 330-898

**2000 KAWASAKI KX** Renthal handlebars axle bearings, ne tire, 428 chain kit, $1 330-534-1576; 330-507

**2000 SUZUKI RM** 2-stroke. New tires, & fork tube seals. or equivalent tra 4-wheeler. 330-530-

**2001 HARLEY DAVI** Super Glide FXD, 27,000 mi., some $9800, 330-637-336 330-727-2610

**2001 HARLEY Sports** A-1, 3600 mi., sc eagle carb kit & saddle bag, highwa 2-up seat & $5,900/offer 330-889

**2001 SUZUKI VL** 6068 actual miles, saddle bags, lots tras, LIKE NEW, $ best offer 330-898-2

**2002 HARLEY DAVI** 883 CUSTOM - Low $5500.
330-442-2149/330-92

---

STATE OF OHIO
TRUMBULL COUNTY  SS: CHARLES JARVIS

BEING DULY SWORN, UPON OATH SAYS THAT HE IS THE PUBLISHER OF THE TRIBUNE CHRONICLE, (A DIV. OF EASTERN OHIO NEWSPAPERS INC.) A DAILY NEWSPAPER PRINTED IN THE CITY OF WARREN, COUNTY OF TRUMBULL, STATE OF OHIO AND OF GENERAL CIRCULATION IN THE CITY OF WARREN, TRUMBULL COUNTY, OHIO AND IS INDEPENDENT IN POLITICS.

THAT THE ATTACHED ADVERTISEMENT WAS PUBLISHED IN THE TRIBUNE CHRONICLE ~~EVERY~~ FOR _1 DAY_ ~~CONSECUTIVE WEEKS~~ AND THAT THE FIRST INSERTION WAS ON _TUESDAY_ THE _18TH_ DAY OF _April_, 2006.

_Glenda M. Belin_ (signature)

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS _27TH_ DAY OF _April, 2006_ AT WARREN.

_(signature)_
NOTARY PUBLIC

SEAL

CONSTANCE A. PACEK, Notary Public
State of Ohio
My Commission Expires March 7, 2011

ADVERTISING COST: $ _1,713.75_

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
In re: ) Chapter 11
DELPHI CORPORATION, et al., ) Case No. 05-44481 (RDD)
Debtors. ) (Jointly Administered)

05-44481-rdd  Doc 3681  Filed 05/08/06  Entered 05/08/06 20:31:06  Main Document  Pg 3 of 3

lars of valuation, which 1 mill rate is a 0.5 mill increase of the existing 4.58 mill fire levy, for a 5 year period of time, commencing in 2006, first due in calendar year 2007.

The polls for said Election will be open at 6:30 o'clock a.m. and remain open until 7:30 o'clock p.m. of said day.

By order of the Board of Elections of Trumbull County, Ohio.
Sherron L. Platt, Chairman
Kelly S. Pallante, Director
Dated February 8, 2006
#087-4T-March 28, & April 4, 11 & 18, 2006 #417209

**NOTICE OF ELECTION ON TAX LEVY IN EXCESS OF THE TEN-MILL LIMITATION WARREN-TRUMBULL COUNTY PUBLIC LIBRARY**

Notice is hereby given that pursuant to a resolution adopted by the Board of County Commissioners of Trumbull County, Ohio, on February 8, 2006, there will be submitted to the electors of the Warren-Trumbull County Public Library at an election to be held in that county library district at the regular places of voting therein, on Tuesday, May 2, 2006, the question of an additional tax at a rate not exceeding 0.6 mill for each one dollar of valuation, which amounts to six cents for each one hundred dollars of valuation, for a continuing period of time, for the purpose of current expenses of the Warren-Trumbull County Public Library. Said tax constitutes an additional 0.6 mill levy. If a majority of the voters voting thereon vote in favor thereof, that levy will be first placed on the tax list and duplicate in 2006 for collection in the calendar year 2007.

The polls for the election will be open at 6:30 a.m. and will remain open until 7:30 p.m. of said day.

By order of the Board of Elections of Trumbull County, Ohio
Dated February 9, 2006
Sherron L. Platt, Chairman
Kelly S. Pallante, Director
#087-4T-March 28, & April 4, 11 & 18, 2006 #417210

**NOTICE OF ELECTION ON TAX LEVY IN EXCESS OF THE TEN-MILL LIMITATION**

Notice is hereby given that in pursuance of Resolution Nos. 01/30/D and 02/09/03 of the Board of Education of the Champion Local School District adopted on January 30, 2006 and February 9, 2006, respectively, there will be submitted to a vote of the electors of said School District at an election to be held at the regular places of voting therein, on May 2, 2006, the question of levying a tax at a rate not exceeding 5.2 mills for each one dollar of valuation, which amounts to $0.52 for each one hundred dollars of valuation per year for five (5) years, commencing in 2006, first due in calendar year 2007, for the purposed of providing for the emergency requirements of the School District in the sum of $944,855 pursuant to Sections 5705.194 through 5705.197 of the Ohio Revised Code.

The polls for the election will be open at 6:30 a.m. and remain open until 7:30 p.m. of said day.

By order of the Board of Elections of Trumbull County, Ohio

---

## NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM

TO ALL CREDITORS OF THE DEBTORS, AND OTHER PARTIES-IN-INTEREST:
PLEASE TAKE NOTICE THAT:

In accordance with an order entered on April 12, 2006 by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the above-captioned chapter 11 cases (the "Bar Date Order"), **5:00 p.m. Eastern Time on July 31, 2006 (the "General Bar Date")** has been established as the last date for each person or entity (including individuals, partnerships, corporations, limited liability companies, estates, trusts, unions, indenture trustees, the United States Trustee, and governmental units) (individually, a "Person" or "Entity," and collectively, "Persons" or "Entities") to file a proof of claim in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). A list of all Debtors in these chapter 11 cases is attached hereto as Exhibit A.

On October 8, 2005, Delphi and certain of its U.S. subsidiaries filed voluntary petitions in the Bankruptcy Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary petitions in the Bankruptcy Court for reorganization relief under the Bankruptcy Code. The term "Petition Date" shall mean the date on which each Debtor filed its chapter 11 bankruptcy petition as set forth on Exhibit A attached hereto. The General Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before the applicable Petition Date, except for those holders of the claims listed in Section 4 below which are specifically excluded from the General Bar Date filing requirement.

**1. Who Must File A Proof Of Claim.** You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim against any of the Debtors that arose prior to the applicable Petition Date, and such claim is not one of the types of claim described in Section 4 below. Claims based on acts or omissions of the Debtors that occurred before the applicable Petition Date must be filed on or prior to the General Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the applicable Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2. What To File.** The Debtors are enclosing a proof of claim form which you may use to file any claim you may have in these cases. If the Debtors scheduled you as a creditor in any of the Debtors' schedules of assets and liabilities (as amended from time to time, the "Schedules"), the form sets forth the amount of your claim as scheduled and whether the claim is scheduled as disputed, contingent, or unliquidated. Additional proof of claim forms may be obtained at http://www.uscourts.gov/bkforms/index.html or at http://www.delphidocket.com.

All proofs of claim must be signed by the claimant or, if the claimant is not an individual, by a claimant's authorized agent. All proofs of claim must be written in English and be denominated in United States currency. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

If any supporting documentation provided with any proof of claim contains confidential information, such documentation will be subject to examination only by the party asserting the claim, the Debtors, the Debtors' counsel and advisers, the United States Trustee, counsel and advisers to the official committee of unsecured creditors appointed in these chapter 11 cases, Kurtzman Carson Consultants, LLC, the claims and noticing agent in these chapter 11 cases, and any personnel of the United States Bankruptcy Court for the Southern District of New York in the performance of their official duties, and such entities have been ordered to maintain the confidentiality of all supporting documentation to any proof of claim and the information contained therein.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and each holder of a claim must identify on its proof of claim the specific Debtor against which its claim is asserted and the case number of that Debtor's reorganization case. A list of the names of the Debtors and their reorganization case numbers is attached hereto as Exhibit A.

**3. When And Where To File.** Except as provided for herein, all proofs of claim must be filed so as to be received no later than **5:00 p.m. Eastern Time on July 31, 2006** at the following address:

| If sent by mail: | If sent by messenger or overnight courier: |
|---|---|
| United States Bankruptcy Court | United States Bankruptcy Court |
| Southern District of New York | Southern District of New York |
| Delphi Corporation Claims | Delphi Corporation Claims |
| Bowling Green Station | One Bowling Green |
| P.O. Box 5058 | Room 534 |
| New York, New York 10274-5058 | New York, New York 10004-1408 |

**Proofs of claim will be deemed filed only when actually received at the addresses above on or before the General Bar Date.** Proofs of claim may not be delivered by facsimile, telecopy, or electronic mail transmission.

Governmental units must file proofs of claims in these chapter 11 cases on or prior to the General Bar Date.

**4. Who Need Not File A Proof Of Claim.** You do not need to file a proof of claim on or prior to the General Bar Date if you are:

(a) Any Person or Entity (i) which agrees with the nature, classification, and amount of its Claim set forth in the Schedules and (ii) whose Claim against a Debtor is not listed as "disputed," "contingent," or "unliquidated" in the Schedules;

(b) Any Person or Entity which has already properly filed a proof of claim against the correct Debtor;

(c) Any Person or Entity which asserts a Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

(d) Any Person or Entity which asserts a Claim solely on the basis of future pension or other post-employment benefits, including, without limitation, retiree health care and life insurance; provided, however, that any such Person or Entity which wishes to assert a Claim against any of the Debtors based on anything other than future pension or other post-employment benefits must file a proof of claim on or prior to the General Bar Date;[1]

(e) Any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control or hold with power to vote, 50 percent or more of the outstanding voting securities of such subsidiary;

(f) Any Person or Entity whose Claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Bankruptcy Court;

(g) Any holder of a Claim arising under or in respect of any of the following issuances of Delphi Corporation senior and junior subordinated unsecured debt (each, a "Noteholder"): (i) those certain senior unsecured securities bearing interest at 6.55% and maturing on June 15, 2006; (ii) those certain senior unsecured securities bearing interest at 6.50% and maturing on May 1, 2009; (iii) those certain senior unsecured securities bearing interest at 6.50% and maturing on August 15, 2013; (iv) those certain senior unsecured securities bearing interest at 7.125% and maturing on May 1, 2029; (v) those certain 8.25% junior subordinated notes due 2033; or (vi) those certain adjustable-rate junior subordinated notes due 2033 (collectively, the "Unsecured Securities"), other than the indenture trustees of the Unsecured Securities; provided, however, that any Noteholder who wishes to assert a Claim against the Debtors which is not based solely upon the outstanding prepetition principal and interest due on account of its ownership of such Unsecured Securities must file a proof of claim on or prior to the General Bar Date in respect of such Claim; and

(h) Any holder of equity securities of, or other interests in, the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities, or other interest; provided, however, that such holder which wishes to assert a Claim against any of the Debtors that is not based solely upon its ownership of the Debtors' securities, including, but not limited to, Claims for damages or recision based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date in respect of such Claim.

This notice is being sent to many persons and entities which have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not necessarily mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.

**5. Executory Contracts And Unexpired Leases.** Any person or entity which has a claim arising from the rejection of an Executory Contract must file a proof of claim on account of such claim against the Debtors on or before the later of (a) the General Bar Date or (b) 30 calendar days after the effective date of such rejection or such other date as fixed by the Bankruptcy Court in an order authorizing such rejection.

**6. Amended Schedule Bar Date.** If the Debtors amend the Schedules on or after the date of this Notice (listed below) to reduce the undisputed, noncontingent, and liquidated amounts or to change the nature or classification of a claim against a Debtor reflected therein, the bar date for filing a proof of claim in respect of such amended schedule claim is the later of (a) the General Bar Date or (b) 30 calendar days after a claimant is served with notice that the Debtors have amended their Schedules.

**7. Consequences Of Failure To File A Proof Of Claim By The General Bar Date.** ANY HOLDER OF A CLAIM WHICH IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS NOTICE, AS SET FORTH IN SECTION 4 ABOVE, AND WHICH FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM, WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

**8. The Debtors' Schedules And Access Thereto.** You may be listed as the holder of a claim against the Debtors in any of the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases.

To determine if and how you are listed on any of the Schedules, please review the Schedules, copies of which are available as provided below.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in any of the Debtors' Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the General Bar Date in accordance with the procedures set forth in this Notice.

Copies of any of the Debtors' Schedules are available for inspection online at http://www.delphidocket.com or on the Court's Internet Website at http://www.nysb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information on the Court's Internet Website and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. No login or password is required to access this information on the Debtors' Legal Information Website (http://www.delphidocket.com). Copies of any of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.

A holder of a possible claim against any of the Debtors should consult an attorney regarding any matters not covered by this Notice, such as whether the holder should file a proof of claim.

Dated: New York, New York, April 12, 2006  BY ORDER OF THE COURT

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
John Wm. Butler, Jr., John K. Lyons, | Kayalyn A. Marafioti (KM 9632),
Ron E. Meisler, 333 West Wacker | Thomas J. Matz (TM 5986), Four Times
Drive, Suite 2100, Chicago, Illinois | Square, New York, New York 10036
60606

Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession

**FOR ADDITIONAL INFORMATION:**
Delphi Restructuring Information Hotline:  Delphi Legal Information Website:
Toll Free: (866) 688-8740  http://www.delphidocket.com
International: (248) 813-2602

[1] The bar date for the filing of Proofs of Claim on account of Claims arising from modification to or termination of future pension or other post-employment benefits will be determined pursuant to an order of the Bankruptcy Court approving such modification or termination.

## EXHIBIT A

| | Entity | Tax / Federal ID Number | Case Number | Address | Date Of Petition Filing |
|---|---|---|---|---|---|
| 1. | Delphi NY Holding Corporation | 20-3383408 | 05-44480 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 2. | Delphi Corporation | 38-3430473 | 05-44481 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| 3. | ASEC Manufacturing General Partnership | 73-1474201 | 05-44482 | 1301 Main Parkway, Catoosa, OK 74015 | October 8, 2005 |
| 4. | ASEC Sales General Partnership | 73-1474151 | 05-44484 | 1301 Main Parkway, Catoosa, OK 74015 | October 8, 2005 |
| 5. | Environmental Catalysts, LLC | | 05-44503 | 5725 Delphi Drive, Troy, MI 48098 | October 8, 2005 |
| | Aspire Colorado Corporation | 84-1524184 | 05-44507 | 4300 Road 18, Longmont, CO 80504 | October 8, 2005 |