Hearing Date and Time: June 15, 2006 at 10:00 a.m., prevailing Eastern Time
Objection Deadline: June 8, 2006 at 4:00 p.m., prevailing Eastern Time

Patricia B. Fugée (NY 2390946
OH 0070698)
ROETZEL & ANDRESS
One SeaGate, Suite 900
Toledo, Ohio 43604
Telephone: (419) 242-7985
Facsimile: (419) 242-0316
*Attorney for Ericka S. Parker, Chapter 7
Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **DELPHI CORPORATION, et al,** | : Case No.: 05-44481 |
| | : (Jointly Administered) |
| Debtors. | : |
| | : Judge Robert D. Drain |
| | : |

**MOTION OF ERICKA S. PARKER, CHAPTER 7 TRUSTEE SEEKING RELIEF FROM THE AUTOMATIC STAY TO ALLOW HER TO CONTINUE ASSERTING COUNTERCLAIMS IN PENDING LITIGATION BEING PROSECUTED BY THE DEBTOR**

Ericka S. Parker, Chapter 7 Trustee ("Trustee Parker") hereby moves ("Motion") this Court for entry of an order, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), lifting the automatic stay to allow Trustee Parker to continue asserting counterclaims (the "Counterclaims") against Delphi Automotive Systems, Inc., a debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy cases (together with its affiliated debtors and debtors-in-possession, the "Debtors"), in a currently pending litigation, *Delphi Automotive Systems, Inc. v. Ericka S. Parker*, Adv. Pro. No.: 04-03114 (the "Flex-Tech

Litigation"), that Delphi is prosecuting against Trustee Parker in the United States Bankruptcy Court for the Northern District of Ohio (the "Ohio Bankruptcy Court"). In support of this Motion, Parker, by and through her undersigned counsel, represents as follows:

### Preliminary Statement

1.      In light of Delphi's decision to proceed with the prosecution of the Flex-Tech Litigation, Trustee Parker seeks to lift the automatic stay to continue to assert the Counterclaims in the Flex-Tech Litigation. Doing so will allow Movant herein, a Chapter 7 Trustee with responsibilities and obligations to the estate being administered in the Ohio Bankruptcy Court, to fulfill her responsibilities and protect the estate's interest in an agreement with Delphi.

2.      Since Delphi has chosen to proceed with the prosecution of the Flex-Tech Litigation, it should not be permitted to hide behind the automatic stay as a means to prevent the Trustee from fully defending herself and protecting the interests of the creditors of the Flex-Tech bankruptcy estate. If Delphi were permitted to do so, the automatic stay in these chapter 11 cases would function as a sword rather than a shield, which well settled authority makes clear is not the intent of section 362 of the Bankruptcy Code. Accordingly, the automatic stay should be lifted to allow Parker to continue asserting the Counterclaims in the Flex-Tech Litigation.

### Jurisdiction

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § l57(b)(2)(G). The statutory predicate for the relief requested herein is section 362(d) of the Bankruptcy Code.

**Background**

A.  **The Chapter 11 Cases**

4.  On October 8, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, and thereupon were authorized to continue their businesses and manage their properties as debtors-in-possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. By an Order entered on the Petition Date, the Debtors' chapter 11 cases have been consolidated for procedural purpose only and are being administered jointly.

5.  Trustee Parker was duly appointed as Chapter 7 Trustee with respect to the bankruptcy filing of Toledo Professional Temps, Inc., f/k/a Flex-Tech Professional Services, Inc. ("Flex-Tech"), on July 16, 2003.

B.  **The Flex-Tech Litigation**

6.  On April 8, 2004, Delphi filed its adversary proceeding (the "Adversary Complaint") against Trustee Parker for declaratory judgment in order to receive a judicial determination of various issues under a certain settlement agreement by and between Delphi, Flex-Tech and an alleged affiliate of Flex-Tech known as "Initial Transfer, Inc." (the "Settlement Agreement").[1] In its complaint, Delphi sought a ruling that the payments due from Delphi to third parties under the Settlement Agreement are not property of the Flex-Tech bankruptcy estate. (A true copy of the Complaint is attached hereto as Exhibit "A".) Thereafter, on June 14, 2004, Trustee Parker filed her Answer, Counterclaim, and Third-Party Complaint. (A true copy of the Answer, Counterclaim and Third-Party Complaint is attached hereto as Exhibit "B").

---

[1] The terms of the Settlement Agreement are confidential and therefore, the Agreement itself is not provided herewith nor are its specific terms revealed. If this Court so requests, the Settlement Agreement can be submitted under seal.

3

7. Trustee Parker alleged, *inter alia*, that Initial Transfer was formed by Flex-Tech's principal, Cecil Weatherspoon, for the sole purpose of being the fraudulent transferee of Flex-Tech with respect to all of its assets, including, but not limited to, Flex-Tech's claims against Delphi which resulted in the Settlement Agreement. The Settlement Agreement provided for certain payments to be made to three non-parties, REM, Northwest, and Comptrol, and to Initial Transfer. The Trustee alleged that she was entitled to all payments due under the Settlement Agreement.

8. Because of concerns that the Flex-Tech litigation would impact the rights of the non-parties, on April 21, 2005, Delphi filed an Amended Complaint, which included an interpleader count, thereby joining creditors Northwest, Comptrol, and REM as parties to the pending adversary proceeding. (A true copy of the Amended Complaint is attached hereto as Exhibit "C".)

9. In its Amended Complaint, Delphi sought relief in the nature of interpleader with respect to the monies it agreed are due to Comptrol. Comptrol answered and asserted a first right to those funds. Neither Northwest nor REM answered the Amended Complaint.

10. Trustee Parker responded to the Amended Complaint, by filing her Amended Answer, Counterclaim and Third-Party Complaint on May 2, 2005. (A true copy of the Amended Answer, Counterclaim and Third-Party Complaint is attached hereto as Exhibit "D".) Therein, Trustee Parker asked for a ruling that the Flex-Tech estate was entitled to the sums due from Delphi under the Settlement Agreement to (i) REM, Northwest and Comptrol (the "3rd Party Payments"), and (2) the escrowed funds for Initial Transfer (The "Initial Transfer Payments").

11. Trustee Parker reached an agreement resolving her various claims against Initial Transfer, and its principal, Cecil Weatherspoon. The settlement provides, among other things,

4

that Initial Transfer has transferred to the Trustee all of Initial Transfer's rights under the Settlement Agreement, for those rights to be administered as part of Flex-Tech's bankruptcy estate. (A true copy of the Trustee's Motion to Approve the Settlement, filed on April 3, 2006, is attached hereto as Exhibit "E, and the Order of the Ohio Bankruptcy Court approving the settlement on April 26, 2006, is attached hereto as Exhibit "F".) As a result of this settlement and Order, Trustee Parker, on behalf of the Flex-Tech bankruptcy estate, now owns the right to enforce the Settlement Agreement on behalf of Initial Transfer. In particular, Delphi was obligated, but failed, to fund certain escrow accounts pursuant to the terms of the Settlement Agreement.

12. As noted above, Delphi filed for relief under Chapter 11 of the Bankruptcy Code on October 5, 2005. It subsequently filed a motion for summary judgment in the Flex-Tech litigation on November 4, 2005. That motion is presently decisional in the Ohio Bankruptcy Court, but Trustee Parker has advised that Court of her intention to seek stay relief from this Court so that the Ohio Bankruptcy Court can also consider the merits of Trustee Parker's Counterclaim. Delphi's motion was filed under seal and is therefore not filed herewith. Instead, a copy of the docket is attached hereto as Exhibit "G".

### Relief Requested

13. By this Motion, Trustee Parker seeks the entry of an Order, pursuant to section 362(d) of the Bankruptcy Code and Rule 4001(a) of the Bankruptcy Rules, lifting the automatic stay to permit Trustee Parker to assert and litigate her counterclaims in the Flex-Tech Litigation.

5

### Basis for Relief

14. Section 362(d) of the Bankruptcy Code provides, in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay - ( 1 ) for cause....

11 U.S.C. § 362(d). Although the term "cause" is not defined in the Bankruptcy Code, courts have interpreted it as a broad and flexible concept that is determined on a case-by-case basis. See *In re Sonnax Ind., Inc.*, 907 F.2d 1280, 1285-86 (2d Cir. 1990). In that regard, it is well established that the automatic stay is intended to be a shield and not a sword. See *In re Briarpatch Film Corp.*, 281 B.R. 820, 834 (Bankr. S.D.N.Y. 2002); see also *Int'l Distrib. Ctrs., Inc. v. Walsh Trucking Co.*, 62 B.R. 723, 730 (S.D.N.Y. 1986) (citing *Foerst v. Clowser*, 39 B.R. 883, 886 (Bankr. E.D. Va. 1984)).

15. In the Second Circuit, the decision of whether or not to lift the automatic stay is within the discretion of the bankruptcy judge. *In re Sonnax*, 907 F.2d at 1286. The Second Circuit has adopted the twelve factor test set forth in *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984), as factors for the bankruptcy judge to consider in its decision. *In re Sonnax*, 907 F.2d at 1286; See also *In re Peter Bogdanovich & Louise Hoogstratten Bogdanovich*, 292 F.3d 104 (2d Cir. 2002). Those twelve factors are:

   1) Whether relief would result in a partial or complete resolution of the issues;

   2) Lack of any connection with or interference with the bankruptcy case;

   3) Whether the other proceeding involves the debtor as a fiduciary;

   4) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

6

      5)     Whether the debtor's insurer has assumed full responsibility for defending it;

      6)     Whether the action primarily involves third parties;

      7)     Whether litigation in another forum would prejudice the interests of other creditors;

      8)     Whether the judgment claim arising from the other action is subject to equitable subordination;

      9)     Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

      10)     The interests of judicial economy and the expeditious and economical resolution of litigation;

      11)     Whether the parties are ready for trial in the other proceeding; and

      12)     Impact of the stay on the parties and the balance of harms.

*In re Sonnax*, 907 F.2d at 1286. The Second Circuit has held that not each of the twelve factors will be relevant in every case. *In re Bogdanovich*, 292 F.3d at 110.

    16.     Many of the *Curtis* factors (specifically, factors 3, 5, 6, 7, 8 and 9) are irrelevant for purposes of this Motion. The relevant *Curtis* factors are: (i) whether relief would result in a partial or complete resolution of the issues; (ii) lack of any connection with or interference with the bankruptcy case; (iii) whether the other proceeding involves the debtor as a fiduciary; (iv) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (v) whether the litigation in the other forum would prejudice the interests of other creditors; (vi) the interests of judicial economy and the expeditious and economical resolution of litigation; (vii) whether the parties are ready for trial in the other proceeding; and (viii) impact of the stay on the parties and the balance of the harms.

17. Each of the relevant *Curtis* factors weighs in favor of lifting the automatic stay to permit Trustee Parker to continue asserting her Counterclaims in the Flex-Tech Litigation. The relief requested in this Motion is triggered by Delphi's willingness to proceed with the Flex-Tech Litigation, as indicated by Delphi's filing of summary judgment in accordance with the Ohio Bankruptcy Court's motion schedule. In order to avoid from being prejudiced as a result of that decision, Parker is seeking relief from this Court to be able to pursue all of her rights to assert her counterclaims, thus resulting in a complete resolution of the issues between them. If Delphi were free to pursue the Flex-Tech Litigation, but Parker is limited in her ability to do so, there would, at best, be a partial resolution of the issues surrounding the underlying Settlement Agreement. In addition, it is clear that because Delphi is desirous of pursuing the Flex-Tech Litigation, the relief requested herein will not interfere with the Debtors' bankruptcy cases. Further, Delphi was required under the Settlement Agreement to establish certain escrow accounts, but failed to do so. Those issues are directly related to the arguments Delphi has made in its summary judgment motion. Moreover, because the Ohio Bankruptcy Court is familiar with the Flex-Tech Litigation and related bankruptcy issues, allowing Parker to prosecute her counterclaims in that Court would lead to an expeditious resolution of the issues raised in the Flex-Tech Litigation. Therefore, inasmuch as Delphi wishes to proceed with the Flex-Tech Litigation, the balance of the harms tips significantly in favor of ensuring that Parker has a full and complete ability to counter Delphi's allegations. Accordingly, this Court should grant the relief requested in this Motion.

**Memorandum of Law**

18. Because the legal points and authorities upon which this Motion relies are incorporated herein, Parker respectfully requests that the requirement of the service and filing of

a separate memorandum of law pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, Parker respectfully requests that this Court enter an order in the form attached hereto granting the relief requested herein and such other and further relief as may be warranted and just.

Dated: Toledo, Ohio
May 9, 2006

                Respectfully submitted,

*/s/ Patricia B. Fugée*
Patricia B. Fugée (NY 2390946 and OH 0070698)
Roetzel & Andress, LPA
One SeaGate, Suite 999
Toledo, OH 43624
Telephone: (419) 242-7985
Facsimile: (419) 242-0316
Email: pfugee@ralaw.com
*Counsel for Ericka Parker, Chapter 7 Trustee*

94550.112335.0002