# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | CASE NO. 03-35510 |
| | ) | |
| TOLEDO PROFESSIONAL TEMPS, INC., | ) ) | CHAPTER 7 |
| | ) | ADVERSARY PROCEEDING NO. |
| Debtor. | ) ) | JUDGE MARY ANN WHIPPLE |
| | ) | |
| DELPHI AUTOMOTIVE SYSTEMS, LLC, | ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ERICKA PARKER, U.S. TRUSTEE, | ) ) | |
| Defendant. | ) ) ) | |

**DELPHI AUTOMOTIVE SYSTEMS, LLC'S COMPLAINT
FOR DECLARATORY JUDGMENT**

**I.    JURISDICTION AND VENUE**

1. This is an action for Declaratory Judgment, pursuant to Title 28 U.S.C. §2201(a).

2. Jurisdiction is founded upon diversity of citizenship, pursuant to 28 U.S.C. §1332(a)(1). This is an action between citizens of different states, and the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive

of interest and costs. Moreover, this Court has jurisdiction based on federal question, because this case involves the interpretation of a federal statute, namely 11 U.S.C. §541.

3.    Pursuant to 28 U.S.C. §1391(a)(2), venue for this action is proper within the Northern District of Ohio, Western Division, because the Debtor, Toledo Professional Temps, Inc. ("Debtor"), has already filed a Chapter 7 Voluntary Petition for Bankruptcy with this Court.

## II.    THE PARTIES

4.    Delphi Automotive Systems, LLC ("Delphi") is a Delaware limited liability company with its headquarters and principal place of business in Troy, Michigan. Delphi Packard Electric Systems ("Packard") is an unincorporated division of Delphi, which operates in Warren, Ohio.

5.    The Debtor was an Ohio corporation with its principal place of business in Erie County, Ohio. The former name of the Debtor was Flex-Tech Professional Services, Inc. ("Flex-Tech").

6.    Ericka Parker ("Trustee") is the United States Trustee assigned to the Debtor's estate in this case.

## III.    FACTUAL BACKGROUND AND CLAIM FOR DECLARATORY JUDGMENT

7.    Delphi is a supplier of automotive products, components and systems. Delphi's Packard division is a supplier of automotive power and signal distribution systems and components, which are sold by Delphi to third parties.

8.    Historically, Packard internally handled all of its purchasing functions, which included the purchase of non-production ("indirect") electronic parts from outside

2

suppliers and other manufacturers. These various items purchased by Delphi are customarily referred to as "commodities".

9. In or about 1995, Delphi, in an effort to reduce Packard's internal purchasing costs, decided to outsource the purchasing function for indirect commodities to an independent third party.

10. Delphi solicited bids for Commodities Managers, which would be required to deal with outside suppliers, performing all invoicing functions and deal with Delphi's internal purchasing personnel.

11. Ultimately, Flex-Tech was awarded the Delphi contract for indirect commodities. Accordingly, on or about July 15, 1996, the parties hereto entered into an agreement, whereby Flex-Tech agreed to the terms specified in the Contract. As set forth in the Contract, its term was three and one-half (3-½) years, spanning the period of time from July 15, 1996, to and including, December 31, 1999.

12. During the course of the Contract, Flex-Tech would deal with the third-party suppliers and order specific commodities for Delphi. The third parties would ship the commodities to Delphi; Delphi would pay Flex-Tech; and Flex-Tech was then obligated to pay the third-party suppliers. Flex-Tech, however, failed to pay the third parties and, for this and other reasons, Delphi terminated its relationship with Flex-Tech.

13. Thereafter, Delphi filed its Complaint for Declaratory Judgment against Flex-Tech in the United States District Court, Northern District of Ohio, Eastern Division, Case No. 4:00CV2191, Magistrate Judge Limbert, presiding. Specifically, Delphi demanded judgment against Flex-Tech for a declaratory judgment that the Contract between Delphi and Flex-Tech was the exclusive and binding agreement

3

between the parties, that Delphi fully performed all requirements of the Contract, that Delphi no longer owed any money or other compensation to Flex-Tech under the terms of the Contract, and that Flex-Tech was obligated to indemnify and/or otherwise hold Delphi harmless relating to any claims by third parties with whom Flex-Tech dealt with in connection with its performance or breach of the Contract.

14. In response, Flex-Tech filed its Answer and incorporated a Counterclaim and Third-Party Complaint. During the litigation, Flex-Tech changed its name to Toledo Professional Temps, Inc.

15. Ultimately, a Settlement Agreement was executed between Delphi, Flex-Tech/Debtor and Initial Transfer FT, Ltd. Pursuant to the Settlement Agreement, Delphi is to pay certain third parties who are owed money from Flex-Tech/Debtor.

16. On or about July 15, 2003, the Debtor filed its Chapter 7 Voluntary Petition for Bankruptcy.

17. Delphi is, and has been, ready, willing and able to comply with the terms of the Settlement Agreement, particularly with respect to paying certain third parties. As a result of the Debtor's bankruptcy, however, Delphi has asked the Trustee whether any payments made by Delphi to the third parties, pursuant to the Settlement Agreement, would be deemed by the Trustee to be an asset of the Debtor's estate. The Trustee has failed to respond with a definitive answer.

18. Delphi, therefore, is exposed to additional damages, *e.g.*, having to pay the same amounts twice, because the Trustee has failed to respond to Delphi's inquiry as to whether the payments to third parties will be considered an asset of the Debtor.

4

Moreover, at least one third party has a judgment on which interest continues to accrue at a rate of ten percent (10%) per diem.

19.  Until and unless this Court fully and finally declares the rights of Delphi and determines, *inter alia*, that the payments to the third parties are not assets of the Debtor's estate, pursuant to 11 U.S.C. §541, Delphi could be subjected to additional damages.

**WHEREFORE**, Delphi Automotive Systems, LLC demands judgment against the Trustee, Ericka Parker, as follows:

(1) For a declaratory judgment that Delphi's payments, under the Settlement Agreement, to third parties are not assets of the Debtor's estate;

(2) That Delphi is able to pay the third parties identified in the Settlement Agreement without having to later pay the same monies into the Debtor's estate;

(3) For a declaratory judgment that Delphi does not have to make the payments, pursuant to the Settlement Agreement, to the Trustee; and

(4) For such other and further relief as this Court deems just and proper under the circumstances.

5

Respectfully submitted,

*/s/ Leslie E. Wargo*
David A. Schaefer, Esq.  (#0014297)
Robert S. Balantzow, Esq.  (#0014320)
Leslie E. Wargo, Esq.  (#0073112)
McCARTHY, LEBIT, CRYSTAL
 & LIFFMAN CO., L.P.A.
101 Prospect Avenue, West
1800 Midland Building
Cleveland, Ohio  44115-1088
(216) 696-1422
*das@mccarthylebit.com*
*lew@mccarthylebit.com*


*/s/ Donald R. Parshall, Jr.*
Donald R. Parshall, Jr., Esq.
DELPHI AUTOMOTIVE SYSTEMS
M/C 480-410-254
5825 Delphi Drive
Troy, Michigan  48098-2815
(248) 813-3367
*donald.r.parshall@delphiauto.com*

Attorneys for Delphi Automotive Systems, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Delphi Automotive Systems, LLC's Complaint for Declaratory Judgment has been served upon the following; via regular U.S. Mail, postage prepaid; this 7th day of April, 2004:

D. Jeffery Rengel, Esq.
Rengel Law Office
421 Jackson Street
Sandusky, Ohio 44870
    Attorney for Debtor

John J. Hunter, Jr., Esq.
Hunter & Schank Co., LPA
1700 Canton Avenue
One Canton Square
Toledo, Ohio 43624
    Attorney for Ericka S. Parker, Bankruptcy Trustee

John L. Jacobson, Esq.
3450 Central Avenue, Suite 124
Toledo, Ohio 43606-1416
    Attorney for Debtor

                */s/ Leslie E. Wargo*
                David A. Schaefer, Esq. (#0014297)
                Robert S. Balantzow, Esq. (#0014320)
                Leslie E. Wargo, Esq. (#0073112)

N:\clients\Delphi\FLEXTECH\GWIN\PLEADING\ComplaintforDec.Judgment.doc