# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| In re: ) | Case No. 03-35510 |
| Toledo Professional Temps, Inc. ) | |
| ) | Hon. Judge Mary Ann Whipple |
| Debtor, ) | |
| ) | Adversary No. 04-03114 |
| * * * * * * * * * * * * * * * * * * * * ) | |
| Delphi Automotive Systems, Inc., ) | **ANSWER, COUNTERCLAIM AND** |
| ) | **THIRD PARTY COMPLAINT** |
| v. ) | |
| ) | Patricia B. Fugée  (0070698) |
| Ericka S. Parker, Trustee, ) | Roetzel & Andress |
| ) | One SeaGate, #999 |
| Defendant/Trustee and Third Party ) | Toledo, OH  43604 |
| Plaintiff ) | pfugee@ralaw.com |
| ) | |
| -vs- ) | *Counsel for Defendant/Trustee and Third* |
| ) | *Party Plaintiff* |
| Initial Transfer FT, Ltd. ) | |
| c/o its statutory agent, Cecil Weatherspoon, ) | |
| 3407 Milan Road ) | |
| Sandusky, OH 44870 ) | |
| ) | |
| and ) | |
| ) | |
| Cecil Weatherspoon, Jr. ) | |
| 1412 Julianne Circle ) | |
| Sandusky, OH 44870 ) | |
| ) | |
| Defendants. ) | |

\*   \*   \*   \*   \*

Now comes Ericka S. Parker, Trustee (the "Trustee"), by and through her undersigned counsel, by way of Answer to the Complaint, Counterclaim and Third Party Complaint, respectfully represents as follows:

## I. JURISDICTION AND VENUE

1. The allegations of paragraph 1 of the Complaint assert a legal conclusion as to which no response is required.

2. The allegations of paragraph 2 of the Complaint assert a legal conclusion as to which no response is required.

3. The allegations of paragraph 3 of the Complaint assert a legal conclusion as to which no response is required.

## II. THE PARTIES

4. Admitted upon information and belief.

5. Admitted upon information and belief.

6. Admitted.

## III. FACTUAL BACKGROUND AND CLAIM FOR DECLARATORY JUDGMENT

7. Admitted upon information and belief.

8. The Trustee is without sufficient information to form a belief as to the truth of the allegations of paragraph 8 of the Complaint, therefore denies the same.

9. The Trustee is without sufficient information to form a belief as to the truth of the allegations of paragraph 9 of the Complaint, therefore denies the same.

10. The Trustee is without sufficient information to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, therefore denies the same.

11. Admitted upon information and belief.

12. The Trustee is without sufficient information to form a belief as to the truth of the allegations of paragraph 12 of the Complaint, therefore denies the same.

13.     The Trustee admits, upon information and belief, the allegations of the first sentence of paragraph 13 of the Complaint.  With respect to the remaining allegations of paragraph 13, the Trustee asserts that the pleadings therein speak for themselves and therefore neither admits nor denies the remaining allegations of paragraph 13.

14.     The Trustee admits, upon information and belief, the allegations of the first sentence of paragraph 14 of the Complaint.  The Trustee is without sufficient information to form a belief as to the truth of the remaining allegations of paragraph 14 of the Complaint, particularly relating to the timing and circumstances of the name change, and therefore denies the same.

15.     The Trustee admits the allegations of the first sentence of paragraph 15 of the Complaint.  The Trustee asserts that the Settlement Agreement speaks for itself, and therefore neither admits nor denies the remaining allegations of paragraph 15.

16.     Admitted.

17.     The Trustee is without sufficient information to form a belief as to the truth of the first sentence of paragraph 17 of the Complaint, therefore denies the same.  The Trustee admits the allegations of the second sentence of paragraph 17 of the Complaint.  The Trustee denies the allegations of the last sentence of paragraph 17 of the Complaint and asserts that the Trustee is continuing with her investigation into the facts underlying the Settlement Agreement.

18.     The Trustee specifically denies that she has "failed" to do anything, particularly in light of the difficulty she has encountered in obtaining information concerning the Settlement Agreement and other information concerning the Debtor.  The Trustee is without sufficient information to form a belief as to the truth of the last sentence of paragraph 18 of the Complaint, therefore denies the same.

3

19. The Trustee is without sufficient information to form a belief as to the truth of the allegations of paragraph 19 of the Complaint, therefore denies the same, except to say that it appears the funds at issue are in fact assets of the Debtor's estate.

## IV.     ADDITIONAL DEFENSES

1. Plaintiff has failed to state a cause of action.

2. Plaintiff has failed to join necessary parties to this action.

3. The Trustee reserves the right to assert such other and further defenses as discovery may reveal.

## V.     COUNTERCLAIM AND THIRD PARTY COMPLAINT

### Facts and Background

1. Counterclaimant and Third Party Plaintiff Ericka Parker is the Chapter 7 Trustee (the "Trustee") for the Chapter 7 proceeding instituted by Toledo Professional Temps, Inc., f/k/a Flex Tech Professional Services, Inc. (the "Debtor").

2. Plaintiff/Counterclaim Defendant Delphi Automotive Systems, LLC ("Delphi") is, upon information and belief, a Delaware limited liability company with its headquarters and principal place of business in Troy, Michigan.

3. Third Party Defendant Initial Transfer FT, Ltd. ("Initial Transfer") is, upon information and belief, an Ohio domestic limited liability company, with an address c/o its statutory agent, Cecil Weatherspoon, 3407 Milan Road, Sandusky, OH 44870.

4. Third Party Defendant Cecil Weatherspoon, Jr. ("Weatherspoon") is, upon information and belief, the sole member of Initial Transfer. He is an Ohio resident with an address of 1412 Julianne Court, Sandusky, OH 44870. In addition, also upon information and belief, Weatherspoon is President and sole shareholder of the Debtor.

4

5.   On August 30, 2000, Delphi institute suit against the Debtor entitled *Delphi Automotive Systems, LLC v. Flex-Tech Professional Services, Inc.* in the United States District Court for the Northern District of Ohio (Youngstown), case number 4:00-cv-02191-GJL (the "Litigation"). Thereafter, the Debtor filed a counterclaim and a third party complaint against various other entities in the Litigation.

6.   After institution of the Litigation, Weatherspoon caused Initial Transfer to be formed on or about June 1, 2001.  Upon information and belief, the purpose of the formation of Initial Transfer was for Weatherspoon to take the assets of the Debtor for little or no value, including the Debtor's claims in the Litigation.

7.   On or about May 25, 2001, Weatherspoon acquired substantially all of the assets of the Debtor, without paying reasonably equivalent value and/or with the intent of defrauding the Debtor's creditors.

8.   Also on or about May 25, 2001, Weatherspoon transferred substantially all of the assets of the Debtor to Initial Transfer, without paying reasonably equivalent value and/or with the intent of defrauding the Debtor's creditors.

9.   On or about July 17, 2001, Weatherspoon individually and on behalf of the Debtor transferred all rights and interests in the Litigation to Initial Transfer, without paying reasonably equivalent value and/or with the intent of defrauding the Debtor's creditors.

10.   On or about February 19, 2003, Delphi, the Debtor and Initial Transfer entered into a Settlement Agreement in connection with the Litigation.

11.   Initial Transfer was not a party to the Litigation.

5

12. The Settlement Agreement provides that Delphi is to make certain payments on behalf of the Debtor to third parties and that it is to make certain payments, apparently on behalf of the Debtor, to Initial Transfer.

13. The Debtor filed the within bankruptcy proceeding on July 15, 2003.

**Counterclaim/Third Party Complaint Count One**

14. The Trustee repeats and realleges each of the foregoing allegations as if more fully set forth herein.

15. As the party in interest in the Litigation allegedly damaged by the acts complained of therein, the Debtor has an interest in the funds to be paid pursuant to the Settlement Agreement, within the meaning of 11 U.S.C. § 541.

16. Wherefore, the Trustee requests the entry of declaratory judgment in her favor, declaring that the funds already paid and to be paid and/or escrowed pursuant to the Settlement Agreement constitute property of the Debtor's estate.

**Counterclaim/Third Party Complaint Count Two**

17. The Trustee repeats and realleges each of the foregoing allegations as if more fully set forth herein.

18. Any payments made by Delphi pursuant to the Settlement Agreement since July 15, 2003 constitute property of the estate to be recovered and administered by the Trustee pursuant to 11 U.S.C. §541.

19. As set forth above, the only party in interest entitled to funds pursuant to the Settlement Agreement is the Debtor.

6

20. Pursuant to 11 U.S.C. §542, the Trustee is entitled to the immediate payment and turnover from Initial Transfer and/or Weatherspoon of any and all transfers made by Delphi, directly or indirectly, to the Defendant from and after July 15, 2003.

21. The Trustee is entitled to an accounting of all the transfers received by Initial Transfer and/or Weatherspoon from Delphi, directly or indirectly, from and after July 15, 2003.

### Counterclaim/Third Party Complaint Count Three

22. The Trustee repeats and realleges each of the foregoing allegations as if more fully set forth herein.

23. Initial Transfer and/or Weatherspoon received funds from Delphi under the Settlement Agreement within one year of the Debtor's bankruptcy filing.

24. Weatherspoon caused any such transfer to be made with the intent to hinder, delay, and defraud the Debtor's estate and its creditors.

25. Therefore, any such transfer is avoidable as a fraudulent transfer under § 548 of the Bankruptcy Code.

### Counterclaim/Third Party Complaint Count Four

26. The Trustee repeats and realleges each of the foregoing allegations as if more fully set forth herein.

27. Initial Transfer and/or Weatherspoon received funds from Delphi under the Settlement Agreement within one year of the Debtor's bankruptcy filing.

28. The Debtor received less than a reasonably equivalent value in exchange for the transfer from Delphi to Initial Transfer and/or Weatherspoon.

29. The Debtor: (A) was insolvent on the date that the transfer was made, or became insolvent as a result of the transfer; (B) was engaged in a business or transaction, or was about to

engage in business or transfer, for which any property remaining with the Debtor was unreasonably small capital; and/or (C) intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

30. Therefore, the transfer from Delphi to Initial Transfer and/or Weatherspoon is therefore avoidable as a fraudulent transfer under § 548(a)(1)(B) of the Bankruptcy Code.

### Counterclaim/Third Party Complaint Count Five

31. The Trustee repeats and realleges each of the foregoing allegations as if more fully set forth herein.

32. The Debtor's transfer of substantially all of its assets to Weatherspoon and/or Initial Transfer in 2001 was made without the Debtor receiving a reasonably equivalent value.

33. Delphi's transfer to Initial Transfer and/or Weatherspoon of funds under the Settlement Agreement constitutes the transfer of the Debtor's assets without the Debtor's receiving a reasonable equivalent value.

34. At the time of these transfers, the Debtor was engaged and/or was about to engage in business or transactions for which its remaining assets were unreasonably small in relation to its business.

35. At the time of these transfers, Initial Transfer and/or Weatherspoon believed or reasonably should have believed that Debtor would incur debts beyond its ability to pay as those debts as they became due.

36. Accordingly, these transfers were fraudulent under 11 U.S.C. § 544 and O.R.C. § 1336.04(A)(1) and all such transferred assets should be returned to the Trustee.

### Counterclaim/Third Party Complaint Count Six

8

37.     The Trustee repeats and realleges each of the foregoing allegations as if more fully set forth herein.

38.     The Debtor's transfer of substantially all of its assets to Weatherspoon and/or Initial Transfer in 2001 was made without the Debtor receiving a reasonably equivalent value.

39.     Delphi's transfer to Initial Transfer and/or Weatherspoon of funds under the Settlement Agreement constitutes the transfer of the Debtor's assets without the Debtor's receiving a reasonable equivalent value.

40.     At the time of these transfers, the Debtor was engaged and/or were about to engage in business or transactions for which its remaining assets were unreasonably small in relation to the business or transaction.

41.     At the time of these transfers, Initial Transfer and/or Weatherspoon believed or reasonably should have believed that Debtor would incur debts beyond its ability to pay as those debts as they became due.

42.     Accordingly, these transfers were constructively fraudulent under 11 U.S.C. § 544 and O.R.C. § 1336.04(A)(2)(a) and all such transferred assets should be returned to the Trustee.

### Counterclaim/Third Party Complaint Count Seven

43.     The Trustee repeats and realleges each of the foregoing allegations as if more fully set forth herein.

44.     The Debtor's transfer of substantially all of its assets to Weatherspoon and/or Initial Transfer in 2001 was made without the Debtor receiving a reasonably equivalent value.

45.     Delphi's transfer to Initial Transfer and/or Weatherspoon of funds under the Settlement Agreement constitutes the transfer of the Debtor's assets without the Debtor's receiving a reasonable equivalent value.

46.     The Debtor was insolvent at the time of these transfers or became insolvent as a result of these transfers.

47.     Accordingly, the Transfer was constructively fraudulent under 11 U.S.C. § 544 and O.R.C. § 1336.05(A) and therefore, all such transferred assets should be returned to the Trustee.

### Counterclaim/Third Party Complaint Count Eight

48.     The Trustee repeats and realleges each of the foregoing allegations as if more fully set forth herein.

49.     The Debtor's transfer of substantially all of its assets to Weatherspoon and/or Initial Transfer in 2001 was made without the Debtor receiving a reasonably equivalent value.

50.     Delphi's transfer to Initial Transfer and/or Weatherspoon of funds under the Settlement Agreement constitutes the transfer of the Debtor's assets without the Debtor's receiving a reasonable equivalent value.

51.     Weatherspoon is the sole principal of both the Debtor and Initial Transfer and therefore, is an "insider" within the meaning § 101(31)(B) of the Bankruptcy Code.

52.     Upon information and belief, any debt for any of these transfers was made was an antecedent debt.

53.     At the time of these transfers, the Debtor was insolvent or became insolvent because of these transfers.

54.     At the time of these transfers, Weatherspoon reason to know that the Debtor was insolvent.

55.     Accordingly, these transfer were constructively fraudulent under 11 U.S.C. § 544 and O.R.C. § 1336.05(B), or in the alternative is a recoverable preference under 11 U.S.C. § 547, and all such transferred assets should be returned to the Trustee.

10

WHEREFORE, the Trustee requests the entry of judgment in her favor:

(i) declaring that all payments made and to be made pursuant to the Settlement Agreement constitute property of the Debtor's estate;

(ii) directing the turnover and an accounting of any payments made pursuant to the Settlement Agreement;

(iii) voiding the transfer of any and all assets from the Debtor to Weatherspoon and/or Initial Transfer and directing the turnover of all such assets to the Trustee;

(iv) granting the Trustee judgment against Weatherspoon and/or Initial Transfer in such transferred amounts, including attorney's fees and costs and any other damages to which the Trustee can show she is entitled; and

(v) granting the Trustee such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Patricia B. Fugée
Patricia B. Fugée    (0070698)
ROETZEL & ANDRESS L.P.A
One SeaGate, Suite 999
Toledo, Ohio 43604
Telephone: (419) 242-7985
Facsimile:  (419) 242-0316
E-mail:  pfugee@ralaw.com
Counsel for the Chapter 7 Trustee

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Answer, Counterclaim and Third Party Complaint was served via electronic transmission through the Court's ECF system to those participating in same, as well as via First Class U. S. Mail to those parties shown on the attached service list, on this 14th day of June, 2004.

/s/ Patricia B. Fugée
Patricia B. Fugée

68009_1 112335.0002

# SERVICE LIST
### In re: Toledo Professional Temps, Inc.
### Case No.: 03-35510;
### Delphi Automotive Systems, Inc. v. Ericka Parker
### Adv. Pro. No.: 04-03114

Ericka S. Parker, Esq.
1709 Spielbusch Ave., Suite 100
Toledo, OH 43624
*Defendant/Trustee/Third-Party Plaintiff*

Robert S. Balantzow, Esq.
Leslie Wargo, Esq.
David Schaefer, Esq.
McCarthy, Lebit, Crystal & Liffman
101 Prospect Ave., W
Midland Building, #1800
Cleveland, OH 44115-1088
*Counsel for Plaintiff*

John Jacobson, Esq.
3450 Central Ave., Suite 124
Toledo, OH 43606
*Counsel for Debtor*

Initial Transfer FT, Ltd.
C/o Statutory Agent, Cecil Weatherspoon
3407 Milan Road
Sandusky, OH 44870
*Third-Party Defendant*

Cecil Weatherspoon, Jr.
1412 Julianne Circle
Sandusky, OH 44870
*Third-Party Defendant*

D. Jeffrey Rengel, Esq.
Rengel Law Office
421 Jackson St.
Sandusky, OH 44870

Office of the U. S. Trustee
200 Public Square
Suite 20-3300
Cleveland, OH 44114

13