# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | CASE NO. 03-35510 |
| | ) | |
| TOLEDO PROFESSIONAL | ) | CHAPTER 7 |
| TEMPS, INC., | ) | |
| | ) | ADVERSARY PROCEEDING |
| Debtor. | ) | NO. 04-03114 |
| | ) | |
| _____ | ) | JUDGE MARY ANN WHIPPLE |
| DELPHI AUTOMOTIVE SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERICKA PARKER, U.S. TRUSTEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>DELPHI AUTOMOTIVE SYSTEMS, LLC'S AMENDED COMPLAINT
FOR INTERPLEADER AND DECLARATORY JUDGMENT</u>**

I. <u>**JURISDICTION AND VENUE**</u>

1. This is an action for Declaratory Judgment, pursuant to Title 28 U.S.C. §2201(a), and Interpleader, pursuant to Title 28 U.S.C. §1335.

2. Jurisdiction is founded upon diversity of citizenship, pursuant to 28 U.S.C. §1332(a)(1) and upon 28 U.S.C. §1334 as it relates to the within bankruptcy case. This is an action between citizens of different states, and the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Moreover, this

Court has jurisdiction based on federal question, because this case involves the interpretation of a federal statute.

3.  Pursuant to 28 U.S.C. §1391(a)(2), venue for this action is proper within the Northern District of Ohio, Western Division, because the Debtor, Toledo Professional Temps, Inc. ("Debtor"), has already filed a Chapter 7 Voluntary Petition for Bankruptcy with this Court.

## II.  THE PARTIES

4.  Delphi Automotive Systems, LLC ("Delphi"), is a Delaware limited liability company with its headquarters and principal place of business in Troy, Michigan. Delphi Packard Electric Systems ("Packard") is an unincorporated division of Delphi, which operates in Warren, Ohio.

5.  The Debtor was an Ohio corporation with its principal place of business in Erie County, Ohio. The former name of the Debtor was Flex-Tech Professional Services, Inc. ("Flex-Tech").

6.  Ericka Parker ("Trustee") is the Panel Trustee assigned to the Debtor's estate in this case.

7.  Northwest Controls, Inc. ("Northwest") is an Ohio corporation, which upon information and belief, has its principal place of business in Defiance, Ohio.

8.  REM Electronics Supply Company, Inc. ("REM") is an Ohio corporation, which upon information and belief, has its principal place of business in Warren, Ohio.

9.  Comptrol, Inc. ("Comptrol") is an Ohio corporation, which upon information and belief, has its principal place of business in Garfield Heights, Ohio.

10. Initial Transfer FT, Ltd. ("IT") is an Ohio limited liability company, which upon information and belief, has its principal place of business in Sandusky, Ohio.

2

### III.   FACTUAL BACKGROUND

11.   Delphi is a supplier of automotive products, components and systems. Delphi's Packard division is a supplier of automotive power and signal distribution systems and components, which are sold by Delphi to third parties.

12.   Historically, Packard internally handled all of its purchasing functions, which included the purchase of non-production ("indirect") electronic parts from outside suppliers and other manufacturers. These various items purchased by Delphi are customarily referred to as "commodities".

13.   In or about 1995, Delphi, in an effort to reduce Packard's internal purchasing costs, decided to outsource the purchasing function for indirect commodities to an independent third party.

14.   Delphi solicited bids for Commodities Managers, which would be required to deal with outside suppliers, performing all invoicing functions and deal with Delphi's internal purchasing personnel.

15.   Ultimately, Flex-Tech was awarded the Delphi contract for indirect commodities. Accordingly, on or about July 15, 1996, Delphi and Flex-Tech entered into a Commodity Management Agreement ("the Contract"), for a term of 3-½ years, from July 15, 1996, to and including, December 31, 1999.

16.   During the course of the Contract, Flex-Tech dealt with the third-party suppliers and ordered specific commodities for Delphi. The third parties shipped the commodities to Delphi. Delphi then paid Flex-Tech, which was obligated to pay the third-party suppliers. Flex-Tech, however, failed to pay the third parties and, for this and other reasons, Delphi terminated the Contract.

3

17. Thereafter, Delphi filed its Complaint for Declaratory Judgment against Flex-Tech in the United States District Court, Northern District of Ohio, Eastern Division, Case No. 4:00CV2191, Magistrate Judge Limbert, presiding. Specifically, Delphi sought a declaratory judgment that the Contract between Delphi and Flex-Tech was the exclusive and binding agreement between the parties, that Delphi fully performed all requirements of the Contract, that Delphi no longer owed any money or other compensation to Flex-Tech under the terms of the Contract, and that Flex-Tech was obligated to indemnify and/or otherwise hold Delphi harmless relating to any claims by third parties with whom Flex-Tech dealt in connection with its performance or breach of the Contract.

18. In response, Flex-Tech filed its Answer, Counterclaim, and Third-Party Complaint. During the litigation, Flex-Tech changed its name to Toledo Professional Temps, Inc.

19. Ultimately, a Settlement Agreement was executed between Delphi, Flex-Tech and IT. Pursuant to the Settlement Agreement, Delphi was to pay Comptrol, Northwest and REM who were owed money by Flex-Tech.

20. Delphi paid IT certain non-escrowed funds pursuant to the Settlement Agreement.

21. Delphi settled Comptrol's lawsuit against Flex-Tech for $107,714.65 and was ready and willing to pay Comptrol.

22. On or about July 15, 2003, the Debtor filed its Chapter 7 Voluntary Petition for Bankruptcy.

### IV.    INTERPLEADER

23. Delphi incorporates by reference the allegations set forth in paragraphs 1 - 22 of its Complaint as if fully rewritten herein.

4

24.     Delphi is, and has been, ready, willing and able to comply with the terms of its agreement to pay Comptrol. As a result of the Debtor's bankruptcy, however, Delphi asked the Trustee whether any payments made by Delphi pursuant to the Settlement Agreement would be deemed by the Trustee to be an asset of the Debtor's estate. The Trustee eventually responded and has claimed that the payments provided for in the Settlement Agreement are assets of the Debtor's estate.

25.     Two or more adverse claimants are claiming or may claim to be entitled to the funds pursuant to the Settlement Agreement.

26.     Delphi, therefore, is exposed to damages, *e.g.*, having to pay the same amounts twice because adverse parties are claiming or may claim to be entitled to the same funds under the Settlement Agreement.

27.     Specifically, Delphi is ready and willing to pay the $107,719.65 owed to Comptrol into this Court, so long as this Court determines that either Comptrol or the Debtor's estate, but not both, has the best and only claim to the funds.

## V.     **DECLARATORY JUDGMENT**

28.     Delphi incorporates by reference the allegations set forth in paragraphs 1 – 27 as if fully rewritten herein.

29.     Until and unless this Court fully and finally declares the rights of Delphi, IT, Comptrol, REM and Northwest to the funds payable pursuant to the Settlement Agreement and determines, *inter alia*, that Delphi's past and future payments pursuant to the Settlement Agreement are not assets of the Debtor's estate, pursuant to 11 U.S.C. §541, Delphi could be subject to additional damages.

5

30. Delphi, therefore, seeks a declaratory judgment from this Court that it is not obligated to fund the escrow accounts regarding additional monies provided for in the Settlement Agreement, on the grounds that IT failed to meet certain conditions and, therefore, is not entitled to those funds.

31. Delphi further seeks a declaratory judgment from this Court that it is not obligated to pay REM and Northwest, as provided for in the Settlement Agreement, because those entities have waived their right to such payments.

**WHEREFORE**, Delphi Automotive Systems, LLC demands judgment against the Trustee, Ericka Parker, IT, Comptrol, REM and Northwest as follows:

(1) For a declaratory judgment that Delphi's payments, and proposed payments, under the Settlement Agreement to IT and Comptrol, REM and Northwest, respectively, are not assets of the Debtor's estate;

(2) For a declaratory judgment that Delphi does not have to make the payments, pursuant to the Settlement Agreement, to the Trustee;

(3) For a declaratory judgment that Delphi does not have to pay IT, REM and Northwest for the reasons described above;

(4) For a declaratory judgment that if Delphi is ordered to pay any funds to the Trustee, that it not have to pay the same monies to IT, Comptrol, REM and Northwest;

(5) For an interpleader order, pursuant to which Delphi pays $107,719.65 into this Court, the amount Delphi agreed to pay Comptrol to settle Comptrol's claim against Flex-Tech, which Order further provides that Delphi will not

6

have to pay this amount to Comptrol if this Court decides that these funds are property of the Debtor's estate, and

(6)    For such other and further relief as this Court deems fair, just and equitable under the circumstances.

OF COUNSEL:

| | |
|---|---|
| McCARTHY, LEBIT, CRYSTAL & LIFFMAN CO., L.P.A. | */s/ David A. Schaefer*<br>DAVID A. SCHAEFER (0014297)<br>ROBERT S. BALANTZOW (0014320)<br>DAVID S. BLOCKER (0075523)<br>101 W. Prospect Avenue<br>1800 Midland Building<br>Cleveland, Ohio 44115<br>(216) 696-1422 *p*<br>(216) 696-1210 *f*<br>*das@mccarthylebit.com*<br>rsb@mccarthylebit.com<br>dsb@mccarthylebit.com |
| DELPHI AUTOMOTIVE SYSTEMS | */s/ Donald R. Parshall, Jr.*<br>Donald R. Parshall, Jr. (0041003)<br>M/C 483.400.126<br>5725 Delphi Drive<br>Troy, Michigan 48098-2815<br>(248) 813-3367<br>*donald.r.parshall@delphiauto.com*<br><br>Attorneys for Delphi Automotive Systems, LLC |

N:\clients\Delphi\BANKRUPTCY\Pleadings\AmendedComplaint.doc.doc

7