# EXHIBIT D

05-44481-rdd    Doc 3705-4    Filed 05/09/06    Entered 05/09/06 13:13:44    Exhibit D
Pg 1 of 14

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 03-35510 |
| | ) | |
| Toledo Professional Temps, Inc. | ) | Hon. Judge Mary Ann Whipple |
| | ) | |
| Debtor, | ) | Adversary No. 04-03114 |
| | ) | |
| * * * * * * * * * * * * * * * * * * * * | ) | **AMENDED ANSWER,** |
| Delphi Automotive Systems, Inc., | ) | **COUNTERCLAIM, AND** |
| | ) | **THIRD PARTY COMPLAINT** |
| Plaintiff | ) | |
| | ) | Patricia B. Fugée  (0070698) |
| v. | ) | Roetzel & Andress |
| | ) | One SeaGate, #900 |
| Ericka S. Parker, Trustee, et al. | ) | Toledo, OH  43604 |
| | ) | Telephone:  (419) 242-7985 |
| Defendants. | ) | Facsimile:  (419) 242-0316 |
| | ) | Email: pfugee@ralaw.com |
| | ) | |
| | ) | *Counsel for Defendant/Third Party Plaintiff* |
| | ) | *Trustee* |

\*        \*        \*        \*        \*

Now comes Ericka S. Parker, Trustee (the "Trustee"), by and through her undersigned counsel, and hereby files her Amended Answer, Counterclaim, and Third Party Complaint in response to the Amended Complaint filed by Plaintiff Delphi Automotive Systems, Inc. ("Plaintiff").  In support of her Amended Answer, Counterclaim, and Third Party Complaint the Trustee respectfully represents the following:

**I.        JURISDICTION AND VENUE**

1.        The allegations contained in paragraph 1 of the Amended Complaint assert legal conclusion to which no response is required.

2. The allegations contained in paragraph 2 of the Amended Complaint assert legal conclusions to which no response is required.

3. The allegations contained in paragraph 3 of the Amended Complaint assert legal conclusions to which no response is required.

## II.  THE PARTIES

4. Admitted upon information and belief.

5. Admitted upon information and belief.

6. Admitted that Erica S. Parker is the Trustee assigned to Debtor's estate.

7. In response to paragraph 7 of the Amended Complaint, the Trustee is without information sufficient to form a belief as to the truth of the allegations asserted.

8. In response to paragraph 8 of the Amended Complaint, the Trustee is without information sufficient to form a belief as to the truth of the allegations asserted.

9. In response to paragraph 9 of the Amended Complaint, the Trustee is without information sufficient to form a belief as to the truth of the allegations asserted.

10. Admitted that the Debtor and its principal (who is also the principal of Initial Transfer) have asserted that Initial Transfer is separately incorporated, but denies that it is in fact a legitimate entity.

## III.  FACTUAL BACKGROUND

11. Admitted upon information and belief.

12. Admitted upon information and belief.

13. Admitted upon information and belief.

14. Admitted upon information and belief.

15. Admitted upon information and belief.

16.     In response to paragraph 16 of the Amended Complaint, the Trustee is without information sufficient to form a belief as to the truth of the allegations asserted.

17.     The Trustee admits, upon information and belief, the allegations of the first sentence of paragraph 17 of the Amended Complaint.  However, with respect to the remaining allegations contained in paragraph 7, the Trustee asserts that the pleadings therein speak for themselves and therefore neither admits nor denies the remaining allegations of paragraph 17.

18.     The Trustee admits, upon information and belief, the allegations of the first sentence of paragraph 18 of the Amended Complaint.  However, the Trustee is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint, particularly relating to the timing and circumstances of the name change, and therefore denies the same.

19.     The Trustee admits the allegations of the first sentence of paragraph 19 of the Amended Complaint.  The Trustee asserts that the Settlement Agreement speaks for itself, and therefore neither admits nor denies the remaining allegations of paragraph 19.

20.     Admitted upon information and belief.

21.     Admitted upon information and belief.

22.     Admitted.

## IV.     INTERPLEADER

23.     The Trustee incorporates by reference her responses to paragraphs 1 through 22 of her Amended Answer as if fully rewritten herein.

24.      The statements contained in paragraph 24 of the Amended Complaint are statements to which no response is required.  However, the Trustee affirms that any payment provided by Plaintiff under the Settlement Agreement is property of Debtor's estate.

3

25. Admitted.

26. Admitted that another party may claim the funds and denied that any other party has the right to such funds.

27. The statements contained in paragraph 27 of the Amended Complaint are statements to which no response is required.

## V. DECLARATORY JUDGMENT

28. The Trustee incorporates by reference her responses to paragraphs 1 through 27 of her Amended Answer as if fully rewritten herein.

29. The statements contained in paragraph 29 of the Amended Complaint are statements to which no response is required.

30. The Trustee denies that Plaintiff is entitled to the judgment it seeks and instead, avers that this Court should rule that under the Settlement Agreement, Delphi is obligated to fund the escrow accounts.

31. The statements contained in paragraph 31 of the Amended Complaint are statements to which no response is required. However, the Trustee avers that, regardless of whether a response is given by REM and/or Northwest, Plaintiff remains obligated to pay money under the Settlement Agreement into the Debtor's estate.

32. Trustee states that any allegation not expressly admitted herein is denied.

## VI. ADDITIONAL DEFENSES

1. Plaintiff has failed to state a cause of action upon which relief can be granted.

2. The Trustee reserves the right to assert such other and further defenses as discovery may reveal.

4

## VII.    COUNTERCLAIM AND THIRD PARTY COMPLAINT

**Facts and Background**

1. Counterclaimant and Third Party Plaintiff Ericka Parker is the Chapter 7 Trustee (the "Trustee") for the Chapter 7 proceeding instituted by Toledo Professional Temps, Inc., f/k/a Flex Tech Professional Services, Inc. (the "Debtor").

2. Plaintiff/Counterclaim Defendant Delphi Automotive Systems, LLC ("Delphi") is, upon information and belief, a Delaware limited liability company with its headquarters and principal place of business in Troy, Michigan.

3. Third Party Defendant Initial Transfer FT, Ltd. ("Initial Transfer") is, upon information and belief, an Ohio domestic limited liability company, with an address c/o its statutory agent, Cecil Weatherspoon, 3407 Milan Road, Sandusky, OH 44870.

4. Third Party Defendant Cecil Weatherspoon, Jr. ("Weatherspoon") is, upon information and belief, the sole member of Initial Transfer. He is an Ohio resident with an address of 1412 Julianne Court, Sandusky, OH 44870. In addition, also upon information and belief, Weatherspoon is President and sole shareholder of the Debtor.

5. On August 30, 2000, Delphi instituted a lawsuit against the Debtor entitled *Delphi Automotive Systems, LLC v. Flex-Tech Professional Services, Inc.* in the United States District Court for the Northern District of Ohio (Youngstown), case number 4:00-cv-02191-GJL (the "Litigation"). Thereafter, the Debtor filed a counterclaim and a third party complaint against various other entities in the Litigation.

6. After institution of the Litigation, Weatherspoon caused Initial Transfer to be formed on or about June 1, 2001. Upon information and belief, the purpose of the formation of Initial

5

Transfer was for Weatherspoon to take the assets of the Debtor for little or no value, including the Debtor's claims in the Litigation.

7. On or about May 25, 2001, Weatherspoon acquired substantially all of the assets of the Debtor, without paying reasonably equivalent value and/or with the intent of defrauding the Debtor's creditors.

8. Also on or about May 25, 2001, Weatherspoon transferred substantially all of the assets of the Debtor to Initial Transfer, without paying reasonably equivalent value and/or with the intent of defrauding the Debtor's creditors.

9. On or about July 17, 2001, Weatherspoon individually and on behalf of the Debtor transferred all rights and interests in the Litigation to Initial Transfer, without paying reasonably equivalent value and/or with the intent of defrauding the Debtor's creditors.

10. On or about February 19, 2003, Delphi, the Debtor, and Initial Transfer entered into a Settlement Agreement in connection with the Litigation.

11. Initial Transfer was not a party to the Litigation.

12. The Settlement Agreement provides that Delphi is to make certain payments on behalf of the Debtor to third parties Northwest Controls, Inc. ("Northwest"), Comptrol, Inc. ("Comptrol"), and REM Electronics Supply Company, Inc. ("REM"); and that Delphi is to make certain payments, apparently on behalf of the Debtor, to Initial Transfer.

13. The Debtor filed the within bankruptcy proceeding on July 15, 2003.

**Counterclaim/Third Party Complaint Count One**

14. The Trustee repeats and realleges each of the foregoing allegations as if more fully set forth herein.

15.     As the party in interest in the Litigation allegedly damaged by the acts complained of therein, the Debtor has an interest in the funds to be paid pursuant to the Settlement Agreement, within the meaning of 11 U.S.C. § 541.

16.     Wherefore, the Trustee requests the entry of declaratory judgment in her favor, declaring that the funds already paid and to be paid and/or escrowed pursuant to the Settlement Agreement constitute property of the Debtor's estate.

### Counterclaim/Third Party Complaint Count Two

17.     The Trustee repeats and realleges each of the foregoing allegations as if more fully set forth herein.

18.     Any payments made by Delphi pursuant to the Settlement Agreement since July 15, 2003 constitute property of the estate to be recovered and administered by the Trustee pursuant to 11 U.S.C. §541.

19.     As set forth above, the only party in interest entitled to funds pursuant to the Settlement Agreement is the Debtor.

20.     Pursuant to 11 U.S.C. §542, the Trustee is entitled to the immediate payment and turnover from Initial Transfer and/or Weatherspoon of any and all transfers made by Delphi, directly or indirectly, to the Defendant from and after July 15, 2003.

21.     The Trustee is entitled to an accounting of all the transfers received by Initial Transfer and/or Weatherspoon from Delphi, directly or indirectly, from and after July 15, 2003.

### Counterclaim/Third Party Complaint Count Three

22.     The Trustee repeats and realleges each of the foregoing allegations as if more fully set forth herein.

7

23. Initial Transfer and/or Weatherspoon received funds from Delphi under the Settlement Agreement within one year of the Debtor's bankruptcy filing.

24. Weatherspoon caused any such transfer to be made with the intent to hinder, delay, and defraud the Debtor's estate and its creditors.

25. Therefore, any such transfer is avoidable as a fraudulent transfer under § 548 of the Bankruptcy Code.

### Counterclaim/Third Party Complaint Count Four

26. The Trustee repeats and realleges each of the foregoing allegations as if more fully set forth herein.

27. Initial Transfer and/or Weatherspoon received funds from Delphi under the Settlement Agreement within one year of the Debtor's bankruptcy filing.

28. The Debtor received less than a reasonably equivalent value in exchange for the transfer from Delphi to Initial Transfer and/or Weatherspoon.

29. The Debtor: (A) was insolvent on the date that the transfer was made, or became insolvent as a result of the transfer; (B) was engaged in a business or transaction, or was about to engage in business or transfer, for which any property remaining with the Debtor was unreasonably small capital; and/or (C) intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

30. Therefore, the transfer from Delphi to Initial Transfer and/or Weatherspoon is therefore avoidable as a fraudulent transfer under § 548(a)(1)(B) of the Bankruptcy Code.

### Counterclaim/Third Party Complaint Count Five

31. The Trustee repeats and realleges each of the foregoing allegations as if more fully set forth herein.

8

32.     The Debtor's transfer of substantially all of its assets to Weatherspoon and/or Initial Transfer in 2001 was made without the Debtor receiving a reasonably equivalent value.

33.     Delphi's transfer to Initial Transfer and/or Weatherspoon of funds under the Settlement Agreement constitutes the transfer of the Debtor's assets without the Debtor's receiving a reasonable equivalent value.

34.     At the time of these transfers, the Debtor was engaged and/or was about to engage in business or transactions for which its remaining assets were unreasonably small in relation to its business.

35.     At the time of these transfers, Initial Transfer and/or Weatherspoon believed or reasonably should have believed that Debtor would incur debts beyond its ability to pay as those debts as they became due.

36.     Accordingly, these transfers were fraudulent under 11 U.S.C. § 544 and O.R.C. § 1336.04(A)(1) and all such transferred assets should be returned to the Trustee.

**Counterclaim/Third Party Complaint Count Six**

37.     The Trustee repeats and realleges each of the foregoing allegations as if more fully set forth herein.

38.     The Debtor's transfer of substantially all of its assets to Weatherspoon and/or Initial Transfer in 2001 was made without the Debtor receiving a reasonably equivalent value.

39.     Delphi's transfer to Initial Transfer and/or Weatherspoon of funds under the Settlement Agreement constitutes the transfer of the Debtor's assets without the Debtor's receiving a reasonable equivalent value.

9

40. At the time of these transfers, the Debtor was engaged and/or were about to engage in business or transactions for which its remaining assets were unreasonably small in relation to the business or transaction.

41. At the time of these transfers, Initial Transfer and/or Weatherspoon believed or reasonably should have believed that Debtor would incur debts beyond its ability to pay as those debts as they became due.

42. Accordingly, these transfers were constructively fraudulent under 11 U.S.C. § 544 and O.R.C. § 1336.04(A)(2)(a) and all such transferred assets should be returned to the Trustee.

### Counterclaim/Third Party Complaint Count Seven

43. The Trustee repeats and realleges each of the foregoing allegations as if more fully set forth herein.

44. The Debtor's transfer of substantially all of its assets to Weatherspoon and/or Initial Transfer in 2001 was made without the Debtor receiving a reasonably equivalent value.

45. Delphi's transfer to Initial Transfer and/or Weatherspoon of funds under the Settlement Agreement constitutes the transfer of the Debtor's assets without the Debtor's receiving a reasonable equivalent value.

46. The Debtor was insolvent at the time of these transfers or became insolvent as a result of these transfers.

47. Accordingly, the Transfer was constructively fraudulent under 11 U.S.C. § 544 and O.R.C. § 1336.05(A) and therefore, all such transferred assets should be returned to the Trustee.

### Counterclaim/Third Party Complaint Count Eight

48. The Trustee repeats and realleges each of the foregoing allegations as if more fully set forth herein.

49. The Debtor's transfer of substantially all of its assets to Weatherspoon and/or Initial Transfer in 2001 was made without the Debtor receiving a reasonably equivalent value.

50. Delphi's transfer to Initial Transfer and/or Weatherspoon of funds under the Settlement Agreement constitutes the transfer of the Debtor's assets without the Debtor's receiving a reasonable equivalent value.

51. Weatherspoon is the sole principal of both the Debtor and Initial Transfer and therefore, is an "insider" within the meaning § 101(31)(B) of the Bankruptcy Code.

52. Upon information and belief, any debt for any of these transfers was made was an antecedent debt.

53. At the time of these transfers, the Debtor was insolvent or became insolvent because of these transfers.

54. At the time of these transfers, Weatherspoon had reason to know that the Debtor was insolvent.

55. Accordingly, these transfer were constructively fraudulent under 11 U.S.C. § 544 and O.R.C. § 1336.05(B), or in the alternative is a recoverable preference under 11 U.S.C. § 547, and all such transferred assets should be returned to the Trustee.

WHEREFORE, the Trustee requests an entry of judgment in her favor, as follows:

(i) declaring that all payments made and to be made pursuant to the Settlement Agreement constitute property of the Debtor's estate;

(ii) directing the turnover and an accounting of any payments made pursuant to the Settlement Agreement;

(iii) voiding the transfer of any and all assets from the Debtor to Weatherspoon and/or Initial Transfer and directing the turnover of all such assets to the Trustee;

(iv) granting the Trustee judgment against Weatherspoon and/or Initial Transfer in such transferred amounts, including attorney's fees and costs and any other damages to which the Trustee can show she is entitled; and

(v)  granting the Trustee such other and further relief as this Court deems just and proper.

                                        Respectfully submitted,

                                        /s/ *Patricia B. Fugée*
                                        Patricia B. Fugée (0070698)
                                        Roetzel & Andress, LPA
                                        One SeaGate, Suite 999
                                        Toledo, OH  43624
                                        Telephone: (419) 242-7985
                                        Facsimile: (419) 242-0316
                                        Email: pfugee@ralaw.com
                                        *Counsel for the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been served upon those parties listed below via regular U.S. Mail, postage prepaid, and via the Court's electronic filing system to those shown on the attached service list, on this 2nd day of May, 2005:

| | |
|---|---|
| D. Jeffrey Rengel, Esq., <br> Thomas Lucas, Esq. <br> Rengel Law Office <br> 421 Jackson St., <br> Sandusky, OH 44870 | REM Electronics Supply Company, Inc. <br> 525 S. Park Avenue <br> Warren, Ohio 44483 |
| Northwest Controls, Inc. <br> P.O. Box 8 <br> Defiance, Ohio 43512-0008 | Comptrol, Inc. <br> 9505 Midwest Avenue <br> Garfield Heights, Ohio 44125 |

Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's System.

                                        /s/ *Patricia B. Fugée*
                                        Patricia B. Fugée (0070698)
                                        *Counsel for the Chapter 7 Trustee*

220781.1.112335.0002

# SERVICE LIST
### In re: Toledo Professional Temps, Inc., Case No.: 03-35510;
### Delphi Automotive Systems, Inc. v. Ericka Parker, Adv. Pro. No.: 04-03114

Ericka S. Parker, Esq.
1709 Spielbusch Ave., Suite 100
Toledo, OH 43624
*Defendant/Trustee/Third-Party Plaintiff*

David A. Schaefer, Esq.
Robert S. Balantzow, Esq.
David S. Blocker, Esq.
Leslie Wargo, Esq.
McCarthy, Lebit, Crystal & Liffman
101 Prospect Ave., W
Midland Building, #1800
Cleveland, OH 44115-1088
*Counsel for Plaintiff*

John L. Jacobson, Esq.
3450 W. Central Ave., Suite 124
Toledo, OH 43606
*Counsel for Debtor*

Office of the U. S. Trustee
200 Public Square
Suite 20-3300
Cleveland, OH 44114