IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **DELPHI CORPORATION, et al,** | : | Case No.: 05-44481 |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | Judge Robert D. Drain |
| | : | |

**ORDER PURSUANT TO 11 U.S.C. § 362(d) GRANTING RELIEF FROM THE
AUTOMATIC STAY TO ALLOW ERICKA S. PARKER, CHAPTER 7 TRUSTEE,
TO CONTINUE ASSERTING COUNTERCLAIMS IN PENDING LITIGATION BEING
PROSECUTED BY THE DEBTOR**

Upon the Motion of Ericka S. Parker, Chapter 7 Trustee, Seeking Relief from the Automatic Stay to Allow her to Continue Asserting Counterclaims in Pending Litigation Being Prosecuted by the Debtor, dated May 8, 2006 (the "Motion"); and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G); and it appearing that proper and adequate notice of the Motion has been given and that no other

or further notice is necessary; and after due deliberation thereon and good and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED.

2. Pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), Ericka S. Parker, Chapter 7 Trustee ("Parker") is hereby granted relief from the automatic stay imposed by section 362(a) of the Bankruptcy Code to continue asserting her counterclaims (as specifically identified in Exhibit D of the Motion) against Delphi Automotive Systems, Inc. ("Delphi"), a debtor and debtor-in-possession in the above captioned jointly administered chapter 11 cases, in connection with the currently pending litigation, Adv. Pro. No. 04-03114 styled, *Delphi Automotive Systems, Inc. v. Ericka S. Parker*, (the "Flex-Tech Litigation"), that Delphi is prosecuting against Parker in the United States Bankruptcy Court for the Northern District of Ohio.

3. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

4. The requirement of the service and filing of a separate memorandum of law pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York is deemed satisfied by the Motion.

_____
UNITED STATES BANKRUPTCY JUDGE

94575 \ 112335.0002