**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
       mitchell.seider@lw.com
       mark.broude@lw.com

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| DELPHI CORPORATION, et al., ) | Case No. 05-44481 (RDD) |
| ) | |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |

**SUPPLEMENTAL AFFIDAVIT OF MARY P. MITCHELL, OF
BUCK CONSULTANTS, LLC, PURSUANT TO SECTIONS 329, 504
AND 1103 OF THE BANKRUPTCY CODE AND RULES 2014
AND 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

COMMONWEALTH OF PENNSYLVANIA)
                              )  ss:
COUNTY OF ALLEGHENY           )

Mary P. Mitchell, being duly sworn, deposes and says:

1.  I am Mary P. Mitchell, Director, Retirement, of the firm Buck Consultants, LLC ("Buck"), which maintains offices at various locations, including 500 Grant Street, Suite 2900, Pittsburgh, PA 15219-2513. I am familiar with the matters set forth herein and submit this Supplemental Affidavit in connection with the Application of the Official Committee of Unsecured Creditors (the "Committee") for an Order Authorizing and Approving the

NY\1144842.5

Employment and Retention of Buck Consultants, LLC ("Buck") as Pension and Benefits Actuary, Nunc Pro Tunc to January 23, 2006 (the "Application").

2. The Application was filed by the Committee on April 18, 2006.

3. At the time of this Supplemental Affidavit, no order with respect to the Application has yet been entered. A hearing on the Application is currently scheduled for May 24, 2006.

4. I am writing to disclose certain information that has come to my attention since filing my original affidavit on April 13, 2006, which original affidavit was annexed to the Application (the "Original Affidavit").

### Supplemental Disclosures

5. In my Original Affidavit, I disclosed the following information regarding a relationship between Buck and Packard Hughes Interconnect ("PH"), one of the Debtors in these chapter 11 cases:

> Buck's Los Angeles and San Diego offices ("Buck CA") have in the past provided certain actuarial and related services to Packard-Hughes Interconnect ("PH"). Buck CA began working for PH in November, 2003, and was terminated by PH in November of 2005 when Buck was replaced with Watson Wyatt. Because of delays in Watson Wyatt beginning its work for PH following Buck CA's termination, PH requested, and Buck CA provided, limited additional services to PH, which were completed in January 2006.[1] Moreover, General Professional Actuarial Standards indicate that a replaced actuary should assist in transitioning work to the new actuary (the "Transition Services"). These Transition Services involve transmitting data to the new actuary (which Buck CA did from November, 2005 through the current date and is still ongoing), and then assisting the new actuary, as necessary, to ensure that any variations between calculations of old

---

[1] Buck CA was also asked by PH to provide additional retiree benefit calculations until Watson Wyatt could take over, but has declined that request.

2

NY\1144842.5

> actuary versus those of new actuary fall within certain tolerances. It is likely that Buck CA will be asked in the future to provide additional Transition Service with respect to PH, and Buck CA currently intends to provide such services absent the Court's direction to the contrary. The professionals of Buck's Pittsburgh office will be primarily responsible for assisting the Committee in these cases, however, we anticipate that it may also be necessary to utilize the actuarial support services of Buck professionals in Buck's New Jersey and Chicago offices. We will ensure that any Buck professional who has in the past and/or is currently working on the PH matter will not work on the matters in connection with Buck's retention hereunder. Furthermore, we will establish an ethical wall between Buck's personnel who worked or are working on the PH matter and Buck's personnel assisting the Committee in this engagement. Finally, Buck has agreed to waive any unpaid claims for fees and expenses that it may have against PH or the Debtors in respect of Buck CA's pre-petition and post-petition services, including any necessary future Transition Services, provided to PH by Buck CA.

Original Affidavit, ¶ 13(a).

6. On or about February 28, 2006, Buck received a payment from PH (the "Payment") in the amount of $20,678 on account of certain Transition Services provided by Buck to PH.

7. Shortly before I filed my Original Affidavit, Buck refunded the Payment to PH, in accordance with Buck's agreement set forth above to "waive any unpaid claims for fees and expenses that it may have against PH or the Debtors in respect of Buck CA's pre-petition and post-petition services, including any necessary future Transition Services, provided to PH by Buck CA." In order to do so, Buck sent by wire transfer to PH the full amount of the Payment and confirmed that such wire transfer had been received by PH.

8. On or about April 19, 2006, PH notified Buck that it was refusing to accept Buck's refund of the Payment. PH then returned the full amount of the Payment to Buck by wire

transfer on April 27, 2006. PH indicated that it was returning the Payment because, it said, it could not rely upon the results of Buck's prior Transition Services if Buck refused to accept the Payment. PH's concern is misplaced.

9. Because Buck adheres to the highest ethical standards and scrupulously follows the rules and guidelines governing actuaries and transitional services, Buck performed and would perform Transition Services for PH as necessary, irrespective of PH's refusal to accept return of the funds. At the present time, Buck is holding the Payment in a segregated account. Buck will refund the Payment to PH at the Court's direction or the Debtors' request. In the event that the Court does not so direct or the Debtors do not so request, Buck will hold the Payment until such time as it is directed or otherwise authorized by the Court to distribute the funds.

10. Buck believes that the actuarial services that it provided with respect to PH are immaterial in the context of these cases, as is the amount of the Payment. In fact, during the course of its services to the Committee, Buck has not had to review any actuarial issues relating to PH. Accordingly, Buck does not believe that the situation outlined above constitutes a material adverse interest or renders Buck not disinterested in these chapter 11 cases.

EXECUTED this 17th day of May, 2006 in Pittsburgh, Pennsylvania.

_Mary P. Mitchell_
Mary P. Mitchell

Sworn to before me this
17th day of May, 2006

_Tena L. Miller_
Notary Public

Commonwealth of Pennsylvania
NOTARIAL SEAL
TENA L. MILLER, Notary Public
City of Pittsburgh, County of Allegheny
My Commission Expires September 19, 2009

Commonwealth of Pennsylvania
NOTARIAL SEAL
TENA L. MILLER, Notary Public
City of Pittsburgh, County of Allegheny
My Commission Expires September 19, 2009