## SCHEDULE

## DEFINITIONS

1.      The term "Delphi" means Delphi Corporation and includes its divisions, subsidiaries, including Delphi Automotive Systems Risk Management Corporation, business units, affiliates, predecessors and successors, and all officers, directors, members, employees, agents, accountants, attorneys, and representatives of any of the foregoing.

2.      The term "Barclays" shall mean Barclays Bank PLC, and includes its divisions, subsidiaries, business units, affiliates, predecessors, and successors, and all officers, directors, members, employees, agents, accountants, attorneys, and representatives thereof.

3.      The term "November 23, 2001 Master Agreement" means the Master Agreement dated November 23, 2001 between Barclays and Delphi, a copy of which is annexed to the Application as Exhibit "2".

4.      The term "October 10, 2005 Termination" means the Notice of Termination from Barclays to Delphi, dated October 10, 2005, a copy of which is annexed to the Application as Exhibit "3".

5.      The term "October 26, 2005 Statement of Payment" means the Statement of payment from Barclays to Delphi, dated October 26, 2005 for $10,100,000.

6.      The term "Amended Statement of Payment" means the Amended Statement of Payment from Barclays to Delphi, dated November 14, 2005 for $9,044,399.41, a copy of which is annexed to the Application as Exhibit "4".

7.      The term "Statements of Payment" means October 26, 2005 Statement of Payment and the Amended Statement of Payment.

8.      The term "February 13, 2006 Letter" means the letter that is attached hereto as Exhibit "5".

9.    The term "Issuance of the Bonds" means any issuance of the bonds of Delphi on which Barclays provided underwriting or other services.

10.    The term "communication" means any transmittal of information in the form of facts, ideas, inquiries or otherwise, whether or not embodied in a document.

11.    The term "document" shall be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and includes any written, printed, typed, electronic or other recorded matter of any type or nature, however produced or reproduced, including information recorded in paper, digital, analog, graphic, electronic or photographic form; writings; emails drawings; graphs; charts; photographs; telephone logs and records; electronic or computerized information, data or data compilations, term sheets; pitch books; financial records and books of account; journals; ledgers; audio recordings; videotapes; transcripts; memoranda; calendars; charts; invoices; appointment books; computer databases; PowerPoint presentations; CDs or DVDs; pamphlets, personnel files; correspondence; notes; bills and communications of any kind.  A draft or non-identical copy is a separate document within the meaning of this term.

12.    The term "concerning" means relating to, referring to, describing, evidencing or constituting.

13.    The term ""swap agreement" shall have the meaning ascribed to it in United States Bankruptcy Code § 101.

14.    The terms "person" or "persons" shall mean any natural person or any business, legal or governmental entity or association.

15.    The terms "you" and "your" refer to Barclays.

16.    The terms "all" and "each" shall be construed as "all and each."

17.     The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be outside of its scope.

18.     The use of the singular form of any word includes the plural and vice versa.

19.     The term "including" shall mean "including, but not limited to."

## INSTRUCTIONS

1.     Unless otherwise specified, the documents to be produced in response to this demand include all documents dated, created, sent or received or those in effect or concerning, any time on or after November 23, 1998.

2.     Assertions of claims of privilege in connection with any document called for by this subpoena shall:  (a) identify the nature of the privilege claimed (including work product) and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and (b) provide the following information (i) the type of document, e.g. letter or memorandum, (ii) the general subject matter of the document, (iii) the date of the document, and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document and, where not apparent, the relationship of the author, addressees and recipients to each other.

3.     Assertions of claims of privilege in connection with any oral communication called for by this subpoena shall provide: (a) the name of the person making the communication and the names of the persons present when the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (b) the date and place of the communication; and (c) the general subject matter of the communication.

3

4.      All documents that respond to any part or clause of any document request in this subpoena shall be produced.

5.      Produce all responsive documents and things in your possession, custody or control, or within the possession, custody or control of any person acting for you or on your behalf, including your accountants and attorneys.

6.      If any document requested herein was at one time in existence, but has been lost, discarded or destroyed, identify that document and provide the following information by stating:  (a) the date or approximate date the document was lost, discarded or destroyed;  (b) the circumstances and manner in which the document was lost, discarded or destroyed;  (c) the reason or reasons why the document was lost, discarded or destroyed;  (d) the identity of the person(s) who lost discarded or destroyed the document;   (e) a description of the document including, to the extent known, the type (e.g. letter or memorandum) subject matter, number of pages, authors, date and recipients of the document;  and (f) the identity of all persons having knowledge of the contents of the document.

7.      These requests shall be continuing, and supplemental responses shall be served in accordance with Federal Ruler of Civil Procedure 26(e).

## DOCUMENTS TO BE PRODUCED

1.      All documents concerning Barclays' participation in the Issuance of the Bonds.

2.       All documents concerning the compensation to be paid to Barclays for any transaction in which Delphi was a party including, but not limited to, the Issuance of the Bonds.

3.      All underwriting agreements to which Barclays is a party concerning Issuance of the Bonds.

4.    Documents sufficient to identify each person at Barclays who participated in the Issuance of the Bonds.

5.    All documents concerning or otherwise referencing the November 23, 2001 Master Agreement including, without limitation, all documents referenced in the November 23, 2001 Master Agreement.

6.    All documents concerning the October 10 Termination including, without limitation, the documents referenced therein and all documents concerning the decision to issue the October 10 Termination.

7.    All documents concerning, referencing or otherwise evidencing the Statements of Payment.

8.    All documents concerning the February 13, 2006 Letter including, without limitation, all documents relied upon in making the communications contained therein.

9.    All documents in support of Barclays' assertion of any setoff right in connection with its payment obligations to Delphi pursuant to the Master Agreement, including all documents concerning the calculation of the amount of such alleged setoff claim.

10.    All documents concerning or evidencing Barclays' relationship with Barclays Capital, Inc.