| Hebert Schenk P.C. | 4742 N. 24th Street<br>Suite 100<br>Phoenix, Arizona 85016<br><br>602.248.8203<br>602.248.8840 fax<br>www.hs-law.com | • <br>• <br>• <br>• <br>• <br>• <br>• <br>• | John J. Hebert<br>Joseph A. Schenk<br>Shawn K. Aiken<br>Philip R. Rupprecht<br>D. Lamar Hawkins<br><br>OF COUNSEL<br>Barbara L. Caldwell<br>Robert C. Van Voorhees<br>Richard M. Gerry | Alfred W. Ricciardi<br>Cathey L. Joseph<br>Mark W. Roth<br>Stephen C. Rich<br>Lisa B. Querard |



ATTORNEYS AT LAW

May 9, 2006

U.S. Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

    Re:    *In re Delphi Corporation, et al*
            Case No. 05-44481 RDD

Dear Sir/Madam:

Please find enclosed an original and two copies of Maricopa County's Request for Debtors' Real and Personal Property Tax Parcel/Account Numbers for Property Located in Maricopa County regarding the above-entitled matter.

Please file the original and return a conformed copy in the enclosed self-addressed stamped envelope.

Thank you for your assistance in this matter and if you have any questions, please do not hesitate to let me know.

                                        Very truly yours,

                                        HEBERT SCHENK P.C.

                                        Barbara Lee Caldwell

:ljr
Enclosures
U:\BLC\BLC21\CLERK-NYDELTA.DOC



RECEIVED MAY 15 2006

| | |
|---|---|
| 1 | **HEBERT SCHENK, P.C.** |
| | 4742 North 24th Street, Suite 100 |
| 2 | Phoenix, Arizona  85016 |
| | Telephone: (602) 248-8203 |
| 3 | Facsimile: (602) 248-8840 |
| 4 | **Barbara Lee Caldwell – SBN 003246** |
| | Attorneys for Maricopa County Treasurer |

**UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: | ) CHAPTER 11 |
| | ) |
| DELPHI CORPORATION, et al., | ) Case No.  05-44481-RDD |
| | ) |
| Debtor(s). | ) (Jointly Administered) |
| | ) |
| | ) **MARICOPA COUNTY'S REQUEST FOR** |
| | ) **DEBTORS' REAL AND PERSONAL** |
| | ) **PROPERTY TAX PARCEL/ACCOUNT** |
| | ) **NUMBERS FOR PROPERTY LOCATED** |
| | ) **IN MARICOPA COUNTY** |
| | ) |
| | ) |

Maricopa County Treasurer, by and through their undersigned counsel, hereby requests the Court to direct the Debtors to provide Maricopa County with all real and personal property parcel/account numbers for property located in Maricopa County.

**MEMORANDUM OF POINTS AND AUTHORITIES:**

The Debtors' Schedules were filed on or about January 20, 2006.

The Debtors' Schedules list Maricopa County as a creditor, but do not include the tax parcel/account numbers as required by Rule 1007(b) and Official Form 6 D.  The omission of the parcel/account numbers does not provide the County the opportunity to determine whether its potential Claim(s) are adequately provided for.  The Debtors' Schedules incorrectly list Maricopa County's secured tax claim as an unsecured priority

RECEIVED MAY 15 2006

1 claim. Regardless of the incorrect listing, Official Forms 6 E also requires the Debtors
2 to provide the last four digits of account numbers.
3     Pursuant to § 521(a) of the Bankruptcy Code, the Debtor has a duty to file a
4 schedule of assets and liabilities. The Court in *In Re: Rolland* stated "Debtors have an
5 absolute duty to file complete and accurate schedules. Citing *Cusano v. Klein*, 264 F.3d
6 936, (9th Cir.2001)."
7     The Court in *In Re Mohring* stated that "a paramount duty of the debtor is the
8 duty to file a list of creditors, schedules of assets, liabilities, income, and expenditures,
9 and a statement of financial affairs. 11 U.S.C. § 521(1)," and went on to state that "the
10 schedules and lists are to be prepared as prescribed by the appropriate Official Forms.
11 Fed.R.Bankr.P. 1007(b) and 9009. They are to be executed under penalty of perjury.
12 Fed.R.Bankr.P. 1008." *In Re Mohring*, 142 B.R. 389 (1992). The Court also stated
13 regarding Official Form 6, Schedule B, that the instructions are to "list all personal
14 property of the debtor of whatever kind" and, if "additional space is needed in any
15 category, attach a separate sheet." *Id.* (Instructions for Completion). *In Re Mohring*,
16 142 B.R. 389 (1992).
17     Further, the Court in *In Re Ellett*, stated "this court concludes that the burden falls
18 on the debtor to give accurate information in the case caption, statements, and
19 schedules, at least when that information is necessary for the creditor to identify the
20 debtor." The court in *In Re Pecovsky* stated that the "debtor was responsible to ensure
21 that the IRS had adequate notice of his Petition. I would find "adequacy" to be lacking
22 where the source of the tax liabilities is omitted even if the amount of them is listed." *In*
23 *Re Pecovsky*, 241 B.R. 530 (Bankr.M.D.Pa.1999).
24 ...
25 ...

**CONCLUSION:**

The Debtors are required to provide, at a minimum, the last four digits of any account number of an entity holding a claim secured by property of the debtor as of the filing date of the petition.

Maricopa County diligently researches its databases for tax parcel/account information to allow it to meaningfully participate in each bankruptcy case in which it is listed as a creditor. However, there may be occasions in which parcels/accounts may be missed due to slight variations in the spelling of a Debtors' name, or other instances where many same or similar names are returned in the search and it is unclear as to whether the parcels/accounts actually belong to the Debtor.

Debtors are required to keep and preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained. Failure to do so, may result in the debt being non-dischargeable pursuant to 727(a)(3). The Court in *In Re Scott* stated "Moreover, most bankruptcies are consumer-type bankruptcies with no assets or business affairs to speak of, and, therefore, the complexity of their business transactions do not implicate 727(a)(3). But where debtors are sophisticated in business, and carry on a business involving significant assets, creditors have an expectation of greater and better record keeping." *In Re Scott*, 172 F.3d 959 (7th Cir.1999).

…

…

…

…

WHEREFORE, Maricopa County respectfully asks this Court to direct the Debtors to provide the county with the complete parcel/account numbers of all real and personal property tax parcel/account numbers located in Maricopa County that are included in the bankruptcy in accordance with Rule 1007(b) and Official Form 6 D.

RESPECTFULLY SUBMITTED this _8_ day of _May_, 2006.

HEBERT SCHENK, P.C.

By: _/s/ Barbara Lee Caldwell_
Barbara Lee Caldwell,
4742 North 24th Street, Suite 100
Phoenix, Arizona 85016
(602) 248-8203
Attorney for Maricopa County Treasurer

A copy of the foregoing mailed this
_8_ day of _May_, 2006, to:

John Wm. Butler, Jr.
Skadden Arps Slate Meagher & Flom LLP
333 W. Wacker Dr.
Chicago, IL 60606-1285
Attorney for Debtor(s)

Kayalyn A. Marafioti
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
Attorney for Debtor(s)

United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004

By: _/s/_