Lafonza Earl Washington
& Family
7010 Cranwood Drive
Flint, MI  48505
Tel:  810.787.3150
Cell: 810.922.0308


May 8, 2006


TO:  Clerk of the Court
     U.S. Bankruptcy Court
     Southern District of New York
     One Bowling Green
     New York, N.Y.  10004

     GENERAL MOTORS CORPORATION
     Diana D. Tremblay
     Vice President/Labor Relations
     300 Renaissance Center
     P.O. Box 300
     Detroit, MI  48265-3000

     International Union, United Automobile
       Aerospace and Agricultural Implement
       Workers of America, UAW
     Richard Shoemaker
     Vice President and Director
     General Motors Department
     8000 East Jefferson Avenue
     Detroit, MI  48214

     JPMorgan Chase & Co. (Holdings)
     James Dimon, President
     270 Park Avenue
     New York, N.Y.  10017-2014


               Re:  In re Delphi Corporation et al, Debtors
                    Case No. 05-44481 (RDD) etc.


Greetings Clerk and Corporate and UAW Officer(s):

     Enclosed for filing you will find an Original and hardcopy
of:

     1.  Final Demand For Allowable and Valid Payment
         and Release by Creditor/Employee Lafonza
         Earl Washington.

     2.  In re Lafonza Earl Washington Title 29 U.S.C.
         § 157, Section 7 Exercising Of Lawfully
         Vested Authorized "ASSISTANCE" To Finalize
         This Employee's Special Attrition Plan Funds
         and Release of GM and Delphi Corporations
         et al, and "PROPOSALS".


RECEIVED
MAY 15 2006

Please record and file according to the legal duties of office.  Thank you.

In Truth, Justice & Peace,

*Earl 3Washington*

Earl Washington

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                        :

In re                      :    Chapter 11
                        :

DELPHI CORPORATION, et al.,  :    Case No. 05-44481 (RDD)
                      :

           Debtors.  :    (Jointly Administered)
                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

FINAL DEMAND FOR ALLOWABLE AND VALID PAYMENT
AND RELEASE BY CREDITOR/EMPLOYEE LAFONZA
EARL WASHINGTON AND EXHIBITS.

Lafonza Earl Washington
7010 Cranwood Drive
Flint, MI  48505
Tel:  810.787.3150
Cell: 810.922.0308


May 6, 2006


TO:  GENERAL MOTORS CORPORATION
     Diana D. Tremblay
     Vice President/Labor Relations
     300 Renaissance Center
     P.O. Box 300
     Detroit, MI  48265-3000

          - and -

     International Union, United Automobile
       Aerospace and Agricultural Implement
       Workers of America, UAW
     8000 East Jefferson Avenue
     Detroit, MI  48214


     Attention:  Mr. Richard Shoemaker
                 Vice President and Director
                 General Motors Department


     IN RE LAFONZA EARL WASHINGTON TITLE 29 USC § 157
     SECTION 7 EXERCISING OF LAWFULLY VESTED AUTHORIZED
     "ASSISTANCE" TO FINALIZE THIS EMPLOYEE'S SPECIAL
     ATTRITION PLAN FUNDS AND RELEASE OF GM AND
     DELPHI CORPORATIONS ET AL


                     PROPOSED

     IMMEDIATE TRANSFER OF FUNDS AND RELEASE BASED ON
     "JOINTLY" FILED CLAIMS THAT ARE/WERE VALID,
     ALLOWED, AND PAYABLE IN "JOINDER" WITH THE
     GENERAL MOTORS CORPORATION AS CREDITOR IN RE
     DELPHI CORPORATION CASE NO. 05-44481 (RDD) ETC.,


                     INCLUDING
                     PROPOSED

     IMMEDIATE TRANSFER OF FUNDS AND RELEASE BASED ON
     STATUTORY REDEMPTION AGREEMENT LEGALLY OWED FROM
     GM BUT "NOT" PAID SINCE SEPTEMBER 6, 1999, TO
     THE PRESENT DATE

I.

I have evaluated the options currently available under the
GM-UAW National Agreement and the Memorandum of Understanding –
GM - UAW Plants dated March 22, 2006, governing the attrition
of employees from GM, and:

1.  I have "NOT" marked any option "AS-IS" due to the
"STATUTORY" or legal entitlements as "JOINT" creditor in lawful
"JOINDER" with GM in the Delphi Corporation bankruptcy "VOLUNTARY
PETITION" case, in itself an "ORDER FOR RELIEF" in which the law
provided entitlements are "GREATER" than any of the Special
Attrition Plan offers, "AS-IS".

2.  According to Title 11 of the United States Code § 502 (a)
the "recorded" Proof Of Claims are payable and legally owed since
October 8, 2005.

3.  According to the Federal Rules of Bankruptcy Procedure
Rule 3001 (f) the "EVIDENTIARY EFFECT" of this Creditor's Proof
of Claim(s) that was/is executed and filed in accordance with the
bankruptcy rules "SHALL" constitute prima facie evidence of the
"VALIDITY" and "AMOUNT" of the claims that involves amounts owed
from GM "BEFORE" the Petition filing of the bankruptcy case and is
accruing interest at 15% APR since September 6, 1999, and will
continue to accrue - By Law - until the date of the actual receiv-
ing of the check for these just demands.

4.  According to the Fed.R. of Bankr.P.Rule 3003 (c) (4) the
Proof of Claim "SUPERSEDES" any scheduling of this Creditor's
claims which does "NOT" conflict with the debtors schedules
based on being adequately backed up by supporting documents, as
well as the "PRIMA FACIE EVIDENTIARY EFFECT" requirement of the
Proof of Claim, validation and amount is mandated by law, under
Fed.R. of Bankr.P.Rule 3001 (f).

5.  In compliance with Fed.R. of Bankr.P.Rule 2019 (b) (2)
this Creditor has made proper Application for disbursements of
the appropriately demanded relief amounts beginning October 8,
2005, nunc pro tunc or now for then, yet, the total amount
including the interest, remains "UNPAID" eight months past due!

6.  In compliance with Title 11 USC § 301 "Voluntary
Petition" section that was freely chosen by the Delphi
Corporation the statutory "ORDER" for relief is both a
congressionally enacted and Court entered Order dated October 8,
2005, that is required - By Law - to be an "administration" of
these funds only, "NOT" a litigation that is 100% prohibited
and contrary to the "In re" legally signifying a legal proceed-
ing where there is no opponent, but rather the judicial or
Governmental disposition of the Delphi Corporation's estate
according to the freely selected § 301 "Voluntary Petition"
mandated requirements.

7.  Under Title 11 the debtor or debtor-in-possession, as
the case may be, In re Delphi Corp., et al, 05-44481 (RDD) etc.,
has "DUTIES" to perform to receive the "BENEFITS" and a

'...UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS' dated as
of October 6, 2005, signed by John D. Sheehan, Vice President and
Chief Restructuring Officer and "WITNESS" Mark C. Lorenz, wit-
nessed the Guaranty Agreement that provides for, "...and the
payment of transaction costs, fees and expenses in respect of
the contemplated transactions and the Cases and the payment of
'ALL' Restructuring Costs...", that is required to include this
Creditor's Claimed amounts plus interest that this "PROPOSAL"
request the Special Attrition Program to make the immediate
payments of for both the Delphi Claims and GM's "7" year unsatis-
fied automatic payments to this employee (the Redemption Agree-
ment is provided by law under Public Act 1969, No. 317 compiled
at Michigan Compiled Laws (MCL) 418.835, 418.836...Title 40 USC §
290, and Title 29 USC § 651, etc., of the United States Code)
that are legally owed and the disbursements for the Delphi Corp.,
claims be transferred back to GM's SAP Program when paid by Delphi
according to the Agreement/Release consented to by Lafonza Earl
Washington below and filed herein.

> \* NOTE:   That JP Morgan Chase Bank, N.A. (JPMCB)
> is the Administrative Agent and Citigroup
> USA, Inc. (CUSA) is the Syndication Agent
> for the multi-billion dollar loan facility
> for Delphi Corp., witnessed by Mr. Sheehan
> and Mr. Lorenz on behalf of the Delphi
> Board of Directors.

    8.   Copies of this Creditor's Proof of Claims that have been
recorded by the United States Bankruptcy Court for the Southern
District of New York, as well as Noticed by the Notice and Claims
Agent, KURTZMAN CARSON Consultants, are enclosed.


                                II.


    In regards to the In re Delphi Corp., bankruptcy Case No.
05-44481 (RDD) etc., Lafonza Earl Washington is entitled by laws
cited and applicable, as well as on factual causes to
$120,000,000.00 principal at 15% APR that began accruing on
September 6, 1999, with the interest having amounted to
$115,714,285.72 as of May 4, 2006, for a total requested to be
transferred from the Delphi Corporation estate of $235,714,285.72
to the Special Attrition Plan for the reimbursement of PAYMENT-
IN-FULL of "ALL" Claims owed by GM and Delphi and mutually agreed
to "RELEASES" of the followings:

    (1.)   #257 recorded on 10/31/2005;

    (2.)   #264 recorded on 11/01/2005;

    (3.)   #288 recorded on 11/02/2005;

    (4.)   #297 recorded on 11/03/2005;

(5.)  #1271 recorded on 12/27/2005, including additional
           interest and Department of Justice and
           Department of Treasury filings;

(6.)  #1272 recorded on 12/27/2005, including additional
           interest and Department of Justice and
           Department of Treasury filings;

(7.)  #1334 recorded on 12/27/2005, including additional
           interest and Department of Justice and
           Department of Treasury filings.

* NOTE:  The Fed.R. of Bankr.P.Rule 3003 (c) (4)
            prohibits the scheduling of this
            Creditor's Proof of Claim as well as
            the contingency of voting on a
            reorganization plan.


III.

In regards to the "7" year unpaid "STATUTORY" Redemption
Agreement authorized by:

(1.)  Public Act 1969, No. 317 of the Worker's Disability
Compensation Act compiled at Michigan Compiled Laws (MCL) 418.835,
MCL 418.836, etc.;

(2.)  Title 29 of the United States Code (U.S.C.) § 651;

(3.)  Title 40 U.S.C. § 290;

(4.)  Title 29 U.S.C. § 157 as amended, Section 7 authorizes
this "33" year GM/Delphi employee to, '...ASSIST LABOR ORGANIZA-
TIONS...', that is, to 'ASSIST' the UAW in making the SAP a
'FAIR REPRESENTATION' to this employee in which it neglects to
be, 100%, "AS-IS"!

(5.)  Considerations (monetary) are entitled to - By Law -
for monopoly and combinations of monopoly activities deliber-
ately engaged in to cause "7" years of 100% wrongful depriva-
tions to this employee and family of "ANY/ALL" vested, plant
closing distributions,nonforfeitable, statutory and automatic
payments of employee related benefits, compensations, non-wage
as well as living wage entitlements that are defined by
applicable laws as:

(i)  Intentional torts.

(ii)  Injuries and wrongs to Lafonza Earl Washington
and family's persons, rights, representation (this SAP as-is)
and real and personal properties for "7" years and continuing.

(iii)  Human rights infamy treatments personally, as
well as deliberate financial and economic hardships.

(iv)  Civil rights infamy treatments and public humilia-
tions under color of law.

* NOTE:   The legally entitled to "REDRESSES"
         legally owed from GM et al, in which
         the immediate payments are demanded
         overwhelmingly exceeds the offers
         by SAP, "AS-IS"!

   (6.)  Satutorily provided Fair Representation Claims and the
Federal Preemption Doctrine in Michigan provides "SELF-EXECUTING"
equal protections of the laws etc., and remedies that contradicts
the SAP offers "AS-IS", but disputes and "ANY/ALL" delay of pay-
ment are "PROPOSED" to be "AVOIDED" in this personal agreement
based on:

      (i)  The National Labor Relations Act (NLRA), 29 U.S.C. §§
141-188 (1947) as amended restricts the negotiating powers of GM
and the UAW to only the "3" subject matters of wages, hours, and
safety conditions inside the plant that clearly evidences this
employee's "RETIREMENT" entitlements is an "INDIVIDUAL" account
and agreement that is "NOT" within the union's nor corporation's
collective bargaining control.

      (ii)  SAP is an "UNFAIR" representation "AS-IS" and
FORM A of the SAP package supports or clearly evidences this fact
by requesting the "UNACCEPTABLE" understanding, "...that GM and
the UAW may be considering and in the future may agree to amend...
and make available different deployment, job security, retirement
or separation benefits for which I will 'NOT' be eligible".

      (iii)  The 'SOLIDARITY' magazine for May-June 2006, in its
'UNION FRONT' section titled 'What's in the SAP?' 'Court OKs
Attrition Plan for UAW GM Delphi workers', on page 5 are 100%
FAIR REPRESENTATION violations by SOLIDARITY demanded to be
redressed in this "PROPOSAL" based on:

      A.  Title 11 of the United States Code (U.S.C.) of the
Federal bankruptcy proceedings does "NOT" vest Judge Robert Drain
with "NOT" one judicial discretionary, decision-making power, but
only, Title 11 U.S.C. § 301 "VOLUNTARY PETITION" authority to
administrate the statutory, congressionally enacted 'Order For
Relief' that required no judge's decision! "ONLY" for the
creditor's "VOLUNTEERED" to be paid by Delphi Claim to be entered,
executed, and enforced thru the Court Clerk's office in which
"ANY/ALL" other joint Administration, Pro Hac Vise interferences,
Case Management, obstructions of or interferences by the
Collective Bargaining Agreement etc., and with "SPEClFICITY" the
legally required "CENTRAL ADMINISTRATION" that the NLRA enactment
vested in the National Labor Relation Board (NLRB) to administer
that is being 100% frauded as a bankruptcy proceeding in In re
Delphi Corp., debtors that the "SAP" activities indisputably
evidences is the illegal administering of substantive federal
labor law by the non-vested U.S. Bankruptcy Court/Southern District
of New York and non-vested Judge Drain who does "NOT" have even
one (1) judicial power to exercise.

      B.  The U.S. Bankruptcy Court for the Southern District of
New York does "NOT" have Federal district appointed "JURISDICTION"
nor "VENUE" of the Delphi Corporation in which the Petition form

itself clearly evidences that the County of Residence or of the
Principal Place of Business is Oakland County, Michigan, that
legally required Delphi's bankruptcy Petition to be filed in the
"<u>UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF
MICHIGAN</u>", and the offenses against the laws of the United States
are being compounded by the Fair Representation violations by
SOLIDARITY et al!  A copy of this Petition Form is enclosed.

          C.  The filed Petition Form — itself — also self-evidences
that bankruptcy fraud was engaged in on Page 2 of the Form based
on the absence of "<u>ANY</u>" prior or "<u>PENDING</u>" bankruptcy case by
Delphi in this U.S. Bankruptcy Court for the Southern District of
New York and Delphi's "<u>SCHEDULE I</u>" referred to on the Form
clearly "<u>ADMITS</u>" "...The following affiliates, which include
Debtor, have filed voluntary petitions under Chapter 11 with this
Court on the date hereof...", clearly admitting that both the
debtors and the affiliates 100% bankruptcy frauded and bank
frauded Petitions were filed on the "<u>SAME</u>" date of October 8,
2005, proving Delphi had no affiliates case pending to justify its
jurisdiction, venue etc., out-lawed activities.  A copy of
Delphi's 'SCHEDULE 1' pending Bankruptcy Cases of Affiliates is
enclosed.

          D.  "<u>SAP</u>" is a 100% violations of the NLRA and the
"<u>CENTRALIZED ADMINISTRATION</u>" powers vested in the National Labor
Relation Board (NLRB), "<u>NOT</u>" the U.S. Bankruptcy Court of New York
nor Judge Drain.

          E.  SOLIDARITY magazine's criminal fraud and false state-
ments is clearly evidence by printing, publicly distributing
and stating in paragraph #5 of the May-June 2006 issue that,
"Because of Delphi's bankruptcy filing last October, the agree-
ment was subject to court approval.  Delphi is now authorized to
carry out its commitments in the agreement," based on this New
York's court lack of jurisdiction over the subject matter,
Delphi, the Petition itself, etc.!

          F.  Title 11 U.S.C. § 301 that Delphi freely chose to
file under is a willful Voluntary Petition process in which the
"<u>ORDER</u>" for Relief is vested within the Act by Congress and
prohibits Delphi from objecting, contesting, or exercising and
litigating defenses or activities of a trial and "MOTIONS" are
prohibited also because no opposing parties exist, further
evidencing that Solidarity Magazine is continuously engaging in
false representation to this employee and hundreds of thousands
of other GM and Delphi hourly employees.

          G.  UAW President Ron Gettelfinger and UAW Vice President
Richard Shoemaker in a joint statement is clearly engaging in
prohibited "<u>FAIR REPRESENTATION</u>" violations in the "...EMPHASIZ-
ING..." their "...support for court approval of this Special
Attrition Program", that are both civil and felonious criminal
wrong doings far above the GM-DELPHI & UAW Collective Bargained
Agreement.

          H.  The enclosed 'Consolidated List Of Creditors Hold-
ing The Fifty Largest Unsecured Claims' in comparison to the

United States Bankruptcy Court for the Southern District of New
York Clerk Kathleen Farrell-Willoughby's enclosed December 13,
2005, letter self-evidences that Lafonza Earl Washington is
one ("1") of the "50" largest creditor's of Delphi's!  As a
matter of fact, court records, including Delphi's Notice and
Claims Agent or KURTZMAN CARSON Consultants records, as well as
on Delphi's own website at www.delphidocket.com self-evidences
this creditor/employee's allowed, valid and "8" months past due
for payment claim is the "EIGHTH" largest claim amongst the
"Delphi Fifty"!  Yet, Solidarity Magazine's mere distribution of
a "...seven-member committee of Delphi's largest creditor's..."
statement is illegal for more than "3" reasons:

      1.   The U.S. District Court for the Southern District of
New York nor Judge Drain is vested with "ANY" legal jurisdiction
whatsoever according to venue or appointed territory district
statutes vesting United States District Courts within whose
buildings the U.S. Bankruptcy Courts are located, under Title 28
of the United States Code; and

      2.   LAYTHEN & WATKINS nor any other creditor's committee
has filed the mandated Federal Rules of Bankruptcy Procedure,
Rule 2019 (a) (1), (2), (3), and (4), "VERIFIED STATEMENT" as
required - By Law - showing the nature and amount of the claim or
interest and the time of acquisition...; and in the case of a
committee, the name or names of the entity or entities at whose
instance, directly or indirectly, the employment was arranged or
the committee was organizaed or agreed to act...; and with
reference to the time of the employment of the entity, the
organization or formation of the committee...; the amounts of
claims or interests owned by the entity, the members of the
committee...; the times when acquired, the amounts paid there-
fore, and any sales or other disposition thereof...; the
"STATEMENT" shall include a copy of the 'instrument', if any,
whereby the entity, committee...is empowered to act on behalf of
the creditors...; and a 'SUPPLEMENTAL STATEMENT' that "SHALL BE"
filed promptly, setting forth any material changes in the facts
contained in the statement, which Solidarity Magazine could
"NOT" have based any truth of any creditor's committee on
because the statements do "NOT" exist on the official court
records; and

      3.   Lafonza Earl Washington is the "8TH" largest creditor
of the Delphi Corporation - By Law - according to Title 11 U.S.C.
§ 501 (a), Fed.R.Bankr. P., Rules 3001 (b) 3003 (c) etc., who
did "NOT" object to Judge Robert Drain's bank frauding, as well
as bankruptcy frauding "approval" of Delphi's participation in
the SAP on April 7, which Solidarity Magazine's publishing and
circulations of these false pretenses are repeated, continuous
"FALSE REPRESENTATIONS" that are 100% prohibited under both
criminal and civil laws!

IV.

The May-June 2006 issue of Solidarity Magazine is circulating the "FALSE REPRESENTATION'S" that the "UAW leaders reached the attrition agreement with GM and Delphi on March 22"!  Yet, the bankruptcy Court and Judge Drain is also reported by the UAW published magazine that, "At an 'April 7' hearing in New York's Southern District Bankruptcy Court, Judge Robert Drain 'APPROVED' Delphi's participation in the SAP", which was "16" days "BEFORE" the judge's reputed "APPROVAL"!

1.  The SAP is substantial labor law "NOT" Voluntary Petition bankruptcy law under Title 11 and it is asserted again that the Congressionally enacted NLRA under 29 U.S.C. §§ 141-188 (1947) as amended is 100% prohibited "FALSE REPRESENTATION" which Lafonza Earl Washington is demanding "EXEMPTION" from, but entitlements to immediate payments of Delphi's bankruptcy and GM's Redemption Agreement disbursements owed by law.

2.  In the matter of MOTOR COACH EMPLOYEES -V- LOCKRIDGE, 403 U.S. 274 (1970), Mr. Justice Harlan concerning this point (substantial labor law), said, that "when it set down a Federal labor policy Congress plainly...sought...to restructure funda-mentally the processes for effectuating that policy, deliberately placing the responsibility for applying and developing this comprehensive 'legal system' in the hands of an 'expert adminis-trative body' rather than the federalized judicial system", Id. at 288.

3.  Both the state and federal court systems are prohibited from, "PREEMPTED" from applying a remedy provided for by the NLRA centralized administration vested in the NLRB "NOT" the federal judicial system such as Judge Drain's Court.  See UAW -V- WISCONSIN EMPLOYMENT RELATIONS BD., 336 U.S. 245 (1949).

4.  The "SAP" related regulated conduct is substantial, National "NOT" of a local nature, and is preempted from Judge Drain's Court to administer and clearly shows that the "SAP" is prohibited from being approved by the federal bankruptcy court.  See UAW -V- RUSSELL, 356 U.S. 634 (1958).

5.  "SAP" is "NOT" one (1) of the three (3) subject mattered issues of collective bargaining which are, wages, hours and safety conditions "inside" the employer's plant "ONLY". Solidarity Magazine's May-June 2006 collusions to publicly dis-tribute to its hourly employed UAW members et al, circulation of 1,226,553 issues that "...UAW leaders..." had conspired with the U.S. Bankruptcy Court for the Southern District of New York, who it is repeated does "NOT" have "territorial jurisdiction" over the Oakland County,Michigan, Delphi Corporation, and "...reached the attrition agreement with GM and Delphi on March 22..." is the "BIGGEST" bankruptcy and bank frauds in the history of the world! These clear evidenced offenses against the applicable and asserted "26" Title 18 criminal statutes, including 42 USC § 1983 etc., civil United States laws and required to be prosecut-able, warrants sentences and fines according to the just enforce-ment of these laws!

V.

Enclosed are "2" separate letters from the U.S. Department of
Justice, U.S. Attorney Southern District of New York office via
David S. Jones an Assistant U.S. Attorney dated December 15, 2005,
and April 11, 2006, both discussing the possibilities of
"criminal" complaints and information-that are clearly evidenced-
being filed against certain named bankruptcy frauders etc., before
the Solidarity Magazine was issued to myself and the public. It
is indisputable that the discriminations and false representations
of Solidarty's story on page 5 (a copy is enclosed), reveals the
"GUILTY" admissions of many more violators that justice requires to
be prosecuted, sentenced and fined, severally and separately.
There is no alternative but to file these "CRIMINAL" information
Complaints within "48" hours after the Certified mailing Return
Receipt has been confirmed being delivered to Diana D. Tremblay,
GM Vice President of Labor Relations, Richard Shoemaker, Vice
President and Director of the GM Department, Kathleen Farrell-
Willoughby the Clerk of the U.S. Bankruptcy Court for the
Southern District of New York, Delphi's "ADMINISTRATIVE AGENT" per
the enclosed 'Delphi Automotive Systems (Holdings), Inc.
Unanimous Written Consent Of The Board Of Directors dated
October 6, 2005' JPMorgan Chase Bank, N.A., in care of James
Dimon, President JPMorgan Chase & Co. (Holdings), 270 Park Avenue,
New York, New York, 10017-2014.


VI.

My sincere desire and OFFER is to obtain Peace, Justice,
Release, and Relief for myself (who hired into GM-Buick Division
on June 13, 1973, thirty-three years ago at the age of 18), and
my family who's 'HUMAN RIGHTS' etc., have been repeatedly and
continuously violated for "7" years by having 100% of the accrued
and legally owed employee related entitlements deprived and
denied for "7" years etc., without just cause, due process, any
court's Order etc.!

1.  My "STATUTORY", retirement, plant closing distribution
due to the July 2, 1999, Buick City permanent plant closing,
Amendment 14, Section 4 pension entitlement's, as well as Title
29 U.S.C. §§ 1001 et seq., 1053 et seq., ERISA protected non-
forfeitable pension compensations, statutorily provided Redemp-
tion Agreement payments etc., were "ALL" 100% illegally deprived
since the plant closing and is continuing to be illegally
deprived, denied, frauded etc., without being paid "ONE" dime to
provide for myself and my family for "7" years and continuing.

2.  I was forced to go on sickness and accident (S&A) to
protect my seniorty and employment status while "NOT" receiving
any payments nor insurance coverages for the accumulations of
common auto industry related personal injuries suffered while
contributing to the production of "3,000,000" plus top quality
products for the corporation to increase its wealth by; yet,
"NOT" one (1) time was I ever "FINANCED" a motor vehicle in
Lafonza Earl Washington's "own" name which self-evidences the
high degree of slave-like conditions, deliberate "ZERO" percent

property ownership caused by direct monopoly and combination of
monopoly activities being subjected to by individuals abusing the
GM, Delphi and UAW Corporate powers in setting up Delphi and the
"SAP" program's illegal administration.

3.   Without having made any Application to be transferred to
the Delphi Corporation "after" the Buick City plant closed on
July 2, 1999, individuals violating the GM name violated this
employee to force the transfer by seizing the "STATUTORY" non-
collective bargain provided S&A payments that were last paid in
August of 2000, "SIX" years ago!

4.   The sum certain of the enclosed claims demanded to be
paid from "HUMAN CAPITAL OBLIGATIONS" and "CASH MANAGEMENT"
Orders entered by the U.S. Bankruptcy Court for the Southern
District of New York on October 8, 2005, more than "8" months ago
is $120,000,000.00 at 15% APR, a total of $235,714,285.72
computed thru May 4, 2006.


VII.

RELEASE AGREEMENT

In consideration for being immediately paid a total of
$235,714,285.72 for the payment, liabilities, legal obligations,
and "ALL" other claims made and entitled to, by law, in the
Delphi Bankruptcy Case together with the payment, liabilities,
legal obligations, and "ALL" other claims made and entitled to,
by law, in the General Motors Corporation Redemption Agreement
Case filed in the State of Michigan Worker's Disability Compen-
sation Bureau etc., including the state and federal courts that
were fraudulently dismissed without being "HEARD" according to
law; "SIMULTANEOUSLY" with the Special Attrition Plan program
and releases, I, Lafonza Earl Washington, hereby "RELEASE" and
forever discharge GM, Delphi the UAW and their officers,
directors, agents, employees, stockholders and employee benefit
plans from all claims, demands and causes of action, (claims)
known or unknown which I may have related to my employment or
the cessation of my employment or denial of any employee
benefit.  This "RELEASE" specifically includes, without limita-
tion, a "RELEASE" of any "future" claims I may have under the
Employment Retirement Income Security Act of 1974 (ERISA); the
Age Discrimination in Employment Act (ADEA), which prohibits
discrimination based on age; Title VII of the Civil Rights Act
of 1964 which prohibits discrimination in employment based on
race, color, national origin, religion or sex; the Equal Pay
Act; state fair employment practices or civil rights laws; and
any other federal, state, or local laws or regulations, or any
common law actions relating to employment discriminations.
This includes without limitation any claims for breach of
employment contract, either express or implied, and wrongful
discharge.  This "RELEASE" does not waive claims that arise
only after the execution of this "RELEASE".

1.  Based on the emergency nature of providing financial and economic hardship relief that the immediate payment of these monies will provide after "7" years of "ZERO" income to live on a period of "48" hours must be demanded on Diana D. Tremblay and Richard Shoemaker, personally, to be "INDIVIDUALLY" responsible for making a direct deposit into the Flint-Chase Bank "without delay". The account number will be provided upon a telephone call from either officer to Lafonza Earl Washington who will be available "24" hours on his home telephone number at 810.787.3150 or on his cell phone number at 810.922.0308 after the United States Postal Service has confirmed the deliveries.

2.  I understand that my acceptance is "IRREVOCABLE".

3.  I have carefully read this agreement and understand it.

4.  This instrument as well as the "UNSIGNED" 'Special Attrition Plan GM-UAW Plants Information Package' containing FORM A, FORM B, FORM C, and FORM D, is being filed with the United States Bankruptcy Court/Southern District of New York Clerk's office as a "FINAL DEMAND FOR ALLOWABLE AND VALID PAYMENT AND RELEASE" pursuant to Title 11 U.S.C. § 502 (a) etc., Federal Rules of Bankruptcy Procedure, Rules 3001 (a) and (f), 3003 (c) (4) etc., with PROOF OF SERVICE enclosed.

Signed: *Lafonza Earl Washington*     Dated:  May 8, 2006

Witness/Notary Public:  Subscribed and sworn to before me this
9TH th day of May, A.D. 2006

**MARY E. TAYLOR-MCGHEE**
**Notary Public, State of Michigan**
**County of Genesee**
**My Commission Expires Feb. 5, 2013**
**Acting in the County of** _Genesee_

*Mary E. Taylor-McGhee*
Notary Public / Genesee County, Michigan
My Commission expires: _____

For: General Motors Corporation: _____

_____

_____

For: Delphi Corporation: _____

_____

_____

For: International Union, UAW: _____

_____

_____

PROOF OF SERVICE

STATE OF MICHIGAN)
                 )
COUNTY OF GENESEE)

I, Lafonza Earl Washington deposes and states:

That on May 8, 2006, he did serve by United States Postal Service, postage prepaid, the below-identified documents upon the below-named parties:

1.  Final Demand For Allowable and Valid Payment and Release by Creditor/Employee Lafonza Earl Washington and Exhibits.

2.  In Re Lafonza Earl Washington Title 29 U.S.C. § 157 Section 7 Exercising of Lawfully Vested Authorized "ASSISTANCE" To Finalize This Employee's Special Attrition Plan Funds and Release Of GM and Delphi Corporations et al, and "PROPOSALS".

Please file according to Fed.R. of Bankruptcy P., Rule Rule 5005 (a). Thank you.

By: Lafonza Earl Washington
     Creditor/Employee

Mailed to:

(1st Class Mail)          United States Bankruptcy Court
                          Southern District of New York
                          Clerk of the Court
                          One Bowling Green
                          New York, N.Y.  10004

Certified Mail            General Motors Corporation
Return Receipt            Diana D. Tremblay
                          Vice President/Labor Relations
                          300 Renaissance Center
                          P.O. Box 300
                          Detroit, MI  48625-3000

Certified Mail          International Union, United Automobile
Return Receipt             Aerospace and Agricultural Implement
                           Workers of America, UAW
                        Richard Shoemaker
                        Vice President and Director
                        General Motors Department
                        8000 East Jefferson Avenue
                        Detroit, MI  48214

1st Class Mail          JPMorgan Chase & Co. (Holdings)
                        James Dimon, President
                        270 Park Avenue
                        New York, N.Y.  10017-2014

MAY-JUNE 2006

# SOLIDARITY

## Artists *at* work

**UAW members at
DaimlerChrysler
put creativity
on the line**



THE MAGAZINE FOR UAW MEMBERS AND THEIR FAMILIES

# What's in the SAP?

## Court OKs attrition plan for UAW GM Delphi workers



UAW Local 292 members and supporters at a Kokomo (Ind.) rally last year.

**B**y the time this Solidarity hits homes, workers on virtually every shift at a UAW-represented General Motors or Delphi facility will know details of an attrition plan offering early retirement to Delphi's 24,000 UAW workers.

The Special Attrition Plan (SAP) would give qualifying workers a $35,000 early retirement package.

"I was planning on retiring next year, but this (program) gave me a reason to go now," said Doretha Phillips, a UAW Local 659 member at GM's Flint (Mich.) Service and Parts Operation who recently reached her 30-year seniority mark.



Doretha Phillips

At an April 7 hearing in New York's Southern District bankruptcy court, Judge Robert Drain approved Delphi's participation in the SAP. He also overruled objections of the seven-member committee of Delphi's largest creditors.

Because of Delphi's bankruptcy filing last October, the agreement was subject to court approval. Delphi is now authorized to carry out its commitments in the agreement.

"The motion filed with the court was Delphi's motion – not the UAW's – and like many of the motions that Delphi has filed with the court, it contains a number of contentions, conclusions and representations with which we strongly disagree," said UAW President Ron Gettelfinger and UAW Vice President Richard Shoemaker in a joint statement. "We will file a

statement with the court making clear our position on these important matters, while at the same time emphasizing our support for court approval of this Special Attrition Program."

UAW leaders reached the attrition agreement with GM and Delphi on March 22.

Meanwhile, on March 31 Delphi filed Section 1113-1114 motions seeking court approval to reject collective bargaining agreements and

modify retiree benefits.

Section 1113-1114 hearings are scheduled to begin May 9.

The UAW is Delphi's largest union, representing 24,000 hourly workers.

Led by the UAW, Delphi's six unions last November formed a coalition — Mobilizing@Delphi — representing more than 33,000 active Delphi workers.

*Jennifer John*

---

### Key points of the plan

Eligible employees may take only one of the following options (in all cases, the language of the actual agreement will apply):

• The Special Attrition Program at GM and Delphi offers $35,000 for normal or early voluntary retirements retroactive to Oct. 1, 2005.

• Mutually Satisfactory Retirement for GM and Delphi employees who are at least 50 years of age with 10 years or more of credited service.

• A new special voluntary pre-retirement option for GM and Delphi employees with at least 27 years but less than 30 years of credited service, provides $2,800 to $2,900 gross monthly wages, until 30 years of credited service is attained. Upon attaining 30 years of credited service the employee must retire. To be eligible, employees must have at least 27 years of credited service no later than July 1, 2006.

*For more details, visit www.uaw.org.*

＊ *TAKE NOTICE*

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

April 11, 2006

Mr. Lafonza Earl Washington
7010 Cranwood Drive
Flint, MI 48505

      Re:    <u>Delphi Corp., et al.,</u>
           No. 05-44481 (RDD) (Ch. 11)

Dear Mr. Washington:

      I write to follow up on our telephone call of today and your fax of April 6, a copy of which I enclose. Based on my review of the materials and our discussion, I understand that you are seeking payment from the United States in connection with your interest in the above-referenced bankruptcy. This Office represents the United States, and is not the appropriate place to request such a payment, nor would we agree that any payment is due to you from the Government.

      Our telephone call was cut off just as we were discussing a possible criminal complaint to be lodged by you. As I stated, if you request, I will forward whatever you would like to the Criminal Division attorneys responsible for investigating instances of bankruptcy fraud, so that they could assess your complaint. If you would like me to do so, please send me whatever you would like transmitted to our Criminal Division, and I will forward it to them. I know that you also have reached out to the Office of the United States Trustee, which also has a role in investigating bankruptcy fraud.

      Finally, as I stated but wish to emphasize, my responsibility is to represent the United States in bankruptcy cases in the Southern District of New York, generally as a creditor. I do not represent you and am not authorized to give you legal advice. I urge you to consult an attorney for legal advice concerning any rights you may have as against Delphi, or any other party.

      Sincerely,

      MICHAEL J. GARCIA
      United States Attorney

By:    DAVID S. JONES
       Assistant United States Attorney
       Tel.: (212) 637-2800

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

86 Chambers Street, 3rd Floor
New York, New York  10007

December 15, 2005

Mr. Lafonza Earl Washington
7010 Cranwood Drive
Flint, MI 48505

       Re:   <u>Delphi Corp., et al.,</u>
            No. 05-44481 (RDD) (Ch. 11)

Dear Mr. Washington:

      I write to follow up on our telephone call earlier this week, on our prior conversations, and on your correspondence including transmittals dated December 5 and November 28, 2005, concerning the Delphi Corp. bankruptcy.

      As I explained, this Office represents the interests of United States agencies in bankruptcy proceedings in the Southern District of New York.  I see no basis for me or the Civil Division of this Office to take action on your behalf.  While I did offer to relay any allegation of criminal conduct to the attorneys responsible for investigating alleged instances of bankruptcy fraud or similar crimes, I have not done so because you stated that you did not want to refer this as a criminal matter.

      As I also explained, I am not permitted to give you legal advice, and I encourage you to consult an attorney if you wish to further assess your rights or pursue any action against Delphi.

                Sincerely,

                MICHAEL J. GARCIA
                United States Attorney

By:    DAVID S. JONES
        Assistant United States Attorney
        Tel.: (212) 637-2800

#/

(Official Form 1) (12/03)

| FORM B1 | United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Delphi Automotive Systems (Holding), Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>**N/A** | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No.<br>(if more than one, state all):<br>**38-3422378** | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**Delphi Automotive Systems (Holding), Inc.**<br>**5785 Delphi Drive**<br>**Troy, Michigan 48098-2815** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:<br>**Oakland County, Michigan** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**Same as Street Address** | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above):<br>**Same as Street Address** | |


**NOTE:**


### Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) | Chapter or Section of Bankruptcy Code Under Which the Petition is Filed (Check one box) |
|---|---|
| ☐ Individual(s)   ☐ Railroad<br>☒ Corporation   ☐ Stockbroker<br>☐ Partnership   ☐ Commodity Broker<br>☐ Other _____   ☐ Clearing Bank | ☐ Chapter 7   ☒ Chapter 11   ☐ Chapter 13<br>☐ Chapter 9   ☐ Chapter 12<br>☐ Sec. 304 – Case ancillary to foreign proceeding |

| Nature of Debts (Check one box) | Filing Fee (Check one box) |
|---|---|
| ☐ Consumer/Non-Business   ☒ Business | ☒ Full Filing Fee attached |
| **Chapter 11 Small Business** (Check all boxes that apply)<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101<br>☐ Debtor is and elects to be considered a small business under<br>11 U.S.C. § 1121(e) (Optional) | ☐ Filing Fee to be paid in installments (Applicable to individuals only)<br>Must attach signed application for the court's consideration certifying<br>that the debtor is unable to pay fee except in installments. Rule<br>1006(b). See Official Form No. 3. |

| Statistical/Administrative Information (Estimates only) | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |

Estimated Assets

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

Estimated Debts

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

(Official Form 1) (12/03)                                                                                                    FORM B1, Page 2

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): Delphi Automotive Systems (Holding), Inc. |
|---|---|

**Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet)

| Location Where Filed:  NONE | Case Number: N/A | Date Filed: N/A |
|---|---|---|

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor: **See Schedule I attached** | Case Number: Pending | Date Filed: **Date hereof** |
|---|---|---|
| District: **Southern District of New York** | Relationship: Affiliate | Judge: |

## SIGNATURES

| | |
|---|---|
| **Signature(s) of Debtor (Individual/Joint)** I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11 of the United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. I request relief in accordance with the chapter of title 11 of the United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)<br><br>☐ Exhibit A is attached and made a part of this petition |

| | |
|---|---|
| | **Exhibit B** (To be completed if debtor is an individual whose debts are primary consumer debts) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11 of the United States Code, and have explained the relief available under each such chapter.<br><br>X _____<br>Signature of Attorney for Debtor(s)        Date |

| **Signature of Attorney** | **Signature of Attorney** |
|---|---|
| X /s/ John Wm. Butler, Jr. Signature of Attorney for Debtor(s) | X /s/ Kayalyn A. Marafioti Signature of Attorney for Debtor(s) |
| John Wm. Butler, Jr. Printed Name of Attorney Debtor(s) | Kayalyn A. Marafioti Printed Name of Attorney Debtor(s) |
| Skadden, Arps, Slate, Meagher & Flom LLP Firm Name | Skadden, Arps, Slate, Meagher & Flom LLP Firm Name |
| 333 West Wacker Drive, Suite 2100 Chicago, Illinois 60606-1285 Address | Four Times Square New York, New York 10036 Address |
| (312) 407-0700 Telephone Number | (212) 735-3000 Telephone Number |
| October 8, 2005 Date | October 8, 2005 Date |

| | |
|---|---|
| **Exhibit C** Does the debtor own or have possession of any property that poses a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and Exhibit C is attached and made a part of this petition.<br>☒ No. | |

| | |
|---|---|
| | **Signature of Non-Attorney Petition Preparer** I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.<br><br>_____<br>Printed Name of Bankruptcy Petition Preparer<br><br>_____<br>Social Security Number (Required by 11 U.S.C. § 110(c).)<br><br>_____<br>Address<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>X _____<br>Signature of Bankruptcy Petition Preparer<br><br>_____<br>Date<br><br>A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156. |

| | |
|---|---|
| **Signature of Debtor (Corporation/Partnership)** I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests relief in accordance with the chapter of title 11 of the United States Code, specified in this petition.<br><br>X /s/ John D. Sheehan<br>Signature of Authorized Individual<br>John D. Sheehan<br>Printed Name of Authorized Individual<br>Vice President and Chief Restructuring Officer<br>Title of Authorized Individual<br>October 8, 2005<br>Date | |

**SCHEDULE I**

**PENDING BANKRUPTCY CASES OF AFFILIATES**

The following affiliates, which include the Debtor, have filed voluntary petitions

under chapter 11 with this Court, on the date hereof:

ASEC Manufacturing General Partnership (Delaware)
ASEC Sales General Partnership (Delaware)
Aspire, Inc. (Michigan)
Delco Electronics Overseas Corporation (Delaware)
Delphi Automotive Systems (Holding), Inc. (Delaware)
Delphi Automotive Systems Global (Holding), Inc. (Delaware)
Delphi Automotive Systems Human Resources LLC (Delaware)
Delphi Automotive Systems International, Inc. (Delaware)
Delphi Automotive Systems Korea, Inc. (Delaware)
Delphi Automotive Systems LLC (Delaware)
Delphi Automotive Systems Overseas Corporation (Delaware)
Delphi Automotive Systems Risk Management Corp. (Delaware)
Delphi Automotive Systems Services LLC (Delaware)
Delphi Automotive Systems Tennessee, Inc. (Delaware)
Delphi Automotive Systems Thailand, Inc. (Delaware)
Delphi China LLC (Delaware)
Delphi Connection Systems (California)
Delphi Corporation (Delaware)
Delphi Diesel Systems Corp. (Delaware)
Delphi Electronics (Holding) LLC (Delaware)
Delphi Foreign Sales Corporation (Virgin Islands)
Delphi Integrated Service Solutions, Inc. (Michigan)
Delphi International Holdings Corp. (Delaware)
Delphi International Services, Inc. (Delaware)
Delphi Liquidation Holding Company (Delaware)
Delphi LLC (Delaware)
Delphi Mechatronic Systems, Inc. (Delaware)
Delphi Medical Systems Colorado Corporation (Colorado)
Delphi Medical Systems Corporation (Delaware)
Delphi Medical Systems Texas Corporation (Delaware)
Delphi NY Holding Corporation (New York)
Delphi Services Holding Corporation (Delaware)
Delphi Technologies, Inc. (Delaware)
DREAL, Inc. (Delaware)
Environmental Catalysts, LLC (Delaware)
Exhaust Systems Corporation (Delaware)
Packard Hughes Interconnect Company (Delaware)
Specialty Electronics International Ltd. (Virgin Islands)
Specialty Electronics, Inc. (South Carolina)

## CONSOLIDATED LIST OF CREDITORS HOLDING
## THE FIFTY LARGEST UNSECURED CLAIMS

Following is a list of the Debtors' creditors holding the fifty largest unsecured claims on a consolidated basis with its debtor-affiliates.[1] The list is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing a chapter 11 case. This list does not include (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31), or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the fifty largest unsecured claims.

| | Name, Address, Phone and Fax No. of Creditor | Person(s) Familiar with Debtors' Account | Nature of Claim | Contingent, Unliquidated and/or Disputed | Approximate Amount of Claim |
|---|---|---|---|---|---|
| 1. | General Motors Corporation 300 Renaissance Center P.O. Box 300 Detroit, MI 48265-3000 Tel: 313-665-4898 (Legal) Tel: 313-556-5000 (Main) Fax: 517-272-3709 | John Devine, CFO | Trade, Warranty, and Other | Contingent and Unliquidated | Unknown |
| 2. | International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers -- Communications Workers of America 501 3rd Street N.W., 6th Floor Washington, D.C. 20001 Tel: 202-434-1156 Fax: 202-434-1343 | James D. Clark, President | Wages and Benefits | Contingent and Unliquidated | Unknown |
| 3. | Pension Benefit Guaranty Corp 1200 K Street, N.W. Washington, D.C. 20005 Tel: 202-326-4020 Fax: 202-326-4112 | Jeffrey Cohen, Chief Counsel | Guaranty | Contingent and Unliquidated | Unknown |

---

[1] All claims of affiliates are reported on a consolidated basis.

| | Name, Address, Phone and Fax No. of Creditor | Person(s) Familiar with Debtors' Account | Nature of Claim | Contingent, Unliquidated and/or Disputed | Approximate Amount of Claim |
|---|---|---|---|---|---|
| 4. | United Auto Workers 8000 E. Jefferson Detroit, MI 48214  Tel: 313-926-5000 Fax: 313-823-6016 | Richard Shoemaker, Vice President & Director GM Department | Wages and Benefits | Contingent and Unliquidated | Unknown |
| 5. | United Steel Workers 5 Gateway Center Pittsburgh, PA 15222  Tel: 412-562-2400 Fax: 412-562-2484 | Leo W. Gerard, President | Wages and Benefits | Contingent and Unliquidated | Unknown |
| 6. | Wilmington Trust Company Corporate Trust Office 1100 North Market Street Rodney Square North, Wilmington, DE 19890  Tel: 302-636-6058 Fax: 302-636-4143 | Steven M. Cimalore, Vice President | Notes | | $2,000,000,000 |
| 7. | Law Debenture Trust Company of New York Corporate Trust Office 780 Third Ave, 31st Floor New York, NY 10017  Tel: 212-750-6474 Fax: 212-750-1361  and  Wilmington Trust Company Corporate Trust Office 1100 North Market Street Rodney Square North, Wilmington, DE 19890  Tel: 302-636-6058 Fax: 302-636-4143 | Patrick Healy, Vice President  and  Steven M. Cimalore, Vice President | Junior Subordinated Notes | | $412,371,975 |

| | Name, Address, Phone and Fax No. of Creditor | Person(s) Familiar with Debtors' Account | Nature of Claim | Contingent, Unliquidated and/or Disputed | Approximate Amount of Claim |
|---|---|---|---|---|---|
| 8. | Flextronics International Asia Pacific<br>2 Robbins Road<br>Westford, MA  01886<br><br>Tel: 978-392-3015<br>Fax: 978-392-3011 | Joe Minville, Sr. Director, Business Development, Global Automotive Markets | Trade | | $40,781,535 |
| 9. | Freescale Semiconductor Inc<br>6501 William Cannon Drive West<br>Austin, TX  78735-8598<br><br>Tel: 512-895-2093<br>Fax: 512-895-8746 | Paul Grimme, Senior Vice President and General Manager, Transportation and Standard Products Group | Trade | | $22,710,027 |
| 10. | Robert Bosch Corporation<br>38000 Hills Tech Drive<br>Farmington Hills, MI  48331-3417<br><br>Tel: 248-848-2555<br>Fax: 248-848-6505 | Linda Lynch, Sales Manager, General Motors N.A. | Trade | | $15,069,265 |
| 11. | Siemens Automotive Ltd<br>2400 Executive Hill Blvd.<br>Auburn Hills, MI  48326-2980<br><br>Tel: 248-209-5874<br>Fax: 248-209-7877 | Peter H. Huizinga, Sales Manager, North American Sales | Trade | | $13,619,300 |
| 12. | PBR Automotive USA Pacific Group Ltd<br>140 Ellen Drive<br>Orion Township, MI  48359<br><br>Tel: 248-340-1290<br>Fax: 248-377-4939 | Gordon Diag, VP | Trade | | $10,542,285 |
| 13. | DMC 2 Canada Corporation<br>2347 Commercial Drive<br>Auburn Hills, MI  48326<br><br>Tel: 248-292-2261<br>Fax: 248-340-2471 | Bill Staron, Senior VP | Trade | | $8,976,696 |

| | Name, Address, Phone and Fax No. of Creditor | Person(s) Familiar with Debtors' Account | Nature of Claim | Contingent, Unliquidated and/or Disputed | Approximate Amount of Claim |
|---|---|---|---|---|---|
| 47. | Futaba Corp Of America 2865 Wall Triana Hwy Huntsville, AL  35824  Tel: 256-461-7348 Fax: 256-461-7741 | Joe M. Dorris, President | Trade | | $3,350,622 |
| 48. | Victory Packaging 3555 Timmons Lane Suite 1440 Houston, TX  77027  Tel: 713-961-3299 Fax: 713-961-3824 | Robert Egan, President | Trade | | $3,327,441 |
| 49. | Murata Electronics North 2200 Lake Park Drive Smyrna, GA  30080-7604  Tel: 770-433-7846 Fax: 678-842-6625 | David M. McGinnis, Director Automotive Sales | Trade | | $3,234,841 |
| 50. | Niles USA Inc 41129 Jo Drive Novi, MI 48375  Tel: 248-427-9700 Fax: 248-427-9701 | Michael Rudnicki, Account Manager  and  Scot McColl, Business Unit Manager | Trade | | $3,171,181 |

## DECLARATION CONCERNING THE DEBTOR'S LIST OF CREDITORS
## HOLDING THE FIFTY LARGEST UNSECURED CLAIMS

I, John D. Sheehan, am the Vice President and Chief Restructuring Officer of Delphi Corporation and in such capacity am familiar with the financial affairs of the Debtors. I have reviewed the foregoing List of Creditors Holding the Fifty Largest Unsecured Claims, and declare that the information contained therein is true and correct to the best of my knowledge, belief and understanding.

Dated: October 8, 2005

s/ John D. Sheehan
John D. Sheehan
Vice President and Chief
    Restructuring Officer

Delphi Corporation

### DELPHI AUTOMOTIVE SYSTEMS (HOLDING), INC.
### UNANIMOUS WRITTEN CONSENT
### OF THE BOARD OF DIRECTORS

### Dated as of October 6, 2005

Pursuant to Section 141(f) of Delaware General Corporation Law, the undersigned, being all the members of the Board of Directors (the "Board") of Delphi Automotive Systems (Holding), Inc., a Delaware corporation (the "Corporation"), do hereby adopt, by this written consent, the following resolutions with the same force and effect as if they had been adopted at a duly convened meeting of the Board and direct that this written consent be filed with the minutes of the proceedings of the Board:

WHEREAS, the Board has been presented with a proposed petition to be filed by the Corporation in the United States Bankruptcy Court for the Southern District of New York seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor-in-possession will be sought;

WHEREAS, the Corporation will benefit by the borrowings and use of cash collateral under that certain Revolving Credit, Term Loan and Guaranty Agreement, to be dated the date of the filing of the petition pursuant to Chapter 11 of the Bankruptcy Code (the "Loan Agreement" and together with each other document, instrument or agreement executed by the Corporation or any Guarantor in connection therewith, the "Loan Documents"), among Delphi Corporation (the "Parent") (the ultimate parent of the Corporation), the Corporation, each a debtor and debtor-in-possession in a case to be filed under Chapter 11 of the Bankruptcy Code, and the other subsidiaries of the Parent signatory thereto (each a "Guarantor" and collectively with the Corporation, the "Guarantors"), each of which Guarantors will be a debtor and debtor-in-possession in a case to be filed under Chapter 11 of the Bankruptcy Code (the cases of the Parent and the Guarantors, each a "Case" and collectively, the "Cases"), JPMorgan Chase Bank, N.A. ("JPMCB"), Citigroup USA, Inc. ("CUSA"), each of the other financial institutions from time to time party hereto (together with JPMCB and CUSA, the "Lenders"), JPMCB, as administrative agent (in such capacity, the "Administrative Agent") for the Lenders, and CUSA, as syndication agent (in such capacity, the "Syndication Agent"; together, the Administrative Agent and the Syndication Agent are the "Agents") for the Lenders; which Loan Documents (A) provide the Parent with loan facilities of $2,000,000,000, comprised of (i) a revolving credit and letter of credit facility in an

aggregate principal amount of $1,750,000,000 as set forth therein and (ii) a term loan in an aggregate principal amount of $250,000,000 as set forth therein, (B) require all of the Parent's obligations therein to be guaranteed by the Guarantors, and (C) provide for the proceeds therefrom to be used for working capital and for other general corporate purposes of the Parent and its Subsidiaries, including the making of pension contributions, adequate protection payments to the pre-petition lenders, and the payment of transaction costs, fees and expenses in respect of the contemplated transactions and the Cases and the payment of all Restructuring Costs (as defined in the Loan Agreement);

WHEREAS, the Board has determined that it is in the best interests of this Corporation and its stakeholders that this Corporation file a petition seeking relief under the provisions of chapter 11 of title 11 of the Bankruptcy Code, in which the authority to operate as a debtor-in-possession would be sought.

NOW THEREFORE, BE IT RESOLVED, that this Corporation file a petition seeking relief under the provisions of chapter 11 of title 11 of the Bankruptcy Code, in which the authority to operate as a debtor-in-possession will be sought, and the filing of such petition is authorized hereby; and it is further

RESOLVED, that each of the president, vice president, secretary, treasurer, assistant secretary, assistant treasurer and chief tax officer of the Corporation be appointed by the Board as an authorized signatory (each, individually, an "Authorized Officer," and, collectively, the "Authorized Officers") in connection with the chapter 11 case authorized herein; and it is further

RESOLVED, that the Authorized Officers or any one of them be, and each of them hereby is, authorized, empowered and directed on behalf of this Corporation to execute and verify a petition in the name of the Corporation under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York in such form and at such time as the Authorized Officer executing said petition on behalf of this Corporation shall determine; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Officers or any other officers of the Corporation to seek relief under chapter 11 of the Bankruptcy Code or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Corporation; and it is further

2

RESOLVED, that the terms and provisions of the Loan Documents, with such deletions or changes therein or additions thereto (substantial or otherwise) as the Authorized Officer executing the same may approve, are hereby adopted and approved in all respects; and that the Corporation hereby is authorized to enter into the Loan Documents and perform its obligations under the Loan Documents and to execute, authorize, deliver, verify, and/or file, or cause to be executed, authorized, delivered, verified and/or filed all necessary documents required to consummate the transactions contemplated thereby, and the Corporation is hereby authorized to borrow and to request letters of credit under the Loan Documents, and to pledge, mortgage or grant a lien or a security interest in, assets of the Corporation as security for such borrowing; and it is further

RESOLVED, that each and every officer, including the Authorized Officers, of the Corporation be, and each of them, acting alone, is hereby authorized, directed and empowered from time to time in the name and on behalf of the Corporation to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Corporation or otherwise, any and all such other documents, agreements, certificates, writings and instruments to be delivered in connection with the Loan Documents (including, without limitation, any amendments, supplements or modifications to the Loan Documents and such other documents, agreements, certificates, writings and instruments to be delivered in connection therewith), and to grant the security interests in or liens on any real or personal property of the Corporation now or hereafter acquired as contemplated by the Loan Documents, with full authority to indorse, assign or guarantee any of the foregoing in the name of the Corporation, in each case, as any such officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing resolution, his or her execution and delivery thereof to be conclusive evidence that he or she deems it necessary or advisable, his or her execution and delivery thereof to be conclusive evidence of his or her authority to so act and of his or her approval thereof; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered to execute, deliver and perform for and on behalf of the Corporation, as a debtor and debtor-in-possession, such agreements, instruments and any and all other documents and amendments necessary or appropriate to facilitate the transactions contemplated by the foregoing resolutions, containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or appropriate by the Authorized Officer or Authorized Officers so acting; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered to authorize the Agent (as

3

defined in the Loan Agreement) to file any Uniform Commercial Code (the "UCC") financing statement the Agent deems necessary or convenient to perfect any lien or security interest granted under any agreement of the Corporation granting security to the Agent for the benefit of the Lenders, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets", "all property now or hereafter acquired" and other similar descriptions of like import and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Corporation and such other filing in respect of intellectual and other property of the Corporation, in each case as the Agent may reasonably request to perfect the security interests of the Agent and the Lenders under the Loan Documents; and it is further

RESOLVED, that the Corporation as an indirect wholly-owned subsidiary of Parent, hereby is authorized and empowered to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, consents, resolutions, documents, certificates and undertakings, and to incur all such fees and expenses as in its judgment shall be necessary, appropriate or advisable to cause and authorize the Corporation to guaranty, including, without limitation, any guaranty required by the Agent as a condition of the Lenders entry into the Loan Documents, the borrowing by the Parent of funds from a Lender or Lenders as any Authorized Officer of the Corporation or Parent deems appropriate, and obtain the use of cash collateral in such amounts, from such lender or lenders and on such terms as may be approved by any one or more of the Authorized Officers as reasonably necessary for the continuing conduct of the affairs of the Corporation and Parent and the Corporation may grant security interests in and liens upon all or any portion of its assets as may be deemed necessary by any one or more of the Authorized Officers in connection with such borrowings or the use of such cash collateral, including, without limitation, any grant of security, liens or mortgages required by the Agent as a condition of the Lenders entry into the Loan Documents; and it is further

RESOLVED, that Rothschild, Inc. be, and hereby are, employed as financial advisors and investment bankers for the Corporation in the chapter 11 case; and it is further

RESOLVED, that the law firm of Skadden, Arps, Slate, Meagher & Flom LLP and its affiliates be, and hereby are, employed under general retainer as attorneys for the Corporation in the chapter 11 case; and it is further

4

RESOLVED, that the law firm of Shearman & Sterling LLP be, and hereby are, employed as special counsel for the Corporation in the chapter 11 case; and it is further

RESOLVED, that FTI Consulting, Inc. be, and hereby are, employed as restructuring advisor for the Corporation in the chapter 11 case; and it is further

RESOLVED, that the Authorized Officers of the Corporation be, and each of them, with full authority to act without the others, hereby is, authorized, in the name and on behalf of the Corporation, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, documents, certificates and undertakings, and to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers of the Corporation, each of the Authorized Officers of the Corporation be, and they hereby are, authorized and directed to take or perform or cause to be taken or performed all such further actions, to execute and deliver or cause to be executed and delivered all such further certificates, agreements, instruments and documents in the name and on behalf of the Corporation, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary or advisable in order to carry out fully the intent and purposes of the foregoing resolutions; and it is further

RESOLVED, that all actions heretofore taken consistent with the purpose and intent of the foregoing resolutions are hereby ratified, confirmed and approved in all respects as the acts and deeds of the Corporation; and it is further

RESOLVED, that this consent may be signed in any number of counterparts, each of which shall be an original and all of which, taken together, shall constitute one and the same instrument and that once signed, this consent shall be filed with the corporate records of the Corporation; and it is further

RESOLVED, that the foregoing resolutions shall be effective upon, and only in the event that, the Parent resolves to file a petition seeking relief under the provisions of chapter 11 of title 11 of the Bankruptcy Code.

5

When signed by all members of the Corporation's Board of Directors, this unanimous written consent shall be effective as of the date first written above.

[SIGNATURE PAGE FOLLOWS]

6

IN WITNESS WHEREOF, the undersigned have executed this unanimous written consent of the Board of Directors as of the date first written above.

By: _____
Mark C. Lorenz

By: _____
John D. Sheehan

IN WITNESS WHEREOF, the undersigned have executed this unanimous written consent of the Board of Directors as of the date first written above.

By: _____
Mark C. Lorenz

By: _____
John D. Sheehan

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |
|---|---|
| In re | :    Chapter 11 |
| | : |
| DELPHI CORPORATION, et al., | :    Case No. 05-44481 (RDD) |
| | : |
|            Debtors. | :    (Jointly Administered) |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF HEARING ON FIRST DAY MOTIONS

PLEASE TAKE NOTICE THAT on October 8, 2005 (the "Petition Date"),

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate

Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"), filed voluntary petitions for reorganization relief under Chapter 11 of title 11 of the

United States Code, 11 U.S.C. §§ 101 - 1330, as amended (the "Bankruptcy Code"), in the

United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that on October 8, 2005, the Bankruptcy

Court entered the following orders (copies of which may be obtained at www.delphidocket.com):

1.  **"Joint Administration"** - Order Authorizing Joint Administration (Agenda Item
    No. 1; Docket No. 28);

2.  Order Authorizing Admission Pro Hac Vice Of John Wm. Butler, Jr., John K.
    Lyons And Ron E. Meisler (Agenda Item No. 2; Docket No. 33);

3.  Order Authorizing Admission Pro Hac Vice Of Charles E. Brown And Joseph E.
    Papelian (Agenda Item No. 3; Docket No. 34);

4.  **"Human Capital Obligations"** - Bridge Order Under 11 U.S.C. §§ 105(a), 363,
    507, 1107, And 1108 (I) Authorizing Debtors To Pay Prepetition Wages And
    Salaries To Employees And Independent Contractors, (II) Authorizing Debtors To
    Pay Prepetition Benefits And Continue Maintenance Of Human Capital Benefit
    Programs In Ordinary Course, And (III) Directing Banks To Honor Prepetition
    Checks For Payment Of Prepetition Human Capital Obligations (Agenda Item No.
    10; Docket No. 31);

5.  **"Essential Suppliers"** - Bridge Order Under 11 U.S.C. §§ 105(a), 363, 364, 1107,
    And 1108 And Fed. R. Bankr. P. 6004 And 9019 Authorizing Continuation Of
    Vendor Rescue Program And Payment Of Prepetition Claims Of Financially-
    Distressed Sole Source Suppliers And Vendors Without Contracts (Agenda Item
    No. 15; Docket No. 30);

6.  **"Foreign Creditors"** - Bridge Order Under 11 U.S.C. §§ 105(a) And 363(b)
    Authorizing (I) Payment Of Prepetition Obligations To Foreign Creditors And (II)
    Financial Institutions To Honor And Process Related Checks And Transfers
    (Agenda Item No. 16; Docket No. 32);

7.   **"Administrative Expense"** - Bridge Order Under 11 U.S.C. § 503(b) Confirming Grant Of Administrative Expense Status To Obligations Arising From Postpetition Delivery Of Goods And Authorizing Debtors To Pay Such Obligations In Ordinary Course Of Business (Agenda Item No. 18; Docket No. 35);

8.   **"Shipping And Customs"** - Bridge Order Under 11 U.S.C. §§ 105 And 363(b), 1107, And 1108 Authorizing Payment Of Certain Prepetition (I) Shipping And Delivery Charges For Goods In Transit And (II) Customs Duties (Agenda Item No. 20; Docket No. 40);

9.   **"Cash Management"** - Bridge Order Under 11 U.S.C. §§ 363 And 553 Authorizing (I) Continued Maintenance Of Existing Bank Accounts, (II) Continued Use Of Existing Cash Management System, (III) Continued Use Of Existing Business Forms, (IV) Preservation And Exercise Of Intercompany Setoff Rights, And (V) Grant Of Administrative Priority Status For Postpetition Intercompany Transactions (Agenda Item No. 22; Docket No. 36);

10.  **"Investment Guidelines"** - Bridge Order Under 11 U.S.C. § 345 Authorizing Continued Use Of Existing Investment Guidelines (Agenda Item No. 23; Docket No. 38);

11.  **"Customer Programs"** - Bridge Order Under 11 U.S.C. §§ 105(a), 363, 1107, And 1108 Authorizing The Debtors To Honor Prepetition Obligations To Customers And To Otherwise Continue Customer Programs In Ordinary Course Of Business (Agenda Item No. 24; Docket No. 39);

12.  **"Cash Collateral"** - Bridge Order Under 11 U.S.C. §§ 361, 362, And 363 Authorizing Use Of Cash Collateral And Adequate Protection To Prepetition Secured Parties (Agenda Item No. 28; Docket No. 46); and

13.  **"Derivative Contracts"** - Bridge Order Under 11 U.S.C. §§ 105, 363, 1107, And 1108 And Fed. R. Bankr. P. 4001 Authorizing Debtors To Enter Into, Continue Performance Under, And Provide Credit Support Under Derivative Contracts (Agenda Item No. 30; Docket No. 45).

PLEASE TAKE FURTHER NOTICE THAT a hearing will be held on October 11, 2005 at 4:00 p.m. (Eastern Time), or as soon thereafter as counsel can be heard, before the Honorable Judge Robert D. Drain, United States Bankruptcy Judge for the Southern District of New York, Room 601, 6th Floor, One Bowling Green, New York, New York 10004, to consider the following motions filed by the Debtors on the Petition Date:

1.   **"Consolidated Lists"** - Motion For Order Under 11 U.S.C. § 521 And Fed. R. Bankr. P. 1007(a) Authorizing Debtors To (I) Prepare Consolidated List Of

PLEASE TAKE FURTHER NOTICE THAT copies of the first-day hearing

notice and the first-day motions are posted on www.delphidocket.com.   Parties may participate

or attend this hearing in person or by telephone.  Telephonic participation and attendance is

available by calling Court Conference at (866) 582-6878.  Parties wishing to appear through

Court Conference should contact Court Conference as early today as possible to register.  Under

no circumstances may any participant or attendee record or broadcast the proceedings conducted

by the Bankruptcy Court.

Dated:  New York, New York
         October 11, 2005

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:  _s/ John Wm. Butler, Jr_____
     John Wm. Butler, Jr.
     John K. Lyons
     Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

     - and -

By:  _s/ Kayalyn A. Marafioti_____
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
     Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK
ONE BOWLING GREEN
NEW YORK, NY 10004-1408

KATHLEEN FARRELL-WILLOUGHBY
CLERK OF COURT
TELEPHONE: (212) 668-2870

December 13, 2005

Mr. LaFonza Earl Washington
7010 Cranwood Drive
Flint, MI 48505

      Re:    Delphi Corporation - 05-44481(RDD)

Dear Mr. Washington:

      We are in receipt of four claims each in the amount of $30,000,000 and filed in the above-referenced bankruptcy matter.  Each claim is recorded separately in the consolidated case and noted on the claims register as follows:

      Claim No. 257 filed on October 31, 2005 in Delphi Corporation
      Claim No. 264 filed on November 1, 2005 in Delphi Corporation
      Claim No. 288 filed on November 2, 2005 in Delphi Automotive Systems (Holding), Inc.
      Claim No. 297 filed on November 3, 2005 in Delphi Automotive Systems (Holding), Inc.

      As I explained to you telephonically today, I cannot issue an order to pay any of these claims. The decision whether to enter any orders in this case can be made only by the Bankruptcy Judge assigned to the case or the particular proceeding.  If you would like to present a motion to the Judge to request relief, you must, pursuant to Local Rule of Bankruptcy Procedure 5070-1:

      "Unless the Court orders otherwise, prior to serving a motion, cross-motion, or application, the moving party or applicant shall obtain a return date from the assigned Judge's chambers."

      Local Rule of Bankruptcy Procedure 9004-2(b) states:

      "The return date obtained under this rule shall be included in the upper right-hand corner of the caption of the motion or application."

      I have included a copy of this Court's  Local Rule of Bankruptcy Procedure 9013-1 which addresses the requirements for filing a motion.  Also enclosed is a copy of Local Bankruptcy Rule 9078-1, which addresses the need for a Certificate of Service.  The motion or application must be served on all parties affected by the motion or application requesting relief.

This letter and enclosures in no way constitutes all of the information needed to seek relief from the court. If you require additional assistance, you may want to seek the advice of counsel. The Clerk's Office is prohibited from providing legal advice.

Sincerely,

Kathleen Farrell-Willoughby
Clerk of Court

#4



# DELPHI

- NOTICE LISTS
- COURT DOCUMENTS
- VOLUNTARY PETITIONS
- PRESS RELEASES
- FIRST DAY MOTIONS
- FIRST DAY ORDERS
- CASE MANAGEMENT ORDER
- SCHEDULES/ STATEMENTS
- OMNIBUS HEARING DATES
- ADDITIONAL OMNIBUS HEARING DATES
- CREDITORS' COMMITTEE
- 341 MEETING PRESENTATION
- FIRST DAY PRESENTATION
- ORGANIZATIONAL MEETING PRESENTATION
- FIRST OMNIBUS ENTERED ORDERS 10/27/05
- HEARING FOR ADJOURNED MATTERS ORDERS 11/4/05
- SECOND OMNIBUS ENTERED ORDERS 11/29/05
- THIRD OMNIBUS ENTERED ORDERS 1/5/06
- FOURTH OMNIBUS ENTERED ORDERS 2/9/06
- FIFTH OMNIBUS ENTERED ORDERS 3/9/06

**Delphi Corporation Search Results**
**Creditor Name: Contains "lafonza earl washington"**

| Date Claim Filed | Claim No. | Schedule | Nature | Name | Amount | C | U | D | Debtor |
|---|---|---|---|---|---|---|---|---|---|
| 12/27/2005 | 1334 | | General Unsecured | Lafonza Earl Washington | $30,000,000.00 | | | | Delphi Corporation |
| 12/27/2005 | 1271 | | General Unsecured | Lafonza Earl Washington | $30,000,000.00 | | | | Delphi Corporation |
| 12/27/2005 | 1272 | | General Unsecured | Lafonza Earl Washington | $30,000,000.00 | | | | Delphi Corporation |

# PROOF OF CLAIM

UNITED STATES BANKRUPTCY COURT   Southern   DISTRICT OF   New York

| Name of Debtor<br>Delphi Corporation | Case Number<br>05-44481 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Lafonza E Washington Sr<br>Name and address where notices should be sent:<br><br>Lafonza E Washington Sr<br>7010 Cranwood Dr<br>Flint MI 48505<br><br>Telephone number: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. |

Please note that the court has received your proof of claim #257 filed on 10/31/2005. If your prior proof of claim accurately reflected your asserted claims against the debtor, you do not need to file an additional proof of claim form for those same claims.

THIS SPACE IS FOR COURT USE ONLY

| Account or other number by which creditor identifies debtor: | Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated:_____ |
|---|---|

**1. Basis for Claim**
- ☐ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
      (date)          (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ _____ _____ _____ _____
      (unsecured)      (secured)      (priority)      (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# PROOF OF CLAIM

Main Document

| Name of Debtor | Case Number |
|---|---|
| Delphi Corporation | 05-44481 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Lafonza E Washington Sr<br>Name and address where notices should be sent:<br><br>Lafonza E Washington Sr<br>7010 Cranwood Dr<br>Flint MI 48505<br><br><br>Telephone number: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. |

**Please note that the court has received your proof of claim #264 filed on 11/01/2005. If your prior proof of claim accurately reflected your asserted claims against the debtor, you do not need to file an additional proof of claim form for those same claims.**

THIS SPACE IS FOR COURT USE ONLY

| Account or other number by which creditor identifies debtor: | Check here ☐ replaces    a previously filed claim, dated:_____<br>if this claim ☐ amends |
|---|---|

**1. Basis for Claim**
- ☐ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
       (date)     (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ _____ _____ _____ _____
    (unsecured)  (secured)  (priority)  (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other_____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**PROOF OF CLAIM**

| Name of Debtor | Case Number |
|---|---|
| Delphi Automotive Systems (Holding), Inc. | 05-44596 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

Lafonza E Washington Sr

Name and address where notices should be sent:

Lafonza E Washington Sr
7010 Cranwood Dr
Flint MI 48505

Telephone number:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**Please note that the court has received your proof of claim #288 filed on 11/02/2005. If your prior proof of claim accurately reflected your asserted claims against the debtor, you do not need to file an additional proof of claim form for those same claims.**

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces    a previously filed claim, dated:_____
if this claim ☐ amends

**1. Basis for Claim**
- ☐ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #:
  Unpaid compensation for services performed
  from _____ to_____
  (date)                (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ _____ _____ _____ _____
(unsecured)        (secured)        (priority)        (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
- ☐ Real Estate  ☐ Motor Vehicle
- ☐ Other_____

Value of Collateral:    $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# UNITED STATES BANKRUPTCY COURT  Southern  DISTRICT OF  New York

## PROOF OF CLAIM

| Name of Debtor | Case Number |
|---|---|
| Delphi Automotive Systems (Holding), Inc. | 05-44596 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): Lafonza E Washington Sr | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | Please note that the court has received your proof of claim #297 filed on 11/03/2005. If your prior proof of claim accurately reflected your asserted claims against the debtor, you do not need to file an additional proof of claim form for those same claims. |
|---|---|---|
| Name and address where notices should be sent: Lafonza E Washington Sr 7010 Cranwood Dr Flint MI 48505 | ☐ Check box if you have never received any notices from the bankruptcy court in this case. ☐ Check box if the address differs from the address on the envelope sent to you by the court. | |
| Telephone number: | | THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: | Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated:_____ |
|---|---|

**1. Basis for Claim**
- ☐ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
      (date)                      (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:  $ _____  _____  _____  _____**
                                                   (unsecured)        (secured)         (priority)          (Total)
  If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
- ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
- ☐ Check this box if your claim is secured by collateral (including a right of setoff).

  Brief Description of Collateral:
- ☐ Real Estate    ☐ Motor Vehicle
- ☐ Other_____

  Value of Collateral:  $_____

  Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____

**6. Unsecured Nonpriority Claim  $_____**
- ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
- ☐ Check this box if you have an unsecured priority claim
  Amount entitled to priority  $_____
  Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
  *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:**  *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:**  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# PROOF OF CLAIM

UNITED STATES BANKRUPTCY COURT   **Southern**   DISTRICT OF   **New York**

| Name of Debtor | Case Number |
|---|---|
| Delphi Corporation | 05-44481 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

Lafonza Earl Washington

Name and address where notices should be sent:

Lafonza Earl Washington
Lafonza Earl Washington
6602 M L King Jr Ave
Flint MI 48505

Telephone number:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Please note that the court has received your proof of claim #1271 filed on 12/27/2005. If your prior proof of claim accurately reflected your asserted claims against the debtor, you do not need to file an additional proof of claim form for those same claims.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces  a previously filed claim, dated:_____
if this claim ☐ amends

**1. Basis for Claim**
- ☐ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)              (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $_____ _____ _____ _____
(unsecured)   (secured)   (priority)   (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____

Value of Collateral:    $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**PROOF OF CLAIM**

| Name of Debtor<br>Delphi Corporation | Case Number<br>05-44481 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Lafonza Earl Washington

Name and address where notices should be sent:
Lafonza Earl Washington
Lafonza Earl Washington
6602 M L King Jr Ave
Flint MI 48505

Telephone number:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Please note that the court has received your proof of claim #1272 filed on 12/27/2005. If your prior proof of claim accurately reflected your asserted claims against the debtor, you do not need to file an additional proof of claim form for those same claims.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces    a previously filed claim, dated:_____
if this claim ☐ amends

**1. Basis for Claim**
- ☐ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #:
  Unpaid compensation for services performed
  from _____ to _____
  (date)           (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ _____ _____ _____ _____
(unsecured)    (secured)    (priority)    (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other_____

Value of Collateral:  $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority  $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT **Southern** DISTRICT OF **New York** | **PROOF OF CLAIM**
---

| Name of Debtor<br>Delphi Corporation | Case Number<br>05-44481 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | **Please note that the court has received your proof of claim #1334 filed on 12/27/2005. If your prior proof of claim accurately reflected your asserted claims against the debtor, you do not need to file an additional proof of claim form for those same claims.** |
|---|---|

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Lafonza Earl Washington

Name and address where notices should be sent:
Lafonza Earl Washington
Lafonza Earl Washington
6602 M L King Jr Ave
Flint MI 48505

Telephone number:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

| Account or other number by which creditor identifies debtor: | Check here ☐ replaces    a previously filed claim, dated:_____<br>if this claim ☐ amends |
|---|---|

**1. Basis for Claim**
- ☐ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
           (date)           (date)

| **2. Date debt was incurred:** | **3. If court judgment, date obtained:** |
|---|---|

**4. Total Amount of Claim at Time Case Filed:** $ _____
            (unsecured)      (secured)      (priority)      (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other_____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim $_____**

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## ▣ General Motors

April 4, 2006

Dear GM-UAW Employee:

As you may know, General Motors (GM) and the International Union, UAW (UAW) have recently negotiated a Special Attrition Plan covering all GM-UAW employees.  You are eligible for this Special Attrition Plan (SAP).

Enclosed are two packages.  One package is a copy of the presentation slides that were used in the roll-out of the SAP at the plant.  The "Information Package" includes the necessary Forms to participate in the SAP.

Please review the presentation slides.  If you are interested in applying for one of the Options, please complete Forms A and B and return to your Hourly Employment Office no later than **May 18, 2006**.

If you have any questions regarding the SAP, please contact your local Union, your Benefit Representative or Hourly Employment Office.

Sincerely,


GENERAL MOTORS CORPORATION

## SPECIAL ATTRITION PLAN
## GM-UAW PLANTS
## INFORMATION PACKAGE

## FORM A

### SPECIAL ATTRITION PLAN

## FORM B

### SPECIAL ATTRITION PLAN
### CONDITIONS OF PARTICIPATION
### RELEASE FORM

## FORM C

### MEMORANDUM OF UNDERSTANDING

## FORM D

### PENSION LETTER

# FORM A

## SPECIAL ATTRITION PLAN
## GM-UAW PLANTS

I have evaluated the options currently available under the GM-UAW National Agreement and the Memorandum of Understanding – GM-UAW Plants dated March 22, 2006 governing the attrition of employees from GM. I have marked the option of my preference and understand that I must meet all eligibility conditions of the Option in order to receive it. I understand that I may elect only one Option.

1.  ☐    Retire effective first of the month following the month my services are no longer required but no later than January 1, 2007 under the Normal or Voluntary provisions of the 2003 GM-UAW Pension Plan. I understand that under this option I will also receive a Thirty-Five Thousand Dollar ($35,000) cash payment, less applicable taxes.

2.  ☐    Retire effective the first of the month following the month my services are no longer required but no later than January 1, 2007 under the provisions of the Diana D. Tremblay letter dated March 22, 2006 regarding Mutually Satisfactory Retirements for GM-UAW plants.

3.  ☐    Accept the Pre-retirement Program effective no later than 7/1/06. While on the Pre-retirement Program, I understand that I will receive gross monthly pay as follows:

| Years of Credited Service | Monthly Gross Pay |
| --- | --- |
| 29 | $2900 |
| 28 | $2850 |
| 27 | $2800 |

I further understand that I must retire the first of the month following the month that I attain 30 years of credited service under the 30 and out provisions of the 2003 GM Hourly-Rate Employees Pension Plan without any additional incentive. I understand that wages will be paid weekly on an hourly basis (2,080 hours per year) and will remain at that rate until 30 years of credited service is accrued. I also understand that no additional vacation time will accrue, no holiday pay, COLA, general wage increases, overtime or shift premiums or other similar items will apply. I also understand that my Benefit Class Code will be the code applicable at the time I entered the Pre-retirement Program.

4. ☐    Voluntarily Quit GM and receive a lump sum payment (less applicable taxes) as follows:

| Years of Service | Lump Sum |
|---|---|
| 10 or more | $140,000 |
| Less than 10 | $70,000 |

I understand under this Option I will sever all ties with GM and Delphi except any vested pension benefits. As such I understand that I will not be directly eligible for any health care, life insurance or other benefits (other than vested pension benefits) from GM or Delphi or their benefit plans.

I acknowledge the options available to me are determined solely by the written provisions of the Memorandum of Understanding – GM-UAW Plants, the 2003 GM-UAW National Agreement, the 2003 GM-UAW Pension Plan, and other applicable benefit programs, and the March 22, 2006 letter relating to the Mutually Satisfactory Retirement for UAW-GM Plants. I understand that execution of the Special Attrition Plan Conditions of Participation Release Form is a condition of my participation. I acknowledge no prior representations, promises or agreements relating to my employment, separation from service, or retirement have been made by GM or the UAW which are contrary to this document and the Memorandum of Understanding. I further acknowledge that my selection is irrevocable.

I understand that GM and the UAW may be considering and in the future may agree to amend the 2003 GM-UAW National Agreement, the Memorandum of Understanding, this Special Attrition Plan and GM's benefit plans and make available different redeployment, job security, retirement or separation benefits for which I will not be eligible.

I have carefully read this Agreement and understand it.


Name:_____    Signed:_____
        (Please Print)

SS. No:_____    Dated:_____


Witness:_____

# FORM B

### SPECIAL ATTRITION PLAN
### CONDITIONS OF PARTICIPATION RELEASE FORM

General Motors Corporation ("GM") has discussed with me the option of separating from employment under the separation options of the Special Attrition Plan for my facility as negotiated by GM and the International Union, UAW ("UAW"). I have evaluated the benefits and options made available to me and have decided to separate from employment under the option that I have checked on the Special Attrition Plan form for my facility. My separation will be effective at the time called for in the option I have selected.

I acknowledge that the benefits provided to me under the option of the Special Attrition Plan for my facility which I have selected are greater than the benefits to which I would otherwise be entitled and that such benefit package is available only under the terms of the Special Attrition Plan for my facility to those employees who meet all eligibility criteria for the option I have selected and who agree to separate on the applicable date.

Further, I acknowledge the benefits to which I am entitled are determined solely by the written provisions of the Special Attrition Plan at my facility, the written provisions of the related GM-UAW Memorandum of Understanding governing the Special Attrition Plan, the written provisions of the GM-UAW Pension Plan and the written provisions of other applicable benefit programs.

I understand that any payments or benefits provided under the Special Attrition Plan will be subject to all applicable taxes.

I am satisfied with the terms of this separation and acknowledge I am voluntarily accepting it. This acceptance is not under duress and I am able to work and suffer from no disability that would preclude me from doing my regularly assigned job. As such, I acknowledge that I am not entitled to disability pay or benefits. I acknowledge no prior representations, promises or agreements relating to my employment and separation have been made by GM or the UAW which are contrary to this agreement and the provisions of the Special Attrition Plan, and my acceptance constitutes the entire and only agreement between me and GM. I understand that I shall not be eligible for recall to work or re-employment by GM, Delphi, or any of their subsidiaries or any other entity in which the GM has an ownership interest.

I understand that GM and the UAW may be considering and in the future may agree to amend GM's benefit plans and make available different retirement, placement, or separation benefits for which I may not be eligible. Neither this agreement nor the provisions of the Special Attrition Plan limit or in any way

modify the provisions of any benefit plan (other than The Hourly-Rate Employees Pension Plan).

In consideration for participation in the Special Attrition Plan, I hereby release and forever discharge GM, Delphi the UAW and their officers, directors, agents, employees, stockholders and employee benefit plans from all claims, demands and causes of action, (claims) known or unknown which I may have related to my employment or the cessation of my employment or denial of any employee benefit. This release specifically includes, without limitation, a release of any claims I may now have under The Employee Retirement Income Security Act of 1974 (ERISA); the Age Discrimination in Employment Act (ADEA), which prohibits discrimination based on age; Title VII of the Civil Rights Act of 1964 which prohibits discrimination in employment based on race, color, national origin, religion or sex; the Equal Pay Act; state fair employment practices or civil rights laws; and any other federal state or local laws or regulations, or any common law actions relating to employment discrimination. This includes without limitation any claims for breach of employment contract, either express or implied, and wrongful discharge. This release does not waive claims that arise only after the execution of this release.

I acknowledge I have been given a period of forty-five (45) days to review and consider this agreement before signing it. If I execute this agreement, I shall have a period of seven (7) days to revoke, in writing, my acceptance and this agreement shall not be effective until expiration of this seven (7) day period. I have also been advised to consult with an attorney, but understand whether or not I do so is my own decision. I understand that once the seven (7) day revocation period expires, my acceptance is irrevocable.

I acknowledge I have been informed in writing and in an understandable manner as to any class, unit, or group of individuals covered by the Special Attrition Plan, any eligibility factors and time limits applicable to the Special Attrition Plan, the job titles and ages of all individuals eligible or selected for the Special Attrition Plan, and the ages of all individuals in the same job classification or organizational unit who are not eligible or selected for the Special Attrition Plan.

I have carefully read this agreement and understand it.

Signed:_____    Dated:_____

Witness:_____

General Motors Corporation:_____

# FORM C

## MEMORANDUM OF UNDERSTANDING
## SPECIAL ATTRITION PLAN
## GM-UAW PLANTS

This Memorandum of Understanding governs the Special Attrition Plan for of employees from GM-UAW Plants except Baltimore, Lansing Craft, Linden, Muncie and Oklahoma City.

1.   The Corporation and International Union, UAW will jointly develop a communication plan designed to explain to employees of GM-UAW Plants, their options agreed to in this Memorandum.  This Special Attrition Plan will be presented to all UAW represented employees of GM-UAW Plants no later than April 19, 2006.

2.   Employees at GM-UAW Plants as of the date of this Memorandum will be given the opportunity to designate their choice by 45 days from the date of roll-out from the following options. Eligibility for any option that includes retirement is subject to the eligibility requirements for that retirement.  Eligibility for the Pre-retirement Program requires at least 27 years of credited service (26 years for the Oklahoma City, Linden, Muncie, Lansing Craft Centre and Baltimore plants).

  a.      Retire effective the first of the month following the month my services are no longer required but no later than January 1, 2007 under the Normal or Voluntary provisions of the 2003 GM Hourly-Rate Employees Pension Plan. I understand that under this option I will

also receive a Thirty-Five Thousand Dollar ($35,000) cash payment, less applicable taxes.

b.   Retire effective the first of the month following the month my services are longer required under the provisions of the Diana D. Tremblay letter dated March 22, 2006 regarding Mutually Satisfactory Retirements for GM-UAW plants.

c.   Accept the Pre-retirement Program effective no later than 7/1/06. While on the Pre-retirement Program, I understand that I will receive gross monthly pay as follows:

| Years of Credited Service | Monthly Gross Pay |
|---|---|
| 29 | $2900 |
| 28 | $2850 |
| 27 | $2800 |

I further understand that I must retire the first of the month following the month that I attain 30 years of credited service under the 30 and out provisions of the 2003 GM-UAW Pension Plan without any additional incentive. I understand that wages will be paid weekly on an hourly basis (2,080 hours per year) and will remain at that rate until 30 years of credited service is accrued. I also understand that no additional vacation time will accrue, no holiday pay, COLA, general wage increases, overtime or shift premiums or other similar items will apply. I also understand that my Benefit Class Code will be the code applicable at the time I entered the Pre-retirement Program.

d.   Voluntarily Quit GM and receive a lump sum payment (less applicable taxes) as follows:

| Years of Seniority | Lump Sum |
|---|---|
| 10 or more | $140,000 |
| Less than 10 | $70,000 |

I understand under this Option I will sever all ties with GM and Delphi except any vested pension benefits. As such I understand that I will not be directly eligible for any health care, life insurance or other benefits (other than vested pension benefits) from GM or Delphi or their benefit plans.

3.   It is understood that those GM-UAW Plants employees, who have elected to: (i) retire under option (a); (ii) retire as a Mutually Satisfactory Retirement under option (b); (iii) accept the Pre-Retirement Program under option (c); or (iv) voluntarily quit GM under option (d); or elected to not respond or fail to timely

respond will not be eligible to exercise any other rights under this Memorandum or any letter of agreement referred to above.

4.    Each employee of GM-UAW Plants will be required to sign the Special Attrition Plan, GM-UAW Plants, Conditions of Participation Release Form and all other applicable forms when making a selection under this Memorandum.

5.    Timing of the number of retirements and release dates will be determined by the joint GM-UAW National Parties.

Whereas, the parties hereto have caused their names to be duly subscribed by their duly authorized officers and representatives this 22nd day of March 2006.

INTERNATIONAL UNION, UAW          GENERAL MOTORS CORPORATION

_____          _____

_____          _____

# FORM D



General Motors Corporation

March 22, 2006

International Union, United Automobile
          Aerospace and Agricultural Implement
          Workers of America, UAW
8000 East Jefferson Avenue
Detroit, Michigan       48214

Attention:    Mr. Richard Shoemaker
               Vice President and Director
               General Motors Department

Dear Mr. Shoemaker:

During recent negotiations the parties agreed to provide mutually satisfactory retirements, as set forth in detail in the Memorandum of Understanding – GM-UAW Plants dated March 22, 2006.

Eligible employees at work at GM-UAW Plants who have attained age 50 with 10 or more years of credited service as of the day preceding the effective date of their retirement and who select the applicable Option and execute the required release will be offered a Mutually Satisfactory Retirement (MSR) under the GM-UAW Pension Plan.

In that regard, Article II, Section 2(b) of the GM-UAW Pension Plan, and the "Standards" attached to such Plan, shall be deemed to provide eligibility for MSR as early as age 50, solely for the otherwise eligible employees set forth immediately above.

info pkg gm uaw plants.DOC

# FORM D

-2-

Solely to implement the agreement described above; this letter of agreement constitutes an amendment to the GM-UAW Pension Plan and shall be construed and applied as if it were therein incorporated. All employees retiring pursuant to this letter must sign the applicable Conditions of Participation Release Form.

Very truly yours,

GENERAL MOTORS CORPORATION

Diana D. Tremblay
Vice President

Accepted and Approved:

INTERNATIONAL UNION, UNITED AUTOMOBILE,
AEROSPACE AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA, UAW

_____

_____