**No Hearing Needed**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Case No. 05-44481 (RDD) |
| | ) | |
| DELPHI CORPORATION, et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Chapter 11 |
| _____ | ) | |

**FOURTH STIPULATION BETWEEN THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND JPMORGAN CHASE BANK, N.A., AS AGENT FOR THE PRE-PETITION SECURED LENDERS, WITH RESPECT TO AN EXTENSION OF DEADLINES ESTABLISHED PURSUANT TO FINAL DIP FINANCING ORDER**

The duly-appointed Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and JPMorgan Chase Bank, N.A., acting in its capacity as administrative agent (in such capacity, the "Pre-Petition Agent", and collectively with the Committee, the "Parties") for the pre-petition secured lenders (the "Pre-Petition Secured Lenders"), hereby stipulate and agree, through their respective counsel of record, as follows:

RECITALS

A.    Pursuant to the terms and conditions of the Final Order Under 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and Fed. R. Bankr. P. 2002, 4001, and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) To Utilize Cash Collateral and (III) Granting Adequate Protection to Prepetition Secured Parties (the "Final DIP Order"), the Committee and other parties in interest were given certain deadlines by which the Committee and such parties in interest were to commence an adversary proceeding or contested matter challenging the validity, enforceability, priority or extent of the pre-petition debt and pre-petition liens of, as well

as bringing other challenges against, the Pre-Petition Secured Lenders. Unless otherwise defined herein, capitalized terms are used herein as defined in the Final DIP Order.

B.  Pursuant to paragraph 16 of the Final DIP Order, the Committee and parties in interest were given to until (i) January 16, 2006 (the "January 16 Deadline") to file an adversary proceeding or contested matter "challenging the validity, enforceability, priority or extent of the Pre-Petition Debt or the Pre-Petition Agent's or the Pre-Petition Secured Lenders' liens on the Pre-Petition Collateral" (the "Lien or Debt Actions") and (ii) April 17, 2006 (the "April 17 Deadline"; together with the January 16 Deadline, the "Deadlines") to file an adversary proceeding or contested matter (a) "seeking a determination that the Pre-Petition Debt was under-secured as of the Petition Date" (the "Value Determination") or (b) "otherwise asserting or prosecuting any Avoidance Actions or any other claims, counterclaims or causes of action, objections, contests or defenses against the Pre-Petition Agent or any of the Pre-Petition Secured Lenders or their respective affiliates, subsidiaries, directors, officers, representatives, attorneys or advisors in connection with matters related to the Existing Agreements, the Pre-Petition Debt or the Pre-Petition Collateral" (the "Claims and Defenses", and collectively with the Lien or Debt Actions and the Value Determination, the "Challenges"), unless the Deadlines were extended by order of the Court or in a writing executed by the Pre-Petition Agent in the Pre-Petition Agent's sole discretion.

C.  Pursuant to the (i) "Stipulation by and Between the Official Committee of Unsecured Creditors and JP Morgan Chase Bank, N.A., as Agent for the Pre-Petition Secured Lenders With Respect to An Extension of Deadline Established Pursuant to Final DIP Financing Order", which was approved by the Court on January 19, 2006 [Docket No. 1857], (ii) "Second Stipulation by and Between the Official Committee of Unsecured Creditors and JP Morgan Chase Bank, N.A., as Agent for the Pre-Petition Secured Lenders With Respect to An Extension of Deadline Established

Pursuant to Final DIP Financing Order", which was approved by the Court on April 28, 2006 [Docket No. 3502], and (iii) "Third Stipulation by and Between the Official Committee of Unsecured Creditors and JP Morgan Chase Bank, N.A., as Agent for the Pre-Petition Secured Lenders With Respect to An Extension of Deadline Established Pursuant to Final DIP Financing Order", which was approved by the Court on May 12, 2006 [Docket No. 3756] (collectively, the "Extension Stipulations"), the Deadlines have been, solely for the benefit of the Committee, extended to and including May 19, 2006 (the "May 19 Deadline").

D. On the terms, and subject to the limitations described below, the Parties have agreed to a further extension of the Deadlines set forth in the Final DIP Order for the Committee to bring certain Challenges described in Paragraph 3 below.

NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

1. Subject to the exclusions, limitations and retention of rights set forth in Paragraphs 2 and 3, the Committee hereby acknowledges and agrees as follows:

   a. the Pre-Petition Obligations constitute allowed secured claims against each of the Debtors set forth on Schedule 1 hereto (the "Loan Party Debtors"), not subject to counterclaim, setoff, subordination, recharacterization, defense or avoidance, for all purposes in these Chapter 11 cases and any subsequent Chapter 7 cases, except the Committee retains the right to review and contest, if necessary, the calculation of any interest payment or the reasonableness of any fees, charges or expenses charged or claimed by the Pre-Petition Agent or the Pre-Petition Secured Lenders;

   b. the Pre-Petition Agent holds as of the Petition Date, for the ratable benefit of the Pre-Petition Secured Lenders, valid, binding, perfected, enforceable first priority liens on and

security interests in the Pre-Petition Collateral, not subject to defense, counterclaim, recharacterization, subordination or avoidance for all purposes in these Chapter 11 cases and any subsequent Chapter 7 cases, but subject to the Carve-Out and the liens described in paragraph 3(b)(ii)(C) of the Final DIP Order;

      c.    subject to the Reserved Challenges (as defined below), as of the Petition Date the aggregate value of the Pre-Petition Collateral exceeds the aggregate amount of the Pre-Petition Obligations; and

      d.    except with respect to the Reserved Challenges and as set forth above in Paragraph 1.a., the Pre-Petition Obligations, the Pre-Petition Agent's and the Pre-Petition Secured Lenders' liens on the Pre-Petition Collateral, and the Pre-Petition Agent and the Pre-Petition Secured Lenders shall not be subject to any other or further Challenges by the Committee and the Committee is enjoined from seeking to exercise the rights of the Debtors' estates including, without limitation, any successor thereto (including any estate representative or a Chapter 7 or 11 trustee appointed or elected for any of the Debtors) with respect to any such Challenges.

For purposes of this Stipulation, the "Pre-Petition Collateral" is comprised of (a) the property of the Loan Party Debtors described in Section 3.1 of the Guarantee and Collateral Agreement, subject to (i) the exclusions of property set forth in the provisos contained in Section 3.1 of the Guarantee and Collateral Agreement, (ii) any limitations contained in the definitions of the defined terms used in Section 3.1 of the Guarantee and Collateral Agreement and (iii) the grant in Section 3.2 of the Guarantee and Collateral Agreement limiting the Pre-Petition Obligations secured by property constituting (x) Domestic Manufacturing Property and (y) shares of stock or indebtedness of any Manufacturing Subsidiary to the Term Loans and the A Revolving Obligations (as each such term is defined in the Guarantee and Collateral Agreement or the Pre-Petition Credit

Agreement) and (b) all real property owned by the Loan Party Debtors as set forth on Schedule 2 hereto but only to the extent of the indebtedness secured by the applicable mortgage or deed of trust or imposed by any applicable future advance statute.

2. Nothing herein shall be deemed to be a stipulation or agreement by the Committee with respect to the extent, validity, priority or perfection of any liens or security interests in, to or on any of the following personal or real property of the Loan Party Debtors (collectively, the "Non-Stipulated Property"):

    a. any and all personal property of ASEC Manufacturing General Partnership, ASEC Sales General Partnership and Specialty Electronics, Inc.;

    b. any and all personal property of the Loan Party Debtors which is subject to or covered by a certificate of title statute and/or statute, regulation or treaty of the United States that preempts Article 9 of the Uniform Commercial Code as in effect in the applicable state jurisdiction, including, without limitation, motor vehicles, trailers, boats and aircraft;

    c. any and all Copyrights (as defined in the Guarantee and Collateral Agreement) of the Loan Party Debtors;

    d. except to the extent it constitutes a Supporting Obligation, any and all Letter-of-Credit Rights of the Loan Party Debtors (as each such term is defined in the Guarantee and Collateral Agreement);

    e. any and all commercial tort claims of the Loan Party Debtors;

    f. any and all real property, and any interest therein, of the Loan Party Debtors not listed on Schedule 2 hereto and any and all leasehold interests of the Loan Party Debtors in real property; and

    g. any and all Proceeds and products of the foregoing property.

___

3. The May 19 Deadline shall be extended and changed to the date of January 18, 2007, so that the Committee, but no other party-in-interest, shall have until such date to commence Challenges, and such Challenges are expressly reserved and retained by the Committee, (collectively, the "Reserved Challenges") (i) under Sections 544 and 547 of the Bankruptcy Code to avoid any of the Pre-Petition Agent's liens on and security interests in the Non-Stipulated Property, (ii) under Sections 544(b) and 548 of the Bankruptcy Code, and/or under applicable state law, to avoid the guarantees and security interests granted by one or more of the Loan Party Debtors, other than the Borrower, to the Pre-Petition Agent and the Pre-Petition Secured Lenders, (iii) to recover pursuant to Section 550 of the Bankruptcy Code, for the benefit of the applicable Loan Party Debtor's estate, any property transferred (or the value of the property transferred) that is the subject of any Challenge under clauses (i) and (ii) of this paragraph 3 and (iv) subject to the Committee prevailing with respect to a Challenge or Challenges under clauses (i) and (ii) of this paragraph 3, (x) under Section 506 of the Bankruptcy Code to determine the value of the remaining Pre-Petition Collateral securing the Pre-Petition Obligations and whether, based upon the value of the remaining Pre-Petition Collateral, the Pre-Petition Obligations are under-secured for all purposes in these Chapter 11 cases and any subsequent Chapter 7 cases and (y) under Sections 549 and 550 of the Bankruptcy Code (or otherwise) to avoid, recharacterize and/or recover any pre-petition payments made by the Loan Party Debtors to the Pre-Petition Secured Lenders and any adequate protection payments made, or adequate protection liens or claims granted, by the Debtors pursuant to paragraph 12 of the Final DIP Order. All Challenges, except the Reserved Challenges, are hereby expressly waived by the Committee. Nothing herein shall be deemed to be a waiver by the Pre-Petition Agent or the Pre-Petition Secured Lenders of any defenses, claims or counterclaims that they may have in respect of the Reserved Challenges.

4. This extension of the May 19 Deadline to January 18, 2007 to commence a Reserved Challenge shall be solely for the benefit of the Committee. No other Person or party shall be entitled to the benefit of the extension herein.

5. The extension granted to the Committee herein may be further extended by the Pre-Petition Agent in writing in its sole discretion or by order of the Court.

Dated: May 18, 2006

WARNER STEVENS, LLP

_____
Jeffrey A. Kesler (JR-5668)
Michael D. Warner (TX Bar No. 00792304)
*Admitted Pro Hac Vice*
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
Telephone: 817.810.5250
Facsimile: 817.810.5255

*Counsel For The Official Committee Of Unsecured Creditors*

Dated: May 18, 2006

SIMPSON THACHER & BARTLETT LLP

_____
Kenneth S. Ziman (KZ-2486)
Robert Trust (RT-6660)
425 Lexington Avenue
New York, NY 10017-3954
Telephone: 212.455.2000
Facsimile: 212.455.2502

*Counsel For JPMorgan Chase Bank, N.A., as Administrative Agent*

### ORDER

IT IS SO ORDERED in New York, New York, this _____ day of May, 2006.

_____
Honorable Robert D. Drain
United States Bankruptcy Judge

SCHEDULE 1

## Delphi Loan Parties

Delphi Corporation
ASEC Manufacturing General Partnership
ASEC Sales General Partnership
Aspire, Inc.
Delco Electronics Overseas Corporation
Delphi Automotive Systems (Holding), Inc.
Delphi Automotive Systems Global (Holding), Inc.
Delphi Automotive Systems LLC
Delphi Automotive Systems Risk Management Corp.
Delphi Automotive Systems Services LLC
Delphi Automotive Systems Tennessee, Inc.
Delphi Automotive Systems Thailand, Inc.
Delphi China LLC
Delphi Connection Systems
Delphi Diesel Systems Corp.
Delphi Electronics (Holding) LLC
Delphi Integrated Service Solutions, Inc.
Delphi International Holdings Corp.
Delphi International Services, Inc.
Delphi Liquidation Holding Company
Delphi Mechatronic Systems, Inc.
Delphi Medical Systems Colorado Corporation
Delphi Medical Systems Corporation
Delphi Medical Systems Texas Corporation
Delphi NY Holding Corporation
Delphi Services Holding Corporation
Delphi Technologies, Inc.
Environmental Catalysts, LLC
Exhaust Systems Corporation
Packard Hughes Interconnect Company
Specialty Electronics, Inc.

SCHEDULE 2

| Site | Div | Plant Name | Address | City | Filing Jurisdiction | State | Delphi Entity |
|---|---|---|---|---|---|---|---|
| 278 | TI | Adrian | 1450 East Beecher Street, | Adrian | Lenawee County | MI | Delphi Automotive Systems, LLC |
| 287 | EC | Coopersville | 999 Randall Road, | Coopersville | Ottawa County | MI | Delphi Automotive Systems, LLC |
| 299 | EC | Grand Rapids | 2100 S.E. Burlingame, | Wyoming | Kent County | MI | Delphi Automotive Systems, LLC |
| 318 | EC | Saginaw | 2328 East Genesee Street, | Saginaw | Saginaw County | MI | Delphi Automotive Systems, LLC |
| 320 | S | Plant 3 | 3900 East Holland Road, | Saginaw | Saginaw County | MI | Delphi Automotive Systems, LLC |
| 295 | AHG | Flint East | 1300 Dort Highway, | Flint | Genesee County | MI | Delphi Automotive Systems, LLC |
| 284 | P | Clinton Complex Plant 21, 22, 24 | 1001 Clinton Industrial Park, | Clinton | Hinds County | MS | Delphi Automotive Systems, LLC |
| 286 | TI | Columbus | 200 Georgesville Road, | Columbus | Franklin County | OH | Delphi Automotive Systems, LLC |
| 288 | P | Plant 45 Cortland | 500 Mecca Road, | Cortland | Trumball County | OH | Delphi Automotive Systems, LLC |
| 290 | AHG | Home Avenue | 2701 Home Avenue, | Dayton | Montgomery County | OH | Delphi Automotive Systems, LLC |
| 304 | AHG | Kettering | 2000 Forrer Boulevard, | Kettering | Montgomery County | OH | Delphi Automotive Systems, LLC |
| 316 | P | Plant 7 Rootstown | 5245 South Prospect Street, (Rootstown Twshp) | Ravenna | Portage County | OH | Delphi Automotive Systems, LLC |
| 321 | EC | Sandusky | 2509 Hayes Avenue, | Sandusky | Erie County | OH | Delphi Automotive Systems, LLC |
| 325 | TI | TI Manufacturing | 480 N. Dixie Drive, | Vandalia | Montgomery County | OH | Delphi Automotive Systems, LLC |
| 325 | EC | 250 Northwoods Blvd. | 250 Northwoods Blvd., | Vandalia | Montgomery County | OH | Delphi Automotive Systems, LLC |
| 328 | P | Plant 10 | North River & Larchmont Avenue, | Warren | Trumball County | OH | Delphi Automotive Systems, LLC |
| 311 | EC | Milwaukee Operations | 7929 South Howell Avenue, | Oak Creek | Milwaukee County | WI | Delphi Automotive Systems, LLC |