Marianne Goldstein Robbins
Previant, Goldberg, Uelmen,
 Gratz, Miller, & Brueggeman, s.c.
1555 N. RiverCenter Drive - Suite 202
Milwaukee, WI 53212
Telephone:    (414)   271-4500
Facsimile:    (414)   271-6308

Attorneys for IBEW Local 663 and
IAMAW District 10

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| **DELPHI CORPORATION, et al.,** | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF DONALD L. GRIFFIN**

I, DONALD L. GRIFFIN, declare:

1.    I submit this Supplemental Declaration in support of IBEW Local 663 and IAMAW District 10's Objection to Debtor's Motion to Reject Collective Bargaining Agreements and to Modify Retiree Benefits.  I have personal knowledge of the facts set forth in this Supplemental Declaration and, if called as a witness, could and would competently testify to all the facts stated herein.

2.    I have reviewed the Declaration of Rob Gerling submitted in support of Debtor's Section 1113 and 1114 motions herein.  I became a business representative for District 10 since November 21, 2006.  Since then, although I am chief spokesperson for the Delphi bargaining unit represented by the IAMAW,  Mr. Gerling did not contact me concerning a meeting with the IAM

in November 2005, nor did I receive any communication from my predecessor, Henry Mevis, concerning such a meeting. I have contacted members of the IAM and the committee members all state that they did not meet with Rob Gerling during November 2005.

3.   I did receive contact from Mr. Gerling in late December 2005, informing me of the December 19 press release. I did not focus on the announcement in the press release that the November 2005 proposal and whether that announcement applied to the proposal submitted to the IAMAW. However, I understood that the Company intended to meet with the IAMAW after it had reached a tentative agreement with the UAW. Thus, if the November proposal was withdrawn as to the UAW, I did not expect to receive any contact from Mr. Gerling until a new proposal had been submitted to them and bargaining had progressed to a tentative agreement and, therefore, did not prepare a counter-proposal.

4.   I and the IAMAW committee met with Mr. Gerling and other Delphi representatives together with IBEW Local 663's bargaining committee on April 20 and 21, 2006. Both meetings were limited to information sharing and the Union's submission of a counterproposal. On April 21, 2006, the Company provided some information concerning its health benefit proposal for active employees and its pension proposal. There were a number of items of information even on these issues which were not available and which were promised to us at a later date. The Unions submitted a counterproposal to the Company at the end of the meeting on the 20th and Mr. Gerling promised to review it and ask any questions he had the following day.

5.   On the following day, April 21, 2006, Mr. Gerling asked his questions, but then indicated that he did not believe further progress could be made at that time. Although the Unions asked Mr. Gerling for a date on which the parties could meet again, he could not provide us with the

date. He stated that he understood the Unions needed an attrition package which had been promised, as well as responses to other outstanding information requests. He promised to contact Randy Middleton on Monday or Tuesday to set up a meeting. Mr. Gerling suggested that the next meeting be in Troy, Michigan. I indicated to him that I would need at least my committee chairman present for any such meeting.

6. I did not hear back from Mr. Gerling concerning scheduling a bargaining session nor did I receive an attrition package or a counterproposal to the Unions' counterproposal at any time prior to the commencement of the Section 1113 and 1114 hearing on May 9, 2006.

7. I did meet with Mr. Gerling and Randal Middleton on Thursday, May 11, 2006, at which time Mr. Gerling provided a proposed an attrition package. We asked whether this package would be provided to our units, whether or not General Motors provided funding. It was my understanding that Mr. Gerling would get back to us on this question as well as others we raised concerning the proposal.

8. The IAMAW has had many outstanding information requests dating back to November 2005, as well as more recent information requests made in April and May 2006. Some of this information was received by the IAW in May 2006. I and my committee are in the process of reviewing that information, but it appears that a substantial amount of information remains outstanding, including information concerning the compensation package and concessions, if any, made by salaried employees, what wage surveys have been prepared relative to skilled employees and salaried employees and the costing of various proposals to the IAMAW.

9. Exhibits 159, 160, 161 and 163 are labor agreements which cover classifications similar to those represented by the IAMAW at Delphi. A chart comparing some of the wages and

some of the fringe benefits provided by Delphi under the Unions' counterproposal and these employers are found on Exhibit 164. These exhibits show that with the Unions' counterproposal, wages and fringe benefits provided by Delphi are just comparable to those provided by other employers in the Milwaukee area, employing individuals with similar skills.

10. I have been informed by management representatives that the Company has found it difficult to recruit employees for the IAMAW bargaining unit.

11. Since May 9, 2006, IBEW and IAM have met with Delphi on several occasions. The Company, however, has not provided us with a definite proposal on wages or benefits for active employees or retirees since the proposals they have made on these issues, according to the company, are contingent on General Motors' financial support. Delphi's proposals make references to eliminating understandings and agreements which are not identified. We have asked the company to identify its agreements. However, to date we have not received identification on these agreements.

12. On or about May 18, 2006, we received answers to questions we had asked in November. In many cases, the answer was that the information was not available. We specifically had asked for the unidentified agreements which the company proposes to eliminate. The company has not provided this information either.

13. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of May, 2006

/s Donald L. Griffin
DONALD L. GRIFFIN

G:\DOCS\ELE663\71259\M0147445.WPD