UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
                                                                     :
In re:                                                               :     Chapter 11
                                                                     :
       DELPHI CORPORATION, *et al.,*                       :     Case No. 05-44481 (RDD)
                                                                     :     (Jointly Administered)
                      Debtors.                   :
                                                                     :
-------------------------------------------------------------------- x

### AMENDED ORDER GRANTING IN PART AND DENYING IN PART MOTION OF UAW TO LIMIT PARTICIPATION IN THE HEARING ON DELPHI'S SECTION 1113 AND SECTION 1114 MOTION

Upon the motion, dated April 27, 2006 (the "Motion"), of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW") for an order, pursuant to 11 U.S.C. §§ 1113(d)(1) and 1114(k)(1), limiting participation in the hearing on the motion of the above-captioned debtors and debtors-in-possession (the "Debtors"), under 11 U.S.C. §§ 1113 and 1114, to reject various collective bargaining agreements and modify retiree benefits (the "Rejection Motion"); and the Court having considered the Motion and (x) the objections of (a) Wilmington Trust Company, as Indenture Trustee; (b) shareholders Appaloosa Management, L.P., Wexford Capital LLC, Pardus Capital Management L.P. and Lampe Conway & Co., LLC; (c) the Official Committee of Unsecured Creditors; and (d) Mercedes-Benz U.S. International, Inc.; (y) the limited objection of the *ad hoc* trade claims committee; and (z) the Debtors' response to the Motion; and the Court having held a hearing on the Motion on May 9, 2006 and considered the arguments and statements of the foregoing objectors and the Official Committee of Equity Security Holders (with the foregoing objectors, the "Objectors"), the Debtors and UAW; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation

-2-

thereon; and for the reasons set forth in the Court's bench ruling attached as Exhibit A hereto, it is hereby

ORDERED, that the Motion is granted in part and denied in part as set forth herein; and it is further

ORDERED, each Objector has standing to be heard on the Rejection Motion; *provided*, that, subject to the Court's inherent power to manage litigation, the Objectors may offer evidence and examine witnesses in respect of whether, generally, the Debtors have satisfied the requirements of 11 U.S.C. § 363(b) with respect to proposed actions out of the ordinary course (but not, specifically, whether the Debtors have satisfied the requirements of 11 U.S.C. §§ 1113 and 1114), including whether the Rejection Motion is supported by good business judgment; and it is further

ORDERED, that, subject to the Court's inherent power to manage litigation, each Objector may participate in legal argument on the Rejection Motion.

Dated: New York, New York
      May 26, 2006

                                    /s/ Robert D. Drain
                             UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
Case No. 05-44481
- - - - - - - - - - - - - - - - - - - -x
In the Matter of:

DELPHI CORPORATION, et al.

    Debtors.

- - - - - - - - - - - - - - - - - - - -x

       United States Bankruptcy Court
       One Bowling Green
       New York, New York

       May 9, 2006
       10:18 A.M.

B E F O R E:
HON. ROBERT D. DRAIN
U.S. BANKRUPTCY JUDGE


Hearing re Motion to Authorize Motion for Order Under 11 U.S.C.

Section 1113(c) Authorizing Rejection of Collective Bargaining

Agreements and Under 11 U.S.C. Section 1114(g) Authorizing

Modification of Retiree Welfare Benefits


Hearing re Statement/Expert Report of Thomas A. Kochan in

Opposition to Debtors' Motion for Order Under 11 U.S.C. Section

1113(c) Authorizing Rejection of Collective Bargaining

Agreements and Under 11 U.S.C. Section 1114(g) Authorizing

Modification of Retiree Welfare Benefits

Hearing re Motion to Authorize Motion for Order Under 11 U.S.C. Section 1113(c) Authorizing Rejection of Collective Bargaining Agreements and Under 11 U.S.C. Section 1114(g) Authorizing Modification of Retiree Welfare Benefits

Hearing re Motion to Dismiss Party/Limit Participation in the Hearing on Delphi's Section 1113 and Section 1114 Motion

Reply to Motion Omnibus Reply of UAW in Support of Motion to Limit Participation in the Hearing on Delphi's Section 1113 and Section 1114 Motion

Notice of Hearing/Proposed 1113/1114 Hearing Agenda

Hearing re Motion to Authorize Motion for Order Under 11 U.S.C. Section 1113(c) Authorizing Rejection of Collective Bargaining Agreements and Under 11 U.S.C. Section 1114(g) Authorizing Modification of Retiree Welfare Benefits

Declaration of Kevin M. Butler in Support of Delphi's Motion for Authority to Reject Collective Bargaining Agreements Under 11 U.S.C. Section 1113(c) and Modify Retiree Welfare Benefits Under

11 U.S.C. Section 1114(g)

Declaration of Randal A. Middleton

Objection to Motion

Declaration of Donald L. Griffin

**[Pages after this point in the transcript and before the Court's ruling are omitted]**

THE COURT:  Okay.  Thank you.  All right.  I have a motion in front of me a motion by the UAW to limit the standing of various parties to be heard on the debtors' pending motion to reject not only the collective bargaining agreement with the UAW but a number of other unions, as well.

Generally speaking, under Section 1109(b) of the Bankruptcy Code, a party in interest, which the statute expressly states includes not only the debtor but also an official creditors' committee, an official equity committee, a creditor and an equity security holder (and all of the objectors to the UAW's motion fall into those categories), or any indenture trustee (which applies to Wilmington Trust, one of the objectors), "may raise and may appear and be heard on any issue in a case under Chapter 11."

In <u>In re Caldor Corporation</u>, 303 F.3d 161 (2d Cir.

-6-

2002), the Second Circuit broadly interpreted Section 1109 and applied it even to adversary proceedings, noting, among other things, that it was not particularly moved by the argument that by so reading the statute, it would be rendering adversary proceedings unmanageable.  The Second Circuit stated that, to the contrary, a Court should be able to develop procedures to the extent they're necessary to manage the conduct of the case to permit the issues that were actually at issue in the proceeding to be developed in an efficient fashion.

The UAW relies upon a different provision of Chapter 11 to limit and, in fact, eliminate the general right to be heard under Section 1109(b).  That provision is Section 1113(d)(1) of the Bankruptcy Code, which provides, in relevant part, that "all interested parties may appear and be heard" at the hearing on a debtor's motion to reject a collective bargaining agreement.

Simply on its face, Section 1113(d)(1) does not appear to restrict standing.  It merely provides that all "interested parties" may appear and be heard.  And it is argued, I think cogently, by the objectors that to read this provision of the Code to be in conflict with another provision of the Code, Section 1109(b), the Court, absent some other reason, would need to see more evidence of congressional intent to override Section 1109(b)'s generally broad grant of standing.  That argument also

-7-

is consistent with Bankruptcy Rule 2018(a), which provides that even with regard to those who are not expressly "parties in interest," the phrase used in 1109(b), "interested entities" may under proper circumstances have standing in respect of particular matters before the Court.  That suggests that the phrase in Section 1113(d)(1) is actually a broader grant of standing than 1109(b), a point that I believe is echoed by *Collier* at 7 Collier on Bankruptcy ¶ 1009.03, which states that although the concept of a "party in interest" is necessarily broad, it was not intended to include literally every entity that may be involved in or affected by Chapter 11 proceedings, and that Congress has specifically provided in some circumstances, including under Bankruptcy Rules 2018(a) and 2018(b) (which pertains to unions) for "interested entities" to appear even if they were not technically "parties in interest" on particular matters.

Notwithstanding that reading, the Seventh Circuit in In Re UAL Corp., 408 F.3d 847 at 851 (7th Cir. 2005), has taken a restrictive reading of Section 1113(d), although I noted it gave very short shrift to Section 1109(b) and did not consider Bankruptcy Rule 2018 at all in its opinion and, apparently, relied in large measure, if not entirely, on the argument that a more expansive grant of standing would, in the Seventh Circuit's view, render the hearing under Section 1113 unmanageable because

of the number of participating entities, or potentially participating entities which, as I noted earlier, is a point that the Caldor Court and others have found not to be controlling with regard to issues of standing generally in bankruptcy under Section 1109.  See, generally, 7 *Collier* on Bankruptcy, ¶ 1109.04[3][c].

Obviously, I take the views of the Seventh Circuit seriously and I do believe, having studied the opinion closely as well as a related opinion in the United Air Lines case, appearing at 443 F3d. 565 (7th Cir. 2006), that in two respects limitation of third parties' standing is appropriate in connection with a motion to reject under Section 1113.

The first limiting respect is really one that doesn't particularly apply across the board, and it pertains to the unusual facts that appeared in the UAL case relied upon by the UAW, appearing at 408 F.3d 847.  In that case, the Seventh Circuit made it clear that the party who was seeking standing, Independent Fiduciary Services, Inc., "acknowledged that its capacity would be administrative only-- to ensure collection of all sums due, and their correct distribution under the [benefit] plans' terms, but not to take any position on whether those terms should be altered."  Id. at 849.  Given that contractual agreement by Independent Fiduciary Services, the party whose standing was denied in UAL, I would completely agree with the

result in the UAL case, which is that that party had no basis for being heard on a Section 1113 motion on the merits.  They performed a fully administrative function, and had agreed not to take a position on whether the benefit plans' terms should be modified.  Other parties that have agreed that the union is the sole bargaining unit also have been appropriately limited in their standing under Section 1113, at least as to the give-and-take negotiating role contemplated by section 1113.  See In re UAL Corp., 443 F.3d at 565 (although that decision recognized the separate requirement of approval under section 363(b) of the Bankruptcy Code of a modification of the collective bargaining agreement, presumably with third parties' standing to be heard on those issues.  Id.).  See also, Wein Air Alaska, Inc. v. Bacher, 865 F.2d 1106, 1110-1111 (9th Cir. 1989).

      Secondly, and more importantly, in connection with any issue regarding standing, the Court has to consider first and foremost the context of the matter before it.  Here, the matter before me is a request by the debtors for authority to reject their various collective bargaining agreements under Section 1113 of the Code, as well as authority to alter related benefits under Section 1114.  Those two statutes are clearly unusual provisions of the Code enacted by Congress to vary the normal rules for rejecting executory contracts under Section 365.  In particular, Section 1113 lays out a construct that expressly

-10-

encourages in various ways collective bargaining, both before the hearing commences after the hearing starts and up until the point that the Court rules. It also provides for an elaborate mechanism of proof to establish that the agreement should be rejected, or not.

In that context, where Congress has clearly set up a dynamic where the union and the debtor are directed to negotiate or act at their peril, it is, as found by the second UAL Corporation case, not appropriate to let other parties intrude upon the negotiations (the specific result in In re UAL Corp., 443 F.3d 565)-- the one caveat being, I suppose, if the debtor, for some reason, laid down on the job, in which case, I believe, some other party might well be authorized to pick up the mantle, which was in fact the holding in In Re Parrot Packing Company, Inc., 42 B.R. 323, 330 (N.D. Ind. 1983).

Thus, I believe that with regard to the various elements that need to be shown to support rejection of a collective bargaining agreement, the focus should be on the debtor's case vis-a-vis the union and vice versa.

Some of the objectors have argued that they could make their own case under the various factors required under Section 1113 to be shown before a collective bargaining agreement may be rejected, including, specifically, the tests that the modifications be necessary and that the proposal and the result

-11-

be fair and equitable. I believe, however, that that aspect of the litigation should, first and foremost, and perhaps exclusively, be done by the debtor on one side and the unions on the other.  However, having said that, I believe that the objectors each have standing to be heard on the debtors' motion.  In this respect, ultimately, it is a motion to reject agreements and that is a decision that, in most cases and clearly in this case, is one that's out of the ordinary course and affects the rights of all of the parties in this case.  The official committees have fiduciary duties to investigate and consider whether the debtors' decision to reject and to pursue a specific course in determining rejection is the proper course of action here.  As Mr. Rosenberg said, the creditors' committee has, properly, conducted extensive due diligence on that decision and on the process and it has a right to be heard, as does any party in interest on that decision.  However, I believe that decision is justified vis-a-vis the estate, generally, and parties in interest, generally, on a business judgment standard under the Second Circuit's <u>Orion Pictures</u> and <u>Lionel</u> cases.

And that is the issue, I believe, that the objectors or those supporting the decision can weigh in on.  It may be that they are entitled on that basis to submit evidence, but necessarily it will be more of a limited nature, which is on the bona fide basis for a decision at this time to reject the

-12-

agreement or agreements.

That's how I harmonize Sections 1113(d) and 1109(b) in light of the principles and purposes of Section 1113. Whether it's an absolute statutory bar or more rather an interest analysis coupled with my inherent power to manage the litigation in front of me, I think that's the proper result.

Most of the objectors simply want to preserve their right to comment, having done their due diligence. Indeed, one of the objectors, I think, will drop out: that is, the ad hoc trade committee, now that they realize that their issue is not being determined in this motion, which is, again, simply one to seek permission to reject a collective bargaining agreement. The motion doesn't establish the validity of their claims or their clients' claims.

The objectors who oppose the relief sought by the debtors here will have to decide whether and in what respect they want to present evidence and/or cross-examine witnesses. But, again, I will let them do so only insofar as it pertains to the debtors' business judgment to reject as opposed to all of the factors laid out in Section 1113.

So, Ms. Ceccotti, you can submit an order to that effect.

-13-