SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|                          |   |                          |
| :                        |   |                          |
| In re                    | : | Chapter 11               |
| :                        |   |                          |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| :                        |   |                          |
| Debtors.                 | : | (Jointly Administered)   |
| :                        |   |                          |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STIPULATION AND AGREED ORDER BETWEEN DELPHI
CORPORATION, ET AL. AND FLEXTRONICS INTERNATIONAL
ASIA-PACIFIC LTD, ET AL. REGARDING ADEQUATE
PROTECTION OF PREPETITION SETOFF RIGHTS

**WHEREAS,** on October 8, 2005 (the "Initial Filing Date"), Delphi Corporation ("Delphi") and certain of its U.S. subsidiaries (the "Initial Filers") filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

**WHEREAS**, on October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, collectively, the "Debtors") filed voluntary petitions in the Bankruptcy Court for reorganization relief under the Bankruptcy Code; and

**WHEREAS,** the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;  and

**WHEREAS,** the Bankruptcy Court entered orders directing the joint administration of the Debtors' chapter 11 cases (Docket Nos. 28 and 404);  and

**WHEREAS,** on October 17, 2005, the Office of the United States Trustee appointed an official committee of unsecured creditors;  and

**WHEREAS**, no trustee or examiner has been appointed in the Debtors' cases;  and

**WHEREAS**, the Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2);  and

**WHEREAS,** on October 28, 2005, the Bankruptcy Court entered a final order authorizing the Debtors to, among other things, obtain postpetition financing, utilize cash collateral, and grant adequate protection to prepetition secured parties (the "Final DIP Order");  and

**WHEREAS,** the Debtors and Flextronics International Asia-Pacific Ltd. and certain of its affiliates (collectively, "Flextronics" and together with the Debtors, the "Parties") are parties to numerous purchase orders and/or agreements (collectively, the "Agreements") pursuant to which Flextronics manufactures and supplies various products to the Debtors; and

**WHEREAS,** Flextronics has received payments (including of the Flextronics Pre-Petition Receivable (as defined below)) under a guaranty provided by a foreign non-Debtor affiliate of the Debtors for pre-Initial Filing Date amounts due to Flextronics under the Agreements (the "Guaranty Payments"); and

**WHEREAS**, prior to the Petition Date, one or more of the Debtors owed Flextronics $6,713,037 on account of products delivered to the Debtors prior to the Initial Filing Date (the "Flextronics Prepetition Receivable") and Flextronics owes one or more of the Debtors $5,884,967 in total on account of prepetition overpayments and price reductions (the "Flextronics Prepetition Payable");  and

**WHEREAS**, Flextronics has agreed to pay the Flextronics Prepetition Payable to the Debtors pursuant to this stipulation (the "Stipulation") preserving the respective rights of Flextronics and the Debtors as they existed immediately prior to the Initial Filing Date; and

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereto hereby stipulate and agree as follows:

1.      Flextronics agrees to pay the Flextronics Prepetition Payable to the Debtors within five (5) business days of the Effective Date (as defined below).  As adequate protection for any setoff rights Flextronics may have with respect to the Flextronics' Prepetition Payables in the event Flextronics must return any portion of the Guaranty Payments, the Debtors agree that Flextronics shall be entitled to exercise its prepetition setoff rights, if any, against any postpetition payables owing to the Debtors and that Flextronics shall be entitled to the adequate protection provided in the Final DIP Order to parties who have not exercised their setoff rights.  Such exercise, if any, by Flextronics shall for all purposes be treated as if Flextronics had not made any payments to the Debtors with respect to the Flextronics Prepetition Payable.  Further, in the event that Flextronics has no postpetition payables owing to, or to be owing to, the Debtors against which to exercise any unresolved setoff rights, the Debtors shall pay Flextronics an amount equal to its setoff right up to the Flextronics Prepetition Payable within ten (10) business days of the effective date of a plan of reorganization in the Debtors' chapter 11 cases.

2.      The Parties agree that in the event that Flextronics has to disgorge any portion of the Guaranty Payments, Flextronics shall have a claim against the Debtors in the amount of such disgorged amount and Flextronics' setoff rights with respect to such disgorged amount shall be preserved and shall in no way be prejudiced as a result of Flextronics payment of the Flextronics Prepetition Payable to the Debtors.

3.      Nothing contained herein constitutes any waiver of any right of the Debtors or any other party-in-interest to examine and/or object to any setoff right exercised by Flextronics with respect to any postpetition payable, and that the Parties retain all of their other rights, claims, and defenses with respect to any setoff right exercised by Flextronics.

4.      This Stipulation shall not be modified, amended, or terminated, nor any of its provisions waived, except by an agreement in writing signed by all of the Parties.

5.      The covenants, agreements, terms, provisions, and conditions contained in this Stipulation shall be binding upon, and inure to the benefit of, the Parties and their respective legal representatives, predecessors, successors, and assigns, including any trustee appointed in these chapter 11 cases.

6.      It is expressly understood and agreed that the terms hereof, including the recital paragraphs, are contractual;  that the agreement herein contained and the consideration transferred hereunder is to compromise the Demand and to avoid litigation;  and that no statement made herein, payment, release, or other consideration given shall be construed as an admission by the Parties of any kind or nature whatsoever.

7.      This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter herein and supersedes all other prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof.

8.      The signatories below represent that they are authorized to enter into this Stipulation.

5

9.      This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

10.      This Stipulation constitutes an agreement between the Parties hereto and shall be effective immediately upon its approval by the Bankruptcy Court and its entry on the docket; provided, that no objection to, or appeal of, this Stipulation has been filed (the "Effective Date").

**[concluded on following page]**

11.    The Bankruptcy Court shall retain original and exclusive jurisdiction over the Parties to interpret and enforce the terms of this Stipulation and to resolve any disputes in connection herewith.

Dated:  New York, New York
        April 12, 2006

SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP

John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By:  s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

CURTIS, MALLET-PREVOST, COLT &
    MOSLE LLP

By:  s/ Steven J. Reisman
    Steven J. Reisman (SR 4906)
101 Park Avenue
New York, New York 10178
(212) 696-6065

Attorneys for Flextronics International
    Asia-Pacific Ltd.

LATHAM & WATKINS, LLP

By:  _s/ Mark Broude_____

   Mark Broude (MB 1902)
885 Third Avenue
New York, New York 10022-4834
(212) 906-1200


Counsel to the Official Committee of Unsecured
Creditors, et al.

**SO ORDERED** this 30th day of
May 2006 in New York, New York


/s/Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE