**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| DELPHI CORPORATION, <u>et al.</u>, ) | Case No. 05-44481 (RDD) |
| ) | |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |

**ORDER AUTHORIZING EMPLOYMENT AND
RETENTION OF BUCK CONSULTANTS, LLC AS PENSION AND BENEFITS
ACTUARY FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

This matter coming on to be heard on the Application (the "Application")[1] for an Order Authorizing and Approving the Employment and Retention of Buck Consultants, LLC ("Buck") as Pension and Benefits Actuary for the Official Committee of Unsecured Creditors (the "Committee") pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), <u>nunc pro tunc</u> to January 23, 2006; the Court having reviewed the Application and the Affidavit of Mary P. Mitchell and the Supplemental Affidavit of Mary D. Mitchell (the "Mitchell Affidavits") and having heard the statements of counsel in support of the relief requested therein at a hearing thereon (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) said firm does not hold or represent any interest materially adverse to the Debtors, any creditors of the Debtors, the U. S. Trustee for this District or any person employed in the U. S. Trustee's office, or any other party in interest with respect to the matters upon which said firm is to be engaged, (d) said firm is a "disinterested person" and has no adverse interest in connection with these cases as contemplated by the

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Application.

NY\1132674.3

Bankruptcy Code, and (e) such retention is in the best interests of the Committee; the Court finding that notice of the Application given by the Committee was sufficient under the circumstances; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Application, the Mitchell Affidavits and at the Hearing on the Application establish just cause for the relief herein granted;

IT IS HEREBY ORDERED THAT:

1. The employment and retention of Buck, as pension and benefits actuary for the Committee shall be, and the same hereby is, approved pursuant to the terms set forth in the Application, effective as of January 23, 2006.

2. The compensation to be paid to Buck for services rendered and reimbursement of expenses incurred on behalf of the Committee shall be fixed by the Court upon appropriate application therefor in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders or procedures fixed by this Court. Buck's fees and out-of-pocket expenses in these cases shall be subject to the standard of review set forth in section 330 of the Bankruptcy Code.

3. The indemnification provisions set forth in the Application are hereby approved, subject to the following:

    a) All requests of Buck or any of the Indemnified Persons for payment of indemnity claims shall be made by means of a fee application (interim or final as the case may be) and shall be subject to review by this Court to ensure that payment of any such indemnity claims conform to the terms of this Application and is reasonable based on the circumstances of the litigation or settlement in respect of which such indemnity is sought.

    b) In no event shall Buck or any of the Indemnified Parties be indemnified if a court determines by a final order that such claim for indemnification arose out of Buck's or such Indemnified Party's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

2

NY\1132674.3

    c) In the event that Buck or any of the Indemnified Persons seek reimbursement for attorneys' fees from the Debtors pursuant to this Application, the invoices and supporting time records from such attorneys shall be included in fee applications filed with the Court, and such invoices and time records shall be subject to the Office of the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of this Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

4.     Buck shall refund to the Debtor Packard Hughes Interconnect the $20,678 payment refund referred to in the Mitchell Affidavits.

5.     The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:   New York, New York
          May <u>30</u>, 2006

                                          <u>/s/Robert D. Drain            </u>
                                          UNITED STATES BANKRUPTCY JUDGE

NY\1132674.3