UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                         :    Chapter 11
                                          :
DELPHI CORPORATION, <u>et al.</u>,        :    Case No. 05-44481 (RDD)
                                          :
                           Debtors.        :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 363(b) AND FED. R. BANKR. P. 6004 AUTHORIZING
<u>DEBTORS' ENTRY INTO AGREEMENTS WITH BOOZ ALLEN HAMILTON INC.</u>

("BOOZ ALLEN ORDER")

Upon the motion, dated April 21, 2006 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 authorizing the Debtors' entry into and performance under certain agreements with Booz Allen Hamilton Inc. ("Booz Allen"); and there being no objections to the Motion; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.     The Motion is GRANTED.

2.     The Debtors are authorized, but not directed, to enter into and fully perform under their agreement with Booz Allen for the second phase (the design phase) of the

Debtors' SG&A restructuring program (the "Booz Allen Agreement"), including making all payments due to Booz Allen pursuant to the Booz Allen Agreement.

       3.      The Debtors shall provide to a designated representative of the financial advisor retained by the Official Committee of Unsecured Creditors (the "Creditors' Committee") information regarding the reconciliation of Booz Allen's actual out-of-pocket expenses to billed expenses and the analyses used to determine whether Booz Allen is entitled to receive either or both of (a) its withheld fees and (b) any additional fees, as provided in the Booz Allen Agreement (the "Earn-Out Analysis"). As soon as Delphi and Booz Allen have reached agreement regarding the Earn-Out Analysis, the Debtors shall submit the Earn-Out Analysis to the financial advisor retained by the Creditors' Committee, Mesirow Financial Consulting LLC, 666 Third Avenue, 21st Floor, New York, New York 10017 (Att'n Larry H. Lattig and Ben Pickering) by facsimile, overnight delivery, or hand delivery. The Creditors' Committee shall have an opportunity to object to the Earn-Out Analysis in accordance with the same procedures provided in paragraphs 4(b) and 4(c) below with respect to the Implementation Agreement. No other further notice of the Earn-Out Analysis shall be required.

       4.      The Debtors are further authorized, but not directed, in the exercise of their business judgment, to enter into an agreement with Booz Allen for the implementation phase of the SG&A restructuring program (the "Implementation Agreement") and to pay Booz Allen under that agreement, without further court approval but subject to the following procedures (the "Procedures"):

    (a)    As soon as Delphi and Booz Allen have reached agreement regarding Booz Allen's role in the implementation phase, the Debtors shall submit the Implementation Agreement to (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard, Esq.) and (ii) counsel for the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022-4802 (Att'n: Robert J.

Rosenberg, Esq.) (the "Notice Parties").  The Implementation Agreement shall be served by facsimile, overnight delivery, or hand delivery.

   (b) The Notice Parties shall have ten business days following initial receipt of the Implementation Agreement to object to or request additional time to evaluate the Implementation Agreement.  Any objections shall be submitted in writing to counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., Esq.) and counsel for Booz Allen, Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, New York 10112 (Att'n: Howard Seife, Esq.).  If counsel to the Debtors and counsel to Booz Allen receive no written objection or written request for additional time prior to the expiration of such ten business day period, the Debtors shall be authorized to enter into and perform their obligations under the Implementation Agreement.

   (c) If a Notice Party objects to the proposed Implementation Agreement within the proscribed ten business day period, the Debtors and such objecting Notice Party shall meet and confer in an attempt to negotiate a consensual resolution of the objection.  Should either party determine that an impasse exists, the Debtors shall move the Bankruptcy Court for authority to enter into the Implementation Agreement upon notice to the objecting party and other parties-in-interest in accordance with the terms of the Third Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered April 20, 2006 (Docket No. 3293).

  5. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

  6. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
   May  30, 2006

          /s/Robert D. Drain
          UNITED STATES BANKRUPTCY JUDGE