UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                      :

In re:                               :

                                 :       Chapter 11

DELPHI CORPORATION, et al.,        :       Case No. 05-44481 [RDD]

                                 :

                      Debtors.     :       Jointly Administered

                                 :

----------------------------------------------------------------x

## SETTLEMENT AGREEMENT

Furukawa Electric North America APD, Inc. ("Furukawa") and Delphi Automotive

Systems, Inc. ("DAS") together with its co-debtors ("Delphi"), hereby agree:

WHEREAS, on October 4, 2005 Delphi sent a payment by EFT ("Electric Funds

Transfer") to Furukawa in the amount of $2,826,506.66 (hereafter, the "Payment"); and

WHEREAS, On October 8, 2005 (the "Initial Filing Date"), DAS and its co-debtors, each

filed voluntary petitions in the United States Bankruptcy Court for the Southern District of New

York (the "Bankruptcy Court") for reorganization relief under Chapter 11 of the Bankruptcy

Code.  On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the

Initial Filers, collectively, the "Debtors") filed voluntary petitions in this Court for reorganization

relief under Chapter 11 of the Bankruptcy Code; and

WHEREAS, the Debtors continue to operate their businesses and manage their properties

as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The

Bankruptcy Court entered Orders directing the joint administration of the Debtors' chapter 11

cases (Docket Nos. 28 and 404); and

WHEREAS, on October 17, 2005, the United States Trustee for the Southern District of

New York appointed an official committee of unsecured creditors (the "Committee") in these

1

cases, which is represented by Latham & Watkins.  No trustee or examiner has been appointed; and

WHEREAS, as of the Initial Filing, Furukawa was holding but had not applied the Payment to invoices due and owing from Delphi to Furukawa; and

WHEREAS, on or about December 15, 2005, Furukawa filed a Motion for Relief from Stay to permit the set-off of the Payment against pre-petition invoices (the "Invoices") due and owing from Delphi to Furukawa; and

WHEREAS, Delphi opposed Furukawa's Motion for Relief from Stay; and

WHEREAS, by an Order dated March 3, 2006, (the "March 3 Order") the Bankruptcy Court denied Furukawa's Motion for Relief from Stay, but did not direct Furukawa to return the Payment to Delphi; and

WHEREAS, after entry of the March 3 Order, Delphi asserted that the Payment is avoidable and recoverable under various legal theories, including, but not limited to, turnover, preference and fraudulent conveyance, and Delphi demanded return of the Payment to Delphi; and

WHEREAS, Furukawa has asserted that the payment is not avoidable or recoverable, and has asserted that, among other things:  it provided subsequent new value to Delphi after the date the Payment; the Payment was made in the ordinary course of business of Delphi and Furukawa and according to ordinary industry terms; and that Furukawa will contest the presumption that Delphi was insolvent when the Payment was made; and

WHEREAS, as a result of arms-length negotiations, the parties have agreed to a full and final resolution of disputes with respect to the Payment based upon the terms and conditions set forth in this Agreement; and

2

WHEREAS, Delphi has concluded that the proposed settlement set forth herein is in the best interests of its estate, and in reaching that conclusion, has considered, among other things, the defenses asserted by Furukawa and the cost, expense and delay associated with litigating the matter, the result of which is uncertain.

NOW, THEREFORE, FOR good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the parties agree to the following (the "Agreement"):

1.      This Agreement shall be effective on the date when an Order of the Bankruptcy Court (the "Approval Order") approving the terms hereof shall become final and not subject to any stay or appeal (the "Effective Date").  Notwithstanding the foregoing, during the period between the date of the complete execution of this Agreement and the Effective Date, the parties hereto shall be bound by the terms hereof and they shall do nothing contrary to the terms set forth herein.

2.      On and after the Effective Date, Furukawa shall retain 20 percent of the Payment, and return 80 percent of the Payment to Delphi.  Furukawa will therefore retain $565,301.20 (the "Retention"), and shall return to Delphi $2,261,205.46 (the "Settlement Amount").  Furukawa will deliver the Settlement Amount to Delphi in immediately available funds within three (3) business days after the Effective Date.

3.      Within 30 days after the Effective Date, Furukawa may file an Amended Proof of Claim (the "Amended Claim") in the Delphi bankruptcy case reducing and reclassifying its claim to reflect the terms of this Agreement.  Subject to any applicable bar date, this Agreement does not preclude or otherwise prevent Furukawa from asserting any additional claims it may have against the Delphi estates, including, but not limited to, its claim for the Settlement Amount. The Debtors, the Committee and other parties in interest retain all of their rights, claims and

3

defenses regarding any claims filed in these cases by Furukawa and any other transfers or

payments made by Delphi or its affiliates to Furukawa with the exception of the Payment.  Entry

of the Approval Order shall constitute a modification of the automatic stay in Delphi's case

solely to permit Furukawa to apply the Retention in full and final satisfaction of the Invoices that

are identified in the schedule that is annexed hereto as Exhibit A.

4.      Payment of the Settlement Amount by Furukawa to Delphi shall be a full and

final satisfaction of any and all claims that Delphi may have against Furukawa for a return of the

Payment.  Upon entry of the Approval Order and payment to Delphi of the Settlement Amount,

Delphi hereby releases and waives any claim, charge, cause of action and avoidance action it

may assert or may have been able to assert against Furukawa, its affiliates, subsidiaries,

shareholders, officers, directors, employees, attorneys, and agents with respect to the Payment

and the Retention, including, but not limited to, any claims Delphi may assert or may have been

able to assert against Furukawa under Chapter 5 of the United States Bankruptcy Code, but

solely with respect to the Payment and the Retention.

5.      Delphi shall, promptly, and at its sole expense, file a motion for an Order

approving this Agreement pursuant to Bankruptcy Rule 9019, and shall take full responsibility

for the prosecution of such motion. This Agreement constitutes the entire and fully integrated

agreement of the parties, and may not be contradicted by prior writings, or prior or

contemporaneous oral statements.

6.      This Agreement may be executed in multiple counterparts, each of which shall be

deemed an original, but all of which together shall constitute one and the same Agreement.  This

Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their

legal representatives, predecessors, successors and assigns.

4

7.      It is expressly understood and agreed that the terms hereof, including the forgoing paragraphs and headings, are contractual and that the Agreement contained herein and the consideration transferred is to compromise disputed claims and avoid litigation, and that no statement made herein, payment, release, or other consideration shall be construed as an admission by the parties of any kind or nature.

8.      The Bankruptcy Court shall retain original and exclusive jurisdiction to interpret

and enforce the terms of this Agreement and to resolve any disputes in connection herewith.

DATED:  Plymouth, Michigan
         May 4, 2006

FURUKAWA  ELECTRIC  NORTH  AMERICA
ADP, INC.
By:

/s/ Dave Thomas
DAVE THOMAS
Vice President
47677 Galleon Drive
Plymouth, Michigan 48170
(734) 446-2200

DATED:  Troy, Michigan
         May 8, 2006

DELPHI AUTOMOTIVE SYSTEMS, INC.
By:

/s/ John D. Sheehan
JOHN D. SHEEHAN
Vice President, Chief Restructuring Officer, Chief
Accounting Officer and Controller
5725 Delphi Drive
Troy, Michigan 48098-2815
(248) 813-2000

**SO ORDERED**
on this 30th day of May, 2006
in New York, New York

/S/ ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

6