KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
Edward M. Fox, Esq. (EF1619)
599 Lexington Avenue
New York, New York 10022
Telephone (212) 536-3900

Attorneys for Wilmington Trust Company,
as Indenture Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------X
In re:                                             :        Chapter 11
                                                   :
DELPHI CORPORATON, *et al*.,                       :        Case No. 05-44481 (RDD)
                                                   :
                    Debtors.                       :        (Jointly Administered)
--------------------------------------------------------X

### DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL BY WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE

Wilmington Trust Company, in its capacity as indenture trustee with respect to the senior notes and debentures in the aggregate principal amount of $2 billion issued by Delphi Corporation, hereby designates the following items for inclusion in the record on its appeal of the Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Authorizing Debtors to Enter into the UAW Special Attrition Program Agreement entered May 8, 2006 (Docket No. 3648), as amended by the Amended Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Authorizing Debtors to Enter into the UAW Special Attrition Program Agreement entered on May 12, 2006 (Docket No. 3754):

        1.     Motion for Order Under 11 U.S.C. § 363(b) and Fed. R .Bankr. P. 6004 Approving Debtors' Human Capital Hourly Attrition Programs (Docket No. 2933).

NY-#443212 v1

2. Response of UAW in Support of Debtors' Motion for Approval of UAW Special Attrition Program (Docket No. 2958).

3. Appaloosa Management L.P.'s Preliminary Objection to Motion for Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving the Debtors' Human Capital Hourly Attrition Programs (Docket No. 3021).

4. Response of General Motors Corporation in Support of Debtors' Motion for Order Approving Human Capital Hourly Attrition Programs (Docket No. 3090).

5. Limited Objection of the Official Committee of Unsecured Creditors to Motion for Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving Debtors' Human Capital Hourly Attrition Programs (Docket No. 3092).

6. Limited Objection of Wilmington Trust Company, as Indenture Trustee, to Motion for Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving Debtors' Human Capital Hourly Attrition Programs (Docket No. 3097).

7. Appaloosa Management L.P.'s Supplemental Objection to Motion for Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving the Debtors' Human Capital Hourly Attrition Programs (Docket No. 3098).

8. Amended Limited Objection of the Official Committee of Unsecured to Motion for Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving Debtors' Human Capital Hourly Attrition Programs (Docket No. 3108).

9. Limited Objection of Law Debenture Trust Company of New York, as Indenture Trustee, to Motion for Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving Debtors' Human Capital Hourly Attrition Programs (Docket No. 3130).

10. Reply of General Motors Corporation to Objections to Debtors' Motion for Order Approving Human Capital Hourly Attrition Programs (Docket No. 3135).

11. Debtors' Omnibus Reply to Objections to Motion for Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving Debtors' Human Capital Hourly Attrition Programs (Docket No. 3141).

12. Transcript of April 7, 2006 Hearing.

13. UAW-GM-Delphi Special Attrition Program (Trial Exhibit 1).

14. Master Separation Agreement (Trial Exhibit 2).

15. U.S. Employee Matters Agreement (Trial Exhibit 3).

16. UAW-GM-Delphi Memorandum of Understanding (Trial Exhibit 4).

17. UAW-GM-Delphi Flowback Agreements from the 1999 and 2003 GM-UAW and Delphi-UAW Contract Settlement Agreements (Trial Exhibit 5).

18. Agreement dated December 22, 1999 between Delphi Automotive Systems Corporation and General Motors Corporation (Trial Exhibit 6).

19. GM-UAW Benefit Guarantee (Trial Exhibit 7).

20. Mirror Agreement between Delphi and the UAW (Trial Exhibit 8).

21. Attrition Proposal Analysis "Soft Landing" Scenario Presentation – March 13, 2006 (DELPHI-APP-000499-000507) (Trial Exhibit 9).

22. Presentation for the March 14, 2006 Board of Directors' Meeting (DELPHI-APP-000508-000529) (Trial Exhibit 10).

23. Presentation for the March 30, 2006 Meeting of the Official Committee of Unsecured Creditors (DELPHI-APP-000001-000055) (Trial Exhibits 11-14).

24. E-mail from S. Dameron-Clark to T. Jerman dated March 24, 2006 and accompanying attachment (DELPHI-APP 000091-000095) (Trial Exhibit 15).

25. Corporate Organizational Charts (Trial Exhibit 16).

26. Declaration of Kevin M. Butler in Support of the Debtors' Motion for Order under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving Debtors' Human Capital Hourly Attrition Programs (Trial Exhibit 17).

27. Declaration of John D. Sheehan in Support of the Debtors' Motion for Order under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving Debtors' Human Capital Hourly Attrition Programs (Trial Exhibit 18).[1]

28. Transcript of the April 5, 2006 deposition of Kevin M. Butler (Trial Exhibit 32).

29. Transcript of the April 5, 2006 deposition of John D. Sheehan (Trial Exhibit 33).

30. Schedules of Assets and Liabilities and Statement of Financial Affairs filed by Delphi Corporation.

31. Schedules of Assets and Liabilities and Statement of Financial Affairs filed by Delphi Automotive Systems, LLC.

32. Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Authorizing Debtors to Enter into the UAW Special Attrition Program Agreement (Docket No. 3648).

33. Letter dated May 12, 2006 from Michael P. Kessler to Hon. Robert D. Drain.

---

[1] Trial Exhibits 19 through 30 consisted of various pleadings filed by the parties, and have been separately designated for inclusion in the record at numbers 1 through 11 above.

4

34. Amended Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Authorizing Debtors to Enter into the UAW Special Attrition Program Agreement (Docket No. 3754).

35. Notice of Appeal (Docket No. 3813).

36. Affidavit of Service (Docket No. 3860).

**STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL**

The following issues will be presented on this appeal:

1. Whether the Bankruptcy Court erred by authorizing Delphi Corporation ("Delphi") to enter into the UAW-GM-Delphi Special Attrition Agreement (the "Attrition Agreement") when there was no meeting of the minds as to certain material terms of the Attrition Agreement.

2. Whether, absent a showing, supported by admissible evidence in the record, that the Attrition Agreement was in the best interests of Delphi as considered separate and apart from the best interests of its debtor subsidiaries (the "Debtor Operating Subsidiaries") in these jointly administered chapter 11 cases, the Bankruptcy Court erred by authorizing Delphi, which has no equity in its interest in the Debtor Operating Subsidiaries, to enter into the Attrition Agreement even though all of the costs of the Attrition Agreement, including, without limitation, claims to be asserted by General Motors Corporation ("GM") against Delphi, will be borne by Delphi, while all of the benefits of the Attrition Agreement, consisting of reduced labor, pension and employee benefit costs, will be enjoyed by the Debtor Operating Subsidiaries, which actually employ, and utilize the services of, the unionized workers eligible to receive benefits under the Attrition Agreement.

3. Whether the Bankruptcy Court erred by approving the creation, under the Attrition Agreement and certain other prepetition agreements, of a pre-petition claim in favor of GM and against Delphi, where, but for the provisions of the Attrition Agreement, such pre-petition agreements would not permit the assertion of such a claim.

4. Whether the Bankruptcy Court erred by authorizing Delphi to enter into the Attrition Agreement without first quantifying the alleged benefits and costs to Delphi of the terms of the Attrition Agreement and determining that, based on the evidence in the record, the quantified benefits exceed the quantified costs.

5. Whether the Bankruptcy Court erred in approving the Attrition Agreement even though it has the effect of converting contingent reimbursement claims subject to disallowance pursuant to 11 U.S.C. § 502(e) into current, non-contingent claims which are potentially presently allowable.

6. Whether the Bankruptcy Court erred by applying the incorrect legal standard to Delphi's request to enter into the Attrition Agreement.

Dated: New York, New York
May 30, 2006

KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP

By: _/s/ Edward M. Fox_
Edward M. Fox (EF1619)
A Member of the Firm
Attorneys for Wilmington Trust Company,
as Indenture Trustee
599 Lexington Avenue
New York, New York  10022
(212) 536-3900