LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
       mitchell.seider@lw.com
       mark.broude@lw.com

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| DELPHI CORPORATION, et al., ) | Case No. 05-44481 (RDD) |
| ) | |
| Debtors. ) | |
| ) | Jointly Administered |

**FIRST FEE AND EXPENSE APPLICATION COVER
SHEET OF LATHAM & WATKINS LLP AS COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

| | |
|---|---|
| **Name of Applicant:** | Latham & Watkins LLP |
| **Role in Case:** | Counsel to the Official Committee of Unsecured Creditors |
| **Date of Retention:** | January 6, 2006 (*nunc pro tunc* to October 17, 2005) |
| **Period Covered:** | October 17, 2005 through January 31, 2006 |
| **Current Application** | |
| **Fees Requested:** | $3,258,050.25[1] |
| **Expenses Requested:** | $157,230.86 |
| **Total Fees and Expenses Requested:** | $3,415,281.11 |
| **Blended Hourly Rate:** (excluding paraprofessionals) | $492.26 |
| **Blended Hourly Rate:** | $452.78 |

---

[1] This amount reflects a credit of $6,028.75 for non-working travel time originally billed at 100% during the Compensation Period. This credit reflects a discount of 50% for such non-working travel time.

NY\1115151.8

**(including paraprofessionals)**

**This is a(n):**   _x_ interim _ final application.[2]

## SECTION I:  FEE SUMMARY

|  | To Date | Current Period |
|---|---|---|
| Total Fees Requested: | $ 3,258,050.25[3] | $ 3,258,050.25[4] |
| Total Disbursements Requested: | $    157,230.86 | $    157,230.86 |
| Total Fees Previously Allowed: | $              0.00 | $              0.00 |
| Total Disbursements Previously Allowed: | $              0.00 | $              0.00 |
| Total Previously Received by Applicant: | $ 2,768,494.06 | $ 2,768,494.06 |

## SECTION II: ATTORNEY/OTHER PROFESSIONAL SUMMARY

| Name of Attorney/ Other Professional | Yr. Admitted to Practice | Hourly Rates for 2005/2006[5] | Hours Billed | Totals |
|---|---|---|---|---|
| **PARTNERS/OF COUNSEL** | | | | |
| R J ROSENBERG | 1970 | $ 795.00/$850.00 | 447.10 | $ 362,517.50 |
| D BRODSKY | 1970 | $          825.00 | 6.40 | $     5,280.00 |
| J W BRICKNER | 1980 | $ 725.00/$775.00 | 38.60 | $   28,680.00 |
| J D SHYER | 1981 | $ 710.00/$750.00 | 27.40 | $   19,690.00 |
| J E BRANDT | 1982 | $ 710.00/$775.00 | 100.80 | $   72,868.00 |
| L I SAFRAN | 1985 | $          685.00 | 1.60 | $     1,096.00 |
| B WILLIAMSON | 1995 | $          595.00 | 5.60 | $     3,332.00 |
| M A SEIDER | 1987 | $ 710.00/$775.00 | 544.10 | $ 392,798.00 |
| D S RAAB | 1988 | $          750.00 | 2.10 | $     1,575.00 |
| MA BROUDE | 1989 | $ 685.00/$750.00 | 544.10 | $ 379,860.50[6] |
| S BLOCK-LIEB | 1982 | $ 595.00/$650.00 | 16.90 | $   10,660.50 |
| **TOTAL** | | | **1,734.70** | **$ 1,278,357.50** |

---

[2] See footnote 2 to the attached Application.

[3] This amount reflects a credit of $6,028.75 for non-working travel time originally billed at 100% during the Compensation Period. This credit reflects a discount of 50% for such non-working travel time.

[4] This amount reflects a credit of $6,028.75 for non-working travel time originally billed at 100% during the Compensation Period. This credit reflects a discount of 50% for such non-working travel time.

[5] If more than one hourly rate is reflected for a given professional, the higher of such rates reflect that professional's standard hourly rate effective as of January 1, 2006. It is customary for Latham to update its rate structure annually.

[6] This amount reflects a credit of $1,233.00 for non-working travel time originally billed at 100% during the Compensation Period. This credit reflects a discount of 50% for such non-working travel time.

NY\1115151.8

ASSOCIATES

| Name | Year | Rate | Hours | Amount |
|---|---|---|---|---|
| A K WHEATLEY | 1997 | $ 520.00/$570.00 | 40.70 | $ 21,999.00 |
| H P BAER, JR | 1997 | $ 520.00/$570.00 | 612.10 | $ 322,632.00[7] |
| S H KANE | 1999 | $ 475.00/$545.00 | 103.50 | $ 54,265.50 |
| MH AHRENS | 1996 | $ 520.00 | 0.30 | $ 156.00 |
| R J MALIONEK | 1998 | $ 520.00 | 91.60 | $ 47,632.00 |
| J M LEE | 2001 | $ 450.00/$520.00 | 16.30 | $ 7,594.00 |
| L MATHEWS | 2000 | $ 515.00 | 43.50 | $ 22,402.50 |
| J W WEISS | 2000 | $ 450.00/$515.00 | 499.80 | $ 231,429.50 |
| M RIELA | 2001 | $ 425.00/$490.00 | 548.90 | $ 238,157.50 |
| E RUIZ | 2002 | $ 395.00/$460.00 | 500.00 | $ 203,402.00 |
| DS KEMP | 2000 | $ 450.00 | 24.40 | $ 10,980.00 |
| CA RECKLER | 2001 | $ 425.00 | 4.50 | $ 1,912.50 |
| JP BAUMSTARK | | $ 425.00 | 0.70 | $ 297.50 |
| A L LEAVITT | 2002 | $ 395.00 | 143.60 | $ 53,226.25[8] |
| R HEMANI | 2004 | $ 310.00/$390.00 | 29.50 | $ 10,793.00 |
| A SIRI | 2004 | $ 310.00/$390.00 | 116.30 | $ 43,107.00 |
| E K FINN | 2004 | $ 310.00/$390.00 | 213.90 | $ 69,349.00 |
| G SMYTH | 2004 | $ 310.00/$390.00 | 138.00 | $ 43,412.00 |
| J M MANICKI | 2003 | $ 385.00 | 24.90 | $ 9,586.50 |
| M L SHELDON | 2004 | $ 310.00 | 18.60 | $ 5,766.00 |
| S A CERESNIE | 2004 | $ 310.00 | 3.90 | $ 1,209.00 |
| S M LIGHTDALE | 2005 | $ 290.00/$345.00 | 68.60 | $ 23,117.00 |
| Y ZHANG | 2005 | $ 290.00/$345.00 | 59.80 | $ 17,589.50 |
| J M GORMAN | 2005 | $ 290.00/$345.00 | 105.90 | $ 34,995.50 |
| T CURATOLO | 2005 | $ 290.00 | 20.80 | $ 6,032.00 |
| N B YALE | Bar Pending | $ 290.00/$345.00 | 234.50 | $ 72,058.50 |
| P S MAITLAND | Bar Pending | $ 290.00/$345.00 | 82.90 | $ 26,675.50 |
| J A KOLBE | Bar Pending | $ 290.00/$345.00 | 436.50 | $ 130,165.50 |
| J H SPERLING | Bar Pending | $ 290.00/$345.00 | 152.30 | $ 47,302.00 |
| K Y TU | Bar Pending | $ 290.00/$345.00 | 19.10 | $ 5,561.00 |
| S C BARROWES | Bar Pending | $ 290.00 | 19.90 | $ 5,771.00 |
| T E FELSBERG | Bar Pending | $ 290.00 | 194.00 | $ 56,260.00 |
| **TOTAL** | | | **4,569.30** | **$ 1,824,836.25** |

---

[7] This amount reflects a credit of $1,300 for non-working travel time originally billed at 100% during the Compensation Period. This credit reflects a discount of 50% for such non-working travel time.

[8] This amount reflects a credit of $3,495.75 for non-working travel time originally billed at 100% during the Compensation Period. This credit reflects a discount of 50% for such non-working travel time.

NY\1115151.8

| Name of Attorney/ Other Professional | | Hourly Rate | Hours Billed | Totals |
|---|---|---|---|---|
| **NONLAWYER PROFESSIONALS** | | | | |
| E C ARNOLD | PARALEGAL | $ 210.00/$245.00 | 41.40 | $ 21,999.00 |
| G J LOFASO | PARALEGAL | $ 240.00 | 3.30 | $ 323,932.00 |
| A E CHAMBERS | PARALEGAL | $ 235.00 | 11.50 | $ 54,265.50 |
| R RODBURG | PARALEGAL | $ 230.00 | 1.00 | $ 156.00 |
| RA MONTGOMERY | PARALEGAL | $ 195.00 | 3.70 | $ 47,632.00 |
| L A SALCEDO | PARALEGAL | $ 170.00/$190.00 | 548.60 | $ 7,594.00 |
| C M GREENWOOD | PARALEGAL | $ 185.00 | 6.20 | $ 22,402.50 |
| D VAZQUEZ | PARALEGAL | $ 180.00 | 7.40 | $ 231,429.50 |
| B ROMAN | PARALEGAL | $ 175.00 | 16.70 | $ 238,157.50 |
| I A URSINO | PARALEGAL | $ 175.00 | 2.50 | $ 203,402.00 |
| R L AHMADI | PARALEGAL | $ 160.00/$175.00 | 92.10 | $ 10,980.00 |
| B HICKEY | PROF STAFF | $ 165.00 | 1.30 | $ 1,912.50 |
| C B CARLSON | PROF STAFF | $ 155.00 | 0.60 | $ 297.50 |
| C W MAR | PARALEGAL | $ 150.00 | 10.90 | $ 56,722.00 |
| H H NGUYEN | PARALEGAL | $ 150.00 | 5.30 | $ 10,793.00 |
| N CHERNY | PARALEGAL | $ 150.00 | 14.00 | $ 43,107.00 |
| R H KLINGER | PARALEGAL | $ 150.00 | 11.00 | $ 69,349.00 |
| R S GOLDSTEIN | PARALEGAL | $ 150.00 | 1.00 | $ 43,412.00 |
| S KOSHY | PARALEGAL | $ 150.00 | 51.00 | $ 9,586.50 |
| SA TAYLOR | PARALEGAL | $ 150.00 | 44.80 | $ 5,766.00 |
| C. BARBERENA | PROJECT ASST | $ 115.00 | 1.80 | $ 1,209.00 |
| B A MICGIEL | PROF STAFF | $ 225.00 | 1.40 | $ 72,058.50 |
| K L TROTTER | PROF STAFF | $ 175.00/$215.00 | 4.10 | $ 26,675.50 |
| E S SANTOS | PROF STAFF | $ 200.00 | 0.80 | $ 23,117.00 |
| E GORODETSKY | PROF STAFF | $ 200.00 | 8.00 | $ 17,589.50 |
| E BUDEA | PROF STAFF | $ 195.00 | 0.80 | $ 130,165.50 |
| J D BIRD | PROF STAFF | $ 175.00 | 0.40 | $ 47,302.00 |
| **TOTAL** | | | **891.60** | **$ 154,856.50** |

**TOTAL HOURS AND FEES**            7,195.60     $ 3,258,050.00

NY\1115151.8

## SECTION III: COMPENSATION BY PROJECT CATEGORY

| | Hours Billed | Blended Hourly Rate | Final Totals |
|---|---|---|---|
| Case Administration | 1166.60 | $ 435.34 | $ 501,842.75[9] |
| Committee Communications/Meetings | 624.90 | $ 600.39 | $ 375,182.00 |
| Retention Issues | 717.60 | $ 388.69 | $ 278,924.00 |
| DIP Financing/Cash Collateral | 294.80 | $ 467.39 | $ 137,787.00 |
| Executory Contracts | 674.90 | $ 496.50 | $ 335,089.00 |
| Asset Dispositions | 4.30 | $ 768.60 | $ 3,305.00 |
| Executive Compensation/Bonuses | 787.80 | $ 431.70 | $ 340,092.50 |
| 1113 and 1114 Issues | 633.80 | $ 472.55 | $ 299,504.00 |
| Claims | 573.90 | $ 445.03 | $ 255,401.00 |
| Fee Applications | 180.30 | $ 324.40 | $ 58,490.00 |
| Lien Review | 34.20 | $ 320.06 | $ 10,946.00 |
| Preference & Fraudulent Conveyance | 162.20 | $ 395.02 | $ 64,072.00 |
| Disclosure Statement and Plan | | | |
| Foreign Affiliates | 17.20 | $ 427.01 | $ 7,344.50 |
| Exit Financing | | | |
| Analysis and Response to Other Motions | 1042.50 | $ 431.58 | $ 449,921.50 |
| Other Chapter 5 | 249.50 | $ 477.31 | $ 119,088.50 |
| SEC and Class Action Issues | 31.10 | $ 677.19 | $ 21,060.50 |
| **TOTAL HOURS AND FEES** | **7,195.60** | | **$ 3,258,050.25** |

## SECTION IV: EXPENSE SUMMARY

| | Expenses | Amount |
|---|---|---|
| a. | Airfare & trainfare | $ 4,894.10 |
| b. | Color copying/printing | $ 150.00 |

---

[9] This amount reflects a credit of $6,028.75 for non-working travel time originally billed at 100% during the Compensation Period. This credit reflects a discount of 50% for such non-working travel time.

NY\1115151.8

LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
       mitchell.seider@lw.com
       mark.broude@lw.com

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | Jointly Administered |

### FIRST FEE AND EXPENSE APPLICATION OF LATHAM & WATKINS LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Pursuant to sections 330 and 503(b)(1)(A) of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines" collectively with the Local Guidelines, the "Guidelines"), Latham & Watkins LLP ("Latham"), as counsel to the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Delphi Corporation and its debtor affiliates (collectively, the "Debtors"), respectfully submits this first application

NY\1115151.8

(the "Application") for allowance of compensation totaling $3,258,050.25,[1] and reimbursement of expenses totaling $157,230.86, incurred during the period from October 17, 2005 through January 31, 2006 (the "Compensation Period").

In support of this Application, Latham respectfully represents as follows:

### Background

2.  On October 8, 2005 (the "Petition Date"), thirty-nine of the above-captioned debtors (the "Debtors") filed with this Court voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"). On October 14, 2005, three additional Debtors filed voluntary petitions. The Debtors are continuing in possession of their property and are operating their businesses, as a debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.  The Committee was appointed in these cases by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") on October 17, 2005.[2]

4.  On November 17, 2005, the Committee filed that certain Application of the Official Committee of Unsecured Creditors for Order Authorizing and Approving the Employment and Retention of Latham & Watkins LLP as Counsel, Nunc Pro Tunc to October 17, 2005 (the "Retention Application.") On January 6, 2006, this Court entered an order approving the retention of Latham, *nunc pro tunc* to October 17, 2005.

---

[1] This Amount reflects a credit of $6,028.75 for non-working travel time originally billed at 100% during the Compensation Period. This credit reflects a discount of 50% for such non-working travel time.

[2] The following members were originally appointed to the Committee: (a) Capital Research and Management Company; (b) Electronic Data Systems Corp.; (c) Flextronics International Asia-Pacific, Ltd.; (d) Freescale Semiconductor, Inc.; (e) General Electric Company; (f) IUE-CWA and (g) Wilmington Trust Company, as Indenture Trustee. Flextronics International Asia-Pacific, Ltd., has since resigned from the Committee and has been replaced with Tyco Electronics Corporation. In addition, the Pension Benefit Guaranty Corporation and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW") have been added as *ex officio* members of the Committee.

NY\1115151.8

5.      By Order dated November 4, 2005 (the "Administrative Order"), the Court established a procedure for interim compensation and reimbursement of expenses for all professionals in these cases. In particular, the Administrative Order provides that, absent objection, upon the expiration of twenty days after the service of monthly fee statements, the Debtors are authorized to pay each professional an amount equal to 80 percent of the fees and 100 percent of the expenses requested in their respective monthly fee statements.

6.      Pursuant to the Administrative Order, Latham has served monthly fee statements in these cases for the months of October, November, December and January (collectively, the "Monthly Statements").[3] To date, the Debtors have paid to Latham $2,611,263.20 in fees and $157,230.86 in expenses incurred during the period from October 17, 2005 through January 31, 2006 (the "Compensation Period").

7.      By this Application, Latham seeks interim allowance of compensation and reimbursement of expenses incurred during the Compensation Period and reflected in Latham's Monthly Statements. Latham also seeks payment of all outstanding holdbacks owing with respect to the Monthly Statements.

8.      The supervisory responsibility for Latham's efforts on behalf of the Committee has been undertaken by Robert J. Rosenberg. Mr. Rosenberg is the global co-head of Latham's Insolvency Practice Group and a partner in Latham's New York office. Mr. Rosenberg is a 1967 graduate of Columbia University and a 1970 graduate of the of Harvard Law School.

### Summary of Services Performed During the Compensation Period

9.      As reflected in the attached First Fee and Expense Application Cover Sheet (the "Cover Sheet"), Latham has rendered 7,195.60 hours of legal services in representation of the

---

[3] Latham's first monthly fee statement was for fees and expenses incurred from October 17, 2005 (the effective date of Latham's retention) through November 30, 2005.

NY\1115151.8

Committee during the Compensation Period. Based upon the nature of the services rendered, the time required to provide such services, the value of such services to the Committee, and the cost of comparable services in non-bankruptcy cases, Latham believes that the allowed compensation for services rendered to the Committee should be not less than $3,258,050.25. This total represents 7,195.60 hours of Latham attorney and other professional time, at a blended average hourly rate of $452.78. The hourly rate for each attorney and other professional who performed services for the Committee during the Compensation Period is set forth in the Cover Sheet.

10. In accordance with the Local Guidelines, a detailed chronological narrative of the time spent (divided among nineteen (19) descriptive billing categories adopted by Latham at the outset of these cases), the dates and descriptions of the services rendered, and the identity of the attorneys and other professionals who provided such services on behalf of the Committee during the Compensation Period are attached hereto as Exhibits A-1, A-2 and A-3 (collectively, the "Billing Detail," which is incorporated herein by reference).[4]

11. Latham respectfully supplements the attached Billing Detail with the following narrative summary of services rendered by Latham during the Compensation Period, organized by category:

a) **Case Administration**. Latham rendered a total of 1,166.60 hours and $501,842.75 in services falling within the category of "Case Administration." This category includes Latham's services rendered in connection with general administration of these cases, including reviewing and responding to various documents received, responding to creditor inquiries, monitoring the status of various matters and participating in telephone conferences

---

[4] Exhibits A-1, A-2 and A-3 are copies of Latham's Monthly Statements for October, November, December and January, respectively. Certain redactions are reflected in Latham's Monthly Statements to protect confidential and privileged information contained therein. Section III of the Cover Sheet contains a summary of Latham's services, organized by project category.

NY\1115151.8

regarding a variety of matters. Much of the time in this category was spent on the fundamental due diligence and analysis of the critical documents and issues in these cases.

b) **Committee Communications/Meetings.** Latham rendered a total of 624.90 hours and $375,182.00 in services falling within the category of "Committee Communications/Meetings." This category includes Latham's services rendered in connection with preparing for and attending regularly scheduled committee and subcommittee meetings, meetings with the Debtors, and related communications to the Committee and its professionals.

c) **Retention Issues.** Latham rendered a total of 717.60 hours and $278,924.00 in services falling within the category of "Retention Issues." This category includes Latham's services rendered in connection with the retention of numerous professionals in these cases, including, but not limited to: Latham, Mesirow Financial Consultants, Warner Stevens LLP, Jefferies & Company, Inc., Buck Consultants, Steven Hall & Partners, and the Debtors' various professionals.

d) **DIP Financing/Cash Collateral.** Latham rendered a total of 294.80 hours and $137,787.00 in services falling within the category of "DIP Financing/Cash Collateral." This category includes Latham's services rendered in connection with the analysis, negotiation and implementation of the Debtors' Motion for Order Under 11 U.S.C. §§ 105, 361, 362, 363, 364(c), 364(d) and 364(e) and Fed. R. Bankr. P. 2002, 4001, and 9014 (I) Authorizing Debtors to Obtain Secured Postpetition Financing on Superpriority Secured and Priming Basis, (II) Authorizing Use of Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Lenders, (IV) Granting Interim Relief, and (V) Scheduling a Final Hearing Under Fed. R. Bankr. 4001(b) and (c) (the "DIP Motion"). This category also includes Latham's participation in the

interim and final hearings on the DIP Motion, and Latham's subsequent monitoring of DIP Financing and cash collateral related issues.

 e) **Executory Contracts.** Latham rendered a total of 674.90 hours and $335,089.00 in services falling within the category of "Executory Contracts." This category includes Latham's services rendered in connection with the Debtors' numerous executory contracts and unexpired leases of nonresidential real property, including analysis of, negotiation with respect to, and responses to the Debtors' Motion to Authorize Continuation of Vendor Rescue Program, Motion to Approve Procedures to Approve Certain Sole Source Supplier Contracts and Motion to Approve Procedures to Enter into or Renew Real Property Leases Without Court Approval.

 f) **Asset Dispositions.** Latham rendered a total of 4.30 hours and $3,305.00 in services falling within the category of "Asset Dispositions." This category includes all of Latham's services rendered in addressing the Debtors' disposition of certain assets, and analysis of the effects of such asset dispositions on value to be realized by the Debtors' estates and unsecured creditors.

 g) **Executive Compensation/Bonuses.** Latham rendered a total of 787.80 hours and $340,092.50 in services falling within the category of "Executive Compensation/Bonsus." This category includes all of Latham's services rendered in connection with the Debtors' Motion for Order Under §§ 105 and 363 Authorizing the Debtors to Implement a Key Employee Compensation Program, and related compensation and bonus issues arising during the Compensation Period, including negotiations respecting and participation in contested hearings on the six-month AIP and discovery related thereto.

 h) **1113 and 1114.** Latham rendered a total of 633.80 hours and $299,504.00 in services falling within the category of "1113 and 1114." This category includes Latham's

services relating to labor, pension and OPEB issues arising in these cases, including extensive related analysis, legal research and preparation of various memoranda.

 i) **Claims.** Latham rendered a total of 573.90 hours and $255,401.00 in services falling within the category of "Claims." This category includes Latham's services rendered in connection with analysis of, and responding to, various claims and setoff demands asserted against the Debtors.

 j) **Fee Applications.** Latham rendered a total of 180.30 hours and $58,490.00 in services falling within the category of "Fee Applications." This category contains Latham's services rendered in reviewing, analyzing and responding to monthly fee statements served to date by professionals retained in these cases. This category also includes Latham's preparation of its own Monthly Statements, and Latham's oversight and assistance to other Committee professionals' in their preparation of their own monthly fee statements and expense reimbursement requests, in an effort to ensure (i) adherence with local rules and procedures, and (ii) that all necessary confidential and strategic information was uniformly redacted from such statements.

 k) **Lien Review.** Latham rendered a total of 34.20 hours and $10,946.00 in services falling within the category of "Lien Review." This category includes Latham's services rendered in connection with analysis of the various liens asserted against assets of the Debtors and their affiliates, and possible defenses thereto. Much of the analysis in this category is being handled by Warner Stevens LLP ("Warner Stevens"), the Committee's conflicts counsel in these cases. Latham has endeavored to efficiently and effectively transition such matters to Warner Stevens while avoiding any duplication of effort in coordinating such matters.

l) **Preference & Fraudulent Conveyance.** Latham rendered a total of 162.20 hours and $64,072.00 in services falling within the category of "Preference & Fraudulent Conveyance." This category includes Latham's preliminary legal research and analysis of, among other things, possible avoidance actions which may be pursued by the Debtors, the Committee or an estate representative in these cases.

m) **Disclosure Statement & Plan.** Latham did not provide any services falling within the category of "Disclosure Statement & Plan" during the Compensation Period.

n) **Foreign Affiliates.** Latham rendered a total of 17.20 hours and $7,344.50 in services falling within the category of "Foreign Affiliates." This category includes Latham's services rendered in connection with analysis of various transactions related to the Debtors' foreign affiliates and joint ventures.

o) **Exit Financing**. Latham did not provide any services falling within the category of "Exit Financing" during the Compensation Period.

p) **Analysis & Response to Other Motions.** Latham rendered a total of 1,042.50 hours and $449,921.50 in services falling within the category of "Analysis & Response to Other Motions." This category includes Latham's review, analysis and related research regarding various motions filed in these cases. This category also includes Latham's preparation and filing of responses to various motions during the Compensation Period, and Latham's preparation for, and attendance at, hearings in connection therewith.

q) **Other Chapter 5 Actions.** Latham rendered a total of 249.50 hours and $119,088.50 in services falling within the category of "Other Chapter 5 Actions." This category includes Latham's services rendered in connection with the analysis and investigation of

NY\1115151.8

potential actions under Chapter 5 of the Bankruptcy Code, including equitable subordination of claims.

  r) **SEC and Class Action Issues.** Latham rendered a total of 31.10 hours and $21,060.50 in services falling within the category of "SEC and Class Action Issues." This category includes Latham's services rendered in connection with the review and analysis of materials related to (i) investigations being conducted by the Securities and Exchange Commission and the Department of Justice and (ii) class action complaints filed against the Debtors and current and former officers and directors of the Debtors.

<b>Latham's Staffing and Internal Procedures</b>.

  12. Latham has made a conscious effort in this case to provide to the Committee high quality legal services at the lowest possible cost. Whenever possible, rather than "reinventing the wheel," Latham has drawn upon the considerable expertise of its senior partners to obtain quick answers to difficult questions without the need for expensive and time consuming legal research. Where research has been required, Latham has utilized the low billing rates of junior lawyers, resulting in considerable savings for the Debtors.

  13. Latham believes that it has been extremely efficient in avoiding duplication of effort and keeping fees and costs at the lowest level possible. Latham also believes that the attached Billing Detail reflects the actual, fair and reasonable value of the legal expertise provided to the Committee during the Compensation Period.

<b>Disbursements</b>

  14. Latham expended a total of $157,230.86 for reasonable and necessary expenses in connection with its representation of the Committee during the Compensation Period. In accordance with the Guidelines, Section IV of the Cover Sheet attached hereto contains an organized summary of these expenses.

NY\1115151.8

15.     Latham does not include a profit component in its disbursements, and charges the Debtors only for Latham's actual out-of-pocket expenses. Photocopy charges are billed at $0.17 per page and outgoing faxes are billed at $1.25 per page.

### Certification

16.     As required by the Guidelines, a certification that the facts set forth in this Application are true and correct, and that this Application complies with the Guidelines, is attached hereto as Exhibit B.

### Latham is a Disinterested Person and Holds No Adverse Interest

17.     All professional services and expenses for which allowance is requested in this Application were performed by Latham on behalf of the Committee, and were not on behalf of any other entity or person. As described in the Affidavit of Robert J. Rosenberg of Latham & Watkins LLP Pursuant to Sections 329, 504 and 1103 of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (together with subsequent supplemental affidavits, the "Rosenberg Affidavit") previously filed by Latham in these cases: (i)Latham holds neither a claim against, nor an interest in, the Debtors, and no beneficial interest in the Debtors, directly or indirectly, has been acquired or transferred by Latham or for Latham's benefit since the commencement of these cases; (ii) Latham represents no interest adverse to the Debtors with respect to matters upon which it is engaged; and (iii) Latham is a "disinterested person" under section 101(14) of the Bankruptcy Code.

18.     No agreement or understanding exists between Latham and any other person or entity for the sharing of compensation received or to be received for services rendered in connection with these proceedings, except that fees will be shared with other partners of Latham as permitted by Bankruptcy Rule 2016 and section 504 of the Bankruptcy Code.

## Reservation of Rights

19.    To the extent that charges for services rendered or expenses incurred during the Compensation Period are inadvertently excluded from this Application for any reason, Latham hereby reserves the right to request approval and payment of such charges in future fee applications.

WHEREFORE, Latham respectfully requests that this Court enter an order: (i) allowing Latham's request for compensation in the sum of $3,258,050.25 for actual, reasonable and necessary professional services rendered on behalf of the Committee during the Compensation Period; (ii) directing the Debtors to pay to Latham the full amount of such compensation to the extent not already paid; and (iii) directing the Debtors to reimburse Latham in the amount of $157,230.86 for actual, reasonable and necessary expenses incurred during the Compensation Period, to the extent not already reimbursed.

Dated: New York, New York
        May 30, 2006

LATHAM & WATKINS LLP

By: /s/ Robert J. Rosenberg
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone: (212) 906-1200

Attorneys for the Official Committee of Unsecured Creditors

NY\1115151.8