## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |

### FIRST INTERIM FEE APPLICATION COVER SHEET OF
### MESIROW FINANCIAL CONSULTING, LLC FOR ALLOWANCE OF
### COMPENSATION AND REIMBURSEMENT OF EXPENSES AS FINANCIAL
### ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
### FOR THE PERIOD FROM OCTOBER 19, 2005 THROUGH JANUARY 31, 2006

| | |
|---|---|
| **Name of Applicant:** | Mesirow Financial Consulting, LLC |
| **Role in Case:** | Financial Advisors to the Official Committee of Unsecured Creditors |
| **Date of Retention:** | January 6, 2006 (*nunc pro tunc* to October 19, 2005) |
| **Period Covered:** | October 19, 2005 through January 31, 2006 |
| **Current Application** | |
| **Fees Requested:** | $1,654,678 |
| **Expenses Requested:** | $66,761 |
| **Total Fees and Expenses Requested:** | $1,721,439 |
| **Total Previously Received by Applicant:** | $1,393,294 |
| **Blended Hourly Rate:** | $464 |

This is a(n):   X  interim _ final application.

1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| **In re** | ) | **Chapter 11** |
|  | ) |  |
| **DELPHI CORPORATION, et al.,** | ) | **Case No. 05-44481 (RDD)** |
|  | ) |  |
| **Debtors.** | ) | **Jointly Administered** |
|  | ) |  |

**FIRST INTERIM APPLICATION OF MESIROW FINANCIAL CONSULTING, LLC**
**FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS**
**FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR THE PERIOD FROM OCTOBER 19, 2005 THROUGH JANUARY 31, 2006**

1.      Mesirow Financial Consulting, LLC ("MFC") respectfully files this First Interim Application for Allowance of Compensation and Reimbursement of Expenses (the "Fee Application") of MFC as Financial Advisor to the Official Committee of Unsecured Creditors (the "Committee") to Delphi Corporation ("Delphi") and certain of its subsidiaries, debtors and debtors-in-possession herein (collectively, the "Debtors")[1], for the period from October 19, 2005 through January 31, 2006 (the "First Interim Period"). This Fee Application is filed pursuant to §§ 328(a), 330(a) and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules and Orders of this Court. In support of the Application, MFC states:

---

[1] In addition to Delphi, the following entities are debtors in these related cases: ASEC Manufacturing General Partnership, General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delco Electronics Overseas Corporation, Delphi Automotive Systems (Holding), Inc., Delphi Automotive Systems Global (Holding), Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems International, Inc., Delphi Automotive Systems Korea, Inc, Delphi Automotive Systems LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems Risk Management Corp,, Delphi Automotive Systems Services LLC, Delphi Automotive Systems Tennessee, Inc., Delphi Automotive Systems Thailand, Inc, Delphi China LLC, Delphi Connection Systems, Delphi Diesel Systems Corp,, Delphi Electronics (Holding) LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi International Holdings Corp., Delphi International Services, Inc., Delphi Liquidation Holding Company, Delphi LLC, Delphi Mechatronic Systems, Inc., Delphi Medical Systems Colorado Corporation, Delphi Medical Systems Corporation, Delphi Medical Systems Texas Corporation, Delphi NY Holdings Corporation, Delphi Services Holding Corporation, Delphi Technologies, Inc., DREAL, Inc, Environmental Catalysts, LLC, Exhaust Systems Corporation, Packard Hughes Interconnect Company, Specialty Electronics, Inc., and Specialty Electronics International Ltd.

## JURISDICTION AND VENUE

2.       On October 8, 2005, the Court signed an Order Pursuant to sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) to Establish Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals (the "Compensation Procedures Order") (Docket #0011). The Compensation Procedures Order states, *inter alia*,

> "Approximately every 120 days, but no more then 150 days, each of the Chapter 11 Professionals will serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested."

3.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtor's Chapter 11 case and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## INTRODUCTION

4.       This Fee Application is made for interim allowance of compensation for services rendered as financial advisor to the Committee during the First Interim Period in the total amount of $1,654,678 for 3,568 hours of services rendered by professionals.

## BACKGROUND

5.       On October 8, 2005, (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under the Bankruptcy Code and commenced the above captioned Chapter 11 cases (the "Chapter 11 Cases").

6.       The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b).

3

7.      The Committee was appointed in these cases by the Office of the United States Trustee for the
Southern District of New York (the "U.S. Trustee") on October 17, 2005.[2]

8.      On October 18, 2005, the Committee requested presentations from several potential financial
advisors and after such presentations, due deliberation and a vote, decided to retain MFC as its financial
advisor in these Chapter 11 cases.

9.      On November 29, 2005, (Docket #1335), the Committee filed an Application for Authority to
Retain MFC as Financial Advisor to the Committee *Nunc Pro Tunc* to October 19, 2005 (the
"Employment Application"). On January 6, 2006, an Order Authorizing Employment of MFC as
Financial Advisor to the Official Committee of Unsecured Creditors, *Nunc Pro Tunc* to October 19, 2005
was entered (the "Retention Order," Docket #1752).

## COMPENSATION REQUESTED

10.     By this Application and in accordance with §§ 328, 330 and 331 of the Bankruptcy Code, MFC
requests allowance of fees in the amount of $1,654,678, and ordinary and necessary expenses in the
amount of $66,761, for a total amount $1,721,439.

11.     Pursuant to the Compensation Procedures Order, all professionals retained in these cases are
authorized to seek, on a monthly basis, compensation for professional services rendered and
reimbursement of expenses incurred. In the absence of any objection to the monthly statement of fees and
expenses incurred (the "Monthly Statements"), the Debtors can pay 80% of the professional fees
requested and 100% of the expenses incurred. A tabulation of fees and expenses incurred, as well as
payments received by MFC, for Monthly Statements to date is as follows:

---

[2] The following members were originally appointed to the Committee: (a) Capital Research and Management
Company; (b) Electronic Data Systems Corp.; (c) Flextronics International Asia-Pacific, Ltd.; (d) Freescale
Semiconductor, Inc.; (e) General Electric Company; (f) IUE-CWA and (g) Wilmington Trust Company, as
Indenture Trustee. Flextronics International Asia-Pacific, Ltd., has since resigned from the Committee and has been
replaced with Tyco Electronics Corporation. In addition, the Pension Benefit Guaranty Corporation and the
International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW")
have been added as *ex officio* members of the Committee.

4

| Billing Period | Fees | Expenses | 80% of Fees | 80% of Fees + Expenses | Invoice Amount | | Payments Received |
|---|---|---|---|---|---|---|---|
| October 19, 2005 through December 31, 2005 | $1,062,758 | $41,915 | $850,206 | $892,121 | $1,104,673 | | $892,121 |
| January 1, 2006 through January 31, 2006[3] | $591,920 | $24,846 | $473,536 | $498,382 | $616,766 | | $501,173 |
| **Total** | **$1,654,678** | **$66,761** | **$1,323,742** | **$1,390,503** | **$1,721,439** | | **$1,393,294** |

12.     During the First Interim Period, MFC has sought $1,654,678 in professional fees and $66,761 for

disbursements, of which $1,326,533 and $66,761, respectively, has been paid to date by the Debtors in

accordance with the Compensation Procedures Order. As of the date of this Application, Applicant is

owed $328,145 for professional fees and $0 for disbursements incurred, which amounts have not yet been

paid by the Debtors.

13.     MFC has received no payment and no promises of payment from any other source for services

rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this

Application.

14.     There is no agreement or understanding between MFC and any other person for the sharing of

compensation to be received for services rendered in this case.

15.     MFC submits that this Application complies with sections 330 and 503(b)(1)(A) of chapter 11 of

Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), the Amended Guidelines for Fees and Disbursements

for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19,

1995 (the "Local Guidelines") and the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30,

1996 (the "UST Guidelines" collectively with the Local Guidelines, the "Guidelines").

---

[3] MFC's January 2006 monthly fee statement totaling $620,255 erroneously stated the hourly billing rate of Joe Cashel at $450. The correct rate of $420 has been utilized in this Interim Fee Application resulting in a reduction of MFC's January 2006 fees of $3,489.

## SUMMARY OF SERVICES PROVIDED

16.      Attached as **Exhibit A** is a list of the MFC professionals who worked on the case during the First Interim Period, along with the titles, and a summary of hours charged for the professionals whose services are being billed in connection with this case.  Attached as **Exhibit B** is a summary of hours incurred for each category of work performed by MFC.  Attached as **Exhibit C** is a summary of actual out-of-pocket expenses incurred during the First Interim Period for each category of expenses.  Attached as **Exhibit C-1** is a detailed record of actual out-of-pocket expenses incurred during the First Interim Period, segregated by category of expense.  Attached as **Exhibit D** are the detailed time entries during the First Interim Period, for each category of work performed by MFC. Attached as **Exhibit E** is the certification of Larry H. Lattig with respect to the Application pursuant to the Local Guidelines.

17.      In accordance with the Retention Order, the following is a detailed description of each of the major tasks performed during the First Interim Period. These tasks, and the related hours incurred, are separated into the following matters:

| CATEGORY | HOURS |
|---|---|
| *Avoidance Actions* | 0 |

MFC incurred a total of 0 hours resulting in $0 in fees in connection with Avoidance Actions during the period October 19, 2005 through January 31, 2006.

| *Case Administration* | 78.4 |
|---|---|

Implementation of efficient project management and administration of the overall case activities.  Specific tasks related to compilation of document request lists to FTI, coordination of meetings with the Committee and other parties-in-interest, document management, preparation of budgets, staffing and work plans, review of confidentiality status, and review of general case filings and press articles. MFC incurred a total of 78.4 hours resulting in $41,482 in fees in connection with Case Administration during the period October 19, 2005 through January 31, 2006.

| *Cash Collateral/Debtor in Possession (DIP) Financing* | 47.0 |
|---|---|

In connection with cash collateral and DIP financing, MFC analyzed and reviewed terms and covenants included in the DIP Credit Agreement, sufficiency of the Facility, the Debtors' EBITDAR covenant compliance, and analyzed and discussed comparable DIP agreements. In addition, MFC analyzed the DIP motion and order, the borrowing base certificates and calculations, limitations of use, and other restrictions of the DIP. MFC incurred a total of 47 hours resulting in $22,986 in fees in connection with Cash Collateral/Debtor in Possession (DIP) Financing during the period October 19, 2005 through January 31, 2006.

6

*Cash Flow Monitoring*                                                    40.4

During the period October 19, 2005 through January 31, 2006, MFC reviewed and analyzed each of the Debtors' weekly cash forecasts which are provided on a monthly basis by FTI, prepared for and participated in monthly cash flow meetings with the Debtors and FTI, analyzed 13-week cash flow budgets and results, analyzed variances, analyzed cash forecasts versus financial model results and prepared related data for presentation to the Committee. MFC incurred a total of 40.4 hours resulting in $17,386 in fees in connection with Cash Flow Monitoring during the period October 19, 2005 through January 31, 2006.

*Claims Administration and Resolution*                                    0

There was no time incurred in connection with Claims Administration and Resolution entries during the period October 19, 2005 through January 31, 2006.

*Court Hearings and Committee Meetings*                                   273.2

MFC prepared for and participated in weekly Committee meetings, and professionals meetings held prior to and after Committee meetings. In addition, MFC attended and prepared for court hearings in order to render support and assistance to the Committee's counsel in regard to evaluating financial and related issues in this case. MFC incurred a total of 273.2 hours resulting in $157,985 in fees in connection with Court Hearings and Committee Meetings during the period October 19, 2005 through January 31, 2006.

*Creditor Issues and Information Requests*                                76.0

MFC prepared information requests and financial and other queries of the Debtors and their advisors in order to conduct analyses and assessments of the Debtors' financial condition, operations, and various other transactions and issues. MFC held numerous meetings with the Debtors and FTI regarding the Committee's information requests and the Debtors' responses to these information requests. MFC incurred a total of 76.0 hours resulting in $36,014 in fees in connection with Creditor Issues and Information Requests during the period October 19, 2005 through January 31, 2006.

*Disclosure Statement/Plan of Reorganization*                            0

There was no time incurred in connection with Disclosure Statement/Plan of Reorganization during the period October 19, 2005 through January 31, 2006.

*Employment Application*                                                  15.0

In connection with our retention in this case, MFC incurred a total of 15.0 hours resulting in $8,077 in fees during the period October 19, 2005 through January 31, 2006 in connection with the preparation of MFC's employment application and affidavits; the investigation of potential relationships with affiliates of the Debtors and other parties of interest; and discussions related to employment application.

7

*Employee Retention/Severance Plan*                                                     197.6

MFC analyzed and reviewed the Debtors' Key Employee Compensation Program ("KECP") motion and related documentation, including related objections filed by various parties and participated in sub-Committee meetings regarding the KECP. MFC assisted the Committee in its identification and retention of a qualified compensation consultant, and worked closely with Steven Hall Partners ("Steven Hall") in compiling a database of comparable plans and analyzing such information. MFC worked with Steven Hall to analyze comparable key employee retention plans for a designated set of comparable companies and to analyze and assess the Debtors' proposed Annual Incentive Plan ("AIP"), financial information related to plan targets, and other employee benefit programs. MFC incurred a total of 197.6 hours resulting in $91,072 in fees in connection with Employee Retention/Severance Plan during the period October 19, 2005 through January 31, 2006.

*Fee Applications and Billing*                                                           165.9

MFC incurred time in the preparation and review of the Monthly Statements as required in order to comply with the Compensation Procedures Order governing the payment of professionals in these cases. MFC incurred a total of 165.9 hours resulting in $36,056 in fees in connection with Fee Applications and Billing during the period October 19, 2005 through January 31, 2006.

*Financial and Company Analysis*                                                        2,546.8

In connection with its analysis and review of the Debtors' on-going operating and financial performance, MFC analyzed historical and projected financial results of the Debtors and their competitors, analyzed and discussed with the Debtors' and their advisors various financial forecasts and projections provided by both FTI and Rothschild, analyzed, amended and developed financial models of the Debtors, and reviewed and analyzed various financial reporting information provided by the Debtors. In addition, MFC performed analyses of financial results for various functional operations, divisions and plants, reviewed the Debtors' organizational and functional structure, and reviewed market analyst reports. MFC also analyzed the financial and operational impact of first day and subsequent motion issues, including but not limited to the foreign vendor and essential supplier programs, contract assumptions procedures, human capital, reclamation claims, and cash management. MFC participated in numerous and frequent meetings with the Debtors and their advisors, and conducted analysis regarding the above noted motions, the implementation and activity of those motions, and other activity of the Debtors particularly with respect to the foreign and essential supplier disbursements, conforming contract assumptions and non-conforming contract assumptions, vendor rescue program activity, set-off claims, de minimus asset sales, intercompany activity and balances, labor and benefits information, GM related issues, the Debtors' Statements of Assets and Liabilities, and numerous other financial and operational issues. In addition, MFC attended meetings and conference calls with the Committee and its advisors to coordinate and strategize efforts to respond promptly to Committee and creditor issues and to address the issues and matters described above. MFC also prepared analyses and weekly reports for the Committee in order to update the Committee and respond to specific directions from the Committee and its counsel. MFC incurred a total of 2,546.8 hours resulting in $1,198,149 in fees in connection with Financial and Company Analysis during the period October 19, 2005 through January 31, 2006.

*Merger/Acquisition/Divestiture Analysis*                                               0

There was no time incurred in connection with Merger/Acquisition/Divestiture Analysis during the period October 19, 2005 through January 31, 2006.

_Bankruptcy Motions_                                                        62.0

During the period October 19, 2005 through January 31, 2006, MFC incurred a total of 62.0 hours resulting in $31,288 in fees for its review and analysis of various motions filed with the court, including, but not limited to first day motions, Supplier/Assumption Motion, lease rejection motions, the Human Capital Motion, Reclamation Claims Motion, the DIP Motion, de Minimus Asset Sales Motion and the Cash Management Motion.

_Travel_                                                                    65.7

MFC personnel incurred a total of 65.7 hours resulting in $17,672 in fees during the period October 19, 2005 through January 31, 2006 in travel time to and from various locations for the purpose of attending Committee meetings, Court hearings, meetings with the Debtors, and other case functions. MFC has voluntarily limited its travel time to a maximum of 2.0 hours per trip and has only billed its time at one-half its normal rates.

**Total Hours**                                                            **3,568.0**

18.     MFC submits that the foregoing services were necessary to the administration of this Chapter 11 case, were necessary and beneficial to the Debtors' estates at the time such services were rendered, and were performed without unnecessary duplication of effort or expense. MFC's request for compensation for the foregoing services is reflective of a reasonable and appropriate amount of time expended in performing such services commensurate with the complexity, importance and nature of the problem, issue and task involved.

19.     Although every effort has been made to include all expenses from the First Interim Period in this Application, some expenses from the First Interim Period might not be included in this application due to delays caused by accounting and processing procedures. MFC reserves the right to make further application to the Court for allowance of expenses not included herein.

### NOTICE

20.     Notice of this Application has been provided pursuant to the Compensation Procedures Order.

21.     WHEREFORE, MFC respectfully requests that this Court enter an order: (i) allowing MFC's request for compensation in the sum of $1,654,678 for actual, reasonable and necessary professional

9

services rendered on behalf of the Committee during the Compensation Period; (ii) directing the Debtors

to pay to MFC the full amount of such compensation to the extent not already paid; and (iii) directing the

Debtors to reimburse MFC in the amount of $66,761 for actual, reasonable and necessary expenses

incurred during the Compensation Period, to the extent not already reimbursed.

Dated: New York, NY
     April 19, 2006

          Respectfully submitted,

          Larry H. Lattig
          Mesirow Financial Consulting, LLC
          666 Third Avenue at the Chrysler Center, 21st Floor
          New York, NY  10017
          (212) 808-8330

          FINANCIAL ADVISOR TO THE OFFICIAL
          COMMITTEE OF UNSECURED CREDITORS