SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- x
                                    :
     In re                                :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,        :    Case No. 05-44481 (RDD)
                                    :
              Debtors.             :    (Jointly Administered)
                                    :
---------------------------------------------------- x

FIRST SUPPLEMENTAL DECLARATION AND STATEMENT OF
JOHN WM. BUTLER, JR. UNDER FED. R. BANKR. P. 2014 AND 2016

JOHN WM. BUTLER, JR., being duly sworn, deposes and says:

1.  I am a member of the firm of Skadden, Arps, Slate, Meagher & Flom LLP and affiliates (collectively, "Skadden") which maintains an office for the practice of law at 333 West Wacker Drive, Chicago, Illinois 60606-1285.  On October 8, 2005, I filed a declaration executed by me on October 8, 2005 (the "Declaration") pursuant to 11 U.S.C. §§ 327 and 329 and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the Application For An Order Under 11 U.S.C. §§ 327(a) And 329 And Fed. R. Bankr. P. 2014 And 2016 (I) Authorizing The Employment And Retention Of Skadden, Arps, Slate, Meagher & Flom LLP And Affiliates As Attorneys For Debtors-in-Possession And (II) Scheduling A Final Hearing Thereon, filed contemporaneously therewith by Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors").  Pursuant to an interim order entered October 14, 2005, and a final order entered November 4, 2005, this Court authorized the retention of Skadden to serve as the Debtors' principal restructuring and bankruptcy counsel.  Skadden has represented, and continues to represent, the Debtors in their chapter 11 cases since the filing of the Debtors' chapter 11 petitions.

2.  Prior to the execution of the Declaration, Skadden performed extensive relationship and disclosure research with respect to the Debtors' affiliates, directors and officers, joint owners of the Debtors' affiliates, fifty largest unsecured creditors (on a consolidated basis as of September 2005 as determined by the Debtors), counterparties to major contracts, major lenders, shareholders owning more than 5% of

2

outstanding shares, professionals, utility companies, counterparties to major leases, insurance providers, major vendors, major customers, non-Debtor parties to collective bargaining agreements with the Debtors, indenture trustees, underwriters of securities, major litigation parties, state and governmental agencies, and Judges and United States Trustees for the United States Bankruptcy Court for the Southern District of New York. The disclosures in the Declaration were based on that inquiry.

3. Since the commencement of these cases, Skadden has engaged in extensive further inquiry of its partners, counsel, and associates with respect to the matters contained in the Declaration, including the circulation (and review of responses) of a special "disinterestedness" questionnaire to each of its more than 1,700 attorneys. In addition, Skadden conducted additional queries of its client databases regarding possible relationships with, or connections to, the parties that filed formal notices of appearance in these cases (the "Rule 2002 Entities"), the parties on the master service list (the "Master Service List Parties"), and certain other parties who have been actively involved in these cases or otherwise identified to Skadden.

4. Skadden is filing this supplemental declaration (the "Supplemental Declaration") to supplement the disclosures in the Declaration and to provide additional disclosures regarding the results of its continued client database research of the parties that have appeared in these cases and other additional due diligence. Skadden will continue to conduct further due diligence and research of its client databases and inquiries of its attorneys and will file additional supplemental declarations regarding its retention,

3

including periodic supplemental declarations anticipated to be filed at or about the time that future fee applications are filed in these cases, to the extent necessary.

5. Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto. Certain of the disclosures herein, however, relate to matters within the knowledge of other attorneys at Skadden and are based on information provided by them.

6. Except as otherwise set forth in the Declaration and herein, to the extent known by me after reasonable inquiry, Skadden, through its partners, counsel, and associates, (a) does not have any connections with the Debtors or their affiliates, their creditors, the United States Trustee for the Southern District of New York (the "U.S. Trustee") or any person employed in the office of the U.S. Trustee, or any other party-in-interest, or their respective attorneys and accountants, (b) is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b), and (c) does not hold or represent any interest adverse to the Debtors' estates.

7. As disclosed in the Declaration, Skadden does not represent and has not represented any entity, other than the Debtors, in matters related to these bankruptcy cases. Skadden has, however, in the past represented, currently represents, and likely in the future will represent certain creditors of the Debtors and other parties-in-interest in matters unrelated to the Debtors, the Debtors' reorganization cases, or such entities' claims against or interests in the Debtors. To the extent known by me after reasonable inquiry, the identity of these creditors and other parties-in-interest were disclosed in the Declaration or are disclosed in this Supplemental Declaration. Skadden's representation of these entities has

not and will not affect the firm's representation of the Debtors in these cases. Skadden does not represent these entities in any matters adverse or related to the Debtors. Most of the firm's representations of these parties consist of representations in episodic transactional matters.

Supplemental Due Diligence And Disclosures

8.  Subsequent to the filing of the Declaration, Skadden has performed additional searches of its client databases for the Rule 2002 Entities as of April 30, 2006, the Master Service List Parties as of April 30, 2006, retained professionals, and certain other parties-in-interest. Based on such subsequent client database queries, Skadden has determined that it represents or has represented (in addition to those entities previously disclosed in the Declaration) certain creditors or other parties-in-interest (or in some cases their affiliates as indicated) on matters unrelated to the Debtors as follows:

9.  Directors And Officers: Entities affiliated with the following current and former directors and officers: Robert J. Dellinger; Patrick Griffin; Samuel H. Hall; and David M. Sherbin.

10. Fifty Largest Unsecured Creditors: An affiliate of Aman Environmental Construction Inc.; Corning Inc.; and Merck & Company.

11. Major Lenders: Affiliates of American Express Certificate Company; Banca Nazionale del Lavoro S.p.A.; Bank of America, N.A.; Candlewood Partners; Canyon Capital; Castle Hill; Centurion; affiliates of Citicorp Mortgage Securities; an affiliate of CSAM Funding; Desjardins; an affiliate of Diversified Investors; Flagship; an affiliate of Fortis; an affiliate of Galaxy; an affiliate of Gracie Capital LLC; an affiliate of

Harbour Town Funding LLC; an affiliate of Highland Floating Rate Fund; affiliates of IDS Life Insurance Company; affiliates of ING Investment Management LLC; affiliates of Investors Bank and Trust Company; affiliates of Katonah; affiliates of KZH; affiliates of Lincoln National Life Insurance Company; an affiliate of Lispenard Street Credit; an affiliate of Long Grove CLO, Limited; an affiliate of Marathon Special Opportunity Master Fund; an affiliate of Metropolitan West Asset Management; Mizuho Corporate Bank Ltd.; affiliates of Mountain Capital CLO; affiliates of Muirfield Trading LLC; affiliates of National City Bank; an affiliate of Nemean CLO, Ltd.; an affiliate of Oak Hill Credit; affiliates of Oak Hill Securities Fund; affiliates of Octagon Investment Partners; affiliates of Principal Life Insurance Company; PNC Bank and affiliates; an affiliate of Prospect Funding LLC; Putnam Investments and affiliates; an affiliate of Race Point; an affiliate of Redwood Master Fund; an affiliate of Riviera Funding LLC; Salomon Brothers Variable-Rate Strategic Fund; an affiliate of Sankaty High Yield Partners; affiliates of Satellite Senior Income Fund; Seneca Capital and affiliates; an affiliate of Sierra CLO; affiliates of Stanfield Quatro CLO; Suntrust Bank and affiliates; Trust Company of the West; affiliates of Vulcan Ventures; and affiliates of Wells Capital Management.

12.     <u>Shareholders Who Own More Than 5% Of The Debtors' Shares</u>: Three public companies and the independent directors of a fourth public company, with respect to each of which Appaloosa Management L.P. has filed a Schedule 13D or Schedule 13G with the Securities and Exchange Commission indicating beneficial ownership of equity securities in each such company; and Brandes Investment Partners, LLC.

13. <u>Professionals</u>:  Foley & Lardner LLP; Jefferies & Company, Inc.; Kurtzman Carson Consultants LLC; and Paul, Hastings, Janofsky & Walker LLP.

14. <u>Utility Companies</u>:  Affiliates of Amerada Hess Corporation; an affiliate of ANR Pipeline Company; affiliates of Columbia Gas Transmission Corporation; affiliates of Coral Energy Resources, L.P.; an affiliate of East Ohio Gas Company; an affiliate of Indiana Gas Company Inc.; an affiliate of Ohio Edison Company; Panhandle Eastern Pipeline Company; and Vectren Energy.

15. <u>Major Vendors</u>:  Affiliates of Adam Opel AG; an affiliate of Alcan; an affiliate of Amphenol Corporation; an affiliate of Applera Corporation; an affiliate of Aramark Services, Inc.; an affiliate of ARC Automotive; Asahi Glass Company; Baker Hughes and affiliates; Bellsouth Corporation and affiliates; affiliates of Compuware; Dana Corporation;[1] E. I. du Pont de Nemours and Company; an affiliate of Ericsson AB; an affiliate of Flextronics International; FMR Corporation; Hydro Aluminum; an affiliate of Integrated Therapeutics Group, Inc.; Intel Corporation; Intermet Corporation;  International Business Machines Corporation; affiliates of International Rectifier Corporation; an affiliate of Livedevices Ltd; Lucent Technologies and affiliates; an affiliate of Matsushita Electric Corporation; an affiliate of Matsushita Electric Industrial Company; an affiliate of Metaldyne Corporation; an affiliate of Mitsubishi Electric; Nokia and affiliates; Norilsk Nickel; an affiliate of Philips Semiconductors GmbH; an affiliate of Quexco Inc.; affiliates

---

[1]  Skadden represents Dana Corporation (including the audit committee and the independent director of the board of directors of Dana Corporation) in connection with an audit committee investigation, an SEC investigation, and certain shareholder demands.  Skadden believes that Dana Corporation intends to file with the bankruptcy court in Dana Corporation's chapter 11 cases an application pursuant to section 327(e) of the Bankruptcy Code to retain Skadden as special counsel to Dana Corporation and its affiliate debtors.

of Saab Automobile; SRI International and affiliates; an affiliate of Sumitomo Electric; affiliates of TCS; affiliates of Technitrol Inc; Toronto Dominion Bank Financial Group; Toshiba Corporation and affiliates; an affiliate of TPG Advisors; UnitedGlobalCom and affiliates; affiliates of Vauxhall Motors Ltd.; affiliates of Vishay Intertechnology; and an affiliate of Whitaker Corporation.

16.     Major Customers:  An affiliate of Collins & Aikman and Deere & Company.

17.     Major Litigation Parties:  Apple Computer, Inc.; Richard Vance, an officer of a client that is an affiliate of Borg Warner; Charles Clark, president and principal of Travelers Indemnity Company of America, Inc., an affiliate of clients; an affiliate of CSX Corporation; an affiliate of Fiber Systems International Inc.; an affiliate of the Foothill Group Inc.; affiliates of Ivensys Plc.; an affiliate of Modine Manufacturing; affiliates of Nabco Inc.; an affiliate of Nesco Industries; and Joshua A. Sherbin, an officer of an affiliate of a client.

18.     Record Noteholders Holding 5% Or More Of Bonds And Trust Preferred Securities Of The Company:  Lehman Brothers and affiliates; affiliates of Mellon Trust; and an affiliate of Pershing LLC.

19.     Rule 2002 Entities, Entities Actively Involved In These Cases, And Master Service List Parties:[2]  A. Schulman, Inc. and affiliates; an affiliate of Airgas, Inc; an

---

[2] Skadden has reviewed the docket in these cases for the names of entities filing requests for notices pursuant to Bankruptcy Rule 2002 through April 30, 2006. In addition, Skadden accepted requests by e-mail or telephone for inclusion as a Rule 2002 Entity. In addition, the Debtors have also added certain parties to the Master Service List in accordance with the Seventh Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing

affiliate of Alcan Rolled Products; Ameritech Credit Corporation; an affiliate of American Finance Group, Inc.; affiliates of America Online, Inc.; ATS Automation Tooling Systems, Inc.; Baker Hughes and affiliates; Barnes Group; BASF Corporation; affiliates of BEI Technologies; an affiliate of Benteler Automotive; an affiliate of Brush Engineered Materials; an affiliate of Cadillac; affiliates of Castrol Industrial North America, Inc.; Cerberus Capital Management; Cornell University; an affiliate of Chromalloy Gas Turbine Corporation; D.E. Shaw; affiliates of Elliot & Associates; Federal Express Corporation; Hexcel Corporation; an affiliate of Hitachi Magnetics; Hydro Aluminum; affiliates of ICX Corporation; ITT Industries; Kensington; an affiliate of Linear Technology Corporation; Maedwestvaco Corporation; affiliates of National Instrument Corporation; Noma Company; an affiliate of Norsk Hydro; an affiliate of Optrex America Inc.; an affiliate of Oracle Credit Corporation; an affiliate of Oracle USA; an affiliate of Orbotech Inc.; affiliates of Osrom Opto Semiconductors; an affiliate of the Pension Benefit Guaranty Corporation; an affiliate of Penske Truck Leasing Corporation; affiliates of Priority Healthcare Corporation; Quadrangle Group LLC; Rassini, S.A. de C.V.; SBC Communications and affiliates; Seyfarth Shaw LLP; Silver Point Capital; Sojitz and affiliates; Solectron and affiliates; Sony Electronics; affiliates of Standard Microsystems; an affiliate of Stichting Pensioenfonds ABP; an affiliate of Telefax, Inc.; an affiliate of Toshiba America Electronic Components, Inc.; UGS Corporation and affiliates; affiliates of Veritas Software

---

Dates, Certain Notice, Case Management, And Administrative Procedures entered by this Court on May 19, 2006 (Docket No. 3824). Unless otherwise stated, Skadden has not conclusively determined the relationship and/or affiliation of the entity filing the request for notices pursuant to Bankruptcy Rule 2002. Many of the names included in the Declaration also filed such requests and, therefore, to the extent previously disclosed, are not set forth in this section.

Corporation; an affiliate of Volvo Group; affiliates of Wellman; an affiliate of Worthington Steel; and affiliates of XM Radio.

20. <u>Disinterestedness Questionnaires</u>.  In addition, as discussed above and in the Declaration, consistent with its practice when representing chapter 11 debtors, special "disinterestedness" questionnaires were circulated after the date of the Declaration to all partners, counsel, and associates of Skadden.  The questionnaires require Skadden attorneys to identify relevant relationships with or connections to the Debtors, their affiliates, and the creditors and other parties-in-interest described in the Declaration.

21. Of the questionnaires circulated to approximately 1,700 Skadden attorneys in eleven domestic and eleven international offices, more than 99% of the questionnaires circulated were returned and reviewed as of April 30, 2006.  The statements contained in this Supplemental Declaration are based on the responses to the internal questionnaire.  As to the remaining attorneys who have not responded to the questionnaires, additional requests for responses have been distributed and, as appropriate, additional relevant information will be disclosed in future supplemental declarations, if necessary.

22. The review of the disinterestedness questionnaires has disclosed that certain Skadden attorneys are former employees of creditors of the Debtors or parties-in-interest.  In particular, a partner resident in the firm's Washington, D.C. office, where she is not working on the Debtors' cases, is a director of Continental Casualty Company.

23. In addition, certain attorneys at Skadden are related to employees of certain of the Debtors' creditors and other parties-in-interest.  In particular, a New York

10

partner is related to an employee of Bank of New York; a New York partner is related to an employee of Citigroup; a New York partner is the spouse of the Chief Executive Officer of Citigroup; a Washington, D.C. partner is related to a director of Citigroup; a Palo Alto partner is the spouse of a partner of Foley & Lardner LLP; a New York partner is related to an employee of Merrill Lynch; a New York partner is related to an employee of Sitrick & Company; a Chicago counsel is the spouse of a director in the Investment Banking division of Citigroup; a Chicago associate is related to an employee of Bank of America, N.A.; a New York associate is related to a director of Bear Stearns; a Los Angeles associate is related to an employee of Best Buy Company, Inc.; a Wilmington associate is related to an employee of BNP Paribas; a New York associate is related to the Chief Executive Officer of Citigroup; a Chicago associate is related to an employee of DaimlerChrysler AG; a New York associate is related to a former officer of DaimlerChrysler AG; a Chicago associate is related to a partner of Foley & Lardner LLP; a Chicago associate is the spouse of a senior counsel of Foley & Lardner LLP; a Chicago associate is related to an employee of an affiliate of General Electric Capital Corporation; a Chicago associate is related to an employee of GMAC; a Chicago associate is related to an employee of International Business Machines Corporation; a Washington, D.C. associate is related to an employee of International Business Machines Corporation; a Chicago associate is related to an employee of JP Morgan Chase; a New York associate is related to an officer of Marsh USA, Inc.; a Washington, D.C. associate is related to an employee of Oppenheimer Company; a Wilmington associate is related to a partner of Paul, Hastings, Janofsky & Walker LLP; a New York associate is the spouse of an employee of PricewaterhouseCoopers LLP; a

Washington, D.C. associate is related to an employee of Raytheon Company; and a Washington, D.C. associate is related to an employee of Texas Instruments.

24.     Additionally, numerous Skadden attorneys own nominal shares of or hold accounts with parties-in-interest including Advanced Micro Devices, AT&T, Bell South, Citigroup, Dodge & Cox, ExxonMobil, General Electric, GMAC, Hewlett-Packard, Intel, International Business Machines Corporation, JP Morgan Chase, Lucent, MCI, Merck, Microsoft, Motorola, New York Gas & Electric, New York State Power, Putnam, TDK, Texas Instruments, Tyco International, USA Technologies, US Steel, Verizon, Wachovia, and Wal-Mart.  Certain Skadden partners may own Delphi common stock, either directly or indirectly and, in fact a New York partner and a London partner each hold nominal shares of Delphi stock.  Also, Skadden partners may hold Delphi common stock in managed accounts over which they have no control over investment decisions pertaining to holdings in such accounts.  As stated in the Declaration, pursuant to the internal policy of Skadden, the Debtors have been placed on the firm's "restricted list" and no sale or purchase of securities or claims relating to the Debtors will be authorized or permitted during the pendency of Skadden's retention as the Debtors' counsel in the chapter 11 cases.

25.     Certain Skadden attorneys or their relatives conduct personal business with, and/or maintain personal accounts at, certain of the Debtors' creditors, major bondholders, underwriters, significant contract parties, or own securities issued by certain of the Debtors' creditors, major bondholders, notice of appearance parties, or significant contract parties.

12

26. Skadden is one of the largest law firms in the world, with approximately 1,700 attorneys located in 22 offices in 11 nations, and has a diverse client base. Indeed, for the period beginning February 1, 2005, and ending January 31, 2006, no single client accounted for more than 3.775% of Skadden's total value of time billed to client matters for that period. Except with respect to Citigroup and JP Morgan Chase, no single client referenced in this Supplemental Declaration accounted for more than 1.00% of the value of time charged to client matters during that period.

### Professional Compensation

27. As previously disclosed in the Declaration, the Debtors received retainers for professional services to be rendered and charges and disbursements to be incurred during the Debtors reorganization cases (the "Retainer"). Skadden last drew on the Retainer on December 31, 2005 in the amount of $266,151.00 to reconcile prepetition amounts owed and continues to hold the remaining balance of the Retainer to be applied to fees, charges, and disbursements which remain unpaid as of the conclusion of the Debtors reorganization cases. As of May 29, 2006, the amount of the Retainer is $3,766,868.00.

### Further Due Diligence

28. Skadden has instituted and is carrying on further inquiries of its partners, counsel, and associates with respect to the matters contained herein. Skadden will file supplemental declarations regarding this retention if any additional relevant information comes to its attention.

29. Skadden intends to conduct further database queries and file supplemental declarations, to the extent necessary, at or about the time of filing its second interim

fee application in these chapter 11 cases, unless further disclosure is warranted at an earlier date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on May 31, 2006, at Chicago, Illinois

/s/ John Wm. Butler, Jr.
John Wm. Butler, Jr.