## ASSIGNMENT OF CLAIM AGREEMENT

**Assignment of Claim.** GecGen, LLC, successor by merger to Hennessey Capital Funding Corp., f/k/a Hennessey Capital Solutions (hereinafter "Assignor") having a mailing address at 26321 Woodward Avenue, Huntington Woods, MI 48070-1362, in consideration of the sum of $1.00 and other good and valuable consideration (the "Purchase Price"), does hereby transfer to McAlpin Industries, Inc. (hereinafter "Assignee") having a mailing address at 255 Hollenbeck Street, Rochester, NY 14621, all of Assignor's right, title, benefit, interest, voting rights, claims and causes of action in and to, or arising under or in connection with the claim of Assignor, against Delphi Automotive Systems LLC (the "Debtor"), in bankruptcy proceedings (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), Case No. 05-44640, **identified on Schedule F of the Debtor's Statement of Assets and Liabilities as number 1614148 – 10398586, in the amount of $148,680.66,** as filed with the Court (the "Claim") and all cash, securities, instruments and other property which may be paid or issued in satisfaction of the Claim and all rights to receive interest, penalties, fees and any damages from any cause of action or litigation which may be paid with respect to the Claim (the "Recovery"). This Assignment of Claim agreement (the "Agreement") shall be deemed an unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

Assignor represents the Claim is in an amount not less than $148,680.66 (the "Claim Amount"). (Please check one):

(__)  A Proof of Claim in the amount of $_____ (the "Proof of Claim Amount") has been duly and timely filed in the Proceedings (and a true copy of such Proof of Claim has been provided to Assignee). The parties agree that if the Proof of Claim Amount is less than the Claim Amount, the Purchase Price shall be reduced such that Assignor shall be paid the pro rata share of the Purchase Price based on the lower Proof of Claim Amount.

( X )  A Proof of Claim has not been filed in the Proceedings.

**Notice of Assignment.** Assignee shall use commercially reasonable efforts to transfer the Claim in compliance with Rule 3001 of the Federal Rules of Bankruptcy Procedure. Assignor hereby waives its right to raise any objections to this Agreement, or any provision of this Agreement, in relation to any action or omission taken by Assignee, in regard to the Claim as it relates to Assignee's performance of this provision, including without limitation, Rule 3001 of the Rules of Bankruptcy Procedure.

**Distributions and Notices Received by Assignor.** In the event Assignor receives an interim or final distribution of the Recovery, or any portion thereof, made payable on or after the date of Assignor's execution of this Agreement, Assignor agrees to accept the same as Assignee's agent and to hold the same in trust on behalf of and for the benefit of Assignee, and shall promptly deliver the same forthwith to Assignee in the same form received, or in a form reasonably requested by Assignee. Assignor agrees to forward to Assignee all notices received from the Debtor, the Court, any other

court or governmental entity or any third party regarding the Claim assigned herein and to take such other action, with respect to the Claim, as Assignee may request from time to time.

**Governing Law, Personal Jurisdiction and Service of Process.** This Agreement shall be governed by and construed in accordance with the laws of the State of New York, notwithstanding any contrary choice of law that would otherwise apply under the choice of law principles of that or any other jurisdiction.

**Miscellaneous.** This Agreement may not be modified, waived, changed or discharged, in whole or in part, except by an agreement in writing signed by the parties. This Agreement constitutes the entire agreement and understanding between the parties hereto with respect to the subject matter hereof and supersedes all prior agreements, understandings and representations pertaining to the subject matter hereof, whether oral or written. Assignor hereby acknowledges that Assignee may at any time reassign the Claim, or any portion thereof, together with all right, title and interest received by Assignee in and to this Agreement. Assignor shall not assign or otherwise transfer its rights or obligations under this Agreement without the prior written consent of Assignee. This Agreement shall be binding upon any prospective successor of Assignor (whether by operation of law, merger or otherwise) or on any purchaser of all or substantially all of Assignor's assets ("Transfer"). In connection with any such Transfer, the purchaser, successor or assignee of Assignor shall agree to be bound by the terms and conditions of this Agreement. This Agreement may be signed in counterparts and by telecopy, or other commonly acceptable form of electronic transmission, each of which shall be deemed an original and all of which taken together shall constitute one agreement.

GECGEN, LLC ("Assignor")

*/s/ Candace M. Pavliscak*

Candace M. Pavliscak
Title: Chief Risk Officer          Telephone: (248) 658-1100 x204

Date: _____          Facsimile: (248) 658-1203


MCALPIN INDUSTRIES, INC. ("Assignee")

*/s/ Jon B Cheino*

Title: CFO                       Telephone: (585) 266-3060 x119

Date: 5/19/06                    Facsimile: (585) 266-4816

BH01\627591.1
ID\BGB

C:\DOCUME~1\bgb\LOCALS~1\Temp\iScrub\BH01-#627591-v1-hennessey___assignment_of_claim.doc