Christopher J. Battaglia (CB-4436)
Julie D. Dyas (JD-4178)
HALPERIN BATTAGLIA RAICHT, LLP
555 Madison Avenue, 9th Floor
New York, New York 10022
Telephone (212) 765-9100
Facsimile (212) 765-0964

Andrew Kochanowski, Esq.
Sommers Schwartz, P.C.
2000 Town Center, Suite 900
Southfield, MI 48075
Telephone (800) 967-1234
Facsimile (248) 746-4001

*Attorneys for Automotive Technologies International, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
In re:                                      :
                                            :   Chapter 11
DELPHI CORPORATION, et al.,                 :
                                            :   Case No. 05-44481 (RDD)
                                Debtors.     :
                                            :   (Jointly Administered)
                                            :
------------------------------------------------------------x
```

**AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC.'S MOTION
FOR RELIEF FROM AUTOMATIC STAY TO PROCEED
<u>WITH APPEAL OF PATENT LITIGATION</u>**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Automotive Technologies International, Inc., ("ATI"), by and through its counsel of record, Halperin Battaglia Raicht, LLP, hereby moves for relief from automatic stay to allow it to proceed to judgment with an appeal of certain pending patent litigation, as more fully described herein (the "Motion). In support of its Motion, ATI represents as follows:

## PRELIMINARY STATEMENT

1.      Earlier in these Chapter 11 cases, ATI moved to lift the automatic stay with respect to two separate patent appeals pending before the United States Court of Appeals for the Federal Circuit.  By Order dated April 11, 2006, the automatic stay was lifted with respect to one of the appeals and was denied, without prejudice, with respect to the other, as the Court determined the request was untimely.  Given that the conditions discussed by the Court underlying the decision not to lift the stay do not appear to be present, ATI is renewing its request for lift stay.  Every day that the remaining appeal is stayed, ATI loses its rights to enjoy the rights conferred by patent laws.  ATI believes that this infringement severely prejudices ATI's entire business and future operations.  Accordingly, given the passage of time and the utter stagnancy of any resolution of the remaining appeal, ATI renews its request for lift stay.[1]

2.      In 2001 and 2003, ATI commenced two separate actions in the United States District Court, Eastern District of Michigan, alleging infringement of two patents relating to side impact sensors and weight sensors by Delphi, among others.  The 2003 action, in which Delphi is the sole defendant (the "ATI/Delphi Appeal"), alleges violations of ATI's patent for bladder sensors.  The 2001 action, the side impact sensor litigation in which Delphi is one of numerous automotive manufacturer and supplier defendants (the "ATI/BMW Appeal"), alleges violations of ATI's patent for side impact sensors. In addition to these cases, ATI filed a third patent infringement case, Case No. 04-CV-72035-DT, in 2004 before the USDC for the Eastern District of Michigan arising from a second patent for side impact sensors. Delphi was named a defendant in that case along with a number of other automotive suppliers. This case was assigned to the same District Judge as was hearing the original, 2001 side impact case.

---

[1] ATI would withdraw the Motion if, for reasons discussed on the record at the hearing on April 7, 2006, resolution of the ATI/BMW Appeal were reached.

3.     Well in advance of Delphi's petition date, the District Courts hearing the cases filed in 2001 and 2003 cases ruled that certain claims of the two asserted patents were invalid for technical reasons, entitling the defendants to summary judgment  with respect to the alleged patent infringement.  As there were potentially some common issues involved, the District Court handling the 2004 side impact sensor case stayed discovery pending the appeal of his ruling. ATI appealed the District Courts' rulings to the Federal Circuit, as the Federal Circuit has *exclusive jurisdiction* over all patent appeals.

4.     The automatic stay has already been lifted with respect to the ATI/Delphi Appeal.  As resolution has neither been approximated nor achieved, ATI renews its request for relief from the automatic stay to allow the ATI/BMI Appeal to advance before the Federal Circuit.  Though briefing on the ATI/BMI Appeal has not been completed, Delphi is one of twenty-six defendants, many of whom have interests identical to those of Delphi.  Accordingly, any prejudice to Delphi is minimized when weighed against the harm to ATI and the co-defendants.

5.     Section 362(d)(1) of the Bankruptcy Code allows for the automatic stay to be lifted if, among other reasons, "cause" to lift the stay exists.  There are numerous reasons why "cause" exists to lift the stay with respect to the ATI/BMW Appeal, now more than ever. Importantly, the case is beyond the trial court level and there are numerous third-parties who are unduly prejudiced by the delay in resolution of the ATI/BMW Appeal.  Courts have found these factors alone to be sufficient cause to lift the automatic stay.  Additionally, the Second Circuit has outlined twelve distinct factors to weigh in determining whether it is appropriate to lift the automatic stay to allow for litigation to be resolved in another forum.  Among these factors are (i) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action (here, the Federal Circuit), (ii) whether litigation in another forum would prejudice [or enhance] the interests of other creditors (here the estate would be enhanced by

minimizing the potential for a growing administrative claim for post-petition patent

infringement) (iii) whether the relief would result in complete resolution of the issues (all issues

would be resolved by a determination by the Federal Circuit, including liquidation of any ATI

claim against the Delphi estate); (iv) lack of interference with the bankruptcy case (Delphi has

separate counsel for the matter and many other defendants have the same interests as Delphi and

could assume responsibility for the remainder of the case, if desired); (v) the interests of judicial

economy and economical resolution of litigation (the Federal Circuit is uniquely informed on

issues of patent appeals); and (vi) the balance of harms (as detailed below, ATI, Delphi's co-

defendants and the Delphi estate are all bettered by resolution before the Federal Circuit).

6.      Though earlier in the Delphi cases this Court held that there was no cause to lift

the automatic stay at that juncture, lifting the stay has become necessary and appropriate.  By the

passage of time without progress toward resolution, it has become evident that there is no other

means of concluding the ATI/BMW Appeal, both for ATI and Delphi, without allowing the

matter to formally resolve before the Federal Circuit.

## JURISDICTION

7.      This Court has jurisdiction to hear this matter, pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding, pursuant to 28 U.S.C. § 157.

8.      Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

9.      The relief requested in this Motion is predicated on 11 U.S.C. § 362(d)(1), and

Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

10.    On September 29, 2005, prior to the Debtor's petition date (the "Petition Date"),

ATI filed an appeal with the United States Court of Appeals for the Federal Circuit (the "Federal

Circuit") of an order of the District Court on patent claim construction and a partial summary

judgment order in favor of certain defendants.  The appeal is captioned *Automotive Technologies*

*International, Inc., Plaintiff/Counterclaim Defendant-Appellant, v. BMW of North America, Inc.,*

*Defendant/Counterclaimant-Appellee, et al.*, case no. 06-1013,-1037 (the "ATI/BMW Appeal").

Delphi Corporation Delphi" or the "Debtor") is one of twenty-six (26) Defendant-Appellees to

the ATI/BMW Appeal.  Over ATI's objection, briefing with respect to the ATI/BMW Appeal

was halted due to imposition of the automatic stay.

### RELIEF REQUESTED

*Relief From the Automatic Stay is Warranted*
*Under 11 U.S.C. § 362(d)(1)*

11.   ATI seeks relief from the automatic stay, to which it is entitled, to adjudicate the

ATI/BMW Appeal to decision.  Section 362(d)(1) of the Bankruptcy Code provides that:

> (d)   On request of a party in interest after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> (1)   *for cause*, including the lack of adequate protection of an interest in property of such party interest;…

11 U.S.C. § 362(d) (emphasis added).  Under the application of §362(d)(1), relief from the

automatic stay with respect to ATI is warranted for "cause."

12.   Courts have often found to permit "litigation to be concluded in another forum,

particularly if the nonbankruptcy suit involves multiple parties…."  Lawrence P. King, COLLIER

ON BANKRUPTCY (15th ed. 2006) at 362.07[3][a]; *see also, In re Sonnax Indus., Inc. v. Tri*

*Component Prods. Corp.*, 907 F.2d 1280 (2d Cir. 1990).  Courts have found that "cause" exists

to lift the automatic stay when the rights of third parties are involved, in addition to the rights of

the debtor.  *See Pursifull v. Eakin*, 814 F. 2d 1501 (10th Cir. 1987); *Sovran Bank v. Anderson*,

743 F.2d 731 (4th Cir. 1984); *In re Flores*, 291 B.R. 44 (Bankr. S.D.N.Y. 2003).

13.   With respect to the BMW/Delphi Appeal, lifting the stay for cause is merited as

the case has advanced beyond the trial court level and involves twenty-five other defendant-

appellees in addition to the debtor-defendant.  The issues relevant to the BMW/Appeal are in no

way specific to Delphi and the remaining defendant-appellees have an identical interest in

thoroughly briefing the issues on appeal.  The common interest of the other appellees will

minimize the need for Delphi's involvement, were the automatic stay to be lifted, should Delphi

so desire.  Further, the BMW Appeal is pending before the Federal Circuit, which has exclusive

jurisdiction over the subject matter.  Accordingly, ATI respectfully requests that this Court grant

relief from the stay pursuant to §362(d)(1) of the Bankruptcy Code.

### *The Sonnax Factors Compel Relief*
### *From the Automatic Stay*

14.   As the Court is aware, in addition to the recognized fact patterns in multiple

jurisdictions that courts have determined to constitute "cause" for lifting the automatic stay under

§362(d)(1), such as the interests of non-debtor parties to the action, the United States Court of

Appeals for the Second Circuit in *In re Sonnax Indus., Inc. v. Tri Component Prods. Corp.*, 907

F.2d 1280, 1286 (2d Cir. 1990) (hereinafter "*Sonnax*") referenced twelve (12) specific factors to

be weighed in deciding whether the automatic stay should be lifted to permit litigation to

continue in another forum.  *See Sonnax* at 1286, *referencing In re Curtis*, 40 B.R. 795.  These

factors are:

> (1) whether the relief would result in a partial or complete resolution
>       of the issues;
> (2) lack of any connection with or interference with the bankruptcy
>       case;
> (3) whether the other proceeding involves the debtor as a fiduciary;
> (4) whether a specialized tribunal with the necessary expertise has
>       been established to hear the cause of action;
> (5) whether the debtor's insurer has assumed full responsibility for
>       defending it;
> (6) whether the action primarily involves third parties;
> (7) whether litigation in another forum would prejudice the interests
>       of other creditors;
> (8) whether the judgment claim arising from the other action is
>       subject to equitable subordination;
> (9) whether movant's success in the other proceeding would result
>       in a judicial lien avoidable by the debtor;
> (10) the interests of judicial economy and the expeditions and
>       economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceedings;
and
(12) impact of the stay on the parties and the balance of harms.

*Id.*

15.    Not all of the twelve factors are relevant in every case.  *See Mazzeo v. Lenhart*

(In re Mazzeo), 167 F.3d 139, 143 (2d Cir. 1999), *In re Enron Corp.*, 306 B.R. 465, 476 (Bankr.

S.D.N.Y. 2004).  The factors that are relevant with respect to the ATI/ BMW Appeal strongly

weigh in favor of lifting the automatic stay and allowing the ATI/BMW Appeal to be resolved in

the Federal Circuit.

(i) The Federal Circuit is a Specialized Tribunal With
Exclusive Jurisdiction Over Patent Appeals; and
(ii) Lifting the Stay Results in Complete Resolution of the Issues

16.    Allowing the ATI/BMW Appeal to continue before the Federal Circuit is

necessary because the Federal Circuit has exclusive jurisdiction over patent appeals and, as

patent appeals from all of the District Courts are heard by the Federal Circuit, only the Federal

Circuit has the requisite expertise to decide the ATI/BMW Appeal.  28 U.S.C. § 1295.

Additionally, given that the Federal Circuit is a specialized tribunal hearing all patent appeals,

resolution of the ATI/BMW Appeal before the Federal Circuit is the only method to reach final

and complete resolution of the issues on appeal.  Further, if the automatic stay is lifted and the

Federal Circuit makes its determination and ATI is victorious, the Federal Circuit ruling will

inherently lead to liquidation of any and all claims ATI may have against the Debtor on account

of the patent infringement.  Likewise, if the ATI/BMW Appeal is successfully defended, ATI's

relevant claims against the Debtor's estate will have equally become liquidated.

17.    Despite this Court's prior instruction to Delphi and to ATI to first seek to settle

or otherwise resolve the ATI/BMW Appeal through channels discussed on the record at a

hearing on April 7, 2006, despite ATI's efforts, there has been no advancement toward any

resolution of the ATI/BMW Appeal.  Given this result and the passage of time, it is clear that the

Federal Circuit, a specialized tribunal for patent litigation, is the only appropriate forum for

resolution of the ATI/BMW Appeal.

 (iii) Judicial Economy, Economic Resolution of Litigation; and
(iv) Balance of Harm to the Parties

18.    Both the interests of judicial economy, as well as the balance of harm to the

parties, militate lifting the automatic stay to allow the ATI/BMW Appeal to conclude before the

Federal Circuit.  Given the advanced stage of the litigation and the familiarity the Federal Circuit

has with patent infringement appeals, even were it permissible to adjudicate ATI's claim in the

Bankruptcy Court, it would not be economical.  Further, though there is no sizeable prejudice to

Delphi to having the ATI/BMW Appeal continue before the Federal Circuit, ATI is substantially

prejudiced by the defendant-appellee's continued infringement and devaluation of ATI's

otherwise valuable patents, including infringement by Delphi.  The ATI patents are important

assets of the petitioner.  ATI has developed an extensive patent portfolio, primarily in the

automotive safety field, since 1989. The patents assigned to ATI constitute one of the primary

assets of the company. The federal patent laws grant ATI, as a patentee, the unquestioned right to

exclude others from practicing the patented invention but for only a limited number of years.

Every day that the ATI/BMW Appeal is stayed, ATI's entire business and future operations are

severely prejudiced.  Given the passage of time, there is now "cause" to lift the automatic stay

and allow resolution of the ATI/BMW Appeal before the Federal Circuit.

(v) The ATI/BMW Appeal Is Beyond the Trial Level; and
(vi) Primarily Involves Third Parties

19.    Given that one of the *Sonnax* factors is whether the case pending in another

forum is ready for trial, the fact that the ATI/BMW Appeal is beyond the trial level weighs in

favor of granting ATI's request to lift the automatic stay.  Though the ATI/BMW Appeal has not

been fully briefed, as the Federal Circuit suspended briefing pending this Motion, given that the

case has advanced beyond the trial level weighs in favor of lifting the stay.  Further, any weight

that could have favored Delphi due to the fact that briefing has not concluded in the ATI/BMW

Appeal is outweighed by ATI's interests and the interests of the twenty-five co-defendants, as

there are multiple co-defendants (for example, General Motors) with identical interests to Delphi

that can continue the briefing if, for any reason, Delphi does not wish to have its separate

litigation counsel attend to this matter.

(vii) Lack of Interference with the Bankruptcy Case; and
(viii) Litigation Before the Federal Circuit Benefits Other Creditors

       20.   Allowing the ATI/BMW Appeal to proceed will not interfere with the Debtor's

bankruptcy case because Delphi already has counsel for this matter, separate and apart from

bankruptcy counsel.  Further, as in the ATI/BMW Appeal ATI seeks both injunctive relief

(prohibiting Delphi from continuing to infringe on its patents) as well as monetary damages for

both pre-petition and post-petition infringement of ATI's patents, if ATI is correct in its

assertions, ATI will have an administrative claim against Delphi for all post-petition

infringements of the patents at issue in the Federal Circuit and the stayed District Court case.  It

is, thus, crucial to the Debtor's estate to have a determination on the ATI/BMW Appeal, as any

delay in ruling that Delphi infringed and continues to infringe upon ATI's patents would give

rise to significant additional and avoidable administrative claims for any continued post-petition

infringement.  Accordingly, rather than delaying adjudication of the ATI/BMW Appeal, the

ATI/BMW Appeal should be allowed to go forward as it is not only in ATI's best interests, but it

is in the Delphi estate's best interests.  Such a result can only be achieved by allowing the

Federal Circuit to rule and, if ATI's position is correct, to enjoin Delphi from future violations as

quickly as possible, thus minimizing costs to the estate.

 (ix) Judgment Not Subject to Equitable Subordination; and
(x) ATI Success Would Not Result in Avoidable Judicial Lien[2]

---

[2] ATI continues to assert that the remaining two (2) *Sonnax* factors -- whether the other proceeding involves the debtor as a
fiduciary, and whether an insurer has assumed responsibility for defending the action -- are irrelevant to the ATI/BMW Appeal.

21.   Given the nature of the ATI/BMW Appeal and the allegations of patent
infringement by the Debtor, there is simply no argument that any judgment that would stem from
the ATI/BMW Appeal could be subject to equitable subordination or result in an avoidable
judicial lien.  Therefore, these two factors, as delineated in *Sonnax*, weigh in favor of lifting the
automatic stay and allowing the ATI/BMW Appeal to conclude before the Federal Circuit as to
do so would not be effectively reversed by the rights afforded to the Debtor through the
bankruptcy process.

## **WAIVER**

22.   Because the authority for the relief requested is cited herein, ATI respectfully
requests that this Court waive the requirement of Local Rule 9013-1(b) that a separate
memorandum of law be submitted herewith.

[remainder of page intentionally blank]

## CONCLUSION

WHEREFORE, ATI prays that the automatic stay be lifted so that the pending litigation before the United States Court of Appeals for the Federal Circuit may proceed to judgment, and that the Court grant such other and further relief as is just.

DATED THIS 1st day of June, 2006.

HALPERIN BATTAGLIA RAICHT, LLP


By __/s/ Christopher J. Battaglia__
    Christopher J. Battaglia (CB-4436)
    Julie D. Dyas (JD-4178)
555 Madison Avenue, 9th Floor
New York, New York 10022
Telephone (212) 765-9100
Facsimile (212) 765-0964
Email: cbattaglia@halperinlaw.net
    jdyas@halperinlaw.net


-- and --

Andrew Kochanowski, Esq.
Sommers Schwartz, P.C.
2000 Town Center, Suite 900
Southfield, MI 48075
Telephone (800) 967-1234
Facsimile (248) 746-4001
Email: akochanowski@sommerspc.com

Attorneys for Automotive Technologies
 International, Inc.