UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
MAY 30 2006

------------------------------------x
                                    :
IN RE                               :    CHAPTER 11
                                    :
DELPHI CORPORATION et al.,          :    CASE NO. 05-44481 (RDD)
                                    :
              Debtors.              :    (JOINTLY ADMINISTERED)
                                    :
------------------------------------x

EX PARTE "CONSOLIDATION APPLICATION
BY CREDITOR LAFONZA EARL WASHINGTON SEEKING
PRELIMINARY, MANDATORY, AND PERMANENT
INJUNCTION(S) WITHOUT NOTICE - UPON PLEADINGS,
PROOF OF CLAIM(S), AND OTHER PAPERS WITHOUT
HEARING OR ORAL ARGUMENT - DELPHI'S 'IN RE'
FORM OF FILING SIGNIFIES THERE IS NO 'OPPONENT'
OR 'ADVERSE' PARTY TO BE NOTICED; DELAY IN
ISSUING, ENTERING, EXECUTING, ENFORCING OR
FINALIZING THE INJUNCTION(S) IS CAUSING IRRE-
PARABLE HUMAN RIGHTS, VIOLATIONS, LOSSES,
IRREMEDIABLE INJURIES REPEATEDLY AND CONTINUALLY
FOR "7" YEARS

Applicant/Creditor Lafonza Earl Washington applies to the Court in this matter, for the Court to administrate this request for Preliminary, Mandatory, and Permanent Injunction(s) and injunctive relief based on the pleadings, Proof of Claims, Affidavits and Voluntary Petition statutory "DUTIES" and "BENEFITS" to both this creditor(s) and debtor "WITHOUT" hearing and "WITHOUT" oral argument; it is NOTICED upon the Court that Title 11 USCA § 301 authorizing Voluntary Petitions is a congressionally enacted "ORDER FOR RELIEF" which the 'Separations of Powers' mandates to "NOT" be interfered with by the Executive nor Judicial branches. Applicant/Creditor Lafonza Earl Washington respectfully urges the Court to "set a date" for the Clerk or the Court - itself - to respond to this Application due to no opponent, objector, contes-

ter, plaintiff, defendant, adverse party, etc., involved in this administration "NOT" litigation of the Delphi Corporation estate. The Court is urged to "set a date" on an "EMERGENCY" basis for the official disbursement of the claimed monetary property belonging to this Applicant/Creditor since October 8, 2005, nunc pro tunc or now for then according to repeated Applications demanding payment and the Federal Rules of Bankruptcy Procedure, including the applicable Federal Rules of Civil Procedure, etc.

In support of this Application, submissions are made as follows:

1. The 'HUMAN RIGHTS', 'CIVIL RIGHTS', 'UNNECESSARY ECONOMIC AND FINANCIAL HARDSHIPS FOR "7" YEARS AND CONTINUING...', etc., are "BOUND" by law to prompt consideration, redressing, entering, execution, enforcement, finalizing, and allowed valid payment to be made which supersedes any scheduling or timetable of reorganization vote or other events.

2. There can be no litigative issues of credibility based on Title 11 USCA § 301 being a statutory 'ORDER' for Relief, firstly, that was confirmed, verified, finalized and entered as an 'ORDER' by the Court, secondly, on October 8, 2005, closing the 'HUMAN CAPITAL OBLIGATION' and 'CASH MANAGEMENT' matters and precluding future hearing and investigation as well as "SCHEDULING"!

3. However, if there existed such an issue of fact or law (which is impossible under 11 USCA § 301 "Voluntary" Petition limitations of the Delphi Corporation's "OWN" free choice of "VOLUNTARY" settlement offer), it is required to "NOT" be an impediment to the issuance of the injunction(s) demanded herein,

for the Court must only satisfy itself that this Applicant/Creditor has reasonable cause to believe that:

(i) Clear cases of Real and Personal properties rights are being wrongfully seized and lost for "7" years and continuing that is "BOUND" upon this Court to protect from irreparable injuries by prohibiting and commanding immediate disbursements of payment.

(ii) Clear cases of rights, titles and interests to these real and personal properties being violated are known by public records existing locally, statewide, and nationwide.

(iii) Clear cases of disobedience to the Court's 'HUMAN CAPITAL OBLIGATIONS' and 'CASH MANAGEMENT' Orders entered on October 8, 2005, that are continuous and repeated acts of public disrespect, disgrace, offenses of extortions, frauds, etc., caused by individuals hiding behind illegal corporate acts, indignity, etc., towards this Court and its October 8, 2005, decrees that could have provided "RELIEF" to the "HUMAN" financial and economic sufferings deliberately being caused for "7" years and continuing which is defined as "CONTEMPT"!

(iv) Clear cases of Lafonza Earl Washington and family being caused to suffer continued and repeated "HUMAN RIGHTS" violations with prohibited deprivations of daily, weekly, monthly and yearly compensations including benefits to live and survive on for "7" years...as accustomed to living on since June 13, 1973, the legal hire-in date to GM's Buick Division "33" years ago when this Applicant was only "18" years of age and a recent graduate out of high school, will be "prolonged" illegally if this relief is denied.

(v)  Clear cases of this Applicant having prevailed on the merits, no question of fact nor law exist due to Delphi's Voluntary Petition "NOT" being a litigation, an objection, a contest...but "ONLY" a statutory administration of the funds properly claimed over "8" months ago, according to the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure and the Administration "NOT" litigation of "JUSTICE"!

(vi)  This is a clear case showing that 100% of the harm favors this applying Applicant where the "IN RE" election of filing this Voluntary Petition self-evidences there exists no opponent, adverse party, defendant, etc., and Delphi has entered into $6.5 billion plus revolving "FACILITIES" financings with JPMorgan Chase Bank N.A., Citigroup USA, Inc. as "benefits" of being a debtor-in-possession to be able to pay its "DUTIES" of this obligation et al.

(vii)  The "PUBLIC INTEREST" favors granting the relief demanded herein based on more than "26" separate Sections of Title 18 of the United States Code crimes and criminal procedures being deliberately violated by delphi, General Motors, the UAW et al, assertedly, as well as Title 15 U.S.C. §§ 1 et seq., 15 etc., monopolies and combinations property injuries prohibitions, Title 42 U.S.C. §§ 1981, 1982, 1983, etc., 'PUBLIC HEALTH & WELFARE' violations of property and contract rights under color of law by the engagings in compoundings of bankruptcy and bank frauds involving the principal, its aiders and abettors additional violations thru the non-national Labor Relation Board approved fraudulent Special Attrition Program (SAP) deprivation of rights, collusions, conspiracies, etc., inflicted upon 113,000 GM hourly

employees, including 24,000 Delphi hourly employees entitling those 137 thousand individuals who are 'similarly', but "NOT" situated the "SAME" as this Applicant is to some kind of financial, economic, liberty or involuntary servitude, etc., "RELIEF" in this case!

(viii) By law, 100% probable success on the merits favors this Applicant/Creditor because no question of fact exists.

(ix) By law and fact, 100% of the financial, economic, personal, etc., hardships exists on the shoulders of this Applicant/Creditor and family.

(x) By law, the 'TRIAL COURT' must balance the competing claims of injury(s) and is "BOUND" to consider the effect on 'each party' of the granting or withholding of the requested Relief, then administrate justice on the truth being the U.S. Bankruptcy Court is "NOT" a trial court and that the Delphi Corp., is "NOT" a party against or opponent of this Applicant/Creditor herein, and cannot suffer any fundamental human citizenship hardships as an 'entity'.

(xi) According to long established practices, "The court in which a 'suit' has been commenced to wind up the affairs of a corporation acquires the 'exclusive' jurisdiction of the subject matter, and may enjoin any subsequent suit which has the effect of wholly or partially withdrawing the subject matter from its jurisdiction", which further entitles injunctive relief to be immediately granted/administrated in this U.S. Bankruptcy Court notwithstanding a Petition and proceeding as opposed to a 'suit' being finalized. See STATE -V- FREDLOCK, 52 W. Va. 232, 43 S.E. 153 (1903); the Full Faith and Credit Clause under Article 4 of the U.S. Constitution.

(xii) Also, according to long-established practices, "...when the object of the action requires the control and dominion of the property involved in the '<u>litigation</u>', that court which first acquires possession, or dominion of the property, has the '<u>exclusive</u>' right to dispose of it, for the purposes of its jurisdiction", clearly evidences that the Delphi Corp., bankruptcy administration as opposed to litigation, injunctive processes is "<u>BOUND</u>" to immediately be entered, executed, enforced, finalized and disbursed from the U.S. Bankruptcy Court for the Southern District of New York in favor of Lafonza Earl Washington based on this Applicant's clear case requiring the 'INTERPOSITION' of the Court to prevent "<u>7</u>" years of manifest wrongs and injustices from continuing. See GUGGENHEIM -V- WAHL, 203 N.Y. 390, 96 N.E. 726 (1911).

(xiii) This Court is "<u>BOUND</u>" by law to employ its injunctive power in favor of this Applicant/Creditor to prevent the misuse of attempted litigation procedures of motions, vested Article III judicial discretions, etc., to continue to engage in vexatious and oppressive foreign suits and further attempts of 'PROSECUTING' a Voluntary Petition action which itself is an Order for Relief in favor of Lafonza Earl Washington that is only resulting in "<u>8</u>" months of frauds, gross wrongs and oppressions based on delayed disbursements being the "<u>ONLY</u>" justifiable Relief herein. See E. B. LATHAM & CO. -V- MAYFLOWER INDUSTRIES, 278 A.D. 90, 103 N.Y.S. 2d 279 (1st Dep't 1951).

(xiv) That the 'Ex Parte Due Process Issues' authorizations statute limits the issuance without notice to those cases in which it is demonstrated that a great or irreparable injury will result to the Applicant before the matter can be heard on notice,

which usually requires a hearing within a short time after the restraining order is issued, and provides for the dissolution of the order that further shows this Court is "BOUND" to enter, execute, enforce, finalize and disburse its previous October 8, 2005, "HUMAN CAPITAL OBLIGATIONS" and "CASH MANAGEMENT" which is the "meritorious" dissolution of "ALL" Orders and are judicial Acts rather than the ministerial act of the Clerk in compliance with due process based on no parties other than the Court – who is "NOT" a party – is "BOUND" to be served a Notice of this proceeding.  See CHRYSLER CREDIT DORP. -V- WAEGELE, 29 Cal. App. 3d 681, 105 Cal. Rptr. 914 (2d Dist. 1972); VANDERGRIFF -V- STATE ex rel. JERNIGAN, 239 Ark. 1119, 396 S.W. 2d 818 (1965).

(xv)  This demanded Mandatory Injunction being issued without Notice which, will, in effect, operate to put this Applicant/ Creditor into possession of the property that is "NOT" in controversy, is "NOT" void as constituting a deprivation of property without due process based on no opponent or defendant exists and this is a Voluntary Petition where Delphi agreed to pay the claims, and the Court is prohibited from any/all sua sponte discrimination on its own!  See the Federal Rules of Civil Procedure, Rule 12; the "CLAIMS" are prohibited by law from being objected to under 11 U.S.C. § 301.  See BARNES -V- DORSEY, D.C. Mo. 1973, 354 F.Supp. 179 affirmed 480 F2d 1057; FRANKLIN -V- STATE OF OR., STATE WELFARE DIVISION, C.A. OR. 1981, 662 F2d 1337, on remand 563 F.Supp. 1310; DODD -V- SPOKANE COUNTY, WASH., C.A. Wash. 1968, 393 F2d 330.

(xvi)  "CONTEMPT", which has been defined as a despising of the authority, justice, or dignity of the Court will self-evidently be engaged in by Judge Robert D. Drain and Clerk Kathleen Farrell-

Willoughby et al, if there is any further delay in disbursing monies legally owed and this Court of record has general power to punish a person for contempt of acts disobeying the October 8, 2005, entered Orders for "HUMAN CAPITAL OBLIGATIONS" and "CASH MANAGEMENT" relief; pursuant to Title 18 USCS § 401 etc., this Court is "demanded" to punish these "2" court officers et al, for their collusions of repeatedly and continuing to engage in these "felonies" of deliberate bankruptcy and bank frauds, etc., if the direct deposit is "NOT" entered into the Flint Chase Bank checking account of Lafonza Earl Washington within "48" hours. See RE YOUNG, 29 Misc 2d 817, 211 NYS 2d 621, 48 BNA LRRM 2462, 1 CCH EPD ¶ 9669; GOLD -V- MENNA, 25 NY 2d 475, 307 NYS 2d 33, 255 NE 2d 235.

Dated: May 26, 2006

BY: /s/ Lafonza Earl Washington
Applicant/Claimant