Martin J. Bienenstock, Esq. (MB 3001)
Michael P. Kessler, Esq. (MK 7134)
Richard P. Krasnow, Esq. (RK 5707)
Jeffrey L. Tanenbaum, Esq. (JT 9797)
Richard A. Rothman, Esq. (RR 0507)
Penny P. Reid, Esq. (PR 5699)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Melanie Gray, Esq. (pro hac vice)
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5045
Facsimile: (713) 224-9511

– and –

Robert B. Weiss, Esq.
Frank L. Gorman, Esq.
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI  48226-3506
Telephone: (313) 465-7000
Facsimile: (313) 465-8000

Attorneys for General Motors Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **DELPHI CORPORATION, *et al.*,** | : | **05-44481 (RDD)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

--------------------------------------------------------------x

| | | |
|---|---|---|
| | : | |
| **DELPHI CORPORATION, *et al.*,** | : | |
| | : | |
| Movants, | : | |
| | : | |
| -against- | : | |
| | : | |
| **GENERAL MOTORS CORPORATION,** | : | |
| | : | |
| Respondent. | : | |
| | : | |

--------------------------------------------------------------x

***EX PARTE* MOTION OF GENERAL MOTORS CORPORATION PURSUANT
TO 11 U.S.C. § 107(b) AND BANKRUPTCY RULE 9018
FOR AUTHORIZATION TO FILE A REDACTED VERSION OF ITS
SUPPLEMENTAL OBJECTION AND MEMORANDUM OF LAW AND
RELATED DECLARATIONS AND EXHIBITS IN OPPOSITION TO DEBTORS'
MOTION FOR ORDER UNDER 11 U.S.C. § 365 AND FED. R. BANKR. P. 6006
<u>APPROVING REJECTION OF CERTAIN EXECUTORY CONTRACTS</u>**

General Motors Corporation ("<u>GM</u>"), as and for its motion (the

"<u>Protective Motion</u>") pursuant to 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules

of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for entry of an order authorizing GM

to file to file a redacted version of its Supplemental Objection and Memorandum of Law

in Opposition to Debtors' Motion for Order Under 11 U.S.C. § 365 and Bankruptcy Rule

6006 Approving Rejection of Certain Executory Contracts (the "<u>Supplemental Objection</u>

<u>and Memorandum of Law</u>") and related declarations and exhibits (collectively, the

"<u>Supporting Documentation</u>"), respectfully represents:

## <u>Jurisdiction</u>

1.     This Court has subject matter jurisdiction to consider this matter

pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## <u>Factual Background</u>

2.     On October 8, 2005 or October 14, 2005, Delphi Corporation and

certain of its subsidiaries and affiliates (collectively, "<u>Delphi</u>" or the "<u>Debtors</u>") each

commenced a case under chapter 11 of title 11 of the United States Code (the

"<u>Bankruptcy Code</u>").  As set forth in the Court's order dated October 8, 2005, the

Debtors' chapter 11 cases are jointly administered pursuant to Bankruptcy Rule 1015,

and pending as Case No. 05-44481(RDD).

3.      The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On March 31, 2006, Delphi filed its Motion for Order Under 11 U.S.C. § 365 and Fed. R. Bank. P. 6006 Approving Rejection of Certain Executory Contracts (the "Rejection Motion"), seeking an option to reject approximately 5,472 supply contracts with GM (collectively, the "Supply Contracts"), covering 22,043 parts. The deadline for GM to file its opposition to the Rejection Motion is June 5, 2006 at 12:00 noon (the "Objection Deadline").  A hearing on the Rejection Motion is scheduled for June 19, 2006.

5.      Since Delphi filed the Rejection Motion, the Parties have engaged in discovery including, but not limited to, the production of certain documents and the taking of certain depositions.  On April 21, 2006, this Court entered a Stipulation and Agreed Protective Order Governing Production and Use of Confidential and Highly Confidential Information in Connection with the Motion for Order Under 11 U.S.C. § 365 and Fed. R. Bank. P. 6006 Authorizing Rejection of Certain Executory Contracts with General Motors Corporation and Objections Filed Thereto (the "Stipulation and Protective Order"), a copy of which is annexed hereto as Exhibit A.[1]  Paragraph 12 of the Stipulation and Protective Order provides, in pertinent part:

> If documents, materials, or other information . . .
> designated as Confidential or Highly Confidential are to be
> included in any papers to be filed in this Court or any other
> court, counsel intending to file such documents shall first

---

[1] Although the Stipulation and Protective Order is dated May 21, 2006, this appears to be a typographical error, as the Stipulation and Protective Order was entered on the Court's docket on April 21, 2006 [Docket No. 3326].

seek entry of a protective order under 11 U.S.C. § 107(b) or
other applicable authority with respect to filing those
portions of the proposed filing containing information
subject to this Stipulation and Protective Order, identifying
this Stipulation and Protective Order by date.

### Relief Requested

6.      Today, GM will be filing, among other things, the Supplemental

Objection and Memorandum of Law, together with the Supporting Documentation, in

opposition to the Rejection Motion.

7.      By this Protective Motion and based upon the Declaration of

Richardl P. Krasnow, Esq., attorney for GM, attached hereto as Exhibit B, GM requests

entry of an order authorizing it to a redacted version of the Supplemental Objection and

Memorandum of Law and Supporting Documentation (the "Redacted Version").[2]

### Cause Exists to Permit GM to File the Redacted Version

8.      Section 107(b) of the Bankruptcy Code provides Bankruptcy

Courts with the power to issue orders that will protect entities from potential harm:

On request of a party in interest, the bankruptcy court shall,
and on the bankruptcy court's own motion, the bankruptcy
court may –

(1)  protect an entity with respect to a trade secret or
confidential research, development, or commercial
information . . . .

11 U.S.C. § 107(b).

9.      Bankruptcy Rule 9018 defines the procedure by which a party may

move for relief under section 107(b):

---

[2] As the Objection Deadline is noon today, in the event the Court is unable to consider the Protective
Motion prior to that time, out of an abundance of caution, GM will file the Redacted Version prior to the
Objection Deadline.

> On motion or on its own initiative, with or without notice,
> the court may make any order which justice requires (1) to
> protect the estate or any entity in respect of a trade secret or
> other confidential research, development, or commercial
> information . . . .

Fed. R. Bankr. P. 9018.

10.    Based upon these provisions, courts have entered orders limiting

access to judicial documents when open inspection may be used as a vehicle for an

improper purpose. *See In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (citing

*Nixon v. Warner Comm'n, Inc.*, 435 U.S. 589, 597 (1978)). Although outside the

bankruptcy context a judge "must carefully and skeptically review sealing requests to

insure that there really is an extraordinary circumstance or compelling need . . . [i]n the

bankruptcy area . . . congress has established a special rule for trade secrets and

confidential information . . . ., requir[ing the court] to protect a requesting interested party

. . . ." *Id.* at 27.

11.    "Commercial information" need not rise to the level of

confidentiality of a trade secret to be protected under section 107(b). *Id.* at 28. Rather,

"commercial information" refers to information that would enable competitors of the

debtor to gain an unfair advantage against it. *Id.*

12.    As noted above, on the date hereof, GM will be filing the

Supplemental Objection and Memorandum of Law, together with the Supporting

Documentation. The Supplemental Objection and Memorandum of Law and Supporting

Documentation refer to products of discovery in connection with the Rejection Motion,

such as certain documents produced by Delphi and portions of certain deposition

transcripts. These documents and deposition transcripts were designated by Delphi as

"Confidential" or "Highly Confidential," as these terms are defined in the Stipulation and

Protective Order. In addition, portions of the Supplemental Objection and Memorandum of Law and Supporting Documentation refer to sensitive and commercial information relating to GM, which portions GM has designated as Confidential or Highly Confidential. GM requests, therefore, it be authorized to file and serve only a redacted copy of the Supplemental Objection and Memorandum of Law and Supporting Documentation on all parties required to be served, and provide an unredacted copy to Delphi in accordance with the Stipulation and Protective Order.

13.    Pursuant to General Order # M-242 (Revised Electronic Filing Procedures) of the United States Bankruptcy Court for the Southern District of New York, dated January 19, 2001, Exhibit 1 ¶ III, GM has not filed the Supplemental Objection and Memorandum of Law or Supporting Documentation with this Protective Motion.

14.    Upon the Court's approval of the relief requested herein, (a) GM will serve unredacted copies of the Supplemental Objection and Memorandum of Law and Supporting Documentation on June 5, 2006 on Delphi in accordance with the Stipulation and Protective Order, and (b) redacted copies of the Memorandum of Law and Supporting Documentation will be filed with the Court and served by overnight mail upon all parties entitled to service of the Memorandum of Law and Supporting Documentation pursuant to this Court's Order, dated October 14, 2005, establishing notice procedures in these chapter 11 cases.

## Waiver of Memorandum of Law

15.    This Protective Motion includes citations to the applicable authorities and does not raise any novel issues of law. Accordingly, GM respectfully

requests that the Court waive the requirement contained in Rule 9013-1(b) of the Local

Bankruptcy Rules for the Southern District of New York that a separate memorandum of

law be submitted.

### Notice

16.     Pursuant to Bankruptcy Rule 9018, the relief requested in this

Protective Motion is being sought without notice to any other parties.  Bankruptcy Rule

9018 provides that the relief requested herein may be granted "[o]n motion or on [the

Court's] own initiative, with or without notice."

17.     No previous request for the relief sought herein has been made to

this or any other Court.

WHEREFORE GM respectfully requests entry of an order authorizing

GM to file with the Court the Redacted Version and serve (i) on Delphi copies of the

unredacted Supplemental Objection and Memorandum of Law and Supporting

Documentation in accordance with the Stipulation and Protective Order, and (ii) copies of

the Redacted Version upon all parties entitled to service of the Memorandum of Law and

Supporting Documentation pursuant to this Court's Order, dated October 14, 2005,

establishing notice procedures in these chapter 11 cases.

Dated: June 5, 2005
       New York, New York

/s/ Richard P. Krasnow
Martin J. Bienenstock, Esq. (MB 3001)
Michael P. Kessler, Esq. (MK 7134)
Richard P. Krasnow, Esq. (RK 5707)
Jeffrey L. Tanenbaum, Esq. (JT 9797)
Richard A. Rothman, Esq. (RR 0507)
Penny P. Reid, Esq. (PR 5699)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007


Melanie Gray, Esq. (pro hac vice)
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5045
Facsimile: (713) 224-9511

– and –

Robert B. Weiss, Esq.
Frank L. Gorman, Esq.
HONIGMAN MILLER SCHWARTZ
AND COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI  48226-3506
Telephone: (313) 465-7000
Facsimile: (313) 465-8000

Attorneys for General Motors Corporation

# EXHIBIT A

**Stipulation and Protective Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
                                          :
      In re                 :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :        Case No. 05–44481 (RDD)
                                          :
        Debtors.          :        (Jointly Administered)
                                          :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### STIPULATION AND AGREED PROTECTIVE ORDER GOVERNING PRODUCTION AND USE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION IN CONNECTION WITH THE MOTION FOR ORDER UNDER 11 U.S.C. § 365 AND FED. R. BANKR. P. 6006 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS WITH GENERAL MOTORS CORPORATION AND OBJECTIONS FILED THERETO

This Stipulation and Agreed Protective Order is entered into and submitted to the Court

in accordance with the agreement of counsel for Delphi Corporation ("Delphi") and certain of its

subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (the

"Debtors"), on the one hand, and General Motors Corporation, on the other hand (the Debtors

and the signatories to this Stipulation and Agreed Protective Order being collectively the

"Parties"), that discovery requested and other information provided in connection with the

Debtors' Motion For Order Under 11 U.S.C. § 365 and Fed. R. Bankr. P. 6006 Authorizing

Rejection Of Certain Executory Contracts With General Motors Corporation (Docket No. 3033)

and objections filed thereto (the "Motion") may involve the production of information

considered sensitive, confidential, personal, proprietary, and/or protected by statutory or other

legal privilege, and it appearing to the Court that there is good and sufficient cause that the relief

should be granted,

1


0544481060421000000000011

IT IS THEREFORE ORDERED:

1.      The terms of this stipulation and agreed protective order (the "Stipulation and Protective Order") shall take full force and effect upon execution by the Parties.

2.      Pursuant to Federal Rules of Civil Procedure 26(c), made applicable here through Federal Rules of Bankruptcy Procedure 7026 and Local Rule 7026-1, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and sections 105 and 107 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330, as amended (the "Bankruptcy Code"), this Stipulation and Protective Order shall govern all discovery relating to the Motion.

3.      Any signatory to this Stipulation and Protective Order may designate as "Highly Confidential" any document, deposition testimony, or other information given by or on behalf of the Parties, and all information derived therefrom that a Party reasonably believes reflects non-public trade secrets, competitively sensitive business or development plans, forward-looking financial information, or personal information (the "Highly Confidential Information"). In addition, any signatory may designate as "Confidential" any other non-public information in any document, deposition testimony, or other information given by or on behalf of the Parties (the "Confidential Information") that the Party reasonably believes contains confidential information the distribution and use of which should be restricted in accordance with the terms of this Stipulation and Protective Order. Documents shall be designated as Confidential or Highly Confidential (a) by placing or affixing the words "Confidential" or "Highly Confidential" on each such document, (b) by written notice to other Parties, or (c) by virtue of the fact that any such document is otherwise already labeled as Confidential or Highly Confidential. Deposition testimony or deposition exhibits may be designated as Confidential or Highly Confidential either on the record during the deposition itself or by written notice (which may be by email) delivered

2

within two (2) business days following receipt of the transcript by the Party who seeks to designate such deposition testimony as Confidential or Highly Confidential. Where deposition testimony or exhibits are designated as Confidential or Highly Confidential, the deposition transcript or deposition exhibits shall be so marked as Confidential or Highly Confidential, as appropriate.

4.    Inadvertent failure to designate materials as Confidential or Highly Confidential at the time of production or at the time of a deposition may be remedied at any time thereafter by supplemental written notice (which may be by email) delivered within two (2) business days after the production of such materials. Upon the service of such notice, the identified materials shall be fully subject to this Stipulation and Protective Order as if the materials had been initially designated as Confidential or Highly Confidential.

5.    Material designated as Confidential pursuant to this Stipulation and Protective Order shall be inspected by and disseminated only to the following persons:

a.    the Court and its staff;

b.    the Parties and counsel of record to the Parties, and clerical, secretarial, and paralegal staff employed by such counsel;

c.    the Parties' retained professional advisors in the above-captioned cases;

d.    any deponent, counsel for the deponent, and clerical, secretarial, and paralegal staff employed by such counsel; and

e.    court reporters and videographers engaged for recording testimony of a deposition relating to the Motion.

6.    Material designated as Highly Confidential pursuant to this Stipulation and Protective Order shall be inspected by and disseminated only to the following persons:

3

a.    the Court and its staff;

b.    those counsel of record to the Parties, and clerical, secretarial, and paralegal staff employed by such counsel, who are involved in the litigation or negotiation of the Motion;

c.    the Parties' retained professional advisors in the above-captioned cases, to the extent they are involved in the litigation or negotiation of the Motion;

d.    any deponent, counsel for the deponent, and clerical, secretarial, and paralegal staff employed by such counsel, to the extent such deponent is actually shown Highly Confidential Information in connection with a deposition taken in connection with the Motion; and

e.    court reporters and videographers engaged for recording testimony of a deposition relating to the Motion.

7.    Confidential Information and Highly Confidential Information, or any information derived therefrom, shall be used or disclosed by a receiving Party solely for the purpose of the Motion, including litigation or negotiation of any objections thereto, and not for any other purpose whatsoever. Any person receiving Confidential Information or Highly Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information.

8.    The inadvertent production of any Confidential or Highly Confidential document, material, or other information subject to a claim of attorney-client privilege, attorney work product, or any other privilege or discovery exemption shall not be deemed to be a waiver of any claim of privilege, confidentiality, or other protection with respect to that or any other document, material, or information. In the event that any document or material that is subject to a

4

claim that it is confidential, privileged, or protected from discovery on any other ground is inadvertently produced, the Party who received the inadvertently produced document or material shall return it and all copies of it to the producing Party within three (3) business days after it receives written notice (by letter or email) from the producing Party that the document or material was inadvertently produced. In the case of Confidential or Highly Confidential documents or materials that were inadvertently produced without the appropriate designation but that were otherwise intended to be produced, the producing Party shall return to the Party to whom the documents or materials were inadvertently produced copies of the documents and materials containing the appropriate designation within three (3) business days of receipt of the returned documents or materials.

9.      If at any time a Party objects to the designation of documents or information produced or testimony given as Confidential or Highly Confidential under this Stipulation and Protective Order, the objecting Party shall notify the designating Party in writing (which may be by email). The objecting Party shall identify the documents or information in question and shall specify in reasonable detail the reasons for the objection. Within two (2) business days of the receipt of such notice, the disclosing and objecting Parties shall meet and confer in an effort to resolve their differences. If the Parties cannot resolve their differences, the disclosing Party may apply within two (2) days thereafter, or such longer time as the Parties may agree, for a ruling from the Court on the propriety of the designation. While any such application is pending, the documents or information that are subject to the application shall remain Confidential or Highly Confidential, as the case may be, until the Court rules. If the disclosing Party does not apply to the Court for a ruling on the propriety of the designation within two (2) days after the conclusion of the meet and confer, or within such time as the Parties may agree,

the documents or information that are subject of the dispute will no longer be deemed Confidential or Highly Confidential. The disclosing Party shall have the burden of proving, to the Court's satisfaction and by a preponderance of the evidence, that the document or information qualifies as sufficiently confidential, under Rule 26(c) of the Federal Rules of Civil Procedure and/or Rule 9018 of the Federal Rules of Bankruptcy Procedure, that its dissemination and use should be restricted in accordance with the terms of this Stipulation and Protective Order.

10.     Nothing in this Stipulation and Protective Order shall be construed as preventing any Party from objecting to the designation of any document or information as Confidential or Highly Confidential or preventing any Party from seeking further protection from the Court for any materials or information it produces in discovery.

11.     Within thirty (30) days after the entry of an order by this Court confirming a plan of reorganization or dismissing the cases, whichever first occurs, all documents and other material designated as Confidential or Highly Confidential pursuant to this Stipulation and Protective Order, and all copies thereof, including but not limited to any notes or other transcriptions made therefrom, shall either be (a) returned to the producing Party or Party creating such information, or (b) destroyed. If the receiving Party chooses to destroy any such documents or materials, then that Party shall deliver a certificate attesting to that destruction to the Party who produced the Confidential or Highly Confidential documents or materials within thirty (30) days after the entry of an order by this Court confirming a plan of reorganization or dismissal of the cases, as the case may be.

12.     If documents, materials or information (including portions of deposition transcripts) designated as Confidential or Highly Confidential are to be included in any papers to be filed in this Court or any other court, counsel intending to file such documents shall first seek

6

entry of a protective order under 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and General Order #M242 of this Court or other applicable authority with respect to filing those portions of the proposed filing containing information subject to this Stipulation and Protective Order, identifying this Stipulation and Protective Order by date.

13.    This Stipulation and Protective Order shall not be construed to affect in any way the admissibility of any document, testimony, or other evidence at a hearing on the Motion.

14.    Nothing in this Stipulation and Protective Order shall be construed to limit any disclosing Party's use or disclosure of its own documents, materials, or information. In addition, nothing in this Stipulation and Protective Order shall prevent or in any way limit disclosure, use, or dissemination of any information or documents that are in the public domain. This Stipulation and Order shall not prejudice in any way the rights of any Party to introduce into evidence or use at a hearing on the Motion any document, testimony, or other information that is subject to this Stipulation and Protective Order.

15.    Any non-party producing discovery materials in connection with the Motion may be included in this Stipulation and Protective Order by endorsing a copy of this Stipulation and Protective Order and delivering it to the requesting Party who, in turn, will serve it upon counsel for the other Parties and file it with the Court. The Parties to the Motion may designate discovery materials produced by a non-Party to the Motion as Confidential or Highly Confidential in accordance and consistent with the terms and provisions of this Stipulation and Protective Order.

16.    This Stipulation and Protective Order shall not prevent any Party from applying to the Court for further or additional protective orders, for the modification of this

7

Stipulation and Protective Order, or from agreeing with other Parties to modify this Stipulation and Protective Order, subject to the approval of the Court.

       17.    This Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Stipulation and Protective Order upon appropriate motion by a party in interest.

      So Ordered in New York, New York, this 21st day of May, 2006

/s/ ROBERT D. DRAIN
Honorable Robert D. Drain
United States Bankruptcy Judge


AGREED TO AND
APPROVED FOR ENTRY:


/s/ Kayalyn A. Marafioti
John Wm. Butler, Jr.
David E. Springer
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
(312) 407-0700


Attorneys for Delphi Corporation, et al.,
and Debtors and Debtors-in-Possession


/s/ Penny P. Reid
Michael P. Kessler
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
Concourse 1

New York, New York 10153
(212) 310-8000

Counsel for General Motors Corporation

# EXHIBIT B

**Declaration of Richard P. Krasnow, Esq.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

In re                                              :          Chapter 11 Case No.
                                                   :
DELPHI CORPORATION, *et al.*,                      :          05-44481 (RDD)
                                                   :
            Debtors.                               :          (Jointly Administered)
                                                   :
----------------------------------------------------------------x
                                                   :
DELPHI CORPORATION, *et al.*,                      :
                                                   :
            Movants,                               :
                                                   :
      -against-                                    :
                                                   :
GENERAL MOTORS CORPORATION,                        :
                                                   :
            Respondent.                            :
                                                   :
----------------------------------------------------------------x

**DECLARATION OF RICHARD P. KRASNOW IN SUPPORT OF**
***EX PARTE* MOTION OF GENERAL MOTORS CORPORATION PURSUANT**
**TO 11 U.S.C. § 107(b) AND BANKRUPTCY RULE 9018**
**FOR AUTHORIZATION TO A REDACTED VERSION OF ITS**
**SUPPLEMENTAL OBJECTION AND MEMORANDUM OF LAW AND**
**RELATED DECLARATIONS AND EXHIBITS IN OPPOSITION TO DEBTORS'**
**MOTION FOR ORDER UNDER 11 U.S.C. § 365 AND FED. R. BANKR. P. 6006**
**APPROVING REJECTION OF CERTAIN EXECUTORY CONTRACTS**

CITY OF NEW YORK            )
                            )        ss:
STATE OF NEW YORK           )

            RICHARD P. KRASNOW, being duly sworn, hereby declares:

            1.        I am an attorney admitted to practice before this Court and a partner of

Weil, Gotshal & Manges LLP, attorneys for General Motors Corporation ("<u>GM</u>") in

connection with the above-referenced chapter 11 cases of Delphi Corporation and its

affiliated debtors, as debtors and debtors in possession (collectively, "Delphi" or the

"Debtors").

2.        I submit this declaration in support of the *Ex Parte* Motion of General

Motors Corporation Pursuant to 11 U.S.C. § 107(b) and Bankruptcy Rule 9018 (the

"Protective Motion") for Authorization to file a redacted version (the "Redacted

Version") of its Supplemental Objection and Memorandum of Law (the "Supplemental

Objection and Memorandum of Law") and Related Declarations and Exhibits

(collectively, the "Supporting Documentation"), in Opposition to Debtors' Motion for

Order Under 11 U.S.C. § 365 and Fed. R. Bank. P. 6006 Approving Rejection of Certain

Executory Contracts (the "Rejection Motion").

3.        On the date hereof, GM is filing the Supplemental Objection and

Memorandum of Law and the Supporting Documentation.[3]

4.        The Supplemental Objection and Memorandum of Law and Supporting

Documentation refer to products of discovery in connection with the Rejection Motion,

such as certain documents produced by the Debtors and portions of certain deposition

transcripts.  Such documents and deposition transcripts were designated by Delphi as

"Confidential" or "Highly Confidential," as such terms are defined in the Stipulation and

Agreed Protective Order Governing Production and Use of Confidential and Highly

Confidential Information in Connection with the Motion for Order Under 11 U.S.C.

§ 365 and Fed. R. Bank. P. 6006 Authorizing Rejection of Certain Executory Contracts

with General Motors Corporation and Objections Filed Thereto (the "Stipulation and

---

[3] As the deadline to file the Supplemental Objection is noon today, in the event the Court is unable to
consider the Protective Motion prior to that time, out of an abundance of caution, GM will file the Redacted
Version prior to the Objection Deadline.

Protective Order"), entered by the Court on April 21, 2006. In addition, portions of the Supplemental Objection and Memorandum of Law and Supporting Documentation refer to sensitive and commercial information relating to GM, which portions GM has designated as Confidential or Highly Confidential.

5.      GM submits that the Supplemental Objection and Memorandum of Law and Supporting Documentation contain "commercial information" within the meaning of section 107(b) of the Bankruptcy Code. Accordingly, GM requests that the Court authorize it to file and serve only a redacted copy of the Supplemental Objection and Memorandum of Law and Supporting Documentation on all parties required to be served, and provide an unredacted copy to Delphi in accordance with the Stipulation and Protective Order.

6.      At the request of the Court, GM is providing the Court with a copy of the unredacted Supplemental Objection and Memorandum of Law and Supporting Documentation (and a redline version showing the redactions) so that the Court may assess the information GM seeks to protect.

7.     Accordingly, GM seeks Court authorization to file with the Court the Redacted Version and serve (i) on Delphi copies of the unredacted Supplemental Objection and Memorandum of Law and Supporting Documentation in accordance with the Stipulation and Protective Order, and (b) copies of the Redacted Version upon all parties entitled to service of the Memorandum of Law and Supporting Documentation pursuant to this Court's Order, dated October 14, 2005, establishing notice procedures in these chapter 11 cases.

/s/ Richard P. Krasnow
Richard P. Krasnow

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re                                                    :        Chapter 11 Case No.
                                                         :
DELPHI CORPORATION, *et al.*,                            :        05-44481 (RDD)
                                                         :
            Debtors.                                     :        (Jointly Administered)
                                                         :
------------------------------------------------------------x
                                                         :
DELPHI CORPORATION, *et al.*,                            :
                                                         :
            Movants,                                     :
                                                         :
    -against-                                            :
                                                         :
GENERAL MOTORS CORPORATION,                              :
                                                         :
            Respondent.                                  :
                                                         :
------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C § 107(b) AND BANKRUPTCY RULE 9018**
**AUTHORIZING THE FILING OF A REDACTED VERSION OF GENERAL**
**MOTORS CORPORATIONS'**
**SUPPLEMENTAL OBJECTION AND MEMORANDUM OF LAW AND**
**RELATED DECLARATIONS AND EXHIBITS IN OPPOSITION TO DEBTORS'**
**MOTION FOR ORDER UNDER 11 U.S.C. § 365 AND FED. R. BANKR. P. 6006**
**APPROVING REJECTION OF CERTAIN EXECUTORY CONTRACTS**

Upon the Motion (the "Protective Motion") of General Motors

Corporation ("GM"), dated June 5, 2006, for authorization pursuant to 11 U.S.C.

§ 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") to file a redacted version of GM's Supplemental Objection and Memorandum of

Law (the "Supplemental Objection and Memorandum of Law") in Opposition to Debtors'

Motion for Order Under 11 U.S.C. § 365 and Fed. R. Bankr. P. 6006 Approving

Rejection of Certain Executory Contracts and certain declarations and exhibits

(collectively, the "Supporting Documentation") related thereto, all as more fully set forth

in the Protective Motion; and upon the Declaration of Richard P. Krasnow, Esq., filed in

support of the Protective Motion (the "Krasnow Declaration"); and the Court having

jurisdiction to consider the Protective Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases

to Bankruptcy Court Judges of the District Court for the Southern District of New York,

dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Protective Motion and

the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and it

appearing that, pursuant to Bankruptcy Rule 9018, no notice of the relief requested in the

Protective Motion need be provided; and the Court having determined that the relief

sought in the Protective Motion is in the best interests of GM, the Debtors, their creditors

and all parties in interest; and the Court having determined that the legal and factual

bases set forth in the Protective Motion and in the Krasnow Declaration establish just

cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

      ORDERED that the Protective Motion is granted; and it is further

      ORDERED that, pursuant to section 107(b) of title 11 of the United States

Code (the "Bankruptcy Code") and Bankruptcy Rule 9018, GM is authorized to file

redacted versions of the Supplemental Objection and Memorandum of Law and

Supporting Documentation; and it is further

      ORDERED that, pursuant to section 107(b) of the Bankruptcy Code, the

Clerk of the Court is directed to file unredacted versions of the Supplemental Objection

and Memorandum of Law and Supporting Documentation under seal in an envelope,

clearly indicating that the Memorandum of Law and Supporting Documentation have

been filed under seal by order of the United States Bankruptcy Court for the Southern

District of New York and may not be unsealed until and unless permitted by further order

of the Court; and it is further

ORDERED that, consistent with that certain Stipulation and Agreed

Protective Order Governing Production and Use of Confidential and Highly Confidential

Information in Connection with the Motion for Order Under 11 U.S.C. § 365 and Fed. R.

Bank. P. 6006 Authorizing Rejection of Certain Executory Contracts with General

Motors Corporation and Objections Filed Thereto (the "Stipulation and Protective

Order") entered by this Court on April 21, 2006 [Docket No. 3326], GM shall serve a

copies of the unredacted Supplemental Objection and Memorandum of Law and

Supporting Documentation on Delphi in accordance with the Stipulation and Protective

Order (collectively, the "Unredacted Service Parties"); and it is further

ORDERED that redacted copies of the Supplemental Objection and

Memorandum of Law and Supporting Documentation shall be filed with the Court; and it

is further

ORDERED that service of redacted copies of the Supplemental Objection

and Memorandum of Law and Supporting Documentation shall be made by overnight

mail on or before the day following the date of entry of this Order on all entities entitled

to receive notice pursuant to this Court's Order, dated October 14, 2005, establishing

notice procedures in these chapter 11 cases; and it is further

ORDERED that the requirement pursuant to Rule 9013-1(b) of the Local

Bankruptcy Rules for the Southern District of New York that GM file a memorandum of

law in support of the Protective Motion hereby is waived; and it is further

        ORDERED that the Court retains jurisdiction to enforce this Order and the

confidentiality of the unredacted version of the Supplemental Objection and

Memorandum of Law and Supporting Documentation and the sensitive information

contained therein, including the authority to impose sanctions on any person or entity that

violates this Order.

Dated: June ___, 2005
      New York, New York       _____
                                 UNITED STATES BANKRUPTCY JUDGE