UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
    In re                            :        Chapter 11
                                      :
DELPHI CORPORATION, et al.,      :        Case No. 05-44481 (RDD)
                                      :
                      Debtors.    :        (Jointly Administered)
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 363, 502, AND 503 AND FED. R. BANKR. P. 9019(b)
AUTHORIZING DEBTORS TO COMPROMISE OR SETTLE CERTAIN CLASSES OF
CONTROVERSY AND ALLOW CLAIMS WITHOUT FURTHER COURT APPROVAL

("SETTLEMENT PROCEDURES ORDER")

Upon the motion, dated June 6, 2006 (Docket No. •) (the "Motion"), of Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Settlement Procedures Order") authorizing the Debtors to compromise or settle certain classes of controversy, including, but not limited to, the allowance of claims within those classes, in these chapter 11 cases without further court approval; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  The Debtors are hereby authorized to utilize the Settlement Procedures (as defined below) to compromise or settle certain classes of controversy and allow certain claims within those classes.

2.  The Debtors are hereby authorized, but not directed, to resolve non-ordinary course controversies, both prepetition and postpetition, without further court approval, provided that the final amount of the compromise or settlement of (a) (i) a prepetition secured or priority claim, (ii) an administrative expense priority claim, or (iii) other postpetition claim is equal to or less than $10,000,000, and (b) a general unsecured prepetition claim is equal to or less than $20,000,000, with respect to each such matter or related series of matters.

3.  Resolution of the disputes within such classes shall subject to the following parameters:

    (a) For disputes related to general unsecured prepetition claims with respect to which the Debtors have determined in their business judgment that a reasonable compromise or settlement of such general unsecured prepetition clams is the allowance of a general unsecured prepetition claim in a sum of $1 million or less, the compromise or settlement may be agreed upon and consummated without the need for further Court approval or further notice.

    (b) For disputes related to general unsecured prepetition claims with respect to which the Debtors have determined in their business judgment that a reasonable compromise or settlement of such general unsecured prepetition claims is the allowance of a general unsecured prepetition claim in a sum greater than $1 million but less than or equal to $20 million, the Debtors shall give notice of the terms of the proposed settlement (the "Proposed Settlement Notice") to (i) the U.S. Trustee, (ii) counsel for the Creditors' Committee, (iii) counsel for the agent under the Debtors' prepetition credit facility, and (iv) counsel for the agent under the Debtors' postpetition credit facility (collectively, the "Notice Parties").[1] The Proposed Settlement Notice shall be served by e-mail (except the U.S. Trustee), facsimile, overnight delivery, or hand delivery.

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

(c)   For disputes related to either prepetition secured or priority claims, administrative expense priority claims, or other postpetition claims with respect to which the Debtors have determined in their business judgment that a reasonable compromise or settlement of such claims is in a sum of $500,000 or less, the compromise or settlement may be agreed and consummated without need for further Court approval or further notice.

(d)   For disputes related to either prepetition secured or priority claims, administrative expense priority claims, or other postpetition claims with respect to which the Debtors have determined in their business judgment that a reasonable compromise or settlement of such claims is in a sum greater than $500,000 but less than or equal to $10 million, the Debtors shall serve the Proposed Settlement Notice to the Notice Parties. The Proposed Settlement Notice shall be served by e-mail (except the U.S. Trustee), facsimile, overnight delivery, or hand delivery.

(e)   For any disputes referenced in subparagraphs (a) and (c) above with respect to which the Debtors have determined in their business judgment that a reasonable compromise or settlement of such claims affects any claim asserted by the Debtors against a third party in excess of $1 million, the Debtors shall serve the Proposed Settlement Notice to the Notice Parties. The Proposed Settlement Notice shall be served by e-mail (except the U.S. Trustee), facsimile, overnight delivery, or hand delivery.

(f)   The Notice Parties shall have ten business days following initial receipt of the Proposed Settlement Notice to object to or request additional time to evaluate the proposed settlement. If counsel to the Debtors receive no written objection or written request for additional time prior to the expiration of such ten business day period, the Debtors shall be authorized to accept and consummate the proposed settlement.

(g)   If a Notice Party objects to the proposed settlement within ten business days after the Proposed Settlement Notice is received, the Debtors and such objecting Notice Party shall meet and confer in an attempt to negotiate a consensual resolution. Should either party determine that an impasse exists, then the Debtors shall not be authorized to consummate the proposed settlement without further order of the Bankruptcy Court.

4.   Settlement of any prepetition controversies in these categories resulting in monetary claims against the Debtors shall be resolved solely by the determination and allowance of a claim. The Debtors shall not pay any prepetition claims without a separate Court order.

       5.       Settlement of any postpetition controversies in these categories resulting in monetary claims against the Debtors may be resolved, where applicable, by the Debtors' payment of an administrative expense claim related to such settlement.

       6.       The Debtors shall provide periodic summary reporting to counsel for the Creditors' Committee of all settlements consummated pursuant to this Order.  This periodic reporting shall include, with respect to each settlement consummated since the prior report to the Creditors' Committee, (i) the names of parties with whom the Debtors have reached settlement, (ii) the asserted amount of the settling party's claim, (iii) the amounts of and other consideration for such consummated settlement, and (iv) the particulars of each such consummated settlement that were considered by the Debtors in arriving at the decision to enter into such settlement. From and after the last day of the first full month after the date of entry of the proposed order, this periodic reporting shall take place quarterly, until confirmation of a plan of reorganization in these cases.

       7.       In addition, with respect to claims that the Debtors are in the process of negotiating, where compromise or settlement of such claims would fall within the scope of this Order, the financial advisors to the Creditors' Committee shall be entitled to receive periodic reports containing aggregate summary information without any individual creditor data.  The periodic reporting described in this paragraph shall be in the format currently being shared between the Debtors and the Creditors' Committee and shall take place not less frequently than monthly until further order of this Court.

       8.       Notwithstanding anything contained herein, any settlement that involves an "insider," as defined in section 101(31) of the Bankruptcy Code, shall be effected only in accordance with Bankruptcy Rule 9019(a).

9. This Order shall in no manner affect, impair, impede, or otherwise alter the right of the Debtors to resolve any controversy arising in the ordinary course of the Debtors' business or under any other order of the Court.

10. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and performance of this Order.

11. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
        June __, 2006                       UNITED STATES BANKRUPTCY JUDGE