Bonnie Steingart (BS-8004)
FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
(Proposed) Attorneys for Official Committee of Equity Security Holders
One New York Plaza
New York, New York 10004
(212) 859-8000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | | |
| DELPHI CORPORATION, <u>et al.</u>, | : | Case No. 05-44481 (RDD) |
| | | |
|     Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**EXPEDITED APPLICATION PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 FOR ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO RETAIN AND EMPLOY FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP AS COUNSEL *NUNC PRO TUNC* TO MAY 8, 2006[1]**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

       The duly appointed official committee of equity security holders (the "Equity Committee") of Delphi Corporation ("Delphi") and the other above-captioned debtors

---

[1] The applicants are requesting that the Application receive expedited treatment because (i) the applicants believe that the relief requested herein is fairly standard, (ii) a draft of the Application and related documents have been reviewed by the Office of the United States Trustee who has indicated that it has no objection to Fried Frank's engagement and (iii) a significant amount of information in the Debtors' chapter 11 cases is confidential and certain parties have indicated a concern with sharing such information with Fried Frank until it is retained.
Consistent with paragraph 11 of the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on March 20, 2006 (Docket No. 2883) (as supplemented by Docket Nos. 2995, 3296, 3589, 3629, 3730 and 3824), the applicants have requested that counsel to the Debtors and the Official Committee of Unsecured Creditors consent to the expedited treatment of the Application. The applicants will file a supplemental pleading to this Application indicating such parties' consent or lack thereof.

(collectively, the "Debtors") hereby applies to the Court (the "Application") for the entry of an order, pursuant to sections 328 and 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving the Equity Committee's retention and employment of the law firm of Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank") as counsel, and respectfully represents:

## INTRODUCTION

1. By this Application, the Equity Committee seeks entry of an order authorizing it to retain and employ Fried Frank as its attorneys. By reason of Fried Frank's extensive experience and knowledge in the field of debtors' and creditors' rights, the Equity Committee believes that the retention of Fried Frank is in the best interests of the Equity Committee.

## BACKGROUND

2. On October 8, 2005, Delphi and thirty eight of its domestic subsidiaries filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"). On October 14, 2005, three additional domestic subsidiaries of Delphi filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties as debtors in possession.

3. On October 17, 2005, the Office of the United States Trustee for the Southern District of New York (the "UST") appointed an official committee of unsecured creditors (the "Creditors' Committee"). No trustee or examiner has been appointed in the Debtors' chapter 11 cases (the "Chapter 11 Cases").

4. On December 22, 2005, Appaloosa Management L.P. filed a motion seeking an order directing the UST to appoint a committee of equity security holders (the "Equity Committee Motion") pursuant to section 1102 of the Bankruptcy Code. By order dated

March 30, 2006 (the "Equity Committee Order"), the Court granted the Equity Committee Motion and directed the UST to appoint the Equity Committee.

5. On April 28, 2006 the UST appointed the Equity Committee. The Equity Committee was reconstituted on May 11, 2006 and currently consists of Brandes Investment Partners, L.P., Pardus European Special Opportunities Master Fund, L.P., Luqman Yacub, James E. Bishop, Sr., D.C. Capital Partners, L.P., James N. Koury, trustee of the Koury Family Trust, and James H. Kelly. On May 8, 2006, after deliberation and by a majority vote, the Equity Committee decided, subject to Court approval, to retain Fried Frank as its counsel. The retention of Fried Frank is requested to be *nunc pro tunc* to May 8, 2006, as that is the date the Equity Committee first requested Fried Frank to render legal services on behalf of the Equity Committee.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory and rule predicates for the relief sought in this Application is are sections 328(a) and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014. Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## RELIEF REQUESTED

7. The Equity Committee requests that the Court enter an order pursuant to sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014 authorizing the Equity Committee to retain and employ as counsel the law firm of Fried Frank *nunc pro tunc* to May 8, 2006.

## APPLICABLE AUTHORITY

8. Section 328(a) of the Bankruptcy Code provides, in relevant part, as follows:

> (a) The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section . . . 1103 of this

- 3 -

> title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

9. Section 1103 of the Bankruptcy Code provides, in relevant part, as follows:

> (a) At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.
>
> (b) An attorney or accountant employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Representation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest.

11 U.S.C. § 1103(a), (b).

10. Bankruptcy Rule 2014(a) provides, in relevant, part, as follows:

> An order approving the employment of attorneys . . . or other professionals pursuant to . . . § 1103 . . . of the Code shall be made only on application of the trustee or committee.

Fed R. Bankr. P. 2014(a).

11. In addition, while the Equity Committee Order places certain restrictions on the Equity Committee's ability to retain professionals, the Equity Committee Order does not limit the Equity Committee's ability to retain a law firm. See Equity Committee Order at ¶ 4. Accordingly, this Court is authorized to grant the relief requested in this Application.

## RETENTION OF FRIED FRANK

12. The Equity Committee seeks Court approval to retain Fried Frank, at the expense of the Debtors' estate, to provide the legal services that will be required to represent the Equity Committee in the Chapter 11 Cases. The Equity Committee seeks to retain Fried Frank

because: (i) Fried Frank has extensive experience and knowledge in the field of debtors' and creditors' rights; and (ii) the Equity Committee believes that Fried Frank is well qualified to represent the Equity Committee in these Chapter 11 Cases. Fried Frank will provide its expertise with respect to bankruptcy and restructuring related issues and will act as general bankruptcy counsel for the Equity Committee. Fried Frank will also provide services in a variety of other areas as to which it has expertise, including labor, corporate, tax, litigation, and real estate, if and to the extent that the Equity Committee requests and such services are consistent with the Equity Committee Order.

    13. As further set forth in the *Declaration of Bonnie Steingart Pursuant to Bankruptcy Rule 2014 on Behalf of Fried, Frank, Harris, Shriver & Jacobson LLP as Proposed Counsel for the Official Committee of Equity Security Holders, and Disclosure Pursuant to Section 1103 of the Bankruptcy Code and Bankruptcy Rule 2014* (the "Steingart Declaration") attached hereto as Exhibit A, Fried Frank has served as general bankruptcy counsel to committees, debtors, creditors, acquirers, and other parties in interest in a great number of contentious and consensual chapter 11 cases, workouts and restructurings, and other matters relating to financially distressed companies in many different industries.

## SERVICES TO BE PROVIDED

    14. The services of attorneys are necessary in order to enable the Equity Committee to represent and protect the rights and interests of equity security holders in the Chapter 11 Cases. Subject to further order of this Court, Fried Frank will be required to render, and will render, the following services, among others, to the Equity Committee:

  (a) provide legal advice with respect to the Equity Committee's rights, powers and duties in the Chapter 11 Cases;

  (b) inform the Equity Committee with respect to issues involving labor, pension, other post-employment benefits, and General Motors Corporation ("GM"), and with respect to agreements that the Debtors may reach with their unions or GM, and assist the Equity Committee in relaying to the Debtors and other parties in interest its views in respect of these matters;

  (c)  assist the Equity Committee in its analysis and negotiation of any plan of reorganization and related corporate documents;

  (d)  assist and advise the Equity Committee with respect to its communications with the general equity body regarding significant matters in the Chapter 11 Cases;

  (e)  review, analyze, and advise the Equity Committee with respect to documents filed with the Court and respond on behalf of the Equity Committee to any and all applications, motions, answers, orders, reports, and other pleading in connection with the administration of the Debtors' estates in the Chapter 11 Cases; and

  (f)  perform any other legal services requested by the Equity Committee in connection with the Chapter 11 Cases and the confirmation and implementation of a plan reorganization in the Chapter 11 Cases.

15. Fried Frank is aware of the restrictions imposed on the Equity Committee pursuant to the Equity Committee Order and all services to be provided by Fried Frank to the Equity Committee will comply with the terms of the Equity Committee Order.

16. Fried Frank has indicated a willingness to act on behalf of the Equity Committee in all of these respects.

## NO ADVERSE INTEREST, DISINTERESTEDNESS AND DISCLOSURE OF CONNECTIONS

17. Fried Frank has informed the Equity Committee that, except as may be set forth herein and in the Steingart Declaration,[2] it:

  (a)  does not hold or represent an interest adverse to the Equity Committee or the Debtors;

---

[2] As more fully set forth in the Steingart Declaration, Fried Frank has informed the Equity Committee that based upon its preliminary results of reviewing any and all inquiries and conflict checks, it does not, to the best of its knowledge or belief, hold or represent any interest adverse to the Equity Committee or the Debtors' estates, and is a "disinterested person" as that term is defined in sections 101(14) and used in 328(c) (as limited by section 1107(b)) of the Bankruptcy Code. Throughout the pendency of this case, Fried Frank has informed the Equity Committee that it will continue its inquiry and conflict check (as set forth in the Steingart Declaration) to ensure that this Court and all parties in interest are apprised of any and all connections. If at any time Fried Frank becomes aware of any additional connections, it will promptly supplement the Steingart Declaration.

- 6 -

(b)      is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code and used in section 328(c) of the Bankruptcy Code;

(c)      does not represent any other equity security holder, creditor, party in interest, or entity in the Chapter 11 Cases; and

(d)      has no connection with the Equity Committee, the Debtors, their creditors, or other parties in interest in the Chapter 11 Cases, except as set forth in the Steingart Declaration.

**PROFESSIONAL COMPENSATION**

18.      Subject to the Court's approval, Fried Frank will charge the Equity Committee for its legal services on an hourly basis in accordance with its ordinary and customary rates for bankruptcy court authorized engagements in effect on the date services are rendered, and submits that such rates are reasonable. In the normal course of business, Fried Frank revises its hourly rates from time to time. Set forth below are the current hourly rates that Fried Frank has informed us that it presently charges for the legal services of its professionals:

| | |
|---|---|
| Partners | $650 - $995 per hour |
| Of Counsel | $550 - $850 per hour |
| Special Counsel | $595 - $620 per hour |
| Associates | $315 - $540 per hour |
| Legal Assistants | $170 - $235 per hour |

19.      Because Fried Frank's fees (a) are based on hourly rates and will correspond to the degree of effort expended on the Equity Committee's behalf, and (b) are Fried Frank's ordinary and customary rates for services of this nature, the Equity Committee believes that the terms and conditions of Fried Frank's employment are reasonable.

20.      In addition to the hourly rates set forth above, Fried Frank customarily charges its clients for all disbursements incurred, including photocopying charges, long distance telephone calls, facsimile transmissions, messengers, courier mail, computer and data bank time, word processing, secretarial overtime and temporaries, overtime meals, overtime and late night transportation, travel, lodging, meal charges for business meetings, postage, printing, transcripts, filing fees, document retrieval and similar items. As such, Fried Frank will be seeking

reimbursement of all such charges incurred on behalf of the Equity Committee, consistent with this Court's Local Rules.

21. Fried Frank intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and general orders of this Court that apply in the Chapter 11 Cases.

## BEST INTERESTS OF THE EQUITY COMMITTEE AND THE DEBTORS' ESTATES

22. Fried Frank's bankruptcy and restructuring attorneys are, in the Equity Committee's view, highly skilled. Therefore, the Equity Committee believes that the retention of Fried Frank is in the best interests of the Equity Committee and the Debtors' estates.

## WAIVER OF MEMORANDUM OF LAW

23. Pursuant to Local Rule 9013-1(b), Fried Frank respectfully requests that the Court waive the requirement that Fried Frank file a memorandum of law in support of this Application, since this Application raises no novel issues of law.

## NOTICE

24. Notice of this Application has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures entered by this Court on March 17, 2006 (Docket No. 2883). In light of the nature of the relief requested, the Equity Committee submits that no other or further notice is necessary.

## NO PRIOR REQUEST

25. No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Equity Committee requests entry of an order, pursuant to sections 328 and 1103 of the Bankruptcy Code, and Bankruptcy Rule 2014 substantially in the form attached to this Application: (i) authorizing the Equity Committee to employ and retain the law firm of Fried Frank to represent the Committee *nunc pro tunc* to May 8, 2006; and (ii) granting such other and further relief as is just and proper.

Dated: New York, New York
June 6, 2006

                      OFFICIAL COMMITTEE OF EQUITY
                      SECURITY HOLDERS OF DELPHI
                      CORPORATION

                      By:   /s/ Douglas L. Dethy
                             Douglas L. Dethy
                             Chairman of Equity Committee

553466