UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                         :    Chapter 11
                                          :
DELPHI CORPORATION, <u>et al.</u>,        :    Case No. 05-44481 (RDD)
                                          :
                       Debtors.    :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 2002
AND 9014 APPROVING (I) BIDDING PROCEDURES,
(II) CERTAIN BID PROTECTIONS, (III) FORM AND MANNER OF
<u>SALE NOTICES, AND (IV) SETTING OF A SALE HEARING</u>

("MOBILEARIA BIDDING PROCEDURES ORDER")

Upon the motion, dated June 6, 2006 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for orders pursuant to 11 U.S.C. §§ 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 approving (i) the bidding procedures set forth herein and attached hereto as <u>Exhibit 1</u> (the "Bidding Procedures"), (ii) the granting of certain bid protections, (iii) the form and manner of sale notices, and (iv) the setting of a sale hearing (the "Sale Hearing") and (b) authorizing and approving (i) the sale (the "Sale") of certain of the Debtors' assets (the "Acquired Assets") comprising substantially all of the assets of MobileAria, Inc. ("MobileAria") free and clear of liens, claims, and encumbrances to Wireless Matrix USA, Inc. (the "Purchaser") pursuant to the Asset Sale and Purchase Agreement dated June 6, 2006 by and between MobileAria and the Purchaser (the "Agreement")[1] or to the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement.

Successful Bidder (as hereinafter defined) submitting a higher or otherwise better bid, (ii) the assumption and assignment of certain executory contracts and unexpired leases (the "Assumed Contracts") to the Purchaser or the Successful Bidder, and (iii) the assumption of certain liabilities (the "Assumed Liabilities") by the Purchaser or the Successful Bidder; and the Court having reviewed the Motion; and the Court having considered the arguments of counsel at the hearing held on June 16, 2006 (the "Hearing"); and upon the record of the Hearing; and after due deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

  A.  The Court has jurisdiction over this matter and over the property of the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334.

  B.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

  C.  The relief requested in the Motion is in the best interests of MobileAria, its estate, its creditors, and other parties-in-interest.

  D.  The notice given by the Debtors of the Motion and the Hearing constitutes due and sufficient notice thereof.

  E.  The Debtors have articulated good and sufficient reasons for approving (i) the Bidding Procedures, (ii) the granting of certain bid protections as provided in the Agreement, (iii) the manner of notice of the Motion, the Sale Hearing,

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

and the assumption and assignment of the Assumed Contracts, (iv) the form of notice of the Motion and the Sale Hearing to be distributed to creditors and other parties in interest, including prospective bidders, (v) the form of notice of the Cure Amounts and the assumption of the Assumed Contracts to be filed with the Court and served on parties to each Assumed Contract, and (vi) the setting of the Sale Hearing.

        F.      MobileAria's payment to the Purchaser (as set forth in the Agreement), of the Break-Up Fee and the Expense Reimbursement (collectively, the "Bid Protections") (i) is an actual and necessary cost and expense of preserving MobileAria's estate, within the meaning of section 503(b) of the Bankruptcy Code, (ii) is of substantial benefit to MobileAria's estate, (iii) is reasonable and appropriate, including in light of the size and nature of the Sale and the efforts that have been and will be expended by the Purchaser notwithstanding that the proposed Sale is subject to higher or better offers for the Acquired Assets, (iv) was negotiated by the parties at arms' length and in good faith, and (v) is necessary to ensure that the Purchaser will continue to pursue its proposed acquisition of the Acquired Assets.  The Bid Protections were a material inducement for, and condition of, the Purchaser's entry into the Agreement.  The Purchaser is unwilling to commit to hold open its offer to purchase the Acquired Assets under the terms of the Agreement unless it is assured of payment of the Bid Protections. Thus, assurance to the Purchaser of payment of the Bid Protections has promoted more competitive bidding by inducing the Purchaser's bid that otherwise would not have been made, and without which bidding would have been limited.  Further, because the Bid Protections induced the Purchaser to research the value of the Acquired Assets and submit a bid that will serve as a minimum or floor bid on which other bidders can rely, the Purchaser has

provided a benefit to MobileAria's estate by increasing the likelihood that the price at which the Acquired Assets are sold will reflect their true worth.  Finally, absent authorization of the Bid Protections, MobileAria may lose the opportunity to obtain the highest or otherwise best available offer for the Acquired Assets.

G.    The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Acquired Assets.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

Bidding Procedures

1.    The Bidding Procedures, as set forth on Exhibit 1 attached hereto and incorporated herein by reference as if fully set forth in this Order, are hereby approved and shall govern all proceedings relating to the Agreement and any subsequent bids for the Acquired Assets in these cases.

2.    MobileAria may: (a) determine, in its business judgment, which Qualified Bid is the highest or otherwise best offer, (b) consult with the representative of any official committee or significant constituent in connection with the Bidding Procedures, and (c) reject at any time before entry of an order of the Court approving a Qualified Bid, any bid (other than the Purchaser's bid) which, in MobileAria's sole discretion, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of sale, or (iii) contrary to the best interests of MobileAria, its estate, and its creditors.  MobileAria is authorized (i) to terminate the Bidding Process or the Auction at any time if it determines, in its business judgment, that the Bidding Process will not maximize the value of the

4

Acquired Assets to be realized by MobileAria's estate and (ii) seek Bankruptcy Court Approval of the Agreement with Purchaser.

### Sale Hearing

3. The Sale Hearing shall be held before the undersigned United States Bankruptcy Judge on July 19, 2006 at 10:00 a.m. (Prevailing Eastern Time) in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at which time the Court shall consider the Motion, the Successful Bidder, and confirm the results of the Auction, if any. Objections to the Motion shall be filed and served no later than 4:00 p.m. (Prevailing Eastern Time) on July 12, 2006 (the "Objection Deadline").

4. The failure of any objecting person or entity to timely file its objection by the Objection Deadline shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale, or MobileAria's consummation and performance of the Agreement (including the transfer of the Acquired Assets and Assumed Contracts free and clear of all Interests and Claims), if authorized by the Court.

5. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court or on the Court's calendar on the date scheduled for the Sale Hearing or any adjourned date.

### Bid Protections

6. The Bid Protections, as more fully described in the Motion and the Agreement, are hereby approved. MobileAria's obligation to pay the Bid Protections, as

provided by the Agreement, shall survive termination of the Agreement and, until paid, shall constitute a superpriority administrative expense pursuant to Bankruptcy Code Section 507(b) and MobileAria shall be authorized to pay the Bid Protections to the Purchaser in accordance with the terms of the Agreement without further order of this Court.

Notice

7. Notice of (a) the Motion, (b) the Sale Hearing, and (c) the proposed assumption and assignment of the Assumed Contracts to the Purchaser pursuant to the Agreement or to a Successful Bidder shall be good and sufficient, and no other or further notice shall be required, if given as follows:

(a) Notice Of Sale Hearing. Within five days after entry of this Order (the "Mailing Date"), MobileAria (or its agent) shall serve the Motion, the Agreement, the proposed Sale Order, the Bidding Procedures, and a copy of the Bidding Procedures Order by first-class mail, postage prepaid, upon (i) all entities known to have expressed an interest in a transaction with respect to the Acquired Assets during the past six months; (ii) all entities known to have asserted any lien, claim, interest, or encumbrance in or upon the Acquired Assets; (iii) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by the Motion; (iv) all parties to the Assumed Contracts; (v) all parties to post-petition contracts of MobileAria; (vi) the United States Attorney's office; (vii) the Securities and Exchange Commission; (viii) the Internal Revenue Service; (ix) all entities on the 2002 List; and (x) counsel to the Creditors' Committee and the Equityholders' Committee.

(b) Sale Notice. On or before the Mailing Date, MobileAria (or its agent) shall serve by first-class mail, postage prepaid, a notice of the Sale (the "Sale Notice"), substantially in the form annexed hereto as Exhibit 2, upon all other known creditors of MobileAria.

(c) Cure Notice. No later than ten days after the entry of this Order, MobileAria shall file with the Court and serve on all nondebtor parties to the Assumed Contracts a notice (the "Cure Notice"), substantially in the form annexed hereto as Exhibit 3, of the cure amount necessary to assume the Assumed Contract (the "Cure Amount"). The nondebtor party to the Assumed Contract shall have ten days from the service of the Cure Notice to object to the Cure Amount and must state in its objection

with specificity what Cure is required (with appropriate documentation in support thereof). If no objection is timely received, the Cure Amount set forth in the Cure Notice shall be controlling, notwithstanding anything to the contrary in any Assumed Contract or any other document, and the nondebtor party to the Assumed Contract shall be forever barred from asserting any other claims against the Debtors, the Purchaser, or the Successful Bidder (as appropriate), or the property of either of them, as to such Assumed Contract.

(d) <u>Assumption Notice</u>. Within two business days of the conclusion of the Auction, MobileAria shall cause a notice, substantially in the form of the notice attached hereto as <u>Exhibit 4</u>, to be sent to each nondebtor party to an Assumed Contract identifying the Successful Bidder. Any objection to the assumption and assignment of any Assumed Contract shall be filed no later than two business days prior to the Sale Hearing.

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

9. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
         June __, 2006

_____
UNITED STATES BANKRUPTCY JUDGE