UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                        :
        In re                           :        Chapter 11
                                        :
DELPHI CORPORATION, <u>et al.</u>,      :        Case No. 05-44481 (RDD)
                                        :
                        Debtors.        :        (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. §§ 363 AND 365 AND FED. R. BANKR. P. 2002,
6004, 6006, AND 9014 AUTHORIZING AND APPROVING (I) SALE OF CERTAIN
OF DEBTORS' ASSETS COMPRISING SUBSTANTIALLY ALL OF ASSETS OF
MOBILEARIA, INC. FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES,
(II) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
<u>AND UNEXPIRED LEASES, AND (III) ASSUMPTION OF CERTAIN LIABILITIES</u>

("MOBILEARIA SALE ORDER")

        Upon the motion, dated June 6, 2006 (the "Motion"), of Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for orders pursuant to 11 U.S.C. §§ 363 and

365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 approving (i) bidding procedures, (ii) the

granting of certain bid protections, (iii) the form and manner of sale notices, and (iv) the setting

of a sale hearing (the "Sale Hearing") and (b) authorizing and approving (i) the sale (the "Sale")

of certain of the Debtors' assets (the "Acquired Assets") comprising substantially all of the assets

of MobileAria, Inc. ("MobileAria") free and clear of liens, claims and encumbrances to Wireless

Matrix USA, Inc. (the "Purchaser") pursuant to the Asset Sale and Purchase Agreement dated

June __, 2006 by and between MobileAria and the Purchaser (the "Agreement"),[1] (ii) the

assumption and assignment of certain executory contracts and unexpired leases (the "Assumed

Contracts") to the Purchaser, and (iii) the assumption of certain liabilities (the "Assumed

Liabilities") by the Purchaser; and the Court having entered an order on June __, 2006 (the

"Bidding Procedures Order") approving (i) bidding procedures, (ii) the granting of certain bid

protections, (iii) the form and manner of sale notices, and (iv) the setting of the Sale Hearing;

and the Sale Hearing having been held on July __, 2006, at which time all interested parties were

offered an opportunity to be heard with respect to the Motion; and the Court having reviewed

and considered (i) the Motion, (ii) the objections thereto, if any, (iii) the arguments of counsel

made, and the evidence proffered or adduced, at the Sale Hearing; and it appearing that the relief

requested in the Motion is in the best interests of MobileAria, its estate, its creditors, and all

other parties in interest; and the Court having considered the arguments of counsel at the Sale

Hearing; and upon the record of the Sale Hearing; and after due deliberation thereon, and

sufficient cause appearing therefor,

       IT IS HEREBY FOUND AND DETERMINED THAT:[2]

       A.      The court has jurisdiction over the Motion and the transactions

contemplated by the Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N).  Venue of these cases and the Motion

in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the
Agreement.  A true and correct copy of the Agreement is attached hereto as Schedule 1.

[2]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.

B.      The statutory predicates for the relief sought in the Motion are sections

363 and 365 of 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), and Fed. R. Bankr.

P. 2002, 6004, 6006, and 9014.

C.      As evidenced by the affidavits of service previously filed with the Court,

and based on the representations of counsel at the Sale Hearing, (i) proper, timely, adequate, and

sufficient notice of the Motion, the Sale Hearing, the Sale, the assumption and assignment of the

Assumed Contracts, and the Cure Amounts has been provided in accordance with 11 U.S.C. §§

102(l), 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014, (ii) such notice was good

and sufficient, and appropriate under the particular circumstances, and (iii) no other or further

notice of the Motion, the Sale Hearing, or the Sale is or shall be required.

D.      As demonstrated by (i) the testimony and other evidence proffered or

adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale

Hearing, MobileAria has marketed the Acquired Assets and conducted the sale process in

compliance with the Bidding Procedures Order and the Auction was duly noticed and conducted

in a non-collusive, fair, and good faith manner.

E.      MobileAria (i) has full corporate power and authority to execute the

Agreement and all other documents contemplated thereby, and the transfer and conveyance of

the Acquired Assets by MobileAria has been duly and validly authorized by all necessary

corporate action of MobileAria, (ii) has all of the corporate power and authority necessary to

consummate the transactions contemplated by the Agreement, and (iii) has taken all corporate

action necessary to authorize and approve the Agreement and the consummation by MobileAria

of the transactions contemplated thereby, and no consents or approvals, other than those

3

expressly provided for in the Agreement, are required for MobileAria to consummate such transactions.

F.     MobileAria has demonstrated both (i) good, sufficient, and sound business purpose and justification for the Sale because, among other things, MobileAria and its advisors diligently and in good faith analyzed all other available options in connection with the disposition of the Acquired Assets and determined that the terms and conditions set forth in the Agreement, and the transfer to Purchaser of the Acquired Assets pursuant thereto, represent a fair and reasonable purchase price and constitute the highest or otherwise best value obtainable for the Acquired Assets and (ii) compelling circumstances for the Sale pursuant to 11 U.S.C. § 363(b) prior to, and outside of, a plan of reorganization in that, among other things, absent the Sale the value of the Acquired Assets will be harmed.

G.     A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including without limitation: (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel for the Purchaser, (iii) counsel for the Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "Creditors' Committee"), (iv) counsel for the Official Committee of Equity Security Holders appointed in these chapter 11 cases, (v) all entities known to have expressed an interest in a transaction with respect to the Acquired Assets during the past six months, (vi) all entities known to have asserted any Interests or Claims (as defined below) in or upon the Acquired Assets, (vii) all federal, state, and local regulatory or taxing authorities or recording offices, including but not limited to environmental regulatory authorities, which have a reasonably known interest in the relief requested by the Motion, (viii) all parties to Assumed Contracts, (ix) the United States Attorney's office, (x) the United States

Department of Justice, (xi) the Securities and Exchange Commission, (xii) the Internal Revenue Service, (xiii) all entities on the Master Service List (as defined by the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(M), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures (Docket No. 2883) (the "Supplemental Case Management Order")) and such other entities that are required to be served with notices under the Supplemental Case Management Order.

H.      The Purchaser is not an "insider" of any of the Debtors, as that term is defined in 11 U.S.C. § 101(31).

I.      The Agreement was negotiated, proposed, and entered into by MobileAria and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions. Neither MobileAria nor the Purchaser has engaged in any conduct that would cause or permit the Sale to be avoidable under 11 U.S.C. § 363(n).

J.      The Purchaser is a good faith purchaser under 11 U.S.C. § 363(m) and, as such, is entitled to all of the protections afforded thereby.  The Purchaser will be acting in good faith within the meaning of 11 U.S.C. § 363(m) in closing the transactions contemplated by the Agreement at all times after the entry of this Sale Order.

K.      The consideration provided by the Purchaser for the Acquired Assets pursuant to the Agreement (i) is fair and reasonable, (ii) is the highest or otherwise best offer for the Acquired Assets, (iii) will provide a greater recovery for MobileAria's creditors than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

5

L.      The Sale must be approved and consummated promptly to preserve the viability of MobileAria as a going concern.

M.      With the exception of the Assumed Liabilities, the transfer of the Acquired Assets to the Purchaser will be a legal, valid, and effective transfer of the Acquired Assets, and will vest the Purchaser with all right, title, and interest of MobileAria to the Acquired Assets free and clear of any and all liens, claims, interests, and encumbrances of any type whatsoever (whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the Petition Date, and whether imposed by agreement, understanding, law, equity, or otherwise, including claims otherwise arising under doctrines of successor liability), including, but not limited to those (i) that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of MobileAria's or the Purchaser's interest in the Acquired Assets, or any similar rights, and (ii) relating to taxes arising under or out of, in connection with, or in any way relating to the operation of MobileAria's business prior to the transfer of the Acquired Assets to the Purchaser (collectively, the "Interests or Claims").

N.      If the Sale of the Acquired Assets were not free and clear of all Interests or Claims as set forth in the Agreement and this Sale Order, or if the Purchaser would, or in the future could, be liable for any of the Interests or Claims as set forth in the Agreement and this Sale Order, the Purchaser would not have entered into the Agreement and would not consummate the Sale or the transactions contemplated by the Agreement, thus adversely affecting MobileAria, its estate, and its creditors.

6

O.    MobileAria may sell its interests in the Acquired Assets free and clear of all Interests or Claims because, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied.  All holders of Interests or Claims who did not object, or withdrew their objections to the Sale, are deemed to have consented to the Sale, pursuant to 11 U.S.C. § 363(f)(2).  Those holders of Interests or Claims who did object fall within one or more of the other subsections of 11 U.S.C. § 363(f) and are adequately protected by having their Interests or Claims, if any, attach to the cash proceeds of the Sale ultimately attributable to the property against or in which they claim an Interest or Claim.

P.    The (i) transfer of the Acquired Assets to the Purchaser and (ii) assumption and assignment to the Purchaser of the Assumed Contracts and Assumed Liabilities will not subject the Purchaser to any liability whatsoever with respect to the operation of MobileAria's business prior to the Closing of the Sale or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of equitable law, including, without limitation, any theory of antitrust or successor or transferee liability.

Q.    MobileAria has demonstrated that it is an exercise of its sound business judgment to assume and assign the Assumed Contracts to the Purchaser in connection with the consummation of the Sale, and the assumption and assignment of the Assumed Contracts is in the best interests of MobileAria, its estate, and its creditors.  The Assumed Contracts being assigned to, and the liabilities being assumed by, the Purchaser are an integral part of Acquired Assets being purchased by the Purchaser and, accordingly, such assumption and assignment of

7

Assumed Contracts and liabilities are reasonable, enhance the value of MobileAria's estate, and do not constitute unfair discrimination.

R.    MobileAria has (i) cured, or has provided adequate assurance of cure, of any default existing prior to the Closing of the Sale under any of the Assumed Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(A), by payment of the amounts provided on <u>Schedule 2</u> hereto and (ii) provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Assumed Contracts, with the meaning of 11 U.S.C. § 365(b)(1)(B), and the Purchaser has provided adequate assurance of their future performance of and under the Assumed Contracts, within the meaning of 11 U.S.C. §§ 365(b)(1)(C) and 365(f)(2)(B).   The Court hereby finds that the Assumed Contracts to be assumed and assigned under the Agreement shall be assigned and transferred to, and remain in full force and effect for the benefit of Purchaser notwithstanding any provision in the contracts or other restrictions prohibiting their assignment or transfer, pursuant to 11 U.S.C. § 365(f).

S.    Approval of the Agreement and consummation of the Sale of the Acquired Assets at this time are in the best interests of MobileAria, its creditors, its estate, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

<u>General Provisions</u>

1.    The Motion is GRANTED.

<u>Approval Of The Agreement</u>

2.    Pursuant to 11 U.S.C. § 363(b), the Agreement and all of the terms and conditions thereof are hereby approved.

3.    Pursuant to 11 U.S.C. § 363(b), MobileAria is authorized to perform its obligations under the Agreement and comply with the terms thereof and consummate the Sale in accordance with and subject to the terms and conditions of the Agreement.

4.    Each of the signatories to the Agreement is directed to take all actions necessary or appropriate to effectuate the terms of this Sale Order.

5.    MobileAria is authorized and directed to execute and deliver, and empowered to perform under, consummate, and implement, the Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement, and to take all further actions as may be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser or reducing to possession, the Acquired Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Agreement.

6.    This Sale Order and the Agreement shall be binding in all respects upon all creditors (whether known or unknown) of MobileAria, the Purchaser, all successors and assigns of the Purchaser and MobileAria, all affiliates and subsidiaries of the Purchaser and MobileAria, and any subsequent trustees appointed in the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code and shall not be subject to rejection.  To the extent any provision of this Sale Order is inconsistent with the terms of the Agreement, this Sale Order shall govern.

7.      The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court; provided that any such modification, amendment, or supplement is not material.

### Sale And Transfer Of The Acquired Assets

8.      Except as expressly permitted or otherwise specifically provided for in the Agreement or this Sale Order, pursuant to 11 U.S.C. §§ 363(b) and 363(f), upon the consummation of the Agreement, the Acquired Assets shall be transferred to the Purchaser free and clear of all Interests or Claims, with all such Interests or Claims to attach to the cash proceeds of the Sale in the order of their priority, with the same validity, force, and effect which they now have as against the Acquired Assets, subject to any claims and defenses MobileAria may possess with respect thereto.

9.      The transfer of the Acquired Assets to the Purchaser pursuant to the Agreement constitutes a legal, valid, and effective transfer of the Acquired Assets, and shall vest the Purchaser with all right, title, and interest of MobileAria in and to the Acquired Assets free and clear of all Interests or Claims of any kind or nature whatsoever.

10.      If any person or entity which has filed financing statements, mortgages, mechanic's liens, lis pendens, or other documents or agreements evidencing Interests or Claims against or in the Acquired Assets shall not have delivered the foregoing to MobileAria prior to the Closing of the Sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfactions, releases of all Interests or Claims that the person or entity has with respect to the Acquired Assets, or otherwise, then (a) MobileAria is hereby authorized to execute and file such statements, instruments, releases, and other

documents on behalf of the person or entity with respect to the Acquired Assets and (b) the

Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Sale

Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence

of the release of all Interests or Claims in the Acquired Assets of any kind or nature whatsoever.

11.    This Sale Order (a) shall be effective as a determination that, upon the

Closing of the Sale, all Interests or Claims of any kind or nature whatsoever existing as to

MobileAria or the Acquired Assets prior to the Closing of the Sale have been unconditionally

released, discharged, and terminated (other than any surviving obligations), and that the

conveyances described herein have been effected and (b) shall be binding upon and shall govern

the acts of all entities including, without limitation, all filing agents, filing officers, title agents,

title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative

agencies, governmental departments, secretaries of state, federal, state, and local officials, and all

other persons and entities who may be required by operation of law, the duties of their office, or

contract, to accept, file, register, or otherwise record or release any documents or instruments, or

who may be required to report or insure any title or state of title in or to any of the Acquired

Assets.

12.    Except as expressly permitted or otherwise specifically provided by the

Agreement or this Sale Order, all persons and entities, including, but not limited to, all debt

security holders, equity security holders, governmental, tax, and regulatory authorities, lenders,

trade, and other creditors, holding Interests or Claims of any kind or nature whatsoever against or

in MobileAria or the Acquired Assets (whether legal or equitable, secured or unsecured, matured

or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in

connection with, or in any way relating to, MobileAria, the Acquired Assets, the operation of

11

MobileAria's business prior to the Closing of the Sale, or the transfer of the Acquired Assets to

the Purchaser, hereby are forever barred, estopped, and permanently enjoined from asserting

against the Purchaser, its successor or assign, its property, or the Acquired Assets, such persons'

or entities' Interests or Claims.

13.     Upon the completion of the transactions contemplated by the Agreement,

the Purchaser shall not be deemed to (a) be the successor of MobileAria, (b) have, de facto, or

otherwise, merged with or into MobileAria, (c) be a mere continuation or substantial

continuation of MobileAria or the enterprise(s) of MobileAria, or (d) be liable for any acts or

omissions of MobileAria in the conduct of MobileAria's business.

### Assumption And Assignment To The Purchaser Of The Assumed Contracts

14.     Pursuant to 11 U.S.C. §§ 105(a) and 365, and subject to and conditioned

upon the Closing of the Sale, MobileAria's assumption and assignment to the Purchaser, and the

Purchaser's assumption on the terms set forth in the Agreement, of the Assumed Contracts is

hereby approved, and the requirements of 11 U.S.C. §§ 365(b)(1) and 365(f) with respect thereto

are hereby deemed satisfied.

15.     MobileAria is hereby authorized in accordance with 11 U.S.C. §§ 105(a)

and 365 to (a) assume and assign to the Purchaser, effective upon the Closing of the Sale, the

Assumed Contracts free and clear of all Interests or Claims of any kind or nature whatsoever and

(b) execute and deliver to the Purchaser such documents or other instruments as may be

necessary to assign and transfer the Assumed Contracts and Assumed Liabilities to the Purchaser.

The Post-Petition Contracts, effective upon the Closing of the Sale, shall be assigned to the

Purchaser clear of all Interests or Claims of any kind or nature whatsoever.

12

16.    The Assumed Contracts shall be transferred to, and remain in full force and effect for the benefit of, the Purchaser in accordance with their respective terms, notwithstanding any provision in any such Assumed Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to 11 U.S.C. § 365(k), MobileAria shall be relieved from any further liability with respect to the Assumed Contracts after such assignment to and assumption by the Purchaser.

17.    All defaults or other obligations of MobileAria under the Assumed Contracts and the Post-Petition Contracts arising or accruing prior to the Closing of the Sale (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be cured by MobileAria at the Closing of the Sale or as soon thereafter as practicable, and the Purchaser shall have no liability or obligation arising or accruing prior to the date of the Closing of the Sale, except as otherwise expressly provided in the Agreement.  Each non-debtor party to any Assumed Contracts is deemed to have consented to the assumption and assignment of the Assumed Contracts to Purchaser and is forever barred from asserting any default existing as of the date of the Closing or any purported written or oral modification to the Assumed Contracts.  The failure of the MobileAria, the Debtors or Purchaser to enforce prior to the Closing of the Sale one or more terms or conditions of any Assumed Contracts shall not be a waiver of such terms or conditions, or of MobileAria's, the Debtors' or Purchaser's rights to enforce every term and condition of any such Assumed Contracts.

18.     Each non-Debtor party to an Assumed Contract hereby is forever barred, estopped, and permanently enjoined from asserting against MobileAria or the Purchaser, or the property of either of them, any default existing, arising or accruing as of the Closing the Sale.

Additional Provisions

19.     The consideration provided by the Purchaser for the Acquired Assets under the Agreement is hereby deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, and under the laws of the United States, and any state, territory, possession, or the District of Columbia.

20.     Upon the Closing of the Sale, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of all of the Acquired Assets or a bill of sale transferring good and marketable title in such Acquired Assets to the Purchaser on pursuant to the terms of the Agreement.

21.     Except as otherwise provided in the Agreement, upon the Closing of the Sale, each of MobileAria's creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release their respective Interests or Claims against the Acquired Assets, if any, as may have been recorded or may otherwise exist.

22.     This Sale Order (a) shall be effective as a determination that, upon the Closing of the Sale, all Interests or Claims of any kind or nature whatsoever existing as to MobileAria or the Acquired Assets prior to the Closing have been unconditionally released, discharged and terminated (other than any surviving obligations), and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of

all entities including without limitation, all filing agents, filing officers, title agents, title

companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative

agencies, governmental departments, secretaries of state, federal, state, and local officials, and all

other persons and entities who may be required by operation of law, the duties of their office, or

contract, to accept, file, register or otherwise record or release any documents or instruments, or

who may be required to report or insure any title or state of title in or to any of the Acquired

Assets.

23.    Each and every federal, state, and governmental agency or department,

and any other person or entity, is hereby directed to accept any and all documents and

instruments necessary and appropriate to consummate the transactions contemplated by the

Agreement.

24.    All entities who are currently, or as of the Closing of the Sale may be, in

possession of some or all of the Acquired Assets to be sold, transferred, or conveyed pursuant to

the Agreement are hereby directed to surrender possession of the Acquired Assets to the

Purchaser upon the Closing of the Sale.

25.    The Purchaser shall have no liability or responsibility for any liability or

other obligation of MobileAria arising under or related to the Acquired Assets other than for the

Assumed Liabilities.  Without limiting the generality of the foregoing, and except as otherwise

specifically provided herein and in the Agreement, the Purchaser shall not be liable for any

claims against MobileAria or any of its predecessors or affiliates, and the Purchaser shall have no

successor or vicarious liabilities of any kind or character whether known or unknown as of the

Closing of the Sale, now existing or hereafter arising, whether fixed or contingent, with respect

to MobileAria or any obligations of MobileAria arising prior to the Closing of the Sale, including,

15

but not limited to, liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of MobileAria's business prior to the Closing of the Sale.

26.    Under no circumstances shall the Purchaser be deemed a successor of or to MobileAria for any Interest or Claim against or in MobileAria or the Acquired Assets of any kind or nature whatsoever.  The sale, transfer, assignment, and delivery of the Acquired Assets shall not be subject to any Interests or Claims, and Interests or Claims of any kind or nature whatsoever shall remain with, and continue to be obligations of, MobileAria.  All persons holding Interests or Claims against or in MobileAria or the Acquired Assets of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such Interests or Claims of any kind or nature whatsoever against the Purchaser, its property, its successors and assigns, or the Acquired Assets with respect to any Interest or Claim of any kind or nature whatsoever such person or entity had, has, or may have against or in MobileAria, its estate, its officers, its directors, its shareholders, or the Acquired Assets.  Following the Closing of the Sale, no holder of an Interest or Claims in MobileAria shall interfere with the Purchaser's title to or use and enjoyment of the Acquired Assets based on or related to such Interest or Claim, or any actions that MobileAria may take in its chapter 11 case.

27.    The transactions contemplated by the Agreement are undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale of the Acquired Assets shall not affect the validity of the Sale to the Purchaser, unless such authorization is duly stayed pending such appeal.  The Purchaser is a

purchaser in good faith of the Acquired Assets, and is entitled to all of the protections afforded

by section 363(m) of the Bankruptcy Code.

28.    The consideration provided by the Purchaser for the Acquired Assets

under the Agreement is fair and reasonable and the Sale may not be avoided under section 363(n)

of the Bankruptcy Code.

29.    MobileAria, including, but not limited to, its officers, employees, and

agents, is hereby authorized to execute such documents and do such acts as are necessary or

desirable to carry out the transactions contemplated by the terms and conditions of the

Agreement and this Sale Order.  MobileAria shall be, and it hereby is, authorized to take all such

actions as may be necessary to effectuate the terms of this Sale Order.

30.    The terms and provisions of the Agreement and this Sale Order shall be

binding in all respects upon, and shall inure to the benefit of, MobileAria, its estates, and its

creditors, the Purchaser, and their respective affiliates, successors, and assigns, and any affected

third parties, including, but not limited to, all persons asserting an Interest or Claim in the

Acquired Assets to be sold to the Purchaser pursuant to the Agreement, notwithstanding any

subsequent appointment of any trustee, party, entity, or other fiduciary under any section of any

chapter of the Bankruptcy Code, as to which trustee, party, entity, or other fiduciary such terms

and provisions likewise shall be binding.

31.    Notwithstanding anything contained herein to the contrary, the term

"Acquired Assets" as defined herein does not include property that is not property of

MobileAria's estate, such as funds that are trust funds under any applicable state lien laws.

17

32.     To the extent permitted by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Acquired Assets sold, transferred, or conveyed to the Purchaser on account of the filing or pendency of these chapter 11 cases or the consummation of the Sale.

33.     The failure specifically to include or to reference any particular provision of the Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

34.     The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court; provided that any such modification, amendment, or supplement does not have a material adverse effect on MobileAria's estate.

35.     The provisions of this Sale Order are nonseverable and mutually dependent.

36.     Nothing in this Sale Order shall alter or amend the Agreement and the obligations of MobileAria and the Purchaser thereunder.

37.     This Court retains jurisdiction to enforce and implement the terms and provisions of the Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Acquired Assets to the Purchaser, (b) compel delivery of the purchase price or performance of other obligations owed to MobileAria pursuant to the Agreement, (c) resolve any disputes arising under or related to the

18

Agreement, except as otherwise provided therein, (d) interpret, implement, and enforce the

provisions of this Sale Order, and (e) protect the Purchaser against any Interests or Claims

against MobileAria or the Acquired Assets, of any kind or nature whatsoever, attaching to the

proceeds of the Sale.

38.     Notwithstanding Rules 6004(g) and 6006(d) of the Federal Rules of

Bankruptcy Procedure or any other Bankruptcy Rule, this Sale Order shall take effect

immediately upon its entry.

39.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
       July ___, 2006


_____
    UNITED STATES BANKRUPTCY JUDGE