| | |
|---|---|
| KIRKPATRICK & LOCKHART | Hearing Date: June 16, 2006 |
| NICHOLSON GRAHAM LLP | 10:00 A.M. |
| Edward M. Fox, Esq. (EF1619) | |
| 599 Lexington Avenue | |
| New York, New York 10022 | |
| Telephone (212) 536-3900 | |

Attorneys for Wilmington Trust Company,
as Indenture Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                              :       Chapter 11
                                                    :       Case No. 05-44481 (RDD)
DELPHI CORPORATON, *et al*.,                        :       (Jointly Administered)
                                                    :
       Debtors.                                     :
                                                    :
---------------------------------------------------------X

**PRELIMINARY OBJECTION OF WILMINGTON TRUST COMPANY, AS
INDENTURE TRUSTEE, TO MOTION FOR ORDER UNDER 11 U.S.C. § 363(B) AND
FED. R. BANKR. P. 2002 AND 6004 APPROVING DEBTORS' ENTRY INTO
TRANSFER AGREEMENT WITH JOHNSON CONTROLS, INC. PROVIDING FOR
(A) SALE OF ACQUIRED ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND
ENCUMBRANCES, (B) CONTINUATION AND TRANSITION OF SUPPLY TO
JOHNSON CONTROLS, INC. OF BATTERY PRODUCTS OUT OF
FITZGERALD FACILITY, AND (C) IMPLEMENTATION OF
ATTRITION PLAN WITH RESPECT TO NEW BRUNSWICK FACILITY
IN ACCORDANCE WITH IUE-CWA MEMORANDUM**

Wilmington Trust Company ("WTC"), in its capacity as indenture trustee with respect to the senior notes and debentures (the "Senior Debt") in the aggregate principal amount of $2 billion issued by Delphi Corporation ("Delphi"), by and through its attorneys, Kirkpatrick & Lockhart Nicholson Graham LLP, hereby files this preliminary objection to the Motion for Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 2002 and 6004 Authorizing and Approving Debtors' Entry into Transfer Agreement with Johnson Controls, Inc. Providing for (A) Sale of Acquired Assets Free and Clear of Liens, Claims and Encumbrances, (B)

NY-443836 v1

Continuation and Transition of Supply to Johnson Controls, Inc. of Battery Products Out of Fitzgerald Facility, and (C) Implementation of Attrition Plan with Respect to New Brunswick Facility in Accordance with IUE-CWA Memorandum (the "Motion") filed by Delphi and its debtor subsidiaries and affiliates (collectively, the "Debtors"), stating as follows:

1. WTC takes no position regarding the wisdom of the decision by Delphi Automotive Systems, LLC ("DAS") to sell its battery business to Johnson Controls, Inc. ("JCI"), nor with respect to DAS' decision to implement an attrition program in connection with that sale.

2. WTC strenuously objects, however, to the Debtors' proposal to have Delphi Corporation fund an attrition program for the benefit of DAS and its employees, at a cost of up to $22.8 million, without even attempting to show why such an expenditure is in the best interests of Delphi Corporation and its own creditors.

3. Delphi Corporation's participation in the Motion is even more incomprehensible in light of the fact that, under the terms of the proposed Transfer Agreement, while JCI has agreed to contribute up to $12.5 million to offset the cost of the attrition program, that payment will be made to DAS rather than Delphi Corporation, which is actually funding the cost of the program.[1]

4. Facilitating the sale of DAS' battery business may well be in the best interests of DAS and its creditors for all of the reasons set forth in the Motion. Delphi Corporation, however, has an independent fiduciary duty to act in the best interests of its

---

[1] This preliminary objection was originally served on June 6, 2006 only on the Debtors and not filed at that time in order to give WTC and the Debtors an opportunity to discuss and attempt to resolve the issues raised herein. As a result, the Debtors have now orally agreed that any reimbursements to be paid to the Debtors for the cost of the attrition program shall be paid to the entity funding the attrition program. The Debtors estimate that the cost of the attrition program will exceed the amounts to be reimbursed in connection therewith, however, so if the relief sought in the Motion is granted, Delphi Corporation and its creditors will still be forced to bear costs related to an attrition program that benefits DAS LLC and its creditors.

creditors without regard to the potentially conflicting interests of its subsidiaries and affiliates, including DAS.

5. Nevertheless, the Motion makes no effort to explain how the relief requested, which involves a substantial expenditure of funds by Delphi Corporation for the benefit of DAS and its creditors, would or could conceivably advance the interests of Delphi Corporation's own creditors.

6. Instead, the Motion appears to be the latest example of the Debtors' willingness to treat Delphi Corporation as a communal piggybank to be tapped for the benefit of its operating subsidiaries rather than a separate and distinct legal entity, with interests and obligations distinct from those of its subsidiaries, and a fiduciary duty to advance the interests of its own creditors and equity holders.

7. In light of the complete absence of any apparent business justification for Delphi Corporation to participate in the transaction described in the Motion, WTC files this objection in order to create a contested matter to permit it to take discovery from the Debtors in order to determine why Delphi Corporation has agreed to expend $22.8 million of its resources to fund an attrition program designed to benefit the employees of another entity, and what possible benefit that arrangement is expected to provide to the creditors of Delphi Corporation.

8. Based on the information set forth in the Motion, however, the Debtors have failed to demonstrate the existence of any "good business reason" for Delphi Corporation's participation in the Motion, and the Motion must therefore be denied. In re Lionel Corp., 722 F.2d 1063, 1071 (2d Cir. 1983).

9. WTC expressly reserves the right to supplement this objection upon the conclusion of discovery and prior to the hearing on the Motion.

WHEREFORE, WTC respectfully requests that the Court enter an Order denying the Motion and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 6, 2006

                      KIRKPATRICK & LOCKHART
                      NICHOLSON GRAHAM LLP

                      By: */s/ Edward M. Fox*
                          Edward M. Fox (EF1619)
                          A Member of the Firm
                      Attorneys for Wilmington Trust Company,
                      as Indenture Trustee
                      599 Lexington Avenue
                      New York, NY 10022
                      (212) 536-3900