MICHAEL J. GARCIA  HEARING DATE: June 16, 2006, at 10 AM
United States Attorney for the
Southern District of New York
By: DAVID J. KENNEDY (DK-8307)
Assistant United States Attorney
86 Chambers Street -- 3rd Floor
New York, New York  10007
Tel. No.:  (212) 637-2733
Fax No.:  (212) 637-2686

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                     :

In re:                                                  :
                                                  :          05-44481 (RDD)
DELPHI CORPORATION, et al.,               :
                                                  :          Chapter 11
              Debtors.                   :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**OBJECTION OF THE UNITED STATES OF AMERICA TO MOTION BY THE
DEBTORS SEEKING AUTHORIZATION AND APPROVAL OF DEBTORS' ENTRY
INTO A TRANSFER AGREEMENT WITH JOHNSON CONTROLS, INC., PROVIDING
FOR (A) SALE OF ACQUIRED ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND
ENCUMBRANCES; (B) CONTINUATION AND TRANSITION OF SUPPLY TO
JOHNSON CONTROLS, INC. OF BATTERY PRODUCTS
OUT OF FITZGERALD FACILITY; AND (C) IMPLEMENTATION OF
ATTRITION PLAN WITH RESPECT TO NEW BRUNSWICK FACILITY
IN ACCORDANCE WITH IUE-CWA MEMORANDUM**

        1.        The United States, on behalf of the Environmental Protection Agency ("EPA"), by its attorney Michael J. Garcia, United States Attorney for the Southern District of New York (the "Government"), respectfully objects to the Motion by the Debtors seeking authorization and approval of Debtors' entry into a transfer agreement with Johnson Controls, Inc. ("JCI"), providing for (A) sale of acquired assets free and clear of liens, claims, and encumbrances; (B) continuation and transition of supply to JCI of battery products out of Fitzgerald facility; and (C) implementation of attrition plan with respect to New Brunswick facility in accordance with IUE-CWA

Memorandum (the "Motion"). The Government takes no position on aspects (B) and (C) of the Motion. The Government objects to the Motion to the extent that it purports to provide for a sale that would extinguish the potential environmental liabilities of Debtors and JCI.

## BACKGROUND

2.     On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries commenced these Chapter 11 cases by filing voluntary petitions for relief under 11 U.S.C. § 101 et seq. (the Code).

3.     The Debtors continue to manage their properties and to operate their business as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Code.

4.     This Objection is respectfully submitted on behalf of the EPA, an agency of the United States. The United States, through EPA, is charged with the police and regulatory responsibility to protect public health and the environment under several environmental statutes, including the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 et seq., Clean Water Act ("CWA"), 33 U.S.C. § 1251 et seq., Clean Air Act ("CAA"), 42 U.S.C. § 7401 et seq., Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2601 et seq., and the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq. All of these statutes are designed, inter alia, to ensure that persons that own or operate facilities in the United States take necessary steps to protect the public from serious environmental dangers.

## ARGUMENT

## DEBTORS CANNOT EXTINGUISH ENVIRONMENTAL LIABILITIES
## IN A SECTION 363 SALE

5. The United States objects to several provisions of the proposed Sale Order to the extent that the Order purports to eliminate the environmental liabilities of either Debtors or JCI. Specifically, paragraph 13 of the Sale Order provides that:

> Except as otherwise expressly provided in the Transfer Agreement, no person or entity, including, without limitation, any federal, state, or local governmental agency, department or instrumentality, shall assert by suit or otherwise against JCI or its successors in interest any claim that they had, have or may have against the Debtors, or any liability, debt or obligation relating to or arising from the Acquired Assets, or the Debtors' operation of the Business or use of the Acquired Assets, including, without limitation, any liabilities calculable by reference to the Debtors or their assets or operations, and all persons and entities are hereby enjoined from asserting against JCI in any way any such claims, liabilities, debts or obligations.

(Sale Order ¶ 13.) Similarly, paragraph 14 provides that:

> [E]xcept as expressly provided in the Transfer Agreement or this Order, JCI shall not be liable or responsible, as a successor or otherwise, for the Debtors' liabilities, debts, commitments, or obligations, whether calculable by reference to the Debtors, arising on or prior to the Completion Date and under or in connection with . . . (v) environmental liabilities, debts, claims, or obligations arising from conditions first existing on or prior to Completion Date (including, without limitation, the presence of hazardous, toxic, polluting, or contaminating substances or wastes), which may be asserted on any basis, including, without limitation, under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 et seq.

(Sale Order ¶ 14.) Debtors adduce no authority for the proposition that two private parties are free to contract between themselves to absolve each other of liability under environmental laws intended to protect the public health and safety.

6. Debtors cannot extinguish the environmental obligations of future purchasers through a Section 363 Sale. Section 107(a)(1) of CERCLA makes the current owner or operator of a facility liable for releases of hazardous substances from their facility, without regard to whether the current

owner or operator had anything to do with bringing the hazardous substances to the facility or causing the release. 42 U.S.C. § 9607(a)(1). Thus if there is contamination at the facility, liability for such contamination runs with the property.

7.      The Government therefore objects to the Debtors' motion to the extent that it fails to preserve the purchaser's obligations to comply with applicable law as the post-acquisition owner or operator of contaminated property. See, e.g., In re CMC Heartland Partners, 966 F.2d 1143 (7th Cir. 1992). No purchaser of contaminated property can be permitted to own or operate property free of obligations to comply with environmental laws, and thereby risk the health and safety of the public. See Ohio v. Kovacs, 469 U.S. 274, 285 (1985).

8.      Moreover, Section 363 of the Code does not permit the sale of property free and clear of an interest if the holder of the interest could not be compelled to accept money in satisfaction of such interest. See 11 U.S.C. § 363(f)(5); see also Gouveia v. Tazbir, 37 F.3d 295 (7th Cir. 1994). The United States cannot be compelled to accept money in lieu of an owner or operator's obligation to comply with the legal requirements that apply to owners and operators of property under environmental laws. Indeed, the Seventh Circuit has rejected the suggestion that such a result is possible:

> [N]o one believes . . . that a bankruptcy court enjoys a blanket power to enjoin all future lawsuits against a buyer at a bankruptcy sale in order to maximize the sale price [or] . . . to immunize such buyer from all state and federal laws that might reduce the value of the assets bought from the bankruptcy.

Zerand-Bernal, Inc. v. Cox, 23 F.3d 159, 163 (7th Cir. 1994) (Posner, J.). To the extent that the claims of environmental authorities can be resolved in bankruptcy, such claims are limited to expenses that are within the actual or presumed contemplation of the parties. See In re Chateaugay Corp., 944 F.2d 997 (2d Cir. 1991). Debtors in this case, however, go far beyond the boundary

4

approved by the Second Circuit and claim release from any and all liabilities that could be asserted by the EPA at any point in the future. (Sale Order ¶¶ 13, 14.) This demand for a limitless release of liability is unwarranted under the Code, and should be rejected.

9.   For these reasons, the United States opposes the Motion unless the Sale Order specifically states that:

> nothing in the Court's Order approving the Transfer Agreement: (1) releases or nullifies any liability to a government entity under environmental statutes or regulations that any entity would be subject to as owner or operator of such property; and (2) precludes or prevents a governmental entity from exercising any powers under police and regulatory statutes, or regulations, that would be applicable to any entity as an owner or operator of property.

## CONCLUSION

10.  For the reasons stated above, the United States objects to the entry of any Sale Order that purports to extinguish, release, or otherwise prejudice the claims of the United States Environmental Protection Agency.

Dated:   New York, New York
         June 9, 2006

                      MICHAEL J. GARCIA
                      United States Attorney for the
                      Southern District of New York
                      Attorney for the United States of America

By:   \s\ David J. Kennedy
      DAVID J. KENNEDY (DK-8307)
      Assistant United States Attorney
      86 Chambers Street, 3rd Floor
      New York, New York 10007
      Tel. No. (212) 637-2733
      Fax No. (212) 637-2686