| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | HEARING DATE: July 19, 2006<br>HEARING TIME:  10:00 a.m. |

------------------------------------------------------
In re:                                              :    Chapter 11
                                                    :
DELPHI CORP., *et al.*,                             :    Case No. 05-44481 (RDD)
                                                    :
                    Debtors.                        :    (jointly administered)
------------------------------------------------------ x

### NOTICE OF FEE COMMITTEE'S APPLICATION FOR AN ORDER AUTHORIZING RETENTION OF LEGAL COST CONTROL AS FEE AND EXPENSE ANALYST, *NUNC PRO TUNC* TO JUNE 1, 2006, PURSUANT TO §§ 327(a) AND 328 OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, on **July 19, 2006, at 10:00 a.m.**, or as soon thereafter as counsel may be heard, in Courtroom 610, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, to consider the annexed application (the "Application") of the Delphi Corporation Fee Committee (the "Fee Committee"), for an order authorizing the retention of Legal Cost Control ("LCC") as the Fee Committee's Fee and Expense Analyst, *nunc pro tunc* to June 1, 2006, pursuant to sections 327(a) and 328 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application (a) must be in writing, (b) must conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Order under 11 U.S.C. §§ 102 (1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (i) Omnibus Hearing Dates, (ii) Certain Notice, Case Management, and Administrative Procedures, and (iii) Scheduling an Initial Case Conference in Accordance with Local Bankr. R. 1007-2(e) (the "Case Management Order") (Docket No. 245), (c) must be filed with the Bankruptcy Court in

- 1 -

accordance with General Order M-242 (as amended), (d) must be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) must be served upon: (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: David M. Sherbin, Vice President & General Counsel); (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, IL 60606 (Attn: John Wm. Butler, Jr., Esq.); (iii) John J. Marquess, Esq., Legal Cost Control, 255 Kings Highway East, Haddonfield, NJ 08033; (iv) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Attn: Kenneth S. Ziman, Esq.); (v) counsel for the agent under the Debtors' postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Marlane Melican, Esq.); (vi) counsel for the Official Committee of Unsecured Creditors, Latham &Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg, Esq. and Mark A. Broude, Esq.);  (vii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Attn: Alicia M. Leonhard, Esq.), and (viii) counsel for the Official Committee of Equity Security Holders, Fried, Frank, Harris, Shriver & Jacobson, LP (Attn: Bonnie Steingart, Esq. and Vivek Melwani, Esq.), in each case so as to be **received** no later than **4:00 p.m. (Prevailing Eastern Time) on July 12, 2006 (**the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only those timely-written objections made in accordance herewith, and timely filed and received by the Objection Deadline will be considered by the Bankruptcy Court, and that if no objections to the Application are timely filed and served the Bankruptcy Court may enter an order granting the Application without further notice.

Dated: New York, NY
       June 9, 2006

                          DELPHI FEE COMMITTEE

               By: /s/ Alicia M. Leonhard
                   Alicia M. Leonhard
                   Attorney for the United States Trustee

               By: /s/ Valerie Venable
                   Valerie Venable
                   General Electric Company
                   Member of the Delphi Creditors' Committee

               By: /s/ David M. Sherbin
                   David M. Sherbin
                   Vice President & General Counsel
                   Delphi Corporation

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | HEARING DATE: July 19, 2006<br>HEARING TIME:  10:00 a.m. |

```
------------------------------------------------------
In re:                                              :    Chapter 11
                                                    :
DELPHI CORP., et al.,                               :    Case No. 05-44481 (RDD)
                                                    :
                    Debtors.                        :    (jointly administered)
------------------------------------------------------ x
```

**FEE COMMITTEE'S APPLICATION FOR AN ORDER AUTHORIZING
RETENTION OF LEGAL COST CONTROL AS FEE AND EXPENSE
ANALYST, *NUNC PRO TUNC* TO JUNE 1, 2006, PURSUANT TO
§§ 327(a) AND 328 OF THE BANKRUPTCY CODE**

**I.    INTRODUCTION**

The Delphi Joint Fee Review Committee (the "Fee Committee") hereby files its application (the "Application") for an order authorizing the retention of Legal Cost Control ("LCC") as fee and expense analyst, *nunc pro tunc* to June 1, 2006, pursuant to 11 U.S.C. §§ 327(a) and 328.  The terms of the engagement of LCC are outlined in the statement of engagement (the "Statement of Engagement") attached as Exhibit "A."  LLC's connections and qualifications are disclosed in the Verified Statement Pursuant to Bankruptcy Rule 2014(a) attached as Exhibit "B."

**II.   BACKGROUND**

    **A.    Formation of the Fee Committee**

1.      On May 5, 2006, this Court entered the Third Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Fee Committee Order") in these cases (the "Delphi Cases").

2.      The Fee Committee Order established a Joint Fee Review Committee (the "Fee Committee") and approved a fee protocol (the "Fee Protocol") which charges the Fee Committee

- 1 -

with the primary responsibility to

> review and analyze fee statements and interim and final fee applications submitted by professionals appointed by this Court in these chapter 11 cases (the "Retained Professionals") and verify compliance with the other procedures described [in the Fee Protocol.]"

*See* Fee Committee Order, ¶ 1, and Fee Protocol, at 1.

3. The Fee Committee is made up of two representatives of the Debtors (who have one vote), a member of the Creditors' Committee, and a representative of the United States Trustee. The current members of the Fee Committee are David M. Sherbin, Esq, Vice President & General Counsel, and John Sheehan, Chief Financial Officer, of the Delphi Corporation, Valerie Venable, from the Creditors' Committee, and Alicia M. Leonhard, attorney for the United States Trustee.

4. The Fee Protocol also provides that the Fee Committee may retain a "fee examiner to assist the Fee Committee to effectively discharge [its] duties . . . ." *See* Fee Protocol, at 5.

    **B.**     **Choice of LCC**

5. The Fee Committee has determined that the volume of fee and expense statements and applications warrants assistance from a professional who can provide computer analysis of the Retained Professionals' fees and expenses. Accordingly, the Fee Committee unanimously selected LCC as the best qualified and most cost-effective professional to support the Fee Committee with automated analysis and related services in its review of the fees and expenses of the Retained Professionals in the Delphi Cases.

    **1.**     **LCC's Qualifications**

6. LCC provides legal and accounting cost and case management services to, among others, corporations, local governments, bankruptcy courts, insurance carriers, and governmental

agencies. These services include legal bill processing and payment, web-based legal cost solutions, legal cost reviews, law firm audits and legal services assessments.

7. LCC has extensive expertise in analyzing fee and expense requests in large chapter 11 cases, including Enron, Wordcom, Adelphia, NTL, AmeriServe Food Distribution, Worldwide Direct, WRT Energy, and Resolution Trust.

8. The Fee Committee seeks to retain LCC as its fee analyst because, among other things, LCC and its professionals have a reputation for providing high quality cost review services to their clients in a timely and cost-efficient manner.

### 2. The Statement of Engagement

9. The Fee Committee and LCC have entered into a Statement of Engagement subject to Court approval. Under the Statement of Engagement, LCC will prepare reports and data analysis on the compliance of fee applications with the requirements of the Bankruptcy Code, the United States Trustee Guidelines and Local Rules and General Order of the Bankruptcy Court for the Southern District of New York. *See* Exhibit A.

10. The employment of LCC is in the best interests of the Debtors' estates and of the Delphi Cases because it will aid the Fee Committee's analysis of fees and expenses and will augment the Fee Committee's ability to properly and efficiently analyze a large volume of fee and expense requests. The Fee Committee believes that LCC will materially aid in maximizing cost control and efficiency.

### 3. Compensation

11. In consideration for LCC's services and after negotiation, the Fee Committee has set LCC's fee at .80% of all fees and expenses submitted by the Retained Professionals in the Delphi Cases. The fee includes services and all costs such as office support, mail and postage,

- 3 -

travel and expert testimony.

12. In accordance with 11 U.S.C. § 330 and 331, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, The Administrative Order re: Guidelines for Fees and Disbursements for Professionals in Southern District of New York Cases, and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Interim Compensation Order"), entered in the Delphi Cases on November 4, 2005, and supplemental Interim Compensation Orders, entered on March 8 and 28, 2006, LCC will apply to the Court for the interim and final allowance of compensation and reimbursement of expenses.

### 4. LCC's Connections with Parties in Interest

13. Except as set forth in the Verified Statement Pursuant to 2014(a) (Exhibit B) and to the best of the Fee Committee's knowledge, LCC has not represented and has no relationship with the Debtors, their creditors, equity security holders, any other parties in interest in the Delphi Cases, any of the Retained Professionals or professionals representing creditors, equity security holders or other parties, the United States Trustee or any person employed in the Office of the United States Trustee, in any matter relating to the Delphi Cases.

### III. APPLICABLE LEGAL AUTHORITY

14. This Court has jurisdiction of this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges," dated July 10, 1984, issued by District Court Judge Robert J. Ward. Venue of this proceeding and the within application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 327(a), 328(a), 330 and 331 of the Bankruptcy

Code.

15.   Section 327(a) of the Bankruptcy Code provides in part that:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a)

16.   Section 328(a) of the Bankruptcy Code provides in part that:

> The trustee . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis

11 U.S.C. § 328(a)

17.   Rule 2014 of the Federal Rules of Bankruptcy Procedure provides in part that:

> An order approving the employment of financial advisors . . . or other professionals pursuant to § 327 . . . of the Code shall be made only on application of the trustee or committee.

Fed.R.Bankr.P. 2014.

18.   Local Bankruptcy Rul 2014-1 provide in part that:

> An application for the employment of a professional person pursuant to §§ 327 and 328 of the Bankruptcy Code shall state the specific facts showing the reasonableness of the terms and conditions of employment, including the terms of any retainer, hourly fee, or contingent fee arrangement.

S.D.N.Y. L.B.R. 2014-1.

19.   The Fee Committee requires a knowledgeable fee analyst to fulfill its duties under the Fee Committee Order and the Fee Protocol. LCC has substantial experience and is well qualified to perform the required services for the Fee Committee

- 5 -

20. The terms of the Statement of Engagement were fully negotiated between the Fee Committee and LCC and reflect the Fee Committee's evaluation of the work that will be performed by LCC. Accordingly, the Fee Committee submits that the retention should be approved.

21. Based on the foregoing, the Fee Committee believes that employment of LCC is in the best interests of the Debtors and the estates.

22. Notice of the Application was given by first class mail to (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn: David M. Sherbin, Vice President & General Counsel); (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, IL 60606 (Attn: John Wm. Butler, Jr., Esq.); (iii) John J. Marquess, Esq., Legal Cost Control, 255 Kings Highway East, Haddonfield, NJ 08033; (iv) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Attn: Kenneth S. Ziman, Esq.); (v) counsel for the agent under the Debtors' postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Marlane Melican, Esq.); (vi) counsel for the Official Committee of Unsecured Creditors, Latham &Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Robert J. Rosenberg, Esq. and Mark A. Broude, Esq.), and (vii) counsel for the Official Committee of Equity Security Holders, Fried, Frank, Harris, Shriver & Jacobson, LP (Attn: Bonnie Steingart, Esq. and Vivek Melwani, Esq.).

23. The Fee Committee requests that the Court waive the requirement for a separate memorandum of law under L.B.R. 9013-1 because of the citation to authority in the Application.

24. This is the Fee Committee's first Application to retain a fee analyst.

WHEREFORE, the Fee Committee requests that the Court grant the Application and other relief as is just.

Dated: New York, NY
June 9, 2006

                        DELPHI FEE COMMITTEE

                        By: /s/ Alicia M. Leonhard
                            Alicia M. Leonhard
                            Attorney for the United States Trustee

                        By: /s/ Valerie Venable
                            Valerie Venable
                            General Electric Company
                            Member of the Delphi Creditors' Committee

                        By: /s/ David M. Sherbin
                            David M. Sherbin
                            Vice President & General Counsel
                            Delphi Corporation