Bonnie Steingart (BS-8004)
Debra M. Torres (DT-9093)
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York  10004
Telephone:  212.859.8000
Facsimile:  212.859.4000

*Proposed Counsel for the
Official Committee of Equity Security Holders*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
In re:                                             :    Chapter 11
                                                   :
  Delphi Corporation, et al.,                      :    Case No.  05-44481 (RDD)
                                                   :    (Jointly Administered)
                     Debtors.                      :
                                                   :
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF
EQUITY SECURITY HOLDERS IN OPPOSITION TO DEBTORS'
MOTION FOR ORDER UNDER 11 U.S.C. § 365 AND
FED. R. BANKR. P. 6006 AUTHORIZING REJECTION OF CERTAIN
EXECUTORY CONTRACTS WITH GENERAL MOTORS CORPORATION**

TO:    THE HONORABLE JUDGE ROBERT D. DRAIN
       UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Equity Security Holders (the "Equity Committee"), by and through its proposed counsel, Fried, Frank, Harris, Shriver & Jacobson LLP, files this limited objection ("Objection") in Opposition to the Debtors' Motion For Order Under 11 U.S.C. Section 365 and Federal Rule of Bankruptcy Procedure 6006 Authorizing Rejection Of Certain Executory Contracts With General Motors Corporation ("Motion") filed on March 31, 2006, in the above-captioned chapter 11 cases, and respectfully states as follows:

## BACKGROUND

1.      On October 8, 2005, Delphi Corporation and certain of its U.S. subsidiaries (collectively, the "Debtors") filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  On October 14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary petitions in this Court for reorganization relief under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

2.      On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee").

3.      On April 28, 2006, the U.S. Trustee appointed the Equity Committee

4.      On March 31, 2006, the Debtors filed the Motion seeking an order under section 365(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 6006 authorizing the Debtors to reject 5,472 executory contracts (the "GM Contracts") with General Motors Corporation ("GM") with ten days' notice to GM, GM's counsel, and the Creditors' Committee.

## LIMITED OBJECTION

5.      The Equity Committee does not object to the Debtors' request for authority to reject the GM Contracts.  However, the Equity Committee files this limited objection concerning the form of the proposed order submitted by the Debtors.  Specifically, the Equity Committee objects to the omission of counsel to the Equity Committee as one of the parties to whom a Rejection Notice (as defined in the Motion) must be delivered.

6.      As a statutory committee appointed in the Debtors' chapter 11 cases, the Equity

Committee should be provided with notice of proposed rejections of the GM Contracts in order to fulfill its duties and obligations to its constituents. In that regard, in the event the Motion is granted and the Debtors subsequently exercise their authority to reject any of the GM Contracts, the Equity Committee must have the opportunity to analyze and assess the potential effects of that rejection on the Debtors' estates, particularly with respect to potential claims of GM, and bring any concerns the Equity Committee may have to the attention of the Court. As such, the order approving the Motion should provide that the Equity Committee will receive Rejection Notices served by the Debtors.

7.      The relief requested by the Equity Committee by this Limited Objection is especially important because of the potential disputes that may arise concerning any claims that GM may assert based on the rejection of the GM Contracts. The Equity Committee has concerns about the validity and size of these potential claims because of GM's continued involvement in the Debtors' affairs since the Debtors were spun off from GM. The proposed order filed with the Motion by the Debtors specifically reserves the Debtors' right to object to any such claims filed by GM, but does not specifically reserve the rights of the Equity Committee to object to such claims. However, the size of the potential claim that GM may assert is of great concern to the Equity Committee and its constituents, and the Equity Committee's rights to object to claims by GM resulting from the rejection of GM Contracts must also be reserved.

8.      We have informed the Debtors of our limited objection and asked that they include the Equity Committee in the notice provisions of the order.

## CONCLUSION

9.      For the foregoing reasons, the Equity Committee respectfully requests that, if the Motion is approved, the order approving the Motion provide that (i) the Equity Committee shall

3

be served with the Rejection Notice in the same manner as GM, counsel to GM and counsel to the Creditors' Committee and (ii) the Equity Committee's rights to object to any claims asserted by GM for damages resulting from the rejection of any GM Contracts shall not be prejudiced by entry of the order.

Dated: June 12, 2006
      New York, New York

                                FRIED, FRANK, HARRIS, SHRIVER
                                      & JACOBSON LLP

                              By: /s/ Bonnie Steingart
                                  Bonnie Steingart (BS-8004)
                                  Debra M. Torres (DT-9093)

                              One New York Plaza
                              New York, New York 10004
                              Telephone: 212.859.8000
                              Facsimile: 212.859.4000

                              *Proposed Counsel for the Official Committee of Equity Security Holders*

556104