**Elizabeth L. Abdelmasieh, Esq. (EA3856)**
Riverside Claims, LLC
c/o ReGen Capital LLC
2109 Broadway
New York, NY 10023
Telephone: (212)501-0990
Facsimile: (212) 501-7088

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | **CHAPTER 11** |
| **DELPHI CORPORATION, <u>et al.</u>,** | : | Case Nos.: 05-44481 (RDD) |
| Debtors. | : | **(Jointly Administered)** |

**LIMITED OBJECTION OF RIVERSIDE CLAIMS LLC TO DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 363, 502, AND 503 AND FED. R. BANKR. P. 9019(b) AUTHORIZING DEBTORS TO COMPROMISE OR SETTLE CERTAIN CLASSES OF CONTROVERSY AND ALLOW CLAIMS WITHOUT FURTHER COURT APPROVAL**

Riverside Claims, LLC ("Riverside"), a creditor of Delphi Corporation, et al (the "Debtors") and a party-in-interest herein, hereby submits its limited objection (the "Objection") to the Debtors' Motion for Order Under 11 U.S.C. §§ 363, 502, and 503 and Fed. R. Bankr. P. 9019(B) Authorizing Debtors to Compromise Or Settle Certain Classes Of Controversy and Allow Claims Without Further Court Approval (the "Motion") and, in support thereof, states as follows:

**BACKGROUND**

1. On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").

2. The Debtors continue to operate their businesses and manage their properties as debtors-in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtor's chapter 11 cases.

3. Riverside is the valid holder and owner by assignment of claims (the "Assignments") against the Debtors exceeding $1,500,000.00.

4. The Debtors filed their Motion on June 6, 2006 seeking to establish procedures for the settlement of certain claims and controversies without the need for further Court approval.

## ARGUMENT

5. Riverside objects to the Motion to the extent that it provides the Debtors with unfettered discretion to settle and compromise claims without any notice to Riverside or other parties requesting service in this matter pursuant to Federal Rule of Bankruptcy Procedure 2002. The procedures proposed by the Debtors in the Motion provide for "periodic summary reporting to counsel for the Creditors Committee." Motion, pg. 14, para, 31.  In support of their Motion, Debtors rely on similar relief granted in this district in In Re WorldCom Inc, et al., jointly administered under Case No. 02-13533 (Bankr. S.D.N.Y. Oct. 8, 2002).  See Motion, pg. 16, para. 36.  However, the procedures established in the Worldcom matter by the Order Pursuant To Sections 105(A) And 363(B) Of The Bankruptcy Code And Bankruptcy Rule 9019(B) Authorizing The Establishment Of Procedures To Settle Certain Prepetition And Postpetition Claims entered October 8, 2002, provide for quarterly reports of all settlements to be filed with the Court thirty (30) days after the end of each quarter.  Riverside respectfully requests that the Debtors file similar reports with this Court.  Such a procedure is much less cumbersome than filing individual notices of settlement, allows the Debtors to settle and compromise claims

without further need for Court approval as requested in the Motion, and allows the creditors and parties in interest in this case to protect their interests making this process a fair and transparent one.

6. Additionally, Riverside hereby expressly objects to any effort to settle or compromise any claim that is the subject of an Assignments to Riverside. In Riverside's experience, debtors have occasionally contacted Riverside's assignors, notwithstanding Riverside's having filed its own notice of transfer of claim and notice of appearance. The procedures proposed by the Debtors would remove the customary and standard practice utilized in virtually every case whereby all parties in interest who have appeared in the case are made aware of objections to claims and proposed settlements. While Riverside understands the reasons behind the proposal of the procedures outlined in the Motion and does not object to the relief requested by the Debtors, the proposed procedures remove important safeguards that should be preserved.

7. Riverside respectfully submits that whatever procedures are instituted herein should ensure protection of creditors' due process rights and provide some mechanism that ensures that creditors may monitor the case to ascertain that only the proper holder of a claim is the party who may settle or compromise it. The purpose of the procedural rules governing notice to creditors is to allow those parties with a pecuniary interest in the settlement to have an opportunity to be heard and to object if they find it unsatisfactory. In re Masters, Inc., 149 BR 289, 292-3 (S.D.N.Y. 1992) (citing In re Neuman, 103 B.R. 491, 500 (S.D.N.Y.1989), rev'd on other grounds, 124 B.R. 155 (S.D.N.Y.1991)). Thus, to the extent the Debtors have objections to any claims of which Riverside is assignee (those listed on Exhibit A hereto), Riverside requests that we be contacted directly.

## MEMORANDUM OF LAW

8.   Because the legal points and authorities upon which this Motion relies are incorporated herein, Riverside respectfully requests that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

## RESERVATION OF RIGHTS

9.   Riverside hereby reserves its right to further respond to the Motion and any issues that arise prior to or during the hearing on such Motion.

WHEREFORE, Riverside respectfully requests that the Court (i) deny the Motion to the extent objected to herein; (ii) tailor any Order granting the Motion in a manner which recognizes and protects the rights of Riverside as articulated herein; and (iii) grant such other relief as is just and proper.

Dated: June 13, 2006
New York, NY

Respectfully Submitted,

/s/ Elizabeth L. Abdelmasieh, Esq.
Elizabeth L. Abdelmasieh, Esq. (EA3856)
Riverside Claims, LLC,
c/o ReGen Capital LLC
2109 Broadway
New York, NY 10023
(212) 501-0990/7088(fax)
e-mail: notice@regencap.com