**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re                                                      :        Chapter 11 Case No.
                                                           :
DELPHI CORPORATION, et al.,                                :        05-44481 (RDD)
                                                           :
                Debtors.                                   :        (Jointly Administered)
                                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

**ORDER PURSUANT TO 11 U.S.C. § 107(b) AND BANKRUPTCY RULE 9018
AUTHORIZING THE FILING OF A REDACTED VERSION OF GENERAL
MOTORS CORPORATION'S
SUPPLEMENTAL OBJECTION AND MEMORANDUM OF LAW AND
RELATED DECLARATIONS AND EXHIBITS IN OPPOSITION TO DEBTORS'
MOTION FOR ORDER UNDER 11 U.S.C. § 365 AND FED. R. BANKR. P. 6006
APPROVING REJECTION OF CERTAIN EXECUTORY CONTRACTS**

Upon the Motion (the "Protective Motion") of General Motors Corporation ("GM"), dated June 5, 2006, for authorization pursuant to 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to file a redacted version of GM's Supplemental Objection and Memorandum of Law (the "Supplemental Objection and Memorandum of Law") in Opposition to Debtors' Motion for Order Under 11 U.S.C. § 365 and Fed. R. Bankr. P. 6006 Approving Rejection of Certain Executory Contracts and certain declarations and exhibits (collectively, the "Supporting Documentation") related thereto, all as more fully set forth in the Protective Motion; and upon the Declaration of Richard P. Krasnow, Esq., filed in support of the Protective Motion (the "Krasnow Declaration"); and the Court having jurisdiction to consider the Protective Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases

to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Protective Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and it appearing that, pursuant to Bankruptcy Rule 9018, no notice of the relief requested in the Protective Motion need be provided; and the Court having determined that the relief sought in the Protective Motion, as modified by the Stipulation and Agreed Protective Order dated June 9, 2006 among GM, the Debtors, the Official Committee of Unsecured Creditors, the Official Committee of Equity Security Holders and the ad hoc committee of equity security holders, is in the best interests of GM, the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Protective Motion and in the Krasnow Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Protective Motion is granted; and it is further

ORDERED that, pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 9018, GM is authorized to file redacted versions of the Supplemental Objection and Memorandum of Law and Supporting Documentation; and it is further

ORDERED that, pursuant to section 107(b) of the Bankruptcy Code, the Clerk of the Court is directed to file unredacted versions of the Supplemental Objection and Memorandum of Law and Supporting Documentation, upon receipt thereof from GM pursuant to General Order #M242, under seal in an envelope, clearly indicating that the

Memorandum of Law and Supporting Documentation have been filed under seal by order of the United States Bankruptcy Court for the Southern District of New York and may not be unsealed until and unless permitted by further order of the Court; and it is further

ORDERED that, consistent with that certain Stipulation and Agreed Protective Order Governing Production and Use of Confidential and Highly Confidential Information in Connection with the Motion for Order Under 11 U.S.C. § 365 and Fed. R. Bank. P. 6006 Authorizing Rejection of Certain Executory Contracts with General Motors Corporation and Objections Filed Thereto (the "Stipulation and Protective Order") entered by this Court on April 21, 2006 [Docket No. 3326], GM shall serve a copies of the unredacted Supplemental Objection and Memorandum of Law and Supporting Documentation on Delphi in accordance with the Stipulation and Protective Order (collectively, the "Unredacted Service Parties"); and it is further

ORDERED that redacted copies of the Supplemental Objection and Memorandum of Law and Supporting Documentation shall be filed with the Court; and it is further

ORDERED that service of redacted copies of the Supplemental Objection and Memorandum of Law and Supporting Documentation shall be made by overnight mail on or before the day following the date of entry of this Order on all entities entitled to receive notice pursuant to this Court's Order, dated October 14, 2005, establishing notice procedures in these chapter 11 cases; and it is further

ORDERED that the requirement pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that GM file a memorandum of law in support of the Protective Motion hereby is waived; and it is further

ORDERED that the Court retains jurisdiction to enforce this Order and the confidentiality of the unredacted version of the Supplemental Objection and Memorandum of Law and Supporting Documentation and the sensitive information contained therein, including the authority to impose sanctions on any person or entity that violates this Order.

Dated: June 12, 2005
      New York, New York

                         /s/ ROBERT D. DRAIN
                         UNITED STATES BANKRUPTCY JUDGE