**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, <u>et al.</u>, | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

## **STIPULATION AND AGREED PROTECTIVE ORDER**

This Stipulation and Agreed Protective Order (the "Protective Order") is entered into among General Motors Corporation ("GM"), the Official Committee of Unsecured Creditors (the "Creditors' Committee") appointed in the above-captioned chapter 11 cases, the Official Committee of Equity Security Holders appointed in the above-captioned chapter 11 cases (the "Equity Committee"), the Ad Hoc Committee of Equity Security Holders (the "Ad Hoc Committee") and Delphi Corporation and its affiliated debtor entities (the "Debtors," and together with GM, the Creditors' Committee and the Equity Committee, the "Parties"), for the purpose of amending that certain Stipulation and Agreed Protective Order Governing Production and Use of Confidential and Highly Confidential Information in Connection With the Motion for Order Under 11 U.S.C. § 365 and Fed. Bankr. P. 6006 Authorizing Rejection of Certain Executory Contracts With General Motors Corporation and Objections Filed Thereto (the "Original Protective Order," and the aforesaid Motion for Order Under 11 U.S.C. § 365 and Fed. Bankr. P. 6006 Authorizing Rejection of Certain Executory Contracts With General Motors Corporation, the "Rejection Motion"), which was entered into between GM and the Debtors and was approved by the Court on May 21, 2006.

**WHEREAS**, on June 5, 2006, GM filed its Ex Parte Motion of General Motors Corporation Pursuant to 11 U.S.C. § 107(b) and Bankruptcy Rule 9018 for Authorization to File

a Redacted Version of its Supplemental Objection and Memorandum of Law and Related Declarations and Exhibits in Opposition to Debtors' Motion for Order Under 11 U.S.C. § 365 and Fed. R. Bankr. P. 6006 Approving Rejection of Certain Executory Contracts (the "Ex Parte Motion").

**WHEREAS**, on June 5, 2006, the Creditors' Committee objected to the Ex Parte Motion to the extent that it did not provide for service on the Creditors' Committee of the unredacted Supplemental Objection and any related documents (the "Unredacted Documents").

**WHEREAS**, GM was precluded from serving the Creditors' Committee, the Equity Committee and the Ad Hoc Committee with the Unredacted Documents because said committees are not parties to the Original Protective Order.

**WHEREAS**, GM and the Debtors agreed to provide the Creditors' Committee, the Equity Committee and the Ad Hoc Committee with the Unredacted Documents in accordance with the terms of this Protective Order.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED** by and between the Parties that:

1. The terms and conditions of the Original Protective Order are incorporated herein by reference and remain in full force and effect, and shall be binding upon the Parties as if all of them were original parties thereto.

2. GM shall provide counsel to the Creditors' Committee, counsel to the Equity Committee and counsel to the Ad Hoc Committee with copies of the Unredacted Documents promptly after this Court "So Orders" this Protective Order.

3. Disclosure by counsel to the Creditors' Committee, counsel to the Equity Committee and counsel to the Ad Hoc Committee of the Unredacted Documents, and all

documents and other materials produced by GM in connection with the Rejection Motion that are designated as "Highly Confidential Information" or "Confidential Information" as those terms are defined in the Original Protective Order, shall be limited to counsel and other professionals retained by the Creditors' Committee, the Equity Committee and the Ad Hoc Committee, and other personnel employed by such professionals (collectively, the "Authorized Parties").

4.  The Authorized Parties shall use the Unredacted Documents solely in connection with the Debtors' Motion for Order Under 11 U.S.C. § 365 and Fed. R. Bankr. P. 6006 Approving Rejection of Certain Executory Contracts, including litigation and negotiation of any objections or responses thereto, subject to the provisions of the Original Protective Order.

5.  The Creditors' Committee, the Equity Committee and the Ad Hoc Committee consent to the Court's approval of the Ex Parte Motion.

6.  Nothing contained herein shall constitute a waiver of GM's right to challenge or dispute the right or entitlement of any of the Parties to receive any documents or materials in connection with any other contested matter or proceeding.

7.  This Protective Order contains the entire understanding of the Parties hereto with regard to the matters addressed herein, and supersedes all prior and contemporaneous discussions, negotiations, understandings, and agreements, whether oral or written, express or implied, between and among the parties hereto regarding the subject matter of this Protective Order.

8.  This Protective Order is binding upon the Parties, the Authorized Parties, and their respective successors and assigns, and may not be changed, altered or modified except in writing, signed by the Parties or their duly authorized attorneys and approved by the Court.

9. This Protective Order may be executed by facsimile and each signature thereto shall constitute an original signature. This Protective Order also may be executed in counterparts and all such counterparts when so executed shall together constitute the Protective Order as if one document had been signed by both parties.

Dated: June 9, 2006

**WEIL, GOTSHAL & MANGES LLP**

By: s/ Richard P. Krasnow_____
    Richard P. Krasnow (RK-5707)
    767 Fifth Avenue
    Concourse 1
    New York, New York 10153
    Telephone: (212) 310-8000

Attorneys for General Motors Corporation

**LATHAM & WATKINS LLP**

By: s/ Mark A. Broude_____
    Robert J. Rosenberg
    Mitchell A. Seider
    Mark A. Broude
    885 Third Avenue, Suite 1000
    New York, New York 10022
    Telephone: (212) 906-1200

Attorneys for the Official Committee of Unsecured Creditors

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

By: s/ Kayalyn A. Maraioti_____
    Four Times Square
    New York, New York 10036

    333 West Wacker Drive, Suite 2100
    Chicago, Illinois 60606-1285
    Telephone: (312) 407-0700

Attorneys for Delphi Corporation, et al., and Debtors and Debtors in Possession

**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**

By: s/ Bonnie Steingart_____
    One New York Plaza
    New York, New York 10004
    Telephone: (212) 859-8000

Attorneys for the Official Committee of Equity Security Holders (Retention Subject to Court Approval)

**WHITE & CASE LLP**

By: s/ Frank Eaton
Frank Eaton [FE 1522]
4900 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 371-2700

Attorneys for the Ad Hoc Committee of Equity
Security Holders


**SO ORDERED** this 12th day of June, 2006

/s/ ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE