BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
(317) 236-1313
Michael K. McCrory, Esq.
Mark R. Owens, Esq. (MO 9742)

Attorneys for Universal Tool &
 Engineering Co., Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____ x
                                        :
In re:                                  :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481(RDD)
                                        :
                      Debtors.          :    (Jointly Administered)
_____ x

### REPLY OF UNIVERSAL TOOL & ENGINEERING CO., INC. TO DEBTORS' RESPONSE TO OBJECTION OF UNIVERSAL TOOL & ENGINEERING CO., INC. TO DEBTORS' NOTICE OF REJECTION OF UNEXPIRED LEASES AND ABANDONMENT OF PERSONAL PROPERTY [RE: DOCKET NO. 4041]

Universal Tool & Engineering Co., Inc. ("UTE"), by and through its undersigned counsel, files this Reply to the above-captioned Debtors' (the "Debtors") Response to UTE's Objection to the Debtors' Notice of Rejection of Unexpired Leases and Abandonment of Personal Property [Docket No. 3222] (the "Notice of Rejection") and respectfully states as follows:

## BACKGROUND

1. UTE and General Motors Corporation, a Delaware corporation, ("GM") entered into a Lease dated January 1, 1986, for that certain premises located at 7601 East 88th Place, Indianapolis, Indiana 46256 (including all exhibits and amendments, the "Lease").[1]

2. Pursuant to letter dated January 25, 1999 from GM Worldwide Real Estate to UTE and that certain Assignment and Assumption dated December 10, 1998, by and between GM and Delphi Automotive Systems, LLC, GM purportedly assigned its entire right, title and interest, as tenant, in the Lease to Delphi Automotive Systems, LLC as of January 1, 1999.

3. On April 13, 2006, the Debtors filed the Notice of Rejection seeking to reject the Lease as of April 30, 2006, and abandon certain property of the Debtors' estates located at 7601 East 88th Place, Indianapolis, Indiana 46256 (the "Leased Premises").

4. On April 27, 2006, UTE filed an Objection to the Notice of Rejection [Docket No. 3462] (the "Objection").

5. On June 6, 2006, the Debtors filed a Response to UTE's Objection [Docket No. 4041] (the "Response").

## JURISDICTION

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

---

[1] The Lease was amended by, *inter alia*, (i) Lease Amendment dated November 14, 1990, (ii) Lease Extension and Amendment Agreement dated March 25, 1993, (iii) Lease Extension and Amendment Agreement dated August 18, 1995, (iv) Amendment to Lease dated August 4, 2000; and (v) Lease Extension and Amendment Agreement dated August 3, 2005.

-2-

**REPLY**

7.   The Debtors state in their Response that UTE raised "unspecified" and "hypothetical" environmental concerns regarding the Debtors' use and occupancy of the Leased Premises. UTE believes that its concerns are real concerns.

8.   Shortly after the filing of the Notice of Rejection, UTE retained an environmental testing firm to perform environmental testing at the Leased Premises. As of the date of this Reply, UTE has not received an official report of the results of the environmental tests performed at the Leased Premises. In fact, today, UTE received its first feedback from the environmental firm in the form of a verbal summary of certain of the test results, the status of the remaining test results, and an estimate of the date by which the official report will be available for review.

9.   Based upon the preliminary environmental feedback, counsel for UTE has today requested a continuance of the June 19, 2006 hearing on the Notice of Rejection, Objection, and Response to the July 19, 2006 omnibus hearing to afford UTE additional time to obtain and review the official report from the environmental testing firm and to allow the parties time to discuss UTE's claims prior to appearing before the Court. UTE is waiting for a response to the continuance request from Debtors' counsel.

10.   UTE reserves its rights to raise any issues set forth in the Objection, but not specifically addressed herein, as well as present oral argument and evidence on such issues at the ultimate hearing(s) on the Notice of Rejection, Objection, Response and this Reply.

**MEMORANDUM OF LAW**

11.   This Reply sets forth UTE's specific responses divided under numerous headings. UTE respectfully requests that the requirements of the service and filing of an answering

memorandum of law under Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, UTE requests that the Court (i) deny rejection of the Lease and abandonment of the Expendable Property[2] to the extent that any of UTE's concerns identified in the Objection materialize; (ii) condition rejection of the Lease and abandonment of the Expendable Property on UTE's right to request relief and/or file a claim under the Bankruptcy Code including, but not limited to, filing a motion under section 365 of the Bankruptcy Code, filing an administrative expense claim under section 503 of the Bankruptcy Code, and/or filing any additional claims UTE may have under the Bankruptcy Code and/or under applicable law; (iii) condition rejection of the Lease and abandonment of the Expendable Property on UTE's rights under applicable law including, but not limited to, applicable federal, state and local laws and/or regulations; and (iv) grant such other and further relief as is just and appropriate.

Dated: June 13, 2006

Respectfully submitted,

/s/ Mark R. Owens
Michael K. McCrory, Esq.
Mark R. Owens, (MO 9742)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Phone: (317) 236-1313
Facsimile: (317) 231-7433

---

[2] All undefined capitalized terms shall have the meanings ascribed to such terms in the Objection.