# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                               :
                                                    :          **Chapter 11 Case No.**
**WORLDCOM, INC., et al.,**                         :          **02-13533 (AJG)**
                                                    :
                                                    :          **(Jointly Administered)**
                            **Debtors.**            :
-------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(b) AUTHORIZING THE ESTABLISHMENT OF PROCEDURES TO SETTLE CERTAIN PREPETITION AND POSTPETITION CLAIMS

Upon the motion, dated September 20, 2002 (the "Motion"), of

WorldCom, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors

in possession (collectively, "WorldCom" or the "Debtors"), for an order pursuant to

sections 105(a) and 363(b) of title 11 of the United States Code and Rule 9019(b) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the

establishment of procedures to settle certain threatened or actual claims and causes of

action asserted by or against WorldCom (the "Settlement Procedures Claims"), as more

fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and

the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of

the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided, and it appearing

that no other or further notice need be provided; and the relief requested in the Motion

being in the best interests of WorldCom and its estates and creditors; and the Court

having reviewed the Motion and having heard the statements in support of the relief

requested therein at a hearing before the Court (the "Hearing"); and the Court having

determined that the legal and factual bases set forth in the Motion and at the Hearing

establish just cause for the relief granted herein; and upon all of the proceedings had

before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is hereby granted; and it is further

ORDERED that the Debtors shall be, and hereby are, authorized to

compromise and settle Settlement Procedures Claims in accordance with the settlement

procedures set forth in the Motion as follows:

A.  WITH RESPECT TO CLAIMS ASSERTED BY WORLDCOM:

(i)  If the Documented Difference[1] is less than $1,000,000, WorldCom will be authorized to settle such claim without prior approval of the Court or any other party in interest; *provided, however* that if the Settlement Amount with respect to any individual proposed settlement is equal to or greater than $10,000,000, WorldCom will follow the procedures set forth in subparagraph A(ii) below.

(ii)  If the Documented Difference is greater than or equal to $1,000,000 but less than $5,000,000:

- WorldCom will provide (a) the U.S. Trustee, (b) the attorneys for the postpetition lenders, (c) the attorneys for the Committee, (d) the United States Attorney for the Southern District of New York, and (e) the attorneys for the Corporate Monitor, Richard C. Breeden (the "Notification Parties") a summary of the terms of a proposed settlement (the "Settlement Summary").

- A Settlement Summary shall set forth:  (a) the Settlement Amount, (b) the name of the parties to the settlement, (c) a summary of the dispute, including a statement of the Debtors' Amount and the basis for the controversy, (d) an explanation of why the settlement of such claim is favorable to WorldCom, its estates, and its creditors, and (e) a copy of any proposed settlement agreement.

- If any of the Notification Parties object within ten (10) days after the date of transmittal of such Settlement Summary, WorldCom, in its sole discretion, may (a) seek to renegotiate the proposed settlement and may submit a revised Settlement Summary in connection therewith, or (b) file a motion with the Court pursuant to Bankruptcy Rule 9019

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Motion.

requesting approval of the proposed compromise and settlement (a "Rule 9019 Motion").

  ▪ In the absence of an objection to a proposed settlement by the Notification Parties, WorldCom will be deemed authorized, without further order of the Court, to enter into an agreement to settle the claim at issue, as provided in the Settlement Summary.

(iii)  If the Documented Difference is greater than or equal to $5,000,000, WorldCom will file a Rule 9019 Motion.

B.  **WITH RESPECT TO CLAIMS ASSERTED AGAINST WORLDCOM:**

(i)  If the Settlement Amount is less than $1,000,000, WorldCom will be authorized to settle such claim without prior approval of the Court or any other party in interest; *provided*, *however* that once the aggregate amount of all Settlement Amounts obtained pursuant to this subparagraph B(i) exceeds $100,000,000, WorldCom will follow the procedures set forth in subparagraph B(ii) below if the Settlement Amount with respect to any individual proposed settlement is equal to or greater than $500,000.

(ii)  If the Documented Difference is greater than or equal to $1,000,000 but less than $5,000,000 (or if the Settlement Amount is greater than or equal to $1,000,000):

  ▪ WorldCom will provide the Notification Parties a Settlement Summary.

  ▪ If any of the Notification Parties objects within ten (10) days after the date of transmittal of such Settlement Summary, WorldCom, in its sole discretion, may (a) seek to renegotiate the proposed settlement and may submit a revised Settlement Summary in connection therewith, or (b) file a Rule 9019 Motion with the Court seeking approval of the proposed settlement.

  ▪ In the absence of an objection to a proposed settlement by the Notification Parties, WorldCom will be deemed authorized, without further order of the Court, to enter into an agreement to settle the claim at issue, as provided in the Settlement Summary.

(iii)  If the Documented Difference is greater than or equal to $5,000,000, WorldCom will file a Rule 9019 Motion.

(iv)  Notwithstanding anything to the contrary set forth in this paragraph B, if the Settlement Amount with respect to any individual proposed settlement is equal to or greater than $10,000,000, WorldCom will file a Rule 9019 Motion.

and it is further

ORDERED that settlement of a Settlement Procedures Claim against WorldCom which relates to the period prior to the Commencement Date shall give rise only to a prepetition claim in WorldCom's chapter 11 cases, with such claim ultimately satisfied pursuant to a confirmed plan of reorganization, provided, however, that for any Settlement Procedures Claim relating to the period prior to the Commencement Date which arises in connection with a De Minimis Billing Claim, WorldCom is hereby authorized to pay and/or issue customer credits on account of such settled claim if the Settlement Amount is $10,000 or less; and it is further

ORDERED that for any compromise or settlement of Insider Claims, the Debtors will be required to file a motion with the Court requesting approval of such compromise and settlement under Bankruptcy Rule 9019; and it is further

ORDERED that the Debtors will file with the Court, within thirty (30) days following each quarter beginning ninety (90) days after entry of this Order, a report of all settlements of Settlement Procedures Claims entered into by the Debtors during such quarter pursuant to the authority requested in this Motion (the "Quarterly Reports"); and it is further

ORDERED that the Quarterly Reports shall set forth the name of the party with whom WorldCom has settled, the types of claims asserted by or against such party, and the amounts for which such claims have been settled, and WorldCom shall serve copies of such Quarterly Reports on the Notification Parties; and it is further

ORDERED that this Order shall not obligate or require the Debtors to settle any claims that they do not consider, in their sole discretion, appropriate to compromise and settle; nor shall this Order obligate or require the Debtors to settle any

claims in amounts in excess of the amounts which the Debtors, in their sole discretion, believe to be reasonable and appropriate consistent with the factors set forth herein; nor shall this Order preclude the Debtors from settling any claims against their estates upon further application to the Court; and it is further

ORDERED that, notwithstanding anything to the contrary herein, settlement of claims with respect to appellate litigation which involves surety bonds issued by Federal Insurance Company to guarantee payment of a judgment rendered against the Debtors (the "Appeal Bonds") shall employ the procedures in paragraph B(ii) as set forth above; *provided*, *however*, that compliance with such procedures is conditioned upon Federal Insurance Company providing the Debtors copies of the Appeal Bonds within ten (10) business days of entry of this Order; and it is further

ORDERED that nothing in this Order affects the scope or coverage of the Appeal Bonds and the existing rights and defenses of Federal Insurance Company in connection thereto, whether arising by contract, at law, or in equity; and it is further

ORDERED that this Court shall retain jurisdiction to interpret and enforce the Order; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that, pursuant to Bankruptcy Rule 6004(g), this Order shall be effective immediately; and it is further

ORDERED that the requirement under Rule 9013-1(b) of the Local

Bankruptcy Rules for the Southern District of New York for the filing of a separate

memorandum of law is waived.

Dated:  New York, New York
        October 8, 2002


                                    **s/Arthur J. Gonzalez**
                                    THE HONORABLE ARTHUR J. GONZALEZ
                                    UNITED STATES BANKRUPTCY JUDGE