UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :

  In re                                          :   Chapter 11

                                                :

DELPHI CORPORATION, et al.,           :   Case No.  05 – 44481 (RDD)

                                                :

                        Debtors.        :   (Jointly Administered)

                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FOURTH AMENDED SCHEDULING ORDER ON DEBTORS' MOTION FOR
ORDER UNDER 11 U.S.C. § 1113(c) AUTHORIZING REJECTION OF
COLLECTIVE BARGAINING AGREEMENTS AND UNDER 11 U.S.C. § 1114(g)
AUTHORIZING MODIFICATION OF RETIREE WELFARE BENEFITS

("FOURTH AMENDED SECTION 1113 AND 1114 SCHEDULING ORDER")

      Upon the Motion, dated October 8, 2005 (the "Motion"), of Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 1113 and 1114 of the Bankruptcy Code[1] and Fed. R. Bankr. P. 2002(m) and 9006 establishing notice procedures, briefing schedule, and hearing date regarding the Debtors' Motion To (a) Reject Collective Bargaining Agreements Under Section 1113(c) And (b) Eliminate Retiree Medical And Life Insurance Benefits For Union-Represented Retirees Under Section 1114(g) (the "1113/1114 Motion"); and this Court having entered an order granting the relief on the Motion on October 13, 2005 (the "Order") (Docket No. 232), an amended order on February 9, 2006 (Docket No. 2225), a second amended order on February 17, 2006 (Docket No. 2425), and a third amended

---

[1]     As used herein, the term "Bankruptcy Code" means chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended.

order on March 28, 2006 (Docket No. 2996) (the "Third Amended Order"); and the Court having received and reviewed the Objection Of International Union, United Automobile, Aerospace And Agricultural Implement Workers of America (UAW) To Debtors' Motion For Order Under 11 U.S.C. § 1113(c) Authorizing Rejection Of Collective Bargaining Agreements And Under 11 U.S.C. § 1114(g) Authorizing Modification Of Retiree Health Benefits, and supporting memorandum of law (Docket Nos. 3342 and 3346), Objection And Memorandum Of Law In Support Of Objection Of IUE-CWA To Motion For Order Under §§ 1113 and 1114 Authorizing The Debtors To Reject The IUE-CWA's Collective Bargaining Agreement And Terminate Post Retirement Benefits (Docket No. 3332), Objections Of USW To Debtors' Motion For Order Under 11 U.S.C. § 1113(c) Authorizing Rejection Of Collective Bargaining Agreements And Under 11 U.S.C. § 1114(g) Authorizing Modification Of Retiree Welfare Benefits (Docket No. 3322),  IBEW Local 663 And IAMAW District 10's Objection To Debtors' Motion To Reject Their Collective Bargaining Agreements Pursuant To 11 U.S.C. § 1113(c) And To Modify Their Retiree Benefits Pursuant To 11 U.S.C. Section 1114(g) (Docket No. 3330), Opposition Of International Union Of Operating Engineers Locals 18, 832, And 101 To Debtors' Motion For Authority To Reject Collective Bargaining Agreements And To Modify Retiree Benefits And Memorandum Of Law In Support Of Opposition (Docket No. 3314), Supplemental Objection Of Appaloosa Management L.P. And Wexford Capital LLC To The Debtors' Motion For Order Under 11 U.S.C. § 1113(c) Authorizing Rejection Of Collective Bargaining Agreements And Under 11 U.S.C. § 1114(g) Authorizing Modification Of Retiree Welfare Benefits (Docket No. 3356), Limited Objection Of Wilmington Trust Company, As Indenture Trustee, To Motion For Order Under 11 U.S.C. § 1113(c) Authorizing Rejection Of Collective Bargaining Agreements

And Under 11 U.S.C. § 1114(g) Authorizing Modification Of Retiree Welfare Benefits (Docket No. 3353), Preliminary Response Of General Motors Corporation To Debtors' Motion For Order Under 11 U.S.C. § 1113(c) Authorizing Rejection Of Collective Bargaining Agreements And Under 11 U.S.C. § 1114(g) Authorizing Modification Of Retiree Welfare Benefits (Docket No. 3317), Response of the Official Committee of Unsecured Creditors in Support of the Debtors' Motion for Order Under 11 U.S.C. Section 1113(c) Authorizing Rejection of Collective Bargaining Agreements and Under 11 U.S.C. Section 1114(g) Authorizing Modification of Retiree Welfare Benefits (Docket No. 3561), and Supplemental Response of General Motors Corporation to Debtors' Motion for Order Under 11 U.S.C. § 1113(c) Authorizing Rejection of Collective Bargaining Agreements and Under 11 U.S.C. § 1114(g) Authorizing Modification of Retiree Welfare Benefits (Docket No. 3628) (collectively, the "Respondents"); and the Court having commenced the contested hearing on the 1113/1114 Motion on May 9, 2006; and the Debtors having advised the Court, through counsel, that: (i) the Debtors, the UAW, and General Motors Corporation ("GM") have agreed, subject to approval by this Court, to supplement the UAW Special Attrition Program Agreement previously authorized by this Court's Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P 5004 Authorizing Debtors To Enter Into The UAW Special Attrition Program Agreement, dated May 5, 2006 (Docket No. 3648) as amended by the Amended Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P 5004 Authorizing Debtors To Enter Into The UAW Special Attrition Program Agreement, dated May 12, 2006 (Docket No. 3754) with additional special attrition program opportunities such that employees with at least 26 years of credited service may voluntarily participate in a pre-retirement program and implementing a voluntary cash buyout program for UAW-represented employees in exchange

3

for, among other things, the employees' releasing claims against and severing all ties with the Debtors and GM except vested pension benefits, (ii) the Debtors and GM have agreed, subject to agreement of the IUE-CWA and USW and the approval by the Court, to offer expanded voluntary special attrition opportunities to each of the IUE-CWA and USW similar to the expanded program agreed to with the UAW, (iii) Mr. Henry Reichard, Automotive Conference Board Chairman for the IUE-CWA and a witness in the 1113/1114 Motion contested hearing, passed away suddenly on the evening of June 5, 2006 and, that in addition to the cancellation of collective bargaining sessions scheduled for the week of June 5, 2006, the Debtors requested that the Court adjourn, and the Court previously adjourned, court hearings scheduled for the week of June 5, 2006 in respect of Mr. Reichard's passing, (iv) framework discussions with the IUE-CWA and USW regarding the voluntary special attrition program being offered by the Debtors for each of such unions with the support of GM are expected to recommence in due course, and (v) the Debtors and all Respondents conducted a "meet and confer" meeting on June 8, 2006 at which the parties agreed to submission of the form of this Order to the Court for the Court's evaluation and consideration; and this Court having determined in the light of the parties' agreement on the submission of the form of this Order that a recess of the contested hearing on the 1113/1114 Motion until August 11, 2006 and the establishment of certain other deadlines and further hearing dates in the manner set forth herein is appropriate and in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and the Debtors and the Respondents (to the extent required by statute) having consented to the extension to August 31, 2006 of the deadlines for a ruling on the 1113/1114 Motion provided under 11 U.S.C. § 1113(d)(2) and 11 U.S.C. § 1114(k)(2); and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

The Third Amended Order shall continue in full force and effect except as follows:

1. Inasmuch as the Debtors have completed their direct case in support of the 1113/1114 Motion (with the Debtors' rebuttal case reserved until the completion of the evidence presented by the objectors to the 1113/1114 Motion), in light of the progress reported to the Court in connection with the continuing out-of-court discussions among the Debtors and the Union Respondents, and in order for the Debtors and the Union Respondents to concentrate their resources and activities on the collective bargaining of a consensual resolution of the 1113/1114 Motion, the hearing on the 1113/1114 Motion shall be adjourned until 10:00 a.m. (Prevailing Eastern Time) on August 11, 2006, and, unless otherwise resolved consensually by the Debtors and the objectors, shall recommence at that time and continue thereafter on a day-to-day basis from Monday through Friday of each calendar week until completed (except to the extent that the Court, on its own motion, shall determine to schedule one day each calendar week for the Court's consideration of non-Delphi matters requiring the Court's consideration, or unless otherwise ordered by the Court). In accordance with the prior order of testimony agreed among the parties, at the recommencement of the contested hearing on August 11, 2006, the first two witnesses to be called for direct examination shall be two of the UAW's experts, Mr. Milstein and Ms. Helper (in that order), provided that should the UAW find it necessary to change the sequence of witnesses, it may do so by providing notice of the revised sequence at the meet and confer provided for in paragraph 5 below.

2. The time within which a ruling on the 1113/1114 Motion shall be issued pursuant to 11 U.S.C. § 1113(d)(2) and 11 U.S.C. § 1114(k)(2) shall be extended, with the consent of the Debtors and the Respondents (to the extent required by statute), to August 31, 2006. The parties reserve their right to agree to additional extensions beyond August 31, 2006.

3. This Court will conduct in-person, in-camera status conferences pursuant to 11 U.S.C. § 105(d)(1) with the Debtors and the Respondents at 9:00 a.m. (Prevailing Eastern Time) on Thursday, June 29, 2006, Wednesday, July 19, 2006, and Wednesday, August 9, 2006 in order for the Court to be apprised by the parties of the status of negotiations regarding the consensual resolution of the 1113/1114 Motion, provided that counsel to the IAM and IBEW shall be permitted to participate telephonically in such conferences.

4. Supplemental declarations by the Respondents either in support of or opposition to the 1113/1114 Motion relating to facts or events arising subsequent to May 8, 2006 (the deadline for supplemental declarations established at the parties' May 4, 2006 meet and confer conference) through July 31, 2006 shall be filed and served upon counsel for the Debtors, the Respondents, and Official Committee of Equity Security Holders (collectively, the "Parties"), no later than August 1, 2006, provided that the foregoing shall not prejudice the ability of the Debtors to submit supplemental or rebuttal declarations in making their rebuttal case. Any additional exhibits shall be identified and provided to counsel for the Debtors no later than August 1, 2006.

5. The Parties shall hold a meet and confer conference at 9:30 a.m. (Prevailing Eastern Time) on August 4, 2006 at the offices of Debtors' counsel in New York City to: (a) discuss and, if possible, resolve, any outstanding objections to the exhibits to the

1113/1114 Motion, (b) determine the timing and procedure for preparing and serving supplemental declarations or otherwise covering facts or events arising after July 31, 2006, as well as the identification and introduction of further supplemental exhibits not previously identified or introduced, and (c) discuss any other matters raised by the Parties with respect to the further conduct of the contested hearing.

    6.  On or before August 8, 2006, the Debtors shall submit a meet and confer report to Chambers (with a copy to the Parties) with respect to the matters discussed at the August 4, 2006 meet and confer conference.

    7.  Any motion pursuant to Federal Rule of Civil Procedure 52(c) raised by the IAM, IBEW, and IUOE shall be made in writing and shall be served upon the Court and the Parties no later than 10:00 a.m. (Prevailing Eastern Time) on August 11, 2006.  The Debtors shall have until August 16, 2006 to serve a response to any such motion.  Oral argument on such motion(s) shall be set by the Court as and when the Court deems appropriate.

    8.  With the Debtors' consent and out of respect for Mr. Reichard's passing, the following joint trial exhibits (to the extent that such exhibits constitute Mr. Reichard's sworn testimony) shall be admitted into evidence without objection: (a) Declaration Of Henry Reichard In Opposition To Delphi's Motion For Authority To Reject Collective Bargaining Agreements Under 11 U.S.C. § 1113(c) And Modify Retiree Welfare Benefits Under 11 U.S.C. § 1114(g) (Joint Trial Exhibit No. 27), (b) Supplemental Declaration By Henry Reichard In Support Of Objection Of IUE-CWA To Delphi's Section 1113/1114 Motion (Joint Trial Exhibit No. 299), and (c) the deposition testimony of Henry Reichard taken on April 28, 2006 (Joint Trial Exhibit No. 328).

9. Without relieving the Debtors of any applicable statutory obligation under 11 U.S.C. §§ 1113 and 1114 to provide any relevant information that may be necessary for the Union Respondents to evaluate proposals made by the Debtors to the Union Respondents with respect to the subject matter of the 1113/1114 Motion and without relieving any party of any applicable obligation under Fed. R. Bankr. P. 7026, there shall be no further discovery with respect to the 1113/1114 Motion other than any depositions of witnesses for Respondents that were adjourned pursuant to prior meet and confer agreements among the Parties and the deposition of the Debtors' expert witness, Mr. Eisenberg, with respect to the rebuttal Declaration Of Randall S. Eisenberg In Support of the 1113/1114 Motion made on May 2, 2006 (Joint Trial Exhibit No. 23).  Mr. Eisenberg's deposition shall be limited to three hours in duration, the scope of the deposition shall be consistent with the Court's ruling at the June 2, 2006 hearing, and Mr. Eisenberg's deposition shall be completed on or prior to July 24, 2006.  Notwithstanding the foregoing, the Debtors and the Respondents may raise with the Court in a chambers conference, after meeting to try to resolve any dispute related thereto, a request for additional discovery in the light of a material change in circumstances with respect to the issues to be considered in connection with the 1113/1114 Motion.

Dated:   New York, New York
         June 13, 2006

                                             /s/ ROBERT D. DRAIN
                                             UNITED STATES BANKRUPTCY JUDGE