Bonnie Steingart (BS-8004)
Debra M. Torres (DT-9093)
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone:  212.859.8000
Facsimile:  212.859.4000

*Proposed Counsel for the*
*Official Committee of Equity Security Holders*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                              :
In re:                                        :    Chapter 11
                                              :
  Delphi Corporation, et al.,                 :    Case No.  05-44481 (RDD)
                                              :    (Jointly Administered)
                              Debtors.        :
                                              :
                                              :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**LIMITED OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF
EQUITY SECURITY HOLDERS IN OPPOSITION TO DEBTORS'
(I) SETTLEMENT PROCEDURES MOTION, (II) LIFT STAY MOTION AND
(III) MOBILEARIA SALE MOTION**

TO:    THE HONORABLE JUDGE ROBERT D. DRAIN
        UNITED STATES BANKRUPTCY JUDGE

        The Official Committee of Equity Security Holders (the "Equity Committee"), by and

through its proposed counsel, Fried, Frank, Harris, Shriver & Jacobson LLP, files this limited

omnibus objection ("Objection") in opposition to the Debtors' (as defined below) (i) Motion For

Order Under 11 U.S.C. Sections 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing

Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without

Further Court Approval (the "Settlement Procedures Motion"), (ii) Motion For Order Under 11

U.S.C. Section 362 And Fed. R. Bankr. P. 7016 And 9019 Approving Procedures For Modifying

The Automatic Stay To Allow For (I) Liquidating And Settling And/Or (II) Mediating Certain Prepetition Litigation Claims (the "Lift Stay Procedures Motion"), and (iii) Motion For Orders Under 11 U.S.C. Sections 363 And 365 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (A) Approving (I) Bidding Procedures, (II) Certain Bid Protections, (III) Form And Manner Of Sale Notices, And (IV) Sale Hearing Date And (B) Authorizing And Approving (I) Sale Of Certain Of The Debtors' Assets Comprising Substantially All Assets Of MobileAria, Inc. Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (III) Assumption Of Certain Liabilities (the "Mobilearia Sale Motion" and with the Settlement Procedures Motion and the Lift Stay Motion, the "Motions"), each of which was filed on June 6, 2006, in the above-captioned chapter 11 cases, and respectfully states as follows:

## BACKGROUND

1.      On October 8 and 14, 2005, Delphi Corporation and certain of its U.S. subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

2.      On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee").

3.      On April 28, 2006, the U.S. Trustee appointed the Equity Committee.

## LIMITED OBJECTION

4.      The Equity Committee files this limited objection to address deficiencies in the

notice and reporting provisions set forth by the Debtors pursuant to the Motions. Specifically, the Equity Committee objects to the omission of counsel to the Equity Committee as one of the parties to whom such notices and reporting undertakings must be given.

5.       As a statutory committee appointed in the Debtors' chapter 11 cases, the Equity Committee should be provided with any notice that is given to any other statutory committee appointed in the Debtors' chapter 11 cases in order to fulfill its duties and obligations to its constituents. In that regard, in the event the Motions are granted, the Equity Committee should have the opportunity to analyze and assess the potential effects of proposed settlements and or sales to be effectuated under the authority granted by the approval of the Motions. As such, the orders approving the Motions should provide that the Equity Committee will receive notices and/or reports that the Creditors' Committee is intended to receive, and that the Equity Committee will be provided with the same opportunity to object to the proposed relief.

6.       The Equity Committee is mindful of the scope limitations imposed on the Equity Committee by the Court, and will adhere to those limitations when determining whether and how to act on issues as they arise. Moreover, the provision of notice and reports to the Equity Committee, which are already being provided to the Creditors' Committee, does not prejudice or place an undue burden on the Debtors.

7.       We have informed the Debtors of our limited omnibus objection and asked that they include the Equity Committee in the notice and/or reporting provisions of the orders approving the Motions and include the Equity Committee in the same manner as the Creditors' Committee under previous orders that are relevant to the continued progress of these cases.[1]

---

[1]       The previously entered orders with respect to which the Equity Committee is seeking the relief requested by this Objection include (i) the Order Under 11 U.S.C. §§ 363(b)(3) And 365(a) And Fed. R. Bankr. P.

## CONCLUSION

8.        For the foregoing reasons, the Equity Committee respectfully requests that (I) if

the Motions are approved, the orders approving the Motions provide that the Equity Committee

shall (i) be served with notices (and, with respect to the bidding procedures under the Mobilearia

Sale Motion, bids) in the same manner as the Creditors' Committee under the Motions, (ii)

receive the same objection/consent rights as the Creditors' Committee under the Motions and

(iii) receive the same reports provided to the Creditors' Committee under the Motions, and

(II) previously entered orders that provide notice and related rights to the Creditors' Committee

be deemed amended to provide such notice and related rights to the Equity Committee.

---

9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier
Agreements, entered on December 12, 2005; (ii) the Order Under 11 U.S.C. §§ 365(a) And 554 And Fed.
R. Bankr. P. 6006 Approving Procedures For Rejecting Unexpired Real Property Leases And Authorizing
Debtors To Abandon Certain Furniture, Fixture, And Equipment, entered on January 6, 2006; (iii) the
Order Under 11 U.S.C. §§ 363, 1107, And 1108 Approving Procedures To Enter Into Or Renew Real
Property Leases Without Further Court Approval, entered on January 6, 2006; (iv) the Order Under 11
U.S.C. §§ 105, 362, And 541 And Fed. R. Bankr. P. 3001 (A) Establishing Notification Procedures
Applicable To Substantial Holders Of Claims And Equity Securities And (B) Establishing Notification
And Hearing Procedures For Trading In Claims And Equity Securities, entered on January 6, 2006; (v) the
Order Under 11 U.S.C. §§ 363, 1107, And 1108 Authorizing Delphi Automotive Systems LLC To Make
Equity Investments In Delphi Furukawa Wiring Systems LLC And Approving Procedures to Make
Additional Contributions Without Further Court Approval, entered on March 17, 2006; and (vi) the
Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007,
And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And
Administrative Procedures, entered by this Court on March 20, 2006 (as supplemented).

Dated:  June 15, 2006
      New York, New York

                                FRIED, FRANK, HARRIS, SHRIVER
                                  & JACOBSON LLP

                          By: /s/ Bonnie Steingart
                                Bonnie Steingart (BS-8004)
                                Debra M. Torres (DT-9093)

                          One New York Plaza
                          New York, New York 10004
                          Telephone:  212.859.8000
                          Facsimile:  212.859.4000

                          *Proposed Counsel for the Official Committee of*
                          *Equity Security Holders*

556546