Victor J. Mastromarco, Jr. (Mich Bar No P34564)   Hearing Date: June 19, 2006
MASTROMARCO & JAHN, P.C.                          Time: 10:00 a.m.
Counsel to H.E. Services Company &
Robert Backie
1024 North Michigan Avenue
Post Office Box 3197
Saginaw, Michigan 48605-3197
(989) 752-1414

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

DELPHI CORPORATION, et al.,

Chapter 11
Case No. 05-44481 (RDD)
(Jointly Administered)

Debtors.

## REPLY TO DEBTOR'S OBJECTION TO H.E. SERVICES COMPANY, and ROBERT BACKIE, Majority Shareholder MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE

Now comes the Movants, H.E. Services Company, and Robert Backie, Majority Shareholder, by and through their attorneys, who hereby files this reply to the debtor's objections for the reasons as set forth more fully below:

1.

As explained previously, the movants, H.E. Services Company and Robert Backie, initiated a lawsuit against Delphi Automotive Systems, LLC in the Federal District Court for the Eastern District of Michigan - Northern Division before the

1

Honorable David M. Lawson raising a mixture of liquidated and unliquidated damages arising from the claims. (See Docket Sheets - **Exhibit 1**).

2.

The Debtor in its objection has mischaracterized movants' claims as being solely unliquidated.

3.

The debtor in its objection focuses on the argument that lifting the stay will cause its in-house attorneys to divert their focus away from the restructuring to the lawsuit that was filed in the Federal District Court for the Eastern District of Michigan. (See pg. 2-3 of debtor's objections).

4.

Contrary to debtor's objections, Delphi Automotive Systems, LLC is only represented by attorney Arthur T. Lippert, Jr., who is with the Saginaw, Michigan law firm of Lippert, Humphreys, Campbell, Dust & Humphreys, P.C., in the case before Judge Lawson in the Eastern District of Michigan. (See Docket Sheets - **Exhibit 1**).

5.

The Court should note that in-house counsel for Delphi Automotive Systems, LLC have not filed an appearance in the case before the Eastern District of Michigan. (See Docket Sheets - **Exhibit 1**).

6.

It is believed that the law firm of Lippert, Humphreys, Campbell, Dust & Humphreys, P.C. is not participating in this bankruptcy proceeding, since the Saginaw law firm has not filed an appearance with this Court.

7.

As such, the prosecution of the matter before Judge Lawson will not necessitate in-house counsel's involvement, since in-house counsel is not involved in the lawsuit as evidenced by the docketing sheets. (See Docket Sheets - **Exhibit 1**).

8.

Furthermore, debtor's retained counsel is located in Saginaw, Michigan.

9.

The Court should also note that contrary to debtor's assertion, movants' complaint was initially filed on February 16, 2005, and has been the subject to two Motions to Dismiss with the first motion to dismiss resulting in the filing of an Amended Complaint on June 9, 2005, which was then subjected to the second motion to dismiss which was pending at the time the debtor filed for bankruptcy. (See Docket Sheets - **Exhibit 1**).

10.

The Court should also note that movants had filed a Motion for Entry of Default as against Delphi Automotive Systems, LLC which was pending (with a hearing date of November 2, 2006) before Federal District Court Judge David M.

Lawson at the time that debtor filed for bankruptcy. (See Docket Sheets - **Exhibit 1**).

11.

If granted by the Federal Court, entry of default would have limited the issues before the Federal Court to the question as to the amount of damages.

12.

The movants only seek to have this Court enter an order modifying the automatic stay to allow the action to proceed to either a final judgment or a settlement.

13.

At this time the Movants are not seeking that the stay be lifted for enforcing a settlement and/or judgment.

14.

For the above-mentioned reasons, good cause exists for the limited lifting of the stay.

WHEREFORE, Movants respectfully request that the Court enter an order modifying the automatic stay to allow the action to proceed to either a final judgment or a settlement. At this time the Movants are not seeking that the stay be lifted for enforcing a settlement and/or judgment.

Dated: June 15, 2006                    Respectfully submitted,

                                        MASTROMARCO & JAHN, P.C.

                                        s/ Victor J. Mastromarco, Jr.
                                        Victor J. Mastromarco, Jr. (P34564)
                                        Attorney for Movants
                                        vmastromar@aol.com