**Hearing Date: June 19, 2006**
                                  **Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :
    In re                                :     Chapter 11
                                    :
DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                                    :
                                    :     (Jointly Administered)
                    Debtors.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

          DEBTORS' OMNIBUS RESPONSE TO OBJECTIONS TO DEBTORS'
      MOTION FOR ORDER UNDER 11 U.S.C. §§ 363, 502, AND 503 AND
    FED. R. BANKR. P. 9019(b) AUTHORIZING DEBTORS TO COMPROMISE
      OR SETTLE CERTAIN CLASSES OF CONTROVERSY AND ALLOW
          <u>CLAIMS WITHOUT FURTHER COURT APPROVAL</u>

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this omnibus response (the "Response") to the objections[1] to the Debtors' Motion For Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(B) Authorizing The Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4037) (the "Motion"). In support of the Response, the Debtors respectfully represent as follows:

Argument

1. Of the hundreds of parties-in-interest that received the Motion, only three parties, including the Ad Hoc Equity Committee and Riverside, objected to the requested relief in the Motion.[2] The objections of the Ad Hoc Committee and Riverside raise the following four issues: (1) whether the Debtors sufficiently identified the classes of controversy that fall within scope of the Settlement Procedures[3]; (2) whether the Settlement Procedures provide the Debtors too much discretion to effectuate settlements; (3) whether additional parties should be added to the list of Notice Parties under the Settlement Procedures; and (4) whether the Debtors should be required to file with the

---

[1] The limited objection of Riverside Claims LLC (the "Riverside Objection") can be found at Docket No. 4154. The objection of "Ad Hoc Equity Committee," which is comprised of Appaloosa management L.P., Wexford Capital LLC, Lampe Conway & Co., LLC, Harbinger Capital Partners LLC, and Marathon Asset Management LLC (the "Ad Hoc Equity Committee Objection") can be found at Docket No. 4162.

[2] The Debtors will respond to the Equity Committee's objection in a separate pleading, which will be filed contemporaneously herewith.

[3] Capitalized terms used and not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2

Court quarterly reports of all settlements reached under the Settlement Procedures. As discussed below, none of these objections warrant the denial of the Motion.

A. The Settlement Procedures Sufficiently Identifies Classes
   Of Controversies That Fall Within The Scope of the Motion

2. Despite acknowledging that the Debtors' settlement authority and notice requirements varies by the priority and amount of the claim, the Ad Hoc Equity Committee alleges that the Debtors have not identified <u>any</u> classes of controversy to warrant the relief requested. The Ad Hoc Equity Committee also argues that there is "no legal basis for granting such expansive settlement authority." That is not correct. Rule 9019(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") states "[a]fter a hearing . . . the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice." Fed. R. Bankr. P. 9019(b). Nowhere in Bankruptcy Rule 9019(b) does it state that a class of controversy cannot be defined by a monetary amount. Moreover, the Ad Hoc Equity Committee fails to cite to any case in support of that proposition.

3. Indeed, numerous cases, including at least one before this Court, have implemented procedures where the classes of controversy were defined by monetary thresholds. <u>See</u> <u>In re Parmalat USA Corp.</u>, <u>et al.</u>, jointly administered under Case No. 04-11139 (RDD) (Bankr. S.D.NY. Nov. 3, 2004) (a copy of which is attached hereto as Exhibit A) (the "Parmalat Order"); <u>In re WorldCom, Inc.</u>, <u>et al.</u>, jointly administered under Case No. 02-13533 (Bankr. S.D.N.Y. Oct. 8, 2002) (a copy of which was attached to the Ad Hoc Equity Committee's Objection as Exhibit A) (the "WorldCom Order"); <u>In re Kmart Corporation</u>, <u>et al.</u>, jointly administered under Case No. 02-02474 (Bankr. N.D.

3

Ill. Aug. 29, 2002) (a copy of which is attached hereto as Exhibit B) (the "Kmart Order"). For example, in the Parlamat Order, the debtors similarly requested authority to settle certain prepetition claims under both section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(b).  Although the Parmalat Order appears to address a global claims reconciliation procedure, this Court nonetheless gave the debtor authority to settle non-ordinary course disputes under a settlement procedure where the classes of controversy were defined by monetary thresholds.  Exhibit A.  Similarly, the WorldCom Order, which was relied on by the Ad Hoc Equity Committee for other purposes, establishes various noticing requirements based on monetary thresholds.

        4.       The Debtors, however, have gone beyond simply identifying classes of controversy by monetary amounts.  Indeed, the Debtors have identified settlement and noticing procedures for the following classes of claims: (i) non-ordinary course prepetition general unsecured claims, (ii) non-ordinary course prepetition secured claims, (iii) non-ordinary course prepetition priority claims, (iv) non-ordinary course administrative expense priority claims, and (iv) non-ordinary course other postpetition claims.  For each of these classes, the Debtors have proposed various levels of notice required, depending on the amount of the proposed settlement.  Thus, the proposed Settlement Procedures identifies the classes of controversy in more detail than approved settlement procedures in other large chapter 11 cases, including at least one case before this Court.  See Parlamat Order.  Because the Motion sufficiently defines the classes of controversy, this objection should be overruled.

B.    The Settlement Procedures Do Not Provide The Debtors With
An Unreasonable Amount Of Discretion To Settle Controversies

5.    The Ad Hoc Equity Committee argues that the Settlement Procedures provide the Debtors with too much discretion because there is no aggregate cap on the amount of the claims that can be settled under the Settlement Procedures.  The official committee of unsecured creditors (the "Creditors' Committee"), however, reviewed the Motion prior to its filing and provided the Debtors with comments regarding the defined classes of controversy and related noticing requirements.  The Creditors' Committee did not request that an aggregate cap be placed on the Debtors' settlement authority.  The Creditors' Committee will be provided not only notice of settlements above a certain threshold, but also will receive periodic reports of claims that the Debtors are in the process of negotiating.  Given this level of oversight from the Creditors' Committee, an aggregate cap on the Debtors' authority is not required.

6.    The Ad Hoc Equity Committee also alleges that this Court should not grant the requested relief because the Bar Date has not passed and the parties-in-interest, therefore, do not know the extent of claims that fall within the scope of the Settlement Procedures.  What has been abundantly clear in these cases, however, is that the Debtors do not operate in a vacuum.  The Ad Hoc Equity Committee is a group of sophisticated institutional investors having the skill and experience to review the Debtors' publicly-filed schedules of assets and liabilities and monthly operating reports to obtain a sense of the scope of the claims against the Debtors.  There is sufficient information available at this time to obtain a reasonable understanding of the scope of the relief requested in this Motion, and this Court need not wait until after the bar date to implement the Settlement Procedures.

5

05-44481-rdd    Doc 4242    Filed 06/16/06    Entered 06/16/06 15:34:00    Main Document
Pg 6 of 9

C.     **Additional Parties Need Not Receive Notice And An Opportunity To Respond To Proposed Settlements Under The Settlement Procedures**

7.     The Ad Hoc Equity Committee requests that the proposed Settlement Procedures include it in the list of Notice Parties.  The Ad Hoc Equity Committee, however, does not have the same fiduciary duties as that of the Creditors' Committee, and they only seek this information to serve their own interests.  Providing the Ad Hoc Equity Committee with notice and an opportunity to object to proposed settlements could result in the Ad Hoc Equity Committee injecting themselves into discussions regarding the Debtors' day-to-day business strategies.  As noted in paragraph 8 below, it is the Debtors' position that such activities are not within the scope of the Equity Committee that has been appointed in these cases and clearly, by extension, are not within the purview of the Ad Hoc Equity Committee.  Furthermore, in the Debtors' view, adding the Ad Hoc Equity Committee to the list of Notice Parties would increase the time and resources that the Debtors seek to save through the implementation of these Procedures.

8.     The Ad Hoc Equity Committee also requests that the Debtors add the Equity Committee to the list of Notice Parties under the Settlement Procedures.  This request is duplicative of the Equity Committee's request in its Limited Omnibus Objection of the Official Committee of Equity Security Holders to the Debtors' (i) Motion For Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing The Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval, filed on June 6, 2006 (Docket No. 4037).  The Debtors do not agree with the Equity Committee's request and will respond to the

Equity Committee's objection in a separate pleading, which will be filed contemporaneously herewith.

D.   <u>The Debtors Should Not Be Required To File Quarterly Reports With The Court</u>

9.   Riverside objects to the Settlement Procedures because the Debtors are not required to file with the court quarterly reports of all settlements that fall within the scope of the Settlement Procedures.[4]  Although the Debtors are aware that in the <u>Parmalat Order</u> this Court ordered the debtors to file periodic reports, such a requirement is both unnecessary and could, in fact, adversely affect the Debtors' estate.  If the Debtors were required to provide public notice of all settlements under the Settlement Procedures, such public information could be used to the detriment of the Debtors and their estates in potential settlement discussions with other creditors.  It would not be in the best interests of the Debtors' estate if certain creditors obtained negotiating leverage by obtaining information about the Debtors' settlement strategy as it pertains to issues applicable to many creditors.  Indeed, in this instance, the Debtors believe that the Creditors' Committee, in accordance with its fiduciary duty, will provide sufficient oversight for all parties-in-interest, and will independently determine whether settlements entered into by the Debtors are in the best interests of the Debtors' estates.  Moreover, reports would create an unnecessary reporting burden for the Debtors.

---

[4]   Riverside objects to the Motion to the extent that the Debtors seek to settle any claims for which it is the assignee.  This is not an objection to the Debtors' requested relief, but merely a statement that it wants the Debtors to negotiate directly with Riverside on all claims assigned to Riverside.  Obviously, the Debtors will seek to negotiate with the party with authority to settle a claim.  The Debtors will require parties with whom the Debtors have reached a settlement on a claim to represent and warrant that they are the rightful holder of the claim.

Notice

10. Notice of this Response has been provided in accordance with the Seventh Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered May 19, 2006 (Docket No. 3824). The Debtors submit that no other or further notice is necessary.

Memorandum Of Law

11. Because the legal points and authorities upon which this Response relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (i) authorizing the Debtors to compromise or settle certain classes of controversy and allow certain claims within those classes pursuant to the Settlement Procedures set forth in the Motion, (ii) overruling the objections to the Motion, and, (iii) granting the Debtors such other and further relief as is just.

Dated:      New York, New York
            June 16, 2006

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:  /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr. (JB 4711)
     John K. Lyons (JL 9331)
     Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By:  /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession