UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                              :
                                                   :         Chapter 11 Case No.
                                                   :
**PARMALAT USA CORP., et al.,**                    :         04-11139 (RDD)
                                                   :
                Debtors.                           :         (Jointly Administered)
                                                   :
------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(b) AUTHORIZING THE ESTABLISHMENT OF PROCEDURES TO SETTLE CERTAIN PREPETITION CLAIMS

Upon the motion, dated October 18, 2004 (the "Motion"), of Parmalat USA Corp., Farmland Dairies LLC, and Milk Products of Alabama L.L.C., as debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the establishment of procedures to settle certain prepetition claims, as more fully set forth in the Motion; capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and no other or further notice need be provided; and there being no objection to the Motion; and the relief requested in the Motion being in the best interests of the Debtor and its estate and creditors; and

the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors may file objections to proofs of claim on an omnibus basis (the "Objections") and that each Objection shall be numbered sequentially; and it is further

ORDERED that a response deadline for each Objection shall be scheduled no sooner than 33 days after the date on which the Objection was filed and served; and it is further

ORDERED that the Debtors shall be, and hereby are, authorized to compromise and settle claims against the Debtors' estates in accordance with the settlement procedures set forth in the Motion (the "Procedures") and as follows:

  a. If (i) the Settlement Amount results in the allowance of a claim of $25,000 or less or (ii) the Claim Difference is $25,000 or less, the Debtors will be authorized to settle the claim without prior notice or further approval of the Court.

  b. If (i) the Settlement Amount calls for the allowance of an unsecured claim of greater than $25,000, but less than $100,000, and the Claim Difference is greater than $25,000, or (ii) the Claim Difference is greater than or equal to $25,000, but less than $100,000:

     (i) The Debtors will provide notification to the attorneys for the Creditors' Committee, the attorneys for General Electric Capital Corporation, as agent under the DIP Credit Agreement, the attorneys for Citicorp, N.A., and the U.S. Trustee (together, the "Notice Parties") of the settlement along with a summary of the terms and background of the proposed settlement (the "Settlement Summary").

     (ii) If there is an objection made by a Notice Party within five (5) business days of the notification of the Settlement

      Summary, the Debtors may either (A) renegotiate the settlement and re-submit a revised notification of Settlement Summary to the Notice Parties with the new terms; or (B) file a Rule 9019 motion with the Court seeking approval of the existing Settlement Summary on no less than ten (10) days' notice.

    (iii) In the absence of an objection to notice of the Settlement Summary within the timeframe established above, the Debtors shall be deemed authorized to settle the claim as provided in the Settlement Summary without further Court approval.

  c. If the Settlement Amount and the Claim Difference are greater than or equal to $100,000 but less than $1 million:

    (i) The Debtors shall be required to file a notice of presentment with the Court of proposed settlement on not less than ten (10) days' notice, but will not be required to file a Rule 9019 motion.

    (ii) Absent an objection to the proposed settlement, the Court may enter an order approving the settlement without further notice or a hearing. If there is an objection to a proposed settlement covered by this paragraph, the Debtors may either (A) renegotiate the settlement and file a revised notice of proposed settlement with the Court on no less than five (5) days' notice; or (B) file a Rule 9019 motion with the Court seeking approval of the existing settlement on no less than ten (10) days prior notice.

    (iii) Absent an objection to a revised notice of proposed settlement or a Rule 9019 motion, as applicable, the Court may enter an order approving the proposed settlement without a hearing.

  d. If the Settlement Amount and Claim Difference are each equal to or greater than $1 million, the Debtors will be required to seek the approval of the Court by way of a Rule 9019 motion on no less than fifteen (15) days' notice.

  e. Notwithstanding the foregoing, for any compromise or settlement of insider claims, the Debtors shall file a motion with the Court requesting approval of such compromise and settlement under Bankruptcy Rule 9019.

  f. The Debtors shall file periodically with the Court, a report of all settlements of claims entered into by the Debtors during such

        period pursuant to the authority requested in this Motion (the "Periodic Reports"). The Periodic Reports shall set forth the name of the party with whom the Debtors have settled, the types of claims asserted by or against such party, and the amounts for which such claims have been settled. The Debtors shall serve copies of such Periodic Reports on the Notice Parties and the Debtors' claims agent.

; and it is further

    ORDERED that nothing in the Motion or herein shall preclude the Debtors from presenting a settlement to the Court to be so ordered and nothing in the Motion or herein shall preclude the Debtors from settling any claims against the Debtors' estates upon further application of the Court; and it is further

    ORDERED that this Order shall not obligate or require the Debtors to settle any claims that they do not consider, in their sole discretion, appropriate to compromise and settle; nor shall this Order obligate or require the Debtors to settle any claims in excess of the amounts which the Debtors, in their sole discretion, believe to be reasonable and appropriate consistent with the factors set forth herein; and it is further

    ORDERED that, pursuant to Bankruptcy Rule 6004(g), this Order shall be effective immediately; and it is further

    ORDERED that the requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York for the filing of a memorandum of law is waived.

Dated: November 3, 2004
    New York, New York

            /s/Robert D. Drain
            UNITED STATES BANKRUPTCY JUDGE