EOD   SEP 4 - 2002

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| In re: | ) | Case No. 02-B02474 |
|---|---|---|
|  | ) | (Jointly Administered) |
| KMART CORPORATION, et al., | ) | Chapter 11 |
|  | ) | Hon. Susan Pierson Sonderby |
|  | ) |  |
|  | ) | Hearing Date: **August 29, 2002** |
| Debtors. | ) |  |

## ORDER, PURSUANT TO 11 U.S.C. §§ 105 AND 502 AND RULE 9019(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AUTHORIZING DEBTORS TO COMPROMISE OR SETTLE CERTAIN CLASSES OF DE MINIMIS CONTROVERSY AND ALLOW CLAIMS WITHOUT FURTHER COURT APPROVAL

This matter having come before the court on the motion, dated August 9, 2002 (the "Motion"), of Kmart Corporation ("Kmart") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order, pursuant to sections 105 and 502 of the Bankruptcy Code and Rule 9019(b) of the Federal Rules of Bankruptcy Procedure, authorizing the Debtors to settle certain claims; it appearing to the Court that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; (iv) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (v) upon the record herein, after

6108

due deliberation thereon, that the relief should be granted as set forth below, it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

1.  The Debtors are hereby authorized, but not directed, to resolve the following general categories of both pre-petition and post-petition controversy without further Court approval, provided that (i) the controversy to be resolved is one where the amount originally claimed by the Debtors to be due and owing is $2,000,000 or less with respect to each matter or related series of matters, (ii) the final settlement of the controversy does not exceed the sum of $2,000,000, and (iii) the final settlement amounts of all controversies outside the ordinary course settled pursuant to this Order does not exceed $75 million in the aggregate without approval of an increase in such limit by consent of the committees appointed in these cases, or further order of the Court: (a) disputes regarding any obligations owed by third parties to the Debtors, or other claims of the Debtors against third parties; (b) disputes with regulatory or other governmental or quasi-governmental agencies; and (c) any other claim or controversy which, in the Debtors' business judgment, affects the ability of the Debtors to operate, manage or otherwise conduct their businesses.

2.  Resolution of the disputes within such classes are subject to the following parameters:

> (a)     for controversies where the amount originally claimed by the Debtors to be due and owing is $250,000 or less with respect to

2

each matter or related series of matters and the final settlement amount does not exceed $250,000, the compromise or settlement may be agreed and consummated without need for further Court approval or further notice;

(b) for controversies where the amount originally claimed by the Debtors to be due and owing is greater than $250,000 but less than or equal to $2,000,000 with respect to each matter or related series of matters and the final settlement amount does not exceed $2,000,000, the Debtors shall notify: (i) the United States Trustee, (ii) counsel to the committees officially formed in these cases, and (iii) general counsel and local counsel for the Debtors' pre-petition and post-petition lenders (collectively, the "Notice Parties") of the terms of the proposed settlement (the "Notice"). The Notice shall include a reasonable description of the dispute. The Notice Parties shall have ten business days from receipt of the Notice to serve a written objection to the settlement upon counsel for the Debtors. If no such objection is made, the Debtors shall be authorized to accept and consummate the settlement. If any of the Notice Parties object to the settlement, which objection can not otherwise be resolved, the Debtors may file a motion to approve the proposed compromise.

(c) for the period following the date of entry of this Order, the Debtors shall provide a report to the Notice Parties within 15 days after the end of each calendar quarter setting forth the cumulative amount of all claims resolved pursuant to this order. The Debtors will work with the committees appointed in these cases to come to a mutually satisfactory form of report.

3. Notwithstanding anything to the contrary contained herein, this order shall in no manner affect, impair, impede or otherwise alter the right of Debtors to resolve any post-petition controversy arising in the ordinary course of the Debtors' business, or resolve any controversy authorized by any other order of the Court.

4. Settlement of any pre-petition controversies resulting in monetary claims against the Debtors will be resolved by simply the determination and allowance of a claim. The Debtors shall <u>not</u> pay any pre-petition claims without separate Court order.

4. Notwithstanding anything contained herein, any settlements that involve an "insider," as defined in section 101(31) of the Bankruptcy Code, shall require individual hearings as prescribed by Bankruptcy Rule 9019(a).

5. Notwithstanding anything contained herein, this order shall not supercede, amend or in any way affect the terms of any other order of this Court.

6. Nothing in this order shall be construed to alter the rights or obligations of any insurer of the Debtors. In all instances where an insurer has a right to receive notice, participate in the resolution of a controversy, or decide upon or approve the resolution of a controversy, that right is preserved. Nothing in this order shall be construed to authorize the Debtors to act on behalf of or as an agent for any insurer of the Debtors.

7. Notwithstanding any Rule of the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon its entry.

Dated August 2_/, 2002

Hon. Susan Pierson Sonderby
United States Bankruptcy Judge