Hearing Date: June 19, 2006
Hearing Time: 10:00 a.m. (Prevailing Eastern Time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
    In re                           :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :    Case No. 05-44481 (RDD)
                                    :
                                    :    (Jointly Administered)
                Debtors.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' RESPONSE TO OBJECTION OF THE ACE COMPANIES TO THE
DEBTORS MOTION FOR ORDER UNDER 11 U.S.C. § 362 AND FED. R. BANKR.
P. 7016 AND 9019 APPROVING PROCEDURES FOR MODIFYING THE
AUTOMATIC STAY TO ALLOW FOR (I) LIQUIDATING AND SETTLING
AND/OR (II) MEDIATING CERTAIN PREPETITION LITIGATION CLAIMS

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this response (the "Response") to the objection of ACE American Insurance Company, Pacific Employers Insurance Company, and their respective affiliates (collectively, "ACE") to the Debtors' Motion For Order Under 11 U.S.C. § 362 And Fed. R. Bankr. P.7016 and 9019 Approving Procedures (the "Lift Stay Procedures") For Modifying The Automatic Stay To Allow For (i) Liquidating And Settling And/Or (ii) Mediating Certain Prepetition Litigation Claims, dated June 14, 2006 (the "Objection") (Docket No. 4205). In support of the Response, the Debtors respectfully represent as follows:

Preliminary Statement

1. As reflected in the correspondence attached hereto as Exhibit A, on May 23, 2006, the Debtors provided ACE with a courtesy copy of the proposed Motion to ensure that ACE was comfortable with the relief requested in the Motion.[1] The Motion was filed on June 6, 2006. ACE failed to express any concerns about the relief requested in the Motion during that two week period. Subsequent to the filing of the Motion, ACE informally identified some issues it had with the provisions of the Lift Stay Procedures, and the Debtors agreed with ACE in principal on many, if not most issues. In an attempt to resolve ACE's issues consensually, the Debtors extended ACE's objection deadline by two business days. ACE's counsel provided the Debtors with proposed changes to the proposed order granting the Motion (the "Order") late in the day on June 13, 2006, yet

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

even those proposed changes were subject to further review by ACE. The Debtors reviewed the proposed changes that evening, and were prepared to agree to most of ACE's changes the very next morning. Despite the Debtors attempts to reach ACE's counsel, ACE filed the Objection without responding to the Debtors or their counsel.

A.  The Debtors' Revised Order Satisfies ACE's Material Concerns To The Relief Requested In The Motion

2.  Attached hereto as Exhibit B is a blackline version of the Debtors' revised proposed order approving the Motion (the "Revised Order"). The Revised Order reflects changes to the Order originally submitted with the Motion. The Revised Order amends the Lift Stay Procedures in the following material ways: First, the Debtors have decided that the Lift Stay Procedures would apply only to Claims that can be settled for an amount that does not exceed any applicable deductibles under the Insurance Program. Second, the Debtors have agreed to include specific release language in the Order, so as to avoid any ambiguity relating to the proposed release of insurer liability in connection with the settlement of a claim. Third, the Debtors agreed to add language that the Revised Order is not intended to modify, impair, or affect any party's rights or obligations under the relevant agreements or applicable law. Fourth, the Debtors agreed to delete language that ACE suggests may give the Debtors a declaratory judgment relating to their performance under any agreement under the Insurance Program or with any Third Party Indemnitor. If an order is entered by this Court without any material changes to the Revised Order, ACE has agreed to withdraw the Objection with prejudice.

B.  The Motion May Be Heard On Ten-Days' Notice

3.  ACE alleges that it did not receive adequate time to review and consider the Motion. That simply is not true. The Debtors provided ACE with copies of

3

the proposed motion and order 14 days before the Motion was filed and 27 days before the June 19, 2006 omnibus hearing. As stated above, the Debtors received no comments from ACE during the two weeks that elapsed before the Motion was filed on June 6, 2006. The Debtors and ACE initiated informal discussions regarding the Motion on June 7, 2006. On June 12, 2006, the Debtors requested from this Court that ACE's objection deadline be extended from June 13, 2006, to June 15, 2006, so that the parties could have more time to negotiate revisions to the Order. ACE's counsel did not provide the Debtors with written comments to the Motion or Order until approximately 5:00 PM Eastern on June 13, 2006.

    4.  ACE was given more than sufficient time to review and consider the Motion. Indeed, they were given nearly three times the minimum notice period permitted under the Court's case management order. Following the filing of the Motion, the Debtors spent considerable amounts of time discussing with ACE the intent of the Lift Stay Procedures and attempted to work through any issues that ACE may have had regarding the relief requested.

    5.  ACE also alleges that the Motion does not need to be considered on an expedited basis. The Debtors, however, have complied with the Seventh Supplemental Case Management Order (as defined below), and therefore, there is no basis for denying the Debtors' request for expedited relief. The Creditors' Committee had consented to this Motion being heard at the June omnibus hearing. Therefore, ACE's objection to the expedited nature of the Motion should be overruled.

<u>Notice</u>

    6.  Notice of this Response has been provided in accordance with the Seventh Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P.

2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered May 19, 2006 (Docket No. 3824) (the "Seventh Supplemental Case Management Order"). The Debtors submit that no other or further notice is necessary.

## Memorandum Of Law

7. Because the legal points and authorities upon which this Response relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (i) authorizing the Debtors to compromise or settle certain classes of controversy and allow certain claims within those classes pursuant to the Lift Stay Procedures set forth in the Motion, as modified by the Revised Order, (ii) overruling the Objection, and, (iii) granting the Debtors such other and further relief as is just.

Dated: New York, New York
June 16, 2006

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:  /s/  John Wm. Butler, Jr.
     John Wm. Butler, Jr. (JB 4711)
     John K. Lyons (JL 9331)
     Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By:  /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession