**Hearing Date: June 19, 2006**
                                  **Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
|     In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
|              Debtors. | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

DEBTORS' RESPONSE TO LIMITED OMNIBUS OBJECTION OF THE OFFICIAL
COMMITTEE OF EQUITY SECURITY HOLDERS IN OPPOSITION TO DEBTORS'
(I) SETTLEMENT PROCEDURES MOTION, (II) LIFT STAY MOTION
<u>AND (III) MOBILEARIA SALE MOTION</u>

Delphi Corporation and certain of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this response (the "Response") to the limited omnibus objection (the "Objection") of the Official Committee of Equity Security Holders (the "Equity Committee") to the Debtors' (i) Motion For Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing The Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval, filed on June 6, 2006 (Docket No. 4037) (the "Settlement Procedures Motion"), (ii) Motion For Order Under 11 U.S.C. § 362 And Fed. R. Bankr. P. 7016 And 9019 Approving Procedures For Modifying The Automatic Stay To Allow For (I) Liquidating And Settling And/Or (II) Mediating Certain Prepetition Litigation Claims, filed on June 6, 2006 (Docket No. 4038) (the "Lift Stay Procedures Motion"), and (iii) Motion For Orders Under 11 U.S.C. §§ 363 And 365 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (A) Approving (I) Bidding Procedures, (II) Certain Bid Protections, (III) Form And Manner Of Sale Notices, And (IV) Sale Hearing Date And (B) Authorizing And Approving (I) Sale Of Certain Of The Debtors' Assets Comprising Substantially All Assets Of MobileAria, Inc. ("MobileAria") Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (III) Assumption Of Certain Liabilities, filed on June 6, 2006 (Docket No. 4040) (the "MobileAria Motion," collectively with the Settlement Procedures Motion and Lift Stay Procedures Motion, the "Motions"). In support of the Response, the Debtors respectfully represent as follows:

Background

1.      On June 15, 2006, the Equity Committee filed the Objection, which objects to the relief the Debtors requested in the Motions solely on the grounds that the Equity Committee requests that it be added as a party to the notice and reporting provisions in each of

2

the Motions. In addition, in its Objection, the Equity Committee has also requested that the Court modify various previously-entered orders to allow the Equity Committee to duplicate the role played by the Official Committee of Unsecured Creditors (the "Creditors' Committee") thereunder.[1] The Equity Committee has not, however, objected to any of the substantive relief the Debtors requested in the Motions.

        2.        On March 21 and 22, 2006, this Court conducted an evidentiary hearing (the "Hearing") on the Motion Pursuant To 11 U.S.C. § 1102(a)(2) For An Order Directing The United States Trustee To Appoint An Equity Committee In These Chapter 11 Cases filed on December 22, 2005, by Appaloosa Management L.P. (Docket No. 1604) (the "Equity Committee Motion").[2] On March 30, 2006, this Court entered an order directing the United States Trustee to appoint an equity committee in these cases (Docket No. 3024) (the "Equity Committee Order").[3]

        3.        The Debtors believe that the Equity Committee Order and this Court's bench ruling on the Equity Committee Motion make it abundantly clear that the Equity

---

[1] Specifically, the Objection requests modification of the following previously-entered orders: (i) the Order Under 11 U.S.C. §§ 363(b)(3) And 365(a) And Fed. R. Bankr. P. 9019 Approving Procedures To Assume Certain Amended And Restated Sole Source Supplier Agreements, entered on December 12, 2005; (ii) the Order Under 11 U.S.C. §§ 365(a) And 554 And Fed. R. Bankr. P. 6006 Approving Procedures For Rejecting Unexpired Real Property Leases And Authorizing Debtors To Abandon Certain Furniture, Fixture, And Equipment, entered on January 6, 2006; (iii) the Order Under 11 U.S.C. §§ 363, 1107, And 1108 Approving Procedures To Enter Into Or Renew Real Property Leases Without Further Court Approval, entered on January 6, 2006; (iv) the Order Under 11 U.S.C. §§ 105, 362, And 541 And Fed. R. Bankr. P. 3001 (A) Establishing Notification Procedures Applicable To Substantial Holders Of Claims And Equity Securities And (B) Establishing Notification And Hearing Procedures For Trading In Claims And Equity Securities, entered on January 6, 2006; (v) the Order Under 11 U.S.C. §§ 363, 1107, And 1108 Authorizing Delphi Automotive Systems LLC To Make Equity Investments In Delphi Furukawa Wiring Systems LLC And Approving Procedures to Make Additional Contributions Without Further Court Approval, entered on March 17, 2006; and (vi) the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on March 20, 2006 (as supplemented) (collectively, the "Prior Orders").

[2] The relevant portions of the Transcript of Section 1102(a)(2) Evidentiary Hearing Before The Honorable Robert D. Drain United States Bankruptcy Judge ("March 22 Transcript of Hearing") are attached hereto as <u>Exhibit A</u>.

[3] The Equity Committee Order is attached hereto as <u>Exhibit B</u>.

3

Committee was appointed for a limited purpose – to provide holders of Delphi Corporation common stock with a voice on a narrowly-defined set of key transformational issues in these chapter 11 cases. The Equity Committee was not granted carte blanche authority to inject itself into all other areas of these cases, particularly where the interests of creditors and equityholders are aligned.

        4.      In the Equity Committee Order, this Court stated that the Equity Committee "needs to be informed of, . . . among other things, issues involving labor, pension, OPEB, and GM, and to be informed in respect of agreements that the Debtors may reach with their unions and GM." Equity Committee Order at ¶ 5. Similarly, in its bench ruling on the Equity Committee Motion, this Court stated that "one could at least see a rationale for having an equity committee with counsel in the near future to deal at least with those transformational issues on behalf of the shareholders." March 22 Transcript of Hearing at 175. Following this statement and the Court's discussion of its reluctance to allow the Equity Committee to retain investment bankers, accountants, or actuaries, this Court noted that "given the important transformative events that will be taking place in this company . . . it's important to give [shareholders] representation . . . within the parameters that I've already described." March 22 Transcript of Hearing at 183. Finally, near the conclusion of its bench ruling, this Court reiterated that "[w]hat an equity committee needs to do is to understand through its own members' expertise . . . and through the assistance of its counsel, the pressing issues of this case in respect of labor, pension, other benefits and GM." March 22 Transcript of Hearing at 184.

A.      The Objection Should Be Overruled Because The Requested Notice Is Outside
          Of The Scope Of The Equity Committee's Appointment

        5.      In light of the language of the Equity Committee Order and the direction this Court gave in its bench ruling at the conclusion of the Hearing, the Debtors assert that the

4

Objection should be overruled in its entirety.  The relief requested in the Objection goes beyond the scope of the circumscribed role that this Court has authorized the Equity Committee to play in these cases.  The Equity Committee was formed as a limited purpose committee to provide shareholders a voice in those aspects of these cases directly relating to the Debtors' labor transformation.  The Objection expressly acknowledges the limited role that the Equity Committee is intended to play in these cases.  Objection at ¶ 6 ("The Equity Committee is mindful of the scope limitations imposed on the Equity Committee by the Court. . . .").  Neither the Equity Committee Order nor this Court's bench ruling at the Hearing contemplated that the Equity Committee would have a role in (a) potential agreements to lift the automatic stay for the limited purpose of allowing certain litigants to liquidate their prepetition claims, (b) potential settlements of claims below certain materiality thresholds under the proposed settlement procedures, or (c) sales of assets such as those proposed in the MobileAria Motion.

6.     Furthermore, the Debtors' appropriate exercise of their business judgment is already subject to close and careful review in these cases by the Creditors' Committee.  This Court has specifically noted the meaningful and effective role that the Creditors' Committee has played to date in exercising its duties in these cases.  See March 22 Transcript of Hearing at 171 ("I say 'constructive,' rather than 'hand-in-glove' because it is very clear to me that the Creditors' Committee is nobody's patsy by any means and makes its views known to the debtor very clearly and forcefully, even if those views are unwelcome.").  The procedures proposed in the Settlement Procedures Motion and the Lift Stay Procedures Motion are the product of extensive negotiation between the Debtors and the Creditors' Committee.  In addition, the Creditors' Committee has not objected to the MobileAria Motion.  Nevertheless, the Equity Committee

seeks through the Objection to duplicate the role of the Creditors' Committee and interject itself broadly into numerous areas of these cases wholly unrelated to the Debtors' labor transformation.

7. Simply put, the Objection, if granted, would have the Creditors' Committee and the Equity Committee fulfill the same role. Such a duplication of effort is not only inconsistent with the Equity Committee Order and the Court's bench ruling at the Hearing, but also would be inefficient, a waste of the estates' resources, and wholly-unnecessary as it will not provide any material benefit to the equityholders or any other party-in-interest. Notably, the Equity Committee has not even suggested that the interests of the equityholders would materially diverge from the interest of creditors with respect to the relief sought in any of the Motions.

8. With respect to the MobileAria transaction, the Equity Committee, as the representative solely of holders of equity interests in Delphi Corporation, has a minimal interest (at best) in the outcome of the sale of MobileAria's assets contemplated by the MobileAria Motion. MobileAria is a joint venture in which Delphi Automotive Systems LLC ("DAS LLC"), a subsidiary of Delphi Corporation, holds a 71.2% equity interest in MobileAria and is MobileAria's largest creditor. The only arguable interest that the Equity Committee would have in the sale of MobileAria would come through Delphi Corporation's equity interest in DAS LLC. Again, the Equity Committee's interests are aligned with the Creditors' Committee's interests – namely, maximizing the proceeds realized by MobileAria through the sale. The Creditors' Committee represents, among others, the creditors of each of MobileAria, DAS LLC, and Delphi Corporation, all of whom have a much more particularized interest in maximizing the proceeds from the sale of MobileAria's assets than do any of the Equity Committee's constituents. Also, while the MobileAria Motion does not contemplate the Equity Committee's participation in the sale process to the extent requested in the Objection, the Equity Committee does have the right to

object to any proposed sale of MobileAria's assets if it believes that MobileAria did not accept the highest or otherwise best bid. Again, the Equity Committee has not objected to any of the substantive relief that the Debtors are seeking with respect to the MobileAria Motion at the June 19, 2006 hearing.

B.  The Equity Committee's Request to Receive Notice Under Procedures Previously Entered By This Court Was Procedurally Deficient And Should Be Denied

9.  As noted in footnote 1 above, the Objection requests that "previously entered orders that provide notice and related rights to the Creditors' Committee be deemed amended to provide such notice and related rights to the Equity Committee." Objection at ¶ 8. It is procedurally improper to include in an objection to wholly unrelated motions a request for the Court to modify the Prior Orders. Moreover, with respect to the relief requested, the Debtors submit that, for the reasons provided above, the Equity Committee's request that this Court amend the Prior Orders is without merit and should be denied.

C.  The Equity Committee's Requested Relief Would Constitute A Significant And Unwarranted Burden On The Debtors' Estates

10.  Finally, in the Objection, the Equity Committee asserts that "the provision of notice and reports to the Equity Committee, which are already being provided to the Creditors' Committee, does not prejudice or place an undue burden on the Debtors." Objection at ¶ 6. While the mere giving of notice arguably would not place an undue burden on the Debtors, the reality is that the Equity Committee is not merely asking for notice. Rather, the Equity Committee is, in fact, asking for the same rights as are granted to the Creditors' Committee: for example, to have the opportunity to object to notices of settlement, receive the same reports that the financial advisors to the Creditors' Committee would receive, and play an active role in the MobileAria sale process. Furthermore, providing the Equity Committee with the expanded role it seeks with respect to nine separate orders of this Court would require the Debtors' estates to

7

bear significantly increased administrative expenses and other burdens without providing any appreciable benefit to the estates.

## Notice

11.  Notice of this Response has been provided in accordance with the Seventh Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered May 19, 2006 (Docket No. 3824).  The Debtors submit that no other or further notice is necessary.

## Memorandum Of Law

12.  Because the legal points and authorities upon which this Response relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (i) overruling the Objection, and (ii) granting the Debtors such other and further relief as is just.

Dated:      New York, New York
            June 16, 2006

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr. (JB 4711)
      John K. Lyons (JL 9331)
      Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By:   /s/ Kayalyn A. Marafioti
      Kayalyn A. Marafioti (KM 9632)
      Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession