UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                  :
                                                        :    Chapter 11
DELPHI CORPORATION et al.,                              :    Case No. 05-44481 (RDD)
                                                        :    (Jointly Administered)
                                            Debtors.    :
------------------------------------------------------------x

**INTERIM ORDER AUTHORIZING THE EXAMINATION
OF, AND DIRECTING BARCLAYS BANK PLC, TO
PRODUCE DOCUMENTS PURSUANT TO RULE 2004
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Delphi Corporation ("Delphi"), and the other Debtors and Debtors in Possession in the above-captioned cases (together, the "Debtors"), by their conflicts counsel, Togut, Segal & Segal LLP, having filed a motion (the "Motion") for an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("the Bankruptcy Rules"): (i) authorizing the examination of Barclays Bank PLC ("Barclays") pertaining to Barclays' assertion of a right to setoff regarding its payment obligations to Delphi pursuant to a certain Master Agreement; and (ii) directing Barclays' production of any and all documents in its possession or control pertaining to such assertion, all as more particularly described in the Schedule annexed to the Motion as Exhibit "1" (collectively, the "Documents"); and Barclays having represented at the June 19, 2006 hearing that it consents to the relief herein; and the Official Committee of Unsecured Creditors (the "UCC") having filed a statement in response to and, in support of, the Motion, and therein, the UCC having sought authority to participate in the examination authorized by this Order; and the relief requested appearing reasonable and proper; and good and sufficient notice of the Application having been given; and sufficient cause appearing; and no further notice being required, it is

**ORDERED**, that the Motion be, and it hereby is, granted to the extent set forth below; and it is further

**ORDERED**, that Delphi shall serve a copy of this Interim Order and the Application, with exhibits, upon Barclays, by its counsel of record, by regular mail and by Federal Express not later than two business days after the date of entry of this Interim Order; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 2004(a) Barclays be, and hereby is, directed to turn over all of the Documents that are identified in the Schedule that is annexed hereto as Exhibit "1" to Delphi within ten business days after the date of Delphi's service of a copy of this Interim Order upon Barclays; and it is further

**ORDERED**, that Barclays, be and it hereby is, directed to appear for oral examination under oath at the offices of Togut, Segal & Segal LLP, One Penn Plaza, New York, New York 10119, on such date and time as may be designated by Delphi in writing not less than ten (10) days prior to such examination and at any adjournments thereof; and it is further

**ORDERED**, that compliance with this Interim Order may be compelled by the issuance and service of one or more subpoena by Delphi pursuant to Federal Rule of Civil Procedure 45 and Bankruptcy Rules 2004(c) and 9016; and it is further

**ORDERED**, that entry of this Interim Order is without prejudice to Delphi's right to seek the turnover of the Documents or any other document or information from any party other than Barclays; and it is further

**ORDERED**, that entry of this Interim Order is without prejudice to Delphi's right to seek, and Barclays right to object to, turnover of the balance of Documents that are identified in the Schedule that was annexed to the Motion as Exhibit "1"; and it is further

**ORDERED** that the UCC is hereby authorized to (a) simultaneously receive copies of any and all of the Documents produced by Barclays pursuant to this Order and (b) to attend and participate in any Examination of Barclays that is conducted by the Debtors pursuant to this Order; and it is further

**ORDERED**, that the hearing to consider the Motion is adjourned to the Ninth Omnibus Hearing in this case, presently scheduled for July 19, 2006.

DATED:    New York, New York
               June 19, 2006

                                            /s/Robert D. Drain
                                            HONORABLE ROBERT D. DRAIN
                                            UNITED STATES BANKRUPTCY JUDGE

**SCHEDULE**

**DEFINITIONS**

1. The term "Delphi" means Delphi Corporation and includes its divisions, subsidiaries, including Delphi Automotive Systems Risk Management Corporation, business units, affiliates, predecessors and successors, and all officers, directors, members, employees, agents, accountants, attorneys, and representatives of any of the foregoing.

2. The term "Barclays" shall mean Barclays Bank PLC, and includes its divisions, subsidiaries, business units, affiliates, predecessors, and successors, and all officers, directors, members, employees, agents, accountants, attorneys, and representatives thereof.

3. The term "November 23, 2001 Master Agreement" means the Master Agreement dated November 23, 2001 between Barclays and Delphi, a copy of which is annexed to the Application as Exhibit "2".

4. The term "October 10, 2005 Termination" means the Notice of Termination from Barclays to Delphi, dated October 10, 2005, a copy of which is annexed to the Application as Exhibit "3".

5. The term "October 26, 2005 Statement of Payment" means the Statement of payment from Barclays to Delphi, dated October 26, 2005 for $10,100,000.

6. The term "Amended Statement of Payment" means the Amended Statement of Payment from Barclays to Delphi, dated November 14, 2005 for $9,044,399.41, a copy of which is annexed to the Application as Exhibit "4".

7. The term "Statements of Payment" means October 26, 2005 Statement of Payment and the Amended Statement of Payment.

8. The term "February 13, 2006 Letter" means the letter that is attached hereto as Exhibit "5".

9. The term "Issuance of the Bonds" means any issuance of the bonds of Delphi on which Barclays provided underwriting or other services.

10. The term "communication" means any transmittal of information in the form of facts, ideas, inquiries or otherwise, whether or not embodied in a document.

11. The term "document" shall be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and includes any written, printed, typed, electronic or other recorded matter of any type or nature, however produced or reproduced, including information recorded in paper, digital, analog, graphic, electronic or photographic form; writings; emails drawings; graphs; charts; photographs; telephone logs and records; electronic or computerized information, data or data compilations, term sheets; pitch books; financial records and books of account; journals; ledgers; audio recordings; videotapes; transcripts; memoranda; calendars; charts; invoices; appointment books; computer databases; PowerPoint presentations; CDs or DVDs; pamphlets, personnel files; correspondence; notes; bills and communications of any kind. A draft or non-identical copy is a separate document within the meaning of this term.

12. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

13. The term ""swap agreement" shall have the meaning ascribed to it in United States Bankruptcy Code § 101.

14. The terms "person" or "persons" shall mean any natural person or any business, legal or governmental entity or association.

15. The terms "you" and "your" refer to Barclays.

16. The terms "all" and "each" shall be construed as "all and each."

17. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be outside of its scope.

18. The use of the singular form of any word includes the plural and vice versa.

19. The term "including" shall mean "including, but not limited to."

## INSTRUCTIONS

1. Unless otherwise specified, the documents to be produced in response to this demand include all documents dated, created, sent or received or those in effect or concerning, any time on or after November 23, 1998.

2. Assertions of claims of privilege in connection with any document called for by this subpoena shall: (a) identify the nature of the privilege claimed (including work product) and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and (b) provide the following information (i) the type of document, e.g. letter or memorandum, (ii) the general subject matter of the document, (iii) the date of the document, and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document and, where not apparent, the relationship of the author, addressees and recipients to each other.

3. Assertions of claims of privilege in connection with any oral communication called for by this subpoena shall provide: (a) the name of the person making the communication and the names of the persons present when the communication was made and, where not

apparent, the relationship of the persons present to the person making the communication; (b) the date and place of the communication; and (c) the general subject matter of the communication.

4. All documents that respond to any part or clause of any document request in this subpoena shall be produced.

5. Produce all responsive documents and things in your possession, custody or control, or within the possession, custody or control of any person acting for you or on your behalf, including your accountants and attorneys.

6. If any document requested herein was at one time in existence, but has been lost, discarded or destroyed, identify that document and provide the following information by stating: (a) the date or approximate date the document was lost, discarded or destroyed; (b) the circumstances and manner in which the document was lost, discarded or destroyed; (c) the reason or reasons why the document was lost, discarded or destroyed; (d) the identity of the person(s) who lost discarded or destroyed the document; (e) a description of the document including, to the extent known, the type (_e.g._ letter or memorandum) subject matter, number of pages, authors, date and recipients of the document; and (f) the identity of all persons having knowledge of the contents of the document.

7. These requests shall be continuing, and supplemental responses shall be served in accordance with Federal Ruler of Civil Procedure 26(e).

## DOCUMENTS TO BE PRODUCED

1. All underwriting agreements to which Barclays is a party concerning Issuance of the Bonds.

2. All documents that relate to Barclays' assertion of any setoff right in connection with its payment obligations to Delphi pursuant to the Master Agreement, including all documents concerning the calculation of the amount of such alleged setoff claim.

3. Documents sufficient to show that Barclays Capital, Inc. is an indirect, wholly-owned subsidiary of Barclays.