UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481(RDD) |
| | ) | |
| | ) | Jointly Administered |
| | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

---

**FINAL ORDER UNDER 11 U.S.C. §§ 328 AND 1103 AUTHORIZING EMPLOYMENT AND RETENTION OF JEFFERIES & COMPANY, INC. AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Upon the amended application, dated February 17, 2006 (the "Application"), of the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "Committee") for entry of a final order under 11 U.S.C. §§ 328(a) and 1103 and Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") authorizing the employment and retention of Jefferies & Company, Inc. ("Jefferies") as investment banker to the Committee; and upon the Affidavit of William Q. Derrough, a Managing Director of Jefferies, sworn to February 17, 2006; and upon the record of the hearing held before this Court upon the Application; and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates and creditors; and the Court being satisfied that Jefferies does not represent any entity, other than the Committee, having an adverse interest in connection with these cases; and the Court being satisfied that the terms of compensation being sought by Jefferies as set forth in the Engagement Letter attached as Exhibit A to the Order approving Jefferies' retention on an interim Basis (the "Engagement Letter") are

reasonable; and it appearing that proper and adequate notice of the Application and the terms of the Engagement Letter has been given and that no further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGES AND DECREED THAT**:

1. The Application is GRANTED on a final basis.

2. The Committee is authorized to employ and retain Jefferies, as of October 18, 2005, as its investment banker, on a final basis to perform the services described in the Application pursuant to the terms set forth in the Engagement Letter.

3. Jefferies shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in 11 U.S.C. §§ 330 and 331, any applicable Bankruptcy Rules, the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York ("Local Rules"), the fee and expense guidelines established by the United States Trustee, and all orders of this Court; provided, however, that Jefferies and its professionals shall only be required to maintain contemporaneous time records for services rendered postpetition in one-hour increments.

4. Subject to the following paragraph, the compensation and reimbursement of expenses to Jefferies shall be in accordance with the terms of the Engagement Letter, which, except as set forth in the next decretal paragraph, shall not hereafter be subject to challenge except under the standards of review under 11 U.S.C. § 328(a).

5. Notwithstanding the preceding decretal paragraph, the United States Trustee shall retain the right to object to Jefferies' fee applications (including expense reimbursement) in respect of fees and expenses accrued during Jefferies' retention on all

grounds, including, but not limited to, the reasonableness standards provided for in 11 U.S.C. § 330.

6. All requests of Jefferies for payment of indemnity, contribution or otherwise pursuant to the indemnification provisions of the Engagement Letter shall be made by means of an interim and final fee application and shall be subject to the review of this Court.

7. In no event shall an Indemnified Person (as defined in the Engagement Letter) be indemnified or receive contribution or other payment under the indemnification provisions of the Engagement Letter if the Debtors, their estates, or the Committee assert a claim for, and the Court determines by final order that such claim arose out of, bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person.

8. In the event an Indemnified Person seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Jefferies' own interim and final fee applications, and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of this Court under the standards of 11 U.S.C. § 330 without regard to whether such attorney has been retained under 11 U.S.C. § 330.

9. To the extent that any term of this Final Order is inconsistent with the Engagement Letter, such term of this Final Order shall govern.

10. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

11. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Date: New York, New York
      June 19, 2006

                                                               /s/Robert D. Drain
                                                               UNITED STATES BANKRUPTCY JUDGE