Hearing Date and Time:    June 29, 2006 @ 10:00 a.m.
Objection Deadline:    June 27, 2006 @ 4:00 p.m.

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
Glenn M. Kurtz (GK-6272)
Gerard Uzzi (GU-2297)
Douglas P. Baumstein (DB-1948)

Wachovia Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Thomas E Lauria (Admitted *Pro Hac Vice*)
Frank L. Eaton (FE-1522)
Ileana A. Cruz

ATTORNEYS FOR APPALOOSA
MANAGEMENT L.P., WEXFORD CAPITAL LLC,
LAMPE CONWAY & CO., LLC, HARBINGER CAPITAL
PARTNERS, LLC AND MARATHON ASSET MANAGEMENT LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| Delphi Corporation, <u>et</u> <u>al.</u> | Case No. 05-44481 (RDD) |
| Debtors. | Jointly Administered |

**PRELIMINARY OBJECTION OF THE AD HOC EQUITY COMMITTEE TO THE DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. § 363(b) AND FED. R. BANKR. P. 6004 APPROVING (i) SUPPLEMENT TO UAW SPECIAL ATTRITION PROGRAM AND (ii) IUE-CWA SPECIAL ATTRITION PROGRAM**

TO:    THE HONORABLE JUDGE ROBERT D. DRAIN,
       UNITED STATES BANKRUPTCY JUDGE

Appaloosa Management L.P., with and through certain of its affiliates

(collectively, "Appaloosa"), Wexford Capital LLC, with and through certain of its affiliates

(collectively, "Wexford"), Lampe Conway & Co., LLC, with and through certain of its affiliates (collectively, "Lampe"), Harbinger Capital Partners LLC, with and through certain of its affiliates (collectively, "Harbinger"), and Marathon Asset Management LLC, with and through certain of its affiliates (collectively, "Marathon," and together with Appaloosa, Wexford, Lampe and Harbinger, each a "Shareholder" and collectively, the "Ad Hoc Equity Committee"),[1] by and through their undersigned counsel, hereby file this objection (the "Objection") to the Motion for an Order under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving (i) Supplement to UAW Special Attrition Program, and (ii) IUE-CWA Special Attrition Program [Docket No. 4269] (the "Motion") of Delphi Corporation ("Delphi") and its affiliated debtors (collectively, with Delphi, the "Debtors"), and in opposition to the Motion, respectfully states as follows:

## PRELIMINARY STATEMENT

1.      The Debtors have taken the position that they will not respond to discovery requests unless the party seeking discovery has filed an objection in response to one of the Debtors' motions. As noted before, the Ad Hoc Equity Committee believes such position is a delay tactic that results in needless expense to the Debtors' estates and to the parties in interest. Nevertheless, and without waiving any rights to supplement this Preliminary Objection upon receipt of discovery, the Ad Hoc Equity Committee submits the following preliminary objection.

## BACKGROUND

2.      On June 19, 2006, Debtors filed the Motion seeking entry of an order approving a supplement to the UAW Special Attrition Program and an IUE-CWA Special Attrition Program (the "New Attrition Programs") pursuant to which the Debtors propose offer early and pre-retirement incentives to their union-represented employees. Such incentives

---

[1]      The Ad Hoc Equity Committee represents approximately 21% of Delphi's issued and outstanding shares.

include, *inter alia*, an offer of $70,000 to workers with less than 10 years service and $140,000 to workers with 10 years of service or more to voluntarily attrit from Delphi, and an offer to workers who were hired under the "Supplemental New Hire Agreement" before March 22, 2006, an amount "prorated to $40,000" if they voluntarily attrit.  Such payments would be split evenly between the Debtors and General Motors Corporation ("GM").  The New Attrition Programs are contingent upon granting GM an allowed prepetition claim in an amount equal to the payments it makes under the New Attrition Programs, which number has not been quantified.  The Court has set an objection deadline of June 27, 2006 and scheduled a hearing on the Motion for June 29, 2006.

    3.  This Preliminary Objection is filed for the purpose of triggering discovery rights under the Bankruptcy Rules, which will have to be exercised on an expedited basis to accommodate the Debtors' expedited timeline.

    4.  In filing this Preliminary Objection, the Ad Hoc Equity Committee is hopeful that its concerns can be resolved amicably once it has become reasonably well-informed of the critical matters raised by the Motion.  Nevertheless, the Ad Hoc Equity Committee reserves its right to amend its objections or assert additional objections and expand upon those set forth below.

## PRELIMINARY OBJECTION

    5.  Based upon the limited facts and analysis presented in the Motion, it should be denied because the Debtors have not demonstrated that the New Attrition Programs are in the best interest of the estate of any of the Debtors, or that the decision to enter into the New Attrition Programs is protected by the business judgment rule.  See In re Adelphia Commc'ns Corp., 2003 WL 22316543, *30 (Bankr. S.D.N.Y. 2003) citing Smith v. Van Gorkom, 488 A.2d

858, 872 (Del. 1985).  The Debtors' conclusory statements that the New Attrition Programs will have a positive impact on Delphi's cash flow does not constitute the type of thorough and comprehensive analysis that the Debtors' stakeholders require to assess the impact of the New Attrition Programs on all or any of the Debtors.

      6.     The Debtors have provided no information to allow their stakeholders to assess the benefits and detriments of the New Attrition Programs and whether they are in the best interests of all or any of the Debtors' estates.  Additionally, the Debtors have failed to provide any financial information to permit stakeholders to determine whether the New Attrition Programs will have a positive or negative economic impact on all or any of the Debtors and their estates.   The Ad Hoc Equity Committee is particularly concerned that the cost to Delphi, both in terms of its cash expenditures and in potentially allowed claims to GM, exceeds the benefits to be gained and may be excessive in light of the legal obligations Delphi owes to its employees.  Such concern extends to the fact that the New Attrition Programs are not part of a resolution of Delphi's larger labor issues, thus potentially costing the estate billions of dollars while still leaving Delphi subject to the possibility of a crippling strike.

      7.     In addition, there is no recognition in the Motion that Delphi may be incurring new obligations on account of insolvent Debtor subsidiaries, and that such new obligations may be incurred for no value to Delphi if the incurred liability is in favor of any insolvent subsidiary.

      8.     Without additional information regarding the anticipated financial and economic impact on all or any of the Debtors, it is impossible for any of the Debtors' stakeholders to assess the detriments and benefits of the New Attrition Programs.  Accordingly,

the Debtors have not established that the New Attrition Programs are in the best interests of the Debtors' estates and stakeholders.

9. The Motion was filed on shortened notice, i.e., on less than twenty days notice. However, in the Motion, the Debtors have demonstrated no exigent circumstances that would necessitate having such a critical and important matter heard on such short notice before parties in interest, including the Ad Hoc Equity Committee, can conduct discovery. Accordingly, the Ad Hoc Equity Committee reserves its right to seek an adjournment of the hearing in order to conduct appropriate discovery.

10. The Ad Hoc Equity Committee reserves its right to supplement this Preliminary Objection.

## CONCLUSION

11.     For the reasons set forth herein, the Ad Hoc Equity Committee respectfully requests the Motion be denied.

Dated:   June 20, 2006
         Miami, Florida

                           WHITE & CASE LLP
                           Glenn M. Kurtz (GK-6272)
                           Gerard Uzzi (GU-2297)
                           Douglas P. Baumstein (DB-1948)
                           1155 Avenue of the Americas
                           New York, New York 10036-2787
                           (212) 819-8200

                           Thomas E Lauria (Admitted *Pro Hac Vice*)
                           Frank L. Eaton (FE-1522)
                           Ileana A. Cruz
                           Wachovia Financial Center
                           200 South Biscayne Boulevard
                           Miami, Florida 33131
                           (305) 371-2700

                           By:   /s/ Frank L. Eaton
                                Frank L. Eaton

                           ATTORNEYS FOR APPALOOSA
                           MANAGEMENT L.P., WEXFORD CAPITAL
                           LLC, LAMPE CONWAY & CO., LLC,
                           HARBINGER CAPITAL PARTNERS, LLC AND
                           MARATHON ASSET MANAGEMENT LLC