Lafonza Earl Washington
7010 Cranwood Drive
Flint, MI  48505
Tel:  810.787.3150
Cell:  810.922.0308


June 4, 2006


TO:   Clerk of the Court
      United States Bankruptcy Court
      Southern District of New York
      Kathleen Farrell-Willoughby or
      current clerk
      One Bowling Green
      New York, N.Y.  10004

           - and -

      United States Department of Justice
      Alberto Gonzalez, U.S. Attorney General
      950 Pennsylvania Avenue, N.W.
      Washington, D.C.  20530-0001

           - and -

      Treasurer of the United States
      Anna Escobedo Cabral
      1500 Pennsylvania Avenue, N.W.
      Washington, D.C.  20220

           - and -

      National Labor Relations Board
      Robert J. Battista, Chairman of the Board
      1099 14th Street, N.W.
      Washington, D.C.  20570-0001

           - and -

      United States Secretary of Labor
      Elaine Chao
      200 Constitution Avenue, N.W.
      Washington, D.C.  20210

           - and -

      United States Secretary of Health & Human Services
      Michael O. Leavitt
      200 Independence Avenue, S.W., Room 615F
      Washington, D.C.  20201

           - and -



Department of the Treasury
Judgment Fund Section
Financial Management Service
3700 East-West Highway, Room 6F03
Hyattsville, MD  20782


         Re:  In re Delphi Corporation et al, Debtors
              Case No. 05-44481 (RDD)


Greetings Clerk, Federal Officers and Office:

    Enclosed you will find:

    1.  Ex Parte Application Filed By Judgment/Order
        Creditor and "Plaintiff" Lafonza Earl Washington
        seeking Preliminary, Mandatory and Permanent
        Injunctions Without Notice Against "Defendants",
        the United States Attorney General Alberto
        Gonzalez, Clerk of the Above-Named Court
        Kathleen Farrell-Willoughby, Treasurer of the
        United States Anna Escobedo Cabral, the U.S.
        Department of the Treasury - Judgment Fund
        Section - Financial Management Service, the
        National Labor Relations Board Chairman
        Robert J. Battista, the United States
        Secretary of Labor Elaine Chao and the United
        States Secretary of Health and Human Services
        Michael O. Leavitt, "DELAY" In Issuing the
        Injunction "IS" Causing "7" Years Continuous
        and Repeated Human Rights, Personal Rights,
        Property Rights As Well As Any/All Other
        Citizenship Rights Etc., Irreparable Injuries
        Prohibited By Federally Guaranteed Protections,
        Being Directly Caused By Prohibited Corporate
        Acts That Are "ENTIRELY" Without Authority and
        "EQUITY" Always Enjoins Such Acts.

    2.  Proof of Service.

    Please file according to recording duties legally owed pursuant
to the Federal Rules of Bankruptcy Procedure, Rule 5005 (a) (1).
Thank you.


                        In Truth, Justice & Peace,

                        _Earl Washington_
                        Earl Washington

# 226 FMS Form 194 -- Judgment Fund Payment Request

FMS Form 194
Department of the Treasury

**AUTHORIZED FOR LOCAL REPRODUCTION**

# FMS

**Judgment Fund
Payment Request
(Litigative Award)**

| FOR FMS USE ONLY: Z- | *General Instruction*: Use this form to transmit to FMS a request to certify a litigative award against the United States for payment from the Judgment Fund, under 31 U.S.C. § 1304. |
| --- | --- |

Date: _June 4, 2006_

Judgment Fund Section
Financial Management Service
Department of the Treasury
Room 6F03
3700 East-West Highway
Hyattsville, Maryland 20782
(Telephone: (202) 874-6664)

Matter of: _In re Delphi Corp., et al, debtors_
_Claim No.'s 257; 264; 288; and 297_

Dear Sir or Madam:

I am the authorized representative of the United States in the captioned matter. As described in the enclosed documentation, I certify all of the pertinent criteria required by law for the approval of the claim(s) has been satisfied. I believe the award made in the enclosed judgment or settlement is payable by the United States. The United States will seek no further judicial review of this award, and I have obtained all approvals necessary for its referral for payment.

I believe that this award qualifies for payment pursuant to 31 U.S.C. § 1304. Accordingly, I request that you certify this award for payment from the Judgment Fund established by that law. Enclosed are completed copies of FMS Form 196: Judgment Fund Award Data Sheet; FMS Form 197 or FMS Form 197A: Voucher for Payment; the judgment or settlement agreement; and any other enclosures required by FMS regulations. Unless payment by electronic funds transfer is indicated on FMS Form 196, please have the check sent to the agency contact shown in item 5(c) of FMS Form 196.

_____
Signature

_____
Name (printed or typed)

_____
Title and Agency

Enclosures: FMS Form 196, FMS Form 197 or 197A, and FMS Form 198.

# Judgment Fund Award Data Sheet

| ITEMIZATION OF AMOUNT PAYABLE FROM THE JUDGMENT FUND | AMOUNT TO BE PAID | CITATION TO LEGAL AUTHORITY |
|---|---|---|
| 1. Principal | $120,000,000.00 | Title:31 USC §§ 1304(a)(1); 1305(2),(3) and (5);1512-1515; Title:11 USC § 502(a); Fed.R.of Bankr.P.2019(b)(2), 3001(f); 3003(c)(4) etc. |
| 2. Attorney Fees | N/A | |
| 3. Costs | $30,000,000.00 plus for "30" years | Title:31 USC §§ 1304(a); 1305(2); 1512-1515; Title 11 USC § 502(a) etc. |
| 4. Interest | $157,500,000.00 * 15% APR | Id. |
| Starting and Ending Dates for Interest Accrual | Start Date 9/6/1999 | End Date when paid in full |
| 5. Total Amount Payable from the Judgment Fund | $307,500,000.00 | |

| COMPLETE ONLY IF DEDUCTIONS ARE TO BE MADE FROM THE AMOUNT PAYABLE FROM THE JUDGMENT FUND * | | |
|---|---|---|
| 6. Agency Name and Agency Location Code (ALC) to Receive Offset | Amount to be Deducted | Reason(s) for Deduction(s) and Entity to Receive Deduction(s) |
| | a. | |
| | b. | |
| | c. | |
| 7. Total Amount to be Deducted | | |
| 8. Net Amount Payable to Claimant | | |

If amount for fees, costs, or interest was included in the principal amount (stated on line 1) as part of a "lump sum award," enter "INCLUDED ABOVE" on lines 2 through 4.  Enter "NONE" for any of those items (principal, fees, costs, or interest) for which no amount was awarded/included.

1. Enter the principal amount payable (excluding attorney fees, costs, and interest) and cite the legal authority for that award (for instance, "FTCA, 28 U.S.C. 2672"or "5th Amendment Taking").
2. Enter attorney fees payable (if any) and cite legal authority for that award [for instance, "Freedom of Information Act, 5 U.S.C. 552(a)(4)(E)"].
3. Enter the costs payable (if any) and cite legal authority for that award [for instance, " 28 U.S.C. 2412(a)"].
4. If the interest was calculated by the submitting agency, enter the total amount and cite the legal authority for that award [for instance, "Back Pay Act, 5 U.S.C. 5596(b)(2)"].  If the Judgment Fund is to calculate the interest, list only the dates that interest accrual starts.
5. Total amounts shown in lines 1 through 4 and enter.
6. Enter any deductions specified in the judgment or settlement agreement, or debts to be setoff under 31 U.S.C. 3728. Indicate the reason for the deduction (for instance, "FTCA withholding" or "debt setoff pursuant to 31 U.S.C. 3728") and the payee agency's name and ALC.  If this deduction is a "debt setoff" pursuant to 31 U.S.C. 3728, you must attach a copy of the judgment or the plaintiff's agreement to the debt setoff. Otherwise, FMS must seek the claimant's consent to the setoff and may only withhold from payment an amount sufficient to pay the debt plus the costs of litigation.  Litigation will be required to effect the setoff if there is no judgment of debt or if the claimant declines consent to the setoff.  If there are more than three deductions, attach additional copies of this form.  If there are no deductions, enter "NONE."
   **\* Administrative debts that have been certified to the Secretary of the Treasury through the Treasury Offset Program will be setoff automatically.**
7. Total amounts shown in all columns of line 6 (a, b and c) and enter.
8. Subtract the amount in line 7 from that in line 5. If greater than zero, enter the difference. If the difference is zero or less, enter "NONE."

# Judgment Fund Voucher for Payment

1. **Total Amount:** $307,500,000.00

2. **Submitting Agency Contact Name:** Alberto Gonzalez
   Telephone Number: 202 - 353- 4641

3. **Electronic Funds Transfer (EFT) Information:**
   a) Payee Account Name: Lafonza Earl Washington
   b) American Banking Association (ABA) Routing Number (9 digits): 07 20003 26
   c) Payee Account Number: 721357689
   d) Checking: ☒ Savings: ☐
   e) Financial Institution Name, City, State: JPMorgan Chase Bank, N.A.  Flint, Michigan

4. **Interagency Payment System Information:**
   a) Agency Name: _____
   b) Agency Location Code (ALC ) Number (8 digits): _____
   c) Standard General Ledger (SGL) Number (4 digits): _____
   d) Treasury Account Symbol (TAS) _____

5. **Mailing Address for Check:** *(Payee name not to exceed 32 characters.)*   N/A
   a) Payee Name: _____
   b) Payee Name: _____
   c) Address Line 1: _____
   d) Address Line 2: _____
   e) City: _____ State: _____ Zip Code: _____

6. **Taxpayer Identification Number (s):**
   a) 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 _____ b) _____

7. **Reimbursement Information for Contract Disputes Act, No FEAR Act and Firefighters Fund:** N/A
   a) Agency Name: _____
   b) Contact Name: _____
   c) Contract Number (CDA cases): _____
   d) Telephone Number: _____-_____-_____
   e) Address: _____
   f) City: _____ State: _____ Zip Code: _____

8. **If payment will be made in a Foreign Currency, please provide the following information:** N/A
   Country: _____ Currency: _____

9. **FOR USE BY JUDGMENT FUND BRANCH ONLY:**
   Z Number: _____ J/D Number: _____ GLOWS Code/Agency: _____

   Claim Analyst *Signature and Date*          Amount to Pay        Appropriation Code

   Claims Reviewer *Initials and Date*

# Judgment Fund Transmittal

**Date:** June 4, 2006
Department of the Treasury
Financial Management Service
Judgment Fund Branch
3700 East-West Highway, Room 6E15
Hyattsville, Maryland 20782
Telephone: (202) 874-6664

**Claimant/Plaintiff Name:** Lafonza Earl Washington

**Address:** 7010 Cranwood Drive  Flint, MI  48505

**Claimant/Plaintiff Counsel's Name:** N/A

Telephone Number: ___ ___ ___ - ___ ___ - ___ ___ ___ ___

**Name of Agency Subject to Claim:** Department of Justice & Attorney General

E-mail Address (required for electronic payment confirmation): _____

Telephone Number: ___ ___ ___ - ___ ___ ___ - ___ ___ ___ ___

**Brief Description of Facts Giving Rise to Claim:** (see attachment)

_____

## Check One If Applicable:

❑ Contract Disputes Act          ❑ No FEAR Act          ❑ Firefighters Fund

Dear Sir or Madam:

I am an authorized representative of the United States in the above captioned matter. As described in the enclosed documentation, I certify that all pertinent criteria required by law for the approval of this claim have been satisfied. If an administrative claim, the settlement was made with the United States in this matter and any portions of the agreement required to be paid from the agency funds will be or have been paid from those funds. If a litigative claim, the award made in the enclosed judgment or settlement is payable by the United States and any portions of the award required to be paid from other parties or sources will be or have been paid from those parties or sources. The United States will not seek further judicial review of this award and I have obtained all approvals necessary for its referral for payment.

I believe that this award qualifies for payment pursuant to 31 U.S.C. § 1304. Accordingly, I request that you certify this award for payment from the Judgment Fund established by that law. Enclosed are completed copies of **FMS 196**: *Judgment Fund Award Data Sheet*; **FMS Form 197**: *Judgment Fund Voucher for Payment*; the judgment or settlement agreement; and any other enclosures required by FMS. Unless payment by electronic funds transfer is indicated, please have the check sent to the check address provided on **FMS Form 197**.

_____
Submitting Agency Authorized Signature

_____
Name and Title (*print or type*)

_____
Submitting Agency E-mail Address (*required for electronic payment confirmation*)

_____
Agency File Number

_____
Street Address

_____
City, State and Zip Code

**General Instructions:** Use this form, FMS 194, to transmit a request to certify an administrative or litigative award against the United States for payment from the Judgment Fund under 31 U.S.C. § 1304.
**Enclosures: FMS Form 196** and **FMS Form 197.** *Incomplete submissions will be returned to the submitter without action.*

**FMS** FORM 11-03 **194** (PREVIOUS EDITIONS ARE OBSOLETE)

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE

JUDGMENT FUND TRANSMITTAL (Attachment)

Brief Dexcription of Facts Giving Rise to Claim:

"100%" deprivations of "ANY/ALL" employment related accumulated compensations, benefits to survive or live on for "7" years and continuing, bankruptcy frauds, bank frauds, extortions under color of law to seize "Nonforfeitable", "Vested", Retirement benefits, human rights denials to buy food, clothes, homestead, transportation, medical care, enjoyments of life etc., yet legally owed after "7" years but "NOT" paid even after "33" years service!

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------x
                                    :
  IN RE                             :   CHAPTER 11
                                    :
  DELPHI CORPORATION et al.,        :   CASE NO. 05-44481 (RDD)
                                    :
                 Debtors.           :   (JOINTLY ADMINISTERED)
                                    :
------------------------------------x
```

EX PARTE APPLICATION
FILED BY JUDGMENT/ORDER CREDITOR AND "PLAINTIFF"
LAFONZA EARL WASHINGTON SEEKING PRELIMINARY,
MANDATORY AND PERMANENT INJUNCTIONS WITHOUT NOTICE
AGAINST "DEFENDANTS", THE UNITED STATES ATTORNEY
GENERAL ALBERTO GONZALEZ, CLERK OF THE ABOVE-NAMED
COURT KATHLEEN FARRELL-WILLOUGHBY, TREASURER OF
THE UNITED STATES ANNA ESCOBEDO CABRAL, THE U.S.
DEPARTMENT OF THE TREASURY-JUDGMENT FUND SECTION-
FINANCIAL MANAGEMENT SERVICE, THE NATIONAL LABOR
RELATIONS BOARD CHAIRMAN ROBERT J. BATTISTA, THE
UNITED STATES SECRETARY OF LABOR ELAINE CHAO AND
THE UNITED STATES SECRETARY OF HEALTH AND HUMAN
SERVICES MICHAEL O. LEAVITT, "DELAY" IN ISSUING
THE INJUNCTION "IS" CAUSING "7" YEARS CONTINUOUS
AND REPEATED HUMAN RIGHTS, PERSONAL RIGHTS,
PROPERTY RIGHTS AS WELL AS ANY/ALL OTHER CITIZEN-
SHIP RIGHTS ETC., IRREPARABLE INJURIES PROHIBITED
BY FEDERALLY GUARANTEED PROTECTIONS BEING
DIRECTLY CAUSED BY PROHIBITED CORPORATE ACTS THAT
ARE "ENTIRELY" WITHOUT AUTHORITY AND "EQUITY"
ALWAYS ENJOINS SUCH ACTS

TO:  The Clerk of the United States Bankruptcy Court
     for the Southern District of New York Kathleen
     Farrell-Willoughby or current clerk;

                  - and -

     The United States Attorney General
     Alberto Gonzalez;

                  - and -

     The Treasurer of the United States
     Anna Escobedo Cabral, in "JOINDER" with
     The Department of the Treasury
     Judgment Fund Section
     Financial Management Service



- and -

The National Labor Relations Board
Robert J. Battista, Chairman

- and -

The United States Secretary of Labor
Elaine Chao

- and -

The U.S. Secretary of Health and Human Services
Michael O. Leavitt


I

Lafonza Earl Washington the Judgment/Order Creditor and Plaintiff herein this demand for statutory Ex Parte Application issuance without delay, is now and at all times mentioned was a resident of the City of Flint, County of Genesee, State of Michigan.


II

Defendant, Kathleen Farrell-Willoughby is or was the Clerk of the United States Bankruptcy Court for Southern District of New York, located at One Bowling Green, New York, New York, 10004-1408.


III

Defendant, Alberto Gonzalez is the Attorney General of the United States and head executive of the United States Department of Justice headquartered in the District of Columbia in Washington, D.C.


IV

Defendant, Anna Escobedo Cabral is the Treasurer of the United States Treasury headquartered in the District of Columbia in Washington, D.C.

V

Defendant, Department of the Treasury – Judgment Fund Section – Financial Management Service is a final payment executive agency located in Hyattsville, Maryland.

VI

Defendant, Robert J. Battista is the Chairman of the National Labor Relations Board located in the District of Columbia in Washington, D.C.

VII

Defendant, Elaine Chao is the U.S. Secretary of Labor located in the District of Columbia in Washington, D.C.

VIII

Defendant, Michael O. Leavitt is the U.S. Secretary of Health and Human Services located in the District of Columbia in Washington, D.C.

IX

That if the above-named Plaintiff and Judgment/Order Creditor be required to give (each) above-named Defendant Notice of this Ex Parte Application for Preliminary, Mandatory, and Permanent Injunctions it would cause a delay in issuance of the injunctions of one (1) to five (5) days, and by reason of this delay, Mr. Washington and family will suffer deliberate "HUMAN RIGHTS", "PERSONAL RIGHTS", "PROPERTY RIGHTS", "CITIZENSHIP RIGHTS", violations..., causing "7" years of repeated and continuous irreparable damages for the reasons that:

1.  The monopoly and combinations of monopolies controlled or operated under the guiles or artful deceptions and duplicities of

the General Motors Corporation, the Delphi Corporation et al, names,
are illegally seizing "ANY/ALL" rights, titles, interests, posses-
sions, occupancies, etc., to "ANY/ALL" real and personal properties
accumulated as the fruits of labor since legal hire-in to GM on
June 13, 1973, depriving Mr. Washington of 100% of the "INHERENT"
natural rights to provide the necessities of money, credit, food,
clothes, transportation, health care, benefits of retirement compen-
sations, pension compensations, automatic and statutory worker's
compensations, including damages for intentional torts as well as
demanded Redemption Agreement, plant closing distributions, et al.

2.   The GM, Delphi et al, monopolies and combinations of
monopolies are continuously causing irreparable injuries against
Mr. Washington and family by their seditious and subversive
activities of overthrowing the bankruptcy laws of the United States
in this U.S. Bankruptcy Court for the Southern District of New York
which had "NO" territorial jurisdiction over the Oakland County,
Michigan, headquartered Delphi Corporation; nor does the public
records evidence that an affiliates of Delphi Corp., had any case
pending on October 8, 2005, as frauded to attempt to justify the
New York court's prohibited jurisdiction.

3.   The GM,Delphi, International UAW et al, is conspiring and
colluding to overthrow the United States bankruptcy laws by "NOT"
paying Lafonza Earl Washington who filed a Proof of Claim on
October 28, 2005, nunc pro tunc or now for then against Delphi's
October 8, 2005, Voluntary Petition filing.

4.   According to Title 11 U.S.C. § 502 (a), the Delphi
Corporation was "BOUND" to pay the allowable claim that is valid

and is protected by law from being scheduled or being held up by any

vote for reorganization under the Federal Rules of Bankruptcy

Procedure, Rule 3001 (f) and 3003 (c) (4), yet "9" months after this

Court entered Orders for 'HUMAN CAPITAL OBLIGATIONS' and 'CASH

MANAGEMENT' payment of claims the Delphi, GM, International UAW et al,

are compounding the "7" previous years of illegally inflicting

deliberate human rights, etc., violations of seizing 100% of "ALL"

moneys and compensations since September of 1999 when GM wrongfully

attempted to force this employee to the Delphi Corp., without any

application having been made to transfer!

    5.  As retaliation for rightfully objecting to be forced to

transfer to Delphi, these corporate monopolies and combinations of

monopolies have caused 100% losses of "ALL" moneys, benefits,

compensations, credit with banks and credit unions to be deprived

and denied this "33" year employee whose wifeis also employed with

the Flint educational system for "20" plus years, yet, 100% of "ALL"

of this family's citizenship rights continues to be deprived since

the GM Buick City permanent plant closing.  Retirement was

deprived, as well as all other non-collective bargained compensa-

tions as part of the illegal retaliations.

    6.  GM, Delphi et al, offenses against the laws of the United

States against Mr. Washington and family caused illegal evictions

from the family's "EXEMPT" homestead on August 11, 2005, which had

been paid for "3-1/3" times during "15" years of the "30" year FHA

guaranteed mortgage "BOUND" by law to be cancelled under Title 12

USC §§ 1701 et seq., 1735 c (c) of the banks and banking require-

mnets under the National Housing Act; yet, since August 11, 2005,

the Washington family is forced by these monopolistic corporate

acts to remain "HOMELESS" and living from relative to relative's
house, inhumanely!

7.  Notwithstanding, that since Mr. Washington's legal hire-in
date with GM on June 13, 1973, more than "3,000,000" plus motor
vehicles and parts have been contributed to being produced, yet,
"NOT" one (1) time in "33" years has the monopolistic corporate
combination activities approved the financing of even one (1) motor
vehicle in Mr. Washington's "OWN" name and only "4" motor vehicles
have been financed in both husband and wife's name during this same
period of time.

8.  Lafonza Earl Washington and his legal wife of "26" years
Joan A. Washington, have a combined employment service of "65"
years in the same city of Flint, Michigan, yet, the monopolistic
combinations of GM, Delphi, the International UAW et al, have re-
peatedly and continuously seized 100% of "ALL" rights, titles,
interests, possession, ownership, holding, right to trade, buy or
sell "ANY/ALL" real and personal properties illegally without a
valid Court's Order, without just cause whatsoever that can be
evidenced and proved according to fact and law!

9.  Notwithstanding, that the human rights sufferings of
Mr. Washington and family are caused by GM's, Delphi's et al,
monopolistic corporate acts the rules of injunctions enjoining
only irreparable injuries has no application to corporate acts,
which are entirely without authority and for which there is no
adequate remedy at law.  Equity always enjoins such acts!

10.  As a public agency, the Department of Justice is authoriz-
ed to seek an injunction against the uncontested, nonobjected to

claims based on the above-cited injuries colluded in by the Delphi,
GM, International UAW et al, human rights hol ocaustic activities
against fellow citizens without just cause.  As an agency under the
Executive Branch of Government, Mr. Washington and family have the
legal standing to petition the Government for an immediate redress
of the grievances cited herein under Amendment One of the Bill of
Rights to the United States Constitution and the DOJ Agency.

11.   According to the Bankruptcy Reform Act of 1978 under Title
11 U.S.C. § 101 et seq., and the U.S. Attorney General's duty to
appoint U.S. Trustees and Assistant U.S.  Trustees under 28 U.S.C. §
586 or Sections 28 U.S.C. §§ 581-589, these injunctions are demanded
to be enforced against the United States Trustees for the Southern
District of New York the Manhattan Office, as well as Roberta
DeAngelis out of the Executive Office for the U.S. Trustees in
Washington, D.C. who obstructed justice, is engaging in the multi-
billion dollar bankruptcy and bank frauds with the corporations,
assertedly, by repeatedly "NOT" enforcing § 502 (a) nor the Fed.R. of
Bankr. P. Rules 3001 (f) nor 3003 (c) (4) nor the Federal judicial
districts territorial limitations that prohibited the Oakland
County, Michigan, headquartered corporation from forum shopping in
New York based on being "BOUND" to file its petition in the U.S.
Bankruptcy Court for the Eastern District of Michigan...See Title
11 U.S.C. § 101 et seq.; Title 28 U.S.C. §§ 581-589a.

12.   Lafonza Earl Washington and family have – BY THE GRACE OF
GOD – perse vered these "SEVEN" plus years of holocaustic,
inhumane seizings of 100% of United States Citizens economic and
financial entitlements being racketeered, extorted, and bankruptcy
and bank frauded, etc., involving "CONSTITUTIONAL QUESTIONS" of

"ALL" property and other rights caused to be lossed by monopolistic

corporate acts that is, assertedly, a sufficient showing of the

inadequacy of the prescribed administrative relief trusted to be

distributed by the bankruptcy court, bankruptcy judge, including the

U.S. Trustees office, etc.!

13.   Pursuant to Title 28 USCA § 509, the U.S. Attorney General

is vested with all functions of other officers, agencies, and

employees of the Department of Justice and is demanded to seek this

public interest, public policy authorized injunctive relief that

Judgment/Order Creditor Mr. Washington have specific remedies under.

14.   Plaintiff Washington, as well as the 113,000 hourly GM

employees and 24,000 Delphi hourly employees, are entitled to

injunctive relief against this court's manifest wrongs and injustices

of entering an Order for the Special Attrition Program (SAP) on

March 22, 2006, based on this foreign New York court consummating

GM's, Delphi's, the International UAW's et al, bankruptcy frauds and

bank frauds engagements of falsely pretending to be offering Mr.

Washington an immediate retirement package, yet, using the third-

party operations of Fidelity Investments to put 'FLAGS' or delays on

any prompt payment that has no set date whether 60 or 90 days or

even "6" months, illegally!

15.   This foreign New York bankruptcy Court does "NOT" have

jurisdiction over the Delphi Corp., nor the subject matter of the

SAP, yet, in 100% violations of Section 8 of the National Labor

Relations Act (NLRA) under Title 29 U.S.C. §§ 141-187, benefits that

have been accumulated since June 13, 1973, are being publicly

racketeered, extorted, frauded, etc., that are compounding the

"7" year losses of 100% of "ALL" moneys to live on, including the
SAP payment and the allowed valid claims that have "NOT" been paid
for "9" months which requires the interposition of the Government of
the duties vested in the Department of Justice to prevent continued
manifest wrongs and injustices based on this foreign court's condon-
ing the corporations bankruptcy frauds, bank frauds, gross wrongs
and oppressions against Plaintiff Washington and family.  See
GUGGENHEIM -V- WAHL, 203 N.Y. 390, 96 N.E. 726 (1911); E. B.
LATHAM & CO. -V- MAYFLOWER INDUSTRIES, 278 A.D. 90, 103 N.Y.S. 2d
279 (1st Dep't 1951) distinguished by AGHNIDES -V- AGHNIDES, 150
N.Y.S. 2d 371 (Sup. Ct. 1956).

16.  According to Orders resolved in other Federal matters, the
'PUBLIC OFFICIALS' whose duty it is to effectuate or carry out
'PUBLIC LAWS'or regulations "MUST BE" made defendants in any suit to
enjoin or command their enforcement.  See SKAGIT COUNTY -V- NORTHERN
PAC. RY. CO., 61 F.2d 638, 86 A.L.R. 1012 (C.C.A. 9th Cir. 1932).

17.  This Plaintiff agrees to dismiss any further actions for
damages, severally and separately, against each named "PUBLIC
OFFICIAL" named herein who has the constitutional duties of 'OATH'
and 'AFFIRMATION' of office to protect citizens such as the
Washingtons' against the well-known and publicized Delphi, GM,
International UAW et al, bankruptcy frauds, bank frauds, human right
to economically survive etc., violations used as color of law
activities to inflict slavery conditions on this family for "7"
plus years which are clearly evidenced offenses against the laws of
the United States, including the U.S. Constitution "BINDING" upon
the AG et al, to "PROSECUTE" and support the immediate redressings
of to Lafonza Earl Washington and family.

18.  Yet, the AG nor any of the other named executive agency officers has performed its office statutory, non-discretionary duties to enforce the criminal bankruptcy frauds, bank frauds etc., to avoid obstructing justice by the nonenforcement of these crimes as well as civil deprivations which are also offenses against laws of the United States and are asserted "PENAL FELONIES".

19.  According to Guaranteed Loan Agreements with JPMorgan Chase Bank, N.A., Citigroup USA Inc., and other lenders more than $6.5 billion in credit facilities and debtor-in-possession financing received on October 8, 2005, this Plaintiff's case was guaranteed to be paid, yet the 100% deprivations of "ALL" moneys to live on is continuing to be nondisbursed although repeated Applications have been presented to the court and clerk, Delphi, GM, the International UAW, etc.!

X

For all the reasons cited above and below, this Plaintiff has no adequate remedy at law, compounded by and if Defendants, Alberto Gonzalez the U.S. Attorney General, Kathleen Farrell-Willoughby Clerk of the U.S. Bankruptcy Court for the Southern District of New York, Anna Escobedo Cabral Treasurer of the United States, the Department of the Treasury - Judgment Fund Sections - Financial Management Service, the National Labor Relations Board Chairman Robert J. Battista, the U.S. Secretary of Labor Elaine Chao, and the U.S. Secretary of Health and Human Services Michael O. Leavitt is allowed to continue condoning such illegal appropriation delay that is discriminating against the disbursements of Lafonza Earl Washington's statutorily allowed valid payment of the claims that payment was first due on October 8, 2005, according to Delphi's petition requirements.  This Plaintiff is therefore restricted to this action for injunctive relief.

WHEREFORE, Plaintiff requests that:

1. The Court direct and command its Clerk to immediately disburse a total of $235,714,285.72 with interest computed thru May 4, 2006, at 15% APR,    under Fed.R. of Bankr.P. Rules 2019 (b) (2), 3001 (f), 3003 (c)(4), Title 11 U.S.C. § 502(a), Title 31 U.S.C. §§ 1512, 1515 (b) (1) (B) etc.; or

2. The Court direct the U.S. Attorney General (AG) Alberto Gonzalez to obtain injunctive relief from the Court commanding the Clerk to immediately disburse a total of $235,714,285.73 with interest computed thru May 4, 2006, at 15% APR, pursuant to the AG's authority under 28 U.S.C.A. § 509, to exercise "VESTED" functions of other officers, agencies, and employees of the Department of Justice, including, the conducting of official matters that are prima facie without the need of investigation, time nor expense self-evidencing the United States Trustees negligence in performing statutory duties to enforce the cited bankruptcy laws according to 28 USCA §§ 533, 581-589 and with specificity § 586; or including Plaintiff's First Amendment Right to petition the Government for a redress of these just grievances; or

3. In the alternative, the U.S. Attorney General Alberto Gonzalez "CERTIFY" to the Judgment Fund Section, Financial Management Service of the Department of the Treasury the enclosed Forms 194 thru 197 for the immediate payment of the justly claimed $235,714,285.72 and redressing of the compounding of violations by this administrative agency of the New York bankruptcy court abusing its statutory Federal district jurisdiction limitations to consummate and condone the Oakland County, Michigan, headquartered Corporation of Delphi to accomplice the fraudulent filing of the bankruptcy petitions outlawed by Title 28 of the United States Code; or pursuant to Title 31 U.S.C. §

1304 (a) (1); § 1305(2), (3),(4) and (5); §§ 1512 and 1515(b)(1)(B) etc.

4.   In compliance with Title 31 U.S.C. §§ 1512 and 1515 (b) (1) (B)
an "EMERGENCY" appropriation disbursement of the $235,714,285.72 is
"DEMANDED" to be a necessity apportionment authorized to be immediately
paid by the AG involving:

(i)   The safety of the Washington family's "HUMAN LIVES" based on;

A.   The struggle and resistance to escape further slave labor and
involuntary servitude after "33" years of service, that is being retali-
ated against using increased and widespread "MURDER FOR HIRE CONTRACTS"
on Lafonza Earl Washington's life locally, statewide, in New York,
Detroit etc., where bankruptcy frauds and bank frauds proceedings are
being misrepresented and "PUBLISHED" by every media's broadcast or mass
distribution of news brainwashing hundreds of thousands of victimized
hourly employees and the "PUBLIC" all over this nation with the story of
a lawful Delphi bankruptcy story that on "ANY" factual and legal bases
are 100% illegal!

B.   Groups and individual "HIRED MURDERERS" are using the same
activities to threaten Lafonza Earl Washington openly in the City of
Flint and Genesee County every day!

C.   Every step the Washingtons' take we are being "STALKED" by
plainclothes individual(s) and uniform city, county or state police
engagement in drills of "RELAY BATON HAND-OFFS" used to follow these
citizens; the plainclothes operators uses the same game where the
driver is always in 100% cell phone conversation seeming to be
receiving instructions and the passenger side individual goes under
the seats to retrieve a weapon or firearm, opently!

D.   For "7" years and continuing 100% of "ALL" employment
related entitlements or moneys have been "FLAGGED" or seized without
due process depriving Plaintiff of deliberate economic and

financial stability causing direct conditions of "POVERTY" and

"ENSLAVEMENT" 100%, regardless of Plaintiff having served the

wealthiest motor vehicle manufacturer in the world for "33" years.

   E.  It is asserted that between July of 2004 and December of

2005, GM, Delphi, the UAW et al, monopolistic combinations seized 50%

to 60% of Plaintiff's wife earnings to compound the financial hard-

ships and disrespect for "HUMAN LIFE" of having enough money to

survive on especially "AFTER" satisfying every lawful requirement to

do so.

   F.  It is asserted that these corporations monopolistic

combinations violated Federal Housing Administration laws under the

National Housing Act of Title 12 U.S.C. §§ 1701 et seq., 1735c (c) et

seq., to illegally  have Plaintiff and family evicted from their

"EXEMPT" homestead purchased thru an FHA "30" year mortgage in

January of 1991, fifteen years ago!  Notwithstanding having paid the

purchase price "3-1/3" times, under color of law the corporations

monopolistic combinations evicted this family under the "FALSE

PRETENSES" that their "30 YEAR MORTGAGE" was a landlord tenant

lease!  Plaintiff's family remains "HOMELESS" since August 11, 2005,

while subsistance even healthcare and products for "FOUR LEGGED"

animals have increased!  or

   5.  Defendant, Elaine Chao the U.S. Secretary of Labor be

"directed" to authorize the "EMERGENCY" funds of $235,714,285.72

based on the cited safety of human life and the protection of these

citizens (Plaintiff and family) "INHERENT" Natural Rights to real

and personal property especially after Plaintiff and wife of twenty-

six years have a combined service and seniority of "65" years in

the City of Flint serving GM, Delphi, the Flint School District

etc., according to Title 31 U.S.C. §§ 1512, 1515 (b) (1) (B) etc.! or,


6.  Defendant, Robert J. Battista Chairman of the National Labor

Relations Board be "DIRECTED" to authorize the "EMERGENCY" funds of

$235,714,285.72 based on the cited safety of human life and the

protection of the Washington family's "INHERENT" natural rights as

human beings to hold and have real and personal property as a

permanent and inseparable right, pursuant to Title 31 U.S.C. §§ 1512,

1515 (b) (1) (B) etc.! or,


7.  Defendant, Michael O. Leavitt the U.S. Secretary of Health

and Human Services be "DIRECTED" to authorize the "EMERGENCY" funds

of $235,714,285.72 based on the cited safety of human lives and the

protection of the Washington family's "INHERENT" natural rights as

human beings to hold and to have real and personal property as a

permanent and inseparable right, pursuant to Title 31 U.S.C. §§

1512, 1515 (b) (1) (B) etc.! or,


8.  Defendant, Alberto Gonzalez the U.S. Attorney General be

"DIRECTED" to authorize the "EMERGENCY" funds of $235,714,285.72

based on the cited safety of human lives and the protection of the

Washington family's "INHERENT" natural rights as human beings to

hold and to have real and personal property as a permanent and

inseparable right especially "AFTER" satisfying every lawful

requirement to do so, pursuant to Title 31 U.S.C. §§ 1512, 1515 (b)

(1) (B) etc., Fed.R. of Bankr.P. Rules 2019 (b) (2), 3001 (f),

3003 (c) (4), Title 11 U.S.C. § 502 (a) etc.


9.  The Government be "DIRECTED" to make "PERMANENT INDEFINITE

APPROPRIATION" for the payment of the Judgment/Order that was

entered by the Court on October 8, 2005, for "HUMAN CAPITAL OBLIGA-
TIONS" and "CASH MANAGEMENT" repeatedly demanded by proper Applica-
tion, yet, payment of the claims illegally delayed, denied and
deprived - nunc pro tunc - or now for then, due to and caused
directly by the Government's neglect to protect Plaintiff's as well
as "137,000" hourly employees who are being violated similarly, but
"NOT" the "SAME" as Plaintiff and family's human rights are.

(i)  Pursuant to Title 31 U.S.C. § 1304 "PERMANENT INDEFINITE
APPROPRIATION" was/is "AVAILABLE" and Plaintiff's "DELAY" in receiv-
ing payment was and is continuing to be caused by the "GOVERNMENT'S"
unsuccessful performance of enforcements against prima facie bankruptcy
frauds, bank frauds, racketeerings, as well as other crimes and civil
violations redress and protection legally owed.  See 1980, 59 Comp.
Gen. 259.

(ii)  Plaintiff's unconstitutional and unstatutory "DELAY"
of payments are wrongfully being caused by the Governmental Agencies
named herein negligence in performing its office duties in the
Delphi proceeding that was/is "NOT" contested, contestable, objected
to or is objectionable, nor any grounds for a trial exist on the
merits that in turn outlaws any successful appeal rights by any
party with any legal standing based on the "ORDER FOR RELIEF" being
statutorily provided under Title 11 U.S.C. §§ 301, 502 (a) etc.

10.  Plaintiff has "NOT" received any valid "NOTICE" from the
executive branch that the legally owed funds have been impounded
and no political question for resolution by political branches of
government exists; release and disbursement of the claimed appro-
priated Federal funds is "justiciable" even under the "POLICE

POWER" of the state authorized by Amendment Ten of the Bill of

Rights to the U.S. Constitution and with specificity is "justiciable"

under Federal law.  See Title 31 U.S.C. § 1304 (a) (1); STATE OF

LA. -V- WEINBERGER, D.C. La, 1973, 369 F.Supp.856.

11.  These United States citizens suit to compel the executive

branch of the Federal Government to release "NON-IMPOUNDED" Federal

funds on the ground that such disbursements were specially required

by Congress which appropriated such funds for necessary amounts to

pay final judgments/orders, awards, compromise settlements, and

interest and costs specified in the judgments/orders or otherwise

authorized by law when – (1) payment is "NOT" otherwise provided for

etc., and according to law a citizen exercising citizenship rights

to petition the government for the redress of "EMERGENCY" grievances

involving the saving of the Washington family's human lives and

protection of the necessity of "EXEMPT" homestead property is "NOT"

barred by sovereign immunity.  See Title 31 U.S.C. § 1304 (a) (1);

STATE OF LA. -V- WEINBERGER supra.

12.  Plaintiff be awarded such further relief, at law or in

equity – which is recognized as one – that the court deems proper.

> "I DECLARE THAT THE STATEMENTS ABOVE ARE
> TRUE TO THE BEST OF MY INFORMATION,
> KNOWLEDGE, AND BELIEF."

BY: Lafonza Earl Washington
     Plaintiff & Judgment/Order Creditor

Date: June 4, 2006

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------x
                               :
IN RE                          :   CHAPTER 11
                               :
DELPHI CORPORATION et al.,     :   CASE NO. 05-44481 (RDD)
                               :
              Debtors.         :   (JOINTLY ADMINISTERED)
                               :
-------------------------------x
```

<u>PROOF OF SERVICE</u>

STATE OF MICHIGAN)
                 )
COUNTY OF GENESEE)


I, Lafonza Earl Washington deposes, states:

That on June 5, 2006, he did serve by United States Postal Service mail, postage prepaid, the below-identified documents upon the below-named persons:

1. Ex Parte Application Filed By Judgment/Order Creditor and "<u>Plaintiff</u>" Lafonza Earl Washington seeking Preliminary, Mandatory and Permanent Injunctions Without Notice Against "<u>Defendants</u>", the United States Attorney General Alberto Gonzalez, Clerk of the Above-Named Court Kathleen Farrell-Willoughby, Treasurer of the United States Anna Escobedo Cabral, the U.S. Department of the Treasury - Judgment Fund Section - Financial Management Service, the National Labor Relations Board Chairman Robert J. Battista, the United States Secretary of Labor Elaine Chao and the United States Secretary of Health and Human Services Michael O. Leavitt, "<u>DELAY</u>" In Issuing the Injunction "<u>IS</u>" Causing "<u>7</u>" Years Continuous and Repeated Human Rights, Personal Rights, Property Rights As Well As Any/All Other Citizenship Rights Etc., Irreparable Injuries Prohibited By Federally Guaranteed Protections, Being Directly Caused By Prohibited Corporate Acts That Are "<u>ENTIRELY</u>" Without Authority and "<u>EQUITY</u>" Always Enjoins Such Acts.

Please file according to Fed.R. of Bankruptcy P., Rule 5005 (a). Thank you.

BY: /s/ LaFonza Earl Washington
Judgment/Order Creditor


Mailed to:

Clerk of the Court
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, N.Y.  10004

UNITED STATES DEPARTMENT OF JUSTICE
Alberto Gonzalez
U.S. Attorney General
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001

TREASURER OF THE UNITED STATES
Anna Escobedo Cabral
1500 Pennsylvania Avenue, N.W.
Washington, D.C.  20220
Fax: 202.622.6415

NATIONAL LABOR RELATIONS BOARD
Robert J. Battista
Chairman of the Board
1099 14th Street, N.W.
Washington, D.C.  20570-0001
Tel: 1.866.667.6572

UNITED STATES SECRETARY OF LABOR
Elaine Chao
200 Constitution Avenue, N.W.
Washington, D.C.  20210
Tel: 1.866.487.2365

UNITED STATES SECRETARY OF HEALTH & HUMAN SERVICES
Michael O. Leavitt
200 Independence Avenue, S.W., Room 615F
Washington, D.C.  20201
Tel: 1.877.696.6775
Fax: 1.202.690.7203

DEPARTMENT OF THE TREASURY
JUDGMENT FUND SECTION
FINANCIAL MANAGEMENT SERVICE
3700 East-West highway, Room 6F03
Hyattsville, MD  20782
Tel: 1.202.874.6664

# Case Information

Below is pertinent case information regarding Delphi's chapter 11 filing.

| | |
|---|---|
| **Debtors** | Delphi Corp. |
| **Filing Date** | October 8, 2005 |
| **Case Number** | 05-44481 |
| **Where Filed** | United States Bankruptcy Court for the Southern District of New York |
| **Judge** | Robert D. Drain |
| **Court Filed Documents** | www.delphidocket.com |
| **Bankruptcy Court Website** | www.nysb.uscourts.gov |
| **DIP Financing** | $4.5 billion in credit facilities, including a new $2 billion debtor -in-possession (DIP) financing facility. |
| **Legal Advisors** | John Wm. Butler, Jr.<br>John K Lyons<br>Ron E. Meisler<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>333 West Wacker Drive<br>Chicago, Illinois 60606<br><br>Kayalyn A Marafioti<br>Thomas J. Matz<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, New York 10036 |
| **Notice and Claims Agent** | Kurtzman, Carson Consultants<br>12910 Culver Blvd., Suite 1<br>Los Angeles, California 90066<br>+1 310.823.9000 — www.delphidocket.com |
| **Reorganization Information Hotline** | U.S. +1 866.688.8740 — International: +1 248.812.2601 |
| **Supplier Hotline** | U.S. +1 866.688.8679 — International: +1 248.813.2602 |

# UNITED STATES BANKRUPTCY COURT

*SOUTHERN DISTRICT OF NEW YORK*
*ONE BOWLING GREEN*
*NEW YORK, NY 10004-1408*

KATHLEEN FARRELL-WILLOUGHBY
CLERK OF COURT
TELEPHONE: (212) 668-2870

December 13, 2005

Mr. LaFonza Earl Washington
7010 Cranwood Drive
Flint, MI 48505

  Re: Delphi Corporation - 05-44481(RDD)

Dear Mr. Washington:

  We are in receipt of four claims each in the amount of $30,000,000 and filed in the above-referenced bankruptcy matter. Each claim is recorded separately in the consolidated case and noted on the claims register as follows:

   Claim No. 257 filed on October 31, 2005 in Delphi Corporation
   Claim No. 264 filed on November 1, 2005 in Delphi Corporation
   Claim No. 288 filed on November 2, 2005 in Delphi Automotive Systems (Holding), Inc.
   Claim No. 297 filed on November 3, 2005 in Delphi Automotive Systems (Holding), Inc.

  As I explained to you telephonically today, I cannot issue an order to pay any of these claims. The decision whether to enter any orders in this case can be made only by the Bankruptcy Judge assigned to the case or the particular proceeding. If you would like to present a motion to the Judge to request relief, you must, pursuant to Local Rule of Bankruptcy Procedure 5070-1:

  "Unless the Court orders otherwise, prior to serving a motion, cross-motion, or application, the moving party or applicant shall obtain a return date from the assigned Judge's chambers."

Local Rule of Bankruptcy Procedure 9004-2(b) states:

  "The return date obtained under this rule shall be included in the upper right-hand corner of the caption of the motion or application."

  I have included a copy of this Court's Local Rule of Bankruptcy Procedure 9013-1 which addresses the requirements for filing a motion. Also enclosed is a copy of Local Bankruptcy Rule 9078-1, which addresses the need for a Certificate of Service. The motion or application must be served on all parties affected by the motion or application requesting relief.

Mr. LaFonza Earl Washington
Page 2 - December 13, 2005


      This letter and enclosures in no way constitutes all of the information needed to seek relief from the court.  If you require additional assistance, you may want to seek the advice of counsel. The Clerk's Office is prohibited from providing legal advice.

                Sincerely,

                Kathleen Farrell-Willoughby
                Clerk of Court

**U.S. Department of Justice**

Executive Office for United States Trustees

Office of the General Counsel

| | |
|---|---|
| 20 Massachusetts Avenue, NW, Suite 8100 | Voice - (202) 307-1399 |
| Washington, D.C.  20530 | Fax - (202) 307-2397 |

February 23, 2006

Lafonza Earl Washington
7010 Cranwood Drive
Flint, MI 48505

    Re: *In re Delphi Corporation*, Case No. 05-44481(RDD)

Dear Mr. Washington:

    This responds to your correspondence and telephone calls to the Office of General Counsel, Executive Office for United States Trustees concerning the bankruptcy case of the Delphi Corporation ("Debtor"). Based on your letter dated January 31, 2006, other correspondence you filed with the Bankruptcy Court for the Southern District of New York and representations made by you during telephone calls to this office, you appear to request that the United States Trustee Program expedite payment of a proof of claim you allege you have filed against the Debtor.

    The United States Trustee Program is the component of the Department of Justice responsible for supervising the administration of bankruptcy cases and private trustees under title 11 of the United States Code. In order to respond to your inquiry, we contacted the Office of the United States Trustee that is responsible for the administration of the Debtor's bankruptcy case and we reviewed your submissions, the docket, the claims register and a number of orders entered in the Debtor's case.

    Although you allege that you filed a proof of claim, our review of the claims register in the Debtor's case discloses no such claim filed on your behalf. A copy of the claims register is enclosed for your convenience. For questions about the procedures to be followed in filing a proof of claim, you may wish to consult with a personal attorney. As employees of the United States Department of Justice, we cannot provide legal advice to private citizens. We understand that you may feel frustration with the situation, in light of the effort you have expended in this bankruptcy proceeding. However, we regret that we can not assist you further.

    Sincerely,

Roberta DeAngelis
Acting General Counsel

Enclosure