UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
In re                                              :
                                                      Chapter 11 Case
Delphi Corporation                                    Case No. 05-44481 (RDD)
                                                      (Jointly Administered)
                                                   :
            Debtors.
                                                   :

---------------------------------------------------x

### NOTICE OF TRANSFER OF CLAIM
### PURSUANT TO FRBP RULE 3001(e)(2)

1.   TO:    **TEXAS INSTRUMENTS INCORPORATED ("Transferor")**
            12500 TI Blvd.
            MS 8686
            Dallas, TX 75243
            Attention: Charles R. Miller

2.   Please take notice of the transfer of $6,253,576.29 of your claim represented by the Proof of Claim a copy of which is attached hereto, together with all applicable interest, fees and expenses related thereto (the "Transferred Claim") to:

     **BEAR STEARNS INVESTMENT PRODUCTS INC. ("Transferee")**
     383 Madison Ave.
     New York, NY 10179
     Attention: Laura L. Torrado

3.   No action is required if you do not object to the transfer of the Transferred Claim as described above. **IF YOU OBJECT TO THE TRANSFER OF THE TRANSFERRED CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

     --    **FILE A WRITTEN OBJECTION TO THE TRANSFER with:**

            Clerk of the Court
            United States Bankruptcy Court
            Southern District of New York
            One Bowling Green
            New York. NY 10004

040-2878/COURT/773020.1

- - **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE**

- - Refer to **INTERNAL CONTROL NO.** ____ in your objection.

4.    If you file an objection, a hearing will be scheduled.  **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

_____
Clerk of the Court

**FOR CLERK'S OFFICE USE ONLY:**
This notice was mailed to the first named party, by first class mail, postage prepaid on _____ 2006.
INTERNAL CONTROL NO. _____
Copy Claims Agent:
Transferee:
Debtor's Attorney:

[ATTACH EVIDENCE OF TRANSFER]

## EVIDENCE OF TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, TEXAS INSTRUMENTS INCORPORATED ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to BEAR STEARNS INVESTMENT PRODUCTS INC. ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) in the amount of $6,253,576.29 (the "Claim") against Delphi Automotive Systems, L.L.C., et al. (the "Debtor"), Chapter 11 Case Nos. 05-44481 (Jointly Administered), United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing Claim, except to the extent limited by that certain Assignment of Claim of even date herewith, executed by and between the Assignor and the Assignee.

Assignor hereby waives any objection to the transfer of the Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing Claim and recognizing the Assignee as the sole owner and holder of the Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claim, and all payments or distributions of money or property in respect of Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS 21 day of ~~April~~ June 2006.

TEXAS INSTRUMENTS INCORPORATED

By: _____

Name: Charles R. Miller
Title: VP, Controller

040-2878/AGR/844063.1

APR-25-2006  16:04          BEAR STEARNS                              2122725446      P.03

BEAR STEARNS INVESTMENT PRODUCTS INC.

By: _____

Name: _____Jon Weiss_____
Title: _____Authorized signatory_____

TOTAL P.03

FORM B10 (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT __SOUTHERN__ DISTRICT OF __NEW YORK__ | PROOF OF CLAIM |
|---|---|
| Name of Debtor: **DELPHI AUTOMOTIVE SYSTEMS LLC**    Case Number: **05-44640 (RDD)** | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
**TEXAS INSTRUMENTS INCORPORATED and TEXAS INSTRUMENTS INCORPORATED S&C**

Name and address where notices should be sent:
Joseph J. Wielebinski, Esq.
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800
Dallas, TX 75201-6659
Telephone number: (214) 855-7500

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Last four digits of account or other number by which creditor identifies debtor:

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: _____

1. **Basis for Claim**
   - ■ Goods sold
   - ☐ Services performed
   - ☐ Money loaned
   - ☐ Personal injury/wrongful death
   - ☐ Taxes
   - ☐ Other _____
   - ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   - ☐ Wages, salaries, and compensation (fill out below)
     Last four digits of your SS #: _____
     Unpaid compensation for services performed
     from _____ to _____
     (date)        (date)

2. Date debt was incurred:

3. If court judgment, date obtained:

4. **Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $6,253,576.29
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.
**SEE ATTACHED STATEMENT OF CLAIM.**

**Unsecured Priority Claim**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.
Amount entitled to priority: $_____
Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

**Secured Claim**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other _____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

5. **Total Amount of Claim at Time Case Filed:**   $6,253,576.29    _____    _____    $6,253,576.29
   (unsecured)   (secured)   (priority)   (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

6. **Credits.** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

7. **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **SEE ATTACHED STATEMENT OF CLAIM.**

8. **Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date April 21, 2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): MUNSCH HARDT KOPF & HARR, P.C.<br><br>By: _____<br>Joseph J. Wielebinski, Esq., Attorney-in-Fact | THIS SPACE IS FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## STATEMENT OF CLAIM

Texas Instruments Incorporated and Texas Instruments Incorporated, S&C, the claimants herein (collectively, "TI" or "Claimant"), are creditors of Delphi Automotive Systems LLC, ("Delphi" or "Debtor"), by virtue of various agreements (the "Agreements").

As of October 8, 2005 (the "Petition Date"), the amount due and owing to TI by the Debtor for goods purchased totals $6,253,576.29. The invoices and other documentation evidencing the Debtor's pre-petition indebtedness to Claimant are voluminous and, therefore, not attached hereto, but will be made available for review upon written request to Claimant's attorneys.

TI timely asserted a Reclamation Demand on October 17, 2005, for the return of goods supplied to the Debtor by TI. By letter dated February 21, 2006, the Debtor tendered a Statement of Reclamation in response to TI's Reclamation Demand in accordance with orders issued by the Bankruptcy Court. In the Statement of Reclamation, the Debtor acknowledged a reclamation claim in the amount of $63,395.14. By letter dated April 20, 2006, the Debtor tendered an amended Statement of Reclamation that subsequently increased TI's reclamation claim amount to $64,270.14. TI has executed an attachment to the April 20, 2006 letter evidencing its acceptance of the $64,270.14 amount. If TI's acceptance of the Debtor's Statement of Reclamation is ultimately allowed, TI will reduce this Proof of Claim by the reclamation amount of $64,270.14 or such lesser amount as allowed and paid. If allowed, TI's Reclamation Claim is entitled to administrative claim status and priority.

TI is also entitled to late charges on the unpaid balance pursuant to the terms of the Agreements, plus attorneys' fees and costs as allowed by law.

By filing this Proof of Claim, TI does not waive and specifically reserves the right to request and recover an administrative claim pursuant to 11 U.S.C. § 503 in the Debtor's bankruptcy case for all amounts due post-petition.

All other offsets and deductions have been taken into consideration in making this Proof of Claim.

TI reserves the right to amend or supplement this Proof of Claim.

The filing of this Proof of Claim is not intended and should not be construed as a waiver or release of any legal claim for recovery of the debt evidenced by this Proof of Claim or any other debts owed by the Debtor to Claimant under any applicable theory of law or equity.

DALLAS 1135427_1    587.64 04/25/2006