UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
      In re                          :        Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                       Debtors.  :     (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 2002
AND 9014 APPROVING (I) BIDDING PROCEDURES,
(II) CERTAIN BID PROTECTIONS, (III) FORM AND MANNER OF
SALE NOTICES, AND (IV) SETTING OF A SALE HEARING

("MOBILEARIA BIDDING PROCEDURES ORDER")

Upon the motion, dated June 6, 2006 (the "Motion"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), for orders

pursuant to 11 U.S.C. §§ 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014

approving (i) the bidding procedures set forth herein and attached hereto as Exhibit 1 (the

"Bidding Procedures"), (ii) the granting of certain bid protections, (iii) the form and

manner of sale notices, and (iv) the setting of a sale hearing (the "Sale Hearing") and (b)

authorizing and approving (i) the sale (the "Sale") of certain of the Debtors' assets (the

"Acquired Assets") comprising substantially all of the assets of MobileAria, Inc.

("MobileAria") free and clear of liens, claims, and encumbrances to Wireless Matrix

USA, Inc. (the "Purchaser") pursuant to the Asset Sale and Purchase Agreement dated

June 6, 2006 by and between MobileAria and the Purchaser (the "Agreement")[1] or to the

---

[1]      Capitalized terms used but not otherwise defined herein shall have the meanings
ascribed to them in the Agreement.

Successful Bidder (as hereinafter defined) submitting a higher or otherwise better bid, (ii)

the assumption and assignment of certain prepetition executory contracts and unexpired

leases (the "Assumed Contracts") and the assignment of certain postpetition executory

contracts and unexpired leases (the "Postpetition Contracts," and collectively with the

Assumed Contracts, the "Assigned Contracts") to the Purchaser or the Successful Bidder,

and (iii) the assumption of certain liabilities (the "Assumed Liabilities") by the Purchaser

or the Successful Bidder; and the Court having reviewed the Motion and the Limited

Omnibus Objection Of The Official Committee Of Equity Security Holders In

Opposition To Debtors' (i) Settlement Procedures Motion, (ii) Lift Stay Motion, and (iii)

MobileAria Sale Motion (Docket No. 4215); and the Court having considered the

arguments of counsel at the hearing held on June 19, 2006 (the "Hearing"); and upon the

record of the Hearing; and after due deliberation thereon, and sufficient cause appearing

therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.      The Court has jurisdiction over this matter and over the property of

the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and

1334.

B.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),

(N), and (O).

C.      The relief requested in the Motion is in the best interests of

MobileAria, its estate, its creditors, and other parties-in-interest.

---

[2]      Findings of fact shall be construed as conclusions of law and conclusions of law
         shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P.
         7052.

        D.      The notice given by the Debtors of the Motion and the Hearing

constitutes due and sufficient notice thereof.

        E.      The Debtors have articulated good and sufficient reasons for

approving (i) the Bidding Procedures, (ii) the granting of certain bid protections as

provided in the Agreement, (iii) the manner of notice of the Motion, the Sale Hearing,

and the assumption and assignment of the Assumed Contracts, (iv) the form of notice of

the Motion and the Sale Hearing to be distributed to creditors and other parties in interest,

including prospective bidders, (v) the form of notice of the Cure Amounts and the

assumption of the Assumed Contracts to be filed with the Court and served on parties to

each Assumed Contract, and (vi) the setting of the Sale Hearing.

        F.      MobileAria's payment to the Purchaser (as set forth in the

Agreement), of the Break-Up Fee and the Expense Reimbursement (collectively, the "Bid

Protections") (i) is an actual and necessary cost and expense of preserving MobileAria's

estate, within the meaning of sections 503 and 507(b) of the Bankruptcy Code, (ii) is of

substantial benefit to MobileAria's estate, (iii) is reasonable and appropriate, including in

light of the size and nature of the Sale and the efforts that have been and will be expended

by the Purchaser notwithstanding that the proposed Sale is subject to higher or better

offers for the Acquired Assets, (iv) was negotiated by the parties at arms' length and in

good faith, and (v) is necessary to ensure that the Purchaser will continue to pursue its

proposed acquisition of the Acquired Assets.  The Bid Protections were a material

inducement for, and condition of, the Purchaser's entry into the Agreement.  The

Purchaser is unwilling to commit to hold open its offer to purchase the Acquired Assets

under the terms of the Agreement unless it is assured of payment of the Bid Protections.

Thus, assurance to the Purchaser of payment of the Bid Protections has promoted more

competitive bidding by inducing the Purchaser's bid that otherwise would not have been

made, and without which bidding would have been limited.  Further, because the Bid

Protections induced the Purchaser to research the value of the Acquired Assets and

submit a bid that will serve as a minimum or floor bid on which other bidders can rely,

the Purchaser has provided a benefit to MobileAria's estate by increasing the likelihood

that the price at which the Acquired Assets are sold will reflect their true worth.  Finally,

absent authorization of the Bid Protections, MobileAria may lose the opportunity to

obtain the highest or otherwise best available offer for the Acquired Assets.

G.      The Bidding Procedures are reasonable and appropriate and

represent the best method for maximizing the realizable value of the Acquired Assets.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

Bidding Procedures

1.      The Bidding Procedures, as set forth on Exhibit 1 attached hereto

and incorporated herein by reference as if fully set forth in this Order, are hereby

approved and shall govern all proceedings relating to the Agreement and any subsequent

bids for the Acquired Assets in these cases.

2.      MobileAria may: (a) determine, in its business judgment, which

Qualified Bid is the highest or otherwise best offer, (b) consult with the representative of

any official committee or significant constituent in connection with the Bidding

Procedures, and (c) reject at any time before entry of an order of the Court approving a

Qualified Bid, any bid (other than the Purchaser's bid) which, in MobileAria's sole

discretion, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of

4

the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of sale, or (iii)

contrary to the best interests of MobileAria, its estate, and its creditors.  MobileAria is

authorized (i) to terminate the Bidding Process or the Auction at any time if it determines,

in its business judgment, that the Bidding Process will not maximize the value of the

Acquired Assets to be realized by MobileAria's estate and (ii) seek Bankruptcy Court

Approval of the Agreement with Purchaser.

Sale Hearing

3.      The Sale Hearing shall be held before the undersigned United

States Bankruptcy Judge on July 19, 2006 at 10:00 a.m. (Prevailing Eastern Time) in the

United States Bankruptcy Court for the Southern District of New York, One Bowling

Green, Room 610, New York, New York 10004, at which time the Court shall consider

the Motion, the Successful Bidder, and confirm the results of the Auction, if any.

Objections to the Motion shall be filed and served no later than 4:00 p.m. (Prevailing

Eastern Time) on July 14, 2006 (the "Objection Deadline").

4.      The failure of any objecting person or entity to timely file its

objection by the Objection Deadline shall be a bar to the assertion, at the Sale Hearing or

thereafter, of any objection to the Motion, the Sale, or MobileAria's consummation and

performance of the Agreement (including the transfer of the Acquired Assets and

Assigned Contracts free and clear of all Interests and Claims), if authorized by the Court.

5.      The Sale Hearing may be adjourned from time to time without

further notice to creditors or parties in interest other than by announcement of the

adjournment in open court or on the Court's calendar on the date scheduled for the Sale

Hearing or any adjourned date.

Bid Protections

6.      The Bid Protections, as more fully described in the Motion and the

Agreement, are hereby approved.  MobileAria's obligation to pay the Bid Protections, as

provided by the Agreement, shall survive termination of the Agreement and, until paid,

shall constitute a superpriority administrative expense pursuant to Bankruptcy Code

Section 507(b) and MobileAria shall be authorized to pay the Bid Protections to the

Purchaser in accordance with the terms of the Agreement without further order of this

Court.

Notice

7.      Notice of (a) the Motion, (b) the Sale Hearing, and (c) the

proposed assumption and/or assignment of the Assigned Contracts to the Purchaser

pursuant to the Agreement or to a Successful Bidder shall be good and sufficient, and no

other or further notice shall be required, if given as follows:

(a)     Notice Of Sale Hearing.  Within one days after entry of this
Order (the "Mailing Date"), MobileAria (or its agent) shall serve the Motion, the
Agreement, the proposed Sale Order, the Bidding Procedures, and a copy of the Bidding
Procedures Order by first-class mail, postage prepaid, upon (i) all entities known to have
expressed an interest in a transaction with respect to the Acquired Assets during the past
six months; (ii) all entities known to have asserted any lien, claim, interest, or
encumbrance in or upon the Acquired Assets; (iii) all federal, state, and local regulatory
or taxing authorities or recording offices which have a reasonably known interest in the
relief requested by the Motion; (iv) all parties to the Assumed Contracts; (v) all parties to
the Postpetition Contracts; (vi) the United States Attorney's office; (vii) the Securities and
Exchange Commission; (viii) the Internal Revenue Service; (ix) all entities on the 2002
List; and (x) counsel to the Creditors' Committee and the Equityholders' Committee.

(b)     Sale Notice.  On or before the Mailing Date, MobileAria (or
its agent) shall serve by first-class mail, postage prepaid, a notice of the Sale (the "Sale
Notice"), substantially in the form annexed hereto as Exhibit 2, upon all other known
creditors of MobileAria.

6

(c)    Cure Notice.  No later than ten days after the entry of this Order, MobileAria shall file with the Court and serve on all nondebtor parties to the Assumed Contracts a notice (the "Cure Notice"), substantially in the form annexed hereto as Exhibit 3, of the cure amount necessary to assume the Assumed Contract (the "Cure Amount").  MobileAria shall also file with the Court and serve on all nondebtor parties to the Postpetition Contracts a Cure Notice providing any Cure Amount necessary to assign the Postpetition Contract.  The nondebtor party to the Assumed Contract or Postpetition Contract shall have ten days from the service of the Cure Notice to object to the Cure Amount and must state in its objection with specificity what Cure is required (with appropriate documentation in support thereof).  If no objection is timely received, the Cure Amount set forth in the Cure Notice shall be controlling, notwithstanding anything to the contrary in any Assumed Contract, Postpetition Contract, or any other document, and the nondebtor party to the Assumed Contract or Postpetition Contract shall be forever barred from asserting any other claims against the Debtors, the Purchaser, or the Successful Bidder (as appropriate), or the property of either of them, as to such Assumed Contract or Postpetition Contract, as relevant.

(d)    Assumption/Assignment Notice For Purchaser.  No later than ten days after the entry of this Order, MobileAria shall file with the Court and serve on all nondebtor parties to the Assumed Contracts a notice (the "Purchaser Assumption/Assignment Notice"), substantially in the form of the notice attached hereto as Exhibit 4, identifying the Purchaser as the party that will be assigned all of MobileAria's right, title, and interest in the Assumed Contracts, subject to completion of the bidding process provided under the Bidding Procedures.  MobileAria shall also file with the Court and serve on all nondebtor parties to the Postpetition Contracts a Purchaser Assumption/Assignment Notice identifying the Purchaser as the party that will be assigned all of Mobile Aria's right, title, and interest in the Postpetition Contracts, subject to completion of the bidding process provided under the Bidding Procedures. The nondebtor party to the Assumed Contract or Postpetition Contract shall have ten days from the service of the Purchaser Assumption/Assignment Notice to object to the proposed assumption and/or assignment to the Purchaser and must state in its objection, with specificity, the legal and factual basis of its objection.  If no objection is timely received, the nondebtor party to the Assumed Contract or Postpetition Contract shall be forever barred from asserting any objection with regard to the assumption and/or assignment.

(e)    Assumption/Assignment Notice For A Successful Buyer Other Than Purchaser.  In the event that following the Auction a party other than the Purchaser is the Successful Bidder, MobileAria shall, within one business day of the conclusion of the Auction, cause a notice (the "Other Successful Bidder Assumption/Assignment Notice"), substantially in the form of the notice attached hereto as Exhibit 5, to be sent to each nondebtor party to an Assumed Contract or Postpetition Contract identifying the Successful Bidder.  The nondebtor party to the Assumed Contract or Postpetition Contract shall have ten days from the service of the Other Successful Bidder Assumption/Assignment Notice to object to the proposed assumption and/or assignment to the Successful Bidder and must state in its objection, with specificity, the legal and factual basis of its objection.  If no objection is timely received,

7

the nondebtor party to the Assumed Contract or Postpetition Contract shall be forever barred from asserting any objection with regard to the assumption and/or assignment.

8.    This Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order.

9.    The requirement under Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York for

the service and filing of a separate memorandum of law is deemed satisfied by the

Motion.

Dated:    New York, New York
          June 22, 2006

                                              /s/ Robert D. Drain
                                              UNITED STATES BANKRUPTCY JUDGE