SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtor. | : | (Jointly Administered) |

NOTICE OF SALE OF CERTAIN ASSETS AT AUCTION

PLEASE TAKE NOTICE OF THE FOLLOWING:

        1.     Pursuant to the Order Under 11 U.S.C. § 105(a) And Fed. R. Bankr. P. 2002 And 9014 Approving (i) Bidding Procedures, (ii) Certain Bid Protections, (iii) Form And Manner Of Sale Notices, And (iv) Setting Of A Sale Hearing (the "Bidding Procedures Order") entered by the United States Bankruptcy Court for the Southern District of New York

(the "Bankruptcy Court") on June __, 2006, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") are offering for sale the assets (the "Assets") of MobileAria, Inc. ("MobileAria").  Capitalized terms used but not otherwise defined in this notice shall have the meanings ascribed to them in the Bidding Procedures.

        2.        All interested parties are invited to make an offer to purchase the Assets in accordance with the terms and conditions approved by the Bankruptcy Court (the "Bidding Procedures").  Pursuant to the Bidding Procedures, the Debtors may conduct an auction for the Assets (the "Auction") beginning at 10:00 a.m. on July 6, 2006 at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York.

        3.        Participation at the Auction is subject to the Bidding Procedures and the Bidding Procedures Order.  A copy of the Bidding Procedures is attached hereto as <u>Exhibit 1</u>.

        4.        The Debtors have accepted a bid only when the bid has been approved by the Bankruptcy Court at the Sale Hearing.  Notwithstanding Bankruptcy Court approval of a sale pursuant to the terms of a bid by a Qualified Bidder, the Good Faith Deposits of all bidders will be retained by the Debtors, and all bids will remain open, until the earlier of 48 hours after the closing of the sale of the Assets or August 31, 2006 (the "Return Date"); <u>provided</u>, <u>however</u>, that if the Debtors determine not to sell the Assets, the Good Faith Deposits of all Qualified Bidders will be returned by the Debtors within 48 hours of the Auction.  Upon failure to consummate the sale of the Assets because of a breach or failure on the part of the Successful Bidder, the Debtors may select in their business judgment the next highest or otherwise best Qualified Bid to be the Successful Bid without further order of the Court.  On the Return Date, the Seller will return the Good Faith Deposits of all Qualified Bidders, except the Successful Bidders, with accrued interest.

5. The Debtors may: (a) determine, in their business judgment, which Qualified Bid is the highest or otherwise best offer and (b) reject at any time before entry of an order of the Bankruptcy Court approving a Qualified Bid any bid which, in the Debtors' sole discretion, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of sale, or (iii) contrary to the best interests of the Debtors, its estate, and its creditors.

6. A hearing to approve the Sale of the Assets to the highest and best bidder will be held on July 19, 2006 at 10:00 a.m. (Prevailing Eastern Time) at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, before the Honorable Robert D. Drain, United States Bankruptcy Judge. The hearing on the Sale my be adjourned without notice other than an adjournment in open court.

7. Objections, if any, to the proposed Sale must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Seventh Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on May 19, 2006 (Docket No. 3824), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served in hard-copy form upon (i) MobileAria, Inc., 800 West El Camino Real, Suite 240, Mountain View, California 94040 (Att'n: Richard Lind), (ii)

3

Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (iii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iv) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n: Kenneth S. Ziman), (v) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (vi) counsel for the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vii) counsel for the Official Committee of Equity Security Holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (viii) counsel for the Purchaser, Cooley Godward LLP, 101 California Street, Fifth Floor, San Francisco, CA 94114 (Att'n: Gregg S. Kleiner), and (ix) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard), in each case so that it is **actually received** no later than **4:00 p.m. (Prevailing Eastern Time) on July 14, 2006**.

8. This notice is qualified in its entirety by the Bidding Procedures Order.

Dated: June __, 2006

BY ORDER OF THE COURT

John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)
SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

5

**EXHIBIT 1**

**MOBILEARIA, INC. BIDDING PROCEDURES**

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed with respect to the proposed sale (the "Sale") of all or substantially all of the assets (the "Assets") comprising the entire business (the "Business") of MobileAria, Inc. (the "Seller"). On June 6, 2006, the Seller executed that certain Asset Sale and Purchase Agreement by and between Wireless Matrix USA, Inc. (the "Purchaser") and the Seller (the "Agreement"). The transaction contemplated by the Agreement is subject to competitive bidding as set forth herein and approval by the Bankruptcy Court (as defined herein) pursuant to sections 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").

On June 6, 2006, the Seller filed a Motion For Orders Under 11 U.S.C. §§ 363 And 365 And Fed. R. Bankr. P. 2002, 6004, 6006 And 9014 (a) Approving (i) Bidding Procedures, (ii) Certain Bid Protections, (iii) Form And Manner Of Sale Notices, And (iv) Sale Hearing Date And (b) Authorizing And Approving (i) Sale Of Certain Of Debtors' Assets Comprising Substantially All Assets Of MobileAria, Inc. Free And Clear Of Liens, Claims, And Encumbrances, (ii) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (iii) Assumption Of Certain Liabilities (the "Sale Motion"). On June __, 2006, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an Order Under 11 U.S.C. § 105(a) And Fed. R. Bankr. P. 2002 And 9014 Approving (i) Bidding Procedures, (ii) Certain Bid Protections, (iii) Form And Manner Of Sale Notices, And (iv) Sale Hearing Date (the "Bidding Procedures Order") approving the Bidding Procedures. The Bidding Procedures Order set 10:00 a.m. (Prevailing Eastern Time) on July 19, 2006 as the date the Bankruptcy Court will conduct a hearing (the "Sale Hearing") to authorize the Seller to enter into the Agreement. All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement.

The Bidding Procedures set forth herein describe, among other things, the assets available for sale, the manner in which bidders and bids become Qualified, the coordination of diligence efforts among bidders, the receipt and negotiation of bids received, the conduct of any subsequent Auction (as defined herein), the ultimate selection of the Successful Bidder(s) (as defined herein) and the Bankruptcy Court's approval thereof (collectively, the "Bidding Process"). The Bidding Procedures were developed following consultation with, among others, the Official Committee of Unsecured Creditors (the "Creditors' Committee") and the Seller intends to continue to consult with such constituents throughout the Bidding Process. In the event that the Seller and any such constituent disagree as to the interpretation or application of these Bidding Procedures, the Bankruptcy Court shall have jurisdiction to hear and resolve such dispute.

**Assets To Be Sold**

The Assets proposed to be sold include substantially all of the assets owned by the Seller.

7

### "As Is, Where Is"

The sale of the Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Seller, its agents, or estate, except, with respect to the Purchaser, to the extent set forth in the Agreement and, with respect to a Successful Bidder, to the extent set forth in the relevant purchase agreement of such Successful Bidder approved by the Bankruptcy Court.

### Free Of Any And All Claims And Interests

Except, with respect to the Purchaser, to the extent otherwise set forth in the Agreement and, with respect to a Successful Bidder, to the extent otherwise set forth in the relevant purchase agreement of such Successful Bidder, all of the Seller's right, title, and interest in and to the Assets, or any portion thereof, to be acquired shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options, and interests thereon and there against (collectively, the "Claims and Interests"), such Claims and Interests to attach to the net proceeds of the sale of such Assets.

### Participation Requirements

Any person who wishes to participate in the Bidding Process (a "Potential Bidder") must become a Qualified Bidder. As a prerequisite to becoming a Qualified Bidder, a Potential Bidder, other than the Purchaser, must deliver (unless previously delivered) to the Seller:

(a) An executed confidentiality agreement substantially in the form attached hereto as Exhibit 1 (or in such other form acceptable to the Seller);

(b) Current audited financial statements of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of acquiring the Assets, current audited financial statements of the equity holders of the Potential Bidder who shall guarantee the obligations of the Potential Bidder, or such other form of financial disclosure and credit-quality support or enhancement acceptable to the Seller and its financial advisors; and

(c) A preliminary (non-binding) written proposal regarding (i) the purchase price range, (ii) any Assets expected to be excluded, (iii) the structure and financing of the transaction (including, but not limited to, the sources of financing of the Purchase Price (as defined in the Agreement) and the requisite Good Faith Deposit), (iv) any anticipated regulatory approvals required to close the transaction, the anticipated time frame and any anticipated impediments for obtaining such approvals, (v) any conditions to closing that it may wish to impose in addition to those set forth in the Agreement, and (vi) the nature and extent of additional due diligence it may wish to conduct and the date by which such due diligence will be completed.

A Potential Bidder who delivers the documents described in the previous subparagraphs above and whose financial information and credit-quality support or enhancement demonstrate the financial capability of such Potential Bidder to consummate the Sale, if selected as a successful bidder, and who the Seller determines in its sole discretion is likely (based on availability of financing, experience, and other considerations) to be able to

consummate the Sale within the time frame provided by the Agreement shall be deemed a "Qualified Bidder."  As promptly as practicable, after a Potential Bidder delivers all of the materials required above, the Seller shall determine, and shall notify the Potential Bidder, whether such Potential Bidder is a Qualified Bidder.  At the same time that the Seller notifies the Potential Bidder that it is a Qualified Bidder, the Seller shall allow the Qualified Bidder to begin to conduct due diligence with respect to the Assets and the Business as provided below.  Notwithstanding the foregoing, the Purchaser shall be deemed a Qualified Bidder for purposes of the Bidding Process.

### **Due Diligence**

The Seller shall afford each Qualified Bidder due diligence access to the Assets and the Business.  Due diligence access may include management presentations as may be scheduled by the Seller, access to data rooms, on-site inspections, and such other matters which a Qualified Bidder may request and as to which the Seller, in its sole discretion, may agree.  The Seller shall designate an employee or other representative to coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders.  Any additional due diligence shall not continue after the Bid Deadline.  The Seller may, in its discretion, coordinate diligence efforts such that multiple Qualified Bidders have simultaneous access to due diligence materials and/or simultaneous attendance at management presentations or site inspections.  Neither the Seller nor any of its affiliates (or any of their respective representatives) shall be obligated to furnish any information relating to Assets and the Business to any person other than to Qualified Bidders who make an acceptable preliminary proposal.

Each Qualified Bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Assets and the Business prior to making its offer, that it has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Assets and the Business in making its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Assets or the Business, or the completeness of any information provided in connection therewith, the Bidding Process or the Auction (as defined herein), except, as to the Successful Bidder, as expressly stated in the definitive agreement with such Successful Bidder approved by the Bankruptcy Court.

### **Bid Deadline**

A Qualified Bidder (other than the Purchaser) who desires to make a bid shall deliver written copies of its bid to:  MobileAria, Inc., 800 West El Camino Real, Suite 240, Mountain View, California 94040, Attention: Richard Lind, with copies to:  (i) Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy, Michigan 48098, Attention: Stephen H. Olsen, (ii) the Seller's restructuring counsel, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Chicago, Illinois 60606, Attention: John K. Lyons and Randall G. Reese, (iii) the Seller's financial advisor, Pagemill Partners, LLC, 2475 Hanover Street, Palo Alto, California 94304, Attention: Milledge A. Hart, (iv) the Seller's corporate counsel, DLA Piper Rudnick Gray Cary US LLP, 2000 University Avenue, East Palo Alto, California 94303, Attention: James M. Koshland, (v) counsel to the Creditors' Committee, Latham & Watkins LLP, at 885 Third Avenue, New York, New York 10022, Attention: Mark A. Broude, (vi) the Creditors' Committee's financial advisor, Mesirow Financial Consulting LLC, 666 Third

Avenue, 21st Floor, New York, New York 10017, Attention: Ben Pickering, (vii) counsel to the debtors' prepetition lenders, Simpson Thacher & Bartlet LLP, 425 Lexington Avenue, New York, New York 10017, Attention: Kenneth S. Ziman, and (viii) the debtors' prepetition lenders' financial advisor, Alvarez & Marsal, 600 Lexington Avenue, 6th Floor, New York, New York 10022, Attention: Andrew Hede, so as to be received not later than 11:00 a.m. (Prevailing Eastern Time) on June 29, 2006 (the "Bid Deadline"). As soon as reasonably practicable following receipt of each Qualified Bid, Seller shall deliver complete copies of all items and information enumerated in the section below entitled "Bid Requirements" to (a) Purchaser and its counsel and (b) counsel for the Official Committee of Equity Security Holders (the "Equityholders' Committee").

## Bid Requirements

All bids must include the following documents (the "Required Bid Documents"):

(a) A letter stating that the bidder's offer is irrevocable until the earlier of (i) two Business Days after the closing of the Sale of the Assets or (ii) August 31, 2006.

(b) An executed copy of the Agreement, together with all schedules (a "Marked Agreement") marked to show those amendments and modifications to such agreement and schedules that the Qualified Bidder proposes, including the Purchase Price.

(c) A good faith deposit (the "Good Faith Deposit") in the form of a certified bank check from a U.S. bank or by wire transfer (or other form acceptable to the Seller in its sole discretion) payable to the order of the Seller (or such other party as the Seller may determine) in an amount equal to $500,000.00.

(d) Written evidence of a commitment for financing or other evidence of ability to consummate the proposed transaction satisfactory to the Seller and its advisors.

## Qualified Bids

A bid will be considered only if the bid:

(a) is on terms and conditions (other than the amount of the consideration and the particular liabilities being assumed) that are substantially similar to, and are not materially more burdensome or conditional to the Seller than, those contained in the Agreement;

(b) is not conditioned on obtaining financing or on the outcome of unperformed due diligence by the bidder;

(c) proposes a transaction that the Seller determines, in its sole discretion, is not materially more burdensome or conditional than the terms of the Agreement and has a value, either individually or, when evaluated in conjunction with any other Qualified Bid, greater than or equal to the sum of the Purchase Price plus the amount of the Break-Up Fee, plus (i) in the case of the initial Qualified Bid, $400,000.00, and (ii) in the case of any subsequent Qualified Bids, $100,000.00 over the immediately-preceding highest Qualified Bid;

    (d) is not conditioned upon any bid protections, such as a break-up fee, termination fee, expense reimbursement, or similar type of payment;

    (e) an acknowledgement and representation that the bidder: (i) has had an opportunity to conduct any and all due diligence regarding the Assets prior to making its offer, (ii) has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Assets in making its bid, and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Assets, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in the Agreement or the Marked Agreement;

    (f) includes a commitment to consummate the purchase of the Assets (including the receipt of any required governmental or regulatory approvals) within not more than 15 days after entry of an order by the Bankruptcy Court approving such purchase, subject to the receipt of any governmental or regulatory approvals which must be obtained within 20 days after entry of such order; and

    (g) is received by the Bid Deadline.

    A bid received from a Qualified Bidder will constitute a "Qualified Bid" only if it includes all of the Required Bid Documents and meets all of the above requirements; <u>provided</u>, <u>however</u>, that the Seller shall have the right, in its sole and absolute discretion, to entertain bids for the Assets that do not conform to one or more of the requirements specified herein and deem such bids to be Qualified Bids; <u>provided</u>, <u>further</u>, <u>however</u>, that no bid shall be deemed by Seller to be a Qualified Bid unless such bid proposes a transaction that the Seller determines, in its sole discretion, has a value greater than or equal to the sum of the Purchase Price, plus the amount of the Break-Up Fee, plus $400,000.00, taking into account all material terms of any such bid. Notwithstanding the foregoing, the Purchaser shall be deemed a Qualified Bidder, and the Agreement shall be deemed a Qualified Bid, for all purposes in connection with the Bidding Process, the Auction, and the Sale. A Qualified Bid will be valued based upon factors such as the net value provided by such bid and the likelihood and timing of consummating such transaction. Each Qualified Bid other than that of the Purchaser is referred to as a "Subsequent Bid."

    If the Seller does not receive any Qualified Bids other than the Agreement received from the Purchaser, the Seller will report the same to the Bankruptcy Court and will proceed with the Sale pursuant to the terms of the Agreement.

<b><u>Bid Protection</u></b>

    Recognizing the Purchaser's expenditure of time, energy, and resources, the Seller has agreed to provide certain bidding protections to the Purchaser. Specifically, the Seller has determined that the Agreement will further the goals of the Bidding Procedures by setting a floor which all other Qualified Bids must exceed and, therefore, is entitled to be selected as the Purchaser. As a result, the Seller has agreed that if the Seller sells the Assets to a Successful Bidder other than the Purchaser, the Seller shall, in certain circumstances, pay to the Purchaser a Break-Up Fee. In the event the Agreement is terminated pursuant to certain other provisions thereof, then the Seller shall, in certain circumstances, be obligated to pay the Purchasers' Expense Reimbursement. The payment of the Break-Up Fee or the Expense

11

Reimbursement (as applicable) shall be governed by the provisions of the Agreement and the Bidding Procedures Order.

### Auction

If the Seller receives at least one Qualified Bid in addition to the Agreement, the Seller will conduct an auction (the "Auction") of the Assets and the Business upon notice to all Qualified Bidders who have submitted Qualified Bids at 10:00 a.m. (Prevailing Eastern Time) on July 6, 2006, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 in accordance with the following procedures:

(a) Only the Seller, the Purchaser, any representative of the Creditors' Committee and the Equityholders' Committee, any representative of the secured lenders (and the legal and financial advisers to each of the foregoing), and any Qualified Bidder who has timely submitted a Qualified Bid shall be entitled to attend the Auction, and only the Purchaser and Qualified Bidders will be entitled to make any subsequent Qualified Bids at the Auction.

(b) At least two Business Days prior to the Auction, each Qualified Bidder who has timely submitted a Qualified Bid must inform the Seller whether it intends to participate in the Auction and at least one Business Day prior to the Auction, the Seller shall provide copies of the Qualified Bid or combination of Qualified Bids which the Seller believes is the highest or otherwise best offer to all Qualified Bidders who have informed the Seller of their intent to participate in the Auction. Should an Auction take place, the Purchaser shall have the right, but not the obligation, to participate in the Auction. The Purchaser's election not to participate in an Auction shall in no way impair its entitlement to receive the Break-Up Fee or Expense Reimbursement, as applicable.

(c) All Qualified Bidders shall be entitled to be present for all Subsequent Bids with the understanding that the true identity of each bidder shall be fully disclosed to all other bidders and that all material terms of each Subsequent Bid shall be fully disclosed to all other bidders throughout the entire Auction.

(d) The Seller may employ and announce at the Auction additional procedural rules that are reasonable under the circumstances (<u>e.g.</u>, the amount of time allotted to make Subsequent Bids) for conducting the Auction, provided that such rules are not inconsistent with these Bidding Procedures, the Bankruptcy Code, or any order of the Bankruptcy Court entered in connection herewith.

(e) Bidding at the Auction shall begin with the highest or otherwise best Qualified Bid or combination of Qualified Bids and continue in minimum increments of at least $100,000.00 higher than the previous bid or bids. The Auction shall continue in one or more rounds of bidding and shall conclude after each participating bidder has had the opportunity to submit one or more additional Subsequent Bids with full knowledge and written confirmation of the then-existing highest bid or bids. For the purpose of evaluating the value of the consideration provided by Subsequent Bids (including any Subsequent Bid by the Purchaser), the Seller shall give the Purchaser a credit in an amount equal to the greater of any Break-Up Fee or Expense Reimbursement that may be payable to the Purchaser under the Agreement and shall give effect to any assets and/or equity interests to be retained by the Seller.

### Selection Of Successful Bid

At the conclusion of the Auction, or as soon thereafter as practicable, the Seller, in consultation with its financial advisors, shall: (i) review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the sale, and (ii) identify the highest or otherwise best offer(s) for the Assets and the Business received at the Auction (the "Successful Bid" and the bidder(s) making such bid, the "Successful Bidder(s)").

Seller shall sell the Assets for the highest or otherwise best Qualified Bid to the Successful Bidder upon the approval of such Qualified Bid by the Bankruptcy Court after the hearing (the "Sale Hearing"). If, after an Auction in which the Purchaser: (i) shall have bid an amount in excess of the consideration presently provided for in the Agreement with respect to the transactions contemplated under the Agreement, and (ii) is the Successful Bidder, it shall, at the Closing under the Agreement, pay, in full satisfaction of the Successful Bid, an amount equal to: (a) the amount of the Successful Bid, less (b) the Break-Up Fee.

### The Sale Hearing

The Sale Hearing is currently scheduled to take place before the Honorable Robert D. Drain, United States Bankruptcy Judge, on July 19, 2006 at 10:00 a.m. (Prevailing Eastern Time) in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, Room 610, New York, New York 10004. The Sale Hearing may be adjourned or rescheduled by the Seller without notice other than by an announcement of the adjourned date at the Sale Hearing.

If the Seller does not receive any Qualified Bids (other than the Qualified Bid of the Purchaser), the Seller will report the same to the Bankruptcy Court at the Sale Hearing and will proceed with a sale of the Assets to the Purchaser following entry of the Sale Order. If Seller does receive additional Qualified Bids, then, at the Sale Hearing, Seller shall seek approval of the Successful Bid(s), as well as the second highest or best Qualified Bid(s) (the "Alternate Bid(s)" and such bidder(s), the "Alternate Bidder(s)"). The Seller's presentation to the Bankruptcy Court of the Successful Bid(s) and Alternate Bid(s) shall not constitute the Seller's acceptance of either or any such bid(s), which acceptance shall only occur upon approval of such bid(s) by the Bankruptcy Court at the Sale Hearing. Following approval of the sale to the Successful Bidder(s), if the Successful Bidder(s) fail(s) to consummate the sale because of: (i) failure of a condition precedent beyond the control of either the Seller or the Successful Bidder, or (ii) a breach or failure to perform on the part of such Successful Bidder(s), then the Alternate Bid(s) shall be deemed to be the Successful Bid(s) and the Seller shall effectuate a sale to the Alternate Bidder(s) subject to the terms of the Alternate Bid(s) of such Alternate Bidder(s) without further order of the Bankruptcy Court.

### Return Of Good Faith Deposits

Good Faith Deposits of all Qualified Bidders (except for the Successful Bidder) shall be held in an interest-bearing escrow account and all Qualified Bids shall remain open (notwithstanding Bankruptcy Court approval of a sale pursuant to the terms of one or more Successful Bids by one or more Qualified Bidders), until two Business Days following the closing of the Sale (the "Return Date"). Notwithstanding the foregoing, the Good Faith

Deposit, if any, submitted by the Successful Bidder(s), together with interest thereon, shall be applied against the payment of the Purchase Price upon closing of the Sale to the Successful Bidder(s). If a Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Seller shall not have any obligation to return the Good Faith Deposit deposited by such Successful Bidder, and such Good Faith Deposit shall irrevocably become property of the Seller. On the Return Date, the Seller shall return the Good Faith Deposits of all other Qualified Bidders, together with the accrued interest thereon.

## **Reservation Of Rights**

Seller, after consultation with the agent for the debtors' prepetition secured lenders and the Creditors' Committee: (i) may determine which Qualified Bid, if any, is the highest or otherwise best offer and (ii) may reject at any time, any bid (other than the Purchaser's bid) that is: (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the Sale, or (c) contrary to the best interests of the Seller, its estate, and creditors as determined by Seller in its sole discretion.