SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler


        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)


Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession


Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698


Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
      In re                             :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                        Debtor.         :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ASSUMPTION AND/OR ASSIGNMENT
OF EXECUTORY CONTRACT OR UNEXPIRED LEASE

PLEASE TAKE NOTICE THAT:

1.      Pursuant to the Order Under 11 U.S.C. § 105(a) And Fed. R. Bankr. P.

2002 And 9014 Approving (i) Bidding Procedures, (ii) Certain Bid Protections, (iii) Form

And Manner Of Sale Notices, And (iv) Setting Of A Sale Hearing (the "Bidding Procedures

Order") entered by the United States Bankruptcy Court for the Southern District of New York

(the "Bankruptcy Court") on June __, 2006, MobileAria, Inc. ("MobileAria") has entered into

an Asset Sale and Purchase Agreement ("Agreement"), which Agreement is subject to an

overbid auction, with Wireless Matrix USA, Inc. (the "Purchaser") for the purchase of

substantially all of MobileAria's assets (the "Assets").  Capitalized terms used but not

otherwise defined in this notice (the "Notice") shall have the meaning ascribed to them in the

Bidding Procedures Order.

       2.      Pursuant to the terms of the Agreement and subject to completion of a

competitive bidding process described in the Bidding Procedures Order and the attachments

thereto, MobileAria will seek to assume and/or assign the contracts listed on Exhibit 1 hereto

(the "Assigned Contracts") at the hearing to be held at 10:00 a.m. (Prevailing Eastern Time)

on July 19, 2006 (the "Sale Hearing") before the Honorable Robert D. Drain, United States

Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, Room 610, New York, New York 10004.

       3.      Objections, if any, to the assumption and/or assignment of an Assigned

Contract must (a) be in writing, (b) state with specificity the reasons for such objection, (c)

conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the

Southern District of New York, and the Seventh Supplemental Order Under 11 U.S.C. §§

102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing

Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative

Procedures, entered by this Court on May 19, 2006 (Docket No. 3824), (d) be filed with the

Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users

of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-

interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format), (e) be submitted in hard-

2

copy form directly to the chambers of the Honorable Robert D. Drain, United States

Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, Room 610, New York, New York 10004, and (f) be served in hard-copy

form <u>so it is actually received</u> within ten days after the date of this Notice upon (i)

MobileAria, Inc., 800 West El Camino Real, Suite 240, Mountain View, California 94040

(Att'n: Richard Lind), (ii) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098

(Att'n: General Counsel), (iii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom

LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler,

Jr.), (iv) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher

& Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n: Kenneth S.

Ziman), (v) counsel for the agent under the postpetition credit facility, Davis Polk &

Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and

Brian Resnick), (vi) counsel for the Official Committee of Unsecured Creditors, Latham &

Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg

and Mark A. Broude), (vii) counsel for the Official Committee of Equity Security Holders,

Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York

10004 (Att'n: Bonnie Steingart), (viii) counsel for the Purchaser, Cooley Godward LLP, 101

California Street, Fifth Floor, San Francisco, California 94114 (Att'n: Gregg S. Kleiner), and

(ix) the Office of the United States Trustee for the Southern District of New York, 33

Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M. Leonhard).

        4.      If an objection to the assumption and/or assignment of an Assigned

Contract is timely filed, a hearing with respect to the objection will be held before the

Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court

for the Southern District of New York, One Bowling Green, Room 610, New York, New

York 10004, at the Sale Hearing or such date and time as the Court may schedule.  If no

objection is timely received, the nondebtor party to the Assigned Contract shall be forever

barred from asserting any other claims, including, but not limited to, the propriety or

effectiveness of the assumption and assignment of the Assigned Contract, against the Debtors

or the Purchaser, or the property of either of them, as to such Assigned Contract.

        5.      Pursuant to 11 U.S.C. § 365, there is adequate assurance of future

performance that the Cure Amount set forth in the Cure Notice shall be paid in accordance

with the terms of the Sale Order.  Further, there is adequate assurance of the Purchaser's

future performance under the executory contract or unexpired lease to be assumed and

assigned because of the significant resources of the Purchaser.

        6.      Prior to the Closing Date, MobileAria may amend its decision with

respect to the assumption and/or assignment of any Assigned Contract and provide a new

notice amending the information provided in this Notice.

Dated:  New York, New York
      June __, 2006

                SKADDEN, ARPS, SLATE, MEAGHER
                  & FLOM LLP

           By: _____
              John Wm. Butler, Jr. (JB 4711)
              John K. Lyons (JL 4951)
              Ron E. Meisler (RM 3026)
           333 West Wacker Drive, Suite 2100
           Chicago, Illinois  60606
           (312) 407-0700

                 - and -

           By: _____
              Kayalyn A. Marafioti (KM 9632)
              Thomas J. Matz (TM 5986)
           Four Times Square
           New York, New York 10036
           (212) 735-3000

           Attorneys for Delphi Corporation, et al.,
            Debtors and Debtors-in-Possession