PENSION BENEFIT GUARANTY
CORPORATION
Jeffrey B. Cohen, Chief Counsel
Israel Goldowitz, Deputy Chief Counsel
Karen L. Morris, Associate Chief Counsel (KM-5709)[*]
Ralph L. Landy, Attorney (RL-6162)[*]
Joan Segal, Attorney
Richard V.S. Luna, Attorney[*]
Office of Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Tel:  (202) 326-4020
Fax: (202) 326-4112

KELLEY DRYE & WARREN LLP
Eric R. Wilson (EW-4320)
101 Park Avenue
New York, NY 10178
Tel:  (212) 808-7800
Fax:  (212) 808-7897

KELLEY DRYE & WARREN LLP
Joseph A. Boyle (JB-5036)
200 Kimball Drive
Parsippany, NJ 07054
Tel:  (973) 503-5920
Fax:  (973) 503-5930

Attorneys for Pension Benefit Guaranty
Corporation

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| DELPHI CORPORATION, *et al.*, | ) | Case No. 05-44481 (RDD) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |

## NOTICE OF HEARING ON THE MOTION TO APPROVE STIPULATION AND ORDER ALLOWING PENSION BENEFIT GUARANTY CORPORATION TO FILE CONSOLIDATED CLAIMS UNDER ONE CASE NUMBER

PLEASE TAKE NOTICE that on May 23, 2006, Pension Benefit Guaranty

Corporation ("PBGC") and its undersigned counsel, Kelley Drye & Warren LLP, filed a Motion

to Approve Stipulation and Order Allowing Pension Benefit Guaranty Corporation to File

Consolidated Claims Under One Case Number (the "Motion") with the United States Bankruptcy

Court for the Southern District of New York, which will permit PBGC to file consolidated proofs

---

[*]    Admitted *pro hac vice*.

of claim in the above-captioned jointly-administered proceedings under the case caption *In re Delphi Corporation, et al.*, Case No. 05-4481 (RDD).

A HEARING ON THE MOTION WILL BE HELD ON June 16, 2006 at 10:00 a.m. Prevailing Eastern Time before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York 10004-1408, or as soon thereafter as counsel may be heard (the "Hearing").

PLEASE TAKE FURTHER NOTICE that responses or objections to the Motion, if any, must (a) be set forth in writing describing the basis therefor, (b) comply with the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Sixth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures (the "Sixth Supplemental Case Management Order") (Docket No. 3730), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended by General Order M-269) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York 10004-1408 and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn.: General Counsel), (ii) counsel for the above-captioned debtors (the "Debtors"), Skadden, Arps, Slate, Meagher & Flom LLP, 333 West

Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attn.: John Wm. Butler, Jr.) and Skadden,

Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10178 (Attn.: Kayalyn

A. Marafioti), O'Melveny & Myers LLP, 1625 Eye Street, N.W., Washington, DC 20006 (Attn.:

Tom A. Jerman), Groom Law Group, Chartered, 1701 Pennsylvania Avenue, N.W., Washington,

DC 20006 (Attn.: Lonie Hassel), (iii) PBGC, 1200 K Street, N.W., Suite 340, Washington, D.C.

20005-4026 (Attn.: Karen L. Morris and Joan Segal), (iv) counsel for PBGC, Kelley Drye &

Warren LLP, 200 Kimball Drive, Parsippany, NJ 07054 (Attn.: Joseph A. Boyle) and Kelley

Drye & Warren LLP, 101 Park Avenue, New York, NY 10178 (Attn.: Eric R. Wilson), (v)

counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett

LLP, 425 Lexington Avenue, New York, New York 10017 (Attn.: Kenneth S. Ziman), (vi)

counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450

Lexington Avenue, New York, New York 10017 (Attn.: Marlane Melican), (vii) counsel for the

Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New

York, New York 10022 (Attn.: Robert J. Rosenberg and Mark A. Broude), and (viii) the Office

of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite

2100, New York, New York 10004 (Attn.: Alicia M. Leonhard), in each case **so as to be**

**received no later than 4:00 p.m. (Prevailing Eastern Time) on June 9, 2006 (the "Objection**

**Deadline")**.

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth

herein will be considered by the Bankruptcy Court at the Hearing.  If no objections to the Motion

are timely filed and served in accordance with the procedures set forth herein, the Bankruptcy

Court may enter an order granting the Order without further notice.


Dated: New York, New York
       May 23, 2006

                                        KELLEY DRYE & WARREN LLP


                                        By: */s/ Eric R. Wilson*
                                            Eric R. Wilson (EW-4320)
                                        101 Park Avenue
                                        New York, NY 10178
                                        Tel:  (212) 808-7800
                                        Fax:  (212) 808-7897

                                        KELLEY DRYE & WARREN LLP
                                        Joseph A. Boyle (JB-5036)
                                        200 Kimball Drive
                                        Parsippany, NJ 07054
                                        Tel:  (973) 503-5920
                                        Fax:  (973) 503-5930

                                        Attorneys for Pension Benefit Guaranty
                                        Corporation

**Hearing Date and Time: June 16, 2006 at 10:00 a.m.**
**Objection Deadline: June 9, 2006 at 4:00 p.m.**

PENSION BENEFIT GUARANTY
CORPORATION
Jeffrey B. Cohen, Chief Counsel
Israel Goldowitz, Deputy Chief Counsel
Karen L. Morris, Associate Chief Counsel (KM-5709)[*]
Ralph L. Landy, Attorney (RL-6162)[*]
Joan Segal, Attorney
Richard V.S. Luna, Attorney[*]
Office of Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Tel:  (202) 326-4020
Fax:  (202) 326-4112

KELLEY DRYE & WARREN LLP
Eric R. Wilson (EW-4320)
101 Park Avenue
New York, NY 10178
Tel:  (212) 808-7800
Fax:  (212) 808-7897

KELLEY DRYE & WARREN LLP
Joseph A. Boyle (JB-5036)
200 Kimball Drive
Parsippany, NJ 07054
Tel:  (973) 503-5920
Fax:  (973) 503-5930

Attorneys for Pension Benefit Guaranty
Corporation

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| DELPHI CORPORATION, *et al.*, | ) | Case No. 05-44481 (RDD) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |

## MOTION TO APPROVE STIPULATION AND ORDER ALLOWING PENSION BENEFIT GUARANTY CORPORATION TO FILE CONSOLIDATED CLAIMS UNDER ONE CASE NUMBER

Pension Benefit Guaranty Corporation ("PBGC") and its undersigned counsel,

Kelley Drye & Warren LLP, hereby submit this Motion to Approve Stipulation and Order

Allowing Pension Benefit Guaranty Corporation to File Consolidated Claims Under One Case

Number (the "Motion") pursuant to sections 105, 501 and 502 of title 11 of the United States

Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rules 3001, 3002, and 3003 of the

---

[*]        Admitted *pro hac vice*.

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and respectfully represent as

follows:

## Jurisdiction

1.      The Court has Jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief sought herein are sections 105, 501, 502,

and 1111(a) of the Bankruptcy Code and Bankruptcy Rules 3001, 3002, and 3003.

## Statement of Facts

A.      General Background

3.      Delphi Corporation ("Delphi") and forty-one (41) of its direct and indirect

subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions under chapter 11

of the Bankruptcy Code.  Thirty-nine (39) of the Debtors filed their petitions on October 8, 2005,

and three of the Debtors filed their petitions, namely *In re Delphi Furukawa Wiring Systems LLC*

(Case No. 05-47452 (RDD)), *In re Delphi Receivables LLC* (Case No. 05-47459 (RDD)), and *In

re Mobilearia, Inc.* (Case No. 05-47474 (RDD)) (collectively, the "Additional Debtors"), on

October 14, 2005.

4.      On October 8, 2005, this Court procedurally consolidated the Debtors thirty-nine

(39) chapter 11 cases filed at that time,[1] and ordered that they be jointly administered under *In re

Delphi Corporation*, Case No. 05-44481 (RDD).

---

[1]      The thirty-nine cases consolidated on October 8, 2005 are as follows *In re Delphi NY Holding Corp., In re
Delphi Corporation, In re ASEC Manufacturing General Partnership, In re Delphi Medical Systems
Colorado Corporation, In re Delphi China LLC, In re ASEC Sales General Partnership, In re Delphi
Medical Systems Texas Corporation, In re Delphi Automotive Systems Overseas Corporation, In re Delphi
Automotive Systems Korea, Inc., In re Delphi Automotive Systems International, Inc., In re Delphi
International Holdings Corp., In re Aspire, Inc., In re Delphi Connection Systems, In re Delphi*

5.       On October 19, 2005, this Court procedurally consolidated the Additional Debtors

with the chapter 11 cases filed up to that time, and likewise ordered joint administration of them

under *In re Delphi Corporation, et al.*, Case No. 05-44481 (RDD).

B.       The Bar Date Order

6.       On April 12, 2006, the Court issued Order Under 11 U.S.C. §§ 107(b), 501, 502,

and 1111(a) and Fed.R.Bankr.P. 1009, 2002(a)(7), 3003(c)(3), and 5005(a) Establishing Bar

Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Docket #

3206) (the "Bar Date Order"), establishing July 31, 2006, as the general claims bar date.  The

Bar Date Order provides that if a claim is asserted against more than one of the Debtors, a

separate proof of claim must be filed in each such Debtors' reorganization case.

C.       PBGC's Claims

7.       PBGC is a wholly-owned United States government corporation that administers

the defined benefit pension plan termination insurance program under Title IV of the Employee

Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1301-1461.  The Debtors

sponsor seven (7) defined benefit pension plans (the "Pension Plans") that are covered by the

Title IV termination insurance program.

---

*International Services, Inc., In re Environmental Catalysts, LLC, In re Specialty Electronics International Ltd., In re Delphi Automotive Systems Thailand, Inc., In re Delco Electronics Overseas Corporation, In re Delphi Technologies, Inc., In re Delphi Automotive Systems (Holding), Inc., In re Exhaust Systems Corporation, In re Delphi Medical Systems Corporation, In re Delphi Diesel Systems Corp., In re Delphi Integrated Service Solutions, Inc., In re Packard Hughes Interconnect Company, In re Delphi Electronics (Holding), LLC, In re Delphi Mechatronic Systems, Inc., In re Specialty Electronics, Inc., In re Delphi Automotive Systems Tennessee, Inc., In re Delphi LLC, In re DREAL, Inc., In re Delphi Automotive Systems Risk Management Corp., In re Delphi Automotive Systems Services LLC, In re Delphi Liquidation Holding Company, In re Delphi Foreign Sales Corporation, In re Delphi Services Holding Corporation, In re Delphi Automotive Systems Human Resources LLC, In re Delphi Automotive Systems Global (Holding), Inc.,* and *In re Delphi Automotive Systems LLC.*

8.    Each of the Debtors may be either a contributing sponsor of one or more of the

Pension Plans or a member of the contributing sponsor's controlled group. *See*

29 U.S.C. § 1301(a)(13) and (14).

9.    PBGC has three (3) separate claims regarding each Pension Plan for: (1) unpaid

minimum funding contributions required under 26 U.S.C. § 412 and 29 U.S.C. §§ 1082 and

1362(c); (2) unpaid premiums owed to PBGC under 29 U.S.C. §§ 1307; and (3) contingent

termination liability to PBGC under 29 U.S.C. § 362(a) and (b). Each of the claims to be filed

by PBGC in these cases, on behalf of itself and on behalf of the Pension Plans, will be asserted

against each and every one of the Debtors for joint and several liability. 29 U.S.C. §§ 1307,

1362. Accordingly, if PBGC were to separately file three (3) proofs of claim with respect to

each of the seven (7) Pension Plans against each of the forty-two (42) Debtors as required by the

Bar Date Order, PBGC would file several hundred proofs of claim.

### Relief Requested

10.    PBGC seeks entry of an order approving the Stipulation Allowing Pension

Benefit Guaranty Corporation to File Consolidated Claims Under One Case Number (the

"Stipulation") attached hereto as Exhibit A. By the Stipulation, PBGC and the Debtors have

agreed that the filing of a proof of claim or proofs of claim by PBGC on its own behalf or on

behalf of the Pension Plans in the jointly administered chapter 11, Case No. 05-44481 (RDD),

shall be deemed to constitute the filing of such proof of claim or proofs of claim in all of the

cases jointly administered under *In re Delphi Corporation, et al.*, Case No. 05-44481 (RDD).

## <u>Argument</u>

11.     Approving the Stipulation will facilitate the administration of the Debtors' chapter

11 cases and relieve PBGC and the Debtors of the unnecessary administrative burdens that will

result from requiring PBGC to file multiple proofs of claim for recovery of the same obligation.

Section 105 of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any

order, process, or judgment that is necessary or appropriate to carry out the provisions of this

title." 11 U.S.C. § 105.  The Stipulation is necessary and appropriate to carry out those

provisions of the Bankruptcy Code and Bankruptcy Rules governing the claims reconciliation

process, including, without limitation, sections 501, 502, and 1111(a) of the Bankruptcy Code

and Bankruptcy Rules 3001, 3002, and 3003.

12.     Under the Bar Date Order, PBGC is required to file three (3) proofs of claim with

respect to each of the seven (7) Pension Plans against each of the forty-two (42) Debtors.  This

effectively requires PBGC to file multiple claims against multiple debtors for the same

underlying obligation.  As such, compliance with the Bar Date Order creates an unnecessary

administrative burden on both PBGC and the Debtors with no attendant benefit.

13.     By the Stipulation, PBGC and the Debtors and PBGC have expressly agreed,

subject to Court approval, that the filing of a proof of claim or proofs of claim by PBGC on its

own behalf or on behalf of the Pension Plans in the jointly administered chapter 11, Case No. 05-

44481 (RDD), shall be deemed to constitute the filing of such proof of claim or proofs of claim

in all of the cases jointly administered under *In re Delphi Corporation, et al.*, Case No. 05-44481

(RDD).  The Stipulation is procedural only and does not affect the substantive rights of any of

the Debtors, PBGC or any party in interest with respect to the number, allowance, amount or

priority of PBGC's claims or with respect to any objection, defense, offset, counterclaim,

acceptance or rejection by any of the Debtors related to PBGC's claims.  Accordingly, approval

of the Stipulation is in the best interest of the Debtors and their estates and will not prejudice

creditors.

### Waiver of Memorandum of Law

14.    This Motion does not present any novel issues of law.  Consequently, PBGC

respectfully requests that the court waive the requirement that PBGC file a supporting

memorandum of law pursuant to Local Bankruptcy rule 9013-1(b).  PBGC reserves the right to

file a separate memorandum of law in further support of this Motion or in response to any

objection to this Motion.

### Notice

15.    Notice of this Motion has been provided in accordance with the Sixth

Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006

9007, and 9014 Establishing Omnibus hearing dates and Certain Notice, Case Management, and

Administrative Procedures, entered by this court on April 20, 2006 (Docket No. 3730).  PBGC

submits that no other or further notice is necessary.

WHEREFORE, PBGC respectfully requests that this Court enter the order

attached hereto as Exhibit B and grant such other relief as the Court deems just and proper.

Dated: Washington, D.C.
       May 23, 2006

PENSION BENEFIT GUARANTY
CORPORATION

By: */s/ Joan Segal*
        Jeffrey B. Cohen, Chief Counsel
        Israel Goldowitz, Deputy Chief Counsel
        Karen L. Morris, Associate Chief Counsel (KM-5709)[*]
        Ralph L. Landy, Attorney (RL-6162)[*]
        Joan Segal, Attorney
        Richard V.S. Luna, Attorney[*]
Office of Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Tel:  (202) 326-4020
Fax: (202) 326-4112

        -and-

Dated: New York, New York
       May 23, 2006

KELLEY DRYE & WARREN LLP

By: */s/ Eric R. Wilson*
        Eric R. Wilson (EW-4320)
101 Park Avenue
New York, NY 10178
Tel:  (212) 808-7800
Fax: (212) 808-7897

KELLEY DRYE & WARREN LLP
Joseph A. Boyle (JB-5036)
200 Kimball Drive
Parsippany, NJ 07054
Tel:  (973) 503-5920
Fax: (973) 503-5930

Attorneys for Pension Benefit Guaranty
Corporation

---

[*]        Admitted *pro hac vice*.

**Exhibit A**

PENSION BENEFIT GUARANTY
CORPORATION
Jeffrey B. Cohen, Chief Counsel
Israel Goldowitz, Deputy Chief Counsel
Karen L. Morris, Associate Chief Counsel (KM-5709)[*]
Ralph L. Landy, Attorney (RL-6162)[*]
Joan Segal, Attorney
Richard V.S. Luna, Attorney[*]
Office of Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Tel:  (202) 326-4020
Fax:  (202) 326-4112

KELLEY DRYE & WARREN LLP
Eric R. Wilson (EW-4320)
101 Park Avenue
New York, NY 10178
Tel:  (212) 808-7800
Fax:  (212) 808-7897

KELLEY DRYE & WARREN LLP
Joseph A. Boyle (JB-5036)
200 Kimball Drive
Parsippany, NJ 07054
Tel:  (973) 503-5920
Fax:  (973) 503-5930

Attorneys for Pension Benefit Guaranty
Corporation

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, *et al.*, | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## STIPULATION ALLOWING PENSION BENEFIT GUARANTY
## CORPORATION TO FILE CONSOLIDATED CLAIMS
## UNDER ONE CASE NUMBER

Pension Benefit Guaranty Corporation ("PBGC"), a claimant, and Delphi

Corporation, *et al.*, Debtors and Debtors-in-Possession in these proceedings ("Delphi" or

"Debtors"), agree that PBGC will be permitted to file consolidated proofs of claim in the above-

captioned jointly-administered proceedings under the case caption *In re Delphi Corporatio*n, *et*

*al.*, Case No. 05-44481 (RDD).  The terms and conditions of this agreement are set forth below:

---

[*]        Admitted *pro hac vice*.

## Background

1.      Delphi Corporation ("Delphi") and forty-one of its direct and indirect subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code.  Thirty-nine (39) of the Debtors filed their petitions on October 8, 2005, and three of the Debtors filed their petitions, namely *In re Delphi Furukawa Wiring Systems LLC* (Case No. 05-47452 (RDD)), *In re Delphi Receivables LLC* (Case No. 05-47459 (RDD)), and *In re Mobilearia, Inc.* (Case No. 05-47474 (RDD)) (collectively, the "Additional Debtors"), on October 14, 2005.

2.      On October 8, 2005, this Court procedurally consolidated the Debtors' thirty-nine (39) chapter 11 cases filed at that time,[1] and ordered joint administration of them under *In re Delphi Corporation*, Case No. 05-44481 (RDD).

3.      On October 19, 2005, this Court procedurally consolidated the Additional Debtors with the chapter 11 cases filed up to that time, and likewise ordered joint administration of them under *In re Delphi Corporation, et al.*, Case No. 05-44481 (RDD).

---

[1]      The thirty-nine cases consolidated on October 8, 2005 are as follows *In re Delphi NY Holding Corp.*, *In re Delphi Corporation*, *In re ASEC Manufacturing General Partnership*, *In re Delphi Medical Systems Colorado Corporation*, *In re Delphi China LLC*, *In re ASEC Sales General Partnership*, *In re Delphi Medical Systems Texas Corporation*, *In re Delphi Automotive Systems Overseas Corporation*, *In re Delphi Automotive Systems Korea, Inc.*, *In re Delphi Automotive Systems International, Inc.*, *In re Delphi International Holdings Corp.*, *In re Aspire, Inc.*, *In re Delphi Connection Systems*, *In re Delphi International Services, Inc.*, *In re Environmental Catalysts, LLC*, *In re Specialty Electronics International Ltd.*, *In re Delphi Automotive Systems Thailand, Inc.*, *In re Delco Electronics Overseas Corporation*, *In re Delphi Technologies, Inc.*, *In re Delphi Automotive Systems (Holding), Inc.*, *In re Exhaust Systems Corporation*, *In re Delphi Medical Systems Corporation*, *In re Delphi Diesel Systems Corp.*, *In re Delphi Integrated Service Solutions, Inc.*, *In re Packard Hughes Interconnect Company*, *In re Delphi Electronics (Holding), LLC*, *In re Delphi Mechatronic Systems, Inc.*, *In re Specialty Electronics, Inc.*, *In re Delphi Automotive Systems Tennessee, Inc.*, *In re Delphi LLC*, *In re DREAL, Inc.*, *In re Delphi Automotive Systems Risk Management Corp.*, *In re Delphi Automotive Systems Services LLC*, *In re Delphi Liquidation Holding Company*, *In re Delphi Foreign Sales Corporation*, *In re Delphi Services Holding Corporation*, *In re Delphi Automotive Systems Human Resources LLC*, *In re Delphi Automotive Systems Global (Holding), Inc.*, and *In re Delphi Automotive Systems LLC*

4.      PBGC is a wholly-owned United States government corporation that administers the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1301-1461 ("ERISA").  The Debtors sponsor seven (7) defined benefit pension plans (the "Pension Plans") that are covered by the Title IV termination insurance program.

5.      PBGC asserts that each of the Debtors may be either a contributing sponsor of one or more of the Pension Plans or a member of the contributing sponsor's controlled group.  See 29 U.S.C. § 1301(a)(13) and (14).

6.      PBGC asserts that it must file at least three separate claims regarding each Pension Plan for:  (1) unpaid minimum funding contributions required under 26 U.S.C. § 412 and 29 U.S.C. §§ 1082 and 1362(c); (2) unpaid premiums owed to PBGC under 29 U.S.C. §§ 1307; and (3) contingent termination liability to PBGC under 29 U.S.C. § 362(a) and (b). PBGC has stated that each of the claims to be filed by PBGC in these cases, on behalf of itself and on behalf of the Pension Plans, will be asserted against each and every one of the Debtors for joint and several liability.  29 U.S.C. §§ 1307, 1362.

7.      If PBGC were to separately file three proofs of claim with respect to each of the seven (7) Pension Plans against each of the forty-two Debtors, PBGC would file a total of 882 claims. The filing of this many separate claims would impose an undue administrative burden on the Debtors, PBGC, the Court and the Debtors' claims agent.

## Agreement

8.      Notwithstanding anything to the contrary set forth in the bar date order issued in this case, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and/or the local bankruptcy rules that would otherwise require PBGC to file separate proofs of claim against each of the Debtors, the Debtors and PBGC expressly agree that the filing of a proof of claim or

proofs of claim by PBGC on its own behalf or on behalf of the Pension Plans in the jointly

administered chapter 11, Case No. 05-44481 (RDD), shall be deemed to constitute the filing of

such proof of claim or proofs of claim in all of the cases jointly administered under *In re Delphi*

*Corporation, et al.*, Case No. 05-44481 (RDD).  Consequently, each claim PBGC files under

case number 05-44481 (RDD) shall represent a separate claim asserted against each of the forty-

two Debtors.

        9.      This Stipulation is intended solely for the purpose of administrative convenience.

Except to the extent expressly agreed herein, this agreement shall not be deemed to constitute an

agreement or admission as to the validity of any claims and shall not affect the substantive rights

of any of the Debtors, PBGC or any party in interest with respect to the number, allowance,

amount or priority of PBGC's claims or with respect to any objection, defense, offset,

counterclaim, acceptance or rejection by any of the Debtors related to PBGC's claims.

        10.     Unless the Debtors and PBGC expressly agree otherwise, this Stipulation shall

also apply to any amended proofs of claim that PBGC may file with respect to the Pension Plans.

11.    The Court shall retain jurisdiction over all matters or disputes under this

Stipulation.

Dated: New York, New York
May ___, 2006

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: _____
    John Wm. Butler, Jr. (JB-4711)
    John K. Lyons (JL-4951)
    Ron E. Meisler (RM-3026)
333 West Wacker Drive,
Suite 2100
Chicago, Illinois 60606
Tel:  (312) 407-0700
Fax: (312) 407-0411

-and-

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: _____
    Kayalyn A. Marafioti (KM-9632)
    Thomas J. Matz (TM-5986)
Four Times Square
New York, New York 10036
Tel:  (212) 735-3000
Fax: (917) 777-2350

Attorneys for Delphi Corporation, *et al.*,
Debtors and Debtors-in-Possession

[SIGNATURES CONTINUED ON NEXT PAGE]

Dated: Washington, D.C.          PENSION BENEFIT GUARANTY
May ___, 2006                 CORPORATION


                                   By:_____
                                      Jeffrey B. Cohen, Chief Counsel
         Israel Goldowitz, Deputy Chief Counsel
         Karen L. Morris, Associate Chief Counsel (KM-5709)[*]
         Ralph L. Landy, Attorney (RL-6162)[*]
         Joan Segal, Attorney
         Richard V.S. Luna, Attorney[*]
Office of Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Tel:  (202) 326-4020
Fax: (202) 326-4112

-and-

Dated: New York, New York      KELLEY DRYE & WARREN LLP
May 23, 2006

                 By:_____
         Eric R. Wilson (EW-4320)
101 Park Avenue
New York, NY 10178
Tel:  (212) 808-7800
Fax: (212) 808-7897

KELLEY DRYE & WARREN LLP
Joseph A. Boyle (JB-5036)
200 Kimball Drive
Parsippany, NJ 07054
Tel:  (973) 503-5920
Fax: (973) 503-5930

Attorneys for Pension Benefit Guaranty
Corporation

---

[*]     Admitted *pro hac vice*

**<u>Exhibit B</u>**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, *et al.*, | ) | Case No. 05-44481 (RDD) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## ORDER GRANTING PENSION BENEFIT GUARANTY CORPORATION MOTION TO FILE CONSOLIDATED CLAIMS UNDER ONE CASE NUMBER

Upon consideration of the Motion to Approve Stipulation and Order Allowing Pension Benefit Guaranty Corporation to File Consolidated Claims Under One Case Number (the "Motion") filed by Pension Benefit Guaranty Corporation ("PBGC") and its counsel, Kelley Drye & Warren LLP, and upon consideration of the supporting papers and the files and records in these cases and the arguments and testimony presented at a hearing before the Court, if any; and the Court finding that (a) the Court has Jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) the venue of the proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) notice of the Motion was sufficient under the circumstances; and the Court having determined that legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is hereby

ORDERED that the Motion is granted and the Stipulation Allowing Pension

Benefit Guaranty Corporation to File Consolidated Claims Under One Case Number (the

"Stipulation") attached hereto as Exhibit 1 is approved; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine over all

matters or disputes arising from the implementation of this Order.


Dated: New York, New York
       June __, 2006


_____
Honorable Robert D. Drain
United States Bankruptcy Judge

2

**Exhibit 1**

PENSION BENEFIT GUARANTY
CORPORATION
Jeffrey B. Cohen, Chief Counsel
Israel Goldowitz, Deputy Chief Counsel
Karen L. Morris, Associate Chief Counsel (KM-5709)[*]
Ralph L. Landy, Attorney (RL-6162)[*]
Joan Segal, Attorney
Richard V.S. Luna, Attorney[*]
Office of Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Tel:  (202) 326-4020
Fax:  (202) 326-4112

KELLEY DRYE & WARREN LLP
Eric R. Wilson (EW-4320)
101 Park Avenue
New York, NY 10178
Tel:  (212) 808-7800
Fax:  (212) 808-7897

KELLEY DRYE & WARREN LLP
Joseph A. Boyle (JB-5036)
200 Kimball Drive
Parsippany, NJ 07054
Tel:  (973) 503-5920
Fax:  (973) 503-5930

Attorneys for Pension Benefit Guaranty
Corporation

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, *et al.*, | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## STIPULATION ALLOWING PENSION BENEFIT GUARANTY
## CORPORATION TO FILE CONSOLIDATED CLAIMS
## UNDER ONE CASE NUMBER

Pension Benefit Guaranty Corporation ("PBGC"), a claimant, and Delphi

Corporation, *et al.*, Debtors and Debtors-in-Possession in these proceedings ("Delphi" or

"Debtors"), agree that PBGC will be permitted to file consolidated proofs of claim in the above-

captioned jointly-administered proceedings under the case caption *In re Delphi Corporatio*n, *et

al.*, Case No. 05-44481 (RDD).  The terms and conditions of this agreement are set forth below:

---

[*]        Admitted *pro hac vice*.

### Background

1.      Delphi Corporation ("Delphi") and forty-one of its direct and indirect subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code.  Thirty-nine (39) of the Debtors filed their petitions on October 8, 2005, and three of the Debtors filed their petitions, namely *In re Delphi Furukawa Wiring Systems LLC* (Case No. 05-47452 (RDD)), *In re Delphi Receivables LLC* (Case No. 05-47459 (RDD)), and *In re Mobilearia, Inc.* (Case No. 05-47474 (RDD)) (collectively, the "Additional Debtors"), on October 14, 2005.

2.      On October 8, 2005, this Court procedurally consolidated the Debtors' thirty-nine (39) chapter 11 cases filed at that time,[1] and ordered joint administration of them under *In re Delphi Corporation*, Case No. 05-44481 (RDD).

3.      On October 19, 2005, this Court procedurally consolidated the Additional Debtors with the chapter 11 cases filed up to that time, and likewise ordered joint administration of them under *In re Delphi Corporation, et al.*, Case No. 05-44481 (RDD).

---

[1]      The thirty-nine cases consolidated on October 8, 2005 are as follows *In re Delphi NY Holding Corp.*, *In re Delphi Corporation*, *In re ASEC Manufacturing General Partnership*, *In re Delphi Medical Systems Colorado Corporation*, *In re Delphi China LLC*, *In re ASEC Sales General Partnership*, *In re Delphi Medical Systems Texas Corporation*, *In re Delphi Automotive Systems Overseas Corporation*, *In re Delphi Automotive Systems Korea, Inc.*, *In re Delphi Automotive Systems International, Inc.*, *In re Delphi International Holdings Corp.*, *In re Aspire, Inc.*, *In re Delphi Connection Systems*, *In re Delphi International Services, Inc.*, *In re Environmental Catalysts, LLC*, *In re Specialty Electronics International Ltd.*, *In re Delphi Automotive Systems Thailand, Inc.*, *In re Delco Electronics Overseas Corporation*, *In re Delphi Technologies, Inc.*, *In re Delphi Automotive Systems (Holding), Inc.*, *In re Exhaust Systems Corporation*, *In re Delphi Medical Systems Corporation*, *In re Delphi Diesel Systems Corp.*, *In re Delphi Integrated Service Solutions, Inc.*, *In re Packard Hughes Interconnect Company*, *In re Delphi Electronics (Holding), LLC*, *In re Delphi Mechatronic Systems, Inc.*, *In re Specialty Electronics, Inc.*, *In re Delphi Automotive Systems Tennessee, Inc.*, *In re Delphi LLC*, *In re DREAL, Inc.*, *In re Delphi Automotive Systems Risk Management Corp.*, *In re Delphi Automotive Systems Services LLC*, *In re Delphi Liquidation Holding Company*, *In re Delphi Foreign Sales Corporation*, *In re Delphi Services Holding Corporation*, *In re Delphi Automotive Systems Human Resources LLC*, *In re Delphi Automotive Systems Global (Holding), Inc.*, and *In re Delphi Automotive Systems LLC*

4.      PBGC is a wholly-owned United States government corporation that administers the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1301-1461 ("ERISA").  The Debtors sponsor seven (7) defined benefit pension plans (the "Pension Plans") that are covered by the Title IV termination insurance program.

5.      PBGC asserts that each of the Debtors may be either a contributing sponsor of one or more of the Pension Plans or a member of the contributing sponsor's controlled group.  See 29 U.S.C. § 1301(a)(13) and (14).

6.      PBGC asserts that it must file at least three separate claims regarding each Pension Plan for:  (1) unpaid minimum funding contributions required under 26 U.S.C. § 412 and 29 U.S.C. §§ 1082 and 1362(c); (2) unpaid premiums owed to PBGC under 29 U.S.C. §§ 1307; and (3) contingent termination liability to PBGC under 29 U.S.C. § 362(a) and (b). PBGC has stated that each of the claims to be filed by PBGC in these cases, on behalf of itself and on behalf of the Pension Plans, will be asserted against each and every one of the Debtors for joint and several liability.  29 U.S.C. §§ 1307, 1362.

7.      If PBGC were to separately file three proofs of claim with respect to each of the seven (7) Pension Plans against each of the forty-two Debtors, PBGC would file a total of 882 claims. The filing of this many separate claims would impose an undue administrative burden on the Debtors, PBGC, the Court and the Debtors' claims agent.

**Agreement**

8.      Notwithstanding anything to the contrary set forth in the bar date order issued in this case, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and/or the local bankruptcy rules that would otherwise require PBGC to file separate proofs of claim against each of the Debtors, the Debtors and PBGC expressly agree that the filing of a proof of claim or

proofs of claim by PBGC on its own behalf or on behalf of the Pension Plans in the jointly

administered chapter 11, Case No. 05-44481 (RDD), shall be deemed to constitute the filing of

such proof of claim or proofs of claim in all of the cases jointly administered under *In re Delphi*

*Corporation, et al.*, Case No. 05-44481 (RDD).  Consequently, each claim PBGC files under

case number 05-44481 (RDD) shall represent a separate claim asserted against each of the forty-

two Debtors.

        9.      This Stipulation is intended solely for the purpose of administrative convenience.

Except to the extent expressly agreed herein, this agreement shall not be deemed to constitute an

agreement or admission as to the validity of any claims and shall not affect the substantive rights

of any of the Debtors, PBGC or any party in interest with respect to the number, allowance,

amount or priority of PBGC's claims or with respect to any objection, defense, offset,

counterclaim, acceptance or rejection by any of the Debtors related to PBGC's claims.

        10.     Unless the Debtors and PBGC expressly agree otherwise, this Stipulation shall

also apply to any amended proofs of claim that PBGC may file with respect to the Pension Plans.

4

11.    The Court shall retain jurisdiction over all matters or disputes under this

Stipulation.

Dated: New York, New York
May ___, 2006

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: _____
    John Wm. Butler, Jr. (JB-4711)
    John K. Lyons (JL-4951)
    Ron E. Meisler (RM-3026)
333 West Wacker Drive,
Suite 2100
Chicago, Illinois 60606
Tel: (312) 407-0700
Fax: (312) 407-0411

-and-

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: _____
    Kayalyn A. Marafioti (KM-9632)
    Thomas J. Matz (TM-5986)
Four Times Square
New York, New York 10036
Tel: (212) 735-3000
Fax: (917) 777-2350

Attorneys for Delphi Corporation, *et al.*,
Debtors and Debtors-in-Possession

[SIGNATURES CONTINUED ON NEXT PAGE]

5

Dated: Washington, D.C.
May ___, 2006

PENSION BENEFIT GUARANTY
CORPORATION


By:_____

    Jeffrey B. Cohen, Chief Counsel
    Israel Goldowitz, Deputy Chief Counsel
    Karen L. Morris, Associate Chief Counsel (KM-5709)[*]
    Ralph L. Landy, Attorney (RL-6162)[*]
    Joan Segal, Attorney
    Richard V.S. Luna, Attorney[*]
Office of Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Tel:  (202) 326-4020
Fax: (202) 326-4112

-and-

Dated: New York, New York
May 23, 2006

KELLEY DRYE & WARREN LLP


By:_____

    Eric R. Wilson (EW-4320)
101 Park Avenue
New York, NY 10178
Tel:  (212) 808-7800
Fax: (212) 808-7897

KELLEY DRYE & WARREN LLP
Joseph A. Boyle (JB-5036)
200 Kimball Drive
Parsippany, NJ 07054
Tel:  (973) 503-5920
Fax: (973) 503-5930

Attorneys for Pension Benefit Guaranty
Corporation

**SO ORDERED:**
**Dated:** June 26,2006
        New York, New York

/s/Robert D. Drain_____
United States Bankruptcy Court Judge

_____

[*]        Admitted *pro hac vice*