UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :

    In re                                 :        Chapter 11
                                            :
DELPHI CORPORATION, et al.,      :        Case No. 05-44481 (RDD)
                                            :
                     Debtors.     :        (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER APPROVING PROCEDURES FOR MODIFYING AUTOMATIC STAY
UNDER 11 U.S.C. § 362 TO ALLOW FOR (I) LIQUIDATING AND SETTLING
AND/OR (II) MEDIATING OF CERTAIN PREPETITION LITIGATION CLAIMS

("LIFT STAY PROCEDURES ORDER")

        Upon the motion, dated June 6, 2006 (Docket No. 4038), of Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. § 362 and Fed. R. Bankr. P. 7016 and 9019 establishing procedures (the "Lift Stay Procedures") for modifying the automatic stay applicable in these cases (the "Motion"), to the extent necessary, for (i) liquidating and settling and/or (ii) mediating certain prepetition litigation claims; and upon the objection of the O'Neill Claimants, dated June 13, 2006 (Docket No. 4173); and upon the objection of ACE American Insurance Company and Pacific Employers Insurance Company, and their respective affiliates, dated June 15, 2006 (Docket No. 4205); and upon the limited objection of the official committee of equity security holders, dated June 15, 2006 (Docket No. 4215); and upon the record of the hearing held on the Motion on June 15, 2006; and this Court having determined that the relief requested in the Motion, as granted herein, is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it

appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion, as modified herein, is GRANTED. The objection of ACE American Insurance Company, Pacific Employers Insurance Company, and their respective affiliates to the Motion (Docket No. 4205) has been withdrawn with prejudice effective as of the entry of this Order. Except as otherwise provided in this order, the objections to the Motion are overruled.

2. The Debtors are hereby authorized to utilize the Lift Stay Procedures, as modified herein, to settle and allow the Claims.[1]

3. The Lift Stay Procedures, as described in the Motion and as modified herein, are approved in all respects. The automatic stay applicable to these cases pursuant to 11 U.S.C. § 362 is hereby modified to the extent necessary for the Debtors to implement and administer the Lift Stay Procedures, as modified herein.

4. The Debtors, in their discretion, are hereby authorized to settle such Claims that do not exceed the amounts of any applicable deductibles under the Insurance Program in accordance with the following terms:

    (a) In settlement of a Claim, Bankruptcy Court approval shall not be required for the allowance of any Claim as a prepetition general unsecured non-priority claim in an amount equal to or less than $500,000, and the Debtors (and their insurer or other third party required to indemnify the Debtors (collectively, the "Third Party Indemnitors"), if applicable) may settle and allow any such Claim equal to or less than such amount without further notice or hearing;

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(b)   In settlement of a Claim in a sum greater than $500,000 but less than the applicable deductibles under the Insurance Program, the Debtors shall give notice of the terms of the proposed settlement (the "Proposed Settlement Notice") to counsel to the Creditors' Committee, the agent for the Debtors' prepetition financing facility (the "Prepetition Lenders' Agent"), the agent for the Debtors' postpetition financing facility (the "DIP Facility Agent"), and the United States Trustee (the "U.S. Trustee") (collectively, the "Notice Parties").  Counsel for the Official Committee of Equity Security Holders shall be included as a Notice Party only in instances in which the Claim at issue arises as a result of general labor disputes, including, without limitation, employee claims related to such disputes; the shut down, wind down, or closure of a manufacturing facility; or the closure of one of the Debtors' plants or businesses, in whole or in part.  The Proposed Settlement Notice may be served by e-mail (except the U.S. Trustee), facsimile, overnight delivery, or hand delivery.  The Notice Parties shall have ten business days following initial receipt of the Proposed Settlement Notice to object to or request additional time to evaluate the proposed settlement.  If counsel to the Debtors receive no written objection or written request for additional time prior to the expiration of such ten business day period, the Debtors shall be authorized to accept and consummate the proposed settlement.

(c)   If a Notice Party objects to the proposed settlement within ten business days after the Proposed Settlement Notice is received, the Debtors and such objecting Notice Party shall meet and confer in an attempt to negotiate a consensual resolution.  Should either party determine that court intervention is necessary, then the Debtors shall seek authority to approve the proposed settlement pursuant to Bankruptcy Rule 9019(a).

5.   As a condition precedent to settling any such Claim in accordance with the procedures set forth above, the Debtors shall require a Claimant to execute a release in favor of the Insurers, in form and substance acceptable to the Insurers, pursuant to which the Claimant shall release the Insurers from all liability to the Claimant, his/her/its heirs, administrators, executors, successors, and assigns with respect to such Claim arising under or relating to the Debtors' insurance policies and related agreements (including, without limitation, the Multi-Line Deductible Program Agreement and the amendments and addendum thereto) (the "Insurance Agreements") the Insurance Program, and applicable law.

6.   The Debtors shall provide the Creditors' Committee periodic summary reporting, commencing 120 days after the Bar Date, and quarterly thereafter, until confirmation of a plan of reorganization in these cases.  This periodic reporting shall include, with respect to each Claim resolved since the prior report, (i) the names of the Claimants with whom the

3

Debtors have reached settlement under the Lift Stay Procedures, (ii) the asserted amount of each Claimant's Claim, (iii) the amounts of and other consideration for such consummated settlement, and (iv) a general description of the particulars underlying the Claimant's Claim.

7. In addition, with respect to Claims that the Debtors are in the process of negotiating, where compromise or settlement of such Claims would fall within the scope of this Order, the financial advisors to the Creditors' Committee shall be entitled to receive periodic reports containing aggregate summary information without any individual Claimant data. The periodic reporting described in this paragraph shall be in the format currently being shared between the Debtors and the Creditors' Committee and shall take place not less frequently than monthly until further order of this Court.

8. Nothing in this Order is intended to, nor shall this Order, modify, impair, or affect any rights or obligations of the Debtors or the Insurers under the Insurance Agreements, the Insurance Program, or applicable law, or limit or otherwise prejudice any Third Party Indemnitor's rights, claims, or defenses, all of which are expressly reserved and preserved.

9. In accordance with the terms of the Insurance Program or the agreement with a Third Party Indemnitor, and if required thereunder, the Debtors shall not allow or settle any Claim that involves a Third Party Indemnitor, without notice to the Third Party Indemnitor, without providing an opportunity for such Third Party Indemnitor to be involved in the settlement discussions and providing the Third Party Indemnitor an opportunity to approve such settlement.

10. Nothing in this Order is intended to, nor shall this Order be deemed to, obviate the need for any Claimant to file a proof of claim prior to the Bar Date.

11. This Order shall survive and remain in full force and effect notwithstanding any of the dismissal, conversion, appointment of a trustee, or confirmation of a plan of or in these chapter 11 cases.

12. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and performance of this Order.

13. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York          /s/Robert D. Drain
         June 26, 2006               UNITED STATES BANKRUPTCY JUDGE