UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                               :

       In re                                          :        Chapter 11

                                                        :

DELPHI CORPORATION, <u>et al.</u>,        :        Case No. 05-44481 (RDD)

                                                        :

                               Debtors.     :        (Jointly Administered)

                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER REGARDING MOTION OF CINDY PALMER, PERSONAL
REPRESENTATIVE OF THE ESTATE OF MICHAEL PALMER,
<u>DECEASED, FOR RELIEF FROM AUTOMATIC STAY</u>

("PALMER LIFT STAY ORDER")

Upon the motion, dated March 6, 2006, (the "Motion") (Docket No. 2708), pursuant to 11 U.S.C. §362(d)(1), of Cindy Palmer, personal representative of the estate of Michael Palmer, deceased ("Palmer"), for relief from the automatic stay (the "Motion") (Docket No. 2708); and upon Palmer's Supplement to the Motion, dated April 18, 2006 (the "Supplement") (Docket No. 3267); and upon the Debtors' objection to the Motion, dated June 6, 2006 (Docket No. 4111); and upon the Debtors' corrected objection to the Motion, dated June 15, 2006 (Docket No. 4219); and upon Palmer's objection to such correction, dated June 16, 2006 (Docket No. 4240); and the Court having held on hearing on the Motion on June 19, 2006; and this Court having determined that the relief requested in the Motion, to the extent granted herein, is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Debtors having consented to the sole and limited relief

described in paragraph 2 of this order; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED in part and DENIED in part, as provided herein.

2. The automatic stay of 11 U.S.C. § 362 shall be and hereby is modified for the sole and limited purpose of allowing Palmer to prosecute to decision the appeal captioned Cindy Palmer v. Wesley International Inc., case no. 262873, in the Michigan Court of Appeals to determine whether Delphi Automotive Systems, LLC, et al. was rightfully dismissed from the underlying action. Palmer shall not be permitted to take any other action in connection with this matter without further order of this Court.

3. Except as provided in paragraph 2 of this order, the automatic stay of 11 U.S.C. § 362 shall remain in full force and effect for every other purpose.

4. This order is without prejudice to Palmer's right to seek further relief from the automatic stay.

5. In the event that Palmer is not successful in the appeal referred to in paragraph 2 of this order, Palmer may request further relief from the automatic stay of 11 U.S.C. § 362 for cause. Palmer may seek such relief on an expedited basis and without having to be heard on an omnibus hearing date, provided, however, that Palmer is able to show an expedited need based on the procedures for appeal in the Michigan Court of Appeals.

6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: New York, New York
      June 26, 2006

/s/Robert D. Drain  _____
UNITED STATES BANKRUPTCY JUDGE