**Exhibit A**

*Objections To The Hourly Special Attrition Programs Motion No. 2 (the "Motion")*
*Organized by Objection[1]*

| | OBJECTION ASSERTED | OBJECTING PARTY | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|
| 1. | The Debtors have not sufficiently shown a reasonable exercise of the Debtors' business judgment or that the benefits of the relief sought in the Motion outweigh the costs. | Docket No. 4292 – Appaloosa Group | The Debtors have met the standard under applicable case law with respect to approval of the Motion under section 363 of the Bankruptcy Code. The Debtors have reasonably determined that the Debtors' estates will benefit from the relief sought in the Motion. |
| 2. | The Debtors should not generate claims or financial obligations against Delphi Corporation absent a showing of benefits to Delphi Corporation, as opposed to its operating subsidiaries. | Docket Nos. 4343 & 4379 – WTC<br>Docket Nos. 4292 & 4381 – Appaloosa Group | The argument regarding the assignment of claims and the legal relationship between Delphi Corporation and its operating entities is not a basis to deny the relief requested in the Motion. |
| 3. | The Debtors have failed to demonstrate that the allowance of certain prepetition claims by GM and certain supposed waivers of defenses against GM is warranted. | Docket No. 4369 – Equity Committee<br>Docket No. 4378 – Creditors' Committee<br>Docket No. 4381 – Appaloosa Group | The Order, as drafted, provides sufficient protection to interested parties and adequate reservation of rights to object to claims in light of the direct, post-petition financial contribution contemplated by GM under the Hourly Special Attrition Programs. |
| 4. | GM claims are contingent and therefore barred under § 502(e) of the Bankruptcy Code, which prohibits the allowance of contingent claims for reimbursement for which the Debtors are co-liable. | Docket No. 4381 – Appaloosa Group | The Section 502(e) argument fundamentally misunderstands the way the attrition programs would operate, because any allowed GM claim will not be contingent at the time GM makes any buyout payment and any potential OPEB claims are not being "allowed" – to the contrary, the agreements expressly reserve substantial rights to object to such claims. |

---

[1] This chart reflects all objections entered on the docket as of June 27, 2006.

| | **OBJECTION ASSERTED** | **OBJECTING PARTY** | **RESOLUTION, RESPONSE, OR PROPOSAL** |
|---|---|---|---|
| 5. | The allowance of GM's claims is impermissible under § 363(b) of the Bankruptcy Code. | Docket No. 4378 – Creditors' Committee<br>Docket No. 4381 – Appaloosa Group | The Debtors have met the standard under applicable case law with respect to approval of the Motion under section 363 of the Bankruptcy Code. |
| 6. | Creditors' Committee receives authority pursuant to §§ 1103 and 1109 of the Bankruptcy Code to prosecute on behalf of the Debtors against GM any and all of the Estates' Claims and Defenses. | Docket No. 4378 – Creditors' Committee | The Order, as drafted, provides sufficient protection to interested parties in light of General Motors' financial contribution to the Hourly Special Attrition Programs. |
| 7. | The proposed Order should be amended to provide that GM's claims are not conclusive, and any party in interest reserves the right to challenge those claims on any grounds, including under section 502(d) of the Bankruptcy Code. | Docket No. 4369 – Equity Committee | The Order, as drafted, provides sufficient protection to interested parties in light of GM's financial contribution to the Hourly Special Attrition Programs. |

| DOCKET # | OBJECTING PARTY |
|---|---|
| 4292<br>4381 | Appaloosa Management L.P., Wexford Capital LLC, Lampe Conway & Co., LLC, Harbinger Capital Partners LLC, and Marathon Asset Management LLC (collectively, the "Appaloosa Group") |
| 4343<br>4379 | Wilmington Trust Company ("WTC") |
| 4369 | Official Committee of Equity Security Holders ("Equity Committee") |
| 4378 | Official Committee of Unsecured Creditors ("Creditors' Committee") |