KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
Edward M. Fox, Esq. (EF1619)
599 Lexington Avenue
New York, New York 10022
Telephone (212) 536-3900
Attorneys for Wilmington Trust Company,
as Indenture Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
In re:                                              :    Chapter 11
                                                    :    Case No. 05-44481 (RDD)
                                                    :    (Jointly Administered)
DELPHI CORPORATON, *et al.*,                        :
                                                    :    **AFFIDAVIT OF EDWARD M.**
        Debtors.                                    :    **FOX IN SUPPORT OF MOTION**
                                                    :    **FOR AN ORDER QUASHING**
                                                    :    **TRIAL SUBPOENA**
------------------------------------------------------X

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

    EDWARD M. FOX, being duly sworn, deposes and says:

    1.    I am a member of the bar of this Court and a member of the firm of Kirkpatrick & Lockhart Nicholson Graham LLP, counsel to Wilmington Trust Company, as indenture trustee ("WTC"), in the within proceeding. I make this Affidavit based on my personal knowledge in support of WTC's motion seeking an Order quashing (i) the trial subpoena issued by Delphi Corporation and its debtor subsidiaries and affiliates (collectively, the "Debtors") seeking trial testimony from the person or persons identified by WTC pursuant to Fed. R. Civ. P. 30(b)(6) and delivered to me on June 26, 2006 and (ii) the trial subpoena issued by Debtors seeking trial testimony from Steven Cimalore, an officer of WTC, which was e-

NY-449076 v1

mailed to me on June 28, 2006 (collectively, the "Trial Subpoena"). True and correct copies of the Trial Subpoenas are annexed hereto as Exhibit A.

2. The motion to quash is being brought by Order to Show Cause because WTC was served with the first of the Trial Subpoenas on or about June 26, 2006, four days before trial and the second on June 28, 2006, less than one day before trial. Debtors' counsel, Albert Hogan III, advised on the afternoon of May 28, 2006 that he was awaiting a determination by John Wm. ("Jack") Butler after the conclusion of Mr. Cimalore's deposition as to whether Mr. Cimalore's attendance at trial would be demanded. Due to the short time period between service of the notice of depositions and the hearing date, WTC has been forced to move to quash on an expedited basis and for temporary relief pending the hearing and determination of the Motion (as hereafter defined).

3. Mr. Cimalore appeared for a deposition in this matter on June 28, 2006. A copy of the transcript of the testimony of Mr. Cimalore is annexed hereto as Exhibit B. At the Court's direction, the deposition was limited to factual allegations supporting WTC's basis for objecting to the Motion.

4. WTC serves as indenture trustee for approximately $2 billion worth of senior notes and debentures issued by the Debtors.

5. WTC has a keen interest in ensuring the ultimate success of the Debtors' reorganization, and in maximizing the value available for distribution to the holders of the notes and debentures for whom it acts as indenture trustee.

6. On October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§ 101 *et seq.*) (the "Bankruptcy Code"). Since the Petition Date, the Debtors have continued to operate

their businesses and remained in possession of their assets as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7.  On March 22, 2006, the Debtors filed a Motion for Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving Debtors' Human Capital Hourly Attrition Program, which provided various incentives to the Debtors' UAW-represented employees to retire and/or flow back to General Motors Corporation. WTC opposed the motion.

8.  On May 8, 2006, this Court issued an Order approving the Debtors' participation in the Attrition Program.

9.  The Order was subsequently amended on May 12, 2006 to address technical issues raised by General Motors.

10.  On June 19, 2006, the Debtors filed a Motion for Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving (I) Supplement to UAW Special Attrition Program, and (II) IUE-CWA Special Attrition Program (the "Motion").

11.  WTC has objected to the Motion.

12.  On June 26, 2006, Debtors delivered to me a deposition notice, a document request, and the Trial Subpoena. WTC advised Debtors of its objections to the deposition notice and the document request on the grounds that the information sought was irrelevant and not reasonably calculated to lead to admissible evidence.

13.  On June 27, 2006, the Court directed that any discovery of WTC should be limited to factual allegations supporting WTC's basis for objecting to the Motion.

14.  The first Trial Subpoena seeks the testimony of a WTC representative on the following topics of examination:

- WTC's administration and management of, and performance of its rights and obligations under the indentures concerning the Debtors' Senior Debt.

- Communications between WTC and the holders of Debtors' Senior Debt with respect to any matter involving Debtors' chapter 11 proceedings, including, but not limited to, the Preliminary Objection of Wilmington Trust Company, As Indenture Trustee, To Motion for Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving (I) Supplement to UAW Special Attrition Program, and (II) IUE-CWA Special Attrition Program.

- Any of WTC's objections and basis thereof lodged in the Debtors' chapter 11 proceedings, including, but not limited to, the Preliminary Objection of Wilmington Trust Company, As Indenture Trustee, To Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6005 Approving (I) Supplement to UAW Special Attrition Program, and (II) IUE-CWA Special Attrition Program.

- The state of awareness and knowledge of the purchasers of Senior Debt concerning Debtors, at the time of the issuance of the Senior Debt.

15. On June 28, 2006, I conferred with Albert Hogan, III, counsel for the Debtors, in an effort to resolve the dispute regarding the Trial Subpoena but we were unable to come to an agreement.

16. No previous application has been made for the relief requested.

                                                                     /s/ Edward M. Fox  
                                                                     Edward M. Fox

Sworn to before me this  
28th day of June, 2006

/s/ Elaine Fera  
Notary Public  
Elaine Fera  
Notary Public, State of New York  
No. 03-4867816  
Qualified in Bronx County  
Commission Expires August 25, 2006