B 256 (11/91)

# United States Bankruptcy Court

Southern **District Of** New York

| | |
|---|---|
| In re Delphi Corp., et al. | **SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE** |
| Debtor | Case No.[1] 05-44481 (RDD) |
| To: | Chapter 11 |

Person or Persons identified by Wilmington Trust Company ("WTC") as Indenture Trustee in response to Notice of Federal Rule of Civil Procedure 30(b)(6) Deposition attached hereto. At such time as WTC identifies the person or persons in response to the Rule 30(b)(6) Deposition notice, Debtors will amend the subpoena and a subpoena to such person or persons will be issued.

☒ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| 1 Bowling Green<br>New York, NY 10004 | Hon. Robert D. Drain |
| | DATE AND TIME<br>June 29, 2006 10:00 am (EST) |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in proceedings by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Albert L. Hogan     on behalf of the Debtors | June 26, 2006 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Albert L. Hogan III (8807)<br>Skadden, Arps, Slate, Meagher & Flom, 4 Times Square, NY, NY 10036 | |

[1] If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

2002 © American LegalNet, Inc.

B 256 (11/91) (cont.)

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                              DATE                                                                    SIGNATURE OF SERVER

                                                                                                       _____
                                                                                                       ADDRESS OF SERVER

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more that 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2002 © American LegalNet, Inc.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
Albert L. Hogan III
John K. Lyons
Ron E. Meisler

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                            :
                                            :
In re                                       :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                    Debtors.                :    Jointly Administered
                                            :
-----------------------------------------------------------x

**NOTICE OF RULE 30(B)(6) DEPOSITION OF
THE WILMINGTON TRUST COMPANY AS INDENTURE TRUSTEE**

To:   The Wilmington Trust Company as Indenture Trustee c/o
      Edward M. Fox, Esq.
      Kirkpartrick & Lockhart Nicholson Graham LLP
      599 Lexington Avenue
      New York, New York 10022

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Delphi Corporation and certain of its domestic subsidiaries and affiliates ("Delphi") debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), by and through their attorneys will take the deposition, upon oral examination of one or more officers, directors, managing agents or representatives designated by the Wilmington Trust Company ("WTC") in its capacity as indenture trustee, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, commencing at 9:00 a.m. (Eastern Standard Time), on June 28, 2006, and continuing thereafter from day to day until completed. The deposition shall be recorded by stenographic and/or audiographic or videographic means and will take place before an officer authorized by law to administer oaths. You are invited to attend and cross-examine the witness(es).

The deposition is being taken for purposes of discovery, for use at any trial or hearing in this matter, or for both the foregoing reasons or for such other purposes as are permitted under the Federal Rules of Civil Procedure.

Pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, as made applicable herein by Federal Rules of Bankruptcy Procedure 7030 and 9014, WTC in its capacity as indenture trustee shall designate one or more officers, directors, managing agents or representatives who are most knowledgeable to testify on its behalf on the matters listed below.

## Definitions

A.   "WTC" means Wilmington Trust Company in its capacity as indenture trustee.

B.  "Debtors" means Delphi Corporation, its affiliated debtors and debtors-in-possession and/or any of its predecessor(s) or successor(s) in interest, parent corporations, subsidiaries, affiliates and other related entities, owners, officers, directors, employees, agents and beneficiaries, including attorneys, consultants and independent contractors.

C.  "Senior Debt" means the senior notes and debentures in the aggregate principal amount of $2 billion issued by Delphi Corporation as defined in the Preliminary Objection of Wilmington Trust Company, As Indenture Trustee, To Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving (I) Supplement to UAW Special Attrition Program, and (II) IUE-CWA Special Attrition Program.

D.  "Communication" means the transmittal of information of any kind, in any form and by any means.

E.  "Chapter 11 proceedings" means the Debtors' filing for protection under chapter 11 of the United States Code, 11 U.S.C. § 101 et. seq., as amended, in the United States Bankruptcy Court for the Southern District of New York on or about October 8, 2005.

### Topics of Examination

1.  WTC's administration and management of, and performance of its rights and obligations under the indentures concerning the Debtors' Senior Debt.

2.  Communications between WTC and the holders of Debtors' Senior Debt with respect to any matter involving Debtors' chapter 11 proceedings, including, but not limited to, the Preliminary Objection of Wilmington Trust Company, As Indenture Trustee, To Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving (I) Supplement to UAW Special Attrition Program, and (II) IUE-CWA Special Attrition Program.

3.  Any of WTC's objections and basis thereof lodged in the Debtors' chapter 11 proceedings, including, but not limited to, the Preliminary Objection of Wilmington Trust Company, As Indenture Trustee, To Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving (I) Supplement to UAW Special Attrition Program, and (II) IUE-CWA Special Attrition Program.

4.  The state of awareness and knowledge of the purchasers of Senior Debt concerning Debtors, at the time of the issuance of the Senior Debt.

DATED:  New York, New York
        June 26, 2006

                                        SKADDEN, ARPS, SLATE,
                                        MEAGHER & FLOM LLP

                                        By: /s/ Albert L. Hogan III
                                            Albert L. Hogan III
                                            John Wm. Butler, Jr.
                                            John K. Lyons
                                            Ron E. Meisler
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois 60606
                                        (312) 407-0700

                                            – and –

                                        SKADDEN, ARPS, SLATE,
                                        MEAGHER & FLOM LLP

                                        By:
                                            Kayalyn A. Marafioti (KM 9632)
                                            Thomas J. Matz (TM 5986)
                                        Four Times Square
                                        New York, New York 10036
                                        (212) 735-3000

                                        Attorneys for Delphi Corporation, et al.,
                                            Debtors and Debtors-in-Possession

## CERTIFICATE OF SERVICE

I, Courtney E. VanLonkhuyzen, an attorney, hereby certify that, on June 26, 2006, I caused a true and correct copy of the foregoing NOTICE OF RULE 30(B)(6) DEPOSITION OF THE WILMINGTON TRUST COMPANY AS INDENTURE TRUSTEE, to be served by email and hand delivery upon:

Edward M. Fox, Esq.
Kirkpartrick & Lockhart Nicholson Graham LLP
599 Lexington Avenue
New York, New York 10022
Email: efox@klng.com

/s/ Courtney E. VanLonkhuyzen
Courtney E. VanLonkhuyzen

B 256 (11/91)

# United States Bankruptcy Court
## District Of _____

In re  Delphi Corp., et al.

_____
                    Debtor

To: Steven Cimalore

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No.[1]  <u>05-44481 (RDD)</u>

Chapter  <u>11</u>

[x] **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| 1 Bowling Green<br>New York, NY 10004 | Hon. Robert D. Drain |
|  | DATE AND TIME<br>June 29, 2006 (10:00 am) |

[ ] **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[ ] **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

[ ] **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Fed. R. Civ. P. 30(b)(6) made applicable in proceedings by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bamkr. P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Albert L. Hogan III   on behalf of the Debtors | June 28, 2006 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Albert L. Hogan III<br>Skadden, Arps, Slate, Meagher & Flom, 4 Times Square, NY, NY 10036 |  |

[1] If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

2002 © American LegalNet, Inc.

B 256 (11/91) (cont.)

## PROOF OF SERVICE

|  |  |
|---|---|
| DATE | PLACE |

SERVED

|  |  |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

|  |  |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                           DATE                                                                 SIGNATURE OF SERVER

                                                                                              _____
                                                                                              ADDRESS OF SERVER

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more that 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2002 © American LegalNet, Inc.