SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

DEBTORS' OPPOSITION IN RESPONSE TO WILMINGTON TRUST COMPANY'S
MOTION FOR AN ORDER QUASHING TRIAL SUBPOENA

       Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the

"Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively,

the "Debtors"), hereby submit this opposition (the "Opposition") to the motion filed by the

Wilmington Trust Company ("WTC") seeking to quash a trial subpoena served on WTC in

connection with WTC's objection to the Debtors' Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving (I) Supplement to UAW Special Attrition Program and (II) IUE-CWA Special Attrition Program, dated June 19, 2006 (the "Pending Attrition Plan Motion").  In support of this Opposition, the Debtors respectfully represent as follows:

Argument

1.  Tomorrow the Court will take evidence and argument on the Pending Attrition Plan Motion.  Because of the volume of paper necessary for the Court to consider, and the importance of the issues in that proceeding, the Debtors will be brief with respect to this ancillary matter raised by WTC.

2.  As the Court is aware, WTC has now filed numerous objections in these proceedings with the common theme that Delphi Corporation should not bear the costs of the Debtors' labor force restructuring, but rather, other affiliated Debtors should relieve Delphi Corporation of those expenses, to the windfall benefit of Delphi Corporation bondholders. WTC's objection to the Pending Attrition Plan Motion is the latest version in this series.  WTC has asserted that Delphi Corporation will not receive "any concrete benefit" from the labor cost transformation that the Pending Attrition Plan Motion seeks to further.

3.  As explained in the Debtors' Omnibus Reply To Objections concerning the Pending Attrition Plan Motion, the Debtors' find this position baffling.  The Debtors' have determined that the time has come for WTC to explain the factual basis for its objections, and in particular, the assertion that Delphi Corporation will not benefit from a successful labor cost restructuring.  Thus, Debtors' served on WTC's counsel a Rule 30(b)(6) deposition notice, a document request, and a trial subpoena to seek information related to WTC's prosecution of its objection.

        4.       WTC does not want to comply.  As the Court is aware, WTC sought to prevent the deposition from proceeding, but the Court would not adopt that extreme position.  Similarly, in response to the document request (which called for only two categories of documents), WTC responded with a bevy of objections but precisely <u>zero</u> pages of documents.  Now, through this motion to quash WTC seeks to continue its attempts to stonewall Debtors' legitimate efforts to shed light on, what Debtors believe, is a legal and factual position that is without any merit.

        5.       WTC's basic point in its motion to quash is that, because WTC has no knowledge of the factual basis of its objection (apart from what its lawyers might have said), WTC's testimony is somehow irrelevant.  Instead, WTC's inability to substantiate the assertion that Delphi Corporation will receive no benefits from labor restructuring <u>is</u> the relevant line of inquiry.

        6.       WTC objected to the Debtors first attrition plan motion, and has now appealed this Court's Order approving that plan.  Should the Court approve the Pending Attrition Plan Motion, it is likely that WTC will appeal again.  Thus, it is important that the Debtors be able to develop a complete record concerning WTC's objection, and the lack of a factual basis for that objection, in order to protect the significant progress that the attrition plans represent to the Debtors' estates.

        7.       Thus, the motion to quash should be denied, and WTC should be ordered to produce its witness at the hearing tomorrow, at 10 a.m. before this Court.

        8.       WTC's procedural objections are spurious.  Debtors' counsel served a trial subpoena on WTC's counsel on Monday, and made it clear that Debtors' expected to take

evidence at the hearing.[1]  WTC is a party-in-interest, and thus, its invocation of the 100-mile rule is inapposite.  Fed. R. Civ. P. 45(b)(2) is subject to the provisions of clause (ii) of subparagraph (c)(3)(A) of the same rule.  This subparagraph provides protections for a person <u>who is not a party or an officer of a party</u> with respect to traveling more than 100 miles to the place of trial.  Furthermore, bankruptcy courts in the Southern District of New York have reviewed subsection (c)(3)(A), and held that the 100 mile requirement of Fed. R. Civ. P. 45(b)(2) is only applicable to those persons particularly described - i.e. non-parties.  <u>Ames Department Stores, Inc v. NWL Holdings, Inc.</u>, No. 01-42217 (REG) 2004 WL 1661983 (Bankr. S.D.N.Y. June 25, 2004).

---

[1] The notion that somehow WTC was not on notice that it would be expected to produce its witness at the hearing is preposterous.  At the conclusion of the deposition of WTC's representative, Debtor's counsel informed WTC's counsel that WTC should plan on producing its representative at the hearing tomorrow, as that was Debtor's expectation.  Thus, no "confirmation" of this position was necessary.

Conclusion

WHEREFORE the Debtors respectfully request that this Court deny WTC's motion for an order to quash the subpoena on WTC, and that the Court order WTC to produce its representative at the hearing tomorrow, at 10 a.m..

Dated: New York, New York
       June 28, 2006

                    SKADDEN, ARPS, SLATE, MEAGHER
                      & FLOM LLP

                    By: /s/ Albert L. Hogan, III
                        John Wm. Butler, Jr. (JB 4711)
                        Albert L. Hogan, III (AH 8807)
                        John K. Lyons (JL 4951)
                        Ron E. Meisler (RM 3026)
                    333 West Wacker Drive, Suite 2100
                    Chicago, Illinois  60606
                    (312) 407-0700

                    - and -

                    By: /s/ Kayalyn A. Marafioti
                        Kayalyn A. Marafioti (KM 9632)
                        Thomas J. Matz (TM 5986)
                    Four Times Square
                    New York, New York  10036
                    (212) 735-3000

                    Attorneys for Delphi Corporation, et al.,
                        Debtors and Debtors-in-Possession