UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
　　　　　　　　　　　　　　　　　　　　　　　:
　　In re　　　　　　　　　　　　　　　　　　:　　Chapter 11
　　　　　　　　　　　　　　　　　　　　　　　:
DELPHI CORPORATION, et al.,　　　　　　　　　:　　Case No. 05-44481 (RDD)
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　Debtors.　　　　　:　　(Jointly Administered)
　　　　　　　　　　　　　　　　　　　　　　　:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 363, 502, AND 503 AND FED. R. BANKR. P. 9019(b)
AUTHORIZING DEBTORS TO COMPROMISE OR SETTLE CERTAIN CLASSES OF
CONTROVERSY AND ALLOW CLAIMS WITHOUT FURTHER COURT APPROVAL

("SETTLEMENT PROCEDURES ORDER")

Upon the motion, dated June 6, 2006 (Docket No. 4037) (the "Motion")[1], of Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Settlement Procedures Order") authorizing the Debtors to compromise or settle certain classes of controversy, including, but not limited to, the allowance of claims within those classes, in these chapter 11 cases without further court approval; and upon the limited objection of Riverside Claims LLC, dated June 13, 2006 (Docket No. 4154); the objection of Appaloosa Management L.P., Wexford Capital LLC, Lampe Conway & Co., LLC, Harbinger Capital Partners LLC, and Marathon Asset Management LLC (the "Ad Hoc Equity Committee"), dated June 13, 2006 (Docket No. 4162); the limited objection of the Official Committee of Equity Security Holders (the "Equityholders' Committee"), dated June 15, 2006 (Docket No. 4215); and this Court having determined that the relief requested in the Motion and granted herein is in the

---

[1]　Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.  The Motion, as modified herein, is GRANTED.  The objections to the Motion are overruled, except as set forth herein.

2.  The Debtors are hereby authorized to utilize the Settlement Procedures (as defined below) to compromise or settle certain classes of controversy and allow certain claims within those classes.

3.  The Debtors are hereby authorized, but not directed, to resolve non-ordinary course controversies, both prepetition and postpetition, without further Bankruptcy Court approval but pursuant to the procedures set forth below (the "Settlement Procedures").

4.  For purposes of the Settlement Procedures Order:

(a)  "Documented Difference" means the difference between the Debtors' good faith estimate of the value of the controversy[2] and the Settlement Amount (as defined below).

(b)  "Notice Parties" means (i) the U.S. Trustee, (ii) counsel for the Creditors' Committee, (iii) counsel for the agent under the Debtors' prepetition credit facility, and (iv) counsel for the agent under the Debtors' postpetition credit facility; provided that (v) counsel for the Equityholders' Committee shall be included as a Notice Party, but only in instances in which the claim at issue arises as a result of general labor disputes, including, without limitation, employee claims related to such disputes; the shut down, wind down, or closure of a manufacturing facility; or the closure of one of the Debtors' plants or businesses, in whole or in part, and (vi) counsel to the Ad Hoc Equity Committee shall be included as a Notice Party only with respect to claims proposed to be settled by Delphi Corporation.  Any information received by counsel to the Ad Hoc Equity Committee under the Settlement Procedures is for counsel's

---

[2] To the extent that the controversy is the reconciliation of a claim that is listed on the Debtors' schedules of assets of liabilities (the "Schedules"), the Debtors' good faith estimate of the value of such controversy shall be the amount listed for such claim on the Debtors' Schedules.

2

eyes only, unless the Debtors and the Ad Hoc Equity Committee agree otherwise, or subject to further order of the Bankruptcy Court.

        (c)    "Proposed Settlement Notice" means notice of the terms of the proposed settlement.

        (d)    "Settlement Amount" means the proposed amount for which the Debtors are seeking to settle such claim. For purposes of calculating the Settlement Amount under the notice procedures set forth below, the Debtors shall treat in the aggregate: (i) multiple settlements obtained by a single claimholder for a related series of clams; (ii) related series of claims of one or more claimholders resolved under one global settlement, regardless of whether such settlement was consummated under more than one settlement agreement; and (iii) related series of claims of one or more claimholders related to the same act or omission.

    5.    Resolution of the disputes under the Settlement Procedures Order shall be subject to the following parameters:

        (a)    If the Settlement Amount for a general unsecured prepetition claim is less than $1,000,000 (and $500,000 for a prepetition secured or priority claim, administrative expense priority claim, or other postpetition claim), the Debtors shall be authorized to settle such claim without the need for further Court approval or further notice; <u>provided</u>, <u>however</u>, that once the aggregate amount of all Settlement Amounts obtained pursuant to this subparagraph (5)(a) exceeds $100,000,000, the Debtors shall follow the procedures set forth in subparagraph 5(b) below if the Settlement Amount with respect to any individual proposed settlement is equal to or greater than $500,000.

        (b)    If (x) the Documented Difference for a general unsecured prepetition claim is greater than or equal to $1,000,000 (and $500,000 for a prepetition secured or priority claim, administrative expense priority claim, or other postpetition claim) but less than $5,000,000, (y) the Settlement Amount for a general unsecured prepetition claim is greater than or equal to $1,000,000 (or greater than or equal to $500,000 for a prepetition secured or priority claim, administrative expense priority claim, or other postpetition claim), or (z) the Debtors have determined in their business judgment that a reasonable compromise or settlement of a claim affects any claim asserted by the Debtors against a third party in excess of $1,000,000:

        (i)    The Debtors shall provide the Notice Parties with the Proposed Settlement Notice. The Proposed Settlement Notice shall be served by e-mail (except for the U.S. Trustee), facsimile, overnight delivery, or hand delivery.

    (ii) The Notice Parties shall have ten business days following initial receipt of the Proposed Settlement Notice to object to or request additional time to evaluate the proposed settlement. If counsel to the Debtors receive no written objection or written request for additional time prior to the expiration of such ten business day period, the Debtors shall be authorized to accept and consummate the proposed settlement.

    (iii) If a Notice Party objects to the proposed settlement within ten business days after the Proposed Settlement Notice is received, the Debtors and such objecting Notice Party shall meet and confer in an attempt to negotiate a consensual resolution. Should either party determine that an impasse exists, then the Debtors shall not be authorized to consummate the proposed settlement without further order of the Bankruptcy Court.

 (c) If the Documented Difference is greater than or equal to $5,000,000, the Debtors shall not be authorized to consummate the proposed settlement of a claim without further order of the Bankruptcy Court.

 (d) Notwithstanding anything to the contrary as set forth in these Settlement Procedures, if the Settlement Amount with respect to any individual proposed settlement is greater than or equal to $10,000,000, the Debtors shall not be authorized to consummate the proposed settlement without further order of the Bankruptcy Court.

6. Settlement of any prepetition controversies in these categories resulting in monetary claims against the Debtors shall be resolved solely by the determination and allowance of a claim. The Debtors shall not pay any prepetition claims without a separate Bankruptcy Court order.

7. Settlement of any postpetition controversies in these categories resulting in monetary claims against the Debtors may be resolved, where applicable, by the Debtors' payment of an administrative expense claim related to such settlement.

8. The Debtors shall provide periodic summary reporting to counsel for the Creditors' Committee of all settlements consummated pursuant to this Order. This periodic reporting shall include, with respect to each settlement consummated since the prior report to the Creditors' Committee, (i) the names of parties with whom the Debtors have reached settlement,

4

(ii) the asserted amount of the settling party's claim, (iii) the amounts of and other consideration for such consummated settlement, and (iv) the particulars of each such consummated settlement that were considered by the Debtors in arriving at the decision to enter into such settlement. From and after the last day of the first full month after the date of entry of the proposed order, this periodic reporting shall take place quarterly, until confirmation of a plan of reorganization in these cases.

9. In addition, with respect to claims that the Debtors are in the process of negotiating, where compromise or settlement of such claims would fall within the scope of this Order, the financial advisors to the Creditors' Committee shall be entitled to receive periodic reports containing aggregate summary information without any individual creditor data. The periodic reporting described in this paragraph shall be in the format currently being shared between the Debtors and the Creditors' Committee and shall take place not less frequently than monthly until further order of this Court.

10. Notwithstanding anything contained herein, any settlement that involves an "insider," as defined in section 101(31) of the Bankruptcy Code, shall be effected only in accordance with Bankruptcy Rule 9019(a).

11. This Order shall in no manner affect, impair, impede, or otherwise alter the right of the Debtors to resolve any controversy arising in the ordinary course of the Debtors' business or under any other order of the Court.

12. Following the running of the bar date established by this Court's Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof, dated April 12, 2006 (Docket No. 3206), the Debtors may

renew their request to this Court to modify the terms of this Order, including but not limited to, aggregate caps, ceilings and thresholds, composition of the Notice Parties, and notice procedures, as set forth herein.

13. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and performance of this Order.

14. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York           /s/ ROBERT D. DRAIN
         June 29, 2006                UNITED STATES BANKRUPTCY JUDGE