IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
        In re                                 :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                            Debtors.          :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

        I, Evan Gershbein, being duly sworn according to law, depose and say that I am
employed by Kurtzman Carson Consultants, LLC, the Court appointed claims and
noticing agent for the Debtors in the above-captioned cases.

        On June 28, 2006, I caused to be served the documents listed below (i) upon the
parties listed on Exhibit A hereto via overnight delivery, (ii) upon the parties listed on
Exhibit B hereto via electronic notification, (iii) upon the parties listed on Exhibit C
hereto via facsimile, and (iv) upon the parties listed on Exhibit D hereto via postage pre-
paid U.S. mail:

   1)   Declaration of Kevin M. Butler in Support of Debtors' Motion for Order
        Under 11 U.S.C. Section 363(b) and Fed. R. Bankr. P. 6004 Approving (I)
        Supplement to UAW Special Attrition Program and (II) IUE-CWA Special
        Attrition Program (Docket No. 4393) [a copy of which is attached hereto as
        Exhibit E]

   2)   Declaration of David L. Resnick in Support of Debtors' Motion for Order
        Under 11 U.S.C. Section 363(b) and Fed. R. Bankr. P. 6004 Approving (I)
        Supplement to UAW Special Attrition Program and (II) IUE-CWA Special
        Attrition Program (Docket No. 4395) [a copy of which is attached hereto as
        Exhibit F]

   3)   Declaration of John D. Sheehan in Support of Debtors' Motion for Order
        Under 11 U.S.C. Section 363(b) and Fed. R. Bankr. P. 6004 Approving (I)
        Supplement to UAW Special Attrition Program and (II) IUE-CWA Special
        Attrition Program (Docket No. 4396) [a copy of which is attached hereto as
        Exhibit G]

   4)   Proposed Human Capital Hourly Attrition Programs Motion No.2 Hearing
        Agenda (Docket No. 4405) [a copy of which is attached hereto as Exhibit H]

On June 28, 2006, I caused to be served the documents listed below upon the parties listed on Exhibit I hereto via overnight delivery:

5) Debtors' Omnibus Reply to Objections to Motion for Order Under 11 U.S.C. Section 363 and Fed. R. Bankr. P. 6004 Approving (I) Supplement to UAW Special Attrition Program and (II) IUE-CWA Special Attrition Program (Docket No. 4398) [a copy of which is attached hereto as Exhibit J]

6) Revised Exhibit A to Debtors' Omnibus Reply to Objections to Motion for Order Under 11 U.S.C. Section 363(b) and Fed. R. Bankr. P. 6004 Approving (I) Supplement to UAW Special Attrition Program and (II) IUE-CWA Special Attrition Program (Docket No. 4402) [a copy of which is attached hereto as Exhibit K]

Dated: June 30, 2006

*/s/ Evan Gershbein*
Evan Gershbein

Subscribed and sworn to (or affirmed) before me on this 30th day of June, 2006, by Evan Gershbein, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature : */s/ Sarah Elizabeth Frankel*

Commission Expires: *12/23/08*

# EXHIBIT A

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | bsimon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | 212-450-3092 212-450-3213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | cschiff@flextronics.com | Counsel for Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | paul.anderson@flextronics.com | Counsel for Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com sliviri@ffhsj.com | Proposed Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel for Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 152 West 57th Street | 35th Floor | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel for Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Internal Revenue Service | Attn: Insolvency Department, Maria Valerio | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-436-1038 | 212-436-1931 | mariaivalerio@irs.gov | IRS |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | 48226 | 313-628-3648 | 313-628-3602 | | Michigan IRS |
| IUE-CWA | Conference Board Chairman | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | | Creditor Committee Member |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.f.maher@chase.com richard.duker@jpmorgan.com gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | James Le | 12910 Culver Blvd. | Suite I | Los Angeles | CA | 90066 | 310-751-1811 | 310-751-1561 | jle@kccllc.com | Noticing and Claims Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Law Debenture Trust of New York | Daniel R. Fisher | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |

In re: Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 3

6/29/2006 10:15 AM
Delphi Master Service List

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel for Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel for Recticel North America, Inc. |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | 212-682-5015 | lszlezinger@mesirowfinancial.com | UCC Professional |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel for Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | ServeAG@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov efile@pbgc.gov | Counsel for Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel for the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel for Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | 2122185526 | rdremluk@seyfarth.com | Counsel for Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel for Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Tyco Electronics Corporation | MaryAnn Brereton, Assistant General Counsel | 60 Columbia Road | | Morristown | NJ | 7960 | 973-656-8365 | 973-656-8805 | | Creditor Committee Member |
| United States Trustee | Alicia M. Leonhard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | Counsel to United States Trustee |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Proposed Conflicts Counsel for the Official Committee of Unsecured Creditors |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 3

6/29/2006 10:15 AM
Delphi Master Service List

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

6/29/2006 10:15 AM
Delphi Master Service List

Delphi Corporation
Attrition Plan
Union Service List

| Contact | Company | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Al Coven | UAW Local 699 | 1191 Bagley St | | Saginaw | MI | 48601 |
| Bennie Calloway | UAW Local 2188 | 342 Perry House Rd. | | Fitzgerald | GA | 31750 |
| Bill Riddle | UAW Local 659 | 1222 Glenwood | | Flint | MI | 48502 |
| Carl Kolb, Ted Williams | IUE-CWA Local 698 | International Union of Electrical Workers | 1001 Industrial Park Dr | Clinton | MS | 39056-3211 |
| Conference Board Chairman | IUE-CWA Automotive Conf Board | 2360 Dorothy Lane | Ste. 201 | Dayton | OH | 45439 |
| Darel Green | UAW Local 1021 | 804 Meadowbrook Dr. | | Olathe | KS | 66062 |
| Darrell Shepard | UAW Local 2157 | 4403 City View Dr. | | Wichita Falls | TX | 76305 |
| David York | UAW Local 438 | 7435 S. Howell Ave. | | Oak Creek | WI | 53154 |
| Dennis Bingham | USW Local 87 | 21 Abbey Avenue | | Dayton | OH | 45417 |
| Frank Andrews | UAW Local 686 | 524 Walnut St. | | Lockport | NY | 14094 |
| Gary Resier | IUE-CWA Local 717 | 2950 Sierra Dr. NW | | Warren | OH | 44483 |
| Jack White | UAW Local 167 | 5545 Fieldstone Ct. | | Middleville | MI | 49333 |
| James Clark | IUE-CWA Industrial Division | 501 Third Street NW | | Washington | DC | 20001-2797 |
| James Hurren | UAW Local 467 | 2104 Farmer St. | | Saginaw | MI | 48601 |
| Joe Buckley | UAW Local 696 | 1543 Alwildy Ave | | Dayton | OH | 45408 |
| John Clark | UAW Local 2031 | 5075 Belmere Dr. | | Manitou Beach | MI | 49253 |
| John Huber | UAW Local 1097 | 221 Dewey Ave | | Rochester | NY | 14608 |
| Kizziah Polke | UAW Local 2083 | c/o Delphi T & I   Garry Gilliam | | Cottondale | AL | 35453 |
| Larry Phillips | IUE-CWA Local 711 | 4605 Airport Rd. | | Gadsden | AL | 35904 |
| Larry West | IUE-CWA Local 755 | 1675 Woodman Dr. | | Dayton | OH | 45432 |
| Lattie Slusher | UAW Local 913 | 3114 S. Hayes Ave. | | Sandusky | OH | 44870 |
| Mark Profitt | IUE-CWA Local 801 | 1250 W. Dorothy Lane | Suite 301 | Dayton | OH | 45439 |
| Mark Sweazy | UAW Local 969 | 3761 Harding Dr. | | Columbus | OH | 43228 |
| Richard Shoemaker | Vice-President GM Department | 8000 E Jefferson | | Detroit | MI | 48214 |
| Rick Zachary | UAW Local 662 | 2715 Rangeline Dr. | | Anderson | IN | 46017 |
| Rob Betts | UAW Local 2151 | 140 64th Ave. | | Coopersville | MI | 49404 |
| Ron Gettelfinger | UAW President | 8000 E Jefferson | | Detroit | MI | 48214 |
| Russ Reynolds | UAW Local 651 | 3518 Robert T. Longway Blvd. | | Flint | MI | 48506 |
| Scott Painter | IUE-CWA Local 1111 | 1051 S. Rockerfeller Ave. | | Ontario | CA | 91761 |
| Skip Dziedzic | UAW Local 1866 | 7435 S. Howell Ave. | | Oak Creek | WI | 53154 |
| Sona Camp | UAW Local 292 | 1201 W. Alto Rd. | | Kokomo | IN | 46902 |
| Steve Ishee | UAW Local 2190 | 1 Thames Ave. | | Laurel | MS | 39440 |
| Terry Scruggs | UAW Local 2195 | 20564 Sandy Rd. | | Tanner | AL | 35671 |
| William Humber | IUE-CWA Local 416 | 760 Jersey Avenue | | New Brunswick | NJ | 08901 |
| ZebWells | IUE-CWA Local 718 | 925 Industrial Park Rd. | | Brookhaven | MS | 39601 |

In re Delphi Corporation, et al.
Case No. 05-44481

Page 1 of 1

6/29/2006 10:17 AM
578081

Delphi Corporation
Attrition Plan
Union Counsel Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Cohen, Weiss & Simon LLP | Joseph J. Vitale | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | 646-473-8238 | jvitale@cwsny.com | Counsel for International Union, United Automobile, Areospace and Agriculture Implement Works of America (UAW) |
| IUE-CWA | James D Clark | 501 Third St NW | Sixth Fl | Washington | DC | 20001 | | | 202-434-1343 | | |
| IUE-CWA | Peter Mitchell | 501 Third St NW | Sixth Fl | Washington | DC | 20001 | | | | | |
| Kennedy, Jennick & Murray, P.C. | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | | | | Attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers-Communications Workers of America |
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | lpeterson@msek.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| United Auto Workers | Daniel Sherrick | 8000 E Jefferson Ave | | Detroit | MI | 48214 | | | | | |

In re Delphi Corporation, et al.
Case No. 05-44481

Page 1 of 1

6/29/2006 10:17 AM
578082

# EXHIBIT B

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | bsimon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | 212-450-3092 212-450-3213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | cschiff@flextronics.com | Counsel for Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | paul.anderson@flextronics.com | Counsel for Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com sliviri@ffhsj.com | Proposed Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel for Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 152 West 57th Street | 35th Floor | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel for Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.f.maher@chase.com richard.duker@jpmorgan.com gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | James Le | 12910 Culver Blvd. | Suite I | Los Angeles | CA | 90066 | 310-751-1511 | 310-751-1561 | jle@kccllc.com | Noticing and Claims Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Law Debenture Trust of New York | Daniel R. Fisher | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel for Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel for Recticel North America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 2

6/29/2006 10:15 AM
Delphi Master Service List

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | 212-682-5015 | lszlezinger@mesirowfinancial.com | UCC Professional |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel for Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | ServeAG@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov efile@pbgc.gov | Counsel for Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel for the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel for Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor's |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | 2122185526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel for Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Proposed Conflicts Counsel for the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | | 610-230-3064 | 310-687-1052 | david.boyle@airgas.com | Counsel for Airgas, Inc. |
| Ajamie LLP | Thomas A. Ajamie | 711 Louisiana | Suite 2150 | Houston | TX | 77002 | | 713-860-1600 | 713-860-1699 | tajamie@ajamie.com | Counsel for SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Akin Gump Strauss Hauer & Feld, LLP | Peter J. Gurfein | 2029 Centure Park East | Suite 2400 | Los Angeles | CA | 90067 | | 310-552-6696 | 310-229-1001 | pgurfein@akingump.com | Counsel for Wamco, Inc. |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | 949-553-8354 | mgreger@allenmatkins.com | Counsel for Kilroy Realty, L.P. |
| Alston & Bird, LLP | Craig E. Freeman | 90 Park Avenue | | New York | NY | 10016 | | 212-210-9400 | 212-922-3891 | craig.freeman@alston.com | Counsel for Cadence Innovation, LLC |
| Alston & Bird, LLP | Dennis J. Connolly; David A. Wender | 1201 West Peachtree Street | | Atlanta | GA | 30309 | | 404-881-7269 | 404-253-8554 | dconnolly@alston.com dwender@alston.com | Counsel for Cadence Innovation, LLC |
| Ambrake Corporation | Ronald L. Jones | 300 Ring Road | | Elizabethtown | KY | 42701 | | 270-765-0208 | 270-234-2395 | rjones@ambrake.com | Representative for Ambrake Corporation |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E 2-42 | | Detroit | MI | 48243 | | 313-758-4868 | | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Andrews Kurth LLP | Gogi Malik | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | gogimalik@andrewskurth.com | Counsel for ITW Mortgage Investments IV, Inc. |
| Andrews Kurth LLP | Monica S. Blacker | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | mblacker@andrewskurth.com | Counsel for  ITW Mortgage Investments IV, Inc. |
| Angelo, Gordon & Co. | Leigh Walzer | 245 Park Avenue | 26th Floor | New York | NY | 10167 | | 212-692-8251 | 212-867-6395 | lwalzer@angelogordon.com | Counsel for Angelo, Gordon & Co. |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | 626-577-7764 | mtf@afrct.com | Counsel for Stanley Electric Sales of America, Inc. |
| APS Clearing, Inc. | Andy Leinhoff | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | | 512-314-4416 | 512-314-4462 | aleinoff@amph.com | Counsel for APS Clearing, Inc. |
| APS Clearing, Inc. | Matthew Hamilton | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | | 512-314-4416 | 512-314-4462 | mhamilton@ampn.com | Counsel for APS Clearing, Inc. |
| Arent Fox PLLC | Mitchell D. Cohen | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Cohen.Mitchell@arentfox.com | Counsel for Pullman Bank and Trust Company |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Hirsh.Robert@arentfox.com | Counsel for Pullman Bank and Trust Company |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | 404-873-8121 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | 202-942-5999 | joel_gross@aporter.com | Counsel for CSX Transportation, Inc. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | 519-650-6520 | cgalloway@atsautomation.com | Company |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | Kimberly J. Robinson | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | | 312-629-5170 | 312-984-3150 | kim.robinson@bfkpn.com | Counsel for Motion Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum Perlman, & Nagelberg LLP | William J. Barrett | 333 West Wacker Drive | Suite 2700 | Chicago | IL | 60606 | | 312-629-5170 | 312-984-3150 | william.barrett@bfkpn.com | Counsel for Motion Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | alan.mills@btlaw.com | Counsel for Mays Chemical Company |
| Barnes & Thornburg LLP | John T. Gregg | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3930 | 626-742-3999 | john.gregg@btlaw.com | Counsel to Priority Health; Clarion Corporation of America |
| Barnes & Thornburg LLP | Mark R. Owens | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | mark.owens@btlaw.com | Counsel for Clarion Corporation of America |
| Barnes & Thornburg LLP | Michael K. McCrory | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | michael.mccrory@btlaw.com | Counsel for Gibbs Die Casting Corporation; Clarion Corporation of America |
| Barnes & Thornburg LLP | Patrick E. Mears | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3936 | 616-742-3999 | pmears@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | 317-231-7433 | wendy.brewer@btlaw.com | Counsel for Gibbs Die Casting Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 19

6/29/2006 10:16 AM
Delphi 2002 List

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-----|-------|------------------|
| Bartlett Hackett Feinberg P.C. | Frank F. McGinn | 155 Federal Street | 9th Floor | Boston | MA | 02110 | | 617-422-0200 | 617-422-0383 | ffm@bostonbusinesslaw.com | Counsel for Iron Mountain Information Management, Inc. |
| Beeman Law Office | Thomas M Beeman | 33 West 10th Street | Suite 200 | Anderson | IN | 46016 | | 765-640-1330 | 765-640-1332 | tom@beemanlawoffice.com | Counsel for Madison County (Indiana) Treasurer |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | 2125541444 | hannah@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | John P. Coffey | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1409 | 2125541444 | sean@blbglaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | Wallace A. Showman | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1429 | 212-554-1444 | wallace@blbglaw.com | Counsel for SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | | 313-496-1200 | 313-496-1300 | murph@berrymoorman.com | Counsel for Kamax L.P.; Optrex America, Inc. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.. |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Patrick M. Costello, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | pcostello@bbslaw.com | Solectron Corporation; Solectron de Mexico SA de CV; Solectron Invotronics and Coherent, Inc. |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | 650-494-2738 | tgaa@bbslaw.com | Counsel to  Veritas Software Corporation |
| Blank Rome LLP | Bonnie Glantz Fatell | Chase Manhattan Centre | 1201 Market Street, Suite 800 | Wilmington | DE | 19801 | | 302-425-6423 | 302-428-5110 | fatell@blankrome.com | Counsel for Special Devices, Inc. |
| Blank Rome LLP | Marc E. Richards | The Chrylser Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | 212-885-5002 | mrichards@blankrome.com | Counsel for DENSO International America, Inc. |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | 313-393-7579 | rmcdowell@bodmanllp.com | Counsel for Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | chill@bsk.com | Counsel for Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | csullivan@bsk.com | Counsel for Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | 315-218-8100 | sdonato@bsk.com | Counsel for Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 19

6/29/2006 10:16 AM
Delphi 2002 List

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Bose McKinney & Evans LLP | Jeannette Eisan Hinshaw | 135 N. Pennslyvania Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-684-5296 | 317-684-5173 | jhinshaw@boselaw.com | Counsel for Decatur Plastics Products, Inc. and Eikenberry & Associates, Inc.; Lorentson Manufacturing, Company, Inc.; Lorentson Tooling, Inc.; L & S Tools, Inc.; Hewitt Tool & Die, Inc. |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | amcmullen@bccb.com | Counsel for Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | 615-252-6307 | rjones@bccb.com | Counsel for Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | 856-853-9933 | dludman@brownconnery.com | Counsel for SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | 415-227-0770 | schristianson@buchalter.com | Counsel for Oracle USA, Inc.; Oracle Credit Corporation |
| Burr & Forman LLP | Michael Leo Hall | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | | (205) 458-5367 | (205) 244-5651 | mhall@burr.com | Counsel to Mercedes-Benz U.S. International, Inc |
| Cage Williams & Abelman, P.C. | Steven E. Abelman | 1433 Seventeenth Street | | Denver | CO | 80202 | | 303-295-0202 | | sabelman@cagewilliams.com | Counsel for United Power, Inc. |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 732-205-6777 | jonathan.greenberg@engelhard.co | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Robert Usadi | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | 212-269-5420 | rusadi@cahill.com | Counsel to Engelhard Corporation |
| Calinoff & Katz, LLp | Dorothy H. Marinis-Riggio | 140 East 45th Street | 17th Floor | New York | NY | 10017 | | 212-826-8800 | 212-644-5123 | driggio@candklaw.com | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLC and Adell Plastics, Inc. |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 300 East Maple Road | Third Floor | Birmingham | MI | 48009-6317 | | 248-644-4840 | 248-644-1832 | rweisberg@carsonfischer.com | Counsel for Cascade Die Casting Group, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | 212-732-3232 | cahn@clm.com | Counsel for STMicroelectronics, Inc. |
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | japplebaum@clarkhill.com | Counsel for BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLC | Shannon Deeby | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | 313-965-8252 | sdeeby@clarkhill.com | Counsel for BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | 313-965-8252 | rgordon@clarkhill.com | Counsel for ATS Automation Tooling Systems Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel for Arneses Electricos Automotrices, S.A.de C.V.; Cordaflex, S.A. de C.V. |
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | 212-225-3999 | maofiling@cgsh.com | Counsel for Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | 412-209-1837 | tmaxson@cohenlaw.com | Counsel for Nova Chemicals, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 19

6/29/2006 10:16 AM
Delphi 2002 List

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Cohen, Weiss & Simon LLP | Joseph J. Vitale | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | 646-473-8238 | jvitale@cwsny.com | Counsel for International Union, United Automobile, Areospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | 860-727-0361 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Colbert & Winstead, P.C. | Amy Wood Malone | 1812 Broadway | | Nashville | TN | 37203 | | 615-321-0555 | 615-321-9555 | amalone@colwinlaw.com | Counsel for Averitt Express, Inc. |
| Conlin, McKenney & Philbrick, P.C. | Bruce N. Elliott | 350 South Main Street | Suite 400 | Ann Arbor | MI | 48104 | | 734-971-9000 | 734-971-9001 | Elliott@cmplaw.com | Counsel to Brazeway, Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | 302-658-0380 | jwisler@cblh.com | Counsel for ORIX Warren, LLC |
| Contrarian Capital Management, L.L.C. | Mark Lee, Janice Stanton, Bill Raine, Seth Lax | 411 West Putnam Avenue | Suite 225 | Greenwich | CT | 06830 | | 203-862-8200 (230) 862-8231 | 203-629-1977 (203) 629-1977 | mlee@contrariancapital.com jstanton@contrariancapital.com wraine@contrariancapital.com solax@contrariancapital.com | Counsel to Contrarian Capital Management, L.L.C. |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Sylvie J. Derrien | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | derrien@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | Pretekin@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Steven M. Wachstein | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | 937-223-6705 | wachstein@coollaw.com | Counsel for Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Cornell University | Nancy H. Pagliaro | Office of University Counsel | 300 CCC Building, Garden Avenue | Ithaca | NY | 14853-2601 | | 607-255-5124 | 607-254-3556 | nhp4@cornell.edu | Paralegal/Counsel for Cornell University |
| Covington & Burling | Susan Power Johnston | 1330 Avenue of the Americas | | New York | NY | 10019 | | 212-841-1005 | 646-441-9005 | sjohnston@cov.com | Special Counsel to the Debtor |
| Cox, Hodgman & Giarmarco, P.C. | Sean M. Walsh, Esq. | Tenth Floor Columbia Center | 101 W. Big Beaver Road | Troy | MI | 48084-5280 | | 248-457-7000 | 248-457-7001 | swalsh@chglaw.com | Counsel for Nisshinbo Automotive Corporation |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | dpm@curtinheefner.com | Counsel for SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtin & Heefner, LLP | Robert  Szwajkos | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | 215-736-3647 | rsz@curtinheefner.com | Counsel for SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Andrew M. Thau | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-8898 | 917-368-8898 | athau@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | David S. Karp | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6065 | 212-697-1559 | dkarp@cm-p.com | Counsel for Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co. |
| DaimlerChrysler Corporation | Kim Kolb | CIMS 485-13-32 | 1000 Chrysler Drive | Auburn Hills | MI | 48326-2766 | | 248-576-5741 | | krk4@daimlerchrysler.com | Counsel for DaimlerChrysler Corporation; DaimlerChrylser Motors Company, LLC; DaimlerChrylser Canada, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 4 of 19

6/29/2006 10:16 AM
Delphi 2002 List

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Daniels & Kaplan, P.C. | Jay Selanders | 2405 Grand Boulevard | Suite 900 | Kansas City | MO | 64108-2519 | | 816-221-3086 | 816-221-3006 | selanders@danielsandkaplan.com | Counsel for DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrysler Canada, Inc. |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | 248-350-7772 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| Deputy Attorney General | Amina Maddox | R.J. Hughes Justice Complex | P.O. Box 106 | Trenton | NJ | 08625 | | 609-984-0183 | 609-292-6266 | amina.maddox@dol.lps.state.nj.us | Deputy Attorney General - State of New Jersey |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | | 212-682-4940 | 212-682-4942 | gdiconza@dlawpc.com | Counsel to Tyz-All Plastics, Inc.; Furukawa Electric North America APD |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | 513-977-8141 | john_persiani@dinslaw.com | Counsel for The Procter & Gamble Company |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | 410-580-3001 | richard.kremen@dlapiper.com | Counsel for Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | 215-988-2757 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | dmdelphi@duanemorris.com | Counsel to ACE American Insurance Company |
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | 973-424-2001 | jhlemkin@duanemorris.com | Counsel for NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; Hosiden America Corporation and Samtech Corporation |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | 215-979-1020 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company |
| Eckert Seamans Cherin & Mellott LLC | Michael G. Busenkell | 300 Delaware Avenue | Suite 1360 | Wilmington | DE | 19801 | | 302-425-0430 | 302-425-0432 | mbusenkell@eckertseamans.com | Counsel for Chicago Miniature Optoelectronic Technologies, Inc. |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | 212-715-8000 | ayala.hassell@eds.com | Representattive for Electronic Data Systems Corporation |
| Entergy Services, Inc. | Alan H. Katz | 7411 Highway 51 North | | Southaven | MS | 38671 | | | | akatz@entergy.com | Company |
| Erman, Teicher, Miller, Zucker & Freedman, P.C. | David H. Freedman | 400 Galleria Officentre | Ste. 444 | Southfield | MI | 48034 | | 248-827-4100 | 248-827-4106 | dfreedman@ermanteicher.com | Counsel for Doshi Prettl International, LLC |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | | 516-227-6300 | 516-227-6307 | gettelman@e-hlaw.com | Counsel for Jon Ballin |
| Fagel Haber LLC | Gary E. Green | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | ggreen@fagelhaber.com | Counsel for Aluminum International, Inc. |
| Fagel Haber LLC | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | 312-580-2201 | lnewman@fagelhaber.com | Counsel for Aluminum International, Inc. |
| Filardi Law Offices LLC | Charles J. Filardi, Jr., Esq. | 65 Trumbull Street | Second Floor | New Haven | CT | 06510 | | 203-562-8588 | 866-890-3061 | charles@filardi-law.com | Counsel for Federal Express Corporation |
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | 212-422-6836 | tdonovan@finkgold.com | Counsel for Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | 312-832-4700 | jmurch@foley.com | Counsel for Kuss Corporation |
| Fox Rothschild LLP | Fred Stevens | 13 East 37th Street | Suite 800 | New York | NY | 10016 | | 212-682-7575 | 212-682-4218 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Fox Rothschild LLP | Michael J. Viscount, Jr. | 1301 Atlantic Avenue | Suite 400 | Atlantic City | NJ | 08401-7212 | | 609-348-4515 | 609-348-6834 | mviscount@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | 608-848-6357 | ftrikkers@rikkerslaw.com | Counsel for Southwest Metal Finishing, Inc. |
| Gazes LLC | Ian J. Gazes | 32 Avenue of the Americas | | New York | NY | 10013 | | 212-765-9000 | 212-765-9675 | ian@gazesllc.com | Counsel to Setech, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 5 of 19

6/29/2006 10:16 AM
Delphi 2002 List

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Gazes LLC | Eric Wainer | 32 Avenue of the Americas | Suite 1800 | New York | NY | 10013 | | 212-765-9000 | 212-765-9675 | office@gazesllc.com | Counsel to Setech, Inc. |
| Genovese Joblove & Battista, P.A. | Craig P. Rieders, Esq. | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | | 305-349-2300 | 305-349-2310 | crieders@gjb-law.com | Counsel for Ryder Integrated Logistics, Inc. |
| Gibbons, Del Deo, Dolan, Griffinger & Vecchione | David N. Crapo | One Riverfront Plaza | | Newark | NJ | 07102-5497 | | 973-596-4523 | 973-639-6244 | dcrapo@gibbonslaw.com | Counsel for Epcos, Inc. |
| Goldberg, Stinnett, Meyers & Davis | Merle C. Meyers | 44 Montgomery Street | Suite 2900 | San Francisco | CA | 94104 | | 415-362-5045 | 415-362-2392 | mmeyers@gsmdlaw.com | Counsel for Alps Automotive, Inc. |
| Goodwin Proctor LLP | Allan S. Brilliant | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | abrilliant@goodwinproctor.com | Counsel for UGS Corp. |
| Goodwin Proctor LLP | Craig P. Druehl | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | cdruehl@goodwinproctor.com | Counsel for UGS Corp. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | 212-269-2540 | bmehlsack@gkllaw.com | Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | 617-574-4112 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | 212-755-6503 | jeisenhofer@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Sharan Nirmul | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | 302-622-7100 | snirmul@gelaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | mrr@previant.com | Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Gratz, Miller & Brueggeman, S.C. | Timothy C. Hall | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | tch@previant.com | Counsel for International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | 513-651-3836 | mdebbeler@graydon.com | Counsel for Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | 314-241-8624 | ckm@greensfelder.com jpb@greensfelder.com | Counsel for ARC Automotive, Inc. |
| Guaranty Bank | Herb Reiner | 8333 Douglas Avenue | | Dallas | TX | 75225 | | 214-360-2702 | 214-360-1940 | herb.reiner@guarantygroup.com | Counsel for American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia Julie D. Dyas | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | 212-765-0964 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net jdyas@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation; ARC Automotive, Inc |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 6 of 19

6/29/2006 10:16 AM
Delphi 2002 List

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Harris D. Leinwand | Harris D. Leinwand | 350 Fifth Avenue | Suite 2418 | New York | NY | 10118 | | 212-725-7338 | 212-244-6219 | hleinwand@aol.com | Counsel for Baker Hughes Incorporated; Baker Petrolite Corporation |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | 212-545-3360 | prubin@herrick.com | Counsel for Canon U.S.A., Inc. and Schmidt Technology GmbH |
| Hewlett-Packard Company | Anne Marie Kennelly | 3000 Hanover St., M/S 1050 | | Palo Alto | CA | 94304 | | 650-857-6902 | 650-852-8617 | anne.kennelly@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Glen Dumont | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4750 | 908-898-4137 | glen.dumont@hp.com | Counsel for Hewlett-Packard Financial Services Company |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | 740-940-7539 | ken.higman@hp.com | Counsel for Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | 908-898-4133 | sharon.petrosino@hp.com | Counsel for Hewlett-Packard Financial Services Company |
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | 315-425-8576 | echarlton@hiscockbarclay.com | Counsel for GW Plastics, Inc. |
| Hodgson Russ LLP | Julia S. Kreher | One M&T Plaza | Suite 2000 | Buffalo | NY | 14203 | | 716-848-1330 | 716-819-4645 | jkreher@hodgsonruss.com | Counsel for Hexcel Corporation |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | 230 Park Avenue | 17th Floor | New York | NY | 10169 | | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hogan & Hartson L.L.P. | Audrey Moog | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | amoog@hhlaw.com | Counsel for Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | 202-637-5910 | ecdolan@hhlaw.com | Counsel for Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | 212-918-3100 | sagolden@hhlaw.com | Counsel for XM Satellite Radio Inc. |
| Holme Roberts & Owen, LLP | Elizabeth K. Flaagan | 1700 Lincoln | Suite 4100 | Denver | CO | 80203 | | 303-861-7000 | 303-866-0200 | elizabeth.flaagan@hro.com | Counsel for CoorsTek, Inc.; Corus, L.P. |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | 313-465-7315 | dbaty@honigman.com | Counsel for Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7548 | 313-465-7549 | tsable@honigman.com | Counsel for Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | 419-255-9121 | jrhunter@hunterschank.com | Counsel for ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | 419-255-9121 | tomschank@hunterschank.com | Counsel for ZF Group North America Operations, Inc. |
| Hunton & Wiliams LLP | Michael P. Massad, Jr. | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | mmassad@hunton.com | Counsel for RF Monolithics, Inc. |
| Hunton & Wiliams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | 214-880-0011 | sholmes@hunton.com | Counsel for RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | 716-855-0874 | aee@hurwitzfine.com | Counsel for Jiffy-Tite Co., Inc. |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | 317-236-2219 | Ben.Caughey@icemiller.com | Counsel for Sumco, Inc. |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | 408-501-2488 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | 765-456-3836 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | 202-778-2641 | rgriffin@iuoe.org | Counsel for International Brotherod of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Jaffe, Raitt, Heuer & Weiss, P.C. | Paige E. Barr | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | | 248-351-3000 | 248-351-3082 | pbarr@jaffelaw.com | Counsel for Trutron Corporation |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | 312-840-7381 | rpeterson@jenner.com | Counsel for SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC and Tenneco Inc. |
| Johnston, Harris Gerde & Komarek, P.A. | Jerry W. Gerde, Esq. | 239 E. 4th St. | | Panama City | FL | 32401 | | 850-763-8421 | 850-763-8425 | gerdekomarek@bellsouth.net | Counsel for Peggy C. Brannon, Bay County Tax Collector |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | 212-755-7306 | sjfriedman@jonesday.com | Counsel for WL. Ross & Co., LLC |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | 312-577-4733 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | 614-464-2634 | kcookson@keglerbrown.com | Counsel for Solution Recovery Services |
| Keller Rohrback L.L.P. | Lynn Lincoln Sarko Cari Campen Laufenberg Erin M. Rily | 1201 Third Avenue | Suite 3200 | Seattle | WA | 98101 | | 206-623-1900 | 206-623-3384 | lsarko@kellerrohrback.com claufenberg@kellerrohrback.com eriley@kellerrohrback.com | Counsel for Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Keller Rohrback P.L.C. | Gary A. Gotto | National Bank Plaza | 3101 North Central Avenue, Suite 900 | Phoenix | AZ | 85012 | | 602-248-0088 | 602-248-2822 | ggotto@kellerrohrback.com | Counsel for Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Kelley Drye & Warren, LLP | Mark I. Bane | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | 212-808-7897 | mbane@kelleydrye.com | Counsel for the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Mark. R. Somerstein | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | 212-808-7897 | msomerstein@kelleydrye.com | Counsel for the Pension Benefit Guaranty Corporation |
| Kennedy, Jennick & Murray | Larry Magarik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | lmagarik@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | sjennik@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | 212-358-0207 | tkennedy@kjmlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| King & Spalding, LLP | George B. South, III | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | 212-556-2222 | gsouth@kslaw.com | Counsel for Martinrea International, Inc. |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | 212-536-3901 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 8 of 19

6/29/2006 10:16 AM
Delphi 2002 List

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Klett Rooney Lieber & Schorling | Eric L. Schnabel DeWitt Brown | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | | (302) 552-4200 | | schnabel@klettrooney.com dbrown@klettrooney.com | Counsel for Entergy |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | 330-497-4020 | sosimmerman@kwgd.com | Counsel to for Millwood, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | | 617-542-3000 | 617-542-3001 | ekutchin@kutchinrufo.com | Counsel for Parlex Corporation |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | 155 Federal Street | 17th Floor | Boston | MA | 02110-1727 | | 617-542-3000 | 617-542-3001 | knorthup@kutchinrufo.com | Counsel for Parlex Corporation |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | | smcook@lambertleser.com | Counsel for Linamar Corporation |
| Latham & Watkins | Erika Ruiz | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | erika.ruiz@lw.com | UCC Professional |
| Latham & Watkins | Henry P. Baer, Jr. | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | henry.baer@lw.com | UCC Professional |
| Latham & Watkins | John W. Weiss | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | john.weiss@lw.com | UCC Professional |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | 212-751-4864 | mitchell.seider@lw.com | UCC Professional |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | 520-879-4705 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | 602-734-3824 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linear Technology Corporation | John England, Esq. | General Counsel for Linear Technology Corporation | 1630 McCarthy Blvd. | Milpitas | CA | 95035-7417 | | 408-432-1900 | 408-434-0507 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | 512-443-5114 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | 4692215002 | dallas.bankruptcy@publicans.com | Counsel for Dallas County and Tarrant County |
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | 713-844-3503 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities: Cypress-Fairbanks Independent School District, City of Houston, Harris County |
| Loeb & Loeb LLP | P. Gregory Schwed | 345 Park Avenue | | New York | NY | 10154-0037 | | 212-407-4000 | | gschwed@loeb.com | Counsel for Creditor The Interpublic Group of Companies, Inc. and Proposed Auditor Deloitte & Touche, LLP |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | 212-407-4990 | whawkins@loeb.com | Counsel for Industrial Ceramics Corporation |
| Lord, Bissel & Brook | Timothy W. Brink | 115 South LaSalle Street | | Chicago | IL | 60603 | | 312-443-1832 | 312-443-896-6432 | tbrink@lordbissell.com | Counsel for Sedgwick Claims Management Services, Inc. |
| Lord, Bissel & Brook | Timothy S. McFadden | 115 South LaSalle Street | | Chicago | IL | 60603 | | 312-443-0370 | 312-896-6394 | tmcfadden@lordbissell.com | Counsel for Methode Electronics, Inc. |
| Lord, Bissel & Brook LLP | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-947-8304 | 212-947-1202 | kwalsh@lordbissell.com | Counsel for Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Lord, Bissel & Brook LLP | Rocco N. Covino | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-812-8340 | 212-947-1202 | rcovino@lordbissell.com | Counsel for Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | bnathan@lowenstein.com | Counsel for Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | ilevee@lowenstein.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | krosen@lowenstein.com | Counsel for Cerberus Capital Management, L.P. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 9 of 19

6/29/2006 10:16 AM
Delphi 2002 List

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Lowenstein Sandler PC | Michael S. Etikin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | metkin@lowenstein.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | scargill@lowenstein.com | Counsel for Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | vdagostino@lowenstein.com | Counsel for AT&T Corporation |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | | 419-867-8900 | 419-867-8909 | egc@lydenlaw.com | Counsel for Metro Fibres, Inc. |
| MacDonald, Illig, Jones & Britton LLP | Richard J. Parks | 100 State Street | Suite 700 | Erie | PA | 16507-1459 | | 814-870-7754 | 814-454-4647 | rparks@miib.com | Counsel for Ideal Tool Company, Inc. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | 303-957-2098 | jlanden@madisoncap.com | Representative for Madison Capital Management |
| Margulies & Levinson, LLP | Jeffrey M. Levinson, Esq. Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | 216-514-4936 | jml@ml-legal.com lmc@ml-legal.com | Counsel for Venture Plastics |
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | | 989-752-1414 | | vmastromar@aol.com | Counsel for H.E. Services Company and Robert Backie and Counsel to Cindy Palmer, Personal Representative to the Estate of Michael Palmer |
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | 312-245-7467 | gsantella@masudafunai.com | Counsel for NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; Hosiden America Corporation and Samtech Corporation |
| Mayer, Brown, Rowe & Maw LLP | Jeffrey G. Tougas | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | 212-506-2500 | jgtougas@mayerbrownrowe.com | Counsel for Bank of America, N.A. |
| Mayer, Brown, Rowe & Maw LLP | Raniero D'Aversa, Jr. | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | 212-506-2500 | rdaversa@mayerbrown.com | Counsel for Bank of America, N.A. |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | 212-609-6921 | dadler@mccarter.com | Counsel to Ward Products, LLC |
| McCarthy Tetrault LLP | John J. Salmas Lorne P. Salzman | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | | 416-362-1812 | 416-868-0673 | jsalmas@mccarthy.ca lsalzman@mccarthy.ca | Counsel for Themselves (McCarthy Tetrault LLP) |
| McDermott Will & Emery LLP | James M. Sullivan | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5477 | 212-547-5444 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation, National Semiconductor Corporation; Timken Corporation |
| McDermott Will & Emery LLP | Stephen B. Selbst | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5400 | 212-547-5444 | sselbst@mwe.com | Counsel for National Semiconductor Corporation |
| McDonald Hopkins Co., LPA | Jean R. Robertson, Esq. | 600 Superior Avenue, East | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | jrobertson@mcdonaldhopkins.com | Counsel to Brush Engineered materials |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | 216-348-5474 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | 973-622-5314 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuirewoods LLP | Elizabeth L. Gunn | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1178 | 804-698-2186 | egunn@mcguirewoods.com | Counsel for Siemens Logistics Assembly Systems, Inc. |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 10 of 19

6/29/2006 10:16 AM
Delphi 2002 List

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-----|-------|------------------|
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | hkolko@msek.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | lpeterson@msek.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | emeyers@mrrlaw.net | Counsel for Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | | rrosenbaum@mrrlaw.net | Counsel for Prince George County, Maryland |
| Miami-Dade County, FL | April Burch | 140 West Flagler Street | Suite 1403 | Miami | FL | 33130 | | 305-375-5314 | 305-375-1142 | aburch@miamidade.gov | Paralegal Collection Specialist for Miami-Dade County |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | | miag@michigan.gov | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | 517-373-2129 | miag@michigan.gov | Attorney General for Worker's Compensation Agency |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raterink | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | 517-373-2129 | raterinkd@michigan.gov | Assistant Attorney General for Worker's Compensation Agency |
| Miles & Stockbridge, P.C. | Kerry Hopkins | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | 410-385-3700 | khopkins@milesstockbridge.com | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | 410-385-3700 | trenda@milesstockbridge.com | Counsel for Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miller Johnson | Thomas P. Sarb Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748 616-831-1726 | 616-988-1748 616-988-1726 | sarbt@millerjohnson.com wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | 313-496-8453 | fusco@millercanfield.com | Counsel for Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | 313-496-7997 | greenj@millercanfield.com | Counsel for Wells Operating Partnership, LP |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Paul J. Ricotta | One Financial Center | | Boston | MA | 02111 | | 617-542-6000 | 617-542-2241 | piricotta@mintz.com | Counsel for Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Stephanie K. Hoos | The Chrysler Center | 666 Third Avenue | New York | NY | 10017 | | 212-935-3000 | 212-983-3115 | skhoos@mintz.com | Counsel of Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | 630-512-8610 | Jeff.Ott@molex.com | Counsel for Molex Connector Corp |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | 212-309-6001 | agottfried@morganlewis.com | Counsel for ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | 212-309-6001 | mzelmanovitz@morganlewis.com | Counsel for Hitachi Chemical (Singapore) Pte, Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | 213-612-2501 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | | lberkoff@moritthock.com | Counsel for Standard Microsystems Corporation and its direct and indirect subsidiaries Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |
| Morrison Cohen LLP | Michael R. Dal Lago | 909 Third Avenue | | New York | NY | 10022 | | 212-735-8757 | 917-522-3157 | mdallago@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 3800 Lincoln Plaza | 500 North Akard Street | Dallas | RX | 75201-6659 | | 214-855-7590 214-855-7561 214-855-7587 | 214-855-7584 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel for Texas Instruments Incorporated |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | | 616-977-0077 | 616-977-0529 | sandy@nlsg.com | Counsel for Lankfer Diversified Industries, Inc. |
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | Knathan@nathanneuman.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Nathan, Neuman & Nathan, P.C. | Susanna C. Brennan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | 248-351-0487 | sbrennan@nathanneuman.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | 866-298-4481 | lisa.moore2@nationalcity.com | Vice President and Senior Counsel for National City Commercial Capital |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | 803-256-7500 | george.cauthen@nelsonmullins.com | Counsel for Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Nix, Patterson & Roach, L.L.P. | Bradley E. Beckworth | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | bbeckworth@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Jeffrey J. Angelovich | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | jangelovich@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Susan Whatley | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | susanwhatley@nixlawfirm.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Noma Company and General Chemical Performance Products LLC | James Imbriaco | 90 East Halsey Road | | Parsippany | NJ | 07054 | | 973-884-6952 | 973-515-3244 | jimbriaco@gentek-global.com | |
| Norris, McLaughlin & Marcus | Elizabeth L. Abdelmasieh, Esq | 721 Route 202-206 | P.O. Box 1018 | Somerville | NJ | 08876 | | 908-722-0700 | 908-722-0755 | eabdelmasieh@nmmlaw.com | Counsel for Rotor Clip Company, Inc. |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | dgheiman@jonesday.com | Counsel for WL. Ross & Co., LLC |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | | 478-742-8706 | 478-746-4488 | cahope@chapter13macon.com | Office of the Chapter 13 Trustee |
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | | 512-475-4861 | 512-482-8341 | jay.hurst@oag.state.tx.us | Counsel for The Texas Comptroller of Public Accounts |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | 978-667-9969 | michaelz@orbotech.com | Company |
| O'Rourke Katten & Moody | Michael C. Moody | 161 N. Clark Street | Suite 2230 | Chicago | IL | 60601 | | 312-849-2020 | 312-849-2021 | mmoody@okmlaw.com | Counsel for Ameritech Credit Corporation d/b/a SBC Capital Services |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | 212-506-5151 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Anthony Princi Esq Thomas L Kent Esq | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5000 | 212-506-5151 | aprinci@orrick.com tkent@orrick.com | Counsel to Ad Hoc Committee of Trade Claimants |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | 415-773-5759 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Jonathan P. Guy | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | jguy@orrick.com | Counsel for Westwood Associates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Matthew W. Cheney | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | mcheney@orrick.com | Counsel for Westwood Associates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Richard H. Wyron | The Washington Harbour | 3050 K Street, N.W. | Washington | DC | 20007 | | 202-339-8400 | 202-339-8500 | rwyron@orrick.com | Counsel for Westwood Associates, Inc. |
| Otterbourg, Steindler, Houston & Rosen, P.C. | Melissa A. Hager | 230 Park Avenue | | New York | NY | 10169 | | 212-661-9100 | 212-682-6104 | mhager@oshr.com | Counsel for Sharp Electronics Corporation |
| Otterbourg, Steindler, Houston & Rosen, P.C. | Scott L. Hazan | 230 Park Avenue | | New York | NY | 10169 | | 212-661-9100 | 212-682-6104 | shazan@oshr.com | Counsel for Sharp Electronics Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Curtis R. Weidler | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3157 | 212-373-2053 | cweidler@paulweiss.com | Counsel for Ambrake Corporation; Akebono Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | ddavis@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 13 of 19

6/29/2006 10:16 AM
Delphi 2002 List

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-----|-------|------------------|
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | emccolm@paulweiss.com | Counsel for Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Stephen J. Shimshak | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3133 | 212-373-2136 | sshimshak@paulweiss.com | Counsel for Ambrake Corporation |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | | housnerp@michigan.gov | Assistant Attorney General for State of Michigan, Department of Treasury |
| Pepper, Hamilton LLP | Anne Marie Aaronson | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | aaronsona@pepperlaw.com | Counsel for Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Linda J. Casey | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | caseyl@pepperlaw.com | Counsel for SKF USA, Inc. |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | 302-421-8390 | jaffeh@pepperlaw.com | Counsel for SKF USA, Inc. |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | lawallf@pepperlaw.com | Counsel for Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | jmanheimer@pierceatwood.com | Counsel for FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | 207-791-1350 | kcunningham@pierceatwood.com | Counsel for FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | karen.dine@pillsburylaw.com | Counsel for Clarion Corporation of America |
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | margot.erlich@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | 7th Floor | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | 714-436-2800 | mark.houle@pillsburylaw.com | Counsel for Clarion Corporation of America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | richard.epling@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | 212-858-1500 | robin.spear@pillsburylaw.com | Counsel for MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pitney Hardin LLP | Ronald S. Beacher | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | 212-682-3485 | rbeacher@pitneyhardin.com | Counsel for IBJTC Business Credit Corporation |
| Pitney Hardin LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | 973-966-1015 | rmeth@pitneyhardin.com | Counsel for Marshall E. Campbell Company |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | 973-538-5146 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley and Marianne G. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | 414-271-6308 | jh@previant.com mgr@previant.com | Counsel for International Brotherod of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Pryor & Mandelup, LLP | A. Scott Mandelup, Kenneth A. Reynolds | 675 Old Country Road | | Westbury | NY | 11590 | | 516-997-0999 | 516-333-7333 | asm@pryormandelup.com kar@pryormandelup.com | Counsel for National Molding Corporation; Security Plastics Division/NMC LLC |
| QAD, Inc. | Jason Pickering, Esq. | 10,000 Midlantic Drive | | Mt. Laurel | NJ | 08054 | | 856-840-2489 | 856-840-2740 | jkp@qad.com | Counsel to QAD, Inc. |
| Quadrangle Debt Recovery Advisors LLC | Andrew Herenstein | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1742 | 866-741-2505 | andrew.herenstein@quadranglegr | Counsel to Quadrangle Debt Recovery Advisors LLC |
| Quadrangle Group LLC | Patrick Bartels | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1748 | 866-552-2052 | patrick.bartels@quadranglegroup. | Counsel to Quadrangle Group LLC |
| Quarles & Brady Streich Lang LLP | John A. Harris | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | jharris@quarles.com | Counsel for Semiconductor Components Industries, Inc. |
| Quarles & Brady Streich Lang LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | 520-770-2203 | knye@quarles.com | Counsel for Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation |
| Quarles & Brady Streich Lang LLP | Scott R. Goldberg | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | sgoldber@quarles.com | Counsel for Semiconductor Components Industries, Inc. |
| Reed Smith | Elena Lazarou | 599 Lexington Avenue | 29th Street | New York | NY | 10022 | | 212-521-5400 | 212-521-5450 | elazarou@reedsmith.com | Counsel for General Electric Capital Corporation, Stategic Asset Finance. |
| Reed Smith | Richard P. Norton | One Riverfront Plaza | 1st Floor | Newark | NJ | 07102 | | 973-621-3200 | 973-621-3199 | rnorton@reedsmith.com | Counsel for Jason Incorporated, Sackner Products Division |
| Republic Engineered Products, Inc. | Joseph Lapinsky | 3770 Embassy Parkway | | Akron | OH | 44333 | | 330-670-3004 | 330-670-3020 | jlapinsky@republicengineered.com | Counsel to Republic Engineered Products, Inc. |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | 206-389-1708 | jshickich@riddellwilliams.com | Counsel for Microsoft Corporation; Microsoft Licensing, GP |
| Rieck and Crotty PC | Jerome F Crotty | 55 West Monroe Street | Suite 3390 | Chicago | IL | 60603 | | 312-726-4646 | 312-726-0647 | jcrotty@rieckcrotty.com | Counsel for Mary P. O'Neill and Liam P. O'Neill |
| Riemer & Braunstein LLP | Mark S. Scott | Three Center Plaza | | Boston | MA | 02108 | | 617-523-9000 | 617-880-3456 | mscott@riemerlaw.com | Counsel for ICX Corporation |
| Riverside Claims LLC | Holly Rogers | 2109 Broadway | Suite 206 | New York | NY | 10023 | | 212-501-0990 | 212-501-7088 | holly@regencap.com | Riverside Claims LLC |
| Robinson, McFadden & Moore, P.C. | Annemarie B. Mathews | P.O. Box 944 | | Columbia | SC | 29202 | | 803-779-8900 | 803-771-9411 | amathews@robinsonlaw.com | Counsel for Blue Cross Blue Shield of South Carolina |
| Ropers, Majeski, Kohn & Bentley | Christopher Norgaard | 515 South Flower Street | Suite 1100 | Los Angeles | CA | 90071 | | 213-312-2000 | 213-312-2001 | cnorgaard@ropers.com | Counsel for Brembo S.p.A; Bibielle S.p.A.; AP Racing |
| Ropes & Gray LLP | Gregory O. Kaden | One International Place | | Boston | MA | 02110-2624 | | 617-951-7000 | 617-951-7050 | gregory.kaden@ropesgray.com | Attorneys for D-J, Inc. |
| Ropes & Gray LLP | Marc E. Hirschfield | 45 Rockefeller Plaza | | New York | NY | 10111-0087 | | 212-841-5700 | 212-841-5725 | marc.hirschfield@ropesgray.com | Attorneys for D-J, Inc. |
| Rosen Slome Marder LLP | Thomas R. Slome | 333 Earle Ovington Boulevard | Suite 901 | Uniondale | NY | 11533 | | 516-227-1600 | | tslome@rsmllp.com | Counsel for JAE Electronics, Inc. |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | 212-825-9414 | rrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Sachnoff & Weaver, Ltd | Charles S. Schulman, Arlene N. Gelman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | | 312-207-1000 | 312-207-6400 | cschulman@sachnoff.com agelman@sachnoff.com | Counsel for Infineon Technologies North America Corporation |
| Satterlee Stephens Burke & Burke LLP | Christopher R. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | dweiner@schaferandweiner. | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | hborin@schaferandweiner.com | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Max Newman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | mnewman@schaferandweiner.co | Counsel for Dott Industries, Inc. |
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | rheilman@schaferandweiner.com | Counsel for Dott Industries, Inc. |
| Schiff Hardin LLP | Michael Yetnikoff | 623 Fifth Avenue | 28th Floor | New York | NY | 10022 | | 212-753-5000 | 212-753-5044 | myetnikoff@schiffhardin.com | Counsel for Means Industries |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Schiff Hardin LLP | William I. Kohn | 6600 Sears Tower | | Chicago | IL | 60066 | | 312-258-5500 | 312-258-5600 | wkohn@schiffhardin.com | Counsel for  Means Industries |
| Schiffrin & Barroway, LLP | Michael Yarnoff | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7056 | 610-667-7706 | myarnoff@sbclasslaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schiffrin & Barroway, LLP | Sean M. Handler | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7706 | 610-667-7056 | shandler@sbclasslaw.com | Counsel for Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schulte Roth & Sabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | 212-593-5955 | james.bentley@srz.com | Counsel for Panasonic Automotive Systems Company of America |
| Schulte Roth & Sabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | michael.cook@srz.com | Counsel for Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Schulte Roth & Zabel LLP | Carol Weiner Levy | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | 212-595-5955 | carol.weiner.levy@srz.com | Counsel for D.C. Capital Partners, L.P. |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | 404-892-7056 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk, Esq. | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | 617-946-4801 | whanlon@seyfarth.com | Counsel for  le Belier/LBQ Foundry S.A. de C.V. |
| Sheehan Phinney Bass + Green Professional Association | Steven E. Boyce | 1000 Elm Street | P.O. Box 3701 | Manchester | NH | 03105-2347 | | 603-627-8278 | 603-641-2347 | sboyce@sheehan.com | Counsel for Source Electronics, Inc. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | 248-358-2740 | lawtoll@comcast.net | Counsel for Milwaukee Investment Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | 225-757-7674 | rthibeaux@shergarner.com | Counsel for Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | 504-299-2300 | rthibeaux@shergarner.com | Counsel for Gulf Coast Bank & Trust Company |
| Shipman & Goodwin LLP | Jennifer L. Adamy | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5811 | 860-251-5218 | bankruptcy@goodwin.com | Counsel to Fortune Plastics Company of Illinois, Inc.; Universal Metal Hose Co., |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | asherman@sillscummis.com | Counsel for Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | 212-643-6500 | jzackin@sillscummis.com | Counsel for Hewlett-Packard Financial Services Company |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | 203-542-4100 | cfortgang@silverpointcapital.com | Counsel for Silver Point Capital, L.P. |
| Smith, Gambrell & Russell, LLP | Barbara Ellis-Monro | 1230 Peachtree Street, N.E. | Suite 3100 | Atlanta | GA | 30309 | | 404-815-3500 | 404-815-3509 | bellis-monro@sgrlaw.com | Counsel for Southwire Company |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | 3026528405 | kmiller@skfdelaware.com | Counsel for Airgas, Inc. |
| Sonnenschein Nath & Rosenthal LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | 212-768-6800 | fyates@sonnenschein.com | Counsel for Molex, Inc. and INA USA, Inc. |
| Sonnenschein Nath & Rosenthal LLP | Robert E. Richards | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | 312-876-7934 | rrichards@sonnenschein.com | Counsel for Molex, Inc. and INA USA, Inc. |
| Sony Electronics Inc. | Lloyd B. Sarakin - Chief Counsel, Finance and Credit | 1 Sony Drive | MD #1 E-4 | Park Ridge | NJ | 07656 | | 201-930-7483 | | lloyd.sarakin@am.sony.com | Counsel to Sony Electronics, Inc. |
| Sotiroff & Abramczyk, P.C. | Robert M. Goldi | 30400 Telegraph Road | Suite 444 | Bingham Farms | MI | 48025 | | 248-642-6000 | 248-642-9001 | rgoldi@sotablaw.com | Counsel for  Michigan Heritage Bank; MHB Leasing, Inc. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Squire, Sanders & Dempsey L.L.P. | Eric Marcks | One Maritime Plaza | Suite 300 | San Francisco | CA | 94111-3492 | | | 415-393-9887 | emarcks@ssd.com | Counsel for Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| Squire, Sanders & Dempsey L.L.P. | Penn Ayers Butler | 600 Hansen Way | | Palo Alto | CA | 94304 | | 650-856-6500 | 650-843-8777 | pabutler@ssd.com | Counsel for Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| State of California Office of the Attorney General | Sarah E. Morrison | Deputy Attorney General | 300 South Spring Street Ste 1702 | Los Angeles | CA | 90013 | | 213-897-2640 | 213-897-2802 | sarah.morrison@doj.ca.gov | Attorneys for the State of California Department of Toxic Substances Control |
| State of Michigan Department of Labor & Economic Growth, Unemployment Insurance Agency | Roland Hwang Assistant Attorney General | 3030 W. Grand Boulevard | Suite 9-600 | Detroit | MI | 48202 | | 313-456-2210 | 313-456-2201 | hwangr@michigan.gov | Assistant Attorney General for State of Michigan, Unemployment Tax Office of the Department of Labor & Economic Growth, Unemployment Insurance Agency |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | 502-245-0462 | jmbaumann@steeltechnologies.co | Counsel for Steel Technologies, Inc. |
| Stein, Rudser, Cohen & Magid LLP | Robert F. Kidd | 825 Washington Street | Suite 200 | Oakland | CA | 94607 | | 510-287-2365 | 510-987-8333 | rkidd@srcm-law.com | Counsel for Excel Global Logistics, Inc. |
| Steinberg Shapiro & Clark | Mark H. Shapiro | 24901 Northwestern Highway | Suite 611 | Southfield | MI | 48075 | | 248-352-4700 | 248-352-4488 | shapiro@steinbergshapiro.com | Counsel for Bing Metals Group, Inc.; Central Transport International, Inc.; Crown Enerprises, Inc.; Economy Transport, Inc.; Logistics Insight Corp (LINC); Universal Am-Can, Ltd.; Universal Truckload Services, Inc. |
| Sterns & Weinroth, P.C. | Jeffrey S. Posta | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-3922100 | 609-392-7956 | jposta@sternslaw.com | Counsel for Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Chester B. Salomon, Esq. Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | 212-319-8505 | cs@stevenslee.com cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | 816-691-3495 | mshaiken@stinsonmoheck.com | Counsel for Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | madison.cashman@stites.com robert.goodrich@stites.com | Counsel for Setech, Inc. |
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | 615-782-2371 | | Counsel to Setech, Inc. |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 | 502-779-8274 | wbeard@stites.com | Counsel to WAKO Electronics (USA), Inc. and Ambrake Corporation |
| Stroock & Stroock & Lavan, LLP | Joseph G. Minias | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | 212-806-6006 | jminias@stroock.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Stroock & Stroock & Lavan, LLP | Kristopher M. Hansen | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | 212-806-6006 | khansen@stroock.com | Counsel for 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 17 of 19

6/29/2006 10:16 AM
Delphi 2002 List

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Swidler Berlin LLP | Robert N. Steinwurtzel | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | | 202-424-7500 | 202-424-7645 | rnsteinwurtzel@swidlaw.com | Attorneys for Sanders Lead Co., Inc. |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | | ferrell@taftlaw.com | Counsel for Wren Industries, Inc. |
| Taft, Stettinius & Hollister LLP | W Timothy Miller Esq | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202 | | 513-381-2838 | 513-381-0205 | miller@taftlaw.com | Counsel for Select Industries Corporation and Gobar Systems, Inc. |
| Tennessee Department of Revenue | Marvin E. Clements, Jr. | c/o TN Attorney General's Office, Bankruptcy Division | PO Box 20207 | Nashville | TN | 37202-0207 | | 615-532-2504 | 615-741-3334 | marvin.clements@state.tn.us | Tennesse Department of Revenue |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | 212-912-7751 | jforstot@tpw.com | Counsel for TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | 212-912-7751 | lcurcio@tpw.com | Counsel for TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | Japan | 100-8322 | | | 81-3-3286-3919 | niizeki.tetsuhiro@furukawa.co.jp | Legal Department of The Furukawa Electric Co., Ltd. |
| The Timpken Corporation BIC - 08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706-0927 | | 330-438-3000 | 1-330-471-4388 | robert.morris@timken.com | Representative for Timken Corporation |
| Thelen Reid & Priest LLP | Daniel A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | | 212-603-2000 | 212-603-2001 | dlowenthal@thelenreid.com | Counsel for Oki Semiconductor Company |
| Thelen Reid & Priest LLP | David A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | | 212-603-2000 | 212-603-2001 | dlowenthal@thelenreid.com | Counsel for American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | 713-654-1871 | rhett.campbell@tklaw.com | Counsel for STMicroelectronics, Inc. |
| Thompson & Knight LLP | Ira L. Herman | 919 Third Avenue | 39th Floor | New York | NY | 10022-3915 | | 212-751-3045 | 214-999-9139 | ira.herman@tklaw.com | Counsel for Victory Packaging |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 3300 | Dallas | TX | 75201-4693 | | 214-969-1505 | 214-969-1609 | john.brannon@tklaw.com | Counsel for Victory Packaging |
| Thurman & Phillips, P.C. | Ed Phillips, Jr. | 8000 IH 10 West | Suite 1000 | San Antonio | TX | 78230 | | 210-341-2020 | 210-344-6460 | ephillips@thurman-phillips.com | Counsel for Royberg, Inc. d/b/a Precision Mold & Tool and d/b/a Precision Mold and Tool Group |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| Togut, Segal & Segal LLP | Albert Togut, Esq. | One Penn Plaza | Suite 3335 | New York | NY | 10119 | | 212-594-5000 | 212-967-4258 | bmcdonough@teamtogut.com | Conflicts counsel to Debtors |
| Traub, Bonaquist & Fox LLP | Maura I. Russell Wendy B. Marcari | 655 Third Avenue | 21st Floor | New York | NY | 10017 | | 212-476-4770 | 212-476-4787 | DBR@tbfesq.com | Counsel for SPCP Group LLC |
| Tyler, Cooper & Alcorn, LLP | W. Joe Wilson | City Place | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | 860-278-3802 | jwilson@tylercooper.com | Counsel for Barnes Group, Inc. |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | 585-258-2821 | hzamboni@underbergkessler.com | Counsel for McAlpin Industries, Inc. |
| Union Pacific Railroad Company | Mary Ann Kilgore | 1400 Douglas Street | MC 1580 | Omaha | NE | 68179 | | 402-544-4195 | 402-501-0127 | mkilgore@UP.com | Counsel for Union Pacific Railroad Company |
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO | David Jury, Esq. | Five Gateway Center | Suite 807 | Pittsburgh | PA | 15222 | | 412-562-2549 | 412-562-2429 | djury@steelworkers-usw.org | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Varnum, Riddering, Schmidt & Howlett LLp | Michael S. McElwee | Bridgewater Place | P.O. Box 353 | Grand Rapids | MI | 49501-0352 | | 616-336-6827 | 616-336-7000 | msmcelwee@varnumlaw.com | Counsel for Furukawa Electric North America APD |
| Vorys, Sater, Seymour and Pease LLP | Robert J. Sidman, Esq. | 52 East Gay Street | P.O. Box 1008 | Columbus | OH | 43216-1008 | | 614-464-6422 | 614-719-8676 | rjsidman@vssp.com | Counsel for America Online, Inc. and its Subsidiaries and Affiliates |
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | | 614-464-8322 | 614-719-4663 | tscobb@vssp.com | Counsel for America Online, Inc. and its Subsidiaries and Affiliates |
| Wachtell, Lipton, Rosen & Katz | Emil A. Kleinhaus | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | EAKleinhaus@wlrk.com | Counsel for Capital Research and Management Company |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | 212-403-2000 | RGMason@wlrk.com | Counsel for Capital Research and Management Company |
| Waller Lansden Dortch & Davis, PLLC | David E. Lemke, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | david.lemke@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Waller Lansden Dortch & Davis, PLLC | Robert J. Welhoelter, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | robert.welhoelter@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2158 | | sgrowsb@wnj.com | Counsel for Behr Industries Corp. |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | 616-222-2185 | gtoering@wnj.com | Counsel for Robert Bosch Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 18 of 19

6/29/2006 10:16 AM
Delphi 2002 List

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | 248-603-9631 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Stevens, L.L.P. | Michael D. Warner | 301 Commerce Street | Suite 1700 | Fort Worth | TX | 76102 | | 817-810-5250 | 817-810-5255 | bankruptcy@warnerstevens.com | Counsel for Electronic Data Systems Corp. and EDS Information Services, L.L.C. |
| Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP | Lei Lei Wang Ekvall | 650 Town Center Drive | Suite 950 | Costa Mesa | CA | 92626 | | 714-966-1000 | 714-966-1002 | lekvall@wgllp.com | Counsel for Toshiba America Electronic Components, Inc. |
| Weinstein, Eisen & Weiss LLP | Aram Ordubegian | 1925 Century Park East | #1150 | Los Angeles | CA | 90067 | | 310-203-9393 | 310-203-8110 | aordubegian@weineisen.com | Counsel for Orbotech, Inc. |
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | 614-222-2193 | gpeters@weltman.com | Counsel for Seven Seventeen Credit Union |
| White & Case LLP | Glenn Kurtz Gerard Uzzi Douglas Baumstein | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | | 212-819-8200 | | gkurtz@ny.whitecase.com guzzi@whitecase.com dbaumstein@ny.whitecase.com | Counsel for Appaloosa Management, LP |
| White & Case LLP | Thomas Lauria Frank Eaton | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | 305-358-5744 | tlauria@whitecase.com featon@miami.whitecase.com | Counsel for Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | 414-223-5000 | barnold@whdlaw.com | Counsel for Schunk Graphite Technology |
| Winstead Sechrest & Minick P.C. | Berry D. Spears | 401 Congress Avenue | Suite 2100 | Austin | TX | 78701 | | 512-370-2800 | 512-370-2850 | bspears@winstead.com | Counsel for National Instruments Corporation |
| Winstead Sechrest & Minick P.C. | R. Michael Farquhar | 5400 Renaissance Tower | 1201 Elm Street | Dallas | TX | 75270 | | 214-745-5400 | 214-745-5390 | mfarquhar@winstead.com | Counsel for National Instruments Corporation |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | mwinthrop@winthropcouchot.com | Counsel for Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | 949-720-4111 | sokeefe@winthropcouchot.com | Counsel for Metal Surfaces, Inc. |
| WL Ross & Co., LLC | Oscar Iglesias | 600 Lexington Avenue | 19th Floor | New York | NY | 10022 | | 212-826-1100 | 212-317-4893 | oiglesias@wlross.com | Counsel for WL. Ross & Co., LLC |
| Womble Carlyle Sandridge & Rice, PLLC | Lillian H. Pinto | 300 North Greene Street | Suite 1900 | Greensboro | NC | 27402 | | 336-574-8058 | 336-574-4528 | lpinto@wcsr.com | Counsel for Armacell |
| Zeichner Ellman & Krause LLP | Peter Janovsky | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | pjanovsky@zeklaw.com | Counsel for Toyota Tsusho America, Inc. |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | 212-753-0396 | skrause@zeklaw.com | Counsel for Toyota Tsusho America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 19 of 19

6/29/2006 10:16 AM
Delphi 2002 List

# EXHIBIT C

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Akebono Corporation (North America) | Alan Swiech | 34385 Twelve Mile Road | | Farminton Hills | MI | 48331 | | 248-489-7406 | 866-609-0888 | Vice President of Administration for Akebono Corporation |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | 716-856-5510 | Counsel for Relco, Inc.; The Durham Companies, Inc. |
| Grant & Eisenhofer P.A. | Geoffrey C. Jarvis | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | 302-622-7100 | Counsel for Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| King & Spalding, LLP | Alexandra B. Feldman | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | 212-556-2222 | Counsel for Martinrea International, Inc. |
| Kirkland & Ellis LLP | Geoffrey A. Richards | 200 East Randolph Drive | | Chicago | IL | 60601 | | 312-861-2000 | 312-861-2200 | Counsel for Lunt Mannufacturing Company |
| North Point | Michelle M. Harner | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | 216-579-0212 | Counsel for WL. Ross & Co., LLC |
| Terra Law LLP | David B. Draper | 60 S. Market Street | Suite 200 | San Jose | CA | 95113 | | 408-299-1200 | 408-998-4895 | Counsel for Maxim Integrated Products, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

6/29/2006 10:16 AM
Delphi 2002 List

# EXHIBIT D

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Jason, Inc. | Beth Klimczak, General Counsel | 411 E. Wisconsin Ave | Suite 2120 | Milwaukee | WI | 53202 | | | General Counsel for Jason Incorporated |
| Professional Technologies Services | John V. Gorman | P.O. Box #304 | | Frankenmuth | MI | 48734 | | 989-385-3230 | Corporate Secretary for Professional Technologies Services |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

6/29/2006 10:16 AM
Delphi 2002 List

# EXHIBIT E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
David E. Springer (DS 9331)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :        Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DECLARATION OF KEVIN M. BUTLER IN SUPPORT OF DEBTORS' MOTION
FOR ORDER UNDER 11 U.S.C. § 363(b) AND FED. R. BANKR. P. 6004
APPROVING (I) SUPPLEMENT TO UAW SPECIAL ATTRITION PROGRAM
AND (II) IUE-CWA SPECIAL ATTRITION PROGRAM

Kevin M. Butler declares:

1.    Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates are debtors and debtors-in-possession in these chapter 11 cases (collectively, the "Debtors").  I submit this declaration  in support of the Debtors' Motion For Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving (I) Supplement to UAW Special Attrition Program and (II) IUE-CWA Special Attrition Program ("Hourly Attrition Programs Motion No. 2").  Capitalized terms not otherwise defined in this declaration have the meanings ascribed to them in the Hourly Attrition Programs Motion No. 2.  I hereby incorporate by reference my Declaration In Support Of The Debtors' Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. P. 6004 Approving Debtors' Human Capital Hourly Attrition Programs, a copy of which is attached hereto as Exhibit A.  I have personal knowledge of all of the matters discussed in this declaration, or have obtained such knowledge from employees in the Company, and am competent to testify as follows:

2.    I am the Vice President, Human Resource Management, of Delphi, and am responsible for oversight of Delphi's worldwide human resources.  I am also a member of the Delphi Strategy Board, Delphi's top policy-making group, and I am the executive champion for Delphi's Personnel Task Team.  I began my career in the automotive industry 30 years ago, in the Chevrolet Motor Division of General Motors Corporation ("GM").  I held a series of positions with GM, including production supervisor, plant personnel manager, senior health-care administrator, senior administrator of classified-employee compensation, and manager of executive compensation.  In 1989, I was named the director of human resources for GM's former Hydramatic Division operations in Ypsilanti, Michigan.  In 1991, I became the director of GM Health Care Plans, and in February 1995, I was promoted to general director of GM's Health Care Initiatives.  I started working for what is now known as Delphi in 1997, when I became the

2

general director of human resources for Delphi Delco Electronics Systems.  I have held my

current position as Delphi's Vice President, Human Resource Management, since January 2000.

       3.      In my current position with Delphi, I am responsible for oversight of

Delphi's human resources worldwide.  In that capacity, I oversee Delphi's relations and collective

bargaining with each of the Unions representing Delphi's hourly employees (the "Unions").

       4.      Except as otherwise indicated, all facts set forth in this declaration are

based upon my personal knowledge, my review of relevant documents, my opinion, my

experience with and knowledge of Delphi's labor relations, or are based upon knowledge

obtained from Delphi employees reporting to me in the course of their duties.  If I were called

upon to testify, I could and would testify to the facts set forth herein.

Hourly Attrition Programs

       5.      As I previously stated in my declaration in support of the Hourly Attrition

Programs Motion No. 1, the Debtors' labor agreements are unsustainable.  Delphi has extremely

high "all in" labor costs.  Other automotive parts suppliers, both union and non-union, have total

labor costs of approximately $22 per hour.  Delphi currently provides its traditional hourly

employees with all-in wages and benefits (including legacy pension and OPEB) of $78.63 per

hour.  Understandably, when the differential between the compensation an employee receives

from an employer like Delphi and the compensation the employee could receive elsewhere is so

great, employers like Delphi tend to have lower voluntary employee attrition rates.  It is my

understanding that between 2002 and 2004, Delphi's employees voluntarily terminated their

employment at a rate of less than one percent, rising to a mere 1.7% in 2005.  By comparison,

the economy-wide average "quit rate" is 19 to 21 percent while the manufacturing sector "quit

rate" is 15 percent.

3

**Declaration of Kevin M. Butler**

6.      In order to stem the Debtors' operating losses from their U.S. operations and achieve the Debtors' transformation, Delphi's existing labor agreements must be modified in three principal respects.  First, Delphi must obtain hourly wage and benefit cost levels that are competitive with other U.S. auto parts suppliers.  Currently, Delphi's total hourly labor costs, including legacy retirement liabilities, for its traditional production and skilled trades employees are approximately three times the labor costs of a typical U.S. auto parts supplier.  Second, Delphi must address those provisions that limit Delphi's ability to respond to market forces by selling or closing non-core or unprofitable operations, and/or by laying off excess employees.  Third, Delphi must address its substantial liabilities for retirement benefits for hourly employees and its costly retiree health care plans.  The Hourly Attrition Programs are designed to begin to address, either directly or indirectly, each of these issues.

7.      The value of the Debtors' estates is materially dependent on maintaining customer supply through rigorous shipping compliance at world-class quality levels as well as the ability to win profitable new business (especially non-GM business).  The Debtors' ability to achieve shipping compliance, world-class quality, and customer confidence for new business is affected significantly by employee sentiment, focus, and efficiency.  During trilateral discussions among the Debtors, the UAW, and GM, the parties expressed mutual concern regarding the difficulty and complexity of the issues surrounding the Debtors' restructuring.  Indeed, there was deep concern that the prospects for significant risk to the business could arise if the parties could not respond to certain issues until a comprehensive settlement was reached on all issues.

8.      On March 22, 2006, Delphi filed the Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving Debtors' Human Capital Hourly Attrition Programs (the "Hourly Attrition Programs Motion No. 1") in order to facilitate soft landings for a

4

large percentage of Delphi's hourly workforce, and alleviate some concern related to the potential

filing of a motion under sections 1113 and 1114 of the Bankruptcy Code.  The Hourly Attrition

Programs Motion No. 1 sought approval and authorization to implement a tripartite agreement

among Delphi, GM, and the UAW that would create retirement incentives and flow back

opportunities for UAW-represented Delphi employees (the "UAW Special Attrition Program").

On April 7, 2006, the Bankruptcy Court approved the UAW Special Attrition Program.

9.    As I stated in my declaration in support of the Hourly Attrition Programs

Motion No. 1, I believe that the UAW Special Attrition Program is a significant step in enabling

realignment of the Debtors' global product portfolio and manufacturing footprint, as well as

reduction of the Debtors' traditional-rate hourly U.S. workforce to levels needed to run its

realigned U.S. operations.  In that regard, the UAW Supplement and the IUE-CWA Special

Attrition Program are integral components of the Debtors' transformation plan that will allow the

Debtors to continue transforming their workforce.

10.    The Debtors believe that it is in their best interests to offer buyout

programs to their hourly workforce pursuant to the UAW Supplement and the IUE-CWA Special

Attrition Program.  If Delphi were to wait until the existing labor agreements expired in

September 2007, and then attempt unilaterally to impose significant wage, benefit, and other

contractual changes on the grounds that Delphi had no obligation going forward because OPEB

liabilities do not vest, I believe that course of action would virtually assure a labor disruption.

As a result of such labor disruption, Delphi would be forced to shut down its customers, resulting

in potential claims to Delphi's estate and resulting loss of business, including non-GM business.

**Declaration of Kevin M. Butler**

<u>UAW Supplement</u>

11.    As of June 20, 2006, approximately 9,800 of 14,000 eligible UAW hourly employees have elected to participate in the UAW Special Attrition Program.  The acceptance rate of approximately 70% validates the Debtors' business judgment, and provides a starting point that will allow the Debtors to begin the transformation of their legacy workforce while providing a soft landing for their employees.  In light of the success of the UAW Special Attrition Program, and to facilitate attrition and provide additional soft landing opportunities to its employees, Delphi with the UAW and GM entered into a tripartite agreement that would provide additional options to employees in addition to the UAW Special Attrition Program.  The UAW Supplement includes two main components:  (i) the addition of a class of employees (those with 26 years of credited service) to the pre-retirement program and (ii) lump sum buyouts to sever all ties with Delphi and GM (except vested pension benefits).

12.    The UAW Special Attrition Program offered special voluntary placement in a pre-retirement program to employees with at least 27 and less than 30 years of credited service.  The UAW Supplement is incremental to the prior pre-retirement program by adding an option to Delphi employees with at least 26 years of credited service.  The Debtors estimate that approximately 400 additional UAW represented employees would be eligible to participate in the expanded pre-retirement program.

13.    The UAW Supplement also included buyout options to UAW-represented employees to sever all ties with Delphi and GM, except vested pension benefits.  Under the buyout options, employees with ten or more years of seniority or credited service, whichever is greater, would be eligible for $140,000, traditional employees with fewer than ten years of seniority would be eligible for $70,000, and employees hired under the Supplemental New Hire

6

**Declaration of Kevin M. Butler**

Agreement prior to March 22, 2006 would be eligible for a buyout payment amount prorated to $40,000, in each case, less withholdings (the "UAW Buyout Payments").

14.    The UAW Buyout Payments are modeled on previous agreements reached between GM and/or Ford and their unions.  Ford recently offered buyouts at the $100,000-per-employee level.  As detailed in the UAW Special Attrition Program, GM offered buyouts to GM employees represented by the UAW of $140,000 for employees with ten years of service and $70,000 for employees with fewer than 10 years of seniority.  The Debtors believe that the amount of the UAW Buyout Payments are reasonable, within the range of similar buyout payments offered in the domestic auto industry, and in the best interests of the estates.  Consequently, the Debtors believe it is appropriate to offer buyouts at the same level as GM offered to UAW-represented employees.  Moreover, since the UAW negotiated buyout amounts with GM in March 2006, it was the expectation and demand of the UAW that the same opportunity be made available to eligible UAW-represented Delphi employees.  The buyouts offered to UAW employees will reduce the number of traditional, high-wage and benefit employees as well as eliminate future OPEB obligations for those participants.

15.    Under the terms of the UAW Supplement, GM and Delphi would each pay one-half of the total cost of the UAW Buyout Payments.  Although participation rates cannot be predicted with precision, the Debtors estimate that approximately 20% of eligible UAW employees, who are not otherwise eligible for retirement incentives or pre-retirement programs through the UAW Special Attrition Program, will participate in the buyouts.

7

**Declaration of Kevin M. Butler**

### IUE-CWA Special Attrition Program

16.    The implementation of the IUE-CWA Special Attrition Program is another important step in enabling Delphi to transform its workforce from legacy wages and benefits to a competitive labor cost structure.  Approximately 25% of the Debtors' hourly workforce is represented by the IUE-CWA.  The Debtors believe that the IUE-CWA Special Attrition Program could provide approximately 8,000 existing IUE-CWA represented hourly employees with an opportunity for "soft landings," either through the retirement attrition program or the buyout program.  I therefore believe that the implementation of this program, similar to the UAW Special Attrition Program, will accelerate necessary attrition and reduce the uncertainties and concerns over the impact of a negotiated consensual resolution, or in the alternative, a potential rejection of labor agreements and modifications of retiree benefits.

17.    The IUE-CWA Special Attrition Program consists of a retirement component and a buyout component.  The retirement component of the IUE-CWA Special Attrition Component fundamentally is patterned after terms previously approved by the Court in connection with the UAW Special Attrition Program.  The IUE-CWA Special Attrition Program, like the UAW Special Attrition Program, offers a $35,000 lump sum incentive payment to employees who are eligible to retire under the normal or early voluntary provisions of the Delphi Hourly-Rate Employees Pension Plan (the "HRP").  The total cost of these incentive payments would be paid by GM and would be retroactive to cover eligible employees who have retired since October 1, 2005.  While GM will not be able to assert a claim against the Debtors on account of these payments, GM has informed Delphi that it will seek compensation for these payments in connection with any comprehensive agreement with Delphi.  The Debtors estimate that approximately 1,800 employees are eligible to receive the lump sum retirement incentive

8

**Declaration of Kevin M. Butler**

payments, and estimate that approximately 50 to 75 percent of eligible employees will elect to participate. An additional retirement element of the IUE-CWA Special Attrition Program is a mutually satisfactory retirement opportunity for those employees 50 years old or older with at least ten years of credited service. The Debtors estimate that approximately 825 employees are eligible to participate in the MSR option, and estimate that 50 to 75 percent of eligible employees will elect to participate.

18.    The IUE-CWA Special Attrition Program also offers special voluntary placement in a pre-retirement program for employees with at least 26 and less than 30 years of credited service. The Debtors estimate that approximately 390 employees are eligible to participate in the pre-retirement program, and estimate that 50 to 75 percent of eligible employees will elect to participate. All participants in the retirement options are eligible to "check the box" and transition to GM for purposes of retirement, including OPEB at levels available to GM's IUE-CWA represented retirees.

19.    The buyout component of the IUE-CWA Special Attrition Program is very similar to the UAW Buyout Payments described above. Under the terms of the IUE-CWA Special Attrition Program, employees (other than those at Delphi's Gadsden, Alabama Operations) with ten or more years of seniority or credited service, whichever is greater, would be eligible for $140,000, employees with three but fewer than ten years of seniority or credited service, whichever is greater, would be eligible for $70,000, and employees with one but fewer than three years of seniority or credited service, whichever is greater, would be eligible for a buyout payment of $40,000, paid in a lump sum less withholdings (the "IUE-CWA Buyout Payments"). GM and Delphi would each pay one-half of the total cost of the IUE-CWA Buyout

**Declaration of Kevin M. Butler**

Payments (except for any payments made to participants who are employed at Delphi's New Brunswick operations, where previously agreed upon terms apply).

20.    Although participation rates cannot be predicted with precision, the Debtors estimate that approximately 20 percent of eligible IUE-CWA employees, who are not otherwise eligible for retirement incentives or pre-retirement programs through the IUE-CWA Special Attrition Program, will participate in the buyouts.  The Debtors believe the amount of the IUE-CWA Buyout Payments are reasonable, within the range of similar buyout amounts offered in the auto industry, and in the best interests of the estates.  The buyouts offered to IUE-CWA employees will reduce the number of high-wage and benefit employees as well as eliminate future OPEB obligations.

<u>Impact Of Hourly Attrition Programs</u>

21.    Regardless of whether consensual resolution is reached or whether Delphi receives Court authority under sections 1113 and 1114 of the Bankruptcy Code to reject and subsequently modify its collective bargaining agreements and modify its retiree benefits, Delphi believes that the UAW Supplement and the IUE-CWA Special Attrition Program would be beneficial to Delphi's labor cost transformation because the Hourly Attrition Programs accelerate attrition and provide most of Delphi's long-term employees represented by the UAW and the IUE-CWA alternatives to continued employment at levels sought by Delphi's proposed labor contract modifications.  It should be noted, however, that entry into the UAW Supplement and the IUE-CWA Special Attrition Program will be without prejudice to the rights of the Debtors and all other parties-in-interest in all other aspects of these cases, including in the current proceedings under sections 1113 and 1114 of the Bankruptcy Code or in any pension termination proceeding under ERISA and/or the Bankruptcy Code.

10

22.     It is anticipated that the Hourly Attrition Programs will result in an increase in Delphi's minimum pension funding obligation.  An increase would occur regardless of whether the Court approves the Hourly Attrition Programs because, to transform their businesses, the Debtors will need to close unprofitable U.S. plants.  These closures would also result in an increase of minimum pension funding obligations.

23.     GM will receive certain allowed prepetition general unsecured claims against Delphi Corporation on account of the funding of one half of the total cost of the Buyout Payments and will likely assert additional prepetition general unsecured claims related to obligations assumed and/or undertaken by GM as part of the Hourly Attrition Programs.  I believe Delphi could not have offered the Hourly Attrition Programs without GM's involvement in and financial support for these Programs.  Many of Delphi's hourly employees will view the option to transition to GM for the purposes of retirement and receipt of GM OPEB as more appealing than retiring as a Delphi retiree.  As of June 20, 2006, of the 9,776 retirement eligible Delphi employees electing to participate in the UAW Special Attrition Program, 9,775 have elected to "check the box" and receive GM OPEB.  GM's financial support also enables the Debtors to provide their most senior hourly employees sufficient incentive to retire at an accelerated rate.

24.     As the lead negotiator on the Hourly Attrition Programs for Delphi, prior to the execution of the UAW Supplement and the IUE-CWA Special Attrition Program, I had no discussions with GM regarding GM's assertion of claims against any Debtor estate other than the estate of Delphi Corporation.

25.     I also believe that the Hourly Attrition Programs have had, and will continue to have, a positive effect on the overall negotiations between the Debtors, the Unions,

11

**Declaration of Kevin M. Butler**

and GM.  The implementation of the UAW Supplement and the IUE-CWA Special Attrition

Program are important steps in enabling Delphi to transform its workforce from legacy wages

and benefits to a competitive labor cost structure, by accelerating necessary attrition and

reducing the uncertainties and concerns over the impact of a negotiated consensual resolution, or

in the alternative, a potential rejection of labor agreements and modification of retiree benefits.

The Hourly Attrition Programs are essential to allow the Debtors to successfully reorganize and

emerge from these chapter 11 cases.

26.    I declare under penalty of perjury that the foregoing statements are true

and correct.


Executed on June 25, 2006 in Troy, Michigan.

___/s/ Kevin M. Butler_____
Kevin M. Butler
Vice President, Human Resource Management

12

# EXHIBIT F

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :        Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DECLARATION OF DAVID L. RESNICK IN SUPPORT OF DEBTORS' MOTION
FOR ORDER UNDER 11 U.S.C. § 363(b) AND FED. R. BANKR. P. 6004
APPROVING (I) SUPPLEMENT TO UAW SPECIAL ATTRITION PROGRAM
AND (II) IUE-CWA SPECIAL ATTRITION PROGRAM

David L. Resnick declares:

1.       Delphi Corporation ("Delphi" or the "Company") and certain of its

subsidiaries and affiliates are debtors and debtors-in-possession in these chapter 11 cases

(collectively, the "Debtors").  I submit this declaration in support of the Debtors' Motion For

Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving (I) Supplement to UAW

Special Attrition Program, and (II) IUE-CWA Special Attrition Program ("Hourly Attrition

Programs Motion No. 2").  Capitalized terms not otherwise defined in this declaration shall have

the meanings ascribed to them in the Hourly Attrition Programs Motion No. 2.  The conclusions

and analysis set forth below are based on my direct experience in the Debtors' chapter 11 cases,

and on my expertise in complex restructuring cases more generally.  If I were called on to testify,

I could and would testify to the facts set forth herein:

2.       I am a Managing Director at Rothschild Inc. ("Rothschild"), which

maintains an office at 1251 Avenue of the Americas, 51st Floor, New York, New York 10020.

3.       Rothschild is a member of one of the world's leading independent

investment banking groups, with expertise in domestic and cross-border mergers, acquisitions,

restructurings, privatization advice, and other financial advisory services, and with particular

experience in providing high-quality investment banking and financial advisory services to

financially-troubled companies. Rothschild has significant experience in a variety of industries,

including the automobile industry. Our restructuring clients include debtors, bondholders,

creditors' committees, single creditor classes, and secured creditors. I have more than 20 years of

experience in investment banking, specializing in restructuring. In the course of my corporate

restructuring engagements, I have been responsible for advising many large companies in all

aspects of the chapter 11 process. In particular, I have advised the following companies or

2

**Declaration of David L. Resnick**

creditors' committees on restructuring issues in and outside of chapter 11: Delphi, PG&E, TWA,

Ad-hoc Creditors' Committee of Eurotunnel, Thermadyne, Service Merchandise, NTL (advised

France Telecom), Next Wave (advised FCC), Orbimage, Crown Vantage, Bradley

Pharmaceuticals, James River Coal, Superior Telecom, Guilford Mills, and Outsourcing

Solutions. In addition, I have advised companies in the automobile sector, including Key Plastics

and Guilford Mills.

      4.     I received a B.A. with high honors from Wesleyan University in 1981 and

my M.B.A. and J.D. degrees from the University of Chicago in 1985. From 1985 to 1990, I

worked at Merrill Lynch & Co. in the investment banking division specializing in merchant

banking/restructuring and M&A. From 1990 to 1996, I worked at Lazard Frères & Co., handling

restructuring and M&A assignments for clients in broad range of industries. From 1996 to 2000,

I worked at the Peter J. Solomon Co., where I founded and headed the firm's restructuring group.

From 2000 to the present, I have been a Managing Director of Rothschild, with responsibility for

leading the firm's global restructuring practice.

      5.     I have provided expert testimony in the following cases: Barney's Inc. (by

affidavit), Bedford Fair Industries, Crown Vantage Corporation, Delphi Corporation, Edison

Brothers Stores, Inc., Key Plastics, Outsourcing Solutions, Inc., Service Merchandise Company,

Inc., Thermadyne Holdings Corporation, Thorn Apple Valley, Inc., Today's Man, Inc., and

TransWorld Airlines. I have no publications authored within the preceding ten years. I am not

being compensated for my testimony in these Delphi's chapter 11 cases, but Rothschild, Inc. is

being compensated in accordance with the Bankruptcy Court's Rothschild Retention Final Order,

dated November 30, 2005.

3

**Declaration of David L. Resnick**

6.      I have been previously recognized as an expert by this Court in this matter, including in connection with Delphi's motion for relief under sections 1113 and 1114 of the Bankruptcy Code.

7.      Rothschild is directly involved in all aspects of the Debtors' restructuring. Delphi retained Rothschild on May 1, 2005 as financial advisors and investment bankers. As part of this engagement, Rothschild has been retained to, among other things: (a) to the extent Rothschild deems necessary, appropriate and feasible, or as the Company may request, review and analyze the Company's assets and the operating and financial strategies of the Company; (b) assist the Company in developing and evaluating a range of strategic alternatives to restructure the Company's legacy liabilities, including without limitation the Company's current labor costs, liabilities for pension and other post-employment benefits; (c) review and analyze the business plans and financial projections prepared by the Company including, but not limited to, testing assumptions and comparing those assumptions to historical Company and industry trends; (d) evaluate the Company's debt capacity in light of its projected cash flows and assist in the determination of an appropriate capital structure for the Company; (e) assist or participate in negotiations with the parties in interest, including, without limitation, any current or prospective creditors of, holders of equity in, or claimants against the Company and/or their respective representatives in connection with a transaction; (f) advise and attend meetings of the Company's Board of Directors, creditor groups, official constituencies and other interested parties, as the Company determines to be necessary or desirable; and (g) render such other financial advisory and investment banking services as may be reasonably requested by the Company.

4

**Declaration of David L. Resnick**

8.      I am submitting this Declaration to address certain aspects of the Hourly
Attrition Programs Motion No. 2, and in particular, the negotiations with and involvement of
General Motors Corporation ("GM") in the Hourly Attrition Programs.

### GM's Participation In Delphi's Hourly Attrition Programs

9.      On April 7, 2006, the Bankruptcy Court approved the UAW Special
Attrition Program.  Thereafter, Delphi has continued discussions with its unions and GM in an
attempt to reach an overall consensual resolution to Delphi's transformation issues, and also to
reach incremental resolutions that will assist the parties in reaching that ultimate goal.

10.      On June 5, 2006, Delphi entered into a tripartite agreement with GM and
the UAW to provide additional options to employees beyond those offered in the UAW Special
Attrition Program (the "UAW Supplement").  The UAW Supplement added a pre-retirement
option to Delphi employees with at least 26 years of credited service.  The UAW Supplement
also included buyout options to UAW-represented employees to sever all ties with Delphi and
GM except vested pension benefits.  Under the buyout options, employees with ten or more
years of seniority or credited service, whichever is greater, would be eligible for $140,000,
traditional employees with less than ten years of seniority would be eligible for $70,000, and
employees hired under the Supplemental New Hire Agreement prior to March 22, 2006 would be
eligible for a buyout payment amount prorated to $40,000, in each case, less withholdings (the
"UAW Buyout Payments").  GM and Delphi would each pay one-half of the total cost of the
UAW Buyout Payments.

**Declaration of David L. Resnick**

11.     On June 16, 2006, Delphi reached agreement with GM and the IUE-CWA on the terms of the IUE-CWA Special Attrition Program, which largely mirrors the UAW Special Attrition Program and the UAW Supplement.

12.     I was personally involved in the discussions and negotiations with GM concerning their participation in the UAW Supplement and the IUE-CWA Special Attrition Program.  Discussions with GM regarding the UAW Supplement and substantially all of the discussions with GM regarding the IUE-CWA Special Attrition Program were completed no later than June 4, 2006.

13.     Under the Hourly Attrition Program, GM has agreed to pay half of the total cost of the Buyout Payments with respect to both the UAW and the IUE-CWA.  In exchange, GM will be granted an allowed prepetition unsecured claim for the total amount of Buyout Payments actually paid by GM.  This financial support is critical to making the Buyout Payment option available to employees who otherwise would have had no attrition choice under the programs.  During the negotiations concerning this aspect of the programs, GM expressed its understanding that Delphi's overall interests would be served by maximizing the number of employees who would be eligible for some kind of attrition option, and ultimately agreed to provide the 50% support of the total cost of the Buyout Payments to further that goal.  This financial support is a postpetition benefit to the Debtors' estates.  GM agreed, however, to accept only an allowed prepetition unsecured claim for these Buyout Payments.  Because GM was not otherwise obligated to make the Buyout Payments, and because GM was willing to accept a prepetition unsecured claim, as opposed to an administrative or priority claim, I recommended that Delphi accept GM's proposal to provide the Buyout Payment support, in exchange for an allowed prepetition claim.  At no time during the negotiations with GM was there any discussion

6

**Declaration of David L. Resnick**

with me or to my knowledge any other member of the Delphi team regarding GM's assertion of a

claim on account of the Hourly Attrition Program against subsidiary Debtors.

14.    As compared to other alternatives available to Delphi to fund the Buyout

Payments, such as using its available cash or through its DIP financing sources, it is my view

that obtaining the support from GM in exchange for a prepetition unsecured claim is clearly in

the Debtors' best interests.

15.    Unlike the UAW, the IUE-CWA does not have flowback rights to GM.

Thus, without further consideration there would be no opportunity for IUE employees to retire as

GM employees, such as was provided under the UAW Special Attrition Plan.  However, under

the IUE-CWA Special Attrition Plan, GM did agree to provide a "check the box" alternative to

employees exercising an early retirement option to allow them to retire as GM instead of Delphi

employees.  For those eligible Delphi IUE-CWA employees who "check the box," GM has

agreed to assume Delphi's outstanding OPEB obligations to those employees.  In exchange, GM

insisted that it would be allowed to assert a prepetition unsecured claim for these obligations

under Delphi's indemnity of GM under the Master Separation Agreement.  The Debtors agreed

with the further understanding that, in the event that GM asserts such a claim, the Debtors will

retain the right to object to the economic value of such claim.  From the Debtors' perspective, the

ability to challenge the economic value of any such asserted claim is a critical aspect in terms of

protecting estate value in the claims administration process.  Moreover, all other parties-in-

interest retain their rights to object to the allowance of any such claim under any grounds other

than the fact that the claim is assertable under the Master Separation Agreement.

16.    Here again, I advised Delphi that it should accept GM's support of the

IUE-CWA "check the box" option in exchange for the provision of the prepetition unsecured

7

claim that GM may assert.  Delphi believes that the "check the box" option is an important incentive for eligible employees to participate in the attrition program.  Moreover, I understand from Delphi that the "check the box" option was a necessary condition demanded by the IUE-CWA leadership in the course of reaching this agreement.  Thus, GM's support in this regard is valuable and indispensable.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed on June 25, 2006 in New York, New York

___/s/ David L. Resnick____
DAVID L. RESNICK

8

**Declaration of David L. Resnick**

# EXHIBIT G

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
David E. Springer (DS 9331)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
                                          :
         In re                            :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :        Case No. 05-44481 (RDD)
                                          :
                    Debtors.              :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DECLARATION OF JOHN D. SHEEHAN IN SUPPORT OF DEBTORS' MOTION
FOR ORDER UNDER 11 U.S.C. § 363(b) AND FED. R. BANKR. P. 6004
APPROVING (I) SUPPLEMENT TO UAW SPECIAL ATTRITION PROGRAM
AND (II) IUE-CWA SPECIAL ATTRITION PROGRAM

John D. Sheehan declares as follows:

1.      Delphi Corporation and certain of its subsidiaries and affiliates are debtors and debtors-in-possession in these chapter 11 cases.  I submit this declaration in support of the Debtors' Motion For Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving (a) the Supplement to the UAW Special Attrition Program and (b) the IUE-CWA Special Attrition Program (together, the "Hourly Attrition Programs Motion No. 2").  Capitalized terms not otherwise defined in this declaration have the meanings ascribed to them in the Hourly Attrition Programs Motion No. 2.

2.      I am the Vice President, Chief Restructuring Officer, and Chief Accounting Officer for Delphi Corporation (which, with certain of its subsidiaries and affiliates, the debtors and debtors-in-possession in the above-captioned cases, are referred to collectively and variously herein as "Delphi" or the "Debtors").  I joined Delphi in July 2002 as Chief Accounting Officer and Controller.  On March 4, 2005, I also assumed the position of acting Chief Financial Officer, a position that I held until October 8, 2005, when I was appointed Chief Restructuring Officer.  I am familiar with, and have had direct personal involvment with, the events and circumstances giving rise to the Debtors' decision to seek chapter 11 protection on October 8, 2005 (the "Initial Filing Date").  Since the Initial Filing Date, I have been involved to some degree in virtually all of the significant decisions made by the Debtors in connection with these chapter 11 cases.

3.      Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents, my opinion, my experience with and knowledge of Delphi's financial condition, or are based upon knowledge obtained

2

from Delphi employees reporting to me in the course of their duties.  If I were called upon to testify, I could and would testify to the facts set forth herein.

Background: The UAW Special Attrition Program

4.        On March 22, 2006, the Debtors filed their Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving Debtors' Human Capital Hourly Attrition Programs (the "Hourly Attrition Programs Motion No. 1").  By the hearing date for the Hourly Attrition Programs Motion No. 1 (April 7, 2006), the Debtors, GM, and the UAW had negotiated a specific attrition program (the "UAW Special Attrition Program") that focused on incentivizing retirement-eligible hourly UAW Delphi employees to retire and offering certain pre-retirement options to UAW employees with at least 27 years of credited service.  The UAW Special Attrition Program was the product of extensive negotiations between the Debtors, the UAW and GM.  On April 7, 2006, this Court approved the UAW Special Attrition Program and indicated that it anticipated similar attrition terms to be offered to the Debtors' other unions.

5.        I submitted a declaration in support of the Hourly Attrition Programs Motion No. 1, dated April 4, 2006 ("April 4 Declaration"), a copy of which is attached as Exhibit 1 hereto.  My April 4 Declaration explains the basis for the Debtors' business judgment that implementing hourly attrition programs would benefit the Debtors' estates financially and operationally and would promote a "soft landing" for the Debtors' union workforce in furtherance of the Debtors' transformation plan.  Specifically, my April 4 Declaration explains that the Debtors carefully considered the cost of payments to eligible employees (to the extent these costs are not borne by GM) and modeled net cash flow benefits and the reduction of operating losses in comparison to the Company's projections under status quo assumptions over the next five years (i.e., in comparison with the "Steady State" projections).  It is worth emphasizing that these various

3

**Declaration of John D. Sheehan**

financial analyses[1] modeled the impact of hourly attrition programs, at various hypothetical participation levels, for all of the Debtors' retirement-eligible union workers and was not limited to analyzing the impact of potential attrition by eligible UAW members.  Although the Debtors have since revised the Steady State projections to reflect actual 2006 results, I believe that the analysis performed in March 2006 that supported the implementation of hourly attrition programs remains valid today and supports the Debtors' agreement with GM to offer the IUE-CWA similar attrition incentives for its retirement-eligible and near-retirement-eligible workforce.

6.     The successful implementation of the UAW Special Attrition Program has confirmed the validity of the Debtors' business judgment.  As of June 20, 2006, approximately 9,800 of approximately 14,000 eligible UAW workers have elected to participate in the UAW Special Attrition Program.  This acceptance rate of 70 percent validates the Debtors' business judgment that the UAW Special Attrition Program would be a key step in the Debtors' transformation of their legacy workforce while providing a soft landing for many longstanding union employees.  Delphi's Board has been updated on the beneficial net cash flow impacts of the UAW Special Attrition program in comparison with the Steady State projections (as adjusted in light of first quarter 2006 results), including a detailed presentation on this subject at its May 1, 2006 board meeting.

7.     Through the Hourly Attrition Programs Motion No. 2, the Debtors seek authority to offer similar retirement incentives to retirement-eligible and near-retirement-eligible IUE-CWA workers.  In addition, the Debtors seek through the motion to build upon the hourly attrition plan previously authorized by this Court, as explained in detail below, by offering a pre-

---

[1]    The financial analyses relating to the Debtors' business judgment were produced to objecting parties during discovery prior to the April 7, 2006 hearing on the Hourly Attrition Programs Motion No. 1.

4

**Declaration of John D. Sheehan**

retirement program to employees with 26 years of credited service, and by offering one-time,

lump sum buy-outs to its UAW and IUE-CWA work force, backed by additional financial sup-

port from GM.  All of these terms are the product of intensive negotiations between Delphi, GM,

and their unions over the past two months.  The Debtors believe that the relief sought in the mo-

tion is essential to improving the prospects of a comprehensive, consensual resolution of the

Debtors' legacy labor cost issues.

        8.      The implementation of the UAW Supplement and the IUE-CWA Special

Attrition Program will: (a) continue the progress made through the UAW Special Attrition Pro-

gram, (b) accelerate necessary attrition and reduce the uncertainties and concerns over the impact

of a negotiated consensual resolution, and (c) in the alternative, reduce the impact of any court-

approved rejection of labor agreements and modification of retiree benefits.  By creating a soft

landing for a large number of Delphi's hourly employees, the Hourly Attrition Programs will bet-

ter position the Debtors to pursue successfully their plan to reduce the size of their U.S. labor

force consistent with their transformation plan.

<u>The UAW Supplement</u>

        9.      On April 7, 2006, the Bankruptcy Court approved the UAW Special Attri-

tion Program.  The UAW Special Attrition Program provided retirement incentives to certain

Delphi employees represented by the UAW.  The UAW Special Attrition Program offered three

options to certain eligible UAW employees:  (a) a lump sum payment of $35,000 (paid by GM)

to employees who are eligible to retire under the normal or early voluntary provisions of the

Delphi Hourly-Rate Employees Pension Plan (the "HRP"), (b) mutually satisfactory retirement to

employees age 50 or older with ten or more years of credited service who were eligible to retire

5

**Declaration of John D. Sheehan**

under the MSR provisions of the HRP, and (c) special voluntary placement in a pre-retirement

program for employees with at least 27 years and less than 30 years of credited service.

10.    The June 5, 2006 Supplement to the UAW-GM-Delphi Special Attrition

Program Agreement ("UAW Supplement") provides two additional options for UAW employ-

ees:  (i) hourly employees with at least 26 years of service and fewer than 27 years of service

also would be eligible for voluntary placement in a pre-retirement program and would receive

gross monthly payments of $2,750 while in the program (representing an approximate 40 to 50

percent reduction from average monthly wages) and (ii) virtually all UAW-represented hourly

employees would be offered buyouts paid in equal parts by GM and Delphi to sever all ties with

Delphi and GM (other than vested pension benefits), with employees with ten or more years of

seniority or credited service eligible for a $140,000 payment, employees with fewer than ten

years of seniority or credited service eligible for a $70,000 payment, and employees hired under

the Supplemental New Hire Agreement prior to March 22, 2006 eligible for a buyout payment

amount prorated to $40,000 (the "Buyout Payments").[2]

11.    I believe it is in the best interests of the Debtors, their estates, and their

stakeholders to provide the additional pre-retirement option offered in the UAW Supplement.

The UAW Special Attrition Program offered special voluntary placement in a pre-retirement

program to employees with at least 27 and fewer than 30 years of credited service.  The UAW

Supplement provides a new pre-retirement option to employees with 26 years of credited service

(which is consistent with the GM-UAW program addressing situations in which GM's traditional

wage positions are to be eliminated).  The Debtors estimate that approximately 400 UAW em-

---

[2]    Employees eligible to select more than one option under the UAW Special Attrition Plan or the UAW Supple-
ment must select one option only (i.e., for example, a retirement-eligible employee cannot select both the
$35,000 lump sum payment and the Buyout Payment).

**Declaration of John D. Sheehan**

ployees would be eligible to participate in the expanded pre-retirement program. The new op-

tions available under the UAW Supplement would provide the Debtors more flexibility in re-

shaping and reducing their workforce, while providing a soft landing option to more employees

who have significant years of service. The Debtors made this option available with the benefit of

knowing the level of participation to date among employees with 27 to 30 years of service (as of

June 20, 2006, the participation rate in the UAW pre-retirement program was approximately 70

percent).

12.    As a result of the new option under the pre-retirement program, the Debt-

ors would increase the balance in the $75 million segregated account established by the UAW

Special Attrition Program by an additional $15 million.

13.    Further, with the benefit of knowing the results to date of participation in

the UAW Special Attrition Program, the Debtors also have reasonably determined that offering

Buyout Payments to UAW-represented employees, along the lines offered by GM to its UAW

workers under the UAW Special Attrition Program, is in the best interests of the Debtors. Under

the terms of the UAW Supplement, GM and Delphi would each pay one-half of the Buyout

Payments. The Debtors estimate that approximately 20 percent of eligible UAW employees,

who are not otherwise eligible for retirement through the UAW Special Attrition Program, will

participate in the buyouts, at a cost of approximately $75 million to the Debtors. GM will re-

ceive an allowed prepetition, general unsecured claim against Delphi Corporation in the aggre-

gate amount of the total cost of the Buyout Payments actually paid by GM pursuant to the UAW

Supplement. It is reasonable to assume that only a small number of retirement-eligible UAW

workers who opted for the $35,000 retirement incentive will change their minds and opt for the

buyout payments instead, in light of the attendant loss of OPEB benefits.

7

**Declaration of John D. Sheehan**

14.    The amounts of the Buyout Payments are structured similar to GM's existing buyout offer to its UAW employees (and for this reason Delphi's unions could not reasonably have been expected to agree to a lesser level).  The Debtors believe that the Buyout Payments are reasonable and in the best interest of the Debtors' estates because the Debtors will be able to either reduce its workforce to the Company's need-to-run level and replace certain accepting employees with lower cost employees, thereby continuing to transform Delphi's legacy workforce. In addition, Delphi will no longer be obligated to make future OPEB payments for the UAW employees accepting the buyout.

15.    The UAW Supplement's new options are enabled by financial support from GM.  Implementation of the UAW Supplement would provide UAW-represented employees with additional opportunities for soft landings not previously offered under the UAW Special Attrition Program and reduce JOBS Bank and SUB (supplemental unemployment benefit) obligations pending resolution of job security and site wind down contract modifications proposed by Delphi.

<u>The IUE-CWA Special Attrition Program</u>

16.    The IUE-CWA agreement fundamentally is patterned after terms previously approved by this Court, aside from the Buyout Payment.  The IUE-CWA Special Attrition Program will provide additional soft landing opportunities to approximately 1,800 retirement-eligible employees, approximately 825 MSR-eligible employees, and approximately 390 employees with between 26 and 30 years of credited service.  The IUE-CWA Special Attrition Program is another significant step toward enabling the realignment of the Debtors' global product portfolio and manufacturing footprint, as well as the reduction of the Debtors' traditional-rate hourly U.S. workforce to levels needed to run its realigned U.S. operations.

8

**Declaration of John D. Sheehan**

17.    Delphi has agreed to establish a segregated account in the amount of $12 million for funding obligations under the pre-retirement option for employees with at least 26 and less than 30 years of credited service.

18.    The Debtors estimate that approximately 8,000 employees represented by the IUE-CWA would be eligible to participate in the Buyout Payments described above.  The Debtors estimate that slightly more than 1,000 IUE-CWA-represented employees would partici-pate in the buyout program (approximately 20 percent of those eligible employees who are not otherwise eligible for the retirement lump-sum payment or the pre-retirement program), resulting in an approximate cost of $120 million to be shared equally by the Debtors and GM.

19.    The Debtors estimate that each individual event of IUE-CWA attrition pursuant to a Buyout Payment would result in positive cash flow such that, depending upon the timing and demographics of the individuals participating, the IUE-CWA Special Attrition Pro-gram may be cash flow positive beginning in 2006 and would generate positive cash flow each year thereafter.  Between 2006 and 2010, the Debtors expect to generate substantial cost savings associated with the reduction in headcount provided by the IUE-CWA Special Attrition Program and, in those instances in which replacements might be needed, as a result of replacing IUE-CWA eligible employees with lower-cost temporary and competitive rate employees.

20.    As described in the Hourly Attrition Programs Motion No. 2, GM will re-ceive a general unsecured claim against Delphi Corporation in the aggregate amount of the total cost of the UAW and IUE-CWA Buyout Payments actually paid by GM.  In addition, GM may assert claims against the estate of Delphi Corporation on account of certain obligations that it assumes under the IUE-CWA Special Attrition Program Agreement, including with respect to employees who choose to retire as GM employees.  The Hourly Attrition Program Agreements

9

**Declaration of John D. Sheehan**

expressly provide, however, that nothing therein would be deemed to create an administrative or priority claim with respect to GM or to convert a prepetition claim into a postpetition claim or an administrative expense with respect to any party to the Agreement.

21.    Although I have described above certain cash-flow positive aspects of the Hourly Attrition Programs, Delphi's minimum pension funding obligations would increase as a result of the IUE-CWA Special Attrition Program.  Moreover, depending upon the number and mix of employees who elect to participate in the IUE-CWA Special Attrition Program, the Pension Benefit Guaranty Corporation's claim for unfunded benefit liabilities in the event of a potential termination of the HRP could also increase.  Nevertheless, the Debtors believe that the IUE-CWA Special Attrition Program constitutes an important step forward in implementing the Debtors' transformation plan because it reduces the workforce on a voluntary basis and in a manner that increases the likelihood of a global, consensual resolution while reducing the risk of labor disruptions.

22.    In sum, the Debtors believe that implementing the Hourly Attrition Programs, and the sharing of the costs of the Hourly Attrition Programs between Delphi and GM, will likely improve the Debtors' net cash flow in 2006 and each year thereafter.  More importantly, the attrition program continues progress in the necessary reduction of the Debtors' unsustainable, high-cost labor force.  The Debtors intend to continue seeking a resolution of their remaining labor and legacy issues, preferably through a consensual agreement but, if necessary, through the continuation of litigated proceedings under federal law including sections 1113 and 1114 of the Bankruptcy Code.  Therefore, I believe that this Court's approval of the Hourly Attrition Programs is clearly in the best interests of the Debtors, their estates, and all parties-in-interest.

10

**Declaration of John D. Sheehan**

23.    I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the

foregoing statements are true and correct.


Executed on June 25, 2006 in Troy, Michigan:


_____/s/ John D. Sheehan_____
JOHN D. SHEEHAN

**Declaration of John D. Sheehan**

**Exhibit A**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
David E. Springer (DS 9331)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

         - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
                                    :
          In re                     :     Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :     Case No. 05–44481 (RDD)
                                    :
                    Debtors.        :     (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :

DECLARATION OF JOHN D. SHEEHAN IN SUPPORT OF THE DEBTORS'
MOTION FOR ORDER UNDER 11 U.S.C. § 363(B) AND FED. R. BANKR. P. 6004
APPROVING DEBTORS' HUMAN CAPITAL HOURLY ATTRITION PROGRAMS

John D. Sheehan declares as follows:

1.    Delphi Corporation and certain of its subsidiaries and affiliates are debtors and debtors-in-possession in these Chapter 11 cases.  I submit this declaration in support of the Motion For Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving Debtors' Human Capital Hourly Attrition Programs ("Attrition Programs Motion").  Capitalized terms not otherwise defined in this declaration shall have the meanings ascribed to them in the Attrition Programs Motion.

2.    I am the Vice President, Chief Restructuring Officer, Chief Accounting Officer, and Controller for Delphi Corporation (which, with certain of its subsidiaries and affiliates, the debtors, and the debtors-in-possession in the above-captioned cases, are referred to collectively and variously herein as "Delphi" or the "Debtors").  I joined Delphi in July 2002 as Chief Accounting Officer and Controller.  On March 4, 2005, I also assumed the position of acting Chief Financial Officer, a position that I held until October 8, 2005, when I was appointed Chief Restructuring Officer.  Consequently, I am familiar with, and personally was involved in, the events and circumstances giving rise to the Debtors' decision to seek chapter 11 protection on October 8, 2005 (the "Initial Filing Date").  Since the Initial Filing Date, I have been involved at some level in virtually all of the significant decisions made by the Debtors in connection with these chapter 11 cases.

3.    Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents, my opinion, my experience with and knowledge of Delphi's financial condition, or are based upon knowledge obtained from Delphi employees reporting to me in the course of their duties.  If I were called upon to testify, I could and would testify to the facts set forth herein.

2

<u>Financial Impact of Implementation of the Hourly Attrition Programs</u>

4.        As described in my Declaration in Support of Delphi's Motion for Author-

ity to Reject Collective Bargaining Agreements Under 11 U.S.C. § 1113(c) and Modify Retiree

Welfare Benefits Under 11 U.S.C. § 1114(g) dated March 31, 2006, on February 14, 2006, Del-

phi's management reviewed with its Board of Directors Delphi's progress in creating a five-year

business plan to guide its restructuring efforts.  In formulating its restructuring business plan,

Delphi began by determining a "Steady State Scenario" that represents Delphi's best estimate of

costs and revenue based on (a) the assumption that Delphi's existing labor agreements continued

in effect, (b) the assumption that Delphi retained all of its existing lines of business, and (c) Del-

phi's best estimate of business volumes, pricing, and material costs based on existing economic

trends.  Put simply, the Steady State Scenario assumes that the Debtors continue to operate with-

out restructuring their operations or capital structure.  The Steady State Scenario did not consider

the potential effect of the Hourly Attrition Programs.

5.        In creating the Steady State Scenario, Delphi took a "bottom-up" approach

and conducted an in-depth evaluation of each of its businesses, taking into account revenue and

costs forecasts in light of changed economic conditions, including the chapter 11 filings.  Delphi

concluded that most of the economic trends leading to Delphi's current financial crisis -- GM's

loss of market share, reduced GM revenues, pressure for price-downs, higher material costs, and

the like -- will continue for the foreseeable future.

6.        Under Delphi's Steady State Scenario, Delphi projects an operating loss of

$8.1 billion, and a net loss of $12.9 billion over the five-year period from 2006-2010.  As with its

historical financial results, these losses are in large part attributable to Delphi's U.S. operations.

Under the Steady State Scenario, even with the deterioration in revenue and costs that Delphi has

assumed for 2006 to 2010, Delphi's projections show that Delphi's international operations will

be profitable during the period, earning approximately $3.4 billion in operating income over the

five-year period. These same projections show that Delphi's North American operations, on the

other hand, would lose approximately $11.5 billion in operating income during the same period.

Delphi's North American operations perform better than the U.S. operations alone.

7.      On March 22, 2006, the Debtors filed the Attrition Programs Motion. As

is described in the Attrition Programs Motion, it is the product of extensive negotiations between

the Debtors, the UAW and GM. Throughout those negotiations, Delphi's Board of Directors was

kept apprised of the status of such negotiations, the potential outcomes, and the financial impact

of the terms of the parties' likely agreement. Specifically, Delphi's professional advisors and

management, including me, provided the Board of Directors with information regarding the on-

going negotiations at meetings held on March 9, March 14, and March 17, 2006. Delphi's Board

of Directors was also provided with additional information regarding the Hourly Attrition Pro-

grams following the filing of the Attrition Programs Motion on March 29, 2006.

8.      In modeling the financial impact of the implementation of the Hourly At-

trition Plans, the Debtors carefully considered, among other things, the cost of payments to Eli-

gible Employees under the Plans (to the extent not being borne by GM), potential pension im-

pacts, the cost savings of reductions in Delphi's hourly workforce and of replacing Eligible Em-

ployees with lower-cost temporary and nontraditional rate employees as needed.

9.      The Debtors also considered the sensitivity of their financial model by

utilizing multiple sets of assumptions. In particular, the Debtors modeled the financial impact

assuming each of (a) a 100 percent acceptance rate of the Programs by Eligible Employees; (b) a

75 percent acceptance rate of the Programs by Eligible Employees; and (c) a 65 percent accep-

tance rate of the Programs by Eligible Employees who are eligible to retire under the normal or early voluntary provisions of the Delphi Hourly-Rate Employees Pension Plan ("HRP") and a 55 percent acceptance rate of the Programs by Eligible Employees who are eligible to retire under the MSR (or mutually satisfactory retirement) provisions of the HRP.

10.     Under each of the above-described sets of assumptions, the Debtors estimate that implementation of the Hourly Attrition Programs would generate significant positive cumulative net cash flow during the five-year period from 2006 through 2010 as compared with the Steady State Scenario. Delphi's costs with respect to the implementation of the Hourly Attrition Programs would be immediately paid back by GM's agreement to assume non-pension post-retirement employee benefit (i.e., health care coverage and life insurance benefits) obligations for Eligible Employees flowing back to GM.

11.     As noted above, the analyses of the financial impact of implementation of the Hourly Attrition Programs were presented to the Board of Directors, including a detailed presentation of the financial impact models described above, on March 14, 2006. On March 17, 2006, the Board of Directors, in the exercise of its business judgment, formally approved and adopted the UAW Special Attrition Program Agreement on the terms presented to it by Delphi's professional advisors and management.

12.     In addition, the Debtors also developed models of the affect of implementation of the Hourly Attrition Programs on the Debtors' projected operating income under the Steady State Scenario. The Debtors modeled the affect of implementation of the Hourly Attrition Programs on projected operating income under two sets of alternative assumptions: (a) a 100 percent acceptance rate of the Programs by Eligible Employees and (b) a 75 percent acceptance rate of the Programs by Eligible Employees. Under either set of assumptions, implementation of

5

the Hourly Attrition Programs would improve Delphi's financial projections in the sense of re-

ducing (but not eliminating) the projected loses.  Under even the more conservative scenario,

implementation of the Hourly Attrition Programs would reduce projected operating losses over

the five-year period from 2006-2010 by nearly $2 billion.

13.    However, as noted above, under the Steady State Scenario, Delphi projects

an operating loss of $8.1 billion, and a net loss of $12.9 billion, over the same period.  Thus,

while implementation of the Hourly Attrition Programs is a critical first step in enabling Delphi

to transform its workforce from legacy wages and benefits to a competitive labor cost structure,

it does not alleviate the need for the modifications that Delphi seeks in its labor agreements pur-

suant to the Motion for Authority to Reject Collective Bargaining Agreements Under 11 U.S.C.

§ 1113(c) and Modify Retiree Welfare Benefits Under 11 U.S.C. § 1114(g) dated March 31,

2006.

### Other Impacts of Implementation of the Hourly Attrition Programs

14.    As described in the Attrition Program Motion, GM will likely assert

claims against the Debtors related to obligations assumed and/or undertaken by GM as part of

the UAW Special Attrition Program.  The UAW Special Attrition Program Agreement expressly

provides, however, that nothing therein would be deemed to create an administrative or priority

claim with respect to GM or to convert a prepetition claim into a postpetition claim or an admin-

istrative expense with respect to any party to the Agreement.  Further, entry into the UAW Spe-

cial Attrition Program Agreement does not prejudice the rights of any interested party (including

the Debtors and the Creditors' Committee) with respect to, among other things, the administra-

tion, reconciliation, and ultimate allowance, if ever, of such assertable claims.  With certain ex-

ceptions, the Debtors believe that any claims that would be asserted by GM under the UAW

6

Special Attrition Program Agreement would relate to claims that GM would have otherwise asserted against Delphi under certain other agreements between GM and Delphi even absent entry into the UAW Special Attrition Program Agreement.[1]

15.     The Debtors also acknowledge that the Debtors' minimum pension funding obligations would increase as a result of the Hourly Attrition Programs. Moreover, depending upon the number and mix of employees who elect to participate in the Hourly Attrition Programs, the Pension Benefit Guaranty Corporation's claim for unfunded benefit liabilities in the event of a potential termination of the HRP could also increase.

16.     Nevertheless, the Debtors believe that the Hourly Attrition Programs constitute an important first step in implementing their transformation plan. In total, the Debtors believe that implementing the Hourly Attrition Programs, and the sharing of the costs of the Hourly Attrition Programs between the Debtors and GM, will improve the Debtors' net cash flow and reduce the Debtors' projected operating losses in comparison to the status quo over the five-year period from 2006 through 2010. Therefore, I believe that this Court's approval of the Hourly Attrition Programs is clearly in the best interests of the Debtors, their estates and all parties-in-interest.

---

[1]   It is possible that a significant portion of the claims that may be asserted by GM under the UAW Special Attrition Program Agreement would relate to GM's assumption of OPEB obligations for Eligible Employees who elect to flowback to GM. Although Appaloosa Management L.P. ("Appaloosa"), which has objected to the Attrition Programs Motion, has previously argued that Delphi's OPEB obligations would "go away because the collective bargaining agreements go away in 2007," the Debtors do not consider this argument tenable.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the forego-

ing statements are true and correct.

Executed on April 4, 2006, in Troy, Michigan.


                                    /s/ John D. Sheehan
                                    John D. Sheehan

# EXHIBIT H

**Hearing Date: June 29, 2006**
**Hearing Time: 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                          :
        In re                             :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :    (Jointly Administered)
                                          :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

PROPOSED HUMAN CAPITAL HOURLY ATTRITION PROGRAMS MOTION NO.2 HEARING
AGENDA

Location Of Hearing:    United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, Room 601, 6th Floor, One Bowling Green, New York, New York 10004-1408

    The matters set for hearing are divided into the following categories for the purposes of this Proposed Agenda:

    A.    Introduction

    B.    Contested Matters (1 Matter)

**B.    Contested Matters**

    1.    **"Human Capital Hourly Attrition Programs Motion No. 2"** – Motion For Order Under 11 U.S.C. § 363(B) And Fed. R. Bankr. P. 6004 Approving (I) Supplement To UAW Special Attrition Program, And (II) IUE-CWA Special Attrition Program (Docket No. 4269)

        *Response Filed:*    *Preliminary Objection Of The Ad Hoc Equity Committee To The Debtors' Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving (i) Supplement To UAW Special Attrition Program And (ii) IUE-CWA Special Attrition Program (Docket No. 4292);*

        *Preliminary Objection Of Wilmington Trust Company, As Indenture Trustee, To Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving (I) Supplement To UAW Special Attrition Program, And (II) IUE-CWA Special Attrition Program (Docket No. 4343)*

        *Limited Objection Of The Official Committee Of Equity Security Holders In Opposition To Debtors' Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving (I) Supplement To UAW Special Attrition Program, And (II) IUE-CWA Special Attrition Program (Docket No. 4369);*

        *Limited Objection Of The Official Committee Of Unsecured Creditors To Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving (I) Supplement To UAW Special Attrition Program, And (II) IUE-CWA Special Attrition Program (Docket No. 4378)*

*Limited Objection Of Wilmington Trust Company, As Indenture Trustee, To Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving (I) Supplement To UAW Special Attrition Program, And (II) IUE-CWA Special Attrition Program (Docket No. 4379)*

*Supplemental Limited objection Of The Ad Hoc Equity Committee To The Debtors' Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving (I) Supplement To UAW Special Attrition Program, And (II) IUE-CWA Special Attrition Program (Docket No. 4381);*

*Limited Objection of Wilmington Trust Company, as Indenture Trustee, to Motion for Order Under 11 U.S.C. Section 363(B) and Fed. R. Bankr. P. 6004 Approving (I) Supplement to UAW Special Attrition Program, and (II) IUE-CWA Special Attrition Program (Docket No. 4390)*

| | |
|---|---|
| *Reply Filed:* | *Debtors' Omnibus Reply To Objections To Motion For Order Under 11 U.S.C. Section 363(b) And Fed. R. Bankr. P. 6004 Approving (I) Supplement To UAW Special Attrition Program And (II) IUE-CWA Special Attrition Program (Docket No. 4398)* |
| *Related Filing:* | *Response Of IUE-CWA In Support Of Debtors' Motion For Approval Of IUE-CWA Special Attrition Program (Docket No. 4364);* |
| | *Statement Of UAW In Support Of Debtors' Motion For Approval Of Hourly Attrition Programs (Docket No. 4367);* |
| | *Declaration Of Kevin M. Butler In Support Of Debtors' Motion For Order Under 11 U.S.C. Section 363(b) And Fed. R. Bankr. P. 6004 Approving (I) Supplement To UAW Special Attrition Program And (II) IUE-CWA Special Attrition Program (Docket No. 4393);* |
| | *Declaration Of David L. Resnick In Support Of Debtors' Motion For Order Under 11 U.S.C. Section 363(b) And Fed. R. Bankr. P. 6004 Approving (I) Supplement To UAW Special Attrition Program And (II) IUE-CWA Special Attrition Program (Docket No. 4395);* |

*Declaration Of John D. Sheehan In Support Of Debtors' Motion For Order Under 11 U.S.C. Section 363(b) And Fed. R. Bankr. P. 6004 Approving (I) Supplement To UAW Special Attrition Program And (II) IUE-CWA Special Attrition Program (Docket No. 4396);*

*Revised Exhibit A To Debtors' Omnibus Reply To Objections To Motion For Order Under 11 U.S.C. Section 363(b) And Fed. R. Bankr. P. 6004 Approving (I) Supplement To UAW Special Attrition Program And (II) IUE-CWA Special Attrition Program (Docket No. 4402)*

*Status:*          *The hearing with respect to this matter will be proceeding.*

Dated:  New York, New York
         June 28, 2006

SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

        - and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

4

# EXHIBIT I

Delphi Corporation
Response Parties

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Cohen, Weiss & Simon LLP | Joseph J. Vitale | 330 West 42nd Street | | New York | NY | 10036 | 212-356-0238 | 646-473-8238 | jvitale@cwsny.com | Counsel for International Union, United Automobile, Areospace and Agriculture Implement Works of America (UAW) |
| Davis, Polk & Wardwell | Donald Bernstein
Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092
212-450-4213 | 212-450-3092
212-450-3213 | donald.bernstein@dpw.com
brian.resnick@dpw.com | Counsel for Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com
karen.j.craft@delphi.com | Debtors |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler
Bonnie Steingart
Vivek Melwani
Jennifer L. Rodburg
Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com
slivin@ffhsj.com | Proposed Counsel to Equity Security Holders Committee |
| IUE-CWA | Conference Board Chairman | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | | Creditor Committee Member |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | 212-358-1500 | 212-358-0207 | tkennedy@kimlabor.com | Counsel for The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | 212-536-4812 | 212-536-3901 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com
rtrust@stblaw.com
wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com
jlyonsch@skadden.com
rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com
tmatz@skadden.com | Counsel to the Debtor |
| United States Trustee | Alicia M. Leonhard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | Counsel to United States Trustee |
| White & Case LLP | Glenn Kurtz
Gerard Uzzi
Douglas Baumstein | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | 212-819-8200 | | gkurtz@ny.whitecase.com
guzzi@whitecase.com
dbaumstein@ny.whitecase.com | Counsel for Appaloosa Management, LP |
| White & Case LLP | Thomas Lauria
Frank Eaton | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | 305-371-2700 | 305-358-5744 | tlauria@whitecase.com
featon@miami.whitecase.com | Counsel for Appaloosa Management, LP |

# EXHIBIT J

Hearing Date:  **June 29, 2006**
Hearing Time:  **10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                              :
      In re                            :        Chapter 11
                                              :
DELPHI CORPORATION, et al.,       :        Case No. 05-44481 (RDD)
                                            :
                    Debtors.   :        (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

## DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO MOTION FOR ORDER UNDER 11 U.S.C. § 363(b) AND FED. R. BANKR. P. 6004 APPROVING (I) SUPPLEMENT TO UAW SPECIAL ATTRITION PROGRAM AND (II) IUE-CWA SPECIAL ATTRITION PROGRAM

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this response (the "Reply") to the objections filed to the Debtors' Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving (I) Supplement to UAW Special Attrition Program and (II) IUE-CWA Special Attrition Program, dated June 19, 2006 (the "Motion").  Such objections include (a) the Preliminary Objection Of The Ad Hoc Equity Committee To The Debtors' Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving (I) Supplement to UAW Special Attrition Program and (II) IUE-CWA Special Attrition Program, dated June 21, 2006  (Docket No. 4292) (filed by Appaloosa Management L.P., Wexford Capital LLC, Lampe Conway & Co., LLC, Harbinger Capital Partners LLC, and Marathon Asset Management LLC (collectively, the "Appaloosa Group" or the "Ad Hoc Equity Committee")), supplemented by the Supplemental Objection Of The Ad Hoc Equity Committee To Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 (I) Supplement to UAW Special Attrition Program and (II) IUE-CWA Special Attrition Program, dated June 28, 2006 (Docket No. 4381); (b) Preliminary Objection of Wilmington Trust Company ("WTC"), as Indenture Trustee, To Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving (I) Supplement to UAW Special Attrition Program and (II) IUE-CWA Special Attrition Program, dated June 23, 2006 (Docket No. 4343), supplemented by the Limited Objection of Wilmington Trust Company ("WTC"), as Indenture Trustee, To Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving (I) Supplement to UAW Special Attrition Program and (II) IUE-CWA Special Attrition Program , dated June 27, 2006 (Docket No. 4379); (c) the Limited Objection of the Official Committee of Unsecured Creditors (the "Creditors' Committee") To Motion For Order

2

Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving (I) Supplement to UAW

Special Attrition Program and (II) IUE-CWA Special Attrition Program , dated June 27, 2006

(Docket No. 4379); and (d) the Limited Objection of the Official Committee of Equity Security

Holders ("Equity Committee") in Opposition to Debtors' Motion for Order Under 11 U.S.C. §

363(b) and Fed. R. Bankr. P. 6004 Approving (I) Supplement to UAW Special Attrition Program

and (II) IUE-CWA Special Attrition Program, dated June 27, 2006 (Docket No. 4369)

(collectively, the "Objectors" and the "Objections").  In support of this Reply, the Debtors

respectfully submit herewith the declarations of Kevin M. Butler, David L. Resnick, and John D.

Sheehan (each executed on June 25, 2006) in support of the Motion and further represent as

follows:[1]

<u>Preliminary Statement</u>

1.    On April 7, 2006, Delphi, GM and UAW received this Court's approval of

a tripartite agreement providing retirement and pre-retirement attrition incentives for certain of

Delphi's hourly, UAW-represented employees (the "UAW Special Attrition Program").  In

support of their Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004

Approving Debtors' Human Capital Hourly Attrition Programs ("Hourly Attrition Motion No.

1"), the Debtors estimated that approximately 13,000 UAW-represented Delphi employees

would have the opportunity to participate in the UAW Special Attrition Program.  In fact, as of

Friday, June 23, 2006, approximately 87% (over 12,600) of Delphi's UAW employees have

elected to participate in these programs.[2]  While the success of this program does not alter the

---

[1]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

[2]    Although some of these participants are entitled to revoke their election of an option under the UAW
Special Attrition Program, the Debtors do not expect that a material number of employees will do so.

3

need for Delphi's restrictive collective bargaining agreements to be transformed, the fact that the

vast majority of Delphi's UAW employees were able to consider voluntary attrition options and

exercise their individual judgment about what was best for their individual circumstances in light

of the economic and competitive realities of Delphi's transformation plan will be a cornerstone of

Delphi's restructuring.

2.    The robust participation of Delphi's UAW employees validates the

Debtors' business judgment that offering attrition programs clearly benefits Delphi's labor

reorganization by providing voluntary "soft landings" to high-wage hourly employees at a time

when the Debtors and their unions are working hard to negotiate a comprehensive, consensual

resolution of Delphi's unsustainable labor cost structure.  As the UAW acknowledges in its

Statement Of UAW In Support Of Debtors' Motion For Approval Of Hourly Attrition Programs

(Docket No. 4367) ("UAW Statement"), this participation rate is "a measure of the degree to

which Delphi employees are concerned about the uncertain prospects for future employment

given Delphi's stated transformation plans and the overall economic climate in the automotive

supply industry generally" and counsels in favor of expanding the attrition programs.  (UAW

Statement ¶ 2.)

3.    Indeed, it is telling that not a single Objector actually objects to the labor

transformation represented by, or any specific element of, the attrition programs brought by the

Debtors to this Court in the Motion.  Instead, the Objectors uniformly use the Objections as a

strategic platform to unreasonably, unwisely and inappropriately bring forward a plan of

reorganization negotiation into a labor transformation motion.  It is unreasonable because neither

the Motion nor the record supports the notion that this hearing is about the Debtors' claims

against or defenses against the affirmative claims of General Motors Corporation, its former

4

parent and largest OEM customer.  It is unwise because the very labor transformation that all of

the Objectors desperately want to occur in order to preserve – and likely create – value for the

Debtors' estates is put at risk by the Objectors' almost fanatical opposition to GM (which appears

to be undertaken without any realistic assessment of the constructive role GM can play in this

reorganization).[3]  It is inappropriate because most of the Objectors appear to either

misunderstand the relief sought in the Motion – or choose to intentionally mischaracterize the

relief sought.  (For example, the Motion does not seek to allow <u>any</u> claim of <u>any</u> priority to GM

in connection with <u>any</u> pre-existing claim that GM might be able to assert and, in fact, relegates

GM's agreement to assume "check the box" exposure for IUE-CWA members to nothing more

than an <u>assertable</u> general unsecured claim limited to a <u>preexisting</u> claims channel as to which

virtually all of the Objectors maintain can be blocked entirely or equitably subordinated.)

       4.      During the April 7 hearing on the Hourly Attrition Motion No. 1, this

Court stated:

> [I]t's my view that having approved this agreement, it is quite likely, unless there
> really are different material considerations involving the debtor's rights against
> GM and/or the other unions, that I would promptly approve comparable
> agreements with the other unions.

Tr. Apr. 7, 2006, at 229:8-15.  On May 5, 2006, this Court entered an order authorizing and

approving the UAW Special Attrition Program.  The Court issued an amended order on May 12,

2006 in response to technical issues that GM had raised.

       5.      The Debtors subsequently engaged in intensive and ultimately successful

negotiations with GM and the Debtors' second-largest union, the IUE-CWA, and, as a result, are

---

[3]      For example, all but five members of the UAW workforce who elected voluntary attrition also elected to
"check the box" and retire on GM's balance sheet – an opportunity fashioned from whole cloth by the
UAW, GM and the Debtors which could not have been "forced" on any party including GM.

now able to offer Delphi's IUE-CWA-represented employees with retirement attrition incentives analogous to those previously offered to the UAW.  As acknowledged by the IUE-CWA in its Response Of IUE-CWA In Support Of Debtors' Motion For Approval Of IUE-CWA Special Attrition Program (Docket No. 4364) ("IUE-CWA Response"), these negotiations were "complex and sometimes difficult."  (IUE-CWA Response ¶ 1).  The Debtors have also succeeded in negotiating substantial financial support from GM that enables Delphi to extend to additional UAW and IUE-CWA employees the opportunity to sever ties with Delphi and GM through lump-sum buyouts that GM had previously offered its own UAW workers under the UAW Special Attrition Program.

6.    On June 5, 2006, Delphi reached agreement on the terms of additional programs to supplement the UAW Special Attrition Program through negotiations among Delphi, GM, and UAW (the "UAW Supplement").  On June 16, 2006, Delphi reached agreement on the terms of the IUE-CWA-GM-Delphi Special Attrition Program (the "IUE-CWA Special Attrition Program"), through negotiations among Delphi, GM, and IUE-CWA.[4]  On June 19, 2006, the Debtors filed the Motion seeking entry of an order under section 363 of the Bankruptcy Code and Bankruptcy Rule 6004 authorizing the Debtors to enter into (i) the Supplement to the UAW-GM-Delphi Special Attrition Program Agreement by and among Delphi, GM, and the UAW dated March 22, 2006 (the "UAW Supplement Agreement"), and (ii) the Agreement by and among Delphi, GM, and the IUE-CWA governing the IUE-CWA Special Attrition Program (the "IUE-CWA Special Attrition Program Agreement").[5]  The Debtors obtained relief from the

---

[4]    Collectively, the IUE-CWA Special Attrition Program, the UAW Special Attrition Program, and the UAW Supplement are referred to herein as the "Hourly Attrition Programs."

[5]    The proposed Hourly Attrition Programs Order (the "Proposed Order") is attached hereto as <u>Exhibit B</u>. Copies of the UAW Supplement Agreement and the IUE-CWA Special Attrition Program Agreement are
                                                                                                            *(cont'd)*

Court at the June 19, 2006 omnibus hearing to file the Motion on ten days notice later that

evening. All of the Objectors were present at the omnibus hearing and no Objector opposed the

scheduling order approved by the Court.[6] The Debtors obtained the scheduling relief and seek in

the Motion a waiver of the ten day stay provided under Bankruptcy Rule 6004(g) for essentially

the same showing of cause. The attrition programs are an important element of labor

transformation. Given what the Court and the Objectors understand to be the unavoidable delay

in the IUE-CWA negotiations leading up to the agreed program, the IUE-CWA program is

weeks behind the UAW program and must be implemented immediately. As importantly,

Delphi and its unions need to be able to move beyond the attrition programs to negotiating a

comprehensive labor transformation solution during the summer recess in the 1113/1114 hearing

which resumes on August 11, 2006. The Debtors believe that any delay in the implementation of

the relief sought in the Motion will be confusing to its hourly employees and disruptive to the

labor transformation process – the success of which is an indispensable precondition to the

formulation of a reorganization plan which maximizes the business enterprise value available to

its stakeholders.

       7.     It is important to highlight that there are only two material differences

between the relief sought in the Motion and that which was approved previously by the Court.

First, the UAW, IUE-CWA, GM and the Delphi Corporation have agreed to expand the menu of

voluntary attrition options to include a buyout provision. Not a single objector takes issue with

---

*(cont'd from previous page)*

           attached to the Proposed Order. While these programs are the product of negotiations between Delphi, GM,
           and each of these major unions, neither GM nor either of the interested unions are parties to this Motion.

[6]      Order Shortening Notice Period And Establishing Objection Deadline And Hearing Date On Debtors'
      Motion For Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Approving (I) Supplement To
      UAW Special Attrition Program, And (II) IUE-CWA Special Attrition Program (Docket No. 4281).

paying from $140,000 to $40,000 per employee for employees (depending on seniority and classification) to voluntarily give up their employment and all retirement claims that the employee may have (except for vested pension benefits).  Delphi Corporation elected to enter into this agreement in its reasonable business judgment because it is directly liable for CBA obligations, pension obligations and retiree obligations including OPEB.  In determining how to fund the potential cost of the program – presumably in the hundreds of millions of dollars – Delphi could have elected to self-fund the program using postpetition borrowing lines or current estate liquidity to fund the entire program.  Such an approach would by nature cause the funding to be "senior" to the claims of every Objector.  Instead, Delphi was able to induce GM to fund half of the costs of the program and to accept a prepetition unsecured claim (as opposed to an administrative claim).  While GM did not agree to this approach as a matter of altrusim – GM will benefit from the reduction in potential benefit guarantee exposure if the guarantee were ever triggered – GM had absolutely no legal obligation to advance postpetition funds to Delphi and Delphi is not waiving any claims of any kind for itself or anyone else vis a vis any existing contractual obligations that GM may have or with respect to any pre-existing claim that GM might be able to exert.[7]

8.      Aside from the new buyout option, the IUE-CWA and UAW programs as they relate to Delphi are virtually identical (with one exception discussed below).  For example, the relevant portions of paragraph 7 of the UAW program are replicated nearly verbatim in

---

[7]      Another enhancement in the UAW Supplement is the addition of another eligible class for the preretirement program (i.e., employees with at least 26 years but less than 27 years of seniority or credited service).  This enhancement also is included in the IUE-CWA program.  However, no element of the other aspects of the preretirement program was affected, except that Delphi Corporation will reserve addition funds to finance the program since the preretirement program wage payments are entirely self-funded by Delphi Corporation without GM involvement.

paragraph 3 of the IUE-CWA program, including the concept in paragraph 3(b) that "any

obligations assumed by GM under this Program with respect to OPEB . . . or active health care

and life insurance . . . shall be conclusively deemed to be comprehended by, included within, and

shall constitute a prepetition, general unsecured claim assertable by GM against the estate of

Delphi Corporation under . . . the Master Separation Agreement."  Moreover, the reservation of

rights to parties in interest, including the statutory committees, is virtually identical in the prior

approved program and the proposed program.  What is different is that, unlike the broader claims

channels that GM could use in the UAW program to assert claims (i.e., a prepetition indemnity

agreement related to the benefit guaranty, the Master Separation Agreement and the Employee

Matters Agreement relating to flowbacks), the IUE-CWA program limits GM's opportunities to

assert claims to a single channel because the other two channels do not exist as to the IUE-CWA.

In consideration for inducing GM to accept this limitation (and to drop its demand that a new

program document be created pursuant to which it could assert a claim), the Debtors agreed that

they would not (for themselves only and with a full reservation of rights for the statutory

committees and all other parties) object to the GM claim in the single Master Separation

Agreement claim channel -- with an extraordinarily important exception.  The Debtors reserved

the right to litigate the proper allowable economic value of an OPEB claim and not simply be

tied to an actuarial valuation linked to a balance sheet accounting standard.  Thus, the Debtors

continued to reserve the precise issue that the Objectors have litigated in various contexts in this

case—the proper claims valuation and treatment of OPEB—while leaving to all other parties any

other claims allowance litigation.

   9.  As explained fully herein, the UAW Supplement provides certain

expanded options with respect to the UAW Special Attrition Program, which will provide

additional UAW-represented employees with voluntary "soft landing" opportunities as the

Debtors implement their transformation plan.  The IUE-CWA Special Attrition Program largely

mirrors the UAW Special Attrition Program taken together with the UAW Supplement.

   10. The Debtors exercised due care in analyzing the potential costs and

benefits of each of the features of the Hourly Attrition Programs in the course of determining that

the Hourly Attrition Programs are in the best interests of the Debtors' estates.  As this Court

knows, based on the contested hearing on the Hourly Attrition Motion No. 1, Delphi's Board of

Directors (the "Board") received numerous detailed presentations regarding the Hourly Attrition

Programs prior to this Court's approval of the Hourly Attrition Motion No. 1.  Thereafter, as

discussed further herein, the Debtors' management team and advisors have updated the Board

regularly on progress under the UAW Special Attrition program and on the incremental attrition

programs (i.e., the lump-sum buyouts and additional pre-retirement incentives) that the Debtors

have subsequently negotiated with their unions and GM.

   11. No Objector challenges the business judgment to offer soft landings to the

Debtors' labor force through the Hourly Attrition Programs.  The Creditors' Committee, the

Equity Committee, and the Appaloosa Group have each filed limited objections focused on GM

claims matters.  The only disagreements that are unresolved with respect to these limited

objections are  whether the proposed Order, as drafted, expands the claims GM might otherwise

be able to assert, to the supposed detriment of the Debtors' creditors and equity holders.  In

addition, WTC has once again objected based on the argument that Delphi Corporation (which

WTC concedes is a signatory to collective bargaining agreements with UAW and IUE-CWA

(WTC Lim. Obj. ¶ 14)) should not fund any attrition programs or generate any claims in

connection with the attrition programs.  WTC's counsel spins this legal assertion without any

balanced assessment of the fabric of the indenture and underlying offering memoranda and related documents that provide the factual context of the bondholders' investments in Delphi Corporation and while choosing to essentially ignore (or alternatively claim the irrelevance of) such facts as Delphi Corporation being the employer under applicable labor law, the signatory to the relevant collective bargaining agreements and the legal sponsor and obligor with respect to retirement benefits including the relevant pension and healthcare plans.[8]

12.    As discussed fully below, the Motion is in the best interests of the Debtors, their estates, their creditors, and other stakeholders.  The Debtors' decision to enter into the UAW Supplement Agreement and IUE-CWA Special Attrition Program Agreement constitutes a reasonable exercise of their business judgment.  Moreover, the limited objections regarding potential claims by GM also should be denied because they are either premature or fail to acknowledge the potential value and benefit of GM's financial contribution under the terms of the Hourly Attrition Programs.

## Argument

A.    The Hourly Attrition Programs Reflect A Sound Exercise Of Business Judgment

1.    The Applicable Legal Standard

---

[8]    Although WTC claims that Delphi Corporation's business judgment is "incomprehensible" for this reason, it concedes that "implementation of the Attrition Programs appears to be a sound exercise of business judgment by DAS [Delphi Automotive Systems LLC], which will realize tangible benefits in the form of a smaller and less expensive unionized workforce."  (WTC Lim. Obj. ¶ 27.)  On the other hand, discovery taken on June 28, 2006 of WTC's Rule 30(b)(6) witness makes clear that WTC, itself, undertook no analysis of the risk to Delphi Corporation or its affiliates in the event that the attrition program was not approved or labor transformation was not achieved.  Moreover, WTC conceded that it is prosecuting its Objection without the instruction of bondholders under the relevant indenture and without WTC having reviewed the offering memoranda, Form 10-Ks or other documents that would evidence what liabilities bondholders were "investing into" at the time that the offerings occurred or subsequently.  Said another way, the WTC Rule 30(b)(6) deponent could not offer a single factual basis in support of its Objection relying instead solely upon the legal argument constructed by WTC's counsel.

13.    Bankruptcy Code section 363(b) permits a debtor-in-possession, after

notice and a hearing, to "use, sell, or lease, other than in the ordinary course of business, property

of the estate." 11 U.S.C. § 363(b)(1). Courts may authorize a debtor to use estate property

pursuant to section 363(b)(1) whenever the debtor, in good faith, has provided a "good business

reason" that the proposed usage will ultimately "aid in the reorganization." In re Lionel Corp.,

722 F.2d 1063, 1071 (2d Cir. 1983). The Code provides the court "considerable discretion" in

addressing such a section 363(b) motion, and the Court's factual findings will stand unless

clearly erroneous. In re Montgomery Ward Holding Corp., 242 B.R. 147, 152-53 (Bankr. D.

Del. 1999).

14.    The Second Circuit has held that, while the Bankruptcy Court sits as an

"overseer of the wisdom with which the bankruptcy estate's property is being managed by the . . .

debtor-in-possession," it must nevertheless resist becoming "the arbiter of disputes between

creditors and the estate." In re Orion Pictures Corp., 4 F.3d 1095, 1098-99 (2d Cir. 1993). The

Court's consideration of a debtor's section 363(b) motion is a summary proceeding, intended

merely as a means to "efficiently review the . . . debtor's decision[s] . . . in the course of the swift

administration of the bankruptcy estate. It is not the time or place for prolonged discovery or a

lengthy trial with disputed issues." Orion Pictures, 4 F.3d at 1098-99.

15.    The debtor has the burden of establishing a valid business purpose for the

use of estate property outside the ordinary course of business. Lionel, 722 F.2d at 1070-71.

Once the debtor has done so, a presumption arises that the debtor's decision was made on an

informed basis, in good faith, and in an honest belief that the action was in the best interests of

the estate. In re Integrated Res., Inc., 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992). Thereafter,

"[p]arties opposing the proposed exercise of a debtor's business judgment have the burden of

rebutting the presumption of validity." Id. To satisfy its burden, it is not enough for an objector

simply to raise and argue an objection. Rather, an objector "is required to produce some

evidence respecting its objections." Lionel, 722 F.2d at 1071.

16.     As a rule, the debtor's business judgment "should be approved by the court

unless it is shown to be 'so manifestly unreasonable that it could not be based upon sound

business judgment, but only on bad faith, or whim or caprice.'" In re Aerovox, Inc., 269 B.R. 74,

81 (Bankr. D. Mass 2001) (quoting In re Logical Software, Inc., 66 B.R. 683 (Bankr. D. Mass.

1986)).

17.     Further, the Court's role should not be to rewrite the terms of an agreement

reached between Delphi and third parties. In re Global Crossing Securities and ERISA Litig.,

225 F.R.D. 436, 455 (S.D.N.Y. 2004) ("Although the Court must make its own independent

evaluation of the settlement, the Court must also assess the settlement as it stands, without

modifying its terms . . . and without substituting its 'business judgment for that of counsel, absent

evidence of fraud or overreaching.'") (citing In re Warner Commc'ns Sec. Litig., 798 F.2d 35, 37

(2d Cir. 1986)).

18.     Courts have given deference to a debtor's business decisions when those

decisions follow thorough financial analyses and the considered deliberation of senior

management and directors. In re Adelphia Commc'ns Corp., No. 02-41729 (REG), 2003 WL

22316543, at *31 (Bankr. S.D.N.Y. Mar. 4, 2003); In re Global Crossing Ltd., 295 B.R. 726,

744-46 (Bankr. S.D.N.Y. 2003); In re Brooklyn Hosp. Ctr., Inc., 341 B.R. 405, 412 (Bankr.

E.D.N.Y. 2006). Furthermore, Courts have also found that arms-length negotiations between

entities that result in agreement is evidence of the exercise of sound business judgment. In re

Eaglepicher Holdings, Inc., No. 05-12601, 2005 WL 4030132, at *4 (Bankr. S.D. Ohio Aug 26,

2005).  As discussed below, the Debtors here have engaged in extensive and often-contentious

discussions with GM and their unions.  These negotiations have been conducted under the

continual auspices of both senior management and the Board.  (Sheehan Dep. Tr. 12:21-13:9).

After much deliberation and analysis, the final product of those negotiations resulted in

unanimous Board support for the Supplemental Programs.  (Sheehan Dep. Tr. 204:20-24; 208:2-

5.)

      2.    The Role Of "Soft Landings" In The Restructuring Process

      19.    In order to stem the Debtors' operating losses from their U.S. operations

and achieve the Debtors' transformation, Delphi's existing labor agreements must be modified in

three principal respects.  First, Delphi must obtain hourly wage and benefit cost levels that are

competitive with other U.S. auto parts suppliers.  Currently, Delphi's total hourly labor costs,

including legacy retirement liabilities, for its traditional production and skilled trades employees

are approximately three times the labor costs of a typical U.S. auto parts supplier.  Second,

Delphi must address those provisions that limit Delphi's ability to respond to market forces by

selling or closing non-core or unprofitable operations, and/or by laying off excess employees.

Third, Delphi must address its substantial liabilities for retirement benefits for hourly employees

and its costly retiree health care plans.  The Hourly Attrition Programs are designed to begin to

address, either directly or indirectly, each of these issues. (Butler Dec. ¶6.)

      20.    The value of the Debtors' estates is materially dependent on maintaining

customer supply through rigorous shipping compliance at world-class quality levels as well as

the ability to win profitable new business (especially non-GM business).  Although Delphi must

modify its labor agreements, it cannot operate or maximize enterprise value without the ultimate

support of its employees.  Therefore, as stated in Delphi's March 31, 2006 press release, while

14

the Debtors, through their Court filings on March 31, 2006, have taken necessary procedural

steps to enable action that may become necessary at some point in the future, Delphi is singularly

focused on reaching a consensual resolution with all of its unions and GM before any court

hearing is necessary.

21.    Delphi negotiated the terms of and entered into the UAW Supplement

Agreement and the IUE-CWA Special Attrition Program Agreement in the spirit of fostering the

prospects of a comprehensive, consensual resolution.  The UAW Supplement and IUE-CWA

Special Attrition Program are the product of extensive and complex negotiations among the

Debtors, UAW, IUE-CWA, and GM.  The Debtors' ability to achieve shipping compliance,

world-class quality, and customer confidence for new business is affected significantly by

employee sentiment, focus, and efficiency.  During trilateral discussions among the Debtors,

GM, and their major unions, the parties expressed mutual concern regarding the difficulty and

complexity of the issues surrounding the Debtors' restructuring.  Indeed, there was deep concern

that the prospects for significant risk to the business could arise if the parties could not respond

to certain issues until a comprehensive settlement was reached on all issues.  (Butler Dec. ¶ 7.)

The Hourly Attrition Programs are a mutual agreement that Delphi believes is a reasonable and

one that will benefit the estates and aid in the reorganization.  Moreover, entry into the UAW

Supplement Agreement and IUE-CWA Special Attrition Program Agreement has had, and will

continue to have, a positive effect on the overall negotiations between Delphi, its unions, and

GM.  (Butler Dec. ¶ 17.)

22.    Delphi maintains that the Hourly Attrition Programs are beneficial for

Delphi's labor reorganization because they will incentivize attrition and prevent most of Delphi's

15

long-term employees from feeling the full weight of the necessary modifications to Delphi's

labor agreements.

23.     In light of the Debtors' transformation plan described in Delphi's March

31, 2006, press release, the Hourly Attrition Programs' "soft landings" should ease the sudden

impact upon employees from the economic hardship that they might otherwise face as a result of

Delphi's financial situation and enhance Delphi and its unions' ability to achieve a consensual

resolution of Delphi's remaining labor issues that will be ratifiable by the unions' members.

Even if Delphi must proceed in chapter 11 and obtain Court authority to reject and subsequently

modify its collective bargaining agreements and modify its retiree benefits, to continue its

ongoing operations, Delphi must reach a resolution with its unions that the unions' membership

will ratify and will keep employees working.  Delphi believes that creating a "soft landing" for

excess or high cost employees is critical to facilitating the structure of and subsequent ratification

of any modified labor agreement that Delphi ultimately reaches with its unions.

24.     Finally, the Debtors anticipate that the Hourly Attrition Programs will

generate positive cash flow over the next four years resulting from the reductions in the Debtors'

workforce and cost savings from utilizing lower-rate employees.  (Sheehan Dec. ¶¶ 22, 14, 19.)

25.     Delphi could not achieve this "soft landing" without GM's support.  Many

of Delphi's hourly employees may view the option to retire as a GM retiree as more appealing

than retiring as a Delphi retiree.  In addition, GM's financial support enables the Debtors to

provide their most senior hourly employees appropriate incentives to retire at an accelerated rate.

Should the Motion not be approved, the Debtors may not have a future opportunity to achieve

these "soft landings."  GM is not obligated to enter a deal with Delphi and will only enter a deal

if it receives some benefit under such agreement.

3.     The UAW Supplement Will Benefit The Debtors'
       Estates And The Reorganization Process

26.     As of June 23, 2006, approximately 12,600 of 14,000 eligible UAW hourly employees have elected to participate in the UAW Special Attrition Program.  The acceptance rate of approximately 87% validates the Debtors' business judgment and provides a starting point that will allow the Debtors to begin the transformation of their legacy workforce while providing a soft landing for their employees.  In light of the success of the UAW Special Attrition Program, and to facilitate attrition and provide additional soft landing opportunities to its employees, Delphi with the UAW and GM entered into a tripartite agreement that would provide additional options to employees in addition to the UAW Special Attrition Program.  The UAW Supplement includes two main components:  (i) the addition of a class of employees (those with 26 years of credited service) to the pre-retirement program and (ii) lump sum buyouts to sever all ties with Delphi and GM (except vested pension benefits).  (Butler Dec. ¶ 11.)

27.     The UAW Special Attrition Program offered special voluntary placement in a pre-retirement program to employees with at least 27 and less than 30 years of credited service.  The UAW Supplement is incremental to the prior pre-retirement program by adding an option to Delphi employees with at least 26 years of credited service.  Thus, additional high-wage and long-serving union employees will have the opportunity to "check the box" and retire on terms akin to GM's UAW employees.  The Debtors estimate that approximately 400 additional UAW represented employees would be eligible to participate in the expanded pre-retirement program.  (Butler Dec. ¶ 12.)  In connection with the new option under the  pre-retirement program, the Debtors would increase the balance in the $75 million segregated account established by the UAW Special Attrition Program by an additional $15 million.  (Sheehan Dec. ¶ 12.)

17

28.    The UAW Supplement also includes buyout options to UAW-represented employees to sever all ties with Delphi and GM, except vested pension benefits.  Under the buyout options, employees with ten or more years of seniority or credited service, whichever is greater, would be eligible for $140,000, traditional employees with fewer than ten years of seniority would be eligible for $70,000, and employees hired under the Supplemental New Hire Agreement prior to March 22, 2006 would be eligible for a buyout payment amount prorated to $40,000, in each case, less withholdings (the "UAW Buyout Payments").

29.    The UAW Buyout Payments are modeled on previous agreements reached between GM and/or Ford and their unions.  Ford recently offered buyouts at the $100,000-per-employee level.  As detailed in the UAW Special Attrition Program, GM offered buyouts to GM employees represented by the UAW of $140,000 for employees with ten years of service and $70,000 for employees with fewer than 10 years of seniority.  The Debtors believe that the amount of the UAW Buyout Payments are reasonable, within the range of similar buyout payments offered in the domestic auto industry, and in the best interests of the estates.  Consequently, the Debtors believe it is appropriate to offer buyouts at the same level as GM offered to UAW-represented employees.  Moreover, since the UAW negotiated buyout amounts with GM in March 2006, it was the expectation and demand of the UAW that the same opportunity be made available to eligible UAW-represented Delphi employees.  The buyouts offered to UAW employees will reduce the number of traditional, high-wage and benefit employees as well as eliminate future OPEB obligations for those participants.  (Butler Dec. ¶ 14.)

30.    Under the terms of the UAW Supplement, GM and Delphi would each pay one-half of the total cost of the UAW Buyout Payments.  Although participation rates cannot be

18

predicted with precision, the Debtors estimate that approximately 20% of eligible UAW employees, who are not otherwise eligible for retirement incentives or pre-retirement programs through the UAW Special Attrition Program, will participate in the buyouts.  At estimated participation levels, the Debtors estimate that the cost to each of the Debtors and GM of the UAW Buyouts will be approximately $75 million, with GM receiving an allowed, prepetition claim for amounts it actually pays for the UAW Buyouts.  (Sheehan Dec. ¶ 13.)  The buyout program will save Delphi money by removing unnecessary workers and allowing the replacement of necessary workers with lower cost employees, who can be released when no longer needed, consistent with the Debtors' transformation plan.  (Butler Dep. Tr. 76:3-13.)

31.    In sum, the benefits to the Debtors of the UAW Buyouts outweigh the costs, in light of (i) the added ability to provide voluntary attrition opportunities to high-wage employees, (ii) the added operational flexibility in reshaping the workforce around core operations, (iii) the elimination of associated OPEB benefits, and (iv) the 50 percent subsidization of the program through "new money" from GM in return for a prepetition, unsecured claim.

4.    The IUE-CWA Special Attrition Program Will Benefit
The Debtors' Estates And The Reorganization Process

32.    The implementation of the IUE-CWA Special Attrition Program is another important step in enabling Delphi to transform its workforce from legacy wages and benefits to a competitive labor cost structure.  Approximately 25% of the Debtors' hourly workforce is represented by the IUE-CWA.  The Debtors believe that the IUE-CWA Special Attrition Program could provide approximately 8,000 existing IUE-CWA represented hourly employees with an opportunity for "soft landings," either through retirement attrition programs or the buyout program.  The implementation of this program, similar to the UAW Special Attrition

19

Program, is expected to accelerate necessary attrition and reduce the uncertainties and concerns

over the impact of a negotiated consensual resolution, or in the alternative, a potential rejection

of labor agreements and modifications of retiree benefits.  (Butler Dec. ¶ 16.)

33.    The IUE-CWA Special Attrition Program consists of a retirement

component and a buyout component.  The retirement component of the IUE-CWA Special

Attrition Program fundamentally is patterned after terms previously approved by the Court in

connection with the UAW Special Attrition Program.  The IUE-CWA Special Attrition Program,

like the UAW Special Attrition Program, offers a $35,000 lump sum incentive payment to

employees who are eligible to retire under the normal or early voluntary provisions of the Delphi

Hourly-Rate Employees Pension Plan (the "HRP").  The total cost of these incentive payments

would be paid by GM and would be retroactive to cover eligible employees who have retired

since October 1, 2005.  While GM will not be able to assert a claim against the Debtors on

account of these payments, GM has informed Delphi that it will seek compensation for these

payments in connection with any comprehensive agreement with Delphi.  The Debtors estimate

that approximately 1,800 employees are eligible to receive the lump sum retirement incentive

payments, and estimate that approximately 50 to 75 percent of eligible employees will elect to

participate.  An additional retirement element of the IUE-CWA Special Attrition Program is a

mutually satisfactory retirement opportunity for those employees 50 years old or older with at

least ten years of credited service.  The Debtors estimate that approximately 825 employees are

eligible to participate in the MSR option, and estimate that 50 to 75 percent of eligible

employees will elect to participate.  (Butler Dec. ¶ 17.)

34.    The IUE-CWA Special Attrition Program also offers special voluntary

placement in a pre-retirement program for employees with at least 26 and less than 30 years of

credited service.  The Debtors estimate that approximately 390 employees are eligible to participate in the pre-retirement program, and estimate that 50 to 75 percent of eligible employees will elect to participate.  All participants in the retirement options are eligible to "check the box" and transition to GM for purposes of retirement, including OPEB at levels available to GM's IUE-CWA represented retirees.  (Butler Dec. ¶ 18.)

35.    The buyout component of the IUE-CWA Special Attrition Program is very similar to the UAW Buyout Payments described above.  Under the terms of the IUE-CWA Special Attrition Program, employees (other than those at Delphi's Gadsden, Alabama Operations) with ten or more years of seniority or credited service, whichever is greater, would be eligible for $140,000, employees with three but fewer than ten years of seniority or credited service, whichever is greater, would be eligible for $70,000, and employees with one but fewer than three years of seniority or credited service, whichever is greater, would be eligible for a buyout payment of $40,000, paid in a lump sum less withholdings (the "IUE-CWA Buyout Payments," together with the UAW Buyout Payments, the "Buyout Payments").  GM and Delphi would each pay one-half of the total cost of the IUE-CWA Buyout Payments (except for any payments made to participants who are employed at Delphi's New Brunswick operations, where previously agreed upon terms apply).  (Butler Dec. ¶ 19.)

36.    Although participation rates cannot be predicted with precision, the Debtors estimate that approximately 20 percent of eligible IUE-CWA employees, who are not otherwise eligible for retirement incentives or pre-retirement programs through the IUE-CWA Special Attrition Program, will participate in the buyouts.  At this level of participation, the Debtors estimate that the cost to each of the Debtors and GM will be $60 million.  (Sheehan Dec. ¶ 18.)  The Debtors believe the amount of the IUE-CWA Buyout Payments are reasonable,

within the range of similar buyout amounts offered in the auto industry, and in the best interests

of the estates.  The buyouts offered to IUE-CWA employees will reduce the number of high-

wage and benefit employees as well as eliminate future OPEB obligations.  (Butler Dec. ¶ 20.)

37.     The Debtors estimate that each individual event of IUE-CWA attrition

pursuant to the IUE-CWA Buyout Payments would result in positive cash flow such that,

depending upon the timing and demographics of the individuals participating, the IUE-CWA

Special Attrition Program may be cash flow positive beginning in 2006 and would generate

positive cash flow each year thereafter.  Between 2006 and 2010, the Debtors expect to generate

substantial cost savings associated with the reduction in headcount provided by the IUE-CWA

Special Attrition Program and, in those instances in which replacements might be needed, as a

result of replacing IUE-CWA eligible employees with lower-cost temporary and competitive rate

employees.  (Sheehan Dec. ¶ 19.)

38.     It is anticipated that the Hourly Attrition Programs will result in an

increase in Delphi's minimum pension funding obligation.  An increase would occur regardless

of whether the Court approves the Hourly Attrition Programs because, to transform their

businesses, the Debtors will need to close unprofitable U.S. plants.  These closures would also

result in an increase of minimum pension funding obligations.  (Butler Dec. ¶ 22.)

39.     GM will receive certain allowed prepetition general unsecured claims

against Delphi Corporation on account of the funding of one half of the total cost of the Buyout

Payments and will likely assert additional prepetition general unsecured claims related to

obligations assumed and/or undertaken by GM as part of the Hourly Attrition Programs.  Delphi

could not have offered the Hourly Attrition Programs, however, without GM's involvement in

and financial support for these Programs.  Many of Delphi's hourly employees will view the

option to transition to GM for the purposes of retirement and receipt of GM OPEB as more

appealing than retiring as a Delphi retiree.  As of June 20, 2006, of the 9,776 retirement eligible

Delphi employees electing to participate in the UAW Special Attrition Program, 9,775 have

elected to "check the box" and receive GM OPEB.  GM's financial support also enables the

Debtors to provide their most senior hourly employees sufficient incentive to retire at an

accelerated rate.  (Butler Dec. ¶ 23.)

40.    In sum, the Debtors believe that the Hourly Attrition Programs constitute

an important step in implementing their transformation plan.  Particularly, the Debtors believe

that implementing the Hourly Attrition Programs, and the anticipated sharing of the costs of the

Hourly Attrition Programs between the Debtors and GM, including GM's commitment to provide

significant financial support toward the UAW Supplement and IUE-CWA Special Attrition

Program Agreement, will improve the Debtors' net cash flow and reduce the Debtors' projected

operating losses in comparison to the status quo over the five-year period from 2006 through

2010.  Even more, the Hourly Attrition Programs are a critical step to facilitating the Debtors'

labor reorganization and transformation plan and will only increase the prospects for a

comprehensive, consensual resolution of the Debtors' labor cost issues.

B.    The Objectors' Arguments Should Be Overruled And The Relief Granted

1.    Objections Regarding GM's Claims

41.    Pursuant to the UAW Supplement and IUE-CWA Special Attrition

Program Agreement, GM has agreed to assume a substantial portion of the costs associated with

implementation of the Hourly Attrition Programs.  Specifically, GM has agreed to pay one-time,

lump-sum incentive payments in the amount of $35,000 to employees who are eligible to retire

under the normal or early voluntary provisions of the Delphi Hourly-Rate Employees Pension

Plan (the "HRP") in exchange for their agreement to retire and grant a release of claims. [9]

Furthermore, GM has agreed to assume OPEB obligations for employees who "check the box"

and flowback to GM for purposes of retiring.  GM has also committed to subsidize any health

care coverage differential for Delphi employees participating in the Delphi pre-retirement

program.  Finally, GM has committed to paying one-half of the lump-sum buyouts offered to the

Debtors' UAW and IUE-CWA employees.  GM's financial commitment to Delphi employees

under the Hourly Attrition Programs is so substantial that Delphi's entry into these programs

would likely not have been feasible without GM's commitments.

    42.    Delphi's entry into the UAW Supplement and IUE-CWA Special Attrition

Program Agreement are critical steps in the Debtors' efforts to realign their global product

portfolio and manufacturing footprint, as well as to reduce the Debtors' traditional-rate hourly

U.S. workforce to levels needed to run its realigned U.S. operations.

    43.    Nevertheless, and despite the financial obligations GM has agreed to

assume under the Special Attrition Programs, the Creditors' Committee, the Equity Committee,

the Appaloosa Group, and WTC (collectively, the "Objectors") assail the terms that GM

negotiated from Delphi as a condition of GM's financial support.  The Objectors do not

acknowledge that GM's financial support of the UAW Special Attrition Program is critical to the

overall viability of the Program or that GM was under no obligation to provide such financial

support to Delphi.  Rather, each of such Objectors appears to take the untenable position that

Delphi should have been able to receive all of the benefits of the Hourly Attrition Programs

without providing GM with any corresponding claims.  To expect GM to take on what will likely

---

[9]    GM will likely seek "credit" to recoup these contributions in any comprehensive settlement but GM's
obligations are not conditioned on such a settlement.

amount to hundreds of millions of dollars in obligations without receiving any benefit whatsoever simply does not acknowledge the respective leverage of the parties or the commercial realities of the Debtors' situation.

44.     The Objectors focus two provisions of the UAW Supplement Agreement and the IUE-CWA Special Attrition Program Agreement that would (a) grant GM an allowed unsecured, prepetition claim with respect to amounts actually paid by GM in connection with lump-sum buyout payments and (b) allow GM to assert unsecured, prepetition claims in connection with liabilities GM incurs with respect to OPEB obligations for IUE-CWA employees who "check the box."  These arguments are without merit, for they ignore the realities of the complex bargaining and negotiations out of which the supplemental Hourly Attrition Programs arose.

45.     With respect to GM's payments in support of lump-sum buyouts, the Objectors present a false choice between either granting GM an allowed, pre-petition claim or remaining silent on that issue and reserving all rights.  In reality, the choice that the Debtors had to make was between relying on debtor-in-possession ("DIP") financing to fund the buyouts by themselves, or taking direct, GM financial support in exchange for an allowed prepetition, unsecured claim.  To the extent that the  DIP financing is utilized to fund these payments, any payments by the Debtors to fund the program from the proceeds of such financing would give rise to administrative claims (while providing GM the same speculative, OPEB-related "benefits" flowing from buyouts emphasized by the Objectors).  Had the Debtors chosen to fund the Buyout Programs in this fashion, they plainly would have had the authority to implement them under the business judgment standard of section 363(b) of the Bankruptcy Code. Instead, the program as

proposed gives rise to a general prepetition unsecured claim for GM rather than an administrative

claim to a DIP lender.  The benefits of this structure to the estate are perfectly clear.

46.    Under the Hourly Attrition Programs, GM has agreed to pay half of the

total cost of the Buyout Payments with respect to both the UAW and the IUE-CWA.  This

financial support is critical to making the Buyout Payment option available to employees who

otherwise would have had no attrition choice under the programs.  During the negotiations

concerning this aspect of the programs, GM expressed its understanding that Delphi's overall

interests would be served by maximizing the number of employees who would be eligible for

some kind of attrition option, and ultimately agreed to provide the 50 percent support of the total

cost of the Buyout Payments to further that goal.  This financial support is a postpetition benefit

to the Debtors' estates.  GM agreed, however, to accept only an allowed prepetition unsecured

claim for these Buyout Payments.  Because GM was not otherwise obligated to make the Buyout

Payments, and because GM was willing to accept a prepetition unsecured claim, as opposed to

an administrative or priority claim, the Debtors' financial advisors recommended that Delphi

accept GM's proposal to provide the Buyout Payment support, in exchange for an allowed

prepetition claim.  (Resnick Dec. ¶ 13.)  As compared to other alternatives available to Delphi to

fund the Buyout Payments, such as using its available cash or through its DIP financing sources,

the Debtors concluded that obtaining the support from GM in exchange for a prepetition

unsecured claim is clearly in the Debtors' best interests.  (Id. ¶ 14.)

47.    Second, with respect to GM's potential OPEB claims, the Debtors have

expressly reserved the right to object to the economic value of any such claim even thought the

Debtors concede that the claim could be asserted under the Master Separation Agreement.  IUE-

CWA Special Attrition Program Agreement ¶ 2. Unlike the UAW, the IUE-CWA does not have

26

flowback rights to GM.  Thus, without further consideration there would be no opportunity for

IUE employees to retire as GM employees, such as was provided under the UAW Special

Attrition Plan.  However, under the IUE-CWA Special Attrition Plan, GM did agree to provide a

"check the box" alternative to employees exercising an early retirement option to allow them to

retire as GM instead of Delphi employees.  For those eligible Delphi IUE-CWA employees who

"check the box," GM has agreed to assume Delphi's outstanding OPEB obligations to those

employees.  In exchange, GM insisted that it would be allowed to assert a prepetition unsecured

claim for these obligations under Delphi's indemnity of GM under the Master Separation

Agreement.  The Debtors agreed with the further understanding that, in the event that GM asserts

such a claim, the Debtors will retain the right to object to the economic value of such claim.

From the Debtors' perspective, the ability to challenge the economic value of any such asserted

claim is a critical aspect in terms of protecting estate value in the claims administration process.

Moreover, all other parties-in-interest retain their rights to object to the allowance of any such

claim under any grounds other than the fact that the claim is assertable under the Master

Separation Agreement.

48.    The Debtors determined, with the assistance of their financial advisors,

that they should accept GM's support of the IUE-CWA "check the box" option in exchange for

the provision of the prepetition unsecured claim that GM may assert.  Delphi believes that the

"check the box" option is an important incentive for eligible employees to participate in the

attrition program.  Moreover, the "check the box" option was a necessary condition demanded by

the IUE-CWA leadership in the course of reaching this agreement.  Thus, GM's support in this

regard is valuable and indispensable.  (Id. ¶¶ 15-16.)

49.    The Objectors' specific legal arguments relating to the validity of the Debtors' agreement to allow (or acknowledge the source of) certain pre-petition, unsecured GM claims are equally without merit.

50.    Contrary to the UCC's Objection, the Motion does not seek authority to settle a pending dispute.  Rather, it seeks Court approval to establish a new program for Delphi's employees designed to serve the best interests of the Debtors' estates.  The buyouts under the program by themselves will result in a significant savings over time.  GM's contribution to the pool of funds that will finance the buyouts provide a substantial, additional benefit to the Debtors.

51.    The Debtors have not proposed, nor does the Motion purport to effect, a settlement of any dispute over GM's claims against the Debtors' estates generally.  Bankruptcy Rule 9019 does not apply here.  Even if it did apply, the Hourly Attrition Programs would fall above the lowest point in the "range of reasonableness."  In re W. T. Grant Co., 699 F.2d 599, 613 (2d Cir. 1983).  The attrition programs provide for an exchange of value that serves the best interests of the Debtors' estates.  Under the programs, GM will contribute new funds equal to half of the amount required to fund the buyouts.  GM has no existing or prior obligation to make these contributions; they constitute and infusion of new money into the Debtors' estates.  In exchange for its new funds, GM will receive only an allowed general unsecured prepetition claim.  Against Delphi, rather than the administrative claim that Delphi would incur from a DIP lender providing these funds.  Had Delphi and GM arrived at such an agreement in settlement of a dispute, these terms would easily satisfy the requirements of Bankruptcy Rule 9019.

52.    Furthermore, the terms provided to GM under the Special Attrition Programs are narrowly-tailored, reasonable, and preserve substantial rights for all parties-in-

interest to later challenge any claims that GM may assert related to the obligations which it has

agreed to assume under the Hourly Attrition Programs.  Paragraph 10 of the proposed Order

provides:

> 10.     For the avoidance of doubt, nothing in the Motion, the UAW Supplement,
> the IUE-CWA Special Attrition Program Agreement, this Court's approval of
> such agreements, the performance of any obligation thereunder, or any other
> document shall prejudice the right of any party-in-interest (including, without
> limitation, the Debtors, the Creditor's Committee, and the Equity Committee) to
> challenge the allowability, amount, or priority of any claims asserted by GM
> (including, without limitation, all defenses, objections, offsets, counterclaims,
> bases for disallowance, subordination or recharacterization, all avoidance rights
> under chapter 5 of the Bankruptcy Code, and all remedies with respect thereto),
> except that (i) GM's claims, if any, with respect to OPEB obligations assumed
> under paragraph 2 of the IUE-CWA Special Attrition Program Agreement or
> active health care and life insurance obligations assumed under paragraph 3.d. of
> the IUE-CWA Special Attrition Program Agreement shall not be subject to
> objection on the basis that the claims were not assertable under Delphi's general
> indemnity of GM under the Master Separation Agreement and (ii) GM's claims
> with respect to GM Buyout Payments are allowed as provided in paragraph 8
> hereof and shall not be subject to any objection by any party for any reason.
> Notwithstanding the forgoing, neither Delphi nor any of the other Debtors may
> object on any grounds to the allowance of GM's claims, if any, with respect to
> OPEB obligations assumed under paragraph 2 of the IUE-CWA Special Attrition
> Program Agreement; provided, however, that all of the Debtors reserve the right
> to object to the economic value of such claims (in the nature of assumptions such
> as discount rate, health care trend rates, mortality, other withdrawal rates, and
> current and future expected benefit plan design changes).  Except as expressly
> provided above in this paragraph 10, GM's claims remain subject to defenses
> under the Master Separation Agreement or on any other ground.  GM may not
> assert any claim of any kind arising under or relating to the UAW Supplement or
> the IUE-CWA Special Attrition Program Agreement against any Debtor other
> than Delphi, and the foregoing exception shall not impair any right or remedy that
> may exist with respect to the enforceability of avoidability of any such agreement.
> Further, nothing in the Motion, the UAW Supplement, the IUE-CWA Special
> Attrition Program Agreement, this Court's approval of any such agreements, the
> performance of any obligation thereunder, or any other document shall prejudice
> any right or remedy of any Debtor against any other Debtor with respect to the
> allocation of Delphi's obligations under either of these agreements or claims
> asserted against Delphi thereunder, all of which rights are expressly preserved.

> 53.     The UAW Supplement and IUE-CWA Special Attrition Program

Agreement are the product of extensive negotiations among Delphi, GM,  UAW and the IUE-

29

CWA spanning multiple days of round-the-clock face-to-face meetings.  Importantly, the

Debtors could not have implemented such an attrition program on a stand-alone basis (i.e.,

without the cooperation and support of GM, UAW and IUE), nor do the Debtors have the ability

to force non-consensual reductions in workforce (outside of the section 1113 process).

Therefore, entry into a tripartite agreement with the GM and its unions was essential to the

Debtors' ability to enact these important plans.

      54.     The Appaloosa Group alleges that the Debtors cannot allow GM claims on

account of the Buyout Payments because section 502(e) of the Bankruptcy Code prohibits the

allowance of such claims at this time.  The Appaloosa Group has completely misunderstood how

this program works and thus misapplies section 502(e) of the Bankruptcy Code.  Indeed, GM

does not get an allowed claim until it makes a payment on account of the buyout program, at

which time the claim will not be contingent.  Accordingly, section 502(e) does not apply to the

Buyout Payments.

      55.     The Appaloosa Group also alleges that pursuant to section 502(e) the

Debtors are prohibited from allowing GM claims on account of OPEB.  This argument is wholly

inapplicable.  The debtors are not allowing GM's assertable OPEB claims at this time, but merely

affording GM the right to assert a prepetition general unsecured claim under the general

indemnity under the Master Separation Agreement.  The explicit reservation of rights by the

Debtors to object to the economic value of the OPEB claims is affirmative evidence that such

claims are not allowed at this time.  See IUE-CWA Special Attrition Program ¶ 2.  In addition,

all other parties-in-interest retain their rights to object to such claims on any grounds other than

that they may be asserted under the general indemnity provision of the Master Separation

Agreement.  See id.  Consequently, section 502(e) of the Bankruptcy Code is in applicable and the Appaloosa Group's objection on this ground should be overruled.

56.      The alleged Section 502 violations are a red herring – objectors argue that because the buyouts are not yet funded that no claim can be allowed – that is not the case in financing orders approved by the Bankruptcy Court or adequate protection orders where future obligations will be occurred and not yet funded or a variety of other circumstances. Similarly, the assertion that some speculative future chapter 5 assertion against GM bars GM from transferring new value to the estate for an allowed claim that is subordinated in priority to what the Code would otherwise require turns Section 502(d) on its head. The buyout funding also does not constitute a claim for reimbursement or contribution; even it did, the claim here is limited to actual future funding.

57.      Finally, the Creditors' Committee requests that "the Court grant the Committee authority to prosecute on behalf of the Debtors any and all of the Debtors' Claims and Defenses and other rights that may reduce the amount or priority of, or otherwise eliminate, GM's claims to which the Debtors have waived objections under the Programs."  Committee Limited Objection at ¶ 33.  This request is, at best, premature.  The Committee has not established that the Debtors have colorable claims that would reduce the priority of or otherwise eliminate the GM claims at issue in this Motion, and, more importantly, the Committee has not established that pursuing such claims at this juncture – even if colorable – would "maximize the value of [the Debtors'] estate."  Committee Limited Objection at ¶ 31.  Indeed, the Debtors' have here exercised their business judgment to determine that allowance of certain GM claims in exchange for new value from GM's participation in the Programs *is* in the best interest of the

estate.  That is precisely the business judgment that the Court is evaluating under 11 U.S.C. §

363(b).

        2.         <u>Objections Regarding The Debtors' Business Judgment</u>

        58.      Whether directly or indirectly, the Objectors, while styling their objections

as "limited," are fundamentally questioning the Debtors' business judgment to agree with GM on

central aspects of the Hourly Attrition Programs.  As explained more fully above, the appropriate

standard for review of a debtor's motion to use estate property outside the ordinary course of

business is whether the debtor has provided, in good faith, a sound business reason as to why the

proposed use of estate property will aid in the debtor's reorganization.  Once such a showing is

made, an objecting party must overcome the substantial deference provided to a debtor's exercise

of its business judgment by demonstrating that the debtor's business judgment is so manifestly

unreasonable that it could not possibly be based upon sound business judgment.  The Debtors

respectfully assert that the Debtors have clearly met their burden under section 363(b) with

respect to the relief sought in the Motion, while neither the Appaloosa Group nor any other

objecting party has come forward with any evidence of "manifest unreasonableness."

        59.      As a threshold matter, the Debtors' business judgment here is entitled to a

deferential standard of review because the Debtors' management and Board engaged in a good

faith process of diligently studying the potential impacts of attrition programs.  Prior to filing the

Hourly Attrition Motion No. 1 (seeking authority to implement the UAW Special Attrition

Program), the Debtors carefully considered the cost of payments to eligible employees (to the

extent these costs are not borne by GM) and modeled net cash flow benefits and the reduction of

operating losses in comparison to the Company's projections under status quo assumptions over

the next five years (<u>i.e.</u>, in comparison with the "Steady State" projections).  It is worth

emphasizing that these various financial analyses[10] modeled the impact of hourly attrition programs, at various hypothetical participation levels, for <u>all</u> of the Debtors' retirement-eligible union workers and was <u>not</u> limited to analyzing the impact of potential attrition by eligible UAW members. Although the Debtors have since revised the Steady State projections to reflect actual 2006 results, the analysis performed in March 2006 that supported the implementation of hourly attrition programs remains valid today and supports the Debtors' agreement with GM to offer Delphi's IUE-CWA-represented employees attrition incentives similar to those already offered to the UAW. (Sheehan Dec. ¶ 7.)

　　　　　60.　　　As negotiations with the IUE-CWA ensued following this Court's approval of the UAW Special Attrition Program, the Debtors' senior labor negotiators kept Delphi's senior management team informed of the progress of those negotiations. (Sheehan Dep. Tr. 195:14-20.) Each incremental feature of the Hourly Attrition Programs were vetted first by Delphi's senior management team, and then presented to the Board for approval. (Sheehan Dep. Tr. 12:21 – 13:9.) By the time that the Debtors moved this Court for authority to implement the UAW Special Attrition Program, GM was not prepared to finance any portion of lump-sum buyouts for Delphi's UAW-represented employees. (Sheehan Dep. Tr. 232:20 – 233:5 (explaining that for this reason, "Delphi didn't go forward with the 70-140 at that time.").) As Delphi's chief labor negotiator testified, however, lump-sum buyouts have been analyzed and discussed by the Debtors' management and Board as early as January or February 2006. (Butler Dep. Tr. 19:4-6.) The Debtors studied GM's buyout experience and modeled the potential impacts conservatively, based on doubling GM's participation rates. (<u>Id.</u> 61:25 – 62:8.) The

---

[10]　　　The financial analyses relating to the Debtors' business judgment were produced to objecting parties during discovery prior to the April 7, 2006 hearing on the Hourly Attrition Programs Motion No. 1.

record thus reflects that all aspects of the Hourly Attrition Program received due consideration and analysis by the Debtors and Delphi's Board.

61.    The UAW Supplement and the IUE-CWA Special Attrition Program were discussed in detail during a special Board Meeting on June 2, 2006.  (Sheehan Dep. Tr. 17:12-18.)  Kevin Butler, Delphi's head of human resources and chief labor negotiator, reviewed the proposals for the Board from a labor perspective, and Robert Dellinger, Delphi's Chief Financial Officer, reviewed the proposals from a cost/benefit perspective.  (Sheehan Dep. Tr. 200:3-6.) The Board was supportive and believed that management was making good progress towards transforming the Debtors' workforce.  (Id. 204:20-24.)  The Board passed the programs – both the IUE-CWA Special Attrition Program and UAW Supplemental Program – unanimously.  (Id. 208:2-5.)

62.    Fundamentally, the Debtors have determined that, to reorganize successfully, they must "transform 100 percent of the non-competitive wage employees to competitive wage status."  (Butler Dep. Tr. 11:21 – 12:3.)  Delphi's Board recognizes this fact. (Sheehan Dep. Tr. 204: 7-10.)  This explains the fundamental purpose of the Motion, which is to provide additional soft landing opportunities, beyond the UAW Special Attrition Program previously authorized by this Court, to help further transform the Debtors' labor force.

63.    There is ample justification for Delphi's determination to enter into the Hourly Attrition Programs.  Implementation of the Hourly Attrition Programs constitutes a significant step to enable realignment of the Debtors' global product portfolio and manufacturing footprint.  Furthermore, hourly attrition programs, while representing only one element in the Debtors' overall effort to address the Debtors' current uncompetitive U.S. cost structure, evidences crucial progress in the Debtors' negotiations of a consensual resolution with three key

constituencies – GM, UAW and the IUE-CWA.  By providing a substantial number of Delphi's

employees with a "soft landing," implementation of the Hourly Attrition Programs directly

addresses the concerns of the Debtors' employees, customers, and other key constituent groups,

thereby providing distinct operational benefits.  Finally, because GM has agreed to shoulder a

significant portion of the obligations arising as a result of the UAW Supplement and IUE-CWA

Special Attrition Program Agreement, the Debtors' implementation of the Hourly Attrition

Programs will generate significant financial benefits, both by way of enhanced cash flow and

decreased operating losses over the five-year period from 2006 through 2010 versus the status

quo.

       3.      <u>WTC's Objections Related To Potential Claims</u>

      64.      By its Objection, WTC once again alleges that potential obligations

undertaken by Delphi Corporation, and claims granted against Delphi Corporation, should be

borne by Affiliate Debtors.  This is the same objection that WTC made to the Debtors' motion

for authority to transfer its battery manufacturing facility in New Brunswick, New Jersey and

enter into an attrition plan with the IUE-CWA for its hourly employees at that facility.  <u>See</u>

Limited Objection Of Wilmington Trust Company, As Indenture Trustee, To Motion For Order

Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 2002 And 6004 Authorizing And Approving

Debtors' Entry Into Transfer Agreement With Johnson Controls, Inc. Providing For (A) Sale Of

Acquired Assets Free And Clear Of Liens, Claims, And Encumbrances (B) Continuation And

Transition Of Supply To Johnson Controls, Inc. Of Battery Products Out Of Fitzgerald Facility

And (C) Implementation Of Attrition Plan With Respect To New Brunswick Facility In

Accordance With IUE-CWA Memorandum (Docket No. 4098).

65.      WTC's Objection is premature and should be denied.  At the June 19, 2006 hearing on that motion, when presented with this issue, this Court posed the following question to counsel for the Debtors and WTC:  "Have you discussed the issue of reserving rights as to claims over in respect to the, you know, the inter-company claim issue that Wilmington Trust raises?"  <u>See</u> June 19, 2006 Tr. at 111:14-17.  After a short discussion on the record with counsel for both parties, this Court added:  "[I]t just strikes me that if you want to get into which of these debtors ultimately is legally responsible it should be done in a different setting than this."  <u>See</u> <u>id.</u> at 114:9-12.  Likewise here, WTC's objection is no reason to scuttle the substantial progress made between the Debtors, GM, and their unions in negotiating soft landings for a substantial number of high-wage employees.

66.      The Debtors further submit that the language contained in paragraph 10 of the proposed order obviates the need for WTC's Objection.  The proposed order is explicit:  "[N]othing in the Motion, the UAW Supplement, the IUE-CWA Special Attrition Program, [the] Court's approval of any such agreements, the performance of any obligation thereunder, or any other document <u>shall prejudice the right or remedy of any Debtor against any other Debtor with respect to the allocation of Delphi's obligations</u> under [the attrition plan] or claims asserted against Delphi thereunder, all of which rights are expressly preserved." (emphasis added). Considering this Court's statements regarding the issue that WTC raises in its Objection, and further considering that the proposed order reserves WTC's rights with respect to the subject matter of its Objection, the Debtors submit that WTC has not raised an appropriate ground for this Court to deny the relief the Debtors have requested under 11 U.S.C. § 363(b).

<u>Conclusion</u>

WHEREFORE the Debtors respectfully request that this Court enter an order (a)

overruling the Objections, (b) granting the Motion, and (c) granting the Debtors such other and

further relief as is just.

Dated: New York, New York
   June 28, 2006

         SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP


       By:  /s/ John Wm. Butler, Jr.
         John Wm. Butler, Jr. (JB 4711)
         David E. Springer (DS 9331)
         John K. Lyons (JL 4951)
         Ron E. Meisler (RM 3026)
       333 West Wacker Drive, Suite 2100
       Chicago, Illinois  60606
       (312) 407-0700

       - and -


       By:  /s/ Kayalyn A. Marafioti
         Kayalyn A. Marafioti (KM 9632)
         Thomas J. Matz (TM 5986)
       Four Times Square
       New York, New York  10036
       (212) 735-3000

       Attorneys for Delphi Corporation, <u>et</u> <u>al.</u>,
        Debtors and Debtors-in-Possession

37

**Exhibit A**

*Objections To The Hourly Special Attrition Programs Motion No. 2 (the "Motion")*
*Organized by Objection[1]*

| | OBJECTION ASSERTED | OBJECTING PARTY | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|
| 1. | The Debtors have not sufficiently shown a reasonable exercise of the Debtors' business judgment or that the benefits of the relief sought in the Motion outweigh the costs. | Docket No. 4292 – Appaloosa Group | The Debtors have met the standard under applicable case law with respect to approval of the Motion under section 363 of the Bankruptcy Code.  The Debtors have reasonably determined that the Debtors' estates will  benefit from the relief sought in the Motion. |
| 2. | The Debtors should not generate claims or financial obligations against Delphi Corporation absent a showing of benefits to Delphi Corporation, as opposed to its operating subsidiaries. | Docket Nos. 4343 & 4379 – WTC<br>Docket Nos. 4292 & 4381 – Appaloosa Group | The argument regarding the assignment of claims and the  legal relationship between Delphi Corporation and its operating entities is not a basis to deny the relief requested in the Motion. |
| 3. | The Debtors have failed to demonstrate that the allowance of certain prepetition claims by GM and certain supposed waivers of defenses against GM is warranted. | Docket No. 4369 – Equity Committee<br>Docket No. 4378 – Creditors' Committee<br>Docket No. 4381 – Appaloosa Group | The Order, as drafted, provides sufficient protection to interested parties and adequate reservation of rights to object to claims in light of the direct, post-petition financial contribution contemplated by GM under the Hourly Special Attrition Programs. |
| 4. | GM OPEB claims are contingent and therefore barred under § 502(e) of the Bankruptcy Code prohibits the allowance of contingent claims for reimbursement for which the Debtors are co-liable. | Docket No. 4381 – Appaloosa Group | |
| 5. | The allowance of GM's claims is impermissible under § 363(b) of the Bankruptcy Code. | Docket No. 4378 – Creditors' Committee<br>Docket No. 4381 – Appaloosa Group | The Debtors have met the standard under applicable case law with respect to approval of the Motion under section 363 of the Bankruptcy Code. |

---

[1]    This chart reflects all objections entered on the docket as of June 27, 2006.

|     | OBJECTION ASSERTED | OBJECTING PARTY | RESOLUTION, RESPONSE, OR PROPOSAL |
|-----|--------------------|-----------------|-----------------------------------|
| 6.  | Creditors' Committee receives authority pursuant to §§ 1103 and 1109 of the Bankruptcy Code to prosecute on behalf of the Debtors against GM any and all of the Estates' Claims and Defenses. | Docket No. 4378 – Creditors' Committee | The Order, as drafted, provides sufficient protection to interested parties in light of General Motors' financial contribution to the Hourly Special Attrition Programs. |
| 7.  | The proposed Order should be amended to provide that GM's claims are not conclusive, and any party in interest reserves the right to challenge those claims on any grounds, including under section 502(d) of the Bankruptcy Code. | Docket No. 4369 – Equity Committee | The Order, as drafted, provides sufficient protection to interested parties in light of GM's financial contribution to the Hourly Special Attrition Programs. |

| DOCKET # | OBJECTING PARTY |
|----------|-----------------|
| 4292 | Appaloosa Management L.P., Wexford Capital LLC, Lampe Conway & Co., |
| 4381 | LLC, Harbinger Capital Partners LLC, and Marathon Asset Management LLC (collectively, the "Appaloosa Group") |
| 4343 | Wilmington Trust Company ("WTC") |
| 4379 | |
| 4369 | Official Committee of Equity Security Holders ("Equity Committee") |
| 4378 | Official Committee of Unsecured Creditors ("Creditors' Committee") |

# EXHIBIT K

**Exhibit A**

*Objections To The Hourly Special Attrition Programs Motion No. 2 (the "Motion")*
*Organized by Objection[1]*

| | OBJECTION ASSERTED | OBJECTING PARTY | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|
| 1. | The Debtors have not sufficiently shown a reasonable exercise of the Debtors' business judgment or that the benefits of the relief sought in the Motion outweigh the costs. | Docket No. 4292 – Appaloosa Group | The Debtors have met the standard under applicable case law with respect to approval of the Motion under section 363 of the Bankruptcy Code.  The Debtors have reasonably determined that the Debtors' estates will benefit from the relief sought in the Motion. |
| 2. | The Debtors should not generate claims or financial obligations against Delphi Corporation absent a showing of benefits to Delphi Corporation, as opposed to its operating subsidiaries. | Docket Nos. 4343 & 4379 – WTC<br>Docket Nos. 4292 & 4381 – Appaloosa Group | The argument regarding the assignment of claims and the legal relationship between Delphi Corporation and its operating entities is not a basis to deny the relief requested in the Motion. |
| 3. | The Debtors have failed to demonstrate that the allowance of certain prepetition claims by GM and certain supposed waivers of defenses against GM is warranted. | Docket No. 4369 – Equity Committee<br>Docket No. 4378 – Creditors' Committee<br>Docket No. 4381 – Appaloosa Group | The Order, as drafted, provides sufficient protection to interested parties and adequate reservation of rights to object to claims in light of the direct, post-petition financial contribution contemplated by GM under the Hourly Special Attrition Programs. |
| 4. | GM claims are contingent and therefore barred under § 502(e) of the Bankruptcy Code, which prohibits the allowance of contingent claims for reimbursement for which the Debtors are co-liable. | Docket No. 4381 – Appaloosa Group | The Section 502(e) argument fundamentally misunderstands the way the attrition programs would operate, because any allowed GM claim will not be contingent at the time GM makes any buyout payment and any potential OPEB claims are not being "allowed" – to the contrary, the agreements expressly reserve substantial rights to object to such claims. |

---

[1]    This chart reflects all objections entered on the docket as of June 27, 2006.

|   | **OBJECTION ASSERTED** | **OBJECTING PARTY** | **RESOLUTION, RESPONSE, OR PROPOSAL** |
|---|---|---|---|
| 5. | The allowance of GM's claims is impermissible under § 363(b) of the Bankruptcy Code. | Docket No. 4378 – Creditors' Committee<br>Docket No. 4381 – Appaloosa Group | The Debtors have met the standard under applicable case law with respect to approval of the Motion under section 363 of the Bankruptcy Code. |
| 6. | Creditors' Committee receives authority pursuant to §§ 1103 and 1109 of the Bankruptcy Code to prosecute on behalf of the Debtors against GM any and all of the Estates' Claims and Defenses. | Docket No. 4378 – Creditors' Committee | The Order, as drafted, provides sufficient protection to interested parties in light of General Motors' financial contribution to the Hourly Special Attrition Programs. |
| 7. | The proposed Order should be amended to provide that GM's claims are not conclusive, and any party in interest reserves the right to challenge those claims on any grounds, including under section 502(d) of the Bankruptcy Code. | Docket No. 4369 – Equity Committee | The Order, as drafted, provides sufficient protection to interested parties in light of GM's financial contribution to the Hourly Special Attrition Programs. |

| **DOCKET #** | **OBJECTING PARTY** |
|---|---|
| 4292<br>4381 | Appaloosa Management L.P., Wexford Capital LLC, Lampe Conway & Co., LLC, Harbinger Capital Partners LLC, and Marathon Asset Management LLC (collectively, the "Appaloosa Group") |
| 4343 | Wilmington Trust Company ("WTC") |
| 4379 | |
| 4369 | Official Committee of Equity Security Holders ("Equity Committee") |
| 4378 | Official Committee of Unsecured Creditors ("Creditors' Committee") |