Lawrence M. Schwab, Esq. - Bar No. 085600
Patrick M. Costello, Esq. - Bar No. 117205
BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California  94306
Telephone:  (650) 857-9500
Facsimile:   (650) 494-2738

Martin P. Ochs, Esq. - Bar No. MO-1203
OCHS & GOLDBERG, LLP
60 East 42nd Street, Suite 1545
New York, New York  10165
Telephone: (212) 983-1221
Facsimile:   (212) 983-1330

Attorneys for
Sun Microsystems, Inc.

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 Case No. 05-44481 |
| DELPHI CORPORATION, et al., | (Jointly Administered) |
| Debtors. | |

**OBJECTION OF SUN MICROSYSTEMS, INC.**
**TO MOTION TO ASSUME EXECUTORY CONTRACT (MobilAria Sale Motion)**

Sun Microsystems, Inc. ("Sun"), a creditor and party-in-interest in the above-captioned Chapter 11 case, objects to the motion of Delphi Corporation and its subsidiaries including MobileAria, Inc. (hereinafter collectively referred to as the "Debtors") that seeks authority to sell substantially all of the assets of MobileAria, Inc. (the "MobileAria Sale Motion") to the extent such motion seeks to either (i) assume and assign any executory contract between Sun and the Debtors or (ii) assign any license of Sun's intellectual property.

## I. The MobileAria Sale Motion and the Notices Concerning Assumption

The Mobile Aria Sale Motion seeks authority to assume and assign to the purchaser of the MobileAria assets various executory contracts which are to be identified by separate notice. Sun received two notices with respect to the assumption of executory contracts:

- a Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease dated June 26, 2006 (the "Assumption Notice"); and

- a Notice of Cure Amount with Respect to Executory contract or Unexpired Lease to be Assumed and/or Assigned (the "Cure Notice").

Each of the Assumption Notice and the Cure Notice state that the Debtors seek to assign the contracts listed in Exhibit 1. Exhibit 1 to the Assumption Notice lists Sun and simply refers to "Java software". Exhibit 1 to the Cure Notice does the same and indicates a cure amount of $0.00.

## II. Grounds of Sun's Objection

Sun objects to entry of an order approving the assumption or assignment of any executory contract with Sun on grounds that the MobileAria Sale Motion and the Assumption and Cure Notices fail to identify any contract with a degree of specificity so as to enable Sun to identify the contract or contracts potentially falling within the scope of the Debtor's requested relief. Further, if in fact the Debtors are seeking to assume and assign a contract under which Sun licenses its copyrighted software to the Debtors, Sun's express consent is necessary for any such assumption and assignment, and Sun has not given such consent.

## III. Argument

### A. Failure To Adequately Identify Contracts Violates Due Process.

Before a party's interests may be adversely affected by judicial action, the due process clause of the Fifth Amendment to the United States Constitution requires "notice be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action ..." and to afford them an opportunity to present their objections. *See City of N.Y. v. New York, N.H. & H. R.R. Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953) (a

reasonable opportunity to be heard must precede judicial denial of a party's claimed rights); *U.S. v. Security Indus. Bank*, 459 U.S. 70, 75, 103 S.Ct. 407, 410, 74 L.Ed2d 235 (1982) (Bankruptcy proceedings are subject to the fifth amendment); *Owens-Corning Fiberglas Corp. v. Center Wholesale, Inc. (In re Center Wholesale, Inc.)*, 759 F.2d 1440, 1448 (9th Cir. 1985) *citing Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). *Accord, In re Golden Books*, 269 B.R. 300, 305 (Bankr. D. Del. 2001) (Notice of a motion seeking authority to assume and assign executory contracts, including licenses of intellectual property, is governed by Federal Rule of Bankruptcy Procedure 6006(a)).

None of the MobileAria Sale Motion, the Assumption Notice, the Cure Notice, or other pleadings served on Sun adequately identify the executory contracts that the Debtors seek to assume and assign: the Debtors fail to identify any contract with Sun by contract name, contract number (Sun's contracts frequently have a number assigned to them), date, or the purchase order associated with the contract. Indeed, it is not clear that the executory contracts to be assigned are contracts between Sun and MobileAria or one of the other Debtors. Without such critical information, Sun cannot determine all of the grounds (if any) barring assumption of such contracts, or whether the Debtors have complied with the mandates governing assumption and assignment of executory contracts as set forth in Section 365(b), (c) and (f) of the Bankruptcy Code. Sun submits that entry of an order authorizing and approving the assumption of contracts with Sun, without first requiring the Debtors to identify the specific contract or contracts at issue, denies Sun a meaningful opportunity to be heard on the issue whether any executory contracts to which it is a party may be assumed and assigned by the Debtors.

**B.    An Executory Contract Comprised of or Incorporating a License to Use Sun's Copyrighted Software Cannot Be Assumed or Assigned Without Sun's Consent.**

Sun is the owner of certain computer software, including software collectively referred to as the "Java" software. The Java software is subject to copyright protection under Title 17 of the United States Code. Under various of its agreements and contracts with its customers, Sun grants the customer a non-exclusive license to utilize the Java software for the purposes specified in the contract. While the Debtors' failure to identify the relevant contracts with the

requisite specificity makes is impossible to verify, it appears that the Debtors seek to assume and assign contracts pursuant to which Sun has licensed the Java software to one of the Debtors.

Generally, courts have concluded that "intellectual property licenses [are] 'executory' within the meaning of section 365(c) because each party to the license had the material duty of 'refraining from suing the other for infringement of any of the [intellectual property] covered by the license ...' " *In re Golden Books*, 269 B.R. 300, 309 (Bankr. D. Del. 2001) *quoting In re Access Beyond Tech., Inc.,* 237 B.R. 32 (Bankr. D. Del. 1999).  Accordingly, a debtor in possession cannot assume such contracts except if the debtor complies with the assumption requirements set forth in 11 U.S.C. §365.  *See, e.g., In re Patient Education Media, Inc.*, 210 B.R. 237, 242 (Bankr. S.D. N.Y. 1997); *Perlman v. Catapult Entertainment, Inc.* (*In re Catapult Entertainment, Inc.*, 165 F.3d 199, *cert. denied*, 120 S.Ct. 369 (1999); *Everex Systems, Inc. V. Cadtrak Corp.* (*In re CFLC, Inc*, 89 F.3d 673, 677 (9th Cir. 1996) (nonexclusive license is an executory contract); *Fenix Cattle Co. v. Silver* (*In re Select-A-Seed Corp.*), 625 F.2d 290, 292, (9th Cir. 1990) (copyright license for use of computer software is an executory contract); *In re Golden Books*, *supra*; *In re Access Beyond Tech., Inc., supra*.

Assuming the executory contracts sought to be assumed by the Debtors includes a license from Sun to use the Java software, such contract constitutes an executory contract because the license of the Java software imposes on-going obligations on the parts of both Sun and the applicable Debtor.  Sun, for its part, must permit the continued use of the Java software according to the terms of the license and the Debtor must limit its use to those uses permitted. Therefore, assuming the relevant contracts include a license, these contracts constitute executory contracts within the meaning of 11 U.S.C. §365 and the Debtors are not permitted to assume or assign such contract unless they comply with the mandatory requirements imposed by 11 U.S.C. §365(b) and (c)(1).

Under Title 17 of the United States Code (the "Copyright Act") and federal common law pertaining to copyrights, a copyright owner (such as Sun in this instance) does not have to consent to the assignment of any license of that copyrighted material -- the Java software -- to any third party. *See In re Patient Education Media, Inc.*, 210 B.R. at 241 (copyright license) *citing*

*In re CFLC, Inc.*, 89 F.3d at 679.  *See also Harris v. Enus Records Corp.*, 734 F.2d 1329, 1333-34 (9th Cir. 1984) (copyright licenses are not transferable without the licensor's consent); S*ol Solutions, Inc. v. Oracle Corp.*, 1991 WL 626458 at 5 (N.D. Cal., December 18, 1991) (*quoting* 17 U.S.C. §102) (software license that explicitly reserves all copyrights and other ownership rights to the licensor cannot to any such request).  Pursuant to 11 U.S.C. §365(c)(1), a debtor in possession may not assign a non-exclusive license in a copyright absent the consent of the owner of that patent or copyright.  *See In re Patient Education Media, Inc., supra*;  *In re Golden Books*, *supra*; *In re Access Beyond Tech., Inc.*, *supra*.  As previously stated, Sun has not and does not hereby consent to the assumption of any contract under which it has licensed the right to use the Java software to any of the Debtors.

**[CONTINUED ON THE NEXT PAGE]**

## IV. Conclusion

The Debtors have failed to provide sufficient information to permit either Sun or the Court to determine the specific contracts with Sun that the Debtors seek to assume and assign. Further, to the extent that the Debtors seek to assign contracts under which Sun has licensed rights to utilize its copyrighted Java software, the Debtors are precluded from assuming or assigning such contracts without Sun's express consent, and Sun has not given such express consent. For the foregoing reasons, Sun respectfully submits that the Debtors' request for approval of the assumption and assignment of any executory contract to which Sun is a party be denied.

Dated: June 30, 2006            BIALSON, BERGEN & SCHWAB

By s/ Patrick M. Costello
    Patrick M. Costello
    BIALSON, BERGEN & SCHWAB
    2600 El Camino Real, Suite 300
    Palo Alto, California  94306
    Telephone:  (650) 857-9500

Dated: June 30, 2006            OCHS & GOLDBERG, LLP

By s/ Martin P. Ochs
    Martin P. Ochs
    OCHS & GOLDBERG, LLP
    60 East 42nd Street, Suite 1545
    New York, New York 10165
    Telephone:  (212) 983-1221