TISDALE & ASSOCIATES LLC

Douglas M. Tisdale, Esq.

Steven A. Klenda, Esq.

1600 Broadway, Suite 2600

Denver, CO  80202-4989

(303) 832-1800

**Hearing Date and Time:**
July 19, 2006  10:00 a.m.

**Objection Deadline:**
July 16, 2006

Counsel for NuTech Plastics Engineering, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re DELPHI AUTOMOTIVE SYSTEMS USA, L.L.C.<br><br>     Debtor. | Chapter 11<br>Case No. 05-44640 (RDD)<br><br>(Jointly Administered as<br>Case No. 05-44481) |
| NUTECH PLASTICS ENGINEERING, INC.<br>      Movant,<br><br>    v.<br><br>DELPHI AUTOMOTIVE SYSTEMS USA, L.L.C. dba<br>Delphi Automotive Systems, L.L.C.<br>      Respondent. | |

**NuTech Plastics Engineering, Inc.'s Motion for Relief from the Automatic Stay
in Order to Continue Prepetition Breach-of-Contract Case against
<u>Delphi Automotive Systems USA, L.L.C. and General Motors</u>**

NuTech Plastics Engineering, Inc. ("**<u>NuTech</u>**") moves for relief from the automatic

stay to allow its pre-petition breach-of-contract case against Delphi Automotive Systems

USA, L.L.C. ("**<u>Debtor</u>**") and General Motors, which was filed in 2002 and set to begin trial

shortly after Delphi filed its chapter 11 petition, to proceed.  To support its motion, NuTech

states:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C.§ 157(b)(2)(A) and (G). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Statutory Predicate for Relief**

2.      The statutory predicate for lifting the automatic stay is 11 U.S.C. § 362(d).

**Motion**

3.      NuTech is the plaintiff in a lawsuit against Debtor and General Motors Corporation, Case No. 02-075335, which now is pending in the Genessee County (Michigan) Circuit Court ("**NuTech's Case**").  NuTech filed this case on December 20, 2002.  Ex. A, Schwartz Aff., ¶ 4; Ex. A-1, Complaint.  Three years later, the trial in NuTech's Case was set to commence on November 22, 2005, six weeks after Debtor filed for bankruptcy.  Ex. A-2, Notice to Appear for Jury Trial, June 8, 2005; Ex. A, Schwartz Aff., ¶ 9.

4.      In response to Debtor's bankruptcy case and GM's motion to stay NuTech's Case until Debtor emerged from bankruptcy, the trial court put NuTech's Case on an administrative hold.  Ex. A-7, Order, Nov. 21, 2005; Schwartz Aff., ¶¶ 11-12.

5.      NuTech alleges that Debtor and GM breached a contract to purchase automotive parts from NuTech by failing to purchase the parts and by removing equipment from NuTech necessary for NuTech to produce the parts, after NuTech had increased its manufacturing capability to satisfy Defendant' production demands.  Ex. A, Schwartz Aff., ¶3; Ex. A-1, Complaint, ¶¶ 7-9 and 12.

6.    The Second Circuit has adopted the factors set forth by Judge Clark in *In re Curtis* to determine if the automatic stay should be lifted to allow prepetition litigation against Debtor to continue.  *In re Sonnax*, 907 F.2d 1280, 1286-87 (2d. Cir. 1990) (applying *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984)).

7.    As set forth in greater detail in the attached Memorandum of Law, relief from the automatic stay is appropriate here because all of the applicable *Curtis* factors are satisfied. NuTech's Case should continue so that NuTech's claims against Debtor can be liquidated through the litigation and then be administered under Debtor's chapter 11 plan.

8.    Lifting the automatic stay to allow a prepetition breach-of-contract case against a debtor to continue is appropriate where (as here) the case was on the eve of trial when debtor filed its bankruptcy petition.  *In re Burger Boys*, 183 B.R. 682, 688 (S.D.N.Y. 1994) (affirming Bankruptcy Court decision to lift stay).  The prejudice of further delay to NuTech would be severe.  One of NuTech's former owners and a likely witness, John Mailey, has medical problems that are so serious that trial had to be adjourned once already because he had suffered a stroke.  Ex. A, Schwartz Aff., ¶16.

9.    Neither Debtor nor its bankruptcy counsel will be distracted by a state-court suit in which discovery and all other pretrial preparations were completed long ago. NuTech's Case is ready for trial, and has been for some time.  This court should allow the trial to proceed now.

10.    At the very least, the automatic stay should be lifted to allow NuTech's claims to proceed against Debtor's co-defendant, GM.  The automatic stay does not apply to non-debtor co-defendants.  *Queenie, Ltd. v. Nygard Intern.*, 321 F.3d 282, 287 (2d Cir. 2003).

**Memorandum of Law**

11.    NuTech's motion is supported by the attached Affidavit of Jay Schwartz and a Memorandum of Law, which have been contemporaneously filed and served with this motion.

FOR THESE REASONS, this Court should lift the automatic stay to allow NuTech Case's to continue, and grant NuTech all such other and further relief as is just, proper or appropriate in these premises.

Dated at Denver, Colorado this 3rd day of July 2006.

Respectfully submitted,

TISDALE & ASSOCIATES LLC

_____s/Steven A. Klenda_____
Douglas M. Tisdale, Esq.
Steven A. Klenda, Esq.

Attorneys for Movant,
NuTech Plastics Engineering, Inc.

TISDALE & ASSOCIATES LLC
Douglas M. Tisdale, Esq.
Steven A. Klenda, Esq.
1600 Broadway, Suite 2600
Denver, CO  80202-4989
(303) 832-1800

**Hearing Date and Time:**
July 19, 2006  10:00 a.m.

**Objection Deadline:**

Counsel for NuTech Plastics Engineering, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re DELPHI AUTOMOTIVE SYSTEMS USA, L.L.C.<br><br>Debtor. | Chapter 11<br>Case No. 05-44640 (RDD)<br><br>(Jointly Administered as<br>Case No. 05-44481) |
| NUTECH PLASTICS ENGINEERING, INC.<br>          Movant,<br><br>     v.<br><br>DELPHI AUTOMOTIVE SYSTEMS USA, L.L.C. dba<br>Delphi Automotive Systems, L.L.C.<br>          Respondent. | |

### Aff. of Jay Schwartz in Support of NuTech Plastics Engineering, Inc.'s Motion for Relief from the Automatic Stay to Continue Prepetition Breach-of-Contract Case against Delphi Automotive Systems USA, L.L.C.

I, Jay Schwartz, swear and affirm, based on my own personal knowledge that:

1.      I am an attorney who is licensed to practice law in Michigan.  I graduated

from Wayne State University Law School and was admitted to the Michigan Bar in 1991.  I

have practiced law full time in Michigan since then.

2.      I represent NuTech Plastics Engineering, Inc. ("**NuTech**") in Case No. 02-075335, NuTech Plastics Engineering, Inc. v. Delphi Automotive Systems USA, L.L.C. and General Motors Corporation, which is pending in the Circuit Court for Genessee County, Michigan ("**NuTech's Case**"). I have represented NuTech in NuTech's Case since its inception. As a result, I am personally familiar with the substance of NuTech's claims in NuTech's Case, the procedural background of and developments in NuTech's Case, and how NuTech's Case was and is affected by the chapter 11 bankruptcy petition that Delphi Automotive Systems USA, L.L.C. ("**Debtor**") filed on October 8, 2005.

3.      NuTech's Case involves two straightforward claims for breach of contract and promissory estoppel against Debtor and GM. These claims allege that Delphi and GM breached a contract to purchase automotive parts from NuTech by failing to purchase the parts and by removing equipment that was necessary for NuTech to produce these parts, after NuTech had increased its manufacturing capability to satisfy Defendants' production demands.

4.      NuTech filed its Complaint against Debtor and GM on December 20, 2002. A true and accurate copy of NuTech's Complaint is attached hereto as Ex. A-1.

5.      Pursuant to the Court's amended case schedule, all discovery was to be served and conducted until December 7, 2003.

6.      After discovery was concluded, Defendant filed a motion for summary disposition.

7.      On April 7, 2005, the trial court denied Defendants' motion for summary disposition. A true and accurate copy of the court's order is attached as Exhibit A-2.

– 3 –

8.      On April 18, 2005, the trial court denied Defendants' motion for reconsideration of the court's denial of Defendant's motion for summary disposition. A true and accurate copy of the court's order is attached as Exhibit A-3.

9.      On June 8, 2005, the trial court sent a Notice to Appear for Jury Trial on November 22, 2005. A true and accurate copy of the court's order is attached as Exhibit A-4.

10.     On August 5, 2005, the Michigan Court of Appeals denied Defendants' Application for Leave to Appeal the trial court's order that denied Defendants' motion for summary disposition. A true and accurate copy of the Michigan Court's of Appeal's Order is attached as Exhibit A-5.

11.     Debtor filed its chapter 11 bankruptcy petition on October 8, 2005. Shortly thereafter, on October 13, 2005, just a few weeks before NuTech's trial date, Debtor filed a Notice of Delphi Automotive Systems, LLC's Filing of Chapter 11 Bankruptcy Petition with the trial court. A true and accurate copy of this document is attached as Exhibit A-6.

12.     Debtor and GM are represented by the same law firm. A few weeks before the November 22, 2005 trial, GM's counsel moved to stay the case until the conclusion of Delphi's bankruptcy. On November 9, 2005, the trial court conducted a conference with counsel for NuTech and GM and presented NuTech with a choice: it could either dismiss its claims against Debtor and proceed to trial against GM on November 22, 2005, or if it refused to dismiss its claims against Debtor, the case would be administratively stayed against all defendants until Debtor emerges from bankruptcy. A true and accurate copy of

the Court's November 21, 2005, Order, which reflects NuTech's election to proceed against
both Delphi and GM, is attached as Exhibit A-7.

13.     It is my opinion that if Debtor's bankruptcy stay is lifted, NuTech would be
permitted to immediately proceed with the case.

14.     As a result of my 15 years of practicing law in Michigan, I am personally
familiar with the procedures that the Genessee County Circuit Court (the court in which
NuTech's Case is pending), and Michigan trial courts in general, use to assign trial dates for
cases and how the time that a civil case has been pending affects the priority it receives for
being scheduled for trial and for actually being tried. The Michigan Supreme Court requires
each trial court judge to report to them on a quarterly basis all civil cases that are more than
2 years old and the reasons why they remain pending. In practice, these reporting
requirements cause trial courts to prioritize the trial of those cases that have been pending
the longest.

15.     On June 15, 2006, I spoke with Karen Dearlove, the clerk for trial court judge
who is presiding over this case. Ms. Dearlove told me that if the automatic stay was lifted,
that NuTech's Case would move to the front of the line for civil jury trials with Judge Farrah
because it would be one of his oldest cases. She told me that the next available civil jury
term for the Genessee County Circuit Court is for September 2006. If the automatic stay is
lifted, NuTech's case will likely be set for a jury trial in September 2006. Defendant's
counsel and I had previously agreed that a jury trial it will likely take 4-5 days.

16.     NuTech has been prejudiced, and will continue to be prejudiced, while its case
is stayed. The transactions and/or occurrences in dispute happened in the late 1990s. Many

– 5 –

of the witnesses no longer work for the companies in the dispute and others could well

leave, making their availability as a witness at trial a problem.  Memories also tend to fade

with time so delay may impair witness testimony.  Also, one of NuTech's former owners and

a witness that will most likely be called at trial, John Mailey, has serious medical problems –

so serious that the trial had to be adjourned on one occasion due to his unavailability after

having a stroke.   NuTech is also being prevented from pursuing its claim against GM, which

currently has the ability to satisfy any judgment.  That could change in the future if rumors

of its financial health are accurate and GM files for bankruptcy.

Sworn and affirmed before me this 16th day of June 2006.

Jay Schwartz, Esq.

STATE OF _____Michigan_____ )
                                                      ) ss.
COUNTY OF _Wayne_            )

SUBSCRIBED AND SWORN to before me this _27_ day of _June_,
2006 by _____.

My Commission expires: ___4 - 7 - 12___

Notary Public

LINDA ZAREM
Notary Public, State of Michigan
County of Wayne
My Commission Expires Apr. 7, 2012
Acting in the County of _Wayne_

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

NU-TECH PLASTICS ENGINEERING, INC.,

       Plaintiff,

v                               Case No. 02-075335-CK

GENERAL MOTORS CORPORATION,
a Delaware Corporation, and DELPHI
AUTOMOTIVE SYSTEMS USA, LLC, a
Delaware Limited Liability Corporation, d/b/a
DELPHI AUTOMOTIVE SYSTEMS, LLC,

       Defendants.

ROBERT M. RANSOM
P-19226

_____

SCHWARTZ LAW FIRM, P.C.
By:  Jay A. Schwartz (P45261)
     Deborah E. Fordree (P49054)
Attorney for Plaintiff
37887 W. 12 Mile Road, Suite A
Farmington Hills, Michigan 48331
(248) 553-9400

_____/

A TRUE COPY
Michael J. Carr, Clerk

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, NU-TECH PLASTICS ENGINEERING, INC. ("Nu-Tech"), by
and through its attorney, SCHWARTZ LAW FIRM, and for its complaint against Defendants,
GENERAL MOTORS CORPORATION ("GM"), and DELPHI AUTOMOTIVE SYSTEMS
USA, LLC, d/b/a DELPHI AUTOMOTIVE SYSTEMS, LLC, ("Delphi"), states as follows:

     1.     Nu-Tech is a Michigan corporation with its principal place of business in Genesee
County, Michigan.

1

2.    GM is a Delaware corporation, transacting business in Genesee County, Michigan.

3.    Delphi is a Delaware limited liability corporation, transacting business in Genesee County, Michigan.

4.    At all material relevant hereto, Delphi acted on its own and as an agent for GM.

5.    This court has jurisdiction over the controversy alleged herein and the amount in controversy exceeds $25,000.00, exclusive of costs, interest and attorney fees.

## COUNT I

### BREACH OF CONTRACT

6.    Nu-Tech hereby incorporates and restates paragraphs 1 through 5 as though each allegation was stated verbatim.

7.    Nu-Tech, GM and Delphi entered into a contract or contracts whereby Nu-Tech was to manufacture and supply automotive component parts to GM, and GM was to purchase the parts, until December 31, 2000.

8.    Defendants breached the contract and or contracts by, among other things, failing to purchase parts as agreed and by removing equipment necessary for the production of those parts.

9.    As a direct and proximate result of Defendants' actions, Plaintiff sustained damages.

10.    Defendants are liable to Plaintiff for the damages it incurred resulting from Defendants' breach of contract.

2

WHEREFORE, Plaintiff, NU-TECH PLASTICS ENGINEERING, INC. respectfully requests that this Honorable Court enter a judgment in its favor against the Defendants, in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars and award such further relief as this Court deems just.

COUNT II

PROMISSORY ESTOPPEL

11.    Nu-Tech hereby incorporates and restates paragraphs 1 through 10 as though each allegation was stated verbatim.

12.    Defendants made material representations to NU-TECH, including but not limited to representations regarding the necessity of Plaintiff to increase its manufacturing capabilities to satisfy Defendants' production demands, the necessity of Plaintiff to maintain its manufacturing operations (even after GM removed tooling) to satisfy production of a new part for Defendants which Plaintiff had been selected to produce, the manufacture and production of replacement parts and the necessity requirements to agreements in place.

13.    Defendants' material representations were knowingly false and/or made recklessly with the intention that it should be acted upon by Plaintiff.

14.    Plaintiff relied upon the material representations made by Defendants.

15.    Plaintiff sustained substantial damages as a direct and proximate result of its reliance upon Defendants' material representations.

WHEREFORE, Plaintiff, NU-TECH PLASTICS ENGINEERING, INC., respectfully requests that this Honorable Court enter a judgment in its favor and against the Defendants, in an

3

amount in excess of Twenty-Five Thousand ($25,000.00) Dollars and award such further relief as this Court deems just.

SCHWARTZ LAW FIRM, P.C.

By: _____
Jay A. Schwartz (P45268)
Deborah E. Fordree (P49054)
Attorney for Plaintiff
37887 W. 12 Mile Road, Suite A
Farmington Hills, Michigan 48331
(248) 553-9400

Dated:    December 30, 2002

4

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

NU-TECH PLASTICS ENGINEERING, INC.,

      Plaintiff,

v                         Case No. 02-75335 -CK

GENERAL MOTORS CORPORATION,
a Delaware Corporation, and DELPHI
AUTOMOTIVE SYSTEMS USA, LLC, a
Delaware Limited Liability Corporation, d/b/a
DELPHI AUTOMOTIVE SYSTEMS, LLC,

      Defendants.

ROBERT M. RANSOM
P-19226

A TRUE COPY
Michael J. Carr, Clerk

_____

SCHWARTZ LAW FIRM, P.C.
By:  Jay A. Schwartz (P45268)
      Deborah E. Fordree (P49054)
Attorney for Plaintiff
_____

## PLAINTIFF'S JURY DEMAND

NOW COMES Plaintiff, NU-TECH PLASTICS ENGINEERING, INC., by and through

its attorney, SCHWARTZ LAW FIRM, and hereby requests a trial by jury of the within cause.

SCHWARTZ LAW FIRM, P.C.

By:  _____
     Jay A. Schwartz (P45268)
     Deborah E. Fordree (P49054)
     Attorney for Plaintiff
     37887 W. 12 Mile Road, Suite A
     Farmington Hills, Michigan 48331
     (248) 553-9400

Dated:  December 30, 2002

1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE


NU-TECH PLASTICS ENGINEERING, INC.,

      Plaintiff,

v                                                                    Case No. 02-075335-CK
                                                                     Hon. Robert M. Ransom

GENERAL MOTORS CORPORATION,
a Delaware Corporation, and DELPHI
AUTOMOTIVE SYSTEMS USA, L.L.C., a
Delaware Limited Liability Corporation, d/b/a
DELPHI AUTOMOTIVE SYSTEMS, L.L.C.,

      Defendants.

---

SCHWARTZ LAW FIRM, P.C.              JOSEPH E. PAPELIAN (P26582)
By:   Jay A. Schwartz (P45268)       Attorney for Defendant Delphi
     Deborah E. Fordree (P49054)    M/C:  483-400-603
Attorney for Plaintiff               5725 Delphi Drive
37887 West Twelve Mile Road, Suite A Troy, Michigan 48098-2815
Farmington Hills, Michigan 48331     (248) 813-2535
(248) 553-9400

LIPPERT, HUMPHREYS, CAMPBELL,
DUST & HUMPHREYS, P.C.
By:   A. T. Lippert, Jr. (P16714)
Attorney for Defendants Delphi
 and General Motors
4800 Fashion Square Boulevard, Suite 410
Saginaw, Michigan 48064-2604
(989) 792-2552

---

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY DISPOSITION
AND REQUESTING BRIEF ON PLAINTIFFS' REQUEST FOR RELIEF**

1

*At a session of said Court held in the City of Mt.*
*Clemens, County of Macomb, State of Michigan,*

*ON:* _____

*PRESENT: HON.* _____
         *CIRCUIT COURT JUDGE*

This matter having come before this Honorable Court for Defendants' Motion for Summary Disposition and after hearing oral argument from both parties;

IT IS HEREBY ORDERED that for the reasons stated on the record, Defendants' Motion for Summary Disposition is denied.

IT IS FURTHER ORDERED that Defendants shall have 14 days from March 24, 2005 to submit a brief to demonstrate why the Court should not grant partial summary disposition in favor of Plaintiff, pursuant to MCR 2.116(I)(2) with respect to liability on its breach of contract claim.

R. M. V Ransom
*CIRCUIT COURT JUDGE*
*4-7-05*

2

Exhibit A-3

| STATE OF MICHIGAN 7TH JUDICIAL CIRCUIT | PARTY NOTIFICATION | CASE NO. 02-075335-CK |
|---|---|---|

Mailing Date: 4/18/05

Court Address

GENESEE COUNTY CIRCUIT COURT
COUNTY CLERK
900 S. SAGINAW
FLINT MI 48502

Judge: ROBERT M. RANSOM

| Plaintiff | | Defendant |
|---|---|---|
| NU-TECH PLASTICS ENG INC | v | GENERAL MOTORS CORPORATION |

Opinion and Order denying Defendant's motion for reconsideration.

CERTIFICATE OF MAILING

THIS NOTICE HAS BEEN SENT TO:                                                      PARTY   SENT
JAY A. SCHWARTZ            37887 W 12 MILE RD # A          48331   P 001   ____
ARTHUR T. LIPPERT JR.      4800 FASHION SQUARE BLVD STE 4  48604   D 001   ____
JOSEPH E. PAPELIAN         5725 DELPHI DR                  48098   D 002   ____

CERTIFY THE ABOVE PARTIES WERE SERVED   ☐ 1.BY ORDINARY MAIL   ☐ 2.PERSONALLY   ☐ 3.BY ATTORNEY MAILBOX

Date _____          Clerk/Assignment Clerk _____

Approved, SCAO

1st copy - Assignment Clerk    Extra
2nd copy - Friend of the C    Extra
3rd copy - Opposing party
4th copy - Moving party

| STATE OF MICHIGAN 7TH JUDICIAL CIRCUIT GENESEE COUNTY CIRCUIT COURT | ORDER | CASE NO. 02-075335-CK-R |
|---|---|---|

| Court Address | COUNTY CLERK 900 S. SAGINAW FLINT, MI 48502 | Court Telephone no. 810-257-3220 |
|---|---|---|

| Plaintiff name(s) NU-TECH PLASTICS ENG INC | V | Defendant name(s) GENERAL MOTORS CORPORATION |
|---|---|---|
| Plaintiff's attorney, bar#, name, addr, telephone# JAY A. SCHWARTZ          P-45268 37887 W 12 MILE RD # A FARMINGTON HILLS, MI  48331 248-553-9400 | | Defendant's attorney, bar#, name, addr, telephone# ARTHUR T. LIPPERT JR.          P-16714 4800 FASHION SQUARE BLVD STE 410A SAGINAW, MI  48604 989-792-2552 |

1. Motion title: MOTION FOR RECONSIDERATION PURSUANT TO MCR 2.119(F).

2. Moving party: GENERAL MOTORS CORPORATION

3. This matter has been placed on the motion calendar for:

| Judge RANSOM | Bar no. 19226 | Date | Time |
|---|---|---|---|
| Hearing location | | | |
| ☐ Court address above   ☐ | | | |

**IT IS ORDERED:**   The above named motion is   ☐ granted
☐ granted in part, denied in part.
☒ denied.

See attached.

4-15-05
Date

CC 327 (2/86)   ORDER

Judge ROBERT M. RANSOM          P-19226
Bar No.

Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonably implication, will not be granted.  The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.  MCR 2.119(F)

In the case at bar, Defendant has not demonstrated a palpable error by which this court has been misled such that a different disposition of the motion must result, therefore, Defendant's motion IS DENIED.

| STATE OF MICHIGAN<br>7TH JUDICIAL CIRCUIT | NOTICE TO APPEAR | CASE NO.<br><br>02-075335-CK |

Court Address   GENESEE COUNTY CIRCUIT COURT
JUDGE ROBERT M RANSOM
900 S SAGINAW ST
FLINT MI   48502

Court Telephone No.
810-257-3270

Mailing Date:  6/08/05

Mail To:

JAY A. SCHWARTZ
37887 W 12 MILE RD # A
FARMINGTON HILLS MI   48331

**YOU ARE DIRECTED TO APPEAR AT:**

The court address above,
CIRCUIT COURTROOM 308


HON. ROBERT M. RANSOM


| Plaintiff<br>NU-TECH PLASTICS ENG INC | V | Defendant<br>GENERAL MOTORS CORPORATION |

**FOR THE FOLLOWING PURPOSE:**


1. ON  - TUESDAY          DATE - NOVEMBER 22, 2005          TIME -  8:30AM
      FOR JURY TRIAL
         per ORDER ADJG 6/1/05 TRIAL UNTIL AFTER OCTOBER 2005


**THIS NOTICE HAS ALSO BEEN SENT TO:**
ARTHUR T. LIPPERT JR.   P16714
JOSEPH E. PAPELIAN   P26582

## Court of Appeals, State of Michigan

## ORDER

Nu-Tech Plastics Engineering Inc v General Motors Corp

E. Thomas Fitzgerald
Presiding Judge

Docket No.     262478

Henry William Saad

LC No.     02-075335-CK

Jessica R. Cooper
Judges

The Court orders that the application for leave to appeal is DENIED for failure to persuade the Court of the need for immediate appellate review.

The motion to file a reply brief is GRANTED.



A true copy entered and certified by Sandra Schultz Mengel, Chief Clerk, on

AUG – 5 2005
_____
Date

*Sandra Schultz Mengel*
_____
Chief Clerk

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

NU-TECH PLASTICS ENGINEERING, INC.,

      Plaintiff,

vs.                                 Case No. 02-075335-CK

GENERAL MOTORS CORPORATION,           Hon. Robert M. Ransom
a Delaware Corporation, and DELPHI
AUTOMOTIVE SYSTEMS USA, L.L.C., a
Delaware Limited Liability Corporation, d/b/a
DELPHI AUTOMOTIVE SYSTEMS, L.L.C.

      Defendants.

---

JAY A. SCHWARTZ (P45268)
DEBORAH E. FORDREE (P49054)
SCHWARTZ LAW FIRM, P.C.
Attorneys for Plaintiff
37887 W. 12 Mile Road, Suite A
Farmington Hills, MI 48331
(248) 553-9400

A. T. LIPPERT, JR. (P16714)           JOSEPH E. PAPELIAN (P26582)
LIPPERT, HUMPHREYS, CAMPBELL,    Attorney for Defendant Delphi
DUST & HUMPHREYS, P.C.           Delphi Automotive Systems
Attorneys for Defendants            M/C: 483-400-603
4800 Fashion Square Boulevard      5725 Delphi Drive
Plaza North, Suite 410             Troy, MI 48098-2815
Saginaw, MI 48604-2604         (248) 813-2535
(989) 792-2552

---

## NOTICE OF DELPHI AUTOMOTIVE SYSTEMS, LLC'S
## FILING OF CHAPTER 11 BANKRUPTCY PETITION

Notice is hereby given on behalf of the defendant, Delphi Automotive Systems,

LLC, (Delphi), that on October 8, 2005, Delphi filed a petition for reorganization under

Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court

LIPPERT, HUMPHREYS, CAMPBELL, DUST & HUMPHREYS, P.C.

for the Southern District of New York, at which an order for relief was issued.

Accordingly, the automatic stay provided by Section 362 of the Bankruptcy Code is now

in effect, thereby staying any action by the plaintiff to prosecute the instant case

further.

Respectfully submitted,

Lippert, Humphreys, Campbell,
Dust & Humphreys, P.C.

Dated:  October 13, 2005.

_____
A.T. Lippert, Jr. (P16714)
Attorney for Defendant
4800 Fashion Square Blvd., Ste. 410
Saginaw, MI  48604
(989) 792-2552


Joseph E. Papelian (P26582)
Attorney for Defendant
Delphi World Headquarters
M/C: 483-400-603
5725 Delphi Drive
Troy, MI  48098-2815
(248) 813-2535


**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served upon the attorneys of record of all parties in the above cause by mailing same to them at their respective business addresses as disclosed by the pleadings of record herein with postage fully prepaid thereon on October 13, 2005 by:

___X___ U.S. Mail                _____ FAX
_____ Hand Delivered          _____ Fed Express
_____ Overnight Courier       _____ Other

Signature: _____
                 Karen K. Pietrzak

-2-


LIPPERT, HUMPHREYS, CAMPBELL, DUST & HUMPHREYS, P.C.

Exhibit A-7

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

NU-TECH PLASTICS ENGINEERING, INC.,

      Plaintiff,

vs.                                Case No. 02-075335-CK

GENERAL MOTORS CORPORATION,         Hon. Thomas L. Brown
a Delaware Corporation, and DELPHI
AUTOMOTIVE SYSTEMS USA, L.L.C., a
Delaware Limited Liability Corporation, d/b/a
DELPHI AUTOMOTIVE SYSTEMS, L.L.C.

      Defendants.

A TRUE COPY
Michael J. Carr, Clerk

---

JAY A. SCHWARTZ (P45268)
DEBORAH E. FORDREE (P49054)
SCHWARTZ LAW FIRM, P.C.
Attorneys for Plaintiff
37887 W. 12 Mile Road, Suite A
Farmington Hills, MI 48331
(248) 553-9400

A. T. LIPPERT, JR. (P16714)           JOSEPH E. PAPELIAN (P26582)
LIPPERT, HUMPHREYS, CAMPBELL,     Attorney for Defendant Delphi
DUST & HUMPHREYS, P.C.             Delphi Automotive Systems
Attorneys for Defendants              M/C: 483-400-603
4800 Fashion Square Boulevard       5725 Delphi Drive
Plaza North, Suite 410                Troy, MI 48098-2815
Saginaw, MI 48604-2604           (248) 813-2535
(989) 792-2552

---

## ORDER

The defendant Delphi Automotive Systems, LLC has filed a notice informing the

court that the action of the plaintiff against Delphi Automotive Systems, LLC has been

stayed in the United States Bankruptcy Court.   On November 9, 2005, the court

LIPPERT, HUMPHREYS, CAMPBELL, DUST & HUMPHREYS, P.C.

Exhibit A-7

conferred with counsel by telephone.  The court advised counsel that the case against General Motors could proceed if Delphi was dismissed as a defendant.  If General Motors and Delphi are retained as defendants the case will be tried when Delphi is discharged from bankruptcy.  The plaintiff elected to proceed against both defendants.

Accordingly, IT IS ORDERED that the action against General Motors is stayed until Delphi is discharged from bankruptcy.  Thereafter, this case will be scheduled for trial.

**JUDGE THOMAS L. BROWN**
**P11303**

_____
Hon. Thomas L. Brown, Circuit Judge
Dated: ___11/21_____, 2005

Prepared By:
A.T. Lippert, Jr. (P16714)
Lippert, Humphreys, Campbell,
Dust & Humphreys, P.C.
4800 Fashion Square Blvd.
Plaza North, Suite 410
Saginaw, MI  48604-2604
(989) 792-2552

-2-