Lafonza Earl Washington
05-44481-rdd    Doc 4453    Filed 06/26/06    Entered 07/06/06 14:56:14    Main Document
9510 Glenwood Drive                              Pg 1 of 22
Flint, MI  48505
Tel: 810.787.3150
Cell:810.922.0308

June 23, 2006


TO:   Clerk of the Court
      U.S. Bankruptcy Court
      Southern district of New York
      One Bowling Green
      New York, N.Y.  10004


      Re:  In re Delphi Corp., debtors-in-possession
           Case No. 05-44481 (RDD)

Greetings Clerk:

1. Notice of Hearing On Judgment/Order Creditor Lafonza
   Earl Washington's Ex Parte Application For Renewed
   Writ of Execution Petitions Attached, On Federal
   District Court - Bankruptcy Division - Judgment/
   Order Based On Law Clerk John Lucas "NON-COURT
   ORDERED", "UNWRITTEN" Exercise of "NONVESTED"
   Judicial Discretion Decisions Made Verbally During
   Conference Telephone Call With - Purported To Be -
   Attorney Thomas J. Matz (TM 5986) On Friday,
   June 16, 2006; and/or

2. Ex Parte Application For Enforcement Of Orders For
   Human Capital Obligations and Cash Management
   Disbursements That Will "NOT" Be Complied With
   Since October 8, 2005, and Continuing and Commit-
   ment Of Contemnor Persons For Civil Contempt Who
   Have Colluded To Violate These Orders.

3. Writ Of Execution.

4. Ex Parte Application For Writ of Execution After
   Entry Of Money Judgment/Order In Favor Of Judgment/
   Order Creditor Lafonza Earl Washington and Applica-
   tion For Order For Payment and Order Directing the
   Judgment/Order Debtors, Debtors-In-Possession the
   Delphi Corporation, JPMorgan Chase Bank N.A.,
   Citigroup USA, Inc., To Pay $304,613,013.00
   Directly To Lafonza Earl Washington the Judgment/
   Order Creditor Without Further Delay.

5. Proof Of Service.



Please file according to recording duties legally owed pursuant
to the Federal Rules of Bankruptcy Procedure, Rule 5005 (a)(1).
Thank you.


In Truth, Righteousness & Peace,

*Earl Washington*

Earl Washington


Enc./cc:

Thomas J. Matz, Attorney
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

Alberto Gonzalez
U.S. Attorney General

RECEIVE
JUN 2 6 2006

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

IN RE                                    :

                                         :    CHAPTER 11

DELPHI CORPORATION et al.,               :

                                         :    CASE NO. 05-44481 (RDD)

                    Debtors.             :

                                         :    (JOINTLY ADMINISTRATED)

                                         :

------------------------------x

                    NOTICE OF HEARING
ON JUDGMENT/ORDER CREDITOR LAFONZA EARL WASHINGTON'S
EX PARTE APPLICATION FOR RENEWED WRIT OF EXECUTION
PETITIONS ATTACHED, ON FEDERAL DISTRICT COURT -
BANKRUPTCY DIVISION - JUDGMENT/ORDER BASED ON LAW
CLERK JOHN LUCAS "NON-COURT ORDERED", "UNWRITTEN"
EXERCISE OF "NONVESTED" JUDICIAL DISCRETION
DECISIONS MADE VERBALLY DURING CONFERENCE TELEPHONE
CALL WITH - PURPORTED TO BE - ATTORNEY THOMAS J. MATZ
(TM 5986) ON FRIDAY, JUNE 16, 2006

                    - and/or -

EX PARTE APPLICATION FOR ENFORCEMENT OF ORDERS FOR
HUMAN CAPITAL OBLIGATIONS AND CASH MANAGEMENT
DISBURSEMENTS THAT WILL "NOT" BE COMPLIED WITH SINCE
OCTOBER 8, 2005, AND CONTINUING AND COMMITMENT OF
CONTEMNOR PERSONS FOR CIVIL CONTEMPT       HAVE
COLLUDED TO VIOLATE THESE ORDERS

    TO:    The Delphi Corporation et al, debtors, debtors-in-
           possession and Thomas J. Matz of the LLP, SKADDEN,
           ARPS, SLATE, MEAGHER & FLOM, attorneys of record
           for Delphi Corp.

    PLEASE TAKE NOTICE that on Wednesday, July 19, 2006, at 10:00

O'Clock A.M., or as soon after as Judgment/Order Creditor Lafonza

Earl Washington, in propria persona, can be heard, at the United

States Bankruptcy Court for the Southern District of New York

Courthouse, located at One Bowling Green, Court Room No. 610, in

the City of New York, County of Kings, State of New York, enforce-

ment of Ex Parte Applications (that Law Clerk John Lucas without

any judicially vested authority "judicially" decided that a Notice

must be made on, in this "IN RE" proceeding where there is no

"OPPONENT"), will be made on behalf of the above-named Judgment/Order

Creditor and Applicant to immediately pay the claims using electronic

transfer to the designated bank account at JPMorgan Chase Bank N.A.,

in Flint, Michigan, and if delayed or denied or wrongfully deprived

further the court is required to issue an Order of civil commitment

of a person or persons who are in repeated and continuous contempt of

the October 8, 2005, court's order on the grounds that:

1.  The Federal laws have provided self-executing remedies and

redresses for these long-termed, well-known property injuries causing

deliberate human rights, civil rights, private antitrust rights etc.,

activities by the contemnors deliberate "7" plus years of compounding

losses of 100% of any/all human necessities for money to buy food,

clothes, a motor vehicle, the family's exempt homestead, medicine or

needed health care, household necessities, entertainment, vacations

etc., that became customary during the "33" years employer and

employee relationship with General Motors, Delphi Corp., and the UAW.

2.  The October 8, 2005, judgment/order remains in force, it is

of itself conclusive of the right of this judgment/order creditor to

the Human Capital Obligations, Cash Management etc., Orders and

matters adjudged favorably which entitles me the right to process,

"MESNE or FINAL" to execute this judgment/order.  See CHRISTMAS - V -

RUSSELL, 72 US 290, 5 Wall 290, 18 LEd 475 that is applicable to

New York and Michigan under the Full Faith and Credit Clause, the

Supremacy Clause etc., of Articles 4 and 6 § 2 of the U.S. Constitu-

tion.

3.  As long as the October 8, 2005, Human Capital Obligations,

Cash Management etc., judgments/orders remains unsatisfied, all
means open by law are open to this creditor for the satisfaction of
these debts and this creditor has the right to avail of any remedy
which the legislature provides as a means of, or as an aid in,
enforcing this judgment/order.  See STATE EX REL. MATHER -V- CARNES
(Mo App) 551 SW2d 272; BONO SAWDUST SUPPLY CO. -V- HAHN & GOLIN
(2d Dept) 3 App Div 2d 221, 159 NYS2d 725.

    4.  It is the policy of the law to assist rather than to make it
more difficult for the judgment creditor to enforce the judgment,
herein!  See COUNTY TRUST CO. -V- BERG, 65 Misc 2d 533, 318 NYS2d 154.

    5.  The Voluntary Petition filed by the Delphi Corporation
authorizing automatic duties of liabilities owed to this Claimant,
that was/is "BOUND" to be complied with to obtain benefits of multi-
billions of dollars to maintain debtor-in-possession rights to these
monies were both a distinguishable consent judgment(s) and a judgment
on the merits in which the facts that the Proof of Claims are based
on were "NOT" contested nor objected to and for "ENFORCEMENT"
purposes both kinds of these judgments are on par.  See THIRD NAT'L
BANK -V- SCRIBNER, 212 Tenn 400, 370 SW2d 482.

    6.  Every court that has jurisdiction to render a particular
judgment/order has the inherent power to enforce it and this court
is "BOUND" to enforce this Creditor's claim without further unjusti-
fied delay.  See DIXIE HIGHWAY EXPRESS, INC. -V- UNITED STATES (SD
Miss) 268 F Supp 239.

    7.  The Federal District Court of the Southern District of New York
which the U.S. Bankruptcy Court for the Southern District of New York
is a division of, has the authority and the duty to protect and

effectuate its prior judgments/orders and Claimant is entitled to "10" months worth of – yet – accruing "penalties" and "fines" to be paid directly to Claimant due to these violations of disobeying statutory orders by contemnors.  See UNITED STATES -V- WASHINGTON (WD Wash) 459 F Supp 1020, app dismd (CA9 Wash) 573 F2d 1117 and affd (CA9 Wash) 642 F2d 1141; McCAIN -V- DINKINS, 84 NY2d 216, 616 NYS2d 335, 639 NE 2d 1132, motion den 84 NY 2d 846, 617 NYS 2d 132, 641 NE 2d 152.

    8.  This court's exercise of its rights in this case also acquired a required duty to make its decrees effective, and prevent evasions of its Orders entered on October 8, 2005, yet, "10" months afterwards this court's Orders being complied with are continuing to be evaded by certain contemnors.  See BAND -V- LIVONIA ASSOCIATES, 176 Mich App 95, 439 NW2d 285, app den 433 Mich 920.

    9.  The essence of paramount judicial power over a subject confers the authority and imposes the duty to enforce its judgment/ order rendered in the exercise of such power, yet, remaining unen- forced since October 8, 2005.  See PORTO RICO -V- ROSALY Y CASTILLO, 227 US 270, 57 L Ed 507, 33 S Ct 352.

    10.  This Court has a legal right and corresponding duty to protect its jurisdiction and to enforce its judgments/orders as opposed to submitting to the conspiracies of monopolistic corpora- tions such as Delphi, GM, the UAW etc., seditious overthrowing of bankruptcy and banking laws using generation from generation frauds etc.!  See GRAND INTERNATIONAL BROTHERHOOD OF LOCOMOTIVE ENGINEERS -V- MARSHAL (Tex Civ App) 157 SW2d 676.

    11.  The court should see to it that its judgment/orders are

enforced when this bankruptcy court was asked to do so – repeatedly
by this Claimant – by the issuance of the necessary Orders and
appropriate processes to make the October 8, 2005, judgment/order
effective.  See STATE -V- MILLER, 169 Kan 1, 217 P2d 287; SECURITY
TRUST & SAV. BANK -V- SOUTHERN P. R. CO., 6 Cal app 2d 585; BIDDLE
-V- BIDDLE, 150 NY super 185, 375 A2d 285.

12.   After repeatedly receiving this Claimant's Applications, this
Court in the exercise of its duties to administrate justice and
timely administrate its "OWN" orders dated October 8, 2005, it is
"BOUND" on the court to issue order to its court officer to carry out
the demanded judgment/order of the court herein.  See SMITH -V- FOSS,
177 Mont 443, 582 P2d 329.

13.   The court's inherent power to enforce its decrees may at
time justify the court to go beyond the parties requests which is
demanded herein.  See JOHNSON -V- JOHNSON (Alaska) 544 P2d 65.

14.   This U.S. Bankruptcy Court has the power and authority to
exercise equitable control over its enforcements.  See WELSER -V-
WELSER, 54 NJ Super 555, 149 A2d 814.

15.   The jurisdiction of this court to enforce its judgments and
decrees is coextensive with its jurisdiction to determine the rights
of the parties to the controversy in which no controversy, contest,
objection exist against claimant's claim based on the Voluntary
Petition statute granting statutory Order for relief imposing on
the Delphi Corp., the duties of paying this claim to balance the
multi-billions of dollars of benefits received on "OCTOBER 8, 2005"
as the debtor-in-possession.

16.  This court is "NOT" an independent judiciary if it continues
to submit to the threats, terrorizations and control of Delphi Corp.,
GM, the UAW, SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP et al, as
opposed to exercising the court's power to enforce Lafonza Earl
Washington's entitled order and decree under the Human Capital Obliga-
tion and Cash Management subject matters favorably adjudicated on
October 8, 2005, that is essential to an independent judiciary and
the efficacy of its orders and decrees where original jurisdiction
was required over this petitionof the Delphi Corp.; such power
springs from the United states Constitution, "NOT" from special
interests of the legislature.  See STATE EX REL. BRUBAKER -V-
PRITCHARD, 236 Ind 222, 138 NE2d 233, 60 ALR2d 1239.


17.  To deprive this court of power to execute Lafonza Earl
Washington's payment order or decree is to impair its jurisdiction
and mandating that every dime transfered within this case since
October 8, 2005, be "RETURNED" to the guarantors of the Guaranty
Agreement, the Term Loans, the Revolving Credit lenders JPMorgan
Chase Bank N.A., Citigroup USA Inc. etc., then refiling of this
bankruptcy frauding, bank frauding etc., petition in the United
States Bankruptcy Court for the Eastern District of Michigan,
Southern Division!  See CENTRAL NATIONAL BANK -V- STEVENS, 187 US
371, 42 L Ed 221, 23 S Ct 142.


18. This Court's authority extends to the issuance of such
orders and writs as may be necessary to carry the October 8, 2005,
Human Capital Obligations and Cash Management judgment/orders into
effect and render them binding and operative.  See VIRGINIA -V-
WEST VIRGINIA, 246 US 565, 62 L Ed 883, 38 S Ct 400; WASHINGTON-
DETROIT THEATRE CO. -V- MOORE, 249 Mich. 673, 229 NW 618, 68 ALR
105.

19.  If a judgment/order is sought to be perverted and made the medium of consummating a wrong, the court, on proper application can prevent it and this is proper application to this court to prevent the "10" month wrongs of nonenforcement of its October 8, 2005, Human Capital Obligation and Cash Manageemnt orders and disbursements be immediately applied to the satisfaction of the money demands herein.  See RANDALL -V- HOWARD, 67 US 585, 2 Black 585, 17 L Ed 269.

20.  No order may be made by a court in the enforcement of a judgment which would, in violations of due process, take from a litigant substantive property rights and Claimant Washington asserts and clearly evidences that to require a "Notice of Hearing" on a "10" month old "delinquent" payment of court-ordered to be paid monies in an "IN RE" case where there is no adverse party to be "NOTICED" according to law, is unquestionably the wrongful and illegal taking of-even-money to survive on or buy food, clothes, the illegally seized homestead etc., and these "NOTICE" conspiracies by John Lucas the law clerk of Judge Robert D. Drain, exercising viola-tions of "REVERSE" due process to compound previous prohibited obstructions of justice,  are . seditious and subversive deprivations of rights under color of bankruptcy and banking laws!  See COMMIS-SIONERS OF SINKING FUND -V- PHILADELPHIA, 324 Pa 129, 188 A 314, 113 ALR 202.

21.  This court has considerable discretion in choosing the means to be employed in enforcing its judgment/order demanded herein, by any appropriate action which is lawful.  See TWEEDIE CONSTR. CO. -V- STOESSER (3d Dept) 65 App Div 2d 657, 409 NYS2d 444; BAND -V- LIVONIA ASSOCIATES, supra; UNITED STATES -V- WASHINGTON, supra.

22.   Money judgment/orders are enforced by various methods and may be enforced by an Order Directing the judgment/order debtor the Delphi Corp., JPMorgan Chase Bank N.A., Citigroup USA Inc., et al, to pay this judgment/order Creditor the amount of the judgments, on Motion For Payment.  See RENTALS UNLIMITED, INC. -V- ADMINISTRATOR, MOTOR VEHICLE ADMINISTRATION, 286 Md 104, 405 A2d 744.

23.   A Federal District Court on its law side has power to enter only a judgment in favor of the named plaintiffs, where it is asserted that this Bankruptcy Division of this Federal District Court has power to enter only a judgment/order in favor of this judgment/ order creditor Lafonza Earl Washington and the judgment/order is enforceable "ONLY" by execution through its ministerial officers. See McNARY -V- GUARANTY TRUST CO. (DC Ohio) 6 F Supp 616.

24.   This court is demanded to immediately invoke its "CONTEMPT" power in enforcing the judgment/order on behalf of this Claimant.  See LINTON -V- LINTON, 166 Ind App 428, 339 NE2d 96; AKERS -V- STEPHENSON (Ky) 469 SW2d 704.

25.   This court is demanded to immediately issue a writ of injunction necessary to make its judgment/order effective, if necessary. See HALE COUNTY -V- DAVIS (Tex Civ App Houston - 14th Dist) 572 SW2d 63, writ ref n r e (Jan 31, 1979).

26.   This is "NOT" a common-law court of inflexible decisions made by man, is asserted to be a court of equity or chancery which controls it own judgments/orders and has inherent power to enforce its decrees, to control the manner of its execution, and to modify by a subsequent order, the manner in which it shall be enforced.  See BIDDLE -V- BIDDLE supra; WELSER -V- WELSER supra; ILLINOIS NAT'L BANK -V- GWINN,

390 Ill 345, 61 NE2d 249, 199 ALR 468.

27.   This court has jurisdiction to effectuate its decree for the entering of Human Capital Obligations and Cash Management orders dated October 8, 2005, by appropriate process, including the imposition of penalties, attachment, contempt, injunction and sequestration, and is requested to use either or any combination of these processes to immediately enforce payment of the claims herein.  See BIDDLE -V- BIDDLE, 150 NJ Super 185, 375 A2d 285.

28.   This court, a court of equity "will" always find the means of enforcing its decree against a delinquent defendant or debtor-in-possession in this matter and its power in this respect is as extensive as the "EXIGENCIES" of the case!  "7" plus years of 100% losses of all monies to eat, live, protect the homestead from being wrongfully seized "10" months ago, buy clothes, buy the necessities of even one "1" new and safe motor vehicle notwithstanding having contributed to producing 3,000,000 plus for GM, Delphi etc., provide for self, wife, and help support other family members self-evidences the emergency, urgent, pressing, remedy of immediate money needed and legally owed to prevent further unnecessary human suffering being inflicted upon this Claimant and family by the monopoly combinations of Delphi, GM, the UAW et al, who are benefiting from causing this holocaust!  The exigencies of Lafonza Earl Washington obtaining this relief on any emergency basis should be understood by any reasonable person.  See JOHNSON -V- JOHNSON (Alaska) 544 P2d 65; KOSHABA -V- KOSHABA, 56 Cal App 2d 302, 132 P2d 854.

29.   Further exigencies are clearly evidenced according to the deprivations of rights under color of law that have been recognized

and redressed by the U.S. Bankruptcy Court for the Southern District

of New York in, IN RE Adler, Coleman Clearing Corp., 247 B.R.51 (1999),

that is requested to be applied to the Washington Claims herein based

on Delphi Corp., GM Corp., the International UAW et al, "deceiving

government regulators", the same as "Adler" engagement in frauds,

that it had a right to file the bankruptcy petition in the New York

federal district although documents filed within the petition on

October 8, 2005, showed, "SCHEDULE 1, PENDING BANKRUPTCY CASES OF

AFFILIATES, The following affiliates, which include the Debtor,have

filed voluntary petitions under chapter 11 with this Court, on the

'DATE' hereof", which was October 8, 2005, which is admissions of

"NOT" having a pending case to become statutory "JOINDERS" in

establishing jurisdiction frauds, deliberately.

30.   To state a claim for aiding and abetting fraud under New

York law a plaintiff must allege, (1) the existence of an underlying

fraud, (2) knowledge of this fraud on the part of the aider and

abettor, and (3) substantial assistance by the aider and abettor in

achievement of the fraud, in which "ALL" three requirements were/are

engaged in by the conspiracies, bankruptcy frauds, bank frauds etc.,

of John D. Sheehan Vice President and Chief Restructuring Officer of

Delphi Corp., John Wm Butler Jr., Attorney at SKADDEN, ARPS, SLATE,

MEAGHER & FLOM, LLP (S, A, S, M & F, LLP) located in Chicago,

Illinois, Kayalyn A. Marafioti, Attorney at S, A, S, M & F, LLP

located in New York, New York, Thomas J. Matz, Attorney at S, A, S,

M & F, LLP located in New York, New York, Kathleen Farrell-

Willoughby the Clerk of the U.S. Bankruptcy Court for the Southern

District of New York, JPMorgan Chase Bank N.A., Citigroup USA, Inc.,

John Lucas purported law clerk of Judge Robert D. Drain et al, that

are continuing to violate decreed orders of this Court as well as
compound the human rights or Federal rights guaranteed to be
protected under the equal protection of these property rights,
privileges etc., under the Fourteenth Amendment.

31.   According to an Order evoking stare decisis noninterference
with the Southern District Court of New York's previous Order,
holding that an "individual may not secure '<u>PERSONAL</u>' recovery for
alleged wrong done to his corporation under 'ANTITRUST' laws",
directly supports this Claimant's private antitrust demands for
'<u>TREBLE</u>' damages based on "<u>7</u>" plus years of deliberate prohibited
restraints by the Delphi, GM et al, monopolistic combinations caused
100% property injuries including being restrained 100% from engaging
in purchasing, buying, selling, holding, coveying, disposing or any
trading whatsoever in the free or required to be free flow of trade
and commerce by 100% illegal seizure and deprivations to legally
owed monies accrued during the "<u>33</u>" years of the employer and
employee relationship with GM, Delphi!  See COSTELLO -V- PAN AM
WORLD AIRWAYS, INC., S.D.N.Y. 1969, 295 F.Supp. 1384; ROYSTER
DRIVE-IN THEATRES -V- AMERICAN BROADCASTING-PARAMOUNT THEATRES, INC.,
C.A.2 (N.Y.) 1959, 268 F2d 246, certiorari denied 80 S Ct 156, 361
U.S. 885, 4 LEd 2d 121.

32.   The substance or solid character of events and material
possessions "<u>NOT</u>" merely shadows or appearances should determine the
nature, effect and sufficiency of a favorable hearing with the con-
clusion resulting in the ministerial enforcement officers immedi-
ately obtaining the monies owed on the grounds urged above in the
sum certain of $304,613,013.00 that includes 15% interest accruing
since September 6, 1999 and continuing until paid in full,

principal of $120,000,000.00, costs of $30,000,000.00 but no attorney

fees have been calculated nor is at issue.

This Notice is served in accordance with this Claimant and

family's Public Health and Welfare Federally guaranteed protections

provided by Title 42 USC § 1983, Title 15 USC § 15, as well as the

Federal Rules of Bankruptcy Procedure, Rules 2019 (b) (2), 5005 (a)

(1), 9013 etc., and the Federal Rules of Civil Procedure Rules 4.1

(a) and (b), 5, 8, 64, 69, 70, 77 (a), (b) and (c), and 79, and in

support of this Application petition, the following papers will be

filed:

I.   Writ of Execution to the United States Marshal for the

above entitled District; and

II.   Notice of Hearing On Renewed Ex Parte Application For Writ

of Execution After Entry of Money Judgment/Order For Payment of

Prima Facie, Valid, Allowed Claims of Judgment/Order Creditor

Lafonza Earl Washington, and/or Renewed Ex Parte Application For

Preliminary, Mandatory and Permanent Injunctions Against Defendants:

(1) Alberto Gonzalez the U.S. Attorney General; (2) Kathleen Farrell-

Willoughby Clerk of the U.S. Bankruptcy Court for the Southern

District of New York; (3) Anna Escobedo Cabral the U.S. Treasurer;

(4) Department of the Treasury – Judgment Fund Section – Financial

Management Service; (5) Robert J. Battista the National Labor

Relation Board Chairman; (6) Michael O. Leavitt the U.S. Secretary

of Human and Health services; and (7) Thomas J. Matz and the Firm of

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, attorneys for the Delphi

Corp., et al, debtors and debtors-in-possession; and

III.   Final Demand For Allowable and Valid Payment and Release

by Creditor/Employee Lafonza Earl Washington, including In re

Lafonza Earl Washington Title 29 USC § 157, Section 7 exercising of

Lawfully Vested Authorized "ASSISTANCE" To Finalize This Employee's

Special Attrition Plan (SAP) Funds and Release of GM and Delphi

Corporations et al, and "PROPOSALS", served upon Clerk of the U.S.

Bankruptcy Court Southern District of New York, Diana D. Tremblay

Vice President/Labor Relations at the general Motors Corp., Richard

Shoemaker Vice President and Director of the General Motors

Department for the International UAW and James Dimon, President

JPMorgan Chase & Co. (Holdings); and

IV.  All other papers and records on file for Claims No.'s 257,
264, 288, and 297 in the Delphi Corp. et al Case No. 05-44481 (RDD).


BY:  /Lafonza Earl Washington
      Claimant and Applicant

Dated:  June 23, 2006

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------x
                               :
IN RE                          :    CHAPTER 11
                               :
DELPHI CORPORATION et al.,     :    CASE NO. 05-44481 (RDD)
                               :
              Debtors.         :    (JOINTLY ADMINISTERED)
                               :
-------------------------------x
```

EX PARTE APPLICATION
FOR WRIT OF EXECUTION AFTER ENTRY OF MONEY JUDGMENT/
ORDER IN FAVOR OF JUDGMENT/ORDER CREDITOR LAFONZA
EARL WASHINGTON AND APPLICATION FOR ORDER FOR PAYMENT
AND ORDER DIRECTING THE JUDGMENT/ORDER DEBTORS,
DEBTORS-IN-POSSESSION THE DELPHI CORPORATION,
JPMORGAN CHASE BANK N.A., CITIGROUP USA, INC., TO
PAY $304,613,013.00 DIRECTLY TO LAFONZA EARL
WASHINGTON THE JUDGMENT/ORDER CREDITOR WITHOUT DELAY

TO: The Clerk of the United States Bankruptcy Court for the

Southern District of New York


1.  On October 8, 2005, the Court made and entered its judgment/

order in the above-entitled and numbered action.

2.  The judgment/order was in favor of this Applicant and against

the debtors, debtors-in-possession in the sum of $30,000,000.00

each claim where each claim is recorded as follows:

   Claim No. 257 filed on October 31, 2005, in Delphi Corporation

   Claim No. 264 filed on November 1, 2005, in Delphi Corporation

   Claim No. 288 filed on November 2, 2005, in Delphi Automotive
      Systems (Holding), Inc.

   Claim No. 297 filed on November 3, 2005, in Delphi Automotive
      Systems (Holding), Inc.



3.   No part of the judgment/orders have ever been satisfied,
though due demand for satisfaction has been made on the debtors
and debtors-in-possession.

4.   There is due and owing to this Judgment/Order Creditor from
the Judgment/Order Debtors and Debtors-in-possession the sum of
$304,613,013.00 plus interest at 15 percent per year, running from
September 6, 1999, and calculated thru June 1, 2006.

WHEREFORE, this Applicant requests that the Court issue a WRIT
OF EXECUTION against the Delphi Corporation, JPMorgan Chase Bank
N.A. & (Holdings), Citigroup USA, Inc., the Clerk of the United
States Bankruptcy Court for the Southern District of New York
and/or the Clerk of the United States District Court for the
Southern District of New York which the bankruptcy court clerk is
"ONLY" a Division of, it is asserted, on the judgment/order in
this action, directed to the execution officer the United States
Marshal for the above-entitled District and to any registerd
process server.

        "I DECLARE THAT THE STATEMENTS ABOVE
         ARE TRUE TO THE BEST OF MY INFORMATION,
         KNOWLEDGE, AND BELIEF".


                        BY: Lafonza Earl Washington
                            Judgment/Order Creditor and
                            Applicant


Dated:  June 23, 2006

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
                                    :
                                    :   CHAPTER 11
                                    :
DELPHI CORPORATION et al.,          :   CASE NO. 05-44481 (RDD)
                                    :
            Debtors.                :   (JOINTLY ADMINISTRATED)
                                    :
------------------------------------x

## WRIT OF EXECUTION

To the United States Marshal for the above-entitled District,
Greeting:

   A Judgment/Order was entered in this cause on October 8, 2005,
in favor of Lafonza Earl Washington the Claimant HUMAN CAPITAL
OBLIGATIONS and CASH MANAGEMENT claims and against the Delphi
Corporation et al, debtors, debtors-in-possession, for the principal
sum of $120,000,000.00, costs and disbursements in the sum of
$304,613,013.00 with interest at the rate of 15% per annum, until
paid; and

   NOTHING has been paid and credited on the Judgment/Order to the
date of this Writ, leaving unpaid the total sum of $304,613,013.00,
including costs and interest accrued to date of this Writ, and
interest will accrue after the date of this Writ at the rate of
$125,183.00 per day; all as shown by the docket and files of this
cause.

   NOW, YOU, THE UNITED STATES MARSHAL FOR THE DISTRICT, are hereby
required and directed to satisfy the Judgemnt/Order and the sums due
on such Judgment/Order, and your costs and all accruing costs and
disbursements out of the personal property of the Judgment/Order

debtor above named.  Sufficient personal monetary property can be
found in this District or the District that JPMorgan Chase Bank N.A.
and (Holdings) and Citigroup USA, Inc., is located in according to
Guaranty Agreements, Term Loans, Revolving Credit accounts documents
filed with this Court to pay for this case.  You are further
Ordered and required to make return of this Writ within "5" days
after receipt of this Writ, with what you have done indorsed on it.

Witness my signature and the Seal of the United States District
Court for the Southern District of New York – Bankruptcy Division –
on _____, 2006.

_____
                    Clerk of the Court

[SEAL]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------x
                                  :
IN RE                             :   CHAPTER 11
                                  :
DELPHI CORPORATION et al.,        :   CASE NO. 05-44481 (RDD)
                                  :
              Debtors.            :   (JOINTLY ADMINISTRATED)
                                  :
                                  :
---------------------------------x
```

### PROOF OF SERVICE

STATE OF MICHIGAN)
                 )
COUNTY OF GENESEE)


I, Lafonza Earl Washington deposes, states:

That on June 23, 2006, he did serve by United States Postal
Service mail, postage prepaid, the below-identified documents
upon the below-named persons:

1.   Notice of Hearing On Judgment/Order Creditor Lafonza
     Earl Washington's Ex Parte Application For Renewed
     Writ of Execution Petitions Attached, On Federal
     District Court - Bankruptcy Division - Judgment/
     Order Based On Law Clerk John Lucas "NON-COURT
     ORDERED", "UNWRITTEN" Exercise of "NONVESTED"
     Judicial Discretion Decisions Made Verbally During
     Conference Telephone Call With - Purported To Be -
     Attorney Thomas J. Matz (TM 5986) On Friday,
     June 16, 2006; and/or

2.   Ex Parte Application For Enforcement Of Orders For
     Human Capital Obligations and Cash Management
     Disbursements That Will "NOT" Be Complied With
     Since October 8, 2005, and Continuing and Commit-
     ment Of Contemnor Persons For Civil Contempt Who
     Have Colluded To Violate These Orders.

3.   Writ Of Execution.

4.   Ex Parte Application For Writ of Execution After
     Entry Of Money Judgment/Order In Favor Of Judgment/
     Order Creditor Lafonza Earl Washington and Applica-
     tion For Order For Payment and Order Directing the
     Judgment/Order Debtors, Debtors-In-Possession the
     Delphi Corporation, JPMorgan Chase Bank N.A.,
     Citigroup USA, Inc., To Pay $304,613,013.00
     Directly To Lafonza Earl Washington the Judgment/
     Order Creditor Without Further Delay.

RECEIVED
JUN 26 2006

Please file according to Fed.R. of Bankruptcy P. Rule 5005(a).
Thank you.

BY: LaFonza Earl Washington
Judgment/Order Creditor

Mailed to:

    Clerk of the Court
    U.S. Bankruptcy Court
    Southern District of New York
    One Bowling Green
    New York, N.Y.  10004

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    Thomas J. Matz (5986)
    Four Times Square
    New York, N.Y.  10036

    UNITED STATES DEPARTMENT OF JUSTICE
    Alberto Gonzalez
    U.S. Attorney General
    950 Pennsylvania Avenue, N.W.
    Washington, D.C.  20530-0001



Alonza E. Washington
J150 Cranwood Dr.
Flint, MI 48505

CERTIFIED MAIL™

RETURN RECEIPT
REQUESTED

7005 1820 0007 2767 3041

Clerk of the Court
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, N.Y. 10004

UNITED STATES
POSTAL SERVICE

9264

10004

U.S. POSTAGE
FLINT, MI
48532
JUN 24, '06
AMOUNT
$5.36
0001829S-06

JUN 2 6 2006