UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
                                    :
IN RE                               :   CHAPTER 11
                                    :
DELPHI CORPORATION et al.,          :   CASE NO. 05-44481 (RDD)
                                    :
            Debtors.                :   (JOINTLY ADMINISTERED)
                                    :
------------------------------------x

## NOTICE

OF EX PARTE APPLICATION TO "SET ASIDE", "VACATE", AND "CANCEL" FRAUDULENTLY CAUSED TO BE SET NOTICE OF HEARING AND THE HEARING "ONLY" - NOT THE APPLICATIONS NOR WRITS NOR DIRECTIVES - TO HAVE BEEN ILLEGALLY SCHEDULED "OFF" THE OFFICIAL RECORD AND TO HAVE BEEN FRAUDULENTLY HELD AT THE U.S. BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK ON WEDNESDAY, JULY 19, 2006, AT 10:00AM BASED ON CONFERENCE CALL MISREPRESENTATIONS BY LAW CLERK JOHN LUCAS AND ATTORNEY THOMAS J. MATZ ET AL, CONTINUOUS BANKRUPTCY, BANKING ETC., FRAUDINGS AGAINST CLAIMANT LAFONZA EARL WASHINGTON'S MONETARY PROPERTY RIGHTS IN THIS ABOVE-NUMBERED CASE WHERE CLAIMANT'S CLAIM IS "RES JUDICATA", A THING DECIDED AND FINAL AS OF OCTOBER 8, 2005, NUNC PRO TUNC,

AND

DEMAND FOR DIRECTIVES FOR THE IMMEDIATE DELIVERY OF POSSESSION OF THIS CLAIMANT'S "HUMAN CAPITAL OBLIGATIONS" AND "CASH MANAGEMENT" COURT-ORDERED MONETARY PROPERTY THIS ALSO STATUTORILY PROVIDED REMEDY UNDER TITLE 11 U.S.C. §§ 301, 502(a) ETC., THE FED.R. OF CIV.P. RULE 70 ETC., AND THIS DEMAND IS AN "APPLICATION FOR THE CLERK'S ASSISTANCE"

AND

RENEWED WRIT OF EXECUTION FOR ENFORCEMENT OF THE ABOVE STATED ORDERS ENTERED ON OCTOBER 8, 2005, FOR THE IMMEDIATE DISBURSEMENTS OF $304,613,013.00 (ACTUAL CLAIMED DAMAGES ACCRUED)

AND

DIRECTIONS DEMANDS FOR THE SEIZURES AND COMMITMENTS OF CONTEMNOR PERSONS FOR CIVIL CONTEMPT WHO ARE CONTINUOUSLY CONSPIRING TO VIOLATE THESE COURT ORDERS "10" MONTHS AFTER THE ORDERS ENTERED - 100%

AND

DIRECTION DEMANDS FOR THE SEIZURE AND RELEASE OR DISBURSEMENT OF THE MONETARY PROPERTY LEGALLY OWNED BY LAFONZA EARL WASHINGTON AND WAS "BOUND" ON THE COURT TO HAVE BEEN PREVIOUSLY SEIZED FOR THE PURPOSE OF SECURING SATISFACTION OF THE JUDGMENT/ORDERS ENTERED ON OCTOBER 8, 2005, IN THE SUM CERTAIN OF $304,613,013.00 WITH INTEREST AT THE RATE OF 15% PER ANNUM, THAT IS ACCRUING INTEREST AT THE RATE OF $125,183.00 PER DAY UNTIL PAID IN FULL

AND

DIRECTIONS DEMANDED TO REDRESS PROHIBITED CONDUCT UNDER THE ANTITRUST LAWS WHICH PROVIDES A REMEDY OF "TREBLE DAMAGES" OR "THREEFOLD" THE DAMAGES TO THIS CLAIMANT'S MONETARY PERSONAL PROPERTY INJURIES FOR "10" MONTHS AND CONTINUING THAT IS DIRECTLY RESTRAINING CLAIMANT FROM ENGAGING IN BUYING, SELLING, HOLDING, CONVEYING, DISPOSING OF, ENJOYING, BENEFITING ETC., FROM THE LAWFULLY ENTITLED TO "FREE" FLOW OF TRADE AND COMMERCE WITHIN MICHIGAN, OUTSIDE THE STATE OF MICHIGAN, AS WELL AS ON ANY/ALL OTHER MARKETS

TO: The Clerk of the United States Bankruptcy Court for the Southern District of New York; the Delphi Corporation, JPMorgan Chase Bank N.A. & (Holdings), Citigroup USA, Inc., et al, debtors, debtors-in-possession, and Thomas J. Matz of SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, attorneys of record for the Delphi Corp.; and to the UNITED STATES Marshal for this District:

PLEASE TAKE NOTICE that on Tuesday, June 27, 2006, between 10:00AM and 11:30AM telephone calls were made to Judge Robert D. Drain's law clerk John Lucas and to Attorney Thomas J. Matz, made by the above-named judgment/creditor with "NOTIFICATIONS" of the demand to "VACATE", "SET ASIDE", and "CANCEL" the non-required Notice of Hearing previously mailed in to the clerk's office on June 24, 2006, as fraudulently advised by Law Clerk John Lucas in conspiracies with Thomas J. Matz which the law does "NOT" require to be heard, nor reheard on the grounds that:

1. These Proof of Claims "<u>supersedes</u>" being scheduled for any hearing according to the Fed.R. of Bankr.P. Rules 3001(f) and 3003(c)(4), Title 11 U.S.C. § 502(a) etc.

2. HEARINGS are a proceeding wherein evidence is taken for the purpose of determining an '<u>issue of fact</u>' and reaching a decision on the basis of that evidence which has been '<u>RES JUDICATED</u>' or a thing decided, a matter adjudged under this well-known doctrine by which the statutory and court-ordered final judgment/order entered by this court on October 8, 2005, is "<u>CONCLUSIVE</u>" upon this Claimant and the Delphi Corporation et al, that "<u>OUTLAWS</u>" any/all subsequent litigation (or administrating in this bankruptcy proceedings) involving this same claim or action.

3. The well-known policy underlying the doctrine of res judicata is one of '<u>Repose</u>' which means that any movement except the payment is legally dead, at rest, is clearly evidenced bankruptcy frauds etc., the same policy which is reflected in the statute of limitations with state claims. See GREEN, Civil Procedure 201 (1972) etc.

4. This court has the duty to enforce its Orders entered on October 8, 2005, and the United States District Court for the Southern District of New York is required to stand by its judgment, order and decision that a claim exactly like this Claimant's based "<u>NOT</u>" only on Constitution property protections under the commerce clause of Article 1 § 10 of the United States Constitution, but also on "Acts of Congress providing for equal rights of citizens, protections of civil rights", United States Bankruptcy laws etc., are '<u>SELF-EXECUTING</u>' when "<u>NOT</u>" obstructed, criminally and civilly

interfered with which describes exactly the prohibited activities, delays, deprivations, racketeerings, extortions, illegal "<u>10</u>" month seizure etc., of this monetary property by contemnors herein that is personal property legally belonging to Lafonza Earl Washington and family by law. See SELMAN -V- HARVARD MEDICAL SCHOOL (1980, SD NY).

5. Remedy is sought for the seizure of the monetary property adjudicated in these bankruptcy proceedings that no longer belongs to the Delphi Corp.'s former estate, nor is legally under the control of any attorneys, agents, administrators et al, of the Delphi Corp., law clerk John Lucas, nor Clerk of the Court Kathleen Farrell-Willoughby, Judge Robert D. Drain, nor the U.S. Bankruptcy Court for the Southern District of New York, et al, but is the personal property of Lafonza Earl Washington pursuant to:

(i) The Fed.R. of Civ.P. Rule 64 requiring seizure to be "<u>BOUND</u>" on the court for the purpose of securing satisfaction of the court for the purpose of securing satisfaction of the judgment/order that was "<u>SELF-EXECUTINGLY</u>" entered on October 8, 2005, when Delphi Corp.'s petition was recorded as filed by the clerk incorporating JPMorgan Chase Bank N.A., Citigroup USA Inc., as "<u>GUARANTORS</u>", "<u>ADMINISTRATIVE AGENT</u>", "<u>SYNDICATION AGENT</u>" etc., to pay for this case from the Term Loans, Revolving Credit, and Guaranty Agreement and "...each of which Guarantors will be a debtor and debtor-in-possession", after this case became filed and Orders entered on October 8, 2005.

(ii) The Fed.R. of Civ.P. Rule 69(a) and (b) requiring this process on the court to enforce the judgment/order entered on October 8, 2005, for 'HUMAN CAPITAL OBLIGATIONS' and 'CASH

MANAGEMENT' payment funds claimed by this Claimant for the payment of the money "SHALL" be a writ of execution and the court was prohibited by court rule and statute from directing otherwise according to the Fed.R. of Bankr.P. Rules 3001(f), 3003(c)(4), Title 11 U.S.C. § 502(a) etc.

(iii) According to Fed.R. of Civ.P. Rules 58 and 79(a), the Clerk and the Court is demanded to make the Human Capital Obligations and Cash Management judgment/orders "EFFECTIVE" by immediately setting forth on a separate document the Order and Judgment in the name of Claimant Lafonza Earl Washington for the sum certain of $304,613,013.00 to remedy the disobeyed Orders.

(iv) According to Fed.R. of Civ.P. Rule 69(a) the judgment/order is required to be enforced by a writ of execution and the writ filed on June 23, 2006, is "renewed" and is demanded to be aided by Title 42 U.S.C. § 1983 authorities to enforce any other proper proceeding for immediately redressing this Claimant who is being further deprived of rights, privileges, and immunities secured by the U.S. Constitution and Laws under "color of law" by the conspiracies of contemnors continuously and repeatedly "10" months plus "after" the court entered the statutory Order for payment.

(v) The remedy provided under Title 15 U.S.C. § 1 through 27 and with specificity Section 15 entitles this Claimant to recover "threefold" the $304,613,013.00 and this Court is required to award the "threefold" damages "PROMPTLY" on the Application of this Claimant based on no Motion can be served in an "IN RE" bankruptcy administration case where there is no "OPPONENT" nor legal adversary and unquestionably the Delphi Corp.'s fraudulent joint administrators

is acting intentionally for dely, "10" months delays, is acting in 100% bad faith by compounding the violations of wrongs against this Claimant and family by overthrowing federal district jurisdiction limitations etc., over the original debtor!

(vi) The sum certain demanded for the "THREE-FOLD" recovery of actual damages to the amount of the claim is $913,839,039.00 at 15% annual percentage rate which computes to "$375,550.20" per day for 264 days that the money has been legally owed or since October 8, 2005; interest as of June 28, 2005, amounts to "$33,048,417.60" based on 264 days and an accruing total of $946,887,456.60 pursuant to Title 15 U.S.C. § 15(a)(1), (2) and (3).

(vii) Under the Fed.R. of Civ.P. Rule 64, this Claimant is entitled to have the judgment "secured" and for the Clerk of the Court to enter, execute, enforce, and immediately disburse "Satisfaction" by the payment of "TREBLE DAMAGES" as of course without any further Order having to be authorized by the Court according to Fed.R. of Civ.P. Rules 58, 77(c), and 79(a).

6. Further remedy is applied for by Application for the immediate "arrest" of any/all persons who are contemnors, obstructors of justice etc., ancillary to this "RES JUDICATAED" claim or by an independent action regardless of however it is designated by state procedures under Fed.R. of Civ.P. Rules 64.

7. There is a precedent establishing that, "The Court in which a suit has been commenced to wind up the affairs of a corporation acquires the "EXCLUSIVE JURISDICTION" of the subject matter and may enjoin any subsequent suit which has the effect of wholly or partially withdrawing the subject matter from its jurisdiction",

clearly evidencing that each Application filed herein has been "BOUND" on the court to wind up for "10" months and continuing; the final winding up and payment of these claims are demanded. See STATE -V- FREDLOCK, 52 W.Va. 232, 43 S.E. 153 (1903).

8. "REORGANIZATION" refers to the situation where substantially all the assets of an "OLD" corporation are transfered to a "NEWLY-FORMED" corporation and this Claimant does "NOT" have any claim nor proceeding involving the "NEWLY-FORMED" corporation of Delphi, nor vice versa; based on the well-established doctrine of "RES JUDICATA" no proceeding between this Claimant and the "OLD" Delphi Corporation has existed since October 8, 2005, by law and this Court is "BOUND" to wind up the disbursement of this "PRIORITY" claim herein immediately; the "PRIORITY" status has been violated 100%!

WHEREFORE, this Applicant requests this Court to exercise vested powers under Title 11 U.S.C. §§ 301,502(a) etc., the Fed.R. of Bankruptcy P.Rules 2019(b)(2), 3001(f), 3003(c)(4), the Fed.R. of Civ.P. Rules 58, 64, 69, 70, 77(c), 79(a) etc., Title 28 USC 751 etc., to issue:

1. Directions to set aside, vacate, cancel the Notice of Hearing for July 19, 2006, at 10:00AM.

2. Directions on the Human Capital Obligations and Cash Management Orders previously entered in favor of Lafonza Earl Washington in the sum certain of $304,613,013.00 (actual) to be paid immediately.

3. To direct the adjudgment, seizure and commitment of contemnor persons who are engaging in civil contempt against these

Court Orders entering Human Capital Obligations and Cash Management payments in favorably to Claimant Lafonza Earl Washington monetary property rights that is no longer owned by the Delphi Corp., estate!

4. Directives for seizure of this personal property and direct payment to Claimant Lafonza Earl Washington of the monetary property securing satisfaction of the Human Capital Obligations and Cash Management Orders in the sum certain of $304,613,013.00 (actual) with interest at 15% per annum, that is accruing interest at the rate of $125,183.00 per day until paid in full.

5. Directives for private antitrust violations of prohibited restraints redressing property injuries entitling "THREEFOLD" recovery of the actual damages amounting to $913,839,039.00 at 15% per annum that is accruing interest at the rate of $375,550.20 per day until paid in full be disbursed immediately!

6. Direct the immediate delivery of possession of the monetary property or in the alternative - if necessary - that a Writ of Attachment against the property of the Delphi Corp., JPMorgan Chase Bank N.A., and Citigroup USA, Inc., be attached in the proper amount based on disobedience to pay according to the October 8, 2005, Court's Order and to Compel obedience and assistance from the Clerk is "APPLIED" for.

7. Direct the acts delivering possession of this monetary property be done at the cost of the disobedient party(s) by some other person appointed by the Court and the act when so done has like effect as if done by the party.

8. The Court is demanded to adjudge the disobedient parties in

civil "CONTEMPT", and pursuant to Title 18 U.S.C. §§ 1501-1515 of the Federal crimes and criminal procedure prohibiting obstructions of justice "ALL" public officials, including this Court's officials have the duty to enforce criminal laws where this Claimant is showing that the massive bankruptcy, banking, employee benefit plans etc., violated herein are violations of "INDIVIDUAL" accounts "NOT" collective bargained accounts that Title 29 USC §§ 141-187 etc., exempts from the controls of the Delphi Corp., the GM Corp., the International United Auto Workers "Corp.", and demands are made for the directives to be entered to file criminal "CHARGES" with the appropriate Federal and State law enforcement agencies in the "SPECIFIC" performance required of "ALL" courts established in the United States to administrate justice!

"I DECLARE THAT THE STATEMENTS ABOVE
ARE TRUE TO THE BEST OF MY INFORMATION,
KNOWLEDGE, AND BELIEF."

BY: /Lafonza Earl Washington/
Judgment/Order Creditor and Applicant

Dated: June 29, 2006