SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
   In re                          :       Chapter 11
:
DELPHI CORPORATION, et al.,   :       Case No. 05-44481 (RDD)
:
:       (Jointly Administered)
                Debtors.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' RESPONSE TO LAFONZA EARL WASHINGTON
DEMAND FOR IMMEDIATE DISTRIBUTION

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Response (this "Response") to the Demand For Immediate Distribution filed by Lafonza Earl Washington, dated November 10, 2005 (the "Demand") (Docket No. 1187), and respectfully represent as follows:

Preliminary Statement

1. On October 28, 2005, Lafonza Earl Washington (the "Claimant"), who has no known relationship to any of the Debtors, filed four proofs of claim, claim nos. 00257, 00264, 00288, and 00297 (individually, a "Proof of Claim" and, collectively, the "Proofs of Claim") against Delphi Automotive Systems (Holding), Inc. Each Proof of Claim asserts that the Claimant is entitled to a $30 million unsecured priority claim on the basis of, inter alia, involuntary servitude, six years of deprivation of General Motors-related income, and severance pay due to the Claimant based on the July 2, 1999 closing of the Buick City General Motors Corporation ("GM") plant. (Supporting Documents appended to Claimant's Proofs of Claim ¶¶ (v)(a), (vii), and (viii)).  In the Demand, the Claimant requested that the United States Trustee immediately distribute $30 million to him.  Without providing a definitive calculation, the amount of the Proofs of Claim purports to be comprised of compensation due to the Claimant for worker's compensation benefits, deprivation of certain property rights, and payment of certain fees and expenses incurred by the Claimant over a period of more than 33 years, from June 13, 1973 through the present.

2. Subsequently, the Claimant has filed numerous other pleadings in these cases in which he has asserted a host of claims and allegations.  To date, the

2

Claimant has filed twenty pleadings, totaling hundreds of pages, in which he directs his grievances and allegations not only at the Debtors, but also at various United States Trustees, this Court, and multiple other parties. The Claimant appears to have attempted to summarize his claims in his June 23rd pleading (Docket No. 4444) in which he requested a hearing date.[1]

3. The Debtors respectfully submit that because neither the Claimant nor his spouse was ever an employee of the Debtors, the Claimant was never and is not now entitled to any employment-related compensation or severance pay from the Debtors. In addition, the Debtors deny all of the bases for relief asserted by the Claimant and submit that the Claimant has articulated no grounds for relief from the Debtors. Thus, the Claimant is not entitled to any distribution of payment from the Debtors.

4. To the extent that the Claimant has a rightful claim against the Debtors, it would be premature to adjudicate it now. Pursuant to the provisions of the Bar Date Order, dated April 12, 2006 (Docket No. 3206), the date by which any claim against the Debtors must be received is July 31, 2006. All claims filed will thereafter be dealt with in the claims administration process. Therefore, to the extent that the Claimant has a legitimate claim against the Debtors, it will be addressed as part of that process and need not be heard on an expedited basis.[2]

---

[1] On July 5, 2006, the Claimant filed four pleadings, one of which was a withdrawal of his request for a hearing on his claims (Docket No. 4455).

[2] Perhaps the Claimant's withdrawal of his request for a hearing (Docket No. 4455) is an acknowledgement on his part that his demands are premature.

3

<u>Argument</u>

A. The Claimant Was Never An
<u>Employee Of The Debtors</u>

  5. Neither the Claimant nor his spouse has ever been an employee of the Debtors.  In fact, in no pleading filed by the Claimant does he ever even assert or offer proof that he was ever an employee of the Debtors.  Further, the Claimant has referenced an employment history that relates only to GM: the Claimant states that he was "hired into the General Motors Corp. (GM) on 6-13-73 at the age of 18" and "perform[ed]. . . labor for it 32 years after initial hire".  The one reference to possible employment by Delphi that the Claimant asserts is that "GM attempted to force this Claimant to '<u>involuntarily</u>' transfer to Delphi in Saginaw, Michigan after it permanently closed the Buick City plant." (Supporting Documents appended to Claimant's Proofs of Claim ¶¶ (A)(i), (v)(a), and (v)(b)) (emphasis in original).  The Claimant must never have accepted this transfer because to the best of Delphi's knowledge, the Claimant was never an employee of any of the Debtors.  The Debtors' files show no record of the Claimant's ever having been their employee.

  6. Because the only plausible basis for the Claimant to assert a claim for employment-related back pay or compensation would rest entirely on the basis of the Claimant's currently being, or having been, an employee of the Debtors, any such claim must fail for the simple reason that neither the Claimant nor his spouse was ever employed by the Debtors.  Therefore, the Claimant has raised no legitimate basis for relief from the Debtors.

B. The Claimant's Allegations Are
Prematurely Before The Court

7. The Claimant has asserted a variety of other allegations that extend not only to the Debtors, but also to a multitude of other parties. Among other things, the Claimant has stated that parties to these cases are involved in the attempted "seditions and subversive overthrow of the United States Bankruptcy system" (Docket No. 2807, ¶ 5), that "the stockholders of the [sic] Delphi, GM, and International UAW corporations. . . is [sic] behind the[se] holocaustic human rights violations" (Docket No. 4456, ¶7), that the United Nations and the United States Trustees have deliberately compounded Claimant's wrongs and injuries in violation of his human rights (Docket No. 2474, ¶8), and that the Debtors, GM, the UAW, this Court, JPMorgan Chase, et al., have conspired and colluded to deny the Claimant relief (Docket No. 4001, Section II, ¶1). For his injuries, the Claimant currently demands more than $300 million, including interest, penalties, and other charges.

8. The Claimant's allegations are quite extensive and are equally broad in their reach in terms of blame and responsibility. These allegations, insofar as they are directed at the Debtors, are wholly-unfounded and unsubstantiated.

9. To the extent that the Claimant has made a claim against the Debtors, however, that claim will be dealt with during the claims administration process. Because that process has not yet even begun, the Claimant's demand for relief from the Debtors is premature.

Conclusion

10. Neither the Claimant nor his spouse has ever been an employee of the Debtors. Therefore, the Claimant is not entitled to any employment-related relief from the Debtors.

11. To the extent that there are general claims that the Claimant has against the Debtors' estates that are timely filed in accordance with the provisions of the Bar Date Order, those claims will be dealt with as part of the claims administration process.

12. Based on the foregoing, the Claimant's demand for relief and immediate distribution from the Debtors should be denied. The Claimant has failed to assert any valid or legitimate basis to support his claims against the Debtors. To the extent that the Claimant has a valid claim for compensation or work-related pay, the Debtors lack knowledge or information sufficient to form a belief as to whether such a grievance may be valid against some other entity, but such claims against the Debtors have no basis, and the Claimant has not asserted any. To the extent that the Claimant asserts non-employment-related claims against the Debtors, such claims will be dealt with during the claims administration process. The Claimant's allegations should not be litigated at this time.

Notice

13. Notice of this Response has been provided in accordance with the Seventh Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on May 19, 2006

(Docket No. 3824).  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

## Memorandum Of Law

14. Because the legal points and authorities upon which this Response relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (i) denying the Demand and (ii) granting the Debtors such other and further relief as is just.

Dated: New York, New York
 July 12, 2006

>SKADDEN, ARPS, SLATE, MEAGHER
>  & FLOM LLP
>
>By: /s/ John Wm. Butler, Jr.
>   John Wm. Butler, Jr. (JB 4711)
>   John K. Lyons (JL 4951)
>   Ron E. Meisler (RM 3026)
>   333 West Wacker Drive, Suite 2100
>   Chicago, Illinois  60606
>   (312) 407-0700
>
>- and -
>
>By: /s/ Kayalyn A. Marafioti
>   Kayalyn A. Marafioti (KM 9632)
>   Thomas J. Matz (TM 5986)
>   Four Times Square
>   New York, New York 10036
>   (212) 735-3000
>
>Attorneys for Delphi Corporation, et al.,
>   Debtors and Debtors-in-Possession