United States Bankruptcy Court
**Southern District of New York**
--------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, <u>et al.</u>, | Case No.    05-44481 (RDD) Jointly Administered |
| Delphi Automotive Systems LLC | Case No.    05-44640 |
| Debtor | |
| --------------------------------------------------------X | Claim No |

NOTICE:  TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001(e) (1)

To: (Transferor)    JOHNSON RUBBER CO DURAMAX INC
                    PO BOX 951170
                    CLEVELAND, OH 44193

The transfer of your claim as shown above in the amount of **$4,783.80** has been transferred to:

    ASM Capital, L.P.
    7600 Jericho Turnpike, Suite 302
    Woodbury, NY 11797

No action is required if you do not object to the transfer of your claim.  However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**
    **FILE A WRITTEN OBJECTION TO THE TRANSFER WITH:**
        Special Deputy Clerk
        United States Bankruptcy Court
        Southern District of New York
        Alexander Hamilton Custom House
        One Bowling Green
        New York, New York 10004-1408
    **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**
Refer to **INTERNAL CONTROL No.** _____ in your objection.
If you file an objection a hearing will be scheduled.
IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.

                              Kathleen Farrell, Clerk

--------------------------------------------------------------------------------------------------------------------------------------

FOR CLERKS OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 200__.
INTERNAL CONTROL No. _____
Copy: (check) Claims Agent_____    Transferee_____    Debtor's Attorney_____


_____
                              Deputy Clerk

Bc: objntc   (4/23/93)
OBJECTION NOTICE FOR TRANSFEROR-PROOF OF CLAIM NOT ON FILE

## ASM CAPITAL
## ASSIGNMENT OF CLAIM AGREEMENT

**Assignment of Claim.** JOHNSON RUBBER CO DURAMAX INC (hereinafter "**Assignor**") having a mailing address at PO BOX 951170, CLEVELAND, OH 44193, in consideration of the sum of **XXXX** (the "Purchase Price"), does hereby transfer to **ASM Capital**, which includes ASM Capital, L.P., ASM Capital II, L.P (hereinafter "ASM" or "Assignee") having a mailing address at 7600 Jericho Turnpike, Suite 302, Woodbury, New York 11797, all of Assignor's right, title, benefit, interest, voting rights, claims and causes of action in and to, or arising under or in connection with the claim or claims of Assignor against Delphi Automotive Systems LLC ("the "Debtor"), in bankruptcy proceedings (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), Case No. 05-44640. including any and all Proof of Claim(s) associated with and filed by Assignor with the Court (the "**Claim**") **and**; all cash, securities, instruments and other property which may be paid or issued in satisfaction of the Claim and all rights to receive interest, penalties, fees, and any damages from any cause of action or litigation which may be paid with respect to the Claim (the "**Recovery**"). This Assignment of Claim agreement (the "Agreement") shall be deemed an unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

Assignor represents the Claim is in an amount not less than $4,783.80 (the "Claim Amount") (Please check one):

(__) A Proof of Claim in the amount of $_____ (the "**Proof of Claim Amount**") has been duly and timely filed in the Proceedings (and a true copy of such Proof of Claim has been provided to Assignee). The parties agree that if the Proof of Claim Amount is less than the Claim Amount, the Purchase Price shall be reduced such that Assignor shall be paid the pro rata share of the Purchase Price based on the lower Proof of Claim Amount.

(_X_) A Proof of Claim has not been filed in the Proceedings.

**Notice of Assignment.** Assignee shall use commercially reasonable efforts to transfer the Claim in compliance with Rule 3001 of the Federal Rules of Bankruptcy Procedure. Assignor hereby waives its right to raise any objections to this Agreement, or any provision of this Agreement, in relation to any action or omission taken by Assignee, in regard to the Claim as it relates to Assignee's performance of this provision, including without limitation, Rule 3001 of the Rules of Bankruptcy Procedure.

**Representations and Warranties.** Assignor represents and warrants that it has satisfactory information to make an informed decision regarding the sale of the Claim, independent of ASM. Each party expressly acknowledges and agrees that the other party has not made and is not making, and each party is not relying upon, any representations, promises, or statements, except to the extent that the same are expressly set forth in this Agreement, that each party has the full authority to enter into this Agreement and that the individuals whose signatures appear below hereby expressly represent that they have the authority to bind the party for which they sign this Agreement. Assignor represents and warrants that (a) Assignor owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind, and upon the assignment of the Claim to Assignee, Assignee will receive good title to the Claim; (b) Assignor has not previously sold, assigned, transferred, or pledged the Claim, in whole or in part, to any third party; (c) the basis for the Claim is amounts validly due from and owing by the Debtor; (d) the Claim is a valid, undisputed, liquidated, enforceable and non-contingent claim against the Debtor for which the Debtor has no defenses; (e) Debtor has no right to assert an avoidance action (e.g. preference payments) against Assignor; and (f) Assignor is not an "insider" of the Debtor, as set forth in the United States Bankruptcy Code § 101(31), or a member of any official or unofficial committee in connection with the Proceedings. Assignor acknowledges and agrees any misrepresentation or breach by Assignor may cause Assignee irreparable harm and accordingly, Assignee shall be entitled to all available remedies as may be available to Assignee for any such breach or threatened breach, including but not limited to the immediate recovery of money damages ("Restitution").

**Distributions and Notices Received by Assignor.** In the event Assignor receives any interim or final distribution of the Recovery, or any portion thereof, made payable on or after the date of Assignor's execution of this Agreement, Assignor agrees to accept the same as Assignee's agent and to hold the same in trust on behalf of and for the benefit of Assignee, and shall promptly deliver the same forthwith to Assignee in the same form received, or in a form reasonably requested by Assignee. Assignor agrees to forward to Assignee all notices received from Debtor, the Court, any other court or governmental entity or any third party regarding the Claim assigned herein and to take such other action, with respect to the Claim, as Assignee may request from time to time.

**Claim Subsequently Allowed for an Amount Less than Claim Amount.** In the event and to the extent that, pursuant to the Proceedings, the Claim or Claim Amount is avoided, disallowed, expunged, reduced or is otherwise subordinated in the Proceedings, in whole or in part, Assignor or Assignor's transferee or successor-in-interest, agrees to make immediate Restitution ("Restitution Payment"), no later than 30 days of receiving notice of such action hereof. Such Restitution Payment shall be made together with interest, calculated at the rate of ten (10%) per annum, from the date of Assignor's execution of this Agreement until the date that such Restitution Payment is received by Assignee. Assignor further agrees to reimburse Assignee for all losses, costs and expenses, including reasonable legal fees, incurred by Assignee as a result of any such avoidance, disallowance, reduction, subordination, expungement or objection. For clarity purposes, this paragraph pertains only to the validity of the Claim and not the Recovery.

**Notice of Default.**  If either party materially breaches any provision hereof, the non-breaching party must deliver to the breaching party written detailed notice of such breach as soon as practicable after becoming aware of such breach. If the breaching party fails to cure such breach within 30 calendar days of receipt of such notice, the non-breaching party may seek any and all remedies available to such non-breaching party, including termination of this Agreement.

**Governing Law, Personal Jurisdiction and Service of Process.**  This Agreement shall be governed by and construed in accordance with the laws of the State of New York, USA, notwithstanding any contrary choice of law that would otherwise apply under the choice of law principles of that or any other jurisdiction. Any action under or relating to this Agreement may only be brought in any State or Federal court located in Nassau County, in the State of New York. Assignor consents to and confers personal jurisdiction over Assignor by any such court and agrees that Assignee may validly effect service of process upon Assignor by mailing a copy of said process to Assignor's address set forth hereof in this Agreement. In any action hereunder Assignor waives the right to demand a trial by jury.

**Indemnification. Limitation of Liability.**  Assignor will indemnify Assignee, its directors, officers, employees and representatives and save them harmless from and against any and all claims, actions, liabilities and Assignee shall not be liable for any damages, or any lost profits whatsoever, relating to the performance of its obligations hereunder.

**Disclosure of Terms of Agreement.**  Assignor agrees that this Agreement and all its terms are confidential and may not be disclosed without the prior written consent of Assignee. Assignee shall have the right to all remedies including specific performance and other injunctive and equitable relief without a showing of irreparable harm or injury and without posting a bond.

**Execution/Notice.**  This Agreement shall become effective and valid when (a) Assignor executes this Agreement and it is received by Assignee and (b) executed by a proper representative of Assignee. Unless otherwise specifically provided herein, any notice or other communication to be provided hereunder shall be sent to the party's address set forth in the first paragraph of this Agreement by regular mail or overnight courier.

**Miscellaneous.**  The parties hereby mutually agree and stipulate that this Agreement is the result of negotiations between the parties and terms hereof are negotiated terms. Accordingly, any rules of interpretation, construction or resolving ambiguity against the drafter that otherwise apply, shall not apply hereto. This Agreement may not be modified, waived, changed or discharged, in whole or in part, except by an agreement in writing signed by the parties. This Agreement constitutes the entire agreement and understanding between the parties hereto with respect to the subject matter hereof and supercedes all prior agreements, understandings and representations pertaining to the subject matter hereof, whether oral or written. Assignor hereby acknowledges that Assignee may at any time reassign the Claim, or any portion thereof, together with all right title and interest received by Assignee in and to this Agreement. Assignor shall not assign or otherwise transfer its rights or obligations under this Agreement without the prior written consent of Assignee. This Agreement shall be binding upon any prospective successor of Assignor (whether by operation of law, merger or otherwise) or on any purchaser of all or substantially all of Assignor's assets ("Transfer"). In connection with any such Transfer, the purchaser, successor or assignee of Assignor shall agree to be bound by the terms and conditions of this Agreement. All representations and warranties made herein shall survive the execution and delivery of this Agreement and any reassignment. This Agreement may be signed in counterparts and by telecopy, or other commonly acceptable form of electronic transmission, each of which shall be deemed an original and all of which taken together shall constitute one agreement. Failure or delay on the part of Assignee to exercise any right, power or privilege hereunder shall not operate as a waiver thereof.  If any provisions of this Agreement shall be found invalid or unenforceable, in whole or in part, then such provisions shall be deemed to be modified or restricted to the extent and in the manner necessary to render the same valid and enforceable, or shall be deemed excised from this Agreement, as the case may require, and this Agreement shall be construed and enforced to the maximum extent by law, as if such provisions had not been originally incorporated herein. In connection with any disagreement or litigation arising out of, or in connection with, this Agreement or in order to enforce any provision of this Agreement, Assignor agrees to reimburse Assignee for all of its expenses in connection therewith, including without limitation, reasonable attorneys' fees at the trial and appellate levels.

**JOHNSON RUBBER CO DURAMAX INC ("Assignor")**

| | | | |
|---|---|---|---|
| Title: | ___CFO_____ | | |
| Signature: | __/s/ Carl Gordville_____ | Telephone: | _____(440) 632-1611_____ |
| Date: | ____7/12/06_____ | Fax: | _____(440) 632-0535_____ |

**ASM Capital ("Assignee")**

Adam S. Moskowitz / Managing Member of General Partner

| | | | |
|---|---|---|---|
| Signature: | __/s/ Adam S. Moskowitz _____ | Telephone: | _____(516) 224-6040 |
| Date: | __7/12/06_____ | Fax: | _____(516) 224-6049 |