UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                                                                                                                                                                                                  :
     In re                                              :
                                                                      : Chapter 11
DELPHI CORPORATION, et al.,              :
                                                                        : Case No. 05-44481 (RDD)
                                  Debtors.   :
                                                                         : (Jointly Administered)
                                                                        :
------------------------------------------------------- x

ORDER IMPLEMENTING FINAL TRADING ORDER
IN RESPECT OF ACQUISITION OF STOCK
<u>HARBINGER CAPITAL PARTNERS MASTER FUND I, LTD</u>

("HARBINGER TRADING ORDER")

Upon the motion, dated July 17, 2006 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order implementing the Final Order Under 11 U.S.C. §§ 105, 362, And 541 And Fed. R. Bankr. P. 3001 (A) Establishing Notification Procedures Applicable To Substantial Holders Of Claims And Equity Securities And (B) Establishing Notification And Hearing Procedures For Trading In Claims And Equity Securities entered by this Court on January 6, 2006 (Docket No. 1780) (the "Final Trading Order") in respect of acquisition of Delphi common stock (the "Stock") by Harbinger Capital Partners Master Fund I, Ltd. ("Harbinger"); and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest, while at the same time

maintaining the integrity of the Final Trading Order; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

A. On June 1, 2006, Harbinger acquired Tax Ownership of Stock in excess of 26,499,999 shares, which exceeded the amount set forth in the definition of Substantial Equity Holder in the Final Trading Order. Between June 1 and June 5, 2006, Harbinger acquired Tax Ownership of additional Stock resulting in a total Tax Ownership of Stock of 32,025,000 shares (such Stock purchases by Harbinger are collectively referred to as "Noncompliant Purchases"). On June 12, 2006, Harbinger filed a Schedule 13D with the Securities and Exchange Commission disclosing its holdings of Stock. After the Debtors contacted Harbinger regarding the Schedule 13D and the terms of the Final Trading Order on June 14, 2006, Harbinger made no acquisitions or dispositions of Stock after such date.

B. Harbinger's Noncompliant Purchases did not comply with the procedures set forth in the Final Trading Order. Among other things, a Notice of Intent to Purchase, Acquire or Otherwise Obtain Tax Ownership of Stock was not served prior to such Noncompliant Purchases.

C. Harbinger represents that the Noncompliant Purchases were wholly inadvertent.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED as set forth herein.

2. Harbinger shall sell a sufficient number of shares of Stock it acquired in the Noncompliant Purchases (the "Stock Dispositions"), such that after the Stock Dispositions, Harbinger holds fewer than 26.5 million shares of Stock. The Stock Dispositions shall be made in open market transactions pursuant to which Harbinger does not have actual knowledge of the

identity of the persons or entity that is to become the beneficial owner of such Stock. The Stock Dispositions shall be completed within 20 days after the entry of this Order.

3.  Harbinger shall not be required to file a Notice of Status as a Substantial Equityholder (attached as <u>Exhibit 1A</u> to the Final Trading Order) as a result of any Stock Purchase; Harbinger shall not be required to file a Notice of Intent to Purchase, Acquire, or Otherwise Obtain Tax Ownership of Stock (attached as <u>Exhibit 1B</u> to the Final Trading Order) as a result of any Stock Purchase; and Harbinger shall not be required to file a Notice of Intent to Sell, Exchange or Otherwise Dispose of Tax Ownership of Stock (attached as <u>Exhibit 1C</u> to the Final Trading Order) as a result of the Stock Dispositions.

4.  If the aggregate amount realized by Harbinger on the Stock Dispositions reduced by related costs exceeds Harbinger's aggregate basis in the Stock sold pursuant to the Stock Dispositions (any such excess, the "Aggregate Gain"), then Harbinger shall promptly donate the Aggregate Gain to one or more organizations described in Section 501(c)(3) of the Internal Revenue Code of 1986, as amended.

5.  Not later than 25 days after the entry of this Order, Harbinger shall file a certificate, signed by an authorized officer of Harbinger, confirming that Harbinger has complied with this Order and specifically describing (a) the number of shares of Stock sold, (b) the date of each sale, (c) the price at which each share was sold, (d) the related costs of each sale, (e) the basis of each share sold, (f) the date on which each share was acquired, (g) the Aggregate Gain, if any, upon such sales and, (h) the organization(s) described in Section 501(c)(3) to which any Aggregate Gain was donated.

6.  In the future, Harbinger shall comply in all respects with the applicable terms of the Final Trading Order and any other orders of this Court (whether now in effect or entered in

the future), to the extent then in effect, including, without limitation, in connection with any future transactions involving the acquisition or disposition of sale of either (a) Stock or (b) claims against the Debtors.

7.      Under paragraph 9(a) of the Final Trading Order, the Noncompliant Purchases were void <u>ab initio</u>, and accordingly, Harbinger shall be treated as never having owned the Stock acquired in the Noncompliant Purchases.

8.      The Final Trading Order remains in full force and effect, and nothing in this Order shall be deemed a modification, waiver, or alteration of any of the terms, conditions, or requirements of the Final Trading Order.


Dated:  New York, New York
        July ___, 2006                  _____
                                        UNITED STATES BANKRUPTCY JUDGE