SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                :
    In re                            :        Chapter 11
                                :
DELPHI CORPORATION, et al.,        :        Case No. 05-44481 (RDD)
                                :
                                :        (Jointly Administered)
        Debtors.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

             AFFIDAVIT OF KAYALYN A. MARAFIOTI
               IN SUPPORT OF APPLICATION
            FOR EXPEDITED HEARING ON MOTION
         TO IMPLEMENT FINAL TRADING ORDER IN
         RESPECT OF ACQUISITION OF STOCK BY
 HARBINGER CAPITAL PARTNERS MASTER FUND I, LTD.

STATE OF NEW YORK            )
                             ) ss:
COUNTY OF NEW YORK           )

KAYALYN A. MARAFIOTI, being duly sworn, deposes and says:

1.    I am a member of the firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel to the debtors in the above-captioned cases (the "Debtors").  I submit this affidavit in support of the Debtors' application for an expedited hearing on their Motion To Implement Final Trading Order In Respect Of Acquisition Of Stock By Harbinger Capital Partners Master Fund I, Ltd. ("Harbinger"), dated July 17, 2006 (the "Harbinger Trading Motion").

2.    The Debtors seek an expedited hearing on the Harbinger Trading Motion to preserve the integrity of this Court's Final Order Under 11 U.S.C. §§ 105, 362, And 541 And Fed. R. Bankr. P. 3001 (A) Establishing Notification Procedures Applicable to Substantial Holders of Claims and Equity Securities and (B) Establishing Notification and Hearing Procedures for Trading in Claims and Equity Securities (the "Final Trading Order"), entered January 6, 2006 (Docket No. 1780).

3.    As set forth in greater detail in the Harbinger Trading Motion, Harbinger has represented to the Debtors that it acquired shares of Delphi Corporation (the "Stock") through inadvertent noncompliance with the Final Trading Order.  Under the terms of the Final Trading Order, such acquisitions of Stock by Harbinger were void _ab initio_, and must be reversed.  To effect this reversal, Harbinger has agreed to divest itself of certain shares of Stock in accordance with a procedure that is acceptable to the Debtors and that will effectively enforce the provisions of the Final Trading Order.

4.    Specifically, if the Harbinger Trading Order is entered, Harbinger would sell on the open market a sufficient number of shares of Stock acquired in noncompliance with the Final

Trading Order such that after such Stock dispositions, Harbinger would hold fewer than 26.5 million shares of Stock.  If the funds realized by Harbinger on the dispositions of stock reduced by related costs exceed Harbinger's aggregate basis in the Stock sold pursuant to the Stock dispositions (any such excess, the "Aggregate Gain"), then Harbinger would promptly donate that Aggregate Gain to one or more organizations described in Section 501(c)(3) of the Internal Revenue Code of 1986, as amended.  Thereafter, Harbinger will be treated as never having owned the Stock acquired in noncompliance with the Final Order.

5. To preserve the Debtors' tax attributes and protect the integrity of the Court's Final Trading Order, it is essential that Harbinger commence the disposition of the necessary Stock as soon as possible.  Accordingly, with the consent of Harbinger, the Debtors seek an expedited hearing on the Harbinger Trading Motion on July 19, 2006, at 10:00 a.m., the date and time of the Debtors' next omnibus hearing in these cases.  I have notified counsel to the Debtors' official committee of unsecured creditors and counsel to the Debtors' official committee of equity security holders that the Debtors intend to seek a hearing on the Harbinger Trading Motion on July 19, 2006.

6. The Debtors believe that the relief requested in the Harbinger Trading Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.  The Debtors further believe that these interests would be best served by a prompt hearing on the motion.

7. No previous application for the relief requested herein has been made to this or any other court.

/s/ Kayalyn A. Marafioti
KAYALYN A. MARAFIOTI

Sworn to before me
this 17th day of July, 2006

/s/ Mary Haig
Notary Public