TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)
Scott E. Ratner (SER-0015)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | | HEARING DATE:  7/19/06<br>AT:  10:00 a.m. |
| ------------------------------------------------------------x<br>In re:<br><br>DELPHI CORPORATION, *et al.*,<br><br>                                 Debtors.<br>------------------------------------------------------------x | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Chapter 11<br>Case No. 05-44481 [RDD]<br><br>Jointly Administered |

**DEBTORS' LIMITED RESPONSE TO OBJECTION OF VERIZON
SERVICES CORP. TO ASSUMPTION AND ASSIGNMENT
OF EXECUTORY CONTRACTS IN CONNECTION WITH
MOTION OF DEBTORS FOR AN ORDER AUTHORIZING
AND APPROVING (I) SALE OF CERTAIN OF THE DEBTORS'
ASSETS COMPRISING SUBSTANTIALLY ALL ASSETS OF
MOBILEARIA, INC. FREE AND CLEAR OF LIENS, CLAIMS
AND ENCUMBRANCES, (II) ASSUMPTION AND ASSIGNMENT
OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, AND (III) ASSUMPTION OF CERTAIN LIABILITIES**

Delphi Corporation and certain of its subsidiaries and affiliates (the

"Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), hereby submit this limited response (the "Response")

to the objection (the "Objection") of Verizon Services Corp. ("Verizon") to the

Debtors' Motion For Orders Under 11 U.S.C. §§ 363 And 365 And Fed. R. Bankr. P.

2002, 6004, 6006, And 9014 (A) Approving (I) Bidding Procedures, (II) Certain Bid Protections, (III) Form And Manner Of Sale Notices, And (IV) Sale Hearing Date And (B) Authorizing And Approving (I) Sale Of Certain Of The Debtors' Assets Comprising Substantially All Assets Of MobileAria, Inc. ("MobileAria") Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (III) Assumption Of Certain Liabilities, filed on June 6, 2006 (Docket No. 4040) (the "Motion").[1] In support of the Response, the Debtors respectfully represent as follows:

## BACKGROUND

1. Verizon is MobileAria's largest customer and one of the key parties to the proposed sale of MobileAria's assets to @Road, Inc. ("@Road") or to MobileAria's proposed Alternate Bidder, Wireless Matrix USA, Inc.

2. In light of the central role the proposed assumption and assignment of certain agreements between MobileAria and Verizon (collectively, the "Agreements") plays in this transaction, MobileAria has been engaged in extensive tripartite discussions in recent weeks with both Verizon and @Road aimed at assuaging any concerns that Verizon might have in an effort to facilitate an amicable and expeditious closing.

3. As a result of extended negotiations, MobileAria believes that it has reached an agreement with Verizon addressing all of the issues related to

---

[1] Protective objections to the assumption and assignment of contracts by Sun Microsystems, Inc. (Docket No. 4433) and SAP America, Inc. (Docket No. 4546). Counsel for the Debtors has received written confirmation from counsel to Sun Microsystems, Inc. that its objection has been resolved and SAP America, Inc. withdrew its objection on July 17, 2006 (Docket No. 4565). Therefore, only Verizon's objection remains outstanding.

MobileAria's performance under the Agreements and MobileAria's obligations under the Bankruptcy Code raised in the Objection.

## SUMMARY OF AGREEMENT

4.  As part of that agreement and specifically with respect to Verizon's challenge to MobileAria's asserted cure amount, MobileAria and Verizon have each agreed to work in good faith during the next 60 days to attempt to resolve certain charges and other liabilities for which Verizon asserts that MobileAria is liable, up to a maximum of $700,000, that may have arisen prior to the date of this Court's entry of a sale order (the "Order"). Further, Verizon has agreed to submit such charges to MobileAria ("Asserted Disputes") within 60 days of the date of the Order or be deemed to have waived such Asserted Disputes.

5.  To provide Verizon with sufficient comfort that all valid cure amounts will be honored, MobileAria has agreed to set aside $700,000 ("Segregated Funds"), in a segregated account, against which Verizon can seek payment related to any Asserted Disputes.

6.  If MobileAria and Verizon consensually agree upon any Asserted Dispute, MobileAria will pay Verizon for such resolved dispute(s) out of the Segregated Funds. However, if either MobileAria or Verizon reasonably determines that an Asserted Dispute cannot be resolved consensually, MobileAria or Verizon will each have the right to seek this Court's determination of same. In such event, should this Court determine that MobileAria is liable with respect to any Asserted Dispute(s), MobileAria will pay Verizon for such Asserted Dispute(s) out of the Segregated Funds.

7.    However, MobileAria believes that certain issues remain to be resolved between @Road and Verizon, including Verizon's assertion that @Road cannot provide adequate assurance of future performance.  Verizon's adequate assurance objection does not relate to the financial wherewithal of @Road, but rather relates only to its ability to operate the business in a manner Verizon deems satisfactory.   The phrase "adequate assurance of future performance is to be given a practical, pragmatic construction based upon the circumstances of [the] case."  PRK Enterprises, 235 B.R. 597, 603 (Bankr. E.D. Tex.); In re Prime Motor Inns, Inc., 166 B.R. 993, 997 (Bankr. S.D.Fla. 1994) (quoting In re Carlisle Homes, Inc., 103 B.R. 524, 538 (Bankr. D.N.J. 1998)).  The assurance of future performance will be satisfactory if performance under the contract is likely; that is, performance is more probable than not.  In re Prime Motor Inns, Inc., 166 B.R. at 997.  MobileAria is comfortable that @Road has the operational acumen to satisfy its obligations going forward under the Agreements and, therefore, adequate assurance as required under the Bankruptcy Code has been provided to Verizon.  Indeed, MobileAria would not have selected @Road as the successful bidder at the July 6, 2006 auction but for MobileAria's confidence in @Road's operational capabilities.  MobileAria anticipates that @Road will respond separately to Verizon's assertions, at the hearing or otherwise, as @Road provided a representation in the July 7, 2006 Asset Purchase Agreement that it has provided or will be able to provide adequate assurance of future performance under § 365(f)(2)(B) of the Bankruptcy Code.

8.    MobileAria reserves all of its rights with respect to the Objection and the assertions contained therein in the event MobileAria and Verizon are unable to reach an ultimate resolution.

**NOTICE**

9. Notice of this Response has been provided in accordance with the Seventh Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered May 19, 2006 (Docket No. 3824). The Debtors submit that no other or further notice is necessary.

**MEMORANDUM OF LAW**

10. Because the legal points and authorities upon which this Response relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

**WHEREFORE** the Debtors respectfully request that the Court enter an order (i) overruling the Objection, and (ii) granting the Debtors such other and further relief as is just.

Dated: New York, New York
July 18, 2006

DELPHI CORPORATION, *et al.*
By their attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Scott E. Ratner
ALBERT TOGUT (AT-9759)
NEIL BERGER (NB-3599)
SCOTT E. RATNER (SER-0015)
Members of the Firm
One Penn Plaza
New York, New York 10119
(212) 594-5000

5