**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Case No. 05-44481 (RDD) |
| | ) | |
| DELPHI CORPORATION, et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |

### FIFTH SUPPLEMENTAL DECLARATION OF MICHAEL D. WARNER IN SUPPORT OF THE RETENTION OF WARNER STEVENS, L.L.P., AS CONFLICTS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS

I, MICHAEL D. WARNER, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.    I am a partner of the law firm of Warner Stevens, L.L.P. ("Warner Stevens"), which maintains offices at 301 Commerce Street, Suite 1700, Fort Worth, Texas, 76102.  I am familiar with the matters set forth herein and submit this Fifth Supplemental Declaration in support of the retention of Warner Stevens as conflicts counsel to the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter  11 Cases") of the above-captioned debtors and debtors in possession (collectively the "Debtors").

### Background

2.    On November 23, 2005, Warner Stevens filed the Application Under 11 U.S.C. §§ 327(a), 328 and 1103 and Fed.R.Bankr.P. 2014(a) Authorizing Employment and Retention of Warner Stevens, L.L.P., as Conflicts Counsel for the Official Committee of Unsecured Creditors, nunc pro tunc to November 10, 2005 (the "Retention Application").

3.    On January 6, 2006, this Court entered a Final Order approving the retention of Warner Stevens.

4.      On January 27, 2006, the First Supplemental Declaration of Michael D. Warner in Support of the Retention of Warner Stevens, L.L.P., as Conflicts Counsel to Official Committee of Unsecured Creditors (the "First Supplemental Declaration"), was filed with the Court disclosing Warner Stevens' representation of Sierra Liquidity Fund, LLC in other bankruptcy cases.

5.      On February 6, 2006, the Second Supplemental Declaration of Michael D. Warner in Support of the Retention of Warner Stevens, L.L.P., as Conflicts Counsel to Official Committee of Unsecured Creditors (the "Second Supplemental Declaration"), was filed with the Court disclosing Warner Stevens' representation of Madison Niche Opportunities, LLC in other bankruptcy cases.

6.      On March 3, 2006, the Third Supplemental Declaration of Michael D. Warner in Support of the Retention of Warner Stevens, L.L.P., as Conflicts Counsel to Official Committee of Unsecured Creditors (the "Third Supplemental Declaration"), was filed with the Court disclosing Warner Stevens' representation of Longacre Master Fund, Ltd. in other bankruptcy cases.

7.      On July 10, 2006, the Fourth Supplemental Declaration of Michael D. Warner in Support of the Retention of Warner Stevens, L.L.P., as Conflicts Counsel to Official Committee of Unsecured Creditors (the "Fourth Supplemental Declaration"), was filed with the Court disclosing Warner Stevens' representation of A.T. Kearney, Inc. in other bankruptcy cases.

8.      I am filing this Fifth Supplemental Declaration to disclose certain facts relevant to Warner Stevens' retention that have recently come to my attention.

## Supplemental Disclosure Regarding Amroc Investments, L.L.C., Argo Partners, and Contrarian Funds, L.L.C.

9.      In my declaration attached to the Retention Application and in the First, Second, Third, and Fourth Supplemental Declarations, I disclosed entities to which Warner Stevens provides or provided representation in other bankruptcy matters and the nature of such representations.  Such

representations do not create an adverse interest to and have no connection with the Committee, the Debtors, their creditors or any party-in-interest herein in the matters upon which Warner Stevens has been retained.

10.    Amroc Investments, L.L.C. ("Amroc"), Argo Partners ("Argo"), and Contrarian Funds, L.L.C. ("Contrarian" and collectively with Amroc and Argo, the "Claim Assignees") have acquired claims against the Debtors and, therefore, are now interested parties in the Debtors' bankruptcy cases.

11.    Warner Stevens represented the interests of the Claim Assignees in the chapter 11 bankruptcy case entitled *In re Mirant Corporation, et al.*, being jointly administered in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, Case No. 03-46590 (DML).  In connection with its representation, Warner Stevens represented the interests of Argo and Contrarian, jointly with other holders of claims in the *Mirant* case[1] in issues relating to the confirmed Plan of Reorganization.  Warner Stevens' concluded its representation of Amroc prior thereto.

12.    Warner Stevens does not represent and will not represent the Claim Assignees in these Chapter 11 Cases.  I do not believe that the representation of the Claim Assignees in these unrelated bankruptcy cases presents a conflict of interest or creates an adverse interest.

---

[1] Sierra Liquidity Fund, LLC, Sierra Nevada Liquidity Fund, LLC, The Coast Fund LP, Contrarian Funds LLC, Argo Partners, Longacre Master Fund, Ltd., Longacre Distressed Strategies LLC, Longacre Liquidity Investors 116, LLC, Longacre Liquidity Investors 123, LLC, Longacre Liquidity Investors 124, LLC

13.     In conclusion, insofar as I have been able to ascertain and subject to the disclosures contained herein and in my previous declarations, neither Warner Stevens, nor any member or associate thereof, represents any interest adverse to the Debtors herein, or their estates, in the matters upon which Warner Stevens has been engaged.  Accordingly, I continue to believe that Warner Stevens is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

Dated:  July 20, 2006

/s/ Michael D. Warner
MICHAEL D. WARNER (MW-3381)
Warner Stevens, L.L.P.
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
Telephone: 817.810.5250
Facsimile:  817.810.5255
Email: mwarner@warnerstevens.com