UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
: 
    In re                                :        Chapter 11
:
DELPHI CORPORATION, et al.,        :        Case No. 05-44481 (RDD)
:
                    Debtors.        :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. § 363(b)
AND FED. R. BANKR. P. 6004 AUTHORIZING THE
DEBTORS TO ENTER INTO AN AGREEMENT WITH A.T. KEARNEY, INC.

("A.T. KEARNEY AGREEMENT ORDER")

Upon the motion, dated June 29, 2006 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 authorizing, but not directing, the Debtors to enter into and perform under an agreement with A.T. Kearney, Inc. ("A.T. Kearney"); and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

        ORDERED, ADJUDGED, AND DECREED THAT:

        1.        The Motion is GRANTED.

        2.        The Debtors are authorized, but not directed, to enter into and fully perform under an agreement with A.T. Kearney, the form of which is attached hereto as

Exhibit 1, for Phases 1A and 1B of the Debtors' restructuring of their indirect spend, including making all payments due to A.T. Kearney under the agreement.

3. The Debtors are further authorized, but not directed, to exercise their sole discretion in determining the categories, sub-categories, and contracts to be strategically sourced under Phase 1A and to be reviewed under Phase 1B.

4. With respect to the triggering of A.T. Kearney's contingent fees, the Debtors shall provide to a designated representative of the financial advisor retained by the Official Committee of Unsecured Creditors (the "Creditors' Committee") a report listing the recommendations (the "Recommendations Report") approved by an executive steering committee (the "Executive Steering Committee"), which will include, among others, Delphi's Chief Financial Officer, General Director of Purchasing, and General Counsel.  The Creditors' Committee shall have the opportunity to review the Recommendations Report pursuant to the procedures set forth below for the sole purpose of determining whether to object to the Debtors' intent to pay A.T. Kearney a contingent fee (each, a "Contingent Fee"):

(a) As soon as reasonably practicable following the approval of recommendations by the Executive Steering Committee sufficient to trigger the payment of a Contingent Fee, the Debtors shall submit the Recommendations Report to the financial advisor retained by the Creditors' Committee, Mesirow Financial Consulting LLC, 666 Third Avenue, 21st Floor, New York, New York 10017 (Att'n: Larry H. Lattig and Ben Pickering) by facsimile, overnight delivery, or hand delivery.

(b) The Creditors' Committee shall have ten business days following initial receipt of the Recommendations Report to object or request additional time to evaluate the proposed payment to A.T. Kearney of a Contingent Fee.  Any objections shall be submitted in

writing to the Debtors, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: David Sherbin, Esq.), counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr. Esq.), and to A.T. Kearney, 2000 Town Center, Suite 1600, Southfield, Michigan 48075 (Att'n: Douglas Harvey).  If the Debtors, counsel to the Debtors, and A.T. Kearney receive no written objection or written request for additional time prior to the expiration of the ten business day period, the Debtors shall be authorized to pay A.T. Kearney the Contingent Fee.

(c) If the Creditors' Committee objects to the proposed Contingent Fee within the aforementioned ten business day period, the Debtors and the Creditors' Committee shall meet and confer in an attempt to negotiate a consensual resolution of the objection.  Should either party determine that no mutually agreeable resolution can be reached in a timely fashion, the Debtors shall move the Bankruptcy Court for authority to pay the Contingent Fee upon notice to the Creditors' Committee in accordance with the terms of the Seventh Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered May 19, 2006 (Docket No. 3824), or such other case management order as may then be in effect, and the Debtors shall not be authorized to pay the requested Contingent Fee until the earlier of a consensual resolution between the Debtors and the Creditors' Committee and an order of this Court approving the payment of such Contingent Fee.

5. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

6. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
<u>July 21</u>, 2006

<u>/s/Robert D. Drain</u>                         
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**
**A.T. Kearney Agreement**