B210
12/04

# United States Bankruptcy Court
## Southern District of New York

In re: DELPHI AUTOMOTIVE SYSTEMS, LLC    Case No. 05-44481

Court ID (Court use only)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111 (a), in the amount of $1,094,656.41. Transferee hereby gives notice pursuant to Rule 3001 (e)(2), Fed.R.Bankr.P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| Name of Transferee: | Name of Transferor: |
| SPCP Group, LLC | Osram Sylvania, Inc. |
| | |
| Name and Address where notices to transferee should be sent: | Court Record Address of Transferor (Court Use Only) |
| | |
| Attn: Brian Jarmain | |
| SPCP Group, LLC | |
| 2 Greenwich Plaza | |
| Greenwich, CT 06830 | |
| | |
| Phone: 203-542-4032 | |
| Last Four Digits of Acct #:_____ | Last Four Digits of Acct #:_____ |
| | |
| Name and Address where transferee payments should be sent (if different from above) | Name and Current Address of Transferor: |
| | Attn: Nancy Piergentili |
| | Osram Sylvania, Inc. |
| | 100 Endicott Street |
| | Danvers, MA 01923 |
| | Phone: 978-750-5538 |
| Last Four Digits of Acct #:_____ | Last Four Digits of Acct #:_____ |

Court Claim # (if known):
Date Claim Filed:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:___/s/ Brian Jarmain_____    Date:__July 25, 2006_____s
        Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18U.S.C. §§ 152 & 371.

**~~ DEADLINE TO OBJECT TO TRANSFER~~**

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date_____    _____
                                        CLERK OF THE COURT

**SILVER POINT CAPITAL**
**CONFIDENTIAL**

EXHIBIT B
TO CLAIMS PUT AGREEMENT

## FORM OF ASSIGNMENT OF CLAIM

1. OSRAM SYLVANIA, INC., its successors and assigns ("Assignor"), for good and valuable consideration, the sufficiency of which is hereby acknowledged, hereby absolutely and unconditionally sells, transfers and assigns unto SPCP GROUP, L.L.C., as Agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., its successors and permitted assigns ("Assignee"), as of the date of this Agreement, all right, title and interest in and to all those certain Receivables set forth in Exhibit 1 owed to Assignor by Debtor, in the amount of $1,000,000.00 (the "Claim Amount"), including without limitation, all of Assignor's right, title and interest in said Receivables, all Merchandise Documents evidencing, or relating or referred to therein, all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing Receivables, and all other claims, causes of action against Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing Receivables, including, without limitation, all of Assignor's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing or under the Bankruptcy Code or otherwise (collectively, the "Claim").

2. This Assignment of Claim is entered into pursuant to a Claims Put Agreement dated as of September 16, 2005 by and between Assignor and Assignee (the "Put Agreement") and a Notice of Exercise received by Assignee on Oct 10, 2005 (the "Notice of Exercise"). Capitalized terms used herein, which are not otherwise defined herein, shall have the meaning set forth in the Put Agreement.

3. In consideration of the assignment of the Claim by Assignor to Assignee, Assignor and Assignee shall make payments to one another in the amounts and manner, at the times specified and subject to the conditions provided in the Put Agreement.

4. Each of Assignor and Assignee repeats and reaffirms the representations, warranties, indemnities and other acknowledgments and undertakings made in the Put Agreement as of the date of the Assignment of Claim. Except for the express representations and warranties set forth herein and in the Put Agreement, this Assignment is made as is, without recourse, and without representations and warranties.

5. Assignor is aware that the consideration being paid by Assignee hereunder and under the Put Agreement may differ both in kind and amount from the amount ultimately distributed with respect to the Claim pursuant the Bankruptcy Code or otherwise. Assignor represents that it has adequate information concerning the financial condition of the Debtor and the Case to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate, made its own decision to enter into this Agreement. Assignor and Assignee may each have access to or possess confidential material information regarding the Debtor not known to the other, including, without limitation, information received from the Debtor on a confidential basis or information received on a privileged basis from legal counsel and financial advisors representing the Debtor. Each party hereby waives any claim against the other party deriving from or relating to any assertion that they did not have access to the same confidential information. Assignor acknowledges that Assignee may receive on a current basis material non-public information about Debtor, which is not known by Assignor. Notwithstanding Assignee not disclosing such confidential information to Assignor, Assignor desires to enter into this Agreement and Assignee shall have no liability whatsoever to Assignor based on Assignee's use, knowledge, possession or non-disclosure of such information and Assignor releases Assignee from liability therefrom.

**SILVER POINT CAPITAL**
**CONFIDENTIAL**

6. Assignor agrees that in the event Assignor shall receive payments or distributions or notices with respect to or relating to the Claim after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of and for the sole benefit of Assignee, and shall promptly deliver the same forthwith to Assignee in the same form received (free of any withholding, set-off, claim or deduction of any kind), within five (5) Business Days, which are in good deliverable form, with the endorsement of Assignor (without recourse, representations or warranties except as set forth herein) when necessary or appropriate.

7. Each party agrees to indemnify the other party as set forth in the Put Agreement.

8. Assignor hereby irrevocably appoints Assignee with full power of substitution as its true and lawful attorney and authorizes Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable necessary to enforce the Claim and the Assignor's rights thereunder or related thereto pursuant to this Agreement. Assignor agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Assignee. Assignee shall have no obligation to take any action to prove, defend, demand or take any action with respect to the Claim or otherwise in the Proceeding. Assignor agrees at Assignor's expense to execute, acknowledge and deliver all such further certificates, instruments and other documents, and if requested by Assignee prepare a proof of claim, and to take all such further action as may be reasonably necessary or appropriate to effect assignment of the Claim and all interests therein to Assignee.

9. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and the purchase and sale of the Claim and the payment of the purchase price and shall inure to the benefit of, be binding upon and enforceable by the parties hereto and their respective successors and assigns. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to any choice of law principles.

10. EACH PARTY TO THIS AGREEMENT HEREBY IRREVOCABLY CONSENTS TO THE JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN THE STATE OF NEW YORK, COUNTY OF NEW YORK AND OF THE BANKRUPTCY COURT IN ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISION OF THIS AGREEMENT OR OF ANY OTHER AGREEMENT OR DOCUMENT DELIVERED IN CONNECTION WITH THIS AGREEMENT, AND ALSO HEREBY IRREVOCABLY WAIVES ANY DEFENSE OF IMPROPER VENUE, FORUM NON CONVENIENS OR LACK OF PERSONAL JURISDICTION TO ANY SUCH ACTION BROUGHT IN SUCH COURTS. EACH PARTY FURTHER IRREVOCABLY AGREES THAT ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISIONS OF THIS AGREEMENT WILL BE BROUGHT ONLY IN SUCH COURTS AND EACH PARTY WAIVES ITS RIGHT TO TRIAL BY JURY.

**SILVER POINT CAPITAL**
**CONFIDENTIAL**

11. Assignor hereby waives any notice or hearing requirements imposed under the Bankruptcy Code relating to the assignment of Claim hereunder (including, but not limited to, Rule 3001 of the Federal Rules of Bankruptcy Procedure) or otherwise and stipulates that an order may be entered recognizing this assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim.

12. This Agreement, the Notice of Exercise and the Put Agreement shall constitute the complete agreement of the parties hereto with respect to the subject matters referred to herein and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements or representations of every nature whatsoever with respect thereto, all of which have become merged and finally integrated into this Agreement. This Agreement cannot be amended, modified, or supplemented except by an instrument in writing executed by both parties hereto.

13. This Agreement may be executed by telecopy in multiple counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. Transmission by telecopier of this Agreement shall be deemed to constitute due and sufficient delivery of such counterpart. Each fully executed counterpart of this Agreement shall be deemed to be a duplicate original.

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment of Claim Agreement by its duly authorized representative dated as of _Nov 16_, 200_5_.

ASSIGNOR:
OSRAM SYLVANIA, INC.

By: _William J. Mahoney_
Name: WILLIAM J. MAHONEY
Title: V.P. Corp Finance

ASSIGNEE:
SPCP GROUP, L.L.C., as Agent for
Silver Point Capital Fund, L.P. and
Silver Point Capital Offshore Fund, Ltd.

By: _____
Name: Michael A. Gatto
Title: Authorized Signatory

- 3 -

JAN-06-1900  14:14                                                                                              P.03/22

# PROOF OF CLAIM

**District of** New York

| Name of Debtor: Delphi Automotive Systems LLC | Case Number: 05-44640 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** (The person or other entity to whom the debtor owes money or property):
Osram Sylvania Inc

**Name and address where notices should be sent:**
Osram Sylvania Inc
100 Endicott St
Danvers MA 01923-3623
ATTN: NANCY PIERGENTILI

**Telephone number:** 978-750-5538

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

**Account or other number by which creditor identifies debtor:**
#32463, #41869, #47070, #41474

Check here ☐ replaces   ☐ amends   a previously filed claim, dated: _____

**1. Basis for Claim**
- ☒ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☐ Other _____
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)        (date)

**2. Date debt was incurred:** 1/5/05 thru 10/7/05

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ $1,094,656.41 _____ _____ $1,094,656.41
(unsecured)   (secured)   (priority)   (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim** $ $1,094,656.41
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim.
Amount entitled to priority $ _____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 7-19-06 | Nancy Piergentili  Nancy Piergentili - Collection Control Spvr |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

05446400604101650070165511

In re: DELPHI AUTOMOTIVE SYSTEMS LLC Debtor, Case No. 05-44640    Entity #39

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT, UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|
| 1560888 - 10107163<br>OSRAM SYLVANIA INC<br>100 ENDICOTT ST<br>DANVERS  MA  01923 | ENVIRONMENTAL CLAIMS<br>CERCLA: MERCURY REFINING SUPERFUND SITE PRP | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1628206 - 10400353<br>OSRAM SYLVANIA INC<br>98218 COLLECTIONS CENTER DRIVE<br>CHICAGO  IL  60693 | ACCOUNTS PAYABLE | Disputed,<br>Unliquidated | $843,157.45 |
| 1628208 - 10400354<br>OSRAM SYLVANIA PUERTO RICO CORP<br>98218 COLLECTION CENTER DR<br>CHICAGO  IL  60693 | ACCOUNTS PAYABLE | Disputed,<br>Unliquidated | $183,621.15 |
| 1136371 - 10008154<br>OSTASH ROBERT S<br>(Address on File) | WORKERS COMPENSATION | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1029508 - 10006603<br>OSTENDORF VICKI<br>(Address on File) | WORKERS COMPENSATION<br>CLAIM NUMBER: 02-887797 | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1628210 - 10400355<br>OSTER A J WEST INC<br>5236 COLLECTIONS CENTER DRIVE<br>CHICAGO  IL  60693 | ACCOUNTS PAYABLE | Disputed,<br>Unliquidated | $241,489.11 |
| 1628213 - 10400356<br>OSTLING TECHNOLOGIES | ACCOUNTS PAYABLE | | $26,126.00 |
| 1136380 - 10008155<br>OSWALD MICHAEL R<br>(Address on File) | WORKERS COMPENSATION<br>CLAIM NUMBER: 89516879 | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1029529 - 10006604<br>OTERO MICHELE<br>(Address on File) | WORKERS COMPENSATION<br>CLAIM NUMBER: 80512228 | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1628218 - 10400357<br>OTHER PLACE | ACCOUNTS PAYABLE | | $1,000.00 |
| 1628220 - 10400358<br>OTIS ELEVATOR CO<br>ACCTS REC<br>PO BOX 73579<br>CHICAGO  IL  606737579 | ACCOUNTS PAYABLE | | $27,570.26 |
| 1628221 - 10400359<br>OTIS ELEVATOR COMPANY<br>PO BOX 73579<br>CHICAGO  IL  606737579 | ACCOUNTS PAYABLE | | $386.71 |
| 1628227 - 10400360<br>OTT RONALD<br>RONALD OTT TECHNICAL SVCS LLC<br>6298 TAYLOR ROAD<br>CINCINNATI  OH  45248 | ACCOUNTS PAYABLE | | $4,533.06 |