| | |
|---|---|
| Shmuel Vasser (SV 7400)<br>Edwards Angell Palmer & Dodge LLP<br>750 Lexington Avenue, 8th Floor<br>New York, NY 10022-1200<br>212-308-4411 | Hearing Date: August 17, 2006<br>at 10:00 a.m.<br><br>Objection Deadline: August 10, 2006<br>at 5:00 p.m. |

*Counsel to Speedline Technologies, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
:
In re:                                         :         Chapter 11
:
:         Case No. 05-44481 (RDD)
DELPHI CORPORATION, et al.,                    :
:         (Jointly Administered)
Debtors.           :
:
------------------------------------------------- x

### NOTICE OF SPEEDLINE TECHNOLOGIES INC.'S MOTION
### FOR ORDER DIRECTING RETURN OF RECLAIMED EQUIPMENT
### OR FOR IMMEDIATE PAYMENT THEREOF

PLEASE TAKE NOTICE that, Speedline Technologies, Inc. ("Speedline"), filed the annexed motion (the "Motion") for an order under Sections 546(c), 503, 507 and 105 of the Bankruptcy Code, directing the immediate return of certain manufacturing equipment that is the subject of Speedline's reclamation demand (the "Equipment"), and for such other an further relief as is just and proper.

PLEASE TAKE FURTHER NOTICE that, a hearing to consider approval of the Motion will be held on **August 17, 2006** at **10:00 a.m.**, New York City time (the "Hearing"), before the Honorable Robert D. Drain, United States Bankruptcy Judge, in the Bankruptcy Court for the Southern District of New York, Courtroom 610, One Bowling Green, New York, New York 10004-1048.

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brandes Investment Partners LP | Ted Kim | 11988 El Camino Real | Suite 500 | San Diego | CA | 92103 | | | | Equity Security Holders Committee Member |
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-209-4801 | rstark@brownrudnick.com | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | bsimon@cwsny.com | Counsel for Flextronics International USA, Inc. |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel to Debtor's Postpetition Administrative Agent |
| Davis, Polk & Wardwell | Donald Bernstein, Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092, 212-450-4213 | 212-450-3092, 212-450-3213 | donald.bernstein@dpw.com, brian.resnick@dpw.com | |
| DC Capital Partners LP | Douglas L Dethy | 800 Third Avenue | 40th Floor | New York | NY | 10022 | | | | Equity Security Holders Committee Member |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2670 | sean.p.corcoran@delphi.com, karen.j.craft@delphi.com | Debtors |
| Electronic Data Systems Corp. | Michael Nefkens | 5505 Corporate Drive MSIA | | Troy | MI | 48098 | 248-696-1729 | 248-696-1739 | mike.nefkens@eds.com | Creditor Committee Member |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | cschiff@flextronics.com | Counsel for Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | paul.anderson@flextronics.com | Counsel for Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler, Bonnie Steingart, Vivek Melwani, Jennifer L Rodburg, Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbujie@ffhsj.com, slivin@ffhsj.com | Proposed Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0820 | 202-659-4503 | lhassel@groom.com | Counsel for Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 152 West 57th Street | 35th Floor | New York | NY | 10019 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel for Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2280 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Internal Revenue Service | Attn: Insolvency Department, Maria Valerio | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-436-1038 | 212-436-1931 | mariavalerio@irs.gov | IRS |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | 48226 | 313-628-3648 | 313-628-3602 | | Michigan IRS |
| IUE-CWA | Henry Reichard | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | hreichardiuecwa@aol.com | Creditor Committee Member |
| James E Bishop Sr | | 502 Shiloh Dr | No 9 | Laredo | TX | 78045 | | | | Equity Security Holders Committee Member |
| James H Kelly | | PO Box 4426 | | Boulder | CO | 80306 | | | | Equity Security Holders Committee Member |
| Jefferies & Company, Inc. | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Thomas F. Maher, Richard Duker, Gianni Russello | 270 Park Avenue | | New York | NY | 10017 | 212-270-0426 | 212-270-0430 | thomas.f.maher@chase.com, richard.duker@jpmorgan.com, gianni.russello@jpmorgan.com | Postpetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Vilma Francis | 270 Park Avenue | | New York | NY | 10017 | 212-270-5464 | 212-270-4016 | vilma.francis@jpmorgan.com | Prepetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | James Le | 12910 Culver Blvd. | Suite I | Los Angeles | CA | 90066 | 310-751-1511 | 310-751-1561 | jle@kccllc.com | Noticing and Claims Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Law Debenture Trust of New York | Patrick J. Healy | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Daniel R. Fisher | 767 Third Ave. | 31st Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Luqman Yacub | | PO Box 1026 | | Hartville | OH | 44632 | | | | Equity Security Holders Committee Member |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel for Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel for Recticel North America, Inc. |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | 212-682-5015 | lszlezinger@mesirowfinancial.com | UCC Professional |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel for Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | ServeAG@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Meyer LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Meyer LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pardus European Special Opportunities Master Fund LP | Joseph R Thornton | Pardus Capital Management LP | 1101 Avenue of the Americas Suite 1100 | New York | NY | 10018 | | | | Equity Security Holders Committee Member |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel for the Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov efile@pbgc.gov | Counsel for Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel for Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 1270 Avenue of the Americas | Suite 2500 | New York | NY | 10020-1801 | 2122185500 | 2122185526 | rdremluk@seyfarth.com | Counsel for Muraia Electronics North |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioli, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel for Movant Retirees and Proposed Counsel for The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel for Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Trustee of the Koury Family Trust | James N Koury | 410 Reposado Dr | | La Habra Heights | CA | 90631 | | | | Equity Security Holders Committee Member |
| Tyco Electronics Corporation | MaryAnn Brereton, Assistant General Counsel | 60 Columbia Road | | Morristown | NJ | 7960 | 973-656-8365 | 973-656-8805 | | Creditor Committee Member |
| United States Trustee | Alicia M. Leonhard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | Counsel to United States Trustee |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Proposed Conflicts Counsel for the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

Shmuel Vasser (SV 7400)
Edwards Angell Palmer & Dodge LLP
750 Lexington Avenue, 8th Floor
New York, NY 10022-1200
212-308-4411

*Counsel to Speedline Technologies, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
: Chapter 11
In re: :
: Case No. 05-44481 (RDD)
DELPHI CORPORATION, et al., :
: (Jointly Administered)
Debtors. :
:
------------------------------------------------- x

### SPEEDLINE TECHNOLOGIES INC.'S MOTION FOR ORDER DIRECTING RETURN OF RECLAIMED EQUIPMENT OR FOR IMMEDIATE PAYMENT THEREOF

Speedline Technologies, Inc. ("Speedline"), by its undersigned counsel, submits this motion (the "Motion") for an order, under Sections 546(c), 503, 507 and 105 of the Bankruptcy Code, directing the immediate return of certain manufacturing equipment that is the subject of Speedline's reclamation demand (the "Equipment"). In support of the Motion Speedline respectfully sets forth and alleges as follows:

### Introduction

1. On October 8 and 14, 2005, Delphi Corporation and certain if its subsidiaries and affiliates (collectively, "Delphi" or the "Debtors"), filed voluntary petitions in this Court under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession. The cases are jointly administered.

2. On October 17, 2005, the Office of the United States Trustee appointed an official committee of unsecured creditors and on April 28, 2006 an official committee of equity holders (collectively, the "Committees"). No trustee or examiner has been appointed in this case.

### Jurisdiction and Venue

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b) and the Standing Order of Referral of Cases to Bankruptcy Judges, dated July 10, 1984, of the United States District Court for the Southern District of New York.

4. Pursuant to 28 U.S.C. § 1408, venue for this Motion is proper in this Court as it relates to the above-referenced bankruptcy cases pending in this Court.

### Relief Requested

5. Ten months into their bankruptcy cases, the Debtors continue to use the Equipment in their manufacturing process without having paid a cent for it. Moreover, except for a useless and hollow agreement to allow Speedline a "potential" administrative expense priority for the Equipment, Delphi has been consistent in rejecting any and all proposals made by Speedline to resolve the issue. Speedline has consistently urged Delphi to consider various payment options, including the return of the equipment, to no avail; the standard and consistent Delphi's response was to just say no.

6. The administrative expense offer made by Delphi rings hollow because (i) both Delphi and the Committee reserve any and all defenses they may have to Speedline's reclamation demand, (ii) no payment will be made until a plan is confirmed in these cases and (iii) while Delphi's secured debt burden is currently at approximately $2.757 billion ($2.5 billion in pre-petition secured debt and $257 million drawn on the post petition facility, inclusive of $7

million in letters of credit), Delphi has been authorized to borrow up to $2 billion under its debtor in possession facilities (the "Amended DIP Credit Facility").

7. Thus, requiring Speedline to await confirmation of a plan in these cases could result in an extreme prejudice by subjecting it to an additional secured debt of approximately $1.8 billion.

8. Simply put, if Delphi is using the Equipment it should pay for it like it pays any other ordinary, operating expense; if Delphi is not using the Equipment, it should be returned. Either way, Delphi should not be allowed to have the cake and eat it too.

## Factual Background

### A. The Equipment and Reclamation Process

9. On or about October 4, 2005, pursuant to Delphi's purchase order, dated July 8, 2005 (the "Purchase Order"), Speedline shipped to Delphi equipment known as Vectra Wave Soldering ("VWS"). A copy of the Purchase Order is attached as Exhibit A.

10. On or about October 4, 2005, and pursuant to the Delphi's Purchase Order, Speedline shipped to Delphi equipment known as Optima Fluxer (the "Optima Fluxer" and together with VWS, the "Equipment")

11. The Equipment was received by Delphi on October 5, 2005. Proof of delivery is attached as Exhibit B.

12. Speedline manufactures and sells the Equipment in its ordinary course of business. Attached as Exhibit C is Speedline's brochure relating to the Equipment. As the Equipment is used in the electronics assembly industry, see Exhibit C, it is being purchased and used by Delphi in the ordinary course of business.

241814_3

13. By an Order dated October 13, 2005, this Court granted Delphi's reclamation motion (as amended on November 4, 2005, the "Reclamation Order" (Docket No. 881).

14. On October 19, 2005, Speedline demanded in writing the reclamation of the Equipment received by Delphi from Speedline (the "Reclamation Demand"). A Copy of the Reclamation Demand is attached as Exhibit D. (Docket No. 422) The value of the Equipment received by Debtors during the reclamation period is $189,005.00. Speedline's invoices are attached as Exhibit E.

15. By a letter, dated February 21, 2006, Delphi tendered to Speedline its Statement of Reclamation. A copy of the Statement of Reclamation is annexed hereto as Exhibit F. In the Statement, while agreeing to allow Speedline a "potential" administrative expense claim in the amount sought by Speedline, the Debtors and the Committee reserved a wide range of almost all possible defenses to the reclamation demanded (the "Reserved Defenses").

16. Speedline disputed the terms of the Statement of Reclamation. As such, pursuant to the terms of the Reclamation Order, on or about April 12, 2006, Speedline tendered to Debtors its Statement of Disagreement together with all information required by paragraph 2, section (b)(iv) of the Reclamation Order. A copy of the Speedline Statement of Disagreement together with all exhibits, is attached hereto as Exhibit G.

**B.    Delphi's was Insolvent at the Relevant Time Period**

17. Exhibit "A" to the voluntary petition of Delphi Corporation (Docket No. 1) lists, as of August 31, 2005, consolidated assets of $17,098,734,530 and consolidated debts of $22,166,280,476. See also Affidavit of Robert S. Miller, Jr. Under Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Petitions and Various First Day Applications and Motions, ¶ 13 and Schedule 3. (Docket No. 7) The summary of schedules filed by Delphi in this case

lists, on a consolidated basis, assets of $19,14,188 and liabilities of $3,968,956. (Docket No. 1854)

18. The most recent financial statements filed by Delphi with the Securities and Exchange Commission are in accord. Form 10-K for the period ending on December 31, 2005 ("Form 10-K"), list stockholders' deficit of $6.245 billion. See Form 10-K, at 96, attached as Exhibit H.

19. Speedline, while being aware of news reports of Delphi's difficulties, was not aware of its insolvency. Speedline did not review Delphi's filings with the Securities and Exchange Commission prior to the bankruptcy filing and did not receive any financial information from Delphi indicating its insolvency.[1]

### C. Delphi's Secured Creditors are Over Secured

20. Delphi's Form 10-K discloses that as of June 14, 2005 Delphi has secured pre-petition debt of $2.5 billion. See Form 10-K, at 112, attached as Exhibit I.

21. The Form 10-K also discloses that Delphi was authorized to borrow under the Amended DIP Credit Facility up to $2 billion. On November 21, 2005 Delphi borrowed $250 million under this facility in addition to $7 million in outstanding letters of credit. See Form 10-K, at 110-112, attached as Exhibit J.

22. There is no doubt that Delphi's secured creditors are over-secured whether one relies on the Form 10-K (listing assets in the amount of $17.023 billion), or the Summary of Schedules (listing assets in the amount of $3.968 billion).

---

[1] Should Delphi dispute this statement of fact, a representative of Speedline will be present to testify on this issue.

## Argument

### I. Speedline Is Entitled to Reclaim the Equipment

23.    Based on the facts described above, and the law as discussed herein, it could not be reasonably disputed that Speedline is entitled to reclaim the Equipment.

24.    Section 546(c) of the Bankruptcy Code recognizes any right to reclamation that a seller may have under applicable nonbankruptcy law. See In re Dairy Mart Convenience Stores, Inc., 302 B.R. 128, 132 (Bankr. S.D.N.Y 2003); Galey & Lord Inc. v. Arley Corp. (In re Arlco, Inc.), 239 B.R. 261, 266 (Bankr. S.D.N.Y. 1999). A seller is entitled to a return of goods sold, although Section 546(c) allows the Court to deny reclamation only if it grants the seller an administrative expense claim or a lien.

25.    To establish a valid reclamation claim, Speedline must prove the following four elements: (1) that it has a statutory or common law right to reclaim the goods; (2) that the goods were sold in the ordinary course of the seller's business; (3) that the debtor was insolvent at the time the goods were received; and (4) that it made a written demand for reclamation within the statutory time limit after the debtor received the goods. See In re Dairy Mart, 302 B.R. at 133 (citing In re Victory Markets Inc., 212 B.R. 738, 741 (Bankr. N.D.N.Y. 1997)); In re Child World, Inc., 145 B.R. 5, 7 (Bankr. S.D.N.Y. 1992).

#### A. Speedline Has a Statutory Right to Reclaim the Equipment pursuant to Uniform Commercial Code § 2-702

26.    Uniform Commercial Code ("U.C.C.") § 2-702, typically forms the statutory right upon which sellers base their reclamation demand. See In re Dairy Mart, 302 B.R. at 133; In re Arlco, 239 B.R. at 267 (citations omitted). As such, the reclaiming seller must establish the requirements of the relevant U.C.C. section and remains subject to its limitations. Id.

27.    U.C.C. § 2-702 provides in relevant part:

>     (2)   If the seller discovers that the buyer has received goods on credit while insolvent, the seller may reclaim the goods upon demand made within a reasonable time after the buyer's receipt of the goods. Except as provided in this subsection, the seller may not base a right to reclaim goods on the buyer's fraudulent or innocent misrepresentation of solvency or of intent to pay.
>     (3)   The seller's right to reclaim under subsection (2) is subject to the rights of a buyer in ordinary course of business or other good-faith purchaser for value under Section 2-403. Successful reclamation of goods excludes all other remedies with respect to them.

See U.C.C. § 2-702.

28.   Here, U.C.C. § 2-702 is in effect in New York, Massachusetts and Indiana, the States relevant to the issues before this Court.[2] As required by this section, Speedline sold the Equipment to Delphi on credit and discovered Delphi's insolvency as a result of the commencement of these bankruptcy cases. See ¶ 19, *supra*. Consequently, Speedline possesses a statutory right to reclamation. See In re Diversified Food Service Distributors, Inc., 130 B.R. 427, 430 (Bankr. S.D.N.Y. 1991).

29.   This right, however, is "subject to" certain limitations. Specifically, pursuant to U.C.C. § 2-702(3), the seller's right to reclamation is subject to the rights of a good faith purchaser from the buyer, which some courts hold includes secured creditors with floating liens. See In re Dairy Mart, 302 B.R. at 133-34 (citing Arlco, Inc., 239 B.R. at 267). The existence of a perfected secured creditor will adversely impact the rights of a reclaiming seller only when the debtor's assets are insufficient to satisfy the secured creditor and the reclaiming seller. Arlco,

---

[2]   New York is cited due to the location of the Court; Massachusetts is the location and headquarters of Speedline; and Indiana is the location where the Equipment was shipped and delivered to Debtors. Both New York and Indiana have deleted the reference to "lien creditor" in their equivalent sections to U.C.C. § 2-702, however Massachusetts has not. Despite this, as noted by this Court in In re Arlco, the fact that Massachusetts has declined to delete the reference to "lien creditor" does not impact the Court's determination of who qualifies as a good faith purchaser. 239 B.R. at 270 n.6. Consequently, Speedline submits that for purposes of the Motion, each of these States have adopted a Uniform Commercial Code substantially similar to the Model Uniform Commercial Code and for the Court's convenience, Speedline will reference the Model Uniform Commercial Code section rather than any particular state numbering system.

239 B.R. at 273; accord In re Dairy Mart, 302 B.R. at 134 (citing Victory Markets, 212 B.R. at 744).

30. Since the secured creditors in this case are comfortably over-secured, see ¶¶ 20-22, *supra*, their rights do not impinge on Speedline's reclamation rights.

31. Based on the foregoing, Speedline is entitled to reclaim the Equipment under U.C.C. § 2-702.[3]

**B.    The Equipment was Sold in the Ordinary Course of Speedline's Business**

32. Speedline manufactures and sells the Equipment in its ordinary course of business. See ¶ 12 and Annex A hereto.

**C.    Delphi was Insolvent at the Time the Equipment was Received**

33. Under Section 546(c), the debtor must have received the goods when it was insolvent. "Bankruptcy Code § 546(c) limits the definition of insolvency to that found in 11 U.S.C. § 101(31)." In re Arlco, 239 B.R. at 266 (Bankr. S.D.N.Y. 1999) (citing In re Video King of Illinois, Inc., 100 B.R. 1008, 1013 (Bankr. N.D. Ill. 1989)). Accordingly, debtors are insolvent for purposes of 546(c) if their liabilities exceed their assets at a fair valuation. See id.; see also 5 Collier on Bankruptcy (15th rev. ed.), § 546.04[2][a][ii], at 546-32 (citing 11 U.S.C. § 101).

34. Here, it is clear that Debtors were insolvent when the Equipment was received. See ¶¶ 17-19, *supra*.

---

[3]    Further, the Court noted in In re Arlco, that two additional elements exist under this requirement. First, the goods must be identifiable and cannot have been processed into other products. See In re Arlco, 239 B.R. at 266-67. Here, this element is easily satisfied in that the Equipment remains identifiable. It is the nature of the Equipment that it is used in the manufacturing process; it is not raw material that is incorporated into a final product. Second, "'the debtor must possess the goods when the reclamation demand is made.'" See id. (citations omitted). Again, as evidenced by Speedline's Reclamation Demand and the exhibits attached thereto, Debtor was in possession of the Equipment when the Reclamation Demand was made. Further, the Debtors continue to use the Equipment in the ordinary course of business as they rejected Speedline's request for the return of the Equipment in lieu of payment thereof.

### D. Speedline Made a Written Demand for Reclamation within the Statutory Time Limit after Delphi Received the Equipment

35.     Section 546(c)(1) provides the statutory time limit for which a reclamation demand may be made upon the debtor after it received the goods. Section 546(c)(1) provides in relevant part:

> (1) such seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods –
>
> (A) before 10 days after receipt of such goods by the debtor; or
>
> (B) if such 10-day period expires after the commencement of the case, before 20 days after receipt of such goods by the debtor.

See 11 U.S.C. § 546(c)(1).[4] Furthermore, these time limits were fixed by this Court in the Reclamation Order. See Reclamation Order, ¶ 2(a)(i).

36.     Since the Equipment was received by Delphi on October 5, 2005, as a result of the filing on October 8, 2005 the reclamation time period was extended to October 25, 2005. Speedline's reclamation demand was filed with the Court on October 19, 2005 and received by Delphi's counsel on October 20, 2005.

### E. Conclusion

37.     Based on all of the foregoing, Speedline is entitled to reclaim the Equipment. The Court may deny Speedline's reclamation right only if it grants Speedline an administrative expense claim or lien. See § 546(c)(2). To the extent that the Court inclines to grant Speedline a lien, Speedline demands adequate protection payments under Section 363(e) of the Bankruptcy Code, for any diminution in the value of the Equipment as a result of its use by Delphi in its

---

[4] Since Delphi commenced these cases prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Speedline addresses the Bankruptcy Code as in effect prior to the 2005 amendments.

manufacturing process.[5] To the extent the Court is inclined to grant Speedline an administrative expense claim, Speedline requests the Court to direct Delphi to immediately pay such claim in the normal course of business as it satisfies other operating expenses, as addressed below.

### II.    Speedline is Entitled to Immediate Payment

38.    It is an accepted principal that ordinary course of business administrative expenses are generally paid when due. See 4 Collier on Bankruptcy, ¶ 503.03[4] at 503-18 (15th rev. ed.). Many courts have deemed it the norm to order interim payment of administrative expenses. See In re Isis Foods, Inc., 27 B.R. 156, 157-58 (W.D. Miss. 1982); In re Standard Furniture Co., 3 B.R. 527, 532 (Bankr. C. D. Cal. 1980).

39.    An administrative expense priority claim in accordance with Section 546(c)(2)(A) "grants the claim of such a seller priority as a claim specified in Section 503" of the Bankruptcy Code. See In re Diversified Food Serv. Distribs., 130 B.R. at 430 (citing 11 U.S.C. § 546(c)(2)(A); In re Roberts Hardware Co., 103 B.R. 396, 399 (Bankr. N.D.N.Y. 1988); In re AIC Photo, Inc., 57 B.R. 56, 60 (Bankr. E.D.N.Y. 1985)). Further, an administrative expense claim under Section 503(b) is accorded a first priority status pursuant to 11 U.S.C. § 507(a)(1). In re Diversified Food Serv. Distribs., 130 B.R. at 430.

40.    This Court clearly possesses the discretion to require the Debtors to make immediate payment of Speedline's administrative expense priority claim. In re Barron, 73 B.R. 812, 814 (Bankr. S.D. Cal. 1987) (it is well established that bankruptcy court has wide discretion to allow payment of administrative expenses); see also In re Verco Indus., 20 B.R. 664, 664-65 (9th Cir. B.A.P. 1982) (holding that determination of when administrative expense should be paid is within discretion of trial court); In re Misty Tough, Inc., 31 B.R. 853, 857 (S.D.N.Y. 1983)

---

[5]    Since Delphi has never expressed a willingness to offer Speedline a lien, we do not address this issue at length. To the extent Delphi is willing to do so, Speedline will be ready to present evidence as to the appropriate amount of adequate protection payments required under the circumstances.

- 10 -

241814_3

(holding that nothing in section 1129(a)(9)(A) precludes bankruptcy court from ordering payment of administrative expenses earlier than through plan, and timing of payment is within discretion of court); Isis Foods, 27 B.R. at 157-58 (W.D. Mo. 1982) (noting that placing timing of payment of administrative claims within discretion of Bankruptcy Court is consistent with tenet of bankruptcy law encouraging rehabilitation of chapter 11 debtor, because "[t]o hold otherwise would be to permit the entity to victimize those who attempt to fulfill the purpose of rehabilitation by doing business with a Chapter 11 debtor").

41.   Furthermore, immediate payment of the administrative expense priority claim is contemplated by the Reclamation Order, which provides:

> (ii)   All Allowed Reclamation Claims for which the Debtors choose not to make the Goods available for pick-up shall, subject to the review procedures with the Creditors' Committee set forth below, be paid in full as an administrative expense <u>at any time during these chapter 11 cases</u> in the sole discretion of the Debtors or pursuant to a confirmed plan of reorganization, in either case only if and to the extent that such allowed reclamation claims constitute administrative expenses under applicable law.

See Reclamation Order, ¶ 2(d)(ii) (emphasis added). The order further provides that "[n]othing herein shall preclude the holder of an Allowed Reclamation Claim from seeking payment of such claim in a manner other than that set forth in this Order." See Reclamation Order, ¶ 10.

42.   Speedline provided the Equipment to the Debtors and Debtors have received and post petition are receiving the benefits of the Equipment as they continue to use the Equipment in the ordinary course of their businesses. Speedline advised the Debtors that it is willing to negotiate payment terms; Delphi refused to negotiate. Speedline requested that the Equipment be returned; Delphi refused the request. Ten months is long enough; it is time for Speedline to get paid like all other creditors who are providing and have provided post petition benefits to Delphi.

### Notice of Motion

43.     Notice of this Motion has been given to the parties on Master Service List as defined in the case management orders entered into in this case.

### Memorandum of Law

44.     Because the legal points and authorities supporting the relief requested are contained herein, Speeedline respectfully requests that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) be waived or deemed satisfied.

**WHEREFORE**, Speedline respectfully requests that this Court (i) grant Speedline its right to reclaim the Equipment and direct Delphi to allow Speedline to remove the Equipment, or in the alternative, (ii) grant Speedline an administrative expense priority claim in lieu of its reclamation claim in the amount of $189,005 and direct Delphi to immediately pay said amount to Speedline, or, in the alternative (iii) grant Speedline a lien and order Delphi to make monthly adequate protection payments to Speedline; and (iv) grant Speedline such other and further relief as is just and proper.

Dated:  New York, New York
        July 25, 2006

                                        EDWARDS ANGELL PALMER & DODGE LLP


                                        _____/s/ Shmuel Vasser_____
                                        Shmuel Vasser (SV 7400)
                                        750 Lexington Avenue, 8th Floor
                                        New York, NY  10022
                                        (212) 308-4411

                                        Counsel to Speedline Technologies, Inc.