**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
　　　　mitchell.seider@lw.com
　　　　mark.broude@lw.com

Counsel for The Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Delphi Corporation, et al., ) | Case No. 05-44481 (RDD) |
| ) | |
| 　　　　　　　Debtors. ) | |
| ) | Jointly Administered |
| ) | |

**EX PARTE MOTION FOR AN ORDER AUTHORIZING THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS TO FILE UNDER SEAL
EXHIBITS TO THE COMMITTEE'S MOTION FOR AN ORDER
AUTHORIZING IT TO PROSECUTE THE DEBTORS' CLAIMS AND
DEFENSES AGAINST GENERAL MOTORS CORPORATION AND
CERTAIN FORMER OFFICERS OF THE DEBTORS**

　　　　The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Delphi Corporation ("Delphi") and certain of its affiliates (collectively, the "Debtors"), by and through its undersigned counsel, will file a Motion for an Order Authorizing the Committee to Prosecute the Debtors' Claims and Defenses Against General Motors Corporation and Certain Former Officers of the Debtors (the "Motion for Authority"). In connection with the Motion for Authority, the Committee hereby moves this Court ex parte (the "Motion") for entry of an order authorizing it to file under seal a demand letter and a draft

NY\1149501.8

complaint attached as exhibits to the Motion for Authority. In support of this Motion, the Committee respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are section 107 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. In the Motion for Authority, the Committee will be seeking authority in its discretion to file, serve and prosecute on behalf of the Debtors' estates certain claims against General Motors Corporation ("GM") and certain former officers of the Debtors (collectively, the "Defendants") and certain defenses that the estates may have to claims asserted by the Defendants (collectively, the "Claims and Defenses"), as well as all other rights and remedies of the estates against the Defendants arising from or related to the Claims and Defenses. In support of the Motion for Authority, the Committee will attach the following two documents to the motion as exhibits: (a) a letter (the "Demand Letter") the Committee sent to the Debtors on May 11, 2006, describing and formally requesting that the Debtors pursue certain affirmative Claims and Defenses against GM or consent to the Committee's pursuit of them on their behalf and (b) a draft complaint (the "Complaint") setting forth the affirmative Claims and Defenses against GM described in the Demand Letter, as well as additional affirmative Claims and Defenses against certain of the Debtors' former officers.

NY\1149501.8

4.      As the Motion for Authority shall make clear, the purpose of the requested authority is not actually to file the Complaint at this time.  Rather, the purpose of the relief requested is to ensure that the Committee, on behalf of all of the Debtors' unsecured creditors, has a seat at the table in the negotiations that are currently taking place between the Debtors and GM with respect to GM's contributions to, and claims in respect of, the Debtors' "transformation."  Having this seat is essential to accomplish what both the Committee and GM have stated to be their preferred outcome of those negotiations – a global settlement among GM, the Debtors and the Committee.  This goal is apparently not shared by the Debtors, who have to date been excluding the Committee from all negotiations with GM, while reaching piecemeal agreements with GM under which the Debtors have been agreeing to allow certain GM claims and to waive defenses to other GM claims.  The current path down which the Debtors are taking the negotiations with GM will almost certainly lead to a protracted and potentially damaging litigation with the Committee; on the other hand, if the Committee is granted the relief requested in the Motion for Authority and is given a seat at the table, the Committee firmly believes that the result will be accelerated negotiations with a substantially greater opportunity for a mutually acceptable result.

5.      In researching and preparing the Complaint, the Committee used, and the Complaint and Demand Letter contain, information produced by the Debtors relating to ongoing investigations of the Debtors, including investigations by the Securities and Exchange Commission.  That information is confidential and was provided to the Committee pursuant to the terms of a Joint Interest Agreement between the Debtors and the Committee that was previously approved by this Court (the "Debtors' Confidential Information").  Furthermore, the Demand Letter and the Complaint reflect the results of research conducted by the Committee's professionals.  This research is both based on the Debtors' Confidential Information as well as

NY\1149501.8

reflective of the Committee's own confidential investigations and analyses (the "Committee's Confidential Information" and, together with the Debtors' Confidential Information, collectively the "Confidential Information"). If the Confidential Information were made public, it could harm both the Debtors and the Committee. Additionally, making all of the allegations and claims asserted in the Complaint public could well have a damaging effect on the negotiations with GM that the Motion for Authority is in fact intended to foster. To protect the Confidential Information, the Committee is seeking the relief requested herein.

## RELIEF REQUESTED

6. By this Motion, the Committee seeks entry of an order authorizing it to file under seal the Demand Letter and the Complaint. The Committee requests that this Court, pursuant to Rule 9018 of the Bankruptcy Rules,[1] grant this relief without the need for a hearing under section 102(1)(B) of the Bankruptcy Code so that the Committee may file the Demand Letter and the Complaint under seal as soon as possible.[2]

7. In addition, upon entry of an order approving the Motion, the Committee proposes to provide the Motion for Authority with copies of the Demand Letter and Complaint attached as exhibits to (a) this Court, (b) the United States Trustee for the Southern District of New York (the "U.S. Trustee"), (c) counsel to the Debtors and (d) such other parties as ordered by this Court (collectively, the "Authorized Parties").

---

[1] Rule 9018 of the Bankruptcy Rules provides that a motion to protect confidential information may be made "with or without notice." Fed. R. Bankr. P. 9018.

[2] Pursuant to this Court's Case Management Order, as amended or supplemented, in order for the Motion for Authority to be heard at the August 17, 2006 hearing, the Committee must file the motion by July 28, 2006. As such, in the event this Court has not ruled on this Motion by July 28, the Committee will file and serve the Motion for Authority without the Demand Letter or the Complaint attached as exhibits thereto, and will supplement the Motion for Authority as appropriate once the Court has ruled on this Motion.

NY\1149501.8

**BASIS FOR RELIEF**

8. Section 107 of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. Section 107(b)(1) of the Bankruptcy Code specifically provides as follows:

> On request of a party in interest, the bankruptcy court shall . . .
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1). Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under the section 107(b)(1) of the Bankruptcy Code, and provides that "*[o]n motion*, or on its own initiative, with or *without notice*, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018 (emphasis added).

9. The Second Circuit has held that section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules do "not require that commercial information be the equivalent of a trade secret before protecting such information." Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994). Indeed, this Court has stated that it "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b)." In re Global Crossing Ltd., 295 B.R. 720, 723 (Bankr. S.D.N.Y. 2003). In addition, the Second Circuit has held that a party seeking the sealing of information is only required to show that the information is confidential and commercial, and no showing of "good cause" is necessary. See, e.g., Video Software, 21 F.3d at 28; see also In re Adelphia Communications Corp., Case No. 02-41729 (REG) (S.D.N.Y.

June 25, 2002) (holding that fee information could be filed under seal because it constituted confidential commercial information, the disclosure of which would be disadvantageous and harmful to debtors and to bank group).  Thus, a bankruptcy court may enter a seal order under the broad confidentiality protections in bankruptcy proceedings where necessary to protect confidential information.  Id.; see also Global Crossing, 295 B.R. at 725 (The "whole point of [Bankruptcy Rule 9018] is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.").

10.  In this case, the Confidential Information set forth in the Demand Letter and the Complaint is precisely the sort of information that ought to be filed under seal pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules because it is comprised of both (a) confidential information concerning investigations by governmental authorities into the past conduct of the Debtors and (b) confidential investigations and analyses conducted by the Committee's professionals.  If the Confidential Information were disclosed to the public, the Debtors and the Committee could be harmed.  Finally, publicly disclosing the Committee's allegations and claims against GM could have the unintended consequence of damaging, rather than fostering, negotiations over a global resolution of those claims.

11.  The Committee has contacted the Debtors with respect to the relief being sought hereby and the Debtors support this Motion (though that does not imply consent to the relief sought in the Motion for Authority).

12.  Accordingly, the Committee respectfully requests that this Court grant the Motion. The relief requested herein is the least intrusive means of achieving the goal of protecting the integrity of the judicial process, protecting the Confidential Information, and fostering the creation of a full and fair record for this Court's adjudication of disputes.

## WAIVER OF MEMORANDUM OF LAW

13.     In accordance with Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, no separate memorandum of law is necessary as all authorities relied on in support of this Motion are set forth herein.

## NOTICE

14.     Notice of the Motion is being provided in accordance with this Court's Case Management Order, as amended or supplemented, and the Committee submits that no other or further notice is necessary.  Rule 9018 of the Bankruptcy Rules provides that the Motion may be made "with or without notice" and the Committee has requested that this Court grant the Motion without the need for a hearing under section 102(1)(B) of the Bankruptcy Code so that the Committee may file the Demand Letter and the Complaint under seal as soon as possible.  No previous motion for the relief requested herein has been made to this or any other court.

## **CONCLUSION**

**WHEREFORE**, the Committee respectfully requests that this Court (a) enter an order, substantially in the form annexed hereto as Exhibit A, authorizing it to file under seal the Demand Letter and the Complaint and (b) grant such other relief as is just and proper.

Dated: July 27, 2006
      New York, New York

                       **LATHAM & WATKINS LLP**

                       By: /s/ Mark A. Broude
                           Robert J. Rosenberg (RR-9585)
                           Mitchell A. Seider (MS-4321)
                           Mark A. Broude (MB-1902)
                           885 Third Avenue, Suite 1000
                           New York, New York 10022
                           Telephone: (212) 906-1200

                           Attorneys for the Official Committee
                           of Unsecured Creditors