KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
Edward M. Fox, Esq. (EF1619)
599 Lexington Avenue
New York, New York 10022
Telephone (212) 536-3900

Attorneys for Wilmington Trust Company,
as Indenture Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                          :          Chapter 11
                                                :          Case No. 05-44481 (RDD)
DELPHI CORPORATON, *et al*.,        :          (Jointly Administered)
                                                :
        Debtors.                            :
--------------------------------------------------------X

**DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL
AND STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL
BY WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE**

Wilmington Trust Company ("WTC"), in its capacity as indenture trustee with

respect to the senior notes and debentures in the aggregate principal amount of $2 billion issued

by Delphi Corporation, hereby designates the following items for inclusion in the record on its

appeal of the Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving (I)

Supplement to UAW Special Attrition Program, and (II) IUE-CWA Special Attrition Program,

which was entered on July 7, 2006 (Docket No. 4461):

1.       Motion for Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004

Approving (I) Supplement to UAW Special Attrition Program, and (II) IUE-CWA Special

Attrition Program (Docket No. 4269).

2.       Order Shortening Notice Period and Establishing Objection Deadline and

Hearing Date on Debtors' Motion for Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P.

NY-327033 v1

6004 Approving (I) Supplement to UAW Special Attrition Program, and (II) IUE-CWA Special

Attrition Program (Docket No. 4281).

       3.      Preliminary Objection of the Ad Hoc Equity Committee to the Debtors'

Motion for Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving (I)

Supplement to UAW Special Attrition Program, and (II) IUE-CWA Special Attrition Program

(Docket No. 4292).

       4.      Preliminary Objection of Wilmington Trust Company, as Indenture

Trustee, to Motion for Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving

(I) Supplement to UAW Special Attrition Program, and (II) IUE-CWA Special Attrition Program

(Docket No. 4343).

       5.      Response of IUE-CWA in Support of Debtors' Motion for Approval of the

IUE-CWA Special Attrition Program (Docket No. 4364).

       6.      Statement of UAW in Support of Debtors' Motion for Approval of Hourly

Attrition Programs (Docket No. 4367).

       7.      Limited Objection of the Official Committee of Equity Security Holders in

Opposition to Debtors' Motion for Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004

Approving (I) Supplement to UAW Special Attrition Program, and (II) IUE-CWA Special

Attrition Program (Docket No. 4369).

       8.      Limited Objection of the Official Committee of Unsecured Creditors to

Motion for Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving (I)

Supplement to UAW Special Attrition Program, and (II) IUE-CWA Special Attrition Program

(Docket No. 4378).

9.      Supplemental Limited Objection of the Ad Hoc Equity Committee to the

Debtors' Motion for Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving (I)

Supplement to UAW Special Attrition Program, and (II) IUE-CWA Special Attrition Program

(Docket No. 4381).

10.     Limited Objection of Wilmington Trust Company, as Indenture Trustee, to

Motion for Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving (I)

Supplement to UAW Special Attrition Program, and (II) IUE-CWA Special Attrition Program

(Docket No. 4390) (filed under seal).

11.     Declaration of Kevin M. Butler in Support of Debtors' Motion for Order

Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving (I) Supplement to UAW

Special Attrition Program, and (II) IUE-CWA Special Attrition Program (Docket No. 4393).

12.     Declaration of David L. Resnick in Support of Debtors' Motion for Order

Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving (I) Supplement to UAW

Special Attrition Program, and (II) IUE-CWA Special Attrition Program (Docket No. 4395).

13.     Declaration of John D. Sheehan in Support of Debtors' Motion for Order

Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving (I) Supplement to UAW

Special Attrition Program, and (II) IUE-CWA Special Attrition Program (Docket No. 4396).

14.     Debtors' Omnibus Reply to Objections to Motion for Order Under 11

U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving (I) Supplement to UAW Special Attrition

Program, and (II) IUE-CWA Special Attrition Program (Docket No. 4398).

15.     Order Under 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 Approving (I)

Supplement to UAW Special Attrition Program, and (II) IUE-CWA Special Attrition Program

(Docket No. 4461).

3

16.     Transcript of June 29, 2006 Hearing.

17.     UAW-GM-Delphi Special Attrition Program (Trial Exhibit No. 1).

18.     Supplement to UAW-GM-Delphi Special Attrition Program (Trial Exhibit No. 2).

19.     IUE-CWA-GM-Delphi Special Attrition Program Agreement (Trial Exhibit No. 3).

20.     Agreement between Delphi Corporation and the UAW (Trial Exhibit No. 4).

21.     Agreement between Delphi Corporation and the IUE-CWA (Trial Exhibit No. 5).

22.     Master Separation Agreement (Trial Exhibit No. 6).

23.     U.S. Employee Matters Agreement (Trial Exhibit No. 7).

24.     UAW-GM-Delphi Memorandum of Understanding – Benefit Plan Treatment (Trial Exhibit No. 8).

25.     UAW-GM-Delphi Flowback Agreements (Trial Exhibit No. 9).

26.     Agreement dated December 22, 1999 between Delphi Automotive Systems Corporation and General Motors Corporation (Trial Exhibit No. 10).

27.     GM-UAW Benefit Guarantee (Trial Exhibit No. 11).

28.     GM-IUE Benefit Guarantee (Trial Exhibit No. 12).

29.     Letter dated September 29, 1999 from Ralph Handley to Richard Shoemaker (Trial Exhibit No. 13).

30.     March 13, 2006 Presentation to the Official Committee of Unsecured Creditors (Trial Exhibit No. 14).

31.     March 14, 2006 Presentation to the Delphi Board of Directors (Trial

Exhibit 15).

32.     March 30, 2006 Presentation to the Official Committee of Unsecured

Creditors (Trials Exhibits No. 16-19).

33.     May 3, 2006 Presentation to the Official Committee of Unsecured

Creditors (Trial Exhibits No. 20-23).

34.     June 8, 2006 Presentation to the Official Committee of Unsecured

Creditors (Trial Exhibits No. 24-27).

35.     OPEB Chart (Trial Exhibit No. 39).

36.     Non-Retirement Hourly Severance Chart (Trial Exhibit No. 40).

37.     Designated excerpts of the transcript of the June 26-27, 2006 Deposition

of Kevin M. Butler (Trial Exhibit No. 41).

38.     Designated excerpts of the transcript of the June 28, 2006 Deposition of

David Resnick (Trial Exhibit No. 43).

39.     Designated excerpts of the transcript of the June 26, 2006 Deposition of

David Resnick (Trial Exhibit No. 44).

40.     Attrition Program Estimates (Trial Exhibit No. 45).

41.     OPEB Liability Charts (Trial Exhibit No. 46).

42.     Average Demographics Chart (Trial Exhibit No. 47).

43.     Corporate Organizational Charts (Trial Exhibit No. 48).

44.     Designated excerpts of the transcript of the April 7, 2006 hearing (Trial

Exhibit No. 49).

45.     Designated excerpts of the transcript of the May 10, 2006 hearing (Trial

Exhibit No. 50).

46.     Debtors' Employee Information chart (Trial Exhibit No. 51).

47.     Employee Leasing Agreement dated January 1, 2001, between Delphi

Automotive Systems LLC and Delco Electronics Corporation and Delphi Automotive Systems

Services LLC (Trial Exhibit No. 52).

48.     Employee Leasing Agreement dated January 1, 2001, between Delphi

Automotive Systems LLC and Delphi Automotive Systems Human Resources LLC (Trial

Exhibit No. 53).

49.     Designated excerpts of the transcript of the May 24, 2006 hearing (Trial

Exhibit No. 54).

50.     Designated excerpts of the transcript of the June 15, 2006 deposition of

John Sheehan (Trial Exhibit No. 55).

51.     High Yield Weekly Article dated June 28, 2006 (Trial Exhibit No. 56).

52.     Notice of Appeal (Docket No. 4572)

53.     Affidavit of Service (Docket No. 4643).

**STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL**

The following issues will be presented on this appeal:

1.     Whether, absent a showing that the Supplement to the UAW Special

Attrition Program and the IUE-CWA Special Attrition Program (collectively, the "Attrition

Agreements") are in the best interests of Delphi Corporation ("Delphi"), as opposed to its debtor

subsidiaries (the "Operating Subsidiaries"), the Bankruptcy Court erred by authorizing Delphi,

which has no equity in its interest in the Operating Subsidiaries due to their insolvency, to enter

into the Attrition Agreements even though all of the costs of the Attrition Agreements will be borne by Delphi, while all of the benefits of the Attrition Agreement, including reduced labor, pension and employee benefit costs, will be enjoyed by the Operating Subsidiaries which actually employ, and utilize the services of, the unionized workers eligible to participate in the Attrition Programs.

2.      Whether the Bankruptcy Court erred by concluding that a good business reason existed for Delphi to incur substantial costs and claims in order to provide a benefit to its insolvent Operating Subsidiaries because the Operating Subsidiaries were only "somewhat insolvent" rather than "woefully insolvent."

3.      Whether the Bankruptcy Court erred by approving the creation of an allowed pre-petition claim in favor of General Motors ("GM") and against Delphi under the Master Separation Agreement (the "MSA") between GM and Delphi where, but for the provisions of the Attrition Agreements, the MSA would not permit the assertion of such a claim.

4.      Whether the Bankruptcy Court erred by authorizing Delphi to enter into the Attrition Agreements without first quantifying the alleged benefits and costs to Delphi, as opposed to its Operating Subsidiaries, of the terms of the Attrition Agreements and determining that, based on admissible evidence in the record, the quantified benefits to Delphi, as opposed to its Operating Subsidiaries, are likely to exceed the quantified costs to Delphi.

5.      Whether the Bankruptcy Court erred by applying an incorrect legal standard to Delphi's request to enter into the Attrition Agreements.

6.      Whether the Bankruptcy Court erred by concluding that Delphi (as opposed to its Operating Subsidiaries) had demonstrated a good business reason for entering into the Attrition Agreements.

7.      Whether the Bankruptcy Court erred by concluding that Delphi (as

opposed to its Operating Subsidiaries) had established that the Attrition Agreements represented

a reasonable settlement of potential litigation with GM, absent a motion under Fed. R. Bankr. P.

9019 or any showing thereunder.


Dated:  New York, New York
        July 27, 2006

                                KIRKPATRICK & LOCKHART
                                NICHOLSON GRAHAM LLP

                                By:    /s/ Edward M. Fox
                                    Edward M. Fox (EF1619)
                                    A Member of the Firm
                                Attorneys for Wilmington Trust Company,
                                as Indenture Trustee
                                599 Lexington Avenue
                                New York, New York  10022
                                (212) 536-3900