UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :

    In re                                     :        Chapter 11
                                                      :
DELPHI CORPORATION, et al.,        :        Case No. 05-44481 (RDD)
                                                       :
                        Debtors.     :        (Jointly Administered)
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 365 AND FED. R. BANKR. P. 6006
AUTHORIZING (I) REJECTION OF REMAINING
EXECUTORY CONTRACTS OF MOBILEARIA, INC. AND
(II) ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACT WITH DPAC TECHNOLOGIES CORP.

("MOBILEARIA CONTRACTS ORDER")

Upon the motion, dated July 28, 2006 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. § 365 and Fed. R. Bankr. P. 6006 authorizing MobileAria, Inc. ("MobileAria") to (i) reject the executory contracts listed on Exhibit A hereto (collectively, the "Remaining Agreements") effective as of August 17, 2006 and (ii) (a) assume that certain Agreement For Software Development, dated April 20, 2005, between DPAC Technologies Corp. ("DPAC") and MobileAria (the "DPAC Agreement") and (b) assign such agreement to Wireless Matrix USA, Inc. ("Wireless Matrix"); and upon the record of the hearing held on the Motion; and after due deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:

A.     The Debtors have exercised reasonable business judgment in seeking authorization to reject the Remaining Agreements.

B.     The Debtors have exercised reasonable business judgment in seeking authorization to assume the DPAC Agreement and to assign the DPAC Agreement to Wireless Matrix.

C.     MobileAria has (i) cured, or has provided adequate assurance of cure, of any monetary or non-monetary default existing prior to the date of this Order under the DPAC Agreement, within the meaning of 11 U.S.C. § 365(b)(1)(A), by the payment of the sum of $25,000.00 to DPAC, and (ii) provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under the DPAC Agreement, within the meaning of 11 U.S.C. § 365(b)(1)(B) ("Cure").

D.     Wireless Matrix has provided adequate assurance of its future performance of and under the DPAC Agreement, within the meaning of 11 U.S.C. §§ 365(b)(1)(C) and 365(f)(2)(B).

E.     The DPAC Agreement shall be assigned and transferred to and remain in full force and effect for the benefit of Wireless Matrix notwithstanding any provision in DPAC Agreement or other restrictions prohibiting its assignment or transfer, pursuant to 11 U.S.C. § 365(f).

F.     The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

        G.      The notice given by the Debtors of the Motion and the hearing thereon constitutes due and sufficient notice thereof.

        H.      Good and sufficient cause has been shown for the entry of this Order.

        THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

        1.      The Motion is GRANTED.

        2.      Effective as of August 17, 2006, each of the Remaining Agreements shall be rejected by MobileAria pursuant to section 365(a) of the Bankruptcy Code.

        3.      Any person (as defined in section 101(41) of the Bankruptcy Code) or governmental unit asserting any claim arising from the rejection of any of the Remaining Agreements shall be required to file a proof of claim on account of such claim against MobileAria, or any of the other Debtors against which such person or governmental unit asserts such claim, on or before September 18, 2006.  Any such proofs of claim must be filed in accordance with the provisions of the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof dated April 12, 2006 (Docket No. 3206).

        4.      Effective as of August 17, 2006, the DPAC Agreement shall be assumed by MobileAria and assigned by MobileAria to Wireless Matrix pursuant to section 365 of the Bankruptcy Code, and the requirements of 11 U.S.C. §§ 365(b)(1) and 365(f) with respect thereto are hereby deemed satisfied.

5.      The DPAC Agreement shall be transferred to, and remain in full force and effect for the benefit of, Wireless Matrix in accordance with its terms, notwithstanding any provision in such DPAC Agreement (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to 11 U.S.C. § 365(k), MobileAria shall be relieved from any further liability with respect to the DPAC Agreement after such assignment to and assumption by Wireless Matrix, except for the cure of any defaults required to be cured by MobileAria pursuant to 11 U.S.C. § 365(b) as expressly provided herein.

6.      All monetary or non-monetary defaults or other obligations of MobileAria under the DPAC Agreement arising or accruing prior to the date hereof (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be cured by MobileAria as soon thereafter as practicable by the payment of Cure, and Wireless Matrix shall have no liability or obligation with respect to any liens, claims, interests, and encumbrances of any type whatsoever arising from the DPAC Agreement that arose or accrued prior to the date hereof (including, without limitation, Cure), except as otherwise expressly provided in that certain Amended and Restated Asset Sale and Purchase Agreement dated as of July 20, 2006 by and between Wireless Matrix and MobileAria.  DPAC is deemed to have consented to the assumption and assignment of the DPAC Agreement to Wireless Matrix and is forever barred from asserting any default existing as of the date hereof or any purported written or oral modification to the DPAC Agreement.

7.  DPAC hereby is forever barred, estopped, and permanently enjoined from (a) asserting against MobileAria or Wireless Matrix, or the property of either of them, any default existing, arising, or accruing on or before the date hereof, (b) asserting against Wireless Matrix any counterclaim, defense, setoff, or any other lien, claim, interest, or encumbrance of any type whatsoever asserted or assertable against MobileAria, and (c) imposing or charging against Wireless Matrix any rent accelerations, assignment fees, increases, or any other fees as a result of MobileAria's assumption and assignment to Wireless Matrix of the DPAC Agreement.  The validity of the assumption and assignment of the DPAC Agreement shall not be affected by any dispute between MobileAria or any of its affiliates and DPAC.

8.  The failure of MoblieAria or Wireless Matrix to enforce at any time one or more terms or conditions of the DPAC Agreement shall not be a waiver of such terms or conditions, or of MobileAria's and Wireless Matrix's rights to enforce every term and condition of the DPAC Agreement.

9.  Notwithstanding any provision of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, or the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon entry.

10.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

5

11. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
         August __, 2006

                                               _____
                                               UNITED STATES BANKRUPTCY JUDGE