UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :

      In re                        :       Chapter 11

                                      :

DELPHI CORPORATION, et al.,      :       Case No. 05-44481 (RDD)

                                      :

                      Debtors.      :       (Jointly Administered)

                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER APPROVING JOINT INTEREST AGREEMENT BETWEEN DEBTORS
AND OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
AND IMPLEMENTING PROTECTIVE ORDER WITH RESPECT THERETO

("EQUITY COMMITTEE JOINT INTEREST AGREEMENT ORDER")

                Upon the motion, dated July 28, 2006 (the "Motion"), of Delphi Corporation and

certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned

cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 105, 107, and

1103 and Bankruptcy Rules 7026 and 9018, approving the Joint Interest Agreement, attached

hereto as Exhibit A, between the Debtors and the Official Committee of Equity Security Holders

(the "Equity Committee"), and preserving for the benefit of the Debtors' estates certain

protections and privileges from disclosure of information and documents produced pursuant to

the Joint Interest Agreement; and upon the record of the hearing held on the Motion; and this

Court having determined that the relief requested in the Motion is in the best interests of the

Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper

and adequate notice of the Motion has been given and that no other or further notice is necessary;

and after due deliberation thereon, and sufficient cause appearing therefor,

        IT IS HEREBY FOUND AND DETERMINED THAT:

A.     The Debtors and the Equity Committee are separate fiduciaries of these estates with distinct fiduciary duties that share a common interest with respect to the subject matter of the Information (as defined herein).  In addition this Court, as well as the Debtors and the Equity Committee, has an interest in ensuring that its orders are implemented appropriately. To carry out their respective fiduciary duties efficiently and effectively in general, the Debtors and the Equity Committee must be able to share confidential information within the subject matter of the Information free from the risk that any of them would be required later to divulge such information to third parties.

B.     Given the common interest of the Debtors and the Equity Committee with respect to the Information, the sharing of the confidential Information between the Debtors and the Equity Committee shall not prejudice any rights, remedies, or causes of action of the Debtors or the Equity Committee applicable with respect to any causes of action arising out of the Information.

C.     The Debtors' administration of their cases should not be prejudiced by the exchange of the Information.  Any Information provided by the Debtors to the Equity Committee should be used only as provided in the Joint Interest Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     The Motion is GRANTED.

2.     The Court hereby approves the Joint Interest Agreement, a copy of which is attached hereto as Exhibit A.  Any non-public information and documents provided by the Debtors to the Equity Committee (the "Information") related to certain potential claims and defenses to claims of GM held by the Debtors against GM (the "GM Claims"), whether written

or oral, including by virtue of participation by any Reviewing Party (as defined below) in the

review of the GM Claims, to the designees of the Equity Committee (which designees shall be

the outside professionals of the Equity Committee and, at the election of the Equity Committee,

either the chair of the Equity Committee or a subcommittee of the Equity Committee in a number

reasonably acceptable to the Debtors) (each a "Reviewing Party"), shall be deemed confidential

information subject to the provisions of the Joint Interest Agreement, and no attorney-client,

attorney work-product doctrine, or similar privilege shall be waived solely by reason of the

sharing of such Information under the terms of the Joint Interest Agreement.  The Debtors shall

maintain a privilege log identifying privileged documents provided to the Equity Committee

pursuant to the Joint Interest Agreement and this Order.  The Debtors' provision of Information

pursuant to the Joint Interest Agreement shall not confer upon any third party the right to obtain

such Information, nor shall it limit the right of any party, including the Equity Committee, to

Information that is otherwise discoverable to the extent so ordered by this Court or another court

of competent jurisdiction in litigation authorized by this Court.

      3.     The Joint Interest Agreement between the Debtors and the Equity

Committee shall apply only to the Information.

      4.     Nothing in this Order shall be deemed to expand or narrow the scope of

the common interest privilege.

      5.     Nothing in this Order shall preclude the Debtors from expressly waiving

any privilege or attorney work-product doctrine applicable with respect to any Information in the

future.

      6.     Nothing in this Order or the Joint Interest Agreement shall limit, modify,

or otherwise diminish the Debtors' or the Equity Committee's rights and powers under applicable

law, including the rights of the Equity Committee to seek Information from the Debtors that the

Debtors do not voluntarily produce, provided that all defenses the Debtors may have to any such

involuntary production are not diminished by this Order or the Joint Interest Agreement.

       7.    Nothing in this Order or in the Joint Interest Agreement shall affect the

separate representation of the parties by their respective counsel nor shall anything in this Order

or the Joint Interest Agreement be deemed to create an attorney-client relationship between any

attorney and anyone other than the client who hired that attorney.  The Debtors' provision of

Information pursuant to the Joint Interest Agreement shall not be a basis for disqualification of

any of the Equity Committee counsel.

       8.    No additional discovery by the Equity Committee in respect of matters

that are related to the GM Claims will be permitted unless (a) this Court has issued an

appropriate order, after the Debtors and the Equity Committee have met and conferred on the

subject matter of the discovery and a telephonic status conference has been held before this

Court pursuant to section 105(d) of the Bankruptcy Code, (b) the Debtors and the Equity

Committee have otherwise agreed, or (c) in connection with an adversary proceeding initiated by

the Debtors or a contested hearing adjudicating a motion initiated by the Debtors, such discovery

is permissible under the Federal Rules of Civil Procedure or the Bankruptcy Rules, provided that

all rights and defenses with respect thereto are reserved.

       9.    This Court expressly retains exclusive jurisdiction to determine any

dispute regarding the interpretation or enforcement of this Order and the Joint Interest

Agreement.  On request of a party-in-interest, this Court may issue any order necessary or

appropriate to enforce or give effect to the provisions of this Order or the Joint Interest

Agreement, including, but not limited to, this retention of jurisdiction.

10.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
           August ___, 2006


_____

    UNITED STATES BANKRUPTCY JUDGE

<u>Exhibit A</u>

Joint Interest Agreement

<u>JOINT INTEREST AGREEMENT</u>

WHEREAS, on October 8, 2005 (the "Initial Filing Date"), Delphi

Corporation ("Delphi") and certain of its U.S. subsidiaries (the "Initial Filers") filed

voluntary petitions in the United States Bankruptcy Court for the Southern District of

New York (the "Bankruptcy Court") for reorganization relief under chapter 11 of

title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the

"Bankruptcy Code").  On October 14, 2005, three additional U.S. subsidiaries of

Delphi (together with the Initial Filers, collectively, the "Debtors") also sought

reorganization relief.  The Debtors continue to operate their businesses and manage

their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

WHEREAS, on March 30, 2006, the Bankruptcy Court entered an order

(Docket No. 3024) pursuant to 11 U.S.C. § 1102(a)(2) directing the United States

Trustee (the "U.S. Trustee") to appoint an equity committee in the Debtors' chapter

11 cases (the "Equity Committee Appointment Order").

WHEREAS, on April 28, 2006, the Office of the U.S. Trustee appointed an

official committee of equity security holders (the "Equity Committee").

WHEREAS, pursuant to the Equity Committee Appointment Order, the

Equity Committee is required to be informed of, and to relay to the Debtors and

other parties-in-interest in these cases, the Equity Committee's views with respect to,

among other things, General Motors Corporation ("GM"), including any agreements

that the Debtors may reach with GM (but without the Equity Committee injecting itself into negotiations between the Debtors and GM).

WHEREAS, prior to the Initial Filing Date, certain events occurred which may result in claims and defenses to claims of GM held by the Debtors against GM (the "GM Claims").

WHEREAS, the Debtors and the Equity Committee have determined that it is in the best interests of the Debtors' estates that they share material confidential and privileged information with the Equity Committee and consult with the Equity Committee regarding the GM Claims.  The Debtors and the Equity Committee further believe that it is in the best interests of the Debtors' estates for the Debtors to provide such confidential, non-public information and documents related to the GM Claims, whether written or oral, including by virtue of participation by any Reviewing Party (as defined below) in the review of the GM Claims (the "Information") to the designees of the Equity Committee (which designees shall be the outside professionals of the Equity Committee and, at the election of the Equity Committee, either the chair of the Equity Committee or a subcommittee of the Equity Committee in a number reasonably acceptable to the Debtors), to keep them appropriately informed and in a position to fulfill one of the principal purposes contemplated by the Bankruptcy Court when the Bankruptcy Court directed that the

Equity Committee be formed, without losing any privilege or protection attaching to

any produced information through the disclosure thereof.

WHEREAS, the Debtors and the Equity Committee believe that they share

common interests in this regard, and intend through this Agreement that any and all

sharing of Information pursuant to this Agreement be protected pursuant to the

"common interest" or "joint defense" doctrine, to the fullest extent such protection is

available under applicable case law, subject to the provisions of this Agreement.

WHEREAS, the Debtors and the Equity Committees wish to memorialize,

and to set forth the terms and conditions of, their understanding with respect to the

foregoing.

NOW, THEREFORE, IT IS HEREBY AGREED, by and between the

Debtors and the Equity Committee, that:

1.     The Debtors may voluntarily share Information with the members and

professionals of the Equity Committee identified on Appendix A to this Agreement

(collectively, the "Reviewing Parties").  The Reviewing Parties shall treat all

Information obtained from the Debtors in accordance with this Agreement.  No other

additional persons, firms, or entities shall be added to the Reviewing Parties list,

unless prior email notice is provided to counsel for the Debtors and the Debtors

consent in writing to such additions.  The Reviewing Parties may share and discuss

Information with each other.  The designated professional firms identified on

3

<u>Appendix A</u> may disclose Information as necessary in the ordinary course of their work to legal assistants, secretaries, or other non-professional staff, but shall disclose Information only to individuals who have a need to know the Information for purposes of reviewing the GM Claims.

2.      The Debtors may voluntarily make available for inspection and copying by the Reviewing Parties certain Information, including deposition transcripts, internal memoranda, and other documents and information.  Upon the Debtors' request (the consent to which a Reviewing Party shall not unreasonably withhold), at the close of the chapter 11 cases or such other time as may be reasonable the Reviewing Parties shall return all originals and copies of any and all Information produced pursuant to this Agreement, and shall certify their compliance with this paragraph to the Debtors in writing, provided that the professionals retained by the Equity Committee may retain (but must use for no other purpose other than as set forth in paragraph 3) their own work product.

3.      All Information received by the Reviewing Parties in connection with the GM Claims shall be held in strict confidence and used solely for purposes of reviewing the GM Claims and any litigation subsequently authorized by the Bankruptcy Court.  The Reviewing Parties shall not disclose Information received in connection with the GM Claims except to one another.

4.      In the event that a Reviewing Party is legally required by the
Bankruptcy Court, any other court of competent jurisdiction, or by a federal, state, or
local governmental or regulatory body, to disclose any of the Information, such
Reviewing Party shall, to the extent lawful, provide the Debtors with prompt written
notice of any such requirement to the Debtors no less than ten business days prior to
such required disclosure (provided that if a Reviewing Party is required to make a
disclosure in less than ten business days, such Reviewing Party shall provide notice
to the Debtors as soon as reasonably practicable, but not later than one calendar day
after the Reviewing Party is informed of the need to make such required disclosure)
so that the Debtors may seek a protective order or other appropriate remedy and/or
waive compliance with this Agreement.  The Reviewing Party shall provide service
of such notice by facsimile and Federal Express to:  (a) Delphi Corporation, Att'n:
David Sherbin, 5725 Delphi Drive, Troy, Michigan 48098 (facsimile (248) 813-
2491); (b) Delphi Corporation, Att'n: Joseph Papelian, 5725 Delphi Drive, Troy,
Michigan 48098 (facsimile (248) 813-3251); and (c) Skadden, Arps, Slate, Meagher
& Flom LLP, Att'n: John Wm. Butler, Jr., 333 W. Wacker Drive, Chicago, Illinois
60606 (facsimile (312) 407-0411).  If, in the absence of a protective order or other
remedy or the receipt of a waiver from the Debtors, such Reviewing Party is
nonetheless required to disclose any of the Information, such Reviewing Party may,
without liability hereunder, disclose only that portion of the Information which such

5

Reviewing Party is advised by counsel it is legally required to disclose, <u>provided</u> that

such Reviewing Party shall use its reasonable best efforts to preserve the privileges

and confidentiality of the Information by reasonably cooperating with the Debtors to

obtain an appropriate protective order or other reliable assurance that the privileges

and other confidential treatment shall be accorded the Information.

5.    The parties agree that all Information provided to the Reviewing

Parties prior to the execution of this Agreement was provided in furtherance of the

parties' common interests and the prior provision of Information by the Debtors, and

its receipt by the Reviewing Parties, is subject to this Agreement.

6.    The Reviewing Parties shall not assert that the Debtors' production of

Information pursuant to this Agreement constitutes a waiver of the attorney-client

privilege, the attorney work product doctrine, or any other applicable privilege or

protection.

7.    No additional discovery by the Equity Committee in respect of

matters that are related to the GM Claims shall be permitted unless (a) the

Bankruptcy Court has issued an appropriate order, after the Debtors and Equity

Committee have met and conferred on the subject matter of the discovery and a

telephonic status conference has been held before the Bankruptcy Court pursuant to

section 105(d) of the Bankruptcy Code, (b) the Debtors and the Equity Committee

have otherwise agreed, or (c) in connection with an adversary proceeding initiated by

6

the Debtors or a contested hearing adjudicating a motion initiated by the Debtors,

such discovery is permissible under the Federal Rules of Civil Procedure or the

Federal Rules of Bankruptcy Procedure, <u>provided</u> that all rights and defenses with

respect thereto are reserved.

8.      It is the express intent of the parties to this Agreement, and of the

Bankruptcy Court, if it approves this Agreement, that this Agreement and the

production of Information pursuant thereto shall not confer upon any third party the

right to obtain such Information, nor shall it limit the right of any party, including

any Reviewing Party, to Information that is otherwise discoverable to the extent so

ordered by the Bankruptcy Court or any other court of competent jurisdiction in

litigation authorized by the Bankruptcy Court.

9.      Nothing herein shall, or is intended in any way to limit, modify, or

otherwise diminish the Debtors' or the Equity Committee's rights and powers under

applicable law, including under the Bankruptcy Code and the Federal Rules of

Bankruptcy Procedure, or the rights of the Equity Committee to seek Information

from the Debtors that the Debtors do not voluntarily produce, <u>provided</u> that all

defenses that Debtors may have to any such involuntary production are preserved.

10.      Nothing herein shall be or is intended to constitute an admission by

any person or entity of any wrongdoing or liability or of the existence of any claims

7

or causes of action in connection with the subject matter of the GM Claims or

otherwise.

11.     This Agreement shall be binding upon the parties' respective

successors and assigns.

12.     This Agreement shall be submitted for approval by the Bankruptcy

Court, but if not approved, shall remain in full force and effect as an agreement

among the parties.

13.     This Agreement may be executed in several counterparts, all of which

constitute the same agreement.

14.     Nothing herein shall affect the separate and independent

representation of the parties by their respective counsel nor shall anything herein be

deemed to create an attorney-client relationship between any attorney and anyone

other than the client who hired that attorney.  The sharing of Information pursuant to

this Agreement shall not be a basis for disqualification of any Reviewing Party's

counsel.

8

15.     This Agreement constitutes the full agreement among the parties

regarding the production and sharing of Information.  Modifications of this

Agreement must be in writing and signed by counsel to all parties hereto.


Dated:     _____, 2006

SKADDEN, ARPS, SLATE,                     FRIED, FRANK, HARRIS, SHRIVER
   MEAGHER & FLOM LLP                        & JACOBSON LLP

By:    _____          By:    _____
        John Wm. Butler, Jr. (JB 4711)              Vivek Melwani
        John K. Lyons (JL 4951)                      Bonnie Steingart
        Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100          1 New York Plaza
Chicago, Illinois 60606                    New York, New York 10004-1980
(312) 407-0700                             (212) 859-8000

            - and -                        Attorneys for the Official Committee of
                                           Equity Security Holders
By:    _____
        Kayalyn A. Marafioti (KM 9632)
        Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

9

## APPENDIX A

### LIST OF REVIEWING PARTIES FOR
### THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

### DESIGNATED COMMITTEE MEMBERS
[list individuals and firm affiliations]

To be determined

### DESIGNATED PROFESSIONALS
[list firms]

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP