Alan E. Marder (AM-0114)
Jil-MazerMarino (JM-6470)
ROSEN SLOME MARDER LLP
333 Earle Ovington Boulevard
Suite 901
Uniondale, New York 11553-3622
(516) 227-1600

Counsel for Kilroy Realty L.P.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| Delphi Corporation, | ) Case No. 05-44481 (RDD) |
| Debtors. | ) (Jointly Administered) |

**KILROY REALTY, L.P.'S REQUEST FOR**
**PAYMENT OF ADMINISTRATIVE EXPENSE**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Kilroy Realty, L.P. ("Kilroy"), by its undersigned counsel and pursuant to 11 U.S.C. § 503, makes and files this Request for Payment of Administrative Expense (the "Request") by Delphi Automotive Systems LLC ("Delphi") and Packard Hughes Interconnect Company ("Packard Hughes" and, together with Delphi, the "Debtors"). In support of the Request, Kilroy states as follows:

### A. KILROY'S LEASE

1.  On or about October 11, 1995, Limar Realty Corp. #19, Kilroy's predecessor in interest, as landlord, and Packard Hughes and General Motors Corporation ("GM"), as tenant, entered into that certain Standard Single Tenant NNN Lease (as amended, the "Lease") for certain real property located at 17150 Von Karman Avenue, Irvine California 92714 (the "Lease Premises"). A true and correct copy of the Lease, and amendments thereto, are collectively attached hereto and incorporated herein as Exhibit "1". Effective January 1, 1999, GM assigned its interest in the Lease to Delphi

pursuant to that certain Assignment and Assumption Agreement dated December 10, 1998 (the "Assumption Agreement").  A true and correct copy of the Assumption Agreement is attached hereto and incorporated herein as <u>Exhibit "2"</u>.  According to its terms, the Lease is scheduled to expire on December 21, 2006.

### B.      THE BANKRUPTCY AND REJECTION OF THE LEASE

2.      On October 8, 2005 (the "Petition Date"), the Debtors, along with several affiliated entities, filed for relief under chapter 11 of the Bankruptcy Code in the Southern District of New York.

3.      Pursuant to the Court's Order Approving Procedures for Rejecting Unexpired Real Property Leases and Authorizing Debtors to Abandon Certain Furniture, Fixtures, and Equipment, on or about June 29, 2006, the Debtors filed a Notice of Rejection of Unexpired Lease and Abandonment of Personal Property relating to the Lease Premises (the "Rejection Notice").  A true and correct copy of the Rejection Notice is attached hereto and incorporated herein as <u>Exhibit "3"</u>.  Pursuant to the Rejection Notice, rejection of the Lease became effective on July 13, 2006 (the "Effective Date").

### C.      KILROY'S CLAIMS AGAINST THE DEBTORS

#### Unpaid Monthly Rent

4.      Even though the Lease required all rent to be paid in full on the first day of every month and the Lease rejection was not effective until July 13, 2006, the Debtors failed to pay the full accrued monthly rent due and owing on July 1, 2006 and presently owes Kilroy the amount of $93,204.20 in unpaid rent and additional rent that came due on July 1, 2006.  Because this rent and additional rent came due under the Lease prior to the Effective Date of the rejection, the Debtors are obligated pursuant to

2

sections 365(d)(3) and 503 of the Bankruptcy Code to pay the July rent in full as an administrative obligation of the Debtors' bankruptcy estate.

### The Debtors' Damage to the Premises

5. In accordance with the express terms of the Lease, the Debtors, at their sole cost and expense, were required to:

> [K]eep the Premises and every part thereof in good order, condition and repair, ordinary wear and tear excepted, structural and non-structural (whether or not such portion of the Premises requiring repairs, or the means of repairing same, are reasonably or readily accessible to Tenant, and whether or not the need for such repairs occurs as a result of Tenant's use, any prior use, the elements or the age of such portion of the Premises) . . . . Lease, Article 12(a)(1).

6. In direct breach of their obligations under the Lease, following the Petition Date but prior to the Effective Date, the Debtors breached the Lease by causing substantial damage to the Lease Premises (the "Premise Damage"). Kilroy estimates that the total cost to repair the Premise Damage is $560,047.72. Moreover, Kilroy asserts that because the Premise Damage occurred after the Petition Date and prior to the Effective Date: (i) the Debtors are obligated to repair the Premise Damage in accordance with their obligations under the Lease and section 365(d)(3) of the Bankruptcy Code; and (ii) Kilroy's claim for damages relating to the Premise Damage is an administrative obligation of the Debtors' bankruptcy estate under sections 365(d)(3) and 503 of the Bankruptcy Code.

### Hazardous Materials

7. Under Article 7 of the Lease, the Debtors are obligated to comply with all applicable laws, rules and regulations relating to Hazardous Materials (defined in the Lease) and is obligated to indemnify Kilroy for all Hazardous Materials Activity (as

defined in the Lease). The Debtors are liable and must indemnify Kilroy for any and all breaches of their obligations under the Lease relating to Hazardous Materials and Hazardous Materials Activity. The Lease was only recently rejected as of the Effective Date and Kilroy has, as of the date of this proof of claim, been unable to determine the scope and extent of its claim against the Debtors relating to Hazardous Materials and Hazardous Materials Activity. By virtue of this Request, Kilroy asserts an administrative expense claim against the Debtors for any breaches of the Debtors' obligations under the Lease relating to Hazardous Materials and for the Debtors' indemnity obligations relating to Hazardous Materials Activity. Kilroy reserves the right to amend this Request to assert the amount of Kilroy's Hazardous Materials and Hazardous Materials Activity administrative expense claim against the Debtors at any time.

WHEREFORE, Kilroy respectfully requests allowance of its administrative expense claim of $653,251.92 plus unliquidated amounts against each of Delphi and Packard Hughes for expenses incurred after the petition date (to be liquidated by

agreement of the parties or order of the Court), and (ii) such other and further relief as the

Court deems just and proper.

Dated: Uniondale, New York
       July 28, 2006                      ROSEN SLOME MARDER LLP

                                          By: /s/ Alan E. Marder
                                              Alan E. Marder (AM-0114)
                                              Jil Mazer-Marino (JM-6470)

                                          333 Earle Ovington Boulevard,
                                          Suite 901
                                          Uniondale, New York 11553
                                          (516) 227-1600

                                          Counsel for Kilroy Realty L.P.

G:\Kilroy\Delphi\lit\Delphi Request for Admin Expense.DOC