| | |
|---|---|
| THOMPSON HINE LLP<br>An Ohio Limited Liability Partnership<br>Robert T. Barnard (RB 6157)<br>Joseph B. Koczko (JK 7259)<br>One Chase Manhattan Plaza, 58th Floor<br>New York, New York 10005-1401<br>robert.barnard@thompsonhine.com<br>joseph.koczko@thompsonhine.com<br>212.344.5680 (telephone)<br>212.809.6890 (facsimile) | **Hearing Date:** October 19, 2006<br>10:00 a.m.<br>(Prevailing Eastern Time)<br>**Response Deadline:** October 12, 2006<br>4:00 p.m.<br>(Prevailing Eastern Time) |

and

Lawrence T. Burick (0010404)
10 West Second Street
2000 Courthouse Plaza N.E.
Dayton, Ohio  45402-1758
Phone:  937.443.6625
Fax No.:  937.443.6635
larry.burick@thompsonhine.com

Special Counsel to Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, *et al.* | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly administered) |

**SECOND INTERIM APPLICATION OF THOMPSON HINE LLP
AS SPECIAL COUNSEL FOR DEBTORS FOR INTERIM COURT APPROVAL,
ALLOWANCE AND PAYMENT OF COMPENSATION FOR
SERVICES RENDERED AND EXPENSES ADVANCED
FROM FEBRUARY 1, 2006 THROUGH MAY 31, 2006**

# SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330

Name of Applicant: Thompson Hine LLP

Period for which compensation and reimbursement is sought: February 1, 2006 through May 31, 2006

Authorized to provide professional services to: Debtors

Date of retention: March 9, 2006 effective *nunc pro tunc* to October 8, 2005

Amount of compensation and expense reimbursement sought as actual, reasonable and necessary:

| Second Application Period | Fees Requested | $ 97,825.50 |
|---|---|---|
| | Expenses Requested: | $ 13,118.64 |
| | Total Fees and Expenses: | $110,944.14 |

This is an ☒ interim ☐ final application

Prior amounts requested[1]

| First Application Period / 10/8/05 – 1/3l/06 | Fees previously requested: | $ 82,733.00 |
|---|---|---|
| | Fees previously awarded: | $ |
| | Expenses previously requested: | $ 16,081.58 |
| | Expenses previously awarded: | $ --- |
| | Holdback amount from prior application (First Application Period) (Included in $82,733.00) | $ 16,546.60 |

---

[1] This application refers only to requests for compensation, reimbursement of expenses, and holdbacks not covered by a final fee application order.

2

| | |
|---|---|
| THOMPSON HINE LLP<br>An Ohio Limited Liability Partnership<br>Robert T. Barnard (RB 6157)<br>Joseph B. Koczko (JK 7259)<br>One Chase Manhattan Plaza, 58th Floor<br>New York, New York 10005-1401<br>robert.barnard@thompsonhine.com<br>joseph.koczko@thompsonhine.com<br>212.344.5680 (telephone)<br>212.809.6890 (facsimile) | **Hearing Date:** October 19, 2006<br>10:00 a.m.<br>(Prevailing Eastern Time)<br>**Response Deadline:** October 12, 2006<br>4:00 p.m.<br>(Prevailing Eastern Time) |

and

Lawrence T. Burick (0010404)
10 West Second Street
2000 Courthouse Plaza N.E.
Dayton, Ohio  45402-1758
Phone:  937.443.6625
Fax No.:  937.443.6635
larry.burick@thompsonhine.com

Special Counsel to Debtors


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, *et al.* | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors | : | (Jointly administered) |

---

### SECOND INTERIM APPLICATION OF THOMPSON HINE LLP AS SPECIAL COUNSEL FOR DEBTORS FOR INTERIM COURT APPROVAL, ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND EXPENSES ADVANCED FROM FEBRUARY 1, 2006 THROUGH MAY 31, 2006

---

Pursuant to (a) 11 U.S.C. § 327, Rule 2016 of the Federal Rules of Bankruptcy Procedure

and the Amended Guidelines for fees and disbursements for professionals in Southern District of

New York bankruptcy cases adopted by this Court on April 19, 1995 ("Local Guidelines") and

the United States Trustee Guidelines for reviewing applications for compensation and reimbursement of expenses filed under 11 U.S.C. § 330 adopted on January 30, 1996; (b) the order ("Retention Order") entered March 10, 2006 (Doc. #2785) approving Thompson Hine LLP ("Thompson Hine") as special counsel for intellectual property matters ("Special Counsel") for Delphi Corporation, *et al* ("Debtors"); (c) the order entered November 4, 2005 (Doc. #869) establishing procedures regarding fee/expense applications ("Procedures Order") and the supplemental orders in connection therewith entered March 8, 2006 (Doc. #2747) and March 28, 2006 (Doc. #2986);[2] and (d) the order entered April 18, 2006, in part approving procedures to protect information in fee statements (Doc. #3279), Thompson Hine, the duly authorized and acting Special Counsel for Debtors, hereby makes its second interim application (the "Second Application") seeking entry of an order that (1) allows and approves Debtors' payment to Thompson Hine of 80% of the fees and 100% of the expenses Thompson Hine has invoiced Debtors for post-petition services for the period from February 1, 2006 through May 31, 2006 ("Second Application Period") and also (2) allows and approves Debtors' payment to Thompson Hine of the unpaid 20% holdback amount (the "Holdback Amount") with respect to the invoiced fees.

In support of this Second Application, Thompson Hine states as follows:

### A. *General background pertinent to Thompson Hine as Special Counsel*

1. On October 8, 2005 (the "Petition Date"), Debtors filed their voluntary petitions with this Court for relief under Chapter 11 of the Bankruptcy Code. Since that date, Debtors continue to operate and manage their financial affairs as debtors in possession pursuant

---

[2] This Court also entered an order on May 5, 2006 (Doc. #3630) that approves a Fee Protocol and a Fees Committee. The procedures referenced in the Fee Protocol apparently only become effective as of and after June 1, 2006.

2

to 11 U.S.C. § 1107 and § 1108. A committee of unsecured creditors has been appointed. Pursuant to entered orders (Doc. #28 and Doc. #404), the cases are being jointly administered.

       2.       This Court has jurisdiction over this Second Application pursuant to 11 U.S.C. § 157 and § 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The venue of this Chapter 11 case and this Second Application is proper pursuant to 11 U.S.C. § 1408 and § 1409. The bases for the requested relief are 11 U.S.C. §§ 330-331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

       **B.**      ***Appointment of Thompson Hine as Special Counsel (intellectual property)***

       1.       The Retention Order authorizes Debtor to employ Thompson Hine as Special Counsel *nunc pro tunc* effective as of the Petition Date. A copy of the Retention Order is attached hereto as Exhibit "A" and is made a part hereof.

       2.       The Retention Order authorizes employment of Thompson Hine to handle Debtors' intellectual property matters.

       **C.**      ***Compensation payment procedures***

       1.       The Procedures Order provides that Thompson Hine shall deliver monthly invoices for services rendered and expenses advanced to Debtors and to send copies thereof to designated persons.

       2.       The Procedures Order further provides that, if there is no objection to any invoice within 45 days following the month for which compensation is sought ("45 Day Period"), then Debtors are authorized to promptly pay to Thompson Hine 80% of the invoiced fees and 100% of the invoiced expenses advanced as set forth on such invoices, with the Holdback Amount being paid if and after this Court enters an order allowing such Holdback Amount.

3

### D. *Thompson Hine invoices, Debtors' payment thereof, and payment requests set forth herein*

    1.    Invoices Thompson Hine issued

        a.    For the Second Application Period, Thompson Hine issued monthly invoices (collectively "Invoices") to Debtors for services rendered in the total amount of $97,825.50 and expenses advanced in the amount of $13,118.64, or the total sum of $110,944.14. The Invoices are collectively attached hereto as Exhibit "B."

        b.    Each of the Invoices itemizes, by date, the attorney or other professionals rendering services, a narrative description of the services rendered, the charge for such services based on Thompson Hine's standard rate, the total time and fees per attorney, the total fees for services rendered and an itemization of the expenses advanced and the charges therefor.

        c.    The time reflected on each of the Invoices for the attorneys and other professionals rendering services is derived from daily time records.

        d.    No expense item consists of Thompson Hine overhead. No expense item is included in the Thompson Hine hourly rate.

    2.    Notices of Invoices; no objections

        a.    Pursuant to the terms of the Procedures Order, Thompson Hine sent the Invoices to Debtors and the designated persons.

        b.    As of the filing date hereof, the 45 Day Period has expired with respect to the Invoices for services rendered in February, March and April, 2006 and Debtors and no designated party have objected to such Invoices. As of the filing date hereof, the 45 Day

Period has not expired with respect to the Invoice for services rendered in May, 2006 and Debtors and no designated party have objected to such Invoice

   3. <u>Payments from Debtors as of the filing date hereof</u>

    a. As of the filing date hereof, Thompson Hine has received from Debtors 80% of the fees and 100% of the expenses as submitted in Thompson Hine's First Application Period; but has not received the 20% Holdback amount ($16,546.60)

    b. For the Second Application Period, as of the filing date hereof, Thompson has received from Debtors 80% of the fees and 100% of the expenses billed for the months of February, March and April, 2006. For the month of May, 2006 (because the 45 Day Notice Period has not expired), no payment has been received from Debtors for services rendered and expenses billed.

   4. <u>Amount requested in this Second Application</u>

    If allowed and ordered by this Court, and if, at that time, Debtors have not previously paid to Thompson Hine 80% of all of the invoiced fees, Debtors can then pay to Thompson Hine 100% of the invoiced fees and expenses, but, if, at that time, Debtors have paid to Thompson Hine 80% of the invoiced fees and 100% of the invoiced expenses, Debtors can than pay to Thompson Hine the Holdback Amount accrued during the Second Application Period.

 **E.** ***Invoice detail***

   1. The Invoices reflect that Thompson Hine rendered professional services during the Second Application Period in the total sum of $97,825.50.

2.    The Invoices reflect that, in rendering such professional services, Thompson Hine attorneys and other professionals expended a total of 357.5 hours, broken down as follows:

<u>Attorneys</u><u>Hours</u>

| | |
|---|---|
| Partners | 53.30 |
| Sr. Attorney | 165.80 |
| Associates | <u>108.30</u> |
| | 327.40    327.40 |
| Patent Agent | 81.00 |
| Document Analysts | <u>7.00</u> |
| Total | 415.40 |

3.    The invoices reflect that billing rates for all categories of professionals ranged from $120 - $375 per hour or a blended rate of $235.50 per hour.

4.    The following schedules, attached hereto as Exhibit "<u>C</u>," set forth detailed information with respect to the Invoices:

***Schedule A – Value of intellectual property services rendered/expenses incurred, itemized by project category***

This Schedule itemizes and summarizes the issued Invoices, indicating, as to each of the Invoices and the applicable period, the intellectual property matter number, service dates, invoice number, fees and expenses invoiced.

***Schedule B – Value of services rendered, itemized by attorney and other professionals***

This Schedule itemizes, as to each attorney and other professionals rendering intellectual property services, a title for each such professional, the date each attorney was admitted to the Ohio Bar, the hours worked and standard hourly rate for each professional rendering such services, and the total fees requested as to each professional.

6

> ***Schedules C - Itemization of total expenses advanced***
>
> This Schedules itemizes the total expenses Thompson Hine incurred as reflected on the Invoices by type of expense.
>
> ***Schedule D – General description of services rendered***
>
> This Schedule generally describes the intellectual property and other services rendered as reflected on the Invoices.

5. Pursuant to the Local Guidelines, a compliance certificate is attached hereto as Exhibit "D."

### F. *Thompson Hine representations*

1. Throughout the course of its employment as Special Counsel to Debtors, and in compliance with 11 U.S.C. § 1103(e), Thompson Hine has not represented any other entity having an adverse interest in connection with the case.

2. The invoiced amounts reflect actual and necessary services and expenses.

3. The hourly rates and the amount charged for expenses as set forth in the Invoices are based on the usual and customary rates that Thompson Hine charges its non-bankruptcy clients for similar services.

4. Thompson Hine has undertaken every effort to divide the tasks performed among the firm's attorneys and other professionals in order to eliminate duplication of efforts. Thompson Hine is cognizant of the fact that compensation will be paid for attorneys and other professionals only for actual services rendered and that the dollar value of a particular task is not enhanced simply because an attorney performs a task. Consequently, considerable care has been taken to avoid the performance of purely ministerial tasks by attorneys and to use other staff where possible.

7

5. Thompson Hine has made every effort to restrict to a minimum the number of attorneys who were substantially involved in the intellectual property matters so as to maximize familiarity with the subject matter and to avoid wasted time. When more than one professional participated in any matter, such joint participation was necessary because of the complexity of the issues and problems involved or because of the need to familiarize the additional professional with the matter so that he/she could independently perform further necessary services and provide continuity.

### G. *Legal principles*

1. Interim compensation and reimbursement of expenses are specifically authorized by 11 U.S.C. § 330 and § 331 and Federal Rule of Bankruptcy Procedure 2016. Specifically, 11 U.S.C. § 330(a)(1) generally provides:

> *After notice to the parties in interest and the United States Trustee and a hearing, and subject to §§ 326, 328 and 329, the court may award to a trustee, an examiner, a professional person employed under §§ 327 or 1103 –*
>
> *(A) Reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person or attorney and by paraprofessional person employed by any such person; and*
>
> *(B) Reimbursement for actual, necessary expenses.*

2. Section 330(a)(3)(A) then sets forth specific compensation standards that courts consider in setting fees. This section provides:

> *In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, the value of such services, taking into account all relevant factors, including - -*
>
> *(A) The time spent on such services;*
>
> *(B) The rates charged for such services;*

8

*(C)  Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered to the completion of, a case under this title;*

*(D)  Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and*

*(E)  Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.*

H.  *Application of legal principles*

*Interim compensation and expenses*

1.  Thompson Hine seeks entry of an order allowing and approving Debtors' payment to Thompson Hine of 100% of the fees, consisting of the amount of $78,260.40 (80%) and the Holdback Amount of $19,565.10 (20%), or the total sum of $97,825.50, plus expenses of $13,118.64 (100%) or the total sum of $110,944.14 that Thompson Hine invoiced for services rendered and expenses incurred during the Second Application Period.

2.  Applying the Code requirements hereinabove discussed, Thompson Hine is entitled to relief it seeks.  More specifically:

    a.  The hourly rates for the Thompson Hine attorneys and other professionals are reasonable.  The hourly rates consist of Thompson Hine's customary and usual charges for all matters.

    b.  The time Thompson Hine professionals expended (357.50 hours) is reasonable given the amount of actual, necessary services performed, the difficulty of the issues and the amount involved.

    c.  The Thompson Hine services allowed excellent, quality and timely results that substantially benefited the estate.

9

        d.        The Thompson Hine attorneys and other professionals performing the services have the skills and experience required to effect such results.

### I. *Conclusion*

For the reasons hereinabove set forth, Thompson Hine seeks entry of an order that allows and approves payment to Thompson Hine of the sum of $110,944.14 for the Second Application Period, broken down as follows:

<u>Fees</u>

| | |
|---|---|
| Fees (80%) | $78,260.40 |
| Holdback Amount (20%) | <u>$19,565.10</u> |
| | $97,825.50 |
| Expenses (100%) | <u>$ 13,118.84</u> |
| Total | $110,944.14 |

Thompson Hine respectfully requests that this Court enter an order in the form attached hereto as Exhibit "<u>E</u>" approving the First Fee Application, and granting such other and further relief as this Court may deem just and proper.

/s/ Robert T. Barnard
Robert T. Barnard (RB 6157)
Joseph B. Koczko (JK 7259)
One Chase Manhattan Plaza, 58th Floor
New York, New York 10005-1401
robert.barnard@thompsonhine.com
joseph.koczko@thompsonhine.com
212.344.5680 (telephone)
212.809.6890 (facsimile)

and

Lawrence T. Burick (#0010404)
THOMPSON HINE LLP
2000 Courthouse Plaza N.E.
10 West Second Street
Dayton, Ohio 45402
937.443.6625 (telephone)
937.443.6635 (facsimile)
larry.burick@thompsonhine.com

Attorney for Thompson Hine LLP,
Special Counsel to Debtors

442709.1

11