Lafonza Earl Washington
7010 Cranwood Drive
Flint, MI  48505
Tel:  810.787.3150
Cell: 810.922.0308


July 14, 2006


TO:  Clerk of the Court
     The United States District Court
     Southern District of New York
     500 Pearl Street, Room 200
     New York, N.Y.  10007

          -and-

     Clerk of the Court
     U.S. Bankruptcy Court
     Southern District of New York
     One Bowling Green
     New York, N.Y.  10004

          -and-

     Ronald L. Ellis or
     The Chief United States Magistrate Judge
     United States District Court
     Southern District of New York
     500 Pearl Street, Room 1970
     New York, N.Y.  10007

          -and-

     UNITED STATES DEPARTMENT OF JUSTICE
     Michael J. Garcia
     United States Attorney
     Southern District of New York
     C/O David S. Jones, Assistant U.S. Attorney
     86 Chambers Street, 3rd Floor

          -and-

     United States Marshal For The
     United States District Court
     Southern District of New York
     500 Pearl Street
     New York, N.Y.  10007

          -and-

     SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
     Kayalyn A. Marafioti
     Thomas J. Matz
     Four Times Square
     New York, N.Y.  10036

RECEIVED
JUL 2 1 2006
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

July 14, 2006
Page 2

                    -and-

        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
        John K. Lyons
        Ron E. Meisler
        John Wm. Butler, Jr.
        333 West Wacker Drive
        Chicago, IL  60606


        Re:  In Re Delphi Corp., debtors, debtors-in-possession,
             Case No. 05-44481 (RDD) bankruptcy frauds, bank
             frauds, racketeerings, extortions, embezzlements
             etc., in the U.S. Bankruptcy Court for the
             Southern District of New York violations of Title
             18 of the United States Code prohibitions under
             Federal crimes and criminal procedures laws

                    Criminal Complaint


Greetings Clerks above-named, Chief Magistrate Judge Ronald L.
Ellis and United States Attorney's Office for the Southern
District of New York et al:

        Enclosed for filing under the Federal Rules of Civil Procedure's
Rules 1, 2, 3 etc., "ONE FORM" of action requirements authorized
as a civil action, including Rules 4.1 (a) and (b), 5 (a), (b) (1)
and (2), (c), (d), and (e), 77 (a) et seq., as well as the Federal
Rules of Bankruptcy Procedure, Rule 5005 (a)(1), you will find:

        1.  The above-named Complainant/Affiant/Deponent's =
            Criminal Complaint Arising Under Title 18 of the
            United States Code Sections 18; 20; 21; 23; 24;
            151; 241; 242; 281; 371; 401; 470; 591; 641;
            871; 911; 981; 1001; 1071; 1231; 1341; 1361;
            1501; 1581; 1621; 1691; 1901; 1951; 1961; 2071;
            2111; 2311; 2331; 2340; 2381 Etc.

                    -and-

            Arising Under Provisions Of The United States
            Constitution Articles 1; 2 § 2, Clause 2; 3;
            4; 5; And 6 § 3.

                    -and-

            Arising Under Amendments 1; 5; 8; 9; 10; 13;
            14; 15; 16 Etc., To The United States Constitution

                    -and-

            Arising Under Acts Of Congress Pursuant To Title 18
            U.S.C. §§ 18; 20; 21; 23; 24; 151; 241; 242; 281;
            371; 401; 470; 591; 641; 871; 911; 981; 1001; 1071;
            1231; 1341; 1361; 1501; 1581; 1621; 1691; 1901; 1951;

1961; 2071; 2111; 2311; 2331; 2340; 2381 Etc.;
Title 15 U.S.C. §§ 1 Et Seq., 15 Et Seq.;
Title 42 U.S.C. §§ 1982, 1983, And 1987.

-with-

Affidavits In Support Of The Request To Issue
Arrest Warrants On Each Named Defendant
Severally And Separately.

2.  Proof of Service.

     Please file according to the clerk's legal filing duties owed
to file "EVERY" paper without the vested judicial power to
determine any sufficiencies or "NOT".  Thank you.

                              In Truth, Righteousness & Peace,

                              *Earl 3Washington*

                              Earl Washington

                              *Earl 3Washington*

enc./cc:

     Greg Farrell, Journalist
     USA Today
     535 Madison Avenue, 20th Floor
     New York, New York  10022
     Fax:  212.715.5435

     Terry Deering, Editor
     The Flint Journal
     200 E. First Street
     Flint, MI  48502-1925
     Tel: 810.766.6100

     United States Department of Justice
     Alberto Gonzalez, U.S. Attorney General
     950 Pennsylvania Avenue, N.W.
     Washington, D.C.  20530-0001

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK


THE PEOPLE OF THE
UNITED STATES OF AMERICA,

     Plaintiff,                           UNITED STATES MAGISTRATE



-v-


KATHLEEN FARRELL-WILLOUGHBY; AND          *CRIMINAL COMPLAINT*
THE FIRM OF SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP AND THOMAS
  J. MATZ; AND
LATHAM & WATKINS LLP AND ROBERT
  J. ROSENBERG, MITCHELL A. SEIDER,
  MARK A. BROUDE; AND
JOHN LUCAS; AND
JPMORGAN CHASE BANK N.A.; AND
CITIGROUP USA, INC.; AND
THE GENERAL MOTORS CORPORATION AND
  BOARD OF DIRECTORS, JOHN DEVINE,
  RICHARD WAGONER, AND WILL BENNETT; AND
THE DELPHI CORPORATION AND BOARD OF
  DIRECTORS, AND JOHN D. SHEEHAN; AND
THE INTERNATIONAL UNION OF UNITED AUTO
  WORKERS AND RON GETTELFINGER,
  RICHARD SHOEMAKER, CAL RAPSON; AND
JEFFREY COHEN AND THE PENSION
  BENNEFIT GUARANTY CORPORATION,
severally and separately,

     Defendants.

_____/

Lafonza Earl Washington
Complainant/*Affiant*/ *Deponent*
7010 Cranwood Drive
Flint, MI  48505
Tel:  810.787.3150
Cell: 810.922.0308

THE UNITED STATES DEPARTMENT OF JUSTICE
Michael J. Garcia
United States Attorney
Southern District of New York
c/o David S. Jones
   Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York  10007
Tel:  212.637.2800



CRIMINAL COMPLAINT ARISING UNDER TITLE 18
OF THE UNITED STATES CODE SECTIONS 18; 20; 21;
23; 24; 151; 241; 242; 281; 371; 401; 470; 591;
641; 871; 911; 981; 1001; 1071; 1231; 1341;
1361; 1501; 1581; 1621; 1691; 1901; 1951; 1961;
2071; 2111; 2311; 2331; 2340; 2381 ETC.

-AND-

ARISING UNDER PROVISIONS OF THE UNITED STATES
CONSTITUTION ARTICLES 1; 2 § 2, CLAUSE 2; 3;
4; 5; AND 6 § 3.

-AND-

ARISING UNDER AMENDMENTS 1; 5; 8; 9; 10; 13;
14; 15; 16 ETC., TO THE UNITED STATES CONSTITUTION

-AND-

ARISING UNDER ACTS OF CONGRESS PURSUANT TO TITLE 18
U.S.C. §§ 18; 20; 21; 23; 24; 151; 241; 242; 281;
371; 401; 470; 591; 641; 871; 911; 981; 1001; 1071;
1231; 1341; 1361; 1501; 1581; 1621; 1691; 1901; 1951;
1961; 2071; 2111; 2311; 2331; 2340; 2381 ETC.;
TITLE 15 U.S.C. §§ 1 ET SEQ., 15 ET SEQ.;
TITLE 42 U.S.C. §§ 1982, 1983, AND 1987.

WITH

AFFIDAVITS IN SUPPORT OF THE REQUEST TO ISSUE
ARREST WARRANTS ON EACH NAMED DEFENDANT
SEVERALLY AND SEPARATELY

These consolidated yet separate criminal charges demands the
speedy arrest warrants be issued for the mass interstate felonious
bankruptcy frauds, banking frauds, racketeerings, extortions,
frauds, conspiracies, contempts, obstructions of justice etc., and
speedy prosecutions and convictions and sentencing to the fullest
extent allowed by law against each of the above-named defendants,
severally and separately, in exercise of the Government's duties
after being properly petitioned herein to redress the recovery of
the illegally seized monetary property owned by this Complain nt
amounting to several millions of dollars that have been and

continues to be illegally seized by the criminally prohibited
activities of each named defendant all as more fully set forth
herein.


                                    I


     Complainant, above-named, is now and at "ALL" times mentioned
was, a resident of the City of Flint, County of Genesee, State of
Michigan.  Complainant owns $1,013,272,539.00 of monetary property
wrongfully, prohibitedly, and criminally being seized against the
will of Complainant that is earning interest at the rate of
$416,890.00 per day, by law, that is being illegally extorted by
the racketeerings, embezzlements, bankruptcy frauds, banking
frauds, collusions, conspiracies etc., by the concerted activities
of so-called joint administering, legal advisoring, scams by the
crime ring calling themselves the official committee of unsecured
creditors who is paying themselves "MILLIONS OF DOLLARS MONTHLY"
but has "NOT" and will "NOT" respond to this unsecured creditor
even once since October 8, 2005, to this very date, notwithstanding
that the United States Bankruptcy Court for the Southern District
of New York entered Orders for the payments of the "HUMAN CAPITAL
OBLIGATIONS" and "CASH MANAGEMENT" also on October 8, 2005.  See
EXHIBIT #1.


                                    II

     Defendant, Kathleen Farrell-Willoughby is the Clerk of the
United States Bankruptcy Court for the Southern District of New
York, located at One Bowling Green, New York, New York, 10004.

III

Defendant, SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP and Thomas J. Matz are recorded as Legal Advisors to the Delphi Corporation debtors, debtors-in-possession et al, located at Four Times Square, New York, New York, 10036

IV

Defendants, LATHAM & WATKINS LLP and Robert J. Rosenberg, Mitchell A. Seider, Mark A. Broude are recorded as the Official Committee of Unsecured Creditors located at 885 Third Avenue, New York, New York, 10022-4802.

V

Defendant, John Lucas is purported to be the Law Clerk of Judge Robert D. Drain who is located at the U.S. Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004.

VI

Defendant, JPMorgan Chase Bank N.A. guaranteed the Delphi Corporation et al, debtors, debts by providing cash collateral under certain Revolving Credit, Term Loan, and Guaranty Agreement financings as "LENDERS", "ADMINISTRATIVE AGENT", and also debtors-in-possession whose specific location is "NOT" identified.

VII

Defendant, Citigroup USA, Inc., co-guaranteed the Delphi Corporation's et al debtors, debts by co-providing cash collateral under certain Revolving Credit, Term Loan, and Guaranty Agreement

financings, as "LENDERS", "SYNDICATION AGENT", and also debtors-in-possession whose specific location is "NOT" identified.

## VIII

Defendant, General Motors Board of Directors, and John Devine General Motors Corporation CFO are listed as the person(s) familiar with Debtor's Account that shows on the Delphi's Corp., Consolidated List of Creditors Holding the Fifty largest Unsecured Claims and a location of the General Motors Corporation, 300 Renaissance Center, P.O. Box 300, Detroit, Michigan, 48265-3000.

## IX

Defendant, General Motors Corporation, the GM Powertrain and its officer or employee Will bennett, 920 East Leith Street, Flint, Michigan, 48550 is conspiring to deprive Complainant of the $140,000.00 fraudulent Special Attrition Plan (SAP) retirement and non-forfeitable vested pension that have been accruing since Complainaints legal hire-in date to GM which was June 13, 1973, "THIRTY-THREE" years ago!

## X

Defendant, General Motors Corporation and Richard Wagoner its Chairman and CEO has the business address of the General Motors Corporation, 300 Renaissance Center, P.O. Box 300, Detroit, Michigan, 48265-3000.

## XI

Defendant, the Delphi Corporation Board of Directors and John D. Sheehan, Vice President and Chief Restructuring Officer has the

business address of Delphi Automotive Systems (Holding), Inc.,
5785 Delphi Drive, Troy, MIchigan, 48098-2815.

## XII

Defendant, Ron Gettelfinger the non-membership elected President
of the International United Auto Workers is located at the Inter-
national Union, UAW, 8000 E. Jefferson Avenue, Detroit, Michigan,
48214.

## XIII

Defendant, Richard Shoemaker, recently retired "THIRTY-YEARS
PLUS", non-membership elected Vice President of the International
UAW - General Motors Department - located at the International
Union, UAW, 8000 E. Jefferson Avenue, Detroit, Michigan, 48214.

## XIV

Defendant, Ca. Rapson the non-membership elected Vice
President of the International Union, UAW, and Director of the
General Motors and Delphi Departments by illegal appointment, is
located at the International Union, UAW, 8000 E. Jefferson
Avenue, Detroit, Michigan, 48214.

## XV

Defendant, Jeffrey Cohen, the unstatutory and unconstitutional
Chief Counsel of the Pension Benefit Corp., has the business
address of 1200 K Street, N.W., Washington, D.C. 20001.

XVI

**Primary Facts Sufficient To Make Prima Facie Showings Against Each Named Defendant - Separately And Co-Conspiringly - Establishing Probable Cause Requirements And Prima Facie Showings That There Has Been And Continues To Be Invasions of Complainant And Family's Rights For "7" Plus Years Is Stated As The Following!**

1.  On October 8, 2005, the Delphi Corporation (that spun-off from its parent the General Motors Corporation in 1999), allegingly, filed the illegal Petition for bankruptcy VOLUNTARILY in the U.S. Bankruptcy Court for the Southern District of New York 100% fraudulently and this activity set-up one crime after another being committed in the Delphi Corp., et al debtors case against this Complainant et al!

2.  The Delphi Corporation is headquartered in Troy, Michigan, and by law "ANY" bankruptcy filing was "BOUND" to be filed in the United States District Court For the Eastern District of "MICHIGAN" U.S. Bankruptcy Court according to specific Federal district territory limitations of the United States Code clearly showing that continuous crimes are being committed against Complainant, hundreds of thousands of hourly auto industry employees and the public commerce interest and "BOUND" by law to be prosecuted.

3.  Yet, on October 8, 2005, Defendants John D. Sheehan, SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, JPMorgan Chase Bank, N.A., Citigroup USA, Inc., General Motors Corporation, GM's Chairman and CEO Richard Wagoner, GM's CFO John Devine, the International Union of the UAW, its President Ron Gettelfinger, its Vice President of the GM Department Richard Shoemaker, the Pension Benefit Guarantee

Corporation et al, conspired, then co-conspired with Clerk of the
Court Kathleen Farrell-Willoughby to complete the criminally
prohibited case filing in the New York court in deliberate viola-
tions of the Michigan Federal court jurisdiction self-evidencing the
continuous committing of crimes herein and 100% disrespect or
contempt of the court, the law, Complainant and hundreds of thou-
sands of hourly auto workers entitled to monetary property rights
resulting in these citizens "NOT" having money to live on for the
remainder of their lives after serving the corporations for "30"
years!  And "BOUND" by law to be prosecuted.

4.  Exhibit #2 is a copy of the Voluntary Petition filed
clearly showing on "FORM B1" that the Delphi Automotive Systems
(Holdings), Inc., is a "TROY, MICHIGAN" located or addressed debtor
prohibiting the New York court filing by law and clearly evidencing
repeated crimes being committed, "BOUND" by law to be prosecuted.

5.  Exhibit #3 is a copy of "FORM B1, Page 2" of the Voluntary
Petition showing the "ELECTRONIC SIGNATURES" of John D. Sheehan who
is 100% prohibited by law from the legal representation of the
Delphi Corporation in "ANY" Court according to the United States
Code based on being an officer of the corporation and evidencing
continuous crimes being committed, "BOUND" by law to be prosecuted.

6.  Exhibit #4 is a copy of the Voluntary Petition's
"SCHEDULE I" where the conspirators et al, "ADMITS" that, "...ON
THE DATE HEREOF...", which was October 8, 2005, the affiliates did
"NOT" have any "PREVIOUS" filing in the New York court; yet,
criminally prohibited false pretenses was 100% engaged in to
fraudulently validate the parent Delphi Corporation's filings that

the co-conspirators, the bankruptcy and bank frauders etc., foreknew

were deliberate, repeated crimes being uncontrollably committed,

"BOUND" by law to be prosecuted!

    7.  As the legal advisors located in New York, SKADDEN, ARPS,

SLATE, MEAGHER & FLOM LLP, including its office located in Chicago,

as shown on Exhibit #3, they had a duty to represent or advise their

client - Delphi Corp., et al - within the bounds of the law but

deliberately neglected to for the purpose of extorting "MULTI-

BILLIONS OF DOLLARS"fraudulently for its own cut of the embezzled

etc., wealth and they are continuing to "NOT" represent lawfully

"10" months afterwards, beginning with the illegal jurisdiction

conspired Voluntary Petition filings et al, which are unquestionable

activities self-evidencing the deliberate committing of "ON-GOING",

additional, compounding of crimes against Complainant et al, that

are "BOUND" by law to be prosecuted.

    8.  Exhibit #4 is a copy of the Voluntary Petition's "Consoli-

dated List Of Creditors Holding The 'FIFTY' Largest Unsecured

Claims", which shows that GM is listed number "1"; yet, GM's legal

advisors, its Board of Directors, its CFO John Devine, its Chairman

and CEO Richard Wagoner et al, knows or should know that the New

York bankruptcy court does "NOT" have lawful "jurisdiction" of this

case and is racketeering, extorting, frauding, embezzling, obstruct-

ing justice, bankruptcy frauding, bank frauding, engaging in

criminal financial institution violations, civil and human rights

violations, conspiracies, criminal contempt, embezzlement and theft

from hourly employees benefit entitlements including crimes under

each of the above cited statutes Sections, and prohibited offenses

"BOUND" by law to be prosecuted.

9.   Exhibit #5 shows that the Pension Benefit Guaranty Corp.,
and Chief Counsel Jeffrey Cohen is engaging in bankruptcy fraud,
bank fraud etc., as the number "3" creditor, notwithstanding that
the New York bankruptcy court does "NOT" have legal jurisdiction
over the Delphi Corporation nor this fraudulent case, more than
$2 billion is being extorted, embezzeled etc., by Jeffrey Cohen via
the PBGC based on the number "6" listed creditor's claim amounting
to $2 billion.

10.   Exhibit #5 shows that the United Auto Workers and Richard
Shoemaker is engaging in bankruptcy fraud and bank fraud etc., as
the number "4" creditor, although the New York bankruptcy court
does "NOT" have legal jurisdiction over the Delphi Corporation nor
this fraudulent case and conspiracies with this Defendant has been
set up to receive more than the number "6" named creditor who is
receiving $2 billion and without any justification as a non-
membership elected body who is "required" to be directly elected by
the hourly workers; yet, never was elected by the guaranteed
"SECRET BALLOT" voted by each employee in the "33" years Complainant
has been a local member that are continuous crimes being committed
against Complainant, hundreds of thousands of hourly auto industry
employees, as well as the public "COMMERCE" interest and is "BOUND"
by law to be prosecuted.

11.   The Constitutional right to exercise the right to "VOTE"
has been, will continue to be violated by the non-member elected
"OFFICES" of the International Union of the UAW etc., in direct
conspiracies with the named defendants at the General Motors and
Delphi etc., Corporations to engage in the rackeerings, robberies,
extortions, fraudings, excessive income taxations seizures of

hourly employees monetary and other properties, including the illegal price-fixing of this Complainant's et al, pension that is "NOT" a collective bargained subject matter that discloses offenses and aggressions, attacking basic citizenship rights that prohibits "VOTING FRAUD", interferences with Constitutional Citizenship entitlements to "TIMELY" pensions that 100% "VESTED" or possessable by this Complainant "6" years of service to the corporation yet neglecting to be paid after "33" years of service or "85" years of "AGE" and service but the applicable law only requires a total of "55"; continuous crimes are clearly being committed against Complainant, hundreds of thousands of hourly employed auto industry workers, as well as the public "COMMERCE" interest and is "BOUND" by law to be prosecuted.

12. Bankruptcy is "NOT" one of the three authorized subject matters of collective bargaining which has been restricted to wages, hours and safety conditions inside the plant "ONLY"; yet, embezzlements and thefts, extortions and threats, racketeerings etc., is causing Complainant and family inhuman "7" years and continuing of human rights losses of 100% of "ALL" employee accrued compensations, benefits, non-wage income, pensions "VESTED" with and accumulated over "33" years etc., based on the illegal monopolies and combinations of monopolies wrongful engagements by each of the named Defendants herein individually and as co-conspirators which clearly shows prohibited crimes being committed, "BOUND" by law to be prosecuted!

13. Federal criminal laws prohibiting "ELECTION" and "VOTING" frauds makes it unlawful to conspire to injure etc., this citizen et al, in free exercise or enjoyment of right or privilege secured

to him by Constitution or laws of the United States clearly evidences

that the International Union of the UAW monopolistic method of using

non-elections to put officers in offices to deceitfully misrepresent

hourly employees at constitutional conventions held in Las Vegas etc.,

are prohibited crimes being committed, and "BOUND" by law to be

prosecuted.

14.  A law of the United States under the National Labor Relations

Act states and defines the rights of employees to organize and to

bargain collectively with their employers through "representatives"

of their "OWN" choosing or "NOT" to do so, is monopolized by the

Delphi et al, corporations frauding more than $2 billion plus to the

International Union of the UAW in this case under the fraudulent

disguise of wages and benefits that it does "NOT" owe the Union,

yet, for "7" years and continuing the GM nor Delphi corporations

will end the 100% illegal seizures of Complainant's wages, benefits,

priority claims etc., which are prohibited crimes being committed

herein, "BOUND" by law to be prosecuted.

15.  Subversively and seditiously filling the offices of the

International Union of the UAW with officers such as Defendants

Ron Gettelfinger, Richard Shoemaker, Cal Rapson, including

REGIONAL offices using methods that continues to deprive each and

every hourly employee a "SECRET-BALLOT ELECTION" is prohibited by

the U.S. Constitution and laws of the United States such as the

National Labor Relation Act and are outlawed crimes being committed

against Complainant et al, "BOUND" by law to be prosecuted.

16.  The Federal criminal laws cited and applicable prohibits

conspiracy to interfere with rights secured by the Constitution and

laws of the United States, outlaws interference with Complainant's

et al, "VOTING RIGHTS" and "SECRET-BALLOT ELECTION RIGHTS" etc., and

are rights established by the United States Constitution and laws

that the International Union of the UAW is in collusions with and

conspiracies with the Delphi Corporation, the GM Corporation et al,

by subversively and seditiously being paid fraudulent wages and

benefits amounting to multi-billions of dollars using bankruptcy

frauds, banking frauds etc., in this case that is clearly the

racketeerings, extortions and frauds robberies of wealth belonging

to the corporations hourly employees being illegally claimed,

illegally paid to the UAW et al, as well as illegally used to

monopolize the Federal rights guaranteed to be protected by the

Government to directly "VOTE" to "CHOOSE" office holding representa-

tives within the International UAW, the Regional offices, so-called

'union benefit' representatives etc., and are clearly evidenced

crimes being committed against Complainant et al, "BOUND" by law to

be prosecuted.

17.   It is "NOT" under the power of the National Labor Relation

Act nor Board to prosecute "prosecutable" offenses against the Laws

of the United States, but it is the duty of the U.S. Attorneys,

assistant U.S. Attorneys, U.S. Magistrates etc., to prosecute these

uncontrolled crimes against organized criminal extortions, embezzle-

ments, racketeerings, robberies etc., by the named defendants of

100% of this Complainant and Family's living non-wage compensations

and benefits for "7" plus years 100%, including the illegal seizure

of the priority monetary property claims in the Delphi Corp., et al,

bankruptcy case, which are clearly evidenced crimes being committed

by the named defendants individually and co-conspiringly and required

by law to be brought to speedy justice!

18.   The law clerk of Judge Robert D. Drain     identified himself as John Lucas in several telephone conversations; yet, this law clerk refuses 100% to mail verbal Orders and his exercise of arbitrary judicial power "NOT" vested in him to extort the payments owed on the Delphi Corp., et al, bankruptcy case, threatens and is carrying out the threats of "NOT" disbursing even one dime unless a non required Motion instead of the Ex Parte Applications are filed, notwithstanding the non-payment is described as bankruptcy fraud, extortions, embezzlements, racketeerings, robberies etc., under the laws of the United States which are clearly evidenced crimes being committed by the named defendants, individually and co-conspiringly and required by law to be brought to speedy justice.

19.   LATHAM & WATKINS LLP, Robert J. Rosenberg, Mitchell A. Seider and Mark A. Broude are engaging in long-term bankruptcy fraud activities, the same extortions, embezzlements, racketeerings, frauds etc., criminal prohibitions that was previously used in the "SEARS" class action to illegally seize millions of dollars from Complainant, assertedly, and as the bankruptcy frauding, bank frauding, monopolistic and combination of monopoly 'Official Committee of Unsecured Creditors' is illegally conspiring, seizing millions of dollars of monetary property legally owned by this Complainant in Delphi Corp., et al, that are clearly evidenced crimes being committed by the named defendants, individually and co-conspiringly that is required by law to be brought to speedy justice.

20.   Jeffrey Cohen the Chief Counsel at the illegal Pension Benefit Guaranty Corp., has conspired to seize Complainant et al, pensions earned and accrued over the "33" years of the GM/Delphi

Corps., employer and employee relationship, notwithstanding that the "ONLY" three subject matters authorized by the collective bargained Agreement to be negotiated between the GM/Delphi Corporations and the International Union of the UAW are wages, hours, and safety conditions inside the workplace, itself, which does "NOT" authorize "PENSIONS" and is an individually "VESTED" account fully or 100% vested and nonforfeitable after "6" years, by law; yet, after "33" years 100% of Complainant's pension is being extorted, racketeered, frauded, robbed, embezzled etc., by this "NONGOVERNMENT" agencies operations while compounding the offenses by being illegally invested with more than $2 billion in the bankruptcy frauded, bank frauded etc., Delphi Corp. et al, debtors, debtors-in-possession case that are clearly evidenced crimes being committed by the named defendants, individually and co-conspiringly that is required by law to be brought to speedy justice.

21.  The General Motors Board of Directors and the Corporation's CFO John Devine are knowingly engaging in conspiracies of bankruptcy frauds, banking frauds, RICO activities etc., with the Delphi Corporation, JPMorgan, Citigroup USA, Inc., the International UAW and the named defendants et al, to illegally seize Complainant's pension for "7" years and continuing, to illegally seize multi-millions of dollars of monetary properties provided under several insurance plans "vesting" employees (Complainant) and is illegally seizing the multi-millions of dollars of uncontested, non-objected to, non-scheduleable bankruptcy estate monetary property legally owned by Complainant since October 8, 2005, from Delphi Corp., JPMorgan Chase Bank N.A., Citigroup USA, Inc., et al, debtors, debtors-in-possession case that are clearly evidenced crimes being

committed by the named defendants, individually and co-conspiringly

that is required by law to be brought to speedy justice.

22.   The General Motors Corporation, the GM Powertrain and its
officer or employee Will Bennett are knowingly engaging in conspiracies
of bankruptcy frauds, banking frauds, RICO activities etc., with the
Delphi Corp., JPMorgan, Citigroup USA, Inc., the International UAW
and the named defendant officers et al, to illegally seize
Complainant's pension for "7" years and continuing, to illegally
seize the multi-millions of dollars of monetary properties provided
under several insurance plans "VESTING" employees (Complainant) and
is illegally seizing the multi-millions of dollars of uncontested,
non-objected to, non-scheduleable bankruptcy estate monetary
property statutorily and legally owned by Complainant since
October 8, 2005, and with specificity the 'SPECIAL ATTRITION PLAN'
(SAP) payments of $140,000.00, including the "VESTED", nonforfeitable
monthly pensionillegally and falsely pretended to be granted GM in
conspiracies with the Delphi Corp., JPMorgan Chase Bank N.A.,
Citigroup USA, Inc., et al, debtors, debtors-in-possession case
that are clearly evidenced crimes being committed by these named
defendants, individually and co-conspiringly that is required by
law to be brought to speedy justice.

23.   The General Motors Corporation's Chairman and CEO Richard
Wagoner is charged with "ALL" of the above-stated bankruptcy frauds,
bank frauds, RICO conspiracies, as well as publicly ordering a
"murder" for hire "HIT" on Complainant in the headline or top story
in the Flint Journal Newspaper on October 18, 2005, deceptively;
since the publishing of Wagoner's picture and $2,300 "HIT" offered
to any one or everyone Complainant and Family's lives is being

threatened everyday, whether at home or going to work, driving down
the street or cutting the grass or blowing the snow, whether in
praise and prayer service at church or at the grocery store,
twenty-four hours, seven days a week for "10" months and crimes of
assaults with deadly weapons and nonsense murders using firearms on
the northside of the City of Flint, Michigan, and specifically in
Complainant's neighborhood has increased to the level that has
surpassed large cities such as Detroit, Michigan, Los Angeles,
California, Houston, Texas etc., to give the city a ranking as the
#2 murder capital in the United States during the past "10"
months and is continuing with "TWO" little girls riding in the car
with family members on Thursday July 6, 2006,      gunned down just
a few houses away from Complainant's residency; the timing at
2:30PM was "timing" Complainant's daily departure at that same time!
This is clear evidence of repeated and continuous organized criminal
acts against Complainant's life and property entitlements being
jeopardized and threatened every single "HOUR", every single "DAY"
for "10" plus months by these named defendants, individually and
co-conspiringly that is required by law to be brought to speedy
justice.  See Exhibits #6, #7, and #8!

24.  Exhibit #9 is a letter dated December 13, 2005, from
Kathleen Farrell-Willoughby the clerk of the U.S. Bankruptcy Court
for the Southern district of New York acknowledging the receiving of
Complainant's claims almost "2" months after the claims were
required to be recorded although the clerk's office is a nondiscre-
tionary, nondecision-making, statutory functioning office the legal
"MISREPRESENTATIONS", bankruptcy frauds, bank frauds etc., are
clearly evidenced by the clerk making "ANY" explanation whatsoever,

and the explanations made openly by her is the admissions of being

100% "GUILTY" of obstructing justice, contempts, embezzlement and

thefts, extortion and threats to deprive rights under color of law,

conspiracies against the rights of citizens etc., as cited above,

Section by Section, which warrants speedy prosecution and conviction.

25. Exhibit #9 clearly evidences that the clerk stated, "As I

explained to you telephonically today, I cannot issue an order to

pay any of these claims", is the proof of bankruptcy frauds engage-

ments etc., involved in by this clerk further confirmed by:

(i) Exhibit #10 that was part of the Voluntary Petition

filed on October 8, 2005, by John D. Sheehan the Delphi Corp., vice-

president and chief restructuring officer identified as the "Delphi

Automotive Systems (Holding), Inc. Unanimous Written Consent Of The

Board Of Directors", providing the statutory security by Delphi sub-

mitting itself and "MULTI-BILLIONS" of dollars to the court's

jurisdiction as surety agents to pay "ALL" Delphi's liabilities and

expenses using certain Revolving Credit, Term Loan, and Guaranty

Agreement to be dated the date of the filing of the petition or on

October 8, 2005...which Loan Documents (A) provide the Parent with

loan facilities of $2,000,000,000.00 that and (B), required "ALL"

of the Parent's obligations therein to be guaranteed..., including

the priority payment of Complainant's valid and allowed claim.

(ii) Provisional and final remedies mandated that the

debtors et al, give security or other undertaking and to submit to

the jurisdiction of the U.S. District Court for the Southern District

of New York's Bankruptcy Division, which it did, and further

authorized that the clerk thereby be "IRREVOCABLY" appointed

−19−

the debtors surety's "AGENT" upon whom any papers affecting the surety's liability for Complainant's claim's payment may be served.

(iii) The provisional and final remedies also commanded or authorized the clerk, Kathleen Farrell-Willoughby to enforce the surety's liability when application was made directing or requesting the enforcement without the necessity of an independent action, yet, the clerk is repeatedly and continuously engaging in criminal conspiracies, bankruptcy frauds, bank frauds etc., for "10" months to illegally "NOT" disburse Complainant's monetary property which are 100% offenses against the laws of the United States she is "BOUND" to be prosecuted for knowingly violating.

26. As required this Criminal Complaint is the written statements clearly evidencing the essential facts constituting some of the known offenses that the above-named defendants are authorized by Federal criminal laws or statutes to be charged with disclosing 100% probable cause to issue the demanded arrest warrants and to recover Complainant's extorted property.

27. However, there is well-known authority to granting this criminal complaint to be filed with this magistrate where it need "ONLY" charge crime and need "NOT" show probable cause on its face to give jurisdiction to the magistrate.

28. Notwithstanding that the First Amendment to the Bill of Rights of the U.S. Constitution provides the individual citizen with private rights to petition the Government for the redress of grievances in "GENERAL" which necessarily satisfies the "ONE FORM" jurisdictional limitations to "CIVIL ACTIONS" provided under Rule 2 of the Federal Rules of Civil Procedure that is applicable to

to criminal proceedings, it is demanded and asserted, attached as an
insurance policy are two different letters from Assistant United
States Attorney David S. Jones approvals for this Complainant to file
these criminal complaints.

29.   Forum non conveniens clearly exists evidencing the New York
located U.S. District Court, including the Bankruptcy Division being
an inconvenient court(s) for Complainant to personally appear before
to make this Criminal Complaint upon oath before a magistrate of this
New York court; however, the oath requirements is shown to be
satisfied by Exhibits #11 and #12 based on the United States Attorney
for the Southern District of New York office authorizing these
Criminal Complaints.  See Rules 1, 2, 3, 4, 5, 5.1 et seq., 54 (a)
FEDERAL CRIMINAL PROCEDURE
et seq.; BYRNES -V- U.S., C.A. Cal. 1964, 327 F.2d 825, cert den 84
S.Ct. 1652, 377 U.S. 970, 12 L.Ed.2d 739; U.S. -V- BRYSON, D.C. Okl.
1977, 434 F.Supp. 986.

30.   In U.S. -V- WALKER, C.A.N.Y. 1952, 197 F.2d 287, cert den
73 S.Ct. 172, 344 U.S. 877, 97 L.Ed. 697, the higher New York Court
of Appeals agreed and their Agreement was supported by the United
States Supreme Court that, "Complaint substantially following
statutory language of offense charged was sufficient", and Complain-
ant's Criminal Complaints herein are following the statutory
language of each offense charged where each offense charged is 100%
injurious to Complainant and the public and "BOUND" by law to be
prosecuted.

31.   There is no other case like this in the history of the
modern day United States court and judicial system asserting that no
prior Supreme Court case context nor any other court's is substan-

tially similar; this New York Court's jurisdictional authority cannot be questioned by any defendant's theory or further false pretenses under color of law; Complainant's Criminal Complaints shows substantiality of constitutional claims, grievances and charges beyond any reasonable "PERSON'S" reasonable doubt; the constitutional claims, grievances and charges cannot be prejudiced nor discriminated against by any authority or than the "JURY'S" unjust decision; but, when these cases get to the juries the substantial federal jurisdiction exercise is justifiably completed as the laws requires it to be herein. See MELCHER -V- BLUM (1980, SD NY) 507 F Supp 14.

32. This Affiant's or Complainant's or Deponent's answer to the Magistrate's hypothetical question of, "What makes you and me think that the defendants committed the offenses charged", is:

(i) Personal knowledge and personal injuries being repeatedly suffered by these prohibited activities being carried out against Complainant for "7" plus years that are continuing to be illegally inflicted.

(ii) The above-stated offenses are also injurious to the public and are "similarly" being used to attack hundreds of thousands of other public citizens who are hourly employed auto workers, including our families that are compounding prohibited criminal etc., injuries to an aggregate of millions of innocent citizens that is clearly evidenced within the Complaint where great documentary proofs also exists on public records in this New York court's clerk's office of the Bankruptcy Division clearly establishing the incriminating facts of information that "BINDS" on this Court the "CONSTITUTIONAL" and "STATUTORY" duties to justly arraign,

indict and formally charge each defendant as is truthfully accused.

(iii)  On July 12, 2006, SKADDEN, ARPS, SLATE, MEAGHER &

FLOM LLP offices located in New York and Chicago, Illinois, continued

to engage in the offenses of bankruptcy frauds, bank frauds, racketeer-

ings, extortions, frauds, conspiracies, obstructions of justice etc.,

by serving upon Complainant via FedEx Express an additional document

evidencing their concerted criminal activities identified as <u>'Debtors'</u>

<u>Response To Lafonza Earl Washington's Demand For Immediate Distribu</u>

<u>tion'</u>:

A.  These attacks are further contempt of the court's

authority because no Order was granted to this racketeer influence

corrupt organization to file this prejudicial document on the

court's records.

B.  These documents are 100% "<u>VOID</u>" based on no seal of the

court proved it was even filed in the clerk's office as required

to be.

C.  No signature of any attorney's "<u>OWN HAND</u>" clearly shows

that this firm and the "<u>5</u>" different attorneys whose names are typed

in "<u>NOT</u>" signatorized knows that there is "<u>NOT</u>" one statute of the

United States, nor Federal Rules of Bankruptcy Procedure, nor

Federal Rules of Civil Procedure, nor valid and binding contract

existing for them to be retained as legal attorneys of Delphi's et al,

based on Exhibit #10, the 'Delphi Automotive Systems (Holding), Inc.

Unanimous Written Consent Of The Board Of Directors' proposing the

petition to be filed by the Corporation in the United States

Bankruptcy Court for the Southern District of New York, instead of

Delphi's legally required jurisdiction which is The United States

District Court for the Eastern District of "Michigan's" Bankruptcy

Court Division and is admissions of "GUILT" that they have no

authority to be falsely pretending or falsely personating as

Delphi's attorneys who are illegally bankruptcy frauding more than

$175,000.00 a month in fees "NOT" earned for services rendered!  See

Exhibit #13.

   D.  "NOT" one Proof of Service nor Return of Service of any

documents filed or falsely pretended to be filed is shown to be

legally recorded with the Clerk of the U.S. Bankruptcy Court for the

Southern District of New York as required by law to be; unless a

filing and transmittal of papers, lists, schedules, statements,

proofs of claim or interest, complaints, motions, applications,

objections and other papers (NOTICES as well as the original

Voluntary Petition itself), is filed with the clerk it has no legal

force; the clerk of this court's bankruptcy's division Kathleen

Farrell-Willoughby including each of the other named defendants and

a perpetrator "NOT" named Kurtzman, Carson Consultants the fraudu-

lent Notice and Claims Agent of the Delphi Corporation with

addresses at 12910 Culver Blvd., Suite 1, Los Angeles, California,

90066, telephone 1.310.823.9000 and PO Box 4005, Venice, California,

90291, knowingly are perpetrating the "LARGEST" bankruptcy frauds,

bank frauds, extortions of employee benefits and "ALL" other hourly

employee etc., monetary properties in the history of the United

States amounting to an estimated $54 BILLION and more that are

clearly evidenced crimes or offenses against the laws of the United

States "BOUND" to be prosecuted and speedy justice with recovery of

Complainant's stolen property returned immediately!

   E.  The original website of the U.S. Bankruptcy Court for

the Southern District of New York provided on the original Case

Information page has also disappeared from this court's system at

www.nysb.uscourts.gov, which are clearly evidenced activities of

these organized criminal attempts to fraudulently conceal and

suppress their "GUILTY" tracks of the engagement in crimes and

offenses against the laws of the United States "BOUND" to be

prosecuted, convictions handed out, forfeitures of properties

etc.!  See Exhibit #14.


            "I DECLARE, AFFIRM, APPROVE, CONFIRM,
            ATTEST TO OR BEAR WITNESS THAT THE
            STATEMENTS ABOVE ARE TRUE TO THE BEST
            OF MY INFORMATION, KNOWLEDGE AND BELIEF."


                    BY: Lafonza Earl Washington
                        Complainant/Affiant/Deponent


Dated:  July 14, 2006

## PROOF OF SERVICE

STATE OF MICHIGAN)
               )
COUNTY OF GENESEE)


I, Lafonza Earl Washington deposes, states:

That on July 15, 2006, he did serve by United States Postal
Service mail, postage prepaid, the documents identified below
upon the persons, firms, corporations, businesses etc.:

    1.   The above-named Complainant/Affiant/Deponent
        Criminal Complaint Arising Under Title 18 of the
        United States Code Sections 18; 20; 21; 23; 24;
        151; 241; 242; 281; 371; 401; 470; 591; 641;
        871; 911; 981; 1001; 1071; 1231; 1341; 1361;
        1501; 1581; 1621; 1691; 1901; 1951; 1961; 2071;
        2111; 2311; 2331; 2340; 2381 Etc.

                    -and-

        Arising Under Provisions Of The United States
        Constitution Articles 1; 2 § 2, Clause 2; 3;
        4; 5; And 6 § 3.

                    -and-

        Arising Under Amendments 1; 5; 8; 9; 10; 13;
        14; 15; 16 Etc., To The United States Constitution

                    -and-

        Arising Under Acts Of Congress Pursuant To Title 18
        U.S.C. §§ 18; 20; 21; 23; 24; 151; 241; 242; 281;
        371; 401; 470; 591; 641; 871; 911; 981; 1001; 1071;
        1231; 1341; 1361; 1501; 1581; 1621; 1691; 1901; 1951;
        1961; 2071; 2111; 2311; 2331; 2340; 2381 Etc.;
        Title 15 U.S.C. §§ 1 Et Seq., 15 Et Seq.;
        Title 42 U.S.C. §§ 1982, 1983, And 1987

                    -with-

        Affidavits In Support Of The Request To Issue
        Arrest Warrants On Each Named Defendant
                Severally And Separately.

Please file according to the Federal Rules of Civil Procedure's
Rules 1, 2, 3 etc., "ONE FORM" of action requirements authorized
this for civil, including Rules 4.1 (a) and (b), 5 (a), (b) (1)



and (2), (c), (d), and (e), 77 (a) et seq., as well as the
Federal Rules of Bankruptcy Procedure, Rule 5005 (a) (a).

BY: Lafonza Earl Washington
Complainant/Affiant/Deponent

Mailed to:

    Clerk of the Court
    United States District Court
    Southern District of New York
    500 Pearl Street, Room 200
    New York, N.Y.  10007

    Clerk of the Court
    U.S. Bankruptcy Court
    Southern District of New York
    One Bowling Green
    New York, N.Y.  10004

    Ronald L. Ellis or
    The Chief United States Magistrate Judge
    United States District Court
    Southern District of New York
    500 Pearl Street, Room 1970
    New York, N.Y.  10007

    United States Department of Justice
    Alberto Gonzalez, U.S. Attorney General
    950 Pennsylvania Avenue, N.W.
    Washington, D.C.  20530-0001

    United States Department of Justice
    Michael J. Garcia
    United States Attorney
    Southern District of New York
    c/o David S. Jones, Assistant U.S. Attorney
    86 Chambers Street, 3rd Floor
    New York, N.Y.  10007

    United States Marshal For the
    United States District Court
    Southern District of New York
    500 Pearl Street
    New York, N.Y.  10007

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
      Kayalyn A. Marafioti
      Thomas J. Matz
    Four Times Square
    New York, N.Y.  10036

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
  John Wm. Butler, Jr.
  John K. Lyons
  Ron E. Meisler
333 West Wacker Drive
Chicago, IL  60606

Greg Farrell, Journalist
USA Today
535 Madison Avenue, 20th Floor
New York, N.Y.  10022
Fax: 212.715.5435

Terry Deering, Editor
The Flint Journal
200 E. First Street
Flint, MI  48502-1925
Tel: 810.766.6100

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - x
                        :

In re                      :   Chapter 11
                         :

DELPHI CORPORATION, et al.,   :   Case No. 05-44481 (RDD)
                         :

             Debtors.   :   (Jointly Administered)
                         :

- - - - - - - - - - - - - - - - - - - - - - - - x


**NOTICE OF HEARING ON FIRST DAY MOTIONS**

PLEASE TAKE NOTICE THAT on October 8, 2005 (the "Petition Date"),

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate

Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"), filed voluntary petitions for reorganization relief under Chapter 11 of title 11 of the

United States Code, 11 U.S.C. §§ 101 - 1330, as amended (the "Bankruptcy Code"), in the

United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that on October 8, 2005, the Bankruptcy

Court entered the following orders (copies of which may be obtained at www.delphidocket.com):

1.  **"Joint Administration"** - Order Authorizing Joint Administration (Agenda Item No. 1; Docket No. 28);

2.  Order Authorizing Admission Pro Hac Vice Of John Wm. Butler, Jr., John K. Lyons And Ron E. Meisler (Agenda Item No. 2; Docket No. 33);

3.  Order Authorizing Admission Pro Hac Vice Of Charles E. Brown And Joseph E. Papelian (Agenda Item No. 3; Docket No. 34);

4.  **"Human Capital Obligations"** - Bridge Order Under 11 U.S.C. §§ 105(a), 363, 507, 1107, And 1108 (I) Authorizing Debtors To Pay Prepetition Wages And Salaries To Employees And Independent Contractors, (II) Authorizing Debtors To Pay Prepetition Benefits And Continue Maintenance Of Human Capital Benefit Programs In Ordinary Course, And (III) Directing Banks To Honor Prepetition Checks For Payment Of Prepetition Human Capital Obligations (Agenda Item No. 10; Docket No. 31);

5.  **"Essential Suppliers"** - Bridge Order Under 11 U.S.C. §§ 105(a), 363, 364, 1107, And 1108 And Fed. R. Bankr. P. 6004 And 9019 Authorizing Continuation Of Vendor Rescue Program And Payment Of Prepetition Claims Of Financially-Distressed Sole Source Suppliers And Vendors Without Contracts (Agenda Item No. 15; Docket No. 30);

6.  **"Foreign Creditors"** - Bridge Order Under 11 U.S.C. §§ 105(a) And 363(b) Authorizing (I) Payment Of Prepetition Obligations To Foreign Creditors And (II) Financial Institutions To Honor And Process Related Checks And Transfers (Agenda Item No. 16; Docket No. 32);

7.  **"Administrative Expense"** - Bridge Order Under 11 U.S.C. § 503(b) Confirming Grant Of Administrative Expense Status To Obligations Arising From Postpetition Delivery Of Goods And Authorizing Debtors To Pay Such Obligations In Ordinary Course Of Business (Agenda Item No. 18; Docket No. 35);

8.  **"Shipping And Customs"** - Bridge Order Under 11 U.S.C. §§ 105 And 363(b), 1107, And 1108 Authorizing Payment Of Certain Prepetition (I) Shipping And Delivery Charges For Goods In Transit And (II) Customs Duties (Agenda Item No. 20; Docket No. 40);

9.  **"Cash Management"** - Bridge Order Under 11 U.S.C. §§ 363 And 553 Authorizing (I) Continued Maintenance Of Existing Bank Accounts, (II) Continued Use Of Existing Cash Management System, (III) Continued Use Of Existing Business Forms, (IV) Preservation And Exercise Of Intercompany Setoff Rights, And (V) Grant Of Administrative Priority Status For Postpetition Intercompany Transactions (Agenda Item No. 22; Docket No. 36);

10.  **"Investment Guidelines"** - Bridge Order Under 11 U.S.C. § 345 Authorizing Continued Use Of Existing Investment Guidelines (Agenda Item No. 23; Docket No. 38);

11.  **"Customer Programs"** - Bridge Order Under 11 U.S.C. §§ 105(a), 363, 1107, And 1108 Authorizing The Debtors To Honor Prepetition Obligations To Customers And To Otherwise Continue Customer Programs In Ordinary Course Of Business (Agenda Item No. 24; Docket No. 39);

12.  **"Cash Collateral"** - Bridge Order Under 11 U.S.C. §§ 361, 362, And 363 Authorizing Use Of Cash Collateral And Adequate Protection To Prepetition Secured Parties (Agenda Item No. 28; Docket No. 46); and

13.  **"Derivative Contracts"** - Bridge Order Under 11 U.S.C. §§ 105, 363, 1107, And 1108 And Fed. R. Bankr. P. 4001 Authorizing Debtors To Enter Into, Continue Performance Under, And Provide Credit Support Under Derivative Contracts (Agenda Item No. 30; Docket No. 45).

PLEASE TAKE FURTHER NOTICE THAT a hearing will be held on October 11, 2005 at 4:00 p.m. (Eastern Time), or as soon thereafter as counsel can be heard, before the Honorable Judge Robert D. Drain, United States Bankruptcy Judge for the Southern District of New York, Room 601, 6th Floor, One Bowling Green, New York, New York 10004, to consider the following motions filed by the Debtors on the Petition Date:

1.  **"Consolidated Lists"** - Motion For Order Under 11 U.S.C. § 521 And Fed. R. Bankr. P. 1007(a) Authorizing Debtors To (I) Prepare Consolidated List Of

PLEASE TAKE FURTHER NOTICE THAT copies of the first-day hearing notice and the first-day motions are posted on www.delphidocket.com.   Parties may participate or attend this hearing in person or by telephone.  Telephonic participation and attendance is available by calling Court Conference at (866) 582-6878.  Parties wishing to appear through Court Conference should contact Court Conference as early today as possible to register.  Under no circumstances may any participant or attendee record or broadcast the proceedings conducted by the Bankruptcy Court.

Dated:  New York, New York
        October 11, 2005

                          SKADDEN, ARPS, SLATE, MEAGHER
                          & FLOM LLP

                          By:  _s/ John Wm. Butler, Jr_
                             John Wm. Butler, Jr.
                             John K. Lyons
                             Ron E. Meisler
                          333 West Wacker Drive, Suite 2100
                          Chicago, Illinois  60606
                          (312) 407-0700

                             - and -

                          By:  _s/ Kayalyn A. Marafioti_
                             Kayalyn A. Marafioti (KM 9632)
                             Thomas J. Matz (TM 5986)
                          Four Times Square
                          New York, New York 10036
                          (212) 735-3000

                          Attorneys for Delphi Corporation, et al,
                             Debtors and Debtors-in-Possession

| FORM B1 | United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Delphi Automotive Systems (Holding), Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>**N/A** | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No.<br>(if more than one, state all):<br>**38-3422378** | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**Delphi Automotive Systems (Holding), Inc.**<br>**5785 Delphi Drive**<br>**Troy, Michigan 48098-2815** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:<br>**Oakland County, Michigan** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**Same as Street Address** | Mailing Address of Joint Debtor (if different from street address): |

**NOTE:**

| Location of Principal Assets of Business Debtor<br>(if different from street address above):<br>**Same as Street Address** |
|---|

| **Information Regarding the Debtor (Check the Applicable Boxes)** |
|---|

**Venue** (Check any applicable box)
- ☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box) | |
|---|---|---|---|
| ☐ Individual(s) | ☐ Railroad | ☐ Chapter 7 | ☒ Chapter 11 | ☐ Chapter 13 |
| ☒ Corporation | ☐ Stockbroker | ☐ Chapter 9 | ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 – Case ancillary to foreign proceeding | | |
| ☐ Other _____ | ☐ Clearing Bank | | | |

| **Nature of Debts** (Check one box) | **Filing Fee** (Check one box) |
|---|---|
| ☐ Consumer/Non-Business    ☒ Business | ☒ Full Filing Fee attached |
| **Chapter 11 Small Business** (Check all boxes that apply) | ☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3. |
| ☐ Debtor is a small business as defined in 11 U.S.C. § 101 | |
| ☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) | |

| **Statistical/Administrative Information** (Estimates only) | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors. | |
| ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

| **Voluntary Petition** *(This page must be completed and filed in every case)* | **Name of Debtor(s):** Delphi Automotive Systems (Holding), Inc. | |
|---|---|---|

| **Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: **NONE** | Case Number: **N/A** | Date Filed: **N/A** |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **See Schedule I attached** | Case Number: **Pending** | Date Filed: **Date hereof** |
| District: **Southern District of New York** | Relationship: **Affiliate** | Judge: |

## SIGNATURES

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11 of the United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11 of the United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition

**Exhibit B**

(To be completed if debtor is an individual whose debts are primary consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11 of the United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)          Date

**Exhibit C**

Does the debtor own or have possession of any property that poses a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

**Signature of Attorney**

X /s/ John Wm. Butler, Jr.
Signature of Attorney for Debtor(s)

John Wm. Butler, Jr.
Printed Name of Attorney Debtor(s)

Skadden, Arps, Slate,
Meagher & Flom LLP
Firm Name

333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
Address

(312) 407-0700
Telephone Number

October 8, 2005
Date

**Signature of Attorney**

X /s/ Kayalyn A. Marafioti
Signature of Attorney for Debtor(s)

Kayalyn A. Marafioti
Printed Name of Attorney Debtor(s)

Skadden, Arps, Slate,
Meagher & Flom LLP
Firm Name

Four Times Square
New York, New York 10036
Address

(212) 735-3000
Telephone Number

October 8, 2005
Date

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number (Required by 11 U.S.C. § 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11 of the United States Code, specified in this petition.

X /s/ John D. Sheehan
Signature of Authorized Individual
John D. Sheehan
Printed Name of Authorized Individual
Vice President and Chief Restructuring Officer
Title of Authorized Individual
October 8, 2005
Date

## SCHEDULE I

## PENDING BANKRUPTCY CASES OF AFFILIATES

The following affiliates, which include the Debtor, have filed voluntary petitions

under chapter 11 with this Court, on the date hereof:

ASEC Manufacturing General Partnership (Delaware)
ASEC Sales General Partnership (Delaware)
Aspire, Inc. (Michigan)
Delco Electronics Overseas Corporation (Delaware)
Delphi Automotive Systems (Holding), Inc. (Delaware)
Delphi Automotive Systems Global (Holding), Inc. (Delaware)
Delphi Automotive Systems Human Resources LLC (Delaware)
Delphi Automotive Systems International, Inc. (Delaware)
Delphi Automotive Systems Korea, Inc. (Delaware)
Delphi Automotive Systems LLC (Delaware)
Delphi Automotive Systems Overseas Corporation (Delaware)
Delphi Automotive Systems Risk Management Corp. (Delaware)
Delphi Automotive Systems Services LLC (Delaware)
Delphi Automotive Systems Tennessee, Inc. (Delaware)
Delphi Automotive Systems Thailand, Inc. (Delaware)
Delphi China LLC (Delaware)
Delphi Connection Systems (California)
Delphi Corporation (Delaware)
Delphi Diesel Systems Corp. (Delaware)
Delphi Electronics (Holding) LLC (Delaware)
Delphi Foreign Sales Corporation (Virgin Islands)
Delphi Integrated Service Solutions, Inc. (Michigan)
Delphi International Holdings Corp. (Delaware)
Delphi International Services, Inc. (Delaware)
Delphi Liquidation Holding Company (Delaware)
Delphi LLC (Delaware)
Delphi Mechatronic Systems, Inc. (Delaware)
Delphi Medical Systems Colorado Corporation (Colorado)
Delphi Medical Systems Corporation (Delaware)
Delphi Medical Systems Texas Corporation (Delaware)
Delphi NY Holding Corporation (New York)
Delphi Services Holding Corporation (Delaware)
Delphi Technologies, Inc. (Delaware)
DREAL, Inc. (Delaware)
Environmental Catalysts, LLC (Delaware)
Exhaust Systems Corporation (Delaware)
Packard Hughes Interconnect Company (Delaware)
Specialty Electronics International Ltd. (Virgin Islands)
Specialty Electronics, Inc. (South Carolina)

## CONSOLIDATED LIST OF CREDITORS HOLDING
## THE FIFTY LARGEST UNSECURED CLAIMS

Following is a list of the Debtors' creditors holding the fifty largest unsecured claims on a consolidated basis with its debtor-affiliates.[1] The list is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing a chapter 11 case. This list does not include (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31), or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the fifty largest unsecured claims.

| | Name, Address, Phone and Fax No. of Creditor | Person(s) Familiar with Debtors' Account | Nature of Claim | Contingent, Unliquidated and/or Disputed | Approximate Amount of Claim |
|---|---|---|---|---|---|
| 1. | General Motors Corporation 300 Renaissance Center P.O. Box 300 Detroit, MI 48265-3000 Tel: 313-665-4898 (Legal) Tel: 313-556-5000 (Main) Fax: 517-272-3709 | John Devine, CFO | Trade, Warranty, and Other | Contingent and Unliquidated | Unknown |
| 2. | International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers – Communications Workers of America 501 3rd Street N.W., 6th Floor Washington, D.C. 20001 Tel: 202-434-1156 Fax: 202-434-1343 | James D. Clark, President | Wages and Benefits | Contingent and Unliquidated | Unknown |
| 3. | Pension Benefit Guaranty Corp 1200 K Street, N.W. Washington, D.C. 20005 Tel: 202-326-4020 Fax: 202-326-4112 | Jeffrey Cohen, Chief Counsel | Guaranty | Contingent and Unliquidated | Unknown |

---

[1]   All claims of affiliates are reported on a consolidated basis.

| | Name, Address, Phone and Fax No. of Creditor | Person(s) Familiar with Debtors' Account | Nature of Claim | Contingent, Unliquidated and/or Disputed | Approximate Amount of Claim |
|---|---|---|---|---|---|
| 4. | United Auto Workers<br>8000 E. Jefferson<br>Detroit, MI 48214<br><br>Tel: 313-926-5000<br>Fax: 313-823-6016 | Richard Shoemaker, Vice President & Director GM Department | Wages and Benefits | Contingent and Unliquidated | Unknown |
| 5. | United Steel Workers<br>5 Gateway Center<br>Pittsburgh, PA 15222<br><br>Tel: 412-562-2400<br>Fax: 412-562-2484 | Leo W. Gerard, President | Wages and Benefits | Contingent and Unliquidated | Unknown |
| 6. | Wilmington Trust Company<br>Corporate Trust Office<br>1100 North Market Street Rodney Square North,<br>Wilmington, DE 19890<br><br>Tel: 302-636-6058<br>Fax: 302-636-4143 | Steven M. Cimalore, Vice President | Notes | | $2,000,000,000 |
| 7. | Law Debenture Trust Company of New York<br>Corporate Trust Office<br>780 Third Ave, 31st Floor<br>New York, NY 10017<br><br>Tel: 212-750-6474<br>Fax: 212-750-1361<br><br>and<br><br>Wilmington Trust Company<br>Corporate Trust Office<br>1100 North Market Street Rodney Square North,<br>Wilmington, DE 19890<br><br>Tel: 302-636-6058<br>Fax: 302-636-4143 | Patrick Healy, Vice President<br><br>and<br><br>Steven M. Cimalore, Vice President | Junior Subordinated Notes | | $412,371,975 |

| | Name, Address, Phone and Fax No. of Creditor | Person(s) Familiar with Debtors' Account | Nature of Claim | Contingent, Unliquidated and/or Disputed | Approximate Amount of Claim |
|---|---|---|---|---|---|
| 8. | Flextronics International Asia Pacific 2 Robbins Road Westford, MA 01886<br><br>Tel: 978-392-3015 Fax: 978-392-3011 | Joe Minville, Sr. Director, Business Development, Global Automotive Markets | Trade | | $40,781,535 |
| 9. | Freescale Semiconductor Inc 6501 William Cannon Drive West Austin, TX 78735-8598<br><br>Tel: 512-895-2093 Fax: 512-895-8746 | Paul Grimme, Senior Vice President and General Manager, Transportation and Standard Products Group | Trade | | $22,710,027 |
| 10. | Robert Bosch Corporation 38000 Hills Tech Drive Farmington Hills, MI 48331-3417<br><br>Tel: 248-848-2555 Fax: 248-848-6505 | Linda Lynch, Sales Manager, General Motors N.A. | Trade | | $15,069,265 |
| 11. | Siemens Automotive Ltd 2400 Executive Hill Blvd. Auburn Hills, MI 48326-2980<br><br>Tel: 248-209-5874 Fax: 248-209-7877 | Peter H. Huizinga, Sales Manager, North American Sales | Trade | | $13,619,300 |
| 12. | PBR Automotive USA Pacific Group Ltd 140 Ellen Drive Orion Township, MI 48359<br><br>Tel: 248-340-1290 Fax: 248-377-4939 | Gordon Diag, VP | Trade | | $10,542,285 |
| 13. | DMC 2 Canada Corporation 2347 Commercial Drive Auburn Hills, MI 48326<br><br>Tel: 248-292-2261 Fax: 248-340-2471 | Bill Staron, Senior VP | Trade | | $8,976,696 |

| | Name, Address, Phone and Fax No. of Creditor | Person(s) Familiar with Debtors' Account | Nature of Claim | Contingent, Unliquidated and/or Disputed | Approximate Amount of Claim |
|---|---|---|---|---|---|
| 47. | Futaba Corp Of America 2865 Wall Triana Hwy Huntsville, AL 35824 Tel: 256-461-7348 Fax: 256-461-7741 | Joe M. Dorris, President | Trade | | $3,350,622 |
| 48. | Victory Packaging 3555 Timmons Lane Suite 1440 Houston, TX 77027 Tel: 713-961-3299 Fax: 713-961-3824 | Robert Egan, President | Trade | | $3,327,441 |
| 49. | Murata Electronics North 2200 Lake Park Drive Smyrna, GA 30080-7604 Tel: 770-433-7846 Fax: 678-842-6625 | David M. McGinnis, Director Automotive Sales | Trade | | $3,234,841 |
| 50. | Niles USA Inc 41129 Jo Drive Novi, MI 48375 Tel: 248-427-9700 Fax: 248-427-9701 | Michael Rudnicki, Account Manager and Scot McColl, Business Unit Manager | Trade | | $3,171,181 |

## DECLARATION CONCERNING THE DEBTOR'S LIST OF CREDITORS
## HOLDING THE FIFTY LARGEST UNSECURED CLAIMS

       I, John D. Sheehan, am the Vice President and Chief Restructuring Officer of Delphi Corporation and in such capacity am familiar with the financial affairs of the Debtors. I have reviewed the foregoing List of Creditors Holding the Fifty Largest Unsecured Claims, and declare that the information contained therein is true and correct to the best of my knowledge, belief and understanding.

Dated: October 8, 2005

s/ John D. Sheehan
_____

John D. Sheehan
Vice President and Chief
    Restructuring Officer

Delphi Corporation

# Tuesday JOURNAL

OCTOBER 18, 2005

IN TOUCH • IN DEPTH • INVOLVED

THE FLINT JOURNAL

Flint, Michigan

# A $2,300 hit?

## Analyst says hourly GM workers would pay thousands for health care

**By Rick Haglund**
Journal Detroit Bureau

DETROIT — A blockbuster agreement to cut General Motors' staggering health care costs is likely to inflict pain on workers but is a major step toward restoring the financial health of the entire domestic auto industry, experts say.

GM and the UAW announced a tentative agreement Monday that GM said would cut $1 billion from its $5.6-billion annual health care bill next year.

"This is bigger than I thought it would be," said David Cole, chairman of the Center for Automotive Research in Ann Arbor. "This is opening the door to a whole new era of collaboration between labor and management."

Cole predicted that Ford, which is struggling for survival, and the profitable Chrysler Group will demand similar deals on health care from the UAW and will likely get them.

In the early 1980s, the UAW gave wage and benefits concessions to keep the former Chrysler Corp. out of bankruptcy. It later agreed to similar

► **Agreement, A2**

### WHAT HAPPENED

• General Motors said Monday it reached a tentative deal with the UAW to cut health care spending. GM says the deal would save it $3 billion annually on a pretax basis and another $15 billion in future retiree health care costs. One estimate is that hourly GM workers would pay $2,300 more for health care under the new plan.

### WHY IT'S IMPORTANT

• GM provides health care to 750,000 U.S. hourly workers, retirees and their dependents. The automaker's health care bill will approach $5.6 billion this year.

### WHAT'S NEXT

• The UAW must take the deal to its membership, which will vote to accept or reject it.

— The Associated Press



The Associated Press • J. Kyle Keener

▲ General Motors Chairman and CEO Rick Wagoner talks to the media Monday in Detroit after the automaker and UAW reached an agreement to help GM lower its health care costs.

# Workers, retirees await the details

**By Melissa Burden**
mburden@flintjournal.com • 810.766.6316

General Motors retiree Raymond Wildey doesn't know what health care costs he will face in the future, now that GM reached a tentative deal with the UAW to lower its health-care liabilities.

"I'm just kind of waiting to hear more on the news," said Wildey, 71, of Mayfield Township.

The agreement, which must be ratified by UAW workers, would save the ailing automaker about $1 billion in cash a year, GM said Monday.

GM didn't release any details of coverage changes for hourly workers or retirees, but said it would soon share them with those affected.

Wildey, a skilled trades

► **Details, A2**

# Family mourns girl, search on for suspect

**By Sally York**
syork@flintjournal.com • 810.766.6322

FLINT — Niyauna Jones was a loving, energetic little girl who enjoyed playing mom to younger children and going to church.

Killed by a gunshot meant for someone else Thursday, the 5-year-old Flint girl leaves her family wanting justice.

Police say they believe the shooter's intended target was an employee of Universal Auto Sales in Genesee Township. The Flint man, 23, was riding in the back seat with Niyauna and her sister, Teaunna, 9, as their aunt and 18-year-old cousin took a Mercury Sable for a test drive about 2:30 p.m. Thursday.

A gunman shot at the



Niyauna          Teaunna

**To help Niyauna's family**

• Those who wish to assist the Jones family with funeral and other expenses can donate to the Niyauna S. Jones Estate account at any Chase Bank.

car as it traveled down E. Carpenter Road in Genesee Township. Teaunna was wounded.

A man arrested Friday in the shooting could be

► **Girl, A6**

---

## Girl: Family mourns girl; man to be arraigned | ◄ A1

arraigned today or Monday, a police official said. Police are still searching for at least one other man wanted in the attack.

But Lula Jones, Niyauna's grandmother, said her relatives told her that when the employee saw a white car with the assailants in it approach, he threw himself on the floor of the back seat.

"He's just as responsible (as the men in the white car)," she declared. "He knew he was putting those children's lives at risk. None of them cared about the children."

The car lot's owners — one is the father of the employee who was in the car with the girls — did not respond to requests for comment.

On Saturday, family members shared memories of Niyauna.

"She was the most sweet, humble person you would want to meet," said Lula Jones.

"She was like a servant, always wanting to help out. When she cleaned up a room, it was like a big person had done it."

The bullet that hit Teaunna pierced only fatty tissue along the base of her back. She is home from the hospital and said she feels "fine" now.

But she's very sad about Niyauna.

"My sister was nice," said Teaunna, who will start third grade at Wilkins Elementary School in the fall. "I hope the police find the men who did it."

Niyauna lived with her grandparents, her mother, Erma, and three siblings — Teaunna, Shireuna, 7, and Teonta, 4 — on E. Alma Avenue. Niyauna's father, Darren Mance, was stabbed to death when Erma Jones was pregnant with Niyauna, Lula Jones said.

"She never got to meet her daddy," Lula Jones said, shaking her head. "There is too much violence around. We have to show love to one another."

Family members said they are consoled by an outpouring of support from the community. One woman has donated a cemetery plot for Niyauna, and others have contributed to a special account set up in Niyauna's name to help cover funeral and other expenses, Lula Jones said.

But the family's main source of comfort is God, said Elgie Jones, Niyauna's grandfather.

"With the Lord's help, we have survived," he said. "When I pray, it comforts my heart. Without (God), we couldn't make it."

After the attack, the 18-year-old cousin drove to a nearby convenience store, seeking help. The car lot employee bailed out of the car at the store, jumped into another car and left. Police located him, unharmed.

Niyauna wasn't as fortunate.

"Niyauna loved the babies, and she loved the church," Lula Jones said. "She loved to go. Every time I got ready to go somewhere, she'd say, 'Grandma, can I go, too?'"

Jones said a funeral is planned for Thursday, but no other details have been decided. Arrangements are being handled by Lawrence E. Moon Funeral Home, 906 W. Flint Park Blvd., Flint.

---

**Sunday JOURNAL**

IN TOUCH • IN DEPTH • INVOLVED

JULY 9, 2006



**JONES,** Missy NiYauna Sanay - Age 5, passed away Thursday, July 6, 2006 at Hurley Medical Center. Family hour 11:30AM Thursday, July 13, 2006 at Bethlehem Temple Church of the Apostolic Faith, 3401 M.L. King Ave., with funeral service commencing immediately, at 12Noon, Pastor Wilbert Reed, Jr. officiating. Pastor Phillip Thompson, Host Pastor. Interment Flint Memorial Park Cemetery, G-9506 N. Dort Hwy. Friends and pallbearers will assemble at the funeral home 11:30AM Thursday. Missy Jones now lies in state in the Chapel of Lawrence E. Moon Funeral Home, 906 W. Flint Park Blvd., and may be viewed from 12Noon-8PM today. Missy NiYauna Sanay Jones was born January 10, 2001 in Flint, Michigan, the daughter of Erma M. Jones and Darren Mance. She was a resident of Flint and attended Bethlehem Temple Church of the Apostolic Faith. Niyauna was a very bright and loving child. Missy Niyauna Sanay Jones leaves to cherish her memory: mother, Erma M. Jones; grandparents, Artis Shackleford of Mt. Morris, Lula and Elgie Jones, Narvella and Thomas Brown; great-grandparent, Theora Shackleford; 7 sisters, Teaunna and Shireuna Jones, all of Flint, LaFreda Joy Jones, of Detroit, Darnetta, Darnesha, Shyaneka, Sharda; 5 brothers, Teontae Jashon Jones of Flint, Darren L. Mance III, Jerrick, Darious and DeMario; 1 niece; 4 nephews; 4 aunts, Sabrina and Rolene Smith of Flint, LaDawn McBride of Atlanta, GA, Artis B. and Vernella Shackleford of Muskegon, MI; 3 uncles, Isaac (Yolonda) Blackmon of Saginaw, MI, Deion Smith and James Jones, both of Flint; a host of cousins, including special cousin, Jordan Hinkle; many other relatives and friends, including special friend, Destiny Miller. Missy Niyauna Sanay Jones was preceded in death by her father, Darren Mance; brother, Darren Mance II. The family would like to express special thanks to Channel 12, the Flint Police Dept., Hurley Medical Center staff, all the caring friends and the community. May God bless you all.

LAWRENCE E. MOON
FUNERAL HOME
906 W. Flint Park Blvd., 789-8888
www.lawrenceemoon
funeralhome.com



**A6** Wednesday, July 12, 2006

# Car lot employee held; third suspect charged in shooting

By Kim Crawford
kcrawford@flintjournal.com • 810.766.6242

A Flint man sought by local authorities as "a person of interest" in the shooting death of 5-year-old NiYauna Jones is being held by authorities as a flight risk.

Edward C. Williams, 23, is the employee of the car lot who was riding in the back seat of the car during a test drive on Carpenter Road on Thursday when people in another car opened fire, killing NiYauna and wounding sister, 9.



Williams

Genesee Township police say Williams was the target of the shooters.

Williams was initially questioned and released by police, but authorities decided over the weekend that they wanted to question him further.

Charged in the shooting are suspects Anthony J. Reed, 21; Felton J. Sealey, 23; and Michael L. Smith, 18, all of Flint.

"The more we learned, the more we felt he was a flight risk," said Genesee Township police Det. Curt Scheidler about Williams.

Williams turned himself in to police Tuesday afternoon after seeing news reports that he was wanted for questioning.

Court records show that Williams, who has previous convictions for receiving and concealing stolen property and for being a felon in possession of a firearm, is scheduled to be sentenced next week by Genesee Circuit Judge Judith A. Fullerton for fleeing police in a case last December.

The third suspect, Reed, was arraigned Tuesday in Genesee County District Court on charges of first-degree murder, assault with intent to murder and three weapons violations.

District Court Judge Christopher Odette ordered Reed held without bond on the murder charge.

The arraignment of Reed was routine in all respects but one: The Genesee County Sheriff's Department initially refused to bring Reed to court from the county jail for his scheduled 11 a.m. arraignment.

Capt. Chris Swanson of the sheriff's department appeared in Odette's courtroom to say that Reed wasn't being brought to court because of the "ongoing investigation" into the case.

That angered Odette, who set a noon show-cause hearing on why he should not hold Sheriff Robert J. Pickell in contempt for failing to produce the defendant. The confrontation was defused when deputies brought Reed into the courtroom.

The three suspects in the case will have pre-trial conferences, or a meeting between the attorneys involved in the case, on Friday. A preliminary examination on the charges will be scheduled within the next two weeks before District Judge David J. Goggins.

# UNITED STATES BANKRUPTCY COURT

*SOUTHERN DISTRICT OF NEW YORK*
*ONE BOWLING GREEN*
*NEW YORK, NY 10004-1408*

KATHLEEN FARRELL-WILLOUGHBY
CLERK OF COURT
TELEPHONE: (212) 668-2870

December 13, 2005

Mr. LaFonza Earl Washington
7010 Cranwood Drive
Flint, MI 48505

    Re:   Delphi Corporation - 05-44481(RDD)

Dear Mr. Washington:

    We are in receipt of four claims each in the amount of $30,000,000 and filed in the above-referenced bankruptcy matter. Each claim is recorded separately in the consolidated case and noted on the claims register as follows:

    Claim No. 257 filed on October 31, 2005 in Delphi Corporation
    Claim No. 264 filed on November 1, 2005 in Delphi Corporation
    Claim No. 288 filed on November 2, 2005 in Delphi Automotive Systems (Holding), Inc.
    Claim No. 297 filed on November 3, 2005 in Delphi Automotive Systems (Holding), Inc.

    As I explained to you telephonically today, I cannot issue an order to pay any of these claims. The decision whether to enter any orders in this case can be made only by the Bankruptcy Judge assigned to the case or the particular proceeding. If you would like to present a motion to the Judge to request relief, you must, pursuant to Local Rule of Bankruptcy Procedure 5070-1:

    "Unless the Court orders otherwise, prior to serving a motion, cross-motion, or application, the moving party or applicant shall obtain a return date from the assigned Judge's chambers."

Local Rule of Bankruptcy Procedure 9004-2(b) states:

    "The return date obtained under this rule shall be included in the upper right-hand corner of the caption of the motion or application."

    I have included a copy of this Court's Local Rule of Bankruptcy Procedure 9013-1 which addresses the requirements for filing a motion. Also enclosed is a copy of Local Bankruptcy Rule 9078-1, which addresses the need for a Certificate of Service. The motion or application must be served on all parties affected by the motion or application requesting relief.

Mr. LaFonza Earl Washington
Page 2 - December 13, 2005

    This letter and enclosures in no way constitutes all of the information needed to seek relief from the court. If you require additional assistance, you may want to seek the advice of counsel. The Clerk's Office is prohibited from providing legal advice.

          Sincerely,

          Kathleen Farrell-Willoughby
          Clerk of Court

# DELPHI AUTOMOTIVE SYSTEMS (HOLDING), INC.
## UNANIMOUS WRITTEN CONSENT
## OF THE BOARD OF DIRECTORS

### Dated as of October 6, 2005

Pursuant to Section 141(f) of Delaware General Corporation Law, the undersigned, being all the members of the Board of Directors (the "Board") of Delphi Automotive Systems (Holding), Inc., a Delaware corporation (the "Corporation"), do hereby adopt, by this written consent, the following resolutions with the same force and effect as if they had been adopted at a duly convened meeting of the Board and direct that this written consent be filed with the minutes of the proceedings of the Board:

WHEREAS, the Board has been presented with a proposed petition to be filed by the Corporation in the United States Bankruptcy Court for the Southern District of New York seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor-in-possession will be sought;

WHEREAS, the Corporation will benefit by the borrowings and use of cash collateral under that certain Revolving Credit, Term Loan and Guaranty Agreement, to be dated the date of the filing of the petition pursuant to Chapter 11 of the Bankruptcy Code (the "Loan Agreement" and together with each other document, instrument or agreement executed by the Corporation or any Guarantor in connection therewith, the "Loan Documents"), among Delphi Corporation (the "Parent") (the ultimate parent of the Corporation), the Corporation, each a debtor and debtor-in-possession in a case to be filed under Chapter 11 of the Bankruptcy Code, and the other subsidiaries of the Parent signatory thereto (each a "Guarantor" and collectively with the Corporation, the "Guarantors"), each of which Guarantors will be a debtor and debtor-in-possession in a case to be filed under Chapter 11 of the Bankruptcy Code (the cases of the Parent and the Guarantors, each a "Case" and collectively, the "Cases"), JPMorgan Chase Bank, N.A. ("JPMCB"), Citigroup USA, Inc. ("CUSA"), each of the other financial institutions from time to time party hereto (together with JPMCB and CUSA, the "Lenders"), JPMCB, as administrative agent (in such capacity, the "Administrative Agent") for the Lenders, and CUSA, as syndication agent (in such capacity, the "Syndication Agent"; together, the Administrative Agent and the Syndication Agent are the "Agents") for the Lenders; which Loan Documents (A) provide the Parent with loan facilities of $2,000,000,000, comprised of (i) a revolving credit and letter of credit facility in an

aggregate principal amount of $1,750,000,000 as set forth therein and (ii) a term loan in an aggregate principal amount of $250,000,000 as set forth therein, (B) require all of the Parent's obligations therein to be guaranteed by the Guarantors, and (C) provide for the proceeds therefrom to be used for working capital and for other general corporate purposes of the Parent and its Subsidiaries, including the making of pension contributions, adequate protection payments to the pre-petition lenders, and the payment of transaction costs, fees and expenses in respect of the contemplated transactions and the Cases and the payment of all Restructuring Costs (as defined in the Loan Agreement);

WHEREAS, the Board has determined that it is in the best interests of this Corporation and its stakeholders that this Corporation file a petition seeking relief under the provisions of chapter 11 of title 11 of the Bankruptcy Code, in which the authority to operate as a debtor-in-possession would be sought.

NOW THEREFORE, BE IT RESOLVED, that this Corporation file a petition seeking relief under the provisions of chapter 11 of title 11 of the Bankruptcy Code, in which the authority to operate as a debtor-in-possession will be sought, and the filing of such petition is authorized hereby; and it is further

RESOLVED, that each of the president, vice president, secretary, treasurer, assistant secretary, assistant treasurer and chief tax officer of the Corporation be appointed by the Board as an authorized signatory (each, individually, an "Authorized Officer," and, collectively, the "Authorized Officers") in connection with the chapter 11 case authorized herein; and it is further

RESOLVED, that the Authorized Officers or any one of them be, and each of them hereby is, authorized, empowered and directed on behalf of this Corporation to execute and verify a petition in the name of the Corporation under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York in such form and at such time as the Authorized Officer executing said petition on behalf of this Corporation shall determine; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Officers or any other officers of the Corporation to seek relief under chapter 11 of the Bankruptcy Code or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Corporation; and it is further

2

RESOLVED, that the terms and provisions of the Loan Documents, with such deletions or changes therein or additions thereto (substantial or otherwise) as the Authorized Officer executing the same may approve, are hereby adopted and approved in all respects; and that the Corporation hereby is authorized to enter into the Loan Documents and perform its obligations under the Loan Documents and to execute, authorize, deliver, verify, and/or file, or cause to be executed, authorized, delivered, verified and/or filed all necessary documents required to consummate the transactions contemplated thereby, and the Corporation is hereby authorized to borrow and to request letters of credit under the Loan Documents, and to pledge, mortgage or grant a lien or a security interest in, assets of the Corporation as security for such borrowing; and it is further

RESOLVED, that each and every officer, including the Authorized Officers, of the Corporation be, and each of them, acting alone, is hereby authorized, directed and empowered from time to time in the name and on behalf of the Corporation to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Corporation or otherwise, any and all such other documents, agreements, certificates, writings and instruments to be delivered in connection with the Loan Documents (including, without limitation, any amendments, supplements or modifications to the Loan Documents and such other documents, agreements, certificates, writings and instruments to be delivered in connection therewith), and to grant the security interests in or liens on any real or personal property of the Corporation now or hereafter acquired as contemplated by the Loan Documents, with full authority to indorse, assign or guarantee any of the foregoing in the name of the Corporation, in each case, as any such officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing resolution, his or her execution and delivery thereof to be conclusive evidence that he or she deems it necessary or advisable, his or her execution and delivery thereof to be conclusive evidence of his or her authority to so act and of his or her approval thereof; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered to execute, deliver and perform for and on behalf of the Corporation, as a debtor and debtor-in-possession, such agreements, instruments and any and all other documents and amendments necessary or appropriate to facilitate the transactions contemplated by the foregoing resolutions, containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or appropriate by the Authorized Officer or Authorized Officers so acting; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered to authorize the Agent (as

3

defined in the Loan Agreement) to file any Uniform Commercial Code (the "UCC") financing statement the Agent deems necessary or convenient to perfect any lien or security interest granted under any agreement of the Corporation granting security to the Agent for the benefit of the Lenders, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets", "all property now or hereafter acquired" and other similar descriptions of like import and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Corporation and such other filing in respect of intellectual and other property of the Corporation, in each case as the Agent may reasonably request to perfect the security interests of the Agent and the Lenders under the Loan Documents; and it is further

RESOLVED, that the Corporation as an indirect wholly-owned subsidiary of Parent, hereby is authorized and empowered to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, consents, resolutions, documents, certificates and undertakings, and to incur all such fees and expenses as in its judgment shall be necessary, appropriate or advisable to cause and authorize the Corporation to guaranty, including, without limitation, any guaranty required by the Agent as a condition of the Lenders entry into the Loan Documents, the borrowing by the Parent of funds from a Lender or Lenders as any Authorized Officer of the Corporation or Parent deems appropriate, and obtain the use of cash collateral in such amounts, from such lender or lenders and on such terms as may be approved by any one or more of the Authorized Officers as reasonably necessary for the continuing conduct of the affairs of the Corporation and Parent and the Corporation may grant security interests in and liens upon all or any portion of its assets as may be deemed necessary by any one or more of the Authorized Officers in connection with such borrowings or the use of such cash collateral, including, without limitation, any grant of security, liens or mortgages required by the Agent as a condition of the Lenders entry into the Loan Documents; and it is further

RESOLVED, that Rothschild, Inc. be, and hereby are, employed as financial advisors and investment bankers for the Corporation in the chapter 11 case; and it is further

RESOLVED, that the law firm of Skadden, Arps, Slate, Meagher & Flom LLP and its affiliates be, and hereby are, employed under general retainer as attorneys for the Corporation in the chapter 11 case; and it is further

4

RESOLVED, that the law firm of Shearman & Sterling LLP be, and hereby are, employed as special counsel for the Corporation in the chapter 11 case; and it is further

RESOLVED, that FTI Consulting, Inc. be, and hereby are, employed as restructuring advisor for the Corporation in the chapter 11 case; and it is further

RESOLVED, that the Authorized Officers of the Corporation be, and each of them, with full authority to act without the others, hereby is, authorized, in the name and on behalf of the Corporation, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, documents, certificates and undertakings, and to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers of the Corporation, each of the Authorized Officers of the Corporation be, and they hereby are, authorized and directed to take or perform or cause to be taken or performed all such further actions, to execute and deliver or cause to be executed and delivered all such further certificates, agreements, instruments and documents in the name and on behalf of the Corporation, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary or advisable in order to carry out fully the intent and purposes of the foregoing resolutions; and it is further

RESOLVED, that all actions heretofore taken consistent with the purpose and intent of the foregoing resolutions are hereby ratified, confirmed and approved in all respects as the acts and deeds of the Corporation; and it is further

RESOLVED, that this consent may be signed in any number of counterparts, each of which shall be an original and all of which, taken together, shall constitute one and the same instrument and that once signed, this consent shall be filed with the corporate records of the Corporation; and it is further

RESOLVED, that the foregoing resolutions shall be effective upon, and only in the event that, the Parent resolves to file a petition seeking relief under the provisions of chapter 11 of title 11 of the Bankruptcy Code.

When signed by all members of the Corporation's Board of Directors, this unanimous written consent shall be effective as of the date first written above.

[SIGNATURE PAGE FOLLOWS]

6

IN WITNESS WHEREOF, the undersigned have executed this unanimous written consent of the Board of Directors as of the date first written above.

By: _____
Mark C. Lorenz

By: _____
John D. Sheehan

IN WITNESS WHEREOF, the undersigned have executed this unanimous written consent of the Board of Directors as of the date first written above.

By: _____
       Mark C. Lorenz

By: _____
       John D. Sheehan

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street, 3rd Floor
New York, New York 10007

April 11, 2006

Mr. Lafonza Earl Washington
7010 Cranwood Drive
Flint, MI 48505

Re:  Delphi Corp., et al.,
No. 05-44481 (RDD) (Ch. 11)

Dear Mr. Washington:

I write to follow up on our telephone call of today and your fax of April 6, a copy of which I enclose. Based on my review of the materials and our discussion, I understand that you are seeking payment from the United States in connection with your interest in the above-referenced bankruptcy. This Office represents the United States, and is not the appropriate place to request such a payment, nor would we agree that any payment is due to you from the Government.

Our telephone call was cut off just as we were discussing a possible criminal complaint to be lodged by you. As I stated, if you request, I will forward whatever you would like to the Criminal Division attorneys responsible for investigating instances of bankruptcy fraud, so that they could assess your complaint. If you would like me to do so, please send me whatever you would like transmitted to our Criminal Division, and I will forward it to them. I know that you also have reached out to the Office of the United States Trustee, which also has a role in investigating bankruptcy fraud.

Finally, as I stated but wish to emphasize, my responsibility is to represent the United States in bankruptcy cases in the Southern District of New York, generally as a creditor. I do not represent you and am not authorized to give you legal advice. I urge you to consult an attorney for legal advice concerning any rights you may have as against Delphi, or any other party.

Sincerely,

MICHAEL J. GARCIA
United States Attorney

By:    DAVID S. JONES
Assistant United States Attorney
Tel.: (212) 637-2800

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

December 15, 2005

Mr. Lafonza Earl Washington
7010 Cranwood Drive
Flint, MI 48505

      Re:    <u>Delphi Corp., et al.,</u>
              No. 05-44481 (RDD) (Ch. 11)

Dear Mr. Washington:

      I write to follow up on our telephone call earlier this week, on our prior conversations, and on your correspondence including transmittals dated December 5 and November 28, 2005, concerning the Delphi Corp. bankruptcy.

      As I explained, this Office represents the interests of United States agencies in bankruptcy proceedings in the Southern District of New York. I see no basis for me or the Civil Division of this Office to take action on your behalf. While I did offer to relay any allegation of criminal conduct to the attorneys responsible for investigating alleged instances of bankruptcy fraud or similar crimes, I have not done so because you stated that you did not want to refer this as a criminal matter.

      As I also explained, I am not permitted to give you legal advice, and I encourage you to consult an attorney if you wish to further assess your rights or pursue any action against Delphi.

                      Sincerely,

                      MICHAEL J. GARCIA
                      United States Attorney

By:    DAVID S. JONES
        Assistant United States Attorney
        Tel.: (212) 637-2800

670262

LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Email: robert.rosenberg@lw.com
        mitchell.seider@lw.com
        mark.broude@lw.com

Attorneys for the Official Committee of Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DELPHI CORPORATION, et al., | ) Case No. 05-44481(RDD) |
| | ) |
| | ) Jointly Administered |
| | ) |
| | ) |
| | ) |
| Debtors. | ) |

-------------------------------------------------------

## NOTICE OF AMENDED APPLICATION AND ENTRY OF INTERIM ORDER UNDER 11 U.S.C. §§ 328 AND 1103 AUTHORIZING EMPLOYMENT AND RETENTION OF JEFFERIES & COMPANY, INC. AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

TO:    ALL KNOWN CREDITORS OF THE DEBTORS AND UNITED
       STATES TRUSTEE FOR THE SOUTHERN DISTRICT OF NEW YORK

PLEASE TAKE NOTICE that on February 17, 2006, the Official Committee of

Unsecured Creditors appointed in the above-captioned cases (the "Committee") filed its

amended application, dated February 17, 2006, of for entry of interim and final orders under 11

U.S.C. §§ 328(a) and 1103 and Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy

Procedure authorizing the employment and retention, as of October 18, 2005, of Jefferies &

Company, Inc. ("Jefferies") as its investment banker (the "Application").

NY\1131233.3

PLEASE TAKE FURTHER NOTICE that, on April 11, 2006, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Interim Order") authorizing the employment and of Jefferies on an interim basis pending a final hearing on the Application.

PLEASE TAKE FURTHER NOTICE that pursuant to the Application, the Committee is seeking to retain Jefferies, pursuant to that certain Engagement Letter, dated as of December 19, 2005, by and among the Committee and Jefferies (the "Engagement Letter"), to perform, among others, the following services:

a) valuation of the Debtors' enterprise value, on a consolidated and division basis;

b) pricing of any securities to be issued in the Restructuring, as well as evaluation of the terms of any such securities;

c) evaluation of any financing proposed as part of the Restructuring, including, without limitation, debtor in possession financing and exit financing;

d) assist and advise the Committee in examining and analyzing any potential or proposed strategy for restructuring or adjusting the Debtors' outstanding indebtedness, labor costs or capital structure, including, without limitation, assessment of leverage and capital structure of the reorganized entities, evaluation of business acquisitions/divestitures (including monitoring of any purchase/ sale process);

e) analysis of restructuring proposals from various constituencies, including, without limitation, labor concession proposals, pension and OPEB restructuring plans;

f) assist and advise the Committee in evaluating and analyzing the proposed implementation of a Restructuring; and

g) render such other investment banking services as may from time to time be agreed upon by the Committee and Jefferies, including, without limitation, providing expert testimony and other expert and investment banking support related to any threatened, expected, or initiated litigation.

2

PLEASE TAKE FURTHER NOTICE that, if the Application is approved, Jefferies will, unless such terms prove to be improvident in light of developments not capable of being anticipated at the time of the Hearing, be entitled to receive compensation as set forth in the Engagement Letter. In summary, Jefferies will be entitled to receive the following:

(a) a monthly fee (the "Monthly Fee") of $175,000 per month, and

(b) a transaction fee (the "Transaction Fee") in an amount equal to (i) 0.5% of Total Consideration[1] greater than $0.50 up to and including $0.75 per $1.00 of allowed unsecured claim, and (ii) 0.75% of Total Consideration greater than $0.75 per $1.00 of allowed unsecured claim (such fee arrangement is hereinafter referred to as the "Fee Structure"). The Transaction Fee for Jefferies shall not be less than $2 million or greater than $10 million (the "Cap"); provided that notwithstanding any language in the Engagement Letter, an additional payment request, if any, by Jefferies, for whatever reason, shall not exceed $2 million above the Cap.

(c) reimbursement of all reasonable out-of-pocket expenses, including, without limitation, all reasonable travel expenses, duplicating charges, messenger services, long distance telephone calls and other customary expenditures incurred by Jefferies in performing its investment banking services.

PLEASE TAKE FURTHER NOTICE that if the Application is granted, the Debtors and their estates will indemnify and hold harmless Jefferies, its agents, principals and employees for all claims, damages, liabilities and expenses to which such parties may have been

---

[1] "Total Consideration" is defined as the aggregate consideration, if any, paid by the Debtors on account of allowed unsecured claims pursuant to the any plan of reorganization confirmed in these cases (including any amounts in escrow), but excluding any consideration paid on account of allowed claims of the Pension Benefit Guaranty Corporation, or any assignee thereof. The Transaction Fee will be payable on the earlier of (a) the date of the receipt of initial distributions by the Debtors' unsecured creditors and (b) the effective date of the plan. To the extent the Total Consideration is paid in cash, the Transaction Fee is also payable in cash. To the extent the Total Consideration will consist of non-cash consideration, in the Committee's sole discretion, the Transaction Fee may be payable in like consideration.

3

subject to as a result of their involvement with providing investment banking services, except to the extent that such claims, damages, liabilities and expenses resulted, in whole or in part, from bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence or willful misconduct.

PLEASE TAKE FURTHER NOTICE that the foregoing summary of certain elements of Jeffries' retention is not complete and that the full terms of the retention are contained in the Application and the Engagement Letter, which are available for inspection at the office of the clerk of the Bankruptcy Court and on the Bankruptcy Court's internet site at www.nysb.uscourts.gov, through an account obtained from Pacer Services Center at 800-676-6856. To the extent that the summary of the retention terms set forth in this notice conflict with the terms of the Engagement Letter, the terms of the Engagement Letter shall control.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the approval of the Application on a final basis must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, (c) be filed with the Bankruptcy Court in accordance with General Order M-242, as amended (registered users of the Bankruptcy Court's case filing system must file electronically and all other parties-in-interest must file on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert Drain, United States Bankruptcy Judge, and (e) served upon (i) Jefferies at 520 Madison Avenue, 5th Floor, New York, NY 10022 (Att'n: William Q. Derrough), (ii) counsel to Jefferies, Milbank, Tweed, Hadley & McCloy LLP, at One Chase Manhattan Plaza, New York, NY 10005 (Att'n: Susheel Kirpalani), (iii) counsel to the Committee, Latham & Watkins LLP, at 885 Third Avenue, New York, NY 10022, (iv) the Debtors at Delphi Corporation, 5725 Delphi Drive, Troy, Michigan

4

48098 (Att'n: General Counsel), (v) counsel to the Debtors, Skadden, Arps, Slate, Meagher &
Flom, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler,
Jr.), (vi) special counsel to the Debtors, Shearman & Sterling LLP, 599 Lexington Avenue, New
York, New York 10022 (Att'n: Douglas P. Bartner), (vii) counsel to the agent under the Debtors'
postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York
10017 (Att'n: Marlane Melican), (viii) the Office of the United States Trustee for the Southern
District of New York, 33 Whitehall Street, Suite 2100, New York 10044 (Att'n: Deirdre A.
Martini, Esq.), and (ix) the indenture trustees for the Debtors' outstanding debt securities,
Wilmington Trust Company, 1100 North Market Street, Rodney Square North, Wilmington,
Delaware 19890 (Att'n: Corporate Trust Office) and Law Debenture Trust Company of New
York, 780 Third Avenue, 31st Floor, New York, New York 10017 (Att'n: Corporate Trust
Office), in each case so as to be **received** no later than **4:00 p.m. Eastern Time on June 8,
2006.**

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the
Application on a final basis will be held on June 15, 2006 at 10:00 a.m. before the Honorable
Robert Drain, United States Bankruptcy Judge, in the Bankruptcy Court, Courtroom 610, One
Bowling Green, New York, New York 100004-1408.

Date:  New York, New York          **LATHAM & WATKINS LLP**
          April 11, 2006

          By: /s/ Robert J. Rosenberg
          Robert J. Rosenberg (RR-9585)
          Mitchell A. Seider (MS-4321)
          Mark A. Broude (MB-1902)
          885 Third Avenue, Suite 1000
          New York, New York 10022
          Telephone: (212) 906-1200

          Attorneys for the Official Committee of Unsecured
          Creditors

5

# Case Information

Below is pertinent case information regarding Delphi's chapter 11 filing.

| | |
|---|---|
| **Debtors** | Delphi Corp. |
| **Filing Date** | October 8, 2005 |
| **Case Number** | 05-44481 |
| **Where Filed** | United States Bankruptcy Court for the Southern District of New York |
| **Judge** | Robert D. Drain |
| **Court Filed Documents** | www.delphidocket.com |
| **Bankruptcy Court Website** | www.nysb.uscourts.gov |
| **DIP Financing** | $4.5 billion in credit facilities, including a new $2 billion debtor -in-possession (DIP) financing facility. |
| **Legal Advisors** | John Wm. Butler, Jr.<br>John K Lyons<br>Ron E. Meisler<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>333 West Wacker Drive<br>Chicago, Illinois 60606<br><br>Kayalyn A Marafioti<br>Thomas J. Matz<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, New York 10036 |
| **Notice and Claims Agent** | Kurtzman, Carson Consultants<br>12910 Culver Blvd., Suite 1<br>Los Angeles, California 90066<br>+1 310.823.9000 | www.delphidocket.com |
| **Reorganization Information Hotline** | U.S. +1 866.688.8740 | International: +1 248.812.2601 |
| **Supplier Hotline** | U.S. +1 866.688.8679 | International: +1 248.813.2602 |

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

333 WEST WACKER DRIVE

CHICAGO, ILLINOIS 60606-1285

TEL: (312) 407-0700
FAX: (312) 407-0411
www.skadden.com

DIRECT DIAL
312-407-0805

EMAIL ADDRESS
JDEMMA@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 20, 2005

**_Via Fed Ex_**

Lafonza Earl Washington
7010 Cranwood Drive
Flint, MI 48505

Re:    In re Delphi Corporation, et al.,
Case No. 05-44481 (RDD)

Dear Mr. Washington:

I am writing to inform you that the Ex Parte Application (and Motion) of Claimant Lafonza Washington for Order Directing Clerk to Correct Omissions and to Issue Final Process to Enforce and Execute Minute Orders - Nunc Pro Tunc - To Disburse $30,000,000.00 According to Proof of Claims Deemed Allowed and Orders Previously Entered by the Court on October 8, 2005 (the "Motion") (Docket No. 1529) failed to comply with the Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007 and 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and Administrative Procedures, and (III) Scheduling an Initial Case Conference in accordance with Local Bankr. R. 1007-2(e) (the "Case Management Order") (Docket No.245), a copy of which I have included for your review. Because your Motion does not comply with procedures provided in the Case Management Order, you will have to re-file and re-notice your pleading.

Best regards,

_Jeffrey C. Demma_

Jeffrey C. Demma
Legal Assistant

**JPMorganChase**

Grace (Nikki) Appel
Vice President and
Assistant General Counsel
Legal Department

April 25, 2006

Mr. LaFonza Earl Washington
7010 Cranwood Drive
Flint, MI 48505

Subject:    Delphi Corporation 05-44481

Dear Mr. Washington:

Reference is made to your proof of claims ("Claims") filed in the above referenced bankruptcy case. As discussed, we are not the claims administrator on this matter. Should you have questions relating to your Claims, you should contact Kurtzman Carson Consultants LLC ("KCC") regarding these Claims.

Sincerely,

Grace (Nikki) Appel, Esq.

cc:    Christine Doria
Craig Stolow
Gloria J Marshall-Figueroa

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' RESPONSE TO LAFONZA EARL WASHINGTON
DEMAND FOR IMMEDIATE DISTRIBUTION

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Response (this "Response") to the Demand For Immediate Distribution filed by Lafonza Earl Washington, dated November 10, 2005 (the "Demand") (Docket No. 1187), and respectfully represent as follows:

<u>Preliminary Statement</u>

1.      On October 28, 2005, Lafonza Earl Washington (the "Claimant"), who has no known relationship to any of the Debtors, filed four proofs of claim, claim nos. 00257, 00264, 00288, and 00297 (individually, a "Proof of Claim" and, collectively, the "Proofs of Claim") against Delphi Automotive Systems (Holding), Inc. Each Proof of Claim asserts that the Claimant is entitled to a $30 million unsecured priority claim on the basis of, <u>inter alia</u>, involuntary servitude, six years of deprivation of General Motors-related income, and severance pay due to the Claimant based on the July 2, 1999 closing of the Buick City General Motors Corporation ("GM") plant. (Supporting Documents appended to Claimant's Proofs of Claim ¶¶ (v)(a), (vii), and (viii)). In the Demand, the Claimant requested that the United States Trustee immediately distribute $30 million to him. Without providing a definitive calculation, the amount of the Proofs of Claim purports to be comprised of compensation due to the Claimant for worker's compensation benefits, deprivation of certain property rights, and payment of certain fees and expenses incurred by the Claimant over a period of more than 33 years, from June 13, 1973 through the present.

2.      Subsequently, the Claimant has filed numerous other pleadings in these cases in which he has asserted a host of claims and allegations. To date, the

2

Claimant has filed twenty pleadings, totaling hundreds of pages, in which he directs his

grievances and allegations not only at the Debtors, but also at various United States

Trustees, this Court, and multiple other parties.  The Claimant appears to have attempted to

summarize his claims in his June 23rd pleading (Docket No. 4444) in which he requested a

hearing date.[1]

        3.      The Debtors respectfully submit that because neither the Claimant

nor his spouse was ever an employee of the Debtors, the Claimant was never and is not

now entitled to any employment-related compensation or severance pay from the Debtors.

In addition, the Debtors deny all of the bases for relief asserted by the Claimant and submit

that the Claimant has articulated no grounds for relief from the Debtors.  Thus, the

Claimant is not entitled to any distribution of payment from the Debtors.

        4.      To the extent that the Claimant has a rightful claim against the

Debtors, it would be premature to adjudicate it now.  Pursuant to the provisions of the Bar

Date Order, dated April 12, 2006 (Docket No. 3206), the date by which any claim against

the Debtors must be received is July 31, 2006.  All claims filed will thereafter be dealt with

in the claims administration process.  Therefore, to the extent that the Claimant has a

legitimate claim against the Debtors, it will be addressed as part of that process and need

not be heard on an expedited basis.[2]

---

[1]   On July 5, 2006, the Claimant filed four pleadings, one of which was a withdrawal of his request for a hearing on his claims (Docket No. 4455).

[2]   Perhaps the Claimant's withdrawal of his request for a hearing (Docket No. 4455) is an acknowledgement on his part that his demands are premature.

3

<u>Argument</u>

A.    The Claimant Was Never An
       <u>Employee Of The Debtors</u>

5.    Neither the Claimant nor his spouse has ever been an employee of the Debtors.  In fact, in no pleading filed by the Claimant does he ever even assert or offer proof that he was ever an employee of the Debtors.  Further, the Claimant has referenced an employment history that relates only to GM: the Claimant states that he was "hired into the General Motors Corp. (GM) on 6-13-73 at the age of 18" and "perform[ed]. . . labor for it 32 years after initial hire".  The one reference to possible employment by Delphi that the Claimant asserts is that "GM attempted to force this Claimant to '<u>involuntarily</u>' transfer to Delphi in Saginaw, Michigan after it permanently closed the Buick City plant." (Supporting Documents appended to Claimant's Proofs of Claim ¶¶ (A)(i), (v)(a), and (v)(b)) (emphasis in original).  The Claimant must never have accepted this transfer because to the best of Delphi's knowledge, the Claimant was never an employee of any of the Debtors.  The Debtors' files show no record of the Claimant's ever having been their employee.

6.    Because the only plausible basis for the Claimant to assert a claim for employment-related back pay or compensation would rest entirely on the basis of the Claimant's currently being, or having been, an employee of the Debtors, any such claim must fail for the simple reason that neither the Claimant nor his spouse was ever employed by the Debtors.  Therefore, the Claimant has raised no legitimate basis for relief from the Debtors.

4

B.    The Claimant's Allegations Are
      Prematurely Before The Court

7.    The Claimant has asserted a variety of other allegations that extend

not only to the Debtors, but also to a multitude of other parties.  Among other things, the

Claimant has stated that parties to these cases are involved in the attempted "seditions and

subversive overthrow of the United States Bankruptcy system" (Docket No. 2807, ¶ 5),

that "the stockholders of the [sic] Delphi, GM, and International UAW corporations. . . is

[sic] behind the[se] holocaustic human rights violations" (Docket No. 4456, ¶7), that the

United Nations and the United States Trustees have deliberately compounded Claimant's

wrongs and injuries in violation of his human rights (Docket No. 2474, ¶8), and that the

Debtors, GM, the UAW, this Court, JPMorgan Chase, et al., have conspired and colluded

to deny the Claimant relief (Docket No. 4001, Section II, ¶1).  For his injuries, the

Claimant currently demands more than $300 million, including interest, penalties, and

other charges.

8.    The Claimant's allegations are quite extensive and are equally broad

in their reach in terms of blame and responsibility.  These allegations, insofar as they are

directed at the Debtors, are wholly-unfounded and unsubstantiated.

9.    To the extent that the Claimant has made a claim against the

Debtors, however, that claim will be dealt with during the claims administration process.

Because that process has not yet even begun, the Claimant's demand for relief from the

Debtors is premature.

5

## Conclusion

10.    Neither the Claimant nor his spouse has ever been an employee of the Debtors. Therefore, the Claimant is not entitled to any employment-related relief from the Debtors.

11.    To the extent that there are general claims that the Claimant has against the Debtors' estates that are timely filed in accordance with the provisions of the Bar Date Order, those claims will be dealt with as part of the claims administration process.

12.    Based on the foregoing, the Claimant's demand for relief and immediate distribution from the Debtors should be denied. The Claimant has failed to assert any valid or legitimate basis to support his claims against the Debtors. To the extent that the Claimant has a valid claim for compensation or work-related pay, the Debtors lack knowledge or information sufficient to form a belief as to whether such a grievance may be valid against some other entity, but such claims against the Debtors have no basis, and the Claimant has not asserted any. To the extent that the Claimant asserts non-employment-related claims against the Debtors, such claims will be dealt with during the claims administration process. The Claimant's allegations should not be litigated at this time.

## Notice

13.    Notice of this Response has been provided in accordance with the Seventh Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on May 19, 2006

(Docket No. 3824). In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

## Memorandum Of Law

14.    Because the legal points and authorities upon which this Response relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

7

WHEREFORE the Debtors respectfully request that the Court enter an

order (i) denying the Demand and (ii) granting the Debtors such other and further relief as

is just.

Dated: New York, New York
        July 12, 2006

                                        SKADDEN, ARPS, SLATE, MEAGHER
                                        & FLOM LLP

                                        By: /s/ John Wm. Butler, Jr.
                                            John Wm. Butler, Jr. (JB 4711)
                                            John K. Lyons (JL 4951)
                                            Ron E. Meisler (RM 3026)
                                            333 West Wacker Drive, Suite 2100
                                            Chicago, Illinois 60606
                                            (312) 407-0700

                                            - and -

                                        By: /s/ Kayalyn A. Marafioti
                                            Kayalyn A. Marafioti (KM 9632)
                                            Thomas J. Matz (TM 5986)
                                            Four Times Square
                                            New York, New York 10036
                                            (212) 735-3000

                                        Attorneys for Delphi Corporation, et al.,
                                        Debtors and Debtors-in-Possession

8